**EXHIBIT A**

Court File No: 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**MOTION RECORD**
**(Amendments to Litigation Timetable, Discovery Plan and Deposition Protocol)**
**(returnable November 19, 2013)**

Date: November 14, 2013

**GOWLING LAFLEUR HENDERSON LLP**
Barristers & Solicitors
1 First Canadian Place
100 King Street West, Suite 1600
Toronto ON M5X 1G5

**Derrick Tay** (LSUC #: 21152A)
**Jennifer Stam** (LSUC #: 46735J)
Tel: (416) 862-5697
Fax: (416) 862-7661

Lawyers for the Applicants

**GOODMANS LLP**
Barristers & Solicitors
333 Bay Street, Suite 3400
Toronto ON M5H 2S7

**Jay A. Carfagnini** (LSUC#: 22293T)
**Alan Mark** (LSUC#: 21772U)
**Jessica Kimmel** (LSUC#: 32312W)
**Joseph Pasquariello** (LSUC#: 38390C)
**Peter Ruby** (LSUC#: 38439P)
Tel: 416.979.2211
Fax: 416.979.1234

Lawyers for the Monitor, Ernst & Young Inc.

# INDEX

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

## INDEX

| TAB | | PAGE NO. |
|---|---|---|
| 1 | Notice of Motion returnable November 19, 2013 | 1 |
| 2 | One-Hundredth Report of the Monitor dated November 14, 2013 | 46 |
| 3 | Draft Order | 202 |

# TAB 1

Court File No: 09-CL-7950

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

# NOTICE OF MOTION
**(returnable November 19, 2013)**

Nortel Networks Corporation ("**NNC**"), Nortel Networks Limited ("**NNL**"), Nortel Networks Technology Corporation, Nortel Networks International Corporation and Nortel Networks Global Corporation (collectively, the "**Applicants**") jointly with Ernst & Young Inc., in its capacity as monitor (the "**Monitor**") of the Applicants, Nortel Networks Inc. and the other U.S. Debtors, the Committee (defined below), the EMEA Debtors/Joint Administrators, the UK Pension Claimants (defined below) and the CCC (collectively, the "**Moving Parties**") will make a motion to Justice Morawetz of the Commercial List court, on **November 19, 2013 at 10 a.m.** or as soon after that time as the motion can be heard, at 393 University Avenue, Toronto, Ontario.

**PROPOSED METHOD OF HEARING**: The motion is to be heard orally.

**THE MOTION IS FOR**:

1. An Order substantially in the form of Tab 3 of the Motion Record;

2. An abridgment of the time for service of this motion, if necessary;

3.     Such further relief as may be required in the circumstances and this Honourable Court deems just and equitable.

**THE GROUNDS FOR THE MOTION ARE:**

1.     References to "Nortel" herein are references to the global enterprise as a whole;

2.     On January 14, 2009, the Applicants were granted protection under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, (the "**CCAA**") pursuant to an initial order (as subsequently amended and restated, the "**Initial Order**") of this Honourable Court;

3.     The Applicants subsequently obtained various relief approving the sale of certain assets relating to their business units and at this time substantially all of the material business assets of Nortel have been sold;

4.     This  Court and the U.S. Court heard motions on June 7, 2011 and continuing on March 7, 2013, with respect to the allocation of the Nortel sale proceeds;

5.     On March 8 and April 3, 2013, this Court and the U.S. Court issued similar decisions approving an allocation protocol and setting this matter down for Trial;

6.     This Court subsequently approved certain Allocation Dispute Orders which include a litigation timetable, discovery plan and deposition protocol;

7.     The Trial is currently scheduled to commence on April 1, 2014;

8.     Despite the best efforts of the Parties to comply with the schedule set out in the Allocation Dispute Orders, the fact witness depositions are continuing and are not expected to be completed until the second week of December 2013;

9.     The Moving Parties are now proposing certain amendments to the time table which result in a proposed postponement of the start date of the Trial to April 28, 2014;

10. Absent an adjustment in the current time table, Parties will be required to submit topics for representative witness depositions, identify Representative Witnesses and schedule those depositions while a number of fact witness depositions are still taking place;

11. Allowing for an adjustment in the schedule for the fact witness depositions to be complete prior to the identification of Representative Witness topics and the conduct of the exams will hopefully result in reducing the time and extent of the Representative Witness depositions as well as provide the parties with sufficient time to work towards resolution of remaining disputes related to the litigation processes;

*Miscellaneous*

12. Such further and other grounds as counsel may advise and this Honourable Court may permit.

**THE FOLLOWING DOCUMENTARY EVIDENCE** will be used at the hearing of the motion:

1. The One-Hundredth Report;

2. Such further and other evidence as counsel may advise and this Honourable Court may permit.

November 14, 2013

**GOWLING LAFLEUR HENDERSON LLP**
Barristers & Solicitors
1 First Canadian Place,
100 King Street West, Suite 1600
Toronto ON M5X 1G5

**Derrick Tay** (LSUC #: 21152A)
**Jennifer Stam** (LSUC #: 46735J)
Tel: (416) 862-5697
Fax: (416) 862-7661

**GOODMANS LLP**
Barristers & Solicitors
333 Bay Street, Suite 3400
Toronto ON M5H 2S7

**Jay A. Carfagnini** (LSUC#: 22293T)
**Alan Mark** (LSUC#: 21772U)
**Jessica Kimmel** (LSUC#: 32312W)
**Joseph Pasquariello** (LSUC#: 38390C)
**Peter Ruby** (LSUC#: 38439P)
Tel: 416.979.2211
Fax: 416.979.1234

**TO:** **THE ATTACHED SERVICE LIST**

**AND TO:** **THE CORE PARTY SERVICE LIST**

5

*August 4, 2013*

Court File No. 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. c-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**SERVICE LIST**

TO: **NORTON ROSE FULBRIGHT LLP**
Royal Bank Plaza, South Tower
200 Bay Street, Suite 3800
Toronto, Ontario M5J 2Z4

Catherine Ma

Email:
catherine.ma@nortonrosefulbright.com

Tel: 416.216.4000
Fax: 416.216.3930

Lawyers for the Applicants

AND TO: **GOWLING LAFLEUR HENDERSON LLP**
Suite 1600, First Canadian Place
100 King Street West
Toronto, Ontario M5X 1G5

Derrick Tay
Jennifer Stam
Katie Parent

Email: derrick.tay@gowlings.com
jennifer.stam@gowlings.com
katie.parent@gowlings.com

Tel: 416.862.5697
Fax: 416.862.7661

Lawyers for the Applicants

6

TO: **ERNST & YOUNG INC.**
Ernst & Young Tower
222 Bay Street, P.O. Box 251
Toronto, Ontario M5K 1J7

Murray McDonald
Brent Beekenkamp

Email: nortel.monitor@ca.ey.com

Tel: 416.943.3016
Fax: 416.943.3300

AND TO: **GOODMANS LLP**
Bay Adelaide Centre
333 Bay Street, Suite 3400
Toronto, Ontario M5H 2S7

Jay Carfagnini
Joseph Pasquariello
Gail Rubenstein
Fred Myers
Chris Armstrong
Peter Ruby

Email: jcarfagnini@goodmans.ca
jpasquariello@goodmans.ca
grubenstein@goodmans.ca
fmyers@goodmans.ca
carmstrong@goodmans.ca
pruby@goodmans.ca

Tel: 416.597.4107
Fax: 416.979.1234

Lawyers for the Monitor, Ernst & Young Inc.

AND TO: **OSLER HOSKIN AND HARCOURT LLP**
100 King Street West
1 First Canadian Place
Suite 6100
P.O. Box 50
Toronto, Ontario M5X 1B8

Lyndon Barnes
Edward Sellers
Betsy Putnam
Adam Hirsh

Email: lbarnes@osler.com
esellers@osler.com
eputnam@osler.com
ahirsh@osler.com

Tel: 416.362.2111
Fax: 416.862.6666

Lawyers for the Boards of Directors of Nortel Networks Corporation and Nortel Networks Limited

AND TO: **FASKEN MARTINEAU DUMOULIN LLP**
66 Wellington Street West
Toronto Dominion Bank Tower
P.O. Box 20, Suite 4200
Toronto, Ontario M5K 1N6

Donald E. Milner
Aubrey Kauffman
Jon Levin

Email: dmilner@fasken.com
akauffman@fasken.com
jlevin@fasken.com

Tel: 416.868.3538
Fax: 416.364.7813

Lawyers for Export Development Canada

7

AND TO: **EXPORT DEVELOPMENT CANADA**
151 O'Connor Street
Ottawa, Ontario K1A 1K3

Jennifer Sullivan

Email: jsullivan@edc.ca

Tel: 613.597.8651
Fax: 613.598.3113

AND TO: **THORNTON GROUT FINNIGAN LLP**
3200-100 Wellington Street West
Toronto-Dominion Centre, Canadian Pacific Tower
Toronto, Ontario M5K 1K7

Leanne M. Williams

Email: lwilliams@tgf.ca

Tel: 416.304.1616
Fax: 416.304.1313

Lawyers for Flextronics Telecom Systems Ltd.

AND TO: **McINNES COOPER**
Purdy's Wharf Tower II
1300 – 1969 Upper Water Street
Halifax, NS B3J 2V1

John Stringer, Q.C.
Stephen Kingston

Email:
john.stringer@mcinnescooper.com
stephen.kingston@mcinnescooper.com

Tel: 902.425.6500
Fax: 902.425.6350

Lawyers for Convergys EMEA Limited

AND TO: **MILLER THOMSON LLP**
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, Ontario M5H 3S1

Jeffrey Carhart

Email: jcarhart@millerthomson.com

Tel: 416.595.8615/8577
Fax: 416.595.8695

Lawyers for Toronto-Dominion Bank

AND TO: **CAW-CANADA**
Legal Department
205 Placer Court
Toronto, Ontario M2H 3H9

Barry E. Wadsworth
Lewis Gottheil

Email: barry.wadsworth@caw.ca
lewis.gottheil@caw.ca

Tel.: 416.495.3776
Fax: 416.495.3786

Lawyers for all active and retired Nortel employees represented by the CAW-Canada

AND TO: **ALEXANDER HOLBURN BEAUDIN + LANG LLP**
2700 – 700 W Georgia Street
Vancouver, BC V7Y 1B8

R. Hoops Harrison

Email: hharrison@ahbl.ca

Tel: 604.484.1783
Fax: 604.484.9783

Lawyers for Tonko Realty Advisors (BC) Ltd., in its capacity as duly authorized agent for Holdings 1506 Enterprises Ltd.

8

AND TO: **BORDEN LADNER GERVAIS LLP**
Scotia Plaza, 40 King Street West
Toronto, Ontario M5H 3Y4

Roger Jaipargas

Email: rjaipargas@blgcanada.com
Tel: 416.367.6266
Fax: 416.361.7067

Lawyers for Bell Canada

AND TO: **SISKINDS LLP**
680 Waterloo Street
London, Ontario N6A 3V8

Raymond F. Leach
A. Dimitri Lascaris
Emilie E. M. Maxwell

Email: ray.leach@siskinds.com
dimitri.lascaris@siskinds.com
emilie.maxwell@siskinds.com

Tel: 519.672.2121
Fax: 519.672.6065

Lawyers for Indiana Electrical Workers Pension Trust Fund IBEW, Laborers Local 100 and 397 Pension Fund, and Bruce William Lapare

AND TO: **KOSKIE MINSKY**
20 Queen Street West
Suite 900
Toronto, Ontario M5H 3R3

Mark Zigler
Susan Philpott
Ari Kaplan
Barbara Walancik

Email: mzigler@kmlaw.ca
Tel: 416.595.2090
Fax: 416.204.2877

Email: sphilpott@kmlaw.ca
Tel: 416.595.2104
Fax: 416.204.2882

Email: akaplan@kmlaw.ca
Tel: 416.595.2087
Fax: 416.204.2875

Email: bwalancik@kmlaw.ca
Tel: 416.542.6288
Fax: 416.204.2906

Lawyers for the Former Employees of Nortel

AND TO: **BENNETT JONES LLP**
1 First Canadian Place
Suite 3400
Toronto, Ontario M5X 1A4

Kevin Zych
S. Richard Orzy
Gavin Finlayson
Richard Swan

Email: zychk@bennettjones.com
Tel: 416.777.5738
Fax: 416.863.1716

Email: orzyr@bennettjones.com
Tel: 416.777.5737
Fax: 416.863.1716

Email: finlaysong@bennettjones.com
Tel: 416.777.5762
Fax: 416.863.1716

Email: swanr@bennettjones.com
Tel: 416.777.7479
Fax: 416.863.1716

Canadian Lawyers for The Informal Nortel Noteholder Group

AND TO: **PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**
35th Floor
155 Wellington Street West
Toronto, Ontario M5V 3H1

Kenneth T. Rosenberg
Massimo (Max) Starnino
Lily Harmer
Karen Jones
Tina Lie
Michelle Jackson

Email: ken.rosenberg@paliareroland.com
Tel: 416.646.4304
Fax: 416.646.4301

Email: max.starnino@paliareroland.com
Tel: 416.646.7431
Fax: 416.646.4301

Email: lily.harmer@paliareroland.com
Tel: 416.646.4326
Fax: 416.646.4301

Email: karen.jones@paliareroland.com
Tel: 416.646.4339
Fax: 416.646.4301

Email: tina.lie@paliareroland.com
Tel: 416.646.4332
Fax: 416.646.4301

Email: michelle.jackson@paliareroland.com
Tel: 416.646.7470
Fax: 416.646.4301

Lawyers for the Superintendent of Financial Services as Administrator of the Pension Benefits Guarantee Fund

AND TO: **KOSKIE MINSKY**
20 Queen Street West
Suite 900
Toronto, Ontario M5H 3R3

Mark Zigler
Susan Philpott
Ari Kaplan
Barbara Walancik

Email: mzigler@kmlaw.ca
Tel: 416.595.2090
Fax: 416.204.2877

Email: sphilpott@kmlaw.ca
Tel: 416.595.2104
Fax: 416.204.2882

Email: akaplan@kmlaw.ca
Tel: 416.595.2087
Fax: 416.204.2875

Email: bwalancik@kmlaw.ca
Tel: 416.542.6288
Fax: 416.204.2906

Lawyers for the LTD Beneficiaries

AND TO: **MILLER THOMSON LLP**
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, Ontario M5H 3S1

Jeffrey Carhart

Email: jcarhart@millerthomson.com
Tel: 416.595.8615
Fax: 416.595.8695

Lawyers for LG Electronics Inc.

AND TO: **MILLER THOMSON LLP**
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, Ontario M5H 3S1

Jeffrey Carhart

Email: jcarhart@millerthomson.com
Tel: 416.595.8615
Fax: 416.595.8695

Canadian Lawyers for Telmar Network Technology, Inc. and Precision Communication Services, Inc.

AND TO: **CHAITONS LLP**
Barristers & Solicitors
5000 Yonge Street, 10th Floor
Toronto, Ontario M2N 7E9

Harvey G. Chaiton

Email: harvey@chaitons.com
Tel: 416.218.1129
Fax: 416.218.1849

Lawyers for IBM Canada Limited

AND TO: **GOWLING LAFLEUR HENDERSON LLP**
Suite 1600, First Canadian Place
100 King Street West
Toronto, Ontario M5X 1G5

E. Patrick Shea

Email: patrick.shea@gowlings.com

Tel: 416.369.7399
Fax: 416.862.7661

Lawyers for Westcon Group

AND TO: **DENTONS CANADA LLP**
77 King Street West, Suite 400
TD Centre
Toronto, ON M5K 0A1

R. Shayne Kukulowicz
Michael J. Wunder
Ryan Jacobs
Barbara Grossman

Email: Shayne.kukulowicz@dentons.com
Michael.wunder@dentons.com
ryan.jacobs@dentons.com
barbara.grossman@dentons.com

Tel: 416.863.4511
Fax: 416.863.4592

Canadian Lawyers for the Official Committee of Unsecured Creditors

**GARDINER ROBERTS LLP**
Suite 3100, Scotia Plaza
40 King Street West
Toronto, Ontario M5H 3Y2

Jonathan Wigley

Email: jwigley@gardiner-roberts.com
Tel: 416.865.6655
Fax: 416.865.6636

Lawyers for Andrew, LLC

AND TO:

**AIRD & BERLIS**
Brookfield Place
181 Bay Street, Suite 1800
Toronto, Ontario  M5J 2T9

Harry Fogul
Peter K. Czegledy

Email:   hfogul@airdberlis.com
Tel:     416.865.7773
Fax:     416.863.1515

Email:   pczegledy@airdberlis.com
Tel:     416.865.7749
Fax:     416.863.1515

Lawyers for Microsoft Corporation

AND TO:

**MINDEN GROSS LLP**
145 King Street West, Suite 2200
Toronto, Ontario  M5H 4G2

Raymond M. Slattery
David T. Ullmann

Email:   rslattery@mindengross.com
         dullmann@mindengross.com
Tel:     416.369.4149
Fax:     416.864.9223

Lawyers for Verizon Communications Inc.

AND TO:

**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, Ontario  M5J 2T9

Steven L. Graff
Ian E. Aversa

Email:   sgraff@airdberlis.com
Tel:     416.865.7726
Fax:     416.863.1515

Email:   iaversa@airdberlis.com
Tel:     416.865.3082
Fax:     416.863.1515

Canadian Lawyers for Tellabs, Inc.

AND TO:

**AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, Ontario  M5J 2T9

D. Robb English
Sanjeev P. R. Mitra

Email:   renglish@airdberlis.com
         smitra@airdberlis.com

Tel:     416.863.1500
Fax:     416.863.1515

Lawyers for Tata Consultancy Services
Limited and Tata America International
Corporation

AND TO:

**VERINT SYSTEMS, INC.**
800 North Point Parkway
Alpharetta, Georgia  30005

Paige Honeycutt
Assistant General Counsel

Email:   paige.honeycutt@verint.com
Tel:     770.754.1900
Fax:     678.319.0732

Lawyers for Verint Americas Inc. and Verint
Systems, Inc.

AND TO:

**ALEXANDER HOLBURN BEAUDIN &
LANG LLP**
Barristers and Solicitors
700 West Georgia Street
Suite 2700
Vancouver, British Columbia  V7Y 1B8

Sharon M. Urquhart

Email:   surquhart@ahbl.ca
Tel:     604.484.1757
Fax:     604.484.1957

Lawyers for Algo Communication Products
Ltd.

12

AND TO: **McMILLAN LLP**
Brookfield Place, Suite 4400
181 Bay Street
Toronto, Ontario M5J 2T3

Andrew F. Kent

Email: andrew.kent@mcmillan.ca
Tel: 416.865.7160
Fax: 416.865.7048

Lawyers for Royal Bank of Canada

AND TO: **DAVIS LLP**
1 First Canadian Place
Suite 5600
100 King Street West
Toronto, Ontario M5X 1E2

Bruce Darlington
Jonathan Davis-Sydor

Email: bdarlington@davis.ca
Tel: 416.365.3529
Fax: 416.369.5210

Email: jdavissydor@davis.ca
Tel: 416.941.5397
Fax: 416.365.7886

Lawyers for Brookfield LePage Johnson Controls Facility Management Services

AND TO: **AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, Ontario M5J 2T9

Steven L. Graff
Ian E. Aversa

Email: sgraff@airdberlis.com
Tel: 416.865.7726
Fax: 416.863.1515

Email: iaversa@airdberlis.com
Tel: 416.865.3082
Fax: 416.863.1515

Lawyers for Perot Systems Corporation

AND TO: **McMILLAN LLP**
Brookfield Place, Suite 4400
181 Bay Street
Toronto, Ontario M5J 2T3

Brett Harrison
Jeffrey Levine

Email: brett.harrison@mcmillan.ca
Tel : 416.865.7932
Fax : 416.865.7048

Email: jeffrey.levine@mcmillan.ca
Tel: 416.865.7791
Fax: 416.865.7048

Lawyers for Citibank

AND TO: **CASSELS BROCK & BLACKWELL LLP**
40 King Street West,
Suite 2100
Toronto, Ontario M5H 3C2

Deborah S. Grieve

Email: dgrieve@casselsbrock.com
Tel: 416.860.5219
Fax: 416.350.6923

Lawyers for Alvarion Ltd.

AND TO: **GARDINER ROBERTS LLP**
Suite 3100, Scotia Plaza
40 King Street West
Toronto, ON M5H 3Y2

Jonathan Wigley

Email: jwigley@gardiner-roberts.com
Tel: 416.865.6655
Fax: 416.865.6636

Lawyers for Amphenol Corporation

13

AND TO: **AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, Ontario M5J 2T9

Sanjeev P.R. Mitra

Email: smitra@airdberlis.com

Tel: 416.863.1500
Fax: 416.863.1515

Lawyers for Enbridge Gas Distribution Inc.

AND TO: **McCARTHY TETRAULT LLP**
Suite 5300, Toronto Dominion Bank Tower
Toronto, Ontario M5K 1E6

Junior Sirivar
Geoff R. Hall

Email: jsirivar@mccarthy.ca
Tel: 416.601.7750
Fax: 416.868.0673

Email: ghall@mccarthy.ca
Tel: 416.601.7856
Fax: 416.868.0673

Lawyers for Frank Andrew Dunn

AND TO: **BAKER & McKENZIE LLP**
Brookfield Place, P.O. Box 874
181 Bay Street, Suite 2100
Toronto, Ontario M5J 2T3

Chris Besant
Lydia Salvi

Email: chris.besant@bakernet.com

Tel: 416.865.2318
Fax: 416.863.6275

Email: lydia.salvi@bakernet.com

Tel: 416.865.6944
Fax: 416.863.6275
Lawyers for Jabil Circuit Inc.

AND TO: **McMILLAN LLP**
1900, 736-6th Avenue S.W.
Calgary, Alberta T2P 3T7

Adam Maerov

Email: adam.maerov@mcmillan.ca
Tel: 403.215.2752
Fax: 403.531.4720

Lawyers for Right Management Inc.

AND TO: **CASSELS BROCK & BLACKWELL LLP**
2100 Scotia Plaza
40 King Street West
Toronto, Ontario M5H 3C2

E. Bruce Leonard
David S. Ward
Bill Burden
Lara Jackson

Email: bleonard@casselsbrock.com
dward@casselsbrock.com
bburden@casselsbrock.com
ljackson@casselsbrock.com

Tel: 416.860.6455
Fax: 416.640.3054

Co-Counsel for the UK Pension Protection Fund and Nortel Networks UK Pension Trust Limited

AND TO: **BENNETT JONES LLP**
1 First Canadian Place
Suite 3400
Toronto, Ontario M5X 1A4

Robyn M. Ryan Bell
Mark Laugesen

Email: ryanbellr@bennettjones.com
laugesenm@bennettjones.com

Tel: 416.863.1200
Fax: 416.863.1716

Lawyers for Tel-e Connect Systems Ltd. and Tel-e Connect Systems (Toronto) Ltd.

AND TO: **IRVING MITCHELL KALICHMAN LLP**
Place Alexis Nihon, Tour 2
3500 Boulevard De Maisonneuve Ouest
Bureau 1400
Montreal, Quebec H3Z 3C1

Kurt A. Johnson

Email : kjohnson@imk.ca
Tel: 514.935.5755
Fax : 514.935.2999

Lawyers for GFI INC., a division of Thomas & Betts Manufacturing Inc.

AND TO: **SCHNEIDER & GAGGINO**
375 Lakeshore Drive
Dorval, Quebec H9S 2A5

Dan Goldstein
Marco Gaggino

Email: dgoldstein@schneidergaggino.com
mgaggino@schneidergaggino.com

Tel: 514.631.8787
Fax: 514.631.0220

Lawyers for the Teamsters Quebec Local 1999

AND TO: **NELLIGAN O'BRIEN PAYNE LLP**
Barristers and Solicitors
50 O'Connor Street
Suite 1500
Ottawa, Ontario K1P 6L2

Janice B. Payne
Steven Levitt
Christopher Rootham
Ainslie Benedict

Email: janice.payne@nelligan.ca
steven.levitt@nelligan.ca
christopher.rootham@nelligan.ca
ainslie.benedict@nelligan.ca

Tel: 613.231.8245
Fax: 613.788.3655

Lawyers for the Steering Committee of Nortel Canadian Continuing Employees – Post CCAA as at January 14, 2009

\5

AND TO: **AETL TESTING, INC.**
130 Chaparral Court, Suite 250
Anaheim, California 92808

Raffy Lorentzian

Email: raffy.lorentzian@ntscorp.com
Tel: 714.998.4351
Fax: 714.998.7142

Lawyers for AETL Testing, Inc

AND TO: **EURODATA**
2574 Sheffield Road
Ottawa, Ontario K1B 3V7

Nanci Shore

Email: nanci@eurodata.ca
Tel: 613.745.0921
Fax: 613.745.1172

AND TO: **AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON M5J 2T9

Steven L. Graff
Ian E. Aversa

Email: sgraff@airdberlis.com
Tel: 416.865.7726
Fax: 416.863.1515

Email: iaversa@airdberlis.com
Tel: 416.865.3082
Fax: 416.863.1515

Lawyers for Huawei Technologies Co. Ltd.

AND TO: **MINDEN GROSS LLP**
145 King Street West, Suite 2200
Toronto, Ontario M5H 4G2

Timothy R. Dunn

Email: tdunn@mindengross.com
Tel: 416.369.4335
Fax: 416.864.9223

Lawyers for 2748355 Canada Inc.

AND TO: **GOWLING LAFLEUR HENDERSON LLP**
Suite 1600, First Canadian Place
100 King Street West
Toronto, ON M5X 1G5

David F.W. Cohen

Email: david.cohen@gowlings.com

Tel: 416.369.6667
Fax: 416.862.7661

Lawyers for General Electric Canada Equipment Finance G.P. and GE Capital Canada Leasing Services Inc.

AND TO: **BALDWIN LAW PROFESSIONAL CORPORATION**
54 Victoria Avenue
Belleville, Ontario K8N 5J2

Ian W. Brady

Email: ibrady@baldwinlaw.ca
Tel: 613.771.9991
Fax: 613.771.9998

Lawyers for Sydney Street Properties Corp.

\6

AND TO: **DAVIS LLP**
1 First Canadian Place
Suite 5600
100 King Street West
Toronto, ON M5X 1E2

Bruce Darlington
Jonathan Davis-Sydor

Email: bdarlington@davis.ca
Tel: 416.365.3529
Fax: 416.369.5210

Email: jdavissydor@davis.ca
Tel: 416.941.5397
Fax: 416.365.7886

Lawyers for Computershare Trust Company of Canada

AND TO: **SHIBLEY RIGHTON LLP**
Barristers and Solicitors
250 University Avenue, Suite 700
Toronto, Ontario M5H 3E5

Arthur O. Jacques
Thomas McRae

Email: arthur.jacques@shibleyrighton.com
Tel: 416.214.5213
Fax: 416.214.5413

Email : thomas.mcrae@shibleyrighton.com
Tel : 416.214.5206
Fax : 416.214.5400

Lawyers for The Recently Severed Canadian Nortel Employees Committee

AND TO: **LAX O'SULLIVAN SCOTT LISUS LLP**
Counsel
Suite 1920, 145 King Street West
Toronto, Ontario M5H 1J8

Terrence O'Sullivan
Shaun F. Laubman

E-mail: tosullivan@counsel-toronto.com
Tel: 416.598.1744
Fax: 416.598.3730

Email: slaubman@counsel-toronto.com
Tel: 416.598.1744
Fax: 416.598.3730

Lawyers for William A. Owens

AND TO: **SHIBLEY RIGHTON LLP**
Barristers and Solicitors
250 University Avenue, Suite 700
Toronto, Ontario M5H 3E5

Arthur O. Jacques
Thomas McRae

Email: arthur.jacques@shibleyrighton.com
Tel: 416.214.5213
Fax: 416.214.5413

Email : thomas.mcrae@shibleyrighton.com
Tel : 416.214.5206
Fax : 416.214.5400

Co-Counsel for the Steering Committee of Nortel Canadian Continuing Employees – Post CCAA as at January 14, 2009

17

AND TO: **NATIONAL TECHNICAL SYSTEMS**
130 Chaparral Ct., Suite 250
Anaheim, California, U.S.A.
92808

Raffy Lorentzian

Email: raffy.lorentzian@ntscorp.com
Tel: 714.998.4351

AND TO: **AIRD & BERLIS LLP**
Barristers & Solicitors
Brookfield Place, P.O. Box 754
181 Bay Street, Suite 1800
Toronto, ON M5J 2T9

Steven L. Graff
Ian E. Aversa

Email: sgraff@airdberlis.com
Tel: 416.865.7726
Fax: 416.863.1515

Email: iaversa@airdberlis.com
Tel: 416.865.3082
Fax: 416.863.1515

Lawyers for the Current and Former Employees of Nortel Networks Inc. who are or were Participants in the Long-Term Investment Plan Sponsored by Nortel Networks Inc.

AND TO: **DAVIES WARD PHILLIPS & VINEBERG LLP**
44th Floor
1 First Canadian Place
Toronto, ON M5X 1B1

Robin B. Schwill
Sean Campbell
James Doris
Louis Sarabia

Email: rschwill@dwpv.com
Email: scampbell@dwpv.com
Email: jdoris@dwpv.com
Email: lsarabia@dwpv.com

Tel: 416.863.0900
Fax: 416.863.0871

Counsel to the Joint Administrators of Nortel Networks UK Limited

AND TO: **LAX O'SULLIVAN SCOTT LISUS LLP**
Counsel
Suite 1920, 145 King Street West
Toronto, Ontario M5H 1J8

Matthew P. Gottlieb
Tracy Wynne
Paul Michell

Email: mgottlieb@counsel-toronto.com
Tel: 416.644.5353
Fax: 416.598.3730

Email: twynne@counsel-toronto.com
Tel: 416.598.7835
Fax: 416.598.3730

Email: pmichell@counsel-toronto.com
Tel: 416.644.5359
Fax: 416.598.3730

Counsel to the Joint Administrators of Nortel Networks UK Limited

18

AND TO: **McMILLAN LLP**
Brookfield Place
181 Bay Street, Suite 4400
Toronto, Ontario, M5J 2T3

Sheryl E. Seigel

Email: sheryl.seigel@mcmillan.ca
Tel: 416.307.4063
Fax: 416.365.1719

Lawyers for The Bank of New York Mellon

AND TO: **DEPARTMENT OF JUSTICE**
Ontario Regional Office
The Exchange Tower, Box 36
130 King Street W., Suite 3400
Toronto, Ontario M5X 1K6

Diane Winters

Email: dwinters@justice.gc.ca
Tel: 416.973.3172
Fax: 416.973.0810

AND TO: **BLAKE, CASSELS & GRAYDON LLP**
199 Bay Street, Suite 2800
Commerce Court West
Toronto, Ontario M5L 1A9

Susan M. Grundy
Marc Flynn

Email: susan.grundy@blakes.com
Tel: 416.863.2572
Fax: 416.863.2653

Email: marc.flynn@blakes.com
Tel: 416.863.2685
Fax: 416.863.2653

Lawyers for Telefonaktiebolaget L M Ericsson (publ)

AND TO: **SIMMONS, DA SILVA & SINTON LLP**
Suite 200, 201 County Court Blvd.
Brampton, Ontario
L6W 4L2

Puneet S. Kohli
Email: puneet@sdslawfirm.com

Tel: 905.861.2819

Lawyers for Wipro Limited

AND TO: **McCARTHY TETRAULT LLP**
Suite 5300, TD Bank Tower
Toronto Dominion Centre
Toronto, Ontario M5K 1E6

Heather Meredith

Email: hmeredith@mccarthy.ca
Tel: 416.601.8342
Fax: 416.868.0673

Lawyers for Hitachi Communications Technologies, Ltd.

AND TO: **McCARTHY TETRAULT LLP**
Suite 5300, Toronto Dominion Bank Tower
Toronto, Ontario M5K 1E6

Kevin P. McElcheran

Email: kmcelcheran@mccarthy.ca
Tel: 416.601.7730
Fax: 416.868.0673

Lawyers for Avaya Inc.

19

AND TO: **BLAKE, CASSELS & GRAYDON LLP**
199 Bay Street, Suite 2800
Commerce Court West
Toronto, Ontario M5L 1A9

Pamela Huff
Milly Chow
Hugh DesBrisay
Craig Thorburn

Email: pamela.huff@blakes.com
Tel: 416.863.2958
Fax: 416.863.2653

Email: milly.chow@blakes.com
Tel: 416.863.2594
Fax: 416.863.2653

Email: hugh.desbrisay@blakes.com
Tel: 416.863.2426
Fax: 416.863.2653

Email: craig.thorburn@blakes.com
Tel: 416.863.2965
Fax: 416.863.2653

Lawyers for MatlinPatterson Global Advisers LLC, MatlinPatterson Global Opportunities Partners III L.P. and MatlinPatterson Opportunities Partners (Cayman) III L.P.

AND TO: **FOGLER, RUBINOFF LLP**
Barristers and Solicitors
Suite 1200
Toronto-Dominion Centre
95 Wellington Street West
Toronto, Ontario M5J 2Z9

Jeffrey K. Spiegelman

Email: jspiegelman@foglers.com
Tel: 416.864.9700
Fax: 416.941.8852

Vern W. DaRe

Email: vdare@foglers.com
Tel: 416-941-8842
Fax: 416-941-8852

Lawyers for Belden (Canada) Inc.

AND TO: **VINCENT DAGENAIS GIBSON LLP/s.r.l**
Barristers and Solicitors
600-325 Dalhousie Street
Ottawa, ON K1N 7G2

Thomas Wallis

E-mail: thomas.wallis@vdg.ca
Tel: 613.241.2701
Fax: 613.241.2599

Lawyers for La Regie des Rentes du Quebec

AND TO: **STIKEMAN ELLIOTT LLP**
445 Park Avenue, 7th Floor
New York, NY 10022

Ron Ferguson

Email: rferguson@stikeman.com
Tel: 212.845.7477
Fax: 212.371.7087

Lawyers for GENBAND Inc.

