**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x

|  | : |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., *et al.*, | : | Case No. 09-10138 (KG) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : |  |

------------------------------------------------------------ x

-    and the    -

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,*
R.S.C. 1985, C. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION**

**OBJECTION OF *AD HOC* GROUP OF BONDHOLDERS TO JOINT MOTION OF THE
U.S. INTERESTS, MONITOR, CANADIAN DEBTORS, CCC, JOINT
ADMINISTRATORS AND U.K. PENSION CLAIMANTS TO AMEND LITIGATION
SCHEDULE IN JOINT CROSS-BORDER PROCEEDINGS TO DETERMINE
ALLOCATION OF ASSET SALE PROCEEDS AND CERTAIN CLAIMS**

TO THE HONORABLE KEVIN GROSS, UNITED STATES BANKRUPTCY CHIEF JUDGE
AND THE HONORABLE JUSTICE GEOFFREY B. MORAWETZ OF THE ONTARIO
SUPERIOR COURT OF JUSTICE:

The *ad hoc* group of bondholders (the "Bondholder Group")[1] hereby delivers to

the United States Bankruptcy Court for the District of Delaware (the "U.S. Court") and the

Ontario Superior Court of Justice (Commercial List) (the "Canadian Court" and, together with

the U.S. Court, the "Courts") its objection to the joint motion ("Motion to Amend") of the U.S.

Interests, Monitor, Canadian Debtors, CCC, Joint Administrators, and U.K. Pension Claimants

(collectively, the "Movants") to further amend the litigation schedule previously entered by the

Courts:[2]

## **INTRODUCTION**

1.       The trial of the issues before the Courts should not, and need not, be delayed any

further at this time.  For the reasons stated in the Motion to Amend, it is clear that the parties

need to agree to modify the interim deadlines in light of certain delays in depositions (as is

common in complex litigation), but the Courts should resist moving the trial date at this time.

The trial is still more than four months away.  The Courts originally targeted the fall of 2013 for

trial.  That date has already slipped by many months.

2.       As this case has made clear, a lengthier pre-trial period does not promote

efficiency.  The opposite is true.  As a result of the cost of any further delay, all creditors, not

just bondholders, will receive less distributions from their respective estates.  The Courts should

end this pattern of delay by denying the Motion to Amend and making clear that they will not

---

[1]       Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Opening
Allocation Position of *Ad Hoc* Group of Bondholders [D.I. 10540] and the Allocation Protocol  [D.I.
10565-1].

[2]       The Bondholder Group will be submitting a substantially similar filing to the Canadian Court.  Counsel for
the U.S. Debtors agreed to extend the deadline to file this objection from 10:00 a.m. to 2:00 p.m. on
November 18, 2013.

delay the trial date again absent the most compelling of circumstances and certainty that it will not happen again.

3.      To be clear, the Bondholder Group does not question the diligence of the Movants in striving to adhere to the scheduling orders.  As a Discovery Participant, the Bondholder Group has witnessed the Core Parties' diligence firsthand.  The Bondholder Group is confident that with continued diligence, the Core Parties can be prepared to conduct an organized and efficient trial four and a half months from now, without another delay.

4.      Nevertheless, if the Courts were to grant the Motion to Amend, they should do so on the condition that the parties make additional disclosures now to ensure that this is the last attempt to delay the trial.  The prior extension was sought as a result of a delay in the production of documents by certain parties and the identification of more than 100 witnesses for deposition.  The current extension is being sought before the parties have disclosed the identity and number of their expert witnesses.  If, as the Bondholder Group expects, a large number of expert witnesses are identified, some of the parties may claim that yet another extension is necessary.  The Courts should require the parties to make a confidential filing with the Courts disclosing the number of experts each party intends to call to prevent any further delays.

