```
               IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF DELAWARE


IN RE:                        )     Case No. 09-10138(KG)
                              )     (Jointly Administered)
NORTEL NETWORKS, INC.,        )
     et al.,                  )     Chapter 11

                              )     Courtroom 3
                              )     824 Market Street
          Debtors.           )     Wilmington, Delaware
                              )
                              )     November 15, 2013
                              )     10:00 a.m.

                    TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE JUDGE KEVIN GROSS
                  UNITED STATES BANKRUPTCY JUDGE

TELEPHONIC APPEARANCES:

For Debtors:             Morris Nichols Arsht & Tunnell, LLP
                         BY: DEREK C. ABBOTT, ESQ.
                         BY: ANNIE C. CORDO, ESQ.
                         (302) 351-9357

                         Cleary Gottlieb Steen & Hamilton
                         BY: JAMES BROMLEY,ESQ.
                         (212) 225-2264

ECRO:                    GINGER MACE

Transcription Service:   DIAZ DATA SERVICES, LLC
                         331 Schuylkill Street
                         Harrisburg, Pennsylvania 17110
                         (717) 233-6664
                         www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

TELEPHONIC APPEARANCES:
(Continued)

| | |
|---|---|
| For the Creditors' Committee: | Richards Layton & Finger<br>BY: CHRIS SAMIS, ESQ.<br>(302) 651-7886 |
| For Monitor, Ernst & Young: | Buchanan Ingersoll & Rooney, PC<br>BY: KATHLEEN A. MURPHY, ESQ.<br>(302) 552-4214 |
| For Joint Administrators: | Young Conaway Stargatt & Taylor LLP<br>BY: JAIME LUTON CHAPMAN, ESQ.<br>(302) 571-5732 |
| For Monitor, Ernst & Young: | Allen & Overy, LLP<br>BY: JOHN KIBLER, ESQ.<br>(212) 756-1169 |
| For Bank of America: | Bank of America<br>BY: ESTHER CHUNG<br>(646) 855-6705 |
| For Ad Hoc Committee: | Milbank Tweed Hadley & McCloy<br>BY: THOMAS KRELLER, ESQ.<br>(213) 892-4763<br>BY: THOMAS MATZ, ESQ.<br>(212) 530-5885 |
| For Official Committee of Unsecured Creditors: | Akin Gump Strauss Hauer & Feld, LLP<br>BY: FRED S. HODARA<br>(212) 872-8040<br>BY: BRAD KAHN, ESQ.<br>(212) 872-8121<br>BY: DAVID BOTTER, ESQ.<br>(212) 872-1055 |
| For Interested Party: | Farallon Capital Management<br>BY: MICHAEL LINN<br>(415) 421-2132 |
| For Law Debenture: | Patterson Belknap Webb & Tyler<br>BY: DANIEL A. LOWENTHAL, ESQ.<br>(212) 336-2720 |

TELEPHONIC APPEARANCES:
(Continued)

For Avaya, Inc.:            DLA Piper US, LLP
                            BY: SELINDA A. MELNIK, ESQ.
                            (302) 468-5650

For Law Debenture:          Morris James, LLP
                            BY: STEPHEN MILLER, ESQ.
                            (302) 888-6853

For Southpaw Asset          Southpaw Asset Management
Management:                 BY:  ANDREW M. THAU, ESQ.
                            (203) 862-6231

For Kevin J. Starke:        CRT Capital Group, LLC
                            BY: KEVIN J. STARKE, ESQ.
                            (203) 569-6421

For Credit Suisse:          Credit Suisse
                            BY: MANAS BABBILI, ESQ.
                            (212) 538-5918

For UK Pension              Thornton Grout & Finnigan
Claimants:                  BY: MICHAEL BARRACK, ESQ.
                            (416) 304-1616

For Peg Brickley:           Dow Jones & Co.
                            BY: PEG BRICKLEY, ESQ.
                            (215) 462-0953

For Wilmington Trust:       Cousins Chapman & Brown, LLP
                            BY: SCOTT D. COUSINS, ESQ.
                            (302) 295-0192

                            Katten Munchin Rosenmann, LLP
                            BY: KAREN B. DINE, ESQ.
                            (212) 940-8772

                            Ropes & Gray, LLP
                            BY: ROSS MARTIN, ESQ.
                            (617) 951-7266
                            BY: MARK SOMERSTEIN, ESQ.
                            (212) 841-8814
                            BY: JONATHAN P. REISMAN, ESQ.
                            (617) 235-4779

For Nortel Networks         Hogan Lovells, US, LLP
UK Pension Trust:           BY: ANGELA DIMSDALE-GILL, ESQ.
                            (212) 728-3135

```
TELEPHONIC APPEARANCES:
(Continued)

For Barclays PLC:         Barclays PLC
                          BY: ERIC MASON, ESQ.
                          (646) 412-6772

For Trustee of Nortel     Willkie Farr & Gallagher, LLP
Network UK Pension Plan:  BY: BRIAN E. O'CONNOR, ESQ.
                          (212) 728-8000

For Hughes Hubbard &      Hughes Hubbard & Reed, LLP
Reed, LLP:                BY: NEIL J. OXFORD, ESQ.
                          (212) 837-6000

For Javier Schliffrin,    Javier Schliffrin, LLP
LLP:                      BY: JAVIER SCHLIFFRIN, ESQ.
                          (212) 220-9388

For Bank of New York      Latham & Watkins, LLP
Mellon:                   BY: MICHAEL J. RIELA, ESQ.
                          (212) 906-1373

For River Birch Capital:  River Birch Capital
                          BY: SAMUEL WECHSLER, ESQ.
                          (646) 699-3752

For Aurelius Capital      Aurelius Capital Management
Management:               BY: MATTHEW A. ZLOTO, ESQ.
                          (646) 445-6518
```

1

1  WILMINGTON, DELAWARE, FRIDAY, NOVEMBER 15, 2013, 10:02 A.M.

2            THE COURT:  Good morning, everyone.  Judge Gross

3  on the telephone.  And I know we have a matter that the

4  parties would like to talk to me about.  At this point, I

5  guess it's sort of a status scheduling matter.  Is that

6  correct?  And who would like to be heard first?

7            MR. ABBOTT:  Your Honor, it's Derek Abbott for

8  the Debtors.  I believe Mr. Bromley is on the phone with me

9  as well.  And inasmuch as we and the Committee brought this

10 motion, I probably ought to just turn it over to Mr.

11 Bromley.

12            THE COURT:  All right, Mr. Abbott, thank you.

13 Mr. Bromley, good morning.

14            MR. BROMLEY:  Good morning, Judge Gross.  How are

15 you today?

16            THE COURT:  Doing well, and you?

17            MR. BROMLEY:  Very good.  Very good.  Thank you

18 so much for giving us this time on Friday morning.  We very

19 much appreciate it.

20            THE COURT:  You bet.

21            MR. BROMLEY:  As Mr. Abbott mentioned, what we

22 have before you today is a joint request being made by both

23 the U.S. Debtors and the Official Committee of Unsecured

24 Creditors.  And I believe, Mr. Hodara is on the phone as

25 well and others --

1          MR. HODARA:  Yes.

2          MR. BROMLEY:  -- from Akin Gump.  To ask the

3  Court to set a briefing schedule with respect to an

4  Objection that was filed by Wilmington Trust last week.

5      THE COURT:  Well, it's kind of odd because what's it

6  an objection to?

7          MR. BROMLEY:  Well that's a good question, Your

8  Honor.  You know, Wilmington Trust, just to set the stage,

9  we have -- obviously, we're in the midst of an extraordinary

10 exercise with respect to the allocation and claims

11 litigation.  And the discovery is happening literally around

12 the world, almost 24 hours a day.  On any given day over the

13 past two months, we've had at least one deposition,

14 sometimes as many as three or four going.  I have a partner

15 in London right now who's emailing me about a deposition

16 that's ongoing.  And we have one going in Montreal today as

17 well.  It has been a flat out race to conduct this discovery

18 from the production of materials from third parties, the

19 pursuing of letters rogatory, the issuing of them in

20 multiple European jurisdictions, to the actual business of

21 taking the depositions and reviewing all of the documents.

22 It's been a very large exercise.

23          As Your Honor is aware, we have set up a protocol

24 for dealing with the litigation.  And in that context, we

25 have set up the ability for a number of different parties to

1  participate.  And we have to keep in mind that there's a

2  difference between participating in the allocation

3  litigation and having other rights with respect to the

4  underlying cases.

5        So what we have now is a Pleading that was filed

6  by Wilmington Trust.  And we have to be careful to

7  understand what that means.  The Pleading is styled as an

8  Objection.  And Wilmington Trust is an indenture trustee for

9  a small issue of bonds that were issued only in Canada, $200

10  million base amount which is compared to about,  well in

11  excess of $11 billion of claims that have been filed in

12  Canada, $6 billion of which, actually, are represented by

13  the U.S. Debtors which have $2 billion allowed claim and

14  over $4 billion of crossover claims that were relating to

15  the bonds issued by Canada and guaranteed by the United

16  States.

17        And Wilmington Trust has been participating, to a

18  limited extent, in that allocation exercise.  They filed the

19  Pleading.  I don't believe they've appeared at any

20  depositions and they have been operating through different

21  counsel than have been retained to bring this particular

22  Objection.  And in the context of having conversations with

23  those counsel about this exercise, we understand that this

24  Objection has been filed by Wilmington at the instruction of

25  a group of Bondholders, defined the instructing holders.  So

1    -- and we've been told it's in excess of 50 percent of the

2    $200 million.  So we're talking about phasing out

3    approximately $100 million of $200 million on a claims base

4    in Canada of over $11 billion.

5            There are no claims that have been filed in the

6    United States in respect to these notes and no claims can be

7    brought.  The bar date is long since passed and there's been

8    no allegation that any of the U.S. Debtors, or in

9    particular, NNI, the main U.S. Debtor are responsible in any

10    way, shape, or form for any of the debts owed to these

11    Bondholders.

12            So and what we have is a request, effectively,

13    for an advisory opinion as to what interest rate might apply

14    in the hypothetical circumstance that there is enough money

15    in the U.S. Estates to pay post-petition interest, and in

16    particular, in the NNI case, to creditors.  And then there's

17    a citation to a couple of open cases in respect of that

18    issue.

19            What we've asked for, Your Honor, in terms of our

20    Motion is that we deal with this in two bites.  And we

21    actually think that it will just be one bite.  Which is is

22    there any reason to address the question of federal judgment

23    rate versus any other interest rate on post-petition

24    interest at this point in time?

25            And so we believe that what we should be doing is

1  addressing the threshold issues of standing and ripeness as

2  to whether or not there is actually a case in controversy

3  that requires this Court's involvement at this point in

4  time.

5            If we are to brief the issues of post-petition

6  interest at the same time, I think we're going to be

7  creating a substantial distraction from the task at hand all

8  for a hypothetical purpose.  And frankly, I think there's to

9  be read into this some concern that there's gamesmanship

10  going on.  Because where we are, Your Honor, as you know is,

11  we are, from any of the Debtors' perspectives in any of the

12  Nortel cases, not at a point in time where we know the two

13  crucial things that we need to know.  What are the claims?

14  And what are the assets available to satisfy those claims?

15  And until we know those two key inputs, the question of

16  whether or not we should be having an argument over

17  hypothetical post-petition interest, seems to us to be

18  something that is just not appropriate at this point in

19  time.

20            Certainly, we would like to think that when the

21  allocation and claims litigations are over, that this could

22  be an issue to be addressed, because that would mean that

23  the U.S. Estates has done very well indeed.  But we're not

24  there.  And the one thing that we should not be doing,

25  particularly at this stage of the discovery is dealing with

1    the post-petition interest issue.

2              And so from our perspective, what we should do is

3    address first whether or not there's a -- from a threshold

4    perspective, whether these instructing holders purportedly

5    acting through Wilmington Trust have standing.  And number

6    two, whether or not the issue is ripe for determination.

7    And if the Court decides in favor of these instructing

8    holders on both of those points, then we can deal with the

9    issue at that point in time.  But it seems to us from an

10   efficiency standpoint and from the economies of this case,

11   that we should be dealing only with the threshold issues at

12   this point.

13             And to that extent, Your Honor, what we requested

14   specifically is that the Objection that's been filed not be

15   heard on the schedule that has been suggested.  The schedule

16   that has been suggested is that full response to the

17   Objection would be due next week on the 19th and that there

18   would be hearing on December 3.  What we would suggest is

19   that the -- a hearing date be set for one of our Omnibus

20   dates in January.  I believe we have an Omnibus date of

21   January 21, and that on that date, we would have oral

22   argument with respect to the threshold issues and that we

23   would agree to a briefing schedule that would lead us up to

24   that date.

25             So from the Debtors' perspective, Your Honor, we

1  believe, you know, very strongly that the attention of any

2  -- of the -- at this point, scarce resources of the U.S.

3  Debtors and the Committee to this hypothetical question are

4  inappropriate at this time.  And there's certainly nothing

5  that would prevent the case, the issue from being addressed

6  if it needs to be at some point later in these proceedings.

7          So from our perspective, Your Honor, that's what

8  we're here for today.  We'd like to -- we have asked counsel

9  to Wilmington Trust and these instructing holders to agree

10 to this kind of schedule.  They politely declined to agree.

11 And, therefore, we were left with no choice but to request

12 this relief.

13         THE COURT:  All right, Mr. Bromley, I thank you.

14 Would anyone on, if you will, the side that Mr. Bromley has

15 expressed, like to be heard first before I hear from

16 Wilmington Trust?

17         MR. HODARA:  Your Honor, it's Fred Hodara at Akin

18 Gump. Good morning.

19         THE COURT:  Good morning.

20         MR. HODARA:  I do have a couple of comments that

21 I'd like to make, but I wonder if for the sake of

22 efficiency, it would make sense to hear from the Ropes &

23 Gray attorneys and then I can rebut, if need be.  Because we

24 agreed 1,000 percent with all the comments that Mr. Bromley

25 has just made.  And if it makes sense to Your Honor, perhaps

1  we can hear from the Ropes & Gray attorneys first.

2              THE COURT:  All right.  I think that does make

3  sense.  What you're telling me is you agree with Mr.

4  Bromley's arguments and that you may like to, if you will,

5  rebut anything that Wilmington Trust might argue.

6              MR. HODARA:  Yes.

7              THE COURT:  All right.  All right, who will I

8  hear from --

9              MR. KRELLER:  Your Honor, Your Honor, it's Tom

10  Kreller of Millbank on behalf of the Ad Hoc Bondholder

11  Group.

12              I just want to raise our hand.  We support the

13  request that's been made by the U.S. Debtors and the

14  Committee.  And I'm happy to say a few brief words at

15  whatever point you think is appropriate.

16              THE COURT:  All right.  All right, thank you.

17              MR. O'CONNOR:  Your Honor, excuse me.  It's Brian

18  O'Connor from Willkie Farr.

19              I just want to make the point, at some point, I

20  would like to give the Court the UK Pension Claimants'

21  perspective at whatever time the Court deems it appropriate.

22              THE COURT:  Well I'm fine to hear from you now,

23  if you'd like.

24              MR. O'CONNOR:  Okay, thank you, Your Honor.

25              THE COURT:  Please, yes.

1          MR. O'CONNOR:  I, by the way, am in a deposition

2   in London, which I had taken a break to come on the

3   conference call.  And I don't dispute as Mr. Bromley said,

4   we are all running all over the place doing depositions at

5   all times of the day in various jurisdictions.

6          I would like to say though that, Your Honor, that

7   we do think that this is an important issue.  Your Honor may

8   recall that when the mediation in Canada ended

9   unsuccessfully, the Courts had asked the parties to submit

10  to the Courts a list of the open items that the parties

11  thought needed to be addressed.  And in our list, one of the

12  predominant issues that we had raised was, in fact, the

13  issue of to what extent the Bondholders would be entitled to

14  post-petition interest.  And we raised that because it was

15  clear that that was a, you know, a major issue in the

16  mediation.  And as I recall correctly, the delta between the

17  federal judgment rate and the contract rate is somewhere

18  between $800 and $1 billion.  So what the Bondholders would

19  be entitled to in the event that NNI is solvent is a very

20  significant number.

21          And I do think, Your Honor, that I don't disagree

22  with the idea of having a briefing schedule with respect to

23  the issues of standing and the issues of advisory opinion.

24  We would like to be able to put something in on that because

25  I do think, contrary to what Mr. Bromley had said, is that

1    number one, this is a very important issue that is a very

2    narrow issue.  It's a question of law in terms of what the

3    appropriate interest rate would be.  And one of the things

4    that we certainly think is that having some of these issues

5    resolved prior to the actual filing of these merits, would

6    go a long way to narrowing the issues before the Court.  And

7    I think, making it much more likely that the parties might

8    actually be able to reach some sort of a settlement.  That's

9    a very big number that we're talking about.

10             And, you know, we're all concerned with fees.

11   The fees are being spent at a phenomenal amount.  Our client

12   as you know, pays for these fees themselves and anything

13   that we could do that could advance the ball, to narrow the

14   issues and make it more likely that the parties would be

15   able to resolve this without the need of a full blown trial,

16   it seems to us is a sensible thing to do.

17             MR. LOWENTHAL:  Your Honor, this is Dan Lowenthal

18   with Patterson Belknap.  We represent Law Debenture, one of

19   the Trustees.  The Claim Objection has been filed against

20   Law Debentures claims, as well as, Bank of New York.

21             And I just want to supplement one thing that Mr.

22   Bromley said.  We wholeheartedly support everything that he

23   said as Mr. Hodara said the Committee does as well, and we

24   serve on the Committee.  But implicit in those comments is

25   the following that I think Your Honor should consider.

