UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |

FEE EXAMINER'S FINAL REPORT REGARDING
FIRST QUARTERLY FEE APPLICATION OF
E. MORGAN MAXWELL, III, ESQ.

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the First Quarterly Fee Application of E. Morgan Maxwell, III, Esq. ("Application"), for the period from February 1, 2013 through April 30, 2013, seeking approval of fees that total $17,912.50 and reimbursement of expenses that total $11.00. E. Morgan Maxwell, III, Esq. is Special Tax Counsel to the Official Committee of Long Term Disability Participants.

## Background

1.   Master, Sidlow & Associates, P.A. reviewed Mr. Maxwell's monthly fee statements and the Application, including each of the billing and expense entries shown in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2.   Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to E. Morgan Maxwell, III, Esq. No response was required as there were no questioned fees or expenses in that report. Master, Sidlow & Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings

### Recomputation of Fees and Expenses

3.     Master, Sidlow & Associates, P.A. recomputed the fees and expenses requested in the Application. The hours billed by E. Morgan Maxwell, III, Esq. were totaled and these amounts were multiplied by his hourly rate. The recomputation of fees did not reveal any discrepancies.

### Review of Fees

4.     **Firm Staffing.**  The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: … (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The Application provides the name, position, and hourly rate of each timekeeper.

Mr. Maxwell billed a total of 72.50 hours with associated fees of $17,912.50. Mr. Morgan's billing rate is $250.00 per hour.

5.     **Hourly Rate Increases.** Mr. Maxwell did not increase his hourly rate during the first quarterly period.

6.     **Complete and Detailed Task Descriptions.**  Local Rule 2016-2 (d) states "…activity descriptions…shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Master, Sidlow & Associates, P.A. found the activity descriptions in the Application to be sufficiently detailed.

7.  **Travel.** Local Rule 2016-2(d)(viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates;... ." Mr. Maxwell billed his non-working travel time at 50% of his standard rate.

8.  **E. Morgan Maxwell, III, Esq. Retention/Compensation.** Mr. Maxwell not request reimbursement for any time to prepare retention documents and applications for compensation during the Application period.

### Review of Expenses

9.  **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include ... Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Mr. Maxwell provides an itemization for his expenses that includes the category, the date, the description, and the amount.

10. **Photocopies.** Local Rule 2016-2(e)(iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page),..." The Application states that the rate charged for duplication is $0.10 per page. E. Morgan Maxwell, III, Esq. did not request reimbursement for documentation reproduction in the Application period.

11. **Computer – Assisted Legal Research.** Local Rule 2016(e)(iii) states "The motion shall state ... computer-assisted legal research charges (which shall not be more than the actual cost) ...." The Application states, "... Maxwell seeks reimbursement for computer assisted research, which is the actual cost of such charges, if any." E. Morgan Maxwell, III, Esq. did not request reimbursement for computer-assisted legal research in the Application period.

12. **Facsimile.** Local Rule 2016-2(e)(iii) states "The motion shall state … outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)." The Application states, "Telecopying services completed in-house by Maxwell were charged at $1.00 per page for outgoing facsimile only." E. Morgan Maxwell, III, Esq. did not request reimbursement for facsimile charges in the Application period.

### Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the First Quarterly Fee Application of E. Morgan Maxwell, III, Esq. and the fees and expenses discussed above. Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $17,912.50 and reimbursement of expenses in the amount of $11.00 for the period from February 1, 2013 through April 30, 2013. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: _____
Judith M. Scarborough, CPA, CVA, CFF

2002 West 14th Street
Wilmington, DE 19806
Telephone: (302) 652-3480
Facsimile: (302) 656-8778
jscarborough@mastersidlow.com

Fee Examiner

**APPENDIX A**

E. MORGAN MAXWELL, III, ESQ.
SUMMARY OF FINDINGS
1st QUARTERLY FEE APPLICATION (February 1, 2013 through April 30, 2013)

| | | |
|---|---|---|
| **A.** | **Amounts Requested and Computed** | |
| Fees Requested | $ 17,912.50 | |
| Expenses Requested | 11.00 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $ 17,923.50 |
| Fees Computed | $ 17,912.50 | |
| Expenses Computed | 11.00 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $ 17,923.50 |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $ - |
| **B.** | **Recommended Fee Allowance and Expense Reimbursement** | |
| Fees Requested | $ 17,912.50 | |
| RECOMMENDED FEE ALLOWANCE | | $ 17,912.50 |
| Expenses Requested | $ 11.00 | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 11.00 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $ 17,923.50 |