UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al., | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

FEE EXAMINER'S FINAL REPORT REGARDING
ELEVENTH QUARTERLY FEE APPLICATION OF
TORYS LLP

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Eleventh Quarterly Fee Application Request of Torys LLP ("Application"), for the period from May 1, 2013 through July 31, 2013, seeking approval of fees that total $1,446,829.50 and reimbursement of expenses that total $15,720.60. Torys LLP ("Torys") is special Canadian counsel to the debtors..

## Background

1.  Master, Sidlow & Associates, P.A. reviewed the firm's monthly fee statements and the Application, including each of the billing and expense entries shown in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2.  Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to Torys LLP and the firm provided a written response to that report. After consideration of the firm's responses to the preliminary report, Master, Sidlow & Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

### Discussion of Findings
### Recomputation of Fees and Expenses

3.      Master, Sidlow & Associates, P.A. recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rate.

### Review of Fees

4.      **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The Application provides the name, position, and hourly rate of each timekeeper.

The firm billed a total of 2,169.60 hours with associated fees of $1,446,829.50. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 964.40 | 44% | $880,420.50 | 61% |
| Counsel | 84.90 | 4% | 65,797.50 | 5% |
| Associate | 665.00 | 31% | 410,193.50 | 28% |
| Librarian | 2.20 | | 814.00 | |
| Articling student | 2.90 | | 928.00 | |
| Paralegal | 38.40 | 2% | 10,448.00 | 1% |
| Summer student | 411.40 | 19% | 78,166.00 | 5% |
| Administration | 0.40 | | 62.00 | |
| Total | 2,169.60 | 100% | $1,446,829.50 | 100% |

The blended hourly rate for the Torys is $666.86.

In its preliminary report, Master, Sidlow & Associates, P.A. noted that Torys LLP's Application did not include a statement indicating whether the compensation is based on the

customary compensation charged by comparably skilled professionals in cases other than cases under Title 11. In its response the firm stated:

> The compensation included in the Eleventh Quarterly Fee Application Request of Torys LLP (the "Application") is based on the customary compensation charged by comparably skilled professionals of Torys in cases other than cases under Title 11. In addition, Torys will include this representation in its fee applications going forward.

5.  **Hourly Rate Increases.** Torys did not increase the hourly rates of any timekeepers during the eleventh quarterly period.

6.  **Complete and Detailed Task Descriptions.** Local Rule 2016-2 (d) states "…activity descriptions…shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. A description of correspondence should identify the correspondent and the subject of the correspondence. Similarly, a description for preparation of pleadings should identify the pleading drafted or revised. Activity descriptions for legal research should include the issues researched and the purpose of the research. The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level. Activity descriptions referencing conferences should include the name of the person(s) with whom the communication was held and the subject or purpose of the communication. Master, Sidlow & Associates, P.A. found the activity descriptions in the Application to be sufficiently detailed.

7. **Travel.** Local Rule 2016-2(d)(viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates;... ." Torys states in its application that in accordance with Local Rule 2016-2, it has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

8. **Torys LLP Retention/Compensation.** Master, Sidlow & Associates, P.A. reviewed and identified entries related to the retention and compensation of Torys. The firm billed 56.9 hours with associated fees of $28,966.50 to prepare the firm's retention documents and applications for compensation, which represents approximately 2% of the total fees billed by the firm.

### Review of Expenses

9. **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include ... Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Torys provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

In its preliminary report, Master, Sidlow & Associates, P.A. noted fourteen time entries where the detailed task and time description did not equal the total hours charged:

| 5/10/13 | Gray | 2.90 | N1200 | revising court materials (0.8); reviewing materials regarding trial and discussion regarding same; |
|---|---|---|---|---|
| 5/3/13 | Cameron | 2.00 | N1400 | discussion with T. Yeo and J. Gotowiec about research (.5); further consideration of Canadian research and arguments based on documents; |
| 7/18/13 | Block | 2.80 | N1200 | preparation for trial, including reviewing patent issue with john Cameron regarding research for trial (0.4); |
| 7/12/13 | Cameron | 1.00 | N1400 | research about further Canadian questions; meeting with t. Yeo re same (.3); |

In its response the firm stated:

