UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al., | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

FEE EXAMINER'S FINAL REPORT REGARDING
EIGHTEENTH QUARTERLY FEE APPLICATION OF
HURON CONSULTING GROUP

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Eighteenth Quarterly Fee Application of Huron Consulting Group ("Application"), for the period from May 1, 2013 through July 31, 2013, seeking approval of fees that total $45,262.80. Huron Consulting Group ("Huron") is accounting and restructuring consultant to the debtors.

## Background

1.      Master, Sidlow & Associates, P.A. reviewed the firm's monthly fee statements and the Application, including each of the billing and expense entries shown in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2.      Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to Huron Consulting Group and the firm provided a written response to that report. After consideration of the firm's responses to the preliminary report Master, Sidlow & Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings

## Recomputation of Fees

3.     Master, Sidlow & Associates, P.A. recomputed the fees requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rate. The recomputation of fees did not reveal any discrepancies.

## Review of Fees

4.     **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: … (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The Application provides the name, position, and hourly rate of each timekeeper.

The firm billed a total of 118 hours with associated fees of $45,252.80. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Mg Director | 2.40 | 2% | $ 1,566.00 | 3% |
| Manager | 115.60 | 98% | 43,696.80 | 97% |
| **TOTAL** | 118.00 | 100% | $45,262.80 | 100% |

The blended hourly rate for the Huron professionals is $383.58.

In its preliminary report, Master, Sidlow & Associates, P.A. noted that Huron's Application did not include a statement indicating whether the compensation is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11. In its response the firm stated:

"… want to confirm that Huron's compensation for the period of May 1 – July 31, 2013 is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11. We will also include

language confirming this statement in all monthly and quarterly fee applications going forward."

5.    **Hourly Rate Increases.** Huron did not increase the hourly rates of any timekeepers during the eighteenth quarterly period.

6.    **Complete and Detailed Task Descriptions.**    Local Rule 2016-2 (d) states "…activity descriptions…shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. A description of correspondence should identify the correspondent and the subject of the correspondence. Similarly, a description for preparation of pleadings should identify the pleading drafted or revised. Activity descriptions for legal research should include the issues researched and the purpose of the research. The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level. Activity descriptions referencing conferences should include the name of the person(s) with whom the communication was held and the subject or purpose of the communication. Master, Sidlow & Associates, P.A. found the activity descriptions in the Application to be sufficiently detailed.

7.    **Travel.** Local Rule 2016-2(d)(viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates;... ." Master, Sidlow & Associates, P.A. identified no billing entries that describe travel activities.

8.    **Huron Consulting Group Retention/Compensation.** Master, Sidlow & Associates, P.A. reviewed and identified entries related to the retention and compensation of Huron.  The firm billed 8.6 hours with associated fees of $3,690 to prepare the firm's retention documents and applications for compensation, which represents approximately 8% of the total fees billed by the firm.

## Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the Eighteenth Quarterly Fee Application of Huron Consulting Group and the fees discussed above.  Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $45,262.80 for the period from May 1, 2013 through July 31, 2013.  A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: _____

Judith M. Scarborough, CPA, CVA, CFF

2002 West 14th Street
Wilmington, DE19806
Telephone:  (302) 652-3480
Facsimile:  (302) 656-8778
jscarborough@mastersidlow.com

Fee Examiner

**APPENDIX A**

HURON CONSULTING GROUP
SUMMARY OF FINDINGS
18TH QUARTERLY FEE APPLICATION  (MAY 1, 2013 through JULY 31, 2013)

| | | |
|---|---|---|
| **A.** | **Amounts Requested and Computed** | |
| Fees Requested | $  45,262.80 | |
| Expenses Requested | - | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $  45,262.80 |
| | | |
| Fees Computed | $  45,262.80 | |
| Expenses Computed | - | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $  45,262.80 |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $          - |
| | | |
| **B.** | **Recommended Fee Allowance and Expense Reimbursement** | |
| Fees Requested | $  45,262.80 | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $  45,262.80 |
| | | |
| Expenses Requested | $          - | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | - |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $  45,262.80 |