# **EXHIBIT A**

{BAY:01752961v1}



**Thornton Grout Finnigan LLP**
RESTRUCTURING + LITIGATION

Toronto-Dominion Centre
100 Wellington Street West
Suite 3200, P.O. Box 329
Toronto, ON  Canada  M5K 1K7
T 416.304.1616   F 416.304.1313

Michael E. Barrack
T: 416-304-1109
E: mbarrack@tgf.ca
File No. 1595-001

November 19, 2013

VIA EMAIL

Justice Morawetz
Superior Court of Justice
Court House
361 University Avenue
Toronto, ON   M5G 1T3

Justice Morawetz:

    Re:    *In re Nortel Networks, Inc., Case No. 09-10138 (KG)*
             **Nortel Networks Corporation, Court File No. 09-CL-7950**

As you are aware we represent the U. K. Pension Claimants in the Nortel proceeding pending before the Ontario Superior Court ("Ontario Court"); Willkie Farr represents these clients before the United States Bankruptcy Court for the District of Delaware ("Delaware Court").  In order to minimize the expense of attendance at the motions before the Courts this morning, our clients were represented only by Brian O'Connor of Willkie Farr, who attended the joint hearing by telephone. Accordingly, we have been advised of a number of events which unfolded in the course of this morning's hearing. It has been reported that the Courts addressed a number of matters in respect of which no prior notice had been given to the parties. Had there been any advance warning in the form of a notice of motion, direction from the Courts or otherwise, we would have attended before Your Honour and made submissions. Accordingly, we will address some of these matters in this letter and reserve our clients' right to be heard more fully prior to any order arising out of today's attendance being settled.

The first matter which has been reported is a request by the Courts that all fees and expenses incurred by all parties from May 1, 2013 be reported to the Monitor by the close of business today.  This request was relayed to us, and our corresponding counsel in the U.K., after the close of business U.K. time (B.S.T. is five hours ahead of E.S.T.).  The UK Pension Claimants have borne their own costs to this point of the proceeding unlike other Core Parties. Accordingly, we will be seeking instructions in this regard and will respond, in accordance with our instructions, by the close of business tomorrow.  The Trustee of the UKPI reports to the UK *Beddoe Court* in relation to the pursuit of its claims in this process, including as to its costs and fees.

tgf.ca



2.

The second matter which has been reported are statements by the Courts;

- that the trial date will be fixed on a pre-emptory basis for May 12, 2014;

- the trial will be set for a maximum of four weeks;

- there will be a scheduling conference to discuss the trial on January 29; and

- there will be a pre-trial conference two weeks in advance of the trial.

If these statements are embodied in an order, such an order would constitute a significant amendment to the prior Order of the Ontario Court dated May 15, 2013 fixing a Discovery Plan and Timetable, which specifically contemplated adjustments to the schedule. Specifically, the Litigation Timetable appended to that order provides,

> "Any date in this Litigation Timetable may be amended by the written agreement of all Core Parties, submitted to the US Court through the filing of a certification of counsel and to the Canadian Court through the filing of a letter from the Monitor to Justice Morawetz on notice to the Core Parties. Any Core Party may also file a motion with the applicable Court or Courts to modify this Litigation Timetable upon a showing of good cause."

As the Court is aware, the trial of this matter is proposed to deal with the allocation dispute, Canadian Claims and U.S. Claims. No order has been made as to the manner in which each of these matters will be adjudicated, the time allotted to each matter, or a myriad of procedural and substantive issues which will arise in the context of the first attempt to conduct a joint trial involving Canadian and American courts. The Courts have not heard submissions from the parties on these matters. The Court has ordered extensive documentary and oral discovery on these issues in respect of which significant costs have been, and continue to be, incurred. A substantial number of experts are anticipated by each of the Core Parties. In all of these circumstances, we respectfully ask the Court to agree to hear submissions from the parties, after they have had the chance properly to consider these matters and report back with meaningful information as to the number of witnesses and experts likely to be involved. We believe this is in the interests of due process, allowing the parties to bring all relevant considerations before the Courts, after having had the opportunity to review and analyse them.



3.

The exercise of any discretion by the Court must be preceded by appropriate due process. The parties and the Courts have invested far too many resources in this matter to have the entire trial process put in jeopardy by a ruling which fails to allow the parties to bring relevant considerations before the Courts. We have attempted to participate in these proceedings in a constructive and efficient manner. We would respectfully request the opportunity to be heard, in writing or in person, prior to any order being made amending the May 15, 2013 Order of the Ontario Court or setting the length of the trial.

Yours very truly,

**Thornton Grout Finnigan LLP**

Michael E. Barrack
MEB/slg

c.c.    Core Party Service List

tgf.ca