**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nortel Networks Inc., et al.,[1] | Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |

**STIPULATION BY AND BETWEEN
NORTEL NETWORKS INC. AND CALIFORNIA STATE BOARD OF EQUALIZATION**

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. ("NNI") and the California State Board of Equalization (the "Board") (collectively referred to herein as the "Parties" and individually as a "Party"), with respect to the following facts:

WHEREAS, on January 14, 2009 (the "Petition Date"), NNI and its affiliated debtors and debtors in possession (the "Debtors") each filed voluntary petitions (with the exception of Nortel Networks (CALA) Inc., which filed on July 14, 2009) for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, the Office of the United States Trustee for the District of Delaware has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the

---

[1] In addition to Nortel Networks Inc., the debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA," collectively, the "Debtors"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group"); and

WHEREAS, the Board audited NNI with respect to its payment of California sales and use tax for the period January 1, 2004 to January 14, 2009 (the "Audit"); and

WHEREAS, on or about August 4, 2009, the Board filed proof of claim number 1641 against NNI in the amount of $2,333,743.76 ("Claim No. 1641"), which was subsequently withdrawn by the Board on November 23, 2010 [D.I. 4399]; and

WHEREAS, on or about October 5, 2010, the Board filed proof of claim number 7448 amending and superseding Claim No. 1641 in the amount of $1,854,484.44 (the "Claim"), which amount was assessed as additional sales and use tax owing as a result of the Audit; and

WHEREAS, NNI and its representatives have received communications from the Board indicating that it has initiated a sales tax investigation of the liabilities included in the Claim with respect to NNI's corporate officers; and

WHEREAS, NNI has filed several claims for refund in varying amounts and varying periods against the Board, some of which remain pending and some of which were accepted in whole or in part, with credit given against liabilities owed by NNI, during the course of the Audit (the "Refund Claims"); and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating with respect to the amounts asserted in the Claim, the Parties have agreed to this Stipulation to resolve their disputes; and

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Incorporation of Recitals. The foregoing recitals are incorporated by reference as if fully set forth herein.

2. <u>Effectiveness</u>.  The agreements, acknowledgments and obligations contained herein are expressly contingent upon, and shall become effective only upon entry by the Bankruptcy Court of an order or orders approving this Stipulation and the expiration and waiver of the fourteen (14) day stay set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (such date, the "<u>Effective Date</u>").

3. <u>Payment Obligation</u>.  Within ten (10) calendar days of the Effective Date, NNI shall pay the Board, according to instructions to be provided by the Board, $1,390,863.33 in full and final satisfaction of any and all claims that have been or could have been asserted in the Claim (the date such payment is made by NNI, the "<u>Payment Date</u>").

4. <u>Debtors' Release</u>.  Following the Board's receipt of the payment set forth in Paragraph 3 above, the Board releases and forever discharges the Debtors and their respective current and former affiliates, subsidiaries, shareholders, employees, officers, directors, agents, attorneys, and their personal representatives, successors and assigns (collectively, the "<u>Debtor Releasees</u>"), from any and all liability for any claims (including those for personal liability asserted under California Revenue and Taxation Code § 6829), defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which the Board now has, had, may have had or hereafter may have against any of the Debtor Releasees arising from or related to the period prior to the Petition Date (including, without limitation, the amounts included in the Claim).

5. <u>Board's Release</u>.  Following the Board's receipt of the payment set forth in Paragraph 3 above, and without the need for additional documentation or the entry of any additional orders (except as expressly provided in this Stipulation), the Debtors and their

respective current and former affiliates, subsidiaries, shareholders, employees, officers, directors, agents, attorneys, and their personal representatives, successors and assigns, release and forever discharge the Board and its attorneys, employees, and their successors and assigns from any and all liability for claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which the Debtors now have, had, may have had or hereafter may have arising from or related to the period prior to the Petition Date (including, without limitation, the amounts included in the Refund Claims).

6. <u>Withdrawal of Claims and No Further Claims</u>.

    a. On the Payment Date, the Claim shall be deemed withdrawn with prejudice, and the Board shall be forever barred from filing any further proofs of claim arising from or related to the period prior to the Petition Date against any of the Debtors in the Debtors' chapter 11 cases.

    b. As provided in section 5 above, on the Payment Date, NNI's Refund Claims shall be deemed withdrawn, and NNI shall be forever barred from filing any further refund claims arising from or related to the period prior to the Petition Date against the Board.

7. <u>Binding Effect</u>. This Stipulation and the order of the Bankruptcy Court approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' chapter 11 cases.

8. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications,

understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

9. **No Transfer**.  The Board represents that it has not sold, assigned or otherwise transferred the Claim or any of the claims being released pursuant to this Stipulation to a third party, that it has full power and authority to enter into this Stipulation and that it will not sell, assign or otherwise transfer the Claim prior to the order approving this Stipulation becoming final and non-appealable, and thereafter, only on notice to the Debtors and where the transferee signs a written undertaking in favor of the Debtors agreeing to be bound by this Stipulation.

10. **No Reliance**.  Each Party acknowledges and agrees that it has not relied on any statement or representation of any other Party, person or entity in determining to enter into this Stipulation.

11. **No Admissions**.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in any claim asserted by the Board.

12. **Costs and Expenses**.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

13. **Jurisdiction**.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

14. **Representative Capacity**.  Each person executing this Stipulation in a representative capacity represents and warrants that he or she is empowered to do so.

15. <u>Participation in Drafting</u>.  Each Party represents and warrants that it has participated in the drafting and preparation of this Stipulation and has been represented by sophisticated and experienced counsel in doing so.  In any construction of this Stipulation, the Stipulation shall not be construed for or against any Party, but the same shall be construed fairly according to its plain meaning.

16. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

17. <u>Court Approval</u>.  The Parties hereby agree to the entry of an order by the Bankruptcy Court approving this Stipulation.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the claims resolved by this Stipulation and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the claims resolved by this Stipulation or that they have any liability in connection with such claims.

18. <u>Claims Register</u>.  The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

[*Signature Pages to Follow*]

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: November 19, 2013

| NORTEL NETWORKS INC. | STATE OF CALIFORNIA BOARD OF EQUALIZATION |
|---|---|
| _____ <br> John J. Ray, III <br> Principal Officer | _____ <br> Jeffrey. H. Graybill <br> Tax Counsel IV <br> Litigation Division / Legal Department |

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: November 19, 2013

NORTEL NETWORKS INC.

_____
John J. Ray, III
Principal Officer

STATE OF CALIFORNIA
BOARD OF EQUALIZATION

_____
Jeffrey. H. Graybill
Tax Counsel IV
Litigation Division / Legal Department