IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
Debtors. :
:
: **RE: D.I.s 1056, 10566, 11437, and**
: **12371**
:
------------------------------------------------------------X

### ORDER AMENDING LITIGATION SCHEDULE IN JOINT CROSS-BORDER PROCEEDINGS TO DETERMINE ALLOCATION OF ASSET SALE PROCEEDS AND CERTAIN CLAIMS

Upon the motion (the "Motion"),[2] Nortel Networks, Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "U.S. Debtors"), the Official Committee of Unsecured Creditors (the "Committee"), appointed in the above-captioned cases, the court-appointed monitor (the "Monitor") and authorized foreign representative of Nortel Networks Corporation and certain of its direct and indirect subsidiaries, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International Corporation (the "Canadian Debtors"), the Canadian Debtors, the Canadian Creditors' Committee ("CCC", as defined in the Allocation Protocol), the court-appointed administrators and authorized foreign representatives (collectively, the "Joint

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

Administrators") for Nortel Networks UK Limited ("NNUK") and certain of its affiliates located in Europe, the Middle East and Africa (collectively, the "EMEA Debtors") and Nortel Networks UK Pension Trust (the "Trustee") and the Board of the Pension Protection Fund (the "PPF" and, together with the Trustee, the "U.K. Pension Claimants") (collectively, the "Movants"), for entry of an order, as more fully described in the Motion, to amend the schedule set forth in the Allocation Protocol [D.I. 10565], and Discovery Plan [D.I. 10566] entered by the Court on May 17, 2013, and amended on August 26, 2013 [D.I. 11437]; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, as amended by the oral ruling of the Court at a joint hearing on November 19, 2013 with respect to the dates for a preliminary pre-trial conference, a pre-trial conference and commencement of the Trial, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.    The Motion is **GRANTED**, with amendments to the dates for a preliminary pre-trial conference, a pre-trial conference and commencement of the Trial in accordance with the oral ruling of the Court on November 19, 2013, and the Allocation Protocol, Deposition Protocol, Litigation Timetable, and Discovery Plan are modified as set forth on Schedule A.

2. The *Objection of Ad Hoc Group of Bondholders to Joint Motion of the U.S. Interests, Monitor, Canadian Debtors, CCC, Joint Administrators and U.K. Pension Claimants to Amend Litigation Schedule in Joint Cross-Border Proceedings to Determine Allocation of Asset Sale Proceeds and Certain Claims* [D.I. 12408] filed by the Ad Hoc Group of Bondholders on November 18, 2013 is overruled.

3. All of the dates and provisions set forth in the Allocation Protocol, Deposition Protocol, Litigation Timetable, and Discovery Plan shall remain in full force and effect except to the extent expressly modified by the terms of this Order, and as set forth on Schedule A.

4. The Amendment Terms attached hereto as Schedule A is approved.

5. The parties shall be permitted to adjust interim deadlines in the time table in accordance with the following procedures:

   a. The Movants shall meet and confer to determine whether further adjustments to the time table should be made and may upon unanimous consent (subject to sub-paragraph (c) below), without further Order of the Court(s), propose amendments to the timetable provided that such dates shall not impact the Court ordered commencement date of the Trial;

   b. Any objections by Core Parties to any proposed amendments shall be made within two (2) Business Days of such proposal being made to them in writing; and

   c. All objections shall be resolved through a meet and confer among all of the Movants and the objector(s) within two (2) Business Days, failing which, the objector must seek relief from the Court(s) within two (2) Business Days thereafter (by letter). Absent relief from the court(s), any changes to the time table proposed by the Movants shall be effective.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November 27, 2013
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE