## EXHIBIT A

**Proposed Settlement Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------X
                                                    :
                                                    :      Chapter 11
                                                    :
In re                                               :
                                                    :      Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[23]                   :
                                                    :      Jointly Administered
                          Debtors.                  :
                                                    :
                                                    :      RE: D.I. _____
                                                    :
----------------------------------------------------X
```

## ORDER APPROVING THE US CLAIMS LITIGATION SETTLEMENT AGREEMENT BY AND AMONG THE DEBTORS, THE CREDITORS' COMMITTEE, THE JOINT ADMINISTRATORS, THE EMEA DEBTORS, NORTEL NETWORKS OPTICAL COMPONENTS LIMITED, NORTEL TELECOM FRANCE SA, THE LIQUIDATOR, THE FRENCH LIQUIDATOR, THE UK PENSION PARTIES AND CERTAIN AFFILIATES

Upon the motion dated December 17, 2013 (the "Motion"), of Nortel Networks Inc. and

certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections

105(a), 363(b), 503(b) and 507(a)(2) of the Bankruptcy Code and Bankruptcy Rules 6004(h) and

9019, (i) authorizing the Debtors' and the Committee's entry into and approving the Settlement

Agreement[24] attached to the Motion as Exhibit B, and (ii) granting them such other and further

relief as the Court deems just and proper; and the Court having determined that adequate notice

---

[23]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the U.S. Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[24]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion and/or the Settlement Agreement.

of the Motion has been given as set forth in the Motion; and that no other or further notice is

necessary; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference

from the District Court dated February 29, 2012; and the Court having determined that

consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

Court having determined that the Debtors have demonstrated sound business justifications for

entering into the Settlement Agreement and the legal and factual bases set forth in the Motion

and presented on the record establish just cause for the relief requested in the Motion; and taking

into account the complexity of the claims being settled by the Settlement Agreement and the

costs of resolving such claims by litigation, the Settlement Agreement and the related relief

requested in the Motion is fair, reasonable and in the best interests of the Debtors, their estates,

their creditors and the parties in interest;[25] and upon the record in these proceedings; and after

due deliberation;

       IT IS HEREBY ORDERED THAT:

       1.      The Motion is **GRANTED**.

       2.      The Debtors and the Committee are authorized to enter into the Settlement

Agreement, and the Settlement Agreement is approved in its entirety.

       3.      The Debtors are authorized pursuant to sections 105 and 363 of the Bankruptcy

Code and Bankruptcy Rule 9019, to enter into the Settlement Agreement and to take any and all

actions that may be reasonably necessary or appropriate to perform their obligations arising

under the Settlement Agreement, including without limitation the allowance and payment of the

Allowed Claims as administrative claims pursuant to section 503 of the Bankruptcy Code and

---

[25]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  See Fed. R. Bankr. P. 7052.

entitled to priority under section 507(a)(2) of the Bankruptcy Code, in accordance with the terms of the Settlement Agreement, and to enforce their rights arising under the Settlement Agreement.

4.      The allowance and payment of the Allowed Claims shall be in full and final settlement of all EMEA Claims, French Liquidator Claims and UK Pension Claims. For the avoidance of doubt, and notwithstanding this paragraph, nothing in the Settlement Agreement shall constitute a release, waiver or discharge of any rights created under the Settlement Agreement, any claim of any Party to enforce such rights, or a release of any claims for facts or events occurring or actions taken after the date of the Settlement Agreement. No claims by or against persons other than the Parties to the Settlement Agreement and the persons contemplated in the releases contained therein shall be affected by the Settlement Agreement. Furthermore, nothing in the Settlement Agreement creates any affirmative obligation on the part of the Parties to support any particular legal or valuation theories in respect of the Allocation Dispute, nor shall it prevent any Party from advocating any particular legal or valuation theories in respect of the Allocation Dispute.

5.      Upon the EMEA Payment Date, the US EMEA Filed Claims shall be deemed withdrawn, with prejudice, and the US EMEA Non-Filed Claims shall be deemed waived. Upon the UK Pension Payment Date, the US UK Pension Claims shall be deemed withdrawn with prejudice. Upon the Effective Date, the US French Liquidator Claim shall be deemed withdrawn with prejudice. Upon completion of the payments made in respect of the Allowed Claims, the NNI Claim shall be deemed withdrawn, with prejudice, and the US Non-Filed Claims shall be deemed waived.

6.      Promptly following the Effective Date, the Joint Administrators, on behalf of the EMEA Debtors, shall discontinue the Canadian Motion for Leave.

7.      The failure specifically to describe or include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Settlement Agreement be approved in its entirety.

8.      The Debtors, the Debtors' claim agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to the Settlement Agreement.

9.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2014
          Wilmington, Delaware

                          _____
                          THE HONORABLE KEVIN GROSS
                          CHIEF UNITED STATES BANKRUPTCY JUDGE