# Exhibit A

# MILBANK, TWEED, HADLEY & McCLOY LLP

### INTERNATIONAL SQUARE BUILDING

**NEW YORK**
212-530-5000
FAX: 212-530-5219

**LOS ANGELES**
213-892-4000
FAX: 213-629-5063

**LONDON**
44-20-7615-3000
FAX: 44-20-7615-3100

**FRANKFURT**
49-69-71914-3400
FAX: 49-69-71914-3500

**MUNICH**
49-89-25559-3600
FAX: 49-89-25559-3700

1850 K STREET, NW. SUITE 1100

WASHINGTON, D.C. 20006

—

202-835-7500

FAX: 202-835-7586

ANDREW M. LEBLANC
PARTNER
DIRECT DIAL NUMBER
202-835-7574
FAX: 202-263-7574
E-MAIL: aleblanc@milbank.com

**BEIJING**
8610-5969-2700
FAX: 8610-5969-2707

**HONG KONG**
852-2971-4888
FAX: 852-2840-0792

**SINGAPORE**
65-6428-2400
FAX: 65-6428-2500

**TOKYO**
813-5410-2801
FAX: 813-5410-2891

**SÃO PAULO**
55-11-3927-7700
FAX: 55-11-3927-7777

December 18, 2013

**VIA EMAIL**

Peter Ruby
GOODMANS LLP
Bay Adelaide Centre
333 Bay Street, Suite 3400
Toronto M5H 2S7

Re:  In re Nortel Networks Inc., et al., Case No. 09-10138
Nortel Networks Corporation, et al.: Court File No. 09-CL7950

Dear Peter:

On behalf of the Ad Hoc Group of Bondholders (the "Bondholder Group"), we write in response to your Amended Representative Witness Subjects, served on December 15, 2013, and the request contained therein for a representative deposition of the Bondholder Group (the "Deposition Request").

As we informed you previously, the Bondholder Group agrees with the position of the U.S. Debtors and other Core Parties that representative depositions are inappropriate, unnecessary and would result in a significant waste of time and resources, particularly given that the parties have already taken over 100 fact-witness depositions in this case. Separately, we object to the subjects set forth in the Deposition Request (the "Subjects") on a number of grounds, including that they are unreasonable in number relative to the time limitation for the examination, of an impermissibly broad scope, on topics inappropriate for a representative deposition, and inconsistent with the terms of the Amended Deposition Protocol Stipulation [D.I. 11747]. Enclosed with this letter is a copy of our formal objections to each of the Subjects.

Subject to the foregoing, in the event the courts order the Bondholder Group to respond to the Deposition Request, we would be willing to meet and confer regarding the appropriate subject matter and form of the Bondholder Group's responses. If the Bondholder Group is ultimately required to produce a witness for deposition, we would designate Michael Katzenstein of FTI Consulting as our witness. Mr. Katzenstein is available for deposition on

Peter Ruby
December 18, 2013
Page 2

January 15, 2014 from 9 a.m. to 4 p.m. This designation is with a full reservation of the Bondholder Groups' rights, including our objections to representative depositions generally and the Subjects specifically.

