This is Exhibit "H" referred to in the affidavit of Fara Tabatabai sworn before me, this 2nd day of January, 20 14.

_____
A COMMISSIONER FOR TAKING AFFIDAVITS

DAVID BRADLEY SHANIES
NOTARY PUBLIC, State of New York
No. 02SH6160748
Qualified in Kings County
Commission Expires Feb. 12, 2015

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

Writer's Direct Dial: +1 212 225 2025
E-Mail: mdecker@cgsh.com

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
DONALD A. STERN
CRAIG B. BROD
SHELDON H. ALSTER
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
JOHN PALENBERG
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
FILIP MOERMAN

PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN

ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
JONATHAN S. KOLODNER
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
RESIDENT COUNSEL

December 13, 2013

<u>VIA EMAIL TO THE CORE PARTIES SERVICE LIST</u>

Re: In re Nortel Networks Inc., et al., Case No. 09-10138
<u>Nortel Networks Corporation. et al.: Court File No 09-CL-7950</u>

To all Core Parties:

      Pursuant to the Deposition Protocol, we write on behalf of the U.S. Deposition Group to notify each Core Party as to specific topics on which the U.S. Debtors will conduct representative examinations of each Core Party listed below, to the extent such depositions occur. In accordance with Section G(1)(c) of the Deposition Protocol, the U.S. Deposition Group is not limited in their examinations to the topics listed herein, but barring objection, the designated representatives have an obligation to be prepared to testify on the specified topics.

      As we have conveyed, it is our position that representative depositions are unnecessary, inappropriate and a waste of resources in light of the extensive discovery to date. While we identify topics to avoid any claim of waiver, this letter is served with an express reservation of all rights, including our right to seek judicial relief to modify the existing Deposition Protocol to eliminate representative depositions.

      Subject to the foregoing reservation of rights, the U.S. Interests hereby designate the following topics:

CLEARY GOTTLIEB STEEN & HAMILTON LLP OR AN AFFILIATED ENTITY HAS AN OFFICE IN EACH OF THE CITIES LISTED ABOVE.

[NEWYORK 2830407_5]

### Topics for Canadian Debtors Representative

1) Statements made by Nortel Networks Limited ("NNL") or any affiliated entity or any employee, advisor or representative thereof (including, but not limited to, the Monitor, E&Y U.S. and E&Y Canada, Horst Frisch and Oslers) to any third party regarding the Master Research and Development Agreement ("MRDA"), transfer pricing, ownership (including with respect to economic, beneficial and/or legal ownership) of intellectual property or intellectual property license rights of any MRDA participant, including but not limited to, government authorities, including tax authorities, debt-rating agencies, underwriters, or any entity evaluating the credit-worthiness of NNL, and pre-petition and post-petition potential asset purchasers.

2) Third-party licensing by any Nortel entity of its intellectual property, including with respect to which Nortel entity had the right to and did engage in such licensing activity and which Nortel entity recognized revenue on royalty payments.

3) The practice of prosecuting or defending patents in litigation, including decisions with respect to which Nortel entities should participate and/or bear financial risk with respect to the litigation.

4) Internal valuations of Nortel intellectual property by estate, by business line in whole or in part and the methods used in such valuations, whether conducted by third parties or by Nortel personnel.

### Topics for CCC Representative

1) The identity of constituent creditor groups of the CCC, the financial condition of each, including specifically but not limited to recent financial audits and reports and the legal relationship between any Nortel entity to each such creditor group.

2) Any alleged confusion by creditors of a Nortel entity as to which Nortel entity was the debtor.

3) The justification for listing in response to Interrogatory Number 42 each transaction, arrangement and event identified therein and how each such transaction, arrangement and event supports the CCC's Allocation Position.

4) Subjects identified in interrogatories for which the CCC responded that an answer could not be provided because the parties were in the "early stage in the discovery process."

[NEWYORK 2830407_5]

### Topics for Wilmington Trust Representative

1) The terms of the Indenture dated November 30, 1988 between NNL and the Bank of New York Mellon ("Indenture") and the expected financial result to note holders under different allocation scenarios.

2) Any alleged confusion by creditors of a Nortel entity as to which Nortel entity was the debtor.

3) The understanding of Wilmington Trust or its predecessors regarding liability of any Nortel entity under the Indenture beyond the terms of the Indenture and any communications regarding same.

In addition, all party representatives should be prepared to address any topic, as applicable to that party, designated by that party to representatives of any of the U.S. Interests.

We look forward to continuing to discuss the scope and necessity of these examinations, including the possibility of foregoing live examinations in favor of an efficient written exchange with any of the core parties above.

Best regards,

/ Marla A. Decker /

Marla A. Decker

[NEWYORK 2830407_5]