```
                   IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF DELAWARE


IN RE:                          )    Case No. 09-10138(KG)
                                )    (Jointly Administered)
NORTEL NETWORKS, INC.,          )
       et al.,                  )    Chapter 11

                                )    Courtroom 3
                                )    824 Market Street
              Debtors.          )    Wilmington, Delaware
                                )
                                )    January 8, 2014
                                )    3:00 p.m.


                     TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JUDGE KEVIN GROSS
                   UNITED STATES BANKRUPTCY JUDGE


TELEPHONEIC APPEARANCES:
For Debtors:              Morris Nichols Arsht & Tunnell, LLP
                          BY: DEREK ABBOTT, ESQ.
                          (302) 351-9357
                          BY: ANN CORDO, ESQ.
                          (302) 351-9459
                          BY: TAMARA MINOTT, ESQ.
                          (302) 351-9377

                          Cleary Gottlieb Steen & Hamilton
                          BY: JEFF ROSENTHAL, ESQ.
                          (212) 225-2000
                          BY: LISA M. SCHWEITZER, ESQ.
                          (212) 225-2629
                          BY: HOWARD ZELBO, ESQ.
                          (202) 974-1546
                          BY: JAMES BROMLEY, ESQ.
                          (212) 225-2264
                          BY: MARLA A. DECKER, ESQ.
                          (212) 225-2025


ECRO:                     GINGER MACE

Transcription Service:    DIAZ DATA SERVICES, LLC
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
TELEPHONIC APPEARANCES:
(Continued)

For Official Creditors'
Committee:                    Akin Gump Strauss Hauer & Feld
                              BY: DAVID BOTTER, ESQ.
                              (212) 872-1055
                              BY: ABID QURESHI, ESQ.
                              (212) 872-1000
                              BY: FRED HODARA, ESQ.
                              (212)872-8040

                              Richards Layton & Finger, P.A.
                              BY: MARK D. COLLINS, ESQ.
                              (302) 651-7531

For Debtor, Nortel
Networks:                     Torys, LLP
                              BY: SHEILA BLOCK, ESQ.
                              (416) 865-7319
                              BY: SCOTT BOMHOF, ESQ.
                              (416) 865-7370
                              BY: ADAM SLAVENS, ESQ.
                              (416) 865-7333

For Debtor, Canadian
Debtor:                       Gowlings Lafleur & Henderson, LLP
                              BY: JENNIFER STAM, ESQ.
                              (416) 862-5697
                              BY: DERRICK TAY, ESQ.
                              (416) 369-7330

For Canadian Monitor
(E&Y)
For Canadian Estates:         Allen & Overy
                              BY: JOSEPH BADTKE-BERKOW, ESQ.
                              BY: KENNETH COLEMAN, ESQ.
                              (212) 610-6300

                              Buchannan Ingersoll & Rooney, P.C.
                              BY: KATHLEEN MURPHY, ESQ.
                              (302) 552-4214
                              BY: MARY CALOWAY, ESQ.
                              (302) 552-4209

                              Goodmans, LLP
                              BY: CHRIS ARMSTRONG, ESQ.
                              (416) 597-4194
                              BY: JESSICA KIMMEL, ESQ.
                              (416) 597-4219
                              BY: JUSTICE MORAWETZ
                              (416) 849-6013
```

```
TELEPHONIC APPEARANCES:
(Continued)

For Ad Hoc Bondholder
Group:                      Milbank Tweed Hadley & McCloy
                            BY: ANDREW LEBLANC, ESQ.
                            (212) 530-5000
                            BY: THOMAS MATZ, ESQ.
                            (212) 530-5885

                            Pachulski Stang Ziehl & Jones
                            BY: PETER J. KEANE, ESQ.
                            (302) 776-6401

For Law Debenture:          Morris James LLP
                            BY: STEPHEN M. MILLER, ESQ.
                            (302) 888-6853

For U.K. Pension
Claimants:                  Willkie Farr & Gallagher, LLP
                            BY: BRIAN E. O'CONNOR, ESQ.
                            (212) 728-8000

                            Bayard, PA
                            BY: JUSTIN ALBERTO, ESQ.
                            (302) 429-4226

For Canadian Creditors'
Committee:                  DLA Piper, LLP, U.S.
                            BY: SELINDA A. MELNIK, ESQ.
                            (302) 468-5650

For Wilmington Trust:       Katten Muchin Rosenman, LLP
                            BY: DAVID CRICHLOW, ESQ.
                            (212) 940-8941
                            BY: KAREN B. DINE, ESQ.
                            (212) 940-8772

For Nortel Networks
U.K. Pension Trust:         Hogan Lovells U.S., LLP
                            BY: ANGELA DIMSDALE-GILL, ESQ.
                            (212) 728-3135

                            Thornton Grout Finnigan, LLP
                            BY: D.J. MILLER, ESQ.
                            (416) 304-0559
```

```
TELEPHONIC APPEARANCES:
(Continued)

For Law Debenture
Trust Company of NY:       Patterson Belknap Webb & Tyler
                           BY: BRIAN GUINEY, ESQ.
                           (212) 336-2305
                           BY: DANIEL A. LOWENTHAL
                           (212) 336-2720

For Nortel Directors
And Officers:              Osler, LLP
                           BY: LYNDON BARNES, ESQ.
                           (416) 862-6679
                           BY: ALEX COBB, ESQ.
                           (416) 862-5964
                           BY: BETSY PUTNAM, ESQ.
                           (416) 862-6835

For Former Employees
of Nortel (Canada):        Koskie Minsky, LLP
                           BY: BARBARA WALANCIK, ESQ.
                           BY: MARK ZIGLER, ESQ.
                           (416) 542-6288

For Interested Party:      Dentons Canada, LLP
                           BY: MICHAEL J. WUNDER, ESQ.
                           (416) 863-4715

For Interested Party
Jefferies & Company:       Stone Lion Capital Partners
                           BY: JUSTIN BRASS, ESQ.
                           (212) 843-1242
```

1

1    WILMINGTON, DELAWARE, WEDNESDAY, JANUARY 8, 2014, 3:00 P.M.

2            THE COURT:  Good afternoon, Counsel.  Let me just

3    ask if Justice Morawetz is on the phone.  Not yet?  Okay.

4    We'll wait for Justice Morawetz, of course.  Justice

5    Morawetz, good afternoon.  It's Judge Gross on the phone.

6            JUSTICE MORAWETZ:  Good afternoon, Judge Gross.  I

7    hear you loud and clear.  I hope that the same is true at your

8    end.

9            THE COURT:  Yes it is.

10           JUSTICE MORAWETZ:  Can we proceed at this stage or

11   do we have to wait a few minutes for others to call in?

12           THE COURT:  No, I think all of the parties are on

13   the line now.

14           JUSTICE MORAWETZ:  All right.  Counsel, I've had

15   the opportunity to confer on procedural issues with Judge

16   Gross and it's been determined that I will provide the

17   Endorsements from the Canadian Court first, following which

18   Judge Gross will provide his rulings on the U.S. Bankruptcy

19   Court for the District of Delaware.  So the following is my

20   Endorsement.

21           This hearing was conducted on January 7th, 2014, by

22   way of video conference with a parallel Motion being heard in

23   the United States Bankruptcy Court with His Honor, Judge

24   Gross, presiding over the hearing in the U.S. Court.  This

25   joint hearing was conducted in accordance with the provisions

1    of the cross border protocol which has previously been

2    approved by both the U.S. Court and by this Court.

3            The U.S. Debtors moved to amend the Amended

4    Litigation Timetable to dispense with depositions of

5    representatives of the core parties.  Their position is

6    supported by the Joint Administrators of the EMEA Debtors; the

7    Nortel Networks U.K. Pension Trust, Limited, and Board of

8    Pension Protection Funds, which I've defined at UKPC; the

9    Official Committee of Unsecured Creditors; and the Nortel

10   Noteholders Group.

11           The Canadian Debtors and Monitor, defined as the

12   Canadian Parties, oppose the Motion and seek an Order

13   adjusting the timing of the Amended Litigation Timetable.

14   They are supported by the Nortel Directors and Officers.  The

15   Canadian Creditor's Committee also opposes the Motions, and

16   additionally, seeks an Order requiring the Bondholders to put

17   forward a representative witness.

18           For the reasons that follow, the Motion of U.S.

19   Debtors is dismissed.  The Order requiring the Bondholders to

20   put forward a representative witness is granted.  The Amended

21   Litigation Timetable will be modified accordingly.

22           The background.  Representative depositions are

23   provided for in the deposition protocol Stipulations defined

24   in the Stipulations.  The Stipulation was approved by Patillo,

25   J., on August 27th, 2013, at paragraph 2, page 55, of the

1    Responding Motion Record of the Monitor.   The preamble of the

2    Stipulation states that the parties have agreed to the

3    Protocol.   Paragraph G[1] of the Stipulation provides:

4    "Notwithstanding anything in the Discovery Protocol and

5    Litigation Timetable to the contrary, representative party

6    depositions/examinations for discovery under Rule 31 of the

7    Rules of Civil Procedure for Ontario ... shall be conducted as

8    follows:   [a] A deposition group may serve a very limited

9    number of subjects on which it believes no fact witness

10   currently or formerly associated with the party producing the

11   representative witness has provided adequate first-hand

12   testimony.   Provided such subjects are small in number and

13   reasonable in scope, the representative witness has a duty to

14   prepare to testify on the designated subject.   In the event a

15   party designates an unreasonable number of subjects relative

16   to the time limitations for the examination, subjects of an

17   impermissible broad scope or subjects inappropriate for a

18   representative deposition, Objections shall be served within

19   three business days.   The applicable parties shall meet and

20   confer in good faith within two business days thereafter, and

21   failing agreement, the burden shall be on the noticing party

22   to obtain judicial relief at least two business days ... prior

23   to the representative's depositions".

24          The next heading is entitled U.S. Debtors'

25   Argument.   The U.S. Debtors and supporting parties advance

1  two related arguments for removing representative

2  depositions.  First, representative depositions are

3  unnecessary and would be burdensome.  Second, the Monitor

4  and Canadian Debtors intend to use the representative

5  depositions to obtain inappropriate discovery or attorney

6  work product.

7          The U.S. Debtors submit that representative

8  depositions were intended to allow a party to clean up or

9  fill gaps that might remain after the fact depositions.

10  They point to the text of the Stipulation which discusses

11  serving a very limited number of subjects on which it

12  believes no fact witness currently or formerly associated

13  with the party producing the representative witness has

14  provided adequate first-hand testimony.  They also rely on

15  Affidavit evidence of the U.S. Debtors' lead Counsel, Mr.

16  Rosenthal, who was involved in negotiating the Discovery

17  Protocol.  He asserts that the sole purpose of

18  representative depositions was to fill gaps remaining after

19  fact depositions.

20          The U.S. Debtors and supporting parties also

21  argue that the additional discovery purposes underlying Rule

22  31 are not applicable to the present case because it is a

23  form of hybrid procedure adopted by the parties rather than

24  a Rule 31 discovery.  Rather, they assert the dispute should

25  be governed by the purposes of the agreed Stipulation.

