**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: January 28, 2014** |
| | ) | **Hearing Date: February 4, 2014 at 10:00 a.m.** |
| | ) | |

**MOTION OF JOHN J. ROSSI FOR**
**ALLOWANCE AND PAYMENT OF ADMINISTRATIVE**
**EXPENSE CLAIMS PURSUANT TO 11 U.S.C. § 503(b)(4)**

John J. Rossi ("Rossi"), hereby submits this Motion of John J. Rossi for Allowance and

Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(4) (the "Motion"). In

support of the Motion, Rossi respectfully states as follows:

**BACKGROUND**

1.      On January 14, 2009 (the "Petition Date"), Nortel Networks, Inc. and its

affiliates (the "Debtors") filed a voluntary petition under chapter 11 of the United States

Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the

District of Delaware (the "Court").

2.      Rossi, a long term disabled employee of the Debtors, was actively involved in the

formation of the Official Committee of Long-Term Disability Participants (the "LTD

Committee"), the activities of the LTD Committee and the requests made for severance by

certain long-term disabled employees.

---

[1]      The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel
Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel
Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251),
CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical
Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel
Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions
Inc. (0657) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors'
petitions, which are available at http://chapter11.epiqsystems.com/nortel.

3.    On June 2, 2011, the Debtors filed the Debtors' Motion for Entry of an Order Pursuant to Section 1114 of the Bankruptcy Code Appointing an Official Committee of Retired Employees [Docket No. 5568] (the "Retiree Committee Motion") in order to engage in discussions regarding modification or termination of the Debtors' retiree welfare plans.  In the Retiree Committee Motion, the Debtors contended that the long-term disabled employees were not eligible to serve on a 1114 committee and fully reserved their rights to modify or terminate the long-term disability plan in their discretion, as permitted under the plan documents.

4.    In response to the positions taken by the Debtors in the Retiree Committee Motion, on June 3, 2011, Rossi and 58 other disabled individuals who were participants in the Debtors' long-term disability plan (the "Disabled Participants"), filed the Motion for Entry of an Order Pursuant to Section 1102(a)(2) of the Bankruptcy Code Appointing an Official Committee of Long-Term Disability Plan Participants [Docket No. 5595].

5.    On June 22, 2011, the Court ordered the appointment of the LTD Committee [Docket No. 5790].  The LTD Committee consisted of the following members: Wendy Boswell Mann, Daniel D. David, Dianna L. Irish, Paul E. Morrison, Barbara Gallagher, Michael Stutts, and Deborah Jones.  *See* Amended Notice of Appointment of Unsecured Creditors [Docket No. 6080].  The LTD Committee selected Elliott Greenleaf ("EG") as proposed counsel to the LTD Committee.  EG was retained nunc pro tunc to August 2, 2011 (the "Retention Date").

6.    Prior to the Retention Date, EG acted as counsel to Disabled Participants, including Rossi.  EG requested a retainer of $500 for each member of the Disabled Participants. Rossi paid this retainer to EG (the "Retainer Expense").  Some of the members were unable to afford the retainer, nevertheless, EG assisted those members who were not able to spare the retainer.

7.      Rossi telephonically participated in many hearings concerning the formation of the LTD Committee, the claims asserted by the LTD Committee on behalf of the LTD Participants and the ultimate settlement of the claims asserted by the LTD Committee.

8.      On April 8, 2013, Rossi filed the John J. Rossi, Nortel US LTD Employee, Motion Compelling Debtors to Admit My Claim for Severance Allowance Plan and Issue Payment [Docket No. 10170] (the "Severance Motion").  Rossi telephonically attended hearings on Severance Motion.

9.      Rossi incurred expenses of $490.00 to CourtCall for his participation at the hearings on the LTD Committee issues and the Severance Motion (the "CourtCall Expenses"). Copies of the invoices from CourtCall are attached hereto as Exhibit A.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11.     The statutory basis for the relief requested herein is sections 105(a) and 503(b) of the Bankruptcy Code.

