IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x

In re

Nortel Networks Inc., et al.,[1]

     Debtors.

Chapter 11
Case No. 09-10138 (KG)
Jointly Administered

-----------------------------------------------------------x

**FOURTH SUPPLEMENTAL DECLARATION OF JAY I. BOROW
IN CONNECTION WITH THE APPLICATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF NORTEL NETWORKS INC., ET AL. FOR AN
ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
CAPSTONE ADVISORY GROUP, LLC AS FINANCIAL ADVISOR,
NUNC PRO TUNC TO JANUARY 2, 2009**

**Jay I. Borow**, pursuant to 28 U.S.C. § 1746, respectfully states:

1. I am a member and Executive Director of Capstone Advisory Group, LLC ("Capstone"), a professional services firm with offices located at 104 West 40th Street, 16th Floor, New York, New York 10018.

2. I am familiar with the matters set forth herein and make this supplemental declaration (the "Fourth Supplemental Declaration") in connection with Capstone's role as financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc., et al. The purpose of this Fourth Supplemental Declaration is to fulfill Capstone's continuing obligation to update its disclosures as set forth in the

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

{200.000-W0029360.2}

Application of the Official Committee of Unsecured Creditors for Order Authorizing the Employment and Retention of Capstone Advisory Group, LLC as Financial Advisor (the "Application"), Nunc Pro Tunc to January 26, 2009 [docket no. 290].

3. Specifically, I make this Fourth Supplemental Declaration to supplement my initial affidavit in the Application, sworn to on February 13, 2009 [docket no. 290-3], first supplemental declaration, dated January 31, 2012 [docket no 7148], second supplemental declaration, dated November 19, 2012 [docket no. 8972], and third supplemental declaration, dated August 8, 2013 [docket no. 11280].

4. As stated in Capstone's engagement letter with the Committee, attached as part of the Application [docket no. 290-2, at p. 4], Capstone's billing rates are "revised annually on or around January 1."

5. To provide notice of Capstone's new annual hourly rates, set forth below are Capstone's hourly rates effective January 1, 2014:

| | |
|---|---|
| Executive Director | $600 - $875 |
| Staff | $225 - $635 |
| Support Staff | $125 - $305 |

In addition, the Capstone personnel currently working on this matter will have the following hourly rates effective January 1, 2014: Christopher Kearns- $875; Jay Borow- $875; Jeffrey Hyland- $660; Andrew Cowie- $600; and Norman Haslun- $635.

6. This Fourth Supplemental Declaration is also submitted to disclose that two individuals who previously worked on this matter, Robert J. Manzo and Theodore Horton, Jr., had been retained by Capstone pursuant to separate independent contractor agreements. Mr. Horton's relationship with Capstone terminated in 2010; Mr. Manzo's in 2011.

Capstone believes that while engaged by Capstone each of these individuals was a "regular associate" of the firm within the meaning of Section 504(b) of the Bankruptcy Code.

7.  Capstone billing statements charged to the Committee 51.6 hours of Mr. Manzo's time for the period January 27, 2009 through April 17, 2009 and totaling $41,022, as well as 2,922.3 hours of Mr. Horton's time for the period January 27, 2009 through April 15, 2010 and totaling $1,612,197.50. Capstone believes that Mr. Manzo, who held the title of Executive Director, and Mr. Horton, who held the title of Managing Director, worked exclusively for Capstone during the period that each performed services on the Nortel matter.

8.  Capstone further believes that both Mr. Manzo and Mr. Horton were subject to Capstone's conflicts checking procedures more particularly described in my February 13, 2009 affidavit ("2009 Affidavit") in support of the Application and as in effect while Messrs. Manzo and Horton worked on the Nortel matter and prior to the termination of their respective relationships with Capstone. These procedures included, among other things, a search of Capstone's conflicts database of those entities set forth in Schedule 1 of my 2009 Affidavit and e-mail and in-person notification that Capstone was being considered as financial advisor to the Nortel Committee. As described in my 2009 Affidavit, after doing its investigation, Capstone determined that no potential or actual conflict existed.

9.    I certify under penalty of perjury that each of the statements in this declaration is true and correct.

Dated:   New York, New York
               January 10, 2014

*[Signature]*

MARK SKOLNICK
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02SK6224659
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES 07/06/2014

*[Signature]*
JAY I. BOROW