UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al., | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT REGARDING NINETEENTH INTERIM FEE APPLICATION OF CAPSTONE ADVISORY GROUP, LLC

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Nineteenth Interim Fee Application of Capstone Advisory Group, LLC ("Application"), for the period from August 1, 2013 through October 31, 2013, seeking approval of fees that total $984,907.50 and reimbursement of expenses that total $3,626.97. Capstone Advisory Group, LLC ("Capstone") is financial advisor for the Official Committee of Unsecured Creditors.

### Background

1. Master, Sidlow & Associates, P.A. reviewed the firm's monthly fee applications and the Application, including each of the billing and expense entries shown in the exhibits to the monthly applications, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2. Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to Capstone Advisory Group, LLC and the firm provided a written response to that report. After consideration of the firm's responses to the preliminary report, Master, Sidlow & Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

### Discussion of Findings

### Recomputation of Fees and Expenses

3. Master, Sidlow & Associates, P.A. recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rate. The recomputation of fees did not reveal any discrepancies.

### Review of Fees

4. **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The Application provides the name, position, and hourly rate of each timekeeper.

The firm billed a total of 1,614.00 hours with associated fees of $984,907.50. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Exec Dir | 693.20 | 43% | $478,086.00 | 49% |
| Mg Dir | 756.60 | 47% | 444,421.00 | 45% |
| Director | 144.70 | 9% | 59,755.50 | 6% |
| Research | 5.00 |  | 905.00 |  |
| Para | 14.50 | 1% | 1,740.00 |  |
| **TOTAL** | 1,614.00 | 100% | $984,907.50 | 100% |

The blended hourly rate for Capstone is $610.23.

5. **Hourly Rate Increases.** Capstone did not increase the hourly rates of any timekeepers during the nineteenth interim period.

6. **Complete and Detailed Task Descriptions.** Local Rule 2016-2 (d) states "...activity descriptions...shall be sufficiently detailed to allow the Court to determine whether

all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. A description of correspondence should identify the correspondent and the subject of the correspondence. Similarly, a description for preparation of pleadings should identify the pleading drafted or revised. Activity descriptions for legal research should include the issues researched and the purpose of the research. The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level. Activity descriptions referencing conferences should include the name of the person(s) with whom the communication was held and the subject or purpose of the communication. Master, Sidlow & Associates, P.A. found the activity descriptions in the Application to be sufficiently detailed.

7.   **Travel.** Local Rule 2016-2(d) (viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates…" Capstone's fee applications indicate "In this engagement, non-productive travel time is not being charged to the Debtors."

8.   **Capstone Advisory Group, LLC Retention/Compensation.** Master, Sidlow & Associates, P.A. reviewed and identified entries related to the retention and compensation of Capstone. The firm billed 37.90 hours with associated fees of $16,368 to prepare the firm's retention documents and applications for compensation, which represents approximately 2% of the total fees billed by the firm.

**Review of Expenses**

9. **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include … Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Capstone provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

In its preliminary report, Master, Sidlow & Associates, P.A. noted that the fifty-sixth monthly application requests reimbursement for airfare/train in the amount of $2,587.60. The detail included in the fee application did not include the travel class. From the information provided, it could not be determined that the fares were coach rather than first class. In its response the firm stated:

> The airline and train tickets were not booked at the first class levels and the billed expenses are customarily charged to non-bankruptcy clients of Capstone Advisory Group ("Capstone"). However, based upon our review of the travel options during the period, less expensive travel options could have been taken. As a result, Capstone will reduce our requested expenses by $276.

Master, Sidlow & Associates, P.A. accepts the explanation from Capstone and recommends a reduction in the requested reimbursement for airfare/train in the amount of $276.

In its preliminary report, Master, Sidlow & Associates, P.A. noted that the fifty-sixth monthly application requests reimbursement for hotel in the amount of $690.85. The detail included in the fee application did not include the number of nights or whether any supplemental charges were included. From the information provided, it could not be determined whether the hotel rate was customary and reasonable. In its response the firm stated:

> The hotel was for one night and excludes supplemental charges. This billed expense is customarily charged to non-bankruptcy clients of Capstone. The rate for the hotel was customary and reasonable for the date. However, there were less expense hotel options for the date of the stay. While it is not possible to recreate the stated rates for other hotels during the period, we will reduce our requested expenses by an estimated $100.

Master, Sidlow & Associates, P.A. accepts the explanation from Capstone and recommends a reduction in the requested reimbursement for hotel in the amount of $100.

10.    **Photocopies.**  Local Rule 2016-2(e) (iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page)..." Capstone's fee applications indicate that the firm charges $.10 per page for in-house photocopying services. Capstone did not request reimbursement for documentation reproduction in the Application.

11.    **Computer – Assisted Legal Research.**  Local Rule 2016(e) (iii) states "The motion shall state ... computer-assisted legal research charges (which shall not be more than the actual cost) ..." Capstone's fee applications indicate that the firm charges the actual cost from the vendor for computerized research services. The firm requested reimbursement $27.92 for computer-assisted legal research.

12.    **Facsimile.**  Local Rule 2016-2(e) (iii) states "The motion shall state ... outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)." Capstone's fee applications indicate that the firm charges $1.00 per page for out-going facsimile transmissions. Capstone did not request reimbursement for facsimile charges in the Application.

## Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the Nineteenth Interim Fee Application of Capstone Advisory Group, LLC and the fees and expenses requested therein. Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $984,907.50 and reimbursement of expenses in the amount of $3,250.97 for the period from August 1, 2013 through October 31, 2013, less any interim payments received by Capstone Advisory Group, LLC for fees and expenses under fee applications. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: _____
Judith M. Scarborough, CPA, CVA, CFF

2002 West 14th Street
Wilmington, DE 19806
Telephone: (302) 652-3480
Facsimile: (302) 656-8778
jscarborough@mastersidlow.com

Fee Examiner

# APPENDIX A

CAPSTONE ADVISORY GROUP, LLC
SUMMARY OF FINDINGS
19TH INTERIM FEE APPLICATION (AUGUST 1, 2013 through OCTOBER 31, 2013)

**A.** **Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $ 984,907.50 | |
| Expenses Requested | 3,626.97 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $ 988,534.47 |
| Fees Computed | $ 984,907.50 | |
| Expenses Computed | 3,250.97 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $ 988,158.47 |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $ 376.00 |

**B.** **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---:|---:|
| Fees Requested | $ 984,907.50 | |
| RECOMMENDED FEE ALLOWANCE | | $ 984,907.50 |
| Expenses Requested | $ 3,626.97 | |
| Recommended reduction in airfare/train | (276.00) | |
| Rcommended reductiuion in hotel | (100.00) | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 3,250.97 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $ 988,158.47 |