

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

January 24, 2014

**VIA ELECTRONIC FILING
AND HAND DELIVERY**

The Honorable Kevin Gross
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, Sixth Floor
Wilmington, Delaware 19801

The Honourable Mr. Justice Morawetz
Judges' Chambers – Court House
330 University Avenue
Toronto, Ontario M5H 1T3

    Re:  *In re Nortel Networks Inc. et al.*, Case No. 09-10138 (KG) (Bankr. D. Del.)

          *In the Matter of Nortel Networks Corporation et al.*, Court File No. 09-CL-7950 (Ontario Superior Court of Justice)

Dear Judge Gross and Mr. Justice Morawetz:

    We write on behalf of the Joint Administrators for the EMEA Debtors. As the US Debtors have indicated in their submission to the Courts today, the Joint Administrators support the US Debtors' proposed Trial Protocol. We write separately to address an additional point in relation to the conduct of the trial.

    Although the Allocation Protocol provides that hearings on allocation and claims issues are to be held "simultaneously," it also confirms that each Court has discretion to "sit separately for portions of such hearings to hear evidence or argument that is relevant only to EMEA US Claims and/or UK Pension US Claims or only EMEA Canadian Claims and/or UK Pension Canadian Claims." The Allocation Protocol further states that "[t]he trial will begin with the Allocation issues and continue thereafter with remaining issues to be addressed in this Allocation Protocol, including EMEA Claims and UK Pension Claims." (Allocation Protocol ¶ 7.)

Now that the EMEA Debtors and UK Pension Claimants have settled their claims against the US Debtors, the only remaining claims are the ones against the Canadian Debtors that are pending before the Canadian Court only.[1]

Although there may be some overlap between evidence relevant to the EMEA Debtors' claims and evidence relevant to the allocation dispute, there will also be a considerable volume of evidence that is relevant only to claims. In addition, the claims the EMEA Debtors have asserted are distinct and separate from the claims the UK Pension Claimants have asserted, and involve many discrete factual and legal issues.

The EMEA Debtors respectfully submit that focusing on the allocation and claims issues in separate, consecutive phases of trial will be fairer to all parties and will allow for greater efficiency in both phases. Trying the remaining claims simultaneously with allocation may greatly complicate the logistics of the trial, such as (i) how trial time should fairly be divided among the various parties, and (ii) how to present arguments and evidence in an order that corresponds to which party has the burden of proof on a particular issue. To the extent there is any evidence that overlaps between allocation and claims, such evidence can be covered in the allocation phase of the trial and need not be repeated, eliminating the need for any duplication in the claims phase of the trial. Trying allocation and claims separately — as envisioned in the Allocation Protocol and in other orders and endorsements of the Courts — would avoid wasting the valuable time and resources of the US Court, the US Debtors, and the other US parties who no longer have any interest in the claims dispute.

The EMEA Debtors do not request any modification of the US Debtors' proposed Trial Protocol, which provides that pre-hearing and post-hearing submissions related to both allocation and claims will proceed in parallel on the same schedule, and which requires the Core Parties to exchange witness and exhibit lists in late March and early April. At that point, the parties and the Courts will be in the best position to set the details for the conduct of the trial. The EMEA Debtors submit that the best approach is likely to be to dedicate the scheduled 20 hearing days solely to the joint trial of allocation, and to add an additional period immediately thereafter for trial of claims before the Canadian Court alone. In that event, the EMEA Debtors would request one additional week to present their case on the EMEA claims.

Respectfully submitted,

*/s/ Derek Adler*
Derek J.T. Adler

---

1. This letter addresses only the claims that the EMEA Debtors have asserted against the Canadian Debtors. We understand that counsel for the UK Pension Claimants intend to file their own submissions regarding the proposed Trial Protocol and the litigation of their claims against the Canadian Debtors.

62825785_1