

**KOSKIE MINSKY** LLP
BARRISTERS & SOLICITORS

January 24, 2014

**Barbara Walancik**
Direct Dial: 416-595-6288
Direct Fax: 416-204-2906
bwalancik@kmlaw.ca

**VIA HAND DELIVERY (CANADA)**
**AND ELECTRONIC FILING (US)**

The Honourable Mr. Justice Geoffrey Morawetz
Judges' Chambers – Court House
330 University Avenue
Toronto, ON  M5H 1T3

The Honourable Kevin Gross
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, Sixth Floor
Wilmington, Delaware 19801

Dear Mr. Justice Morawetz and Mr. Judge Gross:

    Re:    *In the Matter of Nortel Networks Corporation et al.* – **Court File No. 09-CL-7950 (Ontario Superior Court of Justice)**

           *In re Nortel Networks Inc. et. al.* **Case No. 09-10138 (KG) (Bankr. D. Del.)**

We write on behalf of the Canadian Creditors' Committee ("CCC")[1] regarding the Joint Trial Protocol submitted today by the US Debtors on behalf of themselves and certain other Core Parties (The "Trial Protocol Proposal"), to be considered by this Honourable Court and the United States Bankruptcy Court at a preliminary pre-trial conference scheduled for Wednesday, January 29, 2014.

The CCC supports the Trial Protocol Proposal with one exception, namely, the special treatment and additional trial time being given to the Ad Hoc Group of Bondholders (the "Bondholders") at the expense of other Core Parties who are also major creditors in this proceeding. In particular, footnote 1 to the Trial Protocol Proposal states that the Bondholders are allocated additional time for an opening and closing statement and that the US Debtors and the Bondholders are each

---

[1] The Canadian Creditors Committee is a committee of major creditors having claims against the Canadian Debtors, comprised of: the Former and Disabled Canadian Employees of the Canadian Debtor s through their court-appointed representatives and Unifor (previously the Canadian Auto Workers Union); Morneau Shepell Ltd., as Administrator of Nortel's Canadian registered pension plans; the Superintendent of Financial Services of Ontario as Administrator of the Pension Benefits Guarantee Fund and the court-appointed representatives of the Current and Transferred Canadian Employees of the Canadian Debtors.



acknowledged to have the right to seek additional witness time. *Equivalent time has not been accorded to the CCC.* This is unfair.

Footnote 1, of the Trial Protocol Proposal as submitted to the Courts provides as follows [emphasis added]:

> 1      This proposal assumes a single trial of Allocation and Claims and is subject to change in the event of the Courts' adoption of the anticipated requests of the EMEA Claimants and the UK Pension Claimants for an increased trial length or bifurcation of the trial. Additionally, the Litigation Timetable provides that the Bondholder Allocation Group is distinct from the allocation groups of the US, Canadian and EMEA Debtors and therefore has the right to make its own presentations to the Courts. However, in an effort to streamline the trial proceedings, the Core Parties agree that for purposes of this Proposed Joint Trial Protocol, the Bondholder Allocation Group shall be considered part of the US Allocation Group except (i) the Bondholder Allocation Group shall have the right to submit its own pre-trial and post-trial briefs and is entitled to its own allocation of time for opening statements and closing arguments (each not to exceed 15 minutes) and (ii) in the event of disagreement between them, either the Bondholder Allocation Group or the US Allocation Group shall have the right to petition the Courts, upon a showing of good cause, for additional time to allocate at trial for witness examinations specifically for the Bondholder Allocation Group. All other Core Parties' rights are reserved with respect to any such application by the Bondholder Allocation Group and/or the US Allocation Group.

