**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING**
**NINETEENTH INTERIM FEE APPLICATION OF**
**ASHURST LLP**

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Nineteenth Interim Fee Application of Ashurst LLP ("Application"), for the period from August 1, 2013 through October 31, 2013, seeking approval of fees that total $617,343.26 (£379,040.50) and reimbursement of expenses that total $5,820.70 (£3,573.83). Ashurst LLP is European counsel for the Official Committee of Unsecured Creditors.

**Background**

1.  Master, Sidlow & Associates, P.A. reviewed the firm's monthly fee applications and the Application, including each of the billing and expense entries shown in the exhibits to the monthly applications, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2.  Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to Ashurst LLP and the firm provided a written response to that report. After consideration of the firm's responses to the preliminary report, Master, Sidlow& Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

### Discussion of Findings

### Review of Application

3. According to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* ("Guidelines"), every application should include "…whether the application is interim or final, and the dates of previous orders on interim compensation or reimbursement of expenses along with the amounts requested and the amounts allowed or disallowed, amounts of previous payments, and amount of any allowed fees and expenses remaining unpaid. The preliminary report noted that Ashurst LLP did not include this information in its applications during the Application period. In its response the firm provided a schedule which details the dates, amounts of fees and expenses requested and the status of all prior fee applications. Ashurst LLP indicated that it is their intent to include such a schedule (updated as appropriate) in all monthly fee applications going forward.

### Recomputation of Fees and Expenses

4. Master, Sidlow & Associates, P.A. recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rate. The recomputation of fees did not reveal any discrepancies.

### Review of Fees

5. **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: … (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under Title 11."

The application provides the name, position, and hourly rate of each timekeeper.

The firm billed a total of 809.30 hours with associated fees of £379,040.50 ($617,343.26). The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 207.90 | 26% | £ 145,649.00 | 39% |
| Associate | 434.70 | 54% | 201,718.50 | 53% |
| Trainee | 166.70 | 20% | 31,673.00 | 8% |
| **TOTAL** | 809.30 | 100% | £ 379,040.50 | 100% |

The blended hourly rate for Ashurst LLP is £ 468.36/$762.81.

In its preliminary report, Master, Sidlow & Associates, P.A. noted that Ashurst's Application did not include a statement indicating whether the compensation is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11. In its response the firm stated:

> Ashurst believes that the compensation it charges for its services on behalf of the Official Committee of US Unsecured Creditors ("OCUUC") is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11. It is our intent to include such a statement in Ashurst's fee applications going forward.

6. **Hourly Rate Increases.** Ashurst LLP did not increase the hourly rates of any timekeepers during the Application period.

7. **Complete and Detailed Task Descriptions.** Local Rule 2016-2 (d) states "…activity descriptions…shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. A description of correspondence should identify the correspondent and the subject of the correspondence. Similarly, a description for preparation of

pleadings should identify the pleading drafted or revised. Activity descriptions for legal research should include the issues researched and the purpose of the research. The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level. Activity descriptions referencing conferences should include the name of the person(s) with whom the communication was held and the subject or purpose of the communication.

The preliminary report noted that we did not find the time entries of timekeeper Angela Pearson, particularly for the months of August 2013 and September 2013, to be sufficiently detailed to meet these requirements. In its response the firm indicated that Ms. Pearson's time entries have now been reviewed and amended to more accurately reflect the time spent by her on this case during the Application Period. The firm indicated that it is their intent that Ms. Pearson's time entries will be sufficiently detailed so as to meet the relevant requirements in Ashurst's fee applications going forward.

Master, Sidlow & Associates, P.A. reviewed the amended time schedules and does not recommend any reduction in fees for this matter.

8. **Travel.** Local Rule 2016-2(d) (viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates..." Master, Sidlow & Associates, P.A. identified no billing entries that describe travel time in the Application.

9. **Ashurst LLP Retention/Compensation.** Master, Sidlow & Associates, P.A. reviewed and identified entries related to the retention and compensation of Ashurst LLP. The firm billed 21.80 hours with associated fees of £6,950.00 to prepare the firm's retention documents and applications for compensation, which represents approximately 2% of the total fees billed by the firm.

## Review of Expenses

10. **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include ... Whether

applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Ashurst provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

11. **Photocopies.** Local Rule 2016-2(e) (iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page)..." Ashurst LLP states in its fee application that its rate for duplication is £0.70 per page. The preliminary reported noted that this amount exceeds U.S $.10 per page. In its response the firm stated:

> Ashurst agrees to voluntarily reduce our request for holdbacks on account of the Nineteenth Interim Fee Application by the net excess of expenses claimed in respect of duplication, which amount is £2,059.94 (approximately $3,374.18). By way of explanation, during the Application period, Ashurst claimed £3,105.97 for document production costs. Of this amount, £2,888.00 comprised printing and photocopying charges, representing 13,801 pages. Ashurst voluntarily agrees to reduce its per page duplication charge to £0.06 (approximately $0.10) which results in a revised total for document production costs for the Application period of £1,046.03. For your convenience, we have attached an Excel spreadsheet reflecting this calculation. It is our intent to maintain these copying rates in Ashurst's fee applications going forward.

Master, Sidlow & Associates, P.A. reviewed Ashurst's recalculation of the charges and recommends reduction of reimbursement of photocopies in the amount of $3,374.18 for the Application period.

12. **Computer – Assisted Legal Research.** Local Rule 2016(e) (iii) states "The motion shall state ... computer-assisted legal research charges (which shall not be more than the actual cost) ..." Ashurst LLP did not request reimbursement for computer–aided legal research in the Application.

13. **Facsimile.** Local Rule 2016-2(e)(iii) states "The motion shall state ... outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for

incoming facsimiles)." Ashurst LLP states in its fee applications that it does not charge for facsimile transmissions.

## Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the Nineteenth Interim Fee Application of Ashurst LLP and the fees and expenses requested therein. Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $617,343.26 and reimbursement of expenses in the amount of $2,446.52 for the period from August 1, 2013 through October 31, 2013, less any payments received by Ashurst LLP for fees and expenses under fee applications. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: _____
Judith M. Scarborough, CPA, CVA, CFF

2002 West 14th Street
Wilmington, DE 19806
Telephone: (302) 652-3480
Facsimile: (302) 656-8778
jscarborough@mastersidlow.com

Fee Examiner

**APPENDIX A**

ASHURST LLP
SUMMARY OF FINDINGS
19TH INTERIM FEE APPLICATION (AUGUST 1, 2013 through OCTOBER 31, 2013)

| | | | |
|---|---|---|---|
| **A.** | **Amounts Requested and Computed** | | |
| Fees Requested | | $ 617,343.26 | |
| Expenses Requested | | 5,820.70 | |
| TOTAL FEES AND EXPENSES REQUESTED | | | $ 623,163.96 |
| Fees Computed | | $ 617,343.26 | |
| Expenses Computed | | 2,446.52 | |
| TOTAL FEES AND EXPENSES COMPUTED | | | $ 619,789.78 |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | | $ 3,374.18 |
| **B.** | **Recommended Fee Allowance and Expense Reimbursement** | | |
| Fees Requested | | $ 617,343.26 | |
| RECOMMENDED FEE ALLOWANCE | | | $ 617,343.26 |
| Expenses Requested | | 5,820.70 | |
| Recommended reduction | | (3,374.18) | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 2,446.52 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $ 619,789.78 |