**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al., | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING**
**NINETEENTH QUARTERLY FEE APPLICATION OF**
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Nineteenth Quarterly Fee Application of Cleary Gottlieb Steen & Hamilton LLP ("Application"), for the period from August 1, 2013 through October 31, 2013, seeking approval of fees that total $21,351,224.50 and reimbursement of expenses that total $561,475.06. Cleary Gottlieb Steen & Hamilton LLP ("Cleary") are attorneys for the debtors.

## Background

1. Master, Sidlow & Associates, P.A. reviewed the firm's monthly fee applications and the Application, including each of the billing and expense entries shown in the exhibits to the monthly applications, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2. Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to Cleary Gottlieb Steen & Hamilton LLP and the firm provided a written response to that report. After consideration of the firm's responses to the preliminary report, Master, Sidlow & Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings
## Recomputation of Fees and Expenses

3. Master, Sidlow & Associates, P.A. recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rate.

## Review of Fees

4. **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The Application provides the name, position, and hourly rate of each timekeeper.

The firm billed a total of 61,862.90 hours with associated fees of $21,351,224.50. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 2,094.30 | 3% | $ 2,345,227.00 | 11% |
| Director | 37.70 | | 12,064.00 | |
| Counsel | 373.20 | 1% | 345,711.50 | 2% |
| Sr. Attorney | 954.00 | 2% | 829,980.00 | 4% |
| Associate | 12,052.80 | 19% | 7,706,544.50 | 36% |
| Temp Attorney | 39,665.00 | 64% | 7,957,075.00 | 37% |
| Summer Associate | 15.20 | | 5,244.00 | |
| Staff Attorney | 1,809.00 | 3% | 669,330.00 | 3% |
| Sr. Litigation Tech | 61.90 | | 16,403.50 | |
| Litigation Tech | 170.30 | | 45,165.50 | |
| Managing Clerk | 19.60 | | 3,234.00 | |
| Asst. Managing Clerk | 83.30 | | 13,069.50 | |
| Law Clerk | 950.80 | 2% | 443,828.00 | 2% |
| Paralegal | 2,876.60 | 5% | 749,132.50 | 4% |
| Temp Paralegal | 432.70 | 1% | 103,848.00 | 1% |
| International Lawyer | 200.70 | | 77,269.50 | |
| Trainee Solicitor | 52.00 | | 20,860.00 | |
| Assistant Manager | 7.00 | | 2,240.00 | |
| Knowledge Management Attorney | 6.80 | | 4,998.00 | |
| **TOTAL** | 61,862.90 | 100% | $21,351,224.50 | 100% |

The blended hourly rate for the Cleary is $345.14

In its preliminary report, Master, Sidlow & Associates, P.A. noted that Cleary's Application did not include a statement indicating whether the compensation is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11. In its response the firm stated:

> Cleary Gottlieb confirms that the compensation included in the Nineteenth Quarterly Fee Application Request of Cleary Gottlieb Steen & Hamilton LLP (the "Application") is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11. Cleary Gottlieb will include this representation in its fee applications to be filed going forward.

5.   **Hourly Rate Increases.**   Cleary did not increase the hourly rates of any timekeepers during the Application period.

6. **Complete and Detailed Task Descriptions.**  Local Rule 2016-2 (d) states "...activity descriptions...shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary."  The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity.  Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference."  Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter.  A description of correspondence should identify the correspondent and the subject of the correspondence.  Similarly, a description for preparation of pleadings should identify the pleading drafted or revised.  Activity descriptions for legal research should include the issues researched and the purpose of the research.  The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level.  Activity descriptions referencing conferences should include the name of the person(s) with whom the communication was held and the subject or purpose of the communication.  Master, Sidlow & Associates, P.A. found the activity descriptions in the Application to be sufficiently detailed.

The Preliminary Report noted that Exhibit A to the Fifty-Seventh Interim Application included hours totaling 290.20 for fees of $198,787.00 for Matthew Gurgel.  The schedule of Compensation by Professional reflected 263.40 hours for fees of $180,429.00 for Mr. Gurgel.  The Preliminary Report also noted that Exhibit A to the Fifty-Seventh Interim Application included fees of $124,761.00 for Inna Rozenberg.  The schedule of Compensation by Professional reflected fees of $124,671.00 for Ms. Rozenberg.  In its response the firm stated:

> These discrepancies were the result of inadvertent errors in entering the hour and fee totals for each of these two timekeepers into the schedule of Compensation by Professional in Cleary Gottlieb's Fifty-Seventh Interim Application for September 2013.  The correct September total for Mr. Gurgel is 290.20 hours for fees of $198,787.00, and the correct September total for Ms. Rozenberg is 143.30 hours for fees of $124,671.00.  Such correct amounts were reflected in overall totals in the schedule of

> Compensation by Professional, as well as in the diaries submitted in Exhibit A and in the overall amount requested in the Fifty-Seventh Interim Application. Therefore, Cleary Gottlieb does not believe that any adjustment in respect of such fees is necessary.

