UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING
NINETEENTH INTERIM FEE APPLICATION OF
AKIN GUMP STRAUSS HAUER & FELD LLP**

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Nineteenth Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP ("Application"), for the period from August 1, 2013 through October 31, 2013, seeking approval of fees that total $6,750,847.25 and reimbursement of expenses that total $753,983.27. Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") is co-counsel to the Official Committee of Unsecured Creditors.

## Background

1. Master, Sidlow & Associates, P.A. reviewed the firm's monthly fee applications and the Application, including each of the billing and expense entries shown in the exhibits to the monthly applications, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2. Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to Akin Gump Strauss Hauer & Feld LLP and the firm provided a written response to that report. After consideration of the firm's responses to the preliminary report, Master, Sidlow & Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings
### Recomputation of Fees and Expenses

3. Master, Sidlow & Associates, P.A. recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rate.

### Review of Fees

4. **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The application provides the name, position, and hourly rate of each timekeeper.

The firm billed a total of 12,737.85 hours with associated fees of $6,750,847.25.

The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 2,385.65 | 19% | $2,132,667.50 | 32% |
| Senior Counsel | 397.50 | 3% | 281,060.00 | 4% |
| Counsel | 2,352.90 | 18% | 1,395,705.50 | 21% |
| Senior Atty. | 1,024.30 | 8% | 471,604.50 | 7% |
| Staff Atty. | 560.70 | 4% | 162,603.00 | 2% |
| Associate | 4,075.90 | 32% | 1,887,553.25 | 28% |
| Legal Asst. | 1,850.40 | 15% | 400,216.00 | 6% |
| Librarian | 90.50 | 1% | 19,437.50 | |
| **TOTAL** | 12,737.85 | 100% | $6,750,847.25 | 100% |

The blended hourly rate for the Akin Gump is $529.99.

The preliminary report noted that the Summary of Attorneys and Legal Assistants in the fifty-fifth monthly application indicates hourly billing rates of $650 and $535 for Michael Small and Anne S. Levin-Nussbaum, respectively. However, the rates charged were $690 and $530 for Mr. Small and Ms. Levin-Nussbaum, respectively. In its response the firm stated:

We have reviewed the rate information for Michael Small and Anne S. Levin-Nussbaum. The correct hourly billing rates for Mr. Small and Ms. Levin-Nussbaum are $690 and $530, respectively. Therefore, the rates charged were correct.

Master Sidlow & Associates, P.A. does not recommend any reduction of fees for this matter.

5.   **Hourly Rate Increases**.  Akin Gump did not increase the hourly rates of any timekeepers during the nineteenth quarterly period.

6.   **Complete and Detailed Task Descriptions.**  Local Rule 2016-2 (d) states "…activity descriptions…shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. A description of correspondence should identify the correspondent and the subject of the correspondence. Similarly, a description for preparation of pleadings should identify the pleading drafted or revised. Activity descriptions for legal research should include the issues researched and the purpose of the research. The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level. Activity descriptions referencing conferences should include the name of the person(s) with whom the communication was held and the subject or purpose of the communication. Master, Sidlow & Associates, P.A. found the activity descriptions in the Application to be sufficiently detailed.

The Preliminary Report noted one time entry where the detailed task and time description did not equal the total hours charged. In its response the firm stated:

> We have reviewed Patricia Ann Millet's August 19, 2013 time entry. We have determined that the total hours billed should be 0.3, not 0.6. We agree to voluntarily reduce our request for holdbacks on account of the Nineteenth Interim Fee Application by $246.00 (.3 * $820.00).

Master Sidlow & Associates, P.A. accepts Akin Gump's revised time entry and recommends reduction of fees in the amount of $246.00.

7.   **Travel.** Local Rule 2016-2(d) (viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates..." Akin Gump's fee applications indicate that travel is billed at 50% of actual time.

8.   **Akin Gump Strauss Hauer & Feld LLP Retention/Compensation.** Master, Sidlow & Associates, P.A. reviewed and identified entries related to the retention and compensation of Akin Gump. The firm billed 98.30 hours with associated fees of $48,110.50 to prepare the firm's retention documents and applications for compensation, which represents approximately 1% of the total fees billed by the firm.

### Review of Expenses

9.   **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include ... Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Akin Gump provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

The Application included expenses of $753,983.27, of which $638,893.67 represents fees and expenses of one or more Retained Professionals. Each monthly application included a

footnote that indicated that "Pursuant to the Order Modifying the Application of Local Rules 2014-1(C) and 2016-2(F) entered by this Court on March 5, 2013 (ECF No. 9584) (the "Retained Professional Order"), Akin Gump has included the fees and expenses of one or more Retained Professionals (as such term is defined in the Debtors' Motion for Entry of an Order Modifying the Application of Local Rules 2014-1(C) and 2016-2(F), ECF No. 9415) as an expense of Akin Gump in this Application.  Pursuant to the Retained Professional Order and the Fee Examiner Order, Akin Gump will be providing the time and expense records of the Committee's Retained Professionals under seal to the Court, the U.S. Trustee and the fee examiner."  Akin Gump provided the relevant time and expense records.

The Preliminary Report noted that the Fifty-Sixth Interim Application requests reimbursement of expenses in the amount of $130,807.61.  However, the detail provided only totals $130,407.61.  In its response the firm stated:

> We agree that the expenses total $130,407.61, not $130,807.61.  We will reduce the expenses requested pursuant to the Nineteenth Interim Fee Application by $400.

