# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-10138 (KG) |
| Nortel Networks Inc., et al.,[1] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Objection Deadline: February 18, 2014 at 4:00 p.m.** |
| | ) | |
| | ) | |

**FIFTY-NINTH MONTHLY APPLICATION OF ASHURST LLP,
EUROPEAN COUNSEL FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF
COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES
FOR SERVICES RENDERED DURING THE PERIOD FROM
DECEMBER 01, 2013 THROUGH DECEMBER 31, 2013**

This is a(n):   X   monthly _____ interim _____ final application.

Name of Applicant:   Ashurst LLP

Authorized to Provide
Professional Services to:   The Official Committee of Unsecured Creditors

Date of Retention:   March 5, 2009 (nunc pro tunc to January 30, 2009)

Period for which Compensation
and Reimbursement is sought:   December 01, 2013 through December 31, 2013

Amount of Compensation sought as
actual, reasonable and necessary   £85,688.50 (US $141,788.76)[2]

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary:   £208.27 (US $344.62)[3]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems, Inc. (9769); Nortel Altsystems International, Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

[2] The amount stated in parenthesis is for informational purposes only and reflects the international foreign exchange rate of £1 to US $1.65 as published by Bloomberg.com on the date of this application.

[3] The amount stated in parenthesis is for informational purposes only and reflects the international foreign exchange rate of £1 to US $1.65 as published by Bloomberg.com on the date of this application.

1

33479603

**SUMMARY OF PREVIOUS FEE APPLICATIONS**

**FOR THE PERIOD THROUGH DECEMBER 31, 2013**

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 30/01/2009 – 28/02/2009<br><br>(First Monthly Fee Application)<br><br>Docket No. 517 | £97,645.50 | £332.52 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Ashurst 100% of the fees and expenses requested in the First Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the First Monthly Fee Application. |
| 01/03/2009 – 31/03/2009<br><br>(Second Monthly Fee Application)<br><br>Docket No. 648 | £67,637.50 | £113.96 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Ashurst 100% of the fees and expenses requested in the Second Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Second Monthly Fee Application. |
| 01/04/2009 – 30/04/2009<br><br>(Third Monthly Fee Application)<br><br>Docket No. 781 | £77,055.75 | £132.18 | On July 17, 2009, this Court entered an order (Docket No. 1103) awarding Ashurst 100% of the fees and expenses requested in the Third Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Third Monthly Fee Application. |
| 01/05/2009 – 31/05/2009<br><br>(Fourth Monthly Fee Application)<br><br>Docket No. 949 | £82,445.50 | £209.58 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Ashurst 100% of the fees and expenses requested in the Fourth Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Fourth Monthly Fee Application. |
| 01/06/2009 – 30/06/2009<br><br>(Fifth Monthly Fee Application)<br><br>Docket No. 1253 | £115,135.29 | £330.71 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Ashurst 100% of the fees and expenses requested in the Fifth Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Fifth Monthly Fee Application. |

33479603

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/07/2009 – 31/07/2009<br><br>(Sixth Monthly Fee Application)<br><br>Docket No. 1385 | £16,941.50 | £73.60 | On September 30, 2009, this Court entered an order (Docket No. 1582) awarding Ashurst 100% of the fees and expenses requested in the Sixth Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Sixth Monthly Fee Application. |
| 01/08/2009 – 31/08/2009<br><br>(Seventh Monthly Fee Application)<br><br>Docket No. 1554 | £30,473.00 | £124.65 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Ashurst 100% of the fees and expenses requested in the Seventh Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Seventh Monthly Fee Application. |
| 01/09/2009 – 30/09/2009<br><br>(Eighth Monthly Fee Application)<br><br>Docket No. 1746 | £126,125.00 | £669.85 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Ashurst 100% of the fees and expenses requested in the Eighth Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Eighth Monthly Fee Application. |
| 01/10/2009 – 31/10/2009<br><br>(Ninth Monthly Fee Application)<br><br>Docket No. 1972 | £68,035.00 | £751.58 | On December 15, 2009, this Court entered an order (Docket No. 2143) awarding Ashurst 100% of the fees and expenses requested in the Ninth Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Ninth Monthly Fee Application. |
| 01/11/2009 – 30/11/2009<br><br>(Tenth Monthly Fee Application)<br><br>Docket No. 2208 | £85,744.00 | £295.39 | On March 17, 2010, this Court entered an order (Docket No. 2730) awarding Ashurst 100% of the fees and expenses requested in the Tenth Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Tenth Monthly Fee Application. |
| 01/12/2009 – 31/12/2009<br><br>(Eleventh Monthly Fee Application)<br><br>Docket No. 2366 | £39,771.25 | £157.33 | On March 17, 2010, this Court entered an order (Docket No. 2730) awarding Ashurst 100% of the fees and expenses requested in the Eleventh Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Eleventh Monthly Fee Application. |

