The Office of the Clerk
The United State Bankruptcy Court for District of Delaware
824 Market Street
Wilmington, Delaware 19801

Nortel Networks Inc. case 09-10138(KG)
Doc 12919 (01/31/14)

February 11, 2014

Claimant

Russell J Hawkins
Claim Number: 8490
Severance Benefit
Claimed : $61,355
Supported documents attached.

OBJECTION

(D.I. 11117) MEMORANDUM OPINION (07//16/13)
The final sentence in the MEMORANDUM OPINON { III. ANALYSIS} is "Therefore, this Court finds that the LTD Employees are covered under Severance Plans and receive an allowed general unsecured claim to represent their interest in severance pay."

Time Line related to Severance

Russell J Hawkins
GID: 0014416
CSD: 06/08/70
I had a stroke in 1992 and I got Long Term Disability. My income was $70,900 yearly.
NNI filed under chapter 11 of the Bankruptcy Code: 01/14/09
I retired 12/31/11 at age of 65, still in Long Term Disability
Severance Period: 45 weeks
Severance pay: 45/52 x $70,900 = $61,355

Claimant

Russell J Hawkins
129 Summerlin Dr.
Chapel Hill, NC 27514

919-929-6552 (home)

## HR SHARED SERVICES U.S. - TERMINATION NOTIFICATION
## PROBUSINESS / SAP INFORMATION

EMPLOYEE NAME: Russell Hawkins

TERMINATION EFFECTIVE DATE: 2010/08/31

BENEFITS END DATE: 2010/08/31

CONTINUOUS SERVICE DATE : 1970/06/08

EMPLOYEE ADDRESS:

129 SUMMERLIN DRIVE
CHAPEL HILL
NC 27514

GLOBAL ID: 0014416

ENTITY: LTD    DEPT: 8900

EMPLOYEE STATUS:  Full Time: F
                  Part Time:

LOCATION : 438

LOCATION  DESCRIPTION: NASHF

SAP ACTION CODE : 84

SAP SEPARATION REASON CODE:
33
SAP SEPARTION REASON DESCRIPTION:
Work force reduction

**WITHHOLDINGS & AMOUNTS OWED**
Nortel will withhold any and all applicable federal, state, or local tax from any monies or monetary equivalents paid. In addition, Nortel may, to the extent permitted by law, deduct from any payment provided to Employee any amounts (including, but not limited to, any advance, loans, overpayment, excess commissions or other monies including the monetary equivalent of equipment not returned to Nortel) that Nortel has determined that Employee owes Nortel without prejudice to subsequent revision or other collection methods.

I. EMPLOYEE DATA

Notice Date: 2010/08/31

Employee: **Russell Hawkins**

Employee Number: **0014416**

Continuous Service Date: **1970/06/08**

Severance Eligibility Date: **1970/06/08**

Employment Termination Date: **2010/08/31**

Severance Stop Date: **2011/07/05**

Employee Home Address:

129 SUMMERLIN DRIVE
CHAPEL HILL
NC      27514

Severance Period (for employees with at least 6 months of service): **44**
(Number of Weeks to Commence Following Termination Date)

HR Contact: **Nortel HR Shared Services**
**Mail Stop 570/02/0C2**
**PO Box 13010**
**4001 E. Chapel Hill-Nelson Hwy**
**Research Triangle Park, NC 27709-3010**
**1-800-676-4636**

voluntary retirement from Nortel." Janis Mot. Ex. D at 4. The April 2013 Retirement Notice indicated that the terms of Severance Plan applied to the LTD Employees unless they voluntarily retired.

Finally, the June 2010 Notice also indicates that NNI has always considered LTD Employees "Employees" entitle to severance benefits. The Debtors are correct that the June 2010 Notice was later retracted. The letter stated that the LTD Employees should "disregard the Employment Termination Package and Cobra notifications you have already received as they are no longer applicable." See Ray Decl. Ex. 4. The Debtors are also correct that the June 2010 Notices cannot modify or amend the Severance Plan. However, the June 2010 Notice do shed light on how NNI viewed LTD Employees. On the first page of each June 2010 Notice distributed to the LTD Employees, the category "Employee Status" is listed as "F" for full-time or "P" for part-Time. See Janis Mot. Ex. B at 2. Furthermore, on the same page, the reason for termination is listed as "work force reduction." Id. The June 2010 Notice clearly indicate that LTD Employees were considered by NNI to be full-time or part-time employees who were being terminated due to a workforce reduction. Such language clearly mimics the terms used in the Severance Plan. Collectively, these three documents indicate that NNI treated LTD Employees as eligible beneficiaries under the Severance Plans.

The Severance Plan's treatment of LTD Employees is at best ambiguous and, at worst, non-existent. Additionally, all other documentation indicated that these LTD Employees would be beneficiaries under the Severance Plan. In light of this ambiguity and the reliance that LTD Employees placed on these documents, it would be unjust for

the Court to hold that the LTD Employees are not covered by the Severance Plan. Therefore, this Court finds that the LTD Employees are covered under the Severance Plans and should receive an allowed general unsecured claim to represent their interest in severance pay.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Movants have met their burden with respect to their Motions. Therefore, the Motions are **GRANTED**.

BY THE COURT:

Dated: July 16, 2013
Wilmington, Delaware

Kevin Gross
United States Bankruptcy Judge

13