**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------X
                                                           :
In re                                                      :    Chapter 11
                                                           :
Nortel Networks Inc., et al.,¹                             :    Case No. 09-10138 (KG)
                                                           :
                                    Debtors.               :    Jointly Administered
                                                           :
                                                           :
-----------------------------------------------------------X
```

**SECOND SUPPLEMENTAL DECLARATION OF WILLIAM F. GRAY, JR.**
**IN CONNECTION WITH THE DEBTORS' APPLICATION PURSUANT**
**TO 11 U.S.C. § 327(e) TO RETAIN AND EMPLOY TORYS LLP AS SPECIAL**
**CANADIAN COUNSEL *NUNC PRO TUNC* TO OCTOBER 28, 2010**

I, William F. Gray, Jr., hereby declare under penalty of perjury:

1.      I am a member of the law firm of Torys LLP ("Torys" or the "Firm") and practice

in its office located at 1114 Avenue of the Americas, New York, New York.  I am a member in

good standing of the Bar of the State of New York, and I am admitted to practice before the

United States District Courts for the Southern District of New York and the Eastern District of

New York.  There are no disciplinary proceedings pending against me.

2.      I submit this second supplemental declaration (the "Supplemental Declaration")

in connection with (i) the application (the "Application") of Nortel Networks Inc. ("NNI") and

certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), in the

---

¹    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number,
are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769),
Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251),
CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical
Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel
Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions
Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors can be found in the
Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

above-captioned chapter 11 cases (the "Cases") to retain and employ Torys as Special Canadian

Counsel to the Debtors (D.I. 4254); (ii) the Declaration of William F. Gray, Jr. in Support of

Debtors' Application Pursuant to 11 U.S.C. § 327(e) to Retain and Employ Torys LLP As

Special Canadian Counsel *Nunc Pro Tunc* to October 28, 2010 (the "Initial Declaration"),

attached as Exhibit A to the Application and (iii) the Supplemental Declaration of William F.

Gray, Jr. in Support of Debtors' Application Pursuant to 11 U.S.C. § 327(e) to Retain and

Employ Torys LLP As Special Canadian Counsel *Nunc Pro Tunc* to October 28, 2010 (D.I.

11601).  On November 22, 2010, this Court entered the Order Pursuant to 11 U.S.C. Sections

327(e) Authorizing the Retention and Employment of Torys LLP as Special Canadian Counsel

*nunc pro tunc* to the October 28, 2010 (D.I. 4381).

3.      I am submitting this Supplemental Declaration to disclose that one of Torys'

paralegals, Allan Collins, who joined Torys on February 19, 2014, was formerly a paralegal at

Perkins Coie LLP ("Perkins") from May 2011 to mid - February 2014.  Perkins represents

SNMP Research International, Inc. and SNMP Research, Inc. (collectively "SNMP") in the

adversary proceeding No. 11-53454 commenced by SNMP against various Nortel Debtors (the

"SNMP Adversary Proceeding").  SNMP has also filed proofs of claim in the Nortel case. Torys

has performed legal work related to the SNMP Adversary Proceeding.  During his employment

at Perkins, Mr. Collins, as part of his paralegal duties, reviewed and filed court documents and

other materials.  Mr. Collins did not render any legal advice or perform any substantive legal

services on behalf of SNMP and does not believe that he was privy to any material confidential

information of SNMP.

4.      Torys has disclosed to Perkins that Mr. Collins is now working at Torys on the

Nortel case and that Torys does not believe any conflict of interest exists.  The New York

2

professional conduct rule on imputation of conflicts of interest does not apply to paralegals. Rule

1.10, Comment 4, New York Rules of Professional Conduct (2010).  Torys will protect against

any improper communication of confidential information (if any exists) by Mr. Collins to others

in the firm by creating an ethical wall preventing Mr. Collins from working on the SNMP claims

and SNMP Adversary Proceeding.  Perkins agreed that Mr. Collins former employment does not

create a conflict of interest requiring SNMP's consent and does not object to Mr. Collins

involvement in the Nortel Cases, understanding that Mr. Collins will be screened from the

SNMP matters.  Torys believes that Mr. Collins former employment at Perkins does not create a

conflict of interest materially adverse to Torys' representation of the Debtors in the above-

captioned bankruptcy cases. A true and correct copy of the letter from Torys to Jeffrey Vanacore

of Perkins dated February 11, 2014 is attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge.


Executed on February 24, 2014
          New York, New York


                                                          /s/ William F. Gray, Jr.
                                                          William F. Gray, Jr.