# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
In re                                                  :   Chapter 11
                                                       :
                                                       :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                       :
                                                       :   Jointly Administered
                           Debtors.                    :
------------------------------------------------------

## STIPULATION RESOLVING
## PROOF OF CLAIM NO. 3718 FILED BY MCCANN-ERICKSON

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. ("NNI") and McCann-Erickson Worldwide, Inc. ("Claimant" and, together with NNI, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), NNI and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered); and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions, are available at http://dm.epiq11.com/nortel.

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, prior to the Petition Dates, Claimant supplied certain of the Debtors with certain advertising-related services; and

WHEREAS, on or about September 24, 2009, Claimant filed proof of claim number 3718 for services rendered in the amount of $2,058,790.95 as a general unsecured claim ("Claim No. 3718"); and

WHEREAS, on September 16, 2010, the Bankruptcy Court entered an Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims [D.I. 3953] (the "Settlement Procedures Order") in which the Bankruptcy Court authorized the Debtors to settle certain prepetition claims in accordance with the terms set forth therein; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating Claim No. 3718, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that Claim No. 3718 should be reduced and allowed as a general unsecured claim in the amount of $1,750,000.00.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. **Resolution of Claim.** Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation:

   (a) Claim No. 3718 shall be reduced and allowed as a general unsecured claim in favor of Claimant against NNI in the amount of $1,750,000.00.

(b) The allowance of Claim No. 3718 described in paragraph 1(a) shall amend and supersede any and all claim amounts listed by the Debtors on their schedules filed with the Bankruptcy Court in respect of the Claimant. Claimant shall not have any further claims against the Debtors, based on the Debtors' schedules.

2. Release. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation (the "Release Date"), Claimant, on behalf of itself and McCann Erickson, Inc., releases and forever discharges the Debtors and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorneys' fees), known and unknown, past or present, fixed or contingent, liquidated or unliquidated that arose on or before the Release Date, against the Debtors and their estates other than in respect of Claim No. 3718 in its reduced, allowed amount. For the avoidance of doubt, notwithstanding the foregoing release, Claim No. 3718 shall be treated for all purposes as an allowed general unsecured claim, and Claimant shall be entitled to receive distributions on account of Claim No. 3718 consistent with the status of Claim No. 3718 as an allowed general unsecured claim against NNI. **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, CLAIMANT FURTHER ACKNOWLEDGES AND EXPRESSLY WAIVES THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN**

ITS FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.

3. <u>No Further Claims</u>. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Claimant and McCann-Erickson Inc. shall be forever barred from (i) amending Claim No. 3718 (other than ministerial amendments that may be necessary in the event of a transfer of Claim No. 3718) or (ii) filing or otherwise asserting any further claim against any of the Debtors in the Debtors' Chapter 11 cases.

4. <u>Binding Effect</u>. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, this Stipulation and the order approving this Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' Chapter 11 cases.

5. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

6. <u>No Transfer</u>. Claimant represents that it has not sold, assigned or otherwise transferred Claim No. 3718.

7. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to Claim No. 3718.

8. <u>Due Authorization</u>. Claimant represents and warrants that it is authorized to enter into this Stipulation, and that it is further authorized to bind McCann Erickson, Inc. to the terms hereto. Each individual signing this Settlement Agreement represents and warrants that he/she

has full authority to execute this Stipulation and to bind the Party on whose behalf his or her signature appears.

9. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

10. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

11. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

12. <u>Court Approval</u>. All provisions of this Stipulation are subject to approval of the Bankruptcy Court ("<u>Court Approval</u>"). The Debtors shall file a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking Court Approval within fifteen (15) calendar days of the execution of this Stipulation by all Parties hereto. In the event this Stipulation is not approved by the Bankruptcy Court, the Parties reserve all of their rights and defenses with respect to Claim No. 3718 and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of Claim No. 3718 or that they have any liability thereunder.

13. <u>Claims Register</u>. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: February ___, 2014

| | |
|---|---|
| Nortel Networks, Inc. | McCann-Erickson Worldwide, Inc. |
| By: _____ | By: _____ |
| Name: John J. Ray, III | Name: George Joost |
| Title: Principal Officer | Title: V.P Director of Finance. |
| Date: February 25th, 2014 | Date: Feb. 25, 2014 |