**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) Case No. 09-10138 (KG) |
|  | ) |
| Nortel Networks, Inc., et al.,[1] | ) Jointly Administered |
|  | ) |
| Debtors. | ) Objection Deadline: March 19, 2014 @ 4:00 p.m. |

**TWENTY-EIGHTH INTERIM APPLICATION OF
ERNST & YOUNG LLP FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AS INDIRECT TAX SERVICE
ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR PERIOD
OF JANUARY 1, 2014 THROUGH JANUARY 31, 2014**

| | |
|---|---|
| Name of Applicant: | Ernst & Young LLP |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors-in-possession |
| Date of Retention: | February 5, 2009, *nunc pro tunc* to January 14, 2009 |
| Period for which compensation and reimbursement are sought: | January 1, 2014 to January 31, 2014[2] |
| Amount of Compensation sought as actual, reasonable, and necessary: | $ 202,483 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] This application also requests fees incurred during months prior to the Compensation Period which have not been requested in a previous fee application or otherwise been paid.

4832-0157-7752.1

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary:         $ 0

This is a(n):  _x_ interim     __ quarterly    ___    final application

Prior Applications Filed:

| Fee Application Filing Date | Period Covered By Application | Total Fees Requested | Total Expenses Requested | Total Approved |
|---|---|---|---|---|
| 6/26/09 | 1/14/09 – 4/30/09 | $285,000.00 | $0.00 | $285,000.00 |
| 9/3/09 | 5/1/09 – 7/31/09 | $39,739.00 | $0.00 | $39,739.00 |
| 10/16/09 | 8/1/09 – 9/30/09 | $26,301.00 | $0.00 | $26,301.00 |
| 11/19/09 | 10/1/09 – 10/31/09 | $13,607.00 | $0.00 | $13,607.00 |
| 2/24/10 | 11/1/09 – 12/31/09 | $186,040.00 | $670.00 | $186,710.00 |
| 2/24/10 | 1/1/10 – 1/31/10 | $74,330.00 | $375.58 | $74,705.58 |
| 6/4/10 | 2/1/10 – 4/30/10 | $265,434.50 | $858.82 | $266,293.32 |
| 9/10/10 | 5/1/10 – 7/31/10 | $230,428.50 | $674.09 | $231,102.59 |
| 11/24/10 | 8/1/10 – 10/31/10 | $260,941.50 | $954.00 | $261,895.50 |
| 3/1/11 | 11/1/10 – 1/31/11 | $591,660.00 | $0.00 | $591,660.00 |
| 5/31/11 | 2/1/11 – 4/30/11 | $2,456,156.00 | $1,904.00 | $2,458,060.00 |
| 8/18/11 | 5/1/11 – 5/31/11 | $761,845.00 | $0.00 | $761,845.00 |
| 8/26/11 | 6/1/11 – 7/31/11 | $1,320,000.00 | $0.00 | $1,320,000.00 |
| 11/22/11 | 8/1/11 – 10/31/11 | $2,367,641.00 | $0.00 | $2,367,641.00 |
| 3/1/12 | 11/1/11–1/31/12 | $1,158,441.50 | $5,606.00 | $1,164,047.50 |
| 5/21/12 | 2/1/12 – 4/40/12 | $1,772,779.00 | $8,709.00 | $1,781,485.00 |
| 7/12/12 | 5/1/12 – 6/30/12 | $1,389,524.00 | $0.00 | $1,389,524.00 |
| 8/21/12 | 7/1/12 – 7/31/12 | $530,000.00 | $0.00 | $530,000.00 |
| 11/20/12 | 8/1/12 – 10/31/12 | $2,048,384.00 | $0.00 | $2,048,384.00 |
| 2/28/13 | 11/1/12 – 1/31/13 | $1,492,856.00 | $0.00 | $1,492,856.00 |
| 6/3/13 | 2/1/13 – 4/31/13 | $1,480,443.00 | $0.00 | $1,480,443.00 |
| 6/6/13 | 5/1/13 – 5/31/13 | $450,000.00 | $0.00 | $450,000.00 |
| 7/22/13 | 6/1/13-6/30/13 | $450,000.00 | $0.00 | $450,000.00 |
| 8/29/13 | 7/1/13-7/31/13 | $1,008,411.00 | $8,469.00 | $1,016,880.00 |
| 11/6/13 | 8/1/13-9/30/13 | $1,105,157.00 | $6,876.00 | $1,112,033.00 |
| 11/25/13 | 10/1/13-10/31/13 | $488,260.00 | $0.00 | $488,260.00 |
| 2/25/14 | 11/1/13-1/31/14 | $1,114,155.00 | $4,643.34 | Pending |
| **TOTAL** |  | **$23,367,534.00** | **$39,739.83** | **$23,407,273.83** |

