## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
            :

*In re*            :     Chapter 11

            :

Nortel Networks Inc., *et al.*,[1]  :     Case No. 09-10138 (KG)

            :

          Debtors.  :     Jointly Administered

            :

            :     **Hearing date: March 4, 2014 at 10:00 a.m. (ET)**

            :     **Responses due: February 21, 2014 at 4:00 p.m. (ET)**

            :     **RE: D.I.s 12919, 13014, 13022, 13023, 13060, 13063**

            :

---------------------------------------------------------X

## DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES TO
## THIRTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession, (collectively, the "Debtors"), hereby respectfully submit this Supplemental Reply

(the "Supplemental Reply") to the response filed by Daniel D. David [D.I. 13063] (the "David

Response") to the *Debtors' Thirty-Fifth Omnibus Objection (Substantive) to Certain Claims*

*Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis Retiree*

*Claims, No-Basis Long-Term Disability Claims, No-Basis Claims, Modify and Allow Claims,*

*Reclassify and Allow Claims, Wrong Debtor Claims, Redundant Claims, Amended or Superseded*

*Claims, No-Basis 503(b)(9) Claims and No-Basis Pension Claims)* [D.I. 12919] (the

"Objection"). In support of this Supplemental Reply, the Debtors rely on the Declaration of

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

Deborah Parker, dated February 28, 2014, attached hereto as <u>Exhibit A</u> (the "<u>Parker</u>

<u>Declaration</u>").  In further support of this Reply, the Debtors respectfully represent as follows:

**<u>Reply</u>**

1.      The Debtors timely filed the *Omnibus Reply to Responses to Debtors' Thirty-Fifth*

*Omnibus Objection (Substantive) to Certain Claims* [D.I. 13060] on February 27, 2014 (the

"<u>Initial Reply</u>") in reply to responses to the Objection received by the Debtors as of that date.

This Supplemental Reply solely addresses the David Response, which was received by the

Debtors following the submission of the Initial Reply.

2.      The Debtors, through the Objection, seek, among other things, the disallowance

of Mr David's claim in the amount of $9,690.41 (Claim no. 8301) (the "<u>David Proof of Claim</u>").[2]

Mr. David alleges that he did not receive full payment in respect of accrued vacation pay upon

the termination of his short-term disability benefits in September 2000 when, as acknowledged in

the David Response, he was paid ten days of accrued vacation pay.  Upon careful review of their

books and records, the Debtors have found no claims or inquiries by Mr. David regarding his

accrued vacation pay until his filing of claim number 3052 in September 2009, nine years after

the end of his short-term disability benefits and well after any applicable statute of limitations

and Nortel's seven-year period for retention of payroll records had run.[3]  Apart from the filing of

claim number 3052, there were no communications between the Debtors and Mr. David

regarding vacation benefits until 2010, in spite of more than a dozen inquiries from Mr. David

regarding various other benefits matters between September 2000 and the filing of claim number

3052.  In September 2010, in response to a phone inquiry by Mr. David, the Debtors

---

[2]      The David Proof of Claim is attached hereto as <u>Exhibit B</u>.

[3]      <u>See, e.g.,</u> N.C. Gen. Stat. Ann. § 95-25.22(f) (two-year statute of limitations for actions to recover unpaid
wages under North Carolina law).

communicated the above position to Mr. David and indicated that, in light of the time that had

passed since 2000 and his failure to inquire up until that point, they would be unable to make any

determination on payroll actions from nearly ten years prior.[4]

3.      Even if Mr. David's claim were not time-barred, the support that he offers for his

claim is insufficient to show a right to recovery.  Exhibit A to the David Response, an

availability chart for tracking vacation, does not include any indication that the Debtors signed

off on or agreed with the vacation balances in the chart, nor any indication of what if any accrued

amounts may have been subsequently satisfied by the Debtors.  David Response at Ex. A.

Similarly, the benefit entitlement handout attached to the David Response as Exhibit D states

only that time spent on an authorized medical leave of absence will be included in determining

vacation and sick leave upon returning to work – it does not establish any right to payment.

David Response at Ex. B.  Finally, the letter dated August 27, 1998 offering Mr. David a

supplemental fifteen days of vacation does not indicate either the balance that had accrued as of

the conclusion of Mr. David's short-term disability benefits or whether the Debtors had paid Mr.

David in respect of such amounts.  David Proof of Claim at 7.  Accordingly, Mr. David's Claim

is both time-barred and lacks sufficient basis, and should be disallowed.


*[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]*

---

[4]      This Court's Memorandum Order (D.I. 11138), filed on July 17, 2013 (the "Loggins Order"), denied a claim for accrued vacation pay filed by Ms. Estelle Loggins on facts directly analogous to the facts at hand.  Like Mr. David, Ms. Loggins claimed unpaid accrued vacation that allegedly became owed at the end of her short-term disability period nearly ten years before she made any inquiry or request for such pay.  This Court held that "Ms. Loggins' request for vacation pay is denied because the statute of limitations for this claim has expired."  Loggins Order at 6.

<u>**Conclusion**</u>

For the reasons set forth above and in the Initial Reply, the Debtors respectfully request that the Court overrule the Responses, enter the proposed order approving the Objection, as attached to the Objection as Exhibit D, and grant such other relief as the Court deems just and proper.

Dated:  February 28, 2014
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


   */s/ Tamara K. Minott*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*