## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                         :

*In re*                           :        Chapter 11

                           :        Case No. 09-10138 (KG)

Nortel Networks Inc., <u>et al.</u>,[1]    :        Jointly Administered

                           :

             Debtors     :        <u>Hearing Date</u>:

                           :        March 18, 2014 at 10:00 a.m. (ET) (Proposed)

                           :        <u>Objection Deadline</u>:

                           :        March 17, 2014 at 12:00 p.m. (ET) (Proposed)

-------------------------------------------------------X

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC., ET AL. TO RETAIN AND EMPLOY CASSELS BROCK & BLACKWELL LLP AS SUCCESSOR CANADIAN COUNSEL, NUNC PRO TUNC TO MARCH 4, 2014

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Nortel Networks Inc., <u>et al.</u> (collectively, the "<u>Debtors</u>") respectfully submits this application (the "<u>Application</u>"), pursuant to sections 1103(a) and 328(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for entry of an order authorizing the Committee to retain and employ Cassels Brock & Blackwell LLP ("<u>Cassels Brock</u>") as its successor Canadian counsel in connection with the Debtors' chapter 11 cases, *nunc pro tunc* to March 4, 2014.  In support of its Application, the Committee respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. ("<u>NN CALA</u>") (4226).

## BACKGROUND

1.      On or about January 14, 2009 (the "Petition Date"), each of the Debtors other than NN CALA filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009.

2.      Since the Petition Date, the Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 15, 2009, the Court entered an order jointly administering these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only.

3.      On January 14, 2009, the Debtors' ultimate corporate parent, Nortel Networks Corporation, together with Nortel Networks Limited and certain of their Canadian affiliates (collectively, the "Canadian Debtors"), commenced a proceeding (the "Canadian Proceeding") before the Ontario Superior Court of Justice (the "Canadian Court") for a plan of compromise or arrangement under the Canadian Companies' Creditors Arrangement Act ("CCAA").  The Canadian Debtors continue to operate their businesses and manage their properties under the supervision of the Canadian Court.

4.      On January 14, 2009 (the "Committee Formation Date"), pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee.  The Committee currently consists of three members.[2]  On the Committee Formation Date, pursuant to section 1103(a) of the Bankruptcy Code, the

---

[2] The Committee is comprised of the following entities:  Law Debenture Trust Company of New York, as indenture trustee; Pension Benefit Guaranty Corporation; and The Bank of New York Mellon, as indenture trustee.

2

Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as lead counsel to the Committee.

5.    On March 5, 2009, the Court entered an order authorizing the Committee to retain and employ Fraser Milner Casgrain LLP ("FMC") *nunc pro tunc* to January 26, 2009. In March 2013, FMC combined with SNR Dentons LLP and Salans LLP to form the international law firm known as Dentons. As part of that combination, and as described in the *Supplemental Declaration of Michael J. Wunder* [ECF No. 10782], FMC was renamed Dentons Canada LLP ("Dentons Canada").

6.    The Committee has been advised that the attorneys at Dentons Canada that have had primary responsibility for advising the Committee on Canadian legal issues and representing the Committee in connection with the Canadian Proceeding, have left Dentons Canada and joined Cassels Brock to practice law effective March 1, 2014.

7.    The attorneys at Dentons Canada that have transitioned to Cassels Brock have represented the Committee continuously since the retention of FMC in early 2009. During that time, Canadian counsel has played a pivotal role in assisting the Committee in acquitting its fiduciary duty to protect the interests of the Debtors' unsecured creditors by representing the Committee in, and advising the Committee with respect to, the Canadian Proceeding. As this Court is aware, many of the most critical aspects of these cases have either involved cross-border U.S. and Canadian issues or required an understanding of Canadian law and practice. Accordingly, the Committee has played an active and important role in protecting the interests of U.S. creditors in the Canadian Proceeding in accordance with, among other things, the Cross-Border Court-to-Court Protocol, as amended and approved by this Court on June 29, 2009 [ECF No. 990]. In light of the number of significant matters remaining to be addressed in these

3

insolvency proceedings, including the upcoming allocation trial, the Committee expects that the assistance of Canadian counsel will continue to be integral to the Committee's ability to maximize value for the Debtors' unsecured creditors.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This Application is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested in this Application are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.[3]

## RELIEF REQUESTED

9.      Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, the Committee seeks to employ and retain the law firm of Cassels Brock as its successor Canadian counsel, effective as of March 4, 2014 in connection with the Debtors' chapter 11 cases.

