## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
*In re*                                        :        Chapter 11
                                               :        Case No. 09-10138 (KG)
Nortel Networks Inc., <u>et al.</u>,[1]        :        Jointly Administered
                                               :
                          Debtors              :        **Re: Docket No. 13098**
----------------------------------------------------------X

### MOTION TO SHORTEN NOTICE WITH RESPECT TO THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC., *ET AL.* TO RETAIN AND EMPLOY CASSELS BROCK & BLACKWELL LLP AS SUCCESSOR CANADIAN COUNSEL, *NUNC PRO TUNC* TO MARCH 4, 2014

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Nortel Networks Inc., *et al.* (collectively, the "<u>Debtors</u>") file this *ex parte* motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**:  (a) shortening the notice periods with respect to the *Application of the Official Committee of Unsecured Creditors of Nortel Networks Inc., et al. to Retain and Employ Cassels Brock & Blackwell LLP as Successor Canadian Counsel, Nunc Pro Tunc to March 4, 2014* (the "<u>Application</u>"), which is filed contemporaneously herewith;[2] and (b) granting related relief.  In support of this Motion, the Committee respectfully states as follows:

### Jurisdiction

1.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. ("<u>NN CALA</u>") (4226).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

*Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), Rules 2002(a) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 9006-1(c), and (e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").

## Relief Requested

4.      By this Motion, the Committee seeks entry of an order pursuant to Bankruptcy Rule 9006 and Local Rule 9006-1(e), substantially in the form attached hereto as **<u>Exhibit A</u>**: (a) shortening the notice periods with respect to the relief requested by the Application so that the Application may be heard on the omnibus hearing scheduled for March 18, 2014 at 10:00 a.m. (ET) (the "<u>Hearing</u>") and objections, if any, to the Application must be filed and served prior to March 17, 2014 at Noon (ET); and (b) granting related relief.

## Basis for Relief

5.      Local Rule 9006-1(c) requires that all motion papers (including retention applications) be filed and served at least 18 days (21 days if service is by first class mail; 19 days if service is by overnight delivery) prior to a hearing date scheduled for such motion or

---

[3]  Consistent with Local Rule 9013-1(f), the Committee hereby confirms its consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

application, unless approval of shortened notice is granted by the Court pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e).

6.       Bankruptcy Rule·9006(c)(1), however, provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1); see also Del Bankr. L.R. 9006-1(e) (stating that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice").   By this Motion, the Committee is seeking to shorten the notice period for the Application to 14 days and plan to serve the Application by overnight delivery on March 5, 2014 to all notice parties that can receive such service.  Notwithstanding that the notice period would be shorter than prescribed by the Local Rules and the Bankruptcy Rules, the Committee respectfully submits that allowing the Application to be considered on an expedited basis at the Hearing is reasonable and appropriate under the circumstances.

7.       As described in more detail in the Application, the attorneys at Dentons Canada that have had primary responsibility for advising the Committee on Canadian legal issues and representing the Committee in connection with the Canadian Proceeding, left Dentons Canada and joined Cassels Brock to practice law effective March 1, 2014.  Accordingly, it is necessary for the Committee to employ and retain Cassels Brock as quickly as possible to ensure the transitioning attorneys can continue to provide legal services to the Committee without interruption at a critical juncture in these chapter 11 cases.  Indeed, if the Committee is unable to obtain approval of the Application or shortened notice, the Committee could be greatly prejudiced in a variety of respects, including in its considerable ongoing efforts to prepare for the

3

allocation trial.   Further, the Committee believes that shortening notice with respect to the Application will not prejudice the rights of other parties in interest, as the relief sought in the Application has been previewed with the major parties in interest, including the United States Trustee, well in advance of the filing of the Application and, considering service will be accomplished by overnight delivery on March 5, 2014, and the proposed objection deadline is March 17, 2014, parties will still have 12 days to object to the relief requested should they choose to do so.   Thus, the Committee submits that it would be appropriate for the Court to consider the Application at the Hearing.

### Notice

8.      This Motion has been served on (i) the U.S. Trustee; (ii) counsel to the Debtors; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1.  In light of the nature of the relief requested, the Committee respectfully requests that no further notice is necessary.

### No Prior Request

9.      No prior motion for the relief requested herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

4

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**:  (a) shortening the notice periods with respect to the relief requested by the Application so that the Application may be heard at the omnibus hearing scheduled for March 18, 2014 at 10:00 a.m. (ET) and objections, if any, to the Application must be filed and served prior to March 17, 2014 at Noon (ET); and (b) granting related relief.


Dated: March 4, 2014
      Wilmington, Delaware

Respectfully submitted,

By: _____
    Mark D. Collins (No. 2981)
    Christopher M. Samis (No. 4909)
    Richards, Layton & Finger, P.A.
    One Rodney Square
    920 North King Street
    Wilmington, DE  19801
    Tel.:  (302) 651-7700

    and

    Fred S. Hodara (*pro hac vice*)
    David H. Botter (*pro hac vice*)
    Akin Gump Strauss Hauer & Feld LLP
    One Bryant Park
    New York, NY  10036
    Tel.:  (212) 872-1000

    *Counsel to the Official Committee of*
    *Unsecured Creditors of Nortel Networks*
    *Inc., et al.*