IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                          )     Case No. 09-10138(KG)
                                )     (Jointly Administered)
NORTEL NETWORKS, INC.,          )
        et al.,                 )     Chapter 11

                                )     Courtroom 3
                                )     824 Market Street
            Debtors.            )     Wilmington, Delaware
                                )
                                )     March 4, 2014
                                )     10:00 a.m.


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:
For Debtors:              Morris Nichols Arsht & Tunnell, LLP
                          BY: ANN CORDO, ESQ.
                          BY:  ERIC SCHWARTZ, ESQ.
                          1201 North Market St., 18th Floor
                          Wilmington, DE  19899-1347
                          (302) 351-9357

                          Cleary Gottlieb Steen & Hamilton
                          BY: RUSSELL ECKENROD, ESQ.
                          One Liberty Plaza
                          New York, NY  10006
                          (212) 225-2000


ECRO:                     GINGER MACE

Transcription Service:    DIAZ DATA SERVICES, LLC
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)

| | |
|---|---|
| For Official Committee of Unsecured Creditors: | Richards Layton & Finger, P.A.<br>BY: CHRIS SAMIS, ESQ.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7845 |
| For Monitor: | Buchannan Ingersoll & Rooney, P.C.<br>BY: KATHLEEN MURPHY, ESQ.<br>1105 North Market Street<br>Suite 1900<br>Wilmington, DE 19801-1054<br>(302) 552-4214 |
| For U.K. Pension Claimants: | Bayard, PA<br>BY: JUSTIN ALBERTO, ESQ.<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>(302) 429-4226 |

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For Debtor, Nortel Networks: | Cleary Gottlieb Steen & Hamilton<br>BY: LISA M. SCHWEITZER, ESQ.<br>(212) 225-2629 |
| For Canadian Monitor (E&Y): | Allen & Overy, LLP<br>BY: JOSEPH BADTKE-BERKOW, ESQ.<br>(212) 610-6300<br>BY: DANIEL GUYDER, ESQ.<br>(212) 756-1132 |
| For Official Committee of Unsecured Creditors: | Akin Gump Strauss Hauer & Feld, LLP<br>BY:  BRAD KAHN, ESQ.<br>(212) 872-8121 |
| For Interested Party: | Farallon Capital<br>BY:  MICHAEL LINN<br>(415) 421-2132 |
| For Interested Party: | Bank of America<br>BY: ESTHER CHUNG<br>(646) 855-6705 |

TELEPHONIC APPEARANCES:
(Continued)

For Interested Party:     Reorg Research, Inc.
                          BY: KENT COLLIER
                          (212) 257-4383

In Pro Per/Pro Se:        BY: DANIEL D. DAVID
                          (919) 554-9291

In Pro Per/Pro Se:        BY:  FREDDIE L. GANN
                          (530) 893-9558

1

1  WILMINGTON, DELAWARE, TUESDAY, MARCH 4, 2014, 10:02 A.M.

2          THE CLERK:  Please rise.

3          THE COURT:  Good morning everyone.  Thank you.

4  Please be seated.  Good morning, Ms. Cordo.

5          MS. CORDO:  Good morning, Your Honor.  For the

6  record, Annie Cordo, Morris Nichols Arsht & Tunnell, on

7  behalf of the Debtors.  We just have two items on this

8  morning's Agenda and Item Number 1, which was our Thirty-

9  Fourth Omnibus Objection, an Order was entered on that and

10 we submitted our Certificate of No Objection.

11         THE COURT:  Yes.

12         MS. CORDO:  With regards to Item Number, 2 which is

13 the Debtor's Thirty-Fifth Omnibus Objection, I will turn the

14 podium over to Russell Eckenrod, from Cleary.  We filed his

15 Pro Hoc Motion this morning, Your Honor, so it is on the

16 Docket, but I do not believe an Order has been entered on

17 that yet.

18         THE COURT:  That's fine.  We will certainly sign

19 that in due course, and Mr. Eckenrod, you're welcome to

20 appear.

21         MS. CORDO:  Thank you, Your Honor.

22         THE COURT:  Thank you.  It's good to have you

23 here.

24         MR. ECKENROD:  Thank you, Your Honor.  Good

25 morning.

1            THE COURT:  I think this is your first appearance

2   in this case.

3            MR. ECKENROD:  It is indeed, Your Honor.

4            THE COURT:  All right.

5            MR. ECKENROD:  Russell Eckenrod, of Cleary

6   Gottlieb Steen & Hamilton, on behalf of the Debtors.  I'll be

7   addressing the Thirty-Fifth Omnibus Objection.

8            THE COURT:  Yes.

9            MR. ECKENROD:  That Objection objected to 86

10  Claims filed by former employees, Docket No. 12919.  Your

11  Honor, the Debtors have received five responses to the

12  Thirty-Fifth Objection and they essentially split into three

13  categories.

14           First, Russell Hawkins, Fred Gann, and William

15  Mariotti are former employees who claim entitlement to

16  severance pay for terminations stemming from the exploration

17  of their long-term disability benefits.

18           THE COURT:  Yes.

19           MR. ECKENROD:  Second, Mr. Richard Brand, whom the

20  Debtors agree is entitled to a Severance Plan, has taken

21  issue with the Debtor's assertion that no part of his claim is

22  entitled to priority status.

23           And finally, the Debtors received a response from

24  Mr. Daniel David claiming that he is entitled to a Claim for

25  vacation benefits that accrued that are allegedly unpaid by

1    the Debtors.

2             Your Honor, if I may, I'd propose that we first

3    address the Claims relating to entitlement to severance pay

4    by the former LTD participants and then turn to Mr. Brand and

5    Mr. David's responses individually.

6             THE COURT:  That's right, and I think -- am I

7    correct that Mr. Mariotti has withdrawn his Objection?

8             MR. ECKENROD:  That's correct, Your Honor.  For

9    the avoidance of doubt, I'll address his response as I address

10   Mr. Hawkins and Mr. Gann but my understanding is that his

11   withdrawal resolves his response.

12            THE COURT:  All right.  Thank you.

13            MR. ECKENROD:  Now, Your Honor, with respect to

14   the responses of Mr. Hawkins, Gann, and Mariotti, the

15   Debtors have filed a Declaration in support of their Reply

16   from Deborah Parker, who's the Shared Services Team Leader

17   at NNI.  The Declaration has been filed to put certain Plan

18   documents before the Court, specifically the Severance Plan,

19   and to provide certain factual support for the Debtor's

20   Reply.

21            THE COURT:  That's right.

22            MR. ECKENROD:  Ms. Parker is in the Courtroom

23   today, and is available for cross-examination should anyone

24   wish to do so.  However, unless any party wishes to cross-

25   examine Ms. Parker, I would request that the Court accept her

1   testimony    by written Declaration.

2            THE COURT:  Does anyone object to the admission

3   into evidence of Ms. Parker's Declaration in the first

4   instance, let's start with that?

5                      (No audible response)

6            THE COURT:  All right.  Hearing no one, then the

7   Declaration is admitted into evidence and Ms. Parker is

8   available for cross-examination on that Declaration should

9   anyone wish to cross-examine her.  Does anyone wish to cross-

10  examine Ms. Parker?  I don't think I've heard a yes to that

11  so I suppose we go to argument on the basis of the facts set

12  forth in the Declaration, Mr. Eckenrod.

13           MR. ECKENROD:  Okay.  Thank you, Your Honor.  Your

14  Honor, first and foremost, just to lay down the background

15  here, what this comes down to is that the Debtor's Severance

16  Plan is not a bonus available to all employees upon the

17  completion of their employment with Nortel.  It is a benefit

18  provided to those employees whose termination was initiated

19  by the Debtors.  The Severance Plan is clear on this point.

20           Section 2.1 of the Severance Plan clearly outlines

21  the circumstances under which benefits can be paid and it

22  does not include those employees whose long-term disability

23  benefits expire by their own terms before those participants

24  return to work.  Section 2.6 of the Plan is then clear that

25  no severance shall be paid to anyone other than those who

1  fall in the specific categories in Section 2.1.  The Summary

2  Plan Descriptions of the Severance Plan, both 2011 and 2012,

3  which are applicable here, clearly lay out these provisions

4  in question three of those descriptions, describing when

5  participants are eligible for severance.

6           THE COURT:  Yes.

7           MR. ECKENROD:  As such, it has been the Debtor's

8  historical practice to deny severance benefits to

9  participants in the LTD Plans who age out of such benefits

10  without returning to work and to offer them retirement

11  benefits.  That's precisely what the Debtors did in each of

12  the cases of Mr. Hawkins, Gann, and Mariotti.  I would also

13  note that in the case of Mr. Hawkins and Mr. Gann, they

14  enrolled in retirement benefits.

15           THE COURT:  Yes.

16           MR. ECKENROD:  Now, Your Honor, the essential

17  timeline with respect to each Claimant is as follows:

18  Mr. Hawkins received Long-Term Disability Plan benefits until

19  December 14th, 2011 when he turned 65 and so his benefits

20  expired under the terms of the Plan, the LTD Plan.  The

21  Debtors notified Mr. Hawkins of his termination in advance of

22  that date, indicating a termination reason of failure to

23  return LTD and sent him an application for retirement

24  benefits.  Mr. Hawkins enrolled in those benefits with effect

25  from the start of the next month; that is January 1st, 2012,

1  and he received those benefits up until the time of the

2  Retiree settlement which was June 30th, 2013 was when Retiree

3  benefits ended pursuant to that settlement.

4         Now, Mr. Gann received LTD benefits through the

5  expiration of those benefits at the end of February 2012 when

6  he turned 65, and likewise, aged out of those LTD benefits.

7  As with Mr. Hawkins, the Debtors received no indication from

8  Mr. Gann that he was able or intended to return to work prior

9  to that expiration of his LTD benefits and so the Debtors

10  provided him with a notification of his termination, that

11  again, indicated a failure to return LTD.

12         THE COURT:  And the Plan is quite clear, Mr.

13  Eckenrod, is it not, that in order to receive severance

14  benefits, an employee had to actually be working at the time

15  that, in effect, they retired?

16         MR. ECKENROD:  Well, Your Honor, this issue came,

17  of course, in the LTD severance --

18         THE COURT:  It did.

19         MR. ECKENROD:  -- benefits and I believe Your

20  Honor did indicate that in that context, that LTD would

21  constitute employment for purposes of severance.  However,

22  that LTD, I actually will address that LTD severance

23  situation in a moment --

24         THE COURT:  Okay.

25         MR. ECKENROD:  -- and note how it's distinct from

1  the facts at hand here.

2          THE COURT:  Please, yes, when you get to it.

3          MR. ECKENROD:  And finally, just, again, running

4  through the facts of each Claimant, Mr. Mariotti, again, who

5  has withdrawn his Claim, he received LTD benefits up until

6  early 2013.  Because he entered LTD after age 60, he did not

7  automatically term out of LTD benefits at age 65.  He

8  actually received them for 48 months.

9          THE COURT:  Okay.

10          MR. ECKENROD:  And so he was a bit after 65 when

11  his benefits ended.  Again, as with Mr. Hawkins and Mr. Gann,

12  he was sent a Termination Notice, indicating a reason for

13  termination of failure to return LTD and Retiree Benefits

14  Application.  In Mr. Mariotti's case, he did not elect to

15  enroll in those benefits.   But again, as with Mr. Hawkins

16  and Mr. Gann, at no time did he indicate an ability or desire

17  to return to work prior to the expiration of his LTD

18  benefits.

19          Now, Your Honor, turning to that point regarding

20  LTD severance, the Hawkins response actually refers to this

21  Court's Memorandum Opinion on LTD severance benefits in

22  attempts to draw a parallel between Mr. Hawkins' situation

23  and that of the participants in the LTD benefits who, as you

24  may recall, their benefits were terminated.  LTD benefits

25  were terminated pursuant to a settlement on June 30th, 2013.

1    This Court's Order of September 10th, 2013, Docket No. 11571,

2    was the operative Order that granted severance benefits to

3    such employees.

4                THE COURT:  Yes.

5                MR. ECKENROD:  It was clear by its terms that it

6    applied only to those LTD employees whose employment "was

7    terminated" as of June 30th, 2013.  It did not apply, nor

8    should it be extended to apply, to participants such as Mr.

9    Hawkins, Gann, and Mariotti, who aged out of LTD benefits

10   prior to June 30th, 2013 under the terms of the LTD Plan.

11   And, in fact, I would note that, at least in the case of Mr.

12   Hawkins and Mr. Gann, the expiration of these benefits

13   occurred more than a year in advance of the termination of

14   LTD benefits pursuant to the LTD settlement.

15               Your Honor, I would also note that Mr. Hawkins'

16   response attaches a Termination Notice indicating a workforce

17   reduction.  That, as actually as noted in the Memorandum

18   Opinion that is cited by Mr. Hawkins in his response, that

19   particular Notice was retracted and was of no effect.

20               THE COURT:  Right.

21               MR. ECKENROD:  So I did want to emphasize that the

22   operative Termination Notice is the one that was delivered to

23   Mr. Hawkins at the end of 2011, and again, indicated a reason

24   of failure to return LTD as the reason for termination.

25               So, Your Honor, just to summarize, Mr. Hawkins,

1    Gann, and Mariotti are not eligible for severance benefits

2    under both the terms of the Severance Plan and the Debtor's

3    consistent past practice.  They were not terminated as part

4    of a termination initiated by the Debtors, which is the core

5    of what holds together those reasons in Section 2.1 that

6    would entitle a participant to severance.  They received LTD

7    benefits for the full term of their eligibility for such

8    benefits, aged out of those benefits, and in the case of Mr.

9    Hawkins and Mr. Gann, enrolled in Retiree benefits.  The

10   Debtors, therefore, request that this Court overrule their

11   responses and sustain the Debtor's Objection to their Claims.

12            THE COURT:  All right.  Thank you, Mr. Eckenrod.

13            MR. GANN:  This is --

14            THE COURT:  Anyone else supporting the Debtor's

15   position who wishes to be heard?

16                   (No audible response)

17            THE COURT:  All right.  Why don't I hear now --

18   why don't I hear first from Mr. Hawkins?  Mr. Hawkins, good

19   morning.  Now that I think about it, I don't think I saw Mr.

20   Hawkins' name on our list of callers.  All right.  Then I

21   would hear from Mr. Gann.

22            MR. GANN:  Yes.

23            THE COURT:  Good morning, Mr. Gann.

24            MR. GANN:  Good morning.  I'd like to address two

25   different things.

1          THE COURT:  Yes, sir.

2          MR. GANN:  The one, as far as the Termination

3    Notice, we were told by H.R. several times there was nowhere

4    to come back to.  There was no jobs.  And I tried to come

5    back when they were going to get rid of the LTD the first

6    time around back in -- I forget what year it was, but a

7    couple years ago, and you denied it.

8          THE COURT:  Yes.

9          MR. GANN:  As far as the LTD termination.  But

10   anyways, there was no job to go back to.  I was told that

11   several times by H.R.

12          And the second thing is when they did terminate

13   the LTD settlement, my wife was on COBRA.  That's the

14   extended -- I didn't take the benefits, but my wife did.  She

15   lost her COBRA and we were in a catch-22.  We had no -- the

16   LTD Committee said, not part of the settlement, because I had

17   already got my termination.  But yet she lost her COBRA so

18   she's had no insurance until she turns 65.

19          THE COURT:  Now, she was not receiving disability

20   at that time, is that correct, or had not received

21   disability?

22          MR. GANN:  She was receiving COBRA --

23          THE COURT:  Right.

24          MR. GANN:  -- as an extended benefit from my

25   termination.  But when they settled the LTD, she lost her

1    COBRA, and the LTD said she was not part of the settlement,

2    or I was not, which we received nothing from LTD settlement.

