

# Hughes
# Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

March 10, 2014

**VIA ELECTRONIC FILING**
**AND HAND DELIVERY**

The Honorable Kevin Gross
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, Sixth Floor
Wilmington, Delaware 19801

    Re:   *In re Nortel Networks Inc. et al.*, Case No. 09-10138 (KG) (Bankr. D. Del.)

           *In the Matter of Nortel Networks Corporation et al.*, Court File No. 09-CL-7950 (Ontario Superior Court of Justice)

Dear Judge Gross:

       We write on behalf of the Joint Administrators for the EMEA Debtors regarding the proposed Amendment and Supplement to the Joint Trial Protocol filed with the Courts today (the "Proposed Supplement"). As set out in the Notice of Filing that accompanied the Proposed Supplement, the Proposed Supplement generally has the endorsement of all Core Parties, with the exception of a limited number of issues still in dispute.

       First, with respect to opening statements, the EMEA Debtors believe that they need three hours to open their case on allocation and three hours to open their case on EMEA Claims. Given the complexity of the issues in these proceedings and the sheer amount of evidence that will be put before the Courts, the EMEA Debtors believe that three hours for opening statements in each proceeding is reasonable. Moreover, allowing this time for opening statements will increase the efficiency of the trial overall by giving the parties the opportunity to walk the Courts through the evidence and issues they expect to present so that each party's case and the import of each party's evidence is clear to the Courts from the outset.

       Second, the Core Parties have submitted differing proposals with respect to page limits for fact witness affidavits on allocation issues and pre-trial briefs on allocation issues. We believe that the limits we have proposed strike the proper balance between, on the one hand, preserving the parties' rights to present their affirmative evidence, and on the other hand,

recognizing the practical restrictions of trial, such as the limited time that will be available for examinations of fact witnesses. In this respect, we believe that the US Debtors' proposed page limits — of 100 pages for opening fact witness affidavits, 50 pages for reply fact witness affidavits, and 75 pages for pre-trial briefs for each Allocation Group — are too restrictive, particularly in light of the number and complexity of the issues that need to be addressed and the fact that there are multiple parties within each Allocation Group, some of which are espousing different theories of allocation, that must share pages. Conversely, the CCC's proposed page limits on allocation affidavits do not take account of the fact that there will be limited time at trial to examine fact witnesses. Allowing each of the EMEA Debtors, the US Allocation Group, the Canadian Debtors/Monitor, the CCC, and the UK Pension Claimants to file up to 150 pages of opening fact witness affidavits and 75 pages of reply fact witness affidavits — as the CCC proposes — will make it impossible for any party to adequately address the evidence in those affidavits at trial.

Third, the Canadian Claims Defendant Group has proposed that it be allowed to allocate its trial time and page limits between EMEA Claims and UK Pension Claims in whichever manner it chooses. This is fundamentally unfair. Trial time and page limits on EMEA Claims should be the same for all parties involved.

For example, the Proposed Supplement sets out that (i) each of the EMEA Claimants and the UK Pension Claimants will have 150 pages for their pre-trial briefs on claims issues, and (ii) the Canadian Claims Defendant Group will have 300 pages for their pre-trial briefs on claims issues. Given that the Canadian Claims Defendant Group must respond to both the EMEA Claims and the UK Pension Claims, we agree that the Group's page limits should be double the limits afforded to each of the EMEA Claimants and the UK Pension Claimants. The Canadian Claims Defendant Group should not, however, be able to decide how it allocates its pages between EMEA Claims and UK Pension Claims. The Canadian Claims Defendant Group should not be free to decide, for example, that it wishes to devote 200 pages to EMEA Claims, thereby effectively giving itself 50 more pages than the EMEA Claimants have for the same exercise.

This is not a fair result. The Canadian Claims Defendant Group should have exactly the same amount of time and exactly the same number of pages to present its case on EMEA Claims as the EMEA Claimants have to present their case. Any other arrangement would put the EMEA Claimants at a significant and unjustified disadvantage.

Finally, in Footnote 6 of the Proposed Supplement, the EMEA Debtors have proposed language allowing any Core Party to adopt a fact witness affidavit of any other Core Party. This provision is primarily intended to allow the EMEA Claimants to adopt evidence that the UK Pension Claimants submit in the UK Pension Claims proceeding, and vice versa, such that adopted evidence will form part of the record in both proceedings. Although the EMEA Claims and UK Pension Claims proceedings are being tried together, they are separate proceedings and will ultimately have separate trial records. To the extent the UK Pension Claimants submit evidence that is also relevant to EMEA Claims, the EMEA Claimants should have the right to choose to adopt that evidence. Our proposed language simply provides a mechanism for such adoption to occur.

        The EMEA Debtors would be pleased to address these issues and any others of interest to the Courts at the pre-trial conference on March 12.

        Respectfully submitted,

*/s/ Fara Tabatabai*

Fara Tabatabai