# **Exhibit A**



Toronto-Dominion Centre
100 Wellington Street West
Suite 3200, P.O. Box 329
Toronto, ON Canada M5K 1K7
T 416.304.1616 F 416.304.1313

Michael E. Barrack
T: 416-304-1109
E: mbarrack@tgf.ca
File No. 1595-001

March 14, 2014

**VIA EMAIL**

Regional Senior Justice Morawetz
Superior Court of Justice
Court House
361 University Avenue
Toronto, ON M5G 1T3

Regional Senior Justice Morawetz:

**Re: *In re Nortel Networks, Inc., Case No. 09-10138 (KG)***
**Nortel Networks Corporation, Court File No. 09-CL-7950**

As you are aware, we represent the Board of the Trustee of the Pension Scheme of Nortel Networks UK Limited and the U.K. Pension Protection Fund (collectively "**UKPI**"). The UKPI has asserted claims against Nortel Networks Limited ("**NNL**") and Nortel Networks Corporation ("**NNC**") in the CCAA proceeding (the "**UKPI Canadian Claims**"). Further to our attendance at the pre-trial on March 12, 2014, we would appreciate arranging an attendance at your convenience to discuss the continuation of the pre-trial for the purpose of obtaining judicial assistance in determining whether there is a possibility of settling the UKPI Canadian Claims in the context of the separate Canadian CCAA proceeding pending solely before the Ontario Superior Court of Justice.

Our professional obligations require us to consider the use of alternative dispute resolution and, if instructed, to pursue that option. As an officer of the Court, I confirm that in my view it is in the interests of justice as expressed in the *Rules of Civil Procedure,* that the settlement function provided for in Rule 50 be made available to the parties for the UKPI Canadian Claims. In this regard I am enclosing a copy of my recent letter to the Monitor's counsel which was copied to counsel for the Canadian Creditors' Committee and the Canadian directors and officers as a courtesy. Following the pre-trial on March 12, 2014 this letter was circulated by the Monitor's counsel to the entire Nortel service list with a cover note, a copy of which is attached for your reference.

I also understand that, after the telephone line for Wednesday's joint hearing of the pre-trial was disconnected between the two Courts, submissions continued before Judge Gross led by Jim Bromley on behalf of the US Debtors, joined by counsel for the US unsecured creditors' committee and the bondholders. Our US counsel was in attendance and has reported on the events that took place. A transcript has been ordered in respect of the submissions to Judge

Gross regarding our request to the Canadian Court for a pre-trial process involving the UKPI Canadian Claims, and will be provided to you upon receipt.

It appears that the US parties in this proceeding want to ensure that no aspect of the litigation, including settlement of the solely Canadian claims of UKPI that are within the purview of the Monitor, Canadian Debtors and the Canadian Court alone, can be addressed without their consent and/or involvement. We consider that position to be incorrect and have separately corresponded with Mr. Bromley on this issue.

The parties in interest with respect to any settlement of the UKPI Canadian Claims are the Monitor, the Canadian Debtors and UKPI. Counsel for those parties should be present at the requested attendance.

As you are aware, pursuant to a heavily-negotiated Order of the Canadian and US Courts dated May 15, 2013 establishing the litigation procedures for the Canadian and US Claims, and for allocation, it was held that the only parties with standing to participate in a determination of the respective (and separate) Canadian claims of UKPI and EMEA were the Monitor, the Canadian Debtors and the Directors and Officers (the latter in respect of the EMEA claims only). That group was defined as the "Canadian Claims Defendant Group" and the defined term is repeated throughout the Litigation Timetable and Discovery Plan.

Prior Orders have been issued by the Canadian and US Courts regarding the circumstances in which both Courts may be involved in any hearing on particular types of claims including Same-Creditor Claims, and Overlapping Claims. However, those Orders make it clear that claims asserted by the UKPI against NNL and NNC are not 'Same-Creditor Claims' or 'Overlapping Claims' as defined in those Orders and accordingly are under the sole jurisdiction of the Canadian Court. Any settlement of the UKPI claims as part of a mediated process would, of course, be subject to Canadian court approval and all parties would have an opportunity to make submissions at that time.

