**Exhibit A**



Toronto-Dominion Centre
100 Wellington Street West
Suite 3200, P.O. Box 329
Toronto, ON  Canada  M5K 1K7
T 416.304.1616  F 416.304.1313

Michael E. Barrack
T: 416-304-1109
E: mbarrack@tgf.ca
File No. 1595-001

March 17, 2014

VIA EMAIL

Regional Senior Justice Morawetz
Superior Court of Justice
Court House
361 University Avenue
Toronto, ON   M5G 1T3

Dear Justice Morawetz:

Re:   *In re Nortel Networks, Inc., Case No. 09-10138 (KG)*
      **Nortel Networks Corporation, Court File No. 09-CL-7950**

We have received Mr. Carfagnini's letter of March 15 rejecting the request for judicial assistance in resolving the outstanding UKPI claims into Canada. The basis for this rejection is not based upon your unacceptability as an appropriate pre-trial settlement judge. Rather, the rejection is based upon (i) the purported interrelationship between UKPI Canadian Claims and Allocation and (ii) the fact that there have been failed attempts at mediation. We disagree with both of these points as a basis for rejecting efforts to narrow the issues for trial. In our view, the minimal amount of time which would be required to attend at a chambers appointment to discuss the merits of a judicial settlement pre-trial on this point is not only warranted but in the best interests of the process and the parties with real economic interests in this litigation. We would be prepared to limit the initial attendance to no more than one hour and be guided by you as to further steps.

Based on the cash flow forecast filed by the Monitor last week, for which we know a corresponding amount is being incurred in the US, it would appear that professional fees are approaching $1 million per day for the Canadian and US estates together. That fact ought to weigh in favour of encouraging all efforts to narrow or resolve outstanding discrete issues. One such issue relates to the written guarantees given by Nortel Networks Limited in favour of the Trustees of the UK pension plan, which are unrelated to the larger allocation issues. Even if a resolution of this aspect of the claim could be achieved, it would narrow the issues in dispute requiring determination at trial.

tgf.ca



We will await your direction in this regard.

Yours very truly,

**Thornton Grout Finnigan LLP**

*[signature]*

Michael E. Barrack

c.c.     Core Party Service List