

# KOSKIE MINSKY LLP
### BARRISTERS & SOLICITORS

March 20, 2014

**Mark Zigler**
Direct Dial: 416-595-2090
Direct Fax: 416-204-2877
mzigler@kmlaw.ca

**VIA ELECTRONIC FILING**
**AND HAND DELIVERY**

The Honourable Mr. Justice Frank Newbould
Judges' Chambers – Court House
330 University Avenue
Toronto, ON  M5H 1T3

The Honourable Kevin Gross
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, Sixth Floor
Wilmington, Delaware 19801

Dear Mr. Justice Newbould and Judge Gross:

> **Re:**   *In the Matter of Nortel Networks Corporation et al.* **– Court File No. 09-CL-7950 (Ontario Superior Court of Justice)**
>
> *In re Nortel Networks Inc. et. al.* **Case No. 09-10138 (KG) (Bankr. D. Del.)**

I write on behalf of the Canadian Creditors' Committee ("CCC") regarding the *Order Re Allocation Protocol* made by the U.S. Bankruptcy Court on March 19, 2014 ("Yesterday's Order") and the *Corrected Order Re Allocation Trial Protocol* made on March 20, 2014 (the "Corrected Order") (together the "Orders"). The CCC would like to bring to the Courts' attention that the Orders mistakenly provide the UKPT rather than the CCC with additional pages for Opening Affidavits and Reply Affidavits at paragraph 4. The UKPT did not make this request. The request for additional pages was made by the CCC. We request that the Orders be amended to provide the same relief to the CCC.

The possible source of the error respecting Affidavits is the Transcript from the Pre-Trial Conference held on March 12, 2014, which mistakenly identifies the speaker as Mr. Finnigan at pg. 35 (line 3), when in fact it was Mr. Zigler speaking on behalf of the CCC. We attach the portion of the transcript that erroneously identifies Mr. Finnigan. The reference in the Transcript to "Mr. Finnigan" should read "Mr. Zigler".

---



We respectfully request that this error in the Orders be corrected.

In addition, we would like to bring to the courts' attention that it was the understanding and agreement of all parties that the Allocation Briefs would be submitted by Core Party and not by Allocation Group. It is essential that the CCC have its own Allocation Brief, as agreed, since it has and has long presented an alternative allocation theory to the Monitor's which has no place in an Allocation Group Brief. Yesterday's Order provided the CCC with a Core Party Brief. However, the Corrected Order eliminated this, effectively foreclosing any opportunity for the CCC to present its allocation theory.

Further, it is unclear whether it was the Courts' intention by the Corrected Order to (i) eliminate the CCC's opportunity to brief its alternative case, or (ii) provide both the UKPT and the CCC the opportunity to separately brief their theories which diverge from those of their respective Allocation Groups, such that the UKPT was to be added to the CCC rather than the CCC eliminated.  If the former, the CCC respectfully requests the opportunity to address the Courts at their earliest convenience.

Yours truly,

**KOSKIE MINSKY LLP**

Mark Zigler

20 Queen Street West
Suite 900
Toronto, ON
Tel. 416-595-2090
E:mail: mzigler@kmlaw.ca

**DLA PIPER**

*s/ Selinda A. Melnik*


Selinda A. Melnik (DE Bar 4032)
1201 N. Market S.
Suite 2100
Wilmington, DE 19801
Tel: 1-302-468-5650
E-mail: selinda.melnik@dlapiper.com

cc:      CORE PARTIES

1023362v5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE


IN RE:                              )    Case No. 09-10138(KG)
                                    )    (Jointly Administered)
                                    )
Nortel Networks, Inc., et.al.,)          Chapter 11

                                    )    Courtroom 3
                                    )    824 Market Street
              Debtors.              )    Wilmington, Delaware
                                    )
                                    )    March 12, 2014
                                    )    1:00 p.m.


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For Debtors:              Morris Nichols Arsht & Tunnell, LLP
                          BY: DEREK ABBOTT, ESQ.
                          BY: ANN CORDO, ESQ.
                          1201 North Market St., 18th Floor
                          Wilmington, DE   19899-1347
                          (302) 351-9357

                          Cleary Gottlieb Steen & Hamilton
                          BY: JEFFREY ROSENTHAL, ESQ.
                          BY: JAMES BROMLEY, ESQ.
                          One Liberty Plaza
                          New York, NY   10006
                          (212) 225-2000

ECRO:                     GINGER MACE

Transcription Service:    DIAZ DATA SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

1   two days of openings for allocation.  But we leave it

2   completely to the discretion of the Courts.

3              MR. FINNIGAN:  Your Honor, may I respond?  It

4   seems that my client's name is being taken advantage of but

5   this is a trial where my client's evidence is fact-based.

6   Mr. Rosenthal's client's evidence is expert-based.  He's

7   filed ten expert reports without page limitations, without

8   any of these current limitations.  He has all sorts of

9   evidence for some issues without limitation on the basis of

10  experts or on the basis of deposition transcripts and

11  exhibits.  We're all professionals.  We know how long an

12  Affidavit to put in and we know how long to cross-examine or

13  not cross-examine.  Justice Newbould is absolutely correct

14  in that.  But what we don't want is to be jammed because

15  what happens here is our case is fact-based.  We named five

16  possible witnesses.  The Monitor and Canadian Debtors named

17  six possible witnesses.  These are people who worked for

18  Nortel and had first-hand knowledge, not experts.  The U.S.

19  Debtors, the Bond, and the UCC collectively named four fact

20  witnesses, but showed up with ten expert reports.  You can't

21  put limits on one type of evidence and then put no limits on

22  the other type.  I think the best way to deal with it,

23  frankly, would be we will govern ourselves with knowing that

24  we all have limits on what we can read.  With 150 pages

25  maximum per group that wants to put evidence in, there's