# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Derek C. Abbott
302 351 9357
302 425 4664 Fax
dabbott@mnat.com

March 24, 2014

**VIA HAND DELIVERY**

The Honorable Kevin Gross
United States Bankruptcy Court
for the District of Delaware
824 N. Market St., 6th Floor
Wilmington, DE 19801

Re: *In re: Nortel Networks Inc., et al.*, Case No. 09-10138 (KG)

Dear Judge Gross:

We write on behalf of the U.S. Debtors and the Official Committee of Unsecured Creditors (the "US Interests") in respect of the Amended Order re Allocation Trial Protocol dated March 21, 2014 (the "Amended Order"). While the US Interests recognize the need to move forward toward the fast approaching trial, we wish to bring to the Court's attention an error in the Amended Order with respect to the allocation of trial time in light of the inconsistency between the relief requested by the Canadian Creditors' Committee ("CCC") and the relief granted to the CCC.

First, focusing on the inconsistency, the Court granted additional trial time to the CCC even though the CCC did not request any additional trial time. The CCC's only request was for more pages for written pre-trial submissions than the Court initially ordered (specifically that page limits on briefs be set per Core Party rather than per Allocation Group, and that parties have more pages for affidavits). In addition, we note that the CCC and the Canadian Monitor, on behalf of itself and the Canadian Debtors, advocated that the Canadian Allocation Group have equal time as the US Allocation Group.

In support of the forgoing, we respectfully refer the Court to the following written and oral submissions:

- The Monitor submitted a chart setting forth the parties' respective positions to the Courts prior to the March 12 conference. On page 9 of its submission (excerpts of which are attached as Exhibit A), the Monitor represented its position as "42 hours for each of the US/Bondholder, Canadian and EMEA Allocation Groups," and the CCC's position as "Same as Monitor / Canadian Debtors." The CCC did not dispute this representation prior to or during the March 12 conference.

The Honorable Kevin Gross
March 24, 2014
Page 2

- At the March 12 conference, the CCC spoke only with respect to page limitations and never suggested that its time allocation not be part of the Canadian Allocation Group's time allocation (and equal to the US Allocation Group's time allocation). On the record, unidentified counsel for the Monitor (who we believe was Ms. Kimmel) stated that the CCC's time would come from the Canadian Allocation Group's time pool and expressed concern for the potential for "administrative difficulty" if the Monitor and the CCC had to specifically designate the CCC's time spent on its alternative "pro rata/substantive consolidation" theory. See Tr. 30:2-13 (attached as Exhibit B).

- The CCC's March 20 letter to the Court – which prompted the Amended Order – does not mention the Court's ruling with respect to the allocation of trial time, but rather only addresses page limitations.[1]

The US Interests believe that providing the CCC with 12 additional hours of trial time is prejudicial to the US Interests because as the calendar currently stands, the Canadian Allocation Group would have 60 hours of trial time (48 hours to the group as a whole, plus 12 hours to the CCC) to advance theories directed toward maximizing the recovery of the Canadian Debtors, the EMEA Allocation Group would have 54 hours to advance theories directed toward maximizing the recovery of the EMEA Debtors, and the US Allocation Group would have only 48 hours to advance theories directed toward maximizing the recovery of the US Debtors (with those 48 hours being shared with the Bondholder Allocation Group, which has an interest in recovery to both the US Debtors and Canadian Debtors). We respectfully submit that this disparity is unfair given that the US Debtors are the only estates whose recovery would suffer from the Court's adoption of the pro rata/substantive consolidation allocation theory (while they disagree with the theory, should such theory succeed, the Canadian and EMEA Debtors would both receive a greater recovery at the expense of the US Debtors). Therefore, at a minimum, any additional time for the CCC to separately advance its secondary theory (the Canadian Debtors and CCC share the same primary theory) should result in equal time for the US Allocation Group to oppose it.[2]

---

[1]  These positions are consistent with the CCC's objection at the January 29, 2014 conference to the proposal that the Bondholders be allocated 15 minutes for opening statements in addition to any time allocated to the US Allocation Group, arguing that "[i]t's about treating all the Creditor interests equally. If we all had to work within three allocation groups, including the Noteholders, that would be fine." Tr. 21:4-7.

[2]  At the March 12 hearing, only the UK Pension Claimants sought an independent allocation of time from its Group and as a result, in its initial order, the Court granted the EMEA Allocation Group six hours more than the Canadian Allocation Group and the US Allocation Group. Unlike the CCC and the Canadian Monitor and Debtors – which share a primary theory – the UK Pension Claimants and EMEA Debtors have expressed their intent to challenge each other's fact witnesses and experts through cross examination.

The Honorable Kevin Gross
March 24, 2014
Page 3

      Separately, we note that as a result of the additional 12 hours being granted to the CCC, the Amended Order now allots 162 hours of trial time, which would be 27 days at 6 hours per day; the Amended Order, however, still provides that the allocation trial will be 25 trial days and attaches a calendar listing those 25 trial days.

      The US Interests thank the Court for its attention to this matter and are available for a phone conference with the Court, if there are any questions or concerns.

                                     Respectfully submitted,

                                     Derek Abbott/acc

                                     Derek C. Abbott

cc:    All Core Parties (via email)

8111113.1