**MONZACK MERSKY MCLAUGHLIN AND BROWDER, P.A.**
ATTORNEYS AT LAW
1201 NORTH ORANGE STREET
SUITE 400
WILMINGTON, DE 19801-1155

(302) 656-8162
FACSIMILE: (302) 656-2769

WWW.MONLAW.COM

MELVYN I. MONZACK
RACHEL B. MERSKY
BRIAN J. MCLAUGHLIN
MARY ELIZABETH M. BROWDER
MICHAEL C. HOCHMAN

March 28, 2014

Chief Judge Kevin Gross
United States Bankruptcy Court for the District of Delaware
824 North Market Street
6th Floor
Wilmington, DE 19801

**RE:   Motion of Ad Hoc Committee of Canadian Employees Terminated Pre-Petition For Allowance to File Claims After the Bar-Date, C.A. 09-10138-KG**

Dear Judge Gross:

We write on behalf of our client, the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition, regarding the above matter. On March 27, 2014, the Ad Hoc Committee filed a supplemental brief in support of its Motion for Allowance to File Claims after the Bar Date (the "Motion") and re-noticed the hearing for April 22, 2014 – a scheduled omnibus hearing date. The Debtors have indicated that they oppose scheduling oral argument for the Motion on this date, and regrettably, we are compelled to contact the Court in this regard.

This Motion was originally filed on February 1, 2013. At the request of the Debtors, the Parties stipulated to multiple scheduling orders to allow the Debtors to conduct extensive discovery, which they believed necessary to litigate the Motion. In an effort to bring closure to the issue before the Court as expeditiously as possible, the Ad Hoc Committee timely provided the expansive documents and information requested, and 14 of its members were deposed.

The Debtors have taken the position that despite the discreet issue on which the Ad Hoc Committee's Motion focuses – whether its members may file claims after the Bar Date – the Debtors will be unable to appear for a hearing until after the allocation trial (anticipated to last several weeks) is completed. Respectfully, the Ad Hoc Committee believes that this would constitute unnecessary delay, particularly in light of the fact that many of the issues are undisputed.

Specifically, the Debtors concede that they did not provide actual notice to all but eight of the more than 160 members of the Ad Hoc Committee, and the Ad Hoc Committee denies that

MONZACK MERSKY MCLAUGHLIN AND BROWDER
PROFESSIONAL ASSOCIATION

any member received actual notice. The outstanding issue is limited to whether the Debtors had an obligation to provide actual notice. Similarly, it is undisputed that the Debtors did provide notice by publication, and the outstanding issue is limited to the adequacy/sufficiency of that notice. The Motion questions whether the Debtors provided legally-sufficient notice to the Ad Hoc Committee members, and in the alternative, assuming *arguendo*, they did, seeks a determination of whether there was "excusable neglect" to support the submission of claims after the Bar Date. Factually, this issue has been fully-vetted during the discovery process, and argument should be manageable and very directed. The Ad Hoc Committee anticipates that the hearing could be completed within two (2) hours.

Furthermore, it would seem logical, based on the intensity of the Debtors' Objection to the Ad Hoc Committee's Motion that the Debtors would seek a judicial determination of whether these claims may be included as part of the Debtors' Estate before the Allocation Hearing in May.

The Ad Hoc Committee respectfully requests that this matter proceed without undue delay as scheduled on April 22, 2014, or on such other date as the Court determines appropriate. If this Court feels that this matter requires additional consideration, we are available at the convenience of the Court either in-person or telephonically.

Respectfully submitted,

*Rachel B. Mersky*

Rachel B. Mersky, Esquire (DE ID# 2049)
For Monzack Mersky McLaughlin and Browder, P.A.

Cc: Ann Cordo
Tamara Minott
Deborah M. Buell
Christopher Samis
Kathleen Murphy
Michael Sadowitz
Kevin Capuzzi

{00157758.DOCX; 2}