# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 fax

**Derek C. Abbott**
(302) 351-9357
(302) 425-4664 fax
dabbott@mnat.com

March 31, 2014

<u>**VIA ELECTRONIC FILING AND
HAND-DELIVERY**</u>

The Honorable Kevin Gross
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

        Re:    <u>*In re: Nortel Networks Inc., et al.,*</u> Case No. 09-10138 (KG)

Dear Judge Gross:

        I write in response to the letter filed by the self-titled Ad Hoc Committee of Canadian Employees Terminated Pre-Petition (the "Canadian Employee Group") on March 28 and the Re-Notice of Motion filed on March 27.

        First, the Re-Notice of Motion is in clear violation of the scheduling order entered by this Court on November 26, 2013, which provided that after depositions concluded, counsel were required to meet and confer to discuss what additional discovery the Debtors wished to take prior to a hearing. In spite of this order, and after being advised by the Debtors that we objected to their proposed hearing date, counsel for the Canadian Employee Group unilaterally filed the Re-Notice of Motion without making any effort to meet and confer and knowing that discovery is not yet complete (indeed, we have yet to receive any signed deposition transcripts or errata from any members of the Canadian Employee Group whom we previously deposed).

        Second, as discussed with counsel for the Canadian Employee Group, their proposed April 22 hearing date – just weeks before the allocation trial is scheduled to commence – could hardly come at a more prejudicial time for the Debtors. The focus of the Debtors and the other Core Parties (including the Official Committee of Unsecured Creditors) must be on preparing for the allocation trial. Given that proposal of a plan of reorganization will await the Court's ruling following the allocation trial, there is no urgency that requires the Motion to be heard until after the allocation trial has concluded and the Debtors have had sufficient opportunity to complete discovery and submit our opposition papers.

The Honorable Kevin Gross
March 31, 2014
Page 2

      Finally, contrary to the suggestion made in the Canadian Employee Group's letter to this Court, the determination of the Canadian Employee Group's alleged claims against the Debtors is irrelevant to the conduct of the allocation trial, as the validity and/or quantum of claims against the Debtors' estates are not properly at issue in the allocation trial. The sole issue before the Court in the allocation trial is to determine the value of the assets and rights relinquished by the various Nortel entities in the business and residual IP sales. The Canadian Employee Group's alleged claims can be addressed by this Court promptly following the allocation trial in accordance with the terms of the scheduling order with respect to this matter.

      We disagree with several other points raised in Ms. Mersky's letter, including the Canadian Employee Group's framing of the issues to be decided by the Court. However, rather than responding in further detail at this time regarding our objection to the Re-Notice of Motion, the Debtors request a telephonic conference in order to discuss the scheduling of the Motion.

      Respectfully submitted,

      */s/ Derek C. Abbott*

      Derek C. Abbott

cc:    Rachel B. Mersky (via email)

8129475.1