## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*, | Case No. 09-10138 (KG) |
| | (Jointly Administered) |
| Debtors. | |

**MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 102(1) AND 105(a), FED. R. BANKR. P. 9006 AND BANKR. D. DEL. L.R. 9006-1(e) SHORTENING NOTICE FOR MOTION OF THE MONITOR AND CANADIAN DEBTORS FOR ENTRY OF AN ORDER STRIKING THE EXPERT REPORTS AND TESTIMONY OF DANIEL R. BERESKIN QC AND BRUCE W. STRATTON OR, IN THE ALTERNATIVE, GRANTING LEAVE TO FILE THE EXPERT REPORT OF SHELDON BURSHTEIN IN REBUTTAL TO REPORTS OF <u>DANIEL R. BERESKIN QC AND BRUCE W. STRATTON</u>**

Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") of Nortel Networks Corporation ("**NNC**") and certain of its Canadian direct and indirect subsidiaries (collectively, the "**Canadian Debtors**") in proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), pending before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**" and together with this Court, the "**Courts**"), together with the Canadian Debtors (together, the "**Movants**") hereby move this Court (the "**Motion to Shorten**") for the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "**Proposed Order**"), pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-1(e) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), shortening notice to allow the *Motion of the Monitor and*

*Canadian Debtors for Entry of an Order Striking the Expert Reports and Testimony of Daniel R. Bereskin QC and Bruce W. Stratton or, in the Alternative, Granting Leave to File the Expert Report of Sheldon Burshtein in Rebuttal to Reports of Daniel R. Bereskin QC and Bruce W. Stratton* (the "**Motion to Strike**") to be considered at a joint hearing with the Canadian Court on the date that the Courts determine to hold the pre-trial conference contemplated by the Amended Litigation Schedule. In support of this Motion to Shorten, the Movants respectfully represent as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This Motion to Shorten is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      The Statutory predicates for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1(e).

## RELIEF REQUESTED

3.      By this Motion to Shorten, the Movants respectfully request that the Court enter an order, substantially in the form of the Proposed Order, (i) shortening notice with respect to the Motion to Strike: (ii) scheduling the Motion to Strike to be heard at the joint hearing with the Canadian Court on the date that the Courts determine to hold the pre-trial conference contemplated by the Amended Litigation Schedule; (iii) requiring objections, if any, to the Motion to Strike to be raised at a date set by the Court; and (iv) granting such other relief as may be just and proper.

## BACKGROUND

4.      As set forth more fully in the Motion to Strike, on May 17, 2013, the Court so ordered a litigation timetable (the "**Litigation Timetable**") and discovery plan (the

"**Discovery Plan**") [Dkt. No. 10566].  The Discovery Plan permits Discovery Participants (as defined therein) to file initial and rebuttal expert reports in connection with the pending allocation and claims litigation.  Discovery Plan at 11 ("Each Discovery Participant shall have the right to deliver an affidavit or report from an expert, including a newly identified rebuttal expert, in response to one received by another Discovery Participant . . . .").  The Discovery Plan specifies that "[r]esponsive reports shall be limited to responding to issues on which an affirmative expert report has been proffered and shall not go beyond such issues."  *Id.*

5.     On November 27, 2013, the Court entered its *Order Amending Litigation Schedule in Joint Cross-Border Proceedings to Determine Allocation of Asset Sale Proceeds and Certain Claims*, which modified certain discovery deadlines [Dkt. No. 12522] (the "**Amended Litigation Timetable**").  The Amended Litigation Timetable set the deadline for the exchange of initial expert reports for January 24, 2014, and the deadline for the exchange of expert rebuttal reports for February 28, 2014.  Amended Litigation Timetable, Schedule A at 2.  The Amended Litigation Timetable also set the date of the commencement of the joint trial as May 12, 2014. *Id.*, Schedule A at 3.

6.     On February 28, 2014, Nortel Networks Inc. and certain of its affiliates (together, the "**U.S. Debtors**") and Nortel Networks U.K. Pension Trust Limited and the Board of the Pension Protection Fund (together, the "**U.K. Pension Claimants**") submitted the so-called "rebuttal" reports of Daniel R. Bereskin QC (the "**Bereskin Report**") and of Bruce W. Stratton (the "**Stratton Report**").  The Bereskin and Stratton Reports were served in contravention of the Amended Litigation Timetable and Discovery Plan because the Reports were initial, and not rebuttal, reports and were thus not timely served on January 24, 2014 as required under the Amended Litigation Timetable.

