## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re

NORTEL NETWORKS INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

## APPLICATION FOR ISSUANCE OF LETTER OF REQUEST, APPOINTMENT OF COMMISSIONER, AND DIRECTION OF SUBMISSION OF HAGUE CONVENTION APPLICATION TO PERMIT PHILIPPE ALBERT-LEBRUN TO GIVE WRITTEN EVIDENCE FOR TRIAL

The court-appointed administrators and authorized foreign representatives (collectively, the "Joint Administrators")[2] of Nortel Networks UK Limited ("NNUK") and certain of its affiliates (collectively, and including NNUK, the "EMEA Debtors")[3] located in the region known as EMEA (Europe, Middle East, and Africa) in proceedings under the Insolvency Act 1986 pending before the High Court of Justice of England and Wales (the "English Court"), respectfully petition the Court for an Order, in the form annexed hereto as Exhibit A, pursuant to

---

1. The debtors in these chapter 11 cases (the "U.S. Debtors") are: Nortel Networks Inc.; Nortel Networks Capital Corporation; Nortel Altsystems Inc.; Nortel Altsystems International Inc.; Xros, Inc.; Sonoma Systems; Qtera Corporation; CoreTek, Inc.; Nortel Networks Applications Management Solutions Inc.; Nortel Networks Optical Components Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; Nortel Networks Cable Solutions Inc.; and Nortel Networks (CALA) Inc. ("NN CALA").

2. The Joint Administrators for all of the EMEA Debtors, with the exception of Nortel Networks (Ireland) Limited, are: Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris. The Joint Administrators for Nortel Networks (Ireland) Limited are: Alan Robert Bloom and David Martin Hughes.

3. The EMEA Debtors are: NNUK; Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks (Ireland) Limited; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding B.V.; Nortel Networks N.V.; Nortel Networks OY; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.A. ("NNSA"); Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; and Nortel Networks, s.r.o.

28 U.S.C. § 1781 and the Hague Convention of March 18, 1970 on Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), issuing Letters of Request, in the form annexed hereto as Exhibit B, directed to the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France (the "Ministère de la Justice"), appointing a Commissioner pursuant to Article 17 of the Hague Convention, and directing submission of the Order and Letter of Request to the Ministère de la Justice.  In support thereof, the Joint Administrators respectfully represent as follows:

## BACKGROUND

1.      On January 14, 2009 (the "Petition Date"), the U.S. Debtors, other than NN CALA, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  NN CALA filed a voluntary petition for relief on July 14, 2009 [D.I. 1098].  The U.S. Debtors' cases are consolidated for procedural purposes only.

2.      Also on the Petition Date, Nortel Networks Corporation and certain of its direct and indirect subsidiaries, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International Corporation (collectively, the "Canadian Debtors") filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors, and Ernst & Young Inc. (the "Monitor") was appointed by the Canadian Court as the monitor and authorized foreign representative of the Canadian Debtors.

3.      On the same date, upon the request of the EMEA Debtors, the English Court placed the EMEA Debtors into administration and appointed the Joint Administrators.

01:15335463.1

4.     On May 28, 2009, NNSA entered secondary insolvency proceedings in the Commercial Court of Versailles and Cosme Rogeau was appointed as the French Liquidator.

5.     Since the Petition Date, the various Nortel affiliates have sold assets related to Nortel's business units and other assets to various purchasers.

6.     Upon the joint motion of the U.S. Debtors and the Official Committee of Unsecured Creditors (collectively, the "U.S. Interests"), this Court on April 3, 2013 entered an Order Approving Allocation Protocol [D.I. 9947] and an associated Opinion [D.I. 9946] determining, *inter alia*, that the allocation among the U.S. Debtors, Canadian Debtors, and EMEA Debtors of proceeds from the asset sales (the "Allocation Dispute") would be decided in joint hearings before the Court (Case No. 09-10138(KG)) and the Canadian Court (Court File No.: 09-CL-7950) (collectively, the "Courts"). The Allocation Protocol also contemplated that the Court and the Canadian Court would resolve by joint hearings claims against the U.S. Debtors and Canadian Debtors brought by the EMEA Debtors, certain affiliates of the EMEA Debtors, and the French Liquidator (the "EMEA Claims"), and additional claims (the "U.K. Pension Claims") brought by the Nortel Networks UK Pension Trust Limited, as trustee of the Nortel Networks UK Pension Plan, and the Board of the Pension Protection Fund, a privately funded insurer (the "U.K. Pension Claimants"). *See* Order Approving Allocation Protocol ¶ 4.

