# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
:
:                                Chapter 11
:
*In re*                          :
:                                Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]  :
:                                Jointly Administered
              Debtors.           :
:                                **Re: Docket No. 13319**
:
:
-------------------------------------------------------X

**OBJECTION TO MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 102(1) AND 105(a), FED. R. BANKR. P. 9006 AND BANKR. D. DEL. L.R. 9006-1(e) SHORTENING NOTICE FOR MOTION OF THE MONITOR AND CANADIAN DEBTORS FOR ENTRY OF AN ORDER STRIKING THE EXPERT REPORTS AND TESTIMONY OF DANIEL R. BERESKIN QC AND BRUCE W. STRATTON OR, IN THE ALTERNATIVE, GRANTING LEAVE TO FILE THE EXPERT REPORT OF SHELDON BURSHTEIN IN REBUTTAL TO REPORTS OF <u>DANIEL R. BERESKIN QC AND BRUCE W. STRATTON</u>**

Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), and the Official Committee of Unsecured Creditors (the "<u>Committee</u>," and together with the Debtors, the "<u>US Interests</u>"), hereby object (the "<u>Objection</u>") to the Motion for Entry of an Order Under 11 U.S.C. §§ 102(1) and 105(a), Fed. R. Bankr. P. 9006 and Bankr. D. Del. L.R. 9006-1(e) Shortening Notice for Motion of the Monitor and Canadian Debtors for Entry of an Order Striking the Expert Reports and Testimony of Daniel R. Bereskin QC and Bruce W. Stratton or, in the Alternative, Granting Leave to File the Expert

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. ("<u>NNI</u>") (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. ("<u>NN CALA</u>") (4226), (collectively the "<u>Debtors</u>").  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Report of Sheldon Burshtein in Rebuttal to Reports of Daniel R. Bereskin QC and Bruce W. Stratton, dated April 11, 2014 [D.I. 13319] (the "Motion to Shorten"), filed by Ernst & Young Inc., the court-appointed monitor (the "Monitor") of Nortel Networks Corporation ("NNC") and certain of its Canadian direct and indirect subsidiaries (the "Canadian Debtors"), together with the Canadian Debtors (together, the "Movants").  In support of this Objection, the US Interests respectfully state as follows:

## PRELIMINARY STATEMENT

1.      The US Interests respectfully submit that there are no exigent circumstances requiring the Motion to Shorten.  While the US Interests too would have liked the underlying issues raised by the Motion of the Monitor and Canadian Debtors for Entry of an Order Striking the Expert Reports and Testimony of Daniel R. Bereskin QC and Bruce W. Stratton or, in the Alternative, Granting Leave to File the Expert Report of Sheldon Burshtein in Rebuttal to Reports of Daniel R. Bereskin QC and Bruce W. Stratton, dated April 11, 2014 [D.I. 13317] (the "Motion to Strike") to have been raised and then resolved promptly, the delay here was caused by the Movants.  It is not reasonable, in the face of the Movants' delay, to force the US Interests to file a substantive response to the underlying Motion to Strike by this Thursday, April 17, which is the date that the US Interests understand they would have to file the response in time for their opposition brief to be read by the Courts prior to the April 22 pre-trial conference, when the Monitor proposes that the Motion to Strike be heard.  This untenable timeline is, in part, because Friday, April 18 and Monday, April 21 are Court holidays in Toronto.  The Motion to Shorten is particularly inappropriate and causes a needless distraction given that all parties, including the US Interests, are busy preparing for the trial in this matter that is now less than four weeks away.

2.      The following facts are undisputed:

2

- Movants' primary requested relief is that the US Interests' expert report of Daniel Bereskin (along with the UK Pension Claimants' ("UKPC") expert report of Bruce Stratton) be struck. The schedule for such a motion, however, is already the subject of a Court-approved trial protocol providing the US Interests until April 25 to respond;

- Movants assert that they engaged Mr. Burshtein "immediately" after the Bereskin and Stratton reports were served on February 28. Movants claim they did so because they believed at that time that the Bereskin and Stratton reports were objectionable. However, Movants then waited *six weeks* to file the Motion to Strike and their request for the Courts to accept their tardy report of Mr. Burshtein as their alternative relief in the motion to strike;

