**EXHIBIT D**

# Goodmans LLP

Barristers & Solicitors

Bay Adelaide Centre
333 Bay Street, Suite 3400
Toronto, Ontario M5H 2S7

Telephone: 416.979.2211
Facsimile: 416.979.1234
goodmans.ca

Direct Line: 416.597.4184
pruby@goodmans.ca

March 30, 2014

**Via Email**

TO:   THE CORE PARTIES SERVICE LIST

Dear Counsel:

**RE:   Nortel Networks Corporation, et. al.:  Burshtein Report**

We received, on March 25, 2014, correspondence on behalf of the US Debtors, the EMEA Debtors and UKP, taking the position that the Burshtein Report should not be admitted or filed.

We note that it is the US Debtors and UKP that did not follow the negotiated expert report timetable.  As noted in our letter of March 24, 2014, those parties did not deliver reports from Messrs Bereskin or Stratton on January 24, 2014.  The reports delivered by them on February 28, 2014 are not Rebuttal Reports, which were the only reports to be delivered on February 28, 2014.

According to Mr. Finnigan's letter, "Mr. Stratton's report is submitted to provide expertise on Canadian law to the US Bankruptcy Court."  Since there was no initial report purporting to be an expert report on Canadian law for the US Bankruptcy Court, the Stratton Report is clearly not a "rebuttal."  The same is true of Mr. Bereskin's Report.

Further, Ms. Block's letter also says that a "report on domestic Canadian law" is inadmissible in a Canadian Court.  Clearly Mr. Bereskin's report and Mr. Stratton's report would be inadmissible by the standard Ms. Block herself articulates.

The Bereskin and Stratton Reports came as a complete surprise to the Monitor on February 28, 2014.  Reports which are asserted to be inadmissible in the Canadian Court by those propounding them and which are not responsive to any Initial Reports were clearly not expected to be delivered as "rebuttal" reports.  Despite being surprised by these reports, and reserving all its rights, the Monitor, in less time than provided for rebuttal reports, arranged for the preparation of and served the Burshtein Report.  It did so given that evidentiary and inadmissibility rulings have been deferred and given that it appears, despite the assertions of inadmissibility, that UKP and the US Debtors intend to try to make use of Stratton and Bereskin Reports; depending on their admissibility rulings, the Courts should have the benefit of a full record on the Canadian law topic.

# Goodmans LLP

With respect to the now passed depositions of Messrs. Malackowski and Reichert, neither is a lawyer and neither could offer a Canadian law interpretation of the MRDA. Their depositions are not relevant to the issue addressed in the March 25 letters. Mr. Bereskin had a fair opportunity to consider the Burshtein Report before his deposition and we note in this regard that the US Debtors did not seek to postpone his deposition.

Important differences exist between the steps taken in the Claims Proceeding with respect to what the UKP calls "sur-reply" expert reports and the present situation. The references to the Claims Proceeding arrangements in the March 25 correspondence is decidedly off-point.

The Monitor intends to make a motion with respect to the Bereskin, Stratton and Burshtein Reports. While reserving all its rights, the Monitor continues to be willing to make Mr. Burshtein available to be deposed on a convenient date in the next few weeks. He would be deposed under reservation of rights (as all witnesses are deposed). Any party that chooses not to depose him makes that choice at its own peril.

Yours truly,

GOODMANS LLP

Peter Ruby
PDR/umr

6312068