**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------- x
In re:                                   :   Chapter 11
                                         :
                                         :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹           :
                                         :   Jointly Administered
                    Debtors.             :
                                         :
                                         :   Re: Docket No. 13319
------------------------------------------------- x
```

**OBJECTION OF THE UK PENSION CLAIMANTS TO MOTION BY THE
MONITOR AND CANADIAN DEBTORS TO SHORTEN NOTICE WITH
RESPECT TO MOTION TO STRIKE THE EXPERT REPORTS AND
TESTIMONY OF DANIEL R. BERESKIN QC AND BRUCE W. STRATTON
OR, IN THE ALTERNATIVE, GRANTING LEAVE TO FILE THE EXPERT
REPORT OF SHELDON BURSHTEIN**

Nortel Networks UK Pension Trust Limited (the "Trustee") and the Board of the Pension

Protection Fund (the "PPF," and together with the Trustee, the "U.K. Pension Claimants"),

hereby object (the "Objection") to the *Motion For Entry Of An Order Under 11 U.S.C. §§ 102(1)*

*And 105(a), Fed. R. Bankr. P. 9006 And Bankr. D. Del. L.R. 9006-1(e) Shortening Notice For*

*Motion Of The Monitor And Canadian Debtors For Entry Of An Order Striking The Expert*

*Reports And Testimony Of Daniel R. Bereskin QC And Bruce W. Stratton Or, In The Alternative,*

*Granting Leave To File The Expert Report Of Sheldon Burshtein In Rebuttal To Reports Of*

*Daniel R. Bereskin QC And Bruce W. Stratton*, dated April 11, 2014 [D.I. 13319] (the "Motion to

Shorten") filed by the Monitor of Nortel Networks Corporation (the "Monitor") and certain of its

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number,
are: Nortel Networks Inc. (6332) ("NNI"), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
(9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
(0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) ("NN CALA").

Canadian direct and indirect subsidiaries (collectively, the "Canadian Debtors") in proceedings

under Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended,

pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court").

In support of this Objection, the U.K. Pension Claimants, by and through their undersigned

counsel, respectfully state as follows:

1.        Both the Motion to Shorten and the underlying Motion to Strike[2] the rebuttal

expert report of  Bruce W. Stratton (the "Stratton Rebuttal Report") or, in the alternative, leave to

file a purported "reply" report of Sheldon Burshtein lack merit and should be denied.  The U.K.

Pension Claimants will address the myriad substantive flaws in the Motion to Strike in a separate

filing.  The focus of this Objection is the Motion to Shorten.  Simply put, the Monitor and

Canadian Debtors have not come close to meeting their heavy burden of justifying an expedited

schedule for resolution of their belated (and blatantly tactical) Motion to Strike.[3]

2.        The Monitor and Canadian Debtors concede that they were served with the

allegedly "improper" Stratton Rebuttal Report on February 28, 2014, the deadline for rebuttal

reports set forth in the litigation schedule approved by this Court and the Canadian Court in

November 2013 [D.I. 12522].  (Mot. to Shorten ¶¶ 5-6.)  Although the Monitor and Canadian

Debtors now contend that it is "critical" for the parties to have an "early determination" of the

issues raised by their Motion to Strike (*id.* ¶ 13), they offer no explanation as to why they chose

---

[2]  *Motion of the Monitor and Canadian Debtors for Entry of an Order Striking the Expert Reports and Testimony of Daniel R. Bereskin QC and Bruce W. Stratton or, in the Alternative, Granting Leave to File the Expert Report of Sheldon Burshtein in Rebuttal to Reports of Daniel R. Bereskin QC and Bruce W. Stratton*, dated April 11, 2014 [D.I. 13317].

[3]  The Monitor and Canadian Debtors' Motion To Strike also seeks an order striking the rebuttal expert report of Daniel R. Bereskin QC submitted on behalf of the U.S. Debtors.  The U.K. Pension Claimants understand that the U.S. Debtors object to the Motion to Shorten, and we join and incorporate herein the arguments set forth in the U.S. Debtors' objection.

to wait *six weeks* before bringing that motion.   That lack of diligence alone is a sufficient basis for this Court to exercise its discretion to deny the Motion to Shorten.

