**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*, | Case No. 09-10138 (KG) |
| | (Jointly Administered) |
| Debtors. | **RE: Dkt. Nos. 13319, 13330, 13331** |

**MONITOR AND CANADIAN DEBTORS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 102(1) AND 105(a), FED. R. BANKR. P. 9006 AND BANKR. D. DEL. L.R. 9006-1(e) SHORTENING NOTICE FOR MOTION OF THE MONITOR AND CANADIAN DEBTORS FOR ENTRY OF AN ORDER STRIKING THE EXPERT REPORTS AND TESTIMONY OF DANIEL R. BERESKIN QC AND BRUCE W. STRATTON OR, IN THE ALTERNATIVE, GRANTING LEAVE TO FILE THE EXPERT REPORT OF SHELDON BURSHTEIN IN REBUTTAL TO REPORTS OF DANIEL R. BERESKIN QC AND BRUCE W. STRATTON**

Ernst & Young Inc., as court-appointed monitor (the "**Monitor**"),[1] together with Nortel Networks Corporation and certain of its Canadian direct and indirect subsidiaries (collectively, the "**Canadian Debtors**," and together with the Monitor, the "**Movants**") respectfully submit this reply (the "**Reply**") in support of the *Motion for Entry of an Order under 11 U.S.C. §§ 102(1) and 105(a), Fed. R. Bankr. P. 9006 and Bankr. D. Del. L.R. 9006-1(e) Shortening Notice for Motion of the Monitor and Canadian Debtors for Entry of an Order Striking the Expert Reports and Testimony of Daniel R. Bereskin QC and Bruce W. Stratton or, in the Alternative, Granting Leave to File the Expert Report of Sheldon Burshtein in Rebuttal to Reports of Daniel R. Bereskin QC and Bruce W. Stratton* [Dkt. No. 13319] (the "**Motion to Shorten**") and in reply to the *Objection to Motion for Entry of an Order under 11 U.S.C. §§ 102(1) and 105(a), Fed. R. Bankr. P. 9006 and Bankr. D. Del. L.R. 9006-1(e) Shortening*

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Shorten.

*Notice for Motion of the Monitor and Canadian Debtors for Entry of an Order Striking the Expert Reports and Testimony of Daniel R. Bereskin QC and Bruce W. Stratton or, in the Alternative, Granting Leave to File the Expert Report of Sheldon Burshtein in Rebuttal to Reports of Daniel R. Bereskin QC and Bruce W. Stratton* [Dkt. No. 13330] (the "**U.S. Interests Objection**"), filed by the U.S. Debtors, and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the U.S. Debtors, the "**U.S. Interests**"), and the *Objection of the UK Pension Claimants to Motion by the Monitor and Canadian Debtors to Shorten Notice with Respect to Motion to Strike the Expert Reports and Testimony of Daniel R. Bereskin QC and Bruce W. Stratton or, in the Alternative, Granting Leave to File the Expert Report of Sheldon Burshtein* [Dkt. No. 13331] (the "**U.K. Pension Claimants Objection**"), filed by the U.K. Pension Claimants.  In support of this Reply, the Movants respectfully represent as follows:

1. Contrary to the assertions of the U.S. Interests and the U.K. Pension Claimants, the Movants were forced to file the Motion to Shorten because the opposing parties have refused to depose Mr. Burshtein on a without prejudice basis (i.e., while reserving all rights to object to the submission of Mr. Burshtein's report on any basis, including by filing a motion to strike), despite the Core Parties' understanding that all expert depositions are and have been taken under reservation of all rights.

2. When the Movants received the improper "rebuttal" reports of Messrs. Bereskin and Stratton, the Movants determined that they would file a motion to strike, and that the appropriate time to do so was with other pre-trial motions.  Even though the Movants intended to file a motion to strike on the basis that the reports were improper, the Movants did not refuse to take the depositions of Messrs. Bereskin and Stratton because the Movants understood that the depositions were on a without prejudice basis and that the appropriate

2

response would be to object to their admissibility in a pre-trial motion, as contemplated by the governing protocols in this litigation. In the interim, the Movants submitted Mr. Burshtein's report to avoid any delay in the event the Court determined that the reports of Messrs. Bereskin and Stratton were admissible but that the Movants were entitled to a reply. For the same reason, the Movants offered on two separate occasions to make Mr. Burshtein available for deposition so the other Core Parties could depose him, with the understanding that they would do so without waiving any potential objections to his report or deposition testimony, so that the issue of the propriety of expert testimony on the interpretation of the MRDA could be decided at a later date without any Core Party potentially being prejudiced because there would be insufficient time to depose Mr. Burshtein. Ex. A to the Reply; U.S. Interests Objection Ex. D. The opposing parties refused out of hand and insisted they would not depose Mr. Burshtein absent an order from this Court directing them to do so. *See* U.S. Interests Objection Exs. A, B, C.

