# EXHIBIT B

01:15335463.1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>NORTEL NETWORKS INC., *et al.*,<br><br>         Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO CHAPTER II OF THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS: WRITTEN EVIDENCE OF PHILIPPE ALBERT-LEBRUN**

A request is hereby made by the United States Bankruptcy Court for the District of Delaware to the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Bureau de l'entraide civile et commerciale internationale (D3), 13, Place Vendôme, 75042 Paris Cedex 01, France (the "Ministère de la Justice"), for assistance in obtaining evidence to be used in a civil proceeding before the Court in the above-captioned action. This Court (the "Requesting Court") has determined that it would further the interests of justice if the French witness identified herein submitted an affidavit to the Requesting Court concerning his knowledge of the facts relevant to the issues of this action. This request is made pursuant to Chapter II of the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Convention").

In conformity with Article 17 of the Hague Convention, the Requesting Court presents its compliments to the Ministère de la Justice, and has the honor of requesting assistance in obtaining approval for a Commissioner to oversee the taking of evidence with the consent of the parties and the French witness identified herein pursuant to Chapter II of the Hague Convention. The proposed Commissioner, Alexander B. Blumrosen, is an attorney at law

01:15335463.1

resident in France and is qualified to serve as a Commissioner in this matter. Mr. Blumrosen has advised the parties that he is willing to serve as a Commissioner in this matter, if appointed. Attached hereto is the Order of the Requesting Court appointing Mr. Blumrosen as Commissioner, pending the approval of the Ministère de la Justice. Mr. Blumrosen's office address is as follows: Bernard-Hertz-Béjot, 8, rue Murillo, 75008 Paris, France. Mr. Blumrosen's telephone number is (01) 43 18 80 80 and his fax number is (01) 43 18 80 90. The parties have chosen this method to take evidence in the interests of judicial economy and efficiency. The French witness identified herein has agreed to give evidence voluntarily.

| | | |
|---|---|---|
| 1. | **Sender** | The Honorable Kevin Gross<br>United States Bankruptcy Court<br>District of Delaware<br>824 Market Street North, 3rd Floor<br>Wilmington, Delaware 19801<br>United States of America |
| 2. | **Central Authority of the Requested State** | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Bureau de l'entraide civile et commerciale internationale (D3)<br>13, Place Vendôme<br>75042 Paris Cedex 01<br>France |
| 3. | **Person to whom the executed request is to be returned** | The Honorable Kevin Gross<br>United States Bankruptcy Court<br>District of Delaware<br>824 Market Street North, 3rd Floor<br>Wilmington, Delaware 19801<br>United States of America |
| 4. | **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request** | |
| | **Date** | Signed written evidence from the French witness is required to be submitted to the Courts no later than May 2, 2014. |
| | **Reason for urgency** | The joint hearings at which the evidence will be used will begin on May 12, 2014. The |

01:15335463.1

16

witness must submit written evidence to the Courts no later than May 2, 2014.

IN CONFORMITY WITH CHAPTER II, ARTICLE 17 OF THE HAGUE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

| | | |
|---|---|---|
| 5. | (a) **Requesting judicial authority** | The Honorable Kevin Gross<br>United States Bankruptcy Court<br>District of Delaware<br>824 Market Street North, 3rd Floor<br>Wilmington, Delaware 19801<br>United States of America |
| | (b) **To the competent authority of** | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Bureau de l'entraide civile et commerciale internationale (D3)<br>13, Place Vendôme<br>75042 Paris Cedex 01<br>France |
| | (c) **Names of the case and any identifying number** | *In re Nortel Networks Inc., et al* – Case No. 09-10138 (KG)<br>United States Bankruptcy Court for the District of Delaware |
| 6. | **Names and addresses of the parties and their representatives** | |
| | (a) **Plaintiff** (Claimants) | **Joint Administrators and EMEA Debtors** |
| | **Representatives** | Derek J.T. Adler<br>Neil J. Oxford<br>Fara Tabatabai<br>Charles H. Huberty<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>United States of America<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726<br><br>Edwin J. Harron<br>John T. Dorsey<br>Jamie Luton Chapman |

