IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*:<br><br>Nortel Networks Inc., *et al.*,[1]<br><br>                                    Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br>Re: Dkt. No. 13307 |

**ORDER REGARDING NOTICE OF REQUEST FOR JOINT HEARING, PURSUANT TO SECTION 15 OF THE CROSS-BORDER INSOLVENCY PROTOCOL, ON THE JOINT ADMINISTRATORS' MOTION FOR PRODUCTION OF DOCUMENTS IN THE CANADIAN PROCEEDINGS**

Upon consideration of the Notice of Request for Joint Hearing, Pursuant to Section 15 of the Cross-Border Insolvency Protocol, on the Joint Administrators' Motion for Production of Documents in the Canadian Proceedings (the "**Motion**")[2] and all other submissions related thereto; and the arguments presented regarding the Motion during the joint hearing with the Canadian Court held on April 17, 2014; and after due deliberation; and it appearing that sufficient cause exists for granting such relief as requested by the parties;

---

[1] The debtors in the chapter 11 cases, along with the last four digits of each such debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

[2] Capitalized terms not otherwise defined herein shall have the meanings assigned in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Canadian Debtors shall produce to all the Core Parties the Disputed Document, the 12 related documents clawed back on November 7, 2013 and provided to the Court on April 17, 2014 (the "Related Documents") and the Orlando Testimony.

2. The production to all Core Parties of the Disputed Document, the Related Documents and the Orlando Testimony are not and shall not be deemed to be a waiver of privilege, if any, and are not and shall not be a waiver of the privilege, if any, related to the subject matter of these documents and testimony for this and any other purpose.

3. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: April 22, 2014
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE