# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------X
In re                                          :    Chapter 11
                                               :
Nortel Networks Inc., et al.,¹                 :    Case No. 09-10138 (KG)
                    Debtors.                   :
                                               :    Jointly Administered
                                               :
                                               :    Re:  D.I. 13370
-----------------------------------------------------------X
```

### Order Approving US Interests' Motion to Strike the Expert Reports of the UK Pension Claimants and the Canadian Creditors Committee Advocating for a "Pro Rata Distribution" to Creditors

Upon the motion, dated April 21, 2014 (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "US Debtors"), and the Official Committee of Unsecured Creditors (the "Committee" and together with the US Debtors, the "US Interests"), for entry of an order, as more fully described in the Motion, striking in whole or in part, the expert reports of Leif Clark & Jay Westbrook, Coleman Bazelon, and Thomas Britven, and granting them such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

---

[1] The US Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel/.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion and that such relief is in the best interests of the U.S. Interests, the Debtors' estates, the Debtors' creditors and the parties in interest; and upon the record in these proceedings, and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The entirety of the Clark & Westbrook Report is stricken and the associated testimony is precluded.

3. The entirety of the Bazelon Initial Report is stricken and the associated testimony is precluded.

4. The Bazelon Rebuttal Report from pages 1-12 insofar as it refers to the Pro Rata Distribution Model is stricken and the associated testimony is precluded.

5. The Britven Initial Report and the Britven Rebuttal Report as they pertain to questions 2, 3 and 4 are stricken, and the associated testimony is precluded.

6. The US Interests are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the US Interests are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the US Interests may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2014
      Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE