**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al., | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING**
**TWENTIETH QUARTERLY FEE APPLICATION OF**
**ERNST & YOUNG LLP**

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Twentieth Quarterly Fee Application of Ernst & Young LLP ("Application"), for the period from November 1, 2013 through January 31, 2014, seeking approval of fees that total $1,316,638.00 and reimbursement of expenses that total $4,643.00. Ernst & Young, LLP ("E & Y") is indirect tax service advisor to the debtors.

**Background**

1. Master, Sidlow & Associates, P.A. reviewed the firm's monthly fee statements and the Application, including each of the billing and expense entries shown in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2. Ernest & Young provides services under a Tax Services Agreement. According to the *Order Modifying the Engagement of Ernst & Young LLP Nunc Pro Tunc to December 12, 2012* (Doc 9288 Filed 1/17/13), the Tax Services Agreement was modified to provide for a fixed fee of $4,825,000 for the 2013 EY Core Services. According to the *Order Modifying the Engagement of Ernst & Young LLP Nunc Pro Tunc to December 30, 2013* (Doc 12862 Filed

1/24/14), the Tax Services Agreement was modified to provide for a fixed fee of $3,900,000 for the 2014 EY Core Services. The orders indicate that the fixed fee is approved as reasonable pursuant to the standards of section 328(a) of the Bankruptcy Code, and shall not be subject to review under the standards set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee.

3. The twenty-seventh interim application requested payment for a fixed fee installment payment of $675,000.00 ($325,000 for the month of November 2013 and $350,000 for the month of January 2014) plus payment of additional fees of $439,155.00 and reimbursement of expenses of $4,643.00. The twenty-eighth interim application requested payment for fees of $202,483.00. These applications included an estimate of total hours billed without detail for the fixed fee portion and detail for the additional compensation requested (Out-of Scope Services). Comments regarding our review of fees and expenses relate only to the non-fixed fee services and expenses.

4. Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to Ernst & Young, LLP and the firm provided a written response to that report. After consideration of the firm's responses to the preliminary report, Master, Sidlow & Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings
## Recomputation of Fees and Expenses

5. Master, Sidlow & Associates, P.A. recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rate.

## Review of Fees

6. **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based

on the customary compensation charged by comparably skilled practitioners in cases other than under Title 11."

7. The preliminary report noted that the hours by professional in the Compensation by Professional schedule in the twenty-seventh interim application in several instances does not agree to the detail schedule in Exhibit B. In addition, several of the figures in the Total Compensation column of the Compensation by Professional schedule in the twenty-seventh interim application did not agree to the hourly billing rate times the total hours billed. The following chart utilizes the hours per the detail schedules and corrects the calculations of hours times rates for the discrepancies noted above.

| Professional | Rate/Hour | Hours | Calculated Fee | 27th Fee Application | Difference |
|---|---|---|---|---|---|
| Canale | $640 | 00.0 | $ 0.00 | $53,120.00 | -$53,120.00 |
| Carrington | 640 | 108.50 | 69,440.00 | 20,160.00 | 49,280.00 |
| Carver | 640 | 6.00 | 3,840.00 | 1,480.00 | 2,360.00 |
| Chandrapaul | 185 | 8.00 | 1,480.00 | 4,625.00 | -3,145.00 |
| Corwin | 185 | 37.00 | 6,845.00 | 5,420.00 | 1,425.00 |
| Creech | 640 | 5.00 | 3,200.00 | 900.00 | 2,300.00 |
| Cunningham | 450 | 2.00 | 900.00 | 945.00 | -45.00 |
| Davidson | 315 | 12.10 | 3811.50 | 4,397.00 | -585.50 |
| Dilorio | 450 | 3.40 | 1,530.00 | 888.00 | 642.00 |
| Doyle | 185 | 5.80 | 1,073.00 | 4,665.00 | -3,592.00 |
| Gargus | 640 | 7.00 | 4,480.00 | 3,630.00 | 850.00 |
| Gentile | 550 | 15.10 | 8,305.00 | 12,146.00 | -3,841.00 |
| Heroy | 450 | 33.80 | 15,210.00 | 10,367.00 | 4,843.00 |
| Hinson | 185 | 15.50 | 2,867.50 | 901.00 | 1,966.50 |
| Jacks | 550 | 2.20 | 1,210.00 | 550.00 | 660.00 |
|  |  | 261.40 | $124,192.00 | $124,194.00 | -$2.00 |

In its response the firm stated "... we are in agreement with the reconciliation of the fees/hours. It appears there was a scrivener's error in one line item that caused the rest of the chart to become inaccurate." Master, Sidlow & Associates, P.A. accepts the explanation from E&Y and not recommend any reduction in fees for this matter.

