# EXHIBIT A

[NEWYORK 2890475_6]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
              Debtors. : Jointly Administered
:
: **Re: D.I.s _____**
:
---------------------------------------------------------X

### ORDER PROVIDING DIRECTIONS AND ESTABLISHING PROCEDURES FOR SEALING TRIAL EXHIBITS, REDACTING PRETRIAL SUBMISSIONS, AND PROTECTING CONFIDENTIAL INFORMATION FROM PUBLIC DISCLOSURE DURING THE TRIAL

Upon the motion (the "Motion")[2] by Nortel Networks, Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "U.S. Debtors"), for entry of an order, as more fully described in the Motion, providing directions and establishing procedures for sealing trial exhibits, redacting pretrial submissions, and protecting confidential information from public disclosure during the Trial; and upon consideration of the order entering a Protective Order [D.I. 10805]; and upon consideration of the Trial Protocol [D.I. 12863]; and upon the pleadings filed by the Canadian Debtors and Monitor before the Canadian Court; and upon recognition that the U.S. Debtors seek to balance their confidentiality obligations with the need for an open and transparent Trial; and the Court having jurisdiction to consider the Motion and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and finding that adequate notice having been provided to all parties with an interest in the Motion under the circumstances; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. With respect to the submission or use at Trial of any materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the Protective Order [D.I. 10805], the Core Parties are authorized to reach agreement on the filing of such documents publicly or file such documents under seal consistent with the nature of the relief described in the Motion, and subject to the deadlines for making such designations as agreed to among the Core Parties or as otherwise decided by the Courts.  In the event such agreement is not reached after discussions in good faith, the applicable Core Party is authorized to file such document under seal (or to the extent practicable, redact the relevant document to file the confidential portions under seal) pending the resolution of such disputes by the Courts.

3. No Core Party, nor its attorneys or advisors, nor any fact or expert witness submitting a report or affidavit and/or testifying at the Trial, shall incur any liability for compliance with this Order or any subsequent order of the Courts with respect to the subject matter of the Motion.

4. The inclusion in the trial exhibit lists and the use or reliance at Trial by any Core Party of any document that constitutes Nortel Joint Privileged Discovery Material (as defined in the Protective Order, as amended) shall not, and is not intended to, be:

    a. In the case of any such document that is not sealed at the Trial, a waiver of any Privilege (as defined in the Protective Order) with respect to any other document or information or testimony concerning the same subject matter as the Nortel Joint Privileged Discovery Material for the purposes of this Trial or any other purpose; and

    b. In the case of any such document that is sealed at Trial, a waiver of any Privilege with respect to that document or any other document or information or testimony concerning the same subject matter as it, or as any related Nortel Joint Privileged Discovery Material, for the purposes of this Trial or any other purpose.

5. Nothing in this Order shall prejudice the rights of any party to seek other or further relief with respect to the confidentiality of documents or information to be used at Trial.

6. The U.S. Court and the Canadian Court shall retain jurisdiction and venue for the purposes of any dispute arising out of or relating to this Order.

Dated: May___, 2014  
Wilmington, Delaware

                _____  
                THE HONORABLE KEVIN GROSS  
                CHIEF UNITED STATES BANKRUPTCY JUDGE