## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X
                            :

*In re*                         :      Chapter 11
                           :

Nortel Networks Inc., *et al.*,[1]    :      Case No. 09-10138 (KG)
                           :

              Debtors.     :      Jointly Administered
                           :

                           :

-------------------------------------------------------- X

### MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 102(1) AND 105, FED. R. BANKR. P. 9006 AND BANKR. D. DEL. L.R. 9006-1(e) SHORTENING NOTICE FOR THE MOTION OF THE U.S. DEBTORS FOR ENTRY OF AN ORDER PROVIDING DIRECTIONS AND ESTABLISHING PROCEDURES FOR SEALING TRIAL EXHIBITS, REDACTING PRETRIAL SUBMISSIONS, AND PROTECTING CONFIDENTIAL INFORMATION FROM PUBLIC DISCLOSURE DURING THE TRIAL

Nortel Networks Inc. and its affiliated debtors, as respective debtors and debtors in possession, (collectively, the "Debtors" or the "U.S. Debtors"), hereby move this Court (the "Motion to Shorten") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) shortening notice to allow the *Motion of the U.S. Debtors for Entry of an Order Providing Directions and*

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

*Establishing Procedures for Sealing Trial Exhibits, Redacting Pretrial Submissions, and Protecting Confidential Information from Public Disclosure During the Trial* (the "Confidentiality Motion"),[2] filed contemporaneously herewith, to be considered on an expedited basis; (ii) setting **May 7, 2014 at 12:00 p.m. (Eastern Time)** as the deadline to file objections to the Confidentiality Motion (the "Objection Deadline"); and (iii) scheduling a hearing on the Confidentiality Motion for the joint hearing scheduled for **May 8, 2014 at 11:00 a.m. (Eastern Time)** (the "Joint Hearing").  In support of this Motion to Shorten, the U.S. Debtors respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

### Relief Requested

3.      By this Motion to Shorten, the U.S. Debtors seek the entry of an order (i) shortening the notice period for the Confidentiality Motion to allow it to be considered on an expedited basis; (ii) setting **May 7, 2014 at 12:00 p.m. (Eastern Time)** as the Objection Deadline; (iii) scheduling the hearing on the Confidentiality Motion for **May 8, 2014 at 11:00 a.m. (Eastern Time)**; and (iv) granting such other relief as may be just and proper.

---

[2]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Confidentiality Motion.

**Facts Relevant to this Motion**

4.       On May 15, 2013 and May 17, 2013, respectively, the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court," and together with this Court, the "Courts") and this Court entered orders approving an allocation protocol, which established procedures and a schedule for the cross-border resolution by the Courts in joint hearings of the allocation of the proceeds from the post-petition asset sales [D.I. 10565].

5.       On June 11, 2013, the Courts issued orders, approving and entering a protective order which governed the exchange of documents during the discovery phase of these proceedings (the "Protective Order") [D.I. 10805].

6.       The Protective Order permitted a party producing documents to designate documents as "Confidential" or "Highly Confidential" based on certain criteria set forth therein. Depending on the designation given to a document, the Protective Order provided that it may only be disclosed to a limited number of persons and their counsel with a connection to the litigation.  Over  2 million documents have been produced in this litigation, including both by the Core Parties and by certain non-parties, and many of them have been designated Confidential or Highly Confidential.  Over one hundred depositions also have been taken, which transcripts are all currently designated Highly Confidential.

7.       Section 8(c) of the Protective Order provides that the entry of such order "shall be deemed an order authorizing the filing under seal of any Confidential or Highly Confidential Discovery Material and any other document citing, quoting, summarizing or otherwise reflecting information obtained from Confidential or Highly Confidential Discovery Material without any further order of either Court required."

8.       Section 8(d) of the Protective Order provides that it "shall not, by default, govern the use of Confidential or Highly Confidential Discovery Material at the trial.  Instead, the

3

Parties shall meet and confer in good faith, and seek instructions from the Court(s) as necessary, prior to the start of any trial in the Proceedings regarding the use of Confidential or Highly Confidential Discovery Material at such trial or hearing."

9.      On November 27, 2013 and November 29, 2013 respectively, this Court and the Canadian Court issued orders stating, in part, that the Trial would commence on May 12, 2014.  [D.I. 12522].

10.      On January 24, 2014, the U.S. Debtors filed a Proposed Joint Trial Protocol with this Court [D.I. 12863] (as amended, the "Trial Protocol").  The Canadian and EMEA Debtors filed a substantially similar proposed trial protocol in the Canadian Court on the same date.  On March 10, 2014, the estates filed substantially similar amendments to the Trial Protocol with the Courts [D.I. 13132].

11.      The Trial Protocol provided for the exchange of various pretrial submissions during the months of January to May 2014, including expert reports and reply expert reports, affidavits and reply affidavits, pretrial motions and responses and replies thereto, and pretrial briefs.  All of these submissions have been filed under seal pursuant to Section 8(c) of the Protective Order.

12.      The Trial Protocol also provided for the Core Parties to exchange initial exhibits lists and supplemental exhibit lists on April 11, 2014 and April 25, 2014, respectively.  The Core Parties made such exchanges on those dates.  In addition, pursuant to agreement between the Core Parties, the Core Parties exchanged preliminary exhibit lists on March 28, 2014.  In total, the Core Parties have designated over 13,000 documents as potential trial exhibits, some of which are subject to admissibility objections.  On May 2, 2014, the Core Parties gave the Courts access to an online database containing electronic copies of all potential trial exhibits.

