## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

_____
                                              :
*In re*                                      :       Chapter 11
                                             :
Nortel Networks Inc., *et al.*,         :       Case No. 09-10138 (KG)
                                             :
                  Debtors.        :       Jointly Administered
                                             :
                                             :       Hearing date:  May 8, 2014 at 11:00 a.m. (ET)
_____:

### MICROSOFT CORPORATION'S (1) JOINDER IN THE MAY 3, 2014 MOTION OF THE U.S. DEBTORS FOR ENTRY OF AN ORDER PROTECTING CONFIDENTIAL INFORMATION FROM PUBLIC DISCLOSURE DURING TRIAL AND (2) REQUEST FOR ENTRY OF AN ORDER TO SEAL OR REDACT CONFIDENTIAL PATENT CROSS LICENSE AGREEMENT

Microsoft Corporation ("Microsoft"), by and through its undersigned counsel, hereby joins in the Motion Of The U.S. Debtors For Entry Of An Order Providing Directions And Establishing Procedures For Sealing Trial Exhibits, Redacting Pretrial Submissions, And Protecting Confidential Information From Public Disclosure During the Trial [D.I. 13461] filed on May 3, 2014 (the "Nortel Motion") and adopts and incorporates by reference all arguments and supporting authorities contained in the Nortel Motion.  In further support of this Joinder and relief sought herein, Microsoft avers as follows:

### BACKGROUND

1. Microsoft is a counterparty under that certain Patent Cross License Agreement, effective as of July 17, 2006 (the "PCL") with various of the Debtors.  As further detailed in the Declaration of Horacio E. Gutiérrez attached hereto as Exhibit A (the "Gutiérrez Decl."), the PCL contains highly sensitive commercial information that is confidential to Microsoft.  *See* Gutiérrez Decl. ¶¶ 6, 9.

2.      On May 2, 2014, Microsoft received a notice from the Debtors stating that the PCL has been designated as a potential trial exhibit and may be put into the public record in the Trial to determine the allocation of sale proceeds between the various estates.  *See id.* ¶ 5.  The Notice states that the Debtors plan to seek an order from the Court which may include a request for relief to permit the Debtors to file confidential material under seal, redact confidential material and/or seal the courtroom during the Trial to protect confidential material.  The Notice further states that the issues regarding the protection of the confidential material are scheduled to be addressed at the hearing on May 8, 2014.

3.       On May 3, 2014, the U.S. Debtors filed the Nortel Motion with this Court to request entry of an order that would, *inter alia*, protect confidential information from public disclosure in respect of the Trial, including the PCL and over 100 other pre-petition intellectual property license agreements that various of the Debtors entered into with third parties.  *See* Nortel Motion ¶¶ 17, 25.  The Nortel Motion seeks to protect the PCL and other confidential license agreements from public disclosure "to the extent the use of or reference to such agreement in connection with the Trial reveals the identity of the counterparty." *Id.* ¶ 25.  The specific method of protection of the license agreements is not clearly set forth in the Nortel Motion.

**RELIEF REQUESTED**

4.      As a counterparty to a license agreement designated as a trial exhibit potentially to be used in the allocation Trial, Microsoft's interests are squarely implicated by the Nortel Motion and should be considered by the Court.

5.      Microsoft takes extensive measures to protect its intellectual property and confidential commercial information, such as that contained in the PCL.  *See* Gutiérrez Decl.

2

¶ 4.  As part of its standard practice, Microsoft includes confidentiality clauses in patent licensing agreements with third parties along with specific provisions regarding the content of any press release or other public communication related to such agreements.  Even within Microsoft, confidential information regarding licensing terms and conditions is restricted to a "need to know" basis.  *See id.*

6. Accordingly, the PCL's terms are not known to the public.  *See id.* ¶ 6.  The PCL contains a broad provision making the terms of the PCL confidential.  Microsoft has made only two public communications about the PCL, both of which were short general statements that fully complied with the PCL's confidentiality clause and the provision governing press releases.  *See id.* ¶¶ 7-8.  The parties to the PCL previously agreed to this broad confidentiality provision because the PCL contains sensitive and confidential commercial information belonging to the Debtors and Microsoft.  *See id.* ¶ 6.

