<u>**Exhibit A**</u>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
|  | : | **Re: D.I.s 13461, 13463** |

-----------------------------------------------------------X

**ORDER PROVIDING DIRECTIONS AND ESTABLISHING
PROCEDURES FOR SEALING TRIAL EXHIBITS, REDACTING
PRETRIAL SUBMISSIONS, AND PROTECTING CONFIDENTIAL
INFORMATION FROM PUBLIC DISCLOSURE DURING THE TRIAL**

Upon the motion (the "Motion")[2] by Nortel Networks, Inc. ("NNI") and certain of its

affiliates, as debtors and debtors in possession (collectively, the "U.S. Debtors"), for entry of an

order, as more fully described in the Motion, providing directions and establishing procedures

for sealing trial exhibits, redacting pretrial submissions, and protecting confidential information

from public disclosure during the Trial; and upon consideration of the order entering a Protective

Order [D.I. 10805]; and upon consideration of the Trial Protocol [D.I. 12863]; and upon the

pleadings filed by the Canadian Debtors and Monitor before the Canadian Court; and upon

recognition that the U.S. Debtors seek to balance their confidentiality obligations with the need

for an open and transparent Trial; and upon recognition that the non-confidential use of

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems
Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera
Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc.
(2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel
Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom
International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc.
(4226).   Addresses for the Debtors can be found in the Debtors' petitions, which are available at
http://dm.epiq11.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

documents at Trial is in the interests of public openness; and upon consideration of the list of

Priority Trial Exhibits (defined below) listed on Schedule "A" as submitted by the U.S. Debtors,

which include, but are not limited to, (i) disclosure schedules and other transaction documents

related to the sale agreements for the post-petition sales that the Courts permitted be filed under

sealed in connection with the approval process for such sales ("Disclosure Schedules"); (ii)

documents related to the business and/or assets sold in the post-petition sales that contain the

categories of confidential information set out in paragraph 5(a) below ("Sale Documents"); (iii)

intellectual property license agreements that one or more Nortel entities entered into with various

third parties before the bankruptcy filings that contain the categories of confidential information

set out in paragraph 5(b) below ("License Agreements"); (iv) confidential tax documents that

contain the categories of confidential information set out in paragraph 5(c) below ("Tax

Documents"); and (v) documents concerning former Nortel employees that contain the

categories of confidential information set out in paragraph 5(d) below ("Employee Documents");

and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant

to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief requested in the

Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and

the parties in interest; and finding that adequate notice having been provided to all parties with

an interest in the Motion under the circumstances; and upon the record in these proceedings,

including all objections, responses filed, and other pleadings filed with regard to the Motion; and

after due deliberation;

      IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED as set forth herein.

2.  Except as set forth herein, documents at Trial shall be non-confidential and the Core Parties are directed to file the documents publicly with the Courts subject to and on the terms and conditions of this Order.

3.  With respect to exhibits designated for use at Trial in the portion of the Trial to take place in May and June (the "Priority Trial Exhibits"):

    a.  Priority Trial Exhibits listed on Schedule "A" hereto contain Confidential Information (as defined below) and shall be filed under seal pending further Order of the Courts;

    b.  Confidential Information (as defined below) contained in any Priority Trial Exhibit listed on Schedule "A" may only be used on a confidential basis during the course of the Trial, and may not be used or referred to by counsel and/or witnesses in open Court without a clearing of the Courtrooms, absent further ruling of the Courts; and

    c.  The balance of the Priority Trial Exhibits shall be deemed non-confidential and to the extent filed with and/or admitted by the Courts as evidence, they shall be filed and/or admitted and may be used on a non-confidential basis, provided that in the event of a dispute concerning whether a Priority Trial Exhibit should be sealed or redacted, such Priority Trial Exhibits shall remain under seal pending the resolution of such dispute or a further Order of the Courts.

    d.  The Canadian Debtors, EMEA Debtors and U.S. Debtors (the "Debtors") shall have the right to amend Schedule A, including but not limited to:

      i.  the right to add additional documents to Schedule A, upon agreement of the Core Parties or further Order of the Courts; and

      ii.  the right to remove documents from Schedule A, upon agreement of the Debtors and on at least 2 business days' notice to the affected third party or further Order of the Courts.

  e.  In the event of any dispute between the Core Parties regarding the amendment of Schedule A in accordance with sub-paragraph 3(d) above, the document shall be provisionally sealed, pending further order of the Courts.

