IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Nortel Networks, Inc., *et al.*, | : | Case No. 09-10138 (KG) |
| | : | |
| Debtors | : | **Hearing Date: 5/8/14 at 11:00 a.m.** |
| | : | **Objections Due: 5/7/14 at 12:00 Noon** |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO MOTION OF U.S. DEBTORS FOR ENTRY OF AN ORDER PROVIDING DIRECTIONS AND ESTABLISHING PROCEDURES FOR SEALING TRIAL EXHIBITS, REDACTING PRETRIAL SUBMISSIONS, AND PROTECTING CONFIDENTIAL INFORMATION FROM PUBLIC DISCLOSURE DURING THE TRIAL (D.I. 13461)**

Roberta A. DeAngelis, the United States Trustee for Region Three ("U. S. Trustee"), by and through her counsel, files her Limited Objection to the Motion of the U.S. Debtors for Entry of an Order Providing Directions and Establishing Procedures for Sealing Trial Exhibits, Redacting Pretrial Submissions, and Protecting Confidential Information from Public Disclosure During the Trial ("Motion"), as follows:

**JURISDICTION**

Pursuant to i) 28 U.S.C. § 1334; ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and resolve this Limited Objection.

1.     The U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district, pursuant to 28 U.S.C. § 586.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts to guard against abuse and over-reaching to assure fairness in the process and adherence to the provisions of the Bankruptcy Code.  *See In re United Artists Theatre Co.*, 315 F.3d 217, 225 (3d Cir. 2003) ("U.S. Trustees are officers of the Department of

Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings."); *United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 298 (3d Cir. 1994) ("It is precisely because the statute gives the U.S. Trustee duties to protect the public interest…that the Trustee has standing to attempt to prevent circumvention of that responsibility." ); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499 (6th Cir. 1990) ("As Congress has stated, the U.S. trustees are responsible for 'protecting the public interest and ensuring that the bankruptcy cases are conducted according to [the] law").

2. The U.S. Trustee has standing to be heard on the Motion pursuant to 11 U.S.C. § 307.

**ARGUMENT**

3. As noted in the Motion, the various Nortel estates are about to embark on a trial to determine the allocation of over $7 billion in proceeds from the sale of assets. The U.S. Debtors have filed the Motion seeking procedures for the protection of confidential commercial, competitively sensitive, and/or proprietary documents and information anticipated to be introduced at trial. It is understood that much of that information was produced in discovery under an earlier protective order issued by this court.

4. While the U.S. Trustee understands the importance of protecting confidential commercial, competitively sensitive, and/or proprietary information from unnecessary disclosure, it is important that such protection not be so overarching as to prevent the public from understanding the details of what is by common law and the Bankruptcy Code an inherently public process.

5.  The Supreme Court stated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978): "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Unanimity in the case law demonstrates that there is a common law right of access to judicial proceedings and to inspect judicial records in civil matters. In *Orion Pictures Corp. v. Video Software Dealers Assoc.,* 21 F.3d 24 (Cir. 2 1994), the Court stated the general rule as ". . . a strong presumption of public access to court records. . . This preference for public access is rooted in the public's first amendment right to know about the administration of justice. It helps safeguard the 'integrity, quality, and respect in our judicial system." 21 F.3d 24, 26 (citations omitted). *See also*, *In re Continental Airlines,* 150 B.R. 334 (D. De. 1993) (the court noted "...the strong presumption in favor of public access to judicial records and papers..."). *Accord*, *In re Foundation for New Era Philanthropy,* 1995 WL 478841 (E.D. Pa. 1995); *In re Barney's Inc.,* 201 B.R. 703 (Bankr. S.D.N.Y. 1996). This common law has been codified in Section 107(a) of the Bankruptcy Code.

6.  In the bankruptcy context, limited exceptions to the general rule are contained in the Bankruptcy Code and Rules. Bankruptcy Code Section 107(b) provides as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may-
>
>   (1) protect an entity; with respect to a trade secret or confidential research, development, or commercial information; or
>
>   (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

3

Rule 9018 essentially incorporates the substance of Section 107(b), and adds to the type of matters subject to seal, the protection of "...governmental matters that are made confidential by statute or regulation." Fed.R.Bankr.P.

7. As exceptions to the common law rule, the burden is on the moving party to show that a request to place documents under seal falls within the parameters of Bankruptcy Code Section 107(b) and Rule 9018 by demonstrating that: "...that the interest in secrecy outweighs the presumption in favor of access." *See In re Continental Airlines,* 150 B.R. 334 (D. De. 1993). The inquiry then is whether or not the matter sought to be placed under seal fits within any of the categories included within either of Section 107(b) or Rule 9018.

