**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

_____
                                                            :
*In re*                                                     :         Chapter 11
                                                            :
Nortel Networks Inc., *et al.*,                             :         Case No. 09-10138 (KG)
                                                            :
                    Debtors.                                :         Jointly Administered
                                                            :
                                                            :  Hearing date: TBD
_____:  Objections due: TBD


**MICROSOFT CORPORATION'S MOTION FOR ENTRY OF AN ORDER TO SEAL
OR REDACT CONFIDENTIAL PATENT CROSS LICENSE AGREEMENT**

Microsoft Corporation ("Microsoft"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit B, sealing the Patent Cross License Agreement between Microsoft and certain of the debtors in the above-captioned proceeding (the "Debtors"), effective as of July 17, 2006, which has been designated as a priority exhibit in the joint trial scheduled to commence on May 12, 2014 (the "Trial"). In support of this Motion, Microsoft respectfully represents as follows:

**JURISDICTION**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the

"Local Rules").

## BACKGROUND

3.      Microsoft is a counterparty under that certain Patent Cross License Agreement, effective as of July 17, 2006 (the "PCL") with various of the Debtors.  As further detailed in the Declaration of Horacio E. Gutiérrez attached hereto as Exhibit A (the "Gutiérrez Decl."), the PCL contains highly sensitive commercial information that is confidential to Microsoft.  *See* Gutiérrez Decl. ¶¶ 6, 9.

4.      On May 2, 2014, Microsoft received a notice from the Debtors stating that the PCL has been designated as a potential trial exhibit and may be put into the public record in the Trial to determine the allocation of sale proceeds between the various estates.  *See id.* ¶ 5.

5.       On May 3, 2014, the U.S. Debtors filed the Motion For Entry Of An Order Providing Directions And Establishing Procedures For Sealing Trial Exhibits, Redacting Pretrial Submissions, And Protecting Confidential Information From Public Disclosure During the Trial [D.I. 13461] (the "Nortel Motion") with this Court.  The Nortel Motion requested entry of an order that would, *inter alia*, protect confidential information from public disclosure in respect of the Trial, including the PCL and over 100 other pre-petition intellectual property license agreements that various of the Debtors entered into with third parties.  *See* Nortel Motion ¶¶ 17, 25.  The proposed order attached to the Nortel Motion would protect the PCL and other confidential license agreements from public disclosure "to the extent the use of or reference to such agreement in connection with the Trial reveals the identity of the counterparty."  *Id.* ¶ 25.

6.      On May 6, 2014, Microsoft filed a joinder to the Nortel Motion (the "Joinder") and the Gutiérrez Declaration with this Court.  In the Joinder, Microsoft requested that the

Court order the sealing of the PCL to the extent used or discussed at the Trial or, depending on the intended use or discussion of the PCL at the Trial, order the appropriate redaction of the PCL's financial terms, scope, and other sensitive commercial information.

7.      On the evening of May 6, 2014, the Debtors filed a revised proposed order [D.I. 13502-1] (the "Revised Proposed Order"), which establishes a protocol for the use and redaction of confidential information in "Priority Trial Exhibits"—*i.e.*, exhibits designated for use at the Trial in May and June. Under paragraph 3 of the Revised Proposed Order, Priority Trial Exhibits that include certain confidential information are to be listed on Schedule A to the Revised Proposed Order. Schedule A is blank as of the filing of this Motion, but the Debtors have informed Microsoft that the PCL will be listed on Schedule A. Paragraph 5 of the Revised Proposed Order would permit the PCL to be "used or referred to by counsel and/or witnesses in open Court without a clearing of the Courtrooms, provided that [the PCL] is summarized, excerpted and/or redacted" to omit "the identity of the counter-party, the scope of the license, field of use, patents covered, royalty rates or royalty amounts . . . and any other information designated as confidential under a specific license agreement[.]" But paragraph 3.d of the Revised Proposed Order also provides that the Debtors "have the right to amend Schedule A by "remov[ing] documents from Schedule A, upon agreement of the Debtors and on at least 2 business days' notice to the affected third party or further Order of the Courts."

## RELIEF REQUESTED

8.      By this Motion, Microsoft respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B, sealing the PCL or appropriately redacting certain terms in the PCL to protect Microsoft's highly sensitive commercial information from public disclosure during the Trial.

9. The Motion is made pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

## GROUNDS FOR RELIEF

10. The relief requested by Microsoft is squarely authorized under the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders to protect a party's confidential, commercial or proprietary information:

> On request of a party in interest, the bankruptcy court shall … protect an entity with respect to a trade secret or confidential research, development, or commercial information ….

11 U.S.C. § 107(b).

8. Furthermore, Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….

Fed. R. Bankr. P. 9018. Local Rule 9018-1 requires any party who seeks to file documents under seal to file a motion to that effect. Del. Bankr. L.R. 9018-1(b).

