UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

_____
                                                    :
*In re*                                             :        Chapter 11
                                                    :
Nortel Networks Inc., *et al.*,                     :        Case No. 09-10138 (KG)
                                                    :
                        Debtors.                    :        Jointly Administered
                                                    :
                                                    :
_____:


**MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 102(1)
AND 105, FED. R. BANKR. P. 9006 AND BANKR. D. DEL. L.R. 9006-1(e)
SHORTENING NOTICE WITH RESPECT TO MICROSOFT CORPORATION'S
MOTION FOR ENTRY OF AN ORDER TO SEAL OR REDACT
<u>CONFIDENTIAL PATENT CROSS LICENSE AGREEMENT</u>**

        Microsoft Corporation ("<u>Microsoft</u>"), by and through its undersigned counsel, hereby

moves this Court (the "<u>Motion to Shorten</u>") for the entry of an order, substantially in the form

attached hereto, pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the

United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), (i) shortening

notice to allow *Microsoft Corporation's Motion For Entry Of An Order To Seal Or Redact*

*Confidential Patent Cross License Agreement* (the "<u>Seal Motion</u>"),[1] filed contemporaneously

herewith, to be considered on an expedited basis; (ii) scheduling a hearing on the Seal Motion so

that it may be heard on **May 12, 2014 at 10:00 a.m. (Eastern Time)** (or such other time as may

precede the commencement of the Trial) (the "<u>Proposed Hearing</u>"); and (iii) permitting

_____
[1]        Capitalized terms used but not defined herein have the meanings ascribed to them in the Seal Motion.

objections, if any, to the Seal Motion to be filed in advance of or raised on the record at the

Proposed Hearing.  In support of this Motion to Shorten, Microsoft states as follows:

## JURISDICTION

1.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28

U.S.C. §§1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 102(1) and 105(a)

of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

## RELIEF SOUGHT

4.      Contemporaneously herewith, Microsoft has filed the Seal Motion, which seeks

entry of an Order requiring the sealing of certain confidential commercial information relating to

Microsoft to the extent it is proposed to be introduced or used in the allocation Trial scheduled to

begin on May 12, 2014.

5.      By this Motion to Shorten, the U.S. Debtors seek the entry of an order

(i) shortening the notice period for the Seal Motion to allow it to be considered on an expedited

basis; (ii) scheduling the hearing on the Seal Motion for **May 12, 2014 at 10:00 a.m. (Eastern

Time)** (or such other time as may precede the commencement of the Trial); (iii) and permitting

objections, if any, to the Seal Motion to be filed in advance of or raised on the record at the

Proposed Hearing.

6.      By this Motion to Shorten Notice, Microsoft requests the entry of an order

shortening notice so that the Seal Motion can be heard on May 12, 2014, the date that the Trial is

scheduled to commence.

**Basis for Relief**

7.      Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

8.      Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006.

9.      Local Rule 9006-1 requires "all motion papers shall be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i).

10.     Moreover, according to Federal Rule of Bankruptcy Procedure 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

11.     Microsoft respectfully submits that allowing the relief requested in the Seal Motion to be considered on an expedited basis is reasonable and appropriate under the

circumstances.  Microsoft only very recently received notice that confidential commercial information relating to Microsoft may be presented and/or used in the allocation Trial, which is scheduled to commence on May 12, 2014.

12.     Microsoft submits that it is appropriate for the Court to consider the Seal Motion on an emergency basis before the Trial begins.  Microsoft will be prejudiced if it is not permitted to present its Seal Motion at that time because Microsoft's confidential commercial information has been designated as a Priority Trial Exhibit and may be publicly disclosed at the Trial before Microsoft has the opportunity to be heard on the issue.  Microsoft submits that no party-in-interest will be prejudiced if the Seal Motion is considered on May 12, 2014 before the Trial begins.  Microsoft suggests that parties-in-interest be permitted to present any responses to the Seal Motion verbally at the Proposed Hearing.

13.     For these reasons, Microsoft respectfully submits that allowing the Seal Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

### Notice

14.     Notice of the Motion to Shorten has been given by electronic mail to (i) counsel to the Debtors, (ii) the Core Parties,[2] and (iii) the U.S. Trustee.  Microsoft submits that under the circumstances no other or further notice is necessary.

### No Prior Request

15.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, Microsoft Corporation respectfully requests that the Court enter an order, substantially in the form attached hereto, (i) shortening the

---

[2]     The Core Parties include the Selling Debtors, the Committee, the Bondholder Group, the Monitor, the Joint Administrators, the CCC, the Indenture Trustees, the UK Pension Claimants, and the Directors and Officers, as defined in Appendix A of Exhibit 1 to the Order Entering Allocation Protocol, filed May 17, 2013 [D.I. 10565].

notice period for the Seal Motion to allow it to be considered on an expedited basis;

(ii) scheduling the hearing on the Seal Motion for **May 12, 2014 at 10:00 a.m. (Eastern Time)**

(or such other time as may precede the commencement of the Trial); (iii) permitting objections,

if any, to the Seal Motion to be filed in advance of or raised on the record at the Proposed

Hearing; and (iv) granting such other relief as may be just and proper.

Dated: Wilmington, DE
   May 7, 2014

Respectfully submitted,

BROWN WYNN McGARRY NIMEROFF LLC

/s/Jami B. Nimeroff
Jami Nimeroff, Esquire (No. 4049)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
(302) 428-8142 Tel
(302) 351-2744 Fax
jnimeroff@bwmnlaw.com

and

Mitchell A. Karlan, Esquire
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000 Tel
(212) 351-6351 Fax
MKarlan@gibsondunn.com

*Counsel for Microsoft Corporation*