Court File No. 09-CL-7950

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

IN THE MATTER OF THE *COMPANIES' CREDITORS
ARRANGEMENT ACT,* R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL
NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL
CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

**THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
                                                        :
*In re*                                                 :    Chapter 11
                                                        :
Nortel Networks Inc., *et al.*, [1]                     :    Case No. 09-10138 (KG)
                                                        :
                               Debtors.                 :    Jointly Administered
                                                        :
                                                        :    **RE: D.I. 13461**
                                                        :
---------------------------------------------------------X

**RESPONSE AND RESERVATION OF RIGHTS OF TELEFONAKTIEBOLAGET L M
ERICSSON (PUBL) AND ROCKSTAR BIDCO, LP TO THE MOTION OF THE U.S.
DEBTORS FOR ENTRY OF AN ORDER PROVIDING DIRECTIONS AND
ESTABLISHING PROCEDURES FOR THE SEALING OF TRIAL EXHIBITS,
REDACTING PRETRIAL SUBMISSIONS, AND PROTECTING THE CONFIDENTIAL
INFORMATION FROM PUBLIC DISCLOSURE DURING THE TRIAL**

Telefonaktiebolaget L M Ericsson (publ) ("Ericsson") and Rockstar Bidco, LP ("Bidco"

and, together with Ericsson, the "Purchasers"), as Purchasers pursuant to certain Sale

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
(9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
(0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the
Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

Agreements (as defined below) approved by final orders in the cases of the above-captioned

debtors (the "Debtors"), hereby submit, by and through their undersigned counsel, this response

(the "Response") to the motion by the Debtors for Entry of an Order Providing Directions and

Establishing Procedures for the Sealing of Trial Exhibits, Redacting Pretrial Submission, and

Protecting the Confidential Information from Public Disclosure During the Trial (the

"Confidentiality Motion") [Dkt. No. 13461].[2]  In support of this Response, the Purchasers

respectfully represent as follows:

**BACKGROUND**:

     1.   From July 28, 2009 to September 30, 2010, the Bankruptcy Court for the District

of Delaware (the "Court") entered four sale orders (the "Ericsson Sale Orders") approving

certain sale agreements by and among certain of the Debtors and other parties as Sellers and

Ericsson as Purchaser (the "Ericsson Sale Agreements").[3]

     2.   On July 11, 2011, the Court entered a sale order (the "Bidco Sale Order" and

together with the Ericsson Sale Orders, the "Sale Orders") approving the sale agreement by and

among certain of the Debtors  and others as Sellers and Bidco as Purchaser (the "Bidco Sale

Agreement" and together with the Ericsson Sale Agreements, the "Sale Agreements") [Dkt. No.

5935].

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion, or, if not described in the Motion, shall have the meanings ascribed to such terms in the Sale Orders (as defined herein).

[3]     The four Ericsson Sale Orders are: (i) the Order Authorizing and Approving (A) the Sale of Certain Assets of the Debtors' CDMA and LTE Business Free and Clear of All Liens, Claims and Encumbrances, and (B) the Assumption and Assignment of Contracts and (C) the Assumption and Sublease of Certain Leases [Dkt. No. 1205]; (ii) the Order Authorizing and Approving Sale of the Debtors' GSM/GSM-R Free and Clear of All Liens, Claims and Encumbrances [Dkt No. 2065]; (iii) the Order (I) Authorizing the Sale of Certain Assets of Debtors' GSM/GSM-R Business Free and Clear of All Liens, Claims and Encumbrances; (II) Authorizing and Approving the Asset Sale Agreement; (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts; and (IV) Authorizing the Filing of Certain Documents Under Seal [Dkt. No 3048]; and (iv) Order Authorizing and Approving (A) the Sale Of Certain Assets Of Debtors Multi-Service Switch (Formerly Known as Passport) Business Free and Clear Of All Liens, Claims And Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts [Dkt No. 4054].

2

3.    On May 2, 2014, the Purchasers received notices from the Debtors that a hearing

would be held on May 8, 2014 to consider the Confidentiality Motion and that parties to pending

litigation over the allocation of sale proceeds and other issues had designated certain confidential

documents relating to the Sale Agreements and the businesses and transactions related thereto as

potential, publicly-available, trial exhibits in the joint trial scheduled to begin on May 12, 2014

(the "Trial").

4.    In the Confidentiality Motion, the Debtors acknowledge that the Sale Agreements

"generally obligate the Nortel sellers to protect from public disclosure confidential,

competitively sensitive and proprietary information related to the business lines and assets sold."

Mtn. at ¶ 20.

5.    On May 6, 2014, the Debtors filed a revised proposed order (the "Revised

Proposed Order") [Dkt. No. 13502] which the Purchasers conclude does not sufficiently protect

the interests of third parties, including the Purchasers, with respect to the confidential

information designated as potential trial exhibits in the Trial.

6.    While the Purchasers acknowledge the demands of the upcoming Trial on the

Debtors and their counsel, the Purchasers have only just received access to the documents

proposed to be included on Schedule A to the Revised Proposed Order.  The Purchasers' ability

to review those documents was restricted to counsels' eyes only, with no opportunity to make the

documents available to client business representatives.  Further, Schedule A only concerns

potential trial exhibits for which the Debtors will seek some form of confidentiality protection.

The Purchasers were only given access to a subset of the documents the Debtors have designated

as potentially publicly available today.  Once again, the Purchasers' review was restricted to

Doc#: US1:9394854v10

counsels' eyes only, with no ability to make the documents available to client business representatives.

