# EXHIBIT A

File No. 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

THE   HONOURABLE   MR.   JUSTICE   )       THURSDAY, THE 8TH DAY OF
                                   )
NEWBOULD                           )       MAY, 2014
                                   )

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS
TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**ORDER**
**(Use of Documents at Trial)**

**THIS MOTION**, made by Nortel Networks Corporation, Nortel Networks Limited, Nortel
Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks
International Corporation (collectively, the "**Canadian Debtors**") jointly with Ernst & Young Inc. in
its capacity as monitor (the "**Monitor**") of the Canadian Debtors for the relief set out in the Notice of
Motion dated May ■, 2014 was heard this day at 393 University Avenue, Toronto, Ontario.

**ON READING** the one hundred and fifth report of the Monitor dated May ■, 2014 (the
"**One Hundred and Fifth Report**"), ■ **[insert description of any other materials filed]** and on

22549753.1
22549753.3

- 2 -

hearing submissions of counsel for the Canadian Debtors, the Monitor, the U.S. Debtors, the EMEA Debtors, the CCC, the UK Pension Claimants and ■, no one appearing for any other person on the service list, although served as appears from the Affidavit of Service of ■, filed.

1.      **THIS COURT ORDERS** that capitalized terms used herein and not otherwise defined shall have the meaning given to them in the One Hundred and Fifth Report.

2.      **THIS COURT DECLARES** that the non-confidential use of documents at Trial to take place in May and June is in the interests of public openness and except as set forth herein, documents at such Trial shall be non-confidential and the Core Parties are directed to file the documents publicly with the Courts subject to and on the terms and conditions of this Order.

3.      **THIS COURT ORDERS** that with respect to exhibits designated for use at Trial in the portion of the Trial to take place in May and June (the "**Priority Trial Exhibits**"):

   a.   Priority Trial Exhibits listed on Schedule "A" hereto contain Confidential Information (as defined below) and shall be filed under seal pending further Order of the Court (which Order shall not be made without at least two business days' notice to affected third parties) but subject to the terms of this Order;

   b.   Confidential Information (as defined below) contained in any Priority Trial Exhibit listed on Schedule "A" may only be used on a confidential basis during the course of the Trial, and may not be used or referred to by counsel and/or witnesses in open Court without a clearing of the Courtrooms, absent further ruling of the Courts; and

- 3 -

c.   The Purchaser under any Sales Agreement shall be provided with copies of
Priority Trial Exhibits not listed in Schedule A which relate to the Sale
Agreement or any business or assets acquired under such Sales Agreement at
least two business days prior to such Priority Trial Exhibit being tendered as an
exhibit at trial and the Purchaser shall have the right to make submissions as to
whether any such Priority Trial Exhibit shall be sealed or redacted.

d.   Subject to sub-paragraph 3(c) above, the balance of the Priority Trial Exhibits
not listed in Schedule A shall be deemedtreated as non-confidential and to the
extent filed with and/or admitted by the Courts as evidence, they shall be filed
and/or admitted and may be used on a non-confidential basis, provided that in
the event of a dispute concerning whether a Priority Trial Exhibit should be
sealed or redacted, such Priority Trial Exhibits shall remain under seal pending
the resolution of such dispute or a further Order of the Courts.

e.   d. The Canadian Debtors, EMEA Debtors and US Debtors (the "Debtors") shall
have the right to amend Schedule A, including but not limited to:

    i.    the right to add additional documents to Schedule A, upon agreement of
          the Core Parties or further Order of the Courts; and

    ii.   the right to remove documents from Schedule A, upon agreement of the
          Debtors and on at least 2 business days' notice to the affected third party

- 4 -

(including any relevant Purchaser) or further Order of the Courts (on notice to any affected third party).

f.  ~~e.~~ In the event of any dispute between the Core Parties or an objection by any affected third party regarding the amendment of Schedule A in accordance with sub-paragraph 3(d~~c~~) above, the document shall be provisionally sealed, pending further order of the Courts.

