IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
In re                                        :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]           :    Case No. 09-10138 (KG)
:
                      Debtors.    :    Jointly Administered
:
:    **Re: D.I.s 13461, 13463**
:
------------------------------------------------------------X

### ORDER PROVIDING DIRECTIONS AND ESTABLISHING PROCEDURES FOR SEALING TRIAL EXHIBITS, REDACTING PRETRIAL SUBMISSIONS, AND PROTECTING CONFIDENTIAL INFORMATION FROM PUBLIC DISCLOSURE DURING THE TRIAL

Upon the motion (the "Motion")[2] by Nortel Networks, Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "U.S. Debtors"), for entry of an order, as more fully described in the Motion, providing directions and establishing procedures for sealing trial exhibits, redacting pretrial submissions, and protecting confidential information from public disclosure during the Trial; and upon consideration of the order entering a Protective Order [D.I. 10805]; and upon consideration of the Trial Protocol [D.I. 12863]; and upon the pleadings filed by the Canadian Debtors and Monitor before the Canadian Court; and upon recognition that the U.S. Debtors seek to balance their confidentiality obligations with the need for an open and transparent Trial; and upon recognition that the non-confidential use of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

documents at Trial is in the interests of public openness; and upon consideration of the list of Priority Trial Exhibits (defined below) listed on Schedule "A" as submitted by the U.S. Debtors, which include, but are not limited to, (i) disclosure schedules and other transaction documents related to the sale agreements with purchasers (the "Purchasers") for the post-petition sales that the Courts permitted be filed under sealed in connection with the approval process for such sales ("Disclosure Schedules"); (ii) documents related to the business and/or assets sold in the post-petition sales that contain the categories of confidential information set out in paragraph 5(a) below ("Sale Documents"); (iii) intellectual property license agreements with confidentiality clauses that one or more Nortel entities entered into with various third parties before or after the bankruptcy filings that contain the categories of confidential information set out in paragraph 5(b) below ("License Agreements"); and (iv) personal information documents that contain the categories of confidential information set out in paragraph 5(d) below ("Personal Information Documents"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and finding that adequate notice having been provided to all parties with an interest in the Motion under the circumstances; and upon the record in these proceedings, including all objections, responses filed, and other pleadings filed with regard to the Motion; and after due deliberation;

    IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The non-confidential use of documents at Trial is in the interests of public openness and except as set forth herein, documents at Trial shall be non-confidential and the Core Parties are directed to file and use the documents publicly with the Courts subject to and on the terms and conditions of this Order.

3. The delivery of the exhibits designated for use at Trial in the portion of the Trial to take place in May and June (the "Priority Trial Exhibits") in an electronic form to the Court does not, alone, constitute the filing of the Priority Trial Exhibits or result in the Priority Trial Exhibits being made publicly available.

4. Subject to paragraph 12, any Priority Trial Exhibits not listed on Schedule "A" are non-confidential and the Core Parties are directed to file (to the extent such filing is made) and may use the documents publicly with the Courts subject to and on the terms and conditions of this Order.

5. With respect to those Priority Trial Exhibits listed on Schedule "A" (the "Designated Documents"):

    a. The Core Parties shall use their good faith efforts to redact, remove or otherwise protect from public disclosure at Trial Confidential Information (defined below) from any Priority Trial Exhibits prior to their use or introduction into evidence at Trial and, where possible, shall use their best efforts in the circumstances to provide redactions in advance to the applicable Responding Parties (defined below);

    b. In the course of preparing good faith redactions of Confidential Information, the Core Parties shall take into consideration any proposed or suggested redactions from the Responding Parties (defined below), including licensees that made

submissions in respect of this Order, who wish to make suggested redactions with respect to documents relevant to such Responding Party and if there are any objections to suggested redactions by a Responding Party, email notice shall be provided immediately to such Responding Party; and

    c. Any party shall be entitled to bring a motion to seek a sealing of or any other relief in relation to a Designated Document, on notice to the Core Parties Service List and, where applicable, a Responding Party.

6. With respect to those documents on Schedule "B", such documents shall not be used or introduced into evidence at Trial without redaction of Confidential Information, pending the consent of the producing party for public disclosure of any such document or documents or further Order of this Court.

