Licenses listed on Exhibit A hereto, as well as other defined categories of patent licenses identified in the patent license rejection procedures approved by the Bankruptcy Court and the Canadian Court described below. In furtherance of the Sale, (i) the U.S. Debtors intend to reject any Unknown Licenses to which the U.S. Debtors are a party pursuant to section 365 of the Bankruptcy Code and (ii) the Canadian Debtors intend to terminate any Unknown Licenses to which the Canadian Debtors are a party. *__If you have a license to the Assets with the U.S. Debtors that is not listed on Exhibit A hereto and does not fall within one of the below categories of Covered Licenses (as defined below), such license will be rejected as of and conditioned upon the occurrence of the Closing, unless you follow the procedures described under "Unknown Licenses with U.S. Debtors" below. If you have a license to the Assets with the Canadian Debtors that is not listed on Exhibit A hereto and does not fall within one of the below categories of Covered Licenses, such license will be terminated as of and conditioned upon the occurrence of the Closing, unless you follow the procedures described under "Unknown Licenses with Canadian Debtors" described below. You should carefully read the Agreement, the U.S. Sale Motion, the Canadian Sale Motion, the Bidding Procedures Order and the Canadian Sales Process Order to understand how your rights may be affected by the U.S. Sale Motion, the Canadian Sale Motion and the Sale.__* If all of the licenses that you have to the Assets with the U.S. Debtors or the Canadian Debtors are listed on Exhibit A hereto, you do not need to take any further action.

By use of these procedures, the Sellers do not intend to reject or terminate the following license agreements related to the patents being offered for sale (collectively, the "Covered Licenses"): (i) Commercial Licenses (as defined in the Stalking Horse Agreement)[5]; and (ii) certain intercompany agreements among the Sellers and their affiliates. License agreements described in this paragraph will not be identified on Schedule A hereto.

Unknown Licenses with U.S. Debtors

For counterparties to Unknown Licenses to which the U.S. Debtors are a party, the deadline to file and serve an objection to the rejection of any Unknown License (a "U.S. Objection Notice") is [●], 2011 at [●] p.m. (ET) (the "License Rejection Objection Deadline"). Such objection shall be served in accordance with the Objection Procedures (as defined below) on the License Objection Notice Parties (as defined below).

For counterparties to Unknown Licenses to which the U.S. Debtors are a party, the deadline to elect to retain license rights under such Unknown License in accordance with section 365(n)(1)(b) of the Bankruptcy Code is [●], 2011 at [●] p.m. (ET) (the "Notice of Election Deadline"). To retain such rights, you must file a notice of election to retain such rights (a "Notice of Election") in accordance with the Objection Procedures (as defined below), serve such notice on: the License Objection Notice Parties (as defined below). The Notice of Election served on the Canadian Debtors, Ernst & Young Inc. in its capacity as monitor of the Canadian Debtors (the "Monitor") and the U.S. Debtors shall attach a written copy of the Unknown License with the Notice of Election. *__If you are a counterparty to an Unknown License with the U.S. Debtors and do not file and serve a Notice of Election by the Notice of Election Deadline,__*

---

[5]     **"Commercial Licenses"** means the Pre-Divestiture Commercial Licenses, the Post-Divestiture Commercial Licenses and the End-User Licenses, each of which is defined on Exhibit A hereto.

NNC-NNL11755879 / 164

***you will be deemed to have elected to treat each such Unknown License as terminated under section 365(n)(1)(a) of the Bankruptcy Code.*** The U.S. Debtors and the Stalking Horse Purchaser (or other Successful Bidder) reserve their right to object to any Notices of Election on any and all available grounds, which objections will be heard at the Sale Hearing.

For any Unknown License with the U.S. Debtors that is rejected, the deadline to file a rejection damages claim against the Debtors (each such claim, a "License Rejection Damages Claim") with respect to such rejection will be thirty (30) days following the date of the Closing of the Sale. All License Rejection Damages Claims must attach a written copy of the Unknown License and otherwise comply with the procedures established by the Order Establishing Deadlines For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof [D.I.1280].

Unknown Licenses with Canadian Debtors

If you have an Unknown License with one or more of the Canadian Debtors and wish to object to its termination, you must serve a notice containing your objection using the form posted on the Monitor's website at www.ey.com/ca/nortel (a "Canadian Objection Notice") on or prior to [●] at [●] p.m. ET (the "Canadian License Bar Date") on the License Objection Notice Parties (as defined below). The Canadian Objection Notice served on the Canadian Debtors, the Monitor and the U.S. Debtors shall attach a written copy of the Unknown License with the Notice of Election served on the Canadian Debtors, the Monitor, the U.S. Debtors and Ranger Inc.

To the extent that a counterparty to an Unknown License comes forward and serves a Canadian Objection Notice prior to the Canadian License Bar Date, which Unknown License is established by court order to be a valid Unknown License prior to the Closing (as defined in the Agreement), the Assets will be sold subject to such license.

Except as described in the immediately preceding paragraph, all Unknown Licenses to which the Canadian Debtors are a party are deemed to be terminated and forever barred as of the Closing and any claim arising from such deemed termination shall be an unsecured claim against the Canadian Debtors, which claim shall deemed a Restructuring Claim as defined in the Claims Procedure Order granted by the Court on July 30, 2009; must be filed within thirty (30) days of the date of Closing and must otherwise be in compliance with that order.

Copies of the Proof of Claim form and Claims Package can be obtained on the Monitor's website at www.ey.com/ca/nortel or by contacting the Monitor by telephone (416-943-4439 or 866-942-7177) or by fax (416-943-2808).

Unknown Licenses with both U.S. Debtors and Canadian Debtors

If you are a counterparty to a patent license with both the U.S. Debtors and the Canadian Debtors, that is subject to rejection and termination under these procedures, to retain your license rights, you must (i) file and serve a Canadian Objection Notice; and (ii) elect to retain your license rights under Section 365(n) of the Bankruptcy Code in accordance with the procedures summarized above and contained in the Canadian Sales Process Order and the Bidding

NNC-NNL11755879 / 165

Procedures Order, respectively. You may not attempt to retain license rights in one jurisdiction and terminate such license rights in the other.

License Non-Assignment and Non-Renewal Protections

In addition to the foregoing license rejection procedures, the U.S. Debtors and the Canadian Debtors have agreed as part of the transaction to various limitations and prohibitions on their rights to renew, extend, assign, amend, waive or modify contracts containing licenses to the patents offered for sale, including outbound and cross patent licenses and certain licenses incorporated in Commercial Licenses, Intercompany Licenses (as defined in the Sale Order and the Vesting Order, each as defined below) and certain agreements entered into in connection with the divestiture of Nortel's business units, as set forth in paragraph 28 of the proposed Sale Order annexed to the U.S. Sale Motion (the "Sale Order") and paragraph 14 of the proposed Approval and Vesting Order annexed to the affidavit of [●] contained in the Canadian Sale Motion (the "Vesting Order"). ***All counterparties to contracts with the Sellers should carefully read the U.S. Sale Motion and the proposed Sale Order annexed thereto and the Canadian Sale Motion and the proposed Approval and Vesting Order attached to the affidavit of [●] contained in the Canadian Sale Motion.***

Objections, Election Notices. Pursuant to the Bidding Procedures Order and the Canadian Sales Process Order, all U.S. Objection Notices, Canadian Objection Notices and all Notices of Election must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in the case of an Unknown License to which the U.S. Debtors are a party, filed with the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801 by no later than the License Rejection Objection Deadline or the Notice of Election Deadline, as applicable, in conformity with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (d) in the case of an Unknown License to which the Canadian Debtors are a party in the form of Objection Notice available on the Monitor's website at www.ey.com/ca/nortel; and (e) served so as to be received on or before the License Rejection Objection Deadline or the Notice of Election Deadline, as applicable, by the following: (i) counsel to the U.S. Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Fax: (212) 225-3999 (Attention: James L. Bromley and Lisa M. Schweitzer) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott), (ii) counsel to Ranger Inc.: Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019, Fax: (212) 403-2000 (Attention: Philip Mindlin, Adam O. Emmerich and Benjamin M. Roth) and Torys LLP 79 Wellington Street West, Suite 3000, Box 270, TD Centre, Toronto, Ontario, M5K 1N2, Fax: (416) 865-7380 (Attention: Michael Rotsztain and Adam Slavens), (iii) counsel to the Committee: Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Fax: (212) 872-1002 (Attention: Fred Hodara, Stephen Kuhn and Kenneth Davis) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention: Christopher M. Samis), (iv) counsel to the Bondholder Group: Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York 10006, Fax: (212) 822-5735 (Attention: Roland Hlawaty), (v) counsel to the Canadian Debtors, Ogilvy Renault LLP, Attn: Jennifer Stam, Royal Bank Plaza, South Tower, Suite 3800, 200 Bay Street, Toronto, Ontario, Canada, Facsimile: (416) 216-3930, (vi) the Monitor: Ernst & Young Tower, 222 Bay Street, P. O. Box 251,

NNC-NNL11755879 / 166

Toronto, ON M5K 1J7 Canada (Attention: Sharon Hamilton) Fax: (416) 943-3300 (vii) counsel
to the Monitor, Goodmans LLP, Attn: Jay Carfagnini and Joseph Pasquariello, Bay Adelaide
Centre, 333 Bay Street, Suite 3400, Toronto, ON M5H 2S7, Facsimile: (416) 979-1234, and
(viii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware
19801, Fax: (302) 573-6497 (Attention: Patrick Tinker) (collectively, the "License Objection
Notice Parties"). Any objection to the rejection or termination of an Unknown License must
specify the grounds for such objection. Only those objections made in compliance with the
foregoing requirements will be considered by the Bankruptcy Court or the Canadian Court.

    Reservation of Rights. The procedures summarized in this notice are subject in all
respects to the procedures set forth in the U.S. Sale Motion and the Canadian Sale Motion and
approved in the Bidding Procedures Order and the Canadian Sales Process Order. Nothing
contained in this notice is to be construed as an admission by the Sellers or Ranger Inc. as to the
character of any document denominated as an agreement, as an executory contract, or to the
rights of any parties thereto. Subject to the consent of Ranger Inc., in its sole and absolute
discretion, or the consent of another successful bidder after an auction, as applicable, the Sellers
reserve the right to withdraw any Unknown License from the contracts to be rejected or
terminated, in accordance with the U.S. Sale Motion, the Canadian Sale Motion, the Bidding
Procedures Order and the Canadian Sales Process Order, at any time prior to the occurrence of
the Closing.

    Documents. This notice is a summary only and is subject to the full terms and conditions
of the Agreement, the Bidding Procedures Order and the Canadian Sales Process Order which
shall control in the event of any conflict, and the U.S. Debtors and the Canadian Debtors
encourage parties in interest to review such documents in their entirety.

    Copies of the Sale Motion, the Stalking Horse Agreement and the Bidding Procedures
Order (including the Bidding Procedures approved by the Bankruptcy Court) may be examined
by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (ET) at the office of the Clerk
of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular
business hours at the offices of the U.S. Debtors' attorneys: Cleary Gottlieb Steen & Hamilton
LLP, One Liberty Plaza, New York, NY 10006, Attention: James L. Bromley and Lisa M.
Schweitzer. Additionally, copies of the foregoing may be downloaded from the Court's docket
at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Epiq
Bankruptcy Solutions, LLC, at http://dm.epiq11.com/nortel. Copies of the Agreement, Canadian
Sale Motion and Canadian Sales Process Order (including the Bidding Procedures approved by
the Canadian Court) can be viewed at the Monitor's website at http://www.ey.com/ca/nortel/ or
by contacting the Monitor by telephone (1-416-943-4439 or 1-866-942-7177) or by fax (1-416-
943-2808).

    Dates set forth in this notice are subject to change, and further notice of such changes
may be provided through announcements in open court and/or the filing of notices and/or
amended agendas. Parties in interest are encouraged to monitor the electronic court docket, the
noticing agent website and/or the Monitor's website for further updates.

NNC-NNL11755879 / 167

Dated: May [●], 2011
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

---

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the U.S. Debtors
and U.S. Debtors in Possession*

-and-

OGILVY RENAULT LLP
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario M5J2Z4 CANADA

Derrick Tay LSUC# 21152A
Telephone: (416) 216-2327
Email: dtay@ogilvyrenault.com

Jennifer Stam LSUC# 46735J
Telephone: (416) 216-4832
Email: jstam@ogilvyrenault.com

Fax: (416) 216-3930
Lawyers for Canadian Debtors

NNC-NNL11755879 / 168

## Exhibit A

### Definition of Commercial Licenses

**"Pre-Divestiture Commercial License"** means any Contract entered into prior to the Petition Date in the ordinary course of business and, with respect to each Divested Business, any Contract entered into after the Petition Date but prior to the Divestiture Date in the ordinary course of business of such Divested Business, that: (1) provides for: (i) the manufacture of any Nortel Product by, for or on behalf of, or under authority of, any Seller or any Affiliate of any Seller, (ii) the sale, offer for sale, importation, distribution and/or lease (or in the case of software, licensing) of any Nortel Product by, for or on behalf of, or under authority of, any Seller or any Affiliate of any Seller, (iii) the servicing, including support, maintenance and installation, of any Nortel Product by, for or on behalf of, or under authority of, any Seller or any Affiliate of any Seller and use of Nortel Products in connection therewith, (iv) the provision by, for or on behalf of, or under authority of any Seller or any Affiliate of any Seller of Nortel Services and use of Nortel Products in connection therewith, (v) the right to interoperate or interface (excluding air interfaces) with any Nortel Product and to use, make, sell, offer for sale, import, distribute and/or lease (or in the case of software, license), and support and maintain, the interface or the interoperability information (or software that provides the interface or interoperability), including as part of a Third Party product (but solely to the extent of the interface or the interoperability information); or (vi) research and/or development, and the right to make, use, sell, offer for sale, import, lease and support products, inventions or technologies resulting from such research and/or development, provided that (A) such Contract is with at least one of the Sellers or one of their Affiliates, (B) there is no ongoing performance of research and/or development by Sellers or their Affiliates under such Contract as of the date hereof, (C) such contract includes a defined scope for the research and development, (D) the scope of any Patent license granted under such Contract is limited to the products, inventions or technologies developed as a result of the research and development within the defined scope for such Contract, and (E) such Contract (w) is with a university or research institution, (x) is a joint research and/or development agreement, (y) provided for research and/or development by at least one of the Sellers or one of their Affiliates or (z) provided for research and/or development that was directed at Nortel Products or was otherwise for or on behalf of Sellers or their Affiliates; and (2) included a non-exclusive grant of rights under any of the Transferred Patents, the Jointly Owned Patents or the Specified UK Patents limited to any of the activities referred to in clauses (i) - (vi) above.

**"Post-Divestiture Commercial License"** means with respect to each Divested Business, any Contract entered into with Sellers or Affiliates of the Sellers, on or after the Divestiture Date for such Divested Business, in connection with (i) performance required by Retained Contracts (including, for the avoidance of doubt, the Retained Contracts themselves) or (ii) sale, offer for sale, importation, distribution and/or lease of Inventory; in each case, where such Contract includes a non-exclusive grant of rights under any of the Transferred Patents, the Jointly Owned Patents, or the Specified UK Patents limited in time and scope to activities that would be permitted after the Closing Date pursuant to the terms of the Closing Date License Agreement.

**"End-User License"** means any Contract entered into by, on behalf of or under authority of Sellers or their Affiliates prior to the date hereof and, to the extent that would be permitted after the Closing pursuant to the Closing Date License Agreement, after the date hereof, including any click-through or shrink wrap license, that (i) accompanies the sale, servicing (including support, maintenance and installation) or licensing of any Nortel Product to an end user or customer in the ordinary course of business, and (ii) includes a non-exclusive grant of a license to the customer or end user under any of the Transferred Patents, the Jointly Owned Patents, or the Specified UK patents, where such license is limited to the right to use such Nortel Product.

9

NNC-NNL11755879 / 169

# APPENDIX "D"

## PUBLICATION NOTICE

NNC-NNL11755879 / 170

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------- X
                                                        :
In re                                                   :    Chapter 11
                                                        :
Nortel Networks Inc., et al.,                           :    Case No. 09-10138 (KG)
                                                        :
                      Debtors.                          :    Jointly Administered
                                                        :
                                                        :
                                                        :
------------------------------------------------------- X
```

**Court File No.: 09-CL-7950**

*ONTARIO*
**SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)**

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION**

**JOINT NOTICE OF PUBLIC AUCTION,
SALE HEARING AND REJECTION OF IP LICENSES**

**PLEASE TAKE NOTICE** that on April [●], 2011, Nortel Networks Corporation, Nortel Networks Limited (together, the "Canadian Debtors"), Nortel Networks Inc. (collectively with certain of its U.S. debtor affiliates, the "U.S. Debtors", and together with the Canadian Debtors, the "Sellers") entered into an agreement (the "Agreement") to convey substantially all of the Sellers' residual patents and certain related assets as described therein (the "Assets") to Ranger Inc., an affiliate of Google Inc., as more fully set forth in the motions for approval of the Agreement and other related relief, including the procedures for the rejection of certain outbound and cross patent licenses, filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on [●], 2011 (D.I. [●]) (the "U.S. Sale Motion") and filed with the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") on [●], 2011( the "Canadian Sale Motion"). Except as set forth in the Agreement, the Sellers seek to sell

NNC-NNL11755879 / 171

to Ranger Inc. or such other successful bidder(s) at an auction (the "<u>Successful Bidder</u>") the Assets covered by the Agreement free and clear of all claims and interests, in the case of the U.S. Debtors, pursuant to section 363 of the Bankruptcy Code, and in the case of the Canadian Debtors, pursuant to the Canadian Approval and Vesting Order.

      **PLEASE TAKE FURTHER NOTICE** that the terms and conditions of the proposed sale to Ranger Inc. are set forth in the Agreement attached to the U.S. Sale Motion and the Canadian Sale Motion. The Agreement represents the results of extensive marketing efforts conducted by the Sellers to obtain the highest and best offer for the Assets.

      **PLEASE TAKE FURTHER NOTICE** that on [●], 2011, the Bankruptcy Court entered an order (D.I. [●]) (the "<u>Bidding Procedures Order</u>") and that on [●], 2011 the Canadian Court entered an order (the "<u>Canadian Sales Process Order</u>") approving, among other things, (i) the bidding procedures (the "<u>Bidding Procedures</u>"), which set the key dates and times related to the sale of the Assets under the Agreement and (ii) the patent license rejection procedures, which establish procedures for the rejection of Unknown Licenses (as defined in the U.S. Sale Motion and Canadian Sale Motion). *<u>All interested bidders should carefully read the Bidding Procedures, and all counterparties to patent licenses with the Sellers should carefully read the Agreement, the U.S. Sale Motion, the Canadian Sale Motion, the Bidding Procedures Order and the Canadian Sales Process Order.</u>*

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures Order and Canadian Sales Process Order, an auction (the "<u>Auction</u>") to sell the Assets will be conducted at [●] on **[●], 2011 at [●] a.m. (ET)** (the "<u>Auction Date</u>"). Only the Sellers, Ranger Inc., the Committee, the Bondholder Group, Ernst & Young Inc. in its capacity as the monitor of Nortel Networks Corporation *et al.* (the "<u>Monitor</u>") and the Administrators (and the advisors to each of the foregoing), any creditor of the U.S. Debtors or Canadian Debtors and any other Qualified Bidder that has timely submitted a Qualified Bid, shall be entitled to attend the Auction in person, and only Ranger Inc. and such other Qualified Bidders will be entitled to make any subsequent bids at the Auction.

      **PLEASE TAKE FURTHER NOTICE** that Ranger Inc. has agreed to take the Assets subject to substantially all known outbound and cross patent licenses to such Assets granted prior to the signing of the Agreement, as identified by the Sellers, upon the terms and subject to the limitations contained in the Agreement. In an abundance of caution and in furtherance of the Sale, (i) the U.S. Debtors intend to reject any Unknown Licenses (as defined in the U.S. Sale Motion) to such Assets pursuant to section 365 of the Bankruptcy Code, effective as of and conditioned on the occurrence of the Closing, and (ii) the Canadian Debtors intend to terminate all Unknown Licenses (as defined in the Canadian Sale Motion) to such Assets, effective as of and conditioned on the occurrence of the Closing. The U.S. Sale Motion, the Canadian Sale Motion, the Bidding Procedures Order and the Canadian Sales Process Order further describe the types of patent licenses that will be rejected or terminated by the U.S. Debtors and Canadian Debtors in connection with the Sale.

      **PLEASE TAKE FURTHER NOTICE** that the U.S. Debtors and Canadian Debtors do not intend to reject or terminate certain "Covered Licenses" which consist of Commercial Licenses and certain intercompany agreements among the Sellers and their affiliates.

NNC-NNL11755879 / 172

**PLEASE TAKE FURTHER NOTICE** that the deadline for any counterparty to an Unknown License with the U.S. Debtors or a party in interest in the U.S. Debtors' chapter 11 cases to file and serve an objection to the rejection of any Unknown License is [●], 2011 at [●] p.m. (ET). Such objection shall be served in accordance with the Objection Procedures (as defined below) on: the Objection Notice Parties (as defined below); counsel to the Canadian Debtors; and counsel to the Monitor.

**PLEASE TAKE FURTHER NOTICE** that the deadline for a counterparty to an Unknown License with the U.S. Debtors to elect to retain its rights under such license in accordance with section 365(n)(1)(b) of the Bankruptcy Code is [●], 2011 at [●] p.m. (ET) (the "Notice of Election Deadline"). Any counterparty to an Unknown License with the U.S. Debtors that wishes to retain such rights must file a notice of election to retain such rights (a "Notice of Election") in accordance with the Objection Procedures and serve such notice on: the Objection Notice Parties (as defined below); counsel to the Canadian Debtors; and counsel to the Monitor, including a copy of such Unknown License with the Notice of Election served on counsel to each of the U.S. Debtors, the Canadian Debtors and the Monitor. The U.S. Debtors and the Stalking Horse Purchaser (or other Successful Bidder) reserve their right to object to any Notices of Election on any and all available grounds, which objections will be heard at the Sale Hearing. ***Any counterparty to an Unknown License with the U.S. Debtors that does not file and serve a Notice of Election by the Notice of Election Deadline will be deemed to have elected to treat each such Unknown License as terminated under section 365(n)(1)(a) of the Bankruptcy Code.*** For any Unknown License with the U.S. Debtors that is rejected, the deadline for any counterparty to such Unknown License to file a rejection damages claim against the U.S. Debtors with respect to such rejection will be thirty (30) days following the date of the Closing of the Sale.

**PLEASE TAKE FURTHER NOTICE** that the deadline for any counterparty to an Unknown License with the Canadian Debtors to come forward and object to the termination of such Unknown License by serving a notice of objection substantially in the form posted on the Monitor's website at www.ey.com/ca/nortel on counsel to the Canadian Debtors, counsel to the Monitor, counsel to the U.S. Debtors and counsel to Ranger Inc. is [●], 2011 at [●] p.m. (ET) (the "Canadian License Bar Date"). To the extent that a counterparty comes forward and asserts an Unknown License with the Canadian Debtors prior to the Canadian License Bar Date, which Unknown License is established by court order to be a valid Unknown License prior to the Closing (as defined in the Agreement), the Assets will be sold subject to such license. ***Any Unknown License with the Canadian Debtors for which the counterparty to such Unknown License does not come forward and file and serve an objection notice, or whose objection is not established by court order, will be terminated and forever barred.*** Any claim arising from such deemed termination shall be an unsecured claim against the Canadian Debtors, shall be deemed a Restructuring Claim as such term is defined in the Claims Procedure Order granted by the Canadian Court on July 30, 2009, must be filed within thirty (30) days of the date of Closing and must otherwise be in compliance with that order.

**PLEASE TAKE FURTHER NOTICE** that, in addition to the foregoing license rejection procedures, the U.S. Debtors and the Canadian Debtors have agreed as part of the transaction to various limitations and prohibitions on their rights to renew, extend, assign, amend, waive or modify contracts containing licenses to the patents offered for sale, including

3

outbound and cross patent licenses and certain licenses incorporated in Commercial Licenses, Intercompany Licenses (as defined in the Sale Order and the Vesting Order, each as defined below) and certain agreements entered into in connection with the divestiture of Nortel's business units, as set forth in paragraph 28 of the proposed Sale Order annexed to the U.S. Sale Motion (the "Sale Order") and paragraph 14 of the proposed Approval and Vesting Order annexed to the affidavit of [●] contained in the Canadian Sale Motion (the "Vesting Order"). *All counterparties to contracts with the Sellers should carefully read the U.S. Sale Motion and the proposed Sale Order annexed thereto and the Canadian Sale Motion and the proposed Approval and Vesting Order attached to the affidavit of [●] contained in the Canadian Sale Motion.*

      **PLEASE TAKE FURTHER NOTICE** that a joint hearing (the "Sale Hearing") will be held before the Honorable Kevin Gross, United States Bankruptcy Judge and the Honourable Justice Morawetz of the Ontario Superior Court of Justice (Commercial List), which hearing is currently scheduled to be held on **[●], 2011 at [●] a.m. (ET)**, or at such other time as the Courts permit, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 and the Ontario Superior Court (Commercial List) at 393 University Ave., Toronto, Ontario to confirm the results of the Auction, approve the sale of the U.S. Debtors' and Canadian Debtors' respective interests in the Assets to Ranger Inc. or the Successful Bidder and approve the rejection of the Unknown Licenses with the U.S. Debtors and the Canadian Debtors.  The U.S. Debtors and the Canadian Debtors may each adjourn their respective Sale Hearings one or more times without further notice by making an announcement in open Court or, in the case of the U.S. Debtors, by the filing of a hearing agenda pursuant to Local Rule 9029-3 announcing the adjournment or, in the case of the Canadian Debtors, by providing notice to the service list in the Canadian Debtors' *Companies' Creditors Arrangement Act* proceedings (the "Canadian Service List").

      **PLEASE TAKE FURTHER NOTICE** that, except as described above, pursuant to the Bidding Procedures Order, the Bankruptcy Court has currently set:  (a) **[●], 2011 at [●] p.m. (ET)** as the deadline for all general objections to the U.S. Sale Motion, including objections to the sale of the Assets; (b) **[●], 2011 at [●] p.m. (ET)** as the Bid Deadline (as defined in the Bidding Procedures); and (c) **[●], 2011 at [●] p.m. (ET)** as the deadline for supplemental objections regarding objections to issues arising from and in connection with the Auction and/or the Sellers' selection of a Successful Bid made by a Successful Bidder other than Ranger Inc. Except as described above, pursuant to the Canadian Sales Process Order, the Canadian Court has currently set [●], 2011 at [●] p.m. (ET) as the Bid Deadline.

      **PLEASE TAKE FURTHER NOTICE** that all objections to the U.S. Sale Motion must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and the Local Rules; (d) filed with the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801 by no later than the General Objection Deadline, or other applicable deadline as indicated above; and (e) served in accordance with the Local Rules so as to be received on or before the relevant objection deadline by the following at the addresses provided in the Bidding Procedures and U.S. Sale Motion:  (i) counsel to the U.S. Debtors, (ii) counsel to Ranger Inc., (iii) counsel to the Committee, (iv) counsel to the Bondholder Group, and (v) the Office of the United States Trustee (collectively, the "Objection Notice Parties", such procedures the "Objection Procedures").

NNC-NNL11755879 / 174

**PLEASE TAKE FURTHER NOTICE** that this notice is a summary only and is subject to the full terms and conditions of the Agreement, the U.S. Sale Motion, the Canadian Sale Motion, the Bidding Procedures Order, the Canadian Sales Process Order and the Bidding Procedures, and you should review such documents in their entirety. Copies of the Agreement, the U.S. Sale Motion, and the Bidding Procedures Order (including the Bidding Procedures approved by the Bankruptcy Court) may be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (ET) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the U.S. Debtors' attorneys: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention: James L. Bromley and Lisa M. Schweitzer. Additionally, copies of these documents may be downloaded from the Bankruptcy Court's docket at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://dm.epiq11.com/nortel. Copies of the Agreement, Canadian Sale Motion and Canadian Sales Process Order (including the Bidding Procedures approved by the Canadian Court) and the Canadian Service List can be viewed at the Monitor's website at http://www.ey.com/ca/nortel/ or by contacting the Monitor by telephone (●) or by fax (●).

**PLEASE TAKE FURTHER NOTICE** that dates set forth in this notice are subject to change, and further notice of such changes may not be provided except through announcements in open court and/or the filing of notices and/or amended agendas. Parties in interest are encouraged to monitor the electronic court docket, the noticing agent website and/or the Monitor's website for further updates.

NNC-NNL11755879 / 175

Dated: May [●], 2011
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the U.S. Debtors
and U.S. Debtors in Possession*

-and-

OGILVY RENAULT LLP
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario M5J2Z4 CANADA

Derrick Tay LSUC# 21152A
Telephone: (416) 216-2327
Email: dtay@ogilvyrenault.com

Jennifer Stam LSUC# 46735J
Telephone: (416) 216-4832
Email: jstam@ogilvyrenault.com

Fax: (416) 216-3930
Lawyers for Canadian Debtors

6

NNC-NNL11755879 / 176

# APPENDIX "E"

## OBJECTION NOTICE

NNC-NNL11755879 / 177

Court File No. 09-CL-7950

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

### IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED
### AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

### <u>UNKNOWN LICENSE OBJECTION NOTICE</u>

**TO:**    **THE PARTIES LISTED ON SCHEDULE "A" HERETO**

Pursuant to an Order (Certain Patents and other Assets Bidding Procedures Order) of the Ontario Superior Court of Justice (Commercial List) dated ⊛, 2011 (the "**Order**"), the Court approved the Canadian License Rejection Procedure.[1]

Pursuant to the Canadian License Rejection Procedure, any counter-party to any pre-filing Contract (a "**Claimant**") containing a license to the Transferred Patents, Jointly Owned Patents or Specified UK Patents to which the Applicants are a party (subject to certain exceptions contained in the Order) who wishes to assert an Unknown License must serve an objection notice on the Objection Notice Parties, counsel to the Applicants, counsel to the Monitor and counsel to the Stalking Horse Purchaser, **prior to 4 p.m (ET) on** ⊛, **2011 (the "Canadian License Bar Date"**).

1.    The undersigned hereby objects and asserts an Unknown License as follows:

     (a)     Full legal name of Claimant: _____

         (i)     Claimant Address: _____

                                  _____

         (ii)    Claimant Contact: _____

         (iii)   Phone #: _____

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Order.

- 2 -

(iv)   Fax #:   _____

(v)    E-mail:  _____

(b)    Agreement pursuant to which Unknown License arises (please include title of agreement, date and parties):

_____

_____

(c)    For the copy of this objection that is sent to counsel to the U.S. Debtors, the Canadian Debtors and the Monitor, please append a complete copy of such agreement and any other relevant documents related to the agreement to this objection.

(d)    Please attach any additional relevant information regarding the objection as a schedule to this objection.

2.     The undersigned hereby certifies as to the accuracy and completeness of the information regarding the Unknown License asserted in this objection.

DATED this _____ day of _____, 2011

**[NAME OF CLAIMANT]**

Per:   _____

Name:

Title:

**THIS UNKNOWN LICENSE OBJECTION NOTICE MUST BE SERVED IN ACCORDANCE WITH PARAGRAPH 8(C) OF THE ORDER ON THE OBJECTION NOTICE PARTIES PRIOR TO 4:00 P.M. (ET) ON THE CANADIAN LICENSE BAR DATE. TO THE EXTENT AN UNKNOWN LICENSE IS ESTABLISHED BY COURT ORDER TO BE A VALID UNKNOWN LICENSE PRIOR TO THE CLOSING, THE ASSETS WILL BE SOLD SUBJECT TO SUCH UNKNOWN LICENSE. ANY UNKNOWN LICENSE WITH THE APPLICANTS FOR WHICH THE COUNTERPARTY TO SUCH UNKNOWN LICENSE DOES NOT COME FORWARD AND FILE AND SERVE AN OBJECTION NOTICE, OR WHOSE OBJECTION IS NOT ESTABLISHED BY COURT ORDER AS DESCRIBED ABOVE WILL BE TERMINATED AND FOREVER BARRED AS OF THE CLOSING AND ANY CLAIM ARISING FROM SUCH DEEMED TERMINATION SHALL BE AN UNSECURED CLAIM AGAINST THE APPLICANTS, WHICH CLAIM SHALL BE DEEMED A RESTRUCTURING CLAIM AS DEFINED IN THE CLAIMS PROCEDURE ORDER GRANTED BY THE COURT ON JULY 30, 2009, MUST BE FILED WITHIN 30 DAYS**

- 3 -

**OF CLOSING OF THE TRANSACTION AND OTHERWISE IN COMPLIANCE WITH THAT ORDER.**

NNC-NNL11755879 / 180

## SCHEDULE "A"

(a)    counsel to the U.S. Debtors:  Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Fax:  (212) 225-3999 (Attention: James L. Bromley and Lisa M. Schweitzer) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Fax:  (302) 658-3989 (Attention:  Derek C. Abbott),

(b)    counsel to Ranger Inc.:

    (i)    Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019, Fax: (212) 403-2000 (Attention: Philip Mindlin, Adam O. Emmerich and Benjamin M. Roth), and

    (ii)    Torys LLP 79 Wellington Street West, Suite 3000, Box 270, TD Centre, Toronto, Ontario, M5K 1N2, Fax: (416) 865-7380 (Attention: Michael Rotsztain and Adam Slavens)

(c)    counsel to the Committee:  Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Fax:  (212) 872-1002 (Attention:  Fred Hodara, Stephen Kuhn and Kenneth Davis) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention:  Christopher M. Samis),

(d)    counsel to the Bondholder Group:  Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York 10006, Fax:  (212) 822-5735 (Attention:  Roland Hlawaty),

(e)    counsel to the Canadian Debtors, Ogilvy Renault LLP, Attn: Jennifer Stam, Royal Bank Plaza, South Tower, Suite 3800, 200 Bay Street, Toronto, Ontario, Canada, Facsimile: (416) 216-3930,

(f)    the Monitor: Ernst & Young Tower, 222 Bay Street, P. O. Box 251, Toronto, ON M5K 1J7 Canada (Attention: Sharon Hamilton) Fax: (416) 943-3300

(g)    counsel to the Monitor, Goodmans LLP, Attn: J.A. Carfagnini and Joseph Pasquariello, Bay Adelaide Centre, 333 Bay Street, Suite 3400, Toronto, ON M5H 2S7, Facsimile: (416) 979-1234, and

(h)    the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Fax:  (302) 573-6497 (Attention: Patrick Tinker)

DOCSTOR: 2149759\5

NNC-NNL11755879 / 181

APPENDIX "F"

NOTICE OF SALE

NNC-NNL11755879 / 182

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- X

*In re*            :     Chapter 11

Nortel Networks Inc., *et al.*,[1]     :     Case No. 09-10138 (KG)

             Debtors.     :     Jointly Administered

                       :

------------------------------------------------------- X

**Court File No. 09-CL-7950**[2]

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

### IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

### AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

### JOINT NOTICE OF (I) SOLICITATION OF INITIAL BIDS; (II) PUBLIC AUCTION AND SALE HEARING; (III) REJECTION OF CERTAIN PATENT LICENSES; AND (IV) RELATED RELIEF AND DATES

---

[1]     The debtors in these chapter 11 cases (the "U.S. Debtors"), along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]     The debtors in these CCAA proceedings (the "Canadian Debtors"), include Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

On April [•], 2011, Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Inc. and certain of their affiliates (collectively the "Sellers") entered into an agreement (the "Agreement") to convey substantially all of the Sellers' residual patents and certain related assets as described therein (the "Assets") to Ranger Inc., an affiliate of Google Inc., as more fully set forth in the U.S. Debtors' motion for approval of the Sale and other related relief filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April [•], 2011 (D.I. [•]) (the "U.S. Sale Motion") and the Canadian Debtors' motion record containing materials supporting the request for approval of the Agreement as a stalking horse agreement and the bidding procedures filed with the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") on [●], 2011 (the "Canadian Sale Motion"). The U.S. Sale Motion and Canadian Sale Motion contemplate the rejection or termination of certain outbound and cross patent license agreements in connection with the proposed Sale.[3]

The Auction and sale of the Assets and the rejection of the Unknown Licenses by the U.S. Debtors and the Canadian Debtors will occur in accordance with procedures established by an order of the Bankruptcy Court (the "Bidding Procedures Order"), entered on [●], 2011 [D.I. [●]] and an order of the Canadian Court entered on [●], 2011 (the "Canadian Sales Process Order"), respectively.

License Rejection Procedures. Ranger Inc. has agreed to take the Assets subject to substantially all known outbound and cross patent licenses to such Assets granted prior to the signing of the Agreement, as identified by the Sellers, upon the terms and subject to the limitations contained in the Agreement. In an abundance of caution and in furtherance of the Sale, (i) the U.S. Debtors intend to reject any Unknown Licenses (as defined in the U.S. Sale Motion) to such Assets pursuant to section 365(n) of the Bankruptcy Code, effective as of and conditioned on the occurrence of the Closing, and (ii) the Canadian Debtors intend to terminate all Unknown Licenses (as defined in the Canadian Sale Motion) to such Assets, effective as of and conditioned on the occurrence of the Closing. *__If you have a license to the Assets granted by the U.S. Debtors that has not been identified in the Agreement and does not fall within one of the below categories of Covered Licenses (as defined below), such license will be rejected as of and conditioned upon the occurrence of the Closing, subject to your right to object to such rejection, as described under "Unknown Licenses with U.S. Debtors" below. If you have a license to the Assets granted by the Canadian Debtors that has not been identified in the Agreement and does not fall within one of the below categories of Covered Licenses, such license will be terminated as of and conditioned upon the occurrence of the Closing, unless you follow the procedures described under "Unknown Licenses with Canadian Debtors" described below. You should carefully read the Agreement, the U.S. Sale Motion, the Canadian Sale Motion, the Bidding Procedures Order and the Canadian Sales Process Order to understand how your rights may be affected by the U.S. Sale Motion, the Canadian Sale Motion and the Sale.__*

Except as described below, within five (5) Business Days of the entry of the Bidding Procedures Order and the Canadian Sales Process Order, as applicable, or as soon as is practicable thereafter, (i) the U.S. Debtors will serve all of the U.S. Debtors' Known Licensees

---

[3]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the U.S. Sale Motion.

with a notice identifying the Known Licenses to the Transferred Patents, Specified UK Patents and Jointly Owned Patents (each as defined in the Agreement), and (ii) the Canadian Debtors will serve all Known Licensees (as defined in the Canadian Sales Process Order) of the Canadian Debtors with a notice identifying the Known Licenses (as defined in the Canadian Sales Process Order) to the Transferred Patents, Specified UK Patents and Jointly Owned Patents with the Canadian Debtors.  If you receive such a notice and it accurately lists all licenses to the Assets that you have with the U.S. Debtors and the Canadian Debtors, you do not need to take any further action.  If you do not receive such a notice and you are a counterparty to a license with the U.S. Debtors or the Canadian Debtors, or if you receive such a notice but you are a counterparty to a license with the Debtors that is not listed on such notice, your rights may be affected by the Sale Motion and the Sale.

The Sellers do not intend to reject or terminate the following license agreements related to the patents being offered for sale (collectively, the "Covered Licenses"): (i) Commercial Licenses (as defined in the Agreement)[4]; and (ii) certain intercompany agreements among the Sellers and their affiliates.  The counterparties to such licenses will not receive a notice identifying such licenses from the U.S. Debtors or the Canadian Debtors.

Unknown Licenses with the U.S. Debtors

Unknown Licenses with the U.S. Debtors will be rejected pursuant to section 365(n) of the Bankruptcy Code effective as of and conditioned on the occurrence of the Closing.

The deadline for any counterparty to an Unknown License with the U.S. Debtors or party in interest to file and serve an objection to the rejection of any Unknown License is [●], 2011 at [●] p.m. (ET).  Such objection shall be served in accordance with the Objection Procedures (as defined below) on: the Objection Notice Parties (as defined below); counsel to the Canadian Debtors, Ogilvy Renault LLP, Attn: Jennifer Stam, Royal Bank Plaza, South Tower, Suite 3800, 200 Bay Street, Toronto, Ontario, Canada, Facsimile: (416) 216-3930; and counsel to Ernst & Young Inc. in its capacity as monitor of the Canadian Debtors (the "Monitor"), Goodmans LLP, Attn:  Jay Carfagnini and Joseph Pasquariello, Bay Adelaide Centre, 333 Bay Street, Suite 3400, Toronto, ON  M5H 2S7, Facsimile: (416) 979-1234.

The deadline for a counterparty to an Unknown License to elect to retain its rights under such license in accordance with section 365(n)(1)(b) of the Bankruptcy Code is [●], 2011 at [●] p.m. (ET) (the "Notice of Election Deadline").  Any counterparty to an Unknown License that wishes to retain such rights must file a notice of election to retain such rights (a "Notice of Election") in accordance with the Objection Procedures (as defined below), serve such notice on: the Objection Notice Parties (as defined below); counsel to the Canadian Debtors, Ogilvy Renault LLP, Attn: Jennifer Stam, Royal Bank Plaza, South Tower, Suite 3800, 200 Bay Street, Toronto, Ontario, Canada, Facsimile: (416) 216-3930; and counsel to the Monitor, Goodmans LLP, Attn: Jay Carfagnini and Joseph Pasquariello, Bay Adelaide Centre, 333 Bay Street, Suite 3400, Toronto, ON  M5H 2S7, Facsimile: (416) 979-1234.  The Notice of Election served on counsel to each of the Canadian Debtors, the Monitor and the U.S. Debtors shall include a

---

[4]    **"Commercial Licenses"** means the Pre-Divestiture Commercial Licenses, the Post-Divestiture Commercial Licenses and the End-User Licenses, each of which is defined on Exhibit B hereto.

written copy of the Unknown License. ***Any counterparty to an Unknown License that does not file and serve a Notice of Election by the Notice of Election Deadline will be deemed to have elected to treat each such Unknown License as terminated under section 365(n)(1)(a) of the Bankruptcy Code.*** The U.S. Debtors and the Stalking Horse Purchaser (or other Successful Bidder) reserve their right to object to any Notices of Election on any and all available grounds, which objections will be heard at the Sale Hearing.

For any Unknown License with the U.S. Debtors that is rejected, the deadline for any counterparty to such Unknown License to file a rejection damages claim against the U.S. Debtors (each such claim, a "License Rejection Damages Claim") with respect to such rejection will be thirty (30) days following the date of the Closing of the Sale. All License Rejection Damages Claims must attach a written copy of the Unknown License and otherwise comply with the procedures established by the Order Establishing Deadlines For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof [D.I. 1280].

Subject to the consent of Ranger Inc., in its sole and absolute discretion, or the consent of another Successful Bidder (as defined in the Bidding Procedures), as applicable, the U.S. Debtors reserve the right to withdraw any Unknown License from the contracts to be rejected, in accordance with the Sale Motion and the Bidding Procedures Order, at any time prior to the occurrence of the Closing.

<u>Unknown Licenses with Canadian Debtors</u>

If you have an Unknown License granted by one or more of the Canadian Debtors and wish to object to its termination, you must serve a notice containing your objection (a, "Canadian Objection Notice") substantially in the form available on the Monitor's website at www.ey.com/ca/nortel on or prior to [●] at [●] p.m. ET (the "Canadian License Bar Date") on the License Objection Notice Parties (as defined below); counsel to the Canadian Debtors, Ogilvy Renault LLP, Attn: Jennifer Stam, Royal Bank Plaza, South Tower, Suite 3800, 200 Bay Street, Toronto, Ontario, Canada, Facsimile: (416) 216-3930; and counsel to the Monitor, Goodmans LLP, Attn: Jay Carfagnini and Joseph Pasquariello, Bay Adelaide Centre, 333 Bay Street, Suite 3400, Toronto, ON  M5H 2S7, Facsimile: (416) 979-1234. The Canadian Objection Notice served on the Canadian Debtors, the Monitor and the U.S. Debtors shall include a written copy of the Unknown License.

To the extent that a counterparty to an Unknown License comes forward and serves a Canadian Objection Notice prior to the Canadian License Bar Date, which Unknown License is established by court order to be a valid Unknown License prior to the Closing, the Assets will be sold subject to such license.

Except as provided in the immediately preceding paragraph, all Unknown Licenses to which the Canadian Debtors are a party are deemed to be terminated and forever barred as of the Closing and any claim arising from such deemed termination shall be an unsecured claim against the Canadian Debtors, which claim shall be deemed a Restructuring Claim as defined in the Claims Procedure Order granted by the Court on July 30, 2009, must be filed within thirty (30) days of the date of Closing and must otherwise be in compliance with that order.

Copies of the Canadian Objection Notice, the Proof of Claim form and Claims Package can be obtained on the Monitor's website at www.ey.com/ca/nortel or by contacting the Monitor by telephone (416-943-4439 or 866-942-7177) or by fax (416-943-2808).

Subject to the consent of Ranger Inc., in its sole and absolute discretion, or the consent of another Successful Bidder, as applicable, the Canadian Debtors reserve the right to withdraw any Unknown License from the contracts to be terminated, in accordance with the Sale Motion and the Bidding Procedures Order, at any time prior to the occurrence of the Closing.

<u>Unknown Licenses with both U.S. Debtors and Canadian Debtors</u>

If you are a counterparty to a patent license granted by both the U.S. Debtors and the Canadian Debtors, that is subject to rejection and termination under these procedures, to retain your license rights, you must (i) file and serve a Canadian Objection Notice; and (ii) elect to retain your license rights under Section 365(n) of the Bankruptcy Code in accordance with the procedures summarized above and contained in the Canadian Sales Process Order and the Bidding Procedures Order, respectively. You may not attempt to retain license rights in one jurisdiction and terminate such license rights in the other.

<u>License Non-Assignment and Non-Renewal Protections</u>. In addition to the foregoing license rejection procedures, the U.S. Debtors and the Canadian Debtors have agreed as part of the transaction to various limitations and prohibitions on their rights to renew, extend, assign, amend, waive or modify contracts containing licenses to the patents offered for sale, including outbound and cross patent licenses and certain licenses incorporated in Commercial Licenses, Intercompany Licenses (as defined in the Sale Order) and certain agreements entered into in connection with the divestiture of Nortel's business units, as set forth in paragraph 28 of the proposed Sale Order annexed to the U.S. Sale Motion and paragraph 14 of the proposed Approval and Vesting Order annexed to the affidavit of [●] annexed to the Canadian Sale Motion. ***All counterparties to contracts with the Sellers should carefully read the U.S. Sale Motion and the proposed Sale Order annexed thereto and the Canadian Sale Motion and the proposed Approval and Vesting Order attached to the affidavit of [●] contained in the Canadian Sale Motion.***

<u>The Sale Hearing</u>. A joint hearing (the "<u>Sale Hearing</u>") will be held before the Honorable Kevin Gross, United States Bankruptcy Judge and the Honourable Justice Morawetz of the Ontario Superior Court of Justice (Commercial List), which hearing is currently scheduled to be held on [●], 2011 at [●] a.m. (ET), or at such other time as the Courts permit, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 and the Ontario Superior Court (Commercial List) at 393 University Ave., Toronto, Ontario to confirm the results of the Auction, approve the sale of the U.S. Debtors' and Canadian Debtors' respective interests in the Assets to Ranger Inc. or the Successful Bidder and approve the rejection of the Unknown Licenses with the U.S. Debtors and the Canadian Debtors. The U.S. Debtors and the Canadian Debtors may each adjourn their respective Sale Hearings one or more times without further notice by making an announcement in open Court or, in the case of the U.S. Debtors, by the filing of a hearing agenda pursuant to Local Rule 9029-3 announcing the adjournment or, in the case of the Canadian Debtors, by providing notice to the service list in

the Canadian Debtors' Companies' Creditors Arrangement Act proceedings (the "Canadian Service List").

Key Deadlines. Except as described above, pursuant to the Bidding Procedures Order, the Bankruptcy Court has currently set: (a) [●], 2011 at [●] p.m. (ET) as the deadline for all general objections to the U.S. Sale Motion; (b) [●], 2011 at [●] p.m. (ET) as the Bid Deadline (as defined in the Bidding Procedures); and (c) [●], 2011 at [●] p.m. (ET) as the deadline for supplemental objections regarding objections to issues arising from and in connection with the Auction and/or the Sellers' selection of a Successful Bid made by a Successful Bidder other than Ranger Inc. Except as described above, pursuant to the Canadian Sales Process Order, the Canadian Court has currently set [●], 2011 at [●] p.m. (ET) as the Bid Deadline.

Objections to the U.S. Sale Motion. All objections to the relief requested in the U.S. Sale Motion must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and the Local Rules; (d) filed with the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801 by no later than the General Objection Deadline, or other applicable deadline as indicated above; and (e) served in accordance with the Local Rules so as to be received on or before the relevant objection deadline by the following: (i) counsel to the Debtors: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Fax: (212) 225-3999 (Attention: James L. Bromley and Lisa M. Schweitzer) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, Fax: (302) 658-3989 (Attention: Derek C. Abbott), (ii) counsel to Ranger Inc.: Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019, Fax: (212) 403-2000 (Attention: Philip Mindlin, Adam O. Emmerich and Benjamin M. Roth) and Torys LLP 79 Wellington Street West, Suite 3000, Box 270, TD Centre, Toronto, Ontario, M5K 1N2, Fax: (416) 865-7380 (Attention: Michael Rotsztain and Adam Slavens), (iii) counsel to the Committee: Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Fax: (212) 872-1002 (Attention: Fred Hodara, Stephen Kuhn and Kenneth Davis) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attention: Christopher M. Samis), (iv) counsel to the Bondholder Group: Milbank, Tweed, Hadley & McCloy, One Chase Manhattan Plaza, New York, New York 10006, Fax: (212) 822-5735 (Attention: Roland Hlawaty), and (v) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Fax: (302) 573-6497 (Attention: Patrick Tinker) (collectively, the "Objection Notice Parties", the procedures laid out in this paragraph, the "Objection Procedures").

Documents. This notice is a summary only and is subject to the full terms and conditions of the Agreement, the Bidding Procedures Order and the Canadian Sales Process Order which shall control in the event of any conflict, and the U.S. Debtors and the Canadian Debtors encourage parties in interest to review such documents in their entirety.

Copies of the Sale Motion, the Agreement and the Bidding Procedures Order (including the Bidding Procedures approved by the Bankruptcy Court) may be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (ET) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801, or by appointment during regular business hours at the offices of the U.S. Debtors' attorneys: Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attention: James L. Bromley and Lisa M. Schweitzer.

Additionally, copies of the foregoing may be downloaded from the Court's docket at www.deb.uscourts.gov and from the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC, at http://dm.epiq11.com/nortel. Copies of the Agreement, the form of Objection Notice, the Canadian Sale Motion, Canadian Sales Process Order (including the Bidding Procedures approved by the Canadian Court) and the Canadian Service List can be viewed at the Monitor's website at http://www.ey.com/ca/nortel/ or by contacting the Monitor by telephone (1-416-943-4439 or 1-866-942-7177) or by fax (1-416-943-2808).

Dates set forth in this notice are subject to change, and further notice of such changes may be provided through announcements in open court and/or the filing of notices and/or amended agendas. Parties in interest are encouraged to monitor the electronic court docket, the noticing agent website and/or the Monitor's website for further updates.

Dated: May [●], 2011
Wilmington, Delaware

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL
LLP

Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the U.S. Debtors
and U.S. Debtors in Possession*

-and-

OGILVY RENAULT LLP
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario M5J2Z4 CANADA

Derrick Tay LSUC# 21152A
Telephone: (416) 216-2327
Email: dtay@ogilvyrenault.com

Jennifer Stam LSUC# 46735J
Telephone: (416) 216-4832
Email: jstam@ogilvyrenault.com

Fax: (416) 216-3930
Lawyers for Canadian Debtors

## Exhibit A

**Bidding Procedures**

NNC-NNL11755879 / 191

## Exhibit B

### Definition of Commercial Licenses

**"Pre-Divestiture Commercial License"** means any Contract entered into prior to the Petition Date in the ordinary course of business and, with respect to each Divested Business, any Contract entered into after the Petition Date but prior to the Divestiture Date in the ordinary course of business of such Divested Business, that: (1) provides for: (i) the manufacture of any Nortel Product by, for or on behalf of, or under authority of, any Seller or any Affiliate of any Seller, (ii) the sale, offer for sale, importation, distribution and/or lease (or in the case of software, licensing) of any Nortel Product by, for or on behalf of, or under authority of, any Seller or any Affiliate of any Seller, (iii) the servicing, including support, maintenance and installation, of any Nortel Product by, for or on behalf of, or under authority of, any Seller or any Affiliate of any Seller and use of Nortel Products in connection therewith, (iv) the provision by, for or on behalf of, or under authority of any Seller or any Affiliate of any Seller of Nortel Services and use of Nortel Products in connection therewith, (v) the right to interoperate or interface (excluding air interfaces) with any Nortel Product and to use, make, sell, offer for sale, import, distribute and/or lease (or in the case of software, license), and support and maintain, the interface or the interoperability information (or software that provides the interface or interoperability), including as part of a Third Party product (but solely to the extent of the interface or the interoperability information); or (vi) research and/or development, and the right to make, use, sell, offer for sale, import, lease and support products, inventions or technologies resulting from such research and/or development, provided that (A) such Contract is with at least one of the Sellers or one of their Affiliates, (B) there is no ongoing performance of research and/or development by Sellers or their Affiliates under such Contract as of the date hereof, (C) such contract includes a defined scope for the research and development, (D) the scope of any Patent license granted under such Contract is limited to the products, inventions or technologies developed as a result of the research and development within the defined scope for such Contract, and (E) such Contract (w) is with a university or research institution, (x) is a joint research and/or development agreement, (y) provided for research and/or development by at least one of the Sellers or one of their Affiliates or (z) provided for research and/or development that was directed at Nortel Products or was otherwise for or on behalf of Sellers or their Affiliates; and (2) included a non-exclusive grant of rights under any of the Transferred Patents, the Jointly Owned Patents or the Specified UK Patents limited to any of the activities referred to in clauses (i) - (vi) above.

**"Post-Divestiture Commercial License"** means with respect to each Divested Business, any Contract entered into with Sellers or Affiliates of the Sellers, on or after the Divestiture Date for such Divested Business, in connection with (i) performance required by Retained Contracts (including, for the avoidance of doubt, the Retained Contracts themselves) or (ii) sale, offer for sale, importation, distribution and/or lease of Inventory; in each case, where such Contract includes a non-exclusive grant of rights under any of the Transferred Patents, the Jointly Owned Patents, or the Specified UK Patents limited in time and scope to activities that would be permitted after the Closing Date pursuant to the terms of the Closing Date License Agreement.

**"End-User License"** means any Contract entered into by, on behalf of or under authority of Sellers or their Affiliates prior to the date hereof and, to the extent that would be permitted after the Closing pursuant to the Closing Date License Agreement, after the date hereof, including any click-through or shrink wrap license, that (i) accompanies the sale, servicing (including support, maintenance and installation) or licensing of any Nortel Product to an end user or customer in the ordinary course of business, and (ii) includes a non-exclusive grant of a license to the customer or end user under any of the Transferred Patents, the Jointly Owned Patents, or the Specified UK patents, where such license is limited to the right to use such Nortel Product.

NNC-NNL11755879 / 192

## APPENDIX "G"

**AFFIDAVIT OF SERVICE REGARDING SERVICE ON COUNTERPARTIES TO KNOWN LICENSES**

**[CONFIDENTIAL]**

NNC-NNL11755879 / 193

**APPENDIX "H"**

**IP TRANSACTION SIDE AGREEMENT**

**[CONFIDENTIAL]**

NNC-NNL11755879 / 194

## APPENDIX "I"

## BIDDING PROCEDURES