UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                                      :    Chapter 11 Case No.
                                                            :
NORTEL NETWORKS, INC.                                       :    09-10138 (KG)
                                                            :
                        Debtor.                             :
------------------------------------------------------------x

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **WB Claims Holding – Nortel, LLC** | **Wells Fargo Bank, National Association, as successor by merger to Wachovia Bank, N.A., solely in its capacity as Special Servicer, for the Nortel Networks Pass-Through Trust, Series 2001-1** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

  c/o Whitebox Advisors, LLC
  3033 Excelsior Blvd., Suite 300
  Minneapolis, MN 55416-4675
  Attn: Dale Willenbring
  Tel: (612) 253-6068
  Email: dwillenbring@whiteboxadvisors.com

Name and Address where transferee payments should be sent (if different from above):  N/A

Court Claim # (if known): 7179 (amending 5652)
Allowed Amount of Unsecured Claim held by Transferor: $5,331,198.00
Allowed Amount of Unsecured Claim to be Transferred: $5,331,198.00
Debtor: Nortel Networks, Inc.

Date Claim Filed: March 31, 2010 (originally September 30, 2009)

Name and Address of Transferor:
550 S. Tryon, 14th Floor
Charlotte, NC 28202-6000
MAC D1086-120
Attn: Tina C. McNeill, VP
Tel: (704) 410-8320
Fax: (704) 715-0036
Email: tina.mcneill@wellsfargo.com
**PLEASE SEE ATTACHED EXHIBITS**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____                    Date: May 21, 2014
      Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

## Exhibit A

Evidence of Transfer of Claim

## EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **Wells Fargo Bank, National Association, as successor by merger to Wachovia Bank, N.A., solely in its capacity as Special Servicer, for the Nortel Networks Pass-Through Trust, Series 2001-1** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **WB Claims Holdings – Nortel, LLC** ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) in the amount of **$5,331,198.00** against Nortel Networks, Inc. *et al.* (the "Debtor"), Chapter 11 Case No. 09-10138 (KG), United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS ___ day of August, 2012.

Wells Fargo Bank, National Association, as successor by merger to Wachovia Bank, N.A., solely in its capacity as Special Servicer, for the Nortel Networks Pass-Through Trust, Series 2001-1

By: _____
Name: Tina C. McNeill
Title: Vice President

WB CLAIMS HOLDINGS – NORTEL, LLC

By: _____
Name: Mark Stroshine
Title: Director

<u>Exhibit B</u>

Proof of Claim

**ORIGINAL**

# UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE

**PROOF OF CLAIM**

| | |
|---|---|
| Name of Debtor: **Nortel Networks Inc.** | Case Number: **09-10138 (KG)** |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**Wells Fargo Bank, National Association, as successor by merger to Wachovia Bank, N.A., solely in its capacity as Servicer, for the Nortel Networks Pass-Through Trust, Series 2001-1** | ☑ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: 5652 |
| Name and address where notices should be sent::<br>Alston & Bird LLP<br>c/o Jason H. Watson<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309-3424<br>(404) 881-4796<br>jason.watson@alston.com | |
| Name and address where payment should be sent (if different from above):<br>Alston & Bird LLP<br>c/o Jason H. Watson<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309-3424<br>(404) 881-4796<br>jason.watson@alston.com | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

1. **Amount of Claim as of Date Case Filed:** $ _____ See Attachment
   If all or part of your claim is secured, complete item 4 below; however, if your entire claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** _____ **Debtor's rejection of commercial lease**
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:**
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe:
   Value of Property: $_____    Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $_____    Basis for perfection: _____
   Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim.

   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

   ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

   ☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

   Amount entitled to priority:
   $ _____

   *Amounts are subject to adjustment on and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of d(

8. You may also attach a summary. *(See definition o*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACH
SCANNING.

If the documents are not available, please explain:

Filed: USBC - District of Delaware
Nortel Networks Inc., Et Al.
09-10138 (KG)    0000007179

| Date: | Wells Fargo Bank, National Association, as successor by merger to Wachovia Bank, N.A., solely in its capacity as Servicer, for the Nortel Networks Pass-Through Trust, Series 2001-1, by Tina C. McNeill, Vice President:<br><br>*[signature]* | FOR COURT USE ONLY<br>FILED / RECEIVED<br><br>MAR 3 1 2010<br><br>EPIQ BANKRUPTCY SOLUTIONS LLC |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.

**IN RE NORTEL NETWORKS INC.**
Nortel Networks Inc.
2221 Lakeside Boulevard
Richardson, TX 75082
Tax ID / EIN: 04-2486332

*DATE OF FILING: January 14, 2009 (the "Petition Date")*

## ATTACHMENT TO PROOF OF CLAIM

### A. Claimant.

Wells Fargo Bank, National Association, as successor by merger to Wachovia Bank, N.A., solely in its capacity as Servicer, for the Nortel Networks Pass-Through Trust, Series 2001-1 (the "Claimant"), files this proof of claim ("Proof of Claim") against Nortel Networks Inc. (the "Debtor").

### B. Basis for Claim.

#### 1. Background.

On or about July 27, 2001, the Debtor conveyed that certain piece of property known as Nortel Network Center located at 4004 East Chapel Hill-Nelson Highway (RTP), Raleigh NC 27709 (the "Network Center") to State Street Bank and Trust Company, as owner trustee of ZSF/Research Network Trust (the "Trust"). The Trust and LaSalle Bank National Association, as the Indenture Trustee (the "Trustee") for the certificateholders of the Nortel Networks Pass-Through Trust, Series 2001-1 (the "Holders"), contemporaneously entered into a financing agreement pursuant to, among other things: (A) a Secured Note, dated July 27, 2001, in the principle amount of $83,352,131.84 to be paid in monthly installments with interest accruing at 11.629% per annum (the "Secured Note") and (B) a Indenture and Servicing Agreement, dated July 27, 2001 (the "Indenture").

To secure the indebtedness evidenced by the Secured Note, the Trust granted to the Trustee, for the benefit of the Holders, a first priority lien and security interest in the Network Center under that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement, and Fixture Financing Statement, dated July 27, 2001 (the "Deed of Trust"). Pursuant to the Deed of Trust and that certain Assignment of Lease and Agreement, dated July 27, 2001 (the "Assignment of Lease"), the Trust assigned to the Trustee all the right, title, and interest of the Trust in and to (i) the Network Center Lease (defined below), Base Rent, and Supplemental Rent (as defined in the Network Center Lease) to be paid by the Debtor under the Network Center Lease and (ii) that certain Guaranty Agreement, dated July 27, 2001, by and between the Trustee and Nortel Networks, Ltd., a Canadian corporation (the "Guaranty"). Contemporaneously with the execution of the Secured Note and the Indenture between the Trustee and the Trust, the Debtor entered into that certain "bondable" triple net Lease Agreement, dated July 27, 2001, by

and between the Trust, as Lessor, and the Debtor, as Lessee (the "Network Center Lease").[1]

Pursuant to the Indenture, Claimant possesses the authority and power to service and administer the Debt Documents (as defined in the Indenture) in the best interests of and for the benefit of the Holders. The Trust has irrevocably appointed Claimant as its true and lawful attorney-in-fact, with full power to ask, require, demand, receive, collect, and give acquittance for any and all moneys and claims due and to become due under or arising out of any Debt Document and to which the Trustee is entitled under the terms thereof.

### 2. Debtor's Rejection of the Network Lease.

On February 26, 2010, the Debtor filed its *Twenty-Seventh Notice of Rejection of Executory Contract(s) and/or Nonresidential Real Property Lease(s)* (the "Rejection Notice). In the Rejection Notice, the Debtor noticed its intent to reject the Network Center Lease under Section 365 of Title 11 of the United States Code (the "Bankruptcy Code").

### C. Nature and Amount of Claim.

Claimant hereby files this proof of claim to preserve its claim against the Debtor and its estate. Claimant has a claim for future unpaid rents. As set forth by the Debtor in its Rejection Notice, the Debtor's monthly lease obligation under the Network Center Lease is $888,533.00. The Network Center Lease's term runs through July 31, 2016.

In addition to the Claimant's claim for future unpaid rent, in accordance with the Network Center Lease, Claimant has other claims against the Debtor. For example, pursuant to the Network Center Lease, the Debtor is liable to Claimant for certain costs, damages, fees, and expenses incurred in connection with the Network Center Lease, including, without limitation:

1. Any and all costs and expenses incurred in taking action necessary to discharge, eliminate, or bond in a manner reasonably satisfactory to Lessor[2] and all Liens against the Property. *See* Network Center Lease, § 7.1.

2. Any harm, damages, costs or expenses incurred relating to the improper use of the Property, including, without limitation, use that materially increases the risk of Lessor incurring environmental liability. *See* Network Center Lease, § 8.1.

3. Any and all costs and expenses incurred to conduct necessary maintenance to maintain the Property, reasonable wear and tear excepted. *See* Network Center Lease, § 8.2.

---

[1] A true and correct copy of the Network Center Lease is attached hereto as Exhibit A. Because the other documents referenced herein are voluminous, the Claimant will produce copies of such documents upon written request by the Debtor to the notice party provided above

[2] Terms not otherwise defined herein shall have the meaning accorded to them in the Network Center Lease.

4. Any unpaid Impositions. *See* Network Center Lease, § 8.6.

5. Any unpaid Utility Charged. *See* Network Center Lease, § 8.8.

6. Any unpaid fees and expenses due to Indenture Trustee, Pass-Through Trustee, Owner Trustee, Servicer, special servicer, Independent Director or Independent Manager, which the Debtor owed as Supplemental Rent. *See* Network Center Lease, § 8.11.

7. Any Taxes and Impositions, including, without limitation, common area assessments imposed on, or relating to, the Common Areas to be paid during the Term of the Network Center Lease. *See* Network Center Lease, § 8.12.

8. Any reasonable, actual, out-of-pocket costs incurred by Lessor (i) in connection with the removal or disposal of abandoned or relinquished property or (ii) to bring any Property into material compliance with all Applicable Laws, which obligations shall survive the termination of the Network Center Lease. *See* Network Center Lease, § 10.1.

9. All reasonably necessary costs and expenses incurred by Lessor in reletting the Property. *See* Network Center Lease, § 17.1(b).

10. All reasonable legal fees and other costs and expenses incurred by Lessor and Indenture Trustee because of the occurrence of any Lease Event of Default. *See* Network Center Lease, § 17.2.

11. Any costs, expenses, fees, or damages incurred by Claimant arising out of acts or omissions, including, without limitation, (i) any Claims made against the Servicer in connection with the overall transaction, (ii) the cost of any Remedial Action, and (iii) a Lease Default or a Lease Event of Default. *See* Network Center Lease, Article 19.

The dollar amount of these claims will be further quantified, if necessary, at the appropriate time, and Claimant will then amend its Proof of Claim to reflect the liquidated amounts.

### D. <u>Other Claims.</u>

Moreover, Claimant intends, by the filing of this Proof of Claim, to assert any (i) right to payment it may have against the Debtor, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured or (ii) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, arising from or related to the Indenture, the Deed of Trust, the Secured Note, or any other Debt Document (as defined in the Indenture), including, without limitation, any claim for reasonable attorney fees. The dollar amount of these claims will be further quantified, if necessary, at the

appropriate time, and Claimant will then amend its Proof of Claim to reflect the additional amounts.

### E. Reservation of Rights.

Nothing herein or otherwise, including, without limitation, any later appearance, pleading, claim, or action, is intended or shall be deemed to be a waiver, release, or modification by Claimant of its (a) right to have final orders in noncore matters entered after *de novo* review by a District Judge; (b) right to trial by jury in any proceeding so triable in this case or any case, controversy, or proceeding related to these cases; (c) right to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (d) other rights, remedies, claims, actions, defenses, setoffs, or recoupments to which Claimant is or may be entitled, all of which are hereby expressly reserved. Claimant also specifically reserves all rights to supplement, amend, and/or modify this Proof of Claim with any information, including, without limitation, updated amounts and/or other claims relating to or arising from the Indenture, the Deed of Trust, the Secured Note, the Network Center Lease, or any other Debt Document (as defined in the Indenture) or other applicable claims at law or in equity.