UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al., | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING
TWENTIETH INTERIM FEE APPLICATION OF
AKIN GUMP STRAUSS HAUER & FELD LLP**

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Twentieth Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP ("Application"), for the period from November 1, 2013 through January 31, 2014, seeking approval of fees that total $4,776,002.00 and reimbursement of expenses that total $1,584,789.57. Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") is co-counsel to the Official Committee of Unsecured Creditors.

**Background**

1.      Master, Sidlow & Associates, P.A. reviewed the firm's monthly fee applications and the Application, including each of the billing and expense entries shown in the exhibits to the monthly applications, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2.      Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to Akin Gump Strauss Hauer & Feld LLP and the firm provided a written response to that report. After consideration of the firm's responses to the preliminary report, Master, Sidlow & Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings

## Recomputation of Fees and Expenses

3.      Master, Sidlow & Associates, P.A. recomputed the fees and expenses requested in the Application.  The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rate.

The preliminary report noted that the Twentieth Interim Fee Application requests fees totaling $4,776,002.  The monthly applications filed in the application period total $4,777,002.  In its response the firm stated that they agree that the monthly applications filed in the application period total $4,777,002.00 in fees.

Master, Sidlow & Associates, P.A. recommends an increase in fees of $1,000.00 for this matter.

## Review of Fees

4.      **Firm Staffing.**  The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and a statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under Title 11."

The application provides the name, position, and hourly rate of each timekeeper.

The firm billed a total of 8,419.85 hours with associated fees of $4,777,002.00.

The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 2,305.80 | 27% | $2,134,648.50 | 45% |
| Senior Counsel | 293.50 | 3% | 212,796.50 | 4% |
| Counsel | 741.40 | 9% | 460,126.00 | 10% |
| Senior Attorney | 756.65 | 9% | 387,677.75 | 8% |
| Staff Attorney | 9.20 | | 2,668.00 | |
| Associate | 2,701.80 | 32% | 1,230,620.25 | 26% |
| Legal Assistant | 1,564.00 | 19% | 338,498.50 | 7% |
| Librarian | 47.50 | 1% | 9,966.50 | |
| **TOTAL** | 8,419.85 | 100% | $4,777,002.00 | 100% |

The blended hourly rate for the Akin Gump is $567.35.

5.      **Hourly Rate Increases.**  The preliminary report noted that Akin Gump increased the hourly rates of its timekeepers during the twentieth quarterly period.  In its response the firm stated:

> Akin Gump's hourly rates are subject to periodic increase (typically in January of each year) in the normal course of its business.  Akin Gump's policy regarding hourly rate changes was disclosed in its retention application (Docket No. 289, Exhibit A).  In addition, the 2014 rates were disclosed in our Sixtieth Monthly Fee Application.  We believe that the 2014 rates are reasonable and based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11 of the United States Code.

6.      **Complete and Detailed Task Descriptions.**  Local Rule 2016-2 (d) states "…activity descriptions…shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary."  The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity.  Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference."  Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter.  A description of correspondence should identify the correspondent and the subject of the correspondence.  Similarly, a description for preparation of pleadings should identify the pleading drafted or revised.  Activity descriptions for legal research should include the issues researched and the purpose of the research.  The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level.  Activity descriptions referencing conferences should include the name of the person(s) with whom the communication was held and the subject or purpose of the communication.  Master, Sidlow & Associates, P.A. found the activity descriptions in the Application to be sufficiently detailed.

The Preliminary Report noted fourteen time entries where the detailed task and time description did not equal the total hours charged. In its response the firm stated:

> We have reviewed the time entries and task descriptions that the Fee Examiner brought to our attention in the Preliminary Report. The detailed time and task descriptions reveal that Akin Gump's fee request for the Twentieth Interim Fee Application fell $538.50 short of the total fees billed during the application period. Accordingly, we will increase our request for holdbacks on account of the Twentieth Interim Fee Application by $538.50.

Master, Sidlow & Associates, P.A. reviewed the recalculations of Akin Gump and recommends an increase in fees of $538.50 for this matter.

7. **Travel.** Local Rule 2016-2(d) (viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates..." Akin Gump's fee applications indicate that travel is billed at 50% of actual time.

8. **Akin Gump Strauss Hauer & Feld LLP Retention/Compensation.** Master, Sidlow & Associates, P.A. reviewed and identified entries related to the retention and compensation of Akin Gump. The firm billed 158.80 hours with associated fees of $74,557.00 to prepare the firm's retention documents and applications for compensation, which represents approximately 2% of the total fees billed by the firm.

## Review of Expenses

9. **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include ... Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Akin Gump provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

The Application included expenses of $1,584,789.57, of which $1,150,107.67 represents fees and expenses of one or more Retained Professionals. Each monthly application included a footnote that indicated that "Pursuant to the Order Modifying the Application of Local Rules 2014-1(C) and 2016-2(F) entered by this Court on March 5, 2013 (ECF No. 9584) (the "Retained Professional Order"), Akin Gump has included the fees and expenses of one or more Retained Professionals (as such term is defined in the Debtors' Motion for Entry of an Order Modifying the Application of Local Rules 2014-1(C) and 2016-2(F), ECF No. 9415) as an expense of Akin Gump in this Application. Pursuant to the Retained Professional Order and the Fee Examiner Order, Akin Gump will be providing the time and expense records of the Committee's Retained Professionals under seal to the Court, the U.S. Trustee and the fee examiner." Akin Gump provided the relevant time and expense records.

The preliminary report noted that the Fifty-Ninth Interim Application included expenses for retained professional fees and expenses of $289,302.50. However, the retained professional's invoice totaled $289,230.50. In its response the firm stated:

> We agree that our retained professionals' January invoice, which was included in the expense request with respect to the Fifty-Ninth Interim Application, was in the amount of $289,230.50, not $289,302.50. Accordingly, we will reduce the expense request with respect to the Twentieth Interim Fee Application by $72.00.

Master, Sidlow & Associates, P.A. accepts the recalculation of Akin Gump and recommends a reduction of reimbursement of expenses of $72.00 for this matter.

The preliminary report noted that the Fifty-Eighth Interim Application was filed for the time period November 1, 2013 – November 30, 2013. However, the application included expenses related to a retained professional for November 2013 and December 2013. The preliminary report also noted the Fifty-Ninth Interim Application was filed for the time period December 1, 2013 – December 31, 2013. However, the application included expenses related to a retained professional for January 2014. In its response the firm stated:

> Since we filed our Fifty-Eighth Interim Application on January 29, 2014, we included the fees and expenses of our retained professional from November and December. Since we filed our Fifty-Ninth Interim Application on February 26, 2014, we included the fees and expenses of our retained professional from January. We believe that this is consistent with the Court's Order Modifying the Application of Local Rules 2014-1(c) and 2016-2(f) (Docket No. 9584).

Master, Sidlow & Associates, P.A. does not recommend any reduction in expense reimbursement for this matter.

The Preliminary Report noted fourteen instances where the retained professional fees detail included an entry where the detailed task and time description did not equal the total hours charged. In its response the firm provided corrected time entry descriptions that show that the total hours charged were correct.

Master Sidlow & Associates, P.A. reviewed Akin Gump's revised time entries and does not recommend any reduction of reimbursement of expenses for this matter.

10.    **Retained Professional Travel Expenses.** The Preliminary Report noted that the Fifty-Eighth Interim Application included airfare expenses of $6,163.04 related to a retained professional. The detail included in the fee application does not include the travel class. From the information provided, it could not be determined that the fares were coach rather than first class. In its response the firm provided details regarding travel class for airfare and noted that all of the retained professionals' travel was booked at the coach rate except one flight. In that case, a business class fare was purchased due to the fact that all coach seats were sold out on that flight on the date the purchase was made due to circumstances outside of the traveler's control.

Master Sidlow & Associates, P.A. accepts Akin Gump's explanation and does not recommend any reduction of reimbursement of expenses for this matter.

The Preliminary Report further noted that, related to the airfare of the retained professional in the Fifty-Eighth Interim Application, travel time during which no work was performed is not separately described and there is no indication that non-working travel was billed at no more than 50% of regular hourly rates. In its response the firm stated that the retained professional has confirmed that it does not charge for non-working travel time.

Master Sidlow & Associates, P.A. accepts Akin Gump's explanation and does not recommend any reduction of reimbursement of expenses for this matter.

11.    **Airfare.** The Preliminary Report noted twenty-five instances, totaling $200,254.67, where the monthly applications requested reimbursement for airfare at other than coach fare. In its response the firm stated:

Because it is extremely difficult to retroactively determine the cost of the available coach fare on a date in the past, we propose reducing our request for reimbursement with respect to the 25 fares by 50% of the actual expenses incurred, or a total reduction of $100,127.34. This would reflect an average reduction of approximately $4,000.00 per ticket in question. We believe that this is a reasonable compromise under the circumstances for the flights in question. In the future, we will limit our applications for reimbursement to airfare expenses at the prevailing coach rates.

Master Sidlow & Associates, P.A. reviewed Akin Gump's explanation and recommends a reduction of reimbursement of expenses of $100,127.34.00 for this matter.

12.   **Lodging.**   The Preliminary Report noted twenty-three instances, totaling $32,569.06, where the lodging charge is in excess of $600 per night:  In its response the firm stated:

> Akin Gump will reduce the reimbursement request for each charge to the extent it exceeds $600 per night.  Accordingly, Akin Gump will reduce the expenses requested pursuant to the Twentieth Interim Fee Application by $5,671.83.  A chart detailing this calculation is attached to this email as Exhibit D.  Please note that Akin Gump was able to negotiate a $2,297.27 reduction in the rate charged to Christine Doniak for the 12/12/13 lodging charge at Hotel Prince de Galles.  Accordingly, Akin Gump's March Fee Application will include a credit of $2,297.27 arising from this reduction.

Master Sidlow & Associates, P.A. reviewed Akin Gump's recalculations and recommends a reduction of reimbursement of expenses of $5.671.83 for this matter.

13.   **Photocopies.**   Local Rule 2016-2(e) (iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page)..." Akin Gump states in the Application that its rate for internal duplication is $0.10 per page.  The firm requested reimbursement of $14,021.80 for in-house duplication in the Application.

14.   **Computer – Assisted Legal Research.**   Local Rule 2016(e) (iii) states "The motion shall state ... computer-assisted legal research charges (which shall not be more than the actual cost)..." Akin Gump states in the Application that the firm has negotiated a discounted transactional rate for computer assisted legal research.  The firm requested reimbursement of $895.59 for computer-assisted legal research in the Application.

15.     **Facsimile.** Local Rule 2016-2(e) (iii) states "The motion shall state … outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)." Akin Gump states in the Application that the firm does not charge for facsimile transmissions.

<u>Conclusion</u>

Master, Sidlow & Associates, P.A. submits this final report regarding the Twentieth Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP and the fees and expenses requested therein.  Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $4,777,540.50 and reimbursement of expenses in the amount of $1,478,918.40 for the period from November 1, 2013 through January 31, 2014, less any interim payments received by Akin Gump Strauss Hauer & Feld LLP for fees and expenses under fee applications.  A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: _____

Judith M. Scarborough, CPA, CVA, CFF

2002 West 14th Street
Wilmington, DE19806
Telephone:  (302) 652-3480
Facsimile:  (302) 656-8778

Fee Examiner

**APPENDIX A**

AKIN GUMP STRAUSS HAUER & FELD LLP
SUMMARY OF FINDINGS
20TH INTERIM FEE APPLICATION (NOVEMBER 1, 2013 through JANUARY 31, 2014)

**A.**            **Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $ 4,776,002.00 | |
| Expenses Requested | 1,584,789.57 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $ 6,360,791.57 |
| Fees Computed | $ 4,777,540.50 | |
| Expenses Computed | 1,478,918.40 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $ 6,256,458.90 |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $ (104,332.67) |

**B.**            **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $ 4,776,002.00 | |
| Recommended increase | | |
|     Correct total of fee applications | 1,000.00 | |
|     Correction of time entries | 538.50 | |
| RECOMMENDED FEE ALLOWANCE | | $ 4,777,540.50 |
| Expenses Requested | 1,584,789.57 | |
| Recommended reduction | | |
|     Correction to retained professional's invoice | (72.00) | |
|     Reduction of airfare expense | (100,127.34) | |
|     Reduction of lodging expense | (5,671.83) | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 1,478,918.40 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $ 6,256,458.90 |