Court File No.: 09-CL-7950

# ONTARIO
## SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT,
R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL
NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL
CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

APPLICATION UNDER THE COMPANIES' CREDITORS ARRANGEMENT ACT,
R.S.C. 1985, c. C-36, AS AMENDED

- and -

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| In re | Chapter 11 |
|---|---|
| NORTEL NETWORKS, INC., *et al.*, | Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |

EXHIBIT "A" TO THE AFFIDAVIT OF ANGELA ANDERSON
AFFIRMED APRIL 25, 2014

Signed: _____
ANGELA ANDERSON

Date: April 25, 2014

Before me: _____
NOTARY PUBLIC

*[Handwritten note:]* et pour la seule légalisation matérielle de la signature de Madame Angela ANDERSON, sans lecture ni traduction du présent document. Fait à Mougins, le 25/04/2014

*[Notary seal: Olivier LESCA]*



EXHIBIT
31304
CC 10/31/13

| | |
|---|---|
| From: | de Wilton, Angela [NTPAT:0090-M:EXCH] |
| Sent: | Tuesday, December 12, 2000 3:09 PM |
| To: | Aggarwal, Vipin; Bashaw, Ian; Benoit, Greg; Collins, Timothy; Diaconescu, Pia; Donnelly, Victoria; Focsaneanu, Mike; Harit, Jaspreet; Haszko, Dennis; Junkin, Bill; Krawec, Randy; Lynds, Grant; Measures, Jeff; Millard, Allan; Smith, Dallas; Stein, Tom; Sumi, Shuji; Workman, Doug |
| Subject: | FW: Issuance of Foreign Filing Practice Note |

-----Original Message-----
| | |
|---|---|
| From: | Anderson, Angela [HAL02:8306-M:EXCH] |
| Sent: | December 12, 2000 11:02 AM |
| To: | Allan Millard; Chris Cianciolo; Glen Johnson; Holmes Anderson; Jack Vynalek; Lindsay Mcguinness; Paul Hashim |
| Cc: | Smith, Dallas [NTPAT:0098-M:EXCH]; Junkin, Bill [NTPAT:0090-M:EXCH]; Fisher, Arthur [BRAM:9540-M:EXCH]; Fako, Erik [NC2:9788:EXCH]; Bill Junkin; Mary Steubing; Stuart Wilkinson; Tom Gigliotti; Bewley, Ewan [HAL02:8306-M:EXCH]; de Wilton, Angela [NTPAT:0090-M:EXCH]; Fortin, Jean-Pierre [QPD:8305-M:EXCH]; Jensen, Eric [NC2:9788:EXCH]; Mallon, Jennifer [NTPAT:0090-M:EXCH]; Suer, Yalcin [BRAM:0090-M:EXCH] |
| Subject: | Issuance of Foreign Filing Practice Note |

Dear Team Leader,

Following circulation of this practice note for comments, the PPG are now issuing the final version of the FF Practice note. Please could you circulate this to your groups and also note that it can be found on the PPG Livelink page with all our other practice notes. It might be worth reminding everyone of that too.

Thanks and best regards

Angela Anderson
Director, Intellectual Property Law
tel   +44 1279 405673 (ESN: 742 5673)
Fax  +44 1279 405670 (ESN: 742 5670)
Mob  +44 7740 532373 (ESN: 748 2373)
Please note new mobile number

http://zmerh024.ca.nortel.com/livelink/livelink?func=ll&objId=131761&objAction=browse&sort=name


FF practice notes.doc

1

JOINT PRIVILEGED DOCUMENT        HIGHLY CONFIDENTIAL                NNC-NNL06521384 / 1

Nortel Networks Confidential

### Foreign Filing PRACTICE NOTE

The following is intended to be a set of guidelines. Agents and Attorneys should use their own judgement and the needs of the business to determine the best foreign filing profile for a given case.

Where the foreign filing profile is different from the guidelines, Agents and Attorneys should try to ensure that the cost is not significantly different from that which would have been the case if using the guidelines.

1. **Keep filing all cases in the US.**

Reasons: This captures more of the market than any other single filing, hits the home base of more competitors and technology users than any other single filing and gives you predictable prosecution and enforceability at the lowest cost per market %. Our US portfolio still carries the weight of our licensing and defence programs.
Note: In certain countries National Security Requirements dictate that the first filing must be in the country of residence/nationality of the inventor/s. For example in France all cases must be first filed in France and cannot be filed in USA until 6 months after filing in France. In UK it is necessary to seek a foreign filing license from the UK Patent Office prior to filing in the US.

2. **Keep filing the best 25% of cases in EP (GB, DE, FR) and CA.**

Reasons: This provides protection in 4 more countries where Nortel's established markets are large, hits the home base of several competitors (Alcatel, Siemens, Newbridge, etc.) and technology users, gives predictable prosecution at reasonable cost and predictable enforceability. Only Japan and China would provide better market capture and that would come with enforcement and cost issues. It should be noted that the cost per market percentage may change in EP if the European Community Patent comes into existence.

3. **File the best 5% of cases in JP and the best 3% of cases in CN. Target all technologies.**

**Reasons:**

JP: Japan is a sizeable market, home base of several important competitors and technology users, several of which have been licensed in the past. The cost is fairly high but the licensee, competitor and market capture is worth it.

CN: China is a sizeable and growing market accessible at moderate cost. The target filing % would be higher but for enforcement issues. Show the flag, but don't over-invest.

4. **File selected cases in AU, IT, SE, BR, KR, FI and IE to target specific markets and competitors based on business needs:**

| Country | Percentage | Key Target | Reason |
|---|---|---|---|
| Australia | 2 | Internet technology | Australia is a significant Internet market accessible at low cost with predictable enforcement. |
| Italy | 2 | Pirelli (Optical technology) | Italy is the next biggest EPO market outside of DE, GB and FR, and is home base of Pirelli/Cisco |
| Sweden | 2 | Ericsson (Wireless and Switching Technology) | Sweden is a relatively small market, but home base of Ericsson. |
| Brazil | 2 | Wireless Technology | Brazil is the largest segment of the CALA market. Target |

1

Nortel Networks Confidential

| Country | Percentage | Key Target | Reason |
|---|---|---|---|
| | | | technologies to be manufactured there due to working requirement. Enforcement and bureaucracy are issues, so show the flag but don't over-invest. |
| Korea | 2 | Wireless and Semiconductor Technologies | Korea is a significant wireless market and home to significant semiconductor manufacturers (Samsung, Hyundai). |
| Ireland | 2 | Enterprise start-ups Optical | Ireland is a tiny growing market, but home base of start-ups exerting pressure on Enterprise. Cisco and Lucent have bases in Ireland. |
| Finland | 1 | Nokia (Wireless technology, especially handset-related) | Finland is small market, but home base of Nokia. |

If certain business areas determine the filing profile should differ from the suggested model, an attempt must be made to keep the cost profile within that of this model.

5. Use PCT filings selectively where
   a. Tier 2 filings are in expensive or numerous countries (greater than 4 (excluding European States), and/or
   b. It is expected that there will be significantly better commercial information at National entry time.

   When a, b or both are not satisfied, the route for foreign filings should be assessed on costs and the cheapest option selected. If the PCT route is selected the filing should include Chapter I and Chapter II, to benefit from the advantages of deferring the high costs of the National Phase. NB use of PCT can delay issue in some countries and as such is not recommended for high pace technologies.

**Reasons:** Technology innovation and commercialisation is faster than some patent systems these days. We increasingly find that we want to have our patents available for exploitation before they issue in the US. In this context, the added cost and delay of PCT suggests, where there is a realistic expectation that we will know more about the commercial value of the invention at the end of Chapter II, we can consider filing a PCT application. Use of Chapter II can mean an expedited journey through the national phase. In addition, the office action in Chapter II gives important information when consideration is being made for entry into in the national phase. If the PCT route is used as indicated and approximately 20% of less promising PCT filed cases are not carried forward to national entry, there should be no overall cost penalties from using PCT. Should the situation change this practice will be reconsidered.