IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: 
In re : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
            Debtors. : Jointly Administered
:
: **Re: D.I.s 13461, 13463**
:
------------------------------------------------------------X

## SUPPLEMENTARY ORDER PROVIDING DIRECTIONS AND ESTABLISHING PROCEDURES FOR SEALING TRIAL EXHIBITS, REDACTING PRETRIAL SUBMISSIONS, AND PROTECTING CONFIDENTIAL INFORMATION FROM PUBLIC DISCLOSURE DURING THE TRIAL

Upon the motion (the "Motion")[2] by Nortel Networks, Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "U.S. Debtors"), for entry of an order, as more fully described in the Motion, providing directions and establishing procedures for sealing trial exhibits, redacting pretrial submissions, and protecting confidential information from public disclosure during the Trial; and upon consideration of the order entering a Protective Order [D.I. 10805]; and upon consideration of the Trial Protocol [D.I. 12863]; and upon the pleadings filed by the Canadian Debtors and Monitor before the Canadian Court; and upon recognition that the U.S. Debtors seek to balance confidentiality concerns with the need for an open and transparent

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or in the Order Providing Directions and Establishing Procedures for Sealing Trial Exhibits, Redacting Pretrial Submissions, and Protecting Confidential Information from Public Disclosure During the Trial entered May 10, 2014 (the "Order").

Trial; and upon recognition that the non-confidential use of documents at Trial is in the interests of public openness; and upon consideration of the list of Priority Trial Exhibits (defined below) listed on Schedule "A" as submitted by the U.S. Debtors, which include, but are not limited to, (i) disclosure schedules and other transaction documents related to the sale agreements with purchasers (the "Purchasers") for the post-petition sales that the Courts permitted be filed under sealed in connection with the approval process for such sales ("Disclosure Schedules"); (ii) documents related to the business and/or assets sold in the post-petition sales that contain the categories of Confidential Information as defined in the Order ("Sale Documents"); (iii) intellectual property license agreements with confidentiality clauses that one or more Nortel entities entered into with various third parties before or after the bankruptcy filings that contain the categories of Confidential Information as defined in the Order ("License Agreements"); and (iv) personal information documents that contain the categories of Confidential Information as defined in the Order ("Personal Information Documents"); and upon consideration of the documents listed on Schedules 1 and 2 attached hereto relating to the Canadian APA and the Canadian APA Material (defined below); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and finding that adequate notice having been provided to all parties with an interest in the Motion under the circumstances; and upon the record in these proceedings, including all objections, responses filed, and other pleadings filed with regard to the Motion; and after due deliberation;

    IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth in the Order (as defined in footnote 2 above) and as supplemented by this order (the "Supplementary Order").

2. Schedule A to the Order is replaced with Schedule A hereto.

3. Documents identified as "Sealed Documents" on Schedule 1 attached hereto (the "Sealed Documents") shall be filed under seal pending further order of the Courts but subject to the terms of this Supplementary Order.

4. Any Core Party or witness may use or present information contained in a Sealed Document or a portion of a document redacted in accordance with paragraph 5 below during the course of the Trial, provided that prior to such use or presentation, the Courts shall seal and clear the Courtrooms, including any gallery or overflow Courtrooms.

5. With respect to documents listed on Schedule 1, full or partial reproductions of the Schedule 1 Documents, and documents with content of the same or similar nature as the Schedule 1 Documents (collectively, the "Confidential Tax Documents"), the following shall be considered to be "Confidential Information" as set out in the Order and all provisions in the Order applicable to Confidential Information shall apply *mutatis mutandis*: the Canadian Advance Pricing Agreement between NNL and the Minister of National Revenue executed in 2010 (the "Canadian APA") and any information that is a direct communication by the Minister of a substantive negotiating position of the Minister regarding tax treaty negotiations, including any reproduction or retransmission of the substance of such a direct communication by another person. For greater certainty, with respect to any Confidential Tax Documents, information that is to be redacted as "Confidential Information" is that information that is of a similar nature to that which has been sealed or redacted in the Confidential Tax Documents on Schedule 1.

6. The (i) documents listed on Schedule 2 hereto (the "Canadian APA Material") and (ii) any resulting information or testimony concerning the Canadian APA Material, to the extent introduced into evidence at Trial, shall not be used for any other purpose by any person, unless such person had rights to use the document or material in such a manner independent of these proceedings. Any statement of the Minister contained in or concerning the Canadian APA Material shall not be taken to be a representation or opinion of the Minister in any other matter and with respect to these proceedings, any statement made by the Minister shall be limited to being for the purpose of tax treaty negotiations.

7. The U.S. Court and the Canadian Court shall retain jurisdiction and venue for the purposes of any dispute arising out of or relating to the Order and this Supplementary Order.

Dated: May 30, 2014

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE