UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

Chapter 11

Nortel Networks, Inc. et al
Debtors.

No. 09-10138 (KG)
Jointly Administered

vs

Ernest Demel
Creditor.

## INDEX

| No. | | Page |
|---|---|---|
| 1.  SECOND MOTION | | 1- 3 |
| 2.  AMMENDMENTS | EXHIBIT B | 4 |
| 3.  PROPOSED ORDER | EXHIBIT A | 5 |
| 4.  AFFIMATION OF DOCUMENTS | | 6 |
| 5.  NOTICE OF MOTION | | 7 |
| 5.  CERTIFICATE OF SERVICE | | 8 |
| 6.  MOTION TO AMEND/CLARFY | | 9-14 |
| 7.  CERTIFICATION OF NO OBJECTION | | 15 |
| 8.  ORDER APPROVING THE STIPULATION | EXHIBIT C | 16-18 |
| 9.  THE STIPULATION AGREEMENT | EXHIBIT D | 19-24 |
| 10. MY LETTER TO NORTEL | | 25-26 |
| 11. NORTEL'S REPLY | EXHIBIT E | 27 |
| 12. MY SECOND LETTER TO NORTEL | | 28-29 |
| 13. NORTEL'S REPLY | EXHIBIT F | 30 |

**UNITED STATE BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

Chapter 11

Nortel Networks, Inc. et al
      Debtors,

No. 09-10138 (KG)
Jointly Administered

Ernest Demel

**Second Motion**

      Creditor.

## CREDITORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING THE AMENDMENTS TO THE STIPULATION I.D. 4010 TO THE CLAIM NO. 4643 FILED BY ERNEST DEMEL

I Ernest Demel age 74, LTD Claimant (Creditor) Pro se litigant file the second motion to obtain Amendments to Stipulation Agreement, I D. 4010. claim No. 4643. The said agreement is a bad faith Agreement without any moral, social or economic justification. The debtor gained all the benefits of the deal, and dismissing Nortel related defendants from the USDC-SDNY case and not taking the responsibility of the offer they made to the creditor by the Stipulation Agreement. Therefor an amendment to the agreement is required.

The entry of an order substantially in the form attached hereto as Exhibit A, pursuant to section 105(a) of title 11 of the United States Code (the " Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the " Bankruptcy Rules") Authorizing: Mr. Demel and Nortel to settle their disputes by entering into a new amended stipulation contract.

The new amendments to stipulation agreement attached hereto as Exhibit B, which allows the parties negotiate and settle the claim for the best interest of both parties.

In support of this Motion, the Creditor respectfully represent as follows.

The Debtors were authorized to take any action necessary to perform their obligations arising under the stipulation agreement (see Order I.D. 4160) *Ex C*

1

There is provision in the stipulation agreement I.D 4010 that allows the parties to change the contract by mutual consent (see page 5. clause # 7)

## Amendments to Stipulation Agreement

The amendments are required for the following reasons.

1. Clause No 8. That states: *"No Transfer"*. This clause has a negative effect and a third party buyer will be discouraged, and turned away by the appearance its key word, if the creditor decided to sell the claim.

2. The amendments are required to attract new buyers, and to give clarity and style to the clause.

3. This is a harmless change and a reasonable request; I strongly support an amendment to the said clause.

4. **Amendment required to Clause No 1 (a) that states: *"Claim No 4643 shall be reduced and allowed as a general unsecured claim by Claimant against Nortel Debtor in the amount $125,000.00 which amount relates solely to Claimant's alleged entitlement to long-term disability benefits"*...**

5. This is an unreasonable and unbalanced compromise, to settle a LTD Claim. (Proof claim filed against Nortel for the amount $1,924,557.70)

6. The compromise is less than one cent to a dollar. (00.064 cents) This is a very unfair deal.

7. There was no foundation or grounds for this kind of reduction.

8. Now the market value of the Nortel claims set at 87 cents to a dollar, for Instant settlement by thirty party.

9. At the above rate, the market value of the said LTD claim is $1,674,365. For the sake of fairness, it has to be amended.

10. The compromised amount $125,000.00 is out of line and it has to modified and amended to a new satisfactory, acceptable amount for both parties.

11. **Amendment required to Clause No 1 (b) that states: *This stipulation shall be deemed to amend and supersede the Debtors' schedules with respect to claimant.***

12. The said clause allowed Nortel to transfer Mr. Demel's LTD Claim to a Nortel's general unsecured claim register. This action will reduce the priority of the LTD Claim settlement.

13. Both parties agree the said claim is a Long Term Disability claim therefor it should be in the LTD register. (Nortel's LTD Plans)

2

14. Honorable Judge George B Daniels (USDC-SDNY) In his Memorandum decision and Order. That states: *"to recover benefits due under the terms of the Plan".* (See **Exhibit**............ )

15. Clause No 1 (b) The amendment should states: The Debtors' schedules with respect to Mr. Demel's Claim, as a LTD Claim.

16. Regarding the above dispute with Nortel, I have filed a motion and there was no response or objection to the said motion by Nortel.

17. In the past month I had communication with Nortel, their response is not clear regarding **"the offer"** that I received, and they encourage me to sell the claim. *"It is a bad faith Agreement without any moral, social or economic justification". If the said amendments are not materialized. I reserve the right to take action for breached of Contract and fraud by Nortel.*

## Conclusion

I most respectfully request the court to approve my Motion and grant any other relief that may be just and proper.

Most restfully submitted.

Ernest Demel Dated. 06-12-14

Pro se

530 West, 55 Street, NYC. NY 10019 Email: ernestdemel@ymail.com 1 646 559 2753

3

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

Chapter 11

Nortel Networks, Inc. et al
Debtors.

No. 09-10138 (KG)
Jointly Administered

Ernest Demel
Creditor.

AMMENDMENTS

## AMMENDMENTS TO THE STIPULATION AGREEMENT I.D.4010,

It is hereby most respectfully request the Court to revisit and amend the previous
STIPULATION AGREEMENT I.D.4010, and Order I.D.4060,

I am requesting the court to approve the amendments required to remedy the problems in the old
contract.

**(1) The Amendments to the stipulation agreement on (Page5 # 8).**

**(2) The Amendments to the stipulation agreement on (Page3 # 1(a)).**

**(3) The Amendments to the stipulation agreement on (Page3 # 1(b)).**

EXHIBIT B

4

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

Chapter 11

Nortel Networks, Inc. et al

Debtors.

No. 09-10138 (KG)
Jointly Administered

Ernest Demel

**Proposed Order**

Creditor.

**ORDER PERMINTTING TO AMMEND THE STIPULATION AGREEMENT I.D.4010, AND ORDER 4160.**

Upon the motion filed on June 12, 2014 for entry of an order, as more fully described in the motion of Creditor Ernest Demel, for permitting the amendments to the Stipulation Agreement.

### I.D.4010  Clauses on: Page 5 #8, Page 3 #1 (a), Page 3 #1(b)

IT IS HEREBY ORDERED

The Parties are permitted to make amendments to the stipulation agreement I.D.4010

Dated:_____ 2014

Wilmington, Delaware.

_____
THE HONRABLE KAVIN GROSS
U. S. BANKRUPTCY JUDGE.

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

Chapter 11

Nortel Networks, Inc. et al
Debtors.

No. 09-10138 (KG)
Jointly Administered

Vs.
Ernest Demel
Creditor.

AFFIMATION OF DOCUMENTS

## <u>AFFIMATION OF DOCUMENTS</u>

I Ernest Demel states that the information set forth in the forgoing documents are

true to the best of my knowledge and belief. Signed under penalties of perjury on

this 13th day of June 2014.


Sworn before me on this day of: 13 June. 2014


Ernest Demel of New York City.


Notary Public.

```
MICHAEL GRONOTTE
Notary Public - State of New York
NO. 01GR6280742
Qualified in New York County
My Commission Expires  05-13-2017
```

Ernest Demel. Email ernestdemel@ymail.con  Tel. 646 559 2753
530 West,  55 Street, # 13 K.  NYC.  NY. 10019

6

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

Chapter 11

Nortel Networks, Inc. et al
Debtors.

No. 09-10138 (KG)
Jointly Administered

Vs.
Ernest Demel
Creditor.

**NOTICE OF MOTION**

## NOTICE OF MOTION FOR AN ORDER PERMINTTING TO AMMEND THE STIPULATION AGREEMENT I.D.4010, AND ORDER 4160.

PLEASE TAKE NOTICE that the creditor Ernest Demel, ("Demel") has filed the attached motion for an ORDER PERMINTTING TO AMMEND THE STIPULATION AGREEMENT I.D.4010, AND ORDER 4160.

Please take further notice that any party wishing to oppose the entry of an order approving the motion must file a response or objection no later than **July 7, 2014 at 4.00 p.m. (Eastern Time).**

Please take further notice that the USBC-DE, will schedule a hearing on the motion, and the Court will notify the parties, the date, time, and place of the hearing to be held.

Dated: June 13, 2014
New York City, NY.

Ernest Demel
Pro se

Ernest Demel. Email ernestdemel@ymail.con  Tel. 646 559 2753
530 West, 55 Street, # 13 K. NYC. NY. 10019

7

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

Chapter 11

Nortel Networks, Inc. et al
Debtors.

No. 09-10138 (KG)
Jointly Administered

vs

**CERTIFICATE OF SERVICE**

Ernest Demel
Creditor.

# CERTIFICATE OF SERVICE

I ERNEST Demel over 18 years of age hereby certify that a set of copies of the

foregoing Motion documents were served on the following parties by USPS

certified mail on 06-13-2014.

TO: CLEARY GOTTLIEB STEEN & HAMILTON LLP
**To. Benjamin S. Beller | Law Clerk**
One Liberty Plaza
New York, New York 10006

Creditors' Committee
Akin Gump Strauss Hauer & Feld LLP
Fred S .Hodara Esq.
One Bryant Park
New York  NY 10036

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**
**824 Market Street  Fl. 6**
**Court Room # 3**
**Wilmington, Delaware 19801**

8

THE UNITED STATES BANKRUPTCY COURT          CASE No. 09-10138 (KG)
FOR THE DISTRICT OF DELAWARE
_____ x

ERNEST DEMEL                                MOTION TO AMEND/CLARIFY
                                                 RULE 59 AND 60

                      Creditor/ Claimant,

              v.

GROUP BENEFITS PLAN FOR EMPLOYEES
OF NORTHERN TELECOM, INC  dated January
1, 1982, TRUSTEES AND ADMINISTRATOR OF
THE GROUP  BENEFIT PLAN FOR EMPLOYEES
OF NORTHERN TELECOM INC.  RETIREMENT
PLAN  FOR EMPLOYEES, TRUSTEES AND
ADMINTRATOR OF NORTHERN TELECOM,
INC RETIREMENT PLAN FOR EMPLOYEES
AND PRUDENTIAL INSURANCE COMPANY OF
AMERICA, PENSION BENEFIT GUARANTY
CORPORATION, (PBGC)

                      Debtors/Respondent,
_____ x

        Pursuant to section 105 (a) of title 11 of the United Starts Code (the "Bankruptcy Code")

Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and Rule 59 and 60 of the Federal Civil Procedure, ex-employee Ernest Demel, (LTD

claimant/creditor) hereby move this Court (the "Motion to Revisit and Amend"), to clarify and

amend the Order entered on 10-14-10, Re: D. I. 4010   (the "Order"), Order approving the

stipulation reducing and allowing a LTD claim No.4643.,

(1)  Order approving a stipulation to resolve the claim. (Proof claim field by Ernest Demel, LTD

Claim No.4643 for $1,924,557.)  The reduced amount approved for $ 125,000. , In support of

this Motion to Amend, the Long Term Disability claim (the "LTD claim").

 I most respectfully represent as follows:

                          **Preliminary Statement**

        1.  The creditor Ernest Demel request that the Court clarifies and amends the Order as it

relates to the amount of the original proof of claim field on 09/29/09 by a disable worker, LTD

Claim for $1,924,557.  (EX  A). (1) The LTD Employee who did not have a fair chance to

participate in some of the Motions filed by the Debtor in a manner to oppose their LTD related

Motions. The Creditor requests the Debtors to correct their own errors and allow my LTD claim

9

to be return back to its original amount claimed $ 1,924,557. , and address the voluntary reduction of my withheld LTD claim approved by this court.

2.   The creditor finds that the stipulation agreement has benefited only the Debtor and it is an unjust and unfair agreement, the outcome and the amount reduced by the agreement is not in the best interest of the creditor. The components of the said instrument have **violated the ethical principles of the stipulation.**

3.   The eligibility of the LTD claim has already been litigated in the USDC-SDNY Courts. and a Judgment has been delivered in favor of Ernest Demel without awarding the Damages. The said Court is in the process of reopening the case to award Damages. The Debtor opposed it. Saying there is a "stipulation of settlement" filed in this court. **Therefor I have withdrawn my motion from USDC-SDNY and bring this matter to the Bankruptcy court** *Ex D* **DE., seeking justice.** (1) The issue is the "unfair stipulation of settlement". And to place my claim in the proper priority structure, considering the hardships faced by the LTD claimant. (11 U.S.C. § 503(b) (9). Section 503(b)(9) is newly created by the 2005 Act. Creditor claims prejudice to the debtors, (2) hardship to claimant, and (3) potential detriment to other creditors.)


## Jurisdiction

2.   This Court has jurisdiction over this matter pursuant to 28 U. S. C. # 157 and 1334. Venue is proper pursuant to 28 USC. #1408 and 1409.

3.   The statutory bases for the relief requested herein are section 105 (a) of the Bankruptcy Code, and Rules 9023 and 9024 of the Bankruptcy Rules.

## Background

A.   Introduction

4.   A Civil case (#1:07-cv-00189-GBD) was filed in the U. S. District Court Southern District of New York by Ernest Demel, on 01-10-2007. , for the violations of 29:1132, E.R.I.S.A – Employee Benefits. Case: "Demel v. Group Benefits plan for Employees of Northern Telecom. Inc. et al". (The Group Benefits Plan for Employees of Northern Telecom. Inc. dated as of January 1, 1982.)  Please note later Nortel and others became the Nortel related defendants, in this matter.

5.   While the proceedings of the case were going on at the USDC-SDNY Courts, Nortel field a suggestion of Bankruptcy, an Automatic Stay under 11 U. S. C. Section 362. on

02/05/2009, and the case remained in the Suspense Docket until 01-08-10. The Hon. Judge George B Daniels issued an Order to remove it from the Suspense Docket.

6.    There was action from 02-05-2009 to 01-08-2010.  Regarding the Automatic Stay, Finally the Courts (USDC-SDNY) granted Plaintiff's motion to remove it from the District Court's suspense docket. The Honorable Judge George B. Daniels agreed with the Plaintiff. That he was "seeking recovery of funds from the [**Benefits Plans**] trust.., not seeking the debtor's *( P9 )* property." (See .Ct Decision, Taiwo Decl. Ex. C, at 3.) (GROUP BENEFITS PLAN FOR EMPLOYEES OF NORTHERN TELECOM (Dated January 1, 1982). On this basis Honorable Judge George B. Daniels determined that the action could proceed in his Court without implicating the automatic stay.

7.    The Hon. Judge George B Daniels issued an Order on March 30, 2012,  In favor of Mr. Demel.

8.    Ernest Demel also filed a claim against the Group Benefits Plan for Employees of Northern Telecom. Inc., for LTD benefits and for the Pension, at the USBC-DE

9.    PBGC took over the Pension plan, and now PBGC is paying my Pension benefits.

10.  Regarding the LTD claim, (Proof claim was filed by Ernest Demel, LTD Claim No.4643 for $1,924,557.)

10.  Nortel related defendants and Mr. Demel entered into a Voluntary stipulation agreement to solve the LTD problem but **up to now LTD problem is not solved**. See USBC- DE., on 10-14-10,  D. I. 4010   (the "Order"), Order (1) Approved the stipulation to resolve a claim.

11.  The LTD claim is the issue in this Motion and the unfairness and injustice of the reduced amount without any benefit to the creditor.

| Org Claim | approved | difference |
|---|---|---|
| $1,924,557. | $125,000. | $1,799,557. |

### True facts of this case

1.    Nortel Networks Inc. ("NNI") and certain of its U.S. affiliates (collectively called, the "Nortel Debtors" in their pending chapter 11 proceedings in the United States Bankruptcy Court for the District of Delaware (case No. 09-10138).

2.    Mr. Demel's claim is only to recover Long Term Disability benefits.

3. Voluntary agreeing on a stipulation agreement with Nortel was not in the best interest of Mr. Demel, but Debtors unfairly made a monetary gain of $ 1,799,557. and saved other case related costs.

4. **So far no LTD benefits were paid**, the approved amount in in Jeopardy and the stipulation agreement has served no purpose to the creditor.

5. **Hardship of the creditor.**

   (a)  Mr. Demel is incapacitated and he will be 74 Years in few days. (DOB:09-23-1939)

   (b) He is undergoing radiation treatment program. Three times a week at St. Luke's-Roosevelt Hospital, New York, with little improvement. (Dr. Hooman Khorasani MD, Dr. Sandra Kopp MD,  DR. Robin Buchholz, MD).

   (c) His Doctors bills, medication bills, and hospital bills has reached to a point, they involve collection agencies to recover money. (Acc#15734414,  #0998244, ect xxx.)

   (d) His Landlord had field for eviction regarding un-paid rent. (Civil Court- NYC #14133/13)

   (e) It is probable that I might to lose my home where I lived for over 20 years.

Please consider the said hardships and set the "hierarchy priority" for this matter.

Under the newly created Act of 2005.  (11 U.S.C. § 503(b)(9) )  Please consider the hardships and poverties to claimant, revealed above.

## Conclusion

I seek an order compelling debtors to solve the said problems, and granting relief for my LTD Claim. I most respectfully request the court to grant Plaintiff's motion. The Court may also grant any other relief that may be just and proper.

Most respectfully submitted.

Ernest Demel      Dated: 08-31-13,   NYC.

530 west, 55 street # 13 K
NYC  NY 10019
Tel/ Fax 1 646 559 9992.      Email ernestdemel@ymail.com

B10 (Official Form 10) (12/08)

| United States Bankruptcy Court - District of Delaware | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Nortel Networks, Inc. | Case Number:<br>09-10138 |
|---|---|

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>**Ernest Demel** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>**Gary Stone<br>South Brooklyn Lgl Svcs<br>Legal Services NYC<br>105 Court Street, 3rd Floor<br>Brooklyn, NY 11201**<br>Telephone number: **(718) 237-5542** | Court Claim Number: _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br>**Jeremy M. King, Esq.<br>Dickstein Shapiro, LLP<br>1633 Broadway<br>New York 10019-6708**<br><br>Telephone number: **(212) 277-6718** | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed: $**1,924,557.70** _____<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>■ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | 5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)<br><br>☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4). |
|---|---|
| 2. Basis for Claim: **Retiree benefits, penalties under ERISA for non-payment of plan benefits**<br>(See instruction #2 on reverse side.) | ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5). |
| 3. Last four digits of any number by which creditor identifies debtor: _____ ***-**-9711_____<br><br>3a. Debtor may have scheduled account as: **Ernest Demel (on Sch. F)**<br>(See instruction #3a on reverse side.) | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7). |
| 4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe:<br><br>Value of Property:$_____  Annual Interest Rate_____<br><br>Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____  Basis for perfection: _____<br><br>Amount of Secured Claim: $_____  Amount Unsecured: $_____ | ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).<br><br>Amount entitled to priority:<br><br>$_____<br><br>* *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | |
|---|---|
| 7. Documents: Attach redacted copies of any do purchase orders, invoices, itemized statements or agreements. You may also attach a summary. Att perfection of a security interest. You may also at<br><br>DO NOT SEND ORIGINAL DOCUMENTS. A1 SCANNING.<br><br>If the documents are not available, please explain. | Filed: USBC - District of Delaware<br>Nortel Networks Inc., Et Al.<br>09-10138 (KG)     0000004643<br><br>[barcode] | FOR COURT USE ONLY<br>**FILED / RECEIVED**<br><br>SEP 29 2009<br><br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
| Date:<br><br>September 25, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>/s/ William Z. Kransdorf, Esq.<br><br>William Z. Kransdorf, Esq. | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*13*

Case No.   09-10138 (KG)

FILED

2013 SEP -5  AM 8: 17

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I ERNEST DEMEL under penalty of perjury say that I have served a copy of the attached " Motion " to the Defendants:  Ms. Lisa M Schweitzer  NORTEL DEFENDATS One Liberty Plaza New York, N Y 10006   Via, USPS PRIORITY Mail on 09-01-13

Signature.

Ernest Demel   09-01-13
Address: 530 west, 55 street # 13 K
New York City   New York.  10019.

Email: ernestdemel@ymail.com  Tel/Fax  1 646 559 9992

14

**UNITED STATE BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

Chapter 11

Nortel Networks, Inc. et al

Debtors.

No. 09-10138 (KG)
Jointly Administered

Ernest Demel

**CERTIFICATE**
**OF NO OBJECTION**

Creditor.

## CERTIFICATION OF NO OBJECTION
## REGARDING DOCKET NO.11542

The undersigned thereby certifies that as of the date hereof, I have received no answer, objection, or other responsive pleading to my Motion filed on September 5, 2013 **(docket No. 11542)** requesting the Court to revisit and amend the previous Order entered on 10-14-10.  **( Re. ID. 4160, Claim # 4643 related documents 4010)**

The undersigned further certifies that he has reviewed the Court's docket on June 9, 2014 at 9 AM. On the said case and no answer, objection, or other responsive pleading to the Motion (Docket 11542) appears thereon. Pursuant to 11542, the **Notice of Motion, filed on 09-5-2013.**

It is hereby most respectfully request the Court to revisit and amend the previous Order attached to this motion. (RE.ID.4060, As Exhibit A.)

I am requesting the court to approve the amendments required to remedy the problems in the old contract.

(1) The Amendments to the stipulation agreement on (Page5 # 8).

(2) The Amendments to the stipulation agreement on (Page3 # 1(a)).

(3) The Amendments to the stipulation agreement on (Page3 # 1(b)).

I most humbly and respectfully submitted.

Ernest Demel.     Pro se litigant Dated: June 12, 2014

Ernest Demel Email. ernestdemel@ymail.com Tel. 1 646 559 9992
530 West, 55 street, # 13 K New York City. New York. 10019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                :       Chapter 11
                                :

*In re*                          :       Case No. 09-10138 (KG)

Nortel Networks Inc., *et al.*,[1]      :

                  Debtors.    :       Jointly Administered
                                :

                                :       **RE: D.I.** 4010
-------------------------------------------------------X

## ORDER APPROVING THE STIPULATION
## RESOLVING CLAIM NO. 4643 FILED BY ERNEST DEMEL

Upon the motion dated September 23, 2010 (the "Motion"),[2] of Nortel Networks Inc. and

its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, authorizing the Debtors'

entry into and approving the Stipulation, attached to the Motion as **Exhibit B**, and granting them

such other and further relief as the Court deems just and proper; and adequate notice of the

Motion having been given as set forth in the Motion; and it appearing that no other or further

notice is necessary; and the Court having jurisdiction to consider the Motion and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that

consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

Court having determined that the legal and factual bases set forth in the Motion establish just

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

EXHIBIT C

*16*

cause for the relief requested in the Motion, and that such relief is in the best interests of the

Debtors, their estates, their creditors and the parties in interest; and upon the record in these

proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    The Debtors are authorized to enter into the Stipulation, and the Stipulation is

approved in its entirety.

3.    The Debtors are authorized, but not directed, to take any and all action that may

be reasonably necessary or appropriate to perform their obligations arising under the Stipulation.

4.    The failure specifically to describe or include any particular provision of the

Stipulation in this Order shall not diminish or impair the effectiveness of such a provision, it

being the intent of this Court that the Stipulation be approved in its entirety.

5.    The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the

Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to

the Stipulation.

6.    Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to

the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or

realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and

without further delay, take any action and perform any act authorized under this Order.

2

*17*

7.     The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: _Oct. 14_ , 2010
      Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3

18

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------X
                                                :
In re                                           :    Chapter 11
                                                :
Nortel Networks Inc., et al.,[1]                :    Case No. 09-10138 (KG)
                                                :
                              Debtors.          :    Jointly Administered
                                                :
------------------------------------------------X
```

## STIPULATION REDUCING AND ALLOWING CLAIM NO. 4643 FILED BY ERNEST DEMEL AGAINST DEBTOR NORTEL NETWORKS INC.

WHEREAS, on or about January 9, 2007, Claimant Ernest Demel ("Claimant")

commenced a lawsuit (the "Action") in the United States District Court for the Southern

District of New York (the "District Court") alleging violations of the terms of certain

employee benefits plans and the Employee Retirement Income Security Act of 1974

("ERISA"), in which the following were named as defendants:  (i) the Group Benefits

Plan for Employees of Northern Telecom, Inc., dated as of January 1, 1982 (the "Group

Benefits Plan"); (ii) the Trustees and Administrator of the Group Benefits Plan; (iii) the

Employee Benefits Committee of Northern Telecom, Inc.; (iv) the Trustees and

Administrator of the Northern Telecom Inc. Retirement Plan for Employees, dated as of

January 1, 1984 (the "Retirement Plan"); (v) the Prudential Insurance Company of

America (entities (i) through (v) are collectively referred to as the "Released

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (collectively, the "Debtors"), are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

EXHIBIT D

Defendants"); and (vi) the Retirement Plan, which was terminated pursuant to section 1342(c) of title 29 of the United States Code ("Section 1342(c)"), as approved by order of this Court dated August 31, 2009, with the Pension Benefit Guaranty Corporation (the "PBGC") appointed statutory trustee pursuant to Section 1342(c); and

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), Nortel Networks Inc. (the "Nortel Debtor") and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in this Court (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, this Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about September 29, 2009, Claimant filed a proof of claim against the Nortel Debtor in the amount of $1,924,557.70, which is listed on the Debtors' claim registry as claim number 4643, and which seeks to recover the same amounts sought in the Action ("Claim No. 4643" or the "Claim"); and

WHEREAS, Claimant and the Nortel Debtor (collectively, the "Parties") have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claim, have agreed to resolve the Claim and all of their disputes on the terms set forth in this Stipulation;

2

NOW, THEREFORE, the Parties stipulate and agree as follows:

1. <u>Resolution of Claim</u>.  Effective upon the approval of this Stipulation by this Court:

(a)  Claim No. 4643 shall be reduced and allowed as a general unsecured claim by Claimant against the Nortel Debtor in the amount of $125,000.00, which amount relates solely to Claimant's alleged entitlement to long-term disability benefits and does not include any amount relating to Claimant's alleged entitlement to benefits under the Retirement Plan, and Claimant shall have no other or further claims against any of the Debtors.

(b)  This Stipulation shall be deemed to amend and supersede the Debtors' schedules with respect to Claimant.

2. <u>Dismissal of District Court Action as Against the Released Defendants</u>.  No later than seven (7) days following entry of an order of this Court approving this Stipulation, Claimant and the Released Defendants shall jointly move the District Court to dismiss all claims against the Released Defendants in the Action.

3. <u>Release</u>.  Subject to the reduction and allowance of the Claim as provided for herein, effective upon entry of the order of this Court approving this Stipulation, Claimant releases and forever discharges (1) the Released Defendants and the Debtors, in both their corporate and fiduciary capacities as well as their respective affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, successors and assigns; and (2) any benefit plans of or sponsored by the Released Defendants or the Debtors, except for the terminated Northern Telecom Inc. Retirement Plan for Employees, and any predecessors, successors or assigns

3

21

of such benefit plans, from any and all claims, defenses, demands, liabilities, debts, obligations, damages, sums of money, promises, accounts, actions, controversies, causes of action, setoffs, recoupments, judgments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated, in law or in equity, that Claimant now has, had, might have had, or hereafter may against any of the Released Defendants and/or any of the Debtors from the beginning of the world to the date of this Release, including, without limitation, those that arise from, concern, or are related to, directly or indirectly, the Claim, the Action, Claimant's former employment or other relationship with the Nortel Debtor or the termination of such employment or any such relationship.

4. <u>No Effect on Claims for Benefits Guaranteed by the PBGC</u>. Nothing in this Stipulation shall be construed to limit the power of the United States District Court for the Southern District of New York in the Action to make orders or render judgment with respect to any acts or omissions of the Retirement Plan and its fiduciaries, or to determine any liability arising as a consequence thereof to the extent such liability is insured by the PBGC.

5. <u>No Further Claims</u>. Upon entry of this Court's order approving this Stipulation, Claimant shall be forever barred from (i) amending the Claim and (ii) filing any further proofs of claim against any of the Debtors in the Debtors' Chapter 11 cases.

6. <u>Binding Effect</u>. This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or

22

receiver subsequently appointed in the Debtors' Chapter 11 cases. The Parties' respective counsel are authorized to sign this Stipulation on the Parties' behalf.

7. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by a written agreement between the Parties.

8. <u>No Transfer</u>.  Claimant represents that he has not sold, assigned or otherwise transferred the Claim to a third party.

9. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession by any Party hereto, the Released Defendants, or any of the Debtors of (i) the validity of all or any part of the Claim or any defense thereto, or (ii) liability or wrongdoing with respect to the Claim or any legal or factual issue relating to the Claim.

10. <u>Costs and Expenses</u>.  Each Party agrees to bear his and its own costs, expenses and attorneys' fees incurred in connection with the Action, the Claim, and the negotiation and preparation of this Stipulation, and not to seek from each other reimbursement of any such costs, expenses or attorneys' fees.

11. <u>Jurisdiction</u>.  This Court shall retain jurisdiction over all matters relating to this Stipulation, including, without limitation, the implementation of this Stipulation and any disputes arising hereunder.

12. <u>Governing Law</u>.  This Stipulation shall be interpreted and construed according to, and governed by, the laws of the State of Delaware.

23

13. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, and such

counterparts shall be construed together as one instrument. Facsimile or pdf

signatures shall be deemed original signatures.

14. <u>Court Approval</u>. No provision of this Stipulation shall be effective unless and

until the Stipulation is approved by this Court. In the event this Stipulation is not

approved by the Court, the Parties reserve all of their rights and defenses with

respect to the Claim and the Action.

15. <u>Claims Register</u>. Upon entry of the order approving this Stipulation, the Debtors,

the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the

Court are authorized to take all necessary and appropriate actions to give effect to

this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties

have executed this Stipulation.

Dated: _Sept. 14_____, 2010

Nortel Networks Inc.                          Ernest Demel

By: _____        By: _____
Deborah M. Buell, Partner                Gary Steven Stone
Cleary Gottlieb Steen & Hamilton LLP     South Brooklyn Legal Services
Counsel for the Debtors                  Counsel for Claimant

6

24

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Nortel Networks, Inc. et al, Debtors. Vs. Ernest Demel, Creditor   Chapter 11 No. 09-10138(KG)

--------------------------------------------------------------------------------------------------------

## <u>LETTER TO NORTEL TO AMAND ID. 4010   Re ID. 11542</u>

Attorneys for the Nortel Debtors.
To. Lisa M. Schweitzer (Ischweitzer@cgsh.com)
One Liberty Plaza
New York, New York 10006

Dear Counsel, Ms. Lisa M. Schweitzer.

    I am writing this letter to you as a last resort to get a fair resolution to my LTD **Claim. #4643**. The money promised in the contract by Nortel (Stipulation Agreement) is not forth coming. In order **to get the money now, He has to sell his claim to third party**. Now the market value of the Nortel claim is 87 cents to a dollar. In order to sell his claim, He has to modify and amend the contract Page 5, # 8. (No Transfer clause)

> The validity of the one sided contract is questionable and problematic; so far the Debtor received the benefits of the Settlement Agreement without any burden for their compromise. [(Nortel, bailout their LTD plans, Representatives and Fiduciaries Executors, Administrators and Trustees, without paying a cent, from USDC-New York case No. 07-CV-0189 (GBD)] Nortel's breach of trust activities and conduct suggest intrinsic or extrinsic fraud. There are other fraudulent activities, which are not relevant to this letter.

    The irrational, unreasonable compromise in the contract Page 3, # 1 (a) has to be amended, to balance the impartiality of the contract. (Nortel's New Balance Sheet is robust. The Creditor's present monetary situation is in crisis, and very bleak. Therefor no one should get unfairly rich or no need to loose Long-Term Disability, LTD money.

    Please note there is a provision in the agreement that allows the parties to change the contract, by mutual consent. (See Page 5. # 7) we should amend the Stipulation Agreement to remedy the above matter.

Quick recap of the case history. Mr. Demel worked as a Digital Electronic Engineer with the Nortel Task force. Later worked as an in field engineer /commissioner in the field with 80% of travel in US and round the globe, duties lead to "*white collar slavery*" during the "Golden Days" of Nortel.

On a winter day in February 1984, while he was driving to a job site; He met with a grave accident and became disabled. He received Nortel's Short-Term Disability, and all other accident related benefits. Nortel withheld his Long Term Disability payments (LTD) and the Pension Benefits. The Honorable Judge George B Daniels, (USDC New York,) awarded the Disability Pension. On behalf Nortel, PBGC paid Mr. Demel's Pension. The other Nortel's LTD defendants were withdrawn from the USDC New York Case, as a consideration in the contract.

Now I am burdened, and imprisoned with the "problems of the contract" related to LTD money (the offer). I am appealing to Nortel to consider the said matter for the sake of fairness and Justice and to engage in a joint amendment to the contract.

The Debtors were authorized to take any action necessary to perform their obligations arising under the Stipulation Agreement. See the Order # 3.  Honorable Judge. Kevin Gross. USBC- Delaware.

Please be kind enough to reply on or before May 20 Th 2014. Via Email or Express Mail.

Thanking you in advance.

Ernest Demel, Pro se.

Therefore, Ernest Demel states that the information set forth is true to the best of his knowledge and belief. Signed under penalties of perjury this 13 Th day of May 2014.

Sworn before me on this day of: May. *13 15* 2014.

Notary Public

Ernest Demel of New York City

SAMUIL KESLER
Notary Public - State of New York
NO. 01KE6289097
Qualified in Kings County
My Commission Expires Sep 23, 2017

C.C. To Ann Cordo

Ernest Demel.  Email. ernestdemel@ymail.com Tel. 1 646 559 9992 , 2753.
530 West,  55 street,  # 13 K New York City. New York.  10019

26

**Re: Nortel bankruptcy claim**

Monday, May 19, 2014 7:46 PM

**From:** "Beller Benjamin S." <bbeller@cgsh.com>

**To:** "ernestdemel@ymail.com" <ernestdemel@ymail.com>

**Cc:** "Schweitzer Lisa M." <lschweitzer@cgsh.com> "Lipner Louis A." <llipner@cgsh.com>

Dear Mr. Demel,

We write in response to your recent letter to Lisa Schweitzer regarding your claim in the Nortel bankruptcy proceedings. As you know, our firm represents those Nortel entities with chapter 11 cases pending before the United States Bankruptcy Court for the District of Delaware. Based on the Stipulation agreement between you and Nortel Networks Inc. that you reference in your letter (and which is attached to this email for ease of reference), we note that the agreement does not prevent you from selling your claim. As a result, there is no need to amend the agreement in order for you to sell your claim should you choose to do so. The "No Transfer" clause (paragraph 8 of the Stipulation) was a representation by you that <u>as of the date of the Stipulation</u>, you had not previously sold or transferred your claim. Neither that paragraph nor the Stipulation as a whole prevents you from selling your claim should you choose to do so.

Please do not hesitate to contact us with any further questions you may have.

Regards,

Ben Beller

---

Benjamin S. Beller | Law Clerk,  Cleary Gottlieb Steen & Hamilton LLP
Assistant: lpotts@cgsh.com
One Liberty Plaza, New York NY 10006
t: +1 212 225 2981 | f: +1 212 225 3999
www.clearygottlieb.com | bbeller@cgsh.com
This message is being sent from a law firm and may contain confidential or privileged information. If you are not the
intended recipient, please advise the sender immediately by reply e-mail and delete this message and any
attachments without retaining a copy. Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen
& Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

-------------------------------------------------------------------------------

**EXHIBIT** ___E___

27

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Nortel Networks, Inc. et al, Debtors. Vs. Ernest Demel, Creditor   Chapter 11 No. 09-10138(KG)

-------------------------------------------------------------------------------------------------------

### RE: LETTER TO NORTEL TO AMAND ID. 4010   Re ID. 11542

To. Benjamin S. Beller | Law Clerk     *bbeller@cgsh.com*
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
t: +1 212 225 2981 | f: +1 212 225 3999

### (NORTEL) LTD Claim. # 4643.

Dear Mr. Ben Beller.

Your response to my LTD claim letter is unsatisfactory and inadequate. In order to have a fair balance of Justice you have to be ethical and honest dealing with this sensitive matter. You have addressed only one part of the issue and deliberately and intentionally avoided the other issue ( P3 #1).  The compromised amount is $125,000.   Should be amended in the contract for the reasons mentioned in my previous correspondence. One needs courage and professionalism to hit a balance between Law and ethics.

  NORTEL CH 11 Case has become a Gold mine for Gold diggers, and leaving a hand full for the Creditors.

> *"By: Oluwaseun P. Adeola. The issue of the relationships between law and ethics is a long –standing one in the sphere of philosophy and law. The potent instruments that should include in the law and ethics are human dignity, relative peace and economic prosperity for all". " In general. Honesty, integrity, fair dealing and the highest ethical standards must at all times be exercised in relationships with Creditors, customers, clients, business"*

This is not a fight between Nortel Lawyers and Demel, It is a 30 year old fight for LTD benefits, for the disabled ex-employee, (Job related accident). If a justifiable remedy not found at this stage then I am committed to seek justice and righteousness for this case, engaging higher authorities.

  The contract has to be amended as follows:

25

1  (P5 # 8 "No Transfer" clause.)   It has to be amended (P5#8 has no effect at present or future claim transfers. Then it will provide clarity and style.)

2  (P3 #1.) $125,000. Unreasonable compromise. (It has to be amended as a new compromise amount calculated at 87 cents to a dollar market value.)

Social Justice is in short supply in our world, but we can make a difference, please act ethically and honestly and feel free to call me at 646 559 2753.

Please be kind enough to reply on or before May 31 St, 2014. Via Email or Express Mail.

Thanking you in advance.

Ernest Demel, Pro se.

Dated: May 25, 2014.

Sent Email to: _bbeller@cgsh.com_   and  First class mail

From: Ernest Demel.  Email. ernestdemel@ymail.com Tel. 1 646 559 2753.
530 West,  55 street,  # 13 K New York City. New York.  10019.
==============================================  .

29

## <u>RE: Re. Mr Ben Beller's Letter</u>

Thursday, May 29, 2014 1:47 AM

**From:** "Beller Benjamin S." <bbeller@cgsh.com>

**To:** "Ernest Demel" <ernestdemel@ymail.com>

**Cc:** "Schweitzer Lisa M." <lschweitzer@cgsh.com> "Lipner Louis A." <llipner@cgsh.com>

Dear Mr. Demel,

I write in response to your most recent letter regarding your claim in the Nortel bankruptcy proceeding and to clarify certain elements of our prior response, dated May 19th.

As we explained in that email, the Stipulation does not need to be amended in order for you to sell your claim because the "No Transfer" clause (paragraph 8 of the Stipulation) was only a representation by you that as of the date of the Stipulation (September 14, 2010), you had not previously sold or transferred your claim. It has no effect on your ability to transfer your claim now or in the future.

As for your second requested amendment (amending the claim amount to reflect 87 cents on the dollar of market value), while it may not be clear from the offer you have received, and while we invite you to seek your own counsel on the matter, generally the amount for which a claimholder may choose to sell a claim need not match the allowed amount provided in a stipulation. As a result, the "Resolution of Claim" clause (paragraph 1 of the Stipulation) does not affect your ability to sell your claim for an amount different than the listed amount ($125,000).

In summary, the Stipulation, in its current form, which was approved by the Bankruptcy Court, does not restrict your ability to sell your claim for any amount to another party.

Regards,

Ben Beller

---

Benjamin S. Beller | Law Clerk.  Cleary Gottlieb Steen & Hamilton LLP
Assistant: lpotts@cgsh.com
One Liberty Plaza, New York NY 10006
t: +1 212 225 2981 | f: +1 212 225 3999
www.clearygottlieb.com |bbeller@cgsh.com

----------------------------------------------------------------------

**EXHIBIT** ......... F .........

30