**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X

*In re*                                                                    :        Chapter 11

                                                                              :

Nortel Networks Inc., *et al.*,[1]                          :        Case No. 09-10138 (KG)

                                                                              :

                                              Debtors.        :        Jointly Administered

                                                                              :

                                                                              :        **Hearing Date: July 22, 2014**

                                                                              :

                                                                              :        **RE:  D.I. 13875**

                                                                              :

----------------------------------------------------------- X


**DEBTORS' OBJECTION TO MOTION OF ERNEST DEMEL**
**PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN**
**ORDER APPROVING CERTAIN AMENDMENTS TO CLAIM STIPULATION**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), hereby respectfully submit this objection (the

"Objection") to the *Motion of Ernest Demel Pursuant to Bankruptcy Rule 9019 for Entry of an*

*Order Approving Certain Amendments to Claim Stipulation*, filed on June 18, 2014 by Ernest

Demel [D.I. 13875] (the "Motion").  In support of this Objection, the Debtors respectfully

represent as follows:

---

[1]         The  Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their counsel is available at http://dm.epiq11.com/nortel.

**PRELIMINARY STATEMENT**

1.      By his Motion, Mr. Demel seeks relief from this Court to unilaterally amend a settlement agreement with the Debtors dating back to 2010.  However, Mr. Demel does not provide any basis for the Court to revisit the settlement or alter its terms.

2.      Mr. Demel allegedly was employed by Northern Telecom, Inc. in the 1980s. Prior to the commencement of the Debtors' chapter 11 bankruptcy proceedings, Mr. Demel brought an action to obtain disability income benefits from the employee benefits plans for employees of Northern Telecom, Inc., as well as against the administrators and trustees of those plans.  Shortly after the commencement of the Debtors' chapter 11 proceedings, Mr. Demel filed a proof of claim against the Debtors, which is listed on the Debtors' claim register as claim number 4643 (the "Claim").  Thereafter, Mr. Demel entered into a settlement with the Debtors, settling his claims against the Debtors' estates for $125,000 (the "Stipulation", as attached to the Declaration of Ann C. Cordo in Support of Debtors' Objection to the Motion of Ernest Demel Pursuant to Bankruptcy Rule 9019 for Entry of an Order Approving Certain Amendments to Claim Stipulation (the "Cordo Decl.") as **Exhibit A**), which this Court subsequently approved. See Order Approving the Stipulation Resolving Claim No. 4643 Filed by Ernest Demel [D.I. 4160] (the "Stipulation Order", as attached to the Cordo Decl. as **Exhibit B**).   Mr. Demel's claim for benefits guaranteed by the Pension Benefit Guaranty Corporation was unaffected by this settlement.

3.      In his Motion, Mr. Demel seeks relief from this Court to obtain three amendments to the Stipulation.  First, Mr. Demel seeks to have this Court amend paragraph 8 of the Stipulation (the "Ownership Representation") in a manner he appears to believe would increase the commercial attractiveness of the Claim to potential purchasers.  Second, Mr. Demel requests that this Court amend paragraph 1(a) of the Stipulation (the "Settlement Amount Provision") to

2

increase the allowed amount of the Claim from $125,000 (the "Settlement Amount"), as provided for under the Stipulation, to more than $1.6 million. Third, Mr. Demel appears to request that the Court amend paragraph 1(b) of the Stipulation to recharacterize the Claim such that Mr. Demel would retroactively become a party to the settlement between the Debtors and the Official Committee of Long-Term Disability Participants (the "LTD Committee") approved by this Court on May 1, 2013 [D.I. 10406] (the "LTD Settlement").

4.        Because Mr. Demel has not asserted any valid basis for reopening the Stipulation or for granting the other requested relief, the Debtors respectfully request that the Motion be denied in its entirety.

## PROCEDURAL HISTORY

5.        On January 10, 2007, Mr. Demel commenced an action in the United States District Court for the Southern District of New York (the "District Court") seeking to recover certain long-term disability and disability pension benefits owed to him as a result of his alleged employment by Northern Telecom, Inc. from August 17, 1981 through February 3, 1984 (the "Action"). Mr. Demel's complaint named as defendants the employee benefit plans sponsored by Northern Telecom, Inc. as well as those plans' administrators.[2]

6.        On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks CALA Inc.,[3] filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases are consolidated for procedural purposes only [D.I. 36].

---

[2]        The named defendants in the District Court Action were the Group Benefits Plan for Employees of Northern Telecom, Inc. dated as of January 1, 1982, the Northern Telecom, Inc. Retirement Plan for Employees dated as of January 1, 1984, the Trustees and Administrators of the Plans, the Employee Benefits Committee of Northern Telecom, Inc., and The Prudential Insurance Company of America.

[3]        Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

7.      On February 17, 2009, the District Court transferred the case to its suspense docket pending a disposition of the bankruptcy proceeding.

8.      On April 22, 2009, Mr. Demel moved the District Court to remove the Action from the suspense docket.  While his motion to remove the Action from the suspense docket was pending, on September 25, 2009, Mr. Demel filed the Claim against the Debtors in the amount of $1,924,557.70 relating to long-term disability and retirement benefits.

9.      On January 8, 2010, the District Court granted Mr. Demel's motion to remove the Action from the suspense docket on the grounds that the Action did not assert any claims against the Debtors that would be resolved in their bankruptcy proceedings.

10.     On May 25, 2010, the Debtors filed the *Debtors' Objection to Proof of Claim No. 4643 Filed by Ernest Demel* [D.I. 3068] (the "Claim Objection").  In the Claim Objection, based on the District Court's order of January 8, 2010, the Debtors took the position that the Claim did not seek relief from any of the Debtors and thus Mr. Demel had no valid claim against the Debtors' estates.

11.     On July 9, 2010, Mr. Demel filed through his attorney the *Declaration in Opposition to Objection to Claim* [D.I. 3501] in which Mr. Demel argued that he should be permitted to assert a claim against the Debtors in the bankruptcy proceedings.

12.     Thereafter, in an effort to negotiate an expeditious resolution of the dispute, the Debtors and Mr. Demel entered into settlement discussions.  As a result of these discussions, the Debtors reached a compromise with Mr. Demel, as memorialized in the Stipulation, which among other things granted Mr. Demel an allowed claim against NNI in the amount of $125,000. On October 14, 2010, the Bankruptcy Court entered the Stipulation Order approving the Stipulation.

13.     On September 24, 2012, Mr. Demel sent the District Court a letter demanding

payment of his allowed Claim and requesting sanctions should the Debtors refuse to provide

such payment.  See Letter to Honorable Judge George B. Daniels from Ernest Demel, dated

September 24, 2012 [S.D.N.Y., Case No. 07-CV-0189, D.I. 77].  On October 5, 2012, Debtors'

counsel submitted a response letter to the District Court requesting denial of Mr. Demel's

demand for payment while the Debtors' chapter 11 proceedings remained pending and of Mr.

Demel's request for the imposition of sanctions.  See Letter to Honorable George B. Daniels

from Lisa M. Schweitzer, dated October 5, 2012, attached as Exhibit C to the Declaration of

Robert J. Ryan in Opposition to Motion to Reopen the Case by Plaintiff [S.D.N.Y., Case No. 07-

CV-0189, D.I. 85] (attached to the Cordo Decl. as **Exhibit C)**.  On May 29, 2013, Mr. Demel

filed a motion with the District Court to reopen the Action.  See Motion to Reopen the Case By

Plaintiff, dated May 29, 2013 [S.D.N.Y., Case No. 07-CV-0189, D.I. 83].  On June 14, 2013, the

Debtors' filed a memorandum of law in opposition to Mr. Demel's motion to reopen.  See

Memorandum of Law in Opposition to Motion to Reopen the Case by Plaintiff [S.D.N.Y., Case

No. 07-CV-0189, D.I. 84].  Thereafter, on September 5, 2013, Mr. Demel withdrew his motion

to reopen the Action.  See Motion to Withdraw the Reopen Motion, dated September 5, 2013

[S.D.N.Y., Case No. 07-CV-0189, D.I. 88].

14.     On May 13, 2014, nearly four years after agreeing to the Stipulation, Mr. Demel

sent a letter to Debtors' counsel requesting certain amendments to the Stipulation.  Between that

date and June 13, 2014, the Debtors communicated with Mr. Demel in an effort to consensually

resolve his concerns with the Stipulation.  Despite the efforts of Debtors' counsel to address Mr.

Demel's concerns without the involvement of this Court, Mr. Demel filed the Motion on June 13,

2014.

15.     While the Debtors do not believe any basis exists to either adjust the amount of

Mr. Demel's allowed Claim against the Debtors or to reopen the LTD Settlement, since the filing

of the Motion, the Debtors have continued to attempt to address Mr. Demel's concerns.  On June

26, 2014, counsel to the Debtors sent Mr. Demel an email detailing certain proposed

amendments the Debtors would be willing to implement in an effort to resolve the Motion.

Specifically, the Debtors offered language to clarify that the Ownership Representation does not

restrict Mr. Demel's ability to sell or otherwise transfer the Claim should he choose to do so (the

"Proposal").  After receiving the Proposal, Mr. Demel notified counsel to the Debtors that he

intended to proceed with the Motion.

### BASIS FOR THE OBJECTION

16.     Mr. Demel's Motion should be denied with prejudice because his requests for

relief do not have any legal or factual basis.

17.     As described above, Mr. Demel's first proposed amendment is to amend the

Ownership Representation in order to make his Claim more commercially attractive to potential

purchasers.  The Ownership Representation contains a representation made at the time the

Stipulation was entered into as follows: "Claimant represents that he has not sold, assigned or

otherwise transferred the Claim to a third party."  Stipulation ¶ 8.

18.     From conversations Debtors' counsel had with Mr. Demel in May and June, 2014,

the Debtors understand that Mr. Demel believes that the Ownership Representation may

discourage potential purchasers from making Mr. Demel an offer to settle his Claim, because

they may interpret the Ownership Representation as restricting Mr. Demel's right to sell the

Claim.  The Debtors disagree with this reading of the Stipulation, as the Ownership

Representation does not in any way restrict Mr. Demel's ability to sell or transfer his claim at

this time or in the future should he choose to do so.  Even if such confusion existed, the filing of this Objection should fully alleviate any such hypothetical concern.

19.     In his second request, Mr. Demel seeks to reopen the Stipulation in order to amend the Court-approved Settlement Amount.  Stipulation ¶ 1(a).  While the Debtors recognize that Mr. Demel would prefer to hold a larger allowed claim, the Settlement Amount was the product of settlement negotiations between the Debtors and Mr. Demel, who was represented by counsel at the time, in consideration for the release by Mr. Demel of all other claims against the Debtors.  It would be inconsistent with the Debtors' duty to all of its creditors to accommodate Mr. Demel's request to amend the Settlement Amount nearly four years after this Court approved the Settlement Amount and the Stipulation.  Furthermore, Mr. Demel has failed to put forward any legal or factual basis justifying an amendment to the Settlement Amount which would grant him a larger allowed claim against the Debtors' estates.

20.     In his third proposed amendment, as the Debtors understand it, Mr. Demel seeks to have his Claim characterized not as a general unsecured claim (as it currently is characterized), but as part of the LTD Settlement, which resolved the class action lawsuit and related litigation between the Debtors and certain former employees of the Debtors who were participants in the Debtors' Long-Term Disability Plan (the "LTD Plan") and certain other plans and programs as of June 30, 2013, the date of termination of such plans.  See Order (A) Approving the Settlement Agreement on a Final Basis, (B) Certifying a Class for Settlement Purposes only on a Final Basis, (C) Authorizing the Debtors to Terminate the LTD Plans, and (D) Granting Related Relief [D.I. 10406].  According to the Debtors' books and records, Mr. Demel was not receiving long-term disability benefits as of June 30, 2013 and accordingly would not have been eligible to be a party to the LTD Settlement.  The right to received long-term disability

benefits was expressly addressed in the settlement, as the Stipulation provided that the $125,000

Claim granted to Mr. Demel "relates solely to Claimant's alleged entitlement to long-term

disability benefits… and Claimant shall have no other or further claims against any of the

Debtors." Stipulation ¶ 1(a). Under the Stipulation, Mr. Demel released all claims against the

Debtors and their benefit plans (other than for benefits guaranteed by the Pension Benefit

Guaranty Corporation) as part of the Stipulation and as consideration for the allowance of his

Claim. Stipulation ¶ 3. Granting Mr. Demel's proposed amendment would subvert a basic

premise on which the LTD Settlement was agreed upon by the Debtors and the LTD Committee

and approved by this Court, and is inconsistent with the terms of the Stipulation. Furthermore,

Mr. Demel has not provided any legal or factual basis justifying any recharacterization of the

Claim.

## Conclusion

For the reasons set forth above, the Debtors respectfully request that the Court deny the

relief sought by the Motion with prejudice and enter the proposed order attached hereto as

**Exhibit A**.

Dated:  July 7, 2014                        CLEARY GOTTLIEB STEEN & HAMILTON LLP
      Wilmington, Delaware

                                     James L. Bromley (admitted *pro hac vice*)
                                     Lisa M. Schweitzer (admitted *pro hac vice*)
                                     One Liberty Plaza
                                     New York, New York 10006
                                     Telephone:  (212) 225-2000
                                     Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*