**EXHIBIT A**
**STIPULATION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                     :     Chapter 11
                                                            :
Nortel Networks Inc., *et al.*,[1]                          :     Case No. 09-10138 (KG)
                                                            :
                                  Debtors.                  :     Jointly Administered
                                                            :
------------------------------------------------------------X

### STIPULATION REDUCING AND ALLOWING CLAIM NO. 4643 FILED BY ERNEST DEMEL AGAINST DEBTOR NORTEL NETWORKS INC.

WHEREAS, on or about January 9, 2007, Claimant Ernest Demel ("Claimant") commenced a lawsuit (the "Action") in the United States District Court for the Southern District of New York (the "District Court") alleging violations of the terms of certain employee benefits plans and the Employee Retirement Income Security Act of 1974 ("ERISA"), in which the following were named as defendants: (i) the Group Benefits Plan for Employees of Northern Telecom, Inc., dated as of January 1, 1982 (the "Group Benefits Plan"); (ii) the Trustees and Administrator of the Group Benefits Plan; (iii) the Employee Benefits Committee of Northern Telecom, Inc.; (iv) the Trustees and Administrator of the Northern Telecom Inc. Retirement Plan for Employees, dated as of January 1, 1984 (the "Retirement Plan"); (v) the Prudential Insurance Company of America (entities (i) through (v) are collectively referred to as the "Released

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (collectively, the "Debtors"), are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

1

Defendants"); and (vi) the Retirement Plan, which was terminated pursuant to section 1342(c) of title 29 of the United States Code ("Section 1342(c)"), as approved by order of this Court dated August 31, 2009, with the Pension Benefit Guaranty Corporation (the "PBGC") appointed statutory trustee pursuant to Section 1342(c); and

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), Nortel Networks Inc. (the "Nortel Debtor") and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in this Court (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, this Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about September 29, 2009, Claimant filed a proof of claim against the Nortel Debtor in the amount of $1,924,557.70, which is listed on the Debtors' claim registry as claim number 4643, and which seeks to recover the same amounts sought in the Action ("Claim No. 4643" or the "Claim"); and

WHEREAS, Claimant and the Nortel Debtor (collectively, the "Parties") have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claim, have agreed to resolve the Claim and all of their disputes on the terms set forth in this Stipulation;

2

NOW, THEREFORE, the Parties stipulate and agree as follows:

1. <u>Resolution of Claim</u>. Effective upon the approval of this Stipulation by this Court:

   (a) Claim No. 4643 shall be reduced and allowed as a general unsecured claim by Claimant against the Nortel Debtor in the amount of $125,000.00, which amount relates solely to Claimant's alleged entitlement to long-term disability benefits and does not include any amount relating to Claimant's alleged entitlement to benefits under the Retirement Plan, and Claimant shall have no other or further claims against any of the Debtors.

   (b) This Stipulation shall be deemed to amend and supersede the Debtors' schedules with respect to Claimant.

2. <u>Dismissal of District Court Action as Against the Released Defendants</u>. No later than seven (7) days following entry of an order of this Court approving this Stipulation, Claimant and the Released Defendants shall jointly move the District Court to dismiss all claims against the Released Defendants in the Action.

3. <u>Release</u>. Subject to the reduction and allowance of the Claim as provided for herein, effective upon entry of the order of this Court approving this Stipulation, Claimant releases and forever discharges (1) the Released Defendants and the Debtors, in both their corporate and fiduciary capacities as well as their respective affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, successors and assigns; and (2) any benefit plans of or sponsored by the Released Defendants or the Debtors, except for the terminated Northern Telecom Inc. Retirement Plan for Employees, and any predecessors, successors or assigns

3

of such benefit plans, from any and all claims, defenses, demands, liabilities, debts, obligations, damages, sums of money, promises, accounts, actions, controversies, causes of action, setoffs, recoupments, judgments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated, in law or in equity, that Claimant now has, had, might have had, or hereafter may against any of the Released Defendants and/or any of the Debtors from the beginning of the world to the date of this Release, including, without limitation, those that arise from, concern, or are related to, directly or indirectly, the Claim, the Action, Claimant's former employment or other relationship with the Nortel Debtor or the termination of such employment or any such relationship.

4. <u>No Effect on Claims for Benefits Guaranteed by the PBGC</u>. Nothing in this Stipulation shall be construed to limit the power of the United States District Court for the Southern District of New York in the Action to make orders or render judgment with respect to any acts or omissions of the Retirement Plan and its fiduciaries, or to determine any liability arising as a consequence thereof to the extent such liability is insured by the PBGC.

5. <u>No Further Claims</u>. Upon entry of this Court's order approving this Stipulation, Claimant shall be forever barred from (i) amending the Claim and (ii) filing any further proofs of claim against any of the Debtors in the Debtors' Chapter 11 cases.

6. <u>Binding Effect</u>. This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or

receiver subsequently appointed in the Debtors' Chapter 11 cases. The Parties' respective counsel are authorized to sign this Stipulation on the Parties' behalf.

7. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by a written agreement between the Parties.

8. <u>No Transfer</u>. Claimant represents that he has not sold, assigned or otherwise transferred the Claim to a third party.

9. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession by any Party hereto, the Released Defendants, or any of the Debtors of (i) the validity of all or any part of the Claim or any defense thereto, or (ii) liability or wrongdoing with respect to the Claim or any legal or factual issue relating to the Claim.

10. <u>Costs and Expenses</u>. Each Party agrees to bear his and its own costs, expenses and attorneys' fees incurred in connection with the Action, the Claim, and the negotiation and preparation of this Stipulation, and not to seek from each other reimbursement of any such costs, expenses or attorneys' fees.

11. <u>Jurisdiction</u>. This Court shall retain jurisdiction over all matters relating to this Stipulation, including, without limitation, the implementation of this Stipulation and any disputes arising hereunder.

12. <u>Governing Law</u>. This Stipulation shall be interpreted and construed according to, and governed by, the laws of the State of Delaware.

13. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

14. <u>Court Approval</u>. No provision of this Stipulation shall be effective unless and until the Stipulation is approved by this Court. In the event this Stipulation is not approved by the Court, the Parties reserve all of their rights and defenses with respect to the Claim and the Action.

15. <u>Claims Register</u>. Upon entry of the order approving this Stipulation, the Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: Sept. 14, 2010

Nortel Networks Inc.

By: _____
Deborah M. Buell, Partner
Cleary Gottlieb Steen & Hamilton LLP
Counsel for the Debtors

Ernest Demel

By: _____
Gary Steven Stone
South Brooklyn Legal Services
Counsel for Claimant