**EXHIBIT C**
**DEBTORS' COUNSEL LETTER TO DISTRICT COURT**

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI

Writer's Direct Dial  +1 212 225 2629
E-Mail: lschweitzer@cgsh.com

October 5, 2012

VIA HAND DELIVERY

The Honorable George B. Daniels
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> Re: *Demel v. Group Benefits Plan for Employees of Northern Telecom, Inc., et al.*, Case No. 07-CV-00189

Dear Judge Daniels:

      I write as counsel to Nortel Networks Inc. ("NNI") and certain of its U.S. affiliates (collectively, the "Nortel Debtors") in their pending chapter 11 proceedings in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138) (the "Chapter 11 Cases") in response to Ernest Demel's letter dated September 24, 2012 regarding Mr. Demel's demand for payment with respect to his allowed bankruptcy claim against NNI and his related request for the potential issuance of sanctions against the "Nortel related defendants" (the "Letter"). Mr. Demel is seeking payment of a claim allowed in NNI's chapter 11 case, which remains pending before the Bankruptcy Court. The Bankruptcy Court has jurisdiction over the claim, and a plan of reorganization has not been confirmed pursuant to which the claim could be paid. Accordingly, the Nortel Debtors respectfully request that this Court deny Mr. Demel's request for the imposition of sanctions or any other relief.

### The Benefits Litigation

      As you are aware, on January 10, 2007, Mr. Demel, who alleges that he was employed by Northern Telecom, Inc. from August 1981 through February 1984, commenced an action in this Court seeking to recover certain long-term disability and disability pension benefits on account of a purported total disability resulting from an automobile accident (the "Benefits

The Honorable George B. Daniels, p. 2

Action"). Mr. Demel named as defendants in the Benefits Action the Group Benefits Plan for Employees of Northern Telecom, Inc. dated as of January 1, 1982 (the "Benefits Plan"), the Trustees and Administrator of the Plans, the Employee Benefits Committee of Northern Telecom, Inc., the Prudential Insurance Company of America (collectively, the "Benefits Defendants"), and the Northern Telecom, Inc. Retirement Plan for Employees dated as of January 1, 1984 (the "Retirement Plan").[1] Neither NNI nor any other Nortel Debtor was named or subsequently added as a defendant in the Benefits Action.

### NNI's Bankruptcy Petition and Resolution of Mr. Demel's Claim

On January 14, 2009, the Nortel Debtors filed voluntary petitions for relief in the Bankruptcy Court under chapter 11 of the Bankruptcy Code. On January 15, 2009, the Bankruptcy Court entered an order enforcing the automatic stay provided in section 362 of the Bankruptcy Code.

On September 25, 2009, Mr. Demel filed a proof of claim (no. 4643) against NNI in the amount of $1,924,557.70 (the "Claim"), seeking to recover from NNI the same benefits that were the subject of the Benefits Action. On May 25, 2010, the Debtors filed an objection to the Claim with the Bankruptcy Court on the basis that Mr. Demel was not seeking relief against a Nortel Debtor, but rather from non-debtor benefit plans that are separate legal entities from the Nortel Debtors. Following Mr. Demel's response to the Nortel Debtors' objection to the Claim on July 9, 2010, the parties entered into settlement discussions in an effort to negotiate an expeditious resolution of the dispute between the Nortel Debtors and Mr. Demel.

As a result of those negotiations, the Nortel Debtors reached a compromise with Mr. Demel reducing and allowing the Claim in the amount of $125,000, as memorialized in the *Stipulation Reducing and Allowing Claim No. 4643 Filed by Ernest Demel Against Debtor Nortel Networks Inc.* dated as of September 14, 2010, as approved by the Bankruptcy Court on October 14, 2010 (the "Stipulation"). A copy of the Stipulation and the Bankruptcy Court order approving the Stipulation are attached hereto for the Court's reference. In consideration of the partial allowance of his Claim in the Chapter 11 Cases, Mr. Demel agreed to release all claims against the Benefit Defendants and all claims against NNI arising from or related to his Claim and the Benefits Action other than the Claim as allowed. Accordingly, upon consent motion filed by the Benefit Defendants that was granted by this Court on December 15, 2010, all claims against the Benefit Defendants in the Benefits Action were dismissed. As a result of the Stipulation and the subsequent dismissal of all causes of action against the Benefit Defendants, the PBGC became the sole remaining defendant in the Benefits Action.[2]

---

[1] The Retirement Plan was terminated under section 1342(c) of title 29 of the United States Code, as approved by an order of the Bankruptcy Court on August 31, 2009, with the Pension Benefit Guaranty Corporation (the "PBGC") appointed as statutory trustee.

[2] The Nortel Debtors take no position regarding Mr. Demel's allegations, requests or relief sought against the PBGC.

The Honorable George B. Daniels, p. 3

### Status of Distributions on Allowed Claims in the Chapter 11 Cases

As indicated in the Letter, Mr. Demel has demanded that the "Nortel related defendants" pay his Claim in the allowed amount of $125,000, on or before October 5, 2012 and if such payment is not made, asks that your Honor consider issuing sanctions against the "Nortel related defendants." General unsecured claims allowed against the Nortel Debtors, including Mr. Demel's Claim, will be paid by the Nortel Debtors pursuant to a chapter 11 plan confirmed by the Bankruptcy Court in the Chapter 11 Cases following such plan becoming effective pursuant to its terms.[3] The automatic stay imposed by Section 362 of the Bankruptcy Code prohibits individuals from taking "any act to collect . . . or recover a claim against the debtor that arose before the commencement of the [bankruptcy case]." 11 U.S.C. § 362(a)(6). It is improper for Mr. Demel to demand payment of the Claim by the Nortel Debtors from courts other than the Bankruptcy Court, and Mr. Demel has released his claims against the prior defendants in the Benefits Action (excluding the PBGC). Accordingly, no basis exists for the imposition of sanctions or award of any other relief related to the Claim.

For the foregoing reasons, the Nortel Debtors respectfully request that this Court deny Mr. Demel's request for sanctions against the "Nortel related defendants" including the Nortel Debtors.

Respectfully submitted,

Lisa M. Schweitzer

cc: Ernest Demel, via FedEx
Stephen Elliott Zweig, Esq., via FedEx
Vicente Matias Murrell, Esq., via FedEx
Derek C. Abbott, Esq., via e-mail

---

[3] In the event that the Nortel Debtors' cases were converted to a chapter 7 liquidation, allowed claims would be paid by the trustee overseeing the Nortel Debtors' liquidation.