IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Nortel Networks Inc., *et al.*,[1]<br><br>Debtors. | : Chapter 11<br>:<br>: Case No. 09-10138 (KG)<br>:<br>: Hearing Date: July 22, 2014<br>:<br>: Re: Docket Nos. 13875 and 13960 |

**JOINDER OF THE LONG TERM DISABLED VEBA TRUST FOR FORMER NORTEL EMPLOYEES TO DEBTORS' OBJECTION TO MOTION OF ERNEST DEMEL PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING CERTAIN AMENDMENTS TO CLAIM STIPULATION**

The Long Term Disabled VEBA Trust for Former Nortel Employees (the "VEBA Trust"), successor to the Official Committee of Long Term Disabled Employees of Nortel (the "LTD Committee"), by and through the undersigned counsel, hereby joins (the "Joinder") in the *Debtors' Objection to Motion of Ernest Demel Pursuant to Bankruptcy Rule 9019 for Entry of an Order Approving Certain Amendments to Claim Stipulation* (the "Objection") [Docket No. 13875]. In support of the Joinder, the VEBA Trust states as follows:

## BACKGROUND

1. On January 14, 2009, the Debtors the Debtors, other than Nortel Networks CALA Inc.,[2] filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their counsel is available at http://dm.epiq11.com/nortel.

[2] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [Docket No. 1098].

Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases are consolidated for procedural purposes only [Docket No. 36].

2. On June 18, 2014, Ernest Demel filed the *Motion of Ernest Demel Pursuant to Bankruptcy Rule 9019 for Entry of an Order Approving Certain Amendments to Claim Stipulation*, [Docket No. 13875] (the "Motion"). In his Motion, Mr. Demel seeks to amend a stipulation he entered into with the Debtors that settled his claims against the Debtors' estates (the "Stipulation") and which was approved by this Bankruptcy Court pursuant to the *Order Approving the Stipulation Resolving Claim No. 4643 Filed by Ernest Demel* [Docket No. 4160] (the "Stipulation Order").

3. Specifically, Mr. Demel is seeking obtain three amendments to the Stipulation. First, Mr. Demel wants the Bankruptcy Court to amend the Ownership Representation[3] in order to make his Claim more commercially attractive to potential purchasers. Second, Mr. Demel requests that the amount of his allowed Claim be increased. Third, and most alarming to the VEBA Trust, Mr. Demel appears to request that the Bankruptcy Court amend paragraph 1(b) of the Stipulation to re-characterize his Claim such that Mr. Demel would retroactively become a party to the settlement between the Debtors and the LTD Committee approved by this Court on May 1, 2013 [Docket No. 10406] (the "LTD Settlement").

## JOINDER

4. The VEBA Trust hereby joins in the Debtors' Objection as if fully set forth herein, requests the same relief as set forth therein, and pray for such other and further relief as the Court deems appropriate. In addition to the points raised by the Debtors in their Objection, the VEBA Trust objects to Mr. Demel's requested amendment to re-characterize his Claim as part of the LTD Settlement on the following three grounds.

---

[3] Capitalized terms not otherwise defined shall have the meaning ascribed to such terms in the Objection.

5. First, Mr. Demel is not an eligible to participate in the LTD Settlement. As pointed out by the Debtors, the LTD Settlement resolved the class action lawsuit and related litigation between the Debtors and certain former employees of the Debtors who were participants in the Debtors' Long-Term Disability Plan (the "LTD Plan") and certain other plans and programs as of June 30, 2013, the date of termination of such plans. *See Order (A) Approving the Settlement Agreement on a Final Basis, (B) Certifying a Class for Settlement Purposes only on a Final Basis, (C) Authorizing the Debtors to Terminate the LTD Plans, and (D) Granting Related Relief* [D.I. 10406]. Mr. Demel was not receiving long-term disability benefits as of June 30, 2013. Moreover, Mr. Demel was not eligible to participate in the long-term disability plans, class action, or the LTD Settlement because of his age. Mr. Demel is currently 74. *See* Motion at page 1. As of as of June 30, 2013, Mr. Demel would have been over the age of 65 and not entitled to long-term disability benefits and ineligible for the class. Accordingly, because he was not receiving long-term disability benefits as of June 30, 2013 and could not have been receiving them because of his age, Mr. Demel would not have been eligible to be a party to the LTD Settlement.

6. Second, Mr. Demel is not eligible to receive benefits under the VEBA Trust or the VEBA Plans (defined below). In accordance with the LTD Settlement and the *Order Approving Motion of the Official Committee of Long Term Disability Participants for Approval of Distribution and Related Relief* [Docket No. 10411], the VEBA Trust was established to provide a continuation of LTD benefits to eligible plan participants. Under the VEBA Trust, a Disability Plan for Long Term Disabled Former Employees of Nortel Networks, Inc. (the "Disability Plan") was established to provide continuation of income replacement benefits and a Health Reimbursement Arrangement (the "HRA", and collectively with the Disability Plan, the "VEBA

Plans") was established to provide reimbursement of eligible medical expenses incurred by participants and/or covered dependents. In order to be eligible to receive benefits under the VEBA Trust, a former Nortel LTD employee must have been receiving benefits under Nortel's LTD Plans as of June 30, 2013 at 11:59 p.m. Eastern Time and only if such individuals continue to be disabled at all times to which the benefits relate. Since Mr. Demel was not receiving benefits under Nortel's LTD Plans as of June 30, 2013, he is not eligible to receive benefits under the VEBA Trust.

7. Moreover, Mr. Demel fails to be in compliance with the terms of the VEBA Plans and is therefore not eligible to receive benefits under the VEBA Plans. The income continuation plan requires that Mr. Demel not be deceased, not have aged out of the plan, and continue to be disabled as certified by a third party independent and mirrors the requirements in the previous Nortel income continuation plan. He is not eligible for an income continuation payment because Mr. Demel is not in compliance with the income continuation plan as he was over the age of 65 as of June 30, 2013. Similarly, amongst the plan benefits he was not eligible for because he was over the age of 65 as of June 30, 2013 were plan medical benefits. Because he was not eligible for medical benefits due to his age, he cannot be eligible for participation in the Health Reimbursement Account which is the alternative under the Trust for tax and other purposes for medical benefits as a new medical plan was an unavailable option for the plan participants because of costs, underwriting issues, and insurability..

8. Third, any amendment that allows Mr. Demel to become a party to the LTD Settlement would create unnecessary and overly burdensome costs to the VEBA Trust. Cash disbursements were sent to all eligible LTD participants in in June 2013 and January 2014 and HRAs have all been funded for all eligible LTD participants. To now include Mr. Demel as an

LTD participant in the settlement would create a costly and certainly litigious situation. The costs associated with recalculating the settlement will be $4,000 - $5,000. Redistribution of funds under the HRA would amount to $2,500. Costs associated with sending out and preparing new individual claims forms along with addressing questions and inquiries from the LTD participants are estimated to be between $26,350 and $30,000. While these costs are significant, there will be additional exponential legal fees associated with seeking to disgorge funds from the LTD participants who were the recipients of only one or two payments because of their age. These are costs that that Trust should not bear because Mr. Demel has now untimely sought to amend the agreement he reached with the Debtors.

9. The VEBA Trust reserves the right to make any other requests for relief as may be appropriate.

Dated: July 11, 2014
Wilmington, Delaware

**ELLIOTT GREENLEAF**

_____
Rafael X. Zahralddin-Aravena (DE # 4166)
Eric M. Sutty (DE # 4007)
1105 Market Street, Suite 1700
Wilmington, DE 19801
Phone: (302) 384-9400
Fax: (302) 384-9399
E-mail: rxza@elliottgreenleaf.com

*Counsel to the VEBA Trust*