# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

In re

Nortel Networks Inc., et al., [1]

Debtors.

-------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

Objections Due:  August 4, 2014 at 4:00 p.m. (ET)

## SIXTY-SIXTH INTERIM APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS DELAWARE AND GENERAL BANKRUPTCY COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD JUNE 1, 2014 THROUGH JUNE 30, 2014

| | |
|---|---|
| Name of Applicant: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 4, 2009 nunc pro tunc to January 14, 2009 |
| Period for which Compensation and reimbursement is sought: | June 1, 2014 through June 30, 2014[2] |
| Amount of compensation sought as actual, reasonable and necessary: | $135,096.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $108,324.56 |
| This is an  _x_  interim | __ final application |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]    This application also includes expenses from prior periods that were inadvertently omitted from prior applications.

The total time expended for fee application preparation is approximately 5.50 hours and the corresponding compensation requested is approximately $2,500.00.[3]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 2/13/09 | 1/14/09 – 1/31/09 | $85,859.00/$23,353.91 | $85,859.00/$23,353.91 |
| 3/26/09 | 2/1/09 – 2/28/09 | $73,614.00/$50,566.31 | $73,614.00/$50,566.31 |
| 4/28/09 | 3/1/09 – 3/31/09 | $40,052.00/$16,676.97 | $40,052.00/$16,676.97 |
| 6/1/09 | 4/1/09 – 4/30/09 | $42,954.50/$10,037.89 | $42,954.50/$10,037.89 |
| 6/18/09 | 5/1/09 – 5/31/09 | $83,006.00/$25,040.48 | $83,006.00/$25,040.48 |
| 8/5/09 | 6/1/09 – 6/30/09 | $74,734.60/$42,928.97 | $74,734.60/$42,928.97 |
| 8/31/09 | 7/1/09 – 7/31/09 | $117,769.50/$53,271.92 | $117,769.50/$53,271.92 |
| 9/24/09 | 8/1/09 – 8/31/09 | $54,052.50/$19,895.00 | $54,052.50/$19,895.00 |
| 10/22/09 | 9/1/09 – 9/30/09 | $125,444.00/$25,254.56 | $125,444.00/$25,254.56 |
| 11/23/09 | 10/1/09 – 10/31/09 | $81,157.00/$25,412.27 | $81,157.00/$25,412.27 |
| 1/5/10 | 11/1/09 – 11/30/09 | $143,880.50/$38,302.66 | $143,880.50/$38,302.66 |
| 1/28/10 | 12/1/09 – 12/31/09 | $116,740.00/$34,922.61 | $116,740.00/$34,922.61 |
| 2/15/10 | 1/1/10 – 1/31/10 | $91,509.75/$16,493.68 | $91,509.75/$16,493.68 |
| 3/24/10 | 2/1/10 – 2/28/10 | $95,476.00/$25,763.13 | $95,476.00/$25,763.13 |
| 4/22/10 | 3/1/10 – 3/31/10 | $90,411.00/$27,486.03 | $90,411.00/$27,486.03 |
| 5/21/10 | 4/1/10 – 4/30/10 | $45,618.00/$12,056.68 | $45,618.00/12,056.68 |
| 6/30/10 | 5/1/10 – 5/31/10 | $73,857.50/$15,945.84 | $73,857.50/$15,945.84 |
| 7/28/10 | 6/1/10 – 6/30/10 | $108,945.25/$11,730.99 | $108,945.25/$11,730.99 |

[3] Allowance for compensation for such time is not requested in this application, but will be sought in a subsequent fee application.

2

| 8/23/10 | 7/1/10 – 7/31/10 | $112,383.50/$8,047.57 | $112,383.50/$8,047.57 |
|---|---|---|---|
| 10/1/10 | 8/1/10 – 8/31/10 | $106,822.75/$10,719.78 | $106,822.75/$10,719.78 |
| 10/22/10 | 9/1/10 – 9/30/10 | $135,167.75/$20,355.43 | $135,167.75/$20,355.43 |
| 11/17/10 | 10/1/10-10/31/10 | $86,345.00/$12,983.11 | $86,345.00/$12,983.11 |
| 12/27/10 | 11/1/10-11/30/10 | $112,526.25/$23,300.46 | $112,526.25/$23,300.46 |
| 1/27/11 | 12/1/10-12/31/10 | $93,371.00/$27,703.11 | $93,371.00/$27,703.11 |
| 2/18/11 | 1/1/11-1/31/11 | $118,982.50/$21,125.94 | $118,982.50/$21,125.94 |
| 3/25/11 | 2/1/11-2/28/11 | $103,660.50/$13,570.53 | $103,660.50/$13,570.53 |
| 5/6/11 | 3/1/11-3/31/11 | $89,865.00/$10,715.77 | $89,865.00/$10,715.77 |
| 5/31/11 | 4/1/11-4/30/11 | $158,013.50/$30,734.77 | $158,013.50/$30,734.77 |
| 6/23/11 | 5/1/11-5/31/11 | $104,089.00/$10,796.77 | $104,089.00/$10,796.77 |
| 7/28/11 | 6/1/11-6/30/11 | $180,369.00/$29,810.95 | $180,369.00/$29,810.95 |
| 8/16/11 | 7/1/11-7/31/11 | $114,729.00/$22,284.70 | $114,729.00/$22,284.70 |
| 10/13/11 | 8/1/11-8/31/11 | $118,295.50/$45,301.34 | $118,295.50/$45,301.34 |
| 10/26/11 | 9/1/11-9/30/11 | $98,823.50/$15,355.07 | $98,823.50/$15,355.07 |
| 11/22/11 | 10/1/11-10/31/11 | $100,158.50/$31,489.14 | $100,158.50/$31,489.14 |
| 12/30/11 | 11/1/11-11/30/11 | $80,313.50/$7,722.77 | $80,313.50/$7,722.77 |
| 1/23/12 | 12/1/11-12/31/11 | $48,411.50/$13,113.86 | $48,411.50/$13,113.86 |
| 2/28/12 | 1/1/12-1/31/12 | $73,182.00/$13,849.61 | $73,182.00/$13,849.61 |
| 4/12/12 | 2/1/12-2/29/12 | $68,897.50/$5,235.34 | $68,897.50/$5,235.34 |
| 4/25/12 | 3/1/12-3/31/12 | $64,376.00/$10,885.63 | $64,376.00/$10,885.63 |
| 5/21/12 | 4/1/12-4/30/12 | $54,678.50/$5,693.56 | $54,678.50/$5,693.56 |
| 7/10/12 | 5/1/12-5/31/12 | $59,010.00/$4,870.17 | $59,010.00/$4,870.17 |
| 8/8/12 | 6/1/12-6/30/12 | $58,033.50/$14,114.88 | $58,033.50/$14,114.88 |
| 8/24/12 | 7/1/12-7/31/12 | $70,600.50/$14,763.05 | $70,600.50/$14,763.05 |

| | | | |
|---|---|---|---|
| 10/11/12 | 8/1/12-8/31/12 | $78,911.50/$10,177.64 | $78,911.50/$10,177.64 |
| 10/24/12 | 9/1/12-9/30/12 | $56,163.00/$10,201.83 | $56,163.00/$10,201.83 |
| 11/20/12 | 10/1/12-10/31/12 | $68,908.50/$13,028.18 | $68,908.50/$13,028.18 |
| 12/20/12 | 11/1/12-11/30/12 | $64,019.50/$15,733.89 | $64,019.50/$15,733.89 |
| 1/15/13 | 12/1/12-12/31/12 | $45,698.00/$14,815.13 | $45,698.00/$14,815.13 |
| 2/28/13 | 1/1/13-1/31/13 | $66,088.00/$12,040.72 | $66,088.00/$12,040.72 |
| 4/1/13 | 2/1/13-2/28/13 | $77,357.00/$10,801.78 | $77,357.00/$10,801.78 |
| 4/10/13 | 3/1/13-3/31/13 | $80,496.50/$16,051.74 | $80,496.50/$16,051.74 |
| 5/21/13 | 4/1/13-4/30/13 | $134,164.50/$27,430.06 | $134,164.50/$27,430.06 |
| 6/19/13 | 5/1/13-5/31/13 | $122,922.50/$23,097.63 | $122,922.50/$23,097.63 |
| 7/15/13 | 6/1/13-6/30/13 | $76,554.50/$ 18,341.63 | $76,554.50/$ 18,341.63 |
| 8/22/13 | 7/1/13-7/31/13 | $77,966.00/$12,236.96 | $77,966.00/$12,236.96 |
| 9/13/13 | 8/1/13-8/31/13 | $90,503.00/$7,099.98 | $90,503.00/$7,099.98 |
| 10/15/13 | 9/1/13-9/30/13 | $96,516.50/$14,108.54 | $96,516.50/$14,108.54 |
| 11/18/13 | 10/1/13-10/31/13 | $112,894.50/$15,319.69 | $112,894.50/$15,319.69 |
| 12/19/13 | 11/1/13-11/30/13 | $104,876.50/$16,449.41 | $104,876.50/$16,449.41 |
| 1/16/14 | 12/1/13-12/31/13 | $61,550.50/$5,312.57 | $61,550.50/$5,312.57 |
| 2/11/14 | 1/1/14-1/31/14 | $118,050.00/$8,795.39 | $118,050.00/$8,795.39 |
| 3/24/14 | 2/1/14-2/28/14 | $85,669.50/$9,637.12 | $68,535.60/$9,637.12 |
| 4/29/14 | 3/1/14-3/31/14 | $123,022.50/$6,046.36 | $98,418.00/$6,046.36 |
| 5/22/14 | 4/1/14-4/30/14 | $173,525.50/8,027.16 | $138,820.40/$8,027.16 |
| 6/17/14 | 5/1/14-5/31/14 | $292,402.50/$29,949.74 | $233,922.00/$29,949.74 |

**COMPENSATION BY PROFESSIONAL**

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

June 1, 2014 through June 30, 2014

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Derek C. Abbott | Partner/Bankruptcy | $650 | 70.9 | $46,085.00 |
| Donna L. Culver | Partner/Bankruptcy | 635 | 1.7 | 1,079.50 |
| Eric D. Schwartz | Partner/Bankruptcy | 635 | 8.4 | 5,334.00 |
| Katherine H. Betterly | Special Counsel/Commercial | 510 | .6 | 306.00 |
| Ann Cordo | Associate/Bankruptcy | 500 | 131.1 | 65,550.00 |
| Tamara K. Minott | Associate/Bankruptcy | 380 | 30.3 | 11,514.00 |
| Renae M. Fusco | Paralegal | 250 | 15.9 | 3,975.00 |
| Angela R. Conway | Paralegal | 250 | 2.4 | 600.00 |
| Theresa M. Naimoli | Case Clerk | 145 | 4.5 | 652.50 |
| **Total** | | | **265.8** | **$135,096.00** |
| **GRAND TOTAL:** | **$135,096.00** | | | |
| **BLENDED RATE:** | **$508.26** | | | |

5

**COMPENSATION BY PROJECT CATEGORY**

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

June 1, 2014 through June 30, 2014

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 2.5 | $977.00 |
| Creditor Communications and Meetings | .5 | 190.00 |
| Fee Applications (MNAT- Filing) | 10.3 | 3,420.00 |
| Fee Applications (Others – Filing) | 22.9 | 8,983.50 |
| Fee Applications (MNAT- Objections) | 1.2 | 370.00 |
| Fee Applications (Others- Objections) | 9.1 | 2,873.00 |
| Court Hearings | 8.6 | 3,255.00 |
| Claims Objections and Administration | 3.8 | 1,308.00 |
| Litigation/Adversary Proceedings | 5.9 | 2,675.50 |
| Professional Retention (MNAT – Filing) | 1.2 | 417.00 |
| Professional Retention (Others – Filing) | .9 | 343.50 |
| Schedules/SOFA/U.S. Trustee Reports | .8 | 400.00 |
| Allocation | 198.1 | 109,883.50 |
| **TOTAL** | **265.8** | **$135,096.00** |

**EXPENSE SUMMARY**

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

June 1, 2014 through June 30, 2014

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Transcripts | | $175.45 |
| Photos/Art/ Spec Duplicating | Out of Office | 4,735.57 |
| Travel | | 101.60 |
| Meals | | 8,162.34 |
| Courier/Delivery Service | | 3,662.08 |
| Special Supplies | | 2,727.16 |
| In-House Duplicating | | 19,751.45 |
| Miscellaneous | | 240.00 |
| Support Staff Overtime | | 3,319.89 |
| Pacer | | 209.50 |
| Storage/Rent | | 337.00 |
| Trial Suite Rental/Equipment | | 60,900.00 |
| Conference Calls | | 4,002.52 |
| **Total of Expenses** | | **$108,324.56** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------X
*In re*

Nortel Networks Inc., *et al.,* [1]

                   Debtors.

-----------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**Objections Due:  August 4, 2014 at 4:00 p.m. (ET)**

## SIXTY-SIXTH INTERIM APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS DELAWARE AND GENERAL BANKRUPTCY COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD <u>JUNE 1, 2014 THROUGH JUNE 30, 2014</u>

Morris, Nichols, Arsht & Tunnell LLP ("<u>Morris Nichols</u>"), Delaware co-counsel

for Nortel Networks, Inc. and its affiliated debtors and debtors-in-possession in the above-

captioned cases (collectively, the "<u>Debtors</u>"), submits this application (the "<u>Application</u>") for

interim allowance of compensation for professional services rendered by Morris Nichols to the

Debtors for the period June 1, 2014 through June 30, 2014 (the "<u>Application Period</u>") and

reimbursement of actual and necessary expenses incurred by Morris Nichols during the

Application Period under sections 330 and 331 of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United

States Bankruptcy Court of the District of Delaware (the "<u>Local Rules</u>"), the United States

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order").[2]  In support of this Application, Morris Nichols represents as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2.      On January 14, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3.      On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

---

[2]      Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

## MORRIS NICHOLS' RETENTION

4.      Prior to the Petition Date, the Debtors engaged Morris Nichols as Delaware and General Bankruptcy Counsel in connection with these bankruptcy cases.   On February 4, 2009, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(a) and 1107(b), Fed. R. Bankr. P.2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Delaware and General Bankruptcy Counsel for the Debtors *nunc pro tunc* to the Petition Date (D.I. 220).

## FEE PROCEDURES ORDER

5.      On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.      In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month.  Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## RELIEF REQUESTED

7.      Morris Nichols submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Delaware and General Bankruptcy Counsel for the Debtors in these cases for the period from

3

June 1, 2014 through June 30, 2014, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8.      During the period covered by this Application, Morris Nichols incurred fees in the amount of $135,096.00.  For the same period, Morris Nichols incurred actual, reasonable and necessary expenses totaling $108,324.56.  With respect to these amounts, as of the date of this Application, Morris Nichols has received no payments.  Morris Nichols' fees for the Compensation Period are based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

9.      Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

10.     During the Application Period, with the aid of Morris Nichols and Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), the Debtors were successful in obtaining certain relief including, without limitation, (i) review and filing of various fee professionals' monthly fee applications; and (ii) review and distribution of professional fee reports. Additionally, Morris Nichols assisted Cleary Gottlieb with regards to the allocation litigation including, but not limited to, (i) coordinating trial logistics with the U.S. Court, Canadian Court and other Core Parties and (ii) reviewing and filing various motions and pleadings.

11.     Morris Nichols also responded to numerous inquiries by vendors, suppliers, creditors and other interested parties.

12.     **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

4

13.    **Exhibit B** attached hereto contains a breakdown of disbursements incurred by Morris Nichols during the Application Period.

14.    Morris Nichols charges $.10 per page for photocopying.

15.    Morris Nichols charges $1.00 per page for outgoing domestic facsimiles and does not charge for incoming facsimiles.

16.    Expenses for support staff overtime include charges for time spent by Morris Nichols' support staff outside of regular business hours completing tasks related to the allocation trial.    Morris Nichols employees oversaw all aspects of the construction and technological outfitting at the Bankruptcy Court to ensure that all technology and furniture installations made in connection with the allocation trial were suitable for the logistical requirements of the trial and consistent with the instructions of the Bankruptcy Court. Additionally, during the trial MNAT employees interfaced between the Court, counsel, court reporters and technology personal to ensure the technological aspects of the trial ran smoothly.

17.    Given the nature of the Allocation trial proceedings, it was necessary for the Debtors to set up a break out space/war room within the Bankruptcy Court building with printers and other technology and software to allow the Debtors to print exhibits and other necessary materials during the trial and to monitor the proceedings. Expenses for supplies include charges for outfitting and stocking the Debtors' break out space/war room.

18.    Additionally, Morris Nichols rented trial space in its building to serve as the working space for the trial team during the allocation trial.  This rental fee included IT and trial logistics staff support during regular business hours as well as equipment and supplies such as printers and copiers.

19.    In accordance with Local Rule 2016-2, Morris Nichols has reduced its

5

request for compensation for non-working travel, if any, to 50% of its normal rate.

20.     Morris Nichols has endeavored to represent the Debtors in the most expeditious and economical manner possible.  Tasks have been assigned to attorneys, paralegals, and other support staff at Morris Nichols so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Morris Nichols has endeavored to coordinate with Cleary Gottlieb and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors.  We believe we have been successful in this regard.

21.     No agreement or understanding exists between Morris Nichols and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

22.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

6

**WHEREFORE**, Morris Nichols respectfully requests that this Court: (a) allow Morris Nichols (i) interim compensation in the amount of $135,096.00 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period June 1, 2014 through June 30, 2014, and (ii) interim reimbursement in the amount of $108,324.56 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Morris Nichols the amount of $216,401.36 which is equal to the sum of 80% ($108,076.80) of Morris Nichols' allowed interim compensation and 100% ($108,324.56) of Morris Nichols' allowed expense reimbursement; and (c) grant such other and further relief as is just and proper.

Dated: July 15, 2014
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

   */s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Tamara K. Minott (No. 5643)
1201 North Market Street, 16th Floor
Wilmington, DE  19899-1347
Telephone:  302-658-9200
Facsimile:   302-658-3989

*Counsel for the Debtors and Debtors in Possession*

8384349.3

7