**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------------x | | **Chapter 11** |
| *In re* | : | **Case No. 09-10138 (KG)** |
| | : | **(Jointly Administered)** |
| **NORTEL NETWORKS, INC., et al.,**[1] | : | |
| | : | Hearing Date: |
| **Debtors.** | : | July 25, 2014 9:00 am |
| | : | Response Deadline: |
| ------------------------------------------------------------x | | July 22, 2014 4:00 pm |

**JOINDER OF SOLUS ALTERNATIVE ASSET MANAGEMENT LP AND MACQUARIE CAPITAL (USA) INC. IN BONDHOLDER PLEADING**

Solus Alternative Asset Management LP, on behalf of certain funds and managed accounts, and Macquarie Capital (USA) Inc. (collectively, the "7.875% Noteholders"), in their capacities as holders of certain senior unsecured debt securities due June 15, 2026 (the "7.875% Notes")[2] issued by Nortel Networks Limited f/k/a Northern Telecom Limited ("NNL") and Nortel Networks Capital Corporation f/k/a Northern Telecom Capital Corporation ("NNCC"), and guaranteed by NNL, in accordance with the Scheduling Order Re Interest Issues (D.I. 13910) (the "Scheduling Order"), file this joinder (the "Joinder") in the Opening Brief Of The Ad Hoc Group Of Bondholders, Law Debenture Trust Company Of New York, As Trustee, And The Bank Of New York Mellon, As Trustee, With Respect To Monitor's Request That The Court Determine Bondholder Entitlement To Post-Petition Interest And Additional Bondholder

---

[1] The Debtors in the above-captioned chapter 11 cases (the "Bankruptcy Cases"), along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769),Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortea Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226).

[2] The 7.875% Notes were issued pursuant to that certain Indenture dated February 15, 1996 (the "Indenture"). As of the petition date, the amount owing under the Indenture included $150,000,000 in principal and $984,375 in interest. See Proof of Claim No. 3946 filed in Bankruptcy Cases, as amended January 10, 2013.

Claims Issues Under U.S. Law, dated July 15, 2014 (as supplemented by the Supplemental Opening Brief Of Law Debenture Trust Company Of New York) (collectively, the "Bondholder Pleading"); join in the arguments set forth, and relief requested in, the Bondholder Pleading; reserve any and all rights to be heard in connection with the Bondholder Pleading, the Joinder, and any other pleading filed in connection with the Scheduling Order; and respectfully state as follows:

1. The 7.875% Noteholders respectfully submit (without needless repetition) that post-petition interest is payable on the 7.875% Notes in accordance with the specific terms bargained for in their contracts with the Debtors -- not at the federal judgment rate. Compare Official Comm. of Unsecured Creditors v. Dow Corning Corp. (In re Dow Corning Corp.), 456 F.3d 668, 679 (6th Cir. 2006) (finding plan that provided for post-petition interest at federal judgment rate was not fair and equitable: "absent compelling equitable considerations, when a debtor is solvent, it is the role of the bankruptcy court to enforce the creditors' contractual rights."), and In re Terry Ltd. Partnership, 27 F.3d 241, 243 (7th Cir. 1994) ("Despite its equity pedigree, bankruptcy is a procedure for enforcing pre-bankruptcy entitlements under specified terms and conditions rather than a flight of redistributive fancy. Creditors have a right to bargained for post-petition interest and bankruptcy judges are not empowered to dissolve rights in the name of equity."), with In re Cardelucci, 285 F. 3d 1231, 1234 (9th Cir. 2002) (finding phrase "legal rate" in section 726(a)(5) means federal judgment rate -- not rate determined by parties' contract or state law), and In re Washington Mut., 461 B.R. 200, 242 (Bankr. D. Del. 2011) (limiting post-petition interest to federal judgment rate), vacated in part on other grounds, 2012 WL 1563880 (Bankr. D. Del. Feb. 24, 2012).

2. The 7.875% Noteholders wish separately to highlight certain claims that are unique to the 7.875% Notes -- specifically claims arising from the Support Agreement executed by Nortel Networks Inc. f/k/a Northern Telecom Inc. ("NNI"), the direct parent of one of the

issuers of the 7.875% Notes (NNCC). The Support Agreement provides that "[a]t all times prior to the termination of this Agreement, NTI [NNI] shall cause the Company [NNCC] to have and to maintain a net worth of at least $1.00."[3] In other words, NNCC must remain solvent at all times and has a claim against NNI for whatever amount is required for NNCC to remain solvent. See, e.g., In re Chateaugay, 944 F.2d 997, 1008 (2d Cir. 1991) (recognizing that where "specific performance obligation[s] may be satisfied by an alternative right to payment … the specific performance creditor has a 'claim' in bankruptcy.").

       3.      When deciding whether unsecured creditors are entitled to post-petition interest, courts consider the debtor's solvency, noting that the absolute priority rule, incorporated into section 1129(b), requires full satisfaction of any and all unsecured claims -- including post-petition interest -- before any distributions are made to junior classes. See In re Dow Corning Corp., 456 F.3d at 679 (accepting argument that "to interpret the amended plan as not requiring the payment of default interest … would violate § 1129(b)'s fair and equitable standard."); In re Armstrong World Indus., Inc., 432 F.3d 507, 512 (3d Cir. 2005) (noting absolute priority rule is "codified as part of the fair and equitable requirement of 11 U.S.C. § 1129(b)."); Cardelucci, 285 F.3d at 1234 ("Where a debtor in bankruptcy is solvent, an unsecured creditor is entitled to interest at the legal rate from the date of the filing of the petition."); Debenture Holders Prot. Comm. v. Continental Inv. Corp., 679 F.2d 264, 269 (1st Cir. 1982) (examining whether Bankruptcy Act plan was fair and equitable: "[w]here the debtor is *solvent*, the bankruptcy rule is that where there is a *contractual* provision valid under state law, providing for interest on unpaid installments of interest, the bankruptcy court will enforce the contractual provision with respect to both installments due before and installments due after the petition was filed."); In re W.R. Grace & Co., 475 B.R. 34, 202 & n. 191 (D. Del. 2012) (finding Dow Corning

---

[3] See Ex. A attached hereto ("Support Agreement") at 1 (§ 2) ("Maintenance Of Net Worth")).

distinguishable because "debtor's solvency … was undisputed, whereas here, Grace's insolvency remains unknown.").

4. Through the Support Agreement, the parties intended to ensure that NNCC would remain solvent and at all times have the financial ability to satisfy its liabilities, particularly fixed-debt obligations like the 7.875% Notes. See Support Agreement at 1 (preamble explaining "WHEREAS, NTI [NNI] and the Company [NNCC] desire to provide certain assurances with respect to performance of [NNCC's] obligations in connection with [NNCC's] offer of debt securities … under an Indenture dated as of February 16, 1996."). The 7.875% Noteholders agree with the argument set forth in the Bondholder Pleading that a decision on the entitlement of unsecured creditors to post-petition interest is premature given the contingency of certain events, including a final determination of whether the Debtors have sufficient assets to pay post-petition interest.[4] Nonetheless, in making any determination concerning post-petition interest, the solvency of NNCC should be assumed because of the Support Agreement.

Dated: Wilmington, Delaware
       July 15, 2014

Respectfully submitted,

**PINCKNEY, WEIDINGER, URBAN & JOYCE LLC**

    */s/ Kevin M. Capuzzi*
Kevin M. Capuzzi (DE No. 5462)
1220 N. Market Street, Suite 950
Wilmington, DE 19801
    -and-
Susheel Kirpalani
James C. Tecce
Daniel Holzman
**QUINN, EMANUEL, URQUHART & SULLIVAN LLP**
52 Madison Avenue, 22nd Floor
New York, New York 10010

*Co-Counsel to Solus Alternative Asset Management LP and Macquarie Capital(USA) Inc.*

---

[4] Bondholder Pleading at 19-20 (¶ 37). See, e.g., id. at 19-21 (¶¶ 33-42)) ("The Bondholder Claims Issues are Premature and Unripe").