**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-10138 (KG) |
| NORTEL NETWORKS INC., *et al.,* | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Reply Deadline: July 22, 2014 4pm. |
| | ) | Hearing Date: July 25, 2014 10am |
| | ) | **Re Docket Nos. 14019, 14024, 14025,** |
| | ) | **14028, 14029, 14032** |

- and -

Court File No.  09-CL-7950

*ONTARIO*
**SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)**


**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,*
R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL
NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL
CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT,*
R.S.C. 1985, c. C-36, AS AMENDED**


**REPLY OF THE CANADIAN CREDITORS' COMMITTEE
(MOTION RE CROSS-OVER BONDS)**

**KOSKIE MINSKY LLP**
20 Queen Street West, Suite 900
Toronto, ON  M5H 3R3
Mark Zigler / Ari Kaplan / Jeff Van Bakel
Tel:  416.595.2090
Fax: 416.204.2877
Email:  mzigler@kmlaw.ca
          akaplan@kmlaw.ca
          jvanbakel@kmlaw.ca
Lawyers for the Canadian Former
Employees and Disabled Employees
through their court appointed
Representative

**UNIFOR**
Legal Department
205 Placer Court
Toronto, ON  M2H 3H9
Barry Wadsworth
Tel:    416.495.3750
Fax:    416.495.3786
Email: barry.wadsworth@unifor.org
Lawyers for Unifor

**SHIBLEY RIGHTON LLP**
**w/ NELLIGAN O'BRIEN PAYNE LLP**
Barristers and Solicitors
250 University Avenue, Suite 700
Toronto, ON   M5H 3E5
Arthur O. Jacques/ Thomas McRae
Co-Counsel: Janice Payne / Steve Levitt
Tel:    416.214.5213/5206
Fax:    416.214.5413/5400
Email: arthur.jacques@shibleyrighton.com
          thomas.mcrae@shibleyrighton.com
Lawyers for active and transferred
employees of Nortel Canada

**McCARTHY TETRAULT LLP**
TD Bank Tower, Suite 5300
Toronto Dominion Centre 66
Wellington Street West
Toronto, ON  M5K 1E6
R. Paul Steep / Elder C. Marques /
Byron Shaw
Tel:  416.601.7998
Fax: 416.868.0673
Email:  psteep@mccarthy.ca
          emarques@mccarthy.ca
          bdshaw@mccarthy.ca
Lawyers for Monreau Shepell Ltd., as
administrator of the Nortel Canada
registered pension plans

**PALIARE ROLAND ROSENBERG**
**ROTHSTEIN LLP**
155 Wellington Street West, 35th Floor
Toronto, ON  M5V 3H1 CANADA
Ken Rosenberg / Lily Harmer /
Massimo Starnino
Tel:  416-646.4300
Fax: 416.646.4301
Email:  ken.rosenberg@paliareroland.com
          lily.harmer@paliareroland.com
          max.starnino@paliareroland.com
Lawyers for the Superintendent of
Financial Services as Administrator of the
Pension Benefits Guarantee Fund

**DLA PIPER LLP (US)**

1201 North Market Street, Suite 2100
Wilmington, Delaware 19801 USA
Selinda A. Melnik (DE 4032)
Tel:  302.468.5650
Timothy Hoeffner (*admitted pro hac vice*)
Tel:  212..335.4841
Email:  selinda.melnik@dlapiper.com
          timothy.hoeffner@dlapiper.com
Counsel for the Canadian Creditors
Committee

**A.      Joinder in the Monitor's Response**

1.      The CCC repeats and relies upon the Monitor's responding submissions to the various propositions put forward by (i) the US Debtors, (ii) the Official Committee of Unsecured Creditors (the "Committee"), (iii) Law Debenture Trust Company of New York ("Law Debenture"), (iv) the ad hoc group of bondholders, Law Debenture, and the Bank of New York Mellon (the "Ad Hoc Bondholder Group"),  and (v) Solus Alternative Asset Management LP and Macquarie Capital (USA) Inc. ("Solus/Macquarie," and, together with the Committee and the Ad Hoc Bondholder Group, the "Crossover Bondholders", and together with the US Debtors and the Committee the "US Interests").

**B.      Reply to Standing Issues Raised Against the CCC in the Chapter 11 Proceedings**

2.      The U.S. interests' assertion that the CCC has no standing to submit pleadings and be heard in the U.S. cases on the cross-over bonds' entitlement to more than principal and pre-petition interest (the "Cross-Over Bonds Issue") is wholly without merit. The creditors represented by the CCC have a direct, practical stake in, and may be adversely affected by, the outcome of the dispute, entitling the CCC to independent standing as a party in interest in the U.S. Debtors' cases under Bankruptcy Code section1109(b).  As counsel for the U.S. Debtors framed the issue: "*In some respects it is an issue between the Bondholders and the Canadian Debtors.  But frankly, it is more an issue between the Bondholders and the CCC.*"  Transcript of June 24, 2014, joint hearing (hereinafter "June 24 Hearing"), at 5113, lines 6 through 9.[1]  Finally, there is

---

[1]  Excerpts of the June 24 Hearing Transcript cited herein are included in Appendix A hereto.

absolutely no justification for the CCC to not have the same standing in the U.S. Debtors' cases as the UCC has in the Canadian Debtors' cases.

3.      The CCC qualifies as an independent party in interest entitled to appear and be heard in the U.S. Debtors' cases under the law of this District.   *See Unofficial Committee of Zero Coupon Noteholders  v. The Grand Union Company,* 179 B.R. 56 (D. Del. 1995)(McKelvie, D.J.), in which the Delaware District Court expressly held that creditors of a debtor's parent and sole equity holder who may receive nothing under the debtor's plan have a sufficient, practical stake in the outcome of the debtor's chapter 11 case to be a party in interest as defined by the Third Circuit entitled to appear and be heard therein under Bankruptcy Code section 1109(b) despit having no direct claim against the debtor. [2]

4.      As Justice Newbould noted in his bench decision setting the Cross-Over Bonds Issue for briefing and hearing:[3]

> The success or failure of the bondholders' claim for interest will have an important and large effect on the Canadian Estate and on the claims of the pensioners and of the disability claimants.  The sooner that is decided the better.

---

[2]  *Unofficial Committee of Zero Coupon Noteholders  v. The Grand Union Company,* 179 B.R. 56 (D. Del. 1995), *citing In re Amatex Corp.,* 755 F.2d 1034, 1042 (3d Cir. 1985) as defining a "party in interest" under Bankruptcy Code section 1109(b) as one who "*has sufficient stake in the proceedings as to require representation"*. *Grand Union* was decided by the Delaware District Court after the Delaware Bankruptcy Court's decision in *In re Lifeco Inv. Grp. Inc*, 173 B.R. 478, 487-88 (Bankr. D. Del. 1994), cited by the Ad Hoc Bondholders Group, Law Debenture Trust Company of New York, as Trustee, and The Bank of New York Mellon, as Trustee, in paragraph 31 of their Opening Brief on the Cross-Over Bonds Issue [D.I. 14025] as finding "no statutory or judicial support to conclude that a creditor of a creditor has standing in a bankruptcy case."

[3]  June 24 Hearing TR at page 5098, line 25 through page 5099, lines 1 through 5, included in Appendix A hereto..

5.     The CCC should be treated no differently in the U.S. Debtors' cases than the UCC is and has been treated in the Canadian Debtors' cases.  In their Brief at footnote 4, the U.S. Debtors advise the Court that the UCC has standing to appear and be heard in the Canadian Debtors' cases by virtue of the Cross-Border Protocol approved by the Courts six months post-filing in June 2009.  The UCC has such standing *despite* the fact that the UCC's interests in the Canadian cases are no less "derivative" of the U.S. Debtors' interests in those cases than the U.S. Debtors claim the CCC's interests are of the Canadian Debtors' interests in the U.S. Debtors' cases.

6.     The Cross-Border Protocol was entered into before the CCC was formed.  In the interest of not increasing the fees being incurred in these cases, the CCC did not seek to appear, submit pleadings or be heard in disputes in the U.S. Debtors' cases until the Allocation Proceeding.  The CCC should not be penalized for acting in the best interests of all creditors.

7.     There is absolutely no justifiable basis to treat representative creditor bodies differently in these intimately intertwined, interdependent cross-border insolvency cases, particularly where their affiliated insolvency estates claim interest in one another.  On that basis alone the CCC should be granted standing in the U.S. cases, for all purposes.

8.     The U.S. Debtors' continual mischaracterization of the CCC in contrast to the UCC should not impede their equal treatment.  In their Brief at paragraph 5, the U.S. Debtors characterize the CCC as "an ad hoc group of representatives of certain employee and employee benefits creditors asserting direct claims solely against the Canadian parent and certain Canadian affiliates " – with obvious implications -- without

advising the Court that, as the U.S. Debtors well know: (i) pursuant to applicable law, there *is* no official creditors committee provided for in the Canadian cases; (ii) three of the CCC members were appointed by the Ontario Superior Court of Justice as *official* representatives of key creditor groups of the Canadian Debtors – former employees including pensioners and survivors, disabled employees, and continuing and transferred employees, who have been denied promised compensation for their service to Nortel, and who have suffered at a very human level as a result of the delay in these cases; and (iii) the remaining CCC members similarly have fiduciary duties -- the Superintendent of Financial Services as Administrator of the Pension Benefits Guarantee Fund, the Administrator of the Nortel Canada registered pension plans, and UNIFOR, the union representing Nortel employees..

Dated:  July 22, 2014
         Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

By:  */s/   Selinda A. Melnik*
Selinda A. Melnik (DE Bar ID 4032)
Timothy Hoeffner (*admitted pro hac vice*)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Tel: 302-468-5650
Email:  selinda.melnik@dlapiper.com
         timothy.hoeffner@dlapiper.com

*Counsel for the Canadian Creditors Committee*