**EXHIBIT B**

Execution Version

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : Jointly Administered
:
---------------------------------------------------------X

**STIPULATION RESOLVING CLAIMS BY AND BETWEEN
UNITED STATES DEBT RECOVERY VIII, L.P. AND NORTEL NETWORKS INC.**

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. (the "Nortel Debtor") and United States Debt Recovery VIII, L.P. (the "Claimant", and together with the Nortel Debtor, the "Parties") as transferee from Hellmuth, Obata & Kassabaum, Inc. ("Hellmuth") and Slash Support, Inc. ("Slash Support"), as applicable. The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), the Nortel Debtor and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq.com/nortel.

1

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about February 25, 2009, Slash Support filed proof of claim number 403 for services rendered in the amount of $1,045,970.29 as a general unsecured claim ("Claim No. 403"); and

WHEREAS, the Debtors list an unsecured claim held by Hellmuth in the amount of $527,168.64 (the "Hellmuth Scheduled Claim") in their schedules of assets and liabilities filed with the Bankruptcy Court (as amended, the "Schedules"); and

WHEREAS, on or about September 29, 2009, Hellmuth filed proof of claim number 4783 for services rendered in the amount of $507,103.18 as a general unsecured claim ("Claim No. 4783"); and

WHEREAS, on or about December 21, 2010, Slash Support transferred Claim No. 403 to the Claimant pursuant to the terms and conditions set forth in that certain Transfer of Claim agreement by and between Slash Support and the Claimant [D.I. 4661] (the "Claim No. 403 Transfer Agreement"); and

WHEREAS, on or about February 2, 2011, Hellmuth transferred Claim No. 4783 to the Claimant pursuant to the terms and conditions set forth in that certain Transfer of Claim agreement by and between Hellmuth and the Claimant [D.I. 4847] (the "Claim No. 4783 Transfer Agreement"); and

WHEREAS, on or about February 25, 2009, the Claimant, as assignee of Hellmuth filed proof of claim number 7616, amending Claim No. 4783, for services rendered in the amount of

$527,168.64 as a general unsecured claim ("Claim No. 7616", and together with Claim No. 403, the Hellmuth Scheduled Claim and Claim No. 4783, the "Claims"); and

WHEREAS, on June 7, 2011, Claim No. 4783 was expunged pursuant to this Court's Order Granting Debtors Nineteenth Omnibus Objection (Substantive) to Certain Claims (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims) [D.I. 5623]; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claims, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that Claim No. 403 should be allowed as a general unsecured claim in the amount of $1,045,970.29 and Claim No. 7616 should be allowed as a general unsecured claim in the amount of $527,168.64.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Resolution of Claims. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation:

(a) Claim No. 403 shall be an allowed general unsecured claim by the Claimant against the Nortel Debtor in the amount of $1,045,970.29.

(b) Claim No. 7616 shall be an allowed general unsecured claim by the Claimant against the Nortel Debtor in the amount of $527,168.64.

(c) The allowance of Claim No. 403 and Claim No. 7616 as described in paragraphs 1(a) and 1(b) shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Claims and shall amend and supersede any and all claim amounts the Debtors list in their Schedules arising from or related to the facts underlying the Claims,

3

including, without limitation, the Hellmuth Scheduled Claim. The Claimant shall not have any further claims against the Debtors, based on the Debtors' scheduling of the Claims, including, without limitation, based upon the Hellmuth Scheduled Claim. However, in the event that any person who transferred, directly or indirectly, a Claim to the Claimant is determined, by Bankruptcy Court Order or by agreement of such person, the Debtors and/or the Claimant, to hold, with respect to such Claim, a valid claim (as claim is defined in section 101(5) of the Bankruptcy Code), including with respect to a claim listed in the Schedules, against the Debtors, nothing herein shall affect the Debtors' right (if any) upon notice to the Claimant to reduce, reclassify and/or disallow the Claimant's allowed Claim (and any distribution thereon) correspondingly.

2. Release.

(a) Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, the Claimant releases and forever discharges the Debtors and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorneys' fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which the Claimant now has or hereafter may have arising from or related to the Claims.

(b) **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, THE CLAIMANT FURTHER ACKNOWLEDGES AND EXPRESSLY WAIVES THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE**

**CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.**

3. <u>No Further Claims</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, the Claimant shall be forever barred from (i) amending the Claims or (ii) filing or otherwise asserting any further claim arising from or relating to the Claims, or the facts underlying the Claims, against any of the Debtors in the Debtors' chapter 11 cases.  The Claimant and certain of its other related subsidiaries still hold claims against the Debtors unrelated to the Claims addressed herein and based on separate facts and separate debtor-creditor relationships, and such claims shall be unaffected by this Stipulation.

4. <u>Entire Claim</u>.  The Claimant represents that, with respect to the Claims, the Claimant owns the entirety of the claims (as claim is defined in section 101(5) of the Bankruptcy Code) asserted in such Claims, including all claims listed in the Schedules arising from or related to the facts underlying such Claims (e.g., Claimant has <u>not</u> purchased only a portion of a Claim, leaving the transferor of the Claim still holding a portion of such Claim).

5. <u>Binding Effect</u>.  This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' chapter 11 cases.

6. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized written agreement between the Parties.

7. <u>No Transfer to a Third Party</u>.  The Claimant represents that it has not sold, assigned or otherwise transferred the Claims or any of the claims being released pursuant to this Stipulation to a third party, including to Slash Support or Hellmuth.

8. <u>No Transfer to Prior Owner</u>.  The Claimant agrees that it shall not sell, assign or otherwise transfer Claim No. 403 to Slash Support, or Claim No. 7616 or the Hellmuth Scheduled Claim to Hellmuth, in part or as a whole, either pursuant to the terms and conditions of the Claim No. 403 Transfer Agreement or the Claim No. 4783 Transfer Agreement, as applicable, or otherwise.

9. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claims.

10. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

11. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

12. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

13. <u>Court Approval</u>.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claims and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claims or that they have any liability thereunder.

Execution Version

14. <u>Claims Register</u>.  The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

[*Remainder of Page Left Intentionally Blank*]

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: 5-27-14

Nortel Networks Inc.

By: _____

Name: John J. Ray, III
Title: Principal Officer

United States Debt Recovery VIII, L.P.

By: *[signature]*

Name: Nathan E. Jones
Title: Managing Director

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: June 9, 2014

| Nortel Networks Inc. | United States Debt Recovery VIII, L.P. |
|---|---|
| By: *[signature]* | By: _____ |
| Name: John J. Ray, III | Name: |
| Title: Principal Officer | Title: |