## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
:

| | |
|---|---|
| In re | : Chapter 11 |
| | : Case No. 09-10138 (KG) |
| Nortel Networks Inc., <u>et al.</u>,[1] | : Jointly Administered |
| | : |
| Debtors | : <u>Objection Deadline:</u> August 14, 2014 at 4:00 pm (ET) |
| | : <u>Hearing Date:</u> Scheduled only if necessary |

-------------------------------------------------------X

## SIXTY-FOURTH MONTHLY APPLICATION OF CAPSTONE ADVISORY GROUP, LLC, FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM <u>MAY 1, 2014 THROUGH MAY 31, 2014</u>

| | |
|---|---|
| Name of Applicant: | Capstone Advisory Group, LLC |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | March 5, 2009 *nunc pro tunc* to January 26, 2009 |
| Period for which Compensation and reimbursement is sought: | May 1, 2014 Through May 31, 2014 |
| Amount of compensation sought as actual, reasonable and necessary: | $428,047.20 (80% of $535,059.00) |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $8,363.74 |

This is an:  <u> x </u> monthly  ___ interim  ___ final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, re: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

The total time expended for fee application preparation is approximately 28.90 hours and the corresponding compensation requested is $11,141.00.

**Attachment A - Prior Monthly Applications Filed:**

| | | | *Application* | | *CNO* | |
|---|---|---|---|---|---|---|
| Date Filed | Docket No. | Period Covered | Total Fees | Expenses | Date | Docket No. |
| 3/20/2009 | 514 | 1/26/09 to 2/28/09 | $  631,741.50 | $ 48,547.70 | 4/13/2009 | 597 |
| 5/4/2009 | 694 | 3/1/09 to 3/31/09 | $  544,016.50 | $  5,537.11 | 5/28/2009 | 796 |
| 6/8/2009 | 862 | 4/1/09 to 4/30/09 | $  580,910.50 | $ 21,010.89 | 7/2/2009 | 1033 |
| 7/2/2009 | 1032 | 5/1/09 to 5/31/09 | $  632,663.00 | $ 32,855.89 | 7/24/2009 | 1163 |
| 8/18/2009 | 1341 | 6/1/09 to 6/30/09 | $  568,135.00 | $ 20,526.57 | 9/11/2009 | 1479 |
| 9/8/2009 | 1440 | 7/1/09 to 7/31/09 | $  559,132.00 | $ 30,532.13 | 10/8/2009 | 1642 |
| 9/25/2009 | 1555 | 8/1/09 to 8/31/09 | $  604,170.50 | $ 27,108.99 | 10/19/2009 | 1697 |
| 11/11/2009 | 1878 | 9/1/09 to 9/30/09 | $  710,297.00 | $ 24,739.87 | 12/8/2009 | 2097 |
| 11/24/2009 | 1982 | 10/1/09 to 10/30/09 | $  661,183.50 | $ 41,360.46 | 12/17/2009 | 2171 |
| 1/20/2010 | 2303 | 11/1/09 to 11/30/09 | $  676,130.50 | $ 39,026.52 | 2/12/2010 | 2414 |
| 2/9/2010 | 2395 | 12/1/09 to 12/31/09 | $  566,660.50 | $ 31,179.16 | 3/3/2010 | 2629 |
| 2/24/2010 | 2519 | 1/1/10 to 1/31/10 | $  638,996.00 | $ 43,469.11 | 3/30/2010 | 2805 |
| 3/30/2010 | 2807 | 2/1/10 to 2/28/10 | $  675,136.00 | $ 24,001.07 | 5/18/2010 | 3012 |
| 4/27/2010 | 2921 | 3/1/10 to 3/31/10 | $  961,808.50 | $ 45,153.82 | 5/19/2010 | 3019 |
| 5/28/2010 | 3089 | 4/1/10 to 4/30/10 | $  745,398.00 | $ 28,337.05 | 6/22/2010 | 3208 |
| 6/29/2010 | 3236 | 5/1/10 to 5/31/10 | $  625,624.50 | $ 19,479.47 | 7/21/2010 | 3717 |
| 8/20/2010 | 3806 | 6/1/10 to 6/30/10 | $  580,135.00 | $ 13,183.92 | 9/13/2010 | 3933 |
| 8/31/2010 | 3849 | 7/1/10 to 7/31/10 | $  472,341.50 | $ 11,658.33 | 9/22/2010 | 3995 |
| 10/12/2010 | 4145 | 8/1/10 to 8/31/10 | $696,506.00 | $14,821.73 | 11/3/2010 | 4238 |
| 11/17/2010 | 4343 | 9/1/10 to 9/30/10 | $666,451.50 | $23,463.81 | 12/10/10 | 4570 |

| Date Filed | Docket No. | Period Covered | Total Fees | Expenses | Date | Docket No. |
|---|---|---|---|---|---|---|
| | | | *Application* | | *CNO* | |
| 11/23/2010 | 4407 | 10/1/2010 to 10/31/2010 | $708,284.00 | $12,971.63 | 12/16/10 | 4614 |
| 1/12/2011 | 4719 | 11/1/2010 to 11/30/2010 | $813,911.50 | $13,511.59 | 2/7/11 | 4861 |
| 2/21/2011 | 4961 | 12/1/2010 to 12/31/2010 | $541,238.00 | $8,551.61 | 3/16/11 | 5114 |
| 2/28/2011 | 5021 | 1/1/2011 to 1/31/2011 | $  593,186.50 | $5,604.73 | 3/23/11 | 5157 |
| 4/7/2011 | 5231 | 2/1/2011 to 2/28/2011 | $  478,652.00 | $24,386.78 | 4/29/11 | 5352 |
| 5/10/2011 | 5406 | 3/1/2011 to 3/31/2011 | $  623,657.50 | $8,213.02 | 6/2/11 | 5578 |
| 5/24/2011 | 5477 | 4/1/2011 to 4/30/2011 | $  553,128.50 | $ 5,862.59 | 6/15/11 | 5732 |
| 6/27/2011 | 5815 | 5/1/2011 to 5/31/2011 | $  454,121.00 | $ 5,101.34 | 7/20/11 | 5996 |
| 8/9/2011 | 6114 | 6/1/2011 to 6/30/2011 | $  591,000.50 | $ 6,473.29 | 9/2/11 | 6301 |
| 8/26/11 | 6238 | 7/1/2011 to 7/31/2011 | $  441,885.50 | $ 2,074.18 | 9/19/11 | 6401 |
| 10/14/11 | 6622 | 8/1/2011 to 8/31/2011 | $  437,943.50 | $ 2,870.83 | 11/8/11 | 6727 |
| 11/10/11 | 6741 | 9/1/2011 to 9/30/2011 | $  442,933.50 | $ 27,266.03 | 12/2/11 | 6904 |
| 11/23/11 | 6858 | 10/1/2011 to 10/31/2011 | $  304,735.50 | $ 1,503.93 | 12/15/11 | 6998 |
| 1/13/2012 | 7095 | 11/1/2011 to 11/30/2011 | $  264,604.00 | $ 4,214.72 | 2/6/12 | 7161 |
| 2/8/2012 | 7189 | 12/1/2011 to 12/31/2011 | $  230,549.00 | $ 4,298.97 | 3/1/12 | 7328 |
| 2/27/2012 | 7279 | 1/1/2012 to 1/31/2012 | $  222,897.00 | $ 651.94 | 3/21/12 | 7419 |
| 3/26/2012 | 7452 | 2/1/2012 to 2/29/2012 | $  227,168.00 | $ 550.83 | 4/18/12 | 7563 |
| 5/1/2012 | 7600 | 3/1/2012 to 3/31/2012 | $  284,856.00 | $ 5,649.92 | 5/23/12 | 7682 |
| 5/30/2012 | 7729 | 4/1/2012 to 4/30/2012 | $  244,956,50 | $ 4,004.80 | 6/22/12 | 7895 |
| 7/12/2012 | 7994 | 5/1/2012 to 5/31/2012 | $  206,773.00 | $ 2,024.43 | 8/3/12 | 8099 |
| 8/15/2012 | 8182 | 6/1/2012 to 6/30/2012 | $  249,959.50 | $ 3,225.32 | 9/6/12 | 8411 |
| 8/27/2012 | 8331 | 7/1/2012 to 7/31/2012 | $  176,486.00 | $ 3,432.35 | 9/19/12 | 8551 |
| 10/9/2012 | 8667 | 8/1/2012 to 8/31/2012 | $  250,985.00 | $ 3,463.59 | 11/6/12 | 8892 |
| 11/9/2012 | 8918 | 9/1/2012 to 9/30/2012 | $  197,645.50 | $ 3,117.37 | 12/3/12 | 9050 |
| 11/20/2012 | 8978 | 10/1/2012 to 10/31/2012 | $  163,408.80 | $ 2,164.86 | 12/13/12 | 9118 |

| | Application | | | | CNO | |
|---|---|---|---|---|---|---|
| Date Filed | Docket No. | Period Covered | Total Fees | Expenses | Date | Docket No. |
| 1/3/2013 | 9233 | 11/1/2012 to 11/30/2012 | $ 152,940.50 | $ 336.44 | 1/25/13 | 9339 |
| 1/24/2013 | 9334 | 12/1/2012 to 12/31/2012 | $ 134,142.00 | $ 4,940.98 | 2/15/13 | 9449 |
| 2/22/2013 | 9493 | 1/1/2013 to 1/31/2013 | $ 332,487.50 | $ 13,849.89 | 3/19/13 | 9691 |
| 4/11/2013 | 10050 | 2/1/2013 to 2/28/2013 | $ 118,765.50 | $ 289.34 | 5/6/13 | 10456 |
| 5/22/2013 | 10619 | 3/1/2013 to 3/31/2013 | $ 198,868.00 | $ 387.83 | 6/14/13 | 10912 |
| 5/28/2013 | 10674 | 4/1/2013 to 4/30/2013 | $ 280,122.00 | $ 5,628.98 | 6/20/13 | 10949 |
| 8/16/2013 | 11392 | 5/1/2013 to 5/31/2013 | $ 419,417.50 | $ 8,423.53 | 9/12/13 | 11600 |
| 8/21/2013 | 11410 | 6/1/2013 to 6/30/2013 | $ 253,705.50 | $ 45.37 | 9/13/13 | 11606 |
| 8/26/2013 | 11445 | 7/1/2013 to 7/31/2013 | $ 218,423.00 | $ 3,047.25 | 9/19/13 | 11727 |
| 10/24/2013 | 12112 | 8/1/2013 to 8/31/2013 | $ 164,476.00 | $ 0.00 | 11/15/13 | 12403 |
| 11/27/2013 | 12526 | 9/1/2013 to 9/30/2013 | $ 352,718.50 | $ 3,505.49 | 12/19/13 | 12684 |
| 11/27/2013 | 12533 | 10/1/2013 to 10/31/2013 | $ 467,713.00 | $ 121.48 | 12/19/13 | 12685 |
| 2/14/2014 | 12969 | 11/1/2013 to 11/30/2013 | $ 519,676.00 | $ 3,092.09 | 3/10/14 | 13135 |
| 2/26/2014 | 13054 | 12/1/2013 to 12/31/2013 | $ 469,207.00 | $ 2,542.12 | 3/20/14 | 13201 |
| 2/28/2014 | 13082 | 1/1/2014 to 1/31/2014 | $ 576,306.50 | $ 3,956.52 | 3/24/14 | 13224 |
| 04/9/2014 | 13310 | 2/1/2014 to 02/28/2014 | $ 571,837.00 | $ 273.60 | 5/2/14 | 13359 |
| 5/21/2014 | 13615 | 3/1/2014 to 3/31/2014 | $ 562,367.00 | $ 8,329.37 | 6/12/14 | 13822 |
| 5/29/2014 | 13709 | 4/1/2014 to 4/30/2014 | $ 523,779.50 | $ 5,669.03 | 6/23/14 | 13891 |

**ATTACHMENT B**
**Nortel Networks Inc., et al.**
**Capstone Advisory Group, LLC**
**Summary of Fees by Professional by Service Line by Month**
**For the period 5/1/2014 through 5/31/2014**

| Professional | Position | 2014 Billing Rate | 5/1/14 - 5/31/14 | |
|---|---|---|---|---|
| | | | Hours | Fees |
| C. Kearns | Executive Director | $875 | 46.8 | $40,950.00 |
| J. Borow | Executive Director | $875 | 111.1 | $97,212.50 |
| J. Hyland | Executive Director | $660 | 224.1 | $147,906.00 |
| N. Haslun | Managing Director | $635 | 178.6 | $113,411.00 |
| M. Dansky | Executive Director | $625 | 1.9 | $1,187.50 |
| A. Cowie | Managing Director | $600 | 177.1 | $106,260.00 |
| B. Kullberg | Managing Director | $525 | 4.9 | $2,572.50 |
| B. Frizzell | Director | $440 | 50.3 | $22,132.00 |
| M. Desalvio | Research | $195 | 4.5 | $877.50 |
| B. Park | Research | $125 | 6.0 | $750.00 |
| J. Blum | Paraprofessional | $120 | 10.1 | $1,212.00 |
| M. Haverkamp | Paraprofessional | $120 | 4.9 | $588.00 |
| **Total for the Period 5/1/14 through 5/31/14** | | | **820.30** | **$535,059.00** |

| **Blended Rate** | |
|---|---|
| Grand Total: | $535,059.00 |
| Total Hours: | 820.30 |
| **Blended Rate** | $652.27 |

**ATTACHMENT C**
**Nortel Networks Inc., et al.**
**Capstone Advisory Group, LLC**
**Expense Summary**
**For the period 5/1/2014 through 5/31/2014**

| Expense Report | |
|---|---:|
| Airfare/ Train | $4,883.14 |
| Auto Rental/Taxi | $270.81 |
| Hotel | $1,825.95 |
| Meals | $232.79 |
| Mileage | $33.60 |
| Telecom | $1,117.45 |
| **Total** | **$8,363.74** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
                                                    :
In re                                               :    Chapter 11
                                                    :    Case No. 09-10138 (KG)
Nortel Networks Inc., <u>et al.</u>,[1]             :    Jointly Administered
                                                    :
                                    Debtors          :    <u>Objection Deadline:</u> **August 14, 2014 at 4:00 pm (ET)**
                                                    :    <u>Hearing Date:</u> **Scheduled only if necessary**
---------------------------------------------------------X

**SIXTY-FOURTH MONTHLY APPLICATION OF CAPSTONE ADVISORY GROUP,**
**LLC, FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF**
**COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES**
**FOR SERVICES RENDERED DURING THE PERIOD FROM**
<u>**MAY 1, 2014 THROUGH MAY 31, 2014**</u>

Capstone Advisory Group, LLC ("Capstone"), financial advisor for the Official

Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors"), submits this application (the "Application")

pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"),

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2

of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court

of the District of Delaware (the "Local Rules"), the *Administrative Order Pursuant to 11 U.S.C.*

*§§ 105(a) and 331, Fed. R. Bnkr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

*for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members* (the "<u>Administrative Fee Order</u>"), entered February 4, 2009, and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "<u>U.S. Trustee Guidelines</u>") seeking (a) the allowance of reasonable compensation for professional services rendered by Capstone to the Committee during the period May 1, 2014 through May 31, 2014 (the "<u>Fee Period</u>") and (b) reimbursement of actual and necessary charges and disbursements incurred by Capstone during the Fee Period in the rendition of required professional services on behalf of the Committee.  In support of this Application, Capstone represents as follows:

## JURISDICTION

1.     This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory bases for the relief requested herein are sections 1103 and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2.     On January 14, 2009 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief (the "<u>U.S. Proceeding</u>") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

3.     The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 15, 2009, the Court entered an order for the joint administration of these cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only.

4.      On January 14, 2009, the Debtors' ultimate corporate parent, Nortel Networks Corporation, together with Nortel Networks Limited ("NNL") and certain of their Canadian affiliates (collectively, the "Canadian Debtors") commenced a proceeding (the "Canadian Proceeding") before the Ontario Superior Court of Justice (the "Canadian Court") for a plan of compromise or arrangement under the Canadian Companies' Creditors Arrangement Act ("CCAA").  The Canadian Debtors continue to operate their businesses and manage their properties under the supervision of the Canadian Court and Ernst & Young Inc. as monitor (the "Monitor").

5.      On January 14, 2009, the High Court of Justice in England placed nineteen of the Debtors' European affiliates (collectively, the "EMEA Debtors" and, together with the Debtors and the Canadian Debtors, the "Nortel Debtors") into administration (the "European Proceeding" and together with the U.S. Proceeding and Canadian Proceeding, the "Insolvency Proceedings") under the control of individuals from Ernst & Young LLC (the "U.K. Administrators").

6.      On January 22, 2009 (the "Committee Formation Date"), pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "US Trustee") appointed the Committee.  The Committee currently consists of three members, as follows: (i) Law Debenture Trust Company of New York, as indenture trustee; (ii) Pension Benefit Guaranty Corporation; and (iii) The Bank of New York Mellon, as indenture trustee.  No trustee or examiner has been appointed in these chapter 11 cases.

7.      At a meeting of the Committee on January 26, 2009, the Committee duly voted to retain Capstone as its financial advisor in connection with the U.S. Proceeding.

8.    On March 5, 2009, this Court entered an order authorizing the retention of

Capstone as financial advisor to the Committee, *nunc pro tunc* to January 26, 2009.

## FEE PROCEDURES ORDER

9.    On February 4, 2009, this Court signed the Administrative Fee Order.

Pursuant to the Administrative Fee Order, after the first day of each month (the "Fee Filing

Period") following the month for which compensation is sought (the "Compensation Period"),

each Professional seeking interim compensation may file with the Court a monthly application

(each a "Monthly Fee Statement") pursuant to section 331 of the Bankruptcy Code for interim

approval and allowance of compensation for services rendered and reimbursement of expenses

during the Compensation Period.  Each Notice Party shall have twenty (20) days after service

of a Monthly Fee Statement to review the Monthly Fee Statement and object thereto (the

"Objection Deadline").   Upon the expiration of the Objection Deadline: (i) if no objections

have been filed, the Professional shall file a certificate of no objection and the Debtors shall

then be authorized to pay such Professional eighty percent (80%) of the fees and one hundred

percent (100%) of the expenses requested in the Monthly Fee Statement (the "Maximum

Interim Payment") or (ii) if an objection to a Monthly Fee Statement has been filed, the

Professional shall be entitled to eighty percent (80%) of the fees and one hundred percent

(100%) of the expenses (the "Permitted Incremental Payment") not subject to that objection.

## RELIEF REQUESTED

10.    Capstone respectfully requests that it be allowed on an interim basis (i)

fees in the amount of $535,059.00 for reasonable, actual and necessary services rendered by

Capstone on behalf of the Committee during the Fee Period and (ii) reimbursement in the

amount of $8,363.74 for actual, reasonable and necessary expenses incurred by Capstone on

behalf of the Committee during the Fee Period.  This Application is made pursuant to sections

328, 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Fee Procedures Order and the Capstone Retention Order.

11.    Pursuant to the Administrative Fee Order, Capstone is seeking immediate payment of 80% of its fees ($428,047.20) and 100% of its expenses ($8,363.74) relating to services rendered during the Fee Period.

12.    During the Fee Period, Capstone has provided professional services to the Committee and incurred fees for such services totaling $535,059.00.  For the same period, Capstone has incurred actual, reasonable and necessary expenses in connection therewith totaling $8,363.74.  With respect to these amounts, as of the date of the Application, Capstone has received no payments.

**SUMMARY OF SERVICES RENDERED**

13.    Capstone is a firm of financial advisors specializing in insolvency, restructuring, forensic accounting and related matters.  Since being retained by the Committee, Capstone has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates.  Capstone respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

14.    Capstone submits that the interim fees applied for herein for professional services rendered in performing accounting, advisory, and forensic accounting services for the Committee in this proceeding are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtors' capitalization structure and financial condition, the Debtors' financial accounting resources and the results obtained.

15.     Capstone expended an aggregate of 820.30 hours, substantially all of which was expended by the professional staff of Capstone.  The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.  A small staff was utilized to optimize efficiencies and avoid redundant efforts.  The staff of the Debtors or their advisors has been utilized where practical and prudent.

16.     Capstone's approach is to utilize senior, experienced personnel and to encourage the Debtors to provide the staff-level support and analysis to minimize total cost.  In addition, Capstone's per diem rates for professionals of comparable experience are 10% to 20% lower than its competitors, the "Big-Four" accounting firms and certain other nationally-recognized specialty firms.  We believe that the compensation in this Application is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

17.     Because Capstone's core staff consisted of senior professionals who performed a vast amount of the work, time spent communicating internally and reviewing the work product of junior associates was kept to a minimum.  Additionally, because of the experience of Capstone's professionals, in many instances only three or fewer Capstone representatives attended meetings or conference calls or performed specific functions.

18.     Jay Borow is a Member of the firm and is responsible for directing the activities of the Capstone team, calling upon his more than 25 years of experience in restructuring and insolvency matters, including more than 100 cases, many as large and complex, and some larger and more complex than this matter.

19.     Capstone believes that there has been no duplication of services between Capstone and any other consultants or accountants to the bankruptcy estate.

20.     Capstone's travel time policy is for professional personnel to travel outside of business hours when possible.  Such time is not charged to a client unless productive work is performed during the travel period.  In this engagement, non-productive travel time is not being charged to the Debtors.

21.     A compilation showing the name of the accounting and advisory consultant or administrative-level person who incurred fees, their billing rate and the amount of time spent in performing the services during the Fee Period is attached hereto as <u>Exhibit A</u>.  In addition, <u>Exhibit B</u> attached hereto contains a summary of the hours expended by Capstone professionals and administrative-level persons for each task code, as described below. Additionally, Capstone's time records for the Fee Period are attached hereto as <u>Exhibit C</u>. These records include daily time logs describing the time spent by each Capstone professional and administrative-level person in these cases.

22.     No agreement or understanding exists between Capstone and any other person for the sharing of compensation received or to be received for services rendered in connection with the Chapter 11 Cases.

23.     Capstone also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services.  A schedule of the categories of expenses incurred in connection with the Insolvency Proceedings and the amounts for which reimbursement is requested is annexed hereto as <u>Exhibit D</u>.  Also included within <u>Exhibit D</u> is an itemization and description of each expense incurred within each category.

24.     Capstone respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor

constituents represented by the Committee and have contributed to the effective administration of these cases.

25.    The general summary of the services rendered by Capstone during the Fee Period based on tasks and number of hours is set forth below.

### Asset Acquisition/Disposition – Task Code 01

26.    This task code includes Capstone's numerous analyses and discussions with the Committee, the Committee's other professionals, the Debtors, the Debtors' financial advisors, and the Debtors' counsel regarding the allocation of asset disposition proceeds amongst the various Nortel Debtor estates.

27.    During the Fee Period, Capstone, along with Akin Gump, spent time reviewing documents related to the allocation of sale proceeds, and worked with the Committee's other professionals, to review and analyze allocation and proceeds allocation litigation-related issues and documents. In connection therewith, Capstone participated in multiple meetings with the other advisors to the Committee.  Capstone was responsive to additional information requests from the Committee's advisors in regard to ongoing proceeds allocation legal proceedings and the associated need for analytical assessments and accumulation of supportive documentation provided to counsel and other retained professionals.  Capstone spent significant time in proceeds allocation related matters to support Akin Gump in preparation for the scheduled litigation amongst the major Nortel estates before this Court.  In particular, Capstone analyzed detailed proceeds allocation litigation related documents, court demonstratives, multiple expert reports and rebuttal reports as produced by the three estates, pre-trial briefs, related supporting documentation including numerous exhibits, and statements of fact and related documents, testimony and deposition transcripts,

and participated in numerous meetings and calls related principally to depositions and expert reports.   The Committee considered the proceeds allocation as very critical to these proceedings.

28.   Capstone has expended 503.40 hours on this category for a fee of $343,507.00.

### Professional Retention/Fee Application – Task Code 05

29.   This task code for this Fee Period relates primarily to Capstone's efforts in connection with the preparation of the March 2014, April 2014, and the 21st quarterly interim fee applications.

30.   Capstone has expended 28.90 hours on this category for a fee of $11,141.00.

### Attend Hearings/Related Activity – Task Code 06

31.      This task code relates to time attending in person or by other means in the proceeds allocation litigation court proceedings.   Capstone spent material time in support of counsel throughout the asset allocation court proceedings during the Fee Period.   In particular, Capstone provided ongoing proceeds allocation analysis, analysis of ongoing testimony in light of previously provided documents and statements by the trial participants, and such other trial support as requested by counsel.   The Committee considers the proceeds allocation trial as a critical component for the ultimate proceeds allocation and as such Capstone had significant time in this Task Code.

32.   Capstone has expended 153.30 hours on this category for a fee of $104,278.00.

**Interactions/Meetings with Creditors/Counsel – Task Code 08**

33.    This task code relates to Committee matters, meetings, inquiry responses and conference calls with (i) the Committee as a whole and with individual Committee members, (ii) Akin Gump and the other Committee professionals, and (iii) other creditors. Capstone participates in regularly scheduled conference calls with the full Committee, Akin Gump, and other Committee professionals, in order to apprise the Committee members of developments in the chapter 11 cases and to facilitate efficient administration of the chapter 11 cases.  In preparation for these Committee meetings, Capstone reviewed pending matters to be discussed with the Committee, and reviewed and reported on underlying documentation in connection therewith.   During the fee period, Capstone, working with Akin Gump and the other Committee professionals, assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues that have arisen in these cases and to monitor closely the Debtors' management of these proceedings.

34.    Capstone has expended 16.30 hours on this category for a fee of $13,241.00.

**Recovery/SubCon/Lien Analysis – Task Code 10**

35. This task code relates to time spent by Capstone analyzing creditor recoveries under various scenarios.  Capstone spent time updating creditor recovery scenarios based on updated financial information provided during the allocation litigation proceedings and associated documents.

36.    Capstone has expended 5.50 hours on this category for a fee of $3,630.00.

**Claim Analysis/Accounting – Task Code 11**

37.    This task code relates to time spent by Capstone reviewing various claims asserted against the Debtors.  Capstone spent time during the Fee Period analyzing the claims asserted in each of the three estates.

38.    Capstone has expended 7.80 hours on this category for a fee of $5,234.00.

**Intercompany Transactions/Balances – Task Code 13**

39.    This task code relates to Capstone's time spent on intercompany account analyses based on information provided by the various Debtor entities.  Capstone spent time analyzing updated intercompany related financial reporting as provided by the various Debtor entities.  Analysis and monitoring of the Debtors' intercompany current and forecasted balances relates directly to ultimate creditor recoveries and as such is considered critical by the Committee.

40.    Capstone has expended 2.80 hours on this category for a fee of $1,848.00.

**Analysis of Historical Results – Task Code 17**

41.    This task code considers time spent by Capstone in reviewing and analyzing the Debtors historical financial information as it relates to the allocation process.

42.    Capstone has expended 40.00 hours on this category for a fee of $20,178.00.

**Cash Flow Cash Management/Liquidity – Task Code 19**

43.    This task code relates to Capstone's time spent on cash flow analyses that were provided for various Debtor entities.  Additionally, Capstone monitored the Debtors' cash escrows for asset disposition proceeds.  Through these analyses, Capstone kept the Committee apprised with respect to the Debtors' cash balances and cash flows from operations.  In

addition, Capstone spent time analyzing changes to the Debtor's joint escrow instructions. Analysis and monitoring of the Debtors' cash was viewed as critical by the Committee.

44.    Capstone has expended 2.90 hours on this category for a fee of $2,344.00.

## **Intellectual Property – Task Code 33**

45.    This task code relates to time spent analyzing the Debtor's intellectual property including reviewing and commenting on the IP portion of expert reports and rebuttal reports, expert witness testimony, supporting documentation and IP proceeds allocation methodologies on same.

46.    Capstone has expended 59.40 hours on this category for a fee of $29,658.00

[*Remainder of this Page Intentionally Left Blank*]

## ACTUAL AND NECESSARY EXPENSES

1.        Capstone incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee as summarized above, in the sum of $8,363.74, for which Capstone respectfully requests reimbursement in full.

2.        The disbursements and expenses have been incurred in accordance with Capstone's normal practice of charging clients for expenses clearly related to and required by particular matters.  Such expenses were often incurred to enable Capstone to devote time beyond normal office hours to matters, which imposed extraordinary time demands. Capstone has endeavored to minimize these expenses to the fullest extent possible.

3.        Capstone's billing rates do not include charges for photocopying, telephone and telecopier toll charges, computerized research, travel expenses, "working meals," secretarial overtime, postage and certain other office services, because the needs of each client for such services differ.  Capstone believes that it is fairest to charge each client only for the services actually used in performing services for such client.  Capstone has endeavored to minimize these expenses to the fullest extent possible.

4.        Consistent with this Courts' Guidelines, Capstone charges $.10 per page for in-house photocopying services, with respect to computerized research services Capstone charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions.  Capstone does not charge for incoming facsimiles.

5.        In providing a reimbursable service such as copying or telephone, Capstone does not make a profit on that service.  In charging for a particular service, Capstone does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.  In seeking reimbursement for service which

Capstone justifiably purchased or contracted for from a third party, Capstone requests reimbursement only for the amount billed to Capstone by such third party vendor and paid by Capstone to that vendor.

[*Remainder of this Page Intentionally Left Blank*]

WHEREFORE, Capstone respectfully requests: (a) that it be allowed on an interim basis (i) fees in the amount of $535,059.00 for reasonable, actual and necessary services rendered by it on behalf of the Committee during the Fee Period and (ii) reimbursement of $8,363.74 for reasonable, actual and necessary expenses incurred during the Fee Period; and (b) that the Debtors be authorized and directed to immediately pay to Capstone the amount of $436,410.94 which is equal to the sum of 80% of Capstone's fees and 100% of Capstone's expenses incurred during the Fee Period.

Dated: July 24, 2014
     New York, NY                **CAPSTONE ADVISORY GROUP, LLC**

                       /s/ Jay Borow
                       Jay Borow
                       Member of the Firm
                       104 West 40th Street
                       16th Floor
                       New York, NY 10018
                       (212) 782-1411

                       Financial Advisor to the Official Committee
                       of Unsecured Creditors

# Nortel Networks Corporation
**Capstone Advisory Group, LLC**
**Exhibit A: Summary of Fees by Professional**
**For the Period 5/1/2014 through 5/31/2014**

| Professional | Position | Billing Rate | Hours | Fees |
|---|---|---|---|---|
| C. Kearns | Executive Director | $875 | 46.80 | $40,950.00 |
| J. Borow | Executive Director | $875 | 111.10 | $97,212.50 |
| J. Hyland | Executive Director | $660 | 224.10 | $147,906.00 |
| N. Haslun | Managing Director | $635 | 178.60 | $113,411.00 |
| M. Dansky | Executive Director | $625 | 1.90 | $1,187.50 |
| A. Cowie | Managing Director | $600 | 177.10 | $106,260.00 |
| B. Kullberg | Managing Director | $525 | 4.90 | $2,572.50 |
| B. Frizzell | Director | $440 | 50.30 | $22,132.00 |
| M. Desalvio | Research | $195 | 4.50 | $877.50 |
| B. Park | Research | $125 | 6.00 | $750.00 |
| J. Blum | Paraprofessional | $120 | 10.10 | $1,212.00 |
| M. Haverkamp | Paraprofessional | $120 | 4.90 | $588.00 |
| **For the Period 5/1/2014 through 5/31/2014** | | | **820.30** | **$535,059.00** |

# Nortel Networks Corporation
**Capstone Advisory Group, LLC**
**Exhibit B: Summary of Fees by Task Code**
**For the Period 5/1/2014 through 5/31/2014**

| Task Code | Hours | Fees |
|---|---|---|
| 01. Asset Acquisition/Disposition | 503.40 | $343,507.00 |
| 05. Professional Retention/Fee Application Preparation | 28.90 | $11,141.00 |
| 06. Attend Hearings/Related Activities | 153.30 | $104,278.00 |
| 08. Interaction/Mtgs w Creditors | 16.30 | $13,241.00 |
| 10. Recovery/SubCon/Lien Analysis | 5.50 | $3,630.00 |
| 11. Claim Analysis/Accounting | 7.80 | $5,234.00 |
| 13. Intercompany Transactions/Bal | 2.80 | $1,848.00 |
| 17. Analysis of Historical Results | 40.00 | $20,178.00 |
| 19. Cash Flow/Cash Mgmt Liquidity | 2.90 | $2,344.00 |
| 33. Intellectual Property | 59.40 | $29,658.00 |
| **For the Period 5/1/2014 through 5/31/2014** | **820.30** | **$535,059.00** |

# Nortel Networks Corporation
**Capstone Advisory Group, LLC**
**Exhibit C: Detailed Time Descriptions**
**For the Period 5/1/2014 through 5/31/2014**

| Date | Professional | Hours | Detailed Time Description |
|------|--------------|-------|---------------------------|
| **01. Asset Acquisition/Disposition** | | | |
| 5/1/2014 | J. Hyland | 0.10 | Conducted calls with R. Johnson (counsel) re: agreements for proceeds allocation briefs. |
| 5/1/2014 | J. Borow | 0.30 | Continued reviewing pre-trial brief and related analyses. |
| 5/1/2014 | J. Hyland | 0.40 | Conducted calls with R. Johnson (counsel) re: proceeds allocation exhibits. |
| 5/1/2014 | C. Kearns | 0.60 | Analyzed the U.S. Debtor's draft pre-trial brief, in regards to the allocation process. |
| 5/1/2014 | J. Hyland | 1.30 | Analyzed agreements for proceeds allocation briefs. |
| 5/1/2014 | N. Haslun | 2.30 | Continued to analyze the U.S. Debtor's draft pre-trial brief, in regards to the allocation process. |
| 5/1/2014 | A. Cowie | 2.60 | Continued to analyze pre-trial brief and provided comments in regard to asset allocation process. |
| 5/1/2014 | J. Hyland | 2.60 | Continued reviewing revised opening pre-trial brief. |
| 5/1/2014 | J. Hyland | 2.70 | Reviewed revised opening pre-trial brief. |
| 5/1/2014 | J. Hyland | 2.70 | Continued reviewing revised opening pre-trial brief. |
| 5/1/2014 | A. Cowie | 2.80 | Continued to analyze pre-trial brief and provided comments in regard to asset allocation process. |
| 5/1/2014 | N. Haslun | 2.80 | Analyzed the U.S. Debtor's draft pre-trial brief, in regards to the allocation process. |
| 5/1/2014 | J. Borow | 2.90 | Reviewed pre-trial brief and related analyses. |
| 5/1/2014 | A. Cowie | 2.90 | Analyzed pre-trial brief and provided comments in regard to asset allocation process. |
| 5/2/2014 | J. Borow | 0.40 | Continued reviewing pre-trial brief and related analyses. |
| 5/2/2014 | C. Kearns | 0.70 | Scanned final changes to NNI pre-trial brief. |
| 5/2/2014 | J. Borow | 1.60 | Continued review of pre-trial brief and relating analyses. |

| Date | Professional | Hours | Detailed Time Description |
|------|--------------|-------|---------------------------|
| 5/2/2014 | N. Haslun | 2.00 | Continued to analyze correspondence between Nortel and the tax authorities, in regards to the allocation process. |
| 5/2/2014 | N. Haslun | 2.00 | Analyzed the U.S. Debtor's latest draft of their pre-trial brief, in regards to the allocation process. |
| 5/2/2014 | N. Haslun | 2.10 | Continued to analyze correspondence between Nortel and the tax authorities, in regards to the allocation process. |
| 5/2/2014 | J. Hyland | 2.40 | Finalized reviewing pre-trial brief for proceeds allocation. |
| 5/2/2014 | N. Haslun | 2.40 | Analyzed correspondence between Nortel and the tax authorities, in regards to the allocation process. |
| 5/2/2014 | A. Cowie | 2.60 | Continued to analyze pre-trial briefs and associated documents in regard to asset allocation process. |
| 5/2/2014 | A. Cowie | 2.80 | Continued to analyze pre-trial briefs and associated documents in regard to asset allocation process. |
| 5/2/2014 | J. Hyland | 2.80 | Continued reviewing pre-trial brief for proceeds allocation. |
| 5/2/2014 | J. Hyland | 2.90 | Reviewed pre-trial brief for proceeds allocation. |
| 5/2/2014 | J. Borow | 2.90 | Reviewed pre-trial brief and related analyses. |
| 5/2/2014 | A. Cowie | 2.90 | Analyzed pre-trial briefs and supporting documents in regard to asset allocation process. |
| 5/3/2014 | N. Haslun | 1.60 | Continued to analyze the pre-trial brief filed by the U.S. Debtors, in regards to the allocation process. |
| 5/3/2014 | J. Hyland | 2.50 | Continued reviewing NNL pre-trial brief. |
| 5/3/2014 | J. Hyland | 2.60 | Reviewed NNL pre-trial brief. |
| 5/3/2014 | N. Haslun | 2.80 | Analyzed the pre-trial brief filed by the U.S. Debtors, in regards to the allocation process. |
| 5/4/2014 | C. Kearns | 0.30 | Emailed with counsel re: pre-trial briefs. |
| 5/4/2014 | N. Haslun | 1.80 | Continued to analyze the pre-trial brief filed by NNL, in regards to the allocation process. |
| 5/4/2014 | N. Haslun | 2.10 | Analyzed the pre-trial brief filed by NNL, in regards to the allocation process. |
| 5/4/2014 | J. Hyland | 2.30 | Analyzed positions in NNL pre-trial brief. |
| 5/5/2014 | J. Borow | 0.30 | Continued review of various pre-trial briefs. |

**Capstone Advisory Group, LLC**
**Invoice for the 5/1/2014-5/31/2014 Fee Statement**

| Date | Professional | Hours | Detailed Time Description |
|------|--------------|-------|--------------------------|
| 5/5/2014 | C. Kearns | 0.40 | Read draft response to motions re: global subcon expert reports. |
| 5/5/2014 | C. Kearns | 0.40 | Read draft memo on key issues in pre-trial briefs. |
| 5/5/2014 | J. Borow | 0.70 | Continued reviewing various pre-trial briefs. |
| 5/5/2014 | J. Borow | 1.10 | Reviewed treasury cash issues pertaining to a party-in-interest pre-trial brief and related expert report. |
| 5/5/2014 | N. Haslun | 1.20 | Analyzed a Debtor estate draft reply in support of their motion to strike the global subcon reports. |
| 5/5/2014 | N. Haslun | 1.40 | Analyzed the pre-trial brief filed by a Debtor estate, in regards to the allocation process. |
| 5/5/2014 | J. Hyland | 1.70 | Reviewed reply in support motion re: proceeds allocation methodology. |
| 5/5/2014 | N. Haslun | 1.80 | Analyzed the pre-trial brief filed by a party in interest to the allocation process. |
| 5/5/2014 | N. Haslun | 2.40 | Prepared an analysis of comments to certain Debtors' pre-trial briefs, in regards to the allocation process. |
| 5/5/2014 | A. Cowie | 2.70 | Continued to analyze pre-trial brief and associated supporting documents in regard to asset allocation process. |
| 5/5/2014 | J. Hyland | 2.70 | Continued reviewing pre-trial motion for an estate. |
| 5/5/2014 | J. Hyland | 2.80 | Reviewed pre-trial motion for an estate. |
| 5/5/2014 | A. Cowie | 2.80 | Continued to analyze pre-trial brief and associated supporting documents in regard to asset allocation process. |
| 5/5/2014 | N. Haslun | 2.80 | Analyzed the pre-trial brief filed by a party-in-interest to the allocation process. |
| 5/5/2014 | J. Borow | 2.90 | Reviewed various pre-trial briefs. |
| 5/5/2014 | J. Borow | 2.90 | Continued review of various pre-trial briefs. |
| 5/5/2014 | A. Cowie | 2.90 | Analyzed pre-trial brief and associated supporting documents in regard to asset allocation process. |
| 5/6/2014 | J. Hyland | 0.10 | Conducted call with C. Doniak (counsel) re: proceeds allocation trial. |
| 5/6/2014 | C. Kearns | 0.80 | Continued to read pre-trial briefs. |
| 5/6/2014 | N. Haslun | 1.90 | Continued to analyze the pre-trial brief filed by a party-in-interest to the allocation process. |

| Date | Professional | Hours | Detailed Time Description |
|---|---|---|---|
| 5/6/2014 | N. Haslun | 2.00 | Analyzed the pre-trial brief filed by a party-in-interest to the allocation process. |
| 5/6/2014 | N. Haslun | 2.10 | Analyzed the pre-trial brief filed by a party-in-interest to the allocation process. |
| 5/6/2014 | J. Borow | 2.20 | Reviewed analysis of expert reports. |
| 5/6/2014 | J. Borow | 2.20 | Continued review and analysis of expert reports. |
| 5/6/2014 | J. Hyland | 2.40 | Continued reviewing replies in support of motions. |
| 5/6/2014 | A. Cowie | 2.60 | Continued to analyze pre-trial brief and associated supporting documents in regard to asset allocation process. |
| 5/6/2014 | A. Cowie | 2.70 | Continued to analyze pre-trial brief and associated supporting documents in regard to asset allocation process. |
| 5/6/2014 | J. Hyland | 2.80 | Continued reviewing replies in support of motions. |
| 5/6/2014 | J. Hyland | 2.80 | Analyzed pre-trial motion for an estate re: proceeds allocation. |
| 5/6/2014 | A. Cowie | 2.80 | Analyzed pre-trial brief and associated supporting documents in regard to asset allocation process. |
| 5/6/2014 | J. Hyland | 2.90 | Reviewed replies in support of motions. |
| 5/7/2014 | C. Kearns | 0.30 | Read response to in limine motion. |
| 5/7/2014 | C. Kearns | 0.30 | Participated in call with A. Qureshi and D. Botter (counsel) re: trial schedule. |
| 5/7/2014 | J. Hyland | 0.70 | Reviewed U.S. Interests' reply memorandum. |
| 5/7/2014 | C. Kearns | 0.70 | Outlined key issues for expert witness preparation. |
| 5/7/2014 | J. Borow | 1.00 | Reviewed various draft motions filed. |
| 5/7/2014 | N. Haslun | 1.00 | Continued to analyze recent court filings, in regards to the allocation process. |
| 5/7/2014 | C. Kearns | 1.20 | Read brief from a party-in-interest to the asset allocation process. |
| 5/7/2014 | N. Haslun | 1.90 | Continued to analyze the witness reply affidavits, in regards to the allocation process. |
| 5/7/2014 | J. Hyland | 2.00 | Reviewed deposition transcript in context of proceeds allocation assumptions. |
| 5/7/2014 | N. Haslun | 2.40 | Analyzed the witness reply affidavits, in regards to the allocation process. |

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/7/2014 | A. Cowie | 2.60 | Continued to analyze witness and associated rebuttal statements in support of counsel in regard to asset allocation process. |
| 5/7/2014 | J. Hyland | 2.70 | Continued reviewing pre-trial proceeds allocation motion for an estate. |
| 5/7/2014 | N. Haslun | 2.70 | Analyzed recent court filings, in regards to the allocation process. |
| 5/7/2014 | A. Cowie | 2.80 | Continued to analyze witness and associated rebuttal statements in support of counsel in regard to asset allocation process. |
| 5/7/2014 | A. Cowie | 2.80 | Analyzed witness and associated rebuttal statements in support of counsel in regard to asset allocation process. |
| 5/7/2014 | J. Hyland | 2.80 | Analyzed pre-trial proceeds allocation motion for an estate. |
| 5/7/2014 | J. Hyland | 2.90 | Reviewed pre-trial proceeds allocation motion for an estate. |
| 5/8/2014 | J. Borow | 0.40 | Reviewed pre-trial briefs in anticipation of commencement of trial. |
| 5/8/2014 | N. Haslun | 1.30 | Continued to analyze the U.S. Debtor's rebuttal expert witness's report, in regards to the allocation process. |
| 5/8/2014 | C. Kearns | 1.30 | Continued to analyze pre-trial briefs to assist counsel in opening argument. |
| 5/8/2014 | N. Haslun | 1.40 | Participated in call with R. Johnson, C. Weinreb and M. Cross (counsel) to discuss next steps with respect to the allocation trial. |
| 5/8/2014 | J. Hyland | 1.90 | Reviewed motions discussed during court hearing. |
| 5/8/2014 | N. Haslun | 2.50 | Continued to analyze the U.S. Debtor's rebuttal expert witness's report, in regards to the allocation process. |
| 5/8/2014 | A. Cowie | 2.60 | Continued to analyze witness statements and associated documents for counsel in regard to asset allocation process. |
| 5/8/2014 | J. Hyland | 2.60 | Continued reviewing motions to strike experts. |
| 5/8/2014 | N. Haslun | 2.80 | Analyzed the U.S. Debtor's rebuttal allocation expert's report, in regards to the allocation process. |
| 5/8/2014 | J. Borow | 2.90 | Reviewed pre-trial briefs in anticipation of commencement of trial. |
| 5/8/2014 | J. Hyland | 2.90 | Reviewed motions to strike experts. |
| 5/8/2014 | A. Cowie | 2.90 | Prepared witness preparation document for counsel in regard to asset allocation process. |
| 5/8/2014 | A. Cowie | 2.90 | Analyzed witness statements and associated rebuttal reports for counsel in regard to asset allocation litigation process. |

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/9/2014 | C. Kearns | 0.80 | Analyzed potential partial asset allocation settlement. |
| 5/9/2014 | A. Cowie | 1.10 | Prepared updated recovery modeling in regard to alternate settlement scenarios in regard to the asset allocation process. |
| 5/9/2014 | C. Kearns | 1.20 | Participated in post meeting debrief with counsel re: ad hoc views on possible EMEA construct. |
| 5/9/2014 | N. Haslun | 1.80 | Analyzed various allocation scenarios, in regards to the allocation process. |
| 5/9/2014 | A. Cowie | 1.90 | Prepared witness trial support documentation for counsel in regard to asset allocation process. |
| 5/9/2014 | C. Kearns | 2.00 | Met with counsel and Milbank to discuss possible partial asset allocation settlement. |
| 5/9/2014 | J. Hyland | 2.10 | Analyzed assumptions in proceeds allocation expert report and estates' summary motion. |
| 5/9/2014 | J. Hyland | 2.40 | Analyzed exhibit from an affidavit re: proceeds allocation assumption. |
| 5/9/2014 | J. Borow | 2.80 | Reviewed analyses re: discussions with bondholders and their analysis re: parties allocations. |
| 5/9/2014 | J. Hyland | 2.90 | Reviewed rebuttal report re: proceeds allocation. |
| 5/10/2014 | C. Kearns | 0.20 | Participated in call with F. Hodara (counsel) re: construct of proposed partial asset allocation settlement. |
| 5/10/2014 | C. Kearns | 0.30 | Emailed with counsel re: follow-on to ad hocs discussion. |
| 5/10/2014 | C. Kearns | 0.30 | Analyzed potential partial asset allocation settlement. |
| 5/10/2014 | C. Kearns | 0.60 | Read potential partial asset allocation settlement. |
| 5/10/2014 | C. Kearns | 0.60 | Participated in call with counsel re: ad hoc concept related to EMEA construct. |
| 5/10/2014 | J. Hyland | 1.00 | Reviewed proposal from a party-in-interest. |
| 5/10/2014 | J. Hyland | 1.00 | Participated in call with M. Katzenstein, M. Spragg, and M. Sandberg (FTI) re: allocation assumptions. |
| 5/10/2014 | C. Kearns | 1.00 | Participated in call with FTI to review allocation related analyses. |
| 5/10/2014 | J. Hyland | 1.30 | Analyzed proposal from a party-in-interest. |
| 5/10/2014 | J. Borow | 1.40 | Discussed with party-in-interest representatives re: allocations scenarios. |

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|---------------------------|
| 5/10/2014 | N. Haslun | 1.40 | Analyzed various allocation scenarios in regards to the allocation process. |
| 5/10/2014 | N. Haslun | 1.40 | Analyzed various allocation scenarios in regards to the allocation process. |
| 5/10/2014 | J. Borow | 1.40 | Analyzed asset allocation proposal and related concepts. |
| 5/11/2014 | A. Cowie | 1.20 | Prepared analysis of potential settlement in regard to asset allocation process. |
| 5/12/2014 | C. Kearns | 0.30 | Emailed with counsel re: issues related to possible partial asset allocation settlement. |
| 5/12/2014 | J. Borow | 0.30 | Continued to review provisions of potential partial asset allocation settlement. |
| 5/12/2014 | C. Kearns | 0.60 | Continued to review proposed asset allocation settlement and related issues. |
| 5/12/2014 | C. Kearns | 1.00 | Participated in call with counsel and Milbank re: possible partial asset allocation settlement. |
| 5/12/2014 | N. Haslun | 2.00 | Continued to analyze various allocation scenarios to the U.S. Debtors, in regards to the allocation process. |
| 5/12/2014 | C. Kearns | 2.10 | Analyzed NNI opening argument at trial in regard to asset allocation process. |
| 5/12/2014 | N. Haslun | 2.40 | Continued to analyze various allocation scenarios to the U.S. Debtors, in regards to the allocation process. |
| 5/12/2014 | J. Borow | 2.60 | Reviewed provisions of potential partial asset allocation settlement. |
| 5/12/2014 | A. Cowie | 2.80 | Prepared analysis of potential settlement in regard to asset allocation process. |
| 5/12/2014 | N. Haslun | 2.80 | Analyzed various allocation scenarios to the U.S. Debtors, in regards to the allocation process. |
| 5/12/2014 | J. Hyland | 2.80 | Analyzed matter re: proceeds allocation. |
| 5/12/2014 | J. Borow | 2.90 | Continued to review provisions of partial asset allocation settlement. |
| 5/13/2014 | J. Hyland | 0.40 | Reviewed U.S. interest's opening exhibits. |
| 5/13/2014 | J. Borow | 0.40 | Reviewed analyses and issues pertaining to proposed mitigation concepts. |
| 5/13/2014 | A. Cowie | 0.60 | Continued to analyze court testimony in regard to asset allocation process. |
| 5/13/2014 | J. Borow | 0.70 | Continued review and analyses of issues pertaining to proposed mitigation concepts. |
| 5/13/2014 | J. Borow | 1.40 | Reviewed analyses of recovery potentials and related computations. |

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/13/2014 | A. Cowie | 1.40 | Analyzed court testimony in regard to asset allocation process. |
| 5/13/2014 | J. Hyland | 1.60 | Analyzed source documents from an expert report for Cleary and counsel. |
| 5/13/2014 | C. Kearns | 1.80 | Reviewed and commented on report/analysis prepared for UCC as requested by counsel re: allocation scenarios. |
| 5/13/2014 | J. Hyland | 2.00 | Reviewed summary of matter for UCC. |
| 5/13/2014 | N. Haslun | 2.00 | Continued to analyze various allocation scenarios, in regards to the allocation process. |
| 5/13/2014 | A. Cowie | 2.20 | Prepared report in regard to proposed settlement offer in regard to asset allocation process. |
| 5/13/2014 | J. Hyland | 2.30 | Revised summary of matter re: proceeds allocation. |
| 5/13/2014 | N. Haslun | 2.60 | Analyzed various allocation scenarios, in regards to the allocation process. |
| 5/13/2014 | J. Borow | 2.90 | Reviewed analyses and issues pertaining to proposed mitigation concepts. |
| 5/13/2014 | J. Borow | 2.90 | Continued review and analyses of issues pertaining to proposed mitigation concepts. |
| 5/14/2014 | C. Kearns | 0.20 | Reviewed emails with counsel re: trial developments. |
| 5/14/2014 | J. Borow | 0.20 | Continued to review and amend analysis pertaining to potential partial asset allocation settlement. |
| 5/14/2014 | C. Kearns | 0.40 | Continued discussion with counsel re: issues around possible partial asset allocation settlement. |
| 5/14/2014 | N. Haslun | 1.20 | Continued to analyze the expert report and deposition of the U.S. Debtor's rebuttal allocation expert, in regards to the allocation process. |
| 5/14/2014 | A. Cowie | 1.40 | Continued to analyze witness declarations and supporting documents for trial preparation in regard to asset allocation process. |
| 5/14/2014 | N. Haslun | 1.40 | Analyzed various allocation scenarios, in regards to the allocation process. |
| 5/14/2014 | J. Borow | 1.50 | Continued to review and amend analysis pertaining to potential partial asset allocation settlement. |
| 5/14/2014 | N. Haslun | 2.10 | Analyzed the expert report and deposition of the U.S. Debtor's rebuttal allocation expert, in regards to the allocation process. |
| 5/14/2014 | A. Cowie | 2.70 | Continued to analyze witness declarations and supporting documents for trial preparation in regard to asset allocation process. |

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/14/2014 | A. Cowie | 2.80 | Analyzed witness declarations and supporting documents for trial preparation in regard to asset allocation process. |
| 5/14/2014 | J. Borow | 2.90 | Reviewed and amended analysis pertaining to potential partial asset allocation settlement. |
| 5/15/2014 | A. Cowie | 1.80 | Continued to analyze an expert report, deposition and responses in preparation for trial in regard to the asset allocation process. |
| 5/15/2014 | A. Cowie | 2.10 | Analyzed an expert report, deposition and responses in preparation for trial in regard to the asset allocation process. |
| 5/15/2014 | J. Borow | 2.30 | Reviewed analysis and concepts pertaining to testimony during court hearings process. |
| 5/15/2014 | J. Hyland | 2.80 | Continued reviewing deposition transcript of a testifier. |
| 5/15/2014 | J. Hyland | 2.90 | Reviewed deposition transcript of a testifier. |
| 5/16/2014 | C. Kearns | 0.10 | Emailed with counsel re: trial schedule. |
| 5/16/2014 | C. Kearns | 0.20 | Participated in conference call with A. Qureshi of counsel re: trial status. |
| 5/16/2014 | C. Kearns | 0.30 | Prepared status of discussions re: potential partial asset allocation settlement. |
| 5/16/2014 | N. Haslun | 1.10 | Continued to analyze the expert report and deposition of the U.S. Debtor's rebuttal allocation expert, in regards to the allocation process. |
| 5/16/2014 | A. Cowie | 1.90 | Continued to analyze an expert deposition and rebuttal reports in regard to asset allocation process. |
| 5/16/2014 | J. Hyland | 2.00 | Reviewed trial prep matters for an expert. |
| 5/16/2014 | N. Haslun | 2.00 | Continued to analyze the expert report and deposition of the U.S. Debtor's rebuttal allocation expert, in regards to the allocation process. |
| 5/16/2014 | J. Borow | 2.10 | Reviewed transcripts relating to issues for further inquiry and examination. |
| 5/16/2014 | N. Haslun | 2.10 | Continued to analyze the expert report and deposition of the U.S. Debtor's rebuttal allocation expert, in regards to the allocation process. |
| 5/16/2014 | A. Cowie | 2.50 | Continued to analyze an expert deposition and rebuttal reports in regard to asset allocation process. |
| 5/16/2014 | A. Cowie | 2.70 | Analyzed an expert deposition and rebuttal reports in regard to asset allocation process. |
| 5/16/2014 | N. Haslun | 2.80 | Analyzed the expert report and deposition of the U.S. Debtor's rebuttal allocation expert, in regards to the allocation process. |

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/19/2014 | J. Borow | 0.20 | Reviewed transcripts re: trial testimony and related potential issues. |
| 5/19/2014 | C. Kearns | 0.80 | Reviewed latest developments with trial schedule and related. |
| 5/19/2014 | J. Hyland | 1.40 | Reviewed deposition transcript for an upcoming deposition. |
| 5/19/2014 | N. Haslun | 1.50 | Continued to analyze the deposition transcript of a Debtors' allocation expert, in regards to the allocation process. |
| 5/19/2014 | J. Hyland | 1.80 | Continued reviewing deposition transcript and related documentation for a testifier. |
| 5/19/2014 | N. Haslun | 2.00 | Analyzed the deposition transcript of NNL's allocation expert, in regards to the allocation process. |
| 5/19/2014 | N. Haslun | 2.10 | Continued to analyze the deposition transcript of a Debtors' allocation expert, in regards to the allocation process. |
| 5/19/2014 | A. Cowie | 2.10 | Continued to analyze an expert deposition and rebuttal reports in regard to asset allocation process. |
| 5/19/2014 | N. Haslun | 2.40 | Analyzed the deposition transcript of a Debtors' allocation expert, in regards to the allocation process. |
| 5/19/2014 | A. Cowie | 2.60 | Continued to analyze an expert deposition and rebuttal reports in regard to asset allocation process. |
| 5/19/2014 | J. Hyland | 2.70 | Continued reviewing deposition transcript and related documentation for a testifier. |
| 5/19/2014 | J. Borow | 2.90 | Reviewed transcripts re: trial testimony and related potential issues. |
| 5/19/2014 | J. Hyland | 2.90 | Reviewed deposition transcript and related documentation for a testifier. |
| 5/19/2014 | A. Cowie | 2.90 | Analyzed an expert deposition and rebuttal reports in regard to asset allocation process. |
| 5/20/2014 | C. Kearns | 0.20 | Emailed with counsel re: latest trial developments. |
| 5/20/2014 | A. Cowie | 0.70 | Analyzed trial testimony and demonstrative slides in regard to asset allocation process. |
| 5/20/2014 | A. Cowie | 1.40 | Prepared trial support document for counsel in regard to expert witness in asset allocation process. |
| 5/20/2014 | J. Hyland | 1.50 | Reviewed testimony transcript for fact witness. |
| 5/20/2014 | N. Haslun | 1.70 | Analyzed the deposition transcript of NNL's allocation expert, in regards to the allocation process. |

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/20/2014 | J. Borow | 2.20 | Reviewed and analyzed expert reports. |
| 5/20/2014 | J. Borow | 2.30 | Continued review and analysis of expert reports. |
| 5/20/2014 | N. Haslun | 2.40 | Analyzed the deposition transcript of NNL's allocation expert, in regards to the allocation process. |
| 5/20/2014 | J. Hyland | 2.70 | Analyzed testimony from two fact witnesses testimony. |
| 5/20/2014 | A. Cowie | 2.80 | Prepared trial support document for counsel in regard to expert witness in asset allocation process. |
| 5/21/2014 | A. Cowie | 1.20 | Continued to analyze modelled claims recovery based on trial testimony in regard to asset allocation process. |
| 5/21/2014 | A. Cowie | 1.20 | Analyzed modelled claims recovery based on trial testimony in regard to asset allocation process. |
| 5/21/2014 | A. Cowie | 1.40 | Continued to analyze modelled claims recovery based on trial testimony in regard to asset allocation process. |
| 5/21/2014 | A. Cowie | 1.50 | Continued to analyze modelled claims recovery based on trial testimony in regard to asset allocation process. |
| 5/21/2014 | J. Hyland | 2.00 | Analyzed deposition of a trial witness. |
| 5/21/2014 | J. Hyland | 2.30 | Prepared analysis of deposition and testimony of a trial witness. |
| 5/21/2014 | J. Borow | 2.30 | Continued to review transcripts and related issues pertaining to allocation of funds in escrow resulting from sales processes. |
| 5/21/2014 | J. Borow | 2.40 | Reviewed transcripts and related issues pertaining to allocation of funds in escrow resulting from sales processes. |
| 5/21/2014 | A. Cowie | 2.60 | Analyzed expert documents in regard to asset allocation process. |
| 5/21/2014 | N. Haslun | 2.70 | Analyzed the deposition transcript of NNL's allocation expert, in regards to the allocation process. |
| 5/22/2014 | J. Borow | 0.20 | Reviewed trial information and transcripts. |
| 5/22/2014 | J. Hyland | 0.40 | Reviewed trial transcript for portion of trial not attended. |
| 5/22/2014 | A. Cowie | 0.80 | Continued to prepare trial support document for counsel in regard to asset allocation process. |
| 5/22/2014 | N. Haslun | 1.10 | Continued to analyze the deposition transcript of NNL's allocation expert, with respect to the allocation process. |

**Capstone Advisory Group, LLC**
**Invoice for the 5/1/2014-5/31/2014 Fee Statement**

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/22/2014 | N. Haslun | 2.10 | Analyzed the deposition transcript of NNL's allocation expert, with respect to the allocation process. |
| 5/22/2014 | A. Cowie | 2.30 | Analyzed expert deposition document in regard to asset allocation process. |
| 5/22/2014 | A. Cowie | 2.80 | Prepared trial support document for counsel in regard to asset allocation process. |
| 5/22/2014 | J. Borow | 2.90 | Reviewed trial information and transcripts. |
| 5/23/2014 | C. Kearns | 0.50 | Participated in call and emails with counsel to ensure arrangements for testifying experts for EMEA. |
| 5/23/2014 | J. Hyland | 0.50 | Conducted call with N. Stabile and A. Evans (both counsel) re: trial exhibits for upcoming testimony. |
| 5/23/2014 | N. Haslun | 0.70 | Participated in a conference call with N. Stabile and A. Evans (counsel) to discuss potential trial questions for a Debtors' allocation expert. |
| 5/23/2014 | N. Haslun | 1.10 | Prepared work plan for analysis of an estate's allocation expert's report in connection in preparing for trial testimony, in regards to the allocation process. |
| 5/23/2014 | J. Hyland | 2.30 | Reviewed multiple Administrators' Progress Reports for proceeds allocation matters. |
| 5/23/2014 | A. Cowie | 2.50 | Continued to analyze expert witness documents and rebuttal reports in regard to trial preparation for counsel in asset allocation process. |
| 5/23/2014 | A. Cowie | 2.80 | Analyzed expert witness documents and rebuttal reports in regard to trial preparation for counsel in asset allocation process. |
| 5/23/2014 | A. Cowie | 2.90 | Continued to analyze expert witness documents and rebuttal reports in regard to trial preparation for counsel in asset allocation process. |
| 5/24/2014 | J. Hyland | 1.10 | Reviewed a portion of an expert report of a trial witness. |
| 5/27/2014 | C. Kearns | 0.30 | Read memo from counsel and related stipulation re: Westbrook and Clark. |
| 5/27/2014 | J. Hyland | 0.40 | Reviewed stipulation re: experts and their related expert report. |
| 5/27/2014 | J. Hyland | 0.40 | Reviewed declaration trial summary of a fact witness. |
| 5/27/2014 | J. Borow | 0.40 | Continued to review expert report of a Debtors' expert and related computations. |
| 5/27/2014 | J. Hyland | 0.70 | Conducted call with N. Stabile, J. Sorkin, and A. Evans (counsel) re: trial preparation for a witness. |
| 5/27/2014 | J. Hyland | 0.90 | Reviewed an expert witness' demonstrative slides from an estate and prepared comments. |

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|---------------------------|
| 5/27/2014 | A. Cowie | 0.90 | Continued to prepare trial support document for counsel in regard to an expert witness in asset allocation process. |
| 5/27/2014 | J. Hyland | 1.20 | Reviewed expert report and assumptions for a trial witness. |
| 5/27/2014 | J. Hyland | 1.80 | Prepared trial exhibits for a trial witness. |
| 5/27/2014 | J. Hyland | 2.10 | Reviewed prior deposition outline and questions for a trial witness. |
| 5/27/2014 | J. Hyland | 2.60 | Reviewed expert report for a trial witness. |
| 5/27/2014 | A. Cowie | 2.60 | Continued to prepare trial support document for counsel in regard to an expert witness in asset allocation process. |
| 5/27/2014 | A. Cowie | 2.80 | Prepared trial support document for counsel in regard to an expert witness in asset allocation process. |
| 5/27/2014 | J. Borow | 2.90 | Reviewed expert report of a Debtors' expert and related computations. |
| 5/28/2014 | C. Kearns | 0.40 | Reviewed outline of cross examination of upcoming expert as requested by counsel. |
| 5/28/2014 | N. Haslun | 0.40 | Analyzed a party-in-interest's allocation expert's trial demonstrative slides, in regards to the allocation process. |
| 5/28/2014 | A. Cowie | 1.10 | Continued to prepare trial support document for counsel in regard to an expert witness in asset allocation process. |
| 5/28/2014 | A. Cowie | 1.10 | Analyzed trial testimony and demonstrative slides in regard to asset allocation process. |
| 5/28/2014 | A. Cowie | 1.30 | Continued to analyze trial testimony and demonstrative slides in regard to asset allocation process. |
| 5/28/2014 | A. Cowie | 1.40 | Continued to analyze trial testimony and demonstrative slides in regard to asset allocation process. |
| 5/28/2014 | A. Cowie | 1.40 | Continued to analyze trial testimony and demonstrative slides in regard to asset allocation process. |
| 5/28/2014 | J. Hyland | 1.50 | Analyzed proceeds allocation expert report rebuttal on allocation |
| 5/28/2014 | A. Cowie | 1.80 | Prepared trial support document for counsel in regard to an expert witness in asset allocation process. |
| 5/28/2014 | C. Kearns | 2.00 | Analyzed forecasted creditor recoveries based on trial testimony in regard to the asset allocation process. |
| 5/28/2014 | J. Borow | 2.10 | Reviewed issues pertaining to testimony given in asset allocation trial. |

**Capstone Advisory Group, LLC**
**Invoice for the 5/1/2014-5/31/2014 Fee Statement**

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/28/2014 | J. Hyland | 2.70 | Reviewed proceeds allocation expert report for trial expert. |
| 5/29/2014 | C. Kearns | 0.20 | Participated in call with A. Qureshi (counsel) re: trial strategy. |
| 5/29/2014 | C. Kearns | 0.30 | Reviewed expert cross outline. |
| 5/29/2014 | C. Kearns | 1.00 | Analyzed Malackowski direct examination in regard to asset allocation process. |
| 5/29/2014 | A. Cowie | 1.50 | Analyzed creditor recovery model in light of trial testimony in the asset allocation process. |
| 5/29/2014 | A. Cowie | 1.60 | Continued to analyze creditor recovery model in light of trial testimony in the asset allocation process. |
| 5/29/2014 | A. Cowie | 1.70 | Prepared trial support analysis for counsel in regard to asset allocation process. |
| 5/29/2014 | A. Cowie | 1.70 | Continued to analyze creditor recovery model in light of trial testimony in the asset allocation process. |
| 5/29/2014 | A. Cowie | 1.80 | Continued to analyze creditor recovery model in light of trial testimony in the asset allocation process. |
| 5/29/2014 | J. Borow | 2.10 | Reviewed court demonstratives submitted by witnesses. |
| 5/29/2014 | N. Haslun | 2.10 | Analyzed the trial testimony outline for a party-in-interest's allocation expert's testimony, in regards to the allocation process. |
| 5/29/2014 | J. Hyland | 2.20 | Continued assisting counsel in reviewing and preparation for a deposition of proceeds allocation experts. |
| 5/29/2014 | J. Hyland | 2.60 | Continued assisting counsel in reviewing and preparation for a deposition of proceeds allocation expert. |
| 5/29/2014 | J. Hyland | 2.80 | Continued assisting counsel in reviewing and preparation for a deposition of proceeds allocation expert. |
| 5/29/2014 | J. Hyland | 2.90 | Assisted counsel in reviewing and preparation for a deposition of proceeds allocation expert. |
| 5/30/2014 | A. Cowie | 0.70 | Continued to prepare analysis of recoveries as per an expert witness report in regard to asset allocation process. |
| 5/30/2014 | A. Cowie | 1.10 | Analyzed trial testimony in comparison to expert reports for the relevant estate(s) in regard to asset allocation process. |
| 5/30/2014 | J. Hyland | 1.20 | Met with counsel re: testimony plan for upcoming proceeds allocation experts. |

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/30/2014 | J. Hyland | 1.30 | Prepared analysis for counsel in preparation for deposition of a proceeds allocation expert. |
| 5/30/2014 | A. Cowie | 1.30 | Continued to analyze trial testimony in comparison to expert reports for the relevant estate(s) in regard to asset allocation process. |
| 5/30/2014 | A. Cowie | 1.30 | Continued to analyze trial testimony in comparison to expert reports for the relevant estate(s) in regard to asset allocation process. |
| 5/30/2014 | J. Hyland | 1.50 | Analyzed court testimony in regard to asset allocation process. |
| 5/30/2014 | A. Cowie | 1.80 | Continued to analyze trial testimony in comparison to expert reports for the relevant estate(s) in regard to asset allocation process. |
| 5/30/2014 | A. Cowie | 1.90 | Prepared analysis of recoveries as per an expert witness report in regard to asset allocation process. |
| 5/30/2014 | J. Hyland | 2.00 | Participated in deposition and breakout discussions for a proceeds allocation expert. |
| 5/30/2014 | J. Borow | 2.10 | Reviewed trial demonstratives of Bazelon. |
| 5/30/2014 | J. Hyland | 2.50 | Attended testimony of proceeds allocation expert, other court discussions, and breakout discussions in Toronto. |
| 5/30/2014 | N. Haslun | 2.60 | Analyzed the U.S. Debtor's rebuttal allocation expert report, in regards with the allocation process. |
| 5/31/2014 | J. Hyland | 2.30 | Analyzed proceeds allocation expert report calculations for upcoming testimony and potential trial exhibits. |
| Subtotal | | 503.40 | |

**05. Professional Retention/Fee Application Preparation**

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/1/2014 | A. Cowie | 1.90 | Reviewed March fee application. |
| 5/2/2014 | J. Hyland | 0.90 | Reviewed detailed time entries in March fee application. |
| 5/5/2014 | A. Cowie | 0.90 | Analyzed March fee application. |
| 5/7/2014 | J. Blum | 0.30 | Prepared March fee application. |
| 5/7/2014 | J. Blum | 0.40 | Prepared March fee application. |
| 5/7/2014 | J. Blum | 1.50 | Prepared March fee application. |
| 5/7/2014 | M. Haverkamp | 1.80 | Prepared Nortel March 2014 fee application. |

**Capstone Advisory Group, LLC**
**Invoice for the 5/1/2014-5/31/2014 Fee Statement**

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/8/2014 | J. Blum | 0.30 | Prepared March fee application. |
| 5/8/2014 | J. Blum | 0.70 | Prepared March fee application. |
| 5/9/2014 | M. Haverkamp | 0.70 | Prepared March fee application. |
| 5/12/2014 | J. Hyland | 1.10 | Reviewed March fee application. |
| 5/13/2014 | J. Hyland | 0.60 | Continued reviewing March fee application. |
| 5/14/2014 | M. Haverkamp | 0.40 | Prepared April fee application. |
| 5/14/2014 | J. Blum | 2.10 | Worked on April's fee application. |
| 5/16/2014 | M. Haverkamp | 0.20 | Prepared April fee application. |
| 5/16/2014 | J. Blum | 0.40 | Worked on March's fee application. |
| 5/16/2014 | J. Borow | 1.10 | Reviewed fee application. |
| 5/16/2014 | A. Cowie | 1.10 | Analyzed March fee application. |
| 5/16/2014 | J. Blum | 1.40 | Worked on April's fee application. |
| 5/19/2014 | A. Cowie | 0.80 | Analyzed March fee application. |
| 5/21/2014 | A. Cowie | 0.40 | Analyzed March fee application. |
| 5/23/2014 | J. Hyland | 1.00 | Reviewed detailed time and expense descriptions for April fee application. |
| 5/24/2014 | J. Hyland | 1.30 | Reviewed the April fee application. |
| 5/27/2014 | M. Haverkamp | 0.10 | Revised April fee application based upon comments. |
| 5/27/2014 | J. Hyland | 0.80 | Reviewed portion of April 2014 fee application. |
| 5/27/2014 | J. Blum | 2.00 | Prepared the April fee application. |
| 5/28/2014 | J. Blum | 0.30 | Prepared the Twenty-First quarterly fee application. |
| 5/28/2014 | M. Haverkamp | 0.50 | Prepared quarterly fee application. |
| 5/28/2014 | J. Blum | 0.70 | Prepared the April fee application. |
| 5/28/2014 | J. Borow | 1.10 | Reviewed fee application for submission. |

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|---------------------------|
| 5/28/2014 | M. Haverkamp | 1.20 | Prepared April fee application. |
| 5/29/2014 | J. Hyland | 0.90 | Reviewed and submitted final April 2014 fee application and interim fee application. |
| Subtotal | | 28.90 | |

**06. Attend Hearings/Related Activities**

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|---------------------------|
| 5/8/2014 | J. Hyland | 1.70 | Listened to hearing on motion to strike experts and provided comments to counsel. |
| 5/8/2014 | C. Kearns | 1.70 | Dialed-in to court call for pre-trial hearing. |
| 5/8/2014 | J. Borow | 1.90 | Listened to hearing in joint bankruptcy courts. |
| 5/9/2014 | C. Kearns | 0.50 | Listened to portion of status conference with the courts re: confidentiality related issues. |
| 5/12/2014 | A. Cowie | 1.10 | Listened to court hearing in support of counsel in regard to asset allocation process. |
| 5/12/2014 | N. Haslun | 1.10 | Continued to listen to the Nortel joint allocation trial hearing, in regards to the allocation process. |
| 5/12/2014 | J. Hyland | 1.10 | Continued attending via court telephonic call in opening statements for the proceeds allocation hearing. |
| 5/12/2014 | A. Cowie | 1.30 | Listened to court hearing in support of counsel in regard to asset allocation process. |
| 5/12/2014 | N. Haslun | 1.30 | Continued to listen to the Nortel joint allocation trial hearing, in regards to the allocation process. |
| 5/12/2014 | J. Hyland | 1.30 | Continued attending via court telephonic call in opening statements for the proceeds allocation hearing. |
| 5/12/2014 | N. Haslun | 1.50 | Listened to the Nortel joint allocation trial hearing, in regards to the allocation process. |
| 5/12/2014 | A. Cowie | 1.50 | Listened to court hearing in support of counsel in regard to asset allocation process. |
| 5/12/2014 | J. Hyland | 1.50 | Attended via court telephonic call in opening statements for the proceeds allocation hearing. |
| 5/12/2014 | A. Cowie | 1.60 | Listened to court hearing in support of counsel in regard to asset allocation process. |
| 5/12/2014 | N. Haslun | 1.60 | Continued to listen to the Nortel joint allocation trial hearing, in regards to the allocation process. |

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/12/2014 | J. Hyland | 1.60 | Continued attending via court telephonic call in opening statements for the proceeds allocation hearing. |
| 5/13/2014 | N. Haslun | 0.60 | Continued to listen to the Joint Nortel trial, in regards to the allocation process. |
| 5/13/2014 | J. Hyland | 0.60 | Continued attending via court telephonic call in opening statements for the proceeds allocation hearing. |
| 5/13/2014 | C. Kearns | 0.70 | Listened to portion of Court Call - portion of Canada interests opening argument. |
| 5/13/2014 | C. Kearns | 1.30 | Listened to portion of Court Call - NNI opening argument. |
| 5/13/2014 | N. Haslun | 1.40 | Continued to listen to the Joint Nortel trial, in regards to the allocation process. |
| 5/13/2014 | J. Hyland | 1.40 | Continued attending via court telephonic call in opening statements for the proceeds allocation hearing. |
| 5/13/2014 | A. Cowie | 1.50 | Listened to trial court proceedings in support for counsel in regard to asset allocation process. |
| 5/13/2014 | N. Haslun | 1.50 | Continued to listen to the Joint Nortel trial, in regards to the allocation process. |
| 5/13/2014 | J. Hyland | 1.50 | Continued attending via court telephonic call in opening statements for the proceeds allocation hearing. |
| 5/13/2014 | A. Cowie | 1.60 | Listened to trial court proceedings in support for counsel in regard to asset allocation process. |
| 5/13/2014 | N. Haslun | 1.60 | Listened to the Joint Nortel trial, in regards to the allocation process. |
| 5/13/2014 | J. Hyland | 1.60 | Continued attending via court telephonic call in opening statements for the proceeds allocation hearing. |
| 5/14/2014 | J. Hyland | 0.30 | Continued attending telephonically the third day of the proceeds allocation trial. |
| 5/14/2014 | A. Cowie | 1.30 | Listened to trial proceedings in support of counsel in regard to allocation process. |
| 5/14/2014 | N. Haslun | 1.30 | Listened to the Nortel trial, in regards to the allocation process. |
| 5/14/2014 | J. Hyland | 1.30 | Attended telephonically the third day of the proceeds allocation trial. |
| 5/14/2014 | J. Hyland | 1.50 | Continued attending telephonically the third day of the proceeds allocation trial. |

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|---------------------------|
| 5/14/2014 | J. Hyland | 1.50 | Continued attending telephonically the third day of the proceeds allocation trial. |
| 5/14/2014 | N. Haslun | 1.60 | Continued to listen to the Nortel trial, in regards to the allocation |
| 5/15/2014 | A. Cowie | 0.70 | Listened to asset allocation trial proceedings in support of counsel. |
| 5/15/2014 | J. Hyland | 0.70 | Continued attending telephonically the fourth day of the proceeds allocation trial. |
| 5/15/2014 | A. Cowie | 0.90 | Listened to asset allocation trial proceedings in support of counsel. |
| 5/15/2014 | J. Hyland | 0.90 | Attended telephonically the fourth day of the proceeds allocation trial. |
| 5/15/2014 | A. Cowie | 1.30 | Listened to asset allocation trial proceedings in support of counsel. |
| 5/15/2014 | A. Cowie | 1.30 | Listened to asset allocation trial proceedings in support of counsel. |
| 5/15/2014 | J. Hyland | 1.30 | Continued attending telephonically the fourth day of the proceeds allocation trial. |
| 5/15/2014 | J. Hyland | 1.30 | Continued attending telephonically the fourth day of the proceeds allocation trial. |
| 5/15/2014 | C. Kearns | 1.50 | Listened to Hamilton testimony. |
| 5/20/2014 | C. Kearns | 0.50 | Listened to portion of Ricaurte testimony. |
| 5/20/2014 | N. Haslun | 0.70 | Continued to listen to the Nortel trial hearing, in regards to the allocation process. |
| 5/20/2014 | J. Hyland | 0.70 | Continued participating via live streaming in testimony from a fact witness. |
| 5/20/2014 | J. Hyland | 1.40 | Participated via live streaming in testimony from a fact witness. |
| 5/20/2014 | N. Haslun | 1.40 | Listened to the Nortel trial hearing, in regards to the allocation process. |
| 5/20/2014 | A. Cowie | 1.40 | Listened to asset allocation trial in support of counsel in regard to asset allocation process. |
| 5/20/2014 | A. Cowie | 1.80 | Listened to asset allocation trial in support of counsel in regard to asset allocation process. |
| 5/20/2014 | N. Haslun | 1.80 | Continued to listen to the Nortel trial hearing, in regards to the allocation process. |
| 5/20/2014 | J. Hyland | 1.80 | Continued participating via live streaming in testimony from a fact witness. |
| 5/21/2014 | N. Haslun | 1.20 | Listened to the Nortel joint trial, in regards to the allocation process. |

**Capstone Advisory Group, LLC**
**Invoice for the 5/1/2014-5/31/2014 Fee Statement**

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/21/2014 | N. Haslun | 1.20 | Continued to listen to the Nortel joint trial, in regards to the allocation process. |
| 5/21/2014 | J. Hyland | 1.20 | Continued participating via live streaming in testimony of a witness. |
| 5/21/2014 | J. Hyland | 1.20 | Continued participating via live streaming in testimony of a witness. |
| 5/21/2014 | C. Kearns | 1.30 | Continued to attend trial in Wilmington, DE. |
| 5/21/2014 | J. Hyland | 1.40 | Participated via live streaming in testimony of a fact witness. |
| 5/21/2014 | N. Haslun | 1.40 | Continued to listen to the Nortel joint trial, in regards to the allocation process. |
| 5/21/2014 | N. Haslun | 1.50 | Continued to listen to the Nortel joint trial, in regards to the allocation process. |
| 5/21/2014 | J. Hyland | 1.50 | Continued participating via live streaming in testimony of a witness. |
| 5/21/2014 | C. Kearns | 2.80 | Continued to attend trial in Wilmington, DE. |
| 5/21/2014 | C. Kearns | 2.90 | Attended trial in Wilmington, DE. |
| 5/22/2014 | J. Hyland | 0.70 | Continued participating via live streaming in a portion of testimony re: fact witness. |
| 5/22/2014 | A. Cowie | 1.10 | Listened to trial in support of counsel in asset allocation process. |
| 5/22/2014 | N. Haslun | 1.10 | Continued to listen to the Nortel joint trial, in regards to the allocation process. |
| 5/22/2014 | J. Hyland | 1.20 | Participated via live streaming in a portion of testimony re: fact witness. |
| 5/22/2014 | A. Cowie | 1.30 | Listened to trial in support of counsel in asset allocation process. |
| 5/22/2014 | N. Haslun | 1.30 | Listened to the Nortel joint trial, in regards to the allocation process. |
| 5/27/2014 | A. Cowie | 0.70 | Listened to trial in support of counsel in asset allocation process. |
| 5/27/2014 | N. Haslun | 0.70 | Continued to listen to the Nortel trial, in regards to the allocation |
| 5/27/2014 | J. Hyland | 0.70 | Continued participating via live streaming in a portion of testimony re: fact witness. |
| 5/27/2014 | J. Hyland | 1.40 | Participated via live streaming in a portion of testimony re: fact witness. |
| 5/27/2014 | A. Cowie | 1.40 | Listened to trial in support of counsel in asset allocation process. |

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/27/2014 | N. Haslun | 1.60 | Listened to the Nortel trial, in regards to the allocation process. |
| 5/28/2014 | N. Haslun | 1.10 | Continued to listen to the Nortel trial, in regards to the allocation |
| 5/28/2014 | J. Hyland | 1.10 | Continued participating via live streaming in a testimony of a proceeds allocation witness. |
| 5/28/2014 | J. Hyland | 1.30 | Participated via live streaming in testimonies by a fact witness and a proceeds allocation expert. |
| 5/28/2014 | N. Haslun | 1.30 | Continued to listen to the Nortel trial, in regards to the allocation process. |
| 5/28/2014 | J. Hyland | 1.40 | Participated via live streaming in a testimony of a proceeds allocation witness. |
| 5/28/2014 | J. Hyland | 1.40 | Participated via live streaming in a testimony by a fact witness. |
| 5/28/2014 | N. Haslun | 1.40 | Listened to the Nortel trial, in regards to the allocation process. |
| 5/28/2014 | N. Haslun | 1.40 | Continued to listen to the Nortel trial, in regards to the allocation process. |
| 5/28/2014 | J. Borow | 1.50 | Attended part of hearing in Wilmington, DE. |
| 5/28/2014 | J. Borow | 1.50 | Attended hearing in Wilmington, DE. |
| 5/28/2014 | J. Borow | 1.60 | Attended part of hearing in Wilmington, DE. |
| 5/28/2014 | J. Borow | 1.60 | Attended part of hearing in Wilmington, DE. |
| 5/29/2014 | B. Frizzell | 1.10 | Attended trial for Huffard testimony re: IP proceeds allocation. |
| 5/29/2014 | B. Frizzell | 1.30 | Attended trial for Malackowski testimony re: IP proceeds allocation. |
| 5/29/2014 | N. Haslun | 1.50 | Continued to listen to the Nortel hearing, in regards to the allocation |
| 5/29/2014 | J. Borow | 1.50 | Continued attendance of video presentation for trial in Delaware and Canada. |
| 5/29/2014 | N. Haslun | 1.60 | Listened to the Nortel hearing, in regards to the allocation process. |
| 5/29/2014 | J. Borow | 1.60 | Attended video presentation for trial in Delaware and Canada. |
| 5/29/2014 | N. Haslun | 1.70 | Continued to listen to the Nortel hearing, in regards to the allocation process. |
| 5/29/2014 | J. Borow | 1.70 | Continued attendance of video presentation for trial in Delaware and Canada. |
| 5/29/2014 | N. Haslun | 1.80 | Continued to listen to the Nortel hearing, in regards to the allocation process. |
| 5/29/2014 | J. Borow | 1.80 | Continued attendance of video presentation for trial in Delaware and Canada. |

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/29/2014 | B. Frizzell | 2.30 | Attended trial for Anderson testimony re: IP proceeds allocation. |
| 5/29/2014 | B. Frizzell | 2.40 | Attended trial for Malackowski testimony re: IP proceeds allocation. |
| 5/30/2014 | C. Kearns | 0.30 | Continued to listen to portion of trial - Malackowski cross-examination. |
| 5/30/2014 | J. Borow | 1.10 | Continued to attend thru internet trial in bankruptcy courts. |
| 5/30/2014 | N. Haslun | 1.20 | Continued to listen to Nortel Court hearing, in regards to the allocation process. |
| 5/30/2014 | J. Borow | 1.30 | Continued to attend thru internet trial in bankruptcy courts. |
| 5/30/2014 | J. Borow | 1.30 | Attended thru internet trial in bankruptcy courts. |
| 5/30/2014 | N. Haslun | 1.40 | Continued to listen to Nortel Court hearing, in regards to the allocation process. |
| 5/30/2014 | B. Frizzell | 1.40 | Attended trial for Malackowski testimony re: IP proceeds allocation. |
| 5/30/2014 | N. Haslun | 1.60 | Listened to Nortel Court hearing, in regards to the allocation process. |
| 5/30/2014 | N. Haslun | 1.80 | Continued to listen to Nortel Court hearing, in regards to the allocation process. |
| 5/30/2014 | J. Borow | 1.80 | Continued to attend thru internet trial in bankruptcy courts. |
| 5/30/2014 | B. Frizzell | 1.90 | Continued to attend trial for Malackowski testimony re: IP proceeds allocation. |
| 5/30/2014 | C. Kearns | 2.70 | Listened to portion of trial - Malackowski cross-examination. |
| Subtotal | | 153.30 | |

**08. Interaction/Mtgs w Creditors**

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/1/2014 | J. Hyland | 0.50 | Participated in UCC call with UCC members and UCC professionals. |
| 5/1/2014 | J. Borow | 0.50 | Participated in meeting of UCC and counsel to UCC in regard to asset allocation process. |
| 5/1/2014 | J. Borow | 0.60 | Prepared for meeting of UCC and counsel to UCC in regard to asset allocation process. |
| 5/9/2014 | J. Borow | 0.40 | Prepared for meeting with UCC and professionals. |
| 5/9/2014 | J. Hyland | 0.70 | Participated in UCC call with UCC members and professionals. |

**Capstone Advisory Group, LLC**
**Invoice for the 5/1/2014-5/31/2014 Fee Statement**

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/9/2014 | J. Borow | 0.70 | Participated in meeting with UCC and professionals. |
| 5/9/2014 | C. Kearns | 0.70 | Participated in call with UCC re: re-trial matters. |
| 5/9/2014 | J. Borow | 1.40 | Participated in meeting with bondholders and their counsel. |
| 5/9/2014 | J. Borow | 1.90 | Prepared for meeting with bondholders and their counsel. |
| 5/12/2014 | J. Hyland | 0.10 | Conducted call with M. Fagen (counsel) re: case status. |
| 5/13/2014 | J. Borow | 0.10 | Prepared for meeting with UCC and professionals. |
| 5/13/2014 | C. Kearns | 0.10 | Emailed with counsel re: preparation for UCC call. |
| 5/13/2014 | A. Cowie | 0.90 | Prepared analyses for counsel in regard to weekly UCC teleconference. |
| 5/13/2014 | J. Hyland | 0.90 | Participated in UCC call with UCC members and professionals. |
| 5/13/2014 | J. Borow | 0.90 | Participated in meeting with UCC and professionals. |
| 5/13/2014 | C. Kearns | 0.90 | Participated in call with UCC to discuss proposed partial asset allocation settlement. |
| 5/22/2014 | J. Hyland | 1.20 | Participated in UCC call with UCC members and professionals. |
| 5/22/2014 | C. Kearns | 1.20 | Participated in UCC call for trial debrief. |
| 5/22/2014 | J. Borow | 1.20 | Participated in meeting with UCC and professionals. |
| 5/23/2014 | J. Hyland | 0.20 | Conducted call with R. Johnson (counsel) re: proceeds allocation trial logistics. |
| 5/29/2014 | C. Kearns | 0.50 | Participated in portion of UCC call re: trial status. |
| 5/29/2014 | J. Borow | 0.70 | Participated in meeting with UCC and professionals. |
| Subtotal | | 16.30 | |

**10. Recovery/SubCon/Lien Analysis**

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/16/2014 | J. Hyland | 2.70 | Continued analyzing estate recoveries based upon certain assumptions. |
| 5/16/2014 | J. Hyland | 2.80 | Analyzed estate recoveries based upon certain assumptions. |
| Subtotal | | 5.50 | |

**11. Claim Analysis/Accounting**

| Date | Professional | Hours | Detailed Time Description |
|---|---|---|---|
| 5/13/2014 | J. Hyland | 0.80 | Analyzed Canadian Claims schedule as of May 9, 2014. |
| 5/14/2014 | J. Hyland | 1.20 | Analyzed debt instruments related to claims. |
| 5/14/2014 | J. Hyland | 2.80 | Continued analyzing debt instruments related to claims. |
| 5/16/2014 | J. Hyland | 2.60 | Analyzed claims by estate. |
| 5/20/2014 | C. Kearns | 0.40 | Responded to inbound call from bondholder re: publicly available information on claims and assets. |
| Subtotal | | 7.80 | |

**13. Intercompany Transactions/Bal**

| Date | Professional | Hours | Detailed Time Description |
|---|---|---|---|
| 5/20/2014 | J. Hyland | 1.90 | Reviewed Restructuring Managers' March 2014 report on APAC. |
| 5/30/2014 | J. Hyland | 0.90 | Reviewed April Restructuring Manager's report on APAC. |
| Subtotal | | 2.80 | |

**17. Analysis of Historical Results**

| Date | Professional | Hours | Detailed Time Description |
|---|---|---|---|
| 5/1/2014 | N. Haslun | 1.20 | Analyzed historical Nortel financial information, in regards to the allocation process. |
| 5/1/2014 | N. Haslun | 1.70 | Continued to analyze historical Nortel financial information, in regards to the allocation process. |
| 5/9/2014 | N. Haslun | 1.70 | Continued to analyze Nortel historical financial information, in regards to the allocation process. |
| 5/9/2014 | B. Park | 2.00 | Analyzed Nortel historical financial information, in regards to the allocation process. |
| 5/9/2014 | B. Park | 2.00 | Analyzed Nortel historical financial information, in regards to the allocation process. |
| 5/9/2014 | M. Desalvio | 2.00 | Analyzed historical debt documents in regard to asset allocation process. |
| 5/9/2014 | N. Haslun | 2.20 | Continued to analyze Nortel historical financial information, in regards to the allocation process. |
| 5/9/2014 | N. Haslun | 2.40 | Analyzed Nortel historical financial information, in regards to the allocation process. |
| 5/9/2014 | A. Cowie | 2.50 | Continued to analyze historical financials for counsel's witness preparation in regard to asset allocation. |

**Capstone Advisory Group, LLC**                                          **Page 24 of 27**
**Invoice for the 5/1/2014-5/31/2014 Fee Statement**

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/9/2014 | M. Desalvio | 2.50 | Analyzed historical debt related documents in regard to asset allocation process. |
| 5/9/2014 | A. Cowie | 2.70 | Analyzed historical financials for counsel's witness preparation in regard to asset allocation. |
| 5/9/2014 | N. Haslun | 2.90 | Continued to analyze Nortel historical financial information, in regards to the allocation process. |
| 5/12/2014 | B. Park | 2.00 | Analyzed Nortel historical financial information, in regards to the allocation process. |
| 5/13/2014 | N. Haslun | 1.10 | Analyzed Nortel historical financial information, in regards to the allocation process. |
| 5/14/2014 | N. Haslun | 0.40 | Analyzed historical Nortel financial information, in regards to the allocation process. |
| 5/23/2014 | N. Haslun | 2.10 | Continued to analyze historical Nortel financial information, in connection with the allocation process. |
| 5/23/2014 | N. Haslun | 2.90 | Analyzed historical Nortel financial information, in connection with the allocation process. |
| 5/27/2014 | N. Haslun | 2.80 | Analyzed historical Nortel financial information, in regards to the allocation process. |
| 5/27/2014 | N. Haslun | 2.90 | Continued to analyze historical Nortel financial information, in regards to the allocation process. |
| Subtotal | | 40.00 | |

**19. Cash Flow/Cash Mgmt Liquidity**

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/2/2014 | J. Borow | 0.80 | Reviewed documents re: transfer of funds from existing institution. |
| 5/6/2014 | C. Kearns | 0.10 | Reviewed current status of NNL cash forecast. |
| 5/6/2014 | J. Hyland | 0.50 | Reviewed NNL's cash forecast. |
| 5/12/2014 | J. Hyland | 0.40 | Analyzed cash balances for counsel. |
| 5/15/2014 | J. Borow | 1.10 | Reviewed documents relating to management of cash accounts and related investment protocol. |
| Subtotal | | 2.90 | |

**33. Intellectual Property**

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/1/2014 | B. Kullberg | 1.50 | Reviewed brief re: IP allocation issues. |

**Capstone Advisory Group, LLC**                                                   **Page 25 of 27**
**Invoice for the 5/1/2014-5/31/2014 Fee Statement**

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/5/2014 | B. Frizzell | 0.40 | Researched issues for trial prep re: IP proceeds allocation. |
| 5/5/2014 | M. Dansky | 1.90 | Reviewed reply briefs and back up on IP issues, in regard to asset allocation process. |
| 5/9/2014 | B. Kullberg | 0.70 | Participated in call with counsel re: IP allocation issues. |
| 5/9/2014 | B. Frizzell | 1.10 | Researched damages expert issues re: IP in asset proceeds allocation. |
| 5/13/2014 | B. Kullberg | 1.00 | Participated in call with counsel re: IP allocation issues for asset allocation process. |
| 5/19/2014 | B. Frizzell | 1.60 | Reviewed documents for experts for trial prep re: IP proceeds allocation. |
| 5/20/2014 | B. Frizzell | 1.80 | Continued review of expert materials in prep for trial re: IP proceeds allocation. |
| 5/20/2014 | B. Frizzell | 2.60 | Reviewed expert materials in prep for trial re: IP proceeds allocation. |
| 5/21/2014 | B. Frizzell | 2.20 | Reviewed expert materials in prep for trial re: IP proceeds allocation. |
| 5/21/2014 | B. Frizzell | 2.40 | Continued review of expert materials in prep for trial re: IP proceeds allocation. |
| 5/22/2014 | B. Frizzell | 1.00 | Continued review of support materials in prep for expert testimony at trial re: IP proceeds allocation. |
| 5/22/2014 | B. Frizzell | 1.10 | Reviewed support materials in prep for expert testimony at trial re: IP proceeds allocation. |
| 5/22/2014 | B. Kullberg | 1.10 | Participated in call with counsel re: IP allocation issues. |
| 5/22/2014 | B. Frizzell | 2.50 | Continued review of support materials in prep for expert testimony at trial re: IP proceeds allocation. |
| 5/22/2014 | J. Hyland | 2.70 | Analyzed IP expert report positions of a testifying proceeds allocation |
| 5/22/2014 | J. Hyland | 2.90 | Reviewed IP expert report of a proceeds allocation expert testifier. |
| 5/23/2014 | B. Frizzell | 0.50 | Participated in call with counsel for expert witness prep on Bazelon re: IP proceeds allocation. |
| 5/23/2014 | B. Frizzell | 1.60 | Reviewed expert documents and sources for Malackowski re: IP proceeds allocation. |
| 5/23/2014 | B. Frizzell | 2.40 | Continued to review expert documents and sources for Malackowski re: IP proceeds allocation. |
| 5/23/2014 | J. Hyland | 2.60 | Continued reviewing IP expert report for proceeds allocation purposes. |

| Date | Professional | Hours | Detailed Time Description |
|------|-------------|-------|--------------------------|
| 5/23/2014 | J. Hyland | 2.90 | Reviewed IP expert report for proceeds allocation purposes. |
| 5/27/2014 | B. Frizzell | 0.70 | Continued to review expert documents and sources for a Debtors' expert re: IP proceeds allocation. |
| 5/27/2014 | B. Frizzell | 2.30 | Continued to review expert documents and sources for a Debtors' expert re: IP proceeds allocation. |
| 5/27/2014 | B. Frizzell | 2.50 | Reviewed expert documents and sources for a Debtors' expert re: IP proceeds allocation. |
| 5/28/2014 | N. Haslun | 1.60 | Analyzed trial demonstrative slides of a Debtors' IP allocation expert, in regards to the allocation process. |
| 5/28/2014 | B. Frizzell | 2.20 | Continued to review a Debtors' expert witness materials for trial prep re: IP proceeds allocation. |
| 5/28/2014 | B. Frizzell | 2.50 | Continued to review a Debtors' expert witness materials for trial prep re: IP proceeds allocation. |
| 5/28/2014 | B. Frizzell | 2.70 | Reviewed a Debtors' expert witness materials for trial prep re: IP proceeds allocation. |
| 5/29/2014 | B. Kullberg | 0.60 | Participated in call with counsel re: allocation trial. |
| 5/29/2014 | B. Frizzell | 1.00 | Reviewed materials in prep for a Debtors' expert's testimony re: IP proceeds allocation. |
| 5/29/2014 | B. Frizzell | 1.20 | Reviewed materials in prep for a Debtor's expert's testimony re: IP proceeds allocation. |
| 5/30/2014 | B. Frizzell | 0.80 | Reviewed materials in prep for trial re: IP proceeds allocation. |
| 5/30/2014 | B. Frizzell | 1.60 | Reviewed materials following Malackowski testimony re: IP proceeds allocation. |
| 5/31/2014 | B. Frizzell | 1.20 | Reviewed Malackowski trial testimony transcript re: IP proceeds |
| Subtotal | | 59.40 | |
| **Total Hours** | | **820.30** | |

**Capstone Advisory Group, LLC**
**Invoice for the 5/1/2014-5/31/2014 Fee Statement**

**Exhibit D**
**Nortel Networks Corporation**
**Capstone Advisory Group, LLC**
**Expense Detail**
**For the Period 5/1/2014 through 5/31/2014**

| Date | Professional | Description | Amount |
|------|-------------|-------------|--------|
| **Airfare/ Train** | | | |
| 5/19/2014 | B. Frizzell | Roundtrip coach airfare from Chicago to Toronto to attend trial on 5/29/14. | $1,228.95 |
| 5/20/2014 | C. Kearns | Train from NY Penn Station to Wilmington, D.E. | $174.00 |
| 5/27/2014 | J. Borow | Amtrak to and from Wilmington, D.E. to assist counsel in hearing in bankruptcy court. | $504.00 |
| 5/28/2014 | J. Hyland | Roundtrip coach airfare from Chicago to Toronto for allocation trial. | $1,882.81 |
| 5/29/2014 | B. Frizzell | Airfare charge fee for flight from Toronto to Chicago due to continued trial testimony. | $893.38 |
| 5/29/2014 | J. Hyland | Airfare change fee to accommodate additional day for witness testimony schedules. | $200.00 |
| **Subtotal - Airfare/ Train** | | | **$4,883.14** |
| **Auto Rental/Taxi** | | | |
| 5/28/2014 | B. Frizzell | Taxi from Toronto airport to Toronto hotel for allocation trial. | $60.06 |
| 5/28/2014 | B. Frizzell | Taxi from home to ORD for travel to Toronto for Nortel trial. | $38.50 |
| 5/28/2014 | J. Hyland | Taxi from Toronto airport to hotel for proceeds allocation trial. | $15.00 |
| 5/28/2014 | B. Frizzell | Taxi from restaurant to hotel while in Toronto for trial. | $11.32 |
| 5/28/2014 | J. Borow | Cab fare in Wilmington, D.E. to court for hearing. | $11.00 |
| 5/28/2014 | J. Borow | Cab home in Port Washington while traveling to Wilmington, D.E. for hearing | $8.00 |
| 5/30/2014 | B. Frizzell | Taxi from courthouse to airport in Toronto. | $61.93 |
| 5/30/2014 | B. Frizzell | Taxi from ORD to home for B. Frizzell while traveling for trial. | $40.00 |
| 5/30/2014 | J. Hyland | Taxi from Cassels' office to Toronto airport attending the proceeds allocation trial. | $25.00 |
| **Subtotal - Auto Rental/Taxi** | | | **$270.81** |

**Capstone Advisory Group, LLC**                                             **Page 1 of 3**
**Invoice for the 5/1/2014-5/31/2014 Fee Statement**

| Date | Professional | Description | Amount |
|------|-------------|-------------|--------|
| **Hotel** | | | |
| 5/28/2014 | J. Borow | Hotel in Wilmington, D.E. for one night excluding additional charges for allocation trial attendance. | $328.90 |
| 5/29/2014 | B. Frizzell | Hotel room charge excluding additional charges for one night at reasonable and customary rates while in Toronto for trial. | $374.14 |
| 5/30/2014 | J. Hyland | Hotel for two nights at reasonable and customary rate in Toronto, excluding additional charges. | $749.59 |
| 5/30/2014 | B. Frizzell | One night room charge excluding additional charges at reasonable and customary rates in Toronto for allocation trial. | $373.32 |
| **Subtotal - Hotel** | | | **$1,825.95** |
| **Meals** | | | |
| 5/28/2014 | J. Hyland | Meal during Toronto trip for proceeds allocation trial. | $45.17 |
| 5/28/2014 | B. Frizzell | Meal while traveling to Toronto for Nortel trial. | $28.00 |
| 5/28/2014 | B. Frizzell | Meal while in Toronto for the trial. | $27.38 |
| 5/28/2014 | B. Frizzell | Meal while in Toronto for the trial. | $23.50 |
| 5/28/2014 | J. Borow | Breakfast while in Toronto for allocation trial. | $16.00 |
| 5/28/2014 | J. Hyland | Meal during Toronto trip for proceeds allocation trial. | $14.32 |
| 5/29/2014 | B. Frizzell | Meal during Toronto trip for allocation trial. | $19.00 |
| 5/29/2014 | B. Frizzell | Meal during Toronto trip for allocation trial. | $13.00 |
| 5/29/2014 | J. Hyland | Meal during Toronto trip for proceeds allocation trial. | $6.42 |
| 5/30/2014 | B. Frizzell | Meal during Toronto trip for allocation trial. | $14.00 |
| 5/30/2014 | B. Frizzell | Meal while traveling from Toronto to Chicago. | $13.00 |
| 5/30/2014 | B. Frizzell | Meal during Toronto trip for allocation trial. | $13.00 |
| **Subtotal - Meals** | | | **$232.79** |
| **Mileage** | | | |
| 5/28/2014 | J. Hyland | Local mileage to and from airport for Toronto proceeds allocation trip. | $16.80 |
| 5/30/2014 | J. Hyland | Local mileage to and from airport for Toronto proceeds allocation trip. | $16.80 |

**Capstone Advisory Group, LLC**                                      **Page 2 of 3**
**Invoice for the 5/1/2014-5/31/2014 Fee Statement**

| Date | Professional | Description | Amount |
|------|--------------|-------------|--------|
| **Subtotal - Mileage** | | | **$33.60** |
| **Telecom** | | | |
| 5/5/2014 | CAG Direct | CourtCall Inv. #6250402 for proceeds allocation trial. | $233.00 |
| 5/5/2014 | CAG Direct | CourtCall Inv. #6250372 for proceeds allocation trial. | $219.00 |
| 5/5/2014 | CAG Direct | CourtCall Inv. #6250397 for proceeds allocation trial. | $184.00 |
| 5/5/2014 | CAG Direct | CourtCall Inv. #6250399 for proceeds allocation trial. | $177.00 |
| 5/5/2014 | CAG Direct | CourtCall Inv. #6250368 for proceeds allocation trial. | $177.00 |
| 5/5/2014 | CAG Direct | CourtCall Inv. #6250403 for proceeds allocation trial. | $100.00 |
| 5/28/2014 | B. Frizzell | International cellular data roaming charge while in Toronto for the trial. | $25.00 |
| 5/30/2014 | J. Hyland | Long distance/ out of country cell phone calls to Toronto for Nortel. | $2.45 |
| **Subtotal - Telecom** | | | **$1,117.45** |
| **For the Period 5/1/2014 through 5/31/2014** | | | $8,363.74 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X
                                                   :
In re                                              :        Chapter 11
                                                   :        Case No. 09-10138 (KG)
Nortel Networks Inc., <u>et al.</u>,[2]            :        Jointly Administered
                                                   :
                        Debtors                    :
                                                   :
-----------------------------------------------------------X

### <u>VERIFICATION</u>

STATE OF NEW YORK          )
                           ) SS:
COUNTY OF NEW YORK         )

        Jay Borow, being duly sworn according to law, deposes and says:

        a)      I am a Senior Member at the applicant firm, Capstone Advisory Group, LLC, and have been admitted to appear before this Court.

        b)      I have personally performed many of the professional services rendered by Capstone Advisory Group, LLC as financial advisor to the official committee of unsecured creditors and am familiar with the work performed on behalf of the official committee of unsecured creditors by the professionals and other persons in the firm.

        c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

d)      All services for which compensation is requested by Capstone were professional services performed for and on behalf of the Committee and not on behalf of any other person.

e)      I have reviewed the requirements of Local Rule 2016-2 and certify to the best of my information, knowledge and belief that this application complies with Local Rule 2016-2.

Executed on July 24, 2014

/s/ Jay Borow_____
Jay Borow