## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| | (Jointly Administered) |
| Debtors. | **RE: D.I. 14076** |

## PRELIMINARY OBJECTION AND MOTION OF THE MONITOR AND THE CANADIAN DEBTORS FOR AN ADJOURNMENT OF THE OBJECTION DEADLINE CONCERNING THE U.S. DEBTORS' 9019 MOTION AND FOR EXPEDITED DISCOVERY

Ernst & Young Inc., the court-appointed monitor (the "**Monitor**")[2] and foreign representative of Nortel Networks Corporation ("**NNC**") and certain of its Canadian direct and indirect subsidiaries (collectively, the "**Canadian Debtors**") in proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), pending before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**," and together with this Court, the "**Courts**"), together with the Canadian Debtors (together, the "**Movants**") hereby move this Court for the entry of an order, substantially in the form attached hereto as Exhibit A: (i) adjourning the deadline for the Movants' objection to the *Debtors' Motion For Entry Of An Order Pursuant To Bankruptcy Rule 9019 Approving Settlement Agreement By And Among Nortel Networks Inc., The Supporting Bondholders, And The Bank Of New York Mellon With Respect To The NNI Post-Petition*

---

[1]      The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226) (the "**U.S. Debtors**").

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the 9019 Motion.

*Interest Dispute And Related Issues*, filed July 24, 2014 (the "**9019 Motion**") [D.I. 14076], from August 11, 2014, to a later date to be determined by the Court, to allow for discovery related to the 9019 Motion; and (ii) expediting the time for the parties to that certain Agreement Settling the NNI Post-Petition Interest Dispute and Related Matters, dated as of July 24, 2014 (the "**Proposed Settlement Agreement**"), to respond to the Movants' discovery requests, which were served on the identified parties (the "**Discovery Parties**") by electronic mail on July 29, 2014, and by hand delivery on July 30, 2014 (copies of which are attached hereto as Exhibits B-I).

In support of this preliminary objection and motion, the Movants respectfully state as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      The Movants hereby notice their preliminary objection to the 9019 Motion, and will supplement this preliminary objection with a detailed objection after the Movants have been able to review the discovery sought herein.

2.      The Movants further seek the Court's assistance in ensuring that the Movants have a meaningful opportunity to take targeted discovery related to the Proposed Settlement Agreement.  Specifically, the Movants move for an order adjourning their current deadline to respond to the 9019 Motion, and granting expedited discovery concerning the 9019 Motion.  The relief sought herein is necessary to provide the Movants with a full and fair opportunity to obtain the discovery necessary regarding issues raised by the 9019 Motion.  To wit, this motion is brought to provide the Court with the factual material required to assess the merits of the 9019 Motion under the governing legal standard, and to ensure that the record before the Court concerning the Proposed Settlement Agreement is complete.

3.      Prior to the U.S. Debtors' filing of their 9019 Motion, the issues pending before the Court were purely legal in nature, *i.e.*, what is the appropriate measure of post-petition interest payable to the bondholders?  With the filing of their motion asking the Court to approve the Proposed Settlement Agreement, the U.S. Debtors have injected a fact-intensive analysis into the proceedings.   To determine whether to approve the Proposed Settlement Agreement, the governing law requires the Court to examine a number of fact-specific issues, including the parties' negotiations concerning the Proposed Settlement Agreement and the overall fairness of the proposed deal.   Indeed, the 9019 Motion is predicated on factual contentions that the Proposed Settlement Agreement is a compromise of claims that was "vigorously negotiated" to achieve a fair result for the estate and the creditors.   The Movants object to the Proposed Settlement Agreement because it does not meet the relevant standard, a position the Movants expect to amply demonstrate through targeted discovery.

4.      The limited record submitted by the U.S. Debtors does not permit fair or complete evaluation of the Proposed Settlement Agreement or the 9019 Motion.   Nor do the conclusory assertions that underlie their motion suffice for approval.   The U.S. Debtors do not offer any evidentiary support for their assertion that the Proposed Settlement Agreement was fairly negotiated at arm's length with due consideration of the interests of all the creditors and the estate.   Nor does the 9019 Motion on its face provide any detail concerning the supposed "vigorous" negotiations that took place, depriving the Movants of any first-hand knowledge of the negotiations.

5.      Indeed, on its face, the Proposed Settlement Agreement appears to provide little if any compromise, rather than being a full-fledged surrender of the post-petition interest issue with respect to holders of the Guaranteed Bonds, and provides substantial concern as to the consideration of the interests of stakeholders, including the 100% owners of the U.S. Debtors.

6.      Under these circumstances, discovery is required to provide the Movants with a meaningful opportunity to respond to and oppose the Proposed Settlement Agreement. Such discovery is crucial given that the parties to the Proposed Settlement Agreement did not involve the Movants in the settlement process.

7.      Without the relief sought in this motion, and proceeding under the Federal Rules of Civil Procedure, as made applicable under the Federal Rules of Bankruptcy Procedure, the Discovery Parties would have 30 days to respond to discovery requests and interrogatories served by the Movants.  *See* Fed. R. Civ. P. 33, 34.  That deadline would fall more than two weeks after the currently-scheduled August 11, 2014 deadline to oppose the 9019 Motion. Applying the default 30-day deadline for responses to discovery under the current schedule would thus enable parties to withhold responding to the Movants' discovery requests until after the clock has run out on the Movants' time to oppose the 9019 Motion.  Accordingly, the Movants seek certain procedural relief in extending the time to respond to the 9019 Motion and to shorten the discovery deadlines, all to ensure the fairness of the Court's consideration of the 9019 Motion and to provide the Movants with a meaningful opportunity to respond to the 9019 Motion.

8.      Given the magnitude of the Crossover Bond Claim Issues, the minor inconvenience to the U.S. Debtors from a brief and reasonable adjournment of the objection deadline is a small price to pay to secure the Movants' due process rights and ensure that the Court has an appropriate evidentiary basis on which to rule on the U.S. Debtors' motion.  At the same time, the Movants understand the desire for a prompt resolution.  As such, the Movants have tailored their discovery requests to the material factual issues raised in the 9019 Motion, and further request that discovery proceed on an expedited basis.

## JURISDICTION

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 147 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

10.      The statutory predicates for the relief requested herein are Section 105(a) of the Bankruptcy Code, Rules 7026, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9013-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## BACKGROUND

11.      Beginning on January 14, 2009, the U.S. Debtors commenced these proceedings under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). On the same date, the Canadian Proceedings were commenced, the Monitor was appointed by the Canadian Court, and the Canadian Court recognized these proceedings as "foreign proceedings" for the purposes of section 18.6 of the CCAA.  By order of this Court dated February 27, 2009, the Canadian proceedings were recognized as "foreign main proceedings" under chapter 15 of the Bankruptcy Code.

12.      As this Court is aware, much of the last year has been devoted to determining the allocation of the Sale Proceeds.  The Allocation Trial commenced before this Court and the Canadian Court on May 12, 2014.  The evidentiary portion of the Allocation Trial concluded on June 24, 2014.

13.      On June 19, 2014, the Monitor requested consideration of certain issues related to the crossover bond claims (the "**Crossover Bond Claim Issues**").  [D.I. 13880].  On June 30, 2014, this Court entered a scheduling order providing for the briefing of the Crossover Bond Claims Issues and setting a hearing to consider such issues for July 25, 2014.  [D.I. 13910].

Certain parties, including the Monitor, submitted initial and reply briefs concerning the Crossover Bond Claim Issues, which briefing was completed on July 22, 2014.

14.     During a telephonic conference with this Court held on July 24, 2014, the U.S. Debtors—with less than 24-hours' notice to the Movants—announced they had reached a settlement related to certain of the Crossover Bond Claim Issues.  [D.I. 14084].  During that telephonic conference, the U.S. Debtors filed the 9019 Motion with the Proposed Settlement Agreement attached.  [D.I. 14076].  Subsequent to the telephonic conference, the U.S. Debtors filed a revised notice of motion in connection with the 9019 Motion providing that the deadline for objections to the 9019 Motion would be August 11, 2014.  [D.I. 14082].

15.     Based on the Cross-Border Protocol on the Resolution of Claims, approved by this Court's order dated September 16, 2010 [D.I. 3956], the Movants reasonably expected to be consulted in connection with any attempted settlement related to the crossover bond claims, and to receive sufficient notice so that they could (i) properly determine whether to join in such settlement and (ii) if they did not agree with such settlement, to request a joint hearing.  No effort was made by the U.S. Debtors to include the Movants in the negotiation of the Proposed Settlement Agreement.  Instead, the U.S. Debtors did not comply with the relevant protocol, opting to proceed unilaterally by filing the 9019 Motion, and choosing not to notify the Movants of the Proposed Settlement Agreement until the night before the motion was filed.  The relief requested in this motion is necessary to permit the Court to provide the required review to the 9019 Motion.

## PRELIMINARY OBJECTION AND RESERVATION OF RIGHTS

16.     The 9019 Motion and the Proposed Settlement Agreement do not satisfy the applicable standards in this Circuit for approval of a settlement pursuant to Bankruptcy Rule 9019, as set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) and other

applicable case law.  More specifically, the 9019 Motion and the Proposed Settlement Agreement do not reflect proper consideration of the interests of all relevant stakeholders, including the 100% owners of the U.S. Debtors.  The U.S. Debtors have provided no evidentiary basis for the 9019 Motion, which itself contains only conclusory statements with respect to the arm's length nature of the negotiations that led to the Proposed Settlement Agreement.  Nor have they provided a sufficient factual basis to evaluate the business justification for the settlement, the scope of the settlement, and whether the settlement is fair and equitable.  Accordingly, discovery is required to understand the factual foundation on which the U.S. Debtors agreed to enter into the Proposed Settlement Agreement and to test whether the settlement is fair and equitable and in the best interests of the estate and the creditors.  The Movants reserve all of their rights and arguments with respect to the 9019 Motion and the Proposed Settlement Agreement, including, without limitation, the right to supplement the preliminary objections set forth herein.

## RELIEF REQUESTED

17.    By this motion, the Movants seek the entry of an order (i) adjourning the deadline for the Movants' objection to the 9019 Motion, and (ii) expediting the time for the Discovery Parties to respond to the Movants' discovery requests attached hereto as Exhibits B-I.

## BASIS FOR RELIEF REQUESTED

18.    The purpose of Bankruptcy Rule 9019 is "to ensure that creditors be given notice of the settlement and provided with the opportunity to object," and to permit the court "to independently review the settlement to ensure that it is in the estate's best interest."  *Nickless v. McGrail & McGrail (In re Dooley)*, 399 B.R. 340, 349 (Bankr. D. Mass. 2009) (citation omitted); *see also In re Iridium Operating LLC*, 478 F.3d 452, 461-62 (2d Cir. 2007) (noting that the "clear purpose" of Bankruptcy Rule 9019 is "to prevent the making of concealed agreements which are unknown to the creditors and unevaluated by the court" (citation and internal quotation

marks omitted)).  A bankruptcy settlement should be approved only if it its "fair and equitable" and "in the best interests of the estate."  *In re Resorts Int'l*, 145 B.R. 412, 451 (Bankr. D.N.J. 1990) (citations omitted).

19.    In considering a proposed settlement, a "court must act independently, out of its own initiative, for the benefit of all creditors."  *In re Boston & Providence R.R. Corp.*, 673 F.2d 11, 13 (1st Cir. 1982).  Furthermore, due to the unique nature of the bankruptcy process, a court "must carefully examine settlements before approving them."  *Will v. Northwestern Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006) (citation omitted).  "Under Rule 9019(a), the bankruptcy court has a duty to make an informed, independent judgment that the compromise is fair and equitable."  *In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005), *aff'd mem.*, 2006 WL 2842462 (D. Del. Oct 2, 2006).  In performing this analysis, courts place particular emphasis on "the fairness of the settlement to other persons, *i.e.*, the parties who did not settle."  *In re Nutraquest,* 434 F.3d at 645 (citation omitted).

20.    To determine whether the Proposed Settlement Agreement is fair and equitable, and meets the required standard, courts regularly examine a number of different fact-intensive factors, including (i) the probability of success in litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors.  *See, e.g., In re Martin*, 91 F.3d at 393; *In re Exide Techs.*, 303 B.R. 48, 67-68 (Bankr. D. Del. 2003).  In cases where there is a likelihood of recovery for equity, "a Court can and should consider the interest of equity holders in applying the fourth *Martin* factor."  *In re RNI Wind Down Corp.*, 348 B.R. 286, 298 (Bankr. D. Del. 2006).  In addition, courts also consider "the extent to which the settlement is the product of arm's length bargaining," *In re Iridium Operating LLC*, 478 F.3d at 462 (citation and internal quotation marks omitted), as well as "all other factors relevant to a full

and fair assessment of the wisdom of the proposed compromise," *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

21.     This fact-intensive inquiry cannot properly be carried out without the opportunity to conduct reasonable discovery.   Rule 26(b)(1) of the Federal Rules of Civil Procedure, made applicable to this matter by Bankruptcy Rules 7026, 9013 and 9014 and Local Rule 9013-1, permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."   Fed. R. Civ. P. 26(b)(1).   When approval of a settlement agreement is sought in a contested matter, parties have the right to obtain discovery relating to the proposed settlement agreement.   *See In re Racing Servs. Inc.*, 332 B.R. 581, 585-86 (8th Cir. BAP 2005) (noting that parties have right to engage in discovery where approval of settlement agreement is sought, and holding that district court abused discretion where it approved settlement without permitting discovery, receiving evidence or holding evidentiary hearing).

22.     The need for such discovery here is highlighted by the omission by the U.S. Debtors of any evidentiary support for the factual predicate of the 9019 Motion.  The U.S. Debtors repeatedly assert that the Proposed Settlement Agreement is a compromise that was "vigorously negotiated" and is the result of "arm's length settlement" (*see* 9019 Motion at 2, 11, 18), but their motion papers lack any evidence, facts or specific detail to support such contentions.  Instead, the U.S. Debtors filed their motion solely with unsworn and unsupported assertions and arguments.   There is no discussion of the factors that were discussed in the supposed negotiations that took place, the individuals involved in such negotiations, the particular data that was reviewed in connection with such negotiations, the analyses and advice that informed the decision to enter the settlement, or the consideration given to the interests of all stakeholders.  The merits of the U.S. Debtors' motion seeking approval of the settlement cannot

be evaluated in full without an understanding of these and other facts, and the only way to acquire such an understanding is through the opportunity to conduct reasonable discovery.

23.    The Movants therefore respectfully request that they be given a reasonable opportunity to conduct discovery with respect to the critical evidentiary matters raised by the 9019 Motion in advance of the Movants' deadline to oppose the motion.  In an effort to expedite the Court's consideration of the 9019 Motion, the Movants served their initial discovery requests on the Discovery Parties by electronic mail on July 29, 2014 and by hand delivery on July 30, 2014, and are prepared to conduct discovery on an expedited timetable.  The Movants' discovery requests are tailored to obtain information required to develop a complete picture of the material issues raised in the 9019 Motion, and to test the critical factual assertions contained in the 9019 Motion.

24.    The Movants are doing everything possible to ensure that discovery is closed promptly, but the timing of the completion of the process is dependent upon the cooperation of the Discovery Parties.

25.    Counsel for the Movants have contacted counsel for the U.S. Debtors and the bondholders in an attempt to work out an agreed adjournment of the opposition date and matters relating to the discovery schedule.  As of the date of filing of this preliminary objection and motion, however, the parties have not reached an agreement and are continuing these discussions.  However, given the tight timeframe involved, the Movants could not delay filing this request.

## NOTICE

26.    Notice of this motion has been given via electronic transmission, first class mail, hand delivery or overnight mail to (i) the Core Parties; (ii) the U.S. Trustee; and (iii) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

## CONCLUSION

27.     For the foregoing reasons, the Movants respectfully request that the Court grant their motion for orders (i) adjourning the deadline for the Movants' objection to the 9019 Motion, and (ii) expediting the time for the Discovery Parties to respond to the Movants' discovery requests attached hereto as Exhibits B-I.

Dated: July 30, 2014
        Wilmington, Delaware

                                        **BUCHANAN INGERSOLL & ROONEY PC**

                                        /s/ Kathleen A. Murphy
                                        Mary F. Caloway (No. 3059)
                                        Kathleen A Murphy (No. 5215)
                                        919 North Market Street, Suite 1500
                                        Wilmington, Delaware 19801
                                        (302) 552-4200 (telephone)
                                        (302) 552-4295 (facsimile)
                                        mary.caloway@bipc.com
                                        kathleen.murphy@bipc.com

                                        -and-

                                        **ALLEN & OVERY LLP**

                                        Jacob S. Pultman
                                        Paul B. Keller
                                        Laura R. Hall
                                        1221 Avenue of the Americas
                                        New York, New York  10020
                                        (212) 610-6300 (telephone)
                                        (212) 610-6399 (facsimile)
                                        jacob.pultman@allenovery.com
                                        paul.keller@allenovery.com
                                        laura.hall@allenovery.com

                                        *Attorneys for Ernst & Young Inc., as Monitor*
                                        *and Foreign Representative of the Canadian*
                                        *Debtors*