# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| | (Jointly Administered) |
| Debtors. | |

**THE MONITOR AND THE CANADIAN DEBTORS' 30(B)(6) DEPOSITION NOTICE DIRECTED TO THE U.S. DEBTORS IN CONNECTION WITH THE U.S. DEBTORS' 9019 MOTION**

PLEASE TAKE NOTICE that in connection with the *Debtors' Motion For Entry Of An Order Pursuant To Bankruptcy Rule 9019 Approving Settlement Agreement By And Among Nortel Networks Inc., The Supporting Bondholders, And The Bank Of New York Mellon With Respect To The NNI Post-Petition Interest Dispute And Related Issues*, as filed on July 24, 2014 [D.I. 14076] (the "**9019 Motion**"), and in accordance with Federal Rule of Civil Procedure 30(b)(6), made applicable to this matter through Federal Rules of Bankruptcy Procedure 7026, 9013, and 9014 and Local Rule of the United States Bankruptcy Court for the District of Delaware 9013-1, Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") and foreign representative of Nortel Networks Corporation ("**NNC**") and certain of its Canadian direct and indirect subsidiaries (collectively, the "**Canadian Debtors**"), together with the Canadian Debtors, by their undersigned attorneys, will take the deposition upon oral examination of Nortel

---

[1] The debtors in the chapter 11 cases, along with the last four digits of each such debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

Networks Inc. and its affiliated debtors and debtors-in-possession (collectively, the "**U.S. Debtors**") through one or more representatives designated by the U.S. Debtors to testify on their behalf on the topics identified on the attached Schedule A. The deposition will commence at 9:00 a.m. (EDT) on August 18, 2014, at the offices of Allen & Overy LLP, located at 1221 Avenue of the Americas, New York, NY 10020, or such other time and place as may be mutually agreed.

The deposition will be taken under oath before a notary public or other person duly qualified to administer oaths and will be recorded by any means permitted under the Federal Rules of Civil Procedure, including videotaping and stenographic recording.

The Monitor and Canadian Debtors reserve the right to supplement or revise the topics identified in Schedule A, including, without limitation, based upon the documents produced and the interrogatory responses provided by any party in response to any information, evidence, documents, facts or things that hereafter may be discovered.

[*Intentionally left blank*]

Dated: Wilmington, Delaware
      July 29, 2014

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ Kathleen A. Murphy
Mary F. Caloway (No. 3059)
Kathleen A Murphy (No. 5215)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
kathleen.murphy@bipc.com

-and-

**ALLEN & OVERY LLP**

Jacob S. Pultman
Paul B. Keller
Laura R. Hall
1221 Avenue of the Americas
New York, NY  10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
jacob.pultman@allenovery.com
paul.keller@allenovery.com
laura.hall@allenovery.com

*Attorneys for Ernst & Young Inc., as Monitor and Foreign Representative of the Canadian Debtors*

3

## Schedule A

## DEFINITIONS

1. "9019 Motion" means the *Debtors' Motion For Entry Of An Order Pursuant To Bankruptcy Rule 9019 Approving Settlement Agreement By And Among Nortel Networks Inc., The Supporting Bondholders, And The Bank Of New York Mellon With Respect To The NNI Post-Petition Interest Dispute And Related Issues*, and Exhibit B to that motion, the proposed *Agreement Settling The NNI Post-Petition Interest Dispute And Related Matters*, as filed on July 24, 2014 [D.I. 14076].

2. "Crossover Bond Claims Opening Brief of the Monitor and the Canadian Debtors" means the *Opening Brief Of The Monitor And The Canadian Debtors Regarding Post-Petition Interest And Related Issues*, as filed on July 15, 2014 [D.I. 14023].

3. "NNC" means Nortel Networks Corporation.

4. "NNI" means Nortel Networks Inc.

5. "NNL" means Nortel Networks Limited.

6. "Crossover Bond Claim Issues" has the meaning ascribed to it in the Crossover Bond Claims Opening Brief of the Monitor and the Canadian Debtors.

7. "PPI Dispute" has the meaning ascribed to it in the 9019 Motion.

8. "PPI Settlement Agreement" has the meaning ascribed to it in the 9019 Motion.

9. "Supporting Bondholder(s)" has the meaning ascribed to it in the 9019 Motion.

**EXAMINATION TOPICS**

The topics on which examination is requested are:

1. The PPI Dispute and the settlement thereof, including:

   a. the PPI Settlement Agreement;

   b. the negotiations relating to the PPI Dispute;

   c. the negotiations relating to the PPI Settlement Agreement;

   d. the negotiations relating to the PPI Dispute that did not lead to an agreement;

   e. the considerations, including the financial, business, and legal considerations, relating to settling the PPI Dispute;

   f. any analysis, including financial, conducted in connection with settling the PPI Dispute; and

   g. any analysis relating to the potential distributions of assets under the various allocation positions.

2. The Crossover Bond Claim Issues, including:

   a. the negotiations relating to the Crossover Bond Claim Issues;

   b. the negotiations relating to the Crossover Bond Claim Issues that did not lead to an agreement;

   c. the considerations, including the financial, business, and legal considerations, relating to settling the Crossover Bond Claim Issues;

   d. any analysis, including financial, conducted in connection with settling the Crossover Bond Claim Issues; and

   e. any analysis relating to the potential distributions of assets under the various allocation positions.

3. The facts relating to the exercise of the fiduciary duties of the directors and officers of NNI in connection with the PPI Dispute.

4. The challenges relating to succeeding on the merits of the position taken with respect to the PPI Dispute:

   a. the facts relating to whether (i) the federal judgment rate as set forth in 28 U.S.C. § 1961, (ii) the applicable contract rate, or (iii) the rate of post-petition interest reflected by the terms of the PPI Settlement Agreement in each case could or could not be achieved through litigation; and

   b. the facts relating to the difficulty in collecting the amount of post-petition interest that could be awarded through further litigation of the PPI Dispute.

5. The facts relating to the complexity of the litigation over the PPI Dispute, and the expense, inconvenience and delay necessarily attending to litigation over the PPI Dispute.

6. Consideration of the paramount interests of each creditor and interest-holder in proposing the PPI Settlement Agreement, including:

   a. all facts relating to whether the PPI Settlement Agreement is in the best interest of each creditor; and

   b. consideration of the interests of NNL or NNC in the PPI Settlement Agreement and settlement negotiations.