# EXHIBIT F

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| | (Jointly Administered) |
| Debtors. | |

## THE MONITOR AND THE CANADIAN DEBTORS' INTERROGATORIES TO THE U.S. DEBTORS IN CONNECTION WITH THE U.S. DEBTORS' 9019 MOTION

PLEASE TAKE NOTICE that Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") and foreign representative of Nortel Networks Corporation ("**NNC**") and certain of its Canadian direct and indirect subsidiaries (collectively, the "**Canadian Debtors**") in proceedings (the "**Canadian Proceedings**") under Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), pending before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**," and together with this Court, the "**Courts**"), together with the Canadian Debtors, hereby serve and request that the U.S. Debtors answer the following interrogatories (the "**Interrogatories**") in connection with the *Debtors' Motion For Entry Of An Order Pursuant To Bankruptcy Rule 9019 Approving Settlement Agreement By And Among Nortel Networks Inc., The Supporting Bondholders, And The Bank Of New York Mellon With Respect To The NNI Post-Petition Interest Dispute And Related Issues*, as filed on July 24, 2014 [D.I. 14076] (the "**9019 Motion**"), in accordance with the Federal Rules of

---

[1]     The debtors in the chapter 11 cases, along with the last four digits of each such debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226) (collectively, the "**U.S. Debtors**").

Civil Procedure made applicable to this contested matter through Rules 7026, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware. The responses are to be provided in full and in writing, under oath where required by law, to Jacob Pultman at Allen & Overy LLP, 1221 Avenue of the Americas, New York, NY 10020 within the time permitted by the Federal Rules or as by ordered by the Court.

### DEFINITIONS

1.      Incorporated herein by this reference are the definitions of the terms used in the "Definitions" section of the discovery requests as served on May 22, 2013 [D.I. 10630].

2.      "Identify" means the response must state: (a) when referring to a transaction, the date and place of the transaction, the documents evidencing the transaction, all persons and entities involved in the transaction and the general substance of the transaction; and (b) when referring to a person, to the extent known, the person's full name, employer(s) during the relevant time period, title(s) and position(s) held during the relevant time period, last known complete home and business address, email address and phone number.

3.      The term "Non-Party" means any entity or individual other than the "Supporting Bondholder(s)," "NNI," and the "Indenture Trustee," as defined below.

4.      "Bankruptcy Code" means title 11 of the United States Code.

5.      "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure.

6.      The following terms have the meaning ascribed to them in the 9019 Motion and Exhibit B to that motion, as filed on July 24, 2014:

- "PPI Dispute"

- "PPI Settlement Agreement"

- "Supporting Bondholder(s)"

- "Indenture Trustee"

- "Parties"

-  "NNI"

- "Committee"

## INSTRUCTIONS

1.      Each interrogatory operates and shall be responded to independently, and unless otherwise indicated, no interrogatory limits the scope of any other interrogatory.

2.      If an objection is made to any part of an interrogatory, the response shall state that there is an objection to the interrogatory and the legal and factual basis for such objection.

3.      No part of an interrogatory shall be left unanswered merely because an objection is made to another part of the interrogatory.

4.      If the response to any interrogatory consists in whole or in part of an objection based upon undue burden, then with respect to such response:  (a) provide such information as can be ascertained without undue burden; and (b) state with particularity the basis for such objection, including a description of the process or method required to obtain the response to the interrogatory and the estimated cost and time required to obtain the response to the interrogatory.

5.      If you cannot answer any interrogatory in full after exercising due diligence to secure the information to do so, please so state and answer the interrogatory to the extent possible, explaining any inability to answer the remainder of any such interrogatory and stating all information or knowledge presently available to you concerning the unanswered portion of said interrogatory.

6.      Whenever necessary to bring within the scope of the interrogatory responses that might be otherwise construed outside to be outside their scope, construe:

a.      "and" and "or" conjunctively or disjunctively as necessary to make the

Interrogatories inclusive rather than exclusive;

b.      "all" and "each" as "all and each;"

c.      the use of the singular form of any word as including the plural and vice

versa;

d.      the use of a verb in any tense as the use of that verb in all other tenses; and

e.      the use of the feminine, masculine or neuter genders as including all

genders.

**7.**      The Interrogatories are continuing in nature and you are required promptly to

serve supplementary responses if you obtain further or different information.

## INTERROGATORIES

**Interrogatory No. 1:** Identify the facts, Documents, applicable law, evidence and/or

provisions under the Bankruptcy Code or Bankruptcy Rules that tend to support or negate the

proposition that settlement negotiations were conducted at arm's length, and describe in detail

the efforts undertaken by the Parties and Non-Parties to ensure that the settlement negotiations

concerning the PPI Dispute were conducted at arm's length.

**Interrogatory No. 2:** Describe in detail the roles played by Luis Fernando Guerra Sanz

and John J. Ray III in negotiations concerning the PPI Dispute.

**Interrogatory No. 3:** Identify the facts, Documents, applicable law, evidence and/or

provisions under the Bankruptcy Code or Bankruptcy Rules that demonstrate the Parties' and

Non-Parties' consideration of the probability of successfully litigating the PPI Dispute, including

without limitation the probability of a determination that, with respect to the PPI Dispute, each of

the following would apply: (i) the federal judgment rate as set forth in 28 U.S.C. § 1961; (ii) the

4

applicable contract rate or (iii) the rate of post-petition interest reflected by the terms of the PPI

Settlement Agreement.

**Interrogatory No. 4:** Identify the facts, Documents, applicable law, evidence and/or

provisions under the Bankruptcy Code or Bankruptcy Rules that demonstrate the Parties' and

Non-Parties' probability of successfully litigating the PPI Dispute, including without limitation

the probability of a determination that, with respect to the PPI Dispute, each of the following

would apply: (i) the federal judgment rate as set forth in 28 U.S.C. § 1961; (ii) the applicable

contract rate or (iii) the rate of post-petition interest reflected by the terms of the PPI Settlement

Agreement.

**Interrogatory No. 5:** Identify the facts, Documents, applicable law, evidence and/or

provisions under the Bankruptcy Code or Bankruptcy Rules that demonstrate the Parties' and

Non-Parties' consideration of the likelihood of difficulty in collecting any amounts awarded

through a litigated resolution of the PPI Dispute.

**Interrogatory No. 6:** Identify the facts, Documents, applicable law, evidence and/or

provisions under the Bankruptcy Code or Bankruptcy Rules that demonstrate the likelihood of

difficulty of collecting any amounts awarded through a litigated resolution of the PPI Dispute.

**Interrogatory No. 7:** Identify the facts, Documents, applicable law, evidence and/or

provisions under the Bankruptcy Code or Bankruptcy Rules that demonstrate the Parties' and

Non-Parties' consideration of the complexity of the litigation over the PPI Dispute, and the

expense, inconvenience and delay attending to litigation over the PPI Dispute.

**Interrogatory No. 8:** Identify the facts, Documents, applicable law, evidence and/or

provisions under the Bankruptcy Code or Bankruptcy Rules tending to support or refute that

litigation concerning the PPI Dispute is or would be complex, expensive, inconvenient or subject to delay.

**Interrogatory No. 9:** Identify the facts, Documents, applicable law, evidence and/or provisions under the Bankruptcy Code or Bankruptcy Rules that demonstrate the Parties' and Non-Parties' consideration of the paramount interests of creditors and interest-holders in proposing the PPI Settlement Agreement.

**Interrogatory No. 10:** Identify the facts, Documents, applicable law, evidence and/or provisions under the Bankruptcy Code or Bankruptcy Rules that the PPI Settlement Agreement is in the paramount interests of creditors and interest-holders.

**Interrogatory No. 11:** Identify the facts, Documents, applicable law, evidence and/or provisions under the Bankruptcy Code or Bankruptcy Rules that demonstrate the Parties' and Non-Parties' consideration or lack of consideration of the interests of NNL or NNC in the PPI Settlement Agreement and settlement negotiations.

**Interrogatory No. 12:** Identify the facts, Documents, applicable law, evidence and/or provisions under the Bankruptcy Code or Bankruptcy Rules that demonstrate NNI's consideration or lack of consideration of its fiduciary duties to act in the interest of NNL or NNC with regard to the PPI Dispute and the PPI Settlement Agreement.

**Interrogatory No. 13:** Identify the facts, Documents, applicable law, evidence and/or provisions under the Bankruptcy Code or Bankruptcy Rules that tend to support or refute the proposition that the PPI Settlement Agreement is in the best interests of NNL or NNC.

**Interrogatory No. 14:** Describe in detail the "discussions and negotiations to explore whether a consensual resolution of the PPI Dispute could be reached," and the "preliminary terms of a settlement," as referenced in ¶ 21 of the 9019 Motion, including

individuals participating in negotiations or advising the Parties or Non-Parties, dates of calls or meetings relating to settlement "discussions and negotiations," the length of those calls or meetings, each Party or Non-Parties' positions during settlement discussions and on the "preliminary terms of a settlement," the content of the "preliminary terms" of settlement, and the differences between the preliminary terms and the final terms of the PPI Settlement Agreement.

**Interrogatory No. 15:**        Describe in detail the "consult[ation] with the Committee regarding the Settlement Agreement," as referenced in ¶ 21 of the 9019 Motion, including individuals participating in the consultation or advising the Parties or Non-Parties, dates of calls or meetings relating to "consultation with the Committee," the length of those calls or meetings, and each Party or Non-Parties' positions during "consultation with the Committee."

**Interrogatory No. 16:**        Describe in detail the "vigorous negotiations" between the Parties, as referenced in ¶ 21 of the 9019 Motion, including individuals participating in negotiations or advising the Parties or Non-Parties, dates of calls or meetings relating to those "vigorous negotiations," the length of those calls or meetings, and each Party or Non-Parties' positions during those "vigorous negotiations."

**Interrogatory No. 17:**        Identify all individuals present at or involved in the "discussions and negotiations to explore whether a consensual resolution of the US PPI Dispute could be reached," as referenced in ¶ 21 of the 9019 Motion including without limitation Party or Non-Party representatives such as individuals from Cleary Gottlieb Steen & Hamilton LLP.

**Interrogatory No. 18:**        Identify all individuals present at or involved in the "vigorous negotiations" between the Parties, as referenced in ¶ 21 of the 9019 Motion including without limitation Party or Non-Party representatives such as individuals from Cleary Gottlieb Steen & Hamilton LLP.

**Interrogatory No. 19:** Describe in detail the analyses conducted by you, each Party and each Non-Party, or representatives, employees, or analysts of each Party or Non-Party, including without limitation Party or Non-Party representatives such as Cleary Gottlieb Steen & Hamilton LLP, regarding the impact of the PPI Settlement Agreement and any draft agreements or proposals made during negotiations, including without limitation, analysis of the financial implications of terms and the legal implications of settlement or non-settlement.

**Interrogatory No. 20:** Identify all witnesses (fact and expert) you may call at the hearing on the 9019 Motion.

**Interrogatory No. 21:** Identify all exhibits you may introduce at the hearing on the 9019 Motion.

**Interrogatory No. 22:** Identify each individual who negotiated or advised on the PPI Settlement Agreement on behalf of each Party and Non-Party, including without limitation Party or Non-Party representatives such as individuals from Cleary Gottlieb Steen & Hamilton LLP.

**Interrogatory No. 23:** Identify all correspondence between the Parties or Non-Parties and their representatives concerning the PPI Settlement Agreement or PPI Dispute negotiations.

**Interrogatory No. 24:** Describe, in detail, the consideration each Party to the PPI Settlement Agreement should expect to receive from proceeds recovered by NNI.

**Interrogatory No. 25:** Describe, in detail, the potential distributions of assets under the various allocation positions based on the PPI Settlement Agreement and the potential distributions of assets under the various allocation positions without application of the PPI Settlement Agreement.

8

Dated: July 29, 2014
Wilmington, Delaware

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ Kathleen A. Murphy
Mary F. Caloway (No. 3059)
Kathleen A Murphy (No. 5215)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
kathleen.murphy@bipc.com

-and-

**ALLEN & OVERY LLP**

Jacob Pultman
Paul Keller
Laura Hall
1221 Avenue of the Americas
New York, NY  10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
jacob.pultman@allenovery.com
paul.keller@allenovery.com
laura.hall@allenovery.com

*Attorneys for Ernst & Young Inc., as Monitor*
*and the Canadian Debtors*