# EXHIBIT H

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*:<br><br>Nortel Networks Inc., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered) |

**THE MONITOR AND THE CANADIAN DEBTORS'
REQUESTS FOR PRODUCTION FROM THE U.S. DEBTORS
IN CONNECTION WITH THE U.S. DEBTORS' 9019 MOTION**

PLEASE TAKE NOTICE that Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") and foreign representative of Nortel Networks Corporation ("**NNC**") and certain of its Canadian direct and indirect subsidiaries, including Nortel Networks Limited ("**NNL**") (collectively, the "**Canadian Debtors**") in proceedings (the "**Canadian Proceedings**") under Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), pending before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**," and together with this Court, the "**Courts**"), together with the Canadian Debtors, hereby serve and request that the U.S. Debtors respond to the following requests for production (the "**Requests for Production**") in connection with the *Debtors' Motion For Entry Of An Order Pursuant To Bankruptcy Rule 9019 Approving Settlement Agreement By And Among Nortel Networks Inc., The Supporting Bondholders, And The Bank Of New York Mellon*

---

[1] The debtors in the chapter 11 cases, along with the last four digits of each such debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226) (collectively, the "**U.S. Debtors**")

1

*With Respect To The NNI Post-Petition Interest Dispute And Related Issues*, as filed on July 24, 2014 [D.I. 140763] ("**9019 Motion**") in accordance with the Federal Rules of Civil Procedure, made applicable to this contested matter through Rules 7026, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware. The responses are to be provided to Jacob Pultman at Allen & Overy LLP, 1221 Avenue of the Americas, New York, NY 10020 within the time permitted by the Federal Rules or as by ordered by the Court.

**DEFINITIONS AND INSTRUCTIONS**

Incorporated herein by this reference are the definitions of the terms used in the "Definitions" section and the instructions outlined in the "Instructions" section of the discovery requests as served on May 22, 2013 [D.I. 10630].

The term "Non-Party" means any entity or individual other than the "Supporting Bondholder(s)," "NNI," and the "Indenture Trustee," as defined below.

The following terms have the meaning ascribed to them in the 9019 Motion and Exhibit B to that motion, as filed on July 24, 2014:

- "PPI Dispute"
- "PPI Settlement Agreement"
- "Supporting Bondholder(s)"
- "Indenture Trustee"
- "Parties"
- "NNI"
- "Committee"

2

Unless otherwise indicated, the relevant time period for purposes of these Requests is between June 6, 2014, and the date of your responses to these Requests.

To the extent that your responses to *The Monitor And The Canadian Debtors' Interrogatories To The U.S. Debtors In Connection With the U.S. Debtors' 9019 Motion*, Interrogatories Nos. 14, 15, 16 or 17 specify any dates prior to June 6, 2014, provide all documents relating thereto.

### REQUESTS

1. All documents and communications concerning the 9019 Motion, including:

    a) all documents you intend to rely upon in support of the 9019 Motion;

    b) all documents and exhibits you may introduce at the hearing on the 9019 Motion; and

    c) documents sufficient to identify any fact or expert witness you may introduce at the hearing on the 9019 Motion.

2. All documents and communications concerning the proposed PPI Settlement Agreement, including:

    a) drafts of the PPI Settlement Agreement;

    b) documents and communications sufficient to identify all individuals present at or involved in negotiations to settle the PPI Dispute, including the "discussions and negotiations to explore whether a consensual resolution of the US PPI Dispute could be reached," as referenced in ¶ 21 of the 9019 Motion, and the "vigorous negotiations" between the Parties, as referenced in ¶ 21 of the 9019 Motion;

    c) documents and communications sufficient to identify any individual who provided any financial, legal or business analysis or input to any Party or Non-Party, including without limitation Party or Non-Party representatives such as Cleary Gottlieb Steen & Hamilton LLP, on the PPI Dispute or on the PPI Settlement Agreement or draft agreements;

    d) calendar entries and invites for all meetings, calls and communications concerning settlement of the PPI Dispute;

e)  minutes and notes for all meetings, calls and communications concerning settlement of the PPI Dispute;

f)  documents and communications sufficient to establish when any negotiation meetings took place (whether in person, by teleconference or otherwise), concerning settlement of the PPI Dispute, how long those meetings lasted, and the identity of each person involved in each such meeting;

g)  documents and communications concerning the "vigorous negotiations" between the Parties, as referenced in ¶ 21 of the 9019 Motion, including all documents concerning any preliminary negotiations and positions asserted in such negotiations;

h)  documents and communications concerning the "preliminary terms of a settlement finally resolving the US PPI Dispute in respect of the Guaranteed Bonds," as referenced in ¶ 21 of the 9019 Motion;

i)  all documents and communications provided to, sent to, reviewed by, or prepared by John J. Ray III concerning the PPI Dispute, the PPI Settlement Agreement, or draft agreements, including without limitation all documents and communications exchanged between John J. Ray III and the Parties or Non-Parties; and

j)  all documents and communications provided to, sent to, reviewed by, or prepared by Luis Fernando Guerra Sanz concerning the PPI Dispute, the PPI Settlement Agreement, or draft agreements, including without limitation all documents and communications exchanged between Luis Fernando Guerra Sanz and the Parties or Non-Parties.

k)  documents and communications concerning any analysis of the consideration and the amounts the Parties and Non-Parties may have received if the PPI Settlement Agreement had not been entered into, including without limitation documents created or distributed by Party or Non-Party advisors such as Cleary Gottlieb Steen & Hamilton LLP;

l)  documents and communications concerning any financial analysis of the proposed PPI Settlement Agreement, including without limitation documents created or distributed by Party or Non-Party representatives such as Cleary Gottlieb Steen & Hamilton LLP;

m)  documents and communications concerning potential distributions of assets under the various allocation positions, including without limitation documents created or distributed by Party or Non-Party representatives such as Cleary Gottlieb Steen & Hamilton LLP; and

4

    n)      documents and communications by, among, or to the Parties or Non-Parties concerning negotiations for the settlement of the PPI Dispute, including documents concerning the "discussions and negotiations to explore whether a consensual resolution of the US PPI Dispute could be reached," as referenced in ¶ 21 of the 9019 Motion and the "consult[ation] with the Committee regarding the Settlement Agreement," as referenced in ¶ 21 of the 9019 Motion.

3. All presentations provided to the Parties or Non-Parties concerning the costs and benefits of the proposed PPI Settlement Agreement and alternatives to the PPI Settlement Agreement, including:

    a)      presentations or materials provided to the board of directors and management of the U.S. Debtors relating to the proposed PPI Settlement Agreement, including without limitation documents created or distributed by Party or Non-Party representatives such as Cleary Gottlieb Steen & Hamilton LLP;

    b)      documents and communications provided to, sent to, reviewed by, or prepared by, Luis Fernando Guerra Sanz concerning the PPI Dispute, the PPI Settlement Agreement or draft agreements; and

    c)      documents and communications provided to, sent to, reviewed by, or prepared by, John J. Ray III concerning the PPI Dispute, the PPI Settlement Agreement or draft agreements.

4. Documents and communications concerning the interests of the creditors and interest-holders in the proposed PPI Settlement Agreement, including:

    a)      documents and communications tending to support or negate the proposition that the PPI Settlement Agreement is in the best interest of creditors and interest-holders; and

    b)      documents and communications sufficient to demonstrate the Parties' and Non-Parties' consideration of the paramount interests of creditors and interest-holders in proposing the PPI Settlement Agreement.

5. Documents concerning the complexity of litigation over the PPI Dispute, including:

    a)      documents and communications sufficient to demonstrate the Parties' and Non-Parties' consideration of the complexity of the litigation over the PPI Dispute, and the expense, inconvenience and delay attending to litigation over the PPI Dispute; and

    b)      documents and communications tending to support or negate the proposition that litigation concerning the PPI Dispute is or would be complex, expensive, inconvenient or subject to delay.

6. Documents and communications concerning the likelihood of successfully litigating the PPI Dispute, including without limitation the probability of a determination that, with respect to the PPI Dispute, each of the following would apply: (i) the federal judgment rate as set forth in 28 U.S.C. § 1961; (ii) the applicable contract rate; or (iii) the rate of post-petition interest reflected by the terms of the PPI Settlement Agreement.

7. Documents and communications sufficient to demonstrate the Parties' and Non-Parties' consideration of the probability of successfully litigating the PPI Dispute, including without limitation the probability of a determination that, with respect to the PPI Dispute, each of the following would apply: (i) the federal judgment rate as set forth in 28 U.S.C. § 1961; (ii) the applicable contract rate; or (iii) the rate of post-petition interest reflected by the terms of the PPI Settlement Agreement.

8. All documents and communications tending to support or negate the proposition that settlement negotiations concerning the PPI Dispute were conducted at arm's length.

9. All documents and communications concerning NNI's consideration of the interests of NNL or NNC in the PPI Dispute and proposed PPI Settlement Agreement including:

    a) documents and communications tending to support or negate the proposition that the PPI Settlement Agreement is in the best interest of NNL or NNC;

    b) documents and communications sufficient to demonstrate the Parties' and Non-Parties' consideration or lack of consideration of the interests of NNL or NNC in the PPI Settlement Agreement and settlement negotiations; and

    c) documents and communications sufficient to demonstrate NNI's consideration or lack of consideration of its fiduciary duty to act in the interest of NNL and NNC with regard to the PPI Dispute and the PPI Settlement Agreement.

[*Intentionally left blank*]

Dated: July 29, 2014
Wilmington, Delaware

**BUCHANAN INGERSOLL & ROONEY PC**

<u>/s/ Kathleen A. Murphy</u>
Mary F. Caloway (No. 3059)
Kathleen A Murphy (No. 5215)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
kathleen.murphy@bipc.com

-and-

**ALLEN & OVERY LLP**

Jacob Pultman
Paul Keller
Laura Hall
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
jacob.pultman@allenovery.com
paul.keller@allenovery.com
laura.hall@allenovery.com

*Attorneys for Ernst & Young Inc., as Monitor and the Canadian Debtors*