## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*, | Case No. 09-10138 (KG) |
| | (Jointly Administered) |
| Debtors. | **Re: D.I. 14076** |

**MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 102(1) AND 105(a), FED. R. BANKR. P. 9006 AND BANKR. D. DEL. L.R. 9006-1(e) SHORTENING NOTICE FOR PRELIMINARY OBJECTION AND MOTION OF THE MONITOR AND THE CANADIAN DEBTORS FOR ENTRY OF AN ORDER ADJOURNING THE OBJECTION DEADLINE CONCERNING THE U.S. DEBTORS' 9019 MOTION AND EXPEDITING DISCOVERY**

Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") and foreign representative of Nortel Networks Corporation ("**NNC**") and certain of its Canadian direct and indirect subsidiaries (collectively, the "**Canadian Debtors**") in proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), pending before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**," and together with this Court, the "**Courts**"), together with the Canadian Debtors (together, the "**Movants**") hereby move this Court (this "**Motion to Shorten**") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-1(e) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), shortening notice to allow the *Preliminary Objection And Motion Of The Monitor And The Canadian Debtors For An Adjournment Of The Objection Deadline Concerning The U.S. Debtors' 9019 Motion And For*

*Expedited Discovery* (the "**Discovery Motion**") to be considered at the Court's earliest convenience.  In support of this Motion to Shorten, the Movants respectfully represent as follows:

### JURISDICTION

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This Motion to Shorten is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.       The statutory predicates for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1(e).

### BACKGROUND

3.        As set forth more fully in the Discovery Motion, on June 19, 2014, the Monitor requested consideration of certain issues related to the crossover bond claims.  [D.I. 13880].  On June, 30, 2014, this Court entered a scheduling order providing for the briefing of the Crossover Bond Claim Issues[1] and setting a hearing to consider such issues for July 25, 2014.  [D.I. 13910].  Certain parties, including the Monitor, submitted initial and reply briefs concerning the Crossover Bond Claim Issues, which briefing was completed on July 22, 2014.

4.       During a telephonic conference with this Court held on July 24, 2014, the U.S. Debtors—with less than 24-hours' notice to the Movants—announced they had reached a settlement related to certain of the Crossover Bond Claim Issues.  [D.I. 14084].  During that telephonic conference, the U.S. Debtors filed the 9019 Motion with the Proposed Settlement Agreement attached.  [D.I. 14076].  Subsequent to the telephonic conference, the U.S. Debtors filed a revised notice of motion in connection with the 9019 Motion providing that the deadline for objections to the 9019 Motion would be August 11, 2014.  [D.I. 14082].

---

[1]       Terms not defined herein have the same meaning ascribed to them in the Discovery Motion.

5.      The current schedule for the 9019 Motion sets the objection deadline for August 11, 2014, 18 days from the date of the filing of the 9019 Motion and more than a month from the September 15, 2014 hearing to consider the 9019 Motion.  [D.I. 14082].

6.      In the Discovery Motion filed contemporaneously herewith, the Movants seek an order (i) adjourning the objection deadline for the 9019 Motion from August 11, 2014 to a later date, to be determined by the Court; and (ii) expediting the time for the parties to the Proposed Settlement Agreement to respond to the Movants' related discovery requests, which were served on July 29, 2014.

7.      Counsel for the Movants have contacted counsel for the U.S. Debtors and the Ad Hoc Group of Bondholders in an attempt to work out an agreed adjournment and discovery schedule.  As of the date of this Motion to Shorten, however, the parties have not reached an agreement with respect to this effort, but discussions are continuing.

## RELIEF REQUESTED

8.      By this Motion to Shorten, the Movants respectfully request that the Court enter an order, substantially in the form of the Proposed Order, (i) shortening notice with respect to the Discovery Motion; (ii) scheduling the Discovery Motion to be heard at the Court's earliest convenience; (iii) requiring objections, if any, to the Discovery Motion to be raised at a date set by the Court; and (iv) granting such other relief as may be just and proper.

## BASIS FOR RELIEF REQUESTED

9.      Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances.  11 U.S.C § 102(1).  Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

10.     Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006.

11.     Local Rule 9006-1 requires "all motion papers shall be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date."  However, Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

12.     The Movants respectfully submit that allowing the relief requested in the Discovery Motion to be considered on an expedited basis is reasonable and appropriate.  The current objection deadline for the 9019 Motion is 12 days from the filing of this Motion to Shorten and the accompanying Discovery Motion (and a mere 18 days from the filing of the 9019 Motion).  [D.I. 14082].  This deadline does not provide the Movants with sufficient time to develop in full its objections to the factual basis of the Proposed Settlement Agreement and thus to provide the Court with an adequate basis on which to determine the merits of the 9019 Motion.

13.     The purpose of Bankruptcy Rule 9019 is "to ensure that creditors be given notice of the settlement and provided with the opportunity to object," and to permit the court "to independently review the settlement to ensure that it is in the estate's best interest."  *Nickless v. McGrail & McGrail (In re Dooley)*, 399 B.R. 340, 349 (Bankr. D. Mass. 2009) (citation omitted); *see also In re Iridium Operating LLC*, 478 F.3d 452, 461-62 (2d Cir. 2007).

14.     As described more fully in the Movants' Discovery Motion, the 9019 Motion as currently scheduled does not provide an adequate basis for determining whether the settlement agreement is fair and equitable and meets the requirements of a proper settlement agreement.  To ensure that the evidentiary record is sufficiently developed to review the

Proposed Settlement Agreement under the governing analysis, the Movants seek in their Discovery Motion an order (i) adjourning the objection deadline for the 9019 Motion from August 11, 2014 to a later date, to be determined by the Court; and (ii) expediting the time for the parties to the Proposed Settlement Agreement to respond to the Movants' discovery requests.

15.     Because the currently scheduled deadline for objections to the 9019 Motion is 12 days from the date of the Discovery Motion, and because absent the relief sought herein, the Movants' Discovery Motion would not be heard until after the currently scheduled objections deadline, the Movants respectfully submit that allowing the Discovery Motion to be considered on shortened notice is reasonable and appropriate.  The Movants therefore request that a hearing on the Discovery Motion be held at the Court's earliest convenience.

## NOTICE

16.     Notice of this Motion to Shorten has been given via electronic transmission, first class mail, hand delivery or overnight mail to (i) the Core Parties; (ii) the U.S. Trustee; and (iii) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

## CONCLUSION

17.     For the foregoing reasons, the Movants respectfully request that the Court enter an order substantially in the form of the Proposed Order attached hereto as Exhibit A and grant such other and further relief as is appropriate under the circumstances.

5

Dated: Wilmington, Delaware
       July 30, 2014

**BUCHANAN INGERSOLL & ROONEY PC**

/s/  Kathleen A. Murphy
Mary F. Caloway (No. 3059)
Kathleen A Murphy (No. 5215)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
kathleen.murphy@bipc.com

-and-

**ALLEN & OVERY LLP**

Jacob S. Pultman
Paul B. Keller
Laura R. Hall
1221 Avenue of the Americas
New York, NY  10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
jacob.pultman@allenovery.com
paul.keller@allenovery.com
laura.hall@allenovery.com


*Attorneys for Ernst & Young Inc., as Monitor
and Foreign Representative of the Canadian
Debtors*