## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
:
*In re*                                                                  :
:
Nortel Networks Inc., *et al.*,                             :
:
                Debtors.                     :
:
:
:
-------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**Re: Docket No. 14117**

### JOINDER OF THE AD HOC GROUP OF BONDHOLDERS TO THE OBJECTION OF THE U.S. DEBTORS TO THE MOTION OF THE MONITOR AND CANADIAN DEBTORS FOR ADJOURNMENT OF THE OBJECTION DEADLINE CONCERNING THE U.S. DEBTORS' 9019 MOTION AND FOR EXPEDITED DISCOVERY

The *ad hoc* group of bondholders (the "Bondholder Group")[1] joins in the

objection of the Debtors (the "U.S. Debtors' Objection") to the Motion to Adjourn.[2]  Like it did

to the Debtors, the Monitor inundated the Bondholder Group with a flurry of "shoot first, ask

questions later" discovery that makes plain the Monitor's intention to distract the Court from the

merits of the 9019 Motion and needlessly prolong and make costly its resolution.[3]  Requiring the

Monitor to file any objection to the proposed settlement on the schedule provided for in the

---

[1]     The Bondholder Group consists of entities ("Bondholders") that hold bonds ("Bonds") issued or guaranteed by Nortel Networks Corporation ("NNC" and together with its affiliates worldwide, "Nortel"), Nortel Networks Limited "NNL" and together with NNC and certain of their subsidiaries, the "Canadian Estate"), Nortel Networks Inc. ("NNI"), and Nortel Networks Capital Corporation ("NNCC" and together with NNI and certain of its subsidiaries, the "Debtors").

[2]     All capitalized terms used but not defined herein shall have the meanings ascribed to them in the U.S. Debtors' Objection. [D.I. 14161]

[3]     The discovery sought by the Monitor is neither "targeted" nor "necessary."  The Monitor propounded 25 interrogatories and over 20 broad document requests on the Bondholder Group.  The Monitor also seeks a 30(b)(6) representative witness deposition of the Bondholder Group on a number of similarly broad topics.  The discovery sought by the Monitor bears little, if any, relationship to the inquiry to be made by the Court under Bankruptcy Rule 9019.  The Court should not allow the Monitor's excessive discovery—and certainly not on an expedited basis.  The Bondholder Group reserves its right to object to the discovery sought by the Monitor at the appropriate time.

applicable rules will permit the parties, and the Court, to understand whether there is a need for discovery from any party, including the Bondholder Group.

The Bondholder Group will respond in full to the Monitor's objection (if any) to the settlement when it is made, but the Monitor's "preliminary objection" merits a brief response to two points made therein.

First, the Monitor's Motion to Adjourn, coupled with its requests for extensive discovery, suggest that the Monitor intends to call into question the good faith of the Debtors and their professionals in entering into the settlement. This argument is not foreign to cases involving debtors in possession with conflicted management or management that is trying to protect itself against claims related to pre-petition conduct. It is, however, wholly remarkable here, where the Debtors are operated by an independent fiduciary, appointed post-petition, with no economic interest in the outcome of the case.

Second, and equally remarkably, the Monitor contends that the 9019 Motion represents a "*full-fledged surrender* of the post-petition interest issue with respect to the holders of the Guaranteed Bonds. . . ." (Mot. to Adjourn ¶ 5 (emphasis added).) In an effort to cause the Court to hear the US PPI Dispute, the Monitor previously argued to the Court that the US PPI Dispute was a *$1.6 billion issue* that was growing with accruals. As part of the settlement, the Bondholder Group and the Indenture Trustee have, among other things, agreed (i) to reduce the PPI claim to less than $900 million today, (ii) to reduce accrual of interest for one year, (iii) to stop accruals of interest after one year, and (iv) to leave all other creditors' rights unaffected by the settlement. This settlement therefore represents a more than $700 million discount off of the $1.6 billion plus issue identified by the Monitor. Now, however, the Monitor is arguing to the Court that this more than $700 million concession "provides little if any compromise" by the

bondholders.  In other words, for the purposes of challenging the settlement, the Monitor now

will argue that the US PPI Issue is not a $1.6 billion issue, but something much smaller.  If there

is a credibility question presented by the Motion to Adjourn, it is not a question of the credibility

of the Debtors.  The Court should see the Motion for what it is: an effort that will only cause

more expense and distraction.

   For the foregoing reasons, as well as those set forth in the U.S. Debtors'

Objection, the Bondholder Group respectfully joins in the request that the Motion to Adjourn be

denied.

Dated: August 5, 2014

        **PACHULSKI STANG ZIEHL & JONES LLP**

        */s/ Peter J. Keane*
        Laura Davis Jones (No. 2436)
        Peter J. Keane (No. 5503)
        919 N. Market Street, 17th Floor
        PO Box 8705
        Wilmington, Delaware 19899-8705 (Courier 19801)
        Telephone:  (302) 652-4100
        Facsimile:  (302) 652-4400
        -and-

        **MILBANK, TWEED, HADLEY & M$^C$CLOY LLP**
        Dennis F. Dunne
        Albert A. Pisa
        Andrew M. Leblanc
        Atara Miller
        1 Chase Manhattan Plaza
        New York, New York 10005-1413
        Telephone:  (212) 530-5000
        Facsimile:  (212) 530-5219

        -and-

        Thomas R. Kreller
        601 S. Figueroa Street, 30th Floor
        Los Angeles, California 90017
        Telephone: (213) 892-4463
        Facsimile: (213) 629-5063

        ***Attorneys for the Ad Hoc Group of Bondholders***