# EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
: Chapter 11
:
*In re* :
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
          Debtors. : (Jointly Administered)
:
---------------------------------------------------------X

### NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) DIRECTED TO NORTEL NETWORKS LIMITED

PLEASE TAKE NOTICE that in connection with the *Preliminary Objection and Motion of the Monitor and the Canadian Debtors for an Adjournment of the Objection Deadline Concerning the U.S. Debtors' 9019 Motion and for Expedited Discovery* [D.I. 14117] (the "Preliminary Objection") and pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable to this matter by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule of United States Bankruptcy Court for the District of Delaware 9013-1, Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession (collectively, the "U.S. Debtors"), will take the deposition upon oral examination of a representative or representatives of Nortel Networks Limited ("NNL"), by a person or persons on behalf of NNL having knowledge of the subjects identified in the attached Schedule A, before a notary public or other officer before

---

[1]     In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://epiq11.com/nortel.

whom depositions may be taken. The depositions will be taken at the offices of Cleary Gottlieb Steen and Hamilton LLP, One Liberty Plaza, NY, NY 10006, or such other location as is agreed by the U.S. Debtors and the noticed parties. The examinations will be held on August [•], 2014 at [•] and will continue until completed or adjourned. The depositions will be taken on oral examination under oath before a notary public or other person duly qualified to administer oaths and recorded by videographic and/or stenographic means. The depositions are being taken for the purpose of discovery, for use at trial or for such other purposes as may be permitted under the Federal Rules of Civil Procedure or the applicable Bankruptcy Rules.

Pursuant to Rule 30(b)(6) of the Federal Rules (made applicable by Rule 7030 of the Bankruptcy Rules), NNL shall designate one or more officers, directors, managing agents or other persons to testify on its behalf as to each of the matters set forth in Schedule A. The U.S. Debtors reserve the right to supplement or revise the matters listed in Schedule A, including without limitation, based upon the documents produced and the interrogatory responses provided by any parties in response to discovery propounded to date.

[*REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK*]

| | |
|---|---|
| Dated:  August [•], 2014<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>Howard S. Zelbo (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Jeffrey A. Rosenthal (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Facsimile:  (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>_____<br>Derek C. Abbott (No. 3376)<br>Ann C. Cordo (No. 4817)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |

To:

BUCHANAN INGERSOLL & ROONEY PC

Mary F. Caloway
Kathleen A. Murphy
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
Kathleen.murphy@bipc.com

*Attorneys for Ernst & Young Inc., as Monitor*
*And Foreign Representative of the Canadian*
*Debtors*

## SCHEDULE A

## DEFINITIONS[1]

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1. "9019 Motion" means the *Debtors' Motion for Entry of An Order Pursuant to Bankruptcy Rule 9019 Approving Settlement By and Among Nortel Networks Inc., The Supporting Bondholders, and The Bank of New York Mellon With Respect to the NNI Post-Petition Interest Dispute and Related Issues*, dated July 24, 2014 [D.I. 14076].

2. "Bondholders" means all holders of the Crossover Bonds.

3. "Canadian Debtors" means Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation.

4. "Concerning" means assessing, describing, constituting, containing, discussing, embodying, evidencing, identifying, recording, referring to, reflecting, regarding, relating to, showing, or stating the subject matter identified.

5. "Crossover Bonds" means those bonds governed by the Indenture dated as of July 5, 2006, as supplemented as of July 5, 2006, May 1, 2007, and May 28, 2008 (US $1B LIBOR + 4.25% due 2011; US $550M 10.125% due 2013; and US $1.125B 10.75% due 2016); and the Indenture dated as of March 28, 2007 (US $575M 1.75% due 2012 and US $575M 2.125% due 2014); and the Indenture dated as of February 15, 1996 (US $150M 7.875% due 2026).

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Debtors' Motion for Entry of An Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement By and Among Nortel Networks Inc., The Supporting Bondholders, and The Bank of New York Mellon With Respect To the NNI Post-Petition Interest Dispute and Related Issues, dated July 24, 2014 [D.I. 14076].

6. "Crossover Bond Claims" means those claims filed against the Debtors that relate to the Crossover Bonds.

7. "Debtors" means the above-captioned debtors.

8. "Monitor" means Ernst & Young Inc., in its capacity as the court-appointed monitor in the proceedings commenced under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended, in respect of the Canadian Debtors and each of its divisions, subsidiaries, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns; and present and former officers, directors, employees, agents, attorneys, accountants, and representatives of any of them; and any other person who currently or formerly acted or purported to act on behalf, or who are or have been subject to the direction or control of, any of the entities listed above, but notwithstanding the foregoing, excludes any other Core Parties.

9. "Monitor's Request" means the Memorandum of the Monitor Regarding Bondholder Claims Issues, dated June 19, 2014 [D.I. 13880] requesting the determination by the Ontario Superior Court of Justice and the Bankruptcy Court for the District of Delaware of issues regarding the entitlement of bondholders to post-petition interest.

10. "Person" means a natural person, individual, partnership, firm, labor organization, corporation, governmental body, or any kind of business or legal entity, its agents or employees.

11. "Petition Date" means January 14, 2009.

12. "PPI Dispute" means the dispute over the Bondholders' entitlement to post-petition interest in the Debtors' cases.

13. "Pre-petition" means any time before the Petition Date.

14. "Preliminary Objection" means the *Preliminary Objection and Motion of the Monitor and the Canadian Debtors for an Adjournment of the Objection Deadline Concerning the U.S. Debtors' 9019 Motion and for Expedited Discovery*, dated July 30, 2014 [D.I. 14177] objecting to the 9019 Motion.

15. "You" or "Your" as used herein means each of the Monitor and the Canadian Debtors, as well as any former or current member, owner, director, officer, employee, agent, trust, custodian, predecessor, successor, attorney, accountant, representative, parent, subsidiary, affiliate or other Person(s) purporting to act on behalf of the Monitor or the Canadian Debtors.

16. All other capitalized terms not defined herein shall have the meaning assigned to them in the 9019 Motion.

[*REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK*]

## DEPOSITION TOPICS

1. The facts relating to the consideration by NNL of the likelihood of successfully litigating the PPI Dispute, including without limitation the probability of a determination that, with respect to the PPI Dispute, each of the following would apply: (i) the federal judgment rate as set forth in 28 U.S.C. § 1961; or (ii) the applicable contract rate.

2. The facts relating to the consideration by NNL of the fairness of the PPI Settlement to the Canadian Debtors and to all creditors of the Debtors.

3. The facts relating to the consideration by NNL of (i) the complexity of the legal issues at issue in the PPI Dispute and (ii) the anticipated costs of litigation of the PPI Dispute, including, without limitation, consideration of the likelihood of appeal of any judicial determination regarding the PPI Dispute.

4. The facts relating to the consideration or pursuit by NNL of a possible consensual resolution of the PPI Dispute.

5. The facts relating to the consideration by NNL of the PPI Settlement, including consideration of the fairness of the PPI Settlement as a compromise of the PPI Dispute.

6. The facts relating to NNL's control over operations of the Debtors subsequent to the Petition Date.

7. The statements and factual assertions contained in the Preliminary Objection and the basis for all objections that have been or may be filed in any objection by the Monitor or Canadian Debtors in connection with the PPI Dispute or PPI Settlement.