## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
:
In re : Chapter 11
: Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1] : Jointly Administered
:
Debtors : <u>Objection Deadline</u>: Sept. 2, 2014 at 4:00 pm (ET)
: <u>Hearing Date</u>: Scheduled only if necessary
-------------------------------------------------------X

## SIXTY-FIFTH MONTHLY APPLICATION OF CAPSTONE ADVISORY GROUP, LLC, FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM <u>JUNE 1, 2014 THROUGH JUNE 30, 2014</u>

| | |
|---|---|
| Name of Applicant: | Capstone Advisory Group, LLC |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | March 5, 2009 *nunc pro tunc* to January 26, 2009 |
| Period for which Compensation and reimbursement is sought: | June 1, 2014 Through June 30, 2014 |
| Amount of compensation sought as actual, reasonable and necessary: | $337,594.80 (80% of $421,993.50) |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $5,397.81 |

This is an:     x  monthly  ___  interim  ___  final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, re: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

The total time expended for fee application preparation is approximately 5.8 hours and the corresponding compensation requested is $2,082.00.

**Attachment A - Prior Monthly Applications Filed:**

| Application | | | | | CNO | |
|---|---|---|---|---|---|---|
| Date Filed | Docket No. | Period Covered | Total Fees | Expenses | Date | Docket No. |
| 3/20/2009 | 514 | 1/26/09 to 2/28/09 | $  631,741.50 | $ 48,547.70 | 4/13/2009 | 597 |
| 5/4/2009 | 694 | 3/1/09 to 3/31/09 | $  544,016.50 | $   5,537.11 | 5/28/2009 | 796 |
| 6/8/2009 | 862 | 4/1/09 to 4/30/09 | $  580,910.50 | $ 21,010.89 | 7/2/2009 | 1033 |
| 7/2/2009 | 1032 | 5/1/09 to 5/31/09 | $  632,663.00 | $ 32,855.89 | 7/24/2009 | 1163 |
| 8/18/2009 | 1341 | 6/1/09 to 6/30/09 | $  568,135.00 | $ 20,526.57 | 9/11/2009 | 1479 |
| 9/8/2009 | 1440 | 7/1/09 to 7/31/09 | $  559,132.00 | $ 30,532.13 | 10/8/2009 | 1642 |
| 9/25/2009 | 1555 | 8/1/09 to 8/31/09 | $  604,170.50 | $ 27,108.99 | 10/19/2009 | 1697 |
| 11/11/2009 | 1878 | 9/1/09 to 9/30/09 | $  710,297.00 | $ 24,739.87 | 12/8/2009 | 2097 |
| 11/24/2009 | 1982 | 10/1/09 to 10/30/09 | $  661,183.50 | $ 41,360.46 | 12/17/2009 | 2171 |
| 1/20/2010 | 2303 | 11/1/09 to 11/30/09 | $  676,130.50 | $ 39,026.52 | 2/12/2010 | 2414 |
| 2/9/2010 | 2395 | 12/1/09 to 12/31/09 | $  566,660.50 | $ 31,179.16 | 3/3/2010 | 2629 |
| 2/24/2010 | 2519 | 1/1/10 to 1/31/10 | $  638,996.00 | $ 43,469.11 | 3/30/2010 | 2805 |
| 3/30/2010 | 2807 | 2/1/10 to 2/28/10 | $  675,136.00 | $ 24,001.07 | 5/18/2010 | 3012 |
| 4/27/2010 | 2921 | 3/1/10 to 3/31/10 | $  961,808.50 | $ 45,153.82 | 5/19/2010 | 3019 |
| 5/28/2010 | 3089 | 4/1/10 to 4/30/10 | $  745,398.00 | $ 28,337.05 | 6/22/2010 | 3208 |
| 6/29/2010 | 3236 | 5/1/10 to 5/31/10 | $  625,624.50 | $ 19,479.47 | 7/21/2010 | 3717 |
| 8/20/2010 | 3806 | 6/1/10 to 6/30/10 | $  580,135.00 | $ 13,183.92 | 9/13/2010 | 3933 |
| 8/31/2010 | 3849 | 7/1/10 to 7/31/10 | $  472,341.50 | $ 11,658.33 | 9/22/2010 | 3995 |
| 10/12/2010 | 4145 | 8/1/10 to 8/31/10 | $696,506.00 | $14,821.73 | 11/3/2010 | 4238 |
| 11/17/2010 | 4343 | 9/1/10 to 9/30/10 | $666,451.50 | $23,463.81 | 12/10/10 | 4570 |

| | | | *Application* | | *CNO* | |
|---|---|---|---|---|---|---|
| Date Filed | Docket No. | Period Covered | Total Fees | Expenses | Date | Docket No. |
| 11/23/2010 | 4407 | 10/1/2010 to 10/31/2010 | $708,284.00 | $12,971.63 | 12/16/10 | 4614 |
| 1/12/2011 | 4719 | 11/1/2010 to 11/30/2010 | $813,911.50 | $13,511.59 | 2/7/11 | 4861 |
| 2/21/2011 | 4961 | 12/1/2010 to 12/31/2010 | $541,238.00 | $8,551.61 | 3/16/11 | 5114 |
| 2/28/2011 | 5021 | 1/1/2011 to 1/31/2011 | $  593,186.50 | $5,604.73 | 3/23/11 | 5157 |
| 4/7/2011 | 5231 | 2/1/2011 to 2/28/2011 | $  478,652.00 | $24,386.78 | 4/29/11 | 5352 |
| 5/10/2011 | 5406 | 3/1/2011 to 3/31/2011 | $  623,657.50 | $8,213.02 | 6/2/11 | 5578 |
| 5/24/2011 | 5477 | 4/1/2011 to 4/30/2011 | $  553,128.50 | $ 5,862.59 | 6/15/11 | 5732 |
| 6/27/2011 | 5815 | 5/1/2011 to 5/31/2011 | $  454,121.00 | $ 5,101.34 | 7/20/11 | 5996 |
| 8/9/2011 | 6114 | 6/1/2011 to 6/30/2011 | $  591,000.50 | $ 6,473.29 | 9/2/11 | 6301 |
| 8/26/11 | 6238 | 7/1/2011 to 7/31/2011 | $  441,885.50 | $ 2,074.18 | 9/19/11 | 6401 |
| 10/14/11 | 6622 | 8/1/2011 to 8/31/2011 | $  437,943.50 | $ 2,870.83 | 11/8/11 | 6727 |
| 11/10/11 | 6741 | 9/1/2011 to 9/30/2011 | $  442,933.50 | $ 27,266.03 | 12/2/11 | 6904 |
| 11/23/11 | 6858 | 10/1/2011 to 10/31/2011 | $  304,735.50 | $ 1,503.93 | 12/15/11 | 6998 |
| 1/13/2012 | 7095 | 11/1/2011 to 11/30/2011 | $  264,604.00 | $ 4,214.72 | 2/6/12 | 7161 |
| 2/8/2012 | 7189 | 12/1/2011 to 12/31/2011 | $  230,549.00 | $ 4,298.97 | 3/1/12 | 7328 |
| 2/27/2012 | 7279 | 1/1/2012 to 1/31/2012 | $  222,897.00 | $ 651.94 | 3/21/12 | 7419 |
| 3/26/2012 | 7452 | 2/1/2012 to 2/29/2012 | $  227,168.00 | $ 550.83 | 4/18/12 | 7563 |
| 5/1/2012 | 7600 | 3/1/2012 to 3/31/2012 | $  284,856.00 | $ 5,649.92 | 5/23/12 | 7682 |
| 5/30/2012 | 7729 | 4/1/2012 to 4/30/2012 | $  244,956.50 | $ 4,004.80 | 6/22/12 | 7895 |
| 7/12/2012 | 7994 | 5/1/2012 to 5/31/2012 | $  206,773.00 | $ 2,024.43 | 8/3/12 | 8099 |
| 8/15/2012 | 8182 | 6/1/2012 to 6/30/2012 | $  249,959.50 | $ 3,225.32 | 9/6/12 | 8411 |
| 8/27/2012 | 8331 | 7/1/2012 to 7/31/2012 | $  176,486.00 | $ 3,432.35 | 9/19/12 | 8551 |
| 10/9/2012 | 8667 | 8/1/2012 to 8/31/2012 | $  250,985.00 | $ 3,463.59 | 11/6/12 | 8892 |
| 11/9/2012 | 8918 | 9/1/2012 to 9/30/2012 | $  197,645.50 | $ 3,117.37 | 12/3/12 | 9050 |
| 11/20/2012 | 8978 | 10/1/2012 to 10/31/2012 | $  163,408.80 | $ 2,164.86 | 12/13/12 | 9118 |

| Application | | | | | CNO | |
|---|---|---|---|---|---|---|
| Date Filed | Docket No. | Period Covered | Total Fees | Expenses | Date | Docket No. |
| 1/3/2013 | 9233 | 11/1/2012 to 11/30/2012 | $   152,940.50 | $ 336.44 | 1/25/13 | 9339 |
| 1/24/2013 | 9334 | 12/1/2012 to 12/31/2012 | $   134,142.00 | $ 4,940.98 | 2/15/13 | 9449 |
| 2/22/2013 | 9493 | 1/1/2013 to 1/31/2013 | $   332,487.50 | $ 13,849.89 | 3/19/13 | 9691 |
| 4/11/2013 | 10050 | 2/1/2013 to 2/28/2013 | $ 118,765.50 | $ 289.34 | 5/6/13 | 10456 |
| 5/22/2013 | 10619 | 3/1/2013 to 3/31/2013 | $   198,868.00 | $ 387.83 | 6/14/13 | 10912 |
| 5/28/2013 | 10674 | 4/1/2013 to 4/30/2013 | $   280,122.00 | $ 5,628.98 | 6/20/13 | 10949 |
| 8/16/2013 | 11392 | 5/1/2013 to 5/31/2013 | $   419,417.50 | $ 8,423.53 | 9/12/13 | 11600 |
| 8/21/2013 | 11410 | 6/1/2013 to 6/30/2013 | $   253,705.50 | $ 45.37 | 9/13/13 | 11606 |
| 8/26/2013 | 11445 | 7/1/2013 to 7/31/2013 | $   218,423.00 | $ 3,047.25 | 9/19/13 | 11727 |
| 10/24/2013 | 12112 | 8/1/2013 to 8/31/2013 | $   164,476.00 | $ 0.00 | 11/15/13 | 12403 |
| 11/27/2013 | 12526 | 9/1/2013 to 9/30/2013 | $   352,718.50 | $ 3,505.49 | 12/19/13 | 12684 |
| 11/27/2013 | 12533 | 10/1/2013 to 10/31/2013 | $   467,713.00 | $ 121.48 | 12/19/13 | 12685 |
| 2/14/2014 | 12969 | 11/1/2013 to 11/30/2013 | $   519,676.00 | $ 3,092.09 | 3/10/14 | 13135 |
| 2/26/2014 | 13054 | 12/1/2013 to 12/31/2013 | $   469,207.00 | $ 2,542.12 | 3/20/14 | 13201 |
| 2/28/2014 | 13082 | 1/1/2014 to 1/31/2014 | $   576,306.50 | $ 3,956.52 | 3/24/14 | 13224 |
| 04/9/2014 | 13310 | 2/1/2014 to 02/28/2014 | $   571,837.00 | $ 273.60 | 5/2/14 | 13359 |
| 5/21/2014 | 13615 | 3/1/2014 to 3/31/2014 | $   562,367.00 | $ 8,329.37 | 6/12/14 | 13822 |
| 5/29/2014 | 13709 | 4/1/2014 to 4/30/2014 | $   523,779.50 | $ 5,669.03 | 6/23/14 | 13891 |
| 7/24/2014 | 14081 | 5/1/2014 to 5/31/2014 | $   535,059.00 | $ 8,363.74 | | |

**ATTACHMENT B**
**Nortel Networks Inc., et al.**
**Capstone Advisory Group, LLC**
**Summary of Fees by Professional by Service Line by Month**
**For the period 6/1/2014 through 6/30/2014**

| Professional | Position | 2014 Billing Rate | 6/1/14 - 6/30/14 | |
|---|---|---|---|---|
| | | | Hours | Fees |
| C. Kearns | Executive Director | $875 | 56.9 | $49,787.50 |
| J. Borow | Executive Director | $875 | 106.5 | $93,187.50 |
| J. Hyland | Executive Director | $660 | 207.2 | $136,752.00 |
| N. Haslun | Managing Director | $635 | 41.7 | $26,479.50 |
| M. Dansky | Executive Director | $625 | 1.2 | $750.00 |
| A. Cowie | Managing Director | $600 | 166.5 | $99,900.00 |
| B. Kullberg | Managing Director | $525 | 1.8 | $945.00 |
| B. Frizzell | Director | $440 | 27.3 | $12,012.00 |
| J. Emerson | Consultant | $250 | 6.0 | $1,500.00 |
| M. Desalvio | Research | $195 | 1.0 | $195.00 |
| C. Griffin | Research | $125 | 1.0 | $125.00 |
| J. Blum | Paraprofessional | $120 | 2.5 | $300.00 |
| M. Haverkamp | Paraprofessional | $120 | 0.5 | $60.00 |
| **Total for the Period 6/1/14 through 6/30/14** | | | **620.10** | **$421,993.50** |

| Blended Rate | |
|---|---|
| Grand Total: | $421,993.50 |
| Total Hours: | 620.10 |
| **Blended Rate** | **$680.52** |

**ATTACHMENT C**
**Nortel Networks Inc., et al.**
**Capstone Advisory Group, LLC**
**Expense Summary**
**For the period 6/1/2014 through 6/30/2014**

| Expense Report | |
|---|---|
| Airfare/ Train | $2,391.13 |
| Auto Rental/Taxi | $62.50 |
| Meals | $9.06 |
| Mileage | $23.52 |
| Parking/ Tolls | $41.00 |
| Research | $391.67 |
| Telecom | $2,478.93 |
| **Total** | **$5,397.81** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : | Case No. 09-10138 (KG) |
| Nortel Networks Inc., et al.,[1] | : | Jointly Administered |
|  | : |  |
| Debtors | : | <u>Objection Deadline</u>: Sept. 2, 2014 at 4:00 pm (ET) |
|  | : | <u>Hearing Date</u>: Scheduled only if necessary |

----------------------------------------------------------X

**SIXTY-FIFTH MONTHLY APPLICATION OF CAPSTONE ADVISORY GROUP, LLC,
FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF
COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES
FOR SERVICES RENDERED DURING THE PERIOD FROM
<u>JUNE 1, 2014 THROUGH JUNE 30, 2014</u>**

Capstone Advisory Group, LLC ("Capstone"), financial advisor for the Official

Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors"), submits this application (the "Application")

pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"),

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2

of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court

of the District of Delaware (the "Local Rules"), the *Administrative Order Pursuant to 11 U.S.C.*

*§§ 105(a) and 331, Fed. R. Bnkr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

*for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members* (the "Administrative Fee Order"), entered February 4, 2009, and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") seeking (a) the allowance of reasonable compensation for professional services rendered by Capstone to the Committee during the period June 1, 2014 through June 30, 2014 (the "Fee Period") and (b) reimbursement of actual and necessary charges and disbursements incurred by Capstone during the Fee Period in the rendition of required professional services on behalf of the Committee.   In support of this Application, Capstone represents as follows:

## JURISDICTION

1.    This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory bases for the relief requested herein are sections 1103 and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2.    On January 14, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief (the "U.S. Proceeding") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

3.    The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 15, 2009, the Court entered an order for the joint administration of these cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only.

4.    On January 14, 2009, the Debtors' ultimate corporate parent, Nortel Networks Corporation, together with Nortel Networks Limited ("NNL") and certain of their Canadian affiliates (collectively, the "Canadian Debtors") commenced a proceeding (the "Canadian Proceeding") before the Ontario Superior Court of Justice (the "Canadian Court") for a plan of compromise or arrangement under the Canadian Companies' Creditors Arrangement Act ("CCAA"). The Canadian Debtors continue to operate their businesses and manage their properties under the supervision of the Canadian Court and Ernst & Young Inc. as monitor (the "Monitor").

5.    On January 14, 2009, the High Court of Justice in England placed nineteen of the Debtors' European affiliates (collectively, the "EMEA Debtors" and, together with the Debtors and the Canadian Debtors, the "Nortel Debtors") into administration (the "European Proceeding" and together with the U.S. Proceeding and Canadian Proceeding, the "Insolvency Proceedings") under the control of individuals from Ernst & Young LLC (the "U.K. Administrators").

6.    On January 22, 2009 (the "Committee Formation Date"), pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "US Trustee") appointed the Committee. The Committee currently consists of three members, as follows: (i) Law Debenture Trust Company of New York, as indenture trustee; (ii) Pension Benefit Guaranty Corporation; and (iii) The Bank of New York Mellon, as indenture trustee. No trustee or examiner has been appointed in these chapter 11 cases.

7.    At a meeting of the Committee on January 26, 2009, the Committee duly voted to retain Capstone as its financial advisor in connection with the U.S. Proceeding.

8.   On March 5, 2009, this Court entered an order authorizing the retention of Capstone as financial advisor to the Committee, *nunc pro tunc* to January 26, 2009.

## FEE PROCEDURES ORDER

9.   On February 4, 2009, this Court signed the Administrative Fee Order. Pursuant to the Administrative Fee Order, after the first day of each month (the "Fee Filing Period") following the month for which compensation is sought (the "Compensation Period"), each Professional seeking interim compensation may file with the Court a monthly application (each a "Monthly Fee Statement") pursuant to section 331 of the Bankruptcy Code for interim approval and allowance of compensation for services rendered and reimbursement of expenses during the Compensation Period. Each Notice Party shall have twenty (20) days after service of a Monthly Fee Statement to review the Monthly Fee Statement and object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline: (i) if no objections have been filed, the Professional shall file a certificate of no objection and the Debtors shall then be authorized to pay such Professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Statement (the "Maximum Interim Payment") or (ii) if an objection to a Monthly Fee Statement has been filed, the Professional shall be entitled to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses (the "Permitted Incremental Payment") not subject to that objection.

## RELIEF REQUESTED

10.   Capstone respectfully requests that it be allowed on an interim basis (i) fees in the amount of $421,993.50 for reasonable, actual and necessary services rendered by Capstone on behalf of the Committee during the Fee Period and (ii) reimbursement in the amount of $5,397.81 for actual, reasonable and necessary expenses incurred by Capstone on behalf of the Committee during the Fee Period. This Application is made pursuant to sections

328, 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Fee Procedures Order and the Capstone Retention Order.

11.    Pursuant to the Administrative Fee Order, Capstone is seeking immediate payment of 80% of its fees ($337,594.80) and 100% of its expenses ($5,397.81) relating to services rendered during the Fee Period.

12.    During the Fee Period, Capstone has provided professional services to the Committee and incurred fees for such services totaling $421,993.50.  For the same period, Capstone has incurred actual, reasonable and necessary expenses in connection therewith totaling $5,397.81.  With respect to these amounts, as of the date of the Application, Capstone has received no payments.

## SUMMARY OF SERVICES RENDERED

13.    Capstone is a firm of financial advisors specializing in insolvency, restructuring, forensic accounting and related matters.  Since being retained by the Committee, Capstone has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates.  Capstone respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

14.    Capstone submits that the interim fees applied for herein for professional services rendered in performing accounting, advisory, and forensic accounting services for the Committee in this proceeding are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtors' capitalization structure and financial condition, the Debtors' financial accounting resources and the results obtained.

15.    Capstone expended an aggregate of 620.10 hours, substantially all of which was expended by the professional staff of Capstone. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task. A small staff was utilized to optimize efficiencies and avoid redundant efforts. The staff of the Debtors or their advisors has been utilized where practical and prudent.

16.    Capstone's approach is to utilize senior, experienced personnel and to encourage the Debtors to provide the staff-level support and analysis to minimize total cost. In addition, Capstone's per diem rates for professionals of comparable experience are 10% to 20% lower than its competitors, the "Big-Four" accounting firms and certain other nationally-recognized specialty firms. We believe that the compensation in this Application is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

17.    Because Capstone's core staff consisted of senior professionals who performed a vast amount of the work, time spent communicating internally and reviewing the work product of junior associates was kept to a minimum. Additionally, because of the experience of Capstone's professionals, in many instances only three or fewer Capstone representatives attended meetings or conference calls or performed specific functions.

18.    Jay Borow is a Member of the firm and is responsible for directing the activities of the Capstone team, calling upon his more than 25 years of experience in restructuring and insolvency matters, including more than 100 cases, many as large and complex, and some larger and more complex than this matter.

19.    Capstone believes that there has been no duplication of services between Capstone and any other consultants or accountants to the bankruptcy estate.

20.    Capstone's travel time policy is for professional personnel to travel outside of business hours when possible. Such time is not charged to a client unless productive work is performed during the travel period. In this engagement, non-productive travel time is not being charged to the Debtors.

21.    A compilation showing the name of the accounting and advisory consultant or administrative-level person who incurred fees, their billing rate and the amount of time spent in performing the services during the Fee Period is attached hereto as Exhibit A. In addition, Exhibit B attached hereto contains a summary of the hours expended by Capstone professionals and administrative-level persons for each task code, as described below. Additionally, Capstone's time records for the Fee Period are attached hereto as Exhibit C. These records include daily time logs describing the time spent by each Capstone professional and administrative-level person in these cases.

22.    No agreement or understanding exists between Capstone and any other person for the sharing of compensation received or to be received for services rendered in connection with the Chapter 11 Cases.

23.    Capstone also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services. A schedule of the categories of expenses incurred in connection with the Insolvency Proceedings and the amounts for which reimbursement is requested is annexed hereto as Exhibit D. Also included within Exhibit D is an itemization and description of each expense incurred within each category.

24.    Capstone respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor

constituents represented by the Committee and have contributed to the effective administration of these cases.

25.    The general summary of the services rendered by Capstone during the Fee Period based on tasks and number of hours is set forth below.

### Asset Acquisition/Disposition – Task Code 01

26.    This task code includes Capstone's numerous analyses and discussions with the Committee, the Committee's other professionals, the Debtors, the Debtors' financial advisors, and the Debtors' counsel regarding the allocation of asset disposition proceeds amongst the various Nortel Debtor estates.

27.    During the Fee Period, Capstone, along with Akin Gump, spent time reviewing documents related to the allocation of sale proceeds, and worked with the Committee's other professionals, to review and analyze allocation and proceeds allocation litigation-related issues and documents. In connection therewith, Capstone participated in multiple meetings with the other advisors to the Committee. Capstone was responsive to additional information requests from the Committee's advisors in regard to ongoing proceeds allocation legal proceedings and the associated need for analytical assessments and accumulation of supportive documentation provided to counsel and other retained professionals. Capstone spent significant time in proceeds allocation related matters to support Akin Gump in preparation for the scheduled litigation amongst the major Nortel estates before this Court. In particular, Capstone analyzed detailed proceeds allocation litigation-related documents, court demonstratives, multiple expert reports and rebuttal reports as produced by the three estates, along with related supporting documentation including numerous exhibits, statements of fact and related documents, witness testimony and trial transcripts, and

settlement proposals between the parties. Capstone participated in numerous meetings and calls related principally to the allocation trial. The Committee considered the proceeds allocation as very critical to these proceedings.

28.   Capstone has expended 145.20 hours on this category for a fee of $99,033.00.

### Professional Retention/Fee Application – Task Code 05

29.   This task code for this Fee Period relates primarily to Capstone's efforts in connection with the preparation of the May 2014 fee statement.

30.   Capstone has expended 5.8 hours on this category for a fee of $2,082.00.

### Attend Hearings/Related Activity – Task Code 06

31.   This task code relates to time attending in person or by other means in the proceeds allocation litigation court proceedings. Capstone spent material time in support of counsel throughout the asset allocation court proceedings during the Fee Period. In particular, Capstone provided ongoing proceeds allocation analysis, analysis of ongoing testimony in light of previously provided documents and statements by the trial participants, and such other trial support as requested by counsel. The Committee considers the proceeds allocation trial as a critical component for the ultimate proceeds allocation and as such Capstone had significant time in this Task Code.

32.   Capstone has expended 133.10 hours on this category for a fee of $98,721.50.

### Interactions/Meetings with Debtors/Counsel – Task Code 07

33. This task code relates to time spent by Capstone in meetings with the Debtor and/or its professional representatives during the Fee Period. These meetings principally related to settlement issues, claims base calculations and the trial proceedings in general.

34.    Capstone has expended 10.20 hours on this category for a fee of $8,194.00.

### Interactions/Meetings with Creditors/Counsel – Task Code 08

35.    This task code relates to Committee matters, meetings, inquiry responses and conference calls with (i) the Committee as a whole and with individual Committee members, (ii) Akin Gump and the other Committee professionals, and (iii) other creditors. Capstone participates in regularly scheduled conference calls with the full Committee, Akin Gump, and other Committee professionals, in order to apprise the Committee members of developments in the chapter 11 cases and to facilitate efficient administration of the chapter 11 cases. In preparation for these Committee meetings, Capstone reviewed pending matters to be discussed with the Committee, and reviewed and reported on underlying documentation in connection therewith. During the fee period, Capstone, working with Akin Gump and the other Committee professionals, assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues that have arisen in these cases and to monitor closely the Debtors' management of these proceedings.

36.    Capstone has expended 59.60 hours on this category for a fee of $45,805.00.

### Recovery/SubCon/Lien Analysis – Task Code 10

37. This task code relates to time spent by Capstone analyzing creditor recoveries under various scenarios. Capstone spent time updating creditor recovery scenarios based on updated financial information provided during the allocation litigation proceedings and associated documents.

38.    Capstone has expended 124.80 hours on this category for a fee of $82,801.00.

**Claim Analysis/Accounting – Task Code 11**

39.    This task code relates to time spent by Capstone reviewing various claims asserted against the Debtors.  Capstone spent time during the Fee Period analyzing the claims asserted in each of the three estates.

40.    Capstone has expended 61.80 hours on this category for a fee of $39,733.00.

**Intercompany Transactions/Balances – Task Code 13**

41.    This task code relates to Capstone's time spent on intercompany account analyses based on information provided by the various Debtor entities.  Capstone spent time analyzing updated intercompany related financial reporting as provided by the various Debtor entities.    Analysis and monitoring of the Debtors' intercompany current and forecasted balances relates directly to ultimate creditor recoveries and as such is considered critical by the Committee.

42.    Capstone has expended 9.50 hours on this category for a fee of $6,270.00.

**Analysis of Historical Results – Task Code 17**

43.    This task code considers time spent by Capstone in reviewing and analyzing the Debtors historical financial information as it relates to the allocation process.

44.    Capstone has expended 25.60 hours on this category for a fee of $16,275.00.

**Cash Flow Cash Management/Liquidity – Task Code 19**

45.    This task code relates to Capstone's time spent on cash flow analyses that were provided for various Debtor entities.  Additionally, Capstone monitored the Debtors' cash escrows for asset disposition proceeds.  Through these analyses, Capstone kept the Committee

apprised with respect to the Debtors' cash balances and cash flows from operations. In addition, Capstone spent time analyzing changes to the Debtor's joint escrow instructions. Analysis and monitoring of the Debtors' cash was viewed as critical by the Committee.

46.   Capstone has expended 8.90 hours on this category for a fee of $5,874.00.

### Tax Issues – Task Code 26

47.   This task code relates to time spent analyzing the Debtor's tax related assets and claims.

48.   Capstone has expended 5.30 hours on this category for a fee of $3,498.00

### Intellectual Property – Task Code 33

49.   This task code relates to time spent analyzing the Debtor's intellectual property including reviewing and commenting on the IP portion of expert reports and rebuttal reports, expert witness testimony, supporting documentation and IP proceeds allocation methodologies on same.

50.   Capstone has expended 30.30 hours on this category for a fee of $13,707.00.

*[Remainder of this Page Intentionally Left Blank]*

## ACTUAL AND NECESSARY EXPENSES

1.       Capstone incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee as summarized above, in the sum of $5,397.81, for which Capstone respectfully requests reimbursement in full.

2.       The disbursements and expenses have been incurred in accordance with Capstone's normal practice of charging clients for expenses clearly related to and required by particular matters.  Such expenses were often incurred to enable Capstone to devote time beyond normal office hours to matters, which imposed extraordinary time demands. Capstone has endeavored to minimize these expenses to the fullest extent possible.

3.       Capstone's billing rates do not include charges for photocopying, telephone and telecopier toll charges, computerized research, travel expenses, "working meals," secretarial overtime, postage and certain other office services, because the needs of each client for such services differ.  Capstone believes that it is fairest to charge each client only for the services actually used in performing services for such client.  Capstone has endeavored to minimize these expenses to the fullest extent possible.

4.       Consistent with this Courts' Guidelines, Capstone charges $.10 per page for in-house photocopying services, with respect to computerized research services Capstone charges the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions. Capstone does not charge for incoming facsimiles.

5.       In providing a reimbursable service such as copying or telephone, Capstone does not make a profit on that service.  In charging for a particular service, Capstone does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.  In seeking reimbursement for service which

Capstone justifiably purchased or contracted for from a third party, Capstone requests reimbursement only for the amount billed to Capstone by such third party vendor and paid by Capstone to that vendor.

*[Remainder of this Page Intentionally Left Blank]*

WHEREFORE, Capstone respectfully requests: (a) that it be allowed on an interim basis (i) fees in the amount of $421,993.50 for reasonable, actual and necessary services rendered by it on behalf of the Committee during the Fee Period and (ii) reimbursement of $5,397.81 for reasonable, actual and necessary expenses incurred during the Fee Period; and (b) that the Debtors be authorized and directed to immediately pay to Capstone the amount of $342,992.61 which is equal to the sum of 80% of Capstone's fees and 100% of Capstone's expenses incurred during the Fee Period.

Dated: August 12, 2014
     New York, NY

**CAPSTONE ADVISORY GROUP, LLC**

/s/ Jay Borow
Jay Borow
Member of the Firm
104 West 40th Street
16th Floor
New York, NY 10018
(212) 782-1411

Financial Advisor to the Official Committee
of Unsecured Creditors

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
|                                        | : |                          |
|----------------------------------------|---|--------------------------|
| In re                                  | : | Chapter 11               |
|                                        | : | Case No. 09-10138 (KG)   |
| Nortel Networks Inc., et al.,[2]       | : | Jointly Administered      |
|                                        | : |                          |
|                        Debtors         | : |                          |
|                                        | : |                          |
-------------------------------------------------------X

## VERIFICATION

STATE OF NEW YORK            )
                            ) SS:
COUNTY OF NEW YORK           )

Jay Borow, being duly sworn according to law, deposes and says:

a)      I am a Senior Member at the applicant firm, Capstone Advisory Group,

LLC, and have been admitted to appear before this Court.

b)      I have personally performed many of the professional services rendered by

Capstone Advisory Group, LLC as financial advisor to the official committee of unsecured

creditors and am familiar with the work performed on behalf of the official committee of

unsecured creditors by the professionals and other persons in the firm.

c)      I have reviewed the foregoing Application and the facts set forth therein

are true and correct to the best of my knowledge, information and belief.

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

d)      All services for which compensation is requested by Capstone were professional services performed for and on behalf of the Committee and not on behalf of any other person.

e)      I have reviewed the requirements of Local Rule 2016-2 and certify to the best of my information, knowledge and belief that this application complies with Local Rule 2016-2.

Executed on August 12, 2014

/s/ Jay Borow
Jay Borow