UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al., | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING
SEVENTEENTH QUARTERLY FEE APPLICATION OF
CHILMARK PARTNERS, LLC**

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Seventeenth Quarterly Fee Application of Chilmark Partners, LLC ("Application"), for the period from February 1, 2014 through April 30, 2014, seeking approval of fees that total $750,000.00 and reimbursement of expenses that total $22,231.01. Chilmark Partners, ("Chilmark") is consulting expert to the debtors.

## Background

1. Master, Sidlow & Associates, P.A. reviewed the firm's monthly fee applications and the Application, including each of the billing and expense entries shown in the exhibits to the monthly applications, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2. Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to Chilmark Partners, LLC. No response was required as there were no questioned fees or expenses in that report. Master, Sidlow & Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings
## Recomputation of Fees and Expenses

3.  Master, Sidlow & Associates, P.A. recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and agreed to the Summary of Services Rendered by Professional and Summary of Services Rendered by Project Category schedules in each of the monthly applications.

## Review of Fees

4.  **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under Title 11."

The Application provides the name and position of each timekeeper.

According to the *Order Authorizing Employment and Retention of Chilmark Partners, LLC* filed 3/31/10, "...Chilmark and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Engagement Agreement, provided, however, that Chilmark shall instead present to the Court daily descriptions of those services provided to Cleary Gottlieb, set forth for each individual who provided such services, kept in hourly increments with a reasonably detailed description of the services provided." The Engagement Agreement provides for a monthly advisory fee in the amount of $250,000.

The firm billed a total of 786.80 hours. The following table displays the hours by timekeeper position and the percentage of total hours for each position:

| Position | Hours | Percentage of Total Hours |
|---|---|---|
| Member | 578.00 | 74% |
| Mg Director | 73.00 | 9% |
| Analyst/Associate | 135.80 | 17% |
| **TOTAL** | 786.80 | 100% |

5. **Hourly Rate Increases.** Chilmark did not increase the hourly rates of any timekeepers during the seventeenth quarterly period.

6. **Complete and Detailed Task Descriptions.** Local Rule 2016-2 (d) states "…activity descriptions…shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Master, Sidlow & Associates, P.A. found the activity descriptions in the Application to be sufficiently detailed.

7. **Chilmark Partners, LLC Retention/Compensation.** Master, Sidlow & Associates, P.A. reviewed the Application for entries related to the retention and compensation of Chilmark. The firm did not list any hours related to preparing the firm's retention documents and applications for compensation in its Summary of Services Rendered by Project Category schedules.

## Review of Expenses

8. **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include…Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Chilmark provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

9. **Photocopies.** Local Rule 2016-2(e)(iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page)..." Chilmark did not request reimbursement for photocopying in the Application.

10. **Computer – Assisted Legal Research.** Local Rule 2016(e)(iii) states "The motion shall state ... computer-assisted legal research charges (which shall not be more than the actual cost)..." Chilmark did not request reimbursement for computer-assisted legal research in the Application.

11. **Facsimile.** Local Rule 2016-2(e)(iii) states "The motion shall state...outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)." Chilmark did not request reimbursement for facsimiles in the Application.

## Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the Seventeenth Quarterly Fee Application of Chilmark Partners, LLC and the fees and expenses requested therein. Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $750,000.00 and reimbursement of expenses in the amount of $22,231.01 for the period from February 1, 2014 through April 30, 2014, less any interim payments received by Chilmark for fees and expenses under fee applications. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: _____
Judith M. Scarborough, CPA, CVA, CFF

2002 West 14th Street
Wilmington, DE 19806
Telephone: (302) 652-3480
Facsimile: (302) 656-8778
jscarborough@mastersidlow.com

Fee Examiner

**APPENDIX A**

CHILMARK PARTNERS
SUMMARY OF FINDINGS
17TH QUARTERLY FEE APPLICATION (FEBRUARY 1, 2014 through APRIL 30, 2014)

**A.          Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $ 750,000.00 | |
| Expenses Requested | 22,231.01 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $ 772,231.01 |
| Fees Computed | $ 750,000.00 | |
| Expenses Computed | 22,231.01 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $ 772,231.01 |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $         - |

**B.          Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---:|---:|
| Fees Requested | $ 750,000.00 | |
| RECOMMENDED FEE ALLOWANCE | | $ 750,000.00 |
| Expenses Requested | $ 22,231.01 | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 22,231.01 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $ 772,231.01 |