**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING**
**EIGHTEENTH QUARTERLY FEE APPLICATION OF**
**JOHN RAY**

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Eighteenth Quarterly Fee of John Ray ("Application"), for the period from February 1, 2014 through April 30, 2014, seeking approval of fees that total $37,030.00. John Ray is Principal Officer of Nortel Networks, Inc.

## Background

1. Master, Sidlow & Associates, P.A. reviewed Mr. Ray's monthly fee applications and the Application, including each of the billing entries shown in the exhibits to the monthly applications, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2. Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to John Ray and Mr. Ray provided a written response to that report. After consideration of the responses to the preliminary report, Master, Sidlow & Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

**Discussion of Findings**

**Recomputation of Fees**

3.  Master, Sidlow & Associates, P.A. recomputed the fees requested in the Application. The hours billed by Mr. Ray were totaled and these amounts were multiplied by his hourly rate. The recomputation of fees did not reveal any discrepancies.

**Review of Fees**

4.  **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: … (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The application provided the name, position, and hourly rate of the applicant's professional who billed time.

Mr. Ray billed a total of 52.90 hours with associated fees of $37,030.00. His hourly billing rate is $700.00.

5.  **Hourly Rate Increases.** The preliminary report noted that John Ray increased his hourly rate to $700 (previously $670) in the 43rd monthly fee application. There was no explanation of the change in hourly rate from that previously charged in the fee applications. In his response, Mr. Ray noted that "The rates reflected in the 18th Quarterly Fee Application (the "Application") reflects John Ray's policy of periodically adjusting his rates and are the same rates being charged to clients in cases other than those under title 11."

Master, Sidlow & Associates, P.A. accepts the explanation from Mr. Ray and does not recommend any reduction in fees for this matter.

6.  **Complete and Detailed Task Descriptions.** Local Rule 2016-2 (d) states "…activity descriptions…shall be sufficiently detailed to allow the Court to determine whether

all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. A description of correspondence should identify the correspondent and the subject of the correspondence. Similarly, a description for preparation of pleadings should identify the pleading drafted or revised. Activity descriptions for legal research should include the issues researched and the purpose of the research. The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level. Activity descriptions referencing conferences should include the name of the person(s) with whom the communication was held and the subject or purpose of the communication.

The preliminary report noted thirteen activity descriptions that Master, Sidlow & Associates, P.A. did not find to be sufficiently detailed. In his response, Mr. Ray provided further information for the entries. He indicated that many of the tasks he was working on were with counsel and are privileged and confidential and as such cannot be described in further detail.

Master, Sidlow & Associates, P.A. accepts the explanation from Mr. Ray and does not recommend any reduction in fees for this matter.


7.    **Travel.**  Local Rule 2016-2(d) (viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates…" John Ray states in his interim applications that "In accordance with Local Rule 2016-2, John Ray has reduced his request for compensation for non-working travel, if, any, to 50% of his normal rate."

8. **John Ray Retention/Compensation.** Master, Sidlow & Associates, P.A. reviewed and identified entries related to the retention and compensation of John Ray. Mr. Ray billed 6.00 hours with associated fees of $4,200.00 to prepare his fee applications, which represents approximately 11% of the total fees billed by him.

## Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the Eighteenth Quarterly Fee Application of John Ray and the fees requested therein. Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $37,030.00 for the period from February 1, 2014 through April 30, 2014, less any interim payments received by John Ray for fees under fee applications. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: _____
Judith M. Scarborough, CPA, CVA, CFF
2002 West 14th Street
Wilmington, DE 19806
Telephone: (302) 652-3480
Facsimile: (302) 656-8778
jscarborough@mastersidlow.com

Fee Examiner

**APPENDIX A**

JOHN RAY
SUMMARY OF FINDINGS
18TH QUARTERLY FEE APPLICATION (FEBRUARY 1, 2014 through APRIL 30, 2014)

| | | |
|---|---|---|
| **A.** | **Amounts Requested and Computed** | |
| Fees Requested | $ 37,030.00 | |
| Expenses Requested | - | |
| TOTAL FEES AND EXPENSES REQUESTED | | $ 37,030.00 |
| Fees Computed | $ 37,030.00 | |
| Expenses Computed | - | |
| TOTAL FEES AND EXPENSES COMPUTED | | $ 37,030.00 |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $   - |
| **B.** | **Recommended Fee Allowance and Expense Reimbursement** | |
| Fees Requested | $ 37,030.00 | |
| RECOMMENDED FEE ALLOWANCE | | $ 37,030.00 |
| Expenses Requested | - | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | - |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $ 37,030.00 |