| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | |
| Nortel Networks, Inc. et al<br>Debtors.<br><br>vs<br>Ernest Demel<br>Creditor. | Chapter 11<br><br>No. 09-10138 (KG)<br>Jointly Administered |

## INDEX

No.

| | | Page |
|---|---|---|
| 1. | CREDITOR'S RESPONSE TO DEBTOR'S OBJECTION | 1-4 |
| 2. | TABLE OF AUTHORITIES | 5 |
| 3. | CERTIFICATE OF SERVICE | 6 |
| 4. | NOTICE OF HEARING | 7 |
| 5. | AMMENDMENTS | 8 |
| 6. | PROPOSED ORDER | 9 |

## EXHIBIT

| | | |
|---|---|---|
| 7. | CERTIFICATION OF NO OBJECTION Field 9/5/13 | EXHIBIT A |
| 8. | LTTER TO NORTEL ( Liza M Schweitzer 5/13/14 ) | EXHIBIT B |
| 9. | PROOF OF CLAIM   9/29/09 | EXHIBIT C |

-------------------------------------------------------------------------------

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> Nortel Networks, Inc. et al <br> Debtors. | Chapter 11 <br><br> Case No. 09-10138 (KG) <br><br> Jointly Administered <br><br> **Hearing Date: August 19, 2014** <br><br> DI. ................... <br><br> **CREDITOR'S RESPONSE TO DEBTOR'S OBJECTION OF MOTION** RE: D.I. 13960, 14012 |

RELATED DOUCMENTS: First Motion D.I. 11542, Second Motion: 13875 Certificate of No Objection D.I. 13875 page 15.

CREDITORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING THE AMENDMENTS TO THE STIPULATION D.I. 4010 TO THE CLAIM NO. 4643 FILED BY ERNEST DEMEL.

### CREDITOR'S RESPONSE TO THE DEBTORS' OBJECTION TO MOTION OF EARNEST DEMEL PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVIING CERTAIN AMENDMENTS TO CLAIM STIPULATION

I Ernest Demel age 74, LTD Claimant (Creditor) Pro se litigant, file an Answer and support my second motion to obtain Amendments to Stipulation Agreement, (Contract) I D. 4010. Claim No. 4643. The said Stipulation Agreement, (Contract) is an unconscionable contract. It was executed in bad faith, without any moral, social or economic justification. The debtor gained all the benefits of the transaction, dismissing Nortel related defendants from the USDC-SDNY (ERISA CASE. No. 07-cv-00189(GBD) and not taking the responsibility for the offer they made to the creditor (LTD Benefits DI. 4160. 4010).

Therefore an amendment to the agreement or an order to vacate is required.

The Factual and Legal basis to justify Mr. Demel's Motions are as follows:

Page 1 | 4

## The said contract is unconscionable.

### The Definition of the Doctrine of Unconscionability

"Probably one of the most authoritative attempts to define an unconscionable contract was that given by Chief Justice Fuller: "[a contract]... such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other ....- 2 Because such an abstract definition is not susceptible of easy application in varying fact situations, a full realization of the significance 3 of unconscionability must be obtained by an examination of section 2-302 of the Uniform Commercial Code and some of the cases that have applied the doctrine of unconscionability. **Section 2-302** provides that "if the court as a matter of law finds the contract or any clause ...to have been unconscionable at the time it was made the court may refuse to enforce the contract . ..' The comment to the section reads in part, "This section is intended to make it possible for the **courts to police explicitly against the contract** ... they find to be unconscionable .... The principle is one of the prevention of oppression and unfair surprise... and not of disturbance of allocation of risks because of superior bargaining power...." The section is designed to deal with two types of situations. One type of situation is that involving unfair surprise: where there has actually been no assent to the terms of the contract. Contracts involving unfair surprise are similar to contracts of adhesion. Most often these contracts involve a party whose circumstances, perhaps his inexperience or ignorance, when compared with the circumstances of the other party, make his knowing assent to the fine print terms fictional."

On September 29, 2009 Claimant filed a proof claim against the debtor Nortel in the amount of **$1,924,557 for LTD Benefits, claim No. 4643.**

Thereafter, Mr. Demel entered into an agreement (contract) with Debtor settling the claim for a compromised amount of $125,000 with an understanding that Mr. Demel will receive this amount when the Bankruptcy court address the issue of LTD. It is anticipated differently in the unconscionable contract.

Because of this contract, I will lose the LTD Treatment and the LTD priorities, and my claim will be placed in the unsecured claim register against debtor estate. **The LTD Claim against LTD plan vs LTD claim against Debtor's estate has been litigated and both parties and the Honorable Judge George B Daniels agreed it is a claim against the LTD plan.** If Nortel try to treat this LTD Claim differently, Nortel will contradict and dispute their position. This is an important matter in this dispute, which is going on for some time. Nortel rely on the Stipulation contract

### (Unconscionable contract.)

By analyzing the Stipulation contract I find enough problems that will prove The "Stipulation Agreement"(Contract) I D. 4010, will tumbles in to the category of unconscionable contract.

**Disparity of the fair market value** of Mr. Demel's claim was settled for less than 15 times, of the present market value. ($0.87 cents on the dollar). But Nortel bargained at the very early stage of the Ch. 11 Bankruptcy case only for about 6+ cents for dollar with virtual money. The bargaining is proved to be unfair, and enrichment of Nortel.

### Negotiating Power

Nortel has superior **knowledge of Bankruptcy**, and Negotiating Power. With a team of high powered of lawyers, Nortel have out-smarted Mr. Stone and Mr. Demel.

Mr. Stone is a pro bono counsel with limited resources, and unable to manage two cases, one in the Bankruptcy Courts in Delaware, the other in USDC-SDNY NEW YORK, he preferred any kind of settlement to relive his responsibility. At that time Mr. Demel was suffering from PSD and need the money that is due, from Nortel. (20 years of accumulated LTD benefits). Nortel played a **"Take it or leave it"** scenario which lead to the compromised settlement with Nortel, there was no choice to collect the money.

**No person who is mentally competent** would enter into this kind of contract and **no fair and honest person would accept it.** Under utter desperation, and I consider this said option.

Nortel had a different idea, they wanted to release Nortel related defendants, LTD Plan.) They took a business decision to settle the matter and offered little money, seized the opportunity and took an advantage of the situation. Then misled the Bankruptcy Court in Delaware, and using **"Martin factors"** and got an approval from the courts and their goals were achieved.

The contract is unjust and extremely **one-sided and it is in favor of Nortel** and Nortel related Defendants.

Nortel also used a long list of lawyers' names in their correspondence, to **intimidate the pro bono lawyer** in the Demel's matter, and used other scare tactics, saying there will be not enough money to settle all the Nortel's liabilities, and encouraged the parties to settle the claims. Mr. Demel had a disadvantage to sell the claim, because of the contract clause No. 8. Restricted Language **"No"** in front of transfer. **"No"** has to be strike off to improve clarity and accuracy to the clause.

The conditions of the Stipulation contract make me worse off than before, with this matter. Now Nortel is saying "Mr. Demel's claim will be paid by the Nortel Debtors pursuant to chapter 11 when such plan will become effective." (General unsecured claims, no mention about LTD treatment to the claim)

The compromised amount $125,000 is time sensitive and now there is no basis exists for the **meaningless reduction of the claim.** Nortel gained the **irreversible benefits.** (so far the outcome of the contract is Nortel bailed out their Nortel related defendants, Closed the LTD

PLAN, and Mr. Demel became the loser of this deal. Let the proof claim field with Nortel take its own course without any compromise of the reduction.

## Conclusion

I most respectfully request the court to approve my Motion and grant any other relief that may be just and proper.

Respectfully Submitted,

Ernest Demel

August 8, 2014

Pro se

530 West 55th Street, New York, NY 10019  email: ernestdemel@ymail.com  1-646-559 2753