# TAB 9

United States Code Annotated
  Title 35. Patents (Refs & Annos)
    Part III. Patents and Protection of Patent Rights
      Chapter 28. Infringement of Patents (Refs & Annos)

35 U.S.C.A. § 271

§ 271. Infringement of patent

Effective: March 23, 2010

Currentness

**(a)** Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

**(b)** Whoever actively induces infringement of a patent shall be liable as an infringer.

**(c)** Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

**(d)** No patent owner otherwise entitled to relief for infringement or contributory infringement of a patent shall be denied relief or deemed guilty of misuse or illegal extension of the patent right by reason of his having done one or more of the following: (1) derived revenue from acts which if performed by another without his consent would constitute contributory infringement of the patent; (2) licensed or authorized another to perform acts which if performed without his consent would constitute contributory infringement of the patent; (3) sought to enforce his patent rights against infringement or contributory infringement; (4) refused to license or use any rights to the patent; or (5) conditioned the license of any rights to the patent or the sale of the patented product on the acquisition of a license to rights in another patent or purchase of a separate product, unless, in view of the circumstances, the patent owner has market power in the relevant market for the patent or patented product on which the license or sale is conditioned.

**(e)(1)** It shall not be an act of infringement to make, use, offer to sell, or sell within the United States or import into the United States a patented invention (other than a new animal drug or veterinary biological product (as those terms are used in the Federal Food, Drug, and Cosmetic Act and the Act of March 4, 1913) which is primarily manufactured using recombinant DNA, recombinant RNA, hybridoma technology, or other processes involving site specific genetic manipulation techniques) solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products.

**(2)** It shall be an act of infringement to submit--

**(A)** an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act or described in section 505(b)(2) of such Act for a drug claimed in a patent or the use of which is claimed in a patent,

**(B)** an application under section 512 of such Act or under the Act of March 4, 1913 (21 U.S.C. 151-158) for a drug or veterinary biological product which is not primarily manufactured using recombinant DNA, recombinant RNA, hybridoma technology, or other processes involving site specific genetic manipulation techniques and which is claimed in a patent or the use of which is claimed in a patent, or

**(C)(i)** with respect to a patent that is identified in the list of patents described in section 351(l)(3) of the Public Health Service Act (including as provided under section 351(l)(7) of such Act), an application seeking approval of a biological product, or

**(ii)** if the applicant for the application fails to provide the application and information required under section 351(l)(2)(A) of such Act, an application seeking approval of a biological product for a patent that could be identified pursuant to section 351(l)(3)(A)(i) of such Act,

if the purpose of such submission is to obtain approval under such Act to engage in the commercial manufacture, use, or sale of a drug, veterinary biological product, or biological product claimed in a patent or the use of which is claimed in a patent before the expiration of such patent.

**(3)** In any action for patent infringement brought under this section, no injunctive or other relief may be granted which would prohibit the making, using, offering to sell, or selling within the United States or importing into the United States of a patented invention under paragraph (1).

**(4)** For an act of infringement described in paragraph (2)--

**(A)** the court shall order the effective date of any approval of the drug or veterinary biological product involved in the infringement to be a date which is not earlier than the date of the expiration of the patent which has been infringed,

**(B)** injunctive relief may be granted against an infringer to prevent the commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of an approved drug, veterinary biological product, or biological product,

**(C)** damages or other monetary relief may be awarded against an infringer only if there has been commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of an approved drug, veterinary biological product, or biological product, and

**(D)** the court shall order a permanent injunction prohibiting any infringement of the patent by the biological product involved in the infringement until a date which is not earlier than the date of the expiration of the patent that has been infringed under paragraph (2)(C), provided the patent is the subject of a final court decision, as defined in section 351(k)(6) of the Public Health Service Act, in an action for infringement of the patent under section 351(l)(6) of such Act, and the biological product has not yet been approved because of section 351(k)(7) of such Act.

The remedies prescribed by subparagraphs (A), (B), (C), and (D) are the only remedies which may be granted by a court for an act of infringement described in paragraph (2), except that a court may award attorney fees under section 285.

**(5)** Where a person has filed an application described in paragraph (2) that includes a certification under subsection (b)(2)(A)(iv) or (j)(2)(A)(vii)(IV) of section 505 of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. 355), and neither the owner of the patent that is the subject of the certification nor the holder of the approved application under subsection (b) of such section for the drug that is claimed by the patent or a use of which is claimed by the patent brought an action for infringement of such patent before the expiration of 45 days after the date on which the notice given under subsection (b)(3) or (j)(2)(B) of such section was received, the courts of the United States shall, to the extent consistent with the Constitution, have subject matter jurisdiction in any action brought by such person under section 2201 of title 28 for a declaratory judgment that such patent is invalid or not infringed.

**(6)(A)** Subparagraph (B) applies, in lieu of paragraph (4), in the case of a patent--

**(i)** that is identified, as applicable, in the list of patents described in section 351(l)(4) of the Public Health Service Act or the lists of patents described in section 351(l)(5)(B) of such Act with respect to a biological product; and

**(ii)** for which an action for infringement of the patent with respect to the biological product--

**(I)** was brought after the expiration of the 30-day period described in subparagraph (A) or (B), as applicable, of section 351(l)(6) of such Act; or

**(II)** was brought before the expiration of the 30-day period described in subclause (I), but which was dismissed without prejudice or was not prosecuted to judgment in good faith.

**(B)** In an action for infringement of a patent described in subparagraph (A), the sole and exclusive remedy that may be granted by a court, upon a finding that the making, using, offering to sell, selling, or importation into the United States of the biological product that is the subject of the action infringed the patent, shall be a reasonable royalty.

**(C)** The owner of a patent that should have been included in the list described in section 351(l)(3)(A) of the Public Health Service Act, including as provided under section 351(l)(7) of such Act for a biological product, but was not timely included in such list, may not bring an action under this section for infringement of the patent with respect to the biological product.

**(f)(1)** Whoever without authority supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

**(2)** Whoever without authority supplies or causes to be supplied in or from the United States any component of a patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that

such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

**(g)** Whoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, offer to sell, sale, or use of the product occurs during the term of such process patent. In an action for infringement of a process patent, no remedy may be granted for infringement on account of the noncommercial use or retail sale of a product unless there is no adequate remedy under this title for infringement on account of the importation or other use, offer to sell, or sale of that product. A product which is made by a patented process will, for purposes of this title, not be considered to be so made after--

  **(1)** it is materially changed by subsequent processes; or

  **(2)** it becomes a trivial and nonessential component of another product.

**(h)** As used in this section, the term "whoever" includes any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his official capacity. Any State, and any such instrumentality, officer, or employee, shall be subject to the provisions of this title in the same manner and to the same extent as any nongovernmental entity.

**(i)** As used in this section, an "offer for sale" or an "offer to sell" by a person other than the patentee, or any designee of the patentee, is that in which the sale will occur before the expiration of the term of the patent.

**CREDIT(S)**

   (July 19, 1952, c. 950, 66 Stat. 811; Pub.L. 98-417, Title II, § 202, Sept. 24, 1984, 98 Stat. 1603; Pub.L. 98-622, Title I, § 101, Nov. 8, 1984, 98 Stat. 3383; Pub.L. 100-418, Title IX, § 9003, Aug. 23, 1988, 102 Stat. 1564; Pub.L. 100-670, Title II, § 201(i), Nov. 16, 1988, 102 Stat. 3988; Pub.L. 100-703, Title II, § 201, Nov. 19, 1988, 102 Stat. 4676; Pub.L. 102-560, § 2(a)(1), Oct. 28, 1992, 106 Stat. 4230; Pub.L. 103-465, Title V, § 533(a), Dec. 8, 1994, 108 Stat. 4988; Pub.L. 108-173, Title XI, § 1101(d), Dec. 8, 2003, 117 Stat. 2457; Pub.L. 111-148, Title VII, § 7002(c)(1), Mar. 23, 2010, 124 Stat. 815.)

**VALIDITY**

   <The United States Supreme Court, in Florida Prepaid Postsecondary Education Expense Board v. College Savings Bank, 119 S.Ct. 2199, 144 L.Ed. 2d 575, June 23, 1999, found unconstitutional the Patent and Plant Variety Protection Remedy Clarification Act, Pub.L. 102-560, which added subsec. (h) to this section.>

Notes of Decisions (2670)

35 U.S.C.A. § 271, 35 USCA § 271
Current through P.L. 113-120 approved 6-10-14

**End of Document**       © 2014 Thomson Reuters. No claim to original U.S. Government Works.