# TAB 12

*Arrangements avec les créanciers des compagnies — 12 juin 2014*

pany, order a meeting of the creditors or class of creditors, and, if the court so determines, of the shareholders of the company, to be summoned in such manner as the court directs.

R.S., c. C-25, s. 5.

Claims against directors — compromise

**5.1** (1) A compromise or arrangement made in respect of a debtor company may include in its terms provision for the compromise of claims against directors of the company that arose before the commencement of proceedings under this Act and that relate to the obligations of the company where the directors are by law liable in their capacity as directors for the payment of such obligations.

Exception

(2) A provision for the compromise of claims against directors may not include claims that

(*a*) relate to contractual rights of one or more creditors; or

(*b*) are based on allegations of misrepresentations made by directors to creditors or of wrongful or oppressive conduct by directors.

Powers of court

(3) The court may declare that a claim against directors shall not be compromised if it is satisfied that the compromise would not be fair and reasonable in the circumstances.

Resignation or removal of directors

(4) Where all of the directors have resigned or have been removed by the shareholders without replacement, any person who manages or supervises the management of the business and affairs of the debtor company shall be deemed to be a director for the purposes of this section.

1997, c. 12, s. 122.

Compromises to be sanctioned by court

**6.** (1) If a majority in number representing two thirds in value of the creditors, or the class of creditors, as the case may be — other than, unless the court orders otherwise, a class of creditors having equity claims, — present and voting either in person or by proxy at the meeting or meetings of creditors respectively held under sections 4 and 5, or either of those sections, agree to any compromise or arrangement either as proposed or as altered or modified at the meeting or meetings, the compromise or arrangement may be sanctioned by the court and, if so sanctioned, is binding

teur de la compagnie, ordonner que soit convoquée, de la manière qu'il prescrit, une assemblée de ces créanciers ou catégorie de créanciers, et, si le tribunal en décide ainsi, des actionnaires de la compagnie.

S.R., ch. C-25, art. 5.

**5.1** (1) La transaction ou l'arrangement visant une compagnie débitrice peut comporter, au profit de ses créanciers, des dispositions relativement à une transaction sur les réclamations contre ses administrateurs qui sont antérieures aux procédures intentées sous le régime de la présente loi et visent des obligations de celle-ci dont ils peuvent être, ès qualités, responsables en droit.

Transaction — réclamations contre les administrateurs

(2) La transaction ne peut toutefois viser des réclamations portant sur des droits contractuels d'un ou de plusieurs créanciers ou fondées sur la fausse représentation ou la conduite injustifiée ou abusive des administrateurs.

Restriction

(3) Le tribunal peut déclarer qu'une réclamation contre les administrateurs ne peut faire l'objet d'une transaction s'il est convaincu qu'elle ne serait ni juste ni équitable dans les circonstances.

Pouvoir du tribunal

(4) Si tous les administrateurs démissionnent ou sont destitués par les actionnaires sans être remplacés, quiconque dirige ou supervise les activités commerciales et les affaires internes de la compagnie débitrice est réputé un administrateur pour l'application du présent article.

Démission ou destitution des administrateurs

1997, ch. 12, art. 122.

**6.** (1) Si une majorité en nombre représentant les deux tiers en valeur des créanciers ou d'une catégorie de créanciers, selon le cas, — mise à part, sauf ordonnance contraire du tribunal, toute catégorie de créanciers ayant des réclamations relatives à des capitaux propres — présents et votant soit en personne, soit par fondé de pouvoir à l'assemblée ou aux assemblées de créanciers respectivement tenues au titre des articles 4 et 5, acceptent une transaction ou un arrangement, proposé ou modifié à cette ou ces assemblées, la transaction ou l'arrangement

Homologation par le tribunal

(*a*) on all the creditors or the class of creditors, as the case may be, and on any trustee for that class of creditors, whether secured or unsecured, as the case may be, and on the company; and

(*b*) in the case of a company that has made an authorized assignment or against which a bankruptcy order has been made under the *Bankruptcy and Insolvency Act* or is in the course of being wound up under the *Winding-up and Restructuring Act*, on the trustee in bankruptcy or liquidator and contributories of the company.

Court may order amendment

(2) If a court sanctions a compromise or arrangement, it may order that the debtor's constating instrument be amended in accordance with the compromise or arrangement to reflect any change that may lawfully be made under federal or provincial law.

Restriction — certain Crown claims

(3) Unless Her Majesty agrees otherwise, the court may sanction a compromise or arrangement only if the compromise or arrangement provides for the payment in full to Her Majesty in right of Canada or a province, within six months after court sanction of the compromise or arrangement, of all amounts that were outstanding at the time of the application for an order under section 11 or 11.02 and that are of a kind that could be subject to a demand under

(*a*) subsection 224(1.2) of the *Income Tax Act*;

(*b*) any provision of the *Canada Pension Plan* or of the *Employment Insurance Act* that refers to subsection 224(1.2) of the *Income Tax Act* and provides for the collection of a contribution, as defined in the *Canada Pension Plan*, an employee's premium, or employer's premium, as defined in the *Employment Insurance Act*, or a premium under Part VII.1 of that Act, and of any related interest, penalties or other amounts; or

(*c*) any provision of provincial legislation that has a purpose similar to subsection 224(1.2) of the *Income Tax Act*, or that refers to that subsection, to the extent that it pro-

peut être homologué par le tribunal et, le cas échéant, lie :

*a*) tous les créanciers ou la catégorie de créanciers, selon le cas, et tout fiduciaire pour cette catégorie de créanciers, qu'ils soient garantis ou chirographaires, selon le cas, ainsi que la compagnie;

*b*) dans le cas d'une compagnie qui a fait une cession autorisée ou à l'encontre de laquelle une ordonnance de faillite a été rendue en vertu de la *Loi sur la faillite et l'insolvabilité* ou qui est en voie de liquidation sous le régime de la *Loi sur les liquidations et les restructurations*, le syndic en matière de faillite ou liquidateur et les contributeurs de la compagnie.

(2) Le tribunal qui homologue une transaction ou un arrangement peut ordonner la modification des statuts constitutifs de la compagnie conformément à ce qui est prévu dans la transaction ou l'arrangement, selon le cas, pourvu que la modification soit légale au regard du droit fédéral ou provincial.

Modification des statuts constitutifs

(3) Le tribunal ne peut, sans le consentement de Sa Majesté, homologuer la transaction ou l'arrangement qui ne prévoit pas le paiement intégral à Sa Majesté du chef du Canada ou d'une province, dans les six mois suivant l'homologation, de toutes les sommes qui étaient dues lors de la demande d'ordonnance visée aux articles 11 ou 11.02 et qui pourraient, de par leur nature, faire l'objet d'une demande aux termes d'une des dispositions suivantes :

Certaines réclamations de la Couronne

*a*) le paragraphe 224(1.2) de la *Loi de l'impôt sur le revenu*;

*b*) toute disposition du *Régime de pensions du Canada* ou de la *Loi sur l'assurance-emploi* qui renvoie au paragraphe 224(1.2) de la *Loi de l'impôt sur le revenu* et qui prévoit la perception d'une cotisation, au sens du *Régime de pensions du Canada*, d'une cotisation ouvrière ou d'une cotisation patronale, au sens de la *Loi sur l'assurance-emploi*, ou d'une cotisation prévue par la partie VII.1 de cette loi ainsi que des intérêts, pénalités ou autres charges afférents;

*c*) toute disposition législative provinciale dont l'objet est semblable à celui du paragraphe 224(1.2) de la *Loi de l'impôt sur le revenu*, ou qui renvoie à ce paragraphe, et

vides for the collection of a sum, and of any related interest, penalties or other amounts, and the sum

(i) has been withheld or deducted by a person from a payment to another person and is in respect of a tax similar in nature to the income tax imposed on individuals under the *Income Tax Act*, or

(ii) is of the same nature as a contribution under the *Canada Pension Plan* if the province is a "province providing a comprehensive pension plan" as defined in subsection 3(1) of the *Canada Pension Plan* and the provincial legislation establishes a "provincial pension plan" as defined in that subsection.

Restriction — default of remittance to Crown

(4) If an order contains a provision authorized by section 11.09, no compromise or arrangement is to be sanctioned by the court if, at the time the court hears the application for sanction, Her Majesty in right of Canada or a province satisfies the court that the company is in default on any remittance of an amount referred to in subsection (3) that became due after the time of the application for an order under section 11.02.

Restriction — employees, etc.

(5) The court may sanction a compromise or an arrangement only if

(*a*) the compromise or arrangement provides for payment to the employees and former employees of the company, immediately after the court's sanction, of

(i) amounts at least equal to the amounts that they would have been qualified to receive under paragraph 136(1)(*d*) of the *Bankruptcy and Insolvency Act* if the company had become bankrupt on the day on which proceedings commenced under this Act, and

(ii) wages, salaries, commissions or compensation for services rendered after proceedings commence under this Act and before the court sanctions the compromise or arrangement, together with, in the case of travelling salespersons, disbursements properly incurred by them in and about the company's business during the same period; and

qui prévoit la perception d'une somme, ainsi que des intérêts, pénalités ou autres charges afférents, laquelle somme :

(i) soit a été retenue par une personne sur un paiement effectué à une autre personne, ou déduite d'un tel paiement, et se rapporte à un impôt semblable, de par sa nature, à l'impôt sur le revenu auquel les particuliers sont assujettis en vertu de la *Loi de l'impôt sur le revenu*,

(ii) soit est de même nature qu'une cotisation prévue par le *Régime de pensions du Canada*, si la province est une province instituant un régime général de pensions au sens du paragraphe 3(1) de cette loi et si la loi provinciale a institué un régime provincial de pensions au sens de ce paragraphe.

(4) Lorsqu'une ordonnance comporte une disposition autorisée par l'article 11.09, le tribunal ne peut homologuer la transaction ou l'arrangement si, lors de l'audition de la demande d'homologation, Sa Majesté du chef du Canada ou d'une province le convainc du défaut de la compagnie d'effectuer un versement portant sur une somme visée au paragraphe (3) et qui est devenue exigible après le dépôt de la demande d'ordonnance visée à l'article 11.02.

Défaut d'effectuer un versement

(5) Le tribunal ne peut homologuer la transaction ou l'arrangement que si, à la fois :

Restriction — employés, etc.

*a*) la transaction ou l'arrangement prévoit le paiement aux employés actuels et anciens de la compagnie, dès son homologation, de sommes égales ou supérieures, d'une part, à celles qu'ils seraient en droit de recevoir en application de l'alinéa 136(1)*d*) de la *Loi sur la faillite et l'insolvabilité* si la compagnie avait fait faillite à la date à laquelle des procédures ont été introduites sous le régime de la présente loi à son égard et, d'autre part, au montant des gages, salaires, commissions ou autre rémunération pour services fournis entre la date de l'introduction des procédures et celle de l'homologation, y compris les sommes que le voyageur de commerce a régulièrement déboursées dans le cadre de l'exploitation de la compagnie entre ces dates;

Restriction — pension plan

(6) If the company participates in a prescribed pension plan for the benefit of its employees, the court may sanction a compromise or an arrangement in respect of the company only if

(*a*) the compromise or arrangement provides for payment of the following amounts that are unpaid to the fund established for the purpose of the pension plan:

(i) an amount equal to the sum of all amounts that were deducted from the employees' remuneration for payment to the fund,

(ii) if the prescribed pension plan is regulated by an Act of Parliament,

(A) an amount equal to the normal cost, within the meaning of subsection 2(1) of the *Pension Benefits Standards Regulations, 1985*, that was required to be paid by the employer to the fund, and

(B) an amount equal to the sum of all amounts that were required to be paid by the employer to the fund under a defined contribution provision, within the meaning of subsection 2(1) of the *Pension Benefits Standards Act, 1985*,

(C) an amount equal to the sum of all amounts that were required to be paid by the employer to the administrator of a pooled registered pension plan, as defined in subsection 2(1) of the *Pooled Registered Pension Plans Act*, and

(iii) in the case of any other prescribed pension plan,

(A) an amount equal to the amount that would be the normal cost, within the meaning of subsection 2(1) of the *Pension Benefits Standards Regulations, 1985*, that the employer would be required to pay to the fund if the prescribed plan were regulated by an Act of Parliament, and

(B) an amount equal to the sum of all amounts that would have been required to be paid by the employer to the fund

*b*) il est convaincu que la compagnie est en mesure d'effectuer et effectuera les paiements prévus à l'alinéa *a*).

(6) Si la compagnie participe à un régime de pension réglementaire institué pour ses employés, le tribunal ne peut homologuer la transaction ou l'arrangement que si, à la fois :

Restriction — régime de pension

*a*) la transaction ou l'arrangement prévoit que seront effectués des paiements correspondant au total des sommes ci-après qui n'ont pas été versées au fonds établi dans le cadre du régime de pension :

(i) les sommes qui ont été déduites de la rémunération des employés pour versement au fonds,

(ii) dans le cas d'un régime de pension réglementaire régi par une loi fédérale :

(A) les coûts normaux, au sens du paragraphe 2(1) du *Règlement de 1985 sur les normes de prestation de pension*, que l'employeur est tenu de verser au fonds,

(B) les sommes que l'employeur est tenu de verser au fonds au titre de toute disposition à cotisations déterminées au sens du paragraphe 2(1) de la *Loi de 1985 sur les normes de prestation de pension*,

(C) les sommes que l'employeur est tenu de verser à l'administrateur d'un régime de pension agréé collectif au sens du paragraphe 2(1) de la *Loi sur les régimes de pension agréés collectifs*,

(iii) dans le cas de tout autre régime de pension réglementaire :

(A) la somme égale aux coûts normaux, au sens du paragraphe 2(1) du *Règlement de 1985 sur les normes de prestation de pension*, que l'employeur serait tenu de verser au fonds si le régime était régi par une loi fédérale,

(B) les sommes que l'employeur serait tenu de verser au fonds au titre de toute disposition à cotisations déterminées au sens du paragraphe 2(1) de la *Loi de 1985 sur les normes de prestation de pension* si le régime était régi par une loi fédérale,

under a defined contribution provision, within the meaning of subsection 2(1) of the *Pension Benefits Standards Act, 1985*, if the prescribed plan were regulated by an Act of Parliament,

(C) an amount equal to the sum of all amounts that would have been required to be paid by the employer in respect of a prescribed plan, if it were regulated by the *Pooled Registered Pension Plans Act*; and

(*b*) the court is satisfied that the company can and will make the payments as required under paragraph (*a*).

(C) les sommes que l'employeur serait tenu de verser à l'égard du régime s'il était régi par la *Loi sur les régimes de pension agréés collectifs*;

*b*) il est convaincu que la compagnie est en mesure d'effectuer et effectuera les paiements prévus à l'alinéa *a*).

Non-application of subsection (6)

(7) Despite subsection (6), the court may sanction a compromise or arrangement that does not allow for the payment of the amounts referred to in that subsection if it is satisfied that the relevant parties have entered into an agreement, approved by the relevant pension regulator, respecting the payment of those amounts.

(7) Par dérogation au paragraphe (6), le tribunal peut homologuer la transaction ou l'arrangement qui ne prévoit pas le versement des sommes mentionnées à ce paragraphe s'il est convaincu que les parties en cause ont conclu un accord sur les sommes à verser et que l'autorité administrative responsable du régime de pension a consenti à l'accord.

Non-application du paragraphe (6)

Payment — equity claims

(8) No compromise or arrangement that provides for the payment of an equity claim is to be sanctioned by the court unless it provides that all claims that are not equity claims are to be paid in full before the equity claim is to be paid.

R.S., 1985, c. C-36, s. 6; 1992, c. 27, s. 90; 1996, c. 6, s. 167; 1997, c. 12, s. 123; 2004, c. 25, s. 194; 2005, c. 47, s. 126, 2007, c. 36, s. 106; 2009, c. 33, s. 27; 2012, c. 16, s. 82.

(8) Le tribunal ne peut homologuer la transaction ou l'arrangement qui prévoit le paiement d'une réclamation relative à des capitaux propres que si, selon les termes de celle-ci, le paiement intégral de toutes les autres réclamations sera effectué avant le paiement de la réclamation relative à des capitaux propres.

L.R. (1985), ch. C-36, art. 6; 1992, ch. 27, art. 90; 1996, ch. 6, art. 167; 1997, ch. 12, art. 123; 2004, ch. 25, art. 194; 2005, ch. 47, art. 126, 2007, ch. 36, art. 106; 2009, ch. 33, art. 27; 2012, ch. 16, art. 82.

Paiement d'une réclamation relative à des capitaux propres

Court may give directions

**7.** Where an alteration or a modification of any compromise or arrangement is proposed at any time after the court has directed a meeting or meetings to be summoned, the meeting or meetings may be adjourned on such term as to notice and otherwise as the court may direct, and those directions may be given after as well as before adjournment of any meeting or meetings, and the court may in its discretion direct that it is not necessary to adjourn any meeting or to convene any further meeting of any class of creditors or shareholders that in the opinion of the court is not adversely affected by the alteration or modification proposed, and any compromise or arrangement so altered or modified may be sanctioned by the court and have effect under section 6.

R.S., c. C-25, s. 7.

**7.** Si une modification d'une transaction ou d'un arrangement est proposée après que le tribunal a ordonné qu'une ou plusieurs assemblées soient convoquées, cette ou ces assemblées peuvent être ajournées aux conditions que peut prescrire le tribunal quant à l'avis et autrement, et ces instructions peuvent être données tant après qu'avant l'ajournement de toute ou toutes assemblées, et le tribunal peut, à sa discrétion, prescrire qu'il ne sera pas nécessaire d'ajourner quelque assemblée ou de convoquer une nouvelle assemblée de toute catégorie de créanciers ou actionnaires qui, selon l'opinion du tribunal, n'est pas défavorablement atteinte par la modification proposée, et une transaction ou un arrangement ainsi modifié peut être ho-

Le tribunal peut donner des instructions

\

PAGES INTENTIONALLY OMITTED

Case 09-10138-MFW    Doc 14225-12    Filed 08/15/14    Page 7 of 8

dance with the process leading to the proposed sale or disposition.

Related persons

(5) For the purpose of subsection (4), a person who is related to the company includes

(*a*) a director or officer of the company;

(*b*) a person who has or has had, directly or indirectly, control in fact of the company; and

(*c*) a person who is related to a person described in paragraph (*a*) or (*b*).

Assets may be disposed of free and clear

(6) The court may authorize a sale or disposition free and clear of any security, charge or other restriction and, if it does, it shall also order that other assets of the company or the proceeds of the sale or disposition be subject to a security, charge or other restriction in favour of the creditor whose security, charge or other restriction is to be affected by the order.

Restriction — employers

(7) The court may grant the authorization only if the court is satisfied that the company can and will make the payments that would have been required under paragraphs 6(4)(*a*) and (5)(*a*) if the court had sanctioned the compromise or arrangement.

2005, c. 47, s. 131; 2007, c. 36, s. 78.

PREFERENCES AND TRANSFERS AT UNDERVALUE

Application of sections 38 and 95 to 101 of the *Bankruptcy and Insolvency Act*

**36.1** (1) Sections 38 and 95 to 101 of the *Bankruptcy and Insolvency Act* apply, with any modifications that the circumstances require, in respect of a compromise or arrangement unless the compromise or arrangement provides otherwise.

Interpretation

(2) For the purposes of subsection (1), a reference in sections 38 and 95 to 101 of the *Bankruptcy and Insolvency Act*

(*a*) to "date of the bankruptcy" is to be read as a reference to "day on which proceedings commence under this Act";

(*b*) to "trustee" is to be read as a reference to "monitor"; and

(*c*) to "bankrupt", "insolvent person" or "debtor" is to be read as a reference to "debtor company".

2005, c. 47, s. 131; 2007, c. 36, s. 78.

Personnes liées

(5) Pour l'application du paragraphe (4), les personnes ci-après sont considérées comme liées à la compagnie :

*a*) le dirigeant ou l'administrateur de celle-ci;

*b*) la personne qui, directement ou indirectement, en a ou en a eu le contrôle de fait;

*c*) la personne liée à toute personne visée aux alinéas *a*) ou *b*).

Autorisation de disposer des actifs en les libérant de restrictions

(6) Le tribunal peut autoriser la disposition d'actifs de la compagnie, purgés de toute charge, sûreté ou autre restriction, et, le cas échéant, est tenu d'assujettir le produit de la disposition ou d'autres de ses actifs à une charge, sûreté ou autre restriction en faveur des créanciers touchés par la purge.

Restriction à l'égard des employeurs

(7) Il ne peut autoriser la disposition que s'il est convaincu que la compagnie est en mesure d'effectuer et effectuera les paiements qui auraient été exigés en vertu des alinéas 6(4)*a*) et (5)*a*) s'il avait homologué la transaction ou l'arrangement.

2005, ch. 47, art. 131; 2007, ch. 36, art. 78.

TRAITEMENTS PRÉFÉRENTIELS ET OPÉRATIONS SOUS-ÉVALUÉES

Application des articles 38 et 95 à 101 de la *Loi sur la faillite et l'insolvabilité*

**36.1** (1) Les articles 38 et 95 à 101 de la *Loi sur la faillite et l'insolvabilité* s'appliquent, avec les adaptations nécessaires, à la transaction ou à l'arrangement sauf disposition contraire de ceux-ci.

Interprétation

(2) Pour l'application du paragraphe (1), la mention, aux articles 38 et 95 à 101 de la *Loi sur la faillite et l'insolvabilité*, de la date de la faillite vaut mention de la date à laquelle une procédure a été intentée sous le régime de la présente loi, celle du syndic vaut mention du contrôleur et celle du failli, de la personne insolvable ou du débiteur vaut mention de la compagnie débitrice.

2005, ch. 47, art. 131; 2007, ch. 36, art. 78.