# TAB 19

47 F.3d 1128
United States Court of Appeals,
Federal Circuit.

ABBOTT LABORATORIES, Plaintiff–Appellee,

v.

DIAMEDIX CORPORATION,
Proposed Intervenor–Appellant,

v.

ORTHO DIAGNOSTIC SYSTEMS,
INC., Defendant–Appellee.

No. 94–1345.    |    Feb. 7, 1995.

Exclusive licensees of patents relating to immunoassay systems used to test blood for the presence of hepatitis virus brought patent infringement action against competitor, and patentee filed motion to intervene. The United States District Court for the Northern District of Illinois, Charles R. Norgle, Sr., J., denied patentee's motion, and it appealed. The Court of Appeals, Bryson, Circuit Judge, held that exclusive licensee did not have statutory right to bring action for patent infringement without joining patentee.

Reversed and remanded.

West Headnotes (8)

**[1]**   **Patents**
          **Persons entitled to sue**

Exclusive licensee of patent did not have statutory right to bring action for patent infringement without joining patentee, where patentee retained substantial interest under patents; patentee retained right to make and use for its own benefit, products embodying inventions claimed in patents, as well as right to sell such products to end users, to parties with whom patentee had preexisting contracts, and to preexisting licensees, and exclusive license was made subject to prior licenses granted by patentee. 35 U.S.C.A. §§ 100(d), 271, 281.

90 Cases that cite this headnote

**[2]**   **Patents**
          **Persons entitled to sue**

Right to sue for patent infringement is ordinarily incident of legal title to patent; licensee may obtain sufficient rights in patent to be entitled to seek relief from infringement, but to do so, it must ordinarily join patent owner. 35 U.S.C.A. §§ 100(d), 271, 281.

18 Cases that cite this headnote

**[3]**   **Patents**
          **As to third persons**

Patent licensee, who has no right to exclude others from making, using, or selling licensed products, has no legally recognized interest that entitles it to bring or join patent infringement action. 35 U.S.C.A. §§ 100(d), 271, 281.

24 Cases that cite this headnote

**[4]**   **Patents**
          **New parties and change of parties**

Federal joinder rule permitted patentee to intervene in patent infringement action brought by exclusive licensee, where owner retained interest in patents, and disposition of licensee's suit could either prejudice patentee's interests or expose alleged infringer to risk multiple litigation or obligations, depending on whether owner would be held to be in privity with licensee, unless bound by judgment against licensee. Fed.Rules Civ.Proc.Rule 19, 28 U.S.C.A.

24 Cases that cite this headnote

**[5]**   **Patents**
          **Defendants**

Patentee that does not voluntarily join action prosecuted by its exclusive licensee can be joined as defendant or, in proper case, made involuntary plaintiff if it is not subject to service of process. Fed.Rules Civ.Proc.Rule 19(a), 28 U.S.C.A.

31 Cases that cite this headnote

**[6]** Patents
  Defendants

When patent owner retains substantial propriety interest in patent and wishes to participate in infringement action, court must allow it to do so.
Fed.Rules Civ.Proc.Rule 19(a), 28 U.S.C.A.

Cases that cite this headnote

**[7]** Patents
  Persons entitled to sue

Whether "control" clause of patent licensing agreement, providing that "the party who brings suit shall control the prosecution," gave licensee right to control patentee's conduct as party in patent infringement case was issue for district court to determine as part of that court's responsibility to govern pretrial and trial proceedings in case over which it presided.

26 Cases that cite this headnote

**[8]** Patents
  Original utility

4,474,878, 4,642,285. Cited.

Cases that cite this headnote

**Attorneys and Law Firms**

*1129 Daniel E. Reidy, Jones, Day, Reavis & Pogue, Chicago, IL, argued for plaintiff-appellee. With him on the brief was Kevin G. McBride, Allison J. Zousmer and Sandra B. Weiss, of counsel.

George H. Gerstman, Gerstman, Ellis & McMillin, Ltd., Chicago, IL, argued for proposed intervenor-appellant. With him on the brief was Terrence W. McMillin.

Harry J. Roper and Raymond N. Nimrod, Roper & Quigg, Chicago, IL, were on the brief for defendant-appellee.

Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.

**Opinion**

BRYSON, Circuit Judge.

Diamedix Corporation appeals from an order denying its motion to intervene in a patent infringement action. The action was brought by Abbott Laboratories, which held a license from Diamedix, against a third party, Ortho Diagnostic Systems, Inc. We conclude that the district court should have permitted Diamedix to join the lawsuit as a party-plaintiff. The order of the district court denying the motion to intervene is therefore reversed.

**I**

United States Patents Nos. 4,474,878 (the '878 patent) and 4,642,285 (the '285 patent) were issued in 1984 and 1987, respectively, and assigned to appellant Diamedix Corporation. The two patents relate to immunoassay systems used to test blood for the presence of the hepatitis virus.

Prior to 1988, Diamedix granted eight non-exclusive licenses under the '878 and '285 patents. In August 1988, following a dispute with appellee Abbott Laboratories over alleged infringement of the patents, Diamedix entered into a "license agreement" with Abbott. In exchange for annual royalty payments, Abbott received a worldwide license to make, use, and sell products incorporating the inventions claimed in the patents. The license was exclusive to Abbott and its affiliates, but was subject to the rights previously granted to Diamedix's other licensees. In addition, the agreement reserved to Diamedix the right to make and use products that exploited the patents, as well as the right to sell such products to Diamedix's previous licensees, to Abbott's sublicensees, to end users, and to certain other parties to fulfill Diamedix's existing contractual obligations. The agreement was to remain in effect for the life of the patents unless Abbott decided to terminate it earlier. The agreement was not assignable by either party without the consent of the other.

In addition to those general terms, the agreement contained a clause addressing the rights of the parties in suits against third parties for infringement of the patent rights. That clause provided as follows:

> If any patent included in PATENT RIGHTS is infringed, Abbott shall have the right, but not the

obligation, to bring suit to suppress such infringement against any unlicensed third party. However, if such infringement continues and DIAMEDIX requests ABBOTT in writing to bring such suit, and ABBOTT declines to bring such suit against such infringer within six (6) months of such request, DIAMEDIX shall have the right to bring such suit. The party who brings suit shall control the prosecution and any settlements thereof provided, however, Abbott shall not prejudice or impair the PATENT RIGHTS in connection with such prosecution or settlements and shall not enter into any settlement which would result in DIAMEDIX receiving less than one percent (1%) of the net sales of the third party's infringing products. The other party shall be entitled to be represented therein by counsel of its own selection at its own expense.

*1130 In January 1994, Abbott filed an action in the United States District Court for the Northern District of Illinois charging appellee Ortho Diagnostic Systems, Inc., with infringing the '878 and '285 patents. Ortho denied the allegations of infringement, asserted as an affirmative defense that the patents are invalid, and claimed that Abbott is barred from seeking relief because of its delay in bringing suit.

Because Abbott did not join Diamedix as a party to the lawsuit, Diamedix promptly filed a motion to intervene and a complaint as plaintiff-intervenor alleging that Ortho had infringed its rights under the two patents. In its motion, Diamedix argued that it was entitled to intervene under Fed.R.Civ.P. 24(a)(2) based on its rights as legal owner of the patents. In the alternative, Diamedix moved to be permitted to intervene under Fed.R.Civ.P. 24(b). Diamedix also suggested that as the holder of legal title to the patents, it might be required to participate in order to give the district court jurisdiction over the suit. Ortho supported Diamedix's motion to intervene, on the ground that Diamedix retained a significant interest in the patents-in-suit under its agreement with Abbott and might be an indispensable party under Fed.R.Civ.P. 19(b).

The district court denied Diamedix's motion to intervene, based on its conclusion that Diamedix's interests in the lawsuit were adequately represented by Abbott. The court explained that Diamedix and Abbott share the common goals of enforcing the patent rights against Ortho and maximizing the recovery of monetary damages. Diamedix argued that Abbott has an incentive not to defend the validity of the patents with great vigor, since a decision invalidating the patents would free Abbott from its royalty obligations. Diamedix pointed out that shortly after entering into the licensing agreement, Abbott had requested reexamination of the '878 and '285 patents by the Patent and Trademark Office (PTO), urging that all of the claims of those patents were unpatentable in light of prior art. The district court dismissed Diamedix's contention, however, noting that under the agreement with Diamedix, Abbott had the obligation not to "prejudice or impair the patent rights," and that there was no reason to believe that Abbott would fail to honor its obligation in the action against Ortho. In addition, the court concluded that as a practical matter Diamedix's intervention "would be nothing more than a paper entry into the clerk's docket," because Abbott had the right under the licensing agreement to control the prosecution of any infringement action that it initiated.

Diamedix took an immediate appeal from the order denying its motion to intervene. This court stayed the action in the district court pending the resolution of the appeal.

## II

[1] The parties to this appeal have focused principally on whether intervention should have been granted under Fed.R.Civ.P. 24 and, in particular, whether the district court properly denied intervention on the ground that Abbott adequately represents Diamedix's interests in the infringement action. We believe, however, that this case can best be resolved by addressing a related but logically antecedent question: whether a licensee such as Abbott has the statutory right to bring an action for infringement without joining the patent owner, Diamedix. Because we conclude that Abbott may pursue its infringement action against Ortho only if Diamedix is permitted to join that action, we hold that the district court should have ordered Diamedix to be joined as a party.

### A

The Patent Act of 1952 provides that a civil action for infringement may be brought by "a patentee." 35 U.S.C. § 281. The statute defines "patentee" to include the party to whom the patent was issued and the successors in title to the patent, 35 U.S.C. § 100(d), and has been interpreted to require that a suit for infringement ordinarily be brought by a party holding legal title to the patent. See *Arachnid, Inc. v. Merit Indus., Inc.,* 939 F.2d 1574, 1578–79, 19 USPQ2d 1513, 1517–18 (Fed.Cir.1991). Parties not holding title to the patent have been accorded the right to sue (or "standing") in certain circumstances, **\*1131** but only upon joining or attempting to join the patent owners.

In *Waterman v. Mackenzie,* 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891), the Supreme Court addressed the question of the right to sue for infringement under a predecessor patent statute. The Court stated that an assignment by the patent owner of the whole of the patent right, or of an undivided part of the right, or of all rights in a specified geographical region, gives an assignee the right to bring an action for infringement in his own name. Any less complete transfer of rights, the Court explained, is a license rather than an assignment. If the patent owner grants only a license,

> the title remains in the owner of the patent; and suit must be brought in his name, and never in the name of the licensee alone, unless that is necessary to prevent an absolute failure of justice, as where the patentee is the infringer, and cannot sue himself. Any rights of the licensee must be enforced through or in the name of the owner of the patent, and perhaps, if necessary to protect the rights of all parties, joining the licensee with him as a plaintiff.

*Id.* at 255, 11 S.Ct. at 335.

Thirty-five years later, in *Independent Wireless Tel. Co. v. Radio Corp. of Am.,* 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926), the Supreme Court applied the teaching of *Waterman* in a case in which an exclusive licensee sought to enforce the patent rights against an alleged infringer. The Court rejected the argument that the licensee could sue for infringement without joining the patent owner. "The presence of the owner of the patent as a party is indispensable not only to give jurisdiction under the patent laws," the Court held, "but also, in most cases, to enable the alleged infringer to respond in one action to all claims of infringement for his act, and thus either to defeat all claims in the one action, or by satisfying one adverse decree to bar all subsequent actions." 269 U.S. at 468, 46 S.Ct. at 169.

The Court recognized an exception to that rule for cases in which the owner of a patent refuses or is unable to be joined as a co-plaintiff with the exclusive licensee in an infringement action. In such a case, the Court held, "the licensee may make [the patent owner] a party defendant by process and he will be lined up by the court in the party character which he should assume." 269 U.S. at 468, 46 S.Ct. at 169. A patentee, the Court explained, "holds the title to the patent in trust for [the exclusive] licensee, to the extent that he must allow the use of his name as plaintiff in any action brought at the instance of the licensee in law or in equity to obtain damages for the injury to his exclusive right by an infringer or to enjoin infringement of it." *Id.* at 469, 46 S.Ct. at 169–70. The Court emphasized, however, that before the exclusive licensee can sue in the patent owner's name, the patent owner must be given an opportunity to join the infringement action. *Id.* at 473–74, 46 S.Ct. at 171.

 [2]  [3]  Based on the analysis in *Waterman* and *Independent Wireless Tel. Co.,* this court has recognized the following principles: The right to sue for infringement is ordinarily an incident of legal title to the patent. A licensee may obtain sufficient rights in the patent to be entitled to seek relief from infringement, but to do so, it ordinarily must join the patent owner. And a bare licensee, who has no right to exclude others from making, using, or selling the licensed products, has no legally recognized interest that entitles it to bring or join an infringement action. See *Arachnid, Inc. v. Merit Indus., Inc.,* 939 F.2d at 1579 & n. 7, 19 USPQ2d at 1517 & n. 7 (one seeking damages for infringement ordinarily must have legal title to the patent during the infringement, but an exclusive licensee may join an infringement suit as co-plaintiff with patentee); *Kalman v. Berlyn Corp.,* 914 F.2d 1473, 1481–82, 16 USPQ2d 1093, 1099–1100 (Fed.Cir.1990) (non-exclusive licensee has no standing to sue for infringement); *Weinar v. Rollform Inc.,* 744 F.2d 797, 806–07, 223 USPQ 369, 374–75 (Fed.Cir.1984) (licensee with exclusive right to sell licensed products may sue for and obtain relief from infringement in conjunction with patent owner), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1844, 85 L.Ed.2d 143 (1985).

Abbott does not take issue with these principles. Rather, it argues that Diamedix is not required to be joined in this action because the agreement between Abbott and **\*1132** Diamedix transferred all substantial rights under the patents

to Abbott. We disagree. Although the agreement effected a broad conveyance of rights to Abbott, Diamedix retained substantial interests under the '878 and '285 patents, and Abbott therefore does not have an independent right to sue for infringement as a "patentee" under the patent statute.

Diamedix retained the right to make and use, for its own benefit, products embodying the inventions claimed in the patents, as well as the right to sell such products to end users, to parties with whom Diamedix had pre-existing contracts, and to pre-existing licensees. Abbott's exclusive license was also made subject to prior licenses granted by Diamedix. Moreover, although Abbott was given the right of first refusal in suing alleged infringers, the agreement provides that if Diamedix asks Abbott to bring suit against an alleged infringer and Abbott declines to do so, Diamedix has the right to prosecute its own infringement action; thus, although Abbott has the option to initiate suit for infringement, it does not enjoy the right to indulge infringements, which normally accompanies a complete conveyance of the right to sue. In addition, even if Abbott exercises its option to sue for infringement, it is obligated under the agreement not to "prejudice or impair the patent rights in connection with such prosecution or settlement." Finally, the parties appear to have contemplated that Diamedix could participate in a suit brought by Abbott, because the agreement provides that Diamedix is "entitled to be represented therein by counsel of its own selection at its own expense."

In light of the various rights that Diamedix retains under the agreement, Abbott must be considered a licensee, not an assignee. Under *Waterman* and its successors, Abbott therefore may not sue on its own for infringement.

In arguing to the contrary, Abbott relies principally on this court's decision in *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.,* 944 F.2d 870, 20 USPQ2d 1045 (Fed.Cir.1991). In that case, the court found that the patent grantee, Marowsky, did not have to be joined as a party to the infringement suit brought by Vaupel. The court reached that conclusion, however, only after finding that Marowsky had transferred all substantial rights under the patent to Vaupel.

The only rights retained by Marowsky with respect to the domestic patent were a veto right on sublicensing by Vaupel, a reversionary right in the patent in the event of bankruptcy or termination of production by Vaupel, and a right to receive infringement damages. The sublicensing veto constituted only a minor derogation of the patent rights, the court held, and the right to receive infringement damages was merely a form of deferred compensation under the agreement. As to Marowsky's reversionary right, the court noted that *Waterman* had made clear that a transfer does not lose its character as an assignment simply because it is liable to be defeated by nonperformance of a condition subsequent. 944 F.2d at 875, 20 USPQ2d at 1049.

The *Vaupel* court emphasized that Marowsky had granted Vaupel not only an exclusive license to make, use, and sell the licensed products, but also the exclusive right to sue for infringement of the patent rights. The court found that the transfer of the exclusive right to sue was "particularly dispositive" of the question whether Vaupel was authorized to bring suit without joining Marowsky. *See* 944 F.2d at 875–76, 20 USPQ2d at 1049.

In this case, Diamedix has retained a significantly greater interest in the patents than Marowsky retained in *Vaupel.* Unlike in *Vaupel,* Diamedix retained a limited right to make, use, and sell products embodying the patented inventions, a right to bring suit on the patents if Abbott declined to do so, and the right to prevent Abbott from assigning its rights under the license to any party other than a successor in business.

Those retained rights are the sort that are commonly held sufficient to make a patent owner who grants an exclusive license a necessary party to an infringement action brought by the licensee. *See, e.g., Grantham v. McGraw–Edison Co.,* 444 F.2d 210, 213–16, 170 USPQ 69, 71–73 (7th Cir.1971) (licensing owner retained right to sue infringers **\*1133** if the licensee refused to do so); *Agrashell, Inc. v. Hammons Prods. Co.,* 352 F.2d 443, 446–47, 147 USPQ 347, 349 (8th Cir.1965) (licensing owner retained right to make, use, and sell products described and claimed in the patent, and right to sue for infringement if the licensee declined to do so); *Pfizer Inc. v. Elan Pharmaceutical Research Corp.,* 812 F.Supp. 1352, 27 USPQ2d 1161 (D.Del.1993) (licensing owner retained, *inter alia,* right to market patented product); *Raber v. Pittway Corp.,* 23 USPQ2d 1313, 1314–15, 1992 WL 219016 (N.D.Cal.1992) (license subject to rights of prior licensees and limits imposed on licensee's power of assignment), *aff'd mem.,* 996 F.2d 318 (Fed.Cir.1993); *Refac Int'l Ltd. v. Visa USA Inc.,* 16 USPQ2d 2024, 2028, 1990 WL 130032 (N.D.Cal.1990) (limits imposed on licensee's power of assignment); *Calgon Corp. v. Nalco Chem. Co.,* 726 F.Supp. 983, 13 USPQ2d 1529 (D.Del.1989) (same); *Erbamont, Inc. v. Cetus Corp.,* 720 F.Supp. 387, 392–96,

12 USPQ2d 1344, 1349–51 (D.Del.1989) (licensing owner retained right to bring suit if licensee refused). We therefore conclude that Abbott does not have a sufficient interest in the '878 and '285 patents to sue, on its own, as the "patentee" entitled by 35 U.S.C. § 271 to judicial relief from infringement.

**B**

[4] While Diamedix's joinder is required as a matter of statutory standing, it is consistent with the policies underlying Fed.R.Civ.P. 19, the federal joinder rule. Rule 19(a) provides that a person who can be joined as a party should be joined if (1) the person's absence would make it impossible to grant complete relief to the parties, or (2) the person claims an interest in the subject matter of the action and is so situated that the disposition of the action in his absence could impede his ability to protect that interest or leave any of the parties subject to a substantial risk of incurring multiple or inconsistent obligations.

Diamedix retains interests in the patents, and the disposition of Abbott's suit against Ortho could either prejudice Diamedix's interests or expose Ortho to the risk of multiple litigation or obligations, depending in part on whether Diamedix would be held to be in privity with Abbott and thus bound by any judgment against Abbott. Moreover, Abbott may labor under some disadvantages, not applicable to Diamedix, that would make its defense of the patents more difficult. For example, Diamedix may not be chargeable either with Abbott's delay in bringing suit, which Ortho has pleaded as a defense, or with the statements of Abbott's agent in urging the invalidity of the '878 and '285 patents before the PTO, which might compromise Abbott's defense of the patents in this lawsuit, *see Universal Am. Barge Corp. v. J–Chem, Inc., 946 F.2d 1131, 1142 (5th Cir.1991).* The purpose of Rule 19—to avoid multiple suits or incomplete relief arising from the same subject matter—is thus served by joinder, which permits Diamedix's dispute with Ortho to be adjudicated along with Abbott's. *See Vaupel, 944 F.2d at 875–876, 20 USPQ2d at 1049.*

[5] [6] That is not to say that if a patentee in Diamedix's position declines to participate, the action cannot go forward. A patentee that does not voluntarily join an action prosecuted by its exclusive licensee can be joined as a defendant or, in a proper case, made an involuntary plaintiff if it is not subject to service of process. *See* Fed.R.Civ.P. 19(a); *Independent Wireless Tel. Co.,* 269 U.S. at 468–74, 46 S.Ct. at 169–71; *Philadelphia Brief Case Co. v. Specialty Leather Prods. Co.,* 145 F.Supp. 425, 111 USPQ 180 (D.N.J.1956), *aff'd,* 242 F.2d 511, 113 USPQ 100 (3d Cir.1957). For purposes of this case, however, we need only decide that when a patent owner retains a substantial proprietary interest in the patent and wishes to participate in an infringement action, the court must allow it to do so.

**III**

[7] Although we conclude that Diamedix is entitled to participate in this case as a party, the nature of its participation is another matter. The agreement between Abbott and Diamedix provides that "[t]he party who brings suit shall control the prosecution." As Abbott points out, it negotiated and paid for that right of control under the licensing agreement. At oral argument of this case, **\*1134** however, Diamedix's counsel made clear that Diamedix envisions participating actively in the lawsuit and does not regard the "control" clause of the agreement as imposing a significant restraint on its participation.

We refrain from commenting on the extent to which the "control" clause will give Abbott the right to control Diamedix's conduct as a party in the case. The task of refereeing disputes over the breadth of the "control" clause will necessarily fall to the district court as part of the court's responsibility to govern the pretrial and trial proceedings in cases over which it presides. Regardless of the role Diamedix is ultimately permitted to play in light of the "control" clause, however, we are persuaded that it should have been allowed to join the case as a party.

The order of the district court denying Diamedix's motion to intervene is reversed, and the case is remanded to the district court for further proceedings in accordance with this opinion.

*REVERSED AND REMANDED.*

**Parallel Citations**

63 USLW 2544, 31 Fed.R.Serv.3d 392, 33 U.S.P.Q.2d 1771