# TAB 39



1997 CarswellOnt 4609, 50 C.B.R. (3d) 79

Canadian Imperial Bank of Commerce v. Melnitzer (Trustee of)

In the Matter of the Bankruptcy of Julius H. Melnitzer, of the City of London, in the County of Middlesex, in the Province of Ontario

Canadian Imperial Bank of Commerce, Respondent/Plaintiff and Peat Marwick Thorne Inc., Trustee in Bankruptcy of Julius Melnitzer, Grand Canyon Properties Ltd., 808756 Ontario Inc., Coopers & Lybrand Limited, National Bank of Canada and Royal Bank of Canada, Appellant/Defendant (Grand Canyon Properties Ltd.)

Ontario Court of Appeal

Robins, Rosenberg, Moldaver JJ.A.

Judgment: November 18, 1997
Docket: CA C17367

© Thomson Reuters Canada Limited or its Licensors (excluding individual court documents). All rights reserved.

Proceedings: affirming (1993), 23 C.B.R. (3d) 161 (Ont. Bktcy.)

Counsel: *R.F. Leach*, for Appellant.

*R. Headrick*, *J.C. Osborne* and *Ms. J.K. Badley*, for Respondent.

Subject: Insolvency

Trusts and trustees --- Constructive trust — General principles

Bank held collateral and allowed debtor to exchange collateral for new collateral in form of shares without bank making inquiries into new collateral — New collateral turned out to be worthless — Bank brought claimed against trustee in bankruptcy on basis that transfer was based on debtor's fraudulent scheme and that constructive trust arose permitting court to trace funds and declare proprietary interest in subsequently purchased shares — Bank's claim dismissed — Constructive trust could arise in debtor-creditor relationship only where agreement between parties set aside — Bank's subsequent appeal dismissed — Evidence amply supported trial judge's conclusion that no constructive trust arose.

A bank held shares as collateral and permitted the debtor to exchange the shares for new collateral also in the form of shares. In doing so, the bank made no inquiries as to the new collateral and the shares subsequently turned out to be worthless. The bank claimed against the debtor's trustee in bankruptcy arguing that because the transfer was based on the debtor's fraudulent scheme, a constructive trust arose that permitted the court to trace

the funds and declare a proprietary interest in subsequently purchased shares. The claim was dismissed on the basis that there had been no unjust enrichment. In a debtor and creditor relationship, a constructive trust could arise only where the agreement between the parties was set aside. In the case at bar there was no reason to do so. Even if the debtor had been enriched, there was no corresponding deprivation of the bank. The bank had been negligent in its dealings with the debtor and no tracing remedy could lie where there was a loan. In a debtor and creditor relationship, the lender retained no proprietary interest in the money loaned. The bank appealed.

**Held:** The appeal was dismissed.

There was ample evidence to support the trial judge's conclusion that no constructive trust arose in favour of the bank.

APPEAL by bank from judgment reported at (1993), 23 C.B.R. (3d) 161, 1 E.T.R. (2d) 1, 6 P.P.S.A.C. (2d) 5 (Ont. Bktcy.) dismissing bank's claim against debtor's trustee in bankruptcy.

**The judgment of the court was delivered by** *Robins J.A.***:**

1      The evidence amply supports the trial judge's conclusion that Melnitzer intended to defraud the appellant company. The findings of the judge support his decision that there was no enforceable trust in favour of the appellant.

2      The appeal must accordingly be dismissed. Costs should be paid out of the estate on the same basis as ordered by the trial judge.

*Appeal dismissed.*

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. Govt. Works