For the reasons given by my noble and learned friend Lord Browne-Wilkinson I agree that *Sinclair v. Brougham* should be departed from and that it should be held that in this case the local authority was neither a trustee of, nor in a fiduciary position in relation to, the monies which it had received from the Bank, nor had it improperly profited from the use of those monies. For the reasons which he gives no resulting trust could arise on the present facts.

It follows that if, as I think, Lord Brandon of Oakbrook in *President of India v. La Pintada Compania Navigacion S.A.* [1985] A.C. 104, 116, was right to say that in the Court of Chancery the award of compound interest was limited to situations "where money had been obtained and retained by fraud, or where it had been withheld or misapplied by a trustee or anyone else in a fiduciary position." Courts of Chancery would not have awarded compound interest in a case like the present.

- 43 -

It is common ground that compound interest could not have been awarded at common law as presently formulated nor under the statutory provisions in section 3 of the Law Reform (Miscellaneous Provisions) Act 1934 nor under section 35A of the Supreme Court Act 1981 as inserted by the Administration of Justice Act 1982.

But for the legislation I would have accepted that it was open to your lordships to hold that, in the light of the development of the law of restitution, the courts could award compound interest, either by modifying the common law rule or by resorting to equity to act in aid of the common law right to recover monies paid under a void transaction. As to whether it would have been right to do so in general terms, or whether it would have been right to limit the cases in which compound interest should be awarded, or whether compound interest should be awarded at all I am not, on the restricted arguments advanced in this case, prepared to comment.

I do not, however, consider that it would be right on this appeal to enlarge the cases in which compound interest can be awarded when Parliament has twice in relatively recent times limited statutory interest to simple interest. This is a matter which should be considered by Parliament when the merits or disadvantages of giving the courts power to award compound interest could be examined in a context wider than the present case.

8/8/2014

Case 09-10138-MFW Doc 14225-59 Filed 08/15/14 Page 2 of 8
Westdeutsche Landesbank Girozentrale v Islington LBC [1996] UKHL 12 (22 May 1996)

Accordingly in agreement with my noble and learned friends Lord Browne-Wilkinson and Lord Lloyd of Berwick, and despite the forceful reasoning of my noble and learned friends Lord Goff of Chieveley and Lord Woolf, I would allow the appeal and vary the judgment of the Court of Appeal so as to award simple interest from 18 June 1987.

## LORD WOOLF

My Lords,

This appeal raises directly only one issue of law. It is whether the courts have jurisdiction to make an order for the payment of compound interest ancillary to an order for restitution when a contract is ultra vires. All the judges in the courts below concluded that there was jurisdiction to do so.

In this case an order was made in favour of the respondent bank as against the local authority appellant which was the recipient of the ultra vires payment. There is no dispute that there was jurisdiction to make an order for the payment of <u>simple</u> interest. The dispute is limited to the order for compound interest.

- 44 -

It is accepted that if there is jurisdiction to make the order this is a case in which this achieves a just result. There is only one other issue raised by the appeal and that is as to the date from which the interest should be paid.

The transaction was a commercial transaction. The local authority in calculating the balance which it had to repay the respondents was given credit for the sums which it had paid by way of notional interest under the contract prior to it being appreciated that the contract might be ultra vires. If the transaction had not taken place the local authority would have had to borrow (if it could find a way of lawfully doing so) the sum paid to it by the bank on terms which would be likely to involve compound interest being recoverable in proceedings for default. (Here see *National Bank of Greece v. Pinios Shipping Co. No. 1, The Maira* [1990] 1 A.C. 637 as to commercial transactions with banks). The bank could have lent that sum on the same basis.

Hobhouse J., the judge at first instance reflected the commercial justice of the situation in the passage in his judgment ([1994] *4* All E.R. at p. 955) in which he set out succinctly why he considered compound interest was payable:

> "[The local authority] has kept that sum and has not made any restitution. In this situation I see no reason why I should not exercise my equitable jurisdiction to award compound interest. Simple interest does not reflect the actual value of money. Anyone who lends or borrows money on a commercial basis receives or pays interest periodically and if that interest is not paid it is compounded (e.g. *Wallersteiner v. Moir (No. 2)* [1975] 1 All E.R. 849, [1975] Q.B. 373 and *National Bank of Greece S.A. v. Pinios Shipping Co. No. 1, The Maira* [1990] 1 All E.R. 78, [1990] 1 A.C. 637). I see no reason why I should deny the plaintiff a complete remedy or allow the defendant arbitrarily to retain part of the enrichment which it has unjustly enjoyed. There are no special factors which have to be taken into account. No question of insolvency is involved nor is there any basis for any persuasive argument to the contrary."

This being the situation I am relieved that I am of the opinion that the judges in the courts below were correct in concluding that in the circumstances of this case they were entitled to award compound interest. Any other decision would be inconsistent with the court's ability to grant full restitution. It would be a further unhappy aspect, from a commercial stand point, of the history of this case in particular and the swaps litigation as a whole. This commenced with the decision, to which I was a party at first instance, of *Hazell v. Hammersmith and Fulham London Borough Council* [1992] 2 A.C. 1. It is no secret that the decision at first instance in that case, which was approved by this House, caused dismay among some of those concerned with the standing abroad of the commercial law of this country. That concern is likely to be increased if the outcome of this litigation is that

- 45 -

this appeal has to be allowed by this House because the courts have no jurisdiction to grant compound interest.

The position is not improved by the fact that such is the confused state of English law as to the extent of its jurisdiction to award interest that the hearing before their Lordships involved four days of argument. Argument that could have lasted even longer but for counsel for the local authority courteously informing their Lordships that because of the costs which the local

authority was incurring on the appeal he was required by his clients to curtail his argument.

The argument had been extended by their Lordships themselves raising the issue as to the correctness of a decision of this House of some 80 years standing *(Sinclair v. Brougham* [1914] A.C. 398). That case does not directly involve the courts' equitable jurisdiction to award interest. Yet the issue as to whether the case was correctly decided still needed to be raised because the reasoning in that case was inconsistent with the submissions of the local authority. The fact that counsel was required to take the course of seeking to limit his argument does put in question whether the way appeals are managed before the House and the resources available to their Lordships are ideal for meeting both the contemporary needs of litigants and their Lordships' responsibilities for the proper development of the law.

I have had the considerable advantage of being able to read in draft the admirably reasoned speeches of Lord Goff of Chieveley and Lord Browne-Wilkinson. That reasoning convinces me that the bank is not entitled to proceed by way of an equitable proprietary claim and that the recipient of a sum of money paid under an ultra vires contract should not be regarded as owing either the duties of a trustee or fiduciary to the payer of that sum. Further then that it is not necessary for me to go. This avoids the dangers which Lord Browne-Wilkinson <u>identifies could flow</u> from the wholesale importation into commercial law of equitable principles. I am also in agreement with Lord Goff's reasoning as to compound interest being able to be awarded where one party is under a duty to make restitution to another, this being a consequence of the development of the law of restitution.

<u>The Significance of the Difference Between Equitable Principles and Remedies</u>

Such a wholesale importation is not necessarily the consequence of a finding that the courts have the equitable jurisdiction to make an order for the payment of compound interest in conjunction with the grant of a remedy of restitution. We are concerned here primarily not with equitable principles of substantive law but with the possible existence of an equitable remedy. Compound interest, if it is recoverable, will be recoverable in the circumstances of this case in equity because of the absence of any statutory or common law remedy which will prevent the local authority being unjustly enriched at the expense of the bank if compound interest is not payable.

- 46 -

The situation is one in which compound interest would be awarded because it would be unconscionable to allow the local authority to make a profit out of a contract which was void because it had exceeded its own powers. This is very much an analogous situation to those where equity has traditionally provided remedies. Perhaps the best example is provided by specific performance. It is unnecessary to inquire whether the right which is being enforced by an order of specific performance is one recognised by the common law or equity. What does matter is whether it is equitable to grant the remedy and whether an award of damages in lieu would be an adequate remedy.

In addition, if the contract had not been void and the local authority had failed to make the payments required the bank might well, as I will seek to show, have been fully protected by its remedy in damages at common law. Because there is no contract damages are not available. Here the situation is very much in keeping with those where equity traditionally mitigates the inadequacy of a common law remedy without having to invoke the substantive equitable law principles. This situation is described in *Snell's Equity*. 29th ed., ch. 2. s. 4. p. 26:

> "Between them, equitable interests, mere equities, floating equities and the great doctrines of equity cover most of the field of equity: and they are all concerned to a greater or lesser degree with the rights of property. Yet although the existence of such rights has long been an important factor in deciding whether equity will intervene, it is not essential. Equitable remedies, though often used in aid of property rights, are also often used in other cases. The underlying principle is the inadequacy of the common law remedy of damages. Thus the equitable remedies of rescission and injunction may be employed in relation to contracts for personal services: and injunctions are sometimes granted in cases of tort which involve no rights of property. In this sense there may be equities unrelated to property."

In the same sense it can be said there may be equities unrelated to a breach of trust or fiduciary duty. I would add that equity does not only come to the aid of a claimant where damages are an inadequate remedy. It can also do so when one of the other common law remedies is inadequate. I would take as an example the remedy of an account. The advantages of the equitable remedy over the common law remedy have resulted in the latter remedy being supplanted by the former. It may well be that the editors of *Snell 's Equity* did not have in mind the power to award interest when writing the paragraph I have set out. The paragraph is nonetheless of general application and there is no reason why it should not apply to the equitable remedy of awarding

interest in the same way as it applies to other equitable remedies. The award of interest is only distinct from other remedies in that it is usually awarded as an ancillary to some other remedy.

- 47 -

I therefore accept Mr. Sumption's submission on behalf of the bank that where there is a duty to make restitution equity can achieve full restitution by granting, when it is appropriate to do so, simple or compound interest in addition to requiring repayment of the principal sum. For this to be the position the defendant must have made an actual or presumed profit or a profit which he is presumed to have derived from his having been the recipient of a principal sum which he has not repaid. The compound interest will not be payable as of right. The remedy of awarding interest, like other equitable remedies will be discretionary. Interest will only be awarded when it accords with equitable principles to make the award.

I appreciate that Mr. Sumption did not advance the argument in favour of the grant of compound interest on the basis that I have put forward. However, he came before your Lordships" House not expecting *Sinclair v. Brougham* to be challenged. He had no reason in his printed case to do other than base his argument on the fact that the local authority was a fiduciary. Before your Lordships he made clear that while he was arguing that the local authority was a fiduciary he was also contending that, if there was power to order restitution, equity could, as I have already indicated, achieve full restitution. This is also clear from the statements in the bank's case to which I will refer shortly.

The Absence of Previous Authority

There may be no clear previous authority to support this conclusion but this is not surprising where the relatively new jurisdiction of ordering restitution is involved. What is more important than the absence of clear support in the authorities for the grant of compound interest is the absence from the existing authorities of any statement of principle preventing the natural development of a salutary equitable jurisdiction enabling compound interest to be awarded. The jurisdiction is clearly desirable if full restitution in some cases is to be achieved. It is relevant here to repeat what is stated at the outset in the bank's case under the heading "The Position in Principle":

"1. 'Any civilised system of law is bound to provide remedies for

cases of what has been called unjust enrichment or unjust benefit, that is to prevent a man from retaining the money of or some benefit derived from another which it is against conscience that he should keep': *Fibrosa Spolka Akcyjna v. Fairbairn Lawson Combe Barbour Ltd.* [1943] A.C. 32, 61 (Lord Wright), approved in *Woolwich Equitable Building Society v. Inland Revenue Commissioners* [1993] A.C. 70, 197, 202 (H.L.)."

Restitution is an area of the law which is still in the process of being evolved by the courts. In relation to restitution there are still questions remaining to be authoritatively decided. One question, which was still undecided until the decision on this appeal, is whether its legitimacy is derived from the common law or equity or both. In order to decide whether

- 48 -

compound interest is payable in this case I do not consider it is necessary to decide which is the correct answer to that question, but I am content to assume that the cause of action is one at common law. If the principal sum is repayable as money had and received rather than under some trust or because of the existence of a fiduciary duty it is still unconscionable for the local authority to retain the benefit it made from having received payment under a contract it purported to make which was outside its powers. The fact that, until the law was clarified by the decision in this case, the local authority may reasonably not have appreciated that it should make restitution is not critical. What is critical is that the payment of compound interest is required to achieve restitution. A defendant may perfectly reasonably not regard himself as having been a trustee until the court so decides but this does not effect the remedies which the court has jurisdiction to grant. The jurisdiction of the court to grant remedies has to be judged in the light of what the court decides.

As to the date from which the interest should run I am in agreement with Lord Browne-Wilkinson that the decision or the Court of Appeal should not be disturbed.

(Unjust Enrichment Creates the Required Relationship

There are a great many situations where interest as an equitable remedy has been awarded. Examples are conveniently set out in *Halsbury's Laws of England* 4th ed. vol. 32, paragraph 109. The principle which connects those examples is stated in the first sentence of the paragraph. It is

the existence of a "particular relationship . . . between the creditor and debtor". The "particular relationship" in this case arises out of the right of the bank to restitution and the fact that the local authority would be unjustly enriched if it retained what it had received. That made the local authority an accounting party. The bank had to give credit for the sums it had received and the local authority had to pay the balance which was still due or what it had received. What it had received included the use or the money. The approach is precisely that indicated in the passage of the judgement of Lord Hatherley, L.C. in *Burdick v. Garrick* already cited by Lord Browne-Wilkinson. It is the making of the award not as a punishment but to disgorge a profit made or presumed to have been made out of the payment of a sum of money which should not have been made. Here this was because the contract was void as being ultra vires. There would be no difference of principle if the contract was void for mistake.

No Distinction of Principle Between Simple and Compound Interest

If the case is one where there is jurisdiction to award equitable interest then whether compound or simple interest is recoverable depends on the facts of the particular case. If it is not a situation where the defendant would have earned compound interest then as in *Burdick v. Garrick* there would be no

- 49 -

profit of compound interest so it will not be awarded. Simple interest will awarded instead.

The Law Commission's Approach

In *Law of Contract, Report on Interest* (1978 Cmnd. 7229), the Law Commission decided not to make any recommendations for change as to the equitable jurisdiction. It is, however, interesting to note the following paragraphs of the report:

> "10. Thirdly, there is the equitable jurisdiction. Interest may be awarded as ancillary relief in respect of equitable remedies such as specific performance, rescission or the taking of an account. Furthermore, the payment of interest may be ordered where money has been obtained and retained by fraud, or where it has been withheld or misapplied by an executor or a trustee or anyone else in a fiduciary position.