IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Nortel Networks Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered<br><br>**Hearing date: September 15, 2014 at 10:00 a.m. (ET)**<br>**Objections due: September 8, 2014 at 4:00 p.m. (ET)** |

### REQUEST OF JEFFERIES LLC FOR
### ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Jefferies LLC ("Jefferies"), the investment banker formerly retained by the Official Committee of Unsecured Creditors (the "Committee"), by and through its undersigned counsel, hereby submits this request (the "Request") for the allowance and payment of an administrative expense claim in the amount of $51,798.50 (plus reasonable legal fees incurred in connection with the preparation and prosecution of this Request) (the "Claim"). This Claim is made pursuant to the indemnity previously approved by this Court and is on account of the legal expenses that Jefferies incurred responding to various document requests in connection with the dispute regarding the allocation of sales proceeds among the Debtors and certain of their foreign debtor affiliates.

### BACKGROUND

1. As the Court is well aware, the Debtors have been involved in litigation with certain of their foreign debtor affiliates over the appropriate allocation of the $7.3 billion of escrowed proceeds of the sales of substantially all of their assets (the "Allocation Dispute"). A joint trial on the Allocation Dispute began on May 12, 2014 before this Court and the Ontario

---

[1] The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International, Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc.

RLF1 10741642v.1

Superior Court of Justice – Commercial List. The evidentiary portion of the trial concluded on June 24, 2014, and closing arguments are scheduled to begin on September 22, 2014.

2. The Allocation Dispute necessitated certain discovery among the Debtors and their affiliates as well as the Committee and other third parties (including Jefferies) regarding, among other things, the asset sales. On May 17, 2013, to facilitate discovery in preparation for the joint trial, the Court entered the *Order Entering Litigation Timetable and Discovery Plan* [Docket No. 10566] (the "Litigation Timetable"). Additionally, on June 20, 2013, after a lengthy meet and confer process, the parties to the Allocation Dispute agreed on a uniform set of 140 consolidated document requests (the "Consolidated Document Requests").

3. This discovery, moreover, was more extensive than the parties originally anticipated. Indeed, on August 16, 2013, the Debtors filed a motion to modify the Litigation Timetable, noting "that the scale of the necessary discovery [was] far broader than anticipated." *Motion to Modify Scheduling Orders in Joint Cross-Border Proceedings to Determine Allocation of Asset Sale Proceeds and Certain Claims*, at 2 [Docket No. 11396]. That motion was approved by an order of the Court dated August 26, 2013 [Docket No. 11437].

4. Jefferies, as the Committee's former investment banker, was actively involved in the asset sales. In particular, Jefferies worked closely with the Debtors and their investment banker to assist in managing certain of the asset sales. In many instances, Jefferies took a leading role in certain aspects of the sale process given its in-house capital markets expertise and industry expertise and contacts. As a result, in June 2013, Jefferies was asked to review its files and produce documents in response to the Consolidated Document Requests.

5. Specifically, Jefferies was asked to review and produce, on an expedited basis, documents and e-mails over a period of multiple years concerning the asset sales, including,

without limitation, all of Jefferies' communications with bidders and potential bidders. In connection therewith, Jefferies engaged in extensive discussions with the Committee (who, in turn, was having discussions with the Debtors) regarding the scope of the document production, including the timeframe and e-mail custodians to be searched and the search terms to be used.

6. As a result of these discussions with the Committee, Jefferies, through its counsel, reviewed and produced an estimated 47,000 pages of e-mails and other documents spanning a timeframe of more than 2.5 years. Jefferies produced these documents on or about July 23, 2013, just a few weeks after receiving the Consolidated Document Requests. In connection with its response to the Consolidated Document Requests, Jefferies incurred $51,798.50 in legal fees. A redacted invoice detailing such legal fees and expenses is attached hereto as Exhibit A.

## RELIEF REQUESTED

7. Shortly after the commencement of these cases, the Court entered an order approving the Committee's retention of Jefferies as its investment banker (the "Retention Order") pursuant to that certain engagement letter, dated February 1, 2009, between Jefferies and the Committee [Docket No. 425] (the "Engagement Letter"). A copy of the Engagement Letter is attached hereto as Exhibit B.

8. The Engagement Letter includes a standard form of indemnity for investment bankers that is regularly approved by bankruptcy courts in Chapter 11 cases. The indemnity provides that Jefferies shall be indemnified against any "claims, liabilities, losses, damages and expenses" that are "related to or arising out of or in connection with Jefferies' services" under the Engagement Letter or "any proposed transaction" contemplated thereby. (Engagement Letter at Schedule A.)

9. The Retention Order specifically approved the indemnity, with certain modifications, and authorized the payment of amounts arising thereunder pursuant to sections

3

328 and 330 of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[2] Moreover, under section 503(b)(1) of the Bankruptcy Code, the actual, necessary costs of preserving the estate shall, after notice and a hearing, be allowed administrative expenses. 11 U.S.C. § 503(b)(1)(A). Expenses that a debtor in possession incurs in operating the business of the estate—including services incidental to protecting, conserving, maintaining, and rehabilitating the estate—are contemplated within the phrase "actual, necessary costs and expenses of preserving the estate" in section 503(b)(1). See, e.g., COLLIER ON BANKRUPTCY ¶ 503.06[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

10. Here, Jefferies incurred actual, necessary expenses in connection with its exhaustive review and voluminous production of documents in response to the Consolidated Document Requests. As set forth in the Engagement Letter, the Debtors agreed to indemnify Jefferies for such expenses, which plainly arise out of Jefferies' services under the Engagement Letter and the transactions contemplated thereby. Accordingly, Jefferies' production of documents related to the asset sales is an incidental cost of the ongoing operation of the Debtors' bankruptcy estates. Because the document production is tied to the Allocation Dispute, moreover, Jefferies' production directly and substantially benefitted the Debtors' estates. Furthermore, Jefferies submits that the expenses for which it seeks reimbursement are reasonable

---

[2] The Engagement Letter specifically provides that the indemnity shall survive any termination of Jefferies' services under the Engagement Letter. (Engagement Letter at Schedule A.) Although the Retention Order requires any "request" for reimbursement under the indemnity during the pendency of these Chapter 11 cases to be made by application to the Court, the Court entered an order on November 6, 2012 granting Jefferies' final application for allowance of compensation for services rendered and reimbursement of expenses as investment banker to the Committee [Docket No. 8885]. Jefferies considered filing an amended final fee application, but, given that Jefferies' services have been completed and that Jefferies' final fee application has been approved, Jefferies elected to file this Request in lieu of filing an amended final fee application.

given the number of hours its counsel spent reviewing thousands of potentially relevant documents on an expedited basis.[3]

## DEBTORS AND COMMITTEE SUPPORT

11. Jefferies conferred with the Debtors and the Committee regarding reimbursement of its discovery-related legal expenses before undertaking to respond to the Consolidated Document Requests. The Debtors and the Committee agreed that the legal expenses incurred in responding to the Consolidated Document Requests should be reimbursed pursuant to the indemnity and that this Request should be approved by the Court.

## RESERVATION OF RIGHTS

12. Nothing in this Request shall be deemed or construed to: (i) waive or otherwise limit any rights or remedies of Jefferies, whether at law or in equity (including any setoff rights, lien rights, rights of recoupment, or any other rights that Jefferies has or may have against the Debtors), all of which rights are expressly reserved; (ii) constitute a consent by Jefferies to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced against or otherwise involving Jefferies; (iii) waive, release, or otherwise limit Jefferies' right to trial by jury before this Court or any other court; or (iv) waive, release, or otherwise limit Jefferies' right to have any order entered only after *de novo* review by the United States District Court for the District of Delaware.

13. Jefferies reserves the right to amend and/or supplement this Request at any time and in any respect, including, without limitation, as may be necessary or appropriate to correct the amounts owed by the Debtors to Jefferies or to provide additional details or corrections regarding the facts underlying this Request.

---

[3] Jefferies' response to the Consolidated Document Requests was further complicated by the fact that some of the investment bankers who participated in the sale process are no longer with Jefferies.

5

## NOTICE

14. Notice of this Request will be given to: (a) the United States Trustee for the District of Delaware; (b) counsel for the Debtors; (c) counsel for the Committee; and (d) all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002. Under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

15. No prior request for the relief sought herein has been made to this or any other court.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, for all of the foregoing reasons, Jefferies respectfully requests that the Court enter an order, in substantially the form attached hereto as Exhibit C, (i) allowing the Claim in full as an administrative expense of the Debtors' estates and (ii) granting such other and further relief as may be just and proper.

Dated: Wilmington, Delaware  
       August 22, 2014

/s/ Thomas A. Labuda, Jr.  
SIDLEY AUSTIN LLP  
Thomas A. Labuda, Jr.  
Matthew E. Linder  
One South Dearborn  
Chicago, Illinois 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

Counsel for Jefferies LLC

RLF1 10741642v.1