UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al., | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING FOURTEENTH QUARTERLY FEE APPLICATION OF TORYS LLP

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Fourteenth Quarterly Fee Application Request of Torys LLP ("Application"), for the period from February 1, 2014 through April 30, 2014, seeking approval of fees that total $2,298,647.00 and reimbursement of expenses that total $144,057.86. Torys LLP ("Torys") is special Canadian counsel to the debtors.

### Background

1.      Master, Sidlow & Associates, P.A. reviewed the firm's monthly fee applications and the Application, including each of the billing and expense entries shown in the exhibits to the monthly applications, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2.      Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to Torys LLP and the firm provided a written response to that report. After consideration of the firm's responses to the preliminary report, Master, Sidlow & Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

**Discussion of Findings**

**Recomputation of Fees and Expenses**

3.     Master, Sidlow & Associates, P.A. recomputed the fees and expenses requested in the Application.  The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rate.  The recomputation of fees did not reveal any discrepancies.

**Review of Fees**

4.     **Firm Staffing.**    The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: … (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and a statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under Title 11."

The Application provided the name, position, and hourly rate of each timekeeper.

The firm billed a total of 3,120.60 hours with associated fees of $2,298,647.00. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 1,531.60 | 49% | $1,451,413.00 | 63% |
| Counsel | 176.50 | 6% | 143,847.50 | 6% |
| Associate | 790.10 | 25% | 492,587.50 | 22% |
| Senior Law Clerk | 94.70 | 3% | 41,194.50 | 2% |
| Librarian | 10.80 | | 4,212.00 | |
| Paralegal | 92.70 | 3% | 26,334.00 | 1% |
| Articling Student | 418.90 | 14% | 138,237.00 | 6% |
| Reference Tech | 5.30 | | 821.50 | |
| **Total** | 3,120.60 | 100% | $2,298,647.00 | 100% |

The blended hourly rate for Torys is $736.60.

5.     **Hourly Rate Increases**.    Torys did not increase the hourly rates of any timekeepers during the Application period.

6.     **Complete and Detailed Task Descriptions.**    Local Rule 2016-2 (d) states "…activity descriptions…shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity.   Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference."    Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter.  A description of correspondence should identify the correspondent and the subject of the correspondence.  Similarly, a description for preparation of pleadings should identify the pleading drafted or revised.  Activity descriptions for legal research should include the issues researched and the purpose of the research.  The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level.   Activity descriptions referencing conferences should include the name of the person(s) with whom the communication was held and the subject or purpose of the communication. Master, Sidlow & Associates, P.A. found the activity descriptions in the Application to be sufficiently detailed.

The Preliminary Report noted that the Thirty-Fifth, Thirty-Sixth and Thirty-Seventh monthly applications included numerous entries with general descriptions such as "expert witness depositions;" "conducting Canadian legal research for case;" "conducting legal research;" "research for case;" and "trial preparation."   The applications do not provide information regarding the depositions, such as the identity of each deponent or the number of depositions taken/reviewed.  The time entries regarding research and trial preparation do not sufficiently describe the research or the discrete trial preparation tasks performed, such as identifying the affidavits the timekeepers worked on, the witnesses the timekeepers prepared, or

the exhibits the timekeepers worked with or on.  The vagueness of these time entries precludes assessment of whether each task was necessary, was performed by the appropriate person given the level of complexity of the task, and was performed in a reasonable amount of time.  The Preliminary Report included an Exhibit A listing the entries lacking sufficient detail.  The firm responded as follows:

> Due to the litigious nature of the case and the fact that the parties were preparing for and ultimately conducted a lengthy trial, the entries were originally filed in such a way as to not expose client confidences or publicly divulge sensitive information relevant to the case so as not to hinder the estate being represented. Torys has endeavored to review and revise these entries to include additional specificity, including the identity of deponents, affidavits and the exhibits as well as the nature of research topics, while still protecting its client's interests. Please find such revised entries attached (in both PDF and Excel), and please also find attached a PDF blackline against the prior version of the entries we submitted.

Master, Sidlow & Associates, P.A. reviewed the revised entries, found them to be sufficiently detailed, and does not recommend any reduction in fees for this matter.

The Preliminary Report noted four time entries where the detailed task and time description did not equal the total hours charged.  In its response the firm noted that in all cases the detail records exceed the amount charged.  Torys indicated it is not seeking to increase its fee application due to these clerical errors. Master, Sidlow & Associates, P.A. accepts the explanation from Torys and does not recommends any reduction in fees for this matter.

7.    **Travel.**  Local Rule 2016-2(d) (viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates…"  Torys states in its application that in accordance with Local Rule 2016-2, it has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

8.    **Torys LLP Retention/Compensation.**  Master, Sidlow & Associates, P.A. reviewed and identified entries related to the retention and compensation of Torys.  The firm billed 133.90 hours with associated fees of $66,075.50 to prepare the firm's retention documents and applications for compensation, which represents approximately 3% of the total fees billed by the firm.

## Review of Expenses

9.    **Complete and Detailed Itemization of Expenses.**    The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include ... Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Torys provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

10.    **Photocopies.**    Local Rule 2016-2(e) (iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page)…" Torys states in its applications that it charges $.10 per page for photocopying and printing. The firm requested reimbursement of $14,676.32 for documentation reproduction in the Application.

11.    **Computer – Assisted Legal Research.**    Local Rule 2016(e) (iii) states "The motion shall state ... computer-assisted legal research charges (which shall not be more than the actual cost) ...."  The firm requested reimbursement of $64,456.83 for computer-assisted legal research in the Application.

12.    **Facsimile.**    Local Rule 2016-2(e) (iii) states "The motion shall state ... outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)."  Torys states in its applications that it does not charge for incoming or outgoing facsimiles in the Application.

## Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the Fourteenth Quarterly Fee Application of Torys LLP and the fees and expenses requested therein.  Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $2,298,647.00 and reimbursement of expenses in the amount of $144,057.86 for the period from February 1, 2014 through April 30, 2014, less any interim payments received by Torys LLP for fees and expenses

under fee applications.  A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: _____

Judith M. Scarborough, CPA, CVA, CFF

2002 West 14th Street
Wilmington, DE 19806
Telephone:  (302) 652-3480
Facsimile:  (302) 656-8778
jscarborough@mastersidlow.com

Fee Examiner

**APPENDIX A**

TORYS LLP
SUMMARY OF FINDINGS
14TH QUARTER FEE APP (FEBRUARY 1, 2014 through APRIL 30, 2014)

**A.**                                   **Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $ 2,298,647.00 | |
| Expenses Requested | 144,057.86 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $ 2,442,704.86 |
| | | |
| Fees Computed | $ 2,298,647.00 | |
| Expenses Computed | 144,057.86 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $ 2,442,704.86 |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $            - |

**B.**                          **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $ 2,298,647.00 | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $ 2,298,647.00 |
| | | |
| Expenses Requested | 144,057.86 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 144,057.86 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $ 2,442,704.86 |