UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al., | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING TWENTY-FIRST INTERIM FEE APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Twenty-First Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP ("Application"), for the period from February 1, 2014 through April 30, 2014, seeking approval of fees that total $5,483,520.00 and reimbursement of expenses that total $903,390.51. Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") is co-counsel to the Official Committee of Unsecured Creditors.

### Background

1.  Master, Sidlow & Associates, P.A. reviewed the firm's monthly fee applications and the Application, including each of the billing and expense entries shown in the exhibits to the monthly applications, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2.  Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to Akin Gump Strauss Hauer & Feld LLP and the firm provided a written response to that report. After consideration of the firm's responses to the preliminary report, Master, Sidlow & Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings

## Recomputation of Fees and Expenses

3.  Master, Sidlow & Associates, P.A. recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rate. The recomputation of fees did not reveal any discrepancies.

## Review of Fees

4.  **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and a statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under Title 11."

The application provides the name, position, and hourly rate of each timekeeper.

The firm billed a total of 8,938.70 hours with associated fees of $5,483,520.00. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 2,442.70 | 27% | $2,307,972.00 | 42% |
| Senior Counsel | 388.20 | 4% | 278,732.00 | 5% |
| Counsel | 1,507.05 | 17% | 992,613.25 | 18% |
| Senior Attorney | 518.65 | 6% | 293,163.75 | 5% |
| Staff Attorney | 11.30 | | 3,446.50 | |
| Associate | 2,866.40 | 32% | 1,338,905.50 | 25% |
| Legal Assistant | 1,156.90 | 13% | 258,621.50 | 5% |
| Librarian | 47.50 | 1% | 10,065.50 | |
| TOTAL | 8,938.70 | 100% | $5,483,520.00 | 100% |

The blended hourly rate for the Akin Gump is $613.46.

5.  **Hourly Rate Increases.** Akin Gump did not increase the hourly rates of any timekeepers during the twenty-first quarterly period.

6. **Complete and Detailed Task Descriptions.** Local Rule 2016-2 (d) states "…activity descriptions…shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. A description of correspondence should identify the correspondent and the subject of the correspondence. Similarly, a description for preparation of pleadings should identify the pleading drafted or revised. Activity descriptions for legal research should include the issues researched and the purpose of the research. The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level. Activity descriptions referencing conferences should include the name of the person(s) with whom the communication was held and the subject or purpose of the communication.

The Preliminary Report noted that Exhibits B to the Sixty-First Interim Application and the Sixty-Second Interim Application included entries for Casillas, Danford, Southard, Walker, Whitman, and Windscheffel, totaling approximately 487.00 hours and fees of approximately $269,687.00, that did not provide the level of detail required by Local Rule 2016-2 (d). In its response the firm stated:

> We believe that the entries for these attorneys contain sufficient information without divulging strategic considerations as to what the Committee felt was important for trial. Specifically, these time entries were made in preparation for the allocation trial, and the attorneys were instructed not to include the names of the deponents with respect to their review of deposition transcripts because (i) the names of the deponents were not public at the time; and (ii) revealing the names of the deponents would have revealed confidential litigation strategy in a publicly filed document.

Master, Sidlow & Associates, P.A. does not recommend a reduction in fees for this matter.

The Preliminary Report noted ten time entries where the detailed task and time description did not equal the total hours charged. In its response the firm stated:

> We have reviewed the time entries and task descriptions that the Fee Examiner brought to our attention in the Preliminary Report. The detailed time and task descriptions reveal that Akin Gump's fee request for the Twenty-First Interim Fee Application should be reduced by $5,130.50. Accordingly, we will reduce our fee request on account of the Twenty-First Interim Fee Application by $5,130.50.

Master, Sidlow & Associates, P.A. reviewed the recalculations of Akin Gump and noted an error in the recalculation of Robert Johnson's time on 4/30/14 in the amount of $823.50. We recommend a reduction in fees of $5,954.00 for this matter.

7.  **Travel.** Local Rule 2016-2(d) (viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates…" Akin Gump's fee applications indicate that travel is billed at 50% of actual time.

8.  **Akin Gump Strauss Hauer & Feld LLP Retention/Compensation.** Master, Sidlow & Associates, P.A. reviewed and identified entries related to the retention and compensation of Akin Gump. The firm billed 169.30 hours with associated fees of $77,000.50 to prepare the firm's retention documents and applications for compensation, which represents approximately 1% of the total fees billed by the firm.

### Review of Expenses

9.  **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include … Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Akin

Gump provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

The Application included expenses of $903,390.51, of which $740,493.89 represents fees and expenses of one or more Retained Professionals. Each monthly application included a footnote that indicated that "Pursuant to the Order Modifying the Application of Local Rules 2014-1(C) and 2016-2(F) entered by this Court on March 5, 2013 (ECF No. 9584) (the "Retained Professional Order"), Akin Gump has included the fees and expenses of one or more Retained Professionals (as such term is defined in the Debtors' Motion for Entry of an Order Modifying the Application of Local Rules 2014-1(C) and 2016-2(F), ECF No. 9415) as an expense of Akin Gump in this Application. Pursuant to the Retained Professional Order and the Fee Examiner Order, Akin Gump will be providing the time and expense records of the Committee's Retained Professionals under seal to the Court, the U.S. Trustee and the fee examiner." Akin Gump provided the relevant time and expense records.

The preliminary report noted that the Retained Professional's March invoice, included in the Sixty-First Interim Application, increased the billing rates of five of the six timekeepers. No explanation of the increased rates was provided. In its response the firm stated:

> Our Retained Professional submits that, as per its engagement letter, it increases its fees annually. In 2014, annual billing rate increases were made effective March 1.

Master, Sidlow & Associates, P.A. does not recommend any reduction of reimbursement of expenses for this matter.

The preliminary report noted that the Retained Professional's March invoice, included in the Sixty-First Interim Application, included twelve hours of travel for one of the timekeepers. In addition, the Retained Professional's April invoice, included in the Sixty-Third Interim Application, included 5.25 hours of travel for one of the timekeepers. The travel was charged at the timekeeper's standard rate of $1,000/hour, rather than at 50% of the standard rate, as required. In its response the firm stated:

> Our Retained Professional has reviewed the entries and agrees that the time should have been billed at 50%. Therefore, our Retained Professional will reduce its request for fees by $8,625.00 (17.25 x $1,000 x .5).

Master, Sidlow & Associates, P.A. reviewed the recalculation and recommends a reduction of reimbursement of expenses of $8,625 for this matter.

The preliminary report noted that The Sixty-Third Interim Application included fees related to a retained professional. Ten entries for the retained professional's fees did not provide the level of detail required by Local Rule 2016-2 (d). The Retained Professional provided further detail with respect to the time entries noted by the Fee Examiner.

Master, Sidlow & Associates, P.A. reviewed the revised time entries and does not recommend any reduction in expense reimbursement for this matter.

10. **Retained Professional Meals and Lodging.** The preliminary report noted that the Sixty-Third Interim Application included travel expenses related to a retained professional, including $226.82 for meals and $2,883.76 for lodging. There was insufficient detail regarding the nature (breakfast, lunch, dinner) and number of meals, and the number of nights lodging. From the information provided, it could not be determined whether the amounts charged were reasonable. In its response the firm provided details regarding the number of meals and the nights lodging.

11. **Lodging.** The Preliminary Report noted four instances, totaling $2,396.84, where the lodging charge in Austin is in excess of $400 per night: In its response the firm stated:

> Akin Gump will reduce the reimbursement request for each charge to the extent it exceeds $400 per night. Accordingly, Akin Gump will reduce the expenses requested pursuant to the Twenty-First Interim Fee Application by $796.84.

Master Sidlow & Associates, P.A. reviewed Akin Gump's recalculations and recommends a reduction of reimbursement of expenses of $796.84 for this matter.

12. **Photocopies.** Local Rule 2016-2(e) (iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page)..."Akin Gump states in the Application that its rate for internal duplication is $0.10 per page. The firm requested reimbursement of $27,760.00 for in-house duplication in the Application.

13. **Computer – Assisted Legal Research.** Local Rule 2016(e) (iii) states "The motion shall state … computer-assisted legal research charges (which shall not be more than the actual cost)…" Akin Gump states in the Application that the firm has negotiated a discounted transactional rate for computer assisted legal research. The firm requested reimbursement of $13,357.84 for computer-assisted legal research in the Application.

14. **Facsimile.** Local Rule 2016-2(e) (iii) states "The motion shall state … outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)." Akin Gump states in the Application that the firm does not charge for facsimile transmissions.

## Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the Twenty-First Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP and the fees and expenses requested therein. Master, Sidlow& Associates, P.A. recommends the approval of fees in the amount of $5,477,566.00 and reimbursement of expenses in the amount of $893,968.67 for the period from February 1, 2014 through April 30, 2014, less any interim payments received by Akin Gump Strauss Hauer & Feld LLP for fees and expenses under fee applications. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: *[signature]*

Judith M. Scarborough, CPA, CVA, CFF
2002 West 14th Street
Wilmington, DE 19806
Telephone: (302) 652-3480
Facsimile: (302) 656-8778

Fee Examiner

**APPENDIX A**

AKIN GUMP STRAUSS HAUER & FELD LLP
SUMMARY OF FINDINGS
21ST INTERIM FEE APPLICATION (FEBRUARY 1, 2014 through APRIL 30, 2014)

**A.** **Amounts Requested and Computed**

| | |
|---|---:|
| Fees Requested | $ 5,483,520.00 |
| Expenses Requested | 903,390.51 |
| **TOTAL FEES AND EXPENSES REQUESTED** | **$ 6,386,910.51** |
| Fees Computed | $ 5,477,566.00 |
| Expenses Computed | 893,968.67 |
| **TOTAL FEES AND EXPENSES COMPUTED** | **$ 6,371,534.67** |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | $ (15,375.84) |

**B.** **Recommended Fee Allowance and Expense Reimbursement**

| | |
|---|---:|
| Fees Requested | $ 5,483,520.00 |
| Recommended Reduction | (5,954.00) |
| **RECOMMENDED FEE ALLOWANCE** | **$ 5,477,566.00** |
| Expenses Requested | 903,390.51 |
| Recommended Reduction | |
|   Travel time of retained professional | (8,625.00) |
|   Lodging | (796.84) |
| **RECOMMENDED EXPENSE REIMBURSEMENT** | **893,968.67** |
| **TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT** | **$ 6,371,534.67** |