**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138-KG<br>(Jointly Administered)<br><br>**Related Docket Nos. 14382 and 14383** |

— and —

Court File No. 09-CL-7950

ONTARIO
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

APPLICATION UNDER PART IV OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C. 1985, c. C-36, AS AMENDED.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Nortel Networks Inc. (6332), NNCC (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), and Nortel Networks Cable Solutions Inc. (0567) (collectively, the "US Debtors").

**JOINDER OF THE BANK OF NEW YORK MELLON,
AS INDENTURE TRUSTEE, IN THE POST-TRIAL REPLY BRIEFS OF
THE US INTERESTS AND THE *AD HOC* GROUP OF BONDHOLDERS**

The Bank of New York Mellon, as indenture trustee (in such capacity, "BNYM"), hereby submits this joinder (this "Joinder") and statement in support of the post-trial reply briefs submitted by the US Interests and by the *ad hoc* group of bondholders (together, the "Reply Briefs").[2]

**BACKGROUND**

1. BNYM serves as the indenture trustee under (a) that certain Indenture dated as of July 5, 2006 among Nortel Networks Limited ("NNL") as issuer, Nortel Networks Corporation ("NNC") and Nortel Networks Inc. ("NNI") as guarantors, and BNYM as indenture trustee and (b) that certain Indenture dated as of March 28, 2007 among NNC as issuer, NNL and NNI as guarantors, and BNYM as indenture trustee (as each indenture may have been amended, modified or supplemented). As of the commencement of these chapter 11 cases, the outstanding principal amount of the notes for which BNYM is the indenture trustee was approximately $4 billion.

**JOINDER IN THE REPLY BRIEFS OF THE US INTERESTS
AND THE *AD HOC* GROUP OF BONDHOLDERS**

2. The Canadian Interests' allocation theory fails because it relies completely upon an erroneous interpretation of the MRDA that contradicts both (a) the terms of the agreement itself and (b) the factual matrix evidence that was introduced at trial. Further, the Canadian Interests' expert witness reports and testimony should be discounted because much of it relies on the Canadian Interests' flawed interpretation of the MRDA.

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Reply Brief of the US Interests.

3. Likewise, the EMEA Debtors' "contribution" allocation theory is faulty because it does not value what each of the selling Debtors transferred or relinquished in the asset sales. Rather, the EMEA Debtors seek to allocate the sale proceeds based upon each Debtor's "contribution" to the development of technology. But contribution at the front end does not reflect the <u>value</u> each Debtor actually sold or relinquished at the time that the assets were actually sold.[3]

4. Finally, the "pro rata" allocation theory (*i.e.*, global substantive consolidation on a non-consensual basis) advanced by the CCC and UKPC must be rejected because it is completely unsupported by the facts and is contrary to controlling law. Indeed, non-consensual substantive consolidation is forbidden where, as here, (a) creditors such as the bondholders relied on the separateness of Nortel entities, and (b) the assets and liabilities of the Nortel entities were not "hopelessly entangled."

*Remainder of page intentionally left blank.*

---

[3] To the extent the Courts nonetheless elect to adopt the EMEA Debtors' contribution approach as a general matter, the allocation percentages urged by the EMEA Debtors must be corrected as set forth in the Reply Brief filed by the US Interests.

5. Accordingly, BNYM respectfully requests that the Courts adopt the allocation position advanced by the US Interests and the *ad hoc* group of bondholders.

Dated: September 10, 2014

*/s/ Michael R. Lastowski*
Michael R. Lastowski (DE 3892)
Christopher M. Winter (DE 4163)
DUANE MORRIS LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Email:  cmwinter@duanemorris.com
            mlastowski@duanemorris.com

- and -

VEDDER PRICE P.C.
Michael J. Riela
1633 Broadway, 47th Floor
New York, NY 10019
Telephone:  212-407-7700
Email:  mriela@vedderprice.com

- and -

McMILLAN LLP
Sheryl Seigel
Brookfield Place
181 Bay Street, Suite 4400
Toronto, Ontario
Canada M5J 2T3
Telephone:  416-865-7000
Email:  sheryl.seigel@mcmillan.ca

*Attorneys for The Bank of New York Mellon, as Indenture Trustee*