**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------x
                                                       :
```
*In re*                                                                    Chapter 11
```
                                                       :
                                                       :
```
Nortel Networks Inc., *et al.*,[1]                        Case No. 09-10138 (KG)
```
                                                       :
```
                           Debtors.                         Jointly Administered
```
                                                       :
                                                       :
```
                                                         **Re: D.I. _____**
```
                                                       :
-------------------------------------------------------x
```

**<u>ORDER REGULATING THIRD-PARTY DISCOVERY</u>**

Upon the motion (the "<u>Motion</u>")[2] by Nortel Networks, Inc. ("<u>NNI</u>") and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of an order, as more fully described in the Motion, (a) enforcing and/or extending the automatic stay to third-party subpoenas seeking production of documents and testimony relating to a patent portfolio sold by Debtors to Rockstar Bidco, LP ("<u>Rockstar</u>"), (b) enforcing the Court's previous sale orders, protective orders, and confidentiality orders in the context of these third-party subpoenas, (c) entering a protective order, and (d) granting related relief under Section 105(a) of the Bankruptcy Code; and upon consideration of the supporting Declaration of Timothy C. Ross and the record in these proceedings, including docket items in Case Nos. 09-10138, 09-10164, and 09-11972, as well as all papers filed in support of or in opposition to the Motion; and the Court

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

§§ 157 and 1334 and 11 U.S.C. §§ 105(a), 107(b), 362(a), and 541 and Bankruptcy Rule 9018;

and the Court having previously retained jurisdiction to interpret and enforce its own prior

orders; and the Court having determined that consideration of the Motion is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual

bases set forth in the Motion establish just cause for the relief requested in the Motion, and that

such relief is in the best interests of the Debtors, their estates, their creditors, and the parties in

interest; and finding that adequate notice has been provided to all parties with an interest in the

Motion under the circumstances; and after due deliberation;

     IT IS HEREBY ORDERED THAT:

     1.     The Motion is GRANTED as set forth herein.

     2.     The automatic stay is hereby enforced and extended to protect Debtors, their

property, and property of the estate, wherever located and by whomever held, from all third-

party subpoenas that have been served on or will in the future be served on Debtors, their

counsel, Debtors' former employees (including, but not limited to, Christopher Cianciolo, Arthur

Fisher, Richard Weiss and Raj Krishnan) (each, a "<u>Former Employee</u>"), and/or other advisors

and professionals retained by the estate in these proceedings (including, but not limited to,

Global IP Law Group and Lazard Frères & Co. LLC) and the respective former employees of

any such advisors and professionals (each, an "<u>Advisor</u>"), such that Debtors, their counsel, the

Former Employees, and the Advisors shall not be obligated to respond to or comply with any

now pending or future third-party subpoenas or other discovery requests (collectively, the "<u>Third

Party Subpoenas</u>"), except as set forth herein.

3.      In response to the Third Party Subpoenas, Debtors, the Former Employees, the Advisors, and/or each of their respective counsel shall not be obligated to produce to any requesting third party (each, a "Subpoenaing Party") any items in which Debtors have an interest other than those set forth on Exhibit A, annexed hereto, without further leave of this Court.

4.      To obtain further leave of this Court to seek the production of items in which Debtors have an interest other than those set forth on Exhibit A, the Subpoenaing Party requesting such production must meet and confer with the Debtors and, if no agreement is reached, the Subpoenaing Party must bring a motion before this Court for relief from the automatic stay and this Order.

5.      No Subpoenaing Party may request, and the Court shall not order, the production of any documents that are Patent Related Documentation, as defined in the Asset Sale Agreement with Rockstar.

6.      Any Subpoenaing Party seeking a deposition of a representative, advisor, and/or counsel of any Debtor, a Former Employee, or an Advisor relating to the patents sold by Nortel to Rockstar and/or documents, information, items, and/or materials in which the Debtors have an interest must meet and confer with the Debtors and, if no agreement is reached, the Subpoenaing Party must bring a motion before this Court for relief from the automatic stay and this Order.

7.      To the extent that this Court orders, or the relevant parties otherwise agree to, the production of any documents in addition to those set forth on Exhibit A or a deposition in accordance with this Order, the Subpoenaing Party seeking such document production or deposition shall pay to Debtors, the Former Employees, and/or the Advisors their reasonable costs of such production and/or preparation and attendance, as the case may be, within ten business days of delivery of the invoice setting forth their reasonable costs.

8.      The Court retains jurisdiction with respect to all matters and disputes arising out of or relating to this Order, including, but not limited to, the interpretation, implementation, and enforcement of this Order, and to provide any further relief that is necessary or appropriate in furtherance of this Order.

Dated: November____, 2014

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

1.  The designated portions of the deposition transcripts for the Allocation Litigation taken pursuant to the order Approving the Deposition Protocol [D.I. 11439], following review and redaction in accordance with the initial and supplementary orders Providing Directions and Establishing Procedures for Sealing Trial Exhibits, Redacting Pretrial Submissions, and Protecting Confidential Information From Public Disclosure During The Trial [D.I. 13554 and D.I. 13729] (together, the "Confidentiality Orders").

2.  The Allocation Trial Exhibits, following review and redaction in accordance with the Confidentiality Orders.