**TAB 8**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern                District of California

| | |
|---|---|
| Google Inc. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 13-cv-5933-CW |
| Rockstar Consortium US LP and MobileStar Technologies LLC | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Peter A. Fortman
       18336 NE 198th St.
       Woodinville, WA 98077-8286
       _____
                    *(Name of person to whom this subpoena is directed)*

    [X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A, attached hereto.

| Place:   Seattle Legal Messenger Services | Date and Time: |
|---|---|
| 4201 Aurora Ave. N. #200, Seattle, WA 98103 | September 2, 2014 9:00 a.m. |

    [   ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   August 18, 2014

                *CLERK OF COURT*
                                                    OR     *Matthew Warren* /s/
        _____                _____
            *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*
                                                         Matthew S. Warren

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Google Inc.
_____, who issues or requests this subpoena, are:
Matthew S. Warren, Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, 22nd Floor, San Francisco, CA 94111
Quinn-Google-N.D.Cal.-13-05933@quinnemanuel.com, (415) 875-6600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO-88B

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 0.00_____ .

My fees are $ _____0.00_____ for travel and $ ____0.00____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern        District of  California

| | |
|---|---|
| Google Inc. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. 13-cv-5933-CW |
| Rockstar Consortium US LP and MobileStar Technologies | ) |
| LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Peter A. Fortman
To:  18366 NE 198th St.
Woodinville, WA 98077-8286
(Name of person to whom this subpoena is directed)

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Seattle Legal Messenger Services | Date and Time: |
|---|---|
| 4201 Aurora Ave. N. #200, Seattle, WA 98103 | September 18, 2014 9:00 a.m. |

     The deposition will be recorded by this method: <u>videographer and stenographer</u>

[ ] *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  <u>August 18, 2014</u>

       *CLERK OF COURT*
                                 OR  _____

        *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*
                                             Matthew S. Warren

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  <u>Google Inc.</u>
_____ , who issues or requests this subpoena, are:
Matthew S. Warren, Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, 22nd Floor, San Francisco, CA 94111
Quinn-Google-N.D.Cal.-13-05933@quinnemanuel.com, (415) 875-6600

Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO-88A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____0.00_____ .

My fees are $ _____0.00_____ for travel and $ ____0.00_____ for services, for a total of $ ____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1.      "YOU" and "YOUR" mean Peter A. Fortman, named inventor of U.S. Patent No. 5,987,100.

2.      "MESSAGING PRODUCT" means any feature, software or product sold by YOU or NORTEL which incorporated a user notification for an incoming communication event in a communication system and/or which incorporated universal, unified or integrated messaging technology, including any feature or product REGARDING U.S. Patent No. 5,987,100, all versions of Meridian Mail, and all versions of VISIT Messenger.

3.      "NORTEL" means Nortel Networks Corporation and Nortel Networks Inc., their officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing, and their affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Nortel Networks Corporation or Nortel Networks Inc., and all predecessors and successors in interest to such entities, including Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Architel Systems (U.S.) Corporation, Bay Networks, Inc., CoreTek, Inc., New Oak Communications, Inc., Nortel Altsystems Inc., Nortel Altsystems International Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Cable Solutions Inc., Nortel Networks (CALA) Inc., Nortel Networks Capital Corporation, Nortel Networks Global Corporation, Nortel Networks HPOCS Inc., Nortel Networks International Corporation, Nortel Networks International Inc., Nortel Networks Limited, Nortel Networks Optical Components Inc., Nortel Networks Technology Corporation, Northern Telecom International Inc., Qtera Corporation, Sonoma Systems, and Xros, Inc.

4.      "ROCKSTAR" means Rockstar Consortium US LP and MobileStar Technologies LLC; their officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing, their affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control them, are owned or controlled by them, or share with them common ownership or control, as well as predecessors and successors in interest to such entities, including Bockstar Technologies LLC, Constellation Technologies LLC, MobileStar Technologies LLC, NetStar Technologies LLC, Rockstar Bidco GP, Rockstar Bidco LLC, Rockstar Bidco LP, Rockstar Consortium Inc., Rockstar Consortium LLC, or Rockstar Consortium US LP.

5.      "ROCKSTAR CONSORTIUM" means Rockstar Consortium US LP; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing; its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

6.      "NETSTAR" means NetStar Technologies LLC; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing; its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

2

7.     "ROCKSTAR BIDCO GP" means Rockstar Bidco GP, LLC; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing; its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

8.     "ROCKSTAR BIDCO LLC" means Rockstar Bidco LLC; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing; its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

9.     "ROCKSTAR BIDCO LP" means Rockstar Bidco LP; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing; its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

10.    "ROCKSTAR CONSORTIUM INC." means Rockstar Consortium Inc.; its officers, directors, current and former employees, counsel, agents, consultants, representatives,

and any other PERSONS acting on behalf of any of the foregoing; its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

11.    "ROCKSTAR CONSORTIUM LLC" means Rockstar Consortium LLC; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing; its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

12.    "APPLE" means Apple Inc.; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing, and its affiliates, parents, subsidiaries, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

13.    "EMC" means EMC Corporation; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing, and its affiliates, parents, subsidiaries, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or

4

share with it common ownership or control, as well as predecessors and successors in interest to such entities.

14.    "MICROSOFT" means Microsoft Corporation; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing, and its affiliates, parents, subsidiaries, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

15.    "SONY" means Sony Corporation of America; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing, and its affiliates, parents, subsidiaries, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

16.    "ERICSSON" means Ericsson; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing, and its affiliates, parents, subsidiaries, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

17. "BLACKBERRY" means Blackberry Ltd. and its predecessors, including without limitation Research In Motion Ltd.; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing, and its affiliates, parents, subsidiaries, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

18. "ANY ROCKSTAR ENTITY" means any of ROCKSTAR, ROCKSTAR CONSORTIUM, NETSTAR, ROCKSTAR BIDCO GP, ROCKSTAR BIDCO LLC, ROCKSTAR BIDCO LP, ROCKSTAR CONSORTIUM INC., and ROCKSTAR CONSORTIUM LLC.

19. "ANY ROCKSTAR SHAREHOLDER" means any current or former shareholder, member, owner, partner, or other equity owners of ANY ROCKSTAR ENTITY, including APPLE, EMC, MICROSOFT, SONY, ERICSSON, and BLACKBERRY.

20. "NORTEL ADVISOR" means any THIRD PARTY or ANY ROCKSTAR ENTITY from whom NORTEL sought or received advice REGARDING the PATENTS-IN-SUIT, RELATED PATENTS/APPLICATIONS, NORTEL's patents, or other intellectual property, and the auction therefor, including, but not limited to, David Descoteaux, Lazard Frères & Co. LLC, Global IP Law Group, Justin Lux, Portfolio Advisors LLC, Colin Keenan, Brightwood Capital Advisors, LLC, Edouard Gueyffier, Estin & Co., Kshitij Bhatia, or Warburg Pincus India Pvt. Ltd.

21. "GOOGLE" means Plaintiff Google Inc.

22. "ANDROID" means any version of the Android mobile platform.

23.     "DEFENDANTS" mean Defendants Rockstar Consortium US LP and MobileStar Technologies LLC.

24.     "THIS LITIGATION" means *Google Inc. v. Rockstar Consortium US LP, et al.*, No. 13-5933, filed in the Northern District of California.

25.     "ROCKSTAR V. ANDROID LITIGATIONS" means any of *Rockstar Consortium US LP, et al. v. Pantech Co., LTD, et al.* (E.D. Tex. No. 13-0899); *Rockstar Consortium US LP, et al. v. ZTE Corporation, et al.* (E.D. Tex. No. 13-0901); *Rockstar Consortium US LP, et al. v. ASUSTek Computer Inc., et al.* (E.D. Tex. No. 13-0894); *Rockstar Consortium US LP, et al. v. Samsung Electronics Co., et al.* (E.D. Tex. No. 13-0900); *Rockstar Consortium US LP, et al. v. LG Electronics Inc., et al.* (E.D. Tex. No. 13-0898); and *Rockstar Consortium US LP, et al. v. HTC Corp., et al.* (E.D. Tex. 13-0895).

26.     "ANY ROCKSTAR V. ANDROID DEFENDANT" means any defendant in any of the ROCKSTAR V. ANDROID LITIGATIONS.

27.     "'937 PATENT" means U.S. Patent No. 6,037,937, entitled "Navigation tool for graphical user interface," all underlying patent applications, all continuations, continuations-in-part, divisionals, reissues, and any other patent applications in the '937 PATENT family.

28.     "'551 PATENT" means U.S. Patent No. 5,838,551, entitled "Electronic package carrying an electronic component and assembly of mother board and electronic package," all underlying patent applications, all continuations, continuations-in-part, divisionals, reissues, and any other patent applications in the '551 PATENT family.

29.     "'973 PATENT" means U.S. Patent No. 6,333,973, entitled "Integrated message center," all underlying patent applications, all continuations, continuations-in-part, divisionals, reissues, and any other patent applications in the '973 PATENT family.

30.     "'298 PATENT" means U.S. Patent No. 6,128,298, entitled "Internet protocol filter," all underlying patent applications, all continuations, continuations-in-part, divisionals, reissues, and any other patent applications in the '298 PATENT family.

31.     "'131 PATENT" means U.S. Patent No. 6,463,131, entitled "System and method for notifying a user of an incoming communication event," all underlying patent applications, all continuations, continuations-in-part, divisionals, reissues, and any other patent applications in the '131 PATENT family.

32.     "'131 PATENT FILING DATE" means January 5, 2000, the filing date of the '131 PATENT.

33.     "'591 PATENT" means U.S. Patent No. 6,765,591, entitled "Managing a virtual private network," all underlying patent applications, all continuations, continuations-in-part, divisionals, reissues, and any other patent applications in the '591 PATENT family.

34.     "'572 PATENT" means U.S. Patent No. 6,937,572, entitled "Call trace on a packet switched network," all underlying patent applications, all continuations, continuations-in-part, divisionals, reissues, and any other patent applications in the '572 PATENT family.

35.     "PATENTS-IN-SUIT" refers to the '937 PATENT, '551 PATENT, '973 PATENT, '298 PATENT, '131 PATENT, '591 PATENT, and the '572 PATENT, individually and collectively, including all underlying patent applications, all continuations, continuations-in-part, divisionals, and reissues.

36.     "PRIOR ART" shall mean the subject matter described in 35 U.S.C. §§ 102 and 103, including but not limited to publications, articles, posters, abstracts, chapters, displays, slides, patents, physical devices, prototypes, uses, sales, and offers for sale, and any DOCUMENTS or THINGS evidencing any of the foregoing.

37.     "PATENT PRIOR ART" shall mean U.S. Patent No. 5,987,100.

38.     The term "RELATED PATENTS/APPLICATIONS" shall mean (1) any United States or foreign patent or patent application related to the PATENTS-IN-SUIT by way of subject matter or claimed priority date, (2) all parent, grandparent or earlier, divisional, continuation, continuation-in-part, provisional, reissue, reexamination, and foreign counterpart patents and applications thereof, and/or (3) any patent or patent application filed by one of more of the same applicant(s) (or his or her assignees) that refers to any of (1) or (2) herein.

39.     "NAMED INVENTORS" refers to Yee-Ning Chan, Brian Finlay Beaton, Colin Donald Smith, Bruce Dale Stalkie, Bruce Anthony Wootton, William G. Colvin, Marilyn French-St. George, Mitch A. Brisebois, Laura A. Mahan, Matthew W. Poisson, Melissa L. Desroches, James M. Milillo, Brian B. Egan, Milos Vodsedalek, the named inventors of the PATENTS-IN-SUIT.

40.     The phrase "THE APPLICANTS" shall refer to the NAMED INVENTORS of the PATENTS-IN-SUIT, the prosecuting attorneys of the PATENTS-IN-SUIT, and/or other PERSONS owing a duty of candor to the U.S. Patent & Trademark Office in connection with the prosecution of the PATENTS-IN-SUIT, individually and collectively.

41.     "DOCUMENT" includes, without limitation, all written, graphic or otherwise recorded material, including without limitation, microfilms or other film records or impressions, electronically stored information regardless of the form of storage medium, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any

mechanical or electronic recording device, including email, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original.  The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

42.     "THING" as used herein means any physical object other than a "DOCUMENT."

43.     "COMMUNICATION" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, THING, idea, DOCUMENT, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail.

44.     "SOURCE CODE" means source code, hardware code, machine code, assembly code, or code written in any programming language, and code that can be compiled or acted upon by a processor, any listings or printouts thereof, and any release notes describing the features or modifications of such code.

45.     The term "PERSON" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

46.     "THIRD PARTY" or "THIRD PARTIES" means any PERSON other than either YOU or ANY ROCKSTAR ENTITY.

47.     "INFRINGE" and "INFRINGEMENT" means direct infringement, contributory infringement, infringement by inducement, literal infringement, and infringement under the doctrine of equivalents.

48.     "REGARDING" means relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

49.     "SUBJECT MATTER IN SUIT" means the PATENTS-IN-SUIT, references in the PATENTS-IN-SUIT, and any technology ROCKSTAR contends or believes is covered by or the subject of the PATENTS-IN-SUIT.

50.     "Include" and "including" shall mean including without limitation.

51.     Use of the singular also includes the plural and vice-versa.

52.     The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Document Requests.

53.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## INSTRUCTIONS

The following instructions shall apply to each of the Document Requests herein:

1.      In answering the following Document Requests, furnish all available information, including information in the possession, custody, or control of YOU or any of YOUR attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and PERSONS under YOUR control, who have the best knowledge, not merely information known to YOU based on YOUR own personal knowledge. If YOU cannot fully respond to the following Document Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Document Request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Document Request cannot be answered fully and completely; and state what knowledge, information or belief YOU have concerning the unanswered portion of any such Document Requests.

2.      Electronic records and computerized information must be produced in an intelligible format.

3.      Selection of DOCUMENTS from the files and other sources and the numbering of such DOCUMENTS shall be performed in such a manner as to ensure that the source of each DOCUMENT may be determined, if necessary.

4.      File folders with tabs or labels or directories of files identifying DOCUMENTS must be produced intact with such DOCUMENTS.

5.      Documents attached to each other shall not be separated.

6.      If any information requested is claimed to be privileged or otherwise immune from discovery, please provide all information falling within the scope of the Document

Request which is not privileged, and for each item of information contained in a DOCUMENT

to which a claim of privilege is made, identify such DOCUMENT with sufficient particularity

for purposes of a motion to compel, such identification to include at least the following:

      (1)     the basis on which the privilege is claimed;

      (2)     the name(s) of the author(s) of the DOCUMENT;

      (3)     the name of each individual or other PERSON to whom the DOCUMENT, or a copy thereof, was sent; and

      (4)     the date of the DOCUMENT

7.     If YOUR response to a particular Document Request is a statement that YOU

lack the ability to comply with that Document Request, YOU must specify whether the

inability to comply is because the particular item or category of information never existed, has

been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in

YOUR possession, custody, or control, in which case the name and address of any PERSON or

entity known or believed by YOU to have possession, custody, or control of that information or

category of information must be identified.

8.     YOUR obligation to respond to these Document Requests is continuing and its

responses are to be supplemented to include subsequently acquired information in accordance

with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

1.      All DOCUMENTS and THINGS, including COMMUNICATIONS and SOURCE CODE, REGARDING the PATENT PRIOR ART, and any MESSAGING PRODUCT manufactured, sold, licensed, or otherwise made available in the United States before the '131 PATENT FILING DATE, including representative samples of software and hardware, executable software, technical plans, diagrams, workbooks, manuals, published articles, publications, and user guides REGARDING any MESSAGING PRODUCT.

2.      All DOCUMENTS and THINGS, including COMMUNICATIONS, sufficient to identify, by build or version name or number, any and all versions of each MESSAGING PRODUCT manufactured, sold, licensed or otherwise made available in the United States prior to the '131 PATENT FILING DATE.

3.      All DOCUMENTS and THINGS, including COMMUNICATIONS, sufficient to show the time period during which each MESSAGING PRODUCT was manufactured, sold, licensed, or otherwise made available in the United States and the quantity manufactured, sold, licensed, or otherwise made available in the United States prior to the '131 PATENT FILING DATE.

4.      All DOCUMENTS and THINGS, including COMMUNICATIONS, REGARDING the marketing, advertising, or promotional efforts related to any MESSAGING PRODUCT in the United States prior to the '131 PATENT FILING DATE.

5.      All DOCUMENTS and THINGS, including COMMUNICATIONS, REGARDING any PERSON knowledgeable about the creation, design, development, operation or implementation of any MESSAGING PRODUCT as manufactured, sold, licensed, or otherwise made available in the United States prior to the '131 PATENT FILING DATE.

6.   All DOCUMENTS and THINGS, including COMMUNICATIONS, REGARDING the PATENT PRIOR ART, underlying application(s), and all parents, progeny, continuations, divisionals, reexaminations, reviews, or reissues thereof, and all foreign counterpart applications and patents which claim the same or substantially similar subject matter. This request includes without limitation DOCUMENTS and THINGS, including COMMUNICATIONS, REGARDING:

a.   Conception, development, and reduction to practice of any of the claims of the PATENT PRIOR ART;

b.   The first written description and first embodiment of and concept, idea, or invention disclosed in the PATENT PRIOR ART;

c.   Inventorship of any of the claims of the PATENT PRIOR ART, including the identification, selection, or determination of the inventors;

d.   Preparation, filing, and prosecution of the PATENT PRIOR ART;

e.   Physical evidence, specimens, written documents, notes, and communications) provided to patent counsel and/or any other person or entity responsible for the preparation or prosecution of the PATENT PRIOR ART;

f.   Any publication or other written disclosure to another person or entity of any concept, idea, or invention disclosed in the PATENT PRIOR ART;

g.   Any disclosures, sales, offers for sale, or uses of any concept, idea, or invention disclosed in the PATENT PRIOR ART;

h.   Any prior art to the PATENT PRIOR ART;

i.   Investigations, analyses, or searches concerning the patentability of the subject matter claimed in the PATENT PRIOR ART;

j.   Engineering documents, software, executable software and SOURCE CODE created in conjunction with any of the concepts disclosed in the PATENT PRIOR ART;

k.   Any embodiment of any of the inventions disclosed in the PATENT PRIOR ART;

l.   Notebooks or records of any type, including laboratory notebooks, computer records, experimental results, technical specifications, and other materials, reflecting the research, design, development, experimentation, or testing of any concept, idea, or invention disclosed and claimed in the PATENT PRIOR ART;

m.   Sworn testimony, statements, affidavits, or declarations by any of the named inventors of the PATENT PRIOR ART concerning any concepts, ideas, or inventions disclosed in the PATENT PRIOR ART;

n.   Communications with anyone about the PATENT PRIOR ART or any collection of patents in which the PATENT PRIOR ART may have been included for sale, license, or otherwise;

o.   Patents, publications, articles, presentations, and other writings, whether or not published, authored or co-authored by any of the named inventors of the PATENT PRIOR ART REGARDING the subject matter of the PATENT PRIOR ART;

p.   Ownership or grant of any right, title, or interest in the PATENT PRIOR ART;

q.   Analysis of whether and how any concepts, ideas, or inventions disclosed in the PATENT PRIOR ART were being used by you or any other person or entity.

7.   All DOCUMENTS and THINGS, including COMMUNICATIONS, REGARDING the PATENTS-IN-SUIT, including any foreign counterparts to the PATENTS-IN-SUIT, any PRIOR ART for the PATENTS-IN-SUIT and any DOCUMENTS REGARDING the validity of the PATENTS-IN-SUIT.

8.   All DOCUMENTS and THINGS, including COMMUNICATIONS, REGARDING ANY ROCKSTAR ENTITY, including any COMMUNICATIONS between YOU and ANY ROCKSTAR ENTITY.