**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------x
                                                     :
In re                                                :   Chapter 11
                                                     :
Nortel Networks Inc., et al.,¹                       :   Case No. 09-10138 (KG)
                                                     :
            Debtors.                                 :   Jointly Administered
                                                     :
                                                     :   Re: D.I. _____
                                                     :
-----------------------------------------------------x
```

## ORDER DIRECTING THE SHARING OF COSTS
## RELATED TO THIRD-PARTY DISCOVERY

Upon the motion (the "Motion")[2] by Nortel Networks, Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, directing that NNI, Nortel Networks Limited ("NNL") and Nortel Networks UK Limited ("NNUK") pay in equal shares all reasonable and documented past and future costs incurred and/or paid by them in responding to formal or informal third-party subpoenas or other disclosure and/or discovery requests seeking production of documents and/or testimony, whether from the Debtors, any other Nortel entity, or any current or former advisors or employees of such entities ("Third-Party Discovery Requests"), relating to the patent portfolio sold by Debtors and other Nortel entities to Rockstar Bidco, LP ("Rockstar") which are not otherwise paid by the party making the Third-Party

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

<br/>

Discovery Request; and upon consideration of the record in these proceedings as well as all papers filed in support of or in opposition to the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105 and 363; and the Court having previously retained jurisdiction to interpret and enforce its own prior orders; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors, and the parties in interest; and finding that adequate notice has been provided to all parties with an interest in the Motion under the circumstances; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The total reasonable and documented costs, including but not limited to reasonable and documented attorneys' costs and fees and other out-of pocket expenses, that NNI, NNL and NNUK (collectively, the "Nortel Parties") have incurred or will incur and/or pay associated with responding to or otherwise resulting from the Third-Party Discovery Requests, not including any such costs paid by the party making the Third-Party Discovery Request ("Discovery Costs"), shall be borne and payable in three equal shares by each Nortel Party (the "Cost Sharing").

3. Within twenty business days of the date of this Order, the Nortel Parties shall exchange statements setting forth Discovery Costs ("Cost Statements") that each has incurred and/or paid up to and including the date of this Order.

4.   With respect to Discovery Costs incurred and/or paid up to and including the date of this Order, the Nortel Parties shall effectuate the Cost Sharing within twenty business days of the exchange of the applicable Cost Statement.

5.   The Nortel Parties shall exchange Cost Statements with respect to Discovery Costs incurred and/or paid after the date of this Order three months after the date of this Order and every three months thereafter.

6.   The Nortel Parties shall effectuate the Cost Sharing with respect to Discovery Costs incurred and/or paid after the date of this Order within twenty business days of the exchange of each Cost Statement referred to in paragraph 5 above.

7.   Failure to include Discovery Costs incurred and/or paid during a period in the Cost Statement covering that period shall not waive any of the Nortel Parties' rights to seek Cost Sharing for such Discovery Costs in a subsequent Cost Statement.

8.   Before disbursement to the Nortel entities of the Sale Proceeds generated by the transaction with Rockstar from the applicable escrow account currently holding such Sale Proceeds, whether in accordance with a final decision in the Allocation Litigation, a settlement, or otherwise, each Nortel Party shall be reimbursed from such escrow account for the Discovery Costs it has paid in accordance with this Order and shall take all reasonable steps to cause the relevant escrow agent to make the payments necessary to effectuate such reimbursement.

9.  The Court retains jurisdiction with respect to all matters and disputes arising out of or relating to this Order, including, but not limited to, the interpretation, implementation, and enforcement of this Order, and to provide any further relief that is necessary or appropriate in furtherance of this Order.

Dated: November___, 2014

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE