IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., *et al.*, | : | Case No. 09-10138(KG) |
|  | : | Jointly Administered |
|  | : |  |
| Debtors. | : |  |
|  | : |  |
|  | : |  |

------------------------------------------------------- x

### DECLARATION OF DUSTIN F. GUZIOR IN SUPPORT OF THE OBJECTIONS TO NORTEL'S MOTION FOR RELIEF UNDER SECTION 105(a) BY TIME WARNER CABLE INC. AND TIME WARNER CABLE ENTERPRISES LLC

I, Dustin F. Guzior, state and declare as follows:

1.     I am an attorney at Desmarais LLP, 230 Park Avenue, New York, New York 10169. I am a member in good standing of the bar of the State of New York and the United States District Court for the Southern District of New York.

2.     Since June 9, 2014, I have interacted with counsel to Nortel Networks Inc. ("NNI") concerning NNI's response to a subpoena for documents that Time Warner Cable Inc. and Time Warner Cable Enterprises LLC (together, "TWC") served on NNI on June 9, 2014. That subpoena issued from the United States District Court for the Eastern District of Texas in the case of *Constellation Techs. LLC v. Time Warner Cable Inc., et al.*, No. 2:13-cv-01079-RSP (E.D. Tex.) (the "Subpoena").

## EXHIBITS

3.      Attached as Exhibit 1 is a true and correct copy of an e-mail from me to Inna Rozenberg dated June 18, 2014 concerning NNI's request for an extension of time to respond to the Subpoena.

4.      Attached as Exhibit 2 is a true and correct copy of the complaint that was filed in *Constellation Techs. LLC v. Time Warner Cable Inc., et al.*, No. 2:13-cv-01079-RSP (E.D. Tex.) [D.I. 1].

5.      Attached as Exhibit 3 is a true and correct copy of the plaintiff's opposition to TWC's motion to dismiss in *Constellation Techs. LLC v. Time Warner Cable Inc., et al.*, No. 2:13-cv-01079-RSP (E.D. Tex.) [D.I. 34].

6.      Attached as Exhibit 4 is a true and correct copy of the protective order that was entered in *Constellation Techs. LLC v. Time Warner Cable Inc., et al.*, No. 2:13-cv-01079-RSP (E.D. Tex.) [D.I. 97].

7.      Attached as Exhibit 5 is a true and correct copy of the docket control order that was entered in *Constellation Techs. LLC v. Time Warner Cable Inc., et al.*, No. 2:13-cv-01079-RSP (E.D. Tex.) [D.I. 90].

8.      Attached as Exhibit 6 is a true and correct copy of the ESI Order that was entered in *Constellation Techs. LLC v. Time Warner Cable Inc., et al.*, No. 2:13-cv-01079-RSP (E.D. Tex.) [D.I. 123].

9.      Attached as Exhibit 6A is a true and correct copy of the Discovery Order that was entered in *Constellation Techs. LLC v. Time Warner Cable Inc., et al.*, No. 2:13-cv-01079-RSP (E.D. Tex.) [D.I. 96].

2

10.    Attached as Exhibit 7 is a true and correct copy of Constellation's Initial Disclosures to Time Warner Cable in *Constellation Techs. LLC v. Time Warner Cable Inc., et al.*, No. 2:13-cv-01079-RSP (E.D. Tex.).

11.    Attached as Exhibit 8 is a true and correct copy of a patent assertion letter from John Garland, Constellation Technologies LLC, to John Silverio, TWC, dated December 12, 2013.

12.    Attached as Exhibit 9 is a true and correct copy of Rockstar's Corporate Leaders webpage, http://www.ip-rockstar.com/people/corporate-leaders (last visited October 13, 2014).

13.    Attached as Exhibit 10 is a true and correct copy of an August 2010 slide presentation that was produced to TWC by NNI bearing bates numbers NNI_TWC_00001933 through NNI_TWC_00001950.

14.    Attached as Exhibit 11 is a true and correct copy of an e-mail from Ms. Rozenberg to me dated September 14, 2014 that provides NNI's document production proposal to TWC.

15.    Attached as Exhibit 12 is a true and correct copy of a letter from me to Ms. Rozenberg dated October 3, 2014 that provides TWC's document production counterproposal to NNI.

16.    Attached as Exhibit 12A is a true and correct copy of an e-mail from me to Ms. Rozenberg dated October 3, 2014 that attaches TWC's document production counterproposal.

17.    Attached as Exhibit 13 is a true and correct copy of an e-mail from Mark Supko to me dated October 7, 2014 concerning Crowell & Moring LLP replacing Cleary, Gottlieb, Steen & Hamilton LLP as counsel to NNI for issues related to the Subpoena.

18.    Attached as Exhibit 14 is a true and correct copy of an e-mail from Mark Supko to me dated October 11, 2014 concerning the scope of relief that NNI seeks from the bankruptcy court and responding to TWC's offer to jointly seek a stay of *Constellation Techs. LLC v. Time Warner Cable Inc., et al.*, No. 2:13-cv-01079-RSP (E.D. Tex.).

19.    Attached as Exhibit 15 is a true and correct copy of Constellation's Disclosure of the Most Significant Email Custodians in *Constellation Techs. LLC v. Time Warner Cable Inc., et al.*, No. 2:13-cv-01079-RSP (E.D. Tex.).

20.    Attached as Exhibit 16 is a true and correct copy of an e-mail from me to Ms. Rozenberg dated August 28, 2014 concerning NNI's response to the Subpoena.

21.    Attached as Exhibit 17 is a true and correct copy of an e-mail from me to Jacob Pultman dated October 3, 2014 concerning the Canadian Nortel entities' offer to produce voluntarily redacted copies of Nortel's submissions to the U.S. Department of Justice related to Rockstar.

22.    Attached as Exhibit 18 is a true and correct copy of an e-mail from me to Ms. Rozenberg dated September 17, 2014 concerning NNI's failure to send notice letters to Producing Parties.

23.    Attached as Exhibit 19 is a true and correct copy of an e-mail from me to Ms. Rozenberg dated September 17, 2014 concerning confidentiality issues.

24.    Attached as Exhibit 20 is a true and correct copy of an e-mail from me to Ms. Rozenberg dated September 3, 2014 concerning NNI's response to the Subpoena.

25.    Attached as Exhibit 21 is a true and correct copy of an e-mail from me to Ms. Rozenberg dated September 6, 2014 concerning NNI's response to the Subpoena.

26.    Attached as Exhibit 22 is a true and correct copy of an e-mail from Alexandra McCown to me dated September 11, 2014 concerning Rockstar's ongoing confidentiality review.

27.    Attached as Exhibit 23 is a true and correct copy of an e-mail from Ms. Rozenberg to me dated August 28, 2014 concerning NNI's response to the Subpoena.

28.    Attached as Exhibit 24 is a true and correct copy of an e-mail from me to Ms. Rozenberg dated September 26, 2014 concerning ongoing negotiations between TWC and NNI and the motion that NNI filed with the bankruptcy court.

29.    Attached as Exhibit 25 is a true and correct copy of an e-mail chain between me and Ms. Rozenberg dated August 20, 2014 and August 21, 2014 concerning Rockstar's threats to NNI.

## MEET AND CONFERS

30.    On September 23, 2014, Ms. Rozenberg and I met and conferred telephonically concerning NNI's document production proposal, which is Exhibit 11 to this declaration (the "September 23 Meet and Confer"). We discussed that proposal and the categories of documents that TWC sought, including documents related to: (1) the purported development by Nortel of the technology described in the patents and related technology, (2) Nortel's commercialization, if any, of the technology described in the patents and related technology, (3) Nortel's attempts to enforce or license the patents or its portfolio of patents, and (4) Nortel's valuation of the patents or its portfolio of patents.

31.    During the September 23 Meet and Confer, I asked Ms. Rozenberg if those four categories of documents fell within the scope of "Patent Related Documentation," as defined in the Asset Sale Agreement, dated June 30, 2011, between Nortel and Rockstar Bidco.

Ms. Rozenberg was not certain, but indicated that she did not believe all of those documents fell within the scope of Patent Related Documentation that was transferred to Rockstar Bidco LP.

32.    During the September 23 Meet and Confer, Ms. Rozenberg also explained that NNI no longer had any employees with sufficient technical or commercial knowledge to identify sets of material responsive to TWC's request for documents related to: (1) the purported development by Nortel of the technology described in the patents and related technology, (2) Nortel's commercialization, if any, of the technology described in the patents and related technology. NNI requested that TWC design "technology search terms," that are specific to technology related to the patents-in-suit. NNI agreed to identify the relevant data set against which the "technology search terms" would be run.

33.    On September 24, 2014, I telephonically met and conferred with counsel to Nortel Networks Corporation and Nortel Networks Limited, Jacob Pultman and Elaine Johnston of Allen & Overy LLP (the "NNL Counsel"). NNL Counsel represented that its clients were cooperating fully with NNI to ensure that NNI could efficiently produce to third-parties all non-privileged documents that had been collected for the bankruptcy allocation proceedings.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Signed this 13th day of October, 2014.

_____

Dustin F. Guzior, Esq.

6