# Exhibit 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| CONSTELLATION TECHNOLOGIES LLC, | § § § | CIVIL NO. 2:13-CV-1079 |
|     *Plaintiff* | § § | |
| V. | § § | |
| TIME WARNER CABLE INC. and TIME WARNER CABLE ENTERPRISES LLC, | § § § § | |
|     *Defendants* | § § | |
| CONSTELLATION TECHNOLOGIES LLC, | § § § | CIVIL NO. 2:13-CV-1080 |
|     *Plaintiff* | § § | |
| V. | § § | CONSOLIDATED FOR PRETRIAL |
| WINDSTREAM HOLDINGS, INC., WINDSTREAM CORPORATION, and WINDSTREAM COMMUNICATIONS, INC., | § § § § § | PURPOSES |
|     *Defendants* | § § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Constellation Technologies LLC ("Constellation"), Defendants Time Warner Cable Inc. and Time Warner Cable Enterprises LLC (collectively, "Time Warner Cable"), and Windstream Holdings, Inc., Windstream Corporation, and Windstream Communications, Inc. (collectively, "Windstream"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party, or of any person who is not a Party to this Action ("Third Party") to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").

2.  Any document produced before issuance of this Order shall be treated in accordance with Patent Rule 2-2 unless and until such document is designated under this Order.

3.  With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any

---

[1] The term DESIGNATED MATERIAL is used throughout this Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 14 herein:

(a)    outside counsel of record in this Action for the Parties;

(b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action and service vendors of such counsel (including outside copying services and outside litigation support services such as graphics design, jury consultants, translators and interpreters) assisting in the conduct of the Action;

(c)    up to and including two (2) designated in-house counsel for each of the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, and who have completed the Undertaking attached as Exhibit A hereto and the same is served upon the Producing Party;

(d)     up to and including three (3) designated representatives of each of the Parties who have completed the Undertaking attached as Exhibit A hereto and the same is served upon the Producing Party, to the extent reasonably necessary for the litigation of this Action, except that either Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent;

(e)     outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the Producing Party with (a) a current curriculum vitae of the consultant or expert, (b) disclosure of the consultant's or expert's employment and/or retentions for at least the past four years, (c) disclosure of the consultant's or expert's publications for the last eight years, and (d) disclosure of any legal action (by name and number of the case and court) in connection with which the consultant or expert was retained or testified at trial or by deposition during the past four years, at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)     the Court and any of its staff and administrative personnel, and Court reporters, videographers, or stenographers employed to transcribe or record the testimony at a deposition or trial, assigned mediators, and any other essential personnel retained by the Court; and

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

(h)  Any other person only upon order of the Court or upon stipulation of the Designating Party.

6.  A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.  Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.  To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," which designation is reserved for "CONFIDENTIAL INFORMATION" that constitutes or contains trade secrets or other non-public, highly sensitive, commercially competitive, confidential research, development, technical, business, and/or financial information that has not become public, the disclosure of which is likely to cause harm to the competitive position of the Producing Party, including but

not limited to information protected from disclosure by a current Nondisclosure Agreement ("NDA"); pending but unpublished patent applications; information concerning research, development and other activities related to unreleased products; license agreements; and settlement agreements. In determining whether information should be designated as "RESTRICTED - ATTORNEYS' EYES ONLY," each party agrees to use such designation only in good faith.  To the extent such Protected Material includes computer source code (that is, un-compiled source files, make files, header files, project files or IDE files, intermediate output files, resource files, library files, module definition files, map files, linker files, browse info files, and debug file, regardless of the data file format or programming language used to develop such files), configuration data (i.e., data residing in and utilized by a device while in operate on to specify the behavior or operation of the device), and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the Producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.  For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10.  For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)  Access to a Party's Source Code Material shall be provided on one "stand-alone" computer (that is, any such computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).  To the extent, based on the volume or nature of Source Code made available for inspection, the receiving Party believes in good faith that a second stand-alone computer is necessary, the receiving Party may request a second stand-alone computer, and the Producing

Party shall not unreasonably deny such a request.  Any stand-alone computer may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (i and m) below.  Additionally, except as provided in paragraph 10(m) below, any stand-alone computer may only be located (i) with respect to Windstream, at the Los Angeles, California offices of Norton Rose Fulbright, and (ii) with respect to Time Warner Cable and any Third Party, at a bona fide source code escrow located in Los Angeles, California and procured and paid for by Constellation. The parties need not seek leave of Court if they mutually agree on production at another location.

(b)     The receiving Party's outside counsel, experts, and/or consultants may request that commercially available software tools for viewing and searching Source Code Material be installed on any stand-alone computer, provided, however, that such other software tools are reasonably necessary for the receiving Party to perform its review of the Source Code Material consistent with all of the protections herein.  Specific tools may include but are not limited to: SciTools Understand, Notepad++, Beyond Compare, XCode tools, Visual Slick Edit, Source-Navigator, PowerGrep, ExarnDiffPro, Sigasi, UltraEdit Studio, Graphviz, Eclipse, or other similar programs.  The receiving Party must provide the Producing Party with the CD or DVD containing such software tool(s), or links to a public location from which such software tool(s) may be downloaded, and any necessary licenses, at least seven (7) days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on any stand-alone computer.  Laptops may be used during inspection of Source Code Material, provided any such use is consistent with the provisions of this Order.  The receiving Party's outside counsel and retained experts or consultants otherwise allowed to view Source Code Material shall be entitled to take notes relating to the Source Code Material provided, however, that no one may copy more than five (5) continuous lines of Source Code Material into said notes.  The receiving Party's outside counsel and retained experts or consultants shall maintain any such notes in a secure location when an authorized person is not reviewing the Source Code Material.

(c)     In order to verify that its Source Code Material has not later been altered, the Producing Party may benchmark the materials to confirm that the materials have not been altered before and after they are provided but shall not install any keystroke or other monitoring software on any stand-alone computer;

(d)     The receiving Party shall make reasonable efforts to restrict its requests for such access to any stand-alone computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 7:00 p.m.  However, upon reasonable notice from the receiving Party, the Producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to any stand-alone computer outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving

Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(e)     The Producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate any stand-alone computer in order to access the produced Source Code Material;

(f)     The Producing Party shall produce Source Code Material, on any stand-alone computer as described above, in computer searchable format. Additionally, Source Code Material shall be produced in the form in which it is maintained in the ordinary course of the Producing Party's business. In the event that Source Code Material is stored by the Producing Party in the ordinary course of its business in compiled form, or a form that otherwise requires extraction from a form that is not human-readable, the Producing Party may produce Source Code Material in such extracted form. Notwithstanding the foregoing, a Producing Party may not under any circumstance convert into imaged form, including any searchable imaged form, any Source Code Material produced on any stand-alone computer;

(g)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to individuals listed in paragraphs 5(a-b) and (e-g). A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(h)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(i)     Except as set forth in this paragraph, and in paragraph 10(m) below, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(j)     At the receiving Party's request, absent objection by the Producing Party as provided below, the Producing Party shall within five (5) business days provide one (1) hard copy print-out of the specific lines, pages, files, or filepaths of Source Code Material that the receiving Party believes in good faith are necessary to understand a relevant feature of an accused instrumentality, along with a native Microsoft Excel file that lists the filepath and filename, as they appear on any stand-alone computer, of each requested file, correlated to the beginning Bates number of the corresponding print-out. Alternatively, the Producing Party may brand printouts with the filepath and filename of each file, as it appears on any

stand-alone computer. Printouts shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." If the Producing Party objects that the requested printouts are not reasonably necessary to any case preparation activity, the Producing Party shall object in writing to the receiving Party within two (2) business days of the request. The parties shall meet and confer within two (2) business days of any such objection. If after meeting and conferring the Producing Party and the receiving Party cannot resolve the objection, the objections may be submitted to the Court for resolution within two (2) business days of the meet and confer. The Producing Party shall have the burden to move the Court and show that the request is unreasonable. Contested source code printouts need not be produced to the receiving Party until the matter is resolved by agreement or Court order, provided however that the Producing Party's failure to submit its objections to the Court for resolution within the time prescribed above shall be deemed a waiver of those objections, and the requested printouts must be provided within five (5) business days of the meet and confer. The receiving Party may make up to four (4) copies of any Source Code printouts, provided that all copies are uniquely numbered, tracked, and provided the same protections and limitations as original Source Code documents as disclosed herein;

(k) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(l) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); (iii) the Court for any filing(s) related to the Source Code Material, filed under court seal; and (iv) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);

(m) A Producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(g) above to another person authorized under paragraph 10(g) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s), filings, or deposition(s) as set forth in paragraph 10(l) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer; and

(n)   The Producing Party shall, on request, make a native, searchable electronic copy of the Source Code Material available on a stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code Material.  The receiving Party shall make such requests seven (7) calendar days before the deposition.  A Producing Party shall make reasonable efforts to comply with such a request made less than seven (7) calendar days before a deposition, provided the request is made in good faith and could not reasonably under the circumstances have been made sooner.

11.   Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- SUBJECT TO PROSECUTION BAR ("PROSECUTION BAR MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's PROSECUTION BAR MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application of any patent relating to technology that is the subject matter of the PROSECUTION BAR MATERIAL on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to PROSECUTION BAR MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application of any patent pertaining to the field of invention of the patent-in-suit.  For the avoidance of doubt, nothing in this provision shall preclude any person who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's PROSECUTION BAR MATERIAL under this Order from participating in any post-grant proceeding, except that such persons may not directly or indirectly assist in drafting, amending or proposing for substitution patent claims in any post-grant proceeding.  In determining whether

- 10 -

information should be designated as "RESTRICTED -- SUBJECT TO PROSECUTION BAR," each party agrees to use such designation only in good faith, and only with respect to technical information that discloses the details of the design or operation of current or future commercial products or services, including but not limited to products and services that are accused of infringement in this Action or that practice the patents asserted in this Action, and which information constitutes trade secret, highly sensitive, commercially competitive information.

12.    The production or disclosure of any information (including documents) in this Action that a Producing Party later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection. A Producing Party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return. If a receiving Party receives information that the receiving Party believes may be subject to a claim of privilege or protection from discovery, the receiving Party shall promptly identify the information to the Producing Party. When a Producing Party or receiving Party identifies such privileged or protected information, a receiving Party: 1) shall not use, and shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to which the receiving Party disclosed the information; 3) shall within five (5) business days of the Producing Party's request return to the Producing Party or destroy the information and destroy all copies thereof; and 4) shall confirm to the Producing Party the destruction under 3) above of all copies of the information not returned to the Producing Party. No one shall use the fact or circumstances of production of the information in this Action to

argue that any privilege or protection has been waived. Within fourteen (14) days after a Producing Party or receiving Party identifies the information, and not thereafter, the receiving Party may file a motion to compel the production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this Action. The Producing Party and the receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel. Notwithstanding this provision, no Party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

13.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is:  (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) counsel for a

Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Native Files. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains CONFIDENTIAL, CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, or CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 5(e), or for any other reason consistent with the provisions of this Protective Order, the party printing the electronic files or

documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

17.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.   The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and

the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20. The following are examples of information that is not "CONFIDENTIAL INFORMATION," except to the extent such materials are inextricably intertwined with other Protected Material:

(a) Information that has been discerned through legal examination of the accused product itself without the use of defendants' Protected, Confidential, or Highly Confidential - Attorneys' Eyes Only Information;

(b) Published advertising materials that have been preserved in their original published form and bear no additional information that might reflect Protected Material;

(c) Any information which is or, after its disclosure to a receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order, provided that the receiving Party provides ten (10) days' notice to the Producing Party of and its intended disclosures outside the provisions of this Order, and provides the Producing Party an opportunity to move this Court for a further protective order to prevent such a disclosure;

(d) Any information that the receiving party can show by written records was already known to it prior to the disclosure, provided that it was either 1) received from the Producing Party and was not received under an obligation of confidentiality to the Producing Party, or 2) received from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party, provided that the receiving Party provides ten (10) days' notice to the Producing Party of and its intended disclosures outside the provisions of this Order, and provides the Producing Party an opportunity to move this Court for a further protective order to prevent such a disclosure;

(e) Any information which the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party, provided that the receiving Party provides ten (10) days' notice to the Producing Party of and its intended disclosures outside the provisions of this Order, and provides the Producing Party an opportunity to move this Court for a further protective order to prevent such a disclosure; and

(f) Any information which the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's "CONFIDENTIAL INFORMATION," provided that the receiving Party provides ten (10) days' notice to the Producing Party of and its intended disclosures outside the provisions of this Order, and provides the

Producing Party an opportunity to move this Court for a further protective order to prevent such a disclosure.

21. Notwithstanding any other provision of this Order, the existence of unconfirmed information in the public domain, such as rumors or speculation as to the existence or operation of a product, even if consistent with Protected Information, shall not affect the status of information that is otherwise protectable as Protected Information and does not cause the Protected Information to be considered public or publicly available for purposes of this Order.

22. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

23. It is expressly contemplated that the protections and obligations provided under this Order apply to non-parties who produce or otherwise provide Protected Material. Reference herein to a Producing Party is meant to include any Third Party who designates materials or information under this Order.

24. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all

documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

25.  Within 60 days after the later of: 1) dismissal of all claims and defenses in this Action, with or without prejudice; or 2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, each Party must return all materials designated by any other Producing Party or Third Party under this Order to the Producing Party or Third Party, or destroy such material, including all copies thereof, and provide to the Producing Party or Third Party a written certification of compliance with this provision.  Notwithstanding this provision, outside counsel for a Party or Third Party are entitled to retain archival copies of all pleadings, filings, or other documents served by or on any Party or Third Party, trial, deposition, and hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, and exhibits to any of these materials, even if such materials reflect materials designated under this Order.  Notwithstanding this provision, no Party or Third Party shall be required to return or destroy any materials designated under this Order that may exist on any disaster recovery backup system.  Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Order.

26.  The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and

material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL. In the event such an application is made, all persons described therein shall be bound by the terms of this Order unless and until it is modified by the Court.  This Order is also subject to revocation or modification by written agreement of the Parties (or, as applicable, the Parties and non-parties).

31.     In addition to the provisions of paragraph 5(c), "CONFIDENTIAL" documents, information and material may be disclosed to Third Parties who are identified to the Producing Party and represented in good faith by the receiving Party to be a vendor or it supplier of equipment that is part of systems or services accused of infringement in this Action ("Designated Vendor/Supplier") at least ten (10) days before access to the "CONFIDENTIAL" documents, information and material is to be given.  Prior to the expiration of the ten (10) day period, the Producing Party may object to disclosure of "CONFIDENTIAL" documents, information and material to the Designated Vendor/Supplier solely on the ground that the Designated Vendor/Supplier is not in fact a vendor or supplier of an instrumentality or functionality that is accused of infringement in this Action.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order.  Absent objection within the ten (10) day period, or upon resolution of any objection by agreement or Court order, access to "CONFIDENTIAL" documents, information and material by a Designated Vendor/Supplier shall be limited to one (1) designated in-house counsel for the Designated Vendor/Supplier, provided that, prior to any such access, any such counsel has completed the Undertaking attached as Exhibit A hereto and the same is served upon the Producing Party.  The provision of information pursuant to this paragraph shall not be deemed an admission that any supplier or vendor is a proper party to this Action.

Case 09-10138-MFW   Doc 14552-4   Filed 10/14/14   Page 21 of 23

32.     To the extent any Protected Material reflects information that is confidential to a Third Party, including but not limited to confidential documents produced by a Third Party in response to a subpoena, or documents in the possession, custody, or control of a Party that are subject to an obligation of confidentiality owed to a Third Party, the Producing Party may designate such Protected Material "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY."  For Protected Material designated RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g).

**SIGNED this 23rd day of June, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CONSTELLATION TECHNOLOGIES LLC, | § § § § § § § § § § § | CIVIL NO. 2:13-CV-1079 |
| *Plaintiff* | | |
| V. | | |
| TIME WARNER CABLE INC. and TIME WARNER CABLE ENTERPRISES LLC, | | |
| *Defendants* | | |
| CONSTELLATION TECHNOLOGIES LLC, | § § § § § § § § § § § § § § § | CIVIL NO. 2:13-CV-1080 |
| *Plaintiff* | | |
| V. | | CONSOLIDATED FOR PRETRIAL PURPOSES |
| WINDSTREAM HOLDINGS, INC., WINDSTREAM CORPORATION, and WINDSTREAM COMMUNICATIONS, INC., | | |
| *Defendants* | | |

**APPENDIX A**
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER


I, _____ declare that:

1.     My address is _____.     My current employer is

_____. My current occupation is _____.

2.     I have received a copy of the Protective Order in this Action.  I have carefully read and

understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____