# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CONSTELLATION TECHNOLOGIES LLC,<br><br>*Plaintiff*<br><br>vs.<br><br>TIME WARNER CABLE INC. and TIME WARNER CABLE ENTERPRISES LLC,<br><br>*Defendants* | Civil Action No. 2:13-CV-1079-RSP<br><br>**LEAD CASE** |

## **ESI ORDER**

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the court's discretion or by agreement of Plaintiff Constellation Technologies LLC ("Constellation"), Defendants Time Warner Cable Inc. and Time Warner Cable Enterprises LLC ("TWC"), and Defendants Windstream Holdings, Inc., Windstream Corporation, and Windstream Communications, Inc. ("Windstream") ("the parties"). Any dispute concerning this order or any provision of this order, shall be resolved under the procedures in paragraph 9 of the Discovery Order (Dkt. 96.)

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. The parties shall produce metadata associated with any ESI production according to Exhibit 1 to the Discovery Order (Dkt. 98.) Nothing in this Order or the Discovery Order

3077657

shall require the parties to create metadata that does not already exist in the normal course of business. Nothing in this Order shall impact the parties' rights or obligations under Exhibit 1 to the Discovery Order (Dkt. 98.)

5. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

   A. **Form Of Production.** The parties shall produce ESI documents according to Exhibit 1 to the Discovery Order (Dkt. 98.) Nothing in this Order shall impact the parties' rights or obligations under Exhibit 1 to the Discovery Order (Dkt. 98.)

   B. **No Backup Restoration Required**. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

   C. **Voicemail and Mobile Devices**. Absent a showing of good cause, voicemails, PDAs, and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

7. Each party shall provide a specific listing and identification[1] of the most significant e-mail custodians in view of (1) the pleaded claims and defenses, (2) infringement

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, (3) invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and (4) preliminary information relevant to damages as follows: TWC shall identify the twenty-five (25) most significant TWC email custodians; Windstream shall identify the twenty-five (25) most significant Windstream email custodians; and Constellation shall identify the twenty-five (25) most significant Constellation email custodians.[2] Constellation email custodians shall additionally include persons, to the extent known to Constellation, employed by non-parties Rockstar Consortium US LP and Rockstar Consortium Inc.  Nothing in this Order shall impact any rights of or impose any obligations on non-parties Rockstar Consortium US LP or Rockstar Consortium Inc.  The exchange of this information shall occur five (5) business days after this Order is entered by the Court.

8. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Constellation shall limit its e-mail production requests to TWC to a total of twenty (20) TWC custodians for all such requests.  Constellation shall limit its e-mail production requests to Windstream to a total of twenty (20) Windstream custodians for all such requests. Each of TWC and Windstream shall individually limit each of their e-mail production requests to Constellation to a total of ten (10) Constellation custodians for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing

---

[2] Constellation has raised the issue that it may not have 25 (or, in fact, even 10) significant e-mail custodians in total. (Dkt. 104-2 at 4.) Although it should go without saying, the Court intends that the limits set forth herein apply to the extent at least that number of relevant e-mail custodians exist. In other words, if any party has only 10 e-mail custodians in total, it should simply affirm as much and identify those 10.

- 3 -

party, upon showing a distinct need based on the size, complexity, and issues of this specific case, in a brief joint submission.

9.      Each requesting party shall limit its e-mail production as follows: Constellation shall limit its e-mail production requests to Windstream to a total of fifteen (15) search terms per Windstream custodian;  Constellation shall limit its e-mail production requests to TWC to a total of fifteen (15) search terms per TWC custodian; TWC shall limit its e-mail production requests to Constellation to a total of ten (10) search terms per Constellation custodian; and Windstream shall further limit its e-mail production requests to Constellation to a total of ten (10) search terms per Constellation custodian.  The parties may jointly agree to modify these limits without the court's leave.  The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case, in a brief joint submission. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name, its product name, or its patents are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10.     Within ten (10) business days of receipt of e-mail production requests, the parties shall diligently meet and confer regarding the email production requests, including the issues

- 4 -

set forth in Paragraphs 8 and 9.  The parties shall continue to meet and confer as needed, and shall submit any disputes that may arise under this paragraph to the Court for resolution in a brief joint submission.

11.     Discovery of any non-email ESI shall proceed under paragraph 3 of the Discovery Order (Dkt. 96).  To the extent that a producing party elects to use search terms to search for documents in an electronic repository (other than emails), the producing party shall notify the receiving party of that intent, and provide an identification of the repository.  The receiving party may propose search terms for that repository under the same guidelines for search terms as paragraph 9.  Within ten (10) business days of providing such terms, the parties shall diligently meet and confer regarding search terms.  The parties shall continue to meet and confer as needed, and shall submit any disputes that may arise under this paragraph, including disputes regarding a producing party's election to use search terms to search for documents in an electronic repository, to the Court for resolution in a brief joint submission.

12.     Each party shall describe any ESI documents withheld for privilege on the privilege log prescribed by paragraph 6 of the Court's Discovery Order (D.I. 96), excepting any documents created on or after December 11, 2013.  The parties reserve the right to seek a privilege log for documents withheld for privilege that are created after December 11, 2013.

13.     The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

14. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**SIGNED this 25th day of September, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE