# Exhibit 6A

Case 09-10138-MFW   Doc 14552-7   Filed 10/14/14   Page 2 of 12

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CONSTELLATION TECHNOLOGIES LLC, | § § § | |
| | § | CIVIL NO. 2:13-CV-1079 |
| *Plaintiff* | § § | |
| | § | |
| V. | § | |
| | § | |
| TIME WARNER CABLE INC. and TIME WARNER CABLE ENTERPRISES LLC, | § § § | |
| | § | |
| *Defendants* | § § | |
| | § | |
| CONSTELLATION TECHNOLOGIES LLC, | § § § | |
| | § | CIVIL NO. 2:13-CV-1080 |
| *Plaintiff* | § § | |
| | § | |
| V. | § | |
| | § | CONSOLIDATED FOR PRETRIAL |
| WINDSTREAM HOLDINGS, INC., WINDSTREAM CORPORATION, and WINDSTREAM COMMUNICATIONS, INC., | § § § § § | PURPOSES |
| | § | |
| *Defendants* | § § | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.    **Initial Disclosures.**   In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a)    the correct names of the parties to the lawsuit;

(b)    the name, address, and telephone number of any potential parties;

(c)      the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)      the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)      any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)      any settlement agreements relevant to the subject matter of this action; and

(g)      any statement of any party to the litigation.

2.    **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a)      if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)      for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

Case 09-10138-MFW   Doc 14552-7   Filed 10/14/14   Page 4 of 12

**3.**   **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the

following disclosures to every other party:

(a)   provide the disclosures required by the Patent Rules for the Eastern District of

Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a
> claim element is a software limitation, the party need not comply
> with P.R. 3-1 for those claim elements until 30 days after source
> code for each Accused Instrumentality is produced by the opposing
> party. Thereafter, the party claiming patent infringement shall
> identify, on an element-by-element basis for each asserted claim,
> what source code of each Accused Instrumentality allegedly
> satisfies the software limitations of the asserted claim elements.

> **P.R. 3-3(e)**: If a party claiming patent infringement exercises the
> provisions of P.R. 3-1(g), the party opposing a claim of patent
> infringement may serve, not later than 30 days after receipt of a
> P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that
> amend only those claim elements identified as software limitations
> by the party claiming patent infringement.

(b)   produce or permit the inspection of all documents, electronically stored

information, and tangible things in the possession, custody, or control of the party

that are relevant to the pleaded claims or defenses involved in this action, except

to the extent these disclosures are affected by the time limits set forth in the Patent

Rules for the Eastern District of Texas; and

(c)   provide a complete computation of any category of damages claimed by any party

to the action, and produce or permit the inspection of documents or other

evidentiary material on which such computation is based, including materials

bearing on the nature and extent of injuries suffered, except that the disclosure of

---

[1]  The Court anticipates that this disclosure requirement will obviate the need for requests
for production.

the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**4.**     **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

**5.**     **Discovery Limitations.**  The discovery in this case is limited to the disclosures described in Paragraphs 1-3 together with interrogatories, requests for admission, fact witness depositions, depositions on written questions, requests for inspection, and expert discovery, subject to the limitations set forth in this paragraph.  For purposes of this paragraph, "Constellation" means Constellation Technologies LLC; "TWC" means, collectively, Time Warner Cable Inc. and Time Warner Cable Enterprises LLC and their affiliates; "Windstream" means, collectively, Windstream Holdings, Inc., Windstream Corporation, and Windstream Communications, Inc. and their affiliates; "Defendants" means, collectively, TWC and Windstream. Any party may later move to modify these limitations for good cause:

(a)     **Interrogatories.** Plaintiff may serve up to 10 common interrogatories stated identically on Defendants, and Plaintiff further may serve up to 20 additional interrogatories on TWC, and up to 20 additional interrogatories on Windstream. Defendants may collectively serve up to 10 common interrogatories stated identically on Plaintiff, and TWC and Windstream further may each individually serve up to 20 additional interrogatories on Plaintiff.

(b)     **Requests for Admission.** Plaintiff may serve up to 30 joint requests for admission and each serve up to 15 individual joint requests for admission on each Defendant individually (excluding requests solely for authentication of documents, which shall be unlimited), and Defendants may serve up to 30 joint

- 4 -

requests for admission and each serve up to 15 individual joint requests for admission on Plaintiff (excluding requests solely for authentication of documents, which shall be unlimited).

(c) **Fact Depositions.** Constellation may take up to 50 hours of combined 30(b)(6) and 30(b)(1) depositions of TWC and 50 hours of combined 30(b)(6) and 30(b)(1) depositions Windstream. Each of TWC and Windstream may take up to 50 hours of combined 30(b)(6) and 30(b)(1) depositions of Constellation. Third-party depositions shall be limited to 40 hours for Plaintiff and 60 hours for Defendants jointly, absent leave of Court. For the avoidance of doubt, the 31 named inventors of the patents-in-suit shall be deemed third-parties, unless they are employees of Constellation at the time of the deposition.

(d) **Depositions of Experts.** Depositions of experts shall be limited to one day of 7 hours, unless the parties agree to additional time or the expert has provided more than one expert report, in which case the expert may be deposed for an additional consecutive day of 7 hours for a total of up to 14 hours. Further, should an infringement or invalidity report address more than two patents, an additional three (3) hours per additional patent shall be permitted up to a total of 14 hours. The parties shall endeavor in good faith to resolve any reasonable requests for additional time with expert witnesses.

**6. Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or

Case 2:13-cv-01079-RSP   Document 96   Filed 06/24/14   Page 6 of 11 PageID #: 2366

Case 09-10138-MFW   Doc 14552-7   Filed 10/14/14   Page 7 of 12

information and the basis for any disputed claim of privilege in a manner that, without

revealing information itself privileged or protected, will enable the other parties to assess

the applicability of the privilege or protection. Any party may move the Court for an

order compelling the production of any documents or information identified on any other

party's privilege log. If such a motion is made, the party asserting privilege shall respond

to the motion within the time period provided by Local Rule CV-7. The party asserting

privilege shall then file with the Court within 30 days of the filing of the motion to

compel any proof in the form of declarations or affidavits to support their assertions of

privilege, along with the documents over which privilege is asserted for *in camera*

inspection.

7.      **Signature.** The disclosures required by this Order shall be made in writing and signed by

the party or counsel and shall constitute a certification that, to the best of the signer's

knowledge, information and belief, such disclosure is complete and correct as of the time

it is made. If feasible, counsel shall meet to exchange disclosures required by this Order;

otherwise, such disclosures shall be served as provided by Federal Rule of Civil

Procedure 5. The parties shall promptly file a notice with the Court that the disclosures

required under this Order have taken place.

8.      **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is

under a duty to supplement or correct its disclosures **immediately** if the party obtains

information on the basis of which it knows that the information disclosed was either

incomplete or incorrect when made, or is no longer complete or true.

Case 09-10138-MFW   Doc 14552-7   Filed 10/14/14   Page 8 of 12

9.    **Discovery Disputes.**

(a)    Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b)    In addition to the requirements of Local Rule CV-7(h) and (i), an opposed discovery-related motion must include a certification that an **in-person** conference involving lead and local counsel for all parties to the discovery dispute was held.

(c)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.     **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.     **Filings**.  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.     **Proposed Stipulations by the Parties Regarding Discovery.**

      (a) **Authenticity Of Party's Own Documents.**  If a document is produced directly from a party's files and is authored by that party, it will be presumptively deemed to be an authentic, genuine, true, and correct copy of the original document.  All other objections are reserved.  For purposes of this paragraph, a party includes all predecessors-in-interest, affiliates, and/or third parties with whom a party is or was in privity at the time the document was received by the producing party.

      (b) **Production Of Materials Obtained Via Third-Party Subpoena.**  A party who serves a subpoena in this matter on a third party shall immediately provide a copy to the other party.  A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within 3 business days.  Where reproduction of documents within 3 business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.

      (c) **Opinion Testimony of Fact Witnesses.** For purposes of paragraph 2 herein, any witness (including any fact witness) who intends to offer opinion testimony must

Case 09-10138-MFW   Doc 14552-7   Filed 10/14/14   Page 10 of 12

be disclosed to the other parties under Federal Rule of Civil Procedure 26(a)(2)(B) or (C) and Local Rule CV-26. No fact witness that has not submitted an expert disclosure shall be allowed to provide opinion testimony at trial.

(d) **Privilege Logs.** Privileged documents created on or after the filing date of the original complaint in this matter shall not be included in the privilege log, except to the extent otherwise agreed by the parties or ordered by the Court.

(e) **Limitations on Expert Discovery.** The following communications and materials relating to expert witnesses and consultants retained by the Parties in this litigation shall not be the subject of discovery or inquiry at trial: (a) drafts of any expert disclosures or analysis (including reports, declarations, affidavits, or any other form of testimony); (b) communications, whether written or oral, between or among any expert, consultant and/or counsel for the party retaining said expert; (c) notes or preparatory materials taken by or on behalf of any expert; (d) emails, lists, agendas, outlines, memoranda, presentations, and letters, whether in draft or any other form, that are provided to, or by or on behalf of, any expert; and, (e) any other types of preliminary work product created by or on behalf of any expert. The foregoing exemptions shall not apply to any communications or materials, including those listed above, on which any expert, in any disclosure, expressly relies as a basis for an opinion. Such communications or materials shall be subject to discovery and inquiry at trial. Communications and materials exempt from discovery under this provision shall be treated as attorney work product, and need not be listed on any privilege log.

Case 09-10138-MFW   Doc 14552-7   Filed 10/14/14   Page 11 of 12

(f) **Stipulation Regarding the Form of Document Production.**  The parties agree
to produce documents in the form or forms outlined in the stipulation attached as
Exhibit 1.

(g) **Service by Electronic Mail**. The Parties will make every effort to serve all
documents electronically, by e-mail or through ECF.  Parties may serve all
documents by e-mail by sending the documents to the email address for all
counsel of record in this case, or to an email address designated for service by a
party's outside counsel.  Documents are timely served by e-mail where the e-mail
is sent by 11:59 pm Central Time on the date due.  Documents e-mailed after 5:00
p.m. Central Time shall be deemed served on the following day for purposes of
calculating a response date to the document served.  For the avoidance of doubt,
Local Rule CV-6(a) (adding three days for purposes of computing time to act
within a specified time after service) applies to documents served by e-mail.

(h) **ESI Order.** The parties will submit an agreed ESI Order concerning the production of electrically stored information containing all the provisions that the parties agree on within thirty (30) days of the Court's entry of this Discovery Order. If there are provisions that the parties cannot agree on, the alternative provisions will also be submitted to the Court for resolution.

**IT IS SO ORDERED.**

**SIGNED this 23rd day of June, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE