# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CONSTELLATION TECHNOLOGIES LLC,<br><br>*Plaintiff*<br><br>vs.<br><br>TIME WARNER CABLE INC. and<br>TIME WARNER CABLE ENTERPRISES LLC,<br><br>*Defendants* | Civil Action No. 2:13-CV-1079-RSP<br><br>**CONSOLIDATED LEAD CASE**<br><br>**JURY TRIAL DEMANDED** |

**CONSTELLATION'S INITIAL DISCLOSURES TO TIME WARNER CABLE**

Constellation Technologies LLC ("Constellation") hereby makes the following initial disclosures pursuant to Paragraph 1 of the Court's Discovery Order. Constellation makes these disclosures based on the information reasonably available to Constellation as of the present date. No documents have been produced by TWC to date, and Constellation's investigation relating to this action is necessarily preliminary and ongoing. Constellation reserves the right to amend, supplement, or otherwise modify these disclosures. Constellation's initial disclosures are made without in any way waiving: (1) the right to object to the admission or discoverability of any materials or testimony identified herein on the grounds of competency, privilege, the work product doctrine, undue burden, relevancy and materiality, hearsay, or any other proper ground; (2) the right to object to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and/or (3) the right to object on any and all grounds, at any time, to any discovery request or proceeding involving or relating to the subject matter of these disclosures.

A.  **Correct Names of the Parties to the Lawsuit**

Constellation's name is Constellation Technologies LLC, as it is provided in the caption for this case. To Constellation's knowledge, the other parties to this lawsuit have also been correctly named.

B.  **Name, Address, and Telephone Number of Any Potential Parties**

Constellation is not aware of any potential parties to this matter that have not already been identified, but reserves the right to supplement its disclosures. Constellation, however, notes that during discovery, facts may disclose that additional affiliates of the Defendants may be involved in the operation or distribution of the infringing services and systems.

C.  **General Legal Theories and Factual Basis of Constellation's Claims**

Constellation contends that Time Warner Cable Inc. and Time Warner Cable Enterprises LLC (collectively, "TWC") have infringed and continue to infringe U.S. Patent No. 6,128,649 (the "'649 Patent"). The infringing conduct includes, among other things, operating, selling and offering to sell within the United States, without authority or license from Constellation, services that fall within the scope of one or more claims of the '649 patent.

Constellation further contends that TWC's acts of infringement have caused damage to Constellation, and that Constellation is entitled to recover from TWC the damages sustained by Constellation as a result of these infringing acts. Because TWC's infringement of the '649 patent was and is willful and deliberate, Constellation is entitled to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action, under 35 U.S.C. § 285. Constellation also contends that TWC's infringement has caused and is causing irreparable harm to Constellation for which there is no adequate remedy at law.

Constellation contends that TWC has infringed and continues to infringe U.S. Patent No. 6,845,389 (the "'389 Patent"). The infringing conduct includes, among other things, operating,

selling and offering to sell within the United States, without authority or license from Constellation, services that fall within the scope of one or more claims of the '389 patent.

Constellation further contends that TWC's acts of infringement have caused damage to Constellation, and that Constellation is entitled to recover from TWC the damages sustained by Constellation as a result of these infringing acts.  Because TWC's infringement of the '389 patent was and is willful and deliberate, Constellation is entitled to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action, under 35 U.S.C. § 285. Constellation also contends that TWC's infringement has caused and is causing irreparable harm to Constellation for which there is no adequate remedy at law.

Constellation contends that TWC has infringed and continues to infringe U.S. Patent No. 6,901,048 (the "'048 Patent").  The infringing conduct includes, among other things, operating, selling and offering to sell within the United States, without authority or license from Constellation, services that fall within the scope of one or more claims of the '048 patent.

Constellation further contends that TWC's acts of infringement have caused damage to Constellation, and that Constellation is entitled to recover from TWC the damages sustained by Constellation as a result of these infringing acts.  Because TWC's infringement of the '048 patent was and is willful and deliberate, Constellation is entitled to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action, under 35 U.S.C. § 285. Constellation also contends that TWC's infringement has caused and is causing irreparable harm to Constellation for which there is no adequate remedy at law.

Constellation contends that TWC has infringed and continues to infringe U.S. Patent No. 7,154,879 (the "'879 Patent").  The infringing conduct includes, among other things, operating, selling and offering to sell within the United States, without authority or license from Constellation, services that fall within the scope of one or more claims of the '879 patent.

Constellation further contends that TWC's acts of infringement have caused damage to Constellation, and that Constellation is entitled to recover from TWC the damages sustained by Constellation as a result of these infringing acts. Because TWC's infringement of the '879 patent was and is willful and deliberate, Constellation is entitled to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action, under 35 U.S.C. § 285. Constellation also contends that TWC's infringement has caused and is causing irreparable harm to Constellation for which there is no adequate remedy at law.

Constellation contends that TWC has infringed and continues to infringe U.S. Patent No. 8,134,917 (the "'917 Patent"). The infringing conduct includes, among other things, operating, selling and offering to sell within the United States, without authority or license from Constellation, services that fall within the scope of one or more claims of the '917 patent.

Constellation further contends that TWC's acts of infringement have caused damage to Constellation, and that Constellation is entitled to recover from TWC the damages sustained by Constellation as a result of these infringing acts. Because TWC's infringement of the '917 patent was and is willful and deliberate, Constellation is entitled to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action, under 35 U.S.C. § 285. Constellation also contends that TWC's infringement has caused and is causing irreparable harm to Constellation for which there is no adequate remedy at law.

Constellation contends that TWC has infringed and continues to infringe U.S. Patent No. 8,464,299 (the "'299 Patent"). The infringing conduct includes, among other things, operating, selling and offering to sell within the United States, without authority or license from Constellation, services that fall within the scope of one or more claims of the '299 patent.

Constellation further contends that TWC's acts of infringement have caused damage to Constellation, and that Constellation is entitled to recover from TWC the damages sustained by Constellation as a result of these infringing acts. Because TWC's infringement of the '299 patent was

and is willful and deliberate, Constellation is entitled to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action, under 35 U.S.C. § 285. Constellation also contends that TWC's infringement has caused and is causing irreparable harm to Constellation for which there is no adequate remedy at law.

### D.  Name, Address and Telephone Number of Persons Having Knowledge of Relevant Facts

Constellation identifies the following individuals, to the extent currently known to Constellation, as likely to have discoverable information relating to this litigation. The following disclosures do not include expert witnesses, who will be identified at a later date in accordance with Paragraph 2 of the Court's Discovery Order.

In providing this information, Constellation is not waiving any applicable privilege or work product protection, and no current or former Constellation employee or consultant may be contacted without the prior consent of Constellation's counsel. Constellation believes that there are additional witnesses with information relating to this litigation whose identity has not yet been ascertained. Constellation expressly reserves the right to identify, seek discovery from or call additional witnesses if, during the course of discovery and investigation relating to this case, Constellation learns that such additional individuals have relevant knowledge.

Additionally, the individuals identified below as inventors on the Constellation patents-in-suit, as well those identified as former Nortel employees, possess privileged and proprietary information owned and controlled by Constellation and/or its parent. Those individuals should be contacted through Irell & Manella LLP.

| Name and address of individual | Summary of information |
|---|---|
| John Garland<br>c/o Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>(310) 277-1010 | Mr. Garland is President of Constellation, and has information related to Rockstar Consortium's ("Rockstar") and Constellation's business activities, technologies, patents, acquisitions, and licensing activities. |
| Donald Powers<br>c/o Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>(310) 277-1010 | Mr. Powers is an attorney and Litigation Counsel at Rockstar. He is also a former Nortel employee and has knowledge of Nortel's previous business activities, technologies, patents, acquisitions, and licensing. |
| Chad Hilyard<br>c/o Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>(310) 277-1010 | Mr. Hilyard is an attorney and Chief Intellectual Property Counsel at Rockstar, with information related to Rockstar's and Constellation's respective patents, acquisitions, and licensing activities. |
| Alfi Guindi<br>c/o Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>(310) 277-1010 | Mr. Guindi is an attorney and Senior IP Counsel at Rockstar, with information related to Rockstar's and Constellation's respective patents and licensing activities. |
| John Veschi<br>c/o Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>(310) 277-1010 | Mr. Veschi is an attorney and Chief Executive Officer of Rockstar, with information related to Rockstar's and Constellation's respective business activities, patents, acquisitions, and licensing activities. He is also a former Nortel employee and has knowledge of Nortel's previous business activities, technologies, patents, acquisitions, and licensing activities. |
| Gillian McColgan<br>c/o Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>(310) 277-1010 | Ms. McColgan is Chief Technology Officer of Rockstar, with information related to Rockstar's and Constellation's respective business activities, technologies, patents, acquisitions, and licensing activities. She is also a former Nortel employee and has knowledge of Nortel's previous business activities, technologies, patents, acquisitions, and licensing activities. |

| Name and address of individual | Summary of information |
|---|---|
| Bernard Tiegerman<br>c/o Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>(310) 277-1010 | Mr. Tiegerman is an attorney and Senior Patent Counsel at Rockstar, with information related to Rockstar's and Constellation's respective patents, acquisitions, and licensing activities. He is also a former Nortel patent attorney and has knowledge of Nortel's previous patent-related activities, policies, and procedures. |
| Randy Mishler<br>c/o Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>(310) 277-1010 | Mr. Mishler is a member of Rockstar's Board, with information related to Rockstar's history. He is also a former Nortel patent attorney. |
| Kasim Alfalahi<br>c/o Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>(310) 277-1010 | Mr. Alfalahi is a member of Rockstar's Board, with information related to Rockstar's history. |
| Art Fisher<br>Dallas, TX area | Mr. Fisher is a former Nortel employee and likely has information related to Nortel's past patent holdings and IP licensing activities, policies, and procedures. |
| Richard Weiss<br>McKinney, TX | Mr. Weiss is a former Nortel employee and likely has information related to Nortel's past patent holdings and IP licensing activities, policies, and procedures. |
| Former directors and employees of Nortel Networks, related entities, predecessors and successors in interest. | Constellation anticipates that individuals not yet identified possess discoverable information regarding the Constellation patents-in-suit; including, *inter alia*, including information related to the invention and licensing of the Constellation patents-in-suit. |
| Russell W. Pretty<br>Ottawa, Canada | Mr. Pretty is a named inventor on the '048 and likely has information regarding that patent, as well as the history of Nortel. |
| Keith M. Smith<br>Toronto, Canada | Mr. Smith is a named inventor on the '048 and likely has information regarding that patent, as well as the history of Nortel. |
| Sanjoy Sen<br>Gurgaon, India | Mr. Sen is a named inventor on the '389 patent and likely has information regarding that patent, as well as the history of Nortel. |

| Name and address of individual | Summary of information |
|---|---|
| Venson Shaw<br>Seattle, WA | Mr. Shaw is a named inventor on the '389 patent and likely has information regarding that patent, as well as the history of Nortel. |
| Hrishikesh Gossain<br>Santa Barbara, CA | Mr. Gossain is a named inventor on the '389 patent and likely has information regarding that patent, as well as the history of Nortel. |
| Thinh Nguyen<br>Montreal, Canada | Mr. Nguyen is a named inventor on the '389 patent and likely has information regarding that patent, as well as the history of Nortel. |
| Guo Qiang Q. Wang<br>Ottawa, Canada | Mr. Wang is a named inventor on the '048 patent and likely has information regarding that patent, as well as the history of Nortel. |
| Kent Felske<br>Ottawa, Canada | Mr. Felske is a named inventor on the '048 patent and likely has information regarding that patent, as well as the history of Nortel. |
| Wenfeng Chen<br>Ottowa, Canada | Mr. Chen is a named inventor on the '048 patent and likely has information regarding that patent, as well as the history of Nortel. |
| Chenjiang Hu<br>Unknown | Mr. Hu is a named inventor on the '048 patent and likely has information regarding that patent, as well as the history of Nortel. |
| Liangyu L. Jia<br>San Francisco Bay area, CA | Mr. Jia is a named inventor on the '048 patent and likely has information regarding that patent, as well as the history of Nortel. |
| David Mann<br>Ottawa, Canada | Mr. Mann is a named inventor on the '879 patent and likely has information regarding that patent, as well as the history of Nortel. |
| Robert Pfeffer<br>St. Paul, Minnesota | Mr. Pfeffer is a named inventor on the '879 patent and likely has information regarding that patent, as well as the history of Nortel. |
| Brian Unitt<br>Herts, United Kingdom | Mr. Unitt is a named inventor on the '879 patent and likely has information regarding that patent, as well as the history of Nortel. |
| Andre N. Fredette<br>Raleigh-Durham, NC | Mr. Fredette is a named inventor on the '917 patent and likely has information regarding that patent, as well as the history of Nortel. |
| Loa Andersson<br>Stockholm, Sweden | Mr. Andersson is a named inventor on the '917 patent and likely has information regarding that patent, as well as the history of Nortel. |

| Name and address of individual | Summary of information |
|---|---|
| Naganand Doraswamy<br>Bangalore, India | Mr. Doraswamy is a named inventor on the '917 patent and likely has information regarding that patent, as well as the history of Nortel. |
| Anoop Ghanwani<br>Sacramento, CA | Mr. Ghanwani is a named inventor on the '917 patent and likely has information regarding that patent, as well as the history of Nortel. |
| Rolf G. Meier<br>Ottawa, Canada | Mr. Meier is a named inventor on the '299 patent and likely has information regarding that patent, as well as the history of Nortel. |
| Tim J. Rahrer<br>Ottawa, Canada | Mr. Rahrer is a named inventor on the '299 patent and likely has information regarding that patent, as well as the history of Nortel. |
| Wei Wei Jeang<br>Andrews Kurth<br>1717 Main Street<br>Suite 3700<br>Dallas, TX 75201<br>(214) 659-4688 | Ms. Jeang is an attorney who was involved in the prosecution of the '389 patent and likely has information related thereto. |
| Holmes Anderson<br>Anderson Gorecki & Rouille LLP<br>33 Nagog Park<br>Acton, MA 01720-3421<br>(978) 264-4001 | Mr. Anderson is an attorney who was involved in the prosecution of the '917 patent and likely has information related thereto. |
| Lindsay G. McGuinness<br>Boston, MA | Ms. McGuinness is an attorney who was involved in the prosecution of the '048 patent and likely has information related thereto. |
| Anthony J. Josephson<br>Withrow & Terranova PLLC<br>100 Regency Forest Drive<br>Suite 160<br>Cary, NC 27518<br>(919) 238-2300 | Mr. Josephson is an attorney who was involved in the prosecution of the '299 patent and likely has information related thereto. |
| Angela C. de Wilton<br>Ottawa, Canada | Ms. de Wilton is an attorney who was involved in the prosecution of the '649 patent and likely has information related thereto. |

| Name and address of individual | Summary of information |
|---|---|
| William M. Lee, Jr.<br>Barnes & Thornburg LLP<br>One North Wacker Drive<br>Suite 4400<br>Chicago, IL 60606-2833<br>(312) 214-4800 | Mr. Lee is an attorney who was involved in the prosecution of the '879 patent and likely has information related thereto. |
| Current and former directors and employees of Time Warner Cable Inc., related entities, predecessors and successors in interest. | Information regarding, *inter alia*, the design, development, manufacture, marketing, sale, licensing, distribution and operation of TWC services accused of infringing the Constellation patents-in-suit, and awareness of Constellation and its patents. |
| Current and former directors and employees of Time Warner Cable Enterprises LLC, related entities, predecessors and successors in interest. | Information regarding, *inter alia*, the design, development, manufacture, marketing, sale, licensing, distribution and operation of TWC services accused of infringing the Constellation patents-in-suit, and awareness of Constellation and its patents. |
| Attorneys, patent agents, or other individuals involved in the prosecution of the Constellation patents-in-suit or related patents and patent applications. | Information regarding, among other things, prosecution of the Constellation patents-in-suit and related patents and patent applications. |
| Individuals identified by TWC in its Initial Disclosures. | See TWC's initial disclosures. |
| Individuals possessing any information related to TWC's defenses and any future counterclaims. | Information related to TWC's defenses and future counterclaims. |
| Individuals named as authors of any of the prior art references cited on the face of any of the Constellation patents-in-suit and any related patents. | Information related to the prior art references cited on the face of any of the Constellation patents-in-suit and any related patents. |
| Corporate designees of Rockstar Consortium Inc.<br>c/o Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>(310) 277-1010 | Information related to the assignment history of the Constellation patents-in-suit and the formation of Rockstar-related entities. |
| Corporate designees of Rockstar Consortium US LP<br>c/o Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>(310) 277-1010 | Information related to the assignment history of the Constellation patents-in-suit and the formation of Rockstar-related entities. |

| Name and address of individual | Summary of information |
|---|---|
| Corporate designees of Rockstar Bidco, LP<br>c/o Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, New York 10019-6064<br>Attention: Marilyn Sobel<br>Facsimile: (212) 757-3900 | Information related to the assignment history of the Constellation patents-in-suit and the formation of Rockstar-related entities. |
| Corporate designees of Rockstar Consortium LLC<br>c/o LaBarge Weinstein LLP<br>800–515 Legget Drive<br>Ottawa, Ontario K2K 3G4<br>Canada<br>Facsimile: (613) 599-0018<br>Attention: Michael Dunleavy | Information related to the assignment history of the Constellation patents-in-suit and the formation of Rockstar-related entities. |

**E.    Any Indemnity or Insurance Agreements Under Which Any Person or Entity Carrying on an Insurance Business May be Liable to Satisfy Part or All of a Judgment Entered in this Action or to Indemnify or Reimburse for Payments Made to Satisfy the Judgment**

After reasonable inquiry, Constellation has no disclosure to make at this time, nor are there any claims pending against Constellation in this litigation.

**F.    Any Settlement Agreements Relevant to the Subject Matter of this Action**

Constellation has no disclosure to make at this time. Constellation anticipates that certain license agreements entered into by any parties or non-parties to this case, including Nortel Networks, may become relevant to the subject matter of this action and will be produced during the discovery period subject to relevance, confidentiality, and privilege determinations.

**G.    Any Statement of Any Party to the Litigation**

Constellation is not aware of any relevant statements made by any party to the litigation, but reserves the right to supplement at a later time.

**H.     Disclosure of Computation of Damages Pursuant to Paragraph 3(c)**

Constellation will rely on a damages expert and, therefore, will provide its computation of damages at the time for expert disclosures.  At present, Constellation intends to seek all relief and recover all remedies available under the Patent Act for TWC's infringement of the Constellation patents-in-suit, including monetary damages pursuant to 35 U.S.C. § 284 to compensate for TWC's infringement in an amount no less than a reasonable royalty for use of the inventions by TWC, plus interest and costs.  Constellation also seeks treble damages because of the willfulness of TWC's infringement, as well as attorneys' fees pursuant to 35 U.S.C. § 285. Constellation is still investigating whether other damage claims would be appropriate.

Dated: April 28, 2014                             By:

                               */s/ Jason Sheasby*
Jason G. Sheasby
jsheasby@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
P: 310-203-7675
F: 310-203-7199

Harry L. Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
gil@gillamsmithlaw.com

**ATTORNEYS FOR CONSTELLATION TECHNOLOGIES LLC**

- 13 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served by email on all counsel who have consented to electronic service, on this the 28th day of April, 2014.

            /s/ *Zachary Elsea*
           Zachary Elsea