# Exhibit 11

# Dustin Guzior

| | |
|---|---|
| **From:** | Rozenberg, Inna <irozenberg@cgsh.com> |
| **Sent:** | Sunday, September 14, 2014 7:23 PM |
| **To:** | Dustin Guzior |
| **Cc:** | Herrington, David H.; McCown, Alexandra S. |
| **Subject:** | RE: Constellation v. TWC - Subpoena to NNI |
| **Attachments:** | Proposed Search Terms.docx |

WITHOUT PREJUDICE / SETTLEMENT OFFER / SUBJECT TO RULE 408 OF THE FEDERAL RULES OF EVIDENCE

Dustin,

I am the one surprised by your email today given that you know I have been out of the office.  In any event, we have been prepared to respond to your emails of September 6 and 9 before our next call, and do so below.  I remain prepared to proceed with a call tomorrow at 11am, or if you prefer to postpone, I can be available on Tuesday at 10am or on Wednesday any time between 10am and 5pm.  Whenever we have our call, please confirm beforehand that you agree we are engaging in settlement discussions subject to Rule 408 of the Federal Rules of Evidence.

First, with respect to documents provided to the DOJ, I have inquired and learned that it was counsel to the Canadian Monitor which handled that aspect of the matter.

Second, in order to make our next call as productive as possible, I set forth below the outlines of NNI's proposal on how to settle all of the outstanding issues between us in connection with TWC's subpoena to NNI.

In addition to the deposition transcript portions which we already produced and the public version of the trial exhibits which we have agreed to produce, NNI can also agree, following a review for privilege and/or confidentiality to be undertaken with Rockstar and other affected parties (which, as I've previously stated many times, may include other purchasers, licensees and tax authorities), to produce:  (1) the entire deposition transcripts for Cianciolo, Lee, McColgan, Riedel and Veschi; (2) three specific documents in response to your request 2(c) from your September 3 email; and (3) any responsive, non-privileged documents yielded by running the search terms reflected in the attached against documents NNI produced in the allocation litigation from custodians Cianciolo and Weiss (for the pre-filing period) and Riedel and Veschi (for the post-filing period).  While we are still working through the details, we believe this will yield close to 4,500 documents.  Given the volume and the burden, we will not search, produce or log any documents which NNI has already determined were privileged while conducting its review for the allocation litigation.  This search responds to your request 2(b) from your September 3 email, except for "valuation of the IP before bankruptcy," the relevance, if any, of which does not justify the burden of attempting to formulate search terms and conduct a review.

The foregoing offer is conditioned upon you agreeing that:  (a) for all past and future productions, notwithstanding the terms of the protective order in your case and pursuant to the request of Constellation's counsel, we may designate all past and future productions under paragraph 32 of that order; (b) for all past and future productions, you will not argue that production by NNI results in a waiver of any privilege or protection from discovery, including any broader subject matter waiver, pursuant to paragraph 11 of the allocation litigation confidentiality order and the request of Constellation's counsel; (c) TWC will reimburse NNI for costs incurred in connection with the work described in the paragraph above; and (d) TWC will not seek any further document productions from NNI, except for good cause shown and as a result of new information discovered by the review of documents produced in accordance with the paragraph above.

We look forward to discussing this proposal and other matters with you during our next call.

Sincerely,
Inna Rozenberg

_____
Inna Rozenberg
Cleary Gottlieb Steen & Hamilton LLP
Assistant: jclarke@cgsh.com, jkiefer@cgsh.com
One Liberty Plaza, New York NY 10006
t: +1 212 225 2972 | f: +1 212 225 3999
www.clearygottlieb.com | irozenberg@cgsh.com

**From:** Dustin Guzior [mailto:DGuzior@desmaraisllp.com]
**Sent:** Sunday, September 14, 2014 3:42 PM
**To:** McCown, Alexandra S.; Rozenberg, Inna
**Subject:** Re: Constellation v. TWC - Subpoena to NNI


Inna,

I am surprised that your team has not fulfilled its promise to send a search protocol prior to our call. As a matter of professional courtesy, you could have responded to any one of my emails (including the one to which you did respond) saying that you were not going to be sending a protocol.

Should we postpone our call until Tuesday or Wednesday to give your team a chance to provide the material that you promised to provide?

Dustin F. Guzior
Desmarais LLP
230 Park Avenue
New York, New York 10169
O: (212) 808-2944
M: (347) 924-3622
Dguzior@desmaraisllp.com

On Sep 11, 2014, at 11:33 PM, "Dustin Guzior" <DGuzior@desmaraisllp.com> wrote:

> Alix,
>
> I expect to receive the search protocol that your team committed to provide prior to our next call. Please let me know if that is no longer possible and let me know why.
>
> Dustin F. Guzior
> Desmarais LLP
> 230 Park Avenue
> New York, New York 10169
> O: (212) 808-2944
> M: (347) 924-3622
> Dguzior@desmaraisllp.com
>
> Begin forwarded message:

WITHOUT PREJUDICE / SETTLEMENT OFFER
SUBJECT TO RULE 408 OF THE FEDERAL RULES OF EVIDENCE
September 14, 2014

**Proposed Search Terms**

1. ("intellectual property" or "IP" or "patent*") and "licens*"
2. ("intellectual property" or "IP" or "patent*") and ("sublicens*" or "sub-licens*")
3. ("intellectual property" or "IP" or "patent*") and "cash flow"
4. ("intellectual property" or "IP" or "patent*") and "royalt*"
5. ("intellectual property" or "IP" or "patent*") and ("projection*" or projected)
6. ("intellectual property" or "IP" or "patent*") and "valu*"
7. ("intellectual property" or "IP" or "patent*") and "sale"
8. ("intellectual property" or "IP" or "patent*") and "revenue"
9. ("intellectual property" or "IP" or "patent*") and "monetiz*"
10. ("intellectual property" or "IP" or "patent*") and "strateg*"
11. ("intellectual property" or "IP" or "patent*") and "patent portfolio"
12. ("intellectual property" or "IP" or "patent*") and "enforc*"
13. ("intellectual property" or "IP" or "patent*") and "litigat*"
14. ("intellectual property" or "IP" or "patent*") and "Harvest"
15. ("intellectual property" or "IP" or "patent*") and "claim*"
16. ("intellectual property" or "IP" or "patent*") and "auction*"
17. ("intellectual property" or "IP" or "patent*") and ("FMV" or "fair market value")
18. ("intellectual property" or "IP" or "patent*") and "discount rate*"
19. ("intellectual property" or "IP" or "patent*") and "predomin*"
20. ("intellectual property" or "IP" or "patent*") and "Lazard"
21. ("intellectual property" or "IP" or "patent*") and ("Global IP" or "*giplg.com")
22. ("intellectual property" or "IP" or "patent*") and "working group*"
23. ("intellectual property" or "IP" or "patent*") and ("IPCO" or "IP Co")
24. ("intellectual property" or "IP" or "patent*") and "regist* NEAR10 patent"
25. ("intellectual property" or "IP" or "patent*") and Iceberg
26. ("intellectual property" or "IP" or "patent*") and "evolution"
27. ("intellectual property" or "IP" or "patent*") and "defend*"
28. ("intellectual property" or "IP" or "patent*") and "infring*"