# Exhibit 12A

# Dustin Guzior

| | |
|---|---|
| **From:** | Dustin Guzior |
| **Sent:** | Friday, October 03, 2014 9:56 PM |
| **To:** | 'Rozenberg, Inna' |
| **Cc:** | McCown, Alexandra S.; Jonas McDavit; Herrington, David H. |
| **Subject:** | RE: Motion re Third Party Subpoenas |
| **Attachments:** | 2014 10 03 Guzior Letter to Rozenberg re Nortel Subpoena Response.pdf |

Inna,

Please see the attached letter.

The motion that you filed in the bankruptcy court last week is the first we heard of many of the data repositories that are available to NNI. We are particularly interested in the set of approximately 3 million documents to which NNI has access, which we assume includes the collections that NNI made for, *e.g.*, Veschi and Riedel. We think it is most productive to focus our energies on that set of documents, rather than fight about restoration of potentially damaged archive tapes and large volumes of hard copy documents that are not, as a practical matter, available to NNI. We want to get comfortable with the scope of the data stored at Iron Mountain and on LiveLink, but we really think the parties should focus their efforts on what is actually available in the near term. We hope you agree.

Dustin F. Guzior
**DESMARAIS LLP**
230 Park Avenue
New York, New York 10169
O: (212) 808-2944
M: (347) 924-3622

---

**From:** Rozenberg, Inna [mailto:irozenberg@cgsh.com]
**Sent:** Monday, September 29, 2014 3:00 PM
**To:** Dustin Guzior
**Cc:** McCown, Alexandra S.; Jonas McDavit; Herrington, David H.
**Subject:** RE: Motion re Third Party Subpoenas

Dustin,

We strongly disagree that you have any basis to move to dismiss under 7026-1. In fact, we have had many lengthy email exchanges and telephone conversations over the last several months in which it has become clear that your requests of us are only increasing in number and scope. Despite this situation, we agreed to be the ones to provide a comprehensive proposal to you, which we did on September 14, 2014. You did not accept our proposal, and your response added even more demands, indicating that what you are seeking from us is a moving target and that a resolution is unlikely. Furthermore, you must appreciate that you are not the only party which has served third party subpoenas on NNI in connection with Rockstar litigation. The combined burdens on NNI left it with no other choice than to file the motion on September 26, 2014.

Nevertheless, as I explained to you when I gave you advance notice of the motion, NNI remains open and willing to negotiate at any time and looks forward to receiving a reasonable counter-proposal from you this week. I will contact you to discuss further after I have had a chance to review and consider your counter-proposal. In the meantime, please feel free to reach out to me with any questions concerning the motion or any other matters related to the subpoena.

Sincerely,
Inna Rozenberg

_____
Inna Rozenberg
Cleary Gottlieb Steen & Hamilton LLP
Assistant: jclarke@cgsh.com, jkiefer@cgsh.com
One Liberty Plaza, New York NY 10006
t: +1 212 225 2972 | f: +1 212 225 3999
www.clearygottlieb.com | irozenberg@cgsh.com

---

**From:** Dustin Guzior [mailto:DGuzior@desmaraisllp.com]
**Sent:** Friday, September 26, 2014 9:09 PM
**To:** Rozenberg, Inna
**Cc:** McCown, Alexandra S.; Jonas McDavit
**Subject:** Re: Motion re Third Party Subpoenas


Inna,

Can you please let me know your position on whether the 7026-1 certification is accurate in light of the conversation we had today? I explained to you when you called me prior to filing this motion that we were discussing whether your proposal was acceptable and working diligently to formulate thoughtful technology search terms along the lines that you requested on our call earlier this week.

I am struck by how much of the motion has nothing to do with what we have requested of NNI and the negotiations in which we have engaged. Google's counsel might be making the unreasonable demands that you describe, but those descriptions don't comport with where we are in our negotiations.

Is it really appropriate to move forward with this motion before seeing our counterproposal and giving us your thoughts? The custodians that we were talking about had nothing to do with "Iron Mountain" or extraordinary hard copy collections.

We are considering simply moving to dismiss under 7026-1.

Let me know your thoughts.

Dustin F. Guzior
Desmarais LLP
230 Park Avenue
New York, New York 10169
O: (212) 808-2944
M: (347) 924-3622
Dguzior@desmaraisllp.com

*Message sent from iPhone. Please excuse any typos, generally courtesy of Apple Inc.'s autocorrect (especially "our" to "out").


On Sep 26, 2014, at 5:29 PM, Rozenberg, Inna <irozenberg@cgsh.com> wrote:

> Dustin,

2

As discussed earlier today, I am emailing to you as a courtesy a copy of the motion NNI filed today in the Delaware bankruptcy court.

Regards,
Inna Rozenberg

_____
Inna Rozenberg
Cleary Gottlieb Steen & Hamilton LLP
Assistant: jclarke@cgsh.com, jkiefer@cgsh.com
One Liberty Plaza, New York NY 10006
t: +1 212 225 2972 | f: +1 212 225 3999
www.clearygottlieb.com | irozenberg@cgsh.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the
intended recipient, please advise the sender immediately by reply e-mail and delete this message and any
attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and
its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

<Nortel_Stay Motion and Order.pdf>

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.
This message is being sent from a law firm and may contain confidential or privileged information. If you are not the
intended recipient, please advise the sender immediately by reply e-mail and delete this message and any
attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and
its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.