# Exhibit 14

## Dustin Guzior

**From:** Supko, Mark <MSupko@crowell.com>
**Sent:** Saturday, October 11, 2014 9:19 AM
**To:** Dustin Guzior
**Cc:** Cheney, Matthew; Plevin, Mark
**Subject:** RE: TWC Subpoena to NNI

Dustin,

NNI is not seeking to preclude all depositions of former NNI employees, but rather is seeking to put the onus on the parties seeking such depositions to demonstrate the need for them.  The burden and expense imposed on NNI by such depositions is certainly more significant with respect to depositions of former in-house attorneys, as there is obviously more concern about attorney-client privilege issues, so we would consider a carve-out for inventor depositions.

As for duration, NNI's intention is for the protections sought in the pending motion to remain in place until the wind-down of NNI is complete.  We are willing to consider alternatives.

Finally, NNI does not wish to join in a request that the bankruptcy court stay any of the district court litigations involving patents that Nortel sold to Rockstar.  Our intention is not to unduly interfere with those litigations, but rather to strike a reasonable balance between the legitimate discovery interests of defendants such as TWC and the burden/expense that these third-party discovery requests are imposing (and likely will impose in the future) on NNI.  We believe the relief sought in our motion would accomplish that objective.  That said, I see no reason why NNI would oppose a request by TWC for the bankruptcy court to stay the EDTX litigation pending completion of the bankruptcy proceeding.

Regards,
Mark

**From:** Dustin Guzior [mailto:DGuzior@desmaraisllp.com]
**Sent:** Friday, October 10, 2014 2:23 PM
**To:** Supko, Mark
**Subject:** RE: TWC Subpoena to NNI

Mark,

When we spoke earlier this week, you agreed to get back to me on a couple of issues concerning the relief that NNI seeks from the bankruptcy court.  We are preparing to file our objections and we are hoping to file early.  Can you please let me know where your client stands on the following:

1. Whether NNI intentionally seeks to have depositions stayed for all of the inventors of the patents in suit and the majority of Rockstar's executives and employees (amounting to 30 of the individuals identified on Rockstar's initial disclosures to TWC);
2. Whether NNI intentionally omitted any time frame for which the "stay" would remain in place and a date by which NNI would be comfortable that discovery could move forward.

Finally, if NNI genuinely wants to stay discovery, can you please let me know if NNI would be open to jointly requesting that the bankruptcy court simply stay the Rockstar Litigation in EDTX until NNI has finished winding down its liquidation?  NNI's motion explicitly states that NNI seeks a "respite, not an exemption" and that the stay is "not for all

time." See Motion at ¶¶ 8-9.  The bankruptcy court has the power, of course, to protect against having NNI's liquidation derailed.  While we disagree that NNI's liquidation will be derailed – or adversely affected in any way – we might be willing to agree to stay the EDTX litigation until NNI's liquidation is complete.  That addresses your client's concerns about having time to focus on completing the bankruptcy process and also addresses our concerns that we will be forced to defend a patent infringement suit without important discovery and with impediments to depositions of obvious relevance to the case.

Let me know if NNI is interested in that, and we can discuss the best way to proceed.

Dustin F. Guzior
**DESMARAIS LLP**
230 Park Avenue
New York, New York 10169
O: (212) 808-2944
M: (347) 924-3622

---

**From:** Supko, Mark [mailto:MSupko@crowell.com]
**Sent:** Tuesday, October 07, 2014 1:31 PM
**To:** Dustin Guzior
**Cc:** Jonas McDavit
**Subject:** RE: TWC Subpoena to NNI

Sounds good.  Thanks.

---

**From:** Dustin Guzior [mailto:DGuzior@desmaraisllp.com]
**Sent:** Tuesday, October 07, 2014 1:19 PM
**To:** Supko, Mark
**Cc:** Jonas McDavit
**Subject:** RE: TWC Subpoena to NNI



Certainly.  Let's plan to speak at 11am ET.  866 835 1224 code: 9386099640

Dustin F. Guzior
**DESMARAIS LLP**
230 Park Avenue
New York, New York 10169
O: (212) 808-2944
M: (347) 924-3622

---

**From:** Supko, Mark [mailto:MSupko@crowell.com]
**Sent:** Tuesday, October 07, 2014 1:14 PM
**To:** Dustin Guzior
**Cc:** Jonas McDavit
**Subject:** RE: TWC Subpoena to NNI

Dustin,

I'd prefer to talk tomorrow morning to give me a chance to go through the correspondence, since I learned that we'd be stepping in only yesterday afternoon.  Any time before noon should work.

Regards,
Mark

Mark M. Supko
msupko@crowell.com
Direct 1.202.624.2734 | Mobile: 1.703.980.4695

**Crowell & Moring LLP** | www.crowell.com
1001 Pennsylvania Avenue NW
Washington, DC 20004

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.

===========================================================

**From:** Dustin Guzior [mailto:DGuzior@desmaraisllp.com]
**Sent:** Tuesday, October 07, 2014 1:03 PM
**To:** Supko, Mark
**Cc:** Jonas McDavit
**Subject:** TWC Subpoena to NNI


Mark,

Inna Rozenberg called this morning and informed me that you and your firm would be handling NNI's response to TWC's subpoena for documents going forward.  Conversations between TWC and NNI concerning the scope of NNI's response have occurred over several months, and they are at a fairly advanced stage.  My latest letter to Ms. Rozenberg summarizes where the parties stand.  I assume that letter has been forwarded to you, but I attach a courtesy copy in case you do not have it.

I had some questions concerning the scope of the relief that NNI seeks from the bankruptcy court.  The scope of the relief that you seek from the bankruptcy court has consequences that NNI might not realize, and I wanted to make sure that those consequences are intended.  For example, if the Bankruptcy Court granted the order that NNI proposes, TWC would be barred from deposing *every* inventor of all six patents-in-suit.  It also does not contain any proposal on for how long the stay should be in place

I was going to inquire of Ms. Rozenberg, but given that you are taking over I thought it more appropriate to inquire of you.  Might we speak briefly today?

Thanks,

Dustin F. Guzior
**DESMARAIS LLP**
230 Park Avenue
New York, New York 10169
O: (212) 808-2944
M: (347) 924-3622

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.