# Exhibit 16

**Dustin Guzior**

| | |
|---|---|
| **From:** | Dustin Guzior |
| **Sent:** | Thursday, August 28, 2014 2:01 PM |
| **To:** | Rozenberg, Inna |
| **Cc:** | Herrington, David H.; McCown, Alexandra S.; Jonas McDavit |
| **Subject:** | Re: Constellation v. TWC - Subpoena to NNI |

Inna,

We do not agree that a subpoena served on Rockstar Bidco alleviates any concerns. Constellation represented that it coordinated with its parent entities to locate documents responsive to our requests, and that they were unable to locate the requested documents in many instances. We would welcome news from Constellation's parent entities that they do in fact have the requested documents and will produce them. Until then, we need to proceed based on the representation that those entities do not have the requested documents. These are precisely the corporate shell games that we expressed concern about on our first call with you and David Herrington. Moreover, although a minor point, the near-instantaneous transfer of information about a subpoena that has yet to be served or was served only moments ago further underscores the level of strategic coordination between Constellation and NNI. Since you seem to have better access to them than we do, perhaps you can tell me if they are correcting their representation with respect to not having certain relevant documents in their possession, custody, or control.

I believe the record is plain on TWC's substantial narrowing of the document requests from the subpoena to discrete categories of documents for which we can articulate a compelling reason that we need NNI to produce the documents. I also believe the record is plain that a protective order has been entered in this case that allows NNI to produce documents with the highest level of confidentiality protection. I have also explained to you that we would accept a blanket designation, with the burden of identifying potential documents for de-designation shifted to us. We have agreed to all of that to substantially alleviate any burden on NNI. What we want is for you to simply give to us many non-privileged documents that are figuratively - and literally in many cases - sitting at your finger tips.

Finally, your explanation of the burden on NNI from producing responsive documents is still largely abstract. The only explanation I can understand is confidentiality and privilege. You provide no other explanation.

With respect to confidentiality, we have explained why that is not a genuine issue and have agreed to a blanket designation to alleviate burden on NNI. To the extent Constellation/Rockstar are not willing to accept the highest level of confidentiality under the protective order they negotiated with us, that is, again, an issue with them and a burden imposed by them. I find it implausible that tax examiners are holding your feet to the fire on production in a patent infringement case, but please let me know if I am incorrect.

With respect to privilege, we are open to discussing with you appropriate search terms to identify potentially privileged documents for which the bankruptcy trustee now controls the waiver and assertion of the potential privilege. THAT privilege has nothing to do with anyone but NNI. Please let me know whether the trustee is choosing to assert it and we can discuss how to minimize any burden if the trustee is asserting it.

With respect to potentially privileged documents transferred to Rockstar, it is our position that any privilege or work product immunity that might have existed for those documents was long ago destroyed by the sharing of that information with dozens of qualified bidders, many of which were potential adversaries to the patents being sold and ultimate winner of the auction.

We would like you to clearly articulate NNI's position with respect to each set of potentially privileged material so that we can include that issue in our motion to compel in the Middle District of North Carolina. We have now researched the

1


==issues thoroughly, and we are on solid ground given our substantial narrowing of our document requests, willingness to alleviate burden from confidentiality and privilege review, and inter meddling from Constellation's counsel.==

I welcome a call to discuss NNI's position with respect to the four categories of documents that you referenced in the last paragraph of your email, and I also would welcome a conversation with respect to privilege. We have done our best to narrow our requests in response to your concerns, but we cannot accept that NNI's only committed response to the subpoena is something it is doing for the bankruptcy court in any event (something for which you appear to demand that TWC reimburse NNI in order to receive complete copies of eight documents you produced).

Please let's schedule a call for next Wednesday after 2pm ET so that you have adequate time to gather complete responses to the issues above. Let me know if your schedule allows that.

Dustin F. Guzior
Desmarais LLP
230 Park Avenue
New York, New York 10169
O: (212) 808-2944
M: (347) 924-3622
Dguzior@desmaraisllp.com

On Aug 28, 2014, at 1:13 PM, "Rozenberg, Inna" <irozenberg@cgsh.com> wrote:

> Dustin,
>
> TWC has chosen to serve a lengthy and overbroad subpoena on NNI, which is a liquidating debtor in a chapter 11 case, an entity with very few remaining employees, and a non-party to your litigation with Rockstar.  Unfortunately, our efforts to cooperate with you do not seem to have caused you to narrow (or even defer) your requests.
>
> Moreover, as we have explained, it is plain that many of the documents you are seeking are in the possession of parties to the litigation or their affiliates, in particular Rockstar Bidco.  Indeed, I understand you have now served a subpoena on Rockstar Bidco.  I assume that takes care of this issue.
>
> As we have also explained, documents responsive to many of your requests are contained in the over 2000 trial exhibits which we will be producing.  Until you have reviewed those exhibits and determined if there is anything further to request, there is no justification for putting NNI through the substantial burden of searching for and reviewing additional documents.
>
> The burden is particularly high here because of the confidentiality and/or privilege issues involved.  As you know, NNI is not the only Nortel estate, and there are numerous parties involved in the allocation litigation.  I have already directed you to the confidentiality orders in place in the allocation litigation.  As you can see, the Responding Parties include Rockstar Bidco and other purchasers, license agreement counter-parties, and tax authorities; and Confidential Information includes lists of encumbrances and licensees, royalty rates, infringement targets, patent claims charts, and many other items.  You must also be aware of the confidentiality clauses in the court-approved ASA with Rockstar Bidco and certain agreements with other purchasers.
>
> I will call you about the 4 items that you say you "need NNI to produce."  Let me know when you are available.
>
> Sincerely,
> Inna Rozenberg