# Exhibit 19

# Dustin Guzior

| | |
|---|---|
| **From:** | Dustin Guzior |
| **Sent:** | Wednesday, September 17, 2014 6:28 PM |
| **To:** | 'Rozenberg, Inna' |
| **Cc:** | Herrington, David H.; McCown, Alexandra S. |
| **Subject:** | RE: Constellation v. TWC - Subpoena to NNI |

Inna,

On our previous calls, you have explained that Rockstar (and possibly other parties) is reviewing the trial exhibits for confidentiality. Ms. McCown told me that review is being conducted by Irell & Manella. I also understand from our previous calls that when NNI produces the trial exhibits, I will receive documents that are redacted for Rockstar confidential information. Similarly, if NNI produces the designated as well as the undesignated portions of the five deposition transcripts, I understand that they might redact Rockstar confidential information. I have previously explained that there is no reasonable basis for redaction of confidential information given the protective order in our case and our agreement that the documents can be designated "Outside Counsel Only." If this is no longer NNI's position, please correct me.

I am sure you can appreciate that I feel like I am standing in the middle of a bunch of parties that are pointing the finger at each other, and I want to bring clarity to this issue. Would it make sense to have a second call early next week jointly with Irell & Manella (counsel to Rockstar Consortium US LP and Constellation Technologies LLC) and Peter Ayers (counsel to Rockstar Bidco LP, Rockstar Bidco GP LLC, Rockstar Consortium LLC)? I disagree with – but at least understand – that the Rockstar entities might want to review the documents before they go out the door and make sure that privileged or work product material is not produced. I also disagree with – but understand – that the Rockstar entities might want to review the documents for confidentiality just to understand what is going out the door. I disagree with and do not understand why Rockstar confidential information will be redacted from any documents that are produced, and I assume that if we get on a joint call, we can get the issue ironed out. I also assume that if Rockstar is not insisting on redaction of confidential information, you have no basis for redacting Rockstar confidential information.

Separately, please be prepared to provide me with the names of the parties and attorney contacts, besides Rockstar, who are conducting a confidentiality review. I cannot continue to accept a vague answer that you cannot think of any other entity reviewing the documents but there might be others. Also, as I have explained to you a couple times now, we do not have an interest in receiving the trial exhibits *as trial exhibits*. We have referenced the trial exhibits for identification purposes, and it is really neither here nor there to us whether they ultimately pass through the bankruptcy machinations and are declared TRIAL EXHIBITS. I understand that's the world you are living in and have been living in for a while, but – notwithstanding your protests to the contrary – it's not relevant to our issues. What we want are the underlying documents that have been produced in your case, and we reference trial exhibits in order to identify a discrete set of material. This is why I have repeatedly told you that we think the protective order, and not the public use of trial exhibits order, governs this production. If you continue to think otherwise, please point me to the specific sections of the bankruptcy order that reference production in another litigation of material produced in the bankruptcy proceedings. I cannot find any section that does that, as the order expressly provides a procedure for public use of documents as trial exhibits, while the protective order contemplates production in separate litigations.

Please let me know if the joint call would be helpful in bringing clarity to these issues, and I will set it up.

Dustin F. Guzior
**DESMARAIS LLP**
230 Park Avenue
New York, New York 10169
O: (212) 808-2944