# Exhibit 20

# Dustin Guzior

| | |
|---|---|
| **From:** | Dustin Guzior |
| **Sent:** | Wednesday, September 03, 2014 6:33 PM |
| **To:** | 'Rozenberg, Inna' |
| **Cc:** | 'Herrington, David H.'; 'McCown, Alexandra S.'; Jonas McDavit |
| **Subject:** | RE: Constellation v. TWC - Subpoena to NNI |

Inna,

As discussed, document categories (b) and (c) include a set of specific documents that we are interested in receiving. We understand that Lazard, Guidance IP, and Veschi/McColgan/Cianciolo, among others, were involved in preparation of valuation documents related to the IP and potentially the bids, and we are interested in receiving those documents. Apart from those specific documents, a reasonable search protocol should satisfy the requests.  I look forward to receiving NNI's proposal on custodians, search terms, and privilege search terms.  During our call, I emphasized the importance of receiving documents related to Nortel's enforcement and licensing of its IP prior to bankruptcy.  We might have some suggestions on the search protocol to help catch those documents.

With respect to specific categories of documents (a) and (d), I understand that you will get back to me with NNI's final proposal on (a) and that we should talk to Rockstar Bidco LP's counsel about (d).  With respect to (a), I told you that I could agree to limit the request to Veschi, McColgan, Riedel, Lee, and Cianciolo, but that I needed to reserve the right to seek other transcripts for good cause.  We do not presently have information suggesting a need for other transcripts.  With respect to (d), I am delighted to learn from your team that Rockstar Bidco LP might have the documents that we are seeking.  If Rockstar Bidco LP's counsel ultimately repeats Constellation's position that certain Data Room documents are not in Constellation's or Rockstar's possession, custody, or control, we will need to discuss this issue again.

Finally, I appreciate your willingness to discuss the review of the "priority" trial exhibits with the other parties involved in the review.  We also would appreciate an update on when all of the trial exhibits will be produced at the end of September, after closing arguments.  We had previously understood that the review would be completed, at the latest, by the end of September.  I now understand date is not necessarily the end of the review.  If you could speak with the other parties and give us <u>any</u> sense of timing, that would be very helpful to us in determining the most efficient path forward for all parties.  If only Rockstar's review remains ongoing with respect to the 19 remaining priority exhibits, please let me know so that we can seek appropriate relief that involves NNI as little as possible.

Generally, if Rockstar's confidentiality review or confidentiality objections are at any time preventing production of material, it would be helpful to know that so we can seek appropriate relief that involves NNI as little as possible.  Rockstar and its litigation subsidiaries cannot hold up production of material on the basis of "confidentiality" when those entities negotiated a protective order in our litigation that protects confidentiality highly.  Rockstar similarly cannot insist that NNI produce redacted deposition transcripts because of confidentiality concerns.  I also reiterate that it is unlikely that any purchaser, licensee, or tax entity other than Rockstar (or its owners or subsidiaries) would object to production of material in our litigation with a blanket confidentiality designation of "attorneys' eyes only" – the highest designation available.  You did not identify any party other than Rockstar that has objected to production of confidential material in our specific case on those terms.  If that changes, please let me know.

Might we speak next Thursday at 5pm ET?  It would be helpful to have NNI's proposal before the call so that I we can consider it and discuss it with TWC, if necessary.

Dustin F. Guzior
**DESMARAIS LLP**

230 Park Avenue
New York, New York 10169
O: (212) 808-2944
M: (347) 924-3622

---

**From:** Dustin Guzior
**Sent:** Wednesday, September 03, 2014 1:48 PM
**To:** 'Rozenberg, Inna'
**Cc:** Herrington, David H.; McCown, Alexandra S.; Jonas McDavit
**Subject:** RE: Constellation v. TWC - Subpoena to NNI

Inna,

Please find below an agenda to help guide our call at 2:30pm ET today.

1. Production of trial exhibits
    a. Previous indication that review process could take until end of September.  Is NNI still on track to complete review by end of September?
    b. Ten of the 48 priority exhibits produced, 19 identified as de-designated and posted on docket, 19 remain outstanding.  Timeline?
    c. It is understood that there might be some trial exhibits that also fall within other requests.

2. Specific categories of documents.
    a. unredacted deposition transcripts
    b. internal Nortel valuation documents for the residual IP, including documents concerning Nortel's enforcement of the IP and valuation of the IP before bankruptcy
    c. internal Nortel evaluation of bids for the residual IP, including bids received before the formal auction process (e.g., the stalking horse bid from Google)
    d. documents that Nortel made available to qualified bidders before and during the auction process (in what you refer to as the "Data Room")

3. NNI's position with respect to potentially privileged documents.
    a. Internal Nortel documents, bankruptcy trustee controls privilege
    b. Documents shared with qualified bidders, including Rockstar Bidco LP
    c. Documents transferred to Rockstar Bidco LP, but not shared with qualified bidders (if any exist)
    d. Search terms to reduce any burden from (a)

4. NNI's position with respect to confidentiality.
    a. Protective Order and blanket designation
    b. Bankruptcy Court order
    c. Parties other than Rockstar that are insisting on review before production even with a blanket designation
    d. Letter to parties requiring notice as efficient solution

5. To the extent Nortel is willing to make a production beyond what is reflected in Ms. Rozenberg's August 21 e-mail, what is the timeline for that production?

6. To the extent Nortel is going to request reimbursement for costs and fees, what is a best estimate for the tasks specific to this subpoena response and not incurred at Rockstar's insistence?

We might not get through all of that material, but those are the outstanding issues as I see it.

2