# Exhibit 23

# Dustin Guzior

| | |
|---|---|
| **From:** | Rozenberg, Inna <irozenberg@cgsh.com> |
| **Sent:** | Thursday, August 28, 2014 2:55 PM |
| **To:** | Dustin Guzior |
| **Cc:** | Herrington, David H.; McCown, Alexandra S.; Jonas McDavit |
| **Subject:** | RE: Constellation v. TWC - Subpoena to NNI |

Dustin,

We strongly disagree with the inflammatory and inaccurate statements you make in your email below. However, as a non-party debtor, we are not in a position to waste time and money on these lengthy email exchanges, the sole reason for which appear to be your desire for litigation posturing. We think a call would be a more productive forum for discussing these issues, and are available on Wednesday September 3 at 2:30 p.m. Let's use the following dial-in: 877-492-4010; passcode 212-225-2972.

--Inna

_____
Inna Rozenberg
Cleary Gottlieb Steen & Hamilton LLP
Assistant: jclarke@cgsh.com, jkiefer@cgsh.com
One Liberty Plaza, New York NY 10006
t: +1 212 225 2972 | f: +1 212 225 3999
www.clearygottlieb.com | irozenberg@cgsh.com

---

**From:** Dustin Guzior [mailto:DGuzior@desmaraisllp.com]
**Sent:** Thursday, August 28, 2014 2:01 PM
**To:** Rozenberg, Inna
**Cc:** Herrington, David H.; McCown, Alexandra S.; Jonas McDavit
**Subject:** Re: Constellation v. TWC - Subpoena to NNI

Inna,

We do not agree that a subpoena served on Rockstar Bidco alleviates any concerns. Constellation represented that it coordinated with its parent entities to locate documents responsive to our requests, and that they were unable to locate the requested documents in many instances. We would welcome news from Constellation's parent entities that they do in fact have the requested documents and will produce them. Until then, we need to proceed based on the representation that those entities do not have the requested documents. These are precisely the corporate shell games that we expressed concern about on our first call with you and David Herrington. Moreover, although a minor point, the near-instantaneous transfer of information about a subpoena that has yet to be served or was served only moments ago further underscores the level of strategic coordination between Constellation and NNI. Since you seem to have better access to them than we do, perhaps you can tell me if they are correcting their representation with respect to not having certain relevant documents in their possession, custody, or control.

I believe the record is plain on TWC's substantial narrowing of the document requests from the subpoena to discrete categories of documents for which we can articulate a compelling reason that we need NNI to produce the documents. I also believe the record is plain that a protective order has been entered in this case that allows NNI to produce documents with the highest level of confidentiality protection. I have also explained to you that we would accept a blanket designation, with the burden of identifying potential documents for de-designation shifted to us. We have