IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*, : Case No. 09-10138(KG)
: Jointly Administered
:
Debtors. : Re D.I. 14476, 14535
: **Hearing Date: Nov. 7, 2014 at 10:00 a.m.**
:
---------------------------------------------------------------x

**OBJECTIONS TO NORTEL'S MOTION FOR RELIEF UNDER SECTION 105(a) BY ARRIS GROUP, INC., ARRIS ENTERPRISES, INC., ARRIS SOLUTIONS, INC., AND GENERAL INSTRUMENT CORP.**

ARRIS Group, Inc., ARRIS Enterprises, Inc., ARRIS Solutions, Inc., and General Instrument Corporation (collectively, "ARRIS"), by and through their undersigned counsel, hereby oppose the motion filed by Nortel Networks, Inc. ("NNI"),[1] pursuant to Sections 105(a), 107(b), 362(a), and 541 of the Bankruptcy Code and Bankruptcy Rule 9018, for the entry of an order: (a) enforcing and/or extending the automatic stay, (b) enforcing, in the context of these third-party subpoenas, provisions in the Court's previous sale orders, protective orders, and confidentiality orders that protect confidential and privileged information of Debtors and other Nortel entities, (c) entering a protective order, and (d) granting related relief under Section 105(a) of the Bankruptcy Code.

---

[1] D.I. 14476.

## BACKGROUND

To protect itself and its customers from Rockstar's baseless allegations of patent infringement, on January 30, 2014, ARRIS filed a declaratory judgment action against Rockstar,[2] currently pending before Judge Robinson in the United States District Court for the District of Delaware (the "Rockstar-ARRIS Litigation").[3]  The Rockstar-ARRIS Litigation concerns claims for declaratory judgment of non-infringement and/or invalidity for eight patents that Rockstar acquired from NNI and its affiliates (collectively, "Nortel") in an auction process that was overseen by this Court.  Each of those eight patents was previously assigned to Nortel and describes technology that was purportedly developed by Nortel.  The majority of those patents describe technology that Nortel purportedly developed in the 1990's.

Apart from those claims, ARRIS also filed claims against Rockstar concerning: (1) ARRIS's license to the Nortel patent portfolio, (2) Rockstar's breach of royalty-free licensing commitments that Nortel made to certain standard development organizations, and (3) Rockstar's unfair competition stemming from assertion of Nortel's patents.  With respect to its license claim, ARRIS is in a unique position *vis-à-vis* Nortel.  ARRIS was a spin-off of Nortel, and through many agreements related to that spin-off, ARRIS acquired a license to Nortel's patents.[4]

## OBJECTIONS

ARRIS fully supports and incorporates by reference the Objections To Nortel's Motion For Relief Under Section 105(a) By Time Warner Cable Inc. And Time Warner Cable

---

[2] Rockstar is the patent assertion entity that paid $4.5 billion for a large portfolio of patents from Nortel in 2011 and that was created to monetize those Nortel patents through litigation.  "Rockstar" refers to six interconnected companies:  Rockstar Bidco LP, Rockstar Bidco GP LLC, Rockstar Consortium US LP, Rockstar Consortium LLC, and Rockstar Consortium US LP's litigation subsidiaries, Constellation Technologies LLC and Bockstar Technologies LLC.

[3] *ARRIS Group, Inc. v. Constellation Technologies LLC*, C.A. No. 14-114 (SLR).  The complaint is Exhibit 1 to the Declaration of Dustin Guzior ("Guzior Decl.").  The Amended Complaint is Exhibit 2 to the Guzior Decl.

[4] *See* Guzior Decl. Ex. 2 ¶¶ 23-43.

Enterprises LLC (the "TWC Objections"). While ARRIS has not yet served a subpoena on NNI, NNI's proposed order would extend to "now pending or future third-party subpoenas."[5] ARRIS therefore adopts the TWC Objections because NNI's proposed order would disadvantage ARRIS in substantially the same manner that it would disadvantage TWC. Further, this Court should not consider an order regarding potential discovery issues on the Rockstar-ARRIS litigation pending matter before Judge Robinson thereby dictating or limiting how Judge Robinson may decide any such discovery-related issues.

ARRIS intends to serve a subpoena on NNI in the coming months through which it will seek substantially the same discovery that TWC seeks from NNI.[6] ARRIS also anticipates deposing several former Nortel employees, including the inventors of all of the patents-in-suit in the Rockstar-ARRIS Litigation and several Rockstar executives and employees. Discovery from NNI, its affiliates, and certain of its former employees is significant to ARRIS's claims and defenses for all of the same reasons articulated in the TWC Objections.[7] Additionally, discovery from Nortel is especially relevant to ARRIS's unique license defense stemming from ARRIS's spin-off from Nortel.[8] ARRIS understands that the information it will request is only available from NNI and not from Rockstar. ARRIS's discovery requests to NNI will be narrowly tailored to limit any burden on NNI and to obtain only that discovery that is necessary for its defense.[9]

---

[5] D.I. 14476-2 ¶ 2.

[6] *See* TWC Objections, pp. 13-17. ARRIS's requests for technology-related documents will obviously be modified to correspond to the patents-in-suit in the Rockstar-ARRIS Litigation. ARRIS will also request discrete sets of material related to the ARRIS spin-off from Nortel and its related license defense.

[7] TWC Objections, pp. 9-12.

[8] Indeed, the defense arises from the historical relationship *between ARRIS and Nortel*. NNI has no good argument for why ARRIS is not entitled to discovery related to that defense or why ARRIS can receive that discovery from Rockstar.

[9] TWC Objections, pp. 13-23.

The Court should not prospectively enjoin ARRIS from making reasonable and necessary discovery requests of NNI.

ARRIS also incorporates the arguments advanced in the TWC Objections concerning the lack of authority for this Court to enter NNI's proposed order and the unconscionable nature of the remedy that NNI requests.[10] If the Court were to enter NNI's proposed order, ARRIS would be forced to defend against baseless patent infringement allegations that Rockstar has made against ARRIS and its customers without access to discovery from NNI to support its case. The Court should not, in equity, allow that result.

Finally, ARRIS incorporates the argument in the TWC Objections that if the Court is inclined to grant NNI relief, then this Court should stay the Rockstar litigations, including the Rockstar-ARRIS Litigation. The United States District Court for the District of Delaware recently decided that the Rockstar-ARRIS Litigation would move forward with five patents to which ARRIS contends that it has a license.[11] The Court should not require ARRIS to move forward with litigation regarding royalty-free licenses and other license issues while NNI maintains it cannot fulfill its third-party discovery obligations regarding those issues. Both Rockstar and NNI should have foreseen that the sale of NNI's patent portfolio to an entity that planned to assert those patents would lead to the need for discovery from NNI. Thus, if NNI will not fulfill its discovery obligations, there is nothing unfair or unreasonable about staying these litigations until NNI has concluded with bankruptcy proceedings and is willing to participate in discovery. What is unfair, however, is for Nortel to sell its patents for $4.5 billion dollars to Rockstar for the purpose of assertion, for Rockstar to then unsurprisingly assert those patents in

---

[10] TWC Objections, pp. 23-47.

[11] Guzior Decl. Ex. 3.

various fora, only to have NNI use its pending bankruptcy as a sword *and* shield to restrict ARRIS's access to discovery to support its case in the Rockstar-ARRIS Litigation.  ARRIS therefore requests that if NNI's motion is granted, this Court exercise its authority to stay or enjoin the Rockstar-ARRIS Litigation, as explained in the TWC Objections.[12]

Dated  October 14, 2014
       Wilmington, Delaware

BIFFERATO LLC

*/s/ Ian Connor Bifferato*_____
Ian Connor Bifferato (No. 3273)
J. Zachary Haupt (No. 5344)
800 N. King St., First Floor
Wilmington, DE 19801
Phone: (302) 225-7600
Facsimile: (302) 792-7470

- and –

John M. Desmarais
Dustin F. Guzior
DESMARAIS LLP
230 Park Avenue
New York, New York 10169
DGuzior@desmaraisllp.com
*Counsel to Arris Group Inc.*

---

[12] TWC Objections, pp. 48-51.