IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                        :
*In re*                                 :   Chapter 11
                                        :
Nortel Networks Inc., *et al.*,         :   Case No. 09-10138(KG)
                                        :   Jointly Administered
                                        :
                    Debtors.            :   Re D.I. 14476, 14535
                                        :   **Hearing Date: Nov. 7, 2014 at 10:00 a.m.**
                                        :
---------------------------------------------------------------x

**OBJECTIONS TO NORTEL'S MOTION FOR RELIEF UNDER SECTION 105(a)
BY CISCO SYSTEMS, INC.**

Cisco Systems, Inc. ("Cisco"), by and through its undersigned counsel, hereby opposes the motion filed by Nortel Networks, Inc. ("NNI"),[1] pursuant Sections 105(a), 107(b), 362(a), and 541 of the Bankruptcy Code and Bankruptcy Rule 9018, for the entry of an order: (a) enforcing and/or extending the automatic stay (b) enforcing, in the context of these third-party subpoenas, provisions in the Court's previous sale orders, protective orders, and confidentiality orders that protect confidential and privileged information of Debtors and other Nortel entities, (c) entering a protective order, and (d) granting related relief under Section 105(a) of the Bankruptcy Code.

---

[1] D.I. 14476.

**BACKGROUND**

On December 11, 2013, Rockstar[2] – the patent assertion entity that paid $4.5 billion for a large portfolio of patents from Nortel in 2011– filed a patent infringement complaint against Cisco in the United States District Court for the District of Delaware (the "Rockstar-Cisco Litigation").[3] Rockstar asserted six patents against Cisco. Rockstar acquired each of those patents from NNI and its affiliates (collectively, "Nortel") in an auction process that was overseen by this Court. Each of those six patents was originally assigned to Nortel and describes technology that was purportedly developed by Nortel. Each patent issued to Nortel five to eleven years prior to Nortel filing for bankruptcy protection, and seven to thirteen years before the patents were transferred to Rockstar.

In answering the complaint that Rockstar filed on December 11, 2013, Cisco filed counterclaims for declaratory judgment of non-infringement and/or invalidity related to twenty-three additional patents that Rockstar acquired from Nortel.[4] Cisco filed those declaratory judgment counterclaims to protect itself and its customers from Rockstar's baseless allegations of patent infringement. Each patent was originally assigned to Nortel and describes technology that was purportedly developed by Nortel. The vast majority of those patents describe technology that Nortel purportedly developed in the 1990's. In addition to those claims, Cisco also filed counterclaims against Rockstar concerning: (1) Rockstar's breach of commitments that Nortel made to standard development organizations ("SDOs") to license patents on fair, reasonable, and

---

[2] "Rockstar" refers to six interconnected companies: Rockstar Bidco LP, Rockstar Bidco GP LLC, Rockstar Consortium US LP, Rockstar Consortium LLC, and Rockstar Consortium US LP's litigation subsidiaries, Bockstar Technologies LLC and Constellation Technologies LLC.

[3] *Bockstar Technologies LLC v. Cisco Sys., Inc.*, 13-cv-02020 (D. Del.). The complaint is Exhibit 1 to the Declaration of Dustin Guzior ("Guzior Decl.").

[4] Cisco's Amended Answer and Counterclaims is Exhibit 2 to the Guzior Decl.

non-discriminatory ("F/RAND") terms, (2) Rockstar's breach of royalty-free licensing commitments that Nortel made to certain SDOs, and (3) Rockstar's unfair competition stemming from assertion of Nortel's patents.

## OBJECTIONS

Cisco fully supports and incorporates by reference the Objections To Nortel's Motion For Relief Under Section 105(a) By Time Warner Cable Inc. And Time Warner Cable Enterprises LLC (the "TWC Objections"). While Cisco has not yet served a subpoena on NNI, NNI's proposed order would extend to "now pending or future third-party subpoenas."[5] Cisco therefore adopts the TWC Objections because NNI's proposed order will disadvantage Cisco in substantially the same manner that it will disadvantage TWC.

Cisco will serve a subpoena on NNI in the coming months through which it will seek substantially the same discovery that TWC seeks from NNI.[6] Cisco's discovery requests to NNI will be narrowly tailored in the same manner as TWC's.[7] Cisco also anticipates deposing several former Nortel employees, including the inventors of all of the patents-in-suit in the Rockstar-Cisco Litigation and several Rockstar executives and employees. Discovery from NNI, its affiliates, and certain of its former employees is critical to Cisco's claims and defenses for all of the same reasons articulated in the TWC Objections.[8] The material Cisco will request is only available from NNI and not from Rockstar and the Court should not prospectively enjoin Cisco from making reasonable and necessary discovery requests of NNI.

---

[5] D.I. 14476-2 ¶ 2.

[6] *See* TWC Objections, pp. 13-17. Cisco's requests for technology-related documents will obviously be modified to correspond to the patents-in-suit in the Rockstar-Cisco Litigation.

[7] TWC Objections, pp. 13-23.

[8] TWC Objections, pp. 9-12.

Cisco also incorporates the arguments advanced in the TWC Objections concerning the lack of authority for NNI's proposed order and the unconscionable nature of the remedy that NNI requests.[9]  If the Court were to enter NNI's proposed order, Cisco would be forced to continue as a defendant in a patent infringement case without access to information that is necessary to build a factual record in its defense.  Cisco also would be hampered in asserting its affirmative breach of contract and other claims that are premised on facts relating to Nortel's historical participation in SDOs.  The Court should not, in equity, allow that result.

Finally, Cisco incorporates the argument advanced in the TWC Objections that this Court should stay the Rockstar litigations, including the Rockstar-Cisco Litigation, if the Court is inclined to grant NNI any relief.  The United States District Court for the District of Delaware recently decided that the Rockstar-Cisco Litigation would move forward with the six patents originally asserted by Rockstar in the Rockstar-Cisco Litigation and with respect to licensing claims on five additional patents to which Cisco contends that it has a royalty-free license.[10]  It simply does not make sense to have the Rockstar-Cisco Litigation charge forward into full fact discovery while NNI maintains it cannot fulfill its third-party discovery obligations.  There is nothing unfair or unreasonable about staying these litigations until NNI has concluded with bankruptcy proceedings and is willing to participate in discovery.  What is manifestly unfair is for Nortel to sell its patents for $4.5 billion dollars to Rockstar for the purpose of assertion, for Rockstar to then unsurprisingly assert those patents in various fora, only to have NNI use its pending bankruptcy as a sword *and* shield to restrict Cisco's access to discovery that is critical to Cisco's defenses and claims in the Rockstar-Cisco Litigation.  Cisco requests that this Court

---

[9] TWC Objections, pp.23-47.

[10] Guzior Decl. Ex. 3.

exercise its authority to stay or enjoin the Rockstar-Cisco Litigation, as explained in the TWC Objections.[11]

| | |
|---|---|
| Dated  October 14, 2014<br>        Wilmington, Delaware | BIFFERATO LLC<br><br>/s/ *Ian Connor Bifferato*_____<br>Ian Connor Bifferato (No. 3273)<br>J. Zachary Haupt (No. 5344)<br>800 N. King St., First Floor<br>Wilmington, DE 19801<br>Phone: (302) 225-7600<br>Facsimile: (302) 792-7470<br><br>- and –<br><br>John M. Desmarais<br>Dustin F. Guzior<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, New York 10169<br>DGuzior@desmaraisllp.com<br>*Counsel to Cisco Systems, Inc.* |

---

[11] TWC Objections, pp. 48-51.