## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
                                               :
In re                                          :        Chapter 11
                                               :
Nortel Networks Inc., et al.,                  :        Case No. 09-10138(KG)
                                               :        Jointly Administered
                                               :
                       Debtors.                :        Re D.I. 14476, 14535
                                               :        Hearing Date: Nov. 7, 2014 at 10:00 a.m.
                                               :
------------------------------------------------------------ x
```

## OBJECTIONS TO NORTEL'S MOTION FOR RELIEF UNDER SECTION 105(a)
## BY THE MSO DECLARATORY JUDGMENT PLAINTIFFS[1]

The MSO Declaratory Judgment Plaintiffs (the "MSOs"), by and through their undersigned counsel, hereby oppose the motion filed by Nortel Networks, Inc. ("NNI"),[2] pursuant Sections 105(a), 107(b), 362(a), and 541 of the Bankruptcy Code and Bankruptcy Rule 9018, for the entry of an order: (a) enforcing and/or extending the automatic stay (b) enforcing, in the context of these third-party subpoenas, provisions in the Court's previous sale orders, protective orders, and  confidentiality orders that protect confidential and privileged information of Debtors and other  Nortel entities, (c) entering a protective order, and (d) granting related relief under Section 105(a) of the Bankruptcy Code.

---

[1]The MSO Declaratory Judgment Plaintiffs consist of Charter Communications, Inc, WideOpenWest Finance, LLC a/k/a WOW! Internet, Cable & Phone, Knology, Inc., Cequel Communications, LLC d/b/a Suddenlink Communications , and Cable One, Inc.

[2] D.I. 14476.

## BACKGROUND

To protect themselves from Rockstar's baseless allegations of patent infringement, on January 17, 2014, the MSOs filed a declaratory judgment action against Rockstar[3] in the United States District Court for the District of Delaware (the "Rockstar-MSO Litigation").[4]   The Rockstar-MSO Litigation concerns claims for declaratory judgment of non-infringement and/or invalidity for twelve patents that Rockstar acquired from NNI and its affiliates (collectively, "Nortel") in an auction process that was overseen by this Court.  Each of those twelve patents was originally assigned to Nortel and describes technology that was purportedly developed by Nortel. The majority of those patents describe technology that Nortel purportedly developed in the 1990's.

Apart from those claims, the MSOs also filed claims against Rockstar concerning: (1) Rockstar's breach of commitments that Nortel made to standard development organizations ("SDOs") to license patents on fair, reasonable, and non-discriminatory ("F/RAND") terms, (2) Rockstar's breach of royalty-free licensing commitments that Nortel made to certain SDOs, and (3) Rockstar's unfair competition stemming from assertion of Nortel's patents.

## OBJECTIONS

The MSOs fully support and incorporate by reference the Objections To Nortel's Motion For Relief Under Section 105(a) By Time Warner Cable Inc. And Time Warner Cable Enterprises LLC (the "TWC Objections").  While the MSOs have not yet served a subpoena on

---

[3] Rockstar is the patent assertion entity that paid $4.5 billion for a large portfolio of patents from Nortel in 2011 and that was created to monetize those Nortel patents through litigation.  "Rockstar" refers to six interconnected companies:  Rockstar Bidco LP, Rockstar Bidco GP LLC, Rockstar Consortium US LP, Rockstar Consortium LLC, and Rockstar Consortium US LP's litigation subsidiaries, Constellation Technologies LLC and Bockstar Technologies LLC.

[4] *Charter Communications, Inc., et al. v. Rockstar Consortium US LP et al.*, C.A. No. 14-055 (SLR).  The complaint is Exhibit 1 to the Declaration of Dustin Guzior ("Guzior Decl.")

NNI, NNI's proposed order would extend to "now pending or future third-party subpoenas."[5]  The MSOs therefore adopt the TWC Objections because NNI's proposed order will disadvantage the MSOs in substantially the same manner that it will disadvantage TWC.

The MSOs will serve a subpoena on NNI in the coming months through which they will seek substantially the same discovery that TWC seeks from NNI.[6]  Indeed, the MSOs consider discovery from NNI to be a high priority, and so they – as NNI notes in its motion – sought leave to serve early discovery requests on NNI.[7]

The MSOs' discovery requests to NNI will be narrowly tailored in the same manner as TWC's.[8]  The MSOs also anticipate deposing several former Nortel employees, including the inventors of all of the patents-in-suit in the Rockstar-MSO Litigation and several Rockstar executives and employees.  Discovery from NNI, its affiliates, and certain of its former employees is important to the MSOs' claims and defenses for all of the same reasons articulated in the TWC Objections.[9]  The MSOs understand that the information they will request is only available from NNI and not from Rockstar.  The Court should not prospectively enjoin the MSOs from making reasonable and necessary discovery requests of NNI.

The MSOs also incorporate the arguments advanced in the TWC Objections concerning the lack of authority for this Court to enter NNI's proposed order and the unconscionable nature

---

[5] D.I. 14476-2 ¶ 2.

[6] *See* TWC Objections, pp. 13-17.  The MSO' requests for technology-related documents will obviously be modified to correspond to the patents-in-suit in the Rockstar-MSO Litigation.

[7] D.I. 14476 ¶ 45.

[8] TWC Objections, pp. 17-23.

[9] TWC Objections, pp. 9-12.

of the remedy that NNI requests.[10]  If the Court were to enter NNI's proposed order, the MSOs would be forced to defend against baseless patent infringement allegations that Rockstar made against the MSOs without access to discovery from NNI to support their case.  The Court should not, in equity, allow that result.

Finally, the MSOs incorporate TWC's argument that this Court should stay the Rockstar litigations, including the Rockstar-MSO Litigation, if this Court is inclined to grant NNI any relief.  The United States District Court for the District of Delaware recently decided that the Rockstar-MSO Litigation would move forward with five patents to which the MSOs contend that they have a royalty-free license or to which the doctrine of patent exhaustion applies.[11]  The Court should not require the MSOs to move forward with litigation regarding royalty-free licenses and patent exhaustion while NNI maintains it cannot fulfill its third-party discovery obligations regarding those issues.  There is nothing unfair or unreasonable about staying these litigations until NNI has concluded with bankruptcy proceedings and is willing to participate in discovery.  What is unfair, however, is for Nortel to sell its patents for $4.5 billion dollars to Rockstar for the purpose of assertion, for Rockstar to then unsurprisingly assert those patents in various fora, only to have NNI use its pending bankruptcy as a sword *and* shield to restrict the MSOs' access to discovery to support their case in the Rockstar-MSO Litigation.  The MSOs therefore request that this Court exercise its authority to stay or enjoin the Rockstar-MSO Litigation, as explained in the TWC Objections.[12]

---

[10] TWC Objections, pp.23-47.

[11] Guzior Decl. Ex. 2.

[12] TWC Objections, pp. 48-51.

Dated  October 14, 2014
       Wilmington, Delaware

BIFFERATO LLC


*/s/ Ian Connor Bifferato*
Ian Connor Bifferato (No. 3273)
J. Zachary Haupt (No. 5344)
800 N. King St., First Floor
Wilmington, DE 19801
Phone: (302) 225-7600
Facsimile: (302) 792-7470

- and –

John M. Desmarais
Dustin F. Guzior
DESMARAIS LLP
230 Park Avenue
New York, New York 10169
DGuzior@desmaraisllp.com
*Counsel to MSO Declaratory Judgment
Plaintiffs.*