# Exhibit 3

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOCKSTAR TECHNOLOGIES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 13-2020-SLR |
| CISCO SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) | |
| CISCO SYSTEMS, INC., | ) ) | |
| Counterclaim-Plaintiff, | ) ) ) | |
| v. | ) ) | |
| BOCKSTAR TECHNOLOGIES, LLC, et al., | ) ) ) | |
| Counterclaim-Defendants. | ) | |
| CHARTER COMMUNICATIONS INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civ. No. 14-55-SLR |
| ROCKSTAR CONSORTIUM US LP, et al., | ) ) ) ) | |
| Defendants. | ) | |
| ARRIS GROUP, INC., et al., | ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civ. No. 14-114-SLR |
| CONSTELLATION TECHNOLOGIES, LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

At Wilmington this 10th day of October, 2014, having conferred with counsel;

IT IS ORDERED that the above captioned cases shall proceed as follows:

1. The first filed of the above captioned lawsuits, *Bockstar Technologies LLC v. Cisco Systems, Inc.*, Civ. No. 13-2020 ("*Bockstar*"), shall proceed consistent with my case management procedures.[1] A telephonic scheduling conference shall be conducted in this case on **Wednesday, October 22, 2014 at 1:00 p.m.**, with counsel for plaintiff initiating the call.

2. The remaining declaratory judgment lawsuits (and the declaratory judgment counterclaims filed by Cisco Systems, Inc. in Civ. No. 13-2020) (collectively referred to as the "DJ cases" brought by the "DJ plaintiffs") shall be stayed pending further order of the court, and all pending motions to dismiss denied without prejudice to renew,[2] with the following exceptions:

    a. The CableLabs DOCSIS and PacketCable claims brought by the DJ plaintiffs that implicate potentially dispositive licensing issues with respect to five

---

[1] Having reviewed more closely the case management proposal by the DJ plaintiffs, I find it ironic that, of the 7 proposed "technical groupings" for litigation, 4/6 patents asserted in *Bockstar* are not listed until "group 3," with the remaining 2 patents not listed until "group 7." Although the DJ plaintiffs complain that the original *Bockstar* patents involved "disparate products," the 3 additional Bockstar patents asserted by Cisco Systems, Inc. involve yet another, disparate technical group ("group 4"). While grouping patents by technologies for pretrial and trial purposes generally appeals to my sense of order, and despite the power apparently given to certain business entities by the Federal Circuit's latest foray into discretionary matters of case management, the DJ plaintiffs fail to persuade in this instance when their agenda is so transparent.

[2] D.I. Nos. 43 and 47 in Civ. No. 13-2020-SLR; D.I. 58 in Civ. No. 14-55-SLR; D.I. Nos. 28 in Civ. No. 14-114-SLR

patents asserted in the DJ cases[3] shall be addressed on a schedule to be determined at a telephonic status conference to be conducted on **Wednesday, October 22, 2014 at 2:00 p.m.**, with counsel for Cisco Systems, Inc. initiating the call.[4]

    b. I will decide in due course the motion to dismiss filed by counterclaim defendant Spherix Incorporated.

                                                    /s/ Sue L. Robinson
                                           United States District Judge

---

[3] U.S. Patent Nos. 5,761,197; 6,130,893; 6,321,253; 5,471,474; and 6,128,298.

[4] Given the relationship between Cisco and ARRIS (as suppliers of the accused products) and their customers, the enforcement strategies attributed to the related group of patent owners at bar, and the argument conducted on October 8, 2014, I am satisfied that I have jurisdiction to resolve at least this specific matter in the context of these DJ cases, even in the absence of direct threats against the suppliers/DJ plaintiffs. See *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 906 (Fed. Cir. 2014).