**Exhibit B**

# ALLEN & OVERY

**BY EMAIL**

Jeffrey A. Rosenthal
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006-1470

Allen & Overy LLP
1221 Avenue of the Americas
New York NY 10020

Tel    212 610 6300
Fax   212 610 6399
ken.coleman@allenovery.com

October 10, 2014

Re:   <u>In re Nortel Networks Inc., et al., Case No. 09-10138 (Bankr. D. Del.)</u>

Dear Mr. Rosenthal:

      We write on behalf of the Monitor and the Canadian Debtors in response to your letter dated October 8, 2014, in which you enclosed three items: (1) a notice for the deposition of Dr. Paul Wertheim for October 22, 2014 at 9:00 a.m., (2) a notice for the deposition of Murray McDonald for October 23, 2014 at 9:00 a.m., and (3) the U.S. Debtors' requests for the production of documents to the Monitor and the Canadian Debtors. As a preliminary matter, please take note that Jacob Pultman, who leads our litigation team in this matter, is currently unavailable because of religious observances. Mr. Pultman will be available again beginning on the evening of Saturday, October 11, 2014. We will be available from that point forward to hold more detailed discussions regarding the matters raised in your October 8 letter, as well as any other concerns or questions that you may have regarding discovery in connection with the *Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement by and among Nortel Networks Inc., the Supporting Bondholders, and the Bank Of New York Mellon with Respect to the NNI Post-Petition Interest Dispute and Related Issues* [D.I. 14076] (the "**9019 Motion**").

      In the interim, we are pleased to confirm that Dr. Paul Wertheim is available for deposition on the date and time that you inserted into Dr. Wertheim's deposition notice: October 22, 2014, at 9:00 a.m. We also confirm that we will provide our responses to your document production requests by Friday October 17, 2014, at 5:00 p.m., as ordered by the Court in its *Order Establishing Discovery Schedule and Other Procedures in Connection with the U.S. Debtors' 9019 Motion* [D.I. 14345] (the "**Discovery Order**").

      The U.S. Debtors will have a full opportunity to test the underpinnings of Dr. Wertheim's opinions at his deposition. As Dr. Wertheim is the only witness the Monitor and the

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practise in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Athens, Bangkok, Barcelona, Beijing, Belfast, Bratislava, Brussels, Bucharest (associated office), Budapest, Casablanca, Doha, Dubai, Düsseldorf, Frankfurt, Hamburg, Hanoi, Ho Chi Minh City, Hong Kong, Istanbul, Jakarta (associated office), London, Luxembourg, Madrid, Mannheim, Milan, Moscow, Munich, New York, Paris, Perth, Prague, Riyadh (associated office), Rome, São Paulo, Shanghai, Singapore, Sydney, Tokyo, Warsaw, Washington, D.C. and Yangon.

Canadian Debtors intend to call in support of their objection to the 9019 Motion, the Monitor and the Canadian Debtors have no further obligation under the Discovery Order to make individuals available for deposition. Nonetheless, it would be helpful if the U.S. Debtors could articulate the reasons why they believe that Mr. McDonald's deposition is necessary. The basis for that assertion is not clear from the face of your October 8 letter, particularly given that the Monitor and Canadian Debtors have neither designated Mr. McDonald as a witness nor offered any evidence or "factual assertions" that would require testimony from Mr. McDonald, and that the burden of proof on the 9019 Motion lies with the U.S. Debtors, not the Monitor and Canadian Debtors. Finally, it is worth noting that the U.S. Debtors first previewed their intention to seek Mr. McDonald's deposition a month before Dr. Wertheim's report and the Monitor's and Canadian Debtors' supplemental objection to the 9019 Motion were even filed. Under these circumstances, we have significant concerns that the U.S. Debtors' request for Mr. McDonald's deposition is a premeditated tactic to harass, rather than a legitimate effort to seek necessary and targeted discovery.

    We look forward to discussing these matters in further detail with you.

Sincerely,

Ken Coleman