IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : Jointly Administered
:
:
---------------------------------------------------------- X

### DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE RELATING TO DEBTORS' MOTION FOR ENTRY OF AN ORDER COMPELLING THE DEPOSITION OF MURRAY MCDONALD

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors") hereby move this Court (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) shortening notice to allow the Debtors' Motion for Entry of an Order Compelling the Deposition of Murray McDonald (the "Motion to Compel"),[2] filed contemporaneously herewith, to be considered on an expedited basis; (ii) setting the deadline to file objections to the Motion to Compel (the "Objection Deadline"); and (iii) scheduling a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Compel.

hearing on the Motion to Compel on the earliest date available on or after **October 17, 2014**, and on or before **October 20, 2014** (the "Hearing").  In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

## Background

3.  On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,³ filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only (the "Chapter 11 Cases").  The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.  On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

---

³ Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors and a Monitor, Ernst & Young Inc., was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration under the control of individuals from Ernst & Young LLP.  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6. Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

## Relief Requested

7. By this Motion, the Debtors seek the entry of an order (i) shortening the notice period for the Motion to Compel to allow it to be considered on an expedited basis; (ii) setting the Objection Deadline; and (iii) scheduling the Hearing on the earliest date available on or after **October 17, 2014**, and on or before **October 20, 2014**.

## Facts Relevant to this Motion

8. On July 24, 2014, the Debtors filed the *Debtors' Motion For Entry Of An Order Pursuant To Bankruptcy Rule 9019 Approving Settlement Agreement By And Among Nortel*

---

[4] The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5] The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

*Networks Inc., The Supporting Bondholders, And The Bank Of New York Mellon With Respect To The NNI Post-Petition Interest Dispute And Related Issues* [D.I. 14076] (the "PPI Settlement Motion"). On September 2, 2014, the Court entered the *Order Establishing Discovery Schedule and Other Procedures in Connection with the U.S. Debtors' 9019 Motion* [D.I. 14345] (the "Scheduling Order"). The Scheduling Order provides for depositions of witnesses identified by the Objecting Parties on October 22-23, 2014, and provides the opportunity for parties to seek additional discovery from this Court in respect of the PPI Settlement Motion. Scheduling Order at ¶¶ 9-10.

9. As described in the Motion to Compel, on October 8, 2014, the Debtors served the *Notice of Deposition of Murray McDonald* [D.I. 14541] (the "Deposition Notice"). At that time, counsel for the Debtors requested that the Objecting Parties confirm the availability of Mr. McDonald for deposition on October 23, 2014.[6] On October 10, 2014, counsel for the Objecting Parties requested additional information regarding the Debtors' request for the deposition of Mr. McDonald. On October 12, 2014, counsel for the Debtors provided that additional information, requested that the Objecting Parties confirm Mr. McDonald's availability on or before noon on October 14, 2014, and indicated that the Debtors would seek prompt relief from this Court in the event of the Objecting Parties' refusal to make Mr. McDonald available for deposition. On the evening of October 14, counsel for the Objecting Parties communicated to counsel for the Debtors that it would not make Mr. McDonald available for deposition absent court order.

---

[6] The Debtors served Mr. McDonald's notice of deposition two days before the October 10, 2014 deadline in order to ensure sufficient opportunity for the Monitor and Canadian Debtors to object and obtain judicial relief, if necessary, before the October 23 deposition.

4

**Basis for Relief**

10.     Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).  As set forth below, shortening notice is justified here.

11.     The Debtors respectfully submit that it is in the best interest of the Debtors' estates to have the Motion to Compel resolved by this Court as soon as possible.  The Debtors have requested a telephonic hearing on the Motion to Compel on Friday, October 17, or, if the Court is not available at that date, Monday, October 20, in light of the fact that, in accordance with the terms of the Scheduling Order, (1) the deposition of Mr. McDonald has been noticed for October 23, 2014, and the Debtors require sufficient advance notice as to whether he will be made available for deposition in order to prepare for any such deposition; and (2) the Motion to Compel will have a significant effect on the Debtors' preparation for the October 22, 2014 deposition of Dr. Paul Wertheim.  The Debtors served the Deposition Notice on October 8 and then filed the Motion to Compel within one day of being advised six days later by counsel for the Objecting Parties that Mr. McDonald would not appear for deposition.  The Objecting Parties have already known for a week that this Motion to Compel would be filed if they did not comply with the Deposition Notice and that it would necessarily be brought on shortened notice in light of the October 23 deposition deadline, and so the Objecting Parties will not be prejudiced by the scheduling of a hearing on the Motion to Compel on October 17 or October 20.  For these reasons, the Debtors believe that a hearing on the Motion to Compel on shortened notice so as to

avoid disruption to the already tight schedule leading up to the November 4 hearing is in the best interests of the Debtors' estates and creditors.[7]

12. For these reasons, the Debtors respectfully submit that allowing the Motion to Compel to be considered on shortened notice is reasonable and appropriate under the circumstances.

13. The Committee and the Bondholder Group support this Motion.

## Notice

14. Notice of the Motion has been given via electronic transmission, first class mail, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) the Committee; (iii) the Monitor and Canadian Debtors; (iv) all parties filing objections to the PPI Settlement before this Court; and (v) the general service list established in these chapter 11 cases. Accordingly, the Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

15. No prior request for the relief sought herein has been made to this or any other court.

[*REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK*]

---

[7] Because the principal advocate on this issue for the Debtors, Jeffrey Rosenthal, is scheduled to serve on jury duty on Friday, October 17 (the Debtors' preferred hearing date), the Debtors respectfully request that any hearing scheduled for that date be held as late as convenient for the Court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: October 15, 2014<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>Howard S. Zelbo (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Jeffrey A. Rosenthal (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors<br>and Debtors in Possession* |