**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*, | Case No. 09-10138 (KG) |
| | (Jointly Administered) |
| Debtors. | **Re: D.I. 14570, 14571, 14572** |

**OBJECTON OF THE MONITOR AND THE CANADIAN DEBTORS TO DEBTORS' MOTION TO SHORTEN NOTICE RELATING TO DEBTORS' MOTION FOR ENTRY OF AN ORDER COMPELLING THE DEPOSITION OF MURRAY MCDONALD**

Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") and foreign representative of Nortel Networks Corporation and certain of its Canadian direct and indirect subsidiaries (collectively, the "**Canadian Debtors**") in proceedings under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice (Commercial List), together with the Canadian Debtors (collectively, the "**Canadian Interests**") hereby object to the *Debtors' Motion for Entry of an Order Shortening Notice Relating to Debtors' Motion for Entry of an order Compelling the Deposition of Murray McDonald* (the "**Motion to Shorten**")[1] [Dkt. No. 14572]. In support of this objection, the Canadian Interests respectfully represent as follows:

**OBJECTION**

1. The Canadian Interests object to the Motion to Compel being heard on essentially one day's notice. The Canadian Interests are committed to meeting the current court-ordered schedule with respect to the proposed PPI Settlement, and do not object to the Motion to

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Shorten.

Compel being heard on shortened notice. However, it is wholly inappropriate and unnecessary for the Motion to Compel to be considered on the extremely compressed schedule now being proposed by the Debtors.

2. First, Mr. Jacob Pultman, who is leading the representation of the Canadian Interests with respect to discovery in this matter, is (as the Debtors well know) unavailable until Saturday evening due to religious observances. To require the Canadian Interests to respond on the merits to the Motion to Compel without the active participation of the lead attorney who is addressing that dispute would be highly prejudicial. The objection deadline and hearing with respect to the Motion to Compel should be scheduled so as to allow Mr. Pultman to be involved in this issue. At a minimum, opposition to the Motion to Compel should not be required before 4:00 p.m. Monday, October 20, 2014.

3. Second, and putting aside the troubling timing of the Debtors' motions, the Debtors fail to demonstrate why the Motion to Compel must be fully briefed and heard a day after it was received by the Canadian Interests. The Motion to Compel and the Motion to Shorten were filed shortly before midnight on October 15, 2014, and only received by the Canadian Interests on the morning of October 16, 2014. In light of the fundamental differences between the parties on the substantive issues underlying the Motion to Compel, proceeding with a hearing on the merits of that motion only a day after it was filed on October 17, 2014, would not afford the Canadian Interests adequate time to reply to the Motion to Compel, nor would it afford the Court adequate time to fairly consider the issues. As such, the Canadian Interests request that they be provided at least the weekend to prepare their substantive response to the Motion to Compel.

4.       Third, the argument that the Motion to Compel will have an impact on the Debtors' preparation for the scheduled deposition of Dr. Paul Wertheim is entirely misplaced— the Debtors' own proposed schedule provides for Mr. McDonald to be deposed *after* Dr. Wertheim's currently scheduled deposition on October 22, 2014.  As the Debtors apparently recognize, they are fully capable of testing the scope and legitimacy of Dr. Wertheim's opinions without a prior decision on the Motion to Compel.

5.       Fourth, contrary to the Debtors' assertion, there can be no reasonable dispute that the Canadian Interests will be prejudiced if the hearing on the Motion to Compel were to proceed on Friday.  The Canadian Interests have questioned the need and appropriateness of the Debtors' request to depose Mr. McDonald at all relevant times. The Debtors' decision on October 8, 2014, to improperly and unilaterally notice the deposition of Mr. McDonald was entirely inappropriate, and is at odds with the agreed order with respect to the very limited discovery of the Canadian Interests contemplated by the parties and the Court in relation to the PPI Settlement (the "**Discovery Order**") [Dkt. No. 14345].  The Debtors had no right, without further relief from the Court, to notice the deposition of Mr. McDonald, or any other individual, besides the witnesses affirmatively designated by the Canadian Interests as those witnesses they intend to call in support of their objection to the PPI Settlement Motion.[2] The Canadian Interests have only had today to consider the Motion to Compel and the purported bases for the relief.  It would be highly prejudicial to proceed on the merits after providing the Canadian Interests with only one day to respond.  The hearing is currently scheduled to take

---

[2]    The Discovery Order, which was agreed to by the parties after extensive discussions and submitted to the Court on certification of counsel, provides that the Debtors and other parties supporting the PPI Settlement are entitled to depose the witnesses designated by the Canadian Interests.  Pursuant to the Discovery Order, the Canadian Interests only designated Dr. Wertheim, whose deposition the Debtors will take on October 22, 2014.  The Discovery Order specifically provides that any additional discovery not specifically provided for in the order will be completed according to a schedule set by the Court or agreed upon by the parties.  Discovery Order ¶ 10.

3

place three weeks from now, on November 4, 2014, and therefore there is time in the schedule to consider this issue in a more reasonable timeframe.

6.   In order to preserve their interests and assist the Court in considering these matters, the Canadian Interests respectfully request that the Court provide sufficient time for the Canadian Interests to fully and fairly address the merits of the Motion to Compel. There is no prejudice to the Debtors in doing so.

## CONCLUSION

7.   For the foregoing reasons, the Canadian Interests respectfully request that the deadline for filing objections to the Motion to Compel be set for 4:00 p.m. on October 20, 2014, at the earliest, and that a telephonic hearing on the Motion to Compel be scheduled for a time that is appropriate under the circumstances.

[*Intentionally left blank*]

Dated: Wilmington, Delaware
      October 16, 2014

**BUCHANAN INGERSOLL & ROONEY PC**

/s/
Mary F. Caloway (No. 3059)
Kathleen A Murphy (No. 5215)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
kathleen.murphy@bipc.com

-and-

**ALLEN & OVERY LLP**

Jacob S. Pultman
Ken Coleman
Daniel J. Guyder
1221 Avenue of the Americas
New York, New York  10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
ken.coleman@allenvoery.com
daniel.guyder@allenovery.com
jacob.pultman@allenovery.com

*Attorneys for Ernst & Young Inc., as Monitor and Foreign Representative of the Canadian Debtors*