## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138(KG) |
| | : | |
| Debtors. | : | **Hearing Date: Nov. 7, 2014 at 12:00 p.m.** |
| | : | |
| | : | **Objections Due: October 31, 2014 at 4:00 p.m.** |
| | : | |
| | : | |

-------------------------------------------------------------x

**MOTION FOR AN ORDER AUTHORIZING TIME WARNER CABLE INC., TIME WARNER CABLE ENTERPRISES LLC, CISCO SYSTEMS, INC., ARRIS GROUP, INC., ARRIS ENTERPRISES, INC., ARRIS SOLUTIONS, INC., GENERAL INSTRUMENT CORPORATION, CHARTER COMMUNICATIONS, INC., WIDEOPEN WEST FINANCE, LLC A/K/A WOW! INTERNET, CABLE & PHONE, KNOLOGY, INC., CEQUEL COMMUNICATIONS, LLC D/B/A SUDDENLINK COMMUNICATIONS, AND CABLE ONE INC. TO FILE UNDER SEAL CERTAIN PORTIONS OF THEIR OBJECTIONS AND DECLARATIONS TO DEBTOR'S MOTION FOR RELIEF UNDER SECTION 105(A)**

Time Warner Cable Inc. and Time Warner Cable Enterprises LLC (together, "TWC"),

Cisco Systems, Inc. ("Cisco"), ARRIS Group, Inc., ARRIS Enterprises, Inc., ARRIS Solutions,

Inc., and General Instrument Corporation (collectively, "ARRIS"), Charter

Communications, Inc., WideOpenWest Finance,LLC a/k/a WOW! Internet, Cable & Phone,

Knology, Inc., Cequel Communications, LLC d/b/a Suddenlink Communications, and Cable

---

[1] Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma  Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications  Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks  HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc.  (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and  Nortel Networks (CALA) Inc. (4226).  Contact information for the U.S. Debtors and their petitions are  available at http://dm.epiq11.com/nortel.

One, Inc. (collectively, the "MSOs," and together with TWC, Cisco and Arris, the "Objectors"),

by and through their undersigned counsel, hereby file this motion (the "Motion") for an order,

substantially in the form attached hereto as Exhibit A, authorizing them to file under seal certain

portions of their respective Objections and Declarations (the "Objections") [D.I. 14551 - 14559]

to Nortel's Motion for (a) an Order Enforcing and/or Extending the Automatic Stay, (b) an Order

Enforcing the Court's Prior Orders, (c) a Protective Order, and (d) Related Relief Under Section

105(a) [Dkt. No. 14476] (the "105 Motion"), *nunc pro tunc* to Tuesday, October 14, 2014 and in

support hereof respectfully states as follows:

## Jurisdiction

1.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these

proceedings and the Motion in this Court is proper under 28 U.S.C. § 1408.

2.      The statutory basis for the relief requested herein are section 107(b) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules for the United States

Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc. ("NN CALA"),[2] filed voluntary petitions for relief under Chapter 11 of

the Bankruptcy Code in this Court.  The cases (the "Chapter 11 Cases") are consolidated for

procedural purposes only.  Debtors continue to operate as debtors in possession pursuant to

---

[2] NN CALA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' Chapter 11 cases for procedural purposes [D.I. 1098].

Sections 1107(a) and 1108 of the Bankruptcy Code.

4.      During these Chapter 11 cases, Debtors, along with other Nortel entities, sold a patent portfolio to Rockstar Bidco, LP ("Rockstar").  Certain of those patents have been asserted by Rockstar against TWC,[3] Cisco,[4] ARRIS,[5] and the MSOs.[6]

5.      On September 26, 2014, Nortel Networks Inc. ("NNI") filed its 105 Motion seeking, among other things, broad injunctive relief that would prevent TWC, Cisco, ARRIS, and the MSOs from seeking discovery in litigations against Rockstar.[7]

6.      As more fully described in the Objections, filed on October 14, 2014 and fully incorporated herein by reference, TWC, Cisco, ARRIS, and the MSOs object to NNI's proposed order blocking third-party discovery from NNI and other parties for the reasons provided in those objections.[8]

7.      In support of the Objections, TWC, Cisco, ARRIS, and the MSOs rely on and include as exhibits certain non-public information and documents (the "Non-Public Documents").[9]  Those documents were either designated confidential by NNI under the protective order described in paragraph 8, *infra*,[10] or filed under seal by the relevant party with the United States District Court for the District of Delaware.[11]

---

[3] *Constellation Techs. LLC v. Time Warner Cable Inc., et al.*, No. 2:13-cv-01079-RSP (E.D. Tex.).
[4] *Bockstar Technologies LLC v. Cisco Sys., Inc.*, 13-cv-02020 (D. Del.).
[5] *ARRIS Group, Inc. v. Constellation Technologies LLC*, C.A. No. 14-114 (SLR) (D. Del.).
[6] *Charter Communications, Inc., et al. v. Rockstar Consortium US LP et al.,* C.A. No. 14-055 (SLR) (D. Del.).
[7] D.I. 14476.
[8] D.I. 14551, 14553, 14556, 14558.
[9] D.I. 14552 at Ex. 10, 14554 at Ex. 2, 14557 at Ex. 2, 14559 at Ex. 2.
[10] D.I. 14552 at Ex. 10.
[11] D.I. 14554 at Ex. 2, 14557 at Ex. 2, 14559 at Ex. 2.

8.      Because certain information in Rockstar's patent infringement action against TWC involves the disclosure of trade secrets, confidential business information or other proprietary information, on June 23, 2014, the United States District Court for the Eastern District of Texas entered a Protective Order governing the designation, exchange and treatment of all such information ("Protective Order," attached hereto as Exhibit B).

9.      Because the counter-complaints or complaints filed by Cisco, ARRIS, or the MSOs in the United States District Court for the District of Delaware involve the disclosure of trade secrets, confidential business information or other proprietary information, those documents were filed under seal with the district court and the public versions contained redactions.[12]

## Request for Relief

10.     By this Motion, Objectors seek an order pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1 authorizing them to file under seal certain portions of the Objection, including the Non-Public Exhibits, which include confidential information.

11.     Objectors filed redacted version of their Objection and/or exhibits, which exclude the portions of the Objection containing confidential information ("Confidential Information") and the Non-Public Exhibits.  A full unredacted version of the TWC Objection will be filed under seal with the Court and has been provided on a confidential basis to the Debtors.

---

[12] *See* D.I. 14554 at Ex. 2, 14557 at Ex. 2, 14559 at Ex. 2.

**Basis for Relief**

12.     The relief requested by Objectors is authorized by section 107(b) of the

Bankruptcy Code, which provides the Bankruptcy Court with the power to issue orders

protecting confidential, commercial or proprietary information as follows:

> On request of a party in interest, the bankruptcy court shall …
> protect an entity with respect to a trade secret or confidential
> research, development, or commercial information ….

11 U.S.C. § 107(b).

13.     Furthermore, Bankruptcy Rule 9018 defines the procedure by which a party may

move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court
> may make any order which justice requires … to protect the estate
> or any entity in respect of a trade secret or other confidential
> research, development or commercial information ….

Fed. R. Bankr. P. 9018.

14.     Both the statute and the rule are similar to the provisions of Rule 26(c) of the

Federal Rules of Civil Procedure which permits a court to "make any order which justice

requires to protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense, including … that a trade secret or other confidential research, development or

commercial information not be revealed or be revealed only in a designated way…."  Fed. R.

Civ. P. 26(c).  *See in re 50-Off Stores,* 213 B.R. 646, 650 (W.D. Tex. 1997).

**Notice**

15.     Notice of this Motion has been provided to (a) the Debtor, (b) the Office of the

United States Trustee, (c) the official committee of unsecured creditors, and (d) those parties

requesting notice in this case.  In light of the nature of relief requested herein, the Objectors

submit that no other or further notice is required.

**No Prior Request**

16.    No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, based upon all of the foregoing, the Objectors respectfully requests that an order in substantially the form attached hereto as <u>Exhibit A</u> be entered immediately authorizing the Objectors to file portions of the Objection and the Non-Public Exhibits under seal and granting such other relief as the Court deems just and proper.

Dated  October 17, 2014                          BIFFERATO LLC
       Wilmington, Delaware

                                                 */s/ Ian Connor Bifferato*
                                                 Ian Connor Bifferato (No. 3273)
                                                 J. Zachary Haupt (No. 5344)
                                                 800 N. King St., First Floor
                                                 Wilmington, DE 19801
                                                 Phone: (302) 225-7600
                                                 Facsimile: (302) 792-7470

                                                 - and –

                                                 John M. Desmarais
                                                 Dustin F. Guzior
                                                 DESMARAIS LLP
                                                 230 Park Avenue
                                                 New York, New York 10169
                                                 DGuzior@desmaraisllp.com
                                                 *Counsel to Time Warner Cable*