# **EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| | (Jointly Administered) |
| Debtors. | |

## THE MONITOR AND THE CANADIAN DEBTORS' REQUESTS FOR THE PRODUCTION OF DOCUMENTS FROM THE U.S. DEBTORS IN CONNECTION WITH THE U.S. DEBTORS' 9019 MOTION

PLEASE TAKE NOTICE that Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") and foreign representative of Nortel Networks Corporation ("**NNC**") and certain of its Canadian direct and indirect subsidiaries, including Nortel Networks Limited ("**NNL**") (collectively, the "**Canadian Debtors**"), in proceedings (the "**Canadian Proceedings**") under Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), pending before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**," and together with this Court, the "**Courts**"), together with the Canadian Debtors, hereby serve and request that the U.S. Debtors respond to the following requests for production of documents (the "**Requests for Production of Documents**") in connection with the *Debtors' Motion For Entry Of An Order Pursuant To Bankruptcy Rule 9019 Approving Settlement Agreement By And Among Nortel Networks Inc., The Supporting*

---

[1] The debtors in the chapter 11 cases, along with the last four digits of each such debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226) (collectively, the "**U.S. Debtors**")

*Bondholders, And The Bank Of New York Mellon With Respect To The NNI Post-Petition Interest Dispute And Related Issues*, filed on July 24, 2014 [D.I. 140763] (the "**9019 Motion**"), pursuant to the *Order Establishing Discovery Schedule And Other Procedures In Connection With The U.S. Debtors' 9019 Motion* (the "**Discovery Order**"), entered on September 2, 2014 [D.I. 14345], and in accordance with the Federal Rules of Civil Procedure, made applicable to this contested matter through Rules 7026, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.  Pursuant to the Discovery Order, the responses are to be provided to Jacob Pultman at Allen & Overy LLP, 1221 Avenue of the Americas, New York, NY 10020 by September 29, 2014 at 5:00pm (prevailing Eastern time).

**DEFINITIONS AND INSTRUCTIONS**

Unless otherwise indicated, the definitions of the terms used in the "Definitions" section and the instructions outlined in the "Instructions" section of the Monitor and Canadian Debtors' *First Set Of Requests For Production*, served on May 22, 2013 [D.I. 10630], are incorporated herein by reference.

The term "Chilmark" means Chilmark Partners LLC, and any of its divisions, affiliates, subsidiaries, parents, departments, principals, owners, agents (including counsel), current or former employees, contractors, agents assignees, successors, trustees, investigators, accountants or other person(s) or entity(s) acting or purporting to act on its behalf.

The term "FTI" means FTI Consulting, Inc., and any of its divisions, affiliates, subsidiaries, parents, departments, principals, owners, agents (including counsel), current or former employees, contractors, agents assignees, successors, trustees, investigators, accountants or other person(s) or entity(s) acting or purporting to act on its behalf.

The term "NNI" means Nortel Networks Inc., any of the U.S. Debtors, and any of NNI and the U.S. Debtors' divisions, affiliates, subsidiaries, parents, departments, principals, owners, agents (including counsel), current or former employees, contractors, agents assignees, successors, trustees, investigators, accountants or other person(s) or entity(s) acting or purporting to act on their behalf.

The term "Statement[s] of Cash Receipts and Disbursements" has the same meaning as set forth in *Monthly Operating Report No. 60* filed with the Court by the U.S. Debtors on April 30, 2014 [D.I. 13431].

The term "Tax Liability" means the "tax liability" referred to, and estimated to be "between 400 million and a billion dollars," by counsel for NNI during opening statements on day 1 of the allocation trial held on May 12, 2014. (*See* May 12, 2014 Trial Tr. at 171:12-172:5).

The following terms have the meaning ascribed to them in the 9019 Motion and Exhibit B to that motion, filed on July 24, 2014:

- "PPI Settlement Agreement"
- "Supporting Bondholders"

Unless otherwise indicated, the relevant time period for purposes of these Requests is between June 16, 2014, and the date of your responses to these Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1**

All documents and communications, including, but not limited to, analyses, projections, valuations, models, calculations, summaries, memoranda or reviews, that were created, relied upon, reviewed, discussed or consulted by John J. Ray III, NNI or Chilmark in reaching the conclusion that there are "certain outcomes" under which there could be residual value in the NNI estate for distribution to equity after satisfaction of the PPI Settlement Amount. (*See* Sept. 15, 2014 Transcript of the Deposition of John J. Ray III ("**Ray Tr.**") at 72:20-75:6, 96:17-98:18).

**DOCUMENT REQUEST NO. 2**

All documents and communications, including, but not limited to, analyses, projections, valuations, models, calculations, summaries, memoranda or reviews, that were created, relied upon, reviewed, discussed or consulted by John J. Ray III, NNI or Chilmark in reaching the view that the Proposed Settlement was "beneficial for the creditor group at large" and the estate, including equity. (*See* Ray Tr. at 70:21-71:10).

**DOCUMENT REQUEST NO. 3**

All documents and communications relating to the meeting held at the New York offices of Cleary Gottlieb Steen & Hamilton LLP on July 15, 2014, including, but not limited to, any meeting minutes, summaries, memoranda, reviews or analyses, that were created, relied upon, reviewed, discussed or consulted in connection with the meeting.

**DOCUMENT REQUEST NO. 4**

All documents and communications, including, but not limited to, analyses, projections, valuations, models, calculations, summaries, memoranda or reviews, that were

created, relied upon, reviewed, discussed or consulted by John J. Ray III, NNI or Chilmark in attributing a value of under $100 million to the Tax Liability in assessing whether there are outcomes under which there could be residual value in the NNI estate for distribution to equity after satisfaction of the PPI Settlement Amount.  (*See* Ray Tr. at 98:19-22).

**DOCUMENT REQUEST NO. 5**

All operating reports, including any drafts, that have been prepared since *Monthly Operating Report No. 60* was filed with the Court on April 30, 2014.

**DOCUMENT REQUEST NO. 6**

All Statements of Cash Receipts and Disbursements, projections of future cash flows, cash position statements, or other statements or summaries of cash activity relating to the NNI estate that were created, relied upon, reviewed, discussed or consulted by John J. Ray III, NNI or Chilmark in assessing whether there are outcomes under which there could be residual value in the NNI estate for distribution to equity after satisfaction of the PPI Settlement Amount. (*See* Ray Tr. at 99:17-19).

**DOCUMENT REQUEST NO. 7**

All documents, including, but not limited to, financial data, models, valuations, calculations, projections, analyses, memoranda or summaries, that were shared or discussed between NNI (including Chilmark) and the Supporting Bondholders (including FTI) in connection with the negotiation of the PPI Settlement Agreement.

**DOCUMENT REQUEST NO. 8**

All communications between John J. Ray III and any attorneys from Milbank, Tweed, Hadley & McCloy LLP relating to the PPI Settlement Agreement.

Dated: September 22, 2014
Wilmington, Delaware

          **BUCHANAN INGERSOLL & ROONEY PC**

          /s/   *Kathleen A. Murphy*
          Mary F. Caloway (No. 3059)
          Kathleen A. Murphy (No. 5215)
          919 North Market Street, Suite 1500
          Wilmington, Delaware 19801
          (302) 552-4200 (telephone)
          (302) 552-4295 (facsimile)
          mary.caloway@bipc.com
          kathleen.murphy@bipc.com

          -and-

          **ALLEN & OVERY LLP**

          Jacob Pultman
          Paul Keller
          Laura Hall
          1221 Avenue of the Americas
          New York, NY  10020
          (212) 610-6300 (telephone)
          (212) 610-6399 (facsimile)
          jacob.pultman@allenovery.com
          paul.keller@allenovery.com
          laura.hall@allenovery.com

          *Attorneys for Ernst & Young Inc., as Monitor*
          *and the Canadian Debtors*