**<u>EXHIBIT D</u>**

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW

FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG

BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

LAURENT ALPERT
VICTOR I LEWKOW
LESLIE N SILVERMAN
ROBERT L TORTORIELLO
LEE C BUCHHEIT
JAMES M PEASLEE
ALAN L BELLER
THOMAS J MOLONEY
JONATHAN I BLACKMAN
MICHAEL L RYAN
ROBERT P DAVIS
YARON Z REICH
RICHARD S LINCER
JAIME A EL KOURY
STEVEN G HOROWITZ
JAMES A DUNCAN
STEVEN M LOEB
CRAIG B BROD
MITCHELL A LOWENTHAL
EDWARD J ROSEN
LAWRENCE B FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E AUSTIN
SETH GROSSHANDLER
WILLIAM A GROLL
HOWARD S ZELBO
DAVID E BRODSKY
MICHAEL R LAZERWITZ
ARTHUR H KOHN
RICHARD J COOPER
JEFFREY S LEWIS
FILIP MOERMAN
PAUL J SHIM
STEVEN L WILNER
ERIKA W NIJENHUIS
LINDSEE P GRANFIELD
ANDRES DE LA CRUZ
DAVID C LOPEZ

CARMEN A CORRALES
JAMES L BROMLEY
MICHAEL A GERSTENZANG
LEWIS J LIMAN
LEV L DASSIN
NEIL Q WHORISKEY
JORGE U JUANTORENA
MICHAEL D WEINBERGER
DAVID LEINWAND
JEFFREY A ROSENTHAL
ETHAN A KLINGSBERG
MICHAEL J VOLKOVITSCH
MICHAEL D DAYAN
CARMINE D BOCCUZZI JR
JEFFREY D KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J RAYMOND
LEONARD C JACOBY
SANDRA L FLOW
FRANCISCO L CESTERO
FRANCESCA L ODELL
WILLIAM L MCRAE
JASON FACTOR
MARGARET S PEPONIS
LISA M SCHWEITZER
JUAN G GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S PEACE
MEREDITH E KOTLER
CHANTAL E KORDULA
BENET J O'REILLY
DAVID AMAN
ADAM E FLEISHER
SEAN A O'NEAL
GLENN P MCGRORY
MATTHEW P SALERNO
MICHAEL J ALBANO
VICTOR L HOU

ROGER A COOPER
AMY R SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A BAREFOOT
PAMELA L MARCOGLIESE
PAUL M TIGER
JONATHAN S KOLODNER
RESIDENT PARTNERS

SANDRA M ROCKS
S DOUGLAS BORISKY
JUDITH KASSEL
DAVID E WEBB
PENELOPE L CHRISTOPHOROU
BOAZ S MORAG
MARY E ALCOCK
DAVID H HERRINGTON
HEIDE H ILGENFRITZ
HUGH C CONROY, JR
KATHLEEN M EMBERGER
WALLACE L LARSON, JR
JAMES D SMALL
AVRAM E LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K GRANNIS
GRANT M BINDER
MEYER H FEDIDA
CAROLINE F HAYDAY
JOHN V HARRISON
RESIDENT COUNSEL

LOUISE M PARENT
OF COUNSEL

Writer's Direct Dial: +1 212-225-2086
E-Mail: jrosenthal@cgsh.com

October 8, 2014

**VIA E-MAIL**

Jacob S. Pultman, Esq.
Allen & Overy LLP
1221 Avenue of the Americas
New York, New York 10020
jacob.pultman@allenovery.com

Re:  In re Nortel Networks Inc., et al., Case No. 09-10138 (Bankr. D. Del.)

Dear Mr. Pultman:

I write on behalf of the U.S. Debtors with respect to the production of documents and the presentation of certain individuals for deposition in connection with the *Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement by and among Nortel Networks, Inc., the Supporting Bondholders, and the Bank of New York Mellon with Respect to the NNI Post Petition Interest Dispute and Related Issues* [DI 14076] (the "Settlement Motion").

Pursuant to the *Order Establishing Discovery Schedule and Other Procedures in Connection with the U.S. Debtors' 9019 Motion* [DI 14345] (the "Discovery Order"), it is your clients' obligation to make available for deposition all witnesses identified by you as described in Paragraph 6 of the Discovery Order.  Enclosed is a notice for the deposition of Paul Wertheim on October 22, 2014 at 9:00 a.m. Eastern Standard Time at the offices of Cleary Gottlieb Steen and Hamilton LLP, One Liberty Plaza, NY, NY 10006.

In addition, the *Monitor's and Canadian Debtors' Supplemental Objection to Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Post-Petition*

Jacob S. Pultman, Esq., p. 2

*Interest Agreement* [DI 14496] (the "Supplemental Objection") and Exhibit A to the *Notice of Filing of the Expert Report of Paul Wertheim in Support of the Monitor's and Canadian Debtors' Supplemental Objection to Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Post-Petition Interest Agreement* (DI 14499) (the "Expert Report") rely on many factual assertions regarding, among other things, the magnitude of claims against the Canadian Debtors and the Canadian Debtors' assets. Based on the arguments raised by the Monitor and Canadian Debtors in your Supplemental Objection and the documents and information relied upon by Dr. Wertheim in his report, the Debtors require the deposition of Murray McDonald in his capacities as Monitor and as representative of the Canadian Debtors. Enclosed is a notice for the deposition of Mr. McDonald on October 23, 2014 at 9:00 a.m. Eastern Standard Time at the offices of Cleary Gottlieb Steen and Hamilton LLP, One Liberty Plaza, NY, NY 10006.

Finally, enclosed are requests for production of documents directed to the Canadian Debtors and Monitor in accordance with Paragraph 7 of the Discovery Order.

Please confirm as soon as possible, and by no later than this Friday, October 10, 2014, that Dr. Wertheim and Mr. McDonald will be produced in accordance with these notices since we will otherwise need to seek prompt judicial relief in order to maintain the present schedule and hearing date. Please also advise us as soon as possible of any objections you may have to the Document Requests. In accordance with Paragraph 8 of the Discovery Order, production of documents in response to the Document Requests is required by October 17, 2014.

The Debtors reserve the right to seek additional depositions and documents at a later time and reserve any and all other rights to discovery to which the Debtors are entitled.

Sincerely yours,

Jeffrey A. Rosenthal

Enclosures

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------X
                                                       :
In re                                                  :        Chapter 11
                                                       :
Nortel Networks Inc., et al.,¹                         :        Case No. 09-10138 (KG)
                                                       :
                            Debtors.                   :        Jointly Administered
                                                       :
                                                       :
-------------------------------------------------------X
```

**DEBTORS' REQUEST FOR PRODUCTION**
**OF DOCUMENTS DIRECTED TO THE MONITOR**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (incorporated

into Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure) (the "Bankruptcy

Rules") and Bankruptcy Rule 9014, Nortel Networks Inc. ("NNI") and certain of its affiliates, as

debtors and debtors in possession (collectively, the "Debtors"), hereby request Ernst & Young

Inc., the court-appointed monitor (the "Monitor") in proceedings (the "Canadian Proceedings")

to produce the documents described below (collectively, the "Discovery Requests") at the offices

of Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, on

or before October 17, 2014 (or such other date as is agreed) with all productions to be made on a

good-faith, rolling basis at the earliest possible date.  The Debtors reserve the right to supplement

or revise the Discovery Requests, including without limitation, based upon the documents

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

produced and the interrogatory responses provided by any parties in response to discovery or any

pleadings filed in the Debtors' Chapter 11 cases on or after the date of these Discovery Requests.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set

forth below.

1.      "9019 Motion" means the *Debtors' Motion for Entry of An Order*

*Pursuant to Bankruptcy Rule 9019 Approving Settlement By and Among Nortel Networks Inc.,*

*The Supporting Bondholders, and The Bank of New York Mellon With Respect to the NNI Post-*

*Petition Interest Dispute and Related Issues*, dated July 24, 2014 [D.I. 14076].

2.      "Any and all documents" means every document within Your possession,

custody or control.

3.      "Bondholders" means all holders of the Crossover Bonds.

4.      "Canadian Debtors" means Nortel Networks Corporation, Nortel

Networks Limited, Nortel Networks Global Corporation, Nortel Networks International

Corporation and Nortel Networks Technology Corporation.

5.      "Communicate" or "Communication" means all verbal and written means

of transmission or exchange of information, including but not limited statements, admissions,

denials, inquiries, discussions, conversations, negotiations, agreements, contracts,

understandings, and meetings, and is not limited to written or verbal transfers between natural

persons, but includes all other transfers, including, but not limited to, electronic transfers,

transfers of information stored on computer disk or computer memory, and memoranda to file.

6.      "Concerning" means assessing, describing, constituting, containing,

discussing, embodying, evidencing, identifying, recording, referring to, reflecting, regarding,

relating to, showing, or stating the subject matter identified.

7.      "Crossover Bonds" means those bonds governed by the Indenture dated as of July 5, 2006, as supplemented as of July 5, 2006, May 1, 2007, and May 28, 2008 (US $1B LIBOR + 4.25% due 2011; US $550M 10.125% due 2013; and US $1.125B 10.75% due 2016); and the Indenture dated as of March 28, 2007 (US $575M 1.75% due 2012 and US $575M 2.125% due 2014); and the Indenture dated as of February 15, 1996 (US $150M 7.875% due 2026).

8.      "Crossover Bond Claims" means those claims filed against the Debtors that relate to the Crossover Bonds.

9.      "Date" means the exact day, month and year if ascertainable, or if not, the best approximation (including relationship to other events).

10.      "Debtors" means the above-captioned debtors.

11.      "Document" or "Documents" shall include any record that contains any type of information or data in any form and includes everything within the definition of "document" contemplated by Rule 30.01 of the Rules of Civil Procedure for Ontario and/or the types of documents contemplated by Rule 34 of the Federal Rules of Civil Procedure, and for the purposes of these Discovery Requests shall be deemed to include "electronically stored information" ("ESI") as also defined in Rule 33 of the Federal Rules of Civil Procedure and "document" as also defined in Rules 1.03(1) and 30.01 of the Rules of Civil Procedure (Ontario). Examples of Documents include all writings and records or other memorialization in any form, calendars, correspondence, diaries, manuals, memoranda, notes, reports, records, drawings, graphs, charts, photographs, sound recordings, images, video recordings, telephone records, Bloombergs, electronic mail messages, instant messages, spreadsheets, databases, all other forms of electronic communication, and other data or data compilations of whatever nature stored in

any medium (including those from which information can be obtained or translated if necessary into a reasonably useable form) to which You now have or have had access to in the past.  Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of these Discovery Requests.  For the avoidance of doubt, document(s) shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise.

12.    "Expert Report" means the Report of Paul Wertheim, Ph.D., CPA, CMA, CFM, CFE, as attached as Exhibit A to the *Notice of Filing of the Expert Report of Paul Wertheim in Support of the Monitor's and Canadian Debtors' Supplemental Objection to Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Post-Petition Interest Agreement* (DI 14499).

13.    "Identify" or "Identity," as used herein with reference to a corporation or other non-human entity, shall mean to set forth its name, principal place of business, business address, business telephone number, and the name of the relevant point of contact at the entity.

14.    "Identify" or "Identity," as used herein with reference to a natural person, shall mean to set forth his or her name, last known home address and telephone number; corporate affiliations and titles held during the relevant period, including the dates thereof; locations in which he or she worked for a Nortel entity; his or her role; whether currently employed; and if so, the position, and the name, address, telephone number of his or her current employer.

15.     "Monitor" means Ernst & Young Inc., in its capacity as the court-appointed monitor in the proceedings commenced under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended, in respect of the Canadian Debtors and each of its divisions, subsidiaries, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns; and present and former officers, directors, employees, agents, attorneys, accountants, and representatives of any of them; and any other person who currently or formerly acted or purported to act on behalf, or who are or have been subject to the direction or control of, any of the entities listed above.

16.     "Monitor's Request" means the Memorandum of the Monitor Regarding Bondholder Claims Issues, dated June 19, 2014 [D.I. 13880] requesting the determination by the Ontario Superior Court of Justice and the Bankruptcy Court for the District of Delaware of issues regarding the entitlement of bondholders to post-petition interest.

17.     "Person" means a natural person, individual, partnership, firm, labor organization, corporation, governmental body, or any kind of business or legal entity, its agents or employees.

18.     "Petition Date" means January 14, 2009.

19.     "PPI Dispute" means the dispute over the Bondholders' entitlement to post-petition interest in the Debtors' cases.

20.     "Pre-petition" means any time before the Petition Date.

21.     "Preliminary Objection" means the *Preliminary Objection and Motion of the Monitor and the Canadian Debtors for an Adjournment of the Objection Deadline Concerning the U.S. Debtors' 9019 Motion and for Expedited Discovery*, dated July 30, 2014 [D.I. 14177] objecting to the 9019 Motion.

5

22.    "Proposed Settlement" means the settlement of which the Debtors seek approval in the 9019 Motion.

23.    "Supplemental Objection" means the *Monitor's and Canadian Debtors'*
*Supplemental Objection To Debtors' Motion For Entry Of An Order Pursuant To Bankruptcy*
*Rule 9019 Approving Post-Petition Interest Agreement*, dated October 3, 2014 [U.S. D.I. 14496].

24.    "You" or "Your" as used herein means each of the Monitor and the
Canadian Debtors, as well as any former or current member, owner, director, officer, employee,
agent, trust, custodian, predecessor, successor, attorney, accountant, representative, parent,
subsidiary, affiliate or other Person(s) purporting to act on behalf of the Monitor or the Canadian
Debtors.

25.    All other capitalized terms not defined herein shall have the meaning
assigned to them in the 9019 Motion.

### INSTRUCTIONS

1.    Each Discovery Request shall be answered fully and in writing.

2.    If You claim a privilege as to any of the information requested to be
identified and produced in the Discovery Requests, you shall provide a privilege log containing
details about the category of documents withheld, including at least the following information for
each category: (a) the discovery participant asserting the privilege; (b) the subject matter of the
category; (c) the date range; and (d) the author(s) and other recipients, which may be grouped by
employer (such as Nortel entity or advisor or law firm).  The Debtors may request additional
information regarding categories on the privilege log in order to assess the basis for withholding
and shall meet and confer with You on the same.  The following documents, to the extent created
after the Petition Date, presumptively need not be included on a privilege log: (a)

communications exclusively between You and Your outside counsel or (b) work product created

by outside counsel and/or such counsel's agents.  Responsive documents which are jointly

privileged shall be produced only to the extent that such joint privilege is shared as between You

and the Debtors.

3.    These Discovery Requests are continuing in nature, and pursuant to Rule

26(e) of the Federal Rules of Civil Procedure, You shall provide, by way of supplemental

responses, such additional information as You or any Person acting on Your behalf may

hereafter obtain or become aware of that will augment, modify or clarify the responses now

given or otherwise be responsive to any of these Discovery Requests.

4.    Where appropriate, the singular form of a word should be interpreted in

the plural, and vice versa, to obtain the broadest possible meaning.

5.    In construing these requests the word "any" shall be read to mean each

and every.

6.    These Discovery Requests are intended to cover all information and

Documents in Your possession, custody or control.

7.    Each Discovery Request is to be answered separately and as completely as

possible though joint responses are permissible where applicable, subject to instruction number

11 below. The fact that an investigation is continuing or that discovery is not complete shall not

be an excuse for failure to answer each Discovery Request as fully as possible.

8.    All Documents shall be produced in the manner in which they were

maintained in the usual course of business to the extent that the Document continues to be

maintained in such manner.  A request for a Document shall be deemed to include a request for

any and all file folders or binders within which the Document was contained, transmittal sheets,

cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

9.    All Documents requested herein shall be produced in their entirety, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings.

10.    Produce Documents with sequential Bates numbers, where the Bates number prefix reflects the Person from whom the Document was collected (identifying the specific Person when Your production is on behalf of more than one Person).

11.    No part of a Discovery Request shall be left unanswered merely because an objection is made to another part of the Discovery Request.

12.    Unless otherwise indicated, the relevant time period for purposes of these Discovery Requests is between June 16, 2014 and the date of these Discovery Requests.  To the extent that You request documents from a broader period of time, however, the relevant time period of these Discovery Requests shall be construed as coextensive with the relevant time period of Your requests.

## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

<u>REQUEST NO. 1:</u>    Documents sufficient to show that "the post-petition interest portion alone of the Post-Petition Interest and Additional Amounts Claims, absent insolvency law considerations, approximates US$1.6 billion as of December 31, 2013," as alleged on page 1 of the Monitor's Request, including the complete basis for the calculation of the amount, without regard to the time period limitations specified in the Instructions.

<u>REQUEST NO. 2:</u>    All Documents supporting the basis for the Monitor's statement that "moving to the goal of making a meaningful distribution to the creditors will, in

8

any event, require the determination of the critical Common Bond Claim Issues," as alleged on

page 3 of the Monitor's Request.

REQUEST NO. 3:    All Documents supporting the basis for the Monitor's

statement to the Court that "Prior to the U.S. Debtors' filing of their 9019 Motion, the issues

pending before the Court were purely legal in nature," as referenced in paragraph 3 of the

Preliminary Objection and that "the US PPI Dispute . . . is a pure legal question" as referenced in

paragraph 43 of the Supplemental Objection.

REQUEST NO. 4:    All Documents concerning any communications by the

Monitor or Canadian Debtors with the Bondholders, Debtors or any other person related to a

possible consensual resolution of the PPI Dispute.

REQUEST NO. 5:    All Documents You intend to use at any hearing on the

9019 Motion, without regard to the time period limitations specified in the Instructions.

REQUEST NO. 6:    All Documents concerning the consideration by the

Canadian Debtors or the Monitor of the likelihood of successfully litigating the PPI Dispute,

including without limitation the probability of a determination that, with respect to the PPI

Dispute, each of the following would apply: (i) the federal judgment rate as set forth in 28 U.S.C.

§ 1961; or (ii) the applicable contract rate, without regard to the time period limitations specified

in the Instructions.

REQUEST NO. 7:    All Documents, including, without limitation, any analyses

or projections created, reviewed or relied upon by the Canadian Debtors or the Monitor relating

to the date or likely timing of distributions to creditors either (i) with or (ii) without the Proposed

Settlement.

REQUEST NO. 8:    Documents sufficient to support the underlying information summarized in Appendix B of the 108th Monitor's report, as cited in Table 1: Detailed Distribution Analysis for NNL (in millions), footnote 12 of the Wertheim Report (the "108th Monitor's Report") and in Appendix D of the 108th Monitor's Report.

REQUEST NO. 9:    Documents sufficient to support the underlying information in the NNC 10-Q dated June 30, 2012 indicating the amount of claims against NNL, as cited in Table 1: Detailed Distribution Analysis for NNL (in millions), footnote 16 of the Wertheim Report, without regard to the time period limitations specified in the Instructions.

REQUEST NO. 10:    Documents sufficient to support the positions for the "NNL Entities" and the "NNL Controlled Entities" indicated in the Excel Spreadsheet titled "Cash Summary," dated September 12, 2014, Bates-stamped NNC-NNL-PPI-000001.

REQUEST NO. 11:    Documents sufficient to show that "[t]he Proposed Agreement purports to settle the PPI Dispute by reducing the PPI that the Bondholders would receive from a total accrual of $1.657B (as of June 2015)…" as alleged in paragraph 16 of the Monitor's Request, including the complete basis for the calculation of the amount, without regard to the time period limitations specified in the Instructions.

REQUEST NO. 12:    Documents sufficient to show the amount of any allowed claims against any of the Canadian Debtors, including the specific Canadian Debtor(s) against which such claims are asserted without regard to the time period limitations specified in the Instructions.

REQUEST NO. 13:    Documents sufficient to show the amount of any pending, but not yet allowed, claims against any of the Canadian Debtors, including the specific Canadian Debtor(s) against which such claims are asserted, the asserted amount of the claim, and whether

the claim is disputed and if so the basis for such dispute, without regard to the time period

limitations specified in the Instructions.

> REQUEST NO. 14:    Any Documents concerning any assessments or evaluations

of pending, but not yet allowed, claims against any of the Canadian Debtors, including the

likelihood of allowance and timetable for consideration and the specific Canadian Debtor(s)

against which such claims are asserted, without regard to the time period limitations specified in

the Instructions.

> REQUEST NO. 15:    Documents sufficient to show the value of all assets of each

Canadian Debtor, including any claims against affiliates, the value of any equity interests in any

subsidiaries or affiliates, assets of undetermined or contingent assets, any other assets, and any

estimates of their value, without regard to the time period limitations specified in the

Instructions.

> REQUEST NO. 16:    All Documents concerning the actual cash balances of the

Canadian Debtors or the Debtors during the period commencing June 30, 2014 through the

resolution of the Canadian Proceedings, including, without limitation, any estimates or forecasts

of projected spending, without regard to the time period limitations specified in the Instructions.

> REQUEST NO. 17:    All Documents concerning the validity or invalidity of any

assumption that the Canadian Debtors would make a payment on the Crossover Bonds or the

7.875% Notes prior to the Debtors making any such payments, as discussed in paragraph 27(a)

of the Expert Report, without regard to the time period limitations specified in the Instructions.


*[Remainder of Page Left Intentionally Blank]*

Dated: October 8, 2014
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

- and -

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard Zelbo (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Jeffrey A. Rosenthal (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

*Counsel for the Debtors*
*and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
                                               :
*In re*                                        :      Chapter 11
                                               :
Nortel Networks Inc., *et al.*,[1]             :      Case No. 09-10138 (KG)
                                               :
                          Debtors.             :      Jointly Administered
                                               :
                                               :
---------------------------------------------------------X

**DEBTORS' REQUEST FOR PRODUCTION
OF DOCUMENTS DIRECTED TO THE CANADIAN DEBTORS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (incorporated into Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure) (the "Bankruptcy Rules") and Bankruptcy Rule 9014, Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby request Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL"), Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation (collectively, the "Canadian Debtors") in proceedings (the "Canadian Proceedings") to produce the documents described below (collectively, the "Discovery Requests") at the offices of Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, on or before October 17, 2014 (or such other date as is agreed) with all productions to be made on a good-faith, rolling basis at the earliest possible date. The Debtors reserve the right to supplement or

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

revise the Discovery Requests, including without limitation, based upon the documents produced and the interrogatory responses provided by any parties in response to discovery or any pleadings filed in the Debtors' Chapter 11 cases on or after the date of these Discovery Requests.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1.      "9019 Motion" means the *Debtors' Motion for Entry of An Order Pursuant to Bankruptcy Rule 9019 Approving Settlement By and Among Nortel Networks Inc., The Supporting Bondholders, and The Bank of New York Mellon With Respect to the NNI Post-Petition Interest Dispute and Related Issues*, dated July 24, 2014 [D.I. 14076].

2.      "Any and all documents" means every document within Your possession, custody or control.

3.      "Bondholders" means all holders of the Crossover Bonds.

4.      "Canadian Debtors" means Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global Corporation, Nortel Networks International Corporation and Nortel Networks Technology Corporation.

5.      "Communicate" or "Communication" means all verbal and written means of transmission or exchange of information, including but not limited statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, and meetings, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including, but not limited to, electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file.

6.      "Concerning" means assessing, describing, constituting, containing, discussing, embodying, evidencing, identifying, recording, referring to, reflecting, regarding, relating to, showing, or stating the subject matter identified.

7.      "Crossover Bonds" means those bonds governed by the Indenture dated as of July 5, 2006, as supplemented as of July 5, 2006, May 1, 2007, and May 28, 2008 (US $1B LIBOR + 4.25% due 2011; US $550M 10.125% due 2013; and US $1.125B 10.75% due 2016); and the Indenture dated as of March 28, 2007 (US $575M 1.75% due 2012 and US $575M 2.125% due 2014); and the Indenture dated as of February 15, 1996 (US $150M 7.875% due 2026).

8.      "Crossover Bond Claims" means those claims filed against the Debtors that relate to the Crossover Bonds.

9.      "Date" means the exact day, month and year if ascertainable, or if not, the best approximation (including relationship to other events).

10.      "Debtors" means the above-captioned debtors.

11.      "Document" or "Documents" shall include any record that contains any type of information or data in any form and includes everything within the definition of "document" contemplated by Rule 30.01 of the Rules of Civil Procedure for Ontario and/or the types of documents contemplated by Rule 34 of the Federal Rules of Civil Procedure, and for the purposes of these Discovery Requests shall be deemed to include "electronically stored information" ("ESI") as also defined in Rule 33 of the Federal Rules of Civil Procedure and "document" as also defined in Rules 1.03(1) and 30.01 of the Rules of Civil Procedure (Ontario). Examples of Documents include all writings and records or other memorialization in any form, calendars, correspondence, diaries, manuals, memoranda, notes, reports, records, drawings,

graphs, charts, photographs, sound recordings, images, video recordings, telephone records,

Bloombergs, electronic mail messages, instant messages, spreadsheets, databases, all other forms

of electronic communication, and other data or data compilations of whatever nature stored in

any medium (including those from which information can be obtained or translated if necessary

into a reasonably useable form) to which You now have or have had access to in the past.  Any

document with any marks on any sheet or side thereof, including by way of illustration only and

not by way of limitation, initials, stamped indicia, any comment or any notation of any character

and not part of the original text, or any reproduction thereof, is to be considered a separate

document for purposes of these Discovery Requests.  For the avoidance of doubt, document(s)

shall include all originals of any nature whatsoever and all non-identical copies thereof, whether

different from the originals by reason of any notation made on such copies or otherwise.

    12.    "Expert Report" means the Report of Paul Wertheim, Ph.D., CPA, CMA,

CFM, CFE, as attached as Exhibit A to the *Notice of Filing of the Expert Report of Paul*

*Wertheim in Support of the Monitor's and Canadian Debtors' Supplemental Objection to*

*Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Post-*

*Petition Interest Agreement* (DI 14499).

    13.    "Identify" or "Identity," as used herein with reference to a corporation or

other non-human entity, shall mean to set forth its name, principal place of business, business

address, business telephone number, and the name of the relevant point of contact at the entity.

    14.    "Identify" or "Identity," as used herein with reference to a natural person,

shall mean to set forth his or her name, last known home address and telephone number;

corporate affiliations and titles held during the relevant period, including the dates thereof;

locations in which he or she worked for a Nortel entity; his or her role; whether currently

employed; and if so, the position, and the name, address, telephone number of his or her current employer.

15.    "Monitor" means Ernst & Young Inc., in its capacity as the court-appointed monitor in the proceedings commenced under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended, in respect of the Canadian Debtors and each of its divisions, subsidiaries, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns; and present and former officers, directors, employees, agents, attorneys, accountants, and representatives of any of them; and any other person who currently or formerly acted or purported to act on behalf, or who are or have been subject to the direction or control of, any of the entities listed above.

16.    "Monitor's Request" means the Memorandum of the Monitor Regarding Bondholder Claims Issues, dated June 19, 2014 [D.I. 13880] requesting the determination by the Ontario Superior Court of Justice and the Bankruptcy Court for the District of Delaware of issues regarding the entitlement of bondholders to post-petition interest.

17.    "Person" means a natural person, individual, partnership, firm, labor organization, corporation, governmental body, or any kind of business or legal entity, its agents or employees.

18.    "Petition Date" means January 14, 2009.

19.    "PPI Dispute" means the dispute over the Bondholders' entitlement to post-petition interest in the Debtors' cases.

20.    "Pre-petition" means any time before the Petition Date.

21.    "Preliminary Objection" means the *Preliminary Objection and Motion of the Monitor and the Canadian Debtors for an Adjournment of the Objection Deadline*

5

*Concerning the U.S. Debtors' 9019 Motion and for Expedited Discovery*, dated July 30, 2014

[D.I. 14177] objecting to the 9019 Motion.

22.    "Proposed Settlement" means the settlement of which the Debtors seek approval in the 9019 Motion.

23.    "Supplemental Objection" means the *Monitor's and Canadian Debtors' Supplemental Objection To Debtors' Motion For Entry Of An Order Pursuant To Bankruptcy Rule 9019 Approving Post-Petition Interest Agreement*, dated October 3, 2014 [U.S. D.I. 14496].

24.    "You" or "Your" as used herein means each of the Monitor and the Canadian Debtors, as well as any former or current member, owner, director, officer, employee, agent, trust, custodian, predecessor, successor, attorney, accountant, representative, parent, subsidiary, affiliate or other Person(s) purporting to act on behalf of the Monitor or the Canadian Debtors.

25.    All other capitalized terms not defined herein shall have the meaning assigned to them in the 9019 Motion.

### INSTRUCTIONS

1.    Each Discovery Request shall be answered fully and in writing.

2.    If You claim a privilege as to any of the information requested to be identified and produced in the Discovery Requests, you shall provide a privilege log containing details about the category of documents withheld, including at least the following information for each category: (a) the discovery participant asserting the privilege; (b) the subject matter of the category; (c) the date range; and (d) the author(s) and other recipients, which may be grouped by employer (such as Nortel entity or advisor or law firm).  The Debtors may request additional information regarding categories on the privilege log in order to assess the basis for withholding

and shall meet and confer with You on the same.  The following documents, to the extent created after the Petition Date, presumptively need not be included on a privilege log: (a) communications exclusively between You and Your outside counsel or (b) work product created by outside counsel and/or such counsel's agents.  Responsive documents which are jointly privileged shall be produced only to the extent that such joint privilege is shared as between You and the Debtors.

3.      These Discovery Requests are continuing in nature, and pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, You shall provide, by way of supplemental responses, such additional information as You or any Person acting on Your behalf may hereafter obtain or become aware of that will augment, modify or clarify the responses now given or otherwise be responsive to any of these Discovery Requests.

4.      Where appropriate, the singular form of a word should be interpreted in the plural, and vice versa, to obtain the broadest possible meaning.

5.      In construing these requests the word "any" shall be read to mean each and every.

6.      These Discovery Requests are intended to cover all information and Documents in Your possession, custody or control.

7.      Each Discovery Request is to be answered separately and as completely as possible though joint responses are permissible where applicable, subject to instruction number 11 below. The fact that an investigation is continuing or that discovery is not complete shall not be an excuse for failure to answer each Discovery Request as fully as possible.

8.      All Documents shall be produced in the manner in which they were maintained in the usual course of business to the extent that the Document continues to be

maintained in such manner.  A request for a Document shall be deemed to include a request for

any and all file folders or binders within which the Document was contained, transmittal sheets,

cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document

itself.

9.     All Documents requested herein shall be produced in their entirety, along

with any attachments, drafts, and non-identical copies, including copies that differ due to

handwritten notes or other notes or markings.

10.     Produce Documents with sequential Bates numbers, where the Bates

number prefix reflects the Person from whom the Document was collected (identifying the

specific Person when Your production is on behalf of more than one Person).

11.     No part of a Discovery Request shall be left unanswered merely because

an objection is made to another part of the Discovery Request.

12.     Unless otherwise indicated, the relevant time period for purposes of these

Discovery Requests is between June 16, 2014 and the date of these Discovery Requests.  To the

extent that You request documents from a broader period of time, however, the relevant time

period of these Discovery Requests shall be construed as coextensive with the relevant time

period of Your requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:     Documents sufficient to show that "the post-petition

interest portion alone of the Post-Petition Interest and Additional Amounts Claims, absent

insolvency law considerations, approximates US$1.6 billion as of December 31, 2013," as

alleged on page 1 of the Monitor's Request, including the complete basis for the calculation of

the amount, without regard to the time period limitations specified in the Instructions.

REQUEST NO. 2:    All Documents supporting the basis for the Monitor's statement that "moving to the goal of making a meaningful distribution to the creditors will, in any event, require the determination of the critical Common Bond Claim Issues," as alleged on page 3 of the Monitor's Request.

REQUEST NO. 3:    All Documents supporting the basis for the Monitor's statement to the Court that "Prior to the U.S. Debtors' filing of their 9019 Motion, the issues pending before the Court were purely legal in nature," as referenced in paragraph 3 of the Preliminary Objection and that "the US PPI Dispute . . . is a pure legal question" as referenced in paragraph 43 of the Supplemental Objection.

REQUEST NO. 4:    All Documents concerning any communications by the Monitor or Canadian Debtors with the Bondholders, Debtors or any other person related to a possible consensual resolution of the PPI Dispute.

REQUEST NO. 5:    All Documents You intend to use at any hearing on the 9019 Motion, without regard to the time period limitations specified in the Instructions.

REQUEST NO. 6:    All Documents concerning the consideration by the Canadian Debtors or the Monitor of the likelihood of successfully litigating the PPI Dispute, including without limitation the probability of a determination that, with respect to the PPI Dispute, each of the following would apply: (i) the federal judgment rate as set forth in 28 U.S.C. § 1961; or (ii) the applicable contract rate, without regard to the time period limitations specified in the Instructions.

REQUEST NO. 7:    All Documents, including, without limitation, any analyses or projections created, reviewed or relied upon by the Canadian Debtors or the Monitor relating

to the date or likely timing of distributions to creditors either (i) with or (ii) without the Proposed

Settlement.

REQUEST NO. 8:    Documents sufficient to support the underlying information

summarized in Appendix B of the 108th Monitor's report, as cited in Table 1: Detailed

Distribution Analysis for NNL (in millions), footnote 12 of the Wertheim Report (the "108th

Monitor's Report") and in Appendix D of the 108th Monitor's Report.

REQUEST NO. 9:    Documents sufficient to support the underlying information

in the NNC 10-Q dated June 30, 2012 indicating the amount of claims against NNL, as cited in

Table 1: Detailed Distribution Analysis for NNL (in millions), footnote 16 of the Wertheim

Report, without regard to the time period limitations specified in the Instructions.

REQUEST NO. 10:    Documents sufficient to support the positions for the "NNL

Entities" and the "NNL Controlled Entities" indicated in the Excel Spreadsheet titled "Cash

Summary," dated September 12, 2014, Bates-stamped NNC-NNL-PPI-000001.

REQUEST NO. 11:    Documents sufficient to show that "[t]he Proposed

Agreement purports to settle the PPI Dispute by reducing the PPI that the Bondholders would

receive from a total accrual of $1.657B (as of June 2015)…" as alleged in paragraph 16 of the

Monitor's Request, including the complete basis for the calculation of the amount, without

regard to the time period limitations specified in the Instructions.

REQUEST NO. 12:    Documents sufficient to show the amount of any allowed

claims against any of the Canadian Debtors, including the specific Canadian Debtor(s) against

which such claims are asserted without regard to the time period limitations specified in the

Instructions.

REQUEST NO. 13:    Documents sufficient to show the amount of any pending, but not yet allowed, claims against any of the Canadian Debtors, including the specific Canadian Debtor(s) against which such claims are asserted, the asserted amount of the claim, and whether the claim is disputed and if so the basis for such dispute, without regard to the time period limitations specified in the Instructions.

REQUEST NO. 14:    Any Documents concerning any assessments or evaluations of pending, but not yet allowed, claims against any of the Canadian Debtors, including the likelihood of allowance and timetable for consideration and the specific Canadian Debtor(s) against which such claims are asserted, without regard to the time period limitations specified in the Instructions.

REQUEST NO. 15:    Documents sufficient to show the value of all assets of each Canadian Debtor, including any claims against affiliates, the value of any equity interests in any subsidiaries or affiliates, assets of undetermined or contingent assets, any other assets, and any estimates of their value, without regard to the time period limitations specified in the Instructions.

REQUEST NO. 16:    All Documents concerning the actual cash balances of the Canadian Debtors or the Debtors during the period commencing June 30, 2014 through the resolution of the Canadian Proceedings, including, without limitation, any estimates or forecasts of projected spending, without regard to the time period limitations specified in the Instructions.

REQUEST NO. 17:    All Documents concerning the validity or invalidity of any assumption that the Canadian Debtors would make a payment on the Crossover Bonds or the 7.875% Notes prior to the Debtors making any such payments, as discussed in paragraph 27(a) of the Expert Report, without regard to the time period limitations specified in the Instructions.

Dated: October 8, 2014
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

- and -

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard Zelbo (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Jeffrey A. Rosenthal (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

*Counsel for the Debtors*
*and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------X
                                               :
                                               :        Chapter 11
                                               :
In re                                          :
                                               :        Case No. 09-10138 (KG)
Nortel Networks Inc., et al., ¹               :
                                               :        Jointly Administered
                        Debtors.               :
                                               :
-----------------------------------------------------------X
```

## NOTICE OF DEPOSITION OF PAUL WERTHEIM

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure (the "Federal

Rules"), as made applicable to this matter by Rules 7026, 7030 and 9014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), Nortel Networks Inc. ("NNI") and certain of its

affiliates, as debtors and debtors in possession (collectively, the "Debtors"), by and through their

undersigned attorneys, hereby give notice of their intention to take the deposition by oral

examination of **Paul Wertheim** with regards to the *Debtors' Motion For Entry Of An Order*

*Pursuant To Bankruptcy Rule 9019 Approving Settlement Agreement By And Among Nortel*

*Networks Inc., The Supporting Bondholders, And The Bank Of New York Mellon With Respect*

*To The NNI Post-Petition Interest Dispute And Related Issues* [D.I. 14076] (the "PPI Settlement

Motion") and the *Monitor's and Canadian Debtors' Supplemental Objection to Debtors' Motion*

*for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Post-Petition Interest*

---

¹       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

*Agreement* [D.I. 14496] (the "<u>Supplemental Objection</u>"), dated October 3, 2014, on October 22, 2014 at 9:00 a.m.  The deposition will be taken at the offices of Cleary Gottlieb Steen and Hamilton LLP, One Liberty Plaza, NY, NY 10006, or such other location as is agreed by the Debtors and the noticed parties.

        The deposition will commence at the time indicated, and will continue from day to day thereafter until completed or adjourned.  The deposition shall be taken before a notary public or other officer authorized by law to administer oaths and may be recorded by stenographic, audiographic and/or videographic means.  The deposition is being taken for the purpose of discovery, for use in the proceeding on the PPI Settlement Motion or for such other purposes as may be permitted under the Federal Rules or the Bankruptcy Rules.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

The Debtors reserve the right to issue other or further notices of deposition in connection with the PPI Settlement Motion and the Supplemental Objection.

Dated:  October 8, 2014          CLEARY GOTTLIEB STEEN & HAMILTON LLP
        Wilmington, Delaware     James L. Bromley (admitted *pro hac vice*)
                                   Lisa M. Schweitzer (admitted *pro hac vice*)
                                   One Liberty Plaza
                                   New York, New York 10006
                                   Telephone:  (212) 225-2000
                                   Facsimile:  (212) 225-3999

                                   - and -

                                   MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                   */s/ Ann C. Cordo*
                                   Derek C. Abbott (No. 3376)
                                   Eric D. Schwartz (No. 3134)
                                   Ann C. Cordo (No. 4817)
                                   1201 North Market Street, 18th Floor
                                   P.O. Box 1347
                                   Wilmington, Delaware 19899-1347
                                   Telephone:  (302) 658-9200
                                   Facsimile:  (302) 425-4663

                                   *Counsel for the Debtors*
                                   *and Debtors in Possession*

To:

BUCHANAN INGERSOLL & ROONEY PC
Mary F. Caloway
Kathleen A. Murphy
919 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 552-4200
Facsimile:  (302) 552-4295

*Counsel for Ernst & Young Inc., as Monitor*
*And Foreign Representative of the Canadian*
*Debtors*

3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
--------------------------------------------------------X
                                                        :
                                                        :     Chapter 11
                                                        :
In re                                                   :
                                                        :     Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,  1                        :
                                                        :     Jointly Administered
                      Debtors.                          :
                                                        :
                                                        :
--------------------------------------------------------X
```

<u>**NOTICE OF DEPOSITION OF MURRAY McDONALD**</u>

        Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure (the "<u>Federal</u>

<u>Rules</u>"), as made applicable to this matter by Rules 7026, 7030 and 9014 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Nortel Networks Inc. ("<u>NNI</u>") and certain of its

affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), by and through their

undersigned attorneys, hereby give notice of their intention to take the deposition by oral

examination of **Murray McDonald** with regards to the *Debtors' Motion For Entry Of An Order*

*Pursuant  To Bankruptcy Rule 9019 Approving Settlement Agreement By And Among Nortel*

*Networks Inc., The Supporting Bondholders, And The Bank Of New  York Mellon With Respect*

*To The NNI Post-Petition Interest Dispute And Related Issues* [D.I. 14076] (the "<u>PPI Settlement</u>

<u>Motion</u>") and the *Monitor's and Canadian Debtors' Supplemental Objection to Debtors' Motion*

*for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Post-Petition Interest*

---

1       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

*Agreement* [D.I. 14496] (the "<u>Supplemental Objection</u>"), dated October 3, 2014, on October 23, 2014 at 9:00 a.m.  The deposition will be taken at the offices of Cleary Gottlieb Steen and Hamilton LLP, One Liberty Plaza, NY, NY 10006, or such other location as is agreed by the Debtors and the noticed parties.

        The deposition will commence at the time indicated, and will continue from day to day thereafter until completed or adjourned.  The deposition shall be taken before a notary public or other officer authorized by law to administer oaths and may be recorded by stenographic, audiographic and/or videographic means.  The deposition is being taken for the purpose of discovery, for use in the proceeding on the PPI Settlement Motion or for such other purposes as may be permitted under the Federal Rules or the Bankruptcy Rules.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

The Debtors reserve the right to issue other or further notices of deposition in connection with the PPI Settlement Motion and the Supplemental Objection.


Dated:  October 8, 2014　　　　　CLEARY GOTTLIEB STEEN & HAMILTON LLP
　　　　Wilmington, Delaware　　　James L. Bromley (admitted *pro hac vice*)
　　　　　　　　　　　　　　　Lisa M. Schweitzer (admitted *pro hac vice*)
　　　　　　　　　　　　　　　One Liberty Plaza
　　　　　　　　　　　　　　　New York, New York 10006
　　　　　　　　　　　　　　　Telephone:  (212) 225-2000
　　　　　　　　　　　　　　　Facsimile:  (212) 225-3999

　　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　MORRIS, NICHOLS, ARSHT & TUNNELL LLP

　　　　　　　　　　　　　　　*/s/ Ann C. Cordo*
　　　　　　　　　　　　　　　Derek C. Abbott (No. 3376)
　　　　　　　　　　　　　　　Eric D. Schwartz (No. 3134)
　　　　　　　　　　　　　　　Ann C. Cordo (No. 4817)
　　　　　　　　　　　　　　　1201 North Market Street, 18th Floor
　　　　　　　　　　　　　　　P.O. Box 1347
　　　　　　　　　　　　　　　Wilmington, Delaware 19899-1347
　　　　　　　　　　　　　　　Telephone:  (302) 658-9200
　　　　　　　　　　　　　　　Facsimile:  (302) 425-4663

　　　　　　　　　　　　　　　*Counsel for the Debtors*
　　　　　　　　　　　　　　　*and Debtors in Possession*


To:

BUCHANAN INGERSOLL & ROONEY PC
Mary F. Caloway
Kathleen A. Murphy
919 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 552-4200
Facsimile:  (302) 552-4295

*Counsel for Ernst & Young Inc., as Monitor*
*And Foreign Representative of the Canadian*
*Debtors*