# EXHIBIT 5

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE GOOGLE INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,**

*Petitioners.*

---

2014-147

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in Nos. 2:13-cv-00894-JRG and 2:13-cv-00900-JRG, Judge J. Rodney Gilstrap.

------------------------------------------------------------------------

**IN RE HTC CORPORATION AND HTC AMERICA, INC.,**

*Petitioners.*

---

2014-148

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:13-cv-00895-JRG, Judge J. Rodney Gilstrap.

------------------------------------------------------------------------

**IN RE ASUSTEK COMPUTER, INC. AND ASUS COMPUTER INTERNATIONAL, INC.,**

*Petitioners.*

2                                                        IN RE GOOGLE INC.

_____

2014-149

_____

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:13-cv-00894-JRG, Judge J. Rodney Gilstrap.

------------------------------------------------------------------------

**IN RE LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC. AND LG ELECTRONICS MOBILECOMM U.S.A., INC.,**
*Petitioners.*

_____

2014-150

_____

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:13-cv-00898-JRG, Judge J. Rodney Gilstrap.

------------------------------------------------------------------------

**IN RE ZTE CORPORATION AND ZTE (USA) INC.,**
*Petitioners.*

_____

2014-151

_____

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:13-cv-00901-JRG, Judge J. Rodney Gilstrap.

_____

**ON PETITION**

_____

Before O'MALLEY, WALLACH, and HUGHES, *Circuit Judges.*

O'MALLEY, *Circuit Judge*.

# **O R D E R**

These petitions for a writ of mandamus from orders of the United States District Court for the Eastern District of Texas denying motions for a stay of proceedings or, alternatively, transfer of venue put forth similar arguments that require us to determine how these related cases should proceed.

## BACKGROUND

These petitions arise out of five complaints filed by Rockstar Consortium US LP and Mobilestar Technologies, LLC ("Respondents"), in the Eastern District of Texas naming as defendants Samsung Electronics Co., Ltd. et al. ("Samsung"), ASUS Computer International, Inc. et al. ("ASUS"), ZTE Corporation et al., HTC Corporation et al., and LG Electronics, Inc. et al. (along with Google, Inc. ("Google") referred to collectively as "Petitioners").

With the exception of ASUS, which was not accused of infringing U.S. Patent No. 6,333,973 (the "'973 patent"), the complaints assert infringement of seven patents: U.S. Patent Nos. 5,838,551 (the "'551 patent"); the '973 patent; 6,128,298; 6,037,937 (the "'937 patent"); 6,463,131 (the "'131 patent"); 6,765,591 (the "'591 patent"); and 6,937,572.  Except for the '551 patent, the patents are largely directed to software functionalities implemented on a general-purpose computing device.

Though Google was not initially named as a party in any of these actions, it supplied each defendant with operating system software ("Android") used in the accused devices and all six complaints alleged infringement based on certain "mobile communication devices having a version (or an adaption thereof) of Android operating system." *See, e.g.*, Complaint at 5, *Rockstar Consortium US LP v. Samsung Elecs. Co., Ltd.*, No. 2:13-cv-00900 (E.D. Tex. Oct. 31, 2013), ECF No. 1.

On December 23, 2013, Google filed a complaint in the Northern District of California, stating that "Rockstar's litigation campaign has placed a cloud on Google's Android platform" and "threatened Google's business and relationships with its customers and partners, as well as its sales of Nexus-branded Android devices[.]"  Complaint at 2, *Google Inc. v. Rockstar Consortium US LP*, No. 4:13-cv-05933 ("*California Action*") (N.D. Cal. Dec. 23, 2013), ECF No. 1.

Google's complaint sought a declaration that "any version of Google's Android platform" and its own devices, the Nexus 5, Nexus 7, and Nexus 10, "do not infringe" the seven patents. *Id.* at 6, 13.  In response to the complaint, Respondents counterclaimed, seeking a judgment that Google's Nexus line of products infringed all seven of the patents at issue in the Texas actions. Google answered those charges by alleging that all seven patents were invalid and unenforceable.

Shortly thereafter, Respondents amended their complaint against Samsung in the Eastern District of Texas to include Google as a defendant.  As amended, Respondents' complaint alleged that Samsung infringed all seven patents and that Google infringed the '937, '131, and '591 patents.

Respondents also moved to transfer or dismiss the California action.  On April 17, 2014, the Northern District of California denied that motion, finding that "[t]he vast majority of the claims brought in the [Texas] actions appear to be targeted specifically at Android features," "the determination of the infringement issues here would likely be dispositive of the other cases," and the Northern District of California would be more convenient to try the matter. *California Action*, slip op. at 22 n.10, 24, 28 (N.D. Cal. Apr. 17, 2014).

Citing the Northern District of California's decision, Petitioners asked the Eastern District of Texas to stay

Case: 14-147   Document: 22-5   Page: 5   Filed: 10/09/2014

proceedings or transfer the actions to California, arguing that proceeding with Respondents' infringement actions would result in wasteful and duplicative litigation. The Eastern District of Texas disagreed with Petitioners and denied their motions.[1]  These petitions followed.

## DISCUSSION

The Supreme Court has repeatedly observed that under the doctrine of comity, when cases involving substantially overlapping issues are pending before two federal district courts, there is a strong preference to avoid duplicative litigation. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). That rule reflects an elementary principle of "wise judicial administration." *Id.*

Those principles apply with full force here. Respondents themselves have asserted that the proceedings involve substantially the same controversy. *See* Motion to Dismiss at 19, *California Action*, (N.D. Cal. Jan. 23, 2014), ECF No. 20 ("Entertaining duplicative suits here 'would serve no purpose of judicial administration and would risk inconsistent rulings . . . .'"); *id.* at 17 ("Google's complaint . . . is effectively duplicative of the first-filed Texas Actions.").

Given these facts, it is clear that there was no need to proceed with the five Texas actions because the one California action may suffice. Such circumstances present a classic case for a stay: The only potential results of adjudicating these cases in parallel fashion would be the Texas and California courts agree on the major issues of

---

[1] On the same day the Eastern District of Texas denied Google and Samsung's motion, it allowed Respondents to amend their complaint to allege infringement of all seven patents against Google.

6                                                    IN RE GOOGLE INC.

the litigation, thus producing wasteful and unnecessary litigation, or the courts disagree, thus producing conflicting decisions. *Cf. Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (The purpose of the rule is to "avoid conflicting decisions and promote judicial efficiency.").

In concluding otherwise, the Eastern District of Texas relied heavily on each defendant mobile phone manufacturer's ability to modify and customize the Android platform to its own particular purpose. In fact, however, Respondents provided nearly identical infringement contentions to all defendants that rely almost exclusively on the underlying functionalities provided in the base Android source code provided by Google. Thus, the record strongly suggests there will be substantial similarity involving the infringement and invalidity issues in all the suits.

This significant overlap undermines the district court's main premise in rejecting a stay—that each defendant mobile phone manufacturer's ability to modify and customize the Android platform to its own particular purposes "place[d] these suits far outside the usual 'customer-suit exception.'" *See, e.g., Rockstar Consortium US LP v. ASUSTeK Computer, Inc.*, No. 2:13-cv-894, slip op. at 9 (E.D. Tex. Jul. 28, 2014); *see also* Respondents' Opposition to Google and Samsung's Petition at 16-17 (arguing that a stay was not warranted because the manufacturers should not be considered "mere resellers" of Google).[2]

---

[2] We are also unpersuaded by Respondents' argument that, despite not initially naming Google as a defendant, their actions are entitled to precedence under a first-filed designation since their complaints in Texas were filed before the California action, because, as the Supreme Court noted in rejecting a similar argument in *Kerotest*

The way to avoid wasted resources is not through
such a "mechanical solution" or "precise rule." *Colo.
River*, 424 U.S. at 817; *Kerotest Mfg.*, 342 U.S. at 183. It
is instead through a flexible approach, including staying
proceedings if the other suit is so closely related that
substantial savings of litigation resources can be ex-
pected. Here, it is clear that staying proceedings in Texas
will likely further these objectives by mooting or at least
advancing the "major premises" being litigated in the
Texas actions. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459,
1464 (Fed. Cir. 1990).

Wise judicial administration must also take into con-
sideration the comparative convenience of both venues for
resolving the matter. *See Futurewei Techs., Inc. v. Acacia
Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) ("Justi-
fication for an exception may be found in 'the convenience
and availability of witnesses, [the] absence of jurisdiction
over all necessary or desirable parties . . . .'" (quoting
*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed.
Cir. 1993))).

Here, those considerations point firmly in the direc-
tion of the Northern District of California. As that court
explained, "Google's Android products, the target of this
infringement action, were designed and created here,"
"[m]any of the witnesses who can testify to the design and
development of the accused Android platform's features
reside near Google's headquarters in Mountain View,
California," and "Defendants do not name any witnesses
in Texas essential to the suit." *California Action*, slip op.
at 22-25 (N.D. Cal. Apr. 17, 2014).

Google further filed a declaration that its records re-
garding the Android platform are predominantly based in

---

*Manufacturing*, "the equities of the situation do not
depend on this argument." 342 U.S. at 186 n.6.

8                                                    IN RE GOOGLE INC.

its headquarters in the Northern District of California.
As we noted in *In re Genentech, Inc.*, "[i]n patent in-
fringement cases, the bulk of the relevant evidence usual-
ly comes from the accused infringer. . .[and thus] . . . the
place where the defendants' documents are kept weighs in
favor of transfer to that location."  566 F.3d 1338, 1345
(Fed. Cir. 2009) (citation omitted).  Here the record does
not suggest otherwise.

Respondents point out that they maintain an office in
Plano, Texas.  But they do not dispute that their primary
operations are run out of Canada.  Moreover, the only
prospective employee witnesses that Respondents name
from Plano work as counsel for Respondents, and are thus
entitled to little consideration in a convenience calculus.
*See In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.
2003); *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043,
1047 (3d Cir. 1973); *Jack C. Keir, Inc. v. Life Office Mgmt.
Ass'n, Inc.*, No. 92-6163, 1993 WL 283902, at *2 (E.D. Pa.
July 27, 1993) (same for in-house counsel).

Given the convenience of the Northern District of Cal-
ifornia and benefits of staying the Texas proceedings, it
makes no difference whether it would have been easier to
consolidate all of the actions in Texas, as suggested by the
Eastern District of Texas in its practical problems analy-
sis.  That reasoning simply ignores the justifications for a
stay and cannot, in our view, sustain the obvious waste of
resources inherent in allowing both actions to proceed in
parallel fashion.

Because the Eastern District of Texas' orders frus-
trate the comity doctrine, requiring two federal district
courts and the parties to expend resources to resolve
substantially similar claims and issues, the district
court's decisions to deny the petitioners' motions for a
stay of proceedings was a clear abuse of discretion under
applicable governing standards, and, in our view, worthy
of correction by way of mandamus relief.  *See Cheney v.*

*U.S. Dist. Court,* 542 U.S. 367, 380-81 (2004) (when a petitioner has no alternative way of seeking the relief requested a court may grant mandamus in its discretion when it concludes that the district court "clearly abuses its discretion.").

Accordingly,

IT IS ORDERED THAT:

The petitions for a writ of mandamus are granted to the extent that the orders denying the motions to stay are vacated, and the Eastern District of Texas is ordered to stay proceedings pending the outcome of the declaratory judgment action in the Northern District of California.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s19