# EXHIBIT 7

1    QUINN EMANUEL URQUHART & SULLIVAN, LLP
         Sean Pak (Cal. Bar No. 219032)
2        seanpak@quinnemanuel.com
         Amy H. Candido (Cal. Bar No. 237829)
3        amycandido@quinnemanuel.com
         Matthew S. Warren (Cal. Bar No. 230565)
4        matthewwarren@quinnemanuel.com
     50 California Street, 22nd Floor
5    San Francisco, California 94111
     (415) 875-6600
6    (415) 875-6700 facsimile

7    Attorneys for Plaintiff GOOGLE INC.

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                            OAKLAND DIVISION

11

12   GOOGLE INC.,                          CASE NO. 13-cv-5933-CW

13                   Plaintiff,            **PLAINTIFF'S FIRST SET OF REQUESTS
                                           FOR PRODUCTION TO ROCKSTAR
14         v.                              CONSORTIUM US LP AND
                                           MOBILESTAR TECHNOLOGIES LLC**
15   ROCKSTAR CONSORTIUM US LP and
     MOBILESTAR TECHNOLOGIES LLC,
16
                     Defendants.
17

18

19         Under Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Google Inc.

20   requests that Defendants Rockstar Consortium US LP and MobileStar Technologies LLC serve

21   written responses to these Requests and produce the requested documents and items within thirty

22   days after the service hereof, at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 50

23   California Street, 22nd Floor, San Francisco, California, 94111, and permit the inspection and

24   copying of the following documents and other tangible items that are in ROCKSTAR's

25   possession, custody, or control.  These Requests are continuing in nature and require supplemental

26   production under the Federal Rules of Civil Procedure.

27

28

# DEFINITIONS

1.    "GOOGLE" means Google Inc.

2.    "ROCKSTAR," "DEFENDANTS," "you," and "your" mean Rockstar Consortium US LP and MobileStar Technologies LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and ROCKSTAR's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal ENTITIES, whether foreign or domestic, that are owned or controlled by ROCKSTAR, and all predecessors and successors in interest to such ENTITIES or to the PATENTS-IN-SUIT, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by ROCKSTAR, INCLUDING Bockstar Technologies LLC, Constellation Technologies LLC, MobileStar Technologies LLC, NetStar Technologies LLC, Rockstar Bidco GP, Rockstar Bidco LLC, Rockstar Bidco LP, Rockstar Consortium Inc., Rockstar Consortium LLC, or Rockstar Consortium US LP.

3.    "ROCKSTAR CONSORTIUM" means Rockstar Consortium US LP and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and ROCKSTAR CONSORTIUM's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal ENTITIES, whether foreign or domestic, that are owned or controlled by ROCKSTAR CONSORTIUM, and all predecessors and successors in interest to such ENTITIES or to the PATENTS-IN-SUIT, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by ROCKSTAR CONSORTIUM.

4.    "MOBILESTAR" means MobileStar Technologies LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and MOBILESTAR's affiliates, parents, divisions, joint ventures, franchisees, assigns, predecessors and successors in interest, and any other legal ENTITIES, whether foreign or domestic, that are owned or controlled by MOBILESTAR,

1   and all predecessors and successors in interest to such ENTITIES or to the PATENTS-IN-SUIT,

2   and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by

3   MOBILESTAR.

4        5.     "BOCKSTAR" means Bockstar Technologies LLC and its officers, directors,

5   current and former employees, counsel, agents, consultants, representatives, and any other persons

6   acting on behalf of any of the foregoing, and BOCKSTAR's affiliates, parents, divisions, joint

7   ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other

8   legal ENTITIES, whether foreign or domestic, that are owned or controlled by BOCKSTAR, and

9   all predecessors and successors in interest to such ENTITIES or to the PATENTS-IN-SUIT, and

10  any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by

11  BOCKSTAR.

12       6.     "CONSTELLATION" means Constellation Technologies LLC and its officers,

13  directors, current and former employees, counsel, agents, consultants, representatives, and any

14  other persons acting on behalf of any of the foregoing, and CONSTELLATION's affiliates,

15  parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in

16  interest, and any other legal ENTITIES, whether foreign or domestic, that are owned or controlled

17  by CONSTELLATION, and all predecessors and successors in interest to such ENTITIES or to

18  the PATENTS-IN-SUIT, and any entity owned in whole or in part by, affiliated with, or controlled

19  in whole or in part by CONSTELLATION.

20       7.     "NETSTAR" means NetStar Technologies LLC and its officers, directors, current

21  and former employees, counsel, agents, consultants, representatives, and any other persons acting

22  on behalf of any of the foregoing, and NETSTAR's affiliates, parents, divisions, joint ventures,

23  licensees, franchisees, assigns, predecessors and successors in interest, and any other legal

24  ENTITIES, whether foreign or domestic, that are owned or controlled by NETSTAR, and all

25  predecessors and successors in interest to such ENTITIES or to the PATENTS-IN-SUIT, and any

26  entity owned in whole or in part by, affiliated with, or controlled in whole or in part by

27  NETSTAR.

28

8.      "ROCKSTAR BIDCO GP" means Rockstar Bidco GP and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and ROCKSTAR BIDCO GP's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal ENTITIES, whether foreign or domestic, that are owned or controlled by ROCKSTAR BIDCO GP, and all predecessors and successors in interest to such ENTITIES or to the PATENTS-IN-SUIT, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by ROCKSTAR BIDCO GP.

9.      "ROCKSTAR BIDCO LLC" means Rockstar Bidco LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and ROCKSTAR BIDCO LLC's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal ENTITIES, whether foreign or domestic, that are owned or controlled by ROCKSTAR BIDCO LLC, and all predecessors and successors in interest to such ENTITIES or to the PATENTS-IN-SUIT, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by ROCKSTAR BIDCO LLC.

10.      "ROCKSTAR BIDCO LP" means Rockstar Bidco LP and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and ROCKSTAR BIDCO LP's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal ENTITIES, whether foreign or domestic, that are owned or controlled by ROCKSTAR BIDCO LP, and all predecessors and successors in interest to such ENTITIES or to the PATENTS-IN-SUIT, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by ROCKSTAR BIDCO LP.

11.      "ROCKSTAR CONSORTIUM INC." means Rockstar Consortium Inc. and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and ROCKSTAR CONSORTIUM INC.'s affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors

and successors in interest, and any other legal ENTITIES, whether foreign or domestic, that are owned or controlled by ROCKSTAR CONSORTIUM INC., and all predecessors and successors in interest to such ENTITIES or to the PATENTS-IN-SUIT, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by ROCKSTAR CONSORTIUM INC.

12.    "ROCKSTAR CONSORTIUM LLC" means Rockstar Consortium LLC and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and ROCKSTAR CONSORTIUM LLC's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal ENTITIES, whether foreign or domestic, that are owned or controlled by ROCKSTAR CONSORTIUM LLC, and all predecessors and successors in interest to such ENTITIES or to the PATENTS-IN-SUIT, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by ROCKSTAR CONSORTIUM LLC.

13.    "THIRD PARTY" or "THIRD PARTIES" means any person or entity other than ROCKSTAR or GOOGLE.

14.    "NORTEL" means Nortel Networks Corporation and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and NORTEL's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal ENTITIES, whether foreign or domestic, that are owned or controlled by NORTEL, and all predecessors and successors in interest to such ENTITIES or to the PATENTS-IN-SUIT, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by NORTEL, INCLUDING Nortel Networks Inc., Nortel Networks Capital Corporation, Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks

1   Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International

2   Corporation.

3       15.   "PATENTS-IN-SUIT" means United States Patent Nos. 5,838,551, entitled

4   "Electronic package carrying an electronic component and assembly of mother board and

5   electronic package," 6,037,937, entitled "Navigation tool for graphical user interface," 6,128,298,

6   entitled "Internet protocol filter," 6,333,973, entitled "Integrated message center," 6,463,131,

7   entitled "System and method for notifying a user of an incoming communication event,"

8   6,765,591, entitled "Managing a virtual private network," and 6,937,572, entitled "Call trace on a

9   packet switched network."

10      16.   "PATENT FAMILIES" refers to the "PATENTS-IN-SUIT" and all underlying

11  patents and patent applications, INCLUDING published and unpublished applications, abandoned

12  applications and patents, parents, continuations, continuations-in-part, divisionals, reissues,

13  foreign counterparts, and any other patents or patent applications claiming priority to any of the

14  PATENTS-IN-SUIT or to which any of the PATENTS-IN-SUIT claims priority, whether directly

15  or indirectly.

16      17.   "TECHNOLOGY-IN-SUIT" refers to the PATENTS-IN-SUIT, references in the

17  PATENTS-IN-SUIT, and any technology ROCKSTAR contends or believes is covered by or the

18  subject of the PATENTS-IN-SUIT.

19      18.   "DOCUMENT" shall INCLUDE, without limitation, all written, graphic or

20  otherwise recorded material, INCLUDING without limitation, electronically stored information

21  regardless of the form of storage medium, microfilms or other film records or impressions, tape

22  recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films,

23  recordings, memoranda, books, records, accounts, communications, letters, telegrams,

24  correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office

25  memoranda or written communications of any nature, recordings of conversations either in

26  writings or upon any mechanical or electrical recording devices, INCLUDING e-mail, notes,

27  papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings,

28  time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone

bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, INCLUDING by the addition of handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically INCLUDES information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

19. "COMMUNICATION" shall mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand or question by any medium, whether by written, oral or other means, INCLUDING but not limited to, electronic communications and electronic mail ("E-mail").

20. The term "PERSON" shall refer to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, INCLUDING governmental bodies and agencies.

21. "PRIOR ART" shall mean the subject matter described in 35 U.S.C. §§ 102 and 103, INCLUDING but not limited to publications, patents, physical devices, prototypes, uses, sales, and offers for sale, and any DOCUMENTS or OTHER ITEMS evidencing any of the foregoing.

22. "REFLECT," "REFLECTING," "RELATE TO," "REFER TO," "RELATING TO," and "REFERRING TO" shall mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

23. "INCLUDE" and "INCLUDING" shall mean including without limitation.

24. Use of the singular also INCLUDES the plural and vice-versa.

25. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests for Production.

26. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

**INSTRUCTIONS**

The following instructions shall apply to each of the Document Requests herein:

1.      In answering the following Document requests, furnish all available information, INCLUDING information in the possession, custody, or control of ROCKSTAR or any of ROCKSTAR's attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under ROCKSTAR's control, who have the best knowledge, not merely information known to ROCKSTAR based on ROCKSTAR's own personal knowledge.  If you cannot fully respond to the following Document Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Document Request that cannot be responded to fully and completely.  In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Document Request cannot be answered fully and completely; and state what knowledge, information or belief ROCKSTAR has concerning the unanswered portion of any such Document Requests.

2.      Electronic records and computerized information must be produced in an intelligible format.

3.      Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

4.      File folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

5.      Documents attached to each other shall not be separated.

6.      If any information requested is claimed to be privileged or otherwise immune from discovery, please provide all information falling within the scope of the Document Request which is not privileged, and for each item of information contained in a document to which a claim of

privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to INCLUDE at least the following:

> (a)     the basis on which the privilege is claimed;

> (b)     the name(s) of the author(s) of the document;

> (c)     the name of each individual or other person to whom the document, or a copy thereof, was sent; and

> (d)     the date of the document.

7.     If ROCKSTAR's response to a particular Document Request is a statement that ROCKSTAR lacks the ability to comply with that Document Request, ROCKSTAR must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in ROCKSTAR's possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information or category of information must be identified.

8.     ROCKSTAR's obligation to respond to these Document Requests is continuing and its responses are to be supplemented to INCLUDE subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

### DOCUMENTS TO BE PRODUCED

**DOCUMENT REQUEST NO. 1:**

All DOCUMENTS and COMMUNICATIONS that REFLECT, REFER TO or RELATE TO the PATENTS-IN-SUIT or any patents or applications in the PATENT FAMILIES.

**DOCUMENT REQUEST NO. 2:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO efforts to obtain patent protection on any invention related to the subject matter shown, described, or claimed in the PATENT FAMILY, INCLUDING but not limited to:

> (a)     all invention disclosures;

1    (b)    all DOCUMENTS attached to, REFLECTING, REFERRING TO, OR

2 RELATING TO any invention disclosure;

3    (c)    drafts of patent applications;

4    (d)    the prosecution history of all patents and applications in the PATENT

5 FAMILIES;

6    (e)    the prosecution history of each application on which any one or more of the

7 inventors of the PATENTS-IN-SUIT is a named inventor, INCLUDING all issued, pending or

8 abandoned applications;

9    (f)    ALL U.S. and foreign patents and patent applications, and corresponding

10 prosecuting histories, INCLUDING those of unpublished, pending or abandoned applications, that

11 are in whole or in part owned, licensed, or expected to be owned or licensed, by ROCKSTAR that

12 are directed to the subject-matter disclosed in the patents and applications in the PATENT

13 FAMILIES;

14    (g)    ALL U.S. and foreign patents and patent applications, and corresponding

15 prosecuting histories, INCLUDING those of unpublished, pending or abandoned applications, that

16 are in whole or in part owned, licensed, or expected to be owned or licensed, by NORTEL that are

17 directed to the subject-matter disclosed in the patents and applications in the PATENT

18 FAMILIES;

19    (h)    all correspondence regarding the patent applications referred to in subparts

20 (c) through (g) above; and

21    (i)    all DOCUMENTS consulted or reviewed by the applicants, patentees, or

22 prosecuting attorneys during the preparation and prosecution of any application referred to in

23 subparts (c) through (g) above, INCLUDING but not limited to PRIOR ART references or

24 potential PRIOR ART references.

25 **DOCUMENT REQUEST NO. 3:**

26    All DOCUMENTS that REFLECT, REFER TO or RELATE TO (a) YOUR knowledge of

27 PRIOR ART relating to the patents and applications in the PATENT FAMILIES, and (b) the date

28 and circumstances pursuant to which ROCKSTAR first learned of each piece of PRIOR ART.

**DOCUMENT REQUEST NO. 4:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO NORTEL's knowledge of PRIOR ART relating to the patents and applications in the PATENT FAMILIES, and (b) the date and circumstances pursuant to which NORTEL first learned of each piece of PRIOR ART.

**DOCUMENT REQUEST NO. 5:**

All DOCUMENTS known or considered by ROCKSTAR as PRIOR ART or potential PRIOR ART or claimed by others to be PRIOR ART, or which show the state of the art, of the subject matter shown, described, or claimed in the patents and applications in the PATENT FAMILIES, INCLUDING but not limited to patents, publications, books, magazines, course materials, any DOCUMENT that REFLECTS, REFERS TO, or RELATES TO prior knowledge, public uses, public sales or offers for sale, which have a publication DATE before the issuance of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 6:**

All DOCUMENTS known or considered by NORTEL as PRIOR ART or potential PRIOR ART or claimed by others to be PRIOR ART, or which show the state of the art, of the subject matter shown, described, or claimed in the patents and applications in the PATENT FAMILIES, INCLUDING but not limited to patents, publications, books, magazines, course materials, any DOCUMENT that REFLECTS, REFERS TO, or RELATES TO prior knowledge, public uses, public sales or offers for sale, which have a publication DATE before the issuance of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 7:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO the conception, reduction to practice, research, design, development, or testing of the subject matter shown, described, and claimed in the PATENTS-IN-SUIT, INCLUDING but not limited to laboratory notebooks, inventor notebooks, source code, and computer data, as well as the first written description or disclosure (INCLUDING drawings) and the first prototype of such subject matter.

**DOCUMENT REQUEST NO. 8:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any embodiment, INCLUDING commercial embodiments, ROCKSTAR contends or believes is of an embodiment of any invention claimed in the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 9:**

DOCUMENTS sufficient to show the identity of all persons contributing to the development of any embodiment, INCLUDING commercial embodiments, ROCKSTAR contends or believes is an embodiment of any invention claimed in the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 10:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any product, prototype, development version, demonstration version, or test version of any invention claimed in the PATENTS-IN-SUIT or related to the subject matter of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 11:**

DOCUMENTS sufficient to show the identity of all persons contributing to the development of any product, prototype, development version, demonstration version, or test version of any invention claimed in the PATENTS-IN-SUIT or related to the subject matter of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 12:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO the inventorship of any invention described, disclosed or claimed in the patents and applications in the PATENT FAMILIES, INCLUDING DOCUMENTS that REFLECT, REFER TO, or RELATE TO any person considered for inclusion as an inventor, and the contribution of each person involved in the conception, development, and reduction to practice of the subject matter claimed as an invention in any of the patents or applications in the PATENT FAMILIES.

**DOCUMENT REQUEST NO. 13:**

All U.S. and foreign patents, printed publications, systems, products or physical devices, provided to, received from, or identified to or by prosecution counsel for or during the preparation and prosecution of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 14:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any foreign patent application or foreign patent that corresponds, in whole or in part, to the subject matter described or claimed in the PATENTS-IN-SUIT, INCLUDING any and all foreign counterparts to, and foreign applications that claim priority to, the PATENTS-IN-SUIT, and all PRIOR ART cited in each such foreign patent application or patent.

**DOCUMENT REQUEST NO. 15:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO ownership of the patents and applications in the PATENT FAMILIES, INCLUDING but not limited to any proposed, requested, or executed assignment, license, conveyance, or grant of any right, title or interest in or to any of the patents or applications in the PATENT FAMILIES and all DOCUMENTS that REFLECT, REFER TO or RELATE TO any such assignment, license, conveyance, or grant.

**DOCUMENT REQUEST NO. 16:**

All PRIOR ART and DOCUMENTS concerning PRIOR ART relating to the subject matter disclosed or claimed in any of the patents or applications in the PATENT FAMILIES.

**DOCUMENT REQUEST NO. 17:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any investigations, analyses or searches conducted by or for ROCKSTAR or disclosed to ROCKSTAR concerning PRIOR ART related to any of the patents or applications in the PATENT FAMILIES.

**DOCUMENT REQUEST NO. 18:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any investigations, analyses or searches conducted by or for NORTEL or disclosed to NORTEL concerning PRIOR ART related to any of the patents or applications in the PATENT FAMILIES.

**DOCUMENT REQUEST NO. 19:**

All PRIOR ART references, publications, patents and events discussed, referred to or learned about during or in connection with any negotiations or COMMUNICATIONS that REFLECT, REFER TO or RELATE TO any actual or proposed license or assignment of, or concerning, any of the patents or applications in the PATENT FAMILIES.

**DOCUMENT REQUEST NO. 20:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO differences (or similarities) between on the one hand, any patents, printed publications, references, or other PRIOR ART, and on the other hand, any invention disclosed or claimed in any application or patent in the PATENT FAMILIES.

**DOCUMENT REQUEST NO. 21:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO the manners or techniques by which the PATENTS-IN-SUIT allegedly improved upon the PRIOR ART, added functionality that did not exist in the PRIOR ART, or provided a variation on or upgrade of the PRIOR ART and WHETHER each such alleged improvement, added functionality, or variation or upgrade, was non-obvious or unpredictable.

**DOCUMENT REQUEST NO. 22:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any of the secondary considerations of nonobviousness of the PATENTS-IN-SUIT, INCLUDING but not limited to commercial success, long-felt need, attempts by others, failure of others, commercial acquiescence, licensing, professional approval, copying, or laudatory statements by others regarding the invention claimed in the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 23:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any service offerings, beta tests, or trials of the subject matter of the PATENTS-IN-SUIT or related technology prior to the filing date of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 24:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any formal, informal, written, or oral studies, analyses, opinions, pre-filing investigations or reports directed to the scope of patentability, validity, enforceability, or INFRINGEMENT concerning the subject matter shown, described, or claimed in the PATENTS-IN-SUIT, INCLUDING specifically a complete set of all DOCUMENTS comprising the pre-filing investigation of any infringement actions asserting the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 25:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any products of GOOGLE alleged to INFRINGE the PATENTS-IN-SUIT, INCLUDING all DOCUMENTS REFLECTING, REFERRING TO, RELATING TO, regarding, or analyzing whether GOOGLE has infringed the PATENTS-IN-SUIT, either literally or under the doctrine of equivalents.

**DOCUMENT REQUEST NO. 26:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any manufacture, use, sale or offer for sale, by or on behalf of ROCKSTAR, of any product, prototype, development version, commercial embodiment, or commercialization of any invention disclosed, described or claimed in the PATENTS-IN-SUIT, related to the subject matter of the PATENTS-IN-SUIT, or any ROCKSTAR product or service related to the TECHNOLOGY-IN-SUIT.

**DOCUMENT REQUEST NO. 27:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any manufacture, use, sale or offer for sale, by or on behalf of NORTEL, of any product, prototype, development version, commercial embodiment, or commercialization of any invention disclosed, described or claimed in the PATENTS-IN-SUIT, related to the subject matter of the PATENTS-IN-SUIT, or any NORTEL product or service related to the TECHNOLOGY-IN-SUIT.

**DOCUMENT REQUEST NO. 28:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any manufacture, use, sale, or offer for sale, by or on behalf of ROCKSTAR, or any other company controlled in whole or in part by or affiliated with any of the inventors of the PATENTS-IN-SUIT, of any product, prototype, development version, system, or method that is (1) disclosed, described, or claimed in the PATENTS-IN-SUIT, (2) related to the subject matter of the PATENTS-IN-SUIT, or (3) related to any product or service related to the TECHNOLOGY-IN-SUIT.

**DOCUMENT REQUEST NO. 29:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any manufacture, use, sale, or offer for sale, by or on behalf of NORTEL, or any other company controlled in whole or in part by or affiliated with any of the inventors of the PATENTS-IN-SUIT, of any product,

prototype, development version, system, or method that is (1) disclosed, described, or claimed in the PATENTS-IN-SUIT, (2) related to the subject matter of the PATENTS-IN-SUIT, or (3) related to any product or service related to the TECHNOLOGY-IN-SUIT.

**DOCUMENT REQUEST NO. 30:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any product or method related to the PATENTS-IN-SUIT or the TECHNOLOGY-IN-SUIT in general.

**DOCUMENT REQUEST NO. 31:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO features, functionalities, or any other technological components requested by any consumer as part of its use of, evaluation of, or negotiation concerning any ROCKSTAR product or service related to the TECHNOLOGY-IN-SUIT.

**DOCUMENT REQUEST NO. 32:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO features, functionalities, or any other technological components requested by any consumer as part of its use of, evaluation of, or negotiation concerning any NORTEL product or service related to the TECHNOLOGY-IN-SUIT.

**DOCUMENT REQUEST NO. 33:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO features, functionalities, or any other technological components requested by any consumer as part of its use of, consideration of, or negotiation concerning any products or services relating to the TECHNOLOGY-IN-SUIT.

**DOCUMENT REQUEST NO. 34:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any analyses or investigations conducted by or for ROCKSTAR or disclosed to ROCKSTAR REFLECTING, REFERRING TO, or RELATING TO any valuations of any of the PATENTS-IN-SUIT, INCLUDING evaluations of the monetary value, strengths, or weaknesses of any of the PATENTS-IN-SUIT, any licenses under the PATENTS-IN-SUIT, or any intellectual property portfolio or segment thereof INCLUDING the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 35:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any analyses or investigations conducted by or for NORTEL or disclosed to NORTEL REFLECTING, REFERRING TO, or RELATING TO any valuations of any of the PATENTS-IN-SUIT, INCLUDING evaluations of the monetary value, strengths, or weaknesses of any of the PATENTS-IN-SUIT, any licenses under the PATENTS-IN-SUIT, or any intellectual property portfolio or segment thereof INCLUDING the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 36:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any license of, offer to license, effort to license, or grant of any rights under the PATENTS-IN-SUIT, the subject matter described or claimed in the PATENTS-IN-SUIT, or any intellectual property portfolio INCLUDING the PATENTS-IN-SUIT, to any person or entity, INCLUDING all DOCUMENTS that REFLECT, REFER TO or RELATE TO any licensing negotiations, notice letters, claim charts, claim construction, infringement, draft licenses, agreements, exhibits, demand letters, and cease and desist letters.

**DOCUMENT REQUEST NO. 37:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO the value to consumers of any features, functionalities, or any other technological components of any ROCKSTAR products or services relating to the TECHNOLOGY-IN-SUIT.

**DOCUMENT REQUEST NO. 38:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO the value to consumers of any features, functionalities, or any other technological components of any NORTEL products or services relating to the TECHNOLOGY-IN-SUIT.

**DOCUMENT REQUEST NO. 39:**

All DOCUMENTS identified, mentioned, referenced, reviewed, or relied upon in the preparation of ROCKSTAR's answers to any of GOOGLE's interrogatories served on ROCKSTAR in this matter.

**DOCUMENT REQUEST NO. 40:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO each of the legal and factual allegations and requests for relief in ROCKSTAR's claims, as well as in any subsequently added or supplemental pleading in this Action or in any infringement action asserting the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 41:**

All DOCUMENTS identified, described or referred to in ROCKSTAR's disclosures under Federal Rule of Civil Procedure 26.

**DOCUMENT REQUEST NO. 42:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any interrogatories or requests for admission propounded by GOOGLE in this Action, INCLUDING documents relied upon or considered in response to GOOGLE'S interrogatories or requests for admission.

**DOCUMENT REQUEST NO. 43:**

All COMMUNICATIONS between or among ROCKSTAR, any of the inventors of the PATENTS-IN-SUIT, or any of the attorneys that prosecuted any of the applications or patents in the PATENT FAMILIES that REFLECT, REFER TO or RELATE TO any of the patents or applications in the PATENT FAMILIES or this Action.

**DOCUMENT REQUEST NO. 44:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any COMMUNICATIONS with third parties regarding the subject matter of this Action or any of the patents or applications in the PATENT FAMILIES.

**DOCUMENT REQUEST NO. 45:**

All DOCUMENTS which support or refute ROCKSTAR's assertion that any of GOOGLE's products, methods, or systems infringe any of the claims of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 46:**

All DOCUMENTS which support or refute ROCKSTAR's assertion that the PATENTS-IN-SUIT are valid and enforceable.

**DOCUMENT REQUEST NO. 47:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR's first awareness that GOOGLE'S activities would form the basis of an accusation that GOOGLE'S products, methods, or systems infringe the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 48:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO NORTEL's first awareness that GOOGLE's activities would form the basis of an accusation that GOOGLE's products, methods, or systems infringe the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 49:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any steps ROCKSTAR took to enforce the PATENTS-IN-SUIT against GOOGLE or any third party.

**DOCUMENT REQUEST NO. 50:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any steps NORTEL took to enforce the PATENTS-IN-SUIT against GOOGLE or any third party.

**DOCUMENT REQUEST NO. 51:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any actual or threatened litigation, administrative action, arbitration, mediation, reexamination, interference, or any other legal or administrative proceeding involving any of the patents or applications in the PATENT FAMILIES, INCLUDING all documents produced prior to or in connection with any such proceeding.

**DOCUMENT REQUEST NO. 52:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any damage or harm ROCKSTAR allegedly suffered as a result of the sale, offer for sale, use or importation of any of GOOGLE's products, methods, or systems ROCKSTAR contends or believes is covered by any claims of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 53:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO sales, licensing, sales forecasts, budgets, expenses, costs, and profitability of any ROCKSTAR products, systems, or methods that embody any claim of the PATENTS-IN-SUIT or the TECHNOLOGY-IN-SUIT.

**DOCUMENT REQUEST NO. 54:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO sales, licensing, sales forecasts, budgets, expenses, costs, and profitability of any NORTEL products, systems, or methods that embody any claim of the PATENTS-IN-SUIT or the TECHNOLOGY-IN-SUIT.

**DOCUMENT REQUEST NO. 55:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO sales, licensing, sales forecasts, budgets, expenses, costs, and profitability of any products, systems, or methods that relate to the TECHNOLOGY-IN-SUIT that were sold, offered for sale, licensed, or in any way commercialized by ROCKSTAR, or any other company controlled by or affiliated with any of the inventors of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 56:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO sales, licensing, sales forecasts, budgets, expenses, costs, and profitability of any products, systems, or methods that relate to the TECHNOLOGY-IN-SUIT that were sold, offered for sale, licensed, or in any way commercialized by NORTEL, or any other company controlled by or affiliated with any of the inventors of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 57:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO the labeling and marking with patent information of any ROCKSTAR products, systems, or methods that embody any claim of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 58:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO the labeling and marking with patent information of any NORTEL products, systems, or methods that embody any claim of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 59:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO the labeling and marking with patent information of any products, systems, or methods sold, marketed, or commercialized by any company controlled by, licensed by, or affiliated with ROCKSTAR or any of the inventors of the PATENTS-IN-SUIT that embody any claim of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 60:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO the labeling and marking with patent information of any products, systems, or methods sold, marketed, or commercialized by any company controlled by, licensed by, or affiliated with NORTEL or any of the inventors of the PATENTS-IN-SUIT that embody any claim of the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 61:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any computation, calculation or estimation of damages, lost profits or reasonable royalties claimed in this Action or any infringement actions asserting the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 62:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any royalty rates for any patents or applications in the PATENT FAMILIES and any patents relating to the TECHNOLOGY-IN-SUIT.

**DOCUMENT REQUEST NO. 63:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR's patent licensing policies.

**DOCUMENT REQUEST NO. 64:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO NORTEL's patent licensing policies.

**DOCUMENT REQUEST NO. 65:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO policies and procedures at ROCKSTAR related to pursuing patents, INCLUDING policies and procedures related to when to pursue patents, invention disclosures, patent prosecution, and the citation of PRIOR ART.

1    **DOCUMENT REQUEST NO. 66:**

2        All DOCUMENTS that REFLECT, REFER TO or RELATE TO policies and procedures

3    at NORTEL related to pursuing patents, INCLUDING policies and procedures related to when to

4    pursue patents, invention disclosures, patent prosecution, and the citation of PRIOR ART.

5    **DOCUMENT REQUEST NO. 67:**

6        All DOCUMENTS that REFLECT, REFER TO or RELATE TO the identity of the current

7    shareholders, officers, and directors of ROCKSTAR.

8    **DOCUMENT REQUEST NO. 68:**

9        All DOCUMENTS that REFLECT, REFER TO or RELATE TO the identity of the current

10    shareholders, officers, and directors of ROCKSTAR CONSORTIUM.

11    **DOCUMENT REQUEST NO. 69:**

12        All DOCUMENTS that REFLECT, REFER TO or RELATE TO the identity of the current

13    shareholders, officers, and directors of MOBILESTAR.

14    **DOCUMENT REQUEST NO. 70:**

15        All DOCUMENTS that REFLECT, REFER TO or RELATE TO the identity of the current

16    shareholders, officers, and directors of BOCKSTAR.

17    **DOCUMENT REQUEST NO. 71:**

18        All DOCUMENTS that REFLECT, REFER TO or RELATE TO the identity of the current

19    shareholders, officers, and directors of CONSTELLATION.

20    **DOCUMENT REQUEST NO. 72:**

21        All DOCUMENTS that REFLECT, REFER TO or RELATE TO the identity of the current

22    shareholders, officers, and directors of NETSTAR.

23    **DOCUMENT REQUEST NO. 73:**

24        All DOCUMENTS that REFLECT, REFER TO or RELATE TO the identity of the current

25    shareholders, officers, and directors of ROCKSTAR BIDCO GP.

26    **DOCUMENT REQUEST NO. 74:**

27        All DOCUMENTS that REFLECT, REFER TO or RELATE TO the identity of the current

28    shareholders, officers, and directors of ROCKSTAR BIDCO LLC.

**DOCUMENT REQUEST NO. 75:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO the identity of the current shareholders, officers, and directors of ROCKSTAR CONSORTIUM INC.

**DOCUMENT REQUEST NO. 76:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO the identity of the current shareholders, officers, and directors of ROCKSTAR CONSORTIUM LLC.

**DOCUMENT REQUEST NO. 77:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR's corporate structure, INCLUDING all subsidiaries and related entities.

**DOCUMENT REQUEST NO. 78:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR CONSORTIUM's corporate structure, INCLUDING all subsidiaries and related entities.

**DOCUMENT REQUEST NO. 79:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO MOBILESTAR's corporate structure, INCLUDING all subsidiaries and related entities.

**DOCUMENT REQUEST NO. 80:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO BOCKSTAR's corporate structure, INCLUDING all subsidiaries and related entities.

**DOCUMENT REQUEST NO. 81:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO CONSTELLATION's corporate structure, INCLUDING all subsidiaries and related entities.

**DOCUMENT REQUEST NO. 82:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO NETSTAR's corporate structure, INCLUDING all subsidiaries and related entities.

**DOCUMENT REQUEST NO. 83:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR BIDCO GP's corporate structure, INCLUDING all subsidiaries and related entities.

**DOCUMENT REQUEST NO. 84:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR BIDCO LLC's corporate structure, INCLUDING all subsidiaries and related entities.

**DOCUMENT REQUEST NO. 85:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR BIDCO LP's corporate structure, INCLUDING all subsidiaries and related entities.

**DOCUMENT REQUEST NO. 86:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR CONSORTIUM INC.'s corporate structure, INCLUDING all subsidiaries and related entities.

**DOCUMENT REQUEST NO. 87:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR CONSORTIUM LLC's corporate structure, INCLUDING all subsidiaries and related entities.

**DOCUMENT REQUEST NO. 88:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO who or what entities own or control ROCKSTAR, INCLUDING DOCUMENTS that REFLECT, REFER TO or RELATE TO all PERSONS and entities with a financial interest in ROCKSTAR, and DOCUMENTS that REFLECT, REFER TO or RELATE TO the size of such interests.

**DOCUMENT REQUEST NO. 89:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO who or what entities own or control ROCKSTAR CONSORTIUM, INCLUDING DOCUMENTS that REFLECT, REFER TO or RELATE TO all PERSONS and entities with a financial interest in ROCKSTAR CONSORTIUM, and DOCUMENTS that REFLECT, REFER TO or RELATE TO the size of such interests.

**DOCUMENT REQUEST NO. 90:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO who or what entities own or control MOBILESTAR, INCLUDING DOCUMENTS that REFLECT, REFER TO or RELATE TO all PERSONS and entities with a financial interest in MOBILESTAR, and DOCUMENTS that REFLECT, REFER TO or RELATE TO the size of such interests.

**DOCUMENT REQUEST NO. 91:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO who or what entities own or control BOCKSTAR, INCLUDING DOCUMENTS that REFLECT, REFER TO or RELATE TO all PERSONS and entities with a financial interest in BOCKSTAR, and DOCUMENTS that REFLECT, REFER TO or RELATE TO the size of such interests.

**DOCUMENT REQUEST NO. 92:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO who or what entities own or control CONSTELLATION, INCLUDING DOCUMENTS that REFLECT, REFER TO or RELATE TO all PERSONS and entities with a financial interest in CONSTELLATION, and DOCUMENTS that REFLECT, REFER TO or RELATE TO the size of such interests.

**DOCUMENT REQUEST NO. 93:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO who or what entities own or control NETSTAR, INCLUDING DOCUMENTS that REFLECT, REFER TO or RELATE TO all PERSONS and entities with a financial interest in NETSTAR, and DOCUMENTS that REFLECT, REFER TO or RELATE TO the size of such interests.

**DOCUMENT REQUEST NO. 94:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO who or what entities own or control ROCKSTAR BIDCO GP, INCLUDING DOCUMENTS that REFLECT, REFER TO or RELATE TO all PERSONS and entities with a financial interest in ROCKSTAR BIDCO GP, and DOCUMENTS that REFLECT, REFER TO or RELATE TO the size of such interests.

**DOCUMENT REQUEST NO. 95:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO who or what entities own or control ROCKSTAR BIDCO LLC, INCLUDING DOCUMENTS that REFLECT, REFER TO or RELATE TO all PERSONS and entities with a financial interest in ROCKSTAR BIDCO LLC, and DOCUMENTS that REFLECT, REFER TO or RELATE TO the size of such interests.

**DOCUMENT REQUEST NO. 96:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO who or what entities own or control ROCKSTAR BIDCO LP, INCLUDING DOCUMENTS that REFLECT, REFER TO or

1  RELATE TO all PERSONS and entities with a financial interest in ROCKSTAR BIDCO LP, and

2  DOCUMENTS that REFLECT, REFER TO or RELATE TO the size of such interests.

3  **DOCUMENT REQUEST NO. 97:**

4      All DOCUMENTS that REFLECT, REFER TO or RELATE TO who or what entities own

5  or control ROCKSTAR CONSORTIUM INC., INCLUDING DOCUMENTS that REFLECT,

6  REFER TO or RELATE TO all PERSONS and entities with a financial interest in ROCKSTAR

7  CONSORTIUM INC., and DOCUMENTS that REFLECT, REFER TO or RELATE TO the size

8  of such interests.

9  **DOCUMENT REQUEST NO. 98:**

10     All DOCUMENTS that REFLECT, REFER TO or RELATE TO who or what entities own

11  or control ROCKSTAR CONSORTIUM LLC, INCLUDING DOCUMENTS that REFLECT,

12  REFER TO or RELATE TO all PERSONS and entities with a financial interest in ROCKSTAR

13  CONSORTIUM LLC, and DOCUMENTS that REFLECT, REFER TO or RELATE TO the size

14  of such interests.

15  **DOCUMENT REQUEST NO. 99:**

16     All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR's

17  formation, INCLUDING any related amendments.

18  **DOCUMENT REQUEST NO. 100:**

19     All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR

20  CONSORTIUM's formation as a limited partnership, INCLUDING any related amendments.

21  **DOCUMENT REQUEST NO. 101:**

22     All DOCUMENTS that REFLECT, REFER TO or RELATE TO MOBILESTAR's

23  formation as a limited liability company, INCLUDING any related amendments.

24  **DOCUMENT REQUEST NO. 102:**

25     All DOCUMENTS that REFLECT, REFER TO or RELATE TO BOCKSTAR's formation

26  as a limited liability company, INCLUDING any related amendments.

27

28

**DOCUMENT REQUEST NO. 103:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO CONSTELLATION's formation as a limited liability company, INCLUDING any related amendments.

**DOCUMENT REQUEST NO. 104:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO NETSTAR's formation as a limited liability company, INCLUDING any related amendments.

**DOCUMENT REQUEST NO. 105:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR BIDCO GP's formation as a general partnership, INCLUDING any related amendments.

**DOCUMENT REQUEST NO. 106:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR BIDCO LLC's formation as a limited liability company, INCLUDING any related amendments.

**DOCUMENT REQUEST NO. 107:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR BIDCO LP's formation as a limited partnership, INCLUDING any related amendments.

**DOCUMENT REQUEST NO. 108:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR CONSORTIUM INC.'s incorporation, INCLUDING any related amendments.

**DOCUMENT REQUEST NO. 109:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO ROCKSTAR CONSORTIUM LLC's formation as a limited liability company, INCLUDING any related amendments.

**DOCUMENT REQUEST NO. 110:**

All DOCUMENTS, INCLUDING Organization chart(s), that REFLECT, REFER TO or RELATE TO the organizational structure of ROCKSTAR and the personnel in the areas responsible for the management, licensing, marketing, manufacturing, engineering, testing and research and development leading to the alleged invention of the PATENTS-IN-SUIT and the TECHNOLOGY-IN-SUIT.

**DOCUMENT REQUEST NO. 111:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO the retention of documents, whether formal or informal, by ROCKSTAR.

**DOCUMENT REQUEST NO. 112:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO the retention of documents, whether formal or informal, by NORTEL.

**DOCUMENT REQUEST NO. 113:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO COMMUNICATIONS between ROCKSTAR and GOOGLE prior to initiation of this Action or any infringement actions asserting the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 114:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO COMMUNICATIONS between ROCKSTAR and any THIRD PARTY regarding the PATENT FAMILIES prior to initiation of this Action or any infringement actions asserting the PATENTS-IN-SUIT.

**DOCUMENT REQUEST NO. 115:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any proposed merger, acquisition, or sale of any assets, INCLUDING any patent or group of patents, of ROCKSTAR, INCLUDING ALL DOCUMENTS that REFLECT, REFER TO or RELATE TO any diligence, presentations, proposals, term sheets and letters of intent relating to the same.

**DOCUMENT REQUEST NO. 116:**

All DOCUMENTS that REFLECT, REFER TO or RELATE TO any proposed merger, acquisition, or sale of any assets, INCLUDING any patent or group of patents, of NORTEL, INCLUDING ALL DOCUMENTS that REFLECT, REFER TO or RELATE TO any diligence, presentations, proposals, term sheets and letters of intent relating to the same.

1  DATED:  May 7, 2014               QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
2

3

4                                    By: /s/ Matthew S. Warren
                                         Matthew S. Warren
5                                        *Attorneys for Plaintiff Google Inc.*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2  I, Catherine R. Lacey, declare as follows:

3        I am employed by Quinn Emanuel Urquhart & Sullivan, LLP, in the City and County of

4  San Francisco, State of California.  My business address is 50 California Street, 22nd Floor,

5  San Francisco, California, 94111-4788.  I am over the age of eighteen years, and I am not a party

6  to this action.

7        On May 7, 2014, I served true copies of the foregoing document, Plaintiff's First Set of

8  Requests for Production to Rockstar Consortium US LP And Mobilestar Technologies LLC, on

9  counsel of record for Rockstar Consortium US LP and MobileStar Technologies LLC at the

10  following address:

11        Courtland L. Reichman
        McKool Smith Hennigan, PC
12        255 Shoreline Drive
        Suite 510
13        Redwood Shores, California  94065

14  I enclosed true copies of said documents in an envelope and consigned it for hand delivery via

15  messenger to the address as shown above.  I also provided a courtesy copy by email to

16  rockstar_ndca@mckoolsmith.com.

17        I declare under penalty of perjury that the foregoing is true and correct.  Executed on May

18  7, 2014, at San Francisco, California.

19

20                                        /s  *Catherine R. Lacey*
                                           Catherine R. Lacey
21

22

23

24

25

26

27

28