# EXHIBIT 8

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
       Sean Pak (Cal. Bar No. 219032)
2      seanpak@quinnemanuel.com
       Amy H. Candido (Cal. Bar No. 237829)
3      amycandido@quinnemanuel.com
       Matthew S. Warren (Cal. Bar No. 230565)
4      matthewwarren@quinnemanuel.com
   50 California Street, 22nd Floor
5  San Francisco, California 94111
   (415) 875-6600
6  (415) 875-6700 facsimile

7  Attorneys for Plaintiff GOOGLE INC.

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                       OAKLAND DIVISION

11

12 GOOGLE INC.,                          CASE NO. 13-cv-5933-CW

13              Plaintiff,               **PLAINTIFF'S SECOND SET OF
                                         REQUESTS FOR PRODUCTION TO
14      v.                               DEFENDANTS ROCKSTAR
                                         CONSORTIUM US LP AND
15 ROCKSTAR CONSORTIUM US LP and         MOBILESTAR TECHNOLOGIES LLC**
   MOBILESTAR TECHNOLOGIES LLC,
16                                       Date:     August 1, 2014
                Defendants.
17

18

19       Under Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Google Inc.

20 ("GOOGLE") requests that Defendants Rockstar Consortium US LP and MobileStar Technologies

21 LLC (collectively, "ROCKSTAR") serve written responses to the Requests and produce the

22 requested documents and items within thirty (30) days after the service hereof, at the offices of

23 Quinn Emanuel Urquhart & Sullivan, LLP or at such other location and time as the parties may

24 agree, and permit the inspection and copying of the following documents and other tangible items

25 that are in Rockstar's possession, custody, or control.  These Requests are continuing in nature and

26 require supplemental production in accordance with the Federal Rules of Civil Procedure.

27

28

# DEFINITIONS

1.      "ROCKSTAR" means Rockstar Consortium US LP and MobileStar Technologies LLC; their officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing, their affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control them, are owned or controlled by them, or share with them common ownership or control, as well as predecessors and successors in interest to such entities, including Bockstar Technologies LLC, Constellation Technologies LLC, MobileStar Technologies LLC, NetStar Technologies LLC, Rockstar Bidco GP, Rockstar Bidco LLC, Rockstar Bidco LP, Rockstar Consortium Inc., Rockstar Consortium LLC, or Rockstar Consortium US LP.

2.      "ROCKSTAR CONSORTIUM" means Rockstar Consortium US LP; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing; its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

3.      "NETSTAR" means NetStar Technologies LLC; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing; its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

4.      "ROCKSTAR BIDCO GP" means Rockstar Bidco GP, LLC; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing; its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

5.      "ROCKSTAR BIDCO LLC" means Rockstar Bidco LLC; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing; its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

6.      "ROCKSTAR BIDCO LP" means Rockstar Bidco LP; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing; its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

7.      "ROCKSTAR CONSORTIUM INC." means Rockstar Consortium Inc.; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing; its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by

it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

8.    "ROCKSTAR CONSORTIUM LLC" means Rockstar Consortium LLC; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing; its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

9.    "APPLE" means Apple Inc.; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing, and its affiliates, parents, subsidiaries, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

10.    "EMC" means EMC Corporation; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing, and its affiliates, parents, subsidiaries, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it common ownership or control, as well as predecessors and successors in interest to such entities.

11.    "MICROSOFT" means Microsoft Corporation; its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing, and its affiliates, parents, subsidiaries, divisions, joint ventures,

1   licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities,

2   whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it

3   common ownership or control, as well as predecessors and successors in interest to such entities.

4        12.    "SONY" means Sony Corporation of America; its officers, directors, current and

5   former employees, counsel, agents, consultants, representatives, and any other PERSONS acting

6   on behalf of any of the foregoing, and its affiliates, parents, subsidiaries, divisions, joint ventures,

7   licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities,

8   whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it

9   common ownership or control, as well as predecessors and successors in interest to such entities.

10        13.    "ERICSSON" means Ericsson; its officers, directors, current and former

11  employees, counsel, agents, consultants, representatives, and any other PERSONS acting on

12  behalf of any of the foregoing, and its affiliates, parents, subsidiaries, divisions, joint ventures,

13  licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities,

14  whether foreign or domestic, that own or control it, are owned or controlled by it, or share with it

15  common ownership or control, as well as predecessors and successors in interest to such entities.

16        14.    "BLACKBERRY" means Blackberry Ltd. and its predecessors, including without

17  limitation Research In Motion Ltd.; its officers, directors, current and former employees, counsel,

18  agents, consultants, representatives, and any other PERSONS acting on behalf of any of the

19  foregoing, and its affiliates, parents, subsidiaries, divisions, joint ventures, licensees, franchisees,

20  assigns, predecessors and successors in interest, and any other legal entities, whether foreign or

21  domestic, that own or control it, are owned or controlled by it, or share with it common ownership

22  or control, as well as predecessors and successors in interest to such entities.

PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS
ROCKSTAR CONSORTIUM US LP AND MOBILESTAR TECHNOLOGIES LLC

15.    "ANY ROCKSTAR ENTITY" means any of ROCKSTAR, ROCKSTAR CONSORTIUM, NETSTAR, ROCKSTAR BIDCO GP, ROCKSTAR BIDCO LLC, ROCKSTAR BIDCO LP, ROCKSTAR CONSORTIUM INC., and ROCKSTAR CONSORTIUM LLC.

16.    "ANY ROCKSTAR SHAREHOLDER" means any current or former shareholder, member, owner, partner, or other equity owners of ANY ROCKSTAR ENTITY, including APPLE, EMC, MICROSOFT, SONY, ERICSSON, and BLACKBERRY.

17.    "NORTEL" means Nortel Networks Corporation and Nortel Networks Inc., their officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other PERSONS acting on behalf of any of the foregoing, and their affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Nortel Networks Corporation or Nortel Networks Inc., and all predecessors and successors in interest to such entities, including Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Architel Systems (U.S.) Corporation, Bay Networks, Inc., CoreTek, Inc., New Oak Communications, Inc., Nortel Altsystems Inc., Nortel Altsystems International Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Cable Solutions Inc., Nortel Networks (CALA) Inc., Nortel Networks Capital Corporation, Nortel Networks Global Corporation, Nortel Networks HPOCS Inc., Nortel Networks International Corporation, Nortel Networks International Inc., Nortel Networks Limited, Nortel Networks Optical Components Inc., Nortel Networks Technology Corporation, Northern Telecom International Inc., Qtera Corporation, Sonoma Systems, and Xros, Inc.

18.    "NORTEL ADVISOR" means any THIRD PARTY or ANY ROCKSTAR ENTITY from whom NORTEL sought or received advice REGARDING the PATENTS-IN-SUIT, RELATED PATENTS/APPLICATIONS, NORTEL's patents, or other intellectual

1  property, and the auction therefor, including, but not limited to, David Descoteaux, Lazard Frères

2  & Co. LLC, Global IP Law Group, Justin Lux,  Portfolio Advisors LLC, Colin Keenan,

3  Brightwood Capital Advisors, LLC, Edouard Gueyffier, Estin & Co., Kshitij Bhatia, or Warburg

4  Pincus India Pvt. Ltd.

5          19.      "GOOGLE" means Plaintiff Google Inc.

6          20.      "ANDROID" means any version of the Android mobile platform.

7

8          21.      "DEFENDANTS" mean Defendants Rockstar Consortium US LP and MobileStar

9  Technologies LLC.

10         22.      "THIS LITIGATION" means *Google Inc. v. Rockstar Consortium US LP, et al.*,

11  No. 13-5933, filed in the Northern District of California.

12         23.      "ROCKSTAR V. ANDROID LITIGATIONS" means any of *Rockstar Consortium

13  US LP, et al. v. Pantech Co., LTD, et al.* (E.D. Tex. No. 13-0899); *Rockstar Consortium US LP, et*

14  *al. v. ZTE Corporation, et al.* (E.D. Tex. No. 13-0901); *Rockstar Consortium US LP, et al. v.*

15  *ASUSTek Computer Inc., et al.* (E.D. Tex. No. 13-0894); *Rockstar Consortium US LP, et al. v.*

16  *Samsung Electronics Co., et al.* (E.D. Tex. No. 13-0900); *Rockstar Consortium US LP, et al. v.*

17  *LG Electronics Inc., et al.* (E.D. Tex. No. 13-0898); and *Rockstar Consortium US LP, et al. v.*

18  *HTC Corp., et al* (E.D. Tex. 13-0895).

19

20         24.      "ANY ROCKSTAR V. ANDROID DEFENDANT" means any defendant in any of

21  the ROCKSTAR V. ANDROID LITIGATIONS.

22         25.      "'937 PATENT" means U.S. Patent No. 6,037,937, entitled "Navigation tool for

23  graphical user interface," all underlying patent applications, all continuations, continuations-in-

24  part, divisionals, reissues, and any other patent applications in the '937 PATENT family.

25

26         26.      "'551 PATENT" means U.S. Patent No. 5,838,551, entitled "Electronic package

27  carrying an electronic component and assembly of mother board and electronic package," all

28

underlying patent applications, all continuations, continuations-in-part, divisionals, reissues, and any other patent applications in the '551 PATENT family.

27.    "'973 PATENT" means U.S. Patent No. 6,333,973, entitled "Integrated message center," all underlying patent applications, all continuations, continuations-in-part, divisionals, reissues, and any other patent applications in the '973 PATENT family.

28.    "'298 PATENT" means U.S. Patent No. 6,128,298, entitled "Internet protocol filter," all underlying patent applications, all continuations, continuations-in-part, divisionals, reissues, and any other patent applications in the '298 PATENT family.

29.    "'131 PATENT" means U.S. Patent No. 6,463,131, entitled "System and method for notifying a user of an incoming communication event," all underlying patent applications, all continuations, continuations-in-part, divisionals, reissues, and any other patent applications in the '131 PATENT family.

30.    "'591 PATENT" means U.S. Patent No. 6,765,591, entitled "Managing a virtual private network," all underlying patent applications, all continuations, continuations-in-part, divisionals, reissues, and any other patent applications in the '591 PATENT family.

31.    "'572 PATENT" means U.S. Patent No. 6,937,572, entitled "Call trace on a packet switched network," all underlying patent applications, all continuations, continuations-in-part, divisionals, reissues, and any other patent applications in the '572 PATENT family.

32.    "PATENTS-IN-SUIT" refers to the '937 PATENT, '551 PATENT, '973 PATENT, '298 PATENT, '131 PATENT, '591 PATENT, and the '572 PATENT, individually and collectively, including all underlying patent applications, all continuations, continuations-in-part, divisionals, and reissues.

33.    "PRIOR ART" shall mean the subject matter described in 35 U.S.C. §§ 102 and 103, including but not limited to publications, articles, posters, abstracts, chapters, displays, slides,

patents, physical devices, prototypes, uses, sales, and offers for sale, and any DOCUMENTS or THINGS evidencing any of the foregoing.

34.    The term "RELATED PATENTS/APPLICATIONS" shall mean (1) any United States or foreign patent or patent application related to the PATENTS-IN-SUIT by way of subject matter or claimed priority date, (2) all parent, grandparent or earlier, divisional, continuation, continuation-in-part, provisional, reissue, reexamination, and foreign counterpart patents and applications thereof, and/or (3) any patent or patent application filed by one of more of the same applicant(s) (or his or her assignees) that refers to any of (1) or (2) herein.

35.    "NAMED INVENTORS" refers to Yee-Ning Chan, Brian Finlay Beaton, Colin Donald Smith, Bruce Dale Stalkie, Bruce Anthony Wootton, William G. Colvin, Marilyn French-St. George, Mitch A. Brisebois, Laura A. Mahan, Matthew W. Poisson, Melissa L. Desroches, James M. Milillo, Brian B. Egan, Milos Vodsedalek, the named inventors of the PATENTS-IN-SUIT.

36.    The phrase "THE APPLICANTS" shall refer to the NAMED INVENTORS of the PATENTS-IN-SUIT, the prosecuting attorneys of the PATENTS-IN-SUIT, and/or other PERSONS owing a duty of candor to the U.S. Patent & Trademark Office in connection with the prosecution of the PATENTS-IN-SUIT, individually and collectively.

37.    "DOCUMENT" includes, without limitation, all written, graphic or otherwise recorded material, including without limitation, microfilms or other film records or impressions, electronically stored information regardless of the form of storage medium, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any

mechanical or electronic recording device, including email, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

38.    "THING" as used herein means any physical object other than a "DOCUMENT."

39.    "COMMUNICATION" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, THING, idea, DOCUMENT, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail.

40.    "SOURCE CODE" means source code, hardware code, machine code, assembly code, or code written in any programming language, and code that can be compiled or acted upon by a processor, any listings or printouts thereof, and any release notes describing the features or modifications of such code.

41.    The term "PERSON" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

42.    "THIRD PARTY" or "THIRD PARTIES" means any PERSON other than either YOU or ANY ROCKSTAR ENTITY.

43.    "INFRINGE" and "INFRINGEMENT" means direct infringement, contributory infringement, infringement by inducement, literal infringement, and infringement under the doctrine of equivalents.

44.    "REGARDING" means relating to referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

45.    "SUBJECT MATTER IN SUIT" means the PATENTS-IN-SUIT, references in the PATENTS-IN-SUIT, and any technology ROCKSTAR contends or believes is covered by or the subject of the PATENTS-IN-SUIT.

46.    "Include" and "including" shall mean including without limitation.

47.    Use of the singular also includes the plural and vice-versa.

48.    The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Document Requests.

49.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

1

2

## INSTRUCTIONS

The following instructions shall apply to each of the Document Requests herein:

3

4

5

6

7

8

9

10

11

12

13

14

15

16

1.        In answering the following Document Requests, furnish all available information, including information in the possession, custody, or control of YOU or any of YOUR attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and PERSONS under YOUR control, who have the best knowledge, not merely information known to YOU based on YOUR own personal knowledge. If YOU cannot fully respond to the following Document Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Document Request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Document Request cannot be answered fully and completely; and state what knowledge, information or belief YOU have concerning the unanswered portion of any such Document Requests.

17

18

2.        Electronic records and computerized information must be produced in an intelligible format.

19

20

21

22

3.        Selection of DOCUMENTS from the files and other sources and the numbering of such DOCUMENTS shall be performed in such a manner as to ensure that the source of each DOCUMENT may be determined, if necessary.

23

24

4.        File folders with tabs or labels or directories of files identifying DOCUMENTS must be produced intact with such DOCUMENTS.

25

5.        Documents attached to each other shall not be separated.

26

27

28

6.        If any information requested is claimed to be privileged or otherwise immune from discovery, please provide all information falling within the scope of the Document Request

Case No. 13-cv-5933-CW
PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS
ROCKSTAR CONSORTIUM US LP AND MOBILESTAR TECHNOLOGIES LLC

which is not privileged, and for each item of information contained in a DOCUMENT to which a claim of privilege is made, identify such DOCUMENT with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

        (1)     the basis on which the privilege is claimed;

        (2)     the name(s) of the author(s) of the DOCUMENT;

        (3)     the name of each individual or other PERSON to whom the DOCUMENT, or a copy thereof, was sent; and

        (4)     the date of the DOCUMENT

       7.     If YOUR response to a particular Document Request is a statement that YOU lack the ability to comply with that Document Request, YOU must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in YOUR possession, custody, or control, in which case the name and address of any PERSON or entity known or believed by YOU to have possession, custody, or control of that information or category of information must be identified.

       8.     YOUR obligation to respond to these Document Requests is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

1

2                              **REQUESTS FOR PRODUCTION**

3

4    **DOCUMENT REQUEST NO. 117:**

5          All DOCUMENTS and things, including COMMUNICATIONS, REGARDING the July

6    2011 auction for NORTEL's intellectual property assets.

7

8    **DOCUMENT REQUEST NO. 118:**

9          All DOCUMENTS and things, including COMMUNICATIONS, REGARDING ANY

10   ROCKSTAR ENTITY's participation in the 2011 auction of NORTEL's patents, including but not

11   limited to, the date of and reason for ANY ROCKSTAR ENTITY's decision to participate in the

12   auction.

13

14   **DOCUMENT REQUEST NO. 119:**

15         All DOCUMENTS and things, including COMMUNICATIONS, REGARDING ANY

16   ROCKSTAR ENTITY's formation, including the reason for ANY ROCKSTAR ENTITY's

17   formation.

18

19   **DOCUMENT REQUEST NO. 120:**

20         All DOCUMENTS and things, including COMMUNICATIONS, REGARDING analyses

21   conducted by ANY ROCKSTAR ENTITY or on ANY ROCKSTAR ENTITY's behalf in

22   connection with the NORTEL auction, and all decisions and/or actions made or performed by

23   ANY ROCKSTAR ENTITY in connection with the auction, including determinations of when

24   and how much to bid in the auction, identification of any bidding partners or allies, and the nature

25   of any arrangement made by ANY ROCKSTAR ENTITY in connection with any such bidding

26   partnership or alliance.

27

28

**DOCUMENT REQUEST NO. 121:**

All DOCUMENTS and things, including COMMUNICATIONS, sufficient to identify each entity or PERSON having a financial or pecuniary interest in the outcome of THIS LITIGATION or any of the ROCKSTAR V. ANDROID LITIGATIONS, as well as the amount or percentage of each entity's or PERSON's interest.

**DOCUMENT REQUEST NO. 122:**

All DOCUMENTS and things, including COMMUNICATIONS, REGARDING any bid submitted at the July 2011 auction for NORTEL's intellectual property assets.

**DOCUMENT REQUEST NO. 123:**

All DOCUMENTS and things, including COMMUNICATIONS, REGARDING any meeting or discussion between ANY ROCKSTAR ENTITY and GOOGLE REGARDING any of NORTEL's patents or other intellectual property assets auctioned in 2011, including the PATENTS-IN-SUIT or RELATED PATENTS/APPLICATIONS.

**DOCUMENT REQUEST NO. 124:**

All DOCUMENTS and things, including COMMUNICATIONS, REGARDING agreements between or among ANY ROCKSTAR ENTITY and ANY ROCKSTAR SHAREHOLDER.

**DOCUMENT REQUEST NO. 125:**

All DOCUMENTS and things, including COMMUNICATIONS, REGARDING any meeting or discussion between ANY ROCKSTAR ENTITY and ANY ROCKSTAR SHAREHOLDER REGARDING any of NORTEL's patents or other intellectual property assets auctioned in July 2011, including the PATENTS-IN-SUIT or RELATED PATENTS/APPLICATIONS.

1  **DOCUMENT REQUEST NO. 126:**

2       All DOCUMENTS and things, including COMMUNICATIONS, REGARDING any

3  meeting or discussion between ANY ROCKSTAR ENTITY and ANY ROCKSTAR

4  SHAREHOLDER REGARDING GOOGLE.

5

6  **DOCUMENT REQUEST NO. 127:**

7       All DOCUMENTS and things, including COMMUNICATIONS, REGARDING

8  any meeting or discussion REGARDING any of the PATENTS-IN-SUIT; the value of

9  the PATENTS-IN-SUIT; a reasonable royalty rate for the PATENTS-IN-SUIT; the accused

10 products; ANDROID; THIS LITIGATION or any of the ROCKSTAR V. ANDROID

11 LITIGATIONS; or the decision to file THIS LITIGATION or any of the ROCKSTAR V.

12 ANDROID LITIGATIONS.

13

14 **DOCUMENT REQUEST NO. 128:**

15      All DOCUMENTS and things, including COMMUNICATIONS, REGARDING any

16 efforts NORTEL or ANY ROCKSTAR ENTITY made to license, sell, monetize, or otherwise

17 generate revenue from NORTEL's patents or other intellectual property assets, including but not

18 limited to any presentations, mailings, meeting minutes, license negotiations, sales negotiations,

19 claim charts, INFRINGEMENT analyses, validity analyses, notice letters, cease and desist letters,

20 offers, draft license agreements, and term sheets.

21

22 **DOCUMENT REQUEST NO. 129:**

23      All DOCUMENTS and things, including COMMUNICATIONS, REGARDING any

24 proposed merger, acquisition, sale, or license involving any patent, group of patents, or other

25 intellectual property assets of NORTEL or ANY ROCKSTAR ENTITY, including but not limited

26 to any diligence, presentations, proposals, offers, term sheets and letters of intent.

27

28

**DOCUMENT REQUEST NO. 130:**

All DOCUMENTS and things, including COMMUNICATIONS, REGARDING the value of any of the PATENTS-IN-SUIT or RELATED PATENTS/APPLICATIONS, or the SUBJECT MATTER IN SUIT, including any valuation performed by NORTEL, any NORTEL ADVISOR, ANY ROCKSTAR ENTITY, or any THIRD PARTY.

**DOCUMENT REQUEST NO. 131:**

All DOCUMENTS and things, including COMMUNICATIONS, REGARDING any review, valuation, assessment, or evaluation of any of NORTEL's patents or other intellectual property assets, including any review, valuation, assessment, or evaluation performed by NORTEL, any NORTEL ADVISOR, ANY ROCKSTAR ENTITY, ANY ROCKSTAR SHAREHOLDER, or any THIRD PARTY, or by any PERSON on behalf of you, ANY ROCKSTAR SHAREHOLDER, NORTEL, ANY ROCKSTAR ENTITY, or any THIRD PARTY.

**DOCUMENT REQUEST NO. 132:**

All DOCUMENTS and things, including COMMUNICATIONS, REGARDING NORTEL's patents or other intellectual property assets provided in any clean room or electronic data room by NORTEL or any NORTEL ADVISOR to potential investors or buyers in connection with the July 2011 auction.

**DOCUMENT REQUEST NO. 133:**

All DOCUMENTS and things, including COMMUNICATIONS, REGARDING any payments made by ANY ROCKSTAR ENTITY or anyone acting on ANY ROCKSTAR ENTITY's behalf to anyone, including the NAMED INVENTORS of the PATENTS-IN-SUIT, in connection with their involvement in THIS LITIGATION or any ROCKSTAR V. ANDROID LITIGATIONS, or in any other litigation or legal action pending to which ANY ROCKSTAR ENTITY is a party.

Case No. 13-cv-5933-CW
PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS
ROCKSTAR CONSORTIUM US LP AND MOBILESTAR TECHNOLOGIES LLC

1    **DOCUMENT REQUEST NO. 134:**

2          All DOCUMENTS and things, including COMMUNICATIONS, between ANY

3    ROCKSTAR SHAREHOLDER, other equity owners, officers, directors, members, partners, or

4    board members, REGARDING the value of the PATENTS-IN-SUIT; a reasonable royalty rate for

5    the PATENTS-IN-SUIT; the NORTEL patent portfolio, including the value of the NORTEL

6    patent portfolio; the accused products; ANDROID; THIS LITIGATION or any of the

7    ROCKSTAR V. ANDROID LITIGATIONS; or the decision to file THIS LITIGATION or any of

8    the ROCKSTAR V. ANDROID LITIGATIONS.

9

10    **DOCUMENT REQUEST NO. 135:**

11          All DOCUMENTS and THINGS, including COMMUNICATIONS REGARDING any

12    payments, whether actual or projected, from YOU to ANY ROCKSTAR SHAREHOLDER.

13

14

15    DATED:  August 1, 2014              Respectfully submitted,

16                                       QUINN EMANUEL URQUHART & SULLIVAN, LLP

17                                       By  */s Matthew S. Warren*
                                            Charles K. Verhoeven (Cal. Bar No. 170151)
18                                          Sean Pak (Cal. Bar No. 219032)
                                            Matthew S. Warren (Cal. Bar No. 230565)
19                                          Kristin J. Madigan (Cal. Bar No. 233436)
                                            quinn-google-n.d.cal.-13-05933@quinnemanuel.com
20                                          50 California Street, 22nd Floor
                                            San Francisco, California 94111
21                                          (415) 875-6600
                                            (415) 875-6700 facsimile
22
                                            Patrick D. Curran (Cal. Bar No. 241630)
23                                          quinn-google-n.d.cal.-13-05933@quinnemanuel.com
                                            51 Madison Avenue, 22nd Floor
24                                          New York, New York 10010
                                            (212) 849-7000
25                                          (212) 849-7100 facsimile

26                                       *Attorneys for Google Inc.*

27

28

PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS
ROCKSTAR CONSORTIUM US LP AND MOBILESTAR TECHNOLOGIES LLC

1                         **PROOF OF SERVICE**

2   I, Lindsay M. Cooper, declare as follows:

3        I am employed by Quinn Emanuel Urquhart & Sullivan, LLP, in the City and County of

4 San Francisco, State of California.  My business address is 50 California Street, 22nd Floor,

5 San Francisco, California, 94111-4788.  I am over the age of eighteen years, and I am not a party

6 to this action.

7        On August 1, 2014, I served true copies of the foregoing document, Plaintiff's Second Set

8 of Requests for Production to Rockstar Consortium US LP And Mobilestar Technologies LLC, on

9 counsel of record for Rockstar Consortium US LP and MobileStar Technologies LLC at the

10 following addresses:

11      Courtland L. Reichman      Mike McKool      Joshua W. Budwin

McKool Smith Hennigan, PC   Douglas A. Cawley   McKool Smith, PC

12      255 Shoreline Drive      Ted Stevenson III    300 W. 6th Street

Suite 510      David Sochia      Suite 1700

13      Redwood Shores, California 94065   McKool Smith, PC   Austin, Texas 78701

                            300 Crescent Court

14                            Suite 1500

                           Dallas, Texas 75201

15

16 with a courtesy copy via email to rockstar_ndca@mckoolsmith.com.  I enclosed the foregoing

17 document in sealed envelopes addressed as shown above, and I deposited these envelopes in the

18 mail at San Francisco, California, using First Class Mail, fully prepaid.

19        I declare under penalty of perjury that the foregoing is true and correct.

20        Executed on August 1, 2014, at San Francisco, California.

22           /s  *Lindsay M. Cooper*

            Lindsay M. Cooper

Case No. 13-cv-5933-CW
PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS
ROCKSTAR CONSORTIUM US LP AND MOBILESTAR TECHNOLOGIES LLC