# EXHIBIT 15

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., | No. C 13-5933 CW |
|     Plaintiff, | ORDER GRANTING MOTION FOR ISSUANCE OF LETTER ROGATORY TO THE SUPERIOR COURT OF JUSTICE OF ONTARIO, CANADA |
|   v. | |
| ROCKSTAR CONSORTIUM U.S. LP, and MOBILESTAR TECHNOLOGIES, LLC, | |
|     Defendants. | (Docket No. 134) |

On September 29, 2014, Google Inc. filed this unopposed motion for issuance of letters rogatory to the Superior Court of Justice of Ontario, Canada. After considering the papers, the Court GRANTS Google's motion.

## BACKGROUND

The Court's prior order denying Defendants' motion to dismiss or, in the alternative, to transfer (Docket No. 58) lays out the underlying factual background in great detail, and so the Court provides only the procedural history relevant to the present motion.

On June 26, 2014, this Court entered a case management order. Docket No. 88. Under that order, the deadline to complete fact discovery is January 23, 2015 with trial scheduled for September 14, 2015. Id. Google has served subpoenas for production of documents on Nortel Networks, Nortel's American subsidiary, and for the named inventors of the disputed patents. This motion

requests letters rogatory for the following Canadian residents and entities:

(1) Nortel Networks Corporation (Nortel);

(2) Jean-Pierre Fortin, Angela De Wilton, and Jaspreet Harit, former Nortel employees and the in-house attorneys who prosecuted the patent applications that issued as the '551, '937 and '591 patents;

(3) Yee-Ning Chan, Brian Finlay Beaton and Bruce Dale Stalkie, former Nortel employees and named inventors on the disputed patents;

(4) Mitch A. Brisebois and Laura A. Mahan, former Nortel employees and named inventors on the disputed patents; they are also the named inventors of the '944 patent, which Google has asserted as part of its invalidity defense for the '572 patent; and

(5) Paul Michael Brennan, Brian Cruickshank and John Eric Lumsden, named inventors of the '927 patent.

## LEGAL STANDARD

"[T]he term letters rogatory denotes a formal request from a court in which an action is pending, to a foreign court to perform some judicial act.  Examples are requests for the taking of evidence, the serving of a summons, subpoena, or other legal notice, or the execution of a civil judgment.  In United States usage, letters rogatory have been commonly utilized only for the purpose of obtaining evidence.  Requests rest entirely upon the comity of courts toward each other, and customarily embody a promise of reciprocity.  The legal sufficiency of documents executed in foreign countries for use in judicial proceedings in the United States, and the validity of the execution, are matters for determination by the competent judicial authorities of the American jurisdiction where the proceedings are held, subject to the applicable laws of that jurisdiction."

22 C.F.R. § 92.54.

2

The legal standard by which a court considers letters rogatory is succinctly explained in <u>Barnes and Noble, Inc. v. LSI Corp</u>, 2012 WL 1808849, at * 2 (N.D. Cal.):

> A court has inherent authority to issue letters rogatory. . . . Whether to issue such a letter is a matter of discretion for the court. When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained. A court's decision whether to issue a letter rogatory, though, does require an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure.

(citations omitted).

Pursuant to Federal Rule of Civil Procedure 28(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."

The discovery Google requests is relevant and discoverable under the standard set in Rule 26. Google asserts that it is unable to obtain the information held by these individuals and entities through any other means. Google also asserts that given the case management schedule for discovery, it is unable to wait to seek these letters rogatory for these individuals and entities until after Rockstar has completed its document production and Google has the opportunity to depose them. Google represents that Rockstar does not oppose this motion.

CONCLUSION

Having considered the motion on the papers, the motion for issuance of letters rogatory (Docket No. 134) is GRANTED.

The Court orders that after the Court signs the Letter Rogatory, the clerk shall authenticate the Court's signature by affixing the Court's seal thereto, and the Letter Rogatory be thereafter returned by the clerk to counsel for Google so that the Letter Rogatory may be promptly transmitted to the Appropriate Judicial Authority of Canada for execution.

IT IS SO ORDERED.

Dated:   October 3, 2014

_____
CLAUDIA WILKEN
United States District Judge

4