# EXHIBIT 21

## Michelle Ernst

| | |
|---|---|
| **From:** | Supko, Mark [MSupko@crowell.com] |
| **Sent:** | Friday, October 17, 2014 11:49 AM |
| **To:** | Michelle Ernst |
| **Cc:** | Robert Wilson |
| **Subject:** | RE: Rockstar Consortium US LP, et al. v. Google, Case No. 13-893 (E.D. Tex.) |

Michelle,

We're working on a letter to address all of the issues we've been discussing, but I wanted to get back to you on the public versions of the allocation trial exhibits.  Since we are not involved in the clearance process, I'm sure I did not commit to you that the exhibits would be produced by any particular date.  That said, it was absolutely my expectation at the time we spoke, based on information I was provided by those involved in the review, that the exhibits would be ready for production this week.  I have since been informed, however, that Rockstar has objected to any production until they complete a privilege review.  I was not given an estimated completion date, but I will try to get more information.

Regards,
Mark

Mark M. Supko
msupko@crowell.com
Direct 1.202.624.2734 | Mobile: 1.703.980.4695

**Crowell & Moring LLP** | www.crowell.com
1001 Pennsylvania Avenue NW
Washington, DC 20004

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.

=========================================================

**From:** Michelle Ernst [mailto:MichelleErnst@quinnemanuel.com]
**Sent:** Friday, October 17, 2014 10:21 AM
**To:** Supko, Mark
**Cc:** Robert Wilson
**Subject:** RE: Rockstar Consortium US LP, et al. v. Google, Case No. 13-893 (E.D. Tex.)

Mark,

Thank you for the clarification.  We continue to disagree with NNI's position that the trial exhibits should be produced with confidential information redacted given that they can be produced with the appropriate confidentiality designation under the Protective Order.  To this end, and as we discussed during our latest meet and confer, Google proposes that NNI produce these materials in un-redacted form and appropriately designate the formerly redacted material under the appropriate confidentiality designation in the Protective Order (for example, the highest tier of confidentiality available to NNI under the Protective Order in the 893 case is "RESTRICTED – ATTORNEYS' EYES ONLY").  Alternatively, as Google has previously proposed, it is also willing to consider a joint motion for an addendum to the protective order in these cases and/or the bankruptcy proceeding providing that Nortel's production will be afforded the same confidentiality protections as in the bankruptcy action.

Per your last email, it also appears that the trial exhibits and deposition designations are being reviewed, but not redacted, for privilege. Please confirm. If that is so, it appears that any privilege claims by the Nortel entities or third parties are already being addressed and resolved prior to any production to Google. This further supports Google's position that these documents should be produced in an un-redacted form and designated for confidentiality under the Protective Order.

Finally, you stated during our October 7, 2014 call that NNI would be producing approximately 1500-2000 trial exhibits, in redacted form, by the beginning of this week, at the latest. We have not yet received this production. Please advise when we can expect NNI's production. Please also advise when we can expect a response to the issues you stated you would investigate during our last meet and confer, which are summarized in our October 9, 2014 letter.


Regards,
Michelle


**Michelle Ernst**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7531 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
michelleernst@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Supko, Mark [mailto:MSupko@crowell.com]
**Sent:** Tuesday, October 14, 2014 9:44 AM
**To:** Michelle Ernst
**Cc:** Robert Wilson
**Subject:** RE: Rockstar Consortium US LP, et al. v. Google, Case No. 13-893 (E.D. Tex.)


Michelle,

Sorry for any confusion. I was very recently advised that the trial materials are not being redacted for privilege, as the bankruptcy court's confidentiality orders only authorize redactions for confidentiality. As part of the review process, the interested third parties are being given an opportunity to review the proposed public versions of the trial materials before production, and they will need to take appropriate steps (e.g., a motion to seal) if they believe a document includes privileged information. NNI did not believe the materials produced to date included privileged information, but it's at least possible that Rockstar could have a different view.


Regards,
Mark


**From:** Michelle Ernst [mailto:MichelleErnst@quinnemanuel.com]
**Sent:** Monday, October 13, 2014 9:20 PM
**To:** Supko, Mark
**Cc:** Robert Wilson
**Subject:** RE: Rockstar Consortium US LP, et al. v. Google, Case No. 13-893 (E.D. Tex.)

Mark,

We will treat this production according to the new designation as "RESTRICTED – ATTORNEYS' EYES ONLY" under the Protective Order.  However, the explanation in your email is still unclear in light of our discussions over the last few weeks.  First, you say that the documents were reviewed for confidentiality, but not privilege.  Please explain.  We understood from our earlier conversations that the redacted documents that Cleary has been preparing were being reviewed for privilege and confidentiality.  Is our understanding incorrect?  Second, is it Nortel's position that there is privileged/work product information that has not been redacted in the produced documents?  If so, we disagree with the suggestion in your email that designating these documents under the Protective Order will preserve any privilege/work product, and Google reserves all rights to compel production of such information on the grounds that there has been a waiver or otherwise.


Regards,
Michelle


**Michelle Ernst**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7531 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
michelleernst@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Supko, Mark [mailto:MSupko@crowell.com]
**Sent:** Saturday, October 11, 2014 12:28 PM
**To:** Michelle Ernst
**Cc:** Robert Wilson
**Subject:** RE: Rockstar Consortium US LP, et al. v. Google, Case No. 13-893 (E.D. Tex.)

Michelle,

I have been informed by the Cleary team, who is handling preparation of the public versions of the trial materials from the allocation litigation for NNI, that the documents were redacted for confidentiality pursuant to the confidentiality orders in place in that case, but they were not reviewed or redacted for privilege.  After Cleary initially produced the documents in the Rockstar/Time Warner case without any designation (which we followed in producing the same documents to Google), they re-produced them as "Restricted - attorney's eyes only" after Rockstar specifically requested that any production be designated as such.  Rockstar apparently is concerned about the possibility of privileged content in the documents and also noted that as of now the trial exhibits and transcripts are not yet public.  We will be happy to reconsider the designation after the documents become public.  In the meantime, please confirm that Google will respect our request regarding replacement of the previously produced documents.

Regards,
Mark

Mark M. Supko

msupko@crowell.com
Direct 1.202.624.2734 | Mobile: 1.703.980.4695

**Crowell & Moring LLP** | www.crowell.com
1001 Pennsylvania Avenue NW
Washington, DC 20004

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.

===========================================================

---

**From:** Michelle Ernst [mailto:MichelleErnst@quinnemanuel.com]
**Sent:** Wednesday, October 08, 2014 1:23 PM
**To:** Supko, Mark
**Cc:** Robert Wilson
**Subject:** Rockstar Consortium US LP, et al. v. Google, Case No. 13-893 (E.D. Tex.)

Mark,

We received NNI's replacement production bearing Bates Nos. NNI-Google 00000001A through NNI-Google 00001959A. Based on your cover letter and our review of the production, it is our understanding that the only difference is the new designation "RESTRICTED – ATTORNEYS' EYES ONLY."  Please explain the basis for this designation, given that NNI has represented on several occasions that these documents have been redacted for confidentiality and privilege.

Regards,
Michelle

**Michelle Ernst**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7531 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
michelleernst@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.