# EXHIBIT 24

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

**ROCKSTAR CONSORTIUM US LP**
**AND NETSTAR TECHNOLOGIES**
**LLC,**

    **Plaintiffs,**

  v.

**GOOGLE INC.,**

    **Defendant.**

**Civil Action No. 2:13-cv-893**


**JURY TRIAL DEMANDED**

---

## <u>PROTECTIVE ORDER</u>

  WHEREAS, Plaintiffs Rockstar Consortium US LP and Netstar Technologies LLC and Defendant Google Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

  WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

  THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party, or of any person who is not a Party to this Action ("Third Party") to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Designated Material").

2.	Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.	With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED - ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.	A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED - ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may

---

[1] The term DESIGNATED MATERIAL is used throughout this Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED - ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement DESIGNATED MATERIAL that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. For purposes of this Order, "CONFIDENTIAL" information shall mean all information or material produced for or disclosed in connection with this action to a Receiving Party that a Producing Party, considers to comprise confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party. Any CONFIDENTIAL information obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

6. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 17 herein:

(a) outside counsel of record in this Action for the Parties;

(b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action and service vendors of such counsel (including outside copying services and outside litigation support services such as graphics design, jury consultants, translators and interpreters) assisting in the conduct of the Action;

(c)     Up to and including three (3) designated in-house counsel for each of the Parties who are members of at least one state bar in good standing, who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)     outside consultants or experts[2] retained for the purpose of this litigation, provided that: (1) such consultants or experts are not existing employees or presently employed by the Parties or their affiliates; (2) before receipt of or access to any DESIGNATED MATERIAL, the consultant or expert has completed the Undertaking attached as Exhibit A and the same is served upon the Producing Party with (a) a current curriculum vitae of the consultant or expert, (b) disclosure of the consultant's or expert's employment for at least the past four years, (c) disclosure of the consultant's or expert's publications for the last eight years,  (d) disclosure of any legal action (by name and number of the case and court) in connection with which the consultant or expert was retained or testified at trial or by deposition during the past four years, and (e) a identification of any patents or

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

patent applications in which the consultant or expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest, within 10 (ten) days of receiving the materials identified in the preceding sentence, the Producing Party may notify in writing the Party proposing the consultant or expert that it objects to that consultant's or expert's receipt of or access to DESIGNATED MATERIAL. The objection must be based on the Producing Party's good faith belief that disclosure of its DESIGNATED MATERIAL to the consultant or expert will result in specific business or economic harm to that party. The written objection must set forth in detail the grounds on which it is based.

(i) The Parties agree to promptly meet and confer in good faith to resolve such objection. If after consideration of the objection, the party desiring to disclose the DESIGNATED MATERIAL to a consultant or expert refuses to withdraw the consultant or expert, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within seven (7) business days of receiving such notice, for a ruling on its objection. A failure to object within the 10-day period or subsequently file a motion within the seven business day period, absent an agreement of the parties to the contrary or for an extension, shall operate as an approval of disclosure of DESIGNATED MATERIAL to the consultant or expert. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

- 5 -

(ii)     The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its DESIGNATED MATERIAL to the consultant or expert.

(iii)    A party who has not previously objected to disclosure of DESIGNATED MATERIAL to a consultant or expert or whose objection has been resolved with respect to previously produced information shall not be precluded from raising an objection to a consultant or expert at a later time with respect to materials or information that are produced after the time for objecting to such a consultant or expert has expired.  Any such objection shall be handled in accordance with the provisions set forth above in Paragraphs 6(d)(i)-(ii) above.  However, this objection shall not serve to suspend the consultant's or expert's receipt of or access to DESIGNATED MATERIAL which has already been produced;

(e)     independent litigation support services, including persons working for or as court reporters, stenographers, or videographers; graphics, translation or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; and non-technical jury or trial consulting services including mock jurors (subject to § 33), and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(f)     the Court and any of its staff and administrative personnel, and stenographic reporters (under seal or with other suitable precautions determined by the Court).

- 6 -

7.  Documents, information or material produced in this Action, and designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIAL and subject to all of the terms and conditions of this Order.

8.  To the extent a Producing Party believes that certain DESIGNATED MATERIAL qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such DESIGNATED MATERIAL "RESTRICTED -- ATTORNEYS' EYES ONLY."

9.  The RESTRICTED-ATTORNEYS' EYES ONLY designation is reserved for information that constitutes (a) marketing, financial, sales, web traffic, research and development, or technical, data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; and, (d) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause  harm to the competitive position of the Producing Party. In determining whether information should be designated as RESTRICTED-ATTORNEYS' EYES ONLY, each party agrees to use such designation only in good faith.  Technical

- 7 -

information such as would trigger the prosecution bar in paragraph below must be designated as "RESTRICTED - ATTORNEYS' EYES ONLY – PROSECUTION BAR." The following documents and materials shall not be eligible for designation as "RESTRICTED - ATTORNEYS' EYES ONLY – PROSECUTION BAR": (i) documents and information related only to damages or reasonable royalty rates; (ii) publications, including patents and published patent applications; (iii) materials regarding third party systems or products that were publicly known, on sale, or in public use before June 6, 1996 unless such materials are designated "RESTRICTED - ATTORNEYS' EYES ONLY – PROSECUTION BAR" materials by a third party; and (iv) information that is publicly available.

10.    For DESIGNATED MATERIAL designated RESTRICTED -- ATTORNEYS' EYES ONLY or "RESTRICTED - ATTORNEYS' EYES ONLY – PROSECUTION BAR," access to, and disclosure of, such DESIGNATED MATERIAL shall be limited to individuals listed in paragraphs 6 a, b, c, d, e, and f; provided, however, that access by in-house counsel pursuant to paragraph 6(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

11.    The RESTRICTED CONFIDENTIAL SOURCE CODE designation is reserved for documents containing confidential, proprietary and/or trade secret source code. The following restrictions govern the production, review and use of RESTRICTED CONFIDENTIAL SOURCE CODE information.

    (a)    Source code, to the extent any Producing Party agrees to provide any such information, shall ONLY be made available for inspection, not produced except as provided for below, and shall be made available in electronic format at one of

- 8 -

the locations identified in paragraph 11(d).  Source Code will be loaded onto two non-networked computers that are password protected and maintained in a secure, locked area.  To facilitate the taking of notes during the review of Source Code, persons admitted into the room containing Source Code shall be entitled to take a personal laptop computer that is not connected to any wired or wireless network; however, the use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device (including camera-enabled personal laptops), CDs, floppy disk, portable hard drive, or any devices that can access the Internet or any other network or external system, etc.) separate from the laptop computer is prohibited while accessing the computer containing the Source Code.  All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room.  The computers containing Source Code will be made available for inspection during regular business hours, upon reasonable notice to the Producing Party, which shall not be less than three business days in advance of the requested inspection;

(b)     The Receiving Party's outside counsel and/or experts or consultants may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer.  The Receiving Party must provide the Producing Party with the CD or DVD containing such software tool(s), and any necessary licenses, at least four business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the stand-alone computers.

- 9 -

(c)      The Receiving Party's outside counsel and/or expert or consultant shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes.  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

(d)      The Producing Party shall make the Source Code Material available at one of the following locations chosen at the sole discretion of the Producing Party: (1) the offices of the Producing Party's primary outside counsel of record in this action; or (2) a location mutually agreed upon by the receiving and producing parties (e.g. an escrow company). Any location under (1) or (2) above shall be in the continental United States.

(e)      In order to verify that its Source Code Material has not later been altered, the Producing Party may benchmark the materials to confirm that the materials have not been altered before and after they are provided but shall not install any keystroke or other monitoring software on the stand-alone computer.

(f)      The Producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code Material on the stand-alone computer.

(g)      No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as the Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party, but only if and to the extent necessary for use in

this action.  Within 5 business days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.  At the Receiving Party's request, up to two additional sets (or subsets) of printed Source Code may be requested and provided by the Producing Party in a timely fashion.

(h)     If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within five business days.  If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity.  Contested Source Code print outs need not be produced to the requesting party until the matter is resolved by the Court.  If the Producing Party does not seek a Court resolution, then the printouts shall be provided.

(i)     Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as "RESTRICTED CONFIDENTIAL SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

- 11 -

(j)     Any paper copies designated "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition or between locations (i) through (iv). Any such paper copies shall be maintained at all times in a secure location under the direct control of an expert or consultant who has been approved to access Source Code (if stored at the expert or consultant's office) or counsel responsible for maintaining the security and confidentiality of the designated materials. Nothing herein shall preclude the Receiving Party from mailing, shipping, or delivering source code between locations (i) through (v), provided that the Receiving Party uses at least a tracking number (e.g. a FedEx tracking number) and signed delivery confirmation in mailing, shipping, or delivering between such locations. Should such a shipment go missing, the Receiving Party shall timely notify the Producing Party and the Court with specifics.

(k)     A list of names of persons who will view the Source Code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart, and the Producing Party shall be entitled to request a copy of the daily log. In the alternative, if the Receiving Party prefers, the Producing Party may retain the copy of the daily log that is maintained by the Receiving

Party.  The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room.

(l)   Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each inspection session.

(m)   The Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment.  The Receiving Party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

(n)   Access to DESIGNATED MATERIAL designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to:

(i) Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

(ii) Up to five (5) outside experts or consultants per party, pre-approved in accordance with Paragraph 6(d) and specifically identified as eligible to access Source Code;

- 13 -

(iii) The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code. If used during a deposition, the deposition record will identify the exhibit by its production numbers;

(iv) While testifying at deposition or trial in this action only: (a) any current or former officer, director or employee of the Producing Party or original source of the information; (b) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (c) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

(o)  The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraph 11(n) above. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security

measures employed by the Receiving Party and/or qualified person that receives a copy of any portion of the Source Code.

(p)  Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code).  The Receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order.  The Receiving Party shall maintain a log of all SOURCE CODE DOCUMENTS in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any SOURCE CODE DOCUMENTSand the

- 15 -

locations where they are stored. Additionally, all SOURCE CODE DOCUMENTS must be labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE."

(q)     A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(r)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(s)     All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(t)     The Receiving Party's outside counsel may only disclose a copy of the Source Code to individuals specified in Paragraph 11(n) above (e.g., Source Code may not be disclosed to in-house counsel).

- 16 -

(u)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); (iii) the Court for any filing(s) related to the Source Code Material, filed under court seal; and (iv) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).

12.     Non-parties may be examined or testify concerning any document containing DESIGNATED MATERIAL of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party.  Any person other than the witness, his or her attorney(s), or any person qualified to receive DESIGNATED MATERIAL under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Attachment A

hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of DESIGNATED MATERIAL disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the producing party, by its attorneys, may seek a protective order from the Court prohibiting the attorney from disclosing DESIGNATED MATERIAL.

13. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. For the avoidance of doubt, nothing in this provision shall preclude any person who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's Protected Material under this Order from participating in any post-grant proceeding, except that

such persons may not directly or indirectly assist in drafting, amending or proposing for substitution patent claims in any post-grant proceeding.  Nothing in this Section shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.   The parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney who review DESIGNATED MATERIAL marked RESTRICTED ATTORNEYS' EYES ONLY – PROSECUTION BAR or RESTRICTED CONFIDENTIAL SOURCE CODE and shall not be imputed to any other persons or attorneys at the attorneys' law firm. Individuals who work on this matter without reviewing protected material marked RESTRICTED ATTORNEYS' EYES ONLY – PROSECUTION BAR or RESTRICTED CONFIDENTIAL SOURCE CODE shall not be restricted from engaging in Prosecution Activity on matters that fall within the Prosecution Bar.  This prosecution bar may not be applied to operate retroactively against any person who receives an inadvertently mis-designated or undesignated document that is later corrected pursuant to paragraph 4 above.

14.     Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity, or other privilege, doctrine, right or immunity.  Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document is

not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privilege or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A Producing Party may assert privilege or production over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been advertently produced. When a Producing Party or Receiving Party identifies such privileged or protected information, a Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall take reasonable steps to retrieve the information from others to which the receiving Party disclosed the information; (3) shall within five business days of the Producing Party's request return to the Producing Party or destroy the information and destroy all copies thereof; and (4) shall confirm to the Producing Party the destruction under (3) above of all copies of the information not returned to the Producing Party. No one shall use the fact or circumstances of production of the information in this Action to argue that any privilege or protection has been waived. Notwithstanding this provision, no Party shall be required to return or destroy any information that may exist on their firm's electronic back-up systems that are over-written in the normal course of business.

15. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents,

information and material to protect against disclosure to any unauthorized persons or entities.

16.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is:  (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 6, 10, and 11(n) of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

17.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," "RESTRICTED - ATTORNEYS' EYES ONLY – PROSECUTION BAR," or

"RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as RESTRICTED ATTORNEYS' EYES ONLY.

18.   Native Files.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains CONFIDENTIAL, RESTRICTED ATTORNEYS' EYES ONLY, RESTRICTED - ATTORNEYS' EYES ONLY – PROSECUTION BAR or RESTRICTED CONFIDENTIAL SOURCE CODE material, or shall use any other reasonable method for so designating DESIGNATED MATERIAL produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 6(d), or for any other reason consistent with the provisions of this Protective Order, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

19.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall

conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

20.   A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.   No DESIGNATED MATERIAL may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to DESIGNATED MATERIAL (including copies) in physical and electronic form.  The viewing of DESIGNATED MATERIAL through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, DESIGNATED MATERIAL, exclusive of material designated RESTRICTED CONFIDENTIAL – SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended

through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

22.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.   A copy of the acknowledgment form is attached as Appendix A. It is expressly contemplated that the protections and obligations provided under this Order apply to non-parties who produce or otherwise provide DESIGNATED MATERIAL.

23.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such Third Parties.   The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.   Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED ATTORNEYS' EYES ONLY" in accordance with this Order.

24.     Within 60 days after a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each Party must return all materials designated by any other Producing Party or Third Party under this Order to the Producing Party or Third Party, or destroy such material, including all copies thereof, and provide to

the Producing Party or Third Party a written certification of compliance with this provision. Notwithstanding this provision, outside counsel of record are entitled to retain archival copies of all pleadings, filings, or other documents served by or on any Party or Third Party, trial, deposition, and hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, and exhibits to any of these materials, even if such materials reflect materials designated under this Order. Notwithstanding this provision, outside litigation counsel shall not be required to delete information that may reside on their firm's electronic back-up systems that are over-written in the normal course of business. Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Order.

25.    The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall

- 25 -

discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

28.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

29.     If at any time documents containing DESIGNATED MATERIAL are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents.  If a Producing Party does not take steps to prevent disclosure of such documents within ten days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

30.     The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public

record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the DESIGNATED MATERIAL for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning DESIGNATED MATERIAL produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Texas.

31. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL. In the event such an application is made, all persons described therein shall be bound by the terms of this Order unless and until it is modified by the Court. This Order is also subject to revocation or modification by written agreement of the Parties (or, as applicable, the Parties and non-parties).

32. Mock jurors hired by jury consultants in connection with this litigation may not view or receive any DESIGNATED MATERIALS; but may view presentations or summaries derived from DESIGNATED MATERIALS, not including Source Code Material provided: (1) they are not affiliated with any party to this case or their direct competitor; (2) they agree in writing to be bound by confidentiality and not to disclose the content or substance of any such derivative materials to any other person outside the jury research exercise; and (3) they are not themselves given custody of any DESIGNATED MATERIALS or of any derivative materials, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted. For purposes of this paragraph, excerpts from depositions shall not be

considered DESIGNATED MATERIALS, so long as the excerpts do not contain more than five minutes of testimony from any single witness's deposition.

**SIGNED this 19th day of June, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ROCKSTAR CONSORTIUM US LP AND NETSTAR TECHNOLOGIES LLC,** | |
| **Plaintiffs,** | **Civil Action No. 2:13-cv-893** |
| **v.** | |
| **GOOGLE INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**APPENDIX A**

UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER

I, _____ declare that:

1.  My address is _____.  My current employer is _____.  My current occupation is _____.

2.  I have received a copy of the Protective Order in this Action.  I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

- 29 -

Case 09-10138-MFW   Doc 14615-24   Filed 10/21/14   Page 31 of 31

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _____