```
              IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF DELAWARE


IN RE:                        )   Case No. 09-10138(KG)
                              )   (Jointly Administered)
                              )
NORTEL NETWORKS, INC., et al.,)   Chapter 11
                              )
                              )   Courtroom 3
                              )   824 Market Street
             Debtors.         )   Wilmington, Delaware
                              )
                              )   October 21, 2014
                              )   11:00 a.m.


                   TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JUDGE KEVIN GROSS
               UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For Debtors:              Morris Nichols Arsht & Tunnell, LLP
                          BY: DEREK C. ABBOTT, ESQ.
                          BY: ANN C. CORDO, ESQ.
                          302-351-9200

                          Cleary Gottlieb Steen & Hamilton
                          BY: JEFFREY ROSENTHAL, ESQ.
                          BY: LISA M. SCHWEITZER, ESQ.
                          212-225-2000


ECRO:                     BRANDON MCCARTHY

Transcription Service:    DIAZ DATA SERVICES, LLC
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For Official Creditor's
Committee:                      Akin Gump Strauss Hauer & Feld
                                BY: ABID QURESHI, ESQ.
                                One Bryant Park
                                Bank of America Tower
                                New York, NY  10036
                                212-872-1000


For Law Debenture:              Patterson Belknap Webb & Tyler
                                BY: DANIEL A. LOWENTHAL, ESQ.
                                1133 Avenue of the Americas
                                New York, NY  10036
                                212-336-2720


TELEPHONIC APPEARANCES:
(Continued)

For Nortel Networks UK
Pension Trust:                  Bayard PA
                                BY: JUSTIN ALBERTO, ESQ.
                                302-4294226


                                Hogan & Lovells US LLP
                                BY: ANGELA DIMSDALE-GILL, ESQ.
                                212-728-3135


                                Thornton Grout Finnigan LLP
                                BY: D.J. MILLER, ESQ.
                                416-304-0559


                                Willkie Farr & Gallagher, LLP
                                BY: BRIAN E. O'CONNOR, ESQ.
                                212-728-8000

For Monitor, Ernst & Young:     Allen & Overy, LLP
                                BY: JOSEPH BADKE-BERKOW, ESQ.
                                BY: KENNETH COLEMAN, ESQ.
                                BY: JACOB PULTMAN, ESQ.
                                212-610-6300


                                Buchanan Ingersoll & Rooney
                                BY: MARY CALOWAY, ESQ.
                                302-552-4209

TELEPHONIC APPEARANCES:
(Continued)

For Monitor, Ernst & Young:    Goodmans, LLP
                                 BY: JOSEPH PASQUARIELLO, ESQ.
                                 416-597-4216

                                 Buchanan Ingersoll & Rooney
                                 BY: KATHLEEN MURPHY, ESQ.
                                 302-552-4214

For Official Committee of
Unsecured Creditors:             Akin Gump Strauss Hauer & Feld
                                 BY: DAVID BOTTER, ESQ.
                                 BY: FRED S. HODARA, ESQ.
                                 212-872-1000

                                 Richard Layton & Finger, PA
                                 BY: CHRIS SAMIS, ESQ.
                                 302-651-7886

For Joint Administrators:        Young Conaway Stargatt &
                                 Taylor
                                 BY: JAIME CHAPMAN, ESQ.
                                 302-571-5732

                                 Hughes Hubbard & Reed, LLP
                                 BY: NEIL J. OXFORD, ESQ.
                                 212-837-6000

                                 Herbert Smith
                                 BY: JOHN WHITEOAK, ESQ.
                                 302-571-6710

For Law Debenture:               Patterson Belknap Webb & Tyler
                                 BY: BRIAN GUINEY, ESQ.
                                 212-336-2305

                                 Morris James, LLP
                                 BY: STEPHEN MILLER, ESQ.
                                 302-888-6853

For Wilmington Trust:            Katten Muchin Rosenman, LLP
                                 BY: DAVID CRICHLOW, ESQ.
                                 212-940-8941

                                 Cousins Chipman & Brown, LLP
                                 BY: ANN M. KASHISHIAN, ESQ.
                                 302-295-0191

TELEPHONIC APPEARANCES:
(Continued)

For Ad Hoc Committee of
Bondholders:                        Pachulski Stang Ziehl & Jones
                                    BY: PETER J. KEANE, ESQ.
                                    302-778-6401

                                    Milbank Tweed Hadley & McCloy
                                    BY: ANDREW LEBLANC, ESQ.
                                    BY: THOMAS MATZ, ESQ.
                                    212-530-5000

For Canadian Creditors
Committee:                          DLA Piper US, LLP
                                    BY: SELINDA A. MELNIK, ESQ.
                                    302-468-5650

For Bank of New York,
Mellon:                             Vedder Price, PC
                                    BY: MICHAEL J. RIELA, ESQ.
                                    212-407-7766

For Michael J. Wunder:              Cassels Brock & Blackwell, LLP
                                    BY: MICHAEL J. WUNDER, ESQ.
                                    416-860-6484

For Former Employees of
Nortel (Canada):                    Koskie Minsky, LLP
                                    BY: MARK ZIGLER, ESQ.
                                    416-542-6288

For Interested Party:               Bank of America
                                    BY: ESTHER CHUNG
                                    646-855-6705

For Interested Party:               CitiGroup
                                    BY: JOSH W. BRANT
                                    212-723-1584

For Interested Party:               Stone Lion Capital Partners
                                    BY: JUSTIN BRASS
                                    212-843-1246

For Interested Party:               Dow Jones & Company
                                    BY: PEG A. BRICKLEY, ESQ.
                                    215-462-0953

TELEPHONIC APPEARANCES:
(Continued)

For Interested Party:          Macquarie Capital (USA), Inc.
                               BY: SUSAN S. CHEN
                               212-231-2386

For Interested Party:          Reorg Research, Inc.
                               BY: KENT COLLIER
                               212-257-4383


For Interested Party:          Southpaw Asset Management
                               BY: ANDREW M. THAU
                               203-862-6231

For Non-Party:                 Brigade Capital Management
                               BY: DAVID YOU
                               212-745-970

1

1  WILMINGTON, DELAWARE, TUESDAY, OCTOBER 21, 2014, 10:59 A.M.

2              THE COURT:  Counsel, good morning.  Judge Gross

3  on the telephone.  And I know I have a number of people on

4  the phone here.  And I also have in the courtroom, two

5  august lawyers, Mr. Lowenthal and Mr. Qureshi.  So I will

6  try to control my facial expressions.

7                        (Laughter)

8              THE COURT:  Who'd like to be heard?  I know it's

9  the Debtors' Motion to Compel.

10             MR. ABBOTT:  Your Honor, it's Derek Abbott.

11             MR. ROSENTHAL:  Good morning, Your Honor --

12             MR. ABBOTT:  Well, that's fine.  I was just going

13  to introduce Mr. Rosenthal, so you beat me to the punch.

14             THE COURT:  I'd know his voice anywhere now.

15                        (Laughter)

16             MR. ROSENTHAL:  I'm sorry, Derek.  I was just so

17  overeager here.  Good morning, Your Honor.  Jeff Rosenthal,

18  of Clearly Gottlieb for the U.S. Debtors.

19             THE COURT:  Mr. Rosenthal, good morning.  And

20  before you begin, I have a question for you.

21             MR. ROSENTHAL:  Sure.

22             THE COURT:  And you can be helpful here.  Tell me

23  why I should disregard the order establishing discovery

24  schedule, which I entered on September 2 and which was, I

25  think, intended to, and does make it clear, that depositions

1   are limited to persons who are going to be called to testify

2   at the settlement hearing.

3            MR. ROSENTHAL:  So, Your Honor, that's obviously

4   a very good question to start with and it takes me right to

5   my key point.

6            THE COURT:  All right.

7            MR. ROSENTHAL:  Which is the U.S. Debtors have

8   presented this motion as a compromise of what was

9   represented to the Court by a number of parties as a $1.6

10  billion issue.  The objection that came in, has essentially

11  now it says no, it's not a $1.6 billion issue, it's under a

12  billion, and therefore, you don't have -- I don't know, Your

13  Honor, whether you have the expert report that they filed in

14  front of them, but --

15           THE COURT:  I do, yes.  I have Dr. Wertheim's

16  report and I have read through it.

17           MR. ROSENTHAL:  So Dr. Wertheim has said

18  essentially that the maximum amount of net assets for NNI

19  under a best case scenario is under the PTI settlement

20  amount.  And what the Canadian Debtors have chosen to do,

21  which is a pretty radical strategy here, is they are not

22  putting on a fact witness.  Even though the crux of their

23  objection is about Canadian recoveries, because if you read

24  his report, his analysis is all about what are the Canadian

25  recoveries going to be as they impact the Bondholders and

1  what the Bondholders will get in Canada, and therefore, the

2  residual claim that they have against NNI.  And it affects

3  directly NNI because NNI has $2 billion claim.  And instead

4  of putting on a single fact witness, they have just put on

5  an expert and they are going to attempt essentially to

6  introduce all of their facts through an expert without any

7  basis for the facts.  He cites a certain number of documents

8  and he makes a number of assumptions, but we're going to

9  have his deposition tomorrow.  And I am extremely confident,

10  in fact, I am sure that what is going to happen at this

11  deposition is that Dr. Wertheim is going to have no basis

12  for a number of his supposed calculations regarding the

13  Canadian claims.

14          And if that's the end of it, if the Monitor

15  having put in this report, having put in their objections,

16  and proceeding tomorrow and having made their opposition to

17  the Motion to Compel, if their view is they're rolling the

18  dice on this and if the Court finds after the cross

19  examination of Dr. Wertheim that, in fact, he had no factual

20  basis for many of his calculations, if that's the risk that

21  they're taking, which they seem to be by this, then you know

22  what, perhaps we don't need his deposition because I think

23  Dr. Wertheim's report either is going to be completely

24  inadmissible or it's going to be given no weight.

25          But if come tomorrow, as I suspect, we point out

1  a dozen different things that as a factual matter he has not

2  taken into account at all, he has no basis in the document,

3  and they need a fact witness or they need additional

4  documents to support his opinions, we're on a tight time

5  schedule and we can't have them decide on October 23 that

6  all of a sudden, you know what, we're right, they do need a

7  fact witness that they've chosen not to ever call or they're

8  going to give him new assumptions without a basis.

9          And our brief is due next week.  And the hearing

10  is two weeks from today.  And, therefore, we're really in a

11  position that these are the two days that have been set for

12  the depositions.  And it's kind of their unique strategy

13  here going only with an expert and no basis for any factual

14  assumptions that causes us to have to proceed like this now.

15          THE COURT:  Well, I, you know, one of the notes I

16  made when I read the papers was, and I know the law has

17  changed somewhat on this.  Back in my old days of law

18  school, the evidence course taught us that an expert had to

19  testify based upon facts in evidence.  And I know it's

20  loosened up a little bit on that old rule, but I think it's

21  still essentially good law that the facts upon which an

22  expert relies have to be verifiable.

23          MR. ROSENTHAL:  But even were it otherwise, Your

24  Honor, I think that we are entitled to, if we say this

25  expert relies on certain assumptions that are not in

1  evidence, but we want to test them.  It doesn't seem

2  unreasonable -- if I could just go back one last point, Your

3  Honor, is the --

4          THE COURT:  Of course.

5          MR. ROSENTHAL:  -- October 2 -- the September 2

6  Order that you signed does contemplate the right to

7  additional discovery and in Paragraph 10, you say any

8  additional discovery ordered by the Court shall be completed

9  according to the applicable schedules set by the Court or

10  agreed upon by the discovery parties.

11          We're accused of unilaterally picking October 23

12  for Mr. McDonald's deposition, but the Court has already

13  ordered that all of the depositions we take are either

14  October 22, tomorrow, that's Dr. Wertheim, or October 23,

15  and that's when we've asked for Mr. McDonald.

16          THE COURT:  Well, I certainly understand your

17  point, Mr. Rosenthal.  I quite agree with you that the

18  Monitor is taking a big risk here.  Let me hear -- why don't

19  I hear from the Monitor.

20          MR. PULTMAN:  Thank you, Your Honor.  Jacob

21  Pultman, of Allen & Overy, LLP, with my colleague, Ken

22  Coleman, on behalf of the Monitor and Canadian Debtors.

23          Your Honor, we certainly understand the opening

24  question that you asked, which is what within this Order

25  provides for depositions of someone who is not a witness to

1  the 9019 Hearing and has had absolutely no involvement in

2  connection with the proposed settlement.  And it goes back

3  to the fundamental (indiscernible) that Your Honor raised on

4  August 8 when we were before you telephonically.  And Your

5  Honor spoke to three important issues there.  Well, in

6  addition to giving the parties a three-week stand down, Your

7  Honor said very clearly on two separate occasions, that the

8  burden on a 9019 Motion is on the proponents of the

9  settlement.  And it's the burden of the proponents to show

10  by witnesses and documents a series of factors, including

11  that the settlement is a result of our applied negotiations,

12  that its terms are fair and reasonable, and that it's in the

13  best interest of the estate.

14          That burden forms the essential part of what the

15  discovery was going to be.  And Your Honor spoke to two

16  specific aspects of discovery.  Your Honor spoke to the

17  process of discovery, and then Your Honor spoke to discovery

18  being limited.

19          With respect to the process, the process flowed

20  directly from the burden.  And because the burden is on U.S.

21  Debtors and on the Bondholders, the proponents of the

22  settlement, to name their witnesses and to produce

23  documents, because they hadn't done that prior to that point

24  in time.  And Your Honor said in order to make it

25  meaningful, we needed to see what their evidence was going

1   to be and what the facts they were going to introduce were.

2   Your Honor required, under the Order, that they name their

3   witnesses and produce the documents upon which they were

4   going to rely.  And those are very important because it

5   comes back to it being the proponents' burden.  For each,

6   they designated, the U.S. designated John Wray, their

7   principle officer.  The Bondholders designated Michael Katz

8   from (indiscernible), and these are the chief people

9   negotiating on the 9019 proposed settlement.

10      So it's that, it's the facts relating to that proposed

11  settlement.  It's the nature of the negotiations.  Was is it

12  a vigorous negotiation?  Was it done at arm's length?  Were

13  the terms fair and reasonable?  And was it in the best

14  interest of the estate?  Those were the factual issues that

15  were required for the 9019 approval.  And it's the

16  proponents who have the burden to demonstrate it.

17          So when Your Honor notes, as Mr. Rosenthal said,

18  that we're taking a risk, in fact, we would be like any

19  defense lawyer in a criminal case after the state has put on

20  its case, and we can fold our arms and standby and say they

21  have done nothing, and therefore, they have not met their

22  burden, but we have chosen to put in expert testimony to

23  respond to that.  And Your Honor has certainly recognized

24  that that expert testimony has to be based on facts.  And in

25  fact, it will be.  It will be based on the facts that are

1   put in through the documents that the proponents are putting

2   in, put in through publicly available documents.  It is all

3   public evidence upon which the expert relies to put in his

4   opinion.

5               Now are we taking a risk by not putting in a fact

6   witness?  That very much depends on whose burden it is.  And

7   it is, as Your Honor twice recognized, it's the burden of

8   the proponents to put in the facts, to demonstrate to the

9   Court, that this settlement, that this proposed settlement

10  meets all of the standards of mark.

11              Now, Your Honor's process then required us to

12  designate our witness, provide the exhibits that we intended

13  to use at the hearing, and allowed supplemental requests

14  with -- to which we've responded.  The depositional poll

15  Wertheim is taking place tomorrow.  And if, in fact, the

16  U.S. wants to challenge Dr. Wertheim and ask lots of

17  questions about what the basis for his numbers are and the

18  basis for his calculations, they can ask all of those

19  questions about the basis for that information and how he

20  comes to his conclusions.  And if they can demonstrate to

21  Your Honor that his evidence is not persuasive, then Your

22  Honor will not be persuaded by it.

23              THE COURT:  But what evidence?  Because he's not

24  a fact witness, he's an expert witness.  And if one of his

25  facts, one of his material facts upon which he relies is

1 challenged, I think his expert testimony and expert report

2 are going to be out.

3          MR. PULTMAN:  Your Honor could certainly take the

4 view that if the information upon which he relies, say for

5 example, a 10(q) or the U.S. report, the primary piece of

6 what he's relying on is not a Monitor's report.  The

7 overwhelming majority of the information upon which he is

8 basing his testimony, if we look at Exhibit B, the appendix

9 to his report, which goes in chapter and verse through all

10 of the public source information upon which he's relying,

11 there are ten different U.S. operating reports upon which

12 he's relying.  There are opening statements and closing

13 statements from the U.S.  There is the proposed settlement

14 itself.  There is the tax information and the information

15 about what the tax claim is.  There is extensive information

16 about what the PBGC's claims are and what the U.S. claims

17 hold.  There are a lot of document that are being proposed

18 by -- that are being relied on that are directly out of the

19 public filings that have been made by the U.S.

20          So, I understand Your Honor's concern, but the

21 question about whether or not Mr. McDonald should be deposed

22 goes to the question of first, whose burden it is, and then

23 two other points that Your Honor said.  So one is the

24 process for discovery, but the second part of it is, the

25 limitations Your Honor placed on the discovery.  Generally,

1    discovery with respect to a 19, Your Honor said, is limited.

2    In what way, Your Honor said specifically, it should be very

3    limited with respect to the Monitor because the Monitor

4    doesn't have the burden.  And the objecting parties don't

5    have the burden.

6           So for example, there are a series of other

7    parties who have joined in and filed objections as well.  So

8    there were joinders from Wilmington Trust, the CCC, the UK

9    Pension, and the requests that were made to them, went for

10   essentially their legal views.  So they can take the

11   position that they have no burden in the same way that we

12   can take the position we have no burden.

13          The question then goes to well, why should they

14   be allowed to go beyond the scope of the Order?  Because

15   what the scope of the Order actually said was that the

16   witnesses who were designated should be deposed, and the

17   documents that were being used at the hearing should be

18   produced.  Mr. McDonald is obviously not being put forward

19   as a witness at the hearing because the burden is not the

20   Monitor's.  And the Monitor had no involvement in the

21   negotiation, so he would not be in a position to speak to

22   any of the aspects of what the negotiation went to.

23          And the limited discovery that Your Honor spoke

24   to, actually, what Your Honor said with respect to the

25   Monitor, it should be very limited discovery and it should

1  not get into becoming overly intrusive.

2          Well, this is exactly that kind of concern.

3  Asking for the deposition of Mr. McDonald is overly

4  intrusive for several reasons.  One, if they needed it

5  because they wanted Mr. Wertheim's deposition, that fact or

6  that claim is belied by the fact that on three separate

7  occasions, before we designated Dr. Wertheim to testify,

8  they indicated that they had an interest in Mr. McDonald's

9  deposition, having nothing to do with Monitors' reports,

10 having nothing to do with the opposition, because it was not

11 yet time for us to have filed our opposition to the 9019.

12 So the notion that somehow they need his deposition to

13 respond to Dr. Wertheim is belied by the timing of it and

14 the nature of it.

15         THE COURT:  But now they would say, well, maybe

16 it was premature before.  I'm not saying that they would say

17 that, but now it's not.

18         MR. PULTMAN:  To the extent what they're saying

19 is that the deposition of Mr. McDonald is needed to get

20 under Dr. Wertheim's conclusions.  There are several issues

21 with that.  One, you can question Dr. Wertheim and they

22 haven't done it yet, as to what his conclusions were and

23 what the basis for it was, and whether it's supported or not

24 supported.

25         Second, the timing of it, but right now, we still

1  have, outstanding in Canada, claims and those claims are

2  being considered by the Canadian Court.  And what they're

3  asking for, to ask questions about the ongoing claims

4  process in Canada is troubling because it is a sensitive

5  negotiation and sensitive analysis in Canada.  And when

6  asked a comparable question, we asked the question of the

7  U.S.  We said, we have not seen the operating reports, the

8  monthly operating reports going back many months, despite

9  the fact that it was required under the law to be filed.  So

10 we have a hard time getting behind the cash balances which

11 Dr. Wertheim needed.  And the response for that was we will

12 produce that when we are ready to produce it.  We will --

13 when we provide it to the world at large, we will provide it

14 to you.

15         And what this threatens to do is it fundamentally

16 transforms the discovery that Your Honor contemplated as

17 going to the 9019 into making it into a trial and a massive

18 trial because all of the various factors that go into the

19 report of Dr. Wertheim, whether it be the PBGC claims, or

20 the U.S. claim pool, or the UK pensions, or the cash burn,

21 or the tax claim.  I mean, take the tax claim in the U.S.

22 There could be a mini-trial related solely to that.

23         So Dr. Wertheim has to draw a conclusion as to

24 what the possible range is.  And the way he does that is he

25 goes to what did the U.S. say?  What did they tell Your

1   Honor?  What did they tell the Court?  And Ms. Block stood

2   up and said, it's between a $400 million and $1 billion

3   liability.  That's the range that they spoke to.  And to the

4   extent that he had to take those numbers on fate and rely on

5   them and put to Your Honor some discount to them, he can

6   back that up and he can support it based on his expert

7   analysis and his experience.  And Your Honor can listen to

8   him and accept it or not accept it.  And to the extent that

9   the basis for it is not supportable, Your Honor can choose

10  not to follow it.

11          But what they actually recommending by opening

12  this up to, well, now we need the deposition of Mr.

13  McDonald, is to say we could take the depositions of tens of

14  witnesses going to each and every one of the underlying

15  materials.  And this is a sensitive area, given the claims

16  area, given that its ongoing, given that they're going to

17  being asking for information that hasn't even yet been given

18  to the Canadian Court.  And the response should be the same

19  response that we got from the U.S., which is, when it's

20  public, it will be public.  To the extent that we haven't

21  been able to rebut their case, to the extent that we haven't

22  been able to respond to their arguments, Your Honor can

23  choose not to accept our arguments, but they should not be

24  allowed, two weeks from today, we will be live in Wilmington

25  for the hearing on the 9019.  And they shouldn't be allowed

1    to, between now and then, go after our clients for the

2    purpose of getting into claims issues that have absolutely

3    nothing to do with the 9019 and that doesn't go to their

4    burden.

5            Remember, Your Honor, it goes to what is the

6    purpose of the 9019.  The purpose of the 9019 is for them to

7    show, the proponents to show was the negotiation arm's

8    length?  Are the terms fair and reasonable taking into

9    account the various factors that were put in under *Martin*

10   case?  And is it in the best interest of the estate?  And by

11   that, we refer to the creditors, to the estate of the whole,

12   and to the stakeholders.

13           And if those words sound familiar as to what the

14   job of the Court is on the 9019, it's because they are Your

15   Honor's words.  They are Your Honor setting out what the job

16   should be on the 9019.  And in the interim, the requested

17   deposition of Mr. McDonald that they've now come to again is

18   a sideshow and should not be able -- should not distract the

19   Court and us from the task at hand, which is completing the

20   deposition of Dr. Wertheim and being before Your Honor to

21   put on our opposition after they carry their burden.

22           THE COURT:  Let me ask you this, Mr. Pultman.

23   Would you agree that it's an entirely different matter if

24   the claim is less than $1 billion versus $1.6 billion or the

25   issue involves that amount, those amounts?

1          MR. PULTMAN:  Certainly, the reasonableness of

2    the proposed settlement would depend on what the amount of

3    available surplus cash would be in the estate.  I would

4    agree with Your Honor that what that amount is, is relevant

5    to Your Honor's consideration of whether the proposed

6    settlement is fair and reasonable.

7          THE COURT:  All right.  Anything in response?

8          MR. ROSENTHAL:  Your Honor, may I respond real

9    briefly?  Because I think there's actually a lot more common

10   ground, it seems, between me and Mr. Pultman than might have

11   first appeared.

12         THE COURT:  Yeah, and one thing I'd like, and you

13   certainly may respond, Mr. Rosenthal.  One thing I'd kind of

14   like to know at the moment is for example, and I'm not

15   asking you to tip your hand, I hope, and if I am, then

16   you'll tell me.  But a particular fact that you say Dr.

17   Wertheim has relied upon and upon which there is no basis

18   for such reliance.

19         MR. ROSENTHAL:  Sure.  The one that we mentioned

20   in our Brief --

21         THE COURT:  Yes.

22         MR. ROSENTHAL:  -- is he has a calculation.  It's

23   in Appendix 1.

24         THE COURT:  All right.

25         MR. ROSENTHAL:  Table 1 on page 10 of his report.

1          THE COURT:  Yes, sir.

2          MR. ROSENTHAL:  And he says for the claims to be

3   settled by distribution for NNL he has 'other' and he says

4   it's $3.235 million so -- or $2.235 billion of other claims

5   against NNL and he cites it in NNC 10(q), specifically

6   footnote 15.  That footnote 15 -- it's footnote 16 in his

7   report and he cites footnote of the NNC 10(q).  That footnote

8   15 does not have in any place a statement saying that the

9   claims against NNL are going to be $3.235 billion and we've

10  analyzed it left, right, and you know, from here to tomorrow,

11  and we cannot for the life of us figure out where anybody as

12  a factual matter can get that number.  Frankly, the document

13  isn't even an NNL claims register.  It's an NNC report and

14  he's doing an NNL claims analysis.  So, you know, that's just

15  one example where they're going to need some kind of -- and

16  look, if they don't want to do it, you know, that's fine.

17  I'll respond to Mr. Pultman's arguments when I'm done with

18  this question, Your Honor, but if they say, you know what, it

19  is what it is, and if he has no basis, the Judge, you know,

20  will disregard it, as I think Mr. Pultman said.  Okay.  But I

21  just don't want to be in a situation where after tomorrow, he

22  finds all these things that the expert didn't take into

23  account and can't take into account without factual report

24  and decides now he needs some factual support that goes

25  beyond Appendix B of his report.  So if I could --

1          MR. PULTMAN:  And, Mr. Rosenthal -- and we're in

2    agreement about that issue, Your Honor.  Jacob Pultman.

3    Tomorrow, they could certainly put that question to Dr.

4    Wertheim, ask him that, and try to demonstrate to Your Honor

5    he has no basis.  In fact, he does have a basis and we'll

6    provide that basis at his deposition and again at the

7    hearing.

8          MR. ROSENTHAL:  So, Your Honor, responding briefly

9    to Mr. Pultman's argument, like I said, you know, there is

10   some common ground here.  The burden is on the proponent.  No

11   question.  We are the Movant under 9019.  We have the burden.

12   But it's our burden to prove our argument.  It is not our

13   burden to disprove their defenses and what they have decided

14   to do, and you can't take one glance at Dr. Wertheim's report

15   or their objections and think otherwise, they have decided

16   that their defense is going to be about Canadian

17   distribution.  If that's not their defense, then I don't know

18   why Dr. Wertheim is even testifying and we certainly don't

19   need a witness in there.  But their defense is the Canadian

20   distributions are not going to allow the U.S. Debtors to get

21   over $1.1 billion and once they've put that defense in, we

22   are allowed to test it.  We don't have to disprove it and

23   they can't say well, no, we're not giving you a witness so

24   this is what our defense is and that's that.  They've put in

25   the factual defense and they're trying to put it in solely

1    through an expert without giving us the facts.  Now, of

2    course -- and that's why it was kind of a bizarre statement

3    when Mr. Pultman said the claims issues have absolutely

4    nothing to do with the 9019.  We agree.  Our Motion and the

5    testimony you will get from Mr. Ray and the presentation that

6    will come to the Court in two weeks is going to tell you,

7    Your Honor, we think the claims issues have nothing to do

8    with the 9019 Motion.  But it has a lot to do, at least as

9    I've read their defense, with their defense, and therefore,

10   you know, Mr. Pultman says it's a side show.  I'd love to get

11   rid of the claims issues entirely, you know, but then there's

12   no expert report that they have and there's no response that

13   they have here.  So we're not the ones injecting it.  It's

14   their expert that says these are best case numbers.  We don't

15   want Murray McDonald to talk about the U.S. PBGC claims.

16   We're not going to depose him to talk about the U.S. tax

17   claim.  We're going to depose him, if ordered; we would

18   depose him to talk about the Canadian numbers that are

19   riddled throughout Dr. Wertheim's report, and I've only heard

20   Mr. Pultman say, in response, talk about that he doesn't know

21   anything about the PBGC or the U.S. tax claims or anything

22   like that.

23           The only other thing I'll respond to is he said on

24   three separate occasions we indicated we wanted to depose Mr.

25   McDonald so this was all pre-textual.  This defense, Your

1  Honor, that they've injected wasn't a surprise to us last

2  week.  It was way back before the very first hearing before

3  this Court they basically said that their defense is going to

4  be, irrespective of the fact that we don't touch into the

5  9019, their defense was going to be we're not going to get

6  enough money from the Canadian distributions.  The

7  bondholders are not going to get enough money from the

8  Canadian distributions to allow us to have surplus cash to

9  pay post-Petition interest.  It was after they said that that

10 we said if you're going to do that, if that's your defense,

11 we're going to want to depose Mr. McDonald on the Canadian

12 claims numbers and if Mr. Pultman, as I'm hearing him today,

13 says this is a side show; they are not going to put in a

14 single piece of evidence other than admissible documents such

15 as Appendix B of his report or any other facts through Dr.

16 Wertheim or otherwise, other than what's in Appendix B of his

17 report, and some of those documents are not self-

18 authenticated; many of them are and they're fine, but those

19 that aren't, we can't have somebody explaining what they are

20 without a witness.  But if they're going to be limited to

21 that, then we're okay.  We don't need a fact witness because

22 we're very confident that the Court will either exclude or

23 give no weight whatsoever to Dr. Wertheim's report.  We just

24 can't have a switch-a-roo after today.

25            THE COURT:  I agree with that point completely,

1  Mr. Rosenthal, and look, I do have concerns and Mr. Pultman,

2  I hope, would share those concerns about the basis for Dr.

3  Wertheim's report.

4           MR. ROSENTHAL:  The only other thing I would add,

5  Your Honor, and then I'll cede the microphone here, is I

6  think Mr. Pultman very eloquently made our entire point by

7  saying the Canadian claims aren't even presented to the

8  Canadian Court yet, that they're sensitive, they're subject

9  to further analysis; they are "unsettled."  And if the

10  Canadian claim information is all very unsettled at this

11  point, how is Dr. Wertheim presenting to you a best case

12  scenario and what's the factual basis for that?  So, again, I

13  don't mean to argue the merits of their defense today, but I

14  think Mr. Pultman has essentially made from us the argument

15  that you're going to hear from us two weeks from today.

16           THE COURT:  Well, let's make sure that that's what

17  Mr. Pultman is saying so that we have it on the record.

18           MR. PULTMAN:  Your Honor, there will be no switch-

19  a-roo.  We have no interest in changing our attack.  We

20  believe that Your Honor was correct; that the burden is on

21  them.  We believe that they have failed to, and will fail, to

22  meet that burden.  We believe that our expert report and our

23  expert witness will be able to testify based on the very

24  facts that are put into the record by the U.S. and public

25  documents that are self-authenticating and are the documents

1  that are in his Schedule B; that are in Appendix B to his

2  report.  So we have no interest in changing the rules.  We

3  believe Your Honor is certainly correct that the discovery

4  should be limited and should be very limited and not expanded

5  at this point and what we should be doing is if he wants to

6  question Mr. Wertheim the way he's just suggested, he's

7  perfectly capable of doing so tomorrow and at the hearing and

8  making all of the arguments from it.

9           THE COURT:  But is it your representation at this

10  time that the Canadian claims are indeed unsettled at this

11  point and that Dr. Wertheim is not entitled to rely upon

12  those claims in support of his report?

13           MR. PULTMAN:  I think it's a little more refined,

14  Your Honor, in that what I intended to say, and I thought I

15  had said, was that there are a number of factors that make up

16  Dr. Wertheim's report and that his assumption includes not

17  just what the numbers are out of the public report, but the

18  sensitivity analysis that will tell the Court if those

19  numbers were $100 million less, what the effect of that would

20  be.  So he has the ability to take the published report, to

21  take what was reported to the Canadian Court and then

22  reported to this Court, and say what the effect of that is

23  and then say based on the very safe and conservative

24  assumptions he's made, where the surplus cash comes out and

25  then based on that, we will argue that as a matter of U.S.

1   law, when Your Honor looks at the reasonableness of the

2   settlement, which is their burden, Your Honor will be able to

3   conclude that the proponents have not met their burden of

4   showing that the settlement is reasonable in light of that.

5   So I don't mean to say, Your Honor, that the Canadian claims

6   number will not come to the Court.  They will come to the

7   Court based out of the published report and the sensitivity

8   analysis that he's done as an expert matter looking at what

9   the effects of a change off of those numbers are.  But that

10  is one component of a myriad of others that go into his

11  report.  And as Your Honor and Mr. Rosenthal have said, there

12  will be no switch-a-roo.  We have no interest in expanding

13  the record of what we are going to have our expert to rely on

14  and we certainly understand that there are risks attendant to

15  that approach.

16          THE COURT:  But Dr. Wertheim is performing more

17  than just a mathematical exercise.  In other words, aren't

18  the Debtors entitled to challenge, if you will, those claims

19  numbers so that when we're talking about $100 million less,

20  we're talking about $100 million less than what?

21          MR. PULTMAN:  And they can certainly challenge the

22  number in the sense that they can ask Dr. Wertheim where he

23  got his number from and what the basis of it is, and if it

24  is, in fact, as we will show the Court that it is based off

25  of the public report; so Mr. Rosenthal says he doesn't see it

1   in the footnotes and he doesn't see it in the 10(q) and he

2   doesn't see it in the Monitor's report and Dr. Wertheim shows

3   exactly where that is, then based on those published reports

4   demonstrating what the claims are, Dr. Wertheim can draw his

5   conclusions and make those conclusions to the Court.  Your

6   Honor can obviously accept or reject that.  Mr. Rosenthal and

7   the U.S. Debtors and the proponents can then question that

8   and can say that it's not sufficiently supported, but what

9   Dr. Wertheim is doing is essentially taking the public facts,

10  speaking to those public facts, and doing the -- I don't want

11  to call it mechanical but the expert analysis of pulling that

12  together to put before Your Honor the conclusions that we put

13  to the Court which is that the available and the surplus cash

14  would be below a billion dollars.

15           THE COURT:  Let me ask another question because

16  you've raised the issue of the sensitivity of the claims

17  negotiations and the like.  But we've had a lot of sensitive

18  information in this case and we've dealt with it by sealing

19  those portions of the record where there is a confidentiality

20  concern.  Isn't that something that we could do here as well?

21  And that's addressed to Mr. Pultman.

22           MR. PULTMAN:  I appreciate that, Your Honor.  That

23  is -- while that could in some ways address concerns of

24  confidentiality, it obviously doesn't give us the same

25  comfort as not engaging those discussions before the Court in

1  Canada has even considered that.  Plus it opens the slippery

2  slope, which is this broadens the same analysis on the U.S.

3  with respect to issues of their claims.  It opens up exactly

4  what Your Honor has sought not to open up, which is broad

5  discovery in what should be a limited hearing.  So are there

6  ways that this can be lessened?  We think it can be lessened.

7  We don't think that it actually protects it.  We think that

8  there are still risks with respect to it.  There are parties

9  who are attending these depositions who have interest with

10 respect to those claims.  Those claims still have yet to be

11 resolved and those claims are broad.  They are pension claims

12 for the Canadians.  They include environmental claims and

13 lease claims.  These are sensitive matters, as Your Honor

14 understands, and are matters that have not yet even been

15 proposed to the Canadian Court.  So we understand that Your

16 Honor is looking for ways to protect that but it's not simply

17 the protection of the confidential information and the impact

18 that it has.  It opens up a very broad examination beyond the

19 claims into things like the U.S. claims and given the limited

20 discovery that Your Honor has directed, given the purpose,

21 given the nature of this proceeding, which is that the burden

22 remains on the proponents to make that demonstration, we

23 think that this is unfair and improper.

24           THE COURT:  Anything further from you, Mr.

25 Rosenthal?

1          MR. ROSENTHAL:  I don't think so.  I think Mr.

2    Pultman has now made very clear that he is living or dying

3    with Appendix B to Dr. Wertheim's report, and we're confident

4    if that's the entire record that he's relying upon, you know,

5    we'll be able to dispose of the objection probably pretty

6    swiftly at the hearing, and I don't think we need to inject

7    other facts if that's the case.

8          THE COURT:  All right.  Well, I agree and I will,

9    I must say, be more alert even than usual to any variation

10   from the Appendix B information.  If it is not public

11   information, and even publication information, of course, can

12   be challenged I recognize, but in other words, the facts have

13   to be -- that Dr. Wertheim is relying upon have got to be

14   facts that appear in the public record and the public record

15   only.  To the extent there's any deviation or Dr. Wertheim

16   deviates from that, I suppose to one extent, perhaps you will

17   know that better tomorrow than we do today, and you know, I

18   would be prepared to hear you on any concerns and make some

19   adjustment if necessary to permit a deposition beyond October

20   23rd if that, in fact, is the case, and if in fact, the

21   Monitor is insisting on going forward with the expert's

22   report and testimony in spite of that deviation.  So I am

23   going to deny the Motion to Compel without prejudice.  If

24   need be, after Dr. Wertheim's deposition tomorrow, you can

25   reach out to me and I will hear you again.

1          MR. ROSENTHAL:  Thank you, Your Honor.  The one

2    slight clarification is with regard to public record.  It's

3    limited to public record or authenticable document so long as

4    it's in Appendix B.  He can't go after his report and go

5    research the public record and say, oh, I'm now relying upon

6    a bunch of additional documents that I never relied upon when

7    I did my report and never disclosed when I did my report.

8          THE COURT:  Oh, that's certainly correct, Mr.

9    Rosenthal.  I didn't mean to be, you know, a little bit vague

10   on that point.  It's limited to Appendix B.

11         MR. PULTMAN:  Thank you, Your Honor.

12         THE COURT:  All right.  Listen, I -- as I said --

13         MR. ROSENTHAL:  Thank you, Your Honor.

14         THE COURT:  -- I am certainly available.  This is

15   an important matter.  I am available to you if issues arise

16   at the deposition or if there is concern at the conclusion of

17   the deposition that you need me to hear from you again.

18         MR. PULTMAN:  Thank you.  We appreciate that, Your

19   Honor.

20         THE COURT:  All right, Counsel.  I thank you all

21   and we'll stand in recess.  Good day to you.

22         MR. PULTMAN:  Have a nice day.

23

24    (Whereupon, at 11:39 a.m., the hearing was adjourned.)

25

1                         CERTIFICATION

2          I certify that the foregoing is a correct

3    transcript from the electronic sound recording of the

4    proceedings in the above-entitled matter.

5

6

7    _____          21 October 2014
8    Transcriber,                                    Date
9    Diaz Data Services, LLC

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **a-roo**(1) 25:19 | | **and**(221) 6:3 6:4 6:5 6:19 6:22 6:24 6:25 7:4 7:12 7:16 7:20 7:25 8:1 8:2 8:3 8:5 8:8 8:9 8:14 8:16 8:16 8:18 9:3 9:5 9:9 9:9 9:10 9:12 9:13 9:16 9:19 10:7 10:15 10:22 11:1 11:2 11:4 11:9 11:10 11:12 11:12 11:15 11:17 11:20 11:21 11:22 11:24 12:1 12:3 12:4 12:8 12:13 12:13 12:15 12:20 12:20 12:20 12:21 12:21 12:23 12:24 13:6 13:13 13:15 13:16 13:17 13:19 13:20 13:24 14:1 14:9 14:12 14:14 14:16 14:22 15:4 15:7 15:9 15:16 15:20 15:23 15:25 16:13 16:21 16:22 16:23 17:1 17:2 17:5 17:5 17:11 17:15 17:17 17:24 18:1 18:2 18:3 18:4 18:5 18:6 18:7 18:8 18:8 18:14 18:15 18:18 18:25 19:1 19:3 19:9 19:10 19:10 19:12 19:13 19:16 19:18 19:19 19:20 20:6 20:10 20:12 20:12 20:14 20:15 20:17 21:2 21:3 21:5 21:7 21:9 21:10 21:11 21:13 21:15 21:19 21:23 21:24 22:1 22:1 22:4 22:5 22:6 22:13 22:14 22:15 22:18 22:21 22:22 22:24 22:25 23:2 23:4 23:5 23:9 23:12 23:19 24:12 24:17 24:18 25:1 25:1 25:5 25:9 25:12 25:21 25:22 25:24 25:25 26:4 26:4 26:5 26:7 26:7 26:11 26:14 26:16 26:21 26:22 26:23 26:23 26:24 27:7 27:11 27:11 27:14 27:21 27:23 27:23 28:1 28:1 28:2 28:5 28:6 28:7 28:8 28:10 28:13 28:17 28:18 28:21 29:11 29:12 29:14 29:17 29:19 29:23 30:3 30:6 30:8 30:11 30:14 30:17 30:18 30:20 30:22 30:25 31:4 31:5 31:7 31:21 | **assets**(1) 7:18 | | **burden**(27) 11:8 11:9 11:14 11:20 11:20 12:5 12:16 12:22 13:6 13:7 14:22 15:4 15:5 15:11 15:12 15:19 19:4 19:21 22:10 22:11 22:12 22:13 25:20 25:22 27:2 27:3 29:21 | |
| **a.m**(3) 1:15 6:1 31:24 | | | | **assumption**(1) 26:16 | | **burn**(1) 17:20 | |
| **abbott**(4) 1:26 6:10 6:10 6:12 | | | | **assumptions**(5) 8:8 9:8 9:14 9:25 26:24 | | **but**(35) 7:14 8:8 8:25 9:20 9:23 10:1 10:12 12:22 13:23 14:20 14:24 16:15 16:17 16:25 18:11 18:23 20:16 21:18 21:20 22:12 22:19 23:8 23:11 24:18 24:20 25:13 26:9 26:17 27:9 27:16 28:8 28:11 28:17 29:16 30:12 | |
| **abid**(1) 2:6 | | | | **attack**(1) 25:19 | | | |
| **ability**(1) 26:20 | | | | **attempt**(1) 8:5 | | | |
| **able**(6) 18:21 18:22 19:18 25:23 27:2 30:5 | | | | **attendant**(1) 27:14 | | | |
| **about**(18) 7:23 7:24 13:17 13:19 14:15 14:16 14:21 17:3 22:2 22:16 23:15 23:16 23:18 23:20 23:21 25:7 27:19 27:20 | | | | **attending**(1) 29:9 | | | |
| | | | | **august**(2) 6:5 11:4 | | **calculation**(1) 20:22 | |
| **aboventitled** (1) 32:4 | | | | **authentic**(1) 31:3 | | **calculations**(3) 8:12 8:20 13:18 | |
| **absolutely**(3) 11:1 19:2 23:3 | | | | **authenticated**(1) 24:18 | | **call**(2) 9:7 28:11 | |
| **accept**(4) 18:8 18:8 18:23 28:6 | | | | **available**(5) 13:2 20:3 28:13 31:14 31:15 | | **called**(1) 7:1 | |
| **according**(1) 10:9 | | | | **avenue**(1) 2:14 | | **caloway**(1) 2:45 | |
| **account**(2) 9:2 19:9 21:23 21:23 | | | | | | **came**(1) 7:10 | |
| **accused**(1) 10:11 | | | | **back**(7) 9:17 10:2 11:2 12:5 17:8 18:6 | | **can**(23) 6:22 12:20 13:18 13:20 15:10 15:12 16:21 18:5 18:6 18:7 18:9 18:22 21:12 27:21 27:22 28:4 28:6 28:7 28:8 29:6 29:6 30:1 30:24 | |
| **actually**(5) 15:15 15:24 18:11 20:9 29:7 | | | | **badke-berkow**(1) 2:39 | | | |
| **add**(1) 25:4 | | | | **bank**(3) 2:8 4:20 4:34 | | | |
| **addition**(1) 6:6 | | | | **bankruptcy**(2) 1:1 1:20 | | | |
| **additional**(4) 9:3 10:7 10:8 31:6 | | | | **based**(10) 9:19 12:24 12:25 18:6 25:23 26:23 26:25 27:7 27:24 28:3 | | **can't**(1) 9:5 | |
| **address**(1) 28:23 | | | | | | **canada**(6) 4:30 8:1 17:1 17:4 17:5 29:1 | |
| **addressed**(1) 28:21 | | | | **basically**(1) 24:3 | | **canadian**(21) 4:15 7:20 7:23 7:24 8:13 10:22 17:2 18:22 22:16 22:19 23:18 24:6 24:8 24:11 25:7 25:8 25:10 26:10 26:21 27:5 29:15 | |
| **adjourned**(1) 31:24 | | | | **basing**(1) 14:8 | | | |
| **adjustment**(1) 30:19 | | **andrew**(2) 4:11 5:14 | | **basis**(19) 8:7 8:11 8:30 9:2 9:8 9:13 13:17 13:18 13:19 16:23 18:9 20:17 21:19 22:5 22:5 22:6 25:2 25:12 27:23 | | | |
| **administered**(1) 1:6 | | **angela**(1) 2:27 | | | | **canadians**(1) 29:12 | |
| **administrators**(1) 3:22 | | **ann**(2) 1:27 3:48 | | **bayard**(1) 2:22 | | **cannot**(1) 21:11 | |
| **admissible**(1) 24:14 | | **another**(1) 28:15 | | **beat**(1) 6:13 | | **can't(6)** 21:23 22:14 22:23 24:19 24:24 31:4 | |
| **affects**(1) 8:2 | | | | **because**(18) 7:23 8:3 8:22 11:20 11:23 12:4 13:23 15:3 15:14 15:19 16:5 16:10 17:4 17:18 19:14 20:9 24:21 28:15 | | | |
| **after**(9) 8:18 12:19 19:1 19:21 21:21 24:9 24:24 30:24 31:4 | | **anybody**(1) 21:11 | | | | **capable**(1) 26:7 | |
| | | **anything**(4) 20:7 23:21 23:21 29:24 | | **becoming**(1) 5:6 | | **capital**(3) 4:42 5:4 5:17 | |
| **again**(5) 19:17 22:6 25:12 30:25 31:17 | | **anywhere**(1) 6:14 | | **been**(6) 9:11 14:19 18:17 18:21 18:22 | | **carry**(1) 19:21 | |
| **against**(3) 8:12 21:5 21:9 | | **appear**(1) 30:14 | | **before**(10) 1:19 6:20 11:4 16:7 16:16 19:20 24:2 24:2 28:12 28:25 | | **case**(11) 1:5 7:19 12:19 12:20 18:21 19:10 23:14 25:11 28:18 30:7 30:20 | |
| **agree**(6) 10:17 19:12 20:4 23:4 24:25 30:8 | | **appearances**(4) 2:18 3:1 4:2 5:1 | | | | | |
| **agreed**(1) 10:10 | | **appeared**(1) 20:11 | | **begin**(1) 6:20 | | **cash**(6) 17:10 17:20 20:3 24:8 26:24 28:13 | |
| **agreement**(1) 22:2 | | **appendix**(10) 14:8 20:23 21:25 24:15 24:16 26:1 30:3 30:10 31:4 31:10 | | **behalf**(1) 10:22 | | **cassels**(1) 4:25 | |
| **akin**(2) 2:5 3:13 | | | | **behind**(1) 17:10 | | **causes**(1) 9:14 | |
| **al.**(1) 1:8 | | | | **being**(9) 11:18 12:5 14:17 14:18 15:17 15:18 17:2 18:17 19:20 | | **ccc**(1) 15:8 | |
| **alberto**(1) 2:23 | | **applicable**(1) 10:9 | | | | **cede**(1) 25:5 | |
| **alert**(1) 30:9 | | **applied**(1) 11:11 | | | | **certain**(2) 8:7 9:25 | |
| **all**(21) 7:6 7:24 8:6 9:2 9:6 10:13 13:2 13:10 13:18 14:9 17:18 20:7 20:24 21:22 23:25 25:10 26:8 30:8 31:12 31:20 31:20 | | **appreciate**(1) 28:22 31:18 | | **belied**(2) 16:6 16:13 | | **certainly**(13) 10:16 10:23 12:23 14:3 20:1 20:13 22:3 22:18 26:3 27:14 27:21 31:8 31:14 | |
| | | **approach**(1) 27:15 | | **believe**(4) 25:20 25:21 25:22 26:3 | | | |
| **allen**(2) 2:38 10:21 | | **approval**(1) 12:15 | | **belknap**(2) 2:12 3:35 | | **certification**(1) 32:1 | |
| **allow**(2) 22:20 24:8 | | | | **below**(1) 28:14 | | **certify**(1) 32:2 | |
| **allowed**(5) 13:13 15:14 18:24 18:25 22:22 | | **are**(63) 7:1 7:1 7:21 7:24 8:5 9:11 9:24 9:25 10:13 11:2 12:4 12:8 12:25 13:1 13:5 13:17 14:2 14:11 14:12 14:16 14:17 14:17 14:18 14:18 15:6 16:20 17:1 17:12 19:8 19:14 19:15 21:9 22:11 22:20 22:22 23:14 23:18 24:7 24:12 24:17 24:18 24:19 25:9 25:24 25:25 25:25 26:1 26:1 26:10 26:15 26:17 27:9 27:13 27:14 28:4 29:5 29:8 29:8 29:9 29:11 29:11 29:13 29:14 | | **best**(6) 7:19 11:13 12:13 19:10 23:14 30:17 | | **challenge**(3) 13:16 27:18 27:21 | |
| **already**(1) 10:12 | | | | **better**(1) 30:17 | | **challenged**(2) 14:1 30:12 | |
| **also**(1) 6:4 | | | | **between**(3) 18:2 19:1 20:10 | | **change**(1) 27:9 | |
| **america**(2) 2:8 4:34 | | | | **beyond**(4) 15:14 21:25 29:18 30:19 | | **changed**(1) 9:17 | |
| **americas**(1) 2:14 | | | | **big**(1) 10:18 | | **changing**(2) 25:19 26:2 | |
| **amount**(5) 7:18 7:20 19:25 20:2 20:4 | | **area**(2) 18:15 18:16 | | **billion**(11) 7:10 7:11 7:12 8:3 18:2 19:24 19:24 21:4 21:9 22:21 28:14 | | **chapman**(1) 3:24 | |
| **amounts**(1) 19:25 | | **aren't**(3) 24:19 25:7 27:17 | | | | **chapter**(2) 1:8 14:9 | |
| **analysis**(7) 7:24 17:5 18:7 21:14 25:9 26:18 27:8 28:11 29:2 | | **argue**(2) 25:13 26:25 | | **bit**(2) 9:20 31:9 | | **chen**(1) 5:5 | |
| | | **argument**(3) 22:9 22:12 25:14 | | **bizarre**(1) 23:2 | | **chief**(1) 12:8 | |
| **analyzed**(1) 21:10 | | **arguments**(4) 18:22 18:23 21:17 26:8 | | **blackwell**(1) 4:25 | | **chipman**(1) 3:47 | |
| | | **arise**(1) 31:15 | | **block**(1) 18:1 | | **choose**(2) 18:9 18:23 | |
| | | **arm's**(2) 12:12 19:7 | | **bondholders**(6) 4:6 7:25 8:1 11:21 12:7 24:7 | | **chosen**(3) 7:20 9:7 12:22 | |
| | | **arms**(1) 12:20 | | | | **chris**(1) 3:19 | |
| | | **arsht**(1) 1:25 | | **botter**(1) 3:14 | | **chung**(1) 4:35 | |
| | | **ask**(7) 13:16 13:18 17:3 19:22 22:4 27:22 28:15 | | **brandon**(1) 1:36 | | **cites**(3) 8:7 21:5 21:7 | |
| | | | | **brant**(1) 4:39 | | **citigroup**(1) 4:38 | |
| | | **asked**(4) 10:15 10:24 17:6 17:6 | | **brass**(1) 4:43 | | | |
| | | **asking**(4) 16:3 17:3 18:17 20:15 | | **brian**(2) 2:35 3:36 | | **claim**(10) 8:2 8:3 14:15 16:6 17:20 17:21 17:21 19:24 23:17 25:10 | |
| | | **aspects**(2) 11:16 15:22 | | **brickley**(1) 4:47 | | | |
| | | **asset**(1) 5:13 | | **brief**(2) 9:9 20:20 | | **claims**(36) 8:13 14:16 14:16 17:1 17:1 17:3 17:19 18:15 19:2 21:2 21:4 21:9 21:13 21:14 23:3 23:7 23:11 23:15 23:21 24:12 25:7 26:10 26:12 27:5 27:18 28:4 28:16 29:3 29:10 29:10 29:11 29:13 29:13 29:19 29:19 29:19 | |
| | | | | **briefly**(2) 20:9 22:8 | | | |
| | | | | **brigade**(1) 5:17 | | | |
| | | | | **broad**(3) 29:4 29:11 29:18 | | | |
| | | | | **broadens**(1) 29:2 | | | |
| | | | | **brock**(1) 4:35 | | | |
| | | | | **brown**(1) 3:47 | | | |
| | | | | **bryant**(1) 2:7 | | | |
| | | | | **buchanan**(2) 2:44 3:8 | | | |
| | | | | **bunch**(1) 31:6 | | | |

| Word | Page:Line |
|------|-----------|
| **clarification**(1) 31:2 | |
| **clear**(2) 6:25 30:2 | |
| **clearly**(2) 6:18 11:7 | |
| **cleary**(1) 1:30 | |
| **clients**(1) 19:1 | |
| **closing**(1) 14:12 | |
| **coleman**(2) 2:40 10:22 | |
| **colleague**(1) 10:21 | |
| **collier**(1) 5:9 | |
| **come**(5) 8:25 19:17 23:6 27:6 27:6 | |
| **comes**(3) 12:5 13:20 26:24 | |
| **comfort**(1) 28:25 | |
| **committee**(4) 2:5 3:12 4:5 4:16 | |
| **common**(2) 20:9 22:10 | |
| **company**(1) 4:46 | |
| **comparable**(1) 17:6 | |
| **compel**(3) 6:9 8:17 30:23 | |
| **completed**(1) 10:8 | |
| **completely**(2) 8:23 24:25 | |
| **completing**(1) 19:19 | |
| **component**(1) 27:10 | |
| **compromise**(1) 7:8 | |
| **conaway**(1) 3:22 | |
| **concern**(4) 14:20 16:2 28:20 31:16 | |
| **concerns**(4) 25:1 25:2 28:23 30:18 | |
| **conclude**(1) 27:3 | |
| **conclusion**(2) 17:23 31:16 | |
| **conclusions**(6) 13:20 16:20 16:22 28:5 28:5 28:12 | |
| **confident**(3) 8:9 24:22 30:3 | |
| **confidential**(1) 29:17 | |
| **confidentiality**(2) 28:19 28:24 | |
| **connection**(1) 11:2 | |
| **conservative**(1) 26:23 | |
| **consideration**(1) 20:5 | |
| **considered**(2) 17:2 29:1 | |
| **contemplate**(1) 10:6 | |
| **contemplated**(1) 17:16 | |
| **continued**(5) 2:2 2:19 3:2 4:3 5:2 | |
| **control**(1) 6:6 | |
| **cordo**(1) 1:27 | |
| **correct**(4) 25:20 26:3 31:8 32:2 | |
| **could**(8) 10:2 14:3 17:22 18:13 21:25 22:3 28:20 28:23 | |
| **counsel**(2) 6:2 31:20 | |
| **course**(4) 9:18 10:4 23:2 30:11 | |
| **court**(55) 1:1 6:2 6:8 6:14 6:19 6:22 7:6 7:9 7:15 8:18 9:15 10:4 10:8 10:9 10:12 10:16 13:9 13:23 16:6 17:12 18:1 18:18 19:14 19:19 19:24 20:7 20:12 20:21 20:24 21:1 23:6 24:3 24:22 24:25 25:8 25:16 26:9 26:18 26:21 26:22 27:6 27:7 27:16 27:24 28:5 28:13 28:15 28:25 29:15 29:24 30:8 31:8 31:12 31:14 31:20 | |
| **courtroom**(2) 1:10 6:4 | |
| **cousins**(1) 3:47 | |
| **creditors**(3) 3:13 4:15 19:11 | |
| **creditor's**(1) 2:4 | |
| **crichlow**(1) 3:44 | |
| **criminal**(1) 12:19 | |
| **cross**(1) 8:18 | |
| **crux**(1) 7:22 | |
| **d,j**(1) 2:31 | |
| **daniel**(1) 2:13 | |
| **data**(1) 1:38 | |
| **date**(1) 32:8 | |
| **david**(3) 3:14 3:44 5:18 | |
| **day**(2) 31:21 31:22 | |
| **days**(2) 9:11 9:17 | |
| **deal**(1) 28:18 | |
| **debenture**(2) 2:12 3:35 | |
| **debtors**(11) 1:12 1:25 6:9 6:18 7:7 7:20 10:22 11:21 22:20 27:18 28:7 | |
| **decide**(1) 9:5 | |
| **decided**(2) 22:13 22:15 | |

| Word | Page:Line |
|------|-----------|
| **decides**(1) 21:24 | |
| **defense**(14) 12:19 22:16 22:17 22:19 22:21 22:24 22:25 23:9 23:9 23:25 24:3 24:5 24:10 25:13 | |
| **defenses**(1) 22:13 | |
| **delaware**(3) 1:2 1:12 6:1 | |
| **demonstrate**(4) 12:16 13:18 13:20 22:4 | |
| **demonstrating**(1) 28:4 | |
| **demonstration**(1) 29:22 | |
| **deny**(1) 30:23 | |
| **depend**(1) 20:2 | |
| **depends**(1) 13:6 | |
| **depose**(5) 23:16 23:17 23:18 23:24 24:11 | |
| **deposed**(2) 14:21 15:16 | |
| **deposition**(17) 8:9 8:11 8:22 10:12 16:3 16:5 16:9 16:12 16:19 18:12 19:17 19:20 22:6 30:19 30:24 31:16 31:17 | |
| **depositional**(1) 13:14 | |
| **depositions**(6) 6:25 9:12 10:13 10:25 18:13 29:9 | |
| **derek**(3) 1:26 6:10 6:16 | |
| **designate**(1) 13:12 | |
| **designated**(5) 12:6 12:6 12:7 15:16 16:7 | |
| **despite**(1) 17:8 | |
| **deviates**(1) 30:16 | |
| **deviation**(2) 30:15 30:22 | |
| **diaz**(1) 1:38 | |
| **dice**(1) 8:18 | |
| **did**(5) 17:25 17:25 18:1 31:7 31:7 | |
| **didn't**(2) 21:22 31:9 | |
| **different**(3) 9:1 14:11 19:23 | |
| **dimsdale-gill**(1) 2:27 | |
| **directed**(1) 29:20 | |
| **directly**(3) 8:3 11:20 14:18 | |
| **disclosed**(1) 31:7 | |
| **discount**(1) 18:5 | |
| **discovery**(17) 6:23 10:7 10:8 10:10 11:15 11:16 11:17 11:17 14:24 14:25 15:1 15:23 15:25 17:16 26:3 29:5 29:20 | |
| **discussions**(1) 28:25 | |
| **dispose**(1) 30:5 | |
| **disprove**(2) 22:13 22:22 | |
| **disregard**(2) 6:23 21:20 | |
| **distract**(1) 19:18 | |
| **distribution**(1) 21:3 22:17 | |
| **distributions**(2) 22:20 24:6 24:8 | |
| **district**(1) 1:2 | |
| **dla**(1) 4:16 | |
| **document**(4) 9:2 14:17 21:12 31:3 | |
| **documents**(13) 8:7 9:4 11:10 11:23 12:3 13:1 13:2 15:17 24:14 24:17 25:25 25:25 31:6 | |
| **does**(5) 6:25 10:6 17:24 21:8 22:5 | |
| **doesn't**(4) 10:1 15:4 19:3 | |
| **doesn't**(5) 23:20 27:25 28:1 28:2 28:28 | |
| **doing**(5) 21:14 26:5 26:7 28:9 28:10 | |
| **dollars**(1) 28:14 | |
| **don't**(6) 7:12 7:12 8:22 10:18 15:4 | |
| **done**(6) 11:23 12:12 12:21 16:22 21:17 | |
| **don't**(14) 21:16 21:21 22:17 22:18 22:22 23:14 24:4 24:21 25:13 27:5 28:10 29:7 30:1 30:6 | |
| **dow**(1) 4:46 | |
| **down**(1) 11:6 | |
| **dozen**(1) 9:1 | |
| **draw**(2) 17:23 28:4 | |
| **due**(1) 9:9 | |
| **dying**(1) 30:2 | |
| **each**(2) 12:5 18:14 | |
| **ecro**(1) 1:36 | |
| **effect**(2) 26:19 26:22 | |
| **effects**(1) 27:9 | |
| **either**(3) 8:23 10:13 24:22 | |
| **electronic**(2) 1:44 32:3 | |

| Word | Page:Line |
|------|-----------|
| **eloquently**(1) 25:6 | |
| **employees**(1) 4:29 | |
| **end**(1) 8:14 | |
| **engaging**(1) 28:25 | |
| **enough**(2) 24:6 24:7 | |
| **entered**(1) 6:24 | |
| **entire**(2) 25:6 30:4 | |
| **entirely**(2) 19:23 23:11 | |
| **entitled**(3) 9:24 26:11 27:18 | |
| **environmental**(1) 29:12 | |
| **ernst**(2) 2:38 3:4 | |
| **esq**(34) 1:26 1:27 1:31 1:32 2:6 2:13 2:23 2:27 2:31 2:35 2:39 2:40 2:41 2:45 3:5 3:9 3:14 3:15 3:19 3:24 3:28 3:32 3:36 3:40 3:44 3:48 4:7 4:11 4:12 4:17 4:22 4:26 4:31 4:47 | |
| **essential**(1) 11:14 | |
| **essentially**(5) 7:10 7:18 8:5 9:21 15:10 25:14 28:9 | |
| **establishing**(1) 6:23 | |
| **estate**(5) 11:13 12:14 19:10 19:11 20:3 | |
| **esther**(1) 4:35 | |
| **even**(10) 7:22 9:23 18:17 21:13 22:18 25:7 29:1 29:14 30:9 30:11 | |
| **ever**(1) 9:7 | |
| **every**(1) 18:14 | |
| **evidence**(8) 9:18 9:19 10:1 11:25 13:3 13:21 13:23 24:14 | |
| **exactly**(3) 16:2 28:3 29:3 | |
| **examination**(2) 8:19 29:18 | |
| **example**(4) 14:5 15:6 20:14 21:15 | |
| **exclude**(1) 24:22 | |
| **exercise**(1) 27:17 | |
| **exhibit**(1) 14:8 | |
| **exhibits**(1) 13:12 | |
| **expanded**(1) 26:4 | |
| **expanding**(1) 27:12 | |
| **experience**(1) 18:7 | |
| **expert**(23) 7:13 8:5 8:6 9:13 9:18 9:22 9:25 12:22 12:24 13:3 13:24 14:1 14:1 18:6 21:22 23:12 23:12 23:14 25:22 25:23 27:8 27:13 28:11 | |
| **expert's**(1) 30:21 | |
| **explaining**(1) 24:19 | |
| **expressions**(1) 6:6 | |
| **extensive**(1) 14:15 | |
| **extent**(7) 16:18 18:4 18:8 18:20 18:21 30:15 30:16 | |
| **extremely**(1) 8:9 | |
| **facial**(1) 6:6 | |
| **fact**(21) 7:22 8:4 8:10 8:19 9:3 9:7 12:18 12:25 13:5 13:15 13:24 16:5 16:6 17:9 20:16 22:5 24:4 24:21 27:24 30:20 30:20 | |
| **factors**(4) 11:10 17:18 19:9 26:15 | |
| **facts**(19) 8:6 8:7 9:19 9:21 12:1 12:10 12:24 13:25 13:18 13:25 13:25 23:1 24:15 25:24 28:9 28:10 30:7 30:12 30:14 | |
| **factual**(9) 8:9 9:18 9:21 12:3 12:14 21:12 21:23 21:24 22:25 25:12 | |
| **fail**(1) 25:21 | |
| **failed**(1) 25:21 | |
| **fair**(4) 11:12 12:13 19:8 20:6 | |
| **familiar**(1) 19:13 | |
| **farr**(1) 2:34 | |
| **fate**(1) 18:4 | |
| **feld**(2) 2:5 3:13 | |
| **figure**(1) 21:11 | |
| **filed**(4) 7:13 15:7 16:11 17:9 | |
| **filings**(1) 14:19 | |
| **finds**(2) 8:18 21:22 | |

| Word | Page:Line |
|------|-----------|
| **fine**(3) 6:12 21:16 24:18 | |
| **finger**(1) 3:18 | |
| **finnigan**(1) 2:30 | |
| **first**(3) 14:22 20:11 24:2 | |
| **flowed**(1) 11:19 | |
| **fold**(1) 12:20 | |
| **follow**(1) 18:10 | |
| **footnote**(5) 21:6 21:6 21:6 21:7 21:7 | |
| **footnotes**(1) 28:1 | |
| **for**(64) 1:2 1:25 2:4 2:12 2:21 2:38 3:4 3:12 3:22 3:35 3:43 4:5 4:15 4:20 4:25 4:29 4:34 4:38 4:42 4:46 5:4 5:8 5:13 5:17 6:18 6:20 7:18 8:7 8:12 8:20 9:11 9:13 10:12 10:15 10:25 12:5 12:15 13:17 13:18 13:19 14:14 14:24 15:6 15:9 16:3 16:4 16:11 16:23 17:3 17:11 18:9 18:17 18:25 19:1 19:6 20:14 20:18 21:2 21:3 21:11 25:2 25:12 29:12 29:16 | |
| **foregoing**(1) 32:2 | |
| **former**(1) 4:29 | |
| **forms**(1) 11:14 | |
| **forward**(2) 15:18 30:21 | |
| **frankly**(1) 21:12 | |
| **fred**(1) 3:15 | |
| **from**(23) 9:10 10:19 11:20 12:8 14:13 15:8 18:19 18:24 19:19 21:10 23:5 24:6 24:7 25:14 25:15 25:15 26:8 27:23 29:24 30:10 30:16 31:17 32:3 | |
| **front**(1) 7:14 | |
| **fundamental**(1) 11:3 | |
| **fundamentally**(1) 17:15 | |
| **further**(2) 25:9 29:24 | |
| **gallagher**(1) 2:34 | |
| **generally**(1) 14:25 | |
| **get**(9) 8:1 16:1 16:9 21:12 22:20 23:5 23:10 24:5 24:7 | |
| **getting**(2) 17:10 19:2 | |
| **give**(3) 9:8 24:23 28:24 | |
| **given**(8) 8:24 18:15 18:16 18:16 18:17 29:19 29:20 29:21 | |
| **giving**(3) 11:6 22:23 23:1 | |
| **glance**(1) 22:14 | |
| **goes**(7) 11:2 14:9 14:22 15:13 17:25 19:5 21:24 | |
| **going**(39) 6:12 7:1 7:25 8:5 8:8 8:10 8:11 8:23 8:24 9:8 9:13 11:15 11:25 12:1 12:4 14:2 17:8 17:17 18:14 18:16 21:9 21:15 22:16 22:20 23:6 23:16 23:17 24:3 24:5 24:5 24:7 24:10 24:11 24:13 24:20 24:15 27:13 30:21 30:23 | |
| **good**(7) 6:2 6:11 6:17 6:19 7:4 9:21 31:21 | |
| **goodmans**(1) 3:4 | |
| **got**(3) 18:19 27:23 30:13 | |
| **gottlieb**(2) 1:30 6:18 | |
| **gross**(2) 1:19 6:2 | |
| **ground**(2) 20:10 22:10 | |
| **grout**(1) 2:30 | |
| **guiney**(1) 3:36 | |
| **gump**(2) 2:5 3:13 | |
| **had**(8) 8:19 9:18 11:1 15:20 16:8 18:4 26:15 28:17 | |
| **hadley**(1) 4:10 | |
| **hadn't**(1) 11:23 | |
| **hamilton**(1) 1:30 | |
| **hand**(2) 19:19 20:15 | |
| **happen**(1) 8:10 | |
| **hard**(1) 17:10 | |
| **harrisburg**(1) 1:40 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| has(25) 7:10 7:17 8:3 9:1 9:2 9:16 10:12 11:1 11:9 12:19 12:23 12:24 17:23 20:17 20:22 21:3 21:19 22:5 23:8 25:14 26:20 29:1 29:4 29:18 29:20 30:2 | | ingersoll(2) 2:44 3:8 | | law(7) 2:12 3:35 9:16 9:17 9:21 17:9 27:1 | | meaningful(1) 11:25 | |
| | | inject(1) 30:6 | | lawyer(1) 12:19 | | mechanical(1) 28:11 | |
| | | injected(1) 24:1 | | lawyers(1) 6:5 | | meet(1) 25:22 | |
| | | injecting(1) 23:13 | | layton(1) 3:18 | | meets(1) 13:10 | |
| | | insisting(1) 30:21 | | lease(1) 29:13 | | mellon(1) 4:21 | |
| | | instead(1) 8:3 | | least(1) 23:8 | | melnik(1) 4:17 | |
| hasn't(1) 18:17 | | | | leblanc(1) 4:11 | | mentioned(1) 20:19 | |
| hauer(2) 2:5  3:13 | | intended(3) 6:25 13:12 26:14 | | left(1) 21:10 | | merits(1) 25:13 | |
| | | interest(9) 11:13 12:14 16:8 19:10 24:9 25:19 26:2 27:12 29:9 | | legal(1) 15:10 | | met(2) 12:21 27:3 | |
| have(61) 6:3 6:4 6:20 7:7 7:12 7:13 7:15 7:16 7:20 8:2 8:4 8:9 8:11 9:5 9:11 9:14 9:22 12:16 12:21 12:22 13:21 14:19 15:4 15:5 15:7 15:11 15:12 16:11 17:1 17:7 17:10 19:2 20:10 21:8 22:5 22:11 22:13 22:15 22:22 23:3 23:7 23:12 23:13 24:8 24:19 24:24 25:1 25:17 25:19 25:21 26:2 27:3 27:11 27:12 27:13 29:9 29:10 29:14 30:12 30:13 31:22 | | | | length(2) 12:12 19:8 | | michael(4) 4:22 4:25 4:26 12:7 | |
| | | | | less(4) 19:24 26:19 27:19 27:20 | | microphone(1) 25:5 | |
| | | interested(7) 4:34 4:38 4:42 4:46 5:4 5:8 5:13 | | lessened(2) 29:6 29:6 | | might(1) 20:10 | |
| | | | | let(3) 10:18 19:22 28:15 | | milbank(1) 4:10 | |
| | | | | let's(1) 25:16 | | miller(2) 2:31 3:40 | |
| | | interim(1) 19:16 | | liability(1) 18:3 | | million(5) 18:2 21:4 26:19 27:19 27:20 | |
| | | into(13) 9:2 16:1 17:17 17:17 17:18 19:2 19:8 21:22 21:23 24:4 25:24 27:10 29:19 | | light(1) 27:4 | | mini-trial(1) 17:22 | |
| | | | | like(9) 6:9 9:14 12:18 20:12 20:14 22:9 23:22 28:17 29:19 | | minsky(1) 4:30 | |
| haven't(3) 16:22 18:20 18:21 | | | | | | moment(1) 20:14 | |
| having(5) 8:15 8:15 8:16 16:9 16:10 | | introduce(1) 6:13 | | | | money(2) 24:6 24:7 | |
| he's(5) 13:23 13:24 14:6 14:10 14:12 | | intrusive(1) 16:1 16:4 | | limitations(1) 14:25 | | monitor(7) 2:38 3:4 8:14 10:18 10:19 10:22 15:3 15:3 15:20 15:25 30:21 | |
| hear(6) 10:18 10:19 15:15 30:18 30:25 31:17 | | involvement(2) 11:1 15:20 | | limited(13) 7:1 11:18 15:1 15:3 15:23 15:25 24:20 26:4 26:4 29:5 29:19 31:3 31:10 | | | |
| | | involves(1) 19:25 | | | | monitor's(1) 14:6 | |
| | | irrespective(1) 24:4 | | | | monitors(1) 16:9 | |
| heard(2) 6:8 23:19 | | isn't(2) 21:13 28:20 | | lion(1) 4:42 | | monitor's(2) 15:20 28:2 | |
| hearing(14) 7:2 9:9 11:1 13:13 15:17 15:19 18:25 22:7 24:2 24:12 26:7 29:5 30:6 31:24 | | issue(5) 7:10 7:11 19:25 22:2 28:16 | | lisa(1) 1:32 | | monthly(1) 17:8 | |
| | | issues(9) 11:5 12:14 16:20 19:2 23:3 23:7 23:11 29:3 31:15 | | listen(2) 18:7 31:12 | | months(1) 17:8 | |
| | | | | little(3) 9:20 26:13 31:9 | | more(4) 20:9 26:13 27:16 30:9 | |
| helpful(1) 6:22 | | | | live(1) 18:24 | | morning(4) 6:2 6:11 6:17 6:19 | |
| herbert(1) 3:31 | | it's(21) 6:8 6:10 7:11 7:11 8:24 9:12 9:19 9:20 11:9 11:12 12:10 12:10 12:11 12:15 13:7 16:17 16:23 18:2 18:19 19:14 19:23 | | living(1) 30:2 | | morris(1) 1:25  3:39 | |
| here(11) 6:4 6:17 6:22 7:21 9:13 10:18 21:10 22:10 23:13 25:5 28:20 | | | | llc(1) 1:38 | | motion(6) 6:9 7:8 8:17 11:8 23:4 23:8 30:23 | |
| | | | | llp(14) 1:25 2:26 2:30 2:34 2:38 3:4 3:27 3:39 3:43 3:47 4:16 4:25 4:30 10:21 | | | |
| he's(6) 21:14 26:6 26:6 26:24 27:8 30:4 | | its(3) 11:12 12:20 18:16 | | | | | |
| him(7) 9:8 18:8 22:4 23:16 23:17 23:18 24:12 | | itself(1) 14:14 | | | | movant(1) 22:11 | |
| | | it's(13) 20:22 21:4 21:6 21:13 22:12 23:10 23:13 26:13 28:8 29:16 31:2 31:4 31:10 | | long(1) 31:3 | | much(1) 13:6 | |
| | | | | look(3) 14:8 21:16 25:1 | | muchin(1) 3:43 | |
| his(36) 6:14 7:24 7:24 8:9 8:12 8:20 8:22 9:4 13:3 13:17 13:18 13:20 13:21 13:24 13:25 14:1 14:8 14:9 16:12 16:22 18:6 18:7 20:25 21:6 21:25 22:6 24:15 24:16 26:1 26:1 26:12 26:16 27:10 27:23 28:4 31:4 | | i'd(1) 23:10 | | looking(2) 27:8 29:16 | | murphy(1) 3:9 | |
| | | i'll(3) 21:17 23:23 25:5 | | looks(1) 27:1 | | murray(1) 23:15 | |
| | | i'm(7) 21:17 24:12 31:5 | | loosened(1) 9:20 | | must(1) 30:9 | |
| | | i've(2) 23:9 23:19 | | lot(4) 14:17 20:9 23:8 28:17 | | myriad(1) 27:10 | |
| | | jacob(2) 2:41 10:20 22:2 | | lots(1) 13:16 | | | |
| hoc(1) 4:5 | | jaime(1) 3:24 | | love(1) 23:10 | | name(2) 11:22 12:2 | |
| hodara(1) 3:15 | | james(1) 3:39 | | lovells(1) 2:26 | | nature(3) 12:11 16:14 29:21 | |
| hogan(1) 2:26 | | jeff(1) 6:17 | | lowenthal(2) 2:13 6:5 | | necessary(1) 30:19 | |
| hold(1) 14:17 | | jeffrey(1) 1:31 | | macquarie(1) 5:4 | | need(12) 8:22 9:3 9:3 9:6 16:12 18:12 21:15 22:19 24:21 30:6 30:24 31:17 | |
| honor(66) 6:1 6:6 6:11 6:17 7:3 7:13 9:24 10:3 10:20 10:23 11:3 11:5 11:7 11:15 11:16 11:17 11:24 12:2 12:17 12:23 13:7 13:21 13:22 14:3 14:23 14:25 15:1 15:2 15:23 15:24 17:16 18:1 18:5 18:7 18:9 18:22 19:5 19:15 19:20 20:4 20:8 21:18 22:2 22:4 22:8 23:7 24:1 25:5 25:18 25:20 26:3 26:14 27:1 27:2 27:5 27:11 28:6 28:12 28:22 29:4 29:13 29:16 29:20 31:1 31:11 31:13 31:19 | | job(2) 19:14 19:15 | | made(8) 8:16 9:16 14:19 15:9 25:6 25:14 26:24 30:2 | | | |
| | | john(2) 3:32 12:6 | | | | needed(4) 11:25 16:4 16:19 17:11 | |
| | | joinders(1) 15:8 | | | | needs(1) 21:24 | |
| | | joined(1) 15:7 | | majority(1) 14:7 | | negotiating(1) 12:9 | |
| | | joint(1) 3:22 | | make(7) 6:25 11:24 25:16 26:15 28:5 29:22 30:18 | | negotiation(5) 12:12 15:21 15:22 17:5 19:7 | |
| | | jointly(1) 1:6 | | | | negotiations(3) 11:11 12:11 28:17 | |
| | | jones(2) 4:6 4:46 | | | | neil(1) 3:28 | |
| honor's(4) 13:11 14:20 19:15 20:5 | | joseph(2) 2:39 3:5 | | makes(1) 8:8 | | net(1) 7:18 | |
| honorable(1) 1:19 | | josh(1) 4:39 | | making(2) 17:17 26:8 | | networks(2) 1:8 2:21 | |
| hope(2) 20:15 25:2 | | judge(4) 1:19 1:20 6:2 21:19 | | management(2) 5:13 5:17 | | never(2) 31:6 31:7 | |
| how(2) 13:19 25:11 | | just(10) 6:12 6:16 8:4 10:2 21:14 21:21 24:23 26:6 26:17 27:17 | | many(3) 8:20 17:8 24:18 | | new(4) 2:9 2:15 4:20 9:8 | |
| hubbard(1) 3:27 | | | | mark(4) 4:31 13:10 | | next(1) 9:9 | |
| hughes(1) 3:27 | | | | market(1) 1:11 | | nice(1) 31:22 | |
| i'd(3) 6:14 20:12 20:13 | | justin(2) 2:23 4:43 | | martin(1) 19:9 | | nichols(1) 1:25 | |
| i'm(3) 6:16 16:16 20:14 | | kashishian(1) 3:48 | | mary(1) 2:45 | | nnc(3) 21:5 21:7 21:13 | |
| | | kathleen(1) 3:9 | | massive(1) 17:17 | | nni(4) 7:18 8:2 8:3 8:3 | |
| | | katten(1) 3:43 | | material(1) 13:25 | | nnl(5) 21:3 21:5 21:9 21:13 21:14 | |
| impact(2) 7:25 29:17 | | katz(1) 12:7 | | materials(1) 18:15 | | non-party(1) 5:17 | |
| important(3) 11:5 12:14 31:15 | | keane(1) 4:7 | | mathematical(1) 27:17 | | nortel(3) 2:21 4:20 4:30 | |
| improper(1) 29:23 | | ken(1) 10:21 | | matter(7) 9:1 19:23 21:12 26:25 27:8 31:15 32:4 | | not(52) 7:11 7:21 9:1 9:7 9:25 10:25 12:21 13:5 13:21 13:22 13:23 14:6 14:21 15:18 15:19 15:21 16:1 16:10 16:16 16:17 16:23 17:7 18:8 18:9 18:10 18:23 18:23 19:18 19:18 20:14 21:8 22:12 22:17 22:20 22:23 23:13 23:16 24:5 24:7 24:13 24:17 26:4 26:11 26:16 27:3 27:6 28:8 28:25 29:4 29:14 29:16 30:10 | |
| inadmissible(1) 8:24 | | kenneth(1) 2:40 | | | | | |
| inc(3) 1:8 5:4 5:8 | | kent(1) 5:9 | | | | | |
| include(1) 29:12 | | kevin(1) 3:12 | | matters(2) 29:13 29:14 | | | |
| includes(1) 26:16 | | key(1) 7:5 | | matz(1) 4:12 | | | |
| including(1) 11:10 | | kind(5) 9:12 16:2 20:13 21:15 23:2 | | maximum(1) 7:18 | | | |
| indeed(1) 26:10 | | know(24) 6:3 6:8 6:14 7:12 8:21 9:6 9:15 9:16 9:19 20:14 21:10 21:14 21:16 21:18 21:19 22:9 22:17 23:10 23:11 23:20 30:4 30:17 30:17 31:9 | | may(2) 20:8 20:13 | | | |
| indicated(2) 16:8 23:24 | | | | maybe(1) 16:15 | | | |
| indiscernible(2) 11:3 12:8 | | | | mccarthy(1) 1:36 | | | |
| ine(3) 1:8 5:4 5:8 | | | | mccloy(1) 4:10 | | notes(2) 9:15 12:17 | |
| information(14) 13:19 14:4 14:7 14:10 14:14 14:14 14:15 18:17 25:10 28:18 29:17 30:10 30:11 | | koskie(1) 4:30 | | mcdonald(10) 10:15 14:21 15:18 16:3 16:19 18:13 19:17 23:15 23:25 24:11 | | nothing(6) 12:21 16:9 16:10 19:3 23:4 | |
| | | large(1) 17:13 | | | | notion(1) 16:12 | |
| | | last(2) 10:2 24:1 | | mcdonald's(2) 10:12 16:8 | | | |
| | | laughter(2) 6:7 6:15 | | mean(4) 17:21 25:13 27:5 31:9 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| now(15) 6:14 7:11 9:14 13:5 13:11 16:15 16:17 16:25 18:12 19:1 19:17 21:24 23:1 30:2 31:5 | | pension(3) 2:22 15:9 29:11 | | punch(1) 6:13 | | responding(1) 22:8 | |
| | | pensions(1) 17:20 | | purpose(4) 19:2 19:6 19:6 29:20 | | response(6) 17:11 18:18 18:19 20:7 23:12 23:20 | |
| number(10) 6:3 7:9 8:7 8:8 8:12 21:12 26:15 27:6 27:22 27:23 | | people(2) 6:3 12:8 | | put(21) 8:4 8:15 8:15 12:19 12:22 13:1 13:2 13:3 13:8 15:18 18:5 19:9 19:21 22:3 22:21 22:24 22:25 24:13 25:24 28:12 28:12 | | result(1) 11:11 | |
| | | perfectly(1) 26:7 | | | | richard(1) 3:18 | |
| | | performing(1) 27:16 | | | | riela(1) 4:22 | |
| numbers(9) 13:17 18:4 23:14 23:18 24:12 26:17 26:19 27:9 27:19 | | perhaps(2) 8:22 30:16 | | putting(4) 7:22 8:4 13:1 13:5 | | right(11) 7:4 7:6 9:6 10:6 16:25 20:7 20:24 21:10 30:8 31:12 31:20 | |
| | | permit(1) 30:19 | | question(15) 6:20 7:4 10:24 14:21 14:22 15:13 16:21 17:6 17:6 21:18 22:3 22:11 26:6 28:7 28:15 | | | |
| objecting(1) 15:4 | | persons(1) 7:1 | | | | risk(4) 8:20 10:18 12:18 13:5 | |
| objection(5) 7:10 7:23 30:5 | | persuaded(1) 13:22 | | | | risks(2) 27:14 29:8 | |
| objections(3) 8:15 15:7 22:15 | | persuasive(1) 13:21 | | questions(3) 13:17 13:19 17:3 | | rolling(1) 8:17 | |
| obviously(4) 7:3 15:18 28:6 28:24 | | peter(1) 4:7 | | quite(1) 10:17 | | rooney(2) 2:44 3:8 | |
| occasions(3) 11:7 16:7 23:24 | | phone(1) 6:4 | | qureshi(2) 2:6 6:5 | | rosenman(1) 3:43 | |
| october(9) 1:14 6:1 9:5 10:5 10:11 10:14 10:14 30:19 32:7 | | picking(1) 10:11 | | radical(1) 7:21 | | rosenthal(32) 1:31 6:11 6:13 6:16 6:17 6:19 6:21 7:3 7:7 7:17 9:23 10:5 10:17 12:17 20:8 20:13 20:17 20:19 20:22 20:25 21:2 22:1 22:8 25:1 25:4 27:11 27:25 28:6 29:25 30:1 31:1 31:9 31:13 | |
| | | piece(2) 14:5 24:14 | | | | | |
| off(2) 27:9 27:24 | | piper(1) 4:16 | | raised(2) 11:3 28:16 | | | |
| officer(1) 12:7 | | place(2) 13:15 21:8 | | range(2) 17:24 18:3 | | | |
| official(2) 2:4 3:12 | | placed(1) 14:25 | | ray(1) 23:5 | | | |
| okay(2) 21:20 24:21 | | plus(1) 29:1 | | reach(1) 30:25 | | | |
| old(2) 9:17 9:20 | | | | read(4) 7:16 7:23 9:16 23:9 | | rule(1) 9:20 | |
| once(1) 22:21 | | point(11) 7:5 8:25 10:2 10:17 11:23 24:25 25:6 25:11 26:5 26:11 31:10 | | ready(1) 17:12 | | rules(1) 26:2 | |
| one(17) 2:7 9:15 10:2 13:24 13:25 14:23 16:4 16:21 18:14 20:12 20:13 20:19 21:15 22:14 27:10 30:16 31:1 | | | | real(1) 20:8 | | rules(1) 26:2 | |
| | | points(1) 14:23 | | really(1) 19:10 | | safe(1) 26:23 | |
| | | poll(1) 13:14 | | reasonable(5) 11:12 12:13 19:8 20:6 27:4 | | said(21) 7:17 11:7 11:24 12:17 14:23 15:1 15:2 15:15 15:24 17:7 18:2 21:20 22:9 23:3 23:23 24:3 24:9 24:10 26:15 27:11 31:12 | |
| ones(1) 23:13 | | pool(1) 17:20 | | reasonableness(2) 20:1 27:1 | | | |
| ongoing(1) 17:3 18:16 | | portions(1) 28:19 | | reasons(1) 16:4 | | | |
| only(5) 9:13 23:19 23:23 25:4 30:15 | | position(4) 9:11 15:11 15:12 15:21 | | rebut(1) 18:21 | | same(6) 15:11 18:18 28:24 29:2 | |
| open(1) 29:4 | | possible(1) 17:24 | | recess(1) 31:21 | | samis(1) 3:19 | |
| opening(3) 10:23 14:12 18:11 | | post-petition(1) 24:9 | | recognize(1) 30:12 | | say(19) 9:24 10:7 12:20 14:4 16:15 16:16 17:25 18:13 20:16 21:18 22:23 23:20 26:14 26:22 26:23 27:5 28:8 30:9 31:5 | |
| opens(3) 29:1 29:3 29:18 | | ppearances(2) 1:23 2:1 | | recognized(2) 12:23 13:7 | | | |
| operating(3) 14:11 17:7 17:8 | | pre-textual(1) 23:25 | | recommending(1) 18:11 | | | |
| opinion(1) 13:4 | | prejudice(1) 30:23 | | record(10) 25:17 25:24 27:13 28:19 30:4 30:14 30:14 31:2 31:3 31:5 | | | |
| opinions(1) 9:4 | | premature(1) 16:16 | | | | saying(5) 16:16 16:18 21:8 25:7 25:17 | |
| opposition(4) 8:16 16:10 16:11 19:21 | | prepared(1) 30:18 | | recorded(1) 1:44 | | says(7) 7:11 21:2 21:3 23:10 23:14 24:13 27:25 | |
| order(7) 6:23 10:6 10:24 11:24 12:2 15:14 15:15 | | presentation(1) 23:5 | | recording(2) 1:44 32:3 | | | |
| | | presented(2) 7:8 25:7 | | recoveries(2) 7:23 7:25 | | | |
| ordered(3) 10:8 10:13 23:17 | | presenting(1) 25:11 | | reed(1) 3:27 | | scenario(2) 7:19 25:12 | |
| other(11) 14:23 15:6 21:3 23:15 24:14 24:15 24:16 25:4 27:17 30:7 30:12 | | pretty(2) 7:21 30:5 | | refer(1) 19:11 | | schedule(3) 6:24 9:5 26:1 | |
| | | price(1) 4:21 | | refined(1) 26:13 | | schedules(1) 10:9 | |
| | | primary(1) 14:5 | | regard(1) 31:2 | | school(1) 9:18 | |
| others(1) 27:10 | | principle(1) 12:7 | | regarding(1) 8:12 | | schuylkill(1) 1:39 | |
| otherwise(3) 9:23 22:15 24:16 | | prior(1) 11:23 | | register(1) 21:13 | | schweitzer(1) 1:32 | |
| our(19) 9:9 11:11 12:20 13:12 16:11 18:23 19:1 19:14 20:20 20:22 22:12 22:22 22:24 23:4 25:6 25:19 25:22 27:13 | | probably(1) 30:5 | | reject(1) 28:6 | | scope(2) 15:14 15:15 | |
| | | proceed(1) 9:14 | | related(1) 17:22 | | sealing(1) 28:18 | |
| | | proceeding(2) 8:16 29:21 | | relating(1) 12:10 | | second(2) 14:24 16:25 | |
| | | proceedings(3) 1:18 1:44 32:4 | | relevant(1) 20:4 | | see(4) 11:25 27:25 28:1 29:3 | |
| out(9) 8:25 14:2 14:18 19:15 21:11 26:17 26:24 27:7 30:25 | | process(6) 11:17 11:19 11:19 13:11 14:24 17:4 | | reliance(1) 20:18 | | seem(2) 8:21 10:1 | |
| | | | | relied(3) 14:18 20:17 31:6 | | seems(1) 20:10 | |
| | | produce(4) 11:22 12:3 17:12 17:12 | | relies(9) 9:22 9:25 13:3 13:25 14:4 | | seen(1) 17:7 | |
| outstanding(1) 17:1 | | produced(2) 1:45 15:18 | | rely(4) 12:4 18:4 26:11 27:13 | | self(1) 24:17 | |
| over(1) 22:21 | | proponent(1) 22:10 | | relying(6) 14:6 14:10 14:12 30:4 30:13 | | self-authenticating(1) 25:25 | |
| overeager(1) 6:17 | | proponents(11) 11:8 11:9 11:21 12:5 12:16 13:1 13:8 19:7 27:3 28:7 29:22 | | remains(1) 29:22 | | selinda(1) 4:17 | |
| overly(2) 16:1 16:3 | | | | remember(1) 19:5 | | sense(1) 27:22 | |
| overwhelming(1) 14:7 | | proposed(9) 11:2 12:9 12:10 13:9 14:13 14:17 20:2 20:5 29:15 | | reorg(1) 5:8 | | sensitive(6) 17:4 17:5 18:15 25:8 28:17 29:13 | |
| overy(2) 2:38 10:21 | | | | report(7) 7:13 7:16 7:24 8:15 8:23 14:1 14:5 14:6 14:9 17:19 20:25 21:7 21:13 21:23 21:25 22:14 23:12 23:19 24:15 24:17 24:23 25:3 25:22 26:2 26:12 26:16 26:17 26:20 27:7 27:11 27:25 28:2 30:3 30:22 31:4 31:7 31:7 | | sensitivity(3) 26:18 27:7 28:16 | |
| oxford(1) 3:28 | | protect(1) 29:16 | | | | separate(3) 11:7 16:6 23:24 | |
| o'connor(1) 2:35 | | protection(1) 29:17 | | | | september(2) 6:24 10:5 | |
| pachulski(1) 4:6 | | protects(1) 29:7 | | | | series(2) 11:10 15:6 | |
| page(1) 20:25 | | prove(1) 22:12 | | | | service(1) 1:38 1:45 | |
| papers(1) 9:16 | | provide(4) 13:12 17:13 17:13 22:6 | | reported(2) 26:21 26:22 | | services(1) 1:38 | |
| paragraph(1) 10:7 | | provides(1) 10:25 | | reports(5) 14:11 16:9 17:7 17:8 28:3 | | set(2) 9:11 10:9 | |
| park(1) 2:7 | | pti(1) 7:19 | | representation(1) 26:9 | | setting(1) 19:15 | |
| part(2) 11:14 14:24 | | public(16) 13:3 14:10 14:19 18:20 18:20 25:24 26:17 27:25 28:9 28:10 30:10 30:14 30:14 31:2 31:3 31:5 | | representative(1) 7:9 | | settled(1) 21:3 | |
| particular(1) 20:16 | | | | requested(1) 19:16 | | settlement(15) 7:2 7:19 11:2 11:9 11:11 11:22 12:9 12:11 13:9 13:9 14:13 20:2 20:6 27:2 27:4 | |
| parties(6) 7:9 10:10 11:6 15:4 15:7 29:8 | | | | requests(2) 13:13 15:9 | | | |
| partners(1) 4:42 | | | | required(2) 12:2 12:15 13:11 17:9 | | | |
| party(7) 4:34 4:38 4:42 4:46 5:4 5:8 5:13 | | publication(1) 30:11 | | research(2) 5:8 31:5 | | several(2) 16:4 16:20 | |
| pasquariello(1) 3:5 | | publicly(1) 13:2 | | residual(1) 8:2 | | shall(1) 10:8 | |
| patterson(2) 2:12 3:35 | | published(3) 26:20 27:7 28:3 | | resolved(1) 29:11 | | share(1) 25:2 | |
| pay(1) 24:9 | | pulling(1) 28:11 | | respect(7) 11:19 15:1 15:3 15:24 29:3 29:8 29:10 | | | |
| pbgc(3) 17:19 23:15 23:21 | | pultman(28) 2:41 10:20 10:21 14:3 16:18 19:22 20:1 20:10 21:20 22:1 22:2 23:3 23:10 23:20 24:12 25:1 25:6 25:14 25:17 25:18 26:13 27:21 28:21 28:22 30:2 31:11 31:18 31:22 | | | | | |
| pbgc's(1) 14:16 | | | | respond(7) 12:23 16:13 18:22 20:8 20:13 21:17 23:23 | | | |
| peg(1) 4:47 | | | | | | | |
| pennsylvania(1) 1:40 | | pultman's(2) 21:17 22:9 | | responded(1) 13:14 | | | |

| Word | Page:Line |
|------|-----------|
| **should**(17) 6:23 14:21 15:2 15:13 15:16 15:17 15:25 15:25 18:5 18:18 18:23 19:16 19:18 19:18 26:4 26:4 26:5 29:5 | |
| **shouldn't**(1) 18:25 | |
| **show**(6) 11:9 19:7 19:7 23:10 24:13 27:24 | |
| **showing**(1) 27:4 | |
| **shows**(1) 28:2 | |
| **side**(2) 23:10 24:13 | |
| **sideshow**(1) 19:18 | |
| **signed**(1) 10:6 | |
| **simply**(1) 29:16 | |
| **single**(2) 8:4 24:14 | |
| **sir**(1) 21:1 | |
| **situation**(1) 21:21 | |
| **slight**(1) 31:2 | |
| **slippery**(1) 29:1 | |
| **slope**(1) 29:2 | |
| **smith**(1) 3:31 | |
| **solely**(2) 17:22 22:25 | |
| **some**(7) 18:5 21:15 21:24 22:10 24:17 28:23 30:18 | |
| **somebody**(1) 24:19 | |
| **somehow**(1) 16:12 | |
| **someone**(1) 10:25 | |
| **something**(1) 28:20 | |
| **somewhat**(1) 9:17 | |
| **sorry**(1) 6:16 | |
| **sought**(1) 29:4 | |
| **sound**(3) 1:44 19:13 32:3 | |
| **source**(1) 14:10 | |
| **southpaw**(1) 5:13 | |
| **speak**(1) 15:21 | |
| **speaking**(1) 28:10 | |
| **specific**(1) 11:16 | |
| **specifically**(2) 15:2 21:5 | |
| **spite**(1) 30:22 | |
| **spoke**(6) 11:5 11:15 11:16 11:17 15:23 | |
| **stakeholders**(1) 19:12 | |
| **stand**(2) 11:6 31:21 | |
| **standards**(1) 13:10 | |
| **standby**(1) 12:20 | |
| **stang**(1) 4:6 | |
| **stargatt**(1) 3:22 | |
| **start**(1) 7:4 | |
| **state**(1) 12:19 | |
| **statement**(2) 21:8 23:2 | |
| **statements**(2) 14:12 14:13 | |
| **states**(2) 1:1 1:20 | |
| **steen**(1) 1:30 | |
| **stephen**(1) 3:40 | |
| **still**(4) 9:21 16:25 29:8 29:10 | |
| **stone**(1) 4:42 | |
| **stood**(1) 18:1 | |
| **strategy**(2) 7:21 9:12 | |
| **strauss**(2) 2:5 3:13 | |
| **street**(2) 1:11 1:39 | |
| **subject**(1) 25:8 | |
| **such**(2) 20:18 24:14 | |
| **sudden**(1) 9:6 | |
| **sufficiently**(1) 28:8 | |
| **suggested**(1) 26:6 | |
| **supplemental**(1) 13:13 | |
| **support**(4) 9:4 18:6 21:24 26:12 | |
| **supportable**(1) 18:9 | |
| **supported**(3) 16:23 16:24 28:8 | |
| **suppose**(1) 30:16 | |
| **supposed**(1) 8:12 | |
| **sure**(4) 6:21 8:10 20:19 25:16 | |
| **surplus**(4) 20:3 24:8 26:24 28:13 | |
| **surprise**(1) 24:1 | |
| **susan**(1) 5:5 | |
| **suspect**(1) 8:25 | |
| **swiftly**(1) 30:6 | |
| **switch**(1) 25:18 | |
| **switch-a-roo**(2) 24:24 27:12 | |
| **table**(1) 20:25 | |

| Word | Page:Line |
|------|-----------|
| **take**(12) 10:13 14:3 15:10 15:12 17:21 18:4 18:13 21:22 21:23 22:14 26:20 26:21 | |
| **taken**(1) 9:2 | |
| **takes**(1) 7:4 | |
| **taking**(7) 8:21 10:18 12:18 13:5 13:15 19:8 28:9 | |
| **talk**(4) 23:15 23:16 23:18 23:20 | |
| **talking**(2) 27:19 27:20 | |
| **task**(1) 19:19 | |
| **taught**(1) 9:18 | |
| **tax**(6) 14:14 14:15 17:21 17:21 23:16 | |
| **taylor**(1) 3:23 | |
| **telephone**(1) 6:3 | |
| **telephonic**(4) 2:18 3:1 4:2 5:1 | |
| **telephonically**(1) 11:4 | |
| **tell**(6) 6:22 17:25 18:1 20:16 23:6 26:18 | |
| **ten**(1) 14:11 | |
| **tens**(1) 18:13 | |
| **terms**(3) 11:12 12:13 19:8 | |
| **test**(2) 10:1 22:22 | |
| **testify**(4) 7:1 9:19 16:7 25:23 | |
| **testifying**(1) 22:18 | |
| **testimony**(6) 12:22 12:24 14:1 14:8 23:5 30:22 | |
| **than**(8) 19:24 20:10 24:14 24:16 27:17 27:20 30:9 30:17 | |
| **thank**(6) 10:20 31:1 31:11 31:13 31:18 31:20 | |
| **that**(203) 6:25 7:10 7:13 7:18 8:2 8:10 8:11 8:19 8:20 9:1 9:5 9:7 9:11 9:11 9:14 9:18 9:20 9:21 9:24 9:25 10:6 10:13 10:17 10:24 11:3 11:7 11:11 11:12 11:12 11:14 11:23 11:23 12:2 12:10 12:10 12:14 12:18 12:23 12:24 12:24 12:25 13:1 13:6 13:9 13:9 13:12 13:19 13:21 14:4 14:17 14:18 14:18 14:19 14:23 15:9 15:11 15:11 15:15 15:17 15:23 16:2 16:5 16:6 16:6 16:8 16:12 16:16 16:17 16:19 16:21 16:21 17:9 17:11 17:12 17:16 17:18 17:22 17:24 18:3 18:4 18:6 18:8 18:16 18:16 18:17 18:19 18:20 18:21 19:2 19:3 19:9 19:11 19:17 19:23 19:25 20:4 20:16 20:19 21:6 21:7 21:8 21:12 21:22 21:24 22:2 22:3 22:4 22:6 22:16 22:21 22:24 22:25 24:1 24:3 24:5 24:4 24:9 24:10 24:19 24:21 24:25 24:25 25:8 25:12 25:15 25:16 25:17 25:20 25:20 25:21 25:22 25:24 25:25 26:1 26:1 26:3 26:10 26:11 26:14 26:15 26:15 26:16 26:18 26:19 26:24 26:25 27:3 27:4 27:4 27:5 27:8 27:9 27:10 27:14 27:15 27:19 27:22 27:24 28:3 28:6 28:7 28:8 28:11 28:12 28:13 28:20 28:20 28:22 28:22 28:23 29:1 29:6 29:7 29:7 29:14 29:15 29:16 29:18 29:20 29:20 29:22 29:23 30:2 30:4 30:13 30:14 30:16 30:16 30:20 30:21 31:10 31:17 31:18 32:2 | |
| **that's**(7) 6:12 7:3 8:14 8:20 10:14 10:15 18:3 | |
| **that's**(11) 21:14 21:16 22:17 22:24 23:2 24:10 25:16 28:21 30:4 30:7 31:8 | |
| **thau**(1) 5:14 | |

| Word | Page:Line |
|------|-----------|
| **the**(301) 1:1 1:2 1:19 2:14 6:2 6:3 6:4 6:4 6:8 6:9 6:13 6:14 6:18 6:19 6:22 6:23 7:2 7:6 7:7 7:9 7:10 7:13 7:15 7:18 7:19 7:20 7:22 7:24 7:25 8:1 8:1 8:7 8:12 8:14 8:14 8:17 8:17 8:18 8:18 8:20 9:2 9:9 9:11 9:12 9:15 9:15 9:16 9:16 9:18 9:21 10:3 10:4 10:5 10:6 10:8 10:9 10:9 10:10 10:12 10:13 10:16 10:17 10:19 10:22 10:23 11:1 11:2 11:3 11:6 11:7 11:8 11:9 11:9 11:11 11:12 11:13 11:14 11:14 11:16 11:19 11:19 11:20 11:20 11:21 11:21 11:21 11:22 12:1 12:2 12:3 12:6 12:7 12:8 12:9 12:10 12:11 12:11 12:13 12:13 12:14 12:14 12:15 12:15 12:16 12:19 12:25 13:1 13:1 13:3 13:3 13:7 13:8 13:8 13:8 13:10 13:12 13:13 13:14 13:15 13:17 13:17 13:19 13:23 14:3 14:4 14:5 14:5 14:6 14:7 14:8 14:10 14:13 14:14 14:14 14:16 14:16 14:16 14:18 14:19 14:20 14:22 14:23 14:24 14:24 14:25 15:3 15:3 15:4 15:4 15:5 15:8 15:8 15:9 15:10 15:11 15:12 15:13 15:14 15:14 15:15 15:15 15:15 15:16 15:17 15:19 15:19 15:19 15:20 15:20 15:22 15:22 15:23 15:24 16:3 16:6 16:10 16:11 16:12 16:13 16:14 16:15 16:16 17:6 17:7 17:7 17:9 17:9 17:10 17:11 17:13 17:16 17:17 17:18 17:18 17:19 17:20 17:20 17:21 17:21 17:21 17:24 17:24 17:25 18:1 18:3 18:3 18:8 18:9 18:12 18:13 18:14 18:15 18:18 18:18 18:18 18:19 18:20 18:21 18:25 18:25 19:1 19:3 19:5 19:6 19:6 19:6 19:7 19:7 19:8 19:9 19:10 19:10 19:11 19:11 19:12 19:13 19:14 19:14 19:15 19:16 19:16 19:16 19:18 19:19 19:19 19:22 19:24 19:24 20:1 20:2 20:2 20:3 20:5 20:7 20:14 20:14 20:19 20:21 20:24 21:1 21:2 21:7 21:8 21:11 21:12 21:17 22:1 22:6 22:10 22:10 22:11 22:11 22:19 22:20 22:25 23:1 23:3 23:4 23:4 23:5 23:6 23:7 23:8 23:11 23:13 23:15 23:16 23:18 23:21 23:21 23:23 24:2 | |
| **the**(126) 24:4 24:4 24:6 24:6 24:7 24:11 24:22 24:25 25:2 25:4 25:5 25:7 25:7 25:9 25:12 25:13 25:14 25:16 25:17 25:20 25:23 25:24 25:24 25:25 26:2 26:3 26:6 26:7 26:8 26:9 26:10 26:17 26:17 26:17 26:23 26:24 27:1 27:1 27:3 27:4 27:5 27:6 27:6 27:7 27:7 27:9 27:13 27:16 27:18 27:21 27:22 27:23 27:24 27:25 28:1 28:1 28:2 28:4 28:5 28:7 28:7 28:9 28:10 28:11 28:12 28:13 28:13 28:15 28:16 28:16 28:16 28:17 28:19 28:24 28:25 29:1 29:2 29:2 29:12 29:15 29:17 29:17 29:19 29:18 29:19 29:19 29:20 30:7 30:8 30:10 30:12 30:14 30:14 30:15 30:20 30:20 30:21 30:23 31:1 31:5 31:8 31:12 31:14 31:16 31:16 31:17 31:20 31:24 32:2 32:3 32:3 32:4 | |
| **their**(30) 7:22 8:6 8:15 8:16 8:17 9:12 11:22 11:25 12:2 12:6 12:21 15:10 18:21 18:22 19:3 19:21 22:13 22:15 22:16 22:17 22:19 23:9 23:9 23:14 24:3 24:5 25:13 27:2 27:3 29:3 | |
| **them**(9) 7:14 9:5 10:1 15:9 18:5 18:5 19:6 24:18 25:21 | |
| **then**(17) 8:21 11:17 13:11 13:21 14:22 15:13 19:1 20:15 22:17 23:11 24:21 25:5 26:21 26:23 26:25 28:3 28:7 | |

| Word | Page:Line |
|------|-----------|
| **there**(23) 11:5 14:11 14:12 14:13 14:14 14:15 14:17 15:16 15:18 16:20 17:22 20:17 22:9 22:19 25:16 26:15 27:11 27:14 28:19 29:5 29:8 29:8 31:16 | |
| **there's**(1) 20:9 | |
| **therefore**(5) 7:12 8:1 9:10 12:21 23:9 | |
| **there's**(3) 23:11 23:12 30:15 | |
| **these**(5) 9:11 12:8 21:22 23:14 29:9 29:13 | |
| **they**(58) 7:13 7:21 7:25 8:2 8:4 8:5 8:21 9:3 9:3 9:6 11:23 12:1 12:2 12:3 12:6 12:20 12:21 13:18 13:20 15:10 15:12 15:13 16:4 16:5 16:8 16:8 16:12 16:15 16:16 16:21 17:25 18:1 18:3 18:11 18:23 18:25 19:14 19:15 19:21 21:16 21:18 22:3 22:13 22:15 22:23 23:12 23:13 24:3 24:9 24:13 24:19 25:9 25:21 26:7 27:21 27:22 29:11 29:12 | |
| **they're**(6) 8:17 8:21 9:7 16:18 17:2 18:16 | |
| **they've**(2) 9:7 19:17 | |
| **they're**(6) 21:15 22:25 24:18 24:20 25:8 25:8 | |
| **they've**(3) 22:21 22:24 24:1 | |
| **thing**(4) 20:12 20:13 23:23 25:4 | |
| **things**(3) 9:1 21:22 29:19 | |
| **think**(19) 6:25 8:22 9:20 9:24 14:1 20:9 21:20 22:15 23:7 25:6 25:14 26:13 29:6 29:7 29:7 29:23 30:1 30:1 30:6 | |
| **this**(33) 7:8 8:10 8:15 8:18 8:21 9:14 9:17 9:24 10:24 13:9 13:19 16:2 17:15 18:12 18:15 19:22 21:18 22:24 23:25 24:3 24:13 25:10 26:5 26:9 26:10 26:22 28:18 29:2 29:6 29:21 29:23 31:14 | |
| **thomas**(1) 4:12 | |
| **thornton**(1) 2:30 | |
| **those**(22) 12:4 12:14 13:18 17:1 18:4 19:13 19:25 24:17 24:18 25:2 26:12 26:18 27:9 27:18 28:3 28:5 28:10 28:19 28:25 29:10 29:10 29:11 | |
| **though**(1) 7:22 | |
| **thought**(1) 26:14 | |
| **threatens**(1) 17:15 | |
| **three**(3) 11:5 16:6 23:24 | |
| **three-week**(1) 11:6 | |
| **through**(7) 7:16 8:6 13:1 13:2 14:9 23:1 24:15 | |
| **throughout**(1) 23:19 | |
| **tight**(1) 9:4 | |
| **time**(5) 9:4 11:24 16:11 17:10 26:10 | |
| **timing**(2) 16:13 16:25 | |
| **tip**(1) 20:15 | |
| **today**(7) 9:10 18:24 24:12 24:24 25:13 25:15 30:17 | |
| **together**(1) 28:12 | |
| **tomorrow**(11) 8:9 8:16 8:25 10:14 13:15 21:10 21:21 22:3 26:7 30:17 30:24 | |
| **touch**(1) 24:4 | |
| **tower**(1) 2:8 | |
| **transcriber**(1) 32:8 | |
| **transcript**(3) 1:18 1:45 32:3 | |
| **transcription**(2) 1:38 1:45 | |
| **transforms**(1) 17:16 | |
| **trial**(2) 17:17 17:18 | |
| **troubling**(1) 17:4 | |
| **trust**(3) 2:22 3:43 15:8 | |
| **try**(2) 6:6 22:4 | |
| **trying**(1) 22:25 | |
| **tuesday**(1) 6:1 | |
| **tunnell**(1) 1:25 | |
| **tweed**(1) 4:10 | |
| **twice**(1) 13:7 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|
| | | | | | |

**two**(9) 6:4  9:10  9:11  11:7  11:15  14:23  18:24  23:6  25:15

**tyler**(2) 2:12  3:35

**u.s.**(24) 6:18  7:7  11:20  12:6  13:16  14:5  14:11  14:13  14:16  14:19  17:7  17:20  17:21  17:25  18:19  22:20  23:15  23:16  23:21  25:24  26:25  28:7  29:2  29:19

**under**(8) 7:11  7:19  7:19  12:2  16:20  17:9  19:9  22:11

**underlying**(1) 18:14
**understand**(5) 10:16  10:23  14:20  27:14  29:15

**understands**(1) 29:14
**unfair**(1) 29:23
**unilaterally**(1) 10:11
**unique**(1) 9:12
**united**(2) 1:1  1:20
**unreasonable**(1) 10:2
**unsecured**(1) 3:13
**unsettled**(2) 25:10  26:10
**upon**(17) 9:19  9:21  10:10  12:3  13:3  13:25  14:4  14:7  14:10  14:11  20:17  20:17  26:11  30:4  30:13  31:5  31:6

**usa**(1) 5:4
**use**(1) 13:13
**used**(1) 15:17
**usual**(1) 30:9
**vague**(1) 31:9
**variation**(1) 30:9
**various**(2) 17:18  19:9
**vedder**(1) 4:21
**verifiable**(1) 9:22
**verse**(1) 14:9
**versus**(1) 19:24
**very**(15) 7:4  11:7  12:4  13:6  15:2  15:25  24:2  24:22  25:6  25:10  25:23  26:4  26:23  29:18  30:2
**view**(2) 8:17  14:4
**views**(1) 15:10
**vigorous**(1) 12:12
**voice**(1) 6:14
**want**(6) 10:1  21:16  21:21  23:15  24:11  28:10

**wanted**(2) 16:5  23:24
**wants**(2) 13:16  26:5
**was**(26) 6:12  6:16  6:24  7:8  9:16  11:15  11:25  12:11  12:12  12:13  15:15  16:10  16:16  16:23  17:9  17:11  19:7  23:2  23:25  24:2  24:5  24:9  25:20  26:15  26:21  31:24

**wasn't**(1) 24:1
**way**(5) 15:2  15:11  17:24  24:2  26:6
**ways**(3) 28:23  29:6  29:16
**we're**(6) 8:8  9:4  9:6  9:10  10:11  12:18
**we've**(1) 13:14
**webb**(2) 2:12  3:35
**week**(2) 9:9  24:2
**weeks**(4) 9:10  18:24  23:6  25:15
**weight**(2) 8:24  24:23
**well**(13) 6:12  9:15  10:16  11:5  15:7  15:13  16:2  16:15  18:12  22:23  25:16  28:20  30:8

**went**(2) 15:9  15:22
**were**(15) 9:23  11:4  12:1  12:1  12:3  12:12  12:14  12:15  15:8  15:9  15:16  15:17  16:22  19:9  26:19

**wertheim**(27) 7:17  7:17  8:11  8:19  10:14  13:15  13:16  16:7  16:13  16:21  17:11  17:19  17:23  19:20  20:17  22:4  22:18  24:16  25:11  26:6  26:11  27:16  27:22  28:2  28:4  28:9  30:13  30:15
**wertheim's**(4) 7:15  8:23  16:5  16:20

**wertheim's**(7) 22:14  23:19  24:23  25:3  26:16  30:3  30:24

**we'll**(3) 22:5  30:5  31:21
**we're**(12) 22:1  22:23  23:13  23:16  23:17  24:5  24:11  24:21  24:22  27:19  27:20  30:3

**we've**(4) 10:15  21:9  28:17  28:18
**what**(56) 7:8  7:20  7:24  8:1  8:10  8:22  9:6  10:24  11:14  11:25  12:1  13:17  13:23  14:6  14:15  14:16  14:16  15:2  15:15  15:22  15:24  16:18  16:22  16:23  17:2  17:15  17:24  17:25  17:25  18:1  18:11  19:5  19:13  19:15  20:2  20:4  21:18  21:19  22:13  22:24  24:19  25:16  26:5  26:14  26:17  26:19  26:21  26:22  27:8  27:13  27:20  27:23  28:4  28:8  29:4  29:5

**whatsoever**(1) 24:23
**what's**(2) 24:16  25:12
**when**(14) 9:16  10:15  11:4  12:17  17:5  17:12  17:13  18:19  21:17  23:3  27:1  27:19  31:6  31:7
**where**(7) 21:11  21:15  21:21  26:24  27:22  28:3  28:19

**whereupon**(1) 31:24
**whether**(5) 7:13  14:21  16:23  17:19  20:5
**which**(25) 6:24  6:24  7:7  7:21  8:21  9:21  10:24  12:3  13:3  13:14  13:25  14:4  14:7  14:9  14:10  14:11  17:10  18:19  19:19  20:17  27:2  28:13  29:2  29:4  29:21

**while**(1) 28:23
**whiteoak**(1) 3:32
**who**(7) 7:1  10:25  12:16  15:7  15:16  29:9  29:9

**who'd**(1) 6:8
**whole**(1) 19:11
**whose**(2) 13:6  14:22
**why**(5) 6:23  10:18  15:13  22:18  23:2
**will**(28) 6:5  8:1  12:25  12:25  13:22  17:11  17:12  17:13  18:20  18:24  21:20  23:5  23:6  24:22  25:18  25:21  25:23  26:18  26:25  27:2  27:6  27:6  27:12  27:18  27:24  30:8  30:16  30:25
**willkie**(1) 2:34
**wilmington**(5) 1:12  3:43  6:1  15:8  18:24
**with**(27) 7:4  9:13  10:17  10:21  11:2  11:19  13:14  15:1  15:3  15:24  16:9  16:10  16:21  19:3  20:4  21:17  23:4  23:8  23:9  24:25  28:18  29:3  29:8  29:9  30:3  30:21  31:2

**within**(1) 10:24
**without**(6) 8:6  9:8  21:23  23:1  24:20  30:23
**witness**(15) 7:22  8:4  9:3  9:7  10:25  13:6  13:12  13:24  13:24  15:19  22:19  22:23  24:20  24:21  25:23

**witnesses**(5) 11:10  11:22  12:3  15:16  18:14
**words**(4) 19:13  19:15  27:17  30:12
**world**(1) 17:13
**would**(14) 12:18  15:21  16:15  16:16  19:23  20:2  20:3  20:3  23:17  25:2  25:4  26:19  28:14  30:18

**wray**(1) 12:6
**wunder**(2) 4:25  4:26
**www.diazdata.com**(1) 1:42
**yeah**(1) 20:12
**yes**(3) 7:15  20:21  21:1
**yet**(6) 16:11  16:22  18:17  25:8  29:10  29:14
**york**(3) 2:9  2:15  4:20

**you**(55) 5:18  6:13  6:20  6:20  6:22  7:12  7:13  7:23  8:21  9:6  9:15  10:6  10:7  10:17  10:20  10:24  11:4  16:21  17:14  19:22  19:23  20:12  20:15  20:16  21:10  21:14  21:16  21:18  21:19  22:9  22:14  22:23  23:5  23:6  23:10  23:11  25:11  27:18  29:24  30:4  30:16  30:17  30:18  30:24  30:25  31:1  31:9  31:11  31:13  31:15  31:17  31:17  31:18  31:20  31:21
**you'll**(1) 20:16
**young**(3) 2:38  3:4  3:22
**your**(74) 6:10  6:11  6:17  7:3  7:12  9:23  10:2  10:16  10:20  10:23  11:3  11:4  11:6  11:15  11:16  11:17  11:24  12:2  12:17  12:23  13:7  13:11  13:21  13:21  14:3  14:20  14:23  14:25  15:1  15:2  15:23  15:24  17:16  17:16  18:5  18:7  18:9  18:22  19:5  19:14  19:15  19:20  20:4  20:5  20:8  20:15  21:18  22:2  22:4  22:8  23:7  23:25  24:10  25:5  25:18  25:20  26:3  26:9  26:14  27:1  27:2  27:5  27:11  28:5  28:12  28:22  29:4  29:13  29:15  29:20  31:1  31:11  31:13  31:18

**you're**(2) 24:10  25:15
**you've**(1) 28:16
**ziehl**(1) 4:6
**zigler**(1) 4:31
**'other'**(1) 21:3
**"unsettled."**(1) 25:9