UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re                                                                       :                Chapter 11
                                                                                  :
                                                                                  :                Case No. 09-10138 (KG)
NORTEL NETWORKS, INC., et al.,[1]       :
                                                                                  :                (Jointly Administered)
        Debtors.                                                        :
                                                                                  :
------------------------------------------------------------x

**ORDER, PURSUANT TO 11 U.S.C. §§ 105(a), 502(c), 521(a), FED. R. BANKR. P. 1009(a) AND L.R. BANKR. P. 1009-2, ESTIMATING NORTEL NETWORKS CAPITAL CORPORATION'S SUPPORT AGREEMENT CLAIM AND DIRECTING NNI TO AMEND ITS SCHEDULES WITH RESPECT TO INTERCOMPANY LOAN CLAIM**

This matter coming before the Court on the *Motion of Solus Alternative Asset Management LP and Macquarie Capital (USA) Inc. for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a), 502(c), 521(a), Fed. R. Bankr. P. 1009(a), and L.R. Bankr. P. 1009-2, Estimating Nortel Networks Capital Corporation's Support Agreement Claim and Directing NNI to Amend Its Schedules with Respect to Intercompany Loan Claim*, (the "Motion")[2]; the Court having reviewed the Motion, and having heard the statements of counsel regarding the relief requested in the Motion, and any objections thereto, at a hearing before the Court (the "Hearing"); the Court finding that (i) the Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion and the Hearing

---

[1]   The debtors in the above-captioned chapter 11 cases (the "Bankruptcy Cases"), along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769),Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortea Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226) ) (collectively, the "Debtors").

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

was adequate and in compliance with the Case Management Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Support Agreement Claim is estimated, for the purposes of allowance and distribution, in an amount not less than $72,989,050.42.

3. The Debtors shall amend the NNI Schedules to schedule the Intercompany Loan Claim (Schedule No. 100789550) as an undisputed, allowed general unsecured claim in the amount of $147,602,830.30

4. Epiq Bankruptcy Solutions, LLC, the Debtors' noticing and claims agent, is authorized to cause the Claims Register to be amended to reflect the terms of this Order.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. This Order is without prejudice to the rights of NNCC to file a proof of claim in accordance with Local Rule 1009-2 or to the rights of NNCC, Solus, or Macquarie to object on any available grounds to (i) the Intercompany Loan Claim, to the extent such claim does not reflect the unpaid principal and interest that NNI owes NNCC under the Revolving Loan Agreement as of the petition Date, and (ii) all other claims filed against the Debtors.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2014      _____
    Wilmington, Delaware      The Honorable Kevin Gross
                                       United States Bankruptcy Judge