# <u>Exhibit A</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:  :  Chapter 11

Nortel Networks, Inc., et al.  :  Case No. 09-10138 (KG)

                 Debtors.  :  (Jointly Administered)

------------------------------------------------------------------ x

## OBJECTION AND RESPONSES OF WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR INDENTURE TRUSTEE TO DEBTORS' REQUEST FOR PRODUCTION OF DOCUMENTS

Wilmington Trust, National Association, exclusively in its capacity as indenture trustee for the Notes[1] (in such capacity, "Wilmington Trust" or the "Trustee"), by and through its undersigned attorneys, submits this objection (the "Objection") and pursuant to Federal Rule of Civil Procedure 34 and Federal Rule of Bankruptcy Procedure 7034, hereby responds and objects to Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") Request for Production of Documents, dated October 10, 2011 (the "Requests").[2]

### GENERAL OBJECTIONS

1.  The Trustee objects to the Requests to the extent they are overbroad and, as a result, overly burdensome. The Trustee also objects to the Requests to the extent they are vague or ambiguous, and/or to the extent they do not specify the documents sought with sufficient particularity, or seek documents or information that are not relevant to the subject matter of this proceeding or will otherwise not reasonably lead to the discovery of admissible evidence.

---

[1] Nortel Networks Limited 6.875% Notes due 2023, issued pursuant to that certain Indenture, dated as of November 30, 1988 (as amended, supplemented or modified) between Nortel Networks Limited and the Trustee, as successor trustee to The Bank of New York Mellon (formerly known as The Bank of New York) as successor trustee to the Toronto-Dominion Bank Trust Company.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Requests.

2.    The Trustee objects to the Requests to the extent that they seek information that is already in the possession, custody or control of the Debtors, e.g., due to discovery taken by the Debtors from other parties to this proceeding or discovery taken by the Debtors under Federal Rule of Bankruptcy Procedure 2004, or that is publicly available, or available to the Debtors from another source more convenient, less burdensome, or less expensive on the ground that they are, to that extent, unreasonably burdensome.

3.    The Trustee objects to the Requests to the extent they seek information protected from discovery by the attorney-client privilege, common interest privilege, the work-product doctrine, or any other applicable privilege, immunity, law, or rule proscribing such disclosure. The Trustee objects to the Requests to the extent they call for the production of documents which are protected from disclosure, or which contain information that is protected from disclosure, based on the relevant laws of foreign jurisdictions applicable thereto.  Any disclosure of information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, immunity, law, or rule is inadvertent and does not constitute a waiver.

4.    The Trustee objects to the Requests to the extent they seek to impose burdens or obligations on them that exceed those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and any applicable local rules of this Court.

5.    The Trustee objects to the Requests to the extent that they purport to require any search for documents beyond a reasonable search on the grounds that they are, to that extent, unreasonably burdensome.  The Trustee objects to the Requests to the extent they purport to require it to create documents.

6.     Whenever the Trustee agrees to produce documents in response to the Requests, such response does not constitute a representation that responsive documents exist.  The Trustee objects to the Requests to the extent that they are unreasonably cumulative or duplicative.

7.     The Trustee objects to the Instructions section of the Requests as being overly burdensome.

8.     The Trustee's responses, as set forth herein, are based upon information presently known by the Trustee and its attorneys.  The Trustee reserves its right to supplement or amend these responses and objections.

## RESPONSES TO SPECIFIC REQUESTS

Unless otherwise stated, the foregoing general responses are incorporated by reference to each of the following responses.

Request No. 1: All Documents supporting or contradicting Wilmington Trust's statement that "[i]n the case of a solvent debtor, the FJR [the federal judgment rate of interest]-not the claimant's contract rate or even the relevant state statutory rate-is the rate applied over the past nine (9) years by every judge in the Third Circuit and every court nationwide," as alleged in paragraph 17 of the Wilmington Trust Objection, without regard to the time limitations specified in the Instructions.

Response: The Trustee objects to this request on the grounds that it calls for documents reflecting legal analysis, which is subject to the attorney-client privilege and/or the work product doctrine. Furthermore, the Trustee objects to this request on the grounds that it calls for documents that are publicly available or that are already in the possession, custody or control of the Debtors (i.e. Westlaw.com, Google Scholar, etc.). The Trustee further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, the foregoing objections, the Trustee directs the Debtors to the Trustee's Brief and Reply Brief Addressing the Interest Issues, and to the Ad Hoc Bondholders' Response Regarding Bondholder Entitlement to Post-Petition Interest and Additional Bondholder Claims Issues Under U.S. Law, paragraph 64, where the Ad Hoc Bondholders concede the statement set forth above.

Request No. 2: All Documents supporting or contradicting Wilmington Trust's statement that "[t]he considerable expense, inconvenience and delay that will necessarily attend the litigation involving this Settlement Motion is unequivocally greater than it would have been had the US Debtors simply allowed this Court to reach judgment on the merits of the PPI Dispute as a matter of law," as alleged in paragraph 19 of the Wilmington Trust Objection, including the complete basis for the calculation of the amounts of expense, inconvenience, and delay with respect to the litigation involving this Settlement Motion and litigation involving the merits of the PPI Dispute.

Response: The Trustee objects to the request as it would require production of documents based on legal judgments, informed by the experience of counsel, and thus subject to

the attorney-client privilege and/or the work product doctrine. The Trustee further objects to this

request on the grounds that it calls for documents that are publicly available or that are already in

the possession, custody or control of the Debtors (i.e. Scheduling Order re: Interest Issues, Order

Establishing Discovery Schedule and Other Procedures in Connection with the US Debtors'

9019 Motion, legal fees incurred by U.S Debtor's counsel, and the Monitor, etc.).

Request No. 3: All Documents concerning any communications by Wilmington Trust with the
Bondholders, Debtors, or any other person related to a possible consensual resolution of the PPI
Dispute.

Response: The Trustee objects to this request on the grounds that it calls for documents

subject to the attorney-client privilege, the work product doctrine, the common interest/joint

client privilege, or that is otherwise protected or immune from discovery. Furthermore, the

Trustee objects to this request on the grounds that it is not reasonably calculated to lead to the

discovery of admissible information.

Request No. 4: All Documents You intend to use at any hearing on the 9019 Motion, without
regard to the time period limitation specified in the Instruction.

Response: The Trustee objects to this request on the grounds that it calls for documents

that are already in the possession, custody or control of the Debtors. The Trustee reserves its

right to use or rely upon any document that has been produced or used by any proponent or

opponent of the 9019 Motion at any hearing on the motion, and intends to rely specifically on the

legal arguments set forth in its objection to the 9019 Motion.

Request No. 5: All Documents concerning the consideration by Wilmington Trust of the
likelihood of successfully litigating the PPI Dispute, including without limitation the probability
of a determination that, with respect to the PPI Dispute, each of the following would apply: (i)
the federal judgment rate as set forth in 28 U.S.C. § 1961; or (iii) the applicable contract rate,
without regard to the time period limitations specified in the instructions.

Response: The Trustee objects to this request on the grounds that it calls for documents

reflecting legal analysis, which is subject to the attorney-client privilege and/or the work product

doctrine. Notwithstanding that objection, the Trustee refers the Debtors to the Wilmington Trust

Objection, which sets forth the Trustee's views on the likelihood of success of the U.S.

Bondholder's position in the PPI Dispute, as well as the Trustee's Brief and Reply Brief

Addressing the Interest Issues.

<u>Request No. 6</u>: All Documents, including, without limitation, any analyses or projections created, reviewed or relied upon by Wilmington Trust relating to the date or likely timing of distributions to creditors with or without the Proposed Settlement.

<u>Response</u>:  The Trustee objects to this request on the grounds that it calls for documents

reflecting legal analysis, which is subject to the attorney-client privilege and/or the work product

doctrine.  Furthermore, the Trustee objects to this request on the grounds that it is not reasonably

calculated to lead to the discovery of admissible evidence.

<u>Request No. 7</u>: Documents sufficient to support Wilmington Trust's assertion that "$876 million to $1.01 billion…is all (or almost all) [the Bondholders] could have hoped to receive even under their own plan," as alleged in paragraph 22 of the Wilmington Trust Objection, including the complete basis for the calculation of the amount.

<u>Response</u>:  The Trustee objects to this request on the grounds that it calls for documents

reflecting legal analysis, which is subject to the attorney-client privilege and/or the work product

doctrine.  The Trustee objects to this request on the grounds that it calls for documents that are

already in the possession, custody or control of the Debtors, or are available to the Debtors from

another source more convenient, less burdensome, or less expensive.  The Trustee notes that the

Wilmington Trust Objection expressly states that it relies on the Monitor's objection to the 9019

Motion (see the Trustee's Objection paragraph 2, footnote 5), which, in turn, relies on the

Monitor's proffered <u>Expert Report of Paul Wertheim, Ph.d., CPA, CMA, CFM, CFE</u> to support

the contention set forth above.

Dated: October 17, 2014
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

_____*/s/ William E. Chipman, Jr.*_____
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Ann M. Kashishian (No. 5622)
1007 North Orange Street, Suite 1110
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Facsimile:    (302) 295-0199
Email:        chipman@chipmanbrown.com
              olivere@chipmanbrown.com
              kashishian@chipmanbrown.com

– and –

Craig A. Barbarosh
David A. Crichlow
Karen B. Dine
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776
Email: craig.barbarosh@kattenlaw.com
       david.crichlow@kattenlaw.com
       karen.dine@kattenlaw.com

*Attorneys for Wilmington Trust, National
Association, solely in its capacity as Successor
Indenture Trustee and not in its individual capacity*