## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X
:
*In re*                                                   :          Chapter 11
:
Nortel Networks Inc., *et al.*,                           :          Case No. 09-10138 (KG)
:
            Debtors.[1]          :          Jointly Administered
:
:          **Hearing date: November 4, 2014 at 10:00 am (ET)**
:
:          **RE: D.I. 14076,  14117, 14161, 14165, 14189, 14496,**
:          **14498, 14652, 14653**
:
------------------------------------------------------------ X

### STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN FURTHER SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT WITH RESPECT TO THE NNI POST-PETITION INTEREST DISPUTE AND RELATED ISSUES AND JOINDER TO REPLIES OF THE DEBTORS AND AD HOC BONDHOLDER GROUP WITH RESPECT THERETO

The Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks,

Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the

"US Debtors"), hereby files this (i) statement (the "Statement") in further support of the *Debtors'*

*Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Settlement*

*Agreement By and Among Nortel Networks Inc., the Supporting Bondholders, and the Bank of*

*New York Mellon With Respect to the NNI Post-Petition Interest Dispute and Related Issues*

[Docket No. 14076] (the "9019 Motion") and (ii) joinder (the "Joinder") to the replies submitted

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

1

by the US Debtors and the Supporting Bondholders in further support of the 9019 Motion.[2]   In

support of this Statement and Joinder, the Committee respectfully represents as follows.

## STATEMENT

1.      As set forth in its initial statement in support of the 9019 Motion [ECF No. 14189]

(the "Initial Statement"), the Committee believes that the Settlement Agreement is in the best

interests of all unsecured creditors.[3]  Specifically, the Settlement Agreement places an upper

bound on the amount of postpetition interest that could be payable to the settling bondholders

(the "Bondholders") that is a fraction of the total amount of postpetition interest that could

accrue in the event that such Bondholders are entitled to accrue postpetition interest at the

contract rate.  The Committee believes, as set forth in its PPI Dispute submissions, that the

appropriate rate at which postpetition interest accrues in a "solvent" estate bankruptcy case is the

contractually bargained-for rate of interest.  Accordingly, the Committee believes that the

Bondholders' agreement to limit their accrual of postpetition interest to approximately 55% of

their full contractual entitlement through July 1, 2014, along with a substantially reduced 3.5%

accrual of postpetition interest through June 30, 2015, is a significant concession for the benefit

of other unsecured creditors.  Significantly, the Settlement Agreement leaves intact the ability of

other unsecured creditors to argue that they are entitled to their full accrual of postpetition

interest at the contract rate.  Thus, as a result of the hard cap of $1.01 billion under the

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the 9019 Motion.

[3] The Monitor's contention that a "creditors committee comprised of only one non-bondholder-related creditor" could not effectively scrutinize the Settlement Agreement is misguided and ignores the seriousness with which the members of the Committee take their fiduciary duties to all unsecured creditors.  See Monitor's and Canadian Debtors' Supplemental Objection to Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Post-Petition Interest Agreement [ECF No. 14496], at 3.  The Committee has acquitted its fiduciary duties with the utmost vigilance and integrity throughout these cases and any insinuation that the Committee has acted any differently with respect to the Settlement Agreement and the PPI Dispute is unfounded and inappropriate.

Settlement Agreement, any additional surplus beyond $1.01 billion inures solely to the benefit of other unsecured creditors.

2.      In addition to providing substantial benefits to the US Debtors' estates, the Settlement Agreement is fair and reasonable.  The Monitor argues that the Settlement Agreement is unreasonable because the maximum surplus available for payment of postpetition interest to all creditors of the US Debtors is allegedly less than the proposed settlement amount.  This argument is built on quicksand as it begins by ignoring the context in which the Settlement Agreement was struck.

3.      The PPI Dispute was thrust upon this Court at the urging of the Monitor following the completion of the evidentiary portion of the Allocation Trial.  At that time, the Committee, along with the Debtors, the Ad Hoc Bondholder Group, The Bank of New York Mellon, as indenture trustee, and Law Debenture Trust Company of New York, as indenture trustee, opposed engaging in the PPI Dispute because, among other things, the dispute was premature and the Court would be adjudicating the appropriate rate of postpetition interest in a vacuum absent a resolution of the allocation dispute and a proposed plan.  *See Memorandum of the US Parties Regarding Interest Issues* [ECF No. 13883].  The Court ultimately determined to hear the PPI Dispute and, following substantial briefing by various parties and negotiations between the US Debtors and the Bondholders, the US Debtors determined that it was in the best interests to settle, rather than litigate the complex issues involved in the PPI Dispute.  It is in this context that the Court must evaluate the reasonableness of the Settlement Agreement.

4.      As to the Monitor's arguments regarding the amounts that may be available to satisfy claims for postpetition interest, no party knows at this stage whether there will be a surplus available for payment of postpetition interest to creditors of the US Debtors and, if there

3

is such a surplus, how much will be available.  What the parties do know is that there was a $1.6 billion chasm between the positions outlined by the parties on either side of the PPI Dispute, and that the Settlement Agreement substantially narrows that gap.  From that perspective, with allocation undetermined and the assets and liabilities of the Canadian estates being undetermined, settling the PPI Dispute at approximately 55% of the accrual of the Bondholders' contract rate of postpetition interest easily surpasses the lowest rung in the range of reasonableness.

## JOINDER

5.    On October 30, 2014, the US Debtors filed the *Reply in Further Support of Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement By and Among Nortel Networks Inc., the Supporting Bondholders, and the Bank of New York Mellon With Respect to the NNI Post-Petition Interest Dispute and Related Issues* [ECF No. 14652] (the "US Debtor Reply") and the Supporting Bondholders filed the *Reply of the Supporting Bondholders in Support of Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement By and Among Nortel Networks Inc., the Supporting Bondholders, and the Bank of New York Mellon With Respect to the NNI Post-Petition Interest Dispute and Related Issues* [ECF No. 14653] (the "Bondholder Reply" and, together with the US Debtor Reply, the "US Replies").  The Committee agrees with the legal arguments set forth in the US Replies and, accordingly, files this Joinder in support thereof.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court (a) enter an order approving the Settlement Agreement, (b) deny the objections to the Settlement Agreement and (c) grant such other and further relief as the Court deems just, proper and equitable.

*[remainder of page intentionally left blank]*

4

Dated: October 30, 2014
       Wilmington, Delaware

Respectfully submitted,

By: */s/ Amanda R. Steele*
    Mark D. Collins (No. 2981)
    Christopher M. Samis (No. 4909)
    Amanda R. Steele (No. 5530)
    Richards, Layton & Finger, P.A.
    One Rodney Square
    920 North King Street
    Wilmington, DE  19801
    Telephone:  (302) 651-7700

    and

    Fred S. Hodara (*pro hac vice*)
    David H. Botter (*pro hac vice*)
    Abid Qureshi (*pro hac vice*)
    Brad M. Kahn (*pro hac vice*)
    Akin Gump Strauss Hauer & Feld LLP
    One Bryant Park
    New York, NY  10036
    Telephone:  (212) 872-1000
    Co-counsel to the Committee