## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Bankr. Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
| Nortel Networks Inc. and Nortel Networks (CALA) Inc., | |
| Plaintiffs, | |
| v. | Adv. Proc. No. 11-50207 (KG) |
| Hewlett-Packard Company and Hewlett-Packard Financial Services Company, | **Hearing date:  December 2, 2014 at 10:00 a.m. (ET)** |
| Defendants. | **Objections due: November 25, 2014 at 4:00 p.m. (ET)** |

### DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING THE STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN (1) NORTEL NETWORKS INC. AND NORTEL NETWORKS (CALA) INC. AND (2) HEWLETT-PACKARD COMPANY AND HEWLETT-PACKARD FINANCIAL SERVICES COMPANY AND RESOLVING PROOF OF CLAIM NO. 5928 FILED BY HEWLETT-PACKARD COMPANY AND CLAIM NO. 4264 FILED BY HEWLETT-PACKARD FINANCIAL SERVICES COMPANY

Nortel Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. ("NNCALA," and

collectively with NNI, the "Plaintiffs"), and certain of their affiliates, as debtors and debtors in

possession (collectively, the "Debtors"), hereby move this Court (the "Motion"), for the entry of

an order substantially in the form attached hereto as **Exhibit A,** pursuant to sections 105(a), 502,

547, and 550 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the

---

[1]      In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are:  Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc.  Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the Debtors to enter into and approving a stipulation (the "Stipulation") with Hewlett-Packard Company ("HP") and Hewlett-Packard Financial Services Company ("HPFS," and collectively with HP, the "Defendants"), in the form attached hereto as **Exhibit B**, resolving the adversary proceeding entitled Nortel Networks Inc. and Nortel Networks (CALA) Inc. v. Hewlett-Packard Company and Hewlett Packard Financial Services Company, Adv. Proc. No. 11-50207 (KG) (the "Adversary Proceeding") and allowing, in a reduced amount, Defendants' general unsecured pre-petition claims filed in NNI's bankruptcy case and (ii) granting such other and further relief as the Court (the "Court" or the "Bankruptcy Court") deems just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019.

## Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc.,[2] filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2]      Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

4.     The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [Main D.I.s 141, 142],[3] and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.     On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

---

[3]     Citations herein to the main bankruptcy case (Case No. 09-10138) are in the form "Main D.I. __." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55937) are in the form "Adv. D.I. __."

[4]     The Canadian Debtors include the following entities:   NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

6.     Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

## Relief Requested

7.     By this Motion, the Debtors seek an order, pursuant to sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) authorizing the Debtors' entry into and approving the Stipulation, (ii) authorizing the Debtors to take all actions reasonably appropriate to perform their obligations under the Stipulation, and (iii) granting them such other and further relief as the Bankruptcy Court deems just and proper.

## Facts Relevant to this Motion

8.     Defendants supplied Plaintiffs with certain computer and related peripheral equipment and supplies and provided related services to Plaintiffs.

### a.     *The HP and HPFS Proofs of Claim*

9.     On or about April 27, 2009, HP filed proof of claim number 1050 for goods sold within 20 days of the Petition Date in the amount of $316,346.72 as an administrative claim under 11 U.S.C. § 503(b)(9) in NNI's bankruptcy case.  On May 14, 2009, the Debtors filed a *Notice of Proposed Settlement of Reclamation Demand of Hewlett-Packard Company* [Main D.I. 755] attaching a Stipulation of Settlement of Reclamation Demand of Hewlett-Packard Company (the "Reclamation Stipulation").  Pursuant to the Reclamation Stipulation, HP and the Debtors settled HP's reclamation demand and 503(b)(9) administrative claim.

10.    On or about July 24, 2009, HP filed proof of claim number 1597 in the amount of $1,693,274.98 as a general unsecured claim ("Claim No. 1597") in NNI's bankruptcy case.

11.    On or about August 27, 2009, HP filed proof of claim number 2264 for goods sold and services provided in the amount of $1,284,946.31 as a general unsecured claim ("Claim No. 2264") in NNI's bankruptcy case, which amended Claim No. 1597.

12.    On or about September 28, 2009, HPFS filed proof of claim number 4169 for goods leased and/or financed in the amount of $120,072.46 as a general unsecured claim ("Claim No. 4169") in NNI's bankruptcy case.  On the same date, HPFS filed proof of claim number 4264 for goods leased and/or financed in the amount of $120,072.46 as a general unsecured claim ("Claim No. 4264") in NNI's bankruptcy case.

13.    On or about October 8, 2009, HP filed proof of claim number 5928 for goods sold and services provided in the amount of $1,284,946.31 as a general unsecured claim ("Claim No. 5928") in NNI's bankruptcy case, which amended Claim No. 1597.

14.    On November 17, 2009, the Court entered the *Order Approving Stipulation Modifying the Stay and Allowing Hewlett-Packard Company to Setoff Prepetition Obligations* (the "Setoff Order") [Main D.I. 1906].  The Setoff Order approved a stipulation permitting HP to exercise a setoff in the amount of $292,020.33 against the amount claimed in Claim No. 5928, allowing HP to file an amended claim in the amount of $925,992.98,[6] and providing HP the ability to offset an additional $25,823.26 upon notice to the Debtors and further amendment of its proof of claim.

15.    On August 18, 2010, the Court entered the *Order Granting Debtors' Tenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Amended; Duplicate)* pursuant to which Claim Nos. 1597

---

[6]    Following the entry of the Setoff Order, the Parties agreed that the Setoff Order contained a typographical error such that the true amount of Claim No. 5928 after exercising the $292,020.33 setoff amount was $992,925.98.

and 2264 were disallowed and expunged as amended or superseded by Claim No. 5928 and

Claim No. 4169 was disallowed and expunged as duplicative of Claim No. 4264.

16.    On September 16, 2010, the Court entered an *Order Authorizing and Approving*

*Settlement Procedures to Settle Certain Prepetition Claims* [Main D.I. 3953] (the "Prepetition

Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court

approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim

that were originally filed in an amount equal to or greater than $1,000,000.

b.    *Facts Relevant to the Adversary Proceeding*

17.    On January 14, 2011, Plaintiffs instituted an adversary proceeding against HP and

HPFS by filing the *Complaint to Avoid and Recover Preferential Transfers and to Disallow*

*Claims* (the "Complaint") [Adv. D.I. 1] pursuant to sections 547, 550, 551 and 502(d) of the

Bankruptcy Code against Defendants and affiliated entities Hewlett-Packard Caribe V.V.,

Hewlett-Packard Netherland B.V. and Hewlett-Packard Singapore (Sales) Pte. Ltd., in which

they sought to avoid and recover transfers made by the Debtors to HP or HPFS during the ninety

(90) days preceding the Petition Date in the aggregate amount of $5,182,126.53 (the "Subject

Transfers").

18.    On April 18, 2011, Plaintiffs filed a *Notice of Partial Dismissal of Defendants*

*Hewlett-Packard Caribe V.V., Hewlett-Packard Netherland B.V. and Hewlett-Packard*

*Singapore (Sales) Pte. Ltd.* [Adv. D.I. 4], dismissing those defendants as parties to the Adversary

Proceeding.

19.    On June 30, 2011, Defendants filed the *Answer of Hewlett-Packard Company and*

*Hewlett-Packard Financial Services Company to Complaint to Avoid and Recover Preferential*

*Transfers and to Disallow Claims* [Adv. D.I. 9] (the "Answer") in the Adversary Proceeding,

denying certain allegations and asserting various defenses including, without limitation, that the

Subject Transfers were made in the ordinary course of business or financial affairs of the Plaintiffs and the Defendants (together, the "Parties").

20.     The Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed in litigating the Adversary Proceeding and Claim Nos. 5928 and 4264, have agreed to settle the Adversary Proceeding and Claim Nos. 5928 and 4264 on the terms set forth in the Stipulation, attached hereto as **Exhibit B**.

21.     Pursuant to the Stipulation[7] and subject to the Bankruptcy Court's approval, the Plaintiffs have agreed to settle the Adversary Proceeding in return for a deemed payment by each of HP and HPFS to NNI in the amount of $118,000.00 (the "Settlement Amounts") to be paid through a reduction of their respective claims against NNI in the amount of $118,000.00 each. Thus, subject to this Court's approval, (i) HP's Claim No. 5928 will be allowed as a general unsecured claim against NNI in the amount of $955,892.54 (less a $118,000.00 reduction) and (ii) HPFS's Claim No. 4264 will be allowed as a general unsecured claim against NNI in the amount of $120,072.46 (less a $118,000.00 reduction), as memorialized in the Stipulation.

22.     In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, Defendants have agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release and forever discharge Plaintiffs, their past and present parents, subsidiaries, affiliates, general partners, limited partners, shareholders, directors, officers, employees, agents, and attorneys, and each of their predecessors, successors and assigns (collectively, the "Debtor Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or

---

[7]     In the event of any discrepancy between the description of the Stipulation herein and the terms of the Stipulation, the terms of the Stipulation shall govern.

present, fixed or contingent, liquidated or unliquidated, that Defendants now have, had, may have had, or hereafter may have against any of the Debtor Releasees that arose on or before the Effective Date of the Stipulation, except that nothing in the Stipulation shall be deemed to constitute a waiver or release of any Debtor other than the Plaintiffs or of any of the Debtor Releasees' obligations under the Stipulation or NNI's obligations under Claim Nos. 5928 and 4264 in the reduced amounts described therein. The Defendants likewise release any and all claims arising from the payment of the Settlement Amounts under section 502(h) of the Bankruptcy Code.

23.    In consideration of the mutual promises and covenants set forth in the Stipulation and other good and valuable consideration, Plaintiffs have agreed, subject to the Bankruptcy Court's approval, to, *inter alia*, release and forever discharge the Defendants and each of their past and present parents, subsidiaries, affiliates, directors, officers, employees and any person holding, whether in the past or in the future, more than 5% of the equity of the Defendants (collectively, the "Defendant Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiffs now have, had, may have had, or hereafter may have against any of the Defendant Releasees arising from or related to Defendants that arose on or before the Effective Date of the Stipulation, except that nothing in the Stipulation shall be deemed to constitute a waiver or release of any of the Defendant Releasees' obligations under the Stipulation.

24.    The Debtors believe, in the exercise of their reasonable business judgment, that the resolution of the Adversary Proceeding and Claim Nos. 5928 and 4264 through the

Stipulation is appropriate and in the best interests of both their estates and their creditors.

## Basis for Relief

25.    The Debtors seek authorization for NNI and NNCALA to enter into the Stipulation under sections 105(a), 502, 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 9019.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019.

26.    Citing this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy."  Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy").  Additionally, the Third Circuit has recognized that "'(i)n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.'"  In re Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)).  And courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court.  See, e.g., In re Coram Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

27.    Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate."  In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211

B.R. 798, 801 (D. Del. 1997)). Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 424-25. The court need not be convinced that the settlement is the best possible compromise in order to approve it. In re Coram Healthcare Corp., 315 B.R. at 330. Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000)); see also In re Coram Healthcare Corp., 315 B.R. at 330.

28.     The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal (the "Martin Factors"): "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Martin, 91 F.3d at 393 (citing In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986)); see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005).

29.     The Debtors respectfully submit that the Martin Factors weigh in favor of approving the Stipulation. While the Plaintiffs are prepared to litigate the Adversary Proceeding, the Defendants have interposed multiple defenses, including new value and ordinary course of business defenses pursuant to 11 U.S.C. §§ 547(c)(2) and (c)(4). Specifically, the Defendants have contended, and the data supports the contention, that many of the Subject Transfers not rendered unavoidable by the new value defense were made within time frames consistent with the Parties' prior dealings. Based on the exchange of information and accompanying discussions

with the Defendants, and the Debtors' evaluation of the Defendants' defenses, the Debtors have determined that potential value that could be obtained through a litigation of the Adversary Proceeding on the merits likely would be outweighed by the time, costs and risks associated therewith.

30.     The Debtors recognize that litigation of the Adversary Proceeding carries with it inherent uncertainties and there can be no assurance that litigation of the Adversary Proceeding would achieve a better result than the one set forth in the Stipulation.  Pursuant to the settlement reflected in the Stipulation, and upon the Effective Date (as defined in the Stipulation), HP and HPFS will be deemed to have paid the Settlement Amounts to NNI and the Defendants will waive any claim arising out of Section 502(h) of the Bankruptcy Code.  This resolution fairly balances the Plaintiffs' likelihood of success on the merits of the Adversary Proceeding against their interest in avoiding the uncertainty of litigation.

31.     In addition, further litigation of the Adversary Proceeding would result in the estates' expenditure of considerable additional legal fees.  These would include fees associated with formal discovery, retention of an expert, briefing of dispositive motions and potentially conducting a trial of the Adversary Proceeding.  In the absence of a settlement, the estates would be burdened with the time and costs of ongoing litigation, which would be disruptive of the estates' efforts to resolve the matters that are essential to the ultimate resolution of these cases.

32.     Finally, the interests of the creditors weigh in favor of approval of the Stipulation. The Debtors believe that the interests of their creditors are served by the prompt and efficient resolution of the Adversary Proceeding and the avoidance of litigation risk and substantial legal expenses that would be incurred if the Adversary Proceeding were to be further litigated.

33.    In light of the foregoing, the Debtors respectfully seek authorization for the Plaintiffs to enter into the Stipulation and approval of the Stipulation.

### Notice

34.    Notice of the Motion has been given via electronic transmission, hand delivery or first class mail to (i) counsel to the Defendants; (ii) the U.S. Trustee; (iii) counsel to the Committee; (iv) counsel to the Bondholder Group; and (v) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

35.    No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion, approve the Stipulation, and authorize the Debtors to enter into the Stipulation; (ii) enter the proposed order attached as **Exhibit A** hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: October 31, 2014          MORRIS, NICHOLS, ARSHT & TUNNELL LLP


                                 *Donna L. Culver*
                                 Donna L. Culver (No. 2983)
                                 Derek C. Abbott (No. 3376)
                                 1201 North Market Street
                                 P.O. Box 1347
                                 Wilmington, Delaware 19801
                                 Telephone:  (302) 658-9200
                                 Facsimile: (302) 658-3989

                                 *Counsel for the Debtors*
                                 *and Debtors in Possession*

8276562.2