**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Bankr. Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
| Nortel Networks Inc. and Nortel Networks (CALA) Inc., | |
| Plaintiffs, | Adv. Proc. No. 11-50207 (KG) |
| v. | |
| Hewlett-Packard Company and Hewlett-Packard Financial Services Company, | Re: D.I. ___ |
| Defendants. | |

### STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN (1) NORTEL NETWORKS INC. AND NORTEL NETWORKS (CALA) INC. AND (2) HEWLETT-PACKARD COMPANY AND HEWLETT-PACKARD FINANCIAL SERVICES COMPANY AND RESOLVING PROOF OF CLAIM NO. 5928 FILED BY HEWLETT-PACKARD COMPANY AND CLAIM NO. 4264 FILED BY HEWLETT-PACKARD FINANCIAL SERVICES COMPANY

This stipulation (the "Stipulation") is entered into by and between: (i) Plaintiffs Nortel Networks Inc. ("NNI") and Nortel Networks (CALA) Inc. ("NNCALA", and collectively with NNI, the "Plaintiffs") as two of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and (ii) Hewlett-Packard Company ("HP") and Hewlett-Packard

---

[1] In addition to Nortel Networks Inc., the Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc. Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Financial Services Company ("HPFS", and collectively with HP, the "Defendants"). Plaintiffs and Defendants (the "Parties" and each a "Party") hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors (with the exception of NN CALA, which filed on July 14, 2009) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, no trustee or examiner has been appointed in the Debtors' cases; and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, Defendants supplied Plaintiffs with certain computer and related peripheral equipment and supplies and provided related services to Plaintiffs; and

WHEREAS, on or about April 27, 2009, HP filed proof of claim number 1050 for goods sold within 20 days of the Petition Date in the amount of $316,346.72 as an administrative claim under 11 U.S.C. § 503(b)(9) in NNI's bankruptcy case; and

WHEREAS, on May 14, 2009, the Debtors filed a *Notice of Proposed Settlement of Reclamation Demand of Hewlett-Packard Company* [Main D.I. 755] [2] attaching a Stipulation

---

[2] Citations herein to the main bankruptcy case (Case No. 09-10138 (KG)) are in the form "Main D.I. ___." Citations herein to the docket in this adversary proceeding (Adv. Pro. No. 10-55937 (KG)) are in the form "Adv. D.I. ___."

of Settlement of Reclamation Demand of Hewlett-Packard Company settling HP's reclamation demand and 503(b)(9) administrative claim; and

WHEREAS, on or about July 24, 2009, HP filed proof of claim number 1597 in the amount of $1,693,274.98 as a general unsecured claim ("Claim No. 1597") in NNI's bankruptcy case; and

WHEREAS, on or about August 27, 2009, HP filed proof of claim number 2264 for goods sold and services provided in the amount of $1,284,946.31 as a general unsecured claim ("Claim No. 2264") in NNI's bankruptcy case, which amended Claim No. 1597; and

WHEREAS, on or about September 28, 2009, HPFS filed proof of claim number 4169 for goods leased and/or financed in the amount of $120,072.46 as a general unsecured claim ("Claim No. 4169") in NNI's bankruptcy case; and

WHEREAS, on or about September 28, 2009, HPFS filed proof of claim number 4264 for goods leased and/or financed in the amount of $120,072.46 as a general unsecured claim ("Claim No. 4264") in NNI's bankruptcy case; and

WHEREAS, on or about October 8, 2009, HP filed proof of claim number 5928 for goods sold and services provided in the amount of $1,284,946.31 as a general unsecured claim ("Claim No. 5928") in NNI's bankruptcy case, which amended Claim No. 1597; and

WHEREAS, on November 17, 2009, the Court entered the *Order Approving Stipulation Modifying the Stay and Allowing Hewlett-Packard Company to Setoff Prepetition Obligations* [Main D.I. 1906] approving a stipulation permitting HP to exercise a setoff in the amount of $292,020.33 against the amount claimed in Claim No. 5928, allowing HP to file an

amended claim in the amount of $925,992.98,[3] and providing HP the ability to offset an additional $25,823.26 upon notice to the Debtors and further amendment of its proof of claim; and

WHEREAS, on August 18, 2010, the Court entered the *Order Granting Debtors' Tenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Amended; Duplicate)* pursuant to which Claim Nos. 1597 and 2264 were disallowed and expunged as amended or superseded by Claim No. 5928 and Claim No. 4169 was disallowed and expunged as duplicative of Claim No. 4264; and

WHEREAS, on September 16, 2010, the Court entered an *Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims* [Main D.I. 3953] (the "Prepetition Claims Settlement Procedures Order"), which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 before they settle certain disputed Proofs of Claim that were originally filed in an amount equal to or greater than $1,000,000; and

WHEREAS, Plaintiff's books and records indicate that within ninety (90) days prior to the Petition Date, Plaintiffs made one or more transfers of an interest in property to or for the benefit of Defendants in the aggregate amount of $5,182,126.53 (the "Subject Transfers"); and

WHEREAS, on October 27, 2010, the Bankruptcy Court entered an *Order Authorizing And Approving Settlement Procedures To Settle Certain Avoidance Claims*, which requires the Debtors to obtain Bankruptcy Court approval pursuant to Bankruptcy Rule 9019

---

[3] Following the entry of the Setoff Order, the Parties agreed that the Setoff Order contained a typographical error such that the true amount of Claim No. 5928 after exercising the $292,020.33 setoff amount was $992,925.98.

before they settle avoidance claims where the asserted claim amount is greater than $1,000,000 [Main D.I. 4211]; and

WHEREAS, on January 14, 2011, Plaintiffs instituted this Adversary Proceeding by filing the *Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* (the "Complaint") pursuant to sections 547, 550, 551 and 502(d) of the Bankruptcy Code against Defendants and affiliated entities Hewlett-Packard Caribe V.V., Hewlett-Packard Netherland B.V. and Hewlett-Packard Singapore (Sales) Pte. Ltd., in which they sought to avoid and recover the Subject Transfers (the "Avoidance Claim") [Adv. D.I. 1]; and

WHEREAS, on April 18, 2011, Plaintiffs filed a *Notice of Partial Dismissal of Defendants Hewlett-Packard Caribe V.V., Hewlett-Packard Netherland B.V. and Hewlett-Packard Singapore (Sales) Pte. Ltd.* [Adv. D.I. 4], dismissing those defendants as parties to the Adversary Proceeding; and

WHEREAS, on June 30, 2011, Defendants filed the *Answer Of Hewlett-Packard Company And Hewlett-Packard Financial Services Company To Complaint To Avoid And Recover Preferential Transfers And To Disallow Claims* [Adv. D.I. 9] (the "Answer") in the Adversary Proceeding, denying certain allegations and asserting various defenses including, without limitation, that the Subject Transfers were made in the ordinary course of business or financial affairs of the Parties; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost, risks, and burden that would be imposed in litigating the Avoidance Claim and Claim Nos. 5928 and 4264 have agreed to settle the Adversary Proceeding and Claim Nos. 5928 and 4264 on the terms set forth herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. <u>Effective Date of the Stipulation</u>. The Parties hereby stipulate that, the date on which the Bankruptcy Court order approving this Stipulation and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becomes a Final Order (as defined below) shall be deemed the "<u>Effective Date</u>" of this Stipulation. The Bankruptcy Court order approving this Stipulation and the settlement reflected herein shall become a "<u>Final Order</u>" upon the occurrence of: (i) the entry by the Bankruptcy Court of a final order approving this Stipulation, without modification of its terms, pursuant to Bankruptcy Rule 9019; and (ii) the expiration of the time for appeal or to seek permission to appeal from the Bankruptcy Court's final order approving this Stipulation, or if an appeal from a final order is taken, (A) the affirmance of such order in its entirety, without modification, by the court of last resort to which an appeal of such order may be taken, or (B) withdrawal with prejudice of such appeal.

2. <u>Resolution of the Adversary Proceeding and Claim Nos. 5928 and 4264</u>. In full and complete settlement of the Adversary Proceeding, on the Effective Date, each of HP and HPFS will be deemed to have paid NNI the sum of $118,000.00 (the "<u>Settlement Amounts</u>") in the form of a reduction of their respective claims against NNI as follows:

(a) <u>Claim No. 5928</u>: HP will be allowed a general unsecured claim of $955,892.54 (less the $118,000.00 reduction) in the case of Nortel Networks, Inc. for a total allowed amount of $837,892.54.

(b) <u>Claim No. 4264</u>: HPFS will be allowed a general unsecured claim of $120,072.46 (less the $118,000.00 reduction) in the case of Nortel Networks, Inc. for a total allowed amount of $2,072.46.

(c) The allowance of Claim Nos. 5928 and 4264 described in paragraph 2(a) and (b) shall amend and supersede any and all claim amounts listed by the Debtors on their schedules filed with the Bankruptcy Court in respect of HP and HPFS. HP and HPFS shall not have any further claims against the Debtors, based on the Debtors' schedules.

3. <u>No Further Claims</u>. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, Defendants shall be forever barred from (i) amending Claim Nos. 5928 and 4264 (other than ministerial amendments that may be necessary in the event of a transfer of Claim Nos. 5928 and 4264) or (ii) filing or otherwise asserting any further claim against any of the Debtors in the Debtors' Chapter 11 cases, including, without limitation, any claims pursuant to 11 U.S.C. § 502(h) for the value of the amounts paid in settlement of the Adversary Proceeding which are hereby waived.

4. <u>Dismissal of the Adversary Proceeding</u>. Promptly following the Effective Date, Plaintiffs will file with the Bankruptcy Court a Stipulation of Dismissal, dismissing the Adversary Proceeding with prejudice, with each party to bear its own fees and costs.

5. <u>Release of Plaintiffs</u>. Effective upon the Effective Date, Defendants hereby release and forever discharge Plaintiffs, their past and present parents, subsidiaries, affiliates, directors, officers, employees and any person or entity holding, whether in the past, currently or in the future, more than 5% of the equity of either of the Plaintiffs (collectively, the "<u>Debtor Releasees</u>"), from any and all claims, rights, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or

unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Defendants now have, had, may have had, or hereafter may have against any of the Debtor Releasees arising from or related to the Plaintiffs that arose on or before the Effective Date, except that nothing herein shall be deemed to constitute a waiver or release of any Debtor other than the Plaintiffs or of any of the Debtor Releasees' obligations hereunder or NNI's obligations under Claim Nos. 5928 and 4264 in the reduced amounts described in this Stipulation, nor shall this Stipulation impact, limit or waive Defendants' interests, defenses and rights, if any, arising under the Order Authorizing And Approving (A) The Sale Of Certain Patent And Related Assets Free And Clear Of All Claims And Interests, (B) The Assumption And Assignment Of Certain Executory Contracts, (C) The Rejection Of Certain Patent Licenses And (D) The License Non-Assignment And Non-Renewal Protections (D.I. 5202) entered in the Debtors' bankruptcy case or any documents referenced by or governed by such Order (nor shall the Plaintiffs or any of the Debtor Releasees release any rights and defenses thereto). Defendants likewise release any and all claims arising from payment of the Settlement Amounts under section 502(h) of the Bankruptcy Code. WITH RESPECT TO THE RELEASES PROVIDED HEREIN, CLAIMANTS FURTHER ACKNOWLEDGE AND EXPRESSLY WAIVE THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.

      6.    <u>Release of Defendants</u>. Effective upon the Effective Date, Plaintiffs hereby release and forever discharge the Defendants and each of their past and present parents,

subsidiaries, affiliates, directors, officers, employees and any person or entity holding, whether in the past, currently or in the future, more than 5% of the equity of the Defendants (collectively, the "Defendant Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that Plaintiffs now have, had, may have had, or hereafter may have against any of the Defendant Releasees arising from or related to the Defendants, that arose on or before the Effective Date, except that nothing herein shall be deemed to constitute a waiver or release of any of the Defendant Releasees' obligations hereunder, nor shall this Stipulation impact the Debtor Releasees' interests, defenses and rights, if any, arising under the Order Authorizing And Approving (A) The Sale Of Certain Patent And Related Assets Free And Clear Of All Claims And Interests, (B) The Assumption And Assignment Of Certain Executory Contracts, (C) The Rejection Of Certain Patent Licenses And (D) The License Non-Assignment And Non-Renewal Protections (D.I. 5202) entered in the Debtors' bankruptcy case or any documents referenced by or governed by such Order.

7. Effectiveness. Upon the Effective Date, this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.

8. Applicable Law. This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to its conflict of laws rules and jurisprudence.

9. <u>No Transfer</u>. HP and HPFS represent that they have not sold, assigned or otherwise transferred Claim Nos. 5928 and/or 4264 to a third party.

10. <u>Confidentiality</u>. Each of the Parties agrees to keep confidential and not to disclose (and shall use its reasonable best efforts to cause its officers, directors, employees, agents, and attorneys to keep confidential and not to disclose) the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, except as required by law, or by any court, administrative or legislative body, or as required to seek approval of this Stipulation by the Bankruptcy Court.

11. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement in writing between the Parties.

12. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of liability, culpability, statutory violation or damages on or in connection with any legal issue raised in or relating to the Avoidance Claim or Claim Nos. 5928 or 4264.

13. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs (including, without limitation, attorneys' fees), expenses, and disbursements incurred in connection with the Adversary Proceeding, and the discussions and negotiations leading up to or relating to the preparation and execution of this Stipulation, and to not seek from each other reimbursement of any such costs, expenses or disbursements.

14. <u>Representations and Warranties</u>. Each Party represents and warrants that it is authorized to enter into this Stipulation. Each individual signing this Stipulation represents and warrants that he/she has full authority to do so.

15. <u>Construction</u>. This Stipulation shall be construed without regard to any presumption or other rule requiring construction against the Party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel in connection with the negotiation, preparation, and execution of this Stipulation and all matters covered by it.

16. <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction over the implementation of this Stipulation and the determination of any matters relating to or arising from this Stipulation or the implementation thereof.

17. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall constitute an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

18. <u>Court Approval</u>. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court. In the event this Stipulation is not approved by the Bankruptcy Court, the Parties reserve all of their rights and defenses with respect to the Avoidance Claim and Claim Nos. 5928 and 4264 and this proposed settlement shall not constitute an admission by the Parties or their affiliates regarding the validity of the Avoidance Claim or Claim Nos. 5928 or 4264 or that they have any liability thereunder.

19. <u>Claims Register</u>. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: *October 9*, 2014

Nortel Networks Inc.
Nortel Networks (CALA) Inc.

By: _____
John Ray
Principal Officer

Hewlett-Packard Company

By: _____
[Name] DAVID N. CRAPO
[Title] COUNSEL

Hewlett-Packard Financial Services Company

By: _____
[Name] DAVID N. CRAPO
[Title] COUNSEL