IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS, INC., et al. | ) | Case No. 09-10138(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re Dkt No. 14476** |

ORDER EXTENDING AUTOMATIC STAY AND
REGULATING THIRD-PARTY DISCOVERY

WHEREAS,

A.  Nortel Networks, Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have moved (the "Motion") for entry of an order, as more fully described in the Motion, (a) enforcing and/or extending the automatic stay pursuant to Section 362(a) of the Bankruptcy Code to third-party subpoenas seeking production of documents and testimony relating to a patent portfolio sold by Debtors to Rockstar Bidco, LP ("Rockstar"), (b) enforcing the Court's previous sale orders, protective orders, and confidentiality orders in the context of these third-party subpoenas, (c) entering a protective order, and (d) granting related relief under Section 105(a) of the Bankruptcy Code.

B.  The Court conducted a hearing on the Motion and considered the supporting Declaration of Timothy C. Ross and the record in these proceedings, including docket items in Case Nos. 09-10138, 09-10164, and 09-11972, as well as all papers filed in support of and in opposition to the Motion.

C. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105(a), 107(b), 362(a), and 541, and Bankruptcy Rule 9018.

D. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

E. The Court has determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors, and the parties in interest.

F. Adequate notice was provided to all parties with an interest in the Motion under the circumstances.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein. The Court has authority pursuant to Sections 362(a) and 105 of the Bankruptcy Code to grant the relief requested and such relief is necessary and appropriate. Exposing Debtors and affiliated persons and entities to multiple discovery requests in actions pending in multiple jurisdictions without a discovery plan and the Court's supervision will expose Debtors and their estates to time and expense which will reduce estate assets. At the same time, the Court must take into account the legitimate interests of third parties who are defending their interests in pending litigation. By this Order and the Court's continuing oversight, the Court is attempting to balance all parties' interests.

2. The automatic stay is hereby enforced and extended to protect Debtors, their property, and property of the estate, wherever located and by whomever held, from all third-party subpoenas that have been served on or will in the future be served on Debtors, their counsel, Debtors' former employees (the "Former Employees"), and/or other advisors and professionals retained by the estate in these proceedings (including, but not limited to, Global IP Law Group and Lazard Frères & Co. LLC) and the respective former employees of any such advisors and professionals (each, an "Advisor"), such that Debtors, their counsel, the Former Employees, and the Advisors shall not be obligated to respond to or comply with any now pending or future third-party subpoenas or other discovery requests (collectively, the "Third Party Subpoenas"), except as set forth herein and in subsequent orders.

3. The Debtors, Rockstar and the Parties requesting the subpoenas (the "Requesting Parties") shall meet and confer and attempt to develop a discovery protocol for pending and future third-party discovery of Debtors and affiliates, including the management of confidential information. The parties will submit such protocol or competing protocols three business days in advance of the hearing scheduled for December 5, 2014, at 10:00 a.m. (the "Scheduled Hearing").

4. The court may consider the appointment of a discovery mediator if the parties require on-going assistance.

5. Between the entry of this Order and the Scheduled Hearing, the discovery contemplated by the Third-Party Subpoenas shall be limited as set forth in Exhibit A attached hereto.

6. The Court retains jurisdiction with respect to all matters and disputes arising out of or relating to this Order, including, but not limited to, the interpretation, implementation, and enforcement of this Order, and to provide any further relief that is necessary or appropriate in furtherance of this Order.

7. The Court will determine the allocation of costs based upon evidence to be presented on the nature and scope of the discovery and the relative cooperation and reasonableness of the parties.

Dated: November 10, 2014

_____
KEVIN GROSS, U.S. BANKRUPTCY JUDGE