**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Nortel Networks Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br>Re: Dkt. Nos. 14476, 14478, 14633, 14636<br>Hearing Date: TBD |

**PRELIMINARY OBJECTION OF MONITOR AND CANADIAN DEBTORS TO DEBTORS' AMENDED MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 363 FOR ENTRY OF AN ORDER APPROVING THE SHARING OF COSTS RELATED TO THIRD-PARTY DISCOVERY**

Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") of Nortel Networks Corporation ("**NNC**"), Nortel Networks Limited ("**NNL**"), and certain of their direct and indirect Canadian subsidiaries (collectively, the "**Canadian Debtors**") in proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") pending before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**," and together with this Court, the "**Courts**"), together with the Canadian Debtors (collectively, the "**Canadian Interests**"), hereby files this preliminary objection to the *Debtors' Amended Motion Pursuant to 11 U.S.C. §§ 105 and 363 for Entry of an Order*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) (collectively, the "**U.S. Debtors**").

*Approving the Sharing of Costs Related to Third-Party Discovery* (the "**Amended U.S. Costs Motion**") [Dkt. No. 14633].[2]

## PRELIMINARY OBJECTION

1. On September 26, 2014, the U.S. Debtors filed the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105 and 363 for Entry of an Order Approving the Sharing of Costs Related to Third-Party Discovery* (the "**U.S. Costs Motion**") [Dkt. No. 14478] together with the Third-Party Subpoenas Motion.  By the U.S. Costs Motion, the U.S. Debtors sought, *inter alia*, an order from this Court requiring NNL to pay a portion of past and future costs incurred by NNI in connection with the Third-Party Discovery Requests.  Even though the U.S. Debtors sought to compel NNL to pay such costs, the U.S. Debtors did not initially seek such relief from the Canadian Court.

2. On September 29, 2014, the Canadian Interests informed the U.S. Debtors that the filing of the U.S. Costs Motion was made in violation of the Canadian Court's *Initial Order* dated January 14, 2009 (as amended and restated, the "**Initial Order**"), which, *inter alia*, imposes a broad stay of proceedings against the Canadian Debtors, their business and property (the "**CCAA Stay**"), as well this Court's order entered in the Canadian Debtors' pending chapter 15 cases giving the Initial Order (and the CCAA Stay contained therein) full force and effect in the United States (the "**Recognition Order**") [Case No. 09-10164; Dkt. No. 40 (Feb., 27, 2009)].

3. On October 23, 2014, the U.S. Debtors filed the Amended U.S. Costs Motion clarifying that they would seek relief with respect to the proposed cost-sharing on a joint basis with the Canadian Court and, accordingly, on October 24, 2014, the U.S. Debtors filed a

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Amended U.S. Costs Motion.

companion motion (the "**Canadian Costs Motion**") in the Canadian Proceedings seeking similar relief from the Canadian Court.

4. The U.S. Debtors also filed a request for a joint hearing [Dkt. No. 14636] with respect to the Amended U.S. Costs Motion and the Canadian Costs Motion. At present, a date has not been fixed for the joint hearing. The Canadian Interests intend to file a response to the Canadian Costs Motion once a return date is fixed. Accordingly, the Canadian Interests reserve the right to supplement this preliminary objection once the Canadian Interests have finalized their response to the Canadian Costs Motion.[3] The Canadian Interests meanwhile submit this preliminary objection to set forth certain aspects of their position with respect to the Amended U.S. Costs Motion and related matters.

5. The Canadian Interests support the underlying purposes of the Third-Party Subpoenas Motion and the related *Order Extending Automatic Stay and Regulating Third-Party Discovery* [Dkt. No. 14746]. The U.S. Debtors are not alone in having received expansive Third-Party Discovery Requests—the Canadian Interests and their counsel have received and are actively addressing (and incurring costs in addressing) broad letters of request in respect of discovery and subpoenas that have been served (or are sought to be served) on NNC and related parties by Google, Inc. and Time Warner Cable, Inc. The Canadian Interests are addressing such requests and the cost implications arising therefrom in the context of the Canadian Proceedings, having regard to the principles governing third-party discovery under Ontario law.

6. The Canadian Interests, however, object to the Amended U.S. Costs Motion for several reasons.

---

[3] Specifically, and without limitation, the Canadian Interests intend to file their response to the Canadian Costs Motion pursuant to the Cross-Border Protocol (as defined below).

7.      First, despite the clarifications in the Amended U.S. Costs Motion, the filing of the amended motion does not cure the infirmities of the U.S. Costs Motion. The Amended U.S. Costs Motion remains a breach of the CCAA Stay and merely continues the violation of the Initial Order, the Recognition Order, and the fundamental principles of comity and court-to-court cooperation embodied in chapter 15 of the Bankruptcy Code and the Cross-Border Protocol. The Canadian Interests respectfully submit that the Canadian Court should determine whether NNL is obligated to pay costs incurred by NNI in responding to the Third Party Discovery Requests.[4] The U.S. Debtors have acknowledged as much by filing the Canadian Costs Motion.

8.      Second, with regards to the merits of the substantive relief sought by the U.S. Debtors in both the Amended US. Costs Motion and in the Canadian Costs Motion, no agreement exists between NNL and NNI to "share" costs incurred by NNI in responding to the Third Party Discovery Requests, and there is no other legal or equitable basis for NNI to compel NNL to pay such costs. Indeed, throughout the Nortel proceedings the parties have borne their own costs, including their respective professional fees incurred in connection with the sale transactions that took place between 2009 and 2011, as well as their respective professional fees and other costs occasioned by the 2013 and 2014 allocation and claims litigation. Of particular note, each of the Nortel parties bore their own costs in the discovery process for the allocation

---

[4]     In this regard the U.S. Debtors are clearly aware of this Court's order approving "a cross-border protocol designed to promote respect for comity among the Courts, which recognized the validity of the stay in the Canadian Proceedings." Third-Party Subpoenas Motion at ¶98. Relevant here, paragraph 17 of the Cross-Border Insolvency Protocol (the "**Cross-Border Protocol**"), approved by order of this Court dated June 29, 2009 [Dkt. No. 990], provides:

> The U.S. Court hereby recognizes the validity of the stay of proceedings and actions against the Canadian Debtors and their property under the Canadian Order (the "Canadian Stay"). In implementing the terms of this paragraph, the U.S. Court may consult with the Canadian Court regarding: (i) the interpretation, extent, scope and applicability of the Canadian Stay and any orders of the Canadian Court modifying or granting relief from the Canadian Stay; and (ii) the enforcement of the Canadian Stay in the United States.

Cross-Border Insolvency Protocol at ¶ 17.

and claims litigation, a process in which the Canadian Interests bore the cost of producing *more than half* of the nearly 3 million total documents produced in that litigation.[5]

9. Finally, the Amended U.S. Costs Motion is premature. As detailed in the Third-Party Subpoenas Motion, in addition to seeking "cost sharing" with NNL and NNUK, NNI is seeking reimbursement of its discovery costs from both Rockstar (and certain of Rockstar's affiliates) and the parties propounding the Third-Party Discovery Requests. Until those reimbursement demands are resolved, it is unclear what, if any, unreimbursed costs NNI will have, and as such there is no need at this time for this Court or the Canadian Court to consider the Amended U.S. Costs Motion and the Canadian Costs Motion, respectively.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, to the extent the U.S. Debtors do not withdraw the Amended U.S. Costs Motion in its entirety or further amend the motion so as to clarify that no relief is being sought with respect to NNL, the Canadian Interests respectfully request that the Court deny the Amended U.S. Costs Motion and grant such other and further relief as the Court deems just and proper.

---

[5] While in certain limited cases the Nortel parties have *consensually agreed* in highly negotiated, Court-approved agreements to share certain costs, including the costs of jointly retained professionals (such as the fees and expenses of Lazard and Global IP, each of whom was retained on behalf of, and for the benefit of, each of NNC, NNL, NNI, and NNUK), no such agreement exists with respect to costs relating to Third Party Discovery Requests. Further, the Canadian Interests reserve all rights with respect to the U.S. Debtors' apparent effort to an obtain an order that would authorize reimbursement of costs incurred in connection with Third-Party Discovery Requests from the escrowed asset sale proceeds. *See* Amended U.S. Costs Motion, Exhibit A (proposed order) ¶ 8. It is wholly inappropriate for the U.S. Interests to seek such relief after the conclusion of the allocation trial and without prior agreement of the Nortel parties.

Dated: November 17, 2014
Wilmington, Delaware

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ Kathleen A. Murphy
Mary F. Caloway (No. 3059)
Kathleen A. Murphy (No. 5215)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
kathleen.murphy@bipc.com

-and-

**ALLEN & OVERY LLP**

Jacob S. Pultman
Ken Coleman
Daniel J. Guyder
1221 Avenue of the Americas
New York, New York 10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
jacob.pultman@allenovery.com
ken.coleman@allenovery.com
daniel.guyder@allenovery.com

*Attorneys for Ernst & Young Inc., as Monitor and Foreign Representative of the Canadian Debtors*