**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                                       :
                                                       :        Chapter 11
                                                       :
*In re*                                                :
                                                       :        Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                     :
                                                       :        Jointly Administered
                              Debtors.                 :
                                                       :
                                                       :        **RE: D.I. _____**
                                                       :
-------------------------------------------------------X

## ORDER GRANTING RELIEF FROM STAY
## TO EFFECTUATE A SETOFF AND APPROVING STIPULATION BETWEEN
## NORTEL NETWORKS INC. AND PENNSYLVANIA DEPARTMENT OF REVENUE

Upon the motion (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as

debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an

order pursuant to sections 105(a), 363(b), 502 and 553 of the Bankruptcy Code and Bankruptcy

Rule 9019, (i) authorizing NNI's entry into and approving the Stipulation, attached to the Motion

as Exhibit B, (ii) granting limited relief from the automatic stay to effectuate a setoff, and

(iii) granting the Debtors such other and further relief as the Court deems just and proper; and

adequate notice of the Motion having been given as set forth in the Motion; and it appearing that

no other or further notice is necessary; and the Court having jurisdiction to consider the Motion

and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Standing Order of Reference from the District Court dated February 29, 2012; and the Court

having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); and the Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief requested in the Motion, and that such relief is in the

best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the

record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is **GRANTED**.

2.      NNI is authorized to enter into the Stipulation, and the Stipulation is approved in

its entirety.

3.      The automatic stay is lifted to effectuate the setoff as set forth in the Stipulation,

which setoff is hereby authorized and approved.

4.      The Debtors are authorized, but not directed, to take any and all actions that may

be reasonably necessary or appropriate to perform their obligations and enforce their rights

arising under the Stipulation.

5.      The failure specifically to describe or include any particular provision of the

Stipulation in this Order shall not diminish or impair the effectiveness of such a provision, it

being the intent of this Court that the Stipulation be approved in its entirety.

6.      The Debtors, the Debtors' claim agent, Epiq Bankruptcy Solutions, LLC, and the

Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to

the Stipulation.

7.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the

terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors

are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2014
          Wilmington, Delaware

                                    _____
                                    THE HONORABLE KEVIN GROSS
                                    UNITED STATES BANKRUPTCY JUDGE