**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : Jointly Administered
:
---------------------------------------------------------X

## STIPULATION RESOLVING CLAIMS AND PERMITTING SETOFF BY AND BETWEEN NORTEL NETWORKS INC. AND THE PENNSYLVANIA DEPARTMENT OF REVENUE

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. ("NNI") and the Pennsylvania Department of Revenue ("Claimant") (collectively referred to herein as the "Parties" and individually as a "Party"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc., filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered));[2] and

WHEREAS, the Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) (the "Debtors"). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] The Petition Date for Debtors other than Nortel Networks (CALA) Inc. was January 14, 2009. The Petition Date for Nortel Networks (CALA) Inc. was July 14, 2009 (the "CALA Petition Date").

WHEREAS, the Office of the United States Trustee for the District of Delaware has appointed an Official Committee of Unsecured Creditors in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized; and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on January 15, 2009, the Bankruptcy Court entered the Order Pursuant to Sections 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code Authorizing the Debtors to Remit and Pay Certain Taxes and Fees [D.I. No. 48] that, along with the Order Supplementing Certain of the First Day Orders entered on February 5, 2009 [D.I. No. 239] and the Supplemental Order Authorizing the Debtors to Remit and Pay Certain Taxes and Fees entered on March 25, 2009 [D.I. No. 531] (together, "Tax Orders"),[3] authorize NNI to remit and pay certain taxes and fees consistent with their customary practices in the ordinary course of business, including personal property and real property taxes; and

WHEREAS, on or about March 26, 2009, Claimant filed proof of claim number 827 against NNI for interest and penalties in respect of sales and use taxes and foreign franchise taxes, interest and penalties, in the aggregate amount of $383,677.37, which was subsequently expunged and disallowed as an amended or superseded claim pursuant to the Order Granting Debtors' First Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Amended Claims) entered on January 21, 2010 [D.I. 2324]; and

---

[3]    Subsequent to the CALA Petition Date, the Court entered the Order to Have Previously-Entered Orders as Supplemented Govern Nortel Networks (CALA) Inc. Prospectively [D.I. 1099] (the "CALA Payment Order"). The CALA Payment Order provides that certain orders entered prior to the CALA Petition Date in the main proceeding with respect to the other Debtors, including the Tax Orders, are applicable to Nortel Networks (CALA) Inc. to the extent the relief granted in each of the orders is relevant to Nortel Networks (CALA) Inc.'s case.

WHEREAS, on or about August 10, 2009, Claimant filed amended proof of claim number 1676 against NNI for interest and penalties in respect of sales and use taxes and foreign franchise taxes, in the aggregate amount of $152,373.78 ("Claim No. 1676"), which was subsequently withdrawn on January 25, 2011 by Claimant in the Notice of Withdrawal of Commonwealth of Pennsylvania, Department of Revenue's Proofs of Claim Nos. 1676, 7453, 7518 [D.I. 4751]; and

WHEREAS, on or about August 4, 2009, Claimant filed amended proof of claim number 1696 against NNI for interest and penalties in respect of sales and use taxes and foreign franchise taxes, in the aggregate amount of $152,373.78, which was subsequently expunged and disallowed as redundant of Claim No. 1676 pursuant to the Order Granting Debtors' Fifteenth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. §502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Satisfied Claim, Wrong Debtor Claims and No Basis 503(b)(9) Claims) entered on November 18, 2010 [D.I. 4256]; and

WHEREAS, on or about October 7, 2010, Claimant filed amended proof of claim number 7453 against NNI for interest and penalties in respect of sales and use taxes and corporate net income taxes, in the aggregate amount of $6,079.49, which was subsequently withdrawn on January 25, 2011 by Claimant in the Notice of Withdrawal of Commonwealth of Pennsylvania, Department of Revenue's Proofs of Claim Nos. 1676, 7453, 7518 [D.I. 4751]; and

WHEREAS, on or about December 17, 2010, Claimant filed amended proof of claim number 7518 against NNI for interest and penalties in respect of sales and use taxes and corporate net income taxes, interest and penalties, in the aggregate amount of $935,648.49, which was subsequently withdrawn on January 25, 2011 by Claimant in the Notice of

Withdrawal of Commonwealth of Pennsylvania, Department of Revenue's Proofs of Claim Nos. 1676, 7453, 7518 [D.I. 4751]; and

WHEREAS, on or about December 23, 2010, Claimant filed amended proof of claim number 7535 against NNI for interest and penalties in respect of sales and use taxes and corporate net income taxes, interest and penalties, in the aggregate amount of $921,198.49, which was subsequently withdrawn on February 8, 2011 by Claimant in the Notice of Withdrawal of Commonwealth of Pennsylvania, Department of Revenue's Proofs of Claim Nos. 7535 and 7559 [D.I. 4904]; and

WHEREAS, on or about January 10, 2011, Claimant filed amended proof of claim number 7559 against NNI for interest and penalties in respect of sales and use taxes and corporate net income taxes, interest and penalties, in the aggregate amount of $935,648.49, which was subsequently withdrawn on February 8, 2011 by Claimant in the Notice of Withdrawal of Commonwealth of Pennsylvania, Department of Revenue's Proofs of Claim Nos. 7535 and 7559 [D.I. 4904]; and

WHEREAS, on or about January 10, 2011, Claimant filed amended proof of claim number 7558 against NNI for interest and penalties in respect of sales and use taxes (relating to sales tax license number 99494952) for the periods ending July 2004 and December 2000 respectively, and corporate net income taxes, interest and penalties (relating to corporate tax number 6078786) for the period ending December 2005, in the aggregate amount of $921,198.49 ("Claim No. 7558"); and

WHEREAS, on or about September 28, 2011, Claimant filed amended proof of claim number 8007 against NNI for corporate net income taxes, interest and penalties in the amount of $29,431 for the period ending December 2009, corporate net income taxes, interest and penalties

in the amount of $914,037 for the period ending December 2010 and corporate net income taxes in the amount of $892,822 for the period from January 1, 2011 to September 23, 2011 (each relating to corporate tax number 6078786, "Claim No. 8007); and

WHEREAS, on or about January 13, 2012, Claimant filed amended proof of claim number 8165 against NNI for corporate net income taxes, interest and penalties in the amount of $29,431 for the period ending December 2009 and corporate net income taxes in the amount of $892,822 for the period from January 1, 2011 to September 23, 2011 ("Claim No. 8165," and together with Claim No. 8007 the "Post-Petition Claims"); and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating Claim No. 7558 and the Post-Petition Claims (collectively, the "Claims"), the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, NNI has agreed with the amount of $921,198.49 claimed by Claimant in Claim No. 7558; Claimant has agreed that Claimant owes credits to NNI, relating solely to periods prior to the Petition Date, in the amount of $113,510 (which includes $111,143 of principal and $2,367 of prepetition interest), that can be set-off against the amounts owed to Claimant; and the Parties have agreed to set-off the maximum amounts mutually owed with respect to Claim No. 7558 as permitted by section 553 of the Bankruptcy Code, with the balance of $807,688.49 to be the amended amount of Claim No. 7558 ("Amended Claim No. 7558"); and

WHEREAS, the Parties have agreed that Amended Claim No. 7558 should be allowed as a general unsecured claim in the amount of $8,301.87 and a priority claim under section 507(a)(8) of the Bankruptcy Code in the amount of $799,386.62; and

WHEREAS, the Parties have agreed to resolve the portion of the Post-Petition Claims relating solely to post-petition corporate net income taxes, interest and penalties for the 2009 tax

5

year through the payment of $29,431 (the "Settlement Amount") by NNI to Claimant; and such payment will be sent to the following address in accordance with paragraph 3(b) of this Stipulation: ATTN: CAROL E. MOMJIAN, Senior Deputy Attorney General-in-Charge, PA Office of Attorney General, 21 S. 12th Street, 3rd Floor, Philadelphia, PA 19107; and

WHEREAS, the Parties have agreed that the Post-Petition Claims will be withdrawn by Claimant in accordance with this Stipulation; and

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. <u>Incorporation of Recitals</u>. The foregoing recitals are incorporated by reference as if fully set forth herein.

2. <u>Effectiveness</u>. The agreements, acknowledgments and obligations contained herein are expressly contingent upon, and shall become effective only upon entry by the Bankruptcy Court of an order or orders approving this Stipulation and the expiration and waiver of the fourteen (14) day stay set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (such date, the "<u>Effective Date</u>").

3. <u>Resolution of Claims</u>.

(a) On the Effective Date, Amended Claim No. 7558 shall be allowed as a priority claim under section 507(a)(8) of the Bankruptcy Code by Claimant against NNI in the amount of $799,386.62 and a general unsecured claim by Claimant against NNI in the amount of $8,301.87 in full and final satisfaction of any and all claims that have been or could have been asserted in Claim No. 7558.

(b) Within fifteen (15) business days of the Effective Date, NNI shall pay to Claimant the Settlement Amount in full and final satisfaction of any and all claims that have been or could

6

have been asserted in the Post-Petition Claims with respect to the 2009 tax year (the date the payment of the Settlement Amount is made by NNI, the "Payment Date").

4. <u>Withdrawal of Claims</u>: On the Payment Date, the Post-Petition Claims shall be deemed withdrawn with prejudice.

5. <u>Automatic Stay Modified</u>. Upon the Effective Date, the automatic stay will be modified, if so required, so that Claimant may effect a set-off of mutual pre-petition obligations between NNI and Claimant as described herein.

6. <u>Other Set-offs Disallowed</u>. For the avoidance of doubt, the entry of an order approving this Stipulation shall not constitute authorization for Claimant to set-off any other claims against any amounts owing by or to NNI or any of its affiliates.

7. <u>No Further Claims</u>. Upon the Effective Date, Claimant shall forever be barred from (i) amending Amended Claim No. 7558 or (ii) filing or otherwising asserting any further claim arising from or related to the period prior to the Petition Date and/or the 2009 tax year against any of the Debtors in the Debtors' chapter 11 cases. The allowance of Amended Claim No. 7558 described in paragraph 3(a) shall amend and supersede any and all claim amounts the Debtors list on their schedules filed with the Bankruptcy Court, and Claimant shall not have any further claims against the Debtors based on the Debtors' schedules.

8. <u>Release</u>. Upon the Effective Date, the Parties release and forever discharge each other and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or

unliquidated that the Parties now have, had, may have had or hereinafter may have arising from or related to the period prior to the Petition Date (including, without limitation, Claim No. 7558) and/or the 2009 tax year (including, without limitation, those portions of the Post-Petition Claims relating to the 2009 tax year).

9. <u>Limitation of Releases</u>. For the avoidance of doubt, the releases provided in paragraph 8 hereof do not affect and Claimant reserves its rights with respect to tax liabilities, if any, arising from or related to NNI's 2010, 2011, 2012 and 2013 corporate income tax returns or for tax periods thereafter ("<u>Future Claims</u>"). The Debtors reserve all of their rights and defenses with respect to any and all Future Claims, including, without limitation, the right to challenge and/or pursue an appeal of any Future Claims asserted by Claimant against the Debtors and the right to setoff any and all refunds, credits and/or overpayments that may arise as part of any Future Claims.

10. <u>Binding Effect</u>. This Stipulation and the related order of the Bankruptcy Court approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' chapter 11 cases.

11. <u>Court Approval</u>. The Parties hereby agree to the entry of an order by the Bankruptcy Court approving this Stipulation. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court. In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the claims resolved by this Stipulation and this proposed settlement shall not constitute an admission by the Parties regarding the validity of the claims resolved by this Stipulation or any legal arguments related thereto.

12. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications,

8

understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized agreement between the Parties.

13. <u>No Transfer</u>. Claimant represents that it has not sold, assigned or otherwise transferred the Claims or any of the claims being released pursuant to this Stipulation to a third party, that it has full power and authority to enter into this Stipulation and that it will not sell, assign or otherwise transfer the Claims prior to the order approving this Stipulation becoming final and non-appealable, and thereafter, only on notice to the Debtors and where the transferee signs a written undertaking in favor of the Debtors agreeing to be bound by this Stipulation.

14. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claims.

15. <u>No Reliance</u>. Each Party acknowledges and agrees that it has not relied on any statement or representation of any other Party, person or entity in determining to enter into this Stipulation.

16. <u>Costs and Expenses</u>. Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

17. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

18. <u>Representative Capacity</u>. Each person executing this Stipulation in a representative capacity represents and warrants that he or she is empowered to do so.

19. <u>Participation in Drafting</u>. Each Party represents and warrants that it has participated in drafting and preparation of this Stipulation and has been represented by sophisticated and experienced counsel in doing so. In any construction of this Stipulation, the Stipulation shall not be construed for or against any Party, but the same shall be construed fairly according to its plain meaning.

20. <u>Manner of Execution</u>. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

21. <u>Claims Register</u>. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

[*Signature Pages to Follow*]

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated:  November 20 , 2014

| Nortel Networks Inc. | Pennsylvania Department of Revenue |
|---|---|
| By:  *[signature]*  <br>  John J. Ray, III  <br> Principal Officer | By:  _____  <br>  Carol E. Momjian  <br> Senior Deputy Attorney General  <br> PA Office of Attorney General |

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: November ___, 2014

| Nortel Networks Inc. | Pennsylvania Department of Revenue |
|---|---|
| By: _____ <br> John J. Ray, III <br> Principal Officer | By: *(signed)* Carol E. Momjian <br> Carol E. Momjian <br> Senior Deputy Attorney General <br> PA Office of Attorney General |