# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS, INC, *ET AL.,*[1] | Case No.   09-10138 (KG) |
| Debtors | (Jointly Administered) |
| NORTEL NETWORKS INC., and NORTEL NETWORKS (CALA) INC., | Adv. Proc. No. 11-50207 (KG) |
| Plaintiffs, | |
| v. | |
| HEWLETT-PACKARD COMPANY and HEWLETT-PACKARD FINANCIAL SERVICES COMPANY, | |
| Defendant. | |

**ORDER APPROVING THE STIPULATION OF SETTLEMENT OF AVOIDANCE CLAIMS BY AND BETWEEN (1) NORTEL NETWORKS INC. AND NORTEL NETWORKS (CALA) INC. AND (2) HEWLETT-PACKARD COMPANY AND HEWLETT-PACKARD FINANCIAL SERVICES COMPANY AND RESOLVING PROOF OF CLAIM NO. 5928 FILED BY HEWLETT-PACKARD COMPANY AND CLAIM NO. 4264 FILED BY HEWLETT-PACKARD FINANCIAL SERVICES COMPANY**

Upon the motion (the "Motion"),[2] of Nortel Networks Inc. ("NNI"), Nortel Networks (CALA) Inc. ("NNCALA"), and their affiliated debtors, as debtors and debtors in possession in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

the above-captioned cases (collectively, the "Debtors"), for entry of an order, as more fully described in the Motion, authorizing NNI and NNCALA's entry into and approving the Stipulation, attached to the Motion as Exhibit B, and granting it such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED.**

2. The Debtors are authorized to enter into the Stipulation, and the Stipulation, including, but not limited to the releases contained in paragraphs 5 and 6 thereof, is approved in its entirety;

3. Claim No. 5928 is hereby reduced and allowed as a general unsecured claim in favor of Hewlett-Packard Company in the case of Nortel Networks, Inc. in the reduced amount of $837,892.54.

4. Claim No. 4264 is hereby reduced and allowed as a general unsecured claim in favor of Hewlett-Packard Financial Services Company in the case of Nortel Networks, Inc. in the reduced amount of $2,072.46.

5. The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to

give effect to the Stipulation, and are authorized, but not directed, to take any and all actions that may be reasonably necessary or appropriate to perform their obligations arising under the Stipulation.

6. The failure specifically to describe or include any particular provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such a provision, if being the intent of this Court that the Stipulation be approved in its entirety.

7. In the event of any discrepancy between the Stipulation and the terms of a plan under Chapter 11 of the. United States Bankruptcy Code confirmed pursuant to an order of this Court with respect to any of the Debtors, the terms of the Stipulation shall govern.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2014
      Wilmington, Delaware

                        _____
                        THE HONORABLE KEVIN GROSS
                        UNITED STATES BANKRUPTCY JUDGE

#2153197 v1
108627-73015