
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138(KG)
: Jointly Administered
Debtors. :
:
: Hearing Date: Dec. 5, 2014 at 10:00 a.m. EST
: Re: D. I. 14746
---------------------------------------------------------------x

## DEBTORS' SUBMISSION OF PROPOSED PROTOCOL FOR THIRD-PARTY DISCOVERY AGAINST DEBTORS

Pursuant to ¶ 3 of the Court's Order Extending Automatic Stay And Regulating Third-Party Discovery (D.I. 14746), Debtors hereby submit the attached proposed protocol (the "Protocol") to govern third-party discovery against Debtors.[2]

Debtors developed the Protocol and shared it with counsel for Google, Time Warner, the ARRIS Group plaintiffs, the Charter Communications plaintiffs, Cisco Systems, and Rockstar (collectively with Debtors, the "Parties"). The Parties thereafter met and conferred by telephone

---

[1] Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the U.S. Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Paragraph 3 of the Court's order states:

> 3. The Debtors, Rockstar and the Parties requesting the subpoenas (the "Requesting Parties" shall meet and confer and attempt to develop a discovery protocol for pending and future third-party discovery of Debtors and affiliates, including the management of confidential information. The parties will submit such protocol or competing protocols three business days in advance of the hearing scheduled for December 5, 2014 at 10:00 a.m. (the "Scheduled Hearing").

several times and also discussed the draft by e-mail. The Protocol, which is attached as <u>Exhibit A</u> hereto, is the result of those meet-and-confer efforts, and incorporates comments received from all of the parties mentioned above. With the exception of one sentence, as discussed further below, the Parties are in complete agreement on the Protocol.

In summary, the Protocol provides as follows:

*<u>Meet-and-Confer Required Before Serving Third-Party Discovery</u>*. The Protocol provides that Debtors shall not be required to respond to any subpoena or other form of discovery request unless and until the Requesting Party has (i) met and conferred with counsel for Debtors in a good-faith effort to reach agreement on the scope and timing of Debtors' discovery obligations and (ii) if no agreement is reached, sought and obtained leave of this Court to serve such subpoena or other form of discovery on Debtors. (Protocol ¶ 1.)

*<u>Patent-Related Documentation</u>*. The Protocol provides that Debtors shall not be required to produce any "Patent Related Documentation" absent a showing of good cause why such documents cannot be obtained from the party owning the Former Nortel Patents or from the plaintiff(s) in the Underlying Litigation. (Protocol ¶ 3.)

*<u>Cleared Allocation Trial Documents</u>*. The Protocol requires Debtors to produce approximately 1,850 trial exhibits, six specified deposition transcripts, and two bid evaluation documents (collectively, the "Cleared Allocation Trial Documents") that were reviewed and approved for production in connection with the Allocation Litigation. Debtors shall not be required to provide any further notice to any third-party of a proposed production of the Cleared Allocation Trial Documents, and Debtors shall have no liability with respect to any claim allegedly arising out of or resulting from such production. (Protocol ¶ 4.)

29859517.1

*Supplemental Document Discovery*.  In the event a Requesting Party reasonably believes that the Patent Related Documentation available from others and the Cleared Allocation Trial Documents are insufficient to meet its legitimate discovery needs, any further document discovery from Debtors shall be limited to one or more of the following document repositories: the Allocation Litigation database; the Unproduced Allocation Litigation Documents; the LiveLink Database; the Iron Mountain Physical Items; the Allocation Laptop Data; the deposition transcripts from the Allocation Litigation; and any later-identified document repository that Debtors believe contains responsive, non-duplicative documents (collectively, the "Data Repositories").  (Protocol ¶ 6.)  Requesting Parties may ask Debtors to run certain ESI searches against these repositories in order to generate "hit counts" of responsive documents.  Before producing any documents, Debtors may use an electronic filter to identify privileged documents and create a privilege log, and shall give notice of their intent to produce to other entities Debtors believe have a confidentiality and/or privilege interest in the documents.  Those parties will have 14 days to object to Debtor's proposed production, following which the Debtors will produce all responsive, non-privileged documents for which no objection was filed with the Court.  Debtors and the noticed parties will have broad claw-back rights with respect to any production that is made.  So long as Debtors take reasonable steps to ensure compliance with the Protocol, (i) Debtors shall have no liability with respect to any claim allegedly arising out of or resulting from such production of documents, and (ii) any production of documents by Debtors pursuant to the Protocol shall not waive the privilege interests of Debtor or any noticed third-parties in any produced documents.  (Protocol ¶ 7.)

*Discovery from Former Nortel Employees/Advisors*.  If any former employee of Debtors or any other Nortel entity or any of Nortel's former counsel, consultants or advisors is the subject

29859517.1

of discovery in litigation involving former Nortel patents, Debtors shall have no obligation to seek to prevent any such discovery or any obligation to prevent such persons from disclosing any privileged or protected information. Debtors shall have no liability with respect to any claim allegedly arising out of or resulting from any disclosure of privileged or protected information by any such persons. Any person or entity other than Debtors can assert any rights they claim to have to prevent or limit the disclosure of privileged or protected Information or the production of documents or deposition testimony from a former Nortel employee or advisor. (Protocol ¶ 8.)

*Cost-Sharing and Cost-Shifting*. Paragraph 7(k) of the Protocol, which addresses cost-sharing, is the one provision of the Protocol that is not fully agreed by the parties. As explained further below, ¶ 7(k) which sets forth a procedure for resolving disputes among the parties regarding the extent to which Debtors' costs of complying with third-party discovery ought to be shifted to, or shared with, other parties. Rockstar would like to add a sentence to ¶ 7(k) reserving certain potential objections to this Court making decisions on cost-sharing; in contrast, Debtors, Google, Time Warner, the ARRIS Group plaintiffs, the Charter Communications plaintiffs, and Cisco Systems oppose the addition of the sentence proposed by Rockstar.

For the most part, the Protocol states that any expense incurred by Debtors in responding to or otherwise addressing third-party discovery requests by Requesting Parties may be allocated among Debtors, the Requesting Party (or Parties), the Patent Owning Party, and/or any objecting third party in a proportion to be agreed upon by the parties or, if no agreement can be reached by the parties after consultation with the Discovery Mediator, as determined by the Court. (Protocol ¶ 7(k).) However, Debtors will bear the cost of (i) running an agreed set of Common Search Terms against the Data Repositories to determine "hit counts," (ii) running a reasonable number of case-specific search terms against the Data Repositories to determine hit counts, and (iii)

running a reasonable number of modified search terms against the Data Repositories for purposes of constructing optimal search terms that return a reasonable number of hits. (Protocol ¶¶ 7(a), 7(b), and 7(c))  Debtors' rights to seek cost-sharing from other Nortel estates with respect to any costs incurred by Debtors in responding to third-party discovery is preserved. (Protocol ¶ 10.)

As noted above, the only dispute among the parties concerning the Protocol relates to ¶ 7(k).  Debtors, Google, Time Warner, the ARRIS Group plaintiffs, the Charter Communications plaintiffs, and Cisco Systems would like ¶ 7(k) to provide as follows:

> Cost Sharing Procedure.  The expenses for the referenced activities may be allocated among Debtors, the Requesting Party (or Parties), the Patent Owning Party, and/or any objecting third party in a proportion to be agreed upon by the parties.  If no agreement can be reached by the parties with respect to the expense allocation for the referenced activities after consultation with the Discovery Mediator, those issues shall be resolved by the Court.

Rockstar, by contrast, would like ¶ 7(k) to contain an additional sentence at the end, so that it would state as follows:

> Cost Sharing Procedure.  The expenses for the referenced activities may be allocated among Debtors, the Requesting Party (or Parties), the Patent Owning Party, and/or any objecting third party in a proportion to be agreed upon by the parties.  If no agreement can be reached by the parties with respect to the expense allocation for the referenced activities after consultation with the Discovery Mediator, those issues shall be resolved by the Court.  This Order does not waive any jurisdictional objection that any party or third-party may have to this Court resolving any dispute concerning cost sharing.

Debtors submit that by virtue of, *inter alia*, the Court's jurisdiction over Debtors, its power to enforce provisions of the Asset Sale Agreement between Debtors and Rockstar, and its power to condition lifting of the stay on appropriate terms and conditions, the Court has jurisdiction to resolve any dispute concerning a request by Debtors that Rockstar bear some or all of the costs incurred by Debtors to comply with third-party discovery requests concerning patent

rights sold to Rockstar. Debtors understand Rockstar to contend that it may have objections to this Court's jurisdiction to resolve future disputes concerning cost-sharing, and wishes to have the Protocol make clear that such objections are preserved for possible assertion in the future. The parties will be prepared to discuss this issue with the Court during the status conference on December 5.

## CONCLUSION

The Protocol is, with the exception of a single sentence in ¶ 7(k), fully agreed by Debtors, Google, Time Warner, the ARRIS Group plaintiffs, the Charter Communications plaintiffs, Cisco Systems, and Rockstar. Debtors submit that the Protocol is a reasonable means of addressing the burdens and costs imposed on Debtors by third-party patent-related discovery. Debtors respectfully request that the Court enter the Protocol attached as <u>Exhibit A</u>, without the additional sentence proposed by Rockstar for ¶ 7(k).

Dated:  December 2, 2014               Respectfully submitted,

                                                                        CROWELL & MORING LLP
                                                                        Mark D. Plevin (admitted *pro hac vice*)
                                                                        Mark S. Supko (admitted *pro hac vice*)
                                                                        James J. Regan
                                                                        Matthew W. Cheney
                                                                        1001 Pennsylvania Avenue, N.W.
                                                                        Washington, D.C. 20004
                                                                        Telephone:  (202) 624-2500
                                                                        Facsimile:  (202) 628-5116

                                                                              – and –

- 7 -

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP


*/s/ Jennifer R. Hoover*
Jennifer R. Hoover (No. 5111)
Michael J. Barrie (No. 4684)
222 Delaware Ave., Suite 801
Wilmington, Delaware  19801
Telephone:  (302) 442-7010
Facsimile:  (302) 442-7012

*Counsel for Debtors and Debtors in Possession*