```
                    IN THE UNITED STATES BANKRUPTCY COURT
                       FOR THE DISTRICT OF DELAWARE


IN RE:                        )   Case No. 09-10138(KG)
                              )   (Jointly Administered)
                              )
NORTEL NETWORKS, INC., et al.,)   Chapter 11
                              )
                              )   Courtroom 3
                              )   824 Market Street
            Debtors.          )   Wilmington, Delaware
                              )
                              )   December 5, 2014
                              )   10:03 a.m.


                       TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE JUDGE KEVIN GROSS
                  UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:              Crowell & Moring
                          BY: MARK SUPKO, ESQUIRE
                          1001 Pennsylvania Avenue
                          Washington, DC  20004
                          (202) 624-2500

                          Benesch
                          BY: JENNIFER R. HOOVER, ESQUIRE
                          222 Delaware Avenue, Suite 801
                          Wilmington, DE  19801
                          (302) 442-7010

ECRO:                     AL LUGANO

Transcription Service:    DIAZ DATA SERVICES, LLC
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For the Monitor:                    Buchanan Ingersoll & Rooney,PC
                                    BY: KATHLEEN A. MURPHY, ESQ.
                                    1105 N. Market St., Ste. 1900
                                    Wilmington, DE  19801-1054
                                    (302) 552-4214

                                    Allen & Overy
                                    BY: JOSEPH BADTKE-BERKOW, ESQ.
                                    1221 Avenue of the Americas
                                    New York, NY  10020
                                    (212) 610-6417

For EMEA Debtors:                   Young Conaway Stargatt &
                                    Taylor
                                    BY: JAIME LUTON CHAPMAN, ESQ.
                                    Rodney Square
                                    1000 North King Street
                                    Wilmington, DE  19801
                                    (302) 571-6000

For Official Creditor's
Committee:                          Akin Gump Strauss Hauer & Feld
                                    BY: ROBERT JOHNSON, ESQ.
                                    One Bryant Park
                                    Bank of America Tower
                                    New York, NY  10036
                                    212-872-1000

                                    Whiteford Taylor Preston
                                    BY: CHRIS SAMIS, ESQ.
                                    The Renaissance Center
                                    405 North King Street
                                    Wilmington, DE  19801
                                    (302) 357-3266

For Solus Alternative
Asset Management:                   Quinn Emanuel Urquhart &
                                    Sullivan
                                    BY: ROBERT WILSON, ESQ.
                                    51 Madison Avenue, 22nd Floor
                                    New York, NY  10010
                                    (212) 849-7000

```
APPEARANCES:
(Continued)

For UK Pension Claimants:     Bayard, PA
                              BY: JUSTIN R. ALBERTO, ESQ.
                              222 Delaware Ave., Ste. 900
                              Wilmington DE  19899
                              (302) 429-4226


For Google:                   Friedlander & Gorris
                              BY: JEFFREY M. GORRIS, ESQ.
                              222 Delaware Avenue
                              Suite 1400
                              Wilmington, DE  19801
                              (302) 573-3500


For Rockstar:                 Farnan, LLP
                              BY: MICHAEL J. FARNAN, ESQ.
                              919 North Market Street
                              12th Floor
                              Wilmington, DE
                              (302) 777-0300


                              Irell & Manella, LLP
                              BY: ELLISEN S. TURNER, ESQ.
                              1800 Avenue of the Stars
                              Suite 900
                              Los Angeles, CA  90067
                              (310) 277-1010


For Time Warner Cable:        Desmarais, LLP
                              BY: DUSTIN F. GUZIOR, ESQ.
                              230 Park Avenue
                              New York, NY  10169
                              (212) 351-3400


                              Bifferato, LLC
                              BY: IAN CONNER BIFFERATO, ESQ.
                              800 North King Street
                              Wilmington, DE  19801
                              (302) 225-7600


For Cisco Systems:            Kirkland & Ellis, LLP
                              BY: JARED D. EDGER, ESQ.
                              555 California Street
                              San Francisco, CA  94104
                              (415) 439-1995
```

```
APPEARANCES:
(Continued)

For Lazard Freres:                Dentons US, LLP
                                  BY: ARTHUR H. RUEGGER, ESQ.
                                  1221 Avenue of the Americas
                                  New York, NY  10020
                                  (212) 768-6700

TELEPHONIC APPEARANCES:

For Official Committee of
Unsecured Creditors:              Akin Gump Strauss Hauer & Feld
                                  BY: MATTHEW FAGEN, ESQ.
                                  212-872-1000
                                  BY: DAVID BOTTER, ESQ.
                                  212-872-1055
                                  BY: FRED S. HODARA, ESQ.
                                  212-872-8040

For Interested Party:             Dow Jones & Company
                                  BY: PEG A. BRICKLEY, ESQ.
                                  215-462-0953

                                  Reorg Research, Inc.
                                  BY: KENT COLLIER
                                  212-257-4383

                                  Perry Capital
                                  BY: RICHARD PAIGE, ESQ.
                                  212-583-4000

                                  Southpaw Asset Management
                                  BY: ANDREW M. THAU
                                  203-862-6231

                                  Barclays, PLC
                                  BY: ERIC M. MASON
                                  (212) 412-6772

                                  Bloomberg, LP
                                  BY: PHILIP BRENDEL, ESQ.
                                  (609) 279-5671

For Creditor, Rebecca Song:       Napier Park Global Capital
                                  BY: REBECCA J. SONG
                                  (212) 235-0738
```

TELEPHONIC APPEARANCES:
(Continued)

| | |
|---|---|
| For Interested Party,<br>Nortel Networks UK<br>Pension Trust: | Willkie Farr & Gallagher, LLP<br>BY: NICHOLAS CHLUCHIOLO, ESQ.<br>(212) 728-8511 |
| For Debtor, Nortel Networks: | Cleary Gottlieb Steen &<br>Hamilton<br>BY: ALEXANDRIA S. MCCOWN, ESQ.<br>(212) 225-2000 |
| | Crowell & Moring, LLP<br>BY: JAMES REGAN, ESQ.<br>(202) 624-2930 |
| For Debtor, Special Counsel<br>for the Nortel Networks: | Crowell & Moring, LLP<br>BY: MARK PLEVIN, ESQ.<br>(415) 986-2800 |

1

1  WILMINGTON, DELAWARE, FRIDAY, DECEMBER 5, 2014, 10:03 A.M.

2          THE CLERK:  Please rise.

3          THE COURT:  Good morning, everyone.  Please be

4  seated.

5          ALL:  Good morning, Your Honor.

6          THE COURT:  It's good to see everyone.  Good

7  morning, Ms. Hoover.

8          MS. HOOVER:  Good morning, Your Honor.  Jennifer

9  Hoover, Benesch, Friedlander, Coplan & Aronoff here on the

10  Agenda, which was filed on December 3.  The only thing on

11  the Agenda this morning is a Status Conference on Your

12  Honor's Order extending the Automatic Stay and regulating

13  third party discovery.

14          THE COURT:  Yes.

15          MS. HOOVER:  With me is my co-counsel, Mark Supko

16  of Crowell & Moring and he'll be handling today's

17  presentation.

18          THE COURT:  All right, Ms. Hoover, thank you.

19          MS. HOOVER:  Thank you.

20          THE COURT:  Mr. Supko, good morning.  And it's

21  good to have you back.

22          MR. SUPKO:  Thank you, Your Honor.

23          THE COURT:  It looks like I may have to hand out

24  a bunch of gold stars here this morning.

25          MR. SUPKO:  Well, as Your Honor has seen, we've

1 made quite a bit of progress.

2          THE COURT:  Yes.

3          MR. SUPKO:  And I'm not sure there's a whole lot

4 for us to do in a way of presentation today.

5          THE COURT:  Well, there apparently is some

6 movement on some of the cases where certain Courts in

7 certain of the cases have stated the proceedings at least

8 temporarily.

9          MR. SUPKO:  That's true, Your Honor.  In all of

10 the Google cases, or excuse me, all of the Rockstar cases --

11          THE COURT:  Yes.

12          MR. SUPKO:  -- all of those cases have been

13 stayed, pending settlement.  So we have no active discovery

14 going on with respect to those cases.  There are cases that

15 are still going forward and those are the Spirax cases.  So

16 we do have outstanding discovery requests in that case.

17          THE COURT:  Okay, very good.  Thank you, Mr.

18 Supko.

19          MR. SUPKO:  Now with respect to the discovery

20 protocol that we submitted to Your Honor earlier this week,

21 the parties have done a lot of work together.

22          THE COURT:  Yes.

23          MR. SUPKO:  We think we've come to a proposal

24 that strikes a reasonable balance between the legitimate

25 discovery interests of third parties in these cases.  And on

1    the other side of that, the interests of the Debtors in

2    terms of avoiding undue expense and burden.  And probably,

3    most importantly, potential liability as a result of some of

4    the disclosures that we would be making in response to

5    discovery requests.

6                    There are two issues still to be finally nailed

7    down, which you probably saw from the protocol.  One of

8    those has to do with the discovery mediator.

9                    THE COURT:  Yes.

10                    MR. SUPKO:  The parties have agreed on Ms. Keller

11    to serve as the discovery mediator.  The other two

12    candidates that Your Honor proposed had conflicts, so you

13    know, they were out.

14                    THE COURT:  She did not have conflicts?

15                    MR. SUPKO:  She had some minor conflicts that --

16                    THE COURT:  Good.

17                    MR. SUPKO:  -- do not look like they're going to

18    present any issues.

19                    THE COURT:  Wonderful.

20                    MR. SUPKO:  At this point, we are just waiting to

21    receive a draft of a Retainer Agreement from Ms. Keller.

22    Once I receive that, I'll circulate it to the interested

23    parties, and hopefully, we'll have a Retainer Agreement in

24    place within the next week or two and then she'll be

25    available, if we need assistance going forward on discovery

1 | matters.

2 | THE COURT:  Excellent.

3 | MR. SUPKO:  The other issue is really just one

4 | sentence --

5 | THE COURT:  Yes, I saw that.

6 | MR. SUPKO:  -- in Paragraph 7(K) of the discovery

7 | protocol.  That has to do with, you know, I'm not going to

8 | speak for the other parties, they can certainly speak for

9 | themselves.  Our understanding of the issue, Rockstar would

10 | like to include a reservation of rights in Paragraph 7(K)

11 | with respect to cost sharing.  It's their view that there

12 | may be circumstances where costs are being allocated in a

13 | way that would exceed this Court's subject matter

14 | jurisdiction.  They feel that the issue is somewhat

15 | hypothetical at the moment, particularly, in view of the

16 | pending settlements.  So they're -- as I understand it, they

17 | would be content with just putting the reservation of rights

18 | in and not having full briefing and argument on that

19 | particular issue right now.

20 | From Nortel's perspective, we feel that Your

21 | Honor has subject matter jurisdiction to resolve any

22 | discovery disputes that comes from the limited extension or

23 | any extension that Your Honor wishes to -- or any lifting of

24 | the stay rather, that Your Honor would wish to impose for

25 | this third-party discovery.  So we feel that you do have

1    subject matter jurisdiction to resolve all of those

2    disputes.  Although, we're not unsympathetic to Rockstar's

3    position that the issue may not be ripe, may not require

4    resolution right now.

5         With respect to the other requesting parties, I'm

6    sure they'll chime in, but our understanding of their

7    position is that in addition to Your Honor having the

8    subject matter jurisdiction, Rockstar had subjected itself

9    to your Court, to the Court's jurisdiction by virtue of

10   participating in this process, getting some benefits from

11   the discovery protocol that we proposed as well.  And in any

12   event, all of the -- or any disputes about Your Honor's

13   jurisdiction should be resolved now.

14        So I'm happy to answer any questions that Your

15   Honor may have about the protocol that we've proposed.  I'm

16   also happy to cede the floor to other counsel, if you wish

17   to hear argument on that sentence in Paragraph 7(K).

18        THE COURT:  I think, first of all, I will -- I

19   have to compliment everyone.  It really is a very brilliant

20   and thorough protocol.  And I think it will address

21   virtually all the concerns that I would have had.  And I

22   think with the mediator in place, it just adds that much

23   more efficiency, I think, to this process.

24        As far as the Rockstar concern, I think I ought

25   to hear from the parties on -- as to that.  You've spoken, I

1 think, on behalf of the Debtors at this point and I could

2 hear from anyone else.

3          MR. SUPKO:  Oh, sorry, Your Honor, one other

4 issue.

5          THE COURT:  Yes.

6          MR. SUPKO:  I do believe one of the Nortel

7 advisors, Mr. Ruegger for Lazard, would like to be heard on

8 an issue as well.

9          THE COURT:  All right, very well, thank you.  Mr.

10 Bifferato, good morning.

11          MR. BIFFERATO:  Good morning, Your Honor.  Connor

12 Bifferato.  Your Honor, you have met my co-counsel, Dustin

13 Guzior, from Desmarais and he is here in the courtroom

14 today.  If I may, Your Honor, I'd like to introduce also my

15 co-counsel, Jared Edgar from Kirkland & Ellis who is here on

16 behalf of Cisco Systems.  Your Honor, we have filed a Motion

17 for Pro Hac Vice earlier this week.  I don't know if it's

18 been entered yet, but I'd just ask that Mr. Edgar be

19 permitted to speak.

20          THE COURT:  That would be fine, of course, Mr.

21 Bifferato, thank you.

22          MR. BIFFERATO:  Thank you, Your Honor.

23          THE COURT:  Thank you.  Good to see you.

24          MR. BIFFERATO:  Good to see Your Honor.

25          THE COURT:  Mr. Wilson.

1          MR. WILSON:  Good morning, Your Honor.

2          THE COURT:  Good morning.  Good to have you back.

3          MR. WILSON:  Thank you very much.  Robert Wilson

4   on behalf of Google.  I'd like to pick up really where Mr.

5   Supko left off and at least amplify our position with

6   respect to the issue on 7(K).

7          THE COURT:  Yes.

8          MR. WILSON:  We, as you know, Your Honor, we

9   submitted a letter regarding the stays just to go back to

10  that issue briefly.  And we'll keep Your Honor informed with

11  respect to the status of any kind of subsequent events or

12  any other entries of the Court with respect to those cases.

13         In the meantime, we have been participating with

14  the other parties in response to your initial order and

15  participated in the development of the second discovery

16  protocol that was submitted for Your Honor's consideration.

17         And as Mr. Supko indicated, our position, we do

18  oppose the entry of this language, this reservation of

19  rights that Rockstar is seeking here.  It is one sentence.

20  That seems like a relatively minor issue, but we think it's

21  a very important point.  And we think it's an important

22  point for a couple of reasons.

23         The way we view this is that, you know, Rockstar

24  has been participating so far and has actively involved

25  itself in the hearings before Your Honor, but also, more

1  importantly, with respect to the development of the second

2  discovery protocol.  They're participating in meet and

3  confers.  They've actually, you know, my understanding is

4  they've had discussions with Nortel and had specific

5  requests for certain provisions to be entered in the

6  protocol.  All the parties have considered those and are,

7  you know, considering the overall protocol in terms of the

8  overall balance between the parties and the incentives that

9  are created.

10              And what we see this sentence doing for Rockstar

11  is kind of giving it a little bit of trump card, if you

12  will, Your Honor.  It seems to us that Rockstar is trying to

13  have it both ways; kind of one foot in, one foot out.  And

14  our view is, is that they should either opt into this

15  process or not.  And if they're going to opt in, then they

16  will continue, presumably, to participate in all the things

17  that we've been doing, as well as, the determinations of the

18  Court and the presentations to the discovery mediator or

19  Your Honor regarding costs.

20              THE COURT:  Yes.  My concern is it would take

21  them outside of the mediation process as well.

22              MR. WILSON:  Exactly, Your Honor.  And I think

23  that raises a very important point because looking back at

24  your initial Order, part of the point of all of this, when

25  the parties first came in and we had all of these filings in

1   front of Your Honor and your resolution of those issues

2   seemed to say look, you know, we have all these different

3   cases pending in all these different jurisdictions.

4   Everybody is here.  Let's get everybody to the table, have

5   everybody sitting down and talking, and a couple of

6   incentives are created.  One incentive is, and one benefit

7   of that process is a -- to avoid inconsistent rulings from

8   Court-to-Court.  And, you know, this is an issue for Nortel,

9   but actually, also for us, Your Honor.  I mean, we're in two

10  different jurisdictions as well.  So if we have one

11  determination made in one of our cases and a different one

12  in another case, that creates issues for us.

13                  THE COURT:  Sure.

14                  MR. WILSON:  The second incentive that I think is

15  created then by Your Honor's first Order, really has to do

16  with cost sharing.  And we had a lot of discussion at the

17  first hearing about cost allocation.  And Your Honor said,

18  you know, let's let the process move forward.  We talked

19  about the discovery mediator.  And there's going to be a lot

20  of steps along the way in order to work ourselves through

21  this process.  And as you can see from the second discovery

22  protocol, it is detailed and there are a lot of things to

23  do.

24                  But part of the incentives, and part of keeping

25  the parties at the table and reasonable, is the issues

1  relating to cost allocation.  So there's a sense that if the

2  requesting parties, or Nortel, or Rockstar is somehow being

3  unreasonable or insisting on things that maybe they want,

4  then there should be a commensurate cost allocation for

5  that.  And that they may have to pay for it.  And maybe it's

6  not an unreasonable request, but it may be something that's

7  expensive.  And so if that party's willing to go forward

8  with that expense, then that may work.

9         This provision or this reservation of rights,

10 kind of gets Rockstar out from underneath that incentive

11 program.  So they want a place at the table and they want to

12 be able to have their say.  And they want to be able to have

13 access to certain documents and to have their opportunity to

14 review them.  Privilege issues are an issue for Rockstar.

15 They've already requested, in the second protocol, an

16 opportunity to review completely un-redacted allocation

17 trial exhibits.  That's not something that they would

18 ordinarily be entitled to with the notice provisions under

19 the ASA, but thus far, all of the parties have said, you

20 know, that's okay.  We're willing to sign onto that, but

21 again, not with the provision where at the end of the day,

22 what's going to happen?

23         Our concerns is, is that we will go through this

24 entire protocol.  We will spend a lot of time.  And we will

25 work very hard to work ourselves through these discovery

1    issues to reach a satisfactory resolution for everybody.

2    We, you know, I anticipate involving the discovery mediator

3    and Your Honor to some extent in that process.  And what

4    this seems to do is, is at the end of the day, Rockstar

5    wants to be able to say if the Court tells it, okay, we've

6    gone through all of this, here's the cost to you, here's the

7    cost to you, here's the cost to you.  We've heard all the

8    evidence, we've been through the process.  This is the final

9    resolution.  And Rockstar wants to be able to hold up its

10   hand and say, well, thank you for all of your determinations

11   on our, you know, protecting our rights and protecting our

12   interests, but we're going to opt out of the cost part.  And

13   that just doesn't seem to make any sense to us, Your Honor.

14           It also creates a problem for us because if we

15   are faced with that type of situation, Rockstar's

16   suggestion, and I guess I should take a step back here.

17   When this language first came up on Tuesday, we had quite an

18   extensive email exchange about it and then we finally

19   decided let's just get on a call and talk about it.  So we

20   had about a one-hour conversation about this one provision,

21   Your Honor.  And my understanding is, is that Rockstar is

22   saying well, you know, that doesn't necessarily mean that

23   you wouldn't be able to get costs from us, but if there's a

24   cost issue between say one of the requesting parties and

25   Rockstar, then that might be an issue for the underlying

1    Court to resolve.  And to us, that doesn't work for a couple

2    of different reasons.

3         One, it leaves us sort of hanging and having to

4    go seek additional relief in the underlying Court.  As I

5    mentioned, Google is now involved in two cases in two

6    different underlying Courts.  So I guess I'm not sure if I

7    have to go to both or one, or I'm not sure what the

8    situation is there.  And it again, fails to resolve all of

9    the issues, which is the underlying purposes of Your Honor's

10   first Order in our view.

11        The other thing that Rockstar mentioned on our

12   call is they say well, there may be certain issues that Your

13   Honor or this Court has jurisdiction over.  So for example,

14   they came up with the example if Nortel is seeking a cost

15   from Rockstar, that might be something that falls within the

16   Court's jurisdiction under the ASA, according to their view.

17   But if it's a dispute between say one of the requesting

18   parties, Google and Rockstar, then that may be something for

19   the underlying Court.  And to be honest, Your Honor, I'm not

20   sure how to parse that out.

21        I mean, again, I envision this process as if at

22   the end of the day at some point, we are either going to sit

23   down either literally or figuratively with the discovery

24   mediator or Your Honor, and we're going to parse out, you

25   know, divvy up the costs.

1              THE COURT:  Yes.

2              MR. WILSON:  It's like, how much has been spent

3    and who pays what?  If Nortel is requesting costs from

4    Google and Rockstar, and Google thinks that the amount that

5    Nortel is requesting, part of that should be shifted to

6    Rockstar, is that a Nortel request or is that a dispute

7    between Google and Rockstar?

8              THE COURT:  Yes.

9              MR. WILSON:  I'm not sure I know.  The other

10   thing is, is that even if I could parse that out, then I

11   have to pick up that issue out of this very -- this

12   extensive process, which I imagine is going to take a little

13   time, and take it to the underlying Court and say, let me

14   get you up to speed.  I mean, I think that's an impossible

15   task to require the District Court to do, which you know, is

16   obviously going to be very busy and is not going to have

17   been involved in any part of this process.  Whereas, Your

18   Honor and the discovery mediator will understand the context

19   and how these issues are arising in light of the various

20   requests between the parties and the various disputes that

21   have arisen between the parties.

22              So, you know, I'm not sure how to parse out that

23   particular dispute and identify what crosses the line.  And

24   then at the same time, to pick that up and take that to

25   another Court just seems to be an impossible burden.

1              So, Your Honor, basically, to summarize.  Our

2   position is, is that, you know, Rockstar really needs to

3   make a decision.  I mean, I think that it -- this is

4   something that needs to be resolved relatively early.  They

5   characterized it on the calls.  Well, we can kick this down

6   the road.  We don't necessarily have to, you know, decide

7   this right away.  I think this is something that needs to be

8   decided sooner rather than later because again, I think that

9   it affects the incentives and the structure that Your Honor

10  is trying to put in place in order to address these issues.

11  And really, you know, Rockstar has said, well, then we may

12  need a briefing on this.  We, you know, we may want to go

13  into the Court and brief all of the jurisdictional issues.

14             And, you know, we're not excited or we're not

15  attempting to impose anymore burdens on the parties at this

16  point.  We have a lot to do with respect to this discovery

17  protocol and the briefing is going to be another burden.  We

18  will obviously do that, if that's something that we think

19  will assist Your Honor.  But quite frankly, it seems like

20  I'm not sure what there is for the Court to resolve here

21  with briefing.  If the Court says that it doesn't have

22  jurisdiction and Rockstar wants to opt out, then it should

23  opt out and let Google, and the other requesting parties,

24  and Nortel get on with it, and we will.

25             At the same time, if they want to participate, I

1  don't believe that there is an objection to them

2  participating in the way that they have continued to

3  participate, but they need to participate fully and that

4  includes the cost allocation.

5           So, Your Honor, if you have any questions, I'm

6  happy to address it, but I think that articulates our

7  position.

8           THE COURT:  All right.  All right.  Thank you,

9  Mr. Wilson, I do appreciate it.  Yes, good morning.

10          MR. GUZIOR:  Good morning, Your Honor.  Dustin

11 Guzior on behalf of Time Warner Cable --

12          THE COURT:  Yes.

13          MR. GUZIOR:  -- Cisco, Arris and --

14          THE COURT:  I couldn't remember who you

15 represented, I was trying to find.

16          MR. GUZIOR:  It's a group of companies, Your

17 Honor.

18          THE COURT:  Yes.

19          MR. GUZIOR:  Mr. Wilson has already very clearly

20 explained the key points which we support.  But I wanted to

21 emphasize, first, a practical point.  The last time you and

22 I spoke very practically about the discovery that we needed.

23 And I think a lot of those practical solutions we discussed

24 are embodied in the second discovery protocol that you have

25 in front of you.

1          However, I think that on this sentence that

2    Rockstar wants to add to Section 7(K) of that second

3    discovery protocol, it's really going to create practical

4    mischief.  In the sense that to echo a little bit of what

5    Mr. Wilson said, there are going to be a lot of redos.  And

6    to illustrate that, let's imagine that some point a month

7    down the road, Nortel, Google, Time Warner Cable, Rockstar,

8    and Ms. Keller, we all get in a room together.  And we're

9    discussing one item that has to do with the privilege search

10   terms that Nortel is going to apply to its data set.

11   Another issue with respect to how the privilege log is going

12   to be constructed.  Still another issue with, you know, how

13   meticulous a quality control check on those privilege

14   filters needs to be.

15         And we sit down with Ms. Keller and she says,

16   okay, well with respect to Item A, I'm going to allocate

17   costs between Google, Time Warner Cable, and Nortel in some

18   percentage.  With respect to Item B, I am going to allocate

19   costs among everyone.  With respect to Item C, well, I'm

20   going to allocate those costs between Rockstar, Google, and

21   Time Warner Cable.

22         Now as I understand what Rockstar wants to do

23   with its sentence in 7(K), it's response to Ms. Keller is

24   going to be, nope, and that's it.  They're going to come in

25   here and say, Your Honor, you don't have subject matter

1  jurisdiction.  We don't care that we just participated in

2  this mediation process.  We're not going to pay a dime of

3  that.

4           And, Your Honor, the practical effect of that is,

5  we're then going to have to go to Texas.  I'm going to have

6  to go Judge Robinson in Delaware.  And I'm going to say,

7  Your Honor, we've already discussed this with Judge Gross.

8  We've already discussed this with Ms. Keller.  Here are the

9  decisions that have been reached on how this is going to

10  proceed, but we need you to either confirm that or modify it

11  as you think is appropriate, and it's going to relieve --

12  will lead to the exact mischief that this Court was trying

13  to avoid in the first place.

14           Second, Your Honor, apart from that practical

15  point.  We were a little bit surprised to hear that Rockstar

16  has this issue because on the hearing that we had in

17  November, it was repeatedly raised that Rockstar being a

18  part of the process is important.  Mr. Wilson said that it

19  was essential.  And I said to Your Honor that I thought your

20  idea was a very good one, so long as the Court had

21  jurisdiction over Rockstar.  And your response to me was it

22  does.  So --

23           THE COURT:  They were here.

24           MR. GUZIOR:  They were, Your Honor.  So this is

25  my point.

1          THE COURT:  And, in fact, among all these

2    parties, they are virtually the party that was here.

3          MR. GUZIOR:  Yes, so --

4          THE COURT:  Other than, of course, the Debtors.

5          MR. GUZIOR:  Yeah.  So, Your Honor, my point is,

6    you know, Rockstar being subject to jurisdiction, was very

7    much a part of the conversation we had at the last hearing.

8    And Mr. Turner didn't come up here and say, Your Honor,

9    before you do any of this entering of an Order and all of

10   the work that the parties are going to do, I want you to

11   know that we're not subject to jurisdiction.  He didn't

12   contest that.  So, Your Honor, I think we're a bit surprised

13   to hear that Rockstar is raising that point now.

14          And, Your Honor, if you were inclined to have

15   jurisdictional briefing, which we do not think that's

16   necessary, you know, I just want to say, I think there are

17   three fairly obvious bases for this Court's jurisdiction.

18          The first, as Mr. Supko points out, is that the

19   Court has already exercised authority under 105 to extend

20   the Automatic Stay.  Everything now is a modification of

21   that stay.  And the Court can condition that on whatever it

22   likes.

23          The second basis, Your Honor is that this is

24   fundamentally about Nortel, the Debtor seeking reimbursement

25   of costs from litigations that Rockstar is generating.

1          And then third, Your Honor, the Section 363(f)

2    Sale Order that the Court entered in connection with the

3    Asset Sale Agreement --

4          THE COURT:  That's what I meant, yes.

5          MR. GUZIOR:  -- provides a very good basis.  And

6    Your Honor, myself and my firm, we represent a lot of non-

7    practicing entities.  Rockstar is a non-practicing entity.

8    It's a company that goes out and attempts to license or

9    enforce patents.  You routinely see in patent assignment

10   agreements between an original patent holder and a patent

11   assertion vehicle or an MDE, a provision in the contract

12   that says how third party discovery is going to be handled.

13   Who is going to pay?  How, you know, who is going to be

14   responsible for providing counsel because it's contemplated.

15         Your Honor, it appears that in the Asset Sale

16   Agreement, the parties simply omitted this.  And Your Honor

17   retained jurisdiction to resolve these precise issues.

18         That's all that I have, Your Honor, unless you

19   have questions.

20         THE COURT:  No, I understand your point.  And

21   your last point was the one that I said somewhat, I think,

22   glibly, well, they were here, and that's what I meant.

23         MR. GUZIOR:  Oh, that's what you meant.

24         THE COURT:  That's what I meant.  That they were

25   here.

1          MR. GUZIOR:  I understand, Your Honor.

2          THE COURT:  Yes.

3          MR. GUZIOR:  And then, Your Honor, I want to

4    introduce Mr. Edgar, who I believe is just going to

5    introduce you to an issue that wasn't addressed last time,

6    which is the Spirax litigation.

7          THE COURT:  All right, thank you.  Thank you very

8    much, Mr. Guzior.  Good morning, Mr. Edgar.

9          MR. EDGAR:  Thanks.  Good morning, Your Honor.

10   My name is Jared Edgar and I am at the Law Firm Kirkland &

11   Ellis and I represent Cisco.

12         THE COURT:  All right.

13         MR. EDGAR:  And kind of to take us onto a little

14   bit of a tangent, I wanted to echo something that Mr. Supko

15   alluded to earlier.  And that is that there are other cases

16   related to the Nortel patents beyond the Rockstar cases that

17   are not stayed.  And I represent Cisco in one of those

18   cases.  The case caption is Spirax, Inc., vs. Cisco Systems,

19   Inc, and that's pending here in Delaware before Judge

20   Robinson.  And again, as I said, the Nortel patents, there

21   are Nortel patents at issue in that case.  And, you know,

22   Cisco is in need of discovery from Nortel on those patents

23   for purposes of that case.

24         THE COURT:  All right.

25         MR. EDGAR:  I just wanted to alert you to that.

1              THE COURT:  All right.  And forgive me, I -- are

2     you a party to this protocol?

3              MR. EDGAR:  Cisco is a party to --

4              THE COURT:  Cisco is.

5              MR. EDGAR:  -- to the protocol.

6              THE COURT:  Yes.

7              MR. EDGAR:  That's right.

8              THE COURT:  Good, all right.

9              MR. EDGAR:  Yeah.

10             THE COURT:  Thank you.

11             MR. EDGAR:  Yeah.

12             THE COURT:  Thank you very much, Mr. Edgar, I

13    appreciate the information.

14             MR. EDGAR:  Thank you, Your Honor.

15             THE COURT:  Good morning.

16             MR. FARNAN:  Good morning, Your Honor.  Michael

17    Farnan, on behalf of Rockstar.

18             THE COURT:  Yes, Mr. Farnan.

19             MR. FARNAN:  And with me on the line is Ellisen

20    Turner from Irell & Manella in Los Angeles.  And if it's

21    okay with Your Honor, Mr. Turner will speak on behalf of

22    Rockstar, if he has anything to say.

23             THE COURT:  That would be wonderful, thank you.

24             MR. FARNAN:  Okay.  Thank you, Your Honor.

25             THE COURT:  Thank you, sir.  Mr. Turner, do you

1  have anything --

2           MR. TURNER:  Thank you, Your Honor.

3           THE COURT:  -- to say, all the way from

4  California at, what is it, 7:30 in the morning.

5           MR. TURNER:  At 7:30, exactly, yes, exactly.

6  This is Ellisen Turner with Irell & Manella.  I appreciate

7  the accommodation for the call, Your Honor.

8           THE COURT:  Any time.

9           MR. TURNER:  We -- I want to orient us a little

10  bit because I think there's been some mistake about how

11  Rockstar ended up in this situation the in the first place.

12  We appeared at the last hearing because there was, without

13  notice to us, a request to stay the underlying Rockstar

14  litigation until the third party, until the requester,

15  Cisco, et cetera, could obtain discovery from Nortel.  And

16  when we found out about that request, we appeared to object

17  to that stay.

18           In the course of the hearing, some -- many

19  comments were made about Rockstar needing to be involved in

20  the discovery discussions between Nortel, and Cisco, and

21  Google, and that came as a surprise to us because no one had

22  ever asked us to be involved.  And, Your Honor, I think

23  appropriately, asked the parties to actually talk to each

24  other and involve Rockstar in those discussions so that

25  instead of imagining what Rockstar's objections to discovery

1  might be, you could learn exactly what Rockstar's objections

2  might be.  And as it turns out, our objections are minimal

3  and are handled by the protocol that's been proposed to Your

4  Honor.

5          So what is difficult for us to understand is what

6  additional costs might be imposed on Rockstar when the

7  provisions here are -- seem to us, a reasonable way to

8  address the only question that I think was being posed to

9  Rockstar, which was what can Nortel do to produce documents

10 while avoiding creating liability or [audio-skip] in

11 relation to Rockstar.  Here, they will take reasonable steps

12 to prevent the production of privileged documents.  Everyone

13 has agreed.  They had agreed before the last hearing that

14 there would be a claw back right for any non-parties,

15 including Rockstar.  And, of course, there is an agreement

16 that any inadvertent production of privileged materials is

17 not a waiver.

18          Importantly, Your Honor, this provision on cost

19 sharing, does not relate to just Rockstar as you'll see.

20 The cost sharing procedure in 7(K) relates to any continuity

21 parties and any objecting third parties.  So the sentence

22 that Rockstar thought to add, actually preserved the rights

23 of the non-parties, people who have had no involvement in

24 this procedure whatsoever from being required to pay costs,

25 simply because they want Nortel to abide by the

1  confidentiality and privilege obligations that they already

2  bought, and paid, and negotiated for when they reached

3  agreements with the Debtors and those agreements were

4  approved by the Court.

5        Now all of that said, all we're saying at this

6  time is we want to be cooperative.  We aren't impeding any

7  of the discovery that's being sought from Nortel.  If there

8  was an issue where it seems that Rockstar should be paying a

9  cost, we are perfectly happy to discuss that.  We'll be

10  there with the discovery mediator.  And if it deems as if

11  the costs are outside the four corners of the Asset Sale

12  Agreement and its related agreements which this Court does

13  have jurisdiction to interpret and enforce, then we may have

14  an objection that costs should not be imposed by this Court

15  on Rockstar.  Instead, if there is a dispute as to who

16  should pay the costs, it may be that those costs should be

17  imposed on the requesting party as is standard in normal

18  litigation.

19        And we're here on non-party subpoenas.  In the

20  instance of non-party subpoenas, normally, the requesting

21  party or the producing parties will have to bear the costs,

22  depending on the burden of complying with the requests.  I

23  am not aware of any instance where a third party who -- to

24  whom the producing party owes a confidentiality obligation,

25  gets hauled in to pay the costs of a requesting party's

1    request for documents.  And that's important here, Your

2    Honor, because in many instances that we've seen so far, the

3    request for discovery exceeds the scope of what the

4    underlying District Court would even allow of a party.  And

5    now they're trying to get it [audio-skip] parties.

6              We think that the underlying District Court is in

7    the best position to determine whether, as between Rockstar

8    or some other litigant and one of the requesting parties,

9    the costs should be paid by Rockstar or that requesting

10   party.  The District Court will be able to do that

11   themselves with the standard procedures related to costs and

12   attorney's fees being paid by the prevailing party.  That is

13   something that is difficult in the instances where a

14   requesting party is keeping the non-party subpoena and is

15   made to pay the costs of that non-party production.  The

16   underlying District Court resolves any issues of cost

17   sharing between the actual litigants in the underlying

18   patent litigation.

19             We think that's something that may have to happen

20   here, but it may never have to happen here.  It may be that

21   everyone agrees that a particular instance, oh, that's a

22   cost borne by Nortel due to an obligation of Rockstar that

23   the ASA actually has a provision that says Rockstar will

24   have to pay that cost.  And so, we just want to preserve for

25   another day, the issue that there may be these rare

1  instances where a cost is for some reason, the discovery

2  mediary thinks Rockstar should have a place in paying it,

3  but in fact, Rockstar had not requested the documents,

4  Rockstar had not impeded the production of the documents,

5  and Rockstar essentially has nothing to do with the

6  documents.

7          It should be a situation where we could say look,

8  it just does not seem appropriate to us, Your Honor.  The

9  Asset Sale Agreement doesn't call for it.  We've already

10  paid $4.5 billion dollars to have our confidentiality and

11  privilege obligations protected, excuse me, rights

12  protected, and so we should not have additional costs

13  imposed outside of the four corners of that agreement.

14          Again, Your Honor, I think that's a question for

15  another day.  We would be happy to participate in the

16  procedure and the parties have been gracious enough to now

17  start to invite us to their phone calls.  And there's no

18  question that Rockstar will be at the table.  We are not

19  opting out of any instance where Nortel fears liability from

20  Rockstar by its production of documents.  We will be there

21  to work cooperatively with the parties.  It's only in

22  instances where costs are unfairly imposed, inconsistent

23  with what the District Court in the underlying litigations

24  would believe appropriate, that we may have an objection to.

25          And of course, Your Honor, I believe that because

1   this provision relates to other continuity parties and third

2   parties, those parties were not even here today before Your

3   Honor and should have an opportunity to contest jurisdiction

4   of any costs being imposed on that.  Thank you, Your Honor.

5           THE COURT:  All right, thank you, Mr. Turner.

6   You know -- yes, Mr. Wilson, I saw you wanted to respond.

7           MR. WILSON:  Thank you, Your Honor, very briefly.

8   I just want to pick up a couple of points that Mr. Ellisen

9   made.  I'm sorry, Mr. Turner made on the call here.

10          First, you know, Rockstar is saying, well, look,

11  this applies to any third party or anybody who hasn't been

12  involved with the second discovery protocol.  And, you know,

13  while I appreciate that the language is that broad, I can't

14  -- I'm not really persuaded by the fact that Rockstar is

15  doing this for the benefit of other third parties or other

16  people.  Rockstar is not that third party.

17          THE COURT:  Right.

18          MR. WILSON:  Rockstar is here.

19          THE COURT:  Right.

20          MR. WILSON:  And they have been involved in the

21  second discovery protocol.  And if there comes a time when

22  some other third party has an objection, Your Honor, and

23  this Court will be able to address it and will presumably do

24  so at that point.  So I think that's a hypothetical that

25  doesn't really decide the issue here.

1          Also, Mr. Turner talks about, you know, how the

2    District Court would allocate costs and the fact that, you

3    know, it shouldn't, as a third party, have to be involved in

4    the cost allocation process.  And I think that's kind of

5    interesting the way they're characterizing that.  And, you

6    know, obviously, they're correct.  These are Rule 45

7    Subpoenas that started this process between the requesting

8    parties and Nortel.  And now Rockstar is coming into this

9    Court and saying, well, we're -- oh, we're a third party.

10   Well, if we were in the District Court, they are the

11   Plaintiff or the counterclaim Defendant asserting their

12   patents.

13          THE COURT:  Right.

14          MR. WILSON:  The costs wouldn't be allocated.

15   They would pay the costs to produce all of these documents

16   because as we discussed at the last hearing, these are

17   documents relating to the development of the patents,

18   valuations, internal things that happened at Nortel.  And if

19   Nortel had never sold the patents through an auction to

20   Rockstar, and was asserting its patents, it would gather and

21   produce all of those documents in the ordinary course of

22   patent litigation and it -- each side would bear the burden

23   of its own, payment of its own costs.

24          So I think that's a little bit of a misnomer.

25   It's like we're trying to -- Mr. Turner is trying to apply

1  Rule 45 analysis as a third party when they are a party in

2  all of the litigations.  So, I don't think that applies here

3  at all.  Then the issue is we are in a situation where we do

4  have a third party subpoena and then how those costs get

5  allocated under Rule 45.  You know, the cases indicate that

6  the Court has broad discretion to discuss and consider a

7  variety of factors.

8          One of the most important factors that we've come

9  across is whether the parties in cases where there's been a

10 transaction similar to this, whether the parties could

11 reasonably anticipate that there would be litigation.  And

12 if they could, that Rule 45 Subpoenas would ultimately be

13 served on the party who purchased the asset.  And if they

14 can anticipate that, then there's not cost shifting to the

15 requesting parties.  So if anything, it supports cost being

16 borne by Nortel and Rockstar who are, if you will, on the

17 patentee side versus the requesting party side.  And so, if

18 anything, the cases under Rule 45, again, kind of go against

19 this argument that Rockstar should somehow be able to carve

20 itself a particular exception out from the protocol.

21          THE COURT:  All right.  Thank you, Mr. Wilson.

22          MR. WILSON:  Thank you, Your Honor.

23          THE COURT:  Any response to that, Mr. Turner?

24          MR. TURNER:  Very simply, Your Honor, that I

25 think there's a little bit of confusion about the context.

1    The requesting parties issued the Rule 45 Subpoenas to

2    Nortel.   That is a non-party proceeding and the cost in that

3    proceeding would be allocated either between the producing

4    parties, Nortel or the requesting parties, Cisco, Google, et

5    cetera.   Rockstar would normally not be involved in that

6    cost sharing allocation whatsoever in the underlying

7    litigation, if the requesting party, after having been

8    ordered to pay costs in relation to its non-party subpoenas,

9    was to go back to the District Court and this would be the

10   normal procedure.   You'd go back to the District Court and

11   say well, now we have succeeded in the litigation, if they

12   have.   They would say well now there should be a discussion

13   with the District Court about costs and fees for the

14   prevailing party.   And it is at that time, that they may be

15   able to recover what they spent in getting documents through

16   non-party subpoenas.   That is the normal course and that is

17   what possibly should happen here.

18              Again, I think that's a question for another day

19   because we are so outside the context of what the actual

20   hypothetical costs and what the particular burdens were that

21   resulted in that cost and who caused them, that my vision is

22   simply that we should wait until we know exactly what costs

23   are being imposed and why, and whether the Court has

24   jurisdiction over those particular types of costs, over the

25   particular non-party involved in that dispute, whether it's

1   Rockstar, Spirax, or some other patent owning party.  And

2   again, because of the stays and likely settlement, Rockstar

3   may not be involved in this whatsoever going down the road.

4   And this provision would allow the mediator in this Court to

5   impose costs on Rockstar even when it's not a party in the

6   underlying litigation.

7           So again, Your Honor, I think it's not

8   appropriate.  I think it's a question that we should resolve

9   at a later day when we know whether or not this Court has

10  jurisdiction on the particular costs.

11          THE COURT:  Well, I assume Rockstar is going to

12  remain as a party in litigation, other litigation that's

13  either pending or will be filed.  Is that not --

14          MR. TURNER:  Your Honor, the -- I'm sorry.

15          THE COURT:  Go on.  I'm sorry, Mr. Turner.

16          MR. TURNER:  Your Honor, that may not be true in

17  light of the particular context of the settlements that are

18  underway.

19          THE COURT:  Oh, I see.

20          MR. TURNER:  So I'm not at liberty to reveal the

21  details, but that may or may not happen.

22          THE COURT:  All right.  Well, here's what I hear

23  the parties saying and I'm very sympathetic to it.  They

24  want certainty.  They don't want this to be an issue that

25  arises later and they find themselves in a Court that they

1  didn't -- where they didn't expect to be or they're outside

2  of the mediation process, where they had hoped to be and

3  thought would be very useful.

4          And my view is, just putting the jurisdiction

5  question to one side because, you know, Bankruptcy Courts

6  are very sensitive about jurisdiction and we don't want to

7  exceed our jurisdiction.  And I really don't have the

8  benefit, you know, of briefing on it and I don't want to

9  have to put the parties to the burden of briefing.  But it

10  seems to me, that Rockstar is either in the protocol or out

11  of the protocol.  If it's in the protocol, then that means

12  it's in for purposes of mediation and this Court's

13  determination of issues that are not resolved, including the

14  costs.  And I don't see how it can be, you know, in for some

15  and not -- in for some issues and not for another issue.

16  That's my concern.

17          And I hate to make a jurisdictional finding.  If

18  you tell me, Mr. Turner that you really feel strongly about

19  this and would insist on submitting your arguments to me,

20  but I would think that it's in Rockstar's interest as well

21  to be a party to this protocol.  I, however, am not in the

22  position of telling Rockstar what's in its best interest,

23  but I'm just suggesting that I'm a little surprised,

24  particularly, since Rockstar purchased these assets through

25  a procedure in this Court, so that if anybody would be

1    susceptible to the Court's jurisdiction, it ought to be

2    Rockstar.

3              MR. TURNER:  Your Honor, I -- appropriately so

4    and I think that is correct between Nortel and Rockstar

5    where Nortel believes that Rockstar should be paying the

6    costs that Nortel has incurred and responded in non-party

7    discovery.  That is an issue that I think is squarely for

8    Your Honor to resolve.  And under this very cost sharing

9    procedure, we would be here and have to stand for that

10   issue.  But there may be instances where the real dispute is

11   whether, as between the requesting party and Rockstar, some

12   costs should be shared between those two.  So there's no

13   question at that point that Nortel is not paying, the

14   mediator has decided that it's not Nortel's obligation, it's

15   some amount of Cisco and Rockstar's obligation.  I think

16   that is not a dispute that Your Honor should be resolving.

17   I think that is a dispute that the underlying District Court

18   should resolve because it has the fact information about the

19   context of the underlying dispute that led to the discovery,

20   whether the discovery was appropriate to that dispute, and

21   whether the discovery is even relevant to that dispute.

22             And so in that instance, as between Rockstar and

23   the requesting party, there may be instances where Your

24   Honor would not have jurisdiction to allocate the costs

25   between those two parties in that dispute.  That's between

1 Nortel and Rockstar, of course, as between Rockstar and, you

2 know, entities or some other non-party disputes, possibly

3 not, Your Honor.

4        And so I think the idea of Rockstar opting out,

5 Rockstar's certainly not trying to opt out of this procedure

6 because certainly as between Nortel and Rockstar, we'd be

7 involved in this procedure all the way through with the

8 mediator and so on.  It is as between the requesting parties

9 and Rockstar where cost sharing may not be appropriate under

10 this procedure.

11        THE COURT:  I understand that argument, but all

12 of the other provisions of the protocol, it seems to me,

13 involve more than just the Nortel/Rockstar dispute.  That's

14 the problem.  And I think what the parties are saying is

15 we're willing to buy into this process entirely so that we

16 have one forum that is deciding all of the issues and one

17 mediator who is helping us to resolve all of the issues.

18 And Rockstar is saying that's great and we're in on

19 everything except when it comes down to who might have to

20 pay for it, we want to be able to take this to the District

21 Court.  And that's troublesome to me.

22        MR. TURNER:  Your Honor, only to the District

23 Court in relation to disputes between Rockstar and the

24 requesting parties, not as between Rockstar and Nortel.  To

25 the extent the dispute involved Nortel in any way, it would

1  be a matter for this Court.

2           THE COURT:  All right.

3           MR. TURNER:  And so, you can imagine situations,

4  Your Honor, where both you and the mediator decide that

5  Nortel shall not pay the costs and that they should be paid

6  by some allocation between various third parties, requested

7  parties, and Rockstar.  If there's an underlying litigation,

8  the -- Your Honor could very easily say and you, Cisco, and

9  Rockstar go ask your Judge how to finish this up and

10  allocate the costs between you in light of what's relevant

11  there and what discovery was appropriate for that case.

12           MR. GUZIOR:  Your Honor?

13           THE COURT:  Yes, Mr. Guzior?

14           MR. GUZIOR:  May I respond to that briefly?

15           THE COURT:  You may.

16           MR. GUZIOR:  So the concept that Mr. Turner just

17  expressed is a concept that the parties discussed during

18  that hour long phone call that Mr. Wilson mentioned.  And

19  the problem was how do we parse that?  So, and Your Honor, I

20  gave you the example of us sitting down with Ms. Keller and

21  we had topics A, B, and C.  And I selected the topics I

22  selected because in one case, costs were split among

23  everyone.

24           THE COURT:  Right.

25           MR. GUZIOR:  In one case, costs were split among,

1   you know, us and Nortel.  And in another case, it was just

2   us and Rockstar.  And I chose those deliberately because

3   that last is what Mr. Turner seems to be talking about.

4              THE COURT:  Exactly.

5              MR. GUZIOR:  But then that gets to the idea that

6   Mr. Wilson expressed which is so we're going to extract this

7   one issue out of what's otherwise a discovery resolution and

8   go to Judge Robinson and go to Judge Payne, and you know,

9   Google will be off in the Northern District of California,

10  too.  And it's going to be exactly what this Court was

11  trying to avoid.

12             And, Your Honor, while I'm up here, just one

13  additional point is, as you know, we initially filed

14  briefing in this Court saying, Your Honor, don't do this.

15             THE COURT:  That's right.

16             MR. GUZIOR:  We just want to do this by Rule 45.

17  We want to go to the District Courts, and you know, we

18  accepted that it might be a good solution for Your Honor to

19  be the one-stop-shop for all of this.  And now to hear Mr.

20  Turner say, Your Honor, let's just do this under Rule 45,

21  the District Court has familiarity with the underlying

22  issues, the District Court knows better whether it's

23  relevant.  Your Honor, that reminds me a lot of my briefing.

24             THE COURT:  Yes.

25             MR. GUZIOR:  And, you know, ultimately --

1          THE COURT:  That's right.

2          MR. GUZIOR:  -- we've agreed that this Court

3    should be the one-stop-shop.  And, Your Honor, I -- you

4    know, I respectfully submit that, you know, Mr. Turner's

5    positions should be retracted.

6          THE COURT:  All right.  I think -- here, look,

7    the parties have proposed a resolution in the protocol

8    that's been submitted to me to take care of the discovery

9    disputes in a variety and a number of litigations.  And I am

10   satisfied that if a party is submitting to this protocol, it

11   submits to it in its entirety, including the ability of one

12   Court, this Court to make a determination as to costs.  I

13   don't think that the protocol -- I think that what we

14   basically have is a protocol without any ability of the very

15   Court making determinations to assess costs as to those

16   determinations and that seems to me to be inappropriate,

17   highly inappropriate.

18         So the problem I've got, however, is that we

19   would now have an non-consensual protocol, I suspect, if

20   Rockstar is going to persist with its argument.  That

21   concerns me.  I can order this protocol, but Rockstar may

22   come along later and say I had no legal authority to do so.

23   And but I think I agree with all of the parties other than

24   Rockstar that really, it is appropriate to have this -- the

25   mediator and this Court make a determination of costs.

1          So I would be prepared to so order this protocol

2     and Rockstar would then have its -- I suppose the problem

3     is, or not the problem, but the fact is that Rockstar would

4     still have, I -- the right to argue, that I have acted

5     outside of the jurisdiction of this Court, unless they're

6     prepared to make -- to agree to it.  And then all of you are

7     here by agreement.  This protocol is here by agreement.

8     That's my concern.  Otherwise, we have Mr. Guzior's

9     arguments, pre-existing arguments that I think were

10    problematic for everyone and that's why you reached this

11    resolution reflected in the protocol.

12         But as far as making a determination, I am

13    prepared to determine today, that I do have the jurisdiction

14    to enforce costs on the parties.  That's a decision that I

15    am making today.  And Rockstar, if it wishes, I suppose

16    could take an appeal from that.  And that's really what it

17    would involve.  And could proceed in the District Court to

18    argue that I did not have the jurisdiction, but a protocol

19    without enforcement rights is really a very ineffective

20    procedure.  All right, Mr. Turner?

21         So what you want me to do basically is to enter

22    an Order approving this protocol.  Do we wait until we have

23    our mediator in place so that we would also have a provision

24    in the Order appointing the mediator?  Mr. Supko, yes, sir.

25         MR. SUPKO:  Your Honor, our preference would be

1    that you enter the protocol now.  I don't anticipate we're

2    going to have a problem with the mediator that we've

3    selected, but if we do, we could certainly come back to Your

4    Honor and put a different name into that provision.

5          THE COURT:  Sure, understood.  That makes sense

6    to me, frankly.  Mr. Wilson?

7          MR. WILSON:  I think Google's position is

8    consistent with that, Your Honor.  I mean, to the extent we

9    got a different name, we can resolve that either with the

10   subsequent Order or some sort of modification.

11         THE COURT:  Of course.

12         MR. GUZIOR:  Your Honor --

13         THE COURT:  Yes, Mr. --

14         MR. GUZIOR:  -- the same on behalf of my clients.

15   And just one clarification, you know, we've -- there is that

16   sentence in brackets --

17         THE COURT:  Yes.

18         MR. GUZIOR:  -- that we understand will be

19   removed.

20         THE COURT:  You'll be removing that.  And will

21   someone prepare an Order attaching the protocol that I'll be

22   so -- that I'll be approving without the paragraph that --

23   I'm sorry, without the sentence that Rockstar was

24   requesting?

25         MS. HOOVER:  Your Honor, we can do that under

1  Cert of Counsel and forward to chambers, whichever you would

2  prefer.

3          THE COURT:  That would be fine.

4          MS. HOOVER:  Okay.

5          THE COURT:  You can just send it to chambers,

6  frankly.  I think that will be the only change will be that

7  one --

8          MS. HOOVER:  Okay.

9          THE COURT:  -- sentence will no longer be at

10  issue.  All right.  But I really appreciate, you know, I was

11  back there thinking after the last hearing, that I was going

12  to be preparing a protocol, you know, and how I was going to

13  do that in this and you've done it for me and I'm very

14  grateful to you.  And I think that it's really -- it serves

15  everyone well to be under one roof, if you will, for all of

16  these litigations instead of having to appear in multiple

17  jurisdictions with inconsistent, potentially inconsistent

18  results.

19          Now, anything further from the parties?  Good

20  morning.

21          MR. RUEGGER:  Good morning, Your Honor.  Arthur

22  Ruegger from Dentons on behalf of Lazard.

23          THE COURT:  Yes.

24          MR. RUEGGER:  First of all, Your Honor, I want to

25  congratulate the Court and all the parties on the protocol.

1  It's a wonderful achievement.

2            THE COURT:  It really is.  I'm --

3            MR. RUEGGER:  And from Lazard's point of view,

4  we're very grateful not only to the parties in the Court,

5  but to Mr. Supko and Nortel for having simply organized

6  discovery that would have been a burden on Lazard.

7            THE COURT:  Yes.

8            MR. RUEGGER:  But we do have one issue.

9            THE COURT:  Okay.

10            MR. RUEGGER:  And it relates to Section 9 of the

11  protocol.

12            THE COURT:  Yes, sir.

13            MR. RUEGGER:  Your Honor may recall, in that

14  section, it provides that the Debtors are not obliged to

15  police the productions by Nortel former employees and Nortel

16  advisors that might contain privileged information or

17  information that's potentially protected information.  It's

18  defined in Section 9 and that would include information that

19  might be barred from disclosure under non-disclosure

20  agreements with Rockstar.

21            THE COURT:  Okay.

22            MR. RUEGGER:  The box that sort of puts Lazard

23  in, it relates to both its indemnity.  As Your Honor may

24  recall, Lazard's engagement with Nortel which was approved,

25  I think, originally in 2009, and then subsequently amended,

1  has an indemnity agreement where --

2         THE COURT:  Yes.

3         MR. RUEGGER:  -- it provides that Nortel will

4  indemnity Lazard if it faces a claim related to its work

5  here or even costs.  But Section 9A of the protocol states,

6  the Debtors shall have no liability with respect to any

7  claim allegedly arising out of or resulting from any

8  disclosure of this information by employees or the advisors.

9         Well, there's two potential -- that arguably

10 immunizes Nortel from two potential costs or claims that

11 Lazard would face.  One would be if we inadvertently produce

12 potentially protected information, we might be exposed to a

13 Rockstar claim.

14        And secondly, well and related to that, with

15 Nortel essentially immunized, they have no incentive to help

16 us in that respect.  And secondly, our expenses in

17 undertaking responses to this discovery, arguably, might be

18 no longer recoverable from Nortel under this Debtor shall

19 have no liability.

20        So to some degree, it's speculative.  There's no

21 -- what the -- there's no pending discovery, but the cases

22 are going forward.  And obviously, Section 9 deals with the

23 prospective production of information by the advisor.

24        So we tried to salve it and yesterday, I sent Mr.

25 Supko a proposal that the following sentence be added.  It

1   could be added anywhere in Section 9.  It sometimes called a

2   savings clause, Your Honor.  At least that's my

3   understanding.  And it would read, nothing in this second

4   discovery protocol shall limit, impair, or affect in any

5   way, Debtors indemnification and other contractual

6   obligations, if any, to any former Nortel advisor.  We

7   believe that there's no prejudice to whatever Nortel's

8   position would be as to the indemnity's existence or its

9   meaning.  And it at least protects us on our indemnity.  The

10  Debtors declined and we're sorry about that, but that's why

11  I'm here.

12          THE COURT:  Okay.  I appreciate it, Mr. Ruegger.

13          MR. RUEGGER:  We don't believe there's any

14  prejudice to the Debtors from that sentence, Your Honor.

15  And unless Your Honor has any questions, that's all I have.

16          THE COURT:  All right.

17          MR. RUEGGER:  Thank you, Your Honor.

18          THE COURT:  Thank you.  Thank you, Mr. Ruegger,

19  that was -- I certainly understand the issue and the concern

20  that Lazard would have.  Mr. Supko?

21          MR. SUPKO:  Your Honor, we did decline to agree

22  to Mr. Ruegger's proposal as much as it pained me to do that

23  because we have had a cooperative relationship with --

24          THE COURT:  Yes.

25          MR. SUPKO:  -- Mr. Ruegger and with Lazard and I

1   hope and expect that that's going to continue.  We had two

2   issues with that proposed provision.  The first is that this

3   protocol says nothing about abrogating any other contractual

4   or indemnification rights that Nortel may have to Lazard or

5   to anybody else.  So to put a savings clause in here seems

6   superfluous and unnecessary.  There are lots of things that

7   this protocol does not do that we're not saying it doesn't

8   do within the protocol itself.  Perhaps, more importantly,

9   we're concerned that that statement could then be not

10  necessarily twisted, but pointed to in support of a claim

11  against Nortel as a result of Lazard or another third party

12  violating any or breaching any contractual obligations that

13  they may have --

14            THE COURT:  Yes.

15            MR. SUPKO:  -- to Rockstar.

16            THE COURT:  Yes.

17            MR. SUPKO:  So that's exactly the type of issue

18  that we're trying to avoid through this whole protocol.  So

19  those were our objections to adding that sentence.  We think

20  it's unnecessary and it potentially creates an issue down

21  the road that we've been trying to avoid through this

22  protocol.

23            THE COURT:  Well, one thing we're trying to avoid

24  in the protocol it seems to me as well is addressing any

25  individual issues between particular parties.  In other

1    words, there's no provision in here dealing with a

2    Google/Nortel or a Google/Rockstar dispute or anything of

3    that nature.  It's a broad sort of all encompassing

4    document.  And as we start to get down into the nitty

5    gritty, if you will, as between particular parties, we start

6    to have problems, I suspect.

7           I certainly understand Mr. Ruegger's concern and

8    I don't think we need the savings clause in here.  I think

9    based upon two things.  First of all, the agreement that

10   still is in effect, protects Lazard.  I think, frankly, that

11   Mr. Supko's statement on the record should give some comfort

12   to Lazard.  And I would not be inclined to require a savings

13   clause as to Lazard in this situation, based upon, I think

14   the protections that are already in place, Mr. Ruegger.

15          MR. RUEGGER:  Very well, Your Honor.

16          THE COURT:  Thank you.

17          MR. SUPKO:  Thank you, Your Honor.

18          THE COURT:  Thank you.  Thank you, Mr. Supko.

19   What else?  Nothing?  All right.  Well, I appreciate it.

20   I'll wait for the Order of course.  I'll be here.  And I

21   really appreciate the parties' efforts.  I think it's

22   remarkable that you've come to this agreement.  And I hope

23   that the District Courts where you're litigating,

24   appreciates, you know, what you've done and that perhaps

25   they will be somewhat less burdened with discovery disputes

1  as a result.  All right?  So, congratulations to all of you

2  and I wish you all a wonderful holiday.  I'll wait for the

3  Order and we will proceed, all right?  Thank you, Counsel.

4  Good day, and good luck to you on this, and I'll be

5  available as needed, all right?

6          ALL:  Thank you, Your Honor.

7          THE COURT:  Thank you, everyone.

8  (Whereupon, at 11:01 a.m., the hearing was adjourned)

9

10

11                    CERTIFICATION

12      I certify that the foregoing is a correct

13  transcript from the electronic sound recording of the

14  proceedings in the above-entitled matter.

15

16  _____        December 9, 2014

17  Traci L. Calaman, Transcriber                    Date

18

19

20

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **a.m**(3) 1:15 6:1 51:8 | | **along**(2) 14:20 42:22 | | **anyone**(1) 11:2 | | **back**(10) 6:21 12:2 12:9 13:23 16:16 |
| **abide**(1) 28:25 | | **already**(5) 15:15 20:19 22:7 22:8 23:19 | | **anything**(6) 26:22 27:1 34:15 34:18 45:19 | | 28:14 35:9 35:10 44:3 45:11 |
| **ability**(2) 42:11 42:14 | | 29:1 31:9 50:14 | | 50:2 | | **badtke-berkow**(1) 2:11 |
| **able**(10) 15:12 15:12 16:5 16:9 16:23 | | | | **anywhere**(1) 48:1 | | **balance**(2) 7:24 13:8 |
| 30:10 32:23 34:19 35:15 39:20 | | **also**(7) 10:16 11:14 12:25 14:9 16:14 33:1 | | **apart**(1) 22:14 | | **bank**(1) 2:28 |
| | | 43:23 | | **apparently**(1) 7:5 | | **bankruptcy**(3) 1:1 1:20 37:5 |
| **about**(22) 10:12 10:15 14:17 14:19 16:18 | | | | **appeal**(1) 45:16 | | **barclays**(1) 4:37 |
| 16:19 16:20 16:20 20:22 23:24 27:10 | | **alternative**(1) 2:39 | | **appear**(1) 45:16 | | **barred**(1) 46:19 |
| 27:16 27:19 33:1 34:25 35:13 37:6 37:18 | | **although**(1) 10:2 | | **appearances**(2) 4:10 5:1 | | **based**(2) 50:9 50:13 |
| 38:18 41:3 48:10 49:3 | | **amended**(1) 46:25 | | **appeared**(2) 27:12 27:16 | | **bases**(1) 23:17 |
| | | **america**(1) 2:28 | | **appears**(1) 24:15 | | **basically**(3) 19:1 42:14 43:21 |
| **aboveentitled**(1) 51:14 | | **americas**(2) 2:12 4:6 | | **applies**(2) 32:11 34:2 | | **basis**(2) 23:23 24:5 |
| **abrogating**(1) 49:3 | | **among**(4) 21:19 23:1 40:22 40:25 | | **apply**(2) 21:10 33:25 | | **bayard**(1) 3:4 |
| **accepted**(1) 41:18 | | **amount**(2) 18:4 38:15 | | **appointing**(1) 43:24 | | **bear**(2) 29:21 33:22 |
| **access**(1) 13:15 | | **amplify**(1) 12:5 | | **appreciate**(8) 20:9 26:13 27:6 32:13 45:10 | | **because**(20) 13:23 16:14 19:8 22:16 24:14 |
| **accommodation**(1) 27:7 | | **analysis**(1) 34:1 | | 48:12 50:19 50:24 | | 27:10 27:12 27:21 28:25 30:2 31:25 33:16 |
| **according**(1) 17:16 | | **and**(301) 6:12 6:16 6:20 7:3 7:15 7:25 8:2 | | **appreciates**(1) 50:24 | | 35:19 36:2 37:5 38:18 39:6 40:22 41:2 |
| **achievement**(1) 46:1 | | 8:2 8:23 8:24 9:18 9:18 10:11 10:20 | | **appropriate**(8) 22:11 31:8 31:24 36:8 | | 48:23 |
| **across**(1) 34:9 | | 10:20 10:21 11:1 11:13 12:5 12:10 12:14 | | 38:20 39:9 40:11 42:24 | | **been**(19) 7:12 11:18 12:13 12:24 13:17 |
| **acted**(1) 43:4 | | 12:17 12:21 12:24 13:2 13:4 13:6 13:8 | | **appropriately**(2) 27:23 38:3 | | 16:8 18:2 18:17 22:9 27:10 31:16 |
| **active**(1) 7:13 | | 13:10 13:13 13:15 13:18 13:22 13:25 14:1 | | **approved**(2) 29:4 46:24 | | 32:11 32:20 34:9 35:7 42:8 46:6 49:21 |
| **actively**(1) 12:24 | | 14:5 14:5 14:6 14:8 14:11 14:16 14:17 | | **approving**(2) 43:22 44:22 | | |
| **actual**(2) 30:17 35:19 | | 14:19 14:21 14:22 14:24 14:25 15:5 15:5 | | **are**(48) 7:14 7:15 7:15 8:6 8:20 9:12 13:6 | | **before**(6) 1:19 12:25 23:9 25:19 28:13 |
| **actually**(5) 13:3 14:9 27:23 28:22 30:23 | | 15:7 15:11 15:12 15:13 15:24 16:3 16:3 | | 13:9 14:6 14:22 15:14 16:15 17:22 18:19 | | 26:21 44:14 45:22 |
| **add**(2) 21:2 28:22 | | 16:9 16:10 16:11 16:12 16:16 16:18 16:19 | | 20:24 21:5 22:8 23:2 23:10 23:16 25:15 | | |
| **added**(2) 47:25 48:1 | | 16:21 16:24 17:1 17:3 17:8 17:18 17:19 | | 25:17 25:21 26:1 28:2 28:3 28:7 29:9 | | **behalf**(8) 11:1 11:16 12:4 20:11 26:17 |
| **adding**(1) 49:19 | | 17:24 18:3 18:4 18:4 18:7 18:13 18:15 | | 29:11 31:18 31:22 33:6 33:10 33:16 34:1 | | 26:21 44:14 45:22 |
| **addition**(1) 10:7 | | 18:16 18:18 18:19 18:20 18:23 18:23 | | 34:3 34:16 35:9 36:17 37:6 37:13 | | |
| **additional**(4) 17:4 28:6 31:12 41:13 | | 18:24 19:9 19:11 19:13 19:14 19:17 19:22 | | 39:14 43:6 46:14 47:22 49:6 50:9 | | **being**(11) 9:12 15:2 22:17 23:6 28:8 28:24 |
| **address**(5) 10:20 19:10 20:6 28:8 32:23 | | 19:23 19:23 19:24 20:3 20:13 20:21 | | | | 29:7 30:12 32:4 34:15 35:23 |
| **addressed**(1) 25:5 | | 21:20 21:24 21:25 22:4 22:6 22:11 22:19 | | **aren't**(1) 29:6 | | |
| **addressing**(1) 49:24 | | 22:21 23:1 23:8 23:8 23:9 23:14 23:21 | | **arguably**(2) 47:9 47:17 | | **believe**(7) 11:6 20:1 25:4 31:24 31:25 |
| **adds**(1) 10:22 | | 24:1 24:5 24:6 24:8 24:10 24:16 24:20 | | **argue**(2) 43:4 43:18 | | 48:7 48:13 |
| | | 24:22 25:3 25:10 25:11 25:13 25:15 25:17 | | **argument**(5) 9:18 10:17 34:19 39:11 42:20 | | |
| **adjourned**(1) 51:8 | | 25:19 25:20 25:21 26:1 26:19 26:20 27:15 | | **arguments**(2) 37:19 43:9 43:9 | | **believes**(1) 38:5 |
| **administered**(1) 1:6 | | 27:20 27:20 27:21 27:22 27:24 28:2 28:18 | | **arisen**(1) 18:21 | | **benefit**(3) 14:6 32:15 37:8 |
| **advisor**(2) 47:23 48:6 | | 28:15 28:21 29:1 29:2 29:2 29:3 29:10 | | **arises**(1) 36:25 | | **benefits**(1) 10:10 |
| **advisors**(3) 11:7 46:16 47:8 | | 29:12 29:13 29:19 30:1 30:4 30:8 30:11 | | **arising**(2) 18:19 47:7 | | **benesch**(2) 1:30 6:9 |
| **affect**(1) 48:4 | | 30:14 30:24 31:5 31:10 31:12 31:16 31:17 | | **aronoff**(1) 6:9 | | **best**(2) 30:7 37:22 |
| **affects**(1) 49:11 | | 31:25 32:1 32:3 32:12 32:20 32:21 32:22 | | **arris**(1) 20:13 | | **better**(1) 41:22 |
| **after**(2) 35:7 45:11 | | 32:23 33:2 33:4 33:5 33:8 33:8 33:9 | | **arthur**(2) 4:5 45:21 | | **between**(30) 7:24 13:8 16:24 17:17 18:7 |
| **again**(10) 15:21 17:8 17:21 19:8 25:20 | | 33:18 33:20 33:20 33:22 34:4 34:6 34:11 | | **articulates**(1) 20:6 | | 18:20 18:21 21:17 21:20 24:10 27:20 30:7 |
| 31:14 34:18 35:18 36:2 36:7 | | 34:13 34:16 34:17 35:2 35:9 35:10 35:13 | | **asa**(3) 15:19 17:16 30:23 | | 30:17 33:7 35:3 38:4 38:11 38:12 38:22 |
| **against**(2) 34:18 49:11 | | 35:14 35:16 35:20 35:21 35:23 35:23 36:1 | | **ask**(2) 11:18 40:9 | | 38:25 38:25 39:1 39:6 39:8 39:23 39:24 |
| **agenda**(2) 6:10 6:11 | | 36:2 36:4 36:23 36:25 37:2 37:4 37:6 | | **asked**(2) 27:22 27:23 | | 40:6 40:10 49:25 50:5 |
| **agree**(3) 42:23 43:6 48:21 | | 37:7 37:8 37:12 37:14 37:15 37:15 37:17 | | **asserting**(2) 33:11 33:20 | | |
| **agreed**(4) 8:10 28:13 28:13 42:2 | | 37:19 38:4 38:4 38:6 38:8 38:8 38:9 38:11 | | **assertion**(1) 24:11 | | **beyond**(1) 25:16 |
| **agreement**(13) 8:21 8:23 24:3 24:16 28:15 | | 38:15 38:20 38:22 38:22 39:1 39:1 39:4 | | **assess**(1) 42:15 | | **bifferato**(8) 3:37 3:38 11:10 11:11 11:12 |
| 29:12 31:9 31:13 43:7 43:7 47:1 50:9 | | 39:6 39:8 39:9 39:14 39:16 39:18 39:18 | | **asset**(7) 2:40 4:33 24:3 24:15 29:11 31:9 | | 11:21 11:22 11:24 |
| 50:22 | | 39:21 39:23 39:24 40:3 40:4 40:5 40:7 | | 34:13 | | |
| **agreements**(5) 24:10 29:3 29:3 29:12 46:20 | | 40:8 40:9 40:10 40:11 40:18 40:19 40:20 | | | | **billion**(1) 31:10 |
| **agrees**(1) 30:21 | | 40:21 40:21 41:1 41:1 41:2 41:2 41:7 | | **assets**(1) 37:24 | | **bit**(9) 7:1 13:11 21:4 22:15 23:12 25:14 |
| **akin**(2) 2:25 4:13 | | 41:8 41:8 41:10 41:12 41:17 41:19 41:25 | | **assignment**(1) 24:9 | | 27:10 33:24 34:2 |
| **al.**(1) 1:8 | | 42:3 42:9 42:9 42:16 42:22 42:23 42:25 | | **assist**(1) 19:19 | | **bloomberg**(1) 4:41 |
| **alberto**(1) 3:5 | | 43:2 43:6 43:10 43:15 43:16 43:17 44:4 | | **assistance**(1) 8:25 | | **borne**(2) 30:22 34:16 |
| **alert**(1) 25:25 | | 44:15 44:20 45:1 45:12 45:13 45:13 45:14 | | **assume**(1) 36:11 | | **both**(4) 13:13 17:7 40:4 46:23 |
| **alexandria**(1) 5:10 | | 45:25 46:3 46:5 46:10 46:15 46:18 46:25 | | **attaching**(1) 44:21 | | **botter**(1) 4:16 |
| **all**(68) 6:5 6:18 7:9 7:10 7:12 10:1 10:12 | | 47:14 47:14 47:16 47:22 47:24 48:3 48:5 | | **attempting**(1) 19:15 | | **bought**(1) 29:2 |
| 10:18 10:21 11:9 13:6 13:16 13:24 13:25 | | 48:9 | | **attempts**(1) 24:8 | | **box**(1) 46:22 |
| 14:2 14:3 15:19 16:6 16:7 16:10 17:9 | | | | **attorney's**(1) 30:12 | | **brackets**(1) 44:16 |
| 19:13 20:8 20:8 21:8 23:1 23:9 24:18 | | **and**(18) 48:10 48:15 48:19 48:25 48:25 | | **auction**(1) 33:19 | | **breaching**(1) 49:12 |
| 25:7 25:12 25:22 26:1 26:8 27:3 29:5 | | 49:1 49:6 49:20 50:4 50:7 50:12 50:20 | | **audio-skip**(2) 28:10 30:5 | | **brendel**(1) 4:42 |
| 29:5 32:5 33:15 33:21 34:2 34:3 34:21 | | 50:22 50:24 51:2 51:3 51:4 51:4 | | **authority**(2) 23:19 42:22 | | **brickley**(1) 4:22 |
| 36:22 39:7 39:11 39:16 39:17 40:2 41:19 | | | | **automatic**(2) 6:12 23:20 | | **brief**(1) 19:13 |
| 42:6 42:23 43:6 43:20 45:10 45:15 45:24 | | **andrew**(1) 4:34 | | **available**(2) 8:25 51:5 | | **briefing**(9) 9:18 19:12 19:17 19:21 23:15 |
| 45:25 48:15 48:16 50:3 50:9 50:19 51:1 | | **angeles**(2) 3:28 26:20 | | **ave**(1) 3:6 | | 37:8 37:9 41:14 41:23 |
| 51:1 51:2 51:3 51:5 51:6 | | **another**(11) 14:12 18:25 19:17 21:11 | | **avenue**(8) 1:26 1:32 2:12 2:43 3:12 3:26 | | |
| | | 21:12 30:25 31:15 35:18 37:15 41:1 49:11 | | 3:33 4:6 | | **briefly**(3) 12:10 32:7 40:14 |
| **allegedly**(1) 47:7 | | | | **avoid**(6) 14:7 22:13 41:11 49:18 49:21 | | **brilliant**(1) 10:19 |
| **allen**(1) 2:10 | | **answer**(1) 10:14 | | 49:23 | | **broad**(3) 32:13 34:6 50:3 |
| **allocate**(6) 21:16 21:18 21:20 33:2 38:24 | | **anticipate**(4) 16:2 34:11 34:14 44:1 | | | | **bryant**(1) 2:27 |
| 40:10 | | **any**(38) 8:18 9:21 9:23 9:23 10:11 10:12 | | **avoiding**(2) 8:2 28:10 | | **buchanan**(1) 2:4 |
| | | 10:14 12:11 12:12 16:13 18:17 20:5 23:9 | | **aware**(1) 29:23 | | **bunch**(1) 6:24 |
| **allocated**(4) 9:12 33:14 34:5 35:3 | | 27:8 28:14 28:16 28:20 28:21 29:6 29:23 | | **away**(1) 19:7 | | **burden**(7) 8:2 18:25 19:17 29:22 33:22 |
| **allocation**(8) 14:17 15:1 15:14 15:16 20:4 | | 30:16 31:19 32:4 32:11 34:23 39:25 42:14 | | | | 37:9 46:6 |
| 33:4 35:6 40:6 | | 47:6 47:7 48:4 48:6 48:8 48:13 48:15 | | | | |
| | | 49:3 49:12 49:12 49:24 | | | | **burdened**(1) 50:25 |
| **allow**(2) 30:4 36:4 | | | | | | **burdens**(2) 19:15 35:20 |
| **alluded**(1) 25:15 | | **anybody**(3) 32:11 37:25 49:5 | | | | **busy**(1) 18:16 |
| | | **anymore**(1) 19:15 | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **but**(39) 10:6 11:18 12:20 12:25 14:9 14:24 15:6 15:19 15:20 16:12 16:23 17:17 19:19 20:3 20:6 20:20 22:10 30:20 31:3 36:21 37:9 37:20 37:23 38:10 39:11 41:5 42:21 42:23 43:3 43:12 43:18 44:3 45:10 46:5 46:8 47:5 47:21 48:10 49:10 | | **committee**(2) 2:25 4:12 | | **court**(158) 1:1 6:3 6:6 6:14 6:18 6:20 6:23 7:2 7:5 7:11 7:17 7:22 8:9 8:14 8:16 8:19 9:2 9:5 10:9 10:18 11:5 11:9 11:20 11:23 11:25 12:2 12:7 12:12 13:18 13:20 14:13 16:5 17:1 17:4 17:13 17:19 18:1 18:8 18:13 18:15 18:25 19:13 19:20 19:21 20:8 20:12 20:14 20:18 22:12 22:20 22:23 23:1 23:4 23:19 23:21 24:2 24:4 24:20 24:24 25:2 25:17 25:12 25:24 26:1 26:4 26:6 26:8 26:10 26:12 26:15 26:18 26:23 26:25 27:3 27:8 29:4 29:12 29:14 30:4 30:6 30:10 30:16 31:23 32:5 32:17 32:19 32:23 33:2 33:9 33:10 33:13 34:6 34:21 34:23 35:9 35:10 35:13 36:3 36:9 36:11 36:15 36:19 36:22 36:25 37:25 38:17 39:11 39:21 39:23 40:1 40:2 40:15 40:15 40:24 41:4 41:10 41:14 41:15 41:21 41:22 41:24 42:1 42:2 42:6 42:12 42:12 42:15 42:25 43:5 43:17 44:5 44:11 44:13 44:17 44:20 45:3 45:5 45:9 45:23 45:25 46:2 46:4 46:7 46:9 46:12 46:21 47:2 48:12 48:16 48:18 48:24 49:14 49:16 49:23 50:16 50:18 51:7 | | **different**(8) 14:2 14:3 14:10 14:11 17:2 17:6 44:4 44:9 |
| **buy**(1) 39:15 | | **companies**(1) 20:16 | | **court's**(9) 6:13 7:13 7:16 7:19 7:25 | | **difficult**(2) 28:5 30:13 |
| **cable**(5) 3:31 20:11 21:7 21:17 21:21 | | **company**(2) 4:21 24:8 | | 8:5 8:8 8:11 8:25 9:6 9:22 9:25 10:11 | | **dime**(1) 22:2 |
| **calaman**(1) 51:17 | | **completely**(1) 15:16 | | 12:15 13:2 13:18 14:19 14:21 15:25 16:2 | | **disclosure**(2) 46:19 47:8 |
| **california**(3) 3:45 27:4 41:9 | | **compliment**(1) 10:19 | | 17:23 18:18 19:16 20:22 20:24 21:3 24:12 | | **disclosures**(1) 8:4 |
| **call**(6) 16:19 17:12 27:7 31:9 32:9 40:18 | | **complying**(1) 29:22 | | 25:22 27:15 27:20 27:25 29:7 29:10 30:3 | | **discovery**(6) 6:13 7:13 7:16 7:19 7:25 |
| **called**(1) 48:1 | | **conaway**(1) 2:16 | | 31:1 32:12 32:21 38:7 38:19 38:20 38:21 | | 8:5 8:8 8:11 8:25 9:6 9:22 9:25 10:11 |
| **calls**(2) 19:5 31:17 | | **concept**(2) 40:16 40:17 | | 40:11 41:7 42:8 46:6 47:17 47:21 48:4 | | 12:15 13:2 13:18 14:19 14:21 15:25 16:2 |
| **came**(4) 13:25 16:17 17:14 27:21 | | **concern**(6) 10:24 13:20 37:16 43:8 48:19 | | 50:25 | | 17:23 18:18 19:16 20:22 20:24 21:3 24:12 |
| **can**(12) 9:8 14:21 19:5 23:21 28:9 34:14 | | 50:7 | | **court-to-court**(1) 14:8 | | 25:22 27:15 27:20 27:25 29:7 29:10 30:3 |
| 37:14 40:3 42:21 44:9 44:25 45:5 | | | | **courtroom**(1) 1:10 11:13 | | 31:1 32:12 32:21 38:7 38:19 38:20 38:21 |
| **can't**(1) 32:13 | | **concerned**(1) 49:9 | | **courts**(5) 7:6 17:6 37:5 41:17 50:23 | | 40:11 41:7 42:8 46:6 47:17 47:21 48:4 |
| **candidates**(1) 8:12 | | **concerns**(3) 10:21 15:23 42:21 | | **create**(1) 21:3 | | 50:25 |
| **capital**(2) 4:29 4:45 | | **condition**(1) 23:21 | | **created**(3) 13:9 14:6 14:15 | | **discretion**(1) 34:6 |
| **caption**(1) 25:18 | | **conference**(1) 6:11 | | **creates**(3) 14:12 16:14 49:20 | | **discuss**(2) 29:9 34:6 |
| **card**(1) 13:11 | | **confers**(1) 13:3 | | **creating**(1) 28:10 | | **discussed**(5) 22:23 22:7 22:8 33:16 40:17 |
| **care**(2) 22:1 42:8 | | **confidentiality**(3) 29:1 29:24 31:10 | | **creditor**(1) 4:45 | | **discussing**(1) 21:9 |
| **carve**(1) 34:19 | | **confirm**(1) 22:10 | | **creditors**(1) 4:13 | | **discussion**(2) 14:16 35:12 |
| **case**(10) 1:5 7:16 14:12 25:18 25:21 25:23 | | **conflicts**(3) 8:12 8:14 8:15 | | **creditor's**(1) 2:24 | | **discussions**(3) 13:4 27:20 27:24 |
| 40:11 40:22 40:25 41:1 | | **confusion**(1) 34:25 | | **crosses**(1) 18:23 | | **dispute**(15) 17:17 18:6 18:23 29:15 35:25 |
| | | **congratulate**(1) 45:25 | | **crowell**(4) 1:24 5:13 5:17 6:16 | | 38:10 38:16 38:17 38:19 38:20 38:21 |
| **cases**(20) 7:6 7:7 7:10 7:10 7:12 7:14 | | **congratulations**(1) 51:1 | | **data**(2) 1:38 21:10 | | 38:25 39:13 39:25 50:2 |
| 7:14 7:15 7:25 12:12 14:3 14:11 17:5 | | **connection**(1) 24:2 | | **date**(1) 51:17 | | |
| 25:15 25:16 25:18 34:5 34:9 34:18 47:21 | | **conner**(1) 3:38 | | **david**(1) 4:16 | | **disputes**(8) 9:22 10:2 10:12 18:20 39:2 |
| | | **connor**(1) 11:11 | | **day**(8) 15:21 16:4 17:22 30:25 31:15 | | 39:23 42:9 50:25 |
| **caused**(1) 35:21 | | **consider**(1) 34:6 | | 35:18 36:9 51:4 | | |
| **cede**(1) 10:16 | | **consideration**(1) 12:16 | | | | **district**(21) 1:2 18:15 30:4 30:6 30:10 |
| **center**(1) 2:34 | | **considered**(1) 13:6 | | **dealing**(1) 50:1 | | 30:16 31:23 33:2 33:10 35:9 35:10 35:13 |
| **cert**(1) 45:1 | | **considering**(1) 13:7 | | **deals**(1) 47:22 | | 38:17 39:20 39:22 41:9 41:17 41:21 41:22 |
| **certain**(5) 7:6 7:7 13:5 15:13 17:12 | | **consistent**(1) 44:8 | | **debtor**(4) 5:8 5:17 23:24 47:18 | | 43:17 50:23 |
| **certainly**(6) 9:8 39:5 39:6 44:3 48:19 50:7 | | **constructed**(1) 21:12 | | **debtors**(12) 1:12 1:24 2:16 8:1 11:1 23:4 | | |
| **certainty**(1) 36:24 | | **contain**(1) 46:16 | | 29:3 46:14 47:6 48:5 48:10 48:14 | | **divvy**(1) 17:25 |
| **certification**(1) 51:11 | | **contemplated**(1) 24:14 | | | | **document**(1) 50:4 |
| **certify**(1) 51:12 | | **content**(1) 9:17 | | **december**(3) 1:14 6:1 6:10 | | **documents**(12) 15:13 28:9 28:12 30:1 31:3 |
| **cetera**(2) 27:15 35:5 | | **contest**(2) 23:12 32:3 | | **decide**(3) 19:6 32:25 40:4 | | 31:4 31:6 31:20 33:15 33:17 33:21 35:15 |
| **chambers**(2) 45:1 45:5 | | **contest**(5) 18:18 34:25 35:19 36:17 38:19 | | **decided**(3) 16:19 19:8 38:14 | | **does**(5) 22:22 28:19 29:12 31:8 49:7 |
| **change**(1) 45:6 | | **continue**(2) 13:16 49:1 | | **deciding**(1) 39:16 | | **doesn't**(7) 16:13 16:22 17:1 19:21 31:9 |
| **chapman**(1) 2:18 | | **continued**(5) 2:2 3:2 4:2 5:2 20:2 | | **decision**(1) 22:9 | | 32:25 49:7 |
| **chapter**(1) 1:8 | | **continuity**(2) 28:20 32:1 | | **decision**(3) 19:3 43:14 | | **doing**(3) 13:10 13:17 32:15 |
| **characterized**(1) 19:5 | | **contract**(1) 21:13 | | **decisions**(1) 22:9 | | **dollars**(1) 31:10 |
| **characterizing**(1) 33:5 | | **contractual**(3) 48:5 49:3 49:12 | | **decline**(1) 48:21 | | **don't**(16) 11:17 19:6 20:1 21:25 22:1 34:2 |
| **check**(1) 21:13 | | **control**(1) 21:13 | | **declined**(1) 48:10 | | 36:24 37:6 37:7 37:8 37:14 41:14 42:13 |
| **chime**(1) 10:6 | | **conversation**(1) 16:20 23:7 | | **deems**(1) 29:10 | | 44:1 48:13 50:8 |
| **chluchiolo**(1) 5:5 | | **cooperative**(2) 29:6 48:23 | | **defendant**(1) 33:11 | | **done**(3) 7:21 45:13 50:24 |
| **chose**(1) 41:2 | | **cooperatively**(1) 31:21 | | **defined**(1) 46:18 | | **dow**(1) 4:21 |
| **chris**(1) 2:33 | | **coplan**(1) 6:9 | | **degree**(1) 47:20 | | **down**(11) 8:7 14:5 17:23 19:5 21:7 21:15 |
| **circulate**(1) 8:22 | | **corners**(2) 29:11 31:13 | | **delaware**(8) 1:2 1:12 1:32 3:6 3:12 6:1 | | 36:3 39:19 40:20 49:20 50:4 |
| **circumstances**(1) 9:12 | | **correct**(3) 33:6 38:4 51:12 | | 22:6 25:19 | | |
| **cisco**(14) 3:43 11:16 20:13 25:11 25:17 | | **cost**(27) 9:11 14:16 14:17 15:1 15:4 16:6 | | | | **draft**(1) 8:21 |
| 25:18 25:22 26:3 26:4 27:15 27:20 35:4 | | 16:7 16:7 16:12 16:24 17:14 20:4 28:18 | | **deliberately**(1) 41:2 | | **due**(1) 30:22 |
| 38:15 40:8 | | 28:20 29:9 30:16 30:22 30:24 31:1 33:4 | | **dentons**(3) 4:4 45:22 | | **during**(1) 40:17 |
| | | 34:14 34:15 35:2 35:6 35:21 38:8 39:9 | | **depending**(1) 29:22 | | **dustin**(3) 3:32 11:12 20:10 |
| **claim**(4) 47:4 47:7 47:13 49:10 | | | | **desmarais**(2) 3:31 11:13 | | **each**(2) 27:23 33:22 |
| **claimants**(1) 3:4 | | **costs**(49) 9:12 13:19 16:23 17:25 18:3 | | **detailed**(1) 14:22 | | **earlier**(1) 3:20 11:17 25:15 |
| **claims**(1) 47:10 | | 21:17 21:19 21:20 23:25 28:6 28:24 29:11 | | **details**(1) 36:21 | | **early**(1) 19:4 |
| **clarification**(1) 44:15 | | 29:14 29:16 29:16 29:21 29:25 30:9 30:11 | | **determination**(5) 14:11 37:13 42:12 42:25 | | **easily**(1) 40:8 |
| **clause**(4) 48:2 49:5 50:8 50:13 | | 30:15 31:12 31:22 32:4 33:2 33:3 33:14 33:15 | | 43:12 | | **echo**(2) 21:4 25:14 |
| **claw**(1) 28:14 | | 33:23 34:4 35:8 35:13 35:20 35:22 35:24 | | **determinations**(4) 13:17 16:10 42:15 42:16 | | **ecro**(1) 1:36 |
| **clearly**(1) 20:19 | | 36:5 36:10 37:14 38:6 38:12 38:24 40:5 | | **determine**(2) 30:7 43:13 | | **edgar**(15) 11:15 11:18 25:4 25:8 25:9 |
| **cleary**(1) 5:8 | | 40:10 40:22 40:25 42:12 42:15 42:25 | | **development**(3) 12:15 13:1 33:17 | | 25:10 25:13 25:25 26:3 26:5 26:7 26:9 |
| **clerk**(1) 6:2 | | 43:14 47:5 47:10 | | **diaz**(1) 1:38 | | 26:11 26:12 26:14 |
| **clients**(1) 44:14 | | | | **did**(3) 8:14 43:18 48:21 | | |
| **co-counsel**(3) 6:15 11:12 11:15 | | **could**(13) 11:1 18:10 27:15 28:1 31:7 | | **didn't**(4) 23:8 23:11 37:1 37:1 | | **edger**(1) 3:44 |
| **collier**(1) 4:26 | | 34:10 34:12 40:8 43:16 43:17 44:3 48:1 | | | | **effect**(2) 22:4 50:10 |
| **come**(7) 7:23 21:24 23:8 34:8 42:22 44:3 | | 49:9 | | | | **efficiency**(1) 10:23 |
| 50:22 | | **couldn't**(1) 20:14 | | | | **efforts**(1) 50:21 |
| | | **counsel**(5) 5:17 10:16 24:14 45:1 51:3 | | | | **either**(8) 13:14 17:22 17:23 22:10 35:3 |
| **comes**(3) 9:22 32:21 39:19 | | **counterclaim**(1) 33:11 | | | | 36:13 37:10 44:9 |
| **comfort**(1) 50:11 | | **couple**(4) 12:22 14:5 17:1 32:8 | | | | |
| **coming**(1) 33:8 | | **course**(10) 11:20 23:4 27:18 28:15 31:25 | | | | **electronic**(2) 1:44 51:13 |
| **commensurate**(1) 15:4 | | 33:21 35:16 39:1 44:11 50:20 | | | | **ellis**(3) 3:43 11:15 25:11 |
| **comments**(1) 27:19 | | | | | | **ellisen**(4) 3:25 26:19 27:6 32:8 |
| | | | | | | **else**(3) 11:2 49:5 50:19 |
| | | | | | | **email**(1) 16:18 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

emanuel(1) 2:40
embodied(1) 20:24
emea(1) 2:16
emphasize(1) 20:21
employees(2) 46:15 47:8
encompassing(1) 50:3
end(3) 15:21 16:4 17:22
ended(1) 27:11
enforce(3) 24:9 29:13 43:14
enforcement(1) 43:19
engagement(1) 46:24
enough(1) 31:16
enter(2) 43:21 44:1
entered(3) 11:18 13:5 24:2
entering(1) 23:9
entire(1) 15:24
entirely(1) 39:15
entirety(1) 42:11
entities(2) 24:7 39:2
entitled(1) 15:18
entity(1) 24:7
entries(1) 12:12
entry(1) 12:18
envision(1) 17:21
eric(1) 4:38
esq(24) 2:5 2:11 2:18 2:26 2:33 2:42 3:5 3:11 3:18 3:25 3:32 3:38 3:44 4:5 4:14 4:16 4:18 4:22 4:30 4:42 5:5 5:10 5:14 5:18
esquire(2) 1:25 1:31
essential(1) 22:19
essentially(2) 31:5 47:15
even(6) 18:10 30:4 32:2 36:5 38:21 47:5
event(1) 10:12
events(1) 12:11
ever(1) 27:22
everybody(4) 14:4 14:4 14:5 16:1
everyone(10) 6:3 6:6 10:19 21:19 28:12 30:21 40:23 43:10 45:15 51:7

everything(2) 23:20 39:19
evidence(1) 16:8
exact(1) 22:12
exactly(8) 13:22 27:5 27:5 28:1 35:22 41:4 41:10 49:17

example(3) 17:13 17:14 40:20
exceed(2) 9:13 37:7
exceeds(1) 30:3
excellent(1) 9:2
except(1) 39:19
exception(1) 34:20
exchange(1) 16:18
excited(1) 19:14
excuse(2) 7:10 31:11
exercised(1) 23:19
exhibits(1) 15:17
existence(1) 48:8
expect(2) 37:1 49:1
expense(2) 8:2 15:8
expenses(1) 47:16
expensive(1) 15:7
explained(1) 20:20
exposed(1) 47:12
expressed(2) 40:17 41:6
extend(1) 23:19
extending(1) 6:12
extension(2) 9:22 9:23
extensive(2) 16:18 18:12
extent(3) 16:3 39:25 44:8
extract(1) 41:6
face(1) 47:11
faced(1) 16:15
faces(1) 47:4
fact(6) 23:1 31:3 31:3 32:14 33:2 38:18 43:3
factors(2) 34:7 34:8
fagen(1) 4:14
fails(1) 17:8
fairly(1) 23:17

falls(1) 17:15
familiarity(1) 41:21
far(5) 10:24 12:24 15:19 30:2 43:12
farnan(7) 3:17 3:18 26:16 26:17 26:18 26:19 26:24

farr(1) 5:4
fears(1) 31:19
feel(4) 9:14 9:20 9:25 37:18
fees(2) 30:12 35:13
feld(2) 2:25 4:13
figuratively(1) 17:23
filed(4) 6:10 11:16 36:13 41:13
filings(1) 13:25
filters(1) 21:14
final(1) 16:8
finally(2) 8:6 16:18
find(2) 20:15 36:25
finding(1) 37:17
fine(2) 11:20 45:3
finish(1) 40:9
firm(2) 24:6 25:10
first(14) 10:18 13:25 14:15 14:17 16:17 17:10 20:21 22:13 23:18 27:11 32:10 45:24 49:2 50:9

floor(3) 2:43 3:20 10:16
following(1) 47:25
foot(2) 13:13 13:13
for(76) 1:21 2:4 2:16 2:24 2:39 3:4 3:10 3:17 3:31 3:43 4:4 4:12 4:21 4:45 5:4 5:8 5:17 5:18 7:4 9:8 9:8 9:24 11:7 11:17 12:16 12:22 13:5 13:10 14:8 14:9 14:12 15:4 15:5 15:14 16:1 16:10 16:14 16:25 17:1 17:13 17:18 19:20 23:17 24:14 25:23 27:7 28:5 28:14 29:2 30:1 30:3 30:24 31:1 31:9 31:14 32:5 35:13 35:18 37:12 37:14 37:15 37:15 38:7 38:9 39:20 40:1 40:11 41:18 41:19 43:10 45:13 45:15 46:5 50:20 51:2

foregoing(1) 51:12
forgive(1) 26:1
former(2) 46:15 48:6
forum(1) 39:16
forward(6) 7:15 8:25 14:18 15:7 45:1 45:6
found(1) 31:6
francisco(1) 3:46
frankly(4) 19:19 44:6 45:6 50:10
fred(1) 4:18
freres(1) 4:4
friday(1) 6:1
friedlander(2) 3:10 6:9
from(35) 8:7 8:21 9:20 9:22 10:10 10:25 11:2 11:13 11:15 14:7 14:21 15:10 16:23 17:15 18:3 22:14 23:25 25:22 26:20 27:3 27:15 28:24 29:7 31:19 34:20 43:16 45:19 45:22 46:3 46:19 47:7 47:10 47:18 48:14 51:13

front(2) 14:1 20:25
full(1) 9:18
fully(1) 20:3
fundamentally(1) 23:24
further(1) 45:19
gallagher(1) 5:4
gather(1) 33:20
gave(1) 40:20
generating(1) 23:25
get(9) 14:4 16:19 16:23 18:14 19:24 21:8 30:5 34:4 50:4

gets(3) 15:10 29:25 41:5
getting(2) 10:10 35:15
give(1) 50:11
giving(1) 13:11
glibly(1) 24:22
global(1) 4:45
goes(1) 24:8

going(45) 7:14 7:15 8:17 8:25 9:7 13:15 14:19 15:22 16:12 17:22 17:24 18:12 18:16 18:16 19:17 21:3 21:5 21:10 21:11 21:16 21:18 21:20 21:24 21:24 22:2 22:5 22:5 22:6 22:9 22:11 23:10 24:12 24:13 24:13 25:4 25:4 36:3 41:6 41:10 42:20 44:2 45:11 45:12 47:22 49:1

gold(1) 6:24
gone(1) 16:6
good(30) 6:3 6:5 6:6 6:6 6:8 6:20 6:21 7:17 8:16 11:10 11:11 11:23 11:24 12:1 12:2 12:22 20:10 22:20 24:5 25:8 25:9 26:8 26:15 26:16 41:18 45:19 45:21 51:4 51:4

google(15) 3:10 7:10 12:4 17:5 17:18 18:4 18:4 18:7 19:23 21:7 21:17 21:20 27:21 35:4 41:9

google's(1) 44:7
google/nortel(1) 50:2
google/rockstar(1) 50:2
gorris(2) 3:10 3:11
got(2) 42:18 44:9
gottlieb(1) 5:8
gracious(1) 31:16
grateful(2) 45:14 46:4
great(1) 39:18
gritty(1) 50:5
gross(2) 1:19 22:7
group(1) 20:16
guess(2) 16:16 17:6
gump(2) 2:25 4:13
guzior(27) 3:32 11:13 20:10 20:11 20:13 20:16 20:19 22:24 23:3 23:5 24:5 24:23 25:1 25:3 25:8 40:12 40:13 40:14 40:16 40:25 41:5 41:16 41:25 42:2 44:12 44:14 44:18

guzior's(1) 43:8
hac(1) 11:17

had(24) 8:12 8:15 10:8 10:21 13:4 13:4 13:25 14:16 16:17 16:20 22:16 22:20 23:7 27:21 28:13 28:23 31:3 31:4 33:19 37:2 40:21 42:22 48:23 49:1

hamilton(1) 5:9
hand(2) 6:23 16:10
handled(2) 24:12 28:3
handling(1) 6:16
hanging(1) 17:3
happen(5) 15:22 30:19 30:20 35:17 36:21
happened(1) 33:18
happy(5) 10:14 10:16 20:6 29:9 31:15
hard(1) 15:25
harrisburg(1) 1:40
has(28) 6:25 8:8 9:7 9:21 12:24 12:24 14:15 17:13 18:2 19:11 21:9 22:16 23:19 26:22 28:13 30:23 31:5 32:22 34:6 35:23 36:9 38:6 38:14 38:18 41:21 47:1 48:15

hasn't(1) 32:11
hate(1) 37:17
hauer(2) 2:25 4:13
hauled(1) 29:25
have(94) 6:21 6:23 7:7 7:12 7:13 7:16 7:21 8:10 8:14 8:23 9:25 10:15 10:19 10:21 11:12 11:16 12:2 12:23 13:6 13:13 14:2 14:4 14:10 15:5 15:12 15:19 15:21 15:19 17:18 18:11 18:16 18:21 19:6 19:16 19:21 20:2 20:5 20:24 21:25 22:5 22:5 22:9 23:14 24:18 24:19 27:1 28:23 29:13 29:13 29:21 30:19 30:20 30:24 31:2 31:10 31:12 31:16 31:24 32:3 33:3 34:4 35:11 35:12 37:7 37:9 38:9 38:22 39:19 42:7 42:14 42:19 42:24 43:2 43:4 43:4 43:8 43:13 43:18 43:22 43:22 44:2 46:6 46:8 47:6 47:15 47:19 48:15 48:20 48:23 49:4 49:13 50:6

having(6) 9:18 10:7 17:3 35:7 45:16 46:5

he'll(1) 6:16
hear(7) 10:17 10:25 11:2 22:15 23:13 36:22 41:19

heard(2) 11:7 16:7
hearing(9) 14:17 22:16 23:7 27:12 27:18 28:13 33:16 45:11 51:8

hearings(1) 12:25
help(1) 47:15
helping(1) 39:17
here(39) 6:9 6:24 11:13 11:15 12:19 14:4 16:16 19:20 21:25 22:8 22:23 23:2 23:8 24:22 24:25 25:19 28:7 28:11 29:19 30:1 30:20 30:20 32:2 32:9 32:18 32:25 34:2 35:17 38:9 41:12 42:6 43:7 43:7 47:5 48:11 49:5 50:1 50:8 50:20

here's(4) 16:6 16:6 16:7 36:22
highly(1) 42:17
hodara(1) 4:18
hold(1) 16:9
holder(1) 24:10
holiday(1) 51:2
honest(1) 17:19
honor(116) 6:5 6:8 6:22 6:25 7:9 7:20 8:12 9:21 9:23 9:24 10:7 10:15 11:3 11:11 11:12 11:14 11:16 11:22 11:24 12:1 12:8 12:10 12:25 13:12 13:19 13:22 14:1 14:9 14:17 16:3 16:13 16:21 17:13 17:19 17:24 18:18 19:1 19:9 19:16 19:19 20:5 20:10 20:17 21:25 22:4 22:7 22:14 22:19 22:24 23:5 23:8 23:12 23:14 23:23 24:1 24:6 24:15 24:16 24:18 25:1 25:3 25:9 26:14 26:16 26:21 26:24 27:2 27:7 27:22 28:4 28:18 30:2 31:8 31:14 31:25 32:3 32:7 32:22 34:22 34:24 36:7 36:14 36:16 38:3 38:8 38:16 38:24 39:3 39:22 40:4 40:8 40:12 40:19 41:12 41:14 41:18 41:20 41:23 42:3 43:25 44:4 44:8 44:12 44:25 45:21 45:24 46:13 46:23 48:2 48:14 48:15 48:17 48:21 50:15 50:17 51:6

honor's(5) 6:12 10:12 12:16 14:15 17:9
honorable(1) 1:19
hoover(10) 1:31 6:7 6:8 6:9 6:15 6:18 6:19 44:25 45:4 45:8

hope(2) 49:1 50:22
hoped(1) 37:2
hopefully(1) 8:23
hour(1) 40:18
how(16) 17:20 18:2 18:19 18:22 21:11 21:12 22:9 24:12 24:13 27:10 33:1 34:4 37:14 40:9 40:19 45:12

however(3) 21:1 37:21 42:18
hypothetical(3) 9:15 32:24 35:20
i'd(3) 11:14 11:18 12:4
i'll(7) 8:22 44:21 44:22 50:20 50:20 51:2 51:4

i'm(29) 7:3 9:7 10:5 10:14 10:15 17:6 17:7 17:19 18:9 18:22 19:20 20:5 21:16 21:19 22:5 22:6 32:9 32:14 36:14 36:15 36:20 36:23 37:23 37:23 41:12 44:23 45:13 46:2 48:11

i've(1) 42:18
ian(1) 3:38
idea(3) 22:20 39:4 41:5
identify(1) 18:23
illustrate(1) 21:6
imagine(3) 18:12 21:6 40:3
imagining(1) 27:25
immunized(1) 47:15
immunizes(1) 47:10
impair(1) 48:4
impeded(1) 31:4
impeding(1) 29:6

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| important(6) 12:21 12:21 13:23 22:18 30:1 34:8 | | its(16) 16:9 21:10 21:23 29:12 31:20 33:20 33:23 33:23 35:8 37:22 42:11 42:20 43:2 46:23 47:4 48:8 | | liberty(1) 36:20 | | meet(1) 13:2 | |
| | | | | license(1) 24:8 | | mentioned(3) 17:5 17:11 40:18 | |
| importantly(4) 8:3 13:1 28:18 49:8 | | | | lifting(1) 9:23 | | met(1) 11:12 | |
| impose(3) 9:24 19:15 36:5 | | itself(4) 10:8 12:25 34:20 49:8 | | light(3) 18:19 36:17 40:10 | | meticulous(1) 21:13 | |
| imposed(7) 28:6 29:14 29:17 31:13 31:22 32:4 35:23 | | jaime(1) 2:18 | | like(10) 6:23 8:17 9:10 11:7 11:14 12:4 12:20 18:2 19:19 33:25 | | michael(3) 3:18 26:16 | |
| | | james(1) 5:14 | | | | might(11) 16:25 17:15 28:1 28:2 28:6 39:19 41:18 46:16 46:19 47:12 47:17 | |
| impossible(2) 18:14 18:25 | | jared(3) 3:44 11:15 25:10 | | likely(1) 36:2 | | | |
| inadvertent(1) 28:16 | | jeffrey(1) 3:11 | | likes(1) 23:22 | | minimal(1) 28:2 | |
| inadvertently(1) 47:11 | | jennifer(2) 1:31 6:8 | | limit(1) 48:4 | | minor(2) 8:15 12:20 | |
| inappropriate(2) 42:16 42:17 | | johnson(1) 2:26 | | limited(1) 9:22 | | mischief(2) 21:4 22:12 | |
| inc(4) 1:8 4:25 25:18 25:19 | | jointly(1) 1:6 | | line(2) 18:23 26:19 | | misnomer(1) 33:24 | |
| incentive(4) 14:6 14:14 15:10 47:15 | | jones(1) 4:21 | | literally(1) 17:23 | | mistake(1) 27:10 | |
| incentives(4) 13:8 14:6 14:24 19:9 | | joseph(1) 2:11 | | litigant(1) 30:8 | | modification(2) 33:20 44:10 | |
| inclined(2) 23:14 50:12 | | judge(8) 1:19 1:20 22:6 22:7 25:19 40:9 41:8 41:8 | | litigants(1) 30:17 | | modify(1) 22:10 | |
| include(2) 9:10 46:18 | | | | litigating(1) 50:23 | | moment(1) 9:15 | |
| includes(1) 20:4 | | jurisdiction(27) 9:14 9:21 10:1 10:8 10:9 10:13 17:13 17:16 19:22 22:1 22:21 23:6 23:11 23:17 24:17 29:13 32:3 35:24 36:10 37:4 37:6 37:7 38:1 38:24 43:5 43:13 43:18 | | litigation(12) 25:6 27:14 29:18 30:18 33:22 34:11 35:7 35:11 36:6 36:12 36:12 40:7 | | monitor(1) 2:4 | |
| including(3) 28:15 37:13 42:11 | | | | | | month(1) 21:6 | |
| inconsistent(4) 14:7 31:22 45:17 45:17 | | | | litigations(5) 23:25 31:23 34:2 42:9 45:16 | | more(4) 10:23 12:25 39:13 49:8 | |
| incurred(1) 38:6 | | | | little(9) 13:11 18:12 21:4 22:15 25:13 27:9 33:24 34:25 37:23 | | moring(1) 1:24 5:13 5:17 6:16 | |
| indemnification(2) 48:5 49:4 | | jurisdictional(3) 19:13 23:15 37:17 | | | | morning(20) 6:3 6:5 6:7 6:8 6:11 6:20 6:24 11:10 11:11 12:1 12:2 20:9 20:10 25:8 25:9 26:15 26:16 27:4 45:20 45:21 | |
| indemnity(4) 46:23 47:1 47:4 48:9 | | jurisdictions(3) 14:3 14:10 45:17 | | llc(2) 1:38 3:37 | | | |
| indemnity's(1) 48:8 | | just(27) 8:20 9:3 9:17 10:22 11:18 12:9 16:13 16:19 18:25 22:1 23:16 25:4 25:25 28:19 30:24 31:8 32:8 37:4 37:23 39:13 40:16 41:1 41:12 41:16 41:20 44:15 45:5 | | llp(8) 3:17 3:24 3:31 3:43 4:4 5:4 5:13 5:17 | | most(2) 8:3 34:8 | |
| indicate(1) 34:5 | | | | | | motion(1) 11:16 | |
| indicated(1) 12:17 | | | | log(1) 21:11 | | move(1) 14:18 | |
| individual(1) 49:25 | | | | long(2) 22:20 40:18 | | movement(1) 7:6 | |
| ineffective(1) 43:19 | | | | longer(2) 45:9 47:18 | | much(7) 10:22 12:3 18:2 23:7 25:8 26:12 48:22 | |
| information(9) 26:13 38:18 46:16 46:17 46:17 46:18 47:8 47:12 47:23 | | justin(1) 3:5 | | look(5) 8:17 14:2 31:7 32:10 42:6 | | | |
| | | kathleen(1) 2:5 | | looking(1) 13:23 | | multiple(1) 45:16 | |
| informed(1) 12:10 | | keep(1) 12:10 | | looks(1) 6:23 | | murphy(1) 2:5 | |
| ingersoll(1) 2:4 | | keeping(2) 14:24 30:14 | | los(2) 3:28 26:20 | | myself(1) 24:6 | |
| initial(2) 12:14 13:24 | | keller(7) 8:10 8:21 21:8 21:15 21:23 22:8 40:20 | | lot(11) 7:3 7:21 14:16 14:19 14:22 15:24 19:16 20:23 21:5 24:6 41:23 | | nailed(1) 8:6 | |
| initially(1) 41:13 | | | | | | name(3) 25:10 44:4 44:9 | |
| insist(1) 37:19 | | kent(1) 4:26 | | lots(1) 49:6 | | napier(1) 4:45 | |
| insisting(1) 15:3 | | kevin(1) 1:19 | | luck(1) 51:4 | | nature(1) 50:3 | |
| instance(5) 29:20 29:23 30:21 31:19 38:21 | | key(1) 20:20 | | lugano(1) 1:36 | | necessarily(3) 16:22 19:6 49:10 | |
| instances(6) 30:2 30:13 31:1 31:22 38:10 38:23 | | kick(1) 19:5 | | luton(1) 2:18 | | necessary(1) 23:16 | |
| | | kind(7) 12:11 13:11 13:13 15:10 25:13 33:4 34:18 | | made(6) 7:1 14:11 27:19 30:15 32:9 32:9 | | need(6) 8:25 19:12 20:3 22:10 25:22 50:8 | |
| instead(3) 27:25 29:15 45:16 | | | | madison(1) 2:43 | | needed(2) 20:22 51:5 | |
| interest(2) 37:20 37:22 | | king(3) 2:20 2:35 3:39 | | make(6) 16:13 19:3 37:17 42:12 42:25 | | needing(1) 27:19 | |
| interested(3) 4:21 5:4 8:22 | | kirkland(3) 3:43 11:15 25:10 | | makes(1) 44:5 | | needs(4) 19:2 19:4 19:7 21:14 | |
| interesting(1) 33:5 | | know(53) 8:13 9:7 11:17 12:8 12:23 13:3 13:7 14:2 14:8 14:18 15:20 16:2 16:11 16:22 17:25 18:9 18:15 18:22 19:2 19:6 19:11 19:12 19:14 21:23 23:11 23:16 24:13 25:21 32:6 32:10 32:12 33:1 33:3 33:6 34:5 35:22 34:5 37:8 37:14 39:2 41:1 41:8 41:13 41:17 41:25 42:4 42:4 44:15 45:10 45:12 50:24 | | making(4) 8:4 42:15 43:12 43:15 | | negotiated(1) 29:2 | |
| interests(3) 7:25 8:1 16:12 | | | | management(2) 2:40 4:33 | | networks(4) 1:8 5:5 5:8 5:18 | |
| internal(1) 33:18 | | | | manella(3) 3:24 26:20 27:6 | | never(2) 30:20 33:19 | |
| interpret(1) 29:13 | | | | many(2) 27:18 30:2 | | new(5) 2:13 2:29 2:44 3:34 4:7 | |
| into(6) 13:14 19:13 33:8 39:15 44:4 50:4 | | | | mark(3) 1:25 5:18 6:15 | | next(1) 8:24 | |
| introduce(3) 11:14 25:4 25:5 | | | | market(3) 1:11 2:6 3:19 | | nicholas(1) 5:5 | |
| invite(1) 31:17 | | | | mason(1) 4:38 | | nitty(1) 50:4 | |
| involve(3) 37:24 39:13 43:17 | | knows(1) 41:22 | | materials(1) 28:16 | | non(1) 24:6 | |
| involved(13) 12:24 17:5 18:17 27:19 27:22 32:12 32:20 33:3 35:5 35:25 36:3 39:7 39:25 | | language(3) 12:18 16:17 32:13 | | matter(7) 9:13 9:21 10:1 10:8 21:25 40:1 51:14 | | non-consensual(1) 42:19 | |
| | | last(7) 20:21 23:7 24:21 25:5 27:12 28:13 33:16 41:3 45:11 | | | | non-disclosure(1) 46:19 | |
| involvement(1) 28:23 | | | | matters(1) 9:1 | | non-parties(2) 28:14 28:23 | |
| involving(1) 16:2 | | | | matthew(1) 4:14 | | non-party(10) 29:19 29:20 30:14 30:15 35:2 35:8 35:16 35:25 38:6 39:2 | |
| irell(3) 3:24 26:20 27:6 | | later(4) 19:8 36:9 36:25 42:22 | | may(35) 6:23 9:12 10:3 10:3 10:15 11:14 15:5 15:6 15:8 17:12 17:18 19:11 19:12 29:13 29:16 30:19 30:20 30:20 30:25 31:24 35:14 36:6 36:16 36:21 36:21 38:10 38:23 39:9 40:14 40:15 42:21 46:13 46:23 49:4 49:13 | | | |
| | | law(1) 25:10 | | | | non-practicing(1) 24:7 | |
| issue(34) 9:1 9:9 9:14 9:19 10:3 11:4 11:8 12:6 12:10 12:20 14:8 15:14 16:24 16:25 18:11 21:11 21:12 22:16 25:5 25:21 29:8 30:25 32:25 34:3 36:24 37:15 38:7 39:20 41:7 45:10 46:8 48:19 49:17 49:20 | | lazard(14) 4:4 11:7 45:22 46:6 46:22 47:4 47:11 48:20 48:25 49:4 49:11 50:10 50:12 50:13 | | | | nope(1) 21:24 | |
| | | | | maybe(2) 15:3 15:5 | | normal(3) 29:17 35:10 35:16 | |
| | | lazard's(2) 46:3 46:24 | | mccown(1) 5:10 | | normally(2) 29:20 35:5 | |
| | | lead(1) 22:12 | | mde(1) 24:11 | | nortel(55) 1:8 5:5 5:8 5:18 11:6 13:4 14:8 15:2 17:14 18:3 18:5 18:6 19:24 21:7 21:10 21:17 23:24 25:16 25:20 25:21 25:22 27:15 27:20 28:9 28:25 29:7 30:22 31:19 33:8 33:18 33:19 34:16 35:2 35:4 38:4 38:5 38:6 38:13 39:1 39:6 39:24 39:25 40:5 41:1 46:5 46:15 46:15 46:24 47:3 47:10 47:15 47:18 48:6 49:4 49:11 | |
| issued(1) 35:1 | | learn(1) 28:1 | | mean(6) 14:9 16:22 17:21 18:14 19:3 44:8 | | | |
| issues(21) 8:6 8:18 14:1 14:12 14:25 15:14 16:1 17:9 17:12 18:19 19:10 19:13 24:17 30:16 37:13 37:15 39:16 39:17 41:22 49:2 49:25 | | least(4) 7:7 12:5 48:2 48:9 | | meaning(1) 48:9 | | | |
| | | leaves(1) 17:3 | | means(1) 37:11 | | | |
| | | led(1) 38:19 | | meant(4) 24:4 24:22 24:23 24:24 | | | |
| | | left(1) 12:5 | | meantime(1) 12:13 | | nortel's(3) 9:20 38:14 48:7 | |
| it's(36) 6:6 6:20 9:11 11:17 12:20 12:21 15:5 17:17 18:2 20:16 21:3 21:23 22:11 24:8 24:14 26:20 31:21 33:25 35:25 36:5 36:7 36:8 37:11 37:12 37:20 38:14 38:14 41:10 41:22 45:14 46:1 46:17 47:20 49:20 50:3 50:21 | | legal(1) 42:22 | | mediary(1) 31:2 | | nortel/rockstar(1) 39:13 | |
| | | legitimate(1) 7:24 | | mediation(4) 13:21 22:2 37:2 37:12 | | north(4) 2:20 2:35 3:19 3:39 | |
| | | less(1) 50:25 | | mediator(18) 8:8 8:11 10:22 13:4 14:19 16:2 17:24 18:18 29:10 36:4 38:14 39:8 39:17 40:4 42:25 43:23 43:24 44:2 | | northern(1) 41:9 | |
| | | let(3) 14:18 18:13 19:23 | | | | | |
| item(4) 21:9 21:16 21:18 21:19 | | let's(5) 14:4 14:18 16:19 21:6 41:20 | | | | | |
| | | letter(1) 12:9 | | | | | |
| | | liability(5) 8:3 28:10 31:19 47:6 47:19 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| not(68) 7:3  8:14  8:17  9:7  9:18  10:2  10:3  10:3  13:15  15:6  15:17  15:21  17:6  17:7  17:19  18:9  18:16  18:22  19:14  19:20  22:2  23:11  23:15  25:17  28:17  28:19  29:14  29:23  31:3  31:4  31:8  31:12  31:18  32:2  32:14  32:16  34:14  35:5  36:3  36:5  36:7  36:9  36:13  36:16  36:20  36:21  37:13  37:15  37:15  37:21  38:13  38:14  38:16  38:24  39:3  39:5  39:9  39:24  40:5  43:3  43:18  46:4  46:14  49:7  49:7  49:9  50:12 | | outside(6) 13:21  29:11  31:13  35:19  37:1  43:5 | | place(9) 8:24  10:22  15:11  19:10  22:13  27:11  31:2  43:23  50:14 | | protected(4) 31:11  31:12  46:17  47:12 |
| | | outstanding(1) 7:16 | | | | protecting(2) 16:11  16:11 |
| nothing(4) 31:5  48:3  49:3  50:19 | | over(4) 17:13  22:21  35:24  35:24 | | plaintiff(1) 33:11 | | protections(1) 50:14 |
| notice(2) 15:18  27:13 | | overall(2) 13:7  13:8 | | plc(1) 4:37 | | protects(2) 48:9  50:10 |
| november(1) 22:17 | | overy(1) 2:10 | | please(2) 6:2  6:3 | | protocol(51) 7:20  8:7  9:7  10:11  10:15  10:20  12:16  13:2  13:6  13:7  14:22  15:15  15:24  19:17  20:24  21:3  26:2  26:5  28:3  32:12  32:21  34:20  37:10  37:11  37:11  37:21  39:12  42:7  42:10  42:13  42:14  42:19  42:21  43:1  43:7  43:11  43:18  43:22  44:1  44:21  45:12  45:25  46:11  47:5  48:4  49:3  49:7  49:8  49:18  49:22  49:24 |
| now(18) 7:19  9:19  10:4  10:13  17:5  21:22  23:13  23:20  29:5  30:5  31:16  33:8  35:11  35:12  41:19  42:14  44:1  45:19 | | owes(1) 29:24 | | plevin(1) 5:18 | | |
| | | own(2) 33:23  33:23 | | point(20) 8:20  11:1  12:21  12:22  13:23  13:24  17:22  19:16  20:21  21:6  22:15  22:25  23:5  23:13  24:20  24:21  32:24  38:13  41:13  46:3 | | |
| number(1) 42:9 | | owning(1) 36:11 | | | | |
| object(1) 27:16 | | paid(5) 29:2  30:9  30:12  31:10  40:5 | | | | |
| objecting(1) 28:21 | | paige(1) 4:30 | | pointed(1) 49:10 | | provides(3) 24:5  46:14  47:3 |
| objection(4) 20:1  29:14  31:24  32:22 | | pained(1) 48:22 | | points(3) 20:20  23:18  32:8 | | providing(1) 24:14 |
| objections(4) 27:25  28:1  28:2  49:19 | | paragraph(4) 9:6  9:10  10:17  44:22 | | police(1) 46:15 | | provision(12) 15:9  15:21  16:20  24:11  28:18  30:23  32:1  36:4  43:23  44:4  49:2  50:1 |
| obligation(4) 29:24  30:22  38:14  38:15 | | park(3) 2:27  3:33  4:45 | | posed(1) 28:8 | | |
| obligations(4) 29:1  31:11  48:6  49:12 | | parse(5) 17:20  17:24  18:10  18:22  40:19 | | position(10) 10:3  10:7  12:5  12:17  19:2  20:7  30:7  37:22  44:7  48:8 | | |
| obliged(1) 46:14 | | part(8) 13:24  14:24  14:24  16:12  18:5  18:17  22:18  23:7 | | | | provisions(4) 13:5  15:18  28:7  39:12 |
| obtain(1) 27:15 | | | | positions(1) 42:5 | | purchased(2) 34:13  37:24 |
| obvious(1) 23:17 | | participate(5) 13:16  19:25  20:3  20:3  31:15 | | possibly(2) 35:17  39:2 | | purposes(3) 17:9  25:23  37:12 |
| obviously(4) 18:16  19:18  33:6  47:22 | | participated(2) 12:21  12:21 | | potential(3) 8:3  47:9  47:10 | | put(4) 19:10  37:9  44:4  49:5 |
| off(2) 12:5  41:9 | | participating(5) 10:10  12:13  12:24  13:2  20:2 | | potentially(4) 45:17  46:17  47:12  49:20 | | puts(1) 46:22 |
| official(2) 2:24  4:12 | | | | ppearances(4) 1:22  2:1  3:1  4:1 | | putting(2) 9:17  37:4 |
| okay(11) 7:17  15:20  16:5  21:16  26:21  26:24  45:4  45:8  46:9  46:21  48:12 | | particular(11) 9:19  18:23  30:21  34:20  35:20  35:24  35:25  36:10  36:17  49:25  50:5 | | practical(5) 20:21  20:23  21:3  22:4  22:14 | | quality(1) 21:13 |
| omitted(1) 24:16 | | | | practically(1) 20:22 | | question(7) 28:8  31:14  31:18  35:18  36:8  37:5  38:13 |
| once(1) 8:22 | | particularly(2) 9:15  37:24 | | practicing(1) 24:7 | | |
| one(39) 2:27  8:7  9:3  11:3  11:6  12:19  13:13  13:13  14:6  14:6  14:10  14:11  16:20  16:24  17:3  17:7  17:17  21:9  22:20  24:21  25:17  27:21  30:8  34:8  37:5  39:16  39:16  40:22  40:25  41:7  41:12  42:11  44:15  45:7  45:15  46:8  47:11  49:23 | | parties(60) 7:21  7:25  8:10  8:23  9:8  10:5  10:25  12:14  13:6  13:8  13:25  14:25  15:2  15:19  16:24  17:18  18:20  18:21  19:15  19:23  23:2  23:10  24:16  27:23  28:21  28:21  29:21  30:5  30:8  31:16  31:21  32:2  32:2  32:15  33:8  34:9  34:10  34:15  35:1  35:4  35:4  36:3  37:9  38:25  39:8  39:14  39:24  40:6  40:7  40:17  42:7  42:23  43:14  45:19  45:25  46:4  49:25  50:5  50:21 | | pre-existing(1) 43:9 | | questions(5) 10:14  20:5  24:19  48:15 |
| | | | | precise(1) 24:17 | | quinn(1) 2:40 |
| | | | | prefer(1) 45:2 | | quite(3) 7:1  16:17  19:19 |
| | | | | preference(1) 43:25 | | raised(1) 22:17 |
| | | | | prejudice(2) 48:7  48:14 | | raises(1) 13:23 |
| | | | | prepare(1) 44:21 | | raising(1) 23:13 |
| | | | | prepared(3) 43:1  43:6  43:13 | | rare(1) 30:25 |
| | | | | preparing(1) 45:12 | | rather(2) 9:24  19:8 |
| one-hour(1) 16:20 | | | | present(1) 8:18 | | reach(1) 16:1 |
| one-stop-shop(2) 41:19  42:3 | | party(36) 4:21  5:4  6:13  23:2  24:12  26:2  26:3  27:14  29:17  29:21  29:23  29:24  30:4  30:10  30:12  30:14  32:11  32:16  32:22  33:3  33:9  34:1  34:1  34:4  34:13  34:17  35:7  35:14  36:1  36:5  36:12  37:21  38:11  38:23  42:10  49:11 | | presentation(2) 6:17  7:4 | | reached(2) 22:9  29:2  43:10 |
| only(6) 6:10  28:8  31:21  39:22  45:6  46:4 | | | | presentations(1) 13:18 | | read(1) 48:3 |
| onto(2) 15:20  25:13 | | | | preserve(1) 30:24 | | real(1) 38:10 |
| opportunity(3) 15:13  15:16  32:3 | | | | preserved(1) 28:22 | | really(18) 9:3  10:19  12:4  14:15  19:2  19:11  21:3  32:14  32:25  37:7  37:18  42:24  43:16  43:19  45:10  45:14  46:2  50:21 |
| oppose(1) 12:18 | | | | preston(1) 2:32 | | |
| opt(6) 13:14  13:15  16:12  19:22  19:23  39:5 | | party's(2) 15:7  29:25 | | presumably(2) 13:16  32:23 | | |
| opting(2) 31:19  39:4 | | patent(6) 24:9  24:10  24:10  30:18  33:22  36:1 | | prevailing(2) 30:12  35:14 | | |
| order(17) 6:12  12:14  13:24  14:15  14:20  17:10  19:10  23:9  24:2  42:21  43:1  43:22  43:24  44:10  44:21  50:20  51:3 | | | | prevent(1) 28:12 | | reason(1) 31:1 |
| | | patentee(1) 34:17 | | privilege(15) 15:14  21:9  21:11  21:13  29:1  31:11 | | reasonable(4) 7:24  14:25  28:7  28:11 |
| | | patents(9) 24:9  25:16  25:20  25:21  25:22  33:12  33:17  33:19  33:20 | | | | reasonably(1) 34:11 |
| ordered(1) 35:8 | | | | | | reasons(2) 12:22  17:2 |
| ordinarily(1) 15:18 | | | | privileged(3) 28:12  28:16  46:16 | | rebecca(2) 4:45  4:46 |
| ordinary(1) 33:21 | | pay(12) 15:5  22:2  24:13  28:24  29:16  29:25  30:15  30:24  33:15  35:8  39:20  40:5 | | pro(1) 11:17 | | recall(2) 46:13  46:24 |
| organized(1) 46:5 | | | | probably(2) 8:2  8:7 | | receive(3) 8:21  8:22 |
| orient(1) 27:9 | | | | problem(7) 16:14  39:14  40:19  42:18  43:2  43:3  44:2 | | record(1) 50:11 |
| original(1) 24:10 | | paying(4) 29:8  31:2  38:5  38:13 | | | | recorded(1) 1:44 |
| originally(1) 46:25 | | payment(1) 33:23 | | | | recording(2) 1:44  51:13 |
| other(28) 8:1  8:11  9:3  9:8  10:5  10:16  11:3  12:12  12:14  17:11  18:9  19:23  23:4  25:15  27:24  30:8  32:1  32:15  32:22  36:1  36:12  39:2  39:12  42:23  48:5  49:3  49:25 | | payne(1) 41:8 | | problematic(1) 43:10 | | recover(1) 35:15 |
| | | pays(1) 18:3 | | problems(1) 50:6 | | recoverable(1) 47:18 |
| | | peg(1) 4:22 | | procedure(10) 28:20  28:24  31:16  35:10  37:25  38:9  39:5  39:7  39:10  43:20 | | redos(1) 21:5 |
| otherwise(2) 41:7  43:8 | | pending(6) 7:13  9:16  14:3  25:19  36:13  47:21 | | | | reflected(1) 43:11 |
| ought(2) 10:24  38:1 | | | | | | regan(1) 5:14 |
| our(22) 9:9  10:6  12:5  12:17  13:14  14:11  15:23  16:11  16:11  16:11  17:10  17:11  19:1  20:6  28:2  31:10  37:7  43:23  43:25  47:16  48:9  49:19 | | pennsylvania(2) 1:26  1:40 | | procedures(1) 30:11 | | regarding(2) 12:9  13:19 |
| | | pension(2) 3:4  5:6 | | proceed(3) 22:10  43:17  51:3 | | regulating(1) 6:12 |
| | | people(2) 28:23  32:16 | | proceeding(2) 35:2  35:3 | | reimbursement(1) 23:24 |
| | | percentage(1) 21:18 | | proceedings(4) 1:18  1:44  7:7  51:14 | | relate(1) 28:19 |
| | | perfectly(1) 29:9 | | process(18) 10:10  10:23  13:15  13:21  14:7  14:18  14:21  16:3  16:8  17:21  18:12  18:17  22:2  22:18  33:4  33:7  37:2  39:15 | | related(5) 25:16  29:12  30:11  47:4  47:14 |
| ourselves(1) 14:20  15:25 | | perhaps(2) 49:8  50:24 | | | | relates(4) 28:20  32:1  46:10  46:23 |
| out(20) 6:23  8:13  13:13  13:15  15:10  16:12  17:20  17:24  18:10  18:11  18:22  19:22  19:23  23:18  24:8  27:16  28:2  31:19  34:20  37:10  39:4  39:5  41:7  47:7 | | permitted(1) 11:19 | | | | relating(2) 15:1  33:17 |
| | | perry(1) 4:29 | | | | relation(3) 28:11  35:8  39:23 |
| | | persist(1) 42:20 | | produce(4) 28:9  33:15  33:21  47:11 | | relationship(1) 48:23 |
| | | perspective(1) 9:20 | | produced(1) 1:45 | | relatively(1) 12:20  19:4 |
| | | persuaded(1) 32:14 | | producing(3) 29:21  29:24  35:3 | | relevant(3) 38:21  40:10  41:23 |
| ought | | philip(1) 4:42 | | production(6) 28:12  28:16  30:15  31:4  31:20  47:23 | | relief(1) 17:4 |
| | | phone(2) 31:17  40:18 | | | | relieve(1) 22:11 |
| | | pick(1) 12:4  18:11  18:24  32:8 | | productions(1) 46:15 | | remain(1) 36:12 |
| | | | | program(1) 15:11 | | remarkable(1) 50:22 |
| | | | | progress(1) 7:1 | | remember(1) 20:14 |
| | | | | proposal(5) 7:23  47:25  48:22 | | reminds(1) 41:23 |
| | | | | proposed(6) 8:12  10:11  10:15  28:3  42:7  49:2 | | removed(1) 44:19 |
| | | | | | | removing(1) 44:20 |
| | | | | prospective(1) 47:23 | | renaissance(1) 2:34 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **reorg**(1) 4:25 | | **roof**(1) 45:15 | | **shifted**(1) 18:5 | | **strikes**(1) 7:24 | |

**reorg**(1) 4:25
**repeatedly**(1) 22:17
**represent**(3) 24:6 25:11 25:17
**represented**(1) 20:15
**request**(6) 15:6 18:6 27:13 27:16 30:1
**requested**(3) 15:15 31:3 40:6
**requester**(1) 27:14
**requesting**(24) 10:5 15:2 16:24 17:17 18:3 18:5 19:23 29:17 29:20 29:25 30:8 30:9 30:14 33:7 34:15 34:17 35:1 35:4 35:7 38:11 38:23 39:8 39:24 44:24
**requests**(5) 7:16 8:5 13:5 18:20 29:22
**require**(3) 10:3 18:15 50:12
**required**(1) 28:24
**research**(1) 4:25
**reservation**(4) 9:10 9:17 12:18 15:9
**resolution**(7) 10:4 14:1 16:1 16:9 41:7 42:7 43:11

**resolve**(11) 9:21 10:1 17:1 17:8 19:20 24:17 36:8 38:8 38:18 39:17 44:9

**resolved**(3) 10:13 19:4 37:13
**resolves**(1) 30:16
**resolving**(1) 38:16
**respect**(15) 7:14 7:19 9:11 10:5 12:6 12:11 12:12 13:1 19:16 21:11 21:16 21:18 21:19 47:6 47:16

**respectfully**(1) 42:4
**respond**(2) 32:6 40:14
**responded**(1) 38:6
**response**(5) 8:4 12:14 21:23 22:21 34:23
**responses**(1) 47:17
**responsible**(1) 24:14
**result**(3) 8:3 49:11 51:1
**resulted**(1) 35:21
**resulting**(1) 47:7
**results**(1) 45:18
**retained**(1) 24:17
**retainer**(2) 8:21 31:3
**retracted**(1) 42:5
**reveal**(1) 36:20
**review**(2) 15:14 15:16
**richard**(1) 4:30
**right**(33) 6:18 9:19 10:4 11:9 19:7 20:8 20:8 25:7 25:12 25:24 26:1 26:7 26:8 28:14 32:5 32:17 32:19 33:13 34:21 36:22 40:2 40:24 41:15 42:1 42:6 43:4 43:20 45:10 48:16 50:19 51:1 51:3 51:5

**rights**(9) 9:10 9:17 12:19 15:9 16:11 28:22 31:11 43:19 49:4
**ripe**(1) 10:3
**rise**(1) 6:2
**road**(4) 19:6 21:7 36:3 49:21
**robert**(3) 2:26 2:42 12:3
**robinson**(3) 22:6 25:20 41:8
**rockstar**(103) 3:17 7:10 9:9 10:8 10:24 12:19 12:23 13:10 13:12 15:2 15:10 15:14 16:4 16:9 16:21 16:25 17:11 17:15 17:18 18:4 18:6 18:7 19:2 19:11 19:22 21:2 21:7 21:20 21:22 22:15 22:17 22:21 23:6 23:13 23:25 24:7 25:16 26:17 26:22 27:11 27:13 27:19 27:24 28:6 28:9 28:11 28:15 28:19 28:22 29:8 29:15 30:7 30:9 30:22 30:23 31:2 31:3 31:4 31:5 31:18 31:20 32:10 32:14 32:16 32:18 33:8 33:20 34:16 34:19 35:5 36:1 36:2 36:5 36:11 37:10 37:22 37:24 38:2 38:4 38:5 38:11 38:22 39:1 39:4 39:6 39:9 39:18 39:23 39:24 40:7 40:9 41:2 42:20 42:21 42:24 43:2 43:3 43:15 44:23 46:20 47:13 49:15

**rockstar's**(7) 10:2 16:15 27:25 28:1 37:20 38:15 39:5
**rodney**(1) 2:19

**roof**(1) 45:15
**room**(1) 21:8
**rooney,pc**(1) 2:4
**routinely**(1) 24:9
**ruegger**(18) 4:5 11:7 45:21 45:22 45:24 46:3 46:8 46:10 46:13 46:22 47:3 48:12 48:13 48:17 48:18 48:25 50:14 50:15

**ruegger's**(2) 48:22 50:7
**rule**(8) 33:6 34:1 34:5 34:12 34:18 35:1 41:16 41:20

**rulings**(1) 14:7
**said**(9) 14:17 15:19 19:11 21:5 22:18 22:19 24:21 25:20 29:5

**sale**(5) 24:2 24:3 24:15 29:11 31:9
**salve**(1) 47:24
**same**(3) 18:24 19:25 44:14
**samis**(1) 2:33
**san**(1) 3:46
**satisfactory**(1) 16:1
**satisfied**(1) 42:10
**savings**(4) 48:2 49:5 50:8 50:12
**saw**(3) 8:7 9:5 32:6
**say**(20) 14:2 15:12 16:5 16:10 16:24 17:12 17:17 18:13 21:25 22:6 23:8 23:16 24:7 27:3 31:7 35:11 35:12 40:8 41:20 42:22

**saying**(9) 16:22 29:5 32:10 33:9 36:23 39:14 39:18 41:14 49:7

**says**(5) 19:21 21:15 24:12 30:23 49:3
**schuylkill**(1) 1:39
**scope**(1) 30:3
**search**(1) 21:9
**seated**(1) 6:4

**second**(12) 12:15 13:1 14:14 14:21 15:15 20:24 21:2 22:14 23:23 32:12 32:21 48:3

**secondly**(2) 47:14 47:16
**section**(8) 21:2 24:1 46:10 46:14 46:18 47:5 47:22 48:1

**see**(9) 6:6 11:23 11:24 13:10 14:21 24:9 28:19 36:19 37:14

**seek**(1) 17:4
**seeking**(3) 12:19 17:14 23:24
**seem**(3) 16:13 28:7 31:8
**seemed**(1) 14:20
**seems**(12) 12:20 13:12 16:4 18:25 19:19 29:8 37:10 39:12 41:3 42:16 49:5 49:24

**seen**(2) 6:25 30:2
**selected**(3) 40:21 40:22 44:3
**send**(1) 45:5
**sense**(4) 15:1 16:13 21:4 44:5
**sensitive**(1) 37:6
**sent**(1) 47:24
**sentence**(13) 9:4 10:17 12:19 13:10 21:1 21:23 28:1 44:16 44:23 45:9 47:25 48:14 49:19

**serve**(1) 8:11
**served**(1) 34:13
**serves**(1) 45:14
**service**(2) 1:38 1:45
**services**(1) 1:38
**set**(1) 21:11
**settlement**(2) 7:13 36:2
**settlements**(2) 9:16 36:17
**shall**(4) 40:5 47:6 47:18 48:4
**shared**(1) 31:2
**sharing**(8) 9:11 14:16 28:19 28:20 30:17 35:6 38:8 39:9

**she**(3) 8:14 8:15 21:15
**she'll**(1) 8:24

**shifted**(1) 18:5
**shifting**(1) 34:14
**should**(28) 10:13 13:14 15:4 16:16 18:5 19:22 29:9 29:14 29:16 29:16 30:9 31:2 31:7 31:12 32:3 34:19 35:12 35:17 35:22 36:8 38:5 38:12 38:16 38:18 40:5 42:3 42:5 50:11

**shouldn't**(1) 33:3
**side**(5) 8:1 33:22 34:17 34:17 37:5
**sign**(1) 15:20
**similar**(1) 34:10
**simply**(5) 24:16 28:25 34:24 35:22 46:5
**since**(1) 37:24
**sir**(3) 26:25 43:24 46:12
**sit**(2) 17:22 21:15
**sitting**(2) 14:5 40:20
**situation**(6) 16:15 17:8 27:11 31:7 34:3 50:13

**situations**(1) 40:3
**sold**(1) 33:19
**solus**(1) 2:39
**solution**(1) 41:18
**solutions**(1) 20:23
**some**(24) 7:5 7:6 8:3 8:15 10:10 16:3 17:22 21:6 21:17 27:10 27:18 30:8 31:1 32:22 36:1 37:14 37:15 38:11 38:15 39:2 40:6 44:10 47:20 50:11

**somehow**(2) 15:2 34:19
**someone**(1) 44:21
**something**(10) 15:6 15:17 17:15 17:18 19:4 19:7 19:18 25:14 30:13 30:19

**sometimes**(1) 48:1
**somewhat**(3) 9:14 24:21 50:25
**song**(2) 4:45 4:46
**sooner**(1) 19:8
**sorry**(6) 11:3 32:9 36:14 36:15 44:23
**sort**(4) 17:3 44:10 46:22 50:3
**sought**(1) 29:7
**sound**(2) 1:44 51:13
**southpaw**(1) 4:33
**speak**(4) 9:8 9:8 11:19 26:21
**special**(1) 5:17
**specific**(1) 13:4
**speculative**(1) 47:20
**speed**(1) 18:14
**spend**(1) 15:24
**spent**(2) 18:2 35:15
**spirax**(4) 7:15 25:6 25:18 36:1
**split**(2) 40:22 40:25
**spoke**(1) 20:22
**spoken**(1) 10:25
**square**(1) 2:19
**squarely**(1) 38:7
**stand**(1) 38:9
**standard**(2) 29:17 30:11
**stargatt**(1) 2:16
**stars**(2) 3:26 6:24
**start**(3) 31:17 50:4 50:5
**started**(1) 33:7
**stated**(1) 7:7
**statement**(2) 49:9 50:11
**states**(3) 1:1 1:20 47:5
**status**(2) 6:11 12:11
**stay**(6) 6:12 9:24 23:20 23:21 27:13 27:17
**stayed**(2) 7:13 25:17
**stays**(2) 12:9 36:2
**ste**(2) 2:6 3:6
**steen**(1) 5:8
**step**(1) 16:16
**steps**(2) 14:20 28:11
**still**(5) 7:15 8:6 21:12 43:4 50:10
**strauss**(2) 2:25 4:13
**street**(7) 1:11 1:39 2:20 2:35 3:19 3:39 3:45

**strikes**(1) 7:24
**strongly**(1) 37:18
**structure**(1) 19:9
**subject**(7) 9:13 9:21 10:1 10:8 21:25 23:6 23:11

**subjected**(1) 10:8
**submit**(1) 42:4
**submits**(1) 42:11
**submitted**(4) 7:20 12:9 12:16 42:8
**submitting**(2) 37:19 42:10
**subpoena**(2) 30:14 34:4
**subpoenas**(7) 29:19 29:20 33:7 34:12 35:1 35:8 35:16

**subsequent**(2) 12:11 44:10
**subsequently**(1) 46:25
**succeeded**(1) 35:11
**suggesting**(1) 37:23
**suggestion**(1) 16:16
**suite**(3) 1:32 3:13 3:27
**sullivan**(1) 2:41
**summarize**(1) 19:1
**superfluous**(1) 49:6
**supko**(34) 1:25 6:15 6:20 6:22 6:25 7:3 7:9 7:12 7:18 7:19 7:23 8:10 8:15 8:17 8:20 9:3 9:6 11:3 11:6 12:5 12:17 23:18 25:14 43:24 43:25 46:5 47:25 48:20 48:21 48:25 49:15 49:17 50:17 50:18

**supko's**(1) 50:11
**support**(2) 20:20 49:10
**supports**(1) 34:15
**suppose**(2) 43:2 43:15
**sure**(10) 7:3 10:6 14:13 17:6 17:7 17:20 18:9 18:22 19:20 44:5

**surprise**(1) 27:21
**surprised**(3) 22:15 23:12 37:23
**susceptible**(1) 38:1
**suspect**(2) 42:19 50:6
**sympathetic**(1) 36:23
**systems**(3) 3:43 11:16 25:18
**table**(4) 14:4 14:25 15:11 31:18

**take**(10) 13:20 16:16 18:12 18:13 18:24 25:13 28:11 39:20 42:8 43:16

**talk**(2) 16:19 27:23
**talked**(1) 14:18
**talking**(2) 14:5 41:3
**talks**(1) 33:1
**tangent**(1) 25:14
**task**(1) 18:15
**taylor**(2) 2:17 2:32
**telephonic**(2) 4:10 5:1
**tell**(1) 37:18
**telling**(1) 37:22
**tells**(1) 16:5
**temporarily**(1) 7:8
**terms**(3) 8:2 13:7 21:10
**texas**(1) 22:5
**than**(3) 24:3 39:13 42:23
**thank**(35) 6:18 6:19 6:22 7:17 11:9 11:21 11:22 11:23 12:3 16:10 20:8 25:7 25:7 26:10 26:12 26:14 26:23 26:24 26:25 27:2 32:4 32:5 32:7 34:21 34:22 48:17 48:18 48:18 50:16 50:17 50:18 50:18 51:3 51:6 51:7

**thanks**(1) 25:9

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| **that**(301) 7:14 7:16 7:20 7:24 8:1 8:4 8:12 8:15 8:22 9:5 9:7 9:11 9:13 9:14 9:18 9:20 9:22 9:23 9:24 9:25 10:3 10:7 10:11 10:14 10:15 10:17 10:21 10:22 10:25 11:18 11:20 12:10 12:16 12:19 12:20 12:23 13:8 13:12 13:14 13:17 13:23 14:7 14:12 14:14 15:1 15:3 15:5 15:5 15:7 15:8 15:8 15:10 15:17 15:20 15:23 16:3 16:13 16:15 16:21 16:22 16:22 16:25 17:1 17:11 17:12 17:13 17:18 17:20 18:4 18:4 18:5 18:6 18:6 18:10 18:10 18:11 18:20 18:22 18:24 18:24 19:2 19:3 19:4 19:7 19:8 19:9 19:18 19:18 19:21 20:1 20:2 20:3 20:6 20:22 20:24 21:1 21:1 21:2 21:4 21:6 21:6 21:7 21:10 22:1 22:3 22:4 22:9 22:10 22:12 22:14 22:15 22:16 22:17 22:18 22:19 23:2 23:10 23:11 23:12 23:13 23:13 23:18 23:21 23:21 23:23 23:25 24:2 24:8 24:12 24:15 24:18 24:21 24:24 25:5 25:14 25:15 25:15 25:16 25:21 25:23 25:25 26:23 27:16 27:17 27:21 27:24 28:8 28:13 28:16 28:22 29:1 29:5 29:8 29:9 29:14 29:16 30:2 30:6 30:9 30:10 30:12 30:13 30:15 30:19 30:20 30:21 30:22 30:23 30:24 30:25 31:13 31:18 31:24 31:25 32:4 32:8 32:13 32:13 32:14 32:16 32:24 32:24 33:2 33:5 33:7 33:18 34:2 34:5 34:8 34:11 34:12 34:14 34:19 34:23 34:24 35:2 35:2 35:5 35:14 35:14 35:16 35:16 35:20 35:21 35:21 35:22 35:25 36:8 36:13 36:16 36:17 36:21 36:24 36:25 37:10 37:11 37:13 37:18 37:20 37:23 37:25 38:4 38:5 38:6 38:7 38:7 38:9 38:13 38:13 38:14 38:16 38:16 38:17 38:17 38:19 38:20 38:21 38:22 38:25 39:11 39:15 39:16 40:4 40:5 40:11 40:14 40:16 40:17 40:18 40:18 40:19 41:3 41:5 41:5 41:18 41:23 42:2 42:4 42:10 42:13 42:13 42:16 42:18 42:20 42:24 43:3 43:4 43:9 43:13 43:14 43:18 43:23 44:1 44:2 44:4 44:5 44:8 44:9 44:15 44:18 44:20 44:21 44:22 44:22 44:23 44:25 45:3 45:6 45:6 45:11 45:13 45:14 46:6 46:13 46:14 46:16 46:18 46:22 | | **the**(301) 1:1 1:2 1:19 2:4 2:12 2:34 3:26 4:6 5:18 6:2 6:3 6:6 6:9 6:10 6:11 6:12 6:14 6:18 6:20 6:23 7:2 7:5 7:6 7:7 7:7 7:10 7:10 7:11 7:15 7:17 7:19 7:21 7:22 7:24 8:1 8:1 8:1 8:4 8:7 8:8 8:9 8:10 8:11 8:11 8:14 8:16 8:19 8:22 8:24 9:2 9:3 9:5 9:6 9:8 9:9 9:14 9:15 9:15 9:17 9:22 9:24 10:3 10:5 10:7 10:9 10:11 10:12 10:15 10:16 10:18 10:21 10:22 10:24 11:2 11:5 11:11 11:5 11:6 11:9 11:13 11:20 11:23 11:25 12:12 12:6 12:7 12:9 12:12 12:13 12:14 12:14 12:15 12:15 12:18 12:23 12:25 13:1 13:1 13:5 13:6 13:7 13:8 13:8 13:16 13:17 13:17 13:18 13:18 13:20 13:21 13:24 13:25 14:4 14:13 14:14 14:16 14:18 14:19 14:20 14:21 14:24 14:25 14:25 15:1 15:11 15:15 15:19 15:19 15:21 15:21 16:2 16:4 16:6 16:6 16:6 16:6 16:7 16:7 16:8 16:12 16:24 16:25 17:4 17:7 17:9 17:9 17:11 17:14 17:15 17:16 17:17 17:19 17:22 17:22 17:23 17:25 18:1 18:4 18:8 18:9 18:13 18:15 18:18 18:18 18:19 18:20 18:20 18:21 18:23 18:24 19:5 19:6 19:9 19:13 19:13 19:15 19:17 19:20 19:21 20:15 20:25 20:2 20:4 20:8 20:12 20:14 20:18 20:20 20:21 20:22 20:24 21:4 21:7 21:9 21:11 22:4 22:8 22:12 22:13 22:16 22:18 22:20 22:23 23:1 23:2 23:4 23:4 23:7 23:7 23:10 23:10 23:18 23:18 23:20 23:21 23:23 23:24 24:1 24:2 24:2 24:4 24:11 24:15 24:16 24:20 24:21 24:24 25:2 25:6 25:7 25:10 25:12 25:16 25:16 25:18 25:20 25:24 26:1 26:4 26:5 26:6 26:8 26:10 26:12 26:13 26:15 26:18 26:19 26:23 26:25 27:3 27:4 27:7 27:7 27:18 27:18 27:20 27:23 28:6 28:8 28:12 28:13 28:20 28:21 28:22 28:23 28:25 29:3 29:4 29:7 29:10 29:11 29:11 29:11 29:16 29:17 29:19 29:20 29:21 29:21 29:22 29:22 29:24 29:25 30:2 30:3 30:3 | | **the**(270) 30:6 30:7 30:8 30:9 30:10 30:11 30:12 30:13 30:14 30:15 30:15 30:17 30:17 30:23 30:25 31:1 31:3 31:4 31:4 31:5 31:8 31:13 31:15 31:16 31:18 31:21 31:23 32:1 32:5 32:9 32:12 32:13 32:14 32:15 32:17 32:19 32:20 32:25 33:1 33:2 33:4 33:5 33:7 33:10 33:10 33:11 33:13 33:14 33:15 33:16 33:17 33:17 33:19 33:21 33:22 34:2 34:3 34:5 34:6 34:8 34:9 34:10 34:13 34:13 34:14 34:16 34:17 34:18 34:20 34:21 34:23 34:25 35:1 35:1 35:2 35:3 35:4 35:6 35:7 35:9 35:9 35:10 35:11 35:13 35:15 35:16 35:19 35:19 35:20 35:23 35:24 36:2 36:3 36:4 36:5 36:10 36:11 36:14 36:15 36:17 36:17 37:9 37:9 37:10 37:11 37:11 37:13 37:21 38:1 38:5 38:10 38:11 38:13 38:17 38:18 38:18 38:19 38:19 38:20 38:21 38:23 38:24 39:4 39:7 39:7 39:8 39:11 39:12 39:12 39:13 39:14 39:14 39:16 39:17 39:20 39:22 39:23 39:25 39:25 40:2 40:4 40:5 40:8 40:10 40:13 40:15 40:16 40:17 40:19 40:20 40:21 40:24 41:4 41:5 41:9 41:15 41:17 41:19 41:21 41:21 41:22 41:24 42:1 42:3 42:6 42:7 42:7 42:8 42:11 42:13 42:14 42:18 42:23 42:24 43:2 43:3 43:3 43:4 43:5 43:11 43:13 43:14 43:17 43:18 43:24 43:24 44:1 44:2 44:5 44:8 44:9 44:11 44:13 44:14 44:17 44:20 44:22 44:23 45:3 45:5 45:6 45:9 45:11 45:19 45:23 45:25 45:25 45:25 46:2 46:4 46:7 46:9 46:10 46:12 46:14 46:15 46:21 46:22 47:2 47:5 47:6 47:8 47:21 47:21 47:22 47:23 47:25 48:8 48:9 48:12 48:14 48:16 48:18 48:19 48:19 48:24 49:8 49:14 49:16 49:17 49:19 49:21 49:23 49:24 50:4 50:8 50:9 50:11 50:14 50:16 50:18 50:20 50:21 50:23 51:2 51:7 51:8 51:12 51:13 51:13 51:14 | | **think**(60) 7:23 10:18 10:20 10:22 10:23 10:24 11:1 12:20 12:21 13:22 14:14 18:14 19:3 19:7 19:8 19:18 20:6 20:23 21:1 22:11 23:12 23:15 23:16 24:21 27:10 27:22 28:8 30:6 30:19 31:14 32:24 33:4 33:24 34:2 34:25 35:18 36:7 36:8 37:20 38:4 38:7 38:15 38:17 39:4 39:14 42:6 42:13 42:13 42:23 43:9 44:7 45:6 45:14 46:25 49:19 50:8 50:8 50:10 50:13 50:21 |
| **that**(32) 47:3 47:9 47:10 47:14 47:16 47:25 48:7 48:10 48:14 48:17 48:20 48:22 49:1 49:2 49:2 49:4 49:6 49:7 49:9 49:9 49:12 49:18 49:19 49:21 50:3 50:9 50:10 50:14 50:22 50:23 50:24 51:12 | | | | | | **thinking**(1) 45:11 **thinks**(2) 18:4 31:2 |
| **that's**(44) 7:9 15:6 15:17 15:20 18:14 19:18 21:24 23:15 24:4 24:18 24:22 24:23 24:24 25:19 26:7 28:3 29:7 30:1 30:19 30:21 31:14 32:24 33:4 33:24 35:18 36:12 37:16 38:25 39:13 39:18 39:21 41:15 42:1 42:8 43:8 43:10 43:14 43:16 46:17 48:2 48:10 48:15 49:1 49:17 | | | | | | **third**(18) 6:13 7:25 24:1 24:12 27:14 28:21 29:23 32:1 32:1 32:15 32:16 32:22 33:3 33:9 34:1 34:4 40:6 49:11 **third-party**(1) 9:25 |
| **thau**(1) 4:34 | | | | **their**(7) 9:11 10:6 15:12 15:13 17:16 31:17 33:11 | | **this**(114) 6:11 6:24 7:20 8:20 9:13 9:25 10:10 10:23 11:1 11:17 12:18 12:18 12:23 13:10 13:14 13:24 14:8 14:21 15:9 15:9 15:23 16:4 16:6 16:8 16:17 16:20 17:13 17:21 18:11 18:11 18:17 19:3 19:5 19:7 19:7 19:12 19:15 19:16 21:1 22:2 22:7 22:8 22:9 22:12 22:16 22:24 23:9 23:17 23:23 24:16 26:2 27:6 27:11 28:18 28:24 29:5 29:12 29:14 32:1 32:11 32:15 32:23 33:7 33:8 34:10 34:19 35:9 36:3 36:4 36:4 36:9 36:24 37:12 37:19 37:21 37:25 38:8 39:5 39:7 39:10 39:15 39:20 40:1 40:9 41:6 41:10 41:14 41:14 41:16 41:19 41:20 42:2 42:10 42:12 42:21 42:24 42:25 43:1 43:5 43:7 43:10 43:22 45:13 47:8 47:17 47:18 48:3 49:2 49:7 49:18 49:21 50:13 50:22 51:4 |
| | | | | **them**(4) 13:21 15:14 20:1 35:21 **themselves**(3) 9:9 30:11 36:25 | | **thorough**(1) 10:20 |
| | | | | **then**(25) 8:24 13:15 14:15 15:4 15:8 16:18 16:25 17:18 18:10 18:24 19:11 19:22 22:5 24:1 25:3 29:13 34:3 34:4 34:14 37:11 41:5 43:2 43:6 46:25 49:9 | | **those**(25) 7:12 7:14 7:15 8:8 10:1 12:12 13:6 14:1 20:23 21:13 21:20 25:17 25:22 27:24 29:3 29:16 32:2 33:21 34:4 35:24 38:12 38:25 41:2 42:15 49:19 |
| | | | | **there**(31) 7:5 7:14 8:6 9:11 14:22 15:4 17:8 17:12 19:20 20:1 21:5 23:16 25:15 25:20 27:12 28:14 28:15 29:7 29:10 29:15 30:25 31:20 32:21 34:11 35:12 38:10 38:23 40:11 44:15 45:11 49:6 | | **thought**(3) 22:19 28:22 37:3 **three**(1) 23:17 **through**(11) 14:20 15:23 15:25 16:6 16:6 33:19 35:15 37:24 39:7 49:18 49:21 |
| | | | | **there's**(17) 7:3 14:19 15:1 16:23 27:10 31:17 34:9 34:14 34:25 38:12 40:7 47:9 47:20 47:21 48:7 48:13 50:1 | | **thus**(1) 15:19 |
| | | | | **these**(15) 7:25 13:25 14:2 14:3 15:25 18:19 19:10 23:1 24:17 30:25 33:6 33:15 33:16 37:24 45:16 | | **time**(15) 3:31 15:24 18:13 18:24 19:25 20:11 20:21 21:7 21:17 21:21 25:5 27:8 29:6 32:21 35:14 |
| | | | | **they**(48) 8:13 9:8 9:14 9:16 13:14 13:15 15:3 15:5 15:11 15:11 15:12 15:17 17:12 17:14 19:4 19:25 20:2 20:3 22:23 22:24 23:2 24:22 24:24 28:11 28:13 28:25 29:1 29:2 32:20 33:10 33:15 34:1 34:12 34:13 35:11 35:12 35:14 35:15 36:23 36:24 36:25 36:25 37:1 37:2 40:5 47:15 49:13 50:25 | | **today**(5) 7:4 11:14 32:2 43:13 43:15 **today's**(1) 6:16 **together**(2) 7:21 21:8 **too**(1) 41:10 **topics**(2) 40:21 40:21 **tower**(1) 2:28 **traci**(1) 51:17 **transaction**(1) 34:10 **transcriber**(1) 51:17 **transcript**(3) 1:18 1:45 51:13 **transcription**(2) 1:38 1:45 |
| | | | | **they'll**(1) 10:6 **they're**(10) 8:17 9:16 13:2 13:15 21:24 30:5 33:5 33:6 37:1 43:5 | | **trial**(1) 15:17 **tried**(1) 47:24 **troublesome**(1) 39:21 **true**(2) 7:9 36:16 **trump**(1) 13:11 **trust**(1) 5:6 **trying**(12) 13:12 19:10 20:15 22:12 30:5 33:25 33:25 39:5 41:11 49:18 49:21 49:23 |
| | | | | **they've**(3) 13:3 13:4 15:15 **thing**(4) 6:10 17:11 18:10 49:23 **things**(6) 13:16 14:22 15:3 33:18 49:6 50:9 | | **tuesday**(1) 16:17 **turner**(27) 3:25 23:8 26:20 26:21 26:25 27:2 27:5 27:6 27:9 32:5 32:9 33:1 33:25 34:23 34:24 36:14 36:15 36:16 36:20 37:18 38:3 39:22 40:3 40:16 41:3 41:20 43:20 **turner's**(1) 42:4 **turns**(1) 28:2 **twisted**(1) 49:10 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| two(12) | 8:6 8:11 8:24 14:9 17:5 17:5 38:12 38:25 47:9 47:10 49:1 50:9 | we're(27) | 10:2 14:9 15:20 16:12 17:24 19:14 19:14 21:8 22:2 22:5 23:11 23:12 29:5 29:19 33:9 33:9 33:25 39:15 39:18 41:6 44:1 46:4 48:10 49:7 49:9 49:18 49:23 | with(67) | 6:15 7:14 7:19 8:8 9:7 9:11 9:17 10:5 10:22 12:5 12:10 12:12 12:13 13:1 13:4 14:16 15:8 15:18 15:21 16:15 17:14 17:23 19:16 19:21 19:24 21:9 21:11 21:12 21:15 21:16 21:18 21:19 21:23 22:7 22:8 24:2 26:19 26:21 27:6 29:3 29:10 29:22 30:11 31:5 31:21 31:23 32:12 35:13 39:7 40:20 41:21 42:20 42:23 44:2 44:8 44:9 45:17 46:20 46:24 47:6 47:14 47:22 48:23 48:25 49:2 50:1 50:25 | your(132) | 6:5 6:8 6:11 6:22 6:25 7:9 7:20 8:12 9:20 9:23 9:24 10:7 10:9 10:12 10:14 11:3 11:11 11:12 11:14 11:16 11:22 11:24 12:1 12:8 12:10 12:14 12:16 12:25 13:12 13:19 13:22 13:24 14:1 14:1 14:9 14:15 14:17 16:3 16:10 16:13 16:21 17:9 17:12 17:19 17:24 18:17 19:1 19:9 19:19 20:5 20:10 20:16 21:25 22:4 22:7 22:14 22:19 22:19 22:21 22:24 23:5 23:8 23:12 23:14 23:23 24:1 24:5 24:16 24:18 24:20 24:21 25:1 25:3 25:9 26:14 26:16 26:21 26:24 27:2 27:7 27:22 28:3 28:18 30:1 31:8 31:14 31:25 32:2 32:4 32:7 32:22 34:22 34:24 36:7 36:14 36:16 37:19 38:3 38:8 38:16 38:23 39:3 39:22 40:4 40:8 40:9 40:12 40:17 41:12 41:14 41:18 41:20 41:23 42:3 43:25 44:3 44:8 44:12 44:25 45:15 45:24 46:13 46:23 48:2 48:14 48:15 48:17 48:21 50:15 50:17 51:6 |
| type(2) | 16:15 49:17 | we've(16) | 6:25 7:23 10:15 13:17 16:5 16:7 16:8 22:7 22:8 30:2 31:9 34:8 42:2 44:2 44:15 49:21 | within(3) | 8:24 17:15 49:8 | december(1) | 51:16 |
| types(1) | 35:24 | | | without(5) | 27:12 42:14 43:19 44:22 44:23 | | |
| ultimately(2) | 34:12 41:25 | week(3) | 7:20 8:24 11:17 | wonderful(4) | 8:19 26:23 46:1 51:2 | | |
| un-redacted(1) | 15:16 | well(31) | 6:25 7:5 10:11 11:8 11:9 13:17 14:18 14:10 16:10 16:22 17:12 19:5 19:11 21:16 21:19 24:22 32:10 33:9 33:10 35:11 35:12 36:11 36:22 37:20 45:15 47:9 47:14 49:23 49:24 50:15 50:19 | words(1) | 50:1 | | |
| under(12) | 15:18 17:16 23:19 34:5 34:18 38:8 39:9 41:20 44:25 45:15 46:19 47:18 | | | work(9) | 7:21 14:20 15:8 15:25 15:25 17:1 23:10 31:21 47:4 | | |
| underlying(18) | 16:25 17:4 17:6 17:9 17:19 18:13 27:13 30:4 30:6 30:16 30:17 31:23 35:6 36:6 38:17 38:19 40:7 41:21 | were(16) | 8:13 22:15 22:23 22:24 23:14 24:22 24:24 27:19 29:3 32:2 33:10 35:20 40:22 40:25 43:9 49:19 | would(50) | 8:4 9:9 9:13 9:17 9:24 10:21 11:7 11:20 13:20 15:17 16:22 28:14 30:4 31:15 31:24 33:2 33:15 33:20 33:22 34:11 34:12 35:3 35:5 35:9 35:12 36:4 37:3 37:19 37:20 37:25 38:9 38:24 39:25 42:19 43:1 43:2 43:3 43:17 43:23 43:25 45:1 45:3 46:6 46:18 47:11 47:11 48:3 48:8 48:8 48:20 50:12 | | |
| underneath(1) | 15:10 | what(36) | 13:10 16:3 17:7 18:3 18:23 19:20 21:4 21:22 24:4 24:22 24:23 24:24 27:4 27:25 28:1 28:5 28:5 28:9 30:3 31:23 35:15 35:17 35:19 35:20 35:22 36:22 39:14 40:11 41:3 41:10 42:13 43:16 43:21 47:21 50:19 50:24 | | | | |
| understand(10) | 9:16 18:18 21:22 24:20 25:1 28:5 39:11 44:18 48:19 50:7 | | | wouldn't(2) | 16:23 33:14 | | |
| understanding(5) | 9:9 10:6 13:3 16:21 48:3 | what's(4) | 15:22 37:22 40:10 41:7 | www.diazdata.com(1) | 1:42 | | |
| understood(1) | 44:5 | whatever(2) | 23:21 48:7 | yeah(3) | 23:5 26:9 26:11 | | |
| undertaking(1) | 47:17 | whatsoever(3) | 28:24 35:6 36:3 | yes(33) | 6:14 7:2 7:11 7:22 8:9 9:5 11:5 12:7 13:20 18:1 18:8 20:9 20:12 20:18 23:3 24:4 25:2 26:6 26:18 27:5 32:6 40:13 41:24 43:24 44:13 44:17 45:23 46:7 46:12 47:2 48:24 49:14 49:16 | | |
| underway(1) | 36:18 | when(10) | 13:24 16:17 17:16 28:6 29:2 32:21 34:1 36:5 36:9 39:19 | | | | |
| undue(1) | 8:2 | | | yesterday(1) | 47:24 | | |
| unfairly(1) | 31:22 | where(22) | 7:6 9:12 12:4 15:21 29:8 29:23 30:13 31:1 31:7 31:19 31:22 34:3 34:9 37:1 37:2 38:5 38:10 38:23 39:9 40:4 47:1 50:23 | yet(1) | 11:18 | | |
| united(2) | 1:1 1:20 | | | york(5) | 2:13 2:29 2:44 3:34 4:7 | | |
| unless(3) | 24:18 43:5 48:15 | | | you(138) | 6:18 6:19 6:21 6:22 7:17 8:7 8:12 9:7 9:25 10:16 11:9 11:12 11:21 11:22 11:23 11:23 12:2 12:3 12:8 12:23 13:3 13:7 13:11 14:2 14:8 14:18 14:21 15:19 16:2 16:6 16:7 16:7 16:10 16:11 16:22 16:23 17:24 18:14 18:15 18:22 19:2 19:6 19:11 19:12 19:14 20:5 20:8 20:14 20:21 20:24 20:25 21:12 22:11 22:10 23:6 23:9 23:10 23:14 23:16 24:9 24:13 24:18 24:23 25:5 25:7 25:21 25:25 26:2 26:10 26:12 26:14 26:23 26:24 26:25 26:25 27:2 28:1 32:4 32:5 32:6 32:6 32:7 32:10 32:12 33:1 33:2 33:5 34:5 34:16 34:21 34:22 37:5 37:8 37:14 37:18 37:18 39:1 40:3 40:4 40:8 40:10 40:15 40:20 41:1 41:8 41:13 41:17 41:25 42:3 42:4 43:6 43:10 43:21 44:1 44:15 45:1 45:5 45:10 45:12 45:14 45:15 48:17 48:18 48:18 50:5 50:16 50:17 50:18 50:18 51:1 51:2 51:3 51:4 51:6 51:7 | | |
| unnecessary(2) | 49:6 49:20 | whereas(1) | 18:17 | | | | |
| unreasonable(2) | 15:3 15:6 | whereupon(1) | 51:8 | | | | |
| unsecured(1) | 4:13 | whether(10) | 30:7 34:9 34:10 35:23 35:25 36:9 38:11 38:20 38:21 41:22 | | | | |
| unsympathetic(1) | 10:2 | | | you'd(1) | 35:10 | | |
| until(4) | 27:14 27:14 35:22 43:22 | which(12) | 6:10 8:7 17:9 18:12 18:15 20:20 23:15 25:6 28:9 29:12 41:6 46:24 | you'll(2) | 28:19 44:20 | | |
| upon(2) | 50:9 50:13 | | | you're(1) | 50:23 | | |
| urquhart(1) | 2:40 | | | you've(4) | 10:25 45:13 50:22 50:24 | | |
| useful(1) | 37:3 | whichever(1) | 45:1 | young(1) | 2:16 | | |
| valuations(1) | 33:18 | while(3) | 28:10 32:13 41:12 | | | | |
| variety(2) | 34:7 42:9 | whiteford(1) | 2:32 | | | | |
| various(3) | 18:19 18:20 40:6 | who(15) | 11:15 18:3 20:14 24:13 24:13 25:4 28:23 29:15 29:23 32:11 34:13 34:16 35:21 39:17 39:19 | | | | |
| vehicle(1) | 24:11 | | | | | | |
| versus(1) | 34:17 | | | | | | |
| very(28) | 7:17 10:19 11:9 12:3 12:21 13:23 15:25 18:11 18:16 20:19 20:22 22:20 23:6 24:5 25:7 26:12 32:7 34:24 36:23 37:3 37:6 38:8 40:8 42:14 43:19 45:13 46:4 50:15 | whole(2) | 7:3 49:18 | | | | |
| vice(1) | 11:17 | whom(1) | 29:24 | | | | |
| view(8) | 9:11 9:15 12:23 13:14 17:10 17:16 37:4 46:3 | why(3) | 35:23 43:10 48:10 | | | | |
| | | will(34) | 10:18 10:20 13:12 13:16 15:23 15:24 18:18 19:18 19:19 19:24 22:12 26:21 28:11 29:21 30:10 30:23 31:18 31:20 32:23 32:23 34:16 36:13 41:9 44:18 44:20 45:6 45:6 45:9 45:15 47:3 50:5 50:25 51:3 | | | | |
| violating(1) | 49:12 | | | | | | |
| virtually(2) | 10:21 23:2 | | | | | | |
| virtue(1) | 10:9 | | | | | | |
| vision(1) | 35:21 | whole(2) | 7:3 49:18 | | | | |
| wait(4) | 35:22 43:22 50:20 51:2 | | | | | | |
| waiting(1) | 8:20 | willing(3) | 15:7 15:20 39:15 | | | | |
| waiver(1) | 28:17 | willkie(1) | 5:4 | | | | |
| want(23) | 15:3 15:11 15:11 15:12 19:12 19:25 23:10 23:16 25:3 27:9 28:25 29:6 30:24 32:8 36:24 36:24 37:6 37:8 39:20 41:16 41:17 43:21 45:24 | wilmington(10) | 1:12 1:33 2:7 2:21 2:36 3:7 3:14 3:21 3:40 6:1 | | | | |
| | | wilson(25) | 2:42 11:25 12:1 12:3 12:3 12:8 13:22 14:14 18:2 18:9 20:9 20:19 21:5 22:18 32:6 32:7 32:18 32:20 33:14 34:21 34:22 40:18 41:6 44:6 44:7 | | | | |
| wanted(4) | 20:20 25:14 25:25 32:6 | | | | | | |
| wants(5) | 16:5 16:9 19:22 21:2 21:22 | | | | | | |
| warner(5) | 3:31 20:11 21:7 21:17 21:21 | | | | | | |
| was(29) | 6:10 12:16 20:15 22:12 22:17 22:19 22:20 22:21 23:2 23:6 24:21 27:12 28:8 28:9 29:8 33:20 35:9 38:20 40:19 41:1 41:10 44:23 45:10 45:11 45:12 46:24 48:19 51:8 | willing(3) | 15:7 15:20 39:15 | | | | |
| washington(1) | 1:27 | | | | | | |
| wasn't(1) | 25:5 | | | | | | |
| way(11) | 7:4 9:13 12:23 14:20 20:2 27:3 28:7 33:5 39:7 39:25 48:5 | wish(3) | 9:24 10:16 51:2 | | | | |
| | | wishes(2) | 9:23 43:15 | | | | |
| ways(1) | 13:13 | | | | | | |
| we'd(1) | 39:6 | | | | | | |
| we'll(3) | 8:23 12:10 29:9 | | | | | | |