IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
:
In re                                                      :     Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                         :     Case No. 09-10138 (KG)
:
              Debtors.                  :     Jointly Administered
:
----------------------------------------------------------X     Re: D.I. 14798

**CERTIFICATE OF NO OBJECTION REGARDING SEVENTIETH INTERIM APPLICATION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP, AS ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD OCTOBER 1, 2014 THROUGH OCTOBER 31, 2014**

        The undersigned hereby certifies that, as of the date hereof, Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") has received no answer, objection or other responsive pleading to the **Seventieth Interim Application Of Cleary Gottlieb Steen & Hamilton LLP, As Attorneys For Debtors And Debtors-In-Possession, For Allowance Of Interim Compensation And For Interim Reimbursement Of All Actual And Necessary Expenses Incurred For The Period October 1, 2014 Through October 31, 2014** (the "Application") (D.I. 14798), filed on November 19, 2014.

        The undersigned further certifies that Morris Nichols has caused the review of the Court's docket in this case and that no answer, objection or other responsive pleading to the Application appears thereon.  Pursuant to Notice, objections to the Application were to be filed and served no later than December 9, 2014 at 4:00 p.m. (Eastern Time).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://epiq11.com/nortel.

Accordingly, pursuant to the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Fees And Expenses for Professionals and Official Committee Members entered on February 4, 2009, the Debtors are authorized to pay the amount indicated below.

| (1) Total Fees Requested[2] | (2) Total Expenses Requested | (3) 80% of Requested Fees | Total Debtors are Authorized to Pay ( (2) + (3) ) |
|---|---|---|---|
| $1,135,632.00 | $76,973.95 | $908,505.60 | $985,479.55 |

WHEREFORE, the Debtors respectfully request that the Application be approved.

Dated: December 11, 2014
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP
James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

– and –

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
   /s/ Tamara K. Minott
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Tamara K. Minott (No. 5643)
1201 North Market Street, 16th Floor
Wilmington, DE  19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors and Debtors in Possession*

---

[2] Due to an inadvertent error, the time entry with index number 38400169 in Exhibit A to the Application reflected 4.30 hours rather 3.80 hours, the correct total hours for such time entry.  The total compensation sought in connection with such time entry was correctly reflected in the Application.  The remainder of the Application, aside from Exhibit A, reflected the correct total hours and fees for the Application period.  As a result of this inadvertent error, there is no change to the amount of compensation sought for the Application period or to the blended rate calculation.