IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS, INC., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Dkt. No. 14076** |

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT BY AND AMONG NORTEL NETWORKS INC., THE SUPPORTING BONDHOLDERS, AND THE BANK OF NEW YORK MELLON WITH RESPECT TO THE NNI POST-PETITION INTEREST DISPUTE AND RELATED ISSUES**

Upon the motion dated July 24, 2014 (the "Motion"), of Nortel Networks Inc. ("NNI"), and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a), 502, 726(a)(5), 1124, 1129(a)(7), and 1129(b) of the Bankruptcy Code and Bankruptcy Rule 9019, (i) authorizing the entry of NNI into and approving the Settlement Agreement[2] attached to the Motion as Exhibit B, and (ii) granting them such other and further relief as the Court deems just and proper; and the Court having determined that adequate notice of the Motion has been given as set forth in the Motion; and that no other or further notice is necessary; and the Court having

---

[1] The Debtors in these chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc..

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion and/or the Settlement Agreement.

1

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the District Court dated February 29, 2012; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the Debtors have demonstrated sound business justifications for entering into the Settlement Agreement and the legal and factual bases set forth in the Motion and presented on the record establish just cause for the relief requested in the Motion; and taking into account the complexity of the issues being settled by the Settlement Agreement and the anticipated costs and delays of resolving the US PPI Dispute by litigation, the Settlement Agreement and the related relief requested in the Motion is fair, reasonable and in the best interests of the Debtors, their estates, their creditors and the parties in interest;[3] and upon the record in these proceedings; and after due deliberation;

    IT IS HEREBY ORDERED THAT:

    1.    For the reasons in the Opinion issued this day, the Motion is **GRANTED** as set forth herein and all objections to the relief requested herein are hereby overruled.

    2.    The Debtors are authorized to enter into the Settlement Agreement, and the Settlement Agreement is approved in its entirety.

    3.    The Debtors are authorized pursuant to sections 105(a), 502, 726(a)(5), 1124, 1129(a)(7), and 1129(b) of the Bankruptcy Code and Bankruptcy Rule 9019, to enter into the Settlement Agreement and to take any and all actions that may be reasonably

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. See Fed. R. Bankr. P. 7052.

necessary or appropriate to perform their obligations arising under the Settlement Agreement, and to enforce their rights arising under the Settlement Agreement.

4. The Settlement Agreement, including, without limitation, the PPI Settlement Amount and the allowance of the Bondholder claims, and this Order shall be binding upon the Debtors, the Bondholders, the Indenture Trustee, and all parties-in-interest in these Chapter 11 Cases, and any of their respective successors and assigns, including, without limitation, any transferees, purchasers or other acquirers of claims in respect of the Guaranteed Bonds.

5. The Settlement Agreement shall constitute a full and final settlement of (i) the PPI Dispute with respect to the Guaranteed Bonds currently pending before this Court and all of the related submissions and requests for relief, (ii) the allowed claims for outstanding principal obligations and accrued prepetition interest obligations (each as set forth on Schedule A to the Settlement Agreement), and (iii) any entitlement to post-petition interest arising under the Guaranteed Bonds pursuant to the terms of the Settlement Agreement; provided, however that nothing in this Order or the Settlement Agreement is or shall be deemed to be a settlement of the Canada PPI Dispute or any part thereof or otherwise a settlement of any claims of the Indenture Trustee or any Bondholder against any of the Canadian Debtors' estates.

6. Nothing in the Settlement Agreement or this Order shall constitute settlement, release, waiver or discharge (in whole or in part) of the ability of any unsecured creditor of the Debtors' estates (other than the Bondholders) to assert a claim for PPI against the Debtors' estates at the contract rate (if any) applicable to such

creditor's claims or any alternative theories, and all of the Debtors' rights regarding any such assertion are preserved; provided, however, that if there are insufficient funds available to pay PPI to all unsecured creditors of the Debtors' estates entitled to such amounts (including the Bondholders), then, solely for purposes of determining any allocation of available PPI among such creditors, the holders of the Guaranteed Bonds shall be deemed to have a claim for PPI equal to the amount of post-petition interest that would have accrued at the applicable contract rate of PPI set forth in the applicable indentures for each of the Guaranteed Bonds.

7. Nothing in the Settlement Agreement or this Order shall constitute a settlement of the manner in which any funds available for distribution shall be allocated among the creditors of the Debtors in the event that less than the full amount of PPI can be paid to all creditors owed such amounts. Such application shall be determined by later agreement of the parties or order of this Court, whether in connection with the chapter 11 plan(s) of the Debtors in the Chapter 11 Cases or by subsequent agreement among the relevant affected creditors.

8. In light of the Settlement Agreement, the Monitor's Request currently pending before this Court and all related submissions are hereby deemed resolved, denied or otherwise overruled as they relate to the Guaranteed Bonds.

9. The Debtors, the Debtors' claim agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to the Settlement Agreement.

10. The failure specifically to describe or include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Settlement Agreement be approved in its entirety.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order. To the extent any provisions of this Order shall be inconsistent with the Motion or Settlement Agreement, the terms of this Order shall control.

Dated: December 18, 2014

_____
KEVIN GROSS, U.S.B.J.