# EXHIBIT A

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C. 1985, c.C-36, AS AMENDED AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION *et al.*

Case 09-10138-MFW Doc 14954-1 Filed 12/18/14 Page 2 of 4

**COURT OF APPEAL FOR ONTARIO**

BEFORE: ~~Pepall J.A.~~ WATT & LAUWERS ~~Lauwers~~ JJ.A.

NOV 27 2014

**DISPOSITION OF MOTION**

Leave to appeal is granted on the issue relating to the "interest stops rule", i.e. whether Newbould J erred in deciding that the Guaranteed Bondholders are legally entitled to claim or receive post-filing interest and other amounts owing under the relevant indentures above & beyond the outstanding principal debt and pre-petition interest.

Leave to appeal is refused with respect to the two other issues raised, namely whether ~~the~~ Newbould J erred (a) in expressing what is alleged to be "the unprecedented view" that the Court has jurisdiction under the CCAA to make a final, non-consensual order to distribute the proceeds of the ~~Canadian~~ Debtor estates without a duly approved CCAA Plan, and (b) in directing the summary (over)

---

Court of Appeal File No. M44213
Court File No. CV-09-7950-CL

**COURT OF APPEAL FOR ONTARIO**

Proceeding Commenced At Toronto

**MOTION RECORD OF THE *AD HOC* GROUP OF BONDHOLDERS**
(Motion for Leave to Appeal)

**BENNETT JONES LLP**
3400 One First Canadian Place
P.O. Box 130
Toronto, Ontario  M5X 1A4

**Richard B. Swan** (#32076A)
Email: swanr@bennettjones.com
**S. Richard Orzy** (#23181I)
Email: orzyr@bennettjones.com
**Gavin H. Finlayson** (#44126D)
Email: finlaysong@bennettjones.com

Telephone:  (416) 863-1200
Facsimile:   (416) 863-1716

Canadian Lawyers for the Ad Hoc Group of Bondholders

(2)

determination of the stated question before him at this time and in this manner.

The latter is discretionary, panels permitted and of no importance to the practice as a whole. It does not meet the test of Cove. It does not appear to be the sort of ruling with respect to the sort of ruling that [Halsbury] says requires a view and make's an urgency stated that he was not asked in order. The applicants conceded this but submit that the view is important to a public enquiry. There is no right to appeal this from a view expressed by a judge and interpreted into an honour, and there is therefore no basis for granting leave to appeal.

Costs reserved to the panel hearing the appeal.

[signature]
Commissioner A.
Plaintiff

Court of Appeal File No. M44213
Court File No. CV-09-7950-CL

**COURT OF APPEAL FOR ONTARIO**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION

**ENDORSEMENT OF BLAIR, WATT and LAUWERS, J.J.A.**
**Dated November 27, 2014**
**(Unofficial Attorney Transcription)**

Leave to appeal is granted on the issue relating to the "interest stops rule", *i.e.* whether Newbould J. erred in deciding that the Guaranteed Bondholders are legally entitled to claim or receive post-filing interest and other amounts owing under the relevant indentures above and beyond the outstanding principal debt and pre-petition interest.

Leave to appeal is refused with respect to the two other issues raised, namely whether Newbould J. erred (a) in expressing what is alleged to be "the unprecedented view" that the Court has jurisdiction under the *CCAA* to make a final, non-consensual order to distribute the proceeds of the Canadian Debtor estates without a duly approved *CCAA* Plan, and (b) in directing the summary determination of the stated question before him at this time and in this manner.

The latter is discretionary, purely procedural and of no importance to the practice as a whole. It does not meet the test for leave.

With respect to the former, Newbould J. simply espoused a view and expressly stated that he was not making an order. The applicants concede this but submit that the "view" is important and erroneous. There is no right to appeal from a "view" expressed by a judge that is not incorporated into an order, however, and there is therefore no basis for granting leave to appeal.

Costs reserved to the panel hearing the appeal.

R.A. Blair, J.A
Daniel Watt, J.A.
P. Lauer, J.A.