## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
:
*In re*                                               :            Chapter 11
:
:            Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]                      :            Jointly Administered
:
Debtors           :            <u>Hearing Date</u>: January 20, 2015 at 10:00 a.m. (ET)
:            <u>Objection Deadline</u>: January 6, 2014 at 4:00 p.m. (ET)
-------------------------------------------------------X

### APPLICATION OF THE OFFICIAL COMMITTEE OF
### UNSECURED CREDITORS OF NORTEL NETWORKS INC., *ET AL.*
### TO RETAIN AND EMPLOY WHITEFORD, TAYLOR & PRESTON LLC AS
### <u>SUCCESSOR CO-COUNSEL, *NUNC PRO TUNC* TO NOVEMBER 17, 2014</u>

The Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks

Inc., *et al.* (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11

Cases") respectfully submits this application (the "Application"), pursuant to sections 1103(a)

and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order

authorizing the Committee to retain and employ Whiteford, Taylor & Preston LLC[2] ("WTP") as

its successor co-counsel in connection with the Debtors' chapter 11 cases, *nunc pro tunc* to

November 17, 2014.  In support of its Application, the Committee respectfully represents as

follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. ("NN CALA") (4226).

[2] Whiteford, Taylor & Preston LLC operates as Whiteford Taylor and Preston LLP in jurisdictions outside of Delaware.  For the avoidance of any doubt, the Committee seeks to employ both Whiteford, Taylor & Preston LLC and Whiteford Taylor & Preston LLP.

## BACKGROUND

1.      On or about January 14, 2009 (the "Petition Date"), each of the Debtors other than NN CALA filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009.

2.      Since the Petition Date, the Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 15, 2009, the Court entered an order jointly administering these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only.

3.      On January 14, 2009, the Debtors' ultimate corporate parent, Nortel Networks Corporation, together with Nortel Networks Limited and certain of their Canadian affiliates (collectively, the "Canadian Debtors"), commenced a proceeding before the Ontario Superior Court of Justice (the "Canadian Court") for a plan of compromise or arrangement under the Canadian Companies' Creditors Arrangement Act ("CCAA").  The Canadian Debtors continue to operate their businesses and manage their properties under the supervision of the Canadian Court.

4.      On January 14, 2009 (the "Committee Formation Date"), pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee.  The Committee currently consists of three members.[3]  On the Committee Formation Date, pursuant to section 1103(a) of the Bankruptcy Code, the

---

[3] The Committee is comprised of the following entities:  Law Debenture Trust Company of New York, as indenture trustee; Pension Benefit Guaranty Corporation; and The Bank of New York Mellon, as indenture trustee.

Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as lead counsel to the Committee.

5.      On March 19, 2009, the Court entered an order authorizing the Committee to retain and employ Richards, Layton & Finger, P.A. ("RLF") as its co-counsel *nunc pro tunc* to January 14, 2009.

6.      The Committee has been advised that Christopher M. Samis ("Mr. Samis"), the attorney at RLF that had primary day-to-day responsibility for advising the Committee on Delaware legal issues and representing the Committee in connection with these bankruptcy cases, left RLF and joined WTP to practice law effective November 17, 2014.

7.      Mr. Samis has represented the Committee continuously since the retention of RLF in early 2009. During that time, Delaware co-counsel has played a pivotal role in assisting the Committee in acquitting its fiduciary duty to protect the interests of the Debtors' unsecured creditors by (i) representing the Committee in, and advising the Committee with respect to, the prosecution of the Chapter 11 Cases, and (ii) advising the Committee on the nuances of bankruptcy law, practice and procedure in the District of Delaware. In light of the number of significant matters remaining to be addressed in these insolvency proceedings, including the final determination of the allocation dispute and the solicitation and confirmation of a plan of liquidation, the Committee expects that the assistance of Delaware co-counsel will continue to be integral to the Committee's ability to maximize value for the Debtors' unsecured creditors.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the

relief requested in this Application are sections 328(a) and 1103(a) of the Bankruptcy Code,

Bankruptcy Rule 2014 and Local Rule 2014-1.[4]

## RELIEF REQUESTED

9.      Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, the Committee

seeks to employ and retain the law firm of WTP as its successor co-counsel, effective as of

November 17, 2014 in connection with the Debtors' Chapter 11 Cases.

## RETENTION OF WTP

*Qualifications of WTP*

10.     The Committee respectfully submits that it is necessary and appropriate for it to

employ and retain WTP as successor co-counsel to ensure that the attorney who has had primary

responsibility for advising the Committee on Delaware legal issues and procedure can continue

to provide, among other things, the following services, at the direction of the Committee's lead

counsel, Akin Gump:

(a)      to advise the Committee of its rights, powers and duties in these cases;

(b)      to assist and advise the Committee in its consultations with the Debtors relative to the administration of these cases;

(c)      to assist the Committee in analyzing the claims of the Debtors' creditors and in negotiating with such creditors;

(d)      to assist with the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and of the operation of the Debtors' business;

(e)      to assist the Committee in its analysis of, and negotiations with, the Debtors or their creditors concerning matters related to, among other things, the terms of a plan or plans of reorganization or liquidation for the Debtors;

---

[4] Pursuant to Local Rule 9013-1(f), the Committee hereby confirms its consent to the entry of a final order by this Court in connection with this Application if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

(f)        to prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports and papers in furtherance of the Committee's interests and objectives; and

(g)        to perform all other necessary legal services as may be required and are deemed to be in the interests of the Committee in connection with the Chapter 11 Cases.

11.     The Committee believes that WTP possesses extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, experience and knowledge practicing before this Court, proximity to the Court and the ability to respond quickly to emergency hearings and other matters before this Court. Moreover, the Committee believes that WTP is well qualified to represent the Committee as co-counsel in these Chapter 11 Cases. In addition to the fact that Mr. Samis has been representing the Committee as co-counsel continuously throughout these cases, WTP, as a firm, has extensive experience in representing stakeholders in insolvency proceedings and other debt restructurings.

12.     The Committee believes that it is in the best interests of these estates and most efficient and cost-effective for the Committee to continue to use Mr. Samis. There will be no appreciable transition cost or unnecessary delay or expense incurred as a result of this change of co-counsel by the Committee.

*Terms of Compensation*

13.     The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by WTP in these cases be paid as administrative expenses of the estates pursuant to sections 328, 330(a), 331, 503(b) and 507(a)(1) of the Bankruptcy Code. Subject to this Court's approval, WTP will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to sections 328(a) and 330 of the Bankruptcy Code. The hourly

rates to be charged by WTP in 2015 for professionals and paraprofessionals employed in its offices are provided below:

| Billing Category | Range |
|---|---|
| Partners/ Counsel | $390-770 |
| Associates/Associate Counsel/Staff Counsel | $310-$390 |
| Paraprofessionals | $220-$310 |

These hourly rates are subject to change from time to time in accordance with WTP's established billing practices and procedures in the normal course of WTP's business.  WTP will disclose any increase in rates charged for the provision of services to the Committee.

14.    WTP will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.  WTP will seek reimbursement for its expenses pursuant to, among other things, any applicable guidelines established by the Office of the United States Trustee for the District of Delaware in effect as of the filing of these Chapter 11 Cases.

15.    The names, positions and current hourly rates of the attorneys at WTP expected to have primary responsibility for providing services to the Committee are as follows:

| Lawyer | Billing Category | Department | Hourly Rate |
|---|---|---|---|
| Christopher M. Samis | Partner | Restructuring and Insolvency Group | $515 |
| L. Katherine Good | Counsel | Restructuring and Insolvency Group | $490 |

In addition to the financial restructuring lawyers named above, it may be necessary, during the course of these cases, for other WTP professionals in other legal disciplines to provide services to the Committee.

*Disinterestedness of WTP*

16.     Upon information and belief, WTP does not currently represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which WTP is to be engaged, except to the extent set forth in the affidavit of Christopher M. Samis (the "Samis Affidavit") attached hereto as Exhibit A.  However, WTP is a large firm with a national and international practice, and may represent or may have represented certain of the Debtors' creditors, equity holders, related parties or other parties in interest in matters wholly unrelated to these cases.

17.     On November 19, 2014, the Committee filed with the Court and served on the appropriate parties a notice of substitution of counsel pursuant to Local Rule 9010-2(a).

18.     Based on the foregoing, the Committee respectfully submits that WTP is disinterested as that term is defined in the Bankruptcy Code and otherwise satisfies the requirements for the retention of a professional by the Committee pursuant to Bankruptcy Code section 1103(a) and Bankruptcy Rule 2014.

## NOTICE

19.     This Application has been served on (i) the U.S. Trustee; (ii) counsel to the Debtors; and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002.  Notice of this Application and any order entered hereon will be served in accordance with Local Rule 9013-1. In light of the nature of the relief requested, the Committee respectfully requests that no further notice is necessary.

**WHEREFORE**, the Committee requests that an Order, substantially in the form annexed

hereto as <u>Exhibit B</u>, be entered (i) authorizing the Committee to retain WTP as its successor co-

counsel in these cases, *nunc pro tunc* to November 17, 2014, and (ii) providing the Committee

such other and further relief as the Court may deem just, proper and equitable.

Dated: December 23, 2014          Respectfully submitted,
      Wilmington, Delaware

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF NORTEL
NETWORKS, INC., *ET AL.*

By:  AKIN GUMP STRAUSS HAUER &
FELD LLP, as Counsel to the Committee and
authorized signatory and not in its individual
capacity


By: */s/ Fred S. Hodara*
    Name:  Fred S. Hodara
    Title:  Partner