IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* <br><br> Nortel Networks Inc., *et al.*, <br><br>                      Debtors | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 09-10138 (KG) <br> ) Jointly Administered <br> ) <br> ) Re: D.I. 14906 <br> ) **Hearing Date: Feb. 3, 2015 at 10:00 a.m.** <br> ) **Response Deadline: Jan. 23, 2015 at 4:00** <br> ) **p.m.** <br> ) |

### MOTION OF THIRD PARTY ROCKSTAR FOR
### PARTIAL STAY OF DISCOVERY PROTOCOL

Third party Rockstar Consortium US LP ("Rockstar") hereby moves this Court (the "Motion") for entry of an order partially staying certain aspects of the December 8, 2014 Order Approving Second Discovery Protocol In Connection With Order Extending Automatic Stay And Regulating Third Party Discovery (D.I. 14906) (the "Discovery Protocol"). The partial stay is necessary to effectuate the Court's purpose, and Debtors' express agreement, to permit parties owning former Nortel patents and related assets to protect their privilege and confidentiality interests in documents and other discovery that third parties seek from the Debtors for use in pending patent litigations.

Rockstar has entered into a series of settlement agreements that will resolve all pending litigations that involve patents owned or asserted by Rockstar. As part of those agreements, third party RPX Corporation, through its subsidiary RPX Clearinghouse LLC ("RPX"), will acquire Rockstar's remaining interest in the patent portfolio that Debtors sold to Rockstar Bidco, LP through the Asset Sale Agreement dated June 30, 2011 (the "Former Nortel Patents"). The Discovery Protocol sets procedures and deadlines for a party that

owns the Former Nortel Patents to assert privileges and other rights concerning any patent-related documents or information that Debtors are asked to produce. A partial stay is therefore necessary to prevent Rockstar from having to assert or potentially waive rights related to patents and other assets that Rockstar has now agreed will be transferred to RPX. The partial stay will permit RPX (to the extent it desires) to exercise the rights and obligations accorded to a "Patent Owning Party" in the Discovery Protocol—rights and obligations that, pursuant to the settlement agreements, are in the process of being transferred to RPX.

No party will be prejudiced by this partial stay because the underlying patent litigations involving Rockstar (the "Patent Litigations") have all been stayed and the parties have agreed to extend those stays while the transfer to RPX is consummated. Further, the vast majority of the procedures set forth in the Discovery Protocol may still proceed as ordered (to the extent necessary in light of the settlement agreements and the stays granted in the Patent Litigations). In support of this Motion, Rockstar represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter in accordance with its ruling at the November 7, 2014 hearing and pursuant to 28 U.S.C. §§ 157 and 1334, the February 29, 2012 Amended Standing Order of Reference from the U.S. District Court for the District of Delaware, and the December 8, 2014 Order Approving Second Discovery Protocol In Connection With Order Extending Automatic Stay And Regulating Third Party Discovery. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Sections 105(a) and 363 of title 11 of the United States Code.

**BACKGROUND**

3.      Rockstar and certain of its subsidiaries are the assignees of the Former Nortel Patents and certain related assets. Rockstar and its subsidiaries have asserted a small subset of those patents in litigation against a variety of infringers. Those infringers broadly subpoenaed Debtor Nortel Networks Inc. for documents relating to these bankruptcy proceedings and the Former Nortel Patents. On Debtors' motion, this Court entered the Discovery Protocol on December 8, 2014 to protect Debtors from certain discovery obligations and burdens. Rockstar appeared specially during hearings regarding Debtors' motion, first to contest the Court's jurisdiction to grant certain third-parties' extraordinary requests for this Court to stay the Patent Litigations and, later, to preserve Rockstar's jurisdictional objection to any third-party or Debtor attempts to shift undisclosed discovery costs to Rockstar regarding the overly broad third-party discovery requests and procedures in which Rockstar was not involved and to which it had never consented or agreed.

4.      Pursuant to Paragraph 5 of the Discovery Protocol, a Patent Owning Party (defined in Paragraph 3 of the Discovery Protocol as a "party owning the Former Nortel Patents") is entitled to receive and review certain materials in the Debtors' possession to determine whether they reflect privileged information concerning the Former Nortel Patents or related transferred assets. The Discovery Protocol allows the Patent Owning Party to assert privilege over appropriate materials to avoid their production to third-parties in response to subpoenas, and their potential publication in connection with these bankruptcy proceedings.

5. Paragraph 5 of the Discovery Protocol requires that the Patent Owning Party serve a privilege log and file a motion to seal materials over which the Patent Owning Party asserts privilege.

6. On December 23, 2014, RPX announced that it had executed an agreement to purchase the patents assigned to Rockstar and its affiliates (the "RPX Transaction"). *See* Ex. 1. The terms of the agreement are subject to regulatory approval. *See id*.

7. All parties to the Patent Litigations in which Rockstar asserted patents that are subject to the RPX Transaction jointly obtained a complete stay of each of those actions while the terms of the RPX Transaction were finalized. *See* Ex. 2.

8. Because the requisite regulatory approval will take some time, the parties to the Patent Litigations have jointly filed motions to extend the stay of all of those actions for eighty days to allow the RPX Transaction to close. *See* Ex. 3.[1] Once the RPX Transaction closes, Rockstar anticipates that all of the Patent Litigations will be resolved.

### RELIEF REQUESTED

9. In light of the pending RPX Transaction, Rockstar seeks an Order partially staying limited aspects of the Discovery Protocol that presently apply to Rockstar as a Patent Owning Party. Rockstar anticipates that, once the RPX Transaction closes, it will no longer be a Patent Owning Party. Therefore, certain provisions of the Discovery Protocol should be briefly suspended to allow the RPX Transaction to close. At that point, Rockstar anticipates that RPX would become a Patent Owning Party, and that Rockstar would have

---

[1] Certain of these motions have been filed under seal in their respective courts because they reflect highly confidential and sensitive information regarding the RPX Transaction. In their place, Rockstar has attached to this motion evidence of the filing of the sealed motions. Should the Court wish to review the sealed motions, Rockstar proposes that they be submitted to the Court for *in camera* review given their sensitive nature.

no further interest in the Former Nortel Patents, or the discovery sought from Debtors in these proceedings.

10. Specifically, Rockstar seeks a stay of the procedures in Paragraph 5 of the Discovery Protocol. These provisions set a deadline for Rockstar, as a Patent Owning Party, to review and assert privilege over a small number of documents in Debtors' possession that relate to the former Nortel Patents; otherwise Debtors may produce those documents to subpoenaing third parties. Under these provisions, the Patent Owning Party further is obligated to serve a log identifying privileged documents, and to file a motion seeking their sealing.

11. Enforcing Paragraph 5 of the Discovery Protocol against Rockstar at this time would be fundamentally unfair in light of the pending RPX transaction. To comply with that Paragraph, Rockstar would be put in the untenable and inefficient position of having to review and assert, or potentially waive, privilege over documents related to the patents and assets that it has now agreed will be transferred to RPX. RPX, in turn, may have its own views concerning privilege and confidentiality. Rockstar would thus need to assert or risk waiving rights, including privileges such as the attorney-client privilege and attorney-work product protection, that will likely soon belong to RPX, not Rockstar. Further, Rockstar would be required to unnecessarily incur costs and expend resources concerning activity that may become moot in light of both the pending patent transfer to RPX and the settlements in all of the Patent Litigations, and despite that Rockstar's interest in the patents, the litigations that gave rise to the Discovery Protocol, and the discovery sought in these bankruptcy proceedings will likely soon be extinguished.

12. A brief and temporary stay of Paragraph 5 of the Discovery Protocol against Rockstar will not unfairly prejudice third parties. All of the Patent Litigations have been

stayed. *See* Ex. 2. In anticipation of the RPX Transaction closing, the parties to all of the Patent Litigations have filed motions to extend the stays until the RPX Transactions are consummated in accordance with the settlement terms. *See* Ex. 3. Considering the potential prejudice that enforcement of the procedures in Paragraph 5 of the Discovery Protocol will cause Rockstar if undertaken while the Patent Litigations are stayed and the settlement agreements are being consummated, the potential prejudice to the interests of RPX as the prospective Patent Owning Party, the considerable inefficiency that will result if the procedures are undertaken at a time when patent ownership is changing hands, the limited time that a partial stay will be necessary to prevent such prejudice and inefficiency, and the fact that other discovery from Debtors may still proceed during a partial stay, fairness and justice dictate that this Court stay the enforcement of Paragraph 5 against Rockstar.

13. Debtor Nortel Networks Inc. has reviewed this Motion and informed Rockstar that it does not oppose the relief requested.

## NOTICE

14. Notice of this Motion has been given via electronic transmission, first-class mail, hand delivery, or overnight mail to: (i) Nortel; (ii) the Core Parties; (iii) the U.S. Trustee; (iv) all creditors and interest holders who have filed claims or have scheduled claims against Debtors that have not been disallowed; (v) the other parties in the Patent Litigations; and (vii) the general service list established in these Chapter 11 cases. Accordingly, Rockstar submits that under the circumstances no other or further notice is necessary. Rockstar does not consent to the entry of final orders or judgments by the Court if it is determined that the Court cannot enter final orders or judgment involving this matter consistent with Article III of the United States Constitution. Rockstar further reserves, and expressly does not waive, its previous objection to the Court's jurisdiction over Rockstar.

**NO PRIOR REQUEST**

15. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, Rockstar respectfully requests that this Court (i) grant this Motion and the relief requested herein; and (ii) enter an order staying Paragraph 5 of the December 8, 2014 Order Approving Second Discovery Protocol In Connection With Order Extending Automatic Stay And Regulating Third Party Discovery (D.I. 14906) solely with respect to Rockstar until such time as the RPX Transaction has concluded. All parties in the Patent Litigations have agreed that the RPX Transaction is expected to conclude within the next eighty day and have requested to stay the Patent Litigations for that duration.

Dated: January 2, 2015

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Joseph J. Farnan, Jr. (#100245)
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
farnan@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

IRELL & MANELLA LLP
Ellisen S. Turner (admitted *pro hac vice*)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Rockstar Consortium US LP*