**<u>EXHIBIT 44</u>**

**EXHIBIT**

**178**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------------- x
```

In re:                                          :   Chapter 11

Nortel Networks, Inc., et al.                   :   Case No. 09-10138 (KG)

                 Debtors.          :   (Jointly Administered)

```
-------------------------------------------------------------------- x
```

### OBJECTION AND RESPONSES OF WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR INDENTURE TRUSTEE TO DEBTORS' REQUEST FOR PRODUCTION OF DOCUMENTS

Wilmington Trust, National Association, exclusively in its capacity as indenture trustee for the Notes[1] (in such capacity, "Wilmington Trust" or the "Trustee"), by and through its undersigned attorneys, submits this objection (the "Objection") and pursuant to Federal Rule of Civil Procedure 34 and Federal Rule of Bankruptcy Procedure 7034, hereby responds and objects to Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") Request for Production of Documents, dated October 10, 2011 (the "Requests").[2]

### GENERAL OBJECTIONS

1.     The Trustee objects to the Requests to the extent they are overbroad and, as a result, overly burdensome. The Trustee also objects to the Requests to the extent they are vague or ambiguous, and/or to the extent they do not specify the documents sought with sufficient particularity, or seek documents or information that are not relevant to the subject matter of this proceeding or will otherwise not reasonably lead to the discovery of admissible evidence.

---

[1] Nortel Networks Limited 6.875% Notes due 2023, issued pursuant to that certain Indenture, dated as of November 30, 1988 (as amended, supplemented or modified) between Nortel Networks Limited and the Trustee, as successor trustee to The Bank of New York Mellon (formerly known as The Bank of New York) as successor trustee to the Toronto-Dominion Bank Trust Company.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Requests.

2.      The Trustee objects to the Requests to the extent that they seek information that is already in the possession, custody or control of the Debtors, e.g., due to discovery taken by the Debtors from other parties to this proceeding or discovery taken by the Debtors under Federal Rule of Bankruptcy Procedure 2004, or that is publicly available, or available to the Debtors from another source more convenient, less burdensome, or less expensive on the ground that they are, to that extent, unreasonably burdensome.

3.      The Trustee objects to the Requests to the extent they seek information protected from discovery by the attorney-client privilege, common interest privilege, the work-product doctrine, or any other applicable privilege, immunity, law, or rule proscribing such disclosure. The Trustee objects to the Requests to the extent they call for the production of documents which are protected from disclosure, or which contain information that is protected from disclosure, based on the relevant laws of foreign jurisdictions applicable thereto. Any disclosure of information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, immunity, law, or rule is inadvertent and does not constitute a waiver.

4.      The Trustee objects to the Requests to the extent they seek to impose burdens or obligations on them that exceed those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and any applicable local rules of this Court.

5.      The Trustee objects to the Requests to the extent that they purport to require any search for documents beyond a reasonable search on the grounds that they are, to that extent, unreasonably burdensome. The Trustee objects to the Requests to the extent they purport to require it to create documents.

(2)

6.      Whenever the Trustee agrees to produce documents in response to the Requests, such response does not constitute a representation that responsive documents exist. The Trustee objects to the Requests to the extent that they are unreasonably cumulative or duplicative.

7.      The Trustee objects to the Instructions section of the Requests as being overly burdensome.

8.      The Trustee's responses, as set forth herein, are based upon information presently known by the Trustee and its attorneys. The Trustee reserves its right to supplement or amend these responses and objections.

## RESPONSES TO SPECIFIC REQUESTS

Unless otherwise stated, the foregoing general responses are incorporated by reference to each of the following responses.

Request No. 1: All Documents supporting or contradicting Wilmington Trust's statement that "[i]n the case of a solvent debtor, the FJR [the federal judgment rate of interest]-not the claimant's contract rate or even the relevant state statutory rate-is the rate applied over the past nine (9) years by every judge in the Third Circuit and every court nationwide," as alleged in paragraph 17 of the Wilmington Trust Objection, without regard to the time limitations specified in the Instructions.

Response: The Trustee objects to this request on the grounds that it calls for documents reflecting legal analysis, which is subject to the attorney-client privilege and/or the work product doctrine. Furthermore, the Trustee objects to this request on the grounds that it calls for documents that are publicly available or that are already in the possession, custody or control of the Debtors (i.e. Westlaw.com, Google Scholar, etc.). The Trustee further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, the foregoing objections, the Trustee directs the Debtors to the Trustee's Brief and Reply Brief Addressing the Interest Issues, and to the Ad Hoc Bondholders' Response Regarding Bondholder Entitlement to Post-Petition Interest and Additional Bondholder Claims Issues Under U.S. Law, paragraph 64, where the Ad Hoc Bondholders concede the statement set forth above.

Request No. 2: All Documents supporting or contradicting Wilmington Trust's statement that "[t]he considerable expense, inconvenience and delay that will necessarily attend the litigation involving this Settlement Motion is unequivocally greater than it would have been had the US Debtors simply allowed this Court to reach judgment on the merits of the PPI Dispute as a matter of law," as alleged in paragraph 19 of the Wilmington Trust Objection, including the complete basis for the calculation of the amounts of expense, inconvenience, and delay with respect to the litigation involving this Settlement Motion and litigation involving the merits of the PPI Dispute.

Response: The Trustee objects to the request as it would require production of documents based on legal judgments, informed by the experience of counsel, and thus subject to

(4)

the attorney-client privilege and/or the work product doctrine. The Trustee further objects to this request on the grounds that it calls for documents that are publicly available or that are already in the possession, custody or control of the Debtors (i.e. Scheduling Order re: Interest Issues, Order Establishing Discovery Schedule and Other Procedures in Connection with the US Debtors' 9019 Motion, legal fees incurred by U.S Debtor's counsel, and the Monitor, etc.).

Request No. 3: All Documents concerning any communications by Wilmington Trust with the Bondholders, Debtors, or any other person related to a possible consensual resolution of the PPI Dispute.

Response: The Trustee objects to this request on the grounds that it calls for documents subject to the attorney-client privilege, the work product doctrine, the common interest/joint client privilege, or that is otherwise protected or immune from discovery. Furthermore, the Trustee objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible information.

Request No. 4: All Documents You intend to use at any hearing on the 9019 Motion, without regard to the time period limitation specified in the Instruction.

Response: The Trustee objects to this request on the grounds that it calls for documents that are already in the possession, custody or control of the Debtors. The Trustee reserves its right to use or rely upon any document that has been produced or used by any proponent or opponent of the 9019 Motion at any hearing on the motion, and intends to rely specifically on the legal arguments set forth in its objection to the 9019 Motion.

Request No. 5: All Documents concerning the consideration by Wilmington Trust of the likelihood of successfully litigating the PPI Dispute, including without limitation the probability of a determination that, with respect to the PPI Dispute, each of the following would apply: (i) the federal judgment rate as set forth in 28 U.S.C. § 1961; or (iii) the applicable contract rate, without regard to the time period limitations specified in the instructions.

Response: The Trustee objects to this request on the grounds that it calls for documents reflecting legal analysis, which is subject to the attorney-client privilege and/or the work product

(5)

doctrine. Notwithstanding that objection, the Trustee refers the Debtors to the Wilmington Trust

Objection, which sets forth the Trustee's views on the likelihood of success of the U.S.

Bondholder's position in the PPI Dispute, as well as the Trustee's Brief and Reply Brief

Addressing the Interest Issues.

Request No. 6: All Documents, including, without limitation, any analyses or projections
created, reviewed or relied upon by Wilmington Trust relating to the date or likely timing of
distributions to creditors with or without the Proposed Settlement.

   Response: The Trustee objects to this request on the grounds that it calls for documents

reflecting legal analysis, which is subject to the attorney-client privilege and/or the work product

doctrine. Furthermore, the Trustee objects to this request on the grounds that it is not reasonably

calculated to lead to the discovery of admissible evidence.

Request No. 7: Documents sufficient to support Wilmington Trust's assertion that "$876 million
to $1.01 billion...is all (or almost all) [the Bondholders] could have hoped to receive even under
their own plan," as alleged in paragraph 22 of the Wilmington Trust Objection, including the
complete basis for the calculation of the amount.

   Response: The Trustee objects to this request on the grounds that it calls for documents

reflecting legal analysis, which is subject to the attorney-client privilege and/or the work product

doctrine. The Trustee objects to this request on the grounds that it calls for documents that are

already in the possession, custody or control of the Debtors, or are available to the Debtors from

another source more convenient, less burdensome, or less expensive. The Trustee notes that the

Wilmington Trust Objection expressly states that it relies on the Monitor's objection to the 9019

Motion (see the Trustee's Objection paragraph 2, footnote 5), which, in turn, relies on the

Monitor's proffered Expert Report of Paul Wertheim, Ph.d., CPA, CMA, CFM, CFE to support

the contention set forth above.

Dated: October 17, 2014
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

_____ */s/ William E. Chipman, Jr.* _____
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Ann M. Kashishian (No. 5622)
1007 North Orange Street, Suite 1110
Wilmington, Delaware 19801
Telephone:     (302) 295-0191
Facsimile:      (302) 295-0199
Email:           chipman@chipmanbrown.com
                   olivere@chipmanbrown.com
                   kashishian@chipmanbrown.com

– and –

Craig A. Barbarosh
David A. Crichlow
Karen B. Dine
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776
Email: craig.barbarosh@kattenlaw.com
          david.crichlow@kattenlaw.com
          karen.dine@kattenlaw.com

*Attorneys for Wilmington Trust, National Association, solely in its capacity as Successor Indenture Trustee and not in its individual capacity*

(7)

**EXHIBIT 45**

**EXHIBIT**

**179**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
|  | (Jointly Administered) |
| Debtors. |  |

### RESPONSES AND OBJECTIONS OF THE
### MONITOR AND THE CANADIAN DEBTORS
### TO THE DEBTORS' DOCUMENT PRODUCTION REQUESTS

Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the *Order Establishing Discovery Schedule And Other Procedures In Connection With The U.S. Debtors' 9019 Motion* [D.I. 14345] (the "**Discovery Order**"), Ernst & Young Inc., the Monitor (the "**Monitor**") and foreign representative of Nortel Networks Corporation and certain of its Canadian direct and indirect subsidiaries (collectively, the "**Canadian Debtors**") in proceedings (the "**Canadian Proceedings**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), pending before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court,**" and with this Court, the "**Courts**"), together with the Canadian Debtors hereby object and respond to the *Debtors' Request for Production of Documents Directed to the Monitor*, dated

---

[1]     The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) (collectively, the "**Debtors**").

October 8, 2014, and the *Debtors' Request for Production of Documents Directed to the Canadian Debtors*, dated October 8, 2014, (together, the "**Document Requests**" or "**Requests**")[2] as follows:

## GENERAL OBJECTIONS AND RESPONSES

1.      The Monitor and the Canadian Debtors object to the Document Requests to the extent they are not reasonably calculated to lead to the discovery of admissible evidence, or seek information that is not relevant or material to this contested matter.

2.      The Monitor and the Canadian Debtors object to the Document Requests to the extent that they are overbroad, unduly burdensome, cumulative, duplicative or designed to oppress or harass.  The Monitor and the Canadian Debtors further object to the Document Requests to the extent they purport to require any efforts beyond a reasonable search for readily accessible information.  A statement by the Monitor and the Canadian Debtors that they will produce information in response to a particular Document Request means they will produce responsive information not subject to an applicable privilege or objection that is presently available to the Monitor and the Canadian Debtors that they have been able to identify through reasonable efforts, subject to withholding on other grounds set forth herein.

3.      The Monitor and the Canadian Debtors object to the Document Requests to the extent they purport to require the production of "all" or "any" documents relating to certain categories and topics, as such requests are overbroad, unduly burdensome and improper.

4.      The Monitor and the Canadian Debtors object to the Document Requests to the extent that they seek to impose obligations on the Monitor and the Canadian Debtors beyond those set forth in the Federal Rules of Civil Procedure, the Bankruptcy Rules, the Local

---

[2] The Document Requests served upon the Canadian Debtors and the Document Requests served upon the Monitor are identical in all material respects.

Rules for the United States Bankruptcy Court for the District of Delaware, or that exceed the scope of the Discovery Order, or any other applicable order or directive of the Court. In particular, the Monitor and the Canadian Debtors object to the Document Requests to the extent they seek information that extends beyond the scope of "targeted additional documents based on the documents produced by the Objecting Parties pursuant to Paragraph 6 [of the Discovery Order]," as limited by the Discovery Order, or the Court's instruction at the August 8, 2014 teleconfrence that discovery of the Monitor and the Canadian Debtors should be taken "on a very limited basis."

5.      The Monitor and the Canadian Debtors object to the Document Requests to the extent they seek the production of documents that would reveal information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, protection or immunity that protects the requested documents or information from disclosure, and will not produce such documents or information. The Monitor and the Canadian Debtors further object to the Document Requests to the extent that they seek responses that would reveal information prepared in anticipation of litigation, or would disclose the mental impressions or legal theories of counsel for the Monitor and the Canadian Debtors, and will not produce such documents or information. To the extent the Document Requests may be construed as seeking documents that would reveal privileged or protected information, the Monitor and the Canadian Debtors hereby claim such privilege and invoke such protection. The fact that the Monitor and the Canadian Debtors do not specifically object to an individual Document Request on the ground that it seeks documents that would reveal privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the work product doctrine, or any other applicable privilege, law, rule, protection

3

or immunity. Any inadvertent production of information subject to such privilege or protection is not intended as a waiver of, and shall not waive, any such privilege or protection, and the Monitor and the Canadian Debtors expressly reserve the right to demand the return of any such inadvertently produced materials.

6.      The Monitor and the Canadian Debtors object to the Document Requests to the extent that they purport to seek the production of documents that would reveal trade secrets, proprietary, confidential, or sensitive information, or information that the Monitor and the Canadian Debtors obtained pursuant to an obligation of confidentiality.

7.      The Monitor and the Canadian Debtors object to the Document Requests to the extent that they contain vague, ambiguous, undefined, or argumentative terms or language, and to the extent that they assume disputed facts or legal conclusions in connection with the information requested.

8.      The Monitor and the Canadian Debtors object to the Document Requests to the extent they seek the production of documents or information previously produced or filed with the Courts by the Monitor and the Canadian Debtors, the Debtors or the Bondholders, and the Monitor and the Canadian Debtors expressly incorporate into their responses to the Document Requests all such materials to the extent they are responsive to the Document Requests.

9.      The Monitor and the Canadian Debtors object to the Document Requests to the extent they purport to require the production of documents or information that are (i) already within the possession, custody or control of the Debtors; (ii) in the public domain; or (iii) otherwise available to the Debtors from public, less burdensome or less costly sources, including documents that have been filed with the courts.

4

10.     The Monitor and the Canadian Debtors object to the Document Requests to the extent they purport to require the production of documents not within their possession, custody or control.

11.     The Monitor and the Canadian Debtors object to the Document Requests to the extent they request support for legal arguments made in memoranda of law, briefs or other filings submitted to the Court by the Monitor and the Canadian Debtors.

12.     The Monitor and Canadian Debtors' Responses are made without waiving, in any way: (i) the right to object on any basis permitted by law to the use of any such information, for any purpose, in whole or in part, in this action or in any other action or proceeding; and (ii) the right to object on any basis permitted by law to any other discovery request in this action or any other proceeding involving or relating to the subject matter of the Document Requests or these Responses.

13.     In responding to the Document Requests and producing responsive material, the Monitor and Canadian Debtors do not in any way waive or intend to waive, but rather intends to preserve and are preserving: (i) all objections as to vagueness, overbreadth, ambiguity, harassment, oppression and undue burden; (ii) all objections as to materiality, relevance and admissibility; and (iii) all rights to object on any ground to the use of any of documents or information produced in response to the Document Requests, or the subject matter thereof, in any subsequent proceedings, including the hearing or trial of this proceeding or any other action.

14.     The Monitor and the Canadian Debtors reserve the right to assert additional objections to the Document Requests if such additional objections become apparent in the future.

5

15.     The Monitor and the Canadian Debtors reserve the right to supplement their document production in the event they discover further documents responsive to the Document Requests and also reserve the right to supplement any objections or responses herein.

16.     Unless otherwise set forth herein, all terms shall have the same meaning as defined in the Discovery Requests.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the General Objections set forth above (the "**General Objections**"), which are incorporated into each response and shall have the same force and effect as though fully set forth therein, the Monitor and the Canadian Debtors set forth their specific responses and objections to each of the Documents Requests as follows:

REQUEST NO. 1:

> **Documents sufficient to show that "the post-petition interest portion alone of the Post-Petition Interest and Additional Amounts Claims, absent insolvency law considerations, approximates US$1.6 billion as of December 31, 2013," as alleged on page 1 of the Monitor's Request, including the complete basis for the calculation of the amount, without regard to the time period limitations specified in the Instructions.**

RESPONSE TO REQUEST NO. 1

In addition to the foregoing General Objections, the Monitor and the Canadian Debtors object to this Request to the extent that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks information beyond the scope of the Discovery Order and/or other applicable directives from the Court, is overbroad, unduly burdensome or designed to harass, and/or seeks information protected by the attorney-client privilege, work product doctrine, or other applicable immunity from discovery, or documents that are available from public sources.  Subject to and without

waiver of the foregoing Specific and General Objections, the Monitor and the Canadian Debtors refer to the following non-privileged documents responsive to this Request, which are accessible to the Debtors through publicly-available sources:

- Law Debenture Trust Company of New York Proof of Claim [Claim No. 3946] – Indenture dated February 15, 1996

- The Bank of New York Mellon Proof of Claim [Claim No. 3971] – Indenture dated March 28, 2007

- The Bank of New York Mellon Proof of Claim [Claim No. No. 3972] – Indenture dated July 5, 2006

REQUEST NO. 2

**All Documents supporting the basis for the Monitor's statement that "moving to the goal of making a meaningful distribution to the creditors will, in any event, require the determination of the critical Common Bond Claim Issues," as alleged on page 3 of the Monitor's Request.**

RESPONSE TO REQUEST NO. 2

In addition to the foregoing General Objections, the Monitor and the Canadian Debtors object to this Request on the basis that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks information beyond the scope of the Discovery Order and/or other applicable directives from the Court, improperly seeks support for a legal argument made in a memorandum of law, seeks information protected by the attorney-client privilege, work product doctrine, or other applicable immunity from discovery, and is overbroad, unduly burdensome, designed to harass, and is not "targeted" or "limited."

REQUEST NO. 3

**All Documents supporting the basis for the Monitor's statement to the Court that "Prior to the U.S. Debtors' filing of their 9019 Motion, the issues pending before the Court were purely legal in nature," as referenced in paragraph 3 of the**

> **Preliminary Objection and that "the US PPI Dispute . . . is a
> pure legal question" as referenced in paragraph 43 of the
> Supplemental Objection.**

RESPONSE TO REQUEST NO. 3

   In addition to the foregoing General Objections, the Monitor and the Canadian

Debtors object to this Request on the basis that it seeks the production of documents that are

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks

information beyond the scope of the Discovery Order and/or other applicable directives from the

Court, improperly seeks support for legal arguments made in memoranda of law, seeks

information protected by the attorney-client privilege, work product doctrine, or other applicable

immunity from discovery, and is overbroad, unduly burdensome, designed to harass, and is not

"targeted" or "limited."

REQUEST NO. 4

> **All Documents concerning any communications by the
> Monitor or Canadian Debtors with the Bondholders, Debtors
> or any other person related to a possible consensual resolution
> of the PPI Dispute.**

RESPONSE TO REQUEST NO. 4

   In addition to the foregoing General Objections, the Monitor and the Canadian

Debtors object to this Request on the basis that it seeks the production of documents that are

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and

object to the extent that the Request seeks information protected by the attorney-client privilege,

work product doctrine, or other applicable immunity from discovery, seeks information that is

beyond the scope of the Discovery Order or other applicable directives from the Court, or seeks

information that is already in the possession of the Debtors or otherwise available to them

through less burdensome sources. Subject to and without waiver of the foregoing Specific and

8

General Objections, the Monitor and the Canadian Debtors will produce non-privileged documents responsive to this Request consistent with their obligations under the Discovery Order and other applicable directives of the Court.

REQUEST NO. 5

> **All Documents You intend to use at any hearing on the 9019 Motion, without regard to the time period limitations specified in the Instructions.**

RESPONSE TO REQUEST NO. 5

The Monitor and the Canadian Debtors respond that they have previously produced all documents responsive to this Request, and, to the extent that any additional documents responsive to this Request are discovered, such documents will promptly be produced.

REQUEST NO. 6

> **All Documents concerning the consideration by the Canadian Debtors or the Monitor of the likelihood of successfully litigating the PPI Dispute, including without limitation the probability of a determination that, with respect to the PPI Dispute, each of the following would apply: (i) the federal judgment rate as set forth in 28 U.S.C. § 1961; or (ii) the applicable contract rate, without regard to the time period limitations specified in the Instructions.**

RESPONSE TO REQUEST NO. 6

In addition to the foregoing General Objections, the Monitor and the Canadian Debtors object to this Request on the basis that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly in light of the fact that the Debtors bear the burden of proof on the 9019 Motion and that it is the Debtors' consideration and analyses of such factors – or lack thereof – that are relevant to the 9019 Motion. In addition, the Monitor and Canadian Debtors object on the

9

grounds that the Request seeks information protected by the attorney-client privilege, work product doctrine, or other applicable immunity from discovery, and is overbroad, unduly burdensome, designed to harass, and is not "targeted" or "limited."

REQUEST NO. 7

> **All Documents, including, without limitation, any analyses or projections created, reviewed or relied upon by the Canadian Debtors or the Monitor relating to the date or likely timing of distributions to creditors either (i) with or (ii) without the Proposed Settlement.**

RESPONSE TO REQUEST NO. 7

In addition to the foregoing General Objections, the Monitor and the Canadian Debtors object to this Request on the basis that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly in light of the fact that the Debtors bear the burden of proof on the 9019 Motion and that it is the Debtors' consideration and analyses of such factors – or lack thereof – that are relevant to the 9019 Motion. In addition, the Monitor and Canadian Debtors object on the grounds that the Request seeks information protected by the attorney-client privilege, work product doctrine, or other applicable immunity from discovery, and is overbroad, unduly burdensome, designed to harass, and is not "targeted" or "limited."

REQUEST NO. 8

> **Documents sufficient to support the underlying information summarized in Appendix B of the 108th Monitor's report, as cited in Table 1: Detailed Distribution Analysis for NNL (in millions), footnote 12 of the Wertheim Report (the "108th Monitor's Report") and in Appendix D of the 108th Monitor's Report.**

RESPONSE TO REQUEST NO. 8

          In addition to the foregoing General Objections, the Monitor and the Canadian Debtors object to this Request on the basis that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks information beyond the scope of the Discovery Order and/or other applicable directives from the Court, and is overbroad, unduly burdensome, and is not "targeted" or "limited."

REQUEST NO. 9

> **Documents sufficient to support the underlying information in the NNC 10-Q dated June 30, 2012 indicating the amount of claims against NNL, as cited in Table 1: Detailed Distribution Analysis for NNL (in millions), footnote 16 of the Wertheim Report, without regard to the time period limitations specified in the Instructions.**

RESPONSE TO REQUEST NO. 9

          In addition to the foregoing General Objections, the Monitor and the Canadian Debtors object to this Request on the basis that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks information beyond the scope of the Discovery Order and/or other applicable directives from the Court, and is overbroad, unduly burdensome, and is not "targeted" or "limited." Subject to and without waiver of the foregoing General Objections, incorporated herein, the Monitor and the Canadian Debtors will produce non-privileged documents responsive to this Request consistent with their obligations under the Discovery Order and other applicable directives of the Court.

REQUEST NO. 10

> **Documents sufficient to support the positions for the "NNL Entities" and the "NNL Controlled Entities" indicated in the Excel Spreadsheet titled "Cash Summary," dated September 12, 2014, Bates-stamped NNC-NNL-PPI-000001.**

11

RESPONSE TO REQUEST NO. 10

Subject to and without waiver of the foregoing General Objections, incorporated herein, the Monitor and the Canadian Debtors will produce non-privileged documents responsive to this Request consistent with their obligations under the Discovery Order and the Court's directives.

REQUEST NO. 11

**Documents sufficient to show that "[t]he Proposed Agreement purports to settle the PPI Dispute by reducing the PPI that the Bondholders would receive from a total accrual of $1.657B (as of June 2015)..." as alleged in paragraph 16 of the Monitor's Request, including the complete basis for the calculation of the amount, without regard to the time period limitations specified in the Instructions.**

RESPONSE TO REQUEST NO. 11

Subject to and without waiver of the foregoing General Objections, incorporated herein, the Monitor and the Canadian Debtors respond that no responsive documents exist as no such statement is included in the Monitor's Request, which does not even include a paragraph 16.

REQUEST NO. 12

**Documents sufficient to show the amount of any allowed claims against any of the Canadian Debtors, including the specific Canadian Debtor(s) against which such claims are asserted without regard to the time period limitations specified in the Instructions.**

RESPONSE TO REQUEST NO. 12

In addition to the foregoing General Objections, the Monitor and the Canadian Debtors object to this Request on the basis that it seeks information beyond the scope of the Discovery Order and/or other applicable directives from the Court, seeks information protected

by the attorney-client privilege, work product doctrine, or other applicable immunity from discovery, or documents that are available from public sources, and is overbroad, unduly burdensome, is not "targeted" or "limited." Subject to and without waiver of the foregoing Specific and General Objections, the Monitor and the Canadian Debtors refer to the following non-privileged documents responsive to this Request, which have been filed with the Courts:

- 35th Report of the Monitor – [D.I. 2288]

- 75th Report of the Monitor – [D.I. 6591]

- 87th Report of the Monitor – [D.I. 8063]

- 106th Report of the Monitor – [Case No. 09-10164; D.I. 590]

- 108th Report of the Monitor [Case No. 09-10164; D.I. 603]

## REQUEST NO. 13

**Documents sufficient to show the amount of any pending, but not yet allowed, claims against any of the Canadian Debtors, including the specific Canadian Debtor(s) against which such claims are asserted, the asserted amount of the claim, and whether the claim is disputed and if so the basis for such dispute, without regard to the time period limitations specified in the Instructions.**

## RESPONSE TO REQUEST NO. 13

In addition to the foregoing General Objections, the Monitor and the Canadian Debtors object to this Request on the basis that it seeks information beyond the scope of the Discovery Order and/or other applicable directives from the Court, seeks information protected by the attorney-client privilege, work product doctrine, or other applicable immunity from discovery, or documents that are available from public sources, and is overbroad, unduly burdensome, and is not "targeted" or "limited." Subject to and without waiver of the foregoing Specific and General Objections, the Monitor and the Canadian Debtors refer to the following non-privileged documents responsive to this Request, which have been filed with the Courts:

13

- 108th Report of the Monitor [Case No. 09-10164; D.I. 603]

## REQUEST NO. 14

**Any Documents concerning any assessments or evaluations of pending, but not yet allowed, claims against any of the Canadian Debtors, including the likelihood of allowance and timetable for consideration and the specific Canadian Debtor(s) against which such claims are asserted, without regard to the time period limitations specified in the Instructions.**

## RESPONSE TO REQUEST NO. 14

In addition to the foregoing General Objections, the Monitor and the Canadian Debtors object to this Request on the basis that it seeks information beyond the scope of the Discovery Order and/or other applicable directives from the Court, seeks information protected by the attorney-client privilege, work product doctrine, or other applicable immunity from discovery, or documents that are available from public sources, and is overbroad, unduly burdensome, and is not "targeted" or "limited." Subject to and without waiver of the foregoing Specific and General Objections, the Monitor and the Canadian Debtors refer to the following non-privileged documents responsive to this Request, which have been filed with the Courts:

- 108th Report of the Monitor [Case No. 09-10164; D.I. 603]

## REQUEST NO. 15

**Documents sufficient to show the value of all assets of each Canadian Debtor, including any claims against affiliates, the value of any equity interests in any subsidiaries or affiliates, assets of undetermined or contingent assets, any other assets, and any estimates of their value, without regard to the time period limitations specified in the Instructions.**

## RESPONSE TO REQUEST NO. 15

In addition to the foregoing General Objections, the Monitor and the Canadian Debtors object to this Request on the basis that it seeks information beyond the scope of the

Discovery Order and/or other applicable directives from the Court, seeks information protected by the attorney-client privilege, work product doctrine, or other applicable immunity from discovery, or documents that are available from public sources, and is overbroad, unduly burdensome, and is not "targeted" or "limited." Subject to and without waiver of the foregoing General Objections, incorporated herein, the Monitor and the Canadian Debtors will produce non-privileged documents responsive to this Request consistent with their obligations under the Discovery Order and other applicable directives of the Court.

REQUEST NO. 16

> **All Documents concerning the actual cash balances of the Canadian Debtors or the Debtors during the period commencing June 30, 2014 through the resolution of the Canadian Proceedings, including, without limitation, any estimates or forecasts of projected spending, without regard to the time period limitations specified in the Instructions.**

RESPONSE TO REQUEST NO. 16

In addition to the foregoing General Objections, the Monitor and the Canadian Debtors object to this Request on the basis that it seeks information beyond the scope of the Discovery Order and/or other applicable directives from the Court, seeks information protected by the attorney-client privilege, work product doctrine, or other applicable immunity from discovery, or documents that are available from public sources or the Debtors' own files, and is overbroad, unduly burdensome, and is not "targeted" or "limited."

REQUEST NO. 17

> **All Documents concerning the validity or invalidity of any assumption that the Canadian Debtors would make a payment on the Crossover Bonds or the 7.875% Notes prior to the Debtors making any such payments, as discussed in paragraph 27(a) of the Expert Report, without regard to the time period limitations specified in the Instructions.**

## RESPONSE TO REQUEST NO. 17

In addition to the foregoing General Objections, the Monitor and the Canadian Debtors object to this Request on the basis that it seeks the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, seeks information beyond the scope of the Discovery Order and/or other applicable directives from the Court, and is overbroad, unduly burdensome, and is not "targeted" or "limited."

Dated: October 17, 2014
    Wilmington, Delaware

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ *Kathleen A. Murphy*
Mary F. Caloway (No. 3059)
Kathleen A. Murphy (No. 5215)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
kathleen.murphy@bipc.com

-and-

**ALLEN & OVERY LLP**

Jacob S. Pultman
Ken Coleman
Daniel J. Guyder
1221 Avenue of the Americas
New York, New York 10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
jacob.pultman@allenovery.com
ken.coleman@allenovery.com
daniel.guyder@allenovery.com

*Attorneys for Ernst & Young Inc., as Monitor
and Foreign Representative of the Canadian
Debtors*