**<u>EXHIBIT 95</u>**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

**Name of Debtor:** Nortel Networks Inc.
This claim is also deemed filed against:
Nortel Networks Capital Corporation
Nortel Altsystems Inc
Nortel Altsystems International Inc.
Xros, Inc.
Sonoma Systems
Qtera Corporation
CoreTek, Inc.

Nortel Networks Applications Management Solutions Inc.
Nortel Networks Optical Components Inc.
Nortel Networks HPOCS Inc.
Architel Systems (U.S.) Corporation
Nortel Networks International, Inc.
Northern Telecom International Inc.
Nortel Networks Cable Solutions Inc.
Nortel Networks (CALA), Inc.

**Case Number:**

09-10138 (KG)

and the other jointly administered cases on the attached list

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**Pension Benefit Guaranty Corporation**

Name and address where notices should be sent:
**Attn: Vicente Matias Murrell, Attorney
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026**
Telephone number: **202-326-4020, ext. 3580**

FILED / RECEIVED

JUL – 7 2014

Epiq Bankruptcy Solutions, LLC

☑ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** 4735
(If known)

Filed on: September 29, 2009

Name and address where payment should be sent (if different from above):




Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $624,601,972

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☒ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☒ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(2). See attached statement.

**Amount entitled to priority:**

$Unliquidated

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**2. Basis for Claim:** Statutory Liability under 29 U.S.C. § 1362 and 1368 for unfunded benefit liabilities of the Nortel Networks Retirement Income Plan. See attached statement. (See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** N/A

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**

Value of Property:$_____   Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Credits:** The amount of all p_____ making this proof of claim.

**7. Documents:** Attach redacte_____ romissory notes, purchase orders,
invoices, itemized statements o_____ curity agreements. You may also
attach a summary. Attach reda_____ of a security interest. You may
also attach a summary. (See in_____

Filed: USBC - District of Delaware
Nortel Networks Inc., Et Al.
09-10138 (KG)      0000008763

DO NOT SEND ORIGINAL D_____ ESTROYED AFTER
SCANNING.

If the documents are not available, please explain:

| **Date:** | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|
| July 3, 2014 |  Garth D. Wilson, Assistant Chief Counsel | |

**EXHIBIT**

**244**

exhibitsticker.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 357

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re: ) Chapter 11
)
NORTEL NETWORKS, INC., *et al.* ) Case No. 09-10138 (KG)
) (Jointly Administered)
Debtors. )
)
_____ )

## STATEMENT
## OF THE PENSION BENEFIT GUARANTY CORPORATION
## IN SUPPORT OF ITS AMENDED CLAIM FOR UNFUNDED BENEFIT LIABILITIES

The Pension Benefit Guaranty Corporation ("PBGC") hereby submits this Statement in

Support of its amended claim against Nortel Networks, Inc. ("Debtor") and each of the other

Debtors for the unfunded benefit liabilities of the Nortel Networks Retirement Income Plan

("Pension Plan"), stating[1]:

1.     PBGC is a wholly-owned United States government corporation, and an agency of

the United States, that administers the defined benefit pension plan termination insurance program

under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§§ 1301-1461 (2012).  PBGC guarantees the payment of certain pension benefits upon the

termination of a single-employer pension plan covered by Title IV of ERISA.  When an

underfunded plan terminates, PBGC generally becomes trustee of the plan and, subject to certain

statutory limitations, pays the plan's unfunded benefits with its insurance funds.  *See* 29 U.S.C.

§§ 1321-1322, 1342, 1361.

---

[1]     Pursuant to the Order, dated October 13, 2009, approving a stipulation between the debtors and PBGC
dated September 24, 2009, copies of which are attached to the proof of claim, this amended claim is deemed filed
against each of the debtors in this jointly administered proceeding that are specified on the list attached to the proof
of claim.

1

2.      The Pension Plan is a single-employer defined benefit pension plan covered by Title IV of ERISA. *See* 29 U.S.C. § 1321.

3.      Each of the Debtors is a contributing sponsor of the Pension Plan, 29 U.S.C. § 1301(a)(13), or a member of a contributing sponsor's controlled group, 29 U.S.C. § 1301(a)(14).

4.      On January 14, 2009, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

5.      The Debtor's proceeding has been administratively consolidated with the proceedings of 15 of its subsidiaries. Each of the other debtors are jointly and severally liable for the debt described herein.[2]

6.      The Pension Plan was terminated effective July 17, 2009, pursuant to an agreement between PBGC and the Retirement Committee of the Pension Plan. That agreement also appointed PBGC statutory trustee of the Pension Plan.

7.      As of the Pension Plan's termination date, the assets of the Pension Plan were insufficient to cover the benefit liabilities of the Pension Plan. This insufficiency is the amount of the Pension Plan's unfunded benefit liabilities. *See* 29 U.S.C. § 1362(b).

8.      Upon termination of the Pension Plan, its contributing sponsor and each member of the contributing sponsor's controlled group become jointly and severally liable to PBGC for the total amount of the Pension Plan's unfunded benefit liabilities. 29 U.S.C. § 1362(a), (b); *see* 29 U.S.C. § 1301(a)(18).

9.      The estimated amount of the Pension Plan's unfunded benefit liabilities is $624,601,972.

---

2  Each of the debtors is either a contributing sponsor of the Pension Plan or a member of a contributing sponsor's controlled group and, therefore, jointly and severally liable for the statutory debt described in this proof of

2

10.     If any person liable to PBGC under 29 U.S.C. § 1362 fails to pay the liability after demand, a lien arises in favor of PBGC as of the termination date of the plan. The amount of the lien is limited to 30% of the collective net worth of all the liable parties. 29 U.S.C. § 1368(a). For purposes of the Bankruptcy Code, the lien is "treated in the same manner as a tax due and owing to the United States." 29 U.S.C. § 1368(c)(2).

11.     This claim is an administrative expense entitled to priority as a tax incurred by the estate, in an amount up to 30% of the controlled group's collective net worth. 11 U.S.C. §§ 503(b)(1)(B), 507(a)(2); 29 U.S.C. § 1368(a), (c)(2). Independently, it also meets the definition of a "tax" for bankruptcy purposes because it is an involuntary pecuniary burden imposed on individuals or their property for public purposes, including to defray the government's expenses.

12.     Alternatively, this claim is entitled to tax priority under 11 U.S.C. § 507(a)(8), in an amount up to 30% of the controlled group's collective net worth.

13.     Any amount not entitled to priority is asserted as a general unsecured claim.

14.     By filing this claim, PBGC demands payment of the unfunded benefit liabilities of the Pension Plan.

15.     Documents supporting this claim include the Pension Plan document with applicable amendments; relevant collateral agreements, if any; United States Internal Revenue Service Form 5500s; and annual actuarial valuation reports for the Pension Plan. On information and belief, Debtors or members of their controlled group have in their possession and control copies or originals of these documents.

---

claim and statement in support of claim.

3

16.    PBGC's investigation of this matter is continuing. The agency reserves the right to

amend, modify and supplement this proof of claim and/or to file additional proofs of claim. This

claim may be subject to a right of setoff by PBGC as an agency of the United States government,

and the right of the United States to withhold subject to offset amounts due from other federal

entities. The filing of this proof of claim is not intended to be and shall not be construed as (1) an

election of remedy or (2) a waiver or limitation of any rights of PBGC, the Pension Plan or any of

its beneficiaries or participants.

Dated: July 3, 2014
Washington D.C.

ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
GARTH D. WILSON
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C.  20005-4026
Telephone:  (202) 326-4020, ext. 3580
Facsimile:  (202) 326-4112

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------------X
                                          :
                                          :    Chapter 11
In re                                     :
                                          :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al., ¹           :
                                          :    Jointly Administered
                    Debtors.              :
                                          :
                                          :    RE: D.I. 1639
                                          :
--------------------------------------------------------------X
```

## ORDER APPROVING STIPULATION
## WITH THE PENSION BENEFIT GUARANTY CORPORATION

Upon the motion dated October 8, 2009 (the "Motion"),² of Nortel Networks Inc.

("NNI") and its affiliated Debtors, as Debtors and Debtors in possession in the above-captioned

jointly administered cases (the "Debtors"), for entry of an Order, as more fully described in the

Motion, approving a Stipulation (the "PBGC Stipulation") between NNI and the Pension Benefit

Guaranty Corporation (the "PBGC"), in the form attached as Exhibit B to the Motion, pursuant

to Section 105(a) of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9019

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and adequate notice of

the Motion having been given as set forth therein; and it appearing that no other or further notice

---

¹       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. f/k/a Alteon WebSystems, Inc. (9769), Nortel Altsystems International, Inc. f/k/a Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

²       Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having further determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, and their creditors; and upon the record in these proceedings, including a hearing on the Motion held on October 13, 2009; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED in all respects.

2.    The Court approves the PBGC Stipulation, as it finds the PBGC Stipulation to be in the best interests of NNI, its estate, and its creditors.

3.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

4.    The requirements set forth in Rule 6003(b) of the Bankruptcy Rules are satisfied by the contents of the Motion or otherwise deemed waived.

5.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October **13**, 2009
         Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3170914.1

2

**Exhibit 1 – Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                            :
*In re*                                     :    Chapter 11
                                            :
Nortel Networks Inc., *et al.*,[1]          :    Case No. 09-10138 (KG)
                                            :
                        Debtors.            :    Jointly Administered
                                            :
                                            :
-------------------------------------------------------X

## STIPULATION REGARDING FILING OF CLAIMS BY PENSION BENEFIT GUARANTY CORPORATION

Nortel Networks, Inc. ("Nortel") and the above-referenced debtors and debtors in possession jointly administered under Case No. 09-10138 (KG) (collectively, the "Debtors") and the Pension Benefit Guaranty Corporation ("PBGC") have agreed that each proof of claim filed by PBGC in Case No. 09-10138 (KG) will be deemed to be filed separately in each of the Debtors' cases, for the reasons and on the terms and conditions set forth below:

### RECITALS

A.    The Debtors have filed voluntary petitions under Chapter 11. Pursuant to orders of the Court, the Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 09-10138 (KG).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

B.      By Order dated August 4, 2009, the Court set the general bar date for filing claims at September 30, 2009.

C.      The PBGC is a United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461. By agreement dated September 8, 2009, the Nortel Network Retirement Income Plan was terminated effective July 17, 2009 and the PBGC was appointed statutory trustee of the Plan.

D.      The PBGC asserts that each of the Debtors was either a sponsor or a controlled group member of a sponsor of the Nortel Network Retirement Income Plan.

E.      The PBGC intends to assert four separate claims against each of the sixteen Debtors jointly and severally, for alleged liability to the pension plans and to the PBGC under 26 U.S.C. § 412, 29 U.S.C. §§ 1082(c)(11), 1307(e)(12), 1362(a), (b) and (c). Requiring that the PBGC file 64 separate proofs of claim would constitute a significant and unnecessary administrative burden on the Debtors, the PBGC, the Court and the Debtors' claims agent.

IT IS HEREBY STIPULATED AS FOLLOWS:

1.      Notwithstanding any provision of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local bankruptcy rules, or any Order of the Court, each proof of claim filed by the PBGC (whether on its own behalf or on behalf of the Pension Plans) in Chapter 11 Case No. 09-10138 (KG) shall, at the time of its filing, be deemed filed not only in that case, but also in each of the other Debtors' Chapter 11 cases; provided that, with respect to each proof of claim filed, the PBGC must specifically identify each of the Debtors against which such proof of claim is being filed and the specific claim asserted against each such Debtor.

2

2.     This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights, or waive any objections or defenses of the Debtors, the PBGC or any other party in interest.

3.     The provisions of paragraphs 1 and 2 of this Stipulation and Order shall apply to any amendment that PBGC may make with respect to any proof of claim filed by the PBGC.

Dated:  September 24, 2009
        Wilmington, Delaware

ISRAEL GOLDOWITZ

*/s/ Vicente Matias Murrell*
CHARLES FINKE
Deputy Chief Counsel
STEPHEN D. SCHREIBER
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C.  20005-4026
Telephone:  (202) 326-4020, ext. 3580
Facsimile:  (202) 326-4112

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

    - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors and Debtors in Possession*

3



**PBGC** **Pension Benefit Guaranty Corporation**
Protecting America's Pensions   1200 K Street, N.W., Washington, D.C. 20005-4026

July 3, 2014

**BY FEDERAL EXPRESS**

Nortel Networks Inc. Claims Processing
Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

### Re: Nortel Networks, Inc., (Bankr. D. Del. No. 09-10138 (KG))

To Whomever it May Concern:

Please find enclosed four (4) amended proofs of claim ("POC") to be filed against the above lead case number. By court order and stipulation, they are deemed filed in each of the cases jointly administered with the lead case number indicated above and as listed on each POC. For your reference, I have attached the stipulation, court order and a listing of PBGC's currently filed claims on the claims register.

Along with the originals, please find enclosed copies of each amended POC. Please date stamp each amended POC copy and enclose the same in the enclosed, self-addressed, stamped envelope.

Please feel free to contact me if you have any questions. Thank you for your time and attention to this matter.

Sincerely,

Vicente Matias Murrell
Attorney
Office of the Chief Counsel
(202) 326-4020, ext. 3580

Enclosures

| Claim # | Schedule # | Creditor Name | Filed Date | Total Claim Value | |
|---------|-----------|---------------|-----------|-------------------|---|
| | 100815280 | PENSION BENEFIT GUARANTY CORP | | $0.00 | No Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4736 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $0.00 | Image |
| 4737 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $0.00 | Image |
| 4738 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $0.00 | Image |

Page 1 of 1 (20 items)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X
                          :

*In re*                         :

Nortel Networks Inc., *et al.*, [1]     :

           Debtors.     :

                          :

                          :

-----------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**RE: D.I. 1639**

## ORDER APPROVING STIPULATION
## WITH THE PENSION BENEFIT GUARANTY CORPORATION

Upon the motion dated October 8, 2009 (the "Motion"),[2] of Nortel Networks Inc.

("NNI") and its affiliated Debtors, as Debtors and Debtors in possession in the above-captioned

jointly administered cases (the "Debtors"), for entry of an Order, as more fully described in the

Motion, approving a Stipulation (the "PBGC Stipulation") between NNI and the Pension Benefit

Guaranty Corporation (the "PBGC"), in the form attached as Exhibit B to the Motion, pursuant

to Section 105(a) of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9019

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and adequate notice of

the Motion having been given as set forth therein; and it appearing that no other or further notice

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. f/k/a Alteon WebSystems, Inc. (9769), Nortel Altsystems International, Inc. f/k/a Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having further determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, and their creditors; and upon the record in these proceedings, including a hearing on the Motion held on October 13, 2009; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED in all respects.

2.      The Court approves the PBGC Stipulation, as it finds the PBGC Stipulation to be in the best interests of NNI, its estate, and its creditors.

3.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

4.      The requirements set forth in Rule 6003(b) of the Bankruptcy Rules are satisfied by the contents of the Motion or otherwise deemed waived.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October **13**, 2009
        Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3170914.1

2

**Exhibit 1 – Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
                                      :

*In re*                               :       Chapter 11

Nortel Networks Inc., *et al.*,[1]    :       Case No. 09-10138 (KG)

                Debtors.      :       Jointly Administered

                                        :

                                        :

----------------------------------------------------------X

## STIPULATION REGARDING FILING OF CLAIMS BY PENSION BENEFIT GUARANTY CORPORATION

Nortel Networks, Inc. ("Nortel") and the above-referenced debtors and debtors in possession jointly administered under Case No. 09-10138 (KG) (collectively, the "Debtors") and the Pension Benefit Guaranty Corporation ("PBGC") have agreed that each proof of claim filed by PBGC in Case No. 09-10138 (KG) will be deemed to be filed separately in each of the Debtors' cases, for the reasons and on the terms and conditions set forth below:

## RECITALS

A.    The Debtors have filed voluntary petitions under Chapter 11. Pursuant to orders of the Court, the Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 09-10138 (KG).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

B.      By Order dated August 4, 2009, the Court set the general bar date for filing claims at September 30, 2009.

C.      The PBGC is a United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461. By agreement dated September 8, 2009, the Nortel Network Retirement Income Plan was terminated effective July 17, 2009 and the PBGC was appointed statutory trustee of the Plan.

D.      The PBGC asserts that each of the Debtors was either a sponsor or a controlled group member of a sponsor of the Nortel Network Retirement Income Plan.

E.      The PBGC intends to assert four separate claims against each of the sixteen Debtors jointly and severally, for alleged liability to the pension plans and to the PBGC under 26 U.S.C. § 412, 29 U.S.C. §§ 1082(c)(11), 1307(e)(12), 1362(a), (b) and (c). Requiring that the PBGC file 64 separate proofs of claim would constitute a significant and unnecessary administrative burden on the Debtors, the PBGC, the Court and the Debtors' claims agent.

IT IS HEREBY STIPULATED AS FOLLOWS:

1.      Notwithstanding any provision of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local bankruptcy rules, or any Order of the Court, each proof of claim filed by the PBGC (whether on its own behalf or on behalf of the Pension Plans) in Chapter 11 Case No. 09-10138 (KG) shall, at the time of its filing, be deemed filed not only in that case, but also in each of the other Debtors' Chapter 11 cases; provided that, with respect to each proof of claim filed, the PBGC must specifically identify each of the Debtors against which such proof of claim is being filed and the specific claim asserted against each such Debtor.

2

2.      This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights, or waive any objections or defenses of the Debtors, the PBGC or any other party in interest.

3.      The provisions of paragraphs 1 and 2 of this Stipulation and Order shall apply to any amendment that PBGC may make with respect to any proof of claim filed by the PBGC.

Dated:  September 24, 2009
        Wilmington, Delaware

ISRAEL GOLDOWITZ

*/s/ Vicente Matias Murrell*
CHARLES FINKE
Deputy Chief Counsel
STEPHEN D. SCHREIBER
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C.  20005-4026
Telephone:  (202) 326-4020, ext. 3580
Facsimile:  (202) 326-4112

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors and Debtors in Possession*

3



Extremely Urgent

FedEx Express — Package US Airbill    8026 9183 6899

**1 From**

Sender's Name: OFFICE OF THE CHIEF COU    Phone 202 326-4000

Company PENSION BENEFIT GUARANTY CORP

Address 1200 K ST NW STE 740

City WASHINGTON

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name: Nortel Networks Inc. Claims Processing Center

Company c/o Epiq Bankruptcy Solutions

Address 757 Third Avenue    3rd Floor

City New York    State NY    ZIP 10017

0105083609

FILED RECEIVED
JUL 07 2014
EPIC SYSTEMS

8026 9183 6899

**4 Express Package Service**    Recipient's Copy    ph 0215

**5 Packaging**

**6 Special Handling and Delivery Signature Options**

**7 Payment**    Bill to:

**EXHIBIT 96**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Nortel Networks Inc. <br> This claim is also deemed filed against: <br> Nortel Networks Capital Corporation <br> Nortel Altsystems Inc <br> Nortel Altsystems International Inc. <br> Xros, Inc. <br> Sonoma Systems <br> Qtera Corporation <br> CoreTek, Inc.     Nortel Networks Applications Management Solutions Inc. <br> Nortel Networks Optical Components Inc. <br> Nortel Networks HPOCS Inc <br> Architel Systems (U.S.) Corporation <br> Nortel Networks International, Inc. <br> Northern Telecom International Inc. <br> Nortel Networks Cable Solutions Inc. <br> Nortel Networks (CALA), Inc. | Case Number: <br> **09-10138 (KG)** <br> and the other jointly administered cases on the attached list |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (The person or other entity to whom the debtor owes money or property): <br> **Pension Benefit Guaranty Corporation** | | ☒ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|---|
| Name and address where notices should be sent: <br> **Attn: Vicente Matias Murrell, Attorney** <br> **Office of the Chief Counsel** <br> **1200 K Street, N.W., Suite 340** <br> **Washington, D.C. 20005-4026** <br> Telephone number: **202-326-4020, ext. 3580** | FILED / RECEIVED <br><br> JUL - 7 2014 <br><br> Epiq Bankruptcy Solutions, LLC | **Court Claim Number:** 4738 <br> *(If known)* <br><br> Filed on: September 29, 2009 |
| Name and address where payment should be sent (if different from above): <br><br> Telephone number: | | Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br><br> Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed: $ 0 <br><br> If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. <br><br> If all or part of your claim is entitled to priority, complete item 5. <br><br> ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | 5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount. <br><br> Specify the priority of the claim. <br><br> ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
|---|---|

| 2. Basis for Claim: Statutory Liability to the Nortel Networks Retirement Income Plan for shortfall and waiver amortization charge under 29 U.S.C. § 1362(c). (See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
|---|---|
| 3. Last four digits of any number by which creditor identifies debtor: N/A <br><br> 3a. Debtor may have scheduled account as: _____ <br> (See instruction #3a on reverse side) | |
| 4. Secured Claim (See instruction #4 on reverse side.) <br> Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. <br><br> Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other <br> Describe: <br><br> Value of Property:$_____ Annual Interest Rate___% <br><br> Amount of arrearage and other charges as of time case filed included in secured claim, <br><br> if any: $_____ Basis for perfection: _____ <br><br> Amount of Secured Claim: $_____ Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). <br><br> ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). <br><br> ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). <br><br> ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(2). See attached statement. |

| 6. Credits: The amount of all paym~~...~~     ...ing this proof of claim. | |
|---|---|
| 7. Documents: Attach redacted co~~...~~    ...issory notes, purchase orders, invoices, itemized statements or run~~...~~    ...ty agreements. You may also attach a summary. Attach redacted ~~...~~    ...security interest. You may also attach a summary. (*See instruc~~...~~) <br><br> DO NOT SEND ORIGINAL DOCU~~...~~    ...ROYED AFTER SCANNING. <br><br> If the documents are not available, please explain: | **Amount entitled to priority:** <br><br> $ 0 <br><br> *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

*(center box):* Filed: USBC - District of Delaware <br> Nortel Networks Inc., Et Al. <br> 09-10138 (KG)     0000008760 <br> ‖‖‖‖‖‖‖‖‖‖‖‖‖

| Date: <br><br> July 3, 2014 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br><br> *Garth D. Wilson* <br> Garth D. Wilson, Assistant Chief Counsel | FOR COURT USE ONLY |
|---|---|---|

| | EXHIBIT <br><br> 245 |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------X
                                        :
                                        :   Chapter 11
*In re*                                 :
                                        :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.,*[1]      :
                                        :   Jointly Administered
                Debtors.                :
                                        :
                                        :   RE: D.I. 1639
                                        :
-----------------------------------------------------------X
```

**ORDER APPROVING STIPULATION**
**WITH THE PENSION BENEFIT GUARANTY CORPORATION**

Upon the motion dated October 8, 2009 (the "Motion"),[2] of Nortel Networks Inc.

("NNI") and its affiliated Debtors, as Debtors and Debtors in possession in the above-captioned

jointly administered cases (the "Debtors"), for entry of an Order, as more fully described in the

Motion, approving a Stipulation (the "PBGC Stipulation") between NNI and the Pension Benefit

Guaranty Corporation (the "PBGC"), in the form attached as Exhibit B to the Motion, pursuant

to Section 105(a) of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9019

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and adequate notice of

the Motion having been given as set forth therein; and it appearing that no other or further notice

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. f/k/a Alteon WebSystems, Inc. (9769), Nortel Altsystems International, Inc. f/k/a Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having further determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, and their creditors; and upon the record in these proceedings, including a hearing on the Motion held on October 13, 2009; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED in all respects.

2.     The Court approves the PBGC Stipulation, as it finds the PBGC Stipulation to be in the best interests of NNI, its estate, and its creditors.

3.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

4.     The requirements set forth in Rule 6003(b) of the Bankruptcy Rules are satisfied by the contents of the Motion or otherwise deemed waived.

5.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October **13**, 2009
       Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3170914.1

2

**Exhibit 1 – Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X

*In re*                                          :          Chapter 11

Nortel Networks Inc., *et al.*,[1]               :          Case No. 09-10138 (KG)

             Debtors.              :          Jointly Administered

                                              :

                                              :

-----------------------------------------------------------X

### STIPULATION REGARDING FILING OF CLAIMS BY PENSION BENEFIT GUARANTY CORPORATION

Nortel Networks, Inc. ("Nortel") and the above-referenced debtors and debtors in possession jointly administered under Case No. 09-10138 (KG) (collectively, the "Debtors") and the Pension Benefit Guaranty Corporation ("PBGC") have agreed that each proof of claim filed by PBGC in Case No. 09-10138 (KG) will be deemed to be filed separately in each of the Debtors' cases, for the reasons and on the terms and conditions set forth below:

### RECITALS

A.     The Debtors have filed voluntary petitions under Chapter 11. Pursuant to orders of the Court, the Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 09-10138 (KG).

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

B.      By Order dated August 4, 2009, the Court set the general bar date for filing claims at September 30, 2009.

C.      The PBGC is a United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461. By agreement dated September 8, 2009, the Nortel Network Retirement Income Plan was terminated effective July 17, 2009 and the PBGC was appointed statutory trustee of the Plan.

D.      The PBGC asserts that each of the Debtors was either a sponsor or a controlled group member of a sponsor of the Nortel Network Retirement Income Plan.

E.      The PBGC intends to assert four separate claims against each of the sixteen Debtors jointly and severally, for alleged liability to the pension plans and to the PBGC under 26 U.S.C. § 412, 29 U.S.C. §§ 1082(c)(11), 1307(e)(12), 1362(a), (b) and (c). Requiring that the PBGC file 64 separate proofs of claim would constitute a significant and unnecessary administrative burden on the Debtors, the PBGC, the Court and the Debtors' claims agent.

IT IS HEREBY STIPULATED AS FOLLOWS:

1.      Notwithstanding any provision of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local bankruptcy rules, or any Order of the Court, each proof of claim filed by the PBGC (whether on its own behalf or on behalf of the Pension Plans) in Chapter 11 Case No. 09-10138 (KG) shall, at the time of its filing, be deemed filed not only in that case, but also in each of the other Debtors' Chapter 11 cases; provided that, with respect to each proof of claim filed, the PBGC must specifically identify each of the Debtors against which such proof of claim is being filed and the specific claim asserted against each such Debtor.

2

2.      This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights, or waive any objections or defenses of the Debtors, the PBGC or any other party in interest.

3.      The provisions of paragraphs 1 and 2 of this Stipulation and Order shall apply to any amendment that PBGC may make with respect to any proof of claim filed by the PBGC.

Dated:  September 24, 2009
        Wilmington, Delaware

ISRAEL GOLDOWITZ

/s/ Vicente Matias Murrell
CHARLES FINKE
Deputy Chief Counsel
STEPHEN D. SCHREIBER
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C.  20005-4026
Telephone:  (202) 326-4020, ext. 3580
Facsimile:  (202) 326-4112

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Ann C. Cordo
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors and Debtors in Possession*

3



**PBGC** Pension Benefit Guaranty Corporation
Protecting America's Pensions   1200 K Street, N.W., Washington, D.C. 20005-4026

July 3, 2014

**BY FEDERAL EXPRESS**

Nortel Networks Inc. Claims Processing
Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

### Re: Nortel Networks, Inc., (Bankr. D. Del. No. 09-10138 (KG))

To Whomever it May Concern:

Please find enclosed four (4) amended proofs of claim ("POC") to be filed against the above lead case number. By court order and stipulation, they are deemed filed in each of the cases jointly administered with the lead case number indicated above and as listed on each POC. For your reference, I have attached the stipulation, court order and a listing of PBGC's currently filed claims on the claims register.

Along with the originals, please find enclosed copies of each amended POC. Please date stamp each amended POC copy and enclose the same in the enclosed, self-addressed, stamped envelope.

Please feel free to contact me if you have any questions. Thank you for your time and attention to this matter.

Sincerely,

Vicente Matias Murrell
Attorney
Office of the Chief Counsel
(202) 326-4020, ext. 3580

Enclosures

| Claim # | Schedule # | Creditor Name | Filed Date | Total Claim Value | |
|---|---|---|---|---|---|
| | 100815280 | PENSION BENEFIT GUARANTY CORP | | $0.00 | No Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4736 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $0.00 | Image |
| 4737 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $0.00 | Image |
| 4738 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $0.00 | Image |

Page 1 of 1 (20 items)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------X
                         :

*In re*                           :

Nortel Networks Inc., *et al.*, [1]    :

            Debtors.          :

                          :

-------------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**RE: D.I. 1639**

**ORDER APPROVING STIPULATION**
**WITH THE PENSION BENEFIT GUARANTY CORPORATION**

Upon the motion dated October 8, 2009 (the "<u>Motion</u>"),[2] of Nortel Networks Inc.

("<u>NNI</u>") and its affiliated Debtors, as Debtors and Debtors in possession in the above-captioned

jointly administered cases (the "<u>Debtors</u>"), for entry of an Order, as more fully described in the

Motion, approving a Stipulation (the "<u>PBGC Stipulation</u>") between NNI and the Pension Benefit

Guaranty Corporation (the "<u>PBGC</u>"), in the form attached as <u>Exhibit B</u> to the Motion, pursuant

to Section 105(a) of the United States Bankruptcy Code (the "<u>Bankruptcy Code</u>") and Rule 9019

of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"); and adequate notice of

the Motion having been given as set forth therein; and it appearing that no other or further notice

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. f/k/a Alteon WebSystems Inc. (9769), Nortel Altsystems International, Inc. f/k/a Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

is necessary; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that

consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

Court having further determined that the legal and factual bases set forth in the Motion establish

just cause for the relief requested in the Motion, and that such relief is in the best interests of the

Debtors, their estates, and their creditors; and upon the record in these proceedings, including a

hearing on the Motion held on October 13, 2009; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED in all respects.

2.      The Court approves the PBGC Stipulation, as it finds the PBGC Stipulation to be

in the best interests of NNI, its estate, and its creditors.

3.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the

terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors

are not subject to any stay in the implementation, enforcement or realization of the relief granted

in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any

action and perform any act authorized under this Order.

4.      The requirements set forth in Rule 6003(b) of the Bankruptcy Rules are satisfied

by the contents of the Motion or otherwise deemed waived.

5.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: October **13** , 2009
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3170914.1

2

**Exhibit 1 – Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

------------------------------------------------------------X

## STIPULATION REGARDING FILING OF CLAIMS BY PENSION BENEFIT GUARANTY CORPORATION

Nortel Networks, Inc. ("Nortel") and the above-referenced debtors and debtors in possession jointly administered under Case No. 09-10138 (KG) (collectively, the "Debtors") and the Pension Benefit Guaranty Corporation ("PBGC") have agreed that each proof of claim filed by PBGC in Case No. 09-10138 (KG) will be deemed to be filed separately in each of the Debtors' cases, for the reasons and on the terms and conditions set forth below:

### RECITALS

A.     The Debtors have filed voluntary petitions under Chapter 11. Pursuant to orders of the Court, the Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 09-10138 (KG).

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

B.      By Order dated August 4, 2009, the Court set the general bar date for filing claims at September 30, 2009.

C.      The PBGC is a United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461.  By agreement dated September 8, 2009, the Nortel Network Retirement Income Plan was terminated effective July 17, 2009 and the PBGC was appointed statutory trustee of the Plan.

D.      The PBGC asserts that each of the Debtors was either a sponsor or a controlled group member of a sponsor of the Nortel Network Retirement Income Plan.

E.      The PBGC intends to assert four separate claims against each of the sixteen Debtors jointly and severally, for alleged liability to the pension plans and to the PBGC under 26 U.S.C. § 412, 29 U.S.C. §§ 1082(c)(11), 1307(e)(12), 1362(a), (b) and (c).  Requiring that the PBGC file 64 separate proofs of claim would constitute a significant and unnecessary administrative burden on the Debtors, the PBGC, the Court and the Debtors' claims agent.

IT IS HEREBY STIPULATED AS FOLLOWS:

1.      Notwithstanding any provision of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local bankruptcy rules, or any Order of the Court, each proof of claim filed by the PBGC (whether on its own behalf or on behalf of the Pension Plans) in Chapter 11 Case No. 09-10138 (KG) shall, at the time of its filing, be deemed filed not only in that case, but also in each of the other Debtors' Chapter 11 cases; provided that, with respect to each proof of claim filed, the PBGC must specifically identify each of the Debtors against which such proof of claim is being filed and the specific claim asserted against each such Debtor.

2

2.      This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights, or waive any objections or defenses of the Debtors, the PBGC or any other party in interest.

3.      The provisions of paragraphs 1 and 2 of this Stipulation and Order shall apply to any amendment that PBGC may make with respect to any proof of claim filed by the PBGC.

Dated:  September 24, 2009
        Wilmington, Delaware

ISRAEL GOLDOWITZ

/s/ Vicente Matias Murrell
CHARLES FINKE
Deputy Chief Counsel
STEPHEN D. SCHREIBER
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone:  (202) 326-4020, ext. 3580
Facsimile:  (202) 326-4112

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Ann C. Cordo
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors and Debtors in Possession*

3



Extremely Urgent

**EXHIBIT 97**

EXHIBIT

13

# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Overseas Shipholding Group, Inc., *et al.*, | : | Case No. 12-20000 (PJW) |
|  | : |  |
|  | : | (Jointly Administered) |
| Debtors. | : |  |
|  | : | **Re: D.I. 3683, 3727** |
|  | : |  |

------------------------------------------------------X

## MEMORANDUM OF LAW OF WILMINGTON TRUST, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, <u>REGARDING THE INTEREST ON OVERDUE INTEREST DISPUTE</u>

**POLSINELLI PC**

Christopher A. Ward (Del. Bar No. 3877)
Jarrett Vine (Del. Bar No. 5400)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
jvine@polsinelli.com

and

Edward M. Fox, Esq. (admitted pro hac vice)
900 Third Avenue, 21st Floor
New York, NY 10022
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
efox@polsinelli.com

Counsel for Wilmington Trust, National
Association, as indenture trustee

Dated: August 5, 2014

48609785.1

## TABLE OF CONTENTS

PAGE

INTRODUCTION.........................................................................................1

THE 7.5% NOTES INDENTURE.........................................................2

ARGUMENT.............................................................................................2

I.    THE DEBTORS' INTERPRETATION OF THE INDENTURE AND
NOTE IS CONTRARY TO CONTROLLING LAW......................................2

II.   THE DEBTORS' ARGUMENT RELIES ON IMPROPER PAROL
EVIDENCE EVEN THAT THEY SOUGHT TO EXCLUDE
FROM THIS DISPUTE.............................................................................5

III.  NEW YORK LAW ALLOWS FOR INTEREST ON OVERDUE
INTEREST AND PROVIDES THE INTEREST RATE IF THE
INDENTURE DOES NOT..........................................................................6

IV.  NEW YORK LAW NOT ONLY PERMITS, BUT REQUIRES,
PAYMENT OF INTEREST ON OVERDUE INTEREST...........................7

i

## TABLE OF AUTHORITIES

**PAGE**

In re Arcade Pub., Inc.,
    455 B.R. 373 (Bankr. S.D.N.Y. 2011)……………………………………7, 8 ,9 ,10

Banks v. Gill Distrib. Ctrs, Inc.,
    263 F.3d 862, 872 (9th Cir. 2001)………………………………………………..9

In re Cardian Mortgage Corp.,
    122 B.R. 255, 264 (Bankr. E.D. Va. 1990)……………………………………9

In re Chavez,
    381 B.R. 582, 594 (Bankr. E.D.N.Y. 2008)……………………………………9

City of Scranton v. Int'l Ass'n of Machinists & Aerospace Workers Lodge 2305, AFL-CIO,
    505 A.2d 1121, 1124 (Pa. Commw. Ct. 1986)……………………………………9

Cracker Barrel Old Country Store, Inc. v. Cincinnati Ins. Co.,
    499 F. App'x 559, 564 (6th Cir. 2012)…………………………………………4

In re Cukierman,
    242 B.R. 486, 491 (B.A.P. 9th Cir. 1999)……………………………………9

Donald v. Chaney,
    488 A.2d 971, 977 (Md. 1985)……………………………………………………9

Eder Elec. Co. v. United States,
    205 F. Supp. 305, 306 (E.D. Pa. 1962)………………………………………..5

In re Flashcom, Inc.,
    495 B.R. 490, 514 (Bankr. C.D. Cal. 2013)…………………………………..9

Freeman v. Pristine Indus., Inc.,
    1995 WL 102829, at *2 (S.D.N.Y. Mar. 8, 1995)……………………………6

Grosz v. Serge Sabarsky, Inc.,
    24 A.D.3d 264, 267 (N.Y. App. Div. 2005)…………………………………9

Jones v. Foster,
    70 F.2d 200, 207 (4th Cir. 1934)………………………………………………9

Kelly v. Redevelopment Auth. of Allegheny Cnty.,
    191 A.2d 393, 395 (Pa. 1963)……………………………………………………9

In re Lafferty,
    297 A.D.2d 469, 471 (N.Y. App. Div. 2002)…………………………………9

ii

Lefkowitz v. McMillen,
    394 N.Y.S.2d 107, 108 (3d Dep't 1977) ("CPLR 409 (subd. (b))...........................9

MGA Entm't, Inc. v. Hartford Ins. Grp.,
    869 F. Supp. 2d 1117, 1136 (C.D. Cal. 2012)..............................................9

N.Y. Marine & Gen. Ins. Co. v. S/S Ming Prosperity,
    920 F. Supp. 416, 428 (S.D.N.Y. 1996).................................................10

NML Capital v. Republic of Argentina,
    17 N.Y.3d 250 (N.Y. 2011)....................................................6, 7, 8, 10

Orion Refining Corp. v. Fluor Enters., Inc., (In re Orion Corp.),
    372 B.R. 688, 694, 703-04 (Bankr. D. Del. 2007).............................................7

In re Sabre Shipping Corp.,
    299 F. Supp. 97, 101 (S.D.N.Y. 1969)...................................................8

Safway Steel Scaffolds of Va., Inc. v. Coulter,
    94 S.E.2d 541, 548 (Va. 1956)........................................................9

Shackelford v. Shackelford,
    571 S.E.2d 917, 922 (Va. Ct. App. 2002)..................................................9

In re Smurfit-Stone Container Corp.,
    444 B.R. 111, 126 (Bankr. D. Del. 2011)..................................................4

Stepnowski v. C.I.R.,
    456 F.3d 320, 324 (3d Cir. 2006)......................................................4

In re Tender Loving Care Health Care Servs., Inc.,
    No. 02-88020-AST, 2009 WL 5218598, at
    *1, *9-11 (Bankr. E.D.N.Y. Dec. 31, 2009)...................................................8

Tisch Family Found., Inc. v. Tex. Nat. Petroleum Co.,
    336 F. Supp. 441, 443-45 (D. Del. 1972).....................................................7

In re Welty,
    355 B.R. 177, 181 (Bankr. N.D. Cal. 2006)...................................................9

48609785.1

## INTRODUCTION

Wilmington Trust, National Association, as indenture trustee ("**Wilmington Trust**") for the $150 million of 7.5% Senior Notes due 2024 (the "**7.5% Notes**") issued by Overseas Shipholding Group, Inc. ("**OSG**") submits this Memorandum of Law in support of the payment of interest on interest owing to Holders of 7.5% Notes.[1]

On July 18, 2014, this Court confirmed the Plan.[2]  The Plan became effective on August 5, 2014.  Although the Plan treats the 7.5% Notes as unimpaired, and provides recoveries for junior classes of creditors and interest holders, the Plan does not provide for the payment of "interest on overdue interest" to the holders of the 7.5% Notes, see Plan § 3.2(h), as required pursuant to the 7.5% Notes Indenture (as herein defined), New York Law and 11 U.S.C. § 1123(d), which provides that "the amount necessary to cure [a] default shall be determined in accordance with the underlying agreement and applicable non-bankruptcy law".

## The 7.5% Notes Indenture

The 7.5% Notes were issued pursuant to an indenture dated March 7, 2003 (the "**Base Indenture**"), as amended and supplemented by a First Supplemental Indenture dated February 19, 2004 (the "**First Supplemental Indenture**," together with the Base Indenture, the "**7.5% Notes Indenture**"), each between OSG and Wilmington Trust.

---

[1] As a result of elections by Holders of 7.5% Notes for the 7.50% Notes Alternative Distribution available under the Plan (as hereinafter defined) Holders of $7,292,000 in principal amount of 7.5% Notes remain eligible to receive interest on overdue interest to the extent awarded by the Court.  The fact that other holders may have waived their right to seek interest on overdue interest is irrelevant to this dispute, as is any issue relating to the payment of Wilmington Trust's fees and expenses, including the fees and disbursements of its counsel.

[2] *First Amended Joint Plan of Reorganization of Overseas Shipholding Group, Inc., et al., Under Chapter 11 of the Bankruptcy Code* (the "**Plan**") [D.I. 3663].  See *Findings of Fact, Conclusions of Law and Order Confirming First Amended Joint Plan of Reorganization of Overseas Shipholding Group, Inc., et al., Under Chapter 11 of the Bankruptcy Code* [D.I. 3683].

1

48609785.1

Pursuant to the Base Indenture, securities could be issued in an unlimited aggregate

principal amount pursuant to one or more supplemental indentures. Section 301 of the Base

Indenture further provides that:

> There shall be established in or pursuant to a Board Resolution
> and . . . established in one or more indentures supplemental hereto,
> prior to the issuance of Securities of any series, . . .
>
> (19) any other terms of the series . . . .

Base Indenture § 301. Although the First Supplemental Indenture modified certain terms of the

Base Indenture, including covenants in Sections 1007, 1009, 1010 and 1011,[3] the First

Supplement Indenture made no changes to Section 503 of the Base Indenture.

Section 503 of the 7.5% Notes Indenture provides:

> The Company covenants that if [it defaults under the Indenture] the
> Company will, upon demand of the Trustee, pay to it, for the
> benefit of Holders of such Securities, the whole amount then due
> and payable on such Securities for principal and any premium and
> interest and, to the extent that payment of such interest shall be
> legally enforceable, interest on any overdue principal and premium
> and on any overdue interest, at the rate or rates prescribed therefor
> in such Securities . . . .

7.5% Notes Indenture § 503.

## ARGUMENT

I.    **The Debtors' Interpretation of the 7.5% Notes Indenture and 7.5% Note is
      Contrary to Controlling Law.**

   a)    The First Supplemental Indenture Did Not Change Section 503.

The First Supplemental Indenture did not vary the terms of Section 503 of the Base

Indenture, which provides for the payment of interest on overdue interest. Consequently, OSG

and its affiliated debtors (the "Debtors") concoct an argument that Section 503 merely gives

---

[3] Concerning maintenance of insurance, limitation on liens, limiting sale and leaseback transactions and limitations
on incurrence of indebtedness by restricted subsidiaries, respectively.

2

OSG the "option" to agree to pay interest on interest, if the "option" was exercised in the 7.5%

Note issued pursuant to the First Supplemental Indenture.

First and foremost, the "option" to pay interest on interest, if there is one at all, existed in

Section 301 of the Base Indenture, which permitted Section 503, and all of the other provisions

of Base Indenture, to be amended pursuant to the terms of the First Supplemental Indenture.  The

First Supplemental Indenture does not amend Section 503 of the Base Indenture, however, so

Section 503 of the 7.5% Notes Indenture requires OSG, by its terms, to pay interest on overdue

interest.

b) The Indenture Governs the Note.

The Debtors' argument that any obligation it may have to pay interest on overdue interest is

governed by the terms of the 7.5% Note, rather than by the terms of the 7.5% Notes Indenture, is

contrary to law and must be rejected.  An indenture governs the security issued under that

indenture; the security does not govern the indenture.[4]  Moreover, the 7.5% Note here

specifically provides that it is governed by the terms of the 7.5% Notes Indenture.  The reverse

of the 7.5% Note states,

> "[R]eference is hereby made to the Indenture for a statement of the
> respective rights, limitations of rights, duties and immunities
> thereunder of the Company, the Trustee and the Holders of the
> Securities."

7.5% Note, Joint Appendix, Ex. G.  Consequently, the Debtors' argument that the 7.5% Note

determines whether an alleged "option" to require the payment of interest on interest was

exercised is nonsensical because the 7.5% Note immediately and unequivocally refers the reader

right back to the 7.5% Notes Indenture for a statement of the Holders' rights, which include the

---

[4]The Trust Indenture Act of 1939, 15 U.S.C.§ 77aaa, et seq., specifically requires that any securities covered by the Trust Indenture Act, such as the 7.5% Notes, must be issued pursuant to an indenture.  If they are not, they may not be registered for sale. 15 U.S.C. § 77eee(b)(1).  Nor may they be sold as unregistered securities not issued under an indenture.  Id. § 77fff(a).

3

right to receive interest on overdue interest pursuant to Section 503 of the 7.5% Notes Indenture.

In re Smurfit-Stone Container Corp., 444 B.R. 111, 126 (Bankr. D. Del. 2011) ("[N]either

Wedlake nor the Indenture Trustee has cited case law indicating that New York law requires a

court to look solely to a note provision . . . when the note indicates that the indenture controls.").

Consequently, the only "option" in Section 503 is whether interest on overdue interest should

accrue at the same rate as interest on the principal balance of the 7.5% Notes or at a different

rate.  In the case of the 7.5% Notes, the same rate applies.

Although the Debtors assert that the phrase, "at the rate or rates prescribed therefor in

such Securities," (the "Rate Clause") refers only to the interest "on any overdue interest," the

Debtors are clearly mistaken.  The Rate Clause is set off by commas.  Consequently, the Rate

Clause modifies the entire list of items preceding it,[5] consisting of

> the whole amount then due and payable on such Securities for
> principal and any premium and interest and, to the extent that
> payment of such interest shall be legally enforceable, interest on
> any overdue principal and premium and on any overdue
> interest . . . .

7.5% Notes Indenture § 503.  Moreover, the use of the phrase "rate or rates" in the Rate Clause

also makes clear that the Rate Clause applies to the entire list of items preceding it, not just

"interest . . . on any overdue interest."  Indeed, there would not be a "rate or rates" for interest on

interest.  There would only be a single rate.

The Rate Clause provides that there could be a single interest rate for each of the items in

the list preceding the Rate Clause, or there could be different interest rates for different items in

the list.  If there were to be different interest rates for different items in the list, the 7.5% Note

---

[5] "[W]here there is a comma before a modifying phrase, that phrase modifies all of the items in a series and not just
the immediately preceding item." Stepnowski v. C.I.R., 456 F.3d 320, 324 (3d Cir. 2006); see Cracker Barrel Old
Country Store, Inc. v. Cincinnati Ins. Co., 499 F. App'x 559, 564 (6th Cir. 2012) ("The presence of a comma
separating a modifying clause . . . from the clause immediately preceding it is an indication that the modifying
clause was intended to modify all the preceding clauses and not only the last antecedent one.").

48609785.1

would have to specify what interest rate applied to each item in the list.  The form of note set forth in Section 202 of the Base Indenture was drafted to allow for the inclusion of different interest rates for different items in the list on which interest may accrue.  Because the form of note attached as Exhibit A to the First Supplemental Indenture applies the same 7.5% interest rate to all of the items on the list in Section 503 of the 7.5% Notes Indenture, however, there was no need to list the same rate numerous times for each item in the Section 503 list and those multiple rate references were obviously eliminated in favor of the single 7.5% rate set forth in the 7.5% Note for all of the items in the Section 503 list.

## II.    The Debtors' Argument Relies on Improper Parol Evidence Even That They Sought to Exclude From this Dispute

The Debtors previously sought to exclude parol evidence from this dispute, at least until this Court first determined whether there was an ambiguity in the Indenture.  See Ltr. from D. Abbott to J. Walsh (June 9, 2014) at 4.  [D.I. 3367].  Accordingly, over the objections of the Committee and the Indenture Trustees, the Court stayed discovery and agreed to limit its initial ruling to whether the four corners of the relevant indentures require the payment of interest on overdue interest.  See Tr. of Discovery Hr'g, June 13, 2014 at 36:9-38:4.  Now, however, the Debtors rely on parol evidence by comparing the indenture for the 8.125% Notes (the "8.125% Indenture") entered into in 2010 with the Bank of New York Mellon, as indenture trustee, with the indenture entered into in 2004 with Wilmington Trust.  Debtors' Mem.[6] at 9, 11-13.  Such a comparison is not only procedurally improper, but it has absolutely no relevance to whether the 7.5% Notes Indenture, on its face, requires payment of interest on overdue interest.  See, e.g., Eder Elec. Co. v. United States, 205 F. Supp. 305, 306 (E.D. Pa. 1962) ("We agree with the

---

[6] *Debtors' Memorandum of Law Regarding Certain Noteholders' Alleged Entitlement to Interest on Overdue Interest* [D.I. 3727] (the **"Debtors' Mem."**).

5

Board that the contract is not ambiguous: therefore, the prior contracts between the parties are not relevant to the interpretation of the present contract.").

Although the Debtors assert that no party to this dispute has asserted that there is any ambiguity in the Indentures which requires discovery and resort to parol evidence, Wilmington Trust made precisely that argument at the July 18 hearing in response to the Debtors' argument that Section 503 of the Indenture provides an "option" to be exercised by the manner in which the Note is drafted. There is nothing in Section 503 of the Indenture which even remotely refers to any "option" concerning the payment of interest on overdue interest, and it would be truly remarkable that the existence of an "option" in an indenture which never even mentions the word "option" would be exercised by the issuance of a note, the form of which is determined by, and attached as Exhibit A, to that very indenture.[7] Accordingly, if the Court is inclined to accept the Debtors' "option" argument, there is clearly an ambiguity and the Court must first allow discovery and schedule an evidentiary hearing.

### III.    New York Law Allows for Interest on Overdue Interest and Provides the Interest Rate Even if the Indenture Does Not.

New York Law provides for the payment of interest on overdue interest at New York's statutory rate of 9% if an indenture fails to so provide or fails to specify the rate of such interest.[8] CPLR 5004. The 7.5% Notes Indenture, like virtually all indentures, is governed by New York law. See Indenture § 112. In NML Capital v. Republic of Argentina, 17 N.Y.3d 250, 952 N.E.2d 482, 928 N.Y.S.2d 666 (2011), the New York Court of Appeals expressly held that "bondholders are entitled to prejudgment interest under CPLR 5001 on the unpaid biannual

---

[7] See First Supplemental Indenture and Exhibit A thereto.

[8] Although Article 3 of the N.Y. UCC may not apply to the 7.5% Notes to the extent they are considered "investment securities," pursuant to NY UCC 3-118(d), where the rate of interest on a note is not specified, New York Law applies the judgment rate at the place where the note is payable, which, in this case, is New York City. N.Y. UCC 3-118(d). Thus, the rate under the UCC for the payment of interest on overdue interest would be the New York judgment rate of 9%. Freeman v. Pristine Indus., Inc., 1995 WL 102829, at *2 (S.D.N.Y. Mar. 8, 1995).

48609785.1

interest payments that were due – but were not paid – after the loans were either accelerated or

matured on the due date." <u>NML Capital</u>, 17 N.Y.3d at 266.

## IV.   New York Law Not Only Permits, But Requires, Payment of Interest on Overdue Interest

The Debtors argue that New York Law strongly disfavors payment of interest on overdue

interest. Debtors' Mem. at 6. The Debtors are clearly wrong. New York law, expressly permits

the payment of interest on overdue interest. N.Y. GEN. OBLIG. § 5-527(1) (2014). N.Y. CPLR

5001 also provides for the payment of interest on overdue interest, as New York's highest court

so held in <u>NML Capital v. Republic of Argentina</u>.

Because the 7.5% Indenture is governed by, and construed in accordance with, New York

law, prejudgment interest is payable in accordance with New York law even though the claim is

enforced in Delaware. <u>See</u>, <u>e.g.</u>, <u>Tisch Family Found., Inc. v. Tex. Nat. Petroleum Co.</u>, 336 F.

Supp. 441, 443-45 (D. Del. 1972) (applying Texas prejudgment interest to breach of contract

claim where contract governed by Texas law); <u>Orion Refining Corp. v. Fluor Enters., Inc., (In re</u>

<u>Orion Corp.)</u>, 372 B.R. 688, 694, 703-04 (Bankr. D. Del. 2007) (applying Louisiana prejudgment

interest to breach of contract claim where contract governed by Louisiana law); <u>see also</u>

RESTATEMENT (Second) OF CONFLICT OF LAWS § 207 cmt. e (1971) ("The local law of the state

selected by [the parties] determines whether plaintiff can recover interest, and if so, the

rate . . .").

The Debtors attempt to skirt the decision in <u>NML Capital v. Republic of Argentina</u> by

arguing that CPLR 5001 only grants New York statutory interest for a "sum awarded." <u>See</u> <u>In re</u>

<u>Arcade Pub., Inc.</u>, 455 B.R. 373 (Bankr. S.D.N.Y. 2011). The <u>Arcade</u> decision, however,

involved different facts than are present here, and the <u>Arcade</u> court reached some questionable

legal conclusions in its effort to reach a particular result.

7

In Arcade, a trade creditor with a claim for publishing royalties sought to add prejudgment interest to its disputed, pre-petition claim in a partial payment case. Citing several state court cases, the Arcade court concluded that "N.Y. CPLR § 5001(a) requires that a verdict, judgment or decision be rendered in favor of the plaintiff in a breach of contract action before plaintiff is entitled to statutory interest under N.Y. CPLR § 5001(a)." Id. at 379-80. It is no surprise, however, that in the plenary state court actions for breach of contract cited by the Arcade court, those courts concluded that a verdict or judgment was required before interest on overdue interest could be awarded. After all, absent a finding of liability on the contracts in those plenary actions, those courts would have had no basis to issue any award at all.

Numerous courts, including bankruptcy courts, however, have applied CPLR 5001 to award interest in situations not involving plenary actions.[9] In addition, other states with similar judgment interest statutes permit the payment of interest in non-plenary actions.[10] Accordingly,

---

[9] See, e.g., In re Tender Loving Care Health Care Servs., Inc., No. 02-88020-AST, 2009 WL 5218598, at *1, *9-11 (Bankr. E.D.N.Y. Dec. 31, 2009) (awarding a claimant interest pursuant to CPLR 5001 for the liquidating trustee's failure to pay the consensually resolved unsecured claim under the confirmation plan). In re Sabre Shipping Corp., 299 F. Supp. 97, 101 (S.D.N.Y. 1969) (stating a bankruptcy referee could award New York statutory interest on a claim); In re Chavez, 381 B.R. 582, 594 (Bankr. E.D.N.Y. 2008) (awarding New York statutory interest on a claim estimation motion); Grosz v. Serge Sabarsky, Inc., 24 A.D.3d 264, 267 (N.Y. App. Div. 2005) (granting statutory interest on an arbitration award); In re Lafferty, 297 A.D.2d 469, 471 (N.Y. App. Div. 2002) (awarding statutory interest in an estate accounting proceeding).

[10] See Banks v. Gill Distrib. Ctrs., Inc., 263 F.3d 862, 872 (9th Cir. 2001); Jones v. Foster, 70 F.2d 200, 207 (4th Cir. 1934) (stating that Virginia statutory interest may be allowed for unliquidated damages); MGA Entm't, Inc. v. Hartford Ins. Grp., 869 F. Supp. 2d 1117, 1136 (C.D. Cal. 2012) (applying statutory judgment interest to equitable contribution claim); In re Cukierman, 242 B.R. 486, 491 (B.A.P. 9th Cir. 1999) (granting California statutory interest to unperformed lease obligations prior to rejection), rev'd in part, 265 F.3d 846 (9th Cir. 2001) (ruling that statutory interest was allowable but not entitled to priority); In re Flashcom, Inc., 495 B.R. 490, 514 (Bankr. C.D. Cal. 2013) (applying California statutory interest to a breach of a preference settlement); In re Welty, 355 B.R. 177, 181 (Bankr. N.D. Cal. 2006) (applying state statutory interest to claim); In re Cardian Mortgage Corp., 122 B.R. 255, 264 (Bankr. E.D. Va. 1990) (applying statutory interest in a constructive trust action); Kelly v. Redevelopment Auth. of Allegheny Cnty., 191 A.2d 393, 395 (Pa. 1963) (awarding interest in a condemnation action); Safway Steel Scaffolds of Va., Inc. v. Coulter, 94 S.E.2d 541, 548 (Va. 1956) (applying Virginia's judgment interest statute to an accounting action); Shackelford v. Shackelford, 571 S.E.2d 917, 922 (Va. Ct. App. 2002) (ruling that statutory interest applies to divorce decrees); City of Scranton v. Int'l Ass'n of Machinists & Aerospace Workers Lodge 2305, AFL-CIO, 505 A.2d 1121, 1124 (Pa. Commw. Ct. 1986) (affirming the grant of statutory interest on an arbitration award); Donald v. Chaney, 488 A.2d 971, 977 (Md. 1985) (ruling statutory interest applied to missed payment by purchasers at a foreclosure sale).

8

48609785.1

awarding the 7.5% Notes interest on overdue interest at the New York statutory rate is entirely
appropriate.

The Arcade court also concluded that

> "[a]llowance of a claim under Section 502 is not the same as a
> verdict or judgment in a plenary action in state court or bankruptcy
> court.  The procedure for allowance of claims is intended to be
> summary, not involving the more protracted procedures applicable
> in a plenary action.

Arcade, 455 B.R. at 373.  By its terms, however, N.Y. CPLR 5001(a) does not require the
existence of a plenary action in order to apply.  CPLR 5001(a) simply refers to "Actions in which
recoverable," and CPLR § 105(b) defines "action" to include a "special proceeding," which, in
New York, is a summary proceeding.  Lefkowitz v. McMillen, 394 N.Y.S.2d 107, 108 (3d Dep't
1977) ("CPLR 409 (subd. (b)) requires the court to make a summary determination of a special
proceeding.").  Consequently, the fact that a claims allowance procedure is summary, not
plenary, does not prohibit the award of interest on overdue interest pursuant to CPLR 5001 in a
bankruptcy case.[11]

Moreover, N.Y. CPLR § 104 provides that:

> the civil practice law and rules shall be liberally construed to
> secure the just, speedy and inexpensive determination of every
> civil judicial proceeding.

As a result, CPLR 5001 "has been interpreted generously." N.Y. Marine & Gen. Ins. Co. v. S/S
Ming Prosperity, 920 F. Supp. 416, 428 (S.D.N.Y. 1996).  Accordingly, CPLR 5001 should be
liberally construed to effectuate its purpose as described by the Court of Appeals in NML Capital
v. Republic of Argentina.

---

[11]The Plan specifically determined Wilmington Trust's right to the payment of principal and interest owing under
the 7.5% Notes Indenture and the 7.5% Notes.  Plan § 1.1; 3.2(h)(ii).

9

Finally, the Arcade court made clear its true concern that allowance of pre-judgment interest

to creditors who had not obtained a judgment "would distort equality of treatment of otherwise

similarly situated creditors; equity certainly does not counsel that result." Arcade, 455 B.R. at

383. Here, however, creditors are being paid in full under the Plan so the allowance of pre-

judgment interest in this case fosters, rather than detracts, from the policies of the Bankruptcy

Code. See 11 U.S.C. § 1124(2).[12]

Here, the 7.5% Notes and the 7.5% Notes Indenture have been reinstated under the Plan

pursuant to 11 U.S.C. § 1124(2). Accordingly, Holders of the 7.5% Notes are entitled to be

compensated for any actual pecuniary loss they have suffered in order to be rendered

unimpaired. NML Capital v. Republic of Argentina, 17 N.Y.3d at 266.[13] Consequently, an

award of interest on overdue interest fosters the purpose of N.Y. CPLR § 5001 as well as 11

U.S.C. § 1124(2) and clearly complies with 11 U.S.C. § 1123(d).

---

[12] The Debtors' argument that payment of interest on overdue interest will somehow result in a disparity of treatment among creditors is truly ridiculous. The Plan, which the Debtors proposed, and which has been confirmed, provides for the payment of interest on overdue interest to all holders of claims in Class D3 to the extent allowed by the Court. If Debtors believed the payment of interest on overdue interest would result in a disparity of treatment, they should not have proposed the Plan. Now that the Plan has been confirmed, however, its provisions must be followed and the interest on interest claims cannot be denied because the Debtors now feign concern over disparity of treatment of creditors who had different contractual or legal rights or chose not to assert them.

[13] The imposition of statutory interest on the unpaid interest payments compensates the bondholders for a different loss – the failure of the issuer to timely make the interest-only payments. If those interest payments had been made, the bondholders could have invested those funds, generating income. As a consequence of this default, plaintiffs are entitled to be compensated for the loss of the time value of that money – which can be accomplished only by awarding them statutory interest on the unpaid interest-only payments. Absent this component of damages, plaintiffs would be reimbursed only for their loss of use of the periodic interest payments, a separate injury.

48609785.1

Dated:  August 5, 2014
         Wilmington, Delaware

POLSINELLI PC

_/s/ Christopher A. Ward_____
Christopher A. Ward (Del. Bar No. 3877)
Jarrett Vine (Del. Bar. No. 5400)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
jvine@polsinelli.com

and

Edward M. Fox, Esq.
900 Third Avenue, 21st Floor
New York, NY 10022
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
efox@polsinelli.com

Counsel for Wilmington Trust, National
Association, as indenture trustee

11

48609785.1

**<u>EXHIBIT 98</u>**

EXHIBIT

14

exhibitsticker.com

# Exhibit C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Overseas Shipholding Group, Inc., *et al.* | ) | Case No. 12-20000 (PJW) |
|  | ) | Jointly Administered |
| Debtors.[1] | ) |  |
|  | ) | **Related Docket Nos.:**3683, 3727, 3753, 3756, 3758, 3787, 3829 |

## ORDER GRANTING CLAIMANTS' ENTITLEMENT
## TO INTEREST ON OVERDUE INTEREST

Upon the submissions of the Official Committee of Unsecured Creditors (D.I. 3756)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Overseas Shipholding Group, Inc. (7623); OSG International, Inc. (7117); OSG Bulk Ships, Inc. (2600); 1372 Tanker Corporation (4526); Africa Tanker Corporation (9119); Alcesmar Limited (5306); Alcesmar Limited (5307); Alpha Suezmax Corporation (1684); Alpha Tanker Corporation (6063); Amalia Product Corporation (3808); Ambermar Product Carrier Corporation (8898); Ambermar Tanker Corporation (7100); Andromar Limited (5312); Antigmar Limited (5303); Aqua Tanker Corporation (7408); Aquarius Tanker Corporation (9161); Ariadmar Limited (5301); Aspro Tanker Corporation (4152); Atalmar Limited (5314); Athens Product Tanker Corporation (9565); Atlas Chartering Corporation (8720); Aurora Shipping Corporation (5649); Avila Tanker Corporation (4155); Batangas Tanker Corporation (8208); Beta Aframax Corporation (9893); Brooklyn Product Tanker Corporation (2097); Cabo Hellas Limited (5299); Cabo Sounion Limited (5296); Caribbean Tanker Corporation (6614); Carina Tanker Corporation (9568); Carl Product Corporation (3807); Concept Tanker Corporation (9150); Crown Tanker Corporation (6059); Delphina Tanker Corporation (3859); Delta Aframax Corporation (9892); DHT Ania Aframax Corp. (9134); DHT Ann VLCC Corp. (9120); DHT Cathy Aframax Corp. (9142); DHT Chris VLCC Corp. (9122); DHT Rebecca Aframax Corp. (9143); DHT Regal Unity VLCC Corp. (9127); DHT Sophie Aframax Corp. (9138); Dignity Chartering Corporation (6961); Edindun Shipping Corporation (6412); Eighth Aframax Tanker Corporation (8100); Epsilon Aframax Corporation (9895); First Chemical Carrier Corporation (2955); First LPG Tanker Corporation (9757); First Union Tanker Corporation (4555); Fourth Aframax Tanker Corporation (3887); Front President Inc. (1687); Goldmar Limited (0772); GPC Aframax Corporation (6064); Grace Chartering Corporation (2876); International Seaways, Inc. (5624); Jademar Limited (7939); Joyce Car Carrier Corporation (1737); Juneau Tanker Corporation (2863); Kimolos Tanker Corporation (3005); Kythnos Chartering Corporation (3263); Leo Tanker Corporation (9159); Leyte Product Tanker Corporation (9564); Limar Charter Corporation (9567); Luxmar Product Tanker Corporation (3136); Luxmar Tanker LLC (4675); Majestic Tankers Corporation (6635); Maple Tanker Corporation (5229); Maremar Product Tanker Corporation (3097); Maremar Tanker LLC (4702); Marilyn Vessel Corporation (9927); Maritrans General Partner Inc. (8169); Maritrans Operating Company L.P. (0496); Milos Product Tanker Corporation (9563); Mindanao Tanker Corporation (8192); Mykonos Tanker LLC (8649); Nedimar Charter Corporation (9566); Oak Tanker Corporation (5234); Ocean Bulk Ships, Inc. (6064); Oceania Tanker Corporation (9164); OSG 192 LLC (7638); OSG 209 LLC (7521); OSG 214 LLC (7645); OSG 215 Corporation (7807); OSG 242 LLC (8002); OSG 243 LLC (7647); OSG 244 LLC (3601); OSG 252 LLC (7501); OSG 254 LLC (7495); OSG 300 LLC (3602); OSG 400 LLC (7499); OSG America LLC (2935); OSG America L.P. (2936); OSG America Operating Company LLC (5493); OSG Car Carriers, Inc. (1608);OSG Clean Products International, Inc. (6056); OSG Columbia LLC (7528); OSG Constitution LLC (8003); OSG Courageous LLC (2871); OSG Delaware Bay Lightering LLC (4998); OSG Discovery LLC (8902); OSG Endeavor LLC (5138); OSG Endurance LLC (2876); OSG Enterprise LLC (3604); OSG Financial Corp. (8639); OSG Freedom LLC (3599); OSG Honour LLC (7641); OSG Independence LLC (7296); OSG Intrepid LLC (7294); OSG Liberty LLC (7530); OSG Lightering Acquisition Corporation (N/A); OSG Lightering LLC (0553); OSG Lightering Solutions LLC

dated August 5, 2014, The Bank of New York Mellon ("BNY") (D.I. 3753) dated August 5, 2014, and Wilmington Trust, National Association ("Wilmington") (D.I. 3758) dated August 6, 2014 (collectively, the "Interest Briefs"), each filed pursuant to this Court's instructions at the hearing held on July 18, 2014 (the "Confirmation Hearing"), requesting an order finding that Holders[2] of Claims arising from (i) Notes with an aggregate principal amount of $100 million, bearing interest at the rate of 8.750% (the "8.750% Debentures Coupon Rate"), and maturing in 2013 (the "8.750% Debentures") issued pursuant to an indenture dated as of December 1, 1993 (the "8.750% Debentures Indenture") between OSG and The Chase Manhattan Bank, National Association, succeeded by BNY and (ii) Notes with an aggregate principal amount of $150 million, bearing interest at the rate of 7.500% (the "7.500% Notes Coupon Rate", and together with the 8.750% Debentures Coupon Rate, the "Coupon Rates"), and maturing in 2024 (the "7.500% Notes," and together with the 8.750% Debentures, the "Disputed Securities") issued pursuant to an indenture dated as of March 7, 2003 and a supplemental indenture dated as

---

(5698); OSG Mariner LLC (0509); OSG Maritrans Parent LLC (3903); OSG Navigator LLC (7524); OSG New York, Inc. (4493); OSG Product Tankers AVTC, LLC (0001); OSG Product Tankers I, LLC (8236); OSG Product Tankers II, LLC (8114); OSG Product Tankers, LLC (8347); OSG Product Tankers Member LLC (4705); OSG Quest LLC (1964); OSG Seafarer LLC (7498);OSG Ship Management, Inc. (9004); OSG Valour Inc. (7765); Overseas Allegiance Corporation (7820); Overseas Anacortes LLC (5515); Overseas Boston LLC (3665); Overseas Diligence LLC (6681); Overseas Galena Bay LLC (6676); Overseas Houston LLC (3662); Overseas Integrity LLC (6682); Overseas Long Beach LLC (0724); Overseas Los Angeles LLC (5448); Overseas Martinez LLC (0729); Overseas New Orleans LLC (6680); Overseas New York LLC (0728); Overseas Nikiski LLC (5519); Overseas Perseverance Corporation (7817); Overseas Philadelphia LLC (7993); Overseas Puget Sound LLC (7998); Overseas Sea Swift Corporation (2868); Overseas Shipping (GR) Ltd. (5454); Overseas ST Holding LLC (0011); Overseas Tampa LLC (3656); Overseas Texas City LLC (5520); Pearlmar Limited (7140); Petromar Limited (7138); Pisces Tanker Corporation (6060); Polaris Tanker Corporation (6062); Queens Product Tanker Corporation (2093); Reymar Limited (7131); Rich Tanker Corporation (9147); Rimar Chartering Corporation (9346); Rosalyn Tanker Corporation (4557); Rosemar Limited (7974); Rubymar Limited (0767); Sakura Transport Corp. (5625); Samar Product Tanker Corporation (9570); Santorini Tanker LLC (0791); Serifos Tanker Corporation (3004); Seventh Aframax Tanker Corporation (4558); Shirley Tanker SRL (3551); Sifnos Tanker Corporation (3006); Silvermar Limited (0766); Sixth Aframax Tanker Corporation (4523); Skopelos Product Tanker Corporation (9762); Star Chartering Corporation (2877); Suezmax International Agencies, Inc. (4053);Talara Chartering Corporation (3744); Third United Shipping Corporation (5622); Tokyo Transport Corp. (5626); Transbulk Carriers, Inc. (6070); Troy Chartering Corporation (3742); Troy Product Corporation (6969); Urban Tanker Corporation (9153); Vega Tanker Corporation (3860); View Tanker Corporation (9156); Vivian Tankships Corporation (7542); Vulpecula Chartering Corporation (8718); Wind Aframax Tanker Corporation (9562). The mailing address of the Debtors is: 666 3rd Avenue, New York, NY 10017.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' First Amended Joint Plan of Reorganization (D.I. 3663) (the "Plan").

of February 19, 2004 (the "7.500% Notes Indenture" and the "7.500% Notes Supplemental

Indenture", and together with the 8.750% Debentures Indenture, the "Disputed Indentures")

between OSG and Wilmington are entitled to interest on overdue interest accrued under the

Disputed Securities and Disputed Indentures ("Interest on Overdue Interest") as part of such

Holders' Claims (the "Relief"); and the Court having subject matter jurisdiction to consider the

Interest Briefs and the Relief requested therein in accordance with 28 U.S.C. §§ 157(b) and 1334;

and consideration of the Interest Briefs and the Relief requested therein being a core proceeding

as defined in 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Interest Briefs having been provided

according to the terms of the Court's instruction; and the Debtors having submitted a

memorandum of law (D.I. 3727) dated July 29, 2014, and an omnibus response dated August 12,

2014 (D.I. 3787) to the Interest Briefs (together, the "Debtors' Memoranda"), to the Court in

accordance therewith; and it appearing that no other or further notice need be provided; and the

Court having considered the Debtors' Memoranda; and the Court having considered the

arguments of counsel with respect to the Interest Briefs and the Debtors' Memoranda at a hearing

before the Court on August 14, 2014 (the "Interest Hearing"); and upon the record of the Interest

Hearing, the Confirmation Hearing and the objections and responses submitted in connection

therewith, and all of the proceedings had before the Court; and the Court having found and

determined that the Relief granted by this Order is in the best interests of the Debtors, their

estates and creditors, and all parties in interest; and that the legal and factual bases set forth in the

Interest Briefs and at the Interest Hearing establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY FOUND that:

     1.     Holders of Claims arising from Disputed Securities are entitled to Interest on

Overdue Interest under the unambiguous terms of the Disputed Indentures and Disputed

Securities.

IT IS HEREBY ORDERED that:

1.    The Relief is GRANTED as set forth herein.  The Debtors' Memoranda, to the extent not resolved or withdrawn, are overruled.

2.    Holders of Claims arising from the Disputed Securities and Disputed Indentures other than those Holders of 7.500% Notes who elected the 7.500% Notes Alternative Distribution with respect to the Election 2 Notes are entitled to payment of Interest on Overdue Interest, compounded on each interest payment date under the Disputed Securities, at the Coupon Rates, accruing through the date of payment of such Interest on Overdue Interest, provided that, in the case of Holders of Election 1 Notes, such interest shall accrue through August 5, 2014.

3.    Unless otherwise agreed by the Debtors and such Holders, the Debtors are required to pay such Interest on Overdue Interest to the Holders of Claims arising from the Disputed Securities and Disputed Indentures as soon as possible in accordance with the Plan.

4.    Notwithstanding any Bankruptcy Rule (including, without limitation, Bankruptcy Rule 6004(h)) that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order, and shall not be stayed.

5.    The provisions and effect of this Order, any actions taken pursuant to this Order and the respective rights, obligations, remedies and protections provided for herein and therein shall survive the conversion, dismissal or closing of these cases, appointment of a trustee herein (or after conversion of any of these cases to cases under chapter 7 of the Bankruptcy Code) or the substantive consolidation of these cases with any other case or cases, and the terms and

#29794443 v1

4

provisions of this Order shall continue in full force and effect notwithstanding the entry of any such order.

      6.    The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2014
Wilmington, Delaware

                              THE HONORABLE PETER J. WALSH
                              UNITED STATES BANKRUPTCY JUDGE