# **<u>Exhibit A</u>**



# SHAW KELLER
## LLP

Karen E. Keller
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
(302) 298-0702 – Direct
kkeller@shawkeller.com

January 20, 2015

**BY E-MAIL**

TO ALL COUNSEL

    Re:    *In Re Nortel Networks Inc., et al.*, Case No. 09-10138 (KG) (D. Del. Bankr.)

To All Interested Parties:

    I have been appointed by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") to serve as Discovery Mediator, on an as-needed basis, concerning current and/or future disputes involving third-party discovery against the Debtors in the matter *In re Nortel Networks, Inc., et al.*, Case No. 09-10138 (KG).[1] The purpose of this letter is to set forth the formal terms of this appointment and to memorialize in writing any interested parties'[2] consent to certain potential or existing conflicts of interest.

    1.    <u>Scope of Appointment</u>.  On December 8, 2014, the Bankruptcy Court entered an Order Approving Second Discovery Protocol in Connection with Order Extending Automatic Stay and Regulating Third-Party Discovery (the "Order"). Exhibit A to the Order is a "Second Discovery Protocol" that establishes terms and conditions under which third parties will be permitted to seek discovery from debtor Nortel Networks Inc. ("Nortel") in connection with

---

[1] Debtors in the above-identified Chapter 11 case, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

[2] The only Debtor entity from which discovery has been sought to date is Nortel Networks Inc., and therefore that is the only Debtor entity that is presently a party to this agreement. Further, in view of pending settlements, many of the parties who previously served third-party discovery requests on Nortel do not presently have an interest in this matter. The following parties are presently seeking third-party discovery from Nortel in accordance with the terms of the Second Discovery Protocol: Aruba Networks, Inc.; Belkin International, Inc.; Cisco Systems, Inc.; Netgear Inc.; VTech Communications Inc.; and VTech Telecommunications Ltd.

{00033261}

litigations involving patents that Nortel sold to Rockstar Bidco, LP on June 30, 2011, and it is contemplated that the same procedures could be applied to third-party discovery of Nortel in connection with other litigations involving other patents formerly owned by Nortel. In general, the Second Discovery Protocol establishes a regime under which disputes concerning the scope and/or timing of discovery and/or responsibility for the cost of such discovery shall first be the subject of negotiation between the interested parties. If the parties are unable to reach agreement, they will enlist the services of the Discovery Mediator, who will attempt to mediate an agreement. If the parties are still unable to agree, the Bankruptcy Court will then resolve the dispute.

2. <u>Fees and Disbursements</u>. Ms. Keller will charge for her services as Discovery Mediator pursuant to the Order at her current hourly billable rate of $650 per hour. To the extent Ms. Keller requires the assistance of more junior attorneys, paralegals, or legal assistants in order to more cost-effectively complete her duties, such individuals shall also bill at their current hourly billable rate, not to exceed Ms. Keller's rate. The hourly rates of paralegals and legal assistants at this firm are $150 per hour. Out of pocket disbursements charged by third parties for services performed for the benefit of these matters are reimbursable by the parties and will not be subject to any markup by Shaw Keller LLP. Such disbursements include, by way of illustration but not limitation, outside duplication and scanning, and teleconference fees. Shaw Keller LLP as a matter of policy does not seek reimbursement for firm expenses such as long distance telephone, scanning, or photocopying performed in-house.

3. <u>Monthly Billing</u>. Ms. Keller shall send statements for services and expenses directly to counsel for Nortel and the other parties involved in the mediation at the conclusion of each dispute presented for mediation or, at Ms. Keller's option, periodically (*e.g.*, monthly) if the dispute is pending for an extended period of time. Such statements will include an itemized list of all legal services performed and a summary of all disbursements. To facilitate any agreed or court-ordered cost-sharing between or among Nortel, a party requesting discovery, and/or a party who owns or is asserting a patent in a litigation for which discovery is sought, Ms. Keller shall treat each dispute presented to her as a separate matter for billing purposes.

4. <u>Apportionment of Fees.</u> For each dispute presented for resolution, Ms. Keller shall recommend an apportionment of the fees and expenses of Ms. Keller and Shaw Keller LLP among the parties involved in the dispute in accordance with her duties as Discovery Mediator. If the involved parties agree with Ms. Keller's recommendation, each party shall remit its share of the fees and expenses promptly, and the parties are expected to cooperate with one another in order to reduce the number of separate payments submitted to Ms. Keller to the maximum extent practicable. If the involved parties do not agree with Ms. Keller's recommended apportionment, Ms. Keller shall promptly bring the disagreement to the attention of the Bankruptcy Court for resolution, and her fees for doing so shall be apportioned as determined by the Bankruptcy Court.

5. <u>Conflicts of Interest</u>. This representation is limited to Ms. Keller acting as Discovery Mediator in connection with third-party discovery disputes as described above. Shaw Keller LLP, Karen E. Keller, Nortel, and all other parties to this retention agreement, as reflected

{00033261}

by the signatures below, understand that Shaw Keller LLP currently represents the following third parties associated with the above-referenced matter in unrelated litigation: HTC Corporation; LG Electronics Inc.; LG Electronics Mobilecomm USA Inc.; Samsung Electronics America, Inc.; Samsung Electronics Co., Ltd.; and Samsung TeleCommunications America, LLC. The parties, Ms. Keller, and Shaw Keller LLP believe there is no significant risk that the representation of one or more of those parties in unrelated litigation has or will materially limit, or has or will be materially limited by, Ms. Keller's responsibilities as Discovery Mediator in this matter. The parties hereby consent to such representations and to any existing or potential conflict arising from or related to such representations. The parties further consent that Shaw Keller LLP and its attorneys may through the course of this engagement represent the same or other third parties in new matters unrelated to the litigation(s) in connection with which Ms. Keller serves as Discovery Mediator. The parties, Ms. Keller, and Shaw Keller LLP believe there is no significant risk that the representation of one or more such third parties in such other unrelated matters has or will materially limit, or has or will be materially limited by, Ms. Keller's responsibilities as Discovery Mediator in this matter. The parties hereby consent to such representations and to any existing or potential conflict arising from or related to such representations.

6. <u>Addition of Interested Parties</u>. It is contemplated that new third-party discovery requests may be served on Nortel in the future. To the extent any such new discovery request is to be governed by the terms of the Second Discovery Protocol, whether by agreement of Nortel and the requesting party or by further order of the Bankruptcy Court, Nortel shall secure the requesting party's consent to the terms of this agreement and shall forward an appropriately executed copy of this agreement to Ms. Keller.

7. <u>Conclusion of the Engagement</u>. When this engagement concludes for any reason, the parties remain obligated to pay all fees and expenses incurred by Ms. Keller and/or Shaw Keller through and including the date of termination. Within a reasonable time after the conclusion of this engagement, we will destroy or otherwise dispose of any documents or other materials retained by us, without further notice to the parties. Typically, we will dispose of client files in roughly three and one-half years unless otherwise required to do so by court order following the conclusion of the engagement, except for our work product and our files that the applicable rules of professional responsibility require us to maintain for a longer period.

\* \* \*

If the parties are agreeable to retaining Ms. Keller to serve as Discovery Mediator on the terms set forth in this engagement letter, please execute this engagement letter and return a copy to the undersigned.

Very truly yours,

*Karen E. Keller*
Karen E. Keller

{00033261}

Agreed to by:

NORTEL NETWORKS INC.

_____
Name: Timothy Ross
Title: Chief Financial Officer
Date: 1-21-15

Agreed to by:

ARUBA NETWORKS, INC.

_____
Name:
Title:
Date:

Agreed to by:

BELKIN INTERNATIONAL, INC.

_____
Name:
Title:
Date:

Agreed to by:

CISCO SYSTEMS, INC.

_____
Name:
Title:
Date:

SHAW KELLER LLP
*In re Nortel Networks Inc.* (Case No. 09-10138 (KG))
Page 5

Agreed to by:

NETGEAR INC.

_____
Name:
Title:
Date:

Agreed to by:

VTECH COMMUNICATIONS INC.
VTECH TELECOMMUNICATIONS LTD.

_____
Name:
Title:
Date:

Agreed to by:

_____
Name:
Title:
Date:

{00033261}