UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING TWENTY-THIRD QUARTERLY FEE APPLICATION OF ERNST & YOUNG LLP

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Twenty-Third Quarterly Fee Application of Ernst & Young LLP ("Application"), for the period from August 1, 2014 through October 31, 2014, seeking approval of fees that total $1,661,210.00 and reimbursement of expenses that total $12,226.00. Ernst & Young, LLP ("E & Y") is indirect tax service advisor to the debtors.

## Background

1.  Master, Sidlow & Associates, P.A. reviewed the firm's monthly fee statements and the Application, including each of the billing and expense entries shown in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2.  Ernest & Young provides services under a Tax Services Agreement. According to the *Order Modifying the Engagement of Ernst &Young LLP Nunc Pro Tunc to December 30, 2013* (Doc 12862 Filed 1/24/14), the Tax Services Agreement was modified to provide for a fixed fee of $3,900,000 for the 2014 EY Core Services. The order indicates that the fixed fee is approved as reasonable pursuant to the standards of section 328(a) of the Bankruptcy Code, and

shall not be subject to review under the standards set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee.

3. The thirty-second interim application requested payment for a fixed fee installment of $350,000.00 plus payment of additional fees of $387,155.00. The thirty-third interim application requested payment for a fixed fee installment of $350,000.00 plus additional fees of $123,688.00. The thirty-fourth interim application requested payment for a fixed fee installment of $350,000.00 plus additional fees of $100,367.00. The applications included an estimate of total hours billed without detail for the fixed fee portion and detail for the additional compensation requested (Out-of Scope Services). Comments regarding our review of fees relate only to the non-fixed fee services.

4. Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to Ernst & Young, LLP and the firm provided a written response to that report. After consideration of the firm's responses to the preliminary report, Master, Sidlow & Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings
## Recomputation of Fees and Expenses

5. Master, Sidlow & Associates, P.A. recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rate. The recomputation of fees did not reveal any discrepancies.

## Review of Fees

6. **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: … (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under Title 11."

The Application provides the name, position, and hourly rate of each timekeeper.

The firm billed a total of approximately 3,031.50 hours with associated fees of $1,661,210.00 ($1,050,000.00 in fixed fees). The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Fixed fee | ~2,032.30 | 67% | $1,050,000.00 | 63% |
| Ntl Partner | 149.50 | 5% | 104,650.00 | 6% |
| Partner | 241.20 | 8% | 156,748.00 | 10% |
| Ntl Exec Director | 75.90 | 3% | 53,130.00 | 3% |
| Exec Director | 308.60 | 10% | 200,590.00 | 12% |
| Sr. Manager | 45.10 | 1% | 25,482.00 | 2% |
| Manager | 113.70 | 4% | 52,871.00 | 3% |
| Senior | 34.80 | 1% | 11,659.00 | 1% |
| Staff | 30.40 | 1% | 6,080.00 | |
| TOTAL | ~3,031.50 | 100% | $1,661,210.00 | 100% |

The blended hourly rate for the E&Y professionals is $547.98.

7. **Hourly Rate Increases.** E&Y did not increase the hourly rates of any timekeepers during the Application period.

8. **Complete and Detailed Task Descriptions.** Local Rule 2016-2 (d) states "…activity descriptions…shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. A description of correspondence should identify the correspondent and the subject of the correspondence. Similarly, a description for preparation of pleadings should identify the pleading drafted or revised. Activity descriptions for legal research should include the issues researched and the purpose of the research. The activity description

must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level. Activity descriptions referencing conferences should include the name of the person(s) with whom the communication was held and the subject or purpose of the communication. Master, Sidlow & Associates, P.A. found the activity descriptions in the Application to be sufficiently detailed.

9.  **Timing of Fees.** The preliminary report noted that Footnote 3 to the thirtieth-second interim application indicates "As an accommodation to the Debtors, E&Y LLP provides the Debtors with an advanced copy of its billing statements before filing any fee application or otherwise seeking approval of such fees from the Court. As a result, E&Y LLP is often unable to file the interim fee applications for its hourly fees and expenses, together with the fee applications for its fixed fee invoices. However, E&Y LLP continues to file its interim fee applications, in good faith, as soon as it is able to do so."

10. **Travel.** Local Rule 2016-2(d) (viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates…" E&Y's detail time entries indicate that travel time is invoiced at 50% of standard.

11. **Ernst & Young, LLP Retention/Compensation.** Master, Sidlow & Associates, P.A. did not identify any separately stated entries related to the retention and compensation of E&Y in its Compensation by Project Category schedule for the Application period.

## Review of Expenses

12. **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include … Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred."

E&Y provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

13. **Photocopies.** Local Rule 2016-2(e) (iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page)…" E&Y did not request reimbursement for photocopies in the Application.

14. **Computer – Assisted Legal Research.** Local Rule 2016(e) (iii) states "The motion shall state … computer-assisted legal research charges (which shall not be more than the actual cost) …." E&Y did not request reimbursement for computer-aided legal research in the Application.

15. **Facsimile.** Local Rule 2016-2(e) (iii) states "The motion shall state … outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)." E&Y did not request reimbursement for facsimile charges in the Application.

16. **Travel Expenses – Airfare.** The Preliminary Report noted that Exhibit C to the Thirty-Third Interim Application requests reimbursement for Travel Expenses – Airfare in the amount of $2,086.00 without indication of travel class. In its response the firm confirmed that all airfare was purchased at economy.
    Master, Sidlow & Associates, P.A. does not recommend any reduction in reimbursement of expenses for this matter.

17. **Travel Expenses – Lodging.** The preliminary Report noted that Exhibit C to the Thirty-Fourth Interim Application requests reimbursement for Travel Expenses – Lodging for four nights in New York City in excess of $525 per night. In its response the firm indicated that they are willing to forfeit expense reimbursement for any hotel expenses above the $525 threshold in NY.
    Master, Sidlow & Associates, P.A. recommends reduction of $382.52 in reimbursement of expenses for this matter.

18.  **Timing of Expenses.**  The preliminary report noted that Footnote 2 to the thirty-third interim application indicates "Due to a technical error in E&Y's system, E&Y LLP did not include expenses from prior Compensation periods in its prior fee applications. Accordingly, this Fee Application seeks approval for the reimbursement of expenses incurred prior to this Compensation Period."

## Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the Twenty-Third Quarterly Fee Application of Ernst & Young LLP and the fees and expenses requested therein. Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $1,661,210.00 and reimbursement of expenses that total $11,843.48 for the period from August 1, 2014 through October 31, 2014, less any interim payments received by Ernst & Young LLP for fees and expenses under fee applications. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: _____
Judith M. Scarborough, CPA, CVA, CFF

2002 West 14th Street
Wilmington, DE 19806
Telephone:  (302) 652-3480
Facsimile:  (302) 656-8778
jscarborough@mastersidlow.com

Fee Examiner

## APPENDIX A

ERNST & YOUNG LLP
SUMMARY OF FINDINGS
23RD QUARTERLY FEE APPLICATION (AUGUST 1, 2014 through OCTOBER 31, 2014)

**A.** **Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $ 1,661,210.00 | |
| Expenses Requested | 12,226.00 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $ 1,673,436.00 |
| | | |
| Fees Computed | $ 1,661,210.00 | |
| Expenses Computed | 11,843.48 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $ 1,673,053.48 |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $ 382.52 |

**B.** **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---:|---:|
| Fees Requested | $ 1,661,210.00 | |
| RECOMMENDED FEE ALLOWANCE | | $ 1,661,210.00 |
| | | |
| Expenses Requested | 12,226.00 | |
| Recommended Reduction | (382.52) | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 11,843.48 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $ 1,673,053.48 |