IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------X
                                               :
In re                                          :        Chapter 11
                                               :
Nortel Networks Inc., et al.,¹                 :        Case No. 09-10138 (KG)
                                               :
                          Debtors.             :        Jointly Administered
                                               :
                                               :        Re: D.I.'s 9362, 9412, 9418, 9441, 9451, 9641, 10016, 10484,
                                               :        11201, 11821, 12504, 13237, 13240, 13250
----------------------------------------------------------X
```

**SCHEDULING ORDER FOR HEARING ON MOTION OF AD HOC COMMITTEE OF
CANADIAN EMPLOYEES TERMINATED PRE-PETITION FOR ENTRY OF AN
ORDER ALLOWING LATE FILED CLAIMS**

WHEREAS, on February 1, 2013, the members of an ad hoc committee of Canadian employees terminated pre-petition (the "Ad Hoc Committee") filed the *Motion Of Ad Hoc Committee Of Canadian Employees Terminated Pre-Petition For Entry Of An Order Allowing Late Filed Claims* [D.I. 9362] (the "Motion");

WHEREAS, on February 12, 2013, Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors") filed the *U.S. Debtors' Objection To The Motion Of The Ad Hoc Committee Of Canadian Employees Terminated Pre-Petition For Entry Of An Order Allowing Late Filed Claims* [D.I. 9412];

WHEREAS, on February 13, 2013, the Official Committee of Unsecured Creditors of Nortel Networks Inc., et al. (the "Committee") filed the *Joinder Of The Official Committee Of*

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

*Nortel Networks Inc., Et Al. To The Debtors' Objection To The Motion Of The Ad Hoc*
*Committee Of Canadian Employees Terminated Pre-Petition For Entry Of An Order Allowing*
*Late Filed Claims* [D.I. 9418];

      WHEREAS, on February 15, 2013, Ernst & Young, Inc., the court-appointed monitor
(the "Monitor") filed the *Statement And Reservation Of Rights Of The Monitor On Behalf Of The*
*Canadian Nortel Debtors In Relation To The Motion Of The Ad Hoc Committee Of Canadian*
*Employees Terminated Pre-Petition For Entry Of An Order Allowing Late Filed Claims* [D.I.
9441];

      WHEREAS, on February 19, 2013, the ad hoc group of bondholders in the Debtors'
chapter 11 case (the "Bondholder Group") filed the *Joinder Of Nortel Ad Hoc Group Of*
*Bondholders To U.S. Debtors' Objection To Motion For Entry Of An Order Allowing Late-Filed*
*Claims* [D.I. 9451];

      WHEREAS, on March 13, 2013, this Court entered the *Order Approving Stipulation And*
*Agreement Governing Production, Exchange And Filing Of Confidential Materials Related To*
*The Motion Of The Ad Hoc Committee Of Canadian Employees Terminated Pre-Petition For*
*Entry Of An Order Allowing Filing Of Claims After The Bar Date [D.I. 9362]* [D.I. 9641], which
order approved a stipulation regarding the treatment of confidential materials in connection with
discovery with respect to the Motion between the Debtors, the Ad Hoc Committee of Canadian
Employees, the Committee and the Bondholder Group;

      WHEREAS, the Debtors and the Ad Hoc Committee of Canadian Employees thereafter
negotiated the discovery schedule with respect to the Motion and the Court so ordered such
schedule on April 9, 2013 in the *Order Approving The Stipulated Protocol Regarding Discovery*
*With Respect To The Issue Of "Excusable Neglect" In Connection With The Motion Of The Ad*

*Hoc Committee Of Canadian Employees Terminated Pre-Petition For Entry Of An Order Allowing Filing Of Claims After The Bar Date* [D.I. 10016] (the "Discovery Order").  The Discovery Order was subsequently amended on May 10, 2013, [D.I.10484], July 24, 2013 [D.I. 11201], October 7, 2013 [D.I. 11821], and November 26, 2013 [D.I. 12504];

WHEREAS, pursuant to the Discovery Order, the Debtors and the Committee deposed 14 of the members of the Ad Hoc Committee between February 3 and February 14, 2014;

WHEREAS, on March 27, 2014, the Ad Hoc Committee filed the *Supplemental Memorandum In Support Of Motion Of Ad Hoc Committee Of Canadian Employees Terminated Pre-Petition For Entry Of An Order Allowing Claims To Be Filed After The Bar Date (Related To Document Numbers 9362, 9412, 9418, 9441)* [D.I. 13240] (the "Supplemental Memorandum");

WHEREAS, on March 28, 2014, the Ad Hoc Committee submitted the *Letter To The Honorable Kevin Gross From Rachel B. Mersky, Esq. Regarding Supplemental Brief And Re-Noticed Hearing* [D.I. 13244] seeking to schedule oral argument on the Motion for April 22, 2014;

WHEREAS, on March 31, 2014, the Debtors submitted the *Letter To The Honorable Kevin Gross Re Canadian Claims* [D.I. 13245] objecting to the Ad Hoc Committee's proposed schedule;

WHEREAS, on March 31, 2014, the Court entered the *Order Denying Request For Oral Argument At This Time* [D.I. 13250] (the "Order") denying the Ad Hoc Committee's request to set the Motion for hearing on April 22, 2014, and ordering that argument would not be scheduled until after the conclusion of the Allocation Trial (as defined in the Order);

WHEREAS, the Allocation Trial concluded on September 24, 2014;

WHEREAS, the parties have agreed on a schedule to proceed with the Motion;

NOW THEREFORE, **IT IS HEREBY ORDERED**, that the following dates, deadlines and limitations herein shall apply to the Hearing (as defined below):[2]

1. <u>**Nature of Proceeding**</u>:  The Hearing shall be conducted as an evidentiary hearing and treated as a contested matter pursuant to Bankruptcy Rule 9014.

2. <u>**Further Submissions**</u>:  All responses to the Motion shall be filed no later than February 24, 2015.  The Ad Hoc Committee may file a reply in further support of the Motion no later than March 16, 2015.

3. <u>**Hearing Date**</u>:  The proceeding on the Motion shall commence on March 26, 2015, at 10:00 a.m. (the "<u>Hearing</u>").

4. <u>**Witness Disclosure Deadline**</u>:  Direct testimony at the Hearing may be presented by live testimony, declaration or affidavit ("<u>Direct Testimony</u>").  On or before March 13, 2015, the Ad Hoc Committee shall serve upon the Debtors the Ad Hoc Committee's list of witnesses expected to testify on the Ad Hoc Committee's behalf at the Hearing and the form of Direct Testimony (live or declaration/affidavit).  On or before March 17, 2015, the Debtors shall serve upon the Ad Hoc Committee the Debtors' list of witnesses expected to testify on the Debtors' behalf at the Hearing and the form of Direct Testimony (live or declaration/affidavit).  Each party shall file with the Court their final list of witnesses no later than March 25, 2015, at 10:00 a.m.

5. <u>**Testimony at Hearing**</u>:  Any witness who submits Direct Testimony in any form (live or declaration/affidavit) shall be subject to live, in-person cross-examination. On or before March 18, 2015, the Ad Hoc Committee shall serve upon the Debtors all declarations or affidavits that it intends to use for Direct Testimony, with a courtesy copy to the Court.  On or before March 23, 2015, the Debtors shall serve upon the Ad Hoc Committee all declarations or affidavits that it intends to use for Direct Testimony, with a courtesy copy to the Court.  In addition to the foregoing, any party may submit testimony from any deponent as direct or cross-examination, provided that the Ad Hoc Committee shall serve all such designations upon the Debtors by March 13, 2015, and that the Debtors shall serve all such designations (except with respect to live witnesses) upon the Ad Hoc Committee by March 23, 2015.  In connection with the use of deposition testimony, Movants waive all evidentiary objections; non-Movants waive all objections as to the deponent's availability.

6. <u>**Hearing Exhibits**</u>:  On or before March 18, 2015, the Ad Hoc Committee shall serve the Debtors with copies of all exhibits, other than those which may be used

---

[2]      All references to the Debtors in paragraphs 1-9 of this Order shall apply to and include the Official Committee of Unsecured Creditors.

for cross-examination.  On or before March 23, 2015, the Debtors shall serve the Ad Hoc Committee with copies of all exhibits, other than those which may be used for cross-examination.  The parties shall submit a joint exhibit list and set of exhibits to the Court's chambers on March 24, 2015, at 12:00 noon, with each party being responsible for providing two copies of its designated exhibits for inclusion in joint exhibit binders to local counsel for the Debtors no later than March 23, 2015, at 4:00 p.m.

7.   **No Waiver**.  Nothing contained in this Order shall waive the Debtors' right to demand that each of the Movants (as defined in the Motion) bears the burden of making an individualized showing of excusable neglect.

8.   **Jurisdiction**:  The Court shall retain jurisdiction to decide all issues relating to this Scheduling Order.

9.   **Modification of the Scheduling Order**:  Deadlines contained in this scheduling order may be extended by joint agreement of the parties or by the Court for good cause shown.  Nothing herein shall prevent any party from requesting that a request for a deadline extension be made by written request.

Dated: Feb. 9        , 2015
       Wilmington, DE

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE