IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X
:
*In re*                                                      :   Chapter 11
:
Nortel Networks Inc., *et al.*,                              :   Case No. 09-10138 (KG)
:
　　　　　　　　　　　　　Debtors.¹                          :   Jointly Administered
:
:   **Hearing date: March 26, 2014 at 10:00 am (ET)**
:
------------------------------------------------------------ X   **RE: D.I. 9362, 9412, 9418, 13240, 13244, 15161, 15163, 15228**

### JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC, <u>ET</u> <u>AL.</u> TO THE U.S. DEBTORS' SUPPLEMENTAL OBJECTION TO THE MOTION OF AD HOC COMMITTEE OF CANADIAN EMPLOYEES TERMINATED PRE-PETITION FOR ENTRY OF AN ORDER ALLOWING LATE FILED CLAIMS

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Nortel Networks Inc. ("<u>NNI</u>") and certain of its U.S. affiliates, as debtors and debtors in possession (collectively, the "<u>U.S. Debtors</u>"), by and through its undersigned counsel, hereby joins (the "<u>Joinder</u>") in the *U.S. Debtors' Supplemental Objection to the Motion of Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Late Filed Claims* [ECF No. 15214] (the "<u>U.S. Debtors' Supplemental Objection</u>"),² and requests that this Court deny the relief requested in the *Motion of Ad Hoc Committee of Canadian Employees Terminated Pre-*

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) ("<u>NN CALA</u>").

² Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the U.S. Debtors' Supplemental Objection.

1

*Petition for Entry of an Order Allowing Late Filed Claims* [ECF No. 9362] (the "Late-Filed Claims Motion"). In support of the Joinder, the Committee respectfully submits as follows:

## PRELIMINARY STATEMENT

1. By the Late-Filed Claims Motion, the ad hoc committee (the "Ad Hoc Canadian Employees Committee") of Canadian employees terminated pre-petition (the "Alleged Claimants") asks this Court to exercise its equitable authority to allow an indeterminate number of former employees of the Canadian Debtors to file proofs of claim against the U.S. estates more than three years after the Bar Date has passed. As set forth in the U.S. Debtors' Initial Objection (as defined herein) and the U.S. Debtors' Supplemental Objection, the requested relief must be denied for numerous reasons, each of which the Committee supports. Opening up the floodgates to late-filed claims, which the granting of the relief requested in the Late-Filed Claims Motion would undoubtedly do, will exact a significant burden on the U.S. Debtors and their unsecured creditors: significant estate resources will be expended reviewing and objecting to such claims, and unsecured creditors who followed the Court-ordered procedures and filed their claims before the Bar Date will be unfairly prejudiced.

2. The Committee will not, in this Joinder, repeat each of the arguments made by the U.S. Debtors. Instead, the Committee wishes to emphasize one particularly powerful argument among several that are dispositive. Specifically, after actively participating in discovery with the U.S. Debtors, during which 14 depositions of former Canadian employees were taken, the Committee determined that the Late-Filed Claims Motion was not filed in good faith. Instead, the documentary and deposition evidence establishes that the Late-Filed Claims Motion was part and parcel of the CCC's litigation strategy in connection with the allocation trial to persuade this Court, and the Canadian Court, to render an allocation ruling that effectively substantively

consolidates Nortel's estates in Canada, the United States, and EMEA.  Given the lack of good faith in the filing of the Late-Filed Claims Motion, and for the additional reasons set forth in the U.S. Debtors' Supplemental Objection, the Court should deny the Motion with prejudice.

## BACKGROUND

3.     On February 1, 2013, approximately one week after the allocation mediation was pronounced terminated by Chief Justice Warren K. Winkler, the Ad Hoc Canadian Employees Committee filed the Late-Filed Claims Motion, pursuant to which the Ad Hoc Canadian Employees Committee seeks leave for the Alleged Claimants to file proofs of claim against the U.S. Debtors after the expiration of the General Bar Date.  The Ad Hoc Canadian Employees Committee asserts that the Alleged Claimants should be granted leave to file late claims against the U.S. Debtors because these former Canadian employees failed to receive adequate notice of the General Bar Date.  Alternatively, the Ad Hoc Canadian Employees Committee argues that the Alleged Claimants should be permitted to file late claims because such claimants' failure to abide by the General Bar Date was a result of "excusable neglect."

4.     On February 12, 2013, the U.S. Debtors filed their initial objection to the Late-Filed Claims Motion [ECF No. 9412] (the "U.S. Debtors' Initial Objection"), pursuant to which the U.S. Debtors argue that the motion seeks to improve the recoveries of Canadian creditors by asserting claims against the U.S. estates simply because it is expected that U.S. creditors will receive higher distributions and "fails to make any showing or aver the most basic allegations that could support even consideration of these severely untimely (and baseless) claims." *See* U.S. Debtors' Initial Obj. ¶¶ 1-2.

5.     On February 13, 2013, the Committee filed the Initial Committee Joinder, supporting the U.S. Debtors' position that the relief requested in the Late-Filed Claims Motion is

inappropriate, prejudicial to the U.S. Debtors' estates and their unsecured creditors, and should be denied by this Court.

6.     Between February 3, 2014 and February 14, 2014, the U.S. Debtors, together with the Committee, conducted discovery of the Ad Hoc Canadian Employees Committee, taking 14 depositions.

7.     On March 27, 2014, the Ad Hoc Canadian Employees Committee filed a supplemental brief in support of the Late-Filed Claims Motion [ECF No. 13240], once again asserting, among other things, that the Alleged Claimants did not receive notice of the Bar Date and, alternatively, the Alleged Claimants' failure to file claims prior to the Bar Date was the result of excusable neglect.

8.     On February 24, 2015, the U.S. Debtors filed the U.S. Debtors' Supplemental Objection, pursuant to which the U.S. Debtors argue, among other things, that:   (i) the Alleged Claimants received actual and/or constructive notice of the Bar Date; (ii) the Ad Hoc Canadian Employees Committee has failed to demonstrate that the Alleged Claimants' failure to file claims prior to the Bar Date was the result of excusable neglect; and (iii) Koskie Minsky LLP's ("Koskie") failure to produce documents in response to the U.S. Debtors' and Committee's discovery requests should give rise to an adverse inference against the Ad Hoc Canadian Employees Committee.

## THE COMMITTEE'S JOINDER

9.     The Committee agrees with each of the arguments set forth in the U.S. Debtors' Supplemental Objection and, accordingly, files this Joinder in support thereof.

10.    The discovery undertaken by the U.S. Debtors and the Committee was remarkable not only in the clarity with which it established both actual and constructive notice of the Bar

Date, but also in the degree to which it demonstrates that the true motivation behind the Late-Filed Claims Motion was in fact a misguided attempt to buttress the CCC's argument, presented during the allocation trial, that the Courts should order the effective global substantive consolidation of Nortel's estates in Canada, the United States, and EMEA.

11. In July of 2012 – more than seven months before the Ad Hoc Canadian Employees Committee filed its Late-Filed Claims Motion – Koskie, counsel to the CCC, drafted a letter to counsel to the Monitor, in which it urged the Monitor to pursue claims in the United States on behalf of Canadian employees. Koskie, in remarkably blunt language, explained to the Monitor the value of pursuing such claims:

> [T]he existence and pursuit of the claims under the Severance Agreements against the US entities is another indication and further evidence of the global integration of the Nortel companies, and will be of value in the allocation discussions and mediation as it affirms the validity of a substantive consolidation and sharing of Nortel's assets.[3]

At the time of this letter, the mediation before Justice Winkler was ongoing. Apparently, as part of its allocation strategy, Koskie and the Ad Hoc Canadian Employees Committee decided the time was not yet ripe to unleash its claims against the U.S. estate. Instead, Koskie and the Ad Hoc Committee waited until just eight days after Justice Winkler declared the mediation over, in February 2013, in order to file the Late-Filed Claims Motion.

12. These irrefutable facts alone render it impossible for the movants to make the requisite showing to support a finding of "excusable neglect". To the contrary, the facts establish that the principal motivation of the Late-Filed Claims Motion, brought by a member of the CCC, was to advance its "global substantive consolidation" allocation theory. The Late-Filed Claims Motion has not been brought in good faith and must be denied.

---

[3] Parthum Decl. Ex. 63 at 4 (July 12, 2012 E-mail from Michael Campbell, attaching July 10, 2012 Letter from Susan Philpott, Koskie, to Gale Rubenstein, Goodmans LLP), attached hereto as <u>Exhibit A</u>.

**CONCLUSION**

For all of the foregoing reasons, the Committee respectfully requests that the Court (a) deny the relief requested in the Late-Filed Claims Motion and (b) grant the Committee such other and further relief as the Court deems just, proper and equitable.

Dated: February 24, 2015
       Wilmington, Delaware

Respectfully submitted,

*/s/ Christopher M. Samis*
Christopher M. Samis (No. 4909)
L. Katherine Good (No. 5101)
Whiteford, Taylor & Preston LLC
The Renaissance Centre
405 North King Street, Suite 500
Wilmington, Delaware 19801
Tel.: (302) 353-4144
E-mail: csamis@wtplaw.com
       kgood@wtplaw.com

and

Fred S. Hodara (*pro hac vice*)
David H. Botter (*pro hac vice*)
Abid Qureshi (*pro hac vice*)
Brad M. Kahn (*pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel.: (212) 872-1000

*Co-counsel to the Committee*