# EXHIBIT 11

# DOCUMENT INFO

EXHIBIT
11
2-3-14
PENGAD 800-631-6989

BegDoc#: LI00915

EndDoc#: LI00918

DOCUMENT INFO

Search for people, jobs, companies, and more... Advanced

Home Profile Network Jobs Interests Business Services Upgrade

Attorney Wanted - We need attorneys to help our legal clients. Free trial to view cases.

**Recently Severed Canadian Nortel Employees**

Feedback

942 members Member

Discussions Promotions Jobs Search

## July 16 - Update on Activities with KM

Paula Klein
Business Manager Traffic Safety and Security Division at 3M

+ Follow Paula

Here is an update on a couple of items that we have been discussing with KM over the past week:

1) Hardship Process
There have been a number of back and forth discussions with the Monitor regarding getting in place the process for hardship payments. I believe that the negotiations are very close to being closed. Please keep in mind that this process is NOT intended to be a way for everyone to settle their claims with Nortel. Rather it is intended as a way for people who are suffering from significant financial hardship to get a small amount of their money sooner, rather than later. The final proposal is likely to be very close to the following:

— start of proposed hardship claims process —

Eligibility – A terminated employee would be eligible for hardship payments if he or she is resident in Canada and has no available source of income or income from a spouse and:

a. The former employee is unable to work due to illness or is incurring costs in excess of 25% of his or her EI payments or pension as a result of treatment for illness or healthcare costs, or as a result of the illness of a family member who is dependent on the former employee for support, or

b. During the Claims Period the person is not receiving a Nortel pension or employment insurance (EI) as a result of ineligibility for EI or exhaustion of EI benefits, and demonstrates some other significant hardship in dealing with financial obligations.

Claims Process – Notice of the claims process will be posted on the Monitor's website and the website of the Nortel Retiree Protection Committee (NRPC) in a form approved by the Court. An applicant would be required to complete an application form (to be approved by the Court) to be submitted to a person designated by the Monitor. The person so designated would be expected to deal with completed applications within 14 to 21 days and to make an initial determination to approve or reject the application. The first payment will proceed within seven business days subject to the payment parameters set out below. If not approved, the application is to be reviewed by an informal committee and the applicant will be given the right to be heard by the committee. The committee will be composed of one company appointee, one appointee of the Monitor and one appointee chosen by the NRPC who will be compensated for his time on an hourly basis. A further appeal may be brought to the Court or an officer of the Court designated by the presiding judge, costs to be determined by the Court on the application.

Payment Parameters – Any successful applicant may be approved for a maximum payment of up to 8 weeks salary based on a maximum weekly salary of up to $1,200 per week payable in monthly installments. The hardship committee will also have discretion to approve additional amounts in cases of medical and other emergencies.

Claims Period – From the date of court approval to November 30, 2009.

Miscellaneous –

a. Hardship Payments are advances against distributions on claims.

b. The Monitor shall report to the Court on or before November 30, 2009 with respect to the processing and administration of Hardship Claims, and may report sooner and seek additional funds in the event that the approved claims exceed the available funds set out in c. below.

c. The maximum amount available for Hardship Payments on claims approved during the Claims Period is $750,000.

— end of proposed hardship claims process —

ADS YOU MAY BE INTERESTED IN

**Professional Women Only**
Apply Now to the National Association of Professional Women. Register Free.

**Leads for Lawyers (Local)**
Need New Clients? We'll Connect You to Prospects. Get 10 Free Leads Today!

**Paralegal Cert In 14 Weeks**
Get your Paralegal Certificate Online from Boston U CPE in only 14 Weeks!

### Latest Activity

Anatoli Loewen likes this discussion by Paula Klein Email re. Discovery Process for US Claim
2 days ago

Anatoli Loewen likes this discussion by Paul Roddick Trial date January 6, 2014
2 days ago

Lynda Farant likes this discussion by Paula Klein Email re: Discovery Process for US Claim
17 days ago

See all activity

About | Feedback | Privacy & Terms

LinkedIn Corp. © 2013

Like • Comment (8) • Follow • Reply Privately • July 16, 2009

8 comments

Paula

Paula Klein
Business Manager Traffic Safety and Security Division at 3M

2) Claims Process
KM has informed us that a claims process will be announced for US creditors tomorrow with a "claims bar" date of September 30 2009. This includes US pensioner and employees claims as well.

They have also received a call from the Nortel lawyers telling them that a Canadian claims process will also be announced shortly since one has been mandated in the US. It too will have a September 30 claims bar date but it will not apply to employment and pension related claims of any former or current employees.

Apparently, we will be negotiating a separate protocol and process for employee claims with the company and monitor that will require court approval. KM has asked to see a draft of the claims process wording and requested that it mandate a negotiation process with us and the company and monitor with the objective that it be put before the Court within 30 days for separate approval. The "employment related claims" will not have a claims bar date of September 30. The filing of claims in no way gets them paid any faster but just sets out the value of claims that are out there, which must then be approved at some point as part of the CCAA plan or in bankruptcy if we get there.

I hope to be able to give you more details on this soon.

Like • Reply privately • Flag as inappropriate • July 16, 2009

Anthony

Anthony Law, PMP
Senior Test Consultant at Canada Revenue Agency

Thanks for the update and your continuous excellent leadership. From the reading of the update the US process includes employees and pensioners but the Canadian one does not and a separate process is being created. Is there a reason why the Canadian claim process differs from the one in US ? I have been under the impression that employees and pensioners are in the same class and no different than other unsecured creditors.

Like • Reply privately • Flag as inappropriate • July 16, 2009

Paula

Paula Klein
Business Manager Traffic Safety and Security Division at 3M

We have asked KM that question too....still waiting on an answer. We did not have a legal call this week and Don is trying to set one up for tommorrow. Hopefully, I'll get an answer soon either via a meeting or email.

Like • Reply privately • Flag as inappropriate • July 16, 2009

Steve

Steve Kendall
Sales & Marketing Manager at Multplex Inc

Paula, I am frankly extremely disappointed with the proposal.
If this is the best KM can come up with I am extremely concerned about their representation of my interests with my future claim! The proposal is highly restrictive and I am sure eligibility will be extremely small in reality. This really looks like a job carried out to appease the judge, but really will not to address in anyway the actual suffering that is being experienced by majority of our group in one form or another. Hardship is all about the financial impacts the current situation is having on an individuals ability to fulfill his/her own financial obligations i.e growing debt or loss in retirement funds/savings (early usage of RSSP's etc) is ocurring.

Whilst I do not support the proposal here are my 2 cents for your consideration

1) To restrict eligibility to persons whose spouse is not woking is grossly unfair. Potentially this excludes anyone who may have a working spouse in a low income full time or even just a part time job. this group are as equally vulnerable and need support now not later.

2) What justification is there to close the 'claims window' by November 30, 2009? This is highly discriminatory as this date correlates to the date a person was laid off.The claims window should remain open untill settlement of claims is finally achieved.

To explain.

People who are recently laid off and are have just started to receive EI are likley not to be able to meet the mandatory requirements for eligibility (particularly the clause "or exhaustion of EI benefits") by the close of the claims window vs. someone who was laid off earlier nearing the end of the EI term before or by November 30, 2009.

Like • Reply privately • Flag as inappropriate • July 16. 2009

Dennis

Dennis Lenard, PMP, CBCP, MBCI
Senior Consultant, BCP/DR, IT, ITIL, Proj. Mgmt. and Mgmt. at CGI

Paula,
Thanks again for the effort here. I do find it interesting that in Canada there will eventually be a claims process, but it will not apply to employment and pension related claims of any former or current employees.
Wondering in the back of my mind why Canada is being treated differently here.
Dennis

Like • Reply privately • Flag as inappropriate • July 16. 2009

Paula

Paula Klein
Business Manager Traffic Safety and Security Division at 3M

I believe that the Nov 30th date is being removed. I will confirm.

Like • Reply privately • Flag as inappropriate • July 17, 2009

Paula

Paula Klein
Business Manager Traffic Safety and Security Division at 3M

The Nov 30th date remains in the version of the document I received this morning from E&Y / KM. The feedback I received from KM on this is that the date is included in order to force Nortel / E&Y to come back to the court to review what they have paid out so far, etc. If the program appears to be helping people then we can petition to have it extended. If no one has qualified under the terms and conditions, it also gives us a chance to petition to change the t&c's.

I received a copy of the application form this morning to review for the first time. It is very simple and I would encourage anyone who believes that they have a valid case, regardless of the stated criteria, to fill it out and apply (once it is approved and made available).

You have to fill out your name, address, telephone number, email address, global id, start and end date of employment, gross monthly pay, entity that you worked for, severance $ received, amount of EI received and reasons for it ending or not been approved, other sources of income (e.g. spousal income), reasons for urgent need for funds, including medical expenses.

The process and form are going to be presented for approval in court on June 30.

Like • Reply privately • Flag as inappropriate • July 17. 2009

Chris

Chris Buchanan
Consultant

[Paula:Part of this was in an eMail I sent to you and others today but feel this should be repeated in the context of this thread]:

See todays articale with respect to Canadian bids for parts of Nortel (RIM started):

http://www.ottawacitizen.com/business/Fight+Nortel+wireless+full+swing/1813286/story.html

There is a specific statement in this article:

"...most of the influence lies with the committee of Nortel creditors and the bankruptcy court judge who must approve any decision. ..."

Well, personally, as a Canadian ex-Nortel employee with a lifetime of investment in Nortel, I feel disenfranchised in current proceedings. There is still no process for me to register my claim.

As per the wording I believe I should have details of the offer with all the details summarised:

* Size of offer

* How many employees go with the offer

* How many employees in that business group do Not go with the offer, who is paying their severance?

* How are pensions being handled both for the group going to the bidder and the related laid-off worker (the specific concern is that there is a HUGE potential for the sale of these business units

10/2/13 July 16 - Update on Activities with KM | LinkedIn

to further water-down the pension fund with obvious consequences

I believe I, as a creditor, should see this information and get a vote....

Why are we all being kept in the dark?

It looks like any claims process will not be in effect until after the bidding wars are over......

Like • Reply privately • Flag as inappropriate • July 22, 2009

Add a comment...

✓ Send me an email for each new comment

Add Comment

**Attn: Attorneys & Lawyers**
Our Customers Need You! Get 10 Free Leads for New Clients Today!

**Are You an Attorney?**
We need more attorneys in your area. Apply now for membership.

ADS YOU MAY BE INTERESTED IN

**Help Center** About Press Blog | Careers Advertising | Talent Solutions Tools | Mobile Developers | Publishers | Language

**Upgrade Your Account**

LinkedIn Corporation © 2013 User Agreement Privacy Policy Community Guidelines Cookie Policy Copyright Policy **Send Feedback**

www.linkedin.com/groupItem?view=&gid=1770226&type=member&item=5177156&trk=groups_items_see_more-0-b-ttl 4/4

LI00918