# EXHIBIT 63

Saturday, April 20, 2013 1:55:43 PM ET



**Subject:** Fwd: Nortel Networks Corporation & Nortel Networks Inc. Re: Severance Claims of Canadian Employees against the US Debtor - Sending on Behalf of Susan Philpott
**Date:** Thursday, July 12, 2012 12:49:47 PM ET
**From:** Mike Campbell
**To:** Paula
**Category:** Business

With Gale's response...

MAC

Begin forwarded message:

> From: "Rubenstein, Gale" <grubenstein@goodmans.ca>
> **Subject: RE: Nortel Networks Corporation & Nortel Networks Inc. Re: Severance Claims of Canadian Employees against the US Debtor - Sending on Behalf of Susan Philpott**
> Date: 10 July, 2012 12:50:40 PM EDT
> To: 'Mary Pitt' <mpitt@kmlaw.ca>
> Cc: "Pasquariello, Joe" <jpasquariello@goodmans.ca>, "derrick.tay@gowlings.com" <derrick.tay@gowlings.com>, "michael.campbell@sympatico.ca" <michael.campbell@sympatico.ca>, "sproule.nrpc@gmail.com" <sproule.nrpc@gmail.com>, "David.archibald@xpvcapital.com" <David.archibald@xpvcapital.com>, "Gus.Tertigas@ca.ey.com" <Gus.Tertigas@ca.ey.com>, Mark Zigler <mzigler@kmlaw.ca>, Susan Philpott <sphilpott@kmlaw.ca>, Simon Archer <sarcher@kmlaw.ca>, "Pasquariello, Joe" <jpasquariello@goodmans.ca>
>
> Just to clarify, on the request for copies of agreements, are you referring to the termination agreements with the Pre-Filing Terminated employees, essentially those who have Compensation Claims?
>
> Gale Rubenstein
> Goodmans LLP
>
> 416.597.4148
> grubenstein@goodmans.ca

Bay Adelaide Centre
333 Bay Street, Suite 3400
Toronto, ON M5H 2S7
goodmans.ca

**From:** Mary Pitt [mailto:mpitt@kmlaw.ca]
**Sent:** Tuesday, July 10, 2012 12:25 PM
**To:** Rubenstein, Gale
**Cc:** Pasquariello, Joe; derrick.tay@gowlings.com; michael.campbell@sympatico.ca; sproule.nrpc@gmail.com; David.archibald@xpvcapital.com; Gus.Tertigas@ca.ey.com; Mark Zigler; Susan Philpott; Simon Archer
**Subject:** Nortel Networks Corporation & Nortel Networks Inc. Re: Severance Claims of Canadian Employees against the US Debtor - Sending on Behalf of Susan Philpott

Dear Ms. Rubenstein:

Please see the attached letter.

Thank you.

<<Letter to Counsel - July 10 12.pdf>>

Mary Pitt

Assistant to Susan Philpott, Roberto Tomassini
& Simon Archer

Koskie Minsky LLP

20 Queen Street W., Suite 900

Toronto, ON M5H 3R3

416-595-2131

mpitt@kmlaw.ca

This e-mail message is privileged, confidential and subject to copyright.

Any unauthorized use or disclosure is prohibited.

Le contenu du présent courriel est privilégié, confidentiel et soumis à des droits d'auteur.
Il est interdit de l'utiliser ou de le divulguer sans autorisation.

***** Attention *****

This communication is intended solely for the named addressee(s) and may contain information that is privileged, confidential, protected or otherwise exempt from disclosure. No waiver of confidence, privilege, protection or otherwise is made. If you are not the intended recipient of this communication, please advise us immediately and delete this email without reading, copying or forwarding it to anyone.

Mike Campbell, P.Eng.

Brampton, ON
michael.campbell@sympatico.ca
skype : maccampb

Save our in-boxes! http://emailcharter.org



**KOSKIE
MINSKY**LLP
BARRISTERS & SOLICITORS

July 10, 2012

Susan Philpott
Direct Dial: 416-595-2104
Direct Fax: 416-204-2882
sphilpott@kmlaw.ca

**Via E-Mail & Regular Mail**

Gale Rubenstein
Goodmans LLP
Barristers & Solicitors
Bay Adelaide Centre
333 Bay St., Suite 3400
Toronto, ON  M5H 2S7

Dear Counsel:

    **Re:**    Nortel Networks Corporation ("NNC") and Nortel Networks Inc. ("NNI")
    **Re:**    Severance Claims of Canadian Employees against the US Debtor
            Our File No. 09/0479

We write in respect of the above matter, which we have discussed with you on a number of occasions recently. In accordance with their mandate, the three Court-appointed representatives, Donald Sproule, Michael Campbell and David Archibald, intend to file severance claims (described below) on behalf of all affected terminated Canadian employees in the US proceedings, and will instruct counsel in the US to bring a motion to lift the claims bar to permit the filing of those claims.

**Background:** NNC executed a series of severance and retention agreements (the "Severance Agreements") prior to January 14, 2009 with employees that contained a clause binding all NNC subsidiaries and NNC directors and officers in their representative and individual capacities. On the basis of these agreements and of NNC's and the NNC CEO's authority to act on behalf of subsidiaries, the affected employees have a valid claim against the U.S. subsidiary, NNI (and others as applicable) for obligations owed them in the Severance Agreements.

Each Severance Agreement that we have reviewed contains various terms, including requirements for payments to the former employee, and conditions placed on those payments. Each agreement each also contains the following clause:

> As used in this Agreement the term "Corporation" shall mean Nortel Networks Corporation, its subsidiaries and affiliates, their successors and assigns, and all of their past and present officers, directors, employees and agents (in their individual and representative capacities), in every case, individually and collectively.



**KOSKIE MINSKY** LLP
BARRISTERS & SOLICITORS

Page 2

We are uncertain of the scope of the practice of including the above clause in the Severance Agreements, but the clause is contained in every agreement that we have had an opportunity to review. We suspect that every agreement executed by NNC in the period prior to the insolvency filings in Canada and the US contained this clause but are not in a position to verify that without the cooperation of the Monitor. We require copies of all agreements with Nortel employees terminated prior to January 14, 2009, and a list of those individuals' names.

**Impact on Mediation and Claims Process:** We are open to discussion with you as to how best to approach the US Debtor about these Claims. We also note that the existence and pursuit of the claims under the Severance Agreements against the US entities is another indication and further evidence of the global integration of the Nortel companies, and will be of value in the allocation discussions and mediation as it affirms the validity of a substantive consolidation and sharing of Nortel's assets.

**Representation Order:** You have raised an issue regarding the scope of the mandate of the Court-appointed Representatives to pursue claims of their constituents in the US proceedings. We believe the terms of the Representation Order are sufficiently broad to include these steps, and we are writing to confirm the Monitor's support. If you do not agree, we will seek direction from Judge Morawetz. In particular, the Representation Order provides in relevant part:

> 7. **THIS COURT ORDERS** that the Representatives, or their counsel on their behalf, are authorized to take all the steps and to do all acts necessary or desirable to carry out the terms of this Order, including dealing with any court, regulatory body and other government ministry, department or agency, and to take all such steps as are necessary or incidental thereto.

The Order is clear that the Representatives have the power and the authority to pursue claims for their constituents in the US Proceedings. They intend to proceed to instruct counsel to take steps to lift the bar as soon as possible. Accordingly, may we hear from you as to your views at your earliest convenience.

Yours truly,
**KOSKIE MINSKY LLP**

Susan Philpott
SP:ss

c:   Joe Pasquariello
     Derrick Tay
     Michael Campbell
     Donald Sproule
     David Archibald
     Mark Zigler
     Gus Tertigas

K:\2009\090479\Correspondence - Sent\2012\Letter to Counsel - July 10 12.docx