# EXHIBIT 110



Court File No.: 09-CL-7951

## ONTARIO
## SUPERIOR COURT OF JUSTICE
## COMMERCIAL LIST

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | FRIDAY, THE 14th |
| | ) | |
| JUSTICE MORAWETZ | ) | DAY OF AUGUST, 2009 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,*
R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF NORTEL NETWORKS INC. AND THE
OTHER COMPANIES LISTED ON SCHEDULE "A" HERETO WITH
RESPECT TO CERTAIN PROCEEDINGS TAKEN IN THE UNITED
STATES BANKRUPTCY COURT FOR THE DISTRICT OF
DELAWARE

APPLICATION UNDER Section 18.6 of the *Companies' Creditors Arrangement
Act,* R.S.C. 1985, c. C-36, as amended

### O R D E R
### (Recognition of the U.S. Claims Bar Order)

**THIS MOTION,** made Nortel Networks Inc. and the other debtors listed on Schedule "A"

hereto (collectively, the "Applicants") for the relief set out in the Applicants' notice of motion

dated August 11, 2009 was heard this day at 330 University Avenue, Toronto, Ontario.

**ON READING** the affidavit of John Doolittle sworn August 10, 2009 and on hearing

submissions of counsel for the Applicants and those other parties present, no one appearing

for any other person on the service list, although served as appears from the Affidavit of

Service of Katie Legree sworn August 11, 2009, filed.

1.   **THIS COURT ORDERS** that the time for the service of the Notice of Motion and Motion Record is hereby abridged so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.   **THIS COURT ORDERS** that the Order of the Honourable Kevin Gross of the United States Bankruptcy Court for the District of Delaware dated August 4, 2009 (the "U.S. Claims Bar Order"), attached hereto as Schedule "B", authorizing and approving, *inter alia*:

   (a)   the deadline of September 30, 2009 at 4:00 p.m. (prevailing Eastern Time) for all proofs of claim to be filed in writing with the Claims Agent (as defined in the U.S. Claims Bar Order); and

   (b)   the procedures (as set out in the U.S. Claims Bar Order) for filing proofs of claim against all Applicants and the form and manner of service of same;

is hereby recognized and shall be implemented and be effective in Canada in accordance with its terms.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

AUG 1 4 2009

PER / PAR:      Joanne Nicoara
Registrar, Superior Court of Justice

DOCSTOR: 1743087\1

## SCHEDULE "A"

### (List of Applicants)

## U.S. SUBSIDIARIES FILING A VOLUNTARY PETITION PURSUANT TO

## CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE, 11 U.S.C. §§ 101-1330

2001 - Nortel Networks Inc.
2110 - Nortel Networks Capital Corporation
2002 - Nortel Networks (CALA) Inc.
2107 - Nortel Altsystems, Inc. (previously "Alteon Websystems, Inc.")
2101 - Nortel Altsystems International Inc. (previously "Alteon Websystems International, Inc.")
2102 - XROS, Inc.
2103 - Sonoma Systems
2104 - QTERA Corporation
2105 - CoreTek, Inc.
2106 - Nortel Networks Applications Management Solutions Inc.
2108 - Nortel Networks Optical Components Inc.
2113 - Nortel Networks HPOCS Inc.
2114 - Architel Systems (U.S.) Corporation
2115 - Nortel Networks International Inc.
2117 - Northern Telecom International Inc.
2121 - Nortel Networks Cable Solutions Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------X
                                  :

*In re*                          :        Chapter 11

Nortel Networks Inc., *et al.*,[1]     :        Case No. 09-10138 (KG)

                   :        Jointly Administered

             Debtors.      :

                   :        **RE: D.I. 1084**

                   :
------------------------------------------------X

**ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND**
**APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion dated, July 15, 2009 (the "Motion"),[2] of Nortel Networks Inc. and its

affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, fixing deadlines (the

"Bar Dates") and establishing procedures for filing proofs of claim against the Debtors and

approving the form and manner of service thereof;[3] and adequate notice of the Motion having

been given as set forth in the Motion; and it appearing that no other or further notice is

necessary; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

[3] For the avoidance of doubt, this Order does not establish a bar date for the filing of claims in the jointly administered chapter 11 case commenced by Nortel Networks (CALA) Inc., Case No. 09-12515.

1

consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Except as otherwise provided herein, all Entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtors which arose prior to the filing of the chapter 11 petitions on January 14, 2009 (the "Petition Date"), shall file a proof of such claim in writing so that it is received on or before September 30, 2009, at 4:00 p.m. (prevailing Eastern Time) (the "General Bar Date").

3.      Subject to paragraph 21 of this Order, all claims against the Debtors shall be filed in, and only in, these chapter 11 cases with the Claims Agent (as defined herein) in accordance with the procedures set forth in this Order.

4.      Subject to paragraph 21 of this Order, all claims against the Canadian Debtors shall be filed in, and only in, the Canadian Proceedings with the court-appointed Monitor pursuant to the procedures approved by the Canadian Court.

5.      The following procedures for the filing of proofs of claim shall apply:

(a)     Proofs of claim must conform substantially to the Proof of Claim Form;

(b)     However, claims asserted under Section 503(b)(9) of the Bankruptcy Code must conform to the Section 503(b)(9) Claim Form approved in this

2

Court's *Order Establishing and Implementing Uniform Procedures Regarding Section 503(b)(9) Claims* [D.I. 590] (the "503(b)(9) Procedures Order");

(c) Proof of claim forms must be filed by delivery of the original either by first class U.S. mail, postage prepaid to Epiq Bankruptcy Solutions, LLC (the "Claims Agent") at the following address:

> Nortel Networks Inc. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> FDR Station, P.O. Box 5075
> New York, NY 10150-5075

or, if sent by hand delivery or overnight courier, to:

> Nortel Networks Inc. Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> 757 Third Avenue, 3rd Floor
> New York, NY 10017

(d) Proofs of claim sent by facsimile, telecopy or electronic mail shall not be accepted;

(e) Proof of claim forms will be deemed filed only if actually received by the Claims Agent on or before 4:00 p.m. (prevailing Eastern Time) on the applicable Bar Date;

(f) Proof of claim forms must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in lawful United States currency; provided, however, that the Debtors shall have the right to convert a claim denominated in non-U.S. currency into U.S. currency using the Reuters closing rate as of the Petition Date, unless the Debtors deem another date more appropriate; and

(g) Proof of claim forms must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor.

3

6.    The following Entities need not file a proof of claim on or prior to the General

Bar Date:

(a)    Any Entity that has already filed a proof of claim against the correct Debtors with the Clerk of the Bankruptcy Court for the District of Delaware or the Claims Agent in a form substantially similar to Official Form No. 10 and/or the 503(b)(9) Claim Form;

(b)    Any person or entity whose claim is listed on the Schedules filed by the Debtors, provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)    Any holder of a claim against the Debtors that heretofore has been allowed by order of this Court;

(d)    Any person or entity whose claim against the Debtors has been paid in full by any of the Debtors pursuant to an order of this Court;

(e)    Any holder of a claim against the Debtors for which specific deadlines have previously been fixed by this Court;

(f)    Any Debtor, nondebtor affiliate of the Debtors or Canadian Debtor, or any of their direct or indirect subsidiaries holding a claim, whether liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, unsecured, present, future, known or unknown, against any of the Debtors, other than claims by any joint venture;

(g)    Any Entity having a claim against any of the nondebtor affiliates or subsidiaries of the Debtors;

(h)    Any holder of a claim against the Debtors allowable under section 503(b) and section 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under Section 503(b)(9) of the Bankruptcy Code, which claim holders shall be required to file a proof of claim pursuant to the 503(b)(9) Procedures Order);

(i)    Any claims of officers and/or directors, who are officers and/or directors as of August 1, 2009, for indemnification and/or contribution arising from such officer's and/or director's service to the Debtors or any of the Debtors' non-debtor affiliates; provided, however, that such officers and/or directors must file proofs of claims so as to be actually received by

4

the applicable Bar Date for all other claims arising before the Petition Date against the Debtors;

(j)     Any Entity (a "Noteholder") whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (the "Note Claims") in connection with such Noteholders holding or ownership of such notes under the note indentures[4] ("Note Indentures"); provided, however, that (i) the foregoing exclusion in this subparagraph shall not apply to the indenture trustees under the Note Indentures (the "Indenture Trustees"), (ii) the Indenture Trustees shall each be authorized and required to file a single proof of claim pursuant to section 501(a) of the Bankruptcy Code, on or before the General Bar Date, on account of the Note Claims against the Debtors under their respective Note Indentures and (iii) any Noteholder wishing to assert a claim, other than a Notes Claim, arising out of or relating to the Notes Indentures, shall be required to file a proof of claim with respect to such claim on or before the General Bar Date, unless another exception identified herein applies; and

(k)     Holders of equity security interests in the Debtors need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtors that arises out of or relates to the ownership (including a claim relating to the purchase or sale) of such equity interest, a proof of such claim must be filed on or prior to the General Bar Date.

7.     Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease by the Debtors must file a proof of claim by the date (the "Rejection Bar Date") that is the later of (i) the General Bar Date, (ii) 30 days after entry of an order authorizing such rejection, and (iii) 35 days after the Debtors file and serve by e-mail or overnight courier a notice of the rejection of such executory contract or unexpired lease pursuant

---

[4] The Note Indentures are: (i) the Indenture dated as of March 28, 2007 governing the 1.75% Convertible Senior Notes due 2012 and the 2.125% Convertible Senior Notes due 2014 issued by Nortel Networks Corporation and guaranteed by Nortel Networks Limited and Nortel Networks Inc.; (ii) the Indenture dated as of July 5, 2006, as supplemented by the First Supplemental Indenture dated as of July 5, 2006 and the Second Supplemental Indenture dated as of May 1, 2007, governing the Floating Rate Senior Notes due 2011, the 10.125% Senior Notes due 2013 and the 10.750% Senior Notes due 2016 issued by Nortel Networks Limited and guaranteed by Nortel Networks Corporation and Nortel Networks Inc.; and (iii) the Indenture dated as of February 15, 1996, as supplemented by the First Supplemental Indenture dated as of February 15, 1996, governing the issue of 7.875% Notes due 2026 of Northern Telecom Capital Corporation (now Nortel Networks Capital Corporation) and guaranteed by Northern Telecom Limited (now Nortel Networks Limited).

to the *Order Approving Procedures for Rejection of Executory Contracts and Unexpired Leases and the Abandonment of Certain Assets Related Thereto* (D.I. 510)

8.    If the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded 20 days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline (the "Amended Schedule Bar Date").

9.    Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

10.    Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims against the Debtors that fail to comply with this Order by filing a proof of claim by the applicable Bar Date in appropriate form (i) shall be forever barred and estopped from asserting such claim (or filing a proof of claim with respect thereto) against the Debtors and their estates, (ii) shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution under a plan of reorganization or liquidation in these cases, (iii) the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and (iv) such creditor shall not be entitled to any further notices in these chapter 11 cases with respect to such claim.

11.    A copy of the notice substantially in the form attached hereto as Exhibit B (the "Bar Date Notice") along with a Proof of Claim Form and a 503(b)(9) Claim Form (collectively, the "Bar Date Package") is approved and shall be deemed adequate and sufficient if served by first-class mail at least 50 days prior to the General Bar Date on:

(a)    the United States trustee;

6

(b)     counsel to the Committee;

(c)     all Entities that have requested notice of the proceedings in the chapter 11 cases as of the date of this Order;

(d)     counsel to the Bondholder Group;

(e)     counsel to any other official committee that may be appointed in these chapter 11 cases;

(f)     the Indenture Trustee for each of the Note Indentures;

(g)     all Entities that have filed claims against the Debtors as of the date of this Order;

(h)     all known creditors of the Debtors and other known holders of claims against the Debtors as of the date of this Order, including all Entities listed in the Schedules as holding claims;

(i)     all parties to executory contracts and unexpired leases with any Debtor, using the last known address;

(j)     all parties to litigation with the Debtors using the last known address;

(k)     the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and

(l)     such additional Entities as deemed appropriate by the Debtors.

12.     With regard to those holders of claims listed on the Schedules, the Debtors shall mail one or more proof of claim forms (as appropriate) substantially similar to the Proof of Claim form attached hereto as Exhibit A, indicating on the form how the Debtors have scheduled such creditor's claim in the Schedules (including the identity of the Debtor, the amount of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed).

7

13.     The Debtors are herby authorized to provide supplemental mailings of the Bar Date Package at any time up to 20 days in advance of the applicable Bar Date as may be necessary in situations, including without limitation, where: (a) Bar Date Packages are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of other parties in interest decline to pass along Bar Date Packages to these parties and instead return their names and addresses to the Debtors for direct mailing), and (c) additional potential claimants become known as a result of the Bar Date Notice process. Notwithstanding the foregoing, the Debtors shall not be required to provide any additional notice to any claimant to whom the Debtors mailed a Bar Date Package in accordance with the terms of this Order and such Bar Date Package was returned to the Debtors as undeliverable without a forwarding address.

14.     The Debtors are permitted to establish supplemental bar dates, upon written consent of the Committee, and the Debtors shall advise the Court of any supplemental bar date by filing a supplemental bar date notice, which identifies the supplemental bar date and the claimants that are subject thereto, and provides 20 days notice of any supplemental bar date.

15.     Pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish notice of the General Bar Date in substantially the form attached hereto as Exhibit C (the "Publication Notice") no later than 45 days before the General Bar Date in The Globe and Mail and The Wall Street Journal (national and global editions) and shall also post a copy of the Publication Notice, the Proof of Claim Form, and the Section 503(b)(9) Claim Form on the independent website maintained by the Claims Agent at http://chapter11.epiqsystems.com/nortel, which Publication Notice is hereby approved and shall be deemed good, adequate and sufficient publication notice of the General Bar Date.

8

16.     Any Entity that desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules.

17.     The Debtors and their Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

18.     Notice provided by this Order to foreign creditors is sufficient under Bankruptcy Rule 2002(p).

19.     Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the General Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

20.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

21.     This Order is without prejudice to the Debtors' right to seek further orders of this Court to implement specific procedures for the reconciliation and/or resolution of claims against the Debtors including, without limitation, pursuant to the Cross-Border Claims Protocol.

22.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 4 , 2009
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

9

Court File No: 09-CL-7951

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*,
R.S.C. 1985, c. C-36, AS AMENDED
AND IN THE MATTER OF NORTEL NETWORKS INC. AND THE OTHER
COMPANIES LISTED ON SCHEDULE "A" HERETO WITH RESPECT TO CERTAIN
PROCEEDINGS TAKEN IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF DELAWARE

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

Proceeding commenced at Toronto

**ORDER**
**(Recognition of the U.S. Claims Bar Order)**

**OGILVY RENAULT LLP**
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario  M5J 2Z4

**Derrick Tay LSUC#: 21152A**
Tel: (416) 216-4832
Email: dtay@ogilvyrenault.com

**Mario Forte  LSUC#: 27293F**
Tel: (416) 216-4870
Email: mforte@ogilvyrenault.com

**Jennifer Stam LSUC #46735J**
Tel: (416) 216-2327
Email: jstam@ogilvyrenault.com

Fax: (416) 216-3930

Lawyers for the Applicants

DOCSTOR: 1743087\1