# EXHIBIT 120



DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Timothy E. Hoeffner
timothy.hoeffner@dlapiper.com
T 212.335.4841
F 212.884.8551

October 22, 2014

*Via Email*

Jeffrey A. Rosenthal
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

    Re:    Nortel Networks, Inc., No. 09-10138 (KG)

Dear Jeff:

    I am writing on behalf of the Canadian Creditors Committee (the "CCC") with reference to your letter dated October 3, 2014 to Susan Philpott of Koskie Minsky LLP. You request that Koskie Minsky agree to voluntarily provide documents requested in your letter and deposition discovery alleged to be related to a Motion filed in the Nortel U.S. Debtors' chapter 11 cases by certain former employees of the Nortel Canadian Debtors (the "Canadian Employee Movants") seeking allowance of claims they assert against the U.S. Debtors (the "Motion").

    At the outset, I note that the U.S. Debtors have neither served a Subpoena to Koskie Minsky nor filed with the U.S. Court a Notice of service of discovery as required by the Local Rules of Court, and that Koskie Minsky has not entered an appearance in the United States in connection with the Motion. I assume you have not served a subpoena because the Delaware Court lacks jurisdiction over a foreign law firm, and that your letter is solely an informal request.

    Your letter request is extraordinarily broad in scope and suggests that the U.S. Debtor is seeking discovery for inappropriate purposes unrelated to the Motion. For example, among other things, you request "All Communications and other documents concerning the U.S. Debtors' proceedings…" (*See* Request No. 1), "All Communications and other documents concerning Koskie Minsky's role as representative of former employees in the CCAA proceeding in Canada…." (*See* Request No. 2), and "All Communications and other documents between Koskie Minsky…and…the Monitor…concerning…any relationship between Movants' claims against the U.S. Debtors and the allocation dispute, including any potential impact of such claims." (*See* Request No. 4).

    As you are aware, Koskie Minsky serves as counsel to certain members of the CCC in its capacity as Canadian Court-appointed counsel to the representatives of Nortel Canada former employees and disabled employees in the CCAA proceedings and in the joint hearing on allocation. It is difficult to understand how your extraordinarily broad requests are justified or relevant to the Motion. In addition, the requests seek materials that are clearly protected by the



Jeffrey A. Rosenthal
October 22, 2014
Page Two

attorney-client privilege and attorney work product doctrine and appear to be little more than a fishing expedition for information that can be used against the CCC in the allocation proceeding.

For similar reasons, we see no justification for a deposition of a representative of Koskie Minsky. As you are aware, courts frown on requests to conduct depositions of opposing counsel. *See* Shelton v. Amer. Motors Corp., 805 F.2d 1323 (8th Cir. 1986)(noting the "chilling effect…[on attorneys'] relationships with their clients."). The deposition of Koskie Minsky is particularly inappropriate with respect to the Motion since there is no compelling need for the deposition in light of the discovery that has already been conducted from the individual employees who assert the claims, including depositions of 14 individuals. Those individuals have also produced responsive documents.

In light of the foregoing, we respectfully request that you withdraw your request.

Sincerely,

Timothy E. Hoeffner

EAST\84036742.2