# EXHIBIT 128

### MONZACK MERSKY MCLAUGHLIN AND BROWDER, P.A.
ATTORNEYS AT LAW
1201 NORTH ORANGE STREET
SUITE 400
WILMINGTON, DE 19801-1155

(302) 656-8162
FACSIMILE: (302) 656-2769

WWW.MONLAW.COM

MELVYN I. MONZACK
RACHEL B. MERSKY
BRIAN J. McLAUGHLIN
MARY ELIZABETH M. BROWDER
MICHAEL C. HOCHMAN

November 21, 2014

**VIA FIRST CLASS MAIL and ELECTRONIC MAIL (*jrosenthal@cgsh.com*)**

Jeffrey A. Rosenthal, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

    Re: **In re Nortel Networks, Inc. No. 09-10138 (KG)**

Dear Jeffrey:

    We write in response to your November 12, 2014 letter demanding additional discovery from Koskie Minsky, LLP and threatening to seek an adverse inference if the requested documents were not produced. First, as you know, this firm does not represent Koskie Minsky, nor do we control that firm's decision whether or not to produce documents. Second, although you have broached this issue directly with Koskie Minsky; we are compelled to address certain statements in your recent correspondence. For that purpose, we believe that a review of the history of our clients' Motion to Allow Filing of Claims After the Bar Date is helpful.

    In July 2012, after discussions with the Canadian Monitor, the Canadian Creditor's Committee learned that a group of creditors it represented – Nortel Employees located in Canada and terminated pre-petition – had potential claims against the U.S. Debtors for termination benefits. Koskie Minsky, as counsel to the Committee, reached out to the Canadian Monitor and engaged in discussions regarding these claims. Our understanding is that in the summer of 2012, Koskie Minsky requested that the Canadian Monitor identify the individuals with provisions in their termination agreements giving rise to claims against the U.S. Debtors, since the Monitor, not Koskie Minsky, had possession of the relevant termination agreements.

    Our further understanding is that in August 2012, Koskie Minsky notified counsel for the U.S. Debtors about the existence of these claims and requested that the U.S. Debtors agree to an extension of the bar date to allow these individuals to file proofs of claims. To that end, Koskie Minsky contacted your colleague, Megan Fleming, Esq., counsel for the U.S. Debtors, via telephone and email. In response, the U.S. Debtors requested that Koskie Minsky identify the individuals with potential claims against the U.S. Debtors. On October 5, 2014, after a call between Koskie Minsky and representatives from your firm, and at the request of the U.S.

MONZACK MERSKY MCLAUGHLIN AND BROWDER
PROFESSIONAL ASSOCIATION

Jeffrey A. Rosenthal, Esq.
November 21, 2014
Page 2 of 3

Debtors, Koskie Minsky provided the list of requested individuals with claims against the U.S. Debtors under their respective termination agreements. Koskie Minsky waited for a reply to its request for an extension of the U.S. bar date for this specific, limited group of individuals. Our understanding is that even after several requests, the U.S. Debtors never responded. Accordingly, after discussions with the Canadian Court-Appointed Representatives for Former Canadian Employees, a decision was made to interview U.S. counsel.

On or about December 2012, the individual Canadian Court-Appointed Representatives for Former Canadian Employees began their consideration to retain separate U.S. counsel to investigate the rights of the Canadian Nortel Employees who were terminated pre-petition and who had potential claims against the U.S. Debtors for termination benefits. As you are aware, this firm was selected to pursue the issue. In January 2013, a notice went out to all potentially affected Canadian employees terminated pre-petition, advising them of their rights and the need to pursue a Motion to Allow Filing of Claims After the Bar-Date in the United States if they intended to file a claim against the U.S. Debtors. On February 1, 2013 their collective Motion to File Claims After the Bar Date was filed in Delaware Bankruptcy Court.

In effort to expedite the process, we agreed to informally provide copies of all the individual claimants' termination agreements giving rise to the claims against the U.S. Debtors. Because there was no Plan of Reorganization in place, and the standard for allowing claims to be filed after the bar date, our expectation was that the U.S. Debtors would stipulate to the filing of these limited claims from the discrete group of previously-identified individuals. As you know, the U.S. Debtors rejected this reasonable proposal and instead demanded discovery from each member of the Ad Hoc Committee. Interrogatory responses and responsive documents were obtained from each member of the Ad Hoc Committee, and an additional LinkedIn group of former Canadian Nortel employees was identified. The U.S. Debtors subsequently agreed to cooperate in devising specific search terms for electronically-stored information (ESI), which generated extensive additional discovery related to the aforementioned LinkedIn group site.

Thereafter, in February 2014, the U.S. Debtors selected and deposed 14 individuals from the Ad Hoc Committee. The U.S. Debtors also demanded an additional review of documents be made by each member of the Ad Hoc Committee, despite having received extensive discovery related to what we believe should have been an unopposed and reasonable request to file after the bar date. Rather than engage in costly and protracted discovery disputes, however, the Ad Hoc Committee agreed to provide the additional discovery requested. Nevertheless, after nearly two-years, the production of thousands of pages of discovery to the U.S. Debtors, and 14 depositions of the Ad Hoc Committee members taken by your firm, the U.S. Debtors have demanded yet additional discovery from the Canadian Creditors' Committee counsel.

MONZACK MERSKY MCLAUGHLIN AND BROWDER
PROFESSIONAL ASSOCIATION

Jeffrey A. Rosenthal, Esq.
November 21, 2014
Page 3 of 3

Our understanding is that your request was initially made on an informal basis approximately two-months ago and included a request for an additional deposition and the production of a broad range of documents. In response, we understand that Koskie Minsky produced specified documents, and will be producing a privilege log. Our further understanding is that Koskie Minsky would not agree to provide the balance of discovery requested based on objections that it addressed directly with the U.S. Debtors. As such, we believe that the extensive discovery previously provided far exceeds those responsive to a reasonable inquiry related to a stipulation to allow claims to be filed after the bar date.

Our position is that the Ad Hoc Committee has complied with its obligation under the applicable procedural rules, and in fact has surpassed its duty in the spirit of cooperation, as well as to avoid unnecessarily-incurred legal fees. We believe that the discovery process on this limited issue is complete, and should go before the Court for a judicial decision as to whether the Ad Hoc Committee members may file claims after the bar date based on: (1) the U.S. Debtors' failure to provide actual notice of the bar date to known creditors, (2) to the extent that the Court holds that the former employees were not known creditors, that the constructive notice was defective as to the Ad Hoc Committee members, and (3) excusable neglect.

We suggest submitting a joint request to the Court for a brief teleconference so that any issues concerning additional discovery may be resolved prior to a hearing on the filing of Ad Hoc Committee claims after the bar date. Please let us know your preference, and we will take the lead in drafting a jointly-prepared letter request to the Court. I am also available on Tuesday and Wednesday of next week and any day the following week to discuss.

Very truly yours,

Rachel B. Mersky
For Monzack Mersky McLaughlin and Browder, P.A.