## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------X
                                              :   Chapter 11
In re                                         :
                                              :   Case No. 09-10138 (KG)
Nortel Networks, Inc., et al.,[1]             :
                                              :   Jointly Administered
                                              :
------------------------------------------------------X
```

### STATEMENT OF K&L GATES LLP PURSUANT TO FED. R. BANKR. P. 2014 AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE

David Wagner being duly sworn, upon his/her oath, deposes and

1. I am a partner of K&L Gates LLP, located in Raleigh, North Carolina (the "Firm").

2. The Firm has been retained by the above-captioned Debtors (the "Debtors") pursuant to the Order Authorizing the Retention and Payment of Professionals Utilized in the Ordinary Course nunc pro tunc to the Petition Date, dated February 9, 2009 (D.I. 236) (the "Order") to provide services to the Debtors.

3. The nature and scope of the services to be provided to the Debtors by the Firm are: legal services relating to Debtors' landlord-tenant relationships, including, but not limited to,

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

collection of rents and fees from tenants and summary ejectment proceedings and appeals therefrom in North Carolina.

4. Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief, other than in connection with providing professional services to the Debtors or as set forth herein, it does not have any connection with the Debtors, the creditors, the United States Trustee, any person employed by the United States Trustee or any other party with an actual or potential interest in their chapter 11 cases or their respective attorneys or accountants.

5. Pursuant to the Order, the Firm hereby confirms that, except as set forth herein, it does not represent any interest adverse to the Debtors or the Debtors' estates in the matters upon which it is engaged.

6. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to conducting these chapter 11 cases, for persons that are parties in interest in these chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be retained by the Debtors, claimants and parties in interest in these chapter 11 cases. Except as set forth herein, the Firm does not perform services for any such person in connection with conducting these chapter 11 cases or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

7. Notwithstanding anything to the contrary herein, the Firm has represented, and continues to represent, Wistron Corporation, Wistron InfoComm Technology (America)

Corporation, and Wistron InfoComm Technology (America) Corporation (collectively, "Wistron") in connection with the preparation, filing, and transfer of proofs of claim in the above-captioned case and remains retained by Wistron should the necessity for litigation arise between Wistron and Debtors, though no such litigation is ongoing. In connection with the Firm's provision of services to the Debtors, the Firm will not obtain non-public information of the Debtors related to Wistron's claims.

8. Neither I nor any principal, partner, director or officer of, or professional retained by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors, other than reimbursing disbursements or costs owed to third parties on account of services provided to the Debtors, with any other person other than the principal and regular employees of the Firm.

9. Except as otherwise set forth herein, neither I nor any principal, partner, director or officer of, or professional retained by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be retained.

10. The Debtors are not indebted to the Firm for prepetition services.

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on February __27__, 2015.

By: _David E. Wagner_

Name: David Wagner