# EXHIBIT 8



EXHIBIT
54
2·6·14

Court File No. 09-CL-7950

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

| | |
|---|---|
| THE HONOURABLE MR. JUSTICE | ) WEDNESDAY, THE 27TH DAY OF |
| | ) |
| MORAWETZ | ) MAY, 2009 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,*
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED,
NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS
INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY
CORPORATION (the "Applicants")**

**APPLICATION UNDER THE *COMPANIES' CREDITORS ARRANGEMENT ACT,*
R.S.C. 1985, c. C-36 AS AMENDED**

**O R D E R**

THIS MOTION, made by Donald Sproule, David Archibald and Michael Campbell
(collectively, the "Representatives") on behalf of former employees, including pensioners, of
Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Global
Corporation, Nortel Networks International and/or Nortel Networks Technology Corporation
(collectively "Nortel") or any person claiming an interest under or on behalf of such former
employees or pensioners and surviving spouses in receipt of a Nortel pension, or group or
class of them (collectively the "Former Employees") was heard Monday, April 20, 2009, on
the Commercial List at the courthouse at 330 University Avenue, Toronto, Ontario, Reasons
for Decision having been reserved to May 27, 2009,

ON READING the Motion Record of the Representatives and on hearing the
submissions of counsel for the Representatives, Nortel, the Monitor and other parties,

2

1.    **THIS COURT ORDERS** that further service of the Notice of Motion and Motion Record on any party not already served is hereby dispensed with, such that this motion was properly returnable April 20, 2009.

2.    **THIS COURT ORDERS** that, subject to paragraphs 8-9 hereof, Donald Sproule, David Archibald and Michael Campbell are hereby appointed as representatives of all Former Employees in the proceedings under the *Companies' Creditors Arrangement Act (Canada)* ("CCAA"), the *Bankruptcy and Insolvency Act* (Canada) (the "BIA") or in any other proceeding which has been or may be brought before this Honourable Court (the "Proceedings"), including, without limitation, for the purpose of settling or compromising claims by the Former Employees in the Proceedings.

3.    **THIS COURT ORDERS** that, subject to paragraphs 8-9 hereof, Koskie Minsky LLP is hereby appointed as counsel for all Former Employees in the Proceedings for any issues affecting the Former Employees in the Proceedings.

4.    **THIS COURT ORDERS** that Nortel shall provide to the Representatives and their counsel, without charge:

    (a)    the names, last known addresses and last known e-mail addresses (if any) of all the Former Employees, whom they represent, as well as applicable data regarding their entitlements, subject to a confidentiality agreement and to only be used for the purposes of the Proceedings; and

    (b)    upon request of the Representatives and their counsel, such documents and data, as may be relevant to matters relating to the issues in the Proceedings, including documents and data, pertaining to the various pension, benefit, supplementary pension, termination allowance plans, severance and termination payments and other arrangements for group health, life insurance, retirement and severance payments, including up to date financial information regarding the funding and investments of any of these arrangements.

5.    **THIS COURT ORDERS** that all reasonable legal, actuarial and financial expert and advisory fees and all other incidental fees and disbursements, as may have been or shall be

3

incurred by the Representatives and their counsel, shall be paid by Nortel on a bi-weekly basis, forthwith upon the rendering of accounts to Nortel. In the event of any disagreement regarding such fees, such matters may be remitted to this Court for determination.

6.    **THIS COURT ORDERS** that notice of the granting of this Order be provided to the Former Employees by advertisement in the national edition of the Globe and Mail, La Presse, the Ottawa Citizen and the Calgary Herald under such terms and conditions as to be agreed upon by the Representatives, the Applicants and the Monitor.

7.    **THIS COURT ORDERS** that the Representatives, or their counsel on their behalf, are authorized to take all steps and to do all acts necessary or desirable to carry out the terms of this Order, including dealing with any Court, regulatory body and other government ministry, department or agency, and to take all such steps as are necessary or incidental thereto.

8.    **THIS COURT ORDERS** that, subject to paragraph 9 hereof, any individual Former Employee who does not wish to be bound by this Order and all other related Orders which may subsequently be made in these proceedings shall, within 30 days of publication of notice of this Order, notify the Monitor, in writing, by facsimile, mail or delivery, and in the form attached as Schedule "A" hereto and shall thereafter not be bound and shall be represented themselves as an independent individual party to the extent they wish to appear in these Proceedings.

9.    **THIS COURT ORDERS** that notwithstanding paragraph 8 hereof any Former Employee already represented by Lewis Gottheil, counsel to the National Automobile, Aerospace, Transportation and General Workers Union of Canada ("CAW-Canada") ("CAW Counsel") are not bound by this Order and CAW Counsel shall deliver to Koskie Minsky LLP, the Monitor and Nortel a listing of each Former Employee so represented within 30 days of the issuance of this Order.

10.    **THIS COURT ORDERS** that Former Employees bound by this Order specifically exclude any former chief executive officer or chairman of the board of directors, any non-employee member of the board of directors, or such former employees or officers that are

4

subject to investigation and charges by the Ontario Securities Commission or the United States Securities and Exchange Commission, and that the Representatives have no obligation to represent such persons.

11.    **THIS COURT ORDERS** that the Representatives and Koskie Minsky LLP shall have no liability as a result of their respective appointment or the fulfilment of their duties in carrying out the provisions of this Order from and after January 14, 2009 save and except for any gross negligence or unlawful misconduct on their part.

12.    **THIS COURT ORDERS** that the Representatives shall be at liberty and are authorized at any time to apply to this Honourable Court for advice and directions in the discharge or variation of theirs powers and duties.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

**JUN 3 0 2009**

PER / PAR: TV