Eric Chan
November 27, 2007
Page 3

Please find attached a pension estimate, and a Benefit Information Summary.

You hereby confirm that you have accounted for and returned to Nortel Networks all property (including but not limited to documents and disks, any Nortel Networks car, mobile telephone, credit cards, equipment, keys and passes, including the Nortel Networks ID badge), belonging to Nortel Networks which is or has been in your possession or under your control. Documents and disks shall include but not be limited to (i) correspondence, files, e-mails, memos, reports, minutes, plans, records, surveys, software, diagrams, computer print-outs, floppy disks, manuals, customer documentation or any other medium for storing information, and (ii) the information as described in the documents attached to this letter identified as DATA PRESERVATION INSTRUCTIONS (the "Instructions"). Your signature at the end of this letter confirms that you have read, do understand, agree, and give consent concerning the statements in the Instructions.

You acknowledge that you continue to be bound by the terms of the Agreement Relating to Intellectual Property and Confidentiality, and any related agreements, which you executed in the course of your hiring and employment by the Corporation. You confirm that your entire right, title and interest to all intellectual property as generally described in such agreements with the Corporation, are assigned to the Corporation regardless of the exact terms in, or the existence of, such an agreement between you and the Corporation. You shall continue to treat in a confidential manner any proprietary information or trade secrets acquired by you in respect of any business of the Corporation or relating to any other dealings, transactions or affairs, which may have come to your knowledge in any manner during your employment. Further, you will not speak of the Corporation or any of its employees, officers or representatives in disparaging terms nor in any other negative way communicate about your employment with the Corporation.

In consideration of the foregoing, and by accepting these arrangements, you hereby: release and forever discharge the Corporation, its directors, officers, employees, and representatives of and from all manner of actions, causes of actions, suits, debts, accounts, covenants, contracts, claims, including, without limitation, claims under applicable employment standards and human rights legislation, and demands whatsoever which you have had, now have or which your heirs, executors, administrators, or assigns or any of them, hereafter can, shall or may have against the Corporation, its employees and representatives, for or by reasons of any cause, matter or thing whatsoever in connection with your employment with the Corporation, including without limitation the termination of such employment; and agree that , until your termination date, and for one year following the termination of your employment with the Corporation, you shall not, on behalf of yourself or others, directly or indirectly, recruit, induce or solicit or attempt to recruit, induce or solicit any individual who is supplying services to the Corporation, whether as an employee, contractor, consultant or otherwise, to terminate their employment or contractual arrangements with the Corporation or to accept engagement with another person or entity unrelated to the Corporation.

You acknowledge that the payment and other arrangements offered herein do not represent an admission or recognition of liability on the part of the Corporation and they shall not be referred to, directly or indirectly, as such an admission or recognition of liability.

This letter constitutes the entire agreement of the parties with respect to the termination of your employment. There are no promises, understandings or representations other than those set forth herein. Further, this letter supersedes any other arrangements, written or otherwise, relating to your employment and the cessation of your employment. This letter may be modified only with a written instrument duly executed by you and an authorized representative of the Corporation.

The terms and conditions of this letter will be open for your review and consideration through the close of business on January 14, 2008. If you have not returned an executed copy of this letter by that time, the terms and conditions set forth in this letter shall be withdrawn as of that time and date.

You acknowledge that you have read this letter, and that you understand all of its terms, and have executed it voluntarily, with full knowledge of its significance. Finally, you acknowledge that you understand you are hereby granting to the Corporation a full and final release as set forth above.

Eric Chen
November 27, 2007
Page 4

Please acknowledge that the foregoing correctly and completely sets forth your understanding of the arrangements, and your acceptance hereof, by signing, dating and returning to Tracey Garrett the attached second copy of this letter.

We wish to express our appreciation for your efforts during your employment with the Corporation.

Sincerely,

for Dale Boeck
Manager, Nortel Networks

Attachments:    Second copy of this letter
                Distribution of Termination Allowance
                TD2 form
                Benefit Information Summary
                Pension Information
                Data Preservation Instructions

c.c.:  Tracey Garrett

Signature:    _____

Date:    _____



**PERSONAL & CONFIDENTIAL**

**Without Prejudice**

December 4, 2008

Rob Cooke
40 Steggall Crescent
Stittsville ON
K2S 1S4

Dear Rob:

This letter confirms our discussion today, at which time you were advised that your employment will terminate on February 2, 2009. On the termination date, your service, employment, and all pay and benefits not expressly extended to you in this letter will end.

Henceforth, you are no longer required to attend at work, but you will continue to receive your current salary and benefits until the termination date. To assist you in finding alternate employment, the professional career transition services of Right Management will be provided to you.

As used in this letter, the term "Corporation" shall mean Nortel Networks Corporation, its subsidiaries and affiliates, their successors and assigns, and all of their past and present officers, directors, employees and agents (in their individual and representative capacities), in every case, individually and collectively.

**Except to the extent disclosure may be required in connection with any professional advice you may seek or in connection with the professional outplacement services, you will treat as confidential the terms of this letter. Without limiting the generality of the foregoing, you shall not disclose directly or indirectly, the contents of this letter to any employees or former employees of the Corporation.**

Conditional upon: (i) your compliance with all terms and conditions of this letter; and (ii) your not obtaining employment with the Corporation, prior to the termination date that would enable you to continue your employment with the Corporation, the Corporation shall, on or immediately following the termination date, pay you a lump sum of $61,082.00 less statutory deductions. This payment ("the termination payment") in addition to the provided period of paid notice is intended to recognize your past service with the Corporation and to compensate you in all respects for the loss of employment. It is inclusive of any severance and/or termination payment to which you may be entitled as a consequence of the termination of your employment under applicable employment standards legislation. Payment will be made to you upon receipt of an executed copy of this letter and the completed Distribution of Termination Allowance, which is attached. In accordance with the Income Tax Act, you are eligible, based on your years of service up to December 31, 1995, to make a deposit into an RRSP as a retiring allowance in the amount of $  0.00. If you wish to direct a portion of the termination payment into an RRSP, you must also complete the attached TD2 form and return it, together with the executed second copy of this letter to the HR Shared Services Center.

If you recommence employment with the Corporation after the termination date but prior to August 17, 2009, you agree that you will return to the Corporation the portion of the termination payment equivalent to your gross weekly/daily salary with the Corporation multiplied by the number of weeks/days during which you were employed with the Corporation prior to August 17, 2009.

Prepared by HR Shared Services

Rob Cooke
December 4, 2008
Page 2

The Corporation will also pay unused vacation you have accrued, up to and including the termination date, in accordance with the applicable policy and practice.

If you are in an Annual Incentive Plan-eligible position, your eligibility for an incentive award bonus for the current calendar year will be determined by the terms and conditions of the relevant plan in effect at the time. Eligibility shall not be construed as a right to such payment. In the event that you receive an award, it will be paid at the same time that other Annual Incentive Plan participants receive their awards.

You will not be eligible for any future or additional grant(s) of stock options or award(s) of restricted stock units (RSUs). The Corporation will allow you to vest until **August 17, 2009** the end of your severance or Extension Period, any stock options and/or RSUs granted to you under the Nortel Networks Corporation 1986 Stock Option Plan as Amended and Restated ("the 1986 Plan"), the Nortel Networks Corporation 2000 Stock Option Plan ("the 2000 Plan"), and/or the Nortel 2005 Stock Incentive Plan ("the 2005 SIP Plan"), subject to the terms and conditions of those plans and in accordance with the instrument(s) of grant and/or instrument(s) of award and the vesting schedule outlined therein. Your severance or Extension Period is defined by the applicable stock option plan. The remaining portion of stock options and/or RSUs that do not vest shall be forfeited and cancelled.

All vested stock options granted to you under the 1986 Plan on or prior to May 15, 2000 must be exercised prior to the end of your severance period, but not in any case after the expiry date for the applicable award. You will have a further ninety (90) calendar day period following the end of your severance or Extension Period to exercise any vested stock options granted to you after May 15, 2000 under the 1986 Plan, under the 2000 Plan or under the 2005 SIP Plan, but not in any case after the expiry date for the applicable award.

With respect to RSUs, vested RSUs will be settled in accordance with the terms and conditions of the 2005 SIP Plan and the applicable instrument(s) of award.

Should you be considered a retiree in accordance with the 1986 Plan, the 2000 Plan, or the 2005 SIP Plan, the vesting and exercising/settlement of your stock options/RSUs shall be subject to the terms and conditions of the applicable plan and the applicable instrument(s) of grant and/or instrument(s) of award.

Your rights with respect to stock options awarded under a stock option plan previously assumed by Nortel in connection with certain past merger and acquisition transactions shall be determined in accordance with the applicable plan and instrument of grant.

You understand and agree that if you have the designation of either "Reporting" or "Non-Reporting" Insider pursuant to Corporate Policy 320.28 of Nortel Networks Corporation (and under applicable Canadian/US securities legislation for Reporting Insiders), you will cease to have this designation effective 12:01 a.m. the day following your termination date. Notwithstanding the fact that you will no longer have this designation, if you are in possession of material non-public information relating to Nortel Networks, you are prohibited from trading in Nortel Networks securities (or informing another person of the material non-public information) in accordance with applicable laws. If you are a "Reporting" Insider, you understand that you are required to amend your insider profile within 10 days of your termination date on the Canadian System for Electronic Disclosure by Insiders (SEDI) to indicate that you are no longer a "Reporting" Insider of Nortel Networks. You should contact the Insider Reporting Department at (905) 863-1220 and fax (905) 863-8524 for assistance in amending the SEDI profile.

Prepared by HR Shared Services

Rob Cooke
December 4, 2008
Page 3

Please find attached a pension estimate, and a Benefit Information Summary.

You hereby confirm that you have accounted for and returned to Nortel Networks all property (including but not limited to documents and disks, any Nortel Networks car, mobile telephone, credit cards, equipment, keys and passes, including the Nortel Networks ID badge), belonging to Nortel Networks which is or has been in your possession or under your control. Documents and disks shall include but not be limited to (i) correspondence, files, e-mails, memos, reports, minutes, plans, records, surveys, software, diagrams, computer print-outs, floppy disks, manuals, customer documentation or any other medium for storing information, and (ii) the Information as described in the documents attached to this letter identified as **DATA PRESERVATION INSTRUCTIONS (the "Instructions")**. Your signature at the end of this letter confirms that you have read, do understand, agree, and give consent concerning the statements in the Instructions.

You acknowledge that you continue to be bound by the terms of the Agreement Relating to Intellectual Property and Confidentiality, and any related agreements, which you executed in the course of your hiring and employment by the Corporation. You confirm that your entire right, title and interest to all intellectual property as generally described in such agreements with the Corporation, are assigned to the Corporation regardless of the exact terms in, or the existence of, such an agreement between you and the Corporation. You shall continue to treat in a confidential manner any proprietary information or trade secrets acquired by you in respect of any business of the Corporation or relating to any other dealings, transactions or affairs, which may have come to your knowledge in any manner during your employment. Further, you will not speak of the Corporation or any of its employees, officers or representatives in disparaging terms nor in any other negative way communicate about your employment with the Corporation.

In consideration of the foregoing, and by accepting these arrangements, you hereby: release and forever discharge the Corporation, its directors, officers, employees, and representatives of and from all manner of actions, causes of actions, suits, debts, accounts, covenants, contracts, claims, including, without limitation, claims under applicable employment standards and human rights legislation, and demands whatsoever which you have had, now have or which your heirs, executors, administrators, or assigns or any of them, hereafter can, shall or may have against the Corporation, its employees and representatives, for or by reasons of any cause, matter or thing whatsoever in connection with your employment with the Corporation, including without limitation the termination of such employment; and agree that , until your termination date, and for one year following the termination of your employment with the Corporation, you shall not, on behalf of yourself or others, directly or indirectly, recruit, induce or solicit or attempt to recruit, induce or solicit any individual who is supplying services to the Corporation, whether as an employee, contractor, consultant or otherwise, to terminate their employment or contractual arrangements with the Corporation or to accept engagement with another person or entity unrelated to the Corporation.

You acknowledge that the payment and other arrangements offered herein do not represent an admission or recognition of liability on the part of the Corporation and they shall not be referred to, directly or indirectly, as such an admission or recognition of liability.

This letter constitutes the entire agreement of the parties with respect to the termination of your employment. There are no promises, understandings or representations other than those set forth herein. Further, this letter supersedes any other arrangements, written or otherwise, relating to your employment and the cessation of your employment. This letter may be modified only with a written instrument duly executed by you and an authorized representative of the Corporation.

The terms and conditions of this letter will be open for your review and consideration through the close of business on January 3, 2009. If you have not returned an executed copy of this letter by that time, the terms and conditions set forth in this letter shall be withdrawn as of that time and date.

You acknowledge that you have read this letter, and that you understand all of its terms, and have executed it voluntarily, with full knowledge of its significance. Finally, you acknowledge that you understand you are hereby granting to the Corporation a full and final release as set forth above.

Prepared by HR Shared Services

Rob Cooke
December 4, 2008
Page 4

Please acknowledge that the foregoing correctly and completely sets forth your understanding of the arrangements, and your acceptance hereof, by signing, dating and returning to the HR Shared Services Center the attached second copy of this letter.

We wish to express our appreciation for your efforts during your employment with the Corporation.

Sincerely,

Richard Pinti
Manager, Nortel Networks

Attachments:        Second copy of this letter
                    Distribution of Termination Allowance
                    TD2 form
                    Source Deduction Relief Form
                    Benefit Information Summary
                    Pension Information (if applicable)
                    Data Preservation Instructions


Signature:        _____

Date:             _____

Prepared by HR Shared Services



**PERSONAL & CONFIDENTIAL**

**Without Prejudice**

December 8, 2008

Dawn Desplanque
138 Allanford Ave.
Ottawa ON
K1T 3Y5

Dear Dawn:

This letter confirms our discussion today, at which time you were advised that your employment will terminate on February 6, 2009. On the termination date, your service, employment, and all pay and benefits not expressly extended to you in this letter will end.

Henceforth, you are no longer required to attend at work, but you will continue to receive your current salary and benefits until the termination date. To assist you in finding alternate employment, the professional career transition services of Right Management will be provided to you.

As used in this letter, the term "Corporation" shall mean Nortel Networks Corporation, its subsidiaries and affiliates, their successors and assigns, and all of their past and present officers, directors, employees and agents (in their individual and representative capacities), in every case, individually and collectively.

**Except to the extent disclosure may be required in connection with any professional advice you may seek or in connection with the professional outplacement services, you will treat as confidential the terms of this letter. Without limiting the generality of the foregoing, you shall not disclose directly or indirectly, the contents of this letter to any employees or former employees of the Corporation.**

Conditional upon: (i) your compliance with all terms and conditions of this letter; and (ii) your not obtaining employment with the Corporation, prior to the termination date that would enable you to continue your employment with the Corporation, the Corporation shall, on or immediately following the termination date, pay you a lump sum of $77,870.00 less statutory deductions. This payment ("the termination payment") in addition to the provided period of paid notice is intended to recognize your past service with the Corporation and to compensate you in all respects for the loss of employment. It is inclusive of any severance and/or termination payment to which you may be entitled as a consequence of the termination of your employment under applicable employment standards legislation. Payment will be made to you upon receipt of an executed copy of this letter and the completed Distribution of Termination Allowance, which is attached. In accordance with the Income Tax Act, you are eligible, based on your years of service up to December 31, 1995, to make a deposit into an RRSP as a retiring allowance in the amount of $12,000.00. If you wish to direct a portion of the termination payment into an RRSP, you must also complete the attached TD2 form and return it, together with the executed second copy of this letter to the HR Shared Services Center.

If you recommence employment with the Corporation after the termination date but prior to February 5, 2010, you agree that you will return to the Corporation the portion of the termination payment equivalent to your gross weekly/daily salary with the Corporation multiplied by the number of weeks/days during which you were employed with the Corporation prior to February 5, 2010.

Prepared by HR Shared Services

Dawn Desplanque
December 8, 2008
Page 2

The Corporation will also pay unused vacation you have accrued, up to and including the termination date, in accordance with the applicable policy and practice.

If you are in an Annual Incentive Plan-eligible position, your eligibility for an incentive award bonus for the current calendar year will be determined by the terms and conditions of the relevant plan in effect at the time. Eligibility shall not be construed as a right to such payment. In the event that you receive an award, it will be paid at the same time that other Annual Incentive Plan participants receive their awards.

You will not be eligible for any future or additional grant(s) of stock options or award(s) of restricted stock units (RSUs). The Corporation will allow you to vest until **February 5, 2010** the end of your severance or Extension Period, any stock options and/or RSUs granted to you under the Nortel Networks Corporation 1986 Stock Option Plan as Amended and Restated ("the 1986 Plan"), the Nortel Networks Corporation 2000 Stock Option Plan ("the 2000 Plan"), and/or the Nortel 2005 Stock Incentive Plan ("the 2005 SIP Plan"), subject to the terms and conditions of those plans and in accordance with the instrument(s) of grant and/or instrument(s) of award and the vesting schedule outlined therein. Your severance or Extension Period is defined by the applicable stock option plan. The remaining portion of stock options and/or RSUs that do not vest shall be forfeited and cancelled.

All vested stock options granted to you under the 1986 Plan on or prior to May 15, 2000 must be exercised prior to the end of your severance period, but not in any case after the expiry date for the applicable award. You will have a further ninety (90) calendar day period following the end of your severance or Extension Period to exercise any vested stock options granted to you after May 15, 2000 under the 1986 Plan, under the 2000 Plan or under the 2005 SIP Plan, but not in any case after the expiry date for the applicable award.

With respect to RSUs, vested RSUs will be settled in accordance with the terms and conditions of the 2005 SIP Plan and the applicable instrument(s) of award.

Should you be considered a retiree in accordance with the 1986 Plan, the 2000 Plan, or the 2005 SIP Plan, the vesting and exercising/settlement of your stock options/RSUs shall be subject to the terms and conditions of the applicable plan and the applicable instrument(s) of grant and/or instrument(s) of award.

Your rights with respect to stock options awarded under a stock option plan previously assumed by Nortel in connection with certain past merger and acquisition transactions shall be determined in accordance with the applicable plan and instrument of grant.

You understand and agree that if you have the designation of either "Reporting" or "Non-Reporting" Insider pursuant to Corporate Policy 320.28 of Nortel Networks Corporation (and under applicable Canadian/US securities legislation for Reporting Insiders), you will cease to have this designation effective 12:01 a.m. the day following your termination date. Notwithstanding the fact that you will no longer have this designation, if you are in possession of material non-public information relating to Nortel Networks, you are prohibited from trading in Nortel Networks securities (or informing another person of the material non-public information) in accordance with applicable laws. If you are a "Reporting" Insider, you understand that you are required to amend your insider profile within 10 days of your termination date on the Canadian System for Electronic Disclosure by Insiders (SEDI) to indicate that you are no longer a "Reporting" Insider of Nortel Networks. You should contact the Insider Reporting Department at (905) 863-1220 and fax (905) 863-8524 for assistance in amending the SEDI profile.

Prepared by HR Shared Services

Dawn Desplanque
December 8, 2008
Page 3

Please find attached a pension estimate, and a Benefit Information Summary.

You hereby confirm that you have accounted for and returned to Nortel Networks all property (including but not limited to documents and disks, any Nortel Networks car, mobile telephone, credit cards, equipment, keys and passes, including the Nortel Networks ID badge), belonging to Nortel Networks which is or has been in your possession or under your control. Documents and disks shall include but not be limited to (i) correspondence, files, e-mails, memos, reports, minutes, plans, records, surveys, software, diagrams, computer print-outs, floppy disks, manuals, customer documentation or any other medium for storing information, and (ii) the Information as described in the documents attached to this letter identified as **DATA PRESERVATION INSTRUCTIONS** (the "Instructions"). Your signature at the end of this letter confirms that you have read, do understand, agree, and give consent concerning the statements in the Instructions.

You acknowledge that you continue to be bound by the terms of the Agreement Relating to Intellectual Property and Confidentiality, and any related agreements, which you executed in the course of your hiring and employment by the Corporation. You confirm that your entire right, title and interest to all intellectual property as generally described in such agreements with the Corporation, are assigned to the Corporation regardless of the exact terms in, or the existence of, such an agreement between you and the Corporation. You shall continue to treat in a confidential manner any proprietary information or trade secrets acquired by you in respect of any business of the Corporation or relating to any other dealings, transactions or affairs, which may have come to your knowledge in any manner during your employment. Further, you will not speak of the Corporation or any of its employees, officers or representatives in disparaging terms nor in any other negative way communicate about your employment with the Corporation.

In consideration of the foregoing, and by accepting these arrangements, you hereby: release and forever discharge the Corporation, its directors, officers, employees, and representatives of and from all manner of actions, causes of actions, suits, debts, accounts, covenants, contracts, claims, including, without limitation, claims under applicable employment standards and human rights legislation, and demands whatsoever which you have had, now have or which your heirs, executors, administrators, or assigns or any of them, hereafter can, shall or may have against the Corporation, its employees and representatives, for or by reasons of any cause, matter or thing whatsoever in connection with your employment with the Corporation, including without limitation the termination of such employment; and agree that , until your termination date, and for one year following the termination of your employment with the Corporation, you shall not, on behalf of yourself or others, directly or indirectly, recruit, induce or solicit or attempt to recruit, induce or solicit any individual who is supplying services to the Corporation, whether as an employee, contractor, consultant or otherwise, to terminate their employment or contractual arrangements with the Corporation or to accept engagement with another person or entity unrelated to the Corporation.

You acknowledge that the payment and other arrangements offered herein do not represent an admission or recognition of liability on the part of the Corporation and they shall not be referred to, directly or indirectly, as such an admission or recognition of liability.

This letter constitutes the entire agreement of the parties with respect to the termination of your employment. There are no promises, understandings or representations other than those set forth herein. Further, this letter supersedes any other arrangements, written or otherwise, relating to your employment and the cessation of your employment. This letter may be modified only with a written instrument duly executed by you and an authorized representative of the Corporation.

The terms and conditions of this letter will be open for your review and consideration through the close of business on January 7, 2009. If you have not returned an executed copy of this letter by that time, the terms and conditions set forth in this letter shall be withdrawn as of that time and date.

You acknowledge that you have read this letter, and that you understand all of its terms, and have executed it voluntarily, with full knowledge of its significance. Finally, you acknowledge that you understand you are hereby granting to the Corporation a full and final release as set forth above.

Prepared by HR Shared Services

Dawn Desplanque
December 8, 2008
Page 4

Please acknowledge that the foregoing correctly and completely sets forth your understanding of the arrangements, and your acceptance hereof, by signing, dating and returning to the HR Shared Services Center the attached second copy of this letter.

We wish to express our appreciation for your efforts during your employment with the Corporation.

Sincerely,

John Tung
Manager, Nortel Networks

Attachments:    Second copy of this letter
Distribution of Termination Allowance
TD2 form
Source Deduction Relief Form
Benefit Information Summary
Pension Information (if applicable)
Data Preservation Instructions

Signature:

Date: December 8, 2008



**PERSONAL & CONFIDENTIAL**

**Without Prejudice**

December 15, 2008


Marie Devlin
50 Thunderbird Crescent
Kanata ON
K2M 2H4

Dear Marie:

This letter confirms our discussion today, at which time you were advised that your employment will terminate on February 13, 2009. On the termination date, your service, employment, and all pay and benefits not expressly extended to you in this letter will end.

Henceforth, you are no longer required to attend at work, but you will continue to receive your current salary and benefits until the termination date. To assist you in finding alternate employment, the professional career transition services of Right Management will be provided to you.

As used in this letter, the term "Corporation" shall mean Nortel Networks Corporation, its subsidiaries and affiliates, their successors and assigns, and all of their past and present officers, directors, employees and agents (in their individual and representative capacities), in every case, individually and collectively.

**Except to the extent disclosure may be required in connection with any professional advice you may seek or in connection with the professional outplacement services, you will treat as confidential the terms of this letter. Without limiting the generality of the foregoing, you shall not disclose directly or indirectly, the contents of this letter to any employees or former employees of the Corporation.**

Conditional upon: (i) your compliance with all terms and conditions of this letter; and (ii) your not obtaining employment with the Corporation, prior to the termination date that would enable you to continue your employment with the Corporation, the Corporation shall, on or immediately following the termination date, pay you a lump sum of $66,213.00 less statutory deductions. This payment ("the termination payment") in addition to the provided period of paid notice is intended to recognize your past service with the Corporation and to compensate you in all respects for the loss of employment. It is inclusive of any severance and/or termination payment to which you may be entitled as a consequence of the termination of your employment under applicable employment standards legislation. Payment will be made to you upon receipt of an executed copy of this letter and the completed Distribution of Termination Allowance, which is attached. In accordance with the Income Tax Act, you are eligible, based on your years of service up to December 31, 1995, to make a deposit into an RRSP as a retiring allowance in the amount of $4,000.00. If you wish to direct a portion of the termination payment into an RRSP, you must also complete the attached TD2 form and return it, together with the executed second copy of this letter to the HR Shared Services Center.

If you recommence employment with the Corporation after the termination date but prior to December 4, 2009, you agree that you will return to the Corporation the portion of the termination payment equivalent to your gross weekly/daily salary with the Corporation multiplied by the number of weeks/days during which you were employed with the Corporation prior to December 4, 2009.

Prepared by HR Shared Services

Marie Devlin
December 15, 2008
Page 2

The Corporation will also pay unused vacation you have accrued, up to and including the termination date, in accordance with the applicable policy and practice.

If you are in an Annual Incentive Plan-eligible position, your eligibility for an incentive award bonus for the current calendar year will be determined by the terms and conditions of the relevant plan in effect at the time. Eligibility shall not be construed as a right to such payment. In the event that you receive an award, it will be paid at the same time that other Annual Incentive Plan participants receive their awards.

You will not be eligible for any future or additional grant(s) of stock options or award(s) of restricted stock units (RSUs). The Corporation will allow you to vest until December 4, 2009 the end of your severance or Extension Period, any stock options and/or RSUs granted to you under the Nortel Networks Corporation 1986 Stock Option Plan as Amended and Restated ("the 1986 Plan"), the Nortel Networks Corporation 2000 Stock Option Plan ("the 2000 Plan"), and/or the Nortel 2005 Stock Incentive Plan ("the 2005 SIP Plan"), subject to the terms and conditions of those plans and in accordance with the instrument(s) of grant and/or instrument(s) of award and the vesting schedule outlined therein. Your severance or Extension Period is defined by the applicable stock option plan. The remaining portion of stock options and/or RSUs that do not vest shall be forfeited and cancelled.

All vested stock options granted to you under the 1986 Plan on or prior to May 15, 2000 must be exercised prior to the end of your severance period, but not in any case after the expiry date for the applicable award.    You will have a further ninety (90) calendar day period following the end of your severance or Extension Period to exercise any vested stock options granted to you after May 15, 2000 under the 1986 Plan, under the 2000 Plan or under the 2005 SIP Plan, but not in any case after the expiry date for the applicable award.

With respect to RSUs, vested RSUs will be settled in accordance with the terms and conditions of the 2005 SIP Plan and the applicable instrument(s) of award.

Should you be considered a retiree in accordance with the 1986 Plan, the 2000 Plan, or the 2005 SIP Plan, the vesting and exercising/settlement of your stock options/RSUs shall be subject to the terms and conditions of the applicable plan and the applicable instrument(s) of grant and/or instrument(s) of award.

Your rights with respect to stock options awarded under a stock option plan previously assumed by Nortel in connection with certain past merger and acquisition transactions shall be determined in accordance with the applicable plan and instrument of grant.

You understand and agree that if you have the designation of either "Reporting" or "Non-Reporting" Insider pursuant to Corporate Policy 320.28 of Nortel Networks Corporation (and under applicable Canadian/US securities legislation for Reporting Insiders), you will cease to have this designation effective 12:01 a.m. the day following your termination date. Notwithstanding the fact that you will no longer have this designation, if you are in possession of material non-public information relating to Nortel Networks, you are prohibited from trading in Nortel Networks securities (or informing another person of the material non-public information) in accordance with applicable laws. If you are a "Reporting" Insider, you understand that you are required to amend your insider profile within 10 days of your termination date on the Canadian System for Electronic Disclosure by Insiders (SEDI) to indicate that you are no longer a "Reporting" Insider of Nortel Networks. You should contact the Insider Reporting Department at (905) 863-1220 and fax (905) 863-8524 for assistance in amending the SEDI profile.

Prepared by HR Shared Services

Marie Devlin
December 15, 2008
Page 3

Please find attached a pension estimate, and a Benefit Information Summary.

You hereby confirm that you have accounted for and returned to Nortel Networks all property (including but not limited to documents and disks, any Nortel Networks car, mobile telephone, credit cards, equipment, keys and passes, including the Nortel Networks ID badge), belonging to Nortel Networks which is or has been in your possession or under your control. Documents and disks shall include but not be limited to (i) correspondence, files, e-mails, memos, reports, minutes, plans, records, surveys, software, diagrams, computer print-outs, floppy disks, manuals, customer documentation or any other medium for storing information, and (ii) the Information as described in the documents attached to this letter identified as **DATA PRESERVATION INSTRUCTIONS (the "Instructions")**. Your signature at the end of this letter confirms that you have read, do understand, agree, and give consent concerning the statements in the Instructions.

You acknowledge that you continue to be bound by the terms of the Agreement Relating to Intellectual Property and Confidentiality, and any related agreements, which you executed in the course of your hiring and employment by the Corporation. You confirm that your entire right, title and interest to all intellectual property as generally described in such agreements with the Corporation, are assigned to the Corporation regardless of the exact terms in, or the existence of, such an agreement between you and the Corporation. You shall continue to treat in a confidential manner any proprietary information or trade secrets acquired by you in respect of any business of the Corporation or relating to any other dealings, transactions or affairs, which may have come to your knowledge in any manner during your employment. Further, you will not speak of the Corporation or any of its employees, officers or representatives in disparaging terms nor in any other negative way communicate about your employment with the Corporation.

In consideration of the foregoing, and by accepting these arrangements, you hereby: release and forever discharge the Corporation, its directors, officers, employees, and representatives of and from all manner of actions, causes of actions, suits, debts, accounts, covenants, contracts, claims, including, without limitation, claims under applicable employment standards and human rights legislation, and demands whatsoever which you have had, now have or which your heirs, executors, administrators, or assigns or any of them, hereafter can, shall or may have against the Corporation, its employees and representatives, for or by reasons of any cause, matter or thing whatsoever in connection with your employment with the Corporation, including without limitation the termination of such employment; and agree that , until your termination date, and for one year following the termination of your employment with the Corporation, you shall not, on behalf of yourself or others, directly or indirectly, recruit, induce or solicit or attempt to recruit, induce or solicit any individual who is supplying services to the Corporation, whether as an employee, contractor, consultant or otherwise, to terminate their employment or contractual arrangements with the Corporation or to accept engagement with another person or entity unrelated to the Corporation.

You acknowledge that the payment and other arrangements offered herein do not represent an admission or recognition of liability on the part of the Corporation and they shall not be referred to, directly or indirectly, as such an admission or recognition of liability.

This letter constitutes the entire agreement of the parties with respect to the termination of your employment. There are no promises, understandings or representations other than those set forth herein. Further, this letter supersedes any other arrangements, written or otherwise, relating to your employment and the cessation of your employment. This letter may be modified only with a written instrument duly executed by you and an authorized representative of the Corporation.

The terms and conditions of this letter will be open for your review and consideration through the close of business on January 14, 2009. If you have not returned an executed copy of this letter by that time, the terms and conditions set forth in this letter shall be withdrawn as of that time and date.

You acknowledge that you have read this letter, and that you understand all of its terms, and have executed it voluntarily, with full knowledge of its significance. Finally, you acknowledge that you understand you are hereby granting to the Corporation a full and final release as set forth above.

Prepared by HR Shared Services

Marie Devlin
December 15, 2008
Page 4

Please acknowledge that the foregoing correctly and completely sets forth your understanding of the arrangements, and your acceptance hereof, by signing, dating and returning to the HR Shared Services Center the attached second copy of this letter.

We wish to express our appreciation for your efforts during your employment with the Corporation.

Sincerely,

Tony Hicks
Manager, Nortel Networks

Attachments:       Second copy of this letter
                   Distribution of Termination Allowance
                   TD2 form
                   Source Deduction Relief Form
                   Benefit Information Summary
                   Pension Information (if applicable)
                   Data Preservation Instructions

Signature:

Date:              Jan. 12, 2009



**PERSONAL & CONFIDENTIAL**

**Without Prejudice**

December 15, 2008

Christina Graham
50 Langmuir Cres
Toronto ON
M6S 2A7

Dear Christina:

This letter confirms our discussion today, at which time you were advised that your employment will terminate on February 13, 2009. On the termination date, your service, employment, and all pay and benefits not expressly extended to you in this letter will end.

Henceforth, you are no longer required to attend at work, but you will continue to receive your current salary and benefits until the termination date. To assist you in finding alternate employment, the professional career transition services of Right Management will be provided to you.

As used in this letter, the term "Corporation" shall mean Nortel Networks Corporation, its subsidiaries and affiliates, their successors and assigns, and all of their past and present officers, directors, employees and agents (in their individual and representative capacities), in every case, individually and collectively.

**Except to the extent disclosure may be required in connection with any professional advice you may seek or in connection with the professional outplacement services, you will treat as confidential the terms of this letter. Without limiting the generality of the foregoing, you shall not disclose directly or indirectly, the contents of this letter to any employees or former employees of the Corporation.**

Conditional upon: (i) your compliance with all terms and conditions of this letter; and (ii) your not obtaining employment with the Corporation, prior to the termination date that would enable you to continue your employment with the Corporation, the Corporation shall, on or immediately following the termination date, pay you a lump sum of $75,136.00 less statutory deductions. This payment ("the termination payment") in addition to the provided period of paid notice is intended to recognize your past service with the Corporation and to compensate you in all respects for the loss of employment. It is inclusive of any severance and/or termination payment to which you may be entitled as a consequence of the termination of your employment under applicable employment standards legislation. Payment will be made to you upon receipt of an executed copy of this letter and the completed Distribution of Termination Allowance, which is attached. In accordance with the Income Tax Act, you are eligible, based on your years of service up to December 31, 1995, to make a deposit into an RRSP as a retiring allowance in the amount of $   0.00. If you wish to direct a portion of the termination payment into an RRSP, you must also complete the attached TD2 form and return it, together with the executed second copy of this letter to the HR Shared Services Center.

If you recommence employment with the Corporation after the termination date but prior to September 25, 2009, you agree that you will return to the Corporation the portion of the termination payment equivalent to your gross weekly/daily salary with the Corporation multiplied by the number of weeks/days during which you were employed with the Corporation prior to September 25, 2009.

Prepared by HR Shared Services

Christina Graham
December 15, 2008
Page 2

The Corporation will also pay unused vacation you have accrued, up to and including the termination date, in accordance with the applicable policy and practice.

If you are in an Annual Incentive Plan-eligible position, your eligibility for an incentive award bonus for the current calendar year will be determined by the terms and conditions of the relevant plan in effect at the time. Eligibility shall not be construed as a right to such payment. In the event that you receive an award, it will be paid at the same time that other Annual Incentive Plan participants receive their awards.

You will not be eligible for any future or additional grant(s) of stock options or award(s) of restricted stock units (RSUs). The Corporation will allow you to vest until September 25, 2009 the end of your severance or Extension Period, any stock options and/or RSUs granted to you under the Nortel Networks Corporation 1986 Stock Option Plan as Amended and Restated ("the 1986 Plan"), the Nortel Networks Corporation 2000 Stock Option Plan ("the 2000 Plan"), and/or the Nortel 2005 Stock Incentive Plan ("the 2005 SIP Plan"), subject to the terms and conditions of those plans and in accordance with the instrument(s) of grant and/or instrument(s) of award and the vesting schedule outlined therein. Your severance or Extension Period is defined by the applicable stock option plan. The remaining portion of stock options and/or RSUs that do not vest shall be forfeited and cancelled.

All vested stock options granted to you under the 1986 Plan on or prior to May 15, 2000 must be exercised prior to the end of your severance period, but not in any case after the expiry date for the applicable award.    You will have a further ninety (90) calendar day period following the end of your severance or Extension Period to exercise any vested stock options granted to you after May 15, 2000 under the 1986 Plan, under the 2000 Plan or under the 2005 SIP Plan, but not in any case after the expiry date for the applicable award.

With respect to RSUs, vested RSUs will be settled in accordance with the terms and conditions of the 2005 SIP Plan and the applicable instrument(s) of award.

Should you be considered a retiree in accordance with the 1986 Plan, the 2000 Plan, or the 2005 SIP Plan, the vesting and exercising/settlement of your stock options/RSUs shall be subject to the terms and conditions of the applicable plan and the applicable instrument(s) of grant and/or instrument(s) of award.

Your rights with respect to stock options awarded under a stock option plan previously assumed by Nortel in connection with certain past merger and acquisition transactions shall be determined in accordance with the applicable plan and instrument of grant.

You understand and agree that if you have the designation of either "Reporting" or "Non-Reporting" Insider pursuant to Corporate Policy 320.28 of Nortel Networks Corporation (and under applicable Canadian/US securities legislation for Reporting Insiders), you will cease to have this designation effective 12:01 a.m. the day following your termination date. Notwithstanding the fact that you will no longer have this designation, if you are in possession of material non-public information relating to Nortel Networks, you are prohibited from trading in Nortel Networks securities (or informing another person of the material non-public information) in accordance with applicable laws. If you are a "Reporting" Insider, you understand that you are required to amend your insider profile within 10 days of your termination date on the Canadian System for Electronic Disclosure by Insiders (SEDI) to indicate that you are no longer a "Reporting" Insider of Nortel Networks. You should contact the Insider Reporting Department at (905) 863-1220 and fax (905) 863-8524 for assistance in amending the SEDI profile.

Prepared by HR Shared Services

Christina Graham
December 15, 2008
Page 3

Please find attached a pension estimate, and a Benefit Information Summary.

You hereby confirm that you have accounted for and returned to Nortel Networks all property (including but not limited to documents and disks, any Nortel Networks car, mobile telephone, credit cards, equipment, keys and passes, including the Nortel Networks ID badge), belonging to Nortel Networks which is or has been in your possession or under your control. Documents and disks shall include but not be limited to (i) correspondence, files, e-mails, memos, reports, minutes, plans, records, surveys, software, diagrams, computer print-outs, floppy disks, manuals, customer documentation or any other medium for storing information, and (ii) the Information as described in the documents attached to this letter identified as **DATA PRESERVATION INSTRUCTIONS (the "Instructions")**. Your signature at the end of this letter confirms that you have read, do understand, agree, and give consent concerning the statements in the Instructions.

You acknowledge that you continue to be bound by the terms of the Agreement Relating to Intellectual Property and Confidentiality, and any related agreements, which you executed in the course of your hiring and employment by the Corporation. You confirm that your entire right, title and interest to all intellectual property as generally described in such agreements with the Corporation, are assigned to the Corporation regardless of the exact terms in, or the existence of, such an agreement between you and the Corporation. You shall continue to treat in a confidential manner any proprietary information or trade secrets acquired by you in respect of any business of the Corporation or relating to any other dealings, transactions or affairs, which may have come to your knowledge in any manner during your employment. Further, you will not speak of the Corporation or any of its employees, officers or representatives in disparaging terms nor in any other negative way communicate about your employment with the Corporation.

In consideration of the foregoing, and by accepting these arrangements, you hereby: release and forever discharge the Corporation, its directors, officers, employees, and representatives of and from all manner of actions, causes of actions, suits, debts, accounts, covenants, contracts, claims, including, without limitation, claims under applicable employment standards and human rights legislation, and demands whatsoever which you have had, now have or which your heirs, executors, administrators, or assigns or any of them, hereafter can, shall or may have against the Corporation, its employees and representatives, for or by reasons of any cause, matter or thing whatsoever in connection with your employment with the Corporation, including without limitation the termination of such employment; and agree that , until your termination date, and for one year following the termination of your employment with the Corporation, you shall not, on behalf of yourself or others, directly or indirectly, recruit, induce or solicit or attempt to recruit, induce or solicit any individual who is supplying services to the Corporation, whether as an employee, contractor, consultant or otherwise, to terminate their employment or contractual arrangements with the Corporation or to accept engagement with another person or entity unrelated to the Corporation.

You acknowledge that the payment and other arrangements offered herein do not represent an admission or recognition of liability on the part of the Corporation and they shall not be referred to, directly or indirectly, as such an admission or recognition of liability.

This letter constitutes the entire agreement of the parties with respect to the termination of your employment. There are no promises, understandings or representations other than those set forth herein. Further, this letter supersedes any other arrangements, written or otherwise, relating to your employment and the cessation of your employment. This letter may be modified only with a written instrument duly executed by you and an authorized representative of the Corporation.

The terms and conditions of this letter will be open for your review and consideration through the close of business on January 14, 2009. If you have not returned an executed copy of this letter by that time, the terms and conditions set forth in this letter shall be withdrawn as of that time and date.

You acknowledge that you have read this letter, and that you understand all of its terms, and have executed it voluntarily, with full knowledge of its significance. Finally, you acknowledge that you understand you are hereby granting to the Corporation a full and final release as set forth above.

Prepared by HR Shared Services

Christina Graham
December 15, 2008
Page 4

Please acknowledge that the foregoing correctly and completely sets forth your understanding of the arrangements, and your acceptance hereof, by signing, dating and returning to the HR Shared Services Center the attached second copy of this letter.

We wish to express our appreciation for your efforts during your employment with the Corporation.

Sincerely,

Nettleton Payne
Manager, Nortel Networks

Attachments:    Second copy of this letter
                Distribution of Termination Allowance
                TD2 form
                Source Deduction Relief Form
                Benefit Information Summary
                Pension Information (if applicable)
                Data Preservation Instructions

Signature:    _____

Date:    _____

Prepared by HR Shared Services



PERSONAL & CONFIDENTIAL

**Without Prejudice**

December 11, 2008

Betsy Hung
4 Pine Bluff Trail
Stittsville ON
K2S 1E1

Dear Betsy:

This letter confirms our discussion today, at which time you were advised that your employment will terminate on February 9, 2009. On the termination date, your service, employment, and all pay and benefits not expressly extended to you in this letter will end.

Henceforth, you are no longer required to attend at work, but you will continue to receive your current salary and benefits until the termination date. To assist you in finding alternate employment, the professional career transition services of Right Management will be provided to you.

As used in this letter, the term "Corporation" shall mean Nortel Networks Corporation, its subsidiaries and affiliates, their successors and assigns, and all of their past and present officers, directors, employees and agents (in their individual and representative capacities), in every case, individually and collectively.

Except to the extent disclosure may be required in connection with any professional advice you may seek or in connection with the professional outplacement services, you will treat as confidential the terms of this letter. Without limiting the generality of the foregoing, you shall not disclose directly or indirectly, the contents of this letter to any employees or former employees of the Corporation.

Conditional upon: (i) your compliance with all terms and conditions of this letter; and (ii) your not obtaining employment with the Corporation, prior to the termination date that would enable you to continue your employment with the Corporation, the Corporation shall, on or immediately following the termination date, pay you a lump sum of $131,964.00 less statutory deductions. This payment ("the termination payment") in addition to the provided period of paid notice is intended to recognize your past service with the Corporation and to compensate you in all respects for the loss of employment. It is inclusive of any severance and/or termination payment to which you may be entitled as a consequence of the termination of your employment under applicable employment standards legislation. Payment will be made to you upon receipt of an executed copy of this letter and the completed Distribution of Termination Allowance, which is attached. In accordance with the Income Tax Act, you are eligible, based on your years of service up to December 31, 1995, to make a deposit into an RRSP as a retiring allowance in the amount of $22,000.00. If you wish to direct a portion of the termination payment into an RRSP, you must also complete the attached TD2 form and return it, together with the executed second copy of this letter to the HR Shared Services Center.

If you recommence employment with the Corporation after the termination date but prior to March 8, 2010, you agree that you will return to the Corporation the portion of the termination payment equivalent to your gross weekly/daily salary with the Corporation multiplied by the number of weeks/days during which you were employed with the Corporation prior to March 8, 2010.

Prepared by HR Shared Services

xtung
.ecember 11, 2008
Page 2

The Corporation will also pay unused vacation you have accrued, up to and including the termination date, in accordance with the applicable policy and practice.

If by March 8, 2010,, and notwithstanding your reasonable and continuous efforts to find alternate employment, you have not found or been offered alternate employment or engaged in other remunerative activity, the Corporation will provide additional bi-weekly payments based on your current wage rate (less applicable deductions) for a period of up to 13 weeks. To qualify for payment, you will be required to furnish, from time-to-time, evidence satisfactory to the Corporation of your efforts as above, which may include proof that you have remained active in accessing the services of the assigned outplacement firm, and are continuing your search to secure alternate employment or other remunerative activity. You may also be required to produce evidence of any and all income you have received subsequent to your receipt of notice of termination by the Corporation.

If you are in an Annual Incentive Plan-eligible position, your eligibility for an incentive award bonus for the current calendar year will be determined by the terms and conditions of the relevant plan in effect at the time. Eligibility shall not be construed as a right to such payment. In the event that you receive an award, it will be paid at the same time that other Annual Incentive Plan participants receive their awards.

You will not be eligible for any future or additional grant(s) of stock options or award(s) of restricted stock units (RSUs). The Corporation will allow you to vest until March 8, 2010 the end of your severance or Extension Period, any stock options and/or RSUs granted to you under the Nortel Networks Corporation 1986 Stock Option Plan as Amended and Restated ("the 1986 Plan"), the Nortel Networks Corporation 2000 Stock Option Plan ("the 2000 Plan"), and/or the Nortel 2005 Stock Incentive Plan ("the 2005 SIP Plan"), subject to the terms and conditions of those plans and in accordance with the instrument(s) of grant and/or instrument(s) of award and the vesting schedule outlined therein. Your severance or Extension Period is defined by the applicable stock option plan. The remaining portion of stock options and/or RSUs that do not vest shall be forfeited and cancelled.

All vested stock options granted to you under the 1986 Plan on or prior to May 15, 2000 must be exercised prior to the end of your severance period, but not in any case after the expiry date for the applicable award. You will have a further ninety (90) calendar day period following the end of your severance or Extension Period to exercise any vested stock options granted to you after May 15, 2000 under the 1986 Plan, under the 2000 Plan or under the 2005 SIP Plan, but not in any case after the expiry date for the applicable award.

With respect to RSUs, vested RSUs will be settled in accordance with the terms and conditions of the 2005 SIP Plan and the applicable instrument(s) of award.

Should you be considered a retiree in accordance with the 1986 Plan, the 2000 Plan, or the 2005 SIP Plan, the vesting and exercising/settlement of your stock options/RSUs shall be subject to the terms and conditions of the applicable plan and the applicable instrument(s) of grant and/or instrument(s) of award.

Your rights with respect to stock options awarded under a stock option plan previously assumed by Nortel in connection with certain past merger and acquisition transactions shall be determined in accordance with the applicable plan and instrument of grant.

You understand and agree that if you have the designation of either "Reporting" or "Non-Reporting" Insider pursuant to Corporate Policy 320.28 of Nortel Networks Corporation (and under applicable Canadian/US securities legislation for Reporting Insiders), you will cease to have this designation effective 12:01 a.m. the day following your termination date. Notwithstanding the fact that you will no longer have this designation, if you are in possession of material non-public information relating to Nortel Networks, you are prohibited from trading in Nortel Networks securities (or informing another person of the material non-public information) in accordance with applicable laws. If you are a "Reporting" Insider, you understand that you are required to amend your insider profile within 10 days of your termination date on the Canadian System for Electronic Disclosure by Insiders (SEDI) to indicate that you are no longer a "Reporting" Insider of Nortel Networks. You should contact the Insider Reporting Department at (905) 863-5220 and fax .
(905) 863-8524 for assistance in amending the SEDI profile.

Prepared by HR Shared Services

rlung
ember 11, 2008
age 3

Please find attached a pension estimate, and a Benefit Information Summary.

You hereby confirm that you have accounted for and returned to Nortel Networks all property (including but not limited to documents and disks, any Nortel Networks car, mobile telephone, credit cards, equipment, keys and passes, including the Nortel Networks ID badge), belonging to Nortel Networks which is or has been in your possession or under your control. Documents and disks shall include but not be limited to (i) correspondence, files, e-mails, memos, reports, minutes, plans, records, surveys, software, diagrams, computer print-outs, floppy disks, manuals, customer documentation or any other medium for storing information, and (ii) the Information as described in the documents attached to this letter identified as **DATA PRESERVATION INSTRUCTIONS (the "Instructions")**. Your signature at the end of this letter confirms that you have read, do understand, agree, and give consent concerning the statements in the Instructions.

You acknowledge that you continue to be bound by the terms of the Agreement Relating to Intellectual Property and Confidentiality, and any related agreements, which you executed in the course of your hiring and employment by the Corporation. You confirm that your entire right, title and interest to all intellectual property as generally described in such agreements with the Corporation, are assigned to the Corporation regardless of the exact terms in, or the existence of, such an agreement between you and the Corporation. You shall continue to treat in a confidential manner any proprietary information or trade secrets acquired by you in respect of any business of the Corporation or relating to any other dealings, transactions or affairs, which may have come to your knowledge in any manner during your employment. Further, you will not speak of the Corporation or any of its employees, officers or representatives in disparaging terms nor in any other negative way communicate about your employment with the Corporation.

In consideration of the foregoing, and by accepting these arrangements, you hereby: release and forever discharge the Corporation, its directors, officers, employees, and representatives of and from all manner of actions, causes of actions, suits, debts, accounts, covenants, contracts, claims, including, without limitation, claims under applicable employment standards and human rights legislation, and demands whatsoever which you have had, now have or which your heirs, executors, administrators, or assigns or any of them, hereafter can, shall or may have against the Corporation, its employees and representatives, for or by reasons of any cause, matter or thing whatsoever in connection with your employment with the Corporation, including without limitation the termination of such employment; and agree that , until your termination date, and  for one year following the termination of your employment with the Corporation, you shall not, on behalf of yourself or others, directly or indirectly, recruit, induce or solicit or attempt to recruit, induce or solicit any individual who is supplying services to the Corporation, whether as an employee, contractor, consultant or otherwise, to terminate their employment or contractual arrangements with the Corporation or to accept engagement with another person or entity unrelated to the Corporation.

You acknowledge that the payment and other arrangements offered herein do not represent an admission or recognition of liability on the part of the Corporation and they shall not be referred to, directly or indirectly, as such an admission or recognition of liability.

This letter constitutes the entire agreement of the parties with respect to the termination of your employment. There are no promises, understandings or representations other than those set forth herein. Further, this letter supersedes any other arrangements, written or otherwise, relating to your employment and the cessation of your employment. This letter may be modified only with a written instrument duly executed by you and an authorized representative of the Corporation.

The terms and conditions of this letter will be open for your review and consideration through the close of business on January 10, 2009. If you have not returned an executed copy of this letter by that time, the terms and conditions set forth in this letter shall be withdrawn as of that time and date.

You acknowledge that you have read this letter, and that you understand all of its terms, and have executed it voluntarily, with full knowledge of its significance. Finally, you acknowledge that you understand you are hereby granting to the Corporation a full and final release as set forth above.

Prepared by HR Shared Services

.tung
ember 11, 2008
age 4

Please acknowledge that the foregoing correctly and completely sets forth your understanding of the arrangements, and your acceptance hereof, by signing, dating and returning to the HR Shared Services Center the attached second copy of this letter.

We wish to express our appreciation for your efforts during your employment with the Corporation.

Sincerely,

Allan Cleary
Manager, Nortel Networks

Attachments:     Second copy of this letter
                 Distribution of Termination Allowance
                 TD2 form
                 Source Deduction Relief Form
                 Benefit Information Summary
                 Pension Information (if applicable)
                 Data Preservation Instructions

Signature:    _____

Date:         _____

Prepared by HR Shared Services

**00404**



PERSONAL & CONFIDENTIAL

Without Prejudice

October 29, 2008

Paul Johnson
Box 518
Keoma AB
T0M 1G0

Dear Paul:

This letter confirms our discussion today, at which time you were advised that ███████████
This will also confirm that you will continue to work until November 14, 2008, at which tim███████████████ a 60-day ███
working notice period. ███████████████

█████████████████████████████████ To assist you in finding alternate employment,
the professional career transition services of Right Management will be provided to you.

As used in this letter, the term "Corporation" shall mean Nortel Networks Corporation, its sub██████ and affiliates, their successors
and assigns, and all of their past and present officers, directors, employees and agents (in their individual and representative
capacities), in every case, individually and collectively.

Except to the extent disclosure may be required in connection with any professional advice you may seek or in connection with
the professional outplacement services, you will treat as confidential the terms of this letter. Without limiting the generality of
the foregoing, you shall not disclose directly or indirectly, the contents of this letter to any other present or former employees of
the Corporation.

████████████████████████████████████████████████████████
████████████████████████████████████████████████████ This payment
("the termination payment") in addition to the provided period of paid notice is intended to █████████████ service with the
Corporation and to compensate you in all respects for the loss of employment. It is inclusive of any severance and/or termination
payment to which you may be entitled as a consequence of the termination of your employment under the applicable employment
standards legislation.

█████████████████████████ in accordance with the Income Tax Act, you ██████████████ years of service
up to December 31, 1995, to make a deposit into an RRSP as a retiring allowance in the amo███████████ If you wish to direct a
portion of the termination payment into an RRSP, you must also complete the attached TD2█████████ together with the
executed second copy of this letter to the HR Shared Services Center.

If you recommence employment with the Corporation after the termination date but prior to No██████ 2009, you agree that you
will return to the Corporation the portion of the termination payment equivalent to your gross weekly/daily salary with the
Corporation multiplied by the number of weeks/days during which you were employed with the Corporation prior to November 3,
2009.

█████████████ Shared Services

Paul Johnson
October 29, 2008
Page 2

The Corporation will also pay unused vacation you have accrued, up to and including the termination date, in accordance with the applicable policy and practice.

If you are in an Annual Incentive Plan-eligible position, your eligibility for an incentive award bonus for the current calendar year will be determined by the terms and conditions of the relevant plan in effect at the time. Eligibility shall not be construed as a right to such payment. In the event that you receive an award, it will be paid at the same time that other Annual Incentive Plan participants receive their awards.

You will not be eligible for any future or additional grant(s) of stock options or award(s) of restricted stock units (RSUs). The Corporation will allow you to vest until November 3, 2009 the end of your severance or Extension Period, any stock options and/or RSUs granted to you under the Nortel Networks Corporation 1986 Stock Option Plan as Amended and Restated ("the 1986 Plan"), the Nortel Networks Corporation 2000 Stock Option Plan ("the 2000 Plan"), and/or the Nortel 2005 Stock Incentive Plan ("the 2005 SIP Plan"), subject to the terms and conditions of those plans and in accordance with the instrument(s) of grant and/or instrument(s) of award and the vesting schedule outlined therein. Your severance or Extension Period is defined by the applicable stock option plan. The remaining portion of stock options and/or RSUs that do not vest shall be forfeited and cancelled.

All vested stock options granted to you under the 1986 Plan on or prior to May 15, 2000 must be exercised prior to the end of your severance period, but not in any case after the expiry date for the applicable award.    You will have a further ninety (90) calendar day period following the end of your severance or Extension Period to exercise any vested stock options granted to you after May 15, 2000 under the 1986 Plan, under the 2000 Plan or under the 2005 SIP Plan, but not in any case after the expiry date for the applicable award.

With respect to RSUs, vested RSUs will be settled in accordance with the terms and conditions of the 2005 SIP Plan and the applicable instrument(s) of award.

Should you be considered a retiree in accordance with the 1986 Plan, the 2000 Plan, or the 2005 SIP Plan, the vesting and exercising/settlement of your stock options/RSUs shall be subject to the terms and conditions of the applicable plan and the applicable instrument(s) of grant and/or instrument(s) of award.

Your rights with respect to stock options awarded under a stock option plan previously assumed by Nortel in connection with certain past merger and acquisition transactions shall be determined in accordance with the applicable plan and instrument of grant.

You understand and agree that if you have the designation of either "Reporting" or "Non-Reporting" Insider pursuant to Corporate Policy 320.28 of Nortel Networks Corporation (and under applicable Canadian/US securities legislation for Reporting Insiders), you will cease to have this designation effective 12:01 a.m. the day following your termination date. Notwithstanding the fact that you will no longer have this designation, if you are in possession of material non-public information relating to Nortel Networks, you are prohibited from trading in Nortel Networks securities (or informing another person of the material non-public information) in accordance with applicable laws. If you are a "Reporting" Insider, you understand that you are required to amend your insider profile within 10 days of your termination date on the Canadian System for Electronic Disclosure by Insiders (SEDI) to indicate that you are no longer a "Reporting" Insider of Nortel Networks. You should contact the Insider Reporting Department at (905) 863-1220 and fax (905) 863-8524 for assistance in amending the SEDI profile.

Paul Johnson
October 29, 200[?]
Page 3

Please find attached a pension estimate, and a Benefit Information Summary.

You hereby confirm that you have accounted for and returned to Nortel Networks all property (including but not limited to documents and disks, any Nortel Networks car, mobile telephone, credit cards, equipment, keys and passes, including the Nortel Networks ID badge), belonging to Nortel Networks which is or has been in your possession or under your control. Documents and disks shall include but not be limited to (i) correspondence, files, e-mails, memos, reports, minutes, plans, records, surveys, software, diagrams, computer print-outs, floppy disks, manuals, customer documentation or any other medium for storing information, and (ii) the information as described in the documents attached to this letter identified as DATA PRESERVATION INSTRUCTIONS (the "Instructions"). Your signature at the end of this letter confirms that you have read, do understand, agree, and give consent concerning the statements in the Instructions.

You acknowledge that you continue to be bound by the terms of the Agreement Relating to Intellectual Property and Confidentiality, and any related agreements, which you executed in the course of your hiring and employment by the Corporation. You confirm that your entire right, title and interest to all intellectual property as generally described in such agreements with the Corporation, are assigned to the Corporation regardless of the exact terms of, or the existence of, such an agreement between you and the Corporation. You shall continue to treat in a confidential manner any proprietary information or trade secrets acquired by you in respect of any business of the Corporation or relating to any other dealings, transactions or affairs, which may have come to your knowledge in any manner during your employment. Further, you will not speak of the Corporation or any of its employees, officers or representatives in disparaging terms nor in any other negative way communicate about your employment with the Corporation.

In consideration of the foregoing, and by accepting these arrangements, you hereby: release and forever discharge the Corporation, its directors, officers, employees, and representatives of and from all manner of actions, causes of actions, suits, debts, accounts, covenants, contracts, claims, including, without limitation, claims under applicable employment standards and human rights legislation, and demands whatsoever which you have had, now have or which your heirs, executors, administrators, or assigns or any of them, hereafter can, shall or may have against the Corporation, its employees and representatives, for or by reasons of any cause, matter or thing whatsoever in connection with your employment with the Corporation, including without limitation the termination of such employment; and agree that, until your termination date, and for one year following the termination of your employment with the Corporation, you shall not, on behalf of yourself or others, directly or indirectly, recruit, induce or solicit or attempt to recruit, induce or solicit any individual who is supplying services to the Corporation, whether as an employee, contractor, consultant or otherwise, to terminate their employment or contractual arrangements with the Corporation or to accept engagement with another person or entity unrelated to the Corporation.

You acknowledge that the payment and other arrangements offered herein do not represent an admission or recognition of liability on the part of the Corporation and they shall not be referred to, directly or indirectly, as such an admission or recognition of liability.

This letter constitutes the entire agreement of the parties with respect to the termination of your employment. There are no promises, understandings or representations other than those set forth herein. Further, this letter supersedes any other arrangements, written or otherwise, relating to your employment and the cessation of your employment. ███████████████

The terms and conditions of this letter will be open for your review and consideration through the close of business on December 14, 2008. If you have not returned an executed copy of this letter by that time, the terms and conditions set forth in this letter shall be withdrawn as of that time and date.

You acknowledge that you have read this letter, and that you understand all of its terms, and have executed it voluntarily, with full knowledge of its significance. Finally, you acknowledge that you understand you are hereby granting to the Corporation a full and final release as set forth above.

Prepared by HR Shared Services