# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Derek C. Abbott
302 351 9357
302 425 4664 Fax
dabbott@mnat.com

March 27, 2015

BY HAND AND ELECTRONIC FILING

The Honorable Kevin Gross
United States Bankruptcy Court
District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

Re: *In re Nortel Networks Inc., et al.*, Case No. 09-10138 (KG)

Dear Judge Gross:

We write in response to the Court's request that the parties submit authority regarding the admissibility of deposition designations for party-witnesses who testify live.

Federal Rule of Civil Procedure 32 (applicable to adversary proceedings in Bankruptcy Court under Federal Rule of Bankruptcy Procedure 7032) addresses "Using Depositions in Court Proceedings." Rule 32(a)(3) provides that "[a]n adverse party may use *for any purpose* the deposition of a party." F.R.C.P. 32(a)(3) (emphasis added). Accordingly, under Rule 32(a)(3), "a deposition of a party may be used by an adverse party for any purpose, including as part of the adverse party's substantive proof, regardless of whether the party is available to testify at trial." *Hilburn v. N.J. Dep't of Corrections*, Civil No. 7-6064, 2012 WL 3133890, at *22 (D.N.J. July 31, 2012); *see also Estate of Thompson v. Kawasaki Heavy Indus., Ltd.*, 291 F.R.D. 297, 305 (N.D. Iowa 2013) ("Rule 32(a)(3), by its plain terms, appears to foreclose . . . attempts to preclude the use of . . . deposition testimony at trial, simply because the deponent will be available to testify live, because Rule 32(a)(3) expressly authorizes the use of a . . . deposition 'for any purpose.'"). "The rule is to be liberally construed," and the court "may not refuse to allow the deposition to be used merely because the party is available to testify in person." *N. Ins. Co. of N.Y. v. Albin Mfg., Inc.*, C.A. No. 06-190-S, 2008 WL 3285852, at *3 n.4 (D.R.I. Aug. 8, 2008) (quoting 8A Wright et al., *Federal Practice and Procedure* § 2145 (2d ed. 2008)).

The Honorable Kevin Gross
March 27, 2015
Page 2

Under Rule 32(a)(3), a party's pre-hearing deposition testimony may be designated by the adverse party either before or after the party has testified live. *See Fenstermacher v. Phila. Nat'l Bank*, 493 F.2d 333, 338 (3d Cir. 1974) (a party's ability to use the deposition of an adverse party "for any purpose" "remains the case even though the deposed party *has testified* at the hearing") (emphasis added); *see also Fey v. Walston & Co.*, 493 F.2d 1036, 1046 (7th Cir. 1974) ("The pre-trial deposition of a party is in a position different from that of an ordinary witness, and may be introduced as part of the adversary's substantive proof irrespective of the fact that the party is available to testify *or has testified* at the trial.") (emphasis added); *Superior Diving Co. v. Watts*, Civil Action No. 05-197, 2008 WL 533804, at *2 (E.D. La. Feb. 22, 2008) (Rule 32(a)(3) "allows a party's deposition to be used by an adverse party . . . regardless of whether the deponent is available to testify or has testified there").

Further, there is no requirement that the party against whom deposition testimony is offered have the opportunity to respond. For example, in *Northern Insurance Co.*, the defendant moved "[a]t the close of trial," for entry of portions of the plaintiff's deposition testimony into the record, and the court held that under Rule 32(a)(3), the "deposition appropriately may be included as substantive evidence on the record" although there had been no response from the plaintiff or its counsel on the matter. 2008 WL 3285852, at *3 n.4.

In this case, the stipulated protocol contemplated that deposition testimony of live witnesses could be presented at trial. *See Scheduling Order for Hearing on Motion of Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing Late Filed Claims* [D.I. 15163], at ¶ 5 ("[A]ny party may submit testimony from *any deponent* as direct or cross-examination, provided . . . that the Debtors shall serve all such designations (*except with respect to live witnesses*) upon the Ad Hoc Committee by March 23, 2015.") (emphasis added). U.S. Debtors' counsel confirmed their right to submit such deposition testimony in correspondence with Movants' counsel three days prior to the hearing. *See* attached e-mail from Michelle J. Parthum to Rachel B. Mersky, Esq., dated Mar. 23, 2015 ("For the avoidance of doubt and in accordance with the stipulated protocol, the U.S. Debtors reserve the right to submit deposition testimony for the live witnesses after they have testified."). Following receipt of that email, Movants' counsel never raised any objection or concern prior to the hearing.

Respectfully submitted,

Derek C. Abbott

cc: Rachel B. Mersky, Esq.

9012425