MONZACK MERSKY MCLAUGHLIN AND BROWDER, P.A.
ATTORNEYS AT LAW
1201 NORTH ORANGE STREET
SUITE 400
WILMINGTON, DE 19801-1155

(302) 656-8162
FACSIMILE: (302) 656-2769

WWW.MONLAW.COM

MELVYN I. MONZACK
RACHEL B. MERSKY
BRIAN J. MCLAUGHLIN
MARY ELIZABETH M. BROWDER
MICHAEL C. HOCHMAN

March 27, 2015

**VIA HAND DELIVERY**
The Honorable Kevin Gross
Bankruptcy Court, State of Delaware
824 North Market Street
6th Floor
Wilmington, DE 19801

RE:  In re Nortel Networks, Inc., et al 09-10138(KG)

Dear Judge Gross:

At the hearing yesterday on the Motion of the Ad Hoc Committee of Canadian Employees Terminated Pre-Petition for Entry of an Order Allowing the Filing of Claims After the Bar Date, Debtors counsel and all other interested parties had the unimpeded opportunity to examine three witnesses that testified live at trial. There was no limitation placed on the scope of the live examination of these witnesses and these witnesses had been identified as being present to testify live on March 13, 2015. The remainder of the witnesses testified by depositions and each party had previously designated the testimony to be introduced at trial. After the close of testimony, Debtors' counsel sought to designate testimony of the very witnesses that they had just examined. I objected to this attempt to add additional deposition testimony without the opportunity to have re-direct live testimony. In this case the witnesses had all been made available, hours of testimony had been elicited and Debtors counsel had, in fact, used the witnesses' deposition testimony to refresh memories and/or attempt to impeach live testimony. Debtors' counsel asserted that the Scheduling Order dated February 9, 2015 and an email from counsel for the Debtors to counsel for the Movants sent at 9:58 p.m. on March 23, 2015 reserved this right and that there was legal authority to support this position. The Court requested that the Parties submit authority in support of their positions.

Having completed a through, live examination of the witnesses it is counter intuitive to allow the non-moving party the opportunity to designate testimony which precludes the Movant's counsel from proceeding with live re-direct examination. It appears that counsel for Debtors are relying on a provision in the Scheduling Order that states at Paragraph 8, "the Debtors shall serve all such designations (except with respect to live witnesses) upon the Ad Hoc Committee by March 23, 2015." I understood that phrase to stand for the logical proposition that

MONZACK MERSKY MCLAUGHLIN AND BROWDER
PROFESSIONAL ASSOCIATION

The Honorable Kevin Gross
March 27, 2015
Page 2

if there was live testimony there would not be a need to designate deposition testimony and that, to the extent that there was any deposition testimony that would be used in connection with live witnesses, which would be part of the live cross examination process. Debtors designated their deposition testimony for live witnesses on March 23, 2015 at 9:53 and apparently, shortly thereafter sent an email at 9:58 p.m. that states, "For the avoidance of doubt and in connection with the stipulated protocol, the U.S. Debtors reserve the right to submit deposition testimony for the live witnesses after they have testified." It is undisputed that there was no response or communication about this last email and at no time did I consent to the use of deposition testimony of live witness after the live witness completed all live testimony. Debtors' counsel had the unimpeded opportunity to impeach the live witnesses with their deposition testimony if they believed that it was supportive of their claims and I, in turn, would have had the opportunity to complete re-direct examination. It is axiomatic that live testimony is preferred at any hearing. A party cannot introduce the deposition testimony of a live witness, except for impeachment purposes, who testifies live at trial. Mazloum v. District of Columbia Metropolitan Police Department, 248 F.R.D. 725 (2008); Truckstop.net, L.L.C. v. Sprint Communications, L.P. CA CV-04-00561, US District Court for the District of Idaho (2010) (copy attached). Debtors had the opportunity to use the depositions of live witnesses for impeachment purposes when the witnesses testified and now there are seeking to obtain another bite at the apple while denying Movants the right to respond with live testimony. Movants request that the Court deny Debtors' request to designate deposition testimony of live witnesses.

Respectfully submitted,

Rachel B. Mersky for
Monzack Mersky McLaughlin and Browder, P.A.

Cc:
Via e-mail to:
Jeffrey A. Rosenthal, Esq.
Annie Cordo, Esq.
Abid Quareshi, Esq.
Thomas R. Kreller, Esq.
Christopher M. Samis, Esq.

{00164824.DOCX}