**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ------------------------------------------------------X : | |
| *In re* : | Chapter 11 |
| : | |
| Nortel Networks Inc., *et al.*,[1] : | Bankr. Case No. 09-10138 (KG) |
| : | |
| Debtors. : | (Jointly Administered) |
| ------------------------------------------------------ X : | |
| Nortel Networks Inc., : | |
| : | |
| Plaintiff, : | Adv. Proc. No. 10-55903 (KG) |
| : | |
| v. : | |
| : | |
| Sterling Mets, L.P. : | |
| : | **Re: D.I. 10485, Adv. D.I. 1, 102** |
| and : | |
| : | |
| Queens Ballpark Company, L.L.C., : | |
| : | |
| Defendants. : | |
| ------------------------------------------------------ X | |

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of the above-captioned adversary proceeding (the "Adversary Proceeding") and the contested matter resulting from the *Debtors' Objection to Proofs of Claim Nos. 6673 and 6709 Filed by Queens Ballpark Company, L.L.C.*, filed on May 10, 2013 [D.I. 10485] (the "Contested Matter"), **IT IS HEREBY ORDERED** that:

---

[1] In addition to Nortel Networks Inc. ("NNI"), the debtors in the Chapter 11 cases (the "Debtors") are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

1. The Parties shall adhere to the following schedule:

    a. By April 10, 2015, the Parties may serve any additional requests for the production of documents (the "Contested Matter Document Requests");

    b. At any time until the Contested Matter Fact Deposition Deadline (as defined in Paragraph 1.g, below), the Parties may serve interrogatories (the "Contested Matter Interrogatories"), up to a limit of 25 total interrogatories beyond those already served in the Adversary Proceeding, except that either Party may wait until up to 3 days after the Contested Matter Fact Deposition Deadline to serve up to 5 of its 25 allotted interrogatories.

    c. By May 8, 2015 the Parties shall:

        i. serve responses and objections to the Contested Matter Document Requests, and to document requests contained in the discovery requests previously served in the Adversary Proceeding on June 1, 2011 and June 6, 2011 (such discovery requests, the "Adversary Proceeding Discovery Requests") to the extent that responding to specific requests in the Adversary Proceeding Discovery Requests promotes judicial economy and avoids unnecessary costs and duplication (discovery requests from the Adversary Proceeding Discovery Requests satisfying these criteria are referred to herein as the "Related Document Requests" or "Related Interrogatories," as applicable, and together as the "Related Discovery Requests");

        ii. commence rolling productions of documents in response to all Contested Matter Document Requests and Related Document Requests, consistent with any objections, working in good faith to produce requested documents at the earliest practicable date; and

        iii. serve responses and objections to Identification Interrogatories (defined as interrogatories seeking names and job titles of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents and other physical evidence or information of a similar nature) from the Contested Matter Interrogatories and Related Interrogatories and that were served on or before April 10, 2015.

    d. With respect to any Identification Interrogatories from the Contested Matter Interrogatories or Related Interrogatories that are served after April 10, 2015, the Parties shall serve responses and objections to such Identification Interrogatories within 30 days of service, subject to the requirement that responses and objections to all interrogatories not yet

        answered or objected to shall be served by November 13, 2015 in accordance with Paragraph 1.h, below.

e.    By July 2, 2015, the Parties shall complete production of all documents responsive to the Contested Matter Document Requests or the Related Document Requests, except as directed by the Court in response to properly submitted disputes.

f.    By July 31, 2015, the Parties shall

        i. produce privilege logs; and

        ii. identify fact witnesses they wish to depose in the Contested Matter.

g.    Provided the Parties first attempt to agree upon mutually convenient dates for depositions, fact witness depositions in the Contested Matter may be noticed or subpoenaed for a date on or after August 3, 2015, and shall be noticed so as to be concluded by October 30, 2015 (the "<u>Contested Matter Fact Deposition Deadline</u>").

h.    By November 24, 2015, the Parties shall serve responses and objections to any Contested Matter Interrogatories and Related Interrogatories not yet responded or objected to, including such interrogatories that are not Identification Interrogatories, except as directed by the Court in response to properly submitted disputes.

i.    In the event that either Party determines that expert reports are necessary in the Contested Matter:

        i. by August 7, 2015, each Party shall provide the name of any expert who will provide a report on any issue in support of that Party's case-in-chief in the Contested Matter and a brief statement of the intended subject matter of the expert's report (the reports themselves, when submitted, shall contain the information required by Fed. R. Civ. P. 26(a)(2)(B)).

        ii. By September 11, 2015, each Party shall provide the name of any expert who will provide a rebuttal report in response to an expert of the other Party in the Contested Matter.

        iii. by December 22, 2015, the Parties shall provide any expert reports in support of their case-in-chief in the Contested Matter;

        iv. by February 26, 2016 each Party shall provide expert reports intended to rebut any other expert report in the Contested Matter;

3

      v. by April 29, 2016, all expert discovery shall be completed in the Contested Matter;

      vi. by May 26, 2016, all dispositive motions in the Contested Matter shall be filed. To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrill Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), it shall be made no later than this deadline for dispositive motions, unless otherwise ordered by the Court.

   j. In the event neither Party designates an expert in the Contested Matter, all dispositive motions in the Contested Matter shall be filed by December 11, 2015.

   k. The Court shall set the Contested Matter for trial on a date to be determined by the Court. The Court may, in its discretion, schedule a pre-trial conference in lieu or in addition to setting a date for trial.

   l. Except as already provided in the foregoing paragraphs, all deadlines in the Adversary Proceeding set forth in the Fifteenth Further Amended Scheduling Order – including for fact discovery, expert discovery, mediation and trial – are extended by six months, during which time the Parties will confer regarding the setting of an appropriate schedule for resolution of the Adversary Proceeding or a further extension of deadlines for the Adversary Proceeding, with each Party currently reserving all rights as to the appropriate schedule for resolving the Adversary Proceeding.

  2. Del. Bankr. L. R. 9013-1(b) notwithstanding, the parties will not file motions relating to discovery disputes unless the Court requests briefing. Should counsel find that they are unable to resolve a discovery dispute, counsel will contact chambers at (302) 252-2913, extension 3, to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a statement, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The parties need not provide extensive argument or authorities at this point; but simply a statement of the issue to be addressed and/or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, the party opposing the application for relief may file a statement, not to exceed three pages, outlining that party's reason for its opposition. Should the

4

Court find itself unable to resolve the disputes in the telephone conference, the Court will order motion and briefing practice. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

3. In the event it is necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel will confer and attempt to reach an agreement on the proposed form of order and submit it to the Court within one month from the date of this Stipulation. If counsel are unable to reach an agreement on the proposed form of order, counsel will first follow the provisions of paragraph 2, above.

4. All pleadings, exhibits or other materials that contain or are based on information that has been marked by a Party as "confidential" shall be filed under seal.

5. No separate briefing shall be submitted on *in limine* requests in the Contested Matter. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be permitted up to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of facts and argument. Any party intending to include am *in limine* request shall serve a copy thereof on the opposing party at least ten days prior to the date of submission of the final pre-trial order so that the opposing party may prepare its response for inclusion in the final pre-trial order.

*[Remainder of page intentionally blank]*

6. Deadlines contained in this schedule may be extended by joint agreement of the parties or by the Court upon written motion for good cause shown. Where any deadline specified in this schedule would fall upon a weekend or federal holiday, the relevant deadline shall instead be the next business day.

---

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE