**EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: 
: Chapter 11
: 
*In re* :
: Bankr. Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: 
                 Debtors. : (Jointly Administered)
: 
------------------------------------------------------- X
: 
Nortel Networks Inc., :
: 
                 Plaintiff, :
: Adv. Proc. No. 10-55903 (KG)
v. :
: 
Sterling Mets, L.P., :
: 
and :
: 
Queens Ballpark Company, L.L.C., :
: 
                 Defendants. :
: 
------------------------------------------------------- X

**STIPULATION AND AGREEMENT GOVERNING
PRODUCTION, EXCHANGE AND FILING OF CONFIDENTIAL MATERIALS**

Nortel Networks Inc. ("NNI"), and its affiliated debtors and debtors in possession

in the above-captioned cases (collectively, the "Debtors"), Queens Ballpark Company, L.L.C.

("QBC LLC") and Sterling Mets, L.P. ("Sterling" and together with QBC LLC, "QBC" and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

QBC together with the Debtors, the "Parties"), by and through their undersigned counsel of record have agreed to enter into this *Stipulation and Agreement Governing Production, Exchange and Filing of Confidential Materials* (the "Agreement") pursuant to Fed. R. Civ. P. 26(c), Fed. R. Bankr. P. 7026 and Fed. R. Bankr. P. 9018 in connection with the contested matter initiated by the *Debtors' Objection to Proofs of Claim Nos. 6673 and 6709 Filed by Queens Ballpark Company, L.L.C.* [D.I. 10485] (the "Contested Matter") and the adversary proceeding filed by NNI against QBC, No. 10-55903-KG (Bankr. D. Del.) (the "Adversary Proceeding" together with the Contested Matter, the "Proceedings").

      **WHEREAS**, on January 11, 2010, and January 14, 2010, QBC LLC filed proofs of claim number 6673 and 6709, respectively (collectively, the "Claims"), against NNI.

      **WHEREAS**, on December 6, 2010, NNI filed its Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims in the Adversary Proceeding. [Adv. Pro. D.I. 1].

      **WHEREAS**, the Parties have produced or may produce certain documents and/or information that they believe contains private, confidential, proprietary, and/or commercially sensitive information as described below;

      **WHEREAS**, the Parties are willing to produce or provide such confidential information subject to the restrictions provided herein; and

      **WHEREAS**, the Parties have agreed to enter into this Agreement.

      **NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, subject to approval by the Bankruptcy Court for the District of Delaware ( the "Court"), this Agreement shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged

by any Party or any non-parties (the "Producing Party"), whether written or electronic, pursuant to discovery undertaken in connection with the Proceedings (all such materials, including the substance contained therein, hereinafter referred to as "Discovery Material"), as follows:

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Agreement if such party in good faith believes that such Discovery Material contains information that is not generally available to the public related, without limitation, to: (i) proprietary or commercially sensitive information; (ii) financial or accounting results or data; (iii) information that the Producing Party is obligated to keep confidential; or (iv) information that is protected by Federal Rule of Evidence 408 (the "Confidential Discovery Material").

2. The designation by any Producing Party of any Discovery Material as Confidential shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Producing Party and that there is a good faith belief that such designation is valid.

3. Except as required by law, regulation or court order, or as otherwise provided by this Agreement, Discovery Material, or information derived therefrom, shall be used solely for purposes of prosecuting or defending the Proceedings and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation. Discovery Material, including but not limited to material designated Confidential, shall not be disclosed except as expressly permitted by the terms of this Agreement or as required by law, regulation or other court order.

4. The designation of Discovery Material as Confidential for purposes of this Agreement shall be made in the following manner by any Producing Party:

(a) In the case of depositions or other pretrial testimony: (i) indicating on the record or in writing at the time the deposition is taken or prior to the preparation of the transcript, those portions of the deposition that contain Confidential Discovery Material; or (ii) by written notice identifying the page and line number of any portion of the transcript of the deposition that contains Confidential Discovery Material sent to all Parties within five (5) business days after receiving a copy of the transcript thereof, during which period the transcripts will be treated as Confidential, unless the witness or his or her counsel waive such treatment; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. Only those portions of the transcripts designated as Confidential shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition.

(b) A Producing Party may designate any Discovery Material that already has been produced as Confidential by notifying each Party to whom the production has been made (a "Recipient") in writing that such Discovery Material constitutes Confidential Discovery Material, and such Discovery Material shall be treated as Confidential from and after the date of notification, as if it had been so designated when produced.

(c) Failure to designate documents as Confidential will not be deemed a waiver of designation of such documents as Confidential if the failure is inadvertent. The Producing Party may later designate the documents as Confidential.

5. Except as required by law, regulation or court order, or as otherwise permitted by this Agreement, Discovery Material designated Confidential may be disclosed,

summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

        (a)    outside counsel of record or in-house counsel who represents any Party with respect to the Proceedings, as well as stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to Confidential Discovery Material for use in accordance with this Agreement;

        (b)    testifying or consulting experts assisting counsel for a Party, and employees and service vendors of such experts, whose functions require access to Confidential Discovery Material for use in accordance with this Agreement;

        (c)    any person indicated on the face of a document to have been the author, addressee, or a copy recipient of the document;

        (d)    any potential deponent (and counsel of such witness or deponent), during the course of, or to the extent necessary for, preparation for deposition or testimony relating to the Proceedings;

        (e)    current and former directors, officers, employees, contractors and agents of each of the Debtors and QBC who are assisting with respect to the Proceedings;

        (f)    the Court and its authorized staff, including official and freelance court reporters and videotape operators hired by any Party, provided, however, that Confidential Discovery Material filed with the Court must be filed under seal pursuant to Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") and as provided in paragraph 8 herein;

        (g)    the members of the Official Committee of Unsecured Creditors in the Debtors' chapter 11 cases (the "<u>Creditors Committee</u>") and the Ad Hoc Bondholder Group (the

"Bondholder Group") and any of the employees, agents, advisors or attorneys of the foregoing; and

(h) any other person upon agreement of the Parties, provided that such person shall first execute a signed *Agreement to Abide by Stipulation and Agreement Governing Production, Exchange and Filing of Confidential Material* in the form of Exhibit I attached hereto (a "Confidentiality Agreement").

6. The Parties shall use the Confidential Discovery Material only for the prosecution, defense, or settlement of the Proceedings. Confidential Discovery Material shall not be made public by any Party, shall be used only by persons permitted access to it under paragraph 5 herein, and shall be disclosed only to persons specified in paragraph 5 herein.

7. Counsel for the Party showing Confidential Discovery Material to any person required to execute a Confidentiality Agreement in accordance with paragraph 5(h) herein shall be responsible for obtaining such signed Confidentiality Agreement and retaining the original, executed copy thereof. No Confidential Discovery Material may be provided to any person required to sign a Confidentiality Agreement in accordance with paragraph 5(h) herein unless such Confidentiality Agreement first shall have been obtained and retained by such counsel.

8. The Court's entry of an order approving this Agreement shall constitute authority pursuant to Local Rule 9018-1(c) for the Parties to file future documents under seal without the necessity of filing a separate motion. As set forth in Local Rule 9018-1(b) and (c), if Confidential Discovery Material is to be filed with the Court, it shall be filed in a prominently marked envelope with a cover sheet attached containing a caption that shall include the title of

the document to be filed under seal, docket number of the order entered by the Court approving this Agreement, and the legend "CONFIDENTIAL TO BE KEPT UNDER SEAL."

9. Entering into or agreeing to this Agreement and/or producing or receiving Confidential Discovery Material otherwise complying with the terms of this Agreement shall not:

(a) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party in the context of any other litigation or proceeding that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Discovery Material;

(b) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Agreement;

(c) prejudice in any way the rights of a Party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Agreement; or

(d) prevent the Parties to this Agreement from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

10. This Agreement has no effect upon, and shall not apply to, a Party's use of its own Confidential Discovery Material for any purpose.

11. Nothing in this Agreement shall require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege, the work-product immunity, or any other applicable privilege or protection from disclosure. If information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or protection from disclosure is inadvertently or mistakenly produced, such production shall in

no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product immunity, or any other applicable privilege or protection from disclosure. If a Party has inadvertently or mistakenly produced a document subject to a claim of immunity, privilege, or protection, upon request by the Producing Party within three (3) business days of discovery of such inadvertent or mistaken production, the document for which a claim of inadvertent production is made shall be returned within three (3) business days of such request and all copies of that document that may have been made shall be destroyed to the extent reasonably practicable, and the Recipient shall not use such information for any purpose other than in connection with a motion to compel, as described below. The Party returning such material then may move the Court for an order compelling production of the material, but that motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

        12.    This Agreement shall not preclude any Party at a deposition from showing any Confidential Discovery Material or disclosing information derived therefrom to any witness employed by or affiliated with the Producing Party designating such materials as Confidential, provided that only those persons may be present in the deposition who are authorized by the terms of this Agreement to receive the Confidential Discovery Material to be disclosed to the witness.

        13.    Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Confidential that have been obtained lawfully by such Party independently of the discovery relating to the Proceedings, nor shall

anything herein alter, remove or waive restrictions under which such documents, material, or information were received or required to be kept.

14. This Agreement shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

15. The provisions of this Agreement shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of the Proceedings, including without limitation any appeals relating thereto. Within 60 days after receiving notice of entry of an order, judgment, or decree finally disposing of all issues related to the Proceedings in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, all persons having received Confidential Discovery Material shall, at their own cost and expense, either return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or destroy all such Confidential Discovery Material and certify that fact to counsel for the Producing Party. Notwithstanding the preceding sentence, outside counsel for the Parties shall be entitled to retain court papers, deposition and court transcripts, and attorney work product (including Discovery Material containing Confidential Discovery Material), provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, deposition or trial transcripts, or attorney work product to any person except pursuant to court order or agreement with the Producing Party as to the Confidential Discovery Material at issue. Notwithstanding anything herein to the contrary, the obligations of this Paragraph shall not preclude any Party from complying with document retention policies imposed by applicable law or regulation.

16. During the pendency of the Proceedings, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material shall first

raise its objection with counsel for the Producing Party who made such designation and attempt to resolve the dispute. If these discussions do not result in a resolution of the dispute, the Recipient may seek appropriate relief from the Court; provided, however, that all documents and/or information to which an objection is made shall be treated by the Parties as Confidential Discovery Material until such objection is resolved. Each Party hereby agrees that it will not contest a Party's request for expedited consideration for such relief.

17. In the event that any Party appeals from any decision of the Court with respect to the Proceedings, any Party shall have the right to submit a timely application to the court in which the appeal is filed to maintain under seal any or all documents filed with the court which contain or disclose Confidential Discovery Material. In the event that no appeal is filed, any Party who seeks the continued sealing of any filed document containing Confidential Discovery Material may petition the Court for continued sealing. When any Party receives a notice from a court as to the release of Confidential Discovery Material submitted by that Party, but designated Confidential by another Producing Party, the Party receiving the notice shall deliver it by overnight delivery, fax or email to the other Producing Party within three business days, so as to enable the latter to seek further confidential treatment or to have the documents returned or destroyed. The provisions of this Paragraph may be waived only with the written consent of the Producing Party.

18. If a Recipient is subpoenaed in another action or proceeding, served with a document demand, or otherwise required or compelled by law, regulation, government action or investigation or other process (a "<u>Demand</u>"), and such Demand seeks Discovery Material which was produced or designated as Confidential by someone other than the Recipient, the Recipient shall, unless prohibited from doing so by applicable law or regulation, (i) give prompt written

notice by overnight delivery, fax or email within five business days of receipt of such Demand to the Producing Party who produced the Discovery Material or designated the Discovery Material as Confidential, and (ii) refrain from producing any Discovery Material that has been designated Confidential in response to such Demand until the earlier of (x) receipt of written notice from the Producing Party that it, he or she does not object to production of the designated Discovery Material, or (y) resolution of any objection asserted by the Producing Party either by agreement or by final order of the court with jurisdiction over the objection of the Producing Party. The burden of opposing the enforcement of the Demand shall fall solely upon the Producing Party. Unless the Producing Party submits a timely objection seeking an order that the Demand not be complied with, and serves such objection upon the Recipient prior to production pursuant to the Demand, the Recipient shall be permitted to produce documents responsive to the Demand on the Demand's response date. Subject to the provisions of this Paragraph, compliance by the Recipient with any order directing production pursuant to a Demand of any Confidential Discovery Material shall not constitute a violation of this Agreement. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Agreement to challenge or appeal any order directing production of Confidential Discovery Material covered by this Agreement, or to subject himself, herself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the Court.

19. In the event that any Confidential Discovery Material is used in any Court proceeding relating to the Proceedings, that Confidential Discovery Material shall not lose its status through such use.

20. This Agreement shall not, by default, govern the use of Confidential Discovery Material at any trial or hearing in the Proceedings. Instead, the Parties shall meet and

confer in good faith, and seek instruction(s) from the Court as necessary, prior to the start of any trial or hearing in the Proceedings, regarding the use of Confidential Discovery Material at such trial or hearing. The Parties reserve all rights with respect to trial or hearing procedures and the entry of the order approving this Agreement shall be without prejudice to any position a Party may take in connection with the use of Confidential Discovery Material at such trial or hearing.

21. This Agreement shall survive the final adjudication of the Proceedings, whether by order, final judgment, settlement or otherwise, and shall continue in full force and effect.

22. No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

23. Nothing in this Agreement shall preclude any Party from seeking judicial relief, upon notice to the other Parties, with regard to any provision hereof.

24. This Agreement may be executed in one or more counterparts, including by facsimile or .pdf, each of which will be deemed an original, but all of which together constitute one and the same instrument.

Dated: April 10, 2015

| | |
|---|---|
| PEPPER HAMILTON LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ Donald J. Detweiler | /s/ Tamara K. Minott |
| Donald J. Detweiler (DE No. 3087) | Derek C. Abbott (No. 3376) |
| John H. Schanne II (DE No. 5260) | Eric D. Schwartz (No. 3134) |
| Hercules Plaza, Suite 5100 | Ann C. Cordo (No. 4817) |
| 1313 N. Market Street | Tamara K. Minott (No. 5643) |
| Wilmington, Delaware 19899-1709 | 1201 North Market Street |
| Telephone: (302) 777-6500 | P.O. Box 1347 |
| Facsimile: (302) 421-8390 | Wilmington, Delaware 19801 |
| E-mail: detweilerd@pepperlaw.com | Telephone: (302) 658-9200 |
| schannej@pepperlaw.com | Facsimile: (302) 658-3989 |
| -and- | -and- |
| McDERMOTT WILL & EMERY LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| Timothy W. Walsh (admitted *pro hac vice*) | James L. Bromley (admitted *pro hac vice*) |
| Andrew B. Kratenstein (admitted *pro hac vice*) | Lisa M. Schweitzer (admitted *pro hac vice*) |
| 340 Madison Avenue | One Liberty Plaza |
| New York, New York 10173-1922 | New York, New York 10006 |
| Telephone: (212) 547-5873 | Telephone: (212) 225-2000 |
| Facsimile: (212) 547-5444 | Facsimile: (212) 225-3999 |
| E-mail: twwalsh@mwe.com | |
| akratenstein@mwe.com | *Counsel for the U.S. Debtors* |
| *Attorneys for Sterling Mets, L.P. and Queens Ballpark Company, L.L.C.* | |

**EXHIBIT I**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : Jointly Administered
:
: Re: D.I.s _____
:
---------------------------------------------------------X

**AGREEMENT TO ABIDE BY STIPULATION AND AGREEMENT GOVERNING PRODUCTION, EXCHANGE AND FILING OF CONFIDENTIAL MATERIAL**

I understand the terms of the *Stipulation and Agreement Governing Production, Exchange and Filing of Confidential Materials* (the "Agreement")[2] and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States Bankruptcy Court for the District of Delaware for purposes of the Agreement's enforcement. I understand, in particular, that any Confidential Discovery Material, and any copies, excerpts or summaries thereof and materials containing Confidential Discovery Material derived therefrom, as well as any knowledge or information derived from any of these items, may be used only for purposes of the prosecution or defense of the Proceedings and may not be used for any other purpose, including, without limitation, any business or commercial purpose.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] All capitalized terms utilized but not defined herein shall have the meaning ascribed to them in the Agreement.

I further understand that failure to abide fully by the terms of the Agreement may result in legal action against me, such as for contempt of court and liability for monetary damages.

Dated: _____          Agreed: _____