## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| _____ | ) | Chapter 11 |
| In re: | ) | |
|  | ) | Case No. 09-10138 (KG) |
| Nortel Networks Inc., <u>et al.</u>,[1] | ) | (Jointly Administered) |
|  | ) | |
| Debtors. | ) | **Objection Deadline: May 11, 2015 at 4:00 p.m. (ET)** |
|  | ) | |
| _____ | ) | |

## THIRD MONTHLY APPLICATION OF WHITEFORD, TAYLOR & PRESTON LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM MARCH 1, 2015 THROUGH MARCH 31, 2015

Name of Applicant: <u>Whiteford, Taylor & Preston LLC</u>

Authorized to Provide Professional Services to: <u>Official Committee of Unsecured Creditors</u>

Date of Retention: <u>January 13, 2015, *nunc pro tunc* to November 17, 2014</u>

Period for which compensation
and reimbursement are sought: <u>March 1, 2015 through March 31, 2015</u>

Amount of Compensation sought as actual,
reasonable, and necessary: <u>$18,047.20 (80% of $22,559.00)</u>

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary: <u>$4,197.74</u>

This is a(n): __X__ monthly ___ interim ____ final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

Prior Applications Filed:

| Date Filed | Period Covered | Fees | Expenses |
|:---:|:---:|:---:|:---:|
| 2/27/15 | 11/17/14 - 1/31/15 | $67,600.50 | $5,203.31 |
| 4/6/15 | 2/1/15 - 2/28/15 | $42,728.00 | $602.96 |

## COMPENSATION BY PROFESSIONAL

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Christopher M. Samis | Joined firm as a Partner in 2014.  Member of DE & PA Bars since 2006. | $515 | 23.7 | $12,205.50 |
| L. Katherine Good | Joined firm as a Counsel in 2014. Member of PA Bar since 2007.  Member of DE Bar since 2008. | $490 | 8.9 | $4,361.00 |
| Christine M. McAllister | Joined firm as a Paralegal in 2015. | $235 | 25.5 | $5,992.50 |
| **TOTAL** | | | **58.1** | **$22,559.00** |

| | |
|---|---|
| Grand Total | $22,559.00 |
| Attorney Compensation | $16,566.50 |
| Total Attorney Hours | 32.6 |
| Blended Attorney Rate | $508.17 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration (S1) | 3.3 | $1,083.50 |
| Creditor Inquiries (S2) | 0.6 | $309.00 |
| Meetings (S3) | 0.0 | $0.00 |
| Executory Contracts/Unexpired Leases (S4) | 0.0 | $0.00 |
| Automatic Stay/Adequate Protection (S5) | 0.0 | $0.00 |
| Plan of Reorganization/Disclosure Statement (S6) | 0.0 | $0.00 |
| Use, Sale, Lease of Assets (S7) | 0.0 | $0.00 |
| Cash Collateral/DIP Financing (S8) | 0.0 | $0.00 |
| Claims Administration (S9) | 7.3 | $3,754.50 |
| Court Hearings (S10) | 23.7 | $9,488.00 |
| General Corporate/Real Estate (S11) | 0.0 | $0.00 |
| Schedules/SOFA/U.S. Trustee Reports (S12) | 0.0 | $0.00 |
| Employee Issues (S13) | 0.0 | $0.00 |
| Environmental (S14) | 0.0 | $0.00 |
| Tax Issues (S15) | 0.0 | $0.00 |
| Litigation/Adversary Proceedings (S16) | 5.4 | $2,637.50 |
| WTP Retention (S17) | 0.2 | $75.00 |
| Retention of Others (S18) | 0.0 | $0.00 |
| WTP Fee Applications (S19) | 5.1 | $1,675.00 |
| Fee Applications of Others (S20) | 12.5 | $3,536.50 |
| Vendor/Suppliers (S21) | 0.0 | $0.00 |
| Non-Working Travel (S22) | 0.0 | $0.00 |
| Utilities (S23) | 0.0 | $0.00 |
| Insurance (S24) | 0.0 | $0.00 |
| **TOTAL** | **58.1** | **$22,559.00** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Long Distance Telephone | | $0.00 |
| Conference Calling | | $0.00 |
| In-House Reproduction (Duplication/Printing) | Duplicating: 77 - @ $.10 pg. Printing: 0 @ $.10 pg. | $7.74 |
| Outside Reproduction | | $0.00 |
| Legal Research | | $0.00 |
| Filing/Court Fees | | $0.00 |
| Court Reporting | Wilcox & Fetzer | $3,691.60 |
| Travel Expenses | | $0.00 |
| Inside Courier & Expense Carriers | | $0.00 |
| Outside Courier & Copy Service | DLS Discovery: $329.50 Parcels: $168.90 | $498.40 |
| Postage | | $0.00 |
| Binding | | $0.00 |
| Business Meals | | $0.00 |
| Document Retrieval | | $0.00 |
| Record Retrieval | | $0.00 |
| Professional Services | | $0.00 |
| Overtime | | $0.00 |
| Stationery Supplies | | $0.00 |
| Equipment Rental | | $0.00 |
| **TOTAL** | | **$4,197.74** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nortel Networks Inc. et al.,[1] | ) | Case No. 09-10138 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline:  May 11, 2015 at 4:00 p.m. (ET)** |
| | ) | |

**THIRD MONTHLY APPLICATION OF WHITEFORD,**
**TAYLOR & PRESTON LLC FOR ALLOWANCE OF COMPENSATION FOR**
**SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS CO-**
**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR**
**THE PERIOD FROM MARCH 1, 2015 THROUGH MARCH 31, 2015**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-1 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members, dated February 4, 2009 [Docket No. 222] (the "Administrative Order"), Whiteford, Taylor & Preston LLC ("WTP") hereby files this *Third Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors* (the "Committee") *for the Period From March 1, 2015 through March 31, 2015* (the "Application").  By this Application, WTP seeks a monthly allowance pursuant to the Administrative Order with respect to the sums of  $18,047.20 (80% of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

$22,559.00) as compensation and $4,197.74 for reimbursement of actual and necessary expenses for a total of $26,756.74 for the period March 1, 2015 through and including March 31, 2015 (the "Compensation Period").  In support of this Application, WTP respectfully represents as follows:

### Background

1.      On January 14, 2009 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief (collectively, the "Debtors") under chapter 11 of the Bankruptcy Code.

2.      On January 13, 2015, this Court entered an order authorizing the retention of WTP as co-counsel to the Committee, *nunc pro tunc* to November 17, 2014 (the "Retention Order").  The Retention Order authorized WTP to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### Compensation Paid and Its Source

3.      All services for which compensation is requested by WTP were performed for or on behalf of the Committee.

4.      WTP has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between WTP and any other person other than the Partners of WTP for the sharing of compensation to be received for services rendered in these cases.

## Fee Statements

5.       The fee statement for the Compensation Period is attached hereto as

Exhibit A.  This statement contains daily time logs describing the time spent by each attorney

and paraprofessional for this period.  To the best of WTP's knowledge, this Application complies

with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure,

the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and

the Administrative Order.

## Actual and Necessary Expenses

6.       A summary of actual and necessary expenses and daily logs of expenses

incurred by WTP during the Compensation Period is attached hereto as Exhibit B.  WTP charges

all of its bankruptcy clients $0.10 per page for photocopying expenses and $0.10 per page for

printing jobs.  Actual long-distance carrier charges for outgoing facsimile transmissions are

reflected in the long-distance telephone charges.

7.       Regarding providers of on-line legal research (e.g., LEXIS and

WESTLAW), WTP charges all of its clients a pro-rated rate relative to the standard usage rates

these providers charge, which, due to contractual flat fees, may not always equal WTP's actual

cost.  WTP currently is under contract to pay these providers a flat fee every month.  Charging its

clients a pro-rated rate of the on-line providers' standard usage rates allows WTP to still provide

a discount to its clients and cover adequately the monthly flat fees it must pay to these types of

providers.

8.       WTP believes the foregoing rates are the market rates that the majority of

law firms charges clients for such services.  In addition, WTP believes that such charges are in

accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's

Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

9.      The attorneys of WTP who have rendered professional services in these cases are as follows: Christopher M. Samis and L. Katherine Good.  The paraprofessional who has provided service to these attorneys in these cases is as follows: Christine M. McAllister.

10.      WTP, by and through the above-named persons, has prepared and/or assisted in the preparation of various applications and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described and narrated in detail hereinafter.

## Summary of Services By Project

11.      The services rendered by WTP during the Compensation Period can be grouped into the categories set forth below.  These categories are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought in Exhibit A attached hereto.

S1.    <u>Case Administration/Miscellaneous Matters</u>

Fees: $1,083.50;          Total Hours: 3.3

This category includes all matters related to filing documents with the Court, service thereof, maintenance of calendars, communications with the U.S. Trustee, review of work in process reports, review of notices of appearance and maintaining service lists.

S2.    <u>Creditor Inquiries</u>

Fees: $309.00;          Total Hours: 0.6

This category includes all matters related to responding to creditor inquiries.

S3.    <u>Meetings</u>

Fees: $0.00;          Total Hours: 0.0

This category includes all matters related to preparing for and attending meetings with debtors, the creditors' committees, individual creditors, the U.S. Trustee and co-counsel.

S4.    <u>Executory Contracts/Unexpired Leases</u>

Fees: $0.00;          Total Hours: 0.0

This category includes all matters related to contract and lease analysis and matters related to assumption, assignment or rejection of executory contracts and unexpired leases.

S5.    <u>Automatic Stay/Adequate Protection</u>

Fees: $0.00;          Total Hours: 0.0

This category includes all matters related to and including all motions to modify the automatic stay, issues related to the effect of the automatic stay or pending matters, and all other types of actions where adequate protection is the central issue.

S6.    Plan of Reorganization/Disclosure Statement

Fees: $0.00;        Total Hours: 0.0

This category includes all matters related to review, formulation, negotiation, preparation and promulgation of plans of reorganization, disclosure statements, and related corporate documentation and research relating thereto.

S7.    Use, Sale, Lease of Assets

Fees: $0.00;        Total Hours:  0.0

This category includes all matters relating to acquisitions, dispositions and other postpetition uses of property of the estate.

S8.    Cash Collateral/DIP Financing

Fees: $0.00;        Total Hours: 0.0

This category includes all matters relating to negotiation and documentation of debtor in possession financing and post-confirmation financing, all cash collateral issues and related pleadings.

S9.    Claims Administration

Fees: $3,754.50;        Total Hours: 7.3

This category includes all matters related to and including claims administration matters and bar date matters, including claims objections and related contested matters.

S10.    Court Hearings

Fees: $9,488.00;        Total Hours: 23.70

This category includes all matters relating to preparation for and attendance at court hearings.

S11.   General Corporate/Real Estate

Fees: $0.00;        Total Hours: 0.0

This category includes all matters relating to transactional, corporate governance and related matters involving the debtors' business operations that are not part of a plan of reorganization or disclosure statement.

S12.   Schedules/SOFA/U.S. Trustee Reports

Fees: $0.00;        Total Hours: 0.0

This category includes preparation of schedules and amendments, statements of financial affairs and amendments, operating reports and other reports required by the U.S. Trustee or Bankruptcy Court.

S13.   Employee Issues

Fees: $0.00;        Total Hours: 0.0

This category includes all matters related to employee wages, benefits, collective bargaining issues, other employee relations matters, ERISA, and retirement benefits.

S14.   Environmental

Fees: $0.00;        Total Hours: 0.0

This category includes all environmental matters, other than environmental aspects of a plan of reorganization.

S15.   Tax Issues

Fees:  $0.00;        Total Hours: 0.0

This category includes all federal and state income, property, employment, excise and other tax matters, other than the tax aspects of a plan of reorganization.

S16.　Litigation/Adversary Proceedings

Fees: $2,637.50;　　Total Hours: 5.4

This category includes all matters relating to litigation and adversary proceedings.

S17.　WTP Retention Applications

Fees: $75.00;　　Total Hours: 0.2

This category includes all matters related to preparing applications to retain WTP and supplements thereto.

S18.　Retention of Others

Fees: $0.00;　　Total Hours: 0.0

This category includes time spent reviewing applications for retention by other professionals, objecting to the retention of other professionals and assisting other professionals with preparing and filing retention applications.

S19.　WTP Fee Application

Fees: $1,675.00;　　Total Hours: 5.1

This category includes all time spent preparing, reviewing, filing, circulating and/or relating to monthly invoices and fee applications for WTP.

S20.　Fee Application of Others

Fees: $3,536.50;　　Total Hours: 12.5

This category includes time spent reviewing invoices or applications of other professionals, objecting to fees of other professionals and assisting other professionals with filing and circulating monthly invoices and applications.

S21.   Vendor/Suppliers

Fees: $0.00;          Total Hours: 0.0

This category includes all matters related to vendors and suppliers, including reclamation issues.

S22.   Non-Working Travel

Fees: $0.00;          Total Hours: 0.0

This category includes all travel time not otherwise chargeable.

S23.   Utilities

Fees: $0.00;          Total Hours: 0.0

This category includes all matters related to utility issues.

S24.   Insurance

Fees: $0.00;          Total Hours: 0.0

This category includes all matters related to insurance policies or coverage.

**Valuation of Services**

12.     Attorneys and paraprofessionals of WTP have expended a total of 58.10 hours in connection with this matter during the Compensation Period, as follows:

| ATTORNEYS | HOURS | HOURLY RATE |
|---|---|---|
| Christopher M. Samis | 23.70 | $515 |
| L. Katherine Good | 8.90 | $490 |

| PARALEGAL | HOURS | HOURLY RATE |
|---|---|---|
| Christine M. McAllister | 25.50 | $235 |

The nature of the work performed by these persons is fully set forth in Exhibit A attached hereto.  These are WTP's normal hourly rates for work of this character.  The reasonable value

9

of the services rendered by WTP to the Committee during the Compensation Period is $22,559.00.

In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by WTP is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, WTP has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, WTP respectfully requests that the Court authorize that for the period March 1, 2015 through March 31, 2015, an allowance be made to WTP pursuant to the terms of the Administrative Order, with respect to the sum of $22,559.00 compensation for necessary professional services rendered, (80% of which equals $18,047.20), and the sum of $4,197.74 as 100% reimbursement of actual necessary costs and expenses, for a total of $26,756.74 and that such sums be authorized for payment and for such other and further relief as this Court may deem just and proper.

Dated: April 20, 2015
      Wilmington, Delaware

                                    /s/ *Christopher M. Samis*
                              Christopher M. Samis (No. 4909)
                              L. Katherine Good (No. 5101)
                              WHITEFORD, TAYLOR & PRESTON LLC
                              The Renaissance Centre
                              405 North King Street, Suite 500
                              Wilmington, Delaware  19801
                              Telephone:    (302) 353-4144
                              Facsimile:    (302) 661-7950
                              Email:         csamis@wtplaw.com
                                                    kgood@wtplaw.com

                              *Co-Counsel for the Official Committee of Unsecured Creditors*

10

## <u>VERIFICATION</u>

I, Christopher M. Samis, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and based on the information and records available to me:

a)       I am a Partner with the applicant firm, Whiteford, Taylor & Preston LLC and have been admitted to appear before this Court.

b)       I am familiar with the work performed on behalf of the Committee by the professionals in the firm.

c)       I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such rule.

*/s/ Christopher M. Samis*
Christopher M. Samis (No. 4909)
