UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al., | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

FEE EXAMINER'S FINAL REPORT REGARDING
FINAL FEE APPLICATION OF
RICHARDS, LAYTON & FINGER, P.A.

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Final Fee Application of Richards, Layton & Finger, P.A. ("Application"), for the period from August 1, 2014 through November 16, 2014, seeking approval of fees that total $89,248.00 and reimbursement of expenses that total $24,982.97, and for the period from January 26, 2009 through November 16, 2014, seeking approval of fees that total $1,209,144.50 and reimbursement of expenses that total $221,910.78. Richards, Layton & Finger, P.A. ("RL&F") is co-counsel to the Official Committee of Unsecured Creditors.

**Background**

1.  Master, Sidlow & Associates, P.A. reviewed the firm's monthly fee applications and the Application, including each of the billing and expense entries shown in the exhibits to the monthly applications, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2.  Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to Richards, Layton & Finger, P.A and the firm provided a written response to that report. After consideration of the firm's responses to the preliminary report, Master, Sidlow & Associates,

P.A. prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings

## Recomputation of Fees and Expenses

3. Master, Sidlow & Associates, P.A. recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rate. The recomputation of fees did not reveal any discrepancies.

## Review of Fees

4. **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: … (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and a statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under Title 11."

The Application provides the name, position, and hourly rate of each timekeeper.

For the time period from August 1, 2014 through November 16, 2014, the firm billed a total of 227.80 hours with associated fees of $89,248.00. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Director | .30 | | $   240.00 | |
| Associate | 156.60 | 69% | 72,346.50 | 81% |
| Paralegal | 65.30 | 29% | 15,345.50 | 17% |
| IS Dept. | 5.60 | 2% | 1,316.00 | 2% |
| **TOTAL** | 227.80 | 100% | $89,248.00 | 100% |

The blended hourly rate for RL&F is $391.78.

5.  **Hourly Rate Increases.**  RL&F did not increase the hourly rates of any timekeepers in the period from August 1, 2014 through November 16, 2014.

6.  **Complete and Detailed Task Descriptions.**  Local Rule 2016-2 (d) states "…activity descriptions…shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. A description of correspondence should identify the correspondent and the subject of the correspondence. Similarly, a description for preparation of pleadings should identify the pleading drafted or revised. Activity descriptions for legal research should include the issues researched and the purpose of the research. The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level. Activity descriptions referencing conferences should include the name of the person(s) with whom the communication was held and the subject or purpose of the communication. Master, Sidlow & Associates, P.A. found the activity descriptions in the Application to be sufficiently detailed.

7.  **Travel.**  Local Rule 2016-2(d) (viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates…" There were no billing entries identified as describing travel activities during the period from August 1, 2014 through November 16, 2014.

8. **Richards, Layton & Finger, P.A. Retention/Compensation.** Master, Sidlow & Associates, P.A. reviewed and identified entries related to the retention and compensation of RL&F. The firm billed 9.10 hours with associated fees of $2,568.00 to prepare the firm's retention documents and applications for compensation, which represents approximately 3% of the total fees billed by the firm.

## Review of Expenses

9. **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include … Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." RL&F provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

10. **Photocopies.** Local Rule 2016-2(e) (iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page)…" RL&F states in the interim applications that its rate is $0.10 per page for photocopying expenses and $0.10 per page for printing jobs. The firm requested reimbursement of $3,577.70 for in-house reproduction in the Application.

11. **Computer – Assisted Legal Research.** Local Rule 2016(e)(iii) states "The motion shall state … computer-assisted legal research charges (which shall not be more than the actual cost) …" RL&F states in the interim applications that it charges all of its clients the standard usage rate its online providers charge, which, due to contractual flat fees, may not always equal RL&F's actual cost. RL&F is currently under contract to pay these providers a flat fee every month. Charging its clients the on-line providers' standard usage rate allows RL&F to cover adequately the monthly flat fees it must pay to these types of providers. The firm requested reimbursement for computer-assisted legal research of $177.50 in the Application.

12. **Facsimile.** Local Rule 2016-2(e) (iii) states "The motion shall state ... outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)." RL&F did not request reimbursement for facsimile charges in the Application.

13. **Meal Expenses.** The preliminary report noted that the 68th monthly fee application requested reimbursement for dinner meals for nine in the amount of $708.00. The amount per person is in excess of $50.00. The preliminary report noted that the 68th monthly fee application also requested reimbursement for lunch meals for six in the amount of $293.00. The amount per person is in excess of $35.00. In its response RL&F agreed to reduce the meal charges to $450 for the dinner with 9 people and $210 for the lunch for 6 people.

Master, Sidlow & Associates, P.A. recommends reduction in reimbursement of expenses in the amount of $341 for this matter.

### Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the Final Fee Application of Richards, Layton & Finger, P.A. and the fees and expenses requested therein. Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $89,248.00 and reimbursement of expenses in the amount of $24,641.97 for the period from August 1, 2014 through November 16, 2014, less any interim payments received by Richards, Layton & Finger, P.A. under fee applications. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: _____
Judith M. Scarborough, CPA, CVA, CFF

2002 West 14th Street
Wilmington, DE 19806
Telephone: (302) 652-3480
Facsimile: (302) 656-8778
jscarborough@mastersidlow.com

Fee Examiner

**APPENDIX A**

RICHARDS, LAYTON & FINGER, P.A.
SUMMARY OF FINDINGS
FINAL FEE APPLICATION (AUGUST 1, 2014 through NOVEMBER 16, 2014)

**A.** **Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $ 89,248.00 | |
| Expenses Requested | 24,982.97 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $ 114,230.97 |
| Fees Computed | $ 89,248.00 | |
| Expenses Computed | 24,641.97 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $ 113,889.97 |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $ 341.00 |

**B.** **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---:|---:|
| Fees Requested | $ 89,248.00 | |
| RECOMMENDED FEE ALLOWANCE | | $ 89,248.00 |
| Expenses Requested | $ 24,982.97 | |
| Reduction for meals expense | (341.00) | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 24,641.97 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $ 113,889.97 |