# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
: Chapter 11
:
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
         Debtors. :
: **Re: D.I. _____**
:
------------------------------------------------------------X

## ORDER GRANTING U.S. DEBTORS' MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF THE MAY 12, 2015 ALLOCATION TRIAL OPINION AND ORDER

Upon the motion (the "Motion") of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "U.S. Debtors"), for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules[2] 9023 and 9024 (i) reconsidering and/or clarifying this Court's Allocation Opinion [D.I. 15544] and accompanying Allocation Order [D.I. 15545] and (ii) granting the U.S. Debtors such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and

---

[1] The U.S. Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the U.S. Debtors can be found in the U.S. Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion or, if not defined in the Motion, the May 12, 2015 Allocation Trial Opinion [D.I. 15544] (the "Allocation Opinion").

the Amended Standing Order of Reference from the District Court dated February 29, 2012; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having considered the record in these proceedings, including the Motion, all objections, responses filed, and other pleadings filed with regard to the Motion, and having determined that clarification and/or reconsideration of the Allocation Opinion and Order will advance the Court's intent underlying the Allocation Opinion and Order, that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the U.S. Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted in its entirety.

2. The Allocation Opinion [D.I. 15544] and accompanying Order [D.I. 15545] are hereby clarified and amended in the following manner.

3. The allowed general unsecured claims against NNI held by holders of bonds issued by NNC and/or NNL but guaranteed by NNI, in the aggregate amount of $3,934,521,442.00, which were allowed by this Court on December 18, 2014 in its Opinion Regarding Debtors' Motion Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement by and Among Nortel Networks Inc., the Supporting Bondholders, and the Bank of New York Mellon with Respect to the NNI Post-Petition Interest Dispute and Related Issues [D.I. 14949] and accompanying Order [D.I. 14950], shall be included and recognized among the total claims against the U.S. Debtors for the purpose of determining the allocation from the Lockbox that each Debtor estate will be entitled to receive.

4. The proceeds attributable to Nortel Networks Inc.'s sale of its equity interests in Nortel Government Solutions Incorporated and Diamondware, Ltd. shall be excluded from the Lockbox funds allocated pro rata to the various estates and shall instead be allocated and paid directly to Nortel Networks Inc.

5. To determine the claims of a Debtor for purposes of calculating the allocation of the Lockbox proceeds, the intercompany claims by and among Debtors within a Debtor group (i.e., the U.S. Debtors, the Canadian Debtors and the EMEA Debtors) shall be excluded.

6. The claims included for calculation of the allocation owed to the U.S. Debtors will include settled (or otherwise allowed) claims paid by the U.S. Debtors since the Petition Date, including without limitation (i) the U.S. Debtors' settlements with the EMEA Debtors and U.K. Pension Claimants, which were approved by this Court on January 7, 2014 in the Order Approving the US Claims Litigation Settlement Agreement by and Among the Debtors, the Creditors' Committee, the Joint Administrators, the EMEA Debtors, Nortel Networks Optical Components Limited, Nortel Telecom France SA, the Liquidator, the French Liquidator, the UK Pension Parties and Certain Affiliates [D.I. 12785]; (ii) the U.S. Debtors' settlement with their retirees, which was approved by this Court on April 2, 2013 in the Order Granting Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363 and 1114 and Fed. R. Bankr. P. 9019 Approving a Settlement Agreement with the Official Committee of Retired Employees [D.I. 9938]; (iii) the U.S. Debtors' settlement with the IRS, which was approved by this Court on January 21, 2010 in the Order Approving the Settlement Stipulation Between Nortel Networks Inc. and the Internal Revenue Service, Entry Into The Advance Pricing Agreement, and Related Relief [D.I. 2322]; (iv) the U.S. Debtors' cash settlement with

the Canadian Debtors pursuant to the IFSA, which was approved by this Court on June 29, 2009 in the Order (A) Approving the Interim Funding and Settlement Agreement, and (B) Granting Related Relief [D.I. 874]; and (v) the U.S. Debtors' cash settlement with the Canadian Debtors pursuant to the FCFSA, which was approved by this Court on January 21, 2010 in the Order (A) Approving the Final Canadian Funding and Settlement Agreement, and (B) Granting Related Relief [D.I. 2347].

7. The allocation of the Lockbox proceeds will be made to specific Debtor estates (not to Debtor groups) based on claims existing against each specific Debtor; provided, however, that to the extent a creditor holds claims against multiple Debtors within a Debtor group, solely for purposes of allocation, the creditor's claim shall be included only once in each Debtor group.

8. This Court shall retain oversight of and adopt procedures as necessary to measure the amount of disputed claims (which for purposes of this Order shall include any claim not allowed prior to the date of the Allocation Opinion and Order) against any Debtor seeking an allocation that may be considered for purposes of determining the allocation of the Lockbox proceeds. In addition to proposing schedules for expediting claims procedures for their estates as the Court previously ordered, each of the Debtors may submit proposals for procedures and oversight of disputed claims of other Debtors for the purposes of determining allocation.

[*Remainder of Page Left Intentionally Blank*]

5

9. The U.S. Debtors, Canadian Debtors and EMEA Debtors each shall be entitled to seek an allocation distribution based upon claims that are incapable of being determined before a final allocation amount has been set, including but not limited to applicable taxes on the Lockbox proceeds allocated to them.


Dated: _____, 2015
       Wilmington, Delaware

                                                      _____
                                                      THE HONORABLE KEVIN GROSS
                                                      UNITED STATES BANKRUPTCY JUDGE