**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br>**Re: D.I. 15544 and 15545**<br><br>Hearing Date: June 30, 2015 at 10:00 a.m. (ET) (Or as otherwise ordered by the Court)<br>Objection Deadline: June 15, 2015 at 4:00 p.m. (ET) |

**MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK, AS INDENTURE TRUSTEE FOR THE NNCC NOTES, PURSUANT TO FED. R. CIV. P. 52(b), 59(e), AND 60 FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER AND ALLOCATION TRIAL OPINION**

Law Debenture Trust Company of New York ("Law Debenture"), as indenture trustee for the NNCC Notes (defined below), by and through its attorneys, Patterson Belknap Webb & Tyler LLP and Morris James LLP, by this motion (the "Motion") respectfully requests partial reconsideration of this Court's *Allocation Trial Opinion* and the related *Order*, each dated May 12, 2015 [Dkt. Nos. 15544 and 15545] (respectively, the "Allocation Decision" and the "Allocation Order"). In support of this Motion, Law Debenture respectfully states as follows:

**PRELIMINARY STATEMENT**

1. This Motion for partial reconsideration seeks limited and targeted relief. First, in what appears to have been nothing more than a typographical error, the Allocation Decision includes the defined term "NNC" twice in the definition of "Bondholders" and also at page 43.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226).

7794729

Law Debenture believes that the Court probably intended to include "NNC*C*," and not the second "NNC" in the definition of "Bondholders." If so, a correction or clarification is in order. Second, in light of the Court's conclusion that substantive consolidation of the Debtors is not warranted under applicable U.S. law, Law Debenture requests clarification that each of the U.S. Debtors— including NNCC—will be entitled to a separate and distinct allocation of Lockbox funds. As discussed below, a debtor-by-debtor allocation seems to have been the mechanism intended to implement the conclusion in the Court's Allocation Decision to "recognize the separate corporate identities of the Nortel Entities." (Allocation Decision at 93).

## JURISDICTION

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding under, *inter alia*, 28 U.S.C. §157(b)(2)(B). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are Rules 52(b), 59(e), and 60 of the Federal Rules of Civil Procedure ("Civil Rules"), made applicable by Rule 7052, 9023, and 9024 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## BACKGROUND

A. **The U.S. Debtors' Bankruptcy Cases**

3. On January 14, 2009 (the "Petition Date"), Nortel Networks Inc. ("NNI"), Nortel Networks Capital Corporation ("NNCC"), and the other above-referenced debtors and debtors in possession (collectively, the "U.S. Debtors") each filed petitions for relief under 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"). The U.S. Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On the Petition Date, Nortel Networks Corporation ("NNC"), the U.S. Debtors' ultimate corporate parent, Nortel Networks Limited ("NNL"), NNI's direct corporate parent, and the other Canadian debtors commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors. The Canadian Court appointed Ernst & Young Inc. to serve as monitor for the Canadian proceedings.

5. On January 22, 2009, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") for the U.S. Debtors. Law Debenture is a member of the Committee, but files this Motion solely in its capacity as the Indenture Trustee (as defined below) for the NNCC Notes.

B. **The NNCC Notes**

6. Pursuant to an indenture, dated as of February 15, 1996 (the "Indenture"), by and among NNL (f/k/a Northern Telecom Limited), as issuer and guarantor, NNCC (f/k/a Northern Telecom Capital Corporation), as issuer, and The Bank of New York ("BNY"), as trustee, NNCC issued $150 million in aggregate principal amount of 7.875% Notes Due 2026 (the "NNCC Notes").

7. Pursuant to an Agreement of Resignation, Appointment and Acceptance, dated as of February 12, 2009, by and among NNCC, NNL, BNY, and Law Debenture, Law Debenture became successor indenture trustee (the "Indenture Trustee") under the Indenture.

8. NNCC is a direct and wholly-owned subsidiary of NNI, incorporated in Delaware in 1996. NNCC issued the NNCC Notes and loaned the proceeds to NNI in exchange for a Promissory Note issued by NNI on July 23, 1996, which was subsequently replaced by certain

Revolving Loan Agreements, dated as of February 14, 2006, June 15, 2006, and June 15, 2008 (the "Revolving Loan Agreement"), between NNCC, as lender, and NNI, as borrower.

9. The U.S. Debtors' amended schedules reflect that NNCC has an undisputed intercompany claim against NNI under the Revolving Loan Agreement in the amount of $147,634,914.66.[2]

10. NNI executed a Support Agreement in favor of NNCC, dated as of February 15, 1996 (the "Support Agreement"), in connection with the issuance of the NNCC Notes. NNCC has an intercompany claim against NNI for any and all amounts owing under the Support Agreement, including amounts necessary to cause NNCC to have and maintain a net worth equal to $1.00 based on the value of NNCC's tangible assets and liabilities as measured in accordance with generally accepted accounting principles.

    C. **The Allocation Decision and Allocation Order**

11. After a lengthy and complex trial that commenced on May 12, 2014, this Court entered the Allocation Decision and Allocation Order on May 12, 2015. Law Debenture was one of the "Core Parties" to the allocation trial, participating actively on behalf of the holders of the NNCC Notes.

12. The Allocation Decision concludes that "a modified pro rata allocation is required" to determine the proper allocation of the proceeds generated from the sales of Nortel's lines of business and intellectual property. Allocation Decision at 2.

13. The Allocation Decision also states specifically that "the Court is not ordering cross-border, global substantive consolidation." *Id.* at 63. *See id.* at 104 ("The record of Nortel's operations does not satisfy the legal and factual requirements for substantive

---

[2] *See Amended Schedules of Nortel Networks, Inc.*, dated December 10, 2014 [Dkt. No. 14918].

consolidation. While Nortel operated as a highly integrated multinational enterprise, the evidence establishes that the Nortel affiliates respected corporate formalities and did not commingle their distinct assets or liabilities. Given that Nortel respected and maintained corporate separateness among its distinct legal entities both before and during its insolvency, substantive consolidation cannot be applied in this case.").

14. In addition, the Allocation Order provides that the "allocation each Debtor Estate will be entitled to receive from the Lockbox funds is the percentage that all allowed claims against that Estate bear to the total allowed claims against all Debtor Estates." Allocation Order at 1 (¶2.a).

15. The Allocation Decision includes NNI and NNCC within its definition of the "U.S. Debtors." Allocation Dec. at 3 & n.4. It also defines "Bondholders" as "the Ad hoc Group of Bondholders, consisting of entities holding bonds which **NNC**, NNL, NNI and **NNC** issued or guaranteed." (Emphasis added). Allocation Decision, Appendix A at 1. *See also* Allocation Decision at 43 ("[t]he Bondholders consist of entities holding bonds which **NNC**, NNL, NNI and **NNC** issued or guaranteed.") (Emphasis added).

16. Other than in footnote 4, which merely lists all of the U.S. Debtors, there is no other discussion of or reference to NNCC, the issuer of the NNCC Notes, anywhere in the Allocation Decision or the Allocation Order.

**RELIEF REQUESTED**

17. By this Motion, Law Debenture respectfully requests partial reconsideration of the Allocation Decision and Allocation Order in order for the Court to clarify that consistent with the Allocation Decision's findings that there will be *no* substantive consolidation—partial, geographic, or otherwise—and that intercompany claims will be recognized, (a) the corporate

separateness of NNCC will be respected; and (b) NNCC is entitled to a separate allocation from the Lockbox funds.

## BASIS FOR RELIEF REQUESTED

18. Bankruptcy Rule 7052 incorporates Civil Rule 52(b), which provides that "[o]n a party's motion … the Court may amend its findings – or make additional findings – and may amend the judgment accordingly." Fed. R. Civ. P. 52(b).

19. Bankruptcy Rule 9023 incorporates Civil Rule 59(e), which provides that "[a] motion to alter or amend a judgment must be filed within [14] days after entry of judgment."

20. Bankruptcy Rule 9024 incorporates Civil Rule 60, which provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed R. Civ. P. 60(a). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002).

21. Law Debenture was a Core Party in the allocation trial. As noted above, Law Debenture participated actively in the allocation trial (and in the mediations and discovery that preceded it). Law Debenture believes it is unlikely that the U.S. Court intended to exclude the NNCC Notes from the scope and purview of its Allocation Decision and Allocation Order. This supposition is made all the more likely by the inclusion of the defined term "NNC" *twice* in the definition of "Bondholders" as well as at page 43 of the Allocation Decision. This suggests to Law Debenture that the Court may have intended to include NNC*C*, and not the second "NNC" in the definition of "Bondholders." In the dizzying alphabet soup of these cases, the omission of a single letter from a defined term is understandable, but it injects uncertainty into the rights of

the holders of the NNCC Notes in connection with the implementation of the Allocation Decision and Allocation Order.

22. NNCC, of course, is a separate and distinct legal entity from the other U.S. Debtors. The NNCC Notes represent more than $150 million in claims against NNCC The Allocation Decision makes clear that the Court found substantive consolidation was not appropriate. While that finding in the Allocation Decision refers to the "U.S. Debtors" and "Canadian Debtors," the Court did not appear to intend either partial or geographic consolidation. Instead, consistent with the Court's emphasis on the absence of any basis for substantive consolidation, the Allocation Decision compels the conclusion that each individual debtor is entitled to its respective, pro rata allocation of Lockbox funds.

23. NNCC has its own creditors and accordingly is entitled to its own allocation of Lockbox funds, separate from the other U.S. Debtors. Accordingly, the Allocation Decision should be amended pursuant to Civil Rule 52(b) to make additional (clarifying) findings that (a) NNCC is recognized as a separate and distinct entity from the rest of the U.S. Debtors, and (b) each of the U.S. Debtors—including NNCC—is entitled to separate allocations of Lockbox funds.

24. Therefore, Law Debenture respectfully requests clarification from the Court and, if warranted, an order amending its Allocation Decision accordingly.[3]

---

[3] Notwithstanding Del. Bankr. L.R. 9013-1(f), because of the nature of the relief requested, Law Debenture has not filed a form of proposed Order with this Motion. Upon receiving guidance regarding the questions raised in this

7794729

## RESERVATION OF RIGHTS

25.     Law Debenture reserves all rights (a) to file additional pleadings and to appear and be heard either in support of or in opposition to any other motions to reconsider the Allocation Decision and Allocation Order, and (b) in connection with any appeal of the Allocation Decision and Allocation Order.

## NOTICE

26.     Notice of this Motion will be provided to: (a) counsel to the U.S. Debtors; (b) the U.S. Trustee; (c) counsel to the Committee; (d) counsel to the ad hoc bondholder group; and (e) all parties that have requested to receive notice in these Bankruptcy Cases pursuant to Bankruptcy Rule 2002.  Law Debenture submits that no further notice of this Motion is required.

**WHEREFORE**, Law Debenture respectfully requests that this Court (a) grant Law Debenture's request for partial reconsideration of the Allocation Decision and Allocation Order; (b) clarify the Allocation Decision and Allocation Order consistent with this Motion; and (c) award such other and further relief as the Court deems just and proper.

*[Signature page follows.]*

---

Motion, Law Debenture will submit a form of proposed Order for the Court's consideration if it is appropriate to do so.
7794729

Dated: Wilmington, Delaware
May 26, 2015

**MORRIS JAMES LLP**

_____
Stephen M. Miller (DE Bar No. 2610)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: smiller@morrisjames.com

– and –

PATTERSON BELKNAP WEBB & TYLER LLP
Daniel A. Lowenthal
Brian P. Guiney
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
Email: dalowenthal@pbwt.com
bguiney@pbwt.com

*Attorneys for Law Debenture Trust Company of New York, as Indenture Trustee*

7794729

9