## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- X
:
*In re*                                              :        Chapter 11
:
Nortel Networks Inc., *et al.,*[1]                   :        Case No. 09-10138(KG)
:
              Debtors.         :        Jointly Administered
:
:
:        **Hearing date: June 30, 2015 at 10:00 a.m. (ET)**
:        **Responses due: June 19, 2015 at 4:00 p.m. (ET)**
---------------------------------------------------- X


## DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (NO LIABILITY CLAIMS, WRONG DEBTOR CLAIMS, AND EQUITY CLAIMS)

**TO THE CLAIMANTS LISTED IN <u>EXHIBITS A-C</u> ATTACHED TO THIS OBJECTION:**

- **CLAIMANTS' RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FUTURE OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED IN <u>EXHIBITS A-C</u>.**

- **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS IN <u>EXHIBITS A-C</u>.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available athttp://dm.epiq11.com/nortel.

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), hereby object (this "Objection"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to those certain claims listed in **Exhibits A-C** attached hereto and incorporated by reference.  In support of this Objection, the Debtors submit the Declaration of John J. Ray, III in Support of Debtors' Thirty-Seventh Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del.  L.R. 3007-1 (No Liability Claims, Wrong Debtor Claims, and Equity Claims) (the "Ray Declaration"), attached hereto as **Exhibit D** and incorporated by reference, and respectfully state as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 502 and 503 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

## Background

### A.      Procedural History

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc. ("NN CALA"),[2] filed voluntary petitions for relief under chapter 11 of

---

[2]      Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

the Bankruptcy Code, which cases are consolidated for procedural purposes only [D.I. 36]. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court. Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"). Other Nortel affiliates have commenced and in the

---

[3]      The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]      The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.       Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**B.       Bar Date and Schedules**

7.       On April 20, 2009 and May 29, 2009, the Debtors (other than NN CALA) filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Original Schedules") [D.I.s 616-627, 801-810].  On September 11, 2009, the Debtors filed Schedules of Assets and Liabilities and Statements of Financial Affairs for NN CALA (the "NN CALA Schedules") [D.I. 1477, 1478].  On November 4, 2009, the Debtors (other than NN CALA) filed their Amended Schedules of Assets and Liabilities and Amended Statements of Financial Affairs (together with the NN CALA Schedules, referred to as the "Amended Schedules") [D.I.s 1811-1825].

8.       On August 4, 2009, the Court entered an order (the "Bar Date Order") establishing September 30, 2009 at 4:00 p.m. (Eastern Time) (the "General Bar Date") as the last date for all creditors holding a "claim" against the Debtors (other than NN CALA) to file and serve a written proof of claim, subject to certain enumerated exceptions set forth in the Bar Date Order [D.I. 1280].  On December 3, 2009, the Court entered an order establishing January 25, 2010 at 4:00 p.m. (Eastern Time) (the "CALA Bar Date") as the general claims bar date for all creditors holding a claim against NN CALA to file and serve written proofs of claim [D.I. 2059]. The Court also entered an order fixing November 15, 2011 at 4:00 p.m. (Eastern Time) as the bar

date for filing proofs of claim in respect of certain Non-Canadian intercompany and director and officer claims [D.I. 6464] .

9.      On each of October 31, 2011, November 7, 2011, November 15, 2011 and November 21, 2011, the Debtors filed amended versions of Schedules E and F of the Original Schedules and Amended Schedules of NNI, Nortel Altsystems Inc. ("Nortel Altsystems") and NN CALA [D.I. 6702, 6719, 6780, 6827] (collectively, the "Second Amended Schedules through the Fifth Amended Schedules").[5]  The Second Amended Schedules through the Fifth Amended Schedules amend previously filed Schedules E and F to modify the priority and amount of the scheduled severance claims for certain individuals terminated prior to the applicable Petition Date.

10.      On December 10, 2014, NNI and Nortel Networks Capital Corporation ("NNCC") filed amended versions of Schedules F of their Original Schedules, Amended Schedules, Second Amended Schedules through Fifth Amended Schedules and Sixth Amended Schedules (collectively, the "Seventh Amended Schedules" and together with the Original Schedules, the Amended Schedules, the Second Amended Schedules through the Fifth Amended Schedules and the Sixth Amended Schedules, the "Schedules").  The Seventh Amended Schedules amend previously filed Schedules F to modify the amount and  characterization of certain scheduled intercompany payable claims.

---

[5]      Additionally, on February 21, 2012, the Debtors filed an amended version of NNI's Schedule F (the "Sixth Amended Schedules") [D.I. 7240].  The Sixth Amended Schedules amend NNI's previously filed Schedule F to modify the amount of certain scheduled trade payable claims.

**C.      The Claims Resolution Process**

11.      In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

12.      The Debtors' claims, notice and balloting agent, Epiq Bankruptcy Solutions, LLC, has prepared and maintains a register (the "Claims Register") of all proofs of claim filed against the Debtors in these chapter 11 cases.  The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules and the claims asserted in the proofs of claim (including any supporting documentation).  The Debtors are also comparing the claims asserted in the proofs of claim with the Books and Records to determine the validity of the asserted claims.

13.      This reconciliation process includes identifying particular categories of claims that may be targeted for disallowance.  To reduce the number of claims, and to avoid possible double recovery or otherwise improper recovery by claimants, the Debtors continue to file omnibus objections to such categories of claims if and where warranted.  This Objection is one such omnibus objection.

14.      On December 14, 2009, the Court entered an order granting the Debtors relief from the requirements of Bankruptcy Rule 3007(e)(6) and Local Rule 3007-1(f) (the "Original Rule 3007 Order") [D.I. 2125].

15.      On September 16, 2010, the Court entered an order authorizing and approving omnibus settlement procedures to settle certain prepetition claims (the "Settlement Procedures") [D.I. 3953].

16.     Also on September 16, 2010, the Court entered an order approving a cross-border claims protocol (the "Claims Protocol") establishing procedures to promote coordination and cooperation between the Debtors and the Canadian Debtors in the resolution of certain claims filed in these chapter 11 cases and the Canadian Proceedings that raise cross-border issues [D.I. 3956].

17.     On February 7, 2012, the Court entered an order modifying the application of Local Rule 3007-1 and the Original Rule 3007 Order [D.I. 7178].

**Relief Requested**

18.     For the reasons set forth below, the Debtors object to each of the claims identified in **Exhibits A-C**.  By this Objection, the Debtors respectfully request that the Court enter an order pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 reducing, modifying, reclassifying or disallowing in full, as applicable, the claims identified in **Exhibits A-C**:

a.      Each claim identified in **Exhibit A** should be disallowed in full or in part as a claim for which the Debtors are not liable because (i) the claim asserts, in whole or in part, a liability that is neither a liability of the Debtor identified in the proof of claim (if any) nor a liability of any other Debtor or (ii) the claim, in whole or in part, is supported neither by the documentation and information provided by the claimant, if any, nor by the Debtors' Books and Records (together, the "No Liability Claims").

b.      The claims identified in **Exhibit B** fail to identify or incorrectly identify the Debtor that is liable for such claim (the "Wrong Debtor Claims") and should be modified and allowed to clarify that the claim is asserted against the Identified Debtor (as defined below).

c.      Each claim identified in **Exhibit C** (the "Equity Claims") should be disallowed in full because the claim does not meet the requirements of section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007.

## Basis for Relief

19.     Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) the claim is otherwise allowable.  11 U.S.C. §§ 101(5) and 101(10).

20.     When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  See In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992); In re Int'l Match Corp., 69 F. 2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist).  Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity.  In re Allegheny Int'l, Inc., 954 F.2d at 173.  A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity.  Id.  In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency.  Id. at 173-74.  Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  Id.  The burden of persuasion is always on the claimant.  Id.

**A.     No Liability Claims**

21.     The Debtors object to the No Liability Claims identified in **Exhibit A** because each asserts a claim, in whole or in part, for which there is no amount due and owing by any Debtor to the claimant.

22.     The No Liability Claims should be disallowed in full or in part because the Debtors have determined that the each of the No Liability Claims asserts a liability that is neither a liability of the Debtor identified in the proof of claim (if any) nor a liability of any other Debtor

in these chapter 11 cases.  Based on careful review of the Books and Records, the Schedules and

the proofs of claim, including supporting documentation provided by the claimants, if any, the

Debtors have determined that the asserted amount is not due and owing to the claimants with

respect to such claims.

23.    Accordingly, the Debtors seek to disallow in full each No Liability Claim.

**B.    Wrong Debtor Claims**

24.    The Debtors object to the Wrong Debtor Claims identified in **Exhibit B** because

the claims fail to identify or incorrectly identify the Debtor that is liable for the claim, or a

portion thereof, as indicated on **Exhibit B**.

25.    With respect to each of the Wrong Debtor Claims, the Debtors and/or their

advisors have carefully reviewed the Books and Records, the Schedules and the proof of claim,

including supporting documentation provided by the claimant, if any.  Based on this review, the

Debtors have determined that the Wrong Debtor Claims, or a portion of such claims, should be

asserted against the Debtor identified in the column labeled "New Case Info and Identified

Debtor" in **Exhibit B** (the "Identified Debtor").

26.    The Debtors hereby seek entry of an order to correct the Debtor against which the

Wrong Debtor Claim, or portion thereof, is asserted and to allow such Wrong Debtor Claim as

modified.  If the relief sought in this Objection is granted, the claimant that filed the Wrong

Debtor Claim will have an allowed claim against the Identified Debtor for the amount stated in

**Exhibit B**.

C.    **Equity Claims**

27.    The Debtors object to the Equity Claims listed on **Exhibit C** because they should not be allowed either as claims or interests under section 502 of the Bankruptcy Code.

28.    The Equity Claims do not constitute claims for purposes of section 502 of the Bankruptcy Code. Although the term "claim" is broadly defined under section 101(5) of the Bankruptcy Code, it is well settled that a claim is distinguishable from an ownership interest in the debtor, and the holder of an equity security, without more, is not the holder of a claim. In re Insilco Tech., Inc., 480 F.3d 212, 218 (3d Cir. 2007) ("Equity investment brings not a right to payment, but a share of ownership in the debtor's assets – a share that is subject to all of the debtor's payment obligations."); Crocker v. Namer (In re AVN Corp.), 235 B.R. 417, 423 (Bankr. W.D. Tenn. 1999) ("[T]he filing of a proof of interest, which applies only in Chapter 11 cases, is not recognized in the claims process and becomes significant only when the remaining assets of the solvent corporate debtor are being distributed to shareholders."). Indeed, under section 501(a) of the Bankruptcy Code, an equity security holder may file a proof of interest. 11 U.S.C. § 501(a). See Crocker, 235 B.R. at 423. Bankruptcy Rule 3007(d)(7) provides for omnibus claims objections based on the ground that the claims should be disallowed because "they are interests, rather than claims." Fed. R. Bankr. P. 3007(d)(7).

29.    The Debtors and/or their advisors have reviewed the Claims Register and each of the Equity Claims, including supporting documents attached thereto, if any. Based on this review, the Debtors have determined that the Equity Claims are based solely on the Claimants' purported ownership of equity interests in the Canadian Debtors and, therefore, do not constitute "claims." Rather, each of the Equity Claims would be, if anything, an "equity interest," as the term is used in the Bankruptcy Code.

30.     However, even if the Court were to reclassify the Equity Claims as equity interests, there can be no valid equity interests against the Debtors because all of the equity interests in the Debtors are owned directly and indirectly by NNC, a Canadian Debtor that is the ultimate corporate parent of the Debtors.  In fact, certain Claimants of the Equity Claims listed their purported ownership of equity interest in NNC as the sole basis for their Claim. Accordingly, such Equity Claims are not properly asserted against any of the Debtors in these chapter 11 cases.

31.     For the reasons set forth above, the Debtors respectfully submit that each of the Equity Claims listed on **Exhibit C** does not meet the standards for prima facie validity. Each of the Equity Claims therefore should be disallowed in full.

### Separate Contested Matters

32.     To the extent that a response is filed regarding any claim identified in **Exhibits A-C** and the Debtors are unable to resolve the response, such claim, and the objection to such claim asserted by the Debtors herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim.

### Responses to Omnibus Objection

33.     To contest this Objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **4:00 p.m. (prevailing Eastern Time) on June 19, 2015** (the "Response Deadline").  Every Response must be filed with:

> The Office of the Clerk
> The United States Bankruptcy Court for the District of Delaware
> 824 Market Street
> Wilmington, Delaware  19801

and served upon the following entities so that the Response is received no later than the

Response Deadline, at the following addresses:

>Cleary Gottlieb Steen & Hamilton LLP
>One Liberty Plaza
>New York, New York  10006
>Attn:  Lisa M. Schweitzer
>
>-and-
>
>Morris, Nichols, Arsht & Tunnell LLP
>1201 North Market Street, P.O. Box 1347
>Wilmington, Delaware  19899-1347
>Attn:  Derek C. Abbott

34.     Every Response to this Objection must contain, at a minimum, the following

information:

a.     A caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of this Objection;

b.     The name of the claimant, the claim number, and a description of the basis for the amount of the claim;

c.     The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

d.     Any supporting documentation, to the extent that it was not included in the proof of claim previously filed with the clerk or claims agent, upon which the claimant intends to rely to support the basis for and amounts asserted in the proof of claim; and

e.     The name, address, telephone number and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or this Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

35.     If a claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order modifying, reclassifying or disallowing the claim, without further notice to the claimant or a hearing.

## Replies to Responses

36.     The Debtors may, at their option, file and serve a reply to any Response so that it is received by the claimant (or the claimant's counsel, if represented) no later than three (3) days prior to the hearing.

## Adjournment of Hearing

37.     The Debtors reserve the right to seek an adjournment of the hearing on any Responses to this Objection.  In the event that the Debtors seek such an adjournment, it will be noted on the notice of agenda for the hearing, and such agenda will be served on the affected claimant by serving the person designated in the Response.

## Reservation of Rights

38.     The Debtors expressly reserve the right to amend, modify or supplement this Objection.  Should one or more of the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the claims on any other grounds that the Debtors discover or elect to pursue.  This Objection sets out substantive and non-substantive objections to the claims identified in **Exhibits A-C**.  The Debtors reserve their right to assert one or more other legal, factual, procedural, substantive and non-substantive objections to claims identified in **Exhibits A-C** at a later time.  The Debtors also reserve the right to withhold all applicable federal, state and local withholding taxes from distributions (if any) that would be made with respect to the claims addressed in this Objection.

**No Prior Request**

39.     No prior request for the relief sought herein has been made to this or any other court.

**Notice**

40.     Notice of this Objection has been given via first class mail or overnight delivery to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) each of the parties listed in **Exhibits A-C** and (v) the general service list established in these chapter 11 cases.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

*[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]*

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as **Exhibit E**, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated:  May 29, 2015          CLEARY GOTTLIEB STEEN & HAMILTON LLP
       Wilmington, Delaware

                                    James L. Bromley (admitted *pro hac vice*)
                                    Lisa M. Schweitzer (admitted *pro hac vice*)
                                    One Liberty Plaza
                                    New York, New York 10006
                                    Telephone:  (212) 225-3505
                                    Facsimile:  (212) 225-3999

                                          - and -

                                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                    */s/ Tamara K. Minott*
                                    Derek C. Abbott (No. 3376)
                                    Eric D. Schwartz (No. 3134)
                                    Andrew R. Remming (No. 5120)
                                    Tamara K. Minott (No. 5643)
                                    1201 North Market Street
                                    P.O. Box 1347
                                    Wilmington, Delaware 19801
                                    Telephone:  (302) 658-9200
                                    Facsimile: (302) 658-3989

                                    *Counsel for the Debtors*
                                    *and Debtors-in-Possession*