# Morris, Nichols, Arsht & Tunnell LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347
———
(302) 658-9200
(302) 658-3989 FAX

DEREK C. ABBOTT
302 351 9357
302 425 4664 Fax
dabbott@mnat.com

June 3, 2015

BY HAND AND ELECTRONIC FILING

The Honorable Kevin Gross
United States Bankruptcy Court
District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

      Re:    In re Nortel Networks Inc., et al., Case No. 09-10138 (KG)

Dear Judge Gross:

      I write on behalf of the US Debtors regarding the briefing schedule with respect to the upcoming hearing on their U.S. Debtors' Motion for Clarification and/or Reconsideration of the May 12, 2015 Allocation Trial Opinion and Order (D.I. 15611, the "Motion"). With apologies for raising this by letter and regret for requiring the Court's assistance, we do so as a result of learning late yesterday that the Canadian Debtors have requested a "9:30 conference" with Justice Newbould for this morning, June 3, to ask the Canadian Court to override the briefing schedule set forth in the US Debtors' Amended Notice of Motion (D.I. 15681, the "Amended Notice") served and filed yesterday by the US Debtors. We respectfully request that Your Honor set a telephonic scheduling conference at your earliest convenience to resolve the matter. We request that it be held either today or Friday since Mr. Rosenthal will be arguing this issue and he will be on an overseas flight throughout the entire business day on Thursday.

      As the Court knows, the Motion was first returnable on June 30. The US Debtors were required by the Bankruptcy Rules to, and did, prepare and file the Motion within 14 days of the Court's Allocation Opinion. The Courts' decision to schedule a hearing the Motion earlier than the initially noticed June 30 date necessitates an expedited briefing schedule. Thus, upon learning of the new hearing date, we served yesterday the Amended Notice providing for opposition briefs to be filed by June 10 – 15 days after receipt of the Motion – and reply briefs to be filed 8 days later by June 18, the date mandated by both Courts for completion of briefing.

      The Canadian Debtors expressed displeasure with the compressed schedule and requested this morning's conference with Justice Newbould without consulting the US Debtors.

The Honorable Kevin Gross
June 3, 2015
Page 2

While the US Debtors are sensitive to the schedule, the Bankruptcy Rules, combined with the Courts' desire for a hearing earlier than the last week of June puts equal demands on all counsel. Counsel for the US Debtors worked quickly to file their Motion within 14 days, and the schedule in the Amended Notice provides that any party opposing the Motion will have to file opposition within 15 days and the US Debtors will have just 8 days for reply. Respectfully, it is incumbent upon everyone to accept a briefing schedule that is equally burdensome on, and thus fair to, all parties. Fourteen days for the Motion (May 26), 15 days for oppositions (June 10) and 8 days for reply (June 18) is more than fair for any opponents of the relief sought under these circumstances, is wholly consistent with the timing prescribed by the Bankruptcy Rules and does not deprive the US Debtors of their right to a meaningful reply brief. In fact, given the correspondence we received from the Canadian Debtors and others last evening, we anticipate that the US Debtors will likely need to reply to separate objections from the Canadian Debtors and the Monitor, the CCC, the UKP, the EMEA Debtors and Wilmington Trust, all within those 8 days.[1] While this schedule is not ideal and will be challenging for all of us, we believe it is reasonable and necessary under the circumstances.

Thank you for your consideration.

Respectfully,

Derek C. Abbott

cc:     Core Parties via email

9200170

---

[1] The Canadian Debtors have suggested that in order to grant significantly more time for opposition briefs than the US Debtors had to file their initial Motion and supporting memorandum, the US Debtors not only be given fewer than 8 days for their reply, but also that they submit it later than the June 18 date for completion of briefing mandated by both Courts. This is problematic as we are unavailable to prepare and submit a reply brief after Friday, June 19 for the same reason that led the US Debtors to request to move the June 22 hearing in the first place. Moreover, it would leave the Court very limited time to consider all the briefs in advance of the hearing.