```
                  IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF DELAWARE


IN RE:                          )      Case No. 09-10138(KG)
                                )      (Jointly Administered)
                                )
NORTEL NETWORKS, INC., et al.,) Chapter 11
                                )
                                )      Courtroom 3
                                )      824 Market Street
              Debtors.          )      Wilmington, Delaware
                                )
                                )      May 28, 2015
                                )      10:00 a.m.



                     TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE JUDGE KEVIN GROSS
                  UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:               Cleary Gottlieb Steen & Hamilton
                           BY: LISA M. SCHWEITZER, ESQ.
                           BY: MATTHEW GURGEL, ESQ.
                           1001 Pennsylvania Avenue
                           Washington, DC  20004
                           (202) 624-2500

                           Morris Nichols Arsht & Tunnell, LLP
                           BY: DEREK C. ABBOTT, ESQ.
                           BY: ANDREW R. REMMING, ESQ.
                           1201 North Market St., 18th Floor
                           Wilmington, DE  19899-1347
                           302-351-9200

ECRO:                      GINGER MACE

Transcription Service:     DIAZ TRANSCRIPTION SERVICES
                           331 Schuylkill Street
                           Harrisburg, Pennsylvania 17110
                           (717) 233-6664
                           www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For the Monitor:                    Buchanan Ingersoll & Rooney,PC
                                    BY: MARY CALOWAY, ESQ.
                                    1105 N. Market St., Ste. 1900
                                    Wilmington, DE  19801-1054
                                    (302) 552-4214

For EMEA Debtors:                   Young Conaway Stargatt &
                                    Taylor
                                    BY: JAIME LUTON CHAPMAN, ESQ.
                                    Rodney Square
                                    1000 North King Street
                                    Wilmington, DE  19801
                                    (302) 571-6000

For Official Creditor's             Akin Gump Strauss Hauer & Feld
Committee:                          BY: ROBERT JOHNSON, ESQ.
                                    One Bryant Park
                                    Bank of America Tower
                                    New York, NY  10036
                                    212-872-1000

                                    Whiteford Taylor Preston
                                    BY: CHRIS SAMIS, ESQ.
                                    The Renaissance Center
                                    405 North King Street
                                    Wilmington, DE  19801
                                    (302) 357-3266

For SNMP:                           King & Ballow
                                    BY: RICHARD S. BUSCH, ESQ.
                                    315 Union Street, Suite 1000
                                    Nashville, TN  37201
                                    (615) 259-3456

                                    Cole Schotz, P.C.
                                    BY: NORMAN L. PERNICK, ESQ.
                                    BY: C. DAVID DEAN, ESQ.
                                    500 Delaware Avenue
                                    Suite 1410
                                    Wilmington, DE  19801
                                    (302) 652-3131

APPEARANCES:
(Continued)

For Avaya, Inc.:                    Holland & Knight
                                    BY: BARBARA R. PARLIN, ESQ.
                                    BY: BENJAMIN M. STERN, ESQ.
                                    31 West 52nd Street
                                    New York, NY  10019
                                    (212) 513-3200

                                    Sullivan Hazeltine Allinson
                                    BY: WILLIAM SULLIVAN, ESQ.
                                    901 North Market Street
                                    Suite 1300
                                    Wilmington, DE  19801
                                    (302) 428-8191

TELEPHONIC APPEARANCES:

For Official Committee of
Unsecured Creditors:                Akin Gump Strauss Hauer & Feld
                                    BY: MATTHEW FAGEN, ESQ.
                                    212-872-1000

For Interested Party:               Dow Jones & Company
                                    BY: PEG A. BRICKLEY, ESQ.
                                    215-462-0953

                                    Reorg Research, Inc.
                                    BY: KENT COLLIER
                                    212-257-4383

For Interested Party,               Willkie Farr & Gallagher, LLP
Nortel Networks UK                  BY: WESTON T. EGUCHI, ESQ.
Pension Trust:                      BY: NICHOLAS CHIUCHIOLO, ESQ.
                                    (212) 728-8881

For Monitor, Ernst &                Allen & Overly, LLP
Young:                              BY: DANIEL GUYDER, ESQ.
                                    (212) 756-1132
                                    BY: PAUL KELLER, ESQ.
                                    (212) 610-7300

For Interested Party:               Farallon Capital Management
                                    BY: MICHAEL G. LINN
                                    (415) 421-2132

TELEPHONIC APPEARANCES:
(Continued)

For Hughes, Hubbard & Reed:        Hughes Hubbard & Reed LLP
and Foreign Reps:                  BY: CHARLES HUBERTY, ESQ.
                                   (212) 837-6045


For HBK Capital Management:         HBK Capital Management
                                   BY: ERIC BILMES, ESQ.
                                   (212) 588-5115


For Bank of America:               Bank of America
                                   BY: ESTHER CHUNG
                                   (846) 855-6705


For SNMP:                          SNMP Research
                                   BY: JEFFREY CASE, ESQ.
                                   (865) 579-0527


1

1  WILMINGTON, DELAWARE, THURSDAY, MAY 28, 2015, 10:02 A.M.

2              THE CLERK:  Please rise.

3              THE COURT:  Good morning, everyone.  Thank you.

4  Please be seated.  Mr. Abbott, good morning.

5              MR. ABBOTT:  Good morning, Your Honor.  Derek

6  Abbott here for the U.S. Debtors.  Your Honor, there's a

7  weighty matter, but a single Agenda item.

8              THE COURT:  Yes.

9              MR. ABBOTT:  Your Honor, I just want to make sure

10 that you had received the Amended Agenda and the

11 supplemental submission that Avaya had made.

12             THE COURT:  I think I did.

13             MS. SCHWEITZER:  Regarding a Wellness decision?

14             THE COURT:  Yes, thank you.  Thank you, Ms.

15 Schweitzer, yes, I did receive that.

16             MR. ABBOTT:  Okay.  Well, with that then, Your

17 Honor, I'll cede the podium to the Movant.

18             THE COURT:  All right, thank you.  And before we

19 begin, I just want to say that -- a couple of things.

20             First, we're honored to have with us in Court

21 today, Eugenio Vacardi from Italy who is a lawyer there and

22 is here to observe, has been spending some time in the

23 United States.

24             And secondly, I'm sorry, Mr. Pernick, just one

25 more thing.

1            MR. PERNICK:  Your Honor, you don't have to

2    apologize to me, trust me.

3                       (Laughter)

4            THE COURT:  I'm going to invoke my give the Court

5    a break rule and I'm a granting a Motion to file a brief in

6    excess of the page limitation.

7            MR. PERNICK:  Thank you, Your Honor.

8            THE COURT:  All right.

9            MR. PERNICK:  And, Your Honor, I just really

10   wanted to make a quick introduction and let you know who I

11   have with me today.

12           THE COURT:  Yes, please.

13           MR. PERNICK:  First, I have Richard Busch, he's

14   the lead trial lawyer with us on the case.

15           THE COURT:  Mr. Busch, welcome.

16           MR. PERNICK:  And my partner, David Dean, who's

17   actually going to present the argument today.

18           THE COURT:  All right.

19           MR. PERNICK:  And our client, Dr. Jeff Case is on

20   the phone, just for the Court's information.

21           THE COURT:  All right, Mr. Pernick.

22           MR. PERNICK:  Thank you.

23           THE COURT:  Thank you.  Thank you for that.  Mr.

24   Dean?

25           MR. DEAN:  Thank you, Your Honor.  David Dean of

1   Cole Schotz for the record.

2            On the Page Limitation Motion, before I get into

3   this argument, we -- the Order was signed already a couple

4   weeks ago.

5            THE COURT:  Oh.

6            MR. DEAN:  And we already filed the reply brief--

7            THE COURT:  Fine.

8            MR. DEAN:  -- in accordance with that.

9            THE COURT:  All right.

10            MR. DEAN:  All right, thank you.  Your Honor,

11   it's been about three months since we were last before you

12   in this matter.

13            THE COURT:  It seems like yesterday, Mr. Dean.

14            MR. DEAN:  And it seems like yesterday.

15                      (Laughter)

16            THE COURT:  It does.

17            MR. DEAN:  On February 27 to be specific, the

18   Court held a Status Conference in this case during which

19   various issues were discussed, including our Motion for

20   Relief from the Automatic Stay or the Stay in Canada, which

21   was being conducted simultaneously in Canada at the time of

22   the Status Conference, but had not yet concluded at that

23   point time.  Although we sort of knew what the result was

24   going to be before the hearing concluded because you and

25   Justice Newbould had spoken and sort of hinted to us that

1    the motion was going to be denied.  But in any event, one of

2    the issues we discussed at the Status Conference, and one

3    that, I think, bears repeating right up front here is SNMP's

4    rationale for bringing this lawsuit in the Bankruptcy Court.

5           THE COURT:  All right.

6           MR. DEAN:  SNMP was precluded by the Canadian

7    Court's Stay Order from bringing this action against the

8    Canadian Debtors, absent an Order from the Canadian Court or

9    an agreement from the Canadian Debtors.

10          The Motion for Relief in Canada requested

11   permission from the Canadian Court to do just that, to bring

12   the Canadian Courts, the U.S. Debtors, and the Non-Debtor

13   Defendants who were involved in the sale of the Debtors'

14   assets into a single forum.

15          And, Your Honor, while that motion was pending,

16   the parties entered into a Letter Agreement.  And the -- by

17   the parties, I mean, the Debtors, U.S. and Canada, and SNMP.

18   Avaya was not a party to this Letter Agreement.  The Letter

19   Agreement is attached to the Appendix that we filed with the

20   motion as Exhibit C, just for the record.

21          And that Letter Agreement permitted SNMP Research

22   to file this lawsuit notwithstanding the Canadian Stay

23   Order.  The Canadian Court also entered an Order approving

24   this agreement, but it stayed the case as to the Debtors

25   upon the commencement of its filing.

1          This action was taken by SNMP Research to

2   preserve limitations on certain claims in the case and from

3   our perspective, it was the only practical way to bring this

4   action in a single forum while the parties, meaning the

5   Debtors and SNMP, attempted to mediate their differences.

6          And notwithstanding where we started in the --

7          THE COURT:  There were other ways to do it

8   though, weren't there?  In other words, you could have sued

9   Avaya in the District Court.

10         MR. DEAN:  Correct.  That's why I said it was the

11  only way we could have sued everyone in a single forum and

12  brought everyone together in a single litigation.

13         THE COURT:  And then you use other methods to

14  sort of consolidate the cases, if you will, at a later date.

15  In other words, you could have sued Avaya in the District

16  Court.  You could have filed your suit against the Debtor,

17  the U.S. Debtor here.  Waited to see what happened in Canada

18  and then sought to withdraw the reference of the action

19  against the U.S. Debtor and perhaps the Canadian Debtor,

20  depending what happened.

21         MR. DEAN:  That would have been a very convoluted

22  way of doing this.  So we thought the best approach was to

23  bring -- and I'm not sure that would have even worked.  That

24  would have been sort of speculative on our part to think

25  that we would have ever been able to get everybody in a

1  single forum if we didn't bring the action initially in a

2  single forum, but I guess in theory, we could have tried,

3  but I'm not sure we would have succeeded.

4          Now notwithstanding where we started in

5  Bankruptcy Court, our intention from the outset of this case

6  was to demand a Jury Trial and move to withdraw the

7  reference as soon as it was permitted to do so under the

8  Letter Agreement.

9          Now after the February 27 Status Conference that

10  we last had, concluded Justice Newbould did, in fact,

11  formally decide the Motion for Relief against us and issued

12  his decision on the motion on March 4, 2015.  In that

13  decision, Justice Newbould determined that the claims in the

14  adversary proceeding against the Canadian Debtors must be

15  pursued in Canada.  And as a result of that decision, we

16  dismissed the claims against the Canadian Debtors in this

17  adversary proceeding and we amended the Complaint.

18          We filed the Second Amended Complaint

19  subsequently upon the consent of the Debtors and Avaya.  And

20  the Second Amended Complaint eliminated some of the counts

21  of the Complaint and it also eliminated some of the

22  Defendants, particularly, the Canadian Debtors as a result

23  of Justice Newbould's decision and Radware with which we had

24  previously settled.  So the remaining Defendants in the case

25  are the Debtors and Avaya.

1          THE COURT:  Right.

2          MR. DEAN:  The counts in the current Complaint

3   and the Second Amended Complaint consist of claims against

4   the Debtors and Avaya for copyright infringement under the

5   Federal Copyright Act, misappropriation of trade secrets

6   under Delaware Law, and Common Law breach of contract.

7          The final count of the Complaint is what I call a

8   belt and suspenders type of Complaint.  It's a request for

9   an administrative expense claim to the extent we get a

10  judgment against the Debtor in the case, but it's really not

11  a standalone count in the Complaint.

12         Now the issuance of the Canadian Courts' decision

13  on the Motion for Relief on March 4, Your Honor, formally

14  terminated the stay of this adversary proceeding against the

15  Debtors and against Avaya.  Permitting SNMP Research for the

16  first time in the case, to move to withdraw the reference of

17  the entire case.  Less than two weeks later, on March 17,

18  SNMP Research filed a Motion to Withdraw the Reference.

19  Contemporaneously with that filing, we filed the required

20  motion under this Court's Local Rule 5011(1) requesting a

21  finding from the Court that a lax authority to enter Final

22  Orders and Judgments against Avaya.  And as Your Honor

23  knows, that's the motion that's pending before the Court

24  today.

25         Now the primary argument in the motion that we

1   made, because we weren't aware -- we didn't know exactly

2   whether the Defendants were going to raise implied consent.

3   We didn't know exactly how they were going to respond until

4   they did.  So the primary argument in the motion is that the

5   claims against Avaya are non-core under the Third Circuit's

6   test in Halper vs. Halper, and that as a result of the non-

7   core nature of the claims, the Court is precluded by

8   statute, and by statute I mean, 28 U.S.C. Section 157(c)(1),

9   from entering Final Orders or Judgments against Avaya.

10          As the Debtors point out, and I'll say it for the

11  record, there are other counts against the Debtors in this

12  lawsuit as well.  We do not dispute that the claims against

13  the Debtors are core.  We don't dispute that the claims

14  against the Debtor, that this Court has final adjudicatory

15  authority with respect to those claims under relevant case

16  law.  So this is really about Avaya.

17          THE COURT:  Right.

18          MR. DEAN:  So concerning the counts of the

19  lawsuit against Avaya, both the Debtors and Avaya oppose the

20  relief that we request in the motion, but unlike SNMP, who

21  in our view, position has remained constant throughout this

22  litigation, Avaya's opposition is in stark contrast to the

23  positions that it took in answering the original Complaint

24  where it objected not only to the Court's final adjudicatory

25  authority, but also to the Court's subject matter

1  jurisdiction to hear the case in the first place.

2          Now in opposing SNMP's motion, both the Debtors

3  and Avaya acknowledged that the claims are non-core.

4          THE COURT:  Right.

5          MR. DEAN:  So we don't have an issue with respect

6  to the nature of the claims.  This means that by statute,

7  the Court lacks authority to enter final judgment against

8  Avaya and as to the counts relating to Avaya, under

9  157(c)(1), unless the Court determines that SNMP implicitly

10 or impliedly consented under 157(c)(2).

11         We alternatively argued in the motion, that if

12 the claims against Avaya are found somehow to be core,

13 because we didn't know what they were going to argue, that

14 SNMP Jury Trial rights still would preclude this Court from

15 entering Final Orders or Judgment.

16         Now for the purpose of this motion, that argument

17 was mooted by the Debtors' acknowledgement that the claims

18 are non-core because the argument was only in the event that

19 the claims are found to be core.

20         THE COURT:  Right.

21         MR. DEAN:  But despite the fact that the Debtors

22 own admissions agree that the claims are non-core, the

23 Debtors and Avaya appear to attempt to get this Court to

24 decide issues that I think are truly before the District

25 Court or will be before the District Court in the Motion to

1    Withdraw the Reference.  And those issues are whether SNMP

2    Research has waived its Jury Trial right, either by filing

3    the case here in the first place, or by filing a purportedly

4    untimely Motion to Withdraw the Reference.

5            THE COURT:  And your position, of course, is that

6    it will be the District Court, not this Court that

7    determines the timeliness issue.

8            MR. DEAN:  Yes, yes, Your Honor.  We believe that

9    the narrow issue for the Court today is whether we

10   implicitly consented under Section 157(c)(2).

11           THE COURT:  That's right.

12           MR. DEAN:  Having said that, I want to just give

13   the Court a little bit of flavor for the Motion to Withdraw

14   the Reference because I want to make it clear to you, Your

15   Honor, that we are not hiding in any way, in this Court,

16   from the Jury Trial Waiver of timeliness arguments.  And we

17   believe very strongly that the District Court will rule in

18   our favor on both.

19           As we demonstrated in the reply briefs, which we

20   do appreciate Your Honor giving us the extra pages to file

21   in connection with the Motion to Withdraw the Reference and

22   the reply brief in connection with the subject motion, the

23   Third Circuit does not favor a waiver approach when it comes

24   to Jury Trial rights in bankruptcy.  This means that in the

25   Third Circuit, under the Billing test cited in both sets of

1  papers, the decision to invoke the Bankruptcy Court's

2  jurisdiction is not sufficient to constitute a waiver of

3  Jury Trial.  The claim, the actual claims subject to the

4  Jury Trial right must also invoke the process of allowance

5  or disallowance of claims against the Debtors' estate.

6  Thereby, converting, as opposed to waiving, the claims from

7  ones that are legal in nature and protected by the Seventh

8  Amendment, to ones that are equitable in nature and outside

9  of the protections of the Seventh Amendment.

10            But we don't have that here.  It's without

11  dispute that our claims against Abaya do not invoke the

12  claims allowance process against the Debtor.  So we could

13  not be deemed to have waived our Jury Trial right under the

14  Billing Standard, simply by filing the lawsuit here.  In

15  fact, we demanded a Jury Trial in the Complaint itself.

16            THE COURT:  So your position is that even if the

17  District Court found that your Motion to Withdraw the

18  Reference was untimely, that that does not constitute a

19  waiver of the Jury Trial demand?

20            MR. DEAN:  Well, I don't think in that -- not

21  necessarily.  I -- what I was addressing is the mere filing

22  of the decision to file an action in a Court that

23  conceivably cannot have a Jury Trial at all, does not

24  constitute a Jury Trial Waiver.

25            THE COURT:  Okay.  Okay.

1              MR. DEAN:  Okay.  Whether -- the Debtors and

2    Avaya cite a number of cases in the briefing in both sets of

3    motions that claim that if you file a Motion to Withdraw the

4    Reference out of time, then it can constitute a Jury Trial

5    Waiver and they cite some cases --

6              THE COURT:  They do.

7              MR. DEAN:  -- from this Court that also says

8    that, but frankly, it really doesn't matter because whether

9    the failure to file the motion on time constitutes a Jury

10   Trial Waiver or it's just untimely because it's untimely,

11   the statute still requires the motion to be filed timely, so

12   we'd be kicked out on untimeliness either way.  It wouldn't

13   matter.

14             THE COURT:  Okay.

15             MR. DEAN:  But we believe that the District Court

16   will, in fact, find that the Motion to Withdraw the

17   Reference was timely filed.

18             The Defendants here, Your Honor, view timeliness

19   really through a very narrow lens, focusing solely, almost

20   solely on the amount of the time that's passed as opposed to

21   the actual facts and circumstances of this case that led us

22   here today.  And as set forth in detail in our reply brief

23   both in support of the Motion to Withdraw the Reference and

24   to some degree in the subject motion's reply, the lack of

25   any unfair prejudice to a Avaya warrants a finding of

1  timeliness automatically.  Avaya was happy to sit by while

2  the case was stayed against the Debtors and while the

3  Debtors and SNMP attempted to mediate their disputes without

4  every saying a peep.

5           And then, when it came time to respond to the

6  first Amended Complaint following the Radware Hearing where

7  the Court required us to file an Amended Complaint to deal

8  with that, Avaya obtained a similar extension to respond to

9  the First Amended Complaint and at that point, in February

10  2014, agreed to a stay of this case itself.

11          As for the Debtors, Your Honor, there was no

12  unfair prejudice either, but the Debtors don't directly

13  challenge timeliness per se and they're precluded from doing

14  so --

15          THE COURT:  Right.

16          MR. DEAN:  -- under the Letter Agreement attached

17  as Exhibit C to the motion.

18          So it wouldn't be technically appropriate to

19  consider any prejudice to the Debtor in valuing timeliness

20  in any event to the extent that they suffered any from a

21  legal standpoint because they can't challenge it.  They

22  agreed they wouldn't.

23          But if the lack of any unfair prejudice weren't

24  enough, the fact that SNMP was expressly barred from moving

25  to withdraw the reference of this case from the commencement

1  of the case, under the Letter Agreement which was entered

2  into prior to the case being filed, all the way through

3  Justice Newbould's decision on March 4, should preclude any

4  argument as to timeliness.

5          Moving to withdraw the reference just as to Non-

6  Debtors at that juncture would have been improvident, it

7  would have been premature, and it, frankly, would have

8  accomplished nothing.

9          In addition, the District Court's decision in the

10  Trocio case that we cite in our reply brief, as that case

11  makes clear, Your Honor, the stage of the proceeding is

12  fundamental in deciding the timeliness of the Motion to

13  Withdraw the Reference.  And this one, indisputably is in

14  its infancy, no discovery has been concluded.  We haven't

15  even had a pretrial conference in this case yet, Your Honor.

16  They were indefinitely -- it was indefinitely continued,

17  pending all of these motions and it has not been reset.

18          So that's where we are.  And where we are today,

19  and this discussion brings us to the issue at the heart of

20  today's hearing and that is whether SNMP impliedly

21  consented.  In our reply brief, we raised three arguments in

22  response to the Defendant's implied consent contention.

23          THE COURT:  We're having a different argument

24  than we would have next -- last week, obviously, because of

25  the --

1          MR. DEAN:  Yeah, timing is something, isn't it?

2          THE COURT:  I had nothing to do with it.

3                    (Laughter)

4          MR. DEAN:  And this may be the first hearing on

5   the country on consent after Wellness, so I'll try to do the

6   best I can.

7          THE COURT:  Okay.

8                    (Laughter)

9          MR. DEAN:  But let me just outline the arguments

10  anyway and I'll knock a couple of them off as we discuss

11  Wellness and let you know what our view is on the case.

12         THE COURT:  Sure.

13         MR. DEAN:  The first argument that we made in the

14  reply was that a party's consent is not sufficient to

15  overcome the constitutional structural deficiency in

16  relation to a Bankruptcy Judge's decision on a core matter.

17         The second argument was that even if consent were

18  constitutionally permissible, the consent under Section

19  157(c)(2) must be expressed, it cannot be implied.  And we

20  relied on the Bankruptcy Rules which specifically say that

21  it has to be expressed in the Advisory Committee notes which

22  the Supreme Court didn't seem to care too much about, but

23  Justice Scalia in his concurrence did care about.

24                    (Laughter)

25         MR. DEAN:  But the third, and the one that's

1  really going to be at the heart of today's discussion is

2  that the record in the case does not support any finding of

3  implied consent at all.  And as the Court is aware, the

4  Supreme Court's decision in Wellness on Tuesday, I think

5  fairly -- it's fair to say that it disposes of the first two

6  arguments.

7          THE COURT:  Yes.

8          MR. DEAN:  In Wellness, the Supreme Court held

9  that Article 3, Section 1 of the Constitution, doesn't

10  prohibit a party from consenting to a Bankruptcy Court's

11  final adjudication of a stern type core claim.  And the

12  Supreme Court probably went a little further, and I'm being

13  facetious here, a little further than it needed to.  And I

14  think a fair reading of the decision based on how far they

15  went is that that same logic would apply to the Bankruptcy

16  Court's final adjudication of non-core claims such as the

17  one against Avaya here.  I don't think that's reasonable to

18  read that decision to be limited strictly to core claims.

19  So I'm really not going to quibble with the fact that the

20  case only addressed a stern type core claim and that

21  statutory non-core claims may be decided differently because

22  I think this issue, this case is really going to boil down

23  to the facts of implied consent.

24          Now the Wellness decision also probably indicta,

25  but as I say, went pretty far in this decision to respect

1  the Bankruptcy Court's jurisdiction which as bankruptcy

2  lawyer makes me happy.  And I'm sure it's -- I'm sure

3  Bankruptcy Judges are also relatively pleased with the scope

4  of the decision as well, but the Court said that under

5  157(c)(2), expressed does not -- consent does not to be

6  expressed.

7              THE COURT:  Right.

8              MR. DEAN:  So I will note that the majority was

9  faced with a fierce dissent from Justice Roberts in this

10 case who disagreed with the Court's reading of his decision

11 concerning Marshal, ironically, and accused the Court of

12 putting down as a constitutional bar for practicality sake.

13 And as I mentioned, Justice Alito concurred and agreed with

14 the concurrent -- agreed with the majority's view on the

15 consent issue, but disagreed -- I'm sorry, on the

16 constitutionality issue, but disagreed with the Court's

17 decision on the consent issue and believed that it was

18 inappropriate to find that implied consent under the statute

19 was appropriate.  And as we discussed in our reply brief,

20 Justice Alito cited to the Bankruptcy Rules and noted that

21 it would at the end of the day, have been inappropriate for

22 the Court to make that kind of decision.

23             But the majority has spoken and we have what we

24 have.  And as I said, I think bankruptcy practitioners and

25 Judges should be happy about this decision, but while the

1  Supreme Court's decision here may dispose of the two

2  threshold arguments we made, I don't think Wellness has any

3  bearing on the ultimate outcome of this motion.  In fact,

4  Your Honor, I will tell you, before Wellness was even

5  decided, the prudence were predicting a decision would come

6  out on this sometime in June.  And I knew that we had a

7  hearing at the end of May and so what I was going to do if

8  Wellness had not been decided, was ask the Court to find

9  that SNMP did not implicitly consent on the facts as a

10 threshold matter because I did not want the Court to make a

11 decision based on a very unclear, constitutional, and

12 statutory construction issue when there was a Supreme Court

13 case that was probably going to get issued in the next few

14 weeks, but ended up coming up before the hearing, but I

15 thought it could come shortly after the hearing, that could

16 have put the Court's legal conclusions in question.

17      Now the goods new is based on the timing of

18 Wellness we don't have to grapple with these issues today.

19 We now know that this hearing boils down to the very narrow

20 issue of whether SNMP implicitly consented.  But before we

21 leave Wellness all together, and I only mean that

22 figuratively, I want to point out one important aspect of

23 that decision.

24      In addition to deciding constitutional issues and

25 expressed versus implied issues, the Court also provided

1  very important guidance, especially in this case, on the

2  correct legal standard for implied consent.  Specifically,

3  the Supreme Court said, "It bears emphasizing, however, that

4  a litigant's conduct, whether expressed or implied, must

5  still be knowing and voluntary.".

6            THE COURT:  Right.

7            MR. DEAN:  That's important here.  Now this

8  standard appears to comport with a statement in the Lyondell

9  case that we cited in our reply brief that, "A Court should

10 lightly infer from a litigant's conduct, consent to have

11 private state created rights adjudicated by a non-Article 3

12 Bankruptcy Judge."  So as the Court can see by these

13 comments about the heightened standard of implied consent,

14 this is no easy hurdle to overcome.

15            Now in the present case, there's nothing in the

16 record, including the decision to sue here, which I'll get

17 into in a moment, suggesting that SNMP knowingly or

18 voluntarily agreed to the Court's final adjudication of the

19 claims against Avaya.  To the contrary, every action that

20 SNMP has taken since the commencement of this case and even

21 before with the Letter Agreement, confirms exactly the

22 opposite.  SNMP has always emphatically taken the position

23 that it does not consent to this Court's final adjudication

24 of the claims against Avaya.

25            Now in advancing their implied consent theory,

1  the Defendants focus on two arguments.  The first is that

2  SNMP's research to bring -- decision to bring suit here,

3  implies consent.  Avaya for its part, also separately raises

4  the issue of the form of the pleading itself.  In other

5  words, the Prayer for Relief didn't -- wasn't qualified by

6  requesting proposed findings and conclusions, even though it

7  was filed in the Bankruptcy Court.  And that also implies

8  consent according to Avaya.

9          And the second argument the Defendant's make

10  collectively is that the circumstances of the October 2013

11  hearing on the Radware Motion to Dismiss and the filing of

12  the Notice of Intent to Move to Withdraw the Reference

13  shortly before the hearing, also implied consent.  So let's

14  address these arguments in turn.

15          With respect to the first argument, filing suit

16  here.  The decision to invoke this Court's jurisdiction

17  alone, cannot constitute implied consent.  Such a holding,

18  Your Honor, would be in direct contrast of the Third

19  Circuit's logic in the _Billing_ which I previously discussed.

20  As I mentioned, with discussing the Jury Trial Waiver issue,

21  the _Billing_ case made it clear that the active invoking the

22  Bankruptcy Court's jurisdiction is not sufficient to

23  constitute a waiver of a Jury Trial right.

24          Now while this case, admittedly, did not

25  expressly deal with implied consent to the Bankruptcy

1  Court's final adjudication of claims, it would be

2  inconceivable to conclude that one could impliedly consent

3  by virtue of bringing a lawsuit here when doing so wouldn't

4  constitute a waiver of a Jury Trial right under the <u>Billing</u>

5  logic.  It just doesn't make sense to conclude that when you

6  look at the <u>Billing</u> case and you look at the whole logic

7  behind the case.

8          Now in addition to <u>Billing</u>, Your Honor, we submit

9  that the Defendant's argument isn't support by any

10 applicable case law.  In fact, we're not aware of any case

11 anywhere, and the Defendant's haven't cited one, that holds

12 that a Plaintiff in an adversary proceeding impliedly

13 consents to the Bankruptcy Court's final adjudication of all

14 claims in the case, merely by commencing an adversary

15 proceeding in this Court.  They make the argument, but they

16 don't provide any relevant support for it.

17         The one case I want to discuss that is cited by

18 the Defendants is <u>River Entertainment</u>.  That case doesn't

19 help them at all.  In that case, Your Honor, the Plaintiff

20 didn't institute an adversary proceeding.  What it did was

21 it removed the case to the Bankruptcy Court.  But that fact

22 of removal was not what drove the Court's decision of

23 implied consent in the case.  The Plaintiff also never

24 challenged the Bankruptcy Court's ability to enter Final

25 Orders at any stage of the case, despite the fact that the

1    case had been actually litigated, not just stagnant,

2    actually litigated for a year and a half and was ripe for

3    summary judgment.

4              There was another Defendant in the case, it was a

5    Non-Debtor third party Defendant.  And this was the party

6    that actually challenged the Court's final adjudicatory

7    authority under Stern v. Marshal in its reply brief on

8    summary judgment for the first time.  And the Court in that

9    case, noted with respect to that Non-Debtor third party

10   Defendant, that the Court -- that party actually previously

11   said it had no preference where it was going to litigate.

12   It had no problem litigating in the Bankruptcy Court.  And

13   no Motion to Remand was ever filed and no Motion to Withdraw

14   the Reference was ever filed, despite the fact that unlike

15   this case, there was nothing preventing the Non-Debtor third

16   party Defendant from doing so.

17             So as you can see, Your Honor, the facts of that

18   River Entertainment case are vastly different from what we

19   have here.  And actually, in my mind, demonstrate the type

20   of circumstances that need to be present to find implied

21   consent.  In this case, SNMP expressly objected to the entry

22   of Final Orders at every stage of the case where it had an

23   opportunity.  It did so in the initial Complaint, in full

24   compliance with Bankruptcy Rule 7008.  It did so in the

25   First Amended Complaint, it did so in the Second Amended

1  Complaint, and it also did so by the filing the Notice of

2  Intent to withdraw the Reference which I'll get into in more

3  detail in a  moment.

4         In the River Entertainment case on the other

5  hand, Your Honor, the case moved forward for one and a half

6  years through summary judgment and no protest at all to the

7  Bankruptcy Court's final adjudicatory authority was ever

8  made.

9         Now in addition to being unsupported by any

10  applicable case law, we submit that the Defendant's argument

11  also contradicts the plain language and the purpose of a

12  statute and the Bankruptcy Rule.  And this is really

13  important.  28 U.S.C. Section 157(c)(2), requires the

14  consent of all parties.  It doesn't just require the consent

15  of the Defendants, it requires the consent of all parties.

16  If the Plaintiffs were deemed to consent upon the filing of

17  suit in the Bankruptcy Court as the Defendants contend, then

18  157(c)(2) would only need to require the consent of all

19  Defendants, not all parties.  So the Plaintiff, obviously,

20  has to also consent separately, outside of the filing of a

21  lawsuit.

22         Now Bankruptcy Rule 7008, also requires the

23  Plaintiff, as Your Honor knows, to indicate whether it

24  consents to the Bankruptcy Court's final adjudicatory

25  authority on non-core matters.  And that's probably going to

1    get revised in light of _Stern_ to be a little bit broader

2    than that, but the concept is still the same.  And the

3    accompanying local rule has a similar requirement.

4              Now if the Debtors position -- if the Defendants

5    position rather were adopted here, Bankruptcy Rule 7008's

6    requirement would be entirely superfluous, unnecessary, and

7    irrelevant.  And 157(c)(2)'s requirement that all parties

8    consent, Your Honor, that requirement would just be patently

9    inaccurate.  It wouldn't be true.

10              Now as I mentioned on a related point, Avaya

11    separately argues that we impliedly consented by not

12    qualifying the Prayer for Relief in the Complaint.  Your

13    Honor, this argument is really form over substance.  There's

14    no debate here that we complied with Bankruptcy Rule 7008.

15    We noted our objections in the Complaint to the Court's

16    final adjudicatory authority and that's all the rule

17    requires us to do.  The fact that Avaya may not like the

18    format in which we did it is not relevant here and it's

19    certainly does not imply consent, considering that we

20    expressly noted our consent earlier in the Complaint to the

21    Bankruptcy Court's final adjudicatory authority.

22              Now I want to talk about the second argument that

23    the Defendants collectively make.  And that's the

24    circumstances of the 2013 Radware hearing.  Like the

25    decision to file suit here, Your Honor, the circumstances of

1    the Radware hearing also cannot equate to implied consent

2    for a lot of reasons.

3              The first one, and probably the most important

4    one, is that the subject of the of Radware hearing by its

5    name was against Radware, not Avaya.  The Defendants attempt

6    to bootstrap the Avaya hearing into implied consent as to

7    Avaya, runs afoul the basic principle of the Third Circuit's

8    case in Halper vs. Halper on which our original motion was

9    based.

10             In that case, Your Honor, the Third Circuit

11   directed Courts to conduct a claim-by-claim analysis under

12   the constitution when deciding whether the claims in the

13   case are core or non-core.  And in this post-stern world,

14   Courts are also required to adopt that claim-by-claim

15   analysis in Halper to determine whether Stern type core

16   claims are -- the Court has final adjudicatory authority

17   over them.

18             So under the Third Circuit's directive in Halper,

19   Your Honor, it would be improper and, in fact,

20   unconstitutional to consider the Radware hearing in ruling

21   on whether this Court has authority to enter final judgments

22   or orders with respect to Avaya who wasn't even a part of

23   that hearing.  But even if we were to assume that the

24   Radware hearing could be considered in this analysis, Your

25   Honor, SNMP conduct at that hearing, does not imply consent,

1   even as to Radware.

2            Now one thing I want to acknowledge is that --

3   and the Court may recall this.  This Notice of Intent to

4   withdraw the Reference was filed by prior bankruptcy

5   counsel, not us, but prior bankruptcy counsel on the eve of

6   or on the day of the hearing.  And the Court understandably

7   was a little irritated with that and rightfully so.  If we

8   had to do it all over again, we would have filed the Notice

9   of Intent earlier as a courtesy to the Court, so you didn't

10  have to prepare for that hearing.  We would have done it as

11  a courtesy to the parties.  But the Notice of Intent, even

12  though it was filed on the eve of the hearing, still

13  notices, notifies the Court that we cannot agree to the

14  Court's final adjudicatory authority.  And, if we had to do

15  it all over again, we would have filed it a little earlier,

16  but the form of it would not have changed.  We still would

17  not have filed a Motion to Withdraw the Reference earlier

18  because, obviously, we were precluded from doing so under

19  the Letter Agreement and the agreement that we have with the

20  Debtors.

21            Now it also would have been improvident and

22  premature to do this when we're mediating with the Debtors.

23  I don't even know what a Motion to Withdraw the Reference as

24  to the Non-Debtors could possibly have accomplished, other

25  than to bring the claims against the Non-Debtors in a

1  separate forum which was entirely contrary to the point of

2  bringing everyone together in one lawsuit.  So it would --

3  it simply makes no sense to have moved to withdraw the

4  reference as to Avaya alone until we were able to move to

5  withdraw the reference as to everybody together.

6          We cite several authorities in our reply brief in

7  connection with a Motion to Withdraw the Reference in

8  support of the notion that when parties are mediating, even

9  in cases where the -- bless you, Your Honor.

10         THE COURT:  Thank you.

11         MR. DEAN:  Even in cases where there's been no

12  formal stay in place like there is here, in cases where

13  there's mediation ongoing which have -- which for some

14  reason extended for a very long period of time in this case,

15  that time period doesn't count when you're evaluating the

16  length of time to file as Motion to Withdraw the Reference.

17  And this not to mention to the fact that the Debtor

18  specifically agreed not to challenge timeliness in the first

19  place and the case was stayed in the second place.

20         Now in their opposition to the subject motion,

21  Your Honor, and the Motion to Withdraw the Reference, the

22  Defendants rely heavily on questions the Court raised at the

23  Radware Hearing about the timeliness of a Motion to Withdraw

24  the reference.  Specifically, just to remind the Court, the

25  Court questioned whether any Motion to Withdraw the

1    reference would be timely, given the fact that the lawsuit

2    had been filed in November of 2011 and that the hearing was

3    taking place almost two years later in October 2013.

4            Now at the time, the Court was not aware of the

5    Letter Agreement prior to this hearing, under which SNMP and

6    the U.S. and Canadian Debtors had agreed to a stay of the

7    case.  And also, under which the Debtor had agreed not to

8    object to the timeliness of any filing of a Motion to

9    Withdraw the Reference.  And I think if the Court had known

10   about that, the Court's comments might not have been so

11   harsh as to the timing of the Motion to Withdraw the

12   Reference.  But be that as it may, I just want to focus the

13   Court on a little bit of the procedure here as to what was

14   actually before the Court at the time of the Radware

15   Hearing.

16           Rather than filing the Letter Agreement itself,

17   which in hindsight, we probably should have done, or

18   expressly providing in the stipulations extending the

19   Debtors' answer deadline, that the case was also formally

20   stayed.  The stipulations of record at the time, merely

21   extended the deadline for the Debtors to respond to the

22   Claimant until 30 days after Justice Newbould entered his

23   decision.

24           Now the parties weren't too concerned about this

25   because the stipulation had the same practical effect as a

1    stay.   Nothing was going to happen until the Debtors

2    responded to the Complaint.   And as I mentioned earlier, the

3    pretrial conference had been continued many times and had

4    not occurred yet, so no discovery was going to take place

5    during this time period, in an event.

6              Now after the Motion to Dismiss the Radware claim

7    was decided, which resulted in a dismissal with leave to

8    amend, that required us to file the First Amended Complaint.

9    In February 2014, SNMP Research entered into another

10   stipulation with the Debtor and amended one, which also gave

11   the Debtors 30 days to respond from the decision of the

12   Canadian Court, and did the same for Avaya because Avaya

13   wanted an extension as well, and we gave it to them.

14             Now these stipulations, unlike the prior ones

15   because we wanted to make it clear this time, provided for a

16   formal stay of the case as to the claims against the Debtors

17   and Avaya.   And that stay remained in place until March 4,

18   2015.

19             Now just to remind the Court, the week following

20   the Radware hearing, on November 5, 2011 and the hearing

21   transcript is at docket number, just for the record in the

22   mail case, 12355.   We came back, specifically, Mr. Busch

23   who's here, came back to walk through the Court through the

24   Letter Agreement and the agreement to stay the case.

25             THE COURT:   Yes.

1          MR. DEAN:  And the reason why Mr. Busch came back

2    was because he was relatively new to the case at the time.

3    And he told the Court at the Radware hearing that the case

4    was stayed because that's what he had been told by his co-

5    counsel and the like and he wanted to come back to make sure

6    that Your Honor understood why he said that and explained

7    the Letter Agreement and the agreement to stay the case and

8    why it wasn't formally stated I just did to Your Honor.

9          Now during the course of this dialogue,  Your

10   Honor mentioned to Mr. Busch that you appreciated the

11   clarification and you noted that the you were not aware for

12   example of the Canadian Court's Stay Order as far as you

13   recall.  So there were certain things that you weren't aware

14   of when you heard the <u>Radware</u> Motion.

15         And we believe that if you'd have been apprised

16   of the Letter Agreement and the Debtors' agreement to stay

17   the case and not to object to the Motion to Withdraw the

18   Reference on timeliness grounds, I don't think you would

19   have viewed that with the same degree of skepticism that you

20   did in the preliminary comments at the Radware Hearing.

21         And while the timeliness of the Motion to

22   Withdraw the reference is not technically before the Court

23   as I mentioned before.   The Defendants are relying very

24   heavy on Your Honor's statements prior to that Radware

25   Hearing and trying to convince the District Court that the

1   Motion to Withdraw the Reference untimely.  I know the

2   District Court may make that decision without you, but Your

3   Honor's comments may go a long away to having the -- to the

4   District Court's decision.

5        So we think that in ruling on today's motion, it

6   would be appropriate for the Court to comment on that issue

7   now that the Court has a full factual picture as to why no

8   Motion to Withdraw the Reference was filed prior to the

9   Radware hearing.

10       Now one last thing I want to note about the

11  Radware Hearing, Your Honor, and that is that another issue

12  that you mentioned was that you thought it was unique for

13  Plaintiff to file a lawsuit and move to withdraw to

14  reference.  While Defendants certainly outnumber Plaintiff's

15  in this regard, it's not uncommon for Plaintiff's to move to

16  withdraw the reference and for those motions to be granted

17  for that matter.  And in our reply brief in connection with

18  the Motion to Withdraw the Reference, we cite nine examples

19  of this in Footnote 2, of motions filed by Plaintiffs that

20  were granted.

21       Now I know the Court's not deciding the Motion to

22  Withdraw the Reference here, but it is something that the

23  Court observed at the Radware hearing.

24            THE COURT:  Yes.

25            MR. DEAN:  So I thought that I would mention it

1  to Your Honor just so that you knew.

2          Let me just summarize, Your Honor.  The

3  Defendants haven't pointed to anything in the record that

4  remotely suggests that SNMP Research has impliedly consented

5  to the Court's final entry of Judgment Support Orders as to

6  Avaya.  Our intentions to withdraw the reference were known

7  before this suit was even filed as evidenced by the Letter

8  Agreement.  And when the suit was filed, SNMP Research

9  expressly objected to this Court's final adjudicatory

10  authority in the Complaint, in full compliance with

11  Bankruptcy Rule 7008 and this Court's Local equivalent.

12  These expressed objections were again repeated in the First

13  Amendment Complaint, and the second Amended Complaint.  The

14  Notice of Intention to Withdraw the Reference also took

15  issue with the Court's final adjudicatory authority.

16          Now from a legal standpoint, the decision to file

17  an adversary proceeding alone does not constitute implied

18  consistent to the Bankruptcy Court's final adjudicatory

19  authority.  The Third Circuit's decision in Billing, along

20  the plain language and the purposes of Section 152 --

21  157(c)(2), and Bankruptcy Rule 7008, can lead to no other

22  reasonable result here.

23          And finally, the third Circuit's Decision in

24  Halper requires the Court to conduct a claim-by-claim

25  analysis when deciding whether this Court has final

1   adjudicatory authority.  Considering the circumstances of

2   the Radware hearing, would violate the <u>Halper</u> Rule and the

3   constitutional basis on which that rule was premised.

4           And for these reasons, Your Honor, SNMP

5   respectfully requests that you enter an Order finding that

6   this Court lacks authority to enter final orders and

7   judgments as to the Avaya claims.

8           And unless the Court has any questions, I'll cede

9   the podium to the Defendants.

10          THE COURT:  All right.

11          MR. DEAN:  But before I do, Your Honor, just one

12  procedural point.

13          THE COURT:  Yes, please.

14          MR. DEAN:  I would like to formally move and I

15  don't -- there should be no objection to this because

16  everybody's relied on it, but I would like to formally move

17  the Letter Agreement into evidence which is Exhibit C to our

18  Motion that's before the Court today.

19          THE COURT:  Any objection to admission?

20          MS. SCHWEITZER:  No, Your Honor.

21          THE COURT:  All right.  It is admitted then, Mr.

22  Dean.

23          MR. DEAN:  Thank you, Your Honor.

24          THE COURT:  Thank you for a fine argument.  Mr.

25  Sullivan, good morning.

1          MR. SULLIVAN:  Good morning, Your Honor.  Bill

2  Sullivan of Sullivan, Hazeltine, Allinson on behalf of

3  Avaya, Inc.

4          THE COURT:  Yes.

5          MR. SULLIVAN:  Your Honor, with me in the

6  courtroom is Barbara Parlin --

7          THE COURT:  Yes.

8          MR. SULLIVAN:  -- from the Holland & Knight firm,

9  along with Benjamin Stern who's in the first row --

10          THE COURT:  Mr. Stern.

11          MR. SULLIVAN:  -- also from the Holland & Knight

12  firm.  Ms Parlin has been admitted pr hoc vice already.

13          THE COURT:  Yes.

14          MR. SULLIVAN:  We just filed the motion for Mr.

15  Stern yesterday, I believe, so.

16          THE COURT:  All right.

17          MR. SULLIVAN:  But Ms. Parlin is prepared to

18  address this matter, Your Honor.

19          THE COURT:  All right.  Both of you are welcome

20  and I'll be happy to hear from Ms. Parlin.

21          MS. PARLIN:  Thank --

22          MR. DEAN:  Thank you, Mr. Sullivan.

23          MS. PARLIN:  Thank you, Your Honor.  And I guess

24  I'll say I appreciate the opportunity to be here today.

25          THE COURT:  It's good to have you here.

1           MS. PARLIN:  And I appreciate the fact that the

2    Supreme Court did us all a favor.

3                      (Laughter)

4           THE COURT:  Yes, they -- it made it a much --

5           MS. PARLIN:  It resolves a lot of issues.

6           THE COURT:  Very streamlined.

7           MS. PARLIN:  Yes.  It makes things a lot easier.

8           THE COURT:  Yes.

9           MS. PARLIN:  I came to work on Wednesday and I

10   said, okay.

11                     (Laughter)

12          THE COURT:  That's right.

13          MS. PARLIN:  Let's take off those first ten pages

14   of that argument --

15                     (Laughter)

16          MS. PARLIN:  -- and we start from here.

17          THE COURT:  Absolutely.

18          MS. PARLIN:  But I will say, I appreciate also

19   counsel's candid admission that Wellness applies here.  I

20   would have argued that it does.  And I believe that there's

21   not really any question about that.  I did spend a lot of

22   time over the past couple of weeks, thinking about the

23   reasons why consent might or might not be applicable in a

24   given case.  And I think the ideas that I came up with, even

25   though they are sort of resolved by the Supreme Court

1    decision, I think they're still applicable to what is before

2    the Court today.  So I'm going to give you my theory which

3    is mine and you'll take it for what it is.

4                THE COURT:  All right, I'd like to hear it.

5                MS. PARLIN:  I believe that the concern that the

6    Court had, going back to Stern, frankly, is -- there's a

7    element of coercion with respect to the way that the

8    Bankruptcy Court jurisdiction is set up.  Parties,

9    litigants, are forced to come to the Bankruptcy Court, if

10   they want to recover against a Debtor.

11               THE COURT:  Yes.

12               MS. PARLIN:  The automatic stay preclude a party

13   from bringing an action against Debtor outside of the

14   Bankruptcy Court without at least getting a Lift Stay Order

15   which is not always so easy to go in the context of a

16   Bankruptcy case.

17               And so there is that element of coercion, I think

18   was very important to Justice Roberts in Stern, where a

19   claim wasn't part of the sort of -- there's another policy

20   that with respect to Bankruptcy Courts is that there should

21   be uniform laws and uniform decisions, and that a Bankruptcy

22   Court needs to be able to have control over the claims and

23   adjudication process, it can't be decided willy-nilly in

24   different places, because otherwise, there's no coherence.

25   There can't be a possibility of a plan if you're relying on

1 | other Courts to decide claims.

2 | So that in weighing those two things, there's a

3 | certain, I think, policy decision that the Courts, and

4 | Congress, and anyone who's had anything to do with this has

5 | come with which is that even though it may be coercive, it's

6 | necessary to bring parties in for the process of deciding

7 | claims.  But where the claims don't really have anything to

8 | do with that process, we're not going to deprive them of

9 | other constitutional rights.  For example, Jury Trial

10 | rights, or even possibly, the right to have their claims be

11 | heard by an Article 3 Court, if that's what they so choose.

12 | I think that that issue of coercion is really

13 | important to what we're talking about here today, Your

14 | Honor.  Because unlike a litigant who is forced to come to

15 | the Bankruptcy Court because they have no other place that

16 | they're permitted to go, this litigant had every choice,

17 | every choice.

18 | Counsel's argument, almost an hour of it, 45

19 | minutes of it, is premised, I think, on the assertion that

20 | this was the only place it could go in order to bring all

21 | the parties in one action, the Canadian Debtors, the U.S.

22 | Debtors, Avaya, Radware, Genband, all the other Non-Debtor

23 | Defendants who had been parties to the sale process in the

24 | Bankruptcy Court and had bought assets from Nortel.

25 | But I think that premise is frankly, false

1    because the claims at issue, while there's some overlapping

2    facts certainly, and there may have been some efficiencies

3    in trying them all in one place, they're all really separate

4    claims.  The copyright infringement and misappropriation

5    claims against Avaya really -- the damages aspect certainly

6    don't start until after we purchase the assets.

7            And again, there's overlap and they're connected

8    and certainly, there's some efficiency maybe to having all

9    the claims be decided in one Court and we would agree with

10   that and we would like that to have happen -- to have that

11   happen.  But frankly, there was nothing that said in stone,

12   you must bring this case in one courtroom or that even

13   you're entitled to bring all these Defendants in one

14   courtroom.  And, in fact, there's plenty of cases where it

15   would be nice to bring people in one courtroom, but you

16   don't have jurisdiction over them.  And so, you know,

17   whatever the rules are, personal jurisdiction might trump

18   your efficiency and your, you know, your requirement to

19   bring people in one courtroom.  I think that's what is at

20   issue today.

21           So I think in the back of your mind, what I would

22   ask you to consider when evaluating SNMP's conduct and

23   whether or not they impliedly consented because we all now

24   agree that implied consent is the standard here, okay, under

25   Judge -- Justice Sotomayor's very clear direction.  And

1   knowing and voluntary simply means that the Plaintiff is

2   aware that it has the option to consent or not consent.  And

3   clearly, there's no doubt that they had the -- they were

4   aware of the issue.  They have able counsel, prior counsel,

5   who I'm familiar with, also was familiar with the rules.  So

6   there's no doubt about that, that they had that awareness.

7   But again, nothing required that the action all be held in

8   this Court.

9           So the first question is why did they come here?

10  If they had gone to the District Court, they could have done

11  what Your Honor suggested at the beginning.  They could have

12  sued Avaya, and Genband, and Radware, and all the other

13  Defendants in the District Court.  And they could have

14  brought their claims against the Debtors.  And even the

15  Canadian Debtors for that matter here, figured out the story

16  with the Canadian Debtors or not and then fought to withdraw

17  the reference as to Nortel, if they wanted to bring it all

18  up to the District Court.  They didn't do that.  And counsel

19  admitted why he didn't do that.  First, he said sort of it

20  would have been improvidence or premature, but the fact of

21  the matter is they didn't do it because it wouldn't have

22  worked.  The likelihood of winning a motion like that is

23  slim and none.

24          The whole premise of this withdraw of the motion

25  motion -- withdraw of the reference motion is the notion

1  that they have Jury Trial rights.   They only have those

2  with respect to the Non-Debtors.

3            THE COURT:  Right.

4            MS. PARLIN:  That's the only reason why this

5  Court can't hear this case in the end to trial.  It can hear

6  it all the way through, no doubt about that.  And so there's

7  plenty of case law that would suggest that the mere fact

8  that you have a Jury Trial right, doesn't mean that you

9  can't have a decision on summary judgment, you know, the

10  case be ended earlier than a trial, certainly.  So there's

11  nothing that would prevent this Court from hearing the case

12  all the way up that.  But to get to trial --

13            THE COURT:  In fact, practically speaking in

14  every matter I've been involved --

15            MS. PARLIN:  Right.

16            THE COURT:  -- the District Court refers the case

17  to the Bankruptcy Court up to trial.

18            MS. PARLIN:  Your Honor, that's correct.

19            THE COURT:  Yeah.

20            MS. PARLIN:  And I think that that's what would

21  normally happen here.  And there was actually a period of

22  time in Delaware, I'm old enough to remember this, you are

23  too --

24            THE COURT:  Older enough to remember this.

25                         (Laughter)

1            MS. PARLIN:  Even I am old enough to remember

2    this.  When the District Court was pulling cases earlier --

3            THE COURT:  Yes.

4            MS. PARLIN:  -- that Trozio case that got cited

5    here, it's my case, actually, believe it or not --

6            THE COURT:  Okay.

7            MS. PARLIN:  -- from a decade ago.  And it's a

8    very different case and I'll talk about it in a little

9    while, but in that time period, the District Court was

10   actually pulling cases earlier at the beginning.  That's not

11   what's happening today.  And I think the District Courts

12   have come around to the notion that leaving the cases in the

13   Bankruptcy Court is more appropriate.

14           But for my purposes, the only reason why we

15   couldn't go all the way to trial here and simply have the

16   Court enter a final findings of fact and conclusions of law

17   with respect to the claims against Nortel and to issue

18   proposed findings with respect to us, if that's where you

19   came out, if that's where this ended up, is because they

20   claim they have a Jury Trial right.  So that's the only

21   reason why they'd ever be able to pop the case out of this

22   Court.  So they didn't bring it in the District Court

23   because they knew they needed the claims against the Non-

24   Debtors to get the case out to begin with.

25           So I don't know whether they thought that it was

1  more important to have all the claims in one action and so

2  they were going to risk it, they're hedging their bets, you

3  know, it's not really clear to me.  I'm not going to

4  speculate.  It sort of doesn't matter.  But the fact of the

5  matter is they had a clear choice.  They had federal

6  question jurisdiction.  They didn't need bankruptcy

7  jurisdiction.  They had federal question jurisdiction.  They

8  had pendant jurisdiction, they had diversity jurisdiction,

9  they had jurisdiction out the wazoo.  And Avaya is, you

10 know, is a Delaware company.  There's no doubt they could

11 have been sued in the District Court, okay.

12         So if they had sued in the District Court, they'd

13 have an Article 3 Court to determine their claims.  No

14 problem there.  No structural concerns.  No impediments.  No

15 issues.  They have a Jury Trial right in the District Court.

16 And the District Court is empowered to conduct Jury Trials.

17 It happens all the time.  No, that's not what they did.

18 They filed here under the Bankruptcy Code, under the --

19 under 20 U.S.C. Section 157(e), if I get my statutes

20 correct.

21         THE COURT:  Right, yes.

22         MS. PARLIN:  A Bankruptcy Court is permitted, if

23 specially designated, to conduct a Jury Trial.  And the

24 parties expressly --

25         THE COURT:  And.

1          MS. PARLIN:  -- consent, expressly.  There the

2    statute says expressly.

3          THE COURT:  Yes, all parties consent.

4          MS. PARLIN:  All parties expressly consent.

5    First of all, that's not what's happening here in any case,

6    but even beyond that, we don't have to get that far because

7    the District Court in Delaware has never seen fit to

8    specially designate the Bankruptcy Court.  So there's no

9    possibility of having a Jury Trial here.

10          So while I would suggest to Your Honor that

11    there's a lot of case law.  And I would agree with this case

12    law that says that when a litigant, be it the Plaintiff or

13    the Defendant is forced to come to the Bankruptcy Court

14    because of the automatic stay, because of the, you know, the

15    need to have one central Court to oversee the equitable

16    redistribution of the estate's assets and the claims

17    adjudication process, if I'm going to quote from, you know,

18    all those old cases, Germane and Granfinanciera, that's not

19    -- those cases say and stand for the proposition and quite

20    rightly so, that where you're coerced and forced to come to

21    the Bankruptcy Court because that's the policy and there's

22    overarching policies for bringing you here, we're not going

23    to make you give up your other constitutional rights, your

24    Jury Trial rights, your right to an Article 3 Court, and

25    we're going to let you have the choice.  We're going to

1    prevent, we're going to -- we'll preserve your choice.  So

2    any --

3            THE COURT:  But here, you're saying there was no

4    coercion.

5            MS. PARLIN:  Right.  So but unlike that, here,

6    they purposefully, and intentionally, and without any

7    coercion, invoked the jurisdiction  of this Court --

8            THE COURT:  Or knowingly and voluntarily,

9    knowingly and voluntarily.

10            MS. PARLIN:  Knowing and voluntarily, in other

11    words --

12            THE COURT:  Yes.

13            MS. PARLIN:  -- invoked the jurisdiction of the

14    Court.  So I'll say that.  That's to start with.

15            So I think that whatever they put in their

16    Complaint, it's a little bit like that old Traveler's case

17    where people for a period of time, people were writing on

18    their proofs of claim, nothing in this filing of this proof

19    of claim, doesn't waive my Jury Trial rights.  Do you

20    remember people used to do that?

21            THE COURT:  Yes, yes.

22            MS. PARLIN:  Way back when.  I even remember

23    that.  That was before I was out of law school.  But the

24    Third Circuit said no, no, no, you can't do that.  Just

25    because you wrote that on your proof of claim, doesn't mean

1  that.  We don't really care, frankly.  That's not an

2  effective preservation of your rights, okay.  And I don't

3  think that simply putting in, we don't consent, when you

4  have purposely, knowingly, voluntarily, intentionally,

5  invoked the jurisdiction of the Bankruptcy Court, I don't

6  think putting in that reservation of rights means anything

7  in this context.  So that's the first point.

8        The second point is that they did that nearly

9  four years ago, okay.  Now let's talk about how this case

10  got started.  The case was filed in the -- in November of

11  2011.  There was an agreement between the Debtors, and the

12  Canadian Debtors, and SNMP to let them file the Complaint

13  and sort of stop their statute of limitations, but that it

14  was going to get mediated and it was going to get stayed.

15  That agreement is actually memorialized not just in that

16  letter, but in that -- in a stipulation that Your Honor had

17  entered in early December, right after the case got started.

18  So it is on the docket.

19        The Letter Agreement which is in evidence now,

20  specifically says nothing stays the action against the Non-

21  Debtors.

22        THE COURT:  Right.

23        MS. PARLIN:  So whatever agreements we have with

24  you, we can go forward against the Non-Debtors.  And, in

25  fact, the extension that was put in place for a short period

1    of time with respect to Avaya, didn't stay the action, it

2    just gave us some time to file the answer a little bit

3    later.  And, in fact, we filed an answer in, I think,

4    February of 2012, right after they gave us notice that we

5    had 30 days.  That's how it started.  The clock would tick

6    when they gave us the notice.  And the other parties, you

7    know, some filed answers, some didn't.  You know, there was

8    a lot of negotiation apparently, in the background because

9    there were a bunch of settlements that were negotiated over

10   the course of time.  There was a Motion to Dismiss that was

11   filed by Radware.  It was fully litigated.

12          All of the bases upon which the Motion to

13   Withdraw the Reference, and this motion, frankly, are

14   premised.  Were evident on the face of that original

15   Complaint.  The alleged Jury Trial right, the alleged non-

16   core nature of the claims, even their allegation that this

17   was a, you know, a copyright infringement action and that

18   Your Honor didn't have the right expertise to decide it

19   because it involved a complex determination, which I would

20   say is not correct, but that's a whole -- that's not --

21   that's an issue for another day before the District Court.

22          All of the bases are evident on the face of the

23   Complaint.  So they knew going in, there was no stay in

24   place.  All of the cases say that a Motion to Withdraw the

25   Reference must be made timely.  So if they -- even if the

1   mere fact of filing in this Court wasn't enough to waive

2   their rights, even if that, just by invoking the

3   jurisdiction, they didn't waive that way, they certainly had

4   to do something in order to preserve their rights.

5   Certainly, their right to a Jury Trial.  They didn't do it,

6   they waited.  There was nothing to prevent them from doing

7   something.  They could have even filed that Notice of

8   Intent, if they wanted, you know, at least to give the

9   parties notice what was going on.  They didn't do that

10  either.  And counsel admits now that if it had been him, he

11  would have filed earlier.  You know, that's in hindsight.

12  It's always 20/20.  They didn't do anything, they waited.

13          Instead, what did they do?  They negotiated with

14  the other parties, the Non-Debtor parties.  And they entered

15  into settlements that were approved by the Court.  They

16  litigated with Radware.  And for counsel to say that the

17  fact that they litigated with Radware is, you know, and has

18  no relevance to the claims against Avaya, the basis of the

19  claims against Radware were exactly the same as the basis of

20  the claims against Avaya.  It all arises out of the sale,

21  you know, the allegation is non-core, core, you know, all of

22  that stuff.  It's all the same.  All the Non-Defendants,

23  it's all the same.

24          And when they filed that Notice of Intent to File

25  with the Motion to Withdraw the Reference, it wasn't just as

1   to Radware that that notice applied --

2             THE COURT:  Sure.

3             MS. PARLIN:  -- it was to everybody.

4             THE COURT:  Sure.

5             MS. PARLIN:  And, Your Honor, got on the bench

6   that morning, and I think quite rightly said, I think you're

7   day late and a dollar short.  And counsel, during that

8   hearing, glossed over things.  He said, no, no, we're

9   stayed.  The Letter Agreement stays the case.  It didn't

10  stay it as to Avaya.  It didn't stay it as to Radware.  So

11  frankly, there was nothing that wasn't before Your Honor.

12  You may not have been aware of the Letter Agreement, but the

13  fact of the matter is there was no stay in place.  And there

14  was no stay in place until four months later in February of

15  2014, when finally, after the filing of the Second Amended

16  -- of the First Amended Complaint, the parties then to --

17  entered into stipulations which actually stayed the case.

18             So my point is that they knew everything that

19  they needed to know at the beginning.  They invoked the

20  jurisdiction of the Court anyway.  That's consent.  Then

21  they hung out in this Court and did what they needed to do

22  for two years.  This Court warned them, I don't know, I

23  think you're late.  They didn't do anything then either.

24  They had another four months, they could have filed their

25  motion then.  Okay.  Why didn't they file it then?  Counsel

1    has said, we didn't file it as to the Non-Debtor Defendants

2    because it would have been premature and improvident.  Why

3    is that the case?  Because it would have -- it wouldn't have

4    gotten them where they needed.  They wanted to pop out their

5    claims against the Debtors.  And filing it then, wouldn't

6    have had that effect.  That's why they didn't make the

7    motion.  I think that's sandbagging, Your Honor.  If that's

8    their strategy, that's fine, but they have to be held to it.

9              I will say that I have, in fact, after looking

10   again because, you know, you keep looking to find -- I did

11   find the case where a Plaintiff initially filed a case in

12   the Bankruptcy Court and the Defendant argued no, this case

13   is non-core in its answer, but then never brought it up

14   again and litigated -- and then eventually there was a

15   Pretrial Order entered and the Order said that the parties

16   have to file briefs and discuss all issues, including

17   jurisdiction and the parties didn't address jurisdiction, so

18   the Court found that even though at the outset, the

19   Defendant had raised the Court's ability to enter a Final

20   Order, had said that the case was non-core, they waived the

21   issue because they didn't then bring it up.

22             I realize we're not at that stage yet, Your

23   Honor, but we are, you know, four years in.  They have spent

24   a lot of time in this Court.  And for them to now say, no,

25   no, no, we don't consent.

1          THE COURT:  You found a case, what case was it?

2          MS. PARLIN:  I will tell you.

3          THE COURT:  Okay.

4          MS. PARLIN:  I will tell you, it's right here.

5   It's called In Re: Thelen, not Thelen the bank -- the law

6   firm, but an individual, Thelen, T-H-E-L-E-N, 156 BR 786,

7   Western District of Michigan, July 23, 1993.

8          THE COURT:  Thank you.

9          MS. PARLIN:  I will also say that the Seventh

10  Circuit in a case called Horwitz v. Alloy Automotive, 992

11  F.2nd 100, again from coincidentally, 1993.  It was a good

12  year, I graduated from law school that year.

13         THE COURT:  Okay.

14                    (Laughter)

15         MS. PARLIN:  Says that while silence doesn't

16  imply consent, affirmatively invoking the Bankruptcy Court's

17  jurisdiction most assuredly supplies whatever consent is

18  necessary and cites another case, a Ninth Circuit case from

19  1990.

20         So, there's always a way to distinguish a case on

21  the facts, on the law, you know, some combination of those

22  things, but I think, my theory, which I posited to you at

23  the outset, applies here.  And since -- and I think, Your

24  Honor's instincts back in October of 2013, that by invoking

25  the jurisdiction of the Court, that means something, I think

1    you're right, Your Honor.  You're absolutely right.  They

2    had a choice.  They chose to come here.  That's consent.

3    Okay.  And the fact that the Federal Rules provide that in,

4    you know, good practices to, you know, that you're supposed

5    to put it in your pleadings, that doesn't stop Court's all

6    over this country because those rules have been in place for

7    a very long time, and that hasn't stopped Courts all over

8    this country from inferring consent.  Okay, that's number

9    one.

10           The other thing is that in Roelle which has been

11   cited to the Court for a different point in the inferred

12   consent which has now been decided, they had the same kind

13   of rule in place, Rule 73 of the Federal Rules of Civil

14   Procedure, require the parties, in that case, both parties

15   to, you know, express in writing the consent to a final

16   determination by a magistrate.  And the Court there said

17   even though it wasn't -- it didn't happen until after the

18   fact, the fact that the parties didn't comply with the rules

19   is irrelevant because all the statute requires is simple

20   consent.  And by their actions, they showed consent.

21           So we would argue that the fact that the rules

22   might require another step, doesn't mean that this Court

23   can't find implied consent on the facts here.  Okay.  I will

24   say one more thing, Your Honor, and then I'm going cede the

25   podium to my colleagues from Nortel.

1           In their Complaint, the Plaintiff argued --

2    alleged that they didn't consent to this Court's making

3    final determination of the claims.

4           THE COURT:  Right.

5           MS. PARLIN:  But yet, in their Prayer of Relief,

6    they prayed for entry of judgments, something like 18 times,

7    you know, with respect to all the different claims, awarded

8    damages, such other and further relief as the Court might

9    award.  No limitation on what the Court could do.

10          Now one might say that that's just a pleading

11   convention.  But certainly, the Court in Windstar took it

12   and thought it meant something.  And even Justice Sotomayor

13   mentioned in her opinion in Wellness.  I don't know if Your

14   Honor saw that, but in Wellness at Page 5 of the flip op,

15   she made reference to the fact that Sharif who was the

16   Debtor in that case --

17          THE COURT:  Yes.

18          MS. PARLIN:  -- requested judgment in favor on

19   all counts of Wellness' Complaint and urged the Bankruptcy

20   Court to find that the Soad Wattar Living Trust is not

21   property of the bankruptcy case, bankruptcy estate.

22   Remarkably like what the SNMP asks this Court to do here.

23   So Justice Sotomayor pointed this out in her opinion,

24   thought it was important enough to say that that was an

25   indicator of consent.

1            And I would suggest to Your Honor, that at a

2    minimum, the fact that in each case, three Complaints,

3    there's never once a limitation on the Bankruptcy Court's

4    authority, even though the Plaintiff was aware of this

5    issue.  You put them on notice that this was going to be an

6    issue, yet they never once changed their pleading, also

7    means something here.  And I think that's another fact that

8    Your Honor can rely on in determining that SNMP has

9    impliedly consented to final determination by this Court.

10            Okay.  The last thing I'm going to talk about is

11    the Jury Trial stuff.  I know this is a 5011 Motion and the

12    District Court is going to be the one who decides in the end

13    whether or not they have a Jury Trial right.  And so what I

14    would say is that --

15            THE COURT:  The timeliness is an important

16    factor.

17            MS. PARLIN:  Timeliness is everything.  Timing is

18    key, right?  You know, what do they say in Gatsby, location,

19    location --

20                        (Laughter)

21            MS. PARLIN:  -- but I would suggest timeliness is

22    also one of those kind of things, right?

23            THE COURT:  Yes.

24            MS. PARLIN:  And so what we have here is SNMP

25    relies on Billings.  And says, well Billings says, you don't

1    just waive by filing, you have to be invoking the claims

2    adjudication process.  I would say that that's applicable to

3    a claim involving a Debtor.

4            And again, that goes back to my theory that I

5    espoused at the beginning about coercion.  We're not going

6    to take away a constitutional right to a Jury Trial, simply

7    because we forced you for our own policy reasons to come

8    litigate in the Bankruptcy Court.  So we're going to uphold

9    those rights, except in certain circumstances when you're

10   litigation really does involve the very thing that is at the

11   heart of the Court's equity jurisdiction, right.  So in that

12   case, we're going to override it, but in every other case,

13   we're not going to.

14           And so all the cases, Germane vs. Connecticut

15   National Bank, and Granfinanciera vs. Nordberg, and all the

16   cases that talk about this, it's really about whether you're

17   forced to come in to litigate here.  And am I going to make

18   you give something up, that you otherwise have the right to

19   when we're -- I'm forcing you to come and litigate in the

20   Bankruptcy Court.  That otherwise can't do that kind of a

21   case.

22           I don't think that's applicable here, frankly.

23   SNMP had a clear choice.  There was no doubt they could have

24   gone to the District Court.  They would have had no question

25   about a Jury Trial right.  They're litigating in the

1  District Court now against Avaya on another case.  They have

2  a Jury Trial right.  It's easy to preserve.  You put it in

3  your Complaint, you're done.  They chose not to.  So I think

4  that all those cases that deal with, you know --

5        THE COURT:  Well, they did put their demand for a

6  Jury Trial on their Complaint.

7        MS. PARLIN:  Right, they did, but they chose to

8  file it in a Court that can't conduct Jury Trials.

9        THE COURT:  Right.

10        MS. PARLIN:  Okay.  So again, I would say it's

11  just like those old, that old Traveler's case, right?  Where

12  the Third Circuit says just because you put that in your

13  Proof of Claim, you're out of luck, okay?  I don't think --

14  I think that's more like this here, frankly, okay?  And if

15  Your Honor wants the cite for Traveler's, I can do that.  I

16  can easily --

17        THE COURT:  If you have it right there, I'll take

18  it.

19        MS. PARLIN:  I do, 982 F.2nd 96, Traveler's

20  International, A.G., vs. Robinson, Third Circuit, 1992.

21        THE COURT:  All right.

22        MS. PARLIN:  So I think there's a difference

23  here.  Okay.  So I would suggest, posit, that merely by

24  filing here, as Your Honor said, at federal argument they

25  invoked the jurisdiction of the Bankruptcy Court, the

1   Bankruptcy Court is not specially designated to conduct Jury

2   Trials.  That it's no different than agreeing in advance to

3   arbitrate a case.  You're not going to get a Jury Trial

4   there either.  You put yourself in a place where you can't

5   have that.  It's different for the Defendant.  The Defendant

6   doesn't have a choice.  He gets hauled, or she, gets hauled

7   into Court, but the Plaintiff makes the choice.  And I think

8   we have to keep that distinction in mind here.  And even

9   then, it's not like a typical Plaintiff in a bankruptcy case

10  who's forced to come to the Bankruptcy Court.  This is a

11  Plaintiff who chose to come to Bankruptcy Court because it

12  wanted to litigate it in one forum.  That's fine, I hold

13  them to their choice.  Okay?  They made a specific strategic

14  choice.  They should be held to that choice.  Okay.

15          Even if you don't believe that just by filing

16  they lose it though, certainly, they had to do something to

17  preserve it because Your Honor can't conduct a Jury Trial.

18  There's no -- even without this, there's no Jury Trial box

19  here.  There's no process for bringing in citizens of

20  Wilmington to come and hear the claims, right?  The District

21  Court has said, no, you don't do that here.

22          So what did they have to do?  Under 157(d) they

23  had to make a timely Motion to Withdraw the Reference.  And

24  for all the reasons that I just spent the last half an hour

25  talking about, they didn't.

1             So while the District Court is ultimately going

2      to make the determination on timeliness, I think, I think

3      Your Honor can consider that issue, too.  And consider

4      whether waiting and purposely filing here, and purposely

5      waiting, they did something, they indicated their consent

6      and they indicated, that they -- that their failure to act

7      has to be held -- they have to be held accountable for that

8      failure to act at this point in time.  I think that's it.

9             THE COURT:  All right, Ms. Parlin, thank you for

10     a good argument, fine argument.

11            MR. GURGEL:  Good morning, Judge Gross.

12            THE COURT:  Good morning, sir.

13            MR. GURGEL:  And may it please the Court, my name

14     is Matthew Gurgel with Cleary, Gottlieb, Steen & Hamilton.

15            THE COURT:  Good to have you here, Mr. Gurgel.

16            MR. GURGEL:  Thank you.  Thank you, Your Honor.

17     On behalf of the Debtors.  Ms. Parlin, obviously, covered

18     with great eloquence, the reasons why the issues of waiver

19     and consent that she addressed, show that -- and we agree,

20     that SNMP has consented to the final adjudication of this

21     Court as to the non-core claims against Avaya.

22            But as a representative of the Debtor, I would

23     like to talk a little bit about the core claims that are of

24     issue here as well.

25            THE COURT:  Sure.

1          MR. GURGEL:  And as Your Honor knows, and SNMP

2    has candidly acknowledged, they don't contest the idea that

3    this Court has the ability to decide the core claims.  But

4    if you look at the way SNMP's framed this Rule 5011 Motion,

5    including the Proposed Order that they have drafted for Your

6    Honor, it would suggest that Your Honor doesn't even need to

7    opine on the core claims or perhaps at most, it would be

8    sufficient if Your Honor throws in a single sentence

9    indicating that yes, these claims against the Debtors are

10    core and I have the ability to decide them.

11          But the Debtors are very concerned that the core

12    claims against the Debtors, which we really think are at the

13    heart of this adversary proceeding, not get lost in the

14    shuffle of a lengthy discussion of waiver and consent on the

15    non-core claims.  Those  issues are important.  The core

16    claims are also important and we think that it's essential

17    that this Court's Order, whatever that is on this Rule 5011

18    Motion, presents the District Court with a complete picture

19    of this Court's authority to fully and finally decide all of

20    the claims at issue in this adversary proceeding because

21    it's this entire adversary proceeding that SNMP is now

22    trying to withdraw to the District Court.

23          THE COURT:  Yes.

24          MR. GURGEL:  And, Your Honor, you're certainly

25    aware that -- of the claims that have been brought against

1  the Debtors here.  And I would break those down, basically,

2  into two sets of claims.

3           First, we have what I'll call the sale related

4  claims.  And I think that the point that the Debtors would

5  want to emphasize and think it's important to come in His

6  Honor -- in Your Honor's Order is that those sale related

7  claims in which SNMP essentially alleges that the buyers in

8  various Nortel Group business line sales paid more to the

9  selling Debtors than they would have otherwise, because in

10  those sales, they also got SNMP software.  That's -- those

11  are the sale related claims.

12           THE COURT:  Right.

13           MR. GURGEL:  And the point that we want to

14  emphasize is that these aren't really merely what I would

15  call run of the mill core claims that are core because they

16  invoke the claims process against the Debtor.  They're also

17  claim -- core claims for the very important reason that what

18  SNMP is alleging here is essentially -- well, not just

19  essentially, it's on the face of their Complaint, they're

20  alleging that the Debtors violated Your Honor's Sale Orders

21  in the course of conducting the sales in the way they did.

22  And so those claims are core for the additional reason that

23  they implicate Your Honor's Sale Orders.  And the Court that

24  decides those claims is going to interpret Your Honor's

25  Orders and enforce them.

1          And very similarly, at the time of many of those

2   sales, SNMP made objections in which it raised very --

3          THE COURT:  Yes.

4          MR. GURGEL:  -- similar issues to the issues that

5   were -- are now raised in their Second Amended Complaint.

6   Your Honor addressed those objections.

7          And so, in addition to interpreting Your Honor's

8   prior Orders, and interpreting the Sale Agreements that Your

9   Honor oversaw and authorized, the deciding Court is going to

10  have to review and understand the import of the way Your

11  Honor addressed those objections.  And so these claims are

12  core for that reason as well.

13         And they're also core because as we're all aware,

14  SNMP has brought very similar claims, substantially the same

15  claims against the Canadian Debtors in Canada.  And for that

16  reason, the sale related claims also impact the cross-border

17  nature of these bankruptcy proceedings that Your Honor's

18  been involved in overseeing now for six years.

19         And then finally, we'd note, that if you, you

20  know, read the Complaint again, the allegations are made as

21  to "Nortel", generally speaking and not with regard to

22  individual Debtors.  In their present version of the

23  Complaint, the Second Amended Complaint, Nortel refers to

24  just the U.S. entities, but obviously, again, they've

25  brought very similar claims against the Canadian Debtors.

1    And it's this Court and Your Honor who has the experience

2    and the knowledge of how the Nortel Group operated, which

3    Debtors were the selling Debtors, which Debtors may or may

4    not have been involved in the alleged conduct.

5            And for that reason, for all of the factors that

6    I've mentioned, the Court's prior Sale Orders, the Court's

7    rulings on objections, the fact this implicates the cross-

8    border nature of these proceedings, the sale related claims

9    are not just run of the mill core claims, and we think it's

10   very important that the District Court have that context and

11   understands how essential these claims are to this Court's

12   overall oversight and management of the Debtors' bankruptcy

13   proceedings.

14           And I think a similar reasoning was --

15           THE COURT:  You're right.  You're right, frankly,

16   it would have been easy simply to make a passing reference

17   to the parties' agreement.  And your point is that the Court

18   ought to be including these other factors.

19           MR. GURGEL:  That's right, Your Honor.  Could I

20   just say briefly, I think the --

21           THE COURT:  Please.

22           MR. GURGEL:  -- same reason applies -- thank you,

23   Your Honor.  I'm sorry, did you have a question?

24           THE COURT:  No, I just said, please.

25           MR. GURGEL:  Okay.

1              THE COURT:  Go forward.

2                    (Laughter)

3              MR. GURGEL:  The -- I think a similar reasoning

4   applies to the second set of claims that SNMP has brought

5   here.  And those are what I'll call the unauthorized use

6   claims.  And to be clear, those claims relate just to the

7   post-petition period and they allege that Nortel, again,

8   without differentiating between specific Nortel entities,

9   used certain SNMP software without SNMP's authorization and

10  that, therefore, Nortel's allegedly liable for the use of

11  that software.

12             And there again, we had mentioned a couple

13  things.  I think that one, when SNMP alleges that use of the

14  software was without authorization, they're referencing a

15  License Agreement between SNMP and NNC, Nortel Networks

16  Corporation which is the Debtors' ultimate Canadian parent.

17             THE COURT:  Right.

18             MR. GURGEL:  So again with these claims, you have

19  claims that implicate the cross-border nature of these

20  proceedings that this Court has been overseeing along with

21  Justice Newbould now in Canada for some six years and

22  Justice Morawetz before that.

23             And the other thing about these claims as I

24  mentioned, they relate just the post-petition period really

25  from the petition date up until the sale date when or the

1    various sale dates when Nortel was no longer in a position

2    to be using the software.  And in that respect, that's a

3    short period, but SNMP has also filed various Proofs of

4    Claim alleging substantially the same conduct in the pre-

5    petition period that goes back several years.  And so,

6    really, these post-petition claims are continuations of Pre-

7    Petition Proofs of Claim that are before Your Honor and that

8    we think Your Honor unquestionably is going to be going to

9    decide those.  And so these claims are tied up in that as

10    well.

11            I'll note that SNMP in a footnote in their brief

12    before the District Court, suggests the District Court could

13    unilaterally withdraw the Proofs of Claim as well, the Pre-

14    Petition Proofs of Claim as well.  We think they haven't

15    properly raised that and it certainly isn't in their 5011

16    Motion to Your Honor and they haven't raised that before you

17    which we think is a requirement of the rule.  And we also

18    don't agree that they fairly raised it in their motion

19    before the District Court.  But to the extent that that's

20    what SNMP is after here, it just heightens our concern that

21    Ms. Parlin discussed that what's going on here is that the

22    handful of claims against the one remaining Non-Debtor in

23    this case, Avaya, are being used to bootstrap the sale

24    related claims, the unauthorized used claims, and perhaps

25    even the Pre-Petition Proofs of Claim against the Debtors,

1  all of which certainly really go to the heart of this

2  Court's core oversight in the Debtors' bankruptcy

3  proceedings.

4          And we do think it's very important that Your

5  Honor's Order provide that context.  And we think, frankly,

6  that it will be helpful to the District Court to understand

7  what the implications of the coronation of these claims are.

8          And I think I'd also add that the core claims are

9  significant because we think that the issues of waiver and

10  consent on the non-core claims, can't really be considered

11  in isolation from the core claims.

12          SNMP has raised the idea that the Debtors legally

13  aren't even entitled to raise the idea of prejudice before

14  Your Honor because of the Letter Agreement.  And we

15  certainly disagree with that and think that SNMP's

16  oversimplified what the Letter Agreement said that the

17  relevant sentence actually says, it's a little bit of a long

18  sentence, but bear with me, Your Honor.  If the mediation

19  fails and SNMP Research continues its action against Nortel,

20  SNMP Research does not want the mediation to -- it's

21  actually two sentences, to result in prejudice to SNMP

22  Research in case it files a Motion to Withdraw the

23  Reference.  Therefore, as a condition of this proposal,

24  Nortel agrees not to raise a delay argument.  I'll skip the

25  parenthetical, but I'm happy to read it, Your Honor, would

1    like.

2              THE COURT:  I have it.

3              MR. GURGEL:  In response to a Motion to Withdraw

4    the Reference, because of the mediation.  So in other words,

5    the U.S. and Canadian Debtors agreed not to raise a delay

6    argument because of the mediation.  And that's not what

7    we're arguing before Your Honor today.  What we're arguing

8    about is the conduct with respect to filing and litigating

9    the non-core claims against the Non-Debtors, including Avaya

10   in this Court, which the Letter Agreement expressly

11   preserves SNMP's right to do.  From our perspective, SNMP is

12   sort of having, trying to have its cake and eat it, too,

13   here.  They said, you know, we're staying against you

14   Debtors, U.S. Debtors and Canadian Debtors.  We are

15   absolutely not staying against the Non-Debtors.  The Debtors

16   did agree not to raise a delay argument because of --

17             THE COURT:  Because of things.

18             MR. GURGEL:  -- mediation, but we didn't make any

19   such agreement that SNMP could do whatever it wanted with

20   respect to the Non-Debtors, including keeping the non-core

21   claims in this Court long enough such that they can now use

22   them as a lever to try to withdraw these core claims that we

23   think are terribly important to be heard by Your Honor.  So

24   that's a point in the Letter Agreement.

25             On the issue of prejudice, I think SNMP's word,

1  used the term, narrow lens, to basically suggest that the

2  Defendants are looking at the issue of whether their motion

3  is timely through a narrow lens and only considering the

4  amount of time that's passed.  And I'd actually turn that

5  around because as I said, we're not really focused on just

6  the passage of time at all, and if anything, when SNMP says

7  that our lens is too narrow because nothing has happened in

8  this case, it's really they who are looking through too

9  narrow of a lens because an awful lot has happened in this

10 case.

11         And I won't walk through everything and Ms.

12 Parlin had already discussed, certainly, but after filing

13 this case here as she mentioned, SNMP chose to keep its non-

14 core claims in this Court while it negotiated with all of

15 the Non-Debtor Defendants one-by-one and settled with all of

16 them except for Avaya.  It kept its case here while it

17 litigated a Dispositive Motion with Radware and did not

18 raise a Motion to Withdraw the Reference until, I think,

19 literally, the day of oral argument on that motion.

20         And SNMP wants to, you know, basically say, you

21 know, that's not relevant, it doesn't matter, but it's not

22 just what's happened, what's transpired in this narrow

23 adversary proceeding we think that's relevant to the issue

24 of prejudice.  For one, SNMP says their stated goal all

25 along is going to keep things all in one Court.  Well, that

1   ship has certainly sailed with respect to the Canadian

2   Debtors that are no longer here.  And it certainly concerns

3   us that when there is a stated, you know, motivation for the

4   litigation posture they've adopted, was -- is based on

5   efficiency, that we're now at a point where their still

6   trying to withdraw the reference as to an adversary

7   proceeding that's largely about core claims at the District

8   Court when as Your Honor mentioned at the Status Conference

9   on February 27, it's quite likely that we will not have a

10  trial date in the District Court inside of year, and perhaps

11  even longer than that.  And as Your Honor knows, we're now

12  at a stage in the Debtors' larger bankruptcy proceedings, so

13  not just a narrow lens in this adversary proceeding, but the

14  larger bankruptcy proceedings where the Debtors and not just

15  the U.S. Debtors, but their affiliates in Canada and in EMEA

16  are trying to resolve the last claims against them.  I am

17  looking at hopefully, resolving these bankruptcy

18  proceedings.

19           And so we think there is real prejudice by the

20  potential for further delay and the event of a Motion to

21  Withdraw.  And that is reason enough, frankly, to find that

22  there is prejudice here from the way that the claims against

23  the Non-Debtors and the hopefully, against Avaya be pursued

24  here.

25           And so, just to sum up, we think that that

1    context is important.  We believe it would be helpful to the

2    District Court to have that additional information.  And as

3    I said, we think that the nature of these core claims, the

4    fact that they're not merely run of the mill core claims,

5    but really do impact fundamental aspects of this Court's

6    oversight of these larger bankruptcy proceedings, it's Sale

7    Orders, the cross-border nature of the proceedings, and the

8    ultimate resolution of the Debtors' proceedings is something

9    that needs to be highlighted and also really informs the

10   discussion of whether there's been prejudice here.

11            And unless Your Honor has any questions, I think

12   that's all I have.

13            THE COURT:  Do you have an argument date on the

14   Motion to Withdraw the Reference at this point?

15            MS. PARLIN:  No.

16            MR. GURGEL:  We do not, Your Honor.

17            THE COURT:  No, not yet?  Okay.  Thank you, Mr.

18   Gurgel, that was helpful.  Anyone else?  All right, Mr.

19   Dean, I'll hear from you again.

20            MR. DEAN:  Thank you, Your Honor.  Yeah, just to

21   confirm, the motion has not been sent up yet --

22            THE COURT:  Okay.

23            MR. DEAN:  -- at this point.

24            THE COURT:  All right.

25            MR. DEAN:  I'll be brief, Your Honor.  I just

1  want to address, I'll start with counsel for the Debtors as

2  his arguments are the freshest in my mind at this point.

3        The parenthetical in the Letter Agreement that

4  Mr. Gurgle skipped is quite important.  The entire sentence

5  reads, therefore, as a condition of this proposal, Nortel

6  agrees not to raise any delay argument.  Parenthetical.  In

7  relation to the period from and after the date of this

8  agreement which happened prior to the filing of the case,

9  through a decision by the Canadian Court on the Lift Stay

10 Motion, close paren, in response to a Motion to Withdraw the

11 Reference because of the mediation.

12        So it defines the period of time under which the

13 Debtors were agreeing not to make any timeliness challenge.

14 And as I already mentioned, Your Honor, that period of time

15 didn't expire until March 4 and we filed our motion less

16 than two weeks later.

17        Both parties, the Defendants and Avaya, seem to

18 suggest that these claims are sort of related, but sort of

19 not.  And what I mean by this is they want to separate the

20 claims against Avaya and the Debtor here for the purposes of

21 the argument.  But what they don't do in the Motion to

22 Withdraw the Reference is they don't seek a partial withdraw

23 in the event that we have grounds to withdraw the reference

24 against Avaya.  This is very telling, Your Honor.  What does

25 this mean?  This means that they both agree that these cases

1  should and need to be tried together in the appropriate

2  forum.  And the only forum that we can try this case

3  together from an efficiency standpoint as counsel for Avaya

4  acknowledged, and for a number of other reasons, including

5  the fact that Judge Andrews currently is presiding over the

6  litigation between SNMP and Avaya over Avaya's License

7  Agreement with SNMP on other products.

8           So the fact that the Defendants aren't asking the

9  District Court to partially withdraw the reference to these

10  claims, blows up this entire argument that they're making

11  that we should treat these claims separately for the purpose

12  of this argument.  They know that these claims are factually

13  relevant together.  They know that it would make the most

14  sense to have the case tried together.  And this Court can't

15  conduct a Jury Trial.  That's why we're moving to withdraw

16  the reference.

17           Now as for counsel for Avaya, much of her

18  argument --

19           THE COURT:  I don't know that they were arguing

20  that I should treat the claims separately, but that in

21  effect, I should treat the parties separately.  That --

22           MR. DEAN:  Correct.

23           THE COURT:  -- there is a real -- there is a core

24  issue as to how this litigation impacts the bankruptcy case.

25           MR. DEAN:  That is true, but it would make little

1  sense to have a trial in the District Court against Avaya

2  and a trial in the Debtors here with virtually the same

3  facts as to whether this Sale Order was violated and whether

4  SNMP's intellectual property was transferred from the

5  Debtors to other Non-Debtors including Avaya.  Why would

6  anyone want to have a Jury Trial against Avaya in the

7  District Court and a trial here against the Debtors, and by

8  the way, a trial in Canada as well because we lost the

9  Motion for Relief on virtually the same facts?  It makes

10 absolutely no sense what they're arguing here.

11          Now counsel for Avaya, I don't like to subscribe

12 motivation to other parties and I'm not going to do it here,

13 but they're doing a lot of that on the Avaya and the

14 Debtors' side.  They're claiming that they want Your Honor

15 to infer our strategy as to exactly why we move to -- why we

16 filed the lawsuit here.  Well, I told Your Honor why we

17 filed the lawsuit here.  But one thing, excuse me, I just

18 want to grab my Bankruptcy Code, Your Honor.

19          THE COURT:  Absolutely.

20          MR. DEAN:  One thing that is missing in this

21 discussion --

22          THE COURT:  Yes.

23          MR. DEAN:  -- because the argument is from the

24 Defendants, that we're attempting to bootstrap the claims

25 against Avaya to remove the claims against the Debtors, so

1  that we can have a Jury Trial right against the Debtor and

2  get this puppy out of Bankruptcy Court and get the whole

3  thing up to District Court.  And what they fail to recognize

4  is that if you take a look at 28 U.S.C. 959(a), if it

5  weren't for the Canadian Debtors that we had to get an

6  agreement with to sue them in this Court, and with the

7  Debtors as well, we could have sued the Debtors in the

8  District Court and Avaya in the District Court in the first

9  place without leave from this Court and here's why.

10          959(a) says in relevant part, that trustees,

11 receivers, or managers of any property, including Debtors in

12 Possession, may be sued without leave of Court appointing

13 him, appointing them where respect to any of their acts or

14 transactions in carrying on business connected with such

15 property.

16          This is the type of Post-Petition Claim that

17 relates to the conduct of the Debtors' business operations,

18 that we could have sued the Debtor in the District Court and

19 claimed a Jury Trial.  And by the way, this is a very

20 important sentence, the last sentence of that statute reads,

21 that such actions shall be subject to the general power of

22 such Court.  Meaning that this Court could exercise equity

23 and prevent us from doing it after the filing was made, if

24 it would have prevented the Debtor from operating his

25 business.  But that wouldn't have happened here because

1    we're way post sale and the Debtor is nothing but a shell.

2    But the important part of this is it says so far as the same

3    may be necessary to the ends of justice, but this shall not

4    deprive a litigant of its right to Jury Trial.

5            So if we would have sued the Debtor in the

6    District Court to start, let's just say the Canadian Debtors

7    weren't even involved in this.  We sued the Debtor in

8    District Court, the Judge -- Your Honor kicks it back under

9    equitable principles.  We still have our Jury Trial right

10   against the Debtors.

11           So to suggest that we did all this to get a Jury

12   Trial with the Debtors, we could have done that anyway.  We

13   could have done that anyway.  We couldn't sue the Canadian

14   Debtors in the District Court.  We couldn't even sue the

15   Canadian Debtors here.  So the Letter Agreement represents a

16   compromise.  We need to bring these claims.  There's a

17   limitations period that's running on certain actions.  We've

18   got a Motion for Relief From Stay pending and the parties

19   decide to mediate, so we said, okay, we'll sue you in --

20   we'll sue everybody in Bankruptcy Court, we'll preserve our

21   right to withdraw the reference.

22           That's what happened here.  There was no

23   nefarious motivation here on our part.  If it weren't for

24   the Canadian Debtors, we could have brought the District

25   Court action against the Debtors, not just against Avaya

1  together and got a Jury Trial right in that regard.  And

2  even if the Courts kick the case back on equitable grounds,

3  that could not have stripped us of our Jury Trial right.

4            So I think the -- I hope that clears up the

5  speculation about our motivations for filing this case and

6  our attempt to get a Jury Trial right against the Debtor.

7  That's simply not what happened here.

8            Now there's also this, a lot of overtones that

9  were involved and we essentially forum shopped this thing.

10  We chose our path and we should have to live with it.  And I

11  explained to you why we chose that path.  Now forum shopping

12  is a factor that District Courts will look at.  And I think

13  this is an issue for the District Court.  And in some ways,

14  especially comments from counsel for the Debtor seem to

15  really be asking this Court to issue advisory opinions on a

16  Motion to Withdraw the Reference.  I hear a lot of argument

17  today about issues that relate to the Motion to Withdraw the

18  Reference to try to influence the District Court Judge on

19  that decision.

20            What we requested the Court to do was to comment

21  on the timeliness comments made by Your Honor at the Radware

22  Hearing relating to timeliness because Your Honor didn't

23  have the full factual record and they're relying on those

24  comments and support, but we're not asking the Court to

25  issue any advisory opinions on timeliness, Jury Trail

1    Waiver, or forum shopping, or any other issue.  But I do

2    want -- I did want to explain the forum shopping allegation

3    and the speculation as to our potential strategy, just so

4    the Court understands where we're coming from.

5            Ms. Parlin argued that -- and I'm not sure

6    whether she meant to say this, but I just want to clarify

7    something that she said.  She said that we used this Court

8    for years and entered into Settlement Agreements with Non-

9    Debtor Defendants and entered into settlements that were

10   approved by this Court.  I mean, we did settle with Non-

11   Debtor Defendants, but the Court, obviously, never approved

12   any such settlement and would not have to any event.

13           THE COURT:  Right.

14           MR. DEAN:  Avaya's counsel also accuses us of

15   sandbagging, yet they come to Court today, citing a bunch of

16   cases that weren't in the papers, so I can't comment on

17   these cases.  I haven't had a chance to read them, I don't

18   know what they say, but I don't think that's appropriate.

19   These cases weren't decided.  I mean, I completely

20   understand why Wellness was raised by Avaya and I was

21   contemplating doing that as well before I saw that Avaya had

22   done it, so I -- we understand that.  But cases from 1993,

23   should have been in the brief, okay.

24           Number -- but  will address Ms. Parlin's

25   description of one of the cases, the Seventh Circuit case

1    that she described where she described it, a holding that

2    silence doesn't imply consent, but invoking the Bankruptcy

3    Court's jurisdiction does.

4                THE COURT:  Yes.

5                MR. DEAN:  As I mentioned when I was describing

6    the Billing holding from the Third Circuit, there are some

7    jurisdictions that hold that invoking the Court's

8    jurisdiction constitutes a waiver of Jury Trial rights.  And

9    probably, a waiver of the Court's final adjudicatory

10   authority or implied consent to it, rather.  But that's not

11   the law in the Third Circuit.  That's not the law in the

12   Third Circuit.

13               Now the other point I want to raise is that in

14   the Wellness decision, Ms. Parlin discusses Page 5.

15               THE COURT:  Yes.

16               MR. DEAN:  And I don't agree with her description

17   of the case.  The lawsuit was filed by Wellness, not the

18   Debtor.  So the Debtor did not -- it was discharged -- a

19   non-dischargeability action.  The Debtor was the Defendant

20   in the case and then tried to argue that the Bankruptcy

21   Court didn't have final authority to decide the issue.  The

22   Defendant in the case, in his or her answer, I'm not sure

23   which, indicated that the Claimant was core and acknowledged

24   that.  Acknowledged that the Bankruptcy Court had final

25   adjudicatory authority over the claim.  And so that case has

1    absolutely nothing to do with this.  The Debtor admitted in

2    the answer that the claim was core.  We specifically

3    objected in the Complaint to the Bankruptcy Court's final

4    adjudicatory authority as we're required to do under the

5    Bankruptcy Rules.  And so to try to analogize what happened

6    in Wellness to what happened here is simply incorrect, Your

7    Honor.

8              And with that, Your Honor, I thank you very much

9    for giving me some leash today.  This is a complicated

10   argument.

11             THE COURT:  Sure.

12             MR. DEAN:  There are a lot of issues involved.  I

13   wanted to make sure that Your Honor had the full benefit of

14   our thoughts on it.  And unless the Court has any other

15   questions, I have nothing further.

16             THE COURT:  Thank you, Mr. Dean.  I certainly

17   understand --

18             MR. DEAN:  Thank you.

19             THE COURT:  -- your position very well now.

20             MS. PARLIN:  If I could briefly?

21             THE COURT:  All right, Ms. Parlin, but Mr. Dean

22   will still get the last word.

23                         (Laughter)

24             MS. PARLIN:  I understand.  I understand.  I just

25   would like to say that we're not the Movants here.  So we

1  have no reason to seek partial withdraw.  We're happy to be

2  in a trial before Your Honor.  We believe that this is the

3  right place to decide all these case -- all these issues.

4         I didn't say that -- I did say that there are

5  some efficiencies to decide in the case here all together.

6         THE COURT:  Sure.

7         MS. PARLIN:  Certainly, there are overlapping

8  facts.  Certainly, anything that Avaya bought and has, it

9  bought from Nortel and so the claims against Nortel sort of

10 feed into the claims against Avaya.  And they are related in

11 that way.  There will be factual determinations that are --

12 that could be made together.  But that doesn't mean that it

13 has to be made together, okay.  There's a difference there.

14 And we're not seeking withdraw of the reference so there's

15 no reason for us to propose for partial withdraw.  And if --

16 and again, the Plaintiffs who chose to come here could have

17 --

18        THE COURT:  I think Mr. Dean was referring to the

19 Debtor.

20        MS. PARLIN:  Right.  I think the Debtor -- there

21 -- but it's the same issue.

22        THE COURT:  Yeah.

23        MS. PARLIN:  The Debtors aren't the Movants

24 either, frankly.

25        THE COURT:  Right.

1          MS. PARLIN:  Okay.  So there would be no reason

2  for either party to seek partial withdraw.  And I think that

3  -- the point about Section 28 U.S.C., Section 959, it's not

4  clear to me that that section applies to these claims, Your

5  Honor.  Frankly, I think the Debtor probably would have

6  something to say about that, but be that as it may, even

7  assuming that it did, that just proves my point.  They had a

8  choice.  And they made the choice to come here, even with

9  respect to the claims against the Debtor.

10          THE COURT:  Yes.

11          MS. PARLIN:  So that only, I think, supports are

12  argument that by coming here, they invoke the jurisdiction

13  of the Court and they should be held to that.

14          The last thing I would say to you is that in

15  terms of Wellness, counsel is right, the Defendant in that

16  case did admit in its answer that the claims were core and

17  then later sought to argue that they, in fact -- that there

18  was no constitutional authority they start -- sought to rely

19  on Stern --

20          THE COURT:  Right.

21          MS. PARLIN:  -- as a way of getting out of it.

22  But, in fact, in the Prayer for Relief, didn't indicate any

23  kind of limitation on the Court's authority.  That's the

24  point, okay.

25          THE COURT:  Okay.

1            MS. PARLIN:  And here, the Plaintiff, knowing

2    full well that it wanted to argue that the Court didn't have

3    final authority, because it put that in front of their

4    Complaint, never in any of the three iterations of its

5    Complaint, allege that there was any limitation on this

6    Court's authority to enter an Order.  And that's the

7    Bankruptcy Court, this Court to enter a judgment.  And I

8    think that means something here.  It meant something to

9    Windstar Court and I think it should mean something to this

10   Court, given all the other facts at issue here.

11           Thank you for the opportunity, Your Honor.

12           THE COURT:  Thank you, Ms. Parlin.

13           MR. GURGEL:  Your Honor, could I just be very

14   brief?

15           THE COURT:  Mr. Gurgel, certainly.

16           MR. GURGEL:  And I'll try to be even more brief

17   than Ms. Parlin was.  I think, Your Honor, first of all, on

18   the advisory opinion point that was just raised by SNMP's

19   counsel, we're certainly not asking this Court for an

20   advisory opinion.

21           THE COURT:  You're asking for a full explanation.

22           MR. GURGEL:  That's correct, Your Honor.  I think

23   Your Honor has the issue --

24           THE COURT:  Yes.

25           MR. GURGEL:  -- of both -- that covers all the

1  claims and explains the basis for this Court's authority in

2  a way that's complete and provides the context that the

3  Court above needs.

4          As to the point about Section 959, I think Ms.

5  Parlin said what we would say as well, which is that it just

6  shows all the more, that SNMP's decision to litigate in this

7  Court was its choice.

8          THE COURT:  Right.

9          MR. GURGEL:  And a choice that they need to be

10  held to.  So unless Your Honor has any further questions for

11  the Debtors, I'll just, I'll sit down.

12          THE COURT:  Thank you, Mr. Gurgel.  Last word,

13  Mr. Dean.

14          MR. DEAN:  Thank you, Your Honor, I appreciate

15  it, just very briefly.  I'm really glad Ms. Parlin got back

16  up because I forgot to mention something and she gave me an

17  opportunity to do it.  The fact that Avaya wants to be in

18  Bankruptcy Court so bad, really puzzles me.  And I can't

19  think of why the -- you know, when the Court's trying to

20  infer our motivation, I really think the Court should give

21  some thought to why Avaya, a Non-Debtor, with whom we're

22  litigating similar issues with in front of Judge Andrews

23  already, is fighting so hard to stay in Bankruptcy Court.  I

24  can't for the life of me, figure this out.  The only

25  reasoning that could come to my mind is that Avaya wants to

1  be here, simply because we don't, to give us a hard time

2  because it doesn't serve their interest.  Why would they

3  want to do it other than to give us a hard time?  There is

4  no reason at all.

5           Now the 959(a) argument --

6           THE COURT:  Yes.

7           MR. DEAN:  -- I did focus it on both Defendants,

8  but I was really directing it more towards why didn't the

9  Debtor say this?  Why isn't the Debtor making this argument?

10 So it was -- I did characterize as why didn't the Defendants

11 both make this argument, but I was really gearing it more

12 towards the Debtors.  I'm really questioning why the Debtors

13 wouldn't tell the District Court in its opposition, why it

14 would be appropriate to break this case up and move to

15 partially withdraw the reference, if the claims and the

16 parties should be treated so differently in this case.

17 Everybody knows, whether they'll admit it or not, that this

18 case needs to be tried by one Court.  We've already got a

19 proceeding in Canada that's going to have to happen because

20 we lost our Motion for Relief.  That's not our fault, we

21 tried.  But we certainly shouldn't have this fought in three

22 different forums.

23           Now one other note I want to mention on the

24 related nature of the claims is that our theory of the case

25 is that Nortel's damages in part, come from Avaya's profits.

1  So there is some overlap here, not just on the liability

2  side on the factual findings, but also potentially --

3              THE COURT:  Nortel -- you said Nortel's damages?

4              MR. DEAN:  Some of our damages against Nortel --

5              THE COURT:  Oh, I'm sorry.

6              MR. DEAN:  -- will result from profits made on

7  products by Avaya.

8              THE COURT:  All right.

9              MR. DEAN:  And then the last point I'll make,

10 Your Honor, is no matter how many times Avaya's counsel says

11 it, the case law in this district in this Court is clear,

12 that the filing of a lawsuit in this Court is not enough to

13 imply consent.  Thank you, Your Honor.

14             THE COURT:  All right.

15             MR. DEAN:  We appreciate your time.

16             THE COURT:  I appreciate your arguments, Counsel.

17 It was useful and very helpful.  They were very fine

18 arguments.  And as usual, as I always tell people, that only

19 makes the job harder, although it certainly is a delightful

20 experience to hear you.  And I'm going to take the matter

21 under advisement. I think I have to here.  To go back and

22 reread some of the cases that I had already read and to

23 reconsider some of the arguments that I had already

24 considered, but it will be prompt.  And that's one reason I

25 asked about the status of the Motion to Withdraw the

1    Reference because it's hard to know just how soon Judge

2    Andrew -- whichever Judge it may be, will be looking at

3    this.  So the result will be prompt.

4                    MS. PARLIN:  Thank you, Your Honor.

5                    THE COURT:  Thank you.  Anything else?  Anything

6    further?

7                          (No audible response.)

8                    THE COURT:  All right, Counsel, thank you.  Good

9    day to you.

10                   ALL:  Thank you, Your Honor.

11                   MR. ABBOTT:  Have a good day.

12     (Whereupon, at 11:48 a.m., the hearing was adjourned)

13

14

15                          CERTIFICATION

16         I certify that the foregoing is a correct

17    transcript from the electronic sound recording of the

18    proceedings in the above-entitled matter.

19

20    _____        June 3, 2015__

21    Traci L. Calaman, Transcriber                    Date

22

23

24

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

157(c)(1)(2) 12:8 13:9
157(c)(2)(7) 13:10 14:10 19:19 21:5 27:13 27:18 36:21
157(c)(2)'s(1) 28:7
a.(1) 59:20
a.m.(3) 1:15 5:1 88:12
abaya(1) 15:11
abbott(7) 1:32 5:4 5:5 5:6 5:9 5:16 88:11
ability(4) 25:24 53:19 62:3 62:10
able(5) 9:25 31:4 40:22 43:4 45:21
about(34) 7:11 12:16 19:22 19:23 21:22 21:25 23:13 28:22 31:23 32:10 32:24 35:10 39:21 39:22 41:13 43:6 44:6 45:8 49:9 57:10 58:5 58:16 58:21 58:25 60:25 61:23 66:23 69:8 71:7 78:5 78:17 83:3 83:6 85:4 87:25
above(1) 85:3
aboveentitled (1) 88:18
absent(1) 8:8
absolutely(6) 39:17 55:1 69:15 75:10 75:19 81:1
accompanying(1) 18:8
accomplished(2) 18:8 30:24
accordance(1) 7:8
according(1) 24:8
accountable(1) 61:7
accused(1) 61:17
accuses(1) 79:14
acknowledge(1) 30:2
acknowledged(5) 13:3 62:2 74:4 80:23 80:24
acknowledgement(1) 13:17
act(3) 31:15 61:6 61:6
action(17) 8:7 9:12 9:14 9:18 10:1 15:22 23:19 40:13 41:21 43:7 46:1 49:20 50:1 50:17 68:19 77:25 80:19
actions(3) 55:20 76:21 77:17
active(1) 24:21
acts(1) 76:13
actual(2) 15:3 16:21
actually(15) 6:17 26:1 26:2 26:6 26:10 26:19 32:14 44:21 45:5 45:10 49:15 52:17 68:17 68:21 70:4

add(1) 68:8
addition(5) 18:9 22:24 25:8 27:9 64:7
additional(2) 63:22 72:2
address(5) 24:14 38:18 53:17 73:1 79:24
addressed(4) 20:20 61:19 64:6 64:11
addressing(1) 15:21
adjourned(1) 88:12
adjudicated(1) 23:11
adjudication(10) 20:11 20:16 23:18 23:23 25:1 25:13 40:23 47:17 58:2 61:20
adjudicatory(16) 12:14 12:24 24:6 27:7 27:24 28:16 28:21 29:16 30:14 36:9 36:15 37:1 80:9 80:25 81:4
administered(1) 1:6
administrative(1) 11:9
admission(2) 37:19 39:19
admissions(1) 13:22
admit(2) 31:16 86:17
admits(1) 51:10
admitted(4) 37:21 38:12 43:19 81:1
admittedly(1) 24:24
adopt(1) 29:14
adopted(2) 28:5 71:4
advance(1) 60:2
advancing(1) 23:25
adversary(13) 10:14 10:17 11:14 25:12 25:14 25:20 36:17 62:13 62:20 62:21 70:23 71:6 71:13
advisement(1) 87:21
advisory(5) 19:21 78:15 78:25 84:18 84:20
affiliates(1) 71:15
affirmatively(1) 54:16
afoul(1) 29:7
after(18) 10:9 19:9 12:25 32:22 33:6 42:6 49:17 50:4 52:15 53:9 55:17 67:20 70:12 73:7 76:23

again(17) 30:8 30:15 36:12 42:7 43:7 53:10 53:14 54:11 58:4 59:10 64:20 64:24 66:7 66:12 66:18 72:19 82:16
against(74) 8:7 9:16 9:19 10:11 10:14 10:16 11:3 11:10 11:14 11:15 11:22 12:5 12:9 12:11 12:12 12:14 12:19 13:7 13:12 15:5 15:11 15:12 17:2 20:17 23:19 23:24 29:5 30:25 33:16 40:10 40:13 42:5 43:14 45:17 45:23 49:20 49:24 51:18 51:19 51:20 53:9 59:1 61:21 62:9 62:12 62:25 64:14 64:15 64:25 67:22 67:25 68:19 69:9 69:13 69:15 71:16 71:22 71:23 73:20 73:24 75:1 75:6 75:7 75:25 75:25 76:1 77:10 77:25 77:25 78:6 82:9 82:10 83:9 87:4

agenda(1) 5:7 5:10
ago(3) 7:4 45:7 49:9
agree(10) 13:22 30:13 42:9 42:24 47:11 61:19 67:18 69:16 73:25 80:16
agreed(9) 17:10 17:22 21:13 21:14 23:18 31:18 32:6 32:7 69:5

agreeing(2) 60:2 73:13

agreement(39) 8:9 8:16 8:18 8:19 8:21 8:24 10:8 17:16 18:1 23:21 30:19 30:19 32:5 32:16 33:24 33:24 34:7 34:7 34:16 34:16 36:8 37:17 49:11 49:15 49:19 52:9 52:12 65:17 66:15 68:14 68:16 69:10 69:19 69:24 73:3 73:8 74:7 76:6 77:15

agreements(3) 49:23 64:8 79:8
agrees(2) 68:24 73:6
akin(2) 2:18 3:21
al.(1) 1:18
alibi(2) 21:13 21:20
all(94) 5:18 6:8 6:18 6:21 7:9 7:10 8:5 15:23 18:2 18:17 20:3 22:21 25:13 25:19 27:6 27:14 27:15 27:18 27:19 28:7 28:16 30:8 30:15 37:10 37:21 38:16 38:19 39:2 40:4 41:20 41:22 42:3 42:3 42:8 42:13 42:23 43:7 43:12 43:17 44:6 44:12 45:15 46:1 46:17 47:3 47:4 47:5 47:18 50:12 52:19 54:20 51:21 51:22 51:22 51:23 53:16 55:5 55:7 55:9 56:7 56:19 58:14 58:15 59:4 59:21 60:24 61:9 62:19 64:13 65:5 68:1 76:5 76:12 76:14 76:21 76:24 77:11 81:21 82:5 82:3 82:5 84:10 84:17 84:25 85:6 86:4 87:18 87:14 88:8 88:10

allegation(3) 50:16 51:21 79:2
allegations(1) 64:20
allege(2) 66:7 84:5
alleged(4) 50:15 50:15 56:2 65:4
allegedly(1) 64:10
alleges(2) 63:7 66:13
alleging(3) 63:18 63:20 67:4
allen(1) 3:38
allison(2) 3:11 38:2
allowance(2) 15:4 15:12
alloy(1) 54:10
almost(3) 16:19 32:3 41:18
alone(3) 24:17 31:4 36:17
along(4) 36:19 38:9 66:20 70:25
already(9) 7:3 7:6 38:12 70:12 73:14 85:23 86:18 87:22 87:23

alternatively(1) 13:11
although(2) 7:23 87:19
always(5) 23:22 40:15 51:12 54:20 87:18
amend(1) 33:8
amended(17) 10:17 10:18 10:20 11:3 17:6 17:7 17:9 26:25 26:25 33:8 33:10 36:13 52:15 52:16 64:5 64:23

amendment(3) 15:8 15:9 36:13
america(3) 2:21 4:12 4:12
amount(2) 16:20 70:4
analogize(1) 81:5
analysis(4) 29:11 29:15 29:24 36:25
and(301) 4:5 5:10 5:18 5:21 5:24 6:5 6:9 6:10 6:16 6:19 7:6 7:14 7:24 7:25 8:2 8:12 8:15 8:16 8:16 8:17 8:17 9:2 9:5 9:6 9:9 9:11 9:13 9:18 9:19 9:23 10:6 10:11 10:15 10:17 10:19 10:19 10:21 10:23 11:3 11:4 11:6 11:8 11:15 11:22 11:22 12:6 12:8 12:10 12:19 13:5 13:7 13:18 13:23 13:24 14:1 14:5 14:16 14:16 14:21 15:7 15:8 16:1 16:5 16:21 16:22 16:23 17:2 17:3 17:5 17:9 17:13 18:7 18:13 18:17 18:18 18:18 18:19 19:10 19:11 19:19 19:20 20:3 20:11 20:12 20:13 20:20 21:2 21:11 21:13 21:13 21:17 21:19 21:20 21:23 21:24 21:24 22:4 22:7 22:11 22:21 22:24 23:5 23:20 24:6 24:7 24:9 24:24 25:6 25:11 26:3 26:5 26:8 26:12 26:13 26:19 27:1 27:5 27:6 27:11 27:12 27:12 27:25 28:2 28:6 28:7 28:16 28:23 29:3 29:13 29:19 30:3 30:4 30:19 30:21 31:17 31:19 31:21 32:2 32:5 32:6 32:7 32:9 33:2 33:3 33:10 33:13 33:17 33:17 33:20 33:24 34:1 34:3 34:5 34:6 34:7 34:14 34:15 34:15 34:16 35:11 35:15 35:17 36:8 36:11 36:13 36:20 36:21 36:23 37:2 37:4 37:6 37:18 37:24 38:20 38:21 38:21 39:1 39:8 39:25 39:20 39:20 40:3 40:17 40:21 40:22 41:3 41:4 41:24 42:2 42:4 42:7 42:7 42:8 42:9 42:10 42:14 42:16 42:18 42:22 42:25 43:1 43:2 43:12 43:12 43:12 43:23 44:6 44:20 44:21 45:7 45:8 45:11 45:15 45:16 45:16 45:17 46:9 46:16 46:23 46:25 47:11 47:16 47:18 47:19 47:20 47:21 47:24 48:6 48:6 48:8 48:9 48:10 49:2 49:11 49:12 49:13 49:14 49:24 50:3 50:6 50:3 50:17 51:10 51:14 51:16 51:17 51:24 52:5 52:6 52:7 52:7 52:13 52:21 53:2 53:5 53:13 53:14 53:14 53:23 55:3 55:7 55:16 55:20 55:23 56:8 56:12 56:12 56:17 57:1 57:7 57:11 57:13 57:24 57:25 58:10 58:14 58:15 58:15 58:17 58:19 59:14 60:7

and(174) 60:8 60:20 60:23 61:3 61:4 61:4 61:6 61:13 61:19 61:19 62:1 62:1 62:10 62:14 62:16 62:19 62:24 63:1 63:4 63:5 63:13 63:22 63:23 63:25 64:1 64:7 64:8 64:9 64:10 64:11 64:13 64:15 64:19 64:21 65:1 65:1 65:2 65:5 65:9 65:10 65:12 65:14 65:17 66:5 66:6 66:7 67:9 67:15 67:16 67:17 67:24 68:4 68:5 68:8 68:9 68:14 68:15 68:19 69:5 69:6 69:8 69:12 69:14 70:3 70:4 70:6 70:11 70:15 70:17 70:15 70:17 70:20 71:2 71:10 71:11 71:14 71:15 71:19 71:20 71:21 71:23 71:25 72:2 72:7 72:9 72:11 73:7 73:14 73:15 73:17 73:19 73:20 74:1 74:2 74:4 74:6 74:14 75:2 75:3 75:7 75:17 75:12 75:13 76:1 76:2 76:3 76:6 76:8 76:9 76:18 76:23 77:1 77:18 78:1 78:4 78:25 79:9 79:12 79:20 80:8 80:10 80:20 80:23 81:5 81:8 81:14 82:8 82:9 82:10 82:14 82:15 82:16 82:23 83:13 83:16 84:1 84:6 84:9 87:17 87:18 87:20 87:21 87:22 87:24

andrew(2) 1:33 88:2
andrews(2) 74:5 85:22
another(10) 34:9 35:11 40:19 50:21 52:24 54:18 55:22 57:7 59:1
answer(2) 32:19 50:2 50:3 53:13 80:22 81:2 83:16
answering(1) 12:23
answers(1) 50:7
any(38) 8:1 14:15 16:25 17:19 17:20 17:20 17:23 18:3 20:2 22:2 25:9 25:10 25:16 25:25 27:9 31:25 32:8 37:8 37:19 39:21 47:5 48:2 48:6 49:18 72:11 73:6 73:13 76:11 76:13 78:25 79:1 79:12 79:12 81:14 83:22 84:4 84:5 85:10

anyone(3) 41:4 72:18 75:6
anything(10) 36:3 41:4 41:7 49:6 51:12 52:23 70:6 82:8 88:5 88:5

anyway(4) 19:10 52:20 77:12 77:13
anywhere(1) 25:11
apologize(1) 6:2
apparently(1) 50:8
appear(1) 13:23
appearances(2) 3:18 4:1
appendix(1) 8:19
applicable(6) 25:10 27:10 39:23 40:1 58:2 58:22
applied(1) 52:1
applies(5) 39:19 54:23 65:22 66:4 83:4
apply(1) 20:15
appointing(2) 76:12 76:13
appreciate(7) 18:30 28:24 39:1 39:18 85:14 87:15 87:16

appreciated(1) 34:10
apprised(1) 34:15
approach(2) 9:22 14:23
appropriate(7) 17:18 21:19 35:6 45:13 74:1 79:18 86:14

approved(3) 51:15 79:10 79:11
approving(1) 60:3
arbitrate(1) 60:3
are(68) 6:5 12:5 12:11 12:13 13:12 13:18 13:19 13:22 13:24 14:1 14:15 15:7 15:8 18:18 18:18 21:3 26:18 29:13 29:16 31:4 34:23 38:19 39:25 40:9 42:17 44:22 50:13 50:22 53:23 61:23 62:9 62:11 62:12 62:15 62:19 62:19 64:11 64:20 64:21 66:5 67:6 67:7 67:9 67:23 68:7 68:8 68:10 68:14 69:23 70:3 70:8 71:12 71:16 73:18 74:12 80:6 81:12 82:4 82:7 82:10 82:11 83:11

aren't(4) 63:14 68:13 74:8
argue(5) 13:13 55:21 80:20 83:17 84:2
argued(5) 13:11 39:20 53:12 56:1 79:5
argues(1) 28:11
arguing(4) 69:7 69:7 74:19 75:10
argument(40) 6:17 7:3 11:25 12:4 13:13 18:4 18:23 19:13 19:17 24:9 24:15 25:9 25:15 27:10 21:25 28:22 37:24 39:14 51:20 72:13 73:6 73:21 74:10 74:12 74:18 75:23 78:16 81:10 83:12 86:5 86:9 86:11

arguments(11) 14:16 18:21 19:9 20:6 22:2 24:1 24:14 73:2 87:16 87:18 87:23

arises(1) 51:20
around(2) 45:12 70:5
arsht(1) 1:31
article(4) 20:9 41:11 46:13 47:24
as(2) 22:8 42:22
asked(1) 87:25
asking(5) 74:8 78:15 78:24 84:19 84:21
asks(1) 56:22
aspect(2) 22:12 42:5
aspects(1) 72:5
assertion(1) 41:19
assets(4) 8:14 41:24 42:6 47:16
assume(1) 79:3
assuming(1) 83:7

assuredly(1) 54:17
attached(2) 8:19 17:16
attempt(3) 13:23 29:5 78:6
attempted(2) 9:5 17:3
attempting(1) 73:24
audible(1) 88:7
authorities(1) 31:6
authority(28) 11:21 12:15 12:25 13:7 26:7 27:7 27:25 28:16 28:21 29:16 29:21 30:14 36:10 36:15 36:19 37:1 37:6 37:6 42:10 80:10 80:21 80:25 81:4 83:18 83:23 84:3 84:6 85:1

authorization(2) 66:9 66:14
authorized(1) 64:9
automatic(3) 7:20 40:12 47:14
automatically(1) 17:1
automotive(1) 54:10
avaya(78) 4:12 14:6 79:14 86:25 87:10
avaya's(2) 12:22 74:6
avenue(2) 1:27 2:41
award(1) 56:9
awarded(1) 56:7
aware(12) 12:1 20:3 25:10 32:4 34:11 34:13 43:2 43:4 52:12 57:4 62:25 64:13

awareness(1) 43:6
away(2) 35:3 58:6
awful(1) 70:9
back(14) 33:22 33:23 34:1 34:5 40:6 42:21 48:22 54:24 58:4 67:5 77:8 78:2 85:15 87:21

background(1) 50:8
bad(1) 85:18
ballow(1) 2:22
bank(5) 2:21 4:12 4:12 54:5 58:15
bankruptcy(36) 1:1 1:20 8:4 10:5 14:24 15:1 19:16 19:20 20:10 20:15 21:1 21:1 21:3 21:20 21:24 23:12 24:7 24:22 24:25 25:13 25:21 25:24 26:12 26:24 27:7 27:12 27:17 27:22 27:24 28:5 28:14 28:21 30:4 30:5 36:11 36:16 36:21 40:8 40:9 40:14 40:16 40:20 40:21 41:15 41:24 44:17 45:13 46:6 46:16 46:22 47:8 47:13 47:21 49:5 53:12 54:16 56:19 56:21 56:21 57:3 58:8 58:20 59:25 60:1 60:9 60:10 60:11 64:17 65:12 68:2 71:12 71:14 71:17 72:6 74:24 75:18 76:2 77:20 80:2 80:20 80:24 81:3 81:5 84:7 85:18 85:23

bar(1) 21:12
barbara(3) 3:5 38:6
barred(1) 17:24
based(34) 20:4 22:11 22:17 29:9 71:4
bases(2) 50:12 50:22
basic(1) 29:7
basically(3) 63:1 70:1 70:20
basis(4) 37:3 51:18 51:19 85:1
bear(1) 68:18
bearing(1) 22:3
bears(2) 8:3 23:3
because(67) 7:24 12:1 13:13 13:18 14:14 16:8 16:10 17:21 18:24 20:21 22:10 30:18 32:25 33:12 33:15 34:2 34:4 37:15 40:24 41:14 41:15 42:1 42:23 43:21 45:19 45:23 47:4 47:14 47:14 47:21 48:25 50:19 53:2 53:3 53:10 53:21 55:6 55:19 58:7 59:12 60:11 60:17 62:20 63:19 63:25 64:13 68:9 68:14 69:6 69:16 69:16 69:17 70:5 70:7 70:9 73:11 75:8 75:23 76:25 78:22 84:3 85:16 86:1 86:2 86:19 88:1

been(39) 5:22 7:11 9:21 9:24 9:25 18:6 18:7 18:14 18:17 21:21 22:8 26:1 30:21 31:11 32:2 32:10 33:3 34:4 34:15 38:12 41:23 42:2 43:20 44:14 46:11 51:10 52:12 53:2 55:6 55:10 55:12 62:25 64:18 65:4 65:16 66:20 72:10 72:21 79:23

before(32) 1:19 5:18 7:2 7:11 7:24 11:23 13:24 13:25 22:4 22:14 22:20 23:21 24:13 32:14 34:22 34:23 36:7 37:11 37:18 40:1 48:23 50:21 52:11 56:2 67:7 67:12 67:16 67:19 68:13 69:7 79:21 82:2

begin(2) 5:19 45:24
beginning(4) 43:11 45:10 52:19 58:5
behalf(2) 38:2 61:17
behind(1) 25:7
being(5) 7:21 18:2 20:12 27:9 67:23
believe(11) 14:8 14:17 16:15 34:15 38:15 39:20 40:5 45:5 60:15 72:12 82:1

believed(1) 21:17
belt(1) 11:8
bench(1) 52:5
benefit(1) 81:13
benjamin(2) 3:6 38:9

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

best(2) 9:22  19:6
bets(1) 46:2
between(4) 49:11  66:8  66:15  74:6
beyond(1) 47:6
bill(1) 38:1
billing(9) 14:25  15:14  24:19  24:21  25:4  25:6  25:8  36:19  80:6

billings(2) 57:25  57:25
bilmes(1) 4:9
bit(7) 14:13  28:1  32:13  48:16  50:2  61:23  68:17
bless(1) 31:9
blows(1) 74:10
boil(1) 20:22
boils(1) 22:19
bootstrap(3) 29:6  67:23  75:24
border(1) 65:8
both(13) 12:19  13:2  14:18  14:25  16:2  16:23  38:19  55:14  73:17  73:25  84:25  86:7  86:11

bought(3) 41:24  82:8  82:9
box(1) 60:18
breach(1) 51:6
break(3) 6:5  63:1  86:14
brickley(1) 3:23
brief(15) 6:5  14:22  16:22  18:10  18:21  21:19  23:9  26:7  31:6  35:17  67:11  72:25  79:23  84:14  84:16

brief  (1) 7:6
briefing(1) 16:7
briefly(3) 65:20  81:20  85:15
briefs(2) 14:19  53:16
bring(17) 8:1  9:3  9:23  10:1  24:2  24:2  30:25  41:6  44:12  42:13  42:15  42:19  43:17  45:22  53:21  77:16

bringing(7) 8:4  8:7  25:3  31:2  40:13  47:22  60:19
brings(1) 18:19
broader(1) 28:1
brought(8) 9:12  43:14  53:13  62:25  64:14  64:25  66:4  77:24

bryant(1) 2:20
buchanan(1) 2:4
bunch(2) 50:9  79:15
busch(6) 2:33  6:13  6:15  33:22  34:1  34:10
business(4) 63:8  76:14  76:17  76:25
but(114) 5:7  7:22  8:1  8:24  10:2  10:3  11:10  12:20  12:25  13:21  15:10  16:8  16:15  17:12  17:23  19:9  19:22  19:25  20:25  21:4  21:15  21:16  21:23  21:25  22:14  22:14  22:20  25:15  25:21  28:23  30:35  30:11  30:16  32:12  35:2  35:22  37:11  37:16  38:17  39:18  41:7  41:25  42:11  42:15  43:7  43:20  44:12  45:9  45:14  46:4  47:6  48:3  48:5  48:23  49:13  49:16  50:20  52:12  53:8  53:13  53:23  54:6  54:22  56:5  56:11  56:14  57:21  58:12  59:7  60:7  61:22  62:3  62:11  64:24  67:3  67:19  68:18  68:25  69:18  70:12  70:21  71:13  71:15  72:5  73:18  73:21  74:20  74:25  75:13  75:17  76:25  77:1  77:22  77:3  78:24  79:1  79:6  79:11  79:18  79:22  79:24  80:2  80:10  81:21  82:12  82:21  83:6  83:22  86:8  86:11  86:21  87:2  87:24

buyers(1) 63:7
cake(1) 69:12
calaman(1) 88:21
call(4) 11:7  63:3  63:15  66:5
called(2) 54:5  54:10
caloway(1) 3:15
came(7) 17:5  33:22  33:23  34:1  39:9  39:24  45:19
can(14) 16:4  19:6  23:12  34:23  36:21  44:5  49:24  57:8  59:15  59:16  61:3  69:21  74:2  76:1

can't(16) 17:21  40:23  40:25  44:5  44:9  48:24  55:23  58:20  59:8  60:4  61:10  68:10  74:14  79:16  85:18  85:24
canada(11) 7:20  7:21  8:10  8:17  9:17  10:15  64:15  66:21  71:15  75:8  86:19
canadian(32) 8:6  8:8  8:8  8:9  8:11  8:12  8:22  8:23  9:19  10:14  10:16  10:22  11:12  32:6  33:12  34:12  41:21  43:15  43:16  43:19  64:15  64:25  66:16  69:5  69:14  71:1  73:9  76:5  77:6  77:13  77:15  77:24

candid(1) 39:19
candidly(1) 62:2
cannot(5) 15:23  19:19  24:17  29:1  30:13
capital(3) 3:44  4:8  4:8
care(3) 19:22  19:23  49:1
carrying(1) 76:14

case(140) 1:5  4:17  6:14  6:19  7:18  8:24  9:2  10:5  10:24  11:10  11:16  11:17  12:15  13:1  14:3  16:21  17:2  17:10  17:25  18:1  18:2  18:10  18:10  18:15  19:11  20:20  20:22  21:10  22:13  23:1  23:9  23:15  23:20  24:21  24:24  25:6  25:7  25:10  25:10  25:13  25:14  25:17  25:18  25:19  25:21  25:23  25:25  26:1  26:4  26:9  26:15  26:18  26:21  26:22  27:4  27:5  27:10  29:8  29:10  29:13  31:14  31:19  32:7  32:19  33:16  33:22  33:24  34:2  34:3  34:7  34:17  39:24  40:16  42:12  44:5  44:7  44:10  44:11  44:16  45:4  45:5  45:8  45:21  46:24  47:5  47:11  47:11  48:16  49:9  49:10  49:17  52:9  52:17  53:3  53:11  53:11  53:12  53:20  54:1  54:1  54:10  54:18  54:18  54:20  55:14  56:16  56:21  57:2  58:12  58:12  58:21  59:1  59:11  60:3  60:9  62:7  65:22  68:22  70:8  70:10  70:13  70:16  73:8  74:2  74:14  74:24  78:2  78:5  79:25  80:17  80:20  80:22  80:25  82:3  82:5  83:16  86:14  86:16  86:18  86:24  87:11

cases(23) 9:14  16:2  16:5  11:31  31:11  31:12  42:14  45:2  45:10  45:12  47:18  47:19  50:24  51:4  58:16  59:4  73:25  79:16  79:17  79:19  79:22  79:25  87:22

cede(3) 5:17  37:8  55:24
center(1) 2:27
central(1) 47:15
certain(6) 9:2  34:13  41:13  58:9  66:9  77:17
certainly(24) 28:19  35:14  42:2  42:5  42:8  44:10  51:3  51:5  56:11  60:16  62:24  67:15  68:1  68:15  70:12  71:1  71:2  81:16  82:7  82:8  84:15  84:19  86:21  87:19

certification(1) 88:15
certify(1) 88:16
challenge(4) 17:11  17:21  31:18  73:13
challenged(2) 25:24  26:6
chance(1) 79:17
changed(2) 30:16  57:6
chapman(1) 2:12
chapter(1) 1:8
characterize(1) 86:10
chiuchiolo(1) 3:35
choice(16) 41:16  41:17  46:5  47:25  48:1  55:2  58:23  60:6  60:7  60:13  60:14  60:14  83:8  83:8  85:7  85:9

choose(1) 41:11
chose(8) 55:2  59:3  59:7  60:11  70:13  78:10  78:11  82:16

chris(1) 2:26
chung(1) 4:13
circuit(12) 14:23  14:25  29:10  48:24  54:10  54:18  59:12  59:20  79:25  80:6  80:11  80:12

circuit's(6) 12:5  24:19  29:7  29:18  36:19  36:23  58:9
cite(6) 16:2  16:5  18:10  31:6  35:18  59:15
cited(7) 14:21  21:20  23:9  25:11  25:17  45:4  55:11
cites(1) 54:18
citing(1) 79:15
citizens(1) 60:19
civil(1) 55:13
claim(22) 11:9  15:3  16:3  20:11  20:20  33:6  40:19  45:20  48:18  48:19  48:25  58:3  59:13  63:17  67:4  67:7  67:13  67:14  67:25  76:16  80:25  81:2

claim-by-claim(3) 29:11  29:14  36:24
claimant(1) 32:22  80:23
claimed(1) 71:14
claiming(1) 75:14
claims(124) 9:2  10:13  10:16  11:3  12:5  12:7  12:12  12:13  12:15  13:3  13:6  13:12  13:17  13:19  13:22  15:3  15:5  15:6  15:11  15:12  20:16  20:18  20:21  23:19  23:24  25:1  25:14  29:12  29:16  30:25  33:16  37:7  40:22  41:1  41:7  41:7  41:10  42:1  42:4  42:9  43:14  45:17  45:23  46:1  46:13  47:16  50:16  51:18  51:19  51:20  53:5  56:3  56:7  58:1  60:20  61:21  61:23  62:3  62:7  62:9  62:12  62:15  62:16  62:20  62:25  63:2  63:4  63:7  63:11  63:15  63:16  63:17  63:22  63:24  64:11  64:14  64:15  64:16  64:25  65:8  65:9  65:11  66:4  66:6  66:18  66:19  66:23  67:6  67:17  67:24  67:24  68:7  68:8  68:10  68:11  69:9  69:21  69:22  70:14  71:7  71:16  71:22  72:3  72:14  74:12  74:21  75:25  75:25  76:22  79:25  82:10  83:4  83:9  83:16  85:1  86:24

clarification(1) 34:11
clarify(1) 79:6
clear(11) 14:14  18:11  24:21  33:15  42:25  46:3  46:5  58:23  66:6  83:4  87:11

clearly(1) 43:3
clears(1) 78:4
cleary(2) 1:24  61:14
clerk(1) 5:2
client(1) 6:19
clock(1) 50:5
close(1) 73:10
code(2) 46:18  75:18
coerced(1) 47:20

coercion(6) 40:7  40:17  41:12  48:4  48:7  58:5
coercive(1) 41:5
coincidentally(1) 54:11
coie(2) 2:38  7:1
colleagues(1) 55:25
collectively(2) 24:10  28:23
collier(1) 3:30

combination(1) 54:21
come(23) 22:5  22:15  34:5  40:9  41:5  41:14  43:9  45:12  47:13  47:20  55:2  58:7  58:17  58:19  60:10  60:11  60:20  63:5  79:15  82:16  83:8  86:25

comes(1) 14:23
coming(3) 22:14  79:4  83:12
commencement(3) 8:25  17:25  23:20
commence(1) 25:14
comment(3) 35:6  78:20  79:16
comments(7) 23:13  32:10  34:20  35:3  78:14  78:21  78:24

committee(3) 2:19  3:20  19:21
common(1) 11:6
company(2) 3:25  46:10
complaint(42) 10:17  10:18  10:20  10:21  11:2  11:3  11:7  11:8  11:11  12:23  15:15  17:6  17:7  17:9  26:23  26:25  27:1  28:12  28:15  28:20  33:2  33:8  36:10  36:13  36:23  38:16  49:12  50:15  50:23  52:16  56:1  56:19  59:3  59:6  63:19  64:5  64:20  64:23  64:23  81:3  84:4  84:5

complaints(1) 57:2
complete(2) 62:18  85:2
completely(1) 79:19
complex(1) 80:19
compliance(2) 26:24  36:10
complicated(1) 81:9
complied(1) 38:24
comply(1) 55:18
comport(1) 23:8
compromise(1) 77:16
conaway(1) 2:10
conceivably(1) 15:23
concept(1) 28:2
concern(2) 40:5  67:20
concerned(2) 32:24  62:11
concerning(2) 12:18  21:11
concerns(2) 46:14  7:1
concede(2) 25:2  25:5
concluded(4) 7:22  7:24  10:10  18:14
conclusions(2) 32:16  24:6  45:16
concurred(1) 21:13
concurrence(1) 19:23
concurring(1) 21:14
conduct(16) 23:4  23:10  29:11  29:25  36:24  42:22  46:16  46:23  59:8  60:1  60:17  65:4  67:4  69:8  74:15  76:17

conducted(1) 7:21
conducting(1) 63:21
conference(7) 7:18  7:22  8:2  10:9  18:15  33:3  71:8
confirm(1) 72:21
confirms(1) 23:21
congress(1) 41:4
connected(2) 42:7  76:14
connection(1) 58:14
connection(4) 14:22  14:22  31:7  35:17
consent(67) 10:19  12:22  19:5  19:14  19:17  19:18  20:3  20:23  21:5  21:15  21:17  21:18  22:9  23:2  23:10  23:13  23:23  23:25  24:3  24:8  24:13  24:17  24:25  25:2  25:23  26:21  27:4  27:14  25:17  27:16  27:18  27:20  28:8  28:19  28:20  29:1  29:6  29:25  39:23  42:24  43:2  43:7  43:7  47:3  47:4  49:3  52:20  53:25  54:16  54:17  55:7  55:8  55:12  55:15  55:20  55:20  55:23  56:2  56:25  61:5  61:19  62:14  68:10  80:2  80:10  87:13

consented(9) 13:10  14:10  18:21  22:20  28:11  36:4  42:23  57:9  61:20
consenting(1) 20:10
consents(3) 15:21  27:24
consider(5) 17:19  29:20  42:22  61:3  61:3
considered(3) 29:24  68:10  87:24
considering(3) 28:19  37:1  70:3
consist(1) 11:3
consistent(1) 36:18
consolidate(1) 9:14
constant(1) 12:21
constitute(8) 15:2  15:18  15:24  16:4  24:17  24:23  25:4  36:17

constitutes(2) 16:9  80:8
constitution(2) 20:9  29:12
constitutional(9) 19:15  21:12  22:11  22:24  37:3  41:9  47:23  58:6  83:18

constitutionality(1) 21:16
constitutionally(1) 19:18
construction(1) 22:12
contemplating(1) 79:21

contemporaneously(1) 11:19
contend(1) 27:17
contention(1) 18:22
contest(1) 62:2
context(6) 40:5  49:7  65:10  68:5  72:1  85:2
continuations(1) 67:6
continued(5) 3:2  4:2  18:16  33:3
continues(1) 68:19
contract(1) 11:6
contradicts(1) 27:11
contrary(2) 23:19  31:1
contrast(2) 12:22  24:18
control(1) 40:22
convention(1) 56:11
converting(1) 15:6
convince(1) 34:25
convoluted(1) 9:21
copyright(4) 11:4  11:5  42:4  50:17
core(37) 12:7  12:13  13:12  13:19  19:16  20:11  20:18  20:20  29:13  29:15  50:16  51:21  61:23  62:3  62:7  62:10  62:11  62:15  63:15  63:15  63:17  63:22  64:12  64:13  65:9  68:2  68:8  68:11  69:22  70:14  71:7  72:5  72:4  74:23  80:23  81:2  83:16

coronation(1) 68:7
corporation(1) 66:16
correct(8) 9:10  23:2  44:18  46:20  50:20  74:22  84:22  88:16

could(35) 9:8  9:11  9:15  9:16  10:2  11:12  22:15  22:15  22:15  51:17  52:24  56:9  58:23  65:19  67:12  69:19  76:7  76:18  76:22  77:12  77:13  77:7  78:3  81:20  82:12  82:16  84:3  85:5

couldn't(3) 45:15  77:13  77:14
counsel(21) 30:5  30:5  34:5  43:4  43:4  43:18  51:10  51:16  52:7  52:25  73:1  74:3  74:17  75:11  78:14  79:14  83:15  84:19  87:10  87:16  88:8

counsel's(2) 39:19  41:18
count(3) 11:7  11:11  31:15
country(3) 19:5  55:6  55:8
counts(6) 10:20  11:2  12:11  12:18  13:8  56:19
couple(5) 5:19  7:3  19:10  39:22  66:12
course(4) 14:5  34:9  50:10  63:21
court(301) 1:1  5:3  5:8  5:12  5:14  5:18  5:20  6:4  6:4  6:8  6:12  6:15  6:18  6:21  6:23  7:5  7:7  7:9  7:13  7:16  7:18  8:4  8:5  8:8  8:11  8:23  9:7  9:9  9:13  9:16  10:5  11:1  11:21  11:23  12:7  12:14  12:17  13:4  13:7  13:14  13:20  13:23  13:25  13:25  14:5  14:6  14:7  14:9  14:11  14:13  14:15  14:17  15:16  15:17  15:22  15:25  16:6  16:7  16:14  16:15  17:7  17:8  17:23  19:2  19:7  19:12  19:22  20:3  20:7  20:8  20:12  21:4  21:11  21:22  22:8  22:10  22:12  22:25  23:3  23:6  23:9  23:12  24:7  25:15  25:21  26:8  26:10  26:22  27:17  29:16  29:21  30:3  30:6  30:9  30:13  31:10  31:22  31:24  31:25  32:4  32:9  32:13  33:14  33:23  33:25  34:3  34:22  34:25  35:2  35:6  35:23  35:24  36:24  36:25  37:6  37:8  37:10  37:13  37:18  37:19  37:21  37:24  38:4  38:7  38:10  38:13  38:16  38:19  38:25  39:2  39:4  39:6  39:8  39:12  39:17  39:25  40:2  40:4  40:6  40:8  40:9  40:11  40:14  40:22  41:11  41:15  41:24  42:8  43:10  43:13  43:18  44:3  44:5  44:11  44:13  44:16  44:17  44:19  44:24  45:2  45:3  45:6  45:9  45:13  45:16  45:22  45:22  46:11  46:12  46:13  46:15  46:16  46:21  46:22  46:25  47:3  47:7  47:8  47:13  47:15  47:21  47:24  48:3  48:7  48:8  48:12  48:18  48:21  49:5  49:22  50:21  51:1  51:15  52:2  52:4  52:20  52:22  53:12  53:13  53:24  54:1  54:3  54:8  54:13  54:25  55:11  55:16  55:22  56:4  56:8  56:9  56:11  56:17  56:20  56:22  57:9  57:12  57:15  57:23  58:8  58:20  58:24  59:1  59:5  59:8  59:9  59:17  59:21  59:25  60:1  60:7  60:10  60:21  61:1  61:9  61:12  61:13  61:15  61:21  61:25  62:5  62:8  62:20  62:23  63:12  63:3  64:3  64:9  65:1  65:10  65:15  65:15  65:17  65:21  65:24  66:1  66:17  66:20  67:12  67:12  67:19  68:6  69:2  69:10  69:17  70:24  70:25  71:8  71:10  72:2  72:13  72:17  72:22  72:22  73:9  74:9  74:14  74:19  74:23  75:1  75:7  75:19  75:22  76:2  76:3  76:6  76:8  76:9  76:12  76:18  76:22

court's(59) 6:20  8:7  11:20  12:24  12:25  15:1  18:9  20:4  20:10  20:16  21:1  21:10  21:16  22:1  22:16  23:18  23:23  24:16  24:22  25:1  25:13  25:22  25:24  26:6  27:7  27:24  28:15  28:21  30:14  32:10  32:14  35:4  35:21  36:5  36:9  36:11  36:15  36:18  53:19  54:16  55:5  56:2  58:11  62:17  62:19  65:6  65:6  66:11  68:2  68:17  76:21  80:3  80:7  80:9  81:3  83:23  84:6  85:1  85:19

courtesy(2) 30:9  30:11
courtroom(6) 1:10  38:6  42:12  42:14  42:15  42:19

| Word | Page:Line |
|------|-----------|

**courts(11)** 8:12 11:12 29:14 29:14 40:20 41:1 41:3 45:11 55:7 78:2 78:12

**covered(1)** 61:17
**covers(1)** 84:25
**created(1)** 23:11
**creditors(1)** 3:21
**creditor's(1)** 2:18
**cross(1)** 65:7
**cross-border(3)** 64:16 66:19 72:7
**current(1)** 11:12
**currently(1)** 74:5

**damages(2)** 42:5 56:8 86:25 87:3 87:4
**daniel(1)** 3:39
**date(7)** 9:14 66:25 66:25 71:10 72:13 73:7 88:21
**dates(1)** 67:1
**david(3)** 2:40 6:16 6:25
**day(7)** 21:21 30:6 50:21 52:7 70:19 88:9 88:11
**days(3)** 32:22 33:11 50:5
**deadline(2)** 32:19 32:21
**deal(3)** 17:7 24:25 59:4
**dean(64)** 2:40 6:16 6:24 6:25 6:25 7:6 7:8 7:10 7:13
7:14 7:17 8:6 9:10 9:21 11:2 12:8 12:13 13:21 14:8
14:12 15:20 16:1 16:7 16:15 17:16 19:1 19:4 19:9
19:13 19:25 20:8 21:4 23:7 31:11 34:1 35:25 37:11
37:14 37:22 37:23 38:22 72:19 72:20 72:23 72:25
74:22 74:25 75:20 75:23 79:4 80:5 80:16 81:12
81:16 81:18 81:21 82:18 85:13 85:14 86:7 87:4 87:6
87:9 87:15

**debate(1)** 28:14
**debtor(38)** 9:16 9:17 9:19 9:19 11:10 12:14 15:12
17:19 31:17 32:7 33:10 40:10 40:13 56:16 58:3
61:22 63:16 73:20 76:1 76:18 76:24 77:1 77:5 77:7
78:6 78:14 79:9 79:11 80:8 80:18 80:24 81:1 82:19
82:20 83:5 83:9 86:9 86:9

**debtors(105)** 1:12 1:24 2:10 5:6 8:8 8:9 8:12 8:13
8:17 8:24 9:5 10:14 10:16 10:19 10:22 10:25 11:4
11:15 12:10 12:11 12:13 12:19 13:2 13:17 13:21
13:23 15:5 16:1 17:2 17:3 17:11 17:12 18:6 28:4
30:20 30:22 32:6 32:19 32:21 33:1 33:11 33:16
34:16 41:21 41:22 43:14 43:15 43:16 45:24 49:11
49:12 49:21 53:5 61:17 62:9 62:11 62:12 63:1 63:4
63:9 63:20 64:15 64:22 64:25 65:3 65:3 65:3 65:12
66:16 67:25 68:2 68:12 69:5 69:14 69:14 69:14
69:15 71:2 71:12 71:14 71:15 72:8 73:1 73:13 75:2
75:5 75:7 75:14 75:25 76:5 76:7 76:7 76:11 76:17
77:6 77:10 77:12 77:14 77:15 77:24 77:25 82:23
85:11 86:12 86:12

**decade(1)** 45:7
**december(1)** 49:17
**decide(2)** 10:11 13:24 41:1 50:18 62:3 62:10 62:19
67:9 77:19 80:21 82:3 82:5

**decided(8)** 20:21 22:5 22:8 33:7 40:23 42:9 55:12
79:19

**decides(2)** 57:12 63:24
**deciding(7)** 18:12 22:24 29:12 35:21 36:25 41:6 64:9
**decision(44)** 5:13 10:12 10:13 10:15 10:23 11:12
15:1 15:22 18:3 18:9 19:16 20:4 20:18 20:24
20:25 21:4 21:11 21:17 21:22 21:25 22:1 22:5 22:11
22:23 23:16 24:2 24:16 25:22 25:22 32:23 33:11
35:2 35:4 36:16 36:19 36:23 40:1 41:3 44:9 73:9
78:19 80:14 85:6

**decisions(1)** 40:21
**deemed(2)** 15:13 27:16
**defendant(12)** 26:4 26:5 26:10 26:16 47:13 53:12
53:19 60:5 60:5 80:19 80:22 83:15

**defendant's(5)** 18:22 24:9 25:9 25:11 27:10
**defendants(11)** 8:13 10:22 10:24 12:2 16:18 24:1
25:18 27:15 27:17 27:19 28:4 28:23 29:5 31:22
34:23 35:14 36:3 39:7 41:23 42:13 43:13 53:1 70:2
70:15 73:17 74:8 75:24 79:9 79:11 86:10

**deficiency(1)** 19:15
**defines(1)** 73:12
**degree(2)** 16:24 34:19
**delaware(8)** 1:2 1:12 2:41 5:1 11:6 44:22 46:10 47:7
**delay(5)** 68:24 69:5 69:16 71:20 73:6
**delightful(1)** 87:19
**demand(3)** 10:6 15:19 59:5
**demanded(1)** 26:19
**demonstrate(1)** 26:17
**demonstrated(1)** 14:19
**denied(1)** 8:1
**depending(1)** 9:20
**deprive(2)** 41:8 77:4
**derek(2)** 1:32 9:5
**described(2)** 80:1 80:1
**describing(1)** 82:13
**description(2)** 80:5 80:16
**designate(1)** 47:8
**designated(2)** 46:23 60:1
**despite(3)** 13:21 25:25 26:14
**detail(2)** 16:22 27:3

**determination(5)** 50:19 55:16 56:3 57:9 61:2
**determinations(1)** 82:11
**determine(2)** 29:15 46:13
**determined(1)** 10:13
**determining(1)** 57:8
**dialogue(1)** 34:9
**diaz(1)** 1:40
**did(42)** 5:12 5:15 10:10 12:4 19:23 22:9 22:10 24:24
25:20 26:23 26:24 26:25 27:1 28:18 33:12 34:8
34:20 39:2 39:21 43:9 46:17 49:8 51:13 52:21 53:10
59:5 59:7 60:22 61:5 63:21 65:23 69:16 70:17 77:11
79:2 79:10 80:18 82:4 83:7 83:16 86:7 86:10

**didn't(41)** 10:1 12:1 12:3 13:13 19:22 24:5 25:20
30:9 43:18 43:19 43:21 45:22 46:6 50:1 50:7 50:18
51:3 51:5 51:9 51:12 52:9 52:10 52:23 52:25 53:1
53:6 53:17 53:21 55:17 55:18 56:2 60:25 69:18
73:15 78:22 80:21 82:4 83:22 84:2 86:8 86:10

**difference(2)** 59:22 82:13
**differences(1)** 9:5
**different(18)** 18:23 26:18 40:24 45:8 55:11 56:7 60:2
60:5 86:22

**differentiating(1)** 66:8
**differently(2)** 20:21 20:21 86:16
**direct(1)** 24:18
**directed(1)** 29:11
**directing(1)** 86:8
**direction(1)** 42:25
**directive(1)** 29:18
**directly(1)** 17:12
**disagree(1)** 68:15
**disagreed(3)** 21:10 21:15 21:16
**disallowance(1)** 15:5
**discharged(1)** 80:18
**discovery(2)** 18:14 33:4
**discuss(3)** 19:10 25:7 53:16
**discussed(6)** 7:19 8:2 21:19 24:19 67:21 70:12
**discusses(1)** 80:14
**discussing(1)** 24:20
**discussion(5)** 18:19 20:1 62:14 72:10 75:21
**dismiss(3)** 24:11 33:6 50:10
**dismissal(1)** 33:7
**dismissed(1)** 10:16
**dispose(1)** 32:1
**disposes(1)** 20:5
**dispositive(1)** 70:17
**dispute(2)** 12:12 12:13 15:11
**disputes(1)** 17:3
**dissent(1)** 21:19
**distinction(1)** 60:8
**distinguish(1)** 54:20
**district(59)** 1:2 9:9 9:15 13:24 13:25 14:6 14:17
15:17 16:15 18:9 34:25 35:2 35:4 43:10 43:13 43:18
44:16 45:2 45:9 45:11 45:22 46:11 46:12 46:15 46:16
47:7 50:21 54:7 57:12 58:24 59:1 60:20 61:1 62:18
62:22 65:10 67:12 67:12 67:19 68:6 71:7 71:10 72:2
74:9 75:1 75:7 76:3 76:8 76:18 77:6 77:8 77:11 77:24
77:24 78:12 78:13 78:18 86:13 87:11

**diversity(1)** 46:8
**docket(2)** 33:21 49:18
**does(16)** 7:16 14:23 15:18 15:23 20:2 21:5 21:5
23:23 28:19 29:25 36:17 39:20 50:7 58:10 58:20
80:3
**doesn't(19)** 16:8 20:9 25:5 25:18 27:14 31:15 44:8
46:4 48:19 48:25 54:15 55:5 55:22 60:6 62:6 70:21
80:2 82:12 86:2

**doing(9)** 9:22 17:13 25:3 26:16 30:18 51:6 75:13
76:23 79:21

**dollar(1)** 52:7
**don't(40)** 6:1 12:1 13:5 15:10 15:20 17:12 20:17
22:2 22:18 25:16 30:23 34:18 37:15 41:7 42:6 42:16
45:25 47:6 49:1 49:2 49:3 49:5 52:22 54:25 56:13
57:25 58:22 59:13 60:15 60:21 62:2 67:18 73:21
73:22 74:19 75:11 79:17 79:18 80:18 86:16

**done(7)** 30:10 32:17 43:10 59:3 77:12 77:13 79:22
**doubt(5)** 43:3 43:6 44:6 46:10 58:23
**dow(1)** 3:25
**down(5)** 20:22 21:12 22:19 63:1 85:11
**drafted(1)** 62:5
**drove(1)** 25:22
**during(4)** 7:18 33:5 34:9 52:7
**each(1)** 57:2
**earlier(9)** 28:20 30:9 30:15 30:17 33:2 44:10 45:2
45:10 51:11

**early(1)** 49:17
**easier(1)** 39:7
**easily(1)** 59:16
**easy(4)** 23:14 40:15 59:2 65:16
**eat(1)** 69:12
**ecro(1)** 1:38
**effect(3)** 32:25 53:6 74:21
**effective(1)** 49:2

**efficiencies(2)** 42:2 82:5
**efficiency(4)** 42:8 42:18 71:5 74:3
**eguchi(1)** 3:34
**either(8)** 14:2 16:12 17:12 51:10 52:23 60:4 82:24
83:2

**electronic(1)** 1:46 88:17
**element(2)** 40:7 40:17
**eliminated(2)** 10:20 10:21
**eloquence(1)** 61:18
**else(2)** 72:18 88:5
**emea(2)** 2:10 71:15
**emphasize(2)** 63:5 63:14
**emphasizing(1)** 23:3
**empowered(1)** 46:16
**ended(3)** 21:21 22:7 44:5 57:12
**ends(1)** 77:3
**enforce(1)** 63:5
**enough(9)** 17:24 44:22 44:24 45:1 51:1 56:24 69:21
78:21 87:12

**enter(10)** 11:21 13:7 25:24 29:21 37:5 37:6 45:16
53:19 84:6 84:7

**entered(4)** 8:16 8:23 18:1 13:22 33:9 49:17 51:14
52:17 53:15 79:8 79:9

**entering(2)** 12:9 13:15
**entertainment(3)** 25:18 26:18 27:4
**entire(4)** 11:17 62:21 73:4 74:10
**entities(2)** 64:24 66:8
**entitled(2)** 42:13 68:13
**entry(3)** 26:21 36:5 56:6
**equate(1)** 29:1
**equitable(4)** 15:8 47:15 77:9 78:2
**equity(2)** 58:11 76:22
**equivalent(1)** 36:11
**eric(1)** 4:9
**ernst(1)** 3:38
**especially(2)** 23:1 78:14
**espoused(1)** 58:5
**esq(23)** 1:25 1:26 1:32 1:33 2:5 2:12 2:19 2:26 2:33
2:39 2:40 3:5 3:6 3:12 3:22 3:26 3:34 3:35 3:39
3:41 4:5 4:9 4:17

**essential(2)** 62:16 65:11
**essentially(4)** 63:7 63:18 63:19 78:9
**estate(2)** 15:5 56:21
**esther(1)** 4:5
**eugenia(1)** 3:12
**evaluating(2)** 31:15 42:22
**eve(2)** 30:5 30:12
**even(44)** 9:23 15:16 18:15 19:17 22:4 23:20 24:6
29:22 29:23 30:1 30:11 30:23 31:8 31:14 36:7 39:24
41:5 41:10 42:12 43:14 45:1 47:4 48:22 50:16 50:25
51:2 51:7 53:18 55:17 56:12 57:4 60:8 60:15 60:19
62:6 67:25 68:13 71:11 77:7 77:14 78:2 83:6 83:8
84:16

**event(2)** 31:18 31:20
**eventually(1)** 53:14
**ever(5)** 9:25 26:13 26:14 27:7 45:21
**everybody(7)** 9:25 31:5 52:3 57:20 86:17
**everybody's(1)** 37:16
**everyone(4)** 5:3 9:11 9:12 31:2
**everything(5)** 37:18 57:17 70:11
**evidence(2)** 37:17 49:19
**evidenced(1)** 36:7
**evident(5)** 50:14 50:22
**exactly(5)** 12:3 12:23 23:21 51:19 75:15
**example(2)** 34:12 41:9
**examples(1)** 35:18
**except(2)** 58:9 70:16
**exception(1)** 6:6
**excuse(1)** 75:17
**exercise(1)** 53:4
**exhibit(3)** 8:20 17:17 37:17
**expense(1)** 11:19
**experience(2)** 65:1 87:20
**expertise(1)** 50:18
**expire(1)** 73:15
**explain(1)** 79:2
**explained(2)** 34:6 78:11
**explains(1)** 85:1
**explanation(1)** 84:21
**express(1)** 55:15
**expressed(5)** 19:19 19:21 21:5 21:6 22:25 23:4 36:12
**expressly(11)** 17:24 24:25 26:21 28:20 32:18 36:9
46:24 47:1 47:2 47:4 69:10

**extended(2)** 14:31 32:21
**extending(1)** 32:18
**extension(3)** 17:8 33:13 49:25
**extent(3)** 11:9 17:20 67:19
**extra(1)** 14:20

**f.2nd(2)** 54:11 59:19
**face(3)** 50:14 50:22 63:19
**faced(1)** 21:9
**facetious(1)** 20:13
**fact(42)** 10:10 13:21 15:15 16:16 17:24 20:19 22:3
25:10 25:21 25:25 26:14 28:17 29:19 31:17 32:1
39:1 42:14 43:20 44:7 44:13 45:16 46:4 49:25 50:3
51:1 51:17 52:13 53:9 55:2 55:18 55:18 55:21 56:15
57:2 57:7 65:7 72:4 74:5 74:8 83:17 83:22 85:17

**factor(2)** 57:16 78:12
**factors(2)** 65:5 65:18
**facts(11)** 16:21 20:23 22:9 26:17 42:2 54:21 55:23
75:3 75:9 82:8 84:10

**factual(4)** 45:7 78:23 82:11 87:2
**factually(1)** 74:12
**fagen(1)** 3:22
**fail(1)** 76:3
**fails(1)** 68:19
**failure(3)** 16:9 61:6 61:8
**fair(2)** 20:5 20:14
**fairly(2)** 20:5 67:18
**false(1)** 41:25
**familiar(2)** 43:5 43:5
**far(5)** 20:14 20:25 34:12 47:6 77:2
**farallon(1)** 3:44
**farr(1)** 3:33
**fault(1)** 86:20
**favor(1)** 14:23 44:12 39:2 56:18
**february(7)** 7:17 10:9 17:9 33:9 50:4 52:14 71:9
**federal(6)** 11:5 46:5 46:7 55:3 55:13 59:24
**feed(1)** 87:10
**feld(2)** 2:18 3:21
**few(1)** 22:13
**fierce(1)** 21:19
**fighting(1)** 85:23
**figuratively(1)** 22:22
**figure(1)** 85:24
**figured(1)** 43:15
**file(19)** 6:5 8:22 14:20 15:22 16:3 16:9 17:7 28:25
31:16 33:8 35:13 36:16 49:12 50:2 51:24 52:25 53:1
53:16 59:8

**filed(38)** 7:6 8:19 9:16 10:18 11:18 11:19 16:11
16:17 18:2 24:7 26:13 26:14 30:4 30:8 30:12 30:15
30:17 32:2 35:8 35:19 36:7 36:8 38:14 46:19 49:10
50:3 50:7 50:11 51:7 51:11 51:24 52:24 53:11 67:3
73:15 75:16 75:17 80:17

**files(1)** 68:22
**filing(7)** 8:25 11:19 14:2 14:3 15:14 15:21 24:11
24:15 27:1 27:16 27:20 32:8 32:16 48:18 51:1 52:15
53:5 58:1 59:24 60:15 61:4 69:8 70:12 73:8 76:23
78:5 87:12

**final(9)** 11:7 11:21 12:9 12:14 12:24 13:7 13:15
20:11 20:16 21:18 23:23 25:1 25:13 25:24 26:6
26:22 27:7 27:24 28:16 28:21 29:16 29:21 30:14
36:5 36:9 36:15 36:18 36:25 37:6 45:16 53:19 55:5
56:3 57:9 61:20 80:9 80:21 80:24 81:3 84:3

**finally(4)** 36:23 52:15 62:19 64:19
**find(9)** 16:16 21:18 22:8 26:20 53:10 53:11 55:23
56:20 71:21

**finding(4)** 11:21 16:25 20:2 37:5
**findings(4)** 24:6 45:16 45:18 87:2
**fine(6)** 7:7 37:24 53:8 60:12 61:10 87:17
**firm(3)** 38:8 38:12 54:6
**first(25)** 5:20 6:13 11:16 13:1 14:3 17:6 17:9 19:4
19:13 20:5 24:1 24:5 25:6 26:22 26:25 29:3 31:18 33:8
36:12 38:9 39:13 43:9 43:19 47:5 49:7 52:16 63:3
76:8 84:17

**fit(1)** 47:17
**flavor(1)** 14:13
**flip(1)** 56:14
**floor(1)** 1:34
**focus(3)** 34:2 32:12 86:7
**focused(1)** 70:5
**focusing(1)** 70:5
**following(2)** 17:6 33:19
**footnote(2)** 35:19 67:11
**for(126)** 1:12 1:24 2:4 2:10 2:18 2:32 3:4 3:20 3:25
3:33 3:38 3:44 4:4 4:8 4:12 4:16 5:6 6:20 6:23 7:1
7:19 8:4 8:10 8:20 10:11 11:4 11:8 11:13 11:15
12:10 13:16 14:9 14:13 17:11 21:12 21:21 23:2 23:24
24:5 25:16 26:2 26:2 26:8 27:5 28:12 29:2 30:10
31:13 31:14 32:21 33:12 33:15 33:21 34:11 35:6
35:12 35:15 35:16 35:17 37:4 37:24 38:4 40:3 41:6
41:9 43:15 45:14 47:19 47:22 48:17 49:25 50:21
51:16 52:22 53:24 55:6 55:11 56:6 58:7 59:5 59:15
60:5 60:9 60:24 61:7 61:9 62:5 63:17 63:22 64:12
64:15 64:18 65:5 65:6 65:6 65:10 66:21 70:16 70:24 71:3
71:20 73:1 73:20 74:3 74:4 74:11 74:17 74:17 75:9
75:11 76:5 77:18 77:23 78:5 78:13 78:14 79:8 81:9
82:15 82:15 83:2 83:22 84:11 84:19 84:21 85:11
85:10 85:24 86:20

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

forced(7) 40:9 41:14 47:13 47:20 58:7 58:17 60:10
forcing(1) 58:19
foregoing(1) 88:16
foreign(1) 4:5
forgot(1) 85:16
form(3) 24:4 28:13 30:16
formal(2) 31:12 33:16
formally(6) 10:11 11:13 32:19 34:8 37:14 37:16
format(1) 28:18
forth(1) 16:22
forum(13) 8:14 9:4 9:11 10:1 10:2 31:1 60:12 74:2
74:2 78:9 78:11 79:1 79:2

forums(1) 86:22
forward(3) 27:5 49:24 66:1
fought(2) 43:16 86:21
found(5) 13:12 13:19 15:17 53:18 54:1
four(4) 49:9 52:14 52:24 53:23
framed(1) 62:4
frankly(15) 16:8 18:7 40:6 41:25 42:11 49:1 50:13
52:11 58:22 59:14 65:15 68:5 71:21 82:24 83:5

freshest(1) 73:2
from(62) 5:21 7:20 8:7 8:8 8:9 8:11 9:2 10:5 11:21
12:9 13:14 14:16 15:6 16:7 17:13 17:20 17:24 17:25
20:10 21:9 23:10 26:16 26:18 30:18 33:11 36:16
38:8 38:11 38:20 39:16 40:13 41:24 44:11 45:7 47:17
51:6 54:11 54:12 54:18 55:8 55:25 66:25 68:11
69:11 71:22 72:19 73:7 74:3 75:4 75:23 76:9 76:23
76:24 77:18 78:14 79:4 79:22 80:6 82:9 86:25 87:6
88:17

front(3) 8:3 84:3 85:22
full(7) 26:23 35:7 36:10 78:23 81:13 84:2 84:21
fully(2) 50:11 62:19
fundamental(2) 18:12 72:5
further(7) 20:12 20:13 56:8 71:20 81:15 85:10 88:6
gallagher(1) 3:33
gatsby(1) 57:18
gave(6) 33:10 33:13 50:2 50:4 50:6 85:16
gearing(1) 86:11
genband(2) 41:22 43:12
general(1) 76:21
generally(1) 64:21
german(2) 47:18 58:14
get(22) 7:12 9:25 13:23 22:13 23:16 27:2 28:1
44:12 45:24 46:19 47:6 49:14 49:14 60:3 62:13 76:2
76:2 76:5 77:11 78:6 81:22

gets(2) 60:6 60:6
getting(2) 40:14 83:21
giant(1) 1:38
give(6) 6:4 14:12 40:2 47:23 51:8 58:18 85:20 86:1
86:3

given(3) 32:1 39:24 84:10
giving(2) 14:20 81:9
glad(1) 85:15
glossed(1) 52:8
goal(1) 70:24
goes(2) 58:4 67:5
going(50) 6:4 6:17 7:24 8:1 12:2 12:3 13:13 20:1
20:19 20:22 22:7 22:13 26:11 27:25 33:1 33:4 40:2
40:6 41:8 46:2 46:3 47:17 47:22 47:25 47:25 48:1
49:14 49:14 50:23 51:9 55:4 55:7 57:10 57:12 58:5
58:8 58:12 58:13 58:17 60:3 61:1 63:24 64:9 67:8
67:8 67:21 70:25 75:12 86:19 87:20

gone(2) 43:10 58:24
good(5) 5:3 5:4 5:5 37:25 38:1 38:25 54:11 55:4
61:10 61:11 61:12 61:15 88:8 88:11

goods(1) 22:17
got(9) 45:4 49:10 49:17 52:5 63:10 77:18 78:1 85:15
86:18

gotten(1) 53:4
gottlieb(2) 1:24 61:14
grab(1) 75:18
graduated(1) 54:12
granfinanceira(2) 47:18 58:15
granted(2) 35:16 35:20
granting(1) 6:5
grapple(1) 22:18
great(1) 61:18
gross(2) 1:19 61:11
grounds(3) 34:18 73:23 78:2
group(2) 63:8 65:2
guess(2) 10:2 38:23
guidance(1) 23:1
gump(2) 2:18 3:21
gurgel(26) 1:26 61:11 61:13 61:14 61:15 61:16 62:1
62:24 63:13 64:4 65:19 65:22 65:25 66:3 66:18 69:3
69:18 72:16 72:18 84:13 84:15 84:16 84:22 84:25
85:9 85:12

gurgle(1) 73:4
guyder(1) 3:39

had(63) 5:10 5:11 7:22 7:25 10:10 10:23 18:15 19:2
22:6 22:8 26:1 26:11 26:12 26:22 30:8 30:14 32:2
32:6 32:7 32:9 32:25 33:3 33:3 34:4 40:6 41:4 41:16
41:23 41:24 43:3 43:6 43:10 46:5 46:5 46:5 46:8
46:8 46:9 46:12 49:16 50:5 51:3 51:10 52:24 53:6
53:19 53:20 55:2 55:12 58:23 58:24 60:16 60:23
66:12 70:12 76:5 79:17 79:21 80:24 81:13 83:7
87:22 87:23

half(3) 26:2 27:5 60:24
halper(8) 12:6 12:6 29:8 29:8 29:15 29:18 36:24 37:3
hamilton(2) 1:24 61:14
hand(1) 27:5
handful(1) 67:22
happen(6) 33:1 42:10 42:11 44:21 55:17 86:19
happened(11) 9:17 9:20 70:7 70:9 70:22 73:8 76:25
77:22 78:7 81:5 81:6

happening(2) 45:11 47:5
happens(1) 46:17
happy(6) 71:21 21:2 21:25 38:20 68:25 82:1
hard(4) 85:23 86:1 86:3 88:1
harder(1) 87:9
harrisburg(1) 1:42
harsh(1) 32:11
has(50) 5:22 12:14 12:21 14:2 18:14 18:17 19:21
21:23 22:2 23:20 23:22 27:20 28:3 29:16 29:21 35:7
36:4 36:25 37:8 38:12 41:4 43:2 47:7 51:17 53:1
55:10 55:12 57:8 60:21 61:7 61:20 62:2 62:3 64:14
65:1 66:4 66:20 67:3 68:12 70:7 70:9 71:1 72:11
72:21 80:25 81:14 82:8 82:13 84:23 85:10

hasn't(1) 55:7
hauer(1) 3:21
hauled(2) 60:6 60:6
have(150) 5:20 6:1 6:11 6:13 9:8 9:11 9:15 9:16
9:21 9:23 9:24 9:25 10:2 10:3 13:5 15:10 15:13
15:23 18:6 18:7 18:7 18:24 21:21 21:23 21:24 22:16
22:18 23:10 26:19 30:8 30:10 30:10 30:15 30:16
30:17 30:19 30:21 30:24 31:1 31:13 32:10 32:17
34:15 34:19 38:25 39:20 40:22 41:7 41:10 41:15
42:2 42:10 42:10 42:16 43:4 43:10 43:11 43:13
43:20 43:21 44:1 44:1 44:8 44:9 45:12 45:15 45:20
46:1 46:14 46:13 46:15 47:6 47:15 47:25 49:4 49:23
50:18 51:7 51:11 52:12 52:24 53:2 53:3 53:3 53:6
53:8 53:9 53:16 53:23 55:6 57:13 57:24 58:1 58:18
58:23 58:24 59:1 59:17 60:5 60:6 60:8 60:22 61:7
61:15 62:5 62:10 62:25 63:3 63:9 64:10 65:4 65:10
65:16 65:23 66:18 69:2 69:12 71:9 72:2 72:12 72:13
73:23 74:14 75:1 75:6 76:1 76:7 76:18 76:24 76:25
77:5 77:9 77:12 77:13 77:24 78:1 78:10 78:23 79:12
79:23 80:21 81:15 82:1 82:16 83:5 84:2 86:19 86:21
87:23 88:11

haven't(6) 18:14 25:11 36:3 67:14 67:16 79:17
having(6) 14:12 18:23 35:3 42:8 47:9 69:12
hazeltine(2) 3:11 38:2
hhk(2) 4:8 4:8
he's(1) 6:13
hear(9) 13:1 38:20 40:4 44:5 44:5 60:20 72:19 78:16
78:16

heard(3) 34:14 41:11 69:23
hearing(38) 7:24 17:6 18:20 19:4 22:7 22:14 22:15
22:19 24:11 24:13 28:24 29:1 29:4 29:6 29:20 29:23
29:24 29:25 30:6 30:10 30:12 31:23 32:2 32:5 33:15
33:20 33:20 34:4 34:20 34:25 35:9 35:11 35:23 37:2
44:11 52:8 78:22 88:12

heart(5) 18:19 20:1 58:11 62:13 68:1
heavily(1) 31:22
heavy(1) 34:24
hedging(1) 46:2
heightened(1) 23:13
heightens(1) 67:20
held(5) 7:18 20:8 43:7 53:8 60:14 61:7 61:7 83:13
85:10

help(1) 25:19
helpful(4) 68:6 72:1 72:18 87:17
her(5) 56:13 56:23 74:17 80:16 80:22
here(98) 5:6 5:22 8:3 9:17 14:3 15:10 15:14 16:18
16:22 20:13 20:17 22:1 23:7 23:16 24:2 24:16 25:3
26:19 28:5 28:14 28:18 28:25 31:12 32:3 33:11
35:22 36:22 38:24 38:25 39:16 39:19 41:13 42:24
43:9 43:15 44:21 45:5 45:15 46:18 47:5 47:9 47:22
48:3 48:5 54:4 54:23 55:2 55:23 56:22 57:7 57:24
58:17 58:22 59:14 59:23 59:24 60:8 60:9 60:21
61:4 61:15 61:24 63:1 63:18 66:5 67:20 67:21 69:13
70:13 70:16 71:22 71:24 72:20 75:2 75:7
75:10 75:12 75:16 75:17 76:25 77:15 77:22 77:23
78:7 81:6 81:25 82:5 82:16 83:8 83:12 84:1 84:8
84:10 86:1 87:1 87:21

here's(1) 76:9
hiding(1) 14:15
highlighted(1) 72:9
him(2) 51:10 76:13
hindsight(2) 32:17 51:11
hinted(1) 7:25

his(9) 10:12 19:23 21:10 32:22 34:4 63:5 73:2 76:24
80:22

hoc(1) 38:12
hold(2) 60:12 80:7
holding(3) 24:17 80:1 80:6
holds(1) 25:11
holland(3) 3:4 38:8 38:11
honor(118) 5:5 5:6 5:9 5:17 6:1 6:7 6:9 6:25 7:10
8:15 11:13 11:22 14:8 14:15 14:20 16:18 17:11 18:1
18:15 22:4 24:18 25:8 25:19 26:17 27:5 27:23 28:8
28:13 28:25 29:10 29:19 29:25 31:9 31:21 34:6 34:8
34:10 35:11 36:1 36:2 37:4 37:11 37:20 37:23 38:1
38:5 38:18 38:23 41:14 43:11 44:18 47:10 49:16
50:18 52:5 52:11 53:7 53:23 55:1 55:24 56:14 57:1
57:8 59:15 59:24 60:17 61:3 61:16 62:1 62:6 62:8
62:8 62:24 63:6 64:6 64:9 64:11 65:1 65:19 65:23
67:7 67:8 67:16 68:14 68:18 68:25 69:7 69:23 71:8
71:11 72:11 72:16 72:20 72:25 73:14 73:24 75:14
75:16 75:18 77:8 78:21 78:22 81:7 81:8 81:13 82:2
83:5 84:11 84:13 84:17 84:22 84:23 85:10 85:14
87:10 87:13 88:4 88:10

honor's(10) 34:24 35:3 54:24 63:6 63:20 63:23 63:24
64:7 64:17 68:5

honorable(1) 1:19
honored(1) 5:20
hope(1) 78:4
hopefully(2) 71:17 71:23
horwitz(1) 54:10
hour(2) 41:18 60:24
how(7) 12:3 20:14 49:9 50:5 65:2 65:11 74:24 87:10
88:1

however(1) 23:3
hubbard(2) 4:4 4:4
huberty(1) 4:5
hughes(2) 4:4 4:4
hung(1) 52:21
hurdle(1) 23:14
i'd(3) 40:4 68:8 70:4
i'll(23) 5:17 12:10 19:10 19:10 23:16 27:2 37:8 38:20
38:24 45:8 48:14 59:17 63:3 66:5 67:11 68:24 72:9
72:25 73:1 84:16 85:11 85:11 87:9

i'm(27) 5:24 6:4 6:5 9:23 10:3 20:12 20:19 21:2
21:2 21:15 40:2 43:5 44:22 46:3 47:17 55:24 57:10
58:19 65:23 68:25 75:12 79:5 80:22 85:15 86:12
87:5 87:20

i've(2) 44:14 65:6
idea(3) 62:2 68:12 68:13
ideas(1) 39:24
impact(2) 64:16 72:5
impacts(1) 74:24
impediments(4) 46:14
implicate(2) 63:25 66:19
implicates(1) 65:7
implicitly(4) 13:10 14:10 22:9 22:20
implied(22) 11:2 11:8 11:20 20:23 20:23 21:18 22:25
23:2 23:4 23:13 23:25 24:13 24:17 24:17 25:2 25:23
26:20 29:1 29:6 36:17 42:24 55:23 80:10

impliedly(8) 13:10 18:20 25:2 25:12 28:11 36:4
42:23 57:9

implies(2) 24:3 24:7
imply(5) 28:19 29:25 54:16 80:2 87:13
import(1) 64:10
important(21) 22:22 23:1 23:7 27:13 29:3 40:18
41:13 46:1 56:24 57:15 62:15 62:16 63:5 63:17
65:10 68:4 69:23 72:1 73:4 76:20 77:2

improper(1) 29:19
improvidence(1) 43:20
improvident(3) 18:6 30:21 53:2
inaccurate(1) 28:9
inappropriate(2) 21:18 21:21
inc(1) 1:8 3:4 3:29 38:3
inconceivable(1) 25:2
incorrect(1) 81:6
indefinitely(2) 18:16 18:16
indicated(2) 27:23 83:22
indicated(3) 61:5 61:6 80:23
indicating(1) 62:9
indicator(1) 56:25
indicia(1) 20:24
indisputably(1) 18:13
individual(3) 54:6 64:22
infancy(1) 18:14
infer(3) 23:10 75:15 85:20
inferred(1) 51:19
inferring(1) 55:8
influence(1) 78:18
information(2) 6:20 72:2
informs(1) 72:9

infringement(3) 11:4 42:4 50:17
ingersoll(1) 2:4
initial(1) 26:23
initially(2) 10:1 53:11
inside(1) 71:10
instead(1) 51:13
instincts(1) 54:24
institute(1) 25:20
intellectual(1) 75:4
intent(7) 24:12 27:2 30:3 30:9 30:11 51:8 51:24
intention(2) 10:5 36:14
intentionally(2) 48:6 49:4
intentions(1) 36:6
interest(1) 86:2
interested(3) 3:25 3:33 3:44
international(1) 59:20
interpreting(2) 64:7 64:8
into(16) 7:2 8:14 16:2 18:2 23:17 27:2 29:6 33:9
37:17 51:15 52:17 60:7 63:2 79:8 79:9 82:10

introduction(1) 6:10
invoke(7) 6:4 15:1 15:4 15:11 24:16 63:16 83:12
invoked(3) 48:7 48:13 49:5 52:19 59:25
invoking(7) 24:21 51:2 54:16 54:24 58:1 80:2 80:7
involve(1) 58:10
involved(8) 3:13 44:14 50:19 64:18 65:4 77:7 78:9
81:12

involving(1) 58:3
ironically(1) 21:11
irrelevant(2) 28:7 55:19
irritated(1) 30:7
isn't(4) 19:1 25:9 67:15 86:9
isolation(1) 68:11
issuance(1) 11:12
issue(39) 13:5 14:7 14:9 18:19 20:22 21:15 21:16
21:17 22:12 22:20 24:4 24:20 35:6 35:11 36:15
41:12 42:1 42:20 43:4 45:17 50:21 53:21 57:5 57:6
61:3 61:24 62:20 69:25 70:2 70:23 74:24 78:13
78:15 78:25 79:1 80:21 82:21 84:10 84:23

issued(2) 10:11 22:13
issues(19) 7:19 8:2 13:24 14:1 22:18 22:24 22:25
39:5 46:15 53:16 61:18 62:15 64:4 64:4 68:9 78:17
84:2 84:8

it's(43) 7:11 11:8 11:10 15:10 16:10 16:10 20:5 21:2
28:18 35:15 38:25 41:5 45:5 45:7 46:3 48:16 51:12
51:22 51:23 54:4 54:5 58:16 59:2 59:10 60:2 60:5
60:9 62:16 62:21 63:5 63:19 65:1 65:9 68:4 68:17
68:20 70:8 70:21 71:9 72:6 82:21 83:3 88:1

italy(2) 1:13
item(1) 5:7
iterations(1) 84:4
itself(4) 15:15 17:10 24:4 32:16
jaime(1) 2:12
jeff(1) 6:19
jeffrey(1) 4:17
job(1) 87:19
johnson(1) 2:19
jointly(1) 5:1
jones(1) 3:25
judge(11) 1:19 1:20 23:12 42:25 61:11 74:5 77:8
78:18 85:22 88:1 88:2

judge's(1) 19:16
judges(1) 21:25
judgment(10) 11:10 13:7 13:15 26:3 26:8 27:6 36:5
44:9 56:18 84:7

judgments(5) 11:22 12:9 29:21 37:7 56:6
july(1) 54:7
juncture(1) 18:6
june(1) 22:6
jurisdiction(28) 13:1 15:2 21:1 24:16 24:22 40:8
42:16 42:17 46:6 46:7 46:7 46:8 46:8 46:9 48:7 48:7
48:13 49:5 51:3 52:20 53:17 53:17 54:17 54:25
58:11 59:25 80:3 80:8 83:12

jurisdictions(1) 80:7
jury(52) 10:6 13:14 14:2 14:16 14:24 15:3 15:4
15:13 15:15 15:19 15:23 15:24 16:4 16:9 24:20
24:23 25:4 41:9 44:1 44:8 45:20 46:15 46:16 46:23
47:9 47:24 48:19 50:15 51:5 57:11 57:13 58:6 58:25
59:2 59:6 59:8 60:1 60:3 60:17 60:18 74:15 75:6
76:1 76:19 77:9 77:9 77:11 78:1 78:3 78:6 78:25
80:8

| Word | Page:Line |
|---|---|

just(4) 5:9 5:19 5:24 6:9 6:20 8:11 8:20 14:12 16:10 18:5 19:9 25:5 26:1 27:14 28:8 31:24 32:12 33:19 33:21 34:8 36:1 36:2 37:11 38:14 48:24 49:15 50:2 51:2 51:25 56:10 58:1 59:11 59:12 60:15 60:24 63:18 64:24 66:6 66:14 66:23 66:24 67:20 70:5 70:22 71:13 71:14 71:25 72:20 72:25 75:17 77:6 77:25 79:2 79:6 81:24 83:7 84:13 84:18 85:4 85:15 87:1 88:1

justice(17) 7:25 10:10 10:13 10:23 18:3 19:23 21:9 21:13 21:20 32:22 40:18 42:25 56:12 56:23 66:21 66:22 77:3

keep(4) 53:10 60:8 70:13 70:25
keeping(1) 69:20
keller(1) 3:41
kent(1) 3:30
kept(1) 70:16
kevin(1) 1:19
key(1) 57:18
kick(1) 78:2
kicked(1) 16:12
kicks(1) 77:8
kind(5) 21:22 55:12 57:22 58:20 83:23
king(3) 2:14 2:28 2:32
knew(6) 7:23 22:6 36:1 45:23 50:23 52:18
knocked(3) 34:8 38:11
knock(1) 19:10
know(49) 6:10 12:1 12:3 13:13 19:11 22:19 30:23 35:1 35:21 42:16 42:18 44:9 45:25 46:3 46:10 47:14 47:17 50:7 50:7 50:17 51:5 51:11 51:17 56:11 57:14 52:19 52:22 53:10 53:23 54:21 55:4 55:4 55:15 56:7 56:13 57:11 57:18 59:4 64:20 69:13 70:20 70:21 71:3 74:12 74:13 74:19 79:18 85:19 88:1

knowing(4) 23:5 43:1 48:10 84:1
knowingly(4) 23:17 48:8 48:9 49:4
knowledge(1) 65:2
known(2) 32:9 36:6
knows(5) 11:23 27:23 62:1 71:11 86:17
lack(2) 16:24 17:23
lacks(2) 13:7 37:6
language(2) 27:11 36:20
largely(1) 71:7
larger(3) 71:12 71:14 72:6
last(12) 7:11 10:10 18:24 35:10 57:10 60:24 71:16 76:20 81:22 83:14 85:12 87:9

late(2) 52:7 52:23
later(7) 9:14 11:17 32:3 50:3 52:14 73:16 83:17
laughter(13) 6:3 7:16 15:3 19:8 19:24 39:3 39:11 39:15 44:25 54:14 57:20 66:2 81:23

law(16) 11:6 11:6 12:16 25:10 27:10 44:7 45:16 47:11 47:12 48:23 54:5 54:12 56:12 80:11 80:11 87:11

laws(1) 40:21
lawsuit(14) 8:4 8:22 12:12 12:19 15:14 25:3 27:21 31:2 32:1 35:13 75:16 75:17 80:17 87:12

lawyer(3) 5:21 6:14 21:2
lax(1) 11:21
lead(2) 6:14 36:21
leash(1) 81:9
least(2) 40:14 51:8
leave(4) 22:21 33:7 76:9 76:12
leaving(1) 45:12
led(1) 16:21
legal(5) 15:7 17:21 22:16 23:2 36:16
legally(1) 68:12
length(1) 31:16
lengthy(1) 62:14
lens(6) 16:19 70:1 70:3 70:7 70:9 71:13
let's(4) 24:13 39:13 49:9 77:6
letter(26) 8:16 8:18 8:18 8:21 10:8 17:16 18:1 23:21 30:19 32:5 32:16 33:24 34:7 34:16 36:7 37:17 49:16 49:19 52:9 52:12 68:14 68:16 69:10 69:24 73:3 77:15

lever(1) 69:22
liability(1) 87:1
liable(1) 66:10
license(2) 66:15 74:6
life(1) 85:24
lift(4) 40:14 73:9
light(1) 28:1
lightly(1) 23:10
like(21) 7:13 7:14 28:17 28:24 31:12 34:5 37:14 37:16 40:4 42:10 43:22 48:16 56:6 56:22 59:11 59:14 60:9 61:23 69:1 75:11 81:25

likelihood(1) 43:22
likely(1) 71:9
limitation(6) 6:6 7:2 56:9 57:3 83:23 84:5
limitations(3) 9:2 49:13 77:17
limited(1) 20:18
line(1) 63:8
linn(1) 3:45
lisa(1) 1:25

literally(1) 70:19
litigant(4) 41:14 41:16 47:12 77:4
litigant's(2) 23:4 23:10
litigants(1) 40:9
litigate(6) 26:11 58:8 58:17 58:19 60:12 85:6
litigated(7) 26:1 26:2 50:11 51:16 51:17 53:14 70:17
litigating(4) 26:12 58:25 69:8 85:22
litigation(6) 9:12 12:22 58:10 71:4 74:6 74:24
little(13) 14:3 20:12 20:13 28:1 30:7 30:15 32:13 45:8 48:16 50:2 61:23 68:17 74:25

live(1) 78:10
living(1) 56:20
llp(4) 1:31 3:33 3:38 4:4
local(3) 11:20 28:3 36:11
location(2) 57:18 57:19
logic(4) 20:15 24:19 25:5 25:6
long(5) 31:14 33:3 55:7 68:17 69:21
longer(3) 67:1 71:2 71:11
look(5) 25:6 25:6 62:4 76:4 78:12
looking(6) 53:9 53:10 70:2 70:8 71:17 88:2
lose(1) 60:16
lost(3) 62:13 75:8 86:20
lot(12) 29:2 39:5 39:7 39:21 47:11 50:8 53:24 70:9 75:13 78:8 78:16 81:12

luck(1) 53:13
luton(1) 2:12
lyondell(1) 23:8
mace(1) 1:38
made(18) 5:11 12:1 19:13 22:2 24:21 27:8 39:4 50:25 56:15 60:13 64:2 64:20 76:23 78:21 82:12 82:13 83:8 87:6

magistrate(1) 55:16
mail(1) 33:22
majority(2) 21:8 21:12
majority's(1) 21:14
make(25) 5:9 6:10 14:14 21:22 22:10 24:9 25:5 25:15 28:23 33:5 34:5 35:2 47:23 53:6 58:17 60:23 61:2 65:16 69:18 73:13 74:7 74:25 81:13 86:11 87:9

makes(7) 18:11 21:2 31:3 39:7 60:7 75:9 87:19
making(3) 56:2 74:10 86:9
management(4) 3:44 4:8 4:8 65:12
managers(1) 76:11
many(3) 33:3 64:1 87:10
march(6) 10:12 11:13 11:17 18:3 33:17 73:15
market(4) 1:11 1:34 2:6 3:13
marshal(2) 21:11 26:7
mary(1) 2:5
matter(5) 5:7 7:12 12:25 16:8 16:13 19:16 22:10 35:17 38:18 43:15 43:21 44:14 46:4 46:5 52:13 70:21 87:10 87:20 88:18

matters(1) 27:25
matthew(3) 1:26 3:22 61:14
may(21) 11:4 5:1 19:4 20:21 22:1 22:7 28:17 30:3 32:12 35:2 35:3 45:4 42:2 52:12 61:13 65:3 65:3 76:12 77:3 83:16 88:2

maybe(1) 42:8
mean(12) 8:17 12:8 22:21 44:8 48:25 55:22 73:19 73:25 79:10 79:18 82:12 84:9

meaning(2) 9:4 76:22
means(8) 13:6 14:24 41:3 49:6 54:25 57:7 73:25 84:8
meant(3) 56:12 79:6 84:8
mediate(3) 9:5 17:3 77:19
mediated(1) 49:14
mediating(2) 30:22 31:9
mediation(7) 31:13 68:18 68:20 69:4 69:6 69:18
memorialized(1) 49:15
mention(4) 31:17 35:25 85:16 86:23
mentioned(15) 21:13 24:20 28:10 33:2 34:10 34:23 35:12 56:13 65:6 66:12 66:24 70:13 71:8 73:14 80:5

mere(3) 15:21 44:7 51:1
merely(5) 25:14 32:20 59:23 63:14 72:4
methods(1) 9:13
michael(1) 3:45
michigan(1) 54:7
might(7) 32:10 39:23 39:23 42:17 55:22 56:8 56:10
mill(3) 63:15 65:9 72:4
mind(5) 26:19 42:21 60:8 73:2 85:25
mine(1) 40:3
minimum(1) 57:2
minutes(1) 41:19
misappropriation(2) 11:5 42:4
missing(1) 75:20
moment(2) 23:17 27:3
monitor(2) 2:4 3:38
months(3) 7:11 52:14 52:24
mooted(1) 13:17
morawetz(1) 66:22
more(11) 5:25 27:12 45:13 46:1 55:24 59:14 63:8 84:16 85:6 86:8 86:11

morning(8) 5:4 5:4 5:5 37:25 38:1 52:6 61:11 61:12

morris(1) 1:31
most(4) 29:3 54:17 62:7 74:13
motion(94) 6:5 7:2 7:19 8:1 8:10 8:15 8:20 10:11 10:12 11:13 11:18 11:20 11:23 11:25 12:4 12:20 13:2 13:11 13:16 13:25 14:4 14:13 14:21 14:22 15:17 16:3 16:9 16:11 16:16 16:23 17:17 18:12 22:3 24:11 26:13 26:13 29:8 30:17 30:23 31:7 31:16 31:20 31:21 31:23 31:25 32:8 32:11 33:6 34:14 34:17 34:21 35:1 35:8 35:18 35:21 37:18 38:14 43:22 43:24 43:25 43:25 50:10 50:12 50:13 50:24 51:25 52:25 53:7 57:11 60:23 62:4 62:18 67:16 67:18 68:22 69:3 70:2 70:17 70:18 70:19 71:20 72:14 72:21 73:10 73:10 73:15 73:21 75:9 77:18 78:16 78:17 86:20 87:25

motion's(1) 16:24
motions(4) 16:3 18:17 35:16 35:19
motivation(4) 71:5 71:12 77:23 85:20
motivations(1) 78:5
movant(1) 5:17
movants(2) 81:25 82:23
move(10) 10:6 11:16 24:12 31:4 35:13 35:15 37:14 37:16 75:15 86:14

moved(2) 27:5 31:3
moving(3) 17:24 18:5 74:15
much(4) 39:22 39:24 74:17 81:8
must(6) 10:14 15:4 19:19 23:4 42:12 50:25
name(2) 29:5 61:13
narrow(9) 14:9 16:19 22:19 70:1 70:3 70:7 70:9 70:22 71:13

nashville(1) 2:35
national(1) 58:15
nature(11) 12:7 13:6 15:7 15:8 50:16 64:17 65:8 66:19 72:3 72:7 86:24

nearly(1) 49:8
necessarily(1) 15:21
necessary(3) 41:6 54:18 77:3
need(8) 26:20 27:18 46:6 47:15 62:6 74:1 77:16 85:9
needed(5) 20:13 45:23 52:19 52:21 53:4
needs(4) 40:22 72:9 85:3 86:18
nefarious(1) 77:23
negotiated(3) 50:9 51:13 70:14
negotiation(1) 50:8
networks(3) 1:8 3:34 66:15
never(7) 25:23 47:7 53:13 57:3 57:6 79:11 84:4
new(4) 2:22 3:8 22:17 34:2
newbould(5) 7:25 10:10 10:13 32:22 66:21
newbould's(2) 10:23 18:3
next(2) 18:24 22:13
nice(1) 42:15
nicholas(1) 3:35
nichols(1) 1:31
nine(1) 35:18
ninth(1) 54:18
nnc(1) 66:15
non(8) 12:16 18:5 45:20 50:15 70:13 79:8 79:10
non-article(1) 23:11
non-core(16) 12:5 13:3 13:18 13:22 20:16 20:21 27:25 29:13 51:21 53:13 53:20 61:21 62:15 68:10 69:9 69:20

non-debtor(10) 8:12 26:5 26:9 26:15 41:22 51:14 53:1 67:22 70:15 85:21

non-debtors(9) 30:24 30:25 44:2 49:24 69:9 69:15 69:20 71:23 75:5

non-defendants(1) 51:22
non-dischargeability(1) 80:19
none(1) 43:23
nordberg(1) 58:15
normally(1) 44:21
norman(1) 2:39
nortel(21) 1:8 3:34 41:24 43:17 45:17 55:25 63:8 64:21 64:23 65:2 66:7 66:8 66:15 67:1 68:19 68:24 73:5 82:9 82:9 87:3 87:3

nortel's(3) 66:10 86:25 87:3
north(4) 1:34 2:14 2:28 3:13
not(129) 7:22 8:18 9:23 10:3 11:10 12:12 12:24 14:6 14:15 14:23 15:2 15:11 15:13 15:18 16:20 18:17 19:14 20:2 20:19 21:5 21:5 22:8 22:9 22:10 23:23 24:22 24:24 26:14 27:25 28:8 28:11 28:17 28:18 28:19 29:5 29:25 30:5 30:16 30:17 31:17 31:18 32:4 32:7 32:10 33:4 34:11 34:17 34:22 35:15 35:21 36:17 39:2 39:6 43:4 43:6 43:16 45:5 45:10 46:3 46:3 46:17 47:5 47:18 47:25 49:1 49:15 50:20 52:12 53:16 53:22 54:5 56:20 57:13 58:5 58:13 59:3 60:1 60:3 60:9 62:13 63:18 64:21 65:4 65:9 68:20 68:24 69:5 69:6 69:15 69:16 70:5 70:17 70:21 71:9 71:13 71:14 72:4 72:16 72:17 72:21 73:4 73:13 73:19 75:12 77:3 77:25 78:3 78:7 78:24 79:5 79:12 80:10 80:11 80:17 80:18 80:22 82:15 82:14 83:3 84:19 86:17 86:20 87:1 87:12

note(5) 21:8 35:10 64:19 67:11 86:23
noted(5) 21:20 26:9 28:15 28:20 34:11

notes(1) 19:21
nothing(16) 18:8 19:2 23:15 26:15 33:1 42:11 43:7 44:11 48:18 49:20 51:6 52:1 50:7 77:1 81:1 81:15
notice(13) 24:12 27:1 30:3 30:8 30:11 36:14 50:4 50:6 51:7 51:9 51:24 52:1 57:5
notices(1) 30:13
notifies(1) 30:13
notion(3) 31:8 43:25 45:12
notwithstanding(3) 8:22 9:6 10:4
november(3) 3:2 33:20 49:10
now(55) 10:4 10:9 11:12 11:25 13:2 13:16 20:24 22:17 22:19 23:7 23:15 23:25 24:24 25:8 27:9 27:22 28:4 28:10 28:22 30:2 30:21 31:20 32:4 32:24 33:6 33:14 33:19 34:9 35:7 35:10 35:21 36:14 42:23 49:9 49:19 51:10 53:24 55:12 56:10 59:1 62:21 64:5 64:18 66:21 69:21 71:5 71:11 74:17 75:11 78:8 78:11 80:13 81:19 86:5 86:23

number(5) 16:2 33:21 55:8 74:4 79:24
object(2) 32:8 34:17
objected(4) 12:24 26:21 36:9 81:3
objection(2) 37:15 37:19
objections(6) 28:15 36:12 64:2 64:6 64:11 65:7
observe(1) 5:22
observed(1) 35:23
obtained(1) 17:8
obviously(6) 18:24 27:19 30:18 61:17 64:24 79:11
occurred(1) 33:4
october(3) 24:10 32:3 54:24
off(2) 19:10 19:11
official(2) 2:18 3:20
okay(34) 5:16 15:25 15:25 16:1 16:14 19:7 39:10 42:24 45:6 46:11 49:2 49:9 52:25 54:3 54:13 55:3 55:8 55:23 57:10 59:10 59:13 59:14 59:23 60:13 60:14 65:25 72:17 72:22 77:19 79:23 82:13 83:1 83:24 83:25

old(6) 44:22 45:1 47:18 48:16 59:11 59:11
older(1) 44:24
once(2) 57:3 57:6
one(44) 22:20 5:4 8:1 8:2 18:13 19:25 20:17 22:22 25:2 25:11 25:17 27:5 29:3 29:4 30:2 31:2 33:10 35:10 37:11 41:21 42:3 42:9 42:12 42:13 42:15 42:19 46:1 47:15 55:9 55:24 56:10 57:12 57:22 60:12 66:13 67:22 70:24 70:25 75:17 75:20 79:25 86:18 86:23 87:24

one-by-one(1) 70:15
ones(3) 15:7 15:8 73:1
only(17) 9:3 9:11 12:24 13:18 20:20 22:21 27:18 41:20 44:1 44:4 45:14 45:20 70:3 74:2 83:11 85:24 87:18

operated(1) 65:2
operating(1) 76:24
operations(1) 76:17
opine(1) 62:7
opinion(4) 56:13 56:23 84:18 84:20
opinions(2) 78:15 78:25
opportunity(4) 26:23 38:24 84:11 85:17
oppose(1) 12:19
opposed(2) 15:6 16:20
opposing(1) 13:2
opposite(1) 23:22
opposition(3) 12:22 31:20 86:13
options(1) 43:23
or(42) 6:19 7:19 9:3 9:24 10:5 12:21 14:18 15:11 15:13 16:22 18:10 18:21 19:11 21:19 23:9 28:15 28:20 29:8 31:6 35:17 36:6 37:17 58:7 67:20 69:11 70:7 73:15 75:15 77:9 77:20 77:23 78:3 78:5 78:6 78:10 79:31 84:4 84:20 86:20 86:20 86:24 87:4

out(19) 12:10 16:4 16:12 22:6 22:22 43:15 45:19 45:21 45:24 46:9 48:23 51:20 52:21 53:4 56:23 59:13 76:2 82:21 85:24

outcome(1) 22:3
outline(1) 19:9
outnumber(1) 35:14
outset(3) 10:5 53:18 54:23
outside(3) 17:20 40:13

| Word | Page:Line |
|---|---|
| over(14) 28:13 29:17 30:8 30:15 39:22 40:22 42:16 50:9 52:8 55:6 55:7 74:5 74:6 80:25 | |
| overall(1) 65:12 | |
| overarching(1) 47:22 | |
| overcome(2) 19:15 23:14 | |
| overlap(2) 42:7 87:1 | |
| overlapping(2) 42:1 82:7 | |
| overly(1) 3:38 | |
| override(1) 58:12 | |
| oversaw(1) 64:9 | |
| oversee(1) 17:15 | |
| overseeing(2) 64:18 66:20 | |
| oversight(3) 65:12 68:2 72:6 | |
| oversimplified(1) 68:16 | |
| overtones(1) 78:8 | |
| own(1) 13:22 58:7 | |
| p.c(1) 2:38 | |
| pack(4) 6:6 7:2 56:14 80:14 | |
| pages(2) 14:20 39:13 | |
| paid(1) 63:8 | |
| papers(2) 15:1 79:16 | |
| paren(1) 73:10 | |
| parent(1) 66:16 | |
| parenthetical(3) 68:25 73:3 73:6 | |
| park(1) 2:20 | |
| parlin(68) 3:5 38:6 38:12 38:17 38:20 38:21 38:23 39:1 39:5 39:7 39:9 39:13 39:16 39:18 40:5 40:12 44:4 44:15 44:18 44:20 45:11 45:14 45:17 46:22 47:1 47:4 48:5 48:10 48:13 48:22 49:23 52:3 52:5 54:2 54:4 54:9 54:15 56:5 56:18 57:17 57:21 57:24 59:7 59:10 59:19 59:22 61:9 61:17 67:21 70:12 72:15 79:5 80:14 81:20 81:24 82:7 82:20 82:23 83:1 83:11 83:21 84:1 84:12 84:17 85:5 85:15 88:4 | |
| parlin's(1) 79:24 | |
| part(8) 9:24 24:3 29:22 40:19 76:10 77:2 77:23 | |
| partial(4) 73:22 82:1 82:15 83:2 | |
| partially(2) 74:9 86:15 | |
| particularly(1) 10:22 | |
| parties(15) 8:16 8:17 9:4 27:14 27:15 27:19 28:7 30:11 31:8 32:24 40:8 41:6 41:21 41:23 46:24 47:3 47:4 50:6 51:9 51:14 51:14 52:16 53:15 53:17 55:14 55:14 55:18 65:17 73:17 74:21 75:12 77:18 80:16 | |
| partner(1) 6:16 | |
| party(3) 3:25 33:3 33:4 34:8 81:8 20:10 26:5 26:5 26:10 26:16 40:12 83:2 | |
| party's(1) 19:14 | |
| passage(1) 70:6 | |
| passed(2) 16:20 70:4 | |
| passing(1) 65:16 | |
| past(1) 39:22 | |
| patently(1) 28:8 | |
| path(2) 78:10 78:11 | |
| paul(1) 17:4 | |
| peep(1) 17:4 | |
| peg(1) 3:26 | |
| pendant(1) 46:8 | |
| pending(4) 8:15 11:23 18:17 77:18 | |
| pennsylvania(2) 1:27 1:42 | |
| pension(1) 3:35 | |
| people(6) 42:15 42:19 48:17 48:17 48:20 87:18 | |
| per(1) 17:13 | |
| perhaps(4) 9:19 62:7 67:24 71:10 | |
| period(15) 31:14 31:15 33:5 44:21 45:9 48:17 49:25 66:7 66:24 67:3 67:5 73:7 73:12 73:14 77:17 | |
| permissible(1) 19:18 | |
| permission(1) 8:11 | |
| permitted(4) 8:21 10:7 41:16 46:22 | |
| permitting(1) 11:15 | |
| pernick(10) 2:39 52:4 6:1 6:7 6:9 6:13 6:16 6:19 6:21 6:22 | |
| personal(1) 42:17 | |
| perspective(2) 9:3 69:11 | |
| petition(4) 66:25 67:5 67:7 67:14 | |
| phone(1) 6:20 | |
| picture(1) 35:7 62:18 | |
| place(20) 13:1 14:3 31:12 31:19 31:19 32:3 33:4 33:17 41:15 41:20 42:3 49:25 50:24 52:13 52:14 55:6 55:23 60:4 76:9 82:3 | |
| places(1) 40:24 | |
| plain(2) 27:11 36:20 | |
| plaintiff(15) 25:12 25:19 25:23 27:19 27:23 35:13 43:1 47:12 53:1 56:1 57:4 60:7 60:9 60:11 84:1 | |
| plaintiff's(3) 35:14 35:15 | |
| plaintiffs(3) 27:16 35:19 82:16 | |
| plan(1) 40:25 | |
| pleading(3) 24:4 56:10 57:6 | |
| pleadings(1) 55:5 | |
| please(7) 5:2 5:4 6:2 37:13 61:13 65:21 65:24 | |
| pleased(1) 21:3 | |
| plenty(2) 42:14 44:7 | |
| podium(3) 5:17 37:9 55:25 | |

| Word | Page:Line |
|---|---|
| point(27) 7:23 12:10 17:9 23:20 31:1 37:12 49:7 49:8 52:18 55:11 61:8 63:4 63:13 65:17 69:24 71:5 72:14 72:23 73:2 80:13 83:3 83:7 83:24 84:18 85:4 87:9 | |
| pointed(2) 36:3 56:23 | |
| policies(1) 47:22 | |
| policy(4) 40:19 41:3 47:21 58:7 | |
| pop(2) 45:21 53:4 | |
| posit(1) 59:23 | |
| posited(1) 54:22 | |
| position(8) 12:21 14:5 15:16 23:22 28:4 28:5 67:1 81:19 | |
| positions(1) 12:23 | |
| possession(1) 76:12 | |
| possibility(2) 40:25 47:9 | |
| possibly(2) 30:24 41:10 | |
| post(1) 77:1 | |
| post-petition(4) 66:7 66:24 67:6 76:16 | |
| post-stern(1) 29:13 | |
| posture(1) 71:4 | |
| potential(2) 71:20 79:3 | |
| potentially(1) 87:2 | |
| power(1) 76:21 | |
| ppearances(3) 1:22 2:1 3:1 | |
| practical(2) 9:3 32:25 | |
| practicality(1) 21:12 | |
| practically(1) 44:13 | |
| practices(1) 15:4 | |
| practitioners(1) 21:24 | |
| prayed(1) 56:6 | |
| prayer(4) 24:5 28:12 56:5 83:22 | |
| pre(3) 67:4 67:6 67:13 | |
| pre-petition(1) 67:25 | |
| preclude(3) 13:14 18:3 40:12 | |
| precluded(4) 8:6 12:7 17:13 30:18 | |
| predicting(1) 22:5 | |
| preference(1) 26:11 | |
| prejudice(11) 16:25 17:12 17:19 17:23 68:13 68:21 69:25 70:24 71:1 71:22 72:10 | |
| preliminary(1) 34:20 | |
| premature(2) 30:22 43:20 53:2 | |
| premise(2) 41:25 43:24 | |
| premised(3) 37:3 41:19 50:14 | |
| prepare(1) 30:10 | |
| prepared(1) 38:17 | |
| present(4) 6:17 23:15 26:20 64:22 | |
| presents(1) 62:18 | |
| preservation(1) 49:2 | |
| preserve(6) 9:2 48:1 51:4 59:2 60:17 77:20 | |
| preserves(1) 69:11 | |
| presiding(1) 74:5 | |
| preston(1) 2:25 | |
| pretrial(3) 18:15 33:3 53:15 | |
| pretty(1) 20:25 | |
| prevent(4) 44:11 48:1 51:6 76:23 | |
| prevented(1) 76:24 | |
| preventing(1) 26:15 | |
| previously(3) 10:24 24:19 26:10 | |
| primary(2) 11:25 12:4 | |
| principle(1) 29:7 | |
| principles(1) 77:9 | |
| prior(11) 18:2 30:4 30:5 32:5 33:14 34:24 35:8 43:4 64:8 65:6 73:8 | |
| private(1) 23:11 | |
| problem(2) 26:12 46:14 | |
| procedural(1) 37:12 | |
| procedure(2) 32:13 55:14 | |
| proceeding(15) 10:14 10:17 11:14 18:11 25:12 25:15 25:20 36:17 62:13 62:20 62:21 70:23 71:7 71:13 86:19 | |
| proceedings(14) 1:18 1:46 64:17 65:13 66:20 68:3 71:12 71:14 71:18 72:6 72:7 72:8 88:18 | |
| process(10) 15:4 15:12 40:23 41:6 41:8 41:23 47:17 58:2 60:19 63:16 | |
| produced(1) 1:47 | |
| products(2) 74:7 87:7 | |
| profits(2) 86:25 87:6 | |
| prohibit(1) 20:10 | |
| prompt(2) 87:24 88:3 | |
| proof(3) 48:18 48:25 59:13 | |
| proof(6) 48:18 67:3 67:7 67:13 67:14 67:25 | |
| property(1) 67:15 | |
| property(4) 56:21 75:4 76:11 76:15 | |
| proposal(2) 68:23 73:3 | |
| propose(1) 82:15 | |
| proposed(3) 24:6 45:18 62:5 | |
| proposition(1) 47:19 | |
| protected(1) 15:7 | |
| protections(1) 15:9 | |
| protest(1) 27:6 | |
| proves(1) 83:7 | |

| Word | Page:Line |
|---|---|
| provide(3) 25:16 55:3 68:5 | |
| provided(2) 22:25 33:15 | |
| provides(1) 85:2 | |
| providing(1) 32:18 | |
| prudence(1) 22:5 | |
| pulling(2) 45:2 45:10 | |
| puppy(1) 76:2 | |
| purchase(1) 42:6 | |
| purportedly(1) 14:3 | |
| purpose(3) 13:16 27:11 74:11 | |
| purposefully(1) 48:6 | |
| purposely(5) 49:4 61:4 61:4 | |
| purposes(3) 36:20 45:14 73:20 | |
| pursued(2) 10:15 71:23 | |
| put(10) 22:16 48:15 49:25 55:5 57:5 57:5 59:2 59:5 59:12 60:4 84:3 | |
| putting(3) 21:12 49:3 49:6 | |
| puzzles(1) 85:18 | |
| qualified(1) 28:12 | |
| qualifying(1) 28:12 | |
| question(7) 22:16 39:21 43:9 46:6 46:7 58:24 65:23 | |
| questioned(1) 31:5 | |
| questioning(1) 86:12 | |
| questions(5) 31:22 37:8 72:11 81:15 85:10 | |
| quibble(1) 20:19 | |
| quick(1) 6:10 | |
| quite(4) 47:19 52:6 71:9 73:4 | |
| quote(1) 47:17 | |
| radware(32) 10:23 17:6 24:11 28:24 29:1 29:4 29:5 29:20 29:24 30:1 31:23 32:14 33:6 33:20 34:3 34:14 34:20 34:24 35:9 35:11 35:23 37:2 41:22 43:12 50:11 51:16 51:17 51:19 52:1 52:10 10:17 78:21 | |
| raise(8) 12:2 68:13 68:24 69:5 69:16 70:18 73:6 | |
| raised(11) 18:21 31:22 53:9 61:9 62:4 64:5 67:15 67:16 67:18 48:12 79:20 84:18 | |
| raises(1) 24:3 | |
| rather(3) 28:5 32:16 80:10 | |
| rationale(1) 8:4 | |
| read(5) 20:18 64:20 68:25 79:17 87:22 | |
| reading(2) 20:14 21:10 | |
| reads(2) 73:5 76:20 | |
| real(2) 71:19 74:23 | |
| realize(1) 53:22 | |
| really(36) 6:9 11:10 12:16 16:8 16:19 20:1 20:19 20:22 27:12 28:13 39:21 41:7 41:12 42:3 42:5 46:3 49:1 58:10 58:16 62:12 63:4 67:6 67:6 68:1 68:10 70:5 70:8 72:5 72:9 78:15 85:15 85:18 85:20 86:8 86:11 86:12 | |
| reason(17) 31:14 34:1 44:4 45:14 45:21 63:17 63:22 64:12 64:16 65:5 65:22 71:21 82:1 82:15 83:1 86:4 87:24 | |
| reasonable(2) 20:17 36:22 | |
| reasoning(3) 65:14 66:3 85:25 | |
| reasons(5) 29:2 37:4 39:23 58:7 60:24 61:18 74:4 | |
| recall(2) 30:3 34:13 | |
| receive(1) 5:15 | |
| received(1) 5:10 | |
| receivers(1) 76:11 | |
| recognize(1) 76:3 | |
| reconsider(1) 87:23 | |
| record(9) 7:1 8:20 11:1 20:2 23:16 32:20 33:21 36:3 78:23 | |
| recorded(1) 1:46 | |
| recording(2) 1:46 88:17 | |
| recover(1) 40:10 | |
| redistribution(1) 47:16 | |
| reed(2) 3:4 4:4 | |
| reference(64) 9:18 10:7 11:16 11:18 14:1 14:4 14:14 14:21 15:18 16:4 16:17 16:23 17:25 18:5 18:13 24:12 26:14 27:2 30:4 30:17 30:23 31:4 31:5 31:7 31:16 31:21 31:24 32:1 32:9 32:12 34:18 34:22 35:1 35:8 35:14 35:16 35:18 35:22 36:6 36:14 43:17 43:25 50:13 50:25 51:25 56:15 60:23 65:16 68:23 69:4 70:18 71:6 72:14 73:11 73:22 73:25 74:9 74:16 77:21 78:16 78:18 82:14 86:15 88:1 | |
| referencing(1) 66:14 | |
| referring(1) 82:18 | |
| refers(2) 44:16 64:23 | |
| regard(3) 35:15 64:21 78:1 | |
| regarding(1) 5:13 | |
| relate(3) 66:6 66:24 78:17 | |
| related(10) 28:10 63:3 63:6 63:11 64:16 65:8 67:24 73:18 82:10 86:24 | |
| relates(1) 76:17 | |
| relating(2) 13:8 78:22 | |
| relation(2) 19:16 73:7 | |
| relatively(2) 31:3 34:2 | |
| relevance(1) 51:18 | |
| relevant(8) 42:15 55:16 28:18 68:17 70:21 70:23 74:13 76:10 | |
| relied(2) 19:20 37:16 | |

| Word | Page:Line |
|---|---|
| relief(13) 7:20 8:10 10:11 11:13 12:20 24:5 28:12 56:5 56:8 75:9 77:18 83:22 86:20 | |
| relies(1) 37:25 | |
| rely(3) 31:22 57:8 83:18 | |
| relying(3) 34:23 40:25 78:23 | |
| remained(2) 12:21 33:17 | |
| remaining(2) 10:24 67:22 | |
| remand(2) 26:13 | |
| remarkably(1) 56:22 | |
| remember(5) 44:22 44:24 45:1 48:20 48:22 | |
| remind(2) 31:24 33:19 | |
| remming(1) 1:33 | |
| remotely(1) 36:4 | |
| removal(1) 25:22 | |
| remove(1) 75:25 | |
| removed(1) 25:21 | |
| renaissance(1) 2:27 | |
| reorg(1) 3:29 | |
| repeated(1) 36:12 | |
| repeating(1) 8:3 | |
| reply(3) 7:6 14:19 14:22 16:22 16:24 18:10 18:21 19:14 21:19 23:9 26:7 31:6 35:17 | |
| representative(1) 61:22 | |
| represents(1) 77:15 | |
| reps(1) 4:5 | |
| request(2) 11:8 12:20 | |
| require(2) 8:10 56:18 78:20 | |
| requesting(2) 11:20 24:6 | |
| requests(1) 37:5 | |
| require(4) 27:14 27:18 55:14 55:22 | |
| required(6) 11:19 17:7 29:14 33:8 43:7 81:4 | |
| requirement(6) 28:3 28:6 28:7 28:8 42:18 67:17 | |
| requires(7) 16:11 27:13 27:15 27:22 28:17 36:24 55:19 | |
| reread(1) 87:22 | |
| research(14) 3:29 4:16 8:21 9:1 11:15 11:18 14:2 24:2 33:9 36:4 36:8 68:19 68:20 68:22 | |
| reservation(1) 49:6 | |
| reset(1) 18:17 | |
| resolution(1) 72:8 | |
| resolve(1) 71:16 | |
| resolved(1) 39:25 | |
| resolves(1) 39:5 | |
| resolving(1) 71:17 | |
| respect(19) 12:15 13:5 20:25 24:15 26:9 29:22 40:7 40:20 44:2 45:17 45:18 50:1 56:7 67:2 69:8 69:20 71:1 76:13 83:9 | |
| respectfully(1) 37:5 | |
| respond(5) 12:3 17:5 17:8 32:21 33:11 | |
| responded(1) 33:2 | |
| response(3) 8:9 73:10 88:7 | |
| result(8) 7:23 10:15 10:22 12:6 36:22 68:21 87:6 | |
| resulted(1) 33:7 | |
| review(1) 64:10 | |
| revised(1) 28:1 | |
| richard(2) 2:33 6:13 | |
| right(87) 5:18 6:8 6:18 6:21 7:9 7:10 8:3 8:5 11:1 12:17 13:4 13:20 14:2 14:11 15:4 15:13 17:15 21:7 23:6 24:25 25:4 27:3 27:16 28:6 29:9 31:20 39:12 40:4 41:10 44:3 44:9 44:16 45:21 46:3 46:14 46:15 46:21 47:24 48:5 49:17 49:22 50:4 50:15 50:18 51:5 54:4 55:1 55:1 56:4 57:13 57:18 57:22 58:6 58:11 58:18 58:25 59:2 59:7 59:9 59:11 59:17 59:21 60:20 61:9 63:12 65:15 65:19 66:17 69:11 72:18 72:24 76:1 77:4 77:9 77:21 78:1 78:3 78:6 79:13 81:21 82:3 82:20 82:25 83:15 83:20 85:8 87:8 87:14 88:8 | |
| rightfully(1) 30:7 | |
| rightly(2) 47:20 52:6 | |
| rights(15) 13:14 14:24 23:11 41:9 41:10 44:1 47:23 47:24 48:19 49:2 49:6 51:2 51:4 58:9 80:8 | |
| ripe(1) 26:2 | |
| rise(1) 5:2 | |
| risk(1) 46:2 | |
| river(3) 25:18 26:18 27:4 | |
| robert(1) 2:19 | |
| roberts(2) 21:9 40:18 | |
| robinson(1) 2:24 | |
| rodney(1) 2:13 | |
| roelle(1) 55:10 | |
| rooney(pe(1) 2:4 | |
| row(1) 38:9 | |
| rule(19) 6:5 11:20 14:17 26:24 27:12 27:22 28:3 28:5 28:14 28:16 36:11 36:21 37:2 37:3 37:3 55:13 62:4 62:17 67:17 | |
| rules(13) 19:20 21:20 42:17 43:5 55:3 55:6 55:13 55:18 55:21 81:5 | |
| ruling(2) 29:20 35:5 | |
| rulings(1) 65:7 | |
| run(3) 63:15 65:9 72:4 | |
| running(1) 77:17 | |
| runs(1) 29:7 | |

| Word | Page:Line |
|---|---|
| said(29) 9:10 14:12 21:4 21:24 23:3 26:11 34:6 39:10 42:11 43:19 48:24 52:6 52:8 53:1 53:15 53:20 55:16 59:24 60:21 65:24 68:16 69:13 70:5 72:3 77:19 79:7 79:17 85:5 87:3 | |
| sailed(1) 71:1 | |
| sake(1) 21:12 | |
| sale(18) 8:13 41:23 51:20 63:3 63:6 63:11 63:20 63:23 64:8 64:16 65:6 65:8 66:25 67:1 67:23 72:6 75:3 77:1 | |
| sakes(4) 63:8 63:10 63:21 64:2 | |
| same(16) 20:15 28:2 32:25 33:12 34:19 51:19 51:22 51:23 55:12 64:14 65:22 67:4 75:2 75:9 77:2 82:21 | |
| samis(1) 2:26 | |
| sandbagging(2) 53:7 79:15 | |
| saw(2) 56:14 79:21 | |
| say(34) 5:19 12:10 19:20 20:5 20:25 20:25 38:24 39:18 47:19 48:14 50:20 50:24 51:16 53:9 53:24 54:9 55:24 56:10 56:24 57:14 57:18 58:2 59:10 65:20 70:20 77:6 79:6 79:18 81:25 82:4 82:4 83:6 83:14 85:5 86:9 | |
| saying(2) 17:4 48:3 | |
| says(14) 16:7 47:2 47:12 49:20 54:15 57:25 57:25 59:12 68:17 70:6 70:24 76:10 77:2 87:10 | |
| scalia(1) 19:23 | |
| school(2) 48:23 54:12 | |
| schotz(2) 2:38 7:1 | |
| schuylkill(1) 1:41 | |
| schweitzer(4) 1:25 5:13 5:15 37:20 | |
| scope(1) 21:3 | |
| seated(1) 5:4 | |
| second(14) 10:18 10:20 11:3 19:17 24:9 26:25 28:22 31:19 36:13 49:8 52:15 64:23 66:4 | |
| secondly(1) 5:24 | |
| secrets(1) 11:5 | |
| section(11) 12:8 14:10 19:18 20:9 27:13 36:20 46:19 83:3 83:3 84:4 85:4 | |
| see(3) 9:17 23:12 26:17 | |
| seek(3) 73:22 82:1 83:2 | |
| seeking(1) 82:14 | |
| seem(3) 19:22 73:17 78:14 | |
| seems(2) 7:13 71:14 | |
| seen(1) 47:7 | |
| selling(3) 49:9 65:3 | |
| sense(5) 25:5 31:3 74:14 75:1 75:10 | |
| sent(5) 57:23 | |
| sentence(6) 62:8 68:17 68:18 73:4 76:20 76:20 | |
| sentences(1) 68:21 | |
| separate(3) 31:1 42:3 73:19 | |
| separately(6) 24:3 27:20 28:11 74:11 74:20 74:21 | |
| serve(1) 86:2 | |
| service(2) 1:40 1:47 | |
| services(1) 1:40 | |
| set(3) 16:22 40:8 66:4 | |
| sets(3) 14:25 16:2 63:2 | |
| settle(1) 79:10 | |
| settled(2) 10:24 70:15 | |
| settlement(2) 79:8 79:12 | |
| settlements(3) 50:9 51:15 79:9 | |
| seventh(4) 15:7 15:9 54:9 79:25 | |
| several(2) 31:6 67:5 | |
| shall(2) 76:21 77:3 | |
| sharif(1) 56:15 | |
| she(10) 56:15 60:6 61:19 70:13 79:6 79:7 79:7 80:1 80:7 85:16 | |
| shell(1) 77:1 | |
| ship(1) 71:1 | |
| shopped(1) 78:9 | |
| shopping(3) 78:11 79:1 79:2 | |
| short(3) 49:25 52:7 67:3 | |
| shortly(2) 22:15 24:13 | |
| should(17) 18:3 21:25 23:9 32:17 37:15 40:20 60:14 74:1 74:11 74:20 74:21 78:10 79:23 83:13 84:9 85:20 86:16 | |
| shouldn't(1) 86:21 | |
| show(1) 61:19 | |
| showed(1) 55:20 | |
| shows(1) 85:6 | |
| shuffle(1) 62:14 | |
| side(2) 75:14 87:2 | |
| signed(1) 7:3 | |
| significant(1) 68:9 | |
| silence(2) 54:15 80:2 | |
| similar(8) 17:8 28:3 64:4 64:14 64:25 65:14 66:3 85:22 | |
| similarly(1) 64:1 | |
| simple(1) 55:19 | |
| simply(10) 15:14 31:3 43:1 45:15 49:3 58:6 65:16 78:7 81:6 86:1 | |
| simultaneously(1) 7:21 | |
| since(3) 7:11 23:20 54:23 | |
| single(8) 5:7 8:14 9:4 9:11 9:12 10:11 10:2 62:8 | |

| Word | Page:Line |
|---|---|
| sir(1) 61:12 | |
| sit(2) 17:1 85:11 | |
| six(2) 64:18 66:21 | |
| skepticism(1) 34:19 | |
| skip(1) 68:24 | |
| skipped(1) 73:4 | |
| slim(1) 43:23 | |
| snmp(61) 2:32 4:16 4:16 8:6 8:17 8:21 9:1 9:5 11:15 11:18 12:20 13:9 13:14 14:1 17:3 17:24 18:20 22:9 22:20 23:17 23:20 23:22 26:21 29:25 32:5 33:9 36:4 36:8 37:4 49:12 56:22 57:8 57:24 58:23 61:20 62:1 62:21 63:17 63:10 63:18 64:2 64:14 66:4 66:9 66:13 66:15 67:3 67:11 67:20 68:12 68:19 68:20 68:21 69:11 69:19 70:6 70:13 70:20 70:24 74:6 74:7 | |
| snmp's(12) 8:13 13:2 24:2 42:22 62:4 66:9 68:15 69:11 69:25 75:4 84:18 85:6 | |
| soad(1) 56:20 | |
| software(5) 63:10 66:9 66:11 66:14 67:2 | |
| solely(2) 16:19 16:20 | |
| some(23) 5:22 10:20 10:21 16:5 16:24 31:13 42:1 42:2 42:8 50:2 50:7 50:7 54:21 66:21 78:13 80:6 81:9 82:5 85:21 87:1 87:4 87:22 87:23 | |
| somehow(1) 13:12 | |
| something(18) 19:1 35:22 51:4 51:7 54:25 56:6 56:12 57:7 58:18 60:16 61:5 72:8 79:7 83:6 84:8 84:8 84:9 85:16 | |
| sometime(1) 22:6 | |
| soon(2) 10:7 88:1 | |
| sorry(4) 5:24 21:15 65:23 87:5 | |
| sort(13) 7:23 7:25 9:14 9:24 39:25 40:19 43:19 46:4 49:13 69:12 73:18 73:18 82:9 | |
| sotomayor(2) 56:12 56:23 | |
| sotomayor's(1) 42:25 | |
| sought(3) 9:18 83:17 83:18 | |
| sound(2) 1:46 88:17 | |
| speaking(2) 44:13 64:21 | |
| specially(3) 46:23 47:8 60:1 | |
| specific(3) 7:17 60:13 66:8 | |
| specifically(7) 19:20 23:2 31:18 31:24 33:22 49:20 81:2 | |
| speculate(1) 84:4 | |
| speculation(2) 78:5 79:3 | |
| speculative(1) 9:24 | |
| spend(1) 39:21 | |
| spending(1) 5:22 | |
| spent(2) 53:23 60:24 | |
| spoken(2) 7:25 21:23 | |
| square(1) 2:13 | |
| stage(5) 18:11 25:25 26:22 53:22 71:12 | |
| stagnant(1) 26:1 | |
| stand(1) 47:19 | |
| standalone(1) 11:11 | |
| standard(5) 15:14 23:2 23:8 23:13 42:24 | |
| standpoint(3) 17:21 36:16 74:3 | |
| stargatt(1) 2:12 | |
| stark(1) 12:22 | |
| start(6) 39:16 42:6 48:14 73:1 77:6 83:18 | |
| started(5) 9:6 10:4 49:10 49:17 50:5 | |
| state(1) 23:11 | |
| stated(3) 34:8 70:24 71:3 | |
| statement(1) 23:8 | |
| statements(1) 34:24 | |
| states(3) 1:1 1:20 5:23 | |
| status(6) 7:18 7:22 8:2 10:9 71:8 87:25 | |
| statute(10) 12:8 12:8 13:6 16:11 21:18 27:12 47:2 49:13 55:19 76:20 | |
| statutes(1) 46:19 | |
| statutory(2) 20:21 22:12 | |
| stay(27) 7:20 7:20 8:7 8:22 11:14 17:10 31:12 32:6 33:1 33:16 33:17 33:24 34:7 34:12 34:16 40:12 40:14 47:14 50:1 50:23 52:10 52:10 52:13 52:14 73:9 77:18 85:23 | |
| stayed(8) 8:24 17:2 31:19 32:20 34:4 49:14 52:9 | |
| staying(2) 69:13 69:15 | |
| stays(2) 49:20 52:9 | |
| ste(1) 2:6 | |
| steen(2) 2:14 61:14 | |
| step(1) 55:22 | |
| stern(12) 3:6 20:11 20:20 26:7 28:1 29:15 38:9 38:10 38:15 40:6 40:18 83:19 | |
| still(10) 13:14 16:11 23:5 28:2 30:12 30:16 40:1 71:5 77:9 81:22 | |
| stipulation(3) 32:25 33:10 49:16 | |
| stipulations(4) 32:18 32:20 33:14 52:17 | |
| stone(1) 42:11 | |
| stop(2) 49:13 55:5 | |
| stopped(1) 55:7 | |
| story(1) 43:15 | |
| strategic(1) 60:13 | |
| strategy(3) 53:8 75:15 79:3 | |

| Word | Page:Line |
|---|---|
| strauss(2) 2:18 3:21 | |
| streamlined(1) 39:6 | |
| street(7) 1:11 1:41 2:14 2:28 2:34 3:7 3:13 | |
| strictly(1) 20:18 | |
| striped(1) 78:3 | |
| strongly(1) 14:17 | |
| structural(2) 19:15 46:14 | |
| stuff(2) 51:22 57:11 | |
| subject(7) 12:25 14:22 15:3 16:24 29:4 31:20 76:21 | |
| submission(1) 5:11 | |
| submit(2) 25:8 27:10 | |
| subscribe(1) 75:11 | |
| subsequently(1) 10:19 | |
| substance(1) 28:13 | |
| substantially(2) 64:14 67:4 | |
| succeeded(1) 10:3 | |
| such(9) 20:16 24:17 56:8 69:19 69:21 76:14 76:21 76:22 79:12 | |
| sue(6) 23:16 76:6 77:13 77:14 77:19 77:20 | |
| sued(11) 9:8 9:11 9:15 43:12 46:11 46:12 76:7 76:12 76:18 77:5 77:7 | |
| suffered(1) 17:20 | |
| sufficient(4) 15:2 19:14 24:22 62:8 | |
| suggest(9) 44:7 47:10 57:1 57:21 59:23 62:6 70:1 73:18 77:11 | |
| suggested(1) 43:11 | |
| suggesting(1) 23:17 | |
| suggests(2) 36:4 67:12 | |
| suit(7) 9:16 24:2 24:15 27:17 28:25 36:7 36:8 | |
| suite(3) 2:34 2:42 3:14 | |
| sullivan(12) 3:11 3:12 37:25 38:1 38:2 38:2 38:5 38:8 38:11 38:14 38:17 38:22 | |
| sum(1) 75:18 | |
| summarize(1) 36:2 | |
| summary(4) 26:3 26:8 27:6 44:9 | |
| superfluous(1) 28:6 | |
| supplemental(1) 5:11 | |
| supplies(1) 54:17 | |
| support(7) 16:23 20:2 25:9 25:16 31:8 36:5 78:24 | |
| supports(1) 83:11 | |
| supposed(1) 55:4 | |
| supreme(9) 19:22 20:4 20:8 20:12 22:1 22:12 23:3 39:2 39:25 | |
| sure(15) 5:9 9:23 10:3 19:12 21:2 21:2 34:5 52:2 52:4 61:25 79:5 80:22 81:11 81:13 82:6 | |
| suspenders(1) 11:8 | |
| t-h-e-l-e-n(1) 54:6 | |
| take(7) 33:4 39:13 40:3 58:6 59:17 76:4 87:20 | |
| taken(9) 21:9 23:20 23:22 | |
| taking(1) 32:3 | |
| talk(8) 28:22 45:8 49:9 57:10 58:16 61:23 | |
| talking(2) 41:13 60:25 | |
| taylor(2) 2:11 2:25 | |
| technically(2) 17:18 34:22 | |
| telephonic(2) 3:18 4:1 | |
| tell(5) 22:4 54:2 54:4 86:13 87:18 | |
| telling(1) 73:24 | |
| ten(1) 39:13 | |
| term(1) 70:1 | |
| terminated(1) 11:14 | |
| terms(1) 83:15 | |
| terribly(1) 69:23 | |
| test(2) 12:6 14:25 | |
| than(13) 11:17 18:24 20:13 28:2 30:25 32:16 44:10 60:2 63:9 71:11 73:16 84:17 86:3 | |
| thank(35) 5:3 5:14 5:14 5:18 6:7 6:22 6:23 6:23 6:25 7:10 31:10 37:23 37:24 38:21 38:22 38:23 54:8 61:9 61:16 61:16 65:22 72:17 72:20 81:8 81:16 81:18 84:11 84:12 85:12 85:14 87:13 88:4 88:5 88:8 88:10 | |

| Word | Page:Line |
|---|---|
| that(301) 5:10 5:11 5:15 5:16 5:19 6:23 7:8 7:22 7:25 8:3 8:11 8:15 8:19 8:21 9:21 9:23 9:23 9:25 10:9 10:12 10:13 10:15 11:19 11:21 11:25 12:4 12:6 12:12 12:13 12:14 12:20 12:23 13:3 13:6 13:11 13:13 13:16 13:17 13:18 13:21 13:22 13:24 14:5 14:6 14:8 14:12 14:15 14:17 14:24 15:7 15:9 15:11 15:16 15:17 15:18 15:18 15:20 15:22 16:3 16:3 16:7 16:8 16:15 16:16 16:21 17:8 17:9 17:20 17:24 18:6 18:10 18:10 18:20 19:13 19:14 19:17 19:20 20:2 20:5 20:9 20:15 20:15 20:18 20:19 20:20 21:4 21:8 21:17 21:18 21:20 21:22 22:6 22:9 22:13 22:15 22:19 22:21 22:23 23:3 23:9 23:17 23:19 23:23 24:1 24:7 24:10 24:21 25:2 25:5 25:9 25:11 25:12 25:17 25:18 25:19 25:21 25:25 26:6 26:9 26:10 26:10 26:14 26:17 26:20 27:10 28:2 28:7 28:8 28:11 28:14 28:17 28:19 28:22 29:4 29:10 29:14 29:23 29:23 29:25 30:2 30:7 30:10 30:13 30:19 31:8 31:15 31:17 32:1 32:2 32:10 32:12 32:19 33:8 33:17 34:3 34:6 34:6 34:10 34:11 34:13 34:15 34:19 34:24 34:25 35:2 35:5 35:6 35:7 35:11 35:11 35:12 35:15 35:17 35:19 35:22 35:25 36:1 36:3 36:4 36:17 37:5 37:5 37:5 39:1 39:14 39:19 39:20 39:20 39:21 39:24 40:5 40:5 40:7 40:17 40:20 40:20 40:21 41:2 41:3 41:5 41:8 41:12 41:12 41:15 41:19 41:25 42:10 42:10 42:10 42:11 42:12 42:24 43:1 43:2 43:3 43:6 43:6 43:6 43:7 43:15 43:18 43:19 43:22 44:1 44:6 44:7 44:7 44:8 44:8 44:11 44:12 44:20 45:4 45:4 45:9 45:12 45:25 47:6 47:6 47:10 47:12 47:12 47:20 48:5 48:14 48:15 48:16 48:20 48:23 48:23 48:24 48:25 49:1 49:3 49:6 49:8 49:8 49:13 49:15 49:15 49:16 49:19 49:25 50:5 50:17 50:24 51:2 51:3 51:7 51:9 51:10 51:15 51:16 51:17 51:22 51:24 52:1 52:6 52:7 52:11 52:18 52:18 53:3 53:6 53:9 53:15 53:18 53:20 53:22 54:9 54:12 54:15 | |
| that(256) 54:24 54:25 55:3 55:3 55:3 55:4 55:5 55:7 55:10 55:14 55:18 55:21 55:21 55:22 56:2 56:10 56:14 56:15 56:16 56:20 56:24 56:24 57:1 57:2 57:5 57:7 57:8 57:14 58:2 58:4 58:4 58:10 58:11 58:16 58:18 58:20 58:20 59:4 59:4 59:8 59:11 59:12 59:15 59:23 60:2 60:5 60:8 60:14 60:15 60:21 60:24 61:3 61:6 61:6 61:7 61:19 61:19 61:20 61:23 62:2 62:5 62:6 62:9 62:11 62:16 62:17 62:17 62:21 62:25 62:25 63:4 63:4 63:6 63:7 63:13 63:14 63:15 63:17 63:20 63:22 63:23 64:4 64:8 64:12 64:15 64:17 64:19 65:5 65:5 65:10 65:10 65:17 66:4 66:7 66:10 66:11 66:13 66:13 66:19 66:20 66:22 67:2 67:5 67:7 67:7 67:9 67:11 67:15 67:16 67:18 67:19 67:20 67:21 67:21 68:4 68:5 68:6 68:8 68:9 68:12 68:15 68:15 68:16 69:19 69:21 69:22 70:1 70:4 70:7 70:19 70:25 71:2 71:3 71:5 71:9 71:11 71:21 71:21 71:22 71:25 72:2 72:5 72:22 72:23 72:4 72:9 72:18 73:3 73:14 73:18 73:23 73:25 73:25 74:2 74:5 74:8 74:10 74:15 74:12 74:13 74:19 74:20 74:20 74:21 74:25 75:13 75:14 75:20 75:24 76:1 76:4 76:5 76:10 76:16 76:18 76:20 76:21 76:22 76:25 77:11 77:12 77:13 78:1 78:3 78:4 78:8 78:11 78:12 78:17 78:19 79:5 79:7 79:7 79:9 79:16 79:21 79:22 79:22 80:1 80:1 80:7 80:7 80:13 80:20 80:23 80:24 80:24 80:25 81:2 81:8 81:13 81:25 82:2 82:4 82:4 82:8 82:11 82:11 82:12 82:12 82:12 83:2 83:4 83:4 83:6 83:6 83:7 83:7 83:11 83:12 83:13 83:14 83:15 83:16 83:17 83:17 84:2 84:2 84:3 84:5 84:8 84:14 84:25 85:2 85:5 85:6 85:9 85:15 85:25 86:15 86:17 86:24 86:25 87:12 87:18 87:22 87:23 88:16 | |
| that's(75) 9:10 11:23 11:23 14:11 16:20 18:18 19:25 20:17 23:7 27:25 28:16 28:23 34:4 37:18 39:12 41:11 42:19 44:4 44:18 44:20 45:10 45:18 45:19 45:20 46:17 47:5 47:18 47:21 48:14 49:1 49:7 50:5 50:20 50:20 50:21 51:11 52:20 53:6 53:7 53:7 53:8 55:2 55:8 56:10 57:7 58:2 58:22 59:14 60:12 61:8 63:10 65:19 67:2 67:19 69:6 69:24 70:4 70:21 70:23 71:7 72:12 74:15 77:17 77:22 78:7 79:18 80:10 80:11 83:23 84:6 84:22 85:2 86:19 86:20 87:24 | |

| Word | Page:Line |
|------|-----------|
| **the**(301) | 1:1 1:2 1:19 2:4 2:27 5:2 5:3 5:6 5:8 5:10 5:10 5:12 5:14 5:17 5:17 5:18 5:22 6:4 6:4 6:6 6:8 6:12 6:14 6:14 6:15 6:17 6:18 6:20 6:20 6:21 6:23 7:1 7:2 7:3 7:5 7:6 7:7 7:9 7:13 7:16 7:17 7:20 7:21 7:22 7:23 7:24 8:1 8:2 8:2 8:4 8:5 8:6 8:7 8:8 8:9 8:10 8:11 8:12 8:12 8:12 8:13 8:13 8:16 8:16 8:17 8:17 8:18 8:19 8:19 8:20 8:22 8:23 8:24 8:24 8:25 9:2 9:3 9:4 9:6 9:7 9:9 9:10 9:13 9:14 9:15 9:16 9:17 9:18 9:18 9:19 9:19 9:22 10:1 10:5 10:6 10:7 10:9 10:11 10:12 10:13 10:13 10:14 10:16 10:16 10:17 10:18 10:19 10:19 10:20 10:20 10:21 10:21 10:22 10:24 10:24 10:25 11:1 11:2 11:2 11:3 11:4 11:4 11:7 11:7 11:9 11:10 11:10 11:11 11:12 11:12 11:13 11:14 11:14 11:15 11:16 11:16 11:17 11:18 11:19 11:21 11:23 11:23 11:25 11:25 12:2 12:4 12:4 12:5 12:6 12:7 12:7 12:10 12:10 12:11 12:12 12:13 12:13 12:14 12:17 12:18 12:18 12:19 12:19 12:20 12:22 12:23 12:24 12:25 13:1 13:1 13:2 13:3 13:4 13:6 13:6 13:7 13:8 13:9 13:11 13:12 13:16 13:17 13:17 13:18 13:18 13:19 13:20 13:21 13:22 13:22 13:24 13:25 13:25 14:1 14:3 14:3 14:4 14:5 14:6 14:7 14:9 14:9 14:11 14:13 14:13 14:14 14:16 14:17 14:19 14:20 14:21 14:21 14:22 14:22 14:24 14:24 14:25 15:1 15:1 15:3 15:3 15:3 15:5 15:6 15:7 15:9 15:10 15:11 15:12 15:13 15:15 15:15 15:16 15:16 15:17 15:19 15:19 15:21 15:22 15:25 16:1 16:2 16:3 16:6 16:9 16:11 16:11 16:14 16:15 16:16 16:16 16:20 16:22 16:23 16:23 16:24 16:24 17:2 17:2 17:5 17:6 17:9 17:10 17:11 17:12 17:15 17:17 17:20 17:23 17:24 17:25 17:25 18:1 18:1 18:2 18:2 18:5 18:9 18:9 18:11 18:11 18:12 18:12 18:13 18:19 18:19 18:25 18:25 19:1 19:2 19:4 |
| **the**(301) | 19:5 19:5 19:7 19:9 19:11 19:12 19:13 19:13 19:15 19:17 19:18 19:20 19:21 19:22 19:25 19:25 20:1 20:2 20:2 20:3 20:3 20:7 20:8 20:9 20:11 20:14 20:15 20:16 20:19 20:23 20:24 21:1 21:3 21:4 21:4 21:7 21:8 21:10 21:11 21:14 21:14 21:14 21:15 21:16 21:17 21:18 21:20 21:21 21:21 21:22 21:23 21:25 22:1 22:2 22:3 22:7 22:8 22:9 22:10 22:13 22:14 22:15 22:16 22:17 22:17 22:19 22:25 23:1 23:3 23:6 23:8 23:12 23:13 23:13 23:15 23:16 23:18 23:18 23:19 23:20 23:21 23:21 23:22 23:24 24:1 24:1 24:4 24:4 24:4 24:5 24:7 24:9 24:9 24:10 24:11 24:11 24:12 24:12 24:13 24:14 24:16 24:18 24:19 24:20 24:21 24:21 24:21 24:25 24:25 25:4 25:6 25:7 25:9 25:11 25:13 25:14 25:15 25:17 25:18 25:19 25:21 25:21 25:22 25:23 25:23 25:24 25:25 25:25 26:4 26:6 26:8 26:8 26:10 26:12 26:14 26:14 26:15 26:17 26:19 26:21 26:22 26:23 26:24 26:25 27:1 27:2 27:4 27:15 27:16 27:16 27:20 27:22 27:24 28:1 28:2 28:4 28:5 28:6 28:6 28:7 28:7 28:8 28:8 28:9 28:11 28:12 28:15 28:15 28:16 28:24 28:25 28:25 29:1 29:3 29:4 29:4 29:5 29:6 29:7 29:7 29:10 29:12 29:12 29:16 29:18 29:20 29:23 30:3 30:4 30:5 30:6 30:6 30:8 30:9 30:11 30:11 30:12 30:13 30:13 30:16 30:17 30:19 30:19 30:19 30:20 30:24 30:25 30:25 31:1 31:3 31:5 31:7 31:8 31:9 31:10 31:15 31:16 31:17 31:17 31:18 31:19 31:19 31:20 31:21 31:24 31:24 31:25 32:1 32:1 32:2 32:4 32:4 32:6 32:6 32:7 32:8 32:9 32:9 32:10 32:11 32:12 32:13 32:14 32:14 32:14 32:16 32:18 32:19 32:20 32:24 32:21 32:24 32:25 32:25 33:1 33:2 33:2 33:6 33:6 33:8 33:10 33:11 33:11 |
| **the**(301) | 33:11 33:12 33:14 33:16 33:16 33:16 33:19 33:19 33:20 33:20 33:21 33:21 33:23 33:23 33:24 33:25 34:1 34:2 34:3 34:3 34:3 34:5 34:7 34:7 34:9 34:10 34:11 34:12 34:14 34:16 34:17 34:17 34:17 34:19 34:20 34:20 34:21 34:21 34:22 34:24 34:24 34:25 35:1 35:1 35:3 35:3 35:5 35:7 35:8 35:8 35:10 35:16 35:18 35:18 35:21 35:22 35:22 35:23 35:24 36:2 36:3 36:3 36:6 36:7 36:8 36:10 36:12 36:13 36:13 36:14 36:15 36:16 36:18 36:19 36:20 36:20 36:23 36:24 37:1 37:2 37:2 37:7 37:8 37:9 37:9 37:10 37:13 37:17 37:18 37:19 37:21 37:24 38:4 38:5 38:7 38:8 38:9 38:10 38:14 38:13 38:14 38:16 38:19 38:24 38:25 39:1 39:1 39:4 39:6 39:8 39:12 39:17 39:22 39:24 39:25 40:2 40:4 40:5 40:5 40:7 40:7 40:9 40:11 40:12 40:13 40:15 40:19 40:22 43:1 41:6 41:7 41:10 41:15 41:19 41:20 41:21 41:21 41:21 41:22 41:23 41:23 41:24 41:24 42:4 42:5 42:6 42:9 42:17 42:21 42:24 43:1 43:2 43:3 43:4 43:5 43:7 43:9 43:10 43:11 43:12 43:13 43:14 43:14 43:15 43:16 43:21 43:22 43:23 43:24 43:24 44:1 44:9 44:11 44:12 45:2 45:4 45:9 45:14 45:15 45:15 45:18 45:20 45:21 45:22 45:23 45:23 45:24 46:1 46:4 46:4 46:6 46:9 46:11 46:12 46:16 46:17 46:18 46:18 46:21 46:23 46:25 47:1 47:3 47:7 47:8 47:12 47:13 47:13 47:14 47:14 47:14 47:15 47:16 47:16 47:19 47:21 47:21 47:25 48:3 48:7 48:8 48:12 48:13 48:13 48:21 48:23 49:5 49:5 49:7 49:8 49:9 49:10 49:11 49:11 49:12 49:17 49:17 49:18 49:19 49:20 49:22 49:24 49:25 50:1 49:5 50:6 50:6 50:8 50:10 50:12 50:13 50:14 50:15 50:15 50:16 50:18 50:22 50:22 50:22 50:24 50:25 51:2 51:8 51:14 51:15 51:16 51:18 |
| **the**(301) | 51:18 51:18 51:19 51:19 51:20 51:21 51:22 51:22 51:23 51:25 51:25 52:2 52:4 52:5 52:9 52:12 52:12 52:13 52:15 52:15 52:16 52:16 52:17 52:19 52:19 52:20 53:1 53:3 53:5 53:6 53:11 53:12 53:12 53:13 53:15 53:17 53:18 53:19 53:20 53:20 54:1 54:3 54:5 54:5 54:8 54:9 54:13 54:16 54:21 54:22 54:24 54:25 55:3 55:10 55:11 55:15 55:16 55:17 55:18 55:19 55:20 55:21 55:23 55:24 56:1 56:3 56:4 56:7 56:8 56:9 56:11 56:14 56:15 56:15 56:17 56:19 56:20 56:21 56:22 57:2 57:3 57:4 57:10 57:11 57:11 57:12 57:12 57:17 57:15 57:23 58:1 58:3 58:8 58:10 58:10 58:11 58:14 58:15 58:18 58:19 58:24 58:25 59:5 59:9 59:12 59:15 59:17 59:25 59:25 60:5 60:7 60:7 60:10 60:20 60:20 60:23 60:24 60:24 61:1 61:12 61:9 61:9 61:11 61:15 61:17 61:18 61:18 61:20 61:21 61:22 61:23 61:25 62:2 62:3 62:3 62:4 62:5 62:7 62:9 62:10 62:11 62:11 62:12 62:12 62:13 62:13 62:15 62:18 62:20 62:22 62:22 62:25 63:1 63:3 63:4 63:4 63:7 63:8 63:11 63:12 63:12 63:15 63:16 63:16 63:17 63:19 63:20 63:20 63:21 63:21 63:22 63:23 64:1 64:3 64:4 64:8 64:9 64:10 64:14 64:14 64:15 64:16 64:16 64:20 64:20 64:22 64:23 64:24 64:25 65:1 65:2 65:2 65:3 65:5 65:6 65:6 65:7 65:7 65:8 65:9 65:10 65:12 65:15 65:17 65:17 65:20 65:21 66:3 66:3 66:5 66:6 66:10 66:16 66:17 66:19 66:25 66:25 67:2 67:4 67:12 67:13 67:15 67:17 67:18 67:19 68:2 68:7 68:8 68:9 68:10 68:16 68:20 68:22 68:24 69:2 69:4 69:4 69:5 69:6 69:8 69:9 69:10 69:15 69:15 69:17 69:20 69:20 69:24 69:25 70:1 70:1 70:2 70:3 70:6 70:15 70:18 70:19 70:23 71:1 71:3 |
| **the**(293) | 71:6 71:7 71:8 71:10 71:12 71:13 71:14 71:15 71:16 71:19 71:20 71:22 71:22 71:23 71:23 72:1 72:2 72:3 72:4 72:7 72:7 72:7 72:9 72:13 72:13 72:14 72:17 73:7 73:10 73:11 73:13 73:3 73:4 73:7 73:7 73:8 73:8 73:9 73:9 73:10 73:11 73:12 73:12 73:17 73:19 73:20 73:20 73:21 73:21 73:22 73:23 73:23 74:1 74:2 74:5 74:5 74:8 74:8 74:8 74:9 74:11 74:13 74:14 74:16 74:19 74:20 74:21 74:23 74:24 74:25 75:2 75:2 75:4 75:6 75:7 75:8 75:8 75:9 75:13 75:13 75:16 75:17 75:19 75:22 75:23 75:23 75:24 75:25 75:25 76:1 76:2 76:5 76:6 76:7 76:8 76:13 76:16 76:17 76:18 76:18 76:19 76:20 76:21 76:23 76:24 77:1 77:2 77:2 77:3 77:5 77:5 77:5 77:6 77:7 77:8 77:10 77:12 77:13 77:14 77:14 77:15 77:18 77:21 77:24 77:24 77:25 78:2 78:2 78:4 78:4 78:6 78:13 78:14 78:16 78:17 78:17 78:18 78:20 78:21 78:21 78:23 78:24 79:2 79:3 79:4 79:11 79:17 79:19 79:19 79:23 79:24 79:25 80:2 80:4 80:6 80:7 80:9 80:10 80:11 80:11 80:11 80:13 80:14 80:15 80:17 80:17 80:18 80:19 80:19 80:20 80:20 80:21 80:22 80:22 80:24 80:25 81:1 81:2 81:2 81:3 81:3 81:4 81:11 81:13 81:14 81:16 81:19 81:21 81:22 81:25 82:2 82:5 82:9 82:10 82:14 82:16 82:18 82:18 82:20 82:21 82:22 82:23 82:25 83:3 83:5 83:8 83:9 83:9 83:10 83:12 83:13 83:14 83:15 83:16 83:20 83:22 83:23 83:23 83:25 84:1 84:2 84:4 84:6 84:10 84:11 84:12 84:15 84:18 84:21 84:24 84:25 85:1 85:2 85:2 85:4 85:6 85:8 85:11 85:12 85:17 85:19 85:19 85:20 85:24 85:24 86:5 86:6 86:8 86:9 86:10 86:14 86:16 86:13 86:15 86:15 86:15 86:16 86:18 87:2 87:3 87:5 87:8 87:9 87:11 87:12 87:14 87:16 87:19 87:20 87:22 87:23 87:25 87:25 88:3 88:5 88:8 88:12 88:16 88:17 88:17 88:18 |
| **their**(40) | 9:5 17:3 23:25 31:20 41:10 43:14 46:2 46:13 48:15 48:18 49:10 51:6 51:2 51:4 51:5 52:24 53:4 53:8 55:20 56:1 56:5 57:6 59:5 59:6 60:13 61:5 61:6 63:19 64:5 64:22 67:11 67:15 67:18 70:2 70:24 87:19 87:19 87:20 87:22 87:23 87:25 87:25 88:3 88:5 88:8 88:12 88:16 88:17 88:17 88:18 |
| **thelen**(3) | 54:5 54:5 54:6 |
| **them**(22) | 19:10 25:19 29:17 33:13 41:8 42:3 42:16 49:12 51:6 52:22 53:4 53:24 57:5 60:13 62:10 63:25 69:22 70:16 71:16 76:6 79:13 79:17 |
| **then**(23) | 5:16 9:13 9:18 16:4 17:5 27:17 37:21 43:16 52:16 52:20 52:23 52:25 52:25 53:5 53:13 53:14 53:21 55:24 60:9 64:19 80:20 83:17 87:9 |
| **theory**(6) | 10:2 23:25 40:2 54:22 58:4 86:24 |
| **there**(53) | 5:21 9:7 9:8 12:11 17:11 22:12 24:6 31:15 31:12 34:13 37:15 40:17 40:20 40:25 42:2 42:11 44:21 46:14 47:1 48:3 49:11 50:7 50:9 50:10 50:23 51:6 52:11 52:13 52:13 53:14 56:23 59:17 60:4 66:12 71:3 71:19 71:22 74:23 74:23 77:22 80:6 81:12 82:4 82:7 83:12 82:20 83:1 83:17 84:5 86:3 86:21 87:5 |
| **there's**(33) | 5:6 23:15 28:13 31:11 31:13 39:20 40:6 40:19 40:24 41:2 42:1 42:7 42:8 42:14 43:3 43:6 44:6 44:10 46:10 47:8 47:11 47:21 54:20 57:3 59:22 60:18 60:18 60:19 72:10 77:16 78:8 82:13 82:14 |
| **thereby**(1) | 15:6 |
| **therefore**(3) | 66:10 68:23 73:5 |
| **these**(5) | 12:8 23:12 23:12 24:14 33:14 36:12 37:4 42:13 62:9 63:14 64:11 64:17 65:8 65:11 65:18 66:18 66:19 66:23 67:6 67:9 68:7 69:22 71:17 72:3 73:18 73:25 74:9 74:11 74:12 77:16 79:17 79:19 82:3 82:3 83:4 |
| **they**(155) | 12:3 12:4 13:13 16:5 16:6 17:20 17:21 17:21 17:22 18:16 20:14 25:15 25:15 39:4 39:25 40:10 41:11 41:15 42:23 43:13 43:17 43:19 43:20 43:10 43:03 43:11 43:13 43:14 43:21 44:1 44:1 45:19 45:20 45:22 45:23 45:23 45:23 46:2 46:5 46:6 46:6 46:7 46:7 46:8 46:9 46:10 46:12 46:15 46:17 46:18 48:6 48:15 49:8 50:4 50:23 50:25 51:3 51:3 51:5 51:6 51:7 51:8 51:9 51:11 51:12 51:12 51:13 51:13 51:14 51:15 51:17 51:24 52:18 52:19 52:19 52:21 52:21 52:23 52:24 52:24 52:25 53:4 53:4 53:8 53:20 53:21 53:23 55:1 55:2 55:2 55:20 56:2 56:6 57:6 57:13 57:18 58:23 58:24 59:1 59:3 59:5 59:7 59:9 59:24 61:6 61:6 61:7 61:20 62:2 62:5 63:9 63:10 63:15 63:21 63:23 66:7 66:24 67:14 67:16 67:18 69:13 69:21 70:3 70:19 73:19 73:22 73:25 74:12 74:13 74:19 75:14 76:3 79:15 79:18 82:10 83:7 83:8 83:12 83:13 83:17 83:18 85:9 86:2 87:17 |
| **they'd**(2) | 45:21 46:12 |
| **they'll**(1) | 86:17 |
| **they're**(17) | 17:13 40:1 41:16 42:3 42:7 46:2 58:25 63:16 63:19 64:13 66:14 72:4 74:10 75:10 75:13 75:14 78:23 |
| **they've**(2) | 64:24 71:4 |
| **thing**(13) | 5:25 30:2 35:10 55:10 55:24 57:10 58:10 66:23 75:17 75:20 76:3 78:9 83:14 |
| **things**(10) | 5:19 34:13 39:7 41:2 52:8 54:22 57:22 66:13 69:17 70:25 |
| **think**(87) | 5:12 8:3 9:24 13:24 15:20 20:4 20:14 20:17 20:22 21:24 22:2 32:9 34:18 35:5 39:24 40:1 40:17 41:3 41:12 41:19 41:25 42:19 42:21 44:20 45:11 48:15 49:3 49:6 50:3 52:6 52:6 52:23 53:7 54:22 54:23 54:25 57:7 58:22 59:3 59:13 59:14 59:22 60:7 61:2 61:2 61:8 62:12 62:16 63:4 63:5 65:9 65:14 65:20 66:3 66:13 67:8 67:14 67:17 68:4 68:5 68:8 68:9 68:15 68:19 69:25 70:18 70:23 70:23 71:25 72:11 78:4 78:12 79:18 82:20 82:20 83:5 83:11 84:8 84:9 84:17 84:22 85:4 85:19 85:20 87:21 |
| **thinking**(1) | 39:22 |
| **third**(19) | 12:5 14:23 14:25 19:25 24:18 26:5 26:9 26:15 29:7 29:10 29:18 36:19 36:23 48:24 59:12 59:20 80:6 80:16 |
| **this**(199) | 7:3 7:12 7:18 8:4 8:7 8:18 8:22 8:24 9:1 9:3 9:22 10:5 10:16 11:14 11:20 12:11 12:14 12:16 12:21 13:6 13:14 13:16 13:23 14:6 14:15 14:24 16:7 16:21 17:10 17:25 18:13 18:15 18:19 19:24 20:22 20:22 20:25 21:9 21:25 22:23 22:24 22:19 23:1 23:7 23:14 23:20 23:23 24:24 24:24 25:15 26:5 26:15 26:21 27:12 28:13 29:10 29:13 29:21 29:24 30:3 30:3 30:22 31:14 31:17 32:5 32:24 33:5 33:15 34:9 35:15 35:19 36:7 36:9 36:11 36:25 37:6 37:15 38:18 41:14 41:16 41:20 42:12 43:8 43:10 44:5 44:11 44:22 44:24 45:2 45:19 45:17 47:11 48:7 48:18 48:18 49:9 49:9 50:13 50:16 51:1 52:21 52:22 53:12 53:24 55:6 55:6 55:8 55:22 56:2 56:22 56:23 57:4 57:5 57:9 57:11 58:16 59:14 60:10 60:18 61:6 61:20 62:2 62:4 62:13 62:17 62:17 62:19 62:20 62:21 65:1 65:7 65:11 66:20 67:23 68:1 68:23 69:10 69:21 70:8 70:9 70:13 70:14 70:22 71:13 72:5 72:14 72:23 73:2 73:5 73:7 73:19 73:24 73:23 73:25 74:2 74:10 74:12 74:14 74:24 75:3 75:20 76:2 76:6 76:9 76:16 76:19 79:6 79:7 79:10 81:1 81:9 82:2 84:5 84:7 84:9 84:19 85:1 85:6 85:24 86:9 86:9 86:11 86:14 86:16 86:17 86:21 87:11 87:11 87:12 88:3 |
| **those**(28) | 12:15 14:1 35:16 39:13 41:2 44:1 47:18 47:19 54:21 55:6 57:22 58:9 59:4 59:11 62:15 63:1 63:6 63:10 63:10 63:22 63:24 64:1 64:6 64:11 66:5 66:6 67:9 78:23 |
| **though**(9) | 9:8 24:6 30:12 39:25 41:5 53:18 55:17 57:4 60:16 |
| **thought**(8) | 9:22 22:15 35:12 35:25 45:25 56:12 56:24 85:21 |
| **thoughts**(1) | 81:14 |
| **three**(5) | 7:11 18:21 57:2 84:4 86:21 |
| **threshold**(2) | 22:2 22:4 |
| **through**(10) | 16:19 18:2 27:6 33:23 33:23 44:6 70:3 70:8 70:11 73:9 |
| **throughout**(1) | 12:21 |
| **throws**(1) | 62:8 |
| **thursday**(1) | 5:1 |
| **tick**(1) | 50:5 |
| **tied**(1) | 67:9 |
| **time**(37) | 5:22 7:21 7:23 11:16 16:4 16:9 16:20 17:5 26:8 31:14 31:15 31:16 32:4 32:13 32:20 33:5 33:15 34:2 39:22 44:22 45:9 46:17 48:17 50:1 50:2 50:10 53:24 55:7 61:8 66:1 76:6 73:12 73:14 86:1 86:3 87:15 |
| **timeliness**(21) | 14:7 14:16 16:18 17:1 17:13 17:19 18:4 18:12 31:18 31:23 32:8 34:18 34:21 57:15 57:17 57:21 61:2 73:13 78:21 78:22 78:23 |
| **timely**(6) | 16:11 16:17 32:1 50:25 60:23 70:3 |
| **times**(3) | 16:3 56:3 87:10 |
| **timing**(4) | 19:1 22:17 32:11 57:17 |
| **today**(18) | 5:21 6:11 6:17 11:24 14:9 16:22 18:18 22:18 37:18 38:24 40:2 41:13 42:20 45:11 69:7 78:17 79:15 81:9 |
| **today's**(3) | 18:20 20:1 35:5 |
| **together**(12) | 9:12 22:12 31:2 31:5 74:1 74:3 74:13 74:14 78:1 82:5 82:12 82:13 |
| **told**(3) | 34:3 34:4 75:16 |
| **too**(7) | 19:22 32:24 44:23 61:3 69:12 70:7 70:8 |
| **took**(3) | 12:23 36:14 56:11 |
| **towards**(2) | 86:8 86:12 |
| **tower**(1) | 21:21 |
| **traci**(1) | 88:21 |
| **trade**(1) | 11:5 |
| **trail**(1) | 78:25 |
| **transactions**(1) | 76:14 |
| **transcriber**(1) | 88:21 |
| **transcript**(4) | 1:18 1:47 38:8 88:17 |
| **transcription**(3) | 1:40 1:40 1:47 |
| **transferred**(1) | 75:14 |
| **transpired**(1) | 70:22 |
| **traveler's**(4) | 48:16 59:11 59:15 59:19 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**treat**(3) 74:11 74:20 74:21

**treated**(1) 86:16

**trial**(60) 6:14 10:6 13:14 14:2 14:16 14:24 15:3 15:4 15:13 15:15 15:19 15:23 15:24 16:4 16:10 24:20 24:23 25:4 41:9 44:1 44:5 44:8 44:10 44:12 44:17 45:15 45:20 46:15 46:23 47:9 47:24 48:19 50:15 51:5 57:11 57:13 58:6 58:25 59:2 59:6 60:3 60:17 60:18 71:10 74:15 75:1 75:2 75:6 75:7 75:8 76:1 76:19 77:4 77:9 77:12 78:1 78:3 78:6 80:8 82:2

**trials**(3) 46:14 59:8 60:2

**tried**(6) 10:2 74:1 74:14 80:20 86:18 86:21

**trocio**(1) 18:10

**trozio**(1) 45:4

**true**(2) 28:9 74:25

**truly**(1) 13:24

**trump**(1) 42:17

**trust**(3) 51:6 52:22 76:10

**trustees**(1) 76:10

**try**(6) 9:13 66:5 66:10 74:2 78:18 81:5 84:16

**trying**(7) 34:25 42:3 62:22 69:12 71:6 71:16 85:19

**tuesday**(1) 20:4

**tunnel**(1) 1:13

**turn**(2) 24:14 70:4

**two**(10) 11:17 20:5 22:1 24:1 32:3 41:2 52:22 63:2 68:21 73:16

**type**(6) 11:8 20:11 20:20 26:19 29:15 76:16

**typical**(1) 60:9

**u.s**(11) 5:6 8:12 8:17 9:17 9:17 9:19 32:6 41:21 64:24 69:5 69:14 71:15

**u.s.c**(5) 12:8 27:13 46:19 76:4 83:3

**ultimate**(3) 22:3 66:16 72:8

**ultimately**(1) 61:1

**unauthorized**(2) 66:5 67:24

**unclear**(1) 22:11

**uncommon**(1) 35:15

**unconstitutional**(1) 29:20

**under**(32) 10:7 11:4 11:6 11:20 12:5 12:15 13:8 13:10 14:10 14:25 15:13 17:16 18:1 19:18 21:4 21:18 25:4 26:7 29:11 29:18 30:18 32:5 32:7 42:24 46:18 46:18 46:19 60:22 73:12 77:8 81:4 87:21

**understand**(7) 64:10 68:6 79:20 79:22 81:17 81:24 81:24

**understandably**(1) 30:6

**understands**(2) 65:11 79:4

**understood**(1) 34:6

**unfair**(3) 16:25 17:12 17:23

**uniform**(2) 40:21 40:21

**unilaterally**(1) 67:13

**union**(1) 2:34

**unique**(1) 35:12

**united**(3) 1:1 1:20 5:23

**unless**(5) 13:9 37:8 72:11 81:14 85:10

**unlike**(5) 12:20 26:14 33:14 41:14 48:5

**unnecessary**(1) 28:6

**unquestionably**(1) 67:8

**unsecured**(1) 3:21

**unsupported**(1) 27:9

**until**(11) 12:3 31:14 32:22 33:1 33:17 42:6 52:14 55:17 66:25 70:18 73:15

**untimeliness**(1) 16:12

**untimely**(5) 14:4 15:18 16:10 16:10 35:1

**uphold**(1) 58:8

**upon**(4) 8:25 10:19 27:16 50:12

**urged**(1) 56:19

**use**(5) 9:13 66:5 66:10 66:13 69:21

**used**(6) 48:20 66:9 67:23 67:24 70:1 79:7

**useful**(1) 87:17

**using**(1) 67:2

**usual**(1) 87:18

**vacardi**(1) 5:21

**valuing**(1) 17:19

**various**(4) 7:19 63:8 67:1 67:3

**vastly**(1) 26:18

**version**(1) 64:22

**versus**(1) 22:25

**very**(30) 9:21 14:17 16:19 22:11 22:19 23:1 31:14 34:23 39:6 40:18 42:25 45:8 55:7 58:10 62:11 63:17 64:1 64:2 64:14 64:25 65:10 68:4 73:20 74:19 81:8 81:19 84:13 85:15 87:17 87:17

**vice**(1) 38:12

**view**(4) 12:21 16:18 19:11 21:14

**viewed**(1) 34:19

**violate**(1) 37:2

**violated**(2) 63:20 75:3

**virtually**(2) 75:2 75:9

**virtue**(1) 23:5

**voluntarily**(5) 23:18 48:8 48:9 48:10 49:4

**voluntary**(1) 43:1

**voluntary.**(1) 23:5

**waited**(3) 9:17 51:6 51:12

**waiting**(2) 61:4 61:5

**waive**(4) 49:18 51:1 51:3 58:1

**waived**(3) 14:2 15:13 53:20

**waiver**(16) 14:16 14:23 15:2 15:19 15:24 16:5 16:10 24:20 24:23 25:4 61:18 62:14 68:9 79:1 80:8 80:9

**waiving**(1) 15:6

**walk**(2) 33:23 70:11

**want**(26) 5:9 5:11 14:2 14:14 22:10 22:22 25:17 28:22 30:2 32:12 35:10 40:10 63:5 63:13 68:20 73:1 73:19 75:6 75:14 75:18 79:2 79:2 79:6 80:13 86:3 85:25

**wanted**(11) 6:10 33:13 33:15 34:5 43:17 51:8 53:4 60:12 69:19 81:13 84:12

**wants**(4) 59:15 70:20 85:17 85:25

**warned**(1) 52:22

**warrants**(1) 16:25

**was**(136) 7:3 7:21 7:23 8:1 8:6 8:15 8:18 9:1 9:3 9:10 9:22 10:6 10:17 13:17 13:18 15:18 15:21 16:7 17:1 17:12 17:11 17:24 18:1 18:16 19:14 19:17 21:8 21:17 21:19 22:4 22:12 22:13 24:7 25:20 25:22 26:22 26:4 26:4 26:5 26:11 26:13 26:14 26:15 27:7 29:5 29:8 30:4 30:7 30:12 31:1 31:19 32:2 32:24 32:13 32:19 33:1 33:4 33:7 34:2 34:2 34:4 35:8 35:12 35:12 36:7 36:8 37:3 40:18 41:20 42:11 43:5 44:21 45:2 45:9 45:23 48:23 48:23 49:10 49:11 49:14 49:14 49:25 50:7 50:10 50:10 50:11 50:17 50:23 51:6 51:9 52:3 52:11 52:13 52:14 53:14 53:20 54:1 54:11 56:15 56:24 56:24 57:4 57:5 58:23 65:14 66:14 67:1 71:4 72:18 75:3 75:4 76:23 77:22 78:20 79:20 79:20 80:5 80:17 80:18 80:19 80:20 81:2 82:18 83:18 84:5 84:17 84:18 85:7 86:8 86:10 86:11 87:17 88:12

**washington**(1) 1:28

**wasn't**(8) 24:5 29:22 34:8 40:19 51:1 51:25 52:11 55:17

**wattar**(1) 56:20

**way**(23) 9:3 9:11 9:22 14:15 16:12 18:2 40:7 44:6 44:12 45:15 48:22 51:3 54:20 62:4 63:21 64:10 71:22 75:8 76:19 77:1 82:1 83:21 85:2

**ways**(2) 9:7 78:13

**wazoo**(1) 46:9

**we'd**(2) 16:12 64:19

**we'll**(4) 48:1 77:19 77:20 77:20

**we're**(35) 5:20 18:23 25:10 30:22 41:8 41:13 47:22 47:25 47:25 48:1 52:8 53:22 58:3 58:12 58:13 58:19 64:13 69:7 69:13 70:5 71:5 71:11 74:15 75:24 77:1 78:24 79:4 81:4 81:25 82:1 82:14 84:19 85:21

**we've**(2) 77:17 86:18

**week**(3) 18:24 33:19

**weeks**(5) 7:4 11:17 22:14 39:22 73:16

**weighing**(1) 41:2

**weighty**(1) 5:7

**welcome**(2) 6:15 38:19

**well**(21) 5:16 12:10 21:4 33:13 57:25 59:5 61:24 63:18 64:12 67:10 67:13 67:14 70:25 75:8 75:16 76:7 79:21 81:19 84:2 85:5

**wellness**(20) 5:13 19:5 19:11 20:4 20:8 20:24 22:2 22:4 22:8 22:18 22:21 39:9 56:13 56:14 56:19 79:20 80:14 80:17 81:6 83:15

**went**(3) 20:12 20:15 20:25

**were**(36) 7:11 7:19 8:13 9:7 12:2 12:3 13:13 18:16 19:17 22:5 27:16 28:5 29:23 30:18 31:4 34:11 34:13 35:20 36:6 36:12 43:3 46:2 48:17 50:9 50:9 50:14 51:15 51:19 64:5 63:5 73:13 74:19 78:9 79:9 83:16 87:17

**weren't**(10) 9:8 12:1 17:23 32:24 34:13 76:5 77:7 77:23 79:16 79:19

**west**(1) 3:7

**western**(1) 54:7

**weston**(1) 3:34

**what**(55) 7:23 9:17 9:20 11:7 13:13 15:21 19:11 21:23 22:7 25:20 25:22 26:18 30:23 32:13 34:4 40:1 40:3 41:11 41:13 42:19 42:21 43:1 44:20 46:17 51:9 51:13 52:21 54:1 56:9 56:23 57:13 57:18 57:22 60:22 63:3 63:14 63:17 66:5 67:20 68:7 68:16 69:6 77:19 77:19 77:23 73:24 75:10 76:3 77:22 78:7 78:20 79:18 81:5 81:6 85:5

**what's**(5) 45:11 47:5 67:21 70:22 70:22

**whatever**(6) 42:17 48:15 49:23 54:17 62:17 69:9

**when**(30) 14:23 17:5 22:12 25:3 25:9 27:12 30:22 31:8 31:15 34:14 36:8 36:25 42:22 47:12 48:22 49:3 50:6 51:24 52:15 58:7 59:9 50:14 51:15 51:19 64:5 66:13 66:25 67:1 70:6 71:3 71:8 80:5 85:19

**where**(27) 9:6 10:4 22:14 17:6 18:18 18:18 26:11 26:22 31:9 31:11 31:12 40:18 41:7 42:14 45:18 45:19 47:20 48:17 53:4 53:11 59:11 60:4 71:5 71:14 76:13 79:4 80:1

**whereupon**(1) 88:12

**whether**(25) 12:2 14:1 14:9 16:1 16:8 18:20 22:20 23:4 27:23 29:12 29:15 29:21 31:25 36:25 42:23 45:25 57:13 58:16 61:4 70:2 72:10 75:3 75:3 79:6 86:11

**which**(46) 7:18 7:20 10:23 14:19 18:1 19:20 19:20 21:1 23:16 24:19 27:2 28:18 29:8 31:1 31:13 31:13 32:5 32:7 32:17 33:7 33:10 37:3 37:17 40:2 40:15 41:5 49:19 50:12 50:19 52:7 54:22 55:10 55:12 62:12 63:7 64:2 65:2 65:3 66:16 67:17 68:1 69:10 73:23 80:23 85:5

**whichever**(1) 88:2

**while**(15) 8:15 9:4 17:1 17:2 21:25 24:24 34:21 35:14 42:1 45:9 47:10 54:15 61:1 70:14 70:16

**whitefoot**(1) 2:25

**who**(15) 5:21 6:10 8:13 12:20 21:10 29:22 41:14 41:23 43:5 56:15 57:12 60:11 65:1 70:8 82:16

**who's**(5) 6:16 33:23 38:9 41:4 60:10

**whole**(4) 25:6 43:24 50:20 76:2

**whom**(1) 83:17

**why**(31) 9:10 34:1 34:6 34:8 35:7 39:23 43:9 43:19 44:5 45:14 45:21 52:25 53:2 53:6 61:18 74:15 75:5 75:15 75:15 75:16 76:9 78:1 78:20 85:19 85:21 86:2 86:3 86:9 86:10 86:12 86:13

**will**(23) 9:14 13:25 14:6 14:17 16:16 21:8 22:4 39:18 44:5 54:9 55:23 68:6 71:9 78:12 79:24 81:22 82:11 87:6 87:24 88:2 88:3

**william**(1) 3:12

**willkie**(1) 3:33

**willy-nilly**(1) 40:23

**wilmington**(9) 1:12 1:35 2:7 2:15 2:29 2:43 3:15 5:1 60:20

**windsar**(2) 56:11 84:9

**winning**(1) 43:22

**with**(98) 5:16 5:20 6:11 6:14 7:8 8:19 10:23 11:19 12:15 13:5 14:21 14:22 17:8 19:2 20:19 21:3 21:9 21:10 21:13 21:14 21:16 22:18 23:8 23:21 24:15 24:20 24:25 26:9 26:24 28:14 29:22 30:7 30:19 30:22 31:7 33:7 33:10 34:19 35:17 36:10 36:15 38:5 38:9 39:24 40:7 40:20 41:4 41:5 41:8 42:9 43:5 43:16 44:2 45:17 45:18 45:24 47:11 48:24 49:23 50:1 51:13 51:16 51:17 51:25 55:18 56:7 59:4 61:14 61:18 62:18 64:21 66:18 66:20 68:15 68:18 69:8 69:19 70:14 70:15 70:17 71:1 73:1 74:7 75:2 76:6 76:14 77:12 78:10 79:8 79:10 80:16 81:1 81:8 83:8 85:21 85:22

**withdraw**(71) 9:18 10:6 11:16 11:18 14:1 14:4 14:13 14:21 15:17 16:3 16:16 16:23 17:5 18:13 24:12 26:13 27:2 30:4 30:17 30:23 31:3 31:5 31:7 31:16 31:21 31:23 31:25 32:9 32:11 34:17 34:22 35:1 35:8 35:13 35:16 35:18 35:22 36:6 36:14 43:14 43:25 43:25 50:13 50:24 51:25 60:23 62:22 67:13 68:22 69:3 69:22 70:18 71:16 72:17 72:17 76:16 78:16 78:17 82:1 82:14 82:15 83:2 86:15 87:25

**without**(11) 15:10 17:3 35:2 40:14 48:6 60:18 66:8 74:9 76:6 76:12

**won't**(1) 70:11

**word**(3) 69:25 81:22 85:12

**words**(5) 9:8 9:15 24:5 48:11 69:4

**work**(1) 39:9

**worked**(2) 9:23 43:22

**world**(1) 29:13

**would**(80) 9:21 9:23 9:24 9:25 10:3 13:14 18:6 18:7 18:7 18:24 20:15 21:21 22:5 24:18 25:1 27:18 28:6 28:8 29:19 30:8 30:10 30:15 30:16 30:16 30:21 31:2 32:1 34:18 35:3 35:6 35:11 36:11 39:9 39:20 42:19 42:10 42:15 42:21 43:20 44:7 44:11 44:20 47:10 47:11 50:5 50:19 51:11 53:2 53:3 55:21 57:1 57:14 57:21 58:2 58:24 59:10 59:23 61:22 62:6 62:7 63:1 63:4 63:9 63:14 65:6 68:25 72:1 74:3 74:15 75:5 76:24 77:5 79:12 81:25 83:1 83:5 83:14 85:5 86:2 86:14

**wouldn't**(10) 16:12 17:18 17:22 25:3 28:9 43:21 53:3 53:5 56:25 86:13

**writing**(2) 48:17 55:15

**wrote**(1) 48:25

**www.diazdata.com**(1) 1:44

**yeah**(4) 19:1 44:19 72:20 82:22

**year**(4) 26:2 54:12 54:12 71:10

**years**(9) 27:6 32:3 49:9 52:22 53:23 64:18 66:21 67:5 79:8

**yes**(34) 5:8 5:14 5:15 6:12 14:8 14:8 20:7 33:25 35:24 37:13 38:4 38:7 38:3 39:4 39:7 39:8 40:1 45:3 46:21 47:3 48:12 48:21 48:21 56:17 57:23 62:9 62:23 64:3 75:20 82:20 85:13 83:10 84:24 86:6

**yesterday**(3) 7:13 7:14 38:15

**yet**(9) 7:22 18:15 33:4 53:22 56:5 57:6 72:17 72:21 79:15

**york**(2) 2:22 3:8

**you**(150) 5:3 5:10 5:14 5:18 6:1 6:7 6:10 6:22 6:23 6:23 6:25 7:10 7:11 7:24 9:8 9:13 9:14 9:15 9:16 14:14 16:3 19:11 22:4 25:5 26:6 26:17 30:9 31:9 31:10 34:10 34:11 34:12 34:13 34:14 34:18 34:19 35:2 35:12 35:12 36:1 36:5 37:5 37:23 37:24 38:19 38:22 38:23 38:25 40:2 42:12 42:15 42:16 42:18 42:22 44:8 44:9 44:22 45:18 46:2 46:9 47:14 47:17 47:22 47:23 47:25 48:19 48:24 48:25 49:3 49:24 50:6 50:7 50:17 51:8 51:11 51:17 51:21 51:21 52:12 53:10 53:10 53:23 54:1 54:2 54:4 54:8 54:21 54:22 55:4 55:15 56:7 57:5 57:18 57:25 58:1 58:7 58:18 58:18 58:19 59:2 59:4 59:12 59:17 60:4 60:4 60:15 60:21 61:9 61:15 61:16 61:16 62:4 64:19 64:19 65:22 65:23 66:18 67:16 68:13 69:12 69:13 69:17 70:20 70:20 71:3 72:13 72:17 72:19 72:20 76:6 77:19 78:11 81:16 81:18 83:14 84:11 84:12 85:12 85:14 85:19 87:3 87:13 87:20 88:4 88:5 88:8 88:9 88:10

**you'd**(1) 34:15

**you'll**(1) 40:3

**you're**(19) 31:15 40:25 42:13 47:20 48:3 52:6 52:23 55:1 55:1 55:4 58:9 58:16 59:3 59:13 60:3 62:24 65:15 65:15 84:21

**young**(2) 2:10 3:39

**your**(148) 5:5 5:6 5:9 5:16 6:1 6:7 6:9 6:25 7:10 8:15 9:16 11:13 11:22 14:5 14:8 14:14 14:20 15:16 15:18 16:17 17:11 18:11 18:15 22:4 24:18 25:8 25:19 26:17 27:5 27:23 28:8 28:22 28:25 29:10 29:19 29:24 31:9 31:21 34:6 34:8 34:9 34:24 35:2 35:11 36:1 36:2 37:4 37:11 37:20 37:23 38:1 38:5 38:18 38:23 41:13 42:18 42:18 42:18 42:21 43:11 44:18 43:25 47:24 48:1 48:25 49:2 49:16 50:18 52:5 52:11 53:7 53:22 54:23 55:1 55:5 55:24 56:13 57:1 57:8 59:3 59:12 59:15 59:24 60:17 61:3 61:16 62:1 62:5 62:6 62:8 63:20 63:23 63:24 64:6 64:7 64:8 64:10 64:17 65:1 65:17 65:19 65:23 65:77 67:8 67:16 68:4 68:14 68:18 68:25 69:7 69:23 71:8 71:11 72:11 72:16 72:20 72:25 73:14 73:24 75:14 75:16 75:18 77:8 78:21 78:22 81:6 81:8 81:11 81:13 81:19 82:2 83:4 84:11 84:13 84:17 84:22 84:23 85:10 85:14 87:13 87:15 87:16 88:4 88:10

**yourself**(1) 60:4

**june**(1) 88:20