IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2015 JUN 18 PM 12: 13
CLERK
BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: **Nortel Networks, Inc. et.al.**    Chapter 11

Debtors    Case No. 09-10138 (KG)
Jointly Administered
Court ID (Court use only)_____

Re Docket Nos 15655 and 15736

<u>**AMENDED RESPONSE TO:**</u>  THE DEBTORS' THIRTY-EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (NO-BASIS DEFERRED COMPENSATION CLAIMS, NOBASIS PENSION CLAIMS, NO-BASIS CLAIMS, MODIFYAND ALLOW CLAIMS, RECLASSIFY AND ALLOW CLAIMS, WRONG DEBTOR CLAIMS AND REDUNDANT CLAIMS)
(Doc. 15655 Filed 05/29/15)

**Claimant: Peter S. Budihardjo**
**Claim Number: 3675**
**Scheduled Number 100816010**
**Description: Unpaid Severance Payment for 36 weeks (01/11/2009 to (09/20/2009)**
        **for a Total of $ 114,230.74.**

I, Peter S. Budihardjo, am filing an amendment to my response dated on 06/05/2015 (Docket No. 15736 filed 06/11/2015) based on the information received from Debtors counsel, Mr. Benjamin S. Beller, in an email dated 06/16/2015.

I believe that the waiver that I signed was not valid since I was given the untenable choice of forfeiting one earned benefit in order to receive another earned benefit. This choice was offered to me at the depths of the financial crisis in 2009 and just shortly after Debtors unexpectedly filed for Chapter 11 bankruptcy. The choice offered was not a choice for me since I had to decide how best to support myself and my family under very stressful circumstances.

I worked and produced for the Debtors for 31 years, 20 years in the US and 11 years in Canada,

and was 65 years old when I was laid-off by Debtors. I was awarded the Debtors (Chairman) Award of Excellence in 1993, Debtors President (R&D) Award of Excellence in 1992 and Debtors President's (China) Award of Excellence in 1994 for my significant contributions to Debtors.

Based on my 31 years of service to Debtors, I believe that I have earned the right to a severance settlement as well as my pension benefits. They were both part of my contractual understanding with Debtors.

It was not fair or equitable for Debtors to condition the start of the earned pension benefits on the forfeiture of earned severance pay. Judge Kevin Gross has previously recognized that fair treatment of laid-off employees is an important consideration. (Order Relating to John H. Yoakum, Docket 10161, 04/17/13).

I respectfully urge Judge Kevin Gross to allow my claim for my unpaid severance payment.

Respectfully submitted.

Dated: Cary, NC
June 17, 2015

s/ Budih

Peter S. Budihardjo
103 Lochfield Drive,
Cary, NC 27518
Telephone: 919-859-2383
email: peterbudihardjo@gmail.com

Copies via USPS Priority Mail to:

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Attn: Lisa M. Schweitzer

-and-

Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19899-1347
Attn: Derek C. Abbott