# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Nortel Networks, Inc., *et al.* ) | |
| ) | Case No. 09-10138 (KG) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Hearing Date: June 30, 2015 @ 10:00 am** |
| ) | **Response Due: June 19, 2015 @ 4:00 pm** |
| _____ ) | |

### PENSION BENEFIT GUARANTY CORPORATION'S JOINDER IN DEBTORS' THIRTY-EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE) TO, *INTER ALIA*, CLAIMS IN EXHIBIT A THAT ARE <u>NO-BASIS PENSION CLAIMS (DKT. NO. 15655 )</u>

In their Thirty-Eighth Omnibus Objection ("Objection"), the Debtors[1] object to the claims filed by certain employees ("No-Basis Pension Claims") with regard to amounts asserted for pension benefits owing under the Nortel Retirement Income Plan ("Pension Plan"). The Pension Plan terminated, effective July 17, 2009, and PBGC became the statutory trustee of the Pension Plan on September 8, 2009. At termination, the Pension Plan had approximately 22,000 participants. PBGC is paying or will pay pension benefits to participants—including participants asserting No-Basis Pension Claims. PBGC joins in the Debtors' Objection solely with regard to the No-Basis Pension Claims, because participants must look exclusively to PBGC for any benefits they may be entitled to under the terminated Pension Plan.

The Debtors briefly describe PBGC's claims against each of the Debtors in footnote 10 of the Objection. While the description of the PBGC's claims as initially

---

[1] Terms not otherwise defined herein are defined in the Debtor's Objection.

filed on September 29, 2009, is generally correct, on or about July 7, 2014, PBGC amended its claims.[2]

PBGC administers the nation's termination insurance program for defined benefit pension plans under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA").  29 U.S.C. §§ 1301-1461 (2012 & Supp. I 2013).  If a pension plan covered by the insurance program terminates and lacks sufficient assets to pay all promised benefits, PBGC becomes statutory trustee of the pension plan and pays the pension plan's benefits subject to the statutory limitations set forth in 29 U.S.C. § 1322(b).  *See* 29 U.S.C. §§ 1322, 1341(c), 1342, 1361; *PBGC v. LTV Corp.*, 496 U.S. 633, 637-638 (1990); *Nachman Corp. v. PBGC*, 446 U.S. 359, 375 (1980).

Participants may not recover pension benefits under the terms of a terminated pension plan from their employer.  *United Steelworkers of Am. v. United Eng'g, Inc.*, 52 F.3d 1386, 1393 (6th Cir. 1995); *Ricke v. Armco, Inc.*, 882 F. Supp. 896, 899 (D. Minn. 1995), *order aff'd and remanded by*, 92 F.3d 720 (8th Cir. 1996); *In re Lineal Group, Inc.*, 226 B.R. 608, 613-14 (Bankr. M.D. Tenn. 1998); *Adams Hard Facing Co. v. AHF Corp.*, 129 B.R. 662, 663 (W.D. Okla. 1991).  In the leading case of *United Engineering*, the Sixth Circuit held that ERISA preempts employees' direct actions against employers to recover pension benefits.  52 F.3d at 1393.  *See also Int'l Ass'n of Machinists and Aerospace Workers v. Rome Cable Corp.*, 810 F. Supp. 402 (N.D.N.Y. 1993) ( "It would be counterproductive indeed to find that the employer would, following

---

[2] The amended claims were assigned claim numbers 8760, 8761, 8762, and 8763, superseding the claim numbers cited in the Objection.  PBGC's unfunded benefit liabilities claim was asserted in the amount of $624,601,972.  The premium claim was asserted in the amount of $83,392,500.  The other two claims were asserted in the amount of zero.

a distress termination, be liable not only to the PBGC but also remain liable to the plan participants and beneficiaries.").

To hold otherwise would result in a double recovery by the participants and double payment by the employer's bankruptcy estate. Participants would recover nonguaranteed benefits from both the employer and PBGC, and the bankruptcy estate would be paying the same claim twice, once to participants and once to PBGC.

## CONCLUSION

WHEREFORE, PBGC requests that this Court disallow the No-Basis Pension Claims, and grant such other and further relief as the Court deems proper.

Dated: June 19, 2015                                    Respectfully submitted,

/s/ Vicente Matias Murrell
ISRAEL GOLDOWITZ
Chief Counsel
CHARLES FINKE
Deputy Chief Counsel
GARTH D. WILSON
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: (202) 326-4020, ext. 3580
Facsimile: (202) 326-4112