## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS, INC., *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered)<br><br>**Re: D.I. 15615, 15737, 15738, 15739, 15741, 15743**<br><br>Hearing Date: June 25, 2015 at 9:00 a.m. (ET)<br>Reply Deadline: June 22, 2015 at 4:00 p.m. (ET) |

### REPLY IN FURTHER SUPPORT OF MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK, AS INDENTURE TRUSTEE FOR THE NNCC NOTES, PURSUANT TO FED R. CIV. P. 52(b), 59(e), AND 60 FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER AND ALLOCATION TRIAL OPINION AND IN RESPONSE TO CERTAIN OBJECTIONS THERETO

Law Debenture Trust Company of New York ("Law Debenture"), as indenture trustee for the NNCC Notes, by and through its attorneys, Patterson Belknap Webb & Tyler LLP and Morris James LLP, hereby submits this reply ("Reply") (a) in further support of the *Motion of Law Debenture Trust Company of New York, as Indenture Trustee for the NNCC Notes, Pursuant to Fed. R. Civ. P. 52(b), 59(e), and 60 for Partial Reconsideration of the Court's Order and Allocation Trial Opinion*, dated May 26, 2015 ("Motion") [D.I. 15615], and (b) in response to the: (i) *Objection and Response of Stephen Taylor, Conflicts Administrator for Nortel Networks SA, to Motions for Reconsideration and Clarification of the U.S. Debtors, Bondholders and Law Debenture*, dated June 12, 2015 (the "NNSA Objection") [D.I. 15737]; (ii) *Canadian Creditors' Committee ("CCC") Objection to Motions for Reconsideration and/or Clarification,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226).

dated June 12, 2015 (the "CCC Objection") [D.I. 15738]; (iii) *Monitor and Canadian Debtors'*
*Objection and Response to Motions for Reconsideration, Clarification or Amendment*, dated
June 12, 2015 (the "Monitor's Objection") [D.I. 15739]; (iv) *Joint Administrators' Objection*
*and Response to the Motions for Reconsideration and Clarification*, dated June 12, 2015 (the
"Joint Administrators' Objection") [D.I. 15741]; (v) *Opposition of the U.K. Pension Claimants*
*to the Motions for Clarification and/or Reconsideration of the May 12, 2015 Allocation Trial*
*Opinion and Order/Reasons for Judgment*, dated June 12, 2015 (the "UKPC Objection," and,
with the NNSA Objection, Monitor's Objection, CCC Objection and Joint Administrators'
Objection, the "Objections") [D.I. 15743].[2]  In support of this Reply,[3] Law Debenture states that:

**REPLY**

1.      The Objections confirm that Law Debenture is entitled to the "limited and
targeted" relief on the two points it seeks in its Motion.  Motion, ¶ 1.

2.      First, Law Debenture notes that the definition of "Bondholders" in the Allocation
Decision at page 43 and the Appendix omits reference to holders of bonds issued by "NNCC."
In an obvious typographical error, the Court referred twice to bonds issued by "NNC" – it
appears that the Court inadvertently left off the second "C" in the second reference to NNC.
This typographical error can be fixed easily.  And no Core Party disputes this.  The Monitor and
the Canadian Debtors state, "As Law Debenture points out, in the U.S. Opinion's Appendix A
and at page 43 of the U.S. Opinion, the definition of 'Bondholders' should refer to 'NNCC'
instead of the second reference to 'NNC.'"  Monitor's Objection, n.3, ¶ 75, n.137, and ¶ 15

---

[2] *The Objection of Wilmington Trust, National Association, as Successor Indenture Trustee to U.S. Debtors' Motion*
*for Clarification and/or Reconsideration of the May 12, 2015 Allocation Opinion and Order*, dated June 12, 2015
(the "WTNA Objection") [D.I. 15742] objects only to the *U.S. Debtors' Motion for Clarification and/or*
*Reconsideration of the May 12, 2015 Allocation Trial Opinion and Order*, dated May 26, 2015 (the "U.S. Debtors'
Reconsideration Motion") [D.I. 15611].  Therefore, Law Debenture need not reply to the WTNA Objection.

[3] Capitalized terms used but not defined in this Reply have the meanings given to them in the Motion.

7896660

(acknowledging the reference to NNCC should be clarified).  No other party contests Law

Debenture's request for reconsideration on this point.  Accordingly, this portion of the Motion

should be granted.

3.      <u>Second</u>, the Motion seeks clarification that NNCC is entitled to a direct

distribution from the Lockbox.  The U.S. Debtors' Reconsideration Motion requests similar

clarification with respect to all Debtors, not just NNCC.  Again, the Objections demonstrate why

clarification is necessary.

4.      Law Debenture's reading of the Allocation Decision, which clearly rejects the

requests for substantive consolidation, is not only correct but shared by other parties.  The

Monitor and the Canadian Debtors are the only parties taking the contrary position that "The

Decisions are clear that allocation shall be made to the Debtor Estates, not to individual Nortel

Debtors." Monitor's Objection, ¶ 77.  In complete contrast, the Joint Administrators agree that

"The U.S. Allocation Decision clearly recognizes the legal separateness of each individual debtor

entity and, in furtherance thereof, provides that *each* entity will receive an allocation . . . ."  Joint

Administrators' Objection, ¶ 29 (emphasis in original).  Likewise, the UKPC states, "The fifth

request for clarification [in the U.S. Debtors' motion], which seeks clarification that the Lockbox

Funds will be allocated to specific Debtor estates and not to Debtor groups, is not controversial,

and the U.K. Pension Claimants do not object to the U.S. Debtors' request for such clarification."

UKPC Objection, n.4.  *See* ¶ 35 (noting that "the Courts determined that allocating the Lockbox

Funds to each Debtor based on its respective claims provides the most appropriate proxy for each

Debtor's role, or share, in the Lockbox proceeds by reference to the Nortel Group's operations").

5.      Law Debenture respectfully submits that, for the reasons stated in its Motion (¶¶

22-24), the U.S. Debtors' Reconsideration Motion (¶¶ 40-42), and the Joint Administrators'

Objection (¶¶ 29-33), each individual Debtor should receive its own allocation from the Lockbox

7896660

based on the allowed claims against that individual Debtor. Those claims, when combined with the other claims of a particular group of Debtors, will constitute the quantum of claims used to determine the *pro rata* allocation to a particular geographic region. The result advocated by the Monitor and the Canadian Debtors – that allocation must be made only to the three Debtor Estates of the United States, Canada, and EMEA – would ignore this Court's decision that the corporate separateness of each Debtor must be respected and impose a form of geographic consolidation that was expressly rejected by the Allocation Decision.

WHEREFORE, Law Debenture respectfully requests that this Court grant the Motion, overrule the Objections, and award such other and further relief as the Court deems just and proper.

Dated:    Wilmington, Delaware
          June 22, 2015

MORRIS JAMES LLP

Stephen M. Miller (DE Bar No. 2610)
500 Delaware Avenue, Suite 1500
P.O. Box 2036
Wilmington, Delaware  19899-2306
Telephone:  (302) 888-6800
Facsimile:  (302) 571-1750
Email:  smiller@morrisjames.com

– and –

PATTERSON BELKNAP WEBB & TYLER LLP
Daniel A. Lowenthal
Brian P. Guiney
1133 Avenue of the Americas
New York, New York  10036-6710
Telephone:  (212) 336-2000
Facsimile:  (212) 336-2222
Email:  dalowenthal@pbwt.com
        bguiney@pbwt.com

*Attorneys for Law Debenture Trust Company of New York, as Indenture Trustee*

7896660