# Exhibit C

**Form of Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS INC., <u>et al.</u>[1] | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NORTEL NETWORKS INC., <u>ET</u> AL. TO EMPLOY AND RETAIN BERKELEY RESEARCH GROUP, LLC AS SUCCESSOR FINANCIAL ADVISOR, *NUNC PRO TUNC* TO JUNE 1, 2015**

Upon (i) the application (the "<u>Application</u>")[2] of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") for the entry of an order authorizing the Committee to retain and employ Berkeley Research Group, LLC ("<u>BRG</u>") as its successor financial advisor in connection with these Chapter 11 Cases, *nunc pro tunc* to June 1, 2015, pursuant to sections 328(a), 330 and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq.</u> (as amended and supplemented, the "<u>Bankruptcy Code</u>"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "<u>Local Bankruptcy Rules</u>"), and (ii) the Affidavit of Jay I. Borow, a Managing Director of BRG, sworn

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

to on June 17, 2015 (the "Borow Affidavit") which is annexed as Exhibit B to the Application; and the Court being satisfied based on the representations made in the Application and the Borow Affidavit, that BRG represents no interest adverse to the Committee and/or the Debtors' estates with respect to the matters upon which it is to be engaged, that BRG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, that BRG's employment is necessary and in the best interest of the Committee and the Debtors' estates; and finding that proper and adequate notice of the Application has been given; and it appearing that no other notice need be given; and this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334; and this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of these cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. In accordance with sections 328(a), 330 and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Committee is hereby authorized and empowered to employ and retain BRG as its successor financial advisor, *nunc pro tunc* to June 1, 2015, in connection with these Chapter 11 Cases on the terms set forth in the Engagement Letters.

3. Capstone shall no longer act as financial advisor to the Committee as of May 31, 2015.

4. Capstone shall file a final fee application seeking allowance of compensation and reimbursement of expenses rendered during the period January 26, 2009 through May 31, 2015 no later than one hundred and twenty (120) days following entry of this order.

5.  BRG shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court.

6.  Notwithstanding anything to the contrary set forth above, the Office of the United States Trustee retains the right to object to any interim or final fee application filed by BRG (including any request for the reimbursement of expenses) on any grounds provided for under the Bankruptcy Code (including, without limitation, the reasonableness standard provided for in section 330 hereof), the Bankruptcy Rules, or any Local Rules or Orders of this Court.

7.  The provision set forth in the Engagement Letters relating to BRG's indemnification by the Debtors is approved, subject during the pendency of the Chapter 11 Cases to the following:

(a) Subject to the provisions of subparagraph (c), infra, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, BRG, its members and employees, in accordance with the Engagement Letters for any claim arising from, related to, or in connection with the services provided for in the Engagement Letters, but not for any claim arising from, related to, or in connection with BRG's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Court;

(b) notwithstanding any provisions of the Engagement Letters to the contrary, the Debtors shall have no obligation to indemnify BRG or provide contribution or reimbursement to BRG (i) for any claim or expense that is judicially determined (the determination having become final) to have resulted from BRG's gross negligence, willful misconduct, bad faith or self-dealing or (ii) for a contractual dispute in which the Debtors allege the breach of BRG's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et. al., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), infra, to be a claim or expense for which BRG should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letters, as modified by this Order;

  (c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, BRG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letters (as modified by this Order), including without limitation the advancement of defense costs, BRG must file an application before the Court, and the Debtors shall not pay any such amounts to BRG before the entry of an order by the Court approving the payment.  This paragraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for compensation and expenses by BRG for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify BRG.

  8. Notwithstanding the possible applicability of Rules 6004, 7062 and 9014 of the Bankruptcy Rules, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

  9. BRG shall serve a copy of this Order and a notice of entry of this Order on all known creditors and parties of interest within five days of the entry of this Order.

  10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
   _____, 2015

               THE HONORABLE KEVIN GROSS
               UNITED STATES BANKRUPTCY JUDGE