# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- X
:
In re:                                            : Chapter 11
                                                  :
NORTEL NETWORKS INC., *et al.*,[1]                : Case No. 09-10138 (KG)
                                                  :
                          Debtors.                : Jointly Administered
                                                  :
                                                  : **RE: Docket No. 15544**
---------------------------------------------------------------------- X

## NOTICE OF FILING OF LETTER REGARDING EMEA
## INSOLVENCY PROCEEDINGS AND CLAIMS PROCEDURES

**PLEASE TAKE NOTICE THAT** in accordance with the Allocation Trial Opinion [D.I. 15544], attached as <u>Exhibit A</u> is a letter from the English legal advisors for the Joint Administrators of the Nortel debtors in the EMEA region, which provides an update on the insolvency proceedings that are taking place in the various EMEA jurisdictions. This includes the steps being taken to implement claims procedures.

---

[1] The Debtors in these Chapter 11 cases are: Nortel Networks Inc., Nortel Networks Capital Corporation, Alteon WebSystems, Inc., Alteon WebSystems International, Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc. and Nortel Networks Cable Solutions Inc.

Dated: Wilmington, Delaware  
June 24, 2015

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: /s/ Jaime Luton Chapman
    James L. Patton (No. 2202)
    Edwin J. Harron (No. 3396)
    John T. Dorsey (No. 2988)
    Jaime Luton Chapman (No. 4936)

Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Fax: 302-571-1253

– and –

HUGHES HUBBARD & REED LLP

William R. Maguire (*admitted pro hac vice*)
Derek J.T. Adler (*admitted pro hac vice*)
Neil J. Oxford (*admitted pro hac vice*)

One Battery Park Plaza
New York, New York 10004
Telephone: 212-837-6000
Fax: 212-422-4726

*Counsel for the Joint Administrators*

# EXHIBIT A



Mr Justice Newbould
Ontario Superior Court of Justice
393 University Avenue - 10th Floor
Toronto, ON M5G 1EG

Hon. Kevin Gross
United States Bankruptcy Court
824 Market Street North - 3rd Floor
Wilmington
DE19801

Herbert Smith Freehills LLP
Exchange House
Primrose Street
London EC2A 2EG
T  +44 (0)20 7374 8000
F  +44 (0)20 7374 0888
DX28

www.herbertsmithfreehills.com

Our ref
7938/30907295
Your ref

Date
24 June 2015

Dear Mr Justice Newbould and Judge Gross

**In re: Nortel Networks Inc. et al. and In The Matter of the Companies' Creditor Arrangements Act – Purchase Price Allocation**

We are the English legal advisors to the Joint Administrators of nineteen individual entities in respect of which Mr Justice Blackburne of the High Court of England and Wales made an administration order under the Insolvency Act 1986 on 14 January 2009 (the "**Joint Administrators**" of each of the EMEA Debtors).

We refer to the Judgments issued by both Courts on 12 May 2015 in relation to the allocation of sale proceeds of the various businesses and assets of the global Nortel Group (the "**Judgments**").

**The Process for determining "Allowed Claims"**

The Judgments emphasise the need for the individual Nortel Debtors to work expeditiously to proceed to determine the "Allowed Claims" of each estate such that the Lockbox division can be finalised.

In particular, Mr Justice Newbould states at paragraph 253 of his Judgment that: "*I understand that for the Canadian Debtors and the US Debtors, the claims for the most part are generally known although there are some claims still unresolved, such as the SNMPRI claim. The [Administrators have] not yet instituted a claims procedure, apparently awaiting a determination of this allocation proceeding. In my view, the process should be undertaken now and I expect this will happen*". At paragraph 258(6) he says: "*Proposed schedules for expediting any remaining claims procedures are to be provided without delay*".

Similarly, at page 62 of his Judgment, Judge Gross states: "*The Court has every confidence that the tribunals overseeing the Nortel insolvency proceedings across the globe will adjudicate the claims at issue therein in a just, efficient [63] manner. The Court is prepared to act if they do not. In any event, such hypothetical, procedural hurdles simply do not persuade the Court against adopting the allocation approach which clearly yields the most equitable result in these circumstances.*"

Herbert Smith Freehills LLP and its subsidiaries and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills LLP is a limited liability partnership registered in England and Wales with registered number OC310989.  It is authorised and regulated by the Solicitors' Regulation Authority of England and Wales.  A list of the members and their professional qualifications is open to inspection at the registered office, Exchange House, Primrose Street, London EC2A 2EG.  We use the word partner of Herbert Smith Freehills LLP to refer to a member of Herbert Smith Freehills LLP, or an employee or consultant with equivalent standing and qualifications.



Date
24 June 2015
Letter to
Mr Justice Newbould

Finally paragraph D of the Order handed down by the US Court at the same time as the Judgment requires "*the Debtor Estates (i.e. the Canadian Debtors, the U.S. Debtors and the EMEA Debtors) [to] submit proposed schedules for expediting claims procedures for their own Estate*".

Following the clear direction of the Courts, the Joint Administrators of the individual EMEA Debtors have been determining the most efficient manner in which to commence a procedure for the identification of and allowance of claims in the context of the UK Insolvency Act 1986.

**Timing of Claims Procedures under the UK Insolvency Act 1986**

In the administration process under the UK Insolvency Act 1986, it is generally only appropriate to commence a claims determination and distribution procedure where it is known and intended that a dividend will be paid in due course.

For various reasons, in the case of each of the administrations of the individual EMEA Debtors, not least the need to resolve the allocation of the proceeds of the business and IP sales, the Joint Administrators have not yet been in a position to make any meaningful interim distribution to creditors and therefore they have not sought to instigate any form of claims determination and distribution procedure.

The Joint Administrators of the individual EMEA Debtors did undertake an informal proof (i.e. claims determination) procedure in 2010 which was sanctioned by the High Court of England and Wales. The Order of Mr Registrar Nicholls sanctioning the informal proof procedures is enclosed with this letter.

**Appointment of a Supervisory Judge for the individual EMEA Debtors**

The Companies Court, a division of the Chancery Division of the High Court of England and Wales, has jurisdiction over matters in relation to the Insolvency Act 1986. To deal with, inter alia, the efficient processing of these claims procedures and to enable judicial co-operation with the US and Canadian bankruptcy processes, we wrote to the Chancellor of the High Court of England & Wales (the "**Chancellor**") requesting the appointment of a supervisory Judge in this matter. Judges are not automatically nominated to supervise insolvency procedures in the English Courts. The parties must make a specific request of the Chancellor to nominate a supervisory judge who will be responsible for hearing applications and disputes arising out of the insolvency proceedings.

It had not previously been necessary to seek the appointment of a supervisory Judge as the involvement of the English Court has been limited to discrete applications in relation to which the background to the collapse of the Nortel Group and the issues surrounding the allocation of the proceeds of the business and IP sales were not directly relevant. In light of the handing down of the Judgments, the Joint Administrators of the individual EMEA Debtors have now written to the Chancellor to seek the appointment of a supervisory Judge to the Nortel administration proceedings to hear (at least in the first instance) all applications for directions and disputes arising in the administrations and, to the extent appropriate, to cooperate with Judge Gross and Mr Justice Newbould (see the enclosed letter).

The Chancellor has advised us that he has appointed Mr Justice Snowden, a judge of the Chancery Division of the High Court of England and Wales, as the supervisory Judge in relation to the various EMEA Debtors.  As the supervisory Judge, Mr Justice Snowden will, subject to availability, deal with any hearings in relation to the various EMEA Debtors (including contested claims) and will be the appropriate judge to engage in any judicial co-operation with the Canadian and US Courts that is deemed necessary and appropriate.



Date
24 June 2015
Letter to
Mr Justice Newbould

One of the benefits of having a supervisory Judge is that, once he has dealt with the application referred to in the following section of this letter, he will come to each application with knowledge of the Nortel collapse, of the administration of the EMEA Debtors and of the issues which arise as a result of the sale of the business and IP sales on a Group basis.

**EMEA Claims Procedures**

The Joint Administrators will shortly be making an application to Mr Justice Snowden (which will be heard at the first available date before Mr Justice Snowden which is expected to be in mid-July 2015) seeking the following orders:

- In relation to NNUK, that the Joint Administrators of NNUK have permission to make a small interim distribution (and further distributions in due course depending on the amount of the Lockbox allocated to NNUK) to unsecured creditors and to declare dividends in respect of such distributions pursuant to the Insolvency Act 1986. If granted, this will enable a claims determination procedure to commence for NNUK.

- In relation to the 18 other EMEA Debtors, that the Joint Administrators of each of those entities be at liberty to promulgate a company voluntary arrangement ("**CVA**") pursuant to the Insolvency Act 1986. A CVA is a compromise or arrangement with creditors under Part 1 of the Insolvency Act 1986. If such liberty is granted, this will enable claims determination procedures to be commenced within the CVA processes. It is intended that that procedure will provide creditors with similar rights of appeal to the High Court against the determination of the Joint Administrators as to the admittance and quantum of their, or any other creditor's, claim against the relevant EMEA Debtor as are provided for by statute in relation to the process which applies in an administration which becomes distributive.

If granted, these orders will enable the Joint Administrators of each of the EMEA Debtors to commence claims determination procedures in respect of each of the EMEA Debtors as required by the Judgments. They will also enable an efficient process for the determination of claims and will provide judicial determination of any significant disputed claims.

This letter will be included in the exhibit to the witness statement filed in support of that application.

The Joint Administrators of each of the EMEA Debtors will provide to the US and Canadian Courts an update, including proposed schedules for the determination of the proof process as requested in the Judgments, as soon as practicable following the anticipated hearing in mid-July 2015.

The Joint Administrators of each of the EMEA Debtors will seek to conduct the claims determination procedures in the most expedited manner feasible within the context of UK insolvency procedures.

If the Courts wish us to provide further detail as to the anticipated claims determination processes, we would be happy to provide such information as required.

Yours faithfully

*[signature]*

**Herbert Smith Freehills LLP**

Encs

IN THE HIGH COURT OF JUSTICE
CHANCERY DIVISION
COMPANIES COURT

MR    Registrar Nicholls



IN THE MATTERS OF:

NORTEL NETWORKS UK LIMITED ("NNUK")     No 536 of 2009
NORTEL NETWORKS SA ("NN FRANCE")        No 539 of 2009
NORTEL GMBH                             No 542 of 2009
NORTEL NETWORKS NV                      No 550 of 2009
NORTEL NETWORKS S.P.A                   No 552 of 2009
NORTEL NETWORKS BV                      No 553 of 2009
NORTEL NETWORKS POLSKA SP. Z.O.O        No 554 of 2009
NORTEL NETWORKS HISPANIA SA             No 535 of 2009
NORTEL NETWORKS INTERNATIONAL FINANCE &
HOLDING BV
NORTEL NETWORKS (AUSTRIA) GMBH          No 549 of 2009
NORTEL NETWORKS SRO                     No 537 of 2009
NORTEL NETWORKS ENGINEERING SERVICE KFT No 538 of 2009
NORTEL NETWORKS PORTUGAL SA             No 540 of 2009
NORTEL NETWORKS SLOVENSKO SRO           No 547 of 2009
NORTEL NETWORKS FRANCE SAS              No 551 of 2009
NORTEL NETWORKS OY                      No 544 of 2009
NORTEL NETWORKS ROMANIA SRL             No 545 of 2009
NORTEL NETWORKS AB                      No 546 of 2009
NORTEL NETWORKS (IRELAND) LIMITED       No 548 of 2009
("NORTEL IRELAND")
(INDIVIDUALLY THE "COMPANY" AND TOGETHER
THE "COMPANIES")                        No 541 of 2009

AND IN THE MATTER OF THE INSOLVENCY ACT 1986

## MINUTE OF ORDER

UPON THE APPLICATION OF:

(1) Alan Robert Bloom, Alan Michael Hudson, Stephen John Harris and Christopher John Wilkinson Hill of Ernst & Young LLP, the joint administrators of Nortel Networks UK Limited, Nortel Networks SA, Nortel GmbH, Nortel Networks NV, Nortel Networks S.p.A, Nortel Networks BV, Nortel Networks Polska Sp. z.o.o, Nortel Networks Hispania

10/26880397_5

1

SA, Nortel Networks International Finance & Holdings BV, Nortel Networks (Austria) GmbH, Nortel Networks sro, Nortel Networks Engineering Service Kft, Nortel Networks Portugal SA, Nortel Networks Slovensko sro, Nortel Networks Finance SAS, Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB; and

(2)   Alan Robert Bloom and David Hughes, the joint administrators of Nortel Networks (Ireland) Limited

AND UPON HEARING Counsel for the Applicants

AND UPON READING the First Witness Statement of Stephen John Harris dated 4 May 2010 and the exhibit thereto

IT IS ORDERED AND DIRECTED THAT:

(a) Pursuant to paragraphs 63 and 68(2) of Schedule B1 of the IA 1986, the Joint Administrators be at liberty to take the steps set out at paragraph (b) below;

(b) The Joint Administrators be at liberty to (i) request (in substantially the form annexed hereto) that the creditors of the Companies do submit details of their claims in writing to the Joint Administrators, and (ii) seek to agree such claims, despite the fact that, at present, the Joint Administrators do not yet propose to make (and are not yet in a position to make) a distribution to any class of creditors due to the current status of the administration;

(c) Pursuant to rule 7.31(5) of the Insolvency Rules 1986, the first witness statement of Stephen John Harris dated 4 May 2010 and the exhibit thereto shall not be open to inspection without the leave of the Court; and

(d) The costs of and incidental to this application be paid as an expense of the administrations and paid out of the assets of the Companies.

DATED THIS 1/ DAY OF MAY 2010



IW26880397_5

2

# A

## Lodgement of claim

- (bg) "Предявяване на вземане"
- (cs) "Přihlášení pohledávky"
- (da) »Anmeldelse af fordring«
- (de) „Anmeldung einer Forderung"
- (el) «Αναγγελία απαιτήσεως»
- (es) «Presentación de crédito»
- (et) "Nõude esitamine"
- (fi) "Saatavaa koskeva ilmoitus"
- (fr) «Production de créance»
- (ga) "Taisceadh éilimh"
- (hu) "Követelésbejelentés"
- (it) «Insinuazione di credito»
- (lt) "Reikalavimo pateikimas"
- (lv) "Prasījuma iesniegums"
- (mt) "Preżentazzjoni ta' talba"
- (nl) „Indiening van een schuldvordering"
- (pl) "Zgłoszenie wierzytelności"
- (pt) «Reclamação de crédito»
- (ro) "Cerere de admitere a creanței"
- (sk) "Prihláška pohľadávky"
- (sl) "Prijava terjatve"
- (sv) "Anmälan av fordran"

## Claim Form

### Nortel company name
Company number: •
Registered office address: •

### Date of administration order: 14 January 2009

**Address for the lodging of claims**
Claims may be lodged at one of the following addresses, or by email to nortelemea@uk.ey.com:

- Ernst & Young LLP
  1 More London Place
  London
  SE1 2AF
  United Kingdom

- Ernst & Young •
  Local EY address
  city
  postcode
  Local country

This form has 2 sides. The form must be signed by the creditor or a person authorised to act on behalf of the creditor. Supporting documentation should be provided with this form.

| 1 | Name of Creditor. | |
|---|---|---|
|   |   |   |

10/27783250_5

| | | | |
|---|---|---|---|
| 2 | If the Creditor is a company, give the company registration number and country of registration. | | |
| 3 | Address of Creditor for correspondence. (including country) | | |
| 4 | Country of residence/domicile/registered office of Creditor. | | |
| 5 | For convenience, name, telephone number (including country code) and email address (if available) for contact regarding the claim. | | |
| 6 | Preferred language of Creditor. | | |
| 7 | Total amount of claim, including any Value Added Tax or other sales tax and outstanding uncapitalised interest as at the date the company went into administration (14 January 2009). | | |
| 8 | Currency of claim (please state name of currency in full). | | |
| 9 | Details of any document by reference to which the debt can be substantiated. Please supply copies of supporting documents (together with any supporting calculations if applicable). | | |
| 10 | If amount in 7 above includes any Value Added Tax or other sales tax please state amount. | | |
| 11 | If amount in 7 above includes outstanding uncapitalised interest please state amount. | | |
| 12 | Particulars of how and when debt incurred (if you need more space append a continuation sheet to this form). If your claim is contractual please confirm details and if the contract has not been or will not be assigned or novated as part of the sales of the Nortel businesses, how the claim has been valued. | | |
| 13 | Particulars of any security held, including details of the assets covered by the security, the value of the security, and the date it was given. | | |
| 14 | Particulars of any reservation of title claimed in respect of goods supplied to which the claim relates. | | |
| 15 | Are you claiming preferential ranking under English insolvency law? | | |
| 16 | Are you claiming preferential ranking under the local insolvency law of the debtor? If so, please give details. | | |
| | Signature of Creditor or person authorised to act on his behalf | | |
| | Date | | |

| | Name in BLOCK LETTERS | |
|---|---|---|
| | Position with or relation to Creditor | |
| | Address of person signing (if different from 2 above) | |

| For official use only CLAIM REFERENCE NUMBER: | |
|---|---|
| Admitted to vote for | Admitted for dividend for |
| £ | £ |
| Date | Date |
| Administrator | Administrator |

)

10/27783250_5

3



**HERBERT SMITH FREEHILLS**

The Right Honourable The Chancellor of the High Court
7 Rolls Buildings
Fetter Lane
London EC4A 1NL

For the attention of The Clerk to The Right Honourable The Chancellor of the High Court

Herbert Smith Freehills LLP
Exchange House
Primrose Street
London EC2A 2EG
T +44 (0)20 7374 8000
F +44 (0)20 7374 0888
DX28

www.herbertsmithfreehills.com

Our ref

Your ref

Date
12 June 2015

By hand

Dear Chancellor

**In the matter of Nortel Networks UK Limited (in administration) and others (No. 536/2009)**

We act for the Joint Administrators of nineteen entities in the Nortel Networks group located in Europe, the Middle East, and Africa (collectively, the "**EMEA entities**") in proceedings under the Insolvency Act 1986, pending before the High Court of England and Wales. The Joint Administrators were appointed as administrators to the EMEA entities pursuant to the Order of Mr Justice Blackburne dated 14 January 2009 (see enclosed – Tab 1) on the basis that their centre of main interests (COMI) was in England.

On the same date certain entities registered in Canada filed for bankruptcy protection under the Companies' Creditors Arrangement Act in Canada (Canadian Debtors) and certain entities registered in the US filed for bankruptcy protection in the US under Chapter 11 of the United States Bankruptcy Code (US Debtors).

To date the process of this significant cross-border insolvency has been managed by the Joint Administrators largely without recourse to the Court. Together with the Canadian and US Debtors, the Joint Administrators have taken steps to realise the assets of the Nortel Networks Group by way of a number of business sales which completed in 2011 raising approximately $7.5 billion. Those sales proceeds are now held in a number of JP Morgan escrow accounts in New York (the "**Sales Proceeds**").

The division of the Sales Proceeds between the various EMEA entities and the Nortel Networks entities which are in bankruptcy proceedings in the US and Canada has been the subject of extensive litigation heard simultaneously in the District Bankruptcy Court of Delaware and the Superior Court of Justice in Ontario.

Judge Gross and Justice Newbould handed down their judgments on 12 May 2015 (the judgments are enclosed with this letter – Tabs 2 and 3). Pursuant to those judgments, the courts have ordered

Herbert Smith Freehills LLP and its subsidiaries and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills LLP is a limited liability partnership registered in England and Wales with registered number OC310989. It is authorised and regulated by the Solicitors' Regulation Authority of England and Wales. A list of the members and their professional qualifications is open to inspection at the registered office, Exchange House, Primrose Street, London EC2A 2EG. We use the word partner of Herbert Smith Freehills LLP to refer to a member of Herbert Smith Freehills LLP, or an employee or consultant with equivalent standing and qualifications.



**HERBERT
SMITH
FREEHILLS**

Date
12 June 2015
Letter to
The Right Honourable The Chancellor of the High Court

that each of the Nortel entities which sold assets in the various post-insolvency business sales is, broadly speaking, entitled to an allocation of the Sales Proceeds according to the percentage that each seller's creditor base represents as against the total creditor base of all sellers. We refer you, in particular, to paragraph 258 of the judgment of Newbould J and page 112 of the judgment of Judge Gross for a detailed description of the allocation mechanism ordered by the North American courts.

It is now incumbent on the Joint Administrators to commence a claims determination process in respect of each of the EMEA entities in order to establish the identities of the creditors of each of the EMEA entities and the quantum of their claims for the purposes of calculating the allocation due to each of the EMEA entities pursuant to the judgments. To date, the Joint Administrators have not sought the Court's permission to make distributions to the creditors of any of the EMEA entities, neither have they otherwise commenced any formal claims determination procedure.

In the case of Nortel Networks UK Limited ("**NNUK**") the Joint Administrators intend shortly to apply to Court pursuant to paragraph 65(3) of Schedule B1 to the Insolvency Act 1986 for permission to distribute, with a view to commencing a proof process under Chapter 10 of Part 2 to the Insolvency Rules 1986.

In the case of each other EMEA entity, the Joint Administrators intention is to introduce a claims determination procedure, and to make distributions, through a company voluntary arrangement (CVA) pursuant to Part I of the Insolvency Act 1986. Before doing so, the Joint Administrators intend to seek an order that they be at liberty to do so.

The High Court will be the forum for the determination of disputes as to the admissibility of creditors' claims against NNUK (under the Insolvency Rules 1986) and also against the other EMEA entities (in accordance with the terms of the CVAs, as the Joint Administrators currently envisage them).

Further, the judgment of Judge Gross (see page 112 of the Allocation Opinion dated 12 May 2015) appears to seek the involvement of the US Court in "*resolv[ing] any disputed claims to prevent claim inflation*" for the purposes of the allocation. To that end, it is likely that the claims determination processes for the EMEA entities will need to involve judicial cooperation pursuant to the UNCITRAL Model Law on Cross-Border Insolvency as given effect to by the Cross-Border Insolvency Regulations 2006.

There are further complexities involved in these administrations which make it likely that the Joint Administrators will need to seek further directions from the English Court. For example, the European Court of Justice made a ruling in relation to Nortel Networks SA (a French incorporated entity) on 11 June 2015 in respect of issues including the jurisdiction over assets in main and secondary proceedings. By way of a further example, the ranking in the administrations of liabilities flowing from financial support directions made under the Pensions Act 2004 against the EMEA entities other than NNUK was an issue which was only finally disposed of by the Supreme Court and there may be further pensions related issues which might require further judicial consideration.

It is likely, given the current status of these proceedings and the number of complex issues involved, that, going forwards, the Joint Administrators will, notwithstanding that these administrations commenced some years ago, be required to seek more frequent directions under paragraph 63 of Schedule B1 to the Insolvency Act 1986.

In light of this, the Joint Administrators consider that it would be of significant benefit to the ongoing conduct of the administrations for a single judge to be assigned to the Nortel administration proceedings, to hear (at least in the first instance) all applications for directions and disputes arising in the administrations and, to the extent appropriate, to cooperate with the judges in the US and



**HERBERT
SMITH
FREEHILLS**

Date
12 June 2015

Letter to
The Right Honourable The Chancellor of the High Court

Canada. We note that Judges have successfully been assigned in both the Lehman Brothers and MF Global insolvencies.

The Joint Administrators therefore respectfully invite you to appoint a Judge as the Judge assigned to the Nortel proceedings.

The Joint Administrators are at your disposal to provide any further information in relation to the Nortel proceedings. We would be grateful if any queries or further requests were directed to John Whiteoak (john.whiteoak@hsf.com) who is available by telephone at 020 7374 8000.

Yours faithfully

*[signature]*

**Herbert Smith Freehills LLP**

Encs

10/48084697_1

3