IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
               Debtors. : Jointly Administered
:
: Hearing date: June 30, 2015 at 10:00 a.m. (ET)
: RE: D.I.s 15655, 15736, 15773
:
:
---------------------------------------------------------------X

### DEBTORS' REPLY TO RESPONSE TO THIRTY-EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby respectfully submit this Reply (the "Reply") to the initial response [D.I. 15736] (the "Initial Response") and the amended response [D.I. 15773] (the "Amended Response", and together with the Initial Response, the "Response")[2] filed by Peter S. Budihardjo to the *Debtors' Thirty-Eighth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis Deferred Compensation Claims, No-Basis Pension Claims, No-Basis Claims, Modify and Allow Claims, Reclassify and Allow Claims, Wrong Debtor Claims and Redundant Claims)* [D.I.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] In response to the Initial Response, the Debtors provided Mr. Budihardjo with additional information regarding the reasons for the Debtors' objection with respect to his claim, as well as documents supporting such objection. Mr. Budihardjo subsequently filed the Amended Response.

15655] (the "Objection").[3]  In support of this Reply, the Debtors rely on the Declaration of Deborah Parker, dated June 25, 2015, attached hereto as Exhibit A (the "Parker Declaration"). In further support of this Reply, the Debtors respectfully represent as follows:

## Reply

1.      The Debtors, through the Objection, seek, among other things, the disallowance of Mr. Budihardjo's claim in the amount of $114,230.74 (claim number 3675) (the "Claim").[4] Mr. Budihardjo is not entitled to a claim for severance because he affirmatively waived such a claim to make himself eligible to receive benefits under the terms of the Nortel Networks Retirement Income Plan[5] and the Nortel Networks Retiree Medical Plan and Retiree Life Insurance and Long-Term Care Plan.[6]  Mr. Budihardjo does not dispute this fact, but instead argues that the waiver he signed should not be enforced against him.  While the Debtors acknowledge that the period during which Mr. Budihardjo waived his claim for severance was a difficult one for him as well as for many of the Debtors' other former employees, awarding Mr. Budihardjo a claim for severance now would be inconsistent with the Debtors' duty to preserve and manage their estates for the benefit of all of their creditors.

2.      The Debtors' books and records unambiguously show that Mr. Budihardjo waived his entitlement to receive severance payments or make a claim for such severance payments.[7]

---

[3]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

[4]     The Budihardjo Proof of Claim is attached hereto as Exhibit B.

[5]     A copy of the Nortel Networks Retirement Income Plan (the "Pension Plan") is attached to the Parker Declaration as Exhibit 1.

[6]     A copy of the Nortel Networks Retiree Medical Plan and Retiree Life Insurance and Long-Term Care Plan (the "Retiree Insurance Plan", and, together with the Pension Plan, the "Retirement Plans") is attached to the Parker Declaration as Exhibit 2.

[7]     As noted in the Initial Response, Mr. Budihardjo's Claim was originally included on the Debtors' Schedules filed on May 29, 2009.  However, the Claim was included on the Debtors' Schedules only because the Debtors' records as of that date had not been updated to reflect the executed severance waiver signed two months prior.  Because Mr. Budihardjo had waived his entitlement to severance payments, the Debtors' Schedules should

See Severance Waiver Form, dated March 26, 2009 attached as Exhibit 3 to the Parker Declaration (the "Severance Waiver").  The Severance Waiver clearly provides that by signing such waiver, Mr. Budihardjo forfeited all rights to make a claim for severance benefits in the Debtors' chapter 11 cases.  See Severance Waiver at 1, 4.  The Severance Waiver also highlights a number of potential considerations a former employee should consider before deciding whether to sign the waiver.  Id. at 1-2.

3.     Mr. Budihardjo acknowledges signing the Severance Waiver but nevertheless argues that the waiver "was not valid" because he was not given a real choice whether to sign the Severance Waiver and because enforcing such waiver would not be fair or equitable.  See Amended Response at 1-2.  Contrary to his assertion, Mr. Budihardjo's election to waive his right to a claim for severance payments in order to begin receiving retirement benefits earlier than he would have otherwise was not an empty choice, and in fact benefitted Mr. Budihardjo.  As explained in the Severance Waiver, the Retirement Plans preclude terminated employees from receiving retiree benefits while also accruing severance benefits.  See Severance Waiver 2, 4; Pension Plan, §§ 4.1, 4.2, 4.3.[8]  Accordingly, Mr. Budiharjdo was ineligible to receive retirement benefits until he was no longer eligible to receive severance payments.  As a result, the Debtors offered Mr. Budihardjo, and all other employees who were participants in the Retirement Plans, the option to waive their claims to severance payments in order to qualify to receive retirement benefits early.  The Debtors' offer was made in light of their chapter 11 cases and their inability to pay severance during the pendency of such cases, and in recognition of the

---

not have included the Claim.  In any event, Mr. Budihardjo's subsequently filed claim, filed on September 24, 2009, superseded the Debtors' Schedules, and the Debtors have objected to that claim accordingly.

[8]     The Retiree Insurance Plan also precludes retired employees from receiving benefits under such Plan until the end of the severance period by making only those employees who are eligible to receive retirement benefits under the Pension Plan eligible for benefits under the Retiree Insurance Plan.  See Retiree Insurance Plan, § 1.1, 2.1, 3.3; Pension Plan, Introduction.

3

fact that their failure to do so created challenges for their terminated employees. The Debtors concluded that former employees eligible to receive retirement benefits but for their ongoing entitlement to severance benefits should be given the option to receive retirement benefits before the expiration of their severance period. As a result, the Debtors offered eligible former employees the option to waive their entitlement to severance, thereby terminating the severance period, to begin receiving retirement benefits earlier. Like Mr. Budihardjo, many employees who were offered this option elected to waive their claims for severance.

4.      Mr. Budihardjo's decision to sign the Severance Waiver and accelerate his entitlement to retirement benefits rather than take a risk on a recovery for his severance claim in the Debtors' chapter 11 cases was voluntary, and resulted in a clear benefit to Mr. Budihardjo.[9] Had he not waived his entitlement to severance, Mr. Budihardjo would not have been eligible to receive retirement benefits until October 1, 2009, but instead, as a result of the waiver, began receiving retirement benefits as of March 1, 2009. In exchange for his waiver, Mr. Budihardjo received seven months of retirement benefits, including retiree medical coverage and prescription coverage for himself and his spouse, retiree life insurance coverage, and pension payments under the Pension Plan that he otherwise would not have received during that period. In light of this benefit, Mr. Budihardjo, and the other employees who signed severance waivers, are not entitled to assert claims for such severance in these cases, and there is no principled basis or reason, consistent with the Debtors' duties to their entire creditor body, to allow them to do so. Accordingly, Mr. Budihardjo's Claim lacks sufficient basis, and should be disallowed.

[*REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK*]

---

[9]     In fact, the Debtors' records indicate that, upon learning of certain other terminated employees' receipt of severance waivers, Mr. Budihardjo requested a severance waiver from the Debtors.

4

**Conclusion**

For the reasons set forth above, the Debtors respectfully request that the Court overrule the Response, enter the proposed order approving the Objection, as attached to the Objection as Exhibit D, and grant such other relief as the Court deems just and proper.

Dated:  June 25, 2015
       Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

__/s/ Tamara K. Minott_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Andrew R. Remming (No. 5120)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*