# United States Bankruptcy Court

District of Delaware

<u>In re:</u> **Nortel Networks, Inc.**   <u>Case No.</u>: **09-10138**

Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| **<u>Hain Capital Holdings, LLC</u>** | **<u>John A. Tullo</u>** |
| | Name of Transferor |
| Name and Address where notices to transferee should be sent | Court Record Address of Transferor (Court Use Only) |
| **Hain Capital Holdings, LLC** <br> **301 Route 17, 7th Floor** <br> **Rutherford, NJ  07070** <br> **Attn: Amanda Rapoport** <br> Phone: **(201) 896 - 6100** | |
| Last Four Digits of Acct #: _____ | Last Four Digits of Acct. #: _____ |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of Transferor |
| | **<u>John A. Tullo</u>** <br> 3520 Moonlight Drive <br> Chapel Hill, NC 27516 |

Court Claim # (if known):**6088**
Date Claim Filed: 11/22/2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Amanda Rapoport_____    Date: 07/01/2015
       Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                              _____
                                                                       **CLERK OF THE COURT**

CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rule of Bankruptcy Procedure. Assignor consents to the substitution of Assignee for Assignor for all purposes in the Bankruptcy Cases. The Evidence of Transfer of Claim attached to this Agreement and incorporated herein by reference may be filed by Assignee with the Bankruptcy Court as evidence of the transfer.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim by its duly authorized representative dated as of the 5th day of JUNE, 2015.

JOHN A. TULLO

By: _John A. Tullo_

HAIN CAPITAL HOLDINGS, LLC

By: _Robert J Kottai_
Name: Robert Kottai
Title: Manager

Jun 05 2015 16:13:44 TULLO, JOH.    ->    12018966102    T   O, JOHN    Page 006

## EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, John A. Tullo ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to Hain Capital Holdings, LLC ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) associated with proof of claim number 6088 against Nortel Networks, Inc. (the "Debtor"), Chapter 11 Case No. 09-10138 United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 5th day of JUNE, 2015.

JOHN A. TULLO

By: _____

HAIN CAPITAL HOLDINGS, LLC

By: _____
Name: Robert Kottai
Title: Manager