```
                    IN THE UNITED STATES BANKRUPTCY COURT
                       FOR THE DISTRICT OF DELAWARE


IN RE:                           )      Case No. 09-10138(KG)
                                 )      (Jointly Administered)
                                 )
NORTEL NETWORKS, INC., et al.,)         Chapter 11
                                 )
                                 )      Courtroom 3
                                 )      824 Market Street
             Debtors.            )      Wilmington, Delaware
                                 )
                                 )      June 30, 2015
                                 )      10:02 a.m.



                      TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE JUDGE KEVIN GROSS
                   UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                     Cleary Gottlieb Steen & Hamilton
                                 BY: BENJAMIN S. BELLER, ESQ.
                                 BY: MATTHEW GURGEL, ESQ.
                                 1001 Pennsylvania Avenue
                                 Washington, DC  20004
                                 (202) 624-2500

                                 Morris Nichols Arsht & Tunnell, LLP
                                 BY: DONNA CULVER, ESQ.
                                 BY: ANDREW R. REMMING, ESQ.
                                 1201 North Market St., 18th Floor
                                 Wilmington, DE  19899-1347
                                 302-351-9200

ECRO:                            GINGER MACE

Transcription Service:           DIAZ TRANSCRIPTION SERVICES
                                 331 Schuylkill Street
                                 Harrisburg, Pennsylvania 17110
                                 (717) 233-6664
                                 www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
APPEARANCES:
(Continued)

For the Monitor:               Buchanan Ingersoll & Rooney,PC
                               BY: KATHLEEN MURPHY, ESQ.
                               1105 N. Market St., Ste. 1900
                               Wilmington, DE  19801-1054
                               (302) 552-4214

For Official Creditor's        Whiteford Taylor Preston
Committee:                     BY: KATHERINE GOOD, ESQ.
                               The Renaissance Center
                               405 North King Street
                               Wilmington, DE  19801
                               (302) 357-3266

For PBGC:                      PGBC
                               BY: VINCENTE M. MURRELL, ESQ.
                               34471200 K Street NW
                               Washington, DC  20005
                               (202) 326-4000

For Retiree Objecting Party:   PETER BUDIHARDJO

TELEPHONIC APPEARANCES:

For Interested Party:          Dow Jones & Company
                               BY: PEG A. BRICKLEY, ESQ.
                               215-462-0953

                               Reorg Research, Inc.
                               BY: KENT COLLIER
                               212-257-4383

For Interested Party,          Willkie Farr & Gallagher, LLP
Nortel Networks UK             BY: WESTON T. EGUCHI, ESQ.
Pension Trust:                 (212) 728-8881

For Monitor, Ernst &           Allen & Overly, LLP
Young:                         BY: JOSEPH BADTKE-BERKOW, ESQ.
                               (212) 610-6300

For Interested Party:          Farallon Capital Management
                               BY: MICHAEL G. LINN
                               (415) 421-2132

For Bank of America:           Bank of America
                               BY: ESTHER CHUNG
                               (846) 855-6705
```

TELEPHONIC APPEARANCES
(Continued):

For PSAM, LP:                    PSAM, LP
                                BY: PHILLIP E. BROWN
                                (212) 649-9596

1

1   WILMINGTON, DELAWARE, TUESDAY, JUNE 30, 2015, 10:02 A.M.

2            THE CLERK:  Please rise.

3            THE COURT:  Good morning, everyone.  Please be

4   seated.  It's good to see you.  Ms. Culver, good morning.

5            MS. CULVER:  Good morning, Your Honor.  Good to

6   see you.

7            THE COURT:  Good morning.

8            MS. CULVER:  We're here today for the Omnibus

9   Hearing in the Nortel Networks, Inc., case.  For the record,

10  Donna Culver, on behalf of the Debtors, Morris, Nichols,

11  Arsht & Tunnell.

12           THE COURT:  Yes.

13           MS. CULVER:  There are two matters on the Agenda

14  today, Your Honor.  The first is an uncontested matter with

15  respect to the Debtors' Thirty-Seventh Omnibus Objection.  I

16  understand that Your Honor has entered the Order with

17  respect to that matter.

18           THE COURT:  I have.  Yes.

19           MS. CULVER:  Thank you.  The second matter is a

20  contested matter on the Debtors' Thirty-Eighth Omnibus

21  Objection.  We received a response to that Objection by Mr.

22  Budihardjo.  And I'd like to introduce Benjamin Beller of

23  the Cleary, Gottlieb law firm --

24           THE COURT:  Mr. Beller, it's good to have you

25  here.

1              MR. BELLER:  Thank you.

2              MS. CULVER:  -- who will be making the argument

3    on behalf of the Debtors this morning.

4              THE COURT:  Thank you.  Thank you, Ms. Culver.

5              MS. CULVER:  Thank you, Your Honor.

6              MR. BELLER:  Thank you.  Good morning, Your

7    Honor.

8              THE COURT:  Good morning.  Good to have you here,

9    Mr. Beller.

10             MR. BELLER:  Thank you very much.  Benjamin

11   Beller, of Cleary, Gottlieb, Steen & Hamilton, on behalf of

12   the Debtors.  And as Ms. Culver mentioned, I will be

13   addressing the one contested claim with respect to the

14   Debtors' Thirty-Eighth Omnibus Objection, which is Docket

15   Index #15655, filed May 29th, and that's the claim of

16   Mr. Peter Budihardjo, which is a claim for severance.

17             THE COURT:  Yes.

18             MR. BELLER:  And the Debtors received Mr.

19   Budihardjo's response on June 11, and that is Docket Index

20   #15736.  The Debtors then provided Mr. Budihardjo with

21   additional documents by e-mail in support of the objection,

22   to clarify the reasons for the objection.  Mr. Budihardjo

23   then filed an amended response on June 18, which is Docket

24   Index #15773.  The Debtors then filed their reply, Docket

25   Index #15802, on June 25, which was accompanied by a

1  declaration in support of the reply, by Ms. Debra Parker,

2  who is the shared services team leader at NNI.  The

3  declaration was filed to put certain evidence before the

4  Court --

5           THE COURT:  Yes.

6           MR. BELLER:  -- including the Severance Waiver

7  that was signed by Mr. Budihardjo back in 2009, and to

8  provide additional factual support for the Debtors'

9  Objection.  Ms. Parker is in the courtroom today and is

10 available for cross examination, should anyone, including

11 Mr. Budihardjo wish to do so.  And unless a party would like

12 to cross examine Ms. Parker, I would request that the Court

13 accept her testimony by written declaration in evidence.

14          THE COURT:  Does anyone have any objection?  All

15 right.  Then that is admitted into evidence, Mr. Beller.

16 [Declaration of Debra Parker admitted into evidence.]

17          MR. BELLER:  Thank you, Your Honor.  The Debtors

18 objected to Mr. Budihardjo's claim for approximately

19 $114,000 for severance benefits because Mr. Budihardjo

20 affirmatively waived his right to assert such a claim.

21          Mr. Budihardjo signed the Severance Waiver dated

22 March 17th, 2009, and that was sent to him by the Debtor at

23 his request.  That Severance Waiver is attached to the

24 Parker Declaration as Exhibit 3.  Mr. Budihardjo signed that

25 Waiver in order to make himself eligible for retirement

1  benefits under the Debtors' various retirement plans, which

2  are the Retirement Income Plan, which is Exhibit 1 to the

3  Parker Declaration, and the Retiree Medical Plan and Life

4  Insurance and Long-Term Care Plan, which is Exhibit 2 to the

5  Parker Declaration.

6           THE COURT:  Yes.

7           MR. BELLER:  And Mr. Budihardjo does not dispute

8  that he signed the Severance Waiver, and he does not claim

9  that he didn't understand the Severance Waiver.  Instead, he

10 argues that the Waiver should not be enforced against him

11 because the offer to waive the severance was not a real

12 choice given to him by the Debtors.

13           To give some context to the offer of Severance

14 Waiver, the Debtors made a decision to offer Severance

15 Waivers of the type that was offered to Mr. Budihardjo after

16 the bankruptcy filing --

17           THE COURT:  Yes.

18           MR. BELLER:  -- because the Debtors were not

19 going to be able to make severance payments.  They were not

20 going to be able to provide benefits under the Severance

21 Plan during the bankruptcy, and the terms of the Debtors'

22 Retirement Plans only permit participants to receive

23 benefits after the end of the severance period.  As a

24 result, terminated employees were going to be in situations

25 where there -- excuse me, they were not going to be

1    receiving severance payments during the bankruptcy, and

2    would also have to wait for their retirement benefits until

3    the end of their severance period.

4              THE COURT:  Right.

5              MR. BELLER:  And this was laid out in the

6    Severance Waiver, which is a multiple-page document going

7    through the reasons for the offer, as well as, other

8    considerations for the employee, and so the Debtors offered

9    the Waivers to address this gap in recognition that some

10   employees might prefer to waive their severance claim in

11   order to start receiving their retirement benefits earlier

12   than they would otherwise have been entitled to do so.

13             And again, the Waiver states in multiple places,

14   as indicated in the reply, that this is the choice that is

15   being put to the employee, and that there are considerations

16   to be made on both sides, and that the Debtors are offering

17   this -- the Severance Waiver option to give the employee the

18   choice to elect one way or the other.

19             Now, Many employees who were given this option,

20   signed Severance Waivers and elected to start receiving

21   their retirement benefits earlier than they otherwise

22   would've been entitled to do so, and this includes Mr.

23   Budihardjo.  And Mr. Budihardjo's Waiver of Severance Claim

24   did entitle him to benefits.  He started receiving his

25   retiree medical coverage early.  He started receiving

1  prescription coverage for himself and his spouse early.  He

2  was covered under the Retiree Life Insurance Coverage Plan

3  early, and began receiving pension payments under the

4  Retirement Income Plan earlier than he would've otherwise

5  been entitled to do so.

6         THE COURT:  About seven months early, was it, Mr.

7  Beller?

8         MR. BELLER:  That's correct.  His retirement

9  date, under the terms of those plans was October 1, 2009.

10  As a result of the Waiver of Severance, which was signed in

11  March he began receiving his benefits seven months earlier.

12         And again, this choice was voluntary and the

13  considerations were laid out in the Severance Waiver in

14  clear terms, and Mr. Budihardjo elected to waive the

15  severance claim instead of maintaining his right to assert

16  the claim in the bankruptcy and taking the risk on the

17  recovery for that claim.  And this was his choice to make.

18  And again, in fact, he requested the Severance Waiver when

19  he learned that other employees who were similarly situated,

20  had been given -- who had been offered the Severance Waiver,

21  and he had not yet received one.

22         So in sum, the Waiver was voluntary.  Mr.

23  Budihardjo requested it, actively wanted to waive the

24  severance at that time, and as a result is not entitled to

25  assert the claim against Debtors' estates.   And enforcement

1   of the Waiver here is consistent with the Debtors'

2   obligations to its creditor body as a whole to preserve

3   assets of the estate.

4           THE COURT:  About how much did Mr. Budihardjo

5   receive during those seven months, if you know, Mr. Beller.

6           MR. BELLER:  So, I don't know exactly the figure.

7   In terms of the dollar amount that he was, you know,

8   received under these plans, it was, I think, less than

9   $50,000, but you know, again the value of having life

10  insurance coverage during this period, the value of the

11  earlier payments rather than waiting seven months or longer,

12  which is what the alternative would've been --

13          THE COURT:  Yes.

14          MR. BELLER:  -- also added value to the election

15  to waive the severance.  And as a result, you know, today

16  whether the election was a wise one or not, at the time, it

17  was Mr. Budihardjo's choice and it's now been six years, as

18  you well know, since the bankruptcy and since the Waiver,

19  and at this point, it's -- again it would be contrary to the

20  Debtors' obligations to its other creditors to reopen this

21  issue and to do a case-by-case evaluation of whether the

22  employee who signed the severance waiver got enough or what

23  the circumstances would be, would run contrary to that

24  obligation.

25          THE COURT:  All right.

1              MR. BELLER:  And so again the Debtors request

2    that the Court overrule Mr. Budihardjo's Objection and

3    disallow the claim for severance as part of the Debtors'

4    Thirty-Eighth Omnibus Objection.

5              THE COURT:  All right.  Thank you, Mr. Beller.

6              MR. BELLER:  Thank you.

7              THE COURT:  Mr. Budihardjo.

8              MR. BUDIHARDJO:  Yes, Your Honor.

9              THE COURT:  Oh, you're Mr. Budihardjo.

10             MR. BUDIHARDJO:  Yes.

11             THE COURT:  I'm so sorry.  Would you come

12   forward, sir?

13             MR. BUDIHARDJO:  I will.

14             THE COURT:  Good morning.

15             MR. BUDIHARDJO:  Good morning.  May I address the

16   Court?

17             THE COURT:  Yes.

18             MR. BUDIHARDJO:  My name is Peter Budihardjo.

19             THE COURT:  Yes.

20             MR. BUDIHARDJO:  I'm 73-years-old.  I am a

21   retired engineer.  I dedicated 31 years of my time to the

22   Debtor.  I believe I've made a significant contributions to

23   the -- contribution to the Debtor.  I received many service

24   awards including [indiscernible] Awards; once the Debtors'

25   Chairman Award in 1993 for assigning work with the Debtors.

1  I worked [indiscernible] Director at the time, and my work

2  was to convince the customer that we have the best product

3  and best technology.  And in 1992, I received a Debtors'

4  President -- [indiscernible] President Award for helping win

5  the first megabit in the U.S.  It was over half a million

6  dollars with Meritech.  In 1994, I received the Nortel

7  President China Award for helping the Debtor win seven

8  telephone company network's bid.  And in 1993, in May of

9  1993, I received a commendation from the Federal

10 Communications Commission Chairman, James Quello for

11 contribution on behalf of Nortel in addressing the Network

12 Reliability Council which was formed by the F.C.C. as a

13 result of network outages on the east coast and the west

14 coast in the early '90s.  I spent almost four million miles

15 traveling in the U.S., in Canada, in Latin America, and in

16 Asia, basically, to increase the bottom line.

17          I come here to present two arguments against the

18 Debtors for disallowing my claim which is unpaid severance

19 pay for 36 weeks, and it's based on two items.  One is the

20 concept of fairness.  I already mentioned the concept of

21 fairness in my amendment to my reply -- to my response to

22 the Debtors' Omnibus.  And the other one, which is, I just

23 found out, is a discrepancy between the letter accompanying

24 the Waiver, and the Debtors Retirement Income Plan as

25 amended and restated as of January the 1st, 2007.  I received

1    that -- I came to know about that document, since it was put

2    as an attachment to the docket that was filed by the counsel

3    on June the 25th, 2015.

4              I believe, when I look at the document, a serious

5    issue arises to whether Nortel was misleading in how it

6    presented the Waiver to me, as well as, the inconsistency of

7    the Waiver with Nortel old Retirement Plan and Rules.  And

8    I'm going to go into more detail on this subject, if you

9    allow me, Your Honor.

10             First, I want to briefly talk about the concept

11   of -- the argument of fairness.  I'm encouraged to bring

12   this up, the issue of fairness by Your Honor's Decision, all

13   right, and Order of -- in recognition that the treatment of

14   labor employees is an important consideration, which is

15   evident in Your Honor's Order relating John Yocum in April

16   17, 2013.

17             Based on my 13 years service to the Debtors, I

18   believe that I am entitled to the pension benefit and

19   Severance Plan and that the Waiver should not be held

20   against me.

21             First of all, I am eligible of -- to a Severance

22   Plan from my years of service and in exchange for agreeing

23   to maintain trade secret and confidentiality.  I am not an

24   officer of the company, but because of my work, there's

25   certain period in the year, where I received an e-mail from

1   the Nortel legal people that I cannot exercise Nortel

2   [indiscernible] for the window.   And the other one is non-

3   disparaging and non-solicitation in confidentiality.

4            As a matter of fact, when I received the

5   severance pay and met with the Human Resources personnel,

6   the gentleman mentioned to me that because I signed this

7   Severance Agreement, I cannot sue Nortel, for example,

8   because of my age.  At the time I was let go when I was 65.

9            Secondly, I believe I am eligible for retirement

10  benefits based on the Nortel Retirement Income Plan amended

11  and restated as of January the 1st, 2007.  The Retirement

12  Agreement is pretty clear in tying the definition of

13  employee to receiving severance.  It does not say anything

14  about eligibility to receive severance.  Okay?

15  Specifically, if you look at Section 1.8 -- 1.18, the

16  documents say that employees means any individual who is

17  considered an employee of its employer, including a person

18  receiving Severance Plan severance up to his termination

19  date.

20            I did not receive any severance payment, and

21  therefore, I was no longer an employee of Nortel when I was

22  asked to sign the Waiver and that means I'm eligible to

23  receive the retirement benefits as of that time.  As a

24  matter of fact, as the counsel stated, my retirement

25  benefits starts March the 1st.  That's before, so that means

1    that my eligibility is actually before I received the Letter

2    of Waiver.

3         If you look at Section 1.15, termination date

4    means the date on which the member ceases to be an employee.

5    A member termination date shall be determined including his

6    severance, if applicable, for the standard severance period.

7    That is the period of up to four weeks, plus one week for

8    each year of member service.  All right?  It said nothing.

9    Since I was already past my termination date on March the

10   17th, and did not receive any payment, I was already

11   eligible for my Retirement Plan benefits.

12        Now, if you allow me, I would like to address the

13   discrepancy of the fairness conflict between the Debtors

14   Letter Waiver of March the 17th, 2009 and Nortel Networks

15   Retirement Income Plan as amended and restated effective as

16   of January the 1st, 2007.

17        THE COURT:  Yes, sir.  You may.

18        MR. BUDIHARDJO:  Okay, thank you.  Nortel

19   Network's Income Plan as amended and restated effective as

20   of January the 1st, 2007, said that the pension benefit is

21   deferred during the severance period, only if the employee

22   is receiving the severance benefit and not when he's simply

23   entitled to severance payment.  As a matter of fact,

24   Debtors' June 25, 2015 reply said that see Severance Waiver

25   2.4, Pension Plan Paragraphs 4.1, 4.2, 4.3.  Accordingly,

1   Mr. Budihardjo was ineligible to receive retirement benefit

2   until he was no longer eligible to receive severance

3   payment.  That is Nortel counsel said I was ineligible to

4   receive the Retirement Plan, not because I was already

5   receiving a severance payment, but because I was simply

6   entitled to receive Severance Plans.  So there is no double

7   dipping, since I did not receive any Severance Plan payment.

8   And the reason for any double dipping provision was not

9   applicable.

10             So I would like to summary the oral argument.

11  When I signed the Waiver, Nortel misled me and is still

12  misleading because by the terms of its own plan, I was

13  entitled to my pension immediately, since I was not actually

14  receiving the severance benefit I was promised and under the

15  terms of the Nortel Retirement Plan, therefore, no longer an

16  employee of Nortel.  Nortel asked that I give up rights to

17  earn benefit severance to get the benefit pension that I was

18  already entitled of -- entitled to.  Regardless of whether I

19  signed the Waiver, I did not receive any severance pay.

20  Thank you, Your Honor.

21             THE COURT:  So help me here, Mr. Budihardjo.

22             MR. BUDIHARDJO:  Yes.

23             THE COURT:  You began working for Nortel when,

24  sir?

25             MR. BUDIHARDJO:  I began working for Nortel in

1  Canada in January -- in June 1977.

2              THE COURT:  Okay.

3              MR. BUDIHARDJO:  In the [indiscernible] Division

4  for Nortel Development and Research.  And then I was

5  transferred in the U.S. in Regional [indiscernible] in 1988

6  because I was spending a lot of time working for Nortel in

7  trying to convince [indiscernible] Company at that time, to

8  modernize the network, move from an analog switch to digital

9  switch.  So I started working for the Nortel U.S.

10 organization in August of 1988.  So I have 20 years of

11 service, more than 20 years of service when I was the

12 [indiscernible] Nortel.

13             THE COURT:  Okay.  And you were still -- and you

14 stopped working when?

15             MR. BUDIHARDJO:  I stopped working, I believe, to

16 the best of my recollection, in November 2009, November or

17 October 2009, sir.

18             THE COURT:  So you were still working after the

19 bankruptcy?

20             MR. BUDIHARDJO:  No.  I was laid off about two

21 months before the bankruptcy, two or three months before --

22             THE COURT:  Okay.

23             MR. BUDIHARDJO:  -- Chapter 11.  Yes, sir.

24             THE COURT:  All right.  So you probably stopped

25 working November 2008.

1          MR. BUDIHARDJO:  Pardon me, sir?

2          THE COURT:  Did you stop working about November

3    2008?

4          MR. BUDIHARDJO:  I believe so.

5          THE COURT:  Okay.  All right.  All right.  Thank

6    you, Mr. Budihardjo.  I appreciate your comments, of course.

7          MR. BUDIHARDJO:  Thank you, sir.

8          THE COURT:  Mr. Beller?

9          MR. BELLER:  If I may, Your Honor?  Thank you.

10   So Mr. Budihardjo is correct that he was not receiving the

11   severance payments that he was otherwise entitled to receive

12   under the Severance Plan after his termination date, but

13   that was again, due to the bankruptcy filing.  And the

14   reason, again, that the Debtors offered this Waiver was that

15   the severance payments were not going to be made to the

16   employees during the bankruptcy period.  So while the

17   employees were continuing to, you know, preserve their

18   entitlement to those severance payments as the -- in

19   accordance with that Plan, the payments themselves were not

20   being made.

21          In order to provide the employee with some

22   alternative, the Debtors offered the Waiver of Severance to

23   accelerate their retirement benefits.  And so, today, to

24   allow Mr. Budihardjo to assert his claim for severance,

25   would allow the double dipping that we're talking about.

1  And having made that choice, would create that again,

2  overlap of payments.

3          And again, in terms of the fairness argument, you

4  know, we're very sympathetic to Mr. Budihardjo's position

5  today, to his position back in 2009, as we are with all of

6  the former employees of the various Debtor entities.  And we

7  understand that today, Mr. Budihardjo would prefer to have

8  both the severance payments or a claim for the severance

9  payments, as well as, having received the accelerated

10 retirement benefits, but again, having made this voluntary

11 election, it's no longer consistent with the Debtors'

12 obligations and Debtors' duties to allow that double

13 dipping.

14          THE COURT:  Right, yeah.

15          MR. BELLER:  And again, if there -- if Your Honor

16 has any other questions for me, I'm happy to answer them,

17 otherwise, I think that's it.

18          THE COURT:  And the proof of claim in the case --

19          MR. BELLER:  Yes.

20          THE COURT:  -- was filed back in September of

21 2009.

22          MR. BELLER:  That's correct.

23          THE COURT:  Okay.

24          MR. BELLER:  So there was some confusion in the

25 initial response of Mr. Budihardjo about the Debtors'

1   schedules.  What happened was the Debtors had been preparing

2   their schedules to be filed in, I believe, it was May of

3   2009.  And during the course of that preparation, which took

4   some time, the Debtors received Mr. Budihardjo's Severance

5   Waiver.  And their records were not updated with that

6   waiver.  And so the schedules were filed May 29, 2009,

7   reflecting the previous -- the Pre-Waiver status of Mr.

8   Budihardjo's claim.  In any event, Mr. Budihardjo's filing

9   of the claim in September would supersede the Debtors'

10  schedules and so the Objection goes to that claim.

11          THE COURT:  Right, exactly.  All right.  All

12  right, thank you, Mr. Beller.

13          MR. BELLER:  Thank you very much, Your Honor.

14          THE COURT:  Anyone else?

15          MR. MURRELL:  Good morning.

16          THE COURT:  Let's hear from Mr. Budihardjo first,

17  if you don't --

18          MR. MURRELL:  Oh, I'm sorry.

19          MR. BUDIHARDJO:  Your Honor, may I

20  [indiscernible].

21          THE COURT:  That's all right.  Come forward, Mr.

22  Budihardjo.

23          MR. BUDIHARDJO:  Again, my argument is actually

24  the discrepancy of the opinions of conflicts between the

25  Nortel Retirement Plan that was issued in 2007 and the

1    Waiver.  All right.  So there is ambiguity, at least, within

2    the Waiver that I signed and what retirements I'm entitled

3    to.  All right.  And I believe, Your Honor, if there's

4    ambiguity, then any ambiguity is constrained against the

5    party that wrote the contract.  Because when I read that,

6    when I received the Retirement Plan, I said, this is clearly

7    not what the Waiver Plan stated.  Thank you, Your Honor.

8              THE COURT:  Your letter, the letter that you

9    signed.

10             MR. BUDIHARDJO:  Yes, sir.

11             THE COURT:  It's dated March 17, 2009.

12             MR. BUDIHARDJO:  Okay.  Yes, sir.

13             THE COURT:  And that came from Ms. Elena King.

14             MR. BUDIHARDJO:  Yes.

15             THE COURT:  And you signed that letter.

16             MR. BUDIHARDJO:  I signed it.  I did not deny

17   that I signed the letter.  I didn't deny that I asked for

18   the letter, sure, sir.

19             THE COURT:  Right.  And did you understand at

20   that time, that you were waiving your right to severance?

21             MR. BUDIHARDJO:  I understand that I was waiving

22   my right to severance.

23             THE COURT:  Yes.

24             MR. BUDIHARDJO:  But because of the -- because

25   I'm still eligible to receive the Severance Plan.  But when

1  I read the Retirement Plan, I said, I should be able to

2  receive my severance, my Retirement Plan -- if I do not

3  receive any Severance Plan.

4           THE COURT:  Okay.

5           MR. BUDIHARDJO:  And I have not received any

6  Severance Plan as -- any Severance Plans as indicated in my

7  W2 Form Year 2009.

8           THE COURT:  Right.

9           MR. BUDIHARDJO:  All right.  So, sir.

10          THE COURT:  All right.

11          MR. BUDIHARDJO:  So again, I'm arguing against

12 the discrepancy is deceiving to me because, you know, I

13 thought the reason I received the Plan is because I'm

14 eligible to receive the Plan, but that's not what the

15 Retirement Plan suggests.

16          THE COURT:  All right.

17          MR. BUDIHARDJO:  Thank you.

18          THE COURT:  Thank you, Mr. Budihardjo.  The

19 gentleman who wanted to be heard, yes.  Good morning.

20          MR. MURRELL:   Good morning, Your Honor.  I'm

21 sorry, I thought you addressed me.  Good morning, Your

22 Honor.  Vicente Matias Murrell on behalf of the Pension

23 Benefit Guarantee Corporation.

24          THE COURT:  Yes, sir.  Good morning.

25          MR. MURRELL:  Good to be in front of you again,

1    Your Honor.  Your Honor, we, the PBGC had filed a response

2    to the Debtors' Thirty-Eighth Omnibus Objection on Friday.

3    That is a low -- that is at Docket #1577, I believe, 15776,

4    Your Honor.  And generally, it's just a general response to

5    the Omnibus Objection.  And PBGC just wanted to correct the

6    record that the Debtor had had some old claim numbers and

7    just wanted to explain the process.  And I think our Brief

8    speaks for itself.  Your Honor, PBGC is just here in case

9    Your Honor had any questions and that's all.

10              THE COURT:  All right.  Thank you, Mr. Murrell.

11   Good to see you again.

12              MR. MURRELL:  Thank you, Your Honor.

13              THE COURT:  Yes, sir.  Anyone else?

14   (No Audible Response)

15              THE COURT:  Well, it's always a difficult

16   decision when a Claimant appears in this Court and comes a

17   great distance to do so in support of a claim.  But I am

18   satisfied that Mr. Budihardjo did, in fact, knowingly and

19   voluntarily waive his right to severance.  There's a letter

20   dated, again, it's dated March -- I'm sorry, March 17, 2009,

21   which Mr. Budihardjo signed on March 26, 2009.  And it

22   states right there by signing below, you acknowledge that

23   you are voluntarily waiving all entitlement to any and all

24   benefits described in the document, Nortel Network Severance

25   Allowance Plan that might be available to you under such

1   Plan.  So for Mr. -- and by signing this document, Mr.

2   Budihardjo received accelerated retirement benefits as the

3   letter allows.  Yes, Mr. Budihardjo?

4           MR. BUDIHARDJO:  If I may again, sir?

5           THE COURT:  Please, come forward.

6           MR. BUDIHARDJO:  As I mentioned, I signed the

7   Agreement of the Waiver knowing that I gave up my Severance

8   Plan.

9           THE COURT:  Right.

10          MR. BUDIHARDJO:  But that is based on the

11  assumption that if you look at the Retirement Plan, I cannot

12  receive a severance of retirement benefit, if I am still

13  receiving the severance, not when I am still eligible to

14  receive severance.  That's why when I signed the Waiver, I

15  was not aware that there was a Retirement Plan that suggests

16  that.  Because had I know that, then I will add an Addendum

17  or something like that to the Waiver, or basically, this is

18  not according to what you -- the Retirement Plan of Nortel

19  suggests, sir.

20          THE COURT:  But by signing the letter, you waived

21  your right to that severance payment.

22          MR. BUDIHARDJO:  Yes, yes, Your Honor.  But I'm

23  arguing that there's ambiguity between that Letter of Waiver

24  and the Retirement Plan of Nortel dated the Year 2007.  I

25  don't remember the date again, sir.

1              THE COURT:  All right.

2              MR. BUDIHARDJO:  Thank you, sir.

3              THE COURT:  Thank you, Mr. Budihardjo.  But my

4  ruling remains the same.  There's a Waiver of the severance

5  benefits in order to receive the accelerated retirement.

6  And I understand that Mr. Budihardjo is arguing in favor of

7  an ambiguity in the document, but that ambiguity does not go

8  to the heart of the issue and that is your Waiver of your

9  right to receive severance payments and that's what's before

10  the Court today and that is what the Court is deciding that

11  if, in fact --

12              MR. BUDIHARDJO:  So even if --

13              THE COURT:  -- that Waiver did exist.

14              MR. BUDIHARDJO:  If I may ask a question, Your

15  Honor?

16              THE COURT:  Yes.

17              MR. BUDIHARDJO:  Even if when I am signing, I'm

18  signing the Waiver, I misunderstood, actually that the -- I

19  am not a legal person, so I may use the wrong word, the

20  legality of the Waiver because it's contrary to the

21  Retirement Plan that was given to the employees back in

22  2007, so.

23              THE COURT:  I understand that.  And --

24              MR. BUDIHARDJO:  Thank you, Your Honor.

25              THE COURT:  -- I certainly understand why you

1  would like to have the severance payment.  It's a

2  substantial amount of money.

3              MR. BUDIHARDJO:  Yes.

4              THE COURT:  $114,000, but those are dollars that

5  you waived in order to accelerate your retirement benefits.

6  And under the circumstances of this case, I have to sustain

7  the Objection and overrule your Objection and find that, in

8  fact, you did knowingly and voluntarily waive your right to

9  severance.

10             MR. BUDIHARDJO:  Thank you, Your Honor.

11             THE COURT:  So with that, I am prepared to sign

12  the Order.

13             MR. BELLER:  May I, Your Honor?

14             THE COURT:  You may.

15             MR. BELLER:   I have the clean one for you.

16             THE COURT:  All right.

17             MR. BELLER:  And a black line, just the one that

18  was submitted [indiscernible] exception.

19             THE COURT:  Thank you.  I appreciate you're

20  coming to Court, Mr. Budihardjo.  I recognize you've

21  traveled a great distance to be here and to present your

22  claim.

23             MR. BUDIHARDJO:  Right.

24             THE COURT:  But based upon the document, where

25  you waived your right to severance payment, I am satisfied

1  that that Waiver is effective.  What else have you got for

2  me this morning?

3          MS. CULVER:  I believe that's it, Your Honor.

4  That concludes our Agenda for today.

5          THE COURT:  All right.  I'm signing the Order.

6          MS. CULVER:  Thank you, Your Honor.

7          THE COURT:  And thank you, Mr. Budihardjo for

8  your appearance today.

9          MR. BUDIHARDJO:  Thank you.

10          THE COURT:  And we'll stand in recess, Counsel.

11  Thank you, everyone.

12          MS. CULVER:  Thank you.

13          MR. BELLER:  Thank you, Your Honor.

14          THE COURT:  Good day to you.

15  (Whereupon, at 10:36 a.m., the hearing was adjourned.)

16

17                        CERTIFICATION

18          I certify that the foregoing is a correct

19  transcript from the electronic sound recording of the

20  proceedings in the above-entitled matter.

21

22

23  _____          July 3, 2015 ___

24  Traci L. Calaman Transcriber                  Date

25  Diaz Transcription Services

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **73-years-old**(1) 11:20 | | **and**(120) 4:22 5:12 5:15 5:18 5:19 6:7 6:9 | | **believe**(10) 11:22 13:4 13:18 14:9 17:15 | | **clear**(2) 9:14 14:12 | |
| **a.m**(3) 1:15 4:1 27:15 | | 6:11 6:22 7:3 7:3 7:4 7:7 7:8 7:21 8:1 | | 18:4 20:2 21:3 23:3 27:3 | | **clearly**(1) 21:6 | |
| **able**(3) 7:19 7:20 22:1 | | 8:5 8:8 8:13 8:15 8:16 8:20 8:22 8:23 9:1 | | | | **cleary**(3) 1:24 4:23 5:11 | |
| **about**(6) 9:6 10:4 13:1 13:10 14:14 17:20 | | 9:3 9:12 9:12 9:14 9:16 9:17 9:18 9:21 | | **below**(1) 13:22 | | **clerk**(1) 4:2 | |
| 18:2 18:25 19:25 | | 9:24 9:25 10:15 10:17 10:18 10:19 10:21 | | | | **coast**(2) 12:13 12:14 | |
| | | 11:1 11:2 12:1 12:3 12:3 12:8 12:13 12:15 | | **benefit**(9) 13:18 15:20 15:22 16:1 16:14 | | **collier**(1) 2:32 | |
| **aboveentitled**  (1) 27:20 | | 12:19 12:22 12:24 12:25 13:7 13:7 13:13 | | 16:17 16:17 22:23 24:12 | | **come**(4) 11:11 12:17 20:21 24:5 | |
| **accelerate**(2) 18:23 26:5 | | 13:18 13:19 13:22 13:23 14:2 14:3 14:5 | | | | **comes**(1) 23:16 | |
| **accelerated**(3) 19:9 24:2 25:5 | | 14:11 14:20 14:22 15:10 15:14 15:15 | | **benefits**(19) 6:19 7:1 7:20 7:23 8:2 8:11 | | **coming**(1) 26:20 | |
| **accept**(1) 6:13 | | 15:19 15:22 16:8 16:11 16:14 17:4 17:4 | | 8:21 8:24 9:4 14:10 14:23 14:25 15:11 | | **commendation**(1) 12:9 | |
| **accompanied**(1) 5:25 | | 17:13 17:13 18:13 18:23 19:1 19:3 19:6 | | 18:23 19:10 23:24 24:2 25:5 26:5 | | **comments**(1) 18:6 | |
| **accompanying**(1) 12:23 | | 19:12 19:15 19:18 20:3 20:5 20:6 20:10 | | | | **commission**(1) 12:10 | |
| **accordance**(1) 18:19 | | 20:25 21:2 21:3 21:13 21:15 21:19 22:5 | | **benjamin**(3) 1:25 4:22 5:10 | | **committee**(1) 2:11 | |
| **according**(1) 24:18 | | 23:4 23:5 23:6 23:7 23:9 23:16 23:18 | | **best**(3) 12:2 12:3 17:16 | | **communications**(1) 12:10 | |
| **accordingly**(1) 15:25 | | 23:21 23:23 24:1 24:24 25:6 25:8 25:9 | | **between**(4) 12:23 15:13 20:24 24:23 | | **company**(4) 2:27 12:8 13:24 17:7 | |
| **acknowledge**(1) 23:22 | | 25:10 25:23 26:6 26:7 26:7 26:8 26:17 | | **bid**(1) 12:8 | | **concept**(3) 12:20 12:20 13:10 | |
| **actively**(1) 9:23 | | 26:21 27:7 27:10 | | **black**(1) 26:17 | | **concludes**(1) 27:4 | |
| **actually**(4) 15:1 16:13 20:23 25:18 | | | | **body**(1) 10:2 | | **confidentiality**(2) 13:23 14:3 | |
| **add**(1) 24:16 | | **andrew**(1) 1:33 | | **both**(2) 8:16 19:8 | | **conflict**(1) 15:13 | |
| **added**(1) 10:14 | | **answer**(1) 19:16 | | **bottom**(1) 12:16 | | **conflicts**(1) 20:24 | |
| **addendum**(1) 24:16 | | **any**(15) 6:14 14:16 14:20 15:10 16:7 16:8 | | **brickley**(1) 2:28 | | **confusion**(1) 19:24 | |
| **additional**(2) 5:21 6:8 | | 16:19 19:16 20:8 21:4 22:3 22:5 22:6 | | **brief**(1) 23:7 | | **consideration**(1) 13:14 | |
| **address**(3) 8:9 11:15 15:12 | | 23:9 23:23 | | **briefly**(1) 13:10 | | **considerations**(3) 8:8 8:15 9:13 | |
| **addressed**(1) 22:21 | | | | **bring**(1) 13:1 | | **considered**(1) 14:17 | |
| **addressing**(2) 5:13 12:11 | | **anyone**(4) 6:10 6:14 20:14 23:13 | | **brown**(1) 3:5 | | **consistent**(2) 10:1 19:11 | |
| **adjourned**(1) 27:15 | | **anything**(1) 14:13 | | **buchanan**(1) 2:4 | | **constrained**(1) 21:4 | |
| **administered**(1) 1:6 | | **appearance**(1) 27:8 | | **budihardjo**(78) 2:23 4:22 5:16 5:20 5:22 | | **contested**(2) 4:20 5:13 | |
| **admitted**(2) 6:15 6:16 | | **appearances**(2) 2:25 3:1 | | 6:7 6:11 6:19 6:21 6:24 7:7 7:15 8:23 | | **context**(1) 7:13 | |
| **affirmatively**(1) 6:20 | | **appears**(1) 23:13 | | 9:14 9:23 10:4 11:7 11:8 11:9 11:10 11:13 | | **continued**(2) 2:2 3:2 | |
| **after**(4) 7:15 7:23 17:18 18:12 | | **applicable**(2) 15:6 16:9 | | 11:15 11:18 11:18 11:20 15:18 16:1 16:21 | | **continuing**(1) 18:17 | |
| **again**(19) 8:13 9:12 9:18 10:9 10:19 11:1 | | **appreciate**(2) 18:6 26:19 | | 16:22 16:25 17:7 17:15 17:20 17:23 18:1 | | **contract**(1) 21:5 | |
| 18:13 18:14 19:1 19:3 19:10 19:15 20:23 | | **approximately**(1) 6:18 | | 18:4 18:6 18:7 18:10 18:24 19:7 19:25 | | **contrary**(3) 10:19 10:23 25:20 | |
| 22:11 22:25 23:11 23:20 24:4 24:25 | | **april**(1) 13:15 | | 20:16 20:19 20:22 20:23 21:10 21:12 | | **contribution**(2) 11:23 12:11 | |
| | | **are**(7) 4:13 7:2 8:15 8:16 19:5 23:23 26:4 | | 21:14 21:16 21:21 21:24 22:5 22:9 22:11 | | **contributions**(1) 11:22 | |
| **against**(6) 6:7 10 9:25 12:17 13:20 21:4 | | **argues**(1) 7:10 | | 22:17 22:18 23:18 23:21 24:2 24:3 24:4 | | **convince**(2) 12:2 17:7 | |
| **age**(1) 14:8 | | **arguing**(3) 22:11 24:23 25:6 | | 24:6 24:10 24:22 25:2 25:3 25:6 25:12 | | **corporation**(1) 22:23 | |
| **agenda**(2) 4:13 27:4 | | **argument**(5) 5:2 13:11 16:10 19:3 20:23 | | 25:14 25:17 25:24 26:3 26:10 26:20 26:23 | | **correct**(5) 9:8 18:10 19:22 23:5 27:18 | |
| **agreeing**(1) 13:22 | | **arguments**(1) 12:17 | | 27:7 27:9 | | **council**(1) 12:12 | |
| **agreement**(3) 14:7 14:12 24:7 | | **arises**(1) 13:5 | | | | **counsel**(3) 13:2 14:24 16:3 27:10 | |
| **al.**(1) 1:8 | | **arsht**(2) 1:31 4:11 | | **budihardjo's**(4) 19:4 20:4 20:8 20:8 | | **course**(2) 18:6 20:3 | |
| **all**(25) 6:14 10:25 11:5 13:12 13:21 15:8 | | **asia**(1) 12:16 | | **budihardjo's**(5) 5:19 6:18 8:23 10:17 11:2 | | **court**(86) 1:1 4:3 4:7 4:12 4:18 4:24 5:4 | |
| 17:24 18:5 18:5 19:5 20:11 20:11 20:21 | | **ask**(1) 25:14 | | **but**(16) 10:9 13:24 16:5 18:2 19:10 | | 5:8 5:17 6:4 6:5 6:12 6:14 7:6 7:17 8:4 | |
| 21:1 21:3 22:9 22:10 22:16 23:9 23:10 | | **asked**(3) 14:22 16:16 21:17 | | 19:24 20:3 22:15 22:14 23:17 24:10 24:20 | | 9:6 10:4 10:13 10:25 11:2 11:5 11:7 11:9 | |
| 23:23 23:23 25:1 26:16 27:5 | | **assert**(4) 6:20 9:15 9:25 18:24 | | 24:22 25:3 25:7 26:4 26:24 | | 11:11 11:14 11:16 11:17 11:19 15:17 | |
| | | **assets**(1) 10:3 | | | | 16:21 16:23 17:2 17:13 17:18 17:22 17:24 | |
| **allen**(1) 2:39 | | **assigning**(1) 11:25 | | **calaman**(1) 27:24 | | 18:2 18:5 18:8 19:14 19:18 19:20 19:23 | |
| **allow**(5) 13:9 15:12 18:24 18:25 19:12 | | **assumption**(1) 24:11 | | **came**(2) 13:1 21:13 | | 20:11 20:14 20:16 20:21 21:8 21:11 21:13 | |
| **allowance**(1) 23:25 | | **attached**(1) 6:23 | | **canada**(2) 12:15 17:1 | | 21:15 21:19 21:22 22:4 22:8 22:10 22:16 | |
| **allows**(1) 24:3 | | **attachment**(1) 13:2 | | **cannot**(3) 14:1 14:7 24:11 | | 22:18 22:24 23:10 23:13 23:16 24:5 | |
| **almost**(1) 12:14 | | **audible**(1) 23:14 | | **capital**(1) 2:43 | | 24:9 24:20 25:1 25:3 25:10 25:10 25:13 | |
| **already**(5) 12:20 15:9 15:10 16:4 16:18 | | **august**(1) 17:10 | | **care**(1) 7:4 | | 25:16 25:25 25:25 26:4 26:11 26:14 26:16 | |
| **also**(2) 8:2 10:14 | | **available**(2) 6:10 23:25 | | **case**(5) 1:5 4:9 19:18 23:8 26:6 | | 26:19 26:20 26:24 27:5 27:7 27:10 27:14 | |
| **alternative**(2) 10:12 18:22 | | **avenue**(1) 1:27 | | **case-by-case**(1) 10:21 | | | |
| **always**(1) 23:15 | | **award**(1) 11:25 12:4 12:7 | | **ceases**(1) 15:4 | | **courtroom**(1) 1:10 6:9 | |
| **ambiguity**(6) 21:1 21:4 21:4 24:23 25:7 | | **awards**(2) 11:24 11:24 | | **center**(1) 2:12 | | **coverage**(4) 8:25 9:1 9:2 10:10 | |
| 25:7 | | **aware**(1) 24:15 | | **certain**(2) 6:3 13:25 | | **covered**(1) 9:2 | |
| | | | | **certainly**(1) 25:25 | | **create**(1) 19:1 | |
| **amended**(5) 5:23 12:25 14:10 15:15 15:19 | | **back**(4) 6:7 19:5 19:20 25:21 | | **certification**(1) 27:17 | | **creditor**(1) 10:2 | |
| **amendment**(1) 12:21 | | **badtke-berkow**(1) 2:40 | | **certify**(1) 27:18 | | **creditors**(1) 10:20 | |
| **america**(3) 2:47 12:7 12:15 | | **bank**(2) 2:47 2:47 | | **chairman**(1) 11:25 12:10 | | **creditor's**(1) 2:10 | |
| **amount**(2) 10:7 26:2 | | **bankruptcy**(11) 1:1 1:20 7:16 7:21 8:1 | | **chapter**(2) 1:8 17:23 | | **cross**(2) 6:10 6:12 | |
| **analog**(1) 17:8 | | 9:16 10:18 17:19 17:21 18:13 18:16 | | **china**(1) 12:7 | | | |
| | | | | **choice**(7) 7:12 8:14 8:18 9:12 9:17 10:17 | | **culver**(14) 1:32 4:4 4:5 4:8 4:10 4:13 | |
| | | **based**(5) 12:19 13:17 14:10 24:10 26:24 | | 19:1 | | 4:19 5:2 5:4 5:5 5:12 27:3 27:6 27:12 | |
| | | **basically**(2) 12:16 24:17 | | | | | |
| | | **because**(17) 6:19 7:11 7:18 13:24 14:6 | | **chung**(1) 2:48 | | **customer**(1) 12:2 | |
| | | 14:8 16:4 16:5 16:12 17:6 21:5 21:24 | | **circumstances**(2) 10:23 26:6 | | **date**(9) 9:14 19:18 15:3 15:4 15:5 15:9 | |
| | | 21:24 22:12 22:13 24:16 25:20 | | **claim**(23) 5:13 5:15 5:16 6:18 6:20 7:8 | | 18:12 24:25 27:24 | |
| | | | | 8:10 8:23 9:15 9:16 9:17 9:25 11:3 12:18 | | **dated**(5) 6:21 21:11 23:20 23:20 24:24 | |
| | | **been**(8) 8:12 8:22 9:5 9:20 9:20 10:12 | | 18:24 19:8 19:18 20:8 20:9 20:10 23:6 | | **day**(1) 14:25 | |
| | | 10:17 20:1 | | 23:17 26:22 | | **debra**(2) 6:1 6:16 | |
| | | **before**(7) 1:19 6:3 14:25 15:1 17:21 17:21 | | | | **debtor**(6) 6:22 11:22 11:23 12:7 19:6 23:6 | |
| | | 25:9 | | **claimant**(1) 23:16 | | **debtors**(30) 1:12 1:24 4:10 5:3 5:12 5:18 | |
| | | | | **clarify**(1) 5:22 | | 5:20 5:24 6:17 7:12 7:14 7:18 8:8 8:16 | |
| | | **began**(4) 9:3 9:11 16:23 16:25 | | **clean**(1) 26:15 | | 11:1 11:25 12:18 12:24 13:17 15:13 15:24 | |
| | | **behalf**(5) 4:10 5:3 5:11 12:11 22:22 | | | | 18:14 18:22 19:11 19:12 19:25 20:1 20:4 | |
| | | **being**(2) 8:15 18:20 | | | | 20:9 23:2 | |

| Word | Page:Line |
| --- | --- |

debtors'(13) 4:15 4:20 5:14 6:8 7:1 7:21 9:25 10:1 10:20 11:3 11:24 12:3 12:22

deceiving(1) 22:12
deciding(1) 25:10
decision(3) 7:14 13:12 23:16
declaration(7) 6:1 6:3 6:13 6:16 6:24 7:3 7:5

dedicated(1) 11:21
deferred(1) 15:21
definition(1) 14:12
delaware(3) 1:2 1:12 4:1
deny(2) 21:16 21:17
described(1) 23:24
detail(1) 13:8
determined(1) 15:5
development(1) 17:4
diaz(1) 1:40
did(12) 8:24 10:4 14:20 15:10 16:7 16:19 18:2 21:16 21:19 23:18 25:13 26:8
didn't(1) 21:17
didn't(1) 7:9
difficult(1) 23:15
digital(1) 17:8
dipping(4) 16:7 16:8 18:25 19:13
director(1) 12:1
disallow(1) 11:3
disallowing(1) 12:18
discrepancy(4) 12:23 15:13 20:24 22:12
disparaging(1) 14:3
dispute(1) 7:7
distance(2) 23:17 26:21
district(1) 1:2
division(1) 17:3
docket(6) 5:14 5:19 5:23 5:24 13:2 23:3
document(7) 8:6 13:1 13:4 23:24 24:1 25:7 26:24

documents(2) 5:21 14:16
does(5) 6:14 7:7 7:8 14:13 25:7
dollar(1) 10:7
dollars(2) 12:6 26:4
don't(2) 20:17 24:25
don't(1) 10:6
double(4) 16:6 16:8 18:25 19:12
dow(1) 2:27
due(1) 18:13
during(7) 7:21 8:1 10:5 10:10 15:21 18:16 20:3

duties(1) 19:12
e-mail(2) 5:21 13:25
each(1) 15:8
earlier(5) 8:11 8:21 9:4 9:11 10:11
early(5) 8:9 9:1 9:3 9:6 12:14
earn(1) 16:17
east(1) 12:13
ecro(1) 1:38
effective(3) 15:15 15:19 27:1
eguchi(1) 2:36
elect(1) 8:18
elected(2) 8:20 9:14
election(3) 10:14 10:16 19:11
electronic(1) 1:46 27:19
elena(1) 21:13
eligibility(2) 14:14 15:1
eligible(9) 6:25 13:21 14:9 14:22 15:11 16:2 21:25 22:14 24:13

else(3) 20:14 23:13 27:1
employee(11) 8:8 8:15 8:17 10:22 14:13 14:17 14:21 15:4 15:21 16:16 18:21
employees(10) 7:24 8:10 8:19 9:19 13:14 14:16 18:16 18:17 19:6 25:21

employer(1) 14:17
encouraged(1) 13:11
end(2) 7:23 8:3
enforced(1) 7:10
enforcement(1) 9:25
engineer(1) 11:21
enough(1) 10:22
entered(1) 4:16
entities(1) 19:6
entitle(1) 8:24
entitled(12) 8:12 8:22 9:5 9:24 13:18 15:23 16:6 16:13 16:18 16:18 18:11 21:2

entitlement(2) 18:18 23:23
ernst(1) 2:39
esq(10) 1:25 1:26 1:32 1:33 2:5 2:11 2:18 2:28 2:36 2:40

estate(1) 10:3
estates(1) 9:25
esther(1) 2:48
evaluation(1) 10:21
even(2) 25:12 25:17
event(1) 20:8
everyone(2) 4:3 27:11
evidence(4) 6:3 6:13 6:15 6:16
evident(1) 13:15
exactly(2) 10:6 20:11
examination(1) 6:10
examine(1) 6:12
example(1) 14:7
exception(1) 26:18
exchange(1) 13:22
excuse(1) 7:25
exercise(1) 14:1
exhibit(3) 6:24 7:2 7:4
exist(1) 25:13
explain(1) 23:7
f.c.c(1) 12:12
fact(7) 9:18 14:4 14:24 15:23 23:18 25:11 26:8

factual(1) 6:8
fairness(6) 12:20 12:21 13:11 13:12 15:13 19:3

farallon(1) 2:43
farr(1) 2:35
favor(1) 25:6
federal(1) 12:9
figure(1) 10:6
filed(2) 5:15 5:23 5:24 6:3 13:2 13:20 20:2 20:6 23:1

filing(3) 7:16 18:13 20:8
find(1) 26:7
firm(1) 4:23
first(5) 4:14 12:5 13:10 13:21 20:16
floor(1) 1:34
for(56) 1:2 1:24 2:4 2:10 2:17 2:23 2:27 2:35 2:39 2:43 2:47 3:4 4:8 4:9 5:16 5:22 6:8 6:10 6:18 6:19 6:25 8:2 8:7 8:8 9:1 9:17 11:3 11:25 12:4 12:7 12:10 12:18 12:19 13:22 14:12 14:7 14:9 15:6 15:7 15:11 16:8 16:23 16:25 17:4 17:6 17:9 18:24 19:8 19:16 21:17 23:8 24:1 26:15 27:1 27:4 27:7

foregoing(1) 27:18
form(1) 22:7
formed(1) 12:12
former(1) 19:6
forward(3) 11:12 20:21 24:5
found(1) 12:23
four(2) 12:14 15:7
friday(1) 23:2
from(7) 1:29 13:22 13:25 17:8 20:16 21:13 27:19

front(1) 22:25
gallagher(1) 2:35
gap(1) 8:9
gave(1) 24:7
general(1) 23:4
generally(1) 23:4
gentleman(2) 14:6 22:19
get(1) 16:17
ginger(1) 1:38
give(3) 7:13 8:17 16:16
given(4) 7:12 8:19 9:20 25:21
goes(1) 20:10
going(7) 7:19 7:20 7:24 7:25 8:6 13:8 18:15

good(21) 2:11 4:3 4:4 4:4 4:5 4:5 4:7 4:24 5:6 5:8 5:8 5:8 11:14 11:15 20:15 22:19 22:20 22:21 22:24 22:25 23:11 27:14

got(2) 10:22 27:1
gottlieb(3) 1:24 4:23 5:11
great(2) 23:17 26:21
gross(1) 1:19
guarantee(1) 22:23
gurgel(1) 1:26
had(9) 9:20 9:20 9:21 20:1 23:1 23:6 23:6 23:9 24:16

half(1) 12:5
hamilton(2) 1:24 5:11
happened(1) 20:1
happy(1) 19:16
harrisburg(1) 1:42
has(2) 4:16 19:16
have(14) 4:18 4:24 5:8 6:14 8:2 8:12 12:2 17:10 19:7 22:5 26:1 26:6 26:15 27:1

having(4) 10:9 19:1 19:9 19:10
he's(1) 15:22
hear(1) 20:16
heard(1) 22:19
hearing(2) 4:9 27:15
heart(1) 25:8
held(1) 13:19
help(1) 16:21
helping(2) 12:4 12:7
her(1) 6:13
here(8) 4:8 4:25 5:8 10:1 12:17 16:21 23:8 26:21

him(4) 6:22 7:10 7:12 8:24
himself(2) 6:25 9:1
his(14) 6:20 6:23 8:24 9:1 9:8 9:11 9:15 9:17 14:18 15:5 18:12 18:24 19:25 23:19

honor(31) 4:5 4:14 4:16 5:5 5:7 6:17 11:8 13:9 16:20 18:9 19:15 20:13 20:19 21:3 21:7 22:20 22:22 23:1 23:1 23:4 23:8 23:9 23:12 24:22 25:15 25:24 26:10 26:13 27:3 27:6 27:13

honor's(2) 13:12 13:15
honorable(1) 1:19
how(2) 10:4 13:5
human(1) 14:5
i'm(13) 13:11 14:22 19:16 20:18 21:2 21:25 22:11 22:13 22:20 23:20 24:22 25:17 27:5

immediately(1) 16:13
important(1) 13:14
inc(3) 1:8 2:31 4:9
includes(1) 8:22
including(5) 6:6 6:10 11:24 14:17 15:5
income(5) 7:2 9:4 12:24 14:10 15:15 15:19
inconsistency(1) 13:6
increase(1) 12:16
index(4) 5:15 5:19 5:24 5:25
indicated(2) 8:14 22:6

indiscernible(10) 11:24 12:1 12:4 14:2 17:3 17:5 17:7 17:12 20:20 26:18

individual(1) 14:16
ineligible(2) 16:1 16:3
ingersoll(1) 2:4
initial(1) 19:25
instead(2) 7:9 9:15
insurance(3) 7:4 9:2 10:10
interested(3) 2:27 2:35 2:43
into(2) 6:15 6:16 13:8
introduce(1) 4:22
issue(4) 10:21 13:5 13:12 25:8
issued(1) 20:25
it's(8) 10:19 19:11 21:11 23:4 23:15 23:20 25:20 26:1

items(1) 12:19
its(4) 10:2 10:20 14:17 16:12
itself(1) 23:8
it's(4) 4:4 4:24 10:17 12:19
i'd(1) 4:22
i'm(3) 11:11 11:20 13:8
i've(1) 11:22
james(1) 1:32
january(5) 12:25 14:11 15:16 15:20 17:1
john(1) 13:15
jointly(1) 1:6
jones(1) 2:27
joseph(1) 2:40
judge(2) 1:19 1:20
june(8) 1:14 4:1 5:19 5:23 5:25 13:3 15:24 17:1

just(6) 12:22 23:4 23:5 23:7 23:8 26:17
katherine(1) 2:11
kathleen(1) 2:5
kent(1) 2:32
kevin(1) 1:19
king(2) 2:13 21:13
know(11) 10:5 10:6 10:7 10:9 10:15 10:18 13:1 18:17 19:4 22:12 24:16

knowing(1) 24:7
knowingly(2) 23:18 26:8
labor(1) 13:14
laid(3) 8:5 9:13 17:20
latin(1) 12:15
law(1) 4:23
leader(1) 6:2
learned(1) 9:19
least(1) 21:1
legal(2) 14:1 25:19
legality(1) 25:20
less(1) 10:8
let(1) 14:8
let's(2) 16:13 20:16
letter(12) 12:23 15:1 15:14 21:8 21:8 21:15 21:17 21:18 23:19 24:3 24:20 24:23

life(3) 7:3 9:2 10:9
like(6) 4:22 6:11 15:12 16:10 24:17 26:1
line(2) 12:16 26:17
linn(1) 2:44
llp(3) 1:31 2:35 2:39
long-term(1) 7:4
longer(5) 10:11 14:22 16:2 16:15 19:11
look(4) 13:4 14:15 15:3 24:11
lot(1) 17:6
low(1) 23:3
mace(1) 1:38
made(7) 7:14 8:16 11:22 18:15 18:20 19:1 19:10

maintain(1) 13:23
maintaining(1) 9:15
make(5) 6:25 7:19 9:17
making(1) 5:2
management(1) 2:43

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| many(2) 8:19  11:23 | | off(1) 17:20 | | position(2) 19:4  19:5 | | retiree(4) 2:23  7:3  8:25  9:2 |
| march(9) 6:22  9:11  14:25  15:9  15:14 | | offer(4) 7:1  7:13  7:14  8:7 | | ppearances(2) 1:22  2:1 | | retirement(37) 6:25  7:1  7:2  7:22  8:2  8:11 |
| 21:11  23:20  23:20  23:21 | | offered(5) 7:15  8:8  9:20  18:14  18:22 | | pre-waiver(1) 20:7 | | 8:21  9:4  9:8  12:24  13:7  14:9  14:10  14:11 |
| | | offering(1) 8:16 | | prefer(2) 8:10  19:7 | | 14:23  14:24  15:11  15:15  16:1  16:4  16:15 |
| market(3) 1:11  1:34  2:6 | | officer(1) 13:24 | | preparation(1) 20:3 | | 18:23  19:10  20:25  21:6  22:1  22:2  22:15 |
| matias(1) 22:22 | | official(1) 17:20 | | prepared(1) 26:11 | | 24:2  24:11  24:12  24:15  24:18  24:24  24:25  25:5 |
| matter(8) 4:14  4:17  4:19  4:20  14:4  14:24 | | okay(9) 14:14  15:18  17:2  17:13  17:22 | | preparing(1) 20:1 | | 25:21  26:5 |
| 15:23  27:20 | | 18:5  19:23  21:12  22:4 | | prescription(1) 9:1 | | |
| | | | | present(2) 12:17  26:21 | | retirements(1) 21:2 |
| matters(1) 4:13 | | old(2) 13:7  23:6 | | presented(1) 13:6 | | right(37) 6:15  6:20  8:4  9:15  10:25  11:5 |
| matthew(1) 1:26 | | omnibus(8) 4:8  4:15  4:20  5:14  11:4  12:22 | | preserve(2) 10:2  18:17 | | 13:13  15:8  17:24  18:5  18:5  19:14  20:11 |
| may(13) 5:15  11:15  12:8  15:17  18:9  20:2 | | 23:2  23:5 | | president(3) 12:4  12:4  12:7 | | 20:11  20:12  20:21  21:1  21:3  21:19  21:20 |
| 20:6  20:19  24:4  25:14  25:19  26:13  26:14 | | | | preston(1) 2:10 | | 21:22  22:8  22:9  22:10  22:16  23:10  23:19 |
| | | once(1) 11:24 | | pretty(1) 14:12 | | 23:22  24:9  24:21  25:1  25:9  26:8  26:16 |
| means(4) 14:16  14:22  14:25  15:4 | | one(10) 5:13  8:18  9:21  10:16  12:19  12:22 | | previous(1) 20:7 | | 26:23  26:25  27:5 |
| medical(2) 7:3  8:25 | | 14:2  15:7  26:15  26:17 | | probably(1) 17:24 | | |
| megabit(1) 12:5 | | | | proceedings(1) 1:18  1:46  27:20 | | rights(1) 16:16 |
| member(3) 15:4  15:5  15:8 | | only(2) 7:22  15:21 | | process(1) 23:7 | | rise(1) 4:2 |
| mentioned(5) 5:12  12:20  14:6  24:6 | | opinions(1) 20:24 | | produced(1) 1:47 | | risk(1) 9:16 |
| meritech(1) 12:6 | | option(2) 8:17  8:19 | | product(1) 12:2 | | rooney,pc(1) 2:4 |
| met(1) 14:5 | | oral(1) 6:10 | | promised(1) 16:14 | | rules(1) 13:7 |
| michael(1) 2:44 | | order(10) 4:16  6:25  8:11  13:13  13:15 | | proof(1) 19:18 | | ruling(1) 25:4 |
| might(2) 8:10  23:25 | | 18:21  25:5  26:5  26:12  27:5 | | provide(3) 6:8  7:20  18:21 | | run(1) 10:23 |
| miles(1) 12:14 | | | | provided(1) 5:20 | | said(6) 15:8  15:20  15:24  16:3  21:6  22:1 |
| million(2) 12:5  12:14 | | organization(1) 17:10 | | provision(1) 16:8 | | same(1) 25:4 |
| misleading(2) 13:5  16:12 | | other(7) 8:7  8:18  9:19  10:20  12:22  14:2 | | psam(2) 3:4  3:4 | | satisfied(2) 23:18  26:25 |
| misled(1) 16:11 | | 19:16 | | put(5) 6:3  8:15  13:1 | | say(2) 14:13  14:16 |
| misunderstood(1) 25:18 | | | | quello(1) 12:10 | | schedules(4) 20:1  20:2  20:6  20:10 |
| modernize(1) 17:8 | | otherwise(5) 8:12  8:21  9:4  18:11  19:17 | | question(1) 25:14 | | schuylkill(1) 1:41 |
| money(1) 26:2 | | our(2) 23:7  27:4 | | questions(2) 19:16  23:9 | | seated(1) 4:4 |
| monitor(2) 2:4  2:39 | | out(3) 8:5  9:13  12:23 | | rather(1) 11:17 | | second(1) 4:19 |
| months(6) 9:6  9:11  10:5  10:11  17:21  17:21 | | outages(1) 12:13 | | read(2) 21:5  22:1 | | secondly(1) 14:9 |
| more(2) 13:8  17:11 | | over(1) 12:5 | | real(1) 7:11 | | secret(1) 13:23 |
| morning(15) 4:3  4:4  4:5  4:7  5:3  5:6  5:8 | | overlap(1) 19:2 | | reason(3) 16:8  18:14  22:13 | | section(4) 14:15  15:3 |
| 11:14  11:15  20:15  22:19  22:20  22:21 | | overly(1) 2:39 | | reasons(2) 5:22  8:7 | | see(4) 4:4  4:6  15:24  23:11 |
| 22:24  27:2 | | overrule(2) 11:2  26:7 | | receive(21) 7:22  10:5  14:14  14:20  14:23 | | sent(1) 6:22 |
| | | own(1) 16:12 | | 15:10  16:1  16:2  16:4  16:6  16:7  16:19 | | september(2) 19:20  20:9 |
| morris(2) 1:31  4:10 | | | | 18:11  21:25  22:2  22:3  22:14  24:12  24:14 | | serious(1) 13:4 |
| move(1) 17:8 | | paragraphs(1) 15:25 | | 25:5  25:9 | | service(8) 1:40  1:47  11:23  13:17  13:22 |
| much(5) 5:10  10:4  20:13 | | pardon(1) 18:1 | | | | 15:8  17:11  17:11 |
| multiple(1) 8:13 | | parker(7) 6:1  6:9  6:12  6:16  6:24  7:3  7:5 | | received(18) 4:21  5:18  9:21  10:8  11:23 | | |
| multiple-page(1) 8:6 | | part(1) 11:3 | | 12:3  12:6  12:9  12:25  13:25  14:4  15:1 | | services(2) 1:40  6:2 |
| murphy(1) 2:5 | | participants(1) 7:22 | | 19:9  20:4  21:6  22:5  22:13  24:2 | | seven(5) 9:6  9:11  10:5  10:11  12:7 |
| murrell(8) 2:18  20:15  20:18  22:20  22:22 | | party(6) 2:23  2:27  2:35  2:43  6:11  21:5 | | | | severance(80) 5:16  6:6  6:19  6:21  6:23  7:8 |
| 22:25  23:10  23:12 | | past(3) 12:19  14:5  16:19 | | receiving(14) 8:1  8:11  8:20  8:24  8:25  9:3 | | 7:9  7:11  7:13  7:14  7:19  7:20  7:23  8:1 |
| | | payment(9) 14:20  15:10  15:23  16:3  16:5 | | 9:11  14:13  14:18  15:22  16:5  16:14  18:10 | | 8:3  8:6  8:10  8:17  8:20  8:23  9:10  9:13 |
| name(1) 11:18 | | 16:7  24:21  26:11  26:25 | | 24:13 | | 9:15  9:18  9:20  9:24  10:15  10:22  11:3 |
| network(3) 12:11  12:13  17:8  23:24 | | | | recess(1) 27:10 | | 12:18  13:19  13:21  14:5  14:7  14:13  14:14 |
| network's(1) 12:8  15:19 | | payments(12) 7:19  8:1  9:3  10:11  18:11 | | recognition(2) 8:9  13:13 | | 14:18  14:18  14:20  15:6  15:6  15:21  15:22 |
| networks(4) 1:8  2:36  4:9  15:14 | | 18:15  18:18  18:19  19:8  19:19  19:25  25:9 | | recognize(1) 26:20 | | 15:23  15:24  16:2  16:5  16:6  16:7  16:14 |
| nichols(1) 1:31  4:10 | | | | recollection(1) 17:16 | | 16:17  16:19  18:11  18:12  18:15  18:18 |
| nni(1) 6:2 | | pbgc(4) 2:17  28:11  23:5  23:8 | | record(2) 4:9  23:6 | | 18:22  18:24  19:8  19:8  20:4  21:20  21:22 |
| non(1) 14:2 | | peg(1) 2:28 | | recorded(1) 1:46 | | 21:25  22:2  22:3  22:6  22:6  23:19  23:24 |
| non-solicitation(1) 14:3 | | pennsylvania(1) 1:27  1:42 | | recording(2) 1:46  27:19 | | 24:7  24:12  24:13  24:14  24:21  25:4  25:9 |
| nortel(29) 1:8  2:36  4:9  12:6  12:11  13:5 | | pension(3) 2:37  9:3  13:18  15:20  15:25 | | records(1) 20:5 | | 26:1  26:9  26:25 |
| 13:7  14:1  14:1  14:7  14:10  14:21  15:14 | | 16:13  16:17  22:22 | | recovery(1) 9:17 | | |
| 15:18  16:3  16:11  16:15  16:16  16:16  16:23 | | people(1) 14:1 | | reflecting(1) 20:7 | | shall(1) 15:5 |
| 16:25  17:4  17:6  17:9  17:12  20:25  23:24 | | period(8) 7:23  8:3  10:10  13:25  15:6  15:7 | | regardless(1) 16:18 | | shared(1) 6:2 |
| 24:18  24:24 | | 15:21  18:16 | | regional(1) 17:5 | | should(4) 6:10  7:10  13:19  22:1 |
| | | permit(1) 7:22 | | relating(1) 13:15 | | sides(1) 8:16 |
| north(1) 1:34  2:13 | | person(2) 14:17  25:19 | | reliability(1) 12:12 | | sign(2) 14:22  26:11 |
| not(35) 7:7  7:8  7:10  7:11  7:18  7:19  7:25 | | personnel(1) 14:5 | | remains(1) 25:4 | | signed(18) 6:7  6:21  6:24  7:8  8:20  9:10 |
| 9:21  9:24  10:16  13:19  13:23  14:13  14:20 | | peter(3) 2:23  5:16  11:18 | | remember(1) 24:25 | | 10:12  14:6  16:1  16:19  21:2  21:9  21:15 |
| 15:10  15:22  16:6  16:7  16:8  16:13  16:19 | | pgbc(1) 2:17 | | remming(1) 1:33 | | 21:16  21:17  23:24  24:14  24:14 |
| 18:10  18:15  18:19  19:5  21:7  21:16  22:22 | | phillip(1) 3:5 | | renaissance(1) 2:12 | | |
| 22:25  24:13  24:15  24:18  25:7  25:19 | | places(1) 8:13 | | reopen(1) 10:20 | | significant(1) 11:22 |
| | | plan(41) 7:2  7:3  7:4  7:21  9:2  9:4  12:24 | | reorg(1) 2:31 | | signing(6) 23:22  24:1  24:20  25:17  25:18 |
| nothing(1) 15:8 | | 13:7  13:19  13:22  14:10  14:18  15:11  15:15 | | reply(5) 5:24  6:1  8:14  12:21  15:24 | | 27:5 |
| november(4) 17:16  17:16  17:25  18:2 | | 15:19  15:25  16:4  16:7  16:12  16:16  18:12 | | request(3) 6:12  6:23  11:1 | | |
| now(3) 8:19  10:17  15:12 | | 18:19  20:25  21:6  21:7  21:25  22:1  22:2 | | requested(4) 9:18  9:23 | | similarly(1) 9:19 |
| numbers(1) 23:6 | | 22:3  22:6  22:13  22:14  22:15  23:25  24:1 | | research(2) 2:31  17:4 | | simply(2) 15:22  16:5 |
| objected(1) 6:18 | | 24:8  24:11  24:15  24:18  24:24  25:21 | | resources(1) 14:5 | | since(6) 10:18  10:18  13:1  15:9  16:7  16:13 |
| objecting(1) 2:23 | | | | respect(3) 4:15  4:17  5:13 | | 18:1  18:7  21:10  21:12  21:18  22:9  22:24 |
| objection(15) 4:15  4:21  4:21  5:14  5:21 | | plans(6) 7:1  7:22  9:9  10:8  16:6  22:6 | | response(8) 4:21  5:19  5:23  12:21  19:25 | | 23:13  24:4  24:19  24:25  25:2 |
| 5:22  6:9  6:14  11:2  11:4  20:10  23:2  23:5 | | please(3) 4:2  4:3  24:5 | | 23:1  23:4  23:14 | | |
| 26:7  26:7 | | plus(1) 15:7 | | | | situated(1) 9:19 |
| obligation(1) 10:24 | | point(1) 10:19 | | restated(4) 12:25  14:11  15:15  15:19 | | situations(1) 7:24 |
| obligations(3) 10:2  10:20  19:12 | | | | result(5) 7:24  9:10  9:24  10:15  12:13 | | six(1) 10:17 |
| october(2) 9:9  17:17 | | | | retired(1) 11:21 | | some(6) 7:13  8:9  18:21  19:24  20:4  23:6 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| something(1) 24:17 | | the(301) 1:1 1:2 1:19 2:4 2:12 4:2 4:3 4:7 | | this(23) 5:3 8:5 8:9 8:14 8:17 8:19 8:22 | | was(59) 5:25 6:3 6:7 6:22 7:11 7:15 8:5 |
| sorry(4) 11:11 20:18 22:21 23:20 | | 4:8 4:9 4:9 4:10 4:12 4:13 4:14 4:15 | | 9:12 9:17 10:10 10:19 10:20 13:8 13:12 | | 9:2 9:6 9:9 9:10 9:12 9:17 9:22 10:7 10:8 |
| sound(2) 1:46 27:19 | | 4:16 4:18 4:19 4:20 4:23 4:24 5:2 5:3 5:4 | | 14:6 18:14 19:10 21:6 23:16 24:1 24:17 | | 10:16 10:17 12:2 12:5 12:12 13:1 13:2 |
| speaks(1) 23:8 | | 5:8 5:12 5:13 5:13 5:15 5:17 5:18 5:20 | | 26:6 27:2 | | 13:5 14:8 14:8 14:21 14:21 15:9 15:10 |
| specifically(1) 14:15 | | 5:21 5:22 5:22 5:24 6:1 6:2 6:2 6:3 6:5 | | | | 16:1 16:2 16:3 16:4 16:5 16:8 16:12 |
| spending(1) 17:6 | | 6:6 6:8 6:9 6:12 6:14 6:17 6:21 6:22 6:23 | | those(4) 9:9 10:5 18:18 26:4 | | 16:13 16:14 16:17 17:4 17:6 17:11 17:20 |
| spent(1) 12:14 | | 7:1 7:2 7:2 7:3 7:4 7:6 7:8 7:9 7:10 7:11 | | thought(2) 22:13 22:21 | | 18:10 18:11 18:13 18:14 19:20 19:24 20:1 |
| spouse(1) 9:1 | | 7:11 7:12 7:13 7:14 7:15 7:16 7:17 7:18 | | three(1) 17:21 | | 20:2 20:25 21:21 24:15 24:15 25:21 26:18 |
| stand(1) 27:10 | | 7:20 7:21 7:21 7:21 7:23 7:23 8:1 8:3 8:4 | | through(1) 8:7 | | 27:15 |
| standard(1) 15:6 | | 8:5 8:7 8:7 8:8 8:8 8:9 8:13 8:14 8:14 | | time(10) 9:24 10:16 11:21 12:1 14:8 14:23 | | |
| start(2) 8:11 8:20 | | 8:15 8:16 8:17 8:17 8:17 8:18 9:2 9:3 9:6 | | 17:6 17:7 20:4 21:20 | | washington(2) 1:28 2:20 |
| started(3) 8:24 8:25 17:9 | | 9:9 9:10 9:12 9:13 9:14 9:16 9:16 9:16 | | | | way(1) 8:18 |
| starts(1) 14:25 | | 9:16 9:18 9:20 9:22 9:23 9:25 10:1 10:1 | | today(10) 4:8 4:14 6:9 10:15 18:23 19:5 | | we'll(1) 27:10 |
| stated(1) 14:24 21:7 | | 10:3 10:4 10:6 10:7 10:9 10:10 10:10 | | 19:7 25:10 27:4 27:8 | | we're(2) 18:25 19:4 |
| states(4) 1:1 1:20 8:13 23:22 | | 10:12 10:13 10:14 10:15 10:16 10:16 | | | | week(1) 15:7 |
| status(1) 20:7 | | 10:18 10:18 10:19 10:21 10:22 10:23 | | took(1) 20:3 | | weeks(2) 12:19 15:7 |
| ste(1) 2:6 | | 10:25 11:1 11:2 11:3 11:3 11:5 11:7 11:9 | | traci(1) 27:24 | | well(5) 8:7 10:18 13:6 19:9 23:15 |
| steen(2) 1:24 5:11 | | 11:11 11:14 11:15 11:17 11:19 11:21 11:23 | | trade(1) 13:23 | | were(15) 7:18 7:19 7:24 7:25 8:19 9:13 |
| still(6) 16:11 17:13 17:18 21:25 24:12 | | 11:23 11:24 11:25 12:1 12:2 12:2 12:5 | | transcriber(1) 27:24 | | 9:19 17:13 17:18 18:15 18:17 18:19 20:5 |
| stop(1) 18:2 | | 12:5 12:6 12:7 12:9 12:11 12:12 12:12 | | transcript(3) 1:18 1:47 27:19 | | 20:6 21:20 |
| stopped(3) 17:14 17:15 17:24 | | 12:13 12:14 12:15 12:16 12:17 12:19 | | transcription(3) 1:40 1:40 1:47 | | |
| street(4) 1:11 1:41 2:13 2:19 | | 12:20 12:22 12:22 12:23 12:24 12:24 | | transferred(1) 17:5 | | west(1) 12:13 |
| subject(1) 13:8 | | 12:25 13:2 13:2 13:3 13:4 13:6 13:6 13:7 | | traveled(1) 26:21 | | weston(1) 2:36 |
| submitted(1) 26:18 | | 13:10 13:11 13:12 13:13 13:17 13:18 | | traveling(1) 12:15 | | we're(1) 4:8 |
| substantial(1) 26:2 | | 13:19 13:24 13:25 14:1 14:2 14:2 14:4 | | treatment(1) 13:13 | | what(9) 10:12 10:22 20:1 21:2 21:7 22:14 |
| such(2) 6:20 23:25 | | 14:5 14:6 14:8 14:10 14:11 14:11 14:12 | | trust(1) 2:37 | | 24:18 25:10 27:1 |
| sue(1) 14:7 | | 14:15 14:22 14:23 14:24 14:25 15:1 15:4 | | trying(1) 17:7 | | |
| suggests(3) 22:15 24:15 24:19 | | 15:4 15:6 15:7 15:9 15:12 15:13 15:13 | | tuesday(1) 4:1 | | what's(1) 25:9 |
| sum(1) 9:22 | | 15:14 15:16 15:19 15:20 15:21 15:25 15:21 | | tunnell(2) 1:31 4:11 | | when(17) 9:18 13:4 14:4 14:8 14:21 15:22 |
| summary(1) 16:10 | | 15:21 15:22 16:4 16:8 16:10 16:11 16:12 | | two(5) 4:13 12:17 12:19 17:20 17:21 | | 16:11 16:23 17:11 17:14 21:5 21:6 21:25 |
| superseded(1) 20:9 | | 16:14 16:14 16:15 16:17 16:19 16:21 | | tying(1) 14:13 | | 23:16 24:13 24:14 25:17 |
| support(4) 5:21 6:1 6:8 23:17 | | 16:23 17:2 17:3 17:5 17:8 17:9 17:11 | | type(1) 7:15 | | |
| sure(1) 21:18 | | 17:13 17:16 17:18 17:18 17:21 17:22 | | u.s(4) 12:5 12:15 17:5 17:9 | | where(3) 7:25 13:25 26:24 |
| sustain(1) 26:6 | | 17:24 18:2 18:5 18:8 18:10 18:12 18:13 | | uncontested(1) 4:14 | | whereupon(1) 27:15 |
| switch(2) 17:8 17:9 | | 18:13 18:14 18:15 18:15 18:16 18:16 | | under(10) 7:1 7:20 9:2 9:3 9:9 10:8 16:14 | | whether(4) 10:16 10:21 13:5 16:18 |
| sympathetic(1) 19:4 | | 18:18 18:19 18:21 18:22 18:22 18:25 19:3 | | 18:12 23:25 26:6 | | which(17) 5:14 5:16 5:23 5:25 7:1 7:2 7:4 |
| taking(1) 9:16 | | 19:6 19:6 19:8 19:8 19:9 19:11 19:14 | | | | 8:6 9:10 10:12 12:12 12:18 12:22 13:14 |
| talk(1) 13:10 | | 19:18 19:18 19:18 19:20 19:23 19:24 | | understand(8) 4:16 7:9 19:7 21:19 21:21 | | 15:4 20:3 23:21 |
| talking(1) 18:25 | | 19:25 20:1 20:3 20:4 20:6 20:7 20:7 20:9 | | 25:6 25:23 25:25 | | |
| taylor(1) 2:10 | | 20:9 20:10 20:11 20:14 20:18 20:21 20:24 | | | | while(1) 18:16 |
| team(1) 6:2 | | 20:24 20:24 20:25 21:2 21:4 21:5 21:6 | | united(2) 1:1 1:20 | | whiteford(1) 2:10 |
| technology(1) 12:3 | | | | unless(1) 6:11 | | who(8) 5:2 6:2 8:19 9:19 9:20 10:22 |
| telephone(1) 12:8 | | | | unpaid(1) 12:18 | | 14:16 22:19 |
| telephonic(2) 2:25 3:1 | | the(96) 21:7 21:8 21:8 21:11 21:13 21:15 | | until(2) 8:2 16:2 | | |
| terminated(1) 7:24 | | 21:17 21:16 21:19 21:23 21:24 21:25 22:1 | | updated(1) 20:5 | | whole(1) 10:2 |
| termination(5) 14:18 15:3 15:5 15:9 18:12 | | 22:4 22:8 22:10 22:12 22:13 22:13 22:14 | | upon(1) 26:24 | | why(2) 24:14 25:25 |
| terms(7) 7:21 9:9 9:14 10:7 16:12 16:15 | | 22:14 22:16 22:18 22:18 22:22 22:24 23:1 | | use(1) 25:19 | | will(4) 5:2 5:12 11:13 24:16 |
| 19:3 | | 23:2 23:5 23:5 23:6 23:7 23:10 23:13 | | value(3) 10:9 10:10 10:14 | | willkie(1) 2:35 |
| | | 23:15 23:24 24:2 24:5 24:6 24:7 24:9 | | various(2) 7:1 19:6 | | wilmington(5) 1:12 1:35 2:7 2:14 4:1 |
| testimony(1) 6:13 | | 24:10 24:11 24:13 24:14 24:17 24:18 | | very(3) 5:10 19:4 20:13 | | win(2) 12:4 12:7 |
| than(6) 8:12 8:21 9:4 10:8 10:11 17:11 | | 24:20 24:20 24:24 24:24 24:25 25:1 25:3 | | vicente(1) 22:22 | | window(1) 14:2 |
| thank(33) 4:19 5:1 5:4 5:4 5:5 5:6 5:10 | | 25:5 25:4 25:5 25:7 25:8 25:8 25:10 | | vincente(1) 2:18 | | wise(1) 10:16 |
| 6:17 11:5 11:6 15:18 16:20 18:5 18:7 18:9 | | 25:10 25:13 25:16 25:18 25:18 25:19 | | voluntarily(3) 23:19 23:23 26:8 | | wish(1) 6:11 |
| 20:12 20:13 21:7 22:17 22:18 23:10 23:12 | | 25:20 25:20 25:20 25:21 25:23 25:25 26:1 | | voluntary(3) 9:12 9:22 19:10 | | with(15) 4:14 4:16 5:13 5:20 10:1 11:25 |
| 25:2 25:3 25:24 26:10 26:19 27:6 27:7 | | 26:4 26:6 26:7 26:11 26:12 26:14 26:15 | | wait(1) 8:2 | | 12:6 13:7 14:5 18:19 18:21 19:5 19:11 |
| 27:9 27:11 27:12 27:13 | | 26:16 26:17 26:19 26:24 26:24 27:5 27:5 | | waiting(1) 10:11 | | 20:5 26:11 |
| | | 27:7 27:10 27:14 27:15 27:18 27:19 27:19 | | waive(7) 7:11 8:10 9:14 9:23 10:15 23:19 | | |
| that(106) 4:16 4:17 4:21 5:19 6:7 6:12 | | 27:20 | | 26:8 | | within(1) 21:1 |
| 6:15 6:22 6:23 6:24 7:8 7:9 7:10 7:15 8:9 | | | | | | word(1) 25:19 |
| 8:14 8:14 8:15 8:16 9:17 9:19 9:24 10:7 | | their(10) 5:24 8:2 8:3 8:10 8:11 8:21 | | waived(4) 6:20 24:20 26:5 26:25 | | work(3) 11:25 12:1 13:24 |
| 10:23 11:2 12:2 13:1 13:1 13:2 13:13 | | 18:17 18:23 20:2 20:5 | | waiver(47) 6:6 6:21 6:23 6:25 7:8 7:9 | | worked(1) 12:1 |
| 13:18 13:19 14:1 14:6 14:16 14:22 14:23 | | | | 7:10 7:14 8:6 8:13 8:17 8:23 9:10 9:13 | | working(9) 16:23 16:25 17:6 17:9 17:14 |
| 14:25 15:1 15:7 15:20 15:24 16:3 16:16 | | them(1) 19:16 | | 9:18 9:20 9:22 10:1 10:18 10:22 12:24 | | 17:15 17:18 17:25 18:2 |
| 16:17 17:7 18:10 18:11 18:13 18:14 18:14 | | themselves(1) 18:19 | | 13:6 13:7 13:19 14:22 15:2 15:4 15:24 | | |
| 18:19 18:25 19:1 19:1 19:7 19:12 20:3 | | then(7) 5:20 5:23 5:24 6:15 17:4 21:4 | | 16:11 16:19 18:19 18:22 20:5 20:6 21:1 | | would(15) 6:11 6:12 8:2 8:12 10:19 10:23 |
| 20:5 20:10 20:25 21:2 21:5 21:5 21:8 | | 24:16 | | 21:17 24:7 24:7 24:14 24:17 24:23 25:4 | | 10:23 11:11 15:12 16:10 18:25 19:1 19:7 |
| 21:13 21:15 21:17 21:17 21:20 21:20 | | | | 25:8 25:13 25:18 25:20 27:1 | | 20:9 26:1 |
| 21:21 23:3 23:23 23:24 23:18 23:22 23:25 | | there(9) 4:13 7:25 8:15 16:6 19:15 19:24 | | | | |
| 24:7 24:10 24:11 24:15 24:16 24:16 24:16 | | 21:1 23:22 24:15 | | waivers(3) 7:15 8:9 8:20 | | would've(3) 8:22 9:4 10:12 |
| 24:17 24:21 24:23 24:23 25:6 25:7 25:8 | | | | waiving(3) 21:20 21:21 23:23 | | written(1) 6:13 |
| 25:10 25:10 25:13 25:18 25:21 25:23 26:4 | | there's(5) 13:24 21:3 23:19 24:23 25:4 | | want(1) 13:10 | | wrong(1) 25:19 |
| 26:7 26:11 26:17 27:1 27:1 27:4 27:18 | | therefore(2) 14:21 16:15 | | wanted(4) 9:23 22:19 23:5 23:7 | | wrote(1) 21:5 |
| | | these(1) 10:8 | | | | www.diazdata.com(1) 1:44 |
| that's(9) 14:25 19:17 19:22 20:21 22:14 | | they(4) 7:19 7:25 8:12 8:21 | | | | yeah(1) 19:11 |
| 23:9 24:14 25:9 27:3 | | think(3) 10:8 19:17 23:7 | | | | year(4) 13:25 15:8 22:7 24:24 |
| | | thirty-eighth(4) 4:20 5:14 11:4 23:2 | | | | years(6) 10:17 11:21 13:17 13:22 17:10 |
| that's(2) 5:15 9:8 | | thirty-seventh(1) 4:15 | | | | 17:11 |

| Word | Page:Line |
|------|-----------|

**yes**(27) 4:12  4:18  5:17  6:5  7:6  7:17  10:13
11:8  11:10  11:17  11:19  15:17  16:22  17:23
19:19  21:10  21:12  21:14  21:23  22:19
22:24  23:13  24:3  24:22  24:22  25:16  26:3

**yet**(1) 9:21
**yocum**(1) 13:15
**you**(79) 4:4  4:6  4:19  4:24  5:1  5:4  5:4  5:5
5:6  5:8  5:10  6:17  10:5  10:7  10:9  10:15
10:18  11:5  11:6  11:11  13:8  14:15  15:3
15:12  15:17  15:18  16:20  16:23  17:13
17:13  17:18  17:24  18:2  18:6  18:7  18:9
18:17  19:3  20:12  20:13  20:17  21:7  21:8
21:15  21:19  21:20  22:12  22:17  22:18
22:21  22:25  23:10  23:11  23:12  23:22
23:23  23:25  24:11  24:18  24:20  25:2  25:3
25:24  25:25  26:5  26:8  26:10  26:14  26:15
26:19  26:25  27:1  27:6  27:7  27:9  27:11
27:12  27:13  27:14

**you're**(1) 26:19
**you've**(1) 26:20
**young**(1) 2:40
**your**(45) 4:5  4:14  4:16  5:5  5:6  6:17  11:8
13:9  13:12  13:15  16:20  18:6  18:9  19:15
20:13  20:19  21:3  21:7  21:8  21:20  22:20
22:21  23:1  23:1  23:4  23:8  23:9  23:12
24:21  24:22  25:8  25:8  25:14  25:24  26:5
26:7  26:8  26:10  26:13  26:21  26:25  27:3
27:6  27:8  27:13

**you're**(1) 11:9
**july**(1) 27:23