**<u>EXHIBIT 2</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS, INC., *et al.* | ) | Case No. 09-10138(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | **Re Dkt No. 13208** |

## ORDER

The Court has conducted a trial on the proper allocation of the proceeds from the sales of the assets of Nortel Networks, Inc., its affiliates and subsidiaries, and has duly considered the evidence presented and the post-trial briefs submitted and arguments made by the parties in support of their positions. For the reasons explained in the Allocation Trial Opinion issued this day, the Court Orders as follows:

1.     The allocation shall proceed in a pro rata fashion described in the Opinion.

2.     Specifically, in order to implement the pro rata allocation which is based in large part on the allowed claims against the numerous entities, the following principles will govern:

   a.     The allocation each Debtor Estate will be entitled to receive from the Lockbox funds is the percentage that all allowed claims against that Estate bear to the total allowed claims against all Debtor Estates.

   b.     Cash-on-hand for any entity will not be taken into account in the pro rata allocation. Each Debtor Estate with cash-on-hand will continue to hold that cash for distribution.

   c.     Intercompany claims against a Debtor Estate will be included in the claims against that Estate.

d.  The Debtor Estates (i.e., the Canadian Debtors, the U.S. Debtors and the EMEA Debtors) shall submit proposed schedules for expediting claims procedures for their own Estate.

e.  In determining the amount of the claims against the Debtor Estates, a claim that can be made against more than one Debtor Estate can only be calculated and recognized once. For example, the claims on Bonds are to be made on the Estate of the Issuer. A claim for the shortfall can be recognized by the Estate that guaranteed the bond, but that shortfall will not be taken into account in determining the claims against the Debtor Estates. Similarly, if the UKPC makes a claim against more than one Debtor Estate, such additional claims will not be taken into account in determining the claims against the Debtor Estates.

3.  The Court may allow interim distributions based upon submissions detailing the mechanism and proposed amount.

Dated:  May 12, 2015

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

2