**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| | (Jointly Administered) |
| Debtors. | **Re: Dkt. Nos. 15544, 15545, 15830, 15846, 15878, 15888, 15890, 15893, 15894** |

**MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 102(1) AND 105(a), FED. R. BANKR. P. 9006 AND BANKR. D. DEL. L.R. 9006-1(e) SHORTENING NOTICE FOR MOTION OF THE MONITOR AND THE CANADIAN DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 28 U.S.C. § 158(d)(2) CERTIFYING THE ALLOCATION DECISION FOR DIRECT APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") and foreign representative of Nortel Networks Corporation, Nortel Networks Limited, and certain of their direct and indirect Canadian subsidiaries (collectively, the "**Canadian Debtors**") in proceedings under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**"), on behalf of itself and the Canadian Debtors, hereby moves this Court (this "**Motion to Shorten**") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-1(e) of the Local Rules for the United States Bankruptcy

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel

Court for the District of Delaware (the "**Local Rules**"), shortening notice to allow the *Motion of the Monitor and Canadian Debtors for an Order Pursuant to 28 U.S.C. § 158(d)(2) Certifying the Allocation Decision for Direct Appeal to the United States Court of Appeals for the Third Circuit* (the "**Certification Motion**") to be considered at the Court's earliest convenience.  In support of this Motion to Shorten, the Monitor respectfully represents as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This Motion to Shorten is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      The statutory predicates for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1(e).

## BACKGROUND

3.       As described in greater detail in the Certification Motion, on May 12, 2015, the Court entered the *Order* [Dkt. No. 15545] (the "**Allocation Order**") adopting a modified *pro rata* allocation methodology for the reasons set forth in the *Allocation Trial Opinion* [Dkt. No. 15544] (the "**Allocation Opinion**").[2]  Following the entry of the Allocation Order and Allocation Opinion, the U.S. Debtors, the Committee, the Bondholders and the Law Debenture Trust Company as Indenture Trustee for the NNCC Notes all filed motions for reconsideration and/or clarification.[3]   The Monitor and the Canadian Debtors, the Joint Administrators, the U.K. Pension Claimants, Stephen Taylor as Conflicts Administrator for Nortel Networks S.A. and the Canadian Creditors' Committee filed objections.[4]

---

Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

[2] Capitalized terms used but not defined herein shall have the meanings assigned to them in the Allocation Opinion.

[3] Reconsideration Order (as defined below) at 1.

[4] *Id.*

4.      After a day-long argument on the competing motions on June 25, 2015, the Court entered its *Memorandum Order on Motions for Reconsideration* [Dkt. No. 15830] (the "**Reconsideration Order**," and together with the Allocation Order and Allocation Opinion, the "**Allocation Decision**") on July 6, 2015, providing certain clarifications of the Allocation Order and Allocation Opinion,[5] but denying all requests for reconsideration, and preserving the essential elements of the modified *pro rata* allocation methodology.[6]  Three days later, on July 9, 2015, the Committee filed a notice of appeal from the Allocation Decision [Dkt. No. 15846]. On July 17, 2015, the Nortel Trade Claims Consortium filed a notice of cross-appeal [Dkt. No. 15878].   On July 20, 2015, the Bank of New York Mellon, as Indenture Trustee, the U.S. Debtors, Stephen Taylor, Conflicts Administrator for Nortel Networks S.A. (In Administration), and the Bondholders all filed notices of appeal [Dkt. Nos. 15888, 15890, 15893, 15894], and further appeals and/or cross-appeals are expected to be filed on the date hereof.

5.      By the Certification Motion, the Monitor seeks certification of the Allocation Decision for direct appeal to the Third Circuit as authorized by 28 U.S.C. § 158(d)(2) to expedite the appellate process, avoid further depletion of the remaining estate assets, and make final distributions to creditors as soon as possible.   This Motion to Shorten supports these objectives and seeks to streamline the current logistical challenges facing the courts, the clerks, and the parties resulting from the multitude of appeals and cross-appeals, and to expedite the appeals process.

---

[5] The Court also entered the *Order on Motion of Law Debenture Trust Company of New York, as Indenture Trustee for the NNCC Notes, Pursuant to Fed. R. Civ. P. 52(b), 59(e), and 60 for Partial Reconsideration of the Court's Order and Allocation Trial Opinion* [Dkt. No. 15831] on July 6, 2015 fixing certain typographical errors.
[6] Reconsideration Order at 3.  The Canadian Court similarly entered its *Ruling on Reconsideration/Clarification Motion* on July 6, 2015 upholding the "modified pro rata" allocation methodology [Dkt. No. 15842].

**RELIEF REQUESTED**

6.      By this Motion to Shorten, the Monitor respectfully requests that the Court enter an order, substantially in the form of the Proposed Order, (i) shortening notice with respect to the Certification Motion; (ii) scheduling the Certification Motion to be heard at the Court's earliest convenience; (iii) requiring objections, if any, to the Certification Motion to be raised at a date set by the Court; and (iv) granting such other relief as may be just and proper.

**BASIS FOR RELIEF REQUESTED**

7.      Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances.  11 U.S.C § 102(1).  Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

8.      Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown."  Fed. R. Bankr. P. 9006.

9.      Local Rule 9006-1 requires "all motion papers shall be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date."  However, Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

10.     The Monitor respectfully submits that allowing the relief requested in the Certification Motion to be considered on an expedited basis is reasonable and appropriate.  At present, confusion reigns over the appellate process in these bankruptcy cases and order must be restored promptly.  A total of six appeals and cross-appeals have already been filed by various parties, and further appeals and cross-appeals are expected.  Some parties are appealing the

Allocation Decision as a final order, and others are requesting leave for an interlocutory appeal of the Allocation Decision. Some parties are appealing to the United States District Court for the District of Delaware (the "**District Court**"), and others are seeking certification for direct appeal to the Third Circuit. Due to the procedures prescribed by the Bankruptcy Rules, submissions are currently being made in this Court and the District Court, and each appeal has been separately docketed in the District Court. In fact, the parties have already been referred to Chief Magistrate Judge Thynge to determine the appropriateness of mediation in respect of the Committee's appeal pursuant to a standing order of the District Court,[7] and will continue to be directed to additional mediations under this standing order on behalf of each other appeal to the District Court. Further, the parties are working diligently on scheduling the designation of the record and the filing of competing statements of the issues on appeal to the District Court. All of these efforts will be rendered moot if this Court grants the Certification Motion and the Third Circuit accepts these appeals. Thus, it is imperative that the Court move quickly to help bring order in place of threatened chaos and provide a comprehensive and consistent approach to the appellate process.

11.    Lastly, it cannot be said that any party will be harmed by granting this Motion to Shorten. Since the filing of the very first notice of appeal, counsel for the Monitor has consulted with counsel for all of the parties that participated in the Allocation Trial, as well as those parties who first appeared separately in connection with the motions for reconsideration, in an effort to obtain consent from the majority of appellants and appellees for certification of the Allocation Decision for direct appeal to the Third Circuit. Accordingly, all of the relevant

---

[7] *Official Committee of Unsecured Creditors v. Nortel Networks Inc.*, Civ. No. 15-586-UNA (July 13, 2015 D. Del.) (Dkt. No. 3).

parties are, and have been, well aware of the Monitor's intent to pursue the relief requested in the Certification Motion.

12.     For these reasons, the Monitor respectfully submits that allowing the Certification Motion to be considered on shortened notice is reasonable and appropriate in the circumstances.  The Monitor therefore requests that a hearing on the Certification Motion be held at the Court's earliest convenience.

## NOTICE

13.     Notice of this Motion to Shorten has been given via electronic mail, facsimile, or overnight mail to (i) the U.S. Trustee, (ii) the parties to the appeal,[8] and (iii) the general service list established in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Monitor submits that no other or further notice is necessary.

## CONCLUSION

14.     For the foregoing reasons, the Monitor respectfully request that the Court enter an order substantially in the form of the Proposed Order attached hereto as Exhibit A and grant such other and further relief as is appropriate under the circumstances.

*[Remainder of Page Intentionally Left Blank]*

---

[8] The parties to the appeal include: the Committee, the U.S. Debtors, the Bondholders, Law Debenture Trust Company of New York as Indenture Trustee for the NNCC Notes, the Bank of New York Mellon, as Indenture Trustee, Stephen Taylor as Conflicts Administrator for Nortel Networks S.A., the Canadian Creditors Committee, the Monitor and the Canadian Debtors, the Joint Administrators, Wilmington Trust, National Association, as Indenture Trustee for the Nortel Networks Limited 6.875% Notes Due 2023, the UK Pension Claimants, the Pension Benefit Guaranty Corporation, and the Nortel Trade Claims Consortium.

Dated: Wilmington, Delaware
       July 23, 2015

**BUCHANAN INGERSOLL & ROONEY PC**

/s/  Kathleen A. Murphy
Mary F. Caloway (No. 3059)
Kathleen A Murphy (No. 5215)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
kathleen.murphy@bipc.com

-and-

**ALLEN & OVERY LLP**

Jacob S. Pultman
Laura R. Hall
1221 Avenue of the Americas
New York, NY  10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
jacob.pultman@allenovery.com
laura.hall@allenovery.com

*Attorneys for Ernst & Young Inc., as Monitor
and Foreign Representative of the Canadian
Debtors*