## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS, INC., *et al.* | ) | Case No. 09-10138(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | **Re Dkt Nos. 15611, 15612, 15613,** |
| | | **15622, 15734, 15780** |

### MEMORANDUM ORDER ON MOTIONS FOR RECONSIDERATION[1]

On May 12, 2015, the Court and the Canadian Court issued opinions on the allocation of proceeds totaling $7.3 billion contained in the Lock Box.  Thereafter, the U.S. Debtors, the Committee, the Bondholders and the Law Debenture Trust Company as Indenture Trustee for the NNCC Notes (collectively, the "Movants"), all filed motions for reconsideration and clarification of the Court's and the Canadian Court's opinions (the "Motions").  The Trade Claims Consortium joined in the Motions.  Opposing the Motions are the Monitor and Canadian Debtors, the Joint Administrators, the U.K. Pension Claimants, Stephen Taylor as Conflicts Administrator for Nortel Networks, S.A., and the CCC (collectively, the "Opposition").

### BACKGROUND

The Court issued the Allocation Opinion and Order following a twenty-one day joint trial.  Nearly 40 witnesses testified, deposition testimony of 130 witnesses was designated, and the parties admitted more than 2,200 exhibits into evidence.  Thereafter, the Court spent almost seven months reviewing the evidence and arriving at a decision in which the Court and the Canadian Court arrived at the same decision which the

---

[1] The Court utilizes the abbreviated terms from the Allocation Opinion.

Motions now challenge, in part. The Motions claim that the result at which the Courts arrived is inequitable. The points the Motions raise are as follows:

1.      Sales Proceeds must be allocated to the U.S. Debtors on account of the allowed Guaranteed Bondholder claims.

2.      The sales of Nortel Governmental Solutions Incorporated ("NGS") and DiamondWare, Ltd. ("DiamondWare"), subsidiaries owned exclusively by the U.S. Debtors, should be allocated to the U.S. Debtors.

3.      Intercompany Claims are claims between Debtors across different Debtor groups.

4.      All settlements are included in the allocation calculation.

5.      Sales proceed allocations would be made to specific debtors, not Debtor groups.

6.      The Court should establish procedures for the prompt challenge of inflated claims asserted against other estates.

7.      The Court should reserve for claims which have not been resolved.

## <u>ANALYSIS</u>

The U.S. Debtors and the other parties filing the Motions rely upon F.R.Civ.P. 59(e) and 60, which Bankruptcy Rules 9023 and 9024 make applicable. Rule 59(e) authorizes the Court to "alter or amend a judgment," and Rule 60 authorizes the Court to "grant relief" for "mistake, inadvertence, surprise or excusable neglect."

The Opposition points out that (1) the Court's Order is not final since it requires the completion of claims processes before calculating a final allocation and (2) the

Opinion and Order are "extraordinary means of relief." *Sebastian v. Frickel* (*In re Worldspace*), Adv. Pro No. 14-50365 [D.I. 37] (Bankr.D.Del., December 5, 2014) (Walsh, J.). In making their case for reargument, the Movants, and particularly the U.S. Debtors, point among other cases to *In re Hechinger Investment Co. of Delaware*, 303 B.R. 18 (D.Del. 2003). There, the District Court first noted that "[m]otions for reconsideration or reargument should be granted only 'sparingly'." *Id.* at 23 (citing *Karr v. Castle*, 768 F.Supp. 1087, 1090 (D.Del 1991)). The District Court then found that "motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside of the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D.Del. 1990) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983). The District Court also cited to the more standard requirements for reargument or reconsideration in this Circuit: (1) an intervening change in controlling law, (2) newly discovered evidence, or (3) manifest injustice has occurred. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

In day-long argument, the parties discussed the pros and cons of the Allocation Opinion. The Court is satisfied that reconsideration or reargument is justified on some of the issues which the parties raised, and not others, as follows.

1. <u>The Bondholder Claims</u>. The Movants complain that "the Allocation Opinion does not provide for the allocation of a single penny of the Sales Proceeds to the U.S. Debtors on account of such Guaranteed Bondholders' claims." U.S. Debtors'

Motion at 17.  The Allocation Opinion instead makes it clear that the Guaranteed Bondholder claims will not be double counted and it is that claim which gives rise to Movants' plea for reargument.  The Court understood the implications of its decision when rendering the Allocation Opinion.  Reargument is denied.

2.    <u>Increase or Decrease of Claims</u>.  The Bondholders ask the Court to clarify its Allocation Order "to state clearly that it did not intend to increase or decrease the value of creditors' claims." Bondholders' Motion at 12.  The Court did not intend such a result which would be inconsistent with the Court's  Opinion and Order approving the settlement agreement between the U.S. Debtors and the Bondholders (D.I. Nos. 14949 and 14950) and *Ivanhoe Building & Loan Association v. Orr*, 295 U.S. 243 (1935). Therefore, the Court removes from the Allocation Opinion and Order any reference to "shortfall" or similar word.  Clarification is granted.

3.    <u>NNCC Notes</u>.  The Law Debenture Trust Company of New York, as Indenture Trustee for the NNCC Notes, has asked the Court to correct two errors in the Allocation Opinion where the Court left off the last "C" in referring to bonds NNCC issued.  The Court will issue a separate order.

4.    <u>NGS/DiamondWare Sale</u>.  NGS and DiamondWare were non-debtor subsidiaries included in the Enterprise Business Line sale.  They were not shared assets and the U.S. Debtors request that the value be returned.  The value for both NGS and DiamondWare was proposed by the Canadian Expert at $110 million.   However, the allocation is not ownership based.  Accordingly, reargument is denied.

5.    <u>Intercompany Claims</u>.  The Court understands that certain parties are of the view that "intercompany claims" mean across Debtor Groups while others may believe such claims are within, i.e., between individual Debtors.   The Allocation Opinion means that "intercompany claims" are between individual Debtors and not Debtor Groups.  Clarification is granted.

6.    <u>Paid Settlements</u>.    The U.S. Debtors seek clarification that "paid settlements are included in the Court's allocation methodology."  The Court clarifies that the U.S. Debtors are correct.  The Debtors are entitled to receive allocations for pre-filing claims paid (not claimed).  Clarification is granted.

7.    <u>Procedures for Evaluating Claims</u>.  In the Allocation Opinion, the Court indicated that it would "resolve any disputed claims to prevent claim inflation."  The U.S. Debtors (and others) have asked the Court to clarify "the process and schedule by which the U.K. Pension Claimants' claim will be measured by this Court for purposes of the allocation calculation."  U.S. Debtors' Motion at 27.   The request for clarification comes too soon for the Court to grant.  Clarification is denied.

8.    <u>Tax Claims</u>.   The U.S. Debtors argue that they be entitled to seek an allocation based on tax claims, including an estimated or reserved amount.  Again, they seek clarification.  The Court understands the issue to involve post-filing claims which the Allocation Opinion and Allocation Order do not address.  Clarification is denied.

## <u>CONCLUSION</u>

The Court recognizes that the Movants are unhappy with the Allocation Opinion and Allocation Order.  The result is not what they had hoped their hard work would develop.  They have asked the Court for reargument or clarification of the Allocation Opinion and Allocation Order and the Court has granted their requests in part and denied them in part.  The Court's ruling on allocation was the result of careful consideration and the ruling on the Motions is the same.  The Court urges the Movants and the Opposition to discuss how to refine the issues the Movants have raised.  Failing those discussions, the Court recognizes that appeals and therefore the expenditure of time and money may result.


Dated: July 6, 2015

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE