IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS, INC., *et al.* | ) | Case No. 09-10138(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re Dkt Nos. 15544, 15545 and 15830** |

**ORDER DENYING CERTIFICATION
PURSUANT TO 28 U.S.C. § 158(d)(2)**

The Monitor and foreign representative of Nortel Networks Corporation, Nortel Networks Limited (the "Debtors") and certain Canadian subsidiaries (the "Canadian Debtors") have asked the Court to certify the Allocation Trial Opinion (D.I. 15544), Order (D.I. 15545) and Memorandum Order on Motions for Reconsideration (D.I. 15830) for direct appeal to the United States Court of Appeals for the Third Circuit (the "Motion") pursuant to 28 U.S.C. § 158(d)(2)(A) (the "Statute").

28 U.S.C. § 158(d)(2)(B) provides that the Court "shall" certify an Order for direct appeal if the Court determines that:

1. the judgment, order or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

2. the judgment, order or decree involves a question of law requiring resolution of conflicting decisions; or

3. an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A)(I)-(iii).

The parties opposing certification are the U.S. Debtors, the Committee of Unsecured Creditors, the Ad Hoc Group of Bondholders and the Trade Claim Consortium. Each points out that (1) there is no unresolved question of law and (2) certification will not "materially advance" the proceedings.

On the unresolved question of law, it is impossible for the Court to determine the question without statements of issues on appeal which the parties have not yet filed. Furthermore, the appeals will be fact - intensive which frustrates certification. *See, e.g., In re Am. Home Mortgage Inv. Corp.*, 408 B.R. 42, 44 (D.Del. 2009) (certification denied because issues "are not pure legal questions"); and *In re Tribune Co.*, 477 B.R. 465, 472 (Bankr. D. Del.) (issue presented was "not pure legal issue" and certification of appeal denied). Moreover, the decision which the Canadian Debtors cite, *Weber v. U.S. Trustee*, 484 F.3d 154 (2d Cir. 2007) is actually more helpful to the parties opposing certification. In *Weber*, the Second Circuit refused to grant certification. The Court found that the District Court's "prior consideration" would be helpful. The Second Circuit stated that it would be "reluctant to accept cases for direct appeal [from the Bankruptcy Court] when we think that percolation through the district court would cast more light on the issue and facilitate a wise and well-informed decision." *Id.* at 161. Here, the District Court will cast its light on the appeals.

The next factor from the Statute upon which the Canadian Debtors rely is that an immediate appeal may "materially advance the progress of the case or proceeding . . . ." 11 U.S.C. § 158(d)(2)(A)(iii). There is no question that skipping the appeals before the District Court and allowing the Canadian Debtors to go immediately to the Third

2

Circuit would save time and money. It will not, however, "materially advance" the case. The modified pro rata approach which the Allocation Trial Opinion adopted is claim based and requires claims reconciliation by each debtor. Such processes will take time and can proceed as the parties appeal. Direct appeal to the Third Circuit will therefore not "materially advance" matters.

Accordingly, the Motion is denied.

Dated: July 30, 2015

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE