# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Bankr. Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
| Nortel Networks Inc., | |
| Plaintiff, | Adv. Proc. No. 10-55903 (KG) |
| v. | |
| Sterling Mets, L.P. | |
| and | |
| Queens Ballpark Company, L.L.C., | |
| Defendants. | |

## CERTIFICATION OF COUNSEL
## REGARDING PROPOSED SCHEDULING ORDER

I, Tamara K. Minott, Esquire, hereby certify as follows with respect to the attached proposed Order Amending Scheduling Order:

---

[1] In addition to Nortel Networks Inc. ("NNI"), the debtors in the Chapter 11 cases (the "Debtors") are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

1. By the *Debtors' Objection to Proofs of Claim Nos. 6673 and 6709 Filed by Queens Ballpark Company, L.L.C.*, filed on May 10, 2013 (the "Objection"), [D.I. 10485], Nortel Networks Incorporated ("NNI") and certain of its affiliates, as debtors and debtors-in-possession (collectively, the "Debtors") seek, pursuant to 11 U.S.C. §§ 101, 502 and 503, to disallow, reduce, and/or reclassify as general unsecured claims (i) the proof of claim filed by Queens Ballpark Company, L.L.C. ("QBC") on January 11, 2010 against NNI as an administrative expense claim in the amount of $536,874.96, which is listed on the Debtors' claim register as Claim No. 6673, and (ii) the proof of claim filed by QBC on January 14, 2010 against NNI as a general unsecured claim in the amount of $6,898,294.00, which is listed on the Debtors' claims register as Claim No. 6709. Thus a contested matter has ensued relating to the Objection (the "Contested Matter").

2. In addition, on December 6, 2010, NNI filed a complaint (the "Complaint"), [Adv. D.I. 1], seeking to avoid and recover pursuant to 11 U.S.C. §§ 547 and 550 certain transfers allegedly made to QBC and Sterling Mets, L.P. (the "Mets Parties," and together with the Debtors, the "Parties"), and thus an adversary proceeding ensued relating to the Complaint (the "Adversary Proceeding").

3. The Court subsequently approved various amendments to the scheduling order in the Adversary Proceeding, the most recent being the Fifteenth Further Amended Scheduling Order entered on March 20, 2015, [Adv. D.I. 102], while the Parties worked to develop a mutually agreeable and efficient schedule for resolving both the Contested Matter and the Adversary Proceeding.

4. On April 14, 2015, the Court entered a Scheduling Order [D.I. 15435, Adv. D.I. 120] (the ("Operative Scheduling Order") that set a schedule for resolving the Contested Matter

and modified the Fifteenth Further Amended Scheduling Order to enable the Parties to efficiently resolve the Contested Matter and the Adversary Proceeding.

5. The Parties subsequently have engaged in discovery in accordance with the schedule set forth in the Operative Scheduling Order, including by serving discovery requests, serving responses and objections to various requests, and by producing documents in response to certain requests. However, a voluminous database produced by the Mets Parties in discovery was inaccessible to the Debtors until recently, when the Mets Parties implemented a technical resolution that enabled the Debtors to access and search the database.

6. Accordingly, in order to promote the continued efficient and expeditious disposition of the Contested Matter and the Adversary Proceeding, the Parties, by and through their respective counsel, have agreed to proceed in accordance with the schedule reflected in the proposed Order Amending Scheduling Order attached hereto as **Exhibit A**.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in the form attached as **Exhibit A** hereto, (i) approving the amendments to the discovery and litigation schedule contained therein, and (ii) granting such other and further relief as is deemed appropriate by the Court.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

    */s/ Tamara K. Minott*
Donna L. Culver (No. 2983)
Derek C. Abbott (No. 3376)
Tamara K. Minott (No. 5643)
1201 North Market Street
P. O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

-and-

                        CLEARY GOTTLIEB STEEN & HAMILTON LLP
                        Jeffrey A. Rosenthal (admitted *pro hac vice*)
                        Lisa M. Schweitzer (admitted *pro hac vice*)
                        One Liberty Plaza
                        New York, New York 10006
                        Telephone: (212) 225-2000
                        Facsimile:  (212) 225-3999

                        *Counsel for the Debtors*
                        *and Debtors in Possession*

July 30, 2015