## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*,[1]

              Debtors.

------------------------------------------------------X

Nortel Networks Inc.,

              Plaintiff,

v.

Sterling Mets, L.P.

and

Queens Ballpark Company, L.L.C.,

              Defendants.

------------------------------------------------------ X

Chapter 11

Bankr. Case No. 09-10138 (KG)

(Jointly Administered)

Re: **D.I. 10485, 15435** & 15984

Adv. Proc. No. 10-55903 (KG)

Re: **Adv. D.I. 1, 102, 116, 120** & **131**

### ORDER AMENDING SCHEDULING ORDER

To promote the efficient and expeditious disposition of the above-captioned adversary

proceeding (the "Adversary Proceeding") and the contested matter resulting from the *Debtors'*

*Objection to Proofs of Claim Nos. 6673 and 6709 Filed by Queens Ballpark Company, L.L.C.*,

filed on May 10, 2013 [D.I. 10485] (the "Contested Matter"), **IT IS HEREBY ORDERED** that:

---

[1]  In addition to Nortel Networks Inc. ("NNI"), the debtors in the Chapter 11 cases (the "Debtors") are:  Nortel
Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma
Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel
Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel
Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel
Networks (CALA) Inc. ("NN CALA").   Additional information regarding the Debtors can be found in their
respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

1.    The following deadlines set forth in the Court's Scheduling Order relating to the

Adversary Proceeding and Contested Matter, dated April 14, 2015 (the "Order"), are hereby

revised as follows:

a.    **Paragraph 1.d.**  With respect to any Identification Interrogatories[2] from the Contested Matter Interrogatories or Related Interrogatories that are served after April 10, 2015, the Parties shall serve responses and objections to such Identification Interrogatories within 30 days of service, subject to the requirement that responses and objections to all interrogatories not yet answered or objected to shall be served by December 22, 2015 in accordance with Paragraph 1.h, below.

b.    **Paragraph 1.f.**  By July 31, 2015, the Parties shall produce privilege logs; by September 4, 2015, the Parties shall identify fact witnesses they wish to depose in the Contested Matter.

c.    **Paragraph 1.g.**  Provided the Parties first attempt to agree upon mutually convenient dates for depositions, fact witness depositions in the Contested Matter may be noticed or subpoenaed for a date on or after September 16, 2015, and shall be noticed so as to be concluded by November 20, 2015 (the "Contested Matter Fact Deposition Deadline").

d.    **Paragraph 1.h.**  By December 22, 2015, the Parties shall serve responses and objections to any Contested Matter Interrogatories and Related Interrogatories not yet responded or objected to, including such interrogatories that are not Identification Interrogatories, except as directed by the Court in response to properly submitted disputes.

e.    **Paragraph 1.i.**  In the event that either Party determines that expert reports are necessary in the Contested Matter:

i.    by September 25, 2015, each Party shall provide the name of any expert who will provide a report on any issue in support of that Party's case-in-chief in the Contested Matter and a brief statement of the intended subject matter of the expert's report (the reports themselves, when submitted, shall contain the information required by Fed. R. Civ. P. 26(a)(2)(B)).

ii.    By October 23, 2015, each Party shall provide the name of any expert who will provide a rebuttal report in response to an expert of the other Party in the Contested Matter.

---

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Order.

     iii. by <u>January 29, 2016</u>, the Parties shall provide any expert reports in support of their case-in-chief in the Contested Matter;

     iv. by <u>March 23</u>, 2016, each Party shall provide expert reports intended to rebut any other expert report in the Contested Matter;

     v. by <u>May 18</u>, 2016, all expert discovery shall be completed in the Contested Matter;

     vi. by <u>June 10</u>, 2016, all dispositive motions in the Contested Matter shall be filed.  To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrill Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), it shall be made no later than this deadline for dispositive motions, unless otherwise ordered by the Court.

   f.    **Paragraph 1.j.**  In the event neither Party designates an expert in the Contested Matter, all dispositive motions in the Contested Matter shall be filed by <u>February 5</u>, 2016.

  2.    Deadlines contained in this schedule may be extended by joint agreement of the parties or by the Court upon written motion for good cause shown.  Where any deadline specified in this schedule would fall upon a weekend or federal holiday, the relevant deadline shall instead be the next business day.

*[Remainder of page intentionally left blank.]*

3

3.      This Order Amending Scheduling Order is without prejudice to the Parties' rights with respect to any outstanding disputes relating to the Parties' responses and objections to discovery requests, and shall not be construed as resolving any such disputes.

July 31, 2015

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE