```
                  IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF DELAWARE


IN RE:                          )    Case No.  09-10138(KG)
                                )    (Jointly Administered)
                                )
NORTEL NETWORKS, INC.,          )    Chapter 11
        ET AL,                  )
                                )    Courtroom 3
                                )    824 Market Street
          Debtors.             )    Wilmington, Delaware
                                )
                                )    July 29, 2015
                                )    10:00 a.m.



                   TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JUDGE KEVIN GROSS
               UNITED STATES BANKRUPTCY JUDGE



APPEARANCES:

For Debtors:              Morris Nichols Arsht & Tunnell, LLP
                          BY: DEREK ABBOTT, ESQ.
                          1201 North Market St., 18th Floor
                          Wilmington, DE  19899-1347
                          302-351-9200

                          Cleary Gottlieb Steen & Hamilton
                          BY: JEFF ROSENTHAL, ESQ.
                          BY: LISA SCHWEITZER, ESQ.
                          One Liberty Plaza
                          New York, NY  10006
                          212-225-2000

ECRO:                     DANA MOORE

Transcription Service:    DIAZ TRANSCRIPTION SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
APPEARANCES:
(Continued)

For Nortel Trade Claim
Consortium:                Fox Rothschild
                           BY:  JEFFREY M. SCHLERF, ESQ.
                           919 N. Market Street, Ste. 300
                           P.O. Box 2323
                           Wilmington, DE  19899
                           302-654-7444
For Joint
Administrators:            Young Conaway Stargatt & Taylor
                           BY: JAIME CHAPMAN, ESQ.
                           1000 N. King St., Rodney Sq.
                           Wilmington, DE  19801
                           302-571-6600

                           Hughes Hubbard and Reed
                           BY: GABRIELLE GLEMANN, ESQ.
                           BY: NEIL OXFORD, ESQ.
                           1775 I St. NW, #600
                           Washington, DC  20006
                           202-721-4600

For Monitor:               Buchanan Ingersoll & Rooney, PC
                           BY: MARY CALLOWAY, ESQ.
                           1105 N. Market St., Ste. 1900
                           Wilmington, DE  19801-1054
                           302 552-4214

                           Allen & Overy
                           BY: JAY PULTMAN, ESQ.
                           BY: LAURA HALL, ESQ.
                           1221 Avenue of the Americas
                           New York, NY  10020
                           212 610-6300

For Law Debenture,
Trustee:                   Morris James, LLP
                           BY: STEPHEN MILLER, ESQ.
                           555 Delaware Ave., #1500
                           Wilmington, DE  19801
                           302-888-6800

                           Patterson Belknap Webb & Tyler
                           BY: BRIAN GUINEY, ESQ.
                           1133 Avenue of the Americas
                           New York, NY  10036
                           (212) 336-2720
```

```
APPEARANCES:
(Continued)

For Ad Hoc Group of
Bondholders:                  Milbank Tweed Hadley & McCloy
                              BY: ANDREW LEBANC, ESQ.
                              1850 K Street, NW. Ste. 1100
                              Washington, DC  20006
                              202-835-7500


For Official Committee
Of Unsecured Creditors:       Akin Gump Strauss Hauer & Feld, LLP
                              BY: ABID QURESHI, ESQ.
                              BY: DAVID BOTTER, ESQ.
                              BY: ROBERT JOHNSON, ESQ.
                              One Bryant Park
                              Bank of America Tower
                              New York, NY  10036-6745
                              212-872-1000

                              Whiteford Taylor Preston
                              BY: CHRISTOPHER M. SAMIS, ESQ.
                              The Renaissance Centre, Ste. 500
                              405 N. King Street
                              Wilmington, DE  19801-3700
                              302-357-3266


For Wilmington Trust:         Katten Muchin
                              BY: DAVID CRICHLOW, ESQ.
                              1025 Thomas Jefferson St NW,
                              Washington, DC 20007
                              202-625-3500


 For Canadian Creditors
 Committee:                   DLA Piper
                              BY: SELINDA A. MELNIK, ESQ.
                              BY: TIMOTHY HOEFFNER, ESQ.
                              6225 Smith Avenue
                              Baltimore, MD  21209
                              410-580-3000
 For Stephen Taylor,
 Conflicts Administrator
 For Nortel Networks SA:      Skadden Arps Slate Meagher & Flom
                              BY: SUSAN SALTZSTEIN, ESQ.
                              BY: MATTHEW BEEBE, ESQ.
                              4 Times Square
                              New York, NY  10036
                              212-735-4132
```

```
                              BY: ROBERT A. WEBER, ESQ.
                              One Rodney Sq., 920 N. King St.
                              Wilmington, DE  19801
                              302-651-3144
For U.K. Pension
Claimants:                    Bayard
                              BY: JUSTIN ALBERTO, ESQ.
                              222 Delaware Ave., Ste. 900
                              Wilmington, DE  19801
                              302-655-5000

                              Willkie Farr & Gallagher LLP
                              BY: BRIAN O'CONNOR, ESQ.
                              787 Seventh Avenue
                              New York, NY  10019-6099
                              212-728-8111

For Ad Hoc Group of
Bondholders:                  Pachulski Stang Ziehl & Jones
                              BY: PETER KEANE, ESQ.
                              Citizens Bank
                              919 N. Mkt St., #1700
                              Wilmington, DE  19801
                              302-652-4100


TELEPHONIC APPEARANCES:

For Debtor, Nortel
Networks, Inc.:               Tory's LLP
                              BY: ADAM M. SLAVENS, ESQ.
                              416-865-7333


For Trustee U.K.
Pension Plan:                 Hogan Lovells U.S. LLP
                              BY: MATTHEW BULLEN, ESQ.
                              212-728-8881


For Official Committee
Of Unsecured Creditors:       Akin Gump Strauss Hauer & Feld LLP
                              BY: MATTHEW C. FAGEN, ESQ.
                              212-872-8051


For Ad Hoc Group of
Bondholders:                  Milbank Tweed Hadley & McCloy
                              BY: THOMAS MATZ, ESQ.
                              212-530-5885
```

TELEPHONIC APPEARANCES:
(Continued)

For Former Employees
Of Nortel (Canada):          Koskie Minsky, LLP
                             BY: BARBARA WALANCIK, ESQ.
                             416-542-6288

For Creditor, U.K.
Pension Trust, LTD:          Hogan Lovells U.S. LLP
                             BY: ANGELA DIMSDALE-GILL, ESQ.
                             212-728-3135

For Creditor, Nortel
Continuing Employees:        Shibley Righton LLC
                             BY: ARTHUR JACQUES, ESQ.
                             416-214-5213

For Creditor:                Halcyon Asset Management
                             BY: ANDREW G. FRIEDMAN, ESQ.
                             212-303-9444

                             Bennett Street Partners
                             BY: ANDREW WATSON/IN PRO PER/PRO SE
                             212-588-9234

                             Owl Creek Asset Management LP
                             BY: STEVEN C. KRAUSE

For Official Committee
Of Unsecured Creditors:      Akin Gump Strauss Hauer & Feld, LLP
                             BY: FRED S. HODARA, ESQ.
                             212-872-8040

For Wilmington Trust:        Dentons Canada LLP
                             BY: KENNETH D. KRAFT, ESQ.
                             416-863-4374

For Solus Alternative
Asset Management:            Quinn Emanuel Urquhart & Sullivan
                             BY: JAMES TECCE, ESQ.
                             212-849-7000

For Law Debenture:           Patterson Belknap Webb & Tyler
                             BY: BRIAN GUINEY
                             212-336-2305

TELEPHONIC APPEARANCES:
(Continued)

For Joint
Administrators:              Lax O'Sullivan Scott Lisus, LLP
                             BY: MATTHEW GOTTLIEB, ESQ.
                             416-598-1744

                             Herbert Smith
                             BY: JOHN WHITEOAK, ESQ.
                             302-571-6710

For Law Debenture:           Patterson Belknap Webb & Tyler
                             BY: BRIAN GUINEY
                             212-336-2305

For Monitor, Ernst &
Young:                       Allen & Overy, LLP
                             BY: DANIEL GUYDER, ESQ.
                             212-756-1132

                             Goodmans LLP
                             BY: JOSEPH PASQUARIELLO, ESQ.
                             416-597-4216

For The Trade Claim
Consortium:                  Brown Rudnick, LLP
                             BY: STEVEN D. POHL, ESQ.
                             617-856-8594

For Interested Party:        Hughes Hubbard & Reed
                             BY: CHARLES HUBERLY, ESQ.
                             212-837-6045

                             Macquarie Capital
                             BY: WILLIAM MAUZY
                             212-231-2382

                             Credit Suisse
                             BY: MANAS BABBILI
                             212-536-5918

                             Avidity Partners / Trustee
                             BY: JOHN RAY
                             630-613-7300

TELEPHONIC APPEARANCES:
(Continued)

For Interested Party:      Southpaw Asset Management
                           BY: ANDREW M. THAU
                           203-862-6231
                           BY: DANIEL VAZQUEZ
                           203-231-9378

                           HBK Capital Management
                           BY: ERIC BILMES
                           212-588-5115

                           Dow Jones & Co.
                           BY: PEG A. BRICKLEY
                           215-462-0953

                           Merger Market
                           BY: JOHN BRINGARDNER
                           646-378-3143

                           Bank of America
                           BY: ESTHER CHUNG
                           646-855-6705

                           Reorg Research
                           BY: KENT COLLIER
                           212-588-8890

                           DK Partners/Davidson Kempner
                           BY: EPHRAIM DIAMOND
                           646-282-5841

                           Silver Point Capital
                           BY: MATTHEW EHMER
                           203-542-4219

                           Barclays PLC
                           BY: ASHUFOSH HABBU
                           212-412-1316

                           Farallon Capital Management
                           BY: MICHAEL G. LINN
                           415-421-2132

                           CRT Capital Group LLC
                           BY: KEVIN J. STARKE
                           203-569-6421

TELEPHONIC APPEARANCES:
(Continued)

For Interested Party:      Candlewood Investment Group
                           BY: JENNIFER WILD
                           212-257-5124

                           Hughes Hubbard & Reed LLP
                           BY: DEREK ADLER, ESQ.
                           212-837-6000

                           Solus Alternative Asset Management
                           BY: STEPHEN J. BLAUNER
                           212-284-4334

                           Contrarian Capital Management
                           BY: KIMBERLY B. GIANIS
                           203-862-5250

                           Bloomberg LP
                           BY: JULIA M. WINTERS, ESQ.
                           212-617-6592

1

1  WILMINGTON, DELAWARE, WEDNESDAY, JULY 29, 2015, 10:04 A.M.

2            THE CLERK:  All rise.

3            THE COURT:  Good morning, everyone.  Thank you.

4  Please be seated.  It's good to see you all.

5            MR. ABBOTT:  Good morning, Your Honor.

6            THE COURT:  Mr. Abbott, good morning.

7            MR. ABBOTT:  Derek Abbott for the U.S. Debtors.

8  Your Honor cleared up the agenda for us nicely.  The second

9  item that the hearing obviously, the Order's been entered --

10           THE COURT:  Yes, it has.

11           MR. ABBOTT:  -- so that won't go forward.  So I'll

12 just cede the opponent, I believe Mr. Pultman, who's going

13 to take over for the Canadian Monitors' Motion Number 1 on

14 the agenda.

15           THE COURT:  Exactly.  Thank you, Mr. Abbott.

16           Mr. Pultman, good morning.

17           MR. PULTMAN:  Good morning, Your Honor.  Jacob

18 Pultman, of Allen and Overy LP, on behalf of the Canadian

19 Debtors and the Monitor.

20           Your Honor, our Motion today is under 28 U.S.C.

21 Section 158(d)(2).

22           THE COURT:  Yes.

23           MR. PULTMAN:  And we are requesting Certification

24 of a direct Appeal to the Third Circuit.  We're requesting

25 that for the Allocation Decision of May 12th, the Order of

1    that same day, and we're also requesting it for the

2    Decisions of Your Honor with respect to the Motions for

3    Reconsideration and Clarification.

4            Your Honor, Bankruptcy Rule 8006(f) speaks to

5    Certification by the Court in a variety of ways including by

6    request of the party, and we are here as the party making

7    that request joined by others who will get up after me to

8    make similar requests.  We're asking that the Court certify

9    10 different Appeals and that those 10 Appeals be certified

10   under any one of the following provisions:  158(d)(2)(A)(i)

11   or 158(d)(2)(A)(iii).

12            THE COURT:  Yes.

13            MR. PULTMAN:  (i) relates to two different

14   scenarios, one, if there's no controlling Decision, or the

15   Appeal involves a matter of public importance, and it's the

16   first, no controlling Decision that we focus our attention,

17   although I'll touch upon the public importance of the

18   Appeal.

19            Second and probably more fundamentally to this

20   request is, we request that the Court certify because doing

21   so may materially advance the progress of the case or

22   proceeding which the Appeal is taken.

23            THE COURT:  Isn't that true of every appeal?

24            MR. PULTMAN:  Your Honor, it may be in some

25   appeals and it may not be in others.  Where the single most

1  important ruling -- single most important ruling in this

2  case is the Allocation Decision, and I'll point Your Honor

3  to numerous sources for that including Your Honor, including

4  the various parties, where the single most important matter

5  is Allocation.  That has the effect of materially advancing

6  this case more than anything else.

7       This six-and-a-half-year-old matter has gone to

8  the Third Circuit several times already.  In connection with

9  several of those matters, the Courts gave us fair guidance

10  on what it thought was important and it gave us specific

11  guidance with respect to the Allocation issue, and why the

12  Allocation issue is central not just to resolution of these

13  appeals but to the matter as a whole.

14       Your Honor, under 158(d)(2))(B), the rule provides

15  that if the Court determines that a circumstance specified

16  in any one of those clauses exists, then the Bankruptcy

17  Court shall, shall make the Certification described in

18  subparagraph A --

19       THE COURT:  Yes.

20       MR. PULTMAN:  -- and we believe that that is

21  exactly the instance here.

22       There are four main oppositions to our request,

23  and I'll categorize them and speak to them in turn.  There's

24  an argument by the U.S. Debtors that there's no need to rush

25  into deciding this issue.  There's an argument, a related

1   argument, that this is not a very procedurally complex

2   matter, that this is simply a series of Appeals like any

3   others.  On the matter of, is there a controlling decision

4   or is there controlling law that exists, there's an argument

5   that it's not simply that there's no controlling law that

6   exists, they argue that there is controlling law that exists

7   and also that it's not a pure legal issue.

8          THE COURT:  Right, that it's fact intensive as

9   well.

10         MR. PULTMAN:  And it's fact intensive.  And the

11  fourth is the argument that look, the District Court is

12  better at deciding appeals than the Court of Appeals.  Maybe

13  ultimately this makes it up to the Court of Appeals, maybe

14  it doesn't, but the District Court is better armed, is

15  better prepared to handle this type of appeal.  They talk in

16  that series of arguments, and they're pretty consistent in

17  their arguments.  They say let it percolate up.

18         Let's start with the first point:  why rush into

19  this question.  And Your Honor, we're not rushing into

20  anything.  We have from the time Your Honor's Decision came

21  down, from the time Your Honor's Decision was appealed for

22  the first time when the Notice of Appeal from the official

23  Committee was filed, we reached out to everyone to say we

24  think this is better heard in the Third Circuit.  Why spend

25  a year or more dealing with multiple Appeals within the

1   District Court and then ultimately we all know that this is

2   then going to go to the Third Circuit.  Cut to the chase,

3   move straight to the Third Circuit, get it teed up, get all

4   these Appeals consolidated.  So what we did was, we made a

5   series of calls, and I was tasked with reaching to everyone

6   on both sides of the aisle to ask the question:  will you

7   join in our crusade.

8           THE COURT:  Well, of course, the District Court --

9   your crusade.  I heard that, Mr. Pultman.  The District

10  Court is certainly capable of consolidating the Appeals.

11          MR. PULTMAN:  The District Court can certainly

12  consolidate the Appeals, but the question is ultimately,

13  when this has to be resolved, where is it going to be

14  resolved and when is it going to be resolved, and it's that

15  second question of when it is going to be resolved that

16  ultimately has the greatest impact.  And when we talk about

17  things like public importance, it has the impact not only on

18  the thousands of pensioners, the thousands of members of the

19  Class, the retirees, Classes around the world, Claimants

20  around the world that has an impact on the world broadly, on

21  the bankruptcy world broadly, and has a greater impact.  So

22  it's not a simple limited matter.

23          So we reached out, and I reached out, and on this

24  Your Honor, I had to file a Corrected Motion because among

25  the people I reached out to was Law Debenture and Counsel

1  for Bank of New York Mellon, and unfortunately, in the

2  filing, I switched Mr. Lowenthal's position with Mr.

3  Riella's position.

4             THE COURT:  Yes.

5             MR. PULTMAN:  We made a Corrected Filing, but

6  that's on me.

7             THE COURT:  Okay.

8             MR. PULTMAN:  But I made one mistake with respect

9  to the respect of the United States of the U.S. Debtors

10 because I called Counsel for the Debtors two weeks ago to

11 ask the question, do you believe that we should be going up

12 to the Circuit because we believe so and we intend to make a

13 Motion to get it to the Circuit, and the first response I

14 heard was, my clients have not yet landed on a position.

15            THE COURT:  Okay.

16            MR. PULTMAN:  A week later, I hadn't heard back.

17 We're on the eve of the filing of Notices of Appeal, and I

18 followed up and I asked that question:  do you have a view

19 yet?  And the response was, we still don't have a view, we

20 don't know whether we oppose it or don't.  So the next day

21 we made the Motion.

22            Now, why did we need to rush to the Court, was

23 their argument?  We didn't rush to the Court.  We took it

24 through a series of conversations.  I heard back from most

25 of the other parties.  The Bonds were clear, the Committee

1  was clear;  they were opposed to our request to take it to

2  the Circuit.  Others, the CCC, Wilmington Trust, EMEA were

3  supportive.  But the U.S. didn't have a position.

4          Now, we made a Motion to Shorten.  This was made

5  on Thursday around 5 o'clock.  And there's a substantive

6  reason why we need to shorten it.  There is an argument to

7  be made about Rule 8006(b), and 8006(b) is the rule that was

8  put in place in December.  There's really no case testing

9  this question.

10          THE COURT:  Right.

11          MR. PULTMAN:  But what the rule provides is, you

12  file -- you file the Certification request where the matter

13  is pending, and the rule is clear that the matter is pending

14  for 30 days after the filing of the Notice of Appeal.  For

15  30 days it is pending in this Court, in the Bankruptcy

16  Court.  So there's no question about that.

17          There is some debate -- there's no case that says

18  one way or another -- that after 30 days, this Court no

19  longer hears the question of Certification.  That's not

20  clear because the rule says filing.  There's some color

21  commentary with respect to it that might indicate that when

22  you hit the magic 30 days, it may then have to be

23  transferred from Your Honor to District Court, but we

24  thought that the place to have this question resolved is in

25  the Court that knows it best, that knows the substance of

1  the matter, that knows whether it will materially advance

2  the case, the resolution of the question of Allocation, that

3  knows whether there is in fact a controlling law with

4  respect to the issues, something Your Honor has spoken to,

5  in the Allocation Decision.

6          So it was for that reason, to avoid any kind of

7  question as to where this should be heard, we bought it to

8  Your Honor and shortened it.  I apologize to counsel for not

9  giving them their weekend.  I recognize that I am

10 responsible not only for the corrected filing, but for the

11 fact that parties had to over this week make a filing.

12         Now, Your Honor, everyone knows that come August,

13 it's going to be difficult to get matters scheduled.  We

14 tried on Friday to reach out to Your Honor to get a schedule

15 that would get us within the time frame, and the reason why

16 we have that time frame is the first Notice of Appeal was

17 filed by the Committee on July 7th.  Thirty days later is

18 the weekend, and the effective 30 days is August 10th, which

19 means if Your Honor doesn't hear and decide this issue by

20 August 10th, there is an argument -- again, I don't know

21 that's a persuasive argument, but there's an argument that

22 Your Honor would lose the ability to make that decision,

23 further complicating and delaying this.  So did we rush the

24 question?  I don't believe that we did.

25         There's also a suggestion that we should wait,

1   wait until the parties have a chance to put their issues on

2   Appeal before the Court.  Your Honor, that's not been done

3   in the past in this case.  In fact, in an EMEA appeal two

4   years ago, there was a Motion to Shorten Time.  There was a

5   Request for Certification.  Your Honor certified it.  This

6   is in April of 2013.  And Your Honor certified it before the

7   filing of any of the questions on appeal, and the reason for

8   that is because the case law's clear on the Third Circuit in

9   a case actually cited by one of the Objectors, the *Jevic*

10  *Holding Corp.*, I believe cited by the Committee.  In the

11  *Jevic Holding Corp.* case, the Third Circuit says that the

12  issues that are up on appeal -- and I apologize, Your Honor.

13  The issues that are up on appeal are the issues that the

14  Court -- the issues that the Court ruled on in the Order.

15  That's the rule.  That's not the *Jevic Holding* case.

16  Apologies.  But the rule is very clear, and the rule says

17  specifically that it's the order or the judgment or the

18  decree that governs what the scope of the appeal is, and

19  because that's what the rule says under 158, that's what

20  matters.  It's not the questions on appeal that are

21  proposed.

22         So I don't believe we're rushing into it.  I don't

23  believe we need to wait to see what the filings of the

24  questions are, and I don't believe we need the confusion

25  that's going to come from deferring this and delaying this

1  and then transferring it from Your Honor potentially or even

2  worse:  having Your Honor rule that the Circuit can take it

3  up and then have a party after the fact say Your Honor

4  didn't have the ability to do so.  That would be the worst-

5  case scenario because that would put a cloud over the

6  decision to take this to the Circuit.

7          THE COURT:  The District Court could make that

8  decision as well.

9          MR. PULTMAN:  It's it -- the language is, if it's

10 filed under B.

11         THE COURT:  Yes.

12         MR. PULTMAN:  And if it's filed in the District

13 Court, meaning between 30 days and 60 days, it's very clear

14 that the District Court can make that decision.

15         THE COURT:  Yes.

16         MR. PULTMAN:  If it is filed in this Court, it is

17 unclear then whether the District Court is then the right

18 Court to hear it or whether Your Honor is the right Court to

19 hear it.  Clearly, Your Honor is the right Court to hear it

20 for the first days, which means until August 10th.  So we

21 think it's important that this be decided before then.

22         The second point that's made by the Objectors are,

23 this is an extraordinary departure from standard appellate

24 procedure.  In some ways, Your Honor, it's an extraordinary

25 case.  It was an extraordinary case in the two Courts that

1  it was heard.  It's an extraordinary case in the size and

2  scope.  It's an extraordinary case in the number of parties.

3  I'm told that this is not a morass, this is standard form.

4  This is the type of Appeal that gets heard regularly by the

5  District Court.  It's not procedurally unusual.  Well, Your

6  Honor, we had a Decision on May 12th, and thereafter we had

7  two new parties come into the case, parties that we hadn't

8  seen at trial --

9          THE COURT:  Right.

10         MR. PULTMAN:  -- that made a motion for Your Honor

11  to reconsider and to clarify your ruling.  This is NNSA

12  because a conflict arose.  It's a group called the Trade

13  Creditor Group that's now come up, and what their interests

14  are have been put forward.  Their ability to have standing,

15  their ability to raise those issues, their abilities to

16  challenge Your Honor's ruling is questionable.  They have

17  now filed Notices of Appeal.  They were not before the Court

18  below but they filed Notices of Appeal not only of Your

19  Honor's Allocation Decision of the rulings on

20  Reconsideration.  So we're not here to tell Your Honor and

21  we're not here to tell the District Court or the Third

22  Circuit that this is not an appeal that should be heard

23  because parties don't have standing.  We're here to tell the

24  Court it's time to have it heard.  It's time to have all of

25  these Appeals heard.

1          This case is also unusual in that we have a brand-

2   new party come in and file a Notice of Appeal.  The PBGC

3   filed a Notice of Appeal on the deadline on the 23rd of

4   July.  We hadn't seen the PBGC appear before.  They weren't

5   before Your Honor on the Motions for Reconsideration.

6   They've now appeared in the case.  It seems that at every

7   stage and at every appeal, the parties grow exponentially,

8   and it's not in anyone's interest to think that this is a

9   standard case.  It is far from it.  But it is a case, Your

10  Honor, that we think is time to move to resolution on the

11  key question of Allocation.

12          We have taken the view and we are firmly of the

13  view that the Decisions Your Honor made on Allocation are

14  interlocutory.  We've gone to the District Court.  We file

15  it with this Court and then it gets transmitted to the

16  District Court.  We have filed a Motion.  Our Motion is not

17  being heard today and it's not going to be heard by Your

18  Honor.  It's a Motion for Leave to do several things:  one,

19  to grant us leave to appeal on a contingent basis, cross

20  appeal, be Interlocutory Order, the Allocation Order.  We've

21  also asked to have a Declaration that is in fact an

22  Interlocutory Order.

23          Now, you asked Mr. Coleman several weeks ago, my

24  partner, whether or not we viewed it as interlocutory.  We

25  view that there's a lot to be done still and that it is

1  interlocutory but we can't be in the position where simply

2  because we think it interlocutory that that should halt the

3  Appeal, and we're not taking the position that anything

4  that's interlocutory should be put to the side and appealed

5  at the end of the case.  The time is now, and we have taken

6  every step possible to try to get all of these appeals

7  heard.  We've gone so far as to ask that all the Notices of

8  appeal of all the other parties that claimed that this was

9  final, given that we think they're incorrect, we've asked to

10  have them transformed into Interlocutory Appeals with

11  granting leave to have them appealed directly.  So we are

12  not trying to stand at a roadblock or to halt the Appeals.

13  We are trying to do exactly the opposite.  We are trying to

14  expedite all of these appeals on the question of Allocation.

15          Now, let's come to the first substantive point

16  relating to whether Your Honor should certify, and that's --

17  the question is, is there a controlling decision?  Their

18  controlling Decision of Law is their governing law on the

19  key issue.  Certainly, each of the parties coming to Your

20  Honor on the Allocation trial took the position that there

21  was some controlling law.  We took the ownership position

22  saying under Ontario law, we had ownership, under the MRDA

23  we had ownership.

24          THE COURT:  Yes.

25          MR. PULTMAN:  Others took a position on

1    contribution, which is EMEA, or revenue, which is the U.S.

2    There were those that asserted that pure pro rata should

3    apply in this case.  And Your Honor found that none of those

4    apply.  Your Honor didn't say that those theories, there's

5    controlling law, it just doesn't apply in this case.  Your

6    Honor said that's not this case.  It's not applicable in

7    this case.  And given that Your Honor said that, Your Honor

8    said the words, in fact, in the absence of some guiding law

9    or agreement, nothing in the law are fact.  Your Honor was

10   very clear.  All the cases that are cited by the parties who

11   object, all of the cases relate to the Court saying that

12   there is controlling law, there is guiding principle, and

13   then the question is, does it apply in that scenario.  Your

14   Honor didn't say that.  Your Honor said that there is no

15   guiding law.  That's not say that there aren't guiding

16   principles that relate to Section 105 or there aren't

17   guiding principles that relate to pure pro rata or there

18   aren't guiding that relate under Ontario law to ownership,

19   but the Appeal is going to relate to the Order of Your Honor

20   that said there is no controlling law.  So we think it's a

21   straightforward matter for Your Honor to say given that,

22   this is a matter that the Circuit should deal with.

23            Your Honor asked about the factual issues.

24            THE COURT:  Yes.

25            MR. PULTMAN:  And there was some citation to cases

1  that said factual matters are inappropriate to be heard.

2  Now, in fact, if you look at the legislative history that

3  was cited to, the legislative history certainly says no

4  controlling law is the guiding principle, and that's the

5  main issue.  But the legislative history says the Courts of

6  Appeals are encouraged to authorize direct appeals in the

7  circumstances where there're legal issues, but the next

8  sentence says "all fact-intensive issues may occasionally

9  offer grounds for certification, even when binding precedent

10  already exists on the general legal issue in question."

11         The House of Representatives in thinking about

12  this thought about the fact that the guiding principle

13  should be, this is primarily for no controlling law, but

14  there certainly will be instances where there will be fact

15  issues and where there may be fact-intensive inquiry and

16  it's not inappropriate in the right circumstance to have it

17  certified.  And Your Honor, this is the right circumstance.

18         Under the third prong, prong 158(d)(2)(A)(iii),

19  the question of whether an immediate appeal may materially

20  advance the progress of this case or proceeding, it's hard,

21  Your Honor, to see how final resolution of the question of

22  Allocation won't have immediate, direct, long-lasting impact

23  on this case, and we'll get to the specifics of it, but I

24  don't see how you can stand here and tell this Court that

25  the most important decision in the case, the most important

1  decision over six and a half years is not going to have an

2  impact.  It'll have impact on interim Distributions.  It

3  will have an impact on the ultimate resolution of the case

4  and the timing of the ultimate resolution of the case.  It

5  will have an impact on whether the parties fold up their

6  tents and go home, a comment that comes from the *Weber* case

7  that I'll get to momentarily.

8           THE COURT:  Well, it certainly provides certainty

9  to be in the Third Circuit.

10          MR. PULTMAN:  It certainly does.

11          THE COURT:  Because there's no further -- well,

12  there's an appeal to the United States Supreme Court, but

13  assuming that that's off the table.

14          MR. PULTMAN:  It would provide certainty, and Your

15  Honor, there is nothing that we're looking for today more

16  than certainty.  We are looking for speed as well, and the

17  timing matters.

18          Now, many of the arguments that were put forward

19  in opposition to our statement that this will or may --

20  which is the language -- may materially advance resolution

21  of the case.  They were arguments of practicality:  is the

22  Third Circuit a Court that can and should hear a massive

23  record of this.  Go the District Court, it's used to doing

24  fact finding.  Go the District Court, it can move faster

25  than the Circuit, query whether that is in fact true in the

1    District of Delaware, but that's the argument that's made.

2    There are arguments that are made that it will be quicker to

3    go through both the District Court and the Third Circuit

4    than resolve all of the outstanding claims everywhere in the

5    world in any proceeding.  The arguments of practicality that

6    the District Court is better served than the Third Circuit

7    to hear the Appeals, plainly put, are nonsense.  The Third

8    Circuit regularly hears complex appeals.  The Third Circuit

9    is comprised of judges who have the ability to look at a

10   detailed record in the same way that the District Court

11   does, and in fact, what is it that the District Court looks

12   at versus what is it that the Court of Appeals looks at if

13   there is an appeal first to the District Court and then to

14   the Court of Appeals.  Earlier I was citing *Jevic*.  This is

15   the holding from *Jevic*, Your Honor.

16            THE COURT:  Okay.

17            MR. PULTMAN:  *Jevic* is a Third Circuit case in May

18   cited by the Committee.  The cite is 787 F3d 173.  On page

19   179 of the decision, the Third Circuit tells us what the

20   Bankruptcy Court Appeal when it goes to the Third Circuit

21   ultimately, what does the Third Circuit consider, and says

22   because the District Court below sat as an appellate court,

23   this Court, the Third Circuit, conducts the same review of

24   the Bankruptcy Court's Order as did the District Court,

25   citing to the *In Re Tellgroup* case of 2002.  What that means

1   is, ultimately when this gets heard by the Third Circuit,

2   it's going to do the exact same thing that the District

3   Court did.  It's going to sit and hear factual issues and

4   legal issues.  It's going to hear legal issues de novo.

5   It's going to look at factual issues and grant deference to

6   this Court, not to the District Court's finding but to this

7   Court's finding.  So what the Third Circuit ultimately is

8   going to do is the same whether the District Court considers

9   it or doesn't consider it.

10            Perhaps there's no more important case on this

11  than the *Weber* case.  The *Weber* case is the Second Circuit

12  case.  Judge Walker in the *Weber* case looked at a

13  certification that the Bankruptcy Court had given.  Now, the

14  Bankruptcy Court in that case said Third Circuit -- I'm

15  sorry -- Second Circuit, you should take this on board or

16  consider it because we're missing that there is another step

17  here.  If Your Honor certifies this for Appeal to the

18  Circuit, that's not the end of the matter.  Within 30 days

19  after that Certification under 8006(g), we need to make a

20  Motion to the Court of Appeals, and it's the Third Circuit's

21  discretion whether or not to hear it.  All of the arguments

22  that are being made here, that the Court of Appeals is not

23  ideally suited or we should let it percolate or we should

24  develop more of a record, all of those arguments can be made

25  to the Third Circuit and the Third Circuit in its discretion

1   can choose not to hear it.

2          What we're asking Your Honor, which is what was

3   considered in the *Weber* case is to certify like the

4   Bankruptcy Court did there, and the Bankruptcy Court, their

5   decision, according to the Second Circuit, was not improper

6   for the Bankruptcy Court to permit parties to request leave.

7   That's exactly what we're asking Your Honor to do, and if

8   the Third Circuit chooses not to hear it because it's not

9   ideally suited or because it's too fact-intensive or because

10  it's not the right place to percolate issues, the Third

11  Circuit certainly has the ability to do so and can do what

12  the Court did in *Weber*.

13         So for that reason, Your Honor, we think it is

14  critical that Your Honor certify it.

15         The Third Circuit six years ago -- five years ago

16  said no party in this proceeding is going to benefit from

17  clashes at every step of the way, especially ones that

18  threaten the wasteful depletion of available assets.

19         In closing, Your Honor, I want to say that we

20  believe that an Order is appropriate here under both prong

21  one and prong three.  I also want to point Your Honor to the

22  following statement with respect to Allocation, Your Honor.

23  Speed is particularly important here where any delay in the

24  resolution of the Allocation dispute means a delay of

25  Creditor recoveries and a reduction of the available assets

1  from which those Creditors seek a Distribution.  Those

2  words, Your Honor, are not my own.  Those words, Your Honor,

3  were in a joint filing by the official Committee and the

4  U.S. Debtors.  They were in April of 2013 in a joint request

5  to Your Honor for Certification of the EMEA Appeal to the

6  Third Circuit.  Both the parties on the basis of speed and

7  resolution of the Allocation dispute came to this Court, and

8  Your Honor agreed, and Your Honor agreed that it would -- it

9  may materially advance the resolution.  Two years later,

10  we're standing with the same request and the words of these

11  parties to Your Honor.  We believe that this is particularly

12  appropriate here.

13          THE COURT:  Well, that was not after -- and that

14  was not after a lengthy trial.

15          MR. PULTMAN:  No, it was a year plus the length of

16  trial.  It's two years later.  We have had 120 depositions.

17  We have had expert depositions.  We have had millions of

18  pages of documents produced.  We have had a record prepared

19  and produced, vetted and put before Your Honor and before

20  Justice Newbould to be heard.  We have had a lengthy,

21  thoughtful Decision on Allocation.  There are parties who

22  want to appeal that Decision, and we say have at it.  But

23  rather than do this twice, let's do this once.

24          Now, that comment is made in every case.  In the

25  case that we cited, the MFG case in Texas, the Southern

1  District of Texas, the Court there said well, this is a big

2  case that's going to be heard by the District Court and then

3  again by the Court of Appeals because it's $25 million.

4  This is a far larger case and we all know that it's going to

5  ultimately be heard by the Third Circuit the same way as if

6  it hears it today.  To argue that it may not materially

7  advance this matter we think has no basis.  We think the

8  time has come, Your Honor, we think the time has come

9  because delay is in no one's interest.  It is not in

10  anyone's interest to defer and delay on the question of this

11  may percolate up, there may be different facts.  If the

12  Circuit feels that way after Your Honor certifies it on our

13  Motion to the Circuit, the Circuit can refuse to take the

14  case.  We think the time has come.  The real live people who

15  are affected by the decisions in this courtroom are waiting.

16  Thank you, Your Honor.

17            THE COURT:  Thank you, Mr. Pultman.

18            Anyone else in favor of Certification?

19            MS. GLEMANN:  Good morning, Your Honor.  How are

20  you?

21            THE COURT:  Good morning.

22            MS. GLEMANN:  Gabrielle Glemann from Hughes

23  Hubbard and Reed on behalf of the Joint Administrators, the

24  Canadian Debtors.

25            THE COURT:  Yes.

1              MS. GLEMANN:  Your Honor, the Joint Administrators

2    agree that Certification will materially advance not just

3    the U.S. insolvency proceeding but the proceeding of all the

4    Nortel debtors worldwide.  It's clear that this is a pivotal

5    and threshold decision in the bankruptcy proceedings

6    throughout the world.  It's necessary in order to reach

7    Distribution to creditors.  What's interesting from the

8    opposition before the Court is despite these arguments to

9    permit the Appeal to percolate through the District Court,

10   not a single party disputes that this is going to ultimately

11   end up in the Third Circuit, and the Joint Administrators

12   respectfully submit that a direct Appeal will limit costs.

13   There's a citation in the UCC opposition that suggests that

14   costs for an Appeal through the District Court would be low.

15   I think we can clearly say that's not going to be the case

16   here with the number of parties involved.

17             We also think that -- I want to focus on something

18   Your Honor said earlier, which is about certainty.  A

19   Decision from the Third Circuit will provide certainty and

20   also certainty will help the parties facilitate a settlement

21   to the extent that's possible.  This is ultimately one of

22   the key issues that will help facilitate those discussions

23   going forward.

24             And a third point, Your Honor, is that direct

25   Appeal to the Third Circuit will also enable synchronization

1    with the Canadian appellate process.  In Canada, there's

2    only a single level of appeal.  It is subject to a leave-to-

3    appeal standard.  But that synchronization will be furthered

4    by a direct Appeal to the Third Circuit.

5            THE COURT:  How would that help?  How would a

6    Certification help to synchronize things?

7            MS. GLEMANN:  Well, to the extent we'll be on a

8    more similar time frame, Your Honor, with a single level of

9    review in both jurisdictions.  Ultimately to the extent an

10   appeal goes through the intermediate process here in the

11   District Court, we risk this concept of having two divergent

12   decisions form separate appellate courts coming down at

13   separate times.

14           Your Honor, I also want to focus for a second on

15   the suggestion in a number of the oppositions that the

16   claims process couldn't possibly be resolved before a direct

17   Appeal certified to the Third Circuit, and that's simply

18   just not the case.  Since the appellate -- since the

19   Allocation Decision came down, the EMEA Debtors have worked

20   with all expediency towards facilitating a formal Claims

21   processes.  As was previously reported to Your Honor,

22   they've done an informal Claims process that has really

23   advanced the ball significantly, and procedurally have made

24   significant progress since we last reported to the Court.

25   Judge Snowden -- Justice Snowden in the English Court issued

1  a Decision setting an interim deadline for Proofs of Claim

2  in the NNUK proceeding for October 31st of this year.  So

3  moving forward with all expediency, it's certainly possible

4  that the Claims process in EMEA would be fully resolved

5  before an Appeal is completed and a Decision is issued.

6          Finally, Your Honor, turning to the issue of

7  controlling precedent, as Mr. Pultman pointed out, in Your

8  Honor's Decision, you concluded, you found that there was no

9  controlling law here.  Perhaps it should be no surprise that

10  the opposing parties, the Appellants, disagree with you but

11  if appellants disagreeing with that determination was the

12  standard, then really there would never be a ground for

13  direct appeal on the no-controlling law issues.  So the

14  determination of this Court that there is no controlling law

15  alone should meet that factor.

16          And I apologize.  I do need to make one correction

17  to something Mr. Pultman said.  He suggested that NNSA was a

18  new party appearing before this Court, and I just want to

19  clarify that that is not correct.  Throughout the trial, the

20  Joint Administrators for EMEA and Hughes Hubbard as their

21  counsel appeared on behalf of each Joint Administrator for

22  each Debtor.  That included NNSA, and the only thing that

23  NNSA has done at this time has changed counsel.

24          THE COURT:  All right.

25          MS. GLEMANN:  Thank you.

1              THE COURT:  Thank you.

2              MR. O'CONNOR:  Good morning, Your Honor.

3              THE COURT:  Good morning.

4              MR. O'CONNOR:  For the record, Brian O'Connor from

5    Wilkie Farr and Gallagher LLP on behalf of the UKPC.

6              The first thing I'd like to say is that given the

7    logistics and the difference in timing, we were not able to

8    convey to Mr. Pultman in time for the filing of his Motion

9    that UKPC in fact do consent and do support the

10   Certification Motion.

11             The Objectors say that they want this case to

12   percolate through the usual appellate process, which will

13   likely take a couple more years before this gets completed.

14   From our perspective, the last thing this case needs is

15   further percolation.  It's been percolating for six years

16   already, and the only beneficiaries of this have been the

17   professional advisors who have incurred fees of over $1.5

18   billion.  It should be permitted to continue with double

19   layers of needleless appeals.

20             How to allocate the $7.5 billion in the lockbox is

21   the overarching issue in this case, as we all know.  Getting

22   that issue finally resolved would clearly advance the

23   progress of these cases.  Now, the Objectors say that that's

24   not the case, and they say it won't because they say

25   according to this Court and the Canadian Court, no

1  Distributions can be made from the lockbox until not only

2  the Allocation Decisions are final and no longer subject to

3  appeal in both the United States and Canada but every single

4  Claim around the world has been liquidated and resolved.

5         Now, that seems to be certainly contrary to what I

6  thought Your Honor's view was when in paragraph 5 of your

7  Order on the Allocation Decision you said, "The Court may

8  allow interim Distributions upon submissions detailing the

9  mechanism and the proposed amount."  But let's just assume

10 for the moment that the Objectors are right and that there

11 can be no interim Distributions until not only the

12 Allocation Decisions are final and no longer subject to

13 appeal in the U.S. and Canada --

14         THE COURT:  Yes.

15         MR. O'CONNOR:  -- but until all Claims are

16 resolved.  To say that it wouldn't make sense to go directly

17 to the Third Circuit now doesn't seem to hold water to me.

18 Why do I say that?

19         If the Objectors are right and they say that

20 you've got it wrong and that modified pro rata is incorrect

21 whether it's subcon or some other variant that's

22 impermissible and in fact that they are right, that the

23 proper approach was to allocate the lockbox based upon their

24 revenue metric --

25         THE COURT:  Yes.

1          MR. O'CONNOR:  If the Third Circuit takes this

2     Appeal, you certify it and the Third Circuit takes the

3     Appeal in eight months from now or nine months from now and

4     that's in fact what the Third Circuit says, we can forget

5     about the Claims resolution process in terms of interim

6     Distributions because that will now be a final Order, and

7     all of the lockbox can be distributed to the Creditors.

8          Now, why is it then that the U.S. parties say that

9     they don't want to go to the Third Circuit?  Well, maybe

10    it's in the cynic in me but I suspect they don't think that

11    they have a likelihood of success before the Third Circuit,

12    and what is their game plan?  The game plan is, if they

13    don't think they're going to prevail in the Third Circuit,

14    the last thing they want is to get to the end of the line

15    quicker rather than later.  What they want is, they want

16    leverage.  They want to be able to say to all the other

17    parties that this is going to get dragged out for two or

18    three more years and that the only way we can get money out

19    of the lockbox for everyone's benefit is for you to settle

20    with us and give us something, cry uncle so that finally

21    this case can come to an end.  And I submit, Your Honor,

22    that the last thing that the Court should do is to give them

23    that leverage.  I don't say that we can't settle this but

24    the shorter -- as we all know, when your term paper is due

25    in a week, you get it done.  If it's not due in a month, you

1    don't get it done until the end of the month.  The sooner we

2    have a deadline in which we think that this will be

3    resolved, the sooner the parties can get realistic and

4    perhaps actually resolve this.

5            A couple of other quick points, Your Honor.  One

6    of the major arguments the Objectors make also is that again

7    it's premature for Your Honor to --

8            THE COURT:  Yes.

9            MR. O'CONNOR:  -- consider this now.  We haven't

10   had all the Statements of Issues on Appeal.  I agree with

11   Mr. Pultman that I don't think that's necessary.  That's not

12   the normal practice.  But again, perhaps I'm being cynical,

13   but because of the fact that the UCC had negotiated a

14   stipulation which the parties agreed to, which sets out the

15   dates for those statements of issues on appeal to be filed,

16   and I think the last of those is August 28th, if we were to

17   wait until after August 28th, you would not have

18   jurisdiction, or the argument would exist that you would not

19   have jurisdiction to decide this, and again, the cynic in me

20   suggests that the U.S. parties would prefer to have the

21   District Court, who knows nothing about this case -- well,

22   Judge Stark actually did have the Appeal on the Automatic

23   Stay Order.

24           THE COURT:  Yes.

25           MR. O'CONNOR:  But other than that, he has no

1  knowledge of the case, and I think you are certainly in the

2  best position to decide whether you think that a

3  Certification would materially progress the case, and I'm

4  afraid Judge Stark is not in the same position that you are,

5  with all due respect.

6          And finally, my last point, Your Honor, is akin to

7  Mr. Pultman's, and that is that, you know, even if Your

8  Honor decides to certify this, which we think you should,

9  the ultimate decision will be made by the Court of Appeals

10 as to whether or not they will accept that, and I argued the

11 Appeal before the Third Circuit on the Automatic Stay Order

12 back in 2011, and I know how conservative the Third Circuit

13 was with the delay and all the legal wrangling when they

14 said the rooks and the knights are fighting to the prejudice

15 of the pawns, and I think that it would be entirely

16 appropriate on this record for Your Honor to certify and let

17 the Third Circuit decide whether they want to take this

18 appeal, whether they want to make sure that this case ends

19 and we don't continue for another three years with fees just

20 piling up one after the other.

21         But for all those reasons, we respectfully request

22 that you grant Certification.

23         THE COURT:  Thank you, Mr. O'Connor.

24         MR. O'CONNOR:  Thank you.

25         MS. SALTZSTEIN:  Good morning, Your Honor.

1          THE COURT:  Good morning.

2          MS. SALTZSTEIN:  I am the changed counsel that --

3          THE COURT:  Yes.

4          MS. SALTZSTEIN:  -- EMEA's counsel referred to

5    earlier, Susan Saltzstein from Skadden Arps on behalf of

6    Stephen Taylor, who is the Conflict Administrator for NNSA,

7    and I rise just briefly, Your Honor, to support the argument

8    that these Appeals ought to be certified on the basis of

9    150(a)(D)(2)(A)(iii) that it will materially advance the

10   progress of the case, and in particular here.

11         Our client, Your Honor, is a small piece in this

12   puzzle.  That said, the cost of a lengthy appellate process

13   through the District Court we think is not in anyone's best

14   interest.  We ought to have this Appeal heard finally by the

15   Third Circuit.

16         And just one comment, Your Honor, on the reference

17   to the standing point, and I won't take time on this today

18   -- there's no formal Motion from the Court -- is just to

19   look at the first day of the transcript on day one of the

20   hearing, and I wasn't there so this is just the quote from

21   the transcript, but Mr. McGuire on behalf of the EMEA

22   Debtors made the point that Nortel Networks LTT also own the

23   U.K. company Nortel U.K. Ltd., the French Company Nortel

24   Networks S.A., and the Irish company Nortel Networks Ireland

25   Ltd.  These companies and their subsidiaries make up the

1    EMEA Debtors.  It was clear, Your Honor, from the first day

2    that EMEA was not a standalone entity, that it was made up

3    of other debtors acting as a group with one counsel at the

4    time.

5                THE COURT:  All right.

6                MS. SALTZSTEIN:  Thank you, Your Honor.

7                THE COURT:  Thank you, Ms. Saltzstein.

8                Good morning.

9                MR. HOEFFNER:  Good morning, Your Honor.  Tim

10    Hoeffner from DLA Piper on behalf of the CCC.

11                THE COURT:  Yes, Mr. Hoeffner.

12                MR. HOEFFNER:  I always try to be brief, and I'm

13    going to be the briefest of the brief today and just join in

14    the arguments of our colleagues in support of the

15    Certification of the Appeal.

16                THE COURT:  All right.  Thank you, sir.

17                MR. HOEFFNER:  Thank you.

18                THE COURT:  Good morning.

19                MR. CRICHLOW:  Good afternoon, Your Honor.  David

20    Crichlow, Katten Muchin Rosenman, on behalf of Wilmington

21    Trust as a Indenture Trustee of the Canada Only Bonds.

22                THE COURT:  Yes.

23                MR. CRICHLOW:  I will follow the wisdom of the

24    CCC's counsel.  I think it was mentioned by Mr. Pultman but

25    I rise just to make clear for the record that Wilmington

1  Trust is wholly supportive of the Motion for Certification

2  to the Third Circuit, and I adopt the arguments made by Mr.

3  Pultman earlier today.  Thank you, Your Honor.

4          THE COURT:  Thank you, Mr. Crichlow.

5          Anyone else in favor of Certification?  All right.

6          Mr. Rosenthal, good morning.

7          MR. ROSENTHAL:  Good morning, Your Honor.  Your

8  Honor, I decided to come to Court this morning with a blank

9  pad for my preparation and listened to the arguments that

10  the other parties had made, and frankly, I'm quite glad that

11  I did that because almost everything that Mr. Pultman just

12  argued is found nowhere in his papers.  EMEA didn't submit

13  papers.  UKP didn't submit papers.  All these arguments I

14  was hearing as you were for the first time, which makes me

15  doubly glad I didn't spend the time preparing a detailed

16  rebuttal, and I'll just respond right now to what I heard

17  this morning.

18          THE COURT:  Okay.

19          MR. ROSENTHAL:  We first get to the question of

20  why are we here today when the Motion was filed last

21  Thursday night, the Motion to Shorten was filed last

22  Thursday night, and Mr. Pultman's argued all about why it's

23  so critical, so critical that Judge Stark can't decide this.

24          THE COURT:  Do you agree I would lose jurisdiction

25  on August 10?

1              MR. ROSENTHAL:  I believe that that's what the

2   Bankruptcy Rule does provide.

3              THE COURT:  Yes.

4              MR. ROSENTHAL:  We haven't looked at it in detail,

5   but that doesn't matter because the fact is, they can't --

6   it's not that they lose the ability to make the Motion, that

7   they lose the ability to make -- have the Motion decided.

8   It's just a matter of forum shopping of who decides the

9   Motion, and if the Bankruptcy Rule is that in 30 days if the

10  District Court decides -- well, that's the decision that's

11  embedded in the rules, but they don't lose the ability to

12  make the Motion.

13             But, you know, when I read their Motion to

14  Shorten, I looked at paragraph 10 because paragraph 10 is

15  what you went on when you decided to grant the Motion, and

16  in fact, you had to go based on what they said because we

17  didn't have a chance to put in any opposition yet, and you

18  took them at their word at what they said was the exigency.

19             THE COURT:  Right.

20             MR. ROSENTHAL:  And they gave you five things that

21  frankly, Your Honor, were just complete nonsense.  I mean,

22  he didn't get up to even try to defend any of those five

23  things today because they're not defensible.  It's, well, we

24  don't know, do we have to go to the magistrate process for

25  mediation.  Isn't that the case in every appeal?  We don't

1  know where we're filing our papers.  Whose rules do we go on

2  for designating the record, so on and so forth?  Confusion

3  because some parties are filing in the District Court and

4  some parties are filing elsewhere.  Every Appellant acted in

5  lockstep with where they filed, how they filed.  We thought

6  we were proceeding apace and that we were proceeding in a

7  very organized fashion.  So paragraph 10, which is what you

8  based the Order on, is just complete nonsense, and that's

9  why here today we hear an argument that's 180 degrees

10 different:  well, we need you to decide it, Your Honor.  And

11 with respect, if the record is developed before the Court

12 within the 30 days for you to make an educated decision that

13 the standards are met, well, then it should be Judge Stark

14 that gets to decide it.  We don't hurry things.  We don't

15 make wrong decisions.  We don't make decisions without a

16 record because the movements want you to decide it and not

17 another judge that they're worried won't come to the same

18 decision.  It can't be a basis for exigency.

19          So let me turn now to the merits, and I think

20 everybody's in agreement that there's really -- there's two

21 prongs that are the subject of today's inquiry:  Is there

22 controlling law, and will it materially advance the

23 conclusion of these case?  And again, we've heard mostly

24 arguments that are not in the papers and by parties that

25 didn't even submit papers.  They didn't think that it was

1  worthwhile what they had to say to even put papers before

2  the Court that we could analyze, that we could rebut in our

3  submission last night.  They're happy to spring it on

4  everybody here today.  But let me take those one at a time.

5  With regard to the issue of no controlling law, you heard

6  the EMEA Debtors make an interesting statement saying well,

7  if we could disagree about controlling law, well, don't

8  appellants all the time hold the keys to deny Certification.

9  Absolutely not.  There are plenty of times the parties

10 submit to the Court, here's some authority but it's from

11 another jurisdiction, we think it's reasonable, you should

12 follow it, not from the Third Circuit, or the parties

13 themselves recognize and say there's no law here, here's how

14 we want to advance the law.  It happens all the time, and

15 those are the types of things that warrant certification.

16         The fact is -- and we're not just saying now

17 because we have a different position than a trial like we're

18 accused, we said at trial, Judge, there's controlling law,

19 and in fact, what you did, and Mr. LeBlanc's Brief points it

20 out very clearly, you spent 12 pages analyzing *Owens Corning*

21 and substantive consolidation where the modified pro rata is

22 substantive consolidation or not, the authority of the Court

23 under 105.  You may have found that that law didn't give you

24 the guidance for your decision but I think that we can all

25 agree that it is possible that the appellate Court would say

1  no, *Owens Corning* does provide the guidance.  The plethora

2  of 105 law in this Circuit -- I mean, there's more 105 law

3  probably here Third Circuit than anywhere else -- and that

4  the plethora of that law does give guidance, and you know,

5  it's interesting because the Monitor had said -- again, a

6  complete reversal of their Brief.  The Monitor has said you

7  don't look at what our questions presented are, you don't --

8  you shouldn't care what we say we're going to appeal on

9  because maybe we do, maybe we don't ever appeal on the

10  issues that they have defined, you just look at what your

11  opinion is whether or not we plan to appeal on those

12  particular issues.

13          Why then, I asked, at the top of page 6 of their

14  Brief do we have questions presented?  Questions presented.

15  He said these are the two issues, take a look at them, you

16  don't have controlling law on them.  Now, it's interesting

17  because question one is whether the Court correctly

18  concluded that modified pro rata is fair and equitable.

19  Well, I submit, Your Honor, that that is undeniably a

20  secondary question.  The first question is, does the Court

21  have authority to adopt a pro rata methodology whether or

22  not it think it's fair and equitable, and that is the

23  question that 105 will guide the District Court and would

24  guide the Circuit Court in answering, and that's where there

25  is controlling authority, we submit.

1              The second question clearly can't be considered

2    because it's not even the Appellants' question.  It's the

3    Appellees' condition question of whether the Court's

4    adoption of the modified pro rata methodology if it's not

5    affirmed, did the Court err in construction of the

6    agreement.  They can't pose a question that they

7    conditionally would raise and say no controlling law,

8    therefore, you have to certify this.  That would be pretty

9    backwards.

10             But what's interesting, and I hope Mr. Pultman

11   will answer this question when he comes back up in his

12   rebuttal because I'd like you to pose to the Monitor, are

13   you contending that on issue number two there's no

14   controlling law, because we've heard nothing from the

15   Monitor other than that there is absolute controlling

16   Ontario law as to the interpretation of the MRDA.  So I'd

17   love them to answer whether they're now contending to you

18   that there's no controlling law on that second question.

19             So the reason why it is important in this case to

20   have our issues, what do we plan to appeal on, and not just

21   looking at the 100-page opinion of the Court, not just

22   looking at the EMEA, the EMEA Arbitration Appeal that you

23   certified at the joint request of the parties.

24             THE COURT:  Yes.

25             MR. ROSENTHAL:  It's a perfect example for the

1  Court to look at as to when Certification is appropriate and

2  when it's not because it can't be more different than here.

3  It was a pure, single, obvious-to-everybody-in-the-room

4  legal issue:  does the IFSA have an arbitration clause that

5  requires arbitration and divests this Court of jurisdiction

6  to try this case?  Straight everybody said you didn't need

7  the EMEA Debtors to go file their Notice of Appeal to say

8  that's going to be the legal issue that gets heard.  So you

9  had a defined legal issue up front.  It wasn't a choice

10  among a number of potential legal issues.

11            And secondly, and I'm going to talk about the

12  materially advance in a moment, but of course that Appeal

13  was necessary to materially advance this case because they

14  were arguing, Your Honor, you have no jurisdiction to try

15  this case. That same day that you decided the IFSA Motion --

16            THE COURT:  Yes.

17            MR. ROSENTHAL:  You implemented -- you ordered

18  discovery protocol and you set the parties on their way to

19  depositions and document productions and pretrial

20  proceedings and ultimately trial, and to not have certified

21  that would've said we're going to do this all, we're going

22  to have a trial and then maybe later on the Third Circuit

23  says all the wasted time.  I mean, that's a great example,

24  and it is an extraordinary remedy and it's one that you

25  don't come to the Court willy-nilly to ask for, and the

1  Court exercises discretion and decides do I have a very

2  finite, concrete, defined legal issue that really has this

3  urgency because it's holding up other things or it is just

4  that a party wants to move quickly.

5          THE COURT:  That's right.  That was the premise.

6          MR. ROSENTHAL:  And there was a really, really

7  interesting argument made that -- by Mr. Pultman, again, not

8  in the Brief because we would have had a lot to say about it

9  had it been in their Brief, but he says Judge, you're just a

10  gatekeeper here, let us make all these arguments to the

11  Third Circuit, just open the gate, stamp your Certification

12  on it, and we'll go and litigate these issues before the

13  Third Circuit.  Well, do you think that that's what the

14  Third Circuit would like to see?  Because the standards,

15  Your Honor, that you have to meet, you have to find -- you

16  have to find that there's no controlling issue of law that

17  would be the subject of the Appeal.

18          THE COURT:  Right.

19          MR. ROSENTHAL:  And that it will materially

20  advance, and unless you can find that, the last thing we'd

21  submit that the Court should do is just say I'm going to

22  punt it, I'm going to certify it and just tell the Debtors

23  you may have good arguments, you might not have good

24  arguments, Canada might have good arguments, they might not,

25  just go to the Third Circuit and make them.  That would be

1    abdicating your role with what Mr. Pultman has suggested

2    that you do.  And the *Weber* case, he likes the *Weber* case

3    because they didn't castigate the Bankruptcy Court for

4    certifying but they didn't say that the Bankruptcy Court

5    made a right decision.  They in fact said the opposite:  the

6    Bankruptcy Court made the wrong decision because it should

7    not have certified it.  So the mere fact that the Bankruptcy

8    Judge wasn't castigated in *Weber* should not encourage you to

9    make a decision that's not supported by the record.

10            So I want to talk about, before I go to the second

11   prong, because I don't know which prong they're arguing it

12   really fits in, but this whole procedural complexity and we

13   have new parties that showed up on Reconsideration, new

14   parties, PBGC just appeared, what does that have to do with

15   anything?  I mean, really, I don't know where it fit within

16   his argument because the fact that a group called the Trade

17   Claims Consortium that may or may not have standing, and

18   they'll litigate that out, what does that have anything to

19   do with whether we should go to the Third Circuit or not?

20   In fact, to the extent that there are standing issues and

21   gateway issues, it seems like that that more supports going

22   to the District Court because otherwise, Your Honor, we're

23   going to have all of these preliminary issues -- fights over

24   standing, fights over -- you know, we have so many issues on

25   the table right now potentially and we're going to have to

1  go air those out before the Third Circuit, they say, and

2  maybe that's the strategic reason the cynic in me -- to use

3  Mr. O'Connor's quote -- which is maybe that's why they want

4  to go up to the Third Circuit because they don't want the

5  issues refined, they don't want the District Court.  It's

6  not merely a case of here is a single issue, the parties

7  have said if the District Court doesn't rule our way we're

8  going to go take this single issue to the Bankruptcy -- to

9  the Third Circuit.  There's a lot of issues out there.  And

10  we tried to narrow some of them on the Motion for

11  Reconsideration and Clarification, and we did clarification

12  on some of them.  And we'll go to the Third Circuit and

13  we'll pick which issues are the ones appropriate and they'll

14  litigate out some of these standing and other issues.  And

15  you know what?  Maybe we'll actually get a resolution

16  because one would have said that after your opinion came

17  out, there's no chance that doesn't go up to the Third

18  Circuit.

19          We filed the Motion for Reconsideration and we

20  told Your Honor, you know what, if we get this, it's not the

21  loaf we wanted, it's not half the loaf we wanted, but you

22  know what?  We'll pack up, we'll fold our tents on the

23  Reconsideration and not even go up to the District Court,

24  and who's to say right now that an Appeal is so inevitable

25  to the Third Circuit that we can't get a decision out of the

1   District Court that narrows the issues in a way that makes

2   the parties look at this and assess and decide whether they

3   go to the Third Circuit or not, and who's to say that even

4   if that does happen, that next step, that the issues aren't

5   further narrowed and focused for the Third Circuit.

6              THE COURT:  It only takes one party to appeal.

7              MR. ROSENTHAL:  Of course it only takes one party

8   to appeal, but maybe that one party does it on narrower

9   issues.  I mean, the question is, what are we giving to the

10  Third Circuit now?  And frankly, that's what's going on

11  here.  It's they want to take all the issues that are out

12  there from the standing issues to every complaint people

13  have about this and say go dump it on the Third Circuit

14  because maybe the Third Circuit will just get fed up with

15  this.  And we say the appellate process has procedures and

16  logic and it's a rare case that goes directly to the Third

17  Circuit, and given the issues that are out there, this is

18  not the one.

19             Let me turn now to the second prong.

20             THE COURT:  Yes.

21             MR. ROSENTHAL:  Materially advance, because we

22  actually heard a lot of two-stepping here.  Materially

23  advance, this is an important issue to the ultimate

24  resolution.  Of course it is.  Of course this is -- the

25  Allocation is an important issue.  We've been going for

1    years here, yes, but I haven't seen any case law that says

2    the amount of time it takes to get a trial decision is

3    somehow a factor in the Circuit decision.  It's advance.  We

4    are where we are today.  Given where we are today, will

5    direct Certification materially advance from today forward

6    the resolution?  Sure.  Will it be faster to get a Third

7    Circuit Decision if we go directly there than through the

8    District Court?  Obviously, but that's not the test --

9              THE COURT:  No.

10             MR. ROSENTHAL:  -- because that test would always

11   be satisfied.

12             THE COURT:  Right.

13             MR. ROSENTHAL:  So we raised two points in our

14   opposition, and Mr. Pultman didn't respond to either one.

15   We said there's a Canadian appellate process going on right

16   now.  Are we going to rush this case, dump it all on the

17   Third Circuit, not have the standard appellate process and

18   then wait for 18 months?  And what's going on in Canada?

19   Well, Canada, there's a preliminary gate that has to be

20   opened.  It's a Motion for Leave to Appeal.

21             THE COURT:  Right.

22             MR. ROSENTHAL:  It's the Monitor saying let's

23   dispense with that and get going quickly in Canada.

24   Absolutely not.  Two days ago there was a conference in

25   court in Canada, and we put this in our papers.  Mr. Pultman

1  could have responded but he didn't.  He doesn't have

2  anything to say here because the process is what it is in

3  Canada.  They have told the Canadian Court they're going to

4  oppose the Appeal.  We've got a whole briefing schedule.  It

5  could be many, many months before the gate even opens in

6  Canada.

7          We heard the EMEA Debtors say certify for the

8  Third Circuit because then you'll put it on the same track.

9          THE COURT:  That's right.

10          MR. ROSENTHAL:  That was dead wrong.  There is two

11  appellate courts in Canada.  There are two levels of appeal

12  in Canada, and we have the gate to open up with the Motion

13  for Leave to Appeal.

14          THE COURT:  There's the Court of Appeals and the

15  Supreme Court in Canada.

16          MR. ROSENTHAL:  Yes, yes, and the Supreme Court in

17  fact, even if the Leave to Appeal is denied in Canada, that

18  can get appealed up to the Supreme Court.  So the fact that

19  the Monitor and the other Appellees are fighting Leave to

20  Appeal on Canada on issues that they are telling you are

21  cases of first impression and saying we still we still want

22  to fight it and kind of roll the dice and maybe we get to

23  knock that out.  This Canadian appeal due to their actions

24  is being pushed as far down the road as possible.  So the

25  idea that you need to push this to the Third Circuit today

1  so that we can get a Third Circuit decision and then all

2  wait, and Mr. O'Connor said no, well, if the Third Circuit

3  in eight months reverses, maybe we can get Distributions

4  right away.  No, we can't.  No, we can't, because we need

5  final and non-appealable Orders from both Courts.

6          THE COURT:  Yes.

7          MR. ROSENTHAL:  We need two consistent

8  resolutions.  So the idea that rushing this along will

9  somehow materially advance is just preposterous.

10          And the second thing, again, we heard somebody

11  from EMEA, and what I heard pretty much corroborated what we

12  put in our papers.  I said we need somebody from EMEA to get

13  up and say here's the timeline, here's our Claims timeline,

14  because we're very fearful that again, you're going to

15  bypass the usual appellate procedures here.  We're going to

16  dump this on the Third Circuit immediately and then we're

17  going to sit around waiting two years for the EMEA

18  processes.  You should have a record.  You should have a

19  Certification of their process looks like, and what I heard

20  counsel from EMEA is -- and the record will confirm -- it's

21  possible, it's possible if you send this to the Third

22  Circuit that we'll have an EMEA Claims process done before

23  the full appellate process would be resolved.  Well, that

24  does not satisfy materially advanced, Your Honor.  It just

25  doesn't, and it does come close to it.

1           And that's why I kind of come back to where we

2    started at the beginning with our papers as well.  If Your

3    Honor is to consider this, you need to know what is the

4    Canadian appellate timeline here, you need to know what is

5    the EMEA Claims timeline from somebody in the U.K. who knows

6    and can really make a Certification to the Court, because

7    the Court also said in the Allocation Opinion, you're going

8    to set a deadline, and I presume you're going to set that

9    timeline that Claims have to be resolved based upon what the

10   EMEAns tell you is a reasonable deadline.  So they need to

11   come and kind of put their money where their mouth is and

12   say here's the deadline we're prepared to live with as a

13   Claims deadline, and if that doesn't happen by August 10th,

14   it doesn't mean that we throw out the standards and that in

15   the interest of expediency you do it without a record.  It

16   means let them come in, let them put in their record, see

17   what the issues are on appeal and whether there's really no

18   controlling authority, and if it is that Judge Stark then is

19   the decision maker on that -- I mean, the suggestion was

20   made, well, Judge Stark doesn't know this case enough to

21   even make the right decision.  I mean, with respect, this

22   won't be the first Certification Motion that Judge Stark has

23   to hear --

24           THE COURT:  Right.

25           MR. ROSENTHAL:  -- if it comes on his plate.  But

1   it really ought to be with the record and not this hurry up,

2   you know, and that's really -- frankly, it's the only -- Mr.

3   Pultman admitted this morning, that's the only reason we're

4   here today is, they want you to decide this and they didn't

5   want to tell you that in the Motion to Shorten so they gave

6   you a lot of garbage in the Motion to Shorten as to why they

7   wanted to come here, and then when we called them and said

8   this is not a reasonable schedule, we need another week, and

9   they refused, they didn't say this was the reason.  You

10  know, they didn't want to say that this is really about

11  forum shopping.

12          I guess the last point I'd make, Your Honor, is

13  Mr. Pultman said he took issue with our statements about

14  factual issues and whether they're even appropriate, and he

15  cited the legislative history.  Two comments on that.  One

16  is, we're not saying that the Appeal is going to be based on

17  factual issues.  They are.  Their Brief is riddled with

18  statements about the factually complex issues that are the

19  subject of the Appeal.  So taking them at their word, they

20  are the movement and they are the ones characterizing it as

21  involving complex factual issues.  I would suggest that

22  rather than the legislative history, the Court look to what

23  do Courts in this district say about it because the law --

24  and we cited in our Brief and the UCC and the Bondholders I

25  believe go on in even more detail and give you even more

1  case law - it all says factually complex issues are not the

2  ones that should be subject to Certification, and I suggest

3  that it's that law that this Court should look to and not

4  the legislative history that was clearly as available to all

5  of those Courts when they made their decision, and I haven't

6  heard a single case cited by my adversaries here saying

7  otherwise.

8           THE COURT:  How about the costs of the Appeal to

9  the District Court, Mr. Rosenthal?

10          MR. ROSENTHAL:  Well, Your Honor, maybe, maybe

11  not, because it all depends on what happens.  Are the issues

12  going to be sufficiently narrowed in the District Court,

13  resolved in the District Court, or is it just going to be

14  that we do it twice.  I'm an optimist, I'm not a cynic like

15  Mr. O'Connor, and I'm going to hope that, you know, maybe

16  when the District Court makes the ruling, the parties sit

17  down, because right now the playing field is so unlevel,

18  there is no chance of getting a resolution.  We had hoped

19  that that Reconsideration Motion might work.  You know, a

20  District Court decision maybe does it and maybe obvious the

21  need to bother the Third Circuit at all with this case.

22          So it's speculation, and again, if the Monitor is

23  so concerned about costs, why are we having to brief a

24  Motion for Leave to Appeal in Canada, a whole new level of

25  day, costs, briefs, arguments, et cetera and et cetera, when

1  they could have easily just said you know what, this is so

2  obviously going to be granted Leave to Appeal on a Decision

3  of this magnitude that go ahead because you know what, if we

4  would have won the Motion for Leave to Appeal, we'll win the

5  Appeal, right?  So let's just get it on.

6          So it's really -- I don't think that that's a

7  really valid concern, and I think that with respect to

8  costs, it's really all a matter of speculation.  But even if

9  it does cost a little more this way, I mean, doesn't that

10  apply to every single Bankruptcy case?

11          THE COURT:  Sure.

12          MR. ROSENTHAL:  And I think that's the theme I'm

13  going to end on, which is almost every argument you heard

14  about we need to wrap things up and look at how much it's

15  cost to date, look what's happened in the past, and look at

16  the parties and all that and the complexity.  This -- these

17  are generic arguments that I submit if the Third Circuit

18  looks at this, it will say there's nothing about any of the

19  arguments advanced by my adversaries that say this case

20  should go up.  If anything, given the issues and everything

21  with this case, we should follow up with the normal

22  appellate process and keep the procedures the way they were

23  written and not bypass them.

24          Thank you.

25          THE COURT:  Thank you, Mr. Rosenthal.

1          MR. QURESHI:  Good morning, Your Honor.

2          THE COURT:  Good morning.

3          MR. QURESHI:  For the record, Abid Qureshi, Akin

4   Gump Strauss Hauer and Feld on behalf of the Official

5   Committee.

6          Your Honor, I'll try not to repeat much of what

7   you heard from Mr. Rosenthal.  There are obviously a few

8   points that I am going to come back to and emphasize.

9          Like Mr. Rosenthal, I want to start with the

10  procedure and posture of how we got here, and I don't want

11  to dwell on it, Your Honor, but I do think it impacts the

12  merits.  The Motion to Shorten, it was entered -- it was

13  filed after hours on Thursday.  It was entered before the

14  business day was over on Friday.  We did have an opportunity

15  to oppose it, and therefore we found ourselves very rushed,

16  scrambling to get our briefing done and be here today where,

17  as Mr. Rosenthal also pointed out, we are forced to deal

18  with arguments that have not been briefed.

19          Now, I raise it, Your Honor, because I think it is

20  procedurally unfair and I think it does matter.  But I think

21  more importantly, it goes to the merits.   Now, Your Honor

22  heard from Mr. Pultman well, there are plenty of examples of

23  courts that have certified issues for a direct Appeal in the

24  absence of a Statement of the Issues on Appeal filed by the

25  Appellants, and that is absolutely true, and likewise, it is

1  the case that the statute authorizes a Bankruptcy Court to

2  sua sponte --

3          THE COURT:  Yes.

4          MR. QURESHI:  -- certify an issue for Appeal, and

5  Your Honor is no doubt aware of many examples where

6  Bankruptcy Courts do that, and both of those things, Your

7  Honor, happened in the same instant, and that is where

8  exactly as in the Decision that Your Honor certified in this

9  case it is crystal clear to the Court and to all of the

10 parties that there is a clear legal issue, in most

11 instances, a single legal issue.  Judge Gerber did it in the

12 General Motors case, and here in Delaware, Judge Shannon in

13 *Semcrude*, a decision that I know Your Honor cited in your

14 Certification Decision earlier in the Nortel case --

15         THE COURT:  Right.

16         MR. QURESHI:  -- where Judge Shannon did the same

17 thing.  He said you know what, this is a single choice of

18 law question.  Everybody in the courtroom knows what it is,

19 and if it's not resolved, it's going to hold up confirmation

20 it's going to hold up exiting bankruptcy from a debtor that

21 was operating, unlike Nortel.  None of those issues exist

22 here.  And so here, a record that is undeniably complex,

23 that is vast, to say the least, Your Honor does not have the

24 benefit of the Appellants stating what they believe the

25 issues on Appeal to be, and we think that is an important

1  step that is being missed by the haste with which the

2  Monitor brought this Motion.

3        THE COURT:  And the fact that the Monitor can

4  bring the Motion before the District Court.

5        MR. QURESHI:  And the fact that the Monitor can

6  bring the Motion before the District Court after those

7  Statement of Issues are filed.  It just doesn't make sense,

8  Your Honor, and so I think the Court is in the somewhat

9  peculiar position of now being asked to certify the question

10  that the Monitor presents.  Now, yes, it's true that the

11  statute speaks of the Decision being certified.  But

12  nonetheless, this Court needs to be clear, in order to

13  determine whether the statutory criteria is met, as to what

14  the issues are and certainly that needs to be clear to the

15  Circuit Court if the Circuit Court ever is presented with the

16  question of whether to take the appeal.  And the Monitor

17  rushes past all of that and says here's my question.  Answer

18  my question.  So that's what we're going to do, Your Honor.

19  I'm going to deal with the only question that has been

20  presented to Your Honor as the question that should be

21  certified.  That's what we're stuck with and that question,

22  again, is whether -- the first of their two questions, the

23  one I will spend the majority of my time on, is whether the

24  Allocation Decision is fair and equitable.  Now, the Monitor

25  readily acknowledges that that is a factual question, and I

1  think by that admission, the Monitor has conceded the

2  [indiscernible] of its own Motion and I'll come back in a

3  little more detail to some of the case law that says that

4  that's the case and that it is pure issues of law that are

5  appropriate for direct appeal.

6          On the Monitor's second question about the MRDA,

7  I'm not going to add to what you heard from Mr. Rosenthal

8  other than to say it's a contract interpretation question.

9  There's plenty of case law we cited in our Brief, not the

10 type of issue that's appropriate for certification.

11         So turning then first to the Monitor's argument

12 that there is no controlling Decision, it's wrong.  It's

13 wrong for two reasons.  There is controlling precedent, first

14 of all.  And secondly, it's not a question of pure law.  I

15 will leave to Mr. Leblanc to address the question of

16 substantive consolidation, whether that's a remedy that --

17 well, Your Honor ruled that it was a remedy not available in

18 this case but, nonetheless, imposed a result that looks an

19 awful lot like substantive consolidation and Mr. Leblanc will

20 talk about why there is controlling precedent on that issue.

21         There are at least two other areas and again, Your

22 Honor, I raise but two.  There are likely many more once we

23 have been through the process of articulating all of the

24 issues for appeal.  But certainly, it's the case the Monitor

25 suggests, and indeed this Court in its Allocation Decision

1  suggests, that this trial raised a unique question of law

2  with respect to how to allocate value and we disagree

3  fundamentally with that, Your Honor.  Yes, this was a very

4  complex matter.  Yes, procedurally, it may have been

5  unprecedented.  Yes, you had two Courts in two Countries

6  jointly presiding over a trial of this magnitude.  That may

7  well be something that has never happened before.  But the

8  suggestion that it was somehow an issue of first impression

9  for this Court to be asked to allocate value that was

10 generated from the sale of a Debtor's assets among different

11 Estates, with all due respect, Your Honor, that's not a novel

12 question.  That's something Bankruptcy Courts do every single

13 day.  That's something on which there is case law.  Now, the

14 fact that Your Honor chose to disregard that case law or

15 concluded that that case law did not give Your Honor

16 appropriate guidance here, it does not render the question a

17 matter of first impression, not by any stretch.  And the same

18 I think is true with respect to 105(a) of the Bankruptcy

19 Code, the only statutory predicate cited by Your Honor for

20 the modified pro rata approach.  I should add, Your Honor,

21 that this morning in the Bankruptcy Court in Illinois in the

22 *Caesars* case --

23            THE COURT:  Yes.

24            MR. QURESHI:  There was a Motion for Certification

25 of a direct appeal of the Bankruptcy's Court's refusal to

1  issue a Section 105(a) injunction.

2          THE COURT:  Yes.

3          MR. QURESHI:  And I understand that the Bankruptcy

4  Court denied that Certification Motion this morning.

5  Obviously, I was here and not there, but do understand that

6  at least, in part, that Motion was denied because of the

7  existence of established case law under Section 105(a) of the

8  Code and that is true in the Seventh Circuit, Your Honor, and

9  it is equally true here.  There is Supreme Court case law,

10  most recently an issue -- a Decision issued just last year in

11  the *Law v. Siegel* case on the scope of a Bankruptcy Court's

12  equitable powers where the Supreme Court held that those

13  powers can only be exercised within the confines of the Code.

14  Your Honor is no doubt familiar with the Third Circuit case

15  law on the scope of 105, the *ABN Amro* Decision from 2005,

16  *Continental Airlines* from 2000, the *Pepperman* Decision in

17  1992, *Morristown* in 1990.  There's lots of case law on 105.

18  Mr. Rosenthal said, and he was absolutely right, certainly,

19  the primary issue that an Appellate Court will first have to

20  address is did Your Honor have the authority to do what Your

21  Honor did in this ruling?  We certainly think that Your Honor

22  did not.  Again, the fact that Your Honor chose either to

23  disregard those cases or concluded that those cases did not

24  limit your authority does not render the question one of

25  first impression where there is no guidance.  There is plenty

1  of guidance and it comes from the Supreme Court and from this

2  Circuit.

3          So I think with respect to this issue, Your Honor

4  actually said it well in Your Honor's Decision denying

5  certification of the UK Pension Party's appeal of Your Honor

6  enforcing the Stay Order with respect to UK proceedings.

7  Your Honor wrote that the controlling precedent prong of the

8  test has been interpreter to require that there be no

9  governing law on the issue before the Court.  You were

10  quoting Judge Shannon in *SemCrude* and then went on to state

11  that the UKP's appeal disputed the application of existing

12  controlling law to specific facts and that, the application

13  of disputed -- of law to disputed facts, did not satisfy the

14  certification prong and so too is that the case here, Your

15  Honor under the question as the Monitor presents it.  Again,

16  the Monitor's Statement of the Issue, whether the ruling is

17  fair and equitable, that invokes the scope of the Court's

18  authority under 105 and how that should be applied to the

19  facts of this case.  That's why the Monitor characterizes it

20  as a factual issue.

21          Now, let me turn to the second issue that I said

22  that I would address under this prong which is the fact that

23  it's not a pure question of law and we cite, of course, the

24  language directly on point from the *Webber* Decision of the

25  Second Circuit where -- and I'll just give Your Honor one

1  quote from that.  "Congress believed direct appeal would be

2  most appropriate where we are called upon to resolve a

3  question of law not heavily dependent on the particular facts

4  of the case."  How can it be argued, Your Honor, with a

5  straight face that the question of whether Your Honor's

6  Decision is fair and equitable is somehow divorced from the

7  massive factual record of this case?  It is factual.  It is a

8  secondary issue.  It is not appropriate to go to the Circuit.

9  Some Decisions within this Circuit, Your Honor, that I think

10  should be heated, the Delaware District Court in the *American*

11  *Home Mortgage* case declined to certify an appeal based on

12  this prong and they declined because the issues that were

13  raised by the parties seeking certification in its list of

14  issues on appeal were "mixed questions that implicate the

15  particular circumstances of this case and, as such, they are

16  not pure legal questions warranting direct certification."

17  Perhaps even more on point, Your Honor, is Judge Carey's

18  Decision out of the *Tribune* bankruptcy case.  There, Your

19  Honor may recall Judge Carey had confirmed the Debtor's Plan

20  and one of the parties who had opposed confirmation of that

21  Plan argued that the Plan discriminated unfairly --

22           THE COURT:  Yes.

23           MR. QURESHI:  -- against the Appellant.  Sought

24  certification of that issue direct to the Circuit.  Judge

25  Carey declined as saying the question of whether you are

1   treated unfairly under the Plan that I confirmed is fact-

2   intensive.  Because it is fact-intensive, it cannot be

3   certified.  With all due respect to Mr. Pultman and his

4   citations to the legislative history of this provision, Your

5   Honor, it could not be more clear in the present

6   circumstances that this is absolutely not the type of issue

7   that is appropriate for certification and that's how other

8   Courts in this District have interpreted as well.  It's just

9   not a close call.

10          Your Honor, moving then to the suggestion that

11  there will be a material advancement of this case, and again,

12  I'll try not to repeat too much of what Your Honor heard from

13  Mr. Rosenthal, the Monitor offers little more than the

14  conclusory assertion that if we get the Circuit Court to

15  rule, this case will magically be resolved and we'll all be

16  on our way and everybody will be happy and that, I think,

17  misses the mark by a lot.  First, I think there is no facts

18  before Your Honor today that would suggest that as soon as

19  this appeal is resolved there will be distributions to

20  creditors.  As Your Honor has heard, I think we're quite far

21  off from that and, in part, Your Honor, that is a function of

22  Your Honor's Decision.  By determining allocation, based not

23  on the value of what each Estate sold, but instead on claims,

24  Your Honor, together with Justice Newbould, has set up a

25  process where each Debtor Estate has now a direct and

1  pecuniary interest in how claims are resolved in other

2  Estates.  Now, in our adversarial system, Your Honor, I think

3  it's likely to be the case that the claims process is going

4  to become more contentious and not less.  Under other

5  scenarios that Your Honor may have ruled on, we in the United

6  States would have no interest in being involved in how claims

7  are decided in Canada or in EMEA.  That is not the case under

8  the present construct and the Joint Administrators offer Your

9  Honor nothing concrete to suggest that, in EMEA, that process

10 is going to be done anytime soon.

11         Now, I heard Mr. O'Connor on behalf of the UK

12 Pension parties make the suggestion that we, the Bonds, the

13 Debtors, are opposing certification because, and I think I

14 heard him correct, we want leverage.

15         THE COURT:  Yes.

16         MR. QURESHI:  With all due respect, Your Honor, we

17 don't want leverage.  We want due process, we want a just

18 outcome, and we think that this appeal ought to follow its

19 normal path.  Now, Your Honor has heard well, it's inevitable

20 that we're going to end up at the Circuit so why not cut off

21 that intermediate review and just get on with it and to that,

22 I say this, Your Honor.  There is no Estate that has been

23 more harmed by Your Honor's allocation ruling than the U.S.

24 Estate.  There is no creditor constituency that has been more

25 harmed by Your Honor's ruling than general unsecured

1  creditors in the U.S.  Now, Your Honor can rest assured that

2  we will be very aggressive advocates for U.S. pensioners, for

3  trade creditors, for bondholders, and for all other unsecured

4  creditors and we are going to do everything that we can to

5  remedy what we perceive to be a gross injustice in Your

6  Honor's Decision.  We want a swift resolution as much as

7  anybody else and we certainly hope that one can be negotiated

8  and if it is a just and fair resolution, we will be the first

9  ones to agree to it.  But if there's not, Your Honor, we are

10  duty-bound to take this to the Circuit if that's where it

11  needs to go to get resolved.  But that fact alone presents no

12  justification to bypass the District Court and on this point

13  again, the case law cannot be more clear.  Many cases have

14  commented on that fact.  Look, in every Decision it can be

15  argued that it would be resolved faster if we cut out an

16  intermediate level of review.

17            Your Honor also asked Mr. Rosenthal about the

18  question of expense.

19            THE COURT:  Yes.

20            MR. QURESHI:  And I want to just briefly comment

21  on that and refer to one Decision of another Bankruptcy Court

22  that we cited in our papers.  It was the *Seven Counties* case

23  out of the Bankruptcy Court for the Western District of

24  Kentucky and in that case, the Court said that all of the

25  parties acknowledged that the case is inevitably bound for

1  the Sixth Circuit and that certifying the appeal will save

2  the litigants time and money.  But the Court, nonetheless,

3  did not certify because it did not find that doing so would

4  advance the progress of the Chapter 11 case and that is the

5  case here.  Of course it would be less expensive if we had

6  fewer Briefs to write and fewer oral arguments to give but

7  the process is what it is and that intermediate review is

8  there for very important reasons and this just isn't a set of

9  circumstances where if we go to the Circuit anything is going

10 to move more quickly.  First of all, the pendency of these

11 appeals is not going to slow down the claims resolution

12 process that needs to take place in Canada, in EMEA, and here

13 before Your Honor.  That will proceed apace with no impact

14 from the appeals.  In *SemCrude*, where Judge Shannon found

15 that there would be a material advancement, there, again,

16 Your Honor, the situation was the resolution of the issue was

17 impeding the Debtor's ability to confirm a Plan and to exit

18 bankruptcy.  That's not this case, not even close.

19        So the Second Circuit in *Webber* had some

20 cautionary words on this issue and I think they're important

21 to bear in mind and those words were, and I'll quote it

22 briefly, "Although Congress emphasized the importance of our

23 expeditious resolution of bankruptcy cases, it did not wish

24 us to privilege speed over other goals.  Indeed, speed is not

25 necessarily compatible with our ultimate objective, answering

1   questions wisely and well" and with that, Your Honor, we

2   wholeheartedly agree we think that is what should guide this

3   Court here.

4           So if I could, Your Honor, let me just quickly

5   check my notes.  If I could, Your Honor, conclude with this

6   thought.  Again, referring to the *Webber* Decision out of the

7   Second Circuit, it serves as a forceful reminder of the

8   importance of the intermediate appellate review provided by

9   the District Court, and Your Honor's going to hear a lot more

10  from Mr. Leblanc on that point, but the Second Circuit put it

11  this way.  "We believe that Congress was aware of the dangers

12  of leapfrogging the District Court in the appeals process.

13  Congress wisely granted discretion to Appellate Courts to

14  accept or decline direct appeals probably in recognition of

15  the salutary effects of allowing some cases to percolate

16  through the normal channels."  Now, Mr. O'Connor says, and I

17  get it; I've been at this for six or seven years; enough with

18  the percolation already.  But, Your Honor, that's certainly

19  not what should guide the Courts.  Your Honor sat through a

20  length trial.  Your Honor was inundated with a lot of live

21  testimony, a lot of deposition testimony, pages of evidence.,

22  thousands of pages I think probably in total of briefing from

23  all of the parties pre- and post-trial.  It's just not a

24  record that is anywhere near ready to the Third Circuit.

25  Nobody's going to be harmed by allowing the District Court to

1   do what it's supposed to do and so we suggest, Your Honor,

2   that this Court let justice run its ordinary course.  Allow

3   the District Court to serve the role that Congress intended

4   it to serve.  Thank you, Your Honor.

5           THE COURT:  Thank you, Mr. Qureshi.  Let's take a

6   ten-minute break now.  I think it would be wise to do that

7   and we'll be back here at quarter of.  All right?  Stand in

8   recess.

9           (Recess from 11:35 a.m. to 11:48 a.m.)

10          THE CLERK:  Please rise.

11          THE COURT:  Thank you everyone.  You may be

12  seated.  Mr. Leblanc?

13          MR. LEBLANC:  Your Honor, may I proceed?

14          THE COURT:  Yes you may.  Certainly.

15          MR. LEBLANC:  Your Honor, batting third in this

16  order, I'm going to try to weave a little bit around a couple

17  of points just to address a couple of areas that I think are

18  important for the Court to consider in this.  I'm not going

19  to talk -- I'm going to try not to repeat any of the

20  comments.  Let me deal just up front with one of the issues.

21  I do think Mr. Rosenthal alluded to this and Mr. Qureshi said

22  I would address it so I guess I should.

23          THE COURT:  Okay.

24          MR. LEBLANC:  We certainly talk in our papers

25  about the application of *Owings Corning* to this question.

1           THE COURT:  Yes.

2           MR. LEBLANC:  Your Honor thought it was important

3    enough to spend, as we calculated, about 12 pages of your

4    Decision discussing the application of that well-settled

5    precedent.  We think that is exactly the sort of example -

6    your Decision not to follow or to find *Owings Corning*

7    distinguishable --

8           THE COURT:  Yes.

9           MR. LEBLANC:  -- based upon the facts of this case

10   is exactly the kind of Decision that doesn't merit, that

11   doesn't qualify, as an issue of a controlling -- an issue as

12   to which there is no controlling issue of law or Decision of

13   law, that merits certification.  We think that's just a good

14   example of why this doesn't meet the standards for

15   certification.  But where I really want to focus, Your Honor,

16   is on the reasons that you shouldn't exercise your discretion

17   to certify this to the Third Circuit and it was alluded to by

18   both of my colleagues, and it's certainly addressed in our

19   papers, and I think it's unassailable, and this is not a

20   criticism of the Decision when I say this but this isn't

21   ready to be heard by the Third Circuit, and let me try to

22   break that down and talk about that a little bit.  Now, Your

23   Honor was open in your Decision in saying that you were not

24   adopting the position advanced by any party.  Instead, you

25   were adopting a Decision you thought was right that pulled

1  together pieces from different parts.  The consequence of

2  that is that the parties that will appeal and those that will

3  oppose the appeal have not actually joined issue on the

4  Decision on the question or the issue of modified pro rata,

5  and let me give the Court just a handful of examples of what

6  I mean by that.

7            First, Mr. Pultman, I presume, is telling the

8  Court that when it goes on appeal, he will support the

9  Court's Decision, applying modified pro rata.  Mr. Pultman,

10 when he appeared as a litigant before the Court, did not

11 endorse --

12            THE COURT:  Right.

13            MR. LEBLANC:  -- pro rata.  I'm presuming Mr.

14 Pultman is going to take that position based upon the fact

15 that he really likes the outcome of it, but I don't know.

16 The first we will learn of that is the first Brief that they

17 file in whichever Appellate Court that we proceed to.  And

18 let me give a very concrete example of this, Your Honor, one

19 that had we not filed for reconsideration on the *Ivanhoe*

20 issue or the issue of whether or not our claim is limited to

21 a shortfall as opposed to the full claim as provided for

22 under *Ivanhoe* in this Court's prior Decision in the 9019.  I

23 would guess, Your Honor, that of our 14,000 words, if we

24 hadn't filed for reconsideration and Your Honor had directly

25 certified this to the Third Circuit and we had a Brief of

1   14,000 words that we would have likely spent many of those

2   words arguing that Your Honor was wrong to limit us to a

3   claim for the shortfall to the extent that that's what the

4   Court actually intended to do.  Now, in point of fact, when

5   we raised that issue on reconsideration, every party said we

6   don't think that's what the Court did and Your Honor entered

7   a Reconsideration Decision saying that isn't what I did.

8   That's not what I intended.  So that issue was taken out of

9   the case, as per the Reconsideration Decision, but no party,

10  and we were clear about this, no party was asking you to

11  reconsider the fundamental decision that Your Honor had made

12  about applying a modified pro rata.  That wasn't the subject

13  of any of the Reconsideration Motions.  What that means, Your

14  Honor, is that with respect to every fundamental element of

15  your Decision, we simply don't know what the position of the

16  parties is or will be because no party advocated the Decision

17  that Your Honor entered.  Now, the notion -- and actually,

18  before I get to the conclusion of this point, Mr. Pultman

19  raised what I think is an odd argument to make, suggesting

20  direct certification even today, when he said well, there are

21  new parties that have appeared, and Mr. Rosenthal alluded to

22  this, there are new parties that have appeared; NNSA, the

23  Trade Committee in the U.S.

24          THE COURT:  Yes.

25          MR. LEBLANC:  We don't know if they have standing.

1   Why in the world would anyone think that the right place to

2   deal with those issues is at the Third Circuit?  Your Honor,

3   it would be an abdication of your role, as Mr. Rosenthal

4   said, to just punt all of these issues to the Third Circuit

5   and say you deal with it.  Just by way of example, Your

6   Honor, just by way of example, when you look at the Motions

7   for Leave to Appeal in the Canadian Court that have been

8   filed there --

9           THE COURT:  Yes.

10          MR. LEBLANC:  -- they don't have a Statement of

11  Issues in the same way that we do here but there an illusion

12  within those.  There's a suggestion of what the issues are,

13  and those are drafts and the Court has now set a timeline to

14  file the actual briefs that will serve as the basis upon

15  which a Decision will be made so those will be modified.  But

16  we just counted, and these are all attached to the Monitor's

17  submission, we identified 80 issues, 80 issues that the

18  parties collectively have raised, and that's without cross-

19  appeal issues as has been alluded to in the papers.

20          You have ten Appellants today or seven Appellants

21  and three Cross-Appellants in this case.  The idea that we

22  would just say it's ripe for this to go to the Third Circuit,

23  it's ridiculous, Your Honor, frankly.  I don't think you can

24  credibly say that -- not you, Your Honor, but a party could

25  credibly say yeah, this is -- this looks like it's really

1 | ready for the Third Circuit.  And what can happen between now

2 | and when we do get to the Third Circuit if we have to, and

3 | I'll get back to this in a bit?  The process that would

4 | happen at the District Court is the parties would actually

5 | file their Notices of -- their Statements of Issues.

6 |                    THE COURT:  Right.

7 |                    MR. LEBLANC:  They would brief those issues.

8 | Parties would take the other side, presumably, on some of

9 | those issues and maybe they wouldn't on all of those issues.

10 | Maybe some would say -- like the *Ivanhoe* issue, if we hadn't

11 | sought reconsideration.  You know, that's not what we think

12 | the Decision means.  Those issues would simply go away, and

13 | contrary to what Mr. Pultman suggested, when the Third

14 | Circuit is looking at the Decision, yes, it's reviewing your

15 | Decision under the traditional appellate standards, meaning

16 | with deference to your Findings-of-Fact with de novo for

17 | Statements of Conclusion of Law.  But what it is not

18 | reviewing are issues of appeal that have been waived by the

19 | parties by not advancing the positions at the District Court

20 | and it's not reviewing things that people chose not to appeal

21 | because they didn't have to, because there was no opposition

22 | like our *Ivanhoe* issue, or issues that they chose not to

23 | appeal because the District Court gets it right and maybe it

24 | affirms and somebody on this side who's not happy with the

25 | Decision doesn't appeal it or maybe he reverses on an issue

1 and somebody -- and they choose not to appeal that issue

2 because they say well, maybe he's right on that.  What it

3 would serve to do, Your Honor, and I think all of us go back

4 to the *Webber* case with good reason.  What it would serve to

5 do is to narrow, better define, and cement the issues that

6 actually have to be decided at the point in time that, for

7 all practical purposes, will be the last opportunity for

8 anyone to be heard on this, because practical purposes,

9 whether the Supreme Court will accept certiorari on this,

10 it's hard to say.  But the last appeal, as a matter of right,

11 should be done at a time when the parties actually know what

12 the issues are.  They know what the other parties' positions

13 are as to those issues and the parties have done what our

14 adversarial system requires, which is to join issue as to

15 those particular points.  None of that has happened as we sit

16 here today with respect to a great number of the issues that

17 were in Your Honor's Decision because; and again, this is not

18 criticism, this is a statement I think of fact, because Your

19 Honor concluded not to adopt the position of any party and

20 instead came up with your own Decision on how to do it.  So

21 we don't -- we just don't know what people think about those

22 issues.  And, Your Honor, I don't know -- I guess since

23 Keurig has come out, the concept of percolating is a bad

24 word.  It's not our word.  It's not our word.  It's Judge

25 Walker of the Second Circuit.

1          THE COURT:  In *Webber*, yes.

2          MR. LEBLANC:  In the *Webber* Decision.

3          THE COURT:  Yes.

4          MR. LEBLANC:  Saying that this is exactly the kind

5    of thing where it benefits through percolating through the

6    District Court.  Now, let me be clear about what Judge Walker

7    did in *Webber*.  Mr. Rosenthal is correct, and you can look at

8    the Decision, and he says while it was not improper for the

9    Bankruptcy Court to permit the parties to request leave to

10   file a direct appeal and to certify the appeal, we decline to

11   exercise our discretion to hear this Decision or to hear this

12   appeal.  The next two sentences then go on to say that the

13   standards that are required to be met in Section 158 were

14   not, in fact, met in this case.  And the Court concludes by

15   saying, in sum, we think that prior consideration by the

16   District Court would be beneficial and there is no compelling

17   reason for this Court to address the issue in the first

18   instance.  Now, it certainly does not say that was a

19   ridiculous Decision; that was dumb for the Bankruptcy Court

20   to have done so, but it's fairly clear in its direction and

21   what you have, that -- Your Honor will recall.  This was one

22   of the first Decisions to address the application of Section

23   158 and, in fact, one of the issues was the retroactive

24   effect of 158 because it was enacted during the pendency of

25   the case.  So there was a question as to whether it even

1   applied retroactively.

2              Why it's important is you do not have a legion of

3   cases in which the Circuit Courts say we're going to deny

4   certification that was granted by the Lower Court.  Now, the

5   reason you don't have that I submit, Your Honor, is because

6   people like you carefully scrutinize this question and you

7   don't -- to borrow a phrase, willy-nilly, you don't willy-

8   nilly certify issues.  You don't punt them to the Circuit

9   Court.  You let the normal appellate process run its course,

10  except in extraordinary cases and that's why you don't have

11  -- that's why it's so important to look at what the *Webber*

12  Court actually did because it's one of the only examples of a

13  Court saying the Bankruptcy Court certified this to me but

14  we're not going to take it and here are the things that we

15  think about when we decide that it's not appropriate for it

16  to come us.

17             Now, another thing that's important, and this was

18  talked about by my colleagues, Judge Stark has been assigned

19  -- the Chief Judge of the District Court of this District has

20  been assigned the appeals as related to prior appeals that he

21  has pending.  Although they haven't been consolidated, we

22  have no reason to believe they wouldn't all be consolidated

23  there.  Judge Stark has addressed the application of Section

24  158 in other instances.  The *Komax* Decision that we cite in

25  our papers --

1          THE COURT:  Yes.

2          MR. LEBLANC:  -- Your Honor, is a Decision that

3    Judge Stark looked at the factors and, importantly, in

4    deciding whether it was better for him to hear it in the

5    first instance or to kick it upstairs to the Third Circuit or

6    across the State line to the Third Circuit here, in making

7    that decision, he assessed the factors and he can make the

8    decision whether or not he's in a position to decide this

9    issue and he can make that decision, and he's made that

10   decision before.  In *Komax*, he declined the request to

11   certify.  He can also assess, in light of the uncontroverted

12   evidence, and I think this line was in Mr. Rosenthal's

13   pleading, if tomorrow the Third Circuit said we affirm Judge

14   Gross in his Decision and the same thing happened in Canada,

15   there is not a penny being distributed for an indefinite

16   period of time.  We don't know when.  What it means is there

17   is nothing whatsoever about this appeal that today is

18   stopping the distribution of funds to anyone.  Nothing.  If

19   Judge Stark decides that it sufficiently -- it meets the

20   standards, if it's sufficiently ripe, if the issues are clear

21   enough and it meets the standard and he couldn't deal with it

22   quickly enough, he can kick it upstairs.  He has that right.

23   He has that ability.  They have the ability to make that

24   motion.

25          THE COURT:  Right.

1          MR. LEBLANC:  Your Honor should not take that away

2    from Judge Stark, particularly because he's not a stranger to

3    the Nortel cases and he's not a stranger to the application

4    of Section 158.

5          Now, Your Honor, with that, I think I've addressed

6    -- I think we've collectively addressed the arguments that

7    have been advanced and I don't want to belabor this but I do

8    need to comment on one thing.

9          THE COURT:  Yes.

10          MR. LEBLANC:  And it's a question of facilitating

11    settlement; what facilitates settlement; who wants leverage.

12    Mr. O'Connor stood here and said if I were a cynic, I would

13    think they think they're going to lose on appeal.  You know

14    what, Your Honor, I'm a realist.  I know two things.  I know

15    they love your Decision.  They really, really like it.  They

16    don't want it disturbed on appeal.  So I look at this and say

17    I don't have to be a cynic.  I know exactly what they want to

18    do.  They want to, between this Court in the direct

19    Certification Motion and their companion effort to try to

20    deny us leave to appeal in Canada, they don't want anyone to

21    review this or, if they do, if a Court does, and in the U.S.

22    it has to, they want it to be as procedurally deficient as

23    humanly possible.  They want me to spend half of my Brief

24    arguing *Ivanhoe* and they could spend a line in their Brief

25    saying that's not what we think.  They want us to be denied

1  to the greatest extent possible, the procedural rights that

2  the Bankruptcy Code provides us, and I'm not being a cynic

3  when I say that.  It is clear they don't want anything to

4  happen to disturb this Decision and what they want is for

5  Your Honor to utilize the tools available to take away as

6  many procedural rights that we have, push this as fast as it

7  can, have us file a Motion on Thursday without even telling

8  us they were going to move to shorten and have us respond to

9  it last night, argue it today.  Those are the things they

10 want to do.  It's not being a cynic to say they're not

11 comfortable that this will be affirmed on appeal.  They don't

12 want it even considered and if it is considered, do it in the

13 fastest, most ineffective way that it can happen.  Your

14 Honor, that is not a basis upon which you should certify this

15 issue to the Third Circuit.  That is reason enough to say the

16 standards have not been met and for that reason, the Chief

17 Judge of our District Court is going to consider your issues

18 on appeal in a way that he deems procedurally fit and if he

19 deems that it should be expedited or should be certified, he

20 can make those decisions because that's the right place for

21 it to happen to maintain our procedural rights, Your Honor,

22 and I'm not being a cynic when I say -- when -- for Mr.

23 O'Connor to say we want leverage from years of litigation, we

24 don't, Your Honor.  We want our procedural rights and if

25 anyone wants to talk settlement; there's no reason that the

1  progress of this appeal should stop it, they should do so.

2  We welcome that, Your Honor.  So with that, Your Honor, I

3  would submit, Your Honor, there's no basis to certify this

4  issue to the Third Circuit.  Your Honor should allow this to

5  proceed through the normal appellate process and deny the

6  Motion.  Unless the Court has any questions, I thank you for

7  your time, Your Honor.

8           THE COURT:  Thank you, Mr. Leblanc.  Mr. Pultman?

9           MR. PULTMAN:  Thank you, Your Honor.  I see no one

10  standing beyond the parties we have heard.  Your Honor, if I

11  can start with what I'll call the sideshow, which is the

12  question on the Motion to Shorten.  The Motion to Shorten was

13  brought on to get the issue before Your Honor.  There's no

14  artifice about that.  We're very clear about it.  We think it

15  should be before Your Honor.  Your Honor has heard the

16  matter.  Parties all had opportunities to weigh in and tell

17  the Court that they oppose shortening.  They didn't do so.  I

18  understand that they want more time or wanted more time.  I

19  want to be very clear about one thing.  We were perfectly

20  willing to extend a week the Motion before Your Honor if we

21  could, in fact, get it heard with sufficient time for Your

22  Honor to make a ruling before someone can threaten that the

23  Court didn't have jurisdiction.  So we told them we were

24  happy to have that but only if we could, in fact, ensure that

25  it was brought before Your Honor.  So we tried to call Your

1  Honor.  We were unable to achieve that.  After that point in

2  time, we were told in that case, we're going to have to work

3  the weekend anyway so let's just deal with it on Wednesday.

4              THE COURT:  Okay.

5              MR. PULTMAN:  On the question of why we put in our

6  questions of law, our perspective, and now we put it in

7  because the Rule requires us to do it and that's Bankruptcy

8  Rule 8006(f)(2)(b) which talks about on certification to the

9  Court on request what it is we need to put in and that says

10 the questions.  Is it that we voluntarily went in and said

11 that here are all of our questions and we think this is the

12 purpose, as though this is the appeal itself, no.  It was

13 that the Rule required us to put it before.  For the same

14 reason, we put before the Court, as I think Mr. Leblanc

15 mentioned, we put before the Court what was submitted to the

16 Canadian Courts with respect to the Motions for Leave and the

17 reason for that is so that Your Honor should be able to see

18 the range of questions that the various parties have put

19 before it.  But, as Mr. Qureshi concedes, it's not the

20 questions that govern the certification on an appeal.  It's

21 the Order or the Judgment or the Decree and that's by the

22 Rule.  Now, Mr. Leblanc says he doesn't know what our

23 position is with respect to whether we're supportive of Your

24 Honor's Decision or not supportive.  We have filed a

25 contingent cross-appeal and that means that we are supportive

1  of Your Honor's Decision and we'll defend Your Honor's

2  Decision.  To the extent Your Honor's Decision is disturbed

3  in some way or modified in some way, we are going to make

4  arguments that we've made before with respect to Ontario law

5  and the question of what is the proper interpretation under

6  the MRDA and whether it's applicable to the facts at hand.

7            They say, each of them in words or substance, that

8  we're asking Your Honor to punt.  We're asking Your Honor

9  just give it up to the Third Circuit; let them decide.  In

10 fact, the Rules provide for, and I think it was erroneously

11 stated that Your Honor -- and it was Mr. Leblanc who said

12 Your Honor has the discretion.  It is a matter of discretion

13 for the Third Circuit to take it or not to take it.  It is

14 not a matter of discretion for Your Honor.  If Your Honor

15 finds the circumstances; either there's no controlling law or

16 if it may materially advance the matter, that's not a matter

17 of discretion.  That is what the Rule says, Your Honor shall

18 certify it and we're telling Your Honor that in this

19 instance, we believe you should certify it for both of those

20 reasons, first, on the no controlling law.  On that point, if

21 you look at the cases that they've cited and the cases that

22 they stand on today, those cases are cases where they say

23 there is controlling law and the debate is application.

24 That's what the parties are saying and the Courts are

25 agreeing.  Your Honor said there is no controlling law.  In

1  that instance, Your Honor, and this is perhaps why it's more

2  important that it be heard by Your Honor than by Judge Stark.

3  Your Honor knows Your Honor's ruling.  You know what you said

4  to the Court.  You know on page 60 what you said about there

5  is no controlling law.  We believe that deals with and is

6  dispositive of the issue.  I do want to take up an invitation

7  by Mr. Rosenthal because he's correct.  He said I ignore the

8  invitation as to what occurred two days ago in Canada.  I

9  want to be very clear about this.  In Canada, we, the

10  Monitor, the Canadian Debtors did not oppose the Motion for

11  Leave.  We are --

12             THE COURT:  You did not?

13             MR. PULTMAN:  Did not.  Now, we may well -- there

14  may well be procedural matters in which we will take a

15  position.  At the moment, as Your Honor correctly pointed

16  out, all it takes is one party and one party only to oppose

17  the Motion for Leave.  In that instance, and I understand

18  that a party stood up in Court this week and said it will

19  oppose and, therefore, the Court had to set a schedule.  It's

20  because of that that the Court set scheduling with respect to

21  responses and in response, we will take position.

22             There was some -- I'm sure -- there were

23  statements with respect to whether this will or will not --

24  if certification from Your Honor will or will not shorten,

25  materially shorten, the matter.  First, the standard is not

1  whether it will.  It's whether it may.  That's the standard

2  under the Rule.  I believe it was Mr. Qureshi who said that I

3  promised that everyone will be happy at the end of the

4  appeal.  I don't promise that at all, Your Honor.  What I do

5  promise, or what I do tell Your Honor that we forcefully

6  belief, is that resolution of the single most important issue

7  in the case on allocation will materially advance the case

8  and it will do it in several ways.  They do ignore the

9  invitation Your Honor put in the ruling with respect to

10 seeking interim distributions.  While we may not get to the

11 bottom dollar of every last claim in every last proceeding,

12 final disposition of the issue of allocation, that one issue

13 will undoubtedly open the parties to bring -- to respond to

14 Your Honor's invitation.  It will allow the parties to come

15 to the Court for an interim distribution on the basis of this

16 Court's ruling.  Now, it will also require in parallel an

17 application to the Canadian Court and it will require that

18 the Courts be on the same page.  But the one thing we do know

19 is that resolution of the issue of allocation is the single

20 most important issue for this Court to materially advance

21 this case.  That's not just our position today.  It's been

22 the position of the Monitor throughout and it's been the

23 position of all of the parties to this case.

24          Mr. Rosenthal pointed to what he said is the most

25 important controlling issue of law or the issue that needs to

1   be addressed, which is did this Court have the authority to

2   order a modified pro rata allocation.  That's a legal

3   question without clear governing controlling principle of

4   law.  Your Honor spoke about other cases.  Your Honor spoke

5   about 105.  Your Honor spoke about *Owings Corning*.  But

6   that's not the same as saying that there is a governing

7   principle of law.  Your Honor found that there was none.

8            I want to come to the point that was made by both

9   Mr. Rosenthal and by Mr. Leblanc which is who's to say that

10  there's going to be an appeal to the Third Circuit.  Mr.

11  Rosenthal is an optimist.  He says maybe, maybe not.  I think

12  six and a half years into this case, the one thing we know,

13  and Mr. Qureshi basically conceded, is that there is going to

14  be an appeal to the Third Circuit either by the parties on

15  this side of the aisle or by the parties on the other side of

16  the aisle and we don't need to spend an extra year; we don't

17  need to spend the additional cost; we don't need to spend the

18  additional energy for purposes of that.  This is the precise

19  case that the Rule envisioned when it said would resolution

20  materially advance the resolution of the case.  This will

21  resolve the case in one way or another.  It will move it

22  forward.  It will make parties fold up their tents and become

23  serious.

24           I do finally want to agree with what Mr. Leblanc

25  said which is with respect to settlement.  With respect to

1    settlement, we believe, the Monitor believes, that any

2    settlement discussions that will be ongoing, and we are open

3    to ongoing discussions, what we believe is that those

4    discussions should not stop the case in its tracks.  It

5    shouldn't stop the appeal.  It shouldn't stop the claims

6    process.  It should continue the entirety of the case

7    proceeding.  So we don't think going to the Circuit is going

8    to have the effect of stopping that.  We think that we are --

9    continue to be open to all of those discussions so long as

10   they are done in parallel and not for the purpose of slowing

11   or stopping this matter.  We think it's time that the matter

12   be resolved.  We think it's time that this issue in

13   particular, the question of resolution of the Allocation

14   Decision be finally resolved.  We ask that you certify it.

15   Thank you, Your Honor.

16              THE COURT:  Thank you, Mr. Pultman.

17              MR. O'CONNOR:  If I may have just five --

18              THE COURT:  Mr. O'Connor, yes.

19              MR. O'CONNOR:  -- minutes, Your Honor?

20              THE COURT:  Yes.

21              MR. O'CONNOR:  I'd like to start with my agreement

22   with both Mr. Rosenthal and Mr. Qureshi when they said that

23   the real first question here in the appeal is did you have

24   the authority, Judge Gross, to order allocation on a modified

25   pro rata?  We all know, notwithstanding all of the talk this

1    morning about nobody knowing what the issues are without

2    Statements of the Issues on appeal, we know that is the

3    fundamental question that either the District Court or the

4    Third Circuit, or both perhaps, will have to grapple with and

5    I would submit, Your Honor, that you yourself could certify

6    that question to the Third Circuit even without the request

7    of any of the parties and you wouldn't need to wait for the

8    parties to submit their Statements of Issues on appeal.

9    You're the person in the best position to know whether you

10    think, number one, there was any precedent that was

11    controlling in the Third Circuit.  You know that.  You're the

12    person who also knows, given the history of this case,

13    whether there's a chance that a direct appeal to the Third

14    Circuit would materially or would advance or progress the

15    case.  This idea that the record is not ready, I really don't

16    understand that.  The record is what the record is.  The

17    record, whether it's in the District Court or in the Third

18    Circuit, will be exactly the same record.  It will be all the

19    trial testimony, the exhibits, the deposition designations.

20    The record is not going to change whether this is certified

21    to the Third Circuit or it goes to the District Court.  It

22    just doesn't -- that argument just doesn't make any sense.

23    And the idea that somehow this is forum shopping because we

24    are asking you, the Judge who authored the Decision, to

25    certify this when the Rules give you, and give only you, the

1   jurisdiction to do that for the first 30 days after the

2   Notice of Appeal, to call that forum shopping, to me, is

3   ridiculous.  And I come back to the point about whether this

4   is going to progress the case.  There's two ways I see this

5   progressing the case.  One, and avoiding expense.  We know

6   that there will be -- obviously, there's a lot of parties, a

7   lot of people feeding at the trough here on two levels of

8   appeals.  There's that expense alone.  But you also heard Mr.

9   Qureshi, and I think perhaps Mr. Rosenthal or maybe it was

10  Mr. Leblanc; I forget which, also say that given your

11  Allocation Decision, since it is based upon the modified pro

12  rata and needing to know all of the claims across the world,

13  they are going to be spending a lot of time and energy

14  looking at claims in other jurisdictions that they would not

15  otherwise be doing but/for your Decision.  And I come back to

16  the point if they are so confident that you got it wrong and

17  that the revenue theory is the applicable theory that you

18  should have applied, the sooner that that gets resolved by

19  you, the sooner they don't have to be looking at claims all

20  across the world and spending that additional time and money

21  doing that.  Now, their only answer to that, I think, is that

22  well, it won't be enough for you to have your Decision

23  affirmed by the Third Circuit or reversed by the Third

24  Circuit because we'll have to have something happen in Canada

25  too.  And the only thing I can say to that, Your Honor, is

1   you can't control what happens in Canada.  You can control

2   what happens in the United States and I think it's in

3   everyone's interest that you allow this process to progress

4   as quickly as possible to arrive at a result where we can

5   either settle this case or distributions can be made.

6          And finally, the point of Mr. Leblanc that somehow

7   we are trying to deprive all the other parties of their due

8   process rights, that's simply not the case.  This is a

9   procedure that's allowed for.  All we're asking is that Your

10  Honor, which I think again, you could do it on your own sua

11  sponte, you know what you thought at the time you wrote that

12  Decision.  Nobody's seeking to deprive anybody of any due

13  process rights.  Thank you.

14         THE COURT:  Thank you, Mr. O'Connor.  Mr.

15  Rosenthal, it looks like you'd like to be heard.

16         MR. ROSENTHAL:  Yes, Your Honor.

17         THE COURT:  All right.

18         MR. ROSENTHAL:  You know, I'm actually glad that

19  even though UKP didn't join the Motion, file any papers, that

20  Mr. O'Connor got up to argue rebuttal because I think he made

21  two points that, frankly, Your Honor, show why we need to win

22  this Motion.  His first point is he said we all agree that

23  the primary issue, the threshold issue is whether the Court

24  had the authority.

25         THE COURT:  Right.

1            MR. ROSENTHAL:  You know that issue.  You could

2  certify that right now.  The only problem with that argument

3  is that issue does not meet the standard under 158 because

4  there was controlling authority.  You say that there is, Your

5  Honor.  Page 98 of your Opinion, you go through the -- you

6  talk about 105 and you talk about Third Circuit law and you

7  cite Southern District of New York law, all about your

8  authority.  So the idea that because you know the issue;

9  therefore, you should certify it, it's exactly the opposite.

10 You know that the threshold issue is one on which there is

11 controlling law, not that there isn't.  And the second point

12 that I want to mention that Mr. O'Connor made and then I'll

13 go back to Mr. Pultman, is he spoke about costs, costs,

14 costs.

15            THE COURT:  Yes.

16            MR. ROSENTHAL:  There is no place in 158 that says

17 that that's a factor and the -- all of the case law says --

18            THE COURT:  Well, materially advance could

19 encompass that as a factor.

20            MR. ROSENTHAL:  Well, not according to the case

21 law.

22            THE COURT:  Okay.

23            MR. ROSENTHAL:  The case law continually says the

24 fact that it's going to be cheaper doesn't satisfy this.

25            THE COURT:  Okay.

1          MR. ROSENTHAL:  Materially advance is bring us to

2    an ultimate resolution faster, not cheaper, because if it

3    were cheaper, the answer would be always satisfied.  Why

4    would we have the standard?  So the two key points that Mr.

5    O'Connor made really underscore why this Court needs to deny

6    the Motion.

7          I want to go back to now just a few things that

8    Mr. Pultman said.  He said we put in the questions because

9    the Rule requires it, not that we wanted to.  Well, let's

10   think for a moment.  Why would the Rule require it?  I mean

11   it's obvious.  The Rule requires it so the Court can look at

12   those issues and say are these issues on which there's no

13   controlling issue of law?  Otherwise, it's just a foolish

14   exercise.  And with regard to his first issue, it's not the

15   threshold issue; Mr. O'Connor defined the threshold issue.

16   And with regard to the second issue, it's interesting because

17   Mr. Pultman said I take up Mr. Rosenthal's invitation.  But

18   he didn't take up my invitation that I actually extended.  I

19   said let Mr. Pultman get up here and tell you that issue

20   number two --

21          THE COURT:  Yes.

22          MR. ROSENTHAL:  -- that they defined has no

23   controlling issue of law, because I'd love for him to say

24   that because, in Canada, they're saying Ontario law says you

25   got it exactly right and controlled this issue.  Let him come

1   up and say what he said in his papers.

2           With regard to Monday, which I did not extend any

3   invitation to him about but I will comment on what he said,

4   he said that they did not oppose.  Well, Monday was a

5   procedural conference to talk about briefing schedules and to

6   talk about organization.

7           THE COURT:  In Canada?

8           MR. ROSENTHAL:  In Canada.

9           THE COURT:  Yes.

10          MR. ROSENTHAL:  And -- yes.  Did the Monitor use

11  the words we are opposing?  No, because they weren't asked at

12  the time.  But they were asked to talk about a briefing

13  schedule and coordination and the parties that needed to

14  coordinate on the Opposition Brief needed to raise their

15  hands and say I want to coordinate, and my understanding is

16  UKP wanted to take the lead in the Opposition Brief and the

17  Monitor and the CCC were not very happy with that suggestion.

18  So, yes, maybe they didn't utter the words because it wasn't

19  that moment for them to do it.  We are opposing.  But they

20  discussed when their Brief would be due for opposing and that

21  they didn't want the UKP to take the lead in filing that

22  Brief.

23          The Monitor -- Mr. Pultman says, of course, the

24  Monitor supports the Decision.  So we know now the Monitor

25  supports the Decision.  But that's not what Mr. Leblanc was

1  talking about.  It's what are their arguments going to be,

2  because we've never seen a single Brief from them, a single

3  page of a Brief reflecting their arguments that they will

4  present for the first time on this appeal and that's the key

5  point that Mr. Leblanc was saying.  Issue has not been

6  joined insofar as we don't know their arguments.  We know

7  what the Court said but we don't know what their appellate

8  arguments are going to be and should that be hashed out first

9  in front of the District Court?  Should the issues be focused

10  and narrowed and all these procedural -- another thing, you

11  didn't hear Mr. Pultman get up and respond to at all, because

12  I really don't think he has a response, is all of these

13  procedural hurdles that they want to throw out there, Mr.

14  Leblanc pointed out should these be first vetted before the

15  Third Circuit or the District Court?  He put that issue on

16  the table.  We didn't hear a response.  Mr. Qureshi spoke for

17  a long time, and I did as well a little bit, about the case

18  law; not the legislative issue, but the case law saying

19  factual issues are not appropriate for certification.  We

20  didn't hear one word, not one word, in rebuttal saying that

21  Mr. Qureshi was wrong, that I was wrong about that, and that

22  factual issues are appropriate.  And it's not us who's saying

23  that these are factual issues because we actually think that

24  our appeal is going to be focused primarily; maybe

25  exclusively, maybe not; we haven't defined our issues yet,

1  but we think that there are dispositive legal issues that

2  will take care of this on which there's controlling

3  precedent.  But the Monitor has said these are factually

4  complex issues and taking them at how they define it, there's

5  a lot of case law and we haven't heard any disagreement with

6  that.

7          The last thing is -- or two more quick things.

8  One is with regards to the interim distribution point.  You

9  know, the speed with which we get to the Third Circuit and

10  get a Decision out of the Third Circuit will not enable

11  material interim distributions and that's the only argument

12  that I've heard is that we want interim distributions for

13  several reasons.  One is we need the Canadian appellate

14  process too.  And the second thing is that the UKP claim and

15  the other -- the EMEA claims collectively, have such a

16  material impact, such an impact on the numbers that you're

17  not going to be able to dispense with distribution of a lot

18  of the lockbox until we get to the end of that EMEA process.

19          And the last point I want to make is, you know,

20  I've suggested Judge Stark is quite capable of making this

21  ruling and obviously, to the extent that Your Honor thinks

22  that either this deadline is not realistic for you, then,

23  sure, Judge Stark can decide.  To the extent that Your Honor

24  thinks that there may be some merit to the Motion but not on

25  this record, then you can deny and they could renew before

1  Judge Stark with a record of what is the EMEA timeline; what

2  is the Canadian timeline; what are the actual issues on

3  appeal?

4          THE COURT:  Yes.

5          MR. ROSENTHAL:  But you also can deny this right

6  now because I think that the arguments that we've made, they

7  don't change and the standards will not be and cannot be

8  satisfied because they have said these are factually complex

9  records.  They have said they intend to inject a lot of

10  procedural issues into this.  All of those things and all of

11  what Mr. Leblanc said in his argument, which I adopt, show

12  that it can be denied now.  You don't need to have Judge

13  Stark make this ruling.  But if there's merit at all that you

14  see to it, that you think that the filling out of the record,

15  as we've pointed out, can overcome these problems, which we

16  don't think you can, then the appropriate result is let them

17  go to Judge Stark with a fuller record to support it.  But

18  it's not our primary request.  Our primary request is they

19  can't cure the things that compel denial here.  Thank you.

20          THE COURT:  Thank you, Mr. Rosenthal.  Mr. --

21          MR. ROSENTHAL:  Your Honor, on the last point --

22          THE COURT:  The last point, yes.

23          MR. ROSENTHAL:  The last point, which was that

24  we're injecting procedural issues, our goal is not to inject

25  anything.  Our goal is to move to the side on procedural

1   issues.  We went to Judge Stark on the issue of the

2   Interlocutory Order to avoid all of that.  We never moved

3   with respect to the standing question, and as I'm corrected

4   today, with respect to NNSA on their standing, we didn't take

5   on the PBGC, and likely won't because our goal is one.  Our

6   goal is to get to the appeal and to get it resolved.  Thank

7   you, Your Honor:

8               THE COURT:  Thank you, Mr. Rosenthal.  Well,

9   first, let me say that with regard to the argument today, I

10  waited to sign the Order shortening the time to give parties

11  a chance to call to let me know that they didn't -- that they

12  opposed and wanted to put in opposing papers and I didn't get

13  the call so I signed and we entered the Order.  I'm on

14  vacation the next two weeks.  I knew that that impacted the

15  time and, although I would have come back to hear argument on

16  this, frankly, we already had this scheduled for today and I

17  figured it made sense.  So that's why we're all here today

18  and I do apologize to people who had to work the weekend.

19              MR. ROSENTHAL:  We appreciate that, Your Honor,

20  and we got it done.

21              THE COURT:  Right.  You did.

22              MR. ROSENTHAL:  We got it done and we certainly --

23  the last thing we would have wanted to have done was impact

24  your vacation.  So I'm glad that it was done on this schedule

25  in that circumstance.

1          THE COURT:  Well thank you, Mr. Rosenthal.  I

2   appreciate that and I'm going to take it under advisement but

3   I will say this to you.  I'm inclined to deny the Motion.  I

4   do think that there may be controlling law on the issue.  I

5   don't think that the immediate appeal will materially advance

6   the progress of the case and I have reasons that I'd like to

7   put in writing, but I am strongly inclined to deny the Motion

8   and if I change my mind between now and when the Order comes

9   out, frankly, I'll be surprised but I've been surprised

10  before and I appreciate everyone's fine arguments and papers.

11  You did a very fine job but I just don't think that, as

12  parties have said repeatedly, that the matter is yet ready

13  for certification to the Third Circuit.  If a Motion is posed

14  to Judge Stark, Chief Judge Stark, and he disagrees with me,

15  that's certainly something that is his right to do but I just

16  don't think that it's ready at this point and so that will

17  probably be my decision.  But I appreciate everyone and with

18  that, we'll stand in recess and --

19          MS. SCHWEITZER:  Your Honor?

20          THE COURT:  Yes?

21          MS. SCHWEITZER:  Thanks --

22          THE COURT:  Yes, Ms. Schweitzer?

23          MS. SCHWEITZER:  I'm sorry.

24          THE COURT:  Oh, and by the way, forgive me.  When

25  you file your Statement of Issues on Appeal and designate the

1  record when you file that document, file it simultaneously.

2  I've been asked by the District Court to enter an Order with

3  the District Court.  So you'll file it here and in the

4  District Court, rather than have us have to then send it all

5  over to the District Court.  Yes, Ms. Schweitzer?

6         MS. SCHWEITZER:  Thank you, Your Honor.  I'm here

7  to give you, for the moment, a procedural heads-up, but,

8  unfortunately, it's something that might need your attention

9  before you leave for vacation.

10        THE COURT:  All right.

11        MS. SCHWEITZER:  And there has been a -- it

12  relates to a Motion that's been filed before the Canadian

13  Court relating to the destruction of documents and records by

14  the Canadian Debtors.  I'll give you a minute of background,

15  not to get to the ultimate merits, but just so you have a

16  context of what's going on.  On July -- around the 14th or

17  15th, the Canadian Debtors and Monitors filed a Motion before

18  the Canadian Court proposing procedures for destruction of

19  documents and dismantling of servers, having a lot of

20  electronic records of Nortel.  To give you the magnitude, I

21  think it was 38,000 boxes of documents, 234 servers with data

22  on them, like a wholesale sweep, and the -- one of the

23  dividing lines was all [indiscernible] documents except for

24  certain categories highly described that the Canadian Debtors

25  think are relevant to their claims or their cases.

1           THE COURT:  Okay.

2           MS. SCHWEITZER:  We didn't have advance notice of

3    the Motion.  There was no one that reached out and it's set

4    for a hearing on August 5th.  So when having gotten the Motion

5    and reviewed it and realizing it's just impossible for us to

6    get our hands around 40,000 -- boxes of documents and servers

7    and all that before August 1st -- 5th, we had requested that

8    the hearing be adjourned last week and we were told no.  And

9    so then we wrote again and said we have very serious concerns

10   because this is just a wholesale throwing out of documents

11   and decommissioning of electronic data that we don't know --

12   it's not just handing over a CD if we want it type thing and

13   please, let's talk.  Can we work through a process?

14   Historically, you may even not remember, in 2010, the U.S.

15   Debtors had proposed document procedures and sat and talked

16   at length with the Monitor about possible coordination.  We

17   have the same issues in the U.S. of leases getting up and

18   boxes of documents being thrown out.  We have a history of

19   cooperation.  So -- and, quite frankly, there's, you know,

20   Nortel records.  We have no comfort that there aren't U.S.

21   Debtor books and records in Canada.  So as of last Thursday,

22   Friday, we again wrote and said please, this can be an

23   automatic stay issue.  Please, can we talk, and we think

24   that, you know, if nothing else, we have to have a joint

25   hearing but our force let us put it off.  Our answer the

1  first time was the procedures contemplate that even if

2  approved August 5th, that all the reconciliation can be done

3  in two months; that's enough time, even though we're not

4  answering your calls.  Now, surely, we can work this all out

5  and that the one rub to the procedures that they seek to

6  approve on the 5th is that if there's ongoing conversations

7  with any counter-party, that that counter-party bears all the

8  continued costs of maintenance while the disputes are being

9  resolved, which I understand, facing third-parties.  Maybe if

10 it was a smaller subset of documents or data.  That's not

11 beyond consideration.  But the wholesale shifting of I'm

12 pulling the plug or someone else can pay for the maintenance

13 --

14         THE COURT:  Right.

15         MS. SCHWEITZER:  -- while it's being worked out.

16 I'm very hopeful that the merits can ultimately be worked

17 out.  We've had historic cooperation.  But after writing

18 again on Friday, no one responded and we said we need a joint

19 hearing.  Monday, we asked, again, to write and say can you

20 please confirm if you'll consent to a joint hearing.  Let us

21 know by last night.  Stony silence.  Again, this morning, our

22 Canadian Counsel wrote and said we have to bring this up in

23 front of the Judge.  We have to get a Notice on file.  We now

24 understand, ironically from the Canadian Debtors, that you'll

25 be on vacation for the next week when the hearing is now

1  scheduled.  So I'm not seeking to have you do anything at

2  this moment standing here.  We do have to put a Notice on

3  file.  But I do have a concern that if we continue being met

4  with stony silence and the hearing is on the 5th while you're

5  away, I don't want to start -- you to come back with Motions

6  for Stay and reversals and procedural morass, for lack of a

7  better word, just simply because have stony silence.  So I am

8  not asking Mr. Pultman to respond now.  Our Canadian Counsel

9  is, you know, or reaching out.  Hopefully by the end of the

10 day, there's something that can avoid the Court's

11 intervention, is proposed to us, but in the absence of that,

12 given that I hate to bother people on a Friday afternoon as

13 they're heading out for vacation, I wanted you to just be

14 aware that this issue was, for lack of a better word,

15 percolating right now or we're attempting to get to a place

16 that we can resolve it so.

17          THE COURT:  Well, or you can Notice it for the 5th.

18          MS. SCHWEITZER:  Okay.

19          THE COURT:  And I'll hear it.  I don't know what

20 time.  What time is the matter being heard in Canada, if you

21 recall?

22          MS. SCHWEITZER:  I am not sure I have that in

23 front of me but I would assume it's 9 or 10:00 in the morning

24 --

25          THE COURT:  All right.

1              MS. SCHWEITZER:  -- but we certainly could find

2    that out.

3              THE COURT:  All right.

4              MS. SCHWEITZER:  So --

5              THE COURT:  So Notice it for when that hearing is

6    to be held and I will hear you.

7              MS. SCHWEITZER:  Okay.

8              THE COURT:  All right.

9              MS. SCHWEITZER:  Well, I would hate to pull you

10   away from a vacation.

11             THE COURT:  That's all right.  I'll be back --

12             MS. SCHWEITZER:  Okay.

13             THE COURT:  -- in between so that will work.

14             MS. SCHWEITZER:  Okay.  Thank you, Your Honor.

15             THE COURT:  Yes.  Mr. Pultman?

16             MR. PULTMAN:  And I'm a little behind in terms of

17   the particulars.  I do understand that there was this Motion

18   brought in mid-July.  It was set for August 5th --

19             THE COURT:  Yes.

20             MR. PULTMAN:  -- with three weeks' notice.  I

21   understand that there are ongoing discussions between

22   Canadian Counsel for the U.S. Debtors and the lawyers at

23   Goodman's for the Monitor.  Stony silence is something that's

24   unusual in this.  I understand that there have been a lot of

25   discussion back and forth with respect to it.  I can't speak

1  to what the particulars are as I'm not the right lawyer for

2  that.  I do know that there have been ongoing discussions and

3  likely will be ongoing discussions.  So I don't want Your

4  Honor to think that anyone's out there taking any activities

5  in terms of destroying documents or doing anything without

6  the approval of the Courts.  There is absolutely nothing to

7  that and I do believe that there will be and have been

8  ongoing discussions, Your Honor.

9          THE COURT:  All right.

10          MS. SCHWEITZER:  Your Honor, I'm not going to

11  debate the history of the correspondence.  But I am --

12          THE COURT:  Yes.

13          MS. SCHWEITZER:  -- pleased to hear that there

14  will be ongoing discussions so, hopefully, we can allow you

15  to have a peaceful vacation.

16          THE COURT:  I hope so, but if not, I'll interrupt.

17          MS. SCHWEITZER:  Thank you, Your Honor.

18          THE COURT:  All right?  With that, we'll stand in

19  recess everyone.  Good day.  Good travel.

20          MR. ROSENTHAL:  Thank you.

21          THE COURT:  And --

22          MR. ROSENTHAL:  Good vacation.

23          THE COURT:  Thank you.  Thank you.

24          UNKNOWN:  Thank you, Your Honor.

25      (Whereupon, at 12:38 p.m., the hearing was adjourned.)

1                       CERTIFICATION

2          I certify that the foregoing is a correct

3   transcript from the electronic sound recording of the

4   proceedings in the above-entitled matter.

5

6   _____        July 30, 2015

7   Tammy Kelly, Transcriber                      Date

Word Page:Line

**100-page**(1) 45:21
**150(a)(d)(2)(a)(iii**(1) 38:9
**158(d)(2**(1) 9:21
**158(d)(2)(a)(i**(1) 10:10
**158(d)(2)(a)(iii**(2) 10:11 23:18
**158(d)(2))(b**(1) 11:14
**8006(f)(2)(b**(1) 84:8
**a.m**(4) 1:15 9:1 71:9 71:9
**abbott**(7) 1:26 9:5 9:6 9:7 9:7 9:11 9:15
**abdicating**(1) 48:1
**abdication**(1) 75:3
**abid**(2) 3:13 58:3
**abilities**(1) 19:15
**ability**(12) 16:22 18:4 19:14 19:15 25:9 27:11 41:6 41:7 41:11 69:17 80:23 80:23

**able**(4) 33:7 35:16 84:17 97:17
**abn**(1) 63:15
**about**(59) 13:16 15:7 15:16 22:23 23:11 23:12 30:18 35:5 36:21 40:22 43:7 46:11 47:8 48:10 50:13 55:10 55:13 55:18 55:23 56:8 56:23 57:14 57:18 61:6 61:20 68:17 71:25 72:3 72:22 74:10 74:12 77:21 78:6 79:15 79:18 80:17 83:14 83:14 83:19 84:8 86:4 86:9 88:4 88:5 88:5 90:1 91:3 93:6 93:6 93:7 93:13 95:3 95:5 95:6 95:12 96:1 96:17 96:21 102:16

**aboveentitled** (1) 107:4
**absence**(3) 22:8 58:24 104:11
**absolute**(1) 45:15
**absolutely**(6) 43:9 51:24 58:25 63:18 66:6 106:6

**accept**(3) 37:10 70:14 77:9
**according**(3) 27:5 33:25 93:20
**accused**(1) 43:18
**achieve**(1) 84:1
**acknowledged**(1) 68:25
**acknowledges**(1) 60:25
**across**(3) 80:6 91:12 91:20
**acted**(1) 42:4
**acting**(1) 39:3
**actions**(1) 52:23
**activities**(1) 106:4
**actual**(2) 75:14 98:2
**actually**(16) 17:9 36:4 36:22 49:15 50:22 64:4 73:3 74:4 74:17 76:4 77:6 77:11 79:12 92:18 94:18 96:23

**adam**(1) 4:30
**add**(2) 61:7 62:20
**additional**(3) 88:17 88:18 91:20
**address**(7) 61:15 63:20 64:22 71:17 71:22 78:17 78:22

**addressed**(5) 72:18 79:23 81:5 81:6 88:1
**adjourned**(2) 102:8 106:25
**adler**(1) 8:9
**administered**(1) 1:6
**administrator**(3) 3:42 32:21 38:6
**administrators**(7) 2:12 6:5 29:23 30:1 30:11 32:20 67:8

**admission**(1) 61:1
**admitted**(1) 55:3
**adopt**(4) 40:2 44:21 77:19 98:11
**adopting**(2) 72:24 72:25
**adoption**(1) 45:4
**advance**(29) 10:21 16:1 23:20 24:20 28:9 29:7 30:2 33:22 38:9 42:22 43:14 46:12 46:13 47:20 50:21 50:23 51:3 51:5 53:9 69:4 85:16 87:7 87:20 88:20 90:14 93:18 94:1 100:5 102:2

**advanced**(5) 31:23 53:24 57:19 72:24 81:7
**advancement**(2) 66:11 69:15
**advancing**(2) 11:5 76:19
**adversarial**(2) 67:2 77:14
**adversaries**(2) 56:6 57:19
**advisement**(1) 100:2
**advisors**(1) 33:17
**advocated**(1) 74:16
**advocates**(1) 68:2
**affected**(1) 29:15
**affirm**(1) 80:13
**affirmed**(3) 45:5 82:11 91:23
**affirms**(1) 76:24
**afraid**(1) 37:4
**after**(16) 10:7 15:14 15:18 18:3 26:19 28:13 28:14 29:12 36:17 37:20 49:16 58:13 60:6 84:1 91:1 103:17

**afternoon**(2) 39:19 104:12
**again**(26) 16:20 29:3 36:6 36:12 36:19 42:23 44:5 47:7 53:10 53:14 56:22 60:22 61:21 63:22 64:15 66:11 68:13 69:15 70:6 77:17 92:10 102:9 102:22 103:18 103:19 103:21
**against**(1) 65:23
**agenda**(2) 9:8 9:14
**aggressive**(1) 68:2
**ago**(7) 14:10 17:4 20:23 27:15 27:15 51:24 86:8

**agree**(8) 30:2 36:10 40:24 43:25 68:9 70:2 88:24 92:22

**agreed**(3) 28:8 28:8 36:14
**agreeing**(1) 85:25
**agreement**(4) 22:9 42:20 45:6 89:21
**ahead**(1) 57:3
**air**(1) 49:1
**airlines**(1) 63:16
**aisle**(3) 13:6 88:15 88:16
**akin**(5) 3:12 4:39 5:31 37:6 58:3
**alberto**(1) 4:7
**all**(107) 9:2 9:4 13:1 13:3 19:24 21:6 21:7 21:8 21:14 22:10 22:11 23:8 25:4 26:21 26:24 29:4 30:3 31:20 32:3 32:24 33:21 34:15 35:7 35:16 35:24 36:10 37:5 37:13 37:21 39:5 39:16 40:5 40:13 40:22 43:8 43:14 43:24 46:21 46:23 47:10 48:23 50:11 51:16 53:1 56:1 56:4 56:11 56:21 57:8 57:16 59:9 60:17 61:14 61:23 62:11 66:3 66:15 67:16 68:3 68:24 69:10 70:23 71:7 75:4 75:16 76:9 77:3 77:7 79:22 83:16 84:11 86:16 87:4 87:23 89:9 89:25 89:25 90:18 91:12 91:19 92:7 92:9 92:17 92:22 93:7 93:17 96:10 96:11 96:12 98:10 98:10 98:13 99:2 99:17 101:4 101:10 101:23 102:7 103:2 103:4 103:7 104:25 105:3 105:8 105:11 106:9 106:18

**allen**(3) 2:31 6:18 9:18
**allocate**(4) 33:20 34:23 62:2 62:9
**allocation**(35) 9:25 11:2 11:5 11:11 11:12 16:2 16:5 19:19 20:11 20:13 20:20 21:14 21:20 23:22 27:22 27:24 28:7 28:21 31:19 34:2 34:7 34:12 50:25 54:7 60:24 61:25 66:22 67:23 87:7 87:12 87:19 88:2 89:13 89:24 91:11

**allow**(6) 34:8 71:2 83:4 87:14 92:3 106:14
**allowed**(1) 92:9
**allowing**(2) 70:15 70:25
**alluded**(4) 71:21 72:17 74:21 75:19
**almost**(2) 40:11 57:13
**alone**(3) 32:15 68:11 91:8
**along**(1) 53:8
**already**(5) 11:8 23:10 33:16 70:18 99:16
**also**(21) 10:1 12:7 16:25 20:1 20:21 27:21 30:17 30:20 30:25 31:14 36:6 38:22 54:7 58:17 68:17 80:11 87:16 90:12 91:8 91:10 98:5

**alternative**(2) 5:38 8:12
**although**(3) 10:17 79:21 99:15
**always**(3) 39:12 51:10 94:3
**america**(2) 3:17 7:22
**american**(1) 65:10
**americas**(2) 2:34 2:47
**among**(3) 13:24 46:10 62:10
**amount**(2) 34:9 51:2
**amro**(1) 63:15
**analyze**(1) 43:2
**analyzing**(1) 43:20
**and**(301) 2:18 9:18 9:19 9:23 10:1 10:3 10:6 10:9 10:15 10:19 10:25 11:2 11:10 11:11 11:20 11:23 11:23 12:7 12:10 12:10 12:16 12:19 13:1 13:5 13:14 13:14 13:16 13:21 13:23 13:23 13:25 14:1 14:12 14:13 14:17 14:18 14:19 15:5 15:7 15:13 16:8 16:15 16:18 16:19 16:23 17:6 17:7 17:12 17:16 17:18 17:24 17:25 18:1 18:3 18:12 18:13 19:1 19:6 19:11 19:13 19:20 20:2 20:7 20:8 20:12 20:15 20:17 20:25 21:3 21:4 21:5 21:16 22:3 22:7 22:12 22:25 23:4 23:15 23:15 23:17 23:23 23:24 24:1 24:4 24:6 24:14 24:16 24:22 25:3 25:11 25:13 25:21 26:3 26:3 26:5 26:20 26:25 27:4 27:7 27:11 27:21 27:25 28:3 28:6 28:7 28:8 28:10 28:13 28:19 28:19 28:19 28:22 29:2 29:4 29:10 29:23 30:5 30:11 30:19 30:24 31:17 31:23 32:5 32:16 32:18 32:20 32:22 33:5 33:7 33:9 33:16 33:24 33:25 34:2 34:3 34:4 34:9 34:10 34:12 34:13 34:19 34:20 34:22 35:2 35:3 35:6 35:12 35:18 35:20 35:21 36:3 36:16 36:19 37:1 37:3 37:6 37:7 37:10 37:12 37:13 37:14 37:15 37:16 37:19 38:7 38:10 38:16 38:17 38:20 38:24 38:25 39:12 39:13 40:2 40:9 40:10 40:16 40:22 41:9 41:15 41:17 41:20 42:2 42:3 42:6 42:8 42:10 42:16 42:19 42:22 42:23 42:24 43:13 43:14 43:16 43:19 43:19 43:21 44:3 44:4 44:18 44:22 44:22 44:23 44:24 45:7 45:10 45:20 46:1 46:5 46:11 46:11 46:18 46:19 46:19 46:20 46:20 46:22 46:24 46:24 46:25 47:1 47:6 47:12 47:12 47:19 47:20 47:22 47:25 48:2 48:12 48:17 48:20 48:25 49:1 49:9 49:11 49:11 49:12 49:12 49:13 49:14 49:14 49:19 49:23 49:24 50:2 50:2 50:3 50:5 50:10 50:13 50:15 50:15 50:16 50:17 51:14 51:17 51:18 51:23 51:25 52:12 52:14 52:16 52:19 52:21 52:22 52:22 53:1 53:2 53:5 53:10 53:11 53:13 53:16 53:19 53:20 53:25 54:1 54:6 54:8 54:11 54:11 54:13 54:14 54:17 54:18 55:1 55:2 55:4 55:7 55:7 55:8 55:14 55:14 55:20 55:24 55:24 55:24 55:25 56:2
**and**(301) 56:3 56:5 56:15 56:20 56:22 56:25 57:7 57:12 57:14 57:15 57:16 57:16 57:20 57:22 57:23 58:4 58:8 58:10 58:10 58:15 58:16 58:20 58:25 58:25 59:4 59:6 59:7 59:9 59:12 59:19 59:22 59:25 60:3 60:5 60:8 60:14 60:16 60:17 60:21 60:24 60:25 61:2 61:4 61:14 61:19 61:21 61:25 62:2 62:17 63:3 63:5 63:8 63:8 63:18 64:1 64:1 64:10 64:12 64:14 64:17 64:18 64:23 64:25 65:6 65:12 65:15 65:20 66:3 66:7 66:11 66:15 66:16 66:16 66:21 66:25 67:4 67:8 67:13 67:18 67:21 67:21 68:3 68:4 68:7 68:8 68:8 68:12 68:20 68:21 68:24 69:1 69:2 69:4 69:6 69:7 69:8 69:12 69:17 69:20 69:21 69:21 70:1 70:1 70:9 70:16 70:23 71:1 71:7 71:21 72:17 72:18 72:19 72:19 72:21 72:22 73:2 73:5 73:17 73:24 73:25 74:6 74:10 74:17 74:21 75:5 75:13 75:13 75:16 75:18 75:21 76:1 76:2 76:2 76:9 76:12 76:20 76:23 76:24 77:1 77:1 77:3 77:5 77:13 77:17 77:19 77:22 78:7 78:8 78:10 78:14 78:16 78:20 78:23 79:6 79:10 79:14 79:17 80:3 80:7 80:9 80:9 80:12 80:14 80:21 80:21 81:3 81:7 81:10 81:12 81:16 81:19 81:21 81:24 82:2 82:4 82:8 82:12 82:16 82:18 82:22 82:24 83:5 83:16 84:6 84:7 84:9 84:10 84:11 84:16 84:21 84:25 85:1 85:5 85:6 85:10 85:11 85:18 85:21 85:23 85:24 86:1 86:5 86:16 86:17 86:18 86:19 86:21 87:8 87:17 87:22 88:9 88:12 88:13 88:16 88:22 89:2 89:10 89:22 90:4 90:7 90:23 90:25 91:3 91:5 91:9 91:12 91:13 91:15 91:16 91:20 91:20 91:25 92:2 92:6 93:6 93:6 93:11 93:12 93:17 94:12 94:14 94:16 94:19 94:25 95:1 95:5 95:10 95:13 95:13 95:15 95:15 95:16 95:17 95:20 96:4 96:8 96:10 96:10 96:11 96:17 96:21 96:22 97:4 97:5 97:9 97:11 97:14 97:14 97:19 97:21 97:25 98:7 98:7 98:10 99:3 99:5 99:6 99:12 99:12 99:13 99:15 99:16 99:18 99:20 99:22 100:2 100:6 100:8 100:8 100:10 100:10 100:14 100:16 100:17 100:18 100:24 100:25 101:3 101:11 101:13 101:17
**and**(35) 101:19 101:22 102:3 102:5 102:5 102:6 102:7 102:8 102:8 102:9 102:11 102:12 102:15 102:15 102:17 102:19 102:21 102:22 102:23 103:5 103:18 103:19 103:22 104:4 104:6 104:6 104:19 105:6 105:16 105:22 105:25 106:2 106:7 106:7 106:21

**andrew**(4) 3:6 5:20 5:24 7:5
**angela**(1) 5:11
**another**(10) 15:18 26:16 37:19 42:17 43:11 55:8 68:21 79:17 88:21 96:10

**answer**(6) 45:11 45:17 60:17 91:21 94:3 102:25

**answering**(3) 44:24 69:25 103:4
**any**(27) 10:10 11:16 12:2 16:6 17:7 25:5 27:23 41:17 41:22 51:1 57:18 62:17 71:19 72:24 74:13 77:19 83:6 89:1 90:7 90:10 90:22 92:12 92:19 95:2 97:5 103:7 106:4

**anybody**(2) 68:7 92:12
**anyone**(7) 29:18 40:5 75:1 77:8 80:18 81:20 82:25

**anyone's**(3) 20:8 29:10 38:13
**anyone’s**(1) 106:4
**anything**(12) 11:6 12:20 21:3 48:15 48:18 52:2 57:20 69:9 82:3 98:25 104:1 106:5

**anytime**(1) 67:10
**anyway**(1) 84:3
**anywhere**(2) 44:3 70:24
**apace**(2) 42:6 69:13
**apologies**(1) 17:16

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**apologize**(4) 16:8 17:12 32:16 99:18

**appeal**(139) 9:24 10:15 10:18 10:22 10:23 12:15 12:22 14:17 15:14 16:16 17:2 17:3 17:7 17:12 17:13 17:18 17:20 19:4 19:17 19:18 19:22 20:2 20:3 20:7 20:19 20:20 21:3 21:8 22:19 23:19 24:12 25:13 25:20 26:17 28:5 28:22 30:9 30:12 30:14 30:25 31:2 31:3 31:4 31:10 31:17 32:5 32:13 34:3 34:13 35:2 35:3 36:10 36:15 36:22 37:11 37:18 38:14 39:15 41:25 44:8 44:9 44:11 45:20 45:22 46:7 46:12 47:17 49:24 50:6 50:8 51:20 52:4 52:11 52:13 52:17 52:20 52:23 54:17 55:16 55:19 56:8 56:24 57:2 57:4 57:5 58:23 58:24 59:4 59:25 60:16 61:5 61:24 62:25 64:5 64:11 65:1 65:11 65:14 66:19 67:18 69:1 73:2 73:3 73:8 75:7 75:19 76:18 76:20 76:23 77:1 77:10 78:10 78:10 78:12 80:17 81:13 81:16 81:20 82:11 82:18 83:1 84:12 84:20 87:4 88:10 88:14 89:5 89:23 90:2 90:13 91:2 96:4 96:24 98:3 99:6 100:5 100:25

**appealed**(4) 12:21 21:4 21:11 52:18

**appeals**(37) 10:9 10:9 10:25 11:13 12:2 12:12 12:12 12:13 12:25 13:4 13:10 13:12 19:25 21:6 21:10 21:12 21:14 23:6 23:6 25:7 25:8 25:12 25:14 26:20 26:22 29:3 33:19 37:9 38:8 52:14 69:11 69:14 70:12 70:14 79:20 79:20 91:8

**appear**(1) 20:4

**appearances**(5) 4:26 5:1 6:1 7:1 8:1

**appeared**(6) 20:6 32:21 48:14 73:10 74:21 74:22

**appearing**(1) 32:18

**appellant**(2) 42:4 65:23

**appellants**(8) 32:10 32:11 43:8 45:2 58:25 59:24 75:20 75:20

**appellate**(25) 18:23 25:22 31:1 31:12 31:18 33:12 38:12 43:25 50:15 51:15 51:17 52:11 53:15 53:23 54:4 57:22 63:19 70:8 70:13 73:17 76:15 79:9 83:5 96:7 97:13

**appellees**(3) 45:3 52:19

**applicable**(3) 22:6 85:6 91:17

**application**(9) 64:11 64:12 71:25 72:4 78:22 79:23 81:3 85:23 87:17

**applied**(3) 64:18 79:1 91:18

**apply**(5) 22:3 22:4 22:5 22:13 57:18

**applying**(2) 73:9 74:12

**appreciate**(4) 99:19 100:2 100:10 100:17

**approach**(2) 34:23 62:20

**appropriate**(16) 27:20 28:12 37:16 46:1 49:13 55:14 61:5 61:10 62:16 65:2 65:8 66:7 79:15 96:19 96:22 98:16

**approval**(1) 106:6

**approve**(1) 103:6

**approved**(1) 103:2

**april**(2) 17:6 28:4

**arbitration**(3) 45:22 46:4 46:5

**are**(131) 9:23 10:6 11:22 17:12 17:13 17:13 17:20 17:24 18:22 19:14 20:12 20:13 21:11 21:13 21:13 22:9 22:10 23:1 23:6 24:16 25:2 25:2 25:7 26:22 28:2 28:21 29:15 29:15 29:19 34:2 34:10 34:12 34:15 34:19 34:22 37:1 37:4 37:14 40:20 42:3 42:4 42:13 42:21 42:24 43:9 43:15 44:7 44:15 45:12 48:20 49:13 50:9 50:11 50:17 51:4 51:4 51:16 52:11 52:19 52:20 52:20 54:17 55:17 55:18 55:20 55:20 56:1 56:11 56:23 57:17 58:7 58:17 58:22 60:7 60:14 61:4 61:21 61:22 65:2 65:15 65:25 67:1 67:7 67:13 68:4 68:9 71:17 74:20 74:22 75:12 75:13 75:16 76:18 77:12 77:13 78:13 79:14 80:20 82:9 84:11 84:25 85:3 85:22 85:24 85:24 86:11 89:2 89:8 89:10 90:1 90:24 91:13 91:16 92:7 94:12 95:11 95:19 96:1 96:8 96:19 103:8 105:21 106:1

**areas**(2) 61:21 71:17

**aren't**(4) 22:15 22:16 22:18 50:4

**aren't**(1) 102:20

**argue**(4) 12:6 29:6 82:9 92:20

**argued**(6) 37:10 40:12 42:20 65:4 65:21 68:15

**arguing**(4) 46:14 48:11 74:2 81:24

**argument**(25) 11:24 11:25 12:1 12:4 12:11 14:23 15:6 16:20 16:21 16:21 25:1 36:18 38:7 42:9 47:7 48:16 57:13 61:11 74:19 90:22 93:2 97:11 98:11 99:9 99:15

**arguments**(32) 12:16 12:17 24:18 24:21 25:2 25:5 26:21 26:24 30:8 36:6 39:14 40:2 40:9 40:13 42:24 47:10 47:23 47:24 47:24 56:25 57:17 57:19 58:18 69:6 81:6 85:4 96:1 96:3 96:6 96:8 98:6 100:10

**armed**(1) 12:14

**arose**(1) 19:12

**around**(8) 13:19 13:20 15:5 34:4 53:17 71:16 101:16 102:6

**arps**(2) 3:43 38:5

**arrive**(1) 92:4

**arsht**(1) 1:25

**arthur**(1) 5:16

**articulating**(1) 61:23

**artifice**(1) 83:14

**ashufosh**(1) 7:39

**ask**(5) 13:6 14:11 21:7 46:25 89:14

**asked**(13) 14:18 20:21 20:23 21:9 22:23 44:13 60:9 62:9 87:19 95:11 95:12 101:2 103:19

**asking**(9) 10:8 27:2 27:7 74:10 85:8 85:8 90:24 92:9 104:8

**asserted**(1) 22:2

**assertion**(1) 66:14

**assess**(2) 50:2 80:11

**assessed**(1) 80:7

**asset**(5) 5:19 5:27 5:39 7:4 8:12

**assets**(3) 27:18 27:25 62:10

**assigned**(2) 79:18 79:20

**assume**(2) 34:9 104:23

**assuming**(1) 24:13

**assured**(1) 68:1

**attached**(1) 75:16

**attempting**(1) 104:15

**attention**(2) 10:16 101:8

**august**(12) 16:12 16:18 16:20 18:20 36:16 36:17 40:25 54:13 102:4 102:7 103:2 105:18

**authored**(1) 90:24

**authority**(13) 43:10 43:22 44:21 44:25 54:18 63:20 63:24 64:18 88:1 89:24 92:24 93:4 93:8

**authorize**(1) 23:6

**authorizes**(1) 59:1

**automatic**(3) 36:22 37:11 102:23

**available**(5) 27:18 27:25 56:4 61:17 82:5

**ave**(2) 2:41 4:8

**avenue**(4) 2:34 2:47 3:38 4:14

**avidity**(1) 6:43

**avoid**(3) 16:6 99:2 104:10

**avoiding**(1) 91:5

**aware**(5) 59:5 70:11 104:14

**away**(6) 53:4 76:12 81:1 82:5 104:5

**awful**(1) 61:19

**babbili**(1) 6:40

**back**(18) 14:16 14:24 34:12 45:11 54:1 58:8 61:2 71:7 76:3 77:3 91:3 91:15 93:13 94:7 99:15 104:5 105:11 105:25

**background**(1) 101:14

**backwards**(1) 45:9

**bad**(1) 77:23

**ball**(1) 31:23

**baltimore**(1) 3:39

**bank**(4) 3:17 4:21 7:22 14:1

**bankruptcy**(40) 1:1 1:20 10:4 11:16 13:21 15:15 25:20 25:24 26:13 26:14 27:4 27:4 27:6 30:5 41:2 41:9 48:3 48:4 48:6 48:7 49:8 57:10 59:1 59:6 59:20 62:12 62:18 62:21 63:3 63:11 65:18 68:21 68:23 69:18 69:23 78:9 78:19 79:13 82:2 84:7

**bankruptcy's**(1) 62:25

**barbara**(1) 5:6

**barclays**(1) 7:38

**based**(10) 34:23 41:16 42:8 54:9 55:16 65:11 66:22 72:9 73:14 91:11

**basically**(1) 88:13

**basis**(9) 20:19 26:9 29:7 38:8 42:18 75:14 82:14 83:3 87:15

**batting**(1) 71:15

**bayard**(1) 4:6

**bear**(1) 69:21

**bears**(1) 103:7

**because**(102) 10:20 13:24 14:10 14:12 15:20 17:8 17:19 18:5 19:12 19:23 21:2 24:11 25:22 26:16 27:8 27:9 29:3 29:9 33:24 35:6 36:13 40:11 41:5 41:14 41:16 41:23 42:3 42:16 43:17 44:5 44:9 44:17 45:2 45:12 45:14 46:2 46:13 47:3 47:8 47:14 48:3 48:6 48:11 48:16 48:22 46:22 49:4 49:16 50:14 50:21 51:10 52:2 52:8 53:4 53:14 54:6 55:23 56:11 56:17 57:3 58:19 63:6 65:12 66:2 67:13 69:3 74:16 76:21 76:21 76:23 77:2 77:8 77:17 77:18 78:24 79:5 79:12 81:2 82:20 84:7 86:7 86:20 90:23 91:24 92:20 93:3 93:8 94:2 94:8 94:16 94:23 94:24 95:11 95:18 96:2 96:11 96:23 98:6 98:8 99:5 102:10 104:7

**become**(2) 67:4 88:22

**beebe**(1) 3:45

**been**(34) 9:9 17:2 19:14 33:15 33:16 34:4 47:9 50:25 58:18 60:19 61:23 62:4 64:8 67:22 67:24 70:17 75:7 75:9 76:18 79:18 79:20 79:21 81:7 82:16 87:21 87:22 96:5 100:9 101:2 101:11 101:12 105:24 106:2 106:7

**before**(50) 1:19 17:2 17:6 18:17 20:4 20:5 28:19 28:19 30:8 31:16 32:5 32:18 33:13 35:11 37:11 42:11 43:1 47:12 48:10 49:1 52:5 53:22 58:13 60:4 60:6 62:7 64:9 66:18 69:13 73:10 74:18 80:10 83:13 83:15 83:20 83:22 83:25 84:13 84:14 84:15 84:19 85:4 96:14 97:25 100:10 101:9 101:10 101:17 102:7

**beginning**(1) 54:2

**behalf**(10) 9:18 29:23 32:21 33:5 38:5 38:21 39:10 39:20 58:4 67:11

**behind**(1) 105:16

**being**(17) 20:17 26:22 36:12 52:24 60:1 60:9 60:11 67:6 80:15 82:2 82:10 82:22 102:18 103:8 103:15 104:3 104:20

**belabor**(1) 81:7

**belief**(1) 87:6

**believe**(22) 9:12 11:20 14:11 14:12 16:24 17:10 17:22 17:23 17:24 27:20 28:11 41:1 55:25 59:24 70:11 79:22 85:19 86:5 87:2 89:1 89:3 106:7

**believed**(1) 65:1

**believes**(1) 89:1

**belknap**(3) 2:45 5:43 6:13

**below**(2) 19:18 25:22

**beneficial**(1) 78:16

**beneficiaries**(1) 33:16

**benefit**(3) 27:16 35:19 59:24

**benefits**(1) 78:5

**bennett**(1) 5:23

**best**(4) 15:25 37:2 38:13 90:9 77:5 80:4 104:7 104:14

**better**(9) 12:12 12:14 12:15 12:24 25:6 77:5 80:4 104:7 104:14

**between**(6) 18:13 76:1 81:18 100:8 105:13 105:21

**beyond**(2) 83:10 103:11

**big**(1) 29:1

**billion**(2) 33:18 33:20

**bilmes**(1) 7:11

**binding**(1) 23:9

**bit**(4) 71:16 72:22 76:3 96:17

**blank**(1) 40:8

**blauner**(1) 8:13

**bloomberg**(1) 8:20

**board**(1) 26:15

**bondholders**(5) 3:5 4:19 4:44 55:24 68:3

**bonds**(3) 14:25 39:21 67:12

**books**(1) 102:21

**borrow**(1) 79:7

**both**(13) 13:6 25:3 27:20 28:6 31:9 34:3 53:5 59:6 72:18 85:19 88:8 89:22 90:4

**bother**(2) 56:21 104:12

**botter**(1) 3:14

**bottom**(1) 87:11

**bought**(1) 16:7

**bound**(1) 68:25

**box**(1) 2:8

**boxes**(3) 101:21 102:6 102:18

**brand**(1) 20:1

**break**(2) 71:6 72:22

**brian**(5) 2:46 4:13 5:44 6:14 33:4

**brickley**(1) 7:15

**brief**(22) 39:12 39:13 43:19 44:6 44:14 47:8 47:9 55:17 55:24 56:23 61:9 73:16 73:25 76:7 81:23 81:24 95:14 95:16 95:20 95:22 96:2 96:3

**briefed**(1) 58:18

**briefest**(1) 39:13

**briefing**(5) 52:4 58:16 70:22 95:5 95:12

**briefly**(3) 38:7 68:20 69:22

**briefs**(3) 56:25 69:6 75:14

**bring**(5) 60:4 60:6 87:13 94:1 103:22

**bringardner**(1) 7:19

**broadly**(2) 13:20 13:21

**brought**(4) 60:2 83:13 83:25 105:18

**brown**(1) 6:27

**bryant**(1) 3:16

**buchanan**(1) 2:25

**bullen**(1) 4:35

**business**(1) 58:14

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**but**(117) 11:13 12:14 13:12 14:5 14:8 15:3 15:11 15:23 16:10 16:21 17:16 19:18 20:9 21:1 22:19 23:5 23:7 23:13 23:23 24:12 25:1 26:6 28:22 30:3 31:3 32:10 34:3 34:9 34:15 35:10 35:23 36:12 36:13 36:25 37:21 38:21 39:24 41:5 41:11 41:13 43:4 43:10 43:24 45:10 46:12 47:9 48:4 48:12 49:21 50:8 51:1 51:8 52:1 54:25 57:8 58:11 58:20 60:11 61:18 61:22 61:24 62:7 63:5 66:23 68:9 68:11 69:2 69:6 70:10 70:18 72:15 72:20 73:15 74:9 75:11 75:15 75:24 76:17 77:10 78:20 79:13 81:7 83:24 84:19 87:18 88:5 91:8 94:17 95:3 95:12 95:19 95:25 96:7 96:18 97:1 97:2 97:24 98:5 98:13 98:17 100:2 100:7 100:9 100:11 100:15 100:17 101:7 101:15 102:25 103:11 103:17 104:3 104:11 104:23 105:1 106:11 106:16

**but/for**(1) 91:15
**bypass**(3) 53:15 57:23 68:12

**caesars**(1) 62:22
**calculated**(1) 72:3
**call**(6) 66:9 83:11 83:25 91:2 99:11 99:13
**called**(5) 14:10 19:12 48:16 55:7 65:2
**calloway**(1) 2:26
**calls**(2) 13:5 103:4
**came**(5) 12:20 28:7 31:19 49:16 77:20
**can**(67) 13:11 18:2 18:14 23:24 24:22 24:24 26:24 27:1 27:11 29:13 30:15 34:1 34:11 35:4 35:13 35:18 35:21 36:3 43:24 47:20 52:18 53:1 53:3 54:6 60:3 60:5 63:13 65:4 68:4 68:7 68:14 75:23 76:1 78:7 80:7 80:9 80:11 80:22 82:7 82:13 82:20 83:11 83:22 91:25 92:1 92:4 92:5 94:11 97:23 97:25 98:5 98:12 98:15 98:16 102:13 102:22 102:23 103:2 103:4 103:12 103:16 103:19 104:10 104:16 104:17 106:14
**can't**(11) 21:1 35:23 40:23 41:5 42:18 45:1 45:6 46:2 49:25 53:4 53:7
**canada**(32) 5:5 5:35 31:1 34:3 34:13 39:21 47:24 51:18 51:19 51:23 51:25 52:3 52:6 52:11 52:12 52:15 52:17 52:20 56:24 67:7 69:12 80:14 81:20 86:8 86:9 91:24 92:1 94:24 95:7 95:8 102:21 104:20
**canadian**(25) 3:34 9:13 9:18 29:24 31:1 33:25 51:15 52:3 52:23 54:4 75:7 84:16 86:10 87:17 97:13 98:2 101:12 101:14 101:17 101:18 101:24 103:22 103:24 104:8 105:22
**candlewood**(1) 8:4
**cannot**(3) 66:2 68:13 98:7
**can't**(3) 92:1 98:19 105:25
**capable**(2) 13:10 97:20
**capital**(6) 6:35 7:10 7:34 7:42 7:46 8:16
**care**(2) 44:8 97:2
**carefully**(1) 79:6
**carey**(2) 65:19 65:25
**carey's**(1) 65:17

**case**(145) 1:5 10:21 11:2 11:6 15:8 15:17 16:2 17:3 17:8 17:9 17:11 17:15 18:5 18:25 18:25 19:1 19:2 19:7 20:1 20:6 20:9 20:9 21:5 22:3 22:5 22:6 22:7 23:20 23:23 23:25 24:3 24:4 24:6 24:21 25:17 25:25 26:10 26:11 26:11 26:12 26:22 26:14 27:3 28:24 28:25 28:25 29:2 29:4 29:14 30:15 31:18 33:11 33:14 33:21 33:24 35:21 36:21 37:1 37:3 37:18 38:10 41:25 42:23 45:19 46:6 46:13 46:15 48:2 48:2 49:6 50:16 51:1 51:16 54:20 56:1 56:6 56:21 57:10 57:19 57:21 59:1 59:9 59:12 59:14 61:3 61:4 61:9 61:18 61:24 62:13 62:14 62:15 62:22 63:7 63:9 63:11 63:14 63:17 64:14 64:19 65:7 65:11 65:15 66:11 66:16 66:15 67:3 67:7 68:13 68:22 68:24 68:25 69:4 69:5 69:18 72:9 74:9 75:21 77:4 78:14 78:25 84:2 87:7 87:7 87:21 87:23 88:12 88:19 88:20 88:21 89:4 89:6 90:12 90:15 91:4 91:5 92:5 92:8 93:17 93:20 93:23 96:17 96:18 97:5 100:6
**case.''**(1) 65:4
**cases**(19) 22:10 22:11 22:25 33:23 52:21 63:23 63:23 68:13 69:23 70:15 79:3 79:10 81:3 85:21 85:21 85:22 85:22 88:4 101:25
**castigate**(1) 48:3
**castigated**(1) 48:8
**categories**(1) 101:24
**categorize**(1) 11:23
**cautionary**(1) 69:20
**ccc**(3) 15:2 39:10 95:17
**ccc's**(1) 39:24
**cede**(1) 9:12
**cement**(1) 77:5
**central**(1) 11:12
**centre**(1) 3:23
**certain**(1) 101:24
**certainly**(24) 13:10 13:11 21:19 23:3 23:14 24:8 24:10 27:11 32:3 34:5 37:1 60:14 61:24 63:18 63:21 68:7 70:18 71:14 71:24 72:18 78:18 99:22 100:15 105:1
**certainty**(1) 24:8 24:14 24:16 30:18 30:19 30:20
**certification**(49) 9:23 10:5 11:17 15:12 15:19 17:5 23:9 26:13 26:19 28:5 29:18 30:2 31:6 33:10 37:3 37:22 39:15 40:1 40:5 43:8 43:15 46:1 47:11 51:5 53:19 54:6 54:22 56:2 59:14 61:10 62:24 63:4 64:5 64:14 65:13 65:24 66:7 67:13 72:13 72:15 74:20 79:4 81:19 84:8 84:20 86:24 96:19 100:13 107:1
**certification.''**(1) 65:16
**certified**(18) 10:9 17:5 17:6 23:17 31:17 38:8 45:23 46:20 48:7 58:23 59:8 60:11 60:21 66:3 73:25 79:13 82:19 90:20
**certifies**(2) 26:11 29:12
**certify**(29) 10:8 10:20 21:16 27:3 27:14 35:2 37:8 37:16 45:8 47:22 52:7 59:4 60:9 65:11 69:3 72:17 78:10 79:8 90:5 90:25 82:14 83:3 85:18 85:19 89:14 93:2 93:9 107:2
**certifying**(2) 48:4 69:1
**certiorari**(1) 77:9
**cetera**(2) 56:25 56:25
**challenge**(1) 19:16
**chance**(6) 17:1 41:17 49:17 56:18 90:13 99:11
**change**(3) 90:20 98:7 100:8
**changed**(2) 32:23 38:2
**channels.''**(1) 70:16
**chapman**(1) 2:13
**chapter**(2) 1:8 69:4

**characterizes**(1) 64:19
**characterizing**(1) 55:20
**charles**(1) 6:32
**chase**(1) 13:2
**cheaper**(3) 93:24 94:2 94:3
**check**(1) 70:5
**chief**(3) 79:19 82:16 100:14
**choice**(2) 46:9 59:17
**choose**(2) 27:1 77:1
**chooses**(1) 27:8
**chose**(4) 62:14 63:22 76:20 76:22
**christopher**(1) 3:22
**chung**(1) 7:23
**circuit**(146) 9:24 11:8 12:24 13:2 13:3 14:12 14:13 15:2 17:8 17:11 18:2 18:6 19:22 22:22 24:9 24:22 24:25 25:3 25:6 25:8 25:8 25:17 25:19 25:20 25:21 25:23 26:1 26:7 26:11 26:14 26:15 26:18 26:25 26:25 27:5 27:8 27:11 27:15 28:6 29:5 29:12 29:13 29:13 30:11 30:19 30:25 31:4 31:17 34:17 35:1 35:2 35:4 35:9 35:11 35:13 37:11 37:12 37:17 38:15 40:2 43:12 44:2 44:3 44:24 46:22 47:11 47:13 47:14 47:25 48:19 49:1 49:4 49:9 49:12 49:18 49:25 50:3 50:5 50:10 50:13 50:14 50:17 51:3 51:7 51:17 52:8 52:25 53:1 53:2 53:16 53:22 56:21 57:17 60:15 60:15 63:8 63:14 64:2 64:25 65:8 65:9 65:9 66:14 67:20 68:10 69:1 69:9 69:19 70:7 70:10 70:24 71:2 72:21 73:25 75:2 75:4 75:22 76:1 76:2 76:14 77:25 79:3 79:8 80:5 80:6 80:13 82:15 83:4 85:9 85:13 88:10 88:14 89:7 90:4 90:6 90:11 90:14 90:18 90:21 91:23 91:24 93:6 96:15 97:9 97:10 100:13
**circuit's**(1) 26:20
**circumstance**(4) 11:15 23:16 23:17 99:25
**circumstances**(5) 23:7 65:15 66:6 69:9 85:15
**citation**(2) 22:25 30:13
**citations**(1) 66:4
**cite**(4) 25:18 64:3 69:24 93:7
**cited**(14) 17:9 17:10 22:10 23:3 25:18 28:25 55:15 55:24 56:6 59:13 61:9 62:19 68:22 85:21
**citing**(2) 25:14 25:25
**citizens**(1) 4:21
**claim**(9) 2:4 6:26 32:1 34:4 73:20 73:21 74:3 87:11 97:14
**claimants**(2) 4:6 13:19
**claimed**(1) 21:8
**claims**(24) 25:4 31:16 31:20 31:22 32:4 34:15 35:5 48:17 53:13 53:22 54:5 54:9 54:13 66:23 67:1 67:3 67:6 69:11 89:5 91:12 91:14 91:19 97:15 101:25
**clarification**(3) 10:3 49:11 49:11
**clarify**(3) 19:11 32:19
**clashes**(1) 27:17
**class**(1) 13:19
**classes**(1) 13:19
**clause**(1) 46:4
**clauses**(1) 11:16
**clear**(26) 14:25 15:1 15:13 15:20 17:8 17:16 18:13 22:10 30:4 39:1 39:25 59:9 59:10 60:12 60:14 60:18 63:13 74:10 78:6 78:20 80:20 82:3 83:14 83:19 86:9 88:3
**cleared**(1) 9:8
**clearly**(6) 18:19 30:15 33:22 43:20 45:1 56:4
**cleary**(1) 1:31
**clerk**(2) 9:2 71:10
**client**(1) 38:11
**clients**(1) 14:14
**close**(3) 53:25 66:9 69:18
**closing**(1) 27:19

**cloud**(1) 18:5
**code**(4) 62:19 63:8 63:13 82:2
**coleman**(1) 20:23
**colleagues**(3) 39:14 72:18 79:18
**collectively**(3) 75:18 81:6 97:15
**collier**(1) 7:27
**color**(1) 15:20
**come**(29) 16:12 17:25 19:7 19:13 20:2 21:15 29:8 29:8 29:14 35:21 40:8 42:17 46:25 53:25 54:1 54:11 54:16 55:7 58:8 61:2 77:23 79:16 87:14 88:8 91:3 91:15 94:25 99:15 104:5
**comes**(5) 24:6 45:11 54:25 64:1 100:8
**comfort**(1) 102:20
**comfortable**(1) 82:11
**coming**(2) 21:19 31:12
**comment**(6) 24:6 28:24 38:16 68:20 81:8 95:3
**commentary**(1) 15:21
**commented**(1) 68:14
**comments**(2) 55:15 71:20
**committee**(12) 3:11 3:35 4:38 5:30 12:23 14:25 16:17 17:10 25:18 28:3 58:5 74:23
**companies**(1) 38:25
**companion**(1) 81:19
**company**(3) 38:23 38:23 38:24
**compatible**(1) 69:25
**compel**(1) 98:19
**compelling**(1) 78:16
**complaint**(1) 50:12
**complete**(3) 41:21 42:8 44:6
**completed**(2) 32:5 33:13
**complex**(9) 1:21 25:8 55:18 55:21 56:1 59:22 62:4 97:4 98:8
**complexity**(2) 48:12 57:16
**complicating**(1) 16:23
**comprised**(1) 25:9
**conaway**(1) 2:12
**conceded**(2) 61:1 88:13
**concedes**(1) 84:19
**concept**(2) 31:11 77:23
**concern**(2) 57:7 104:3
**concerned**(1) 56:23
**concerns**(1) 102:9
**conclude**(1) 70:5
**concluded**(5) 32:8 44:18 62:15 63:23 77:19
**concludes**(1) 78:14
**conclusion**(3) 42:23 74:18 76:17
**conclusory**(1) 66:14
**concrete**(3) 47:2 67:9 73:18
**condition**(1) 45:3
**conditionally**(1) 45:7
**conducts**(1) 25:23
**conference**(2) 51:24 95:5
**confident**(1) 91:16
**confines**(1) 63:13
**confirm**(3) 53:20 69:17 103:20
**confirmation**(2) 59:19 65:20
**confirmed**(2) 65:19 66:1
**conflict**(2) 19:12 38:6
**conflicts**(1) 3:42
**confusion**(2) 17:24 42:2
**congress**(4) 69:22 70:11 70:13 71:3
**connection**(1) 11:8
**consent**(2) 33:9 103:20
**consequence**(1) 73:1
**conservative**(1) 37:12
**consider**(7) 25:21 26:9 26:16 36:9 54:3 71:18 82:17
**consideration**(2) 78:15 103:11
**considered**(4) 27:3 45:1 82:12 82:12
**considers**(1) 26:8
**consistent**(2) 12:16 53:7
**consolidate**(1) 13:12

| Word | Page:Line |
|------|-----------|
| consolidated(3) 13:4 79:21 79:22 | |
| consolidating(1) 13:10 | |
| consolidation(4) 43:21 43:22 61:16 61:19 | |
| consortium(3) 2:5 6:27 48:17 | |
| constituency(1) 67:24 | |
| construct(1) 67:8 | |
| construction(1) 45:5 | |
| contemplate(1) 103:1 | |
| contending(2) 45:13 45:17 | |
| contentious(1) 67:4 | |
| context(1) 101:16 | |
| continental(1) 63:16 | |
| contingent(2) 20:19 84:25 | |
| continually(1) 93:23 | |
| continue(5) 33:18 37:19 89:6 89:9 104:3 | |
| continued(7) 2:2 3:2 5:2 6:2 7:2 8:2 103:8 | |
| continuing(1) 5:15 | |
| contract(1) 61:8 | |
| contrarian(1) 8:16 | |
| contrary(2) 34:5 76:13 | |
| contribution(1) 22:1 | |
| control(2) 92:1 92:1 | |
| controlled(1) 94:25 | |
| controlling(51) 10:14 10:16 12:3 12:4 12:5 12:6 16:3 21:17 21:18 21:21 22:5 22:12 22:20 23:4 23:13 32:7 32:9 32:14 42:22 43:5 43:7 43:18 44:16 44:25 45:7 45:15 45:18 47:16 54:18 61:12 61:13 61:20 64:7 64:12 72:11 72:12 85:15 85:20 85:23 85:25 86:5 87:25 88:3 90:11 93:4 93:11 94:13 94:23 97:2 100:4 | |
| conversations(1) 14:24 103:6 | |
| convey(1) 33:8 | |
| cooperation(2) 102:19 103:17 | |
| coordinate(2) 95:14 95:15 | |
| coordination(2) 95:13 102:16 | |
| corning(5) 43:20 44:1 71:25 72:6 88:5 | |
| corp(2) 17:10 17:11 | |
| correct(3) 32:19 67:14 78:7 86:7 107:2 | |
| corrected(4) 13:24 14:5 16:10 99:3 | |
| correction(1) 32:16 | |
| correctly(2) 44:17 86:15 | |
| correspondence(1) 106:11 | |
| corroborated(1) 53:11 | |
| cost(4) 38:12 57:9 57:15 88:17 | |
| costs(10) 30:12 30:14 56:8 56:23 56:25 57:8 93:13 93:13 93:14 103:8 | |
| could(20) 18:7 43:2 43:2 43:7 52:1 52:5 57:1 66:5 70:4 70:5 75:24 81:24 83:21 83:24 90:12 93:1 93:18 97:25 105:1 | |
| couldn't(2) 31:16 80:21 | |
| counsel(13) 13:25 14:10 16:8 32:21 32:23 38:2 38:14 39:3 39:24 53:20 103:22 104:8 105:22 | |
| counted(1) 75:16 | |
| counter-party(2) 103:7 103:7 | |
| counties(1) 68:22 | |
| countries(1) 62:5 | |
| couple(4) 33:13 36:5 71:16 71:17 | |
| course(10) 13:8 46:12 50:7 50:24 50:24 64:23 69:5 71:2 79:9 95:23 | |
| court(301) 1:1 9:3 9:6 9:10 9:15 9:22 10:5 10:8 10:10 10:12 10:20 10:23 11:15 11:17 11:19 12:8 12:11 12:12 12:13 12:14 13:1 13:8 13:8 13:10 13:11 14:4 14:7 14:15 14:22 14:23 15:10 15:15 15:16 15:18 15:23 15:25 17:2 17:14 17:14 18:7 18:7 18:11 18:11 18:14 18:15 18:16 18:17 18:18 18:18 18:19 19:5 19:9 19:17 19:21 19:24 20:14 20:15 20:16 21:4 22:11 22:24 23:24 24:8 24:11 24:12 24:22 24:23 24:24 25:3 25:6 25:10 25:11 25:12 25:13 25:14 25:16 25:20 25:22 25:22 25:23 25:24 26:3 26:6 26:8 26:13 26:14 26:20 26:22 27:4 27:4 27:6 27:12 28:7 28:13 29:1 29:2 29:3 29:17 29:21 29:25 30:8 30:9 30:14 31:5 31:11 31:24 31:25 32:14 32:18 32:24 33:1 33:3 33:25 33:25 34:7 34:14 34:25 35:22 36:8 36:21 36:24 37:9 37:23 38:1 38:3 38:13 38:18 39:5 39:7 39:11 39:16 39:18 39:22 40:4 40:8 40:18 40:24 41:3 41:10 41:19 42:3 42:11 43:2 43:10 43:22 43:25 44:17 44:20 44:23 44:24 44:25 45:21 45:24 46:1 46:5 46:16 46:25 47:1 47:5 47:18 47:21 48:3 48:4 48:6 48:22 49:5 49:7 49:23 50:1 50:6 50:20 51:8 51:9 51:12 51:21 51:25 52:3 52:9 52:14 52:14 52:15 52:16 52:18 53:6 54:6 54:7 54:24 55:22 56:3 56:8 56:9 56:12 56:13 56:16 56:20 57:11 57:25 58:2 59:1 59:3 59:9 59:15 60:3 60:4 60:6 60:8 60:12 60:15 60:15 61:25 62:9 62:21 62:23 63:2 63:4 63:9 63:12 63:19 64:1 64:9 65:10 65:22 66:14 67:15 68:12 68:19 68:21 68:23 68:24 69:2 70:3 70:9 70:12 70:25 71:2 71:3 71:5 71:11 71:14 71:18 71:23 72:1 72:8 73:5 73:8 73:10 73:12 73:17 74:4 74:6 74:24 75:7 75:9 75:13 76:4 76:6 76:9 76:23 77:9 78:1 78:3 78:6 78:9 78:14 78:16 78:17 78:19 79:4 79:9 79:12 79:13 79:13 79:19 80:1 80:25 81:9 81:18 81:21 82:17 83:6 83:8 83:17 83:23 84:4 84:9 84:14 84:15 86:4 86:12 86:18 86:19 86:20 87:15 87:17 87:20 88:1 89:16 89:18 89:20 90:3 90:17 90:21 | |
| court(50) 92:14 92:17 92:23 92:25 93:15 93:18 93:22 93:25 94:5 94:11 94:21 95:7 95:9 96:7 96:9 96:15 98:4 98:20 98:22 99:8 99:21 100:1 100:20 100:22 100:24 101:2 101:3 101:4 101:5 101:10 101:13 101:18 102:1 103:14 104:17 104:19 104:25 105:3 105:5 105:8 105:11 105:13 105:15 105:19 106:9 106:12 106:16 106:18 106:21 106:23 | |
| court's(7) 62:25 63:11 64:17 73:9 73:22 87:16 104:10 | |
| credibly(2) 75:24 75:25 | |
| credit(1) 6:39 | |
| creditor(6) 5:9 5:14 5:19 19:13 27:25 | |
| creditors(11) 3:12 3:34 4:39 5:31 28:1 30:7 35:7 60:26 68:1 68:3 68:4 | |
| creek(1) 5:27 | |
| crichlow(5) 3:29 39:19 39:20 39:23 40:4 | |
| criteria(1) 60:13 | |
| critical(3) 27:14 40:23 40:23 | |
| criticism(2) 72:20 77:18 | |
| cross(2) 20:19 75:18 | |
| cross-appeal(1) 84:25 | |
| cross-appellants(1) 75:21 | |
| crt(1) 7:46 | |
| crusade(2) 13:7 13:9 | |
| cry(1) 35:20 | |
| crystal(1) 59:9 | |
| cure(1) 59:9 | |
| cut(3) 13:2 67:20 68:15 | |
| cynic(9) 35:10 36:19 49:2 56:14 81:12 81:17 82:2 82:10 82:22 | |
| cynical(1) 36:12 | |
| dana(1) 1:38 | |
| dangers(1) 70:11 | |
| daniel(2) 6:19 7:7 | |
| data(3) 101:21 102:11 103:10 | |
| date(1) 57:15 | |
| dates(1) 36:15 | |
| david(3) 3:14 3:29 39:19 | |
| day(11) 10:1 14:20 38:19 38:19 39:1 46:15 56:25 58:14 62:13 104:10 106:19 | |
| days(15) 15:14 15:15 15:18 15:22 16:17 16:18 18:13 18:13 18:20 26:18 41:9 42:12 51:24 86:8 91:1 | |
| dead(1) 52:10 | |
| deadline(8) 20:3 32:1 36:2 54:8 54:10 54:12 54:13 97:22 | |
| deal(8) 22:22 58:17 60:19 71:20 75:2 75:5 80:21 84:3 | |
| dealing(1) 12:25 | |
| deals(1) 86:5 | |
| debate(3) 15:17 85:23 106:11 | |
| debenture(4) 2:38 5:43 6:13 13:25 | |
| debtor(5) 4:28 32:22 59:20 66:25 102:21 | |
| debtors(26) 1:12 1:25 9:7 9:19 11:24 14:9 14:10 28:4 29:24 30:4 31:19 38:22 39:1 39:3 43:46 46:7 47:22 52:7 67:13 86:10 101:14 101:17 101:24 102:15 103:24 105:22 | |
| debtor's(3) 62:10 65:19 69:17 | |
| december(1) 15:8 | |
| decide(14) 16:19 36:19 37:2 37:17 40:23 42:10 42:14 42:16 50:2 55:4 79:15 50:8 85:9 97:23 | |
| decided(7) 18:21 40:8 41:7 41:15 46:15 67:7 77:6 | |
| decides(5) 37:8 41:8 41:10 47:1 80:19 | |
| deciding(3) 11:25 12:12 80:4 | |
| decision(115) 9:25 10:14 10:16 11:2 12:3 12:20 12:21 16:5 16:22 18:6 18:18 19:14 19:6 19:19 21:17 21:18 23:25 24:1 25:19 27:5 28:21 28:22 30:5 30:19 31:19 32:1 32:5 32:8 34:7 37:9 41:10 42:12 42:18 43:24 48:5 48:6 48:9 49:25 51:2 51:3 51:7 53:1 54:19 54:21 56:5 56:20 57:2 59:8 59:13 59:14 60:11 60:24 61:12 61:25 63:10 63:15 63:16 64:4 64:24 65:6 65:18 65:22 68:6 68:14 68:21 70:24 72:6 72:10 72:12 72:20 72:23 72:25 73:4 73:9 73:22 74:7 74:9 74:11 74:15 74:16 75:15 76:12 76:14 76:15 76:25 77:17 77:20 78:2 78:8 78:11 78:19 79:24 80:2 80:7 80:8 80:9 80:10 80:14 81:15 82:4 84:24 85:1 85:2 85:2 89:14 90:24 91:11 91:15 91:22 92:12 95:24 95:25 97:10 100:17 | |
| decisions(11) 10:2 20:13 29:15 31:12 34:2 34:12 42:15 42:15 65:9 78:22 82:20 | |
| declaration(1) 20:21 | |
| decline(2) 70:14 78:10 | |
| declined(4) 65:11 65:12 65:25 80:10 | |
| decommissioning(1) 102:11 | |
| decree(2) 17:18 84:21 | |
| deems(2) 6:13 7:6 | |
| defend(2) 41:22 85:1 | |
| defensible(1) 41:23 | |
| defer(1) 29:10 | |
| deference(2) 26:5 76:16 | |
| deferring(1) 17:25 | |
| deficient(1) 81:22 | |
| define(2) 77:5 97:4 | |
| defined(6) 44:10 46:9 47:2 94:15 94:22 96:25 | |
| degrees(1) 42:9 | |
| delaware(8) 1:2 1:12 2:41 4:8 9:1 25:1 59:12 65:10 | |
| delay(5) 27:23 27:24 29:9 29:10 37:13 | |
| delaying(1) 16:23 17:25 | |
| denial(1) 98:19 | |
| denied(5) 52:17 63:4 63:6 81:25 98:12 | |
| dentons(1) 5:35 | |
| deny(9) 43:8 79:3 81:20 83:5 94:5 97:25 98:5 100:3 100:7 | |
| denying(1) 64:4 | |
| departure(1) 18:23 | |
| dependent(1) 65:3 | |
| depends(1) 56:11 | |
| depletion(1) 27:18 | |
| deposition(2) 70:21 90:19 | |
| depositions(3) 28:16 28:17 46:19 | |
| deprive(1) 92:7 92:12 | |
| derek(3) 1:26 8:9 9:7 | |
| described(1) 11:17 101:24 | |
| designate(1) 100:25 | |
| designating(1) 42:2 | |
| designations(1) 90:19 | |
| despite(1) 30:8 | |
| destroying(1) 106:5 | |
| destruction(2) 101:13 101:18 | |
| detail(3) 41:4 55:25 61:3 | |
| detailed(2) 25:10 40:15 | |
| detailing(1) 34:8 | |
| determination(2) 32:11 32:14 | |
| determine(1) 60:13 | |
| determines(1) 11:15 | |
| determining(1) 66:22 | |
| develop(1) 26:24 | |
| developed(3) 42:11 | |
| diamond(1) 7:31 | |
| diaz(1) 1:40 | |
| dice(1) 52:22 | |
| did(41) 13:4 14:22 16:23 16:24 25:24 26:3 27:4 27:12 36:22 40:11 43:19 45:5 49:11 58:14 59:11 59:16 62:15 63:20 63:21 63:22 63:23 64:13 69:3 69:3 69:23 73:10 74:6 74:7 78:7 79:12 86:10 86:12 86:13 88:1 89:23 95:2 95:4 95:10 96:17 99:21 100:11 | |
| didn't(21) 14:23 15:3 18:4 22:4 22:14 40:12 40:13 40:15 41:17 41:22 42:25 42:25 43:23 44:6 48:3 48:4 51:14 52:1 55:4 55:9 55:10 | |
| didn't(14) 76:21 83:17 83:23 92:19 94:18 95:18 95:21 96:11 96:16 96:20 99:4 99:11 99:12 102:2 | |
| difference(1) 33:7 | |
| different(8) 10:9 10:13 29:11 42:10 43:17 46:2 62:10 73:1 | |
| difficult(1) 16:13 | |
| dimsdale-gill(1) 5:11 | |
| direct(21) 9:24 23:6 23:22 30:12 30:24 31:4 31:16 32:13 51:9 58:23 61:5 62:25 65:1 65:16 65:24 66:25 70:14 74:20 78:10 81:18 90:13 | |
| direction(1) 78:20 | |
| directly(6) 21:11 34:16 50:16 51:7 64:24 73:24 | |
| disagree(3) 32:10 43:7 62:2 | |
| disagreeing(1) 32:11 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**disagreement**(1) 97:5
**disagrees**(1) 100:14
**discovery**(1) 46:18
**discretion**(10) 26:21 26:25 47:1 70:13 72:16 78:11 85:12 85:12 85:14 85:17

**discriminated**(1) 65:21
**discussed**(1) 95:20
**discussing**(1) 72:4
**discussion**(1) 105:25
**discussions**(10) 30:22 89:2 89:3 89:4 89:5 105:21 106:2 106:3 106:8 106:14

**dismantling**(1) 101:19
**dispense**(1) 51:23 97:17
**disposition**(1) 87:12
**dispositive**(2) 86:6 97:1
**dispute**(2) 27:24 28:7
**disputed**(3) 64:11 64:13 64:13
**disputes**(2) 30:10 103:8
**disregard**(2) 62:14 63:23
**distinguishable**(1) 72:7
**distributed**(2) 35:7 80:15
**distribution**(6) 28:1 30:7 80:18 87:15 97:8 97:17

**distributions**(11) 24:2 34:1 34:8 34:11 35:6 53:3 66:19 87:10 92:5 97:11 97:12

**district**(79) 1:2 12:11 12:14 13:1 13:8 13:9 13:11 15:23 18:7 18:12 18:14 18:17 19:5 19:21 20:14 20:16 24:23 24:24 25:1 25:3 25:6 25:10 25:11 25:13 25:22 25:24 26:2 26:6 26:8 29:1 29:2 30:9 30:14 31:11 36:21 38:13 41:10 42:3 44:23 48:22 49:5 49:7 49:23 50:1 51:8 55:23 56:9 56:12 56:13 56:16 56:20 60:4 60:6 65:10 68:5 68:12 68:23 70:9 70:12 70:25 71:3 76:4 76:19 76:23 78:6 78:16 79:19 79:19 82:17 90:3 90:17 90:21 93:7 96:9 96:15 101:2 101:3 101:14 101:5

**disturb**(1) 82:4
**disturbed**(2) 81:16 85:2
**divergent**(1) 31:11
**divests**(1) 46:5
**dividing**(1) 101:23
**divorced**(1) 65:6
**dla**(2) 3:35 39:10

**document**(3) 46:19 101:1 102:15
**documents**(10) 28:18 101:13 101:19 101:21 101:23 102:6 102:10 102:18 103:1 106:5

**does**(24) 22:13 24:10 25:11 25:21 41:2 44:1 44:4 44:20 48:14 48:18 50:4 50:8 53:24 53:25 56:20 57:9 58:20 59:23 62:16 63:24 78:18 81:21 93:3

**doesn't**(14) 12:14 16:19 22:5 26:9 34:17 41:5 49:7 49:17 52:1 53:25 54:13 54:14 54:20 57:9

**doesn't**(9) 60:7 72:10 72:11 72:14 76:25 84:22 90:22 92:24 93:24

**doing**(6) 10:20 24:23 69:3 91:15 91:21 106:5

**dollar**(1) 87:11
**don't**(35) 14:19 14:20 14:20 16:20 16:24 17:22 17:22 17:24 19:23 23:24 35:9 35:10 35:13 35:23 36:1 36:11 37:19 41:11 41:24 41:25 42:14 42:14 42:15 43:7 44:7 44:7 44:9 44:16 46:25 48:11 48:15 49:4 49:5 57:6 58:10

**done**(18) 17:2 20:25 31:22 32:23 35:25 36:1 53:22 58:16 67:10 77:11 77:13 78:20 89:10 90:9 99:22 99:23 99:24 103:2

**don't**(43) 67:17 73:15 74:6 74:15 74:25 75:10 75:23 77:21 77:22 79:5 79:7 79:7 79:8 79:10 80:16 81:7 81:16 81:17 81:20 82:3 82:11 82:24 87:4 88:16 88:16 88:17 89:7 90:15 91:19 96:6 96:7 96:12 98:7 98:12 98:16 100:5 100:11 100:16 102:11 104:5 104:19 106:3

**double**(1) 33:18
**doubly**(1) 40:15
**doubt**(2) 59:5 63:14
**dow**(1) 71:14
**down**(7) 12:21 31:12 31:19 52:24 56:17 69:11 72:22

**drafts**(1) 75:13
**dragged**(1) 35:17
**due**(11) 35:24 35:25 37:5 52:23 62:11 66:3 67:16 67:17 92:7 92:12 95:20

**dumb**(1) 78:19
**dump**(3) 50:13 51:16 53:16
**during**(1) 78:24
**duty-bound**(1) 68:10
**dwell**(1) 58:11

**each**(6) 21:19 32:21 32:22 66:23 66:25
**earlier**(5) 23:14 30:18 38:5 40:3 59:14
**easily**(1) 57:1
**ecro**(1) 1:38
**educated**(1) 42:12
**effect**(3) 11:5 78:24 89:8
**effective**(1) 16:18
**effects**(1) 70:15
**effort**(1) 81:19
**ehmer**(1) 7:35
**eight**(2) 35:3 53:3
**either**(7) 51:14 63:22 85:15 88:14 90:3 92:5 97:22

**electronic**(4) 1:46 101:20 102:11 107:3
**element**(1) 74:14
**else**(7) 11:6 29:18 40:5 44:3 68:7 102:24 103:12

**elsewhere**(1) 42:4
**emanuel**(1) 5:39
**emea**(28) 15:2 17:3 22:1 28:5 31:19 32:4 32:20 38:21 39:1 39:2 40:12 43:6 45:22 45:22 46:7 52:7 53:11 53:12 53:17 53:20 53:22 54:5 67:7 67:9 69:12 97:15 97:18 98:1
**emea's**(1) 38:4
**emeans**(1) 54:10
**emphasize**(1) 58:8
**emphasized**(1) 69:22
**employees**(2) 5:4 5:15
**enable**(2) 30:25 97:10
**enacted**(1) 78:24
**encompass**(1) 93:19
**encourage**(1) 48:8
**encouraged**(1) 23:6
**end**(11) 21:5 26:18 30:11 35:14 35:21 36:1 57:13 67:20 87:3 97:18 104:9

**endorse**(1) 73:11
**ends**(1) 37:18
**energy**(2) 88:18 91:13
**enforcing**(1) 64:6
**english**(1) 31:25
**enough**(8) 54:20 70:17 72:3 80:21 80:22 82:15 91:22 103:3

**ensure**(1) 83:24
**enter**(1) 101:2
**entered**(6) 9:9 58:12 58:13 74:6 74:17 99:13

**entirely**(1) 37:15

**entirety**(1) 89:6
**entity**(1) 39:2
**envisioned**(1) 88:19
**ephraim**(1) 7:31
**equally**(1) 63:9
**equitable**(6) 44:18 44:22 60:24 63:12 64:17 65:6

**eric**(1) 7:11
**ernst**(1) 6:17
**err**(1) 45:5
**erroneously**(1) 85:10
**especially**(1) 27:17
**esq**(45) 1:26 1:32 1:33 2:6 2:13 2:19 2:20 2:26 2:32 2:33 2:40 2:46 3:6 3:13 3:14 3:15 3:22 3:29 3:36 3:37 3:44 3:45 4:1 4:7 4:13 4:20 4:30 4:35 4:40 4:45 5:6 5:11 5:16 5:20 5:32 5:36 5:40 6:6 6:16 6:19 6:23 6:28 6:32 8:9 8:21

**established**(1) 63:7
**estate**(4) 66:23 66:25 67:22 67:24
**estates**(2) 61:21 67:2
**esther**(1) 7:23
**eve**(1) 14:17
**even**(27) 18:1 23:9 37:7 41:22 42:25 43:1 45:2 49:23 50:3 52:2 55:17 54:21 55:14 55:25 55:25 57:8 65:17 69:18 74:20 78:25 82:7 82:12 90:6 92:19 102:14 103:1 103:3

**ever**(2) 44:9 60:15
**every**(18) 10:23 20:6 20:7 21:6 27:17 28:24 34:3 41:25 42:4 50:12 57:10 57:13 62:12 68:14 74:5 74:14 87:11 87:11

**everybody**(4) 43:4 46:6 59:18 66:16
**everybody's**(1) 42:20
**everyone**(9) 9:3 12:23 13:5 16:12 71:11 87:3 100:17 106:19

**everyone's**(1) 35:19
**everyone's**(2) 92:3 100:10
**everything**(3) 40:11 57:20 68:4
**everywhere**(1) 25:4
**evidence**(2) 70:21 80:12
**exact**(1) 26:2
**exactly**(12) 9:15 11:21 21:13 27:7 59:8 72:5 72:10 78:4 81:17 90:18 93:9 94:25

**example**(7) 45:25 46:23 72:5 72:14 73:18 75:5 75:6

**examples**(4) 58:22 59:5 73:5 79:12
**except**(2) 79:10 101:23
**exclusively**(1) 96:25
**exercise**(3) 72:16 78:11 94:14
**exercised**(1) 63:13
**exercises**(1) 47:1
**exhibits**(1) 90:19
**exigency**(1) 41:18 42:18
**exist**(2) 36:18 59:21
**existence**(1) 63:7
**existing**(1) 64:11
**exists**(5) 11:16 12:4 12:6 12:6 23:10
**exit**(1) 69:17
**exiting**(1) 59:20
**expediency**(3) 31:20 32:3 54:15
**expedite**(1) 21:14
**expedited**(1) 82:19
**expeditious**(1) 69:23
**expense**(3) 68:18 91:5 91:8
**expensive**(1) 69:5
**expert**(1) 28:17
**exponentially**(1) 20:7
**extend**(2) 83:20 95:2
**extended**(1) 94:18
**extent**(9) 30:21 31:7 31:9 48:20 74:3 82:1 85:2 97:21 97:23

**extra**(1) 88:16
**extraordinary**(7) 18:23 18:24 18:25 19:1 19:2 46:24 79:10

**f3d**(1) 25:18
**face**(1) 65:5
**facilitate**(2) 30:20 30:22
**facilitates**(1) 81:11
**facilitating**(2) 31:20 81:10
**facing**(1) 103:9
**fact**(46) 12:8 12:10 16:3 16:11 17:3 18:3 20:21 22:8 22:9 23:22 23:24 24:24 24:25 25:11 33:9 34:22 35:4 36:13 41:5 41:16 43:16 43:19 48:5 48:7 48:16 48:20 52:17 52:18 60:3 60:5 62:14 63:22 64:22 66:1 68:11 68:14 73:14 74:4 77:18 78:14 78:23 83:21 83:24 85:10 93:24

**fact-intensive**(4) 23:8 23:15 27:9 66:2
**factor**(4) 32:15 51:3 93:17 93:19
**factors**(2) 80:3 80:7
**facts**(8) 29:11 64:12 64:13 64:19 65:3 66:17 72:9 85:6

**factual**(14) 22:23 23:1 26:3 26:5 55:14 55:17 55:21 60:25 64:20 65:7 65:7 96:19 96:22 96:23

**factually**(4) 55:18 56:1 97:3 98:8
**fagen**(1) 4:40
**fair**(7) 11:9 44:18 44:22 60:24 64:17 65:6 68:8

**fairly**(1) 78:20
**familiar**(1) 63:14
**far**(5) 20:9 21:7 29:4 52:24 66:20
**farallon**(1) 7:42
**farr**(2) 4:12 33:5
**fashion**(1) 42:7
**fast**(1) 82:6
**faster**(4) 24:24 51:6 68:15 94:2
**fastest**(1) 82:13
**favor**(2) 29:18 40:5
**fearful**(1) 53:14
**fed**(1) 50:14
**feeding**(1) 91:7
**feels**(1) 29:1
**fees**(2) 33:17 37:19
**feld**(4) 3:12 4:39 5:31 58:4
**few**(2) 58:7 94:7
**fewer**(2) 69:6 69:6
**field**(1) 56:17
**fight**(1) 52:22
**fighting**(2) 37:14 52:19
**fights**(2) 48:23 48:24
**figured**(1) 99:17
**file**(18) 13:24 15:12 15:12 20:2 20:14 46:7 73:17 75:14 76:5 78:10 82:7 92:19 100:25 101:1 101:1 101:3 103:23 104:3

**filed**(24) 12:23 16:17 18:10 18:12 18:16 19:17 19:18 20:3 20:16 34:5 40:20 40:21 42:5 42:5 49:9 49:19 58:13 58:24 60:7 73:19 73:24 75:8 84:24 101:12 101:17

**filing**(14) 14:2 14:5 14:19 15:20 16:10 16:11 17:7 28:3 33:8 42:1 42:3 42:4 95:21

**filings**(1) 17:23
**filling**(1) 98:14
**final**(7) 21:9 23:21 34:2 34:12 35:6 53:5 87:12

**finally**(8) 32:6 33:22 35:20 37:6 38:14 88:24 89:14 92:6

**find**(6) 47:15 47:16 47:20 69:3 72:6 105:1
**finding**(3) 24:24 26:6 26:7
**findings-of-fact**(1) 76:16

| Word | Page:Line |
| --- | --- |

**finds**(1) 85:15
**fine**(2) 100:10  100:11
**finite**(1) 47:2
**firmly**(1) 20:12
**first**(43) 10:16  12:18  12:22  14:13  16:16
18:20  21:15  25:13  33:6  38:19  39:1  40:14
40:19  44:20  52:21  54:2  60:22  61:11
61:13  62:8  62:17  63:19  63:25  66:17  68:8
69:10  73:7  73:16  73:16  78:17  78:22  80:5
85:20  86:25  89:23  91:1  92:22  94:14  96:4
96:8  96:14  99:9  103:1

**fit**(2) 48:15  82:18
**fits**(1) 48:12
**five**(4) 27:15  41:20  41:22  89:17
**flom**(1) 3:43
**floor**(1) 1:27
**focus**(4) 10:16  30:17  31:14  72:15
**focused**(3) 50:5  96:9  96:24
**fold**(3) 24:5  49:22  88:22
**follow**(5) 39:23  43:12  57:21  67:18  72:6
**followed**(1) 14:18
**following**(2) 10:10  27:22
**foolish**(1) 94:13
**for**(196) 1:12  1:25  2:4  2:11  2:25  2:38  3:4
3:11  3:28  3:34  3:41  3:43  4:5  4:18  4:28
4:33  4:38  4:43  5:4  5:9  5:14  5:19  5:30
5:35  5:38  5:43  6:4  6:13  6:17  6:26  6:31
7:4  8:4  9:7  9:8  9:13  9:25  10:1  10:2  11:3
12:21  14:1  14:10  15:14  15:14  16:6  16:8
16:10  16:10  17:5  17:7  18:20  19:10  20:5
20:18  22:21  23:9  23:13  24:15  24:16  26:17
27:6  27:13  28:5  30:14  31:14  32:1  32:2
32:12  32:20  32:21  33:4  33:8  33:15  34:10
35:17  35:19  35:19  36:7  36:15  37:16  37:19
37:21  38:6  39:25  40:1  40:9  40:14  41:24
42:2  42:12  42:18  43:24  45:25  46:25  48:3
49:10  49:19  50:5  50:25  51:18  51:20  52:7
52:13  53:17  56:24  57:4  58:3  58:23  59:4
61:5  61:10  61:13  61:24  62:9  62:19  62:24
66:7  68:2  68:2  68:3  68:3  68:23  68:25
69:8  70:17  71:18  72:14  73:19  73:21  73:24
74:3  75:7  75:22  76:1  76:16  77:6  77:7
78:8  78:17  79:15  80:4  80:15  82:4
82:16  82:20  82:22  83:6  83:21  84:13  84:16
84:17  85:10  85:13  85:14  85:19  86:10
86:17  87:15  87:20  88:18  89:10  90:7  91:1
91:22  92:9  94:10  94:23  95:19  95:20  96:4
96:16  96:19  97:12  97:22  99:16  100:13
101:7  101:9  101:18  101:23  102:4  102:5
103:12  103:25  104:6  104:6  104:13  104:14
104:17  105:5  105:18  105:22  105:23  106:1

**force**(1) 102:25
**forced**(1) 58:17
**forceful**(1) 70:7
**forcefully**(1) 87:5
**foregoing**(1) 107:2
**forget**(2) 35:4  91:10
**forgive**(1) 100:24
**form**(2) 19:3  31:12
**formal**(2) 31:20  38:18
**former**(1) 5:4
**forth**(2) 42:2  105:25
**forum**(4) 41:8  55:11  90:23  91:2
**forward**(9) 9:11  19:14  24:18  30:23  32:3
51:5  88:22

**found**(7) 22:3  32:8  40:12  43:23  58:15
69:14  88:7

**four**(1) 11:22
**fourth**(1) 12:11
**fox**(1) 2:5
**frame**(3) 16:15  16:16  31:8
**frankly**(4) 40:10  41:21  50:10  55:2  75:23
92:21  99:16  100:19  102:19

**fred**(1) 5:32
**french**(1) 38:23

**friday**(5) 16:14  58:14  102:22  103:18
**friedman**(1) 5:20
**from**(62) 12:20  12:21  12:22  14:24  15:23
17:25  18:1  18:23  20:9  24:6  25:15  27:16
28:1  29:22  30:7  30:19  33:4  33:14  34:1
35:3  35:3  38:5  38:18  38:20  39:1  39:10
43:10  43:12  45:14  50:12  51:5  53:5  53:11
53:12  53:20  54:5  58:7  58:22  59:20  61:7
62:10  63:15  63:16  64:1  64:1  64:24  65:1
65:6  66:12  66:21  69:14  70:10  70:22  71:9
73:1  81:2  82:23  86:24  96:2  103:24  105:10
107:3

**front**(5) 46:9  71:20  96:9  103:23  104:23
**full**(2) 53:23  73:21
**fuller**(1) 98:17
**fully**(1) 32:4
**function**(1) 66:21
**fundamental**(3) 74:11  74:14  90:3
**fundamentally**(2) 10:19  62:3
**funds**(1) 80:18
**further**(4) 16:23  24:11  33:15  50:5
**furthered**(1) 31:3
**gabrielle**(2) 2:19  29:22
**gallagher**(2) 4:12  33:5
**game**(2) 35:12  35:12
**garbage**(1) 55:6
**gate**(4) 47:11  51:19  52:5  52:12
**gatekeeper**(1) 47:10
**gateway**(1) 48:21
**gave**(4) 11:9  11:10  41:20  55:5
**general**(3) 23:10  59:12  67:25
**generated**(1) 62:10
**generic**(1) 57:17
**gerber**(1) 59:11
**get**(54) 10:7  13:3  13:3  14:13  16:13  16:14
16:15  21:6  23:23  24:7  35:14  35:17  35:18
35:25  36:1  36:3  40:19  41:22  49:15  49:20
49:25  50:14  51:2  51:6  51:23  52:18  52:22
53:1  53:3  53:12  57:5  58:16  66:14  67:21
68:11  70:17  74:18  76:2  76:3  83:13  83:21
87:10  94:19  96:11  97:9  97:10  97:10  99:6
96:9  99:12  101:15  102:6  103:23  104:15

**gets**(8) 19:4  20:15  26:1  33:13  42:14  46:8
76:23  91:18

**getting**(3) 33:21  56:18  102:17
**gianis**(1) 8:17
**give**(17) 35:20  35:22  43:23  44:4  55:25
62:15  64:25  69:6  73:5  73:18  85:9  90:25
90:25  99:10  101:17  101:14  101:20

**given**(11) 21:9  22:7  22:21  26:13  33:6
50:17  51:4  57:20  90:12  91:10  104:12

**giving**(3) 33:21  56:18  102:17
**glad**(4) 40:10  40:15  92:18  99:24
**glemann**(7) 2:19  29:19  29:22  29:22  30:1
31:7  32:25

**goal**(5) 98:24  98:25  99:5  99:6
**goals**(1) 69:24
**goes**(5) 25:20  31:10  50:16  58:21  73:8
**going**(94) 9:12  13:2  13:3  13:13  13:14  13:15
14:11  16:13  17:25  20:17  24:3  24:11  24:23
26:3  26:4  26:5  26:8  27:16  29:2  29:4
30:10  30:15  30:23  35:13  35:17  39:13  44:8
46:8  46:11  46:21  46:21  47:21  47:22  48:21
48:23  48:25  49:8  50:10  50:25  51:15  51:16
51:18  51:23  52:3  53:14  53:15  53:17  54:7
54:8  55:16  56:12  56:13  56:15  57:2  57:13
58:8  59:19  59:20  60:18  60:19  61:7  67:3
67:10  67:20  68:4  69:9  69:11  70:9  70:25
71:16  71:18  71:19  73:14  79:2  79:14  81:13
82:8  82:17  84:2  85:3  88:10  88:13  89:7
89:7  90:20  91:4  91:13  93:24  96:1  96:8
96:24  97:17  100:2  101:16  106:10

**gone**(3) 11:7  20:14  21:7

**good**(28) 9:3  9:4  9:5  9:6  9:16  9:17  29:19
29:21  33:2  33:3  37:25  38:1  39:8  39:9
39:18  39:19  40:6  40:7  47:23  47:23  47:24
58:1  58:2  72:13  77:4  106:19  106:19
106:22
**goodmans**(1) 6:22
**goodman's**(1) 105:23
**got**(8) 34:20  52:4  58:10  91:16  92:20  94:25
99:20  99:22

**gotten**(1) 102:4
**gottlieb**(2) 1:31  6:6
**govern**(1) 84:20
**governing**(4) 21:18  64:9  88:3  88:6
**governs**(1) 17:18
**grant**(4) 20:19  26:5  37:22  41:15
**granted**(3) 57:2  70:13  79:4
**granting**(1) 21:11
**grapple**(1) 90:4
**great**(4) 46:23  77:16
**greater**(1) 13:21
**greatest**(2) 13:16  82:1
**gross**(4) 1:19  68:5  80:14  89:24
**ground**(1) 32:12
**grounds**(1) 23:9
**group**(9) 3:4  4:18  4:43  7:46  8:4  19:12
19:13  39:3  48:16

**grow**(1) 20:7
**guess**(4) 55:12  71:22  73:17  77:22
**guidance**(8) 11:9  11:11  43:24  44:1  44:4
62:16  63:25  64:1

**guide**(4) 44:23  44:24  70:2  70:19
**guiding**(8) 22:8  22:12  22:15  22:15  22:17
22:18  23:4  23:12

**guiney**(3) 2:46  5:44  6:14
**gump**(4) 3:12  4:39  5:31  58:4
**guyder**(1) 6:19
**habbu**(1) 7:39
**had**(39) 13:24  16:11  19:6  19:6  21:22
21:23  26:13  28:16  28:17  28:17  28:18
28:20  36:10  36:13  40:10  41:16  43:1  44:5
46:9  47:8  47:9  56:18  62:5  65:9  65:20
69:5  69:19  73:19  73:24  73:25  74:11  83:16
86:19  92:24  99:16  99:18  102:7  102:15
103:17

**hadley**(2) 3:5  4:44
**hadn't**(3) 14:16  19:7  20:4
**hadn't**(2) 73:24  76:10
**halcyon**(1) 5:19
**half**(4) 24:1  49:21  81:23  88:12
**hall**(1) 2:33
**halt**(2) 21:2  21:12
**hamilton**(1) 1:31
**hand**(1) 85:6
**handful**(1) 73:5
**handing**(1) 102:12
**handle**(1) 12:15
**hands**(2) 95:15  102:6

**happen**(8) 50:4  54:13  76:1  76:4  82:4
82:13  82:21  91:24

**happened**(5) 57:15  59:7  62:7  77:15  80:14
**happens**(4) 43:14  56:11  92:1  92:2
**happy**(6) 43:3  66:16  76:24  83:24  87:3
95:17

**hard**(2) 23:20  77:10
**harmed**(3) 67:23  67:25  70:25
**harrisburg**(1) 1:42

**has**(54) 9:10  11:5  11:7  13:13  13:16  13:17
13:20  13:21  16:4  16:17  17:11  29:7  29:8  29:8
29:14  31:22  32:23  32:23  34:4  36:25  44:6
47:2  48:1  50:15  51:19  54:22  60:19  61:1
62:7  64:8  66:20  66:24  66:25  67:19  67:22
67:24  75:13  75:19  77:15  77:23  79:18
79:19  79:21  79:23  80:22  80:23  81:22  83:6
83:15  85:12  94:22  96:5  96:12  97:3  101:11

**hashed**(1) 96:8
**haste**(1) 60:1
**hate**(2) 104:12  105:9
**hauer**(4) 3:12  4:39  5:31  58:4
**have**(179) 12:20  14:14  14:18  14:19  15:3
15:22  15:24  16:16  17:1  18:3  18:4  19:14
19:14  19:16  19:23  19:24  19:24  20:1  20:12
20:16  20:21  21:5  21:10  21:11  23:16  23:22
24:1  24:2  24:3  24:5  25:9  28:16  28:17
28:17  28:18  28:20  28:22  31:19  31:23
33:16  33:17  35:11  36:2  36:17  36:19  36:20
36:22  38:14  41:7  41:17  41:24  43:17  43:23
44:10  44:14  44:16  44:21  45:8  45:20  46:4
46:14  46:20  46:22  47:1  47:8  47:15  47:15
47:16  47:23  47:23  47:24  48:7  48:13  48:14
48:17  48:18  48:23  48:24  48:25  49:7  49:16
50:13  51:17  52:1  52:1  52:3  52:12  53:18
53:18  53:22  54:9  57:1  57:4  58:14  58:18
58:23  59:23  61:23  62:4  63:19  63:20  66:8
67:5  67:6  68:13  73:3  74:1  74:21  74:22
74:25  75:7  75:10  75:18  75:20  76:2  76:18
76:21  77:6  77:13  78:20  78:21  79:2  79:5
79:10  79:22  80:23  81:7  81:17  82:6  82:7
82:8  82:16  83:10  83:23  83:24  84:2  84:18
84:24  88:1  89:8  89:17  89:23  90:4  91:18
91:19  91:22  91:24  91:24  94:4  94:7  95:18
98:9  98:12  99:15  99:23  99:23  100:6
100:12  101:4  101:4  101:15  102:2  102:9
102:17  102:18  102:20  102:24  102:24
103:22  103:23  104:1  104:2  104:3  104:7
104:22  105:24  106:2  106:7  106:15

**haven't**(4) 36:9  41:4  51:1  56:5
**haven't**(3) 79:21  96:25  97:5
**having**(5) 18:2  31:11  56:23  101:19  102:4
**hbk**(1) 7:10
**heading**(1) 104:13
**heads-up**(1) 101:7
**hear**(24) 16:19  18:18  18:19  18:19  24:22
25:7  26:3  26:4  26:21  27:1  27:8  42:9
54:23  70:9  78:11  78:11  80:4  96:11  96:16
96:20  99:15  104:19  106:13

**heard**(51) 12:24  13:9  14:14  14:16  14:24
16:7  19:1  19:4  19:22  19:24  19:25  20:17
20:17  21:7  23:1  26:1  28:20  29:2  29:5
38:14  40:16  42:23  43:5  45:14  46:8  50:22
52:7  53:10  53:11  53:19  56:6  57:13  58:7
58:22  61:7  66:12  66:20  67:11  67:14  67:19
72:21  77:8  83:10  83:15  83:21  86:2  91:8
92:15  97:5  97:12  104:20

**hearing**(12) 9:9  38:20  40:14  102:4  102:8
102:25  103:19  103:20  103:25  104:4  105:5
106:25
**hears**(3) 15:19  25:8  29:6
**heated**(1) 65:10
**heavily**(1) 65:3
**held**(2) 63:12  105:6
**help**(4) 30:20  30:22  31:5  31:6
**herbert**(1) 6:9
**here**(59) 10:6  11:21  19:20  19:21  19:23
23:24  26:17  26:22  27:20  27:23  28:12
30:16  31:10  32:9  38:10  40:20  42:9  43:4
43:13  44:3  46:2  47:10  49:6  50:11  50:22
51:1  52:2  53:15  54:4  55:4  55:7  56:6
58:10  58:16  59:12  59:22  59:22  62:16  63:5
63:9  64:14  69:5  69:12  70:3  71:7  75:11
77:16  79:14  80:6  81:12  84:11  89:23  91:7
94:19  98:19  99:17  101:3  101:6  104:2

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **here's**(5) 43:10  43:13  53:13  53:13  54:12 | | **huberly**(1) 6:32 | | **interested**(3) 6:31  7:4  8:4 | | **it's**(85) 9:4  10:15  12:5  12:7  12:8  12:10 | |
| **here's**(1) 60:17 | | **hughes**(1) 2:18 | | **interesting**(7) 30:7  43:6  44:5  44:16  45:10 | | 13:14  13:22  16:13  17:17  17:20  18:9  18:9 | |
| **he's**(5) 77:2  80:8  80:9  81:2  81:3  86:7 | | **hughes**(2) 2:18  6:31  8:8  29:22  32:20 | | 47:7  94:16 | | 18:12  18:13  18:21  18:24  19:1  19:2  19:5 | |
| **highly**(1) 101:24 | | **humanly**(1) 81:23 | | | | 19:12  19:24  19:24  20:8  20:17  20:18  22:6 | |
| **him**(5) 67:14  80:4  94:23  94:25  95:3 | | **hurdles**(1) 96:13 | | **interests**(1) 19:13 | | 22:20  23:16  23:20  24:23  26:2  26:3  26:4 | |
| **his**(12) 33:8  40:12  45:11  48:16  54:25  66:3 | | **hurry**(2) 42:14  55:1 | | **interim**(10) 24:2  32:1  34:8  34:11  35:5 | | 26:5  26:20  27:8  27:9  27:10  28:16  29:3 | |
| 80:14  92:22  94:14  95:1  98:11  100:15 | | **i'd**(4) 33:6  45:12  45:16  55:12 | | 87:10  87:15  97:8  97:11  97:12 | | 29:4  30:4  30:6  32:3  33:5  34:21  35:10 | |
| | | **i'll**(7) 9:11  10:17  11:2  11:23  24:7  40:16 | | | | 35:25  36:7  40:22  41:6  41:8  41:23  43:10 | |
| **historic**(1) 103:17 | | 58:6 | | **interlocutory**(9) 20:14  20:20  20:22  20:24 | | 43:11  44:5  44:16  44:22  45:2  45:2  45:4 | |
| **historically**(1) 102:14 | | **i'm**(13) 19:3  26:14  36:12  37:3  39:12  40:10 | | 21:1  21:2  21:4  21:10  99:2 | | 45:25  46:2  46:24  47:3  49:5  49:20  49:21 | |
| **history**(10) 23:2  23:3  23:5  55:15  55:22 | | 46:11  47:21  47:22  56:14  56:14  56:15 | | | | 50:11  50:16  51:3  51:20  51:22  53:20  53:21 | |
| 56:4  66:4  90:12  102:18  106:11 | | 57:12 | | **intermediate**(5) 31:10  67:21  68:16  69:7 | | 55:2  56:3  56:22  57:6  57:8  57:14  59:19 | |
| | | **idea**(6) 52:25  53:8  75:21  90:15  90:23  93:8 | | 70:8 | | 59:19  59:20 | |
| **hit**(1) 15:22 | | **ideally**(2) 26:23  27:9 | | | | | |
| **hoc**(3) 3:4  4:18  4:43 | | **identified**(1) 75:17 | | **interpretation**(3) 45:16  61:8  85:5 | | **item**(1) 9:9 | |
| **hodara**(1) 5:32 | | **ifsa**(2) 46:4  46:15 | | **interpreted**(1) 66:8 | | **its**(9) 26:25  61:2  61:25  65:13  67:18  71:2 | |
| **hoeffner**(6) 3:37  39:9  39:10  39:11  39:12 | | **ignore**(2) 86:7  87:8 | | **interpreter**(1) 64:8 | | 78:20  79:9  89:4 | |
| 39:17 | | **illinois**(1) 62:21 | | **interrupt**(1) 106:16 | | | |
| | | **illusion**(1) 75:11 | | **intervention**(1) 104:11 | | **itself**(1) 84:12 | |
| **hogan**(2) 4:34  5:10 | | **immediate**(3) 23:19  23:22  100:5 | | **into**(8) 11:25  12:18  12:19  17:22  19:7 | | **it's**(59) 60:10  61:8  61:12  61:12  61:14 | |
| **hold**(4) 34:17  43:8  59:19  59:20 | | **immediately**(1) 53:16 | | 21:10  88:12  98:10 | | 61:24  64:23  66:8  67:3  67:19  70:23  71:1 | |
| **holding**(5) 17:10  17:11  17:15  25:15  47:3 | | **impact**(13) 13:16  13:17  13:20  13:21  23:22 | | | | 72:18  72:19  75:22  75:23  75:25  76:14 | |
| **home**(2) 24:6  65:11 | | 24:2  24:2  24:3  24:5  69:13  97:16  97:16 | | **inundated**(1) 70:20 | | 76:20  77:10  77:24  77:24  77:24  78:20  79:2 | |
| **honor**(257) 9:5  9:8  9:17  9:20  10:2  10:4 | | 99:23 | | **investment**(1) 8:4 | | 79:11  79:12  79:15  80:20  81:10  82:10 | |
| 10:24  11:2  11:3  11:14  12:19  13:24  15:23 | | **impacted**(1) 99:14 | | **invitation**(7) 86:6  86:8  87:9  87:14  94:17 | | 84:19  84:20  85:6  86:1  86:19  87:1  87:21 | |
| 16:4  16:8  16:12  16:14  16:19  16:22  17:2 | | **impacts**(1) 58:11 | | 94:18  95:3 | | 87:22  89:11  89:12  90:17  92:2  93:9  93:24 | |
| 17:5  17:6  17:12  18:1  18:2  18:3  18:18 | | **impeding**(1) 69:17 | | | | 94:11  94:13  94:14  94:16  96:1  96:22  98:18 | |
| 18:19  18:24  19:6  19:10  19:20  20:5  20:10 | | **impermissible**(1) 34:22 | | **invokes**(1) 64:17 | | 100:16  101:8  102:3  102:5  102:12  103:15 | |
| 20:13  20:18  21:16  21:20  22:3  22:4  22:6 | | **implemented**(1) 46:17 | | **involved**(2) 30:16  67:6 | | 104:23 | |
| 22:7  22:7  22:9  22:14  22:14  22:19  22:21 | | **implicate**(1) 65:14 | | **involves**(1) 10:15 | | | |
| 22:23  23:17  23:21  24:15  25:15  26:17  27:3 | | **importance**(5) 10:15  10:17  13:17  69:22 | | **involving**(1) 55:21 | | **ivanhoe**(5) 73:19  73:22  76:10  76:22  81:24 | |
| 27:7  27:13  27:14  27:19  27:21  27:22  28:2 | | 70:8 | | **ireland**(1) 38:24 | | **i'd**(3) 89:21  94:23  100:6 | |
| 28:2  28:5  28:8  28:8  28:11  28:19  29:9 | | | | **irish**(1) 38:24 | | **i'll**(12) 61:2  64:25  66:12  69:21  76:3  83:11 | |
| 29:12  29:16  29:19  30:1  30:18  30:24  31:8 | | **important**(24) 11:1  11:1  11:4  11:10  18:21 | | **ironically**(1) 103:24 | | 93:12  100:9  101:14  104:19  105:11  106:16 | |
| 31:14  31:21  32:6  33:2  35:6  36:3  36:7 | | 23:25  23:25  26:10  27:23  45:19  50:23 | | **isn't**(2) 10:21  41:25 | | | |
| 37:6  37:8  37:16  37:25  38:7  38:11  38:16 | | 50:25  59:25  69:8  69:20  71:18  72:2  79:2 | | **isn't**(4) 69:8  72:20  74:7  93:11 | | **i'm**(24) 60:19  61:7  71:16  71:18  71:19 | |
| 39:1  39:6  39:9  39:19  40:3  40:7  40:8 | | 79:11  79:17  86:2  87:6  87:20  87:25 | | **issue**(91) 11:11  11:12  11:25  12:7  16:19 | | 73:13  81:14  82:2  82:22  86:22  92:18  99:3 | |
| 41:21  41:22  44:10  44:19  44:14  44:15  48:22 | | | | 21:19  23:5  23:10  32:6  33:21  33:22  43:5 | | 99:13  99:24  100:2  100:3  100:23  101:6 | |
| 49:20  53:24  54:3  55:12  56:10  58:1  58:6 | | **importantly**(2) 58:21  80:3 | | 45:13  46:4  46:8  46:9  47:2  47:16  49:6 | | 103:11  103:16  104:1  105:16  106:1  106:10 | |
| 58:11  58:19  58:21  59:5  59:7  59:9  59:23 | | **imposed**(1) 61:18 | | 49:8  50:23  50:25  55:13  59:4  59:10  59:11 | | | |
| 59:23  60:8  60:8  60:20  61:17  61:22  62:3 | | **impossible**(1) 102:5 | | 61:10  61:20  62:8  63:1  63:10  63:19  64:3 | | **i've**(6) 70:17  81:5  97:12  97:20  100:9  101:2 | |
| 62:11  62:14  62:15  62:19  62:20  63:8  63:14 | | **impression**(4) 52:21  62:8  62:17  63:25 | | 64:9  64:16  64:20  64:21  65:6  65:24  66:6 | | **jacob**(1) 9:17 | |
| 63:20  63:21  63:21  63:22  64:3  64:5  64:7 | | **improper**(2) 27:5  78:8 | | 69:16  69:20  72:11  72:11  72:12  73:3  73:4 | | **jacques**(1) 5:16 | |
| 64:15  64:25  65:4  65:9  65:17  65:19  66:5 | | **inappropriate**(2) 23:1  23:16 | | 73:20  73:20  74:5  74:8  76:10  76:12  76:25 | | **jaime**(1) 2:13 | |
| 66:10  66:12  66:18  66:20  66:21  66:24  67:2 | | **inc**(2) 1:8  4:29 | | 77:1  77:14  78:17  80:9  82:15  83:4  83:13 | | **james**(2) 2:39  5:40 | |
| 67:5  67:9  67:16  67:19  67:22  68:1  68:9 | | **inclined**(2) 100:3  100:7 | | 86:6  87:6  87:12  87:12  87:19  87:20  87:25 | | **jay**(1) 2:32 | |
| 68:17  69:13  69:16  70:4  70:5  70:5  70:18 | | **included**(1) 32:22 | | 87:25  89:12  92:23  92:23  93:1  93:3  93:8 | | **jeff**(1) 1:32 | |
| 70:19  70:20  71:1  71:4  71:13  71:15  72:2 | | **including**(3) 10:5  11:3  11:3 | | 93:10  94:13  94:14  94:15  94:15  94:16 | | **jefferson**(1) 3:30 | |
| 72:15  72:23  73:18  73:23  73:24  74:2  74:6 | | **incorrect**(2) 21:9  34:20 | | 94:19  94:23  94:25  96:5  96:15  96:18  99:1 | | **jeffrey**(1) 2:6 | |
| 74:11  74:14  74:17  75:2  75:6  75:23  75:24 | | **incurred**(1) 33:17 | | 100:4  102:23  104:14 | | **jennifer**(1) 8:5 | |
| 77:3  77:19  77:22  78:21  79:5  80:2  81:1 | | **indeed**(2) 61:25  69:24 | | | | **jevic**(6) 17:9  17:11  17:15  25:14  25:15 | |
| 81:5  81:14  82:5  82:14  82:21  82:24  83:2 | | **indefinite**(1) 80:15 | | **issued**(3) 31:25  32:5  63:10 | | **job**(1) 100:11 | |
| 83:2  83:3  83:4  83:7  83:9  83:10  83:13 | | **indenture**(1) 39:21 | | **issues**(101) 16:4  17:1  17:12  17:13  17:13 | | **john**(3) 6:10  6:44  7:19 | |
| 83:15  83:15  83:20  83:22  83:25  84:1  84:17 | | **indicate**(1) 15:21 | | 17:14  19:15  22:23  23:7  23:8  23:15  26:3 | | **johnson**(1) 3:15 | |
| 85:8  85:8  85:11  85:12  85:14  85:14  85:17 | | **indiscernible**(2) 61:2  101:23 | | 26:4  26:4  26:5  27:10  30:22  32:13  36:10 | | **join**(4) 13:7  39:13  77:14  92:19 | |
| 85:18  85:25  86:1  86:2  86:3  86:15  86:24 | | **ineffective**(1) 82:13 | | 36:15  44:10  44:12  44:15  45:20  46:10 | | **joined**(3) 10:7  73:3  96:6 | |
| 87:4  87:5  87:9  88:4  88:4  88:5  88:7  89:15 | | **inevitable**(2) 49:24  67:19 | | 47:12  48:20  48:21  48:24  49:5  49:9 | | **joint**(14) 2:11  6:4  28:3  28:4  29:23  30:1 | |
| 89:19  90:5  91:25  92:10  92:16  92:21  93:5 | | **inevitably**(1) 68:25 | | 49:13  49:14  50:1  50:4  50:9  50:11  50:12 | | 30:11  32:20  32:21  45:23  67:8  102:24 | |
| 97:21  97:23  98:21  99:7  99:19  100:19 | | **informal**(1) 31:22 | | 50:17  52:20  54:17  55:14  55:17  55:18 | | 103:18  103:20 | |
| 101:6  105:14  106:4  106:8  106:10  106:17 | | **ingersoll**(1) 2:25 | | 55:21  56:1  56:11  57:20  58:23  58:24  59:21 | | | |
| 106:24 | | **inject**(2) 98:9  98:24 | | 59:25  60:7  60:14  61:4  61:24  65:12  65:14 | | **jointly**(2) 1:6  62:6 | |
| **honor's**(6) 12:20  12:21  19:16  19:19  32:8 | | **injecting**(1) 98:24 | | 71:20  75:2  75:4  75:11  75:12  75:17  75:17 | | **jones**(2) 4:19  7:14 | |
| 34:6 | | **injunction**(1) 63:1 | | 75:19  76:5  76:7  76:9  76:9  76:12  76:22 | | **joseph**(1) 6:23 | |
| | | **injustice**(1) 68:5 | | 76:22  77:5  77:12  77:13  77:16  77:22  78:23 | | **judge**(45) 1:19  1:20  26:12  31:25  36:22 | |
| **honorable**(1) 1:19 | | **inquiry**(2) 23:15  42:21 | | 79:8  80:20  82:17  90:1  90:2  90:8  94:12 | | 37:4  40:23  42:13  42:17  43:18  47:9  48:8 | |
| **honor's**(14) 64:4  65:5  66:22  67:23  67:25 | | **insofar**(1) 96:6 | | 94:12  96:9  96:16  96:22  96:23  96:25  97:1 | | 54:18  54:20  54:22  59:11  59:12  59:16 | |
| 68:6  70:9  77:17  84:24  85:1  85:1  85:2 | | **insolvency**(1) 30:3 | | 97:4  98:2  98:10  98:24  99:1  100:25  102:17 | | 64:10  65:19  65:19  65:24  69:14  77:24  78:6 | |
| 86:3  87:14 | | **instance**(6) 11:21  78:18  80:5  85:19  86:1 | | | | 79:18  79:19  79:23  80:3  80:13  80:19  81:2 | |
| | | 86:17 | | **it'll**(1) 24:2 | | 82:17  86:2  89:24  90:24  97:20  97:23  98:1 | |
| **hope**(4) 45:10  56:15  68:7  106:16 | | | | | | 98:12  98:17  99:1  100:14  100:14  103:23 | |
| **hoped**(1) 56:18 | | **instances**(3) 23:14  59:11  79:24 | | | | | |
| **hopeful**(1) 103:16 | | **instant**(1) 59:7 | | | | **judges**(1) 25:9 | |
| **hopefully**(2) 104:9  106:14 | | **instead**(3) 66:23  72:24  77:20 | | | | **judgment**(2) 17:17  84:21 | |
| **hours**(1) 58:13 | | **intend**(2) 14:12  98:9 | | | | **julia**(1) 8:21 | |
| **house**(1) 23:11 | | **intended**(3) 71:3  74:4  74:8 | | | | **july**(5) 1:14  9:1  16:17  20:4  101:16 | |
| **how**(20) 23:21  23:24  29:19  31:5  31:5 | | **intensive**(3) 12:8  12:10  66:2 | | | | **jurisdiction**(8) 36:18  36:19  40:24  43:11 | |
| 33:20  37:12  42:5  43:13  56:8  57:14  58:10 | | **interest**(8) 20:8  29:9  29:10  38:14  54:15 | | | | 46:5  46:14  83:23  91:1 | |
| 62:2  64:18  65:4  66:3  67:1  67:6  77:20 | | 67:1  67:6  92:3 | | | | | |
| 97:4 | | | | | | **jurisdictions**(2) 31:9  91:14 | |
| **hubbard**(5) 2:18  6:31  8:8  29:23  32:20 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| just(73) 9:12 11:12 22:5 30:2 31:18 32:18 34:9 37:19 38:7 38:16 38:18 38:20 39:13 39:25 40:11 40:16 41:8 41:21 42:8 43:16 44:10 45:20 45:21 47:3 47:9 47:11 47:21 47:22 47:25 48:14 50:14 53:9 53:24 56:13 57:1 57:5 60:7 63:10 64:25 66:8 67:17 67:21 68:8 68:20 69:8 70:4 70:23 71:17 71:20 72:13 73:5 75:4 75:5 75:6 75:16 75:22 77:21 84:3 85:9 87:21 89:17 90:22 90:22 94:7 94:13 100:11 100:15 101:15 102:5 102:10 102:12 104:7 104:13 | | lawyer(1) 106:1 lawyers(1) 105:22 lax(1) 6:5 layers(1) 3:19 lead(2) 95:16 95:21 leapfrogging(1) 70:12 learn(1) 73:16 leases(1) 102:17 least(3) 59:23 61:21 63:6 leave(19) 20:18 20:19 21:11 27:6 51:20 52:13 52:17 52:19 56:24 57:2 57:4 61:15 75:7 78:9 81:20 84:16 86:11 86:17 101:9 | | loaf(2) 49:21 49:21 lockbox(6) 33:20 34:1 34:23 35:7 35:19 97:18 lockstep(1) 42:5 logic(1) 50:16 logistics(1) 33:7 long(2) 89:9 96:17 long-lasting(1) 23:22 longer(3) 15:19 34:2 34:12 look(22) 12:11 23:2 25:9 26:5 38:19 44:7 44:10 44:15 46:1 50:2 55:22 56:3 57:14 57:15 57:15 68:14 75:6 78:7 79:11 81:16 85:21 94:11 | | matter(32) 10:15 11:4 11:7 11:13 12:2 12:3 13:22 15:1 15:13 16:1 22:21 22:22 26:18 29:7 41:5 41:8 57:8 58:20 62:4 62:17 77:10 83:16 85:12 85:14 85:16 85:16 86:25 89:11 89:11 100:12 104:20 107:4 matters(6) 11:9 16:13 17:20 23:1 24:17 86:14 matthew(5) 3:45 4:35 4:40 6:6 7:35 |
| justice(4) 28:20 31:25 66:24 71:2 justification(1) 68:12 justin(1) 4:7 | | leave-to(1) 31:2 lebanc(1) 3:6 leblanc(30) 61:15 61:19 70:10 71:12 71:13 71:15 71:24 72:2 72:9 73:13 74:25 75:10 76:7 78:2 78:4 80:2 81:1 81:10 83:8 84:14 84:22 85:11 88:9 88:24 91:10 92:6 95:25 96:5 96:14 98:11 | | looked(4) 26:12 41:4 41:14 80:3 looking(7) 24:15 24:16 45:21 45:22 76:14 91:14 91:19 looks(7) 25:11 25:12 53:19 57:18 61:18 75:25 92:15 | | matz(1) 4:45 mauzy(1) 6:36 may(37) 9:25 10:21 10:24 10:25 15:22 19:6 23:8 23:13 25:3 26:1 29:14 24:20 25:17 28:9 29:6 29:11 29:11 34:7 43:23 47:23 48:17 48:17 62:4 62:6 65:19 67:5 71:11 71:13 71:14 85:16 86:13 86:14 87:1 87:10 89:17 97:24 100:4 102:14 |
| katten(2) 3:28 39:20 keane(1) 4:20 keep(1) 57:22 kempner(1) 7:30 kenneth(1) 5:36 kent(1) 7:27 kentucky(1) 68:24 keurig(1) 77:23 kevin(2) 1:19 7:47 key(5) 20:11 21:19 30:22 94:4 96:4 keys(1) 43:8 kick(2) 80:5 80:22 kimberly(1) 8:17 kind(6) 16:6 52:22 54:1 54:11 72:10 78:4 king(3) 2:14 3:24 4:2 knew(1) 99:14 knights(1) 37:14 knock(1) 52:23 know(72) 13:1 14:20 16:20 29:4 33:21 35:24 37:7 37:12 41:13 41:24 42:1 44:4 48:11 48:15 48:24 49:15 49:20 49:22 54:3 54:4 54:20 55:2 55:10 56:15 56:19 57:1 57:3 59:13 59:17 73:15 74:15 74:25 76:11 77:11 77:12 77:21 77:22 80:16 81:13 81:14 81:14 81:17 84:22 86:3 86:4 87:18 88:12 89:25 90:2 90:9 90:11 91:5 91:12 92:11 92:18 93:1 93:8 93:10 95:24 96:6 96:6 96:7 97:9 97:19 99:11 102:11 102:19 102:24 103:21 104:9 104:19 106:2 | | leblanc's(1) 43:19 legal(16) 1:27 23:7 23:10 26:4 26:4 37:13 46:4 46:8 46:9 46:10 47:2 59:10 59:11 65:16 88:2 97:1 legion(1) 79:2 legislative(8) 23:2 23:3 23:5 55:15 55:22 56:4 66:14 91:7 length(3) 28:15 70:20 102:16 lengthy(3) 28:14 28:20 38:12 less(2) 67:4 69:5 let(26) 12:17 26:23 37:16 42:19 43:4 47:10 50:19 54:16 54:16 64:21 70:4 71:2 71:20 72:21 73:5 73:18 78:6 79:9 85:9 94:19 94:25 98:16 99:9 99:11 102:25 103:20 let's(6) 12:18 21:15 28:23 34:9 51:22 57:5 let's(4) 71:5 84:3 94:9 102:13 level(4) 31:2 31:8 56:24 68:16 levels(2) 52:11 91:7 leverage(6) 35:16 35:23 67:14 67:17 81:11 82:23 liberty(1) 1:34 light(1) 80:11 like(22) 12:2 13:17 27:3 33:6 43:17 45:12 47:14 48:21 53:19 56:14 58:9 61:19 75:25 76:10 76:22 79:6 81:15 89:21 92:15 92:15 100:6 101:22 | | lose(6) 16:22 40:24 41:6 41:7 41:11 81:13 lost(18) 20:25 47:8 49:9 50:22 55:6 61:19 66:17 70:9 70:20 70:21 91:6 91:7 91:13 97:5 97:17 98:9 101:19 105:24 lots(1) 63:17 love(3) 45:17 81:15 94:23 lovells(4) 4:34 5:10 low(1) 30:14 lowenthal's(1) 14:2 lower(1) 79:4 ltd(3) 5:10 38:23 38:25 ltt(1) 38:22 macquarie(1) 6:35 made(38) 13:4 14:5 14:8 14:21 15:4 15:4 15:7 18:22 19:10 20:13 25:1 25:2 26:22 26:24 28:24 31:23 34:3 47:7 48:5 48:6 54:20 56:5 74:11 75:15 80:9 85:4 88:8 92:5 92:20 93:12 94:5 98:6 99:17 magic(1) 15:22 magically(1) 66:15 magistrate(1) 41:24 magnitude(3) 57:3 62:6 101:20 main(2) 11:22 23:5 maintain(1) 82:21 maintenance(2) 103:8 103:12 major(1) 36:6 majority(1) 60:23 make(40) 10:8 11:17 14:12 16:11 16:22 18:7 18:14 26:19 32:16 34:16 36:6 37:18 38:25 39:25 41:6 41:7 41:12 42:12 42:15 42:15 43:6 47:10 47:25 48:9 54:6 54:21 55:12 60:7 67:12 74:19 80:7 80:9 80:23 82:20 83:22 85:3 88:22 90:22 97:19 98:13 maker(1) 54:19 makes(4) 12:13 40:14 50:1 56:16 making(3) 10:6 80:6 97:20 management(8) 5:19 5:25 7:39 7:4 7:10 7:42 8:12 8:16 | | maybe(30) 12:12 12:13 35:9 44:9 44:9 46:22 49:2 49:3 49:15 50:8 50:14 52:22 53:3 56:10 56:10 56:15 56:20 56:20 76:9 76:10 76:23 76:25 77:2 88:11 88:11 91:9 95:18 96:24 96:25 103:9 mcclory(2) 3:5 4:44 mcguire(1) 38:21 meagher(1) 3:43 mean(11) 41:21 44:2 46:23 48:15 50:9 54:14 54:19 54:21 57:9 73:6 94:10 meaning(2) 18:13 76:15 means(9) 16:19 18:20 25:25 27:24 54:16 74:13 76:12 80:16 84:25 mechanism(1) 34:9 mediation(1) 41:25 meet(4) 32:15 47:15 72:14 93:3 meets(2) 80:19 80:21 mellon(1) 14:1 melnik(1) 3:36 members(1) 13:18 mention(1) 93:12 mentioned(2) 39:24 84:15 mere(1) 48:7 merely(1) 49:6 merger(1) 7:18 merit(3) 72:10 97:24 98:13 merits(6) 42:19 58:12 58:21 72:13 101:15 103:16 met(6) 42:13 60:13 78:13 78:14 82:16 104:3 methodology(2) 44:21 45:4 metric(1) 34:24 mfg(1) 28:25 michael(1) 7:43 mid-july(1) 105:18 |
| komax(2) 79:24 80:10 koskie(1) 5:5 kraft(1) 5:36 krause(1) 5:28 | | likelihood(1) 35:11 likely(6) 33:13 61:22 67:3 74:1 99:5 106:3 likes(2) 48:2 73:15 likewise(1) 58:25 limit(3) 30:12 63:24 74:2 limited(2) 13:22 73:20 line(4) 35:14 80:6 80:12 81:24 lines(1) 101:23 | | manas(1) 6:40 many(9) 24:18 48:24 52:5 52:5 59:5 61:22 68:13 74:1 82:6 mark(1) 66:17 market(5) 1:11 1:27 2:7 2:27 7:18 mary(1) 2:26 massive(2) 24:22 65:7 | | might(8) 15:21 47:23 47:24 47:24 56:19 101:8 milbank(2) 3:5 4:44 miller(1) 2:40 million(1) 29:3 |
| lack(2) 104:6 104:14 landed(1) 14:14 language(3) 18:9 24:20 64:24 larger(1) 29:4 last(26) 31:24 33:14 35:14 35:22 36:16 37:6 40:20 40:21 43:3 47:20 55:12 63:10 77:7 77:10 82:9 87:11 87:11 97:7 97:19 98:21 98:22 98:23 99:23 102:8 102:21 103:21 later(6) 14:16 16:17 28:9 28:16 35:15 laura(1) 2:33 law(90) 2:38 5:43 6:13 12:4 12:5 12:6 13:25 16:3 21:18 21:18 21:21 21:22 22:5 22:8 22:9 22:12 22:15 22:18 22:20 23:4 23:13 32:9 32:13 32:14 42:23 43:5 43:7 43:13 43:14 43:18 43:23 44:2 44:4 44:16 45:7 45:14 45:16 45:18 47:16 51:1 55:23 56:1 56:3 59:18 61:3 61:4 61:9 61:14 62:1 62:13 62:14 62:15 63:7 63:9 63:11 63:15 63:17 64:9 64:12 64:13 64:23 65:3 68:13 72:12 72:13 76:17 84:6 85:4 85:15 85:20 85:23 85:25 86:5 87:25 88:4 88:7 93:6 93:7 93:11 93:17 93:21 93:23 94:13 94:23 94:24 96:18 96:18 97:5 100:4 law's(1) 17:8 | | linn(1) 7:43 liquidated(1) 34:4 lisa(1) 1:33 list(1) 65:13 listened(1) 40:9 lisus(1) 6:5 litigant(1) 73:10 litigants(1) 69:2 litigate(3) 47:12 48:18 49:14 litigation(1) 82:23 little(7) 57:9 61:3 66:13 71:16 72:22 96:17 105:16 live(3) 29:14 54:12 70:20 llc(2) 5:15 7:46 llp(17) 1:25 2:39 3:12 4:12 4:29 4:34 4:39 4:46 4:46 4:46 13:19 46:2 46:3 46:13 47:19 50:21 50:22 51:5 53:9 53:24 85:16 86:25 87:7 87:20 88:20 90:14 93:18 94:1 100:5 | | material(4) 46:11 69:15 97:11 97:16 materially(28) 10:21 11:5 16:1 23:19 24:20 28:9 29:6 30:2 37:3 38:9 42:22 46:12 46:13 47:19 50:21 50:22 51:5 53:9 53:24 85:16 86:25 87:7 87:20 88:20 90:14 93:18 94:1 100:5 | | millions(1) 28:17 mind(2) 69:21 100:8 minsky(1) 5:5 minute(1) 101:14 minutes(1) 89:19 missed(1) 60:1 misses(1) 66:17 missing(2) 26:16 mistake(1) 14:8 mkt(1) 4:22 modified(13) 34:20 43:21 44:18 45:4 62:20 73:4 73:9 74:12 75:15 85:3 88:2 89:24 91:11 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **moment**(7) 34:10 46:12 86:15 94:10 95:19 101:7 104:2 | | **needs**(7) 33:14 60:12 60:14 68:11 69:12 87:25 94:5 | | **notice**(13) 12:22 15:14 16:16 20:2 20:3 46:7 91:2 102:2 103:23 104:2 104:17 105:5 105:20 | | **opportunities**(1) 83:16 |
| | | | | | | **opportunity**(5) 58:14 77:7 |
| **momentarily**(1) 24:7 | | **negotiated**(2) 36:13 68:7 | | **notices**(5) 14:17 19:17 19:18 21:7 76:5 | | **oppose**(9) 14:20 52:4 58:15 73:3 83:17 86:10 86:16 86:19 95:4 |
| **monday**(3) 95:2 95:4 103:19 | | **neil**(1) 2:20 | | **notion**(1) 74:17 | | |
| **money**(4) 35:18 54:11 69:2 91:20 | | **networks**(6) 1:8 3:43 4:29 38:22 38:24 38:24 | | **notwithstanding**(1) 89:25 | | **opposed**(4) 15:1 65:20 73:21 99:12 |
| **monitor**(32) 2:25 6:17 9:19 44:5 44:6 45:12 45:15 51:22 52:19 56:22 60:2 60:3 60:5 60:10 60:16 60:24 61:1 61:24 64:15 64:19 66:13 86:10 87:22 89:1 95:10 95:17 95:23 95:24 95:24 97:3 102:16 105:23 | | | | **novel**(1) 62:11 | | **opposing**(4) 32:10 67:13 95:11 95:19 95:20 99:12 |
| | | **never**(4) 32:12 62:7 96:2 99:2 | | **novo**(2) 26:4 76:16 | | |
| | | **new**(16) 1:35 2:35 2:48 3:18 3:47 4:15 14:1 19:7 20:2 32:18 48:13 48:13 56:24 74:21 74:22 93:7 | | **now**(72) 14:22 15:4 16:12 19:13 19:17 20:6 20:23 21:5 21:15 23:2 24:18 26:13 28:24 33:23 34:5 34:17 35:3 35:3 35:6 35:8 36:9 40:16 42:19 43:16 44:16 45:17 48:25 49:24 50:10 50:19 51:16 56:17 58:19 58:21 60:9 60:10 60:24 62:13 64:21 66:25 67:2 67:11 67:19 68:1 70:16 71:6 72:22 74:4 74:17 75:13 76:1 78:6 78:18 79:4 79:17 81:5 84:6 84:22 86:13 87:16 91:21 93:2 94:7 95:24 98:6 98:12 100:8 103:4 103:23 103:25 104:8 104:15 | | **opposite**(3) 21:13 48:5 93:9 |
| | | | | | | **opposition**(8) 24:19 30:8 30:13 41:17 51:14 76:21 95:14 95:16 |
| **monitors**(2) 9:13 101:17 | | **newbould**(2) 28:20 66:24 | | | | |
| **monitor's**(4) 61:6 61:11 64:16 75:16 | | **next**(6) 14:20 23:7 50:4 78:12 99:14 | | | | **oppositions**(2) 11:22 31:15 |
| **month**(2) 35:25 36:1 | | **nicely**(1) 9:8 | | | | **optimist**(2) 56:14 88:11 |
| **months**(6) 35:3 35:3 51:18 52:5 53:3 103:3 | | **nichols**(1) 1:25 | | | | **oral**(1) 69:6 |
| **moore**(1) 1:38 | | **night**(5) 40:21 40:22 43:3 82:9 103:21 | | **nowhere**(1) 40:12 | | **order**(26) 9:25 17:14 17:17 20:20 20:20 20:22 21:19 25:24 27:20 30:6 34:7 35:6 36:23 37:11 42:8 60:12 64:6 71:16 84:21 88:2 89:24 99:2 99:10 99:13 100:8 101:2 |
| **morass**(1) 19:3 104:6 | | **nilly**(1) 79:8 | | | | |
| **more**(31) 10:19 11:6 12:25 24:15 26:10 26:24 31:8 33:13 35:18 44:2 46:2 48:21 55:25 55:25 57:9 58:21 61:3 61:22 65:17 66:5 66:13 67:4 67:23 67:24 68:13 69:10 70:9 83:18 83:18 86:1 97:7 | | **nine**(1) 35:3 | | **number**(9) 9:13 19:2 30:16 31:15 45:13 46:10 77:16 90:10 94:20 | | |
| | | **nnsa**(7) 19:11 32:17 32:22 32:23 38:6 74:22 99:4 | | | | **order's**(1) 9:9 |
| | | | | **numbers**(1) 97:16 | | **ordered**(1) 46:17 |
| | | **nnuk**(1) 32:2 | | **numerous**(1) 11:3 | | **orders**(1) 53:5 |
| | | **no-controlling**(1) 32:13 | | **o'clock**(1) 15:5 | | **ordinary**(1) 71:2 |
| | | **nobody**(1) 90:1 | | **o'connor**(3) 33:2 33:4 33:4 34:15 35:1 36:9 36:25 37:23 37:24 53:2 56:15 | | **organization**(1) 95:6 |
| **morning**(26) 9:3 9:5 9:6 9:16 9:17 29:19 29:21 33:2 33:3 37:25 38:1 39:8 39:9 39:18 40:6 40:7 40:8 40:17 55:3 58:1 58:2 62:21 63:4 90:1 103:21 104:23 | | **nobody's**(2) 70:25 92:12 | | | | **organized**(1) 42:7 |
| | | **non-appealable**(1) 53:5 | | | | **other**(28) 14:25 21:8 34:21 35:16 36:5 36:25 37:20 39:3 40:10 45:15 47:3 49:14 52:19 61:8 61:21 66:7 67:1 67:4 68:3 69:24 76:8 77:12 79:24 88:4 88:15 91:14 92:7 97:15 |
| | | **none**(4) 22:3 59:21 77:15 88:7 | | **o'connor's**(1) 49:3 | | |
| **morris**(2) 1:25 2:39 | | **nonetheless**(3) 60:12 61:18 69:2 | | **object**(1) 22:11 | | |
| **morristown**(1) 63:17 | | **nonsense**(3) 25:7 41:21 42:8 | | **objective**(1) 69:25 | | **others**(5) 10:7 10:25 12:3 15:2 21:25 |
| **mortgage**(1) 65:11 | | **normal**(6) 36:12 57:21 67:19 70:16 79:9 83:5 | | **objectors**(7) 17:9 18:22 33:11 33:23 34:10 34:19 36:6 | | **otherwise**(4) 48:22 56:7 91:15 94:13 |
| **most**(13) 10:25 11:1 11:4 14:24 23:25 23:25 59:10 63:10 65:2 82:13 87:6 87:20 87:24 | | | | | | **ought**(4) 38:8 38:14 55:1 67:18 |
| | | **nortel**(16) 1:8 2:4 3:43 4:28 5:5 5:14 30:4 38:22 38:23 38:23 38:24 59:14 59:21 81:3 101:20 102:20 | | **obvious**(2) 56:20 94:11 | | **our**(62) 9:20 10:16 11:22 13:7 15:1 20:16 24:19 29:12 33:14 38:11 39:14 42:1 43:2 44:7 45:20 49:7 49:22 51:13 51:25 53:12 53:13 54:2 55:13 55:23 56:18 61:9 66:16 67:2 68:22 69:22 69:25 71:24 72:18 73:20 73:23 76:22 77:13 77:24 77:24 78:11 79:25 82:17 82:21 82:24 84:5 84:6 84:11 84:22 87:21 96:24 96:25 98:18 98:18 98:24 98:25 99:5 99:5 102:6 102:25 102:25 103:21 104:8 |
| **motion**(65) 9:13 9:20 13:24 14:13 14:21 15:4 17:4 19:10 20:16 20:16 20:16 26:20 29:13 33:8 33:10 38:18 40:1 40:20 40:21 41:6 41:7 41:9 41:12 41:13 41:15 46:15 49:10 49:19 51:20 52:12 54:22 55:5 55:6 56:19 56:24 57:4 58:12 60:2 60:6 60:6 61:2 62:24 63:6 80:24 81:19 82:7 83:6 83:12 83:12 83:20 86:10 86:17 92:19 92:22 94:6 97:24 100:3 100:7 100:13 101:12 101:17 102:3 104:9 105:17 | | | | **obvious-to-everybody-in-the-**  46:3 | | |
| | | **north**(1) 1:27 | | **obviously**(7) 9:9 51:8 57:2 58:7 63:5 91:6 97:21 | | |
| | | **not**(241) 10:25 11:12 12:1 12:5 12:7 12:19 13:17 13:22 14:14 15:19 16:8 16:10 17:2 17:15 17:20 19:3 19:5 19:17 19:18 19:20 19:21 19:22 20:8 20:16 20:17 20:24 21:3 21:12 22:6 22:6 22:15 23:16 24:1 26:6 26:18 26:21 26:22 27:1 27:5 27:8 27:8 27:10 28:2 28:13 28:14 29:6 29:9 30:2 30:10 30:15 31:18 32:19 33:7 33:24 34:1 34:11 35:26 36:11 36:17 36:18 37:4 37:10 38:13 39:2 41:6 41:23 42:16 42:24 43:9 43:12 43:16 43:22 44:11 44:22 45:2 45:4 45:20 45:21 46:2 46:20 47:7 47:23 47:24 48:7 48:8 48:17 48:19 49:6 49:20 49:21 49:23 50:3 50:18 51:8 51:17 51:24 53:24 55:1 55:8 55:16 56:1 56:11 56:14 57:23 58:6 58:18 59:19 59:23 61:7 61:9 61:14 61:17 62:1 62:15 62:17 63:5 63:22 63:23 63:24 64:13 64:23 65:3 65:8 65:16 66:5 66:6 66:9 66:12 66:22 67:4 67:7 67:20 68:9 69:3 69:3 69:11 69:18 69:18 69:23 69:24 70:19 70:23 71:18 71:19 72:6 72:19 72:23 73:3 73:10 73:19 73:24 74:8 75:24 76:11 76:17 76:19 76:20 76:20 76:22 76:24 77:1 77:17 77:19 77:24 77:24 78:8 78:14 78:18 79:2 79:14 79:15 80:8 80:15 81:1 81:2 81:3 81:25 82:2 82:10 82:10 82:14 82:16 82:22 84:19 84:24 85:13 85:14 85:16 86:10 86:12 86:13 86:23 86:24 86:25 87:10 87:21 88:6 88:11 89:4 89:10 90:15 90:20 91:14 95:2 95:4 95:17 95:25 96:5 96:18 96:19 96:20 96:22 96:25 97:10 97:17 97:22 97:24 98:7 98:18 98:24 101:15 102:12 102:14 103:3 103:10 104:1 104:8 104:22 106:1 106:10 106:16 | | **occasionally**(1) 23:8 | | |
| | | | | **occurred**(1) 86:8 | | |
| **motors**(1) 59:12 | | | | **october**(1) 32:2 | | |
| **mouth**(1) 54:11 | | | | **odd**(1) 74:19 | | |
| **move**(8) 13:3 20:10 24:24 47:4 69:10 82:8 88:21 98:25 | | | | **off**(4) 24:13 66:21 67:20 102:25 | | |
| | | | | **offer**(2) 23:9 67:8 | | **ourselves**(1) 58:15 |
| | | | | **offers**(1) 66:13 | | **out**(45) 12:23 13:23 13:23 13:25 16:14 32:7 35:17 35:18 36:14 43:20 48:18 49:1 49:9 49:14 49:17 49:25 50:11 50:17 52:23 54:14 58:17 65:18 68:15 68:23 70:6 74:8 77:23 86:16 96:8 96:13 96:14 97:10 98:14 98:15 100:9 102:3 102:10 102:18 103:4 103:15 103:17 104:9 104:13 105:2 106:4 |
| **moved**(1) 99:2 | | | | **official**(6) 3:11 4:38 5:30 12:22 28:3 58:4 84:4 93:22 93:25 102:1 104:18 105:7 105:12 105:14 | | |
| **movement**(1) 55:20 | | | | | | |
| **movements**(1) 42:16 | | | | **okay**(13) 14:7 14:15 25:16 40:18 71:23 | | |
| **moving**(2) 32:3 66:10 | | | | **once**(2) 28:23 61:22 | | |
| **mrda**(4) 21:22 45:16 61:6 85:6 | | | | **one**(60) 1:34 3:16 4:2 10:10 10:14 11:16 14:8 15:18 17:9 20:18 27:21 30:21 32:16 36:5 37:20 38:16 38:19 39:3 43:4 44:17 46:24 49:16 50:6 50:7 50:8 52:10 54:14 55:15 60:23 63:24 64:25 65:20 68:7 68:21 71:20 73:18 78:21 78:23 79:12 81:8 83:9 83:19 86:16 86:16 87:12 87:18 88:12 88:21 90:10 91:5 93:10 96:20 96:20 97:8 97:13 99:5 101:22 102:3 103:5 103:18 | | |
| **much**(5) 53:11 57:14 58:6 66:12 68:6 | | | | | | **outcome**(2) 67:18 73:15 |
| **muchin**(3) 3:28 39:20 | | | | | | **outstanding**(1) 25:4 |
| **multiple**(1) 12:25 | | | | | | **over**(12) 9:13 16:11 18:5 24:1 33:17 48:23 48:24 58:14 62:6 69:24 101:5 102:12 |
| **narrow**(4) 49:10 77:5 | | | | **one's**(1) 29:9 | | |
| **narrowed**(3) 50:5 56:12 96:10 | | | | **ones**(5) 27:17 49:13 55:20 56:2 68:9 | | **overarching**(1) 33:21 |
| **narrower**(1) 50:8 | | | | **ongoing**(8) 89:2 89:3 103:6 105:21 106:2 106:3 106:8 106:14 | | **overcome**(1) 98:15 |
| **narrows**(1) 50:1 | | | | | | **overy**(3) 2:31 6:18 9:18 |
| **near**(1) 70:24 | | | | | | **owens**(2) 43:20 44:1 |
| **necessarily**(1) 69:25 | | | | **only**(25) 13:17 16:10 19:18 31:2 32:22 33:16 34:1 34:11 35:18 39:21 50:6 50:7 55:2 55:3 60:19 62:19 63:13 79:12 83:24 86:11 90:25 91:21 91:25 93:2 97:1 | | **owings**(3) 71:25 72:6 88:5 |
| **necessary**(3) 30:6 36:11 46:13 | | | | | | **owl**(1) 5:27 |
| **need**(30) 11:24 14:22 15:6 17:23 17:24 26:19 32:16 42:10 46:6 52:25 53:4 53:7 53:12 54:3 54:4 54:10 55:8 56:21 57:14 81:8 84:9 88:16 88:17 88:17 90:7 92:21 97:13 98:12 101:8 103:18 | | | | | | **own**(5) 28:2 38:22 61:2 77:20 92:10 |
| | | | | | | **ownership**(4) 21:21 21:22 21:23 22:18 |
| | | | | **ontario**(5) 21:22 22:18 45:16 85:4 94:24 | | **oxford**(1) 2:20 |
| | | | | **open**(6) 47:11 52:12 72:23 87:13 89:2 89:9 | | **o'connor**(14) 4:13 67:11 70:16 81:12 82:23 89:17 89:18 89:19 89:21 92:14 92:15 94:5 94:15 96:3 |
| | | | | **opened**(1) 51:20 | | |
| | | | | **opens**(1) 52:5 | | |
| | | | | **operating**(1) 59:21 | | **o'sullivan**(1) 6:5 |
| **needed**(2) 95:13 95:14 | | **notes**(1) 70:5 | | **opinion**(5) 44:11 45:21 49:16 54:7 93:5 | | **p.m**(1) 106:25 |
| **needing**(1) 91:12 | | **nothing**(10) 22:9 24:15 36:21 45:14 57:18 67:9 80:17 80:18 102:24 106:6 | | **opponent**(1) 9:12 | | **p.o**(1) 2:8 |
| **needleless**(1) 33:19 | | | | | | **pachulski**(1) 4:19 |
| | | | | | | **pad**(1) 49:22 |
| | | | | | | **pad**(1) 40:9 |
| | | | | | | **page**(6) 25:18 44:13 86:4 87:18 93:5 96:3 |

| Word | Page:Line |
| --- | --- |

pages(5) 28:18 43:20 70:21 70:22 72:3
paper(1) 35:24
papers(19) 40:12 40:13 40:13 42:1 42:24 42:25 43:1 51:25 53:12 54:2 68:22 71:24 72:19 75:19 79:25 92:19 95:1 99:12 100:10
paragraph(4) 34:6 41:14 41:14 42:7
parallel(2) 87:16 89:10
park(1) 3:16
part(2) 63:6 66:21
particular(6) 38:10 44:12 65:3 65:15 77:15 89:13

particularly(3) 27:23 28:11 81:2
particulars(2) 105:17 106:1
parties(73) 11:4 14:25 16:11 17:1 19:2 19:7 19:7 19:23 20:7 21:8 21:19 22:10 24:5 27:6 28:6 28:11 28:21 30:16 30:20 32:10 35:8 35:17 36:3 36:14 36:20 40:10 42:3 42:4 42:24 43:9 43:12 45:23 46:18 48:13 48:14 49:6 50:2 56:16 57:16 59:10 65:13 65:20 67:12 68:25 70:23 73:2 74:16 74:21 74:22 75:18 76:4 76:8 76:19 77:11 77:13 78:9 83:10 83:16 84:18 85:24 87:13 87:14 87:23 88:14 88:15 88:22 90:7 90:8 91:6 92:7 95:13 99:10 100:12

parties'(1) 77:12
partner(1) 20:24
partners(2) 5:23 6:43
partners/davidson(1) 7:30
parts(1) 73:1
party(24) 6:31 7:4 8:4 10:6 10:6 18:3 20:2 27:16 30:10 32:18 47:4 50:6 50:7 50:8 72:24 74:5 74:9 74:10 74:16 75:24 77:19 86:16 86:16 86:18

party's(1) 64:5
pasquariello(1) 6:23
past(3) 17:3 57:15 60:17
path(1) 67:19
patterson(3) 2:45 5:43 6:13
pawns(1) 37:15
pay(1) 103:12
pbgc(4) 20:2 20:4 48:14 99:5
peaceful(1) 106:15
peculiar(1) 60:9
pecuniary(1) 67:1
peg(1) 7:15
pendency(2) 69:10 78:24
pending(4) 15:13 15:13 15:15 79:21
pennsylvania(1) 1:42
penny(1) 80:15
pension(5) 4:5 4:34 5:10 64:5 67:12
pensioners(2) 13:18 68:2
people(9) 13:25 29:14 50:12 76:20 77:21 79:6 91:7 99:18 104:12

pepperman(1) 63:16
per(1) 74:9
per/pro(1) 5:24
perceive(1) 68:7
percolate(7) 12:17 26:23 27:10 29:11 30:9 33:12 70:15

percolating(4) 33:15 77:23 78:5 104:15
percolation(2) 33:15 70:18
perfect(1) 45:25
perfectly(1) 83:19
perhaps(8) 26:10 32:9 36:4 36:12 65:17 86:1 90:4 91:9

period(1) 80:16
permit(3) 27:6 30:9 78:9
permitted(1) 33:18
person(2) 90:9 90:12
perspective(2) 33:14 84:6
persuasive(1) 16:21
peter(1) 4:20

phrase(1) 79:7
pick(1) 49:13
piece(1) 38:11
pieces(1) 73:1
piling(1) 37:20
piper(2) 3:35 39:10
place(8) 15:8 15:24 27:10 69:12 75:1 82:20 93:16 104:15

plainly(1) 25:7
plan(10) 4:34 35:12 35:12 44:11 45:20 65:19 65:21 65:21 66:1 69:17

plate(1) 54:25
playing(1) 56:17
plaza(1) 1:34
plc(1) 7:38
pleading(1) 80:13
please(6) 9:4 71:10 102:13 102:22 102:23 103:20

pleased(1) 106:13
plenty(4) 43:9 58:22 61:9 63:25
plethora(2) 44:1 44:4
plug(1) 103:12
plus(1) 28:15
pohl(1) 6:28
point(33) 7:34 11:2 12:18 18:22 21:15 27:21 30:24 37:6 38:17 38:22 55:12 64:24 65:17 68:12 70:10 74:4 74:18 77:6 84:1 85:20 88:8 91:3 91:16 92:6 92:22 93:11 96:5 97:8 97:19 98:21 98:22 98:23 100:16

pointed(6) 32:7 58:17 86:15 87:24 96:14 98:15

points(8) 36:5 43:19 51:13 58:8 71:17 77:15 92:21 94:4

pose(2) 45:6 45:12
posed(1) 100:13
position(25) 14:2 14:3 14:14 15:3 21:1 21:3 21:20 21:21 21:25 37:2 37:4 43:17 60:9 72:24 73:14 74:15 77:19 80:8 84:23 86:15 86:21 87:21 87:22 87:23 90:9

positions(2) 76:19 77:12
possible(11) 21:6 30:21 32:3 43:25 52:24 53:21 53:21 81:23 82:1 92:4 102:16

possibly(1) 31:16
post-trial(1) 70:23
posture(1) 58:10
potential(1) 46:10
potentially(2) 18:1 48:25
powers(2) 63:12 63:13
ppearances(3) 1:23 2:1 3:1
practical(2) 77:7 77:8
practicality(2) 24:21 25:5
practice(1) 36:12
pre(1) 70:23
precedent(8) 23:9 32:7 61:13 61:20 64:7 72:5 90:10 97:3

precise(1) 88:18
predicate(1) 62:19
prefer(1) 36:20
prejudice(1) 37:14
preliminary(2) 48:23 51:19
premature(1) 36:7
premise(1) 47:5
preparation(1) 40:9
prepared(3) 12:15 28:18 54:12
preparing(1) 40:15
preposterous(1) 53:9
present(3) 66:5 67:8 96:4
presented(5) 44:7 44:14 44:14 60:15 60:20
presents(3) 60:10 64:15 68:11

presiding(1) 62:6
preston(1) 3:21
presumably(1) 76:8
presume(2) 54:8 73:7
presuming(1) 73:13
pretrial(1) 46:19
pretty(3) 12:16 45:8 53:11
prevail(1) 35:13
previously(1) 31:21
primarily(2) 23:13 96:24
primary(4) 63:19 92:23 98:18 98:18
principle(5) 22:12 23:4 23:12 88:3 88:7
principles(2) 22:16 22:17
prior(3) 73:22 78:15 79:20
privilege(1) 69:24
pro(16) 5:24 22:2 22:17 34:20 43:21 44:18 44:21 45:4 42:20 73:4 73:9 73:13 74:12 88:2 89:25 91:11

probably(5) 10:19 44:3 70:14 70:22 100:7
problem(1) 93:2
problems(1) 98:15
procedural(14) 48:12 82:1 82:6 82:21 82:24 86:14 95:5 96:10 96:13 98:10 99:24 98:25 101:7 104:6

procedurally(7) 12:1 19:5 31:23 58:20 62:4 81:22 82:18

procedure(3) 18:24 58:10 92:9
procedures(7) 50:15 53:15 57:22 101:18 102:15 103:1 103:5

proceed(4) 69:13 71:13 73:17 83:5
proceeding(11) 10:22 23:20 25:5 27:16 30:3 30:3 32:2 42:4 62:6 87:11 89:7

proceedings(6) 1:18 1:46 30:5 46:20 64:6 107:4

process(35) 31:1 31:10 31:16 31:22 32:4 33:12 35:5 38:12 41:24 50:15 51:15 51:17 52:2 53:19 53:22 53:23 57:22 61:23 66:25 67:3 67:9 67:17 69:7 70:12 70:12 76:3 79:9 83:5 89:6 92:3 92:8 92:13 97:14 97:18 102:13

processes(2) 31:21 53:18
produced(3) 1:47 28:18 28:19
productions(1) 46:19
professional(1) 33:17
progress(12) 9:21 23:20 31:24 33:23 37:3 38:10 69:4 83:1 90:14 91:4 92:3 100:6

progressing(1) 91:5
promise(2) 87:4 87:5
promised(1) 87:3
prong(11) 23:18 23:18 27:20 27:21 48:11 48:11 50:19 64:7 64:14 64:22 65:12

prongs(1) 42:21
proofs(1) 32:1
proper(2) 34:23 85:5
proposed(4) 17:21 34:7 102:15 104:11
proposing(1) 101:18
protocol(1) 46:18
provide(5) 24:14 30:19 41:2 44:1 85:10
provided(2) 70:8 73:21
provides(1) 11:14 15:11 24:8 82:2
provision(1) 66:4
provisions(1) 10:10
public(3) 10:15 10:17 13:17
pull(1) 105:9
pulled(1) 72:25
pulling(1) 103:12

pultman(63) 2:32 9:12 9:16 9:17 9:18 9:23 10:13 10:24 11:20 12:10 13:9 13:11 14:5 14:8 14:16 15:11 18:9 18:12 18:16 19:10 21:25 22:25 24:10 24:34 25:17 28:15 29:17 32:7 32:17 33:8 36:11 39:24 40:3 40:11 45:10 47:7 48:1 51:14 51:25 55:3 55:13 58:22 66:3 73:7 73:9 73:14 74:18 76:13 83:8 83:9 84:5 86:13 89:16 93:13 94:8 94:17 94:19 95:23 96:11 104:8 105:15 105:16 105:20

pultman's(2) 37:7 40:22
punt(4) 47:22 75:4 79:8 85:8
pure(8) 12:7 22:2 22:17 46:3 61:4 61:14 64:23 65:16

purpose(2) 84:12 89:10
purposes(3) 77:7 77:8 88:18
push(2) 52:25 82:6
pushed(1) 52:24
put(30) 15:8 17:1 18:5 19:14 21:4 24:18 25:7 28:19 41:17 43:1 51:25 52:8 53:12 54:11 54:16 70:10 84:5 84:6 84:9 84:13 84:14 84:15 84:18 87:9 94:8 96:15 99:12 100:7 102:25 104:2

puzzle(1) 38:12
qualify(1) 72:11
quarter(1) 71:7
query(1) 24:25
question(70) 12:19 13:6 13:12 13:15 14:11 14:18 15:9 15:16 15:19 15:24 16:2 16:7 16:24 20:11 21:14 21:17 22:13 23:10 23:19 23:21 29:10 40:19 44:17 44:20 44:20 44:23 45:1 45:2 45:3 45:6 45:11 45:18 50:9 59:18 60:9 60:16 60:17 60:18 60:19 60:20 60:21 60:25 61:6 61:8 61:14 61:15 62:1 62:12 62:16 63:24 64:15 64:23 65:3 65:5 65:25 68:18 71:25 73:4 78:25 79:6 81:10 83:12 84:5 85:5 88:3 89:13 89:23 90:3 90:6 99:3

questionable(1) 19:16
questions(17) 17:7 17:20 17:24 44:7 44:14 44:14 60:22 65:14 65:16 70:1 83:6 84:6 84:10 84:11 84:18 84:20 94:8

quick(2) 36:5 97:7
quicker(2) 25:2 35:15
quickly(6) 47:4 51:23 69:10 70:4 80:22 92:4

quinn(1) 5:39
quite(4) 40:10 66:20 97:20 102:19
quote(4) 38:20 49:3 65:1 69:21
quoting(1) 64:10
qureshi(21) 3:13 58:1 58:3 58:3 59:4 59:16 60:5 62:24 63:3 65:23 67:16 68:20 71:5 71:21 84:19 87:2 88:13 89:22 91:9 96:16 96:21

raise(5) 19:15 45:7 58:19 61:22 95:14
raised(5) 51:13 62:1 65:13 74:5 74:19 75:18

range(1) 84:18
rare(1) 50:16
rata(15) 22:2 22:17 34:20 43:21 44:18 44:21 45:4 62:20 73:4 73:9 73:13 74:12 88:2 89:25 91:12

rather(4) 28:23 35:15 55:22 101:4
ray(1) 6:44
reach(2) 16:14 30:6
reached(5) 12:23 13:23 13:23 13:25 102:3
reaching(2) 13:5 104:9
read(1) 41:13
readily(1) 60:25
ready(6) 70:24 72:21 76:1 90:15 100:12 100:16

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**real**(2) 29:14 89:23

**realist**(1) 81:14

**realistic**(2) 36:3 97:22

**realizing**(1) 102:5

**really**(25) 15:8 31:22 32:12 42:20 47:2 47:6 47:6 48:12 48:15 54:6 54:17 55:1 55:2 55:10 57:6 57:7 57:8 72:15 73:15 75:25 81:15 81:15 90:15 94:5 96:12

**reason**(18) 15:6 16:6 16:15 17:7 27:13 45:19 49:2 55:3 55:9 77:4 78:17 79:5 79:22 82:15 82:16 82:25 84:14 84:17

**reasonable**(3) 43:11 54:10 55:8

**reasons**(7) 37:21 61:13 69:8 72:16 85:20 97:13 100:6

**rebut**(1) 43:2

**rebuttal**(4) 40:16 45:12 92:20 96:20

**recall**(3) 65:19 78:21 104:21

**recently**(1) 63:10

**recess**(4) 71:8 71:9 100:18 106:19

**recognition**(1) 70:14

**recognize**(2) 16:9 43:13

**reconciliation**(1) 103:2

**reconsider**(2) 19:11 74:11

**reconsideration**(15) 10:3 19:20 20:5 48:13 49:11 49:19 49:23 56:19 73:19 73:24 74:5 74:7 74:9 74:13 76:1

**record**(31) 24:23 25:10 26:24 28:18 33:4 37:16 39:25 42:2 42:11 42:16 49:8 53:18 53:20 54:15 54:16 55:1 58:3 59:22 65:7 70:24 90:15 90:16 90:16 90:17 90:18 90:20 97:25 98:1 98:14 98:17 101:1

**recorded**(1) 1:46

**recording**(1) 1:46 107:3

**records**(5) 98:9 101:13 101:20 102:20 102:21

**recoveries**(1) 27:25

**reduction**(1) 27:25

**reed**(4) 2:18 6:31 8:8 29:23

**refer**(1) 68:21

**reference**(1) 38:16

**referred**(1) 38:4

**referring**(1) 70:6

**refined**(1) 49:5

**reflecting**(1) 96:3

**refusal**(1) 62:25

**refuse**(1) 29:13

**refused**(1) 55:9

**regard**(5) 43:5 94:14 94:16 95:2 99:9

**regards**(1) 97:8

**regularly**(2) 19:4 25:8

**relate**(5) 22:11 22:16 22:17 22:18 22:19

**related**(2) 11:25 79:20

**relates**(2) 10:13 101:12

**relating**(2) 21:16 101:13

**relevant**(1) 101:25

**remedy**(4) 46:24 61:16 61:17 68:5

**remember**(1) 102:14

**reminder**(1) 70:7

**renaissance**(1) 3:23

**render**(2) 62:16 63:24

**renew**(1) 97:25

**reorg**(1) 7:26

**repeat**(3) 58:6 66:12 71:19

**repeatedly**(1) 100:12

**reported**(2) 31:21 31:24

**representatives**(1) 23:11

**request**(19) 10:6 10:7 10:20 10:20 11:22 15:1 15:12 17:5 27:6 28:4 28:10 37:21 45:23 78:9 80:10 84:9 90:6 98:18 98:18

**requested**(1) 102:7

**requesting**(3) 9:23 9:24 10:1

**requests**(1) 10:18

**require**(4) 64:8 87:16 87:17 94:10

**required**(2) 78:13 84:13

**requires**(5) 46:5 77:14 84:7 94:9 94:11

**research**(1) 7:26

**resolution**(26) 11:12 16:2 20:10 23:21 24:3 24:4 24:20 27:24 28:7 28:9 35:5 49:15 50:24 51:6 56:18 68:6 68:8 69:11 69:16 69:23 87:6 87:19 88:19 88:20 89:13 94:2

**resolutions**(1) 53:8

**resolve**(5) 25:4 36:4 65:2 88:21 104:16

**resolved**(25) 13:13 13:14 13:14 13:15 15:24 31:16 32:4 33:22 34:4 34:16 36:3 53:23 54:9 56:13 59:19 66:15 66:19 67:1 68:11 68:15 89:12 89:14 91:18 99:6 103:9

**respect**(31) 10:2 11:11 14:8 14:9 15:21 16:4 27:22 37:5 42:11 54:21 57:7 62:2 62:11 62:18 64:3 64:6 66:3 67:16 74:14 77:16 84:16 84:23 85:4 86:20 86:23 87:9 88:25 88:25 99:3 99:4 105:25

**respectfully**(2) 30:12 37:21

**respond**(6) 40:16 51:14 82:8 87:13 96:11 104:8

**responded**(2) 52:1 103:18

**response**(5) 14:13 14:19 86:21 96:12 96:16

**responses**(1) 86:21

**responsible**(1) 16:10

**rest**(1) 68:1

**result**(3) 61:18 92:4 98:16

**retirees**(1) 13:19

**retroactive**(1) 78:23

**retroactively**(1) 79:1

**revenue**(3) 22:1 34:24 91:17

**reversal**(1) 44:6

**reversals**(1) 104:6

**reversed**(1) 91:23

**reverses**(2) 53:3 76:25

**review**(7) 25:23 31:9 67:21 68:16 69:7 70:8 81:21

**reviewed**(1) 102:5

**reviewing**(3) 76:14 76:18 76:20

**riddled**(1) 55:17

**ridiculous**(3) 75:23 78:19 91:3

**riella's**(1) 14:3

**right**(62) 12:8 15:10 18:17 18:18 18:19 19:9 23:16 23:17 27:10 32:24 34:10 34:19 34:22 39:5 39:16 40:5 40:16 41:19 47:25 47:18 48:5 48:25 49:24 51:12 51:15 51:25 52:9 53:4 54:21 54:24 56:17 57:5 59:15 63:18 71:7 72:25 73:12 75:1 76:6 76:23 77:2 77:10 80:22 80:25 82:20 92:17 92:25 93:2 94:25 98:5 99:21 100:15 101:10 103:14 104:15 104:25 105:3 105:8 105:11 106:1 106:9 106:18

**righton**(1) 5:15

**rights**(6) 82:1 82:6 82:21 82:24 92:8 92:13

**ripe**(2) 75:22 80:20

**rise**(4) 9:2 38:7 39:25 71:10

**risk**(1) 31:11

**road**(1) 52:24

**roadblock**(1) 21:12

**robert**(2) 3:15 4:1

**rodney**(2) 2:14 4:2

**role**(3) 48:1 71:3 75:3

**roll**(1) 52:22

**rooks**(1) 37:14

**rooney**(1) 2:25

**rosenman**(1) 39:20

**rosenthal**(62) 1:32 40:6 40:7 40:19 41:1 41:4 41:20 45:25 46:17 47:6 47:19 50:7 50:21 51:10 51:13 51:22 52:10 52:16 53:7 54:25 56:9 56:10 57:12 57:25 58:7 58:9 58:17 61:7 63:18 66:13 68:17 71:21 74:21 75:3 78:7 86:7 87:24 88:9 88:11 89:22 91:9 92:15 92:16 92:18 93:1 93:16 93:20 93:23 94:1 94:22 95:8 95:10 98:5 98:20 98:21 98:23 99:8 99:19 99:22 100:1 106:20 106:22

**rosenthal's**(2) 80:12 94:17

**rothschild**(1) 2:5

**rub**(1) 103:5

**rudnick**(1) 6:27

**rule**(26) 10:4 11:14 15:7 15:7 15:11 15:13 15:20 17:15 17:16 17:16 17:19 18:2 41:2 41:9 49:7 66:15 84:7 84:8 84:13 84:22 85:17 87:2 88:19 94:9 94:10 94:11

**ruled**(3) 17:14 61:17 67:5

**rules**(4) 41:11 42:1 85:10 90:25

**ruling**(15) 11:1 11:1 19:11 19:16 56:16 63:21 64:16 67:23 67:25 83:22 86:3 87:9 87:16 97:21 98:13

**rulings**(1) 19:19

**run**(2) 71:2 79:9

**rush**(6) 11:24 12:18 14:22 14:23 16:23 51:16

**rushed**(1) 58:15

**rushes**(1) 60:17

**rushing**(3) 12:19 17:22 53:8

**s.a**(1) 39:20

**said**(73) 22:6 22:7 22:8 22:14 22:20 23:1 26:14 27:16 29:1 30:18 32:17 34:7 37:14 38:12 41:16 41:18 43:18 44:5 44:6 44:15 46:6 46:21 48:5 49:7 49:16 51:15 53:2 53:12 54:7 55:7 55:13 57:1 59:17 63:18 64:4 64:21 68:24 71:21 74:5 74:20 75:4 80:13 81:12 84:10 85:11 85:25 86:3 86:4 86:7 86:18 87:2 87:24 88:19 88:25 89:22 92:22 94:8 94:8 94:17 94:19 95:1 95:3 95:4 96:7 97:3 98:8 98:9 98:11 100:12 102:9 102:22 103:18 103:22

**sale**(1) 62:10

**saltzstein**(7) 3:44 37:25 38:2 38:4 38:5 39:6 39:7

**salutary**(1) 70:15

**same**(21) 10:1 25:10 25:23 26:2 26:8 28:10 29:5 37:4 42:17 46:15 52:8 59:7 62:17 75:11 80:14 84:13 87:18 88:6 90:18 102:17

**samis**(1) 3:22

**sat**(3) 25:22 70:19 102:15

**satisfied**(3) 51:11 94:3 98:8

**satisfy**(3) 53:24 64:13 93:24

**save**(1) 69:1

**say**(77) 12:17 12:23 18:3 22:4 22:14 22:15 22:21 27:19 28:22 30:15 33:6 33:11 33:23 33:24 33:24 34:16 34:19 35:8 35:15 35:23 43:1 43:13 43:25 44:8 45:7 46:7 47:8 47:21 48:4 49:1 49:24 50:3 50:13 50:15 52:2 52:7 53:13 54:12 55:9 55:10 55:23 57:18 57:19 59:23 61:8 67:22 72:20 75:5 75:22 75:24 75:25 76:10 77:2 77:10 78:12 78:18 79:3 81:16 82:3 82:10 82:15 82:22 82:23 85:7 85:22 88:9 91:10 91:25 93:4 94:12 94:23 95:1 95:15 99:9 100:3 103:19

**saying**(22) 21:22 22:11 43:6 43:16 51:22 52:21 55:16 56:6 65:25 72:23 74:7 78:4 78:15 79:13 81:25 85:24 88:6 94:24 96:5 96:18 96:20 96:22

**says**(27) 15:17 15:20 17:11 17:16 17:19 23:3 23:5 23:8 25:21 35:4 46:23 47:9 51:1 56:1 60:17 61:3 70:16 78:8 84:9 84:22 85:17 88:11 93:16 93:17 93:23 94:24 95:23

**scenario**(2) 18:5 22:13

**scenarios**(2) 10:14 67:5

**schedule**(6) 16:14 52:4 55:8 86:19 95:13 99:24

**scheduled**(3) 16:13 99:16 104:1

**schedules**(1) 95:5

**scheduling**(1) 86:20

**schlerf**(1) 2:6

**schuylkill**(1) 1:41

**schweitzer**(21) 1:33 100:19 100:21 100:22 100:23 101:5 101:6 101:11 102:2 103:15 104:18 104:22 105:1 105:4 105:7 105:9 105:12 105:14 106:10 106:13 106:17

**scope**(5) 17:18 19:2 63:11 63:15 64:17

**scott**(1) 6:5

**scrambling**(1) 58:16

**scrutinize**(1) 79:6

**seated**(2) 9:4 71:12

**second**(23) 9:8 10:19 13:15 18:22 26:11 26:15 27:5 31:14 45:1 45:18 48:10 50:19 53:10 61:6 64:21 64:25 69:19 70:7 70:10 77:25 93:11 94:16 97:14

**secondary**(2) 44:20 65:8

**secondly**(2) 46:11 61:14

**section**(8) 9:21 22:16 63:1 63:7 78:13 78:22 79:23 81:4

**see**(10) 9:4 17:23 23:21 23:24 47:14 54:16 83:9 84:17 91:4 98:14

**seek**(2) 28:1 103:5

**seeking**(4) 65:13 87:10 92:12 104:1

**seem**(1) 34:17

**seems**(3) 20:6 34:5 48:21

**seen**(4) 19:8 20:4 51:1 96:2

**selinda**(1) 3:36

**semcrude**(3) 59:13 64:10 69:14

**send**(2) 53:21 101:4

**sense**(4) 34:16 60:7 90:22 99:17

**sentence**(1) 23:8

**sentences**(1) 78:12

**separate**(2) 31:12 31:13

**series**(4) 12:2 12:16 13:5 14:24

**serious**(2) 88:23 102:9

**serve**(5) 71:3 71:4 75:14 77:3 77:4

**served**(1) 25:6

**servers**(3) 101:19 101:21 102:6

**serves**(1) 70:7

**service**(2) 1:40 1:47

**services**(1) 1:40

**set**(10) 46:18 54:8 54:8 66:24 69:8 75:13 86:19 86:20 102:3 105:18

**sets**(1) 36:14

**setting**(1) 32:1

**settle**(3) 35:19 35:23 92:5

**settlement**(7) 30:20 81:11 81:11 82:25 88:25 89:1 89:2

**seven**(3) 68:22 70:17 75:20

**seventh**(2) 4:14 63:8

**several**(6) 11:8 11:9 20:18 20:23 87:8

**shall**(3) 11:17 11:17 85:17

**shannon**(4) 59:12 59:16 64:10 69:14

**shibley**(1) 5:15

**shifting**(1) 103:11

**shopping**(4) 41:8 55:11 90:23 91:2

**shorten**(13) 15:4 15:6 17:4 40:21 41:14 55:5 55:6 58:12 82:8 83:12 83:12 86:24 86:25

**shortened**(1) 16:8

**Page : 11**

| Word | Page:Line |
|---|---|
| **shortening(2)** 83:17 99:10 | |
| **shorter(1)** 35:24 | |
| **shortfall(2)** 73:21 74:3 | |
| **should(56)** 14:11 16:7 16:25 19:22 21:2 21:4 21:16 22:22 22:22 23:13 24:22 26:15 26:23 26:23 32:9 32:15 33:18 35:22 37:8 42:13 43:11 47:21 48:6 48:8 48:19 53:18 53:18 56:2 56:3 57:20 57:21 60:20 62:20 64:18 65:10 70:2 70:19 71:22 77:11 81:1 82:14 82:19 82:19 83:1 83:1 83:4 83:15 84:17 85:19 89:4 89:6 91:18 93:9 96:8 96:9 96:14 | |
| **shouldn't(1)** 44:8 | |
| **shouldn't(3)** 72:16 89:5 89:5 | |
| **show(2)** 92:21 98:11 | |
| **showed(1)** 48:13 | |
| **side(6)** 21:4 76:8 76:24 88:15 88:15 98:25 | |
| **sides(1)** 13:6 | |
| **sideshow(1)** 83:11 | |
| **siegel(1)** 63:11 | |
| **sign(1)** 99:10 | |
| **signed(1)** 99:13 | |
| **significant(1)** 31:24 | |
| **significantly(1)** 31:23 | |
| **silence(1)** 103:21 104:4 104:7 105:23 | |
| **silver(1)** 7:34 | |
| **similar(2)** 10:8 31:8 | |
| **simple(1)** 13:22 | |
| **simply(8)** 12:2 12:5 21:1 31:17 74:15 76:12 92:8 104:7 | |
| **simultaneously(1)** 101:1 | |
| **since(5)** 31:18 31:18 31:24 77:22 91:11 | |
| **single(19)** 10:25 11:1 11:4 30:10 31:2 31:8 34:3 46:3 49:6 49:8 56:6 57:10 59:11 59:17 62:12 87:6 87:19 96:2 96:2 | |
| **sir(1)** 39:16 | |
| **sit(4)** 26:3 53:17 56:16 77:15 | |
| **situation(1)** 69:16 | |
| **six(5)** 24:1 27:15 33:15 70:17 88:12 | |
| **six-and-a-half-year-old(1)** 11:7 | |
| **sixth(1)** 69:1 | |
| **size(1)** 19:1 | |
| **skadden(3)** 3:43 38:5 | |
| **slate(1)** 3:43 | |
| **slavens(1)** 4:30 | |
| **slow(1)** 69:11 | |
| **slowing(1)** 89:10 | |
| **small(1)** 38:11 | |
| **smaller(1)** 103:10 | |
| **smith(2)** 3:38 6:9 | |
| **snowden(2)** 31:25 31:25 | |
| **sold(1)** 66:23 | |
| **solus(2)** 5:38 8:12 | |
| **some(24)** 10:24 15:17 15:20 18:24 21:21 22:8 22:25 34:21 42:3 42:4 43:10 49:10 49:12 49:14 61:3 65:9 69:19 70:15 76:8 76:10 85:3 85:3 86:22 97:24 | |
| **somebody(5)** 53:10 53:12 54:5 76:24 77:1 | |
| **somehow(5)** 51:3 53:9 62:8 65:6 90:23 | |
| **someone(2)** 83:22 102:13 | |
| **something(12)** 16:4 30:17 32:17 35:20 62:7 62:12 62:13 91:24 100:15 101:8 104:10 105:23 | |
| **somewhat(1)** 60:8 | |
| **soon(2)** 66:18 67:10 | |
| **sooner(4)** 36:1 36:3 91:18 91:19 | |
| **sorry(2)** 26:15 100:23 | |
| **sort(1)** 72:5 | |
| **sought(2)** 65:23 76:11 | |
| **sound(2)** 1:46 107:3 | |
| **sources(1)** 11:3 | |
| **southern(2)** 28:25 93:7 | |
| **southpaw(1)** 7:4 | |
| **speak(2)** 11:23 105:25 | |
| **speaks(2)** 10:4 60:11 | |

| Word | Page:Line |
|---|---|
| **specific(2)** 11:10 64:12 | |
| **specifically(1)** 17:17 | |
| **specifics(1)** 23:23 | |
| **specified(1)** 11:15 | |
| **speculation(2)** 56:22 57:8 | |
| **speed(6)** 24:16 27:23 28:6 69:24 69:24 | |
| **spend(9)** 12:24 40:15 60:23 72:3 81:23 81:24 88:16 88:17 88:17 | |
| **spending(2)** 91:13 91:20 | |
| **spent(1)** 43:20 74:1 | |
| **spoke(5)** 88:4 88:4 88:5 93:13 96:16 | |
| **spoken(1)** 16:4 | |
| **sponte(1)** 59:2 92:11 | |
| **spring(1)** 43:3 | |
| **square(1)** 3:46 | |
| **stage(1)** 20:7 | |
| **stamp(1)** 47:11 | |
| **stand(6)** 21:12 23:24 71:7 85:22 100:18 106:18 | |
| **standalone(1)** 39:2 | |
| **standard(1)** 18:23 19:3 20:9 31:3 32:12 51:17 80:21 86:25 87:1 93:3 94:4 | |
| **standards(9)** 42:13 47:14 54:14 72:14 76:15 78:13 80:20 82:16 98:7 | |
| **standing(14)** 19:14 19:23 28:10 38:17 48:17 48:20 48:24 49:14 50:12 74:25 83:10 99:3 99:4 102:4 | |
| **stang(1)** 4:19 | |
| **stargatt(1)** 2:12 | |
| **stark(1)** 36:22 37:4 40:23 42:13 54:18 54:20 54:22 79:18 79:23 80:3 80:19 81:2 86:2 97:20 97:23 98:1 98:13 98:17 99:1 100:14 100:14 | |
| **starke(1)** 7:47 | |
| **start(5)** 12:18 58:9 83:11 89:21 104:5 | |
| **started(1)** 54:2 | |
| **state(2)** 64:10 80:6 | |
| **stated(1)** 85:11 | |
| **statement(9)** 24:19 27:22 43:6 58:24 60:7 64:16 75:10 77:18 100:25 | |
| **statements(9)** 36:10 36:15 55:13 55:18 76:5 76:17 86:23 90:2 90:8 | |
| **states(7)** 1:1 1:20 14:9 24:12 34:3 67:6 92:2 | |
| **stating(1)** 59:24 | |
| **statute(2)** 59:1 60:11 | |
| **statutory(2)** 60:13 62:19 | |
| **stay(5)** 36:23 37:11 64:6 102:23 104:6 | |
| **ste(5)** 2:7 2:27 3:7 3:23 4:8 | |
| **steen(1)** 1:31 | |
| **step(5)** 21:6 26:16 27:17 50:4 60:1 | |
| **stephen(2)** 2:40 3:41 8:13 38:6 | |
| **steven(2)** 5:28 6:28 | |
| **still(4)** 14:19 20:25 52:21 52:21 | |
| **stipulation(1)** 36:14 | |
| **stony(4)** 103:21 104:4 104:7 105:23 | |
| **stood(2)** 81:12 86:18 | |
| **stop(4)** 83:1 89:4 89:5 89:5 | |
| **stopping(3)** 80:18 89:8 89:11 | |
| **straight(1)** 13:3 46:6 65:5 | |
| **straightforward(1)** 22:21 | |
| **stranger(2)** 81:2 81:3 | |
| **strategic(1)** 49:2 | |
| **strauss(4)** 3:12 4:39 5:31 58:4 | |
| **street(5)** 1:11 1:41 2:7 3:7 3:24 5:23 | |
| **stretch(1)** 62:17 | |
| **strongly(1)** 100:7 | |
| **stuck(1)** 60:21 | |
| **sua(2)** 59:2 92:10 | |
| **subcon(1)** 34:21 | |

| Word | Page:Line |
|---|---|
| **subject(8)** 31:2 34:2 34:12 42:21 47:17 55:19 56:2 74:12 | |
| **submission(2)** 43:3 75:17 | |
| **submissions(1)** 34:8 | |
| **submit(14)** 30:12 35:21 40:12 40:13 42:25 43:10 44:19 44:25 47:21 57:17 79:5 83:3 90:5 90:8 | |
| **submitted(1)** 84:15 | |
| **subparagraph(1)** 11:18 | |
| **subset(1)** 103:10 | |
| **subsidiaries(1)** 38:25 | |
| **substance(2)** 15:25 85:7 | |
| **substantive(6)** 15:5 21:15 43:21 43:22 61:16 61:19 | |
| **success(1)** 35:11 | |
| **such(3)** 65:15 97:15 97:16 | |
| **sufficient(1)** 83:21 | |
| **sufficiently(3)** 56:12 80:19 80:20 | |
| **suggest(5)** 55:21 56:2 66:18 67:9 71:1 | |
| **suggested(4)** 32:17 48:1 76:13 97:20 | |
| **suggesting(1)** 74:19 | |
| **suggestion(8)** 16:25 31:15 54:19 62:8 66:10 67:12 75:12 95:17 | |
| **suggests(4)** 30:13 36:20 61:25 62:1 | |
| **suisse(1)** 6:39 | |
| **suited(2)** 26:23 27:9 | |
| **sullivan(1)** 5:39 | |
| **sum(1)** 78:15 | |
| **support(5)** 33:9 38:7 39:14 73:8 98:17 | |
| **supported(1)** 48:9 | |
| **supportive(5)** 15:3 40:1 84:23 84:24 84:25 | |
| **supports(4)** 48:21 95:24 95:25 | |
| **suppose(1)** 71:1 | |
| **supreme(8)** 24:12 52:15 52:16 52:18 63:9 63:12 64:1 77:9 | |
| **sure(6)** 37:18 51:6 57:11 86:22 97:3 104:22 | |
| **surely(1)** 103:4 | |
| **surprise(1)** 32:9 | |
| **surprised(2)** 100:9 100:9 | |
| **susan(2)** 3:44 38:5 | |
| **suspect(1)** 35:10 | |
| **sweep(1)** 101:22 | |
| **swift(1)** 68:6 | |
| **switched(1)** 14:2 | |
| **synchronization(2)** 30:25 31:3 | |
| **synchronize(1)** 31:6 | |
| **system(2)** 67:2 77:14 | |
| **table(3)** 24:13 48:25 96:16 | |
| **take(34)** 9:13 15:11 18:2 18:6 26:15 29:13 33:13 37:17 38:17 43:4 44:15 49:8 50:11 60:16 68:10 69:12 71:5 73:14 76:8 79:14 81:1 82:5 85:13 85:13 86:6 86:14 86:21 94:17 94:18 95:16 95:21 97:2 99:4 100:2 | |
| **taken(10)** 10:22 20:12 21:5 74:8 | |
| **takes(6)** 35:1 35:2 50:6 50:7 51:2 86:16 | |
| **taking(4)** 23:1 55:19 97:4 106:4 | |
| **talk(17)** 12:15 13:16 46:11 48:10 61:20 71:19 71:24 72:22 82:25 89:25 93:6 93:6 95:5 95:6 95:12 102:13 102:15 | |
| **talked(2)** 79:18 102:15 | |
| **talking(1)** 96:1 | |
| **talks(1)** 84:8 | |
| **tasked(1)** 13:5 | |
| **taylor(4)** 2:12 3:21 3:41 38:6 | |
| **tecce(1)** 5:40 | |
| **teed(1)** 13:3 | |
| **telephonic(5)** 4:26 5:1 6:1 7:1 8:1 | |
| **tell(10)** 19:20 19:21 19:23 23:24 47:22 54:10 55:5 83:16 87:5 94:19 | |

| Word | Page:Line |
|---|---|
| **tellgroup(1)** 25:25 | |
| **telling(4)** 52:20 73:7 82:7 85:18 | |
| **tells(1)** 25:19 | |
| **ten(1)** 75:20 | |
| **ten-minute(1)** 71:6 | |
| **tents(3)** 24:6 49:22 88:22 | |
| **term(1)** 35:24 | |
| **terms(3)** 51:8 51:10 64:8 | |
| **test(3)** 51:8 51:10 64:8 | |
| **testimony(3)** 70:21 70:21 90:19 | |
| **testing(1)** 15:8 | |
| **texas(2)** 28:25 29:1 | |
| **than(22)** 11:6 12:12 24:16 24:25 25:4 25:6 26:11 28:23 35:15 36:25 43:17 44:3 45:15 46:2 51:7 55:22 61:8 66:13 67:23 67:25 86:2 101:4 | |
| **thank(38)** 9:3 9:15 29:16 29:17 32:25 33:1 37:23 37:24 39:6 39:7 39:16 39:17 40:3 40:4 57:24 57:25 71:4 71:5 71:11 83:6 83:8 83:9 89:15 89:16 92:13 92:14 98:19 98:20 99:6 99:18 100:1 101:6 105:14 106:17 106:20 106:23 106:23 106:24 | |
| **thanks(1)** 100:21 | |
| **that(301)** 9:9 9:11 9:25 10:1 10:7 10:8 10:9 10:16 10:20 10:23 11:3 11:5 11:15 11:15 11:20 11:20 11:24 12:1 12:2 12:4 12:5 12:5 12:5 12:6 12:6 12:7 12:8 12:11 12:16 13:1 13:9 13:14 13:15 13:20 14:11 14:18 15:7 15:13 15:16 15:17 15:18 15:21 15:21 15:24 15:25 15:25 16:1 16:2 16:6 16:9 16:11 16:12 16:15 16:16 16:21 16:22 16:24 16:25 17:6 17:11 17:12 17:13 17:13 17:14 17:17 17:18 17:20 18:2 18:4 18:5 18:7 18:14 18:14 18:21 18:25 19:3 19:4 19:7 19:10 19:22 19:22 20:1 20:6 20:8 20:10 20:13 20:21 20:25 21:2 21:2 21:3 21:7 21:8 21:8 21:9 21:22 22:2 22:3 22:4 22:7 22:7 22:10 22:11 22:13 22:14 22:14 22:15 22:16 22:17 22:18 22:20 22:21 22:23 23:1 23:2 23:12 23:24 24:6 24:7 24:13 24:15 24:18 24:19 24:22 24:25 24:7 25:2 25:5 25:6 25:10 25:11 25:12 25:25 26:2 26:13 26:14 26:16 26:19 26:22 26:22 27:14 27:17 27:19 27:20 28:8 28:11 28:13 28:13 28:22 28:24 28:25 29:4 29:6 29:12 30:2 30:4 30:10 30:12 30:13 30:13 30:17 30:22 30:24 31:3 31:15 31:22 31:24 32:8 32:9 32:11 32:14 32:15 32:17 32:19 32:19 32:22 32:22 33:6 33:9 33:11 33:22 33:23 34:5 34:10 34:10 34:16 34:18 34:19 34:20 34:22 34:22 35:6 35:8 35:8 35:10 35:17 35:18 35:20 35:22 35:23 35:23 36:2 36:6 36:11 36:13 36:18 36:20 36:25 37:2 37:4 37:7 37:7 37:10 37:15 37:18 37:22 38:2 38:8 38:9 38:12 38:22 39:2 39:2 39:25 40:9 40:10 40:11 40:11 40:23 41:1 41:5 41:6 41:6 41:9 41:20 41:25 42:6 42:12 42:14 42:17 42:20 42:21 42:24 42:24 42:25 43:2 43:2 43:15 43:23 43:23 43:24 43:25 44:3 44:5 44:3 44:4 44:10 44:18 44:19 44:19 44:22 44:23 45:6 45:8 45:13 45:15 45:18 45:18 45:22 46:4 46:8 46:12 46:15 46:15 46:21 46:24 46:24 47:2 47:4 47:5 47:7 47:13 47:15 47:16 47:16 47:19 47:20 47:21 47:25 48:2 48:4 48:7 48:13 48:14 48:16 48:17 48:18 48:18 48:20 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**that**(301) 48:21 48:21 49:16 49:17 49:24 49:25 50:1 50:1 50:3 50:4 50:4 50:4 50:8 50:11 50:16 50:17 51:1 51:10 51:19 51:23 52:10 52:17 52:18 52:20 52:23 52:25 53:1 53:8 53:14 53:22 53:23 54:8 54:9 54:13 54:14 54:14 54:18 54:19 54:22 55:5 55:10 55:15 55:16 55:18 55:21 56:2 56:3 56:3 56:3 56:4 56:14 56:15 56:19 56:19 57:3 57:6 57:7 57:9 57:16 57:17 57:19 58:8 58:18 58:23 58:25 59:1 59:6 59:7 59:8 59:10 59:13 59:20 59:22 59:23 59:25 60:1 60:3 60:5 60:10 60:10 60:14 60:17 60:19 60:20 60:21 60:25 60:25 61:1 61:3 61:3 61:4 61:4 61:12 61:16 61:17 61:18 61:20 62:1 62:3 62:6 62:7 62:8 62:9 62:14 62:14 62:15 62:15 62:21 63:3 63:4 63:5 63:6 63:8 63:12 63:19 63:21 63:22 63:23 64:7 64:8 64:11 64:12 64:14 64:17 64:18 64:21 64:22 64:22 65:1 65:5 65:9 65:12 65:14 65:20 65:21 65:24 66:1 66:6 66:7 66:10 66:14 66:16 66:18 66:18 66:21 66:21 67:3 67:5 67:7 67:9 67:9 67:12 67:18 67:20 67:21 67:21 67:22 67:24 68:1 68:4 68:7 68:11 68:14 68:15 68:21 68:22 68:24 68:24 68:25 69:1 69:3 69:4 69:7 69:12 69:13 69:15 70:1 70:2 70:9 70:10 70:24 71:2 71:3 71:6 71:17 72:4 72:5 72:10 72:10 72:13 72:16 72:22 72:22 72:23 72:25 73:2 73:2 73:2 73:2 73:6 73:8 73:14 73:15 73:16 73:16 73:17 73:19 73:23 74:1 74:2 74:3 74:5 74:7 74:8 74:11 74:12 74:13 74:14 74:17 74:21 74:22 75:1 75:7 75:11 75:14 75:17 75:21 75:24 76:3 76:18 76:20 76:22 77:1 77:2 77:5 77:6 77:15 77:16 78:4 78:12 78:13 78:15 78:18 78:19 78:21 79:4 79:5 79:14 79:15 79:20 79:24 80:2 80:7 80:9 80:9 80:17 80:19 80:22 80:23 80:23 81:1 81:5 81:6 82:1 82:3 82:6 82:11 82:13 82:14 82:15 82:16 82:18 82:19 82:25 83:2 83:2 83:14 83:17 83:18 83:22 83:24 83:24 84:1 84:1 84:2 84:9 84:10 84:11 84:13 84:17 84:17 84:18 84:20 84:25 84:25 85:6 85:7 85:11 85:17 85:18 85:20

**that**(185) 85:21 85:21 86:1 86:2 86:5 86:17 86:18 86:20 86:20 87:2 87:3 87:4 87:5 87:6 87:12 87:17 87:19 87:25 88:6 88:7 88:8 88:9 88:13 88:18 88:19 89:1 89:2 89:3 89:8 89:8 89:11 89:12 89:14 89:22 90:2 90:3 90:5 90:6 90:10 90:11 90:13 90:15 90:16 90:22 90:23 91:1 91:2 91:6 91:8 91:10 91:14 91:16 91:17 91:17 91:18 91:18 91:20 91:21 91:21 91:21 91:25 92:3 92:6 92:9 92:11 92:18 92:19 92:21 92:22 93:1 93:2 93:2 93:3 93:4 93:8 93:10 93:11 93:12 93:12 93:16 93:17 93:19 93:24 94:4 94:7 94:9 94:18 94:19 94:22 94:24 95:4 95:13 95:17 95:19 95:20 95:21 96:3 96:5 96:8 96:13 96:15 96:20 96:21 96:21 96:21 96:23 96:23 97:1 97:1 97:6 97:12 97:12 97:14 97:16 97:18 97:21 97:22 97:23 97:24 98:6 98:6 98:12 98:13 98:14 98:14 98:19 98:23 99:2 99:9 99:11 99:11 99:14 99:14 99:19 99:24 99:25 100:2 100:4 100:5 100:6 100:11 100:12 100:15 100:16 100:16 100:18 101:1 101:8 101:24 102:3 102:7 102:7 102:11 102:20 102:24 103:1 103:2 103:5 103:5 103:6 103:7 103:7 103:16 103:24 104:3 104:10 104:11 104:12 104:14 104:16 104:22 105:2 105:5 105:13 105:17 105:21 105:24 106:2 106:2 106:4 106:7 106:7 106:13 106:18 107:2

**that's**(51) 14:6 15:19 16:21 17:2 17:15 17:15 17:19 17:19 17:25 18:22 19:13 21:4 21:16 22:6 22:15 23:4 24:13 25:1 25:1 26:18 27:7 29:2 30:15 30:21 31:17 33:23 34:21 35:4 36:11 36:11 41:1 41:10 41:10 42:8 42:9 44:24 46:8 46:23 47:5 47:13 48:9 49:2 49:3 50:10 51:8 52:9 54:1 55:2 55:3 57:6 57:12

**that's**(45) 60:18 60:21 61:4 61:10 61:16 62:11 62:12 62:13 64:19 66:7 68:10 69:18 70:18 72:13 74:3 74:6 74:8 75:18 76:11 79:10 79:11 79:17 81:25 82:20 84:7 84:21 85:16 85:24 87:1 87:21 88:2 88:6 92:8 92:9 93:17 95:25 96:4 97:11 99:17 100:15 101:12 103:3 103:10 105:11 105:23

**thau**(1) 7:5

**the**(301) 1:1 1:2 1:19 2:34 2:47 3:23 6:26 9:2 9:3 9:6 9:7 9:8 9:8 9:9 9:9 9:9 9:10 9:12 9:13 9:14 9:15 9:18 9:19 9:22 9:24 9:25 9:25 10:1 10:2 10:5 10:6 10:6 10:8 10:10 10:12 10:14 10:15 10:17 10:17 10:20 10:21 10:21 10:22 10:23 10:25 11:2 11:4 11:4 11:5 11:8 11:9 11:11 11:11 11:13 11:14 11:15 11:16 11:17 11:19 11:21 11:24 12:3 12:8 12:10 12:10 12:11 12:11 12:12 12:13 12:14 12:18 12:20 12:21 12:22 12:22 12:22 12:24 12:25 13:2 13:2 13:3 13:6 13:6 13:8 13:8 13:9 13:10 13:11 13:12 13:12 13:16 13:17 13:18 13:18 13:18 14:4 14:7 14:9 14:9 14:9 14:10 14:11 14:12 14:13 14:13 14:15 14:17 14:17 14:19 14:20 14:21 14:22 14:23 14:25 14:25 14:25 15:2 15:2 15:3 15:7 15:10 15:11 15:12 15:12 15:13 15:13 15:14 15:16 15:19 15:20 15:20 15:22 15:24 15:25 15:25 16:1 16:2 16:2 16:2 16:4 16:10 16:10 16:10 16:15 16:16 16:16 16:18 16:18 16:22 16:23 17:1 17:2 17:3 17:6 17:7 17:7 17:7 17:8 17:9 17:9 17:10 17:14 17:14 17:14 17:15 17:15 17:16 17:16 17:17 17:17 17:17 17:18 17:18 17:19 17:19 17:20 17:23 17:23 17:24 18:2 18:3 18:4 18:4 18:5 18:6 18:7 18:7 18:9 18:11 18:11 18:14 18:15 18:17 18:18 18:18 18:19 18:20 18:22 18:22 18:25 19:1 19:2 19:4 19:4 19:7 19:9 19:12 19:19 19:21 19:21 19:23 20:2 20:3 20:3 20:4 20:5 20:6 20:7 20:10 20:12 20:12 20:13 20:14 20:15 20:20 21:1 21:2 21:3 21:4 21:5 21:5 21:5 21:7 21:8 21:12 21:13 21:14 21:15 21:17 21:18 21:19 21:20 21:20 21:21 21:22 21:24 22:1 22:8 22:8 22:9 22:10 22:10 22:11 22:11 22:13 22:19 22:19 22:22 22:22 22:23 22:24 23:2 23:3 23:4 23:4 23:5 23:5 23:6 23:7 23:10 23:11 23:12 23:12 23:16 23:17 23:18 23:19 23:20 23:21 23:23 23:25 23:25 23:25 24:3 24:3 24:4 24:4 24:4 24:5 24:6

**the**(301) 24:8 24:9 24:11 24:12 24:13 24:16 24:18 24:20 24:21 24:21 24:23 24:24 24:25 24:25 25:1 25:3 25:3 25:4 25:4 25:5 25:6 25:6 25:7 25:7 25:8 25:9 25:10 25:10 25:11 25:12 25:13 25:14 25:15 25:16 25:18 25:18 25:19 25:19 25:19 25:20 25:21 25:22 25:23 25:23 25:24 25:24 25:25 26:1 26:2 26:2 26:6 26:7 26:8 26:8 26:11 26:11 26:11 26:12 26:13 26:13 26:17 26:18 26:18 26:20 26:20 26:21 26:22 26:25 26:25 27:3 27:3 27:4 27:5 27:6 27:8 27:10 27:10 27:11 27:12 27:15 27:17 27:18 27:21 27:23 27:24 27:25 28:3 28:3 28:5 28:5 28:6 28:6 28:7 28:9 28:10 28:10 28:13 28:15 28:24 28:25 28:25 29:1 29:2 29:3 29:5 29:5 29:7 29:8 29:10 29:11 29:13 29:13 29:13 29:14 29:14 29:15 29:17 29:21 29:23 29:23 29:25 30:1 30:3 30:3 30:5 30:6 30:7 30:8 30:9 30:9 30:11 30:11 30:13 30:14 30:15 30:16 30:19 30:20 30:21 30:22 30:25 31:1 31:4 31:5 31:7 31:9 31:10 31:10 31:15 31:15 31:17 31:18 31:18 31:18 31:19 31:23 31:24 31:25 32:2 32:4 32:6 32:10 32:10 32:11 32:13 32:13 32:19 32:19 32:22 32:24 33:1 33:3 33:4 33:5 33:6 33:6 33:7 33:8 33:9 33:11 33:12 33:14 33:16 33:16 33:20 33:20 33:21 33:22 33:23 33:24 33:25 34:1 34:2 34:3 34:4 34:7 34:7 34:8 34:9 34:10 34:10 34:11 34:13 34:14 34:17 34:19 34:22 34:23 34:25 35:1 35:4 35:5 35:7 35:3 35:7 35:8 35:9 35:10 35:11 35:12 35:13 35:14 35:14 35:14 35:16 35:18 35:19 35:22 35:22 35:24 36:1 36:1 36:1 36:3 36:3 36:6 36:6 36:8 36:10 36:16 36:19 36:20 36:22 36:22 36:24 37:1 37:1 37:3 37:4 37:9 37:9 37:10 37:11 37:11 37:12 37:13 37:13 37:14 37:14 37:14 37:15 37:17 37:20 37:23 38:1 38:2 38:3 38:6 38:7 38:8 38:9 38:13 38:14 38:16 38:17 38:18 38:19 38:19 38:20 38:21 38:21 38:22 38:22 38:23 38:24 38:25 39:1 39:3

**the**(301) 39:5 39:7 39:10 39:11 39:13 39:13 39:14 39:14 39:15 39:16 39:18 39:21 39:22 39:23 39:23 39:25 40:1 40:2 40:2 40:4 40:9 40:10 40:14 40:15 40:18 40:19 40:20 40:21 40:24 41:1 41:3 41:5 41:6 41:6 41:7 41:7 41:8 41:9 41:9 41:10 41:11 41:11 41:12 41:15 41:18 41:19 41:24 41:25 42:2 42:3 42:8 42:11 42:11 42:12 42:13 42:16 42:17 42:19 42:21 42:22 42:24 42:3 42:5 43:6 43:8 43:8 43:9 43:10 43:12 43:12 43:12 43:14 43:14 43:15 43:16 43:21 43:22 43:22 43:24 43:25 44:1 44:1 44:4 44:5 44:6 44:9 44:13 44:15 44:17 44:20 44:20 44:22 44:23 44:24 45:1 45:2 45:2 45:3 45:4 45:5 45:5 45:12 45:14 45:16 45:16 45:19 45:21 45:21 45:22 45:22 45:23 45:23 45:24 45:25 46:4 46:7 46:8 46:11 46:15 46:16 46:18 46:22 46:23 46:25 46:25 47:5 47:5 47:8 47:10 47:11 47:12 47:13 47:14 47:17 47:17 47:18 47:20 47:21 47:22 47:25 48:2 48:2 48:3 48:4 48:5 48:5 48:6 48:7 48:7 48:8 48:10 48:16 48:16 48:19 48:20 48:22 48:25 49:1 49:2 49:2 49:4 49:4 49:5 49:6 49:7 49:8 49:9 49:9 49:10 49:12 49:13 49:17 49:19 49:20 49:21 49:22 49:23 49:25 49:25 50:1 50:2 50:3 50:4 50:5 50:6 50:9 50:9 50:11 50:12 50:13 50:14 50:15 50:16 50:17 50:18 50:19 50:20 50:23 50:24 51:2 51:3 51:6 51:7 51:8 51:9 51:12 51:16 51:17 51:21 51:22 52:2 52:3 52:4 52:5 52:7 52:7 52:8 52:9 52:12 52:12 52:14 52:14 52:16 52:17 52:18 52:18 52:19 52:19 52:22 52:24 52:25 53:2 53:6 53:8 53:10 53:13 53:15 53:16 53:17 53:20 53:21 53:23 53:24 54:5 54:5 54:6 54:7 54:7 54:9 54:12 54:14 54:15 54:17 54:19 54:19 54:21 54:22 54:24 55:1 55:2 55:3 55:5 55:6 55:9 55:12 55:15 55:16 55:18 55:18 55:19 55:20 55:20 55:22 55:22 55:23 55:23 55:24 55:24 56:1 56:4 56:8 56:8 56:8 56:9 56:11 56:12 56:13 56:16 56:16 56:16 56:16 56:17 56:20 56:21 56:22 57:4 57:4 57:11 57:12 57:15 57:16 57:16

| Word | Page:Line |
|---|---|
| **the**(301) | 57:17 57:18 57:20 57:21 57:22 57:22 57:25 58:2 58:3 58:4 58:9 58:11 58:12 58:13 58:21 58:23 58:24 58:24 59:1 59:1 59:3 59:7 59:8 59:9 59:9 59:9 59:11 59:14 59:15 59:16 59:18 59:23 59:23 59:24 59:24 60:1 60:1 60:3 60:3 60:4 60:4 60:5 60:5 60:6 60:6 60:8 60:8 60:9 60:10 60:10 60:11 60:13 60:14 60:14 60:15 60:15 60:16 60:16 60:19 60:20 60:22 60:22 60:23 60:23 60:24 61:1 61:1 61:3 61:4 61:6 61:6 61:9 61:11 61:15 61:23 61:23 61:24 61:24 62:7 62:10 62:13 62:16 62:17 62:18 62:19 62:20 62:21 62:21 62:23 62:25 63:2 63:3 63:6 63:7 63:8 63:11 63:11 63:12 63:13 63:13 63:14 63:15 63:15 63:16 63:19 63:20 63:22 63:24 64:1 64:5 64:6 64:7 64:7 64:9 64:9 64:11 64:11 64:12 64:13 64:14 64:15 64:15 64:16 64:16 64:16 64:17 64:17 64:18 64:19 64:21 64:22 64:23 64:24 64:24 65:3 65:4 65:5 65:6 65:8 65:10 65:10 65:12 65:13 65:14 65:18 65:19 65:20 65:21 65:22 65:23 65:24 65:25 66:1 66:4 66:5 66:6 66:10 66:13 66:13 66:14 66:17 66:23 67:3 67:3 67:5 67:7 67:8 67:8 67:11 67:12 67:12 67:12 67:15 67:20 67:23 68:1 68:8 68:10 68:12 68:13 68:17 68:19 68:22 68:23 68:24 68:24 68:25 69:1 69:1 69:2 69:2 69:4 69:4 69:7 69:9 69:10 69:11 69:14 69:16 69:16 69:16 69:17 69:19 69:22 70:6 70:6 70:7 70:8 70:9 70:10 70:11 70:12 70:12 70:15 70:16 70:18 70:19 70:23 70:24 70:25 71:3 71:3 71:5 71:10 71:11 71:14 71:18 71:19 71:20 71:23 71:25 72:1 72:4 72:5 72:8 72:9 72:10 72:14 72:16 72:17 72:20 72:21 72:24 73:1 73:2 73:3 73:3 73:4 73:4 73:5 73:7 73:8 73:10 73:12 73:14 73:15 73:16 73:16 73:19 73:20 73:21 73:22 73:25 74:3 74:3 74:4 74:6 74:9 74:9 74:11 74:12 74:13 74:15 74:15 74:16 74:17 74:18 74:22 74:23 74:24 75:1 75:1 75:2 75:4 75:6 75:7 75:9 75:11 75:12 75:13 75:14 75:14 75:16 75:17 75:19 75:21 75:22 76:1 76:2 |

| Word | Page:Line |
|---|---|
| **the**(301) | 76:3 76:4 76:4 76:6 76:8 76:10 76:12 76:13 76:14 76:15 76:18 76:19 76:19 76:23 76:24 77:4 77:5 77:6 77:7 77:9 77:10 77:11 77:12 77:12 77:13 77:16 77:19 77:23 77:25 78:1 78:2 78:3 78:4 78:5 78:8 78:8 78:9 78:10 78:12 78:12 78:14 78:15 78:17 78:17 78:19 78:22 78:22 78:23 78:23 78:24 78:25 79:3 79:4 79:4 79:8 79:9 79:11 79:12 79:13 79:14 79:19 79:19 79:20 79:23 79:24 80:1 80:3 80:4 80:5 80:6 80:6 80:7 80:7 80:10 80:11 80:13 80:14 80:18 80:19 80:20 80:21 80:23 80:25 81:3 81:3 81:6 81:9 81:18 81:21 82:1 82:1 82:2 82:5 82:9 82:12 82:15 82:15 82:16 82:20 82:25 83:4 83:5 83:5 83:6 83:8 83:10 83:11 83:11 83:12 83:12 83:13 83:15 83:17 83:20 83:22 84:3 84:4 84:5 84:7 84:8 84:10 84:11 84:12 84:13 84:13 84:14 84:15 84:15 84:16 84:16 84:18 84:18 84:19 84:20 84:21 84:21 84:21 85:2 85:5 85:5 85:6 85:17 85:20 85:21 85:21 85:23 85:24 85:24 86:4 86:6 86:7 86:9 86:10 86:10 86:12 86:15 86:17 86:19 86:20 86:25 86:25 87:1 87:2 87:3 87:3 87:6 87:7 87:7 87:8 87:9 87:10 87:12 87:13 87:14 87:15 87:15 87:17 87:18 87:18 87:18 87:19 87:19 87:22 87:22 87:22 87:23 87:24 87:25 88:1 88:6 88:8 88:10 88:12 88:14 88:14 88:15 88:15 88:16 88:17 88:17 88:18 88:19 88:20 88:20 88:21 89:1 89:4 89:5 89:5 89:6 89:6 89:7 89:8 89:10 89:23 89:23 89:24 89:25 90:1 90:2 90:2 90:3 90:3 90:6 90:6 90:7 90:7 90:9 90:9 90:11 90:11 90:12 90:13 90:14 90:15 90:16 90:16 90:16 90:17 90:17 90:18 90:18 90:19 90:19 90:20 90:21 90:21 90:23 90:24 90:24 90:25 90:25 91:1 91:1 91:3 91:4 91:5 91:7 91:11 91:12 91:12 91:16 91:17 91:17 91:18 91:19 91:20 91:23 91:23 91:25 91:25 92:2 92:6 92:7 92:8 92:11 92:14 92:17 92:19 92:23 92:23 92:23 92:24 92:25 93:2 93:3 93:5 |

| Word | Page:Line |
|---|---|
| **the**(205) | 93:8 93:8 93:9 93:10 93:11 93:15 93:17 93:17 93:18 93:20 93:22 93:23 93:23 93:25 94:3 94:4 94:6 94:8 94:9 94:10 94:11 94:11 94:14 94:15 94:16 94:21 95:7 95:9 95:10 95:11 95:12 95:13 95:14 95:16 95:16 95:16 95:17 95:18 95:21 95:21 95:23 95:23 95:24 95:24 95:25 96:4 96:4 96:7 96:9 96:9 96:14 96:15 96:16 96:17 96:18 96:18 97:3 97:7 97:8 97:9 97:9 97:10 97:11 97:13 97:14 97:19 97:21 97:23 97:24 98:1 98:2 98:2 98:4 98:6 98:7 98:14 98:14 98:18 98:19 98:20 98:21 98:22 98:22 98:23 98:25 99:1 99:1 99:3 99:5 99:6 99:8 99:9 99:10 99:10 99:13 99:13 99:14 99:14 99:18 99:21 99:23 100:1 100:3 100:4 100:5 100:6 100:6 100:7 100:8 100:12 100:17 100:20 100:22 100:24 100:24 100:25 101:2 101:3 101:3 101:5 101:7 101:10 101:12 101:13 101:14 101:15 101:16 101:17 101:18 101:20 101:22 101:22 101:24 102:2 102:3 102:4 102:8 102:14 102:16 102:17 102:17 102:25 103:1 103:2 103:5 103:3 103:6 103:7 103:8 103:11 103:12 103:12 103:14 103:16 103:23 103:24 103:25 103:25 104:4 104:4 104:9 104:9 104:10 104:11 104:17 104:17 104:19 104:20 104:23 104:25 105:3 105:5 105:8 105:11 105:13 105:15 105:17 105:19 105:22 105:22 105:23 106:1 106:1 106:6 106:6 106:9 106:11 106:11 106:12 106:16 106:18 106:21 106:23 106:25 107:2 107:3 107:3 107:4 |
| **their**(49) | 12:17 14:23 16:9 17:1 19:13 19:14 19:15 19:15 21:17 21:18 24:5 27:4 32:20 34:23 35:12 38:25 41:13 44:13 44:6 46:7 46:18 47:9 52:23 53:19 54:11 54:11 54:16 55:17 55:19 56:5 60:22 76:5 81:19 81:24 88:22 90:8 91:21 92:7 95:14 95:20 96:1 96:3 96:6 96:7 99:4 101:25 101:25 |
| **them**(27) | 11:23 11:23 16:9 21:10 21:11 35:22 41:18 44:15 44:16 45:17 47:25 49:10 49:12 54:16 54:16 55:7 55:19 57:23 79:8 83:23 85:7 85:9 95:19 96:2 97:4 98:16 101:22 |
| **theme**(1) | 57:12 |
| **themselves**(1) | 43:13 |
| **then**(34) | 11:16 13:1 13:2 15:22 18:1 18:3 18:17 18:17 18:21 20:15 22:13 25:13 29:2 32:12 35:8 42:13 44:13 46:22 51:18 52:8 53:1 53:16 54:18 55:7 61:11 64:10 66:10 78:12 93:12 97:22 97:25 98:16 101:4 102:9 |
| **theories**(1) | 22:4 |
| **theory**(2) | 91:17 91:17 |
| **there**(117) | 11:22 12:3 12:4 12:6 15:6 15:17 16:3 16:20 17:4 17:4 21:17 21:20 22:2 22:12 22:12 22:14 22:15 22:16 22:17 22:20 22:25 23:14 23:14 23:15 24:15 25:2 25:13 26:16 27:4 28:21 29:1 29:11 32:8 32:12 32:14 34:10 38:20 42:21 43:9 44:24 45:15 47:6 48:20 49:9 50:12 50:17 51:7 51:24 52:10 52:11 56:18 58:7 58:22 59:10 61:12 61:13 61:20 61:21 61:22 62:13 62:24 63:5 63:9 63:25 63:25 64:8 65:18 66:11 66:17 66:19 67:22 67:24 69:8 69:15 69:15 72:12 74:20 74:22 75:8 75:11 76:21 78:16 78:25 79:23 80:15 80:16 85:23 85:25 86:4 86:13 86:22 86:22 88:6 88:7 88:13 90:10 91:6 93:4 93:4 93:10 93:11 93:16 96:13 97:1 97:24 100:4 101:11 102:3 102:20 105:17 105:21 105:24 106:2 106:4 106:6 106:7 106:13 |
| **there're**(1) | 23:7 |

| Word | Page:Line |
|---|---|
| **there's**(36) | 10:14 11:23 11:24 11:25 12:4 12:5 15:5 15:8 15:16 15:17 15:20 16:21 16:25 20:25 22:4 24:11 24:12 26:10 30:13 31:1 38:18 42:20 42:20 43:13 43:18 44:2 45:13 45:15 45:18 47:16 49:9 49:17 51:15 51:19 52:14 54:17 57:18 |
| **thereafter**(1) | 19:6 |
| **therefore**(4) | 45:8 58:15 86:19 93:9 |
| **there's**(20) | 61:9 63:17 68:9 75:12 82:25 83:3 83:13 85:15 88:10 90:13 91:4 91:6 91:8 94:12 97:2 97:4 98:13 102:19 103:6 104:10 |
| **these**(29) | 11:12 13:4 19:25 21:6 21:14 28:10 30:8 33:23 38:8 38:25 40:13 42:23 44:15 47:10 47:12 48:23 49:14 57:16 69:10 75:4 75:16 94:12 96:10 96:12 96:14 96:23 97:3 98:8 98:15 |
| **they**(134) | 12:6 12:15 12:17 15:1 19:16 19:17 19:18 20:4 24:21 28:4 33:11 33:24 33:24 34:19 34:22 35:9 35:10 35:11 35:12 35:14 35:15 35:15 35:16 37:10 37:13 37:17 37:18 41:5 41:6 41:7 41:11 41:16 41:18 41:20 42:5 42:5 42:25 43:1 44:10 45:6 45:6 46:13 47:24 48:3 48:4 48:5 49:1 49:3 49:4 49:5 50:2 50:11 52:3 52:20 54:10 55:4 55:4 55:5 55:6 55:9 55:9 55:10 55:17 55:19 55:20 56:5 57:1 57:22 59:24 65:12 65:15 73:16 74:25 75:10 76:7 76:9 76:21 76:22 77:1 77:2 77:12 79:21 79:22 80:23 81:13 81:15 81:15 81:15 81:17 81:18 81:20 81:21 81:22 81:23 81:24 81:25 82:3 82:4 82:8 82:9 82:11 83:1 83:17 83:17 83:18 85:7 85:22 85:22 87:8 89:10 89:22 91:9 91:14 91:16 91:19 94:22 95:4 95:11 95:12 95:18 95:19 95:21 96:3 96:13 97:4 97:25 98:6 98:8 98:9 98:9 98:18 99:11 99:11 103:5 |
| **they'll**(2) | 48:18 49:13 |
| **they're**(10) | 12:16 21:9 35:13 41:23 42:17 43:3 45:17 48:11 52:3 55:14 |
| **they've**(2) | 20:6 31:22 |
| **they're**(5) | 69:20 81:13 82:10 94:24 104:13 |
| **they've**(1) | 85:21 |
| **thing**(22) | 26:2 32:22 33:6 33:14 35:14 35:22 47:20 53:10 59:17 78:5 79:17 80:14 81:8 83:19 87:18 88:12 91:25 96:10 97:7 97:14 99:23 102:12 |
| **things**(18) | 13:17 20:18 31:6 41:20 41:23 42:14 43:15 47:3 57:14 59:6 76:20 79:14 81:14 82:9 94:7 97:7 98:10 98:19 |
| **think**(106) | 12:24 18:21 20:8 20:10 21:2 21:9 22:20 27:13 29:7 29:7 29:8 29:14 30:15 30:17 35:10 35:13 36:2 36:11 36:16 37:1 37:2 37:8 37:15 38:13 39:24 42:19 42:25 43:11 43:24 44:22 47:13 57:6 57:7 57:12 58:11 58:19 58:20 58:20 59:25 60:8 61:1 62:18 63:21 64:3 65:9 66:16 66:17 66:20 67:2 67:13 67:18 69:20 70:2 70:22 71:6 71:17 71:21 72:5 72:13 72:19 74:6 74:19 75:1 75:23 76:11 77:3 77:18 77:21 78:15 79:15 80:12 81:5 81:6 81:13 81:13 81:25 83:14 84:11 84:14 85:10 88:11 89:7 89:8 89:11 89:12 90:10 91:9 91:21 92:2 92:10 92:20 94:10 96:12 96:23 97:1 98:6 98:14 98:16 100:4 100:5 100:11 100:16 101:21 101:25 102:23 106:4 |
| **thinking**(1) | 23:11 |
| **thinks**(2) | 97:21 97:24 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **third**(113) 9:24 11:8 12:24 13:2 13:3 17:8 17:11 19:21 23:18 24:9 24:22 25:3 25:6 25:7 25:8 25:17 25:19 25:20 26:2 25:23 26:1 26:7 26:14 26:20 26:25 26:25 27:8 27:10 27:15 28:6 29:5 30:11 30:19 30:24 30:25 31:4 31:17 34:17 35:1 35:2 35:4 35:9 35:11 35:13 37:11 37:12 37:17 38:15 40:2 43:12 44:3 46:22 47:11 47:13 47:14 47:25 48:19 49:1 49:4 49:9 49:12 49:17 49:25 50:3 50:5 50:10 50:13 50:14 50:16 51:6 51:17 52:8 52:25 53:1 53:2 53:16 53:21 56:21 57:17 63:14 70:24 71:15 72:17 72:21 73:25 75:2 75:4 75:6 77:1 76:2 76:13 80:5 80:6 80:13 82:15 83:4 85:9 85:13 88:10 88:14 90:4 90:6 90:11 90:13 90:17 90:21 91:23 91:23 93:6 96:15 97:9 97:10 100:13 | | **threshold**(5) 30:5 92:23 93:10 94:15 94:15 **through**(16) 14:24 25:3 30:9 30:14 31:10 33:12 38:13 51:7 61:23 70:16 70:19 78:5 78:5 83:5 93:5 102:13 **throughout**(3) 30:6 32:19 87:22 **throw**(2) 54:14 96:13 **throwing**(1) 102:10 **thrown**(1) 102:18 **thursday**(6) 15:5 40:21 40:22 58:13 82:7 102:21 **tim**(1) 39:9 **time**(49) 12:20 12:21 12:22 16:15 16:16 17:4 19:24 20:10 21:5 29:8 29:8 29:14 31:8 32:23 33:8 38:17 39:4 40:14 40:15 43:4 43:18 43:14 46:23 51:2 60:23 69:2 77:6 77:11 80:16 83:7 83:18 83:18 83:21 84:2 89:11 89:12 91:13 91:20 92:11 95:12 96:4 96:17 99:10 99:15 103:1 103:3 104:20 104:20 **timeline**(8) 53:13 53:13 54:4 54:5 54:9 75:13 98:1 98:2 **times**(4) 3:46 11:8 31:13 43:9 **timing**(3) 24:4 24:17 33:7 **timothy**(1) 3:37 **today**(29) 9:20 20:17 24:15 29:6 38:17 39:13 40:3 40:4 41:23 42:9 43:4 51:4 51:15 51:15 52:25 55:4 58:16 66:8 74:20 75:20 77:16 80:17 82:9 85:22 87:21 99:4 99:9 99:16 99:17 **today's**(1) 42:21 **together**(2) 66:24 73:1 **told**(6) 19:3 49:20 52:3 83:23 84:2 102:8 **tomorrow**(1) 80:13 **too**(5) 27:9 64:14 66:12 91:25 97:14 **took**(4) 14:23 21:20 21:21 21:25 41:18 55:13 **tools**(1) 82:5 **top**(1) 44:13 **tory's**(1) 4:29 **total**(1) 70:22 **touch**(1) 10:17 **towards**(1) 31:20 **tower**(1) 3:17 **track**(1) 52:8 **tracks**(1) 89:4 **trade**(6) 2:4 6:26 19:12 48:16 68:3 74:23 **traditional**(1) 76:15 **transcript**(5) 1:18 1:47 38:19 38:21 107:3 **transcription**(3) 1:40 1:40 1:47 **transferred**(1) 15:23 **transferring**(1) 18:1 **transformed**(1) 21:10 **transmitted**(1) 20:15 **travel**(1) 106:19 **treated**(1) 66:1 **trial**(14) 19:8 21:20 28:14 28:16 32:19 43:17 43:18 46:20 46:22 51:2 62:1 62:6 70:20 90:19 **tribune**(1) 65:18 **tried**(3) 16:14 49:10 83:25 **trough**(1) 91:7 **true**(7) 10:23 24:25 58:25 60:10 62:18 63:8 63:9 **trust**(6) 3:28 5:10 5:35 15:2 39:21 40:1 **trustee**(4) 2:39 4:33 6:43 39:21 **try**(11) 21:6 39:12 41:12 44:6 46:14 58:6 66:12 71:16 71:19 72:21 81:19 **trying**(4) 21:12 21:13 21:13 92:7 **tunnell**(1) 1:25 **turn**(4) 11:23 42:19 50:19 64:21 | | **turning**(2) 32:6 61:11 **tweed**(2) 3:5 4:44 **twice**(2) 28:23 56:14 **two**(36) 10:13 14:10 17:3 18:25 19:7 28:9 28:16 31:11 35:17 42:20 44:15 45:13 51:13 51:24 52:10 52:11 53:7 53:17 55:15 60:22 61:13 61:21 61:22 62:5 62:5 78:12 81:14 86:8 91:4 91:7 92:21 94:4 94:20 97:7 99:14 103:3 **two-stepping**(1) 50:22 **tyler**(3) 2:45 5:43 6:13 **type**(5) 12:15 19:4 61:10 66:6 102:12 **types**(1) 43:15 **u.k**(6) 4:5 4:33 5:9 38:23 38:23 54:5 **u.s**(21) 4:34 5:10 9:7 11:24 14:9 15:3 22:1 28:4 30:3 34:13 35:8 36:20 67:23 68:1 68:2 74:23 81:21 81:21 102:14 102:17 102:20 105:22 **u.s.c**(1) 9:20 **ucc**(3) 30:13 36:13 55:24 **ukp**(5) 40:13 92:19 95:16 95:21 97:14 **ukpc**(2) 33:5 33:9 **ukp's**(1) 64:11 **ultimate**(7) 24:3 24:4 37:9 50:23 69:25 94:2 101:15 **ultimately**(13) 12:13 13:1 13:12 13:16 25:21 26:1 26:7 29:5 30:10 30:21 31:9 46:20 103:16 **unable**(1) 84:1 **unassailable**(1) 72:19 **uncle**(1) 35:20 **unclear**(1) 18:17 **uncontroverted**(1) 80:11 **undeniably**(2) 44:19 59:22 **under**(25) 9:20 10:10 11:14 17:19 18:10 21:22 21:22 22:18 23:18 26:19 27:20 43:23 63:7 64:15 64:18 64:22 66:1 67:4 67:7 73:22 76:15 85:5 87:2 93:3 100:2 **underscore**(1) 94:5 **understand**(10) 63:3 63:5 83:18 86:17 90:16 103:9 103:24 105:17 105:21 105:24 **understanding**(1) 95:15 **undoubtedly**(1) 87:13 **unfair**(1) 58:20 **unfairly**(2) 65:21 66:1 **unfortunately**(2) 14:1 101:8 **unique**(1) 62:1 **united**(7) 1:1 1:20 14:9 24:12 34:3 67:5 92:2 **unknown**(1) 106:24 **unless**(2) 47:20 83:6 **unlevel**(1) 56:17 **unlike**(1) 59:21 **unprecedented**(1) 62:5 **unsecured**(5) 3:12 4:39 5:31 67:25 68:3 **until**(8) 17:1 18:20 34:1 34:11 34:15 36:1 36:17 97:18 **unusual**(3) 19:5 20:1 105:24 **upon**(10) 10:17 34:8 34:23 54:9 65:2 72:9 73:14 75:14 82:14 91:11 **upstairs**(2) 80:5 80:22 **urgency**(1) 47:3 **urquhart**(1) 5:39 **use**(3) 49:2 95:10 **used**(1) 24:23 **usual**(2) 33:12 53:15 **utilize**(1) 82:5 **utter**(1) 95:18 **vacation**(4) 99:14 99:24 101:9 103:25 104:13 105:10 106:15 106:22 **valid**(1) 57:7 | | **value**(3) 62:2 62:9 66:23 **variant**(1) 34:21 **variety**(1) 10:5 **various**(2) 11:4 84:18 **vast**(1) 59:23 **vazquez**(1) 7:7 **versus**(1) 25:12 **very**(20) 12:1 17:16 18:13 22:10 42:7 43:20 47:1 53:14 58:15 62:3 68:2 69:8 73:18 83:14 83:19 86:9 95:17 100:11 102:9 103:16 **vetted**(2) 28:19 96:14 **view**(6) 14:18 14:19 20:12 20:13 20:25 **viewed**(1) 20:24 **voluntarily**(1) 84:10 **wait**(7) 16:25 17:1 17:23 36:17 51:18 53:2 90:7 **waited**(1) 99:10 **waiting**(2) 29:15 53:17 **waived**(1) 76:18 **walancik**(1) 5:6 **walker**(3) 26:12 77:25 78:6 **want**(64) 27:19 27:21 28:22 30:17 31:14 32:18 33:11 35:9 35:14 35:15 35:15 35:16 37:17 37:18 42:16 43:14 48:10 49:3 49:4 49:5 50:11 52:21 55:4 55:5 55:10 58:9 58:10 67:14 67:17 67:17 67:17 68:6 68:20 72:15 81:7 81:16 81:17 81:18 81:20 81:22 81:23 81:25 82:3 82:4 82:10 82:12 82:23 82:24 83:18 83:19 86:6 86:9 88:8 88:24 93:12 94:7 95:15 95:21 96:13 97:12 97:19 102:12 104:5 106:3 **wanted**(9) 34:21 49:21 55:7 83:18 94:9 95:16 99:12 99:23 104:13 **wants**(3) 47:4 81:11 82:25 **warrant**(1) 43:15 **warranting**(1) 65:16 **was**(122) 11:10 12:21 12:23 13:4 13:5 13:25 14:14 14:19 14:22 15:1 15:4 15:7 16:6 16:16 17:4 17:4 18:25 19:1 21:8 21:21 22:9 22:25 23:3 25:14 27:2 27:5 28:13 28:14 28:15 32:1 32:11 32:17 34:6 34:23 37:13 39:1 39:2 39:2 39:24 40:14 40:20 40:21 41:18 42:25 46:3 46:13 47:5 47:6 51:24 52:10 54:19 55:9 56:4 58:12 58:12 58:13 58:14 59:21 61:17 62:3 62:8 62:9 62:24 63:5 63:6 63:18 68:22 69:16 69:16 70:11 70:20 72:2 72:17 72:23 72:25 74:2 74:8 74:10 76:21 78:8 78:18 78:19 78:21 78:23 78:24 78:25 79:4 79:17 80:4 80:12 83:22 83:25 84:12 84:15 85:10 85:11 86:22 87:2 88:7 88:8 90:10 91:9 93:4 95:4 95:25 96:5 96:21 96:21 98:23 99:23 99:24 101:21 101:23 102:3 103:1 103:10 104:14 105:17 105:18 106:25 **washington**(3) 2:22 3:8 3:31 **wasn't**(3) 38:20 46:9 48:8 **wasn't**(2) 74:12 95:18 **wasted**(1) 46:23 **wasteful**(1) 27:18 **water**(1) 34:17 **watson/in**(1) 5:24 **way**(22) 15:18 25:10 27:17 29:5 29:12 35:18 46:18 49:7 50:1 57:9 57:22 66:16 70:11 75:5 75:6 75:11 82:13 82:18 85:3 85:3 88:21 100:24 **ways**(4) 10:5 18:24 87:8 91:4 **we'd**(1) 47:20 **we'll**(10) 23:23 31:7 47:12 49:12 49:13 49:15 49:22 49:22 53:22 57:4 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **third-parties**(1) 103:9 **thirty**(1) 16:17 **this**(294) 10:19 11:1 11:6 11:7 11:25 12:1 12:2 12:13 12:15 12:19 12:24 13:1 13:13 13:23 15:4 15:9 15:15 15:18 15:24 16:7 16:11 16:19 16:23 17:3 17:5 17:25 17:25 18:6 18:16 18:21 18:23 19:3 19:3 19:4 19:11 19:22 20:1 20:8 20:15 21:8 22:3 22:5 22:6 22:7 22:22 23:12 23:13 23:17 23:20 23:23 23:24 24:19 24:23 25:14 25:23 26:1 26:4 26:10 26:15 26:17 27:16 28:7 28:11 28:23 28:23 29:1 29:4 29:7 29:10 29:15 30:4 30:10 30:21 31:11 32:2 32:14 32:18 32:23 33:11 33:13 33:14 33:16 33:21 33:25 35:1 35:17 35:21 35:23 36:2 36:4 36:9 36:19 36:21 37:8 37:16 37:17 37:18 38:11 38:14 38:17 38:20 40:17 40:23 44:2 45:8 45:11 45:19 46:5 46:6 46:13 46:15 46:21 47:2 48:12 49:8 49:20 50:2 50:13 50:15 50:17 50:23 50:24 51:16 51:25 52:23 52:25 53:8 53:16 53:21 54:3 54:20 54:21 55:1 55:3 55:4 55:8 55:9 55:10 55:23 56:3 56:21 57:1 57:3 57:9 57:16 57:18 57:19 57:21 59:8 59:17 60:2 60:12 61:18 61:25 62:1 62:3 62:6 62:9 62:21 63:4 63:21 64:1 64:3 64:19 64:22 65:7 65:9 65:12 65:15 66:4 66:6 66:8 66:11 66:16 66:19 67:18 67:22 68:10 68:12 69:8 69:18 69:20 70:2 70:5 70:11 70:17 71:2 71:15 71:18 71:21 71:25 72:9 72:14 72:17 72:19 72:20 72:20 73:18 73:22 73:25 74:10 74:18 74:22 75:21 75:22 75:25 75:25 76:3 76:24 77:8 77:9 77:17 77:18 78:4 78:11 78:11 78:14 78:17 78:21 79:6 79:13 79:17 79:19 80:8 80:12 80:17 81:7 81:16 81:18 81:21 82:4 82:6 82:11 82:14 83:1 83:3 83:4 84:11 84:12 85:18 86:1 86:9 86:18 86:23 87:15 87:20 87:21 87:23 88:1 88:12 88:15 88:18 88:20 89:11 89:12 89:25 90:12 90:15 90:20 90:23 90:25 91:3 91:4 92:3 92:5 92:8 92:22 93:24 94:5 94:25 96:4 97:2 97:20 97:22 97:25 98:5 98:10 98:13 99:16 99:16 99:24 100:3 100:16 102:10 102:22 103:4 103:21 103:22 104:2 104:14 105:17 105:18 **thomas**(2) 3:30 4:45 **those**(49) 10:9 11:9 11:16 19:15 22:2 22:3 22:4 26:24 28:1 28:1 28:2 30:22 36:15 36:16 37:21 41:22 43:4 43:15 44:11 49:1 56:5 59:6 59:21 60:6 63:12 63:23 63:23 69:21 73:2 74:1 75:2 75:12 75:13 75:15 76:7 76:9 76:9 76:12 77:13 77:15 77:21 82:9 82:20 85:19 85:22 89:3 89:9 94:12 98:10 **though**(3) 84:12 92:19 103:3 **thought**(9) 11:10 15:24 23:12 34:6 42:5 70:6 72:2 72:25 92:11 **thoughtful**(1) 28:21 **thousands**(3) 13:18 13:18 70:22 **threaten**(2) 27:18 83:22 **three**(5) 27:21 35:18 37:19 75:21 105:20 | | | | | | | |

| Word | Page:Line |
| --- | --- |
| we're(30) | 9:24 10:1 10:8 12:19 14:17 17:22 19:20 19:21 19:23 21:3 24:15 26:16 27:2 27:7 28:10 42:1 43:16 43:17 44:8 46:21 46:21 48:22 48:25 49:7 53:14 53:15 53:16 54:12 55:3 55:16 |
| we've(8) | 20:14 20:20 21:7 21:9 42:23 45:14 50:25 52:4 |
| weave(1) | 71:16 |
| webb(3) | 2:45 5:43 6:13 |
| webber(8) | 64:24 69:19 70:6 77:4 78:1 78:2 78:7 79:11 |
| weber(10) | 4:1 24:6 26:11 26:11 26:12 27:3 27:12 48:2 48:2 48:8 |
| wednesday(2) | 9:1 84:3 |
| week(8) | 14:16 16:11 35:25 55:8 83:20 86:18 102:8 103:25 |
| weekend(4) | 16:9 16:18 84:3 99:18 |
| weeks(3) | 14:10 20:23 99:14 |
| weeks'(1) | 105:20 |
| weigh(1) | 83:16 |
| welcome(1) | 83:2 |
| well(46) | 12:9 13:8 18:8 19:5 24:8 24:11 24:16 28:13 29:1 31:7 35:9 36:21 41:10 41:23 42:10 42:13 43:6 43:7 44:19 47:13 51:19 53:2 53:23 54:2 54:20 56:10 58:22 61:17 62:7 64:4 66:8 67:19 74:20 77:2 86:13 86:14 91:22 93:18 93:20 94:9 95:4 96:17 99:8 100:1 104:17 105:9 |
| well-settled(1) | 72:4 |
| well''(1) | 70:1 |
| went(4) | 41:15 64:10 84:10 99:1 |
| were(37) | 14:25 15:1 15:2 19:17 22:2 24:18 24:21 28:3 28:4 33:7 36:16 40:14 41:21 42:6 42:6 46:14 57:22 64:9 65:12 65:14 69:21 72:23 72:25 74:10 77:17 78:13 81:12 82:8 83:19 83:23 84:1 84:2 86:22 94:3 95:12 95:17 102:8 |
| weren't(1) | 20:4 |
| weren't(1) | 95:11 |
| western(1) | 68:23 |
| we'll(6) | 66:15 71:7 85:1 91:24 100:18 106:18 |
| we're(17) | 60:18 60:21 66:20 67:20 79:3 79:14 83:14 84:2 84:23 85:8 85:8 85:18 92:9 98:24 99:17 103:3 104:15 |
| we've(6) | 81:6 85:4 96:2 98:6 98:15 103:17 |
| what(131) | 11:10 13:4 15:11 17:18 17:19 17:19 17:23 19:13 25:11 25:12 25:19 25:21 25:25 26:7 27:2 27:2 27:7 27:11 34:5 35:4 35:12 35:15 40:16 41:1 41:5 41:16 41:18 42:7 43:1 43:19 44:7 44:8 44:10 45:20 47:13 48:1 48:18 49:15 49:20 49:22 50:9 52:2 53:11 53:11 53:19 54:3 54:4 54:9 54:17 55:22 56:11 57:1 57:3 58:6 59:17 59:18 59:24 60:13 60:18 60:21 61:7 63:20 66:12 66:23 68:5 69:7 70:2 70:19 71:1 73:5 74:3 74:6 74:7 74:8 74:13 74:15 74:19 75:12 76:1 76:1 76:13 76:17 77:2 77:4 77:14 77:12 77:13 77:21 78:6 78:21 79:11 80:16 81:1 81:14 81:17 81:25 82:4 83:11 84:9 84:15 84:22 85:5 85:17 85:24 86:3 86:4 86:8 87:4 87:5 87:24 88:24 89:3 90:1 90:16 92:1 92:2 92:11 95:1 95:3 95:25 96:1 96:7 96:7 98:1 98:1 98:2 98:11 104:19 104:20 106:1 |
| what's(5) | 30:7 45:10 50:10 51:18 57:15 |
| whatsoever(1) | 80:17 |
| what's(1) | 101:16 |
| when(46) | 12:22 13:13 13:14 13:15 13:16 23:9 23:19 25:20 26:1 34:6 35:24 37:13 40:20 41:13 41:15 45:11 46:1 46:2 55:7 55:21 56:16 56:25 72:20 72:23 73:8 74:7 74:20 75:6 76:2 76:13 77:11 79:15 80:16 82:3 82:22 82:22 88:19 89:22 90:25 95:20 100:8 100:24 101:1 102:4 103:25 105:5 |
| where(35) | 10:25 11:4 13:13 15:12 16:7 21:1 23:7 23:14 23:15 27:23 42:1 42:5 43:21 44:24 48:15 51:4 51:4 54:1 54:11 58:16 59:5 59:7 59:16 63:12 63:25 64:25 65:2 66:25 68:10 69:9 74:4 72:15 78:5 85:22 92:4 |
| whereupon(1) | 106:25 |
| whether(50) | 14:20 16:1 16:3 18:17 18:18 20:24 21:16 23:19 24:5 24:25 26:8 26:21 34:21 37:2 37:10 37:17 37:18 44:11 44:17 44:21 45:3 45:17 48:19 50:2 54:17 55:14 60:13 60:16 60:22 60:23 61:16 64:16 65:5 65:25 73:20 77:9 78:25 80:4 80:8 84:23 85:6 86:23 87:1 87:1 90:9 90:13 90:17 90:20 91:3 92:23 |
| which(45) | 10:22 16:18 18:20 22:1 22:1 24:20 27:2 28:1 30:18 33:12 36:2 36:14 36:14 37:8 40:14 42:7 48:11 49:3 49:13 57:13 60:1 62:13 64:22 72:12 75:15 77:14 79:3 82:14 83:11 84:8 86:14 88:1 88:9 88:25 91:10 92:10 93:10 94:12 95:2 97:2 97:9 98:11 98:15 98:23 103:9 |
| whichever(1) | 73:17 |
| while(5) | 78:8 87:10 103:8 103:15 104:4 |
| whiteford(1) | 3:21 |
| whiteoak(1) | 6:10 |
| who(17) | 10:7 22:10 25:9 28:21 29:14 33:17 36:13 38:6 41:8 54:5 65:20 81:11 85:11 87:2 90:12 90:24 99:18 |
| who's(3) | 9:12 49:24 50:3 |
| whole(4) | 11:13 48:12 52:4 56:24 |
| wholeheartedly(1) | 70:2 |
| wholesale(3) | 101:22 102:10 103:11 |
| wholly(1) | 40:1 |
| whose(1) | 42:1 |
| who's(3) | 76:24 88:9 96:22 |
| why(32) | 11:11 12:18 12:24 14:22 15:6 16:15 34:18 35:8 40:20 40:22 42:9 44:13 45:19 49:3 54:1 55:6 56:23 61:20 64:19 67:20 72:14 75:1 79:2 79:10 79:11 84:5 86:1 92:21 94:3 94:5 94:10 99:17 |
| wild(1) | 8:5 |
| wilkie(1) | 33:5 |
| will(93) | 10:7 13:6 16:1 23:14 23:14 24:5 24:19 25:2 30:2 30:12 30:19 30:20 30:22 30:25 31:3 33:12 35:6 36:2 37:9 37:10 38:9 39:23 42:22 44:23 45:11 47:19 50:14 51:4 51:6 53:8 53:20 57:18 60:23 61:15 61:19 63:19 66:11 66:15 66:16 66:19 68:2 68:8 69:1 69:13 73:2 73:2 73:8 73:16 74:16 75:14 75:15 76:23 77:9 78:21 82:11 86:14 86:18 86:21 86:23 86:23 86:24 86:24 87:1 87:3 87:7 87:8 87:13 87:14 87:16 87:17 88:20 88:21 88:22 89:22 90:4 90:18 90:18 91:6 96:3 97:2 97:10 98:7 100:3 100:5 100:16 105:6 105:13 106:3 106:7 106:14 |
| william(1) | 6:36 |
| willing(1) | 83:20 |
| willkie(1) | 4:12 |
| willy(1) | 79:7 |
| willy-nilly(2) | 46:25 79:7 |
| wilmington(16) | 1:12 1:28 2:9 2:15 2:28 2:42 3:25 3:28 4:3 4:9 4:23 5:35 9:1 15:2 39:20 39:25 |
| win(2) | 57:4 92:21 |
| winters(1) | 8:21 |
| wisdom(1) | 39:23 |
| wise(1) | 71:6 |
| wisely(2) | 70:1 70:13 |
| wish(1) | 69:23 |
| with(127) | 10:2 11:8 11:11 12:18 12:25 13:5 14:2 14:8 15:21 16:3 20:15 21:10 22:22 27:22 28:10 30:16 31:1 31:8 31:20 32:3 32:10 32:11 33:18 35:20 36:10 37:5 37:13 37:19 39:3 40:8 42:5 42:11 43:5 48:1 48:14 48:19 50:14 51:23 52:12 54:2 54:12 54:21 55:1 55:13 55:17 56:21 57:7 57:21 57:21 58:9 58:18 60:1 60:15 60:19 60:21 62:2 62:3 62:11 62:18 63:14 64:3 64:6 65:4 66:3 66:24 67:16 67:21 69:13 69:25 70:1 70:5 70:17 70:20 71:20 74:14 75:2 75:5 76:16 76:16 76:24 77:4 77:16 77:20 80:21 81:5 83:2 83:11 83:21 84:3 84:16 84:23 85:4 86:5 86:20 86:23 87:9 88:24 88:25 88:25 89:21 89:22 90:4 93:2 94:14 94:16 95:2 95:17 97:5 97:8 97:9 97:17 98:1 98:17 99:3 99:4 99:9 100:14 100:17 101:2 101:21 102:16 103:7 104:4 104:5 105:20 105:25 106:18 |
| within(8) | 12:25 16:15 26:18 42:12 48:15 63:13 65:9 75:12 |
| without(8) | 42:15 54:15 75:18 82:7 88:3 90:1 90:6 106:5 |
| won(1) | 57:4 |
| won't(6) | 9:11 22:22 33:24 38:17 42:17 54:22 |
| won't(2) | 91:22 99:5 |
| word(9) | 41:18 55:19 77:24 77:24 77:24 96:20 96:20 104:7 104:14 |
| words(12) | 22:8 28:2 28:2 28:10 69:20 69:21 73:23 74:1 74:2 85:7 95:11 95:18 |
| work(6) | 56:19 84:2 99:18 102:13 103:4 105:13 |
| worked(3) | 31:19 103:15 103:16 |
| world(10) | 13:19 13:20 13:20 13:21 25:5 30:6 34:4 75:1 91:12 91:20 |
| worldwide(1) | 30:4 |
| worried(1) | 42:17 |
| worse(1) | 18:2 |
| worst(1) | 18:4 |
| worthwhile(1) | 43:1 |
| would(71) | 16:15 16:22 18:4 18:5 24:14 28:8 30:14 31:5 31:5 32:4 32:12 33:22 36:17 36:18 36:18 36:20 37:3 37:15 40:24 43:25 44:23 45:7 45:8 47:8 47:14 47:17 47:25 49:16 51:10 53:23 55:21 57:4 64:22 65:1 66:18 67:6 68:15 69:3 69:5 69:15 71:6 71:22 73:23 74:1 75:1 75:3 75:22 76:3 76:4 76:7 76:8 76:10 76:12 77:3 77:14 78:16 81:12 83:3 88:19 90:5 90:14 90:14 91:14 94:3 94:4 94:10 95:20 99:15 99:23 104:23 105:9 |
| would've(1) | 46:21 |
| wouldn't(1) | 34:16 |
| wouldn't(3) | 76:9 79:22 90:7 |
| wrangling(1) | 37:13 |
| wrap(1) | 57:14 |
| write(2) | 69:6 103:19 |
| writing(2) | 100:7 103:17 |
| written(1) | 57:23 |
| wrong(10) | 34:20 42:15 48:6 52:10 61:12 61:13 74:2 91:16 96:21 96:21 |
| wrote(5) | 64:7 92:11 102:9 102:22 103:22 |
| www.diazdata.com(1) | 1:44 |
| yeah(1) | 75:25 |
| year(5) | 12:25 28:15 32:2 63:10 88:16 |
| years(15) | 17:4 24:1 27:15 27:15 28:9 28:16 33:13 33:15 35:18 37:19 51:1 53:17 70:17 82:23 88:12 |
| yes(61) | 9:10 9:22 10:12 11:19 14:4 18:11 18:15 21:24 22:24 29:25 34:14 34:25 36:8 36:24 38:3 39:11 39:22 41:3 45:24 46:16 50:20 51:1 52:16 52:16 53:6 59:3 60:10 62:3 62:4 62:5 62:23 63:2 65:22 67:15 68:19 71:14 72:1 72:8 74:24 75:9 76:14 78:1 78:3 80:1 81:9 89:18 89:20 92:16 93:15 94:21 95:9 95:18 98:4 98:22 100:20 100:22 101:5 105:15 105:19 106:12 |
| yet(5) | 14:14 14:19 41:17 96:25 100:12 |
| york(8) | 1:35 2:35 2:48 3:18 3:47 4:15 14:1 93:7 |
| you(241) | 9:3 9:4 9:15 13:6 14:11 14:18 15:11 15:12 15:22 20:23 23:2 23:24 26:15 29:16 29:17 29:20 32:8 32:8 32:10 32:25 33:1 34:7 35:2 35:19 35:25 35:25 36:17 36:18 37:1 37:2 37:4 37:7 37:8 37:22 37:23 37:24 39:6 39:7 39:16 39:17 40:3 40:4 40:14 40:24 41:13 41:15 41:15 41:16 41:17 41:20 42:7 42:10 42:12 42:16 43:5 43:11 43:19 43:20 43:23 43:23 44:4 44:6 44:7 44:10 44:10 44:15 45:8 45:12 45:13 45:17 45:22 46:6 46:8 46:14 46:15 46:17 46:17 46:18 46:24 47:13 47:15 47:15 47:15 47:20 47:23 48:2 48:8 48:24 49:15 49:20 49:21 52:20 52:25 53:18 53:18 53:21 54:3 54:4 54:10 54:15 55:2 55:4 55:5 55:6 55:9 55:25 56:15 56:19 57:1 57:3 57:13 57:24 57:25 58:7 59:17 61:7 62:5 64:9 65:25 71:4 71:5 71:11 71:11 71:14 72:16 72:23 72:24 72:25 74:10 75:5 75:6 75:20 75:23 75:24 76:11 78:7 78:21 79:2 79:5 79:6 79:6 79:7 79:8 79:9 79:10 81:13 82:14 83:6 83:8 83:9 85:19 85:21 86:3 86:3 86:4 86:4 86:12 89:14 89:15 89:16 89:23 90:5 90:7 90:9 90:11 90:24 90:25 90:25 91:8 91:16 91:17 91:19 91:22 92:1 92:1 92:3 92:10 92:11 92:11 92:12 92:13 92:14 92:18 93:1 93:1 93:4 93:5 93:5 93:6 93:6 93:8 93:9 93:10 94:19 94:24 96:10 97:8 97:19 97:22 97:25 98:5 98:12 98:13 98:14 98:16 98:19 98:20 99:7 99:8 99:21 100:1 100:3 100:11 100:25 101:1 101:6 101:7 101:9 101:14 101:15 101:20 102:14 102:19 102:24 103:19 104:1 104:5 104:9 104:13 104:17 104:20 105:6 105:9 105:14 106:14 106:17 106:20 106:23 106:24 |
| you'll(1) | 52:8 |
| you're(4) | 47:9 53:14 54:7 54:8 |
| you've(1) | 34:20 |
| young(2) | 2:12 6:18 |

| Word | Page:Line |
|---|---|

**your**(301) 9:5 9:8 9:17 9:20 10:2 10:4
10:24 11:2 11:3 11:14 12:19 12:20 12:21
13:9 13:24 15:23 16:4 16:8 16:12 16:14
16:19 16:22 17:2 17:5 17:6 17:12 18:1
18:2 18:3 18:18 18:19 18:24 19:5 19:10
19:11 19:16 19:18 19:20 20:5 20:9 20:13
20:17 21:16 21:19 22:3 22:4 22:5 22:7
22:7 22:9 22:13 22:14 22:19 22:21 22:23
23:17 23:21 24:14 25:15 26:17 27:2 27:7
27:13 27:14 27:19 27:21 27:22 28:2 28:2
28:5 28:8 28:8 28:11 28:19 29:8 29:12
29:16 29:19 30:1 30:18 30:24 31:8 31:14
31:21 32:6 32:7 33:2 34:6 34:6 35:21
35:24 36:5 36:7 37:6 37:7 37:16 37:25
38:7 38:11 38:16 39:1 39:6 39:9 39:19
40:3 40:7 40:7 41:21 42:10 43:24 44:10
44:19 46:14 47:11 47:15 48:1 48:22 49:16
49:20 53:24 54:2 55:12 56:10 58:1 58:6
58:11 58:19 58:21 59:5 59:6 59:8 59:13
59:13 59:23 60:8 60:18 60:20 61:17 61:21
62:3 62:11 62:14 62:15 62:19 62:20 63:8
63:14 63:20 63:20 63:21 63:22 63:24 64:3
64:4 64:5 64:7 64:14 64:25 65:4 65:5
65:9 65:17 65:18 66:4 66:10 66:12 66:18
66:20 66:21 66:22 66:24 67:2 67:5 67:8
67:16 67:19 67:22 67:23 67:25 68:1 68:5
68:9 68:17 69:13 69:16 70:1 70:4 70:5
70:9 70:18 70:19 70:20 71:1 71:4 71:13
71:15 72:2 72:3 72:6 72:15 72:16 72:22
72:23 73:18 73:23 73:24 74:2 74:6 74:11
74:13 74:15 74:17 75:2 75:3 75:5 75:23
75:24 76:14 76:16 77:3 77:17 77:18 77:20
77:22 78:21 79:5 80:2 81:1 81:5 81:14
81:15 82:5 82:13 82:17 82:21 82:24 83:2
83:2 83:3 83:4 83:7 83:7 83:9 83:10
83:13 83:15 83:15 83:20 83:21 83:25
83:25 84:17 84:23 85:1 85:1 85:2 85:8
85:8 85:11 85:12 85:14 85:14 85:17 85:18
85:25 86:1 86:2 86:3 86:3 86:15 86:24
87:4 87:5 87:9 87:14 88:4 88:4 88:5 88:7
89:15 89:19 90:5 91:10 91:15 91:22 91:25
92:9 92:10 92:16 92:21 93:4 93:5 93:7
97:21 97:23 98:21 99:7 99:19 99:24
100:19 100:25

**your**(9) 101:6 101:8 103:4 105:14 106:3
106:8 106:10 106:17 106:24

**yourself**(1) 90:5
**you'd**(1) 92:15
**you'll**(3) 101:3 103:20 103:24
**you're**(4) 90:9 90:11 97:16 104:4
**ziehl**(1) 4:19
**"although**(1) 69:22
**"congress**(1) 65:1
**"mixed**(1) 65:14
**july**(1) 107:6