# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X
:
*In re*  : Chapter 11
:
Nortel Networks Inc., *et al.*, : Case No. 09-10138 (KG)
:
Debtors.[1] : Jointly Administered
:
:
---------------------------------------------------------- X

**STATEMENT OF THE BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE, OF THE ISSUES TO BE PRESENTED ON APPEAL**

The Bank of New York Mellon, as Indenture Trustee (in such capacity, "BNYM"), by and through its undersigned counsel, respectfully submits, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and its Notice of Appeal (D.I. 15888), its statement of issues to be presented on appeal of the *Allocation Trial Opinion* (D.I. 15544) and *Order* (D.I. 15545) entered by the United States Bankruptcy Court for the District of Delaware, Kevin Gross, J., on May 12, 2015, and the *Memorandum Order on Motions for Reconsideration* (D.I. 15830) entered by the same court on July 6, 2015 (collectively, the "Allocation Decision").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1.  Whether the Bankruptcy Court exceeded its powers under Section 105(a) of the Bankruptcy Code in ordering a "modified *pro rata*" methodology in the Allocation Decision.

2.  Whether the Bankruptcy Court erred by ordering an allocation methodology that is inconsistent with its own prior orders including, without limitation, the Order Entering Allocation Protocol, dated May 17, 2013 (D.I. 10565) and the Order (A) Approving the Interim Funding and Settlement Agreement, and (B) Granting Related Relief (D.I. 993), dated June 29, 2009.

3.  Whether the Bankruptcy Court, after correctly concluding that substantive consolidation is inappropriate under Third Circuit precedent, erred in imposing the "modified *pro rata*" methodology anyway.

4.  Whether the Bankruptcy Court erred in failing to allocate to each of the debtors the value of the assets and rights that it relinquished in the sales of the Nortel group's lines of business and residual patent portfolio, including rights under the Master Research & Development Agreement and applicable law.

5.  Whether the Bankruptcy Court erred in adopting a "modified *pro rata*" allocation methodology because the Allocation Decision amounts to an impermissible *sub rosa* plan.

6.  Whether the Bankruptcy Court erred in concluding that the "modified *pro rata*" allocation methodology described in the Allocation Decision is a fair and equitable mechanism to allocate the proceeds from the Nortel group's asset sales.

## RESERVATION OF RIGHTS

BNYM reserves the right to adopt as additional issues on appeal any issues identified by any other party to the appeal.

Dated:  August 3, 2015

/s/ *Michael R. Lastowski*
Michael R. Lastowski (DE 3892)
Christopher M. Winter (DE 4163)
DUANE MORRIS LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Telephone: 302-657-4900
Email:  mlastowski@duanemorris.com
            cmwinter@duanemorris.com

- and -

Michael J. Riela (admitted *pro hac vice*)
VEDDER PRICE P.C.
1633 Broadway, 47th Floor
New York, NY 10019
Telephone:  212-407-7700
Email:  mriela@vedderprice.com

*Attorneys for The Bank of New York Mellon, as Indenture Trustee*