IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NORTEL NETWORKS, INC., et al, | : Case No. 09-10138 (KG) |
| | : |
| Debtors.[1] | : Jointly Administered |
| | : |
| | : **Related Docket Nos. 15544, 15545, and 15830** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| Stephen Taylor | : |
| Conflicts Administrator for Nortel Networks SA | : |
| | : Civ. No. 15-628-LPS |
| Appellant | : |
| | : |
| v. | : |
| | : |
| Nortel Networks Inc. | : |
| | : |
| Appellee | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STATEMENT OF ISSUES ON APPEAL**

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, Stephen

Taylor, Conflicts Administrator f or Nortel Networks S.A. (In Administration) (the "Conflicts

Administrator"), an appellant in the instant appeal (the "Appeal"), for and on behalf of Nortel

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's taxpayer identification number, are Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9679), Nortel Altsystems International Inc. (5596), Xros Inc. (4181), Sonoma Systems (2073) Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226) (collectively, the "U.S. Debtors").

Networks S.A. (In Administration) ("NNSA"), hereby submits his statement of issues (the "Statement of Issues") to be presented in the Appeal and hereby incorporates by reference the items designated on appeal in the Joint Designation by Appellants of Items to be Included in the Record on Appeal  filed on August 3, 2015 (the "Joint Designation") to be included in the record for the Appeal.[2]

## STATEMENT OF ISSUES

1.    Whether the court below exceeded its authority under 11 U.S.C. § 105 and applicable law in fashioning a completely unprecedented "modified *pro rata*" formula (the "MPR Formula") in its Allocation Opinion and Order (together, the "U.S. Allocation Decision") that is not tethered to any provision of the Bankruptcy Code or other authority?

2.    Whether the court below committed reversible error by adopting a completely unprecedented method of valuing a debtor based solely on the amount of creditor claims against it, rather than applying well-established standard valuation methodologies that courts have utilized for decades?

3.    Whether the bankruptcy court erred by ordering a form of *de facto* global substantive consolidation through its adoption of the MPR Formula and its reallocation of assets and sale proceeds among Nortel entities, despite having found on the facts of this case that substantive consolidation was impermissible?

4.    Whether the bankruptcy court erred in finding that Nortel conducted its business without regard to its separate legal entities?

---

[2]    Capitalized terms not otherwise defined herein retain the definitions ascribed in the Conflict Administrator's Notice of Appeal filed on July 20, 2015 [D.I. 15894].

5.      Whether the court below committed reversible error by adopting the MPR Formula for allocating sales proceeds among Nortel affiliates based upon such entities' respective liabilities rather than their respective legal and equitable interests in the sold assets?

6.      Whether the court below committed error in conducting a joint trial with a foreign court including, but not limited to, the challenges previously made to the joint trial and related procedures that the Third Circuit found were not ripe for appeal prior to the completion of the trial?[3]

7.      Whether the court below committed error by conducting a joint trial with a foreign court and resolving its disagreements with the foreign court by fashioning a compromise allocation formula that was never proffered or litigated by any party in the joint proceedings?

8.      Whether the court's *sua sponte* adoption of a novel allocation methodology denied the parties at trial a fair opportunity to respond to such theory, and thereby resulted in a denial of due process?

9.      Whether the bankruptcy court's adoption and application of the MPR Formula denies NNSA the "equitable allocation" that the court concluded was appropriate on account of NNSA's undisputed economic and beneficial ownership interest in Nortel's assets?[4]

10.      Whether the bankruptcy court's adoption and application of the MPR Formula denies NNSA the "equitable allocation" that the court concluded was appropriate on account of NNSA's undisputed contribution to research and development that resulted in the creation of Nortel's valuable intellectual property assets?

---

[3]      *See In re Nortel Networks Inc.*, 737 F.3d 265, 273 (3d Cir. 2013).

[4]      *See* Allocation Opinion [D.I. 15544] at 74.

11.     Whether the bankruptcy court erred by adopting a so-called "equitable allocation" without any evidentiary basis for concluding that the MPR Formula was fair and equitable?

12.     Whether the bankruptcy court erred by failing to examine the nine individual sale transactions that collectively generated Sales Proceeds to determine the value of the assets and legal and equitable rights contributed by NNSA and each other Nortel entity?

13.     Whether the U.S. Allocation Decision, the Reconsideration Opinion, and Canadian Rulings[5] (together, the "Allocation Decisions") improperly limit NNSA's contractual and legal rights to pursue actions in foreign courts against other EMEA Debtors?

14.     Whether the bankruptcy court erred by failing to conduct a choice of law analysis to determine which country's law should apply to the allocation of assets held by foreign Nortel entities?

15.     Whether the bankruptcy court erred in finding the IFSA does not support any allocation method?

16.     Whether the bankruptcy court erred in holding that the MRDA applied to the split of operational income, but was inapplicable to the allocation of the Sales Proceeds?[6]

---

[5]     *See* copies of the Canadian Court's May 12, 2015 Reasons for Judgment [D.I. 15555] and July 6, 2015 Ruling on Reconsideration/Clarification Motion [D.I. 15842].

[6]     *See* Allocation Opinion at 55 & 86.

## **RESERVATION OF RIGHTS**

The Conflicts Administrator expressly reserves, and does not waive, his right to supplement the foregoing Statement of Issues on Appeal, the Joint Designation, and/or to incorporate by reference, object to, or otherwise supplement, counter-designate, or move to strike or modify, the additional statements of issues on appeal and items designated for inclusion in the record on appeal by other parties.  This filing is made expressly subject to, and without waiver of any and all rights, remedies, challenges, and objections.

Dated:  Wilmington, Delaware
       August 3, 2015

<div style="margin-left:40%">

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Robert A. Weber*
Robert A. Weber (I.D. No. 4013)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Facsimile: (302) 651-3001
Email: Robert.Weber@Skadden.com


- and -


George A. Zimmerman
Susan L. Saltzstein
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Email: George.Zimmerman@Skadden.com
Email: Susan.Saltzstein@Skadden.com

*Counsel for Stephen Taylor, Conflicts Administrator for Nortel Networks S.A. (In Administration)*

</div>

768348-WILSR01A - MSW