## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- x
                          :
*In re*                          :     Chapter 11
                          :
Nortel Networks Inc., *et al.*,[1]        :     Case No. 09-10138 (KG)
                          :
                          :     (Jointly Administered)
                          :
                          :     BAP No. 15-32
                          :
                 Debtors.        :     Related to Civil Action No. 15-627-LPS
                          :
-------------------------------------------------------- x

## THE *AD HOC* GROUP OF BONDHOLDERS' STATEMENT OF
## ISSUES TO BE PRESENTED ON APPEAL

The *ad hoc* group of bondholders (the "Bondholder Group")[2] submit this

*Statement of Issues to be Presented on Appeal*, pursuant to Rule 8009 of the Federal Rules of

Bankruptcy Procedure, in connection with the Notice of Appeal, dated July 20, 2015 [D.I.

15893] from the *Allocation Trial Opinion* [D.I. 15544] and *Order* [D.I. 15545] (collectively, the

"Allocation Decision") entered by the United States Bankruptcy Court for the District of

Delaware (the "Bankruptcy Court") on May 12, 2015, and the *Memorandum Order on Motions*

*for Reconsideration* [D.I. 15830] (the "Reconsideration Decision" and, together with the

Allocation Decision, the "Decisions"), entered by the Bankruptcy Court on July 6, 2015.

---

[1]       The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

[2]       The Bondholder Group consists of entities ("Bondholders") that hold certain bonds issued or guaranteed by Nortel Networks Corporation (together with its affiliates worldwide, "Nortel"), Nortel Networks Limited, Nortel Networks Inc. ("NNI"), and Nortel Networks Capital Corporation (together with NNI and certain of its subsidiaries, the "U.S. Debtors").

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1.      Whether the Bankruptcy Court erred in adopting an allocation methodology that is based on certain claims asserted against each Nortel debtor estate rather than the value of the assets that each Nortel debtor estate relinquished in the asset sales.

2.      Whether the Bankruptcy Court exceeded the scope of its authority under section 105(a) of the United States Bankruptcy Code in rendering the Decisions.

3.      Whether the Bankruptcy Court violated Third Circuit precedent, including but not limited to the Third Circuit's decision in *In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005), and other cases addressing the concept of substantive consolidation.

4.      Whether the Bankruptcy Court erred in ordering its "modified pro rata" allocation despite concluding that "[t]he record of Nortel's operations does not satisfy the legal and factual requirements for substantive consolidation."

5.      Whether the Bankruptcy Court erred in holding that the "modified pro rata" allocation methodology is "fair and equitable."

6.      Whether the Bankruptcy Court erred in declining to adopt the approach to allocation advanced at trial by the Bondholder Group, the U.S. Debtors, and other U.S. interests, which would allocate to each Nortel debtor's estate the fair market value of the assets that it relinquished in the asset sales.

7.      Whether the Bankruptcy Court erred in holding that Bondholders did not rely on "the corporate separateness of the various entities that comprise Nortel" and could not have "formed the reasonable expectation that on insolvency, a guarantee would have entitled bondholders to access distinct pools of assets that may or may not have been held by the entity that guaranteed the bonds."

8.      Whether the Bankruptcy Court erred by ordering an allocation methodology that is inconsistent with its own prior orders including, but not limited to, the Order Entering Allocation Protocol, dated May 17, 2013 [D.I. 10565] and the Order (A) Approving the Interim Funding and Settlement Agreement, and (B) Granting Related Relief [D.I. 993], dated June 29, 2009.

9.      Whether the Bankruptcy Court erred by adopting an allocation methodology that was not advocated for by any of the parties to the litigation.

10.     Whether the Bankruptcy Court erred in concluding that, although the Master Research and Development Agreement (the "MRDA") conferred upon NNI valuable, exclusive, and perpetual rights in Nortel's intellectual property, the MRDA was not applicable to the allocation of proceeds from the sales of such intellectual property.

11.     Whether the Bankruptcy Court, in applying its "modified pro rata" allocation methodology and issuing its Reconsideration Decision, erred in holding that Bondholders' guarantee claims against NNI do not count toward NNI's claims base for purposes of determining its share of the sale proceeds.

## RESERVATION OF RIGHTS

The Bondholder Group reserves the right to adopt as additional issues on appeal the issues identified by any other party to the appeal.

Dated:  August 3, 2015

**PACHULSKI STANG ZIEHL & JONES LLP**

/s/ *Peter J. Keane*
Laura Davis Jones (No. 2436)
Peter J. Keane (No. 5503)
919 N. Market Street, 17th Floor
PO Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

-and-

**MILBANK, TWEED, HADLEY & MᶜCLOY LLP**
Dennis F. Dunne
Albert A. Pisa
Andrew M. Leblanc
Atara Miller
28 Liberty Street
New York, New York 10005-1413
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219

-and-

Thomas R. Kreller
601 S. Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:  (213) 892-4463
Facsimile:  (213) 629-5063

***Attorneys for Ad Hoc Group of Bondholders***