IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------- X : | | |
| *In re* : | Chapter 11 | |
| : | | |
| Nortel Networks Inc., *et al.*,[1] : | Case No. 09-10138 (KG) | |
| : | | |
| Debtors. : | Jointly Administered | |
| ------------------------------------------------------- X : | | |
| Nortel Networks Inc., : | | |
| Appellant, : | Civil Action No. 15-624-LPS | |
| v. : | | |
| Official Committee of Unsecured Creditors, : | | |
| Appellee. : | | |
| ------------------------------------------------------- X | | |

### U.S. DEBTORS' STATEMENT OF ISSUES ON APPEAL

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "U.S. Debtors"), hereby submit, in accordance with Rule 8009(a)(1)(A) of the Federal Rules of Bankruptcy Procedure, this Statement of Issues on Appeal with respect to the (1) May 12, 2015 Allocation Trial Opinion [D.I. 15544] (the "Allocation Opinion" or "U.S. Allocation Opinion") and accompanying Order [D.I. 15545] (the "Allocation Order") of the United States Bankruptcy Court for the District of Delaware, and (2) the July 6,

---

[1] In addition to Nortel Networks Inc. ("NNI"), the U.S. Debtors in the Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. Additional information regarding the U.S. Debtors can be found in their respective Chapter 11 petitions, which are available at http://dm.epiq11.com/nortel.

2015 Order of the Court denying the U.S. Debtors' Motion for Reconsideration

("Reconsideration Motion").

## STATEMENT OF ISSUES ON APPEAL

1. Whether the Bankruptcy Court erred by failing to allocate the sale proceeds from each of nine different sale transactions based on the value of the assets and rights owned by the U.S. Debtors and each of the other affiliated Nortel companies that were sold or released in each sale.

2. Whether the Bankruptcy Court erred in concluding that it had the authority under Bankruptcy Code section 105(a) to allocate the sale proceeds among the various Nortel affiliates based on a purportedly "fair and equitable" method.

3. Whether the Bankruptcy Court exceeded its authority and/or acted in contravention of applicable law and its own prior orders in adopting an allocation method that disregards the Bankruptcy Court's own determinations regarding the ownership of the Nortel Group's intellectual property and other rights that were sold or released by each of the affiliated Nortel companies in the sales.

4. Whether the Bankruptcy Court exceeded its authority and/or acted in contravention of applicable law and its own prior orders in adopting an allocation method that consolidates and redistributes the value of assets that were sold or released in the sales by multiple distinct corporate entities without regard to those entities' property rights in such assets, particularly where the Bankruptcy Court found that the conditions for substantive consolidation were not met and the Bankruptcy Court did not disregard the corporate form of the affiliated companies or otherwise consolidate their other assets or liabilities.

5. Whether the Bankruptcy Court erred and/or violated principles of due process in adopting an allocation methodology that was not advocated by any party at trial without (a) providing notice to the U.S. Debtors, (b) providing an opportunity for parties to respond to the methodology, or (c) receiving a complete record relevant to such consideration.

6. To the extent the Bankruptcy Court had the authority to adopt, and did not violate principles of due process in adopting, its allocation method, whether the Bankruptcy Court erred as a matter of law and equity in adopting an allocation method that allocates less to the U.S. Debtors than any selling debtor proposed, without any legal basis or factual findings that support the Bankruptcy Court's determination.

## RESERVATION OF RIGHTS

The U.S. Debtors reserve the right to adopt as additional issues on appeal the issues identified by any other party to the appeal.

Dated: August 3, 2015
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard Zelbo (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Jeffrey A. Rosenthal (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Andrew R. Remming*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the U.S. Debtors
and Debtors in Possession*