# EXHIBIT F

## MEMORANDUM OF UNDERSTANDING

This Memorandum of Understanding is made this _____ day of _____ 2015, between:

(1)     Alan Robert Bloom, Alan Michael Hudson, Stephen John Harris and Christopher John Wilkinson Hill each of Ernst & Young LLP, 1 More London Place, London SE1 2 AF (the "**Administrators**") in their capacity as administrators of NNSA; and

(2)     Stephen Taylor of Leawood Hall, Holloway, Derbyshire, DE4 5AQ (the "**Conflicts Administrator**").

**Recitals**

(A)     The Administrators were appointed as joint administrators of NNSA by an order of the High Court in England & Wales on 14 January 2009.

(B)     Pursuant to paragraph 103(2) of Schedule B1 to the Act, the Conflicts Administrator was appointed administrator to the Company to act jointly with the Administrators.

(C)     It is intended that:

     (i)     the Conflicts Administrator will have responsibility for the Conflict Matters; and

     (ii)     the Administrators will have responsibility for all other matters in the Administration.

(D)     It has been agreed between the Administrators and the Conflicts Administrator that this Memorandum of Understanding be entered into in order to set out the basis upon which the responsibilities, powers and duties of the respective parties will be divided and delineated for the purposes of an effective and co-operative administration of NNSA.

## THE AGREEMENT REACHED IS AS FOLLOWS:

**1.**     **DEFINITIONS**

1.1     The following terms have the meanings ascribed to them:

     1.1.1     "**Act**" means the Insolvency Act 1986 (as amended from time to time)

     1.1.2     "**Administration**" means the administration of NNSA in accordance with, the Act.

     1.1.3     "**Conflict Matters**" means:

          (A)     Acting on behalf of NNSA in determining whether to issue and/or pursue an appeal in respect of the Judgments (or any part

of the Judgements) in the US appellate courts and/or the Canadian appellate courts (as applicable) and to act on behalf of NNSA with respect to the conduct and carriage of any appeal(s);

(B)     Acting on behalf of NNSA in respect of any appeal issued against either Judgment in the US appellate courts and/or the Canadian appellate courts (as applicable) by any other party to the Judgments;

(C)     The bringing of any claim by NNSA which NNSA may have against any Nortel EMEA Entity; and

(D)     Any other matter in respect of which the Administrators and the Conflict Administrator may subsequently agree in writing that E&Y have an actual or potential conflict of interest as a result of a conflict between the interests of NNSA and its creditors on the one hand and on the other hand the interests of any Nortel EMEA Entity for whom E&Y may act as administrators or liquidators.

1.1.4   "**E&Y**" means Ernst & Young LLP, 1 More London Place, London, SE1 2AF

1.1.5   "**Judgment**" means the judgment of Justice Frank Newbold dated 12 May 2015 in the matter of Nortel Networks, Inc. et al or the judgment of Judge Kevin Gross dated 12 May 2015 in the matter of Nortel Networks Corporation as applicable (collectively, the **Judgments**).

1.1.6   "**NNSA**" means Nortel Networks S.A. (in administration), a company incorporated in France.

1.1.7   "**Nortel EMEA Entity**" means any of the following entities Nortel Networks UK Limited, Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France SAS, Nortel Networks NV, Nortel Networks SpA, Nortel Networks BV, Nortel Networks Polska SP Zoo, Nortel Networks Hispania SA, Nortel Networks (Austria) GmbH, Nortel Networks sro, Nortel Networks Engineering Service Kft, Nortel Networks Portugal SA, Nortel Networks Slovensko sro, Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks International Finance & Holding BV (collectively, the "**Nortel EMEA Entities**").

1.1.8   "**Rules**" means the Insolvency Rules 1986 (as amended from time to time).

## 2.      DELINEATION OF RESPONSIBILITIES AND POWERS

2.1     The Conflicts Administrator will have the exclusive conduct of the Conflicts Matters.   The Conflicts Administrator may exercise all functions, powers, rights, authorities and discretions afforded him under the Act and the Rules in relation to any Conflicts Matters.   The Conflicts Administrator is entitled to

exercise such functions, powers, rights, authorities and discretions without requiring the sanction of the Administrators.

2.2     The Administrators will have exclusive conduct of all other matters in the Administration.   The Administrators may exercise all functions, powers, rights, authorities and discretions afforded them under the Act and the Rules. The Administrators are entitled to exercise such functions, powers, rights, authorities and discretions without requiring the sanction of the Conflicts Administrator.

2.3     The Conflicts Administrator will consult with the Administrators in advance of implementing material decisions and generally from time to time on all material issues arising in or relating to the conduct of the Conflict Matters. Notwithstanding the foregoing, it shall be for the Conflicts Administrator to decide any course of action in relation to a Conflict Matter.

2.4     The Administrators acknowledge the powers of the Conflicts Administrator to appoint legal advisers, agents or other advisers to assist him in the exercise of his rights, powers and duties.

2.5     The Administrators will (to the extent consistent with their general powers, duties and responsibilities) provide (or procure the provision of) such information, documentation, access or assistance to the Conflicts Administrator as he may reasonably require for the purpose of exercising any of the functions, powers, rights, authorities or discretions given to him under the terms of this Memorandum of Understanding including for the purpose of enabling him to review and consult with the Administrators on matters which are the responsibility of the Administrators or pursuant to a subsequent order of the Court.

## 3.    DURATION AND NEW OFFICEHOLDERS

3.1     This Memorandum of Understanding will continue in full force and effect until discharge of the Conflict Administrator or further order of the Court.

3.2     The Administrators, the Conflicts Administrator and each of them may resign or vacate office in accordance with the general provisions as set out in the Act, or by the order of the High Court of Justice of England & Wales.

4.    **INDEMNITY/LIABILITY**

The Administrators will incur no liability for any act or omission of the Conflicts Administrator and the Conflicts Administrator will incur no liability for any act or omission of the Administrators.

5.    **REMUNERATION**

The Conflicts Administrator shall be entitled to remuneration for his services at a rate to be agreed between the Conflicts Administrator and the Administrators from time to time, subject to any approvals that may be required under the Act or other relevant insolvency legislation.

6.    **APPLICATION TO THE COURT**

The allocation of responsibilities between the Administrators and the Conflicts Administrator and the other provisions of this Memorandum of Understanding will be amended in accordance with any order or direction of the Court and each of the Administrators and the Conflicts Administrator will have liberty to apply to the Court at any time, following prior consultation with the other, seeking amendments, or directions concerning its terms.

7.    **AMENDMENTS**

Without prejudice to Clause 6 above, this Memorandum of Understanding may be amended with the written agreement of all parties.

8.    **MISCELLANEOUS**

This Memorandum of Understanding may be executed in counterpart each of which when so executed shall be an original but all the counterparts together shall constitute one and the same instrument.

This **MEMORANDUM of UNDERSTANDING** has been agreed by and is signed by:

......................................................          ..........................................................
**Alan Robert Bloom**                                          **Alan Michael Hudson**
**Ernst & Young LLP**                                          **Ernst & Young LLP**

......................................................          ..........................................................
**Stephen John Harris**                                        **Christopher John Wilkinson Hill**
**Ernst & Young LLP**                                          **Ernst & Young LLP**

......................................................
**Stephen Taylor**