**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- X
                                                           :
*In re*                                                    :    Chapter 11
                                                           :
Nortel Networks Inc., *et al.*,                            :    Case No. 09-10138 (KG)
                                                           :
                 Debtors.[1]                                  :    Jointly Administered
                                                           :
                                                           :
---------------------------------------------------------- X

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- X
Pension Benefit Guaranty Corporation,                      :
                                                           :    Civil Action No. 15-635-LPS
                 Appellant,                                  :
    v.                                                 :    Bankruptcy Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,                            :
                                                           :    BAP No. 15-36
                 Appellee.                                   :
                                                           :
---------------------------------------------------------- X

**STATEMENT OF PENSION BENEFIT GUARANTY CORPORATION**
**OF THE ISSUES TO BE PRESENTED ON APPEAL**

The Pension Benefit Guaranty Corporation ("PBGC"), a wholly owned United States government corporation established under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1301-1461, by and through its undersigned counsel, respectfully submits, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) ("NN CALA").

"Bankruptcy Rules") and its Notice of Appeal (D.I. 15916), its statement of issues to be presented on appeal of the *Allocation Trial Opinion* (D.I. 15544) and *Order* (D.I. 15545) entered by the United States Bankruptcy Court for the District of Delaware, Hon. Kevin Gross, J., on May 12, 2015, and the *Memorandum Order on Motions for Reconsideration* (D.I. 15830) entered by the same court on July 6, 2015 (collectively, the "Allocation Decision").

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1. Whether the Bankruptcy Court exceeded its powers under Section 105(a) of the Bankruptcy Code in ordering a "modified pro rata" methodology in the Allocation Decision.

2. Whether the Bankruptcy Court erred by ordering an allocation methodology that is inconsistent with its own prior orders including, without limitation, the Order Entering Allocation Protocol, dated May 17, 2013 (D.I. 10565) and the Order (A) Approving the Interim Funding and Settlement Agreement, and (B) Granting Related Relief (D.I. 993), dated June 29, 2009.

3. Whether the Bankruptcy Court, after correctly concluding that substantive consolidation was inappropriate under Third Circuit precedent, erred in imposing the "modified pro rata" methodology.

4. Whether the Bankruptcy Court erred in failing to allocate to each of the debtors the value of the assets and rights that it relinquished in the sales of the Nortel Group's Lines of Business and Residual Patent Portfolio (collectively, the "Asset Sales"), including rights under the Master Research & Development Agreement ("MRDA").

5. Whether the Bankruptcy Court erred in adopting a "modified pro rata" allocation methodology because the Allocation Decision amounts to an impermissible *sub rosa* plan of reorganization.

6. Whether the Bankruptcy Court erred in concluding that the "modified pro rata" allocation methodology is "a fair and equitable mechanism to allocate the billions of dollars of Sales Proceeds".

7. Whether the Bankruptcy Court erred in adopting a "modified pro rata" allocation methodology that is not fair and equitable in its treatment of PBGC's statutory claims, which are joint and several.

8. Whether the Bankruptcy Court erred in adopting a "modified pro rata" allocation methodology that is not fair and equitable in its treatment of (a) the sales of Nortel Government Solutions Incorporated ("NGS") and DiamondWare, Ltd. ("DiamondWare"), two non-debtors, and (b) the stipulation between Nortel Networks Incorporated ("NNI") and PBGC (the "PBGC Stipulation") (D.I. 1639, 1658).

**RESERVATION OF RIGHTS**

PBGC reserves the right to adopt as additional issues on appeal the issues identified by any other party to the appeal.

Dated: August 6, 2015

Respectfully submitted,

<u>/s/ Vicente Matias Murrell</u>
ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
GARTH D. WILSON
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)
MARC S. PFEUFFER
Attorney

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: (202) 326-4020, ext. 3580
Facsimile: (202) 326-4112