**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                            :   Chapter 11
In re:                                                      :
                                                            :   Case No. 09-10138 (KG)
NORTEL NETWORKS, INC., et al,                               :
                                                            :   Jointly Administered
                                          Debtors.¹         :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                            :
Stephen Taylor                                              :
Conflicts Administrator for                                 :
Nortel Networks SA,                                         :
                                                            :
                             Appellant                      :   Civ. No. 15-628-LPS
                                                            :
                v.                                          :
                                                            :
Nortel Networks Inc.,                                       :
                                                            :
                             Appellee                       :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -:
```

**CONFLICTS ADMINISTRATOR'S MOTION FOR ORDER PURSUANT TO
11 U.S.C. §§ 105 AND 107(B) AND FED. R. BANKR. P. 8009(F) AND 8013
ACCEPTING UNDER SEAL DOCUMENTS DESIGNATED FOR INCLUSION IN
<u>RECORD ON APPEAL</u>**

Stephen Taylor, Conflicts Administrator (the "<u>Conflicts Administrator</u>")

for Nortel Networks S.A. (In Administration) ("<u>NNSA</u>"), an appellant in the instant appeal

---

[1] The Debtors in the chapter 11 cases below (the "<u>Chapter 11 Cases</u>"), along with the last four digits of each Debtor's taxpayer identification number, are Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9679), Nortel Altsystems International Inc. (5596), Xros Inc. (4181), Sonoma Systems (2073) Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226) (collectively, the "<u>U.S. Debtors</u>").

(the "Appeal"), for and on behalf of NNSA, hereby moves (the "Motion") the United States District Court for the District of Delaware (the "Court") for entry of an order under sections 105 and 107(b) of the United States Bankruptcy Code (the "Bankruptcy Code") and Rules 8009(f) and 8013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") accepting under seal certain documents that were placed under seal in the Chapter 11 Cases and that the Conflicts Administrator has designated for inclusion in the record on this Appeal. In support of this Motion, the Conflicts Administrator respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 158 and 1334. Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On July 20, 2015, the Conflicts Administrator filed a notice of appeal pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8003 [Bankruptcy Court Docket No. 15894] appealing each of the following opinions and orders entered in the Chapter 11 Cases by the Honorable Kevin Gross, United States Bankruptcy Judge of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"):

(a) Allocation Trial Opinion entered on May 12, 2015 [Bankruptcy Court Docket No. 15544];

(b) Order entered on May 12, 2015 [Bankruptcy Court Docket No. 15545]; and

2

(c) Memorandum Order On Motions For Reconsideration entered on July 6, 2015 [Bankruptcy Court Docket No. 15830].

3. On August 3, 2015, the Conflicts Administrator and certain other appellants to the Appeal filed the Joint Designation by Appellants of Items to be Included in the Record on Appeal (the "Designation") with the Bankruptcy Court and this Court. A copy of the Designation is attached hereto as Exhibit A.

4. The Designation lists, among other items:

(a) Advance Pricing Agreement. The Advance Pricing Agreement between Nortel Networks, Inc. and the Internal Revenue Service (the "U.S. APA") was filed under seal in the Chapter 11 Cases pursuant to the Bankruptcy Court's Order Authorizing the Debtors (I) To File Under Seal the IRS Advance Pricing Agreement and (II) Granting Related Relief [Bankruptcy Court Docket No. 2326] (the "U.S. APA Seal Order"). The U.S. Debtors represented to the Bankruptcy Court that the U.S. APA contains sensitive commercial information concerning the U.S. Debtors' and their affiliates' tax returns, operations and transfer pricing methods that would be harmful if disclosed to competitors.[2] The U.S. APA Seal Order therefore mandated that the U.S. APA "shall be kept segregated and under seal by the Clerk of the Court and shall not be made publicly available."[3]

(b) Canadian Tax Documents. Various copies of the Advance Pricing Arrangement between Nortel Networks Limited and the Minister of National

---

[2] See Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File Under Seal the IRS Advance Pricing Agreement, and (II) Granting Related Relief ¶¶ 18, 23 [Bankruptcy Court Docket No. 2294].

[3] U.S. APA Seal Order ¶ 2.

3

Revenue (collectively, the "Canadian APA"), the Position Paper on Bilateral Advance Pricing Arrangements (the "Position Paper"), and various copies of the Canada Revenue Agency Supplementary Analysis of the Advance Pricing Arrangement Position Paper (collectively, the "Supplementary Analysis" and, together with the U.S. APA, the Canadian APA, and the Position Paper, the "Sealed Tax Documents")[4] were filed under seal as trial exhibits in the Chapter 11 Cases pursuant to the Bankruptcy Court's Supplementary Order Providing Directions and Establishing Procedures for Sealing Trial Exhibits, Redacting Pretrial Submissions, and Protecting Confidential Information from Public Disclosure During the Trial [Bankruptcy Court Docket No. 13729] (the "Supplementary Seal Order").  Specifically, the Supplementary Seal Order stated that documents such as the Sealed Tax Documents constitute "Confidential Information" and may be protected from disclosure pursuant to the Bankruptcy Court's Order Providing Directions and Establishing Procedures for Sealing Trial Exhibits, Redacting Pretrial Submissions, and Protecting Confidential Information from Public Disclosure During the Trial [Bankruptcy Court Docket No. 13554].[5]

        (c)    Schedules and Exhibits.  The schedules and exhibits with respect to the sale of the U.S. Debtors' Carrier Voice Over IP and Application Solutions business (the "Sealed Sale Documents") were filed under seal in the Chapter 11 Cases pursuant to the Bankruptcy Court's Order Authorizing and Approving (A) the Sale of

---

[4] The Sealed Tax Documents are those sealed documents listed on Schedule 8 of the Notice of Filing of Revised Schedule and Submission of Final Trial Exhibits, and Each Document Identified or Referred to in the Schedules Therein [Bankruptcy Court Docket No. 15586], attached to the Designation as Exhibit C.

[5] Supplementary Seal Order ¶ 5.

4

Certain Assets of the Debtors' Carrier Voice Over IP and Communications Solutions Business Free and Clear of All Liens, Claims and Encumbrances, and (B) the Assumption and Assignment of Certain Executory Contracts [Bankruptcy Court Docket No. 2632] (the "<u>Carrier Voice Order</u>"). The U.S. Debtors represented to the Bankruptcy Court that the Sealed Sale Documents contain confidential commercial information in the form of customer lists and customer contract lists.[6] The Bankruptcy Court therefore determined that the Sealed Sale Documents constitute "sensitive commercial information, which would be damaging to the Debtors and the Purchaser if [they] were to be disclosed to their competitors."[7]

        (d)    <u>U.K. Pension Claimants' Opposition</u>. The Opposition of the U.K. Pension Claimants to the U.S. Interests' Motion to Strike the Expert Reports of the U.K. Pension Claimants and the Canadian Creditors Committee Advocating for a "Pro Rata Distribution" to Creditors [Bankruptcy Docket No. 13418] (the "<u>Sealed Opposition</u>") was filed under seal in the Chapter 11 Cases pursuant to the Bankruptcy Court's Order Entering Protective Order [Bankruptcy Court Docket No. 10805] (the "<u>Protective Order</u>"). The Protective Order allows parties on an ongoing basis to file discovery materials under seal that are "Confidential" or "Highly Confidential," subject to the resolution of any

---

[6]   <u>See</u> Debtors' Motion for Orders (I)(A) Authorizing Debtors' Entry Into the Stalking Horse Agreement, (B) Authorizing and Approving the Bidding Procedures and Bid Protections, (C) Approving Payment of An Incentive Fee, (D) Approving the Notice Procedures and the Assumption and Assignment Procedures, (E) Authorizing the Filing of Certain Documents Under Seal and (F) Setting a Date for the Sale Hearing, and (II) Authorizing and Approving (A) the Sale of Certain Assets of the Debtors' Carrier Voice Over IP and Application Solutions Business Free and Clear of All Liens, Claims and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts ¶¶ 117-18 [Bankruptcy Court Docket No. 2193].

[7]   Carrier Voice Order ¶ CC.

5

objections to such designation.[8]  The Sealed Opposition was filed under seal pursuant to the terms of the Protective Order and no party objected to the designation of the Sealed Opposition as "Confidential" or "Highly Confidential."  The Sealed Opposition therefore remains under seal.

       (e) <u>Canadian Funding and Settlement Agreement</u>.  The Final Canadian Funding and Settlement Agreement, dated as of December 23, 2009 (the "<u>Sealed FCFSA</u>" and, together with the Sealed Tax Documents, the Sealed Sale Documents, and the Sealed Opposition, the "<u>Sealed Documents</u>") was filed under seal in the Chapter 11 Cases pursuant to the Bankruptcy Court's Order Authorizing the Debtors to Redact or File Under Seal Certain Portions of (I) the Canadian Funding Agreement and (II) Granting Related Relief [Bankruptcy Court Docket No. 2330] (the "<u>FCFSA Seal Order</u>").  The U.S. Debtors represented to the Bankruptcy Court that the Sealed FCFSA contains settlement payment schedules and methodologies for calculating settlement payments in connection with the liquidity needs of Nortel Networks Limited.[9]  The U.S. Debtors stated that the disclosure of such information would "severely harm the Debtors and their estates."[10]  The Bankruptcy Court therefore mandated that the Sealed FCFSA "shall be kept segregated and under seal by the Clerk of the Court and shall not be made publicly available."[11]

---

[8] Protective Order ¶¶ 4, 11.

[9] Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Redact or File Under Seal Certain Portions of the Canadian Funding Agreement, and (II) Granting Related Relief ¶ 16 [Bankruptcy Court Docket No. 2206].

[10] <u>Id</u>.

[11] FCFSA Seal Order ¶ 2.

6

**RELIEF REQUESTED**

5.      By this Motion, the Conflicts Administrator respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B, accepting the Sealed Documents under seal for inclusion in the record on this Appeal pursuant to Bankruptcy Rules 8009(f) and 8013.

**BASIS FOR RELIEF**

6.      Bankruptcy Rule 8009(f) provides that "[a] document placed under seal by the bankruptcy court may be designated as part of the record on appeal." Rule 8009(f) also sets forth the procedure through which sealed documents become part of the record on appeal:

> [A] party must file a motion with the court where the appeal is pending to accept the document under seal. If the motion is granted, movant must notify the bankruptcy court of the ruling, and the bankruptcy clerk must promptly transmit the sealed document to the clerk of the court where the appeal is pending.

Fed. R. Bankr. P. 8009(f). As explained in the Advisory Committee Notes, this subdivision is "a new provision that governs the handling of any document that remains sealed by the bankruptcy court and that a party wants to include in the record on appeal." Fed. R. Bankr. P. 8009(f) advisory committee's note.

7.      As discussed above, the Bankruptcy Court placed the Sealed Documents under seal based on the U.S. Debtors' or U.K. Pension Claimants' assertions that the information contained therein constitutes confidential commercial information or information that would otherwise cause harm to the U.S. Debtors, their affiliates, or the purchasers of their businesses if such information was disclosed. The Sealed Documents

7

should therefore be accepted under seal for this Appeal pursuant to Bankruptcy Rule 8009(f).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8

**CONCLUSION**

WHEREFORE, the Conflicts Administrator respectfully requests that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: August 3, 2015
       Wilmington, Delaware

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

        */s/ Robert A. Weber*_____
        Robert A. Weber (I.D. No. 4013)
        One Rodney Square
        P.O. Box 636
        Wilmington, Delaware 19899-0636
        Telephone: (302) 651-3000
        Facsimile: (302) 651-3001
        Email: Robert.Weber@Skadden.com

        - and -

        George A. Zimmerman
        Susan L. Saltzstein
        Four Times Square
        New York, New York 10036-6522
        Telephone: (212) 735-3000
        Facsimile: (212) 735-2000
        Email: George.Zimmerman@Skadden.com
        Email: Susan.Saltzstein@Skadden.com

        *Counsel for Stephen Taylor, Conflicts Administrator for Nortel Networks S.A. (In Administration)*