**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
                                                    :
In re                                               :    Chapter 11
                                                    :    Case No. 09-10138 (KG)
Nortel Networks Inc., <u>et al.</u>,[1]              :    Jointly Administered
                                                    :
                        Debtors                     :    <u>Objection Deadline:</u> Sept. 9, 2015 at 4:00 pm (ET)
                                                    :    <u>Hearing Date:</u> Scheduled only if necessary
---------------------------------------------------------X

**FINAL APPLICATION OF CAPSTONE ADVISORY GROUP, LLC, FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR FINAL ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM JANUARY 26, 2009 THROUGH MAY 31, 2015**

| | |
|---|---|
| Name of Applicant: | Capstone Advisory Group, LLC |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | March 5, 2009 *nunc pro tunc* to January 26, 2009 |
| Period for which Final Compensation and reimbursement is sought: | January 26, 2009 through May 31, 2015 |
| Amount of final compensation sought as actual, reasonable and necessary: | $31,498,482.00 |
| Amount of final expense reimbursement sought as actual, reasonable and necessary: | $748,528.84 |
| Total reimbursement sought as actual, reasonable and necessary: | $ 32,247,010.84 |

This is a(n):    __ monthly    __ interim    _x_ final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, re: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

**Attachment A - Prior Monthly Applications Filed:**

| | | | Application | | CNO | |
|---|---|---|---|---|---|---|
| Date Filed | Docket No. | Period Covered | Total Fees | Expenses | Date | Docket No. |
| 3/20/2009 | 514 | 1/26/09 to 2/28/09 | $ 631,741.50 | $ 8,547.70 | 4/13/2009 | 597 |
| 5/4/2009 | 694 | 3/1/09 to 3/31/09 | $ 544,016.50 | $ 5,537.11 | 5/28/2009 | 796 |
| 6/8/2009 | 862 | 4/1/09 to 4/30/09 | $ 580,910.50 | $ 21,010.89 | 7/2/2009 | 1033 |
| 7/2/2009 | 1032 | 5/1/09 to 5/31/09 | $ 632,663.00 | $ 32,855.89 | 7/24/2009 | 1163 |
| 8/18/2009 | 1341 | 6/1/09 to 6/30/09 | $ 568,135.00 | $ 20,526.57 | 9/11/2009 | 1479 |
| 9/8/2009 | 1440 | 7/1/09 to 7/31/09 | $ 559,132.00 | $ 30,532.13 | 10/8/2009 | 1642 |
| 9/25/2009 | 1555 | 8/1/09 to 8/31/09 | $ 604,170.50 | $ 27,108.99 | 10/19/2009 | 1697 |
| 11/11/2009 | 1878 | 9/1/09 to 9/30/09 | $ 710,297.00 | $ 24,739.87 | 12/8/2009 | 2097 |
| 11/24/2009 | 1982 | 10/1/09 to 10/30/09 | $ 661,183.50 | $ 41,360.46 | 12/17/2009 | 2171 |
| 1/20/2010 | 2303 | 11/1/09 to 11/30/09 | $ 676,130.50 | $ 39,026.52 | 2/12/2010 | 2414 |
| 2/9/2010 | 2395 | 12/1/09 to 12/31/09 | $ 566,660.50 | $ 31,179.16 | 3/3/2010 | 2629 |
| 2/24/2010 | 2519 | 1/1/10 to 1/31/10 | $ 638,996.00 | $ 43,469.11 | 3/30/2010 | 2805 |
| 3/30/2010 | 2807 | 2/1/10 to 2/28/10 | $ 675,136.00 | $ 24,001.07 | 5/18/2010 | 3012 |
| 4/27/2010 | 2921 | 3/1/10 to 3/31/10 | $ 961,808.50 | $ 45,153.85 | 5/19/2010 | 3019 |
| 5/28/2010 | 3089 | 4/1/10 to 4/30/10 | $ 745,398.00 | $ 28,337.05 | 6/22/2010 | 3208 |
| 6/29/2010 | 3236 | 5/1/10 to 5/31/10 | $ 625,624.50 | $ 19,479.47 | 7/21/2010 | 3717 |
| 8/20/2010 | 3806 | 6/1/10 to 6/30/10 | $ 580,135.00 | $ 13,183.92 | 9/13/2010 | 3933 |
| 8/31/2010 | 3849 | 7/1/10 to 7/31/10 | $ 472,341.50 | $ 11,658.33 | 9/22/2010 | 3995 |
| 10/12/2010 | 4145 | 8/1/10 to 8/31/10 | $ 696,506.00 | $14,821.73 | 11/3/2010 | 4238 |
| 11/17/2010 | 4343 | 9/1/10 to 9/30/10 | $ 666,451.50 | $23,463.81 | 12/10/10 | 4570 |

| | | | *Application* | | *CNO* | |
|---|---|---|---|---|---|---|
| Date Filed | Docket No. | Period Covered | Total Fees | Expenses | Date | Docket No. |
| 11/23/2010 | 4407 | 10/1/2010 to 10/31/2010 | $   708,284.00 | $ 12,971.63 | 12/16/10 | 4614 |
| 1/12/2011 | 4719 | 11/1/2010 to 11/30/2010 | $   813,911.50 | $ 13,511.59 | 2/7/11 | 4861 |
| 2/21/2011 | 4961 | 12/1/2010 to 12/31/2010 | $   541,238.00 | $ 8,551.61 | 3/16/11 | 5114 |
| 2/28/2011 | 5021 | 1/1/2011 to 1/31/2011 | $   593,186.50 | $ 5,604.73 | 3/23/11 | 5157 |
| 4/7/2011 | 5231 | 2/1/2011 to 2/28/2011 | $   478,652.00 | $ 24,386.78 | 4/29/11 | 5352 |
| 5/10/2011 | 5406 | 3/1/2011 to 3/31/2011 | $   623,657.50 | $8,213.02 | 6/2/11 | 5578 |
| 5/24/2011 | 5477 | 4/1/2011 to 4/30/2011 | $   553,128.50 | $ 5,862.59 | 6/15/11 | 5732 |
| 6/27/2011 | 5815 | 5/1/2011 to 5/31/2011 | $   454,121.00 | $ 5,101.34 | 7/20/11 | 5996 |
| 8/9/2011 | 6114 | 6/1/2011 to 6/30/2011 | $   591,000.50 | $ 6,473.29 | 9/2/11 | 6301 |
| 8/26/11 | 6238 | 7/1/2011 to 7/31/2011 | $   441,885.50 | $ 2,074.18 | 9/19/11 | 6401 |
| 10/14/11 | 6622 | 8/1/2011 to 8/31/2011 | $   437,943.50 | $ 2,870.83 | 11/8/11 | 6727 |
| 11/10/11 | 6741 | 9/1/2011 to 9/30/2011 | $   442,933.50 | $ 27,266.03 | 12/2/11 | 6904 |
| 11/23/11 | 6858 | 10/1/2011 to 10/31/2011 | $   304,735.50 | $ 1,503.93 | 12/15/11 | 6998 |
| 1/13/2012 | 7095 | 11/1/2011 to 11/30/2011 | $   264,604.00 | $ 4,214.72 | 2/6/12 | 7161 |
| 2/8/2012 | 7189 | 12/1/2011 to 12/31/2011 | $   230,549.00 | $ 4,298.97 | 3/1/12 | 7328 |
| 2/27/2012 | 7279 | 1/1/2012 to 1/31/2012 | $   222,897.00 | $ 651.94 | 3/21/12 | 7419 |
| 3/26/2012 | 7452 | 2/1/2012 to 2/29/2012 | $   227,168.00 | $ 550.83 | 4/18/12 | 7563 |
| 5/1/2012 | 7600 | 3/1/2012 to 3/31/2012 | $   284,856.00 | $ 5,649.92 | 5/23/12 | 7682 |
| 5/30/2012 | 7729 | 4/1/2012 to 4/30/2012 | $   244,956.50 | $ 4,004.80 | 6/22/12 | 7895 |
| 7/12/2012 | 7994 | 5/1/2012 to 5/31/2012 | $   206,773.00 | $ 2,024.43 | 8/3/12 | 8099 |
| 8/15/2012 | 8182 | 6/1/2012 to 6/30/2012 | $   249,959.50 | $ 3,225.32 | 9/6/12 | 8411 |
| 8/27/2012 | 8331 | 7/1/2012 to 7/31/2012 | $   176,486.00 | $ 3,432.35 | 9/19/12 | 8551 |
| 10/9/2012 | 8667 | 8/1/2012 to 8/31/2012 | $   250,985.00 | $ 3,463.59 | 11/6/12 | 8892 |
| 11/9/2012 | 8918 | 9/1/2012 to 9/30/2012 | $   197,645.50 | $ 3,117.37 | 12/3/12 | 9050 |

| | | | *Application* | | *CNO* | |
|---|---|---|---|---|---|---|
| Date Filed | Docket No. | Period Covered | Total Fees | Expenses | Date | Docket No. |
| 11/20/2012 | 8978 | 10/1/2012 to 10/31/2012 | $  204,261.00 | $ 2,164.86 | 12/13/12 | 9118 |
| 1/3/2013 | 9233 | 11/1/2012 to 11/30/2012 | $  152,940.50 | $ 336.44 | 1/25/13 | 9339 |
| 1/24/2013 | 9334 | 12/1/2012 to 12/31/2012 | $  134,142.00 | $ 4,940.98 | 2/15/13 | 9449 |
| 2/22/2013 | 9493 | 1/1/2013 to 1/31/2013 | $  332,487.50 | $ 13,849.89 | 3/19/13 | 9691 |
| 4/11/2013 | 10050 | 2/1/2013 to 2/28/2013 | $  118,765.50 | $ 289.34 | 5/6/13 | 10456 |
| 5/22/2013 | 10619 | 3/1/2013 to 3/31/2013 | $  198,868.00 | $ 387.83 | 6/14/13 | 10912 |
| 5/28/2013 | 10674 | 4/1/2013 to 4/30/2013 | $  280,122.00 | $ 5,628.98 | 6/20/13 | 10949 |
| 8/16/2013 | 11392 | 5/1/2013 to 5/31/2013 | $  419,417.50 | $ 8,423.53 | 9/12/13 | 11600 |
| 8/21/2013 | 11410 | 6/1/2013 to 6/30/2013 | $  253,705.50 | $ 45.37 | 9/13/13 | 11606 |
| 8/26/2013 | 11445 | 7/1/2013 to 7/31/2013 | $  218,423.00 | $ 3,047.25 | 9/19/13 | 11727 |
| 10/24/2013 | 12112 | 8/1/2013 to 8/31/2013 | $  164,476.00 | $ 0.00 | 11/15/13 | 12403 |
| 11/27/2013 | 12526 | 9/1/2013 to 9/30/2013 | $  352,718.50 | $ 3,505.49[2] | 12/19/13 | 12684 |
| 11/27/2013 | 12533 | 10/1/2013 to 10/31/2013 | $  467,713.00 | $ 121.48 | 12/19/13 | 12685 |
| 2/14/2014 | 12969 | 11/1/2013 to 11/30/2013 | $  519,676.00 | $ 3,092.09 | 3/10/14 | 13135 |
| 2/26/2014 | 13054 | 12/1/2013 to 12/31/2013 | $  469,207.00 | $ 2,542.12 | 3/20/14 | 13201 |
| 2/28/2014 | 13082 | 1/1/2014 to 1/31/2014 | $  576,306.50 | $ 3,956.52 | 3/24/14 | 13224 |
| 04/9/2014 | 13310 | 2/1/2014 to 02/28/2014 | $  571,837.00 | $ 273.60 | 5/2/14 | 13359 |
| 5/21/2014 | 13615 | 3/1/2014 to 3/31/2014 | $  562,367.00 | $ 8,329.37 | 6/12/14 | 13822 |
| 5/29/2014 | 13709 | 4/1/2014 to 4/30/2014 | $  523,779.50 | $ 5,669.03 | 6/23/14 | 13891 |
| 7/24/2014 | 14081 | 5/1/2014 to 5/31/2014 | $  535,059.00 | $ 8,363.74 | 8/18/2014 | 14230 |

---

[2] As agreed to with the Nortel fee examiner, Capstone agreed to reduce its fees for the Fifty-Sixth Monthy Period (September 2013) in the amount of $376.00, resulting in total expenses of $3,129.49.  This reduction was agreed to as part of the review of the Nineteenth Interim Fee Application, and thus does not appear in this table.

| | Application | | | | CNO | |
|---|---|---|---|---|---|---|
| Date Filed | Docket No. | Period Covered | Total Fees | Expenses | Date | Docket No. |
| 8/12/2014 | 14199 | 6/1/2014 to 6/30/2014 | $ 421,993.50 | $ 5,397.81 | 09/04/2014 | 14365 |
| 8/27/2014 | 14293 | 7/1/2014 to 7/31/2014 | $ 277,517.00 | $ 1,823.85 | 09/19/2014 | 14442 |
| 10/30/2014 | 14651 | 8/1/2014 to 8/31/2014 | $ 140,874.00 | $ 86.61 | 12/09/2014 | 14914 |
| 11/03/2014 | 14679 | 9/1/2014 to 9/30/2014 | $ 197,076.50 | $ 0.98 | 11/25/2014 | 14822 |
| 11/25/2014 | 14823 | 10/1/2014 to 10/31/2014 | $ 115,166.50 | $ 3.43 | 12/17/2014 | 14945 |
| 01/09/2015 | 15033 | 11/1/2014 to 11/30/2014 | $ 173,315.50 | $ 32.33 | 02/03/2015 | 15136 |
| 02/12/2015 | 15170 | 12/1/2014 to 12/31/2014 | $ 74,892.00 | $ 1,511.03 | 03/20/2015 | 15349 |
| 02/25/2015 | 15230 | 1/1/2015 to 1/31/2015 | $ 47,487.00 | $ 0.00 | 03/20/2015 | 15350 |
| 04/23/2015 | 15461 | 2/1/2015 to 2/28/2015 | $ 149,183.50 | $ 61.47 | 05/22/2015 | 15585 |
| 05/01/2015 | 15519 | 3/1/2015 to 3/31/2015 | $ 186,810.00 | $ 0.00 | 05/27/2015 | 15616 |
| 05/27/2015 | 15625 | 4/1/2015 to 4/30/2015 | $ 73,082.00 | $0.00 | 06/18/2015 | 15765 |
| 6/25/2015 | 15801 | 5/1/2015 to 5/31/2015 | $ 245,818.00 | $ 0.00 | 7/17/2015 | 15881 |

**Attachment B: Fees By Professional**
**For the Period: 1/26/2009 through 5/31/2015**

| Professional | 2009 | | | 2010 | | |
|---|---|---|---|---|---|---|
| | Hours | Billing Rate | Fees | Hours | Billing Rate | Fees |
| A. Altamura | | | | 5.5 | $ 125.00 | $ 687.50 |
| A. Cowie | | | | 739.5 | $ 540.00 | $ 399,330.00 |
| A. Drobish | | | | | | |
| B. Bingham | 4.6 | $ 710.00 | $ 3,266.00 | 2.3 | $ 710.00 | $ 1,633.00 |
| B. Frizzell | | | | | | |
| B. Kullberg | | | | | | |
| B. Morris | | | | | | |
| B. Park | | | | | | |
| C. Griffin | | | | | | |
| C. Hoang | | | | | | |
| C. Kearns | 493.3 | $ 710.00 | $ 350,243.00 | 804.8 | $ 760.00 | $ 611,648.00 |
| C. Lister | | | | | | |
| C. Provorny | | | | 3.7 | $ 350.00 | $ 1,295.00 |
| C. Stryker | | | | | | |
| C. Walker | 16.7 | $ 315.00 | $ 5,260.50 | | | |
| D. Demko | | | | | | |
| D. Rothberg | | | | 2,321.7 | $ 395.00 | $ 917,071.50 |
| E. Berman | | | | | | |
| E. Bienias | | | | 16.0 | $ 350.00 | $ 5,600.00 |
| E. Cavanaugh | | | | 10.5 | $ 325.00 | $ 3,412.50 |
| H. Becker | 53.9 | $ 100.00 | $ 5,390.00 | 185.5 | $ 120.00 | $ 22,260.00 |
| H. Miller[1] | | | | 492.0 | $445/ $460 | $ 219,660.00 |
| J. Bloom | | | | | | |
| J. Blum | | | | | | |
| J. Borow | 1,595.4 | $ 710.00 | $ 1,132,734.00 | 1,729.1 | $ 760.00 | $ 1,314,116.00 |
| J. Dorans | | | | 2.5 | $ 160.00 | $ 400.00 |
| J. Dunn | | | | 7.7 | $ 450.00 | $ 3,465.00 |
| J. Emerson | | | | | | |
| J. Garvin | | | | | | |
| J. Geraghty | | | | | | |
| J. Hyland | 3,161.7 | $ 550.00 | $ 1,738,935.00 | 2,887.9 | $ 575.00 | $ 1,660,542.50 |
| J. Peterson | 2,190.8 | $ 315.00 | $ 690,102.00 | 2,117.8 | $ 335.00 | $ 709,463.00 |
| J. Salomon | 2.6 | $ 695.00 | $ 1,807.00 | 1.2 | $ 695.00 | $ 834.00 |
| J. Schad | 133.1 | $ 200.00 | $ 26,620.00 | 209.6 | $ 275.00 | $ 57,640.00 |
| J. Woodmansee | | | | 4.9 | $ 305.00 | $ 1,494.50 |
| L. Ahearn | | | | 1,011.5 | $ 360.00 | $ 364,140.00 |
| L. Hirschman | 12.6 | $ 110.00 | $ 1,386.00 | 6.8 | $ 120.00 | $ 816.00 |
| L. Penz | 20.3 | $ 340.00 | $ 6,902.00 | | | |
| M. Dansky | | | | | | |
| M. DeSalvio | 26.4 | $ 170.00 | $ 4,488.00 | 0.3 | $ 175.00 | $ 52.50 |
| M. Haverkamp | | | | | | |
| M. Lasinski[2] | 304.6 | $ 600.00 | $ 182,760.00 | 669.2 | $620/ $310 | $ 310,310.00 |
| M. Sidhu | | | | | | |
| M. Viola | | | | | | |
| N. Backer | 12.1 | $ 110.00 | $ 1,331.00 | 19.9 | $ 120.00 | $ 2,388.00 |
| N. Haslun | | | | | | |
| O. Freidzon | 1.0 | $ 250.00 | $ 250.00 | 2.0 | $ 275.00 | $ 550.00 |
| R. Conroy | | | | 701.6 | $ 500.00 | $ 350,800.00 |
| R. Manzo | 51.6 | $ 795.00 | $ 41,022.00 | | | |
| R. Wintersteen | | | | 0.8 | $ 350.00 | $ 280.00 |
| S. Song | 2,232.3 | $ 325.00 | $ 725,497.50 | 40.5 | $ 325.00 | $ 13,162.50 |
| S. Tajuddin | | | | 64.1 | $ 395.00 | $ 25,319.50 |
| S. Weng | | | | | | |
| T. Horton[3] | 2,202.1 | $625/ $525 | $ 1,234,092.50 | 720.2 | $ 525.00 | $ 378,105.00 |
| T. Morilla | 1,936.6 | $ 285.00 | $ 551,931.00 | 2,456.9 | $ 305.00 | $ 749,354.50 |
| T. Sell | 76.6 | $ 405.00 | $ 31,023.00 | | | |
| **Total** | **14,528.3** | | **$ 6,735,040.50** | **17,236.0** | | **$ 8,125,830.50** |

[1] H. Miller's rate changed May 1, 2010

[2] M. Lasinsky's rate changed June 19, 2010

[3] T. Horton's rate changed June 1, 2009

**Attachment B: Fees By Professional**
**For the Period: 1/26/2009 through 5/31/2015**

| Professional | Hours | Billing Rate | Fees | Hours | Billing Rate | Fees |
|---|---|---|---|---|---|---|
| | | 2011 | | | 2012 | |
| A. Altamura | | | | | | |
| A. Cowie | 1,458.2 | $ 545.00 | $ 794,719.00 | 129.9 | $ 550.00 | $ 71,445.00 |
| A. Drobish | | | | | | |
| B. Bingham | | | | | | |
| B. Frizzell | | | | 1.0 | $ 400.00 | $ 400.00 |
| B. Kullberg | | | | | | |
| B. Morris | | | | 5.7 | $ 525.00 | $ 2,992.50 |
| B. Park | | | | | | |
| C. Griffin | | | | | | |
| C. Hoang | | | | | | |
| C. Kearns | 633.3 | $ 760.00 | $ 481,308.00 | 379.8 | $ 795.00 | $ 301,941.00 |
| C. Lister | 2.0 | $ 125.00 | $ 250.00 | | | |
| C. Provorny | | | | | | |
| C. Stryker | | | | | | |
| C. Walker | | | | | | |
| D. Demko | | | | | | |
| D. Rothberg | 991.9 | $ 415.00 | $ 411,638.50 | | | |
| E. Berman | | | | | | |
| E. Bienias | | | | | | |
| E. Cavanaugh | | | | | | |
| H. Becker | 27.0 | $ 120.00 | $ 3,240.00 | | | |
| H. Miller[1] | | | | | | |
| J. Bloom | | | | | | |
| J. Blum | | | | | | |
| J. Borow | 1,407.9 | $ 760.00 | $ 1,070,004.00 | 619.3 | $ 795.00 | $ 492,343.50 |
| J. Dorans | 0.5 | $ 160.00 | $ 80.00 | | | |
| J. Dunn | | | | | | |
| J. Emerson | | | | | | |
| J. Garvin | | | | | | |
| J. Geraghty | | | | | | |
| J. Hyland | 2,234.0 | $ 595.00 | $ 1,329,230.00 | 1,762.9 | $ 610.00 | $ 1,075,369.00 |
| J. Peterson | 1,386.8 | $ 365.00 | $ 506,182.00 | | | |
| J. Salomon | | | | | | |
| J. Schad | 14.7 | $ 325.00 | $ 4,777.50 | 20.9 | $ 400.00 | $ 8,360.00 |
| J. Woodmansee | | | | | | |
| L. Ahearn | 47.5 | $ 375.00 | $ 17,812.50 | | | |
| L. Hirschman | | | | | | |
| L. Penz | | | | | | |
| M. Dansky | | | | | | |
| M. DeSalvio | 2.6 | $ 175.00 | $ 455.00 | | | |
| M. Haverkamp | 57.5 | $ 120.00 | $ 6,900.00 | 46.3 | $ 120.00 | $ 5,556.00 |
| M. Lasinski[2] | 391.3 | $ 310.00 | $ 121,303.00 | | | |
| M. Sidhu | | | | | | |
| M. Viola | 7.3 | $ 120.00 | $ 876.00 | | | |
| N. Backer | | | | | | |
| N. Haslun | | | | | | |
| O. Freidzon | 2.5 | $ 275.00 | $ 687.50 | | | |
| R. Conroy | | | | | | |
| R. Manzo | | | | | | |
| R. Wintersteen | | | | | | |
| S. Song | | | | | | |
| S. Tajuddin | | | | | | |
| S. Weng | | | | 3.0 | $ 125.00 | $ 375.00 |
| T. Horton[3] | | | | | | |
| T. Morilla | 2,151.4 | $ 310.00 | $ 666,934.00 | 1,650.8 | $ 360.00 | $ 594,288.00 |
| T. Sell | | | | | | |
| **Total** | **10,816.4** | | **$ 5,416,397.00** | **4,619.6** | | **$ 2,553,070.00** |

[1]H. Miller's rate changed May 1, 2010
[2]M. Lasinsky's rate changed June 19, 2010
[3]T. Horton's rate changed June 1, 2009

**Attachment B: Fees By Professional**
**For the Period: 1/26/2009 through 5/31/2015**

| Professional | Hours | 2013 Billing Rate | Fees | Hours | 2014 Billing Rate | Fees |
|---|---|---|---|---|---|---|
| A. Altamura | | | | | | |
| A. Cowie | 1,251.5 | $ 575.00 | $ 719,612.50 | 1,399.7 | $ 600.00 | $ 839,820.00 |
| A. Drobish | | | | 48.0 | $ 410.00 | $ 19,680.00 |
| B. Bingham | 10.0 | $ 775.00 | $ 7,750.00 | 33.2 | $ 800.00 | $ 26,560.00 |
| B. Frizzell | 360.0 | $ 425.00 | $ 153,000.00 | 511.4 | $ 440.00 | $ 225,016.00 |
| B. Kullberg | 84.4 | $ 500.00 | $ 42,200.00 | 84.0 | $ 525.00 | $ 44,100.00 |
| B. Morris | | | | | | |
| B. Park | | | | 6.0 | $ 125.00 | $ 750.00 |
| C. Griffin | 1.5 | $ 125.00 | $ 187.50 | 11.0 | $ 125.00 | $ 1,375.00 |
| C. Hoang | 96.6 | $ 400.00 | $ 38,640.00 | 5.0 | $ 420.00 | $ 2,100.00 |
| C. Kearns | 368.9 | $ 830.00 | $ 306,187.00 | 429.1 | $ 875.00 | $ 375,462.50 |
| C. Lister | | | | | | |
| C. Provorny | | | | | | |
| C. Stryker | 12.9 | $ 585.00 | $ 7,546.50 | | | |
| C. Walker | | | | | | |
| D. Demko | | | | | | |
| D. Rothberg | | | | | | |
| E. Berman | | | | 1.0 | $ 250.00 | $ 250.00 |
| E. Bienias | | | | | | |
| E. Cavanaugh | | | | | | |
| H. Becker | | | | | | |
| H. Miller[1] | | | | | | |
| J. Bloom | 5.8 | $ 350.00 | $ 2,030.00 | 5.8 | $ 385.00 | $ 2,233.00 |
| J. Blum | | | | 70.4 | $ 120.00 | $ 8,448.00 |
| J. Borow | 727.5 | $ 830.00 | $ 603,825.00 | 754.4 | $ 875.00 | $ 660,100.00 |
| J. Dorans | | | | | | |
| J. Dunn | | | | 6.1 | $ 620.00 | $ 3,782.00 |
| J. Emerson | | | | 61.3 | $ 250.00 | $ 15,325.00 |
| J. Garvin | 21.7 | $ 120.00 | $ 2,604.00 | | | |
| J. Geraghty | 2.7 | $ 125.00 | $ 337.50 | | | |
| J. Hyland | 1,987.4 | $ 635.00 | $ 1,261,999.00 | 1,964.7 | $ 660.00 | $ 1,296,702.00 |
| J. Peterson | | | | | | |
| J. Salomon | | | | | | |
| J. Schad | 145.2 | $ 415.00 | $ 60,258.00 | 62.3 | $ 430.00 | $ 26,789.00 |
| J. Woodmansee | | | | | | |
| L. Ahearn | | | | | | |
| L. Hirschman | | | | | | |
| L. Penz | | | | | | |
| M. Dansky | 100.8 | $ 595.00 | $ 59,976.00 | 97.3 | $ 625.00 | $ 60,812.50 |
| M. DeSalvio | 7.1 | $ 195.00 | $ 1,384.50 | 5.5 | $ 195.00 | $ 1,072.50 |
| M. Haverkamp | 58.5 | $ 120.00 | $ 7,020.00 | 44.9 | $ 120.00 | $ 5,388.00 |
| M. Lasinski[2] | | | | | | |
| M. Sidhu | 1.0 | $ 125.00 | $ 125.00 | | | |
| M. Viola | | | | | | |
| N. Backer | | | | | | |
| N. Haslun | 577.4 | $ 610.00 | $ 352,214.00 | 873.1 | $ 635.00 | $ 554,418.50 |
| O. Freidzon | 1.0 | $ 305.00 | $ 305.00 | | | |
| R. Conroy | | | | | | |
| R. Manzo | | | | | | |
| R. Wintersteen | | | | | | |
| S. Song | | | | | | |
| S. Tajuddin | | | | | | |
| S. Weng | | | | | | |
| T. Horton[3] | | | | | | |
| T. Morilla | 443.1 | $ 380.00 | $ 168,378.00 | | | |
| T. Sell | | | | | | |
| **Total** | **6,265.0** | | **$ 3,795,579.50** | **6,474.2** | | **$ 4,170,184.00** |

[1] H. Miller's rate changed May 1, 2010
[2] M. Lasinsky's rate changed June 19, 2010
[3] T. Horton's rate changed June 1, 2009

**Attachment B: Fees By Professional**
**For the Period: 1/26/2009 through 5/31/2015**

| Professional | Hours | 2015 Billing Rate | Fees | Total Hours | Total Fees |
|---|---|---|---|---|---|
| A. Altamura | | | | 5.5 | $ 687.50 |
| A. Cowie | 243.5 | $ 625.00 | $ 152,187.50 | 5,222.3 | $ 2,977,114.00 |
| A. Drobish | | | | 48.0 | $ 19,680.00 |
| B. Bingham | | | | 50.1 | $ 39,209.00 |
| B. Frizzell | | | | 872.4 | $ 378,416.00 |
| B. Kullberg | | | | 168.4 | $ 86,300.00 |
| B. Morris | | | | 5.7 | $ 2,992.50 |
| B. Park | | | | 6.0 | $ 750.00 |
| C. Griffin | | | | 12.5 | $ 1,562.50 |
| C. Hoang | | | | 101.6 | $ 40,740.00 |
| C. Kearns | 91.4 | $ 895.00 | $ 81,803.00 | 3,200.6 | $ 2,508,592.50 |
| C. Lister | | | | 2.0 | $ 250.00 |
| C. Provorny | | | | 3.7 | $ 1,295.00 |
| C. Stryker | | | | 12.9 | $ 7,546.50 |
| C. Walker | | | | 16.7 | $ 5,260.50 |
| D. Demko | 1.8 | $ 275.00 | $ 495.00 | 1.8 | $ 495.00 |
| D. Rothberg | | | | 3,313.6 | $ 1,328,710.00 |
| E. Berman | | | | 1.0 | $ 250.00 |
| E. Bienias | | | | 16.0 | $ 5,600.00 |
| E. Cavanaugh | | | | 10.5 | $ 3,412.50 |
| H. Becker | | | | 266.4 | $ 30,890.00 |
| H. Miller[1] | | | | 492.0 | $ 219,660.00 |
| J. Bloom | | | | 11.6 | $ 4,263.00 |
| J. Blum | 16.0 | $ 120.00 | $ 1,920.00 | 86.4 | $ 10,368.00 |
| J. Borow | 187.9 | $ 895.00 | $ 168,170.50 | 7,021.5 | $ 5,441,293.00 |
| J. Dorans | | | | 3.0 | $ 480.00 |
| J. Dunn | | | | 13.8 | $ 7,247.00 |
| J. Emerson | 7.7 | $ 250.00 | $ 1,925.00 | 69.0 | $ 17,250.00 |
| J. Garvin | | | | 21.7 | $ 2,604.00 |
| J. Geraghty | | | | 2.7 | $ 337.50 |
| J. Hyland | 437.4 | $ 675.00 | $ 295,245.00 | 14,436.0 | $ 8,658,022.50 |
| J. Peterson | | | | 5,695.4 | $ 1,905,747.00 |
| J. Salomon | | | | 3.8 | $ 2,641.00 |
| J. Schad | | | | 585.8 | $ 184,444.50 |
| J. Woodmansee | | | | 4.9 | $ 1,494.50 |
| L. Ahearn | | | | 1,059.0 | $ 381,952.50 |
| L. Hirschman | | | | 19.4 | $ 2,202.00 |
| L. Penz | | | | 20.3 | $ 6,902.00 |
| M. Dansky | 0.9 | $ 625.00 | $ 562.50 | 199.0 | $ 121,351.00 |
| M. DeSalvio | | | | 41.9 | $ 7,452.50 |
| M. Haverkamp | 0.6 | $ 120.00 | $ 72.00 | 207.8 | $ 24,936.00 |
| M. Lasinski[2] | | | | 1,365.1 | $ 614,373.00 |
| M. Sidhu | | | | 1.0 | $ 125.00 |
| M. Viola | | | | 7.3 | $ 876.00 |
| N. Backer | | | | 32.0 | $ 3,719.00 |
| N. Haslun | | | | 1,450.5 | $ 906,632.50 |
| O. Freidzon | | | | 6.5 | $ 1,792.50 |
| R. Conroy | | | | 701.6 | $ 350,800.00 |
| R. Manzo | | | | 51.6 | $ 41,022.00 |
| R. Wintersteen | | | | 0.8 | $ 280.00 |
| S. Song | | | | 2,272.8 | $ 738,660.00 |
| S. Tajuddin | | | | 64.1 | $ 25,319.50 |
| S. Weng | | | | 3.0 | $ 375.00 |
| T. Horton[3] | | | | 2,922.3 | $ 1,612,197.50 |
| T. Morilla | | | | 8,638.8 | $ 2,730,885.50 |
| T. Sell | | | | 76.6 | $ 31,023.00 |
| **Total** | **987.2** | | **$ 702,380.50** | **60,926.7** | **$ 31,498,482.00** |

[1] H. Miller's rate changed May 1, 2010
[2] M. Lasinsky's rate changed June 19, 2010
[3] T. Horton's rate changed June 1, 2009

**Attachment C: Fees by Task Code**
**For the Period: 1/26/2009 through 5/31/2015**

| Task Code | 2009 Hours | 2009 Fees | 2010 Hours | 2010 Fees | 2011 Hours | 2011 Fees |
|---|---|---|---|---|---|---|
| 01. Asset Acquisition/Disposition | 2,308.7 | $1,196,661.00 | 5,393.9 | $2,617,248.50 | 1,638.0 | $ 868,822.50 |
| 05. Professional Retention/Fee Application Preparation | 207.3 | $ 74,333.50 | 202.2 | $ 60,721.50 | 184.1 | $ 59,188.00 |
| 06. Attend Hearings/Related Activities | 0.3 | $ 165.00 | 38.8 | $ 22,553.50 | 31.6 | $ 24,016.00 |
| 07. Interaction/Meetings with Debtors/Counsel | 526.2 | $ 314,581.50 | 261.0 | $ 167,856.50 | 210.3 | $ 141,025.50 |
| 08. Interaction/Meetings with Creditors | 649.2 | $ 400,627.50 | 742.2 | $ 510,839.00 | 637.4 | $ 442,116.50 |
| 09. Employee Issues/KEIP | 1,665.7 | $ 779,224.00 | 999.5 | $ 484,816.00 | 472.3 | $ 234,716.00 |
| 10. Recovery/SubCon/Lien Analysis | | | 576.4 | $ 235,484.00 | 2,253.4 | $1,081,289.00 |
| 11. Claim Analysis/Accounting | 555.5 | $ 244,389.50 | 875.1 | $ 395,635.50 | 1,362.7 | $ 676,870.00 |
| 13. Intercompany Transactions/Balances | 1,284.5 | $ 588,220.00 | 1,437.6 | $ 592,142.50 | 359.1 | $ 165,458.00 |
| 14. Executory Contracts/Leases | 554.4 | $ 234,217.00 | 231.3 | $ 100,654.00 | 115.3 | $ 63,960.50 |
| 17. Analysis of Historical Results | 660.9 | $ 260,481.50 | 727.9 | $ 293,784.50 | 385.0 | $ 170,966.50 |
| 18. Operating and Other Reports | 826.0 | $ 378,819.50 | 593.7 | $ 275,787.00 | 581.0 | $ 282,635.00 |
| 19. Cash Flow/Cash Mgmt Liquidity | 2,099.1 | $ 842,547.50 | 950.3 | $ 350,055.50 | 868.7 | $ 353,630.00 |
| 20. Projections/Business Plan/Other | 1,797.6 | $ 775,983.50 | 1,650.2 | $ 714,495.50 | 556.0 | $ 237,660.50 |
| 21. Reclamation/503(b)(9) | 46.9 | $ 20,847.50 | | | | |
| 22. Preference/Avoidance Actions | 43.0 | $ 19,325.00 | 54.9 | $ 29,398.00 | 74.3 | $ 40,071.00 |
| 24. Liquidation Analysis | 404.5 | $ 179,340.50 | 39.7 | $ 17,933.00 | | |
| 25. Litigation | | | | | | |
| 26. Tax Issues | 126.0 | $ 49,627.50 | 198.6 | $ 106,536.00 | 176.3 | $ 100,311.00 |
| 27. Plan of Reorganization/Disclosure Statement | | | 37.6 | $ 23,162.00 | | |
| 28. Valuation Analysis | 2.5 | $ 1,500.00 | 14.3 | $ 6,433.00 | | |
| 31. Planning | 56.5 | $ 34,805.50 | | | | |
| 33. Intellectual Property[1] | 713.5 | $ 339,343.50 | 2,210.8 | $1,120,295.00 | 910.9 | $ 473,661.00 |
| **Total** | **14,528.3** | **$6,735,040.50** | **17,236.0** | **$8,125,830.50** | **10,816.4** | **$5,416,397.00** |

[1]Time was charged in 2009 and 2010 to Task Code 29, also labeled "Intellectual Property". These totals are inclusive of both codes.

**Attachment C: Fees by Task Code**
**For the Period: 1/26/2009 through 5/31/2015**

| Task Code | 2012 Hours | 2012 Fees | 2013 Hours | 2013 Fees | 2014 Hours | 2014 Fees |
|---|---|---|---|---|---|---|
| 01. Asset Acquisition/Disposition | 1,183.0 | $ 706,572.50 | 3,923.2 | $2,475,703.00 | 3,713.8 | $2,513,322.00 |
| 05. Professional Retention/Fee Application Preparation | 137.7 | $ 51,735.00 | 149.5 | $ 59,796.00 | 214.0 | $ 78,309.00 |
| 06. Attend Hearings/Related Activities | 5.4 | $ 3,294.00 | 9.6 | $ 7,968.00 | 325.5 | $ 233,064.50 |
| 07. Interaction/Meetings with Debtors/Counsel | 91.9 | $ 67,925.00 | 17.1 | $ 13,471.50 | 10.8 | $ 8,572.00 |
| 08. Interaction/Meetings with Creditors | 463.1 | $ 324,197.00 | 345.4 | $ 249,129.00 | 255.4 | $ 194,283.50 |
| 09. Employee Issues/KEIP | 328.5 | $ 183,645.00 | 32.5 | $ 18,044.00 | | |
| 10. Recovery/SubCon/Lien Analysis | 934.1 | $ 455,073.00 | 217.5 | $ 125,470.50 | 397.3 | $ 255,019.50 |
| 11. Claim Analysis/Accounting | 470.7 | $ 248,437.50 | 327.9 | $ 193,469.50 | 471.5 | $ 313,308.50 |
| 13. Intercompany Transactions/Balances | 260.1 | $ 127,605.00 | 76.6 | $ 46,756.00 | 40.0 | $ 26,689.50 |
| 14. Executory Contracts/Leases | 20.0 | $ 12,142.50 | 9.7 | $ 5,387.00 | | |
| 17. Analysis of Historical Results | 43.0 | $ 24,009.00 | 8.8 | $ 5,336.50 | 83.1 | $ 47,097.50 |
| 18. Operating and Other Reports | 216.7 | $ 106,486.00 | 102.4 | $ 60,274.00 | 25.7 | $ 17,734.50 |
| 19. Cash Flow/Cash Mgmt Liquidity | 218.1 | $ 95,766.50 | 176.1 | $ 103,224.00 | 94.6 | $ 62,932.50 |
| 20. Projections/Business Plan/Other | 29.3 | $ 15,147.00 | 1.6 | $ 1,016.00 | | |
| 21. Reclamation/503(b)(9) | | | | | | |
| 22. Preference/Avoidance Actions | 14.3 | $ 8,709.00 | | | | |
| 24. Liquidation Analysis | | | | | | |
| 25. Litigation | | | 33.4 | $ 19,907.00 | | |
| 26. Tax Issues | 119.6 | $ 76,362.50 | 56.9 | $ 38,309.50 | 35.4 | $ 25,024.00 |
| 27. Plan of Reorganization/Disclosure Statement | | | | | | |
| 28. Valuation Analysis | | | | | | |
| 31. Planning | | | | | | |
| 33. Intellectual Property[1] | 84.1 | $ 45,963.50 | 776.8 | $ 372,318.00 | 807.1 | $ 394,827.00 |
| **Total** | **4,619.6** | **$2,553,070.00** | **6,265.0** | **$3,795,579.50** | **6,474.2** | **$4,170,184.00** |

[1]Time was charged in 2009 and 2010 to Task Code 29, also labeled "Intellectual Property". These totals are inclusive of both codes.

**Attachment C: Fees by Task Code**
**For the Period: 1/26/2009 through 5/31/2015**

| Task Code | 2015 Hours | 2015 Fees | Total Hours | Total Fees |
|---|---|---|---|---|
| 01. Asset Acquisition/Disposition | 218.2 | $163,253.00 | 18,378.8 | $10,541,582.50 |
| 05. Professional Retention/Fee Application Preparation | 51.3 | $ 26,215.50 | 1,146.1 | $    410,298.50 |
| 06. Attend Hearings/Related Activities | 1.2 | $      810.00 | 412.4 | $    291,871.00 |
| 07. Interaction/Meetings with Debtors/Counsel | 2.7 | $   2,218.50 | 1,120.0 | $    715,650.50 |
| 08. Interaction/Meetings with Creditors | 95.0 | $ 75,297.00 | 3,187.7 | $ 2,196,489.50 |
| 09. Employee Issues/KEIP | | | 3,498.5 | $ 1,700,445.00 |
| 10. Recovery/SubCon/Lien Analysis | 230.2 | $164,809.00 | 4,608.9 | $ 2,317,145.00 |
| 11. Claim Analysis/Accounting | 156.3 | $110,136.00 | 4,219.7 | $ 2,182,246.50 |
| 13. Intercompany Transactions/Balances | 6.7 | $   4,522.50 | 3,464.6 | $ 1,551,393.50 |
| 14. Executory Contracts/Leases | | | 930.7 | $    416,361.00 |
| 17. Analysis of Historical Results | 11.5 | $   8,996.50 | 1,920.2 | $    810,672.00 |
| 18. Operating and Other Reports | 30.2 | $ 21,572.00 | 2,375.7 | $ 1,143,308.00 |
| 19. Cash Flow/Cash Mgmt Liquidity | 172.5 | $116,659.50 | 4,579.4 | $ 1,924,815.50 |
| 20. Projections/Business Plan/Other | | | 4,034.7 | $ 1,744,302.50 |
| 21. Reclamation/503(b)(9) | | | 46.9 | $      20,847.50 |
| 22. Preference/Avoidance Actions | | | 186.5 | $      97,503.00 |
| 24. Liquidation Analysis | | | 444.2 | $    197,273.50 |
| 25. Litigation | | | 33.4 | $      19,907.00 |
| 26. Tax Issues | 6.7 | $   4,719.50 | 719.5 | $    400,890.00 |
| 27. Plan of Reorganization/Disclosure Statement | | | 37.6 | $      23,162.00 |
| 28. Valuation Analysis | | | 16.8 | $        7,933.00 |
| 31. Planning | | | 56.5 | $      34,805.50 |
| 33. Intellectual Property[1] | 4.7 | $   3,171.50 | 5,507.9 | $ 2,749,579.50 |
| **Total** | **987.2** | **$702,380.50** | **60,926.7** | **$31,498,482.00** |

[1]Time was charged in 2009 and 2010 to Task Code 29, also labeled "Intellectual Property". These totals are inclusive of both codes.

**Nortel Networks Corporation**
**Capstone Advisory Group, LLC**
**Attachment D: Expense Totals**
**For the Period 1/26/2009 through 5/31/2015**

| Expense Type | Amount |
|---|---:|
| Airfare/ Train | $371,945.74 |
| Auto Rental/Taxi | $65,405.24 |
| Car Service | $99.25 |
| Copies | $16.01 |
| Hotel | $173,789.13 |
| Meals | $39,281.31 |
| Mileage | $4,037.42 |
| Office Supplies | $97.83 |
| Other | $286.35 |
| Parking/ Tolls | $11,234.08 |
| Postage/ FedEx | $1,372.13 |
| Research | $6,650.37 |
| Telecom | $74,313.98 |
| **For the Period 1/26/2009 through 5/31/2015** | **$748,528.84** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
----------------------------------------------------X
                                        :
In re                                   :    Chapter 11
                                        :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹          :    Jointly Administered
                                        :
                        Debtors         :    Objection Deadline: Sept. 9, 2015 at 4:00 pm (ET)
                                        :    Hearing Date: Scheduled only if necessary
----------------------------------------------------X
```

**FINAL APPLICATION OF CAPSTONE ADVISORY GROUP, LLC, FINANCIAL
ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
FINAL ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF
EXPENSES FOR SERVICES RENDERED DURING THE PERIOD FROM
JANUARY 26, 2009 THROUGH MAY 31, 2015**

Capstone Advisory Group, LLC ("Capstone"), former financial advisor for the Official

Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors"), submits this application (the "Application")

pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"),

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2

of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court

of the District of Delaware (the "Local Rules"), the *Administrative Order Pursuant to 11 U.S.C.*

*§§ 105(a) and 331, Fed. R. Bnkr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures*

*for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and*

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number,
are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769);
Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251);
Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical
Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel
Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions
Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

*Official Committee Members* (the "<u>Administrative Fee Order</u>"), entered February 4, 2009, and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "<u>U.S. Trustee Guidelines</u>") seeking (a) the final allowance of reasonable compensation for professional services rendered by Capstone to the Committee during the period January 26, 2009 through May 31, 2015 (the "<u>Fee Period</u>") and (b) reimbursement of actual and necessary charges and disbursements incurred by Capstone during the Fee Period in the rendition of required professional services on behalf of the Committee.   In support of this Application, Capstone represents as follows:

## JURISDICTION

1.     This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory bases for the relief requested herein are sections 1103 and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2.     On January 14, 2009 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief (the "<u>U.S. Proceeding</u>") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

3.     The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 15, 2009, the Court entered an order for the joint administration of these cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only.

4.      On January 14, 2009, the Debtors' ultimate corporate parent, Nortel Networks Corporation, together with Nortel Networks Limited ("NNL") and certain of their Canadian affiliates (collectively, the "Canadian Debtors") commenced a proceeding (the "Canadian Proceeding") before the Ontario Superior Court of Justice (the "Canadian Court") for a plan of compromise or arrangement under the Canadian Companies' Creditors Arrangement Act ("CCAA").  The Canadian Debtors continue to operate their businesses and manage their properties under the supervision of the Canadian Court and Ernst & Young Inc. as monitor (the "Monitor").

5.      On January 14, 2009, the High Court of Justice in England placed nineteen of the Debtors' European affiliates (collectively, the "EMEA Debtors" and, together with the Debtors and the Canadian Debtors, the "Nortel Debtors") into administration (the "European Proceeding" and together with the U.S. Proceeding and Canadian Proceeding, the "Insolvency Proceedings") under the control of individuals from Ernst & Young LLC (the "U.K. Administrators").

6.      On January 22, 2009 (the "Committee Formation Date"), pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "US Trustee") appointed the Committee.  The Committee currently consists of three members, as follows: (i) Law Debenture Trust Company of New York, as indenture trustee; (ii) Pension Benefit Guaranty Corporation; and (iii) The Bank of New York Mellon, as indenture trustee.  No trustee or examiner has been appointed in these chapter 11 cases.

7.      At a meeting of the Committee on January 26, 2009, the Committee duly voted to retain Capstone as its financial advisor in connection with the U.S. Proceeding.

8.      On March 5, 2009, this Court entered an order authorizing the retention of Capstone as financial advisor to the Committee, *nunc pro tunc* to January 26, 2009.

9.      Effective as of June 1, 2015, many of Capstone's members and employees, including the Casptone personnel involved in these Chapter 11 Cases (the "Capstone Personnel"), joined Berkley Research Group LLC ("BRG").  To ensure continuity of representation, the Committee has requested that BRG substitute for Capstone as their financial advisor in these Chapter 11 Cases, effective as of June 1, 2015.  On July 9, 2015 this Court entered the *Order Authorizing the Official Committee of Unsecured Creditors of Nortel Networks Inc et al to Employ and Retain Berkeley Research Group LLC as Successor Financial Advisor Nunc Pro Tunc to June 1, 2015* (the "BRG Retention Order").

## RELIEF REQUESTED AND COMPENSATION PAID

10.     Capstone respectfully requests that it be allowed on a final basis (i) fees in the amount of $31,498,482.00 for reasonable, actual and necessary services rendered by Capstone on behalf of the Committee during the Fee Period and (ii) reimbursement in the amount of $748,528.84 for actual, reasonable and necessary expenses incurred by Capstone on behalf of the Committee during the Fee Period.  This Application is made pursuant to sections 328, 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Fee Procedures Order and the Capstone Retention Order.

11.     During the Fee Period, Capstone provided professional services to the Committee and incurred fees for such services totaling $31,498,482.00.  For the same period, Capstone incurred actual, reasonable and necessary expenses in connection therewith totaling $748,528.84.  With respect to these amounts, as of the date of the Application, Capstone has received payments in the amount of 32,197,847.24.  Capstone has not been paid for $49,163.60 representing 20% of the fees for the period May 1, 2015 through May 31, 2015.

## SUMMARY OF SERVICES RENDERED

12.   Capstone is a firm of financial advisors specializing in insolvency, restructuring, forensic accounting and related matters.  Since being retained by the Committee, Capstone has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates.  Capstone respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

13.   Capstone submits that the final fees applied for herein for professional services rendered in performing accounting, advisory, and forensic accounting services for the Committee in this proceeding are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtors' capitalization structure and financial condition, the Debtors' financial accounting resources and the results obtained.

14.   Capstone expended an aggregate of 60,926.7 hours for the Fee Period, substantially all of which was expended by the professional staff of Capstone.  The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.  A small staff was utilized to optimize efficiencies and avoid redundant efforts.  The staff of the Debtors or their advisors has been utilized where practical and prudent.

15.   Capstone's approach was to utilize senior, experienced personnel and to encourage the Debtors to provide the staff-level support and analysis to minimize total cost.  In addition, Capstone's per diem rates for professionals of comparable experience were 10% to 20% lower than its competitors, the "Big-Four" accounting firms and certain other nationally-

recognized specialty firms.  We believe that the compensation in this Application is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

16.    Capstone's hourly rates were subject to periodic increases (typically in January of each year) in the normal course of its business.  The periodic rate increases are shown in Attachment B, the summary of fees by professional, attached hereto.

17.    Because Capstone's core staff consisted of senior professionals who performed a vast amount of the work, time spent communicating internally and reviewing the work product of junior associates was kept to a minimum.  Additionally, because of the experience of Capstone's professionals, in many instances only three or fewer Capstone representatives attended meetings or conference calls or performed specific functions.

18.    Jay Borow was a Member of the firm and was responsible for directing the activities of the Capstone team, calling upon his more than 25 years of experience in restructuring and insolvency matters, including more than 100 cases, many as large and complex, and some larger and more complex than this matter.

19.    Capstone believes that there has been no duplication of services between Capstone and any other consultants or accountants to the bankruptcy estate.

20.    No agreement or understanding exists between Capstone and any other person for the sharing of compensation received or to be received for services rendered in connection with the chapter 11 cases, except for internal agreements among members and employees of Capstone regarding the sharing of revenue or compensation.  Neither Capstone nor any of its members or employees has entered into an agreement or understanding to share compensation with any entity as described in Bankruptcy Rule 2016.

21.    Capstone's travel time policy was for professional personnel to travel outside of business hours when possible.  Such time was not charged to a client unless productive work is performed during the travel period.  In this engagement, non-productive travel time was not being charged to the Debtors.

**FEE STATEMENTS**

22.    A compilation showing the name of the accounting and advisory consultant or administrative-level person who incurred fees, their billing rate and the amount of time spent in performing the services during the Fee Period is attached hereto as <u>Attachment B</u>. In addition, <u>Attachment C</u> attached hereto contains a summary of the hours expended by Capstone professionals and administrative-level persons for each task code, as described below.  Capstone's detailed time records for the Fee Period were attached as Exhibit C to each of the previously filed monthly fee applications and are incorporated herein as though fully set forth herein.

23.    Capstone maintained records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services.  A schedule of the categories of expenses incurred in connection with the Insolvency Proceedings and the amounts for which reimbursement is requested is annexed hereto as <u>Attachment D</u>.    An itemization and description of each expense incurred within each category was attached to each of the previously filed monthly fee applications as <u>Exhibit D</u> and are incorporated herein as though fully set forth herein.

24.    Capstone respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor

constituents represented by the Committee and have contributed to the effective administration of these cases.

25.    The general summary of the services rendered by Capstone during the Fee Period based on tasks and number of hours is set forth below.

**Asset Acquisition/Disposition – Task Code 01**

26.    This task code includes Capstone's analyses for and discussions with the Committee and the Committee's other professionals regarding the allocation of asset disposition proceeds amongst the various Nortel Debtor estates.

27.    During the Fee Period, Capstone, along with Akin Gump, spent time analyzing asset sale documents, attending asset sale auctions and proceedings, participated in numerous mediations and mediation related negotiations, reviewing documents related to the allocation of sale proceeds from asset sales including potential allocation proceedings from settlement scenarios and changes in claims bases, and analyzing proceeds allocation scenarios. Additionally, Capstone supported Akin Gump in the proceeds allocation trial through review and analysis of fact witnesses, expert testimony, and attending the proceeds allocation trial.. The Committee considered the proceeds allocation as very critical to these proceedings and as such Capstone had significant time in this task code..

28.    Capstone has expended 18,378.80 hours on this category for a fee of $10,541,582.50.

**Professional Retention/Fee Application – Task Code 05**

29.    This task code relates primarily to Capstone's efforts in connection with the preparation of retention documents and preparation of Capstone's fee applications.

30.    Capstone has expended 1,146.10 hours on this category for a fee of $410,298.50.

### Attend Hearings/ Related Activities – Task Code 06

31.    This task code relates to time attending in person or by other means in the proceeds allocation litigation court proceedings.  Capstone spent material time in support of counsel throughout the asset allocation court proceedings during the Fee Period.  In particular, Capstone provided ongoing proceeds allocation analysis, analysis of ongoing testimony in light of previously provided documents and statements by the trial participants, and such other trial support as requested by counsel.  .

32.    Capstone has expended 412.40 hours on this category for a fee of $291,871.00.

### Interaction/Meetings with Debtors/Counsel – Task Code 07

33.    This task code relates to time spent by Capstone in meetings, telephonic conferences and correspondence with the Debtor and/or its professional representatives during the Fee Period.  These meetings principally related to settlement issues, estate assets, claims settlements, claims base calculations and the trial proceedings in general.

34.    Capstone has expended 1,120.00 hours on this category for a fee of $715,650.50.

### Interactions/Meetings with Creditors/Counsel – Task Code 08

35.    This task code relates to Committee matters, meetings, inquiry responses and conference calls with (i) the Committee as a whole and with individual Committee members, (ii) Akin Gump and the other Committee professionals, and (iii) other creditors. Capstone participates in regularly scheduled conference calls with the full Committee, Akin Gump, and other Committee professionals, in order to apprise the Committee members of

developments in the chapter 11 cases and to facilitate efficient administration of the chapter 11

cases.  In preparation for these Committee meetings, Capstone reviewed pending matters to be

discussed with the Committee, and reviewed and reported on underlying documentation in

connection therewith.  During the fee period, Capstone, working with Akin Gump and the

other Committee professionals, assisted the Committee in fulfilling its statutory duties to make

informed decisions regarding the various issues that have arisen in these cases and to monitor

closely the Debtors' management of these proceedings.

36.  Capstone has expended 3,187.70 hours on this category for a fee of

$2,196,489.50.

### Employee Issues/ KEIP – Task Code 09

37.  During the Fee Period, Capstone professionals spent time analyzing

employee related matters including headcount reductions, settlement of issues relating to the

termination of the Debtors' long-term disability benefit plans, employee compensation and

retention plans, including the proposed targets of the employee incentive plans.  Furthermore,

Capstone spent significant time analyzing issues in connection with the mediation with the

official retiree and long term disabled employee committees appointed by this Court..

38.  Capstone has expended 3,498.50 hours on this category for a fee of

$1,700,445.00.

### Recovery/SubCon/Lien Analysis – Task Code 10

39.  This task code relates to time spent by Capstone reviewing and analyzing

hypothetical creditor recoveries based on various case assumptions, including those related to

allocation issues.  Capstone spent significant time modeling and computing these potential

recoveries.  The analyses entailed multiple recovery scenarios for claimants based upon

allocation scenarios and resulting assumptions.   Recovery modeling included forecasting creditor recoveries based on this Courts' recent asset alloction decision.  Such recovery models were very important to the Committee in providing recovery estimates on which to base allocation settlement and mediation positions.

40.    Capstone has expended 4,608.90 hours on this category for a fee of $2,317,145.00.

## Claim Analysis/Accounting – Task Code 11

41.    This task code relates to time spent by Capstone regularly reviewing and reporting to the Committee on various claims asserted against the Debtors and in each of the filed estates including analyzing periodic claims reporting prepared by the Debtors and their profesionals.

42.    Capstone has expended 4,219.70 hours on this category for a fee of $2,182,246.50.

## Intercompany Transaction/Balances – Task Code 13

43.    This task code relates to Capstone's time spent on intercompany account analyses based on information provided by the various Debtor entities.  Capstone spent time analyzing updated intercompany related financial reporting as provided by the various Debtor entities.   Analysis and monitoring of the Debtors' intercompany current and forecasted balances relates directly to ultimate creditor recoveries and as such is considered critical by the Committee. Capstone has expended 3,464.60 hours on this category for a fee of $1,551,393.50.

## Executory Contracts/Leases – Task Code 14

44.    This task code relates to time expended analyzing and advising the Committee in regard to real estate lease and other executory contract issues.

45.    Capstone has expended 930.70 hours on this category for a fee of $416,361.00.

## Analysis of Historical Results – Task Code 17

46.    This task code relates to time spent by Capstone reviewing historical financial information of the Debtors and related companies.

47.    Capstone has expended 1,920.20 hours on this category for a fee of $810,672.00.

## Operating and Other Reports – Task Code 18

48.    This task code relates to time spent by Capstone analyzing reporting received from the Debtors and other Nortel estates and preparing related reports for the Committee.  The reports include the reports of the Monitor filed in the Canadian Proceeding, the Administrator's Progress Reports filed for the EMEA entities, and the Monthly Operating Reports for the Debtors filed with the Bankruptcy Court in the U.S. Proceeding.  In addition, during the Fee Period, Capstone prepared and/or assisted the Committee's other professionals in preparing detailed memoranda for the Committee discussing the status of pertinent matters in these proceedings..

49.    Capstone has expended 2,375.70 hours on this category for a fee of $1,143,308.00.

## Cash Flow Cash Management/Liquidity – Task Code 19

50.    This task code relates to Capstone's time spent on actual and forecasted cash flow analyses that were provided for various Nortel entities.  Additionally, Capstone monitored the cash escrows from asset disposition proceeds.  Through these analyses, Capstone kept the Committee apprised with respect to the Debtors' cash balances and cash

flows from operations.  Analysis and monitoring of the Debtors' cash was viewed as critical by the Committee.

51.    Capstone has expended 4,579.40 hours on this category for a fee of $1,924,815.50.

### Projections/Business Plan/Other – Task Code 20

52.    This task code relates to Capstone's time spent analyzing numerous Nortel prepared forecasts impacting cash flows and creditor recoveries.  Capstone spent material time analyzing the budgets for matters related to creditor recoveries and ultimate cash available in each estate.

53.    Capstone has expended 4,034.70 hours on this category for a fee of $1,744,302.50.

### Reclamation/503(b)(9) – Task Code 21

54.    This task code relates primarily to Capstone's time spent analyzing reclamation and 503(b)(9) claims and associated impact on creditor recoveries.

55.    Capstone has expended 46.90 hours on this category for a fee of $20,847.50.

### Preference/Avoidance Actions – Task Code 22

56.    This task code relates to time spent reviewing and analyzing Nortel's potential preference claims in particular the detailed preference analysis performed by Huron Consulting.

57.    Capstone has expended 186.50 hours on this category for a fee of $97,503.00.

### Liquidation Analysis – Task Code 24

58.    This task code relates to time spent preparing and reviewing liquidation analyses prepared by the Debtors and financial advisors on various assets including the presentation of those analyses to the Committee.  Specifically, during the Fee Period, Capstone analyzed liquidation analyses prepared by the Debtors' financial advisors on certain individual business units and also prepared independent analyses of potential liquidation results.  These analyses were performed concert with the auctions of those same business units.  These liquidation analyses were considered critical by the Committee due to the importance of analytically understanding asset disposition alternatives.

59.    Capstone has expended 444.20 hours on this category for a fee of $197,273.50.

## Litigation – Task Code 25

60.    This task code relates to time spent by Capstone in support of Akin Gump in litigation matters before this Court and the Canadian Court.  Capstone assisted Akin Gump by assessing financial matters related to litigation strategies, reviewing litigation milestones and timelines, developing discovery requests, and reviewing related court documents.

61.    Capstone has expended 33.4 hours on this category for a fee of $19,907.00.

## Tax Issues – Task Code 26

62.    This task code relates to Capstone's time spent on analyzing the Debtors' tax claims and associated claim resolution status. Additionally, Capstone conferred with counsel regarding a variety of tax issues pertaining to a potential plan of reorganization, proceeds allocation, and other various tax issues.

63.    Capstone has expended 719.50 hours on this category for a fee of $400,890.00.

## Plan of Reorganization/Disclosure Statement – Task Code 27

64.    This task code relates to time spent on reviewing and analyzing a draft of the Joint Chapter 11 Plan of Nortel Networks Inc. and its affiliated Debtors.

65.    Capstone has expended 37.60 hours on this category for a fee of $23,162.00.

## Valuation Analysis – Task Code 28

66.    This task code relates to time spent preparing valuation analyses for certain Nortel entities in connection with the business unit divestitures and proceeds allocation issues..

67.    Capstone has expended 16.80 hours on this category for a fee of $7,933.00.

## Planning – Task Code 31

68.    This task code relates primarily to Capstone's initial case planning efforts including understanding the Committee's immediate and ongoing information needs so as to fully address its fiduciary duty as representative of all unsecured creditors.

69.    Capstone has expended 56.50 hours on this category for a fee of $34,805.50.

## Intellectual Property – Task Code 33

70.    This task code relates to time spent preparing analyses related to the monetization of Nortel's intellectual property assets.  Specifically, during the Fee Period, Capstone worked with the Debtors and the Committee's other professionals to review and

analyze issues relating to the Debtors' efforts to sell intellectual property at auction including performing market analysis.    Additionally, Capstone spent significant time analyzing alternative approaches to monetizing Nortel's intellectual property including the creation of a standalone intellectual property entity.  As this asset represented material value to the creditors, this task code was deemed critical to the Committee and Capstone spent considerable time and effort in providing timely information to the Committee.

71.    Capstone has expended 5,507.90 hours on this category for a fee of $2,749,579.50.

[*Remainder of this Page Intentionally Left Blank*]

## ACTUAL AND NECESSARY EXPENSES

72.    Capstone incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee as summarized above, in the sum of $748,528.84 for the Fee Period, for which Capstone respectfully requests reimbursement in full.

73.    The disbursements and expenses have been incurred in accordance with Capstone's normal practice of charging clients for expenses clearly related to and required by particular matters.  Such expenses were often incurred to enable Capstone to devote time beyond normal office hours to matters, which imposed extraordinary time demands. Capstone has endeavored to minimize these expenses to the fullest extent possible.

74.    Capstone's billing rates did not include charges for photocopying, telephone and telecopier toll charges, computerized research, travel expenses, "working meals," secretarial overtime, postage and certain other office services, because the needs of each client for such services differ.  Capstone believed that it was fairest to charge each client only for the services actually used in performing services for such client.  Capstone endeavored to minimize these expenses to the fullest extent possible.

75.    Consistent with this Courts' Guidelines, Capstone charged $.10 per page for in-house photocopying services, with respect to computerized research services Capstone charged the actual cost from the vendor, and $1.00 per page for out-going facsimile transmissions.  Capstone did not charge for incoming facsimiles.

76.    In providing a reimbursable service such as copying or telephone, Capstone did not make a profit on that service.  In charging for a particular service, Capstone did not include in the amount for which reimbursement is sought the amortization of the cost of

any investment, equipment or capital outlay.   In seeking reimbursement for service which Capstone justifiably purchased or contracted for from a third party, Capstone requests reimbursement only for the amount billed to Capstone by such third party vendor and paid by Capstone to that vendor.

## NOTICE AND NO PRIOR APPLICATION

77.    Notice of this application has been given to (a) the Debtors; (b) counsel to the Debtors; (c) counsel to the Official Committee of Unsecured Creditors; and (d) the Office of the United States Trustee for the District of Delaware . In light of the nature of the relief requested herein, Capstone submits that no further or other notice is required.

78.    With respect to these amounts, as of the date of the Application, Capstone has received payments for 100% of the fees and 100% of the expenses for the period January 26, 2009, through April 30, 2015, and 80% of the fees and 100% of the expenses for the period May 1, 2015 through May 31, 2015.   In addition, no previous interim application has been made for the holdback for the period May 1, 2015 through May 31, 2015.

[*Remainder of this Page Intentionally Left Blank*]

WHEREFORE, Capstone respectfully requests: (a) that it be allowed on a final basis (i) fees in the amount of $31,498,482.00 for reasonable, actual and necessary services rendered by it on behalf of the Committee during the Fee Period and (ii) reimbursement of $748,528.84 for reasonable, actual and necessary expenses incurred during the Fee Period; (b) that the Debtors be authorized and directed to immediately pay to Capstone the outstanding amount of such sums ($49,163.60), and (c) that it be allowed other such and further relief as this Court may deem just and proper.

Dated: August 20, 2015
      New York, NY

**CAPSTONE ADVISORY GROUP, LLC**

/s/ Jay Borow
Jay Borow
104 West 40th Street
16th Floor
New York, NY 10018
(212) 782-1411

Former Financial Advisor to the
Official Committee of Unsecured Creditors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
---------------------------------------------------------X
                                    :
In re                               :    Chapter 11
                                    :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[2]    :    Jointly Administered
                                    :
              Debtors               :
                                    :
---------------------------------------------------------X
```

**<u>VERIFICATION</u>**

STATE OF NEW YORK          )
                           ) SS:
COUNTY OF NEW YORK         )

Jay Borow, being duly sworn according to law, deposes and says:

a)    I was a Senior Member at the applicant firm, Capstone Advisory Group, LLC and am authorized to submit this verification on behalf of Capstone..

b)    I have personally performed many of the professional services rendered by Capstone Advisory Group, LLC as financial advisor to the official committee of unsecured creditors and am familiar with the work performed on behalf of the official committee of unsecured creditors by the professionals and other persons in the firm.

c)    I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

d)      All services for which compensation is requested by Capstone were professional services performed for and on behalf of the Committee and not on behalf of any other person.

e)      I have reviewed the requirements of Local Rule 2016-2 and certify to the best of my information, knowledge and belief that this application complies with Local Rule 2016-2.

Executed on August 20, 2015

/s/ Jay Borow
Jay Borow