**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| | : | Bankruptcy Court |
| In re: Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| | : | (Jointly Administered) |
| Debtors. | : | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Ernst & Young Inc. | : | |
| Appellant, | : | |
| v. | : | Civil Action No. 15-196-LPS |
| Nortel Networks Inc., *et al.*, | : | |
| Appellee. | : | |
| | | |
| Canadian Creditors Committee | : | |
| Appellant, | : | |
| v. | : | Civil Action No. 15-197-LPS |
| Nortel Networks Inc., *et al.*, | : | |
| Appellee. | : | |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

| | | |
|---|---|---|
| Official Committee of Unsecured Creditors<br>           Appellant,<br><br>      v.<br><br>Nortel Networks Inc., *et al.*,<br>           Appellee. | : : : : : : : : : : | Civil Action No. 15-586-LPS |
| Nortel Trade Claims Consortium<br>           Appellant,<br><br>      v.<br><br>Nortel Networks Inc., *et al.*,<br>           Appellee. | : : : : : : : : : : | Civil Action No. 15-622-LPS |
| The Bank of New York Mellon<br>           Appellant,<br><br>      v.<br><br>Nortel Networks Inc., *et al.*,<br>           Appellee. | : : : : : : : : : : | Civil Action No. 15-623-LPS |
| Nortel Networks Inc.<br>           Appellant,<br><br>      v.<br><br>Official Committee of Unsecured Creditors<br>           Appellee. | : : : : : : : : : : | Civil Action No. 15-624-LPS |
| Ad Hoc Group Bondholders,<br>           Appellants,<br><br>      v.<br><br>Nortel Networks Inc., *et al.*,<br>           Appellee. | : : : : : : : : : : | Civil Action No. 15-627-LPS |

| | | |
|---|---|---|
| Stephen Taylor<br>　　　　　Appellant,<br><br>v.<br><br>Nortel Networks Inc., *et al.*,<br>　　　　　Appellee. | : : : : : : : : : | Civil Action No. 15-628-LPS |
| Pension Benefit Guaranty Corp.<br>　　　　　Appellants,<br><br>v.<br><br>Nortel Networks Inc., *et al.*,<br>　　　　　Appellee. | : : : : : : : : : | Civil Action No. 15-635-LPS |
| Canadian Creditors Committee<br>　　　　　Appellant,<br><br>v.<br><br>Nortel Networks Inc., *et al.*,<br>　　　　　Appellee. | : : : : : : : : : | Civil Action No. 15-699-LPS |

**MONITOR AND CANADIAN DEBTORS' STATEMENT PURSUANT TO
BANKRUPTCY RULE 8009 OF ISSUES TO BE PRESENTED
<u>ON CONTINGENT CROSS-APPEAL</u>**

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Ernst & Young Inc., the court-appointed monitor (the "<u>Monitor</u>") of Nortel Networks Corporation, Nortel Networks Limited, and certain of their direct and indirect Canadian subsidiaries (collectively, the "<u>Canadian Debtors</u>") in proceedings under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice (Commercial List), together with the Canadian Debtors, hereby files this statement of the issues to be presented on contingent cross-appeal from (i) the *Allocation*

3

*Trial Opinion* (the "Allocation Opinion") [B.D.I. 15544]² and the accompanying *Order* [B.D.I. 15545] entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on May 12, 2015 (the "Allocation Order," together with the Allocation Opinion, the "Allocation Decision"); and (ii) the *Memorandum Order on Motions for Reconsideration* [B.D.I. 15830] entered by the Bankruptcy Court on July 6, 2015. The Monitor and the Canadian Debtors seek to present the issues set forth below on appeal to the extent that (i) their motion for leave to appeal is granted or there is a determination that the Allocation Order is a final order, and (ii) the Allocation Decision is modified on appeal.

**STATEMENT OF ISSUES TO BE PRESENTED ON CONTINGENT CROSS-APPEAL**³

1. Whether, if the Court concludes that the Bankruptcy Court did not have the authority to adopt the modified pro rata allocation methodology, the Bankruptcy Court erred in failing to allocate the escrowed sales proceeds to the legal owners of the assets sold, including but not limited to:

    a. whether the Bankruptcy Court erred in its interpretation of the Master Research & Development Agreement ("MRDA") and the Cost Sharing Agreements ("CSAs") under Ontario law;

    b. whether the Bankruptcy Court erred in determining what evidence could be considered as "factual matrix" evidence under Ontario law in interpreting the MRDA and the CSAs;

    c. whether the Bankruptcy Court erred in its interpretation of the licenses granted under the MRDA under Ontario law in light of both the wording of the contract

---

² Citations in the form "B.D.I." are to the docket of *In re Nortel Networks, Inc.*, Case No. 09-10138 (KG) (Bankr. D. Del.).
³ This Statement of Issues on Contingent Cross-Appeal, together with the Statements of Issues on Appeal filed by all other parties to these appeal, supersedes the Questions Presented in the Monitor and the Canadian Debtors' Motion for Leave to Appeal [B.D.I. 15922, D.I. 1].

4

and the factual matrix;

d. whether the Bankruptcy Court erred in relying on guidelines for cost-sharing agreements in interpreting the MRDA;

e. whether the Bankruptcy Court erred in relying on custom and practice evidence offered by a purported expert on patent licenses to interpret the MRDA;

f. whether the Bankruptcy Court erred in implicitly finding that the Licensed Participants (as defined in the MRDA) transferred their rights under the MRDA to Rockstar, where the licenses were non-transferable and were terminated prior to the sale of the residual patent portfolio to Rockstar;

g. whether the Bankruptcy Court made erroneous findings of fact with respect to the purpose and operation of Nortel's transfer pricing policies and agreements;

h. whether the Bankruptcy Court made erroneous findings of fact with respect to the proposed "IPCo" business;

i. whether the Bankruptcy Court erred in finding that NNI's "contribution" to Nortel's research and development included not only the research and development performed by its employees, but also a portion of the research and development performed by employees of other Nortel companies as a result of transfer pricing payments required to be made pursuant to the MRDA, based on the report of an expert who failed to account for the $2 billion reversal of transfer pricing payments required by U.S. and Canadian tax authorities; and

j. whether the Bankruptcy Court erred in finding, based on evidence about the useful life of certain specific patents, Nortel's methodology for amortizing research and development expenditure should be modified for a "contribution"-based allocation methodology, where, the useful life of the average dollar of

research and development expense is substantially shorter than the useful life of the average patent.

## RESERVATION OF RIGHTS

The Monitor and the Canadian Debtors reserve the right to adopt as additional issues on contingent cross-appeal the issues identified by any other party to the appeal.

Dated: August 28, 2015
       Wilmington, Delaware

                    **BUCHANAN INGERSOLL & ROONEY PC**

                    /s/  Kathleen A. Murphy
                    Mary F. Caloway (No. 3059)
                    Kathleen A Murphy (No. 5215)
                    919 North Market Street, Suite 1500
                    Wilmington, Delaware 19801
                    (302) 552-4200 (telephone)
                    (302) 552-4295 (facsimile)
                    mary.caloway@bipc.com
                    kathleen.murphy@bipc.com

                            - and -

                    **ALLEN & OVERY LLP**

                    Jacob S. Pultman
                    Laura R. Hall
                    1221 Avenue of the Americas
                    New York, New York 10020
                    (212) 610-6300 (telephone)
                    (212) 610-6399 (facsimile)
                    jacob.pultman@allenovery.com
                    laura.hall@allenovery.com

                    *Attorneys for Ernst & Young Inc., as Monitor*
                    *and Foreign Representative of the Canadian Debtors*