**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| In re<br>NORTEL NETWORKS INC., *et al.*,<br>Debtors.[1] | Chapter 11<br>Case No. 09-10138 (KG)<br>Jointly Administered |
|---|---|

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| Joint Administrators for the EMEA Debtors,<br>Appellants,<br>v.<br>Nortel Networks Inc., *et al.*,<br>Appellees. | Civil Action No. 15-636-LPS<br>Bankruptcy Case No. 09-10138 (KG)<br>BAP No. 15-37 |
|---|---|

**STATEMENT OF THE JOINT ADMINISTRATORS OF THE ISSUES TO BE PRESENTED ON CONDITIONAL CROSS-APPEAL**

The court-appointed administrators and authorized foreign representatives (collectively, the "Joint Administrators")[2] for eighteen Nortel entities located in Europe, the Middle East, and Africa (collectively, the "EMEA Debtors")[3] in proceedings under the

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); Nortel Networks (CALA) Inc. (4226).

[2] The Joint Administrators in the English proceedings for all of the EMEA Debtors, with the exception of Nortel Networks (Ireland) Limited ("NNIR"), are: Alan Robert Bloom, Christopher John Wilkinson Hill, Alan Michael Hudson, and Stephen John Harris. The Joint Administrators in the English proceedings for NNIR are: Alan Robert Bloom and David Martin Hughes. Following the allocation decisions, Stephen Taylor has been appointed as a Joint Administrator for Nortel Networks S.A. ("NNSA") to represent NNSA's interests to the extent they conflict with the interests of the other eighteen EMEA Debtors. NNSA has filed a separate appeal, including a Statement of Issues on Appeal [Bankr. D.I. 15997], and this filing is not made on its behalf.

[3] These EMEA Debtors are: Nortel Networks UK Limited; NNIR; Nortel GmbH; Nortel Networks (Austria) GmbH; Nortel Networks AB; Nortel Networks B.V.; Nortel Networks Engineering Service Kft; Nortel Networks France S.A.S.; Nortel Networks Hispania, S.A.; Nortel Networks International Finance & Holding

*Insolvency Act 1986*, pending before the High Court of Justice of England and Wales (the "English Court"), respectfully submit, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, in connection with their Notice of Conditional Cross-Appeal, dated July 23, 2015 [Bankr. D.I. 15919], their statement of issues to be presented on conditional cross-appeal of the *Allocation Trial Opinion* [Bankr. D.I. 15544] and *Order* [Bankr. D.I. 15545] entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on May 12, 2015, and the *Memorandum Order on Motions for Reconsideration* [Bankr. D.I. 15830] entered by the Bankruptcy Court on July 6, 2015 (collectively, the "Allocation Decisions").

As noted in their Notice of Conditional Cross-Appeal, the Joint Administrators support affirmance of the Allocation Decisions and will argue in opposition to the appeals filed by other parties.

**ISSUES TO BE PRESENTED ON CONDITIONAL CROSS-APPEAL**

In the event that the Bankruptcy Court's decision to apply the "modified pro rata" allocation methodology is reversed on appeal, the following issues will be presented on the Joint Administrators' conditional cross-appeal.

1. Whether the Bankruptcy Court erred in declining to adopt a methodology for allocating the proceeds from the sales of Nortel's intellectual property based on the contribution that each Nortel entity made to the development of that intellectual property, when the evidence presented at trial established that the Nortel entities represented to their governments that Nortel's intellectual property was owned by the Nortel entities in proportion to

B.V.; Nortel Networks N.V.; Nortel Networks Oy; Nortel Networks Polska Sp. z.o.o.; Nortel Networks Portugal S.A.; Nortel Networks Romania SRL; Nortel Networks S.p.A.; Nortel Networks Slovensko, s.r.o.; Nortel Networks, s.r.o.

their contributions to its creation and that Nortel had previously allocated the proceeds from the sale of intellectual property among the Nortel entities based on this contribution approach.

2. Whether the Bankruptcy Court erred in failing to follow settled principles of Canadian law which provide that intellectual property created by multiple parties is beneficially owned by those parties in proportion to and commensurate with their respective contributions to the creation of that intellectual property.

3. Whether the Bankruptcy Court, having failed to follow these settled principles of Canadian law, erred in declining to adopt a methodology for allocating the proceeds from the sales of Nortel's intellectual property based on the contribution that each Nortel entity made to the development of that intellectual property, when the Nortel entities had chosen that approach as the most equitable way to divide profits and losses from their businesses prior to the insolvency of the global Nortel group.

4. Whether the Bankruptcy Court, having failed to follow these settled principles of Canadian law, erred in failing to determine that universally recognized and accepted principles of transfer pricing law offer the most equitable and appropriate methodology for allocating the proceeds from the sales of Nortel's intellectual property.

5. Whether the Bankruptcy Court, in failing to follow these settled principles of Canadian law, erred in failing to interpret the MRDA as confirming the Nortel residual profit entities' beneficial ownership of Nortel's intellectual property, which came into existence under common law.

6. Whether the Bankruptcy Court erred in failing to adopt an allocation methodology that separately valued and allocated to each Nortel entity the sale proceeds

attributable to intellectual property, tangible assets, and customer-related assets and goodwill owned by each Nortel entity and transferred in the postpetition asset sales.

**RESERVATION OF RIGHTS**

The Joint Administrators expressly reserve the right to adopt as additional issues on conditional cross-appeal any issues identified by any other appellant, cross-appellant, or appellee to any appeal or cross-appeal from the Allocation Decision.

Dated: Wilmington, Delaware
August 28, 2015

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: /s/ *John T. Dorsey*
James L. Patton (No. 2202)
Edwin J. Harron (No. 3396)
John T. Dorsey (No. 2988)
Jaime Luton Chapman (No. 4936)

Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: 302-571-6600
Fax: 302-571-1253

– and –

HUGHES HUBBARD & REED LLP

William R. Maguire (*admitted pro hac vice*)
Derek J.T. Adler (*admitted pro hac vice*)
Neil J. Oxford (*admitted pro hac vice*)

One Battery Park Plaza
New York, New York 10004
Telephone: 212-837-6000
Fax: 212-422-4726

*Counsel for the Joint Administrators*