AND TO: **McCARTHY TETRAULT LLP**
Suite 5300, Toronto Dominion Bank Tower
Toronto, Ontario M5K 1E6

Barbara J. Boake
James D. Gage
Elder C. Marques

E-mail: bboake@mccarthy.ca
Tel: 416.601.7557
Fax: 416.868.0673

Email: jgage@mccarthy.ca
Tel: 416.601.7539
Fax: 416.686.0673

Email: emarques@mccarthy.ca
Tel: 416.601.7822
Fax: 416.686.0673

Lawyers for Morneau Shepell Limited

AND TO: **BLAKE, CASSELS & GRAYDON**
Box 25, Commerce Court West
199 Bay Street, Suite 2800
Toronto, Ontario M5L 1A9

Pamela J. Huff
J. Jeremy Forgie

Email: pamela.huff@blakes.com
Tel: 416.863.2958
Fax: 416.863.2653

Email: jeremy.forgie@blakes.com
Tel: 416.863.3888
Fax: 416.863.2653

Lawyers for The Northern Trust Company, Canada

AND TO: **CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006

James Bromley
Lisa Schweitzer
Jeremy Opolsky

Email: jbromley@cgsh.com
lschweitzer@cgsh.com
jopolsky@cgsh.com

Tel: 212.225.2000
Fax: 212.225.3999

Lawyers for Nortel Networks Inc.

AND TO: **McMILLAN LLP**
Brookfield Place
181 Bay Street, Suite 4400
Toronto, ON M5J 2T3

D. Brent McPherson

Email: brent.mcpherson@mcmillan.ca
Tel: 416.307.4103
Fax: 416.304.3769

Lawyers for Wells Fargo Bank, National Association, as successor by merger to Wachovia Bank, N.A., in its capacity as Servicer for the Nortel Networks Pass-Through Trust, Series 1-1

AND TO: **DAVID STEER**
10 Cypress Court
Nepean, ON K2H 8Z8

E-mail: davidsteer127@sympatico.ca

AND TO: **ROCHON GENOVA LLP**
121 Richmond Street West
Suite 900
Toronto, ON M5H 2K1

Joel P. Rochon

Email: jrochon@rochongenova.com
Tel: 416.363.1867
Fax: 416.363.0263

Lawyers for the Opposing LTD Employees

21

AND TO: **TORYS LLP**
79 Wellington St. W., Suite 3000
Box 270, TD Centre
Toronto, Ontario M5K 1N2

Tony DeMarinis
Scott Bomhof
Sheila Block
Andrew Gray
Adam Slavens

Email: tdemarinis@torys.com
sbomhof@torys.com
sblock@torys.com
agray@torys.com
aslavens@torys.com

Tel: 416.865.0040
Fax: 416.865.7380

Lawyers for Nortel Networks Inc.

AND TO: **FOGLER, RUBINOFF LLP**
Barristers and Solicitors
Suite 1200
Toronto-Dominion Centre
95 Wellington Street West
Toronto, Ontario M5J 2Z9

Jeffrey K. Spiegelman

Email: jspiegelman@foglers.com

Tel: 416.864.9700
Fax: 416.941.8852

Lawyers for Apex Logistics Inc.

AND TO: **McMILLAN LLP**
Brookfield Place
181 Bay Street, Suite 4400
Toronto, Ontario M5J 2T3

Andrew J. F. Kent
Wael Rostom

Email: andrew.kent@mcmillan.ca
Tel : 416.865.7160
Fax : 416.865.7048

Email: wael.rostom@mcmillan.ca
Tel : 416.865.7790
Fax : 416.865.7048

Lawyers for the Norpax LLC and RPX Corporation, in its capacity as Managing Member of Norpax LLC

AND TO: **TEMPLEMAN MENNINGA LLP**
401-366 King Street East
Kingston, Ontario K7K 6Y3

Harold Van Winssen
David W. DeMille

Email: hvw@tmlegal.ca
dwd@tmlegal.ca

Tel: 613.542.1889
Fax: 613.542.8202

Lawyers for The Corporation of the City of Belleville

22

AND TO: **TEMPLEMAN MENNINGA LLP**
401-366 King Street East
Kingston, Ontario K7K 6Y3

Harold Van Winssen
David W. DeMille

Email: hvw@tmlegal.ca
dwd@tmlegal.ca

Tel: 613.542.1889
Fax: 613.542.8202

Lawyers for Algonquin and Lakeshore Catholic District School Board

AND TO: **BLAKE, CASSELS & GRAYDON LLP**
199 Bay Street, Suite 2800
Commerce Court West
Toronto, Ontario M5L 1A9

Steven J. Weisz
Jenna Willis

Email: steven.weisz@blakes.com
Tel: 416.863.2616
Fax: 416.863.2653

Email: jenna.willis@blakes.com
Tel: 416.863.3348
Fax: 416.863.2653

Lawyers for the American Registry for Internet Numbers

AND TO: **STIKEMAN ELLIOTT LLP**
Barristers & Solicitors
5300 Commerce Court West
199 Bay Street
Toronto, Ontario M5L 1B9

Dan Murdoch

Email: dmurdoch@stikeman.com
Tel: 416.869.5529
Fax: 416.947.0866

Lawyers for Apple Inc.

AND TO: **McMILLAN LLP**
Brookfield Place
181 Bay Street, Suite 4400
Toronto, Ontario M5J 2T3

Brett Harrison

Email: brett.harrison@mcmillan.ca
Tel : 416.865.7932
Fax : 416.865.7048

Lawyers for Rogers Communications Inc.

AND TO: **ATTORNEY GENERAL FOR ONTARIO**
Crown Law Office – Civil
720 Bay Street, 8th Floor
Toronto, Ontario M7A 2S9

Leonard Marsello
William MacLarkey
Mario Faieta

Email: leonard.marsello@ontario.ca
Tel: 416.326.4939
Fax: 416.326.4181

Email: William.MacLarkey@ontario.ca
Tel: 416.326.4082
Fax: 416.326.4181

Email: mario.faieta@ontario.ca
Tel: 416.314.6482
Fax: 416.314.6579

Lawyers for Her Majesty the Queen in right of Ontario, as represented by the Ministry of the Environment

AND TO: **DAVIS LLP**
1 First Canadian Place, Suite 6000
100 King Street West
P.O. Box 367,
Toronto, Ontario M5X 1E2

Bruce Darlington
Jonathan Davis-Sydor

Email: bdarlington@davis.ca
Tel: 416.365.3529
Fax: 416.369.5210

Email: jdavissydor@davis.ca
Tel: 416.941.5397
Fax: 416.365.7886

Lawyers for Lenovo (Singapore) Pte. Ltd.

AND TO: **CHAITONS LLP**
Barristers & Solicitors
5000 Yonge Street, 10th Floor
Toronto, Ontario M2N 7E9

Harvey G. Chaiton
Doug Bourassa

Email: harvey@chaitons.com
Tel : 416.218.1129
Fax : 416.218.1849

Email: doug@chaitons.com
Tel : 416.218.1145
Fax : 416.218.1845

Lawyers for SMNP Research International, Inc. and SMNP Research, Inc.

AND TO: **MILLER THOMSON LLP**
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, Ontario M6H 3S1

Craig A. Mills

Email: cmills@millerthomson.com
Tel : 416.595.8596
Fax : 416.595.8695

Lawyers for 2058756 Ontario Limited

AND TO: **STIKEMAN ELLIOTT LLP**
Barristers & Solicitors
5300 Commerce Court West,
199 Bay Street
Toronto, Ontario M5L 1B9

Ashley John Taylor
Kathryn Esaw

Email: ataylor@stikeman.com
Tel : 416.869.5236
Fax : 416.947.0866

Email: kesaw@stikeman.com
Tel: 416.869.6820
Fax : 416.947.0866

Lawyers for Sanmina SCI Corporation

AND TO: **STIKEMAN ELLIOTT LLP**
Barristers & Solicitors
5300 Commerce Court West,
199 Bay Street
Toronto, Ontario M5L 1B9

Alan D'Silva
Ellen Snow

Email: adsilva@stikeman.com
Tel: 416.869.5204
Fax: 416.947.0866

Email: esnow@stikeman.com
Tel: 416.869.5286
Fax: 416.947.0866

Counsel to Chartis Insurance Company of Canada Inc.

AND TO: **KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022-2585

Craig A. Barbarosh
Email: craig.barbarosh@kattenlaw.com
Tel: 212.940.8665
Fax: 212.940.8776

David A. Crichlow
Email: david.crichlow@kattenlaw.com
Tel: 212.940.8941
Fax: 212.940.8776

Karen B. Dine
Email: Karen.dine@kattenlaw.com
Tel: 212.940.8772
Fax: 212.940.8776

U.S. Counsel to Wilmington Trust

AND TO: **CONSTELLATION ENERGY GROUP, INC.**
100 Constellation Way
Suite 600
Baltimore, MD 21202

David Quagliana
Manager, Credit Workout

Email: david.quagliana@constellation.com
Tel: 410.470.2058

AND
TO:

**HEENAN BLAIKIE LLP**
Bay Adelaide Centre
333 Bay Street, Suite 2900
P.O. Box 2900
Toronto, Ontario  M5H 2T4

John Salmas
Kenneth Kraft
Sara-Ann Van Allen

Email:    jsalmas@heenan.ca
Tel:       416.360.3570
Fax:      416.360.8425

Email:    kkraft@heenan.ca
Tel:       416.643.6822
Fax:      416.360.8425

Email:    svanallen@heenan.ca
Tel:       416.360.3570
Fax:      416.360.8425

Canadian Lawyers for Wilmington Trust,
National Association

AND
TO:

**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, NY  10036

Daniel A. Lowenthal

Email:    dalowenthal@pbwt.com
Tel:       212.336.2720
Fax:      212.336.1253

U.S. Counsel for Law Debenture Trust
Company of New York

AND
TO:

**BORDEN LADNER GERVAIS LLP**
Barristers and Solicitors
40 King Street West
Toronto, ON  M5H 3Y4

Edmond F. B. Lamek
James Szumski

Email:    elamek@blg.com
Tel:       416.367.6311
Fax:      416.361.2436

Email:    jszumski@blg.com
Tel:       416.367.6310
Fax:      416.682.2811

Lawyers for Law Debenture Trust Company
of New York

AND
TO:

**THORNTON GROUT FINNIGAN LLP**
Suite 3200, 100 Wellington Street West
P.O. Box 329
Toronto-Dominion Centre
Toronto, ON  M5K 1K7

Michael Barrack
D.J. Miller
Rebecca Lewis
Andrea McEwan

Email:    mbarrack@tgf.ca
Tel:       416.304.1109
Fax:      416.304.1313

Email:    djmiller@tgf.ca
Tel:       416.304.0559
Fax:      416.304.1313

Email:    rlewis@tgf.ca
Tel:       416.304.0603
Fax:      416.304.1313

Email:    amcewan@tgf.ca
Tel:       416.304.0596
Fax:      416.304.1313

Co-Counsel to the UK Pension Protection Fund
and Nortel Networks UK Pension Trust Limited

260

**COURTESY COPIES:**

AND TO: **LEWIS AND ROCA**
40 North Central Avenue
Phoenix, Arizona
USA 85004-4429

Scott K. Brown

Email: sbrown@lrlaw.com

Tel: 602.262.5321
Fax: 602.734.3866

Lawyers for The Prudential Insurance Company of America

AND TO: **AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036

Fred S. Hodara

Email: fhodara@akingump.com

Tel: 212.872.1000
Fax: 212.872.1002

U.S. Lawyers for the Official Committee of Unsecured Creditors

AND TO: **CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061

Steven J. Reisman
James V. Drew

E-mail: sreisman@curtis.com
jdrew@curtis.com

Tel: 212.696.6000
Fax: 212-697-1559

Lawyers for Flextronics International

AND TO: **MILBANK, TWEED, HADLEY McCLOY LLP**
1 Chase Manhattan Plaza
New York, NY 10005

Thomas R. Kreller
Jennifer P. Harris
Albert A. Pisa

Email: TKreller@milbank.com
Tel: 213.892.4463
Fax: 213.629.5063

Email: JHarris@milbank.com
Tel: 212.530.5475
Fax: 212.530.5219

Email: APisa@milbank.com
Tel: 212.530.5319
Fax: 212.530.5219

U.S. Lawyers for The Informal Nortel Noteholder Group

27

AND TO: **VEDDER PRICE P.C.**
1633 Broadway, 47th Floor
New York, New York 10019

Michael L. Schein

Email: mschein@vedderprice.com

Tel: 212.407.6920
Fax: 212.407.7799

U.S. Lawyers for Telmar Network Technology, Inc. and Precision Communication Services, Inc.

AND TO: **LATHAM & WATKINS LLP**
885 Third Avenue
New York, NY 10022-4834

Michael J. Riela

Email: michael.riela@lw.com

Tel : 212.906.1373
Fax : 212.751.4864

U.S. Lawyers for The Bank of New York Mellon

AND TO: **BRYAN CAVE LLP**
161 North Clark Street, Suite 4300
Chicago, Illinois 60601

Eric S. Prezant

Email: eric.prezant@bryancave.com
Tel: 312.602.5033
Fax: 312.602.5050

U.S. Lawyers for Tellabs, Inc.

28

Court File No. 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. c-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**CORE PARTIES SERVICE LIST**
**(Allocation Litigation)**

**Updated as of September 11, 2013**

29

**CANADIAN DEBTORS**

TO: **GOWLING LAFLEUR HENDERSON LLP**
Suite 1600, First Canadian Place
100 King Street West
Toronto, Ontario M5X 1G5

Derrick Tay
Jennifer Stam

Email: derrick.tay@gowlings.com
jennifer.stam@gowlings.com

Tel: 416.862.5697
Fax: 416.862.7661

Lawyers for the Applicants

AND TO: **GOODMANS LLP**
Bay Adelaide Centre
333 Bay Street, Suite 3400
Toronto, Ontario M5H 2S7

Jay Carfagnini
Joseph Pasquariello
Ben Zarnett
Fred Myers
Peter Ruby
Jessica Kimmel
Chris Armstrong

Email: jcarfagnini@goodmans.ca
jpasquariello@goodmans.ca
bzarnett@goodmans.ca
fmyers@goodmans.ca
pruby@goodmans.ca
jkimmel@goodmans.ca
carmstrong@goodmans.ca

Tel: 416.597.4107
Fax: 416.979.1234

Lawyers for the Monitor, Ernst & Young Inc.

AND TO: **ERNST & YOUNG INC.**
Ernst & Young Tower
222 Bay Street, P.O. Box 251
Toronto, Ontario M5K 1J7

Murray McDonald
Brent Beekenkamp

Email: nortel.monitor@ca.ey.com

Tel: 416.943.3016
Fax: 416.943.3300

30

AND TO: **ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, NY 10020

Ken Coleman
Paul Keller
Daniel Guyder
Laura Hall
Joseph Badtke-Berkow
Jonathan Cho
Nicolette Ward

Email: ken.coleman@allenovery.com
Tel: 212.610.6434
Fax: 212.610.6399

Email: paul.keller@allenovery.com
Tel: 212.610.6414
Fax: 212.610.6399

Email: daniel.guyder@allenovery.com
Tel: 212.756.1132
Fax: 212.610.6399

Email: laura.hall@allenovery.com
Tel: 212.756.1171
Fax: 212.610.6399

Email: Joseph.Badtke-Berkow@AllenOvery.com
Tel: 212.610.6417
Fax: 212.610.6399

Email: jonathan.cho@allenovery.com
Tel: 212.756.1118
Fax: 212.610.6399

Email: Nicolette.ward@allenovery.com
Tel: 212.610.6412
Fax: 212.610.6399

U.S. Lawyers for the Canadian Debtors

AND TO: **BUCHANAN INGERSOLL & ROONEY**
1105 North Market Street,
Suite 1900
Wilmington, DE 19801-1054

Kathleen A. Murphy
Mary F. Caloway

Email: Kathleen.murphy@bipc.com
Tel: 302.552.4214
Fax: 302.552.4295

Email: mary.caloway@bipc.com
Tel: 302.552.4209
Fax: 302.552.4295

Local U.S. Lawyers for the Canadian Debtors

31

**U.S. DEBTORS**

AND TO: **TORYS LLP**
79 Wellington St. W., Suite 3000
Box 270, TD Centre
Toronto, Ontario M5K 1N2

Tony DeMarinis
Scott Bomhof
Sheila Block
Andrew Gray
Adam Slavens

Email: tdemarinis@torys.com
sbomhof@torys.com
sblock@torys.com
agray@torys.com
aslavens@torys.com

Tel: 416.865.0040
Fax: 416.865.7380

Canadian Lawyers for Nortel Networks Inc.

AND TO: **CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006

James Bromley
Lisa Schweitzer
Howard Zelbo
Jeffrey Rosenthal
Darryl Stein
Marla Decker
Lauren Peacock
Jacqueline Moessner
Neil Forrest
Dan Queen

Email: jbromley@cgsh.com
lschweitzer@cgsh.com
hzelbo@cgsh.com
jrosenthal@cgsh.com
dstein@cgsh.com
mdecker@cgsh.com
lpeacock@cgsh.com
jmoessner@cgsh.com
nforrest@cgsh.com
dqueen@cgsh.com

Tel: 212.225.2000
Fax: 212.225.3999

U.S. Lawyers for Nortel Networks Inc.

AND TO: **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347

Derek Abbott
Annie Cordo

Email: dabbott@mnat.com
Tel: 302.351.9357
Fax: 302.425.4664

Email: acordo@mnat.com
Tel: 302.351.9459
Fax: 302.225.2559

Local U.S. Lawyers for the U.S. Debtors

352

**EMEA DEBTORS**

AND TO: **DAVIES WARD PHILLIPS & VINEBERG LLP**
44th Floor
1 First Canadian Place
Toronto, ON M5X 1B1

Robin B. Schwill
Sean Campbell
James Doris
Louis Sarabia

Email: rschwill@dwpv.com
Email: scampbell@dwpv.com
Email: jdoris@dwpv.com
Email: lsarabia@dwpv.com

Tel: 416.863.0900
Fax: 416.863.0871

Co-Counsel to the Joint Administrators of Nortel Networks UK Limited

AND TO: **LAX O'SULLIVAN SCOTT LISUS LLP**
Counsel
Suite 1920, 145 King Street West
Toronto, Ontario M5H 1J8

Matthew P. Gottlieb
Tracy Wynne
Paul Michell

Email: mgottlieb@counsel-toronto.com
Tel: 416.644.5353
Fax: 416.598.3730

Email: twynne@counsel-toronto.com
Tel: 416.598.7835
Fax: 416.598.3730

Email: pmichell@counsel-toronto.com
Tel: 416.644.5359
Fax: 416.598.3730

Co-Counsel to the Joint Administrators of Nortel Networks UK Limited

AND TO: **HUGHES HUBBARD & REED**
One Battery Park Plaza
New York, NY 10004-1482

Derek Adler
Neil Oxford
Fara Tabatabai
Charles Huberty

Email: adler@hugheshubbard.com
Tel: 212.837.6086
Fax: 212.422.4726

Email: oxford@hugheshubbard.com
Tel: 212.837.6843
Fax: 212.422.4726

Email: tabataba@hugheshubbard.com
Tel: 212.837.6296
Fax: 212.299.6269

Email: huberty@hugheshubbard.com
Tel: 212.837.6045
Fax: 212.299.6045

U.S. Lawyers the Joint Administrators of Nortel Networks UK Limited

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Rodney Square
1000 North King Street
Wilmington, DE 19801

Ed Harron
John Dorsey

Email: eharron@ycst.com
Tel: 302.571.6703
Fax: 302.576.3298

Email: jdorsey@ycst.com
Tel: 302.571.6712
Fax: 302.576.3401

Local U.S. Lawyers for the Joint Administrators of Nortel Networks UK Limited

**CANADIAN CREDITORS COMMITTEE**

AND
TO:

**KOSKIE MINSKY**
20 Queen Street West
Suite 900
Toronto, Ontario M5H 3R3

Mark Zigler
Susan Philpott
Ari Kaplan
Barbara Walancik

Email: mzigler@kmlaw.ca
Tel: 416.595.2090
Fax: 416.204.2877

Email: sphilpott@kmlaw.ca
Tel: 416.595.2104
Fax: 416.204.2882

Email: akaplan@kmlaw.ca
Tel: 416.595.2087
Fax: 416.204.2875

Email: bwalancik@kmlaw.ca
Tel: 416.542.6288
Fax: 416.204.2906

Lawyers for the Former Employees of Nortel and
LTD Beneficiaries

AND
TO:

**PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**
35th Floor
155 Wellington Street West
Toronto, Ontario M5V 3H1

Kenneth T. Rosenberg
Massimo (Max) Starnino
Lily Harmer
Karen Jones
Tina Lie
Michelle Jackson
Jacqueline Cummins

Email: ken.rosenberg@paliareroland.com
Tel: 416.646.4304
Fax: 416.646.4301

Email: max.starnino@paliareroland.com
Tel: 416.646.7431
Fax: 416.646.4301

Email: lily.harmer@paliareroland.com
Tel: 416.646.4326
Fax: 416.646.4301

Email: karen.jones@paliareroland.com
Tel: 416.646.4339
Fax: 416.646.4301

Email: tina.lie@paliareroland.com
Tel: 416.646.4332
Fax: 416.646.4301

Email: michelle.jackson@paliareroland.com
Tel: 416.646.7470
Fax: 416.646.4301

Email: Jacqueline.cummins@paliareroland.com
Tel: 416.646.7446
Fax: 416.646.4301

Lawyers for the Superintendent of Financial Services
as Administrator of the Pension Benefits Guarantee
Fund

34

AND TO: **CAW-CANADA**
Legal Department
205 Placer Court
Toronto, Ontario M2H 3H9

Barry E. Wadsworth
Lewis Gottheil

Email: barry.wadsworth@caw.ca
lewis.gottheil@caw.ca

Tel.: 416.495.3776
Fax: 416.495.3786

Lawyers for all active and retired Nortel employees represented by the CAW-Canada

AND TO: **NELLIGAN O'BRIEN PAYNE LLP**
Barristers and Solicitors
50 O'Connor Street
Suite 1500
Ottawa, Ontario K1P 6L2

Janice B. Payne
Steven Levitt
Christopher Rootham
Ainslie Benedict

Email: janice.payne@nelligan.ca
steven.levitt@nelligan.ca
christopher.rootham@nelligan.ca
ainslie.benedict@nelligan.ca

Tel: 613.231.8245
Fax: 613.788.3655

Lawyers for the Steering Committee of Nortel Canadian Continuing Employees – Post CCAA as at January 14, 2009

AND TO: **SHIBLEY RIGHTON LLP**
Barristers and Solicitors
250 University Avenue, Suite 700
Toronto, Ontario M5H 3E5

Arthur O. Jacques
Thomas McRae

Email: arthur.jacques@shibleyrighton.com
Tel: 416.214.5213
Fax: 416.214.5413

Email : thomas.mcrae@shibleyrighton.com
Tel : 416.214.5206
Fax : 416.214.5400

Lawyers for The Recently Severed Canadian Nortel Employees Committee

AND TO: **McCARTHY TETRAULT LLP**
Suite 5300, Toronto Dominion Bank Tower
Toronto, Ontario M5K 1E6

Barbara J. Boake
James D. Gage
Elder C. Marques
Paul Steep
Byron Shaw
Sharon Kour
Kelly Peters

E-mail: bboake@mccarthy.ca
Tel: 416.601.7557
Fax: 416.868.0673

Email: jgage@mccarthy.ca
Tel: 416.601.7539
Fax: 416.686.0673

Email: emarques@mccarthy.ca
Tel: 416.601.7822
Fax: 416.686.0673

Email: psteep@mccarthy.ca
Tel: 416.601.7998
Fax: 416.686.0673

Email: bdshaw@mccarthy.ca
Tel: 416.601.8256
Fax: 416.686.0673

Email: skour@mccarthy.ca
Tel: 416.601.8305
Fax: 416.686.0673

Email: kpeters@mccarthy.ca
Tel: 416.601.8281
Fax: 416.686.0673

Lawyers for Morneau Shepell Limited

35

AND TO: **DLA PIPER**
919 North Market Street
Suite 1500
Wilmington, Delaware 19801

Selinda A. Melnik
Richard Hans
Timothy Hoeffner
Farah Lisa Whitley-Sebti

Email: selinda.melnik@dlapiper.com
Tel: 302.468.5650
Fax: 302.778.7914

Email: richard.hans@dlapiper.com
Tel: 212.335.4530
Fax: 212.884.8730

Email: timothy.hoeffner@dlapiper.com
Tel: 212.656.3341
Fax: 215.606.3341

Email: farahlisa.sebti@dlapiper.com
Tel: 212.335.4829
Fax: 212.884.8529

U.S. Lawyers for the Canadian Creditors Committee

36

**INFORMAL NORTEL NOTEHOLDER GROUP**

AND TO:

**BENNETT JONES LLP**
1 First Canadian Place
Suite 3400
Toronto, Ontario M5X 1A4

Kevin Zych
S. Richard Orzy
Gavin Finlayson
Richard Swan
Sean Zweig
Jonathan Bell

Email: zychk@bennettjones.com
Tel: 416.777.5738
Fax: 416.863.1716

Email: orzyr@bennettjones.com
Tel: 416.777.5737
Fax: 416.863.1716

Email: finlaysong@bennettjones.com
Tel: 416.777.5762
Fax: 416.863.1716

Email: swanr@bennettjones.com
Tel: 416.777.7479
Fax: 416.863.1716

Email: zweigs@bennettjones.com
Tel: 416.777.6254
Fax: 416.863.1716

Email: bellj@bennettjones.com
Tel: 416.777.6511
Fax: 416.863.1716

Canadian Lawyers for The Informal Nortel Noteholder Group

AND TO:

**MILBANK, TWEED, HADLEY McCLOY LLP**
1 Chase Manhattan Plaza
New York, NY 10005

Thomas R. Kreller
Jennifer P. Harris
Albert A. Pisa
Samir Vora
Andrew LeBlanc
Michael Hirschfeld
Atara Miller
Tom Matz
Nick Bassett
Gabrielle Ruha
Rachel Pojunas

Email: TKreller@milbank.com
Tel: 213.892.4463
Fax: 213.629.5063

Email: JHarris@milbank.com
Tel: 212.530.5475
Fax: 212.530.5219

Email: APisa@milbank.com
Tel: 212.530.5319
Fax: 212.530.5219

Email: svora@milbank.com
Tel: 213.892.4595
Fax: 213.629.5063

Email: aleblanc@milbank.com
Tel: 202.835.7574
Fax: 202.263.7574

Email: mhirschfeld@milbank.com
Tel: 212.530.5832
Fax: 212.822.5832

Email: amiller@milbank.com
Tel: 212.530.5421
Fax: 212.822.5421

Email: tmatz@milbank.com
Tel: 212.530.5885
Fax: 212.822.5885

Email: nbassett@milbank.com
Tel: 202.835.7546
Fax: 202.263.7546

Email: gruha@milbank.com
Tel: 212.530.5155
Fax: 212.822.5155

Email: rpojunas@milbank.com
Tel: 202.835.7551
Fax: 202.263.7551

U.S. Lawyers for The Informal Nortel Noteholder Group

38

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

AND TO: **DENTONS CANADA LLP**
77 King Street West, Suite 400
TD Centre
Toronto, ON M5K 0A1

R. Shayne Kukulowicz
Michael J. Wunder
Ryan Jacobs
Barbara Grossman

Email: Shayne.kukulowicz@dentons.com
Michael.wunder@dentons.com
ryan.jacobs@dentons.com
Barbara.grossman@dentons.com

Tel: 416.863.4511
Fax: 416.863.4592

Canadian Lawyers for the Official Committee of Unsecured Creditors

AND TO: **AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036

Fred S. Hodara
David H. Botter
Abid Qureshi
Robert A. Johnson
Brad M. Kahn
Christine Doniak
Sunny Gulati

Email: fhodara@akingump.com
dbotter@akingump.com
aqureshi@akingump.com
rajohnson@akingump.com
bkahn@akingump.com
cdoniak@akingump.com
sgulati@akingump.com

Tel: 212.872.1000
Fax: 212.872.1002

U.S. Lawyers for the Official Committee of Unsecured Creditors

AND TO: **ASHURST LLP**
Boardwalk House
5 Appold Street
London, EC2A 2HA
United Kingdom

Angela Pearson
Antonia Croke

Email: angela.pearson@ashurst.com
antonia.croke@ashurst.com

Tel: +44 (0)20 7638 1111
Fax: +44 (0)20 7638 1112

U.K. Lawyers for the Official Committee of Unsecured Creditors

AND TO: **RICHARDS LAYTON & FINGER, P.A.**
920 North King Street
Wilmington, DE 19801

Christopher Samis

Email: samis@rlf.com
Tel: 302.651.7845
Fax: 302.498.7845

Local U.S. Lawyers for the Official Committee of Unsecured Creditors

**UK PENSION PROTECTION FUND AND NORTEL NETWORKS UK PENSION TRUST LIMITED**

AND TO: **CASSELS BROCK & BLACKWELL LLP**
2100 Scotia Plaza
40 King Street West
Toronto, Ontario M5H 3C2

E. Bruce Leonard
David S. Ward
Bill Burden
Christopher Horkins
Lara Jackson

Email: bleonard@casselsbrock.com
dward@casselsbrock.com
bburden@casselsbrock.com
chorkins@casselsbrock.com
ljackson@casselsbrock.com

Tel: 416.860.6455
Fax: 416.640.3054

Co-Counsel for the UK Pension Protection Fund and Nortel Networks UK Pension Trust Limited

AND TO: **THORNTON GROUT FINNIGAN LLP**
Suite 3200, 100 Wellington Street West
P.O. Box 329
Toronto-Dominion Centre
Toronto, ON M5K 1K7

Michael Barrack
D.J. Miller
Rebecca Lewis
Andrea McEwan
John Finnigan

Email: mbarrack@tgf.ca
Tel: 416.304.1109
Fax: 416.304.1313

Email: djmiller@tgf.ca
Tel: 416.304.0559
Fax: 416.304.1313

Email: rlewis@tgf.ca
Tel: 416.304.0603
Fax: 416.304.1313

Email: amcewan@tgf.ca
Tel: 416.304.0596
Fax: 416.304.1313

Email: jfinnigan@tgf.ca
Tel: 416.304.0558
Fax: 416.304.1313

Co-Counsel to the UK Pension Protection Fund and Nortel Networks UK Pension Trust Limited

AND TO: **WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, N.Y. 10019-6099, U.S.A.

Brian O'Connor
Sameer Advani
Andrew Hanrahan

Email: boconnor@willkie.com
Tel: (212) 728-8251
Fax: (212) 728-9251

Email: sadvani@willkie.com
Tel: (212) 728-8587
Fax: (212) 728-9587

Email: ahanrahan@willkie.com
Tel: (212) 728-8170
Fax: (212) 728-9170

US Counsel for the UK Pension Protection Fund and Nortel Networks UK Pension Trust Limited

AND TO: **BAYARD, P.A.**
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899

Charlene D. Davis
Justin Alberto

Email: cdavis@bayardlaw.com
jalberto@bayardlaw.com

Tel: 302.655.5000
Fax: 302.658.6395

Local U.S. Lawyers for the UK Pension Protection Fund and Nortel Networks UK Pension Trust Limited

**THE BANK OF NEW YORK MELLON**

AND TO: **McMILLAN LLP**
Brookfield Place
181 Bay Street, Suite 4400
Toronto, Ontario, M5J 2T3

Sheryl E. Seigel

Email: sheryl.seigel@mcmillan.ca
Tel: 416.307.4063
Fax: 416.365.1719

Canadian Lawyers for The Bank of New York Mellon

AND TO: **LATHAM & WATKINS LLP**
885 Third Avenue
New York, NY 10022-4834

Michael J. Riela

Email: michael.riela@lw.com

Tel : 212.906.1373
Fax : 212.751.4864

U.S. Lawyers for The Bank of New York Mellon

41

**WILMINGTON TRUST, NATIONAL ASSOCIATION**

AND TO: **HEENAN BLAIKIE LLP**
Bay Adelaide Centre
333 Bay Street, Suite 2900
P.O. Box 2900
Toronto, Ontario M5H 2T4

John Salmas
Kenneth Kraft
Sara-Ann Van Allen

Email: jsalmas@heenan.ca
Tel: 416.360.3570
Fax: 416.360.8425

Email: kkraft@heenan.ca
Tel: 416.643.6822
Fax: 416.360.8425

Email: svanallen@heenan.ca
Tel: 416.360.3570
Fax: 416.360.8425

Canadian Lawyers for Wilmington Trust, National Association

AND TO: **KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022-2585

Craig A. Barbarosh
David A. Crichlow
Karen B. Dine

Email: craig.barbarosh@kattenlaw.com
Tel: 212.940.8665
Fax: 212.940.8776

Email: david.crichlow@kattenlaw.com
Tel: 212.940.8941
Fax: 212.940.8776

Email: Karen.dine@kattenlaw.com
Tel: 212.940.8772
Fax: 212.940.8776

U.S. Lawyers to Wilmington Trust, National Association

42

**LAW DEBENTURE TRUST COMPANY OF NEW YORK**

AND TO:

**BORDEN LADNER GERVAIS LLP**
Barristers and Solicitors
40 King Street West
Toronto, ON M5H 3Y4

Edmond F. B. Lamek
James Szumski

Email: elamek@blg.com
Tel: 416.367.6311
Fax: 416.361.2436

Email: jszumski@blg.com
Tel: 416.367.6310
Fax: 416.682.2811

Lawyers for Law Debenture Trust Company of New York

AND TO:

**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, NY 10036

Daniel A. Lowenthal

Email: dalowenthal@pbwt.com
Tel: 212.336.2720
Fax: 212.336.1253

U.S. Lawyers for Law Debenture Trust Company of New York

**BOARDS OF DIRECTORS OF NORTEL NETWORKS CORPORATION AND NORTEL NETWORKS LIMITED**

AND TO:

**OSLER HOSKIN AND HARCOURT LLP**
100 King Street West
1 First Canadian Place
Suite 6100
P.O. Box 50
Toronto, Ontario M5X 1B8

Lyndon Barnes
Edward Sellers
Betsy Putnam
Adam Hirsh
Alexander Cobb

Email: lbarnes@osler.com
esellers@osler.com
eputnam@osler.com
ahirsh@osler.com
acobb@osler.com

Tel: 416.362.2111
Fax: 416.862.6666

Lawyers for the Boards of Directors of Nortel Networks Corporation and Nortel Networks Limited

44

**COURTESY COPIES:**

AND TO: **NORTON ROSE FULBRIGHT LLP**
Suite 3800, Royal Bank Plaza
South Tower, 200 Bay Street
P.O. Box 84
Toronto, ON M5J 2Z4

Michael Lang

Email: michael.lang@nortonrosefulbright.com

Tel: 416.216.3939
Fax: 416.216.3930

AND TO: **HOGAN LOVELLS INTERNATIONAL LLP**
Atlantic House
Holborn Viaduct
London EC1A 2FG
United Kingdom

Angela Dimsdale Gill
John Tillman
Matthew Bullen
David Graves
Katherine Tallett-Williams

Email: amdg@hoganlovells.com
john.tillman@hoganlovells.com
Matthew.bullen@hoganlovells.com
david.graves@hoganlovells.com
katherine.tallett-williams@hoganlovells.com

Tel: +44 20 7296 2000
Fax: +44 20 7296 2001

| IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION | Court File No.:09-CL-7950 |
|---|---|
| | *ONTARIO*<br>**SUPERIOR COURT OF JUSTICE**<br>Proceeding Commenced at Toronto |
| | **NOTICE OF MOTION**<br>**(returnable November 19, 2013)** |
| | **GOWLING LAFLEUR HENDERSON LLP**<br>Barristers & Solicitors<br>1 First Canadian Place,<br>100 King Street West, Suite 1600<br>Toronto ON M5X 1G5<br><br>**Derrick Tay** (LSUC #: 21152A)<br>**Jennifer Stam** (LSUC #: 46735J)<br>Tel: (416) 862-5697<br>Fax: (416) 862-7661<br><br>**GOODMANS LLP**<br>Barristers & Solicitors<br>333 Bay Street, Suite 3400<br>Toronto ON M5H 2S7<br><br>**Jay A. Carfagnini** (LSUC#: 22293T)<br>**Alan Mark** (LSUC#: 21772U)<br>**Jessica Kimmel** (LSUC#: 32312W)<br>**Joseph Pasquariello** (LSUC#: 38390C)<br>**Peter Ruby** (LSUC#: 38439P)<br>Tel: 416.979.2211<br>Fax: 416.979.1234 |

# TAB 2

46

Court File No. 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

# ONE-HUNDREDTH REPORT OF THE MONITOR DATED NOVEMBER 14, 2013

## INTRODUCTION

1. On January 14, 2009 (the "Filing Date"), Nortel Networks Corporation ("NNC" and collectively with all its subsidiaries "Nortel" or the "Company"), Nortel Networks Limited ("NNL"), Nortel Networks Technology Corporation ("NNTC"), Nortel Networks International Corporation and Nortel Networks Global Corporation (collectively the "Applicants") filed for and obtained protection under the *Companies' Creditors Arrangement Act* ("CCAA"). Pursuant to the Order of this Court dated January 14, 2009, as amended and restated (the "Initial Order"), Ernst & Young Inc. was appointed as the Monitor of the Applicants (the "Monitor") in the CCAA proceedings. The stay of proceedings has been extended to April 1, 2014.

2. Nortel Networks Inc. ("NNI") and certain of its U.S. subsidiaries and affiliates concurrently filed voluntary petitions under Chapter 11 of the U.S. Bankruptcy Code (the "Code") in the United States Bankruptcy Court for the District of Delaware (the "U.S. Court") on January 14, 2009 (the "Chapter 11 Proceedings"). As required by U.S. law, an official committee of unsecured creditors (the "Committee") was established in January, 2009.



3.    An ad hoc group of holders of bonds issued by NNL, NNC and Nortel Networks Capital Corporation has been organized and is participating in these proceedings as well as the Chapter 11 Proceedings (the "Bondholder Group"). In addition, pursuant to Orders of this Court, representative counsel was appointed on behalf of the former employees of the Applicants, the continuing employees of the Applicants and the LTD Beneficiaries (collectively, "Representative Counsel") and each of these groups is participating in the CCAA proceedings.

4.    Nortel Networks (CALA) Inc. ("NN CALA" and together with NNI and certain of its subsidiaries and affiliates that filed on January 14, 2009, the "U.S. Debtors") filed a voluntary petition under Chapter 11 of the Code in the U.S. Court on July 14, 2009.

5.    Nortel Networks UK Limited ("NNUK") and certain of its affiliates located in EMEA were granted administration orders (the "UK Administration Orders") by the High Court of England and Wales on January 14, 2009 (collectively the "EMEA Debtors"). The UK Administration Orders appointed Alan Bloom, Stephen Harris, Alan Hudson and Chris Hill of Ernst & Young LLP as administrators of the various EMEA Debtors, except for Nortel Networks (Ireland) Limited, to which David Hughes (Ernst & Young LLP Ireland) and Alan Bloom were appointed (collectively the "Joint Administrators").

6.    Subsequent to the filing date, Nortel Networks S.A. ("NNSA") commenced secondary insolvency proceedings within the meaning of Article 27 of the European Union's Council Regulation (EC) No 1346/2000 on Insolvency Proceedings in the Republic of France pursuant to which a liquidator and an administrator have been appointed by the Versailles Commercial Court.

7.    The CCAA proceedings and the UK Administration proceedings of NNUK and the other EMEA Debtors have been recognized by the U.S. Court as foreign main proceedings under Chapter 15 of the Code.

8.    Subsequent to the Filing Date, certain other Nortel subsidiaries have filed for creditor protection or bankruptcy proceedings in the local jurisdiction in which they are located.

**PURPOSE**

9.     The purpose of this one-hundredth report of the Monitor (the "One-Hundredth Report") is to report to this Court on the following matters:

  a)   status of allocation and claims litigation pending under the Allocation Protocol approved by this Court and the U.S. Court on April 3, 2013 (the "Allocation Protocol"); and

  b)   request for an order for certain amendments to the Allocation Protocol, Discovery Plan, Deposition Protocol and Litigation Timetable (as all terms are defined below).

**TERMS OF REFERENCE**

10.    In preparing this One-Hundredth Report, the Monitor has relied upon unaudited financial information, the Company's books and records, financial information prepared by the Company and discussions with the Company.  The Monitor has not audited, reviewed or otherwise attempted to verify the accuracy or completeness of this information and accordingly, the Monitor expresses no opinion or other form of assurance on the information contained in this One-Hundredth Report.   Unless otherwise stated, all monetary amounts contained herein are expressed in U.S. dollars.

11.    Capitalized terms not defined in this One-Hundredth Report are as defined in the Allocation Dispute Orders (defined below), the Pre-Filing Report or previous reports of the Monitor.

12.    The Monitor has made various materials relating to the CCAA proceedings available on its website at www.ey.com/ca/nortel.  The Monitor's website also contains a dynamic link to Epiq Bankruptcy LLC's website where materials relating to the Chapter 11 Proceedings are posted.

**ALLOCATION AND RELATED CLAIM MATTERS**

*Background*

13. For several months, the primary focus of the Applicants and Monitor has been the pending joint hearings (the "Trial") to resolve the dispute on allocation of over $7.3 billion of sale proceeds as well as certain claims asserted against the Applicants (in the Canadian proceedings) and U.S. Debtors (in the Chapter 11 Proceedings) by the EMEA Debtors and UK Pension Claimants[1] (the "Allocation Dispute").

14. To date, a number of procedural Orders have been granted in respect of the Allocation Dispute including the following:

   a) On May 15, 2013 and May 17, 2013, respectively, this Court and the U.S. Court (collectively, the "Courts") have approved a Litigation Timetable (the "Litigation Timetable") and Discovery Plan (the "Discovery Plan") which, together with certain related Orders, agreements and relevant applicable law, governs the conduct of the discovery process and established timelines for the Allocation Dispute;

   b) On August 26, 2013 and August 27, 2013, the Courts approved a Deposition Protocol (the "Deposition Protocol") which set out the process for the identification and conduct of depositions by the Parties; and

   c) The Litigation Timetable, Discovery Plan and Deposition Protocol have subsequently been amended from time to time to, among other things, (i) resolve certain ongoing procedural disputes among the Parties; and (ii) amend certain deadlines and dates previously agreed to, including the start date of the Trial from January 6, 2014 to April 1, 2014 (collectively and including subsequent amendments and together with the Allocation Protocol, the "Allocation Dispute Orders").

[1] The UK Pension Claimants are the trustee of the UK pension plan and the Pension Protection Fund.

Copies of the Allocation Dispute Orders are attached as Appendices A to E hereto.

15. The Ninety-Eighth Report of the Monitor set out actions taken by the Applicants and Monitor in complying with their extensive obligations pursuant to the Allocation Dispute Orders.

16. The Allocation Dispute Orders set out the procedural steps regarding document requests, production, interrogatories and other ongoing steps, including:

    a) fact witness depositions (including approximately 40 potential trial witnesses identified by the Parties and potentially over a dozen third party witnesses subpoenaed by various Deposition Groups) as well as representative witness (also referred to as "30(b)(6)") depositions;

    b) completion of expert reports, rebuttal expert reports and examinations of experts;

    c) the filing of extensive pre-trial briefs; and

    d) time for pre-trial motions and a pre-trial conference.

*Current Status of Depositions*

17. The Applicants and Monitor continue to be engaged in the fact witness deposition phase of the discovery process which began in late September 2013. In excess of 110 depositions/examinations are anticipated to be conducted through the deposition period currently scheduled to run through December 13, 2013. As of November 13, 2013, over 70 depositions have taken place, some lasting more than one day. Depositions are expected to take place in at least nine different countries in North America, Europe and Asia with most taking place in Toronto, New York and London.

18. The Parties have worked cooperatively through their Deposition Groups and Scheduling Committee to complete the significant number of fact witness depositions within the originally scheduled 10-week period. This has meant there are often multiple (as many as five) depositions taking place simultaneously on a single day in multiple countries.

19. Notwithstanding these efforts, there remain a significant number of fact witness depositions to complete, including certain depositions scheduled for the first two weeks of December. The schedule has been impacted, in part, by matters relating to the production of documents (including by third parties), the availability and location of witnesses who, with few exceptions, are no longer controlled by any particular estate and are asked to appear voluntarily, often in locations different from where they now reside.

20. As set out above, the Allocation Dispute Orders also provide for completion of a number of Representative Witness depositions currently anticipated to take place between December 2, 2013 and December 13, 2013. In accordance with the original Litigation Timetable, Discovery Groups previously provided lists of "topics" on which they expected to examine the representative witnesses of the other Parties. The lists of topics provided were extensive and broad in nature.

21. In recognition of the number and significance of the fact witness depositions, the Deposition Protocol contemplates that Deposition Groups serve "a very limited number of subjects" for which they do not believe a fact witness has provided adequate first hand testimony. It is contemplated this will reduce the number of topics originally served by the Parties. The deadline for service of these revised subjects pursuant to the Deposition Protocol is 10 business days prior to the commencement of representative witness depositions. If Representative Witness depositions were to commence on December 2, 2013, Deposition Groups would be required to serve notice by Thursday, November 14, 2013.

22. As set out above, despite best efforts of the parties, fact witness depositions will not be completed prior to the end of November. Based on the current schedule, Deposition Groups would be required to serve their revised subjects without the benefit of evidence arising from a number of depositions taking place in the last two weeks of November 2013 and first two weeks of December 2013. As a result, providing notice of subjects under the current schedule will likely result in more subjects being served than may otherwise be the case.

23. Further, the actual scheduling and conduct of the Representative Witness depositions in the current time frame has become problematic in light of the ongoing fact witness depositions.

*Proposed Amendments to the Allocation Dispute Orders*

24. The U.S. Debtors, Committee, EMEA Debtors/Joint Administrators, UK Pension Claimants, Monitor/Applicants and the Canadian creditors committee ("CCC") (the "Moving Parties") are proposing certain amendments to the Allocation Dispute Orders which will amend the Litigation Timetable and certain other dates currently contemplated under the Deposition Protocol. A more detailed summary of the amendments is provided below; however they result in a joint request that the Courts agree to postpone the commencement date of the Trial to not earlier than April 28, 2014.

25. The Monitor and Applicants are cognizant of the previous statements of the Court with respect to the time and cost involved in the Trial and have made every effort in agreeing to this new time table to propose amendments that (a) are realistic in the circumstances and (b) require as short a postponement to the start date of the Trial as possible. The proposed amendments are designed to provide the time required to complete the fact witness depositions, identify remaining topics for the examination of Representative Witnesses and to conduct those depositions. The subsequent dates contemplated in the Litigation Timetable such as expert reports and pre-filing briefs, are similarly proposed to be extended.

26. Under the proposed amendments to the Allocation Dispute Orders, the following changes to the time table are contemplated:

| Deadline | Current Date | Proposed Revised Date |
|---|---|---|
| Deadline to complete witness depositions other than third party depositions (i.e., those other | December 13, 2013 | December 13, 2013[2] |

[2] The parties shall be permitted to extend this date to December 18, 2013 with approval of the Scheduling



| **Deadline** | **Current Date** | **Proposed Revised Date** |
|---|---|---|
| than current or former employees or directors of a Core Party) and Representative Witness depositions | | |
| Deadline for each Deposition Group to serve Representative Witness subjects in accordance with paragraph G(1)(a) of the Deposition Protocol | 10 business days prior to the commencement of Representative Witness depositions | 5pm (EST) December 13, 2013 other than with respect to topics relating to NNSA which shall be delivered no later than 5pm (EST) on December 17, 2013 |
| Identification of Representative Witnesses by each Core Party required to produce a Representative Witness | 5 business days prior to the commencement of Representative Witness depositions | 5pm (EST) on December 18, 2013 |
| Deadline for objections to Representative Witness subjects in accordance with paragraph G(1)(a) of the Deposition Protocol | Three business days after service of the subjects | 5pm (EST) on December 18, 2013 |
| Meet and confer of the Scheduling Committee to schedule Representative Witness Depositions | NA | December 19, 2013 and/or December 20, 2013 |
| Meet and confer regarding any objections on Representative Witness deposition subjects in accordance with paragraph G(1)(a) of the Deposition Protocol | Within two business days of service of the objections | December 20, 2013 |
| Deadline to identify experts and the subject | November 27, | January 8, 2014 |

Committee to the extent irreconcilable conflicts prevent a witness from being scheduled by December 13, 2013 provided however, except for good cause shown, that such extension shall not impact any other deadlines or dates in the timetable including the deadlines for noticing with respect to topics for and the scheduling of Representative Witness Depositions.

| Deadline | Current Date | Proposed Revised Date |
|---|---|---|
| matter of their reports | 2013 | |
| Representative Witness depositions | December 13, 2013 | January 8, 2014 to January 17, 2014 |
| Deadline for service of expert reports | December 20, 2013 | January 24, 2014 |
| Meet and confer to discuss foreign law experts | NA | No later than January 31, 2014 |
| Deadline for Discovery Groups to provide list of available dates of their experts to the Scheduling Committee | NA | 5pm (EST) on January 31, 2014 |
| Deadline to complete third party depositions | Due date of rebuttal expert reports | February 28, 2014 (solely for witnesses for whom process was started by Sept. 30, 2013 and except for good cause shown as per the current order) |
| Deadline for service of rebuttal expert reports | January 24, 2014 | February 28, 2014 |
| Preliminary pre-trial conference | Week of February 17, 2014 | Week of March 17, 2014 |
| Expert depositions | February 28, 2014 | March 17, 2014 to April 4, 2014 |
| Deadline to file a list of all witnesses and exhibits that each Core Party intends to rely upon as part of its direct case | March 6, 2014 | April 10, 2014 |
| Deadline to file:<br>• Pre-trial motions<br>• Pre-trial briefs<br>• All fact affidavits to be used in direct | March 14, 2014 | April 17, 2014 for service with filing on the following business day |



| Deadline | Current Date | Proposed Revised Date |
|---|---|---|
| case<br>• All exhibits to be used in direct case<br>• All deposition testimony to be used in direct case | | |
| Pre-trial conference | Week of March 17, 2014 (if the Courts desire) | Week of April 21, 2014 (if the Courts desire) |
| Beginning of Trial | April 1, 2014 | April 28, 2014 (or as soon thereafter as is convenient for the Courts) |

27. In addition to the foregoing time table changes, the following terms have also been agreed upon:

a) The Parties have agreed to provide several and flexible dates for their Representative Witnesses as well as expert witnesses;

b) The Parties shall meet and confer as soon as possible (but in any event no later than the week of December 16, 2013) with a view to attempting to reach consensus with respect to a proposal for the conduct of the trial, including the

i. material to be served/filed on April 10, 2014 and April 17, 2014;

ii. the feasibility of providing the Courts with a statement of agreed facts; and

iii. proposed length of the trial; and

c) On or before January 20, 2014, the US Debtors, Canadian Debtors/Monitor, the EMEA Debtors and the UK Pension Claimants shall submit (either jointly or separately) their proposals for the conduct of the trial to the Courts. Other Core Parties shall be entitled to file their own proposal on or before January 20, 2014 or,

alternatively they may file a joinder to indicate support of one or more of the proposals on or before January 27, 2014.

28. In the event that the Courts are inclined to grant the relief requested and set a start date for the Trial that is after April 28, 2014, the proposed Order contemplates that the Moving Parties may agree to adjustments in the timetable (provided that the start date does not change) in order to use any additional time. Once the proposed schedule is presented, other Core Parties will have a period of time to object to any changes which will be then either be resolved consensually or through order of the Court(s).

29. The Monitor and Applicants remain cognizant of the expressed desire of the Court that the parties adhere to the current timetable and resolve procedural differences without the significant time and expense required in seeking court direction. Although a delay in the commencement of the Trial at this point is not the first choice of the Monitor and the Applicants, they are hopeful the extra time will greatly assist in reducing the time and extent of the Representative Witness depositions as well as provide the parties with sufficient time to work towards resolution of remaining disputes related to the litigation process.

30. A significant term of the proposed amendments is the agreement by the parties to commit to meet and confer to discuss remaining deposition disputes as well as trial logistics. The Monitor and the Applicants believe that it is critical that imminent progress be made regarding the proposal for the conduct of the trial, including not insignificantly, the Parties' proposed length of the trial. The Monitor and the Applicants understand that any proposals will be subject to the review and approval of the Courts.

## MONITOR'S ANALYSIS AND RECOMMENDATIONS

31. The Monitor remains concerned about the significant costs occasioned by discovery efforts to date and will continue to work to streamline and advance the discovery process and Allocation Dispute in the most efficient and cost effective manner possible having regard to the overarching objective of successfully advancing the interests of the Canadian estate

in the Allocation Dispute. Although the proposed amendments to the Allocation Dispute Orders contemplate a postponed commencement of the Trial, the Monitor is hopeful the added time will reduce the number of ongoing disputes and allow for, in particular, the Representative Witness examinations to be conducted in a more streamlined and efficient fashion.

32. For the reasons outlined in this One-Hundredth Report, the Monitor, jointly with the Applicants, U.S. Debtors, EMEA Debtors/Joint Administrators, UK Pension Claimants and CCC request the relief set out herein.

All of which is respectfully submitted this 14th day of November, 2013.

**ERNST & YOUNG INC.**
**In its capacity as Monitor of the Applicants**
**and not in its personal capacity**

Per:

**Murray A. McDonald**
**President**

## APPENDIX A – LITIGATION TIMETABLE AND DISCOVERY PLAN ORDER

Court File No: 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| **THE HONOURABLE MR. JUSTICE MORAWETZ** | ) ) ) ) | **WEDNESDAY, THE 15TH DAY OF MAY, 2013** |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION (the "Canadian Debtors")**

COURT OF JUSTICE SUPÉRIEURE DE JUSTICE

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**ORDER**
**(Allocation Protocol – Litigation Timetable and Discovery Plan)**

**WHEREAS** this Court approved an allocation protocol (the "**Allocation Protocol**") pursuant to an Order (Allocation Protocol) dated April 3, 2013.

**WHEREAS** pursuant to an Endorsement of this Court dated April 17, 2013, a joint hearing was convened between this Court and the United States Bankruptcy Court for the District of Delaware to consider a litigation timetable and discovery plan in connection with the Allocation Protocol, which hearing was heard on April 24, 2013.

**ON HEARING** the submissions of counsel for the Canadian Debtors, Ernst & Young Inc. in its capacity as monitor of the Canadian Debtors (the "**Monitor**"), the members of the

Canadian Creditors Committee, the Joint Administrators of Nortel Networks UK Limited and the other EMEA Debtors, the Trustee of the Nortel Networks UK Pension Trust Limited and the Board of the UK Pension Protection Fund, the former directors and officers of Nortel Networks Corporation and Nortel Networks Limited, Nortel Networks Inc. and certain of its affiliates in US Chapter 11 bankruptcy proceedings, Wilmington Trust, National Association, the Bank of New York Mellon, the Informal Nortel Noteholders Group, the Official Committee of Unsecured Creditors of the US Debtors, and Law Debenture Trust Company of New York, this Court having issued an Endorsement dated May 3, 2013.

1. **THIS COURT ORDERS** that the litigation timetable and discovery plan appended as Schedule "A" to this Order (the "**Litigation Timetable and Discovery Plan**") be implemented.

2. **THIS COURT ORDERS** that the Canadian Debtors and the Monitor are authorized to take all steps necessary to carry out and give effect to the Litigation Timetable and Discovery Plan.

ENTERED AT / INSCRIT A TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

MAY 16 2013

61

**SCHEDULE "A"**
**(Litigation Timetable and Discovery Plan)**

US Interests and EMEA Debtors' Proposed Litigation Timetable as of May 15, 2013

## LITIGATION TIMETABLE

Pursuant to the US Court's and Canadian Court's Orders approving the Allocation Protocol, the Cross-Border Protocol, and the Cross-Border Claims Protocol, it is hereby ordered:[1]

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| May 16 by noon E.D.T. | Any Core Party who wishes to participate in the Allocation dispute shall serve a pleading or opening submission styled "Allocation Position of [•]" which will set out with reasonable particularity the relief sought with respect to allocation, the material facts relied upon and legal bases for the allocation position being advanced by that Core Party by noon E.D.T. on May 16, 2013 and file the same within the next business day. | The US Claims Defendant Group shall file and serve their responses to the US Claims. | Deadline for the U.K. Pension Claimants to deliver their affirmative pleading (which may be deemed by them to serve as their Dispute Notices) setting forth, with reasonable particularity, the relief sought, material facts relied upon and legal bases for their claims and the grounds upon which they seek to challenge their disallowance. |
| May 17 | Any Core Party may serve a joinder before May 17 and file the same within the next business day, provided that the joinder does not advance any new legal bases and does not rely on new material facts. | | |

[1] Capitalized terms shall have the meaning ascribed to them in the Allocation Protocol and Annex A attached hereto.

63

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| May 17 | The Discovery Participants shall aim to reach agreement on a Confidentiality Stipulation and Protective Order as soon as possible. To the extent the Discovery Participants are unable to agree on a Confidentiality Stipulation and Protective Order, May 17 is the deadline for the Discovery Participants to file their versions of the Confidentiality Stipulation and Protective Order with the Courts. | | |
| May 22 | Deadline for service of limited and specific requests for production of non-privileged documents in accordance with the Discovery Plan by each of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, and the Bondholder Allocation Group. | Deadline for service of limited and specific requests for production of non-privileged documents in accordance with the Discovery Plan by each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group. | Deadline for service of limited and specific requests for production of non-privileged documents in accordance with the Discovery Plan by each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group. |
| May 22 | Deadline for service of Identification Interrogatories in accordance with the Discovery Plan by each of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, and the Bondholder Allocation Group, without prejudice to an Allocation Group's right to later serve contention interrogatories, as to be discussed and/or resolved by the Courts. | Deadline for service of Identification Interrogatories in accordance with the Discovery Plan by each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group, without prejudice to a US Claim Party's right to later serve contention interrogatories, as to be discussed and/or resolved by the Court. | Deadline for service of Identification Interrogatories in accordance with the Discovery Plan by each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group, without prejudice to a Canadian Claim Party's right to later serve contention interrogatories, as to be discussed and/or resolved by the Court. |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| May 24 | Deadline for Core Party who is not in one of the Discovery Groups, and who seeks to serve document requests and/or interrogatories that are non-duplicative of those document requests and/or interrogatories already served by the Allocation Groups, to seek leave of the Court to serve such non-duplicative document requests and/or interrogatories if prior to this time, such Core Party has been unable to reach agreement with the Core Party on whom it seeks to serve the non-duplicative document requests and/or interrogatories after meeting and conferring with such Core Party in good faith. | | |

65

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| May 29 | The US Debtors, UCC, EMEA Debtors, Joint Administrators, Canadian Debtors, Monitor, Bondholder Group, and any other Core Party who filed an opening submission may each file and serve a response to any opposing Core Party's opening submission or designate its opening submission as a cross-response. Each of the responses may be made individually, jointly, and/or by joining another Core Party's response. | | With respect to the Canadian Claims, each Disputing Creditor shall receive from the Monitor and the Canadian Debtors, by May 29, 2013, a response to such Disputing Creditor's Affirmative Pleading setting forth, with reasonable particularity, the grounds for the disallowance, the material facts relied upon and the legal bases for the disallowance. |
| June 3 | Deadline for supplemental document requests and identification interrogatories related to new issues raised in responsive submissions. | | |
| June 6 | In-person meet and confer between the Discovery Participants regarding the discovery requests and interrogatories served, procedures governing the production of documents, deposition procedures, and any other issues that have arisen thereof. | | |
| June 10 | Deadline for responses and objections to document requests and objections to interrogatories in accordance with the Discovery Plan. | | |
| June 10 | Subject to any objections, deadline for the recipients of document requests to commence the rolling production of documents in accordance with the Discovery Plan. | | |
| July 3 | Date by which parties served with document requests must certify to parties requesting their documents substantial progress with regard to production of documents. | | |
| July 22 | Date by which parties served with document requests must certify to parties requesting their documents substantial completion with regard to production of documents. | | |

66

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| July 24 | Deadline for identification by each Core Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other Core Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Core Party's previously filed affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. | Deadline for identification by each US Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other US Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that US Claim Party's previously filed affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. | Deadline for identification by each Canadian Claim Party of (i) its anticipated affiants as (non-expert) trial witnesses without prejudice to later identification, provided that other Canadian Claim Parties have an opportunity to depose such witnesses before trial, and (ii) for designations of which (if any) of that Canadian Claim Party's previously filed affidavits/witness statements are being relied upon as evidence at trial in accordance with the Discovery Plan. |
| July 26 | Deadline to file motions to compel and/or motions for a protective order with respect to document discovery. Notwithstanding this deadline, when a dispute arises, the affected Discovery Participants shall promptly attempt to resolve any discovery disputes in good faith and once an impasse is reached, file any motions with the relevant Court(s) promptly. | | |
| July 26 | Deadline for each of the Canadian Allocation Group, the EMEA Allocation Group, and the US Allocation Group to serve on any opposing Core Party the topics on which that Core Party's representative is to be examined or deposed in accordance with the Discovery Plan. | Deadline for each of the US EMEA Claimants Group, the UK Pension Claimants, and the US Claims Defendant Group to serve on any opposing Claim Party and/or a member of the Canadian Claims Defendant Group the topics on which that Claim Party's representative is to be deposed pursuant to Rule 30(b)(6) in accordance with the Discovery Plan. | Deadline for each of the Canadian EMEA Claimants Group, the UK Pension Claimants, and the Canadian Claims Defendant Group to serve on any opposing Claim Party and/or a member of the US Claims Defendant Group the topics on which that Claim Party's representative is to be examined in accordance with the Discovery Plan. |

67

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| July 29 | Deadline for parties to designate witnesses to be examined or deposed, subject to later additions for the reasons set forth in the Discovery Plan. Each of (1) the Canadian Allocation Group and the Canadian Claims Defendant Group together; (2) the EMEA Allocation Group, the US EMEA Claimants Group, the Canadian EMEA Claimants Group, and the UK Pension Claimants together; and (3) the US Allocation Group and the US Claims Defendant Group together may designate a limited number of fact witnesses for examination or deposition in accordance with the Discovery Plan. Parties are encouraged to identify witnesses as early as possible in order to facilitate scheduling. | | |
| August 2 | Deadline for each Core Party that is timely served with a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure to identify its representative for oral examination or deposition. | Deadline for each US Claim Party (other than the Committee) that is timely served with a request under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure to identify its representative for deposition. | Deadline for each Canadian Claim Party that is timely served with a request under Rule 34.04 of the Ontario Rules of Civil Procedure to identify its representative for an oral examination. |
| August 5 | In-person meet and confer between the Discovery Participants regarding witnesses to be deposed or examined, deposition procedures and any other issues that have arisen. | | |
| September 13 | Deadline to identify experts and the subject matter of their reports in accordance with the Discovery Plan. | | |

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| September 27 | Deadline to complete witness depositions in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to any representative party examinations or Rule 30(b)(6) depositions. | Deadline to complete witness depositions in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to any Rule 30(b)(6) depositions. | Deadline to complete witness depositions and cross examinations on previously filed affidavits/witness statements being tendered as evidence for trial (with any undertakings to be answered within three weeks of each examination), in accordance with the Discovery Plan, with a preference to finish fact witness depositions prior to representative party examinations. |
| October 4 | Deadline for service of expert reports (including exhibits) in accordance with the Discovery Plan. | | |
| November 1 | Deadline for service of responding experts' reports (including exhibits) in accordance with the Discovery Plan. | | |
| Week of November 11 | Preliminary pre-trial conference. | | |
| December 6 | Deadline to complete depositions of experts in accordance with the Discovery Plan. | | |
| December 9* | Deadline to file a list of all witnesses and exhibits that each Discovery Participant intends to rely upon as part of its direct case. | | |
| December 13* | Deadline to file pre-trial motions. | | |

* All dates for pre-trial submissions are subject to modification by the Courts at the preliminary pre-trial conference.

C09

<table>
<tr><th>Due Date 2013</th><th>Step in Allocation</th><th>Step in US Claims</th><th>Step in Canadian Claims</th></tr>
<tr><td>December 13*</td><td colspan="3">Deadline for filing of opening written submissions with the Courts. The content of such submissions will include:<br><br>a) Pre-trial briefs;<br><br>b) All fact affidavits to be used as direct testimony;<br><br>c) All exhibits to be used in a Discovery Participant's direct case; and<br><br>d) All deposition testimony to be used in a Discovery Participant's direct case.</td></tr>
<tr><td>Week of December 16,* if the Courts desire</td><td>Pre-Trial Conference(s) –<br><br>By this date, the Core Parties shall have met and conferred with an effort to reach agreement on:<br><br>a) the undisputed facts to be agreed upon for trial; and<br><br>b) the contents of document briefs for use at the Joint Hearing/ the exhibits for use at the Joint Hearing.<br><br>All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis.</td><td>Pre-Trial Conference(s) –<br><br>By this date, the US Claim Parties and the Canadian Claims Defendant Group shall have met and conferred with an effort to reach agreement on:<br><br>a) the undisputed facts to be agreed upon for trial; and<br><br>b) the exhibits for use at the Joint Hearing.<br><br>All Nortel documents produced by a Discovery Participant to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis.</td><td>Pre-Trial Conference(s) –<br><br>By this date, the Canadian Claim Parties and the US Claims Defendant Group shall have met and conferred with an effort to reach agreement on:<br><br>a) the undisputed facts to be agreed upon for trial; and<br><br>b) the contents of document briefs for use at the Joint Hearing.<br><br>All Nortel documents produced by a Core Party to be deemed admissible without proof of authenticity, integrity of the chain of possession or the integrity of the system of storage and retrieval unless objected to by this date on a particularized and document-by-document basis.</td></tr>
</table>

| Due Date 2013 | Step in Allocation | Step in US Claims | Step in Canadian Claims |
|---|---|---|---|
| Begins January 6, 2014 | The US and Canadian courts will (a) hold simultaneously (i) hearings before the US and Canadian courts regarding Allocation, (ii) hearings before the US Court on the merits of any remaining US Claims, and (iii) hearings before the Canadian Court on the merits of any remaining Canadian Claims, provided, however, that the US and Canadian Courts, in their discretion, may sit separately for portions of such hearings to hear evidence or argument that is relevant to only the US Claims or only the Canadian Claims, and (b) issue their respective decisions on (i), (ii), and (iii). The trial will begin with the Allocation issues and continue thereafter with remaining issues to be addressed in this Allocation Protocol, including EMEA Claims and UK Pension Claims. | | |
| Any date in this Litigation Timetable may be amended by the written agreement of all Core Parties, submitted to the US Court through the filing of a certification of counsel and to the Canadian Court through the filing of a letter from the Monitor to Justice Morawetz on notice to the Core Parties. Any Core Party may also file a motion with the applicable Court or Courts to modify this Litigation Timetable upon a showing of good cause. | | | |

71

**ANNEX A**

**DEFINITIONS**

Capitalized terms used in this Litigation Timetable but not otherwise defined in this Annex A shall have the meanings ascribed to them in the Allocation Protocol.

Allocation Group: Any of the Canadian Allocation Group, the EMEA Allocation Group, the US Allocation Group, or the Bondholder Allocation Group.

Bondholder Allocation Group: The Bondholder Group.

Canadian Allocation Group: The Canadian Debtors, the Monitor, and the CCC.

Canadian Claim Party: Any party in the Canadian EMEA Claimants Group or the Canadian Claims Defendant Group, or the UK Pension Claimants.

Canadian Claims: Claims made by the Canadian EMEA Claimants Group and the UK Pension Claimants against any or all of the Canadian Debtors.

Canadian Claims Defendant Group: The Canadian Debtors against whom the Canadian EMEA Claimants Group and the UK Pensions Claimants have brought claims, the Directors and Officers (but only with respect to claims of the Canadian EMEA Claimants Group), and the Monitor.

Canadian EMEA Claimants Group: The EMEA Debtors and/or the Joint Administrators or any other administrator of an EMEA Debtor who made claims against any or all of the Canadian Debtors or Directors and Officers, and the UK Pension Claimants who made claims against NNC and NNL. Cosmé Rogeau, who has been appointed Liquidator for Nortel Networks SA under French secondary proceedings, acts jointly with the Joint Administrators with respect to Nortel Networks SA.

Claim Group: Any of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, the Canadian Claims Defendant Group, or the UK Pension Claimants.

Discovery Participant: Any Core Party or party of the US EMEA Claimants Group, the US Claims Defendant Group, the Canadian EMEA Claimants Group, or the Canadian Claims Defendant Group who is participating in discovery pursuant to the Discovery Plan.

Discovery Plan: The Discovery Plan that will be entered by the Courts.

72

Disputing Creditor: Any party who has delivered an Affirmative Pleading to dispute the disallowance of its claim by the Monitor and the Canadian Debtors, which shall be deemed to include the EMEA Debtors.

EMEA Allocation Group: The UK Pension Claimants, the EMEA Debtors (including Nortel Networks International Finance & Holding BV as behalf of itself and as assignee of Nortel Networks o.o.o.), and Nortel Networks Optical Components Ltd., Nortel Networks AS, Nortel Networks AG, Nortel Networks South Africa (Pty) Limited, and Nortel Networks (Northern Ireland) Limited. Cosmé Rogeau, who has been appointed Liquidator for Nortel Networks SA under French secondary proceedings, acts jointly with the Joint Administrators with respect to Nortel Networks SA.

Identification Interrogatories: Interrogatories seeking identification of (i) the names, roles and last known contact information of witnesses with knowledge of information relevant to the subject matter of Allocation, EMEA Claims or UK Pension Claims, (ii) information sufficient to identify transactions upon which any positions, claims, and/or defenses of the recipient of the interrogatory rely. An interrogatory seeking the names of multiple individuals or transactions shall be considered one interrogatory for purposes of any numerical limit on the number of interrogatories.

Representatives: Directors, officers, employees, attorneys, accountants, experts, consultants, financial advisors, or agents of any of the Core Parties, US Claim Parties, or Canadian Claim Parties.

U.K. Pension Claimants: Nortel Networks UK Pension Trust Limited and the Board of the Pension Protection Fund.

US Allocation Group: The US Debtors and the Committee.

US Claims: Claims made by the US EMEA Claimants Group and the UK Pension Claimants against any or all of the US Debtors.

US Claims Defendant Group: The US Debtors against whom the US EMEA Claimants Group and the UK Pension Claimants have brought claims and the Committee.

US EMEA Claimants Group: The EMEA Debtors and/or Joint Administrators or any other administrator or liquidator of an EMEA Debtor who made claims against any or all of the US Debtors, Nortel Networks AS, Nortel Networks South Africa (Proprietary) Limited, Nortel Networks AG, Nortel Networks Optical Components Limited, Northern Telecom France SA, Northern Telecom PCN limited. Cosmé Rogeau, who has been appointed Liquidator for Nortel Networks SA under French secondary proceedings, acts jointly with the Joint Administrators with respect to Nortel Networks SA.

US Claim Party: Any party in the US EMEA Claimants Group or the US Claims Defendant Group, or the UK Pension Claimants.

# DISCOVERY PLAN

| | |
|---|---|
| **1. Definitions** | Capitalized terms used herein and not otherwise defined shall have the meaning ascribed in the Allocation Protocol or Litigation Timetable. |
| **2. Applicable Procedural Regime:** | In accordance with the Cross Border Protocol, the Cross-Claims Protocol and the Allocation Protocol, the following procedural regimes apply:<br><br>(1) With respect to Allocation, the Cross-Border, Cross-Claims and Allocation Protocols apply to the extent not inconsistent with this Discovery Plan, and the Commercial List Practice Direction and the *Rules of Civil Procedure* for Ontario, and the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware will apply as applicable.<br><br>(2) With respect to US Claims, the Cross-Border and Cross-Claims Protocols apply to the extent not inconsistent with this Discovery Plan, and the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware will apply as applicable.<br><br>(3) With respect to Canadian Claims, the Cross-Border Protocol, the Cross-Claims Protocols, the Claims Resolution Order, and the EMEA Claims Procedure Order apply to the extent not inconsistent with this Discovery Plan, and the Commercial List Practice Direction and the *Rules of Civil Procedure* for Ontario will apply as applicable. |
| **3. Scope of Documentary Discovery Among Discovery Participants:** | *a) Definition of Documents*<br><br>References to "Documents" are intended to cover any record that contains any type of information or data in any form and includes everything within the definition of "document" contemplated by Rule 30.01(a) of the Rules of Civil Procedure for Ontario and/or the types of documents contemplated by Rule 34 of the Federal Rules of Civil Procedure.<br><br>*b) Reasonably Accessible Documents and Proportionality*<br><br>No Discovery Participant will be required to search data sources, including applications and databases, that it reasonably understands to already be in the possession, custody, or control of the Allocation Group or Claim Group making the request, provided that a Discovery Participant shall enumerate in its response to a discovery request any data sources that are not being searched on this ground. |

74

Each Discovery Participant will only be required to search reasonably accessible data. A Discovery Participant who believes that responsive materials are reasonably likely to be found in a decommissioned application or in storage media that cannot be accessed without considerable burden, time or expense shall give prompt notice of this in its response to a document request, and shall meet and confer in good faith with the requesting party or parties regarding the cost and practicality of accessing such responsive materials giving attention to the principle of proportionality.

A Discovery Participant shall not be required to re-produce a document that has already been produced by another Discovery Participant and the same document shall not be required to be produced by more than one Discovery Participant.

In light of the volume of the Debtors' hard-copy documents maintained in off-site storage facilities, and the abundance of available and overlapping electronic data, no Discovery Participant will be obligated to search such hard-copy documents, and rather will produce indices of such hard-copy documents (to the extent they exist) with their responses to any document request and shall meet and confer in good faith with the requesting party or parties regarding hard-copy documents that will be made available for inspection upon request. If any such documents inspected are copied for any requesting party, all other parties shall be notified and copies shall be provided to all parties at their own expense. If any party creates an electronic version of those documents, that party shall be responsible for loading the electronic version of the document(s) onto the Merrill Lextranet database in accordance with Schedule A hereto to the extent reasonable and not overly burdensome.

*c) Previously Produced Documents*

Documents produced into the Merrill Lextranet database ("Mediation Dataroom") for the purpose of the several mediations in this proceeding may be treated as having been produced in the Allocation, US Claims and Canadian Claims litigation, and any Discovery Participant that does not already have such documents shall be provided access to this Merrill Lextranet database, subject to an appropriate confidentiality, protective and/or sealing orders from the Court(s) and a provision allowing the Discovery Participants to clawback any privileged documents that may have been produced in the mediation context or that may be inadvertently produced under this Discovery Plan. Any Discovery Participant may request the load files for the Mediation Dataroom containing metadata from Merrill in order to facilitate loading such documents on a review platform of their choosing.

*d) No Waiver of Privilege*

The fact that a document has been produced by any Discovery Participant shall not be deemed to be an admission of relevance, nor an automatic waiver of privilege where a document has been, or is, produced inadvertently and/or under circumstances where the producing party did not intend to waive privilege (for itself or any other Discovery Participant who asserts privilege over the document), and any Discovery Participant who asserts privilege over the document may ask that it be clawed back under a procedure to be provided for in a confidentiality or protective order.

*f) Document Requests*

**By no later than May 22, 2013**

For Allocation, each Allocation Group shall be entitled to serve limited reasonable requests for production of non-privileged documents, such requests to represent the coordinated effort of all Discovery Participants within the Allocation Group, on each opposing Discovery Participant; provided that the Bondholder Group, prior to making such requests, shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, to avoid duplication and undue burden. The Discovery Participants who do not belong to any Allocation Group may suggest inclusions in the document requests of an Allocation Group with similarly aligned interests. Further, such Discovery Participants who do not belong to an Allocation Group will have until May 24, 2013 to seek agreement with a Discovery Participant from whom it seeks documents and, failing agreement, to seek leave of the Courts to make additional document requests if it believes in good faith that such requests are necessary and non-duplicative.

For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group shall be entitled to serve limited and specific requests for production of non-privileged documents on each opposing US Claim Party. The US Claims Defendant Group and the Bondholder Group shall confer on such requests. In addition, the EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group shall be entitled to serve limited and specific requests for production of non-privileged documents on the Canadian Debtors, provided that any disputes are resolved by Canadian Court where the Canadian Debtors are the recipient of the disputed document request and by the US Court where the US Debtors are the recipient of the disputed document request. The Canadian and US Debtors' agreement to accept such discovery requests does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve limited and specific requests for production of non-privileged documents on each opposing Canadian Claim Party. The Canadian Claims Defendant Group and the Bondholder Group shall confer on such requests. In addition, the EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve limited and specific requests for production of non-privileged documents on the US Debtors, provided that any disputes are resolved by Canadian Court where the Canadian Debtors are the recipient of the disputed document request and by the US Court where the US Debtors are the recipient of the disputed document request. The Canadian and US Debtors' agreement to accept such discovery requests does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

Discovery Participants will work in good faith to eliminate duplication and redundancy between Allocation document requests and US Claims/Canadian Claims document requests. Further, either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to serve additional document requests upon a showing of good cause.

*g) Interrogatories*

**By no later than May 22, 2013**

For Allocation, each Allocation Group shall be entitled to serve a limited number of reasonable Identification Interrogatories, such interrogatories to represent the coordinated effort of all Discovery Participants within the Allocation Group, on each opposing Discovery Participant; provided that the Bondholder Group, prior to serving such interrogatories, shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, to avoid duplication and undue burden. The Discovery Participants who do not belong to any Allocation Group may suggest inclusions in the interrogatories of an Allocation Group with similarly aligned interests. Further, such Discovery Participants who do not belong to an Allocation Group will have until May 24, 2013 to seek agreement with a Discovery Participant on whom it wishes to serve interrogatories and, failing agreement, to seek leave of the Courts to serve additional interrogatories if it believes in good faith that such interrogatories are necessary and non-duplicative.

For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and US Claims Defendant Group shall be entitled to serve a limited number of reasonable Identification Interrogatories on each opposing US Claim Party. The US Claims Defendant Group and the

Bondholder Group shall confer on such interrogatories. In addition, the EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group shall be entitled to serve a limited number of reasonable Identification Interrogatories on the Canadian Debtors, provided that any disputes are resolved by Canadian Court where the Canadian Debtors are the recipient of the disputed interrogatory and by the US Court where the US Debtors are the recipient of the disputed interrogatory. The Canadian and US Debtors' agreement to accept such interrogatories does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve a limited number of reasonable Identification Interrogatories on each opposing Canadian Claim Party. The Canadian Claims Defendant Group and the Bondholder Group shall confer on such interrogatories. In addition, the EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group shall be entitled to serve a limited number of reasonable Identification Interrogatories on the US Debtors, provided that any disputes are resolved by Canadian Court where the Canadian Debtors are the recipient of the disputed interrogatory and by the US Court where the US Debtors are the recipient of the disputed interrogatory. The Canadian and US Debtors' agreement to accept such interrogatories does not constitute submission to jurisdiction or a waiver of rights or defenses for any other purpose.

Discovery Participants will work in good faith to eliminate duplication and redundancy between Allocation interrogatories and US Claims interrogatories. Further, either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to serve additional Identification Interrogatories upon a showing of good cause.

The availability of contention interrogatories shall be decided by mutual agreement among the Discovery Participants at a later date, and, failing agreement, by the Court(s).

*h) Responses and Objections*

**By no later than June 10, 2013**

When objecting to any discovery request, the recipient of such discovery requests shall state the basis for objection, which may be made on any ground provided in the rules of the Applicable Procedural Regime set forth in section 2. Recipients are strongly encouraged to prepare joint objections to the same document request or interrogatories to the extent

their objections overlap.

*i) Production of Documents*

**Rolling Productions of Documents Shall Commence June 10, 2013 and Shall Be Completed by July 22, 2013:**

Subject to any objections made and sustained if challenged (see motions procedure below), each recipient of a document request shall produce any responsive non-privileged documents to any request made of it to all Discovery Participants by producing such documents into the Merrill Lextranet database (to the extent they overlap, responses to multiple requests may be combined or cross-referenced to each other to avoid duplication). The producing Discovery Participant shall promptly notify all Discovery Participants of the Docid range of each production.

In this same time frame, each Discovery Participant shall produce any further documents that they intend to rely upon at trial that are not already part of the mediation productions or responsive productions.

*j) Motions to Compel Document Production*

**Motions to Compel Document Productions Must Be Filed by July 26, 2013**

Any Discovery Participant who served document requests and who seeks to compel production of a document must do so only after meeting and conferring in good faith with the Discovery Participant against whom a motion is contemplated, and thereafter by serving a motion with supporting material, including legal argument/submissions, returnable in the applicable Court on seven business days notice on all Discovery Participants, and must establish that the ground for objection is not valid and that their position will be prejudiced in the absence of the response requested. The Discovery Participant whose objection is challenged shall respond to this motion within four business days and any other Discovery Participant whose interests are affected by the request may serve a supplementary response within two business days thereafter.

Notwithstanding this deadline, whenever a discovery dispute arises, the affected Discovery Participants shall promptly attempt to resolve the dispute in good faith and, if an impasse is reached, file any motions with the relevant Court(s) promptly.

*k) Privilege Logs*

Should a Discovery Participant withhold any document based on a claim of privilege or work product protection, the producing party shall provide a privilege log containing details about the category of documents

79

| | |
|---|---|
| | withheld, including at least the following information for each category: (a) the discovery participant asserting the privilege; (b) the subject matter of the category; (c) the date range; and (d) the author(s) and other recipients, which may be grouped by employer (such as Nortel entity or advisor or law firm). Discovery Participants may request additional information regarding categories on the privilege log in order to assess the basis for withholding and shall meet and confer on the same.<br><br>The following documents, to the extent created after the commencement of the bankruptcy proceedings, presumptively need not be included on a privilege log: (a) communications exclusively between a Discovery Participant and its outside counsel or (b) work product created by outside counsel and/or such counsel's agents.<br><br>Responsive documents which are jointly privileged as to two or more of the Discovery Participants shall be produced, but only to those Discovery Participants with whom the joint privilege is shared. |
| **4. Format of Production of Electronic Records** | For each electronic document, the responding party shall provide the metadata specified in Schedule A, but only to the extent they can reasonably be extracted or otherwise provided in a delimited text file. |
| **5. Trial Witness Identification** | **By no later than July 24, 2013**<br><br>Each Discovery Participant shall identify any fact (non-expert) witnesses it anticipates calling or presenting testimony of at trial, by name, employer, title and functional role held during the time period relevant to their anticipated testimony. A Discovery Participant may identify trial witnesses not previously identified on good faith at a later date provided that any opposing Allocation Group or Claim Group has had or will have a reasonable opportunity to depose the later-identified witness before trial, regardless of the fact discovery cut-off or number of depositions taken.<br><br>Any Discovery Participant that has previously filed an affidavit or witness statement in the context of this litigation (the Ontario and Delaware proceedings) may also, at its option, choose to designate that evidence to be tendered at trial as long as the witness will be made available to be deposed and appears at trial for cross-examination. |
| **6. Oral Examinations Or Depositions** | *a) Examinations of Representatives/ 30(b)(6) Depositions*<br><br>**By no later than July 26, 2013**<br><br>For Allocation, each Allocation Group (other than the Bondholder Allocation Group) may serve a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States |

Federal Rules of Civil Procedure on the solicitors or counsel of record for any opposing Discovery Participant specifying the topics, if any, on which that other Discovery Participant's representative(s) is to be examined/deposed. The Bondholder Allocation Group shall consult with the Canadian Allocation Group and the US Allocation Group regarding any requests under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure it would like the US Allocation Group and the Canadian Allocation Group to serve on other Discovery Participants in accordance with the foregoing. In the event that Canadian Allocation Group and the US Allocation Group do not agree to serve such requests, the Bondholder Allocation Group may seek leave of the Court or Courts, as applicable, by motion on notice to serve its own requests for examination under Rule 34.04 of the Ontario Rules of Civil Procedure and/or depositions under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure.

For US Claims, each of the US EMEA Claimants Group, the UK Pension Claimants and the US Claims Defendant Group may each serve a request under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure on the counsel of record for any opposing US Claim Party specifying the topics, if any, on which the US Claim Party's representative is to be deposed. The US Claims Defendant Group and the Bondholder Group shall confer on such requests.

For Canadian Claims, each of the Canadian EMEA Claimants Group, the UK Pension Claimants and the Canadian Claims Defendant Group may each serve a request under Rule 34.04 of the Ontario Rules of Civil Procedure on the solicitors/counsel of record for any opposing Canadian Claim Party specifying the topics, if any, on which the Canadian Claim Party's representative is to be examined/deposed. The Canadian Claims Defendant Group and the Bondholder Group shall confer on such requests.

Use of (Discovery) Answers at Trial

Testimony of representatives proffered in response to requests under Ontario Rule 31.03 and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure may be used as evidence at trial only by Discovery Participants whose interests are adverse to those of the proffering Discovery Participants on the issue for which the evidence is being used.

**By no later than August 2, 2013**

Each Discovery Participant served with a request under Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure shall designate a representative(s)

(who may, but is not required to be, a current or former officer, director or employee of that Discovery Participant) to be offered to be examined/deposed as though Rule 31.03 of the Ontario Rules of Civil Procedure applied and/or under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure as applicable. All Discovery Participants shall have the right to attend such examinations/depositions.

A Discovery Participant may designate its party representative(s) under Rule 34.04 of the Ontario Rules of Civil Procedure as its witness(es) under Rule 30(b)(6) of the United States Federal Rules of Civil Procedure for a single examination/deposition of each such witness(es).

*b) Oral Examinations/ Deposition of Fact Witnesses:*

**By no later than July 29, 2013**

In addition to the aforementioned examinations/depositions pursuant to Rule 34.04 of the Ontario Rules of Civil Procedure and/or Rule 30(b)(6) of the United States Federal Rules of Civil Procedure, each Allocation Group and each Claim Group shall serve by this date notices stating the witnesses it wishes to examine or depose (which may include third parties, persons subject to the control of a Discovery Participant or both and which may be persons who have been identified as trial witnesses by another Discovery Participant, and any persons whose previously filed affidavits/witness statements have been designated by a Discovery Participant as trial evidence) in order to obtain factual information/admissions relevant to Allocation, US Claims or Canadian Claims. Each witness shall be named and his/her place of residence (if known) shall be identified. The parties shall meet as soon as practicable after this date to confer and attempt to reach agreement on the list of witnesses to be deposed and the time for examination of each witness by each party. In the absence of agreement this shall be submitted to the relevant Court(s) for decision. The attorneys for the US Debtors, the Canadian Debtors and the EMEA Debtors agree to accept requests under Rule 34.04 of the Ontario Rules of Civil Procedure and Depositions Notices the United States Federal Rules of Civil Procedure seeking to depose or examine persons under the control of their clients. All parties agree to cooperate in good faith in attempts to locate and obtain testimony from persons not under the control of any party, including through issuance of compulsory process, letters of request and other available procedures, except that no party shall be required to commence proceedings or pursue other procedures to secure testimony from witnesses that are not in its control and from which that party does not seek testimony.

The Bondholder Group shall consult with the Canadian Allocation Group and the US Allocation Group, as applicable, regarding any fact witnesses

it seeks to examine/depose. In the event that the Canadian Allocation Group and the US Allocation Group do not intend to designate such fact witnesses that the Bondholder Group seeks to designate, the Bondholder Group may seek leave of the Court or Courts, as applicable, by motion on notice to designate such fact witnesses.

Either by agreement or, failing such an agreement, by order of the appropriate Court or Courts, an Allocation Group or Claim Group may obtain leave to designate additional fact witnesses upon a showing of good cause.

**All examinations/depositions to be completed by no later than September 27, 2013**

The relevant parties shall meet and confer and attempt to agree on the fact witnesses to be examined/deposed and on an examination/deposition schedule that contemplates the completion of all witness examinations/depositions (including any examinations/depositions for testimony preservation that the Court(s) may have granted leave to conduct) in this time frame that reflects the practicalities of examining/deposing each witness (having regard to the number of Discovery Participants examining/deposing, the subject matter of the examinations/depositions, the available time for completion of all examinations/depositions and the residence of the witness). All Discovery Participants shall have the right to attend such examinations/depositions.

The relevant parties will attempt to schedule depositions with a preference to finish fact witness depositions prior to any representative party examinations or Rule 30(b)(6) depositions.

*c) Use of Examinations/Depositions at Trial*

Designated portions of any examination/deposition may be filed as part of the evidence that any Discovery Participant may rely upon at trial in accordance with the usual rules that apply in the Canadian and US Courts, respectively.

83

**7. Experts**

**By no later than September 13, 2013**

Each Discovery Participant that intends to rely on the opinion evidence of a qualified expert shall identify the name of its intended expert(s) and the subject matter of their expertise and intended evidence.

**By no later than October 4, 2013**

Each Discovery Participant shall deliver an affidavit or report from their identified expert(s) setting out his/her findings, opinions and conclusions and identifying all documents/factual evidence relied upon in attached exhibits or by Bates number if previously produced, and containing the disclosures required by the Applicable Procedural Regime set forth in section 2.

Any Discovery Participant that has previously filed an affidavit or report from an expert in the context of this litigation (the Ontario and Delaware proceedings) may, at its option, choose to designate that as part of their expert evidence at trial, provided that the expert will be made available to be examined/deposed and appears at trial as set out below. If not so designated, those previously filed affidavits and/or reports shall not constitute part of the evidence at trial.

Promptly after the submission of initial expert affidavits or reports, the Discovery Participants shall attempt to agree upon an expert examination/deposition schedule so that depositions can commence by November 8, 2013.

**By no later than November 1, 2013**

Each Discovery Participant shall have the right to deliver an affidavit or report from an expert, including a newly identified rebuttal expert, in response to one received by another Discovery Participant that addresses an issue that is adverse to the Discovery Participant's position in the Allocation, US Claims, or Canadian Claims litigation. Responses shall be permitted even if the Discovery Participant did not initially tender an expert's affidavit, if an issue is raised by an expert whose evidence is tendered by another Discovery Participant that calls for response. Responsive reports shall be limited to responding to issues on which an affirmative expert report has been proffered and shall not go beyond such issues.

**By no later than December 6, 2013**

As soon as practicable, the Discovery Participants shall meet and confer and attempt to agree on a schedule that contemplates the completion of all expert witness examinations/depositions between November 8, 2013 and December 6, 2013 that reflects the practicalities of examining/deposing

| | |
|---|---|
| | each witness (having regard to the number of parties examining/deposing, the subject matter of the examinations/depositions, the available time for completion of all examinations/depositions and the residence of the witness). All Discovery Participants shall have the right to attend such depositions.<br><br>A Discovery Participant may request that any expert be present at trial for cross-examination, and the affidavit or report of any expert not appearing at trial if requested to appear cannot be filed as evidence unless agreed to by all Discovery Participants adverse to the expert's position.<br><br>The affidavits and/or reports shall be filed as evidence with the court at the trial, subject only to cross-examination at trial and any applicable objections that may be made and determined at the outset of the trial and directions or rulings from the Court(s) arising therefrom. The Discovery Participant proffering the expert may elect to take a short direct examination of the expert at trial solely to introduce the expert and provide brief background or summary of the expert's report. The affidavit or report of any expert not appearing at trial cannot be filed as evidence unless agreed to by all Discovery Participants adverse to the expert's position.<br><br><u>Communications with Experts</u>:<br><br>The experts shall not be examined/deposed about or asked to produce prior drafts of their affidavits/reports and/or their communications with the Discovery Participant who retained them or other Discovery Participants within the same Allocation Group or Claim Group, or their respective Representatives, or any other topic protected from disclosure by the Applicable Procedural Regime set forth in section 2.<br><br>With respect to Allocation and US Claims, Rule 26 of the United States Federal Rules of Civil Procedure applies to expert discovery. |
| **8. General Procedure Applicable to All Oral Examinations/ Depositions** | <u>Length of Oral Examinations/Depositions</u><br><br>The Discovery Participants will include for discussion in the meet and confer scheduled for August 5 the Discovery Participants' proposals for limits on the length of oral examinations/depositions and the procedure for conducting such examinations/depositions.<br><br><u>Coordinating Oral Examinations/Depositions</u><br><br>Each examination/deposition shall be coordinated so that a lead examiner is identified for each group that noticed the oral examination/deposition (where an Allocation Group and Claim Group from the same jurisdiction counts as one group). Lead examiners shall work in good faith with any other lead examiners as well as other affected Discovery Participants to |

reflect a coordinated effort to avoid duplication of questions. For the avoidance of doubt, the US Claim Parties shall have the right to attend oral examinations/depositions that relate to the Canadian Claims, and the Canadian Claim Parties shall have the right to attend oral examinations/depositions that relate to the US Claims.

Transcripts and video taping:

All examinations/depositions shall be taken under oath in the presence of a Canadian or US certified court reporter and transcribed and the transcripts made available to all Discovery Participants, whether or not they are in attendance at the examination/deposition. At the option of any examining/deposing Discovery Participant, the examination/deposition may be video-taped but the use to which the video tape may be put shall be entirely in the discretion of the Court(s). The examining/deposing Discovery Participant(s) shall proportionally pay for the cost of the first and Court copies of the transcript and all other parties shall pay for their own copies.

Objections:

Objections may be made on any ground provided in the rules of the Applicable Procedural Regime set forth in section 2. Questions that are objected to on grounds other than privilege shall be answered under reserve of that objection. All other objections shall be preserved.

Requirement for Summons:

If a summons, subpoena or other process is required to compel the attendance at deposition of any witness, the Monitor, the US Debtors, the Joint Administrators, and the UK Pension Claimants shall reasonably assist in issuing process or otherwise procuring a witness's attendance irrespective of which Discovery Participant has sought the witness's deposition, except that no party shall be required to commence proceedings or pursue other procedures to secure testimony from witnesses that are not in its control and from which that party does not seek testimony. Neither resort to the courts of any jurisdiction for the purposes of compelling a witness's production for deposition nor conducting a deposition in any jurisdiction shall constitute attornment or consent to that jurisdiction for any other purpose.

Undertakings:

With respect to Allocation and Canadian Claims, the witness shall answer any undertakings that were agreed to on his/her examination/deposition within two weeks of the date of his/her examination/deposition, unless otherwise agreed to by the affected Discovery Participants.



| | |
|---|---|
| **9. General Terms** | Any Discovery Participant may make a motion to the Court to compel another Discovery Participant to take the steps contemplated by the Discovery Plan or other steps, and the parties agree that the Court(s) may take the existence of the Discovery Plan into account in determining whether to grant the order sought. The Discovery Participants that are parties to such a motion may seek to justify their respective positions on the basis of, among other things, any information that was unknown or not reasonably available to that Discovery Participant at the time the Discovery Plan was entered into.<br><br>The Discovery Participants recognize that, as additional information becomes available throughout the Allocation, US Claims and Canadian Claims litigation, it may become apparent that: (a) it is impracticable or impossible for a Discovery Participant to comply with the terms of the Discovery Plan, or to do so in a time-efficient or cost-efficient manner, or (b) further steps, beyond those set out in this Discovery Plan, are required in order for a Discovery Participant to obtain access to potentially relevant documents, information or witness testimony. Each Discovery Participant agrees to notify the other Discovery Participants promptly when it reasonably believes that it will not comply with any term of the Discovery Plan or when it reasonably concludes that further steps beyond those set out in this Discovery Plan are required. The Discovery Participants agree to negotiate in good faith with respect to any amendments to the Discovery Plan requested by a Discovery Participant on that basis, and to seek the assistance of the Courts(s) when appropriate in order to resolve disputes between the Discovery Participants.<br><br>All Discovery Participants shall meet and confer in good faith without the assistance of the Court(s) in attempting to resolve any disputes in the interpretation or implementation of this Discovery Plan. Discovery Participants are required to promptly seek relief from the applicable Court or Courts if an impasse is reached in any dispute and shall not be heard to complain of any prejudice resulting from their own delay in seeking relief.<br><br>All motions or directions sought from the Court(s) pursuant to this Discovery Plan shall be brought before the following Court or Courts: with respect to Allocation, before Judge Gross of the United States Bankruptcy Court for the District Court of Delaware and Justice Morawetz of the Ontario Superior Court of Justice; with respect to US Claims, before Judge Gross; and with respect to Canadian Claims, before Justice Morawetz. The Courts shall hold regularly scheduled joint discovery conferences for discovery disputes in Allocation and those discovery disputes that affect both jurisdictions.<br><br>The EMEA Debtors' participation in the procedures addressed herein is without prejudice to their contention that Allocation should be decided by arbitration rather than the US and Canadian Courts, and shall not be |



| construed as a waiver of their objection to determining Allocation in accordance with the procedures set forth in the Allocation Protocol, this Discovery Plan and the Litigation Timetable.<br><br>All Discovery Participants reserve any rights they may have to object to the standing of any party to participate in any trial. |
| --- |

## SCHEDULE A

**Format for Exchange of Productions: Productions will be exchanged by loading each production into the Merrill Lextranet database with the following objectively coded metadata, if reasonably possible, and in the following form:**

| Item | Field | Field Type | Description | Format |
|---|---|---|---|---|
| **Document Numbering** | *Docid* | Note Text | Unique document ID number (alpha prefix followed by sequential numbering) | AA0000001 |
| | *Parentid* | Note Text | Docid for the parent e-mail or document that has an attachment associated with it | AA0000001 |
| | *Attchids* | Note Text | Docid(s) attached to Parentid | AA0000001 |
| **Fields/Coded Data for E-mails** | *Datesent* | Date | Used to identify the date that an e-mail was sent | MM/DD/YYYY As per metadata |
| | *Timesent* | Time | Time e-mail was sent | As per metadata (HH:MM:SS) |
| | *Timercvd* | Time | Time e-mail was received | As per metadata (HH:MM:SS) |
| | *To* | Multi-Entry | Name/e-mail address of the address(es) of individuals who received the e-mail | As per metadata |
| | *From* | Note Text | Name/e-mail address of the person who sent the e-mail | As per metadata |
| | *Subject* | Note Text | Contents of the subject field in the e-mail | As per metadata |
| | *Cc* | Multi-Entry | Names/e-mail address(es) of the individuals who were copied on the e-mail | As per metadata |
| | *Bcc* | Multi-Entry | Names/e-mail address(es) of the individuals who were blind-copied on the e-mail | As per metadata |
| | *Media* | Note Text | Used to identify the type of media for an attachment<br>When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc<br>This field is required for loading electronic documents and attachments | As per metadata |
| **Fields/Coded Data for Attachments and Loose Electronic Documents** | *Datesvd* | Date | Date an electronic file or attachment was last saved | As per metadata |
| | *Datecrtd* | Date | Used to identify the date that an electronic file or attached document was created | As per metadata |
| | *Filetype* | Note Text | Type of file of an electronic file or attachment | As per metadata |
| | *Filename* | Note Text | File name of electronic file or attachment | As per metadata |
| | *Doclink* | Note Text | Used to link a document to the database record<br>Only to be provided for Spreadsheets since being produced in native format instead of tiff-ed images | As per metadata |
| | *Folder* | Note Text | Original folder containing path of electronic document as provided | As per metadata |
| | *Custodian* | Note Text | Person from whom document was collected | As per metadata |
| | *Media* | Note Text | Used to identify the type of media for an attachment<br>When loading eDocs, this field will be filled in with either eMail, Attachment or eDoc<br>This field is required for loading electronic documents and attachments. | As per metadata |

| Item | Field | Field Type | Description | Format |
|---|---|---|---|---|
| **Fields/Coded Data for Paper Documents** | *Docdate* | Date | Date of document (subjectively coded) | MM/DD/YYYY |
| | *CollectDate* | Date | Creation Date of Electronic File | MM/DD/YYYY |
| | *Source* | Note Text | Location or person from whom document was collected (subjectively coded) | |
| | *Attach#* | Note Text | Sequential number applied to attachments showing attachment sequence | .001, .002, etc. |
| | *Author* | Multi-Entry | Author(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| | *Recip* | Multi-Entry | Recipient(s) of document (subjectively coded) | Last name, first name [corporate affiliation] |
| **Fields/Coded Data for Electronic Documents (Chronological Review)** | *Leaddate* | Date | Date of the parent document, populated to all attachments for use with chronological sorting while keeping document families together | MM/DD/YYYY |
| | *Leadtime* | Date | Time of the parent document, populated to all attachments for use with chronological sorting while keeping document families together<br>Allows for further sorting of documents dated the same day by time | HH:MM:SS |

1. Each document shall be individually produced with a unique document ID number.

2. For each document, the Discovery Participant shall provide a text file containing the text extracted directly from the native electronic version of that document, unless the document was redacted, is an image file, is a scanned hardcopy document, or is in another format from which text cannot be reasonably extracted. In these instances, provide a text file created using document-level optical character recognition (OCR) to the extent reasonably practicable.

3. All images will be single page tiff format (excluding spreadsheets, Powerpoint presentations, and database files which will be provided in native format) with 300 dpi specifications to the extent practicable. Native format files to be provided in the eDocs folder.

4. Parties will provide the following load files formatted as follows:

    (a) Image folder (single page tiff, 300 dpi);

    (b) eDocs folder (for native files);

    (c) OCR folder (with text files and a control list for loading);

    (d) data.txt or data.csv (with coded fields listed above for ESI and paper documentation); and



(e)   imginfo.txt or imginfo.csv or other formats at the request of the receiving party to the extent practicable.

5.   If a document and its exact duplicates are associated with the same custodian, the responding party may withhold the exact duplicates from production.  If a document and its exact duplicates are associated with different custodians, the responding party may withhold the exact duplicates from production and provide a metadata field for the produced document indicating the custodians for whom duplicates were withheld where practicable.

6.   While Discovery Participants will attempt in good faith to comply with all of the above, Discovery Participants shall produce documents and comply with the above to the extent practicable.

9\\

**IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

Court File No: 09-CL-795C

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**Proceeding commenced at Toronto**

**ORDER**
**(Litigation Timetable and Discovery Plan)**

**Goodmans LLP**
Bay Adelaide Centre
333 Bay Street, Suite 3400
Toronto, ON M5H 2S7

Jay A. Carfagnini (LSUC#: 22293T)
Jessica Kimmel (LSUC#: 32312W)
Peter Ruby (LSUC#: 38439P)
Joseph Pasquariello (LSUC#: 38390C)

Tel: 416.979.2211
Fax: 416.979.1234

Lawyers for the Monitor, Ernst & Young Inc.

\6205385

**APPENDIX B – DEPOSITION PROTOCOL ORDER**



Court File No: 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| **THE HONOURABLE MR. JUSTICE PATTILLO** | ) ) ) ) | **TUESDAY, THE 27th DAY OF AUGUST, 2013** |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**ORDER**
**(Deposition Protocol)**

**THIS MOTION**, made by Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation (collectively, the "**Canadian Debtors**") jointly with Ernst & Young Inc. in its capacity as monitor (the "**Monitor**") of the Canadian Debtors for the relief set out in the Notice of Motion dated August 26, 2013 was heard this day at 330 University Avenue, Toronto, Ontario.

**ON READING** the Ninety-Seventh Report of the Monitor dated August 26, 2013 (the "**Ninety-Seventh Report**") and on hearing submissions of counsel for the Canadian Debtors, the Monitor, and on being advised of the support of the other Core Parties (as defined in the Ninety-

Seventh Report), no one appearing for any other person on the service list, although served as appears from the Affidavit of Service of Jennifer Stam, sworn August 26, 2013, filed.

1. THIS COURT ORDERS that the time for the service of the Notice of Motion, the Ninety-Seventh Report, and the Motion Record is hereby abridged and validated so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2. THIS COURT ORDERS that the deposition protocol which is Exhibit "1" to the Stipulation, both of which are attached as Schedule A hereto, be and are hereby approved.

MISCELLANEOUS

3. THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

4. THIS COURT ORDERS that each of the Applicants and the Monitor be at liberty and are hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative

body, wherever located, for the recognition of this Order and for assistance in carrying out the

terms of this Order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

AUG 27 2013



**SCHEDULE A**

**Attached.**

97

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re<br><br>NORTEL NETWORKS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br>(Jointly Administered) |
|---|---|

— and —

Court File No. 09-CL-7950

ONTARIO
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

APPLICATION UNDER PART IV OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C. 1985, c. C-36, AS AMENDED.

**STIPULATION REGARDING EMEA MOTION FOR EXTENSION OF SCHEDULE**

In conjunction with the agreement of the U.S. Debtors and Canadian Monitor and Debtors (together with the EMEA Debtors, the "Estates"), as well as all other Core Parties (together with the Estates, the "Parties"), to support the modification to the Litigation Timetable, Discovery Plan and Allocation Protocol set forth in EMEA Debtors' Motion to Modify Scheduling Orders (the "Motion"), the Parties hereby agree as follows, which agreement shall be submitted to the Courts for concurrent approval with modification to the Litigation Timetable, Discovery Plan and Allocation Protocol set forth in the Motion. The Parties all acknowledge that


rather than seek piecemeal extensions and the burden such practice would have on the Courts and the Parties, the Motion and the Parties' support of modification to the Litigation Timetable, Discovery Plan and Allocation Protocol as set forth in the Motion is intended both to compensate for delays in the Litigation Timetable to date and reasonably anticipated future adjustments that will best enable the Parties to meet the proposed amended Litigation Timetable. This Stipulation shall be without effect in the event the modification to the Litigation Timetable, Discovery Plan and Allocation Protocol as set forth Motion is rejected by the Courts and it is recognized that the Parties may have different positions on how the existing or any other proposed amended Litigation Timetable can be met, with different conditions, if these ones are not adopted.

    1.    The Parties agree that they will complete their non-privileged document productions heretofore promised in the manner each of them has described no later than September 3, 2013 (the date by which productions will be sent, not necessarily received). Privilege logs shall be exchanged, and the production of joint privileged documents to the other Estates shall be completed, no later than September 7, 2013.

    2.    (a)    The Parties agree that none of them will challenge the methodology that any other Party has disclosed it has used to gather, review and produce responsive documents, including the use of predictive coding, manual reviews, particular promised key words, particular promised date ranges, the particular promised custodians whose documents have been searched and the particular identified repositories that have been searched.

    (b)    Notwithstanding the foregoing, on or before 10:00 am (EDT) August 26, 2013, the UKPC shall disclose to the Parties a description of the methodology used to gather, review and produce responsive documents and, in the event any other Party notifies the other Parties, on or before 10:00 am (EDT) August 29, 2013, that it intends to reserve its right to

challenge the methodology disclosed by the UKPC, the preceding sub-paragraph 2(a) shall not apply as between any member of that Party's Deposition Group and the UKPC.

3.    Save for Parties' right to seek additional limited, targeted disclosure as set forth below, the Parties agree to forego further document requests of other Parties or requests that additional custodians or repositories of documents be searched. With due consideration being given to the associated cost or burden, Parties may seek limited, targeted disclosure of particular material documents or types of documents that were not captured by the prior searches or whose existence or relevance is discovered after the date hereof. Any Party receiving such a request shall reserve all rights to oppose such request. In the event of any dispute over such request, the requesting Party may make an application to the applicable Court(s) with a showing of good cause for the further disclosure. Nothing herein shall prevent any Party from assessing and if appropriate challenging assertions of privilege by other Parties.

4.    After completion of their non-privileged document production as contemplated in paragraph 1 above and the completion of their privilege logs and any associated production, it is not expected that the Parties will make further productions of documents. In order to prevent the selective disclosure and use of favorable documents while avoiding the production of documents favorable to other Parties, if any of the Parties do in the future produce additional documents other than as a result of a request, agreement or court order providing for a targeted search, that Party will perform a full search for responsive documents consistent with that Party's methodology or the general methodology employed by any of the Estates. Other than pursuant to a specific targeted request, agreement or court order, any partial search for documents shall obligate that Party to perform a full search and production consistent with that Party's search and review methodology or with the general search and review methodology

employed by any of the Estates. In the event of future disagreement or perceived ambiguity concerning this paragraph, the Parties describe this agreement as intending for no "cherry-picking."

5. The proposed schedule in the Motion shall be amended such that the date for depositions or examinations to begin shall be September 23, 2013. Notwithstanding the foregoing, depositions or examinations previously scheduled through judicial process may proceed prior to September 23, 2013 if, upon request, the deponent or examinee does not agree with the noticing party at least five business days before the scheduled deposition or examination date to a mutually acceptable alternative date between September 23, 2013 and the close of fact discovery.

6. The Parties agree to undertake reasonable efforts to spread depositions and examinations evenly throughout the period for fact discovery and shall offer dates for witnesses they are producing voluntarily that enables depositions and examinations to be scheduled in such manner.

7. The Parties agree that the pendency of any third party discovery requests, or the receipt after August 31, 2013 of any third party documents, shall not be grounds to adjourn, delay or refuse to schedule the deposition or examination of any witness currently or formerly associated with a Party except upon a showing of good cause and determination of the Court(s) that it would advance the interests of justice. In the event of objections by third parties with regard to the scope of third party discovery requests or assertions of privilege, the Parties agree that they will meet and confer promptly with such third parties (and, as appropriate, among themselves) to consider the propriety of narrowing or limiting their scope to avoid the need for judicial intervention.

8. Provided appropriate judicial process to compel the production of documents or testimony from third parties (which excludes persons currently or formerly associated with a Party who are being voluntarily produced for deposition or examination by a Party) is issued or commenced no later than September 30, 2013 and the noticing Party proceeds thereafter with reasonable diligence, the inability to compel such production of documents or testimony by the deadline to complete fact witness depositions or examinations shall not be a bar to obtaining such documents or testimony thereafter; provided, however, that

a. nothing herein shall prohibit a Party from seeking third party discovery (through judicial process or otherwise) after September 30, 2013 that is completed by the deadline for completion of fact depositions and examinations (extendable by agreement of the Parties or court order for good cause); and

b. absent court order, the absolute deadline for the receipt of such documents or testimony shall be the date for the service of rebuttal expert reports.

c. Except for good cause shown and upon determination of the Courts that it would be in the interests of justice, the pursuit of any discovery from third parties shall not provide a basis for further deferral of the trial date or adjournment of any of the interim dates set forth in the Motion.

[*Remainder of Page Left Intentionally Blank*]

102

9. The Parties support, and will move for, the prompt entry/approval of the draft of the Deposition Protocol dated August 23, 2013 in the form annexed hereto as **Exhibit 1**.

Dated: August 25, 2013

*Counsel for the Official Committee of Unsecured Creditors*

*/s/ Fred Hodara*
AKIN GUMP STRAUSS HAUER & FELD LLP

David H. Botter
Fred Hodara
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

RICHARDS, LAYTON & FINGER, P.A.

Mark D. Collins
Christopher M. Samis
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

DENTONS CANADA LLP
(formerly Fraser Milner Casgrain LLP)

Ryan Jacobs
R. Shayne Kukulowicz
Michael J. Wunder
77 King Street West
4th Floor
Toronto, ON M5K 0A1
Canada
Telephone: (416) 863-4511
Facsimile: (416) 863-4592

*Counsel for the Debtors and Debtors in Possession*

*/s/ Jeffrey A. Rosenthal*
CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard S. Zelbo
James L. Bromley
Jeffrey A. Rosenthal
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott
Eric D. Schwartz
Ann C. Cordo
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

TORYS LLP

Scott Bomhof
Tony DeMarinis
Andrew Gray
Adam Slavens
79 Wellington Street West
Suite 3000, Box 270, TD Centre
Toronto ON M5K 1N2, Canada
Telephone: (416) 865-0040
Facsimile: (416) 865-7380

103

*Counsel for the Bondholders*

*/s/ Atara Miller*

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones
Kathleen P. Makowski
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

MILBANK, TWEED, HADLEY & McCLOY LLP

Dennis F. Dunne
Thomas R. Kreller
Albert A. Pisa
Andrew M. Leblanc
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

BENNETT JONES

Gavin Finlayson
Richard B. Swan
Kevin Zych
S. Richard Orzy
3400 One First Canadian Place
P.O. Box 130
Toronto, Ontario M5X 1A4
Canada

*Counsel for Ernst & Young Inc. as Monitor*

*/s/ Paul Keller*

GOODMANS LLP

Jay Carfagnini
Fred Myers
Joseph Pasquariello
Benjamin Zarnett
Bay Adelaide Centre
333 Bay Street
Suite 3400
Toronto, ON M5H 257
Canada
Telephone: (416) 979 2211
Facsimile: (416) 979 1234

ALLEN & OVERY LLP

Ken Coleman
Daniel Guyder
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

BUCHANAN INGERSOLL & ROONEY PC

Mary F. Caloway
Kathleen A. Murphy
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

104

*Counsel for the Canadian Debtors*

*/s/ Paul Keller*

GOWLING LAFLEUR HENDERSON LLP

Jennifer Stam
Derrick Tay
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, ON M5J 2Z4
Canada
Tel: +1 416 216 4000
Fax: +1 416 216 3930

ALLEN & OVERY LLP

Ken Coleman
Daniel Guyder
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

BUCHANAN INGERSOLL & ROONEY PC

Mary F. Caloway
Kathleen A. Murphy
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

*Counsel for the Joint Administrators*

*/s/ Neil Oxford*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton
Edwin J. Harron
John T. Dorsey
Jaime Luton Chapman
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

HUGHES HUBBARD & REED LLP

Derek J.T. Adler
Gabrielle Glemann
Charles H. Huberty
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

DAVIES WARD PHILLIPS & VINEBERG LLP

Robin Schwill

\05

*Counsel for the Canadian Creditors Committee*

/s/ Selinda A. Melnik
Selinda A. Melnik (DE Bar No. 4032)

*on behalf of*

DLA PIPER LLP (US)
*U.S. Counsel for the Canadian Creditors Committee*

Selinda A. Melnik
919 North Market Street
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 468-5650
Facsimile: (302) 778-7914
*- and -*
Richard Hans
Timothy Hoeffner
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4530

CAW-CANADA LEGAL DEPARTMENT
*Lawyers for the Canadian Autoworkers Union*

Barry Wadsworth
205 Placer Court
Toronto, ON M2H 3H9
Telephone: (416) 495-3776
Facsimile: (416) 495-3786

KOSKIE MINSKY LLP
*Lawyers for the Former and Disabled Canadian Employees*

Mark Zigler
Susan Philpott
Ari Kaplan
20 Queen Street West, Suite 900
Toronto, ON M5H 3R3
Telephone: (416) 595-2090
Facsimile: (416) 204-2877

Sean Campbell
155 Wellington Street West
Toronto, ON M5V 3J7
Telephone: (416) 863-0900
Facsimile: (416) 863-0871

LAX O'SULLIVAN SCOTT LISUS LLP

Matthew P. Gottlieb
145 King Street West
Suite 2750
Toronto, ON M5H 1J8
Canada
Telephone: (416) 598-1744
Facsimile: (416) 598-3730

*Counsel for The Bank of New York Mellon, as Indenture Trustee*

/s/ Michael Riela

LATHAM & WATKINS LLP

Michael J. Riela
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

MCMILLAN LLP

Sheryl E. Seigel
Brookfield Place, Suite 4400
181 Bay Street
Toronto, ON M5J 2T3
Canada
Telephone: (416) 865-7000
Facsimile: (416) 865-7048

106

McCARTHY TÉTRAULT LLP
*Lawyers for Morneau Shepell Ltd., as administrator of the Nortel Canada registered pension plans*

R. Paul Steep
Byron D. Shaw
Elder Marques
James D. Gage
Barbara J. Boake
TD Bank Tower, Suite 5300
Toronto Dominion Centre
66 Wellington Street West
Toronto ON M5K 1E6
Telephone: (416) 601-7998
Facsimile: (416) 868-0673

PALIARE ROLAND ROSENBERG ROTHSTEIN LLP

Ken Rosenberg
Lily Harmer
Karen Jones
Massimo Starnino
155 Wellington Street West, 35th Floor
Toronto, ON M5V 3H1
Telephone: (416) 646-4300
Facsimile: (416) 646-4301

SHIBLEY RIGHTON LLP
w/ NELLIGAN O'BRIEN PAYNE LLP
Barristers and Solicitors
*Lawyers for the Active and Transferred Canadian Employees*

Arthur O. Jacques/ Thomas McRae
Co-Counsel: Janice Payne / Steve Levitt
250 University Avenue, Suite 700
Toronto, ON M5H 3E5
Telephone: (416) 214-5213/5206
Facsimile: (416) 214-5413/5400

*Counsel for the Trustee of Nortel Networks UK Pension Plan and the Board of the Pension Protection Fund*

*/s/ Sameer Advani*
BAYARD, P.A.

Charlene D. Davis
Justin R. Alberto
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

WILLKIE FARR & GALLAGHER LLP

Brian E. O'Connor
787 7th Ave.
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-9251

CASSELS BROCK & BLACKWELL LLP

David Ward
William Burden
Lara Jackson
Suite 2100, Scotia Plaza
40 King Street West
Toronto, ON M5H 3C2
Canada
Telephone: (416) 869-5300
Facsimile: (416) 360-8877

THORNTON GROUT FINNIGAN LLP

Michael Barrack
D.J. Miller
Rebecca Lewis

107

*Counsel for the Wilmington Trust Company, not in its individual capacity but solely as Trustee*

/s/ David A. Crichlow

KATTEN MUCHIN ROSENMAN LLP

Craig A. Barbarosh
David A. Crichlow
Karen B. Dine
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

HEENAN BLAIKIE LLP

John Salmas
Kenneth David Kraft
Bay Adelaide Centre
P.O. Box 2900
333 Bay Street, Suite 2900
Toronto, ON M5H 2T4
Telephone: (416) 360-6336
Facsimile: (416) 360-8425

Andrea McEwan
Suite 3200, 100 Wellington Street West
P.O. Box 329
Toronto-Dominion Centre
Toronto, ON M5K 1K7

*Counsel for the Law Debenture Trust Company of New York*

/s/ Daniel A. Lowenthal

BORDEN LADNER GERVAIS

John D. Marshall
Craig J. Hill
Edmond Lamek
Scotia Plaza,
40 King Street West, 44th Floor
Toronto, Ontario M5H 3Y4
Canada
Telephone: (416) 367-6000
Facsimile: (416) 367-6749

PATTERSON BELKNAP WEBB & TYLER LLP

Daniel A. Lowenthal
Brian P. Guiney
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

MORRIS JAMES LLP

Stephen M. Miller
Courtney R. Hamilton
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750

108

*Counsel for the Former Directors and Officers of Nortel Networks Corporation and Nortel Networks Limited*

*/s/ Betsy Putnam*

OSLER, HOSKIN & HARCOURT LLP

Lyndon A.J. Barnes
Adam Hirsh
Box 50, 1 First Canadian Place
Toronto, Ontario
M5X 1B8
Canada

01:14041454.1

109

**EXHIBIT 1**

**Deposition Protocol**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |

**DEPOSITION PROTOCOL STIPULATION**

Having conferred and agreed that the orderly and efficient conduct of depositions[2] in these actions requires their mutual cooperation, the parties in this action hereby stipulate and agree that, subject to order of the U.S. and Canadian Courts, the following protocol (the "Deposition Protocol") shall apply to the taking of depositions/examinations in the Allocation dispute, and the litigations concerning the US Claims and the Canadian Claims.[3]

## A. APPLICABILITY OF DEPOSITION PROTOCOL

1. This Deposition Protocol shall govern all oral depositions and examinations out of court of fact deponents in these proceedings, including depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) and party representative examinations pursuant to Rule 31 of the *Ontario Rules of Civil Procedure.*

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

[2] The term "deposition(s)," as used herein, refers to both depositions and examinations.

[3] Capitalized terms used in this Deposition Protocol but not otherwise defined shall have the meanings ascribed to them in the Litigation Timetable and/or the Allocation Protocol.

2.  This Deposition Protocol shall apply to:

    a.  The Canadian Allocation Group and Canadian Claims Defendant Group (the "Canadian Deposition Group");

    b.  The US Allocation Group and US Claims Defendant Group (the "US Deposition Group");

    c.  The EMEA Allocation Group, US EMEA Claimants Group, Canadian EMEA Claimants Group, and UK Pension Claimants ("EMEA Deposition Group") (each of the Canadian Deposition Group, US Deposition Group and EMEA Deposition Group a "Deposition Group") .

    d.  All other Core Parties.  Except as otherwise provided herein, each Discovery Participant that is not a member of a Deposition Group will be deemed for purposes of this Deposition Protocol to be a member of the Deposition Group with similarly aligned interests for each applicable deposition.

**B.    LOCATION OF DEPOSITIONS**

To maximize the efficiency of the depositions/examinations and for the convenience of all parties:

1.  Depositions taking place in New York shall take place at Cleary Gottlieb Steen & Hamilton, LLP, One Liberty Plaza, New York, New York, 10006 (or alternative nearby site in the event of capacity restrictions).

2.  Depositions taking place in Toronto shall take place at Goodmans LLP, 333 Bay Street Suite #3400, Toronto, Ontario M5H 2S7 (or alternative nearby site in the event of capacity restrictions).



3. Depositions taking place in London shall take place at Herbert Smith Freehills LLP, Exchange House, Primrose Street, London EC2A 2HS (or alternative nearby site in the event of capacity restrictions).

4. Depositions taking place in Ottawa shall take place at Gowling LaFleur Henderson LLP, 160 Elgin Street, Suite 2600, Ottawa, Ontario K1P 1C3 (or alternative nearby site in the event of capacity restrictions).

5. Depositions in other cities will take place either at a location chosen by the producing Discovery Participant, if applicable, or by designation or agreement by the Deposition Group(s) with whom the witness was primarily associated, which may take into account the convenience of the witness.

6. The host of each deposition shall provide one large room for the deposition as well as one breakout room for each of the three Deposition Groups, and one additional breakout room for the witness (and his or her counsel, if the witness is separately represented).  In the event that more than one deposition occurs at a host firm on a given day, only one breakout room needs to be provided per Deposition Group.

7. All witnesses who a Discovery Participant has the ability to compel attendance in Toronto or New York [or London] shall be produced for deposition in either Toronto, New York [or London] at the option of the producing Discovery Participant. Discovery Participants shall use reasonable efforts to produce all cooperating witnesses in either Toronto, New York [or London], and each Discovery Participant producing a cooperating witness shall offer to pay that witnesses' reasonable travel expenses to do so.[4]

---

[4]     The Parties have not yet reached agreement on whether witnesses currently employed by or under the control of the EMEA Debtors or the U.K. Pension Claimants must be produced in Toronto or New York, or may be produced in London, and have reserved this issue for further discussion among themselves and, failing agreement, resolution by the Court(s).  The Parties do agree that the EMEA Debtors and the U.K. Pension Claimants may produce cooperating witnesses not employed by them or under their control in London.

113

**C. LENGTH OF DEPOSITIONS**

1. For witnesses designated by one or two Deposition Groups,[5] the presumption shall be that depositions shall last no longer than one seven-hour day (measured by the "on-the-record" time).

   a. For witnesses designated by one Deposition Group, five hours shall be allocated for the designating Deposition Group, and one hour each shall be allocated for the remaining two Deposition Groups.

   b. For witnesses designated by two Deposition Groups, three hours shall be allocated for each designating Deposition Group, and one hour shall be allocated for the remaining Deposition Group.

2. For witnesses designated by three Deposition Groups, the presumption shall be that depositions shall last no longer than one ten-hour day (measured by the "on-the-record" time), or one and one half days, at the option of the witness. Each Deposition Group shall be allocated equal time.

3. On August 9, 2013, each Deposition Group served all Core Parties with a list of designated witnesses that Deposition Group wishes to cross-designate. On August 13, 2013, each Deposition Group served all Core Parties with a list of witnesses that such Deposition Group anticipates requiring more time to examine than the presumed time allotment herein, including the amount of time that the Deposition Group requests for each such witness. In the event the total amount of time requested exceeds the presumptive maximum for a particular deposition and the witness is unwilling to agree to such additional time, the parties shall confer in good faith in an effort to reduce the total requested time and, failing agreement, shall have the right to seek judicial relief in

[5] If, pursuant to Section 6 of the Discovery Plan, any Claim or Allocation Group within a Deposition Group designated or cross-designated the witness, the witness will be deemed "designated by" such Deposition Group, including for purposes of time allocations.

advance of such deposition.  If the witness is willing to agree to additional time (including time over and above the total amount requested by the Deposition Groups), the Deposition Groups shall confer in good faith on a fair allocation of the additional time to depose the witness.  Absent extraordinary circumstances, and to avoid the burden on a witness to appear twice, any disagreements with the allocated time for a deposition must be raised, and if unresolved, judicial relief seeking modification sought, prior to a deposition.

4.  For purposes of time allocation, Core Parties that are not in one of the Deposition Groups shall be grouped by agreement with a Deposition Group with similarly aligned interests for that deposition and, if an agreement cannot be reached, may seek leave of the Court(s) or consent of the Deposition Groups for a separate time allocation.

5.  The court reporter shall maintain a total running time for actual deposition testimony and record how much time is taken in each deposition by each Deposition Group.

6.  Where necessary to complete the deposition and avoid unnecessary motion practice, the deponent may agree, at the request of any Discovery Participant, to extend the length of any deposition for additional time on the same day.  The travel plans of other Core Parties shall not be an excuse to object to the extension of a deposition in the event of such agreement.  In the event more than a de minimis amount of additional time is granted, the Core Parties shall work collaboratively to fairly allocate such additional time.

7.  Time spent participating in teleconferences with the Court(s) or their agents during a deposition shall not be counted as "on the record" time for purposes of calculating the time remaining for the deposition.

## D. SCHEDULING OF DEPOSITIONS

1. For witnesses designated for deposition by July 30, 2013, Discovery Participants advised the other Discovery Participants on August 13, 2013 of those witnesses they have been informed will appear voluntarily. After a seven-day grace period expiring on August 20, 2013, for witnesses that have not indicated a willingness to appear voluntarily, any Discovery Participant may subpoena, issue any other applicable process, and/or contact that witness directly (subject to paragraph 2(c), below).

2. For witnesses not voluntarily appearing:

   a. The Discovery Participant with whom the witness was associated must provide last known contact information (including phone number) for the witness if not previously disclosed in interrogatory responses;

   b. The Discovery Participant with whom that witness was associated must provide the name and contact information (including phone number) of the witness's attorney, if known;

   c. Any Discovery Participant contacting such witness must first ask the witness if he or she has an attorney for purposes of this litigation, and if the answer is affirmative, further contact should occur through that counsel. Discovery Participants must otherwise comply with all applicable ethical rules for speaking with unrepresented persons; and

   d. Any contacting Discovery Participant shall notify the other Discovery Participants if he or she learns of contact or counsel information not previously disclosed to the other Discovery Participants.

3. No depositions shall be conducted on weekends absent consent of each of the relevant Deposition Groups, on Labor Day (September 2, 2013), Rosh Hashanah (September 4, 5, and 6, 2013), Yom Kippur (September 13 and 14, 2013), Canadian Thanksgiving

(October 14, 2013) and U.S. Thanksgiving (November 28 and 29, 2013). In the event a weekend deposition is requested and the requisite consent cannot be obtained, the Deposition Group proposing such deposition may proceed only with leave upon demonstration of good cause to the U.S. Court for depositions taking place in the U.S., the Canadian Court for depositions taking place in Canada, and either Court for depositions taking place outside of North America.

4. Except upon order of the Court for good cause shown, or consent of each of the Deposition Groups, fact depositions shall be taken only once.

5. A master deposition calendar shall be maintained either online in realtime or by a member of the Scheduling Committee to be designated that shall update and circulate the calendar on a daily basis.

6. Depositions of witnesses under the control of a Discovery Participant or otherwise voluntarily appearing ("Voluntary Witnesses") shall be scheduled as follows:

   a. A scheduling committee (the "Scheduling Committee") shall be comprised of one person for each Deposition Group (who may be represented by an alternate if unavailable). By August 26, 2013, all Discovery Participants shall provide the dates that they have received from each Voluntary Witness on which they are (or are not) available to be deposed from September 23, 2013 through November 27, 2013. Discovery Participants shall seek to obtain multiple potential dates from witnesses. All Discovery Participants shall make every reasonable effort to be in a position to offer a sufficiently broad range of dates for their witnesses collectively so as to enable depositions of witnesses of each Discovery Participant to be scheduled relatively evenly throughout the period for fact depositions.

   b. The Scheduling Committee shall meet and confer by August 30 and as necessary thereafter to schedule the depositions of Voluntary Witnesses whose availability is

known as of the date of the creation of that schedule and shall distribute a calendar as soon as possible after conferring, but no later than September 4. Objections to this initial proposed schedule shall be made on or prior to September 9, 2013. Recognizing the importance of accommodating witnesses, objections to a date preferred by or required by the witness should be made sparingly and only in extreme circumstances.

c. Subsequent to August 30, 2013, Discovery Participants shall provide notice of potential deposition dates to the Scheduling Committee promptly after obtaining them from Voluntary Witnesses from whom they were unable to provide availability prior to the creation of the initial schedule, whereupon the Scheduling Committee shall meet and confer (which may be telephonic or by email) within three business days of being advised of available dates for a witness to select a proposed date for the deposition of that witness (provided however that the Scheduling Committee shall endeavor to meet and confer sooner if necessary to comply with the notice requirements in paragraph D(7) below). Any proposed deposition date and location for each witness determined by the Scheduling Committee shall be placed on the master calendar, following which all other Discovery Participants shall have two business days to object.

d. If the Scheduling Committee is unable to agree upon a proposed date for a witness within five business days of being provided with available dates, the party with whom the Voluntary Witness is cooperating shall select the date and inform the Scheduling Committee, following which all other Discovery Participants (including members of the Scheduling Committee) shall have two business days to object.

e. All objections shall be resolved through a meet and confer among the Scheduling Committee (or designated members) and the objector(s) within one business day;

failing resolution, the objector must seek relief from the Court(s) within two business days thereafter (by letter) by demonstrating good cause or the objection is waived.

7. Discovery Participants shall endeavor to provide the Scheduling Committee with sufficient advance notice of the first date a Voluntary Witness is available so as to provide the Scheduling Committee with sufficient time to notify all Discovery Participants of any deposition not less than five business days before examinations in North America and not less than seven business days before examinations outside of North America if more notice is not possible. Absent consent of each of the Discovery Groups, or authorization by one of the Courts, no deposition may be scheduled upon notice to all Discovery Participants of less than three business days if taking place in North America and five business days if taking place outside of North America.

8. Non-party depositions scheduled by compulsory process for witnesses who will not appear voluntarily ("Compulsory Witnesses") shall be immediately reflected on the calendar upon notice to the Scheduling Committee. Where more than one Deposition Group has designated a witness who will not agree to attend voluntarily, those Groups shall endeavor to coordinate the selection of a deposition date prior to one Deposition Group moving forward unilaterally. Except for such depositions noticed prior to the date hereof, where practicable, Discovery Participants shall adapt and utilize the Scheduling Committee procedure described in the preceding paragraphs to schedule the depositions of Compulsory Witnesses, including the deadlines set forth therein for objections, meet and confers and requests for judicial relief.

9. Once a Voluntary Witness has been placed on the master calendar and confirms the firm scheduling of his or her deposition, including its proposed length and location, and provided there are no timely objections to such scheduling, such Voluntary Witness

shall no longer be expected to remain available on any of the other dates that he or she may have previously indicated availability.

10. Once scheduled, depositions may not be postponed except on the unanimous consent (given or withheld in good faith) of the Scheduling Committee or for good cause authorized by the Court, except in the event of an emergency necessitated by the witness with insufficient time to obtain consent or leave. Immediate notice of any postponement shall be provided to the other Discovery Participants. So long as reasonable notice was provided consistent with paragraph D(7), the filing of an objection shall not result in the adjournment of a deposition unless a court order for such adjournment is obtained.

**E.    QUESTIONING AT DEPOSITIONS**

1. Deposition Groups shall allocate their time for each deposition among their members and shall each designate a lead examiner. Non-repetitive examination may be conducted by other Discovery Participants in the same Deposition Group (within the time allotted for that Group). The parties shall agree ahead of time on the order of questioning at each deposition and the lead examiners in each Deposition Group shall work in good faith as provided for in the Discovery Plan to coordinate the questioning in an effort to avoid duplication.

2. No more than two examiners per Discovery Participant may ask questions at a deposition. A second examiner may question the witness only on the following conditions: (i) the first examiner may not question the witness again after the second examiner has begun; (ii) the second examiner must have been present for the entirety of the first examiner's questioning; and (iii) the second examiner must question the witness only on a separate topic or separate topics than were covered by the first examiner.

3. Depositions shall begin promptly at 9:00 a.m. without exception unless absolutely necessary to accommodate the witness. As long as proper notice was provided, depositions shall commence at that time even if some Discovery Participants are not present.

4. An objection by one Discovery Participant preserves that objection for all Discovery Participants. Discovery Participants shall not make redundant objections.

   a. Objections to form shall be deemed to be on all grounds appropriate for a form objection.

   b. No objection other than to the form of the question is waived by failure to assert it during the deposition.

5. Nothing shall preclude counsel from seeking an order from the Court(s) to protect the witness where counsel has a reasonable, good faith belief that the witness is being questioned on wholly irrelevant matters or in an otherwise abusive manner, or that there are other grounds under Federal Rule of Bankruptcy Procedure 7026(c) or the Ontario Rule of Civil Procedure 34.14 for a protective order with respect to the questioning being conducted of the witness. In that event, counsel shall cooperate in deferring answers to those questions until later in the deposition to permit counsel to contact the Court. If the Court is unavailable throughout the deposition and the parties are unable to reach an agreement on the objected-to questions, the deposition may be adjourned until a court ruling can be obtained.

6. Discovery Participants are encouraged to limit attendance at depositions. There shall be no limitation on the number of attorneys viewing or listening remotely to a deposition, provided those attorneys following remotely remain silent.

7. For planning purposes, attendees shall endeavor to advise a designated person at the host location of their identities at least two business days prior to each deposition.

8. The Discovery Participants shall endeavor to have the court reporting service stream the deposition (audio, video, and/or transcription) over the internet so as to enable parties to follow the deposition remotely. Aside from limited questions (no more than ten) submitted in writing at least one business day prior to the commencement of the deposition where the number and scope of those questions do not warrant the attendance of counsel for a particular Discovery Participant at the examination, no examination may be conducted or objections asserted by any attorney not present at the deposition. No deposition shall be adjourned or delayed due to a problem with remote access technology. In the event of the advance submission of written questions, lead counsel at the deposition for the Discovery Group encompassing that Discovery Participant shall ask the questions but shall have the discretion and the duty not to ask any written questions he or she believes would be repetitive.

9. At the outset of the deposition, on the record, all counsel shall identify themselves and the Discovery Participant they represent. The Discovery Participants shall explore with the court reporting service how to record the identities of counsel following the deposition remotely.

**F. USE OF DOCUMENTS**

1. No later than four business days before a deposition, all Discovery Participants intending to examine a deponent may, but shall not be obligated to, serve via email a non-binding list of the specific documents (by Bates number or, if previously marked, by exhibit number) that counsel anticipates using or referring to during the deposition. Discovery Participants shall endeavor to transmit pdfs of the actual documents with such email. In that circumstance, counsel need not bring extra copies of such documents except as necessary for the witness and his or her counsel.



2. Any counsel who does not pre-designate documents shall not forfeit the right to use those documents, but in that case, shall bring at least fifteen copies of such documents to the deposition for counsel and the witness, at least six of which must be hard copies and the balance of which can be pdfs in electronic form on individual USB drives/memory sticks. Any Discovery Participant that requests a copy of a document used during a deposition shall be provided one by the examining Discovery Participant following the deposition.

3. Each document marked for identification at a deposition shall be numbered with a new exhibit number. Counsel will make their best efforts to use the previously-marked exhibits by number in subsequent depositions.

4. To avoid the possibility of the same numbers being used for different exhibits during concurrently-conducted depositions, exhibits first marked during the deposition of a witness primarily associated with the Canadian Debtors shall begin with 1,000, the U.S. Debtors shall begin with 2,000, the EMEA Debtors shall begin with 3,000, the UK Pension Claimants shall begin with 4,000, and other parties shall begin with 5,000. (To the extent that a witness is primarily associated with more than one Discovery Participant, the lower sequence shall be used). When more than one deposition is occurring on the same day which poses risk of overlap, the examining parties shall confer in advance about starting numbers to use at those depositions to avoid overlap.[6]

5. Immediately following each deposition, the initial examiner shall be responsible for circulating a list of new exhibit numbers marked at such deposition, with reference to Bates numbers.

---

6 The Parties intend to confer further and, with the approval of each of the Discovery Groups prior to the commencement of depositions, may refer to exhibits by Bates numbers rather than exhibit numbers.

6. The court reporter shall be responsible for ensuring that the original of all deposition transcripts, including exhibits, are retained at the court reporter's offices.

**G. RULE 30(B)(6) AND REPRESENTATIVE PARTY DEPOSITIONS/ EXAMINATIONS**

1. Notwithstanding anything in the Discovery Protocol and Litigation Timetable to the contrary, representative party depositions/examinations for discovery under Rule 31 of the *Rules of Civil Procedure for Ontario* (hereinafter "Representative Depositions" of "Representative Witnesses") shall be conducted as follows:

   a. All previously served Rule 30(b)(6) notices are deemed superseded by this paragraph. At least ten business days before the commencement of Representative Depositions, a Deposition Group may serve a very limited number of subjects on which it believes no fact witness currently or formerly associated with the party producing the Representative Witness has provided adequate first-hand testimony. Provided such subjects are small in number and reasonable in scope, the Representative Witness has a duty to prepare to testify on the designated subjects. In the event a party designates an unreasonable number of subjects relative to the time limitations for the examination, subjects of an impermissibly broad scope or subjects inappropriate for a Representative Deposition, objections shall be served within three business days. The applicable parties shall meet and confer in good faith within two business days thereafter and, failing agreement, the burden shall be on the noticing party to obtain judicial relief at least two business days (in order to enable preparation) prior to the Representative Deposition. The failure to obtain judicial relief on a timely basis shall not be a basis to adjourn a Representative Deposition.

b. Representative Depositions shall be scheduled through the Scheduling Committee process and with similar procedures. The identity of Representative Witnesses shall be disclosed at least five business days prior to their scheduled deposition dates.

c. Discovery Participants shall not be limited in their examination of the Representative Witness to the noticed subjects; however, the Representative Witness shall have no duty to prepare for such examination on any specific subjects other than those noticed to which no objection was raised or court order obtained.

d. Any undertakings required in accordance with Rule 31 of the *Rules of Civil Procedure for Ontario* shall be limited to specific matters of fact outside the Representative Witness's knowledge, information and belief that are not already the subject of first-hand deposition testimony obtained from a knowledgeable fact witness. In the event of disagreement, the applicable parties shall meet and confer promptly and promptly thereafter bring any dispute to the attention of the appropriate Court.

2. Each Discovery Participant who filed an independent pleading (other than a non-argumentative joinder) shall designate one Representative Witness to be deposed in Toronto or New York, unless otherwise agreed by each of the Deposition Groups. Additionally, any Discovery Participant (other than the estates or UKP) who filed an independent pleading may withdraw such pleading by November 15, 2013 (and may file a non-argumentative joinder in its place) and thereby not be subject to the requirement to designate a Representative Witness. Notwithstanding the foregoing, the Directors and Officers shall not be required to designate a Representative Witness.

3. Time allocation for Representative Depositions:



     a. The Representative Witness for each of the U.S. Debtors, the Canadian Debtors, the U.K. Pension Claimants and NNUK shall be deposed for two seven-hour days, with one day being allocated to each of the two other Deposition Groups.

b. The Discovery Participants disagree on the amount of time for Representative Witnesses for the EMEA Debtors other than NNUK, including whether the EMEA Debtors can designate one Representative Witness for all of the EMEA Debtors collectively. To the extent they are unable to reach consensual resolution, the parties reserve all rights and will seek judicial guidance.

c. Each Representative Witness for each of the other Discovery Participants who filed an independent pleading (other than a non-argumentative joinder) shall be deposed for no longer than one seven-hour day (measured by the "on-the-record" time), with half being allocated to each of the two opposing Deposition Groups.

4. If a party designates a Representative Witness who has already been deposed as a fact witness, that party waives any objection to a second deposition. Unless agreed to by the Deposition Participants who noticed the fact deposition, Representative Depositions shall occur separate from fact depositions.

5. Representative Depositions shall occur during the last two weeks before fact depositions end.

## H. COURT REPORTING SERVICES

1. For reasons of cost and efficiency, Ellen Grauer Court Reporting Co. has offered discounted rates and shall be used for all depositions.

2. The court reporting service will provide remote access as described herein and secure real-time video streaming (if videotaped) and LiveNote, and the host party shall provide speaker-phone and internet capability for all depositions. The court reporting service will transcribe all conference calls with the Court from the deposition site as

part of the deposition transcript for that day. At the end of each day, the court reporter will provide a cleaned-up transcript of the LiveNote session (via web or email) to all Discovery Participants ordering a transcript.

3.  Depositions may be videotaped or digitally recorded at the request and at the cost of any requesting Discovery Participant upon at least five business days' notice (where sufficient notice of the deposition is provided) to the court reporting service and all Discovery Participants and counsel for the witness. In the event multiple Discovery Participants request that a deposition be videotaped or digitally recorded, the cost of such taping shall be split equally among all Discovery Participants that request videotaping or digital recording. Counsel for the witness shall be entitled to a copy of such videotape without cost.

## I.    STANDARD STIPULATION

The following stipulation will apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

1.  Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction and signature under penalty of perjury. The witness shall have 30 days from the day of receipt within which to review, make any corrections, sign the deposition transcript under penalty of perjury, and return it to counsel. The witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

2.  If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction and signature within 30 days from the date of receipt, the witness shall return the original transcript to the court



reporter, who will notify all counsel of its receipt and any changes to testimony by the witness.

3. The court reporter will retain the original transcript, including exhibits. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes. The court reporter is otherwise relieved of any statutory duties.

## J. CONFIDENTIALITY

The Order Entering a Protective Order [D.I. 10805] / [Order (Protective Order), Ontario Superior Court of Justice, 09-CL-7950, June 11, 2013] shall govern the treatment of Confidential Discovery Material presented at each deposition.

## K. USE OF DEPOSITIONS AT TRIAL

The Discovery Participants agree that Section 6(c) of the Discovery Plan should be clarified and amended, as necessary, to allow any Discovery Participant to use, in certain circumstances to be agreed among the parties (or, failing agreement, as directed by the Courts), deposition testimony of witnesses (other than deposition testimony of Representative Witnesses, the use of which is provided for under the Discovery Plan and the applicable Rules) as part of its direct or rebuttal case at trial, in a consistent manner for the purposes of Allocation, U.S. Claims and/or Canadian Claims. To the extent that the content of such deposition testimony would, for reasons other than the fact that it was obtained in an out-of-court examination, otherwise be inadmissible under the Ontario rules of evidence or the Federal Rules of Evidence if the witness were present at trial in the relevant jurisdiction, any Discovery Participant may raise an objection to the admission of the testimony and either or both of the Court(s) may make a ruling about its admissibility at trial, based on the rules of evidence in each jurisdiction.

The Discovery Participants agree to meet and confer in good faith by no later than September 4, 2013 to endeavor to agree upon the parameters for the use and admissibility of



deposition testimony at trial, and any related considerations such as, without limitation, the extent to which Discovery Participants will retain the right to compel witnesses to appear at trial. If the Discovery Participants are unable to reach agreement by September 10, 2013, they will seek the guidance of the Court(s) on the issue by no later than the week of September 16, 2013.

Dated: August 25, 2013

*Counsel for the Official Committee of Unsecured Creditors*

/s/ Robert A. Johnson
AKIN GUMP STRAUSS HAUER & FELD LLP

David H. Botter
Fred Hodara
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

RICHARDS, LAYTON & FINGER, P.A.

Mark D. Collins
Christopher M. Samis
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

DENTONS CANADA LLP
(formerly Fraser Milner Casgrain LLP)

Ryan Jacobs
R. Shayne Kukulowicz
Michael J. Wunder
77 King Street West
4th Floor
Toronto, ON M5K 0A1
Canada
Telephone: (416) 863-4511
Facsimile: (416) 863-4592

*Counsel for the Debtors and Debtors in Possession*

/s/ Jeffrey A. Rosenthal
CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard S. Zelbo
James L. Bromley
Jeffrey A. Rosenthal
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott
Eric D. Schwartz
Ann C. Cordo
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

TORYS LLP

Scott Bomhof
Tony DeMarinis
Andrew Gray
Adam Slavens
79 Wellington Street West
Suite 3000, Box 270, TD Centre
Toronto ON M5K 1N2, Canada
Telephone: (416) 865-0040
Facsimile: (416) 865-7380

129

*Counsel for the Bondholders*

*/s/ Atara Miller*

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones
Kathleen P. Makowski
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

MILBANK, TWEED, HADLEY & McCLOY LLP

Dennis F. Dunne
Thomas R. Kreller
Albert A. Pisa
Andrew M. Leblanc
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

BENNETT JONES

Gavin Finlayson
Richard B. Swan
Kevin Zych
S. Richard Orzy
3400 One First Canadian Place
P.O. Box 130
Toronto, Ontario M5X 1A4
Canada

*Counsel for Ernst & Young Inc. as Monitor*

*/s/ Paul Keller*

GOODMANS LLP

Jay Carfagnini
Fred Myers
Joseph Pasquariello
Benjamin Zarnett
Bay Adelaide Centre
333 Bay Street
Suite 3400
Toronto, ON M5H 2S7
Canada
Telephone: (416) 979 2211
Facsimile: (416) 979 1234

ALLEN & OVERY LLP

Ken Coleman
Daniel Guyder
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

BUCHANAN INGERSOLL & ROONEY PC

Mary F. Caloway
Kathleen A. Murphy
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

130

*Counsel for the Canadian Debtors*

*/s/ Paul Keller*

GOWLING LAFLEUR HENDERSON LLP

Jennifer Stam
Derrick Tay
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, ON M5J 2Z4
Canada
Tel: +1 416 216 4000
Fax: +1 416 216 3930

ALLEN & OVERY LLP

Ken Coleman
Daniel Guyder
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

BUCHANAN INGERSOLL & ROONEY PC

Mary F. Caloway
Kathleen A. Murphy
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

*Counsel for the Joint Administrators*

*/s/ Neil Oxford*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton
Edwin J. Harron
John T. Dorsey
Jaime Luton Chapman
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

HUGHES HUBBARD & REED LLP

Derek J.T. Adler
Gabrielle Glemann
Charles H. Huberty
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

DAVIES WARD PHILLIPS & VINEBERG LLP

131

*Counsel for the Canadian Creditors Committee*

*/s/ Selinda A. Melnik*
Selinda A. Melnik (DE Bar No. 4032)

*on behalf of*

DLA PIPER LLP (US)
*U.S. Counsel for the Canadian Creditors Committee*

Selinda A. Melnik
919 North Market Street
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 468-5650
Facsimile: (302) 778-7914
*- and -*
Richard Hans
Timothy Hoeffner
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4530

CAW-CANADA LEGAL DEPARTMENT
*Lawyers for the Canadian Autoworkers Union*

Barry Wadsworth
205 Placer Court
Toronto, ON M2H 3H9
Telephone: (416) 495-3776
Facsimile: (416) 495-3786

KOSKIE MINSKY LLP
*Lawyers for the Former and Disabled Canadian Employees*

Mark Zigler
Susan Philpott
Ari Kaplan
20 Queen Street West, Suite 900
Toronto, ON M5H 3R3
Telephone: (416) 595-2090
Facsimile: (416) 204-2877

Robin Schwill
Sean Campbell
155 Wellington Street West
Toronto, ON M5V 3J7
Telephone: (416) 863-0900
Facsimile: (416) 863-0871

LAX O'SULLIVAN SCOTT LISUS LLP

Matthew P. Gottlieb
145 King Street West
Suite 2750
Toronto, ON M5H 1J8
Canada
Telephone: (416) 598-1744
Facsimile: (416) 598-3730

*Counsel for The Bank of New York Mellon, as Indenture Trustee*

*/s/ Michael Riela*

LATHAM & WATKINS LLP

Michael J. Riela
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

MCMILLAN LLP

Sheryl E. Seigel
Brookfield Place, Suite 4400
181 Bay Street
Toronto, ON M5J 2T3
Canada
Telephone: (416) 865-7000
Facsimile: (416) 865-7048



McCARTHY TÉTRAULT LLP
*Lawyers for Morneau Shepell Ltd., as administrator of the Nortel Canada registered pension plans*

R. Paul Steep
Byron D. Shaw
Elder Marques
James D. Gage
Barbara J. Boake
TD Bank Tower, Suite 5300
Toronto Dominion Centre
66 Wellington Street West
Toronto ON M5K 1E6
Telephone: (416) 601-7998
Facsimile: (416) 868-0673

PALIARE ROLAND ROSENBERG ROTHSTEIN LLP

Ken Rosenberg
Lily Harmer
Karen Jones
Massimo Starnino
155 Wellington Street West, 35th Floor
Toronto, ON M5V 3H1
Telephone: (416) 646-4300
Facsimile: (416) 646-4301

SHIBLEY RIGHTON LLP
w/ NELLIGAN O'BRIEN PAYNE LLP
Barristers and Solicitors
*Lawyers for the Active and Transferred Canadian Employees*

Arthur O. Jacques/ Thomas McRae
Co-Counsel: Janice Payne / Steve Levitt
250 University Avenue, Suite 700
Toronto, ON M5H 3E5
Telephone: (416) 214-5213/5206
Facsimile: (416) 214-5413/5400

*Counsel for the Trustee of Nortel Networks UK Pension Plan and the Board of the Pension Protection Fund*

*/s/ Sameer Advani*
BAYARD, P.A.

Charlene D. Davis
Justin R. Alberto
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

WILLKIE FARR & GALLAGHER LLP

Brian E. O'Connor
787 7th Ave.
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-9251

CASSELS BROCK & BLACKWELL LLP

David Ward
William Burden
Lara Jackson
Suite 2100, Scotia Plaza
40 King Street West
Toronto, ON M5H 3C2
Canada
Telephone: (416) 869-5300
Facsimile: (416) 360-8877

THORNTON GROUT FINNIGAN LLP

Michael Barrack
D.J. Miller

133

*Counsel for the Wilmington Trust Company, not in its individual capacity but solely as Trustee*

*/s/ David A. Crichlow*

KATTEN MUCHIN ROSENMAN LLP

Craig A. Barbarosh
David A. Crichlow
Karen B. Dine
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

HEENAN BLAIKIE LLP

John Salmas
Kenneth David Kraft
Bay Adelaide Centre
P.O. Box 2900
333 Bay Street, Suite 2900
Toronto, ON M5H 2T4
Telephone: (416) 360-6336
Facsimile: (416) 360-8425

Rebecca Lewis
Andrea McEwan
Suite 3200, 100 Wellington Street West
P.O. Box 329
Toronto-Dominion Centre
Toronto, ON M5K 1K7

*Counsel for the Law Debenture Trust Company of New York*

*/s/ Daniel A. Lowenthal*

BORDEN LADNER GERVAIS

John D. Marshall
Craig J. Hill
Edmond Lamek
Scotia Plaza,
40 King Street West, 44th Floor
Toronto, Ontario M5H 3Y4
Canada
Telephone: (416) 367-6000
Facsimile: (416) 367-6749

PATTERSON BELKNAP WEBB & TYLER LLP

Daniel A. Lowenthal
Brian P. Guiney
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

MORRIS JAMES LLP

Stephen M. Miller
Courtney R. Hamilton
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750

134

*Counsel for the Former Directors and Officers of Nortel Networks Corporation and Nortel Networks Limited*

*/s/ Betsy Putnam*

OSLER, HOSKIN & HARCOURT LLP

Lyndon A.J. Barnes
Adam Hirsh
Box 50, 1 First Canadian Place
Toronto, Ontario
M5X 1B8
Canada

135

**IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

Court File No: 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
Proceeding commenced at Toronto

**ORDER**
**(Deposition Protocol)**

**GOWLING LAFLEUR HENDERSON LLP**
Barristers & Solicitors
1 First Canadian Place,
100 King Street West, Suite 1600
Toronto ON M5X 1G5

**Derrick Tay** (LSUC #: 21152A)
**Jennifer Stam** (LSUC #: 46735J)
Tel: (416) 862-5697
Fax: (416) 862-7661

**GOODMANS LLP**
Barristers & Solicitors
333 Bay Street, Suite 3400
Toronto ON M5H 2S7

**Jay A. Carfagnini (LSUC#: 22293T)**
**Jessica Kimmel (LSUC#: 32312W)**
**Peter Ruby (LSUC#: 38439P)**
**Joseph Pasquariello (LSUC#: 38390C)**
**Tel: 416.979.2211**
**Fax: 416.979.1234**

## APPENDIX C – ORDER APPROVING AMENDED LITIGATION SCHEDULE

Court File No. 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| THE HONOURABLE | ) | TUESDAY, THE 27th DAY OF |
| | ) | |
| MR. JUSTICE PATTILLO | ) | AUGUST, 2013 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,* R.S.C. 1985, C.C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

**ORDER APPROVING AMENDED LITIGATION SCHEDULE**

THIS MOTION, made by the court-appointed administrators and authorized foreign representatives (collectively, the "Joint Administrators") of Nortel Networks UK Limited and certain of its affiliates (the "EMEA Debtors") was heard on this day at 330 University Avenue, Toronto, Ontario.

**ON BEING ADVISED OF THE SUPPORT OF THE CORE PARTIES PURSUANT TO THE STIPULATION ATTACHED AT SCHEDULE "A" HERETO:**

1. THIS COURT ORDERS THAT the Allocation Protocol, approved by Morawetz J. on April 3, 2013, and the Litigation Timetable and Discovery Plan, approved by Morawetz J. on May 15, 2013, shall be and are hereby amended in the form attached at Schedule

"B" hereto. This Court shall retain jurisdiction over all matters arising from or relating to the interpretation or implementation of this Order.

2. THIS COURT ORDERS THAT all of the dates set forth in the Allocation Protocol and the Litigation and Discovery Plan shall remain in full force and effect except to the extent expressly modified by the terms of this Order.

3. THIS COURT ORDERS THAT the Stipulation Regarding EMEA Motion for Extension of Schedule, attached at Schedule "A" hereto, shall be and is hereby approved.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

AUG 2 8 2013

NB

**SCHEDULE A**

**Attached.**

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| In re NORTEL NETWORKS INC., *et al.*, Debtors. | Chapter 11<br>Case No. 09-10138 (KG)<br>(Jointly Administered) |
|---|---|

— and —

Court File No. 09-CL-7950

ONTARIO
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

APPLICATION UNDER PART IV OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C. 1985, c. C-36, AS AMENDED.

## STIPULATION REGARDING EMEA MOTION FOR EXTENSION OF SCHEDULE

In conjunction with the agreement of the U.S. Debtors and Canadian Monitor and Debtors (together with the EMEA Debtors, the "Estates"), as well as all other Core Parties (together with the Estates, the "Parties"), to support the modification to the Litigation Timetable, Discovery Plan and Allocation Protocol set forth in EMEA Debtors' Motion to Modify Scheduling Orders (the "Motion"), the Parties hereby agree as follows, which agreement shall be submitted to the Courts for concurrent approval with modification to the Litigation Timetable, Discovery Plan and Allocation Protocol set forth in the Motion. The Parties all acknowledge that

rather than seek piecemeal extensions and the burden such practice would have on the Courts and the Parties, the Motion and the Parties' support of modification to the Litigation Timetable, Discovery Plan and Allocation Protocol as set forth in the Motion is intended both to compensate for delays in the Litigation Timetable to date and reasonably anticipated future adjustments that will best enable the Parties to meet the proposed amended Litigation Timetable. This Stipulation shall be without effect in the event the modification to the Litigation Timetable, Discovery Plan and Allocation Protocol as set forth Motion is rejected by the Courts and it is recognized that the Parties may have different positions on how the existing or any other proposed amended Litigation Timetable can be met, with different conditions, if these ones are not adopted.

       1.      The Parties agree that they will complete their non-privileged document productions heretofore promised in the manner each of them has described no later than September 3, 2013 (the date by which productions will be sent, not necessarily received). Privilege logs shall be exchanged, and the production of joint privileged documents to the other Estates shall be completed, no later than September 7, 2013.

       2.     (a)    The Parties agree that none of them will challenge the methodology that any other Party has disclosed it has used to gather, review and produce responsive documents, including the use of predictive coding, manual reviews, particular promised key words, particular promised date ranges, the particular promised custodians whose documents have been searched and the particular identified repositories that have been searched.

             (b)    Notwithstanding the foregoing, on or before 10:00 am (EDT) August 26, 2013, the UKPC shall disclose to the Parties a description of the methodology used to gather, review and produce responsive documents and, in the event any other Party notifies the other Parties, on or before 10:00 am (EDT) August 29, 2013, that it intends to reserve its right to

challenge the methodology disclosed by the UKPC, the preceding sub-paragraph 2(a) shall not apply as between any member of that Party's Deposition Group and the UKPC.

3. Save for Parties' right to seek additional limited, targeted disclosure as set forth below, the Parties agree to forego further document requests of other Parties or requests that additional custodians or repositories of documents be searched. With due consideration being given to the associated cost or burden, Parties may seek limited, targeted disclosure of particular material documents or types of documents that were not captured by the prior searches or whose existence or relevance is discovered after the date hereof. Any Party receiving such a request shall reserve all rights to oppose such request. In the event of any dispute over such request, the requesting Party may make an application to the applicable Court(s) with a showing of good cause for the further disclosure. Nothing herein shall prevent any Party from assessing and if appropriate challenging assertions of privilege by other Parties.

4. After completion of their non-privileged document production as contemplated in paragraph 1 above and the completion of their privilege logs and any associated production, it is not expected that the Parties will make further productions of documents. In order to prevent the selective disclosure and use of favorable documents while avoiding the production of documents favorable to other Parties, if any of the Parties do in the future produce additional documents other than as a result of a request, agreement or court order providing for a targeted search, that Party will perform a full search for responsive documents consistent with that Party's methodology or the general methodology employed by any of the Estates. Other than pursuant to a specific targeted request, agreement or court order, any partial search for documents shall obligate that Party to perform a full search and production consistent with that Party's search and review methodology or with the general search and review methodology

employed by any of the Estates. In the event of future disagreement or perceived ambiguity concerning this paragraph, the Parties describe this agreement as intending for no "cherry-picking."

5. The proposed schedule in the Motion shall be amended such that the date for depositions or examinations to begin shall be September 23, 2013. Notwithstanding the foregoing, depositions or examinations previously scheduled through judicial process may proceed prior to September 23, 2013 if, upon request, the deponent or examinee does not agree with the noticing party at least five business days before the scheduled deposition or examination date to a mutually acceptable alternative date between September 23, 2013 and the close of fact discovery.

6. The Parties agree to undertake reasonable efforts to spread depositions and examinations evenly throughout the period for fact discovery and shall offer dates for witnesses they are producing voluntarily that enables depositions and examinations to be scheduled in such manner.

7. The Parties agree that the pendency of any third party discovery requests, or the receipt after August 31, 2013 of any third party documents, shall not be grounds to adjourn, delay or refuse to schedule the deposition or examination of any witness currently or formerly associated with a Party except upon a showing of good cause and determination of the Court(s) that it would advance the interests of justice. In the event of objections by third parties with regard to the scope of third party discovery requests or assertions of privilege, the Parties agree that they will meet and confer promptly with such third parties (and, as appropriate, among themselves) to consider the propriety of narrowing or limiting their scope to avoid the need for judicial intervention.

8. Provided appropriate judicial process to compel the production of documents or testimony from third parties (which excludes persons currently or formerly associated with a Party who are being voluntarily produced for deposition or examination by a Party) is issued or commenced no later than September 30, 2013 and the noticing Party proceeds thereafter with reasonable diligence, the inability to compel such production of documents or testimony by the deadline to complete fact witness depositions or examinations shall not be a bar to obtaining such documents or testimony thereafter; provided, however, that

a. nothing herein shall prohibit a Party from seeking third party discovery (through judicial process or otherwise) after September 30, 2013 that is completed by the deadline for completion of fact depositions and examinations (extendable by agreement of the Parties or court order for good cause); and

b. absent court order, the absolute deadline for the receipt of such documents or testimony shall be the date for the service of rebuttal expert reports.

c. Except for good cause shown and upon determination of the Courts that it would be in the interests of justice, the pursuit of any discovery from third parties shall not provide a basis for further deferral of the trial date or adjournment of any of the interim dates set forth in the Motion.

[*Remainder of Page Left Intentionally Blank*]

145

9. The Parties support, and will move for, the prompt entry/approval of the draft of the Deposition Protocol dated August 23, 2013 in the form annexed hereto as **Exhibit 1.**

Dated: August 25, 2013

*Counsel for the Official Committee of Unsecured Creditors*

*/s/ Fred Hodara*
AKIN GUMP STRAUSS HAUER & FELD LLP

David H. Botter
Fred Hodara
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

RICHARDS, LAYTON & FINGER, P.A.

Mark D. Collins
Christopher M. Samis
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

DENTONS CANADA LLP
(formerly Fraser Milner Casgrain LLP)

Ryan Jacobs
R. Shayne Kukulowicz
Michael J. Wunder
77 King Street West
4th Floor
Toronto, ON M5K 0A1
Canada
Telephone: (416) 863-4511
Facsimile: (416) 863-4592

*Counsel for the Debtors and Debtors in Possession*

*/s/ Jeffrey A. Rosenthal*
CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard S. Zelbo
James L. Bromley
Jeffrey A. Rosenthal
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott
Eric D. Schwartz
Ann C. Cordo
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

TORYS LLP

Scott Bomhof
Tony DeMarinis
Andrew Gray
Adam Slavens
79 Wellington Street West
Suite 3000, Box 270, TD Centre
Toronto ON M5K 1N2, Canada
Telephone: (416) 865-0040
Facsimile: (416) 865-7380

146

*Counsel for the Bondholders*

/s/ Atara Miller

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones
Kathleen P. Makowski
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

MILBANK, TWEED, HADLEY & McCLOY LLP

Dennis F. Dunne
Thomas R. Kreller
Albert A. Pisa
Andrew M. Leblanc
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

BENNETT JONES

Gavin Finlayson
Richard B. Swan
Kevin Zych
S. Richard Orzy
3400 One First Canadian Place
P.O. Box 130
Toronto, Ontario M5X 1A4
Canada

*Counsel for Ernst & Young Inc. as Monitor*

/s/ Paul Keller

GOODMANS LLP

Jay Carfagnini
Fred Myers
Joseph Pasquariello
Benjamin Zarnett
Bay Adelaide Centre
333 Bay Street
Suite 3400
Toronto, ON M5H 257
Canada
Telephone: (416) 979 2211
Facsimile: (416) 979 1234

ALLEN & OVERY LLP

Ken Coleman
Daniel Guyder
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

BUCHANAN INGERSOLL & ROONEY PC

Mary F. Caloway
Kathleen A. Murphy
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

147

*Counsel for the Canadian Debtors*

*/s/ Paul Keller*

GOWLING LAFLEUR HENDERSON LLP

Jennifer Stam
Derrick Tay
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, ON M5J 2Z4
Canada
Tel: +1 416 216 4000
Fax: +1 416 216 3930

ALLEN & OVERY LLP

Ken Coleman
Daniel Guyder
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

BUCHANAN INGERSOLL & ROONEY PC

Mary F. Caloway
Kathleen A. Murphy
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

*Counsel for the Joint Administrators*

*/s/ Neil Oxford*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton
Edwin J. Harron
John T. Dorsey
Jaime Luton Chapman
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

HUGHES HUBBARD & REED LLP

Derek J.T. Adler
Gabrielle Glemann
Charles H. Huberty
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

DAVIES WARD PHILLIPS & VINEBERG LLP

Robin Schwill

*Counsel for the Canadian Creditors Committee*

*/s/ Selinda A. Melnik*
Selinda A. Melnik (DE Bar No. 4032)

*on behalf of*

DLA PIPER LLP (US)
*U.S. Counsel for the Canadian Creditors Committee*

Selinda A. Melnik
919 North Market Street
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 468-5650
Facsimile: (302) 778-7914
*- and -*
Richard Hans
Timothy Hoeffner
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4530

CAW-CANADA LEGAL DEPARTMENT
*Lawyers for the Canadian Autoworkers Union*

Barry Wadsworth
205 Placer Court
Toronto, ON M2H 3H9
Telephone: (416) 495-3776
Facsimile: (416) 495-3786

KOSKIE MINSKY LLP
*Lawyers for the Former and Disabled Canadian Employees*

Mark Zigler
Susan Philpott
Ari Kaplan
20 Queen Street West, Suite 900
Toronto, ON M5H 3R3
Telephone: (416) 595-2090
Facsimile: (416) 204-2877

Sean Campbell
155 Wellington Street West
Toronto, ON M5V 3J7
Telephone: (416) 863-0900
Facsimile: (416) 863-0871

LAX O'SULLIVAN SCOTT LISUS LLP

Matthew P. Gottlieb
145 King Street West
Suite 2750
Toronto, ON M5H 1J8
Canada
Telephone: (416) 598-1744
Facsimile: (416) 598-3730

*Counsel for The Bank of New York Mellon, as Indenture Trustee*

*/s/ Michael Riela*

LATHAM & WATKINS LLP

Michael J. Riela
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

MCMILLAN LLP

Sheryl E. Seigel
Brookfield Place, Suite 4400
181 Bay Street
Toronto, ON M5J 2T3
Canada
Telephone: (416) 865-7000
Facsimile: (416) 865-7048

149

McCARTHY TÉTRAULT LLP
*Lawyers for Morneau Shepell Ltd., as administrator of the Nortel Canada registered pension plans*

R. Paul Steep
Byron D. Shaw
Elder Marques
James D. Gage
Barbara J. Boake
TD Bank Tower, Suite 5300
Toronto Dominion Centre
66 Wellington Street West
Toronto ON M5K 1E6
Telephone: (416) 601-7998
Facsimile: (416) 868-0673

PALIARE ROLAND ROSENBERG ROTHSTEIN LLP

Ken Rosenberg
Lily Harmer
Karen Jones
Massimo Starnino
155 Wellington Street West, 35th Floor
Toronto, ON M5V 3H1
Telephone: (416) 646-4300
Facsimile: (416) 646-4301

SHIBLEY RIGHTON LLP
w/ NELLIGAN O'BRIEN PAYNE LLP
Barristers and Solicitors
*Lawyers for the Active and Transferred Canadian Employees*

Arthur O. Jacques/ Thomas McRae
Co-Counsel: Janice Payne / Steve Levitt
250 University Avenue, Suite 700
Toronto, ON M5H 3E5
Telephone: (416) 214-5213/5206
Facsimile: (416) 214-5413/5400

*Counsel for the Trustee of Nortel Networks UK Pension Plan and the Board of the Pension Protection Fund*

*/s/ Sameer Advani*
BAYARD, P.A.

Charlene D. Davis
Justin R. Alberto
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

WILLKIE FARR & GALLAGHER LLP

Brian E. O'Connor
787 7th Ave.
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-9251

CASSELS BROCK & BLACKWELL LLP

David Ward
William Burden
Lara Jackson
Suite 2100, Scotia Plaza
40 King Street West
Toronto, ON M5H 3C2
Canada
Telephone: (416) 869-5300
Facsimile: (416) 360-8877

THORNTON GROUT FINNIGAN LLP

Michael Barrack
D.J. Miller
Rebecca Lewis

150

*Counsel for the Wilmington Trust Company, not in its individual capacity but solely as Trustee*

*/s/ David A. Crichlow*

KATTEN MUCHIN ROSENMAN LLP

Craig A. Barbarosh
David A. Crichlow
Karen B. Dine
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

HEENAN BLAIKIE LLP

John Salmas
Kenneth David Kraft
Bay Adelaide Centre
P.O. Box 2900
333 Bay Street, Suite 2900
Toronto, ON M5H 2T4
Telephone: (416) 360-6336
Facsimile: (416) 360-8425

Andrea McEwan
Suite 3200, 100 Wellington Street West
P.O. Box 329
Toronto-Dominion Centre
Toronto, ON M5K 1K7

*Counsel for the Law Debenture Trust Company of New York*

*/s/ Daniel A. Lowenthal*

BORDEN LADNER GERVAIS

John D. Marshall
Craig J. Hill
Edmond Lamek
Scotia Plaza,
40 King Street West, 44th Floor
Toronto, Ontario M5H 3Y4
Canada
Telephone: (416) 367-6000
Facsimile: (416) 367-6749

PATTERSON BELKNAP WEBB & TYLER LLP

Daniel A. Lowenthal
Brian P. Guiney
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

MORRIS JAMES LLP

Stephen M. Miller
Courtney R. Hamilton
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750

*Counsel for the Former Directors and Officers of Nortel Networks Corporation and Nortel Networks Limited*

*/s/ Betsy Putnam*

OSLER, HOSKIN & HARCOURT LLP

Lyndon A.J. Barnes
Adam Hirsh
Box 50, 1 First Canadian Place
Toronto, Ontario
M5X 1B8
Canada

**EXHIBIT 1**

**Deposition Protocol**

153

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |

**DEPOSITION PROTOCOL STIPULATION**

Having conferred and agreed that the orderly and efficient conduct of depositions[2] in these actions requires their mutual cooperation, the parties in this action hereby stipulate and agree that, subject to order of the U.S. and Canadian Courts, the following protocol (the "Deposition Protocol") shall apply to the taking of depositions/examinations in the Allocation dispute, and the litigations concerning the US Claims and the Canadian Claims.[3]

## A. APPLICABILITY OF DEPOSITION PROTOCOL

1. This Deposition Protocol shall govern all oral depositions and examinations out of court of fact deponents in these proceedings, including depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) and party representative examinations pursuant to Rule 31 of the *Ontario Rules of Civil Procedure*.

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

[2] The term "deposition(s)," as used herein, refers to both depositions and examinations.

[3] Capitalized terms used in this Deposition Protocol but not otherwise defined shall have the meanings ascribed to them in the Litigation Timetable and/or the Allocation Protocol.

2. This Deposition Protocol shall apply to:

   a. The Canadian Allocation Group and Canadian Claims Defendant Group (the "Canadian Deposition Group");

   b. The US Allocation Group and US Claims Defendant Group (the "US Deposition Group");

   c. The EMEA Allocation Group, US EMEA Claimants Group, Canadian EMEA Claimants Group, and UK Pension Claimants ("EMEA Deposition Group") (each of the Canadian Deposition Group, US Deposition Group and EMEA Deposition Group a "Deposition Group") .

   d. All other Core Parties. Except as otherwise provided herein, each Discovery Participant that is not a member of a Deposition Group will be deemed for purposes of this Deposition Protocol to be a member of the Deposition Group with similarly aligned interests for each applicable deposition.

## B. LOCATION OF DEPOSITIONS

To maximize the efficiency of the depositions/examinations and for the convenience of all parties:

1. Depositions taking place in New York shall take place at Cleary Gottlieb Steen & Hamilton, LLP, One Liberty Plaza, New York, New York, 10006 (or alternative nearby site in the event of capacity restrictions).

2. Depositions taking place in Toronto shall take place at Goodmans LLP, 333 Bay Street Suite #3400, Toronto, Ontario M5H 2S7 (or alternative nearby site in the event of capacity restrictions).

3. Depositions taking place in London shall take place at Herbert Smith Freehills LLP, Exchange House, Primrose Street, London EC2A 2HS (or alternative nearby site in the event of capacity restrictions).

4. Depositions taking place in Ottawa shall take place at Gowling LaFleur Henderson LLP, 160 Elgin Street, Suite 2600, Ottawa, Ontario K1P 1C3 (or alternative nearby site in the event of capacity restrictions).

5. Depositions in other cities will take place either at a location chosen by the producing Discovery Participant, if applicable, or by designation or agreement by the Deposition Group(s) with whom the witness was primarily associated, which may take into account the convenience of the witness.

6. The host of each deposition shall provide one large room for the deposition as well as one breakout room for each of the three Deposition Groups, and one additional breakout room for the witness (and his or her counsel, if the witness is separately represented). In the event that more than one deposition occurs at a host firm on a given day, only one breakout room needs to be provided per Deposition Group.

7. All witnesses who a Discovery Participant has the ability to compel attendance in Toronto or New York [or London] shall be produced for deposition in either Toronto, New York [or London] at the option of the producing Discovery Participant. Discovery Participants shall use reasonable efforts to produce all cooperating witnesses in either Toronto, New York [or London], and each Discovery Participant producing a cooperating witness shall offer to pay that witnesses' reasonable travel expenses to do so.[4]

---

[4] The Parties have not yet reached agreement on whether witnesses currently employed by or under the control of the EMEA Debtors or the U.K. Pension Claimants must be produced in Toronto or New York, or may be produced in London, and have reserved this issue for further discussion among themselves and, failing agreement, resolution by the Court(s). The Parties do agree that the EMEA Debtors and the U.K. Pension Claimants may produce cooperating witnesses not employed by them or under their control in London.

## C. LENGTH OF DEPOSITIONS

1. For witnesses designated by one or two Deposition Groups,[5] the presumption shall be that depositions shall last no longer than one seven-hour day (measured by the "on-the-record" time).

    a. For witnesses designated by one Deposition Group, five hours shall be allocated for the designating Deposition Group, and one hour each shall be allocated for the remaining two Deposition Groups.

    b. For witnesses designated by two Deposition Groups, three hours shall be allocated for each designating Deposition Group, and one hour shall be allocated for the remaining Deposition Group.

2. For witnesses designated by three Deposition Groups, the presumption shall be that depositions shall last no longer than one ten-hour day (measured by the "on-the-record" time), or one and one half days, at the option of the witness. Each Deposition Group shall be allocated equal time.

3. On August 9, 2013, each Deposition Group served all Core Parties with a list of designated witnesses that Deposition Group wishes to cross-designate. On August 13, 2013, each Deposition Group served all Core Parties with a list of witnesses that such Deposition Group anticipates requiring more time to examine than the presumed time allotment herein, including the amount of time that the Deposition Group requests for each such witness. In the event the total amount of time requested exceeds the presumptive maximum for a particular deposition and the witness is unwilling to agree to such additional time, the parties shall confer in good faith in an effort to reduce the total requested time and, failing agreement, shall have the right to seek judicial relief in

---

[5] If, pursuant to Section 6 of the Discovery Plan, any Claim or Allocation Group within a Deposition Group designated or cross-designated the witness, the witness will be deemed "designated by" such Deposition Group, including for purposes of time allocations.

advance of such deposition. If the witness is willing to agree to additional time (including time over and above the total amount requested by the Deposition Groups), the Deposition Groups shall confer in good faith on a fair allocation of the additional time to depose the witness. Absent extraordinary circumstances, and to avoid the burden on a witness to appear twice, any disagreements with the allocated time for a deposition must be raised, and if unresolved, judicial relief seeking modification sought, prior to a deposition.

4. For purposes of time allocation, Core Parties that are not in one of the Deposition Groups shall be grouped by agreement with a Deposition Group with similarly aligned interests for that deposition and, if an agreement cannot be reached, may seek leave of the Court(s) or consent of the Deposition Groups for a separate time allocation.

5. The court reporter shall maintain a total running time for actual deposition testimony and record how much time is taken in each deposition by each Deposition Group.

6. Where necessary to complete the deposition and avoid unnecessary motion practice, the deponent may agree, at the request of any Discovery Participant, to extend the length of any deposition for additional time on the same day. The travel plans of other Core Parties shall not be an excuse to object to the extension of a deposition in the event of such agreement. In the event more than a de minimis amount of additional time is granted, the Core Parties shall work collaboratively to fairly allocate such additional time.

7. Time spent participating in teleconferences with the Court(s) or their agents during a deposition shall not be counted as "on the record" time for purposes of calculating the time remaining for the deposition.

## D. SCHEDULING OF DEPOSITIONS

1. For witnesses designated for deposition by July 30, 2013, Discovery Participants advised the other Discovery Participants on August 13, 2013 of those witnesses they have been informed will appear voluntarily. After a seven-day grace period expiring on August 20, 2013, for witnesses that have not indicated a willingness to appear voluntarily, any Discovery Participant may subpoena, issue any other applicable process, and/or contact that witness directly (subject to paragraph 2(c), below).

2. For witnesses not voluntarily appearing:

   a. The Discovery Participant with whom the witness was associated must provide last known contact information (including phone number) for the witness if not previously disclosed in interrogatory responses;

   b. The Discovery Participant with whom that witness was associated must provide the name and contact information (including phone number) of the witness's attorney, if known;

   c. Any Discovery Participant contacting such witness must first ask the witness if he or she has an attorney for purposes of this litigation, and if the answer is affirmative, further contact should occur through that counsel. Discovery Participants must otherwise comply with all applicable ethical rules for speaking with unrepresented persons; and

   d. Any contacting Discovery Participant shall notify the other Discovery Participants if he or she learns of contact or counsel information not previously disclosed to the other Discovery Participants.

3. No depositions shall be conducted on weekends absent consent of each of the relevant Deposition Groups, on Labor Day (September 2, 2013), Rosh Hashanah (September 4, 5, and 6, 2013), Yom Kippur (September 13 and 14, 2013), Canadian Thanksgiving

(October 14, 2013) and U.S. Thanksgiving (November 28 and 29, 2013). In the event a weekend deposition is requested and the requisite consent cannot be obtained, the Deposition Group proposing such deposition may proceed only with leave upon demonstration of good cause to the U.S. Court for depositions taking place in the U.S., the Canadian Court for depositions taking place in Canada, and either Court for depositions taking place outside of North America.

4. Except upon order of the Court for good cause shown, or consent of each of the Deposition Groups, fact depositions shall be taken only once.

5. A master deposition calendar shall be maintained either online in realtime or by a member of the Scheduling Committee to be designated that shall update and circulate the calendar on a daily basis.

6. Depositions of witnesses under the control of a Discovery Participant or otherwise voluntarily appearing ("Voluntary Witnesses") shall be scheduled as follows:

   a. A scheduling committee (the "Scheduling Committee") shall be comprised of one person for each Deposition Group (who may be represented by an alternate if unavailable). By August 26, 2013, all Discovery Participants shall provide the dates that they have received from each Voluntary Witness on which they are (or are not) available to be deposed from September 23, 2013 through November 27, 2013. Discovery Participants shall seek to obtain multiple potential dates from witnesses. All Discovery Participants shall make every reasonable effort to be in a position to offer a sufficiently broad range of dates for their witnesses collectively so as to enable depositions of witnesses of each Discovery Participant to be scheduled relatively evenly throughout the period for fact depositions.

   b. The Scheduling Committee shall meet and confer by August 30 and as necessary thereafter to schedule the depositions of Voluntary Witnesses whose availability is

known as of the date of the creation of that schedule and shall distribute a calendar as soon as possible after conferring, but no later than September 4. Objections to this initial proposed schedule shall be made on or prior to September 9, 2013. Recognizing the importance of accommodating witnesses, objections to a date preferred by or required by the witness should be made sparingly and only in extreme circumstances.

c. Subsequent to August 30, 2013, Discovery Participants shall provide notice of potential deposition dates to the Scheduling Committee promptly after obtaining them from Voluntary Witnesses from whom they were unable to provide availability prior to the creation of the initial schedule, whereupon the Scheduling Committee shall meet and confer (which may be telephonic or by email) within three business days of being advised of available dates for a witness to select a proposed date for the deposition of that witness (provided however that the Scheduling Committee shall endeavor to meet and confer sooner if necessary to comply with the notice requirements in paragraph D(7) below). Any proposed deposition date and location for each witness determined by the Scheduling Committee shall be placed on the master calendar, following which all other Discovery Participants shall have two business days to object.

d. If the Scheduling Committee is unable to agree upon a proposed date for a witness within five business days of being provided with available dates, the party with whom the Voluntary Witness is cooperating shall select the date and inform the Scheduling Committee, following which all other Discovery Participants (including members of the Scheduling Committee) shall have two business days to object.

e. All objections shall be resolved through a meet and confer among the Scheduling Committee (or designated members) and the objector(s) within one business day;

failing resolution, the objector must seek relief from the Court(s) within two business days thereafter (by letter) by demonstrating good cause or the objection is waived.

7. Discovery Participants shall endeavor to provide the Scheduling Committee with sufficient advance notice of the first date a Voluntary Witness is available so as to provide the Scheduling Committee with sufficient time to notify all Discovery Participants of any deposition not less than five business days before examinations in North America and not less than seven business days before examinations outside of North America if more notice is not possible. Absent consent of each of the Discovery Groups, or authorization by one of the Courts, no deposition may be scheduled upon notice to all Discovery Participants of less than three business days if taking place in North America and five business days if taking place outside of North America.

8. Non-party depositions scheduled by compulsory process for witnesses who will not appear voluntarily ("Compulsory Witnesses") shall be immediately reflected on the calendar upon notice to the Scheduling Committee. Where more than one Deposition Group has designated a witness who will not agree to attend voluntarily, those Groups shall endeavor to coordinate the selection of a deposition date prior to one Deposition Group moving forward unilaterally. Except for such depositions noticed prior to the date hereof, where practicable, Discovery Participants shall adapt and utilize the Scheduling Committee procedure described in the preceding paragraphs to schedule the depositions of Compulsory Witnesses, including the deadlines set forth therein for objections, meet and confers and requests for judicial relief.

9. Once a Voluntary Witness has been placed on the master calendar and confirms the firm scheduling of his or her deposition, including its proposed length and location, and provided there are no timely objections to such scheduling, such Voluntary Witness

shall no longer be expected to remain available on any of the other dates that he or she may have previously indicated availability.

10. Once scheduled, depositions may not be postponed except on the unanimous consent (given or withheld in good faith) of the Scheduling Committee or for good cause authorized by the Court, except in the event of an emergency necessitated by the witness with insufficient time to obtain consent or leave. Immediate notice of any postponement shall be provided to the other Discovery Participants. So long as reasonable notice was provided consistent with paragraph D(7), the filing of an objection shall not result in the adjournment of a deposition unless a court order for such adjournment is obtained.

## E. QUESTIONING AT DEPOSITIONS

1. Deposition Groups shall allocate their time for each deposition among their members and shall each designate a lead examiner. Non-repetitive examination may be conducted by other Discovery Participants in the same Deposition Group (within the time allotted for that Group). The parties shall agree ahead of time on the order of questioning at each deposition and the lead examiners in each Deposition Group shall work in good faith as provided for in the Discovery Plan to coordinate the questioning in an effort to avoid duplication.

2. No more than two examiners per Discovery Participant may ask questions at a deposition. A second examiner may question the witness only on the following conditions: (i) the first examiner may not question the witness again after the second examiner has begun; (ii) the second examiner must have been present for the entirety of the first examiner's questioning; and (iii) the second examiner must question the witness only on a separate topic or separate topics than were covered by the first examiner.

3. Depositions shall begin promptly at 9:00 a.m. without exception unless absolutely necessary to accommodate the witness. As long as proper notice was provided, depositions shall commence at that time even if some Discovery Participants are not present.

4. An objection by one Discovery Participant preserves that objection for all Discovery Participants. Discovery Participants shall not make redundant objections.

   a. Objections to form shall be deemed to be on all grounds appropriate for a form objection.

   b. No objection other than to the form of the question is waived by failure to assert it during the deposition.

5. Nothing shall preclude counsel from seeking an order from the Court(s) to protect the witness where counsel has a reasonable, good faith belief that the witness is being questioned on wholly irrelevant matters or in an otherwise abusive manner, or that there are other grounds under Federal Rule of Bankruptcy Procedure 7026(c) or the Ontario Rule of Civil Procedure 34.14 for a protective order with respect to the questioning being conducted of the witness. In that event, counsel shall cooperate in deferring answers to those questions until later in the deposition to permit counsel to contact the Court. If the Court is unavailable throughout the deposition and the parties are unable to reach an agreement on the objected-to questions, the deposition may be adjourned until a court ruling can be obtained.

6. Discovery Participants are encouraged to limit attendance at depositions. There shall be no limitation on the number of attorneys viewing or listening remotely to a deposition, provided those attorneys following remotely remain silent.

7. For planning purposes, attendees shall endeavor to advise a designated person at the host location of their identities at least two business days prior to each deposition.



8. The Discovery Participants shall endeavor to have the court reporting service stream the deposition (audio, video, and/or transcription) over the internet so as to enable parties to follow the deposition remotely. Aside from limited questions (no more than ten) submitted in writing at least one business day prior to the commencement of the deposition where the number and scope of those questions do not warrant the attendance of counsel for a particular Discovery Participant at the examination, no examination may be conducted or objections asserted by any attorney not present at the deposition. No deposition shall be adjourned or delayed due to a problem with remote access technology. In the event of the advance submission of written questions, lead counsel at the deposition for the Discovery Group encompassing that Discovery Participant shall ask the questions but shall have the discretion and the duty not to ask any written questions he or she believes would be repetitive.

9. At the outset of the deposition, on the record, all counsel shall identify themselves and the Discovery Participant they represent. The Discovery Participants shall explore with the court reporting service how to record the identities of counsel following the deposition remotely.

**F.    USE OF DOCUMENTS**

1. No later than four business days before a deposition, all Discovery Participants intending to examine a deponent may, but shall not be obligated to, serve via email a non-binding list of the specific documents (by Bates number or, if previously marked, by exhibit number) that counsel anticipates using or referring to during the deposition. Discovery Participants shall endeavor to transmit pdfs of the actual documents with such email. In that circumstance, counsel need not bring extra copies of such documents except as necessary for the witness and his or her counsel.

2. Any counsel who does not pre-designate documents shall not forfeit the right to use those documents, but in that case, shall bring at least fifteen copies of such documents to the deposition for counsel and the witness, at least six of which must be hard copies and the balance of which can be pdfs in electronic form on individual USB drives/memory sticks. Any Discovery Participant that requests a copy of a document used during a deposition shall be provided one by the examining Discovery Participant following the deposition.

3. Each document marked for identification at a deposition shall be numbered with a new exhibit number. Counsel will make their best efforts to use the previously-marked exhibits by number in subsequent depositions.

4. To avoid the possibility of the same numbers being used for different exhibits during concurrently-conducted depositions, exhibits first marked during the deposition of a witness primarily associated with the Canadian Debtors shall begin with 1,000, the U.S. Debtors shall begin with 2,000, the EMEA Debtors shall begin with 3,000, the UK Pension Claimants shall begin with 4,000, and other parties shall begin with 5,000. (To the extent that a witness is primarily associated with more than one Discovery Participant, the lower sequence shall be used). When more than one deposition is occurring on the same day which poses risk of overlap, the examining parties shall confer in advance about starting numbers to use at those depositions to avoid overlap.[6]

5. Immediately following each deposition, the initial examiner shall be responsible for circulating a list of new exhibit numbers marked at such deposition, with reference to Bates numbers.

---

[6] The Parties intend to confer further and, with the approval of each of the Discovery Groups prior to the commencement of depositions, may refer to exhibits by Bates numbers rather than exhibit numbers.

6. The court reporter shall be responsible for ensuring that the original of all deposition transcripts, including exhibits, are retained at the court reporter's offices.

**G. RULE 30(B)(6) AND REPRESENTATIVE PARTY DEPOSITIONS/ EXAMINATIONS**

1. Notwithstanding anything in the Discovery Protocol and Litigation Timetable to the contrary, representative party depositions/examinations for discovery under Rule 31 of the *Rules of Civil Procedure for Ontario* (hereinafter "Representative Depositions" of "Representative Witnesses") shall be conducted as follows:

   a. All previously served Rule 30(b)(6) notices are deemed superseded by this paragraph. At least ten business days before the commencement of Representative Depositions, a Deposition Group may serve a very limited number of subjects on which it believes no fact witness currently or formerly associated with the party producing the Representative Witness has provided adequate first-hand testimony. Provided such subjects are small in number and reasonable in scope, the Representative Witness has a duty to prepare to testify on the designated subjects. In the event a party designates an unreasonable number of subjects relative to the time limitations for the examination, subjects of an impermissibly broad scope or subjects inappropriate for a Representative Deposition, objections shall be served within three business days. The applicable parties shall meet and confer in good faith within two business days thereafter and, failing agreement, the burden shall be on the noticing party to obtain judicial relief at least two business days (in order to enable preparation) prior to the Representative Deposition. The failure to obtain judicial relief on a timely basis shall not be a basis to adjourn a Representative Deposition.

b. Representative Depositions shall be scheduled through the Scheduling Committee process and with similar procedures. The identity of Representative Witnesses shall be disclosed at least five business days prior to their scheduled deposition dates.

c. Discovery Participants shall not be limited in their examination of the Representative Witness to the noticed subjects; however, the Representative Witness shall have no duty to prepare for such examination on any specific subjects other than those noticed to which no objection was raised or court order obtained.

d. Any undertakings required in accordance with Rule 31 of the *Rules of Civil Procedure for Ontario* shall be limited to specific matters of fact outside the Representative Witness's knowledge, information and belief that are not already the subject of first-hand deposition testimony obtained from a knowledgeable fact witness. In the event of disagreement, the applicable parties shall meet and confer promptly and promptly thereafter bring any dispute to the attention of the appropriate Court.

2. Each Discovery Participant who filed an independent pleading (other than a non-argumentative joinder) shall designate one Representative Witness to be deposed in Toronto or New York, unless otherwise agreed by each of the Deposition Groups. Additionally, any Discovery Participant (other than the estates or UKP) who filed an independent pleading may withdraw such pleading by November 15, 2013 (and may file a non-argumentative joinder in its place) and thereby not be subject to the requirement to designate a Representative Witness. Notwithstanding the foregoing, the Directors and Officers shall not be required to designate a Representative Witness.

3. Time allocation for Representative Depositions:

\608

a. The Representative Witness for each of the U.S. Debtors, the Canadian Debtors, the U.K. Pension Claimants and NNUK shall be deposed for two seven-hour days, with one day being allocated to each of the two other Deposition Groups.

b. The Discovery Participants disagree on the amount of time for Representative Witnesses for the EMEA Debtors other than NNUK, including whether the EMEA Debtors can designate one Representative Witness for all of the EMEA Debtors collectively. To the extent they are unable to reach consensual resolution, the parties reserve all rights and will seek judicial guidance.

c. Each Representative Witness for each of the other Discovery Participants who filed an independent pleading (other than a non-argumentative joinder) shall be deposed for no longer than one seven-hour day (measured by the "on-the-record" time), with half being allocated to each of the two opposing Deposition Groups.

4. If a party designates a Representative Witness who has already been deposed as a fact witness, that party waives any objection to a second deposition. Unless agreed to by the Deposition Participants who noticed the fact deposition, Representative Depositions shall occur separate from fact depositions.

5. Representative Depositions shall occur during the last two weeks before fact depositions end.

## H. COURT REPORTING SERVICES

1. For reasons of cost and efficiency, Ellen Grauer Court Reporting Co. has offered discounted rates and shall be used for all depositions.

2. The court reporting service will provide remote access as described herein and secure real-time video streaming (if videotaped) and LiveNote, and the host party shall provide speaker-phone and internet capability for all depositions. The court reporting service will transcribe all conference calls with the Court from the deposition site as

part of the deposition transcript for that day. At the end of each day, the court reporter will provide a cleaned-up transcript of the LiveNote session (via web or email) to all Discovery Participants ordering a transcript.

3. Depositions may be videotaped or digitally recorded at the request and at the cost of any requesting Discovery Participant upon at least five business days' notice (where sufficient notice of the deposition is provided) to the court reporting service and all Discovery Participants and counsel for the witness. In the event multiple Discovery Participants request that a deposition be videotaped or digitally recorded, the cost of such taping shall be split equally among all Discovery Participants that request videotaping or digital recording. Counsel for the witness shall be entitled to a copy of such videotape without cost.

## I. STANDARD STIPULATION

The following stipulation will apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

1. Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction and signature under penalty of perjury. The witness shall have 30 days from the day of receipt within which to review, make any corrections, sign the deposition transcript under penalty of perjury, and return it to counsel. The witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

2. If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction and signature within 30 days from the date of receipt, the witness shall return the original transcript to the court



reporter, who will notify all counsel of its receipt and any changes to testimony by the witness.

3. The court reporter will retain the original transcript, including exhibits. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes. The court reporter is otherwise relieved of any statutory duties.

## J.   CONFIDENTIALITY

The Order Entering a Protective Order [D.I. 10805] / [Order (Protective Order), Ontario Superior Court of Justice, 09-CL-7950, June 11, 2013] shall govern the treatment of Confidential Discovery Material presented at each deposition.

## K.   USE OF DEPOSITIONS AT TRIAL

The Discovery Participants agree that Section 6(c) of the Discovery Plan should be clarified and amended, as necessary, to allow any Discovery Participant to use, in certain circumstances to be agreed among the parties (or, failing agreement, as directed by the Courts), deposition testimony of witnesses (other than deposition testimony of Representative Witnesses, the use of which is provided for under the Discovery Plan and the applicable Rules) as part of its direct or rebuttal case at trial, in a consistent manner for the purposes of Allocation, U.S. Claims and/or Canadian Claims. To the extent that the content of such deposition testimony would, for reasons other than the fact that it was obtained in an out-of-court examination, otherwise be inadmissible under the Ontario rules of evidence or the Federal Rules of Evidence if the witness were present at trial in the relevant jurisdiction, any Discovery Participant may raise an objection to the admission of the testimony and either or both of the Court(s) may make a ruling about its admissibility at trial, based on the rules of evidence in each jurisdiction.

The Discovery Participants agree to meet and confer in good faith by no later than September 4, 2013 to endeavor to agree upon the parameters for the use and admissibility of

174

deposition testimony at trial, and any related considerations such as, without limitation, the extent to which Discovery Participants will retain the right to compel witnesses to appear at trial. If the Discovery Participants are unable to reach agreement by September 10, 2013, they will seek the guidance of the Court(s) on the issue by no later than the week of September 16, 2013.

Dated: August 25, 2013

*Counsel for the Official Committee of Unsecured Creditors*

/s/ Robert A. Johnson
AKIN GUMP STRAUSS HAUER & FELD LLP

David H. Botter
Fred Hodara
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

RICHARDS, LAYTON & FINGER, P.A.

Mark D. Collins
Christopher M. Samis
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

DENTONS CANADA LLP
(formerly Fraser Milner Casgrain LLP)

Ryan Jacobs
R. Shayne Kukulowicz
Michael J. Wunder
77 King Street West
4th Floor
Toronto, ON M5K 0A1
Canada
Telephone: (416) 863-4511
Facsimile: (416) 863-4592

*Counsel for the Debtors and Debtors in Possession*

/s/ Jeffrey A. Rosenthal
CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard S. Zelbo
James L. Bromley
Jeffrey A. Rosenthal
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott
Eric D. Schwartz
Ann C. Cordo
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

TORYS LLP

Scott Bomhof
Tony DeMarinis
Andrew Gray
Adam Slavens
79 Wellington Street West
Suite 3000, Box 270, TD Centre
Toronto ON M5K 1N2, Canada
Telephone: (416) 865-0040
Facsimile: (416) 865-7380



*Counsel for the Bondholders*

*/s/ Atara Miller*

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones
Kathleen P. Makowski
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

MILBANK, TWEED, HADLEY & McCLOY LLP

Dennis F. Dunne
Thomas R. Kreller
Albert A. Pisa
Andrew M. Leblanc
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

BENNETT JONES

Gavin Finlayson
Richard B. Swan
Kevin Zych
S. Richard Orzy
3400 One First Canadian Place
P.O. Box 130
Toronto, Ontario M5X 1A4
Canada

*Counsel for Ernst & Young Inc. as Monitor*

*/s/ Paul Keller*

GOODMANS LLP

Jay Carfagnini
Fred Myers
Joseph Pasquariello
Benjamin Zarnett
Bay Adelaide Centre
333 Bay Street
Suite 3400
Toronto, ON M5H 257
Canada
Telephone: (416) 979 2211
Facsimile: (416) 979 1234

ALLEN & OVERY LLP

Ken Coleman
Daniel Guyder
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

BUCHANAN INGERSOLL & ROONEY PC

Mary F. Caloway
Kathleen A. Murphy
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

*Counsel for the Canadian Debtors*

*/s/ Paul Keller*

GOWLING LAFLEUR HENDERSON LLP

Jennifer Stam
Derrick Tay
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, ON M5J 2Z4
Canada
Tel: +1 416 216 4000
Fax: +1 416 216 3930

ALLEN & OVERY LLP

Ken Coleman
Daniel Guyder
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

BUCHANAN INGERSOLL & ROONEY PC

Mary F. Caloway
Kathleen A. Murphy
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

*Counsel for the Joint Administrators*

*/s/ Neil Oxford*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton
Edwin J. Harron
John T. Dorsey
Jaime Luton Chapman
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

HUGHES HUBBARD & REED LLP

Derek J.T. Adler
Gabrielle Glemann
Charles H. Huberty
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

DAVIES WARD PHILLIPS & VINEBERG LLP

174

*Counsel for the Canadian Creditors Committee*

<u>*/s/ Selinda A. Melnik*</u>
Selinda A. Melnik (DE Bar No. 4032)

*on behalf of*

DLA PIPER LLP (US)
*U.S. Counsel for the Canadian Creditors Committee*

Selinda A. Melnik
919 North Market Street
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 468-5650
Facsimile: (302) 778-7914
*- and -*
Richard Hans
Timothy Hoeffner
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4530

CAW-CANADA LEGAL DEPARTMENT
*Lawyers for the Canadian Autoworkers Union*

Barry Wadsworth
205 Placer Court
Toronto, ON M2H 3H9
Telephone: (416) 495-3776
Facsimile: (416) 495-3786

KOSKIE MINSKY LLP
*Lawyers for the Former and Disabled Canadian Employees*

Mark Zigler
Susan Philpott
Ari Kaplan
20 Queen Street West, Suite 900
Toronto, ON M5H 3R3
Telephone: (416) 595-2090
Facsimile: (416) 204-2877

Robin Schwill
Sean Campbell
155 Wellington Street West
Toronto, ON M5V 3J7
Telephone: (416) 863-0900
Facsimile: (416) 863-0871

LAX O'SULLIVAN SCOTT LISUS LLP

Matthew P. Gottlieb
145 King Street West
Suite 2750
Toronto, ON M5H 1J8
Canada
Telephone: (416) 598-1744
Facsimile: (416) 598-3730

*Counsel for The Bank of New York Mellon, as Indenture Trustee*

<u>*/s/ Michael Riela*</u>

LATHAM & WATKINS LLP

Michael J. Riela
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

MCMILLAN LLP

Sheryl E. Seigel
Brookfield Place, Suite 4400
181 Bay Street
Toronto, ON M5J 2T3
Canada
Telephone: (416) 865-7000
Facsimile: (416) 865-7048

175

McCARTHY TÉTRAULT LLP
*Lawyers for Morneau Shepell Ltd., as administrator of the Nortel Canada registered pension plans*

R. Paul Steep
Byron D. Shaw
Elder Marques
James D. Gage
Barbara J. Boake
TD Bank Tower, Suite 5300
Toronto Dominion Centre
66 Wellington Street West
Toronto ON M5K 1E6
Telephone: (416) 601-7998
Facsimile: (416) 868-0673

PALIARE ROLAND ROSENBERG ROTHSTEIN LLP

Ken Rosenberg
Lily Harmer
Karen Jones
Massimo Starnino
155 Wellington Street West, 35th Floor
Toronto, ON M5V 3H1
Telephone: (416) 646-4300
Facsimile: (416) 646-4301

SHIBLEY RIGHTON LLP
w/ NELLIGAN O'BRIEN PAYNE LLP
Barristers and Solicitors
*Lawyers for the Active and Transferred Canadian Employees*

Arthur O. Jacques/ Thomas McRae
Co-Counsel: Janice Payne / Steve Levitt
250 University Avenue, Suite 700
Toronto, ON M5H 3E5
Telephone: (416) 214-5213/5206
Facsimile: (416) 214-5413/5400

*Counsel for the Trustee of Nortel Networks UK Pension Plan and the Board of the Pension Protection Fund*

*/s/ Sameer Advani*
BAYARD, P.A.

Charlene D. Davis
Justin R. Alberto
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

WILLKIE FARR & GALLAGHER LLP

Brian E. O'Connor
787 7th Ave.
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-9251

CASSELS BROCK & BLACKWELL LLP

David Ward
William Burden
Lara Jackson
Suite 2100, Scotia Plaza
40 King Street West
Toronto, ON M5H 3C2
Canada
Telephone: (416) 869-5300
Facsimile: (416) 360-8877

THORNTON GROUT FINNIGAN LLP

Michael Barrack
D.J. Miller



*Counsel for the Wilmington Trust Company, not in its individual capacity but solely as Trustee*

*/s/ David A. Crichlow*

KATTEN MUCHIN ROSENMAN LLP

Craig A. Barbarosh
David A. Crichlow
Karen B. Dine
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

HEENAN BLAIKIE LLP

John Salmas
Kenneth David Kraft
Bay Adelaide Centre
P.O. Box 2900
333 Bay Street, Suite 2900
Toronto, ON M5H 2T4
Telephone: (416) 360-6336
Facsimile: (416) 360-8425

Rebecca Lewis
Andrea McEwan
Suite 3200, 100 Wellington Street West
P.O. Box 329
Toronto-Dominion Centre
Toronto, ON M5K 1K7

*Counsel for the Law Debenture Trust Company of New York*

*/s/ Daniel A. Lowenthal*

BORDEN LADNER GERVAIS

John D. Marshall
Craig J. Hill
Edmond Lamek
Scotia Plaza,
40 King Street West, 44th Floor
Toronto, Ontario M5H 3Y4
Canada
Telephone: (416) 367-6000
Facsimile: (416) 367-6749

PATTERSON BELKNAP WEBB & TYLER LLP

Daniel A. Lowenthal
Brian P. Guiney
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

MORRIS JAMES LLP

Stephen M. Miller
Courtney R. Hamilton
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750

177

*Counsel for the Former Directors and Officers of Nortel Networks Corporation and Nortel Networks Limited*

*/s/ Betsy Putnam*

OSLER, HOSKIN & HARCOURT LLP

Lyndon A.J. Barnes
Adam Hirsh
Box 50, 1 First Canadian Place
Toronto, Ontario
M5X 1B8
Canada

## SCHEDULE B

## AMENDED LITIGATION TIMETABLE

| Deadline | Current Date | Proposed Revised Date |
|---|---|---|
| Date for completion of outstanding non-privileged document production | No date | September 3, 2013 |
| Date for completion of joint privileged documentation production and service of privilege logs | No date | September 7, 2013 |
| Date for depositions to begin | No date | September 23, 2013 |
| Deadline to identify experts and the subject matter of their reports | September 13, 2013 | November 27, 2013 |
| Deadline to complete witness depositions, including representative witness depositions | September 27, 2013 | December 13, 2013 |
| Deadline for service of expert reports | October 4, 2013 | December 20, 2013 |
| Deadline for service of rebuttal expert reports | November 1, 2013 | January 24, 2014 |
| Preliminary pre-trial conference | Week of November 11, 2013 | Week of February 17, 2014 |
| Deadline to complete expert depositions | December 6, 2013 | February 28, 2014 |
| Deadline to file a list of all witnesses and exhibits that each Core Party intends to rely upon as part of its direct case | December 9, 2013 | March 6, 2014 |
| Deadline to file:<br>• Pre-trial motions<br>• Pre-trial briefs<br>• All fact affidavits to be used in direct case<br>• All exhibits to be used in direct case<br>• All deposition testimony to be used in direct case | December 13, 2013 | March 14, 2014 |
| Pre-trial conference | Week of December 16, 2013 (if the Courts desire) | Week of March 17, 2014 (if the Courts desire) |
| Beginning of trial | January 6, 2014 | March 31, 2014 (or such later date as is convenient for the Courts) |

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, et al.
Applicants

Court File No. 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

PROCEEDING COMMENCED AT TORONTO

## ORDER APPROVING AMENDED LITIGATION TIMETABLE

**LAX O'SULLIVAN SCOTT LISUS LLP**
Counsel
Suite 2750, 145 King Street West
Toronto, ON M5H 1J8

**Matthew P. Gottlieb** (LSUC #32268B)
**Tracy L. Wynne** (LSUC #37395R)
Tel: (416) 598-1744
Fax: (416) 598-3730

**DAVIES WARD PHILLIPS & VINEBERG LLP**
155 Wellington Street West
Toronto, ON M5V 3J7

**Robin B. Schwill** (LSUC #38452I)
Tel: (416) 863-0900
Fax: (416) 863-0871

Lawyers for the Joint Administrators of Nortel Networks UK Limited (In Administration)

179.

**APPENDIX D – AMENDED DEPOSITION PROTOCOL ORDER**

181

File No. 09-CL-7950

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

| | | |
|---|---|---|
| THE HONOURABLE MR. JUSTICE MORAWETZ | ) ) ) ) | FRIDAY, THE 20TH DAY OF SEPTEMBER, 2013 |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

SUPERIOR COURT OF JUSTICE · COUR SUPÉRIEURE DE JUSTICE

**ORDER**
**(Amended Deposition Protocol)**

**THIS MOTION** made by Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation (collectively, the "**Canadian Debtors**") jointly with Ernst & Young Inc. in its capacity as monitor (the "**Monitor**") of the Canadian Debtors for the relief set out in the Notice of Motion dated September 17, 2013, was heard this day at 393 University Avenue, Toronto, Ontario.

**ON READING** the Notice of Motion dated September 17, 2013, and on hearing submissions of counsel for the Canadian Debtors and the Monitor, and on being advised of the consent or non-opposition of the other Core Parties, no one appearing for any other person on the service list or the core

party service list although duly served as appears from the affidavit of Christopher G. Armstrong sworn September 18, 2013, filed.

1. **THIS COURT ORDERS** that the time for the service of the Notice of Motion and other motion materials is hereby abridged and validated so that this Motion is property returnable today and hereby dispenses with further service thereof.

2. **THIS COURT ORDERS** that the Amendment to Deposition Protocol Stipulation appended as Exhibit "A" hereto be and is hereby approved.

3. **THIS COURT ORDERS** that, without derogating from the Order (Protective Order) of this Court dated June 11, 2013, in connection with evidence obtained on any examination/deposition of a witness or party that is conducted in these proceedings, the laws of the jurisdiction where the examination/deposition is conducted shall apply, for all purposes, as relate to protections against self-incrimination and the use or derivative use of evidence for collateral purposes or in other proceedings, as applicable.

**MISCELLANEOUS**

4. **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Canadian Debtors, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Canadian Debtors and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign

proceeding, or to assist the Canadian Debtors and the Monitor and their respective agents in carrying out the terms of this Order.

5. **THIS COURT ORDERS** that each of the Canadian Debtors and the Monitor be at liberty and are hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

SEP 20 2013

**EXHIBIT "A"**

**AMENDMENT TO DEPOSITION PROTOCOL STIPULATION**

**[ATTACHED]**

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*:<br><br>Nortel Networks Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered) |

**AMENDMENT TO DEPOSITION PROTOCOL STIPLUATION**

Having conferred and agreed on certain matters related to the use of depositions in the litigations concerning the Allocation dispute, the US Claims and the Canadian Claims, as required by the Deposition Protocol, which protocol was approved by orders of the U.S. and Canadian Courts dated August 26, 2013 and August 27, 2013, respectively, the parties hereto stipulate and agree that, subject to orders of the U.S. and Canadian Courts approving this Amendment to Deposition Protocol Stipulation, Section K of the Deposition Protocol shall be amended so that the last paragraph thereof is deleted in its entirety and replaced with the following two paragraphs:[2]

**K. USE OF DEPOSITIONS AT TRIAL**

[. . .]

Except as ordered by the Courts for good cause, for any fact witness who is not appearing to testify at trial, each Discovery Participant may submit into evidence the transcript of

[1] The debtors in the chapter 11 cases, along with the last four digits of each such debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Litigation Timetable, approved by this Court's order dated May 17, 2013 [Dkt. No. 10566], and/or the Allocation Protocol, approved by this Court's order dated May 17, 2013 [Dkt. No. 10565].

such fact witness' deposition testimony or compelled testimony taken on any examination conducted pursuant to letters rogatory or letters of request, regardless of where the deponent resides, as part of a Discovery Participant's direct or rebuttal case, or as part of a cross-examination, at trial to determine Allocation, U.S. Claims and/or Canadian Claims.   This submission will continue to be subject to the local rules of evidence and procedure that would apply if the witness were present and testifying in the U.S. or Canada, respectively.  If a party offers only part of a deposition/examination, a party adverse in interest with respect to the topics covered in the part of the deposition so designated may designate other parts of the deposition/examination for context and any party may itself introduce other parts.   Deposition/examination evidence must be provided to the courts in transcript form but may also be provided by video recording if available.

The dispute about the compellability of witnesses at trial will be deferred, on the basis of a complete reservation of the Discovery Participants' rights and positions as to the entitlement to compel witnesses and, if permitted, any limitations on the number that may be compelled or time limits that should be imposed on their testimony and any provision for the manner in which their deposition transcripts may be used.  The parties have also agreed to defer the issue as to how deposition transcripts may be used at trial, if at all, with respect to fact witnesses who have provided an affidavit and are appearing to provide brief introductory direct testimony and to be cross-examined.  All of this is to be decided by the Courts at the first pre-trial conference, which under the current schedule is to be held the week of February 17 (or such earlier pre-trial conference as the Courts may be willing to convene following the completion of fact depositions in order to resolve this

issue), if the Discovery Participants are not able to reach agreement on some or all of these matters before then.

The parties further stipulate and agree that all of the other terms and conditions of the Deposition Protocol remain in effect except as expressly amended herein.

[*Intentionally left blank*]

188

Dated: September 20, 2013

*Counsel for the Official Committee of Unsecured Creditors*

/s/ Robert A. Johnson
AKIN GUMP STRAUSS HAUER & FELD LLP

David H. Botter
Fred Hodara
Abid Qureshi
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

RICHARDS, LAYTON & FINGER, P.A.

Mark D. Collins
Christopher M. Samis
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

DENTONS CANADA LLP
(formerly Fraser Milner Casgrain LLP)

Ryan Jacobs
R. Shayne Kukulowicz
Michael J. Wunder
77 King Street West
4th Floor
Toronto, ON M5K 0A1
Canada
Telephone: (416) 863-4511
Facsimile: (416) 863-4592

*Counsel for the Debtors and Debtors in Possession*

/s/ Jeffrey A. Rosenthal
CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard S. Zelbo
James L. Bromley
Jeffrey A. Rosenthal
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott
Eric D. Schwartz
Ann C. Cordo
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

TORYS LLP

Scott Bomhof
Tony DeMarinis
Andrew Gray
Adam Slavens
79 Wellington Street West
Suite 3000, Box 270, TD Centre
Toronto ON M5K 1N2, Canada
Telephone: (416) 865-0040
Facsimile: (416) 865-7380

189

*Counsel for the Bondholders*

/s/ Atara Miller

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones
Kathleen P. Makowski
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

MILBANK, TWEED, HADLEY & McCLOY LLP

Dennis F. Dunne
Thomas R. Kreller
Albert A. Pisa
Andrew M. Leblanc
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

BENNETT JONES

Gavin Finlayson
Richard B. Swan
Kevin Zych
S. Richard Orzy
3400 One First Canadian Place
P.O. Box 130
Toronto, Ontario M5X 1A4
Canada

*Counsel for Ernst & Young Inc. as Monitor*

/s/ Paul Keller

GOODMANS LLP
Jay Carfagnini
Fred Myers
Joseph Pasquariello
Benjamin Zarnett
Bay Adelaide Centre
333 Bay Street Suite 3400
Toronto, ON M5H 2S7
Canada
Telephone: (416) 979 2211
Facsimile: (416) 979 1234

ALLEN & OVERY LLP

Ken Coleman
Daniel Guyder
Paul Keller
Laura Hall
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

BUCHANAN INGERSOLL & ROONEY PC

Mary F. Caloway
Kathleen A. Murphy
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

*Counsel for the Canadian Debtors*

/s/ Paul Keller

GOWLING LAFLEUR HENDERSON LLP

Jennifer Stam
Derrick Tay
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, ON M5J 2Z4
Canada
Tel: +1 416 216 4000
Fax: +1 416 216 3930

ALLEN & OVERY LLP

Ken Coleman
Daniel Guyder
Paul Keller
Laura Hall
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

BUCHANAN INGERSOLL & ROONEY PC

Mary F. Caloway
Kathleen A. Murphy
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

*Counsel for the Joint Administrators*

/s/ Neil Oxford

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton
Edwin J. Harron
John T. Dorsey
Jaime Luton Chapman
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

HUGHES HUBBARD & REED LLP

Derek J.T. Adler
Gabrielle Glemann
Charles H. Huberty
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

DAVIES WARD PHILLIPS & VINEBERG LLP

Robin Schwill
Sean Campbell
155 Wellington Street West
Toronto, ON M5V 3J7
Telephone: (416) 863-0900
Facsimile: (416) 863-0871

LAX O'SULLIVAN SCOTT LISUS LLP

Matthew P. Gottlieb
145 King Street West
Suite 2750
Toronto, ON M5H 1J8
Canada
Telephone: (416) 598-1744
Facsimile: (416) 598-3730

*Counsel for the Canadian Creditors Committee*

/s/ Selinda A. Melnik
Selinda A. Melnik (DE Bar No. 4032)

*on behalf of*

DLA PIPER LLP (US)
*U.S. Counsel for the Canadian Creditors Committee*

Selinda A. Melnik
919 North Market Street
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 468-5650
Facsimile: (302) 778-7914
*- and -*
Richard Hans
Timothy Hoeffner
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4530

CAW-CANADA LEGAL DEPARTMENT
*Lawyers for the Canadian Autoworkers Union*

Barry Wadsworth
205 Placer Court
Toronto, ON M2H 3H9
Telephone: (416) 495-3776
Facsimile: (416) 495-3786

KOSKIE MINSKY LLP
*Lawyers for the Former and Disabled Canadian Employees*

Mark Zigler
Susan Philpott
Ari Kaplan
20 Queen Street West, Suite 900
Toronto, ON M5H 3R3
Telephone: (416) 595-2090\
Facsimile: (416) 204-2877

*Counsel for The Bank of New York Mellon, as Indenture Trustee*

/s/ Michael Riela

LATHAM & WATKINS LLP

Michael J. Riela
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

MCMILLAN LLP

Sheryl E. Seigel
Brookfield Place, Suite 4400
181 Bay Street
Toronto, ON M5J 2T3
Canada
Telephone: (416) 865-7000
Facsimile: (416) 865-7048

192

McCARTHY TÉTRAULT LLP
*Lawyers for Morneau Shepell Ltd., as administrator of the Nortel Canada registered pension plans*

R. Paul Steep
Byron D. Shaw
Elder Marques
James D. Gage
Barbara J. Boake
TD Bank Tower, Suite 5300
Toronto Dominion Centre
66 Wellington Street West
Toronto ON M5K 1E6
Telephone: (416) 601-7998
Facsimile: (416) 868-0673

PALIARE ROLAND ROSENBERG ROTHSTEIN LLP

Ken Rosenberg
Lily Harmer
Karen Jones
Massimo Starnino
155 Wellington Street West, 35th Floor
Toronto, ON M5V 3H1
Telephone: (416) 646-4300
Facsimile: (416) 646-4301

SHIBLEY RIGHTON LLP
w/ NELLIGAN O'BRIEN PAYNE LLP
Barristers and Solicitors
*Lawyers for the Active and Transferred Canadian Employees*

Arthur O. Jacques / Thomas McRae
Co-Counsel: Janice Payne / Steve Levitt
250 University Avenue, Suite 700
Toronto, ON M5H 3E5
Telephone: (416) 214-5213/5206
Facsimile: (416) 214-5413/5400

*Counsel for the Trustee of Nortel Networks UK Pension Plan and the Board of the Pension Protection Fund*

/s/ Sameer Advani
BAYARD, P.A.

Charlene D. Davis
Justin R. Alberto
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

WILLKIE FARR & GALLAGHER LLP

Brian E. O'Connor
787 7th Ave.
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-9251

CASSELS BROCK & BLACKWELL LLP

David Ward
William Burden
Lara Jackson
Suite 2100, Scotia Plaza
40 King Street West
Toronto, ON M5H 3C2
Canada
Telephone: (416) 869-5300
Facsimile: (416) 360-8877

THORNTON GROUT FINNIGAN LLP

Michael Barrack
D.J. Miller
Rebecca Lewis
Andrea McEwan
Suite 3200, 100 Wellington Street West
P.O. Box 329
Toronto-Dominion Centre
Toronto, ON M5K 1K7

*Counsel for the Wilmington Trust Company, not in its individual capacity but solely as Trustee*

*/s/ David A. Crichlow*

KATTEN MUCHIN ROSENMAN LLP

Craig A. Barbarosh
David A. Crichlow
Karen B. Dine
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

HEENAN BLAIKIE LLP

John Salmas
Kenneth David Kraft
Bay Adelaide Centre
P.O. Box 2900
333 Bay Street, Suite 2900
Toronto, ON M5H 2T4
Telephone: (416) 360-6336
Facsimile: (416) 360-8425

*Counsel for the Law Debenture Trust Company of New York*

*/s/ Daniel A. Lowenthal*

BORDEN LADNER GERVAIS

John D. Marshall
Craig J. Hill
Edmond Lamek
Scotia Plaza,
40 King Street West, 44th Floor
Toronto, Ontario M5H 3Y4
Canada
Telephone: (416) 367-6000
Facsimile: (416) 367-6749

PATTERSON BELKNAP WEBB & TYLER LLP

Daniel A. Lowenthal
Brian P. Guiney
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

MORRIS JAMES LLP

Stephen M. Miller
Courtney R. Hamilton
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750

*Counsel for the Former Directors and Officers of Nortel Networks Corporation and Nortel Networks Limited*

*/s/ Betsy Putnam*

OSLER, HOSKIN & HARCOURT LLP

Lyndon A.J. Barnes
Adam Hirsh
Box 50, 1 First Canadian Place
Toronto, Ontario
M5X 1B8
Canada

195

Court File No: 09-CL-7950

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

Proceeding commenced at Toronto

**ORDER**
**(Amended Deposition Protocol)**

**Goodmans LLP**
Bay Adelaide Centre
333 Bay Street, Suite 3400
Toronto, ON M5H 2S7

Jay A. Carfagnini (LSUC#: 22293T)
Joseph Pasquariello (LSUC#: 38390C)
Christopher Armstrong (LSUC#: 55148B)
Tel: 416.979.2211
Fax: 416.979.1234

Lawyers for the Monitor, Ernst & Young Inc.



## APPENDIX E – US ORDER RESOLVING CERTAIN DISCOVERY DISPUTES

197

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NORTEL NETWORKS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br>(Jointly Administered)<br><br>**D.I. Nos. 11575, 11577, 11752 & 11753** |

# ORDER RESOLVING CERTAIN DISCOVERY DISPUTES AND DENYING RELATED RELIEF

Upon consideration of the submissions regarding certain discovery disputes (the "Discovery Disputes") made by Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "U.S. Debtors"),[1] and the court-appointed administrators and authorized foreign representatives (collectively, the "Joint Administrators,"[2] and together with the U.S. Debtors, the Monitor in the Canadian cases and the Canadian Debtors, the "Parties") for Nortel Networks UK Limited ("NNUK") and certain of its affiliates (collectively, the "EMEA Debtors")[3] located in the region known as EMEA (Europe, Middle East, and Africa) in proceedings under the Insolvency Act 1986, pending before the High Court

1. The U.S. Debtors are: NNI (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); Nortel Networks (CALA) Inc. (4226).

2. The Joint Administrators in the English proceedings for all of the EMEA Debtors, with the exception of Nortel Networks (Ireland) Limited ("NNIR"), are Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris. The Joint Administrators in the English proceedings for NNIR are Alan Robert Bloom and David Martin Hughes.

3. The EMEA Debtors are: NNUK; NNIR; Nortel Networks S.A. ("NNSA"); Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding B.V.; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; Nortel Networks, s.r.o.

of Justice of England and Wales; and upon the record of the hearings held September 18, 2013 and September 20, 2013 to consider the Discovery Disputes; and due and sufficient notice having been given under the circumstances and it appearing that no other or further notice need be given; and after due deliberation; and it appearing that good and sufficient cause exists;

IT IS HEREBY ORDERED THAT:

1. In order to resolve the Discovery Dispute regarding the Joint Administrators' responses to certain Consolidated Interrogatories, the Parties agree that the Joint Administrators will provide supplemental responses (the "Supplemental Interrogatory Responses") to identify persons knowledgeable about certain topics who are associated with the individual EMEA Claimants[4] and therefore, the Courts defer ruling at this time. The Parties further agree to meet and confer immediately regarding the scope and timing of the Supplemental Interrogatory Responses and failing agreement, either party may seek a prompt ruling by the Courts. For the avoidance of doubt, the Parties agree that the Joint Administrators shall serve the Supplemental Interrogatory Responses on all Discovery Participants. The U.S. Debtors shall provide to the Discovery Participants who request it, a list of the precise interrogatories and topics which are to be the subject of the Supplemental Interrogatory Responses.

2. In order to resolve the Discovery Dispute regarding the U.S. Debtors' designation of certain Joint Administrators and the French Liquidator for deposition, the Parties agree that the Joint Administrators will produce Alan Robert Bloom, a Joint Administrator, for deposition in London, and Cosmé Rogeau, the French Liquidator, for deposition in Paris, and

4. The EMEA Claimants are: the EMEA Debtors; Nortel Networks AS; Nortel Networks A.G.; Nortel Networks South Africa (Proprietary) Limited; Nortel Networks Optical Components Limited; Northern Telecom France S.A.; Northern Telecom PCN Limited.

Christopher John Wilkinson Hill, a Joint Administrator, on mutually convenient dates pursuant to paragraph D.6 of the Deposition Protocol. The Parties further agree that Mr. Hill will be scheduled for deposition to occur after Messrs. Bloom and Rogeau, and that following the depositions of Messrs. Bloom and Rogeau, the Parties will meet and confer in good faith regarding the necessity of deposing Mr. Hill. The Parties further agree that the foregoing is without prejudice to the Joint Administrators' right to argue to the Courts that Mr. Hill's deposition would be cumulative and unnecessary in light of all other testimony in the case. The Parties reserve all of their rights under the Discovery Plan and Deposition Protocol to seek leave to designate additional fact witnesses upon a showing of good cause.

        3.      In order to resolve the Discovery Dispute with regard to Representative Depositions, the Parties agree that paragraph G.3.b of the Deposition Protocol is hereby amended as follows:

> With respect to the EMEA Claimants other than NNUK, the Discovery Participants shall have the right to a distinct examination of each such Claimant; however, the EMEA Claimants shall not be obligated to designate a different Representative Witness for each Claimant. No specific time limits shall be placed on these Representative Depositions at this time, but the parties shall confer in good faith to reach agreement on such limits first after notices of topics are exchanged and failing agreement, second, after conducting the first few such depositions as samples to be better able to determine a reasonable amount of time, failing which the Courts shall be available (telephonically, if necessary) to set appropriate limits;

Except as the Courts may rule, the testimony of any Representative Witness for any EMEA Claimant, other than NNUK, shall be admissible against only the EMEA Claimant in respect of which the testimony is taken. The EMEA Claimants, U.S. Debtors, and Canadian Debtors disagree at this time whether each EMEA Claimant other than NNUK should be entitled to conduct a separate Representative Deposition of the U.S. Debtors and Canadian Debtors, and the

Parties further agree to meet and confer in good faith to reach agreement regarding that issue and reserve all rights in connection therewith. In the event each EMEA Claimant does get such right, either by agreement or further order of the Court, the examination of Representative Witnesses by any EMEA Claimant other than NNUK shall be limited to issues unique to that EMEA Claimant and shall only be admissible with respect to the claims of that EMEA Claimant.

4. The U.S. Debtors' request for relief from this Court regarding certain non-party disclosures sought by the U.S. Debtors from Ernst & Young LLP ("E&Y UK") is hereby DENIED without prejudice. The U.S. Debtors may ask the Joint Administrators at their depositions to discuss their efforts to obtain the E&Y UK documents at issue. If appropriate, the U.S. Debtors may thereafter seek relief from the Courts.

5. The U.S. Debtors' request that the depositions of certain Voluntary Witnesses produced by the Joint Administrators be left open pending the U.S. Debtors' review of documents produced by the Joint Administrators is DENIED without prejudice to the rights of any Discovery Participant to seek agreement or an order from the appropriate Court or Courts regarding the designation of additional fact witnesses or the recall of previously deposed fact witnesses for good cause shown, as contemplated by section 6(b) of the Discovery Plan and paragraph D.4 of the Deposition Protocol. Any such depositions shall be taken the week of December 1, 2013.

6. This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

Dated: September 25, 2013
Wilmington, Delaware

Kevin Gross
THE HONORABLE KEVIN GROSS, U.S.B.J.

IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

Court File No: 09-CL-7950

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
Proceeding commenced at Toronto

**ONE-HUNDREDTH REPORT OF THE MONITOR DATED NOVEMBER 14, 2013**

**GOWLING LAFLEUR HENDERSON LLP**
Barristers & Solicitors
1 First Canadian Place,
100 King Street West, Suite 1600
Toronto ON M5X 1G5

**Derrick Tay** (LSUC #: 21152A)
**Jennifer Stam** (LSUC #: 46735J)
Tel: (416) 862-5697
Fax: (416) 862-7661

Lawyers for the Applicants

**GOODMANS LLP**
Barristers & Solicitors
333 Bay Street, Suite 3400
Toronto ON M5H 2S7

**Jay A. Carfagnini** (LSUC#: 22293T)
**Alan Mark** (LSUC#: 21772U)
**Jessica Kimmel** (LSUC#: 32312W)
**Joseph Pasquariello** (LSUC#: 38390C)
**Peter Ruby** (LSUC#: 38439P)
Tel: 416.979.2211
Fax: 416.979.1234

Lawyers for the Monitor, Ernst & Young Inc.

# TAB 3

202

Court File No: 09-CL-7950

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| **THE HONOURABLE MR. JUSTICE MORAWETZ** | ) ) ) ) | **TUESDAY, THE 19th DAY OF NOVEMBER, 2013** |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**ORDER**
**(Amendments to Litigation Timetable, Discovery Plan and Deposition Protocol)**

**THIS MOTION**, made by Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation (collectively, the "**Canadian Debtors**") jointly with Ernst & Young Inc. in its capacity as monitor (the "**Monitor**") of the Canadian Debtors, the U.S. Debtors, Committee, the EMEA Debtors/ Joint Administrators, the UK Pension Claimants **and the CCC** (all as defined in the Allocation Protocol (as defined in Schedule A hereto) and collectively, the "**Moving Parties**") for the relief set out in the Notice of Motion dated November 14, 2013 was heard this day at 393 University Avenue, Toronto, Ontario.

**ON READING ■**, and on hearing submissions of counsel for the Moving Parties, no one appearing for any other person on the service list, although served as appears from the Affidavit of Service of ■, filed.

1. THIS COURT ORDERS that the time for the service of the Notice of Motion and the Motion Record is hereby abridged and validated so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2. THIS COURT ORDERS that capitalized terms used herein and not otherwise defined have the meaning given to them in Schedule A hereto.

3. THIS COURT ORDERS that the terms of amendment set out in Schedule A hereto are hereby approved and the Allocation Protocol, the Litigation Timetable, the Discovery Plan and the Deposition Protocol be and they are hereby amended in accordance with such terms.

4. THIS COURT ORDERS that to the extent that this Court (jointly with the U.S. Court) directs that the start date of the Trial shall be later than April 28, 2014:

a. The Moving Parties shall meet and confer to determine whether further adjustments to the time table should be made and may upon unanimous agreement (subject to sub-paragraph (c) below), without further Order of the Court(s), propose amendments to the timetable provided that such dates shall not impact the Court ordered commencement date of the Trial;

b. Any objections by Core Parties to any proposed amendments shall be made within two (2) Business Days of such proposal being made to them in writing; and

c. All objections shall be resolved through a meet and confer among all the Moving Parties (or designated members) and the objector(s) within two (2) Business Days, failing which, the objector must seek relief from the Court(s) within two (2) Business Days thereafter (by letter). Absent relief from the Court(s), any changes to the time table proposed by the Moving Parties shall be effective.

MISCELLANEOUS

5. THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

6. THIS COURT ORDERS that each of the Applicants and the Monitor be at liberty and are hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

______________________________



**SCHEDULE A**

**Attached.**

## SCHEDULE "A" –AMENDMENT TERMS

Capitalized terms used herein and not otherwise defined have the meaning given to them in (i) the allocation procedure protocol approved by the Ontario Superior Court of Justice and the United States Bankruptcy Court for the District of Delaware (the "**Courts**") in Orders dated on or about April 3, 2013 and May 16, 2013, respectively (as amended and restated, the "**Allocation Protocol**"), (ii) the litigation timetable and discovery plan approved by the Courts in Orders dated on or about May 16, 2013 and as amended by Orders of the Courts dated on or about August 27, 2013 (as amended, the "**Litigation Timetable and Discovery Plan**"), and (iii) the Deposition Protocol as approved by the Courts in Orders dated on or about August 27, 2013 and as amended by Orders dated on or about September 20, 2013 and September 25, 2013 (as amended, the "**Deposition Protocol**") as applicable.

1. The Allocation Protocol, Litigation Timetable and Discovery Plan and the Deposition Protocol are modified as follows:

| **Deadline** | **Current Date** | **Proposed Revised Date** |
|---|---|---|
| Deadline to complete witness depositions other than third party depositions (i.e., those other than current or former employees or directors of a Core Party) and Representative Witness depositions | December 13, 2013 | December 13, 2013[1] |
| Deadline for each Deposition Group to serve Representative Witness subjects in accordance with paragraph G(1)(a) of the Deposition Protocol | 10 business days prior to the commencement of Representative Witness depositions | 5pm (EST) December 13, 2013 other than with respect to topics relating to NNSA which shall be delivered no later than 5pm (EST) on December 17, 2013 |
| Identification of Representative Witnesses by each Core Party required to produce a Representative Witness | 5 business days prior to the commencement of Representative Witness | 5pm (EST) on December 18, 2013 |

[1] The parties shall be permitted to extend this date to December 18, 2013 with unanimous approval of the Scheduling Committee to the extent irreconcilable conflicts prevent a witness from being scheduled by December 13, 2013 provided however, except for good cause shown, that such extension shall not impact any other deadlines or dates in the timetable including the deadlines for noticing with respect to topics for and the scheduling of Representative Witness Depositions.

| Deadline | Current Date | Proposed Revised Date |
|---|---|---|
| | depositions | |
| Deadline for objections to Representative Witness subjects in accordance with paragraph G(1)(a) of the Deposition Protocol | Three business days after service of the subjects | 5pm (EST) on December 18, 2013 |
| Meet and confer of the Scheduling Committee to schedule Representative Witness Depositions | NA | December 19, 2013 and/or December 20, 2013 |
| Meet and confer regarding any objections on Representative Witness deposition subjects in accordance with paragraph G(1)(a) of the Deposition Protocol | Within two business days of service of the objections | December 20, 2013 |
| Deadline to identify experts and the subject matter of their reports | November 27, 2013 | January 8, 2014 |
| Representative Witness depositions | December 13, 2013 | January 8, 2014 to January 17, 2014 |
| Deadline for service of expert reports | December 20, 2013 | January 24, 2014 |
| Meet and confer to discuss foreign law experts | NA | No later than January 31, 2014 |
| Deadline for Discovery Groups to provide list of available dates of their experts to the Scheduling Committee | NA | 5pm (EST) on January 31, 2014 |
| Deadline to complete third party depositions | Due date of rebuttal expert reports | February 28, 2014 (solely for witnesses for whom process was started by Sept. 30, 2013 and except for good cause shown as per the current order) |
| Deadline for service of rebuttal expert reports | January 24, 2014 | February 28, 2014 |

| Deadline | Current Date | Proposed Revised Date |
|---|---|---|
| Preliminary pre-trial conference | Week of February 17, 2014 | Week of March 17, 2014 |
| Expert depositions | February 28, 2014 | March 17, 2014 to April 4, 2014 |
| Deadline to file a list of all witnesses and exhibits that each Core Party intends to rely upon as part of its direct case | March 6, 2014 | April 10, 2014 |
| Deadline to file:<br>• Pre-trial motions<br>• Pre-trial briefs<br>• All fact affidavits to be used in direct case<br>• All exhibits to be used in direct case<br>• All deposition testimony to be used in direct case | March 14, 2014 | April 17, 2014 for service with filing on the following business day |
| Pre-trial conference | Week of March 17, 2014 (if the Courts desire) | Week of April 21, 2014 (if the Courts desire) |
| Beginning of Trial | April 1, 2014 | April 28, 2014 (or as soon thereafter as is convenient for the Courts) |

2. **Fact Witness Depositions**

a. Third Party Witnesses.

i. Notwithstanding any prior orders, absent good cause shown to the Court(s), no Core Parties shall provide any further notices to third parties for production of documents and/or depositions (other than those currently disclosed to the Scheduling Committee).

ii. Provided that appropriate judicial process to compel the production of documents or testimony from third parties was issued or commenced on or before September 30, 2013, or currently disclosed to the Scheduling Committee, the production of documents from such third parties and/or the depositions of such third party witnesses may be completed after the deadline for fact witness depositions, but must be completed by no later than February 28, 2014, except for good cause shown and by agreement of the Core Parties or order(s) of the Court(s).

3. **Representative Witness Examinations**.

a. The Deposition Protocol is hereby amended as follows:

i. The second sentence of paragraph G(1)(a) is amended as follows:

"At least ten business days before the commencement of Representative Depositions" is hereby deleted and replaced with the words "On or before 5pm (EST) on December 13, 2013 (other than with respect to NNSA for which the deadline shall be December 17, 2013)"

ii. The fourth sentence of paragraph G(1)(a) is amended as follows:

"objections shall be served within three business days" is hereby deleted and replaced with the words "objections shall be served no later than 5pm (EST) on December 18, 2013"

iii. The fifth sentence of paragraph G(1)(a) is amended as follows:

"applicable parties shall meet and confer in good faith ~~within two business days thereafter~~ on or about December 20, 2013 and, failing agreement, the burden shall be on the noticing party to obtain judicial relief at least two business days (in order to enable preparation) prior to the Representative Deposition"

b. On or before 5pm (EST) December 18, 2013, each Core Party that is required to

produce a Representative Witness under the Deposition Protocol shall identify their Representative Witness(es) and provide the Scheduling Committee with a list of all available deposition dates of their Representative Witness(es) for the period January 8, 2014 to January 17, 2014.

c. Representative Witness examinations will take place in accordance with the Deposition Protocol and will be scheduled between January 8, 2014 and January 17, 2014 to take place in New York or Toronto.

d. Each Core Party that is required to produce a Representative Witness under the Deposition Protocol will ensure that its Representative Witness can be produced on several pairs of days for the period January 8, 2014 to January 17, 2014.

e. The Deposition Groups will meet and confer during the week of December 16, 2013 to attempt to resolve any remaining disputes with respect to the Representative Witness depositions.

4. **Expert Witness Examinations**.

a. Expert witness examinations will take place between March 17, 2014 and April 4, 2014 in New York and Toronto.

b. Each Discovery Group will ensure that their expert witnesses can be produced for examination in either New York or Toronto on several days between March 17, 2014 and April 4, 2014 and, unless excused by the Scheduling Committee or the Courts, at a minimum

i. each expert shall be required to offer at least 5 days on which they are available for deposition,

ii. the deposition dates offered by the experts must be spread over at least two of the weeks; and

iii. each Discovery Group must offer enough availability so that its experts' depositions can be scheduled equally over the three weeks of expert



depositions.

c. On or before 5pm (EST) January 31, 2014, each Discovery Group shall provide the Scheduling Committee with all available deposition dates of their experts for the period March 17, 2014 to April 4, 2014.

d. The Core Parties shall meet and confer no later than January 31, 2014 to attempt to reach agreement on the necessity of the examination of foreign law experts for deposition and trial.

5. **Trial Logistics**

a. The Core Parties shall meet and confer as soon as possible (but in any event no later than the week of December 16, 2013) with a view to attempting to reach consensus with respect to a proposal for the conduct of the trial, including the

i. material to be served/filed on April 10, 2014 and April 17, 2014;

ii. the feasibility of providing the Courts with a statement of agreed facts; and

iii. proposed length of the trial.

b. On or before January 20, 2014, the US Debtors, Canadian Debtors/Monitor, the EMEA Debtors and the UK Pension Claimants shall submit (either jointly or separately) their proposals for the conduct of the trial to the Courts. Other Core Parties shall be entitled to file their own proposal on or before January 20, 2014 or, alternatively, they may file a joinder to indicate support of one or more of the proposals on or before January 27, 2014.

6. **Miscellaneous**

a. Other than as expressly modified herein, all other terms, dates, provisions in the Allocation Protocol, Litigation Timetable, Discovery Plan and all amendments thereto remain in full force and effect.

**IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

Court File No: 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
Proceeding commenced at Toronto

**ORDER**
**(Amendments to Litigation Timetable, Discovery Plan and Deposition Protocol)**

**GOWLING LAFLEUR HENDERSON LLP**
Barristers & Solicitors
1 First Canadian Place,
100 King Street West, Suite 1600
Toronto ON M5X 1G5

**Derrick Tay** (LSUC #: 21152A)
**Jennifer Stam** (LSUC #: 46735J)
Tel: (416) 862-5697
Fax: (416) 862-7661

**GOODMANS LLP**
Barristers & Solicitors
333 Bay Street, Suite 3400
Toronto ON M5H 2S7

**Jay A. Carfagnini** (LSUC#: 22293T)
**Alan Mark** (LSUC#: 21772U)
**Jessica Kimmel** (LSUC#: 32312W)
**Joseph Pasquariello** (LSUC#: 38390C)
**Peter Ruby** (LSUC#: 38439P)
Tel: 416.979.2211
Fax: 416.979.1234

**IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

Court File No: 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
Proceeding commenced at Toronto

**MOTION RECORD**
**(Amendments to Litigation Timetable, Discovery Plan and Deposition Protocol)**
**(returnable November 19, 2013)**

**GOWLING LAFLEUR HENDERSON LLP**
Barristers & Solicitors
1 First Canadian Place,
100 King Street West, Suite 1600
Toronto ON M5X 1G5

**Derrick Tay** (LSUC #: 21152A)
**Jennifer Stam** (LSUC #: 46735J)
Tel: (416) 862-5697
Fax: (416) 862-7661

Lawyers for the Applicants

**GOODMANS LLP**
Barristers & Solicitors
333 Bay Street, Suite 3400
Toronto ON M5H 2S7

**Jay A. Carfagnini** (LSUC#: 22293T)
**Alan Mark** (LSUC#: 21772U)
**Jessica Kimmel** (LSUC#: 32312W)
**Joseph Pasquariello** (LSUC#: 38390C)
**Peter Ruby** (LSUC#: 38439P)
Tel: 416.979.2211
Fax: 416.979.1234

Lawyers for the Monitor, Ernst & Young Inc.