DOCS_DE:190388.1

## BACKGROUND

5.      On May 17, 2013, after nearly three years of failed mediations between the parties, the U.S. Court issued orders entering the Allocation Protocol [D.I. 10565] and the Litigation Timetable and Discovery Plan [D.I. 10566] (together, the "Scheduling Orders").  The Scheduling Orders set a trial date of January 6, 2014 and established various discovery and briefing deadlines in connection therewith.  The Canadian Court entered similar orders on May 15, 2013.

6.      Following the Scheduling Orders, the parties made significant progress in document production and other discovery matters.  Despite their best efforts, however, certain parties were unable to comply with the production schedule due to the unanticipated volume of documents caused in part by the breadth of the negotiated discovery requests (themselves a reduction in scope of the original requests) and other unexpected delays.  As a result, the EMEA Debtors filed a motion (the "EMEA Extension Motion") for adjournment of the schedule.  After consulting with the other Core Parties, the Bondholder Group reluctantly executed a stipulation (the "Stipulation" [D.I. 11437-2]) with the other Core Parties agreeing to extend the trial date.

7.      On August 26, 2013, the U.S. Court entered an order ("Amendment Order") [D.I. 11437] modifying the Allocation Protocol, Litigation Timetable, and Discovery Plan pursuant to the Stipulation.  The Amendment Order delayed the trial date to after March 31, 2014 and extended all of the previously established discovery and briefing deadlines.  The Canadian Court entered a similar order on August 27, 2013.  The Core Parties stated in their Stipulation that the modifications to the schedule were "intended both to compensate for delays in the Litigation Timetable to date and reasonably anticipated future adjustments that will best enable the Parties to meet the proposed amended Litigation Timetable."  (Stipulation at 2.)  On

3

October 18, 2013, the U.S. Court entered an order setting trial for April 1, 2014 [D.I. 11967]. The Canadian Court entered a similar order on October 29, 2013.

8.     On September 23, 2013, the Core Parties commenced witness depositions pursuant to the Amendment Order.  In the EMEA Extension Motion, the EMEA Debtors asserted as one reason for the need to adjourn the schedule the large number of fact depositions, which at that time totaled 113, though the EMEA Debtors stated that the Core Parties hoped to reduce that number.  That total number of depositions has not been reduced, and has actually increased with the addition of third-party witnesses.  Seventy-seven fact witness depositions have taken place to date, with another approximately forty-two depositions yet to occur, for a current total of approximately 119 fact witness depositions.  These depositions continue in earnest with the cooperation of all the Core Parties.

9.     On October 7, 2013, the EMEA Debtors informed the U.S. Court that, to accommodate procedural delays, they anticipated a three to four week delay in producing witnesses residing in France [D.I. 11826 at p. 3].  The U.S. Court refused to grant another extension, and made clear that it would not "countenance delay of the carefully negotiated discovery schedule." [D.I. 11861].  Shortly thereafter, the Courts issued orders setting April 1, 2014 as the start date for trial [D.I. 11967].

## ARGUMENT

10.     The Litigation Timetable provides that it may be modified upon a motion filed by one of the Core Parties and "a showing of good cause." [D.I. 10566-1].  Good cause exists "when the imposed schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Frederick v. Avantix Labs., Inc.*, 773 F. Supp. 2d 446, 449 (D. Del. 2011). Moreover, the Stipulation Regarding EMEA Motion for Extension of Schedule, which was entered in connection with the Amendment Order, states: "Except for good cause shown and

4

upon determination of the Courts that it would be in the interests of justice, the pursuit of any

discovery from third parties shall not provide a basis for further deferral of the trial date or

adjournment of any of the interim dates set forth in the motion." [D.I. 11440-1 ¶ 8.c.][3]

11.     The Bondholder Group is confident that by continuing to work diligently, the

Core Parties can reasonably be prepared to begin trial as scheduled on April 1, 2014.

Accordingly, no good cause exists for the extension sought by the Movants.

12.     The Movants argue that the Core Parties have already fallen behind schedule and,

therefore, cannot be ready for trial.  Specifically, they state that the Core Parties will not

complete witness depositions by the amended December 13, 2013 deadline due to, among other

things, the time needed to obtain discovery from third party witnesses, scheduling difficulties

with individual deponents, and delays associated with the service of process on foreign witnesses.

(Motion to Amend at ¶ 7.)  According to the Movants, missing one deadline makes it impossible

to meet the next, such that the inability to complete witness depositions by December 13, 2013

necessitates the extension of *every* subsequent deadline, including the trial date.  (*Id*. at ¶ 9.)

13.     The Bondholder Group disagrees.  As noted above, the Stipulation entered into by

the Core Parties was explicitly intended to "reasonably anticipate[] future adjustments" to enable

the parties to adhere to the amended schedule  [D.I. 11437-2 at p. 2].  The Bondholder Group

submits that the difficulties that cause the Movants to believe that they will not complete witness

depositions by the amended December 13, 2013 deadline qualify as the sort of "future

adjustments" that the parties already accounted for in amending the schedule.  There is no reason

that the parties cannot proceed at this time with an agreeable modification to the interim

deadlines that does not delay the trial date.  The Bondholder Group submits that changing the

---

[3]     Moreover, under Rule 16(b) of the Federal Rules of Civil Procedure, applicable to these cases through 7016
of the Federal Rules of Bankruptcy Procedure, a scheduling order "shall be modified only for good cause
and with the judge's consent."

trial date now would be premature.

14.    At this time, the parties lack enough information to reasonably assure that the trial will occur on the schedule proposed in the Motion to Amend.  Specifically, it is likely that if there are a large number of expert witnesses, some or all of the parties will once again claim that the trial date must be further delayed.  Accordingly, if the Courts decide to grant the Motion to Amend, the Bondholder Group submits that the most prudent course is to require confidential disclosure regarding the number of expert witnesses now, to prevent any party from later claiming "surprise" at the number of expert witnesses and attempting to use that as another basis for further delaying trial.

15.    The importance of resolving these cases as expeditiously as possible for the benefit of all of the estates' creditors, including the Bondholder Group as well as individual employees and pensioners in all jurisdictions, among many others, cannot be overstated.  The collective creditors' recoveries are currently being reduced by tens of millions of dollars per month in professional fees.[4]  As such, the more prudent course would be for the parties to adjust the interim deadlines as agreed, for the Courts to receive confidential information sufficient to understand the scope of expert testimony, and for the parties to proceed with a trial on April 1, 2014.

16.    With continued diligence, the parties can reasonably complete discovery and be ready for trial as scheduled, without the need for costly and unnecessary delay.  Accordingly, the Courts should deny the Movants' request for an extension.

---

[4]    The total amount of professional fees is impossible to estimate because jurisdictions other than the United States do not require fee applications.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Bondholder Group requests that the

U.S. and Canadian Courts (i) deny the Motion to Amend in full or, alternatively, insofar as it

contemplates further delay of the commencement of the trial beyond April 1, 2014, require the

parties to identify to the Courts confidentially the number of experts they intend to present for

deposition; and (ii) grant such other and further relief as the Courts deem just and proper.

Dated: November 18, 2013

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Laura Davis Jones (No. 2436)
Peter J. Keane (No. 5503)
919 N. Market Street, 17th Floor
PO Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

-and-

MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP
Dennis F. Dunne
Albert A. Pisa
Andrew M. Leblanc
Atara Miller
1 Chase Manhattan Plaza
New York, New York 10005-1413
Telephone:  (212) 530-5000
Facsimile:   (212) 530-5219

-and-

Thomas R. Kreller
601 S. Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4463
Facsimile: (213) 629-5063

-and-

**BENNETT JONES LLP**
Richard B. Swan
Gavin H. Finlayson
3400 One First Canadian Place, P.O. Box 130
Toronto, Ontario, M5X 1A4
Telephone:  (416) 777-5762
Facsimile:  (416) 863-1716

***Attorneys for Ad Hoc Group of Bondholders***

8