1    Which is if the relief that Mr. Bromley is requesting is

2    granted, there just won't be any prejudice at all to

3    Wilmington Trust if we do this as he says in two bites.  If

4    we're right that this will be an advisory opinion that's not

5    ripe and there's no standing, then that ends it.  And if one

6    day it becomes ripe and will be considered, Wilmington Trust

7    will have its day to brief the post-petition interest as

8    will everyone else.  And if for some reason after the first

9    round of briefing Your Honor disagrees with the Debtors and

10   the Committee, and us, and the Bank of New York, and the

11   Bondholders, and thinks we should hear post-petition

12   interest arguments at that time, then so be it.

13            So there's no prejudice to Wilmington Trust by

14   doing it this way.  And if we're right, we'll save a lot of

15   time and money and distractions.  So, thank you for your

16   time, Your Honor.

17            THE COURT:  Thank you, Mr. Lowenthal.  Anyone

18   else on the sort of oppositional side?

19                   (No audible response.)

20            THE COURT:  Okay.  Who will hear from, let's see,

21   from Ropes & Gray, I think --

22            MR. MARTIN:  Your Honor, it's Ross Martin at

23   Ropes & Gray.

24            THE COURT:  Mr. Martin, good morning to you.

25            MR. MARTIN:  Good morning, Your Honor.  My

1    partner, Mark Somerstein is here just to -- just for the

2    record with me.

3              Again, thank you for the time this morning, Your

4    Honor.  I think it's fair to say, you're going to hear from

5    us, a very different story about what's going on.  But it's

6    actually a very simple story.  And let me start by answering

7    a question that Your Honor asked of Mr. Bromley.  Which is

8    what is this an Objection to?  And I want to make sure we're

9    very clear about that.

10             It's not an Objection to anything that the

11   Debtors are doing.  It's a very simple seven-page Claim

12   Objection.  Like Claims Objections we see all the time in

13   bankruptcy.  Claim Objections are expressly permitted under

14   the allocation protocol and it's recognized in that protocol

15   that they're a separate matter.

16             So that's just a -- I just want to set the stage.

17   That we filed this Claim Objection, not a week ago as was

18   said, we filed it on October 25, within the way the local

19   rules work.  We set it up for the next Omnibus Hearing,

20   under the Omnibus Hearings that the Debtors have had on the

21   schedule they have in the case and that was set for December

22   3, so more than a month after we filed those papers.

23             But let me turn to what we're proposing and why

24   Wilmington Trust is proposing what it is.  Mr. Bromley is

25   right.  That there is a group of directing Holders that are

1  51 percent.  That is, of course, incredibly common that

2  Indenture Trustees act at the direction of Holders.  And

3  those Holders, frankly, have an insight which is that Mr.

4  Bromley, and Mr. Hodara, and many others on this phone call,

5  contend in the allocation litigation, that the U.S. Estates

6  are solvent, and therefore, that post-petition interest

7  would be paid on the various claims in the U.S.  And

8  Noteholders, then directing Wilmington, have the insight

9  that it matters a lot what that post-petition interest rate

10  will be.  If it's not very high, maybe we're not really

11  fighting over all that much.

12            And those amounts are laid out and it's, frankly,

13  stunning, Your Honor, the difference in amounts that people

14  are fighting about just based on the differential claims in

15  the interest rate is well in excess of $1 billion.  That is

16  putting it the way we put this in Chapter 11 all the time,

17  parties here have massive disputes.  We can bring those

18  goalposts together.  We can bring them closer together by $1

19  billion, by focusing in parallel on one simple,

20  straightforward legal issue, the appropriate rate of post-

21  judgment interest that has already been decided in this

22  district.  The number of cases are a handful nationwide.  It

23  only took us seven pages to brief the matter.  And as

24  someone on the other side a little bit ago indicated,

25  everyone in this case knows the issue, they've all studied

1  it.  No burden is being imposed on anyone.

2            Now let me speak to that point.  Mr. Bromley, Mr.

3  Hodara echoing him, made a big deal out of how this will

4  interfere with the work the Debtor and the Committee are

5  doing.  And I would respectfully submit, Your Honor, that

6  that is entirely a red herring.  Wilmington Trust objected

7  to the claim of the Indenture Trustees on these notes.  It

8  is not typically the case that I see a Debtor interposing

9  itself to support a particular Debtors' plan, or excuse me,

10 a particular creditors' plan.  Normally, a Debtor would be

11 the one objecting.

12           With all respect, Your Honor, I would be

13 surprised if the Debtors, you know, came in and had to do

14 any work supporting this.  The Indenture Trustees should be

15 the one carrying that forward and it should not interfere

16 with the work of the Debtor or the Committee in the

17 allocation litigation whatsoever.  Not one iota.  They would

18 normally be objecting parties, if they disagree.  They may

19 agree, but it's not their money.

20           It's a simple Claim Objection being brought.  We

21 agree.  And the whole reason it's being done is it could

22 have very helpful implications for trying to narrow the

23 economics of the case and bring the parties together, or at

24 least have a chance, another chance of bringing the parties

25 together.  And that is the purpose of this.  It is true that

1   it's a $200 million bond issue, but that's still a lot of

2   money.  And frankly, people had an insight that this was a

3   way to maybe take another shot at, as I said, moving the

4   goalpost in a very substantial way on a very narrow issue,

5   that there's really no trouble with anyone briefing.

6              Now we have no issue, we have no quarrel, Your

7   Honor, with them raising the issues that they want to raise.

8   They are, of course, entitled to respond to the Claim

9   Objection, really probably the Indenture Trustee on the

10  other side, saying it's not right, we don't have standing.

11  And I could address those issues today or at the time on

12  December 3 on our Claim Objection.  They can make the legal

13  arguments they want to make.  But it's a simple Claim

14  Objection.  They should brief them.  They can brief the

15  substantive issue.  It will not be long briefs.  And we can

16  simply address those all at once.  And if the Court

17  concluded that we didn't have standing at that time, it

18  could deny the objection that was prejudiced at that time.

19  And all that would be lost was an Indenture Trustee having

20  to respond to our seven-page brief on an issue that everyone

21  has studied in detail.

22             I would note maybe one final thing on this, Your

23  Honor.

24             THE COURT:  Yes, sir.

25             MR. MARTIN:  There's a little bit of litigation

1    by ambush going on here.  And I don't want that to -- I

2    don't want to complain about it too loudly, but as I said,

3    we filed our Claim Objection entirely within the way the

4    rules are set up to do that.  Mr. Bromley is right that they

5    called us about the bifurcation and we respectfully

6    declined, as was our right to do.  And we explained to them

7    why.  Then on Wednesday at noon, they filed their response

8    and Motion for an Adjournment of Bifurcation.  And that

9    request of theirs was actually set for hearing by their own

10    papers for December 3 at the same time.  And then they filed

11    merely an Agenda and served it on us for today.  And now

12    they're requesting that procedural relief on less than two

13    days notice, but it's the same relief that they requested

14    set for December 3.

15            So, you know, I don't want to oversell this

16    point, Your Honor, because, obviously, we can respond on

17    short notice to this, but it's sort of very curious the way

18    this came up.  And maybe just in final summary.  I've never

19    spent so much, seen so much effort spent, Your Honor, on a

20    Motion to Avoid Filing a brief.  That's really what they're

21    asking for is a Motion to Avoid the Indenture Trustee for

22    these notes from filing a brief.  Why the Debtors, and the

23    Committee, and others are spending so much effort on that, I

24    think speaks volumes to the fact that, you know, having a

25    new approach, trying anything to move the goalpost in this

1  case is absolutely a productive and worthwhile exercise.  If

2  the Court disagrees with us on the standing point on

3  December 3, let's vet that out, but let's also get the

4  substantive issues on the table and the Court can see them.

5  It's not a big issue.

6           Your Honor, I don't want to -- I'm happy to talk

7  about the ripeness for standing issues, if Your Honor wants

8  to hear about them this morning.  I suspect that maybe not

9  because this is just a status conference.  I just did want

10  to make the Court aware I was coming to that.

11           THE COURT:  I appreciate that, Mr. Martin.  Let

12  me just say as far as this telephone call is concerned.  Had

13  I seen a Motion to Adjourn the matter, I probably would have

14  asked for a telephone conference because otherwise, parties

15  would have come to Court on December 3, not knowing whether

16  I was going to hear the merits or not.  So I think that this

17  is not inappropriate, but we'll -- so I think we can move on

18  from that point.

19           MR. MARTIN:  That's fine.  I didn't want to -- as

20  I said, Your Honor, I didn't want to over blow that point.

21  It's just sort of curious the way it came out.

22           THE COURT:  All right.

23           MR. BROMLEY:  Your Honor --

24           THE COURT:  Mr. Bromley are you going to be heard

25  next?

1          MR. BROMLEY:  -- may I respond to a couple of

2     points?

3          THE COURT:  Yes, and then we'll certainly -- I

4     know Mr. Hodara would like to be heard as well.

5          MR. HODARA:  Yes.

6          MR. BROMLEY:  Thank you, Your Honor.

7          MR. HODARA:  And if it's okay --

8          MR. BROMLEY:  Do you want to go first, Fred?

9          MR. HODARA:  Yes.  And -- because then I think

10     you'll be able to follow up and that should do it for our

11     end.

12          So, Your Honor, Fred Hodara at Akin Gump.  And

13     thank you, I think that did help to hear more clearly what

14     Mr. Martin had to say.

15          The Motion or the Objection, rather, that

16     Wilmington filed, seemed to be the kind of pleading that was

17     trying to shine a light on something, to have a day in Court

18     to -- for some purpose.  And I think we're hearing what that

19     is, it's what it said in the papers; that they believe

20     there's an issue here that is somehow holding up progress in

21     the case.  And we heard Mr. O'Connor echo that this is an

22     important issue, this meaning the issue of post-petition

23     interest.

24          And we absolutely agree post-petition interest

25     could turn out to be a very important issue in the case, if

1  and when the time comes as we expect as one of the parties

2  here, that there will be enough value in the U.S. Estates to

3  pay post-petition interest.  And as they say, that is a

4  billion dollar issue based on contract rates, if that comes

5  to be the entitlement.  So no doubt, even in this case, a

6  billion dollars is a big issue.

7           So no one can deny that if the U.S. Estate had

8  enough value to deal with post-petition interest, that this

9  will become a big issue.  But what is implicit in the paper

10  that was filed and what Mr. Martin now has reiterated in his

11  comments is the statement, for instance, there's a sentence

12  in the papers, where the Movant says or the Objection says,

13  "The allocation dispute is really just a fight over whether

14  or not the claim will receive $18 million per year of post-

15  petition interest."

16           So they're saying the allocation dispute, what

17  we're in the middle of right now, what all the discovery is

18  about is really just a fight over $18 million a year post-

19  petition interest.  This is the first time that any Canadian

20  creditor has conceded that this is really just a fight over

21  post-petition interest; meaning that the U.S. Estate will be

22  solvent.  That there will be enough value in the U.S. Estate

23  to pay all creditors in full.  It is a point that has been

24  totally apparent to us and to all of the U.S. interests.  It

25  has never been said in a public forum before.  It's not what

1  what's happened in mediation or any place else and now we

2  have this very important statement.

3        Now they do, the Objection does drop one

4  footnote, Footnote 8.  Where they reserve their rights to

5  advance the argument that Your Honor has heard from the

6  Canadian Estates, that there should be global substantive

7  consolidation.  Or the more recent argument, amazing that it

8  came so late in the case, that all of the intellectual

9  property, the residual intellectual property, belongs only

10  to the Canadian Estates.

11        So they, you know, there's this footnote that

12  reserves that right.  And so, you know, let's just get back

13  to the issue at hand, those claims are still being made by

14  the other Canadian creditors.  That's at the heart of the

15  dispute in the allocation litigation.

16        So while it's gratifying to see a Canadian

17  creditor make this statement publicly, that all this

18  allocation dispute is a value of this post-petition interest

19  in the United States, unfortunately, there's still the

20  CCC's, there's still the Monitor, there's still NNL, all

21  saying something different in our discovery disputes and in

22  the litigation itself.

23        And then, amazingly, this paper doesn't even

24  reference the EMEAN's or the UK Pension parties.  And it's

25  totally inappropriate for Mr. O'Connor to speak up and say

1  the things that he did because, as we all know, the

2  allocation dispute is a dispute principally among the three

3  estates.  And, of course, all the other Nortel Estates

4  around the world, but principally, those three estates, plus

5  the UK Pension parties, and the Canadian Creditors, and the

6  U.S. Creditors, and their interest in the allocation dispute

7  are not mentioned here in this pleading at all.

8           And, of course, while they've defined allocation

9  dispute in the way that they have, what's not clear in that

10  is that the UK Pension claims are equally on the table in

11  the current litigation.  So those claims don't somehow go

12  away, if we deal with post-petition interest.  In fact, it's

13  the other way around.  If there are $3 billion or more of

14  EMEAN claims, of UK Pension claims, that actually get

15  allowed in the U.S. Estate, then unfortunately, we probably

16  never get to the post-petition interest issue.

17           So when Mr. O'Connor makes a very good point that

18  there are some issues that will advance the process, if and

19  when they get taken care of, well that's exactly what Your

20  Honor said in the original discussion about two years ago

21  dealing with the UK Pension claims.  Your Honor said if I

22  can heal some of these EMEAN and UK claims now, that might

23  advance the process.

24           Now where things have evolved is, in fact, we're

25  still dealing with some of them.  Some have been dismissed.

1   Some are still on the table.  But this litigation that we're

2   in the midst of, absolutely includes those claims.  And so,

3   in fact, when the discovery is done, when the trial begins,

4   if those claims are either disposed of once and for all, or

5   are found to be meritorious and are deemed allowed in some

6   amount, that will, in fact, focus issues, clarify issues,

7   and advance the process.  But, of course, even those issues,

8   just like how many dollars the U.S. Estate gets out of the

9   black box have to come first before you ever get to the very

10  important issue of post-petition interest.

11          MR. MARTIN:  Your Honor, it's Ross Martin again.

12  If I could just -- I do feel the need to respond to Mr.

13  Hodara on one point.

14          THE COURT:  Go ahead, Mr. Martin.

15          MR. MARTIN:  The notion that we're somehow

16  conceding the allocation point is just a flat misstatement

17  of the point that we're making, which is a simple one, and

18  we made in the Claim Objection.  All we're saying is yes,

19  there are huge factual issues about the allocation.  There

20  may be huge factual expensive issues about the EMEA claims.

21  There is a simple way to move the goalposts closer together

22  to try to help resolve this case.  And we could express that

23  point in a seven-page Claim Objection on an issue that

24  everyone already understands.

25          The notion that, oh, this is the first time a

1    Canadian creditor has conceded this point is just entirely

2    trying to confuse the issue.  We are attempting to be

3    constructive.  And I don't understand the repeated

4    references to how complicated all this is when knowing they

5    refused.  That solving this issue and working on this issue,

6    which the Committee and the Debtor don't even have to deal

7    with, will help to move this forward in a massive way.

8            That -- I just -- I did not want to leave Mr.

9    Hodara's point out there because it was just flat out not

10   what we say in our papers.  Thank you, Your Honor.

11           MR. O'CONNOR:  Your Honor, it's Brian O'Connor.

12   Just before Mr. Bromley sums up, we'll give him, I suppose,

13   the final word.  If I could just add one other point.

14           I certainly agree with Mr. Hodara that there are

15   the critical issues in the allocation and the claims trial

16   that the litigation is dealing with now and that you and

17   Justice Morawetz will have to deal with that at a trial, if

18   it doesn't get resolved.

19           But I do think that there is a very important

20   point here.  And I do agree with counsel for Wilmington

21   Trust that this issue, if you accept the fact that the

22   Bondholders have taken the position, their allocation and

23   pleadings, that the U.S. Estate is solvent, and you also

24   consider the fact that it is a basic legal issue with only a

25   couple of reported opinions that need to be addressed.  It

1  does provide the opportunity to address an issue which has

2  been a very, very large stumbling block for trying to get

3  the parties together because of the uncertainty about what

4  the entitlements to the Bondholders are.

5          And the reason why we thought it was important to

6  the UK Pension Claimants to say something is we are

7  struggling to try to find a way to assist the Courts to get

8  through this.  We all know that this is going to be a very,

9  very, complicated, complex, difficult trial with the two

10  Courts involved.  Also, there are different issues that we

11  haven't even addressed yet.  And if there is a way that can

12  put the parties in a position that they might be able to

13  find a way to amicably resolve this, so the Court's don't

14  have to deal with that kind of complex issue, which will

15  result undoubtedly in appeals in two jurisdictions going on

16  for years, it seems to us it makes eminent sense to try to

17  do that.

18          And I think if there is briefing, I think there

19  are cases in the context of Declaratory Judgments that I

20  think would be supportive of the opposition that we are

21  sufficiently ripe in this context that would allow Your

22  Honor to feel free to render a decision without making an

23  advisory opinion.

24          THE COURT:  Well, let me ask one question before

25  I hear from anybody else.  Because there was a very

1   significant mediation, it took a lot of time, effort, and

2   money.  And if this was such a stumbling block to

3   settlement, why didn't somebody in the midst of that

4   mediation, say hey, Judge, you can help us to get this

5   matter settled by deciding this issue?

6            MR. O'CONNOR:  Well, Your Honor, this -- it's

7   O'Connor.  I think to some extent, obviously, we're all

8   bound by confidentiality and we couldn't reveal what various

9   parties' bids and asks were.  And, of course, there -- this

10  was certainly an issue which was discussed, but there was

11  some concern that it could be viewed as an advisory opinion.

12  But I do think it's time because it is that important, that

13  this is back out on the table and the Judges are aware of

14  this because I think it does provide a fertile area for the

15  parties to explore, you know, a second attempt to trying to

16  resolve this.

17            MR. MARTIN:  Your Honor, it's Ross Martin

18  again --

19            THE COURT:  Yes, Mr. Martin.

20            MR. MARTIN:  -- for the record.  We were not

21  involved in the mediation.  Neither -- not Ropes & Gray and

22  not the directing holders.  I actually don't know whether

23  Wilmington was there.  I'm not sure whether they were.  And

24  it's a very good question, Your Honor.  And, frankly, I

25  think maybe the simplest and the only answer that matters is

1  there's nothing wrong with -- sometimes there's inertia in a

2  case and there's nothing wrong with a fresh perspective

3  coming in.

4            THE COURT:  All right.

5            MR. MARTIN:  That's all, Your Honor.

6            THE COURT:  All right.

7            MR. HODARA:  This Fred Hodara --

8            MR. KRELLER:  Your Honor, It's Tom -- Your Honor,

9  it's Tom Kreller at Millbank.

10           THE COURT:  Hold on one second.  Who was trying

11 to speak before you, Mr. Kreller?

12           MR. HODARA:  I'm sorry, it's Frank Hodara.

13           THE COURT:  Yes, Mr. Hodara, let's finish --

14 let's give you a chance to finish.

15           MR. HODARA:  Thank you.  So a very important

16 point.  Wilmington Trust was at the mediation.  I mean, the

17 comment that was just made about I don't even know if

18 Wilmington was there, goes to the issue of who do these

19 people -- who does Ropes & Gray represent?  And I think he

20 just said, Mr. Martin just said, he was referring to the

21 group of Bondholders.  This goes right to the standing

22 issue.  And I think -- I don't want to defect, frankly, from

23 the importance of the post-petition interest issue, the

24 subcon issue, other questions that aren't even on the table

25 such as one's significance to allocation.  Which is that

1  they might go first in doing a plan and making distributions

2  and how does that affect the other stage?  That's a

3  question, just like post-petition interest that's absolutely

4  not in the allocation at trial, but it's critical to how

5  these cases will all end.  But there are questions that are

6  in the allocation at trial like substantive consolidation or

7  a priorityship of the intellectual property, which if dealt

8  with early on, could, in fact, streamline things.  And those

9  issues are in the allocation and claims trials as compared

10 with post-petition interest or marshaling or any of those

11 questions which for better or worse are not part of the

12 actual trial.

13        THE COURT:  All right.  Thank you, Mr. Hodara.

14 Now I -- Mr. Kreller started to be -- to speak.

15        MR. KRELLER:  Thank you, Your Honor.  And I'll be

16 brief.  Obviously, the parties are kind of wandering well

17 down the path of actually arguing the ripeness points.  And

18 I think that may demonstrate to you very -- in a very

19 straightforward matter,  a need for briefing of that issue,

20 because it's obviously a lot of different perspectives than

21 handling it on the fly like this.  And a status conference

22 is probably not the right way for you to take it under

23 consideration.  I think you deserve the whole set of briefs

24 on this those issues.

25        What I will say, Your Honor, and I'll try and

1    refrain from falling into that trap, because I think the

2    suggestion of Mr. Bromley at the outset, to have that issue

3    and the standing issue addressed upfront as threshold

4    hurdles that have to be cleared before you ever get into the

5    post-petition interest issue is right way to handle this.

6              What I will say is this, Your Honor.  Mr. Martin

7    wants to continue to bang the drum on the theme that this is

8    a simple issue and that evidence of it being simple is that

9    his brief was only seven pages long.  And what I would

10   submit to you, Your Honor, is that his brief was only seven

11   pages long because it doesn't cover either the facts or the

12   law.  And the reason it doesn't cover the facts is because

13   the facts don't exist yet to have a post-petition interest

14   discussion.  And the facts will not exist until the

15   allocation is done.  The allocation will tell you, how much

16   money goes to the U.S., both through its allocation and

17   through its recovery on its $2 billion claim against Canada.

18   It will also tell you how much money doesn't go to the U.S.

19   because it's going to EMEA.  Those are the relevant facts.

20   They don't exist.  That's why the brief is seven pages long.

21   Those facts aren't existence yet.

22             The brief also doesn't cover the law, Your Honor.

23   There are plenty of cases that say things very different

24   than the few cases that Wilmington cites.  And frankly, Your

25   Honor, you know, one of the reasons that the law isn't in

1   there is because you also don't have the legal framework to

2   address this issue.  The question of post-petition interest

3   can come up in a number of different ways.  It can come up

4   in a consensual plan, it come up in a cram down plan, it can

5   come up in a 90 minute team compromise, and all of those

6   impose very different legal frameworks that you would need

7   to view the issue with.  There's another reason why this

8   issue isn't ripe.  There's another reason that Mr. Martin

9   continues to overlook in his efforts to make this sound

10  simple.

11          Your Honor, nobody has more interest in the post-

12  petition interest fight if there's going to be one than my

13  Bondholder Group.  And when it's time to get into weighing

14  on that issue, we're going to be the first ones in and now

15  is not the time, Your Honor.

16          THE COURT:  All right.  I appreciate that.  And

17  why don't we end up with Mr. Bromley here?

18          MR. BROMLEY:  Thank you, Your Honor.  And I will

19  similarly attempt to be brief.  The whole purpose of our

20  joint application with the Committee was to ask for briefing

21  and time so that all of these issues could be addressed in

22  an appropriate fashion.  And that's the bottom line of what

23  we as Debtors are requesting, together with the Committee.

24          I do think though that there's a couple of things

25  that I have to respond to that were raised by Mr. Martin.

1  And I'll try to do that quickly.

2              First, Mr. Martin admitted that neither he nor

3  his clients were participants in the mediation in January.

4  Your Honor's well aware that the mediation in January was

5  the third mediation, not the first.  And that third

6  mediation followed informal attempts to settle that took

7  place over a period of three or four months before even the

8  first mediation.  It is safe to say that there have been at

9  least a dozen material issues that have been raised in the

10 litigations and in the mediations that the Courts will need

11 to decide.

12             To try to take one of those issues and to say

13 this sentence, which appears in Paragraph 3 of Wilmington's

14 or the instructing holder's objection is really the crux of

15 it for me.  It says, "By ruling now to disallow post-

16 petition interest on the claims in excessive interest

17 calculated at the federal judgment rate, this Court will

18 establish the upper boundary for recoveries to U.S.

19 creditors, unsecured creditors, and effectively end the

20 allocation dispute."

21             THE COURT:  Oh, was I thrilled when I read that,

22 Mr. Bromley.

23             MR. BROMLEY:  Sorry, Your Honor?

24             THE COURT:  I was thrilled when I read that.

25                         (Laughter)

1          MR. BROMLEY:  Well, you know, if it were true,

2    Your Honor, we would all be thrilled.

3          THE COURT:  Yes.

4          MR. BROMLEY:  But it is frankly, a statement made

5    out of ignorance by parties who have shown up in Canada in

6    the last fifteen minutes, if you take this case and carry

7    that over five years.  And what they want to do with this

8    Motion is to take control over the litigation of many

9    material issues, pluck one issue out, one which happens to

10   be completely immature in terms of decisions and say that

11   it's going to solve everything.

12          Now I asked Mr. Martin during a meet and confer

13   and on a separate phone call.  That meet and confer I

14   suspect is part of the litigation by ambush strategy that he

15   refers to.  Whether or not he had any basis to make that

16   statement, because if the Monitor, and the CCC, and the U.K.

17   Pension Claimants, and the Joint Administrators all agreed

18   with that same sentence, well we'd be in a very different

19   spot, but we're not.  That sentence was written as a sound

20   bite to be put in for the press and it is 1,000 percent

21   wrong.  And to sit here and have to read that and to hear

22   Mr. Martin talk about his late appearance and how

23   notwithstanding that, it should be him and his 51 percent of

24   $200 million of $11 billion of claims, which they probably

25   bought in the last ten minutes for a quarter on the dollar,

1  and that they should be the ones, not the U.S. Debtors or

2  the Committee, to determine how to proceed is simply

3  outrageous.

4           I would echo Mr. Hodara's comments that if one

5  issue is going to be plucked out to be addressed prior to

6  trial, you will simply lead to further plucking.  The fact

7  is is that discovery is scheduled to end.  When the schedule

8  -- when the discovery ends, we will then move into a period

9  of time where all sorts of Motions on Summary Judgments can

10 be made.

11          Mr. O'Connor will recall, that we had attempted

12 to address both his claims and the claims of the Joint

13 Administrators prior to the allocation dispute.  Indeed, I

14 can recall in June of 2011, when we had the first argument

15 as to whether the Court should deal with these issues, that

16 claims should be addressed first and allocation second.  And

17 we've lost that fight.  To sit here today and say that one

18 particular issue on a hypothetical point that we may never

19 see, should be taken out of context and addressed

20 immediately, takes five years of work and turns it

21 completely on its head.

22          THE COURT:  All right.

23          MR. BROMLEY:  So from my --

24          THE COURT:  I'm sorry.

25          MR. BROMLEY:   -- perspective, I think what we

1   need to do is to say let's litigate this.  Can they do this?

2   Do they have the right to do it?  And is there ripeness with

3   respect to it?  And if the answers are all yes, well then we

4   can deal with what the federal judgment rate might happen to

5   be or the -- I'm sorry, the post-petition rate.  Whether

6   it's the federal judgment rate, or a contract rate, or some

7   other rate in between.  But what we need to do is to fully

8   brief the question of whether Mr. Martin and his Johnny-

9   come-lately clients, have the right to sit here and be the

10  tip of the sword on this issue.

11          MR. MARTIN:  Your Honor, it's Mr. Martin.  If I

12  could just be heard very briefly.

13          THE COURT:  All right, Mr. Martin.

14          MR. MARTIN:  Let me just say that the notion that

15  Mr. Bromley can simply assert an alleged purchase price and

16  when he will purchase when, in fact, it's not the case and

17  Wilmington is the Movant here is somewhat disturbing.

18          But let me set that aside because I want to bring

19  us around to where we started  And something I just -- I

20  frankly now agree with Mr. Bromley on.  He said let's brief

21  the issue.  That's all we're here to talk about this

22  morning.  And all we're saying is they should brief the

23  ripeness issue that they think exists, they should brief the

24  standing issue that exists, and we're happy to do that.  And

25  we're happy to do it, a reply for December 3 in the ordinary

1    course.  They've had since October 25 to research those

2    issues.  They can put their brief in.  And they can also

3    brief the other issue that is very -- is straightforward and

4    Your Honor can decide.  All we're here on is briefing.  And

5    I don't understand what the deficiency is of bifurcating all

6    that out.  It's very simple.  We're happy to respond.  We've

7    thought about these issues before we filed the papers.  The

8    issue will fall where it will fall.  But we should

9    absolutely take Mr. Bromley up on his suggestion and we

10   should brief it all in a very straightforward manner and we

11   should have the hearing as it ordinarily happens under the

12   rules.  There's no substantive decision here.  That's -- we

13   should get the arguments out on the table and see where the

14   chips fall.  Thank you, Your Honor.

15           THE COURT:  Well, let me say this.  When I

16   received the Objection, I was a little bit -- I was very

17   surprised.  And but I didn't do anything proactively because

18   I like the parties to kind of be able to respond and kind of

19   guide me a little bit, too.

20           It troubles me that one issue is being

21   spotlighted, when there are as the Court knows and as all

22   the parties here know, a number of issues.  And no one would

23   like to see the goalposts moved closer than I would and

24   Justice Morawetz would, but there are simply too many

25   issues, I think, for that to occur.

1           You know, I was really -- I was thinking,

2   frankly, about just adjourning the matter entirely to a more

3   appropriate time when it is, I think, necessary to decide

4   this issue.  I just don't see that it's necessary right now.

5   I supposed I'm sort of indicating where I come out on the

6   ripeness of things.  I don't want to issue an advisory

7   opinion.  I'm not going to issue an advisory opinion.  And I

8   -- my concern is I could sit here quietly and say, yeah,

9   let's brief the ripeness and standing issues and I'll decide

10  them, but ultimately, I am not going to issue an opinion on

11  the -- on what I would call the merits of the issue.  That

12  is something that remains to be done at the appropriate time

13  and this is not the appropriate time.

14          So what I think I -- where I am coming out on

15  this is that I don't want briefing on standing.  I don't

16  want briefing on ripeness.  I am going to just adjourn the

17  Objection and not hear it at this time because I'm not going

18  to issue and advisory opinion.  That's what it would be.

19  And I know that the parties, certainly, the parties view it

20  as perhaps being helpful to resolving the case.  I just

21  don't see that possibility.  And I've heard that it's really

22  one of many, many issues.  There is very, very significant

23  discovery taking place.  I want this matter to move to that

24  Allocation Trial.  And so I guess my ruling at this point is

25  that the Objection is adjourned because the Court views what

1    is being requested to be an advisory opinion and I'm not

2    going to do it.

3            So that's where I come out on things.  And so

4    there's no briefing schedule.  The December 3, the hearing

5    on December 3 will not include among it this objection.  And

6    if the parties really want to settle the matter, there are

7    ways to do that.  And but this is not the way to do it,

8    selecting a single issue, you know, out of many.

9            And so that's my ruling.  I'll issue a little

10   Order on that, kind of reflecting what I just said, and we

11   will move on with the case.  But I thank everyone for your

12   thoughtful comments and I guess I will be seeing you on

13   Tuesday.  And I thank you and good day to everyone, and a

14   good weekend.

15

16

1   MR. BROMLEY:  Thank you very much, Your Honor.

2

3       (Whereupon, at 10:56 a.m., the hearing was adjourned.)

4

5                          CERTIFICATION

6           I certify that the foregoing is a correct

7   transcript from the electronic sound recording of the

8   proceedings in the above-entitled matter.

9

10

11   _____          15 November 2013
12   Traci L. Calaman, Transcriber                  Date
13

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **a.m**(3) 1:15  5:1  41:3 | | **among**(2) 25:2  40:5 | | **aren't**(2) 30:24  32:21 | | **bites**(2) 8:20  15:3 | |
| **abbott**(3) 1:24  5:7  5:7  5:12  5:21 | | **amount**(3) 7:10  14:11  26:6 | | **argue**(1) 12:5 | | **black**(1) 26:9 | |
| **ability**(1) 6:25 | | **amounts**(2) 17:12  17:13 | | **arguing**(1) 31:17 | | **block**(2) 28:2  29:2 | |
| **able**(6) 13:24  14:8  14:15  22:10  28:12 | | **and**(265) 5:3  5:9  5:9  5:16  5:23  5:24 | | **argument**(5) 9:16  10:22  24:5  24:7  36:14 | | **blow**(1) 21:20 | |
| 16:5  16:9  17:14  20:2  20:5  21:7  21:8 | | 5:25  6:10  6:11  6:16  6:21  6:24  7:1  7:3 | | **arguments**(4) 12:4  15:12  19:13  38:13 | | **blown**(1) 14:15 | |
| 23:18  25:20  26:19  26:20  28:3  30:17  35:22 | | 7:8  7:13  7:15  7:17  7:20  7:22  8:1  8:6  8:7 | | **around**(4) 6:11  25:4  25:13  37:19 | | **bond**(1) 19:1 | |
| 37:21  38:7  39:2 | | 8:12  8:15  8:16  8:20  8:25  9:1  9:8  9:14 | | **arsht**(1) 1:23 | | **bondholder**(2) 12:10  33:13 | |
| | | 9:15  9:21  9:24  10:12  10:5  10:7  10:10 | | **aside**(1) 37:18 | | **bondholders**(8) 7:25  8:11  13:13  13:18 | |
| **aboveentitled**  (1) 41:8 | | 10:13  10:17  10:21  10:22  11:3  11:4  11:9 | | **ask**(3) 6:2  28:24  33:20 | | 15:11  27:22  30:8  30:21 | |
| **absolutely**(5) 21:1  22:24  26:2  31:3  38:9 | | 11:11  11:23  11:25  12:4  12:13  13:14  13:3 | | **asked**(6) 8:19  11:8  13:9  16:7  21:14  35:12 | | | |
| **accept**(1) 27:21 | | 13:11  13:14  13:16  13:17  13:18  13:21 | | **asking**(1) 20:21 | | **bonds**(2) 7:9  7:15 | |
| **act**(1) 17:2 | | 13:23  14:3  14:6  14:10  14:12  14:14  14:21 | | **asks**(1) 29:9 | | **both**(4) 5:22  10:8  32:16  36:12 | |
| **acting**(1) 10:5 | | 14:23  15:5  15:5  15:6  15:8  15:9  15:10 | | **assert**(1) 37:15 | | **botter**(1) 2:35 | |
| **actual**(3) 6:20  14:5  31:12 | | 15:10  15:10  15:11  15:14  15:15  15:16 | | **asset**(2) 3:12  3:12 | | **bottom**(1) 33:22 | |
| **actually**(9) 7:12  8:21  9:2  14:8  16:6  20:9 | | 16:8  16:14  16:21  16:23  17:2  17:4  17:4 | | **assets**(1) 9:14 | | **bought**(1) 35:25 | |
| 25:14  29:22  31:17 | | 16:7  17:7  17:12  17:12  17:23  18:4  18:5 | | **assist**(1) 28:7 | | **bound**(1) 29:8 | |
| | | 18:13  18:15  18:21  18:23  18:25  19:2  19:1 | | **attempt**(2) 29:15  33:19 | | **boundary**(1) 34:18 | |
| **add**(1) 27:13 | | 19:15  19:16  19:19  20:1  20:5  20:6  20:8 | | **attempted**(1) 36:11 | | **box**(1) 26:9 | |
| **address**(7) 8:22  10:3  19:11  19:16  28:1 | | 20:8  20:10  20:11  20:11  20:18  20:22  20:2 | | **attempting**(1) 27:2 | | **brad**(1) 2:33 | |
| 33:2  36:12 | | 21:1  21:4  22:3  22:7  22:9  22:10  22:12 | | **attempts**(1) 34:6 | | **break**(1) 13:2 | |
| | | 22:18  22:21  22:24  23:1  23:3  23:10  23:24 | | **attention**(1) 11:1 | | **brian**(3) 4:9  12:17  27:11 | |
| **addressed**(10) 9:22  11:5  13:11  27:25 | | 24:1  24:12  24:21  24:23  24:24  24:25  25:3 | | **attorneys**(1) 11:23  12:1 | | **brickley**(2) 3:28  3:29 | |
| 28:11  32:3  33:21  36:5  36:16  36:19 | | 25:5  25:5  25:6  25:8  25:18  25:22  26:2 | | **audible**(1) 15:19 | | **brief**(23) 9:5  12:14  15:7  17:23  19:14 | |
| | | 26:4  26:5  26:7  26:17  26:22  27:3  27:5 | | **aurelius**(2) 4:28  4:28 | | 19:14  19:20  20:20  20:22  31:16  32:9  32:10 | |
| **addressing**(1) 9:1 | | 27:6  27:15  27:16  27:16  27:20  27:22  27:2 | | **available**(1) 9:14 | | 32:20  32:22  33:19  37:8  37:20  37:22  37:23 | |
| **adjourn**(2) 21:13  39:16 | | 28:5  28:11  28:18  29:1  29:2  29:8  29:9 | | **avaya**(1) 3:4 | | 38:2  38:3  38:10  39:9 | |
| **adjourned**(2) 39:25  41:3 | | 29:9  29:13  29:21  29:23  29:24  29:25  30:2 | | **avoid**(2) 20:20  20:21 | | | |
| **adjourning**(1) 20:8 | | 30:19  30:22  31:1  31:2  31:8  31:9  31:15 | | **aware**(4) 6:23  21:10  29:13  34:4 | | **briefing**(12) 6:3  10:23  13:22  15:9  19:5 | |
| **adjournment**(1) 20:8 | | 31:17  31:21  31:25  31:25  32:3  32:8  32:9 | | **away**(1) 25:12 | | 28:18  31:19  33:20  38:4  39:15  39:16  40:4 | |
| **administered**(1) 1:6 | | 32:12  32:14  32:16  32:24  33:5  33:11  33:1 | | **babbili**(1) 3:21 | | | |
| **administrators**(3) 2:12  35:17  36:13 | | 33:16  33:18  33:21  33:22  34:1  34:5  34:10 | | **back**(2) 24:12  29:13 | | **briefly**(1) 37:12 | |
| **admitted**(1) 34:2 | | 34:12  34:19  35:6  35:7  35:10  35:12  35:13 | | **ball**(1) 14:13 | | **briefs**(2) 19:15  31:23 | |
| | | 35:13  35:16  35:16  35:17  35:20  35:21 | | **bang**(1) 32:7 | | **bring**(5) 7:21  17:17  17:18  18:23  37:18 | |
| **advance**(5) 14:13  24:5  25:18  25:23  26:7 | | 35:21  35:21  35:22  35:23  36:1  36:12  36:16 | | **bank**(5) 2:20  4:20  4:20  14:20  15:10 | | **bringing**(1) 18:24 | |
| **advisory**(9) 8:1  8:13  13:23  15:4  28:23  29:11 | | 36:16  36:17  36:19  36:20  37:2  37:3  37:8 | | **bankruptcy**(3) 1:1  1:19  16:13 | | **bromley**(39) 5:8  5:11  5:13  5:14  5:17  5:21 | |
| 39:6  39:7  39:18  40:1 | | 37:9  37:15  37:16  37:19  37:22  37:24  37:2 | | **bar**(1) 8:7 | | 6:2  6:7  11:13  11:14  11:24  13:3  13:25 | |
| | | 38:2  38:3  38:4  38:9  38:10  38:13  38:17 | | **barclays**(2) 4:4  4:4 | | 14:22  15:1  16:7  16:24  17:4  18:2  20:4 | |
| **affect**(1) 31:2 | | 38:18  38:21  38:22  38:23  39:7  39:8  39:9 | | **barrack**(1) 3:25 | | 21:23  21:24  22:1  22:6  22:8  27:12  32:2 | |
| **after**(2) 15:8  16:22 | | 39:9  39:13  39:17  39:18  39:19  39:21  39:2 | | **base**(2) 7:10  8:3 | | 33:17  33:18  34:22  34:23  35:1  35:4  36:23 | |
| **again**(3) 16:3  26:11  29:18 | | 40:1  40:3  40:5  40:7  40:9  40:10  40:11 | | **based**(4) 17:14  23:4 | | 36:25  37:15  37:20  38:9  41:1 | |
| **against**(2) 14:19  32:17 | | 40:13  40:13  40:13 | | **basic**(1) 27:24 | | | |
| **agenda**(1) 20:11 | | | | **basis**(1) 35:15 | | **bromley's**(1) 12:4 | |
| **ago**(3) 16:17  17:24  25:20 | | **andrew**(1) 3:13 | | **because**(27) 6:5  9:10  9:22  11:23  13:14 | | **bromley,esq**(1) 1:29 | |
| **agree**(10) 10:23  11:9  11:10  12:3  18:19 | | **angela**(1) 3:49 | | 13:24  20:16  21:9  21:24  22:9  25:1  27:9 | | **brought**(3) 5:9  8:7  18:20 | |
| 18:21  22:24  27:14  27:20  37:20 | | **annie**(1) 1:25 | | 28:3  28:25  29:12  29:14  31:20  32:1  32:11 | | **brown**(1) 3:32 | |
| | | **another**(4) 18:24  19:3  33:7  33:8 | | 32:12  32:19  33:1  35:16  37:18  38:17  39:1 | | **buchanan**(1) 2:8 | |
| **agreed**(2) 11:24  35:17 | | **answer**(1) 29:25 | | 39:25 | | **burden**(1) 18:1 | |
| **ahead**(1) 26:14 | | **answering**(1) 16:6 | | | | **business**(1) 6:20 | |
| **akin**(4) 2:30  6:2  11:17  22:12 | | **answers**(1) 37:3 | | **become**(1) 23:9 | | **but**(34) 9:23  10:9  11:11  11:11  14:24  16:5 | |
| **all**(57) 5:12  6:21  9:7  11:13  11:24  12:2 | | **any**(16) 6:12  7:19  8:8  8:9  8:10  8:22  8:23 | | **becomes**(1) 15:6 | | 16:23  18:19  19:1  19:13  20:2  20:13  20:17 | |
| 12:7  12:7  12:16  12:16  13:4  13:4  13:5 | | 9:11  9:11  11:1  15:2  18:14  23:19  24:1 | | **been**(22) 6:17  6:22  7:11  7:17  7:20  7:21 | | 21:3  21:17  23:9  25:4  26:1  26:7  27:19 | |
| 14:10  15:2  16:12  17:11  17:16  17:25  18:12 | | 31:10  35:15 | | 7:24  8:1  8:5  8:7  10:14  10:15  10:16  12:13 | | 29:10  29:12  31:4  31:5  35:4  35:19  37:7 | |
| 19:16  19:19  21:22  23:17  23:23  23:24  24:8 | | | | 14:19  17:21  23:23  23:25  25:25  28:2  34:8 | | 37:18  38:8  38:17  38:24  39:10  40:7  40:11 | |
| 24:17  24:20  25:1  25:3  25:7  26:4  26:18 | | **anybody**(1) 28:25 | | 34:9 | | | |
| 27:4  28:8  29:7  30:4  30:5  30:6  31:5  31:13 | | **anyone**(4) 11:14  15:17  18:1  19:6 | | | | **calaman**(1) 41:12 | |
| 33:5  33:16  33:21  35:2  35:17  36:9  36:22 | | **anything**(5) 12:5  14:12  16:10  20:25  38:17 | | **before**(12) 1:18  5:22  11:15  14:6  23:25 | | **calculated**(1) 34:17 | |
| 37:3  37:13  37:21  37:22  38:4  38:10 | | | | 26:9  27:12  28:24  30:11  34:7  38:7 | | **call**(3) 13:3  17:4  21:12  35:13  39:11 | |
| 38:21 | | **apparent**(1) 23:24 | | | | **called**(1) 20:5 | |
| **allegation**(1) 8:8 | | **appeals**(1) 28:15 | | **begins**(1) 26:3 | | **came**(4) 18:13  20:18  21:21  24:8 | |
| **alleged**(1) 37:15 | | **appearance**(1) 35:22 | | **behalf**(1) 11:22 | | | |
| **allen**(1) 2:16 | | **appearances**(4) 1:21  2:1  3:1  4:1 | | **being**(11) 5:22  11:5  14:11  18:1  18:20 | | **can**(27) 8:6  10:8  11:23  12:1  17:17  17:18 | |
| **allocation**(29) 6:10  7:2  7:18  9:21  16:14 | | **appeared**(1) 7:19 | | 18:21  24:13  32:8  38:20  39:20  40:1 | | 19:12  19:14  19:15  20:16  21:4  21:17  23:7 | |
| 17:5  18:17  23:13  23:16  24:15  24:18  25:2 | | **appears**(1) 34:13 | | | | 25:22  28:11  29:4  33:3  33:3  33:4  36:9 | |
| 25:6  25:8  26:16  26:19  27:15  27:22  30:25 | | **application**(1) 33:20 | | **belknap**(2) 2:42  14:18 | | 36:14  37:1  37:4  37:15  38:22  38:2  38:4 | |
| 31:4  31:6  31:9  32:15  32:16  34:20 | | **apply**(1) 8:13 | | **belongs**(1) 24:9 | | | |
| 36:13  36:16  39:24 | | **appreciate**(3) 5:19  21:11  33:16 | | **bet**(1) 5:20 | | **canada**(7) 7:9  7:12  7:15  8:4  13:8  32:17 | |
| | | **approach**(1) 20:25 | | **better**(1) 31:11 | | 35:5 | |
| **allow**(1) 28:21 | | **appropriate**(9) 9:18  12:15  12:21  14:3 | | **between**(4) 7:2  13:16  13:18  37:7 | | | |
| **allowed**(3) 7:13  25:15  26:5 | | 17:20  33:22  39:3  39:12  39:13 | | **bids**(1) 29:9 | | **canadian**(7) 23:19  24:6  24:10  24:14  24:16 | |
| **almost**(1) 6:12 | | | | **bifurcating**(1) 38:5 | | 25:5  27:1 | |
| **already**(2) 17:21  26:24 | | **approximately**(1) 8:3 | | **bifurcation**(2) 20:5  20:8 | | | |
| **also**(7) 21:3  27:23  28:10  32:18  32:22  33:1 | | **are**(55) 5:14  7:12  8:5  8:9  9:5  9:10  9:11 | | **big**(5) 14:9  18:3  21:5  23:6  23:9 | | **capital**(6) 2:38  3:16  4:24  4:24  4:28  4:28 | |
| 38:2 | | 9:13  9:14  11:3  11:3  13:4  14:11  16:11 | | **billion**(5) 7:11  7:12  7:13  7:14  8:4  13:18 | | **care**(1) 25:19 | |
| | | 16:13  16:25  17:6  17:12  17:14  17:22  18:4 | | 17:15  17:19  23:4  23:6  23:12  32:17  35:24 | | **careful**(1) 7:6 | |
| **amazing**(1) 24:7 | | 19:8  20:4  20:23  21:14  24:13  25:7  25:10 | | | | **carry**(1) 35:6 | |
| **amazingly**(1) 24:23 | | 25:13  25:18  26:1  26:4  26:5  26:5  26:19 | | **birch**(2) 4:24  4:24 | | **carrying**(1) 18:15 | |
| **ambush**(2) 20:1  35:14 | | 27:2  27:14  28:4  28:6  28:10  28:19  28:20 | | **bit**(4) 17:24  19:25  38:16  38:19 | | | |
| **america**(2) 2:20  2:20 | | 29:13  31:5  31:5  31:9  31:11  31:16  32:19 | | **bite**(2) 8:21  35:20 | | **case**(20) 1:5  8:16  9:2  10:10  11:5  16:22 | |
| **amicably**(1) 28:13 | | 32:23  33:23  37:3  38:21  38:24  40:4 | | | | 17:25  18:8  18:23  21:1  22:21  22:25  23:5 | |
| | | **area**(1) 29:14 | | | | 23:8  26:22  30:2  35:6  37:16  39:20  40:1 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **cases**(8) 7:4 8:17 9:12 17:22 28:19 31:5 32:23 32:24 | | **continue**(1) 32:7 | | **decided**(1) 17:21 | | **drum**(1) 32:7 |
| | | **continued**(2) 3:2 4:2 | | **decides**(1) 10:7 | | **due**(1) 10:17 |
| | | **continues**(1) 33:9 | | **deciding**(1) 29:5 | | **during**(1) 35:12 |
| **ccc**(1) 35:16 | | **contract**(3) 13:17 23:4 37:6 | | **decision**(2) 28:22 38:12 | | **early**(1) 31:8 |
| **ccc's**(1) 24:20 | | **contrary**(1) 13:25 | | **decisions**(1) 35:10 | | **echo**(2) 22:21 36:4 |
| | | **control**(1) 35:8 | | **declaratory**(1) 28:19 | | **echoing**(1) 18:3 |
| **certainly**(7) 9:20 11:4 14:4 22:3 27:14 29:10 39:19 | | **controversy**(1) 9:2 | | **declined**(1) 11:10 20:6 | | **economics**(1) 18:23 |
| | | **conversations**(1) 7:22 | | **deemed**(1) 26:5 | | **economy**(1) 10:10 |
| | | **cordo**(1) 1:25 | | **deems**(1) 12:21 | | **ecro**(1) 1:32 |
| **certification**(1) 41:5 | | **correct**(2) 5:6 41:6 | | **defect**(1) 30:22 | | **effectively**(2) 8:12 34:19 |
| **certify**(1) 41:6 | | **correctly**(1) 13:16 | | **deficiency**(1) 38:5 | | **efficiency**(2) 10:10 11:22 |
| **chance**(3) 18:24 18:24 30:14 | | **could**(15) 9:21 14:13 14:13 18:21 19:11 19:18 22:25 26:12 26:22 27:13 29:11 31:8 33:21 37:12 39:8 | | **defined**(1) 7:25 25:8 | | **effort**(3) 20:19 20:23 29:1 |
| **chapman**(2) 2:13 3:32 | | | | **delaware**(3) 1:2 1:12 5:1 | | **efforts**(1) 33:9 |
| **chapter**(2) 1:8 17:16 | | | | **delta**(1) 13:16 | | **either**(2) 26:4 32:11 |
| **chips**(1) 38:14 | | | | **demonstrate**(1) 19:21 | | **electronic**(2) 1:40 41:7 |
| **choice**(1) 11:11 | | **couldn't**(1) 29:8 | | **deny**(2) 19:18 23:7 | | **else**(4) 15:8 15:18 24:1 28:25 |
| **chris**(1) 2:5 | | **counsel**(5) 4:21 7:23 11:8 27:20 | | **deposition**(3) 6:13 6:15 13:1 | | **emailing**(1) 6:15 |
| **chung**(1) 2:21 | | **couple**(3) 8:17 11:20 22:1 27:25 33:24 | | **depositions**(3) 6:21 7:20 13:4 | | **emea**(2) 26:20 32:19 |
| **circumstance**(1) 8:14 | | **course**(7) 17:1 19:8 25:3 25:8 26:7 29:9 38:1 | | **derek**(2) 1:24 5:7 | | **emean**(2) 25:14 25:22 |
| **citation**(1) 8:17 | | | | **deserve**(1) 31:23 | | **emean's**(1) 24:24 |
| **cites**(1) 32:24 | | **court**(52) 1:1 5:2 5:12 5:16 5:20 6:3 6:5 6:7 11:13 11:19 12:2 12:7 12:11 12:20 12:21 12:22 12:25 14:6 15:7 15:20 15:24 19:16 19:24 21:2 21:4 21:10 21:11 21:15 21:22 21:24 22:3 22:17 26:14 28:24 29:15 30:4 30:6 30:10 30:13 31:13 33:16 34:17 34:21 34:24 35:3 36:15 36:22 36:24 37:12 38:15 38:21 39:25 | | **detail**(1) 19:21 | | **eminent**(1) 28:16 |
| **claim**(15) 7:13 14:19 16:11 16:13 16:17 18:7 18:20 19:8 19:12 19:13 20:3 23:14 26:18 26:23 32:17 | | | | **determination**(1) 10:6 | | **end**(5) 22:11 31:5 33:17 34:19 36:7 |
| | | | | **determine**(1) 36:2 | | **ended**(1) 13:8 |
| | | | | **diaz**(1) 1:34 | | **ends**(2) 15:5 36:8 |
| **claimants**(4) 3:25 12:20 28:6 35:17 | | | | **did**(4) 21:9 22:13 25:1 27:8 | | **enough**(4) 8:14 23:2 23:8 23:22 |
| **claims**(30) 6:10 7:11 7:14 8:3 8:5 8:6 9:13 9:14 9:21 14:20 16:12 17:7 17:14 24:13 25:10 25:11 25:14 25:14 25:21 25:22 26:2 26:4 26:20 27:15 31:9 34:16 35:24 36:12 36:12 36:16 | | | | **didn't**(5) 19:17 21:19 21:20 29:3 38:17 | | **entirely**(4) 18:6 20:3 27:1 39:2 |
| | | | | **difference**(2) 7:12 17:13 | | **entitled**(3) 13:13 13:19 19:8 |
| | | | | **different**(6) 6:25 7:20 16:5 24:21 28:10 31:20 32:23 33:3 33:6 35:18 | | **entitlement**(1) 23:5 |
| | | | | | | **entitlements**(1) 28:4 |
| | | **court's**(2) 9:3 28:13 | | | | **equally**(1) 25:10 |
| **clarify**(1) 26:6 | | **courtroom**(1) 1:10 | | **differential**(1) 17:14 | | **eric**(1) 2:1 |
| **clear**(3) 13:15 16:9 25:9 | | **courts**(5) 13:9 13:10 28:7 28:10 34:10 | | **difficult**(1) 28:9 | | **ernst**(2) 2:7 2:15 |
| **cleared**(1) 32:4 | | **cousins**(3) 3:32 3:33 | | **dimsdale-gill**(1) 3:49 | | **esq**(31) 1:24 1:25 2:5 2:9 2:13 2:17 2:25 2:27 2:33 2:35 2:43 3:5 3:9 3:13 3:17 3:21 3:25 3:29 3:33 3:37 3:41 3:43 3:45 3:49 4:5 4:9 4:13 4:17 4:21 4:25 4:29 |
| **clearly**(1) 22:13 | | **cover**(3) 32:11 32:12 32:22 | | **dine**(1) 3:37 | | |
| **cleary**(1) 1:28 | | **cram**(1) 33:4 | | **directing**(3) 16:25 17:8 29:22 | | |
| **client**(1) 14:11 | | **creating**(1) 9:7 | | **direction**(1) 17:2 | | |
| **clients**(2) 34:3 37:9 | | **credit**(2) 3:20 3:20 | | **disagree**(2) 13:21 18:18 | | **establish**(1) 34:18 |
| **closer**(3) 17:18 26:21 38:23 | | **creditor**(3) 23:20 24:17 27:1 | | **disagrees**(2) 15:9 21:2 | | **estate**(6) 23:7 23:21 23:22 25:15 26:8 |
| **come**(9) 13:2 21:15 26:9 33:3 33:3 33:4 33:5 39:5 40:3 | | **creditors**(10) 2:31 5:24 8:16 18:10 23:23 24:14 25:5 25:6 34:19 34:19 | | **disallow**(1) 34:15 | | **estates**(9) 8:15 9:23 17:5 23:2 24:6 24:10 25:3 25:5 25:4 |
| | | | | **discovery**(9) 6:11 6:17 9:25 23:17 24:21 26:3 36:7 36:8 39:23 | | |
| **come-lately**(1) 37:9 | | **creditors'**(1) 2:4 | | | | **esther**(1) 2:21 |
| **comes**(2) 23:1 23:4 | | **critical**(2) 27:15 31:4 | | | | **european**(1) 6:20 |
| **coming**(3) 21:10 30:3 39:14 | | **crossover**(1) 7:14 | | **discussed**(1) 29:10 | | **even**(8) 23:5 24:23 26:7 27:6 28:11 30:17 30:24 34:7 |
| **comment**(1) 30:17 | | **crt**(1) 3:16 | | **discussion**(2) 25:20 32:14 | | |
| **comments**(6) 11:20 11:24 14:24 23:11 36:4 40:12 | | **crucial**(1) 9:13 | | **dismissed**(1) 25:25 | | **event**(1) 13:19 |
| | | **crux**(1) 34:14 | | **disposed**(1) 26:4 | | **ever**(2) 26:9 32:4 |
| **committee**(17) 2:5 2:24 2:30 5:9 5:23 11:3 12:14 14:23 14:24 15:10 18:4 18:16 20:23 27:6 33:20 33:23 36:2 | | **curious**(2) 20:17 21:21 | | **dispute**(11) 13:3 23:13 23:16 24:15 24:18 25:2 25:2 25:6 25:9 34:20 36:13 | | **everyone**(7) 5:2 15:8 17:25 19:20 26:24 40:11 40:13 |
| | | **current**(1) 25:11 | | | | |
| | | **dan**(1) 14:17 | | | | |
| | | **daniel**(1) 2:43 | | **disputes**(2) 17:17 24:21 | | **everything**(2) 14:22 35:11 |
| **common**(1) 17:1 | | **data**(1) 1:34 | | **distraction**(1) 9:7 | | **evidence**(1) 32:8 |
| **compared**(2) 7:10 31:9 | | **date**(6) 8:7 10:19 10:20 10:21 10:24 41:12 | | **distractions**(1) 15:15 | | **evolved**(1) 25:24 |
| **complain**(1) 20:2 | | **dates**(1) 10:20 | | **distributions**(1) 31:1 | | **exactly**(1) 25:19 |
| **completely**(2) 35:10 36:21 | | **david**(1) 2:35 | | **disturbing**(1) 37:17 | | **excess**(3) 7:11 8:1 17:15 |
| **complex**(2) 28:9 28:14 | | **day**(7) 6:12 6:12 13:5 15:6 15:7 22:17 40:13 | | **dla**(1) 3:4 | | **excessive**(1) 34:16 |
| **complicated**(2) 27:4 28:9 | | | | **documents**(1) 6:21 | | **excuse**(2) 12:17 18:9 |
| **compromise**(1) 33:5 | | | | **does**(7) 12:2 14:23 24:3 28:1 29:14 30:19 31:2 | | **exercise**(5) 6:10 6:22 7:18 7:23 21:1 |
| **conaway**(1) 2:12 | | **days**(1) 20:13 | | | | |
| **conceded**(2) 23:20 27:1 | | **deal**(10) 8:20 10:8 18:3 23:8 25:12 27:6 27:17 28:14 36:15 37:4 | | **doesn't**(6) 24:23 27:18 32:11 32:12 32:18 32:22 | | **exist**(3) 32:13 32:14 32:20 |
| **conceding**(1) 26:16 | | | | | | **existence**(1) 32:21 |
| **concern**(3) 9:9 29:11 39:8 | | | | **doing**(8) 5:16 8:25 9:24 13:4 15:14 16:11 18:5 31:1 | | **exists**(2) 37:23 37:24 |
| **concerned**(2) 14:10 21:12 | | **dealing**(6) 6:24 9:25 10:11 25:21 25:25 27:16 | | | | **expect**(1) 23:1 |
| **concluded**(1) 19:17 | | | | **dollar**(2) 23:4 35:25 | | **expensive**(1) 26:20 |
| **conduct**(1) 6:17 | | | | **dollars**(2) 23:6 26:8 | | **explained**(1) 20:6 |
| **confer**(2) 35:12 35:13 | | **dealt**(1) 31:7 | | **don't**(25) 7:19 13:3 13:21 19:10 20:1 20:2 20:15 21:6 25:11 27:3 27:6 28:13 29:22 30:17 30:22 32:11 32:20 33:1 33:17 38:5 39:4 39:6 39:15 39:15 39:21 | | **explore**(1) 29:15 |
| **conference**(4) 13:3 21:9 21:14 31:21 | | **debenture**(3) 2:42 3:8 14:18 | | | | **express**(1) 26:2 |
| **confidentiality**(1) 29:8 | | **debentures**(1) 14:20 | | | | **expressed**(1) 11:15 |
| **confuse**(1) 27:2 | | **debtor**(6) 8:9 18:4 18:8 18:10 18:16 27:6 | | | | **expressly**(1) 16:13 |
| **consensual**(1) 33:4 | | | | | | **extent**(4) 7:18 10:13 13:13 29:7 |
| **consider**(2) 14:25 27:24 | | **debtors**(18) 1:12 1:23 5:8 5:23 7:13 8:8 9:11 10:25 11:3 12:13 15:9 16:11 16:20 18:9 18:13 20:22 23:23 36:1 | | **done**(5) 9:23 18:21 26:3 32:15 39:12 | | **extraordinary**(1) 6:9 |
| **consideration**(1) 31:23 | | | | **doubt**(1) 23:5 | | **fact**(11) 13:12 20:24 25:12 25:24 26:3 26:6 27:21 27:24 31:8 36:6 37:16 |
| **considered**(1) 15:6 | | | | **dow**(1) 3:28 | | |
| **consolidation**(2) 24:7 31:6 | | | | **down**(2) 31:17 33:4 | | |
| **constructive**(1) 27:3 | | **debts**(1) 8:10 | | **dozen**(1) 34:9 | | **facts**(6) 32:11 32:12 32:13 32:14 32:19 32:21 |
| **contend**(1) 17:5 | | **december**(10) 10:18 16:21 19:12 20:10 20:14 21:3 21:15 37:25 40:4 40:5 | | **drop**(1) 24:3 | | |
| **context**(5) 6:24 7:22 28:19 28:21 36:19 | | | | | | **factual**(2) 26:19 26:20 |
| | | **decide**(4) 34:11 38:4 39:3 39:9 | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| fair(1) 16:4 | | get(13) 21:3 24:12 25:14 25:16 25:19 26:9 27:18 28:2 28:7 29:4 32:4 33:13 38:13 | | help(4) 22:13 26:22 27:7 29:4 | | inertia(1) 30:1 | |
| fall(3) 38:8 38:8 38:14 | | | | helpful(2) 18:22 39:20 | | informal(1) 34:6 | |
| falling(1) 32:1 | | | | here(18) 11:8 16:1 17:17 20:1 22:20 23:2 25:7 27:20 33:17 35:21 36:17 37:9 37:17 37:21 38:4 38:12 38:22 39:8 | | ingersoll(1) 2:8 | |
| far(1) 21:12 | | gets(1) 26:8 | | | | inputs(1) 9:15 | |
| farallon(1) 2:38 | | ginger(1) 1:32 | | | | insight(3) 17:3 17:8 19:2 | |
| farr(2) 4:8 12:18 | | give(3) 12:20 27:12 30:14 | | | | instance(1) 13:21 | |
| fashion(1) 33:22 | | given(1) 6:12 | | herring(1) 18:6 | | instructing(5) 7:25 10:4 10:7 11:9 34:14 | |
| favor(1) 10:7 | | giving(1) 7:24 | | hey(1) 29:4 | | instruction(1) 7:24 | |
| federal(5) 8:22 13:17 34:17 37:4 37:6 | | global(1) 24:6 | | high(1) 17:10 | | intellectual(3) 24:8 24:9 31:7 | |
| feel(2) 26:12 28:22 | | goalpost(2) 19:4 20:25 | | him(3) 18:3 27:12 35:23 | | interest(37) 8:13 8:15 8:23 8:24 9:6 9:17 10:1 13:14 14:3 15:7 15:12 17:6 17:9 17:15 17:21 22:23 22:24 23:3 23:8 23:15 23:19 23:21 24:18 25:15 25:16 26:10 30:23 31:3 31:10 32:5 32:13 33:2 33:11 33:12 34:16 34:16 | |
| fees(3) 14:10 14:11 14:12 | | goalposts(3) 17:18 26:21 38:23 | | his(10) 23:10 32:9 32:10 33:9 34:3 35:22 35:23 36:12 37:8 38:9 | | | |
| feld(1) 2:30 | | goes(3) 30:18 30:21 32:16 | | | | | |
| fertile(1) 29:14 | | going(21) 6:14 6:16 9:6 9:10 16:4 16:5 20:1 11:16 21:24 28:8 28:15 32:19 33:12 33:14 35:11 36:5 39:7 39:10 39:16 39:17 40:2 | | hoc(2) 2:24 12:10 | | | |
| few(2) 12:14 32:24 | | | | hodara(24) 2:31 5:24 6:1 11:17 11:17 11:20 12:6 14:23 17:4 18:3 22:4 22:5 22:7 22:9 22:12 26:13 27:14 30:7 30:7 30:12 30:12 30:13 30:15 31:13 | | | |
| fifteen(1) 35:6 | | | | | | | |
| fight(5) 23:13 23:18 23:20 33:12 36:17 | | good(14) 5:2 5:13 5:14 5:17 5:17 6:7 11:18 11:19 15:24 15:25 25:17 29:24 40:13 40:14 | | | | interested(1) 2:38 | |
| fighting(2) 17:11 17:14 | | | | | | interests(1) 23:24 | |
| filed(17) 6:4 7:5 7:11 7:18 7:24 8:5 10:14 14:19 16:17 16:18 16:22 20:3 20:7 20:10 22:16 23:10 38:7 | | | | hodara's(2) 27:9 36:4 | | interfere(2) 18:4 18:15 | |
| | | gottlieb(1) 1:28 | | hogan(1) 3:48 | | interposing(1) 18:8 | |
| | | granted(1) 15:2 | | hold(1) 30:10 | | into(5) 9:9 32:1 32:4 33:13 36:8 | |
| | | gratifying(1) 24:16 | | holder's(1) 34:14 | | involved(2) 28:10 29:21 | |
| filing(3) 14:5 20:20 20:22 | | gray(7) 3:40 11:23 12:1 15:21 15:23 29:21 30:19 | | holders(8) 7:25 10:4 10:8 11:9 16:25 17:2 17:3 29:22 | | involvement(1) 9:3 | |
| final(3) 19:22 20:18 27:13 | | | | | | iota(1) 18:17 | |
| find(2) 28:7 28:13 | | | | | | isn't(2) 32:25 33:8 | |
| fine(2) 12:22 21:19 | | gross(3) 1:18 5:2 5:14 | | holding(1) 22:20 | | issue(71) 7:9 8:18 9:22 10:1 10:6 10:9 11:5 13:7 13:13 13:15 14:1 14:2 17:20 17:25 19:1 19:4 19:6 19:15 19:20 21:5 22:20 22:22 22:22 22:25 23:4 23:6 23:9 24:13 25:16 26:10 26:23 27:2 27:5 27:5 27:21 27:24 28:1 28:14 29:5 29:10 30:18 30:22 30:23 30:24 31:19 32:2 32:3 32:5 32:8 33:2 33:7 33:8 33:14 35:9 36:5 36:18 37:10 37:21 37:23 37:24 38:3 38:8 38:20 39:4 39:6 39:7 39:10 39:11 39:18 40:8 40:9 | |
| finger(1) 2:4 | | group(6) 3:16 7:25 12:11 16:25 30:21 | | | | | |
| finish(2) 30:13 30:14 | | grout(1) 3:24 | | | | | |
| finnigan(1) 3:24 | | guaranteed(1) 7:15 | | honor(66) 5:7 6:8 6:23 8:19 9:10 10:13 10:25 11:7 11:17 11:25 12:9 12:9 12:17 12:24 13:6 13:17 13:21 14:17 14:25 15:9 15:16 15:22 15:25 16:4 16:7 17:13 18:5 18:12 19:7 19:23 20:16 20:19 21:6 21:7 21:20 21:23 22:6 22:12 24:5 25:2 25:21 26:11 27:10 27:11 28:22 29:6 29:17 29:24 30:5 30:8 30:8 31:5 31:25 32:6 32:10 32:22 32:25 33:11 33:15 33:18 34:23 35:35 37:11 38:4 38:14 41:1 | | | |
| first(16) 5:6 10:3 11:15 12:1 15:8 22:8 23:19 26:9 26:25 31:1 33:14 34:2 34:5 34:8 36:14 36:16 | | guess(3) 5:5 39:24 40:12 | | | | | |
| | | guide(1) 38:19 | | | | | |
| | | gump(4) 2:30 6:2 11:18 22:12 | | | | | |
| five(2) 35:7 36:20 | | had(15) 6:13 13:2 13:9 13:12 13:25 16:20 18:13 19:2 21:12 22:14 23:7 35:15 36:11 36:14 38:1 | | | | | |
| flat(3) 6:17 26:16 27:9 | | | | | | | |
| fly(1) 31:21 | | | | | | issued(2) 7:9 7:15 | |
| focus(1) 26:6 | | | | honor's(1) 34:4 | | issues(35) 9:1 9:5 10:11 10:22 13:12 13:23 13:23 14:4 14:6 14:14 19:7 19:11 21:4 21:7 25:18 26:6 26:6 26:7 26:19 26:20 27:15 28:10 31:9 31:24 33:21 34:9 34:12 35:6 36:15 38:2 38:7 38:22 38:25 39:9 39:22 | |
| focusing(1) 17:19 | | hadley(1) 2:24 | | honorable(1) 1:18 | | | |
| follow(1) 22:10 | | hamilton(1) 1:28 | | hours(1) 6:12 | | | |
| followed(1) 34:6 | | hand(3) 9:7 12:12 24:13 | | how(10) 5:14 16:2 26:8 27:4 31:2 31:4 32:15 32:18 35:22 36:2 | | | |
| following(1) 14:25 | | handfuk(1) 17:22 | | | | | |
| footnote(3) 24:4 24:4 24:11 | | handle(1) 32:5 | | | | | |
| for(78) 1:2 1:23 2:4 2:7 2:11 2:15 2:20 2:24 2:30 2:38 2:42 3:4 3:8 3:12 3:16 3:20 3:24 3:28 3:32 3:48 4:4 4:8 4:12 4:16 4:20 4:24 4:28 5:7 5:18 6:24 6:25 7:8 8:10 8:13 8:19 9:18 10:6 10:19 11:8 11:21 14:12 15:8 15:15 16:1 16:3 16:19 16:21 18:22 20:8 20:9 20:10 20:11 20:14 20:21 20:21 21:7 21:14 22:10 22:18 23:1 24:25 26:4 27:20 28:2 28:16 29:14 29:20 31:11 31:19 31:22 33:20 34:15 34:18 35:20 35:25 37:25 38:25 40:11 | | handling(1) 31:21 | | hubbard(2) 4:12 4:12 | | issuing(1) 6:19 | |
| | | happen(1) 37:4 | | huge(2) 26:19 26:20 | | it's(53) 5:5 5:7 6:5 6:22 8:1 11:17 12:9 12:17 14:2 15:22 16:4 16:5 16:10 16:11 16:14 17:10 17:12 18:19 18:20 18:21 19:1 19:10 19:13 20:13 20:17 21:5 21:21 22:7 22:19 23:25 24:16 24:24 25:12 26:11 27:11 29:6 29:12 29:17 29:24 30:8 30:9 30:12 31:4 31:20 32:19 33:13 35:11 37:6 37:11 37:16 38:6 39:4 39:21 | |
| | | happened(1) 24:1 | | hughes(2) 4:12 4:12 | | | |
| | | happening(1) 6:11 | | hurdles(1) 32:4 | | | |
| | | happens(2) 35:9 38:11 | | hypothetical(5) 8:14 9:8 9:17 11:3 36:18 | | | |
| | | happy(5) 12:14 21:6 37:24 37:25 38:6 | | i'd(1) 11:21 | | | |
| | | harrisburg(1) 1:36 | | i'll(5) 31:15 31:25 34:1 39:9 40:9 | | | |
| | | has(19) 6:17 7:17 7:24 9:23 10:15 10:16 11:14 11:25 14:19 17:21 19:21 23:10 23:20 23:23 23:25 24:5 27:1 28:1 33:11 | | i'm(11) 12:14 12:22 21:6 29:23 30:12 36:24 37:5 39:5 39:7 39:17 40:1 | | | |
| foregoing(1) 41:6 | | | | | | items(1) 13:10 | |
| form(1) 8:10 | | | | | | its(5) 15:7 32:16 32:17 32:17 36:21 | |
| forum(1) 23:25 | | | | i've(2) 20:18 39:21 | | itself(2) 18:9 24:22 | |
| forward(2) 18:15 27:7 | | hauer(1) 2:30 | | idea(1) 13:22 | | jaime(1) 2:13 | |
| found(1) 26:5 | | have(57) 5:3 5:22 6:9 6:14 6:16 6:23 6:25 7:1 7:5 7:6 7:11 7:13 7:20 7:21 8:5 8:17 10:5 10:20 10:21 11:8 11:20 15:7 16:20 16:21 17:3 17:18 17:17 18:22 18:24 19:6 19:6 19:10 19:17 21:13 21:15 22:17 24:2 25:9 25:24 25:25 26:9 27:6 27:17 27:22 28:14 32:2 32:4 32:13 33:1 33:25 34:8 34:9 35:5 35:21 37:2 37:9 38:11 | | ignorance(1) 35:5 | | james(1) 1:29 3:8 | |
| four(2) 6:14 34:7 | | | | immature(1) 35:10 | | january(4) 10:20 10:21 34:3 34:4 | |
| framework(1) 33:1 | | | | immediately(1) 36:20 | | javier(3) 4:16 4:16 4:17 | |
| frameworks(1) 33:6 | | | | implications(1) 18:22 | | john(1) 2:17 | |
| frank(1) 30:12 | | | | implicit(2) 14:24 23:9 | | johnny(1) 37:8 | |
| frankly(10) 9:8 17:3 17:12 19:2 29:24 30:22 32:24 35:4 37:20 39:2 | | | | importance(1) 30:23 | | joint(5) 2:11 5:22 33:20 35:17 36:12 | |
| | | haven't(1) 28:11 | | important(10) 13:7 14:1 22:22 22:25 24:2 26:10 27:19 28:5 29:12 30:15 | | jointly(1) 1:6 | |
| | | having(7) 7:3 7:22 9:16 13:22 14:4 19:19 20:24 | | | | jonathan(1) 3:45 | |
| fred(5) 2:31 11:17 22:12 30:7 | | | | | | jones(1) 3:28 | |
| free(1) 28:22 | | | | impose(1) 33:6 | | judge(5) 1:18 1:19 5:2 5:14 29:4 | |
| fresh(1) 30:2 | | head(1) 36:21 | | imposed(1) 18:1 | | judges(1) 29:13 | |
| friday(2) 5:1 5:18 | | heal(1) 25:22 | | inappropriate(3) 11:4 21:17 24:25 | | judgment(6) 8:22 13:17 17:21 34:17 37:4 37:6 | |
| from(29) 6:2 6:18 6:18 9:7 9:11 10:2 10:5 10:9 10:10 10:25 11:5 11:7 11:15 11:22 12:1 12:8 12:18 12:22 15:20 15:21 16:4 20:22 21:18 24:5 28:25 30:22 32:1 36:23 41:7 | | hear(14) 11:15 11:22 12:1 12:8 12:22 15:11 15:20 16:4 21:8 21:16 22:13 28:25 35:21 39:17 | | inasmuch(1) 5:9 | | | |
| | | | | inc(2) 1:7 3:4 | | | |
| | | heard(9) 5:6 10:15 11:15 21:24 22:4 22:21 24:5 37:12 39:21 | | include(1) 40:5 | | judgments(2) 28:19 36:9 | |
| | | | | includes(1) 26:2 | | june(1) 36:14 | |
| | | | | incredibly(1) 17:1 | | jurisdictions(3) 6:20 13:5 28:15 | |
| full(3) 10:16 14:15 23:23 | | hearing(8) 10:18 10:19 16:19 20:9 22:18 38:11 40:4 41:3 | | indeed(2) 9:3 36:13 | | | |
| fully(1) 37:7 | | | | indenture(7) 7:8 17:2 18:7 18:14 19:9 19:19 20:21 | | | |
| further(1) 36:6 | | hearings(1) 16:20 | | | | | |
| gallagher(1) 4:8 | | heart(1) 24:14 | | indicated(1) 17:24 | | | |
| gamesmanship(1) 9:9 | | | | indicating(1) 39:5 | | | |

| Word | Page:Line |
|---|---|
| just(43) | 5:10 6:8 8:21 9:18 11:25 12:12 12:19 14:21 15:2 16:1 16:7 16:16 16:16 17:14 20:18 21:9 21:12 21:21 23:13 23:18 23:20 24:12 26:8 26:12 26:16 27:1 27:8 27:9 27:12 27:13 30:17 30:20 30:20 31:3 37:12 37:14 37:19 39:2 39:4 39:16 39:20 40:10 |
| justice(2) | 27:17 38:24 |
| kahn(1) | 2:33 |
| karen(1) | 3:37 |
| kathleen(1) | 2:9 |
| katten(1) | 3:36 |
| keep(1) | 7:1 |
| kevin(3) | 1:18 3:16 3:17 |
| key(1) | 9:15 |
| kibler(1) | 2:17 |
| kind(8) | 6:5 11:10 22:16 28:14 31:16 38:18 38:18 40:10 |
| know(27) | 5:3 6:8 9:10 9:12 9:13 9:15 11:1 13:15 14:10 14:12 18:13 20:15 20:24 22:4 24:11 24:12 25:1 28:8 29:15 29:22 30:17 32:25 35:1 38:22 39:1 39:14 40:8 |
| knowing(2) | 21:15 27:4 |
| knows(2) | 17:25 38:21 |
| kreller(8) | 2:25 12:9 12:10 30:8 30:9 30:11 31:14 31:15 |
| laid(1) | 17:12 |
| large(2) | 6:22 28:2 |
| last(3) | 6:4 35:6 35:25 |
| late(2) | 24:8 35:22 |
| later(1) | 11:6 |
| latham(1) | 4:20 |
| laughter(1) | 34:25 |
| law(8) | 2:42 3:8 14:2 14:18 14:20 32:12 32:22 32:25 |
| layton(1) | 2:4 |
| lead(2) | 10:23 36:6 |
| least(3) | 6:13 18:24 34:9 |
| leave(1) | 27:8 |
| left(1) | 11:11 |
| legal(5) | 17:20 19:12 27:24 33:1 33:6 |
| less(1) | 20:12 |
| let(8) | 16:6 16:23 18:2 21:11 28:24 37:14 37:18 38:15 |
| let's(9) | 15:20 21:3 21:3 24:12 30:13 30:14 37:1 37:20 39:9 |
| letters(1) | 6:19 |
| light(1) | 22:17 |
| like(19) | 5:4 5:6 9:20 11:8 11:15 11:21 12:4 12:20 12:23 13:6 13:24 16:12 22:4 26:8 31:3 31:16 31:21 38:18 38:23 |
| likely(2) | 14:7 14:14 |
| limited(1) | 7:18 |
| line(1) | 33:22 |
| linn(1) | 2:39 |
| list(2) | 13:10 13:11 |
| literally(1) | 6:11 |
| litigate(1) | 37:1 |
| litigation(13) | 6:11 6:24 7:3 17:5 18:17 19:25 24:15 24:22 25:11 26:1 27:16 35:8 35:14 |
| litigations(2) | 9:21 34:10 |
| little(5) | 17:24 19:25 38:16 38:19 40:9 |
| llc(2) | 1:34 3:16 |
| llp(16) | 1:23 2:12 2:16 2:30 3:4 3:8 3:32 3:36 3:40 3:48 4:8 4:12 4:13 4:16 4:17 4:20 |
| local(1) | 16:18 |
| london(2) | 6:15 13:2 |
| lost(2) | 19:19 36:17 |
| lot(5) | 15:14 17:9 19:1 29:1 31:20 |
| loudly(1) | 20:2 |
| lovells(1) | 3:48 |
| lowenthal(4) | 2:43 14:17 14:17 15:17 |
| luton(1) | 2:13 |
| mace(1) | 1:32 |
| made(9) | 5:22 11:25 12:13 18:3 24:13 26:18 30:17 35:4 36:10 |
| main(1) | 8:9 |
| major(1) | 13:15 |
| make(12) | 11:21 11:22 12:2 12:19 14:14 16:8 19:12 19:13 21:10 24:17 33:9 35:15 |
| makes(3) | 11:25 25:17 28:16 |
| making(4) | 14:7 26:17 28:22 31:1 |
| manas(1) | 3:21 |
| manner(1) | 38:10 |
| many(8) | 6:14 17:4 26:8 35:8 38:24 39:22 39:22 40:8 |
| mark(2) | 3:43 16:1 |
| market(1) | 1:11 |
| marshaling(1) | 31:10 |
| martin(31) | 3:41 15:22 15:22 15:24 15:25 19:25 21:11 21:19 22:14 23:20 26:11 26:11 26:14 26:15 29:17 29:17 29:19 29:20 30:5 30:20 32:6 33:8 33:25 34:2 35:12 35:22 37:8 37:11 37:11 37:13 37:14 |
| mason(1) | 4:5 |
| massive(2) | 17:17 27:7 |
| material(2) | 34:9 35:9 |
| materials(1) | 6:18 |
| matter(11) | 5:3 5:5 16:15 17:23 21:13 29:5 31:19 39:2 39:23 40:6 41:8 |
| matters(2) | 17:9 29:25 |
| matthew(1) | 4:29 |
| matz(1) | 2:27 |
| may(7) | 12:4 13:7 18:18 22:1 26:20 31:18 36:18 |
| maybe(6) | 17:10 19:3 19:22 20:18 21:8 29:25 |
| mccloy(1) | 2:24 |
| mean(2) | 9:22 30:16 |
| meaning(2) | 22:22 23:21 |
| means(1) | 7:7 |
| mediation(12) | 13:8 13:16 24:1 29:1 29:4 29:21 30:16 34:3 34:4 34:5 34:6 34:8 |
| mediations(1) | 34:10 |
| meet(2) | 35:12 35:13 |
| mellon(1) | 4:21 |
| melnik(1) | 3:5 |
| mentioned(2) | 5:21 25:7 |
| merely(1) | 20:11 |
| meritorious(1) | 26:5 |
| merits(3) | 14:5 21:16 39:11 |
| michael(3) | 2:39 3:25 4:21 |
| middle(1) | 23:17 |
| midst(3) | 6:9 26:2 29:3 |
| might(7) | 8:13 12:5 14:7 25:22 28:12 31:1 37:4 |
| milbank(1) | 2:24 |
| millbank(2) | 12:10 30:9 |
| miller(1) | 3:9 |
| million(8) | 7:10 8:2 8:3 8:3 19:1 23:14 23:18 35:24 |
| mind(1) | 7:1 |
| minute(1) | 33:5 |
| minutes(2) | 35:6 35:25 |
| misstatement(1) | 26:16 |
| money(7) | 8:14 15:15 18:19 19:2 29:2 32:16 32:18 |
| monitor(4) | 2:7 2:15 24:20 35:16 |
| month(1) | 16:22 |
| months(2) | 6:13 34:7 |
| montreak(1) | 6:16 |
| morawetz(2) | 27:17 38:24 |
| more(8) | 14:7 14:14 16:22 22:13 24:7 25:13 33:11 39:2 |
| morning(11) | 5:2 5:13 5:14 5:18 11:18 11:19 15:24 15:25 16:3 21:8 37:22 |
| morris(2) | 1:23 3:8 |
| motion(8) | 5:10 8:20 20:8 20:20 20:21 21:13 22:15 35:8 |
| motions(1) | 36:9 |
| movant(2) | 23:12 37:17 |
| move(7) | 20:25 21:17 26:21 27:7 36:8 39:23 40:11 |
| moved(1) | 38:23 |
| moving(1) | 19:3 |
| much(10) | 5:18 5:19 14:7 17:11 20:19 20:19 20:22 32:15 32:18 41:1 |
| multiple(1) | 6:20 |
| munchin(1) | 3:36 |
| murphy(1) | 2:9 |
| narrow(4) | 14:2 14:13 18:22 19:4 |
| narrowing(1) | 14:6 |
| nationwide(1) | 17:22 |
| necessary(2) | 39:3 39:4 |
| need(10) | 9:13 11:23 14:15 26:12 27:25 31:19 33:6 34:10 37:1 37:7 |
| needed(1) | 13:11 |
| needs(1) | 11:6 |
| neil(1) | 4:13 |
| neither(2) | 29:21 34:2 |
| network(1) | 4:9 |
| networks(2) | 1:7 3:48 |
| never(4) | 20:18 23:25 25:16 36:18 |
| new(4) | 4:20 14:20 15:10 20:25 |
| next(3) | 10:17 16:19 21:25 |
| nichols(1) | 1:23 |
| nni(3) | 8:9 8:16 13:19 |
| nnl(1) | 24:20 |
| nobody(1) | 33:11 |
| noon(1) | 20:7 |
| nor(1) | 34:2 |
| normally(2) | 18:10 18:18 |
| nortel(5) | 1:7 3:48 4:8 9:12 25:3 |
| not(53) | 9:2 9:12 9:16 9:18 9:23 9:24 10:3 10:6 10:14 15:4 16:10 16:17 17:10 17:10 18:8 18:15 18:17 18:19 19:10 19:15 21:5 21:8 21:15 21:16 21:17 23:14 23:25 25:7 25:9 27:8 27:9 29:20 29:21 29:22 29:23 31:4 31:11 31:22 32:14 33:15 34:5 35:15 35:19 36:1 37:16 39:7 39:10 39:13 39:17 39:17 40:1 40:5 40:7 |
| note(1) | 19:22 |
| noteholders(1) | 17:8 |
| notes(3) | 8:6 18:7 20:22 |
| nothing(3) | 11:4 30:1 30:2 |
| notice(2) | 20:13 20:17 |
| notion(3) | 26:15 26:25 37:14 |
| notwithstanding(1) | 35:23 |
| november(3) | 1:14 5:1 41:11 |
| now(19) | 6:15 7:5 12:22 18:2 19:6 20:11 23:10 23:17 24:1 24:3 24:23 25:22 25:24 27:16 31:14 33:14 34:15 35:12 37:20 39:4 |
| number(8) | 6:25 10:5 13:20 14:1 14:9 17:22 33:3 38:22 |
| o'connor(13) | 4:9 12:17 12:18 12:24 13:1 22:21 24:25 25:17 27:11 27:11 29:6 29:7 36:11 |
| objected(1) | 18:6 |
| objecting(2) | 18:11 18:18 |
| objection(28) | 6:4 6:6 7:8 7:22 7:24 10:14 10:17 14:19 16:8 16:10 16:12 16:17 18:20 19:9 19:12 19:14 19:18 20:3 22:15 23:12 24:3 26:18 26:23 34:14 38:16 39:17 39:25 40:5 |
| objections(2) | 16:12 16:13 |
| obviously(5) | 6:9 20:16 29:7 31:16 31:20 |
| occur(1) | 38:25 |
| october(2) | 16:18 38:1 |
| odd(1) | 6:5 |
| official(2) | 2:30 5:23 |
| okay(3) | 12:24 15:20 22:7 |
| omnibus(4) | 10:19 10:20 16:19 16:20 |
| once(2) | 19:16 26:4 |
| one(34) | 6:13 6:16 8:21 9:24 10:19 13:11 14:1 14:3 14:18 14:21 15:5 17:19 18:11 18:15 18:17 19:22 23:1 23:7 24:3 26:13 26:17 27:13 28:24 30:10 32:25 33:12 34:12 35:9 35:9 36:4 36:17 38:20 38:22 39:22 |
| one's(1) | 30:25 |
| ones(2) | 33:14 36:1 |
| ongoing(1) | 6:16 |
| only(8) | 7:9 10:11 17:23 24:9 27:24 29:25 32:9 32:10 |
| open(2) | 8:17 13:10 |
| operating(1) | 7:20 |
| opinion(10) | 8:13 13:21 15:4 28:23 29:11 39:7 39:7 39:10 39:18 40:1 |
| opinions(1) | 27:25 |
| opportunity(1) | 28:1 |
| opposition(1) | 28:20 |
| oppositional(1) | 15:18 |
| oral(1) | 10:21 |
| order(1) | 40:10 |
| ordinarily(1) | 38:11 |
| ordinary(1) | 37:25 |
| original(1) | 15:20 |
| other(12) | 7:3 8:23 17:24 19:10 24:14 25:3 25:13 27:13 30:24 31:2 37:7 38:3 |
| others(3) | 5:25 17:4 20:23 |
| otherwise(1) | 21:14 |
| ought(1) | 5:10 |
| our(15) | 8:19 10:2 10:19 11:7 12:12 13:11 14:11 19:12 19:20 20:3 20:6 22:10 24:21 27:10 33:19 |
| out(21) | 6:17 8:2 17:12 18:3 21:3 21:21 22:25 26:8 27:9 27:9 29:19 35:3 35:9 36:5 36:19 38:6 38:13 39:5 39:14 40:3 40:8 |
| outrageous(1) | 36:3 |
| outset(1) | 32:2 |
| over(15) | 5:10 6:12 7:14 8:4 9:16 9:21 13:4 17:11 21:20 23:13 23:18 23:20 34:7 35:7 35:8 |
| overlook(1) | 33:9 |
| oversell(1) | 20:15 |
| overy(1) | 2:16 |
| owed(1) | 8:10 |
| own(1) | 20:9 |
| oxford(1) | 4:13 |
| pages(4) | 17:23 32:9 32:11 32:20 |
| paid(1) | 17:7 |
| paper(2) | 23:9 24:23 |
| papers(6) | 16:22 20:10 22:19 23:12 27:10 38:7 |
| paragraph(1) | 34:13 |
| parallel(1) | 17:19 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| part(2) 31:11 35:14 | | probably(6) 5:10 19:9 21:13 25:15 31:22 35:24 | | reported(1) 27:25 | | second(3) 29:15 30:10 36:16 | |
| participants(1) 34:3 | | | | represent(2) 14:8 30:19 | | see(10) 15:20 16:12 18:8 21:4 24:16 36:19 38:13 38:23 39:4 39:21 | |
| participate(1) 7:1 | | | | represented(1) 7:12 | | | |
| participating(2) 7:2 7:17 | | procedural(1) 20:12 | | request(5) 5:22 8:12 11:11 12:13 20:9 | | | |
| particular(6) 7:21 8:9 8:16 18:9 18:10 36:18 | | proceed(1) 36:2 | | requested(3) 10:13 20:13 40:1 | | seeing(1) 40:12 | |
| | | proceedings(4) 1:17 1:40 11:6 41:8 | | requesting(3) 15:21 20:12 33:23 | | seemed(1) 22:16 | |
| particularly(1) 9:25 | | process(3) 25:18 25:23 26:7 | | requires(1) 9:3 | | seems(4) 9:17 10:9 14:16 28:16 | |
| parties(26) 5:4 6:18 6:25 13:9 13:10 14:7 14:14 17:17 18:18 18:23 18:24 21:14 23: | | produced(1) 1:41 | | research(1) 38:1 | | seen(2) 20:19 21:13 | |
| 24:24 25:5 28:3 28:12 29:9 29:15 31:16 35:5 38:18 38:22 39:19 39:19 40:6 | | production(1) 6:18 | | reserve(1) 24:4 | | selecting(1) 40:8 | |
| | | productive(1) 21:1 | | reserves(1) 24:12 | | selinda(1) 3:5 | |
| partner(4) 16:1 | | progress(1) 22:20 | | residual(1) 24:9 | | sense(4) 11:22 11:25 12:3 28:16 | |
| party(1) 2:38 | | property(3) 24:9 24:9 31:7 | | resolve(4) 14:15 26:22 28:13 29:16 | | sensible(1) 14:16 | |
| passed(1) 8:7 | | proposing(2) 16:23 16:24 | | resolved(2) 14:5 27:18 | | sentence(4) 23:11 34:13 35:18 35:19 | |
| past(1) 6:13 | | protocol(3) 6:23 16:14 16:14 | | resolving(1) 39:20 | | separate(2) 16:15 35:13 | |
| path(1) 31:17 | | provide(2) 28:1 29:14 | | resources(1) 11:2 | | serve(1) 14:24 | |
| | | public(1) 23:25 | | respect(9) 6:3 6:10 7:3 8:6 8:17 10:22 13:22 18:12 37:3 | | served(1) 20:11 | |
| patterson(2) 2:42 14:18 | | publicly(1) 24:17 | | | | service(2) 1:34 1:41 | |
| pay(3) 8:15 23:3 23:23 | | purchase(2) 37:15 37:16 | | | | services(1) 1:34 | |
| pays(1) 14:12 | | purportedly(1) 10:4 | | respectfully(2) 18:5 20:5 | | set(13) 6:3 6:8 6:23 6:25 10:19 16:16 16:19 16:21 20:4 20:9 20:14 31:23 37:18 | |
| peg(3) 3:28 3:29 | | purpose(4) 9:8 18:25 22:18 33:19 | | respond(8) 19:8 19:20 20:16 22:1 26:12 33:25 38:6 38:18 | | | |
| pennsylvania(1) 1:36 | | pursuing(1) 6:19 | | | | | |
| pension(11) 3:24 3:49 4:9 12:20 24:24 25:5 25:10 25:14 25:21 28:6 35:17 | | put(5) 13:24 17:16 28:12 35:20 38:2 | | response(3) 10:16 15:19 20:7 | | settle(2) 34:6 40:6 | |
| | | putting(1) 17:16 | | responsible(1) 8:9 | | settled(1) 29:5 | |
| people(3) 17:13 19:2 30:19 | | | | result(1) 28:15 | | settlement(2) 14:8 29:3 | |
| per(1) 23:14 | | quarrel(1) 19:6 | | retained(1) 7:21 | | seven(4) 17:23 32:9 32:10 32:20 | |
| percent(5) 8:1 11:24 17:1 35:20 35:23 | | quarter(1) 35:25 | | reveal(1) 29:8 | | seven-page(3) 16:11 19:20 26:23 | |
| perhaps(1) 11:25 39:20 | | question(11) 6:7 8:22 9:15 11:3 14:2 16:7 28:24 29:24 31:3 33:2 37:8 | | reviewing(1) 6:21 | | shape(1) 8:10 | |
| period(2) 34:7 36:8 | | | | richards(1) 2:4 | | shine(1) 22:17 | |
| permitted(1) 16:13 | | | | riela(1) 4:21 | | short(1) 20:17 | |
| perspective(7) 10:2 10:4 10:25 11:7 12:21 30:2 36:25 | | questions(3) 30:24 31:5 31:11 | | right(29) 5:12 6:15 11:13 12:2 12:7 12:7 12:16 12:16 15:4 15:14 16:25 19:10 20:4 20:6 21:22 23:17 24:12 30:4 30:6 30:21 31:13 31:22 32:5 33:16 36:22 37:2 37:9 37:13 39:4 | | should(23) 8:25 9:16 9:24 10:2 10:11 14:25 15:11 18:14 18:15 19:14 22:10 24:6 35:23 36:1 36:14 36:16 36:19 37:22 37:23 38:8 38:10 38:11 38:13 | |
| | | quickly(1) 34:1 | | | | | |
| perspectives(2) 9:11 31:20 | | quietly(1) 39:8 | | | | | |
| petition(4) 23:15 23:19 33:12 34:16 | | race(1) 6:17 | | | | | |
| phasing(1) 8:2 | | raise(2) 12:12 19:7 | | rights(2) 7:3 24:4 | | shown(1) 35:5 | |
| phenomenal(1) 14:11 | | raised(4) 13:12 13:14 33:25 34:9 | | ripe(5) 10:6 15:5 15:6 28:21 33:8 | | side(4) 11:14 15:18 17:24 19:10 | |
| phone(4) 5:8 5:24 17:4 35:13 | | raising(1) 19:7 | | ripeness(8) 9:1 21:7 31:17 37:2 37:23 39:6 39:9 39:16 | | significance(1) 30:25 | |
| piper(1) 3:4 | | rate(15) 8:13 8:23 8:23 13:17 13:17 14:3 17:9 17:15 17:20 34:17 37:4 37:5 37:6 37:6 37:7 | | | | significant(3) 13:20 29:1 39:22 | |
| place(4) 13:4 24:1 34:7 39:23 | | | | | | similarly(1) 33:19 | |
| plan(6) 4:9 18:9 18:10 31:1 33:4 33:4 | | | | river(2) 4:24 4:24 | | simple(11) 16:6 16:11 17:19 18:20 19:13 26:17 26:21 32:8 32:8 33:10 38:6 | |
| plc(2) 4:4 4:4 | | | | rogatory(1) 6:19 | | | |
| pleading(5) 7:5 7:7 7:19 22:16 25:7 | | rates(1) 23:4 | | rooney(1) 2:8 | | | |
| pleadings(1) 27:23 | | rather(1) 22:15 | | ropes(7) 3:40 11:22 12:1 15:21 15:23 29:21 30:19 | | simplest(1) 29:25 | |
| please(1) 12:25 | | reach(1) 14:8 | | | | simply(5) 19:16 36:2 36:6 37:15 38:24 | |
| plenty(1) 32:23 | | read(4) 9:9 34:21 34:24 35:21 | | | | since(2) 8:7 38:1 | |
| pluck(1) 35:9 | | really(11) 17:10 19:5 19:9 20:20 23:13 23:18 23:20 34:14 39:1 39:21 40:6 | | rosenmann(1) 3:36 | | single(1) 40:8 | |
| plucked(1) 36:6 | | | | ross(4) 3:41 15:22 26:11 29:17 | | sir(1) 19:24 | |
| plucking(1) 36:6 | | | | round(1) 15:9 | | sit(4) 35:21 36:17 37:9 39:8 | |
| plus(1) 25:4 | | reason(7) 8:22 15:8 18:21 28:5 32:12 33:7 33:8 | | rules(3) 16:19 20:4 38:12 | | small(1) 7:9 | |
| point(30) 5:4 8:24 9:3 9:12 9:18 10:9 10:12 11:2 11:6 12:5 12:18 12:19 12:19 18:2 20:16 21:2 21:18 21:20 23:23 25:17 26:1 26:16 26:17 26:23 27:1 27:9 27:13 27:20 30:16 36:18 39:24 | | | | ruling(3) 34:15 39:24 40:9 | | solve(1) 35:11 | |
| | | reasons(1) 32:25 | | running(1) 13:4 | | solvent(4) 13:19 17:6 23:22 27:23 | |
| | | rebut(2) 11:23 12:5 | | | | solving(1) 27:5 | |
| | | recall(4) 13:8 13:16 36:11 36:14 | | safe(1) 34:8 | | some(16) 9:9 11:6 12:19 14:4 14:8 15:8 22:18 25:18 25:22 25:25 25:25 26:1 26:5 29:7 29:11 37:6 | |
| | | receive(1) 23:14 | | sake(1) 11:21 | | | |
| | | received(1) 38:16 | | same(4) 9:6 20:10 20:13 35:18 | | | |
| points(3) 10:8 22:2 31:17 | | recent(1) 24:7 | | samis(1) 2:5 | | | |
| politely(1) 11:10 | | recognized(1) 16:14 | | samuel(1) 4:25 | | somebody(1) 29:3 | |
| position(2) 27:22 28:12 | | record(2) 16:2 29:20 | | satisfy(1) 9:14 | | somehow(3) 22:20 25:11 26:15 | |
| possibility(1) 39:21 | | recorded(1) 1:40 | | save(1) 15:14 | | someone(1) 17:24 | |
| post(5) 17:20 23:14 23:18 33:11 34:15 | | recording(2) 1:40 41:7 | | say(21) 12:14 13:6 16:4 21:12 22:14 23:3 24:25 27:10 28:6 29:4 31:5 32:6 32:23 34:8 34:12 35:10 36:17 37:1 37:14 38:15 39:8 | | somerstein(2) 3:43 16:1 | |
| post-petition(26) 8:15 8:23 9:5 9:17 10:1 13:14 15:7 15:11 17:6 17:9 22:22 22:24 23:3 23:8 23:21 24:18 25:12 25:16 26:10 30:23 31:3 31:10 32:5 32:13 33:2 37:5 | | recoveries(1) 34:18 | | | | something(7) 9:18 13:24 22:17 24:21 28:6 37:19 39:12 | |
| | | recovery(1) 32:17 | | | | | |
| | | red(1) 18:6 | | | | | |
| | | reed(2) 4:12 4:13 | | | | | |
| | | reference(1) 24:24 | | saying(5) 19:10 23:16 24:21 26:18 37:22 | | sometimes(2) 6:14 30:1 | |
| predominant(1) 13:12 | | references(1) 27:4 | | says(4) 15:3 23:12 23:12 34:15 | | somewhat(1) 37:17 | |
| prejudice(2) 15:2 15:13 | | referring(1) 30:20 | | scarce(1) 11:2 | | somewhere(1) 13:17 | |
| prejudiced(1) 19:18 | | refers(1) 35:15 | | schedule(9) 6:3 10:15 10:15 10:23 11:10 13:22 16:21 36:7 40:4 | | sorry(4) 30:12 34:23 36:24 37:5 | |
| press(1) 35:20 | | reflecting(1) 40:10 | | | | sort(6) 5:5 14:8 15:18 20:17 21:21 39:5 | |
| prevent(1) 11:5 | | refrain(1) 32:1 | | | | sorts(1) 36:9 | |
| price(1) 37:15 | | refused(1) 27:5 | | | | sound(4) 1:40 33:9 35:19 41:7 | |
| principally(2) 25:2 25:4 | | reisman(1) 3:45 | | scheduled(1) 36:7 | | southpaw(3) 3:12 3:12 | |
| prior(3) 14:5 36:5 36:13 | | reiterated(1) 23:10 | | scheduling(1) 5:5 | | speak(4) 18:2 24:25 30:11 31:14 | |
| priorityship(1) 31:7 | | relating(1) 7:14 | | schliffrin(3) 4:16 4:16 4:17 | | speaks(1) 20:24 | |
| proactively(1) 38:17 | | relevant(1) 32:19 | | schuylkill(1) 1:35 | | specifically(1) 10:14 | |
| | | relief(4) 11:12 15:1 20:12 20:13 | | scott(1) 3:33 | | spending(1) 20:23 | |
| | | remains(1) 39:12 | | | | spent(3) 14:11 20:19 20:19 | |
| | | render(1) 28:22 | | | | spot(1) 35:19 | |
| | | repeated(1) 27:3 | | | | spotlighted(1) 38:21 | |
| | | reply(1) 37:25 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **stage**(4) 6:8  9:25  16:16  31:2 | | **that**(271) 5:3  5:5  5:4  6:24  7:1  7:5  7:7  7:9 | | **them**(9) 6:19  17:18  19:7  19:14  20:6  21:4 | | |
| **standing**(13) 9:1  10:5  13:23  15:5  19:10 | | 7:11  7:14  7:18  7:23  8:5  8:8  8:14  8:17 | | 21:8  25:25  39:10 | | |
| 19:17  21:2  21:7  30:21  32:3  37:24  39:7 | | 8:20  8:21  8:25  9:3  9:9  9:13  9:18  9:20 | | | | |
| 39:15 | | 9:21  9:22  9:22  9:24  10:9  10:11  10:13 | | **theme**(1) 32:7 | | |
| **standpoint**(1) 10:10 | | 10:14  10:15  10:16  10:16  10:17  10:19 | | **themselves**(1) 14:12 | | |
| **stargati**(1) 2:12 | | 10:21  10:21  10:22  10:23  10:24  11:1  11:5 | | **then**(14) 8:16  10:8  11:23  15:5  15:12  17:8 | | |
| **starke**(2) 3:16  3:17 | | 11:14  11:20  11:24  12:2  12:4  12:5  13:6 | | 20:7  20:10  22:3  22:9  24:23  25:15  36:8 | | |
| **start**(1) 16:6 | | 13:6  13:7  13:8  13:10  13:12  13:14  13:15 | | 37:3 | | |
| **started**(2) 31:14  37:19 | | 13:15  13:19  13:21  13:24  13:25  14:1  14:4 | | **there**(37) 8:5  8:14  8:22  9:2  9:24  10:17 | | |
| **statement**(5) 23:11  24:2  24:17  35:4  35:16 | | 14:4  14:7  14:9  14:13  14:13  14:14  14:21 | | 15:2  16:25  23:2  23:22  24:6  25:13  25:18 | | |
| **states**(5) 1:1  1:19  7:16  8:6  24:19 | | 14:22  14:25  15:1  15:4  15:5  15:12  16:7 | | 26:19  26:19  26:21  27:9  27:14  27:19  28:10 | | |
| **status**(3) 5:5  21:9  31:21 | | 16:9  16:10  16:14  16:15  16:17  16:20  16:21 | | 28:11  28:18  28:18  29:10  29:10  29:20  29:23 | | |
| **steen**(1) 1:28 | | 16:25  16:25  17:1  17:1  17:3  17:5  17:6 | | 30:18  31:5  32:23  33:1  34:8  37:2  38:21 | | |
| **stephen**(1) 3:9 | | 17:9  17:9  17:11  17:13  17:15  17:21  18:2 | | 38:24  39:22  40:6 | | |
| **still**(7) 19:1  24:13  24:19  24:20  24:20 | | 18:5  18:6  18:8  18:15  18:25  18:25  19:2 | | | | |
| 25:25  26:1 | | 19:5  19:7  19:17  19:17  19:18  19:18  19:19 | | **there's**(26) 7:1  8:7  8:16  9:8  9:9  10:3  11:4 | | |
| | | 19:20  20:1  20:4  20:8  20:12  20:13 | | 15:5  15:13  19:5  19:25  22:20  23:11  24:11 | | |
| **story**(2) 16:5  16:6 | | 20:23  20:24  21:3  21:8  21:10  21:11  21:16 | | 24:19  24:20  24:20  30:1  30:1  30:2  33:7 | | |
| **straightforward**(4) 17:20  31:19  38:3  38:10 | | 21:18  21:20  22:10  22:13  22:15  22:16 | | 33:8  33:12  33:24  38:12  40:4 | | |
| **strategy**(1) 35:14 | | 22:18  22:19  22:20  22:21  23:2  23:3  23:4 | | | | |
| **strauss**(1) 2:30 | | 23:7  23:8  23:10  23:19  23:20  23:21  23:22 | | **therefore**(2) 9:11  17:6 | | |
| **streamline**(1) 31:8 | | 23:23  24:5  24:6  24:7  24:8  24:11  24:12 | | **these**(17) 8:6  8:10  10:4  10:7  11:6  11:9 | | |
| **street**(2) 1:11  1:35 | | 24:17  25:1  25:9  25:9  25:10  25:14  25:17 | | 14:4  14:5  14:12  18:7  20:22  25:22  30:18 | | |
| **strongly**(1) 11:1 | | 25:18  25:22  26:1  26:6  26:5  26:23  26:24 | | 31:5  33:21  36:15  38:7 | | |
| **struggling**(1) 28:7 | | 26:23  26:25  27:5  27:8  27:14  27:16  27:16 | | | | |
| **studied**(2) 17:25  19:21 | | 27:17  27:19  27:21  27:21  27:23  27:24 | | **they**(39) 7:18  7:20  11:10  16:21  18:17 | | |
| **stumbling**(2) 28:2  29:2 | | 27:25  28:8  28:10  28:11  28:12  28:14  28:17 | | 18:18  18:18  19:7  19:8  19:12  19:13  19:14 | | |
| **stunning**(1) 17:13 | | 28:19  28:20  28:21  29:3  29:11  29:12  29:21 | | 19:14  20:4  20:7  20:10  20:13  22:19  23:3 | | |
| **styled**(1) 7:7 | | 29:25  30:17  30:24  30:25  31:2  31:5  31:18 | | 24:3  24:4  24:11  25:9  25:19  27:4  28:12 | | |
| **subcon**(1) 30:24 | | 31:19  32:1  32:2  32:4  32:7  32:8  32:8 | | 29:23  31:1  32:20  35:7  35:24  36:1  37:1 | | |
| **submit**(3) 13:9  18:5  32:10 | | 32:10  32:23  32:24  32:25  33:6  33:8  33:14 | | 37:2  37:22  37:23  37:23  38:2  38:2 | | |
| **substantial**(2) 9:7  19:4 | | 33:16  33:21  33:24  33:25  34:1  34:1  34:2 | | | | |
| **substantive**(9) 19:15  21:4  24:6  31:6  38:12 | | 34:4  34:5  34:6  34:8  34:9  34:10  34:21 | | **they're**(4) 16:15  20:12  20:20  23:16 | | |
| **such**(2) 29:2  30:25 | | 34:24  35:7  35:10  35:13  35:14  35:18  35:18 | | **they've**(4) 7:19  17:25  25:8  38:1 | | |
| **sufficiently**(1) 28:21 | | 35:19  35:21  35:23  36:1  36:4  36:7  36:11 | | **thing**(4) 9:24  14:16  14:21  19:22 | | |
| **suggest**(1) 10:18 | | 36:15  36:17  36:17  36:18  37:14  37:14 | | **things**(9) 9:13  14:3  25:1  25:24  31:8  32:23 | | |
| **suggested**(2) 10:15  10:16 | | 37:18  37:23  37:24  37:24  38:3  38:6  38:20 | | 33:24  39:6  40:3 | | |
| **suggestion**(2) 32:2  38:9 | | 38:25  39:4  39:11  39:12  39:15  39:16  39:22 | | | | |
| **suisse**(2) 3:20  3:20 | | 39:21  39:23  39:25  40:7  40:10  41:6 | | **think**(39) 8:21  9:6  9:8  9:20  12:2  12:15 | | |
| **summary**(2) 20:18  36:9 | | | | 13:7  13:21  13:25  14:4  14:7  14:25  15:21 | | |
| **sums**(1) 27:12 | | **that's**(23) 6:7  6:16  10:14  11:7  12:13  14:8 | | 16:4  20:24  21:16  21:17  22:9  22:13  22:18 | | |
| **supplement**(1) 14:21 | | 15:4  16:16  19:1  20:20  21:19  24:14  25:19 | | 27:19  28:18  28:18  28:20  29:7  29:12  29:14 | | |
| **support**(3) 12:12  14:22  18:9 | | 30:5  31:2  31:3  32:20  33:22  37:21  38:12 | | 29:25  30:19  30:22  31:18  31:23  32:1  33:24 | | |
| **supporting**(1) 18:14 | | 39:18  40:3  40:9 | | 36:25  37:23  38:25  39:3  39:14 | | |
| **supportive**(1) 28:20 | | | | | | |
| **suppose**(1) 27:12 | | **thau**(1) 3:13 | | **thinking**(1) 39:1 | | |
| **supposed**(1) 39:5 | | | | **thinks**(1) 15:11 | | |
| **sure**(2) 16:8  29:23 | | | | **third**(3) 6:18  34:5  34:5 | | |
| **surprised**(2) 18:13  38:17 | | | | **this**(115) 5:5  5:9  5:18  6:17  7:21  7:23  7:23 | | |
| **suspect**(2) 21:8  35:14 | | | | 8:20  8:24  9:3  9:3  9:9  9:18  9:21  9:25 | | |
| **sword**(1) 37:10 | | | | 10:10  10:12  11:2  11:3  11:10  11:10  11:12 | | |
| | | | | 13:7  14:1  14:15  14:17  15:3  15:4  15:14 | | |
| **table**(6) 21:4  25:10  26:1  29:13  30:24  38:1 | | | | 16:3  16:8  16:17  17:4  17:16  17:21  17:25 | | |
| **take**(6) 19:3  31:22  34:12  35:6  35:8  38:9 | | | | 18:3  18:14  18:25  19:2  19:22  19:22  20:15  20:17 | | |
| **taken**(4) 13:2  25:19  27:22  36:19 | | | | 20:18  20:25  21:8  21:9  21:12  21:16  22:21 | | |
| **takes**(1) 36:20 | | | | 22:22  23:5  23:8  23:19  23:20  24:2  24:11 | | |
| **taking**(2) 6:21  39:23 | | | | 24:17  24:17  24:18  24:23  25:7  26:1  26:22 | | |
| **talk**(4) 5:4  21:6  35:22  37:21 | | | | 26:25  27:1  27:4  27:5  27:7  27:7  27:21 | | |
| **talking**(2) 8:2  14:9 | | | | 28:8  28:8  28:23  29:3  29:4  29:4  29:5 | | |
| **task**(1) 9:7 | | | | 29:6  29:9  29:13  29:14  29:16  30:7  30:21 | | |
| **taylor**(1) 2:12 | | | | 31:21  31:24  32:5  32:6  32:7  33:2  33:7 | | |
| **team**(1) 33:5 | | | | 33:9  34:13  34:17  35:6  35:7  37:1  37:1 | | |
| **telephone**(3) 5:3  21:12  21:14 | | | | 37:10  37:21  38:15  39:4  39:13  39:15  39:17 | | |
| **telephonic**(4) 1:21  2:1  3:1  4:1 | | | | 39:23  39:24  40:5  40:7 | | |
| **tell**(2) 32:15  32:18 | | | | | | |
| **telling**(1) 12:3 | | | | **thomas**(2) 2:25  2:27 | | |
| **ten**(1) 35:25 | | | | **thornton**(1) 3:24 | | |
| **terms**(3) 8:19  14:2  35:10 | | | | **those**(25) 7:23  9:14  9:15  10:8  14:24  16:22 | | |
| **than**(7) 7:21  16:22  20:12  31:20  32:24 | | | | 17:3  17:12  17:17  19:1  19:16  24:13  25:4 | | |
| 33:12  38:23 | | | | 25:11  26:2  26:4  26:7  31:8  31:10  31:24 | | |
| | | | | 32:19  32:21  33:5  34:12  38:1 | | |
| **thank**(19) 5:12  5:17  11:13  12:16  12:24 | | | | | | |
| 15:15  15:17  16:3  22:6  22:13  27:10  30:15 | | | | **though**(2) 33:6  33:24 | | |
| 31:13  31:15  33:18  38:14  40:11  40:13  41:1 | | | | **thought**(3) 13:11  25:5  38:7 | | |
| | | | | **thoughtful**(1) 40:12 | | |
| | | | | **three**(4) 6:14  25:2  25:4  34:7 | | |
| | | | | **threshold**(5) 9:1  10:3  10:11  10:22  32:3 | | |
| | | | | **thrilled**(3) 34:21  34:24  35:2 | | |
| | | **the**(219) 25:18  25:20  25:21  25:23  26:1 | | **through**(5) 7:20  10:5  28:8  32:16  32:17 | | |
| | | 26:2  26:3  26:3  26:7  26:8  26:8  26:9  26:12 | | | | |
| | | 26:14  26:15  26:16  26:17  26:18  26:19 | | | | |
| | | 26:20  26:21  26:25  26:25  27:2  27:3  27:6 | | | | |
| | | 27:6  27:13  27:15  27:15  27:17  27:25  27:6 | | | | |
| | | 27:21  27:22  27:23  27:24  28:1  28:3  28:3 | | | | |
| | | 28:4  28:4  28:5  28:6  28:7  28:9  28:12 | | | | |
| | | 28:13  28:19  28:20  28:24  29:3  29:13  29:11 | | | | |
| | | 29:14  29:19  29:20  29:21  29:22  29:25 | | | | |
| | | 29:25  30:4  30:6  30:10  30:13  30:16  30:16 | | | | |
| | | 30:18  30:20  30:21  30:23  30:23  30:23 | | | | |
| | | 30:24  31:2  31:4  31:6  31:7  31:9  31:11 | | | | |
| | | 31:13  31:16  31:17  31:17  31:21  31:22 | | | | |
| | | 31:23  32:1  32:2  32:3  32:4  32:7  32:7 | | | | |
| | | 32:11  32:11  32:12  32:12  32:13  32:14 | | | | |
| | | 32:14  32:15  32:16  32:19  32:19  32:20 | | | | |
| | | 32:22  32:22  32:24  32:25  32:25  33:1  33:2 | | | | |
| | | 33:7  33:11  33:14  33:15  33:16  33:19  33:20 | | | | |
| | | 33:22  33:23  34:3  34:4  34:4  34:5  34:7 | | | | |
| | | 34:9  34:10  34:10  34:14  34:14  34:16  34:17 | | | | |
| | | 34:18  34:19  34:21  34:24  35:3  35:6  35:8 | | | | |
| | | 35:14  35:16  35:16  35:16  35:17  35:20 | | | | |
| | | 35:25  35:25  36:1  36:1  36:2  36:6  36:7 | | | | |
| | | 36:8  36:12  36:12  36:13  36:14  36:16  36:22 | | | | |
| | | 36:24  37:2  37:3  37:4  37:5  37:5  37:6  37:8 | | | | |
| | | 37:9  37:9  37:10  37:13  37:14  37:16  37:17 | | | | |
| | | 37:21  37:22  37:23  37:25  38:3  38:5  38:7 | | | | |
| | | 38:7  38:11  38:14  38:15  38:13  38:13  38:15 | | | | |
| | | 38:16  38:18  38:21  38:22  38:23  39:2  39:5 | | | | |
| | | 39:9  39:11  39:11  39:11  39:19  39:19  39:16 | | | | |
| | | 39:19  39:19  39:20  39:25  39:25  40:4  40:4 | | | | |
| | | 40:6  40:6  40:7  40:11  41:3  41:6  41:7  41:7 | | | | |
| | | 41:8 | | | | |
| | | **their**(7) 18:19  20:7  20:9  24:4  25:6  27:22 | | | | |
| | | 38:2 | | | | |
| | | | | | | |
| | | **theirs**(1) 20:9 | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **time**(32) 5:18 8:24 9:4 9:6 9:12 9:19 10:9 11:4 12:21 15:12 15:15 15:16 16:4 16:5 16:6 16:9 17:16 19:11 19:17 19:18 20:10 23:1 23:19 26:25 29:1 29:12 33:13 33:15 33:21 36:9 39:3 39:12 39:13 39:17 | | **very**(44) 5:17 5:17 5:18 6:22 9:23 11:1 13:19 14:1 14:1 14:9 16:5 16:6 16:9 16:11 17:10 18:22 19:4 19:4 20:17 22:25 24:2 25:17 26:9 27:19 28:2 28:2 28:8 28:9 28:25 29:24 30:15 31:18 31:18 32:2 33:6 35:18 37:12 38:3 38:6 38:10 38:16 39:22 39:22 41:1 | | **while**(2) 24:16 25:8 **who**(7) 5:6 12:7 15:20 30:10 30:18 30:19 35:5 | | **your**(69) 5:7 6:7 6:23 8:19 9:10 10:13 10:25 11:7 11:17 11:25 12:9 12:9 12:17 12:24 13:9 13:17 13:21 14:17 14:25 15:9 15:15 15:16 15:22 15:25 16:3 16:7 17:13 18:5 18:12 19:6 19:22 20:16 20:19 21:6 21:7 21:20 21:23 22:6 22:12 24:5 25:19 25:21 26:11 27:10 27:11 28:21 29:6 29:17 29:24 30:5 30:8 30:11 31:15 31:25 32:6 32:10 32:22 32:24 33:11 33:15 33:18 34:4 34:23 35:2 37:11 38:4 38:14 40:11 41:1 |
| **times**(1) 13:5 **tip**(1) 37:10 **today**(7) 5:15 5:22 6:16 11:8 19:11 20:11 36:17 | | **vet**(1) 21:3 **view**(2) 33:7 39:19 **viewed**(1) 29:11 **views**(1) 39:25 **volumes**(1) 20:24 **wandering**(1) 31:16 | | **who's**(1) 6:15 **whole**(3) 18:21 31:23 33:19 **wholeheartedly**(1) 14:22 **why**(8) 16:23 20:7 20:22 28:5 29:3 32:20 33:7 33:17 | | **zloto**(1) 4:29 |
| **together**(7) 17:18 17:18 18:23 18:25 26:21 28:3 33:23 | | **want**(24) 12:12 12:19 14:21 16:8 16:16 19:7 19:13 20:1 20:2 20:5 21:6 21:9 21:19 21:20 22:8 27:8 30:22 35:7 37:18 39:6 39:15 39:16 39:23 40:6 | | **will**(40) 8:21 11:14 12:4 12:7 15:4 15:6 15:7 15:8 15:20 17:10 18:3 19:15 23:2 23:9 23:14 23:21 23:22 25:18 26:6 27:7 27:17 28:14 31:5 31:25 32:6 32:14 32:15 32:18 33:18 34:10 34:17 36:6 36:8 36:11 37:16 38:8 38:8 40:5 40:11 40:12 | | |
| **told**(1) 8:1 **tom**(3) 12:9 30:8 30:9 **too**(3) 20:2 38:19 38:24 **took**(3) 17:23 29:1 34:6 **totally**(2) 23:24 24:25 **traci**(1) 41:12 **transcriber**(1) 41:12 **transcript**(3) 1:17 1:41 41:7 **transcription**(2) 1:34 1:41 **trap**(1) 32:1 **trial**(10) 14:15 26:3 27:15 27:17 28:9 31:4 31:6 31:12 36:6 39:24 | | **wants**(2) 21:7 32:7 **was**(41) 6:4 7:5 13:12 13:14 13:15 16:17 16:21 19:2 19:18 19:19 20:6 20:9 21:10 21:16 22:16 23:10 27:9 28:5 28:25 29:2 29:10 29:10 29:10 29:23 30:10 30:16 30:17 30:18 30:20 32:9 32:10 33:20 34:4 34:21 34:24 35:19 38:16 38:16 39:1 39:1 41:3 **watkins**(1) 4:20 | | **willkie**(2) 4:8 12:18 **wilmington**(26) 1:12 3:32 5:1 6:4 6:8 7:6 7:8 7:17 7:24 10:5 11:9 11:16 12:5 15:3 15:6 15:13 16:24 17:18 18:6 22:16 27:20 29:23 30:16 30:18 32:24 37:17 | | |
| **trials**(1) 31:9 **trouble**(1) 19:5 **troubles**(1) 38:20 **true**(2) 18:25 35:1 **trust**(18) 3:32 3:49 6:4 6:8 7:6 7:8 7:17 10:5 11:9 11:16 12:5 15:3 15:6 15:13 16:24 18:6 27:21 30:16 | | **way**(21) 8:10 13:1 14:6 15:14 16:18 17:16 19:3 19:4 20:3 20:17 21:21 25:9 25:13 26:21 27:7 28:7 28:11 28:13 31:22 32:5 40:7 **ways**(2) 33:3 40:7 **we'd**(2) 11:8 35:18 **we'll**(4) 15:14 21:17 22:3 27:12 **we're**(28) 6:9 8:2 9:6 9:23 11:8 14:9 14:10 15:4 15:14 16:8 16:23 17:10 22:18 23:17 25:24 26:1 26:15 26:17 26:18 29:7 33:14 35:19 37:21 37:22 37:24 37:25 38:4 38:6 | | **wilmington's**(1) 34:13 **wilmington**(53) 5:8 6:3 6:10 6:24 7:3 7:22 8:20 9:25 10:8 10:11 10:22 11:11 11:24 12:3 13:22 13:22 14:10 14:18 15:8 16:2 18:4 18:12 18:16 19:5 19:7 21:2 23:8 25:12 25:21 25:25 27:7 27:14 27:16 27:17 27:20 27:24 28:9 28:14 30:1 30:2 31:8 31:10 33:7 33:17 33:20 33:23 35:7 35:18 36:15 37:2 37:4 37:20 40:11 | | |
| **trustee**(5) 4:8 7:8 19:9 19:19 20:21 **trustees**(4) 14:19 17:2 18:7 18:14 **try**(6) 26:22 28:7 28:16 31:25 34:1 34:12 **trying**(7) 18:22 20:25 22:17 27:2 28:2 29:15 30:10 | | **we've**(5) 6:13 8:1 8:19 36:17 38:6 **webb**(1) 2:42 **wechsler**(1) 4:25 **wednesday**(1) 20:7 **week**(3) 6:4 10:17 16:17 **weekend**(1) 40:14 **weighing**(1) 33:13 **well**(22) 5:9 5:16 5:25 6:5 6:7 6:17 7:10 9:23 12:22 14:20 14:23 17:15 22:4 25:19 28:24 29:6 31:16 34:4 35:1 35:18 37:3 38:15 | | **within**(2) 16:18 20:3 **without**(2) 14:15 28:22 **won't**(1) 15:2 **wonder**(1) 11:21 **word**(1) 27:13 **words**(1) 12:14 **work**(5) 16:19 18:4 18:14 18:16 36:20 **working**(1) 27:5 **world**(2) 6:12 25:4 **worse**(1) 31:11 **worthwhile**(1) 21:1 | | |
| **tuesday**(1) 40:13 **tunnell**(1) 1:23 **turn**(3) 5:10 16:23 22:25 **turns**(1) 36:20 **tweed**(1) 2:24 **two**(10) 6:13 8:20 9:12 9:15 10:6 15:3 20:12 25:20 28:9 38:15 | | **were**(9) 7:9 7:14 11:11 29:9 29:20 29:23 33:25 34:3 35:1 | | **would**(42) 5:4 5:6 9:20 9:22 10:17 10:18 10:18 10:21 10:23 10:23 11:5 11:14 11:22 12:20 13:6 13:13 13:18 13:24 14:3 14:5 14:14 17:7 18:5 18:10 18:12 18:17 19:19 19:22 21:13 21:15 22:24 28:20 28:21 32:9 33:6 35:2 36:4 38:22 38:23 38:24 39:11 39:18 | | |
| **tyler**(1) 2:42 **typically**(1) 18:8 **u.k**(1) 35:16 **u.s**(23) 5:23 7:13 8:8 8:9 8:15 9:23 11:2 12:13 17:5 17:7 23:2 23:7 23:21 23:22 23:24 25:6 25:15 26:8 27:23 32:16 32:18 34:18 36:1 | | **what**(49) 5:21 7:5 7:7 8:12 8:13 8:19 8:25 9:13 9:14 10:2 10:13 10:18 11:7 12:3 13:13 13:18 13:25 14:2 16:8 16:23 16:24 17:9 20:20 22:13 22:18 22:19 23:9 23:10 23:16 23:17 23:25 25:19 27:10 28:3 37:4 37:7 38:5 39:11 39:14 39:18 39:25 40:10 | | **written**(1) 35:19 **wrong**(3) 30:1 30:2 35:21 **www.diazdata.com**(1) 1:38 **yeah**(1) 39:8 **year**(2) 23:14 23:18 **years**(4) 25:20 28:16 35:7 36:20 **yes**(12) 6:1 12:6 12:25 19:24 22:3 22:5 22:9 26:18 29:19 30:13 35:3 37:3 | | |
| **ultimately**(1) 39:10 **uncertainty**(1) 28:3 **under**(4) 16:13 16:20 31:22 38:11 **underlying**(1) 7:4 **understand**(4) 7:7 7:23 27:3 38:5 **understands**(1) 26:24 **undoubtedly**(1) 28:15 **unfortunately**(2) 24:19 25:15 **united**(5) 1:1 1:19 7:15 8:6 24:19 **unsecured**(3) 2:31 5:23 34:19 **unsuccessfully**(1) 13:9 **until**(2) 9:15 32:14 **upfront**(1) 32:3 **upper**(1) 34:18 **value**(4) 23:2 23:8 23:22 24:18 **various**(3) 13:5 17:7 29:8 **versus**(1) 8:23 | | **what's**(4) 6:5 16:5 24:1 25:9 **whatever**(2) 12:15 12:21 **whatsoever**(1) 18:17 **when**(19) 9:20 13:8 23:1 25:17 25:19 26:3 26:3 27:4 33:13 34:21 34:24 36:7 36:8 36:14 37:16 37:16 38:15 38:21 39:3 **where**(12) 9:10 9:12 23:12 24:4 25:24 36:9 37:19 38:8 38:13 39:5 39:14 40:3 **whereupon**(1) 41:3 **whether**(13) 9:2 9:16 10:3 10:4 10:6 21:15 23:13 29:22 29:23 35:15 36:15 37:5 37:8 **which**(19) 7:10 7:12 7:13 8:21 13:2 15:1 16:7 17:3 26:17 27:6 28:1 28:14 29:10 30:25 31:7 31:11 34:13 35:9 35:24 | | **yet**(3) 28:11 32:13 32:21 **york**(3) 4:20 14:20 15:10 **you**(66) 5:12 5:15 5:16 5:17 5:20 5:22 6:8 9:10 11:1 11:13 11:14 12:3 12:4 12:4 12:15 12:16 12:22 12:24 13:15 14:10 14:12 15:15 15:17 15:24 16:3 18:13 20:15 20:24 21:24 22:6 22:8 22:11 24:12 26:9 27:10 27:16 27:21 27:23 29:4 29:15 30:11 30:14 30:15 31:13 31:15 31:18 31:22 31:23 32:4 32:10 32:15 32:18 32:25 33:1 33:6 33:18 35:1 35:6 36:6 38:14 39:1 40:8 40:12 40:13 41:1 | | |
| | | | | **you'd**(1) 12:23 **you'll**(1) 22:10 **you're**(2) 12:3 16:4 **young**(3) 2:8 2:12 2:16 | | |