> In each instance, there was a clerical omission of the amount of time spent on a second detailed task within the time entry description and the total time billed correctly reflected the aggregate amount of time. The amount of time allocated on each task can be obtained from subtracting the parenthetical time itemized from the total time for the entry. Therefore, Torys does not believe that any reduction is appropriate with regards to these entries and will endeavor to eliminate any such clerical omissions in the future.

| 5/12/13 | Bomhof | 6.90 | N1600 | Review and provide comments on US Debtors emergency motion for relief related to litigation schedule and discovery plan and telephone call with Cleary to discuss same (2.5): prepare CCAA filing materials for emergency joint motion on litigation schedule and discuss May 13 CCAA motion with M. Wunder of Dentons (2.9); serve CCAA service list with notice of filing of NNI's Emergency Joint Motion regarding litigation schedule (1.0); review email from R. Schwill (Davies) regarding EMEA Debtor's position on litigation schedule (.3); |
| --- | --- | --- | --- | --- |
| 5/15/13 | Bomhof | 9.00 | N1600 | Prepare for and attend 8:30 Chambers motion before Justice Morawetz regarding update on status of timetable and discovery plan and protective order (3.5); various telephone calls with Cleary and counsel for EMEA, UK Pension Trustee and Monitor regarding joint hearing on timetable and discovery plan (2.2); review US filings for joint hearing and discuss same with Cleary (1.5); attend joint hearing before Justice Morawetz and Judge Gross regarding Litigation schedule and discovery plan (1.2); review and provide comments on Opening Submissions for allocation hearing (0.5): |
| 5/16/13 | Bomhof | 7.40 | N1600 | various telephone calls with Goodmans and counsel to CCC and UK Pension Trustee regarding interim protective order (1.5); preparing for and attending Chambers motion before Mr. Justice Morawetz regarding protective order (2.0); telephone call with M. Decker and reviewing various drafts of interim protective order (1.2); reviewing submissions of CCC and UK Pension Trustee on final form of protective order (.9); reviewing opening submissions filed for allocation hearing (3.0); |
| 7/19/13 | Bomhof | 1.20 | N1200 | reviewing rolling production update e-mails(.2); exchange messages with M. Gurgel of Cleary regarding allocation trial research issues (.2); telephone call with W. Gray regarding allocation issues (.5); |

In its response the firm stated:

> With respect to Mr. Bomhof's time, the details show that on 5/16, Mr. Bomhof worked 8.6 hours but only billed the estate for 7.4 hours. The clerical, mathematical error adding up the time entries resulted in the estate being under billed for 1.2 hours. The estate was incorrectly billed for Mr. Bomhof's time on: 5/12 where the details show he worked 6.7 hours but the estate was charged 6.9 (difference of 0.2); 5/15 where the details show he worked 8.9 hours but the estate was charged 9.0 hours (difference of 0.1); and 7/19 where the details show he

worked 0.9 hours but the estate was charged 1.2 (difference of 0.3). Thus, the estate was overcharged for Mr. Bomhof's time due to these mathematical errors in the total amount of 0.6 hours but because of the under billing in the first instance noted above, the estate was in the aggregate not billed for 0.6 hours of Mr. Bomhof's time (1.2 - 0.6). Given that the error runs in favor of the estate, Torys does not believe any reduction is appropriate with respect to these entries.

| 6/10/13 | Leader | 2.80 | N1200 | Review background documents (1.4) Second level document review (0.6); review emails from M. Reynolds, J. Erickson regarding documents circulated as important, privilege questions (0.6); |
| --- | --- | --- | --- | --- |
| 7/3/13 | Leader | 5.40 | N1200 | Second review of documents (5.8) |

In its response the firm stated:

> Similarly with respect to Ms. Leader's time, the detail shows that on 7/3, Ms. Leader worked 5.8 hours but the estate was charged only for 5.4 hours, resulting in the estate being under billed for 0.4 hours. The estate was incorrectly billed for Ms. Leader's time on 6/10 where the details show she worked a total of 2.6 hours but the estate was charged 2.8 resulting in the estate being overcharged for 0.2 hours. Given that the net effect of the two Ms. Leader entries is that the estate was under billed by 0.2 hours (0.4 - 0.2) and thus the error runs in favor of the estate, Torys does not believe any reduction is appropriate with respect to these entries.

| 6/28/13 | Yeo | 7.60 | N1400 | meetings with J. Cameron and C. Thatcher re: research for case (0.7); research for case (6.6); |
| --- | --- | --- | --- | --- |
| 7/12/13 | Yeo | 6.30 | N1400 | meeting with J. Cameron re: research for case (0.3); research for case (7.3); |

In its response the firm stated:

> Similarly with respect to Mr. Yeo's time, the detail shows that on 7/12, Mr. Yeo worked 7.6 hours but the estate was charged only for 6.3 hours, resulting in the estate being under billed for 1.3 hours. The estate was incorrectly billed for Mr. Yeo's time on 6/28 where the details show he worked a total of 7.3 hours but the estate was charged 7.6 hours resulting in the estate being overcharged for 0.3 hours. Given that the net effect of the two Mr. Yeo entries is that the estate was under billed by 1.0 hour (1.3-0.3) and thus the error runs in favor of the estate, Torys does not believe any reduction is appropriate with respect to these entries.

| 5/21/13 | Saulnier | 4.30 | N1600 | meeting re allocation submission replies (1.2); reviewing CCAA case court documents (4.3); |
|---|---|---|---|---|

In its response the firm stated:

> With respect to Mr. Saulnier's time, the detail shows that on 5/21, Mr. Saulnier worked 5.5 hours but the estate was charged only for 4.3 hours, resulting in the estate being under billed for 1.2 hours. Given that the error runs in favor of the estate, Torys does not believe any reduction is appropriate with respect to this entry.

| 5/21/13 | Posen | 2.60 | N1600 | Meeting re: review of CCAA case court documents (1.2); reviewing CCAA case court documents (1.3); |
|---|---|---|---|---|

In its response the firm stated:

> With respect to Mr. Posen, the estate was incorrectly billed for Mr. Posen's time on 5/21 where the details show he worked a total of 2.5 hours but the estate was charged 2.6 hours resulting in the estate being overcharged for 0.1 hour of Mr. Posen's time. Torys will reduce its fee application by 0.1 times his rate of $190 which equals $19.

Master Sidlow & Associates, P.A. accepts Torys LLP's revised time entries and recommends reduction of fees in the amount of $19.00.

10. **Photocopies.** Local Rule 2016-2(e)(iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page),..." Torys states in its applications that it charges $.10 per page for photocopying and printing. The firm requested reimbursement of $6,848.40 for documentation reproduction.

11. **Computer – Assisted Legal Research.** Local Rule 2016(e)(iii) states "The motion shall state ... computer-assisted legal research charges (which shall not be more than the actual cost) ...." The firm requested reimbursement of $5,613.60 for computer-assisted legal research.

12. **Facsimile.** Local Rule 2016-2(e)(iii) states "The motion shall state ... outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)." Torys states in its applications that it does not charge for incoming or outgoing facsimiles.

### Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the Eleventh Quarterly Fee Application of Torys LLP and the fees and expenses discussed above. Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $1,446,810.50 and reimbursement of expenses in the amount of $15,720.60, for the period from May 1, 2013 through July 31, 2013. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: _____
Judith M. Scarborough, CPA, CVA, CFF
2002 West 14th Street
Wilmington, DE 19806
Telephone: (302) 652-3480
Facsimile: (302) 656-8778
jscarborough@mastersidlow.com

Fee Examiner

**APPENDIX A**

TORYS LLP
SUMMARY OF FINDINGS
11TH QUARTER FEE APP (MAY 1, 2013 through JULY 31, 2013)

| | | | |
|---|---|---|---|
| **A.** | **Amounts Requested and Computed** | | |
| Fees Requested | | $ 1,446,829.50 | |
| Expenses Requested | | 15,720.60 | |
| TOTAL FEES AND EXPENSES REQUESTED | | | $ 1,462,550.10 |
| Fees Computed | | $ 1,446,810.50 | |
| Expenses Computed | | 15,720.60 | |
| TOTAL FEES AND EXPENSES COMPUTED | | | $ 1,462,531.10 |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | | $ (19.00) |
| **B.** | **Recommended Fee Allowance and Expense Reimbursement** | | |
| Fees Requested | | $ 1,446,829.50 | |
| Recommended Reduction | | (19.00) | |
| RECOMMENDED FEE ALLOWANCE | | | $ 1,446,810.50 |
| Expenses Requested | | $ 15,720.60 | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 15,720.60 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $ 1,462,531.10 |