Very truly yours,

*/PP*

Andrew M. Leblanc

cc: all Core Parties

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------- x
                                      :
In re                                 :     Chapter 11
                                      :
Nortel Networks Inc., et al.,         :     Case No. 09-10138 (KG)
                                      :
                     Debtors.         :     (Jointly Administered)
                                      :
                                      :
------------------------------------------------------------- x
```

-   and the   -

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,***
**R.S.C. 1985, C. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF**
**NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,**
**NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS**
**INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY**
**CORPORATION**

**THE AD HOC GROUP OF BONDHOLDERS' OBJECTIONS TO THE**
**REPRESENTATIVE WITNESS SUBJECTS SERVED BY THE CANADIAN**
**ALLOCATION GROUP AND THE CANADIAN CLAIMS DEFENDANT GROUP**

Pursuant to the Order Entering Litigation Timetable and Discovery Plan, Case No.

09-10138-KG [D.I. 10566], Ontario Superior Court of Justice (Commercial List) Court File No.

09-CL-7950 (the "Discovery Order") and the Order Amending Litigation Schedule in Joint

Cross-Border Proceedings to Determine Allocation of Asset Sale Proceeds and Certain Claims

(the "Discovery Amendment" and together with the Discovery Order, the "Amended Discovery

Order") [D.I. 12522], the Deposition Protocol Stipulation (the "Deposition Protocol") [D.I.

11439] and the Amendment to Deposition Protocol Stipulation (the "Protocol Amendment" and

together with the Deposition Protocol, the "Amended Deposition Protocol") [D.I. 11747],[1] the

Ad Hoc Group of Bondholders (the "Bondholder Group"),[2] by and through its undersigned

counsel, hereby responds and objects to the Representative Witness Subjects Served by the

Canadian Allocation Group and the Canadian Claims Defendant Group, dated December 13,

2013, as amended on December 15, 2013 (collectively, the "Subjects").  The Bondholder Group

submits these objections to the Subjects solely on its own behalf.

## GENERAL OBJECTIONS

The Bondholder Group, along with other Core Parties, believes that any

"Representative Witness" or 30(b)(6) depositions are unnecessary in light of the more than 100

fact witness depositions that have taken place to date and would result in a waste of estate

resources.  Accordingly, the Bondholder Group asserts and reserves its rights to argue to the

Courts that any such "Representative Witness" or 30(b)(6) depositions should not proceed.  The

Bondholder Group provides the following General and Specific Objections in accordance with

the Amended Discovery Order subject to, and without waiving, this reservation of rights.

The Bondholder Group responds and objects generally to the Subjects as follows

(the "General Objections"):

1.      The Bondholder Group objects to the Subjects to the extent they seek to impose

obligations on the Bondholder Group that are inconsistent with the requirements of the Amended

Discovery Order, the Amended Deposition Protocol, the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), the Federal Rules of Civil Procedure (the "Civil Rules"), the Ontario

---

[1]      Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Amended
Discovery Order and the Amended Deposition Protocol.

[2]      The Bondholder Group consists of bondholders that hold claims issued or guaranteed by Nortel Networks
Corporation, Nortel Networks Limited, Nortel Networks Inc., and Nortel Networks Capital Corporation.

*Rules of Civil Procedure* (the "Canadian Rules" and collectively with the Bankruptcy Rules and the Civil Rules, the "Rules"), or any other applicable rules, orders or law.

2.      The Bondholder Group objects to the Subjects to the extent they seek information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection.

3.      The Bondholder Group objects to the Subjects to the extent they are vague, ambiguous, overly broad, unduly burdensome, unduly prejudicial, oppressive, misleading, duplicative, cumulative, not susceptible to a reasoned interpretation, not reasonably particular, or would require the Bondholder Group to speculate as to the nature or scope of the information sought thereby.

4.      The Bondholder Group objects to the Subjects to the extent they are not relevant to a claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence relating to the Allocation dispute.

5.      The Bondholder Group objects to the Subjects on the grounds that they appear calculated to annoy and harass the Bondholder Group to the extent they seek information not relevant to the Allocation dispute or outside the Bondholder Group's possession, custody or control or that may be more easily and appropriately obtained from other sources, including without limitation the US Debtors.

6.      The Bondholder Group objects to the Subjects  to the extent they violate section G(1)(a) of the Amended Deposition Protocol ("Section G(1)(a)"), which states, in relevant part, as follows:

> [A] Deposition Group may serve ***a very limited number*** of subjects on which it believes no fact witness currently or formerly associated with the party producing the Representative Witness has provided adequate first hand testimony.  Provided such subjects are

> ***small in number and reasonable in scope***, the Representative
> Witness has a duty to prepare to testify on the designated subjects.

(emphasis added).  Specifically, the Bondholder Group asserts that the Subjects are neither "very limited" in number nor "reasonable in scope" as required by Section G(1)(a).

7.       The Bondholder Group objects to the statement that the Subjects "are not believed to have been fully canvassed with the fact deposition witnesses . . . ."  Each Subject has been sufficiently canvassed through the over 100 fact-witness depositions that have already been taken by the Core Parties.  Any additional testimony is unnecessary and would result in a waste of resources.

8.       The Bondholder Group objects to the Subjects to the extent they assume disputed facts or legal conclusions in defining the information requested.  The Bondholder Group hereby denies any such disputed facts or legal conclusions to the extent assumed by any Subject.  Any response or objection by the Bondholder Group is without prejudice to this objection.

9.       The Bondholder Group objects to the Subjects to the extent they seek information that is not properly obtained in a deposition and may be more appropriately obtained through other means, including, but not limited to, expert witness testimony or written discovery.

10.      All responses to the Subjects are provided subject to the provisions of the Protective Order entered by the United States Bankruptcy Court for the District of Delaware and the Ontario Superior Court of Justice on June 11, 2013, as amended, including but not limited to section 18 thereof, which provides that the inadvertent disclosure of any information in response to the Subjects shall not constitute a waiver of privilege or of any other ground for objection to discovery with respect to such information or the subject matter thereof.

11.     The Bondholder Group reserves the right to amend, revise, correct, supplement or clarify the General and Specific Objections (defined below) based on facts or other information gathered at any time subsequent to the date of these General and Specific Objections.

## SPECIFIC OBJECTIONS

Without waiving or limiting, and subject to the foregoing General Objections, which are hereby expressly incorporated by reference into each objection below, the Bondholder Group objects specifically as follows to the Subjects (the "Specific Objections"):

**Subject No. 1:**

The same subjects as those provided to the US Debtors (the "US Debtors' Subjects").

**US Debtors' Subject No. 1:**

The facts and documents, other than the MRDA, demonstrating the US Debtors' understanding of the phrase "equitable and beneficial ownership" as used in the MRDA and the term "economic ownership" as used in the US Debtors' allocation pleadings.

**Response to US Debtors' Subject No. 1:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) seeks information that is outside the possession, custody or control of the Bondholder Group, including without limitation information regarding the "US Debtors' understanding" of statements made in the US Debtors' allocation pleadings; (ii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources, including without limitation the US Debtors; (iii) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or

any other applicable privilege or protection; and (iv) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 2:**

The facts and documents, other than the MRDA, demonstrating the ownership interests that the US Debtors allegedly had in any of the intellectual property sold in the line of business sales and in the Rockstar transaction.

**Response to US Debtors' Subject No. 2:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) seeks information that is outside the possession, custody or control of the Bondholder Group; (ii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources, including without limitation the US Debtors; (iii) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (iv) violates Section G(1)(a) and principles of proportionality in discovery.

Subject to and without waiving the foregoing General and Specific Objections, the Bondholder Group is willing to meet and confer regarding the scope and form of its response, if any, to US Debtors' Subject No. 2.

**US Debtors' Subject No. 3:**

The factual and documentary basis for and scope of the alleged beneficial/equitable interest in Nortel's intellectual property held by parties other than NNL.

**Response to US Debtors' Subject No. 3:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) seeks information that is outside the

possession, custody or control of the Bondholder Group; (ii) is duplicative, overly broad and

unduly burdensome to the extent that it seeks information that may be more easily and

appropriately obtained from other sources, including without limitation the US Debtors; (iii)

seeks information protected from discovery by the attorney-client privilege, the attorney work

product doctrine, common interest privilege or any other applicable privilege or protection; and

(iv) violates Section G(1)(a) and principles of proportionality in discovery.

        Subject to and without waiving the foregoing General and Specific Objections,

the Bondholder Group is willing to meet and confer regarding the scope and form of its response,

if any, to US Debtors' Subject No. 3.

**US Debtors' Subject No. 4:**

        The factual and documentary basis for and scope of licenses of Nortel's

intellectual property, including any enhanced licences [sic], held by parties other than NNL.

**Response to US Debtors' Subject No. 4:**

        In addition to the foregoing General Objections, the Bondholder Group

specifically objects to this Subject on grounds that it: (i) is vague and ambiguous insofar as it

refers to "licenses of Nortel's intellectual property, including any enhanced licenses" without

greater specificity; (ii) seeks information that is outside the possession, custody or control of the

Bondholder Group; (iii) is duplicative, overly broad and unduly burdensome to the extent that it

seeks information that may be more easily obtained from other sources; (iv) seeks information

protected from discovery by the attorney-client privilege, the attorney work product doctrine,

common interest privilege or any other applicable privilege or protection; and (v) violates

Section G(1)(a) and principles of proportionality in discovery.

7

**US Debtors' Subject No. 5**:

    The past practices of NNL and its subsidiaries concerning the scope of the

licenses to Nortel intellectual property under the Cost-Sharing Agreements and the MRDA.

**Response to US Debtors' Subject No. 5**:

    In addition to the foregoing General Objections, the Bondholder Group

specifically objects to this Subject on grounds that it: (i) is vague and ambiguous insofar as it

refers to "[t]he past practices of NNL and its subsidiaries"; (ii) seeks discovery that is neither

relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery

of admissible evidence relating to the Allocation dispute; (iii) seeks information that is outside

the possession, custody or control of the Bondholder Group; (iv) is duplicative, overly broad and

unduly burdensome to the extent that it seeks information that may be more easily obtained from

other sources; (v) seeks information protected from discovery by the attorney-client privilege,

the attorney work product doctrine, common interest privilege or any other applicable privilege

or protection; and (vi) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 6**:

    The factual and documentary basis, other than the MRDA, demonstrating that the

Licensed MRDA Participants' agreement to have the patents and all other registered forms of

Nortel IP filed in NNL's name and to share the cost of global R&D through transfer pricing

payments was in exchange for enhanced exclusive licenses that constituted effective ownership

of the IP in their respective jurisdictions, including the factual and documentary basis for

demonstrating that this choice was a conscious decision.

**Response to US Debtors' Subject No. 6**:

    In addition to the foregoing General Objections, the Bondholder Group

specifically objects to this Subject on grounds that it: (i) seeks information that is outside the

possession, custody or control of the Bondholder Group; (ii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily obtained from other sources; (iii) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (iv) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 7:**

The factual and documentary basis, other than the MRDA, demonstrating that the Licensed MRDA Participants' agreement to have the patents and all other registered forms of Nortel IP filed in NNL's name and to share the cost of global R&D through transfer pricing payments was in exchange for enhanced exclusive licenses that constituted effective ownership of the IP in their respective jurisdictions, including the factual and documentary basis for demonstrating that this choice was a conscious decision.

**Response to US Debtors' Subject No. 7:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) is duplicative of Subject No. 6; (ii) seeks information that is outside the possession, custody or control of the Bondholder Group; (iii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources; (iv) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (v) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 8:**

The facts and documents demonstrating the reasons why it was decided that NNL would be the registered owner of all of the NN Technology (as that term is defined in the MRDA).

**Response to US Debtors' Subject No. 8:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) seeks information that is outside the possession, custody or control of the Bondholder Group; (ii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources; (iii) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (iv) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 9:**

The facts and documents demonstrating how and to what extent intellectual property was assigned to NNL by NNL's subsidiaries, inventors/authors and others.

**Response to US Debtors' Subject No. 9:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) is vague and ambiguous insofar as it refers to "intellectual property" without greater specificity; (ii) is vague and ambiguous insofar as it refers to "NNL's subsidiaries" without greater specificity; (iii) is vague and ambiguous insofar as it refers to "inventors/authors and others"; (iv) seeks information that is outside the possession, custody or control of the Bondholder Group; (v) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and

appropriately obtained from other sources; (vi) seeks information protected from discovery by

the attorney-client privilege, the attorney work product doctrine, common interest privilege or

any other applicable privilege or protection; and (vii) violates Section G(1)(a) and principles of

proportionality in discovery.

**US Debtors' Subject No. 10:**

       The facts and documents demonstrating Nortel's processes for the identification

and development of products, including as they varied over time before and after January 14,

2009.

**Response to US Debtors' Subject No. 10:**

       In addition to the foregoing General Objections, the Bondholder Group

specifically objects to this Subject on grounds that it: (i) is vague and ambiguous insofar as it

refers to "Nortel's processes for the identification and development of products"; (ii) seeks

discovery that is neither relevant to the claims or defenses of any party nor reasonably calculated

to lead to the discovery of admissible evidence relating to the Allocation dispute; (iii) seeks

information that is outside the possession, custody or control of the Bondholder Group; (iv) is

duplicative, overly broad and unduly burdensome to the extent that it seeks information that may

be more easily and appropriately obtained from other sources; (v) seeks information protected

from discovery by the attorney-client privilege, the attorney work product doctrine, common

interest privilege or any other applicable privilege or protection; and (vi) violates Section G(1)(a)

and principles of proportionality in discovery.

**US Debtors' Subject No. 11:**

       The scope and use of third-party products and components used or embodied in

Nortel products and the marketing of third party Original Equipment Manufacturer products by

Nortel.

**Response to US Debtors' Subject No. 11:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) is vague and ambiguous insofar as it refers to "third-party products and components"; (ii) seeks discovery that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence relating to the Allocation dispute; (iii) seeks information that is outside the possession, custody or control of the Bondholder Group; (iv) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources; (v) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (vi) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 12:**

At the time each of the lines of business were sold and when the Rockstar transaction closed, the value, including the dollar value, of the US Debtors' alleged interest in the Nortel global patent portfolio and the factual bases for those values.

**Response to US Debtors' Subject No. 12:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) seeks information that is more appropriately obtained through expert testimony; (ii) is vague and ambiguous insofar as it refers to "the Nortel global patent portfolio" without greater specificity; (iii) seeks information that is outside the possession, custody or control of the Bondholder Group; (iv) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources, including without limitation the US Debtors; (v)

seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (vi) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 13:**

The facts and documents underlying the contention of the US Debtors that they could have generated value from the intellectual property sold in the Rockstar transaction in the absence of a sale of that intellectual property.

**Response to US Debtors' Subject No. 13:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) is vague and ambiguous; (ii) seeks information that is outside the possession, custody or control of the Bondholder Group, including without limitation information regarding the contentions of the US Debtors in their allocation pleadings; (iii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources, including without limitation the US Debtors; (iv) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (v) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 14:**

The value the US Debtors attribute to intangible assets other than intellectual property sold as part of each of the line of business sales and the Rockstar transaction, including without limitation goodwill and customer relationships, and all factual bases for those values.

**Response to US Debtors' Subject No. 14:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) vague and ambiguous insofar as it refers to "intangible assets other than intellectual property"; (ii) seeks information that is outside the possession, custody or control of the Bondholder Group, including without limitation values attributed by the US Debtors to assets sold in the line of business sales and the Rockstar transaction; (iii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources, including without limitation the US Debtors; (iv) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (v) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 15:**

The value the US Debtors attribute to tangible assets sold as part of each of the line of business sales and the factual bases supporting those values.

**Response to US Debtors' Subject No. 15:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) seeks information that is outside the possession, custody or control of the Bondholder Group, including without limitation values attributed by the US Debtors to assets sold in the line of business sales; (ii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources, including without limitation the US Debtors; (iii) seeks information protected from discovery by the attorney-client privilege, the attorney work

14

product doctrine, common interest privilege or any other applicable privilege or protection; and (iv) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 16:**

The US Debtors' position on what amounts should be allocated to each of the estates in respect of the sales of tangible assets and on what factual basis.

**Response to US Debtors' Subject No. 16:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) seeks information that is outside the possession, custody or control of the Bondholder Group, including without limitation information regarding the positions of the US Debtors; (ii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources, including without limitation the US Debtors; (iii) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (iv) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 17:**

The facts and documents evidencing:  (1) the $7.2 billion NNI contends it paid between 2001 and 2009 for directly funded research and development; (2) the amounts that NNL, NN Ireland, NNUK, and NNSA paid for direct funding of research and development from 2001 and 2009; (3) the amounts that NNI contends were paid by NNL to NN Ireland, NNUK, and NNSA in the form of transfer pricing adjustment payments to fund research and development by Nortel group entities; and (4) the amounts that NNI contends were paid in transfer pricing adjustments under the Nortel transfer pricing model between 2001 and 2009.

**Response to US Debtors' Subject No. 17:**

   In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) seeks information that is outside the possession, custody or control of the Bondholder Group, including without limitation information regarding any contentions made by NNI; (ii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources, including without limitation the US Debtors; (iii) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (iv) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 18:**

   The facts and documents supporting the US Debtors' position that without the backing of NNI's balance sheet the Nortel Group's access to credit markets would not have been possible or would have been greatly reduced.

**Response to US Debtors' Subject No. 18:**

   In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) is vague and ambiguous insofar as it refers to "the Nortel Group's access to credit markets"; (ii) seeks information that is outside the possession, custody or control of the Bondholder Group, including without limitation information regarding the positions of the US Debtors; (iii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources, including without limitation the US Debtors; (iv) seeks information protected from discovery by the attorney-client privilege, the attorney work

product doctrine, common interest privilege or any other applicable privilege or protection; and (v) violates Section G(1)(a) and  principles of proportionality in discovery.

**US Debtors' Subject No. 19:**

        The facts and documents supporting the US Debtors' position that without access to the pre-petition NNI revolving credit facility NNL would not have been able to operate.

**Response to US Debtors' Subject No. 19:**

        In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) is vague and ambiguous insofar as it refers to "the pre-petition NNI revolving credit facility"; (ii) seeks information that is outside the possession, custody or control of the Bondholder Group, including without limitation information regarding the positions of the US Debtors; (iii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources, including without limitation the US Debtors; (iv) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (v) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 20:**

The facts and documents demonstrating the US Debtors' recognition that the best way to maximize value for creditors was to sell the Nortel Group's rights, property and other assets together in each of the line of business sales and the Rockstar transaction instead of turning it into an intellectual property licensing business, including

a.    the facts and documents demonstrating all efforts made to determine the US Debtors' ability, after January 14, 2009, to use a contract manufacturer to manufacture products embodying Nortel intellectual property.

b.    the facts and documents demonstrating all efforts made to determine the feasibility of sublicensing NNI's license rights under the MRDA after January 14, 2009.

c.    the facts and documents demonstrating all efforts undertaken by the US Debtors to determine the feasibility of forming a new reorganized company or corporate group to enforce the Nortel patents.

**Response to US Debtors' Subject No. 20:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) seeks information that is outside the possession, custody or control of the Bondholder Group, including without limitation information regarding the "US Debtors' recognition" of the best way to maximize value for creditors; (ii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources, including without limitation the US Debtors; (iii) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any

other applicable privilege or protection; and (iv) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 21:**

        The facts and documents demonstrating which Nortel entity paid for the prosecution and maintenance of the patents in Nortel's global patent portfolio, including but not limited to patents registered in the United States.

**Response to US Debtors' Subject No. 21:**

        In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) is vague and ambiguous with respect to the meaning of the word "paid"; (ii) is vague and ambiguous insofar as it refers to "the Nortel global patent portfolio" without greater specificity; (iii) seeks discovery that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence relating to the Allocation dispute; (iv) seeks information that is outside the possession, custody or control of the Bondholder Group; (v) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources; (vi) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (vii) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 22:**

        The facts and documents demonstrating when and under what circumstances the US Debtors came to the understanding that at the time of the Rockstar transaction the value of the US Debtors' rights with respect to Nortel's intellectual property had changed.

**Response to US Debtors' Subject No. 22:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) is vague and ambiguous; (ii) seeks discovery that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence relating to the Allocation dispute; (iii) seeks information that is outside the possession, custody or control of the Bondholder Group, including without limitation information regarding the understanding of the US Debtors; (iv) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources, including without limitation the US Debtors; (v) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (vi) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 23:**

The facts and documents related to the US Debtors [sic] understanding that the sale processes put in place to dispose of the Nortel Group's assets would not succeed if a selling party could hold up a sale pending agreement on the allocation of sale proceeds.

**Response to US Debtors' Subject No. 23:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) is vague and ambiguous; (ii) seeks information that is outside the possession, custody or control of the Bondholder Group, including without limitation information regarding the understanding of the US Debtors; (iii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources, including without limitation the US Debtors; (iv) seeks information protected from discovery by the attorney-client privilege, the

attorney work product doctrine, common interest privilege or any other applicable privilege or

protection; and (v) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 24:**

      The facts and documents upon which the US Debtors rely upon to assert that the

Monitor and Canadian Debtors are estopped or should not otherwise be permitted to assert

entitlement to all of the proceeds of the Rockstar transaction.

**Response to US Debtors' Subject No. 24:**

      In addition to the foregoing General Objections, the Bondholder Group

specifically objects to this Subject on grounds that it: (i) seeks information that is outside the

possession, custody or control of the Bondholder Group, including without limitation

information regarding the assertions of the US Debtors; (ii) is duplicative, overly broad and

unduly burdensome to the extent that it seeks information that may be more easily and

appropriately obtained from other sources, including without limitation the US Debtors; (iii)

seeks information protected from discovery by the attorney-client privilege, the attorney work

product doctrine, common interest privilege or any other applicable privilege or protection; and

(iv) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 25:**

      The facts and documents demonstrating the estimated gross and net assets of the

Estate available for distribution to creditors, without recourse to the allocation proceeds, and the

best estimate of valid claims (by creditor category) against the Estate, excluding inter-company

claims.

**Response to US Debtors' Subject No. 25:**

      In addition to the foregoing General Objections, the Bondholder Group

specifically objects to this Subject on grounds that it: (i) seeks information that is outside the

possession, custody or control of the Bondholder Group; (ii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources, including without limitation the US Debtors; (iii) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (iv) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 26:**

The facts and documents demonstrating Funds and other financial accommodations, including, without limitation, lines of credit and guarantees, received by the Estate from NNL/NNC from January 1, 2000 to present and how such receipts were characterized and booked by the Estate.

**Response to US Debtors' Subject No. 26:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) is vague and ambiguous because it uses the term "Funds," which has not been defined; (ii) seeks information that is outside the possession, custody or control of the Bondholder Group; (iii) is duplicative, overly broad and unduly burdensome to the extent that it seeks information that may be more easily and appropriately obtained from other sources; (iii) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (iv) violates Section G(1)(a) and principles of proportionality in discovery.

**US Debtors' Subject No. 27:**

The facts and documents that relate to any other topics designated by any other parties for this witness.

**Response to US Debtors' Subject No. 27:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) is vague and ambiguous; and (ii) is overly broad, unduly burdensome, unduly prejudicial, and violates Section G(1)(a) and principles of proportionality in discovery.

Subject to and without waiving the foregoing General and Specific Objections, the Bondholder Group fully reserves its rights to incorporate herein any objections to any topics or subjects designated by any other party for any witness of the Bondholder Group.

**Subject No. 2:**

The terms of the Nortel Bonds, including the guarantees of the Bonds and the enforceability of such guarantees.

**Response to Subject No. 2:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) is vague and ambiguous because it uses the terms "Nortel Bonds" and "Bonds," which have not been defined; (ii) seeks discovery that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence relating to the Allocation dispute; (iii) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; (iv) violates Section G(1)(a) and principles of proportionality in discovery; (v) seeks discovery that calls for a legal conclusion; and (vi) seeks discovery that is duplicative of the information contained in the bonds issued by Nortel and any guarantees thereof.

**Subject No. 3**:

The expectations of the Bondholder Group with respect to any guarantees to proceeds from the line of business sales and Rockstar transaction, and to the Nortel assets available to satisfy creditors, and the Bondholder Group's expectations of priority relative to other creditors in each of the US and Canadian Estates.

**Response to Subject No. 3**:

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) lacks foundation and assumes facts not in evidence; (ii) seeks discovery that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence relating to the Allocation dispute; (iii) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; and (iv) violates Section G(1)(a) and principles of proportionality in discovery.

Subject to and without waiving the foregoing General and Specific Objections, the Bondholder Group is willing to meet and confer regarding the scope and form of its response, if any, to Subject No. 3.

**Subject No. 4**:

The Claims asserted by the Ad Hoc Group of Bondholders in In re Nortel Networks Inc. et al, case No. 09-10138 (KG) (jointly administered), including but not limited to the subjects addressed in any Bankruptcy Rule 2019 Statements regarding membership of the Bondholder Group and member holdings of the bonds, and the current facts respecting such subjects as of the deposition of the Bondholder Group representative witness.

**Response to Subject No. 4:**

In addition to the foregoing General Objections, the Bondholder Group specifically objects to this Subject on grounds that it: (i) is vague and ambiguous insofar as it refers to "the current facts respecting such subjects"; (ii) seeks discovery that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence relating to the Allocation dispute; (iii) seeks information protected from discovery by the attorney-client privilege, the attorney work product doctrine, common interest privilege or any other applicable privilege or protection; (iv) violates Section G(1)(a) and principles of proportionality in discovery; and (v) seeks discovery that is duplicative of the Bondholder Group's Bankruptcy Rule 2019 Statements.

Dated:  December 18, 2013

**MILBANK, TWEED, HADLEY & McCLOY LLP**

/s/ Andrew M. Leblanc
Dennis F. Dunne
Albert A. Pisa
Andrew M. Leblanc
Atara Miller
1 Chase Manhattan Plaza
New York, New York 10005-1413
Telephone:  (212) 530-5000

Thomas R. Kreller
601 S. Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4463

 -and-

**BENNETT JONES LLP**
Richard B. Swan
Gavin H. Finlayson
3400 One First Canadian Place, P.O. Box 130
Toronto, Ontario, M5X 1A4
Telephone:  (416) 777-5762

***Attorneys for the Ad Hoc Group of Bondholders***