1          The U.S. Debtors also submit that because of the

2    extent of the fact depositions that have occurred to date,

3    there are no gaps to be filled.  As a result, representative

4    depositions would not serve the purpose for which they were

5    proposed and are unnecessary.  They cite over 100 fact

6    depositions that have occurred to date.  This fact discovery

7    is said to exceed the examinations that typically occur in

8    Canadian litigation.  They also note that about 99 percent of

9    all former Nortel employees, Officers or Directors, and

10    Pension Trustees that the core parties sought to dispose

11    ultimately testified.  This statistic is significant because

12    it is argued representative depositions were agreed to

13    because of the prospect that a much lower percentage of

14    parties sought would actually testify.  Thus, it would only

15    be necessary to supplement the facts through representative

16    depositions if there were a lower percentage of people

17    testifying.

18          The U.S. Debtors also argue that the Canadian

19    Debtors have not pointed to a single example of a gap which

20    must be filled through representative discovery.  The U.S.

21    Debtors [indiscernible] that, in addition to gap-filling, the

22    purpose of discovery under the Ontario Rules includes

23    avoiding surprises at trial.  However, they submit that there

24    are other contemplated procedures under the Litigation

25    Timetable and related Protocols that would prevent surprise.

1   These procedures include the identification of potential

2   trial witnesses at the outset prior to depositions, and

3   exchange of expert reports and depositions, pre-filing fact

4   Affidavits, and the designation of exhibits and deposition

5   testimony to be used at trial.

6          Finally, the U.S. Debtors stressed the importance

7   of proportionality.  They argue that representative

8   depositions would be unduly burdensome.  The U.S. Debtors

9   cite the anticipated high cost of representative depositions

10  in light of their minimal benefits, which are discussed

11  above.

12          The U.S. Debtors also cite an earlier ruling in

13  this case reported at *2013 ONSD 5998,* which refused a request

14  under 30.10 of the Rules of Civil Procedure for production of

15  records by a non-party on the basis that they were already

16  substantially produced.  They emphasize the principle of

17  proportionality entrenched in Rule 29.2 of the Ontario Rules

18  with reference to the relevant case law.  Because all the

19  fact evidence is available from another source, the

20  representative depositions would be wasteful.

21          The next section is the arguments that the

22  Canadian parties seek inappropriate discovery.  In a related

23  argument, the U.S. Debtors argue that Canadian parties seek

24  inappropriate discovery through the representative deposition

25  process.  The relation of this point to the first part of the

1  argument seems to be that the Canadian parties should not be

2  able to argue for the necessity of representative depositions

3  on the basis that it provides information which cannot be

4  properly sought.

5          The U.S. Debtors note that the Canadian parties

6  initially suggested 27 topics for oral questioning, but have

7  reduced that number to five topics which might be addressed

8  in writing.  The U.S. Debtors argue the proposed discovery is

9  inappropriate, because in addition to being overbroad and

10 extending beyond the purpose of filling gaps to the facts,

11 they seek to obtain the other parties' positions of which

12 documents and testimony supports their position.  This

13 requires the parties being deposed to sift through the

14 evidence, link the facts to the legal position at trial.  It

15 is argued this is an attempt to obtain the litigation work

16 product of U.S. Debtors.  U.S. Debtors support this position

17 as referenced to the *Livent* case, reported at 2012 ONSC 7007.

18 They also submit that depositions concerning the parties'

19 legal positions subvert the Litigation Timetable, which was

20 designed to allow parties to wait until shortly before trial

21 to disclose that information.

22         Finally, the U.S. Debtors point to an apparent

23 hypocrisy on the part of the Canadian parties insofar as they

24 have rejected topics for their own witnesses similar to the

25 ones they propose for others' representatives.

1          Next, is the position of the UCC and Noteholders.

2    As previously indicated, a number of other parties support

3    the positions of the U.S. Debtors.  I briefly note that the

4    Official Committee of Unsecured Creditors of Nortel and the

5    Nortel Noteholder's Group argue that even if representative

6    depositions are to be taken from some of the core parties,

7    they should be exempt.  I address the Noteholder's position

8    in more detail below.

9          The UCC claims this distinct position arises

10   because certain subjects for depositions noted that the UCC

11   by the Monitor and the Canadian Debtors relate to events that

12   pre-date the UCC's formation.

13         The next section is arguments of the Canadian

14   parties.  The Canadian parties emphasize five reasons for

15   dismissing the Motion.  First, the parties agreed to, and

16   always contemplated, representative discovery.  It's part of

17   the Stipulation that was agreed to.  Until recently, the

18   parties all proceeded under the impression that

19   representative discovery would take place.  The U.S. Debtors

20   spoke to the inclusion of representative depositions in their

21   November 14, 2013, Motion materials and sought an extension

22   of time partly on the basis of representative witness

23   depositions.

24         Second, representative discovery under Rule 31 is

25   "legally and factually distinct" from fact depositions.  It

1    is not redundant.   In particular, a representative witness

2    binds a party while a fact witness does not.   Mr. Barnes, on

3    behalf of the Directors and Officers, made the submission

4    that representative depositions are necessary to ascertain

5    which specific Directors and Officers are targeted by the

6    claim against them.   The Monitor and Canadian Debtors also

7    emphasize the purposes of discovery under the Ontario Rules.

8    They are broader than the gap-filling purpose suggested by

9    the U.S. Debtors and also include the disclosure of a legal

10   theory by the opposing party.

11            Third, parties have relied on representative

12   depositions and will be prejudiced if they are eliminated.

13   The parties have proceeded with their fact depositions on the

14   basis that representative depositions will follow.   As an

15   example, Mr. Rosenberg, on behalf of the Canadian Creditor's

16   Committee, referenced an August 1, 2013, email from

17   Bondholder's Counsel to Mr. Ruby, Counsel for the Monitor,

18   which stated, "We object to the inclusion of members of the

19   Ad Hoc Bondholder Group in your list of proposed deponents.

20   The five individuals you identified have no material

21   knowledge relevant to this litigation.   Their depositions

22   would waste the valuable time and resources of all parties.

23   Any information that the Ad Hoc Bondholder Group has that may

24   be relevant to this litigation can be obtained through the

25   deposition of a corporate representative which you have

1   noticed and which notice we will respond and object to in due

2   course."

3          Fourth, the Canadian parties suggest that the

4   costs of representative discovery are overstated.  The

5   disclosure of the positions of the parties or recommended

6   depositions would actually streamline the trial, the subjects

7   could be reduced, and answers could be given in writing.

8          Finally, a number of the Canadian parties contend

9   that the U.S. Debtors' challenges to the supposedly improper

10  information sought were contemplated by the Stipulation which

11  provide a process for the resolution of such disputes.  These

12  challenges to the subject matter of the depositions do not

13  affect whether representative depositions are to occur at

14  all.

15         Next section is the analysis.  It seems to me that

16  the U.S. Debtors' Motion seeks to change the Agreement

17  towards the end of the discovery process after much of the

18  discovery has been completed.  The moving party has not

19  satisfied me that the Rule should be changed linked into the

20  discovery process.  The starting point is that the parties

21  agreed to have representative depositions.  The Court

22  approved it.  This occurred at the outset of the discovery

23  process.

24         The next point is that the parties have

25  contemplated representative depositions as they have

1   conducted their voluminous fact depositions to date.  In

2   addition to contemplating the depositions, there is some

3   evidence parties relied upon the prospect of representative

4   depositions in conducting discovery to date.  The August 1,

5   2013, email from the Bondholders to the Canadian Monitor

6   cited above invites this type of reliance.  Although this

7   email was not sent by the U.S. Debtors, it was sent to the

8   entire email service list and it makes it extremely difficult

9   for me to conclude that no other parties relied upon the

10  representative depositions as well.  If there was reliance,

11  then the relying parties may be prejudiced if the Rules are

12  changed at this late stage.  The U.S. Debtors seem to suggest

13  that any prejudice is minimal or non-existent given that no

14  new information could be, properly in accordance with the

15  Stipulation, obtained through representative discovery.  If

16  this is true, then contemplation of or reliance upon

17  representative discovery could not be prejudicial because no

18  more information could be obtained.  I also accept the

19  submissions of the Canadian parties that representative

20  depositions are different in kind from fact depositions.  One

21  important difference between the two is that representative

22  depositions bind the parties whose representative is being

23  deposed.  The importance of this difference was highlighted

24  through the submissions of Mr. Barnes, on behalf of the

25  Directors and Officers.  Mr. Barnes seeks to use

1  representative discoveries to ascertain which of the

2  Directors and Officers are targeted by certain employees.

3  This is something he submits he is unable to ascertain

4  through fact discoveries which do not disclose binding

5  positions of the parties.  The Canadian Creditor's Committee,

6  at page eight of the Factum also point to an instance during

7  the deposition of Mr. John Ray, Principal Officer of the U.S.

8  Debtors, where the fact witness was asked questions about his

9  parties' legal theories or positions, and then Counsel

10  objected on the basis that he was a fact witness rather than

11  a representative witness.

12        In another instance detailed at page nine of the

13  Canadian Creditor's Committee Factum, Counsel for the U.S.

14  Debtors, Mr. Rosenthal, was deposing Mr. Murray McDonald and

15  asking him questions concerning the Monitor's position.

16  Counsel for the Monitor objected on the basis that the

17  witness was a fact witness.  Mr. McDonald replied that he

18  "accepted the correction".

19        I am unable to conclude that the Stipulation does

20  not allow for questions concerning the positions of parties

21  at representative depositions.  Paragraph G[1][a] notes, "A

22  deposition group may serve a very limited number of subjects

23  on which it believes no fact witness currently or formerly

24  associated with the party producing the representative

25  witness has provided adequate first-hand testimony."  It is

1    arguable that such subjects may include positions and

2    theories about which fact witnesses cannot testify.  Ms.

3    Kimmel suggests that this must be read in conjunction with

4    paragraph G[1][c] which provides that discovery participants

5    shall not be limited in their examination of the

6    representative witness to the notice subjects.  However, the

7    representative witness shall have no duty to prepare for such

8    examination.  Ms. Block responds that this must be read in

9    conjunction with the ensuing paragraph G[1][g] which states

10   that "Any undertakings required in accordance with Rule 31

11   ... shall be limited to specific matters of fact outside the

12   representative witness's knowledge, information, and belief

13   that are not already the subject of first-hand deposition

14   testimony gained from a knowledgeable fact witness."

15          Hereto, however, it is at least arguable that the

16   position a party is taking on a matter is a "specific matter

17   of fact."  The legal position itself is not a fact, but the

18   information that a particular party who is asserting that

19   position is arguably a fact.  I am, thus, unable to conclude

20   that such questions are excluded by the Stipulation.

21          Finally, the U.S. Debtors cite the Master's

22   Decision in *Livent [Special Receiver] v. Deloitte & Touche,*

23   2012 ONSC 7007, for the propositions that under Ontario

24   Discovery Rules, it is inappropriate to require a party to

25   identify portions of the evidence it disputes or to flag what

1  it regards as the weaknesses or problems with their

2  opponent's case.  The Canadian parties suggest the case is

3  distinguishable.  However, it is not necessary for me to

4  engage in that debate.  Other Ontario cases suggest that

5  parties may ask questions pertaining to the evidence and

6  legal theory of an opposing parties' case.  For example, in

7  *Ontario and Rothman's Inc.*, 2011 ONSC 2504, at paragraph 129,

8  Perell, J., notes that, "The witness on an examination for

9  discovery may be questioned of the parties' positions on

10  questions of law."  And in the *Anderson and St. Jude Medical*,

11  2007, 61 CPC 6315, Master MacLeod noted at paragraph 17 that

12  "The modern purposes of discovery may, therefore, be said to

13  include ... disclosure of the evidence of a legal theory of

14  the opposing party."  In short, I do not find the *Livent*

15  Decision determines whether this case there are remaining

16  fruits of representative discoveries that have not already

17  been harvested through fact discovery.

18          To conclude, it may well be the case that

19  representative discovery will result in duplication.  I am

20  mindful of the principle of proportionality that governs

21  discovery disputes.  But the fact that the parties have

22  agreed to representative discovery at the outset, and may

23  have relied on it in their conduct to date during

24  depositions, informs the proportionality analysis.

25          For the above reasons, I am unable to say that

1  such change will not prejudice certain parties.  Although

2  there may be greater expense, the trial must be fair.

3           Next section, Bondholder/Noteholder issue.  There

4  is one additional issue to consider.  The Canadian Creditor's

5  Committee seeks an Order directing the Bondholder Group to

6  produce a representative witness to testify on three topics.

7  It submits this would be the only opportunity to question the

8  Bondholder Group on these topics.  The CCC claims that these

9  topics directly address assertions made by the Bondholder

10  Group in its allocation position.  The informal Nortel

11  Noteholder's Group responds that it should not be subject to

12  representative discovery.  The thrust of its position appears

13  to be that the Noteholder Group is not an Estate party, but

14  rather, a Creditor Group.  Merely because it has a stake in

15  the outcome of the allocation dispute does not mean it has

16  first-hand evidence on the matters at issue in the allocation

17  dispute.  The Noteholders have produced voluminous documents.

18           Finally, the Noteholders claim that the topics

19  "appear calculated to embarrass and harass the current

20  members of the Noteholder Group."  They also claim that the

21  topic cannot be relevant to the allocation dispute.

22           For many of the same reasons governing the above

23  dispute, I conclude that the Noteholders are required to

24  produce a representative witness.  They have participated in

25  a process which has resulted in an agreed to representative

1  deposition process, and in particular, they have communicated

2  in a way that may have caused other parties to rely on the

3  existence of that process, shaping their deposition conduct

4  to date.  The Stipulation contemplates a procedure for

5  resolving disputes concerning subjects for the depositions.

6  It does not contemplate withholding a representative witness.

7           Final section is disposition.  The Motion of the

8  U.S. Debtors is dismissed.  The Order requiring the

9  Bondholders to put forward a representative witness is

10 granted.  The Amended Litigation Timetable will be modified

11 accordingly.

12          Counsel and Judge Gross, that concludes my

13 Endorsement.  Judge Gross, over to you.

14          THE COURT:  All right.  Thank you.  Well, first of

15 all, let me just say that I will be significantly briefer

16 than Justice Morawetz because I concur in his conclusions,

17 and therefore, I won't --

18          JUSTICE MORAWETZ:  Judge Gross, could you perhaps

19 speak up a bit?  We're having some --

20          THE COURT:  I'm sorry; the microphone was away

21 from my face.  Here we go.  What I was going to say is that I

22 will be much briefer than Justice Morawetz because I concur

23 in his conclusion, and certainly, in the record and the facts

24 as he described them in his ruling.  And really, and it's a

25 little difficult sometimes when you've prepared a ruling to

1  skip around in it, but the fact of the matter is the Court is

2  very sympathetic, and I emphasize the word very sympathetic,

3  to the position of the U.S. Debtors and their co-proponents

4  who oppose the representative depositions.  They have worked

5  hard, responsibly, and successfully to resolve numerous

6  issues.  These major issues include the Retiree claims, the

7  Disabled Worker claims, and now the EMEA and U.K. Pension

8  claims, and the importance and difficulty of resolving these

9  issues are enormous and cannot be overstated by the Court and

10 the Court notes that the Canadian parties have not yet

11 arrived at such resolutions.  However, the Court simply

12 cannot make a finding on this record, and without the benefit

13 of reviewing all of the discovery to date, that the

14 representative depositions are unnecessary, especially when

15 parties, including the U.S. Debtors, made such an effort to

16 obtain the representative depositions and the parties

17 requesting them claimed to have relied on that opportunity.

18 I strongly suspect they will prove to be very costly and

19 largely unnecessary, and I will reserve the right of those

20 opposing the representative depositions to return to me if,

21 as they argue, they were unnecessary.  I will determine then

22 if the attorneys representing the parties who are insisting

23 on the representative depositions are entitled to

24 compensation.  They may have to answer not only to the

25 Canadian Creditors, but to me, but that remains to be

1  determined.  I am, therefore, overruling the Objections to

2  the representative depositions.

3           Now, one thing that became clear to me yesterday

4  at the hearing is that the parties anticipate the nature of

5  the questions and they anticipate their Objections to such

6  questions, and these issues will likely be highly substantive

7  and not of a nature that would permit the Court to rule as I

8  often do from the deposition over the telephone.  I'd like to

9  eliminate the parties' uncertainty here.  And my suggestion

10 is that if parties are in anticipation of Objections, rather

11 than have them proceed to the deposition, have a series of

12 Objections, have to have those Objections resolved, that,

13 instead, they file Motions in Limine of that nature.  I would

14 like them to be very brief, of course, raising the

15 Objections, or what they anticipate to be their Objections,

16 and then the counter-party can respond and the Court can then

17 at least be in a position to resolve those matters

18 thoughtfully and with some care.  But at the moment, as I've

19 indicated, I concur with Justice Morawetz's ruling and my

20 ruling is likewise.

21           JUSTICE MORAWETZ:  Judge Gross, I'll just add, by

22 way of supplementary Endorsement, that I am in agreement with

23 Judge Gross' rulings and his reasons, including his comments

24 with respect to the compensation of the professionals.  Thank

25 you.

1          THE COURT:  All right, Counsel, Justice Morawetz,

2   good day to all of you.

3          JUSTICE MORAWETZ:  Okay.  Thank you.

4

5      (Whereupon, at 3:32 p.m., the hearing was adjourned.)

6

7                     CERTIFICATION

8          I  certify  that  the  foregoing  is  a  correct

9   transcript  from  the  electronic  sound  recording  of  the

10  proceedings in the above-entitled matter.

11

12  _____        8 January 2014

13  Tammy Kelly, Transcriber                      Date

14  Diaz Data Services, LLC

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **abbott**(1) 1:23 | | **appearances**(4) 1:21  2:1  3:1  4:1 | | **botter**(1) 2:6 | | **consider**(1) 19:4 | |
| **abid**(1) 2:8 | | **appears**(1) 19:12 | | **brass**(1) 4:32 | | **contemplate**(1) 20:6 | |
| **able**(1) 11:2 | | **applicable**(2) 7:19  8:22 | | **brian**(2) 3:21  4:6 | | **contemplated**(4) 9:24  12:16  14:10  14:25 | |
| **about**(3) 9:8  16:8  17:2 | | **approved**(3) 6:2  6:24  14:22 | | **brief**(1) 12:3 | | **contemplates**(1) 20:4 | |
| **above**(4) 10:11  15:6  18:25  19:22 | | **are**(29) 5:12  6:14  6:22  7:12  8:2  8:22  9:3 | | **briefer**(2) 20:15  20:22 | | **contemplating**(1) 15:2 | |
| **above-entitled**(1) 23:10 | | 9:5  9:24  10:10  12:6  13:4  13:5  13:8  13:12 | | **briefly**(1) 12:3 | | **contemplation**(1) 15:16 | |
| **accept**(1) 15:18 | | 14:4  14:13  15:11  15:20  16:2  17:13  17:20 | | **broad**(1) 7:17 | | **contend**(1) 14:8 | |
| **accepted**(1) 16:18 | | 18:15  19:23  21:9  21:14  21:22  21:23  22:10 | | **broader**(1) 13:8 | | **continued**(3) 2:2  3:2  4:2 | |
| **accordance**(3) 5:25  15:14  17:10 | | | | **bromley**(1) 1:37 | | **contrary**(1) 7:5 | |
| **accordingly**(2) 6:21  20:11 | | **arguable**(2) 17:1  17:15 | | **buchanan**(1) 2:40 | | **cordo**(1) 1:25 | |
| **actually**(2) 9:14  14:6 | | **arguably**(1) 17:19 | | **burden**(1) 7:21 | | **core**(3) 6:5  9:10  12:6 | |
| **adam**(1) 2:23 | | **argue**(8) 8:21  9:18  10:7  10:23  11:2  11:8 | | **burdensome**(2) 8:3  10:8 | | **corporate**(1) 13:25 | |
| **add**(1) 22:21 | | 12:5  21:21 | | **business**(3) 7:19  7:20  7:22 | | **correct**(1) 23:8 | |
| **addition**(3) 9:21  11:9  15:2 | | | | **but**(8) 11:6  17:17  18:21  19:13  21:1  21:25 | | **correction**(1) 16:18 | |
| **additional**(2) 8:21  19:4 | | **argued**(2) 9:12  11:15 | | 21:25  22:18 | | **cost**(1) 10:9 | |
| **additionally**(1) 6:16 | | **argument**(3) 7:25  10:23  11:1 | | | | **costly**(1) 21:18 | |
| **address**(2) 12:7  19:9 | | **arguments**(3) 8:1  10:21  12:13 | | **calculated**(1) 19:19 | | **costs**(1) 14:4 | |
| **addressed**(1) 11:7 | | **arises**(1) 12:9 | | **call**(1) 5:11 | | **could**(6) 14:7  14:7  15:14  15:17  15:18 | |
| **adequate**(5) 7:11  8:14  16:25 | | **armstrong**(1) 2:47 | | **caloway**(1) 2:43 | | 15:18 | |
| **adjourned**(1) 23:5 | | **around**(1) 21:1 | | **can**(4) 5:10  13:24  22:16  22:16 | | **counsel**(10) 5:2  5:14  8:15  13:17  13:17 | |
| **adjusting**(1) 6:13 | | **arrived**(1) 21:11 | | **canada**(2) 4:21  4:26 | | 16:9  16:13  16:16  20:12  23:1 | |
| **administered**(1) 1:6 | | **arsht**(1) 1:22 | | **canadian**(31) 2:26  2:33  2:35  3:28  5:17 | | | |
| **administrators**(1) 6:6 | | **ascertain**(3) 13:4  16:1  16:3 | | 6:11  6:12  6:15  8:4  9:8  9:18  10:22  10:23 | | **counter-party**(1) 22:16 | |
| **adopted**(1) 8:23 | | **ask**(2) 5:3  18:5 | | 11:1  11:5  11:12  12:11  12:13  12:14  13:6 | | **course**(2) 5:4  22:14 | |
| **advance**(1) 7:25 | | **asked**(1) 16:8 | | 13:15  14:3  14:8  14:8  15:5  15:19  16:5  16:13 | | **course."(1) 14:2 | |
| **affect**(1) 14:13 | | **asking**(1) 16:15 | | 18:2  19:4  21:10  21:25 | | **court**(20) 1:1  5:2  5:9  5:12  5:17  5:19  5:23 | |
| **affidavit**(1) 8:15 | | **assert**(1) 8:24 | | | | 5:24  6:2  6:2  14:21  20:14  20:20  21:1  21:9 | |
| **affidavits**(1) 10:4 | | **asserting**(1) 17:18 | | **cannot**(5) 11:3  17:2  19:21  21:9  21:12 | | 21:10  21:11  22:7  22:16  23:1 | |
| **after**(3) 8:9  8:18  14:17 | | **assertions**(1) 19:9 | | **capital**(1) 4:31 | | | |
| **afternoon**(3) 5:2  5:5  5:6 | | **asserts**(1) 8:17 | | **care**(1) 22:18 | | **courtroom**(1) 1:10 | |
| **against**(1) 13:4 | | **associated**(3) 7:10  8:12  16:24 | | **case**(10) 1:5  8:22  10:13  10:18  11:17  18:2 | | **cpc**(1) 18:11 | |
| **agreed**(8) 7:2  8:25  9:12  12:15  12:17  14:2 | | **attempt**(1) 11:15 | | 18:2  18:6  18:15  18:18 | | **creditor**(1) 19:14 | |
| 18:22  19:25 | | **attorney**(1) 8:5 | | | | **creditors**(4) 3:28  6:9  12:4  21:25 | |
| | | **attorneys**(1) 21:22 | | **cases**(1) 18:4 | | **creditors'**(1) 2:4 | |
| **agreement**(3) 7:21  14:16  22:22 | | **august**(3) 6:25  13:16  15:4 | | **caused**(1) 20:2 | | **creditor's**(5) 6:15  13:15  16:5  16:13  19:4 | |
| **akin**(1) 2:5 | | **available**(1) 10:19 | | **ccc**(1) 19:8 | | **crichlow**(1) 3:34 | |
| **alberto**(1) 3:25 | | **avoiding**(1) 9:23 | | **certain**(3) 12:10  16:2  19:1 | | **cross**(1) 6:1 | |
| **alex**(1) 4:15 | | **away**(1) 20:20 | | **certainly**(1) 20:23 | | **current**(1) 19:19 | |
| **all**(12) 5:12  5:14  9:9  10:18  12:18  13:22 | | | | **certification**(1) 23:7 | | **currently**(3) 7:10  8:12  16:23 | |
| 14:14  20:14  20:15  21:13  23:1  23:2 | | **background**(1) 6:22 | | **certify**(1) 23:8 | | | |
| | | **badtke-berkow**(1) 2:36 | | **challenges**(2) 14:9  14:12 | | **d.j**(1) 3:45 | |
| **allen**(1) 2:35 | | **bankruptcy**(4) 1:1  1:19  5:18  5:23 | | **change**(2) 14:16  19:1 | | **daniel**(1) 4:8 | |
| **allocation**(4) 19:10  19:15  19:16  19:21 | | **barbara**(1) 4:22 | | **changed**(2) 14:19  15:12 | | **data**(2) 1:44  23:14 | |
| **allow**(3) 8:8  11:20  16:20 | | **barnes**(4) 4:13  3:14  15:24  15:25 | | **chapter**(1) 1:8 | | **date**(8) 9:2  9:6  15:1  15:4  18:23  20:4 | |
| **already**(3) 10:15  17:13  18:16 | | **basis**(6) 10:15  11:3  12:22  13:14  16:10 | | **chris**(1) 2:47 | | 21:13  23:13 | |
| **also**(13) 6:15  8:14  8:20  9:1  9:8  9:18 | | 16:16 | | **cite**(4) 9:5  10:9  10:12  17:21 | | | |
| 10:12  11:18  13:6  13:9  15:18  16:6  19:20 | | | | **cited**(1) 15:6 | | **david**(2) 2:6  3:34 | |
| | | **bayard**(1) 3:24 | | **civil**(2) 7:7  10:14 | | **day**(1) 23:2 | |
| **although**(2) 15:6  19:1 | | **became**(1) 22:3 | | **claim**(3) 13:6  19:18  19:20 | | **days**(3) 7:19  7:20  7:22 | |
| **always**(1) 12:16 | | **because**(11) 8:22  9:1  9:11  9:13  10:18  11:9 | | **claimants**(1) 3:20 | | **debate**(1) 18:4 | |
| **amend**(1) 6:3 | | 12:10  15:17  19:14  20:16  20:22 | | **claimed**(1) 21:17 | | **debenture**(2) 3:15  4:4 | |
| **amended**(4) 6:3  6:13  6:20  20:10 | | **been**(4) 5:16  6:1  14:18  18:17 | | **claims**(5) 12:9  19:8  21:6  21:7  21:8 | | **debtor**(3) 2:17  2:26  2:27 | |
| **analysis**(2) 14:15  18:24 | | **before**(2) 1:18  11:20 | | **clean**(1) 8:8 | | **debtors**(36) 1:12  1:22  6:2  6:3  6:6  6:11  6:19 | |
| **and**(84) 4:12  5:7  5:16  6:2  6:7  6:9  6:11 | | **behalf**(3) 3:13  3:15  3:15 | | **clear**(2) 5:7  22:3 | | 7:25  8:4  8:7  8:20  9:1  9:18  9:19  9:21  10:6 | |
| 6:12  6:14  6:15  7:4  7:12  7:19  7:20  7:25 | | **being**(4) 5:22  11:9  11:13  15:22 | | **cleary**(1) 1:30 | | 10:8  10:12  10:23  11:5  11:8  11:16  11:16 | |
| 8:3  8:4  8:20  9:9  9:9  9:25  10:2  10:3  10:4 | | **belief**(1) 17:12 | | **co-proponents**(1) 21:3 | | 11:22  12:3  12:11  12:19  13:6  13:9  15:7 | |
| 10:4  11:9  11:12  12:1  12:4  12:11  12:15 | | **believes**(3) 7:9  8:12  16:23 | | **cobb**(1) 4:15 | | 15:12  16:8  16:14  17:21  20:8  21:3  21:15 | |
| 12:21  12:25  13:3  13:5  13:6  13:9  13:12 | | **belknap**(1) 4:5 | | **coleman**(1) 2:37 | | | |
| 13:22  14:1  14:1  14:7  15:8  15:25  16:2 | | **below**(1) 12:8 | | **collins**(1) 2:14 | | **debtors'**(4) 7:24  8:15  14:9  14:16 | |
| 16:9  16:14  17:1  17:12  18:5  18:7  18:10 | | **benefit**(1) 21:12 | | **comments**(1) 22:23 | | **decision**(2) 17:22  18:15 | |
| 18:10  18:22  19:19  20:1  20:12  20:17  20:23 | | **benefits**(1) 10:10 | | **committee**(9) 2:5  3:29  6:9  6:15  12:4 | | **decker**(1) 1:39 | |
| 20:23  20:24  20:24  21:2  21:3  21:5  21:7 | | **betsy**(1) 4:17 | | 13:16  16:5  16:13  19:5 | | **defined**(3) 6:8  6:11  6:23 | |
| 21:7  21:8  21:8  21:9  21:9  21:12  21:16 | | **between**(1) 15:21 | | | | **delaware**(4) 1:2  1:12  5:1  5:19 | |
| 21:18  21:19  22:5  22:6  22:7  22:9  22:16 | | **beyond**(1) 17:12 | | **communicated**(1) 20:1 | | **deloitte**(1) 17:22 | |
| 22:16  22:18  22:19  22:23 | | **bind**(1) 15:22 | | **company**(2) 4:5  4:31 | | **dentons**(1) 4:26 | |
| | | **binding**(1) 16:4 | | **compensation**(2) 21:24  22:24 | | **deponents**(1) 13:19 | |
| **anderson**(1) 18:10 | | **binds**(1) 13:2 | | **completed**(1) 14:18 | | **deposed**(1) 13:23 | |
| **andrew**(1) 3:6 | | **bit**(1) 20:19 | | **concerning**(4) 11:18  16:15  16:20  20:5 | | **deposing**(1) 16:14 | |
| **angela**(1) 3:41 | | **block**(2) 2:19  17:8 | | **conclude**(5) 15:9  16:19  17:19  18:18  19:23 | | **deposition**(13) 6:23  7:8  7:18  10:4  10:24 | |
| **ann**(1) 1:25 | | **board**(1) 6:7 | | **concludes**(1) 20:12 | | 13:25  16:7  16:22  17:13  20:1  20:3  22:8 | |
| **another**(2) 10:19  16:12 | | **bomhof**(1) 2:21 | | **conclusion**(1) 20:23 | | 22:11 | |
| **answer**(1) 21:24 | | **bondholder**(6) 3:4  13:19  13:23  19:5  19:8 | | **conclusions**(1) 20:16 | | **depositions**(53) 6:4  6:22  7:23  8:2  8:2  8:5 | |
| **answers**(1) 14:7 | | 19:9 | | **concur**(3) 20:16  20:22  22:19 | | 8:8  8:9  8:18  8:19  9:2  9:4  9:6  9:12  9:16 | |
| **anticipate**(3) 22:4  22:5  22:15 | | | | **conduct**(1) 18:23  20:3 | | 10:2  10:3  10:8  10:9  10:20  11:2  11:18 | |
| **anticipated**(1) 10:9 | | **bondholder/noteholder**(1) 19:3 | | **conducted**(4) 5:21  5:25  7:7  15:1 | | 12:6  12:10  12:20  12:23  12:25  13:4  13:12 | |
| **anticipation**(1) 22:10 | | **bondholders**(4) 6:16  6:19  15:5  20:9 | | **conducting**(1) 15:4 | | 13:13  13:14  13:21  14:6  14:12  14:13  14:21 | |
| **any**(2) 13:23  15:13 | | **bondholder's**(1) 13:17 | | **confer**(2) 5:15  7:20 | | 14:25  15:1  15:2  15:4  15:10  15:20  15:20 | |
| **anything**(1) 7:4 | | **border**(1) 6:1 | | **conference**(1) 5:22 | | 15:22  16:21  18:24  20:5  21:4  21:14  21:16 | |
| **apparent**(1) 11:22 | | **both**(1) 6:2 | | **conjunction**(2) 17:3  17:9 | | 21:20  21:23  22:2 | |
| | | | | | | | |
| | | | | | | **depositions/examination**(1) 7:6 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| derek(1) 1:23 | | esq(42) 1:23 1:25 1:27 1:31 1:33 1:35 | | from(11) 5:17 10:19 12:6 12:25 13:16 | | identification(1) 10:1 | |
| derrick(1) 2:30 | | 1:37 1:39 2:6 2:8 2:10 2:14 2:19 2:21 | | 15:5 15:20 17:14 20:21 22:8 23:9 | | identified(1) 13:20 | |
| described(1) 20:24 | | 2:23 2:28 2:30 2:36 2:37 2:41 2:43 2:47 | | | | identify(1) 17:25 | |
| designated(1) 7:14 | | 2:49 3:6 3:8 3:12 3:16 3:21 3:25 3:30 | | fruits(1) 18:16 | | impermissible(1) 7:17 | |
| designates(1) 7:15 | | 3:34 3:36 3:41 3:45 4:6 4:13 4:15 4:17 | | funds(1) 6:8 | | importance(3) 10:6 15:23 21:8 | |
| designation(1) 10:4 | | 4:22 4:23 4:27 4:32 | | g[1](1) 7:3 | | important(1) 15:21 | |
| designed(1) 11:20 | | | | g[1][a](1) 16:21 | | impression(1) 12:18 | |
| detail(1) 12:8 | | estate(1) 19:13 | | g[1][c](1) 17:4 | | improper(1) 14:9 | |
| detailed(1) 16:12 | | estates(1) 2:35 | | g[1][g](1) 17:9 | | inappropriate(6) 7:17 8:5 10:22 10:24 | |
| determine(1) 21:21 | | even(1) 12:5 | | gained(1) 17:14 | | 11:9 17:24 | |
| determined(2) 5:16 22:1 | | event(1) 7:14 | | gallagher(1) 3:20 | | | |
| determines(1) 18:15 | | events(1) 12:11 | | gap(1) 9:19 | | inc(2) 1:7 18:7 | |
| diaz(1) 1:44 23:14 | | evidence(8) 8:15 10:19 11:14 15:3 17:25 | | gap-filling(2) 9:21 13:8 | | include(5) 10:1 13:9 17:1 18:13 21:6 | |
| difference(2) 15:21 15:23 | | 18:5 18:13 19:16 | | gaps(4) 8:9 8:18 9:3 11:10 | | includes(1) 9:22 | |
| different(1) 15:20 | | | | ginger(1) 1:42 | | including(2) 21:15 22:23 | |
| difficult(2) 15:8 20:25 | | examination(4) 7:16 17:5 17:8 18:8 | | given(2) 14:7 15:13 | | inclusion(1) 12:20 13:18 | |
| difficulty(1) 21:8 | | examinations(1) 9:7 | | going(1) 20:21 | | indicated(2) 12:2 22:19 | |
| dimsdale-gill(1) 3:41 | | example(3) 9:19 13:15 18:6 | | good(5) 5:2 5:5 5:6 7:20 23:2 | | indiscernible(1) 9:21 | |
| dine(1) 3:36 | | exceed(1) 9:7 | | goodmans(1) 2:46 | | individuals(1) 13:20 | |
| directing(1) 19:5 | | exchange(1) 10:3 | | gottlieb(1) 1:30 | | informal(1) 19:10 | |
| directly(1) 19:9 | | excluded(1) 17:20 | | governed(1) 8:25 | | information(8) 11:3 11:21 13:23 14:10 | |
| directors(7) 4:11 6:14 9:9 13:3 13:5 15:25 | | exempt(1) 12:7 | | governing(1) 19:22 | | 15:14 15:18 17:12 17:18 | |
| 16:2 | | exhibits(1) 10:4 | | governs(1) 18:20 | | | |
| | | existence(1) 20:3 | | gowlings(1) 2:27 | | informs(1) 18:24 | |
| disabled(1) 21:7 | | expense(1) 19:2 | | granted(2) 6:20 20:10 | | ingersoll(1) 2:40 | |
| disclose(2) 11:21 16:4 | | expert(1) 10:3 | | greater(1) 19:2 | | initially(1) 11:6 | |
| disclosure(3) 13:9 14:5 18:13 | | extending(1) 11:10 | | gross(10) 1:18 5:5 5:6 5:16 5:18 5:24 | | insisting(1) 21:22 | |
| discoveries(3) 16:1 16:4 18:16 | | extension(1) 12:21 | | 20:12 20:13 20:18 22:21 | | insofar(1) 11:23 | |
| discovery(34) 7:4 7:6 8:5 8:16 8:21 8:24 | | extent(1) 9:2 | | | | instance(2) 16:6 16:12 | |
| 9:6 9:20 9:22 10:22 10:24 11:8 12:16 | | extremely(1) 15:8 | | gross'(1) 22:23 | | instead(1) 22:13 | |
| 12:19 12:24 13:7 14:4 14:17 14:18 14:21 | | face(1) 20:21 | | group(13) 3:5 6:10 7:8 12:5 13:19 13:23 | | intend(1) 8:4 | |
| 14:22 15:4 15:15 15:17 17:4 17:24 18:9 | | fact(27) 7:9 8:9 8:12 8:19 9:2 9:5 9:6 | | 16:22 19:5 19:8 19:10 19:11 19:13 19:14 | | intended(1) 8:8 | |
| 18:12 18:17 18:19 18:21 18:22 19:12 | | 10:3 10:19 12:25 13:2 13:13 15:1 15:20 | | | | interested(2) 4:26 4:30 | |
| 21:13 | | 16:4 16:8 16:10 16:17 16:23 17:2 17:11 | | group."(1) 19:20 | | into(1) 14:19 | |
| | | 17:14 17:17 17:19 18:17 18:21 21:1 | | grout(1) 3:44 | | invites(1) 15:6 | |
| discussed(1) 10:10 | | | | guiney(1) 4:6 | | involved(1) 8:16 | |
| discusses(1) 8:10 | | fact."(1) 17:17 | | gump(1) 2:5 | | issue(3) 19:3 19:4 19:16 | |
| dismissed(2) 6:19 20:8 | | facts(4) 9:15 11:10 11:14 20:23 | | had(1) 5:14 | | issues(5) 15:21 21:6 21:6 21:9 22:6 | |
| dismissing(1) 12:15 | | factually(1) 12:25 | | hadley(1) 3:5 | | its(2) 19:10 19:12 | |
| dispense(1) 6:4 | | factum(2) 16:6 16:13 | | hamilton(1) 1:30 | | itself(1) 17:17 | |
| dispose(1) 9:10 | | failing(1) 7:21 | | harass(1) 19:19 | | it's(4) 5:5 5:16 12:16 20:24 | |
| disposition(1) 20:7 | | fair(1) 19:2 | | hard(1) 21:5 | | i'd(1) 22:8 | |
| dispute(5) 8:24 19:15 19:17 19:21 19:23 | | faith(1) 7:20 | | harrisburg(1) 1:46 | | i'll(1) 22:21 | |
| disputes(4) 14:11 17:25 18:21 20:5 | | farr(1) 3:20 | | harvested(1) 18:17 | | i'm(1) 20:20 | |
| distinct(1) 12:9 | | feld(1) 2:5 | | has(11) 6:1 7:11 7:13 8:13 13:23 14:18 | | i've(3) 5:14 6:8 22:18 | |
| distinct'(1) 12:25 | | few(1) 5:11 | | 14:18 16:25 19:14 19:15 19:25 | | james(2) 1:37 3:15 | |
| distinguishable(1) 18:3 | | file(1) 22:13 | | | | january(4) 1:14 5:1 5:21 23:12 | |
| district(2) 1:2 5:19 | | fill(2) 8:9 8:18 | | hauer(1) 2:5 | | jeff(1) 1:31 | |
| dla(1) 3:29 | | filled(2) 9:3 9:20 | | have(30) 5:11 7:2 9:2 9:6 9:19 11:6 11:24 | | jefferies(1) 4:31 | |
| documents(2) 11:12 19:17 | | filling(1) 11:10 | | 13:11 13:13 13:20 13:25 14:21 14:24 | | jennifer(1) 2:28 | |
| does(4) 13:2 16:19 19:15 20:6 | | final(1) 20:7 | | 14:25 17:7 18:16 18:21 18:23 19:17 19:24 | | jessica(1) 2:49 | |
| due(1) 14:1 | | finally(5) 10:6 11:22 14:8 17:21 19:18 | | 20:1 20:2 21:4 21:10 21:17 21:24 22:11 | | john(1) 16:7 | |
| duplication(1) 18:19 | | find(1) 18:14 | | 22:11 22:12 22:12 | | joint(2) 5:25 6:6 | |
| during(2) 16:6 18:23 | | finding(1) 21:12 | | | | jointly(1) 1:6 | |
| duty(2) 7:13 17:7 | | finger(1) 2:13 | | having(1) 20:19 | | jones(1) 3:11 | |
| | | finnigan(1) 3:44 | | heading(1) 7:24 | | joseph(1) 2:36 | |
| ey   (1) 2:34 | | first(5) 5:17 8:2 10:25 12:15 20:14 | | hear(1) 5:7 | | jude(1) 18:10 | |
| earlier(1) 10:12 | | first-hand(5) 7:11 8:14 16:25 17:13 19:16 | | heard(1) 5:22 | | judge(12) 1:18 1:19 5:5 5:6 5:15 5:18 | |
| ecro(1) 1:42 | | five(3) 11:7 12:14 13:20 | | hearing(1) 5:21 5:24 5:25 22:4 23:5 | | 5:23 20:12 20:13 20:18 22:21 22:23 | |
| effort(1) 21:15 | | flag(1) 17:25 | | henderson(1) 2:27 | | | |
| eight(1) 16:6 | | follow(2) 6:18 13:14 | | here(2) 20:21 22:9 | | judicial(1) 7:22 | |
| electronic(2) 1:50 23:9 | | following(5) 5:17 5:19 | | hereto(1) 17:15 | | just(3) 5:2 20:15 22:21 | |
| eliminate(1) 22:9 | | follows(1) 7:8 | | high(1) 10:9 | | justice(14) 2:51 5:3 5:4 5:4 5:6 5:10 5:14 | |
| eliminated(1) 13:12 | | for(51) 1:2 1:22 2:4 2:17 2:26 2:33 2:35 | | highlighted(1) 15:23 | | 20:16 20:18 20:22 22:19 22:21 23:1 23:3 | |
| email(4) 13:16 15:5 15:7 15:8 | | 3:4 3:15 3:19 3:28 3:33 3:39 4:4 4:11 | | highly(1) 22:6 | | | |
| embarrass(1) 19:19 | | 4:20 4:26 4:30 5:4 5:11 5:19 6:18 6:23 | | him(1) 16:15 | | justin(2) 3:25 4:32 | |
| emea(2) 6:6 21:7 | | 7:6 7:7 7:16 7:17 8:1 9:4 10:14 11:2 11: | | his(8) 5:18 5:23 16:8 20:16 20:23 20:24 | | karen(1) 3:36 | |
| emphasize(4) 10:16 12:14 13:7 21:2 | | 11:24 11:25 12:10 13:7 13:17 14:11 15:2 | | 22:23 22:23 | | kathleen(1) 2:41 | |
| employees(3) 4:20 9:9 16:2 | | 16:13 16:16 16:20 17:7 17:23 18:3 18:6 | | | | katten(1) 3:33 | |
| end(2) 5:8 14:17 | | 18:8 18:25 19:22 20:4 20:5 | | hoc(3) 3:4 13:19 13:23 | | keane(1) 3:12 | |
| endorsement(3) 5:20 20:13 22:22 | | | | hodara(1) 2:10 | | kelly(1) 23:13 | |
| endorsements(1) 5:17 | | foregoing(1) 23:8 | | hogan(1) 3:40 | | kenneth(1) 2:37 | |
| engage(1) 18:4 | | form(1) 8:23 | | honor(1) 5:23 | | kevin(1) 1:18 | |
| enormous(1) 21:9 | | formation(1) 11:2 | | honorable(1) 1:18 | | kimmel(2) 2:49 17:3 | |
| ensuing(1) 17:9 | | former(2) 4:20 9:9 | | hope(1) 5:7 | | kind(1) 15:20 | |
| entire(1) 15:8 | | formerly(3) 7:10 8:12 16:23 | | howard(1) 1:35 | | knowledge(2) 13:21 17:12 | |
| entitled(2) 7:24 21:23 | | forward(3) 6:17 6:20 20:9 | | however(5) 9:23 17:6 17:15 18:3 21:11 | | knowledgeable(1) 17:14 | |
| entrenched(1) 10:17 | | fourth(1) 14:3 | | hybrid(1) 8:23 | | koskie(1) 4:21 | |
| especially(1) 21:14 | | fred(1) 2:10 | | hypocrisy(1) 11:23 | | lafleur(1) 2:27 | |

| Word | Page:Line |
|------|-----------|
| **largely**(1) 21:19 | |
| **late**(1) 15:12 | |
| **law**(3) 3:15 4:4 10:18 | |
| **law.''**(1) 18:10 | |
| **layton**(1) 2:13 | |
| **lead**(1) 8:15 | |
| **leblanc**(1) 3:6 | |
| **legal**(7) 11:14 11:19 13:9 16:9 17:17 18:6 18:13 | |
| **let**(2) 5:2 20:15 | |
| **light**(1) 10:10 | |
| **like**(2) 22:8 22:14 | |
| **likely**(1) 22:6 | |
| **likewise**(1) 22:20 | |
| **limine**(1) 22:13 | |
| **limitations**(1) 7:16 | |
| **limited**(6) 6:7 7:8 8:11 16:22 17:5 17:11 | |
| **line**(1) 5:13 | |
| **link**(1) 11:14 | |
| **linked**(1) 14:19 | |
| **lion**(1) 4:31 | |
| **lisa**(1) 1:33 | |
| **list**(2) 13:19 15:8 | |
| **litigation**(11) 6:4 6:13 6:21 7:5 9:8 9:24 11:15 11:19 13:21 13:24 20:10 | |
| **little**(1) 20:25 | |
| **livent**(3) 11:17 17:22 18:14 | |
| **llc**(2) 1:44 23:14 | |
| **llp**(13) 1:22 2:18 2:27 2:46 3:15 3:20 3:29 3:33 3:40 3:44 4:12 4:21 4:26 | |
| **loud**(1) 5:7 | |
| **lovells**(1) 3:40 | |
| **lowenthal**(1) 4:8 | |
| **lower**(2) 9:13 9:16 | |
| **lyndon**(1) 4:13 | |
| **mace**(1) 1:42 | |
| **macleod**(1) 18:11 | |
| **made**(3) 13:3 19:9 21:15 | |
| **major**(1) 21:6 | |
| **make**(1) 21:12 | |
| **makes**(1) 15:8 | |
| **many**(1) 19:22 | |
| **mark**(2) 2:14 4:23 | |
| **market**(1) 1:11 | |
| **marla**(1) 1:39 | |
| **mary**(1) 2:43 | |
| **master**(1) 18:11 | |
| **master's**(1) 17:21 | |
| **material**(1) 13:20 | |
| **materials**(1) 12:21 | |
| **matter**(5) 14:12 17:16 17:16 21:1 23:10 | |
| **matters**(3) 17:11 19:16 22:17 | |
| **matz**(1) 3:8 | |
| **may**(13) 7:8 13:23 15:11 16:22 17:1 18:5 18:9 18:12 18:18 18:22 19:2 20:2 21:24 | |
| **mccloy**(1) 3:5 | |
| **mcdonald**(2) 16:14 16:17 | |
| **mean**(1) 19:15 | |
| **medical**(1) 18:10 | |
| **meet**(1) 7:19 | |
| **melnik**(1) 3:30 | |
| **members**(2) 13:18 19:20 | |
| **merely**(1) 19:14 | |
| **michael**(1) 4:27 | |
| **microphone**(1) 20:20 | |
| **might**(2) 8:9 11:7 | |
| **milbank**(1) 3:5 | |
| **miller**(2) 3:16 3:45 | |
| **mindful**(1) 18:20 | |
| **minimal**(2) 10:10 15:13 | |
| **minott**(1) 1:27 | |
| **minsky**(1) 4:21 | |
| **minutes**(1) 5:11 | |
| **modern**(1) 18:12 | |

| Word | Page:Line |
|------|-----------|
| **modified**(2) 6:21 20:10 | |
| **moment**(1) 22:18 | |
| **monitor**(9) 2:33 6:11 7:1 8:3 12:11 13:6 13:17 15:5 16:16 | |
| **monitor's**(1) 16:15 | |
| **morawetz**(13) 2:51 5:3 5:4 5:5 5:6 5:10 5:14 20:16 20:18 20:22 22:21 23:1 23:3 | |
| **morawetz's**(1) 22:19 | |
| **more**(2) 12:8 15:18 | |
| **morris**(2) 1:22 3:15 | |
| **motion**(8) 5:22 6:12 6:18 7:1 12:15 12:21 14:16 20:7 | |
| **motions**(2) 6:15 22:13 | |
| **moved**(1) 6:3 | |
| **moving**(1) 14:18 | |
| **much**(3) 9:13 14:17 20:22 | |
| **muchin**(1) 3:33 | |
| **murphy**(1) 2:41 | |
| **murray**(1) 16:14 | |
| **must**(4) 9:20 17:3 17:8 19:2 | |
| **nature**(3) 22:4 22:7 22:13 | |
| **necessary**(3) 9:15 13:4 18:3 | |
| **necessity**(1) 11:2 | |
| **negotiating**(1) 8:16 | |
| **networks**(4) 1:7 2:18 3:39 6:7 | |
| **new**(1) 15:14 | |
| **next**(7) 7:24 10:21 12:1 12:13 14:15 14:24 19:3 | |
| **nichols**(1) 1:22 | |
| **nine**(1) 16:12 | |
| **non-existent**(1) 15:13 | |
| **non-party**(1) 10:15 | |
| **nortel**(12) 1:7 2:17 3:39 4:11 4:21 6:7 6:9 6:14 9:9 12:4 12:5 19:10 | |
| **not**(27) 5:3 8:22 9:4 9:19 11:1 13:1 13:2 14:12 14:18 15:7 15:17 16:4 16:20 17:5 17:13 17:17 18:3 18:14 18:16 19:1 19:11 19:13 19:15 20:6 21:10 21:24 22:7 | |
| **note**(3) 9:8 11:5 12:3 | |
| **noted**(2) 12:10 18:11 | |
| **noteholder**(2) 19:13 19:20 | |
| **noteholders**(5) 6:10 12:1 19:17 19:18 | |
| **noteholder's**(2) 12:5 12:7 19:11 | |
| **notes**(3) 16:21 18:8 21:10 | |
| **notice**(2) 14:1 17:6 | |
| **noticed**(1) 14:1 | |
| **noticing**(1) 7:21 | |
| **notwithstanding**(1) 7:4 | |
| **november**(1) 12:21 | |
| **now**(5) 5:13 21:7 22:3 | |
| **number**(8) 7:9 7:12 7:15 8:11 11:7 12:2 14:8 16:22 | |
| **numerous**(1) 21:5 | |
| **object**(2) 13:18 14:1 | |
| **objected**(2) 16:10 16:16 | |
| **objections**(5) 7:18 22:1 22:5 22:10 22:12 22:12 22:15 22:15 | |
| **obtain**(5) 7:22 8:5 11:11 11:15 21:16 | |
| **obtained**(3) 13:24 15:15 15:18 | |
| **occur**(2) 9:7 14:13 | |
| **occurred**(3) 9:2 9:6 14:22 | |
| **officer**(1) 16:7 | |
| **officers**(7) 4:12 6:14 9:9 13:3 13:5 15:25 16:2 | |
| **official**(3) 2:4 6:9 12:4 | |
| **often**(1) 22:8 | |
| **okay**(2) 5:3 23:3 | |
| **one**(3) 15:20 19:4 22:3 | |
| **ones**(1) 11:25 | |
| **only**(3) 9:14 19:7 21:24 | |

| Word | Page:Line |
|------|-----------|
| **onsc**(3) 11:17 17:23 18:7 | |
| **onsd**(1) 10:13 | |
| **ontario**(7) 7:7 9:22 10:17 13:7 17:23 18:4 18:7 | |
| **opponent's**(1) 18:2 | |
| **opportunity**(3) 5:15 19:7 21:17 | |
| **oppose**(2) 6:12 21:4 | |
| **opposes**(1) 6:15 | |
| **opposing**(4) 13:10 18:6 18:14 21:20 | |
| **oral**(1) 11:6 | |
| **order**(5) 6:12 6:16 6:19 19:5 20:8 | |
| **others**(1) 5:15 | |
| **others'**(1) 11:25 | |
| **outcome**(1) 19:15 | |
| **outset**(3) 10:2 14:22 18:22 | |
| **outside**(1) 17:11 | |
| **over**(4) 5:24 9:5 20:13 22:8 | |
| **overbroad**(1) 11:9 | |
| **overruling**(1) 22:1 | |
| **overstated**(2) 14:4 21:9 | |
| **overy**(1) 2:35 | |
| **own**(1) 11:24 | |
| **o'connor**(1) 3:21 | |
| **p.a**(1) 2:13 | |
| **p.c**(1) 2:40 | |
| **p.m**(3) 1:15 5:1 23:5 | |
| **pachulski**(1) 3:11 | |
| **page**(3) 6:25 16:6 16:12 | |
| **paragraph**(7) 6:25 7:3 16:21 17:4 17:9 18:7 18:11 | |
| **parallel**(1) 5:22 | |
| **part**(3) 10:25 11:23 12:16 | |
| **participants**(1) 17:4 | |
| **participated**(1) 19:24 | |
| **particular**(3) 13:1 17:18 20:1 | |
| **parties**(49) 5:12 6:5 6:12 7:2 7:19 7:25 8:20 8:23 9:10 9:14 10:22 10:23 11:1 11:5 11:13 11:20 11:23 12:2 12:6 12:14 12:14 12:15 12:18 13:11 13:13 13:22 14:5 14:8 14:20 14:24 15:3 15:9 15:11 15:19 15:22 16:5 16:20 18:2 18:5 18:21 19:1 20:2 21:10 21:15 21:16 21:22 22:4 22:10 | |
| **parties'**(6) 11:11 11:18 16:9 18:6 18:9 | |
| **partly**(1) 12:22 | |
| **partners**(1) 4:31 | |
| **party**(16) 4:26 4:30 7:5 7:10 7:15 7:21 8:8 8:13 13:2 13:10 14:18 16:24 17:16 17:18 17:24 19:13 | |
| **party.''**(1) 18:14 | |
| **patillo**(1) 6:24 | |
| **patterson**(1) 4:5 | |
| **pennsylvania**(1) 1:46 | |
| **pension**(6) 3:19 3:40 6:7 6:8 9:10 21:7 | |
| **people**(1) 9:16 | |
| **percent**(1) 9:8 | |
| **percentage**(2) 9:13 9:16 | |
| **perell**(1) 18:8 | |
| **perhaps**(1) 20:18 | |
| **permit**(1) 22:7 | |
| **pertaining**(1) 18:5 | |
| **peter**(1) 3:12 | |
| **phone**(2) 5:3 5:5 | |
| **piper**(1) 3:29 | |
| **place**(1) 12:19 | |
| **point**(6) 8:10 10:25 11:22 14:20 14:24 | |
| **pointed**(1) 9:19 | |
| **portions**(1) 17:25 | |
| **position**(15) 6:5 11:12 11:14 11:16 12:1 12:7 12:9 16:15 17:16 17:17 17:19 17:19 19:10 19:12 21:3 22:17 | |

| Word | Page:Line |
|------|-----------|
| **positions**(9) 11:11 11:19 12:3 14:5 16:5 16:9 16:20 17:1 18:9 | |
| **potential**(1) 10:1 | |
| **pre-date**(1) 12:12 | |
| **pre-filing**(1) 10:3 | |
| **preamble**(1) 7:1 | |
| **prejudice**(2) 15:13 19:1 | |
| **prejudiced**(2) 13:12 15:11 | |
| **prejudicial**(1) 15:17 | |
| **prepare**(2) 7:14 17:7 | |
| **prepared**(1) 20:25 | |
| **present**(1) 8:22 | |
| **presiding**(1) 5:24 | |
| **prevent**(1) 9:25 | |
| **previously**(2) 6:1 12:2 | |
| **principal**(1) 16:7 | |
| **principle**(2) 10:16 18:20 | |
| **prior**(2) 7:22 10:2 | |
| **problems**(1) 18:1 | |
| **procedural**(1) 5:15 | |
| **procedure**(4) 7:7 8:23 10:14 20:4 | |
| **procedures**(2) 9:24 10:1 | |
| **proceed**(2) 5:10 22:11 | |
| **proceeded**(2) 12:18 13:13 | |
| **proceedings**(3) 1:17 1:50 23:10 | |
| **process**(8) 10:25 14:11 14:17 14:20 14:23 19:25 20:1 20:3 | |
| **produce**(2) 19:6 19:24 | |
| **produced**(3) 11:5 10:16 19:17 | |
| **producing**(3) 7:10 8:13 16:24 | |
| **product**(2) 8:6 11:16 | |
| **production**(1) 10:14 | |
| **professionals**(1) 22:24 | |
| **properly**(2) 11:4 15:14 | |
| **proportionality**(4) 10:7 10:17 18:20 18:24 | |
| **propose**(1) 11:25 | |
| **proposed**(3) 9:5 11:8 13:19 | |
| **propositions**(1) 17:23 | |
| **prospect**(2) 9:13 15:3 | |
| **protection**(1) 6:8 | |
| **protocol**(5) 6:1 6:23 7:3 7:4 8:17 | |
| **protocols**(1) 9:25 | |
| **prove**(1) 21:18 | |
| **provide**(3) 5:16 5:18 14:11 | |
| **provided**(5) 6:23 7:11 7:12 8:14 16:25 | |
| **provides**(3) 7:3 11:3 17:4 | |
| **provisions**(1) 5:25 | |
| **purpose**(3) 8:17 9:4 9:22 11:10 13:8 | |
| **purposes**(4) 8:21 8:25 13:7 18:12 | |
| **put**(3) 6:16 6:20 20:9 | |
| **putnam**(1) 4:17 | |
| **question**(1) 19:7 | |
| **questioned**(1) 18:9 | |
| **questioning**(1) 11:6 | |
| **questions**(8) 16:8 16:15 17:20 18:5 18:10 22:5 22:6 | |
| **qureshi**(1) 2:8 | |
| **raising**(1) 22:14 | |
| **rather**(5) 8:23 8:24 16:10 19:14 22:10 | |
| **ray**(1) 16:7 | |
| **read**(2) 17:3 17:8 | |
| **really**(1) 20:24 | |
| **reasonable**(1) 7:13 | |
| **reasons**(5) 6:18 12:14 18:25 19:22 22:23 | |
| **receiver**(1) 17:22 | |
| **recently**(1) 12:17 | |
| **recommended**(1) 14:5 | |
| **record**(3) 7:1 20:23 21:12 | |
| **recorded**(1) 1:50 | |
| **recording**(2) 1:50 23:9 | |
| **records**(1) 10:15 | |
| **reduced**(2) 11:7 14:7 | |
| **redundant**(1) 13:1 | |
| **reference**(1) 16:6 | |
| **referenced**(2) 11:17 13:16 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **refused**(1) 10:13 | | **scope**(2) 7:13 7:17 | | **suggest**(4) 14:3 15:12 18:2 18:4 | | **the**(301) 1:1 1:2 1:18 5:2 5:3 5:5 5:7 5:9 |

refused(1) 10:13
regards(1) 18:1
rejected(1) 11:24
relate(1) 12:11
related(3) 8:1 9:25 10:22
relation(1) 10:25
relative(1) 7:15
relevant(4) 10:18 13:21 13:24 19:21
reliance(3) 15:6 15:10 15:16
relied(5) 13:11 15:3 15:9 18:23 21:17
relief(1) 7:22
rely(2) 8:14 20:2
relying(1) 15:11
remain(1) 8:9
remaining(2) 8:18 18:15
remains(1) 21:25
removing(1) 8:1
replied(1) 16:17
reported(2) 10:13 11:17
reports(1) 10:3
representativ(66) 6:17 6:20 6:22 7:5 7:11 7:13 7:18 8:1 8:2 8:4 8:7 8:13 8:18 9:3 9:12 9:15 9:20 10:7 10:9 10:20 10:24 11:2 12:5 12:16 12:19 12:20 12:22 12:24 13:1 13:4 13:11 13:14 13:25 14:4 14:13 14:21 14:25 15:3 15:10 15:15 15:17 15:19 15:21 15:22 16:1 16:11 16:21 16:24 17:6 17:7 17:12 18:16 18:19 18:22 19:6 19:12 19:24 19:25 20:6 20:9 21:4 21:14 21:16 21:20 21:23 22:2

representatives(2) 6:5 11:25
representative's(1) 7:23
representing(1) 21:22
request(1) 10:13
requesting(1) 21:17
require(1) 17:24
required(2) 17:10 19:23
requires(1) 11:13
requiring(3) 6:16 6:19 20:8
reserve(1) 21:19
resolution(1) 14:11
resolutions(1) 21:11
resolve(2) 21:5 22:17
resolved(1) 22:12
resolving(2) 20:5 21:8
resources(1) 13:22
respect(1) 22:24
respond(2) 14:1 22:16
responding(1) 7:1
responds(2) 17:8 9:11
responsibly(1) 21:5
result(2) 9:3 18:19
resulted(1) 19:25
retiree(1) 21:6
return(1) 21:20
reviewing(1) 21:13
richards(1) 2:13
right(5) 5:14 20:14 21:19 23:1
rooney(1) 2:40
rosenberg(1) 13:15
rosenman(1) 3:33
rosenthal(3) 1:31 8:16 16:14
rothman's(1) 18:7
ruby(1) 13:17
rule(8) 7:6 8:21 8:24 10:17 12:24 14:19 17:10 22:7

rules(2) 7:7 9:22 10:14 10:17 13:7 15:11 17:24

ruling(5) 10:12 20:24 20:25 22:19 22:20
rulings(2) 5:18 22:23
said(2) 9:7 18:12
same(2) 5:7 19:22
satisfied(1) 14:19
say(3) 18:25 20:15 20:21
schuylkill(1) 1:45
schweitzer(1) 1:33

scope(2) 7:13 7:17
scott(1) 2:21
second(2) 8:3 12:24
section(5) 10:21 12:13 14:15 19:3 20:7
seek(4) 6:12 10:22 10:23 11:11
seeks(4) 6:16 14:16 15:25 19:5
seem(1) 15:12
seems(2) 11:1 14:15
selina(1) 3:30
sent(2) 15:7 15:7
series(1) 22:11
serve(3) 7:8 9:4 16:22
served(1) 7:18
service(3) 1:44 1:51 15:8
services(2) 1:44 23:14
serving(1) 8:11
shall(7) 7:7 7:18 7:19 7:21 17:5 17:7
shaping(1) 20:3
sheila(1) 2:19
short(1) 18:14
shortly(1) 11:3
should(5) 8:24 11:1 12:7 14:19 19:11
sift(1) 11:13
significant(1) 9:11
significantly(1) 20:15
similar(1) 11:24
simply(1) 21:11
single(1) 9:19
skip(1) 21:1
slavens(1) 2:23
small(1) 7:12
sole(1) 8:17
some(4) 12:6 15:2 20:19 22:18
something(1) 16:3
sometimes(1) 20:25
sorry(1) 20:20
sought(5) 9:10 9:14 11:4 12:21 14:10
sound(2) 1:50 23:9
source(1) 10:19
speak(1) 20:19
special(1) 17:22
specific(2) 13:5 17:11
spoke(1) 12:20
stage(2) 5:10 15:12
stake(1) 19:14
stam(1) 2:28
stang(1) 3:11
starting(1) 14:20
stated(1) 13:18
states(5) 1:1 1:19 5:23 7:2 17:9
statistic(1) 9:11
steen(1) 1:30
stephen(1) 3:16
stipulation(11) 6:24 7:2 7:3 8:10 8:25 12:17 14:10 15:15 16:19 17:20 20:4

stipulations(2) 6:23 6:24
stone(1) 4:31
strauss(1) 2:5
streamline(1) 14:6
street(1) 1:11 1:45
stressed(1) 10:6
strongly(1) 21:18
subject(4) 7:14 14:12 17:13 19:11
subjects(12) 7:9 7:12 7:15 7:16 7:17 8:11 12:10 14:6 16:22 17:1 17:6 20:5

submission(1) 13:3
submissions(2) 15:19 15:24
submit(4) 8:7 9:1 9:23 11:18
submits(2) 16:3 19:7
substantially(1) 10:16
substantive(1) 22:6
subvert(1) 11:19
successfully(1) 21:5
such(9) 7:12 14:11 17:1 17:7 17:20 19:1 21:11 21:15 22:5

suggest(4) 14:3 15:12 18:2 18:4
suggested(2) 11:6 13:8
suggestion(1) 22:9
suggests(1) 17:3
supplement(1) 9:15
supplementary(1) 22:22
support(2) 11:16 12:2
supported(2) 6:6 6:14
supporting(2) 7:25 8:20
supports(1) 11:12
supposedly(1) 14:9
surprise(1) 9:25
surprises(1) 9:23
suspect(1) 21:18
sympathetic(2) 21:2 21:2
take(1) 12:19
taken(1) 12:6
taking(1) 17:16
tamara(1) 1:27
tammy(1) 23:13
targeted(2) 13:5 16:2
tay(1) 2:30
telephone(1) 22:8
telephonic(1) 1:21
telephonic(3) 2:1 3:1 4:1
testified(1) 9:11
testify(4) 7:14 9:14 17:2 19:6
testifying(1) 9:17
testimony(5) 7:12 8:14 10:5 11:12 17:14
testimony."(1) 16:25
text(1) 8:10
than(6) 8:23 13:8 16:10 20:16 20:22 22:1
thank(3) 20:14 22:24 23:3
that(97) 5:7 5:16 6:18 7:2 8:7 8:9 8:17 8:21 9:1 9:2 9:6 9:7 9:8 9:10 9:13 9:18 9:21 9:23 9:25 10:7 10:15 10:21 10:23 11:1 11:3 11:5 11:7 11:18 11:21 12:3 12:5 12:10 12:11 12:17 12:18 13:4 13:14 13:23 13:23 14:3 14:9 14:15 14:19 14:20 14:24 14:9 15:13 15:13 15:19 15:21 16:10 16:16 16:17 16:19 17:3 17:4 17:8 17:10 17:13 17:15 17:18 17:18 17:20 17:23 18:4 18:4 18:8 18:11 18:16 18:18 18:20 18:21 18:25 19:8 19:11 19:13 19:18 19:20 19:23 20:2 20:3 20:12 20:15 20:21 21:10 21:13 21:17 21:25 22:3 22:4 22:7 22:10 22:12 22:13 22:22 23:8

stipulation... 

suggest(4) 14:3...

the(301) 1:1 1:2 1:18 5:2 5:3 5:5 5:7 5:9 5:12 5:12 5:13 5:15 5:16 5:17 5:18 5:19 5:19 5:23 5:24 5:24 5:25 6:1 6:2 6:3 6:3 6:5 6:6 6:6 6:6 6:8 6:9 6:11 6:11 6:12 6:13 6:13 6:14 6:14 6:15 6:16 6:18 6:18 6:19 6:19 6:20 6:22 6:23 6:24 6:24 6:25 7:1 7:1 7:1 7:2 7:2 7:3 7:4 7:5 7:6 7:10 7:10 7:13 7:14 7:14 7:16 7:16 7:19 7:21 7:21 7:23 7:24 7:25 8:3 8:4 8:7 8:9 8:10 8:10 8:13 8:13 8:15 8:16 8:17 8:20 8:21 8:22 8:23 8:24 8:25 8:25 9:1 9:1 9:2 9:4 9:7 9:10 9:13 9:15 9:18 9:18 9:20 9:21 9:22 9:24 10:1 10:2 10:4 10:6 10:6 10:8 10:9 10:12 10:14 10:15 10:16 10:17 10:18 10:18 10:19 10:21 10:21 10:21 10:23 10:24 10:25 10:25 10:25 11:1 11:2 11:3 11:5 11:5 11:8 11:8 11:10 11:10 11:11 11:13 11:13 11:14 11:14 11:15 11:17 11:18 11:19 11:22 11:23 11:23 11:24 12:1 12:1 12:3 12:3 12:3 12:4 12:6 12:7 12:9 12:10 12:11 12:11 12:12 12:13 12:13 12:14 12:15 12:15 12:17 12:17 12:18 12:19 12:20 12:22 13:3 13:3 13:5 13:6 13:7 13:7 13:8 13:9 13:9 13:10 13:13 13:13 13:15 13:17 13:18 13:18 13:20 13:22 13:23 13:24 13:24 14:3 14:4 14:5 14:5 14:6 14:6 14:8 14:9 14:9 14:10 14:11 14:12 14:12 14:15 14:16 14:16 14:17 14:17 14:17 14:18 14:19 14:19 14:20 14:20 14:21 14:22 14:22 14:24 14:24 14:25 15:3 15:4 15:4 15:5 15:5 15:7 15:7 15:9 15:11 15:11 15:12 15:14 15:18 15:19 15:21 15:22 15:23 15:24 15:24 16:1 16:5 16:5 16:6 16:7 16:7 16:8 16:10 16:12 16:13 16:15 16:16 16:16 16:16 16:18 16:19 16:20 16:24 16:24 17:5 17:6 17:6 17:9 17:17 17:13 17:15 17:17 17:17 17:20 17:21 17:21 17:23 17:25 18:1 18:2 18:2 18:5 18:9 18:10 18:13 18:14 18:14 18:18 18:20 18:21 18:21 18:22 18:24 18:25 19:2 19:4 19:5 19:7 19:7 19:8 19:9 19:10 19:12 19:13

the(77) 19:15 19:15 19:16 19:16 19:17 19:22 19:18 19:19 19:20 19:20 19:21 19:22 19:22 19:23 20:2 20:4 20:5 20:7 20:7 20:8 20:8 20:10 20:14 20:20 20:20 20:23 20:23 21:1 21:1 21:1 21:2 21:3 21:3 21:4 21:6 21:6 21:7 21:8 21:9 21:10 21:10 21:11 21:12 21:13 21:13 21:15 21:16 21:16 21:19 21:20 21:22 21:22 21:23 21:24 22:1 22:2 22:4 22:4 22:5 22:7 22:8 22:8 22:9 22:11 22:14 22:16 22:16 22:18 22:24 22:24 23:1 23:5 23:8 23:9 23:9 23:10

their(15) 6:5 10:10 11:12 11:24 12:20 13:13 13:21 15:1 17:5 17:5 18:1 18:23 20:3 21:3 22:5 22:15

them(5) 13:6 20:24 21:17 22:11 22:14
then(6) 15:11 15:16 16:9 21:21 22:16
theories(1) 16:9 17:2
theory(3) 13:10 18:6 18:13
there(8) 9:3 9:16 9:23 15:2 15:10 18:15 19:2 19:3

thereafter(1) 7:20
therefore(3) 20:17 22:1
these(7) 10:1 14:11 19:8 19:8 21:6 21:8 22:6

they(30) 6:14 8:10 8:14 8:24 9:4 9:5 9:8 9:23 10:7 10:15 10:16 11:11 11:18 11:23 11:25 12:7 13:8 13:12 14:25 19:20 19:24 20:1 21:4 21:18 21:21 21:21 21:24 22:5 22:13 22:15

thing(1) 22:3
think(1) 5:12
third(1) 13:11

| Word | Page:Line | Word | Page:Line |
|---|---|---|---|

**this**(26) 5:10  5:21  5:24  6:2  9:6  9:11  10:13  10:25  11:12  11:15  11:16  12:9  13:21  13:2  14:22  15:6  15:6  15:12  15:16  15:23  16:3  17:3  17:8  18:15  19:7  21:12

**thomas**(1) 3:8
**thornton**(1) 3:44
**those**(3) 21:19  22:12  22:17
**thoughtfully**(1) 22:18
**three**(2) 7:19  19:6
**through**(9) 9:15  9:20  10:24  11:13  13:24  15:15  15:24  16:4  18:17

**thrust**(1) 19:12
**thus**(2) 9:14  17:19
**time**(3) 7:16  12:22  13:22
**timetable**(7) 6:4  6:13  6:21  7:5  9:25  11:19  20:10

**timing**(1) 6:13
**topic**(1) 19:21
**topics**(7) 11:6  11:7  11:24  19:6  19:8  19:9  19:18

**torys**(1) 2:18
**touche**(1) 17:22
**towards**(1) 14:17
**transcriber**(1) 23:13
**transcript**(3) 1:17  1:51  23:9
**transcription**(2) 1:44  1:51
**trial**(7) 9:23  10:2  10:5  11:14  11:20  14:6  19:2

**true**(2) 5:7  15:16
**trust**(4) 3:33  3:40  4:5  6:7
**trustees**(1) 9:10
**tunnell**(1) 1:22
**tweed**(1) 3:5
**two**(4) 7:20  7:22  8:1  15:21
**tyler**(1) 4:5
**type**(1) 15:6
**typically**(1) 9:7
**u.k**(4) 3:19  3:40  6:7  21:7
**u.s**(37) 3:29  3:40  5:18  5:24  6:2  6:3  6:18  7:24  7:25  8:7  8:15  8:20  9:1  9:18  9:20  10:6  10:8  10:12  10:23  11:5  11:8  11:16  11:16  11:22  12:3  12:19  13:9  14:9  14:16  15:7  15:12  16:7  16:13  17:21  20:8  21:3  21:15
**ucc**(3) 12:1  12:9  12:10
**ucc's**(1) 12:12
**ukpc**(1) 6:8
**ultimately**(1) 9:11
**unable**(4) 16:3  16:19  17:19  18:25
**uncertainty**(1) 22:9
**under**(8) 7:6  9:22  9:24  10:14  12:18  12:24  13:7  17:23

**underlying**(1) 8:21
**undertakings**(1) 17:10
**unduly**(1) 10:8
**united**(3) 1:1  1:19  5:23
**unnecessary**(5) 8:3  9:5  21:14  21:19  21:21
**unreasonable**(1) 7:15
**unsecured**(2) 6:9  12:4
**until**(2) 11:20  12:17
**upon**(3) 15:3  15:9  15:16
**use**(2) 8:4  15:25
**used**(1) 10:5
**valuable**(1) 13:22
**very**(7) 7:8  8:11  16:22  21:2  21:2  21:18  22:14

**video**(1) 5:22
**voluminous**(2) 15:1  19:17
**wait**(3) 5:4  5:11  11:20
**walancik**(1) 4:22

**was**(18) 5:21  5:25  6:24  8:16  8:18  11:19  12:17  15:7  15:7  15:10  15:23  16:8  16:10  16:14  16:17  20:20  20:21  23:5

**waste**(1) 13:22
**wasteful**(1) 10:20
**way**(3) 5:22  20:2  22:22
**weaknesses**(1) 18:1
**webb**(1) 4:5
**wednesday**(1) 5:1
**well**(3) 15:10  18:18  20:14
**were**(7) 8:8  9:4  9:12  9:16  10:15  14:10  21:21

**we'll**(1) 5:4
**we're**(1) 20:19
**what**(3) 17:25  20:21  22:15
**when**(2) 20:25  21:14
**where**(1) 16:8
**whereupon**(1) 23:5
**whether**(2) 14:13  18:15
**which**(26) 5:17  6:1  6:8  7:9  8:10  8:11  9:4  9:19  10:10  10:13  11:3  11:7  11:11  11:19  13:5  13:18  13:25  14:1  14:10  16:1  16:4  16:23  17:2  17:4  17:9  19:25

**while**(1) 13:2
**who**(4) 8:16  17:18  21:4  21:22
**whose**(1) 15:22
**will**(15) 5:16  5:18  6:21  13:12  13:14  14:1  18:19  19:1  20:10  20:15  20:22  21:18  21:19  21:21  22:6

**willkie**(1) 3:20
**wilmington**(3) 1:12  3:33  5:1
**with**(19) 5:15  5:22  5:23  5:25  6:4  7:10  8:13  10:18  13:13  15:14  16:24  17:3  17:9  17:10  18:1  22:18  22:19  22:22  22:24

**withholding**(1) 20:6
**within**(2) 7:18  7:20
**without**(1) 21:12
**witness**(24) 6:17  6:20  7:9  7:11  7:13  8:12  8:13  12:22  13:1  13:2  16:8  16:10  16:11  16:17  16:17  16:23  16:25  17:6  17:7  18:8  19:6  19:24  20:6  20:9

**witness."**(1) 17:14
**witnesses**(3) 10:2  11:24  17:2
**witness's**(1) 17:12
**won't**(1) 20:17
**word**(1) 21:2
**work**(2) 8:6  11:15
**worked**(1) 21:4
**worker**(1) 21:7
**would**(13) 8:3  9:4  9:14  9:14  9:25  10:8  10:20  12:19  13:22  14:6  19:7  22:7  22:13

**writing**(2) 11:8  14:7
**wunder**(1) 4:27
**www.diazdata.com**(1) 1:48
**yes**(1) 5:9
**yesterday**(1) 22:3
**yet**(2) 5:3  21:10
**you**(9) 5:7  13:20  13:25  20:13  20:14  20:18  22:25  23:2  23:3

**your**(2) 5:7  13:19
**you've**(1) 20:25
**zelbo**(1) 1:35
**ziehl**(1) 3:11
**zigler**(1) 4:23
**"any**(1) 17:10
**"appear**(1) 19:19
**"legally**(1) 12:25
**"specific**(1) 17:16
**"the**(2) 18:8  18:12