## RELIEF REQUESTED

12.     Rossi requests that the Court grant the Motion, allow him an administrative expense claim in the amount of $990.00 (the "Rossi Administrative Claim") for the Retainer Expense and the CourtCall Expenses and direct the Debtors to pay Rossi for his expenses incurred in providing a substantial contribution to the Debtors' estates and the creditors pursuant to sections 105 and 503(b)(4) of the Bankruptcy Code.

**BASIS FOR RELIEF**

13.     Section 503(b)(3)(D) provides an administrative expense claim for the actual and necessary expenses a creditor incurs in making a substantial contribution to a case. 11 U.S.C. § 503(b)(3)(D). The Bankruptcy Code does not define the term "substantial contribution." However, the courts have held that "[a] movant's activities constitute a substantial contribution if they 'resulted in an actual and demonstrable benefit to the debtor's estate and the creditors.'" In re Syntax-Brillian Corp., 2009 Bankr. LEXIS 1407, *4 (Bankr. D. Del. June 5, 2009) (quoting Lebron v. Mechem Fin. Inc., 27 F.3d 937, 944 (3d Cir. 1994)).

14.     Courts review several factors when determining whether a creditor's services amount to a substantial contribution. Specifically, courts consider "'whether the services were provided to benefit the estate itself or all of the parties in the bankruptcy case; whether the services conferred a direct benefit upon the estate; and whether the services were duplicative Of services performed by others.' Syntax-Brillian, 2009 Bankr. LEXIS 1407 at *5 (quoting In re Summit Metals, Inc., 379 B.R. 40, 51 (Bankr. D. Del 2007)).

15.     Where a movant can demonstrate by a preponderance of the evidence that its services provided a substantial contribution to the estate, the movant will be entitled to reimbursement of its expenses as an administrative expense claim under section 503(b)(3)(D) of the Bankruptcy Code. Syntax-Brillian, 2009 Bankr. LEXIS 1407 at *4. In In re Syntax-Brillian, Judge Shannon granted the movant's request for an administrative expense claim after determining that the movant made a substantial contribution to the debtors' estate and the creditors when the movant's persistent efforts generated an awareness of potential fraud, which ultimately led to a successful prosecution of the debtor's management and a large recovery for the debtors' estate. Id. In reaching its conclusion, the Court explained that "[b]ecause of the

[m]ovant's intervention, new or more promising avenues of recovery [were] opened to various

parties..." and "through his labors, the [m]ovant represented not only his own narrow interests,

but the broader interests of the Debtors, creditors, and shareholders." Id. (emphasis added).

16.     Rossi worked diligently with the LTD Committee and similarly situated

LTD Participants with the Severance Motion.  Rossi's efforts enabled to formation of the LTD

Committee, the settlement that the LTD Committee was able to obtain for the LTD Participants

and payment of severance.  Rossi's efforts provided a substantial contribution to these cases by

being one of the LTD Participants who moved to form the LTD Committee and he also assisted

in getting severance pay awarded to the LTD Employees.  Despite Rossi's significant time

expended in these cases, he is only seeking to be reimbursed for his minimal out-of-pocket –

the Retainer Expenses and the CourtCall **-** Expenses in the total amount of $990.00.  The Rossi

Administrative Claim is a de minimis amount for the contribution provided by Rossi.   His

efforts were not duplicative of any other efforts to maximize the value received by creditors of

these estates, the LTD Employees.

## NOTICE AND NO PRIOR REQUEST

17.     Notice of the Motion has been provided to: (a) the Debtors; (b) counsel to the

Debtors; (c) the Committee; (d) the Office of the United States Trustee for the District of

Delaware; and (e) all parties requesting notice pursuant to Rule 2002 of the Federal Rules of

Bankruptcy Procedure. Rossi submits that no other or further notice is required.

18.     No prior request for the relief requested herein has been made to this or any

other court.

## CONCLUSION

WHEREFORE, Rossi requests that the Court (i) grant the relief requested by the Motion; (ii) allow the Rossi Administrative Claim and (iii) grant such further relief as is just and proper.

Dated: January 10, 2014
       Wilmington, Delaware

                    John J. Rossi