Footnote 1, as proposed by the CCC, provides:

> 1      This proposal assumes a single trial of Allocation and Claims and is subject to change in the event of the Courts' adoption of the anticipated requests of the EMEA Claimants and the UK Pension Claimants for an increased trial length or bifurcation of the trial. Additionally, the Litigation Timetable provides that the Bondholder Allocation Group is distinct from the allocation groups of the US, Canadian and EMEA Debtors, however, in an effort to streamline the trial proceedings, the Core Parties agree that for purposes of this Proposed Joint Trial Protocol, the Bondholder Allocation Group shall be considered a member of the US Allocation Group. For clarity, it is confirmed that the Bondholder Allocation Group has the right to submit its own pre-trial and post-trial briefs, as does any Core Party. In addition, the Bondholder Allocation Group is entitled to its own allocation of time for opening statements and closing arguments (each not to exceed 15 minutes) and the CCC is entitled to commensurate time to respond directly to the Bondholder Allocation Group opening statements and closing arguments in addition to the time allocated to the CCC under section II.B.1 and III.B.2 herein.
>
> In the event of disagreement between any Allocation Group and a member of such Group holding a unique position or interest, either the member or the Allocation Group shall have the right to petition the Courts, upon a showing of good cause, for determination of allocation of time, generally, and for the provision of additional time to allocate at trial for witness examinations specifically related to such member's unique position or interest. All other Core Parties' rights are reserved with respect to any such petition.



Page 3

The CCC objects to the Trial Protocol Proposal as submitted to the Courts for the following reasons:

**1. Major Creditors Should Be Treated Equivalently**

The Allocation Proceeding commencing May 12, 2014, concerns the allocation of approximately $9 billion in Global Assets of the Nortel Debtors to be distributed to Nortel's creditors. The CCC has over $3 billion in claims against the Canadian Debtors. As the sole voice representing major Canadian creditors, the CCC has a major stake in the disposition of the Allocation Proceeding.

The CCC is a Core Party in the Allocation Proceeding, like the Bondholders, and as a matter of principle, is entitled to the equivalent opportunity to be heard.

**2. The CCC Pleads An Alternative Position Not Shared With the Canadian Allocation Group**

The US Debtors argue that the Bondholders need additional and distinct trial time as a "fail-safe" in case these two-aligned US parties disagree at trial.[2] The BNY Mellon, an Indenture Trustee, supports this position.[3]

The exact same rationale applies to the CCC. The CCC is in the Canadian Allocation Group together with the Monitor and Canadian Debtors. However, the CCC has pleaded a distinct alternative allocation theory, which is not pleaded by the Monitor. While the CCC is cooperating with the Monitor for both positions to be argued within the allotment of time provided to the Canadian Allocation Group, the CCC seeks the same time allotment as being proposed for the Bondholders in order to account for the CCC's unique position in this respect and also in case of disagreement with the Monitor. Without being treated equivalently, there is no mechanism for the CCC to be heard on its alternative pleading position in the event of a disagreement with the Monitor.

We note that the CCC is not seeking hereby to be added as an Allocation Group but is requesting to have the same treatment as a major creditor in opening and closing statements.

---

[2] E-mail message of Jefrey A. Rosenthal dated January 23, 2014 stating:
    1) The Bondholders are not getting "enhanced rights." To the contrary, the Bondholders are currently a fourth allocation group. The Bondholders and US Allocation Group are agreeing to decreased rights by effectively combining our right to separate time allocations at trial and the language we propose just provides a fail-safe in the event of disagreement. The only acceptable alternative to what is proposed would be to carve up the 120 hours of trial time in a way that gives a certain number of hours to the Bondholders in a neutral fashion that does not come from the US group's time.

[3] E-mail message of Michael J. Riela, dated January 23, 2013 on behalf of the BNY Mellon.

676613v1



Page 4

### 3. The CCC Seeks To Preserve The Right To Respond To The Bondholders

Further, the CCC recently successfully sought the deposition of a representative witness of the Bondholders. The CCC must preserve and be afforded the right to respond to any position presented by the Bondholders separate from the US Allocation Group or predicated on their unique position and interests, and should be accorded the same additional 15 minute opening and closing arguments to do so as a party that is adverse in interests to the Bondholders.

Yours truly,

**KOSKIE MINSKY LLP**

Barbara Walancik
:jd

**DLA PIPER LLP**

By /s/ Selinda A. Melnik

Selinda A. Melnik (DE Bar No. 4032)

cc:   CORE PARTY SERVICE LIST

676613v1