Master, Sidlow & Associates, P.A. does not recommend any reduction in fees for these matters.

The Preliminary Report also noted twenty-nine time entries where the detailed task and time description did not equal the total hours charged. In its response the firm stated:

> These discrepancies were the result of inadvertent errors in reconciling certain diary entries with the hour and fee totals for such diaries. As a result of these corrections, the total amount for Cleary Gottlieb's fees in the Application should be reduced by $7,044.00, bringing the total to $21,344,180.50 for the period. Cleary Gottlieb proposes that this reduction be reflected in the form of order submitted to the Court for approval of the Application.

The firm provided a spreadsheet that corrected the reconciliation errors. After reviewing and recalculating the revised entries, Master, Sidlow & Associates, P.A. accepts Cleary's revised time entries and recommends reduction of fees in the amount of $7,044.00.

7.   **Travel.**  Local Rule 2016-2(d) (viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates…" Cleary states in its applications that in accordance with Local Rule 2016-2, it has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

8.   **Time Period of Fees.**  The Fifty-Sixth, Fifty-Seventh and Fifty-Eighth Interim Applications each include a footnote indicating that the application includes certain fees incurred during a period related to a previously submitted fee application, but not entered into the Cleary Gottlieb accounting system until the period covered by the application.

9.   **Cleary Gottlieb Steen & Hamilton LLP Retention/Compensation.**  Master, Sidlow & Associates, P.A. reviewed and identified entries related to the retention and compensation of Cleary. The firm billed 557.70 hours with associated fees of $255,423.50 to

prepare the firm's retention documents and applications for compensation, which represents approximately 1.0% of the total fees billed by the firm.

### Review of Expenses

10. **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include … Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Cleary provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

11. **Time Period of Expenses Incurred.** The Fifty-Sixth, Fifty-Seventh and Fifty-Eighth Interim Applications each include a footnote indicating that the application includes certain expenses incurred during a period related to a previously submitted fee application, but not entered into the Cleary Gottlieb accounting system until the period covered by the application.

12. **Retained Professional.** The preliminary report notes that Exhibit B to the Fifty-Sixth Interim Application includes a footnote indicating, "The Debtors inadvertently made payment directly to the retained professional for these retained professional fees and expenses, totaling $13,618.90. Through this fee application, Cleary Gottlieb is seeking approval on behalf of the Debtors of such fees and expenses, but Cleary Gottlieb will not seek reimbursement from the Debtors for such fees and expenses and has not included the paid amounts in the total amount of expenses requested. The retained professional understands that the retained professional is required to disgorge any portion of such fees and expenses previously paid by the Debtors which are not approved by the Court as a part of this fee application."

The application for the retained professional included in the Fifty-Sixth Interim Application seeks reimbursement for travel expenses. However, the detail of the fees does not

include any entries noting travel time, and whether such time, if charged, has been reduced by 50%. In its response, the firm stated:

> Cleary Gottlieb has confirmed with the retained professional that such retained professional did not seek fees for any travel time in the retained professional's fee application included in the Fifty-Sixth Interim Application.

The preliminary report also notes that *United States Trustee Guidelines for Reviewing Applications for Compensation and Expenses Under 11 U.S.C §330* states that every fee application should include a "... statement of whether the compensation is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11." The retained professional's fee application included in the Fifty-Sixth Interim Application did not include such a statement. In its response the firm stated:

> Cleary Gottlieb has confirmed with the retained professional that the compensation included in retained professional's fee application included in the Fifty-Sixth Interim Application is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11. Cleary Gottlieb will ask retained professionals to include this representation in all retained professional fee applications to be filed going forward.

13.    **Photocopies.**  Local Rule 2016-2(e) (iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page)..." Cleary states in the Application that it charges $.10 per page for photocopying, and $.65 per page for color photocopying and printing. The firm requested reimbursement of $61,550.40 for duplicating charges.

14.    **Computer – Assisted Legal Research.**  Local Rule 2016(e) (iii) states "The motion shall state ... computer-assisted legal research charges (which shall not be more than the actual cost)..." The firm requested reimbursement of $24,794.04 for computer-assisted legal research in the Application.

15.    **Facsimile.**  Local Rule 2016-2(e) (iii) states "The motion shall state ... outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)." Cleary states in the Application that it charges $1.00 per page for

outgoing domestic facsimiles and does not charge for incoming facsimiles. The firm requested reimbursement of $12.00 for facsimiles in the Application.

16. **Travel Expenses.** The preliminary report notes The Application included Travel - Transportation expenses of $101,129.81. The detail included in the exhibits to the monthly fee applications does not include the travel class for the airfare or train fare. From the information provided, it could not be determined that the fares were coach rather than first class. In its response the firm stated:

> Cleary Gottlieb's normal procedure is to seek reimbursement for only the value of a standard class fare. When a timekeeper books travel at the coach class rate, Cleary Gottlieb seeks reimbursement for the actual value of the travel. Likewise, when a timekeeper books travel at the lowest standard rate for a given means of travel (such as booking a business class ticket on the Amtrak Acela Express – a means of travel for which all travel is considered either business class or first class), Cleary Gottlieb seeks reimbursement for the actual value of the travel. However, when a timekeeper books travel at the business or first class rate, and a coach class rate is available for that means of travel, the firm attempts to only request reimbursement for the approximate value of a coach class ticket on the same day and subject to similar terms and conditions. Cleary Gottlieb notes that it utilizes its Travel Department to provide an estimate of such coach class rate. The attached spreadsheet ... lists the airfare and train fare expenses included in the interim applications for August, September, and October 2013 and reflects that the firm has absorbed, and not sought reimbursement for, such difference between the coach and business or first class rate. Such absorbed amounts have been significant, particularly in relation to international travel. Due to an inadvertent error, above standard fares were expensed by the firm for two travel-transportation expenses included in the Fifty-Seventh Interim Application for September 2013 and Cleary Gottlieb proposes to reduce such expenses to the standard rate as set forth in the attached excel. Accordingly, the total amount for Cleary Gottlieb's expenses in the Application should be reduced by $455.00, bringing the total to $561,020.06 for the period. Cleary Gottlieb proposes that this reduction be reflected in the form of order submitted to the Court for approval of the Application.

After reviewing the documentation provided, Master, Sidlow & Associates, P.A. accepts Cleary's revised travel expense and recommends reduction of reimbursement of expenses in the amount of $455.00.

The preliminary report notes that the 56th, 57th and 58th interim application included Late Work-Transportation expenses totaling $108,108.56. This includes 120 trips with an average fare exceeding $75.00. In its response the firm stated:

> Cleary Gottlieb notes that the cost of certain trips will exceed $75.00. For example, trips from Cleary Gottlieb's New York office to residential destinations outside the five boroughs of New York City and trips from certain of Cleary Gottlieb's foreign offices to certain residential destinations may exceed $75.00 per trip.

Master, Sidlow & Associates, P.A. does not recommend any reduction in reimbursement of expenses for this matter.

### Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the Nineteenth Quarterly Fee Application of Cleary Gottlieb Steen & Hamilton LLP and the fees and expenses requested therein. Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $21,344,180.50 and reimbursement of expenses in the amount of $561,020.06 for the period from August 1, 2013 through October 31, 2013, less any interim payments received by Cleary Gottlieb Steen & Hamilton LLP for fees and expenses under fee applications. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: _____
Judith M. Scarborough, CPA, CVA, CFF
2002 West 14th Street
Wilmington, DE 19806
Telephone: (302) 652-3480
Facsimile: (302) 656-8778
jscarborough@mastersidlow.com

Fee Examiner

**APPENDIX A**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
SUMMARY OF FINDINGS
19TH QUARTERLY FEE APPLICATION (AUGUST 1, 2013 through OCTOBER 31, 2013)

| | | | |
|---|---|---|---|
| **A.** | **Amounts Requested and Computed** | | |
| Fees Requested | $ 21,351,224.50 | | |
| Expenses Requested | 561,475.06 | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $ | 21,912,699.56 |
| | | | |
| Fees Computed | $ 21,344,180.50 | | |
| Expenses Computed | 561,020.06 | | |
| | | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $ | 21,905,200.56 |
| | | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $ | (7,499.00) |
| | | | |
| **B.** | **Recommended Fee Allowance and Expense Reimbursement** | | |
| Fees Requested | $ 21,351,224.50 | | |
| Recommended Reduction | (7,044.00) | | |
| RECOMMENDED FEE ALLOWANCE | | $ | 21,344,180.50 |
| | | | |
| Expenses Requested | 561,475.06 | | |
| Recommended Reduction | (455.00) | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 561,020.06 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $ | 21,905,200.56 |