Master Sidlow & Associates, P.A. accepts Akin Gump's recommends reduction of reimbursement of expenses in the amount of $400.00.

The Preliminary Report noted that Exhibit D to the Fifty-Fifth Interim Application included one meal expense entry where the number of people was not included and therefore the reasonableness of the amount could not be determined.  In its response the firm provided details regarding the number of people.

Based on the additional information provided, Master Sidlow & Associates, P.A. judged the meal charge to be reasonable and does not recommend any reduction in expense reimbursement for this matter.

The Preliminary Report noted three instances where the retained professional fees expense detail included an entry where the detailed task and time description did not equal the total hours charged.  In its response the firm provided corrected time entry descriptions that show that the total hours charged were correct.

Master Sidlow & Associates, P.A. accepts Akin Gump's revised time entries and does not recommend any reduction of reimbursement of expenses for this matter.

10.     **Retained Professional Travel Expenses.** The Preliminary Report noted that the 56th and 57th Interim Applications included expenses related to a retained professional. The detail for airfare does not include the travel class. From the information provided, it could not be determined that the fares were coach rather than first class. In addition, the detail for lodging does not include the number of nights or whether any supplemental charges were included. From the information provided, it could not be determined whether the hotel rate was customary and reasonable. In its response the firm provided details regarding travel class for the airfare, and the number of nights and whether any supplemental charges were included for the lodging.

Master Sidlow & Associates, P.A. reviewed Akin Gump's documentation and does not recommend any reduction of reimbursement of expenses for these matters.

11.     **Airfare/Train.** The Preliminary Report noted instances where the monthly applications requested reimbursement for airfare and train fare but the detail included in the fee application does not include the travel class. From the information provided, it could not be determined that the fares were coach rather than first class. In its response the firm stated:

> As a rule, we reduce our request for reimbursement on account of first class train travel to the rate charged for a typical business class train fare. In the future, we will edit our expense entries to note that the reimbursement requested reflects a reduction from a first class ticket.
>
> Akin Gump attorneys travel in economy class for flights of 5 or fewer hours. However, on flights exceeding 5 hours, Akin Gump attorneys, on both non-bankruptcy and bankruptcy matters, request reimbursement for a reasonable business class fare, when available, or a reasonable first class fare, if business class is not available. The US Trustee is aware of this policy and has raised no objection.

Master Sidlow & Associates, P.A. reviewed Akin Gump's explanation and additional documentation and does not recommend any reduction of reimbursement of expenses for these matters.

12.     **Photocopies.** Local Rule 2016-2(e) (iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page)..." Akin Gump states in the Application that its rate for internal duplication is $0.10 per page. The firm requested reimbursement of $12,526.70 for in-house duplication in the Application.

13.  **Computer – Assisted Legal Research.**  Local Rule 2016(e) (iii) states "The motion shall state … computer-assisted legal research charges (which shall not be more than the actual cost)…" Akin Gump states in the Application that the firm has negotiated a discounted transactional rate for computer assisted legal research.  The firm requested reimbursement of $18,313.69 for computer-assisted legal research in the Application.

The Preliminary Report noted that the 55th and 56th Interim Applications included expense related to a retained professional for Factiva and Thomson One in the amount of $8,210.00 and $5,000.00, respectively.  Verification that these charges are not more than the firm's actual cost, in accordance with Local Rule 2016(e) (iii), was requested.  In its response the firm stated:

> Our retained professional has confirmed that it has not charged more than the firm's actual costs for expenses related to Factiva and Thomson One.

Master Sidlow & Associates, P.A. does not recommend any reduction of reimbursement of expenses for this matter.

14.  **Facsimile.**  Local Rule 2016-2(e) (iii) states "The motion shall state … outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)." Akin Gump states in the Application that the firm does not charge for facsimile transmissions.

## Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the Nineteenth Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP and the fees and expenses requested therein.  Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $6,750,601.25 and reimbursement of expenses in the amount of $753,583.27 for the period from August 1, 2013 through October 31, 2013, less any interim payments received by Akin Gump Strauss Hauer & Feld LLP for fees and expenses under fee applications.  A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: _____/s/ Judith M. Scarborough_____
Judith M. Scarborough, CPA, CVA, CFF
2002 West 14th Street
Wilmington, DE 19806
Telephone: (302) 652-3480
Facsimile: (302) 656-8778

Fee Examiner

**APPENDIX A**

AKIN GUMP STRAUSS HAUER & FELD LLP
SUMMARY OF FINDINGS
19TH INTERIM FEE APPLICATION (AUGUST 1, 2013 through OCTOBER 31, 2013)

| | | | |
|---|---|---:|---:|
| **A.** | **Amounts Requested and Computed** | | |
| Fees Requested | | $ 6,750,847.25 | |
| Expenses Requested | | 753,983.27 | |
| TOTAL FEES AND EXPENSES REQUESTED | | | $ 7,504,830.52 |
| Fees Computed | | $ 6,750,601.25 | |
| Expenses Computed | | 753,583.27 | |
| TOTAL FEES AND EXPENSES COMPUTED | | | $ 7,504,184.52 |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | | $ (646.00) |
| **B.** | **Recommended Fee Allowance and Expense Reimbursement** | | |
| Fees Requested | | $ 6,750,847.25 | |
| Recommended Reduction | | (246.00) | |
| RECOMMENDED FEE ALLOWANCE | | | $ 6,750,601.25 |
| Expenses Requested | | 753,983.27 | |
| Recommended Reduction | | (400.00) | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 753,583.27 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $ 7,504,184.52 |