33479603

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/2010 -- 31/01/2010<br><br>(Twelfth Monthly Fee Application)<br><br>Docket No. 2497 | £82,476.50 | £231.04 | On March 17, 2010, this Court entered an order (Docket No. 2730) awarding Ashurst 100% of the fees and expenses requested in the Twelfth Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Twelfth Monthly Fee Application. |
| 01/02/2010 – 28/02/2010<br><br>(Thirteenth Monthly Fee Application)<br><br>Docket No. 2771 | £70,921.00 | £208.78 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Ashurst 100% of the fees and expenses requested in the Thirteenth Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Thirteenth Monthly Fee Application. |
| 01/03/2010 – 31/03/2010<br><br>(Fourteenth Monthly Fee Application)<br><br>Docket No.2918 | £29,316.50 | £110.72 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Ashurst 100% of the fees and expenses requested in the Fourteenth Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Fourteenth Monthly Fee Application. |
| 01/04/2010 -- 30/04/2010<br><br>(Fifteenth Monthly Fee Application)<br><br>Docket No. 3088 | £75,934.50 | £4,885.11 | On June 24, 2010, this Court entered an order (Docket No. 3217) awarding Ashurst 100% of the fees and expenses requested in the Fifteenth Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Fifteenth Monthly Fee Application. |
| 01/05/2010 – 31/05/2010<br><br>(Sixteenth Monthly Fee Application)<br><br>Docket No. 3235 | £31,657.50 | £163.27 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Ashurst 100% of the fees and expenses requested in the Sixteenth Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Sixteenth Monthly Fee Application. |
| 01/06/2010 – 30/06/2010<br><br>(Seventeenth Monthly Fee Application)<br><br>Docket No. 3751 | £28,869.50 | £27.39 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Ashurst 100% of the fees and expenses requested in the Seventeenth Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Seventeenth Monthly Fee Application. |

33479603

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/07/2010 – 31/07/2010<br><br>(Eighteenth Monthly Fee Application)<br><br>Docket No. 3818 | £14,207.50 | £44.10 | On September 30, 2010, this Court entered an order (Docket No. 4048) awarding Ashurst 100% of the fees and expenses requested in the Eighteenth Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Eighteenth Monthly Fee Application. |
| 01/08/2010 – 31/08/2010<br><br>(Nineteenth Monthly Fee Application)<br><br>Docket No. 4024 | £17,934.50 | £105.32 | On December 15, 2010, this Court entered an order (Docket No. 4605) awarding Ashurst 100% of the fees and expenses requested in the Nineteenth Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Nineteenth Monthly Fee Application. |
| 01/09/2010 – 30/09/2010<br><br>(Twentieth Monthly Fee Application)<br><br>Docket No. 4228 | £57,207.00 | £179.15 | On December 15, 2010, this Court entered an order (Docket No. 4605) awarding Ashurst 100% of the fees and expenses requested in the Twentieth Monthly Fee Application. Ashurst has received payment of 100% of the fees and 100% of the expenses requested in the Twentieth Monthly Fee Application. |
| 01/10/2010 – 31/10/2010<br><br>(Twenty-First Monthly Fee Application)<br><br>Docket No. 4395 | £68,958.50 | £467.29 | On December 15, 2010, this Court entered an order (Docket No. 4605) awarding Ashurst 100% of the fees and expenses requested in the Twenty-First Monthly Fee Application. Ashurst has received 100% of the fees and 100% of the expenses requested in the Twenty-First Monthly Fee Application. |
| 01/11/2010 – 30/11/2010<br><br>(Twenty-Second Monthly Fee Application)<br><br>Docket No. 4646 | £137,649.50 | £8,866.54 | On March 23, 2011, this Court entered an order (Docket No. 5156) awarding Ashurst 100% of the fees and expenses requested in the Twenty-Second Monthly Fee Application. Ashurst has received 100% of the fees and expenses requested in the Twenty-Second Monthly Fee Application. |
| 01/12/2010 – 31/12/2010<br><br>(Twenty-Third Monthly Fee Application)<br><br>Docket No. 4773 | £63,286.50 | £140.39 | On March 23, 2011, this Court entered an order (Docket No. 5156) awarding Ashurst 100% of the fees and expenses requested in the Twenty-Third Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Twenty-Third Monthly Fee Application. |

33479603

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/2011 – 31/01/2011<br><br>(Twenty-Fourth Monthly Fee Application)<br><br>Docket No. 4990 | £45,550.00 | £1074.07 | On March 23, 2011, this Court entered an order (Docket No. 5156) awarding Ashurst 100% of the fees and expenses requested in the Twenty-Fourth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Twenty-Fourth Monthly Fee Application. |
| 01/02/2011 – 28/02/2011<br><br>(Twenty-Fifth Monthly Fee Application)<br><br>Docket No. 5168 | £135,847.00 | £512.47 | On June 21, 2011, this Court entered an order (Docket No. 5781) awarding Ashurst 100% of the fees and expenses requested in the Twenty-Fifth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Twenty-Fifth Monthly Fee Application. |
| 01/03/2011 – 31/03/2011<br><br>(Twenty-Sixth Monthly Fee Application)<br><br>Docket No. 5333 | £222,660.00 | £5,975.08 | On June 21, 2011, this Court entered an order (Docket No. 5781) awarding Ashurst 100% of the fees and expenses requested in the Twenty-Sixth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Twenty-Sixth Monthly Fee Application. |
| 01/04/2011 – 30/04/2011<br><br>(Twenty-Seventh Monthly Fee Application)<br><br>Docket No. 5434 | £96,139.50 | £907.09 | On June 21, 2011, this Court entered an order (Docket No. 5781) awarding Ashurst 100% of the fees and expenses requested in the Twenty-Seventh Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Twenty-Seventh Monthly Fee Application. |
| 01/05/2011 – 31/05/2011<br><br>(Twenty-Eighth Monthly Fee Application)<br><br>Docket No. 5814 | £113,724.00 | £27,340.17 | On September 21, 2011, this Court entered an order (Docket No. 6444) awarding Ashurst 100% of the fees and expenses requested in the Twenty-Eighth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Twenty-Eighth Monthly Fee Application. |
| 01/06/2011 – 30/06/2011<br><br>(Twenty-Ninth Monthly Fee Application)<br><br>Docket No. 6052 | £153,619.00 | £8,845.73 | On September 21, 2011, this Court entered an order (Docket No. 6444) awarding Ashurst 100% of the fees and expenses requested in the Twenty-Ninth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Twenty-Ninth Monthly Fee Application. |

33479603

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/07/2011 – 31/07/2011<br><br>(Thirtieth Monthly Fee Application)<br><br>Docket No. 6276 | £284,753.50 | £2,262.41 | On September 21, 2001, this Court entered an order (Docket No. 6444) awarding Ashurst 100% of the fees and expenses requested in the Thirtieth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Thirtieth Monthly Fee Application. |
| 01/08/2011 – 31/08/2011<br><br>(Thirty-First Monthly Fee Application)<br><br>Docket No. 6516 | £349,215.50 | £400.40 | On December 14, 2011, this Court entered an order (Docket No. 6979) awarding Ashurst 100% of the fees and expenses requested in the Thirty-First Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Thirty-First Monthly Fee Application. |
| 01/09/2011 – 30/09/2011<br><br>(Thirty-Second Monthly Fee Application)<br><br>Docket No. 6697 | £256,463.00 | £3,408.70 | On December 14, 2011, this Court entered an order (Docket No. 6979) awarding Ashurst 100% of the fees and expenses requested in the Thirty-Second Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Thirty-Second Monthly Fee Application. |
| 01/10/2011 – 31/10/2011<br><br>(Thirty-Third Monthly Fee Application)<br><br>Docket No. 6830 | £151,560.00 | £9,102.06 | On December 14, 2011, this Court entered an order (Docket No. 6979) awarding Ashurst 100% of the fees and expenses requested in the Thirty-Third Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Thirty-Third Monthly Fee Application. |
| 01/11/2011 – 30/11/2011<br><br>(Thirty-Fourth Monthly Fee Application)<br><br>Docket No. 7001 | £60,613.50 | £4,994.66 | On March 21, 2012, this Court entered an order (Docket No. 7421) awarding Ashurst 100% of the fees and expenses requested in the Thirty-Fourth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Thirty-Fourth Monthly Fee Application. |
| 01/12/2011 – 31/12/2011<br><br>(Thirty-Fifth Monthly Fee Application)<br><br>Docket No. 7127 | £61,924.50 | £1,819.55 | On March 21, 2012, this Court entered an order (Docket No. 7421) awarding Ashurst 100% of the fees and expenses requested in the Thirty-Fifth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Thirty-Fifth Monthly Fee Application. |

33479603

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/2012 – 31/01/2012<br><br>(Thirty-Sixth Monthly Fee Application)<br><br>Docket No. 7260 | £17,562.50 | £197.43 | On March 21, 2012, this Court entered an order (Docket No. 7421) awarding Ashurst 100% of the fees and expenses requested in the Thirty-Sixth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Thirty-Sixth Monthly Fee Application. |
| 01/02/2012 – 29/02/2012<br><br>(Thirty-Seventh Monthly Fee Application)<br><br>Docket No. 7456 | £13,598.50 | £31.34 | On June 21, 2012, this Court entered an order (Docket No. 7889) awarding Ashurst 100% of the fees and expenses requested in the Thirty-Seventh Monthly Fee Application.  Ashurst has received payment of 100% of the fees and expenses requested in the Thirty-Seventh Monthly Fee Application. |
| 01/03/2012 – 31/03/2012<br><br>(Thirty-Eighth Monthly Fee Application)<br><br>Docket No. 7582 | £16,502.50 | £98.93 | On June 21, 2012, this Court entered an order (Docket No. 7889) awarding Ashurst 100% of the fees and expenses requested in the Thirty-Eighth Monthly Fee Application.  Ashurst has received payment of 100% of the fees and expenses requested in the Thirty-Eighth Monthly Fee Application. |
| 01/04/2012 – 30/04/2012<br><br>(Thirty-Ninth Monthly Fee Application)<br><br>Docket No. 7694 | £13,143.50 | £92.16 | On June 21, 2012, this Court entered an order (Docket No. 7889) awarding Ashurst 100% of the fees and expenses requested in the Thirty-Ninth Monthly Fee Application.  Ashurst has received payment of 100% of the fees and expenses requested in the Thirty-Ninth Monthly Fee Application. |
| 01/05/2012 – 31/05/2012<br><br>(Fortieth Monthly Fee Application)<br><br>Docket No. 7901 | £10,471.50 | £88.14 | On September 19, 2012, this Court entered an order (Docket No. 8524) awarding Ashurst 100% of the fees and expenses requested in the Fortieth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Fortieth Monthly Fee Application. |
| 01/06/2012 – 30/06/2012<br><br>(Forty-First Monthly Fee Application)<br><br>Docket No. 8062 | £45,656.00 | £172.82 | On September 19, 2012, this Court entered an order (Docket No. 8524) awarding Ashurst 100% of the fees and expenses requested in the Forty-First Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Forty-First Monthly Fee Application. |

33479603

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/07/2012 – 31/07/2012<br><br>(Forty-Second Monthly Fee Application)<br><br>Docket No. 8315 | £19,387.00 | £35.36 | On September 19, 2012, this Court entered an order (Docket No. 8524) awarding Ashurst 100% of the fees and expenses requested in the Forty-Second Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Forty-Second Monthly Fee Application. |
| 01/08/2012 – 31/08/2012<br><br>(Forty-Third Monthly Fee Application)<br><br>Docket No. 8453 | £31,168.50 | £155.00 | On December 17, 2012, this Court entered an order (Docket No. 9133) awarding Ashurst 100% of the fees and expenses requested in the Forty-Third Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Forty-Third Monthly Fee Application. |
| 01/09/2012 – 30/09/2012<br><br>(Forty-Fourth Monthly Fee Application)<br><br>Docket No. 8852 | £33,140.00 | £7,186.93 | On December 17, 2012, this Court entered an order (Docket No. 9133) awarding Ashurst 100% of the fees and expenses requested in the Forty-Fourth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Forty-Fourth Monthly Fee Application. |
| 01/10/2012 – 31/10/2012<br><br>(Forty-Fifth Monthly Fee Application)<br><br>Docket No. 8958 | £54,030.00 | £254.34 | On December 17, 2012, this Court entered an order (Docket No. 9133) awarding Ashurst 100% of the fees and expenses requested in the Forty-Fifth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Forty-Fifth Monthly Fee Application. |
| 01/11/2012 – 30/11/2012<br><br>(Forty-Sixth Monthly Fee Application)<br><br>Docket No. 9177 | £20,211.00 | £666.57 | On March 26, 2013, this Court entered an order (Docket No. 9787) awarding Ashurst 100% of the fees and expenses requested in the Forty-Sixth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Forty-Sixth Monthly Fee Application. |
| 01/12/2012 – 31/12/2012<br><br>(Forty-Seventh Monthly Fee Application)<br><br>Docket No. 9325 | £13,448.00 | £54.36 | On March 26, 2013, this Court entered an order (Docket No. 9787) awarding Ashurst 100% of the fees and expenses requested in the Forty-Seventh Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Forty-Seventh Monthly Fee Application. |

33479603

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/01/2013 – 31/01/2013<br><br>(Forty-Eighth Monthly Fee Application)<br><br>Docket No. 9534 | £90,468.50 | £6,639.04 | On March 26, 2013, this Court entered an order (Docket No. 9787) awarding Ashurst 100% of the fees and expenses requested in the Forty-Eighth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Forty-Eighth Monthly Fee Application. |
| 01/02/2013 – 28/02/2013<br><br>(Forty-Ninth Monthly Fee Application)<br><br>Docket No. 9873 | £64,787.00 | £4,005.52 | On June 25, 2013, this Court entered an order (Docket No. 11027) awarding Ashurst 100% of the fees and expenses requested in the Forty-Ninth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Forty-Ninth Monthly Fee Application. |
| 01/03/2013 – 31/03/2013<br><br>(Fiftieth Monthly Fee Application)<br><br>Docket No. 10377 | £33,605.50 | £174.90 | On June 25, 2013, this Court entered an order (Docket No. 11027) awarding Ashurst 100% of the fees and expenses requested in the Fiftieth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Fiftieth Monthly Fee Application. |
| 01/04/2013 – 30/04/2013<br><br>(Fifty-First Monthly Fee Application)<br><br>Docket No. 10677 | £63,929.00 | £232.29 | On June 25, 2013, this Court entered an order (Docket No. 11027) awarding Ashurst 100% of the fees and expenses requested in the Fifty-First Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Fifty-First Monthly Fee Application. |
| 01/05/2013 – 31/05/2013<br><br>(Fifty-Second Monthly Fee Application)<br><br>Docket No. 11034 | £178,937.00 | £989.95 | On 3 December 2013, this Court entered an order (Docket No. 12563) awarding Ashurst 100% of the fees and expenses requested in the Fifty-Second Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Fifty-Second Monthly Fee Application. |
| 01/06/2013 – 30/06/2013<br><br>(Fifty-Third Monthly Fee Application)<br><br>Docket No. 11233 | £47,141.50 | £413.86 | On 3 December 2013, this Court entered an order (Docket No. 12563) awarding Ashurst 100% of the fees and expenses requested in the Fifty-Third Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Fifty-Third Monthly Fee Application. |

33479603

| Time Period | Fees Requested | Expenses Requested | Status |
|---|---|---|---|
| 01/07/2013 – 31/07/2013<br><br>(Fifty-Fourth Monthly Fee Application)<br><br>Docket No. 11394 | £47,193.50 | £264.18 | On 3 December 2013, this Court entered an order (Docket No. 12563) awarding Ashurst 100% of the fees and expenses requested in the Fifty-Fourth Monthly Fee Application. Ashurst has received payment of 100% of the fees and expenses requested in the Fifty-Fourth Monthly Fee Application. |
| 01/08/2013 – 31/08/2013<br><br>(Fifth-Fifth Monthly Fee Application)<br><br>Docket No. 11777 | £35,556.00 | £15.72 | On 22 October 2013, a certificate of no objection (Docket No. 11982) with respect to the Fifty-Fifth Monthly Fee Application was filed with the Court. Ashurst has received payment of 80% of the fees and 100% of the expenses requested in the Fifty-Fifth Monthly Fee Application. |
| 01/09/2013 -- 30/09/2013<br><br>(Fifty-Sixth Monthly Fee Application)<br><br>Docket No. 12226 | £70,686.00 | £317.53 | On 21 November 2013, a certificate of no objection (Docket No. 12472) with respect to the Fifty-Sixth Monthly Fee Application was filed with the Court. Ashurst has received payment of 80% of the fees and 100% of the expenses requested in the Fifty-Sixth Monthly Fee Application. |
| 01/10/2013 – 31/10/2013<br><br>(Fifty-Seventh Monthly Fee Application)<br><br>Docket No. 12527 | £272,798.50 | £3,240.58 | On 20 December 2013, a certificate of no objection (Docket No. 12691) with respect to the Fifty-Seventh Monthly Fee Application was filed with the Court. Ashurst has received payment of 80% of the fees and 100% of the expenses requested in the Fifty-Seventh Monthly Fee Application. |
| 01/11/2013 – 30/11/2013<br><br>(Fifty-Eighth Monthly Fee Application)<br><br>Docket No. 12695 | £126,531.50 | £3,249.96 | On 14 January 2014, a certificate of no objection (Docket No. 12835) with respect to the Fifty-Eigth Monthly Fee Application was filed with the Court. Ashurst has received payment of 80% of the fees and 100% of the expenses requested in the Fifty-Eighth Monthly Fee Application. |

33479603

## SUMMARY OF ATTORNEYS AND LEGAL ASSISTANTS
## RENDERING SERVICES DURING THE PERIOD
## DECEMBER 01, 2013 THROUGH DECEMBER 31, 2013

| Name of Professional Person | Position of the Applicant, Number of Years in that Position at Current or Prior Firms, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation Requested (£) |
|---|---|---|---|---|
| Giles Boothman | Partner for 12 years; Admitted in 1993 in England and Wales; Restructuring and Special Situations Group, London | £800 | 2.2 | 1,760.00 |
| Angela Pearson | Partner for 7 years; Admitted in 1991 in England and Wales; Dispute Resolution Group, London | £715 | 6.6 | 4,719.00 |
| Marcus Fink | Partner for 1 year; Admitted in 2001 in England and Wales; Employment, Incentives and Pensions Group, London | £690 | 6.6 | 4,554.00 |
| Inga West | Professional Development Lawyer; Admitted in 1997 in England and Wales; Restructuring and Special Situations Group, London | £550 | 0.7 | 385.00 |
| Antonia Croke | Associate for 6 years; Admitted in 2007 in New South Wales, Australia; Dispute Resolution Group, London | £520 | 86.2 | 44,824.00 |
| Andy Wright | Associate for 4 years; Admitted in 2009 in England and Wales; Employment, Incentives and Pensions Group, London | £435 | 3.5 | 1,522.50 |
| Lucinda Hill | Associate for 4 years; Admitted in 2009 in Victoria, Australia; Dispute Resolution Group, London | £405 | 35.5 | 14,377.50 |
| Sophie Law | Newly qualified Associate; Admitted in 2012 in England and Wales; Dispute Resolution Group, London | £325 | 12.1 | 3,932.50 |
| Annie Morrin | Trainee Solicitor; Dispute Resolution Group, London | £190 | 48.1 | 9,139.00 |
| Emma James | Trainee Solicitor; Dispute Resolution Group, London | £190 | 2.5 | 475.00 |
| **TOTAL** | | | **204.0** | **85,688.50** |

33479603

**COMPENSATION BY PROJECT CATEGORY**
**DECEMBER 01, 2013 THROUGH DECEMBER 31, 2013**

| Project Category | Total Hours | Total Fees (£) |
|---|---|---|
| General Case Administration | 4.6 | 1,558.00 |
| Ashurst Fee Application / Monthly Billing Reports | 9.4 | 3,652.50 |
| Creditors Committee Meetings | 8.0 | 2,997.50 |
| Financial Reports and Analysis | 0.7 | 448.00 |
| Canadian Proceedings/Matters | 0.6 | 312.00 |
| Labor Issues / Employee Benefits | 44.3 | 20,509.50 |
| Intercompany Analysis | 136.4 | 56,211.00 |
| **TOTAL** | **204.0** | **85,688.50** |

33479603

**DISBURSEMENT SUMMARY**

**DECEMBER 01, 2013 THROUGH DECEMBER 31, 2013**

| | |
|---|---:|
| Document Production | £57.18 |
| Travel – Ground Transportation | £96.57 |
| Meals | £12.52 |
| Search Fees (Court) | £42.00 |
| **TOTAL** | **£208.27** |

33479603

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-10138 (KG) |
| Nortel Networks Inc., et al.,[4] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Objection Deadline: February 18, 2014 at 4:00 p.m.** |
| | ) | |

**FIFTY-NINTH MONTHLY APPLICATION OF ASHURST LLP,
EUROPEAN COUNSEL FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF
COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES
FOR SERVICES RENDERED DURING THE PERIOD FROM
DECEMBER 01, 2013 THROUGH DECEMBER 31, 2013**

Ashurst LLP ("Ashurst" or the "Applicant"), European counsel to the Official

Committee of Unsecured Creditors (the "Committee") of Nortel Networks Inc., et al. (the

"Debtors"), hereby submits its monthly application (the "Application") pursuant to (i) sections

330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local

Rules of Bankruptcy Procedure for the District of Delaware (the "Local Rules"), and (iv) the

Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del.

Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of

Fees and Expenses for Professionals and Official Committee Members entered on February 4,

2009 (the "Administrative Fee Order"), for interim allowance of compensation for services

---

[4]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel
Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems, Inc. (9769); Nortel Altsystems
International, Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel
Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel
Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358);
Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc.
(4226).

33479603

rendered in the aggregate amount of £85,688.50 and for reimbursement of actual and necessary expenses incurred by Ashurst in connection therewith in the amount of £208.27 for the period from December 01, 2013 through December 31, 2013. In support of this Application, Ashurst respectfully states as follows:

### I.     JURISDICTION AND VENUE

1.    This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are sections 1103 and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

### II.     BACKGROUND

2.    On January 14, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "U.S. Proceeding") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors have continued to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On January 15, 2009, the Court entered an order jointly administering these cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only.

3.    On January 14, 2009, the High Court of Justice in England placed nineteen of the Debtors' European affiliates (collectively, the "EMEA Debtors") into administration (the "European Proceedings" and together with the U.S. Proceeding, the "Insolvency Proceedings") under the control of individuals from Ernst & Young LLC.

4.    On January 22, 2009 (the "Committee Formation Date"), pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "US Trustee")

33479603

appointed the Committee. The Committee currently consists of three members.[5] No trustee or examiner has been appointed in these chapter 11 cases.

5.    On January 30 2009, pursuant to section 328 and 1103(a) of the Bankruptcy Code, the Committee selected Ashurst to serve as European counsel to the Committee. On March 5, 2009, this Court entered an order authorizing the retention of Ashurst as European counsel to the Committee, *nunc pro tunc* to January 30, 2009.

## III.    RELIEF REQUESTED

6.    By this Application, Ashurst seeks (i) interim allowance and award of compensation for the professional services rendered by Ashurst as attorneys for the Committee for the period from December 01, 2013 through December 31, 2013 (the "Compensation Period") in the amount of £85,688.50 representing 204.0 hours in professional services; and (ii) reimbursement of actual and necessary expenses incurred by Ashurst during the Compensation Period in connection with the rendition of such professional services and paraprofessional services in the amount of £208.27.

7.    Pursuant to the Administrative Fee Order, Ashurst is seeking payment of £68,550.80 of fees (representing 80% of its fees) and £208.27 for reimbursement of expenses relating to services rendered during the Compensation Period.

8.    Ashurst has received no payment and no promises for payment from any source for services rendered in connection with these chapter 11 cases. There is no agreement or understanding between the Applicant and any other person (other than members of Ashurst) for the sharing of compensation to be received for the services rendered in these cases.

---

[5]    The Committee is comprised of the following entities: Law Debenture Trust Company of New York as indenture trustee; Pension Benefit Guaranty Corporation; and The Bank of New York Mellon as indenture trustee.

33479603

9.    Ashurst believes that the compensation it charges for its services on behalf of the Committee is based on the customary compensation charged by comparably skilled professionals in cases other than cases under chapter 11.

10.    As stated in the Affirmation of Giles Boothman, Esq. (the "Boothman Affirmation"), annexed hereto as Exhibit A, all of the services for which interim compensation is sought herein were rendered for or on behalf of the Committee solely in connection with these cases.

## IV.    SUMMARY OF SERVICES RENDERED

11.    Ashurst has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the Debtors' unsecured creditors during the Compensation Period.  The variety and complexity of the issues in these Insolvency Proceedings and the need to act or respond to issues on an expedited basis in furtherance of the Committee's needs have required the expenditure of substantial time by Ashurst personnel from several legal disciplines.

12.    In the ordinary course of its practice, Ashurst maintains written records of the time expended by attorneys and paraprofessionals in the rendition of their professional services.  In accordance with the provisions of the Administrative Fee Order, a compilation showing the name of the attorney or paraprofessional, the date on which the services were performed, a description of the services rendered, and the amount of time spent in performing the services for the Committee during the Compensation Period is annexed hereto as Exhibit B.

13.    In the ordinary course of its practice, Ashurst also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, all of which are available for inspection.  A schedule of the categories of expenses and amounts for which reimbursement is requested is annexed hereto as Exhibit C.  A detailed summary of the expenses is attached hereto as Exhibit D.

18

33479603

14. Ashurst respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and appropriate, and have directly contributed to the effective administration of these chapter 11 cases.

15. The following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit B. Rather, it is merely an attempt to highlight certain of those areas in which services were rendered to the Committee, as well as to identify some of the problems and issues that Ashurst was required to address.

### General Case Administration

(Fees: £1,558.00; Hours: 4.6)

16. This subject matter relates to services rendered to the Committee during the Compensation Period relating to the Committee's organizational and administrative needs.

17. This subject matter also relates to services which do not fall into other categories, including, but not limited to, administering, managing and coordinating the provision of legal services to the Committee through maintaining internal task lists, and regular telephonic and in-person meetings among Ashurst attorneys and paraprofessionals and other Committee professionals to ensure coordination of efforts among all Committee advisors.

### Ashurst Fee Application/Monthly Billing Reports

(Fees: £3,654.50; Hours: 9.4)

18. This subject matter relates to time spent reviewing invoices and drafting monthly fee statements as required under the Administrative Fee Order.

33479603

**Creditor Committee Meetings**

(Fees: £2,997.50; Hours: 8.0)

19.  This subject matter relates to Committee matters, meetings and conference calls with the Committee as a whole, with individual Committee members and with the Committee's other legal and financial advisors.  Specifically, during the Compensation Period, Ashurst, together with the other Committee professionals held multiple conference calls with the full Committee.

20.  Prior to such meetings, Ashurst reviewed each pending matter requiring the Committee's attention with respect to the European Proceeding and all underlying documentation in connection therewith.  Thereafter, Ashurst discussed each of these matters with the Committee and assisted the Committee in formulating a position with respect to each pending matter.  Through the meetings, conference calls and correspondence described above, Ashurst assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues that have arisen in these Insolvency Proceedings, to monitor closely the Debtors' management of these proceedings, and to reach independent conclusions on the merits of specific matters at issue in these Insolvency Proceedings.

**Financial Reports and Analysis**

(Fees: £448.00; Hours: 0.7)

21.  This subject matter relates to time spent by Ashurst attorneys in reviewing financial reports and analysis prepared by the Committee's other legal and financial advisors.

22.  Specifically, during the Compensation Period, Ashurst spent time reviewing documents and correspondence in relation to the escrow accounts.

33479603

**Canadian Proceedings/Matters**

(Fees: £312.00; Hours: 0.6)

23. This subject matter relates to time spent by Ashurst attorneys in connection with the proceedings in Canada, including, but not limited to, reviewing documents and correspondence with the Committee's other legal and financial advisors.

24. Specifically, during the Compensation Period, Ashurst spent time reviewing documents and correspondence in relation to various motions filed in the Canadian Courts.

**Labor Issues / Employee Benefits**

(Fees: £20,509.50; Hours: 44.3)

25. This subject matter relates to services rendered by Ashurst in connection with the analysis of the Debtors' pension and benefits plans, in particular in relation to the validity of the claims asserted by the joint administrators on behalf of the EMEA Debtors (the "EMEA Claims") and the validity of the claims asserted by the UK Pension Parties (Nortel Networks UK Pensions Trust Limited, as trustee for the Nortel Networks UK Pension Plan, and the Board of the Pension Protection Fund) (the "UK Pension Claims").

26. Specifically, during the Compensation Period, Ashurst spent considerable time preparing for and attending witness depositions in London in relation to the UK Pension Claims, as well as reviewing and advising the Committee on the settlement agreement in respect of the UK Pension Claims and the EMEA Claims in respect of English pension law issues.

**Intercompany Issues**

(Fees: £56,211.00; Hours: 136.4)

27. This subject matter relates to time spent by Ashurst attorneys reviewing and analysing certain intercompany issues arising among the various Nortel entities around the world, and the impact of such issues on the Insolvency Proceedings, in particular the

21

33479603

intercompany claims asserted by the joint administrators on behalf of the EMEA Debtors (the "EMEA Claims").

28. Specifically, during the Compensation Period, Ashurst attorneys spent considerable time preparing for and attending witness depositions in London; preparing the foreign law expert reports in relation to the EMEA Claims; and reviewing and advising the Committee on the settlement agreement in respect of the UK Pension Claims and the EMEA Claims in respect of English law issues.

## V.    ALLOWANCE OF COMPENSATION

29. The professional services rendered by Ashurst required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and determination by the Committee could be addressed with skill and dispatch and have, therefore, required the expenditure of substantial time and effort. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained to date have benefited not only the members of the Committee, but also the unsecured creditor body as a whole and the Debtors' estates.

30. The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> ... any professional person ... may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered ... as is provided under section 330 of this title.

11 U.S.C. § 331. Moreover, this Court has authorized the filing of this Application in the Administrative Fee Order.

31. With respect to the level of compensation, 11 U.S.C. § 330(a)(1)(A) provides, in pertinent part, that the Court may award to a professional person "reasonable compensation for

33479603

Case 09-10138-MFW    Doc 12893    Filed 01/27/14    Page 23 of 25

actual, necessary services rendered . . . ." 11 U.S.C. § 330(a)(1)(A). Section 330(a)(3), in turn,

provides that:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3). The clear Congressional intent and policy expressed in this statute is to

provide for adequate compensation in order to continue to attract qualified and competent

bankruptcy practitioners to bankruptcy cases.

32. The total time spent by Ashurst attorneys and paraprofessionals during the

Compensation Period was 204.0 hours. The work involved, and thus the time expended, was

carefully assigned in light of the experience and expertise required for a particular task.

33. As shown by this application and supporting documents, Ashurst spent its time

economically and without unnecessary duplication of time. Attached hereto as Exhibit E is a

schedule of the hours expended by the attorneys and paraprofessionals during the Compensation

Period, their normal hourly rates, and the value of their services. In addition, Ashurst incurred

33479603

actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee in the sum of £208.27 for which Ashurst respectfully requests reimbursement in full.

34.  The disbursements and expenses have been incurred in accordance with Ashurst's normal practice of charging clients for expenses clearly related to and required by particular matters.  Ashurst has endeavored to minimize these expenses to the fullest extent possible.

35.  Ashurst's billing rates do not include charges for photocopying, telephone and facsimile charges, computerized research, travel expenses, "working meals," secretarial overtime, postage and certain other office services, since the needs of each client for such services differ.  Ashurst believes that it is fairest to charge each client only for the services actually used in performing services for it.  In these proceedings, Ashurst charges £0.06 per page for internal duplicating and does not charge for facsimile transmissions.

36.  No agreement or understanding exists between Ashurst and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

37.  No prior application has been made in this or in any other Court for the relief requested herein for the Compensation Period.

33479603

**WHEREFORE**, Ashurst respectfully requests that this Court:

(a)      approve the allowance of £85,688.50 for compensation for professional services rendered to the Committee during the period from December 01, 2013 through and including December 31, 2013;

(b)      approve the reimbursement of Ashurst's out-of-pocket expenses incurred in connection with the rendering of such services during the period from December 01, 2013 through and including December 31, 2013 in the amount of £208.27; and

(c)      authorize and direct the Debtors to immediately pay to Ashurst the amount of £68,759.07 which is equal to the sum of 80% of Ashurst's fees and 100% of Ashurst's expenses incurred during the Compensation Period.

Dated:   London, United Kingdom
        January 27, 2013

**ASHURST LLP**

By     _____
     Giles Boothman
     A Member of the Firm

Broadwalk House
5 Appold Street, London, EC2A 2HA
United Kingdom
+44 (0)20 638 1111
European counsel to the Official Committee of
Unsecured Creditors

33479603