4832-0157-7752.1

**COMPENSATION BY PROFESSIONAL**
**THROUGH JANUARY 31, 2014**

| Professional | Position | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Abbott, Douglas J. | Partner | $650 | 26.5 | $17,225 |
| Apostolides, Andreas | Senior | $335 | 11.0 | $3,685 |
| Byrd, Kata | Manager | $465 | 2.1 | $976 |
| Carrington, Glenn | Partner | $700 | 47.0 | $32,900 |
| Corwin, Forest | Staff | $200 | 103.0 | $20,600 |
| Doyle, Kaitlin Frances | Staff | $200 | 1.7 | $340 |
| Factor, Katie | Senior | $335 | 8.3 | $2,780 |
| Gentile, Matthew Donald | Senior Manger | $565 | 11.5 | $6,498 |
| Heroy, Jessica R. | Manager | $465 | 21.3 | $9,905 |
| Hinson, Rebecca | Staff | $200 | 0.2 | $40 |
| Jacks, Sarah Butler | Senior Manager | $565 | 7.0 | $3,955 |
| Joseph, Steven Edward | Staff | $200 | 0.5 | $100 |
| Jurcic, Kata | Manager | $465 | 0.3 | $139 |
| Liu, Lindsay | Manager | $465 | 3.0 | $1,395 |
| Lowery, Kristie L. | Partner | $650 | 15.1 | $9,815 |
| Mesler, Mark | Partner | $650 | 1.0 | $650 |
| Poormon, Melissa | Senior | $335 | 29.5 | $9,882 |
| Rao, Anthony D. | Executive Director | $650 | 3.3 | $2,145 |
| Sageser, Andrew Lyle | Senior | $335 | 0.2 | $67 |
| Sargent, Amy Johannah | Executive Director | $700 | 32.3 | $22,610 |
| Scott, James E. | Partner | $650 | 9.5 | $6,175 |
| Shiffrin, Stephen B. | Senior Manager | $565 | 0.7 | $396 |
| Vitelli, Paula Theresa | Senior | $335 | 5.7 | $1,910 |
| Wood, Jeffrey T. | Partner | $650 | 74.3 | $48,295 |
| TOTAL | | | 415.0 | $202,483 |

3

## COMPENSATION BY PROJECT CATEGORY
## THROUGH JANUARY 31, 2014

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Secretary of State Applications | 42.4 | $16,076 |
| Federal Ruling Request | 149.5 | $97,120 |
| Payroll Tax Services | 35.4 | $19,070 |
| Deferred Intercompany Gain/Loss Review | 11.5 | $5,616 |
| Modeling | 173.4 | $62,781 |
| Foreign Jurisdiction Tax Assistance | 2.8 | $1,820 |
| **TOTAL** | **415.0** | **$202,483** |

## EXPENSE SUMMARY
## THROUGH JANUARY 31, 2014

| Expense Category | Total Expenses |
|---|---:|
| N/A | $0 |
| **TOTAL** | **$0** |

4832-0157-7752.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11<br>Case No. 09-10138 (KG) |
| Nortel Networks, Inc., et al.,[1] | ) ) ) | Jointly Administered |
| Debtors. | ) | |

**TWENTY-EIGHTH INTERIM APPLICATION OF
ERNST & YOUNG LLP FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AS INDIRECT TAX SERVICE
ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR
PERIOD OF JANUARY 1, 2014 THROUGH JANUARY 31, 2014**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Order Authorizing The Debtors to Retain and Employ Professionals Used In the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date dated February 5, 2009 [Docket No. 236] (the "OCP Order"), and the Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and Fed. R. Bankr. P. 2016-2 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members [Docket No. 222] (the "Compensation Order"), Ernst & Young, LLP

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

("E&Y LLP") hereby files this Twenty-Eighth Interim Application for Allowance of Compensation for Services Rendered as Indirect Tax Service Advisor to the Debtors and Debtors-in-Possession for the Period from January 1, 2014 through January 31, 2014 (the "Application"). By this Application, E&Y LLP seeks allowance pursuant to the Compensation Order of payments from the above-captioned debtors and debtors-in-possession (the "Debtors") of $202,483 in compensation and $0 in reimbursement for expenses incurred during the period January 1, 2014 and January 31, 2014 (the "Compensation Period"). This application also requests fees incurred during months prior to the Compensation Period which have not been requested in a previous fee application or otherwise been paid.[2] In support of this Application, E&Y LLP respectfully represents as follows:

**Background**

1. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. E&Y LLP is employed as an ordinary course professional by the Debtors pursuant to the OCP Order [Docket No. 236]. The OCP Order authorized the Debtors to compensate ordinary course professionals in the ordinary course of business, but stated that fee applications would be required for any "Tier Two" ordinary course professional, like E&Y LLP, charging more than $50,000 in a given month or $350,000 in a calendar year.

3. The Debtors have retained E&Y LLP to perform indirect tax services, consisting of sales and use tax compliance, sales and use tax audit assistance, sales and use tax

---

[2] As an accommodation to the Debtors, E&Y LLP provides the Debtors with an advanced copy of its billing statements before filing any fee application or otherwise seeking approval of such fees from the Court. As a result, E&Y LLP is often unable to file the interim fee applications for its hourly fees and expenses, together with the fee applications for its fixed fee invoices. However, E&Y LLP continues to file its interim fee applications, in good faith, as soon as it is able to do so.

2

consulting, and refund and credit services (the "OCP Engagement") pursuant to E&Y LLP's engagement agreement with the Debtors (the "Engagement Agreement").

4. E&Y LLP's fees to date have exceeded the annual cap, and therefore, in accordance with the OCP Order, E&Y LLP hereby seeks approval of its fees in compliance with the Compensation Order.

5. On March 1, 2011, the Debtors retained E&Y LLP to perform tax services, consisting of federal and state tax compliance, US reporting requirement for foreign operations, tax reporting, and federal, state, and international tax advisory pursuant to E&Y LLP's engagement with the Debtors (the "Master Tax Services Agreement"). On March 23, 2011, the Court entered an order [Docket No. 6021] (the "Retention Order").

6. On July 1, 2011, the Debtors filed a Supplemental Application for an Order Expanding the Scope of Employment and Retention of Ernst & Young LLP to Include FBAR Services under the terms and conditions of the FBAR Amendment, *nunc pro tunc* to May 31, 2011 [Docket No. 5862] (the "Expansion Application").

7. On July 22, 2011, the Court granted the Expansion Application and authorized the Debtors to expand the scope of E&Y LLP's employment and retention to include FBAR Services under the terms and conditions of the FBAR Amendment, *nunc pro tunc* to May 31, 2011 [Docket No. 6021].

8. On December 22, 2011, the Debtors filed a Notice of the Third Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 7021] (the "Third Amendment").

9. On January 12, 2012, the Court entered an Order Modifying the Engagement of Ernst & Young LLP *nunc pro tunc* to December 5, 2011 authorizing the Third

Amendment [Docket No. 7090].

10. On February 29, 2012, the Debtors filed a Notice of the Fourth Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 7312] (the "Fourth Amendment"). No objections were filed to the Fourth Amendment.

11. On July 18, 2012, the Debtors filed a Notice of the Fifth Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 8015] (the "Fifth Amendment"). No objections were filed to the Fifth Amendment.

12. On December 17, 2012, the Debtors filed a Notice of the Sixth Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 9136] (the "Sixth Amendment"). No objections were filed to the Sixth Amendment.

13. On January 17, 2013, the Court entered an Order Modifying the Engagement of Ernst & Young LLP *nunc pro tunc* to December 12, 2012 authorizing the Sixth Amendment [Docket No. 9288].

14. On March 13, 2013, the Debtors filed a Notice of the Seventh Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 9642] (the "Seventh Amendment"). No objections were filed to the Seventh Amendment.

15. On June 21, 2013, the Debtors filed a Notice of the Eighth Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 10957] (the "Eighth Amendment"). No objections were filed to the

4832-0157-7752.1

Eighth Amendment.

16. On January 7, 2014, the Debtors filed a Notice of the Ninth Amendment to the Statement of Work Entered into Pursuant to Tax Services Agreement with Ernst & Young LLP [Docket No. 12786] (the "Ninth Amendment"). No objections were filed to the Ninth Amendment.

17. On January 24, 2013, the Court entered an Order Modifying the Engagement of Ernst & Young LLP *nunc pro tunc* to December 30, 2013 authorizing the Ninth Amendment [Docket No. 12862].

**Compensation Paid and Its Source**

18. All services for which compensation is requested by E&Y LLP were performed for or on behalf of the Debtors.

19. E&Y LLP has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between E&Y LLP and any other person other than the directors of E&Y LLP for the sharing of compensation to be received for services rendered in these cases.

**Fee Statements**

20. Pursuant to the Master Tax Services Agreement, E&Y LLP provides the Debtors with tax compliance reporting, tax controversy and tax advisory services. Copies of the billing detail for the hourly work are attached hereto as Exhibit A.

21. To the best of E&Y LLP's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the

Compensation Order.

## Actual and Necessary Expenses

22. E&Y LLP is not seeking reimbursement of expenses with this Application.

## Summary of Services Rendered

23. E&Y LLP, by and through the above-named persons, has advised the Debtors on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described below.

## Summary of Services By Project

24. The services rendered by E&Y LLP during the Compensation Period can be grouped into the categories set forth below. These categories are generally described below.

### Secretary of State Applications

25. E&Y LLP provided research of state rules regarding withdrawal from the Secretaries of State and closure of the income tax account with the state Departments of Revenue/Taxation, including analysis of Debtors' activities on a state-by-state basis. E&Y LLP also prepared a matrix that summarized the Debtors' activities with open claims, notices received and pending negotiations.

### Federal Ruling Request

26. E&Y LLP provided tax advisory and document preparation services relating to the preparation and filing for a ruling request with the Internal Revenue Service ("IRS"), with respect to the timing of claim deductions.

### Payroll Tax Services

27. E&Y LLP provided technical advice addressing state and local rules

related to payroll tax withholding and remittance for both resident and non-resident individuals.

### Deferred Intercompany Gain/Loss Review

28.     E&Y LLP examined federal and state returns to identify gains and losses that will be triggered on a wind-up.

### Modeling

29.     E&Y LLP revised holdback calculations to update model assumptions, factual developments, cash flow assumptions and updated state apportionment calculation. E&Y LLP reviewed strategic options for modeled variables impacting federal and state income and withholding tax. E&Y LLP developed presentation materials. E&Y LLP communicated output, assumptions and strategic options to Nortel management and advisors.

### Foreign Jurisdiction Tax Assistance

30.     E&Y LLP provided an assessment of local country tax advice, assisted with the coordination of data relating to the filing of local country income and indirect tax returns, provided consultation related to the resolution of tax controversies for tax periods open by the statute, and provided assistance with procedural matters related to the wind-up and final withdrawal of the local entity or branch for Uruguay.

## Valuation of Services

31.     The professionals and staff members of E&Y LLP have expended 415.0 hours in connection with this matter during the Compensation Period. The reasonable value of the services rendered by E&Y LLP during the Compensation Period is $202,483.

32.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by E&Y LLP is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature

4832-0157-7752.1

and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, E&Y LLP has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, E&Y LLP respectfully requests that the Court authorize that for the period Compensation Period, an allowance be made to E&Y LLP pursuant to the terms of the Compensation Order, with respect to the sum of $161,986.40 as compensation for necessary professional services rendered (80% of $202,483), and that such sum be authorized for payment and for such other and further relief as this Court may deem just and proper.

Dated: February 27, 2014                    Respectfully submitted,

/s/ Joanne Lee
Joanne Lee
Foley & Lardner LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60654
Tel. 312.832.4500
jlee@foley.com

## **VERIFICATION**

STATE OF NORTH CAROLINA  )
                        ) SS:
COUNTY OF WAKE          )

Jeffrey T. Wood, after being duly sworn according to law, deposes and says:

a) I am a PPED with the applicant firm, Ernst & Young LLP.

b) I am familiar with the work performed on behalf of the Debtors by the professionals and staff members at Ernst & Young LLP.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such order.

_____
Jeffrey T Wood
PPED, Ernst & Young LLP

SWORN AND SUBSCRIBED before me
this 26th day of February, 2014.

_Kim Ponder_
Notary Public
My Commission Expires: 7/23/2018

See attached Notarial Certificate

## G.S. § 10B-41 NOTARIAL CERTIFICATE FOR ACKNOWLEDGMENT

__Durham__ County, North Carolina

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she signed the foregoing document:

__Jeffrey T Wood__
*Name(s) of principal(s)*

Date: __Feb 26, 2014__

(Official Seal)

__Kim Ponder__
*Official Signature of Notary*

__Kim Ponder__, Notary Public
*Notary's printed or typed name*

My commission expires: __7/23/2018__

```
Kim Ponder
NOTARY PUBLIC
Wake County, NORTH CAROLINA
My Comm. Expires 07-23-2018
```