## RETENTION OF CASSELS BROCK

*Qualifications of Cassels Brock*

10.     The Committee respectfully submits that it is necessary and appropriate for it to employ and retain Cassels Brock as successor Canadian counsel to ensure that the same attorneys who have had primary responsibility for advising the Committee on Canadian legal issues and representing the Committee in connection with the Canadian Proceeding can continue to provide, among other things, the following services, at the direction of the Committee's lead counsel, Akin Gump:

---

[3] Pursuant to Local Rule 9013-1(f), the Committee hereby confirms its consent to the entry of a final order by this Court in connection with this Application if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4

(a)     advise the Committee with respect to its rights, duties and powers in connection with the Canadian Proceeding;

(b)     assist and advise the Committee in its consultations with the Debtors and other parties in interest in the Canadian Proceeding in relation to matters of Canadian law;

(c)     assist and advise the Committee in connection with the allocation trial and all relevant aspects thereof;

(d)     assist and advise the Committee as to its communications to the general creditor body regarding significant matters in the Canadian Proceeding;

(e)     represent the Committee at all hearings in the Canadian Proceeding;

(f)     review and analyze motions, applications, orders, reports, statements of operations and schedules filed with the Canadian Court and advise the Committee as to their propriety, and to the extent deemed appropriate by the Committee, support, join or object thereto;

(g)     advise and assist the Committee with respect to any Canadian legislative, regulatory or governmental activities;

(h)     assist the Committee in preparing pleadings including, without limitation, motions, affidavits, facta, records, memoranda, complaints, adversary complaints, objections or comments as may be necessary in furtherance of the Committee's interests in the Canadian Proceeding;

(i)     assist the Committee in its review and analysis of the Debtors' various commercial agreements and inter-company transactions in so far as they relate to or are the subject of the Canadian Proceeding;

(j)     assist the Committee in developing and implementing protocols for the coordination of these chapter 11 cases with the Canadian Proceeding and coordinating with counsel in the Canadian Proceeding; and

(k)     perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

11.    The Committee believes that Cassels Brock possesses extensive knowledge and expertise in the areas of Canadian law relevant to these insolvency proceedings, and that Cassels Brock is well qualified to represent the Committee as Canadian counsel in these chapter 11

5

cases. In addition to the fact that the team of lawyers that has joined Cassels Brock has been representing the Committee as Canadian counsel continuously throughout these cases, Cassels Brock, as a firm, has extensive experience in representing stakeholders in insolvency proceedings and other debt restructurings. Specifically, Cassels Brock (including the team of lawyers that has joined Cassels Brock from Dentons Canada) is currently representing and has previously represented debtors and significant stakeholder groups as Canadian counsel in other significant domestic and cross-border insolvency proceedings, including: *Lone Pine Resources* (CCAA/Chapter 15); *Great Basin Gold* (Chapter 11/CCAA/Business Rescue); *Crystallex International* (CCAA/Chapter 15); *Jaguar Mining Corporation* (CCAA); *LightSquared Inc.* (Chapter 11/CCAA); *SkyLink Aviation* (CCAA); *Aveos Fleet Performance* (CCAA); *Catalyst Paper Corporation* (CCAA/Chapter 15); *TerreStar Networks Inc.* (Chapter 11/CCAA); *General Motors Corporation* (Chapter 11); *Chrysler LLC (*Chapter 11); *Northstar Aerospace Inc.* (Chapter 11/CCAA); and *Newpage Corporation* (Chapter 11/CCAA).

12.     The Committee believes that it is in the best interests of these estates and most efficient and cost-effective for the Committee to continue to use the same attorneys that have transitioned to Cassels Brock rather than involving new attorneys at Dentons Canada who do not have the same institutional knowledge of the Committee or these proceedings. There will be no transition cost or unnecessary delay or expense incurred as a result of this change of Canadian counsel by the Committee.

## *Terms of Compensation*

13.     The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by Cassels Brock in these cases be paid as administrative expenses of the estates pursuant to sections 328, 330(a), 331, 503(b) and 507(a)(1)

RLF1 9987418v.1

of the Bankruptcy Code.  Subject to this Court's approval, Cassels Brock will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates, which will be denominated in Canadian dollars,[4] in effect on the date such services are rendered, subject to sections 328(a) and 330 of the Bankruptcy Code.  The current hourly rates charged by Cassels Brock for professionals and paraprofessionals employed in its offices are provided below:

| Billing Category | Range[5] |
|---|---|
| Partners/ Senior Consultants | $600-$1050 |
| Associates | $390-$700 |
| Paraprofessionals | $125-$435 |

These hourly rates are exclusive of all applicable federal and provincial taxes, including harmonized sales tax, (if any) on the provision of legal services, and are subject to change from time to time in accordance with Cassels Brock's established billing practices and procedures in the normal course of Cassels Brock's business.  Cassels Brock will disclose any increase in rates charged for the provision of services to the Committee.

14.    Cassels Brock will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.  Cassels Brock will seek reimbursement for its expenses pursuant to, among other things, any applicable guidelines established by the Office of the United States Trustee for the District of Delaware in effect as of the filing of these chapter 11 cases.

---

[4] To avoid the burden and administrative costs of currency conversion, the Debtors have agreed that Cassels Brock will be paid in Canadian dollars.  As described more fully in the Young Declaration (as defined herein), Cassels Brock will make appropriate applications to this Court for compensation of professional fees and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware and Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members [Docket No. 222].

[5] The rates in this column are set forth in Canadian dollars.

7

15.    The names, positions and current hourly rates of the attorneys at Cassels Brock

expected to have primary responsibility for providing services to the Committee are as follows:

| Lawyer | Billing Category | Department | Hourly Rate[6] |
|---|---|---|---|
| R. Shayne Kukulowicz | Partner | Restructuring and Insolvency Group | $900 |
| Michael J. Wunder | Partner | Restructuring and Insolvency Group | $795 |
| Ryan Jacobs | Partner | Restructuring and Insolvency Group | $750 |
| Keri Wallace | Associate | Restructuring and Insolvency Group | $390 |

The hourly rates identified for the first three individuals in the chart above are identical to the

hourly rates that these individuals charged while providing services to the Committee at Dentons

Canada.  In addition to the financial restructuring lawyers named above, it will be necessary,

during the course of these cases, for other Cassels Brock professionals in other legal disciplines

to provide services to the Committee.

*Disinterestedness of Cassels Brock*

16.    Upon information and belief, Cassels Brock does not currently represent and does

not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which

Cassels Brock is to be engaged, except to the extent set forth in the declaration of Mark I. Young

(the "Young Declaration") attached hereto as "Exhibit A."  However, Cassels Brock is a large

Canadian firm with a national and international practice, and may represent or may have

represented certain of the Debtors' creditors, equity holders, related parties or other parties in

interest in matters wholly unrelated to these cases.

17.    As set forth in the Young Declaration, certain attorneys at Cassels Brock

previously acted as Canadian counsel (the "Cassels UK Pension Retainer") to the Nortel

---

[6] The rates in this column are set forth in Canadian dollars.

Networks UK Pension Trust Limited and the UK Pension Protection Fund (collectively, the "UK Pension Claimants") in connection with these insolvency proceedings and related litigation. Several months ago, the UK Pension Claimants hired a separate Canadian law firm to act as co-Canadian counsel to the UK Pension Claimants in connection with the Nortel insolvency proceedings. Cassels Brock subsequently began to transition all Canadian legal work for the UK Pension Claimants to co-counsel.

18.     As of the date of this Application, Cassels Brock's engagement by the UK Pension Claimants has now been fully and finally terminated and Cassels Brock is no longer providing any services or advice in any manner whatsoever to the UK Pension Claimants. The UK Pension Claimants and the Committee have each formally consented to the retention by the Committee of Cassels Brock as its Canadian counsel and specifically that the Committee and Cassels Brock in its capacity as Canadian counsel to the Committee may act adverse to the interests of, or any positions taken by, the UK Pension Claimants in respect of or related to these insolvency proceedings. In addition, the UK Pension Claimants have agreed that Cassels Brock cannot and will not act for the UK Pension Claimants in any capacity in the Nortel Proceedings and that Cassels Brock will not provide any further legal advice or other services to the UK Pension Claimants. This consent was memorialized in a written letter agreement executed by the UK Pension Claimants and approved by the Committee.[7]

19.     In connection with the Committee's retention of Cassels Brock, appropriate ethical walls and screens have been implemented at Cassels Brock to ensure that (a) no confidential information pertaining to the Cassels UK Pension Retainer is disclosed to the Committee or any of its representatives or to any lawyer, advisor or other firm member at

---

[7] Copies of the formal written consent agreements have been provided to the U.S. Trustee on a confidential basis, and upon request, the Committee will share such agreements with the Court.

Cassels Brock providing services to the Committee in connection with the Nortel Proceedings, (b) no confidential information pertaining to Cassels Brock's representation of the Committee is disclosed to the UK Pension Claimants or any of their representatives or to any lawyer, advisor or other firm member at Cassels Brock that previously provided services to the UK Pension Claimants in connection with the Cassels UK Pension Retainer, (c) no member of the Cassels Brock group of lawyers and staff who act on behalf of the Committee in connection with these insolvency proceedings will discuss or disclose to any other member of Cassels Brock any information or documents pertaining to the Committee's retention of Cassels Brock, (d) no member of the Cassels Brock group of lawyers and staff who acted on behalf of the UK Pension Parties in connection with the Nortel Proceedings will discuss or disclose to any other member of Cassels Brock any information or documents pertaining to the Cassels UK Pension Retainer, and (e) the paper and electronic files in respect of the Cassels UK Pension Retainer and the Committee's retention of Cassels will be segregated and access to those files will be strictly limited to the Cassels Brock lawyers and staff who provide or provided, as applicable, services in respect of the applicable engagements.

20.     As set forth in the Young Declaration, in addition to the terminated Cassels UK Pension Retainer, Cassels Brock previously represented certain other parties in interest in connection with the Canadian Proceeding (the "Other Nortel Retainers").[8]  Each of the Other Nortel Retainers has been terminated and the related files are closed.   Appropriate ethical walls and screens have been implemented at Cassels Brock between the attorneys that will be providing services to the Committee and those involved in the Other Nortel Retainers.

---

[8]  The Other Nortel Retainers which have been terminated include prior representations in the Canadian Proceeding of: Wipro Limited; Ciena Corporation; Sun Microsystems; Alvarion Ltd.; Oracle Corporation; Intel Corporation; W.P. Carey & Co. LLC; Amex Bank of Canada; Qualcomm Incorporated; and Emerson.

RLF1 9987418v.1

21.     Upon the Court's entry of an order approving the Application, the Committee intends to file with the Court and serve on the appropriate parties a notice of substitution of counsel pursuant to Local Rule 9010-2(a).[9]

22.     Based on the foregoing, the Committee respectfully submits that Cassels Brock is disinterested as that term is defined in the Bankruptcy Code and otherwise satisfies the requirements for the retention of a professional by the Committee pursuant to Bankruptcy Code section 1103(a) and Bankruptcy Rule 2014.

## NOTICE

23.     This Application has been served on (i) the U.S. Trustee; (ii) counsel to the Debtors; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002.  Notice of this Application and any order entered hereon will be served in accordance with Local Rule 9013-1. In light of the nature of the relief requested, the Committee respectfully requests that no further notice is necessary.

---

[9] The Committee understands that, upon entry of an Order approving the Application and the filing of the notice of substitution of counsel pursuant to Local Rule 9010-2(a), Dentons Canada intends to become Canadian counsel to Wilmington Trust, N.A., as indenture trustee for a series of Canadian bonds, subject to the execution of an appropriate consent by the Committee and compliance with applicable ethical obligations.

**WHEREFORE**, the Committee requests that an Order, substantially in the form annexed hereto as Exhibit B, be entered (i) authorizing the Committee to retain Cassels Brock as its successor Canadian counsel in these cases, *nunc pro tunc* to March 4, 2014, and (ii) providing the Committee such other and further relief as the Court may deem just, proper and equitable.


Dated: March 4, 2014                Respectfully submitted,
       Wilmington, Delaware

By: _____
      Mark D. Collins (No. 2981)
      Christopher M. Samis (No. 4909)
      Richards, Layton & Finger, P.A.
      One Rodney Square
      920 North King Street
      Wilmington, DE  19801
      Tel.:  (302) 651-7700

      and

      Fred S. Hodara (*pro hac vice*)
      David H. Botter (*pro hac vice*)
      Akin Gump Strauss Hauer & Feld LLP
      One Bryant Park
      New York, NY  10036
      Tel.:  (212) 872-1000

      Counsel to the Official Committee of
      Unsecured Creditors of Nortel Networks
      Inc., *et al.*

12