3    But yet she lost her insurance and since she had cancer and

4    other items, she was not -- you know, it made it almost

5    impossible to get insurance.  We couldn't afford any for the

6    types of money they want.  So, you know, I contacted the LTD,

7    well, you know, their Legal Services, and I also talked to

8    the LT Committee leader.  But anyway, we were told that we

9    were not -- there's nothing they could do about it.  Does

10   that make sense?

11                  THE COURT:  Yes.  Yes, I certainly understand.

12                  MR. GANN:  Okay.  And as far as the Termination

13   Notice, like I said, yes, I was terminated.  I was at 65.

14   But I was also told several times over the years that there

15   was no job to come back to by H.R. Services so --

16                  THE COURT:  So --

17                  MR. GANN:  -- so there was no option for me that I

18   saw, even though I talked to them about trying to return to

19   work.  They told me it was a waste of time; I was better off

20   to stay where I was.

21                  THE COURT:  Okay.  All right.  Take your time, Mr.

22   Gann.

23                  MR. GANN:  So as far as I --

24                  THE COURT:  Speak as long as you wish to be heard,

25   please.

1           MR. GANN:  Well, I'm kind of stumbling here

2    because I don't really know how to object to the -- as far as

3    I was concerned, the severance pay was due.  I mean I put in

4    29 years and was also considered an active employee at the

5    time of termination by Nortel's own words.  You know, they

6    made that very clear to everybody that we were considered

7    active employees and I think it states it on my Termination

8    Notice.

9           THE COURT:  But in --

10          MR. GANN:  I think that's all.

11          THE COURT:  In effect, you went directly from

12   receiving long-term disability to receiving your retirement

13   benefits, is that correct?

14          MR. GANN:  Yes, but as an active employee.

15          THE COURT:  Okay.  All right.  All right.  Thank

16   you.

17          MR. GANN:  And also -- okay.

18          THE COURT:  No, go on.  I'm sorry.  I thought you

19   were finished.

20          MR. GANN:  Well, it was understood that H.R., you

21   know, did not give us an option to return to work.  They told

22   me several times that there's no job to come back to.  That's

23   it.

24          THE COURT:  All right.  Thank you, Mr. Gann.

25   Mr. Eckenrod, any response?

1        MR. ECKENROD:  Yes, sir.  First, Your Honor, on

2   the COBRA points --

3        THE COURT:  Yes.

4        MR. ECKENROD:  -- it may be -- and I'm afraid we'd

5   have to review the records in further detail, but my

6   understanding is that, as you noted, Mr. Gann participated in

7   the Retiree Plan following the expiration of his LTD

8   benefits.

9        THE COURT:  Right.

10       MR. ECKENROD:  And those retiree benefits, which

11   may have included COBRA, those were terminated pursuant to

12   the Retiree settlement and those would have ended on June

13   30th, 2013, which is the same date that LTD benefits ended as

14   well so that maybe that there's some issue as between whether

15   it's under the LTD settlement or the Retiree settlement

16   again.

17       THE COURT:  Right.

18       MR. ECKENROD:  Mr. Gann did not participate in the

19   LTD settlement because --

20       THE COURT:  He was retired at that point.

21       MR. ECKENROD:  Exactly.

22       THE COURT:  Yes.  He was receiving those benefits.

23       MR. ECKENROD:  Right.  And again, Your Honor, on

24   the other points, the Debtors have undertaken a thorough

25   review of their records, which includes calls and

1  correspondence to H.R. and Nortel and have not found any

2  indication of an ability or desire to return to work or

3  intent to return to work, and so that's really what we have

4  to go on.

5          THE COURT:  And that's what Ms. Parker's

6  Declaration addresses as well.

7          MR. ECKENROD:  Correct.

8          THE COURT:  Yes, factually, and as part of our

9  record of our evidence.  And again, Mr. Hawkins is not on the

10  telephone, but certainly, Ms. Parker's Declaration and your

11  argument cover, I think, Mr. Hawkins' response as well, and I

12  don't see any basis to allow these Claims at this point.  I

13  think that the Debtor has accurately reviewed, and the facts

14  are covered by the Plan, which certainly controls here, and I

15  understand the distinction between those parties included in

16  my Opinion, if you will, who my Opinion addressed, and Mr.

17  Gann, Mr. Hawkins, and Mr. Mariotti.  So on the basis of the

18  record facts, as well as the application of the Plan itself,

19  and the fact that these parties went directly from long-term

20  disability to retirement without any return to work or any

21  indication of a desire to return to work, I have to sustain

22  your objection, the Debtor's objection.

23          MR. ECKENROD:  Thank you, Your Honor.  I would

24  turn next to the response of Mr. Brand.

25          THE COURT:  Now that's one I'm not aware of,

1   Mr. Brand's Objection.

2              MR. ECKENROD:  It was --

3              THE COURT:  As I was walking in, I saw a

4   supplemental response by the Debtors.

5              MR. ECKENROD:  That is with respect to Daniel

6   David.

7              THE COURT:  I'm sorry.  Thank you.  Mr. Brand.

8              MR. ECKENROD:  Mr. Brand had filed a --

9              THE COURT:  Yes, Mr. Brand.

10             MR. ECKENROD:  -- timely response in advance of

11  our --

12             THE COURT:  He did.

13             MR. ECKENROD:  -- initial Reply and so --

14             THE COURT:  Yes.

15             MR. ECKENROD:  -- this response was addressed in

16  our initial Reply, and again, is supported by a Declaration

17  from Mr. Deborah Parker, which provides certain factual

18  support.

19             THE COURT:  Yes.  And by the way, before we begin,

20  I don't think that Mr. Brand is on the telephone.  Mr. Brand,

21  are you on the phone?

22                  (No audible response)

23             THE COURT:  All right.  Mr. Brand is not on the

24  telephone with us but you may proceed, Mr. Eckenrod.

25             MR. ECKENROD:  Very well.  Thank you.  First,

1   again, Ms. Parker is in the Courtroom today and is available

2   for cross-examination.  So unless any party wishes to cross-

3   examine her, I would request that the Court accept her

4   testimony with respect to this response by written

5   Declaration.

6            THE COURT:  All right.  I do.  That Declaration is

7   similarly admitted --

8            MR. ECKENROD:  Thank you.

9            THE COURT:  -- applicable to this claim.

10           MR. ECKENROD:  Your Honor, the Debtors objected to

11  Mr. Brand's Claim on two grounds; first, to reduce the amount

12  of the claim by a relatively small amount, from $40,120 to

13  $39,523.  That's a small difference, of course, and it arose

14  chiefly because Mr. Brant's calculations included payment for

15  short-term disability to which the Debtor's books and records

16  indicate he is not entitled.  And also, Mr. Brant's

17  calculations; and these were in his initial Proof of Claim,

18  they indicated that he was entitled to 15 weeks of medical

19  benefits, whereas, the Debtor's records indicate that he was

20  only entitled to 12, in part, because he received -- he

21  remained on the Debtor's medical plan until February 6th,

22  2009, which as we'll see, was after his termination date.

23           THE COURT:  Yes.

24           MR. ECKENROD:  So he was not entitled to any more

25  than 12 weeks of medical benefits.  So that is the main --

1    that, again, that's a small dollar difference.  I just wanted

2    to explain and put on the record what the main reasons for

3    that difference are.

4                THE COURT:  Yes.

5                MR. ECKENROD:  The second --

6                THE COURT:  And those facts are supposed, again,

7    by Ms. Parker's Declaration?

8                MR. ECKENROD:  Correct, Your Honor.

9                THE COURT:  Yes.

10               Mr. ECKENROD:  The second and, more significantly,

11   the Debtors object to Mr. Brand's assertion that $10,950, the

12   statutory maximum of his Claim, should be given priority

13   under Section 507(a)(4) of the Bankruptcy Code.  Mr. Brand

14   was terminated, due to workforce reduction on January 18th,

15   2009, just a few days after the Petition date.  In accordance

16   with their standard practice in these cases, because benefits

17   under the Severance Plan are based on length of service, the

18   Debtors calculated the priority portion of that claim based

19   on the proportion of the Claimant's service to the Debtors

20   that fell within the 180-day statutory priority period --

21               THE COURT:  Yes.

22               MR. ECKENROD:  -- provided for in (a)(4).

23               THE COURT:  Yes.

24               MR. ECKENROD:  Here, that calculation, taken

25   alone, would have entitled Mr. Brand to approximately $2,500

1  in priority.  However, as permitted by this Court's First Day

2  Employee Wages Motion, the Debtors made a payroll payment on

3  January 16th, 2009, of nearly $6,400 in gross amount, prior

4  to withholdings, chiefly in respect to Mr. Brant's pre-

5  Petition wages.  That payment more than satisfied the $2,500

6  priority element to his Claim, and rendered the entirety of

7  his Claim a general unsecured Claim.

8          I did want to address Mr. Brand's response, his

9  indication that the California Labor Code --

10          THE COURT:  Yes.

11          MR. ECKENROD:  -- provides the basis for priority

12  treatment of his claim, and he indicated that those

13  provisions identify salaries and wages as a priority

14  bankruptcy item in bankruptcy cases.  The Debtors have, of

15  course, reviewed the statutory provisions and are unable to

16  discern any statement in those provisions about priority in a

17  bankrupt or insolvent scenario.

18          THE COURT:  I did likewise, Mr. Eckenrod, and I

19  agree with your submission.

20          MR. ECKENROD:  Okay.  Thank you, Your Honor.  Even

21  if there were, and I'll avoid a lengthy discourse on this

22  then, the Debtors submit that this was -- this would be

23  preempted by ERISA.

24          THE COURT:  Yes.

25          MR. ECKENROD:  The Severance Plan is clearly, by

1  its terms and under applicable case law, an ERISA Plan.

2            THE COURT:  So in other words, Mr. Brand's request

3  for priority is, in effect, subsumed within the pre-Petition

4  wage payment?

5            MR. ECKENROD:  Correct, Your Honor.

6            THE COURT:  Yes.

7            MR. ECKENROD:  So, in conclusion, Your Honor, Mr.

8  Brand's entitlement to priority is solely that provided for

9  in Section 507 of the Bankruptcy Code, which has been more

10  than satisfied, as Your Honor stated, by the Debtor's post-

11  Petition payroll payment and so the Debtors submit that the

12  Objection should be sustained with respect to his Claim.

13            THE COURT:  All right.  Anyone else?

14                  (No audible response)

15            THE COURT:  Well, on the basis of Ms. Parker's

16  Declaration, the factual predicate, as well as the arguments

17  of Debtors, I will sustain your Objection, Mr. Eckenrod.

18            MR. ECKENROD:  Thank you, Your Honor.

19            THE COURT:  Yes.

20            MR. ECKENROD:  And finally, Your Honor, we have

21  the response of Daniel David.  This response was filed.  I

22  believe it was docketed late on Thursday.

23            THE COURT:  Okay.

24            MR. ECKENROD:  Has Your Honor had the opportunity

25  to review that?

1          THE COURT:  I have not seen it.

2          MR. ECKENROD:  I'm happy to hand up a copy if it

3    would help.

4          THE COURT:  Would you?  Is it attached to your

5    response?

6          MR. ECKENROD:  Oh, Your Honor, it should be in the

7    hearing binder.  It's Item E.

8          THE COURT:  Oh, okay.

9          MR. ECKENROD:  Yes, it's quite a lengthy title so

10   it may have been difficult to --

11         THE COURT:  I must have missed it.  I'm sorry.

12         MR. ECKENROD:  I'm also happy to --

13         THE COURT:  There it is.  I apologize.  Somehow I

14   missed this one.  And Mr. David is on the telephone, is that

15   correct, Mr. David?

16         MR. DAVID:  Yes, sir.  Good morning, Your Honor.

17         THE COURT:  Good morning, Mr. David.  All right.

18   Mr. Eckenrod, you may proceed.

19         MR. ECKENROD:  Very well.  Would Your Honor like a

20   moment to review the response?

21         THE COURT:  Let me just do that.

22         MR. ECKENROD:  It's two pages so hopefully --

23         THE COURT:  Yes.  And this relates to vacation

24   pay.

25         MR. ECKENROD:  Correct.

1        THE COURT:  And 29.3 days.  All right.  You may

2   proceed.  I have had an opportunity now.

3        MR. ECKENROD:  Okay.  Thank you, Your Honor.  Your

4   Honor, with respect to Mr. David's response, because his

5   response was filed after the Debtor's initial Reply --

6        THE COURT:  Yes.

7        MR. ECKENROD:  -- the Debtors filed a Supplemental

8   Reply on Friday afternoon.  I don't know if -- does Your

9   Honor have a copy of the --

10        THE COURT:  I do.

11        MR. ECKENROD:  Okay.  With that Reply, the Debtors

12   filed a Supplemental Declaration from Ms. Parker to provide

13   factual support for that Supplemental Reply.  Again, Ms.

14   Parker remains in the Courtroom and available for cross-

15   examination should any party wish to do so.

16        THE COURT:  Yes.

17        MR. ECKENROD:  Unless another party wishes to

18   cross-examine Ms. Parker, I would request that the Court

19   accept her testimony by written Declaration.

20        THE COURT:  Any objection, Mr. David, to the

21   admission into evidence of Ms. Parker's Declaration, with the

22   understanding that if you would like to cross-examine Ms.

23   Parker you may?

24        MR. DAVID:  No, not right now, Judge.

25        THE COURT:  All right.  Then it is admitted into

1   evidence.  That is the Declaration of Deborah Parker in

2   support of Debtor's Supplemental Reply specifically to Mr.

3   David's claim.

4           MR. ECKENROD:  Thank you, Your Honor.  Your Honor,

5   the Debtors object to Mr. David's Claim, which is Claim No.

6   8301, in an amount of $9,690 for two reasons.  First and

7   foremost, the Claim is not timely.  Mr. David alleges that he

8   did not receive full payment for accrued vacation pay upon

9   the termination of his short-term disability benefits in

10  September of 2000, in spite of more than a dozen

11  communications from Mr. David to Nortel H.R. between 2000 and

12  September 2009.  Mr. David did not raise this vacation pay

13  issue until the filing of his initial Proof of Claim in

14  September 2009.  Now raised as it was --

15          THE COURT:  Nine year later?

16          MR. ECKENROD:  Correct, Your Honor.

17          THE COURT:  Yes.

18          MR. ECKENROD:  Nine years later.  Now, because it

19  was raised nine years later, this Claim preceded Nortel's

20  seven-year period, its standard practice for preservation of

21  payroll records, and so his Claim is unable to be verified by

22  the Debtors because of that issue.  And I would note further,

23  in addition to this seven-year period, that the Debtors have

24  used -- Mr. David appears to be a resident of North Carolina

25  based on the record, and Nortel's seven-year payroll record

1  retention policy is well in excess of the two-year North

2  Carolina State Statute of Limitations for Claims for unpaid

3  wages and overtime, and that is North Carolina General

4  Statute Section 95-25.22.

5          Your Honor, as we noted in the Supplemental Reply,

6  as the Debtor has noted, this Claim closely parallels the

7  unpaid vacation Claim filed by Estelle Loggins, which this

8  Court addressed last fall.  As with this claim, that Claim

9  accrued more than -- or around nine years prior to the filing

10  of a claim in respect of that amount.  This Court's Order of

11  July 17th, 2013, Docket No. 11138, held that Ms. Loggins'

12  request for vacation pay is denied because the Statute of

13  Limitations for this Claim has expired.

14          Your Honor, even if this Claim were not time-

15  barred, Mr. David does not provide sufficient documentary

16  support for his Claim; certainly understandable given the

17  time has passed.  He has submitted various exhibits with his

18  response, as you can see, and also with his Proofs of Claim,

19  including a vacation day chart, benefit entitlement handout,

20  and an employment offer letter.  However, even taken

21  together, these exhibits do not definitively show either an

22  acknowledgment of the balance accrued as of the date of the

23  termination of Mr. David's short-term disability benefits or

24  the payment, or lack thereof, by the Debtors for those

25  accrued amounts.  For their part, the Debtors are unable to

1   verify the validity of his Claim given the lengthy time that

2   has passed since those amounts allegedly accrued.  And so,

3   Your Honor, for both of those reasons, the Debtors request

4   that this Court sustain the Debtor's Objection to Mr. David's

5   Claim.

6           THE COURT:  All right.  Thank you, Mr. Eckenrod.

7   Mr. David, your turn.

8           MR. DAVID:  Yes, sir.  Good morning.

9           THE COURT:  Good morning to you.

10          MR. DAVID:  I want to lay out some background on

11  this vacation pay.  In February 1999, the vacation pay,

12  vacation leave and schedule were canceled for the Year 2K

13  project members and of IT.  Not only my vacation was

14  canceled, but I had to work on 4th of July weekend.  That was

15  all the way through -- Saturday through Tuesday, and Labor

16  Day weekend, Thanksgiving weekend, and Christmas holidays.

17  By 2/27/2000, the manufacturing system, we got it running

18  pretty smoothly without any problems.  My health issues had

19  started around Thanksgiving weekend when I worked 87 hours.

20  I went on short-term disability leave on 3/6/2000 after

21  consulting with Dennis Foley who was the Vice-President of IT

22  at that time, and my doctors.  Then I went and met with Nancy

23  Riddle and one of the managers of H.R., and she gave me my

24  vacation matrix and told me what Nortel owed me for vacation

25  time.  I received the LTD/STD policy, that is in my exhibit,

1   around June 2000.

2              Now, I'd like to talk about the policy.  According

3   to the Nortel policy, Exhibit B, page two, if you would turn

4   to that, please?

5              THE COURT:  Yes, sir.  Yes, I'm with you.

6              MR. DAVID:  Okay.  It states on page two,

7   vacation, sick leave upon returning to work.  Time you spend

8   on medical leave is also included in determining the vacation

9   days, and what vacation day I already had, plus the vacation

10  I accrued while on a short leave.  So that's one of the

11  policies.  I did not see a point in calling H.R. and asking

12  for vacation days prior to returning to work because the

13  policy provided by H.R., Exhibit B, that we just read.

14             I always had the hopes of going back to work

15  because of the advances in medical technology.  Therefore, my

16  accrued vacation is valid at the time of returning to work or

17  retiring or terminating of employment, or closing of the

18  business.  In reply to what Nortel responded, in answer to

19  your paragraph two, nowhere in the policy in Exhibit B it

20  states to contact Nortel H.R. regarding vacation pay as such

21  prior to going on long-term disability.  In paragraph two at

22  the same time, as far as North Carolina law is concerned,

23  should Nortel get rid of [indiscernible] for disabled --

24  disabled right after seven years, including vacation pay, and

25  sick pay for leave information.  This is unfair to employees

1  on LTD because LTD employees cannot use their vacation days

2  while on LTD leave.  I believe it was the H.R. Manager's

3  responsibility to help disabled employees under them with

4  some of these issues because the policy document is not clear

5  in Exhibit B.

6          Regarding paragraph three about a signed document,

7  not all the benefits document employees received were signed

8  by H.R., except offer letters, but Nortel did honor them.

9  Exhibit A document was given to me for my information and I

10  did not know H.R. was going to delete information from their

11  computer system after seven years.  Again, this is unfair to

12  employees on LTD because LTD employees cannot take -- use

13  their vacation while on LTD.

14          Regarding paragraph (d), my conversations with

15  H.R. on September 21st, 2010, I did mention that H.R. could

16  retrieve the data from archived backup, but H.R. elected not

17  to.

18          In conclusion, in manufacturing, we kept customer

19  order records for over 28 years that I know of without N.C.

20  law requiring Nortel to do so.  Specific records and we can

21  retrieve them in a matter of 45 minutes.  Nortel should honor

22  my vacation based on Nortel is in bankruptcy and will not be

23  able to provide a job for me in case of my return to work,

24  regardless, of my disability.  Thank you, Your Honor.

25          THE COURT:  All right.  Thank you, Mr. David.

1  Mr. Eckenrod, yes, sir?

2          MR. ECKENROD:  Your Honor, I just wanted to

3  address a pair of points.  First, regarding any lack of

4  clarity as to when the unpaid vacation would come due, it's

5  certainly, and I believe that this is laid out in the

6  response, that it's a consistent policy of Nortel to pay out

7  any outstanding vacation pay as of the end of the short-term

8  disability benefits.

9          THE COURT:  Right.

10          MR. ECKENROD:  I think that the clearest

11  indication that was provided to Mr. David in this case was

12  the fact that, as he indicates in his response, he was paid

13  out amounts in respective accrued vacation in September of

14  2000, and so hopefully that was a clear enough indication

15  that that's when those amounts became due and owing.

16          THE COURT:  All right.

17          MR. ECKENROD:  Second, I would note regarding the

18  Debtor's ability to retrieve records beyond the seven-year

19  period.  I can say that Debtors have made a thorough and good

20  faith effort to recover any such records and have not been

21  able to verify Mr. David's claim.

22          THE COURT:  All right.  Thank you.  Thank you, Mr.

23  Eckenrod.  This claim accrued in 2000.  Mr. David did not

24  make any request until 2009, and as harsh as statutes of

25  limitations sometimes appear to be, they serve a purpose

1   because as time goes on, memories and recordkeeping becomes

2   less likely to be able to either defend or substantiate a

3   Claim, which is what we have here, and although Mr. David has

4   submitted his payroll card showing additional vacation time,

5   there's no way to verify whether or not he was paid for that

6   additional time, and the delay has placed the Debtors in a

7   prejudicial situation.  So as difficult as it always is to

8   deny Claims to individuals such as Mr. David, I think I have

9   to sustain on the basis of the record facts, and the law and

10  the Statute of Limitations applicable to the Claim, I will

11  have to sustain the Debtor's Objection.

12          MR. ECKENROD:  Very well, Your Honor.  One final

13  -- that covers the responses --

14          THE COURT:  Yes, sir.

15          MR. ECKENROD:  -- to the Thirty-Fifth Objection.

16  One note, the -- we do have modifications to the Order

17  reached through agreement informally with Liquidity Solutions

18  and Claimant, Kirit Dowda [ph].  After discussion and further

19  review of the Debtor's records, the Debtors determined that

20  they had allowed Mr. Dowda's Claim in an amount that

21  improperly included the portion of the Claim he had

22  transferred to Liquidity Solutions.

23          THE COURT:  Okay.

24          MR. ECKENROD:  And so we had disallowed Liquidity

25  Solutions' Claim entirely as a result.  So we've agreed with

1  both Mr. Dowda and Liquidity Solutions --

2          THE COURT:  It was an assignment of the Claim, is

3  that what it is?

4          MR. ECKENROD:  Correct.

5          THE COURT:  Yes.

6          MR. ECKENROD:  The transfer, yes.

7          THE COURT:  Yes.

8          MR. ECKENROD:  So as a result of the agreed

9  modifications, again, agreed upon by both Mr. Dowda and

10  Liquidity Solutions --

11          THE COURT:  Yes.

12          MR. ECKENROD:  -- in writing, Liquidity Solutions'

13  Claim is to be allowed as a general unsecured Claim in the

14  as-filed amount, and Mr. Dowda's general unsecured Claim will

15  be reduced by the amount of Liquidity Solutions' claim.  And

16  again, we received email approvals from both Mr. Dowda and

17  Liquidity Solutions.

18          THE COURT:  Oh, wonderful.  I was going to ask.

19  Yes.  That's fine.

20          MR. ECKENROD:  And may I approach, Your Honor,

21  with the revisions?

22          THE COURT:  You sure may.  Yes, Mr. Eckenrod.

23  Thank you.  Thank you, sir.  All right.  Yes, I see the black

24  line version.

25          MR. ECKENROD:  Your Honor, as I see the -- that's

1 | the sole substantive change.  The other changes are merely to

2 | reflect the responses in the comment of the hearing today.

3 |            THE COURT:  Very well.  All right.  Well, based

4 | upon my rulings today and those rulings having been based on

5 | the facts in the record and the arguments of Counsel, I will

6 | sign this Order.

7 |            MR. ECKENROD:  Thank you, Your Honor.

8 |            MR. GANN:  Excuse me.  This is Mr. Gann again.

9 |            THE COURT:  Yes, Mr. Gann?

10 |            MR. GANN:  I have a few questions.  Who is Parker

11 | -- Ms. Parker?  I take it she's H.R.?

12 |            THE COURT:  Yes.

13 |            MR. GANN:  When did she leave Nortel?

14 |            THE COURT:  Pardon?  I'm sorry.  What was that

15 | now, Mr. Gann?  I missed that.

16 |            MR. GANN:  From Ms. Parker?

17 |            THE COURT:  Yes.

18 |            MR. GANN:  Which I think is H.R.

19 |            THE COURT:  Yes.

20 |            MR. GANN:  When did she leave Nortel?

21 |            THE COURT:  Do you have an idea, Mr. Eckenrod?

22 |            MR. ECKENROD:  When she left Nortel?

23 |            THE COURT:  She's still with Nortel in an

24 | administrative capacity, is that correct?

25 |            MR. ECKENROD:  Correct, still serving Nortel in an

1  administrative capacity, yes.

2          THE COURT:  Yes.  She is still with Nortel in an

3  administrative capacity to assist the Debtors in winding down

4  the Estates.

5          MR. GANN:  Oh.  Because I had understood, when I

6  was dealing with H.R., they said she was no longer there.

7  She was either transferred or doing something else.  And I

8  guess the other thing is what do I -- can I do anything about

9  my wife's COBRA situation?

10          THE COURT:  Mr. Eckenrod?

11          Mr. ECKENROD:  Your Honor, the Debtors are happy

12  to consult with Mr. Gann regarding the COBRA issue and get to

13  the bottom of that issue.

14          THE COURT:  Should they speak with Ms. Parker or

15  with --

16          MR. ECKENROD:  They can reach out to --

17          THE COURT:  Mr. Eckenrod?

18          MR. ECKENROD:  Mr. Gann may reach out to me and I

19  can direct through to Ms. Parker or the appropriate person.

20          THE COURT:  That's fine.  Why don't you do this,

21  Mr. Gann?  Call Mr. Eckenrod.  We'll get his number in a

22  moment, and you can explore that situation through him and

23  he, of course, will consult with whomever he thinks advisable

24  at the company.

25          MR. GANN:  Okay.

1        THE COURT:  All right?  So that is something that

2   remains to be discussed.  And, Mr. Eckenrod, would you give

3   Mr. Gann your telephone number or would you rather just

4   communicate with him after the hearing and provide that?

5        MR. ECKENROD:  I can do that.  I can reach out --

6        THE COURT:  Let's do that.

7        MR. ECKENROD:  -- later today.

8        THE COURT:  Rather than put your phone number on

9   the record and you never know who will be calling.

10       MR. ECKENROD:  Thank you, Your Honor.

11       THE COURT:  All right, Mr. Gann?  So Mr. Eckenrod

12  is going to provide you with his telephone number and the two

13  of you can speak.

14       MR. GANN:  And the way I understood, the severance

15  is a dead issue?

16       THE COURT:  That's correct.  I have ruled against

17  you.  You do have rights of appeal to our District Court but

18  I have ruled as of today on your Claim.

19       MR. GANN:  So even though that H.R. has told us no

20  work was -- there was no way to return to work?

21       THE COURT:  That's correct.

22       MR. GANN:  I mean it's a pretty known fact.  Okay.

23       THE COURT:  All right, sir.

24       MR. GANN:  Thank you.

25       THE COURT:  All right.  Anything for --

1    MR. DAVID:  Your Honor?

2    THE COURT:  Did someone else say something?

3    MR. DAVID:  Your Honor, this is Daniel David.

4    THE COURT:  Is that you, Mr. David?

5    MR. DAVID:  Yes, sir.  I just had a question for

6  you and Mr. Eckenrod.  I provided Mr. Eckenrod my last

7  paycheck from short-term disability, plus what they paid me

8  for vacation days and it doesn't reflect anything like what I

9  presented to you.

10    THE COURT:  I understand that and it is more a

11  matter of the legal period for you to make a Claim having

12  expired than, you know, than the records.  Frankly, it --

13    MR. DAVID:  But the policies of Nortel Network

14  override any policies of the State.

15    THE COURT:  Well, the problem, Mr. David, is when

16  your Claim became, if you will, live for you to pursue your

17  Claim.  That was more than the two years that the statute

18  provides for you to challenge, and that period began in 2000

19  and it's a two-year Statute of Limitations.  So by 2002, you

20  lost your right to pursue that Claim in a Court.

21    MR. DAVID:  But Nortel didn't represent their

22  policy correctly then, and on the basis of that, I should be

23  awarded my vacation.

24    THE COURT:  Well, the problem is that the

25  bankruptcy did not resuscitate your Claim.  In other words,

1   by 2002, your right to pursue your Claim had expired.

2            MR. DAVID:  Regardless of what Nortel policies

3   state?

4            THE COURT:  I --

5            MR. DAVID:  Like all the way through to employees

6   that yes, you have the right to present your case, but oh,

7   but N.C. law says this.

8            THE COURT:  Well --

9            MR. DAVID:  I didn't have any chance to go to N.C.

10  law or have any documentation from H.R. telling me I had to

11  claim my vacation pay within 2 years or 10 years or 15 years.

12  It doesn't say that, sir.

13           THE COURT:  Well, it is my understanding, and you

14  can correct me if you think I'm wrong, that your entitlement

15  to receive your vacation pay commenced when your short-term

16  disability ended.  That was the Nortel policy.

17           MR. DAVID:  No, Nortel policy says exactly

18  vacation pay is when you return to work, not termination of

19  STD.

20           THE COURT:  Mr. Eckenrod, can you be more helpful

21  here or you basically stated your argument at this time?

22           MR. ECKENROD:  Your Honor, I --

23           THE COURT:  You would just --

24           MR. ECKENROD:  -- think I'd rest on the argument

25  again.

1           THE COURT:  All right.

2           MR. ECKENROD:  And again, note that he did receive

3  payment on vacation in 2000 upon the expiration of his short-

4  term --

5           THE COURT:  And did not challenge --

6           MR. ECKENROD:  Correct.

7           THE COURT:  -- it at that time and that was the

8  time, within two years, to have challenged that payment.

9  Yes.

10          MR. ECKENROD:  That's my understanding.

11          THE COURT:  All right.  All right everyone.

12  Anything further?

13          MR. ECKENROD:  No, Your Honor.  That concludes the

14  Agenda.

15          THE COURT:  Thank you all.  We'll stand in recess.

16  Thank you, Mr. Eckenrod.  Good to have you here.

17          MR. ECKENROD:  Thank you.

18          THE COURT:  Good day everyone.

19

1

2

3      (Whereupon, at 10:52 a.m., the hearing was adjourned.)

4

5

6                        CERTIFICATION

7          I   certify   that   the   foregoing   is   a   correct

8    transcript   from   the   electronic   sound   recording   of   the

9    proceedings in the above-entitled matter.

10
11    _____        5 March 2014
12    Tammy Kelly, Transcriber                       Date
13    Diaz Data Services, LLC
14

15

16

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **180-day**(1) 20:20 | | **and**(165) 4:8 4:9 4:19 5:12 5:14 5:23 6:4 | | **back**(7) 13:4 13:5 13:6 13:10 14:15 15:22 | | **canadian**(1) 2:34 |
| | | 6:4 6:6 6:10 6:14 6:19 6:23 7:7 7:14 7:21 | | 28:14 | | **canceled**(2) 27:12 27:14 |
| **507(a)(4)**(1) 20:13 | | 8:2 8:10 8:12 8:13 8:19 8:23 9:1 9:7 | | | | **cancer**(1) 14:3 |
| **a)(4**(1) 20:22 | | 9:10 9:13 9:20 9:26 10:3 10:10 10:11 | | **background**(2) 7:14 27:10 | | **cannot**(2) 29:1 29:12 |
| **a.m**(3) 1:18 4:1 39:3 | | 10:13 10:16 10:23 11:9 11:11 11:12 11:19 | | **backup**(1) 29:16 | | **capacity**(3) 33:24 34:1 34:3 |
| **ability**(3) 10:16 17:2 30:18 | | 11:23 12:1 12:2 12:8 12:9 12:14 12:17 13:7 | | **badtke-berkow**(1) 2:36 | | **capital**(1) 2:46 |
| **able**(4) 9:4 29:23 30:21 31:2 | | 13:12 13:15 14:1 14:3 14:3 14:7 14:12 | | **balance**(1) 26:22 | | **card**(1) 31:4 |
| **about**(7) 12:19 14:9 14:18 21:16 28:2 | | 15:4 15:7 15:17 16:4 16:10 16:12 16:23 | | **bank**(1) 2:50 | | **carolina**(4) 25:24 26:2 26:3 28:22 |
| 29:6 34:8 | | 16:25 17:1 17:3 17:5 17:8 17:9 | | **bankrupt**(1) 21:17 | | **case**(10) 1:8 5:2 8:13 10:14 11:11 12:8 |
| | | 17:10 17:11 17:13 17:14 17:16 17:17 | | **bankruptcy**(8) 1:1 1:24 20:13 21:14 21:14 | | 22:1 29:23 30:11 37:6 |
| **above-entitled**(1) 39:9 | | 17:19 18:13 18:16 18:19 19:1 19:13 19:15 | | 22:9 29:22 36:25 | | |
| **accept**(1) 19:3 24:19 | | 19:16 19:17 20:2 20:6 20:10 21:6 21:12 | | | | **cases**(3) 8:12 20:16 21:14 |
| **accordance**(1) 20:15 | | 21:13 21:15 21:18 21:21 22:1 22:11 22:20 | | **barred**(1) 26:15 | | **catch-22**(1) 13:15 |
| **according**(1) 28:2 | | 23:14 23:23 24:1 24:14 25:6 25:11 25:21 | | **based**(6) 20:17 20:18 25:25 29:22 33:3 | | **categories**(2) 5:13 8:1 |
| **accrued**(10) 5:25 25:8 26:9 26:22 26:25 | | 25:22 25:25 26:3 26:3 26:18 26:20 27:2 | | **basically**(1) 37:21 | | **certain**(5) 6:17 6:19 18:17 |
| 27:2 28:10 28:16 30:13 30:23 | | 27:12 27:13 27:15 27:16 27:22 27:22 27:23 | | **basis**(5) 7:11 17:12 17:17 21:11 22:15 | | **certainly**(6) 4:18 14:11 17:10 17:14 26:16 |
| | | 27:23 27:23 27:24 28:9 28:11 28:24 29:9 | | 31:9 36:22 | | 30:5 |
| **accurately**(1) 17:13 | | 29:20 29:22 30:5 30:14 30:15 30:19 30:20 | | | | |
| **acknowledgment**(1) 26:22 | | 30:24 31:1 31:3 31:6 31:7 31:9 31:18 | | **bayard**(1) 2:20 | | **certificate**(1) 4:10 |
| **active**(3) 15:4 15:7 15:14 | | 31:18 31:24 32:1 32:9 32:14 32:15 32:21 | | **became**(2) 30:15 36:16 | | **certification**(1) 39:6 |
| **actually**(5) 9:15 9:23 10:8 10:20 11:17 | | 32:20 33:4 33:5 34:7 34:12 34:18 34:22 | | **because**(18) 10:6 13:16 15:2 16:19 19:14 | | **certify**(1) 39:7 |
| **addition**(1) 25:23 | | 34:22 35:2 35:4 35:9 35:12 35:14 36:6 | | 19:20 20:16 24:4 25:18 25:22 26:12 28:12 | | **challenge**(2) 36:18 38:5 |
| **additional**(2) 31:4 31:6 | | 36:8 36:10 36:18 36:19 36:22 37:13 38:2 | | 28:15 29:1 29:4 29:12 31:1 34:5 | | **challenged**(1) 38:8 |
| **address**(7) 6:3 6:9 6:9 9:23 12:24 21:8 | | 38:5 38:7 | | | | **chance**(1) 37:9 |
| **addressed**(3) 17:16 18:15 26:8 | | | | **becomes**(1) 31:1 | | **change**(1) 33:1 |
| **addresses**(1) 17:6 | | **ann**(1) 1:28 | | **been**(7) 4:16 6:17 8:7 22:9 23:10 30:20 | | **changes**(1) 33:1 |
| **addressing**(1) 5:7 | | **annie**(1) 4:6 | | 33:4 | | **chapter**(1) 1:11 |
| **adjourned**(1) 39:3 | | **another**(1) 24:17 | | | | **chart**(1) 26:19 |
| **administered**(1) 1:9 | | **answer**(1) 28:18 | | **before**(4) 1:23 6:18 7:23 18:19 | | **chiefly**(2) 19:14 21:4 |
| **administrative**(3) 33:24 34:1 34:3 | | **any**(20) 6:24 14:5 15:25 17:1 17:12 17:20 | | **began**(1) 36:18 | | **chris**(1) 2:7 |
| **admission**(2) 7:2 24:21 | | 17:20 19:2 19:25 21:16 24:15 24:20 27:18 | | **begin**(1) 18:19 | | **christmas**(1) 37:16 |
| **admitted**(3) 7:17 19:17 24:25 | | 30:3 30:7 30:20 30:24 36:14 37:9 37:10 | | **behalf**(2) 4:7 5:6 | | **chung**(1) 2:51 |
| **advance**(3) 8:21 11:13 18:10 | | | | **believe**(5) 4:16 9:20 22:22 29:2 30:5 | | **circumstances**(1) 7:21 |
| **advances**(1) 28:15 | | **anyone**(7) 6:23 7:2 7:9 7:9 7:25 12:14 | | **benefit**(3) 7:17 13:24 26:19 | | **cited**(1) 11:18 |
| **advisable**(1) 34:23 | | 22:13 | | | | **claim**(53) 5:15 5:21 5:24 10:5 19:9 19:11 |
| **afford**(1) 14:5 | | | | **benefits**(52) 5:17 5:25 7:21 7:23 8:8 8:9 | | 19:12 19:17 20:2 20:18 21:6 21:7 21:7 |
| **afraid**(1) 16:4 | | **anything**(4) 34:8 35:25 36:8 38:12 | | 8:11 8:14 8:18 8:19 8:24 8:25 9:1 9:4 9:5 | | 21:12 22:12 25:3 25:5 25:5 25:7 25:13 |
| **after**(20) 10:6 10:10 19:22 20:15 24:5 | | **anyway**(1) 14:8 | | 9:6 9:7 9:10 9:15 9:20 10:5 10:7 10:11 | | 25:19 25:21 26:6 26:7 26:8 26:8 26:10 |
| 27:20 28:24 29:11 31:18 35:4 | | **anyways**(1) 13:10 | | 10:13 10:15 10:18 10:21 10:23 10:24 | | 26:13 26:14 26:16 26:18 27:7 27:5 30:21 |
| | | **apologize**(1) 23:13 | | 10:24 11:2 11:9 11:12 11:14 12:1 12:7 | | 30:23 31:3 31:10 31:20 31:21 31:25 32:2 |
| **afternoon**(1) 24:8 | | **appeal**(1) 35:17 | | 12:8 12:8 12:9 13:4 13:4 15:13 16:3 16:10 | | 32:13 32:13 32:14 32:15 35:18 36:11 |
| **again**(20) 9:12 10:3 10:4 10:11 10:15 | | **appear**(2) 4:20 30:25 | | 16:13 16:22 19:19 19:25 20:16 25:9 26:23 | | 36:16 36:17 36:20 36:25 37:7 37:11 |
| 11:23 16:16 16:23 17:9 18:16 19:1 20:1 | | **appearance**(1) 5:1 | | 29:7 30:8 | | |
| 20:6 24:13 29:11 32:9 32:16 33:8 37:25 | | **appearances**(2) 2:27 3:1 | | | | **claimant**(3) 8:17 10:4 31:18 |
| 38:2 | | **appears**(1) 25:24 | | **better**(1) 14:19 | | **claimants**(1) 2:21 |
| | | **applicable**(4) 8:3 19:9 22:1 31:10 | | **between**(4) 10:16 16:14 17:15 25:11 | | **claimant's**(1) 20:19 |
| **against**(1) 35:16 | | **application**(3) 8:23 10:14 17:18 | | **beyond**(1) 30:18 | | **claiming**(1) 5:24 |
| **age**(3) 8:9 10:6 10:7 | | **applied**(1) 11:6 | | **binder**(1) 23:7 | | **claims**(6) 5:10 6:3 12:11 17:12 26:2 31:8 |
| **aged**(3) 9:7 11:9 12:8 | | **apply**(2) 11:7 11:8 | | **bit**(1) 10:10 | | **clarity**(1) 30:4 |
| **agenda**(2) 4:8 38:14 | | **approach**(1) 32:20 | | **black**(1) 32:23 | | **clear**(7) 7:19 7:24 9:13 11:5 15:6 29:4 |
| **ago**(1) 13:7 | | **appropriate**(1) 34:19 | | **bonus**(1) 7:16 | | 30:14 |
| **agree**(2) 5:20 21:19 | | **approvals**(1) 32:16 | | **books**(1) 19:13 | | |
| **agreed**(3) 31:25 32:8 32:9 | | **approximately**(1) 20:25 | | **both**(6) 8:2 12:2 27:3 32:1 32:9 32:16 | | **clearest**(1) 30:10 |
| **agreement**(1) 31:17 | | **archived**(1) 29:16 | | **bottom**(1) 34:13 | | **clearly**(5) 7:20 8:3 21:25 |
| **akin**(1) 2:42 | | **are**(14) 5:15 5:25 8:3 8:5 12:1 17:14 | | **box**(1) 2:23 | | **cleary**(4) 1:34 2:30 4:14 5:5 |
| **alberto**(1) 2:21 | | 18:21 20:3 20:6 20:7 21:15 26:25 33:1 | | **brad**(1) 2:43 | | **clerk**(1) 4:2 |
| **all**(35) 5:4 6:12 7:6 7:16 12:12 12:17 | | 34:11 | | **brand**(11) 5:19 6:4 17:24 18:7 18:8 18:9 | | **closely**(1) 26:6 |
| 12:20 14:21 15:10 15:15 15:15 15:15 | | **argument**(4) 7:11 17:11 37:21 37:24 | | 18:20 18:23 20:13 20:25 | | **closing**(1) 28:17 |
| 18:23 19:6 22:13 23:17 24:1 24:25 27:6 | | **arguments**(2) 22:16 33:5 | | | | **cobra**(9) 13:3 13:15 13:17 13:22 14:1 |
| 27:15 29:7 29:25 30:16 30:22 32:23 33:3 | | **arose**(1) 19:13 | | **brand's**(6) 18:1 19:11 20:11 21:8 22:2 | | 16:2 16:11 34:9 34:12 |
| 35:1 35:11 35:23 35:25 37:5 38:1 38:11 | | **around**(4) 13:6 26:9 27:19 28:1 | | **brant's**(3) 19:14 19:16 21:4 | | |
| 38:11 38:15 | | **arsht**(2) 1:27 4:6 | | **buchannan**(1) 2:13 | | **code**(3) 20:13 21:9 22:9 |
| | | **as-filed**(1) 32:14 | | **business**(1) 28:18 | | **collier**(1) 3:5 |
| **allegedly**(2) 5:25 27:2 | | **ask**(1) 32:18 | | **but**(24) 4:16 4:16 10:15 13:6 13:9 13:14 | | **come**(5) 13:4 13:4 14:15 15:22 30:4 |
| **alleges**(1) 25:7 | | **asking**(1) 28:11 | | 13:17 13:25 14:3 14:8 14:14 15:9 15:14 | | **comes**(1) 7:15 |
| **allen**(1) 2:35 | | **assertion**(2) 5:21 20:11 | | 16:5 17:10 18:24 27:14 29:8 29:16 35:17 | | **commenced**(1) 37:15 |
| **allow**(1) 17:12 | | **assignment**(1) 32:2 | | 36:13 36:21 37:6 37:7 | | **comment**(1) 33:2 |
| **allowed**(2) 31:20 32:13 | | **assist**(1) 34:3 | | | | **committee**(4) 2:5 2:41 13:16 14:8 |
| **almost**(1) 14:4 | | **attached**(1) 23:4 | | **calculated**(1) 20:24 | | **communicate**(1) 35:4 |
| **alone**(1) 20:25 | | **attaches**(1) 11:16 | | **calculation**(1) 20:24 | | **communications**(1) 25:11 |
| **already**(2) 13:17 28:9 | | **attempts**(1) 10:22 | | **calculations**(2) 19:14 19:17 | | **company**(1) 34:24 |
| **also**(10) 8:13 11:15 14:7 14:14 15:4 15:17 | | **audible**(4) 7:5 12:16 18:22 22:14 | | **california**(1) 21:9 | | **completion**(1) 7:17 |
| 19:16 23:12 26:18 28:8 | | **automatically**(1) 10:7 | | **call**(1) 34:21 | | **computer**(1) 29:11 |
| | | **available**(5) 6:23 7:8 7:16 19:1 24:14 | | **callers**(1) 12:20 | | **concerned**(2) 15:3 28:22 |
| **although**(1) 31:3 | | **avenue**(1) 2:22 | | **calling**(1) 28:11 35:9 | | **concludes**(1) 38:13 |
| **always**(2) 28:14 31:7 | | **avoid**(1) 21:21 | | **calls**(1) 16:25 | | **conclusion**(2) 22:7 29:18 |
| **america**(1) 2:50 | | **avoidance**(1) 6:9 | | **came**(1) 9:17 | | **considered**(2) 15:4 15:6 |
| **amount**(8) 19:11 19:12 21:3 25:6 26:10 | | **awarded**(1) 36:23 | | **can**(13) 7:21 26:18 29:20 30:19 34:8 | | **consistent**(2) 12:3 30:6 |
| 31:20 32:14 32:15 | | **aware**(1) 17:25 | | 34:16 34:19 34:22 35:5 35:5 35:13 37:14 | | **constitute**(1) 9:22 |
| | | | | 37:20 | | |
| **amounts**(4) 26:25 27:2 30:13 30:15 | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**consult(2)** 34:12 34:23
**consulting(1)** 27:21
**contact(1)** 28:20
**contacted(1)** 14:6
**context(1)** 9:21
**continued(2)** 2:2 3:2
**controls(1)** 17:14
**conversations(1)** 29:14
**copy(2)** 23:2 24:9
**cordo(6)** 1:28 4:4 4:5 4:6 4:12 4:21
**core(1)** 12:4
**correct(18)** 6:7 6:8 13:20 15:13 17:7 20:8 22:5 23:15 23:25 25:16 32:4 33:24 33:25 35:16 35:21 37:14 38:6 39:7

**correctly(1)** 36:22
**correspondence(1)** 17:1
**could(2)** 14:9 29:15
**couldn't(1)** 14:5
**counsel(1)** 33:5
**couple(1)** 13:7
**course(5)** 4:19 9:18 19:13 21:15 34:23
**court(149)** 1:1 4:3 4:11 4:18 4:22 5:1 5:4 5:8 5:18 6:6 6:1 6:12 6:18 6:21 6:25 7:2 7:6 8:6 8:15 9:13 9:19 9:25 10:2 10:9 11:4 11:20 12:10 12:12 12:14 12:17 12:23 13:1 13:8 13:19 13:23 14:11 14:16 14:21 14:24 15:9 15:11 15:15 15:18 15:24 16:3 16:9 16:17 16:20 16:22 17:5 17:8 17:25 18:3 18:7 18:9 18:12 18:14 18:19 18:23 19:3 19:6 19:9 19:20 20:4 20:6 20:9 20:21 20:23 21:10 21:18 21:24 22:2 22:6 22:13 22:15 22:19 22:23 23:1 23:4 23:8 23:11 23:13 23:17 23:21 23:23 24:1 24:6 24:10 24:16 24:18 24:20 24:25 25:15 25:17 26:8 27:4 27:6 27:9 28:5 29:25 30:9 30:16 30:22 31:14 31:23 32:2 32:5 32:7 32:11 32:18 32:22 33:3 33:9 33:12 33:14 33:17 33:19 33:21 33:23 34:2 34:10 34:14 34:17 34:20 35:1 35:6 35:8 35:11 35:16 35:17 35:21 35:23 35:25 36:4 36:10 36:15 36:20 36:24 37:4 37:8 37:13 37:20 37:23 38:1 38:5 38:7 38:11 38:15 38:18

**courtroom(4)** 1:13 6:22 19:1 24:14
**court's(4)** 10:21 11:1 21:1 26:10
**cover(1)** 17:11
**covered(1)** 17:14
**covers(1)** 31:13
**creditors(2)** 2:6 2:42
**cross(3)** 7:9 19:2 24:14
**cross-examination(3)** 6:23 7:8 19:2
**cross-examine(4)** 6:25 7:9 24:18 24:22
**customer(1)** 29:18
**daniel(6)** 2:38 3:8 5:24 18:5 22:21 36:3
**data(3)** 1:42 29:16 39:13
**date(6)** 8:22 16:13 19:22 20:15 26:22
**david(36)** 3:8 5:24 18:6 22:21 23:14 23:15 23:16 23:17 24:20 24:24 24:24 25:7 25:11 25:12 25:24 26:15 27:7 27:8 27:10 28:6 29:25 30:11 30:23 31:3 31:8 36:1 36:3 36:3 36:4 36:5 36:13 36:15 36:21 37:2 37:5 37:9 37:17

**david's(7)** 6:5 24:4 25:3 25:5 26:23 27:4 30:21

**day(5)** 21:1 26:19 27:16 28:9 38:18
**days(6)** 20:15 24:1 28:9 28:12 29:1 36:8
**dead(1)** 35:15
**dealing(1)** 34:6
**deborah(3)** 6:16 18:17 25:1
**debtor(3)** 2:29 17:13 26:6
**debtors(40)** 1:15 1:27 4:7 5:6 5:11 5:20 5:23 6:1 6:15 7:19 8:1 8:21 9:8 9:10 12:4 12:10 16:24 18:4 19:10 20:11 20:18 20:19 21:2 21:14 21:22 22:11 22:17 24:7 25:12 25:22 25:23 26:24 26:25 27:3 30:19 31:6 31:19 34:3 34:11

**debtor's(19)** 4:13 5:21 6:19 7:15 8:7 12:2 12:11 12:14 17:22 19:15 19:19 19:21 22:10 24:5 25:2 27:24 30:18 31:11 31:19

**december(1)** 8:19
**declaration(6)** 6:15 6:17 7:1 7:3 7:7 7:8 7:12 17:6 17:10 18:16 19:5 19:6 20:7 22:16 24:12 24:19 24:21 25:1

**defend(1)** 31:2
**definitively(1)** 26:21
**delaware(4)** 1:2 1:15 2:22 4:1
**delay(1)** 31:6
**delete(1)** 29:10
**delivered(1)** 11:22
**denied(2)** 13:7 26:12
**dennis(1)** 27:21
**deny(2)** 8:8 31:8
**describing(1)** 8:4
**descriptions(2)** 8:2 8:4
**desire(3)** 10:16 17:2 17:21
**detail(1)** 16:5
**determined(1)** 31:19
**determining(1)** 28:8
**diaz(2)** 1:42 39:13
**did(28)** 8:11 9:19 9:21 10:6 10:14 10:16 11:7 11:21 13:12 13:14 15:21 16:8 18:9 18:10 18:21 18:25 25:12 28:11 29:8 29:10 29:15 30:23 33:13 33:20 36:2 36:25 38:2 38:5

**didn't(3)** 13:14 36:21 37:9
**difference(3)** 19:13 20:1 20:3
**different(1)** 12:25
**difficult(2)** 23:10 31:7
**direct(1)** 34:19
**directly(2)** 15:11 17:19
**disability(16)** 5:17 7:22 8:18 13:19 13:15 12 17:20 19:15 25:9 26:23 27:20 28:21 29:24 30:8 36:7 37:16

**disabled(3)** 28:23 28:24 29:3
**disallowed(1)** 31:24
**discern(1)** 21:16
**discourse(1)** 21:21
**discussed(1)** 35:2
**discussion(1)** 31:18
**distinct(1)** 9:26
**distinction(1)** 17:15
**district(2)** 1:2 35:17
**docket(4)** 4:16 5:10 11:1 26:11
**docketed(1)** 22:22
**doctors(1)** 27:22
**document(4)** 29:4 29:6 29:7 29:9
**documentary(1)** 26:15
**documentation(1)** 37:10
**does(6)** 7:2 7:9 7:22 14:9 24:8 26:15
**doesn't(2)** 36:8 37:12
**doing(1)** 34:7
**dollar(1)** 20:1
**don't(9)** 7:10 12:17 12:18 12:19 15:2 17:12 18:20 24:8 34:20

**doubt(1)** 6:9
**dowda(4)** 31:18 32:1 32:9 32:16
**dowda's(2)** 31:20 32:14
**down(3)** 7:14 7:15 34:3
**dozen(1)** 25:10
**draw(1)** 10:22
**due(5)** 4:19 15:3 20:14 30:4 30:15
**ey. (1)** 2:35
**each(3)** 8:11 8:17 10:4
**early(1)** 10:6

**eckenrod(117)** 1:35 4:14 4:19 4:24 5:3 5:5 5:5 5:9 5:19 6:8 6:13 6:22 7:12 7:13 8:7 8:16 9:14 9:17 9:20 9:26 10:3 10:10 11:5 11:21 12:12 15:25 16:1 16:4 16:10 16:18 16:21 16:23 17:7 17:23 18:2 18:5 18:8 18:10 18:13 18:15 18:24 18:25 19:8 19:10 19:24 20:5 20:8 20:10 20:22 20:24 21:11 21:18 21:20 21:25 22:5 22:7 22:17 22:18 22:20 22:24 23:2 23:12 23:18 23:19 23:22 23:25 24:3 24:7 24:11 24:17 25:4 25:16 25:18 27:6 30:1 30:2 30:10 30:17 30:23 31:12 31:15 31:24 32:4 32:6 32:8 32:12 32:20 32:22 32:25 33:7 33:21 33:22 33:25 34:10 34:11 34:16 34:17 34:18 34:21 35:2 35:5 35:7 35:10 35:11 36:6 36:6 37:20 37:22 37:24 38:2 38:6 38:10 38:13 38:16 38:17

**ecro(1)** 1:40
**effect(5)** 8:25 9:16 11:19 15:11 22:3
**effort(1)** 30:20
**either(3)** 26:21 31:2 34:7
**elect(1)** 10:14
**elected(1)** 29:16
**electronic(2)** 1:48 39:8
**element(1)** 21:6
**eligibility(1)** 12:7
**eligible(2)** 8:5 12:1
**else(4)** 12:14 22:13 34:7 36:2
**email(1)** 32:16
**emphasize(1)** 11:21
**employee(4)** 9:15 15:4 15:14 21:2
**employees(15)** 5:10 5:15 7:16 7:18 7:22 11:3 11:6 15:7 28:25 29:1 29:3 29:7 29:12 29:12 37:5

**employment(5)** 7:17 9:22 11:6 26:20 28:17
**end(3)** 9:6 11:23 30:7
**ended(5)** 9:4 10:11 16:12 16:13 37:16
**enough(1)** 30:14
**enroll(1)** 10:15
**enrolled(3)** 8:14 8:24 12:9
**entered(3)** 4:9 4:16 10:6
**entirely(1)** 31:25
**entirety(1)** 21:6
**entitle(1)** 12:6
**entitled(8)** 5:20 5:22 5:24 19:16 19:18 19:20 19:24 20:25

**entitlement(5)** 5:15 6:3 22:8 26:19 37:14
**eric(1)** 1:29
**erisa(2)** 21:23 22:1
**esq(10)** 1:28 1:29 1:35 2:7 2:14 2:21 2:31 2:36 2:38 2:43

**essential(1)** 8:16
**essentially(1)** 5:12
**estates(1)** 34:4
**estelle(1)** 26:7
**esther(1)** 2:51
**even(5)** 14:18 21:20 26:14 26:20 35:19
**everybody(1)** 15:6
**everyone(3)** 4:3 38:11 38:18
**evidence(5)** 7:3 7:7 17:9 24:21 25:1
**exactly(2)** 16:21 37:17
**examination(1)** 24:15
**examine(2)** 7:10 19:3
**except(1)** 29:8
**excess(1)** 26:1
**excuse(1)** 33:8
**exhibit(6)** 27:25 28:3 28:13 28:19 29:5
**exhibits(2)** 26:17 26:21
**expiration(5)** 9:6 9:10 10:17 11:12 16:7 38:3

**expire(1)** 7:23
**expired(4)** 8:20 26:13 36:12 37:1
**explain(1)** 20:2
**exploration(1)** 5:16

**explore(1)** 34:22
**extended(3)** 11:8 13:14 13:24
**fact(4)** 11:11 17:19 30:12 35:22
**facts(5)** 7:11 10:1 10:4 17:13 17:18 20:6 31:9 33:5

**factual(4)** 6:19 18:17 22:16 24:13
**factually(1)** 17:8
**failure(4)** 8:22 9:12 10:13 11:24
**faith(1)** 30:20
**fall(2)** 8:1 26:8
**far(6)** 13:2 13:9 14:12 14:23 15:2 28:22
**farallon(1)** 2:46
**february(3)** 9:6 19:21 27:11
**feld(1)** 2:42
**fell(1)** 20:20
**few(2)** 20:15 33:10
**filed(10)** 4:14 5:10 6:15 6:17 18:8 22:21 24:5 24:7 24:12 26:7

**filing(2)** 25:13 26:9
**final(1)** 31:12
**finally(3)** 5:23 10:3 22:20
**fine(3)** 4:18 32:19 34:20
**finger(1)** 2:6
**finished(1)** 15:19
**first(13)** 5:1 5:14 6:2 7:3 7:14 12:18 13:5 16:1 18:25 19:11 21:1 25:6 30:3

**five(1)** 5:11
**floor(1)** 1:30
**foley(1)** 27:21
**following(1)** 16:7
**follows(1)** 8:17
**for(64)** 1:2 1:27 2:5 2:13 2:20 2:29 2:34 2:41 2:46 2:50 3:4 4:5 5:16 5:24 6:8 6:19 6:23 7:8 8:5 8:23 9:22 10:8 10:12 11:24 12:1 12:7 12:17 14:5 14:17 19:2 19:14 20:3 20:22 21:11 22:3 22:8 24:13 24:14 25:6 25:8 25:20 26:2 26:2 26:12 26:13 26:16 26:24 26:25 27:3 27:12 27:24 28:12 28:23 28:25 29:9 29:19 31:9 31:5 35:25 36:5 36:8 36:11 36:16 36:18

**foregoing(1)** 39:7
**foremost(2)** 7:14 25:7
**forget(1)** 13:6
**former(5)** 5:10 5:15 6:4
**forth(1)** 7:12
**found(1)** 17:1
**fourth(1)** 4:9
**frankly(1)** 36:12
**fred(1)** 5:14
**freddie(1)** 3:11
**friday(1)** 24:8
**from(24)** 4:14 5:16 5:23 6:16 8:25 9:8 9:26 12:18 12:21 13:24 14:2 15:11 17:19 18:17 19:12 24:24 25:11 29:10 29:16 32:16 33:16 36:7 37:10 39:8

**full(2)** 12:7 25:8
**further(6)** 21:7 26:3 32:13 32:14
**gann(56)** 3:11 5:14 6:10 6:14 8:12 8:13 9:5 9:9 10:11 10:16 11:9 11:12 12:1 12:9 12:13 12:21 12:22 12:23 12:24 13:2 13:9 13:22 13:24 14:12 14:17 14:22 14:23 15:1 15:10 15:14 15:17 15:20 15:24 16:6 16:18 17:17 33:8 33:8 33:9 33:10 33:13 33:15 33:16 33:18 33:20 34:5 34:12 34:18 34:25 35:3 35:11 35:14 35:19 35:22 35:24

**gave(1)** 27:23
**general(4)** 21:7 26:3 32:13 32:14
**get(6)** 10:2 13:5 14:5 28:23 34:12 34:21
**ginger(1)** 1:40
**give(2)** 15:21 35:2
**given(4)** 20:12 26:16 27:1 29:9
**goes(1)** 31:1

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| going(6) 13:5 28:14 28:21 29:10 32:18 35:12 | | honor(55) 4:5 4:15 4:21 4:24 5:3 5:11 6:2 6:8 6:13 7:13 7:14 8:16 9:17 9:21 10:19 11:15 11:25 16:1 16:23 17:23 19:10 20:8 21:20 22:5 22:7 22:10 22:18 22:20 22:24 23:6 23:16 23:19 24:3 24:4 24:9 25:4 25:4 25:16 26:5 26:14 27:3 29:8 29:21 29:24 30:2 31:12 32:20 32:25 33:7 34:11 35:10 36:1 36:3 37:22 38:13 | | kent(1) 3:5 | | market(3) 1:14 1:30 2:15 |
| good(15) 4:3 4:4 4:5 4:22 4:24 12:18 12:23 12:24 23:16 23:17 27:8 30:19 38:16 38:18 | | | | kept(1) 29:18 | | matrix(1) 27:24 |
| got(2) 13:17 27:17 | | | | kevin(1) 1:23 | | matter(3) 29:21 36:11 39:9 |
| gottlieb(1) 1:34 2:30 5:6 | | | | kind(1) 15:1 | | maximum(1) 20:12 |
| granted(1) 11:2 | | | | kirit(1) 31:18 | | may(12) 6:2 10:24 16:4 16:11 18:24 23:10 23:18 24:1 24:23 32:20 32:22 34:18 |
| gross(2) 21:2 21:3 | | honorable(1) 1:23 | | king(1) 2:9 | | |
| grounds(1) 19:11 | | hopefully(2) 23:22 30:14 | | know(11) 14:4 14:6 14:7 15:2 15:5 15:21 24:8 29:10 29:19 35:9 36:12 | | maybe(1) 16:14 |
| guess(1) 34:8 | | hopes(1) 28:14 | | | | mean(2) 15:3 35:22 |
| gump(1) 2:42 | | hours(1) 27:19 | | | | medical(5) 19:18 19:21 19:25 28:8 28:15 |
| guyder(1) 2:38 | | how(2) 9:26 15:2 | | known(1) 35:22 | | members(1) 27:13 |
| | | however(4) 6:24 9:22 21:1 26:20 | | labor(2) 21:9 27:15 | | memorandum(2) 10:21 11:17 |
| h.r(21) 13:3 13:11 14:15 15:20 17:1 25:11 27:23 28:11 28:13 28:20 29:2 29:8 29:10 29:15 29:15 29:16 33:11 33:18 34:6 35:19 37:10 | | idea(1) 33:21 | | lack(2) 26:24 30:3 | | memories(1) 31:1 |
| | | identify(1) 21:13 | | laid(1) 30:5 | | mention(1) 29:15 |
| | | impossible(1) 14:5 | | last(2) 4:8 36:6 | | merely(1) 33:1 |
| | | improperly(1) 31:21 | | late(1) 22:22 | | met(1) 27:22 |
| had(20) 9:15 13:15 13:16 13:18 13:20 14:3 18:8 22:24 24:2 27:14 27:18 28:9 28:14 31:20 31:21 34:24 34:5 36:5 37:1 37:10 | | inc(2) 1:10 3:4 | | later(2) 25:15 25:18 25:19 35:7 | | michael(1) 2:47 |
| | | include(1) 7:22 | | law(6) 22:1 28:22 29:20 31:9 37:7 37:10 | | minutes(1) 29:21 |
| | | included(5) 17:15 17:15 19:14 28:8 31:21 | | lay(3) 7:14 8:3 27:10 | | missed(3) 23:11 23:14 33:15 |
| hamilton(3) 1:34 2:30 5:6 | | includes(1) 16:25 | | layton(1) 2:6 | | modifications(2) 31:16 32:9 |
| hand(2) 10:1 23:2 | | including(2) 26:19 28:24 | | leader(2) 6:16 14:8 | | moment(1) 9:24 23:20 34:22 |
| handout(1) 26:19 | | indeed(1) 5:3 | | least(1) 11:11 | | money(1) 14:6 |
| happy(3) 23:2 23:12 34:11 | | indicate(4) 9:21 10:16 19:16 19:19 | | leave(5) 27:12 27:20 28:7 28:8 28:10 28:25 29:2 33:13 33:20 | | monitor(2) 2:13 2:34 |
| harrisburg(1) 1:44 | | indicated(4) 9:12 11:22 19:18 21:12 | | | | month(1) 8:25 |
| harsh(1) 30:24 | | indicates(1) 30:12 | | left(1) 33:22 | | months(1) 10:8 |
| has(17) 4:16 5:20 6:7 6:17 8:7 10:5 17:21 22:9 22:24 26:6 26:13 26:17 26:17 27:2 31:3 31:6 35:19 | | indicating(3) 8:22 10:12 11:16 | | legal(2) 14:7 36:11 | | more(10) 11:13 19:25 20:10 21:5 22:9 25:10 26:9 36:10 36:17 37:20 |
| | | indication(6) 9:18 17:2 17:21 21:9 30:11 30:14 | | length(1) 20:17 | | |
| | | | | lengthy(3) 21:21 23:9 27:1 | | morning(12) 4:3 4:4 4:5 4:15 4:25 12:19 12:23 12:24 23:16 23:17 23:17 27:8 27:9 |
| hauer(1) 2:42 | | indiscernible(1) 28:23 | | less(1) 31:2 | | |
| have(36) 4:7 4:22 5:11 6:15 16:5 16:11 16:12 16:24 17:1 17:3 17:21 20:25 21:14 22:20 23:1 23:10 23:11 24:2 24:9 25:23 30:19 30:20 31:3 31:8 31:11 31:16 33:10 33:21 35:16 35:17 35:18 37:6 37:9 37:10 38:8 38:16 | | individually(1) 6:5 | | let(1) 23:21 | | morning's(1) 4:8 |
| | | individuals(1) 31:8 | | letter(1) 26:20 | | morris(1) 1:27 4:6 |
| | | informally(1) 31:17 | | letters(1) 29:8 | | motion(2) 4:15 21:2 |
| | | information(3) 28:25 29:9 29:10 | | let's(2) 7:4 35:6 | | murphy(1) 2:14 |
| | | ingersoll(1) 2:13 | | liberty(1) 1:36 | | must(1) 23:11 |
| | | initial(5) 18:13 18:16 19:17 24:5 25:13 | | like(7) 12:24 14:13 23:19 24:22 28:2 36:8 37:5 | | n.c(3) 29:19 37:7 37:9 |
| having(2) 33:4 36:11 | | initiated(2) 7:18 12:4 | | | | name(1) 12:20 |
| hawkins(22) 5:14 6:10 6:14 8:12 8:13 8:18 8:21 8:24 9:8 10:11 10:15 10:20 11:9 11:12 11:18 11:23 11:25 12:9 12:18 12:18 17:9 17:17 | | insolvent(1) 21:17 | | likely(1) 31:2 | | nancy(1) 27:22 |
| | | instance(1) 7:4 | | likewise(2) 9:7 21:18 | | nearly(1) 21:3 |
| | | insurance(3) 13:18 14:3 14:5 | | limitations(5) 26:2 26:13 30:25 31:10 | | network(1) 36:13 |
| | | intended(1) 9:9 | | line(1) 32:24 | | networks(2) 1:10 2:30 |
| | | intent(1) 17:3 | | linn(1) 2:47 | | never(1) 35:9 |
| hawkins'(4) 10:22 11:15 12:20 17:11 | | interested(3) 2:46 2:50 3:4 | | liquidity(8) 31:17 31:22 31:24 32:1 32:10 32:12 32:15 32:17 | | new(1) 1:37 |
| health(1) 27:18 | | into(5) 5:12 7:3 7:7 24:21 24:25 | | | | next(2) 8:25 17:24 |
| hear(3) 12:17 12:18 12:21 | | issue(4) 5:21 9:17 16:14 25:13 25:22 34:12 34:13 35:15 | | lisa(1) 2:31 | | nichols(2) 1:27 4:6 |
| heard(3) 7:10 12:15 14:24 | | | | list(1) 12:20 | | nine(4) 25:15 25:18 25:19 26:9 |
| hearing(5) 7:6 23:7 33:2 35:4 39:3 | | | | live(1) 36:16 | | nni(1) 6:17 |
| held(1) 26:11 | | issues(2) 27:18 29:4 | | llc(2) 1:42 39:13 | | nor(1) 11:7 |
| help(2) 23:3 29:3 | | item(4) 4:8 4:12 21:14 23:7 | | llp(3) 1:27 2:35 2:42 | | nortel(26) 1:10 2:29 7:17 17:1 25:11 27:24 28:3 28:18 28:20 28:23 29:8 29:20 29:21 29:22 30:6 33:13 33:20 33:22 33:23 33:25 34:2 36:13 36:21 37:2 37:16 37:17 |
| helpful(1) 37:20 | | items(2) 4:7 14:4 | | loggins(1) 26:7 | | |
| her(8) 7:9 13:15 13:17 13:25 14:3 19:3 19:3 24:19 | | its(3) 11:5 22:1 25:20 | | loggins'(1) 26:11 | | |
| | | itself(1) 17:18 | | long(1) 14:24 | | |
| | | it's(10) 4:22 9:26 16:15 23:7 23:9 23:22 30:4 30:6 35:22 36:19 | | long-term(6) 5:17 7:22 8:18 15:12 17:19 28:21 | | nortel's(3) 15:5 25:19 25:25 |
| here(10) 4:23 7:15 8:3 10:1 15:1 17:14 20:24 31:3 37:21 38:16 | | | | | | north(7) 1:30 2:9 2:15 25:24 26:1 26:3 28:22 |
| | | i'd(4) 6:2 12:24 28:2 37:24 | | longer(1) 34:6 | | |
| him(4) 8:23 9:11 34:22 35:4 | | i'll(3) 5:6 6:9 21:21 | | lost(5) 13:15 13:17 13:25 14:3 36:20 | | not(45) 4:16 7:16 7:22 9:14 10:6 10:14 11:7 12:1 12:3 13:16 13:19 13:20 14:1 14:2 14:4 14:9 15:21 16:18 17:1 17:9 17:25 18:23 19:16 19:24 23:1 24:24 25:7 25:8 25:12 26:14 26:15 26:21 27:13 28:11 29:4 29:7 29:10 29:16 29:22 30:20 30:23 31:5 36:25 37:18 38:5 |
| his(36) 4:14 5:21 6:7 6:9 6:10 6:11 8:21 9:10 9:11 10:5 10:10 10:17 11:18 16:7 19:17 19:22 20:12 21:6 21:7 21:8 21:12 22:12 24:4 25:9 25:13 25:21 26:16 26:17 26:18 27:1 30:12 31:4 34:21 35:12 38:3 | | i'm(11) 15:1 15:18 16:4 17:25 18:7 23:2 23:11 23:12 28:5 33:14 37:14 | | | | |
| | | | | | | |
| | | i've(1) 7:10 | | ltd/std(1) 27:25 | | |
| | | january(2) 20:14 21:3 | | mace(1) 1:33 | | |
| | | job(4) 13:10 14:15 15:22 29:23 | | made(4) 14:4 15:6 21:2 30:19 | | note(8) 8:13 9:26 11:11 11:15 25:22 30:17 31:16 38:2 |
| | | jobs(1) 13:4 | | main(1) 20:2 | | |
| historical(1) 8:8 | | jointly(1) 1:9 | | make(3) 14:10 34:20 36:11 | | noted(4) 11:17 16:6 26:5 26:6 |
| hoc(1) 4:15 | | joseph(1) 2:36 | | managers(1) 27:23 | | nothing(2) 14:2 14:9 |
| holds(1) 12:5 | | judge(3) 1:23 1:24 24:24 | | manager's(1) 29:2 | | notice(7) 10:12 11:16 11:19 11:22 13:3 14:13 15:8 |
| holidays(1) 27:16 | | july(2) 26:11 27:14 | | manufacturing(2) 27:17 29:18 | | |
| | | june(6) 9:3 10:25 11:7 11:10 16:12 28:1 23:21 28:13 30:2 35:3 36:5 37:23 | | march(3) 1:17 4:1 39:11 | | notification(1) 9:11 |
| | | just(12) 4:7 7:14 10:3 11:25 20:2 20:15 23:21 28:13 30:2 35:3 36:5 37:23 | | mariotti(8) 5:15 6:7 6:14 8:12 10:4 11:9 12:1 17:17 | | notified(1) 8:21 |
| | | | | | | now(14) 6:13 6:14 8:16 9:5 10:19 12:17 12:19 13:19 17:25 24:2 24:24 25:14 25:18 28:2 33:15 |
| | | justin(1) 2:21 | | | | |
| | | kahn(1) 2:43 | | | | |
| | | kathleen(1) 2:14 | | | | |
| | | kelly(1) 39:12 | | mariotti's(1) 10:14 | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| nowhere(2) 13:3 28:19 | | pay(17) 5:16 6:3 15:3 23:24 25:8 25:12 | | pursue(3) 36:16 36:20 37:1 | | retiree(8) 9:3 9:3 10:13 12:9 16:7 16:10 |
| number(6) 4:8 4:12 34:21 35:3 35:8 35:12 | | 26:12 27:11 27:11 28:20 28:24 28:25 30:6 | | put(4) 6:17 15:3 20:2 35:8 | | 16:12 16:15 |
| object(4) 7:2 15:2 20:11 25:5 | | 30:7 37:11 37:15 37:18 | | question(2) 8:4 36:5 | | |
| objected(2) 5:9 19:10 | | | | questions(1) 33:10 | | retirement(5) 8:10 8:14 8:24 15:12 17:20 |
| objection(17) 4:9 4:10 4:13 5:7 5:9 5:12 | | paycheck(1) 36:7 | | quite(2) 9:13 23:9 | | retiring(1) 28:17 |
| 6:7 12:11 17:22 17:22 18:1 22:12 22:17 | | payment(9) 19:14 21:2 21:5 22:4 22:11 | | raise(1) 25:12 | | retracted(1) 11:19 |
| 24:20 27:4 31:11 31:15 | | 25:8 26:24 38:3 38:8 | | raised(2) 25:14 25:19 | | retrieve(3) 29:16 29:21 30:18 |
| | | | | rather(2) 35:3 35:8 | | return(16) 7:24 8:23 9:9 9:12 10:13 10:17 |
| occurred(1) 11:13 | | payroll(5) 21:2 22:11 25:21 25:25 31:4 | | reach(3) 34:16 34:18 35:5 | | 11:24 14:18 15:21 17:2 17:3 17:20 17:21 |
| off(1) 14:19 | | pennsylvania(1) 1:44 | | reached(1) 31:17 | | 29:23 35:20 37:18 |
| offer(3) 8:10 26:20 29:8 | | pension(1) 2:20 | | read(1) 28:13 | | |
| official(2) 2:5 2:41 | | per/pro(2) 3:8 3:11 | | really(2) 15:2 17:3 | | returning(4) 8:10 28:7 28:12 28:16 |
| okay(16) 7:13 9:25 10:9 14:12 14:21 | | period(6) 20:20 25:20 25:23 30:19 36:11 | | reason(4) 8:22 10:12 11:23 11:24 | | review(6) 16:5 16:25 22:25 23:20 31:19 |
| 15:15 15:17 21:20 22:23 23:8 24:3 24:11 | | 36:18 | | reasons(4) 12:5 20:3 25:6 27:3 | | reviewed(2) 17:13 21:15 |
| 28:6 31:23 34:25 35:22 | | | | recall(1) 10:24 | | revisions(1) 32:21 |
| | | permitted(1) 21:1 | | receive(4) 9:14 25:8 37:15 38:2 | | richard(1) 5:19 |
| omnibus(3) 4:9 4:13 5:7 | | person(1) 34:19 | | received(15) 5:11 5:23 8:18 9:1 9:5 9:8 | | richards(1) 2:6 |
| one(11) 1:36 2:8 7:6 11:22 13:2 17:25 | | petition(3) 20:15 21:5 22:11 | | 10:5 10:8 12:6 13:20 16:7 16:20 27:25 | | rid(2) 13:5 28:23 |
| 23:14 27:23 28:10 31:12 31:16 | | phone(2) 18:21 35:8 | | 29:7 32:16 | | riddle(1) 27:23 |
| | | placed(1) 31:6 | | | | right(42) 5:4 6:6 6:12 6:21 7:6 11:20 |
| only(3) 11:6 19:20 27:13 | | plan(22) 5:20 6:17 6:18 7:16 7:19 7:20 | | receiving(5) 13:19 13:22 15:12 15:12 16:22 | | 12:12 12:17 12:20 13:23 14:21 15:15 |
| operative(2) 11:2 11:22 | | 7:24 8:2 8:2 8:18 8:20 8:20 9:13 11:10 | | recess(1) 38:15 | | 15:15 15:24 16:9 16:17 16:23 18:23 19:6 |
| opinion(5) 10:21 11:18 17:16 17:16 17:16 | | 12:2 16:7 17:14 17:18 19:21 20:17 21:25 | | record(9) 4:6 17:9 17:18 20:2 25:25 25:25 | | 22:13 23:17 24:1 24:24 24:25 27:6 28:24 |
| opportunity(2) 22:24 24:2 | | 22:1 | | 31:9 33:5 35:9 | | 29:25 30:9 30:16 30:22 32:23 33:3 35:1 |
| option(2) 14:17 15:21 | | plans(1) 8:9 | | | | 35:11 35:23 35:25 36:20 37:1 37:6 38:1 |
| order(9) 4:9 4:16 9:14 11:1 11:2 26:10 | | plaza(1) 1:36 | | recorded(1) 1:48 | | 38:11 38:11 |
| 29:19 31:16 33:6 | | please(5) 4:2 4:4 10:2 14:25 28:4 | | recording(2) 1:48 39:8 | | rights(1) 35:17 |
| | | plus(2) 28:9 36:7 | | recordkeeping(1) 31:1 | | rise(1) 4:2 |
| other(7) 7:25 14:4 16:24 22:2 33:1 34:8 | | podium(1) 4:14 | | records(11) 16:5 16:25 19:15 19:19 25:21 | | rodney(1) 2:8 |
| 36:25 | | point(5) 7:19 10:19 16:20 17:12 28:11 | | 29:19 29:20 30:18 30:20 31:19 36:12 | | rooney(1) 2:13 |
| | | points(3) 16:2 16:24 30:3 | | | | ruled(2) 35:16 35:18 |
| our(8) 4:8 4:10 12:20 17:8 17:9 18:11 | | policies(4) 28:11 36:13 36:14 37:2 | | recover(1) 30:20 | | rulings(1) 33:4 33:4 |
| 18:16 35:17 | | policy(11) 26:1 27:25 28:2 28:3 28:13 | | reduce(1) 19:11 | | running(2) 10:3 27:17 |
| | | 28:19 29:4 30:16 36:22 37:16 37:17 | | reduced(1) 32:15 | | russell(4) 1:35 4:14 5:5 5:14 |
| out(13) 8:3 8:9 9:7 10:7 11:9 12:8 27:10 | | portion(2) 20:18 31:21 | | reduction(2) 11:17 20:14 | | said(4) 13:16 14:1 14:13 34:6 |
| 30:5 30:6 30:13 34:16 34:18 35:5 | | position(1) 12:15 | | refers(1) 10:20 | | salaries(1) 21:13 |
| | | post(1) 22:10 | | reflect(2) 33:2 36:8 | | same(2) 16:13 28:22 |
| outlines(1) 7:20 | | ppearances(2) 1:26 2:1 | | regarding(5) 10:19 28:20 29:6 29:14 30:3 | | samis(1) 2:7 |
| outstanding(1) 30:7 | | practice(4) 8:8 12:3 20:16 25:20 | | 30:17 34:12 | | satisfied(2) 21:5 22:10 |
| over(3) 4:14 14:14 29:19 | | pre(1) 21:4 | | | | saturday(1) 27:15 |
| override(1) 36:14 | | pre-petition(1) 22:3 | | regardless(2) 29:24 37:2 | | saw(3) 12:19 14:18 18:3 |
| overrule(1) 12:10 | | preceded(1) 25:19 | | regards(1) 4:12 | | say(3) 30:19 36:2 37:12 |
| overtime(1) 26:3 | | precisely(1) 8:11 | | relates(1) 23:23 | | says(2) 37:7 37:17 |
| overy(1) 2:35 | | predicate(1) 22:16 | | relating(1) 6:3 | | scenario(1) 21:17 |
| owed(1) 27:24 | | preempted(1) 21:23 | | relatively(1) 19:12 | | schedule(1) 27:12 |
| owing(1) 30:15 | | prejudicial(1) 31:7 | | remained(1) 19:21 | | schuylkill(1) 1:43 |
| own(2) 7:23 15:5 | | present(1) 37:6 | | remains(2) 24:14 35:2 | | schwartz(1) 1:29 |
| | | presented(1) 36:9 | | rendered(1) 21:6 | | schweitzer(1) 2:31 |
| p.a(1) 2:6 | | preservation(1) 35:20 | | reorg(1) 3:4 | | seated(1) 4:4 |
| p.c(1) 2:13 | | pretty(2) 27:18 35:22 | | reply(11) 6:15 6:20 18:13 18:16 24:5 24:5 | | second(5) 5:19 13:12 20:5 20:10 30:17 |
| p.o(1) 2:23 | | prior(7) 9:9 10:17 11:10 21:3 26:9 28:12 | | 24:11 24:13 25:2 26:5 28:18 | | section(7) 7:20 7:24 8:1 12:5 20:13 22:9 |
| page(2) 28:3 28:6 | | 28:21 | | | | 26:4 |
| pages(1) 23:22 | | | | represent(1) 36:21 | | |
| paid(5) 5:21 7:25 30:12 31:5 36:7 | | priority(11) 5:22 20:12 20:18 20:20 21:1 | | request(8) 6:25 12:10 19:3 22:2 24:18 | | see(6) 17:12 19:22 26:18 28:11 32:23 |
| pair(1) 30:3 | | 21:6 21:11 21:13 21:16 22:3 22:8 | | 26:12 27:3 30:24 | | seen(1) 23:1 |
| paragraph(4) 28:19 28:21 29:6 29:14 | | pro(3) 3:8 3:11 4:15 | | | | sense(1) 14:10 |
| parallel(1) 10:22 | | problem(2) 36:15 36:24 | | requiring(1) 29:20 | | sent(2) 8:23 10:12 |
| parallels(1) 26:6 | | problems(1) 27:18 | | research(1) 3:4 | | september(3) 11:1 25:10 25:12 25:14 |
| pardon(1) 33:14 | | proceed(3) 18:24 23:18 24:2 | | resident(1) 25:24 | | 29:15 30:13 |
| parker(17) 6:16 6:22 6:25 7:7 7:10 18:17 | | proceedings(3) 1:22 1:48 39:9 | | resolves(1) 6:11 | | |
| 19:1 24:12 24:14 24:18 24:23 25:1 33:10 | | produced(1) 1:49 | | respect(8) 6:13 18:17 18:5 19:4 21:4 22:12 | | serve(1) 30:25 |
| 33:11 33:16 34:14 34:14 34:19 | | project(1) 27:13 | | 24:4 26:10 | | service(4) 1:42 1:49 20:17 20:19 |
| | | proof(2) 19:17 25:13 | | | | services(5) 1:42 6:16 14:7 14:15 39:13 |
| parker's(6) 7:3 17:5 17:10 20:7 22:15 | | proofs(1) 26:18 | | respective(1) 30:13 | | serving(1) 33:25 |
| 24:21 | | proportion(1) 20:19 | | responded(1) 28:18 | | set(1) 7:11 |
| | | propose(1) 6:2 | | response(27) 5:23 6:9 6:11 7:5 10:20 | | settled(1) 13:25 |
| part(7) 5:21 12:3 13:16 14:1 17:8 19:20 | | provide(6) 6:19 24:12 26:15 29:23 35:4 | | 11:16 11:18 12:16 15:25 17:11 17:24 18:4 | | settlement(12) 9:3 9:4 10:25 11:14 13:13 |
| 26:25 | | 35:12 | | 18:10 18:15 18:22 19:4 20:23 21:22 22:21 | | 13:16 14:1 14:2 16:12 16:15 16:15 16:19 |
| | | | | 22:21 23:5 23:20 24:4 24:5 26:18 30:6 | | |
| participant(1) 12:6 | | provided(7) 7:18 9:11 20:22 22:8 28:13 | | 30:12 | | seven(2) 28:24 29:11 |
| participants(6) 6:4 7:23 8:5 8:9 10:23 | | 30:11 36:6 | | | | seven-year(4) 25:20 25:23 25:25 30:18 |
| participate(1) 16:18 | | | | responses(6) 5:11 6:5 6:14 12:11 31:13 | | several(4) 13:3 13:11 14:14 15:22 |
| participated(1) 16:6 | | provides(3) 18:17 21:11 36:18 | | 33:2 | | severance(25) 5:16 5:20 6:3 6:18 7:15 |
| particular(1) 11:19 | | provision(4) 8:3 21:13 21:15 21:16 | | | | 7:19 7:20 7:25 8:2 8:5 8:8 9:14 9:18 9:22 |
| parties(2) 17:15 17:19 | | purpose(1) 30:25 | | responsibility(1) 29:3 | | 9:23 10:20 10:21 11:2 12:1 12:2 12:6 |
| party(7) 2:46 2:50 3:4 6:24 19:2 24:15 | | purposes(1) 9:22 | | rest(1) 37:24 | | 15:3 20:17 21:25 35:14 |
| 24:17 | | pursuant(4) 9:4 10:25 11:14 16:11 | | result(2) 31:25 32:8 | | |
| | | | | resuscitate(1) 36:25 | | shall(1) 7:25 |
| passed(2) 26:17 27:2 | | | | retention(1) 26:1 | | shared(1) 6:16 |
| past(1) 12:3 | | | | retired(2) 9:16 16:20 | | |

| Word | Page:Line |
| --- | --- |

**she(17)** 13:14 13:17 13:18 13:19 13:22 13:25 14:1 14:3 14:3 14:3 14:4 14:7 27:23 33:13 33:20 33:22 34:2 34:6 34:7

**she's(3)** 13:18 33:11 33:23
**short(2)** 28:10 38:3
**short-term(7)** 19:15 25:9 26:23 27:20 30:7 36:7 37:15

**should(11)** 6:23 7:8 11:8 20:12 22:12 23:6 24:15 28:23 29:21 34:14 36:22

**show(1)** 26:21
**showing(1)** 31:4
**sick(2)** 28:7 28:25
**sign(2)** 4:18 33:6
**signed(2)** 29:6 29:7
**significantly(1)** 20:10

**similarly(1)** 19:7
**since(2)** 14:3 27:2
**sir(11)** 13:1 16:1 23:16 27:8 28:5 30:1 31:14 32:23 35:23 36:5 37:12

**situation(5)** 9:24 10:22 31:7 34:9 34:22
**small(3)** 19:12 19:13 20:1
**smoothly(1)** 27:18

**sole(1)** 33:1
**solely(1)** 22:8
**solutions(5)** 31:17 31:22 32:1 32:10 32:17
**solutions'(3)** 31:25 32:12 32:15
**some(3)** 16:14 27:10 29:4
**somehow(1)** 23:13
**someone(1)** 36:2
**something(3)** 34:7 35:1 36:2
**sometimes(1)** 30:25
**sorry(4)** 15:18 18:7 23:11 33:14
**sound(2)** 1:48 39:8
**speak(3)** 14:24 34:14 35:13
**specific(2)** 8:1 29:20
**specifically(2)** 6:18 25:2
**spend(1)** 28:7

**spite(1)** 25:10
**split(1)** 5:12
**square(1)** 2:8
**stand(1)** 38:15
**standard(2)** 20:16 25:20
**start(2)** 7:4 8:25
**started(1)** 27:19
**state(3)** 26:2 36:14 37:3
**stated(2)** 22:10 37:21
**statement(1)** 21:16
**states(5)** 1:1 1:24 15:7 28:6 28:20
**status(1)** 5:22
**statute(6)** 26:2 26:4 26:12 31:10 36:17 36:19

**statutes(1)** 30:24
**statutory(3)** 20:12 20:20 21:15
**stay(1)** 14:20
**std(1)** 37:19
**steen(3)** 1:34 2:30 5:6
**stemming(1)** 5:16
**still(3)** 33:23 33:25 34:2
**strauss(1)** 2:42
**street(4)** 1:14 1:43 2:9 2:15
**stumbling(1)** 15:1
**submission(1)** 21:19
**submit(2)** 21:22 22:11
**submitted(3)** 4:10 26:17 31:4
**substantiate(1)** 31:2
**substantive(1)** 33:1
**subsumed(1)** 22:3
**such(8)** 8:7 8:9 11:3 11:8 12:7 28:20 30:20 31:4

**sufficient(1)** 26:15
**suite(2)** 2:16 2:22
**summarize(1)** 11:25
**summary(1)** 8:1

**supplemental(6)** 18:4 24:7 24:12 24:13 25:2 26:5

**support(6)** 6:15 6:19 18:18 24:13 25:2 26:16

**supported(1)** 18:16
**supporting(1)** 12:14
**suppose(1)** 7:11
**supposed(1)** 20:6
**sure(1)** 32:22
**sustain(6)** 12:11 17:21 22:17 27:4 31:9 31:11

**sustained(1)** 22:12
**system(2)** 27:17 29:11
**take(3)** 13:14 14:21 29:12 33:11
**taken(3)** 5:20 20:24 26:20
**talk(1)** 28:2
**talked(2)** 14:7 14:18
**tammy(1)** 39:12
**team(1)** 6:16
**technology(1)** 28:15
**telephone(6)** 17:10 18:20 18:24 23:14 35:3 35:12

**telephonic(2)** 2:27 3:1
**telling(1)** 37:10
**term(3)** 10:7 12:7 38:4
**terminate(1)** 13:12
**terminated(6)** 10:24 10:25 12:3 14:13 16:11 20:14
**terminated"(1)** 11:7
**terminating(1)** 28:17
**termination(22)** 7:18 8:21 8:22 9:11 10:12 10:13 11:13 11:16 11:22 12:3 13:4 13:2 13:9 13:17 13:25 14:12 15:5 15:7 19:22 25:9 26:23 37:18

**terminations(1)** 5:16
**terms(6)** 7:23 8:20 11:5 11:10 12:2 22:1
**testimony(3)** 7:1 19:4 24:19
**than(11)** 7:25 11:13 19:25 21:5 22:10 25:10 26:9 35:8 36:12 36:17

**thank(30)** 4:3 4:21 4:22 4:24 6:12 7:13 12:12 15:5 15:24 17:23 18:7 18:25 19:8 21:20 22:18 24:3 25:4 27:8 29:24 29:25 30:22 30:22 32:23 32:23 33:23 35:10 35:24 38:15 38:16 38:17

**thanksgiving(2)** 27:16 27:19
**that(149)** 4:9 4:17 4:19 5:9 5:21 5:24 5:25 5:25 6:2 6:7 6:10 6:25 7:4 7:8 7:10 7:15 7:24 8:13 8:22 8:25 9:4 9:9 9:10 9:11 9:14 9:16 9:21 9:21 9:21 9:23 10:19 10:23 11:2 11:5 11:11 11:15 11:17 11:18 11:18 11:21 11:22 12:5 12:10 12:19 13:10 13:20 13:20 14:8 14:10 14:14 14:17 15:6 15:6 15:13 15:20 15:22 16:6 16:13 16:14 16:14 16:20 17:13 17:19 18:5 18:20 19:3 19:6 19:18 19:19 19:20 20:11 20:20 20:24 21:5 21:9 21:12 21:22 22:5 22:11 22:25 23:14 23:21 24:11 24:13 24:18 24:22 25:1 25:7 25:22 25:23 26:3 26:8 26:10 26:11 27:1 27:4 27:14 27:22 27:25 28:4 28:13 29:15 29:19 30:5 30:6 30:10 30:11 30:12 30:14 30:15 30:19 31:5 31:13 31:19 31:20 32:3 33:14 33:15 33:24 34:13 34:22 35:1 35:1 35:4 35:5 35:6 35:19 36:4 36:10 36:17 36:18 36:20 36:22 36:24 36:24 37:6 37:12 37:14 37:16 38:2 38:7 38:7 38:8 38:13 39:7

**that's(21)** 4:18 6:6 6:8 6:21 8:11 13:13 15:10 15:22 17:3 17:5 17:25 19:13 20:1 28:10 30:15 32:19 32:25 34:20 35:16 35:21 38:10

**the(301)** 1:1 1:2 1:23 4:2 4:3 4:5 4:7 4:11 4:13 4:13 4:15 4:18 4:22 5:1 5:4 5:6 5:7 5:8 5:11 5:11 5:16 5:18 5:19 5:21 5:23 6:1 6:3 6:4 6:6 6:9 6:12 6:14 6:14 6:16 6:17 6:18 6:18 6:19 6:21 6:22 6:25 7:2 7:2 7:3 7:6 7:6 7:11 7:11 7:12 7:14 7:15 7:16 7:19 7:19 7:20 7:21 7:24 8:1 8:1 8:2 8:6 8:7 8:9 8:11 8:12 8:13 8:15 8:16 8:20 8:20 8:20 8:20 8:25 8:25 9:1 9:2 9:5 9:6 9:8 9:10 9:13 9:13 9:15 9:18 9:19 9:25 10:1 10:2 10:4 10:9 10:17 10:20 10:23 10:23 11:1 11:4 11:10 11:11 11:12 11:13 11:14 11:17 11:20 11:21 11:22 11:23 11:24 12:2 12:2 12:2 12:4 12:7 12:8 12:9 12:11 12:12 12:14 12:14 12:17 12:23 13:1 13:2 13:2 13:5 13:5 13:8 13:9 13:12 13:13 13:13 13:14 13:15 13:16 13:19 13:23 13:25 14:1 14:1 14:5 14:6 14:8 14:11 14:12 14:16 14:21 14:24 15:2 15:3 15:4 15:9 15:11 15:15 15:18 15:24 16:2 16:3 16:5 16:7 16:7 16:9 16:12 16:13 16:15 16:15 16:17 16:8 16:20 16:22 16:24 16:24 17:5 17:8 17:9 17:13 17:13 17:14 17:15 17:17 17:17 17:18 17:18 17:18 17:19 17:22 17:24 17:25 18:3 18:4 18:7 18:9 18:12 18:14 18:18 18:19 18:20 18:21 18:23 18:23 19:1 19:3 19:6 19:9 19:10 19:11 19:12 19:15 19:19 19:21 19:23 20:2 20:2 20:4 20:5 20:6 20:9 20:10 20:11 20:11 20:13 20:15 20:17 20:17 20:18 20:19 20:19 20:19 20:20 20:21 20:23 21:2 21:5 21:6 21:9 21:10 21:11 21:14 21:15 21:18 21:22 21:24 21:25 22:2 22:3 22:6 22:9 22:10 22:11 22:11 22:12 22:15 22:15 22:16 22:16 22:18 22:21 22:22 22:23 22:24 23:1 23:6 23:8 23:11 23:13 23:14 23:17 23:20 23:21 23:23 24:1 24:5 24:6 24:7 24:9 24:10 24:11 24:14 24:16 24:18 24:20 24:20 24:21 24:25 25:1 25:5 25:7 25:9 25:13 25:15 25:17 25:22 25:23 25:25 26:1 26:5 26:6 26:6 26:9 26:12 26:16

**the(160)** 26:22 26:22 26:22 26:24 26:24 26:25 27:1 27:3 27:4 27:6 27:9 27:11 27:12 27:15 27:17 27:21 27:23 27:25 28:2 28:3 28:5 28:8 28:8 28:9 28:12 28:14 28:15 28:16 28:17 28:19 28:22 28:24 29:7 29:16 29:25 29:25 30:4 30:5 30:7 30:7 30:9 30:10 30:12 30:16 30:17 30:18 30:22 31:6 31:6 31:9 31:9 31:9 31:10 31:10 31:19 31:19 31:21 31:21 31:23 32:2 32:2 32:5 32:6 32:7 32:8 32:11 32:13 32:15 32:18 32:21 32:22 32:23 32:23 32:25 33:1 33:1 33:2 33:2 33:2 33:3 33:5 33:5 33:9 33:12 33:14 33:17 33:19 33:21 33:21 34:2 34:4 34:4 34:8 34:10 34:11 34:12 34:13 34:14 34:18 34:19 34:20 34:24 34:25 35:4 35:6 35:8 35:9 35:11 35:12 35:14 35:16 35:16 35:21 35:25 35:25 36:2 36:4 36:4 36:10 36:11 36:12 36:14 36:16 36:17 36:22 36:24 36:24 37:4 37:5 37:6 37:8 37:13 37:16 37:20 37:23 37:24 38:1 38:3 38:5 38:7 38:7 38:8 38:13 38:15 38:18 39:3 39:7 39:8 39:8

**their(16)** 5:17 6:15 7:17 7:23 10:24 12:7 12:16 12:17 14:7 16:25 26:16 26:25 29:1 29:10 29:13 36:21

**them(6)** 6:10 10:8 14:18 29:3 29:8 29:21
**then(8)** 6:4 7:6 7:24 12:20 21:22 24:25 27:22 36:22
**there(9)** 13:3 13:4 13:10 14:14 14:17 21:21 23:13 34:6 35:20

**therefore(2)** 12:10 28:15
**thereof(1)** 26:24
**there's(4)** 14:9 15:22 16:14 31:5

**these(8)** 8:3 11:12 17:12 17:19 19:17 20:16 26:21 29:4

**they(20)** 5:12 8:13 9:16 12:3 12:6 13:5 13:12 13:25 14:6 14:9 14:19 15:5 15:21 19:18 30:25 31:20 34:6 34:14 34:16 36:7

**thing(2)** 13:12 34:8
**things(1)** 12:25
**think(15)** 5:1 6:6 7:10 12:19 12:19 15:7 15:10 17:11 17:13 18:20 30:10 31:8 33:18 37:14 37:24

**thinks(1)** 34:23
**thirty(1)** 4:8
**thirty-fifth(4)** 4:13 5:7 5:12 31:15
**this(44)** 4:7 4:15 5:1 5:2 7:15 7:19 9:17 10:20 11:1 12:10 12:13 17:12 18:15 19:4 19:9 21:1 21:21 21:22 22:21 23:14 23:23 25:12 25:19 25:23 26:6 26:7 26:8 26:10 26:13 26:14 27:4 27:11 28:25 29:11 30:5 30:11 30:23 33:6 33:8 34:20 36:3 37:7 37:21

**thorough(2)** 16:24 30:19
**those(26)** 7:18 7:22 7:23 7:25 8:4 8:24 9:1 9:6 9:7 10:15 11:6 12:5 12:8 16:10 16:11 16:22 17:15 20:6 21:12 21:16 26:24 27:2 27:3 30:15 33:4

**though(2)** 14:18 35:19
**thought(1)** 15:18
**three(3)** 5:12 8:4 29:6
**through(8)** 9:5 10:4 27:15 27:15 31:17 34:19 34:22 37:5

**thursday(1)** 22:22
**time(22)** 9:2 9:15 10:16 13:6 13:20 14:19 14:21 15:5 16:24 26:17 27:1 27:22 27:25 28:7 28:16 28:22 31:1 31:4 31:6 37:21 38:7 38:8

**timeline(1)** 8:17
**timely(2)** 18:10 25:7
**times(4)** 13:3 13:11 14:14 15:22
**title(1)** 23:9
**today(6)** 6:23 19:1 33:2 33:4 35:7 35:18
**together(2)** 12:5 26:21
**told(5)** 13:3 13:10 14:8 14:14 14:19 15:21 27:24 35:19

**transcriber(1)** 39:12
**transcript(3)** 1:22 1:49 39:8
**transcription(1)** 1:42 1:49
**transfer(1)** 32:6
**transferred(2)** 31:22 34:7
**treatment(1)** 21:12
**tried(1)** 13:4
**trying(1)** 14:18
**tuesday(2)** 4:1 27:15
**tunnell(1)** 1:27 4:6
**turn(5)** 4:13 6:4 17:24 27:7 28:3
**turned(2)** 8:19 9:7
**turning(1)** 10:19
**turns(1)** 13:18
**two(10)** 4:7 12:24 19:11 23:22 25:6 28:3 28:6 28:19 28:21 35:12 36:17 38:8

**two-year(2)** 26:1 36:19
**types(1)** 14:6
**u.k(1)** 2:20
**unable(3)** 21:15 25:21 26:25
**under(8)** 9:7 21 8:20 11:10 12:2 16:15 20:13 20:17 29:3

**understand(3)** 14:11 17:15 36:10
**understandable(1)** 26:16
**understanding(5)** 6:10 16:6 24:22 37:17 38:10

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|
| understood(3) 15:20 34:5 35:14 | | who(11) 5:15 7:25 8:9 10:4 10:23 11:9 | | your(77) 4:5 4:15 4:21 4:24 5:1 5:3 5:10 |
| undertaken(1) 16:24 | | 12:15 17:16 27:21 33:10 35:9 | | 6:2 6:8 6:13 7:13 7:13 8:16 9:17 9:20 |
| unfair(2) 28:25 29:11 | | | | 10:19 11:15 11:25 14:21 15:12 16:1 16:23 |
| united(2) 1:1 1:24 | | whom(1) 5:19 | | 17:10 17:22 17:23 19:10 20:8 21:19 21:20 |
| unless(3) 6:24 19:2 24:17 | | whomever(1) 34:23 | | 22:5 22:7 22:10 22:17 22:18 22:20 22:24 |
| unpaid(4) 5:25 26:2 26:7 30:4 | | whose(3) 7:18 7:22 11:6 | | 23:4 23:6 23:16 23:19 24:3 24:3 24:8 |
| unsecured(5) 2:6 2:42 21:7 32:13 32:14 | | who's(1) 6:16 | | 25:4 25:4 25:16 26:5 26:14 27:3 27:7 |
| until(7) 8:18 9:1 10:5 13:18 19:21 25:13 | | why(3) 12:17 12:18 34:20 | | 28:19 29:24 30:2 31:12 32:20 32:25 33:7 |
| 30:24 | | wife(2) 13:13 13:14 | | 34:11 35:3 35:8 35:10 35:18 36:1 36:3 |
| | | wife's(1) 34:9 | | 36:16 36:16 36:20 36:25 37:1 37:1 37:6 |
| upon(6) 7:16 25:8 28:7 32:9 33:4 38:3 | | will(12) 4:13 4:18 9:23 17:16 22:17 29:22 | | 37:14 37:15 37:15 37:21 37:22 38:13 |
| use(2) 29:1 29:12 | | 31:10 32:14 33:5 34:23 35:9 36:16 | | |
| used(2) 25:24 | | william(1) 5:14 | | you're(1) 4:19 |
| vacation(34) 5:25 23:23 25:8 25:12 26:7 | | wilmington(6) 1:15 1:31 2:10 2:17 2:24 | | *was(1) 11:6 |
| 26:12 26:19 27:11 27:11 27:12 27:13 | | winding(1) 34:3 | | |
| 27:24 27:24 28:7 28:8 28:9 28:9 28:12 | | wish(5) 6:24 7:9 7:9 14:24 24:15 | | |
| 28:16 28:20 28:24 29:1 29:13 29:22 30:4 | | wishes(4) 6:24 12:15 19:2 24:17 | | |
| 30:7 30:13 31:4 36:8 36:23 37:11 37:15 | | with(40) 4:12 5:21 6:13 7:4 7:17 8:17 | | |
| 37:18 38:3 | | 8:25 9:8 9:11 10:11 10:15 18:5 18:24 19:4 | | |
| | | 20:16 21:19 22:12 24:4 24:11 24:21 26:8 | | |
| valid(1) 28:16 | | 26:17 26:18 27:21 27:22 28:5 29:3 29:14 | | |
| validity(1) 27:1 | | 31:17 31:25 32:21 33:23 34:2 34:6 34:12 | | |
| various(1) 26:17 | | 34:14 34:15 34:23 35:4 35:12 | | |
| verified(1) 25:21 | | | | |
| verify(3) 27:1 30:21 31:5 | | withdrawal(1) 6:11 | | |
| version(1) 32:24 | | withdrawn(2) 6:7 10:5 | | |
| very(5) 15:6 18:25 23:19 31:12 33:3 | | withholdings(1) 21:4 | | |
| vice-president(1) 27:21 | | within(4) 20:20 22:3 37:11 38:8 | | |
| | | without(4) 8:10 17:20 27:18 29:19 | | |
| wage(1) 22:4 | | wonderful(1) 32:18 | | |
| wages(4) 21:2 21:5 21:13 26:3 | | words(3) 15:5 22:2 36:25 | | |
| walking(1) 18:3 | | work(19) 7:24 8:10 9:9 10:17 14:19 15:21 | | |
| want(4) 11:21 14:6 21:8 27:10 | | 17:2 17:3 17:20 17:21 27:14 28:7 28:12 | | |
| wanted(2) 20:2 30:2 | | 28:14 28:16 29:23 35:20 35:20 37:18 | | |
| was(75) 4:8 4:9 7:18 9:3 9:3 9:9 10:10 | | | | |
| 10:12 11:2 11:5 11:19 11:19 11:22 13:3 | | worked(1) 27:19 | | |
| 13:4 13:6 13:10 13:10 13:13 13:19 13:22 | | workforce(2) 11:16 20:14 | | |
| 14:1 14:2 14:4 14:13 14:13 14:14 14:15 | | working(1) 9:15 | | |
| 14:17 14:19 14:19 14:20 15:3 15:3 15:4 | | would(24) 6:25 8:12 9:21 11:11 11:15 | | |
| 15:20 16:20 16:22 18:2 18:15 18:18 | | 12:6 12:21 16:12 17:23 19:3 20:25 21:22 | | |
| 19:19 19:22 19:24 20:14 21:22 22:21 | | 23:3 23:4 23:19 24:18 24:22 25:22 28:3 | | |
| 22:22 24:5 25:14 25:19 27:13 27:14 27:21 | | 30:4 30:17 35:2 35:3 37:23 | | |
| 29:2 29:9 29:10 30:11 30:11 30:12 30:14 | | | | |
| 31:5 32:2 32:18 33:14 34:6 34:6 34:7 | | writing(1) 32:12 | | |
| 35:20 35:20 36:17 37:16 38:7 39:3 | | written(3) 7:1 19:4 24:19 | | |
| | | wrong(1) 37:14 | | |
| | | www.diazdata.com(1) 1:46 | | |
| waste(1) 14:19 | | year(4) 11:13 13:6 25:15 27:12 | | |
| way(6) 18:19 27:15 31:5 35:14 35:20 37:5 | | years(14) 13:7 14:14 15:4 25:18 25:19 | | |
| weekend(4) 27:14 27:16 27:16 27:19 | | 26:9 28:24 29:11 29:19 36:17 37:11 37:11 | | |
| weeks(2) 19:18 19:25 | | 37:11 38:8 | | |
| welcome(1) 4:19 | | | | |
| well(20) 9:17 14:7 15:1 15:20 16:14 17:6 | | yes(58) 4:11 5:8 5:18 7:10 8:6 8:15 10:2 | | |
| 17:11 17:18 18:25 22:15 22:16 23:19 26:1 | | 11:4 12:22 13:1 13:8 14:11 14:11 14:13 | | |
| 31:12 33:3 33:3 36:15 36:24 37:8 37:13 | | 15:14 16:1 16:3 16:22 17:8 18:9 18:14 | | |
| | | 18:19 19:23 20:4 20:9 20:21 20:23 21:10 | | |
| went(4) 15:11 17:19 27:20 27:22 | | 21:24 22:6 22:19 23:9 23:16 23:23 24:6 | | |
| were(16) 10:24 10:25 12:3 13:3 13:5 | | 24:16 25:17 27:8 28:5 28:5 30:1 31:14 | | |
| 13:15 14:8 14:9 15:6 15:19 16:11 19:17 | | 32:5 32:6 32:7 32:11 32:19 32:22 32:23 | | |
| 21:21 26:14 27:12 29:7 | | 33:9 33:12 33:17 33:19 34:1 34:2 36:5 | | |
| | | 37:6 38:9 | | |
| we'd(1) 16:4 | | | | |
| we'll(3) 19:22 34:21 38:15 | | yet(3) 4:17 13:17 14:3 | | |
| we've(1) 31:25 | | york(1) 1:37 | | |
| what(17) 7:15 8:11 12:5 13:6 17:3 17:5 | | you(84) 4:3 4:21 4:22 4:22 4:24 6:12 7:13 | | |
| 20:2 27:24 28:9 28:18 31:3 32:3 33:14 | | 10:2 10:23 12:12 13:7 14:4 14:6 14:7 | | |
| 34:8 36:7 36:8 37:2 | | 14:24 15:11 15:16 15:18 15:20 15:24 | | |
| | | 16:6 17:16 17:23 18:7 18:21 18:24 18:25 | | |
| when(19) 8:4 8:19 9:3 9:6 10:2 10:10 | | 19:8 21:20 22:18 23:4 23:18 24:1 24:3 | | |
| 13:5 13:12 13:25 27:19 30:4 30:15 33:13 | | 24:22 24:23 25:4 26:18 27:6 27:9 28:3 | | |
| 33:20 33:22 34:5 36:15 37:15 37:18 | | 28:5 28:7 29:24 29:25 30:22 30:22 32:22 | | |
| | | 32:23 32:23 33:7 33:21 34:20 34:22 35:2 | | |
| where(1) 14:20 | | 35:3 35:9 35:10 35:12 35:13 35:17 35:17 | | |
| whereas(1) 19:19 | | 35:24 36:4 36:6 36:9 36:11 36:12 36:16 | | |
| whereupon(1) 39:3 | | 36:16 36:18 36:19 37:6 37:13 37:14 37:18 | | |
| whether(2) 16:14 31:5 | | 37:20 37:21 37:23 38:15 38:16 38:16 | | |
| which(19) 4:8 4:12 7:21 8:3 9:3 12:4 14:2 | | 38:17 | | |
| 16:10 16:13 16:25 17:14 18:17 19:15 | | | | |
| 19:22 22:9 25:5 26:7 31:3 33:18 | | | | |
| | | | | |
| while(3) 28:10 29:2 29:13 | | | | |