That is consistent with the manner in which the UKPI claims against the US Debtors were addressed. A Joint Hearing was required in respect of the US claims settlement, because it included the EMEA claims that are specifically addressed in various court Orders including the EMEA Claims Resolution Order, requiring approval of the US and Canadian Courts. However, the process to settle those claims was reached and implemented solely among the Nortel U.S. Debtors and the U.S. Unsecured Creditors Committee (collectively, the "**US Interests**"), the EMEA estate and the UKPI, and there was no involvement on the part of any Canadian party.

Pursuant to the "Agreement Settling U.S. Claims Litigation" dated December 16, 2013 entered into among the US Interests, the EMEA estate and the UKPI, the US Interests agreed neither to oppose nor object to the UKPI Canadian Claims. That Agreement Settling U.S. Claims Litigation was approved by the US Court and recognized by the Canadian Court.

We expect that all parties in this protracted and expensive proceeding would recognize the benefit of any efforts that might have the effect of resolving or narrowing the issues for trial. In that regard, we hope that our exchange of correspondence with Mr. Bromley will assist to assuage any concerns on his part.

As the expert deposition process begins on March 17, it will be necessary to accommodate counsel's schedules. Accordingly, we would appreciate it if you could provide us with various dates when an attendance would be convenient for you and we will co-ordinate with counsel for the Monitor and Canadian Debtors.

Yours very truly,

**Thornton Grout Finnigan LLP**

"Michael Barrack"

Michael E. Barrack

c.c. Core Party Service List

**D. J. Miller**

**From:** Ruby, Peter [pruby@goodmans.ca]
**Sent:** Wednesday, March 12, 2014 5:59 PM
**To:** 'nortel.monitor@ca.ey.com'; 'derrick.tay@gowlings.com'; 'jennifer.stam@gowlings.com'; 'ken.coleman@allenovery.com'; 'paul.keller@allenovery.com'; 'daniel.guyder@allenovery.com'; 'laura.hall@allenovery.com'; 'Joseph.Badtke-Berkow@AllenOvery.com'; 'jonathan.cho@allenovery.com'; 'Nicolette.ward@allenovery.com'; 'Kathleen.murphy@bipc.com'; 'mary.caloway@bipc.com'; 'tdemarinis@torys.com'; 'sbomhof@torys.com'; 'sblock@torys.com'; 'agray@torys.com'; 'aslavens@torys.com'; 'jbromley@cgsh.com'; 'lschweitzer@cgsh.com'; 'hzelbo@cgsh.com'; 'jrosenthal@cgsh.com'; 'aluft@cgsh.com'; 'irozenberg@cgsh.com'; 'dstein@cgsh.com'; 'mdecker@cgsh.com'; 'mgurgel@cgsh.com'; 'jerickson@cgsh.com'; 'jmoessner@cgsh.com'; 'dabbott@mnat.com'; 'acordo@mnat.com'; 'rschwill@dwpv.com'; 'scampbell@dwpv.com'; 'jdoris@dwpv.com'; 'lsarabia@dwpv.com'; 'mgottlieb@counsel-toronto.com'; 'twynne@counsel-toronto.com'; 'pmichell@counsel-toronto.com'; 'adler@hugheshubbard.com'; 'jzhi@counsel-toronto.com'; 'oxford@hugheshubbard.com'; 'tabataba@hugheshubbard.com'; 'huberty@hugheshubbard.com'; 'eharron@ycst.com'; 'jdorsey@ycst.com'; 'mzigler@kmlaw.ca'; 'sphilpott@kmlaw.ca'; 'akaplan@kmlaw.ca'; 'bwalancik@kmlaw.ca'; 'ken.rosenberg@paliareroland.com'; 'max.starnino@paliareroland.com'; 'lily.harmer@paliareroland.com'; 'karen.jones@paliareroland.com'; 'tina.lie@paliareroland.com'; 'michelle.jackson@paliareroland.com'; 'jacqueline.cummins@paliareroland.com'; 'barry.wadsworth@caw.ca'; 'lewis.gottheil@caw.ca'; Arthur Jacques; 'thomas.mcrae@shibleyrighton.com'; 'janice.payne@nelligan.ca'; 'steven.levitt@nelligan.ca'; 'christopher.rootham@nelligan.ca'; 'ainslie.benedict@nelligan.ca'; 'bboake@mccarthy.ca'; 'jgage@mccarthy.ca'; 'emarques@mccarthy.ca'; 'psteep@mccarthy.ca'; 'skour@mccarthy.ca'; 'bdshaw@mccarthy.ca'; 'kpeters@mccarthy.ca'; 'selinda.melnik@dlapiper.com'; 'richard.hans@dlapiper.com'; 'timothy.hoeffner@dlapiper.com'; 'farahlisa.sebti@dlapiper.com'; 'zychk@bennettjones.com'; 'orzyr@bennettjones.com'; 'finlaysong@bennettjones.com'; 'swanr@bennettjones.com'; 'zweigs@bennettjones.com'; 'bellj@bennettjones.com'; 'mclachlana@bennettjones.com'; 'TKreller@milbank.com'; 'JHarris@milbank.com'; 'APisa@milbank.com'; 'svora@milbank.com'; 'aleblanc@milbank.com'; 'mhirschfeld@milbank.com'; 'amiller@milbank.com'; 'tmatz@milbank.com'; 'nbassett@milbank.com'; 'gruha@milbank.com'; 'rpojunas@milbank.com'; 'skukulowicz@casselsbrock.com'; 'mwunder@casselsbrock.com'; 'rjacobs@casselsbrock.com'; 'fhodara@akingump.com'; 'dbotter@akingump.com'; 'aqureshi@akingump.com'; 'rajohnson@akingump.com'; 'bkahn@akingump.com'; 'cdoniak@akingump.com'; 'jsorkin@akingump.com'; 'jyecies@akingump.com'; 'angela.pearson@ashurst.com'; 'Antonia.croke@ashurst.com'; 'samis@rlf.com'; Michael Barrack; D. J. Miller; Rebecca Lewis; Andrea McEwan; John Finnigan; 'boconnor@willkie.com'; 'sadvani@willkie.com'; 'ahanrahan@willkie.com'; 'sheryl.seigel@mcmillan.ca'; 'michael.riela@lw.com'; 'jsalmas@heenan.ca'; 'kkraft@heenan.ca'; 'svanallen@heenan.ca'; 'craig.barbarosh@kattenlaw.com'; 'david.crichlow@kattenlaw.com'; 'Karen.dine@kattenlaw.com'; 'elamek@blg.com'; 'jszumski@blg.com'; 'dalowenthal@pbwt.com'; 'lbarnes@osler.com'; 'esellers@osler.com'; 'eputnam@osler.com'; 'ahirsh@osler.com'; 'acobb@osler.com'; 'michael.lang@nortonrosefulbright.com'; 'amdg@hoganlovells.com'; 'john.tillman@hoganlovells.com'; 'Matthew.bullen@hoganlovells.com'; 'david.graves@hoganlovells.com'; 'katherine.tallett-williams@hoganlovells.com'; 'james.norris-jones@hsf.com'; 'cdavis@bayardlaw.com'; 'jalberto@bayardlaw.com'; Zarnett, Benjamin; Mark, Alan; Kimmel, Jessica; Pasquariello, Joe; Carfagnini, Jay; Ruby, Peter; Armstrong, Christopher
**Subject:** Letter from the UKP's Counsel to the Monitor's Counsel
**Attachments:** Letter to Counsel from M. Barrack dated March 12, 2014.pdf

We understand that concerns were raised after the Canadian Court disconnected from the pre-trial conference about a letter that the UKPC sent to the Canadian Monitor's counsel just prior to the pre-trial. We attach the letter for your reference. Canadian counsel for the Monitor advised UKPC's counsel that we had no instructions to respond and that we did not think that it was appropriate to raise this at the pre-trial. We had the impression that it would not be. We want to dispel any concerns that the Monitor was anything other than a recipient of this request for "a separate pre-trial

conducted by Regional Senior Justice Morawetz for the purpose of canvassing the issues regarding settlement of the UKPC Claims", without advance notice or sufficient time to have done anything other than attempt to discourage the matter from being raised with the Courts today.

**Peter Ruby**
Goodmans LLP

416.597.4184
pruby@goodmans.ca
goodmans.ca

---

***** Attention *****

This communication is intended solely for the named addressee(s) and may contain information that is privileged, confidential, protected or otherwise exempt from disclosure. No waiver of confidence, privilege, protection or otherwise is made. If you are not the intended recipient of this communication, please advise us immediately and delete this email without reading, copying or forwarding it to anyone.



Toronto-Dominion Centre
100 Wellington Street West
Suite 3200, P.O. Box 329
Toronto, ON Canada M5K 1K7
T 416.304.1616 F 416.304.1313

Michael E. Barrack
T: 416-304-1109
E: mbarrack@tgf.ca
File No. 1595-001

March 12, 2014

**VIA EMAIL**

Goodmans LLP
Bay Adelaide Centre
333 Bay St., Suite 3400
Toronto, ON M5H 2S7

**Attention:** **Benjamin Zarnett**
**Alan Mark**
**Jay Carfagnini**

Dear Counsel:

**Re: Nortel Pre-Trial**

A pre-trial will be held this afternoon at 1:00 p.m. We understand that both Regional Senior Justice Morawetz and Justice Newbould will be in attendance in Toronto. Among the proceedings to be dealt with is the entirely Canadian proceeding involving the claims into the Canadian Estate.

As you are aware the *Rules of Civil Procedure* dealing with pre-trials provide, in part:

> 50.01 The purpose of this Rule is **to provide an opportunity for any or all of the issues in a proceeding to be settled without a hearing** and, with respect to any issues that are not settled, to obtain from the court orders or directions to assist in the just, most expeditious and least expensive disposition of the proceeding, including orders or directions to ensure that any hearing proceeds in an orderly and efficient manner.
>
> 50.06 The following matters **shall be considered** at a pre-trial conference:
>
> 1. **The possibility of settlement of any or all of the issues in the proceeding**... (*emphasis added*)






Accordingly, there are two mandated functions to a pre-trial: to facilitate settlement and to attend to the case management of the proceeding in the event the parties do not settle. There is no prohibition on the parties agreeing that the trial judge may carry out the case management functions but the *Rules* provide, and the practice has invariably been, that the settlement function is carried out by a judge other than the trial judge. This practice is invoked frequently for the purpose of conducting both pre-trial settlement conferences and mid-trial settlement conferences.

The UKPC is firmly of the view that taking advantage of the mandatory provisions of the *Rules* with respect to the UKPC Claims is in the interest of all parties and the Court, who will otherwise be asked to devote considerable resources to these claims if the matters are not settled. As a result, we seek your consent to a joint request at the pre-trial to arrange a separate pre-trial conducted by Regional Senior Justice Morawetz for the purpose of canvassing the issues regarding settlement of the UKPC Claims. RSJ Morawetz has a deep well of knowledge about the case and he could canvass, with candour, the conduct of the parties and their positions. The UKPC would welcome an evaluative pre-trial in this regard.

We would be pleased to discuss this with you.

Yours very truly,

**Thornton Grout Finnigan LLP**

Michael E. Barrack
MEB/slg

c.c: Paliare Roland Rosenberg Rothstein LLP
155 Wellington St. W., 35th Floor
Toronto, ON M5V 3H1

**Attention:** **Kenneth Rosenberg**
**Lily Harmer**
**Max Starnino**

Koskie Minsky LLP
20 Queen St. W., Suite 900
Toronto, ON M5H 3R3

**Attention:** **Mark Zigler**
**Ari Kaplan**






McCarthy Tétrault LLP
66 Wellington St. W., Suite 5300
TD Bank Tower, Box 48
Toronto, ON M5K 1E6

**Attention:** **Paul Steep**
**Jamie Gage**
**Barbara Boake**

Lax O'Sullivan Scott Lisus LLP
145 King St. W., Suite 2750
Toronto, ON M5H 1J8

**Attention:** **Matthew Gottlieb**
**Tracey Wynne**

Osler, Hoskin & Harcourt LLP
1 First Canadian Place, Box 50
100 King St. W., Suite 6100
Toronto, ON M5X 1B8

**Attention:** **Lyndon Barnes**