7.    In response to the improperly served Bereskin and Stratton Reports, on March 24, 2014, the Movants served the expert report of Mr. Sheldon Burshtein in reply to the Bereskin and Stratton Reports (the "**Burshtein Report**").

8.    In the Motion to Strike filed contemporaneously herewith, the Movants seek an order striking the improperly served Bereskin or Stratton Reports or, in the alternative, granting leave to file the Burshtein Report.

9.    The Courts has indicated that it intends to hold a joint, pre-trial conference with the Canadian Court between April 21, 2014 and April 28, 2014 [Dkt. No. 13250].

## BASIS FOR RELIEF REQUESTED

10.    Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances.   11 U.S.C § 102(1).   Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.   11 U.S.C. § 105(a).

11.    Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown."  Fed. R. Bankr. P. 9006.

12.    Local Rule 9006-1 requires "all motion papers shall be filed and served . . . at least (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date."   However, Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

13.    The Movants respectfully submit that allowing the relief requested in the Motion to Shorten to be considered on an expedited basis is reasonable and appropriate in the circumstances.  The joint trial in respect of the allocation litigation is scheduled to commence on

May 12, 2014, and it is critical for the parties to know as far in advance as possible which expert reports will be admitted into evidence. While the Amended Litigation Timetable provides that pre-trial motions shall be filed on April 17, 2014, in the event the Court determines that it will not grant the Motion to Strike but will permit the Movants to file the Burshtein Report, the Movants wish to ensure that there is as much time as is possible for scheduling a deposition of Mr. Burshtein in advance of the trial start date.[1] Accordingly, an early determination on the Motion to Strike will ensure that any opposing parties have ample time to depose Mr. Burshtein.

14. Further, the Motion to Strike and the companion application that will be made to the Canadian Court will need to be considered at a joint hearing. The Movants understand that the Courts intend to hold the joint pre-trial conference contemplated by the Amended Litigation Schedule between April 21, 2014 and April 28, 2014. The Movants respectfully submit that in the event the Courts have already determined their availability to conduct a joint proceeding on that date, in the interest of judicial economy and to avoid unnecessary imposition on the Courts busy schedules, the Motion to Strike and the Canadian companion application should be heard on that date. Moreover, the parties have been aware of this dispute since March 24, 2014, and therefore it should not require significant effort to formally respond to the Motion to Strike on an expedited basis.

---

[1] Upon serving the Burshtein report on the Core Parties, the Movants provided dates on which Mr. Burshtein would be available for deposition. As detailed in the Motion to Strike, certain Core Parties indicated they would oppose the admission of the Burstein report and have refused to proceed with a deposition of Mr. Burshtein on a without-prejudice basis notwithstanding repeated offers by the Movants to do so. The Movants remain able and willing to make Mr. Burshtein available for deposition prior to the resolution of the dispute described in the Motion to Strike and submit that there is ample time between now and the commencement of the trial for any such deposition. However, to the extent opposing parties continue to refuse to proceed with a deposition of Mr. Burshtein until such time as there is a determination from this Court that his responding report was properly served, the Movants respectfully submit that any prejudice to such parties' interests caused by the delay in taking Mr. Burshtein's deposition is entirely of their own making and they should not now be heard to complain.

15.     For these reasons, the Movants respectfully submit that allowing the Motion to Strike to be considered on shortened notice is reasonable and appropriate under the circumstances, and the Movants respectfully request that a hearing on the Motion to Strike be held during the joint pre-trial conference contemplated by the Amended Litigation Schedule..

## <u>NOTICE</u>

16.     Notice of this Motion to Shorten has been given via email to (i) the U.S. Trustee and (ii) counsel to the Core Parties.  The Movants submit that under the circumstances no other or further notice is necessary.

[*Intentionally left blank*]

WHEREFORE, the Movants respectfully request that the Court enter an order substantially in the form of the Proposed Order attached hereto as <u>Exhibit A</u> and grant such other and further relief as is appropriate under the circumstances.

Dated: Wilmington, Delaware
      April 11, 2014

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ Kathleen A. Murphy
Mary F. Caloway (No. 3059)
Kathleen A. Murphy (No. 5215)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
kathleen.murphy@bipc.com

-and-

**ALLEN & OVERY LLP**

Jacob S. Pultman
Paul B. Keller
Laura R. Hall
Ken Coleman
1221 Avenue of the Americas
New York, NY  10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
jacob.pultman@allenovery.com
paul.keller@allenovery.com
laura.hall@allenovery.com
ken.coleman@allenovery.com

*Attorneys for Ernst & Young Inc., as Monitor and Foreign Representative of the Canadian Debtors*