7.     The Canadian Court issued an Endorsement on April 3, 2013 to the same effect.

8.     The EMEA Debtors and U.K. Pension Claimants subsequently settled the EMEA Claims and U.K. Pension Claims against the U.S. Debtors. As a result, the EMEA Claims and U.K. Pension Claims are no longer before the Court, but remain before the Canadian Court.

9.      On May 17, 2013, the Court entered (i) the Order Entering Allocation Protocol [D.I. 10565], in which the Court specified certain procedures to be used for resolving the Allocation Dispute, EMEA Claims, and U.K. Pension Claims, and (ii) the Order Approving Litigation Timetable and Discovery Plan dated May 17, 2013 [D.I. 10566], setting parameters and deadlines for preparations for the joint hearings.

10.     On August 26, 2013, the Court entered an Order Modifying Scheduling Orders in Joint Cross-Border Proceedings to Determine Allocation of Asset Sale Proceeds and Certain Claims [D.I. 11437], which moved the commencement of the joint hearings to a date on or after March 31, 2014 and modified various pre-trial deadlines.  The Canadian Court entered a corresponding order on August 27, 2013.

11.     On October 18, 2013, the Court entered an Order [D.I. 11967] moving the commencement of the joint hearings to a date on or after April 1, 2014.

12.     On November 27, 2013, the Court entered an Order Amending Litigation Schedule in Joint Cross-Border Proceedings to Determine Allocation of Asset Sale Proceeds and Certain Claims [D.I. 12522], which moved the commencement of the joint hearings to May 12, 2014 and modified various pre-trial deadlines.  The Canadian Court entered a corresponding order on December 3, 2013.

13.     On January 24, 2014, the U.S. Debtors filed with the Court a proposed Joint Trial Protocol that was agreed among all parties in this case [D.I. 12863].  The Joint Trial Protocol required that the parties disclose on March 31, 2014 the names of fact witnesses from whom they would submit affidavits in connection with the joint hearings.

14.     On March 31, 2014, in accordance with the Joint Trial Protocol, the Joint
Administrators disclosed to all parties that they expected to submit an affidavit from Philippe
Albert-Lebrun, a former Nortel employee, regarding evidence material to the Allocation Dispute.

15.     Mr. Albert-Lebrun is a French national, residing in France, who has been
willing at all times to provide evidence voluntarily in this matter.  He was deposed in this case on
November 21 and 22, 2013.  Prior to his deposition, the Joint Administrators were advised that
French law prohibits French nationals from giving evidence to be used in foreign proceedings
unless that evidence is obtained through the Hague Convention and a French Commissioner is
appointed to oversee the taking of evidence.  The Joint Administrators were further advised that
this prohibition applied even if a French national consented to give evidence on a voluntary
basis.

16.     On October 15, 2013, consistent with this advice, the Joint Administrators
sought from the Court an Order for Issuance of Letters of Request, Appointment of
Commissioner, and Direction of Submission of Hague Convention Application [D.I. 11888] to
allow Mr. Albert-Lebrun and other French witnesses to provide deposition testimony in this case.
The Court issued the Order on October 16, 2013 [D.I. 11900].  The Order (i) appointed
Alexander B. Blumrosen, Avocat au Barreau de Paris, Bernard-Hertz-Béjot, 8, rue Murillo,
75008 Paris, France, as the Commissioner under Chapter II of the Hague Convention; (ii) signed
Letters of Request for authorization for Mr. Albert-Lebrun and others to provide deposition
testimony; and (iii) directed the Joint Administrators to transmit the signed Letters of Request
and Order to the Commissioner for forwarding, along with French translations, to the Ministère
de la Justice.  The Ministère de la Justice authorized Mr. Albert-Lebrun's deposition by letter
dated November 6, 2013.

17.     It now appears that French law may arguably require authorization from the Ministère de la Justice in order for Mr. Albert-Lebrun to submit an affidavit for use at trial. The Joint Administrators make the present application to allow them to obtain such authorization.

18.     By letter dated April 11, 2014, the Joint Administrators advised all parties in this case that they would seek an order to appoint a Commissioner and issue a Letter of Request to the Ministère de la Justice to authorize Mr. Albert-Lebrun to give evidence in connection with the trial.

## RELIEF REQUESTED

19.     By this Application, the Joint Administrators hereby request that the Court issue an Order in the form attached hereto as Exhibit A:

a.      Appointing Alexander B. Blumrosen, pending the approval of the Ministère de la Justice, as the Commissioner to oversee the taking of evidence in connection with the above-captioned action;

b.      Providing for the Court to sign the Letter of Request and affix the seal of the United States Bankruptcy Court for the District of Delaware over said signature in the Letter of Request; and

c.      Requiring that the Clerk of the Bankruptcy Court return the original, signed Letter of Request and Order to John T. Dorsey and Jaime Luton Chapman of Young Conaway Stargatt & Taylor, LLP, who will request the Commissioner to file the documents, along with corresponding French translations, with the Ministère de la Justice, Direction des Affaires

01:15335463.1

6

Civiles et du Sceau, Bureau de l'entraide civile et commerciale

internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France.

The Joint Administrators seek the requested relief so that they may obtain evidence material to

the resolution of the Allocation Dispute.

20.    As more fully detailed in the Letters of Request, Mr. Albert-Lebrun was

employed by NNSA in various capacities from February 1997 to March 2012, namely Assistant

Treasurer (1997-99), Treasurer (1999-2001), European Treasury (2001-03), Financial Controller

(2003-07), EMEA Controller (2007-11), and part-time consultant to Nortel (2011-12).  Mr.

Albert-Lebrun has previously given deposition testimony in this case that is material to the

Allocation Dispute.  The Joint Administrators wish to rely upon written, affidavit evidence from

Mr. Albert-Lebrun at trial.

21.    The Joint Administrators have considered the requirements of the

Republic of France in respect of the Letter of Request, including the form in which the Letter of

Request should be presented to the Ministère de la Justice and its permissible content.  The Joint

Administrators believe that the Letter of Request is consistent with these requirements, as

contained in the Decree No. 75-250 of April 9, 1975 and the French Code of Civil Procedure

Articles 736-748.  The Joint Administrators respectfully request that the Court issue the Letter of

Request on this basis.

22.    The Joint Administrators request that, after the Court has signed the Letter

of Request, it be made available to John T. Dorsey and Jaime Luton Chapman of Young

Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington,

Delaware 19801, for forwarding to the Commissioner and the Ministère de la Justice.

WHEREFORE, the Joint Administrators respectfully request that the Court enter the attached form of Order (i) appointing Alexander B. Blumrosen, pending the approval of the Ministère de la Justice, as the Commissioner to oversee the taking of evidence in connection with the above-captioned action; (ii) providing for the Court to sign the Letter of Request and affix the seal of the United States Bankruptcy Court for the District of Delaware over said signature in the Letter of Request; (iii) directing that the Clerk of the Bankruptcy Court make available the original, signed Letter of Request and Order to John T. Dorsey and Jaime Luton Chapman of Young Conaway Stargatt & Taylor, LLP, so that said documents may be transmitted to the Ministère de la Justice; (iv) directing counsel for the Joint Administrators to transmit the original, signed Letters of Request and Order to the Commissioner for forwarding, along with French translations, to the Ministère de la Justice; and (v) granting such other relief as the Court deems just and proper.

Dated: Wilmington, Delaware
        April 15, 2014

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/  Jaime Luton Chapman
Edwin J. Harron (No. 3396)
John T. Dorsey (No. 2988)
Jaime Luton Chapman (No. 4936)

Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  302-571-6600
Fax:  302-571-1253

– and –

01:15335463.1

HUGHES HUBBARD & REED LLP

Derek J.T. Adler
Neil J. Oxford
Fara Tabatabai
Charles H. Huberty

One Battery Park Plaza
New York, New York 10004
Telephone:  212-837-6000
Fax:  212-422-4726

– and –

HERBERT SMITH FREEHILLS LLP

John Whiteoak
James Norris-Jones
Exchange House
Primrose Street
London EC2A 2EG
Telephone:  +44 20 7374 8000
Fax:  +44 20 7374 0888

*Counsel for the Joint Administrators*