- While Mr. Burshtein was working on his report and Movants had already formed the intent to move to strike the Bereskin and Stratton reports, Movants failed to disclose their intentions to the US Interests or seek judicial guidance before expert depositions began, but instead scheduled Mr. Bereskin's deposition without objection; and

- Six weeks after receiving Messrs. Bereskin's and Stratton's reports and *two and a half weeks* after purporting to serve Mr. Burshtein's report (upon the receipt of which the US Interests and the UKPC immediately and timely told Movants they would not consent to the entry of such report), Movants waited until just before 10:00 pm on Friday night, April 11, to file their Motion to Strike and seek an expedited hearing. The Movants then waited until after business hours on Monday evening (during the Passover holiday) to make their companion Canadian filing (which contained new authority and new arguments as compared to the motion filed with the U.S. Court), which sought to compel the US Interests to respond on the merits in less than 72 hours given the Court closures this coming weekend.

3.      These circumstances compel the denial of the Motion to Shorten. The Courts should set a workable schedule that provides the US Interests a reasonable amount of time to file its response to the underlying motion to strike. As an accommodation, were it possible for the Courts to review the US Interests' substantive response if filed on Monday afternoon, April 21 (recognizing that this is a Court holiday in Toronto), then the US Interests could file their substantive response to the motion to strike in the afternoon that day and the hearing could still occur on April 22 as the Movants requested. In the alternative, the Courts could schedule a joint hearing on the motion at a mutually convenient time thereafter and permit the US Interests to file

their opposition the preceding day.  In all circumstances, the US Interests will have considerably less time (and at a far more critical time for trial preparation) to prepare their response than the six weeks the Movants took to file their Motions.

## OBJECTION

4.      The Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") provide that the requisite notice period for the hearing on a motion may be shortened, but only upon "written motion (served on all interested parties) specifying the *exigencies justifying shortened notice*."  Del. Bankr. L.R. 9006-1(e) (emphasis added).  There is no such exigency here.

5.      On January 8, 2014, the Core Parties all disclosed potential expert witnesses in accordance with the Litigation Timetable previously entered by the Courts.

6.      On January 24, 2014, the Core Parties served opening expert reports.

7.      Movants submitted reports from several experts concerning the Master Research & Development Agreement ("MRDA"), a key contract at issue in this this litigation.  Certain of Movants' experts purported to opine on their interpretation of the MRDA.  On February 28, 2014, the US Interests then rebutted Movants' experts' opinions about their interpretations of the MRDA with custom & practice expert evidence (Bereskin) while UKPC elected to rebut them with a Canadian legal opinion (Stratton).  It is self-evident that any expert may rebut the testimony of another expert by presenting a different perspective.  As the US Interests will demonstrate in their substantive response to the Motion to Strike, the US Interests had every right to offer an expert on custom & practice or Canadian law to rebut the testimony of Movants' economists about how they interpret the MRDA.

8.    Movants assert that "upon receipt of the Bereskin and Stratton Reports, the Movants *immediately* retained Mr. Burshtein as a responsive expert." Id. ¶ 4 (emphasis added). [2] They did not advise the US Interests at this time of their intention to move to strike Mr. Bereskin's report, nor did they advise the UKPC of their intention to move to strike Mr. Stratton's report.  Further, the Movants did not raise any concerns regarding these reports as purportedly improper rebuttal reports or otherwise with the Courts two weeks later at the March 12 joint pre-trial conference.  Nor did they advise of their intention to seek to introduce a tardy sur-rebuttal report from Mr. Burshtein not contemplated by the relevant scheduling orders in the event that the Bereskin and Stratton reports were not stricken.  Instead, Movants scheduled Messrs. Bereskin's and Stratton's depositions.

9.    On March 24, 2014, the Movants for the first time brought their objections to the reports of Messrs. Bereskin and Stratton to the attention of the US Interests.  The Movants stated that it was their "inten[tion] at the appropriate time to request that the Courts exclude these reports."  The Movants simultaneously served the untimely sur-rebuttal report of Mr. Burshstein. The next day, the US Interests, the UKPC, and the EMEA Debtors all objected and took the position that Mr. Burshtein's report was too late and an inappropriate sur-rebuttal, and that if the Movants wished to introduce the report they would need to file a motion seeking the Courts' approval.  See attached Letter from Sheila Block to Peter Ruby (Mar. 25, 2014); Letter from Matthew P. Gottlieb to Peter Ruby (Mar. 25, 2014); Letter from John L. Finnigan to Peter Ruby (Mar. 25, 2014).

---

[2]    Movants have refused to reveal when they first contacted Mr. Burshtein, only disclosing that they formally retained him immediately after receipt of Messrs. Bereskin's and Stratton's reports in February.  At a minimum, they sat on their hands for six weeks from February 28 until filing their Motion to Strike on April 11.  Movants were aware that Messrs. Bereskin and Stratton were designated as potential experts on January 8.  Motion to Strike ¶¶ 2, 21, 29.  If they contacted Mr. Burshtein promptly after the January 8 disclosures, they will have lied in wait for more than three months.

10.     The Movants replied by letter on March 30, 2014, stating their intention to make a motion with respect to the reports of Messrs. Bereskin and Stratton and Mr. Burshtein.  See attached Letter from Peter Ruby to the Core Parties Service List (Mar. 30, 2014).  The UKPC responded by letter on April 9, 2014, and the US Interests by e-mail on April 10, 2014, stating that the reports of Messrs. Bereskin and Stratton are proper rebuttal reports and that the Burshtein report is inadmissible, and stating their opposition to the Movants' delay in making their motion to strike.  See attached Letter from John L. Finnigan to the Core Parties Service List (Apr. 9, 2014); E-mail from Inna Rozenberg (Apr. 10, 2014).

11.     The Movants nonetheless waited until 9:45 p.m. on Friday, April 11 – *two and a half weeks* after stating their intention to file a motion to strike "at the appropriate time" and *six weeks* after being served with the Bereskin and Stratton rebuttal reports – to serve on the US Interests their Motion to Strike, with the alternative relief of seeking leave to file Mr. Burshtein's report, along with the accompanying motion to shorten time.

12.     The Motion to Strike stated that the Movants intended to "also file a companion application before the Canadian Court requesting similar relief."  That application was not served on the US Interests until the evening of Monday, April 14, and it contains substantial additional material that was not included in the motion filed in the U.S. Court and served on the US Interests on April 11.

13.     After nearly seven weeks of delay, the Movants now urge that the notice period must be shortened because the joint trial on allocation is scheduled to begin on May 12, 2014, and it is "critical for the parties to know as far in advance as possible which expert reports will be admitted into evidence."  Motion to Shorten ¶ 13.  The US Interests agree with the Movants that it is important to know which expert reports will be admitted into evidence, and that is why

it is all the more troubling that the Movants did not raise the issue of wishing to file Mr. Burshtein's report back in early March.

14.     Indeed, Mr. Burshtein was apparently working on his sur-rebuttal report and the parties were preparing for the commencement of expert depositions (which started on March 17) when the parties appeared before the Courts on March 12 for a pre-trial conference to discuss, among other issues, the trial protocol.  Despite Movants' statements that they formed the view that Messrs. Bereskin's and Stratton's reports were improper immediately upon receiving the reports on February 28, and Movants' belief that the Bereskin and Stratton reports justified the significant modification to the Discovery Plan that the Movants now seek in the alternative (*i.e.*, the admission of an untimely sur-rebuttal report to the great prejudice of the US Interests), Movants sat silently at the March 12 joint pre-trial conference.  The Movants only revealed their intentions on March 24 when their untimely sur-rebuttal report was complete.[3]

15.     The Joint Trial Protocol provides that pre-trial motions are due on April 17, responses are due on April 25 and replies due on May 2.  In other words, the parties agreed – and the Courts ordered – that the US Interests would have until April 25 to oppose motions seeking to exclude their evidence.  This was part of a carefully balanced schedule – as described in the chart below.  Last week the parties had their hands full with deposition designations, witness affidavits and the exchange of exhibit lists.  This week, with resources constrained due to religious holidays, the parties would focus on their preparation of their own motions.  Next week

---

[3]     Even though its contents are entirely irrelevant to the Motion to Shorten and the Motion to Strike, the US Interests note that while Movants improperly submitted the proposed Burshtein Report to both Courts in the apparent hope it will be reviewed irrespective of admissibility, Movants themselves do not even contend that the Burshtein Report would be admissible in the Canadian Court even were it timely filed.  In their substantive response to the Motion to Strike, the US Interests will demonstrate why the late filing of the Burshtein Report should not be permitted in the U.S. Court either.

would be the time to prepare oppositions to those motions, deposition objections and counter-designations and reply affidavits.

| Date | Major Deadlines |
|---|---|
| Friday, April 11 | • Exchange of fact witness affidavits<br>• Deposition designations due<br>• Initial trial exhibit lists due |
| Thursday, April 17 | • Pre-trial motions due<br>• Expert deposition designations due |
| Friday, April 25 | • Responses to pre-trial motions<br>• Exchange of reply fact witness affidavits<br>• Objections to initial fact witness deposition designations and counter-designations<br>• Initial supplemental designations responsive to affidavit testimony<br>• Objections and counter-designations on expert testimony<br>• Objections to exhibit designations and supplemental designations |
| Tuesday, April 29 | • Objections to counter-designations and initial supplemental designations for fact witness depositions<br>• Final supplemental designations responsive to reply affidavits<br>• Counter-designations to initial supplemental designations |
| Wednesday, April 30 | • Objections to counter-designations on expert testimony<br>• Objections to supplemental exhibit designations |
| Thursday, May 1 | • Objections to final supplemental designations and counter-designations to initial supplemental designation for fact witness depositions<br>• Counter-designations to final supplemental designations |
| Friday, May 2 | • Serve and file pre-trial briefs<br>• Replies on pre-trial motions<br>• File joint pre-trial orders |
| Monday, May 5 | • Objections to further counter-designations for fact witnesses |

16.     With their delay, Movants now attempt to disrupt the negotiated pretrial schedule and prejudice the US Interests' preparation for trial.  The primary relief they seek is to strike Messrs. Bereskin's and Stratton's reports.  The negotiated and court-approved response date for that motion is April 25.  While it would have been different had Movants brought this issue to

the parties' and Court's attention in early March– when it first arose – or at the March 12 court conference at the latest, seeking to shorten the US Interests' response time at this late stage is unfair and prejudicial, particularly if the US Interests' response would be due this Thursday, April 17.   Movants elected to wait six weeks so they could first prepare a sur-rebuttal in clear violation of the carefully negotiated and Court-approved applicable protocols.  The consequences of that decision, and the compromises that need be made in trial preparation to respond "off-schedule" should not fall upon the US Interests.

17.     Well before Movants served their Motion to Shorten at 9:45pm Friday night, the Courts scheduled the next pre-trial conference for Tuesday, April 22.  As noted, the Canadian Court is closed for holidays from Friday, April 18 through Monday, April 21.  Therefore, at the time they made their request late Friday night, Movants were aware that the relief they sought would force the US Interests to respond to the Motion to Strike by Thursday, April 17.  Compounding the prejudice to the US Interests, Movants did not file their voluminous Canadian submission until after business hours Monday evening, effectively seeking to give the US Interests two days to drop everything else and prepare their opposition after Movants waited at least six weeks to file their motion in the first place.[4]

## CONCLUSION

The Motion to Shorten should be denied and the US Interests' response to the Motion to Strike should be due on April 25, as contemplated by the Joint Trial Protocol. Alternatively, to the extent the Court desires to hear the Motion to Strike at the April 22 conference, the US Interests request that the deadline for filing the Objection to the Motion to

---

[4]     Incidentally, the Motion to Shorten claims that expert depositions are ongoing, but that is untrue.  Three experts were deposed after the April 4 deadline – one witness whose date was rejected by the CCC because it overlapped with their expert, one expert who initially refused to testify and one expert who had a death in the family.

Strike be set for 5:00 p.m. on April 21.  The US Interests recognize that the Canadian Court is

closed that day (and the three preceding days) and that some accommodation may be needed to

ensure that the Canadian Court has an opportunity to review the Objection prior to the hearing.

To the extent the Courts wish to schedule a hearing on the Motion to Strike on a day other than

April 22, the US Interests request that their response to the Motion to Strike be due at 5:00 p.m.

the day before the scheduled hearing.


Dated:  April 15, 2014
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard S. Zelbo (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Jeffrey A. Rosenthal (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
Neil P. Forrest (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

      - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*

      - and -

AKIN GUMP STRAUSS HAUER & FELD LLP

Fred Hodara (admitted *pro hac vice*)
David Botter (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

     - and -

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Christopher M. Samis*
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile: (302) 651-7701

*Counsel for the Official Committee
of Unsecured Creditors*