3.      Nor have the Monitor and Canadian Debtors identified any "exigencies justifying shortened notice" as required by Local Rule 9006-1(e).  Rather, any purported "exigency" is solely the product of their own dilatoriness in pursuing relief.  On March 30, 2014, the Monitor notified the parties that it "intends to make a motion with respect to the Bereskin, Stratton and Burshtein Reports."  (Exhibit A, March 30, 2014 Letter from Peter Ruby.)   Yet, notwithstanding the supposed urgency that the Motion to Shorten now contends, they were was content to let another *14 days* go by before filing the Motion to Strike.

4.      The *bona fides* of the timing of the Motion to Strike and the Motion to Shorten is called into question when contrasted with the procedures negotiated and adopted by the Monitor and the U.K. Pension Claimants (and the EMEA Debtors) for the service of additional expert reports in the Claims proceedings.   In those proceedings, the U.K. Pension Claimants objected to the Monitor and Canadian Debtors' service of purported "rebuttal" expert reports on February 28, 2014 addressing Claims issues that were known to them since at least May 2012.  Thereafter, the U.K. Pension Claimants engaged in protracted negotiations with the Monitor and Canadian Debtors that resulted in a detailed schedule governing the service of reply expert reports by the U.K. Pension Claimants and depositions of those experts.  Plainly, the Monitor and Canadian Debtors knew the proper way to preserve their right to serve a reply report and it is telling that they did not at any point during those negotiations give any indication that they were contemplating filing a new expert report in response the Stratton Rebuttal Report.

5.      Moreover, granting the relief sought in the Motion to Shorten would significantly prejudice the U.K. Pension Claimants.  The parties are in the final weeks of intense preparation

for the complex allocation trial that is scheduled to commence on May 12, 2014 and continue thereafter over a 6-week period.  As the Court recently noted in denying a request by the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition to schedule oral argument on a motion for leave to file claims, "[t]he Court and the parties engaged in the [Allocation] trial are concentrating their full attention on the trial."  (Order Denying Request For Oral Argument At This Time, dated March 31, 2014 [D.I. 13250].)  Indeed, the next two weeks are among the busiest in the trial timetable with numerous filing deadlines relating to fact and expert evidence as well as the occurrence of two major religious holidays.  In short, the schedule contemplated by the Motion to Shorten could not be more disruptive, and it would be the height of unfairness to force the U.K. Pension Claimants to divert resources from their critical trial preparations to brief a substantive motion seeking to exclude one of their expert witnesses on an expedited basis.

6.      To the extent the Court is inclined to shorten the notice period provided under the Local Rules, the U.K. Pension Claimants respectfully request that the Court permit objections to the Motion to Strike to be filed on or before April 23, 2014 and that argument on the motion be heard at a date thereafter that is convenient for the Courts.

## <u>RESERVATION OF RIGHTS</u>

7.      The U.K. Pension Claimants reserve their rights to amend or supplement this Objection and to file further and additional objections to the Motion to Strike.

## CONCLUSION

WHEREFORE, the U.K. Pension Claimants respectfully request that the Court

deny the Motion to Shorten or, in the alternative, order that objections to the Motion to Strike

shall be filed on or before April 23, 2014.


Dated: April 15, 2014
      Wilmington, Delaware

                              BAYARD, P.A.

                              */s/ Justin R. Alberto*
                              Charlene D. Davis (No. 2336)
                              Justin Alberto (No. 5126)
                              222 Delaware Avenue, Suite 900
                              Wilmington, Delaware 19899
                              Telephone: (302) 655-5000
                              Facsimile: (302) 658-6395
                              Email: cdavis@bayardlaw.com
                                        jalberto@bayardlaw.com

                              -and-

                              WILLKIE FARR & GALLAGHER LLP
                              Brian E. O'Connor
                              Sameer Advani
                              Andrew Hanrahan
                              787 Seventh Avenue
                              New York, New York 10019
                              Tel: (212) 728-8000
                              Fax: (212) 728-8111

                              *Counsel for the Nortel Networks UK Pension Trust*
                              *Limited and the Board of the Pension Protection*
                              *Fund*

*11729762*