3. In the interim, the Movants' counsel deposed Messrs. Bereskin and Stratton, whose testimony confirmed that their reports were both based on legal analysis and did not respond to any such analysis in the initial expert reports of any other party.

4. In light of that testimony and the continued refusal of the opposing parties to depose Mr. Burshtein, the Movants had no choice but to file the Motion to Strike. Should the Court grant the Movants' alternative relief as requested in the Motion to Strike and grant leave to file the Burshtein Report, the Movants wish to ensure that no opposing party is prejudiced by the timing of such an order.[2] A key element in determining the admissibility of expert testimony is

---

[2] The U.S. Debtors state that the "Movants improperly submitted the proposed Burshtein Report to both Courts in the apparent hope it will be reviewed irrespective of admissibility." U.S. Interests Objection at 7 n.3. This is senseless. On motions to determine the admissibility of expert testimony, it is standard practice to submit the report in question. *See, e.g.*, *Withrow v. Spears*, No. 12-06, --- F. Supp. 2d ----, 2013 WL 4510305, at *1 n.3 (D. Del. Aug. 22, 2013). The notion that the Movants were attempting to prejudice the Court defies credulity. The Movants included *all* reports relevant to the determination of the Motion to Strike, including the Bereskin and Stratton Reports, and a court in a bench trial will have no difficulty ignoring a report if it deems it inadmissible.

the prejudice admission would cause. *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-905 (3d Cir. 1997), *overruled on other grounds*, *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985). The Movants sought an early resolution of the admissibility of Mr. Burshtein's report to ensure adequate time for the deposition of Mr. Burshtein should his deposition be necessary. Had the Movants waited until the deadline for pre-trial motions to file the Motion to Strike, the U.S. Interests and U.K. Pension Claimants would have no doubt contended that they would suffer prejudice from the admission of the Burshtein report in view of the short period of time that would then remain to depose Mr. Burshtein.

        5.        The U.S. Interests also argue that the Motion to Shorten is unreasonable because it would require that objections to the Motion to Strike be filed by Thursday, April 17, 2014. U.S. Interests Objection ¶ 17. Firstly, the opposing parties have been on notice of the Movants' intent to file Mr. Burshtein's report since March 24, 2014, when the Movants submitted it to them. There consequently has been no surprise and the opposing parties have had ample time to prepare a response. Secondly, by its Motion to Shorten, the Movants have requested this Court set an objection deadline that it deems reasonable under the circumstances. Given the pending Motion to Shorten, there is nothing in the applicable local rules that requires this Court to set a response date for Thursday, April 17 at 12:00 P.M. And thirdly, the Movants are not of the view that it is imperative that this matter be considered on April 22, 2014. The Movants selected that date because they understand that the Courts would already be available at that time and it is the last scheduled joint conference and omnibus hearing date prior to the commencement of trial on May 12, 2014. The Movants do not object to a later objection and hearing date if the opposing parties agree to take Mr. Burshtein's deposition. As discussed above, the Movants filed the Motion to Shorten and the Motion to Strike to ensure that parties

4

have sufficient time to depose Mr. Burshtein in the event the Court does not grant the Movants' motion to strike the Bereskin and Stratton reports but does grant leave to file Mr. Burshtein's report.  If Mr. Burshtein is deposed in the interim, the Movants have no objection to a later determination of the Motion to Strike.

[*Intentionally left blank*]

WHEREFORE, the Movants respectfully request that the Court grant the Motion to Shorten and grant such other and further relief as it deems just and proper.

Dated: Wilmington, Delaware
April 16, 2014

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ Kathleen A. Murphy
Mary F. Caloway (No. 3059)
Kathleen A. Murphy (No. 5215)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
kathleen.murphy@bipc.com

-and-

**ALLEN & OVERY LLP**

Jacob S. Pultman
Paul B. Keller
Laura R. Hall
Ken Coleman
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
jacob.pultman@allenovery.com
paul.keller@allenovery.com
laura.hall@allenovery.com
ken.coleman@allenovery.com

*Attorneys for Ernst & Young Inc., as Monitor and Foreign Representative of the Canadian Debtors*