01:15335463.1

17

Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
United States of America
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Robin Schwill
Sean R. Campbell
Davies Ward Phillips & Vineberg LLP
155 Wellington Street West
Toronto, ON M5V 3J7
Canada
Telephone: (416) 863-0900
Facsimile: (416) 863-0871

Matthew P. Gottlieb
Tracy Wynne
Lax O'Sullivan Scott Lisus LLP
145 King Street West
Suite 2750
Toronto, ON M5H 1J8
Canada
Telephone: (416) 598-1744
Facsimile: (416) 598-3730

John Whiteoak
James Norris-Jones
Herbert Smith Freehills LLP
Exchange House
Primrose Street
London EC2A 2HS
United Kingdom

**U.K. Pension Claimants**

Marc Abrams
Brian E. O'Connor
Sameer Advani
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
United States of America
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

|  |  |
|---|---|
|  | Charlene D. Davis<br>Justin Alberto<br>Bayard, P.A.<br>222 Delaware Avenue, Suite 900<br>Wilmington, Delaware 19899<br>United States of America<br>Telephone: (302) 655-5000<br>Facsimile: (212) 658-6395<br><br>Angela Dimsdale Gill<br>John Tillman<br>Matthew Bullen<br>Hogan Lovells International LLP<br>Atlantic House<br>Holborn Viaduct<br>London EC1A 2FG<br>United Kingdom |
| **(b) Defendants** (U.S. Debtors) | **Nortel Networks Inc.,** *et al.* |
| **Representatives** | Howard S. Zelbo<br>James L. Bromley<br>Jeffrey A. Rosenthal<br>Lisa M. Schweitzer<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, New York 10006<br>United States of America<br>Telephone: (212) 225-2000<br><br>Derek C. Abbott<br>Eric D. Schwartz<br>Ann C. Cordo<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>United States of America<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>Scott Bomhof<br>Tony DeMarinis<br>Andrew Gray<br>Adam Slavens |

|  |  |
|---|---|
|  | Torys LLP<br>79 Wellington Street West<br>Suite 3000, Box 270, TD Centre<br>Toronto ON M5K 1N2<br>Canada<br>Telephone: (416) 865-0040<br>Facsimile: (416) 865-7380 |
| **(c) Other Parties** | **The Monitor and Canadian Debtors** |
| **Representatives** | Ken Coleman<br>Daniel Guyder<br>Paul Keller<br>Laura Hall<br>James Barabas<br>Michael Sadowitz<br>Jacob S. Pultman<br>Allen & Overy LLP<br>1221 Avenue of the Americas<br>New York, New York 10020<br>United States of America<br>Telephone: (212) 610-6300<br>Facsimile: (212) 610-6399<br><br>David Por<br>Allen & Overy LLP<br>52 avenue Hoche<br>CS 90005<br>75379 Paris Cedex 08<br>Paris 75379<br>France<br><br>Mary F. Caloway<br>Kathleen A. Murphy<br>Buchanan Ingersoll & Rooney PC<br>1105 North Market Street<br>Suite 1900<br>Wilmington, Delaware 19801<br>United States of America<br>Telephone: (302) 552-4200<br>Facsimile: (302) 552-4295<br><br>Jay Carfagnini<br>Fred Myers<br>Joseph Pasquariello<br>Benjamin Zarnett |

01:15335463.1

Jessica Kimmel
Peter Ruby
Alan Mark
Jason Wadden
Lauren Butti
Goodmans LLP
Bay Adelaide Centre
333 Bay Street
Suite 3400
Toronto, ON M5H 2S7
Canada
Telephone: (416) 979-2211
Facsimile: (416) 979-1234

Jennifer Stam
Derrick Tay
Peter Choe
Graham Smith
Gowling Lafleur Henderson LLP
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street, P.O. Box 84
Toronto, ON M5J 2Z4
Canada
Telephone: (416) 216-4000
Facsimile: (416) 216-3930

Alan Merskey
Norton Rose Canada LLP
TD Waterhouse Tower, Suite 2300
79 Wellington Street West, P.O. Box 128
Toronto, ON M5K 1H1
Canada
Telephone: (416) 216-4805
Facsimile: (416) 216-3930

**Official Committee of Unsecured Creditors**

Fred Hodara
David Botter
Robert A. Johnson
Abid Qureshi
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
United States of America

Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Mark D. Collins
Christopher M. Samis
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
United States of America
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

Ryan Jacobs
R. Shayne Kukulowicz
Michael J. Wunder
Cassels Brock & Blackwell LLP
Suite 2100, Scotia Plaza
40 King Street West
Toronto, ON M5H 3C2
Canada
Telephone: (416) 869-5300
Facsimile: (416) 360-8877

| | | |
|---|---|---|
| 7. | (a) **Nature of the proceedings** | Bankruptcy proceeding |

(b) **Summary of complaint**

This action, captioned *In re Nortel Networks Inc., et al.*, Case No. 09-10138 (KG), is a bankruptcy proceeding pending before the Requesting Court. On January 14, 2009 (the "Petition Date"), the U.S. Debtors,[1] with the exception of NN CALA, each filed a voluntary petition for relief in the Requesting Court under chapter 11 of the United States Bankruptcy Code. NN CALA filed its petition on July 14, 2009 [D.I. 1098]. NNI is incorporated in the United States in the State of Delaware. Other parties with interests related to the U.S. Debtors include an Official

---

1. The debtors in these chapter 11 cases (the "U.S. Debtors") are: Nortel Networks Inc. ("NNI"); Nortel Networks Capital Corporation; Nortel Altsystems Inc.; Nortel Altsystems International Inc.; Xros, Inc.; Sonoma Systems; Qtera Corporation; CoreTek, Inc.; Nortel Networks Applications Management Solutions Inc.; Nortel Networks Optical Components Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc.; Northern Telecom International Inc.; Nortel Networks Cable Solutions Inc.; and Nortel Networks (CALA) Inc. ("NN CALA").

01:15335463.1

Committee of Unsecured Creditors of the U.S. Debtors (the "U.S. Committee").

Also on the Petition Date, the Nortel group's ultimate corporate parent, Nortel Networks Corporation ("NNC"), its operating subsidiary Nortel Networks Limited ("NNL"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors") filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors, and a monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Other parties with interests related to the Canadian Debtors include a Canadian Creditors Committee (the "CCC") and former directors and officers of the Canadian Debtors (the "Directors and Officers").

On the same date, upon the request of Nortel Networks UK Limited ("NNUK") and eighteen of its affiliates from Europe, the Middle East, and Africa (collectively, the "EMEA Debtors"), which included NNUK's French affiliate Nortel Networks S.A. ("NNSA"),[2] the High Court of Justice of England and Wales (the "English Court") placed the EMEA Debtors into administration (the "English Proceedings"), and appointed individuals from Ernst & Young LLP as administrators (collectively, the "Joint Administrators").[3] On May 28, 2009, NNSA entered secondary insolvency proceedings in the Commercial Court of Versailles and Cosmé Rogeau

---

2. In addition to NNUK and NNSA, orders of administration were sought with respect to: Nortel Networks (Ireland) Limited ("NN Ireland"); Nortel GmbH ("NN Germany"); Nortel Networks (Austria) GmbH ("NN Austria"); Nortel Networks AB ("NN Sweden"); Nortel Networks Engineering Service Kft ("NN Hungary"); Nortel Networks France S.A.S. ("NN France SAS"); Nortel Networks Hispania, S.A. ("NN Spain"); Nortel Networks N.V. ("NN Belgium"); Nortel Networks Oy ("NN Finland"); Nortel Networks Polska Sp. z.o.o. ("NN Poland"); Nortel Networks Portugal S.A. ("NN Portugal"); Nortel Networks Romania SRL ("NN Romania"); Nortel Networks S.p.A. ("NN Italy"); Nortel Networks Slovensko, s.r.o. ("NN Slovakia"); Nortel Networks, s.r.o. ("NN Czech Rep."); Nortel Networks International Finance & Holding B.V. ("NNIF"); and Nortel Networks B.V. ("NN Holland").

3. The Joint Administrators for all of the EMEA Debtors, with the exception of Nortel Networks (Ireland) Limited, are: Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris. The Joint Administrators for Nortel Networks (Ireland) Limited are: Alan Robert Bloom and David Martin Hughes.

01:15335463.1

23

was appointed as the French Liquidator. NNSA is a French corporation with its former registered office at Centre d'Affaires Parc Lumiere, 46 Avenue des Freres Lumiere, F78190 Trappes, France.

Pursuant to an Order Approving Allocation Protocol dated April 3, 2013 [D.I. 9947] entered by the Requesting Court and a corresponding endorsement by the Canadian Court on the same date, the Requesting Court and the Canadian Court (together, the "Courts") will hold joint hearings commencing on May 12, 2014 to decide certain issues, including the allocation of proceeds from sales of the assets of the Nortel group among the U.S. Debtors, Canadian Debtors, and EMEA Debtors (the "Allocation Dispute").

As part of the upcoming joint hearings, each party submitted to the Requesting Court an allocation position detailing its proposed methodology for determining the allocation of proceeds from sales of the assets of the Nortel group. The parties' allocation positions put at issue a variety of factors, including but not limited to the significance of intercompany agreements governing transfer pricing to the estates' respective entitlement to Nortel intellectual property; the proportion of Nortel's revenue and cash flow generated by the U.S. Debtors, Canadian Debtors, and EMEA Debtors; the location, nature, and results of Nortel's research and development activities and the proportional contribution of the estates to such activities; pre- and post-petition asset sales; and the locus of other fixed and intangible Nortel assets, including customer relationships.[4]

---

4. The Core Parties' opening and responsive allocation positions are publicly available at http://dm.epiq11.com/NNI/Project, under the docket numbers indicated: allocation position of the Joint Administrators and EMEA Debtors [D.I. 10536]; allocation position of the U.S. Debtors and U.S. Committee [D.I. 10537]; allocation position of the CCC [D.I. 10538]; allocation position of the U.K. Pension Claimants [D.I. 10539]; allocation position of the Bondholders [D.I. 10540]; allocation position of the Monitor and Canadian Debtors [D.I. 10543]; joinder of the Bank of New York Mellon in the allocation position of the U.S. Debtors and U.S. Committee [D.I. 10547]; joinder of Law Debenture Trust Company of New York in the allocation position of the U.S. Debtors and U.S. Committee and in the allocation position of the Bondholders

01:15335463.1

All of the parties (including NNUK, NNSA, the other EMEA Debtors, and the U.K. Pension Claimants) are currently engaged in the process of compiling and submitting evidence to present at the joint hearings commencing May 12, 2014. Written evidence must be submitted to the Requesting Court and Canadian Court by no later than May 2, 2014.

The evidence sought from the French witness identified below is material to the resolution of the Allocation Dispute.

| | | |
|---|---|---|
| | **(c) Other necessary information or documents** | All such documents and statements designated as such shall be treated by counsel to the parties in this lawsuit as "Confidential" or "Highly Confidential" pursuant to the Order Entering a Protective Order entered on 11 June 2013 [D.I. 10805], as amended, such that designated documents may only be disclosed to attorneys for the parties, third party witnesses, the Commissioner, and the Courts, under specific confidentiality restrictions, absent further order of the Courts. |
| 8. | **(a) Evidence to be obtained or other judicial act to be performed** | Written evidence in connection with the joint hearings is requested of Mr. Philippe Albert-Lebrun (the "<u>Witness</u>"), who was employed by NNSA in various capacities from February 1997 to March 2012, namely Assistant Treasurer (1997-99), Treasurer (1999-2001), European Treasury (2001-03), Financial Controller (2003-07), EMEA Controller (2007-11), and part-time consultant to Nortel (2011-12). Pursuant to an Order of the Requesting Court dated October 16, 2013, a Letter of Request dated October 16, 2013, and authorization from the Ministère de la Justice dated November 6, 2013, the Witness was |

---

[D.I. 10548]; joinder of Wilmington Trust, National Association, in the allocation position of the Monitor and Canadian Debtors and in the allocation position of the CCC [D.I. 10563]; responsive allocation submission of the Joint Administrators and EMEA Debtors [D.I. 10687]; responsive allocation submission of the U.S. Debtors and U.S. Committee [D.I. 10690]; joinder of Law Debenture Trust Company of New York in the responsive allocation submission of the U.S. Debtors and U.S. Committee [D.I. 10691]; responsive allocation submission of Wilmington Trust, National Association [D.I. 10692]; responsive allocation submission of the U.K. Pension Claimants [D.I. 10693]; responsive allocation submission of the Bondholders [D.I. 10694]; responsive allocation submission of the CCC [D.I. 10695]; responsive allocation submission of the Monitor and Canadian Debtors [D.I. 10696].

01:15335463.1

examined in France on November 21 and 22, 2013 and gave oral evidence material to the Allocation Dispute. The Joint Administrators wish to present written affidavit evidence from Mr. Albert-Lebrun for use at the joint hearings, in accordance with agreement of the parties to the case and direction from the Requesting Court and Canadian Court.

**(b) Purpose of the evidence or judicial action sought**

As a former Nortel employee with important roles in Nortel's Treasury, Finance, and Control functions, the Witness has knowledge material to the parties' allocation positions, as described above, and has previously given oral evidence in this case. The Joint Administrators wish to rely upon written evidence from the Witness during the joint hearings before the Requesting Court and Canadian Court. The Witness has indicated that he is willing to submit written evidence for use at the joint hearings.

By order of the Requesting Court, Alexander B. Blumrosen, Avocat au Barreau de Paris, Bernard-Hertz-Béjot, 8, rue Murillo, 75008 Paris, France, has been appointed as the Commissioner to oversee the taking of evidence in the above-captioned action, pending the approval of the Ministère de la Justice.

| | |
|---|---|
| 9. **Identity and address of any person to be examined** | Mr. Philippe Albert-Lebrun<br>9 rue Maurice Mallet<br>92445 Issy Les Moulineaux<br>Paris<br>France |

10. **Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined**

It is requested that the Witness submit written evidence under penalty of perjury on the facts within the Witness's knowledge that relate to the following subjects:

    a.    The organization, management, and operation of the Nortel group, including the

        tax and treasury functions, accounting, cash management, planning, budgeting, research and development, sales, purchasing, manufacturing, outsourcing, and third-party intellectual property ownership and licensing;

b.   The functioning and organization of Nortel's corporate structure, including how financial reporting was conducted and the roles within the corporate structure of the EMEA Debtors, the U.S. Debtors, and the Canadian Debtors;

c.   The profitability, revenue, expenses, cash flow, and value of, and accounting for, the various Nortel entities and Lines of Business, including ownership and valuation of tangible assets associated with each Line of Business;

d.   The December 2006 sale of Nortel's UMTS business to Alcatel Lucent S.A. and the classification of assets and allocation of proceeds therefrom, including but not limited to related planning, negotiations, discussions, consideration, approvals, and involvement by the boards of directors or personnel of NNSA, NNUK, or the other EMEA Debtors, or any tax authority, and any analyses or advice (whether internal or independent) provided to or relied on by such directors or personnel in respect thereto, and the factual basis for the allegations in the EMEA Claims concerning such sales;

e.   Business acquisitions by Nortel, the significance of intellectual property in acquisitions as the value driver for the transactions, and the integration of acquired businesses into Nortel;

f.   Pre-petition restructurings and associated costs, including the decision-making process regarding such restructurings and the determination of which entities bore associated costs;

g. Pre-petition vendor financing;

h. Ownership (including beneficial ownership), registration, maintenance, enforcement, valuation, amortization, business and/or strategic importance, licensing (intercompany, related party, and third party), acquisition, and sale of Nortel's intellectual property and associated rights;

i. Intellectual property-related costs and revenue streams, allocation of such costs and revenue streams, and accounting therefor;

j. The organization, make-up, and activity of Nortel's intellectual property-related legal and business teams;

k. Valuations or analyses commissioned or conducted, whether pre-petition or post-petition, concerning the value of Nortel's intellectual property, business lines, research and development efforts, or other business-related tangibles or intangibles in any jurisdiction or for any subsidiary;

l. Agreements and practices among Nortel entities in respect of intellectual property and rights and obligations in or to intellectual property;

m. Research and development planning, strategy, decision-making, and policies;

n. Nortel companies' relative and respective contributions to research and development of intellectual property;

o. The negotiation, drafting, approval, and operation of the Master Research and Development Agreement ("MRDA") and its subsequent amendments, the Residual Profit Split Method ("RPSM"), previous cost-sharing arrangements, related agreements, Nortel's transfer pricing system generally, including its development and implementation, and communications and filings with tax

authorities regarding same;

p. Advance Pricing Arrangements/Agreements ("APAs") and communications, filings with tax authorities, and any settlement in connection with any APAs;

q. Audits of NNSA by the French Tax Authorities;

r. Proposed impairment write-downs on investment in NNSA;

s. The manner in which Nortel entities represented themselves to investors, credit agencies, governments, tax authorities, auditors, or other third parties;

t. The accounting for and distribution of revenue and costs related to Nortel Lines of Business and any other Nortel revenue-generating activity;

u. Sales, contracts, and dealings with customers or suppliers, including policies, procedures, and practices used to determine which Nortel Entity received revenue from any customer or supplier relationships; and

v. Any other matter relevant to the Allocation Dispute.

| | | |
|---|---|---|
| 11. | **Documents or other property to be inspected** | None. |
| 12. | **Any requirement that the evidence be given on oath or affirmation and any special form to be used** | The Witness shall give written evidence under penalty of perjury. |
| 13. | **Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.)** | |

By order of the Requesting Court, Alexander B. Blumrosen has been appointed as the Commissioner to oversee the taking of evidence in the above-captioned action in France, pending the approval of the Ministère de la Justice. The Commissioner will provide reasonable notice to the Witness as required by the Hague Convention.

It is requested that the Witness submit written evidence relevant to the Allocation Dispute

01:15335463.1

29

by way of an affidavit declared under penalty of perjury. The Witness has agreed to sign and submit such an affidavit. The Witness has agreed to provide written evidence in English.

| | | |
|---|---|---|
| 14. | **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified[5]** | Not applicable. |
| 15. | **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request** | None. |
| 16. | **Specification of privilege or duty to refuse to give evidence under the law of the State of origin** | Not applicable. |
| 17. | **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by** | EMEA Debtors<br>c/o Bruno Basuyaux<br>Herbert Smith Freehills Paris LLP<br>66, avenue Marceau<br>75008 Paris<br>France<br><br>The fees and costs incurred which may be reimbursable under the second paragraph of Article 14 of the Convention and the fees and costs occasioned by the use of the special procedure requested in Article 26 of the Convention, being the fees and costs in connection with the execution of this Letter of Request, for the service of process necessary to secure the appearance of the Witness, the costs of the Commissioner, and the costs of the transcript of the evidence will be initially borne by the EMEA Debtors. The payment of any such fees and costs is without prejudice to the right of the EMEA Debtors to make subsequent requests for reimbursement of those fees and costs from other parties to the proceedings before the Requesting Court. |

---

5. For the avoidance of doubt, nothing in this Letter of Request should be construed as a submission by any party to the jurisdiction of the courts of France, nor are the legal representatives of any party instructed to accept service of any proceedings in France.

01:15335463.1

30

DATE OF REQUEST           April 16, 2014

SIGNATURE AND SEAL OF THE
REQUESTING AUTHORITY

01:15335463.1