8. The Application provides the name, position, and hourly rate of each timekeeper.

The firm billed a total of approximately 3,138.3 hours with associated fees of $1,316,639.00 ($675,000 in fixed fees). The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Fixed fee | ~1,797.40 | 57% | $ 675,000.00 | 51% |
| Partner | 534.30 | 17% | 345,075.00 | 26% |
| Exec Director | 136.10 | 5% | 89,075.00 | 7% |
| Sr. Manager | 39.50 | 1% | 22,015.00 | 2% |
| Manager | 150.00 | 5% | 67,950.00 | 5% |
| Senior | 198.10 | 6% | 63,605.00 | 5% |
| Staff | 282.90 | 9% | 53,919.00 | 4% |
| TOTAL | ~3,138.30 | 100% | $1,316,639.00 | 100% |

The blended hourly rate for the E&Y professionals is $419.54.

9.    **Hourly Rate Increases.** E & Y increased its hourly rates in its 28th interim application as per the Ninth Amendment to the Statement of Work as of December 31, 2014.

10.    **Complete and Detailed Task Descriptions.** Local Rule 2016-2 (d) states "…activity descriptions…shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. A description of correspondence should identify the correspondent and the subject of the correspondence. Similarly, a description for preparation of pleadings should identify the pleading drafted or revised. Activity descriptions for legal research should include the issues researched and the purpose of the research. The activity description must be sufficiently detailed to allow a determination of whether the research is case related,

whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level. Activity descriptions referencing conferences should include the name of the person(s) with whom the communication was held and the subject or purpose of the communication. Master, Sidlow & Associates, P.A. found the activity descriptions in the Application to be sufficiently detailed.

11.     **Travel.** Local Rule 2016-2(d) (viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates..." E&Y's detail time entries indicate that travel time was invoiced at 50% of standard.

12.     **Ernst & Young, LLP Retention/Compensation.** Master, Sidlow & Associates, P.A. did not identify any separately stated entries related to the retention and compensation of E&Y in its Compensation by Project Category schedule for the Application period.

### Review of Expenses

13.     **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include ... Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." E&Y provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

14.     **Photocopies.** Local Rule 2016-2(e) (iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page)..." E&Y did not request reimbursement for photocopies in the Application.

15. **Computer – Assisted Legal Research.** Local Rule 2016(e)(iii) states "The motion shall state ... computer-assisted legal research charges (which shall not be more than the actual cost) ...." E&Y did not request reimbursement for computer-aided legal research in the Application.

16. **Facsimile.** Local Rule 2016-2(e) (iii) states "The motion shall state ... outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)." E&Y did not request reimbursement for facsimile charges in the Application.

17. **Airfare.** In the preliminary report, Master, Sidlow & Associates, P.A. noted that the twenty-seventh interim application requests reimbursement for airfare in the amount of $1,919.20. The detail included in the fee application does not include the travel class for the airfare. From the information provided, it could not be determined that the fares were coach rather than first class. In its response the firm confirmed that all flights identified in the quarterly fee application were for economy/coach class. Master, Sidlow &Associates, P.A. does not recommend any reduction in the expense reimbursement requested for airfare.

## Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the Twentieth Quarterly Fee Application of Ernst & Young LLP and the fees and expenses requested therein. Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $1,316,638.00 and reimbursement of expenses in the amount of $4,643.00 for the period from November 1, 2013 through January 31, 2014, less any interim payments received by Ernst & Young LLP for fees and expenses under fee applications. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: *[signature]*
Judith M. Scarborough, CPA, CVA, CFF

2002 West 14th Street
Wilmington, DE 19806
Telephone: (302) 652-3480
Facsimile: (302) 656-8778
jscarborough@mastersidlow.com

Fee Examiner

**APPENDIX A**

ERNST & YOUNG LLP
SUMMARY OF FINDINGS
20TH QUARTERLY FEE APPLICATION (NOVEMBER 1, 2013 through JANUARY 31, 2014)

| | | | |
|---|---|---|---|
| **A.** | **Amounts Requested and Computed** | | |
| Fees Requested | | $ 1,316,638.00 | |
| Expenses Requested | | 4,643.00 | |
| TOTAL FEES AND EXPENSES REQUESTED | | | $ 1,321,281.00 |
| Fees Computed | | $ 1,316,638.00 | |
| Expenses Computed | | 4,643.00 | |
| TOTAL FEES AND EXPENSES COMPUTED | | | $ 1,321,281.00 |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | | $     - |
| **B.** | **Recommended Fee Allowance and Expense Reimbursement** | | |
| Fees Requested | | $ 1,316,638.00 | |
| RECOMMENDED FEE ALLOWANCE | | | $ 1,316,638.00 |
| Expenses Requested | | 4,643.00 | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 4,643.00 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $ 1,321,281.00 |