4

13.     In addition, pursuant to the Trial Protocol, starting on April 11, 2014, the Core Parties have been exchanging fact and expert witness deposition designations and objections thereto.  The Core Parties will deliver to the Courts copies of such deposition transcripts prior to the commencement of the Trial.

14.     As a result of these exchanges, the identification of trial exhibits, the designation of deposition testimony, and the exchange of trial witness affidavits has been substantially completed only in recent days, with certain discrete deadlines still pending and other issues subject to further discussion between the Core Parties.

15.     At a joint pretrial conference on April 22, 2014, the issue of confidentiality was discussed.  The estates agreed to continue to meet and confer in good faith pursuant to Section 8(d) of the Protective Order, and to revert to the Courts with a proposal on how to address confidentiality concerns now that the discovery phase of the proceedings has ended and the Trial is to commence shortly.  Transcript of April 22, 2014 Hearing, 88:16-89:1; 89:11-90:13.

16.     Since the pretrial conference, the estates have been working together diligently to review the exhibit lists that have been exchanged and identify the documents from such lists that may be subject to confidentiality obligations of one or more of the estates.  In addition, the estates have been discussing how to protect from public disclosure confidential information that may be contained in pretrial submissions, expert reports, witness affidavits, and deposition testimony or that otherwise may be discussed or presented during the Trial.

17.     The U.S. Debtors support a public trial that is consistent with confidentiality obligations they and other debtors may have to third parties – in particular, as further described in the Confidentiality Motion, to post-petition purchasers of Nortel assets, counterparties to license agreements, and tax authorities.  Thus, the U.S. Debtors have been working cooperatively

with the other Nortel estates to formulate a practical approach to propose to the Courts regarding the treatment of confidential information in connection with the Trial that would protect the Nortel estates from liability while at the same time protecting the public interest in open court proceedings.

18.    Taking into account the different aspects of the Trial and the submissions related thereto, and based on the discussions the U.S. Debtors have been having with the other Nortel estates, the U.S. Debtors respectfully propose the entry of court orders, as more fully described in the Confidentiality Motion, directing the Core Parties with respect to procedures that would govern confidential information in respect of the trial.  The Canadian Debtors have filed a motion on May 2, 2014 seeking substantially similar relief with the Canadian Court.

## Basis for Relief

19.    Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances.  11 U.S.C. § 102(1).  Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

20.    Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown."  Fed. R. Bankr. P. 9006.

21.    Local Rule 9006-1 requires "all motion papers shall be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date."  Del. Bankr. L.R. 9006-1(c)(i).

22.    Moreover, according to Federal Rule of Bankruptcy Procedure 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the

period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

23.     The U.S. Debtors respectfully submit that allowing the relief requested in the Confidentiality Motion to be considered on an expedited basis is reasonable and appropriate under the circumstances. As more fully described in the Confidentiality Motion, speed is particularly important here where the Trial is set to commence in less than two weeks, on May 12, 2014, and the relief requested relates to protecting confidential information contained in voluminous potential trial exhibits and other pretrial submissions from public disclosure.

24.     As discussed more fully in the Confidentiality Motion, the relief requested in the Confidentiality Motion is an attempt to balance the strong public interest in ensuring that the Trial is as transparent and publicly accessible as possible against the significant confidentiality obligations the U.S. Debtors and other debtors may have to third parties.

25.      Thus, the U.S. Debtors have been working cooperatively with the other Nortel estates to formulate a practical approach to propose to the Courts regarding the treatment of confidential information in connection with the Trial.

26.     Given that the Courts have scheduled a Joint Hearing for May 8, 2014 to consider pretrial motions and further discuss confidentiality issues, the U.S. Debtors seek to schedule a hearing on the Confidentiality Motion for the May 8, 2014 Joint Hearing and to provide the

counterparties to Nortel's confidentiality obligations an opportunity to appear at the Joint Hearing to be heard on the issue of which documents warrant confidential treatment.

27.      For these reasons, the U.S. Debtors respectfully submit that allowing the Confidentiality Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

### No Prior Request

28.      No prior request for the relief sought in this Motion to Shorten has been made to this or any other court.

### Notice

29.      Notice of the Motion to Shorten has been given via hand delivery or overnight mail to (i) the U.S. Trustee; (ii) the general service list established in these chapter 11 cases; (iii) the Core Parties; (iv) the purchasers in the post-petition sales; (v) the license agreement counterparties; (vi) the U.K. firms subject to the letters rogatory; (vii) the IRS; and (viii) the CRA.  The U.S. Debtors submit that under the circumstances no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein, the U.S. Debtors respectfully request that the Court enter an order, substantially in the form of **Exhibit A** attached hereto, (i) shortening the notice period for the Confidentiality Motion to allow it to be considered on an expedited basis; (ii) setting **May 7, 2014 at 12:00 p.m. (Eastern Time)** as the Objection Deadline; (iii) scheduling the hearing on the Confidentiality Motion for **May 8, 2014 at 11:00 a.m. (Eastern Time)**; and (iv) granting such other relief as may be just and proper.

Dated:  May 2, 2014
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard S. Zelbo (admitted *pro hac vice*)

8

James L. Bromley (admitted *pro hac vice*)
Jeffrey A. Rosenthal (admitted *pro hac vice)*
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Ann C. Cordo (No. 4817)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors and Debtors in Possession*