7. Public disclosure of confidential commercial information in licensing agreements such as the PCL would cause substantial commercial harm to Microsoft by creating an asymmetry of information that benefits its competitors and potential counterparties.  *See id.*  This asymmetry of information would weaken Microsoft's competitive advantage and result in additional leverage and bargaining power that competitors or potential licensing counterparties could use against Microsoft in future negotiations.  In particular, by learning the PCL's financial details, competitors and potential counterparties would gain an unfair insight into Microsoft's business practices, licensing strategies, and negotiation tactics.  If Microsoft has difficulty reaching favorable out-of-court licensing agreements due to its diminished competitive advantage, it would significantly increase the likelihood of costly litigation to resolve patent and other intellectual property disputes.  *See id.*

8. During the discovery phase in the above-captioned proceeding, the Debtors

designated the PCL as "Highly Confidential" under the Court's protective order (the "Protective Order") governing the exchange of documents, dated June 11, 2013 [D.I. 10805]. The basis for the "Highly Confidential" designation of the PCL is that it contains "information of a commercially sensitive nature subject to a non-disclosure agreement or similar agreement between any Producing Party and a third party" under Section 2 of the Protective Order. There has been no showing made as to why there is a material necessity to publicly disclose more than the existence of the PCL for purposes of the Trial.

9. Microsoft only received notice that the PCL may be publicly disclosed as an exhibit in the Trial a few days ago, and its concerns about confidentiality need to be raised before the Court in connection with the May 8 hearing. There has not been sufficient time for Microsoft to engage in a meet and confer process with the Core Parties seeking public disclosure of the PCL to reach a mutually agreeable resolution as to the use of the PCL at the Trial. Protection of its confidential commercial information is extremely important to Microsoft, and its interests should not be put in jeopardy in this abbreviated process and without a full and fair opportunity to be heard. This is especially so because, at this point, it is not even known whether any of the Core Parties to the Trial have any real intention to introduce or disclose any terms of the PCL at the Trial.

10. Here, the Court should order relief that protects Microsoft's confidentiality interests as to the PCL's use at the Trial. The Nortel Motion clearly is designed to do so. What is not entirely clear, however, is the exact nature of protection sought by the Debtors as it relates to Microsoft and other license counterparties. While Microsoft appreciates that the Debtors are continuing to discuss these issues with the various Core Parties to the Trial, Microsoft should be given a voice in those discussions as it relates to the PCL and its potential

use at the Trial.

11. In the event these issues cannot be resolved, the Court should order the sealing of the PCL to the extent used or discussed at the Trial. Alternatively, depending on the intended use or discussion of the PCL at the Trial, it may be possible to appropriately redact certain of the PCL's provisions relating to the financial terms, scope, and other sensitive commercial information, especially where such information is irrelevant to the Trial's material issues of how to allocate sale proceeds among the estates. Microsoft will have redacted and unredacted versions of the PCL available for the Court's inspection at the May 8, 2014 hearing.

12. The relief requested by the Debtors in the Nortel Motion and sought by Microsoft in this Joinder is squarely authorized under the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders to protect a party's confidential, commercial or proprietary information:

> On request of a party in interest, the bankruptcy court shall … protect an entity with respect to a trade secret or confidential research, development, or commercial information ….

11 U.S.C. § 107(b).

13. Furthermore, Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial

information….

Fed. R. Bankr. P. 9018. Local Rule 9018-1 requires any party who seeks to file documents under seal to file a motion to that effect. Del. Bankr. L.R. 9018-1(b).

14. A movant is not required to demonstrate "good cause" to have its confidential commercial information sealed in the bankruptcy context. Rather, if the material sought to be filed under seal falls within one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.,* 21 F.3d 24, 27 (2d Cir. 1994).

[*The remainder of this page is intentionally left blank.*]

WHEREFORE, Microsoft respectfully requests that this Court grant the relief sought in the Nortel Motion and requested herein to protect the interests of Microsoft, and grant such other and further relief as it deems just and proper.

Dated: Wilmington, DE
May 6, 2014

Respectfully submitted,

BROWN WYNN McGARRY NIMEROFF LLC

/s/Jami B. Nimeroff
Jami Nimeroff, Esquire (No. 4049)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
(302) 428-8142 Tel
(302) 351-2744 Fax
jnimeroff@bwmnlaw.com

and

Mitchell A. Karlan, Esquire
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000 Tel
(212) 351-6351 Fax
MKarlan@gibsondunn.com

*Counsel for Microsoft Corporation*