4.  With respect to designated portions of deposition transcripts, expert reports, affidavits, pretrial briefs or other materials for use at Trial in the portion of the Trial to take place in May and June ("Additional Priority Trial Documents"):

  a.  The Debtors shall work together to review the Additional Priority Trial Documents (the "Review Process") and shall, in accordance with the process set out in the below sub-paragraphs, either: (i) advise the Core Party Service List and the Courts in writing that such Additional Priority Trial Document does not contain any Confidential Information and therefore can be unsealed; or (ii) serve and file a redacted version of such Additional Priority Trial Document to protect against the public disclosure of any Confidential Information.

  b.  The Debtors shall coordinate the review of the Additional Priority Trial Documents to determine which Debtor or Debtors shall be delegated the review of each such document provided that the defaulting rule shall be that the Debtors shall review the Additional Priority Trial Documents proffered or produced by them and those proffered or produced by other Core Parties within their

Allocation Group.  The Review Process shall be completed by the relevant Debtor (the "<u>Reviewing Debtor</u>") on the following timeline:

    i.   With respect to pre-trial briefs on Allocation: by May 10, 2014;

    ii.   With respect to affidavits, expert reports or transcripts relating to the evidence of a fact or expert witness who will be appearing at trial: no later than the later of (A) May 12, 2014 or (B) 3 business days prior to the expected date of the examination of that witness, provided that for witnesses expected to appear on May 14, 2014, the Review Process shall be completed by May 11, 2014; and

    iii.   With respect to the remainder of the designated portions of deposition transcripts and any other Additional Priority Trial Documents that the Debtors may identify: on a rolling basis and no later than June 27, 2014.

c.   Upon completion of the Review Process for a particular Additional Priority Trial Document on the timeline set out in sub-paragraph 4(b) above, the Reviewing Debtor shall provide notice to the Core Party Service List either (i) that the Additional Priority Document does not contain Confidential Information and may be unsealed or (ii) of the proposed redaction of the Additional Priority Document.

d.   If any Core Party objects to the treatment of an Additional Priority Trial Document proposed by the Reviewing Debtor, it shall do so in writing delivered to all Core Parties:  (i) with respect to pretrial briefs, within 24 hours of receipt of the notice; (ii) with respect to affidavits, expert reports or transcripts submitted by a fact or expert witness who will be appearing at trial, within 1 business day before such witness' appearance; and (iii) with respect to all other Additional

Priority Trial Documents, within 5 business days of receipt of the notice.  The parties shall work in good faith to attempt to resolve the objection on the same business day that the objection was received.

e.  In the event that no objection is received in accordance with sub-paragraph 4(d) above, the Debtors shall work together to provide notice of the unsealing to the Courts and/or file the redacted version of the Additional Priority Trial Document, as applicable, provided that the process for filing of any such redacted Additional Priority Trial Documents shall be done in a manner that is efficient and consistent with the conduct of the Trial and applicable local rules.

f.  Pending completion of the Review Process for any particular Additional Priority Trial Document, the Protective Order shall continue to apply to all unredacted Additional Priority Trial Documents and the same are hereby sealed by the Courts pending the earlier of (i) the expiration of the period for objection set out above if no objection is made, or the date on which any such objection is resolved in writing, or (ii) further Order of the Courts.

5.  Notwithstanding anything to the contrary herein, any Priority Trial Exhibit or Additional Priority Trial Document, whether or not fully or partially sealed and/or redacted, may be used or referred to by counsel and/or witnesses in open Court without a clearing of the Courtrooms, provided that such Priority Trial Exhibit or Additional Priority Trial Document is summarized, excerpted and/or redacted in such a way that the following categories of confidential information ("Confidential Information") contained in such Priority Trial Exhibit or Additional Priority Trial Document are not revealed through such use or reference.  For purposes of this Order, the following categories of information

constitutes a non-exhaustive list of Confidential Information that may be redacted or

otherwise removed from a Priority Trial Exhibit or Additional Priority Trial Document so

that it may be used or referred to in open Court without a clearing of the Courtrooms:

a.  With respect to Disclosure Schedules and Sale Documents: any lists of Nortel

customer or supplier contracts contained in a transaction document or schedule;

copies of customer contracts that contain confidentiality provisions (to the extent

of the information designated as confidential by such provisions); confidential

lists of encumbrances on the assets such as patent license lists; actual or proposed

royalty rates for Nortel's patents contained in documents prepared prior to the

closing of the 2011 sale of the patent portfolio; employee lists that contain

personal information; companies identified as potential targets for infringement

actions or licensing for Nortel's patents; identification of the line(s) of business to

which a patent relates; patent claims charts; financial projections for lines of

business that relate to 2014 or later periods;

b.  With respect to License Agreements: the identity of the counter-party, the scope

of the license, field of use, patents covered, royalty rates or royalty amounts (all to

the extent of the information designated as confidential by a confidentiality

provision in the license agreement or relevant sale agreement) and any other

information designated as confidential under a specific license agreement;

c.  With respect to Tax Documents: the settlement between NNI and the Internal

Revenue Service and the resulting US Advance Pricing Agreement, the Advance

Pricing Agreement between the Minister and NNL and the [documents subject to

the confidentiality obligations owing by NNL to the Minister in connection

thereof all of which are listed on Schedule A and all information contained in such documents].[3]

d.   With respect to Employee Documents: personal information of current and former employees including home addresses, home telephone numbers, salary information, social insurance and social security numbers, Global ID numbers, pension and benefits information and other personal identification information, provided that cross-examination of trial witnesses or [designation of deposition testimony][4] on matters relating to salary, pension and benefits information shall not, by virtue of this Order alone, be considered Confidential Information.

6.   Upon the reasonable request of a Core Party or Core Parties, the Courtrooms will be cleared during the course of the Trial if it is determined that a witness is expected to testify about Confidential Information or Confidential Information is otherwise expected to be presented, provided, however, that any such requests shall be only as reasonably necessary and consistent with paragraph 5 above, and that the Courtrooms shall be re-opened as soon as reasonably practicable after any examinations or presentations regarding Confidential Information are completed.  To the extent practicable, any such request will be made at least one day prior to the day such clearing will be required in order to preserve the efficiency of the conduct of the Trial, provided that a Core Party may make such a request on the same day that such testimony is given or evidence presented.  A clearing of the Courtrooms shall include any gallery Courtroom or rooms where the Trial is being viewed remotely.

---

[3]   The bracketed language is still under consideration by the Debtors in light of ongoing discussions between the Canadian Monitor and the CRA.

[4]   Treatment of deposition designations remains under discussion.

7. In the event that any Core Party determines or realizes that:

    a. a Priority Trial Exhibit not on Schedule "A" contains Confidential Information such that it warrants sealing, such Core Party shall provide notice of such further sealing to the Core Parties Service List and, unless another Core Party objects within 2 business days of receipt of the notice, such document shall be deemed so sealed without further Order of the Courts. To the extent that any Core Party objects, the objecting party and the notifying party shall attempt to resolve the objection or seek direction from the Courts, and pending the resolution of such objection, the documents shall be sealed in accordance with the notice.

    b. Further redaction must be made to an Additional Priority Trial Document, written notice of such further redaction shall be made to the Core Parties Service List and, unless another Core Party objects within 2 business days of receipt of the notice, such document shall be so redacted without further Order of the Courts. To the extent that any Core Party objects, the objecting party and the notifying party shall attempt to resolve the objection or seek direction from the Courts, and pending the resolution of such objection, the document shall be redacted in accordance with the notice.

8. No Core Party, nor its attorneys or advisors, nor any fact or expert witness submitting a report or affidavit and/or testifying at the Trial, shall incur any liability for compliance with this Order.

9. The Protective Order continues to apply to:

    a. All exhibits, transcripts, expert reports, affidavits, briefs or other materials that are not also Priority Trial Exhibits or Additional Priority Trial Documents and that

have been designated for the "Claims" portion of the Trial scheduled to take place in July 2014, pending further Order of the Courts; and

b. Any document produced during the discovery process but not designated for use at Trial, pending further Order of the Courts.

10. To the extent filed with and/or admitted by the Courts as evidence, all documents listed on Schedule "B" hereto, which consists of documents produced by the United Kingdom affiliates of PwC LLP, Grant Thornton LLP, Deloitte LLP, and Towers Watson and that have been designated as exhibits for use at the Trial on allocation of sale proceeds and/or the "Claims" portion of the Trial, shall constitute Confidential Information and be filed under seal and remain under seal pending consent from the producing party for public disclosure of any such document or documents.

11. The inclusion in the Trial Exhibits and the use or reliance at Trial by any Core Party of any document that constitutes Nortel Joint Privileged Discovery Material (as defined in the Protective Order, as amended) shall not, and is not intended to, be:

a. In the case of any such document that is not sealed at the Trial, a waiver of any Privilege (as defined in the Protective Order) with respect to any other document or information or testimony concerning the same subject matter as the Nortel Joint Privileged Discovery Material for the purposes of this Trial or any other purpose; and

b. In the case of any such document that is sealed at Trial, a waiver of any Privilege with respect to that document or any other document or information or testimony concerning the same subject matter as it, or as any related Nortel Joint Privileged Discovery Material, for the purposes of this Trial or any other purpose.

12. The U.S. Court and the Canadian Court shall retain jurisdiction and venue for the

purposes of any dispute arising out of or relating to this Order.

Dated: May___, 2014

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

## Schedule A

**To Be Provided Later**

## Schedule B

**To Be Provided Later**