8. "Confidential commercial information" is not a defined term within the Bankruptcy Code, but it has been addressed in the case law addressing Section 107(b)(1). "Confidential commercial information" is "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the [entity]." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (Walrath, J.) (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27-28 (2d Cir. 1994) and *Ad Hoc Protective Comm. for 10 ½% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. BAP 1982)). The disclosure of such information must "reasonably be expected to cause the entity commercial injury." *Alterra*, 353 B.R. at 75 (citing *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bank. E.D. Tex. 2004) and *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003)). "Moreover, the Court must find that information contained in the . . . [documents] . . . 'is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'" *Alterra*, 353 B.R. at 75-76 (quoting *In*

4

*re Barney's, Inc.*, 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996)).  Information is not "'commercial' within the meaning of § 107(b) merely because it relate[s] to business affairs." *In re Northwest Airlines Corp.*, 363 B.R. 704, 706 (Bankr. S.D.N.Y. 2007).  It must be "information which would give a competitor an unfair advantage." *Id*.  (quoting *In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 382 (Bankr. N.D. Ill. 1996).

9. Although the Third Circuit has not addressed Section 107(b) or Rule 9018, it has examined the common law right of public access in the context of confidential settlement agreements.  In *Pansy v. Borough of Stroudsburg*, 23 F. 3d 772 (3 Cir. 1994), the news media sought an order challenging the sealing of a settlement agreement in a civil rights case between Stroudsburg and its former police chief.  The court reaffirmed the common law rule:  "We have previously recognized a right of access to judicial proceedings and judicial records, and this right of access is 'beyond dispute'." *Id.* at 780-781.  In the absence of provisions or rules like Bankruptcy Code Section 107(b) or Rule 9018, the Third Circuit adopted a balancing test between the need for confidentiality or privacy and the right to know, concluding:  "If a settlement agreement involves issues or parties of a public nature, and involves matters of legitimate public concern, that should be a factor weighing against entering or maintaining an order of confidentiality." (23 F.3d 772, 788).

10. Any relief ultimately granted under Bankruptcy Code Section 107(b) should be narrowly tailored, to provide for maximum possible disclosure.  *See In re Lomas Financial Corporation*, 1991 WL 21231, at *2 (S.D.N.Y. 1991).  Only those portions of trial memoranda, briefs, and exhibits that meet the requirements of either Bankruptcy Code Section 107 or Rule

9018 should be redacted and sealed, and even, then, redaction and sealing should be accomplished as narrowly as possible. The balance should become part of the public record.

11. The U.S. Trustee does not discount the complexity of the undertaking this trial represents – thousands of documents are expected to be introduced into evidence, many of which contain confidential commercial, competitively sensitive, and/or proprietary information that require some level of protection. Nonetheless, *all* parties in interest, as well as the public at large, should have meaningful access before and during trial, to those documents that provide an understanding of the issues and arguments being presented at trial. This necessarily means that all briefing should be made available for public view before and during the trial, and as many other documents as possible should be made available for public view as soon as the sealing issues can be effectively resolved.

12. The U.S. Trustee respectfully submits that the form of order originally submitted to the Court with the Motion failed to sufficiently address the need for an expeditious resolution of sealing issues. The U.S. Trustee reserves the right to further comment on the terms of the proposed order as it is modified.[1]

---

[1] The U.S. Trustee also reserves the right to participate in the meet-and-confer process described in the Motion and proposed order, to comment on the sealing or redaction of particular documents during the case, and to comment on requests to seal the courtroom during presentation of any evidence or arguments which any party in interest asserts requires protection from full public disclosure

6

WHEREFORE, the United States Trustee respectfully requests that the Court grant relief on the Motion only consistent with this Limited Objection and grant such other relief as the Court deems appropriate.

>Respectfully submitted,
>
>ROBERTA A. DeANGELIS
>UNITED STATES TRUSTEE

Dated: May 7, 2014          BY: /s/ Mark S. Kenney
                            Mark S. Kenney
                            Trial Attorney
                            Office of the United States Trustee
                            J. Caleb Boggs Federal Building
                            844 King Street, Suite 2207, Lockbox 35
                            Wilmington, DE 19801
                            (302) 573-6491
                            (302) 573-6497 (Fax)