9. A movant is not required to demonstrate "good cause" to have its confidential commercial information seal in the bankruptcy context. Rather, if the material sought to be filed under seal falls within one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

11.     Microsoft takes extensive measures to protect its intellectual property and confidential commercial information, such as that contained in the PCL.  *See* Gutiérrez Decl. ¶ 4.  As part of its standard practice, Microsoft includes confidentiality clauses in patent licensing agreements with third parties along with specific provisions regarding the content of any press release or other public communication related to such agreements.  Even within Microsoft, confidential information regarding licensing terms and conditions is restricted to a "need to know" basis.  *See id.*

12.     Accordingly, the PCL's terms are not known to the public.  *See id.* ¶ 6.  The PCL contains a broad provision making the terms of the PCL confidential.  Microsoft has made only two public communications about the PCL, both of which were short general statements that fully complied with the PCL's confidentiality clause and the provision governing press releases.  *See id.* ¶¶ 7-8.  The parties to the PCL previously agreed to this broad confidentiality provision because the PCL contains sensitive and confidential commercial information belonging to the Debtors and Microsoft.  *See id.* ¶ 6.

13.     Public disclosure of confidential commercial information in licensing agreements such as the PCL would cause substantial commercial harm to Microsoft by creating an asymmetry of information that benefits its competitors and potential counterparties.  *See id.*  This asymmetry of information would weaken Microsoft's competitive advantage and result in additional leverage and bargaining power that competitors or potential licensing counterparties could use against Microsoft in future negotiations.  In particular, by learning the PCL's financial details, competitors and potential counterparties would gain an unfair insight into Microsoft's business practices, licensing strategies, and negotiation tactics.  If Microsoft has difficulty reaching favorable out-of-court licensing agreements due to its diminished competitive advantage, it would significantly increase the likelihood of costly litigation to resolve patent and other intellectual property disputes.  *See id.*

10. During the discovery phase in the above-captioned proceeding, the Debtors designated the PCL as "Highly Confidential" under the Court's protective order (the "Protective Order") governing the exchange of documents, dated June 11, 2013 [D.I. 10805]. The basis for the "Highly Confidential" designation of the PCL is that it contains "information of a commercially sensitive nature subject to a non-disclosure agreement or similar agreement between any Producing Party and a third party" under Section 2 of the Protective Order. There has been no showing made as to why there is a material necessity to publicly disclose more than the existence of the PCL for purposes of the Trial.

11. Microsoft only received notice that the PCL may be publicly disclosed as an exhibit in the Trial a few days ago, and its concerns about confidentiality need to be raised before the Court in connection with the May 8 hearing. There has not been sufficient time for Microsoft to engage in a meet and confer process with the Core Parties seeking public disclosure of the PCL to reach a mutually agreeable resolution as to the use of the PCL at the Trial. Protection of its confidential commercial information is extremely important to Microsoft, and its interests should not be put in jeopardy in this abbreviated process and without a full and fair opportunity to be heard.

12. Accordingly, the Court should order the sealing of the PCL's terms to the extent used or discussed at the Trial. Alternatively, depending on the intended use or discussion of the PCL at the Trial, it may be possible to appropriately redact certain of the PCL's provisions relating to the financial terms, scope, and other sensitive commercial information, especially where such information is irrelevant to the Trial's material issues of how to allocate sale proceeds among the estates. Microsoft will have redacted and unredacted versions of the PCL available for the Court's inspection at the hearing for this Motion.

## NOTICE OF MOTION

13. Notice of the Motion has been given by electronic mail to (i) counsel to the Debtors, (ii) the Core Parties,[1] and (iii) the U.S. Trustee. Microsoft submits that under the circumstances no other or further notice is necessary.

## NO PRIOR REQUEST

14. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, Microsoft respectfully requests that this Court grant the Motion and the relief requested herein and grant such other and further relief as it deems just and proper.

Dated: Wilmington, DE
May 7, 2014

Respectfully submitted,

BROWN WYNN McGARRY NIMEROFF LLC

/s/Jami B. Nimeroff
Jami Nimeroff, Esquire (No. 4049)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
(302) 428-8142 Tel
(302) 351-2744 Fax
jnimeroff@bwmnlaw.com

and

Mitchell A. Karlan, Esquire
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000 Tel
(212) 351-6351 Fax
MKarlan@gibsondunn.com

*Counsel for Microsoft Corporation*

---

[1] The Core Parties include the Selling Debtors, the Committee, the Bondholder Group, the Monitor, the Joint Administrators, the CCC, the Indenture Trustees, the UK Pension Claimants, and the Directors and Officers, as defined in Appendix A of Exhibit 1 to the Order Entering Allocation Protocol, filed May 17, 2013 [D.I. 10565].