**RESPONSE**

7.   Against this background, the Purchasers object to certain provisions in the Revised Proposed Order that leave unprotected the rights of  third parties whose Confidential Information may be used as part of an exhibit at the Trial.  The Purchasers further object to the insufficient notice that they have received in connection with the Confidentiality Motion, the Revised Proposed Order and to the unduly restrictive and limited scope of review offered to them of the documents, including potentially those that continue to remain subject to the bargained-for confidentiality under the Sale Agreements and Sale Orders.

**Objections to the Revised Proposed Oder**

8.   The Purchasers specifically object to three provisions of the Revised Proposed Order.[4]  First, the Purchasers object to the deletion of paragraph 5 from the original proposed order filed with the Confidentiality Motion.  Paragraph 5 of the original proposed order provided: "Nothing in this Order shall prejudice the rights of any party to seek other or further relief with respect to the confidentiality of documents or information to be used at Trial."  Original Proposed Order at ¶5.  The Purchasers request that the Court restore this provision to the Revised Proposed Order.

9.   Second, the Purchasers object to the treatment of redactions provided for in the Revised Proposed Order.  Paragraph 5 of the Revised Proposed Order designates "a non-exclusive list of Confidential Information that *may be* redacted or otherwise removed from a Priority Trial Exhibit or Additional Priority Trial Document."  Revised Proposed Order at ¶ 5

---

[4]   For your convenience, a revised draft of the proposed Canadian order incorporating the modifications requested in this Response is attached as Exhibit A, and all changes reflected therein would also apply to the Revised Proposed Order.

Doc#: US1:9394854v10

(emphasis added).  The Purchasers respectfully request that the Court clarify this language to *require* the Core Parties to redact all Confidential Information, rather than permit Core Parties to do so within their discretion, as a fair reading of the language suggests.  The Purchasers submit that broadening the scope of the redactions required by the Core Parties is consistent with the confidentiality obligations owed to the Purchasers and binding upon all other parties under the Sale Agreements and the Sale Orders.  Furthermore, requiring the Core Parties to redact Confidential Information will help ensure that the Purchasers' Confidential Information is not inadvertently disclosed during the Trial, thereby minimizing disputes between the Debtors and the Purchasers over what documents properly belong on Schedule <u>A</u>.

10. <u>Finally</u>, the Purchasers object to paragraph 8 of the Revised Proposed Order, which provides: "No Core Party, nor its attorneys or advisors, nor any fact or expert witness submitting a report or affidavit and/or testifying at the Trial, shall incur any liability for compliance with this Order."  Revised Proposed Order at ¶ 8.  As the Debtors acknowledge, the Debtors are obligated to keep confidential, competitively sensitive and proprietary information from public disclosure under the terms of the Sale Orders and Sale Agreements.  (The Sale Orders and Sale Agreements by their terms are expressly binding on all other parties as well. <u>See</u> <u>Collective Exhibit 1</u>.[5])  The language at paragraph 8 appears to release them from the obligations, no matter the final form of the Proposed Order.  Instead, the Revised Proposed Order should provide the opposite:  that nothing contained in the Revised Proposed Order shall modify the confidentiality obligations under the Sale Agreements and the Sale Orders.  The Purchasers respectfully request that the Court modify the Revised Proposed Order accordingly.

---

[5]    Each of the Ericsson Sale Orders and Ericsson Sale Agreements have mirror provisions to the sample provided in the Collective Exhibit 1.

Doc#: US1:9394854v10

**Scope of Information/Review Process**

11. The Purchasers are also concerned that the scope of information considered confidential in paragraph 5(a) of the Revised Proposed Order may prove too narrow and restrictive.  The Purchasers submit that they deserve, and accordingly request, a better process for document review to protect their interests under the Sale Agreements and Sale Orders.  On May 5, 2014, the Purchasers were informed that as many as 16,000 documents that may contain Confidential Information may potentially be used as exhibits at the Trial.  Only a small subset of these documents was provided to the Purchasers' outside counsel to review, and of these, some were partial and incomplete.  Under the circumstances, it has been impossible for the Purchasers to review and evaluate the potential trial exhibits to confirm that no confidential or privileged information will be made public.  Accordingly, the Purchasers request at least two business days' notice, at a minimum, before documents not included in Schedule <u>A</u> are submitted into evidence at the Trial and that as part of the review, client representatives may have access to the documents to assess their significance.

12. Given the Purchasers' limited access to date to all of the potential trial exhibits, the Purchasers reserve all of their rights under the Sale Agreements and Sale Orders to supplement this Response to include any objections they may have to the designation of documents containing Confidential Information.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Purchasers respectfully request that the Courts modify the Debtors' Revised

Proposed Order to the extent set forth herein, and grant such other relief to the Purchasers as the

Courts deems just and proper.

Respectfully submitted,

Dated:  May 7, 2014
         Wilmington, Delaware

     */s/ Meghan M. Dougherty*

     PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
     Meghan M. Dougherty (No. 4787)
     500 Delaware Avenue, Suite 200
     Wilmington, Delware 19899-0032

     Stephen J. Shimshak
     Diane Meyers
     1285 Avenue of the Americas
     New York, New York 10019-6064
     Telephone: (212) 373-3000
     Facsimile: (212) 757-3990

     -and-

     BLAKE, CASSELS & GRAYDON LLP
     Jeff W. Galway
     199 Bay Street, Suite 4000
     Toronto, Ontario M5L 1A9
     Telephone: (416) 863-2400
     Facsimile: (416) 863-2653

     *Attorneys for Telefonaktiebolaget L M Ericsson (publ) and*
     *Rockstar Bidco, LP*

7