4.    **THIS COURT ORDERS** that with respect to designated portions of deposition transcripts, expert reports, affidavits, pretrial briefs or other materials for use at Trial in the portion of the Trial to take place in May and June ("**Additional Priority Trial Documents**"):

a.  The Debtors shall work together to review the Additional Priority Trial Documents (the "**Review Process**") and shall, in accordance with the process set out in the below sub-paragraphs, either: (i) advise the Core Party Service List and the Courts in writing that such Additional Priority Trial Document does not contain any Confidential Information and therefore can be unsealed; or (ii) serve and file a redacted version of such Additional Priority Trial Document to protect against the public disclosure of any Confidential Information.

b.  The Debtors shall coordinate the review of the Additional Priority Trial Documents to determine which Debtor or Debtors shall be delegated the review of each such document provided that the defaulting rule shall be that the Debtors shall review the Additional Priority Trial Documents proffered or produced by

- 5 -

them and those proffered or produced by other Core Parties within their Allocation Group. The Review Process shall be completed by the relevant Debtor (the "**Reviewing Debtor**") on the following timeline:

    i.   With respect to pre-trial briefs on Allocation: by May 10, 2014;

    ii.   With respect to affidavits, expert reports or transcripts relating to the evidence of a fact or expert witness who will be appearing at trial: no later than the later of (A) May 12, 2014 or (B) 3 business days prior to the expected date of the examination of that witness; and

    iii.   With respect to the remainder of the designated portions of deposition transcripts and any other Additional Priority Trial Documents that the Debtors may identify: on a rolling basis and no later than June 27, 2014.

c.   Upon completion of the Review Process for a particular Additional Priority Trial Document on the timeline set out in sub-paragraph 4(b) above, the Reviewing Debtor shall provide notice to the Core Party Service List either (i) that the Additional Priority Document does not contain Confidential Information and may be unsealed or (ii) of the proposed redaction of the Additional Priority Document.

d.   If any Core Party objects to the treatment of an Additional Priority Trial Document proposed by the Reviewing Debtor, it shall do so in writing delivered to all Core Parties: (i) with respect to pretrial briefs, within 24 hours of receipt

22549753.1
22549753.3

- 6 -

of the notice; (ii) with respect to affidavits, expert reports or transcripts submitted by a fact or expert witness who will be appearing at trial, within 1 business day before such witness' appearance; and (iii) with respect to all other Additional Priority Trial Documents, within 5 business days of receipt of the notice.  The parties shall work in good faith to attempt to resolve the objection on the same business day that the objection was received**.**

e.   In the event that no objection is received in accordance with sub-paragraph 4(d) above, the Debtors shall work together to provide notice of the unsealing to the Courts and/or file the redacted version of the Additional Priority Trial Document, as applicable, provided that the process for filing of any such redacted Additional Priority Trial Documents shall be done in a manner that is efficient and consistent with the conduct of the Trial and applicable local rules.

f.   Pending completion of the Review Process for any particular Additional Priority Trial Document, the Protective Order shall continue to apply to all unredacted Additional Priority Trial Documents and the same are hereby sealed by the Courts pending the earlier of (i) the expiration of the period for objection set out above if no objection is made, or the date on which any such objection is resolved in writing,  or (ii) further Order of the Courts.

5.      **THIS COURT ORDERS AND DECLARES** that notwithstanding anything to the contrary herein, any Priority Trial Exhibit or Additional Priority Trial Document, whether or not fully or partially sealed and/or redacted, may be used or referred to by counsel and/or

22549753.1
22549753.3

- 7 -

witnesses in open Court without a clearing of the Courtrooms, provided that such Priority Trial Exhibit or Additional Priority Trial Document is summarized, excerpted and/or redacted in such a way that the following categories of confidential information ("Confidential Information") contained in such Priority Trial Exhibit or Additional Priority Trial Document are not revealed through such use or reference.  For purposes of this Order, the following categories of information constitutes a non-exhaustive list of Confidential Information that ~~may~~shall be redacted or otherwise removed from a Priority Trial Exhibit or Additional Priority Trial Document ~~so that~~before it may be used or referred to in open Court without a clearing of the Courtrooms:

>   a.  With respect to the documents relating to the Sales and other documents and information relating to the businesses that were sold: any lists of Nortel customer or supplier contracts contained in a transaction document or schedule; copies of customer contracts that contain confidentiality provisions (to the extent of the information designated as confidential by such provisions); any summary of information relating to customer contracts that identifies the customer or non-debtor counterparty; confidential lists of encumbrances on the assets such as patent license lists, actual or proposed royalty rates for Nortel's patents contained in documents prepared prior to the closing of the 2011 sale of the patent portfolio; employee lists that contain personal information; companies identified as potential targets for infringement actions or licensing for Nortel's patents; identification of the line(s) of business to which a patent

- 8 -

relates; patent claims charts; financial projections for lines of business that relate to ~~2014~~2009 or later periods;

b.  With respect to License Agreements: the identity of the counter-party, the scope of the license, field of use, patents covered, royalty rates or royalty amounts (all to the extent of the information designated as confidential by a confidentiality provision in the license agreement or relevant sale agreement) and any other information designated as confidential under a specific license agreement;

c.  With respect to confidential tax documents: the settlement between NNI and the Internal Revenue Service and the resulting US Advance Pricing Agreement, the Advance Pricing Agreement between the Minister and NNL and the information subject to the confidentiality obligations owing by NNL to the Minister in connection thereof;

d.  With respect to documents containing personal information: all information including  home addresses, home telephone numbers, salary information, social insurance and social security numbers, Global ID numbers, pension and benefits information and other personal identification information.[1]

6.    **THIS COURT ORDERS AND DECLARES** that upon the reasonable request of a Core Party or Core Parties, the Courtrooms will be cleared during the course of the Trial if it is

---

[1] The treatment of certain personal information contained in Additional Priority Trial Documents is subject to further discussion.

- 9 -

determined that a witness is expected to testify about Confidential Information or Confidential Information is otherwise expected to be presented, provided, however, that any such requests shall be only as reasonably necessary and consistent with paragraph 5 above, and that the Courtrooms shall be re-opened as soon as reasonably practicable after any examinations or presentations regarding Confidential Information are completed.  To the extent practicable, any such request will be made at least one day prior to the day such clearing will be required in order to preserve the efficiency of the conduct of the Trial, provided that a Core Party may make such a request on the same day that such testimony is given or evidence presented.  A clearing of the Courtrooms shall include any gallery Courtroom or rooms where the Trial is being viewed remotely.

7.      **THIS COURT ORDERS** that in the event that any Core Party determines or realizes that:

      a.    A Priority Trial Exhibit not on Schedule "A" contains Confidential Information such that it warrants sealing, such Core Party shall provide notice of such further sealing to the Core Parties Service List and, unless another Core Party objects within 2 business days of receipt of the notice, such document shall be deemed so sealed without further Order of the Courts.  To the extent that any Core Party objects, the objecting party and the notifying party shall attempt to resolve the objection or seek direction from the Courts (on notice to any affected third party), and pending the resolution of such objection, the documents shall be sealed in accordance with the notice.

- 10 -

b.  Further redaction must be made to an Additional Priority Trial Document, written notice of such further redaction shall be made to the Core Parties Service List and, unless another Core Party objects within 2 business days of receipt of the notice, such document shall be so redacted without further Order of the Courts.  To the extent that any Core Party objects, the objecting party and the notifying party shall attempt to resolve the objection or seek direction from the Courts (on notice to any affected third party), and pending the resolution of such objection, the document shall be redacted in accordance with the notice.

8.    **THIS COURT ORDERS** that no Core Party, nor its attorneys or advisors, nor any fact or expert witness submitting a report or affidavit and/or testifying at the Trial, shall incur any liability for compliance with this Order.

8.    9. **THIS COURT ORDERS AND DECLARES** that the Protective Order continues to apply to:

a.  All exhibits, transcripts, expert reports, affidavits, briefs or other materials that are not also Priority Trial Exhibits or Additional Priority Trial Documents and that have been designated for the "Claims" portion of the Trial scheduled to take place in July 2014, pending further Order of the Courts; and

b.  Any document produced during the discovery process but not designated for use at Trial, pending further Order of the Courts.

- 11 -

9.    10. **THIS COURT ORDERS THAT** to the extent filed with and/or admitted by the Courts as evidence, all documents listed on Schedule "B" hereto, which consists of documents produced by the United Kingdom affiliates of PwC LLP, Grant Thornton LLP, Deloitte LLP, and Towers Watson and that have been designated as exhibits for use at the Trial on allocation of sale proceeds and/or the "Claims" portion of the Trial, shall constitute Confidential Information and be filed under seal and remain under seal pending consent from the producing party for public disclosure of any such document or documents.

10.    11. **THIS COURT ORDERS THAT** the inclusion in the Trial Exhibits and the use or reliance at Trial by any Core Party of any document that constitutes Nortel Joint Privileged Discovery Material (as defined in the Protective Order, as amended) shall not, and is not intended to, be:

   a.   In the case of any such document that is not sealed at the Trial, a waiver of any Privilege (as defined in the Protective Order) with respect to any other document or information or testimony concerning the same subject matter as the Nortel Joint Privileged Discovery Material for the purposes of this Trial or any other purpose; and

   b.   In the case of any such document that is sealed at Trial, a waiver of any Privilege with respect to that document or any other document or information or testimony concerning the same subject matter as it, or as any related Nortel Joint Privileged Discovery Material, for the purposes of this Trial or any other purpose.

- 12 -

11.    12. **THIS COURT ORDERS** that exhibits B and D to the Affidavit of Robert Ferguson sworn May 2, 2014 attached as Appendix E to the One Hundred and Fifth Report be and are hereby sealed pending further Order of the Courts.

**MISCELLANEOUS**

12.    13. **THIS COURT ORDERS** that this Court and the U.S. Court shall retain jurisdiction and venue for the purposes of any dispute arising out of or relating to this Order.

13.    14. **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Canadian Debtors, the Monitor and their respective agents in carrying out the terms of this Order.  All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Canadian Debtors and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Canadian Debtors and the Monitor and their respective agents in carrying out the terms of this Order.

14.    15. **THIS COURT ORDERS** that each of the Canadian Debtors and the Monitor be at liberty and are hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

22549753.1
22549753.3

- 13 -

_____

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION *et al.*

Court File No. 09-CL-7950

| | |
|---|---|
| | ***ONTARIO***<br>**SUPERIOR COURT OF JUSTICE**<br>**(Commercial List)**<br>Proceeding commenced at Toronto |
| | **ORDER**<br>**(Use of Documents at Trial)** |
| | **GOODMANS LLP**<br>Barristers & Solicitors<br>333 Bay Street, Suite 3400<br>Toronto, Canada  M5H 2S7<br><br>Jay A. Carfagnini  (LSUC #: 22293T)<br>jcarfagnini@goodmans.ca<br>Alan Mark (LSUC #: 21772U)<br>amark@goodmans.ca<br>Jessica Kimmel (LSUC #: 32312W)<br>jkimmel@goodmans.ca<br>Peter Ruby (LSUC #: 38439P)<br>pruby@goodmans.ca<br>Joseph Pasquariello (LSUC #: 37389C)<br>jpasquariello@goodmans.ca<br>Tel:      416.979.2211<br>Fax:      416.979.1234<br>**Lawyers for the Monitor, Ernst & Young Inc.**      **Gowling Lafleur Henderson LLP**<br>Barristers & Solicitors<br>1 First Canadian Place<br>100 King Street West, Suite 1600<br>Toronto, ON  M5X 1G5<br><br>Derrick Tay  (LSUC #: 21152A)<br>derrick.tay@gowlings.com<br>Jennifer Stam  (LSUC #: 46735J)<br>Jennifer.stam@gowlings.com<br><br>Tel:  416.862.5697<br>Fax:  416.862.7661<br>**Lawyers for the Canadian Debtors** |

22549753.1

22549753.3