7. With respect to designated portions of deposition transcripts, expert reports, affidavits, pretrial briefs or other materials for use at Trial in the portion of the Trial to take place in May and June ("Additional Priority Trial Documents"):

    a. The Debtors shall coordinate the review (the "Review Process") of the Additional Priority Trial Documents to determine which Debtor or Debtors shall be delegated the review of each such document provided that the defaulting rule shall be that the Debtors shall review the Additional Priority Trial Documents proffered or produced by them and those proffered or produced by other Core Parties within their Allocation Group. The Review Process shall be completed by the relevant Debtor (the "Reviewing Debtor") on the following timeline:

        i. With respect to pre-trial briefs on Allocation: as soon as possible and in any event no later than May 10, 2014;

    ii. With respect to expert reports relating to experts appearing in the May and June portion of the Trial: as soon as possible and in any event no later than May 25, 2014;

    iii. With respect to affidavits and transcripts relating to the evidence of a fact or expert witness who will be appearing at trial: as soon as possible and in any event no later than the later of (A) May 12, 2014 or (B) 3 business days prior to the expected date of the examination of that witness, provided that for witnesses expected to appear on May 14, 2014, the Review Process shall be completed by May 11, 2014; and

    iv. With respect to the remainder of the designated portions of deposition transcripts and any other Additional Priority Trial Documents that the Debtors may identify: as soon as possible and in any event no later than June 27, 2014.

b. Upon completion of the Review Process for a particular Additional Priority Trial Document on the timeline set out in sub-paragraph 4(b) above, the Reviewing Debtor shall transmit to the Core Party Service List, the Purchasers that so request, and the CRA (if it so requests) (and the licensees that made submissions in respect of this Order with respect to pre-trial briefs and expert reports only) (the "Responding Parties") a copy of the relevant Additional Priority Trial Document and shall advise either (i) that such Additional Priority Trial Document does not contain Confidential Information and may be used at Trial without redaction or (ii) of the proposed redaction of such Additional Priority Trial Document.

c. If any Core Party or any Responding Party objects to the treatment of an Additional Priority Trial Document proposed by the Reviewing Debtor, it shall do so in writing delivered to all Core Parties: (i) with respect to pre-trial briefs and expert reports, within 24 hours of receipt of the brief; (ii) with respect to affidavits or transcripts submitted by a fact or expert witness who will be appearing at trial, within 1 business day before such witness' appearance; and (iii) with respect to all other Additional Priority Trial Documents, within 3 business days of receipt of the Additional Priority Trial Documents. The parties shall work in good faith to attempt to resolve the objection on the same business day that the objection was received, failing which a Responding Party may move before the Courts for a sealing order or other relief.

d. In the event that no objection is received in accordance with sub-paragraph 4(c) above, the Additional Priority Trial Document, as redacted if applicable, shall be filed (if such filing is made) and made publicly available, and the unredacted version shall not be made publicly available.

e. In the event that any Core Party determines or realizes that further redaction must be made to an Additional Priority Trial Document, written notice of such further redaction shall be made to the Core Parties Service List and, unless another Core Party objects within 2 business days of receipt of the notice, such document shall be so redacted without further Order of the Courts. To the extent that any Core Party objects, the objecting party and the notifying party shall attempt to resolve the objection or seek direction from the Courts, and pending the resolution of such objection, the document shall be redacted in accordance with the notice.

8. For the purposes of this Order, the following categories of information shall be considered "Confidential Information":

   a. With respect to Disclosure Schedules and Sale Documents: any lists of Nortel customer or supplier contracts contained in a transaction document or schedule; copies of customer contracts that contain confidentiality provisions (to the extent of the information designated as confidential by such provisions); any summary of commercial pricing information relating to a customer contract that identifies the customer or non-debtor counterparty; confidential lists of encumbrances or potential encumbrances on the assets such as patent license lists; lists of licensees or potential licensees of the patents; actual or proposed royalty rates, fees or other pricing structures for the patents contained in documents prepared prior to the closing of the 2011 sale of the patent portfolio; employee lists that contain personal information; companies identified as potential targets for infringement actions or licensing for the patents; identification of the line(s) of business to which a patent relates; patent claims charts, infringement or invalidity evaluations or comparisons between actually or potentially patented technology; internal patent prosecution histories consisting of attorney work product including any notes or drafts; internal patent docketing information as contained in the documents bearing bates number GIP-Nortel 0063576 and GIP-Nortel 0063462, and other similar documents; financial projections for lines of business that relate to 2013 or later periods;

   b. With respect to License Agreements: any applicable Confidential Information identified in (a) above, the identity of the counter-party, the scope of the license,

field of use, patents covered, royalty rates or royalty amounts, any assignment or sublicensing rights of the counter-party (all to the extent of the information designated as confidential by a confidentiality provision in the license agreement or relevant sale agreement) and any other provision of the agreement designated as confidential under a specific license agreement;

c. With respect to confidential tax documents: the settlement between NNI and the Internal Revenue Service and the resulting US Advance Pricing Agreement.

d. With respect to Personal Information Documents: personal information including home addresses, home telephone numbers, salary information, social insurance and social security numbers, Global ID numbers, pension and benefits information and other personal identification information, provided that cross-examination of trial witnesses or designation of deposition testimony on matters relating to salary, pension and benefits information shall not, by virtue of this Order alone, be considered Confidential Information.

9. No Core Party, nor its attorneys or advisors, nor any fact or expert witness submitting a report or affidavit and/or testifying at the Trial, shall incur any liability for compliance with this Order.

10. The Protective Order continues to apply to:

a. All exhibits, transcripts, expert reports, affidavits, briefs or other materials that are not also Priority Trial Exhibits or Additional Priority Trial Documents and that have been designated for the "Claims" portion of the Trial scheduled to take place in July 2014, pending further Order of the Courts, provided that it is anticipated

that similar relief as set forth herein will be sought prior to the commencement of that portion of the Trial; and

  b. Any document produced during the discovery process but not designated for use at Trial, pending further Order of the Courts.

11. The inclusion in the Trial Exhibits and the use or reliance at Trial by any Core Party of any document that constitutes Nortel Joint Privileged Discovery Material (as defined in the Protective Order, as amended) shall not, and is not intended to, be:

  a. In the case of any such document that is not sealed at the Trial, a waiver of any Privilege (as defined in the Protective Order) with respect to any other document or information or testimony concerning the same subject matter as the Nortel Joint Privileged Discovery Material for the purposes of this Trial or any other purpose; and

  b. In the case of any such document that is sealed at Trial, a waiver of any Privilege with respect to that document or any other document or information or testimony concerning the same subject matter as it, or as any related Nortel Joint Privileged Discovery Material, for the purposes of this Trial or any other purpose.

12. Upon request, the Debtors shall use their good faith efforts to provide the Purchasers that so request a list of the Priority Trial Exhibits that are not listed on Schedules A or B hereto and provide copies of those documents to the Purchasers on the basis that such documents (a) will only be reviewed by outside counsel or other individuals required for the purposes of assessing whether such Priority Trial Exhibits contain Confidential Information; and (b) will be reviewed only for the purpose of assessing potential confidentiality concerns in connection with the use of Priority Trial Exhibits at the Trial,

and not for any other purpose. As soon as reasonably practicable but no later than 10 days from being given access to the Priority Trial Exhibits, if the Purchasers identify a document that they reasonably believe contains Confidential Information as defined above, they may request such document be added to Schedule A by providing notice to the Core Parties' Service List. If there is a dispute between the Core Parties and such Purchaser regarding the addition of such document to Schedule A, the document shall not be filed or made publicly available without redaction of the Confidential Information or further order of the Courts. Nothing herein shall affect a Core Party's right to use such document during the Trial as provided for herein prior to the timely receipt of written notice in accordance with this paragraph.

13. Henceforth, in furtherance of the goal of having an open and public trial, counsel for all parties should prepare briefs and legal memoranda to be submitted to the Courts in a manner that is mindful of the goal of minimizing the need for redaction.

14. The U.S. Court and the Canadian Court shall retain jurisdiction and venue for the purposes of any dispute arising out of or relating to this Order.

Dated: May 10, 2014

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE