```
                 IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF DELAWARE


IN RE:                          )     Case No. 09-10138(KG)
                                )     (Jointly Administered)
                                )
NORTEL NETWORKS, INC., et al.,  )     Chapter 11
                                )
                                )     Courtroom 3
                                )     824 Market Street
          Debtors.             )     Wilmington, Delaware
                                )
                                )     September 8, 2015
SNMP RESEARCH INTERNATIONAL,    )     10:02 a.m.
                                )
  INC.,                         )
And SNMP RESEARCH, INC.,        )     Adv. No. 11-53454(KG)
                                )
          Plaintiffs,          )
                                )
          VS.                   )
                                )
NORTEL NETWORKS, INC., et al.,  )
And AVAYA, INC.                 )
                                )
          Defendants,          )
                                )
IN RE:                          )     Chapter 15
                                )
NORTEL NETWORKS UK LIMITED,     )     Case No. 09-11972(KG)
   et al.,                      )
                                )     (Jointly Administered)
          Debtors in Foreign   )
          Proceeding           )
```

                     TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE JUDGE KEVIN GROSS
                UNITED STATES BANKRUPTCY JUDGE


Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

```
ECRO:                           BRANDON MCCARTHY

Transcription Service:          DIAZ TRANSCRIPTION SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664
                                www.diazdata.com

APPEARANCES:

For Debtors:                    Cleary Gottlieb Steen &
                                Hamilton
                                BY: LISA SCHWEITZER, ESQ.
                                BY: MATTHEW GURGEL, ESQ.
                                BY: HUGH MURTAGH, ESQ.
                                1001 Pennsylvania Avenue
                                Washington, DC  20004
                                (202) 624-2500

                                Morris Nichols Arsht &
                                Tunnell, LLP
                                BY: DONNA CULVER, ESQ.
                                BY: ANDREW R. REMMING, ESQ.
                                1201 N. Market St., 18th Floor
                                Wilmington, DE  19899-1347
                                302-351-9200


For SNMP:                       Cole Schotz, P.C.
                                BY: NORMAN L. PERNICK, ESQ.
                                BY: C. DAVID DEAN, ESQ.
                                500 Delaware Avenue
                                Suite 1410
                                Wilmington, DE  19801
                                (302) 652-3131

For Avaya, Inc.:                Holland & Knight
                                BY: BARBRA R. PARLIN, ESQ.
                                31 West 52nd Street
                                New York, NY  10019
                                (212) 513-3200

                                Sullivan Hazeltine Allinson
                                BY: WILLIAM SULLIVAN, ESQ.
                                901 North Market Street
                                Suite 1300
                                Wilmington, DE  19801
                                (302) 428-8191
```

APPEARANCES:
(Continued)

For Joint Administrators:        Hughes Hubbard & Reed LLP
                                 BY: CHARLES HUBERTY, ESQ.
                                 BY: DEREK ADLER, ESQ.
                                 One Battery Park Plaza
                                 New York, NY  10005
                                 (212) 837-6000

                                 Young Conaway Stargatt &
                                 Taylor
                                 BY: JAIME LUTON CHAPMAN, ESQ.
                                 BY: JOHN DORSEY, ESQ.
                                 Rodney Square
                                 1000 North King Street
                                 Wilmington, DE  19801
                                 (302) 571-6000

For Official Creditor's
Committee:                       Akin Gump Strauss Hauer & Feld
                                 BY: DAVID BOTTER, ESQ.
                                 BY: ANNE EVANS, ESQ.
                                 One Bryant Park
                                 Bank of America Tower
                                 New York, NY  10036
                                 212-872-1000

For Official Creditor's
Committee:                       Richards Layton & Finger
                                 BY: CHRIS SAMIS, ESQ.
                                 One Rodney Square
                                 920 North King Street
                                 Wilmington, DE  19801
                                 (302) 651-7700

TELEPHONIC APPEARANCES:

For Interested Party:            Dow Jones & Company
                                 BY: PEG A. BRICKLEY, ESQ.
                                 215-462-0953

                                 Reorg Research, Inc.
                                 BY: KENT COLLIER
                                 212-257-4383

For Interested Party,            Willkie Farr & Gallagher, LLP
Nortel Networks UK               BY: ANDREW HANRAHAN, ESQ.
Pension Trust:                   (212) 728-8170

TELEPHONIC APPEARANCES:
(Continued)

| | |
|---|---|
| For Monitor, Ernst & Young: | Allen & Overly, LLP<br>BY: LAURA HALL, ESQ.<br>(212) 610-7300 |
| For Bank of America: | Bank of America<br>BY: ESTHER CHUNG<br>(846) 855-6705 |
| For Official Creditor's Committee: | Akin Gump Strauss Hauer & Feld<br>BY: MATTHEW FAGE, ESQ.<br>(212) 872-8051 |
| For SNMP: | SNMP<br>BY: JEFFREY CASE, ESQ.<br>(865) 579-0527 |
| | Egerton McAfee Armistead & Davis<br>BY: JOHN L. WOOD, ESQ.<br>(865) 292-2503 |
| For Merger Market: | Merger Market<br>BY: MARIA CRUTCHIAN, ESQ.<br>(646) 378-3108 |
| For Law Debenture Trust: | Patterson Belknap Webb & Tyler<br>BY: BRIAN GUINEY, ESQ.<br>(212) 336-2305 |
| For Joint Administrators: | Herbert Smith<br>BY: PHILLIP LIS, ESQ.<br>(302) 571-6710 |
| For Ad Hoc Group of Bondholders: | Milbank Tweed Hadley & McCloy<br>BY: THOMAS MATZ, ESQ.<br>(212) 530-5885 |
| For Southpaw Asset Management: | Cantor Fitzgerald<br>BY: ANDREW M. THAU, ESQ.<br>(212) 915-1232 |
| For Nortel Networks: | Norton Rose Fulbright US LLP<br>BY: PAUL KELLER, ESQ.<br>(212) 318-3212 |

1

1  WILMINGTON, DELAWARE, TUESDAY, SEPTEMBER 8, 2015, 10:02 A.M.

2           THE CLERK:  Please rise.

3           THE COURT:  Good morning, everyone, thank you.

4  Please be seated.  Well, the official -- the unofficial end

5  of summer is over and we're back to work.

6                    (Laughter)

7           THE COURT:  Now, I have the impression you wanted

8  to talk scheduling with me first.  Is that right?  Or are

9  we doing the argument on EMEA's Motion?  Ms. Schweitzer,

10 good morning.

11          MS. SCHWEITZER:  Good morning, Your Honor.

12 Welcome back.

13          THE COURT:  Thank you.

14          MS. SCHWEITZER:  Happy Labor Day.

15                    (Laughter)

16          THE COURT:  Very good.

17          MS. SCHWEITZER:  We, I think, collectively agree

18 that we'll do the Motion argument first.  It just wound up

19 appearing on the Agenda Letter the other way, but --

20          THE COURT:  All right.

21          MS. SCHWEITZER:  -- we'll cede the podium to Mr.

22 Adler who is coming up.

23          THE COURT:  Thank you.  Thank you, Ms.

24 Schweitzer.  Good morning, Mr. Adler.

25          MR. ADLER:  Good morning, Your Honor.  And yeah,

1  as Ms. Schweitzer said, this would be the -- our Motion in

2  the Chapter 15 proceedings.  It's Derek Adler from Hughes,

3  Hubbard, and Reed in the Chapter 15 proceedings for all the

4  EMEA Debtors --

5           THE COURT:  Yes.

6           MR. ADLER:  -- in relation to our Motion to Stay

7  the purported assertion of contribution claims against us in

8  the SNMP adversary proceeding.

9           Before I get to the meat of that, a couple of

10 just general updates, Your Honor.  I'm not sure if you're

11 aware that the parties had a mediation scheduling conference

12 with Magistrate Judge Thynge last week.

13           THE COURT:  All right.

14           MR. ADLER:  And have as a result, agreed to

15 appoint Judge Farnan as a Mediator in the case.  He was well

16 thought of and respected by all parties --

17           THE COURT:  Yes.

18           MR. ADLER:  -- and by the Magistrate Judge.  And

19 we're hoping to get that done very quickly.  Everyone wants

20 to move quickly with that.  We're very optimistic that it

21 might lead to a good result in this case.  The parties all

22 agreed not to Stay or to ask Judge Stark not to Stay the

23 Appellate process during the course of this mediation.  We

24 all don't want any more delays in getting to a final

25 resolution.  But I just thought Your Honor should be aware

1  of that.

2            THE COURT:  That's wonderful, thank you, Mr.

3  Adler.

4            MR. ADLER:  And anyway, I think that's a good

5  development, so.

6            THE COURT:  Yes.

7            MR. ADLER:  Also, the week before last, we

8  submitted to Your Honor, a letter in relation to the English

9  claims process.

10            THE COURT:  Yes.

11            MR. ADLER:  I hope you didn't spend time reading

12  it during the last week of summer, but I would commend it to

13  you.  And I just wanted to touch on it for a moment, because

14  it is somewhat pertinent to what we're talking about here

15  today.

16            There's -- the letter that we submitted, I think

17  it was a week ago Thursday, which includes a Decision from

18  Justice Snowden in England, basically, adopting the claims

19  procedures, authorizing the Joint Administrators to proceed

20  with the various claims procedures over there.  And he spent

21  a good deal of time discussing the Decision by Your Honor

22  and Justice Newbould in relation to allocation.  He's very

23  respectful and deferential of that process and is conforming

24  the English proceedings as best he can, to meet that

25  process, to be able to determine claims, so that the

1  allocation dispute can be resolved in accordance with the

2  methodology that's been proposed by Justice Newbould and

3  yourself, so, you know, I did --

4        THE COURT:  I did read the letter and it was very

5  helpful and I think it fits in with your argument today.

6        MR. ADLER:  Yeah, it does.  It does, because what

7  we're here for is to ask for you to enforce what we think is

8  one of the core principles of Chapter 15, which is

9  basically, that the Court, in this case, Mr. Justice Snowden

10  that has jurisdiction over an insolvent Debtor, really in

11  all of the legal systems that we're dealing with here today,

12  the principle is that that Court is meant to be the clearing

13  house.  It's the term that's used in a lot of the U.S.

14  Decisions, the clearing house for all claims against a

15  Debtor, pre-petition claims and post-petition claims.  And I

16  think Your Honor is familiar with the basic background of

17  the SNMP action here.

18        THE COURT:  Yes.

19        MR. ADLER:  But there are basically three

20  categories of claims they've asserted.  They have asserted

21  that the Nortel Debtors infringed on copyrights, breached

22  contract, breached Trade Secrets Law prior to the petition

23  date by incorporating SNMP software into their products

24  without proper authority and permission before the petition

25  date.  And they have filed claims here and claims in Canada

1  in relation to that.  They also asserted that same type of

2  infringement continued after the petition date until the

3  actual sales of the businesses that allegedly had made

4  products that incorporated their software.  So that's the

5  second type of claim is for post-petition damages as part of

6  this continuing course of conduct that started prior to the

7  petition.

8          And then third, they're asserting a claim for

9  damages based on an alleged profit that was received by the

10  Nortel entities when they sold the various businesses to

11  Avaya and other purchasers.

12          THE COURT:  Now that's the -- now the third

13  category is the category that I have before me now in this

14  adversary proceeding.  Is that right?

15          MR. ADLER:  Actually, you have -- you've

16  definitely got also the post-petition ongoing infringement.

17  I think, in theory, the claim for pre-petition infringement

18  is a claim.

19          THE COURT:  Right.

20          MR. ADLER:  So it's separate.  But because it

21  involves the same course of conduct that started pre-

22  petition and continued post-petition, there's -- it's very

23  clear.  And actually, the U.S. Debtor says this in their

24  papers that they've submitted in relation to the Motion to

25  Withdraw the Reference.  Justice Newbould recognized this in

1  his Decision, denying the Stay up in Canada, that

2  determination of those post-petition claims for infringement

3  in the pre-sale period is -- necessarily determines the pre-

4  petition claim because it's one continuous course of

5  conduct.  And, in fact, I think it's so closely interrelated

6  to the type of infringement that is incorporated in the

7  claim for sale proceeds damages or sale profit damages, that

8  I think, in effect, they're so intertwined that it all

9  becomes one and the same thing.

10         Now the U.S. Debtor is saying that they're only

11 asserting a contribution claim in relation to the business

12 line sales.

13         THE COURT:  Right.

14         MR. ADLER:  But the principle of joint and

15 several liability applies equally to all of the different

16 species of claims here.  So frankly, we're think -- we think

17 it's a little cute of them to say that they're just

18 asserting a contribution claim in relation to the business

19 line sales to try and kind of bifurcate it.  I think they're

20 doing it because they think they have a better argument

21 against the Stay in relation to that, but it doesn't work to

22 us because they're also intertwined.

23         And we say that once we are in, if we were

24 brought in, if we were impleaded in the adversary

25 proceeding, we're inevitably going to be there for all

1    purposes.  We think we would be at high risk of SNMP

2    asserting direct claims against us.  And the U.S. Debtor

3    can't see how they're going to refrain from claiming joint

4    and several liability in relation to the pre-business sale

5    infringement because the logic is the same.  And it would

6    prejudice us to have those matters determined in a

7    proceeding that we're parties to, as opposed to in front of

8    the clearing house, the Judge that's meant to have

9    jurisdiction over the EMEA Debtors insolvency proceedings,

10   in the same way that Justice Newbould is meant to have

11   jurisdiction over the claims against Canada.  So --

12            THE COURT:  So if you're here, you stand the risk

13   of having claims asserted against you pre-petition by SNMP.

14            MR. ADLER:  Correct.  Well, the -- we would be

15   participating in a claim in which a pre-petition claim by

16   SNMP that they have not yet brought against us in --

17            THE COURT:  Right.

18            MR. ADLER:  -- England.  And who knows if they

19   will or not.  There is now a deadline for claims at the end

20   of October.  But we would be participating in a proceeding

21   where the merits of those claims would be determined.  And

22   as parties who've participated, that has all kinds of issues

23   for collateral estoppel and res judicata purposes that

24   wouldn't be there, if we're not actually parties to that

25   action.  So that's, you know, that's the harm to us.  So

1  we've asked you to Stay this.

2          In effect -- I mean, the other peculiarity here,

3  Your Honor is that, I think, normally in a Chapter 15 case,

4  there would be some other Judge off in Kansas that would be

5  looking at this Motion and we would come to you and ask you

6  to enjoin a proceedings somewhere else.

7          THE COURT:  That's right.

8          MR. ADLER:  What's slightly peculiar here, but it

9  doesn't really change any of the principles is that we're

10  seeking to enjoin something that would happen in a

11  proceeding that's also in front of Your Honor, so --

12          THE COURT:  Yes.

13          MR. ADLER:  -- you know, in effect, you can moot

14  all of this by denying the Motion to Implead us.  That's

15  really all we're seeking.  But because we're not parties to

16  the impleader, to the adversary proceeding, and we actually

17  don't have standing to intervene or be there for this

18  purpose, we've brought this Motion instead to enforce the

19  Stay.  And we're asking you to Stay on two or three,

20  depending on you think about it, different grounds.

21          The first is that once you recognize the EMEA

22  proceedings in England as foreign main proceedings under

23  Chapter 15, the Automatic Stay under Section 362

24  automatically applies to us.  And --

25          THE COURT:  And I've already done that.

1          MR. ADLER:  You have.  You have.  You've

2    recognized them.

3          THE COURT:  Right.

4          MR. ADLER:  So we have the benefit of the

5    Automatic Stay.  The only thing you have to determine is

6    whether the prosecution of the claim that's being proposed

7    would breach the Automatic Stay.  And I've essentially

8    already explained to you why we say that's the case.

9          Justice Newbould, the U.S. Debtor, everyone

10   agrees that the pre-petition and post-petition claims are

11   intertwined.  That determination of the post-petition claims

12   necessarily determines the pre-petition claims.  So we're

13   clearly being brought into a proceeding in which a potential

14   pre-petition claim by SNMP against us will be determined.

15         Now, you know, we've cited the various cases

16   about this that related to continuing courses of conduct,

17   the *Spansion* case, the *AMR* case, the *Marhurkar* case.

18   They're all infringement cases where you have an ongoing

19   infringement.  And where the pre-petition claim could have

20   been brought at pre-petition.  Then it's held to be a Stay

21   -- Stayed because it's part of a continuous course of

22   conduct.

23         Now, even if you find that the Section 362

24   Automatic Stay doesn't apply, you've got very broad

25   discretion under Chapter 15 to enforce a Stay, a moratorium

1    to grant any other relief that will meet the purposes of

2    Chapter 15, which is obviously to, as we say, make sure that

3    any actions that concern the assets of the U.S. Debtors,

4    claims against the U.S. Debtors are adjudicated in the forum

5    that has jurisdiction over their insolvency which is in

6    front of --

7              THE COURT:  Yes.

8              MR. ADLER:  -- Mr. Justice Snowden in England.

9              THE COURT:  Right, right.

10             MR. ADLER:  He's the clearing house for claims

11   against the Debtor there just as Your Honor is the clearing

12   house for claims against the U.S. Debtor here.

13             So under Section 1509, there's -- it says that

14   you shall.  It actually says you shall grant comity to

15   foreign proceedings, to foreign principals.  The only

16   exception to that, according to the Case Law is basically

17   where there's a public policy violation.  Something fairly

18   extreme and the *Oil Sands* case which we've cited, discusses

19   that a bit.

20             Here, no one disputes the principle that under UK

21   Law, as under U.S. Law, Justice Snowden is meant to be the

22   clearing house for claims against the U.S. Debtor.  That's

23   not a conflict with U.S. Law, it's actually the same as U.S.

24   Law insofar as Your Honor is also the clearing house for

25   claims against the U.S. Debtor.

1          So we don't see why the UK moratorium, the UK

2     principle that would require SNMP or the U.S. Debtor to come

3     to England to assert their claim, shouldn't be applied and

4     shouldn't be respected by this Court and by the U.S. Debtor.

5     The U.S. Debtor has not given any reason why they think they

6     would not be given appropriate treatment by Mr. Justice

7     Snowden.  And there is no reason.  It's a due process.  It's

8     an appropriate system over there.

9          Now, there's also the discretion that you have

10    under Section 1521, which again, gives you broad authority

11    to do whatever you need to do, whatever we can persuade you

12    to do, to ensure an orderly administration of a foreign

13    Debtor's estate.  There is -- the statute does say that we

14    have to meet the requirements for an Injunction, basically,

15    in order to invoke your authority under Section 1521.

16         The first prong of that is, of course, success on

17    the merits of the action.  And here, what we're talking

18    about is the success of the potential claim that the U.S.

19    Debtor would like to assert against us under -- in relation

20    to contribution in the SNMP claim.  And the thing I need to

21    draw your attention to in relation to that is the release

22    that U.S. Debtor --

23         THE COURT:  Right.

24         MR. ADLER:  -- signed when we settled the claims

25    against them.  And we didn't include it, since it is in the

1  record, but if I could take you though some of the language.

2  Can I hand up a copy of the --

3           THE COURT:  Yes.

4           MR. ADLER:  -- release and --

5           THE COURT:  Yes, Mr. Adler, please.  Thank you.

6  Good to see you.  Yeah, this intrigues me.  And I'd like to

7  have your analysis.

8           MR. ADLER:  Well, when we entered into this

9  settlement, it was really meant to be a conclusion of all

10 potential claims between EMEA and the U.S.  And, you know,

11 we had submitted this to you.  It was at the end of December

12 and in 2013 is the allocation to you was pending.  And it

13 was meant to resolve all matters between us and the U.S.

14 And as a result, in Section 4.6 on Page 9 of the Settlement

15 Agreement, the U.S. Debtors in Section 4.6, have given

16 really the broadest kind of release.  They're mutual

17 releases, but this is the U.S. paragraph.

18           THE COURT:  Right.

19           MR. ADLER:  And just reading the key language,

20 it's -- I mean, it's a standard, complete, general release

21 of the U.S. interests, release and forever discharge the

22 EMEA Debtors -- I'm just reading the selected language.

23           THE COURT:  Yes.

24           MR. ADLER:  And then going down to the middle of

25 the paragraph, from any and all liability for claims,

1   defenses, demands, liabilities, obligations, damages,

2   actions --

3           THE COURT:  Contribution.

4           MR. ADLER:  -- contribution.  It actually lists

5   contribution there.  Two lines down, it says the foregoing

6   terms should be construed as broadly as possible.  And at

7   the end, it's the general release language, whether known or

8   unknown, past or present, fixed of contingent, liquidator or

9   unliquidated, which the U.S. interests now have had, may

10  have had, or hereafter may have how so ever -- however so

11  arising.

12          So that, I mean, that's just the broadest kind of

13  release and it was meant to be swords down between us and

14  the U.S.  Anything you know about, anything you don't know

15  about where it's all wrapped up into the consideration that

16  we're giving.  And it --

17          THE COURT:  And this was a known claim.

18          MR. ADLER:  This was a known claim.  This was --

19  these were client filed back in 2011.

20          THE COURT:  Right.

21          MR. ADLER:  There had been a mediation going on,

22  so there's no question that this is encompassed within the

23  language here.  I mean, even if it was unknown, it would be

24  encompassed, but it was known and they didn't carve it out.

25  They could have easily have said, well, there's this claim

1   by SNMP and we want to carve that out.  You know, we're not

2   going to include your potential contribution liability on

3   that.

4            Now what the U.S. Debtor is -- I mean, so that,

5   to us, that's just clear.  I mean, the U.S. Debtor has

6   released these potential claims against us.  If SNMP wants

7   to come in England, to England and assert their claim, they

8   could do that.  They haven't done that.  If they would try

9   to bring us directly into the action here, of course, we

10  would fight that.  They haven't tried to do that.  There

11  wouldn't be jurisdiction.  I think they know they would need

12  to bring a Motion to Lift the Stay against us, if they were

13  going to try and assert direct claims.

14            THE COURT:  Are you challenging jurisdiction over

15  you in this proceeding?

16            MR. ADLER:  Well, we're not there yet.

17            THE COURT:  Okay.

18            MR. ADLER:  Because, I mean, Chapter -- clearly,

19  the fact that we brought a Chapter 15 proceeding, and this

20  is in the statute, does not submit us to your jurisdiction

21  or anybody else's jurisdiction for claims other than the

22  Chapter 15 case itself.

23            THE COURT:  Right.

24            MR. ADLER:  But, no, we -- if we are impleaded

25  into the SNMP R case, we would say, yes, we believe we would

1  challenge jurisdiction.  That it's been suggested that we

2  consented to jurisdiction in that case, but we don't see any

3  basis for that.  And we don't see any other basis for

4  asserting in persona of jurisdiction against the EMEA

5  Debtors in relation to those claims.  There's no --

6  certainly no general jurisdiction and no specific

7  jurisdiction here either.  So we would expect that if we are

8  impleaded into that case, we would be moving to dismiss on

9  the basis of both the release --

10            THE COURT:  The release.

11            MR. ADLER:  -- and also in persona of

12  jurisdiction, lack of in persona of jurisdiction.

13            THE COURT:  Yes.

14            MR. ADLER:  Now the U.S. Debtor has tried to

15  argue that the release doesn't apply here because of Section

16  -- it's in Section 4.1 of the Settlement Agreement.  It goes

17  over from Page 6 to Page 7.  They've characterized this as a

18  carve out, but it really isn't a carve out.  It's not an

19  exception to the general release language.  It's really a

20  paragraph which says that the -- and mainly to benefit the

21  EMEA Debtors and the U.K. Pension Claimants, but it's

22  basically to say, we still got our claims against Canada.

23  This doesn't have anything to do with that.

24            THE COURT:  Right.

25            MR. ADLER:  We still have our claims against

1    officers and directors, this doesn't affect that.  And then

2    on Page 7 in Subparagraphs 4 and 5, it makes it clear that

3    these releases are not going to affect the allocation

4    dispute in any way, the litigation that was pending in front

5    of Your Honor.  So nothing in this Settlement Agreement

6    shall constitute a release, or waiver, or discharge in whole

7    or in part of, and then you get to 4, any right of any party

8    to assert or defend against any allocation position or

9    advance or defend against any arguments as to entitlement to

10   sale proceeds in the allocation dispute.

11              THE COURT:  Which is a defined term.

12              MR. ADLER:  It's a defined term.  Or any claim,

13   right, or entitlement of any party to sale proceeds in the

14   allocation dispute.  So both of those subparagraphs are

15   qualified by positions people might take in the allocation

16   dispute.  Which incidentally, really isn't a dispute

17   directly between the U.S. and EMEA.  We're fighting over a

18   pot of money.  So, you know, it's not a carve out from the

19   release language, it's just to make sure that nobody can

20   claim that this settlement somehow affects that.

21              THE COURT:  And you're argument is they could

22   have very easily -- Nortel could have easily said, except

23   for the SNMP --

24              MR. ADLER:  Exactly.

25              THE COURT:  -- issue.

1          MR. ADLER:  There should have been another

2   subparagraph here or a separate section there.  And the --

3   as you've noted, it's a defined term.  And in the preamble

4   on Page 3, it's defined as the litigation pending before the

5   U.S. Court and the Canadian Court in relation to how to

6   allocate the sale proceeds among the various Nortel Debtors.

7   That's at the bottom of Page 3.  It refers to the specific

8   proceeding, the litigation that was tried in front of Your

9   Honor and Justice Newbould a year ago.  And that this

10  adversary proceeding is clearly not part of the allocation

11  dispute so defined.  The U.S. Debtor never made this

12  argument in the allocation dispute.  They could have said

13  that their allocation of the lockbox funds should be changed

14  based on the amount of their contribution claim or so on.

15  That argument wasn't made.  Obviously, SNMP is not a selling

16  Debtor and is not a party to the allocation dispute.  The

17  provisions that they're calling a carve out to the release,

18  just don't apply here.

19          So that is in relation to success on the merits.

20  And actually, I think it's really, you know, under 1509 and

21  1521, you have broad power to enforce our rights here.  And

22  the release itself is a basis for Staying the Impleader

23  Motion and we're asking you to enforce that directly under

24  your Chapter 15 powers.

25          In terms of irreparable harm, the Case Law under

1  Chapter 15 makes it clear that taking claims away from the

2  home court, the -- may cause the claims against a Debtor to

3  be litigated away from the clearing house, the home court

4  that has jurisdiction, is irreparable harm in the Chapter 15

5  context.  In order for Chapter 15 to function, that has to

6  be a basis for Your Honor to Stay claims against a foreign

7  Debtor.

8          Here, there is no irreparable harm to the U.S.

9  Debtor here.  They can assert their claim in England.

10 There's no reason to believe they won't be fairly treated

11 there.  And it's clearly not against the public interest.

12 You know, we can't think of any reason why this affects

13 public policy.  It's really a very routine application of

14 Contract Law and of ordinary insolvency principles.

15          So those are the reasons why we say Your Honor

16 should exercise his authority to Stay these proceedings and

17 deny the Motion to Implead.  Are there any questions I can

18 address at this time?

19          THE COURT:  I had questions, but I think -- if

20 this is truly a post-petition claim, we have a different

21 situation, don't we?

22          MR. ADLER:  Well, it's still -- I mean, here, as

23 in England and in Canada, even post-petition claims are

24 meant to be in front of the Judge that had -- that is the

25 clearing house for claims against the Debtor.  You know,

1    it's -- that's how insolvency works.  And incidentally, the

2    efficiency argument, the idea that it would be great to have

3    this all done in one place, while that's understandable,

4    it's already been determined here that the standard

5    bankruptcy procedures outweigh that.  The standard

6    bankruptcy principles outweigh that because you have

7    parallel proceedings pending here and in Canada --

8                    THE COURT:  In Canada.

9                    MR. ADLER:  -- at the same time.  And as a matter

10   of fact, I was in Court last week at the Motion to Withdraw

11   the Reference argument or two weeks ago.  And the U.S.

12   Debtor said against that Motion, they said, you know, it's

13   okay to split up these claims and have some of them pending

14   before Your Honor and some of them pending in the District

15   Court because that bridge has already been crossed.  We

16   already have multiple proceedings pending in different

17   jurisdictions.  So again, to make SNMP or the U.S. Debtor

18   pursue their claims in England is not going to affect the

19   situation materially.

20                    THE COURT:  All right.  All right, thank you, Mr.

21   Adler.

22                    MR. ADLER:  Thank you, Your Honor.

23                    THE COURT:  Ms. Schweitzer?

24                    MS. SCHWEITZER:  Good morning, Your Honor.

25                    THE COURT:  Good morning.

1       MS. SCHWEITZER:  I'm happy to proceed, but SNMP's

2  lawyers are in the courtroom as well.  They had filed a

3  Limited Response.  And I would actually suggest that it

4  would be better for them to go first, because I think some

5  of the positions that Mr. Adler is saying with regard to

6  who's pressing claims where and the nature of the claims,

7  they're making actually the opposite arguments.  So rather

8  than me get up twice to defend or to anticipate their

9  arguments, I'm happy to let them proceed first.

10      THE COURT:  SNMP?

11      MS. SCHWEITZER:  If intending to speak at all.

12                      (Laughter)

13      THE COURT:  Thank you, Ms. Schweitzer.

14      MS. SCHWEITZER:  Sure.

15      THE COURT:  Do you agree?

16      MR. DEAN:  Well, that's sort of a complicated

17  questions, Your Honor.

18                      (Laughter)

19      THE COURT:  Yes.  Somebody's got to agree with

20  something --

21      MS. SCHWEITZER:  Exactly.

22      THE COURT:  -- in this case.

23                      (Laughter)

24      MR. DEAN:  Well, let me try to shed some light on

25  this.  We, from the onset, as we indicated in our Limited

1   Response, we think that the Court should grant the EMEA

2   Debtors' Motion.  The reason that we filed a Limited

3   Response to the Motion is that we do not believe that in

4   doing so, that the Court should find that the contribution

5   claim or our direct claims against the U.S. Debtors in this

6   case --

7            THE COURT:  And you're Mr. Dean by the way?

8            MR. DEAN:  Correct, Your Honor.

9            THE COURT:  Yes, just for the record.

10           MR. DEAN:  David Dean at Cole Schotz, thank you.

11  We don't think that our direct claims against the U.S.

12  Debtors or that the U.S. Debtors' contribution claim, the

13  proposed contribution claim that they're seeking to bring

14  under Rule 14 are subject to Section 362 or the Automatic

15  Stay here.

16           The EMEA Debtors argue a couple of other reasons

17  relating to what's going on in England and we support that

18  and we don't have any position with that, but our -- so our

19  main concern here is whether or not the claims that we are

20  asserting in this case, and the contribution claim are

21  actually subject to Section 362.  And we don't think they

22  are.  And I think the Debtor appears to agree with us on

23  this particular issue.  But I think to analyze the issue

24  properly, you have to break the claims up as Mr. Adler

25  started to explain to the Court, but I'll give the Court a

1  little bit more flavor on this.  We have a pre-petition

2  proof of claim.

3              THE COURT:  Yes.

4              MR. DEAN:  That pre-petition proof of claim is

5  not the subject of this lawsuit.

6              THE COURT:  Right.

7              MR. DEAN:  We have post-petition claims for the

8  post-petition pre-sale infringement.  Those acts did happen

9  pre-petition and did span the course of the pre-petition and

10  post-petition periods.  We also had a, what I'll call a

11  transfer claim, which are the claims that we have that could

12  only have occurred in the bankruptcy case relating to the

13  profits attributable to the business line sales.

14              Another transfer related claim that I just want

15  to make the Court aware of that's applicable in this case is

16  our claim against the U.S. Debtors for contributing to the

17  infringement by Avaya relating to the transfer of our

18  software or our source code to Avaya in the business line.

19  So that, too, is also a claim that could only have occurred

20  post-petition, but one that is not subject to the

21  contribution claim that the Debtors are asserting against

22  the EMEA Debtors in their Proposed Complaint.

23              THE COURT:  Is that claim involved in this

24  lawsuit?

25              MR. DEAN:  It is.

1              THE COURT:  Okay.

2              MR. DEAN:  It is.  The only claim that I

3    mentioned that's not involved in this lawsuit are the pre-

4    petition claims for pre-petition infringement.

5              THE COURT:  Right.

6              MR. DEAN:  Now because the transfer claims

7    themselves relate directly to the bankruptcy sales and

8    couldn't have occurred pre-petition, the authorities that

9    Mr. Adler mentioned and that are in his brief, the *Spansion*

10   case by Judge Carey and others, are simply inapplicable to

11   the transfer of claims.  Those cases dealt with the same act

12   of infringement that straddled the pre-petition and post-

13   petition periods.  And because the contribution claims only

14   relate to the profit based transfer claims, as opposed to

15   the other type of transfer claim that we have relating to

16   the contributory infringement, to the extent that the Court

17   has to determine whether any of SNMP Research's direct

18   claims are subject to the Stay, it should only need to

19   determine whether the transfer claim is subject to the

20   Automatic Stay because that's the only subject of the

21   proposed contribution claim against the EMEA Debtors.

22              Now the EMEA Debtors, Your Honor, nonetheless,

23   try to bring in the post-petition pre-sale claims arguing

24   that they are subject to the Automatic Stay because it

25   relates to a continuing course of conduct that's the subject

1   of a pre-petition claim.  And they are correct that the EMEA

2   Debtors may get subject -- be subject to claims that relate

3   to this lawsuit directly by SNMP.  And the rule for that,

4   Your Honor, just for Your Honor's information is Federal

5   Rule 14(a)(3).  That allows us to bring direct claims

6   against the EMEA Debtors, to the extent they are added to

7   this lawsuit.  And if they are, we will preserve the right

8   to look into that and possibly file claims in Europe and

9   pursue those claims here.  Because it's only fair that if

10  they are eventually -- we don't want them added.  We've had,

11  you know, sort of enough.  But if they are added, we're

12  going to look into bringing the claims against them that the

13  rule allows us to bring.

14         THE COURT:  And that -- and those claims would be

15  brought here.

16         MR. DEAN:  They could be -- the rule specifically

17  provides that they could be brought here, correct.

18         Now if the Court decides that because of Rule

19  14(a)(3) and the like -- and the possibility that we may

20  bring these claims against the EMEA Debtors here, that the

21  Court has to decide whether the post-petition pre-sale

22  claims --

23         THE COURT:  Right.

24         MR. DEAN:  -- are subject to the Automatic Stay.

25  We don't think that they are and I'll tell you why.  The

1    EMEA Debtor cites *Spansion* and other authorities for the

2    proposition that post-petition claims are subject to the

3    Automatic Stay if they are a part of some continuing course

4    of pre-petition conduct.

5              THE COURT:  That's right.

6              MR. DEAN:  And we're not disputing that that is

7    the actual case here.  But what Mr. Adler failed to mention

8    was that in *Spansion*, Judge Carey did find that those

9    particular claims were subject to the Automatic Stay for

10   that reason.  He did that, by the way, in the face of case

11   law confirming -- well established case law, undisputed case

12   law in the Third Circuit and other places, confirming that

13   each active infringement is a separate cause of action.

14             THE COURT:  Right.

15             MR. DEAN:  So he said that didn't matter to him

16   because the Bankruptcy Court is "the clearing house for

17   claims" and it was important to adjudicate post-petition

18   claims that relate to pre-petition conduct in the Bankruptcy

19   Court.  But this case is different.  And what Judge Carey

20   said in *Spansion* was that even though it's subject to the

21   Automatic Stay or 362, that 28 USC 959(a), which is

22   generally known to be the exception to the Barton Doctrine,

23   but in this case, also has to be read as an exception to the

24   Automatic Stay, specifically allows a creditor to sue a

25   Debtor in Possession with respect to post-petition conduct

1    in carrying on their business.

2            Judge Carey recognized two cases in *Spansion* that

3    specifically held that post-petition infringement that

4    spanned the pre-petition period specifically fell within the

5    concept -- the context of 950(a).

6            Now, Judge Carey, ultimately, invoked the

7    exception to the exception in 959(a) and Stayed or Enjoined

8    the case under equitable principles, but that's not the

9    point here.  The whole point is does 959(a) apply in the

10   first place?  And he unequivocally recognized that it does.

11           So the only way that you can reconcile 959(a) and

12   362, to the extent that you find that the Stay applies to

13   the post-petition pre-sale claims in the first place is to

14   find that 959(a) is an exception to the Automatic Stay in

15   the context of such post-petition pre-sale claims.  And the

16   reason is because 959(a) expressly says that we can bring

17   these claims against the Debtors without leave of Court.

18   Well, if you don't need leave of Court to bring these

19   claims, and Judge Carey's already found that these -- in

20   another forum -- and Judge Carey's already found that 959(a)

21   applies to this category of claims, then if they're subject

22   to the Automatic Stay, then 959(a) must be read as an

23   exception to the Automatic Stay.

24           And the reason we're bringing this up today --

25           THE COURT:  Yes.

1          MR. DEAN:  I want to give the Court a little bit

2   of context as to why we care about this.  It's because the

3   Debtors in arguing against us on the Motion to Withdraw the

4   Reference, which by the way, was heard on August 27 and

5   remains under advisement.  And we are arguing for a complete

6   Withdraw of the Reference of this entire case against the

7   U.S. Debtors and Avaya.  So Mr. Adler's point about this

8   case may proceed in District Court and in Bankruptcy Court

9   in Canada, may not ultimately be true.  I think we have very

10  decent shot of Judge Stark based on the arguments we make,

11  taking the whole case at some point prior to trial.

12          THE COURT:  Okay.

13          MR. DEAN:  But the point here is -- give me one

14  second.  Yeah, the point here, Your Honor, is that the

15  reason why we care is because the Debtors argue that they

16  have some fundamental right to have this case heard in the

17  Bankruptcy Court.  And they used that against us in the

18  hearing on the Motion to Withdraw the Reference.  That they

19  told Judge Stark in a letter submission submitted prior to

20  the hearing, that they have a fundamental right to have this

21  case heard in the Bankruptcy Court, but they really don't.

22  And the reason why is because the Stay doesn't apply to the

23  transfer claims at all, so you don't even have to get to the

24  959(a) issue with respect to the transfer claims because the

25  Stay doesn't apply in the first place.

1          And to the extent the Stay does apply under the

2  *Spansion* logic which we respectfully disagree with, but if

3  it does, then 959(a) has to be an exception to that.  And we

4  could have brought this case in District Court against the

5  U.S. Debtors, asserted our Jury Trial rights, and if the

6  Court -- if you enjoined it, the statute specifically says

7  that our Jury Trial rights against the Debtor would have

8  been fully preserved and we would have been back in District

9  Court anyway because we would have had a full Jury Trial

10 right.

11          And so that's why it's important to us.  We want

12 to make the record clear because the Motion is still

13 pending.  And the Debtors used this argument against us at

14 the Motion to Withdraw the Reference Hearing.  And I want to

15 make sure that Your Honor understands that we do not believe

16 that the Debtors have this so called fundamental right that

17 they claim to have this case litigated here because either

18 the Stay doesn't apply or 959 is an exception to all claims

19 asserted in this case.

20          THE COURT:  Okay.

21          MR. DEAN:  Thank you, Your Honor.

22          THE COURT:  Thank you.  Thank you, Mr. Dean.  Ms.

23 Schweitzer, you look well rested.

24          MS. SCHWEITZER:  Absolutely.  I was until I

25 started listening to that.

1                         (Laughter)

2             THE COURT:  Yes.  I was until I started reading

3    these papers over the weekend.

4                         (Laughter)

5             MS. SCHWEITZER:  Most people say legal papers put

6    them to sleep, so I don't know.

7             THE COURT:  No, no.

8                         (Laughter)

9             MS. SCHWEITZER:  Well, good morning, Your Honor.

10            THE COURT:  Good morning.

11            MS. SCHWEITZER:  For the record, Lisa Schweitzer

12   from the -- for the U.S. Debtors in opposition to the EMEA

13   Debtors' Motion to Stay our filing the Third Party

14   Complaint.

15            I think it was actually quite beneficial for you

16   to hear from SNMP's counsel before we got up because it

17   reminds Your Honor of something which you're very much aware

18   of is the various procedural ploys going in every direction

19   with the U.S. Debtors in the center.  And the one thing I

20   know is everyone on that room might sit on the same side of

21   the room, but they all can't be right.  They all can't be

22   right about we are always last in line in choices of forum.

23   It's pre-petition and it's post-petition.  It's bundled up.

24   I may not have served a claim against you, but if I did, you

25   would have to go to England, so none of this can stay here.

1    We keep hearing these inconsistent arguments, but always

2    defensively, so don't let the U.S. Debtors do what they

3    want.

4            So I think when you take them in turn, with all

5    due respect to Mr. Adler, he and I have -- it's a

6    fundamental difference of view of what the claim is.  And

7    Mr. Adler says this is the Pandora's Box.  I am the Debtor,

8    all my claims are entitled to be liquidated in the European

9    Courts.

10           THE COURT:  Right.

11           MS. SCHWEITZER:  And this is just a creditor

12   claim just like every other credit claim.  And if you open

13   the box, everyone, you know, chaos reigns in Europe.  No one

14   will come to the European Courts anymore.

15           SNMP on the other hand says look, look, look,

16   this is not.  The business line sale claims are different

17   than all these other claims.  This is a claim.  And they

18   make no guise about anything differently.  They say, we want

19   to sue the U.S. Debtors in Delaware and recover from the

20   U.S. Debtors all the profits that the European Debtors

21   realized from the business line sales.  Full stop.  They

22   don't have to be apologetic about it, that's their claim.

23           We fundamentally disagree with the merits of the

24   claim, but we have everyone in the courtroom today and

25   that's their claim.  We, SNMP, want to sue the U.S. Debtors

1  to recover the profits, the sale proceeds from the

2  allocation sales that were overseen by this Court and the

3  Canadian Court and we don't need the EMEA Debtors here.

4  Why?  Because when you look through their Motions and their

5  submissions, they said, I want to have this Jury Trial in

6  the District of Delaware.  And it's going to confuse the

7  jury.  It's going to be complicated.  Why would I as the

8  Plaintiff, ever want two Defendants against me when I can

9  have one --

10              THE COURT:  Right.

11              MS. SCHWEITZER:  -- and I can recover everything

12 against them?  I completely agree.  I would be arguing the

13 same thing if I were them, but that doesn't mean it's the

14 right answer with respect to the U.S. Debtors.  And that we

15 should be left on the hook to pay claims and to effectively

16 pay for sale proceeds we're not even receiving, while the

17 EMEA Debtors take those home and run them through their own

18 process over there.

19              If you look at the EMEA Debtors and their

20 arguments really came front and center again today.  If you

21 open this Pandora's Box, it's disingenuous to believe the

22 U.S. Debtors are not going to claim more in this action than

23 profits from the business line sales.  We have actually

24 filed our Third Party Complaint or our Proposed Third Party

25 Complaint.  It's attached to our Motion.

1           THE COURT:  Right.

2           MS. SCHWEITZER:  And just as a procedural

3  footnote, there is a lot of backing and forthing that you'll

4  see in the papers as to why this Motion is being heard today

5  and we asked for other one being heard on the 20th.  No one

6  wanted to go first.  Everyone wanted to be mooted by the

7  other Motion.  And we said something's got to go first, so

8  let's go.  We'll be in front of you again on the 20th unless

9  this is Stayed today, but we will be in front of you on the,

10  I think it's the 20th or 22nd, to argue the second half

11  effectively --

12           THE COURT:  Right.

13           MS. SCHWEITZER:  -- the Motion to join them, but

14  --

15           THE COURT:  And I understood that.

16           MS. SCHWEITZER:  -- for the purposes today, you

17  have the Third Party Complaint in your hands.  And we say

18  very clearly, very succinctly, especially for lawyers, that

19  we say, look, we think these claims are non-meritorious, but

20  if we are sued and forced to pay for more than our fair

21  share of the profits and forced to pay the EMEA Debtors

22  profits, then we have a contribution claim against the EMEA

23  Debtors who came here, allowed the claims to be -- they

24  allowed the sales to occur, allowed the sale proceeds to be

25  put in escrow boxes in New York, and allowed the entire

1    allocation process to go forward here.  This is different

2    than saying pre-petition claims and direct claims, and all

3    of the like.

4              So there's no high risk that this is going to

5    expand completely.  No one can say it better than Mr. Dean

6    who sat and explained to you why these claims are completely

7    different in kind than the earlier claims.

8              THE COURT:  Well, SNMP could assert pre-petition

9    claims or try to assert pre-petition claims against the EMEA

10   Debtors though.

11             MS. SCHWEITZER:  So there are there two points to

12   that.  And it's a -- that was the other Pandora's argument

13   is that if on -- if the U.S. -- if the EMEA Debtors are

14   joined here, then SNMP can sue them as well.  There's a

15   couple responses to that.

16             First, and again, we're dealing with two sets of

17   Motion papers, but in the SNMP response or opposition to our

18   Joinder Motion, SNMP again, on their theory of keep it

19   simple, I'm going in front of a jury, I just want to go for

20   the jugular, all this corporate separateness is very

21   confusing.  Don't hurt their heads.  They actually put a

22   footnote and say if you allow this claim to proceed, we

23   intend to bifurcate the two proceedings and keep them

24   separate, right?

25             So it's don't make me sue the EMEA Debtors.

1   Don't make me take discovery.  In fact, their roadmap again,

2   because we've seen every procedural play in the book is I

3   think I'm going to bifurcate these.

4             The second thing is it was kind of funny

5   statement from SNMP's counsel to say, well, gee, I know that

6   now there's this bar date set in Europe for October 30, just

7   around the corner, but I don't know, if you allow this to go

8   forward here, I guess I have to start thinking about whether

9   I'm going to sue the EMEA Debtors.

10            There are many -- first of all, that's a little

11  surprising.  You probably are typing up those claims against

12  the EMEA Debtors.  You can go directly against the EMEA

13  Debtors if you want to.  Nothing precludes you from filing

14  those claims in Europe.  You've got to make up your mind

15  pretty quickly as to whether you're going to do those.

16            But also, Your Honor has the same jurisdiction to

17  hear all of these same arguments as to why even though we

18  had our contribution claim, that the wall comes down between

19  SNMP and EMEA Debtors for direct claims, if you so choose.

20  You -- by deciding today to allow the contribution claim to

21  go forward, does not mean in any way that you have to

22  automatically say SNMP is allowed in this context to bring

23  direct claims against the EMEA Debtors or to expand the

24  scope of the litigation.

25            And everything we've seen from the record so far,

1    six, seven years into the case, SNMP has never pursued those

2    claims against the EMEA Debtors.  And SNMP has said, I don't

3    want to take that in discovery.  I don't want the added

4    complexity.  I kind of want to stay away from the EMEA

5    Debtors.  So SNMP again, is playing both sides, right?  They

6    want this clean.  Just let me go after one entity, get all

7    the money there and you guys in some other proceeding, worry

8    about all these other complicated issues.

9             Which brings us to the next issue we always hear

10   which is well, gee, if this isn't all going to take place in

11   one Court and one trial, then they can just take place all

12   over the world in a million different trials, right?  It's

13   --

14             THE COURT:  Sure.

15             MS. SCHWEITZER:  If you can't have one, you might

16   as well just keep suing everyone everywhere.

17             THE COURT:  Canada, U.S., England.

18             MS. SCHWEITZER:  Exactly.

19                       (Laughter)

20             MS. SCHWEITZER:  And quotes cited back always are

21   Well, the U.S. Debtors said that there's overlap in the

22   claims.  The quotes being cited back on the U.S. Debtors'

23   side is the pre-petition/post-petition argument, which is

24   that SNMP has said in their Motion to Withdraw papers and

25   arguments, and they've affirmed it again in front of Judge

1    Stark, if you take the post-petition claims, just remove the

2    pre-petition claims, too.  Just bring it all up.  That's a

3    different argument, right?

4            And Mr. Dean again, made very clear, continuity

5    of claims between pre-petition use sales, whatever, by the

6    U.S. Debtors and post-petition.  There's a little stub

7    period prior to the sales.  And he says here, has said

8    repeatedly, those are continuous claims and so bring those

9    up.  We agree and think they should not be brought up and

10   that's an argument in front of Judge Stark.

11           Again, the Canadian Debtors, the other argument.

12   Why isn't this just like the Canadian Debtors?  Why isn't

13   this the same thing that's happening there?  The Canadian

14   Debtors, SNMP is suing the Canadian Debtors in Canada.

15   We're being sued in our Court.  So an SNNP claims against

16   EMEA should go forward in the European Court.

17           There's varying financial reasons it's different,

18   which is number one, when Justice Newbould in his Order

19   deciding that Relief From Stay issue, said there's nothing

20   that prevents joint trials, God forbid.  But there's nothing

21   that prevents cooperation in joint trials.  We've worked

22   together as the U.S. and Canadian Courts.  And second of

23   all, these are both primary claims by SNMP against the U.S.

24   Debtors and against the Canadian Debtors.

25           So whether or not these claims are valid, we

1  think they're not, but we're here to defend them, we are

2  both primarily being sued and primarily liable.  And we've

3  made efforts, and you'll hear this in the context of the

4  scheduling discussions later, but we've made efforts to

5  coordinate that litigation, so someone doesn't get too far

6  out in front.  We can coordinate defenses.  We can

7  coordinate discovery.

8          The EMEA Debtors by contrast, have not been sued

9  by SNMP.  And if we're not allowed to bring them in for

10  contribution purposes, we have no hook against them to say,

11  show up and defend.  Show up and participate.  Show up and

12  pay your fair share of these claims.  And their answer is,

13  go to the European Court.  Go to Justice Snowden or whoever

14  in the U.K. Court and you can start from Day 1, Page 1 and

15  explain to him cross-border sales.  You can re-litigate the

16  entirety of SNMP claims.  You can do it under the English

17  system.  And if there's a risk of inconsistent judgments,

18  you take it.  And if there's a risk of inconsistency in the

19  way a contribution claim is allowed as a pre-petition claim

20  or a post-petition claim or a priority, or whether it's even

21  allowable claim or a statute of limitations or whatever,

22  don't worry, it's -- and they're kind of, you know, fashion

23  forward, Court forward, you'll be protected there.

24          And that's just inconsistent with what has

25  happened to date.  We've been in front of Your Honor for now

1   six, seven years.  These are not strangers.  The EMEA Debtor

2   counsel standing up now and saying we're new to this, we

3   cannot believe we're being dragged in front of U.S. Court to

4   deal with issues relating to sale proceeds and computing

5   claims to sale proceeds, and effectively, a cost of sale,

6   right?  They say, if the U.S. Debtors have to subsidize, too

7   bad, so sad.  We're worried about our local European

8   creditors.  That's what makes this claim different from all

9   the other claims.

10          And when you look at all the analysis behind it,

11  the Automatic Stay does not apply.  These are post-petition

12  sales.  And no one knows better than yourself.  You were the

13  one that signed the Orders.  The issues surrounding the

14  sales and the transfer of SNMP software, all of that was

15  heard in this very courtroom from this podium in front of

16  Your Honor and with parallel proceedings in front of Justice

17  Newbould, not claims being litigated in the UK Courts.

18          So that pre-petition versus post-petition is

19  pretty clearly post-petition conduct.  The claim for

20  contribution couldn't have been brought because the

21  underlying action, the sale itself hadn't occurred.  When

22  you get to post-petition, now you're into 1521 may.

23          THE COURT:  Right.

24          MS. SCHWEITZER:  You have discretion.  And

25  there's cases that they've cited to, we've cited to.  There

1   -- we're -- they say look, the moratorium isn't by its

2   nature worldwide for all purposes.  That's where you have to

3   look.  You can decide whether there's appropriate at this

4   time to enforce a moratorium that they chose not to bring

5   into all of their Chapter 15 Orders.  And you can decide how

6   far you want to enforce that moratorium.  The cases they

7   cite deal with Ex Parte Orders, attachment of assets, bank

8   accounts, you know, the traditional grab it while it runs.

9   You're paying the receivable, grab it out of thin air, try

10  to improve your recoveries compared to other similarly

11  situated creditors.

12          THE COURT:  Yes.

13          MS. SCHWEITZER:  That's not what we have here,

14  right?  This is completely different.  This is the proceeds

15  are here, the sales were here.  We all decided to coordinate

16  it.  And now, the EMEA Debtors are saying let's go home,

17  allow us to go home, then if you have a claim, you have a

18  claim, if you don't, you don't, but don't drag us into this

19  crazy coordinating sale.  And that would be crazy, right?

20  We all know better.  This is just a different setup than any

21  other claim.  It's different than other creditor claims.

22  We're not trying to get ahead of other similarly situated

23  creditors because there are none.  There's no one that is in

24  the same position being asked by us to allow money to go

25  over and then to effectively subsidize creditor recoveries

1   over there.

2           Which actually leads into another point.  The

3   only thing in front of Your Honor right now is the question

4   of where the claims get liquidated.  It's not how the claims

5   get paid.  It's not the priority of the claims.  We haven't

6   even dealt with that on SNMP's side, quite frankly, yet.

7   And while SNMP says these are post-petition, these are

8   ordinary costs, this is cost of doing business, make no

9   mistake that we as the Debtors, of course, as we must,

10  reserve all their rights and defenses with respect to the

11  priority of that claim against us and whether it gets

12  administrative priority and how it gets paid.  But again,

13  that's the claim being made against us.

14          Right now, the question for Your Honor is are you

15  in a position exercising your discretion, where you want to

16  be the one that litigates and liquidates the back-to-back

17  mirror claim against the EMEA Debtors for contribution?  The

18  question of if all of these claims are valid, and all of

19  these claims are proven, and no one would be more happy than

20  me if they were all dismissed, but if they're all proven,

21  how that gets paid, that's for another day.  So again, cart

22  before the horse.

23          With respect to the Settlement Agreement, and I

24  know again, this is going to more of the same, you've heard

25  it already, but the EMEA Debtors are focused on this idea

1   that we've released claims between the parties.  Of course,

2   they acknowledge as they must, that the claims are -- the

3   releases are subject to Section 4.1.  4.1 carves out

4   specifically, all claims, rights, and entitlements to the

5   sale proceeds among the allocating parties in the allocation

6   dispute.  First, the EMEA Debtors in their actual papers,

7   acknowledge this is an affirmative defense.

8              THE COURT:  Right.

9              MS. SCHWEITZER:  So in terms of the likelihood of

10  success in the merits, the first question is, if I, as the

11  U.S. Debtors, am being required to pay for the pass and

12  impede for EMEA's profits, do I likely have a valid

13  contribution claim against the EMEA Debtors?  It would sure

14  seem so without having a mini-trial.  I'm literally paying

15  money they received over at SNMP.  I, as a Debtor, have been

16  put in the middle of that.

17             If the EMEA Debtors want to come into that action

18  and raise a defense based on the Settlement Agreement,

19  again, they can raise whatever defenses they want, but we're

20  not looking in this proceeding for EMEA right to just make

21  all sorts of claims against the EMEA Debtors.  What we're

22  saying is if I, the U.S. Debtors, am responsible for paying

23  SNMP damages for your sale proceeds, then yes, those sale

24  proceeds I have a right to make that claim.  I have a right

25  to make that claim that those sale proceeds effectively come

1  back to me and that I'm not left paying SNMP for your sale

2  proceeds.

3           THE COURT:  But doesn't the Settlement Agreement

4  take that into account?

5           MS. SCHWEITZER:  It does.  It preserves the

6  claim.  I mean, quite frankly, it preserves the claim.  It

7  says the claims for sale proceeds.  They are the sale

8  proceeds in the allocation dispute are just simply different

9  than the unsecured claims, than the back-and-forth trading

10 claims.  Then -- we used to call them crazy EMEA claims and

11 the like.  You know, everyone's in it together on all sorts

12 of other claims.  The sale proceeds claims are different.

13          And I think Mr. Adler said, and it's worth

14 talking about for a minute, of well, you knew this all

15 along.  We actually, the SNMP Complaint, we have struggled

16 with for a very long time.  Because remember, again, this

17 SNMP Complaint has been around for a long time.

18          THE COURT:  Yes.

19          MS. SCHWEITZER:  It was originally brought

20 against the U.S. Debtors and the Canadian Debtors together.

21          THE COURT:  Right.

22          MS. SCHWEITZER:  And said the Nortel, meaning you

23 two entities or groups of entities did these things and I'm

24 going to hold you liable and here's Nortel.  And only when

25 SNMP broke the claim apart, right, and we answered, and we

1  started moving to withdraw, SNMP comes forward and says, oh,

2  no, I decided not to, you know, well, we don't know.  I'm

3  not going after the EMEA Debtors in a third proceeding, I

4  want to come after you, U.S. Debtors for everything.

5          THE COURT:  And you worry about the contribution

6  yourselves.

7          MS. SCHWEITZER:  Exactly.  And so then we said,

8  whoa, whoa, you just take an end run around the entire

9  process.  You don't get just to choose, oh, now this can be

10 split up.  I really only wanted one litigation to start with

11 so now I'm here.  So this idea that this has always been

12 percolating as the claims have been broken apart, that's

13 where you see it.

14         The other thing that we saw, which again, I don't

15 know how this even goes in the mix because these are all --

16 everyone's just raiding -- raising the fear of God type

17 arguments.  But on appeal, SNMP for the -- I'm sorry, in the

18 Motion to Withdraw in front of Judge Stark, SNMP actually

19 sought as a ground for withdraw, the argument that how can

20 we bring a contribution claim when the direct claim is

21 barred by a statute of limitations?

22         So again, SNMP is saying oh, don't bring these

23 claims, I'm going to have to sue someone.  But when it

24 suited them to try and get the claims removed, they actually

25 suggested this entire exercise is a reason to remove and

1    have this brought in front of Judge Stark because the

2    underlying claims are barred by the statute of limitations.

3              It is not your job to have to litigate all of

4    these issues today.  That's not actually the standard, what

5    is before Your Honor.  Before Your Honor is a much more

6    simple question.  We have brought or seek to bring a Third

7    Party Complaint.  And does Your Honor exercise your

8    discretion knowing the -- whether the claims pend now,

9    knowing which Court has the expertise, knowing the

10   efficiency that can be gained, and knowing the fairness that

11   can be gained by having these claims proceed in the same

12   manner, in the same Court, in a coordinated fashion, so one

13   claim doesn't pull out in front of the others.  The

14   contribution claim isn't litigated so quickly that we can't

15   prove it because we haven't gotten to the underlying claim.

16   And it's not litigated so slowly that the money is out and

17   gone or some other variable comes in, or some other defense

18   comes in along the way.  You have control over the back-to-

19   back claims or if it's removed, Judge Stark does.  But you

20   have control over those two mirror claims, so that they can

21   proceed together, discovery can be coordinated together to

22   the extent it overlaps, and the defenses can.  And everyone

23   has equal -- has been in the game for the exercise that's

24   been proceeding in this Court for seven years now.

25              So I think -- and then, I'm happy to address more

1  questions if you have them.  And I think Mr. Botter would

2  like to be heard briefly as well.  But I think that in the

3  end, it comes down to just a simple fundamental disagreement

4  about the narrow relief we're seeking which is tied directly

5  to someone trying to sneak out of our pocket, sale proceeds

6  being paid to someone else versus the idea that this is

7  somehow opening up international principles of comity and

8  relief and the floodgates to all pre-petition claims for all

9  similarly situated creditors.

10            THE COURT:  Thank you, Ms. Schweitzer.

11            MS. SCHWEITZER:  Sure.

12            THE COURT:  Mr. Botter, good morning.

13            MR. BOTTER:  Good morning, Your Honor.  David

14  Botter, Akin, Gump, Strauss, Hauer & Feld on behalf of the

15  Official Committee of Unsecured Creditors in the NNI case.

16            Your Honor, I'll be brief, but there are a couple

17  of points that I wanted to make in addition to joining in

18  all the statements of Ms. Schweitzer and the NNI Debtors.

19            Your Honor, Mr. Dean referred to these claims,

20  the claims really that we're talking about are the transfer

21  claims or the transfer related claims.  And that was helpful

22  because that's exactly what we're talking about in terms of

23  the jurisdictional argument.  We're talking about the claims

24  that ultimately, Your Honor, generated the sales proceeds.

25            Your Honor, the EMEA Debtors took advantage of

1 this Court's jurisdiction in connection with the sales that

2 generated the EMEA -- the sales proceeds for the line of

3 business sales and, obviously, for the intellectual property

4 sales.

5           Your Honor, in the letter from SNMP dated July 17

6 of this year, 2015, that is attached as Exhibit 1 to the

7 Debtors' response.

8           THE COURT:  Yes.

9           MR. BOTTER:  The SNMP litigants say that their

10 claim is based on, directly on the value of the SNMP

11 software to each of the asset sales.  So obviously, what

12 they've done is now implicated the sale proceeds.  And I

13 don't think anybody disputes that we're talking about in the

14 transfer claims and the transfer related claims, the sales

15 proceeds.

16           And as I said just a moment ago, Your Honor's

17 Court Order is really where the cause -- what brought the

18 sales proceeds into these estates, into the worldwide

19 estates.  And, Your Honor, I have copies up here of the CDMA

20 Sales Order, the CS Sale Order, the Enterprise Sale Order,

21 the MEN Sale Order, the MSS Sale Order, the Nexigen Sale

22 Order, and the GSM Sale Order.  And in each of these Sale

23 Orders, Your Honor addresses the claims or the dispute with

24 SNMP.

25           THE COURT:  That's right.

1          MR. BOTTER:  Because we specifically carved out

2    SNMP and their intellectual property rights.  But obviously,

3    the sale goes forward.  And the Objection that SNMP raised

4    with respect to those particular sales were overruled or

5    withdrawn.  Additionally, in each of those Orders, Your

6    Honor retains jurisdiction.  And the Court retains

7    jurisdiction with respect to all aspects of the sale in each

8    of those Orders.  And, of course, with respect to the

9    transaction, the Sale Agreement, and therefore, the sales

10   proceeds.

11          And, Your Honor, when you retained jurisdiction

12   in each of these Sale Orders you -- we're talking about the

13   sales proceeds.  And to the extent that SNMP has now

14   implicated the sales proceeds, it's exactly what Your Honor

15   did in connection with the 363 Order which is kept it in

16   front of this Court.  And when Mr. Adler said before that it

17   wouldn't make a difference if this was a Kansas Court doing

18   something and they were coming back in the Chapter 15, but

19   it really does make a difference because the jurisdictional

20   argument is about the sales proceeds, not about something

21   else.

22          SNMP is going directly after the sales proceeds

23   now in the transfer claims or transfer related claims.

24   Those are subject to Your Honor's jurisdiction.  I don't

25   think anybody could argue anything else.

1          The last point I'll make, Your Honor is as to the

2    irreparable harm standard that Mr. Adler went through.

3          THE COURT:  Yes.

4          MR. BOTTER:  Your Honor, to the extent that sales

5    proceeds are taken out of the black boxes here, subject to

6    your jurisdiction, and the U.S. Debtors and their creditors

7    are made to go into a foreign jurisdiction to try to recover

8    sales proceeds that come out of our pockets, we will be

9    irreparably harmed because not only are we talking about

10   hundred cent sale proceeds today, we're talk -- we could be

11   talking about cents on the dollar in the U.K. proceedings.

12   And that would be irreparable harm to the U.S. creditors,

13   Your Honor.  Thank you.

14         THE COURT:  Thank you, Mr. Botter.  Mr. Adler,

15   you get to reply.

16                         (Laughter)

17         MR. ADLER:  A few quick points, Your Honor.

18   First of all, in relation to the arguments made by Mr. Dean.

19         THE COURT:  Yes.

20         MR. ADLER:  I just want to make it clear that we

21   are not seeking to Stay their claims against the U.S. Debtor

22   or any part of that.  And in terms of the arguments about

23   Section 959, I think that the discussion in the *Spansion*

24   case which is very interesting, well it speaks for itself.

25   It does show that as you said, there are exceptions to the

1  exception, so there's even a discretionary part built into

2  that.

3          But in reality, you really don't have to get to

4  the issues about the automatic stay because the release here

5  is actually a complete answer to the question that's before

6  Your Honor.  Your Honor does have jurisdiction to enforce

7  the Settlement Agreement.  It actually -- they're not

8  mentioning it, but the Settlement Agreement itself gives

9  Your Honor jurisdiction to enforce it.

10          THE COURT:  At this time?

11          MR. ADLER:  It just has a jurisdiction clause.

12  It says that you have jurisdiction to enforce the terms of

13  it.  And it's directly under the provisions of 1521 because

14  it goes to likelihood of success on the merits, but we say

15  it offers an independent reason here to Stay the proceeding.

16  The proceeding is being brought contrary to this release

17  which clearly applies here.

18          Now in relation to the claims that have been

19  asserted here, Ms. Schweitzer and Mr. Botter are essentially

20  trying to run the argument that this part of the allocation

21  dispute.  I mean, the issues that relate to how to allocate

22  the sale proceeds, were really not -- those aren't being

23  litigated under the individual Sale Orders, they're being

24  litigated or they were litigated under the allocation

25  protocol that Your Honor and Justice Morawetz entered --

1          THE COURT:  Yeah.

2          MR. ADLER:  -- implementing a dispute resolution

3   procedure and the trial of that has been concluded.  They

4   never raised these arguments in that proceeding.  We're not

5   arguing about your jurisdiction over the sale proceeds as

6   such.  The claim -- SNMP is not asserting that SNMP should

7   be paid funds directly from the lockbox.  There asserting a

8   claim for damages measured by the amount of the profit under

9   three different theories; corporate copyright infringement,

10  Delaware Trade Secrets Law, and breach of contract, but

11  they're not saying that they're a selling Debtor.  They're

12  not saying they get those funds directly.  They haven't

13  asserted a lien against the funds that are held by JP Morgan

14  and neither has the U.S. Debtor.  The U.S. Debtor is -- in

15  their Draft Complaint, they're asserting a claim for damages

16  against us.  They're not saying Judge Gross, please, when

17  you figure out how much everybody's entitled to, give us

18  this much of their funds.  Tell JP Morgan to pay it directly

19  to us.  And some of what Ms. Schweitzer was just saying is

20  very significant because --

21          THE COURT:  Where else would the money come from?

22          MR. ADLER:  Well, I mean, what's going to happen

23  in the U.S. Debtors' case is that it's going to go into the

24  NNI bank accounts.  And then Ms. Schweitzer just said, we

25  have to determine how to deal with it.  It comes in and then

1    it -- then their liability, assuming they're successful,

2    gets litigated as a claim and you have to decide what

3    priority it has and so on and so forth.

4              The EMEA Debtors are entitled to the same

5    dignity.  They're entitled to the same deference.  That the

6    funds go into their bank accounts first from JP Morgan and

7    then they get dispensed by Justice Snowden, Mr. Justice

8    Snowden in accordance with UK priorities and claims.  That

9    you shouldn't circumvent that process.  It's exactly the

10   same.  No one -- this is not a claim about the proceeds of

11   the allocation, proceeds of the -- sale proceeds that are

12   held in the lockbox.  No one's making a claim for that.  And

13   so those arguments just don't fit.  So --

14             THE COURT:  And if Judge Stark withdrew the

15   entirety of the case, this issue would be before him.  Is

16   that right?

17             MR. ADLER:  That's correct, yes.

18             THE COURT:  All right.

19             MR. ADLER:  That's correct, yes.  And as a matter

20   of fact, SNMP argued that it was a good reason for doing it

21   as soon as possible.  For withdrawing it as soon as possible

22   so that he would be able to rule on this, so.

23             THE COURT:  Okay.

24             MR. ADLER:  Which is significant also, I have to

25   say because, you know, Your Honor might, having heard the

1  arguments today, Your Honor would view an attempt in the

2  adversary proceeding, if SNMP suddenly decided to assert

3  direct claims, if the U.S. Debtor decided, oh, we realize,

4  we just realized that the joint and several liability should

5  apply to the pre-business line sale.  So, Your Honor will

6  view that a certain way, having heard the arguments today.

7  Judge Stark won't have the benefit of that --

8                THE COURT:  Right.

9                MR. ADLER:  -- if the reference is withdrawn.  So

10 if there are any other questions, then otherwise, I'll sit

11 down.

12               THE COURT:  You may sit down.

13               MR. ADLER:  Thank you, Your Honor.

14               THE COURT:  Thank you, Mr. Adler.  Thank you,

15 sir.

16               MS. SCHWEITZER:  Your Honor, unless you have

17 further requests for argument on that, I think everyone has

18 argued that Motion.  We also have a scheduling issue before

19 you --

20               THE COURT:  Right.

21               MS. SCHWEITZER:  -- so we'll take your guidance

22 --

23               THE COURT:  Well, I'm going to take this matter

24 under advisement and I will prepare and issue a ruling after

25 I have reviewed the record in relation to the argument.

1          MR. ADLER:  Thank you very much, Your Honor.

2          THE COURT:  Thank you, Mr. Adler.

3          MR. ADLER:  A pleasure to be here, by the way.

4          THE COURT:  Thank you for a fine argument, very

5    fine.  Mr. Dean and Ms. Schweitzer, good arguments.

6          MS. SCHWEITZER:  Thank you.

7          MR. DEAN:  Thank you.

8          MS. SCHWEITZER:  Are you going first?

9          MR. PERNICK:  No, I think it should be Mr. Dean,

10   I think.

11         MS. SCHWEITZER:  Okay.  We're trying to figure

12   out our scheduling issues.  Mr. Dean is first.

13         THE COURT:  Mr. Dean, take your time and get set

14   up.

15         MR. DEAN:  Thank you, Your Honor.

16         THE COURT:  Good morning, Mr. Pernick.

17         MR. PERNICK:  How are you?

18         THE COURT:  Very well, thank you.  Does anyone

19   need a break?  I'm just asking?

20         MS. SCHWEITZER:  No, I don't think so.

21         THE COURT:  Mr. Dean?

22         MR. DEAN:  If no one else does, I'll -- we'll

23   keep going.

24         THE COURT:  Well, I don't want you to be

25   uncomfortable, but I don't think this will take --

1                      (Laughter)

2              MR. DEAN:  No, I'm fine.

3              THE COURT:  -- I don't think this will take that

4    long.

5              MR. DEAN:  Thank you, Your Honor.  I'll introduce

6    myself first this time.  For the record, David Dean of Cole

7    Schotz --

8              THE COURT:  Yes.

9              MR. DEAN:  -- on behalf of SNMP.  Your Honor, as

10   the letter that we sent to the Court on this discovery

11   dispute indicates, the current dispute with the Debtors

12   relates to an appropriate extension of the schedule.  And

13   this is a very important Motion for us and one that -- or

14   request, and if not granted, we will not be able to prove

15   the elements of our case and have time to submit our expert

16   reports.  So I want to give the Court adequate background to

17   allow the Court the framework to decide this very important

18   issue to SNMP.

19             THE COURT:  All right.

20             MR. DEAN:  Your Honor, we're jointly requesting

21   with Avaya today, ironically, that bankruptcy is one of

22   those places where your friends become your enemies --

23             THE COURT:  Yes.

24             MR. DEAN:  -- and your enemies become your

25   friends.  And so at this hearing, Avaya is our friend.  And

1  we're requesting with them a six month extension of the

2  September 30 deadline to submit expert reports.

3          The Debtors point out in their response to the

4  Court, that we're also seeking approximately eight months

5  for Dispositive Motions and seven and a half months for the

6  pre-trial conference date.  And before I get to the reason

7  why an extension of the expert deadline is necessary, I want

8  to explain why we're not just asking for equal six month

9  extensions of all of the other subsequent deadlines.  And

10 it's really to benefit the Debtors and Avaya.

11         In discussing the joint request for an extension

12 with Avaya, Avaya wanted to extend the deadline to respond

13 to our opening expert reports from ten days to 30 which is

14 entirely reasonable in case like this, given the number of

15 expert's reports, which I'll discuss in a few minutes in

16 more detail that we anticipate having in this case.  Now

17 we're fine with that.  We're okay with giving the Debtors

18 and Avaya 30 days instead of ten to respond to our expert

19 reports and they're going to need it.  They may need more

20 time than that when they see what our expert reports entail.

21         We also originally proposed to Avaya, discovery

22 cutoff is 30 days from the submission of rebuttal reports,

23 which was ten days longer than the one that the Court sent

24 in its original Scheduling Order.  We thought that was

25 reasonable.  Then Avaya came back to us and said they wanted

1  an additional two weeks from there, that brought it to June

2  13, because the trial between SNMP and Avaya before Judge

3  Andrews in what we're called the Red case is scheduled to be

4  heard starting on May 8.  And I think it's scheduled for

5  five days, so that deadline would have really butt right in

6  the trial of SNMP and Avaya, and the Red case, and the same

7  lawyers on both sides are relatively working on both cases.

8          But as I mentioned, Your Honor, this dispute

9  really hinges on a necessity for the expert deadline to be

10  extended.  And I think in considering this request, we

11  didn't have a scheduling conference in this case.  The Court

12  entered the Scheduling Order, sua sponte, so we didn't have

13  chance to explain to the Court why we think extending the

14  schedule further than the Court did is needed.  Our view was

15  we're going to live with the schedule that Your Honor

16  entered.  We're going to try our best.  And we're going to

17  come to you when it becomes necessary and now it's

18  necessary.

19          And in considering this request, I think I want

20  to just take a moment to explain to the Court the types of

21  experts that we're going to need in this case.

22          THE COURT:  Okay.

23          MR. DEAN:  And what the subject of their

24  testimony will be.  The experts that we anticipate in this

25  case are as follows.  An expert who searched for SNMP

1   software in Nortel products.  We'll get into the searching

2   in a moment.  An expert to value the Nortel products which

3   contain our software.  An expert to value SNMP software in

4   connection with the business line sales for which we're

5   seeking profit damages under the Copyright Act.  The Court's

6   already heard about that today.  And economic and damages

7   expert or experts.  This may be the same person, this may

8   not.  An expert on SNMP itself, which is the acronym for the

9   simply network management protocol which is the software

10  that my client invented.

11           THE COURT:  Okay.

12           MR. DEAN:  And an expert or experts on the Nortel

13  products themselves who will work with our evaluation and

14  SNMP experts to calculate the profits attributable to the

15  infringement that we're entitled to receive in this case

16  from Nortel and Avaya.  So you have a lot of experts.

17  There's going to be a lot of coordination between the

18  experts.  And in order for all of those reports to be

19  finished, we're going to need an extension due to the

20  searching and other issues that I'll talk about in a moment.

21           Now despite the substantial experts in this case,

22  we were prepared to request only a four month -- an interim

23  four month extension and then come back and see how it goes

24  to keep the schedule as tight as possible.  But Avaya aptly

25  pointed out that that would have also interfered with the

1    Red case and so they wanted a six month extension.

2              The reason we wanted a four -- at least a four

3    month extension is because the deadline's September 30.  A

4    three month interim extension would have put the expert

5    deadline at December 30, which, I mean, with all of these

6    experts and travel, the New Year, Christmas, it would have

7    been very hard to people focused finalize up to eight expert

8    reports by December 30, so we proposed a four month

9    extension.  And anything less than three months, would have

10   just necessitated a pretty prompt request for an additional

11   extension.  It wouldn't have even have been enough time if

12   we had all the information that we needed sitting here

13   today, which we don't, and I'll get into that in a few

14   minutes.

15             The deadline of six weeks that's proposed by the

16   Debtor -- by the way, for the very first time in the letter

17   sent to the Court, would achieve nothing but another

18   extension request in a couple of weeks.  Now we provided

19   several reasons in our letter why the extension is

20   appropriate.  And I want to give the Court a little bit more

21   detail regarding certainties and address some of the

22   Debtors' counter positions which also we learned of for the

23   first time when we read their letter.

24             The first and perhaps the most important reason

25   that we need this extension, Your Honor, is that we hadn't

1  completed our searching of the source code servers in

2  Canada.  And we haven't even been able to start searching

3  the source code servers in the United States.  Searching

4  these servers is necessary for us to determine what Nortel

5  products contain our software.  And that's critical to our

6  profit damages claim.

7          Now when the Canadian Debtors -- when the

8  Canadian Court denied our Motion for Relief in early March,

9  the Canadian case started to proceed.  So it's about three

10  months as far as timing ahead of this case.  And one of the

11  things that happened shortly after that, is that we started

12  to mediate with the Canadian Debtors, an Order by Justice

13  Newbould on the issue of source code searching.  Searching

14  certain servers in Canada that contained software or source

15  code.  And I'll just say mediation with the Canadian

16  Debtors, as the Court can probably imagine, based on where

17  this case has gone and the various attempts at mediation has

18  been difficult to say the least.

19          The Canadian Debtors initially took the position

20  that this source code searching couldn't generate any

21  relevant evidence.  That it couldn't determine a correlation

22  between a Nortel product and what's called a virgin object

23  base.  And that's what we call a VOB.  It's basically a file

24  drawer within the servers that have containers containing

25  software.  And our searchers believe that it could be done.

1  The Canadian Debtors took the position that it couldn't.

2  And so the resolution of that was an agreement to do this

3  searching in phases.

4          Phase 1 of the search was essentially so that we

5  could disprove the Canadian Debtors' theory.  We agreed to

6  do an initial search to identify those VOB's likely to

7  contain SNMP software.  And of about 3,100 VOB's that are

8  available in Canada, we don't have access to all of them,

9  but we have access to about 3,100 of them, 100 of them were

10 identified in Phase 1 as likely to have SNMP software in the

11 VOB's.

12         In Phase 2, the searchers examined or represented

13 to us that of 12 of those 100 VOBS to determine whether SNMP

14 related hits could be correlated to the individual Nortel

15 products.  And we were able to prove through our experts'

16 submission, in which we provided to the Canadian Debtors,

17 that 11 of 12 of the VOB's the sampling that we searched, we

18 were able to link to a Nortel product.  And were able to

19 find SNMP software in all of them.  And we think with a

20 little more work, we actually would have been a perfect 12

21 for 12.

22         So the second phase of this searching, just to

23 give the Court an idea how long this takes, it ended on July

24 19.  And the Canadian Debtors at that point said, we still

25 don't think it's relevant, even though we couldn't have done

1  more to prove otherwise and so we're going to stop you from

2  doing it.   So they didn't let us continue for good reason,

3  from their perspective to do these searches for a month.   So

4  we lost a month between July 19 and August 20 for no good

5  reason at all, except for the Canadian Debtors were simply

6  just being difficult, in our view.

7           So we started back up on August 20.   And we have

8  an agreement with the Canadian Debtors right now, which we

9  entered into a couple of weeks ago, that we can continue the

10 source code searching at least until the end of October.

11 And if we're not done, then we'll go to the Canadian Court

12 and ask for more time.   We think that should be enough time

13 for us to complete these searches, but we're not sure yet,

14 because this is a highly technical exercise and things

15 happen.

16          Now in this third and latest phase, we intend to

17 search the other 88 VOB's identified in Phase 2 of the 100,

18 to do the same thing we did with the first 12.

19          THE COURT:  Yes.

20          MR. DEAN:  And then, we intend to do a more

21 comprehensive run of all of the other available VOB's to

22 determine whether there are any of the other 3,100 VOB's

23 that require further investigation and searching.

24          Now despite the overwhelming evidence that we

25 presented through our expert searcher's reports, the

1    Canadian Debtors continue to take the position that we can't

2    get relevant evidence from the source code searching.  But

3    even in the face of this disagreement, unlike the U.S.

4    Debtors, the Canadian Debtors are actually still continuing

5    to allow us to go forward with the searching, even though

6    for the record, they have disagreed with us.

7              Now as I noted, we still don't have access to all

8    of the VOB's in Canada and that brings us to why this is

9    really important in the United States.  The Debtors have

10   source code servers in North Carolina and possibly other

11   locations.  And our understanding is that much of the

12   information contained in the U.S. servers is duplicative of

13   what's on the Canadian servers.  But we always suspected

14   that there were -- there -- some of these missing VOB's,

15   we're missing about 1,300 of them.  We can't -- we don't

16   have access to them.  We thought these 1,300 VOB's might be

17   located, at least some, in the United States.  And our

18   suspicion was confirmed on August 25, just August 25, very

19   recently.  When Debtors counsel told us for the very first

20   time that there may be about 1,100 VOB's in the U.S. that

21   are not found in Canada.  And this is very significant to

22   us.  It became clear on that date, that we are going to need

23   to search the U.S. servers.

24             Now we received even more detail on this Friday

25   night when the Debtors gave us their responses to the

1  interrogatories that we served, and they produced a list

2  showing 573 VOB's in the U.S. that are not -- confirmed to

3  be not in Canada.  So the only place that we know where they

4  exist, is on the United States server.

5          So the response that the Debtors have come up

6  with here is essentially to adopt the Canadian Debtors

7  untenable position that the searches just aren't working.

8  And they essentially asked the Court to adopt the Canadian

9  Debtors position and just take their word for it, it's not

10  working, even though we have expert reports that suggest

11  otherwise.

12          And as I mentioned, this is a very important

13  request for us.  And if the Court finds that it's necessary

14  to have an Evidentiary Hearing on whether these searches are

15  actually producing meaningful results, we are fully prepared

16  to bring our experts to Court and have a full Evidentiary

17  Hearing.  And have our experts explain to the Court in ways

18  that the lawyers simply cannot, as to why this is working.

19  We don't think you need to do that because there are other

20  reasons, but if you need to, we are fully prepared and

21  willing to do that because of the important nature of this.

22          Now, the Debtors other argument is that well, the

23  asset buyers have certified that they don't have anything

24  so, of course, you should just believe them, right?  And you

25  don't -- this is all duplicative evidence, but

1  certifications, first of all, the asset buyers may not even

2  know that our software is contained in some of their

3  products.  And even if they do, a certification is by its

4  definition, a self-serving document without proof to the

5  contrary, are completely unreliable.

6           So the searching in Canada and the searching

7  that's going to be needed in the U.S. is the only logical

8  way for us to confirm what Nortel products contain our

9  software.  It's highly relevant.  It goes directly to our

10  damages.  It's not duplicative of any other discovery that

11  we could receive from any other source.  And that reason

12  alone, Your Honor, is cause to grant the extension request.

13           But the source code searching isn't the only

14  reason why an extension request is needed here.  The Debtors

15  responded to our document request on Friday night.  And

16  other than the list of the VOB's that I explained to the

17  Court came with the interrogatory responses, the Debtors

18  produced no documents in response to their interrogatories

19  and document requests.

20           Now we understand this is a complex case.  And we

21  understand that Avaya's document requests are due to day.

22  They're likely not going to produce documents today either

23  and we don't expect them to.  And we don't fault the Debtors

24  for not being able to produce all of the relevant documents

25  within a 20 day period for responding to discovery that was

1    set by the Court in the Scheduling Order.  But where we do

2    fault them is you can't reconcile the refusal to give us

3    documents, when the responses are due, with the refusal to

4    agree to a reasonable extension of the discovery deadline.

5    These two don't work.

6             Now the other thing I want to note is that the

7    Debtors in their answers to our interrogatories, I just want

8    to give the Court an illustration of what -- how difficult

9    it is to get discovery in this case.  Refused to answer a

10   number of key interrogatories that basically said that

11   they're willing to meet and confer on these issues, instead

12   of answering the interrogatories that we've propounded.  But

13   one striking example that I want to give the Court is the

14   Debtors' response to Interrogatory #18, which was our last

15   interrogatory, by the way.  We had others that we could have

16   asked.  We still have others that we could ask.  And the

17   Debtors actually refused to answer the interrogatory on the

18   ground that it should have been asked in subparts.  That was

19   really why they refused to answer the interrogatory and said

20   that they're willing to meet and confer on that, too.

21            So that's where we are with written discovery.

22   Now the Debtor's attempt to divert attention for their own

23   failures by essentially saying that we, SNMP, were the ones

24   who issued our document requests --

25            THE COURT:  Requests --

1          MR. DEAN:  -- and discovery over two months after

2   the Court issued the Scheduling Order.  But there are good

3   reasons for that and I'll tell the Court why.

4          Before serving these discovery requests, Your

5   Honor, we needed to review and analyze over 11,000 documents

6   produced by the Canadian Debtor to assist us in crafting the

7   document request to avoid duplication of the efforts in the

8   two proceedings.  Half of the documents were duplicative and

9   the other half had no relevance at all.  And we believe that

10  the Canadian Debtors are highly deficient in their

11  production and have already told us they're refusing to give

12  us any more documents.

13         So just so the Court knows, the way this works in

14  Canada is you don't issue discovery requests in Canada, the

15  lawyers and the clients, someone signs an Affidavit and

16  says, here are all the documents that we --

17         THE COURT:  Right.

18         MR. DEAN:  -- think are relevant to the

19  litigation and this is the way it's going to be.  And

20  there's -- it's -- I still, for the life of me, don't know

21  how you can verify that, but the point is, it's a lot easier

22  to produce documents in the Canadian proceeding because all

23  you have to do is produce what you think is relevant and you

24  don't have to wait for a document request, you just start

25  doing it as soon as the litigation starts.

1          Now in addition to this, Your Honor, when the

2    Scheduling Order was entered in this case in early June, the

3    same lawyers working on this case and the Canadian case were

4    focused on producing over 23,000 documents to the Canadian

5    Debtors relevance of this litigation.  That slowed our

6    review of the Canadian Debtors' documents.  And then we had

7    to spend significant time preparing for and defending Mr.

8    Case as the owner of SNMP's three day deposition which took

9    place in July.

10          So for those reasons, we did have some delay in

11    issuing our document request because largely because of what

12    was done in Canada.  But another significant reason why we

13    delayed, was because the questions that we are asking and

14    the documents that we are asking for are highly technical.

15    We had to engage experts.  We had to consult with our

16    experts.  And we had to get them up and running and get

17    their opinions on what we should be asking for because we

18    wanted -- given the tight timeframe here, we wanted to be as

19    expansive and complete as possible when we issued our

20    document requests.  So that just takes time.  This is a --

21    these are complicated matters.  And they require us to

22    consult with experts.

23          So there are a number of reasons why -- I don't

24    think it's anywhere near unreasonable for us to have issued

25    our document request in August when the Court issued a

1  Scheduling Order in June.

2          But I also want to make the record clear on one

3  point that the Debtor raised in their letter.  And that's

4  that we give the U.S. Debtors -- we get -- a long time ago,

5  we gave them access to all 23,000 documents that we produced

6  to the Canadian Debtors which we think are relevant to this

7  litigation.  And we'll also be making those documents based

8  on Avaya's request available to Avaya this week.  The only

9  reason Avaya doesn't have the documents yet is because in

10 the Canadian proceeding, there's no such thing as a two

11 tiered or three tiered Protective Order.  We have to go

12 through all those documents and designate them appropriately

13 as confidential, or highly confidential, or highly

14 confidential attorney's eyes only.  And once we complete

15 that process, we're going to give the documents to Avaya.

16 We don't think that the documents are relevant to the claims

17 against Avaya, but Avaya has asked for them and we've agreed

18 to give them.

19          So the Debtors' suggestion that we haven't

20 produced any documents in this case is really, it's just

21 completely inaccurate.  It's just that the documents were

22 produced in Canada.  We gave the U.S. Debtors access to them

23 and they have all of those documents, 23,000 of them for

24 that matter.

25          And then with respect to Avaya, most of the

1  documents or if not all of the documents that are relevant

2  to our claims against Avaya, were already produced to them

3  in the Red case.  And we told them that in our answers to

4  our document responses.

5          Now with all this said, Your Honor, I find it

6  very ironic that the Debtors are blaming us for issuing

7  document requests late, when they actually didn't issue

8  their document request to us, until after we issued ours to

9  them.  Theirs aren't even due until this Thursday.  So I

10 find it to be a little bit perplexing for them to make the

11 argument that we waited too long, when they actually waited

12 longer than us.

13         So for these reasons, Your Honor, the Debtor

14 knows very well that the current schedule can't be achieved,

15 yet they're still challenging a reasonable extension of the

16 discovery deadline.  They do this based on the theory that

17 the case should stay in relative line.  And Ms. Schweitzer

18 made a point of this in the argument in the other motion, in

19 line with what's going on in the Canadian proceeding.  But

20 she also mentioned that we were the ones who broke this

21 proceeding up.  And I just don't -- maybe she didn't mean to

22 say that, but I just don't see it that way.  Remember, we

23 have to go back to the beginning here.  We filed the lawsuit

24 against the Canadian Debtors and the U.S. Debtors and Avaya

25 here.  We wanted to have one case.  The Canadian Debtors and

1    the U.S. Debtors coordinated with each other to ensure that

2    these claims were to be bifurcated in Canada.  So it's the

3    U.S. Debtors working with the Canadian Debtors that caused

4    the bifurcation of these proceedings, not us.  We wanted one

5    proceeding.  We always intended to commence it here based on

6    the agreement we have the Canadian Debtors, moved to

7    withdraw the reference and have one trial in the U.S.

8    District Court.  I don't have any quibble about that.

9    That's what we have always intended.  We want a Jury Trial.

10   And that's exactly what we tried to do and we lost the

11   Motion for Relief.  That was coordinated with the U.S.

12   Debtors and challenged and won, and that's why we have a

13   bifurcated proceeding.

14            So I don't think that the Court should allow the

15   U.S. Debtors to use the Canadian proceeding as some reason

16   to deny a reasonable extension of the schedule in this case,

17   when they were the cause of the case being bifurcated in the

18   first place.

19            Now, the other thing I want to mention about

20   this, Your Honor is the Court -- the U.S. Debtors are

21   essentially asking this Court to adopt the Canadian Debtors'

22   position on when a schedule should occur.  We -- by the way,

23   this was another thing that we learned about for the first

24   time in the Debtor's letter.  The Canadian Debtors have

25   never proposed an expert deadline to us.  They've never

1    proposed a trial date to us, but the U.S. Debtors' letter

2    indicates that the Canadian Debtors are going to propose

3    these dates to the Court.  But I just don't see how the

4    Court can just take the Canadian Debtors' word for it and

5    enter a schedule in this case to stay in line with the

6    Canadian proceeding, just because the Canadian Debtors are

7    likely -- they wouldn't even commit that they would, request

8    but not even maybe get an extension or a schedule that

9    they're requesting, so I just --

10                THE COURT:  The trial date the first quarter of

11    the --

12                MR. DEAN:  The first quarter of 2016 --

13                THE COURT:  Right.

14                MR. DEAN:  -- is when we -- the U.S. Debtors say

15    the Canadian Debtors are likely or may request a trial date.

16                THE COURT:  Right.

17                MR. DEAN:  But we don't even know whether that's

18    going to happen.  And we don't know -- certainly don't know

19    whether Justice Newbould will give it to them, but we're

20    certainly going to oppose it because as I mentioned, we're

21    not even done with the source code searching in Canada.  We

22    just recently proposed to conduct the only remaining

23    deposition left in Canada of the Canadian Debtors in early

24    December.

25                And the reason we propose early December is

1 because we think -- we were hoping that October 30 is enough

2 time for us to complete our source code searching.  We only

3 get one shot at a deposition in Canada.  So we need to have

4 the information from the source code searching so that we

5 can ask the witness about each of the products that we

6 identify in the source code searching without which, we

7 don't have a case.

8          And so, we're going to object to the Canadian

9 Debtors' proposal in Canada, if they ask for such an expert

10 deadline and such a trial because it's just premature,

11 excuse me, based on where we are with the source code

12 searching.

13          Now in addition to what's going on in Canada,

14 Your Honor, there's -- and the source code searching,

15 another reason for the request is that Your Honor may have

16 seen or may not have seen, but on Friday, we filed a Motion

17 to ask the Court to issue a letter of request or a letter

18 interrogatory to the authorities in Sweden.  And --

19          THE COURT:  I haven't seen it yet, but I will.

20          MR. DEAN:  Yeah. It was filed on Friday.  We

21 intended -- after our experts helped us craft the request,

22 around the same time that we issued the document request to

23 the Debtors, we issued a subpoena to GENBAND, one the other

24 asset buyers, which we were able to serve in the United

25 States.

1          We learned during that process, we intended to

2   serve the subpoena on Ericsson, another asset buyer at the

3   same time, but we learned during that process, that they're

4   not -- they don't -- they're not apparently registered to do

5   business in the United States.  And we don't believe that we

6   can compel discovery in the United States unless we go

7   through this process.  And that was August 18.  And it took

8   us a while after that, to figure out exactly what the

9   process is to propose to Your Honor to get the documents

10  from Sweden.  But we do think that even when the Court rules

11  on that Motion, and we don't know whether there will be any

12  Objection to it or not, if you grant it, you would then send

13  the request to Sweden and then the Swedish authority would

14  take however long they want to compel the discovery.  And we

15  just don't know how long that's going to take at this point.

16  But we didn't know until we were ready to send the subpoena

17  out that we had to do this.  And so, that's the reason why

18  we filed the motion.

19          Now one final reason, Your Honor, why I think

20  it's necessary to give the extension is the hearing that the

21  Court had before, the EMEA Debtor Motion.  Now the U.S.

22  Debtors -- I mean, obviously, if the EMEA Debtors are

23  joining this lawsuit and they're going to move to dismiss on

24  a number grounds and they might not be able -- they might be

25  compelled to answer for many, many months.  And then the

1   U.S. Debtors are going to need discovery and they're going

2   to need discovery.  Oh, and by the way, we get to institute

3   direct claims against them if we want to.

4           And by the way, one thing I'll address there.  Is

5   the reason why we haven't decided whether to file a claim

6   against the EMEA Debtors, addressing a point that Ms.

7   Schweitzer made in the last hearing was because we think we

8   can get to the profits without them, number one, because of

9   the law.  But if we're wrong, we'd like to have them in

10  because we'll welcome them in if you -- if you're, you know,

11  if you deny our request to have them stay out, that's fine,

12  but if you do let them in and we're wrong about being able

13  to get the profits from the Debtors, we'd like to take a

14  shot at getting them from the EMEA Debtors.  It would be

15  only fair to do that.

16          So we didn't plan on pursuing claims in England

17  against the EMEA Debtors because enough is enough.  We have

18  our claims.  We're pursuing our claims.  You have to cut it

19  off at some point.  And we didn't think that the EMEA

20  Debtors' claims were as significant as the other claims and

21  this is what we decided to do.  But if you're going to make

22  it easy on us and let us pursue the claims directly against

23  the EMEA Debtors here, then sure, why not?

24          And so that's the reason why we had, may have a

25  change of heart on his particular topic.  And it also

1 | dictates the timing of why we haven't sued them or pursued

2 | claims against them yet, but still might want to, if you add

3 | them to the case.

4 |        Now the Debtors' view is that you shouldn't give

5 | an extension just because this Motion might be granted, this

6 | Rule 14 Motion.  You should wait to see if the Debtors

7 | actually win first.  And, of course, if the Debtors win,

8 | they are more than happy to give an extension to deal with

9 | this.

10 |        And I think this is relevant not -- regardless of

11 | whether you grant or deny the Motion because it really

12 | illustrates the Debtors' motivations here.  They don't

13 | really think that this case needs to be adjudicated quickly

14 | because if they win the Rule 14 Motion, and it advantages

15 | them, oh, well, they're more than fine with an extension.

16 | But if it's because SNMP needs more time to do their expert

17 | reports because we don't have the required information, then

18 | we're going to object like crazy and that's what's really

19 | going on here behind the scenes, Your Honor, in my opinion.

20 |        Now, I don't think that the Debtors should be

21 | able to have it both ways.  They can't come to Court and say

22 | we want to join the EMEA Debtors and we're okay with an

23 | extension, if that happens.  But it's really, really

24 | important for you to decide this case really, really

25 | quickly.  And so we don't think you should give them the

1 extension unless we win.  It doesn't make sense to me.

2          One last point, Your Honor.  With respect to the

3 need for expeditious resolution of this case, generally.  I

4 know that Your Honor in your decision on the Core and Non-

5 Core Motion, mentioned that you thought this case could

6 delay the administration of the overall Nortel Bankruptcy

7 cases.  So I want to just address this for one moment and

8 just give you our view on this because we didn't have a

9 chance to respond to it after the Court's Decision.  But I

10 just want to let you know what our view is on this.

11          THE COURT:  All right.

12          MR. DEAN:  I think it's important to first note

13 that as Your Honor fully is aware, you recently denied a

14 direct certification request in the Allocation Decision.

15 And the reason, primarily, why you did it was because there

16 are factual disputes that underlie the appeal.  And what

17 that means is that when Judge Stark decides the appeal, he

18 could remand it based on those factual disputes.  The Third

19 Circuit could remand it based on those factual disputes.

20 And this thing could easily go to the United States Supreme

21 Court because of the sheer amount of money involved.  So it

22 could literally take, if there's no -- look, I'm all for

23 settlements, if they want to settle it great, but I think

24 the history dictates that that is an unlikely scenario.  And

25 so I think it's pure speculation at this point, to suggest

1  that this case is going to conclude before the allocation

2  decision goes final, which could go through the Appellate

3  process and deal with remands for many, many more years.

4          Now the Debtor knows that it can't propose a

5  plan, any viable plan until this Decision goes final and

6  until we know exactly how the Allocation Decision is going

7  to play out.  But even if this case were to end before the

8  Allocation Decision, given the amount of money that the

9  Debtors are going to have on hand, we're asking -- we

10  believe we have damages in excess of $100 million against

11  the Debtors and in excess of $100 million for contributory

12  infringement.  Even if we were to win our claims in full,

13  the Debtors could still fund a plan.  Now the plan terms

14  might be different because unsecured creditors might get a

15  little bit less -- a few pennies less on the dollar, but

16  it's not going to affect the convertibility of a plan in a

17  case this size with this much money involved.

18          So our view is that it would be nice to have an

19  expedited resolution of this case, but I don't think it's

20  necessary either for confirmation or for the confirmability

21  or feasibility of a plan that the Debtors might propose.

22          So we do think it would be nice for an expedited

23  resolution however.  And we support Your Honor's view on

24  that, but we think that that need to expedite, especially

25  because we don't really think it's a need, it's just a

1   desire, needs to be balanced with giving us the appropriate

2   amount of time to prepare our expert reports.  And we think

3   the six month extension of the expert deadline sort of

4   strikes a balance between those two confronting interests.

5            Your Honor, I don't have anything else, unless

6   you have questions.

7            THE COURT:  Let me just see.  Why should I decide

8   this before Judge Stark --

9            MR. DEAN:  Well --

10           THE COURT:  -- makes his ruling?

11           MR. DEAN:  -- I'll tell you why.  The ruling's

12  under advisement.  And we don't know when he's going to

13  decide it and we have an expert deadline in September.  And

14  I'll raise one other issue.  The Scheduling Order provides

15  like tomorrow or something, I --

16           THE COURT:  Yes.

17           MR. DEAN:  We have to do a joint status report

18  and then have another conference.  We actually think that

19  should be waived because there's really not going to be

20  anything else to talk about.  We're dealing with it all

21  here.  We've submitted letters.  So regardless of whether

22  the Court -- how far the Court extends the schedule, those

23  deadlines should either just be kicked out, consistent with

24  the Scheduling Order or just eliminated because you're not

25  going to see or hear anymore in the letter that would be due

1  tomorrow --

2             THE COURT:  Okay.

3             MR. DEAN:  -- than you have already heard today.

4  I mean, that's the whole point.  And we felt like with this

5  discovery deadline upcoming, we didn't have a choice but to

6  come to the Court and ask for an extension of the September

7  30 deadline.  We didn't want to wait until it was a week

8  before the deadline.

9             THE COURT:  Sure.

10            MR. DEAN:  And we knew we -- until we knew what

11 our expert deadline was going to be.  So that's the reason

12 why.

13            THE COURT:  All right.

14            MR. DEAN:  Thank you, Your Honor.

15            THE COURT:  Thank you, Mr. Dean.

16            MS. PARLIN:  Hi, Your Honor.

17            THE COURT:  Good morning.  It's still morning.

18            MS. PARLIN:  Still morning, just under the wire.

19 Barbra Parlin, Holland & Knight for Defendant, Avaya, Inc.

20            So Mr. Dean has explained in great detail, why

21 there is a need for us and EMEA to have an extension.  I

22 think our letters explained in detail why Avaya needs an

23 extension.  And I think believe we submitted a while back in

24 February, a Limited Objection the first time around when the

25 Debtor tried to put a schedule together that was very fast

1   track.  Why we thought even then, not really knowing what

2   the scope of discovery would be, why we thought it would be

3   a bad idea to try to put this on too fast a track.  And, I

4   guess, I can say that we were prescient.

5            Frankly, you know, a lot of the issues that Mr.

6   Dean raised, have to do with the discovery involving the

7   Canadian Debtors and the U.S. Debtors.

8            THE COURT:  Yes.

9            MS. PARLIN:  And really, affect Avaya only

10  because Avaya purchased assets from the Debtors.  So the

11  discovery is relevant because we bought assets from the

12  Debtors.  And so what's in those documents is going to in

13  some ways, affect the claims against Avaya because it's

14  going to have some bearing on what we purchased.

15           But the fact of the matter is that the claims

16  against Avaya are separate.  And, you know, could have been

17  brought separately as I argued to you, some several months

18  ago.  And if they had been brought separately, we would have

19  been proceeding in the District Court on a totally different

20  schedule and not on the Debtors' schedule.

21           And frankly, this is a very big case for Avaya

22  and it involves very large damage claims and we take it very

23  seriously.  And while normally, I would say that the Debtor

24  -- that the Plaintiff's should be put to their proof and if

25  they can't put their proofs together, that's their problem

1  and it's not my problem.  The fact of the matter is that

2  this schedule doesn't work for anybody.  It just doesn't.

3          And because there is this parallel proceeding

4  going on in the District Court right now involving the Red

5  License, involving the exact same players, we're all at a

6  disadvantage, frankly, and it makes no sense for us to be on

7  a schedule where we're going to have to try both cases at

8  the same time.  It's not possible.  Just physically, it's

9  not possible because we can't split ourselves in two.

10          THE COURT:  Was any of that discovery from the --

11  from what we'll the Red case, pertain to this?

12          MS. PARLIN:  Yes, yes, but it's not entirely

13  going to overlap.  And there's a fair amount of discovery

14  that the -- you see, at the beginning, when Your Honor

15  issued the Scheduling Order, we were all taken aback, but we

16  said, okay, we'll try to live with it.  And we were

17  prepared.  And on the day after you issued your Scheduling

18  Order, we issued our document request.  We were the first

19  ones out of the box.  We issued document requests and we

20  issued interrogatories.  And the responses that we got were

21  go look at our discovery in the Red License case.  Go look

22  at our discovery in the Red License case.  And we said,

23  okay.  Well maybe it's not going to be so bad.

24                    (Laughter)

25          MS. PARLIN:  Maybe we'll just, you know, maybe it

1   will just overlap and it won't be expanded out.  But then in

2   August, we got additional discovery from SNMP and that

3   discovery was much broader and requires a much different

4   level of response than what we had provided already.  And

5   our responses actually to the SNMP interrogatories are due

6   soon and we are going to require an extension until, I think

7   what was asked for was until, I think, the first week of

8   October, October 5, at a minimum.

9          But the fact of the matter is that the way that

10  these deadlines play out, overlapping each other, they

11  simply just don't work.  And now that we, you know, you add

12  in the mix of this third part discovery which is going to

13  have relevance to all of the discovery that's going on up in

14  Canada which is going to have relevance to us, and so on and

15  so forth.  It all takes time.  You know, it's done in

16  computers and it shouldn't take a lot of time, but, in fact,

17  it does.  And it's all very complicated and very technical,

18  and way beyond my pay grade as a lowly bankruptcy lawyer,

19  but from I can understand, it's -- it takes a lot of time

20  and effort to parse through.  And it's not just about

21  clicking through documents on a, you know, in a -- on a disk

22  or something like that.  And for the experts to really parse

23  through all them, and to produce reports that are going to

24  be relevant to whoever the trier of fact is going to be in

25  this case.

1           THE COURT:  Right.

2           MS. PARLIN:  Whether that's Judge Stark and a

3    jury or Your Honor.  And that is not clear to me at this

4    stage of the game.  I have no idea who it's going to be.

5    And whether you're going to be hearing the Dispositive

6    Motions or someone else is, and that I don't know either,

7    because whatever Judge Stark does on the Motion to Withdraw

8    the Reference, this case could still be before Your Honor

9    for a long time.  It could -- we could well be before you.

10   It's not clear what he's going to do.

11          It doesn't make sense for Avaya to be held

12   hostage to a schedule that has nothing to do with us, you

13   know, relating to the Canadian proceeding and what's

14   relevant to the Debtors.  We're all in this together, but we

15   all -- it all has to be good for everybody.

16          THE COURT:  Tell me the impact of the Canadian

17   and the Red License cases on this case.

18          MS. PARLIN:  Well, just to start with, there's

19   going to be a trial in the spring.

20          THE COURT:  Right.

21          MS. PARLIN:  So in point of fact, the lawyers

22   that are preparing for that case, are the same lawyers that

23   are going to try this case.

24          THE COURT:  Okay.

25          MS. PARLIN:  So it's the same group of people.

1   It's the same client.  You know, it's -- and frankly, it's

2   the same group of people on the other side, too, that are

3   going to be trying it.  So they're all going to be, you

4   know, a couple blocks away in the District Court trying that

5   case.

6           THE COURT:  Okay.  All right.

7           MS. PARLIN:  And that's scheduled as Mr. Dean

8   said for early May.  So that, you know, that's what they're

9   doing right now.  They're getting their expert reports done

10  and rebuttals and, you know, there's going to be Dispositive

11  Motions and there's going to be a trial.  And they're going

12  to be preparing for trial over the course of the next few

13  months.

14          THE COURT:  All right.  All right.

15          MS. PARLIN:  So that's the situation.

16          THE COURT:  All right, thank you, Ms. Parlin, I

17  appreciate it.  Mr. Gurgel?

18          MR. GURGEL:  Good morning, Judge Gross.

19          THE COURT:  Good morning.  How are you, sir?

20          MR. GURGEL:  Great, thank you.  And yourself?

21          THE COURT:  Very well, thank you.

22          MR. GURGEL:  Good.  Just for the record, Your

23  Honor, Matthew Gurgel of Clearly Gottlieb also for the U.S.

24  Debtors.  And I'm in the unusual position of having to stand

25  up from someone who's sitting at the same counsel table with

1  me and arguing against --

2                          (Laughter)

3          MR. GURGEL:  -- the position that they've taken,

4  but as Mr. Dean says, bankruptcy cases, I guess, sometimes

5  make --

6          THE COURT:  Odd bedfellows.

7          MR. GURGEL:  -- odd bedfellows or odd litigation

8  counsel table fellows or whatever analogy --

9          THE COURT:  Right.

10         MR. GURGEL:  -- you want to use.  Your Honor, and

11 just to start off, I think we'd say that we certainly

12 understand why SNMP and Avaya felt the need to tee this up

13 before Your Honor now.  As Mr. Dean mentioned, there is an

14 expert report deadline at the end of this month, September

15 30.  And so, of course, it made sense to raise this issue

16 sooner rather than later.

17         THE COURT:  Yes.

18         MR. GURGEL:  And I will respond to some of Mr.

19 Dean's points, but I'm going to, I think, avoid getting too

20 far into the weeds because I don't think it's necessarily

21 even all that relevant.  Again, I will respond to them.

22         I think that the overarching point here for us is

23 that nothing in what SNMP and Avaya have cited to in their

24 letters, we think, dictates this Court should decide today

25 or even in the next week, should decide now that the entire

1   schedule in this case needs to be kicked out six months and

2   beyond.

3           As Your Honor's aware, and as Your Honor's

4   mentioned, you know, going back to February when these --

5   when all the parties were still together in one Court, it's

6   very important to the U.S. Debtors that this case not get

7   extremely out of sync with the proceedings in Canada.  And I

8   think Mr. Dean referenced that he thinks that the

9   proceedings in Canada are about three months ahead of the

10  proceedings here.  I would dispute that for among other

11  reasons, for the fact that as I think Mr. Dean mentioned,

12  some of the documents that have been produced in Canada have

13  now been provided to the U.S. Debtors with the documents

14  produced by SNMP --

15          UNIDENTIFIED SPEAKER:  I'm sorry, I didn't

16  understand you, sir.

17          MR. GURGEL:  I'm sorry.

18          UNIDENTIFIED SPEAKER:  Some of the documents?

19          MR. GURGEL:  Produced in the Canadian proceedings

20  have also been provided to the U.S. Debtors and to -- both

21  documents that SNMP produced and documents the Canadian

22  Debtors produced.  We have certainly been following with

23  great interest, the VOB searches, the searches of these

24  software file drawers.  I'm glad we at least agree on that

25  analogy.  And so, we think that there's been considerable

1  efficiency already that these cases are not --

2           THE COURT:  You don't think the VOB searches are

3  really that important though, do you?

4           MR. GURGEL:  No, Your Honor.  And I can turn to

5  that right now.  I mean, as Mr. Dean acknowledged, I think,

6  there is still a dispute pending that issue in Canada.  And

7  I'm not going to try to get too far into the technical

8  details of the merits because I'm the wrong person at this

9  stage to do that, but essentially, you know, if a VOB is a

10  file drawer containing software and clear cases consistently

11  contain the VOB's.  And the idea is that each VOB would

12  track in general terms, the progress of a software

13  development project and would contain all the different

14  versions of that project so someone could go back and see

15  when it changed from, I'm not sure if it would be Version

16  23, to Version 24, to Version 25 or what have you.

17           And as Mr. Dean mentioned, the parties up in

18  Canada, SNMP, and the Canadian Debtors have been engaged in

19  this VOB search process.  And I think with the stated goal

20  of identifying the presence of SNMP software within a VOB

21  drawer.

22           And I think where the dispute is between the

23  Canadian Debtors and SNMP, and Mr. Dean is right that we

24  share the Canadian Debtors' position right now, is that a

25  VOB could be for a lot of things.  And the presence of SNMP

1  software in a given VOB could -- that given VOB could be

2  related to a Nortel product that was contemplated and

3  partially developed and then abandoned.  It could be a

4  product that was developed, but then never marketed to

5  customers or delivered to customers.

6          And so we think that there are all kinds of

7  reasons that the mere presence of SNMP software in a VOB,

8  even assuming that's what this process shows, doesn't

9  demonstrate that Nortel transferred that software to a third

10  party buyer in the bankruptcy sales or anything like that,

11  which is why as I understand, the Canadian Debtors are

12  continuing to take the position that, you know, it's in

13  essence, irrelevant that SNMP needs to continue this VOB

14  search process because that's not likely to lead anywhere.

15          As I think we discussed actually in a Motion for

16  Protective Order that was filed back in 2011 in connection

17  with the proofs of claim, in order to actually link a VOB to

18  a final Nortel product that was actually shipped to

19  customers, I think you'd need, among other things, engineers

20  with a familiarity of the product, personnel.  Basically,

21  Nortel doesn't have any more who could basically walk back

22  through the development of the project and say yes, I took,

23  you know, this software and I used it to do this and that.

24  And then no, we took that out and put a different thing in.

25  And, you know, the Debtors don't have that capacity.  And as

1  I understand it, our -- or our position is rather that SNMP

2  is --

3         UNIDENTIFIED SPEAKER:  What is?  I'm sorry.

4         MR. GURGEL:  Sorry.  SNMP hasn't developed any

5  methodology for linking a VOB to a product which we think is

6  what they need to do here to make this evidence probative of

7  anything at all.

8         And we would also add that, you know, Mr. Dean

9  mentioned that a point we made in our letter was that in

10  connection with most of the bankruptcy sales, I think all

11  but Avaya, SNMP has since entered into License Agreements or

12  Settlement Agreements with these buyers in which the buyers

13  made representations about what SNMP software they had

14  received.  And, you know, Mr. Dean said, you know, why --

15  essentially why should we take their word for it and these

16  representations and I guess my response to that is if it was

17  good enough for SNMP to enter into agreements or least in

18  claims against all these buyers which are all operating

19  companies and actually have the capacity one would assume to

20  do this sort of job that Nortel doesn't.

21         So again, you know, from our perspective, you

22  know, at best, just to use the language we used in our

23  letter, at best, these job searches are a fishing -- or at

24  best, they're maybe confirmatory exercise and at worst

25  they're just a fishing expedition.

1          And so, again, we think that this issue is going

2    to be teed up in the Canadian Court sooner rather than

3    later. I don't have an exact timetable for Your Honor, but

4    before the need to VOB searches is used as a basis to extend

5    the schedule by six months or more, we would submit that

6    this Court and/or at the very least, the parties, including

7    the Canadian Debtors need to talk about that dispute.  And

8    to the extent that that's going to be teed up in front of

9    the Canadian Court, we'd submit that it would be beneficial

10   for the same dispute to be teed up before Your Honor at the

11   same time.  I don't think Mr. Dean was opposed to that idea.

12          So again, even assuming that the current

13   Scheduling Order merits some extension, as we said in our

14   letter, we think that based on our conversations with the

15   Canadian Debtors, that we could extend that looming deadline

16   from September 30 out to mid-November without getting out of

17   sync with Canada.  That's not a reason to willy nilly kick

18   the scheduling deadline six months out when, you know,

19   further testimony before Your Honor, the possibility of

20   carrying on this VOB issue, might determine that those

21   really aren't relevant to this case and are the basis for

22   kicking out the schedule.

23          Some of the other things that Mr. Dean mentioned,

24   I think he talked a lot about the status of discovery

25   requests and responses to discovery requests.  I am not

1  going to go through the litany of bullet points that he

2  made.   Obviously, the Debtors take issue with Mr. Dean's

3  characterization that we can produce documents on a timely

4  basis in response to Your Honor's Scheduling Order.   That

5  Scheduling Order just, you know, for the record, indicates

6  that responses to discovery will be due within 20 days from

7  service.   And we did respond to the document request and

8  interrogatories 20 days from service.   We did read Your

9  Honor's Orders requiring all document productions to be

10  completed less than three weeks after a document request was

11  received and we think that's reasonable.   And for that

12  reason among others, we don't agree with SNMP's

13  characterization.

14          And, you know, look, we could sling barbs back-

15  and-forth.   I'd note that, you know, SNMP as Ms. Parlin

16  mentioned, responded to Avaya's document requests I think

17  back in July and repeatedly referred to documents they

18  didn't produce in the Red License case.   And we said, well,

19  we're a party in this case, too.   So to the extent that

20  Avaya's already got those because they're parties to another

21  case and we don't have them, we need to see those as well.

22  That was, I think, about two months ago.   And we haven't see

23  any documents yet.

24          But as I said, I'm not going to step through

25  bullet-by-bullet.   I think the overarching point is that

1    SNMP RI, or the Plaintiff's here, it's their case to drive

2    forward.  If they think that they need evidence to prove

3    their case, and they're on notice of this Court's Scheduling

4    Order, it was on them to get the document request to us as

5    soon as possible.  We're going to respond in good faith as

6    quickly as we can.  But just the fact that responses to the

7    document request remain outstanding, we don't think are a

8    reason for the Court today, at least to kick things out six

9    months.

10            And that's all -- I guess I'll just get to it

11    now.  I think that at one point, SNMP RI, Your Honor, I

12    think that they basically said that at the very least, you

13    know, a pause would be -- and I think that's essentially

14    what we agreed with to some extent in our letter.  To the

15    extent that we could push the expert discovery deadline out

16    to mid-November without putting this case out of sync with

17    what's going on in Canada, we can do that, that would, I

18    think, resolve any immediate concerns about the Scheduling

19    Order.  And when we have to come before Your Honor again to

20    discuss some other issues, to discuss the VOB's and discuss

21    what further extensions might or might not be appropriate, I

22    think that's likely true, Your Honor.

23            But the contrary position, the position that's

24    taken by SNMP is that notwithstanding at all the stuff is

25    unsettled, we should just kick the Scheduling Order out six

1   months today.  Again, our reason for that, our principal

2   concern with that is that we think that there are lots of

3   efficiencies to be gained by dealing with things like issues

4   like the VOB searches and having those teed up both before

5   Your Honor and the Canadian Court --

6           THE COURT:  Right.

7           MR. GURGEL:  -- at the same time so you can

8   coordinate.  Farther down the line, we think that there's

9   going to be substantial opportunity for Dispositive Motions,

10  certainly by ourselves.  And we think there's benefit, too

11  to the Court's being able to have those issues teed up at

12  the same time.

13          And, you know, I'm not sure, I think Mr. Dean at

14  the -- it might have been the hearing on the Motion to

15  Withdraw the Reference, indicated that he doesn't see much

16  in the way of prospects at this time for settlement with

17  Avaya, but lots can change in litigation.  And we'd also

18  suggest that keeping the U.S. case and the Canadian case

19  together, keeping the same issues in front of the parties at

20  the same time, maximizes the chance for potential consensual

21  resolution at some point.

22          THE COURT:  Do you see the Canadian and U.S.

23  Trials being joint?

24          MR. GURGEL:  Your Honor, I don't think that we've

25  settled on a position on that yet.  We're not even sure

1  whether this case will ever need to go to trial, but we

2  certainly think that there could be a lot of advantage to

3  keeping things coordinated up until then.  Just till I get

4  my places here for a second.

5          THE COURT:  Sure.

6          MR. GURGEL:  Oh, I guess the other point, Your

7  Honor, again is just with regard to our concerns about

8  keeping things in sync with Canada.  We're concerned about

9  that for all the reasons I had mentioned because we think

10 there are efficiencies to be gained and because we think

11 that it's important that Your Honor and the Canadian Court

12 have the chances to confer before rendering decisions that

13 could otherwise be inconsistent on the two proceedings.  And

14 obviously, especially on a case that involves claims for

15 damages that are linked to the profits received or allegedly

16 received in the bank -- in the business line sales, we think

17 that coordination between this Court and the Canadian Court

18 is of paramount importance.

19          But another reason that we're concerned with this

20 idea that it's not important for the two proceedings to be

21 in sync or that the Canadian proceedings already had and it

22 doesn't matter is that this is an argument that's been

23 raised by SNMP and it's still pending Motion to Withdraw the

24 Reference.  The argued before Judge Stark that essentially

25 coordination isn't happening and it doesn't matter and it's

1    irrelevant.

2            And we're -- for all the reasons I mentioned,

3    don't can't see that.  And we certainly don't want a

4    decision by this Court that on its face appears to just to

5    duress -- address a minor procedural matter, whether to

6    extend the schedule two months, or four months, or what have

7    you, that there could be a real substantive impact to that.

8    So that's another aspect of our concerns.

9            Just to touch briefly on the other points that

10   SNMP and Avaya have raised.  SNMP, of course, raises the two

11   Motions.  We don't think there's anything inconsistent or

12   trying to as Mr. Dean said, to have it both ways about

13   suggesting that -- about saying -- about arguing that the

14   EMEA Motion doesn't provide or the Motion to Join the EMEA

15   Debtors doesn't provide a basis for kicking out the schedule

16   six months at this point.

17           As Ms. Schweitzer noted, SNMP damages claims in

18   this case are that they are entitled to whatever profits

19   were received in the business line sales regardless of which

20   Debtor they went to.  If that's the scope of their claims

21   and the scope of discovery they're seeking, it appears to us

22   that they're going to be seeking the same discovery

23   regardless -- from the U.S. Debtors regardless of whether or

24   not EMEA is in this proceeding.  And so we certainly don't

25   concede that even if EMEA is joined, that this case would

1    need to be kicked out by six months.

2              And as we said, Your Honor's decision on this

3    hasn't been made yet.  So to the extent that the decision

4    were to go against us, that'd be another reason why a

5    decision on the schedule, pushing it out six months today

6    wouldn't be right.

7              THE COURT:  How much time would you push this

8    out?

9              MR. GURGEL:  Well, Your Honor, I think as we

10   indicated in our --

11             THE COURT:  Six weeks?

12             MR. GURGEL:  Well, as we indicated in our letter,

13   I think, based on our discussions with the Canadian Debtors

14   last week, we believe based on what we've been told in the

15   Canadian proceedings and I think Mr. Dean is right.  I don't

16   think that a schedule for further deadlines in the Canadian

17   proceeding has been set yet.  So I think that based on our

18   conversations with the Canadian Debtors, we're comfortable

19   saying that expert reports in mid-November, nobody's arguing

20   that that would put this case out of sync.  So we'd be happy

21   to do that and it would give the parties further time to

22   confer to work through some of these issues like the

23   relevance of the VOB searches.  And then potentially from

24   this Court and the Canadian Court and for about what the

25   best way forward is.

1          THE COURT:  Yes.

2          MR. GURGEL:  So I think that's -- and that's our

3   position on what we can do.  And things may evolve between

4   now and then, but I think that's as far as we're willing to

5   go at this point.

6          THE COURT:  All right.

7          MR. GURGEL:  Again, Your Honor, for the same

8   reason, I think, you know, to the extent that SNMP cites to

9   its pending Motion to Withdraw the Reference is another

10  reason why the schedule might need to go out further.  I

11  think they say in their letter that, you know, if the

12  District Court Withdraws the Reference and puts this Court

13  on a trial date that's somewhere far out in the future

14  because of the District Court's schedule that, you know,

15  that they might have to come back and request a further

16  schedule extension.  And that certainly makes sense that

17  they would have do that if the District Court comes back and

18  agrees with them that the Reference should be withdrawn, but

19  that's, again, not a reason to extend the schedule in this

20  proceeding by six months today in one fell swoop.

21         THE COURT:  Judge Stark didn't indicate when he

22  would issue a ruling, did he?

23         MR. GURGEL:  Yeah, and I'm sure the other parties

24  will correct me if I'm wrong --

25         THE COURT:  No.

1          MR. GURGEL:  -- but I don't think we have a clear

2    sense of when that will come.

3          THE COURT:  Okay.

4          MR. GURGEL:  And, Your Honor, I mean, lastly, I

5    guess, the separate reason that both SNMP and Avaya have

6    pointed to is the fact that they have this other litigation

7    pending in the District Court.  And the fact that they've

8    got scheduling conflicts, you know, issues with the same

9    lawyers being on both teams, expert reports, that sort of

10   thing, and the concern that it would be prejudicial for this

11   case to remain on, I suppose they're saying anything less

12   than a six month extension because it would be a conflict

13   there.

14          And I think our point is that, you know, we're

15   concerned about prejudice and conflicts, too.  And for us,

16   the prejudice and conflict comes from the importance of

17   keeping these two -- this case together with Canada.  And I

18   would submit that, you know, they've got a clear date

19   already for their Red License trial, I think, in the spring,

20   or at least an approximate date, and expected date.  I think

21   a modest schedule extension now will afford the parties an

22   opportunity to craft a schedule that to the greatest extent

23   possible, coordinates whatever concerns they have.  Look, it

24   may be that the concerns are irreconcilable and that we'll

25   have to come back to Your Honor.  But what we don't want

1  lost in the flow of things, is the fact that they're are not

2  only these concerns with schedule conflicts on the

3  Plaintiff's end and on the Avaya's end, but on the U.S.

4  Debtor's end as well.  And that's why a greater schedule

5  extension isn't appropriate today.

6             So, Your Honor, unless you have any questions, I

7  think I've covered most of what I wanted to cover.

8             THE COURT:  No, I don't have any questions for

9  you, Mr. Gurgel.

10             MR. GURGEL:  All right, thank you, Judge Gross.

11             THE COURT:  You answered -- thank you very much.

12             MR. KELLER:  Your Honor, this is Paul Keller --

13  I'm sorry.

14             THE COURT:  Yes, go ahead.

15             UNIDENTIFIED SPEAKER:  I'm sorry, your name --

16             MR. KELLER:  Your Honor, this is Paul Keller from

17  Norton, Rose, Fulbright for the Canadian Debtors and the

18  Monitor.  I didn't know if you -- if this was a good time

19  for me to chime in, given all the attention that the

20  Canadians are getting or do you just want me to wait?  I'm

21  sorry, I'm on the phone.

22             THE COURT:  This would be a good time.

23             MR. KELLER:  Okay.

24                         (Laughter)

25             MR. KELLER:  Well, what I wanted -- there are a

1    couple things.  Certainly, I did -- wanted to talk about the

2    VOB's.  There's a very clear disagreement that the Canadian

3    Debtors and the Monitor have with SNMP RI.  But before we

4    get to that, the Canadian -- the issue has come up about the

5    schedule up in Canadian and what the Canadian's are doing to

6    push things along.

7              THE COURT:  Yes.

8              MR. KELLER:  SNMP RI actually received an email

9    -- oh, I'm sorry, can hear me okay?

10             THE COURT:  Yes.

11             MR. KELLER:  Okay.

12             THE COURT:  You might try speaking a little

13   farther from the phone, it might be clearer.

14             MR. KELLER:  Okay.  Let me try that.  How is

15   that?

16             THE COURT:  That's good.

17             MR. KELLER:  Okay.  The SNMP RI's counsel has

18   been informed, I think before literally just as early as

19   this morning, that the Canadian Debtors will be seeking a

20   trial date in the first quarter of 2016 with Summary

21   Judgments filed in November of 2015 of this year.  We will

22   be asking for a 9:30 a.m. appointment either this week or

23   next, depending on SNMP RI's counsel's availability.  So

24   that is the current status of where this -- where the

25   Canadian's are.  Basically, the Canadian Court in pushing

1   the schedule along.  And we've been coordinating most of

2   that with SNMP RI's Canadian counsel.  Secondly, as to the

3   VOB's --

4           THE COURT:  All right.  Are you having

5   discussions with them Mr. Keller or informing them?

6           MR. KELLER:  Informing them.  We're looking for

7   dates of their availability as to that 9:30 a.m.

8   appointment.

9           THE COURT:  Okay.

10          MR. KELLER:  As for the VOB's, Your Honor, Mr.

11  Gurgel is absolutely correct, there is a clear disagreement

12  as to what the -- what SMNP RI believes it's found through

13  the VOB search in the thousands of different VOB's and

14  believing that it's found something in 11 of those

15  thousands.  The -- that is an ongoing debate and is likely

16  going to continue for some time between SMNP RI and the

17  Canadians as they look to try to persuade us, as well as,

18  others that they have closed the loop on that particular VOB

19  searching.  We -- you know, I, too, like Mr. Gurgel, I don't

20  think getting into that debate right now is really going to

21  be fruitful other than to let you know to let the Court --

22  let the record clearly reflect that there is a disagreement

23  about the finality of that search and a disagreement with

24  what SNMP RI believes it has concluded through that search.

25  But that search will continue.

1          The reality in Canada is that there has been --

2    that all the parties have known for some time, that the

3    decommissioning of that -- of those servers has been a goal

4    of the Canadian Debtors for a very long time.  And so we

5    have been working with SNMP RI to try to get that searching

6    done as quickly and as expeditiously as possible, even

7    though we are highly suspect of the results that their

8    findings.  And we are allowing them to continue that search

9    in a limited way to try to get that wrapped up and done.

10          I'm happy to answer any specific questions you

11    may have on that, but I certainly do not want that

12    characterization taken by SNMP RI here to effect one way or

13    the other whatever schedule that you think should take place

14    in your own Court.

15          THE COURT:  All right.  As far as the trial in

16    this Court, Mr. Keller, do you see it being a joint trial

17    with Canada?

18          MR. KELLER:  Your Honor, I don't think -- I heard

19    you ask that question before, Your Honor, I don't think I

20    thought that all the way through.  I think the answer right

21    now is probably yes.  There is -- SNMP RI have talked about

22    the VOB's searching in Canada and how that might roll in

23    effect into the United States.   And we are trying to

24    coordinate discovery throughout the -- through both Courts.

25    How the Canadian Protective Order has the mechanism for

1   similar protective -- a similar Protective Order to be

2   entered in the U.S., so they -- so that all parties in the

3   U.S., even our Canadian production.  The issues are very

4   similar, if not identical.  So I think there's -- the way it

5   is, I think they're going to be very similar, if not

6   identical.  So I think there would be great benefits to all

7   involved if they happen at the same time.

8           THE COURT:  The reason I ask, of course, is

9   because it will have some affect on my decision here, but

10  that's helpful.  All right, thank you, Mr. Keller.

11          MR. KELLER:  Yes.  Thank you, Your Honor.

12          THE COURT:  Mr. Dean, anything further?

13          MR. DEAN:  Yes, Your Honor, thank you.  I'll try

14  to be brief.  I think I may have misspoke on one thing

15  earlier that I want to just correct for the record.  Of the

16  11,000 documents that we received from the Canadian Debtors,

17  I'm told that half of them were duplicative and then the

18  other half of those half were relevant.  So we have about

19  2,500 relevant documents from the Canadian Debtors.  We

20  still have about 5,000 documents yet to produce in the

21  Canadian proceedings, as well as, the Debtors' letter

22  indicated that we had completed our production, so I want

23  the record to reflect that we do have additional documents

24  that we expect to produce in the Canadian proceeding as

25  well.

1          This whole VOB fighting issue has been going on

2    for about four years.  And, of course, the Canadian Debtors

3    and the U.S. Debtors have to take the position that we can't

4    link our software to their products because they transferred

5    the VOB's to asset buyers.  And if we can link the product

6    to our software, then they pretty much infringed as a matter

7    of law.  So this is nothing but gamesmanship.

8          And everything I hear about whether this is

9    relevant and whether we can link it, this all sounds to me

10   like issues that should be adjudicated at a trial, not as

11   part of discovery.  We are entitled to search for the

12   information that we believe is highly relevant if it comes

13   -- if the Court doesn't buy our expert's or whoever tries

14   this case doesn't buy our expert's testimony at trial as to

15   what they did and how they linked it, that's one thing, but

16   you can't just cut off our right to try.  That's the whole

17   purpose of discovery in the first place.  Why would SNMP R

18   pay so much money to do these searches if we didn't think it

19   was actually going to work?  It makes absolutely no sense

20   for us to go through this exercise, if we didn't believe

21   that it was a highly relevant and important exercise to us.

22         With respect to conferring with Canada, I mean,

23   the Debtors can't even tell you that it makes sense to have

24   a joint trial here.  And by the way, that may be impossible

25   anyway in a month or two months.  It may be impossible in a

1  week because Judge Stark still has a Motion to Withdraw the

2  Reference pending and the Debtors, and the Canadian Debtors

3  tend to lose sight of the fact that if the Motion to

4  Withdraw the Reference is granted as to this entire

5  proceeding, then Judge Stark's going to be the one who

6  decides whether this is a joint trial with Canada.  So I

7  just don't think that the Court should be making decisions

8  based on the Canadian Debtors' position of when we might

9  have a trial.

10              With respect to the Canadian Debtors' counsel's

11  comments, the notice that he just referred to.

12              THE COURT:  Yes.

13              MR. DEAN:  I just was advised by email, that we

14  happened to have received that 10:58 this morning, during

15  the course of the hearing.  And how convenient is that?

16              THE COURT:  Yes.

17              MR. DEAN:  So I just wanted the Court to know

18  when we got that particular email confirming when they plan

19  on asking the Court for a trial.  And they want to ask for

20  Summary Judgments in November.  We haven't even completed

21  the depositions in Canada.  We haven't had a single

22  deposition in this case.  How could this Court -- I mean,

23  because I think the Court has to evaluate what can this

24  Court do?  There have been no depositions.  There have been

25  no expert depositions.  How can we do a Summary Judgment

1  Motion before discovery is even concluded?  It makes

2  absolutely no sense.

3       And the Canadian Debtors are operating under an

4  entirely different set of rules.  And that's why the U.S.

5  Debtors want to bring them into this because it's sort of

6  the Wild Wild West there.  There is -- there are no real

7  rules to discovery.  And the Canadian Debtors' position has

8  always been you're not really entitled to much because we're

9  in an insolvency proceeding and that's just the way it

10  works.  And so they want to drag that concept into this

11  Court, but we're -- frankly, the reality of this, we're

12  operating under the Federal Rules of Civil Procedure.  We're

13  not operating under Justice Newbould's rules in Canada.  And

14  so this Court must treat the context of this proceeding far

15  differently than Justice Newbould might in Canada.

16       And so, the concept of coordinating with the

17  Canadian Court on scheduling, just doesn't seem to make a

18  lot of sense, given we're probably dealing with different

19  sets of substantive laws anyway and so why have Joint

20  Summary Judgment Hearings?  We haven't done a single

21  deposition in this case and we're entitled to them under

22  Federal Rules.  And the Canadian proceeding is just frankly,

23  ahead of ours.  There's only one more deposition, fact

24  deposition that is remaining.

25       And I think it's ironic that since the Lift Stay

1    Motion was denied and the case started proceeding in Canada

2    --

3              THE COURT:  Yes.

4              MR. DEAN:  No one, neither set of Debtors has

5    asked for any level of coordination in this adversary

6    proceeding between the Canadian Court and this Court.  It

7    was only after the Motion to Withdraw the Reference was

8    heard and Judge Stark found it to be an important issue,

9    that now, two weeks later, they're coming to the Court and

10   saying oh, we must have all of this cooperation now because

11   Judge Stark found it to be an important consideration.

12             I made the point at the hearing, that there had

13   been no cooperation and counsel for the Debtor couldn't

14   really say anything other than the parties are coordinating.

15   And I said, well, there's nothing stopping the parties from

16   coordinating if the reference was withdrawn or not, so that

17   has no bearing on the Motion to Withdraw the Reference and

18   there's been no request or coordination.  In fact, the only

19   discussion that we're aware of between the Courts in the

20   adversary proceeding was Justice Newbould's call to you on

21   February 27, before we had a status conference to tell you

22   that he wasn't letting the Canadian claims stay here.  He

23   was denying our Motion.  That was it.

24             So there hasn't been any, but now that they think

25   it's important to Judge Stark, they want to manufacture

1    coordination, when there's no reason to coordinate.

2                Now the other issue on the scheduling and the

3    impact on the Motion to Withdraw the Reference, we did say

4    to Judge Stark that if you can't have a trial -- if you

5    Withdraw the Reference, and do what some Judge's do and keep

6    in the Bankruptcy Court pending trial, you may not have

7    availability to conduct a trial of this type for a year or

8    12 months, 13 months, 14 months, we don't know, but in your

9    ruling, we asked him, respectfully, to tell us when he could

10   conduct a trial so that we're not rushing.  We're not just

11   hurrying up and waiting in this case.

12                THE COURT:  Right.

13                MR. DEAN:  I mean why would we want to --

14                THE COURT:  That's -- well, that's right.

15                MR. DEAN:  -- have such an expedited schedule, if

16   Judge Stark tells us he can't have a trial for 18 months,

17   let's just back the dates then to when he can actually have

18   the trial, so that we have a reasonable schedule in place

19   and we can complete discovery in less than a haphazard way.

20                And so I think that the reason why the Debtors

21   are vehemently opposing what we think is a reasonable

22   request is because they don't want Judge Stark to think that

23   the schedule here doesn't work because it will then -- may

24   impact whether he takes the case up right away, which is

25   what we had asked him to do, or he keeps it down here.

1          And I think a lot of this is just -- I mean,

2    we've been accused of all this strategic maneuvering.  The

3    Debtor is no less guilty than us, Your Honor.  Everybody --

4    they are doing what they think is going to put them in the

5    best position to win the Motion to Withdraw the Reference.

6    And I don't fault that, but this hearing today is really not

7    about whether it's a necessary extension, it's about an

8    intent to try to better the chances of winning the Motion to

9    Withdraw the Reference.  And part of that is to try now

10   manufacture coordination with the Canadian Court that never

11   happened before and object to any extensions, so that they

12   think we're going to go back to Judge Stark, I guess, is

13   what they say in their letter, and try to use an extension

14   to our advantage in a Motion that's already been briefed and

15   fully argued.

16          Unless the Court has any questions of me, I have

17   nothing further, Your Honor.

18          THE COURT:  All right, thank you.

19          MR. DEAN:  Thank you.

20          THE COURT:  Thank you, Mr. Dean.

21          MR. GURGEL:  Judge Gross, if I could say a couple

22   of things?

23          THE COURT:  Yes, Mr. Gurgel as long as Mr. Dean

24   gets the last word, I'm fine with it.

25          MR. GURGEL:  Okay.

1                 THE COURT:  So Mr. Dean, you may have one more

2    chance.

3                 MR. DEAN:  Thank you.

4                 MR. GURGEL:  We are lawyers.  We like getting up

5    to talk.  Your Honor, I just wanted to respond to a couple

6    of things that Mr. Dean said.  Which first is that, we all

7    understand that the U.S. Court is a U.S. Court and the

8    Canadian Court is a Canadian Court and different rules apply

9    there.  We're not trying to import Canadian proceedings

10   here, but that's certainly not to say that there can't be a

11   lot of efficiencies gained by coordination between the two.

12   And I think that no one knows that better than Your Honor

13   having just presided over the allocation trial last year

14   where we faced and dealt with similar issues and got through

15   them.

16                I think Mr. Dean himself said that part of the,

17   you know, said that the reason that they delayed their

18   document request is because they were trying not to

19   duplicate discovery taken in Canada.  So I think that's an

20   acknowledgement that there's a lot of efficiencies to be

21   gained here.

22                And to Mr. Dean's larger point that oh, we're

23   just now claiming somehow for the first time, that

24   coordination between the Court's matter we just -- we have

25   to disagree at every level.  Back in February, Your Honor,

1    you'll recall, at the end of February, February 27, that the

2    Canadian Debtors and the U.S. Debtors jointly proposed a

3    coordinated schedule that was going to keep these two

4    proceedings on roughly the same track.  And for all kinds of

5    reasons, that Order wasn't entered, I think in part because

6    of the pending Motion to Withdraw the Reference.

7               THE COURT:  Right.

8               MR. GURGEL:  But that's certainly not to say that

9    these proceedings can't continue to be coordinated.  If

10   there hasn't been a need to this stage for the U.S. Court

11   and the Canadian Court to confer, that's because the parties

12   certainly have been conferring and coordinating with each

13   other.

14              And, you know, frankly, I just think that this

15   case hasn't been at the stage until now where the parties

16   needed to run to the Court to resolve disputes like this,

17   but that's certainly not to say that we don't have things

18   like that coming down that pike that might benefit from the

19   Court's simultaneous attention.

20              I mentioned the need to resolve this issue over

21   the VOB searches.  Mr. Keller spoke of as well.

22   Understanding that the rules in Canada for Summary Judgment

23   might be different.  We think that there is potential room

24   for dispositive -- coordination on Dispositive Motions

25   between this Court and the Canadian Court.  Them to be heard

1  at least at similar times, if not on the same day.  And, I

2  think, nor should Your Honor take the fact that we haven't

3  made up our mind, I think Mr. Keller said he hadn't made up

4  his mind yet either on whether a joint trial would be

5  preferable or necessary in this case.  We think, first of

6  all, that again, a ton a value in coordination leading up to

7  trial, if not at trial itself.  We're certainly not ruling

8  that possibility out.

9         And I think Justice Newbould in his Order on --

10  when he determined to deny SNMP's Lift Stay Motion and move

11  things to Canada, envisioned very much the same thing.  At

12  Paragraph 32 of his Order, which was filed with this Court

13  under Docket 137-3, Justice Newbould noted there would

14  certainly be nothing to stop SNMP RI from claiming against

15  the Canadian Debtors in the CCAA proceeding.

16         UNIDENTIFIED SPEAKER:  From claiming, I'm sorry?

17         MR. GURGEL:  Sorry, from claiming against the

18  Canadian Debtors in this CCAA proceeding and against the

19  U.S. Debtors in the U.S. Bankruptcy Court and having a joint

20  trial under the protocols established between the two

21  Courts.  So this is clearly on Justice Newbould's mind as

22  well.

23         And at the end of the day, Your Honor, I think if

24  you look at the decisions before Your Honor today, there's

25  only one of those decisions -- there's only one option, I

1  think in this whole continuum of things that Your Honor

2  could do, the positions the parties have taken have been,

3  you know, a six month extension or something closer to a six

4  week extension while we figure things out.

5            It's only the six month extension that's being

6  requested by SNMP and Avaya that is in essence, irrevocable.

7  If the schedule goes out that far, we're not going to be

8  able to reign things back in, if it looks like things are

9  proceeding more quickly in Canada.

10           By contrast, if Your Honor were to order a more

11  modest extension and feel that was appropriate, yes, we

12  might have to come back before Your Honor, but we can make

13  further adjustments to the schedule as necessary.  I think

14  that the spirit of Your Honor's existing Scheduling Order

15  was that it wanted to pay close attention to the schedule in

16  this case --

17           THE COURT:  And I wanted to move the case along

18  and thought that that would be helpful, frankly.

19           MR. GURGEL:  Yes.  And, Your Honor, I think that

20  -- I think Mr. Dean, and Ms. Parlin, and certainly we all

21  agree that the Scheduling Order has been helpful in that

22  regard.  I think part of the reason why we're here before

23  Your Honor today is because we're up against deadlines and

24  we're working hard to meet them as best we can and we're

25  moving forward.  And we think that similar attention from

1  the Court will keep things from being unduly drawn out.  And

2  again, reap the maximum possible benefit out of coordination

3  with Canada.

4           THE COURT:  All right, thank you, Mr. Gurgle.

5           MR. GURGEL:  Thank you, Your Honor.

6           MR. DEAN:  My last words --

7           THE COURT:  Mr. Dean, the last word.

8           MR. DEAN:  -- will be very brief.  I just want to

9  address this whole concept of a joint trial.  I know that

10  the Debtors can't even commit that one might make sense

11  here, but to the extent that they think it does, I'm not

12  sure it does here.  I know you did a joint trial in the

13  allocation proceeding, but just -- let's just take a step

14  back and remember how hard it was to get Co-Debtors to agree

15  on the parameters and the concept of a joint trial.  It took

16  literally years before the Debtors could actually agree on

17  how this joint trial should work.  And it was a very

18  different animal than what we have here where we're going to

19  have competing experts, and where do the experts testify,

20  and what rules apply?  I just think this could be a very

21  difficult negotiation or ruling for the Court to have a case

22  like this.  I'm assuming the Motion to Withdraw the

23  Reference is denied, tried in a joint trial.  And we're not

24  sure it would be more efficient because from our client's

25  perspective, he sees lawyers in Canada and lawyers in the

1  U.S., and it doesn't really reduce --

2                         (Laughter)

3            MR. DEAN:  -- the bill from our standpoint so --

4            THE COURT:  Right.

5            MR. DEAN:  -- I have to say -- and it makes this

6  a lot more complicated in a lot of ways as well as Your

7  Honor already knows.

8            And the last thing I'll say about the joint trial

9  is that I keep having to go back to the fact that the

10  Debtors are the ones who broke this case up in the first

11  place.  They're the ones who wanted this case tried in

12  Canada and the United States, primarily to feed our Motion

13  to Withdraw the Reference, but they should be stuck with

14  their decision.  They can't -- they should not be able to

15  disadvantage us here because they wanted the trial to be

16  broken up and to have two separate proceedings in Canada and

17  the U.S.  And now, they want to jam us up here and rush

18  through the schedule because the Canadian Debtors want to do

19  that there, when they're the ones who broke the case up in

20  the first place.

21            So they shouldn't be allowed to try to put this

22  back together again for their own benefit, when it

23  advantages them, when they were the ones who broke it up,

24  when it disadvantaged us.  Thank you, Your Honor.

25            THE COURT:  Thank you, Mr. Dean.  Well, let me

1  say this.  As I indicated before, I entered the Scheduling

2  Order I did in the hope that the case could proceed quickly.

3  And it's obvious to me now, that it's too quick.  So I'm

4  going to go back and look at dates.  And I don't know that

5  it's the appropriate time for me to talk to Justice

6  Newbould, frankly.  I don't know that he would be any better

7  situated to make a decision on a trial date at this point

8  than I am on the discovery schedule.  It's got to be

9  extended and it will be extended.  And it will be somewhere

10 between the six weeks and the six months, I think, but I

11 need to look at the dates.  So there's nothing tomorrow that

12 the parties have to comply with.  And the discovery, as I

13 say, the expert reports will be delayed and the like.

14          MR. GURGEL:  Your Honor?

15          THE COURT:  Yes, Mr. Gurgel.

16          MR. GURGEL:  If I could just say one quick thing

17 here.

18          THE COURT:  Please, please.

19          MR. GURGEL:  We do have some scheduling conflicts

20 from the individuals who are on our litigation team.

21          THE COURT:  All right.

22          MR. GURGEL:  So I think -- I'm not sure --

23          THE COURT:  Well, why don't I do this?  Why don't

24 I ask each side to submit an Order to me with dates for me

25 to consider.  And I think that may be the best way for me to

1   do it.

2             MR. DEAN:  Your Honor?

3             THE COURT:  Mr. Dean?

4             MR. DEAN:  I'm fine doing that, but the actual

5   daters that we requested are spelled out in our letter.

6             MS. PARLIN:  In the letter.

7             THE COURT:  That's right.

8             MR. DEAN:  They're the exact dates.

9             MS. PARLIN:  Yes.

10            THE COURT:  That's right, that's right, they are.

11  Thank you.

12            MS. PARLIN:  Yeah.

13            MR. DEAN:  The only dates that aren't spelled out

14  are tomorrow's deadline that provided a joint status report

15  which I hope the Court will waive in light of today's

16  discussion --

17            THE COURT:  I'm waiving that, yes.

18            MS. PARLIN:  Yes.

19            MR. DEAN:  -- and the subsequent September 15

20  conference call with the Court on that particular --

21            THE COURT:  We're good.

22            MR. DEAN:  So if you would waive that, then all

23  of the other dates are actually already proposed jointly

24  with Avaya in our letter.

25            MS. PARLIN:  And, Your Honor, the dates for the

1    Red License trial, I think are also in the letters, right?

2    So --

3              THE COURT:  Oh, good.  Yeah, and I know it was

4    May.

5              MS. PARLIN:  Yeah, it's the first week of May,

6    right?

7              THE COURT:  Okay, good.

8              MR. DEAN:  Thank you, Your Honor.

9              THE COURT:  Thank you, thank you.

10             MR. GURGEL:  And, Your Honor, to the extent we

11   have scheduling concerns, I think in addition to giving Your

12   Honor an Order, we can put something into a letter to give

13   Your Honor an idea of what it is that's problematic for us,

14   if that's okay.

15             THE COURT:  That would be helpful.  That would be

16   helpful to me, yes.

17             MR. GURGEL:  Thank you, Judge Gross.

18             THE COURT:  Thank you, Mr. Gurgel.  And I

19   certainly don't want us to be doing this on a routine basis,

20   but it is necessary to extend the dates and the question is

21   how much.

22             MR. DEAN:  Do you -- would you like us to submit

23   an Order with the dates for convenience or I'm just not

24   sure.  I mean, the dates are actually in the letter.  I'm --

25             THE COURT:  They're in the letter and that's

1  fine.  That's fine, Mr. Dean.

2            MR. DEAN:  That's enough?

3            THE COURT:  Yes.

4            MR. DEAN:  Okay.  All right, thank you.

5            THE COURT:  That will be sufficient for me.

6            MR. DEAN:  Thank you.

7            MS. PARLIN:  So, just to be clear.

8            THE COURT:  Ms. Parlin, yes.

9            MS. PARLIN:  We had asked for some additional

10 time for our interrogatory responses, so I'm just going to

11 assume that that's --

12            THE COURT:  That's part of this.

13            MS. PARLIN:  Okay.

14            THE COURT:  That's part of this decision to

15 extend time.

16            MS. PARLIN:  Okay.

17            THE COURT:  And the only question being how much

18 time to extend it.

19            MS. PARLIN:  But so -- but for right now, we had

20 asked for just till October 5, so but I'm going to --

21            THE COURT:  You're fine with that.

22            MS. PARLIN:  That we'll be okay for that, okay.

23            THE COURT:  Yes.

24            MR. DEAN:  Just to clarify, Your Honor, if I may

25 from here.  Avaya asked us for an extension through Thursday

1    to determine how this went to respond to the

2    interrogatories.  We told them that we would gladly give

3    them an extension through October 5, but we needed to know

4    how this hearing played out first before we could go that

5    far out because --

6                    MS. PARLIN:  It's not -- this is not a -- it's

7    not knock on them.  We understand that this an issue for

8    Your Honor.

9                    THE COURT:  Good.

10                   MR. DEAN:  I just wanted to give the background

11   on that particular issue.

12                   THE COURT:  I will tell you my sense.  My sense

13   is that it will be somewhat a little bit less than six

14   months.

15                   MS. PARLIN:  And --

16                   THE COURT:  And a lot more than six weeks.

17                   MS. PARLIN:  -- unfortunately, Your Honor, the

18   real problem here is because of the Red License trial --

19                   THE COURT:  Yes.

20                   MS. PARLIN:  -- that if you give us anything less

21   than the six months, you're basically putting us in the

22   middle of the trial.

23                   THE COURT:  Okay.

24                   MS. PARLIN:  That's really the problem.

25                   THE COURT:  All right.

1          MS. PARLIN:  And we can't have that.

2          THE COURT:  Understood.  All right.  I will take

3    that into consideration.  Anything else for today?

4          MS. SCHWEITZER:  That's all, Your Honor.  That's

5    quite enough for after a holiday, right?

6                    (Laughter)

7          THE COURT:  I have a plate full.  I have my plate

8    full and I will do what I can to get rid of it as quickly as

9    I can.  Thank you all very much.

10          MR. DEAN:  Thank you.

11          THE COURT:  And with that, we'll stand in recess.

12   Good day to you.

13   (Whereupon, at 12:29 p.m., the hearing was adjourned.)

14

15

16                    CERTIFICATION

17          I certify that the foregoing is a correct

18   transcript from the electronic sound recording of the

19   proceedings in the above-entitled matter.

20

21

22   _____        _____ September 10, 2015 ___

23   Traci L. Calaman Transcriber                    Date

24   Diaz Transcription Services

| Word | Page:Line |
|---|---|
| **14(a)(3)(2)** 28:5  28:19 | |
| **a.m(4)** 1:15  5:1  104:22  105:7 | |
| **aback(1)** 85:15 | |
| **abandoned(1)** 92:3 | |
| **able(15)** 7:25  55:22  58:14  63:2  64:15  64:18  64:18  68:24  76:24  77:24  78:12  79:21  97:1  117:8  119:14 | |
| **about(68)** 7:14  12:20  13:16  15:18  17:14  17:15  31:2  31:7  33:22  34:18  34:22  38:8  39:8  42:7  46:14  47:5  49:4  49:20  49:22  49:23  50:13  51:12  51:20  51:20  52:9  52:11  52:22  53:4  54:5  55:10  61:6  61:20  63:9  64:7  64:9  66:15  66:20  74:8  74:19  74:23  76:5  78:12  82:20  86:20  90:9  93:13  94:7  94:24  95:22  96:18  98:7  98:8  99:12  99:13  99:13  100:24  102:15  104:1  104:4  105:23  106:21  107:18  107:20  108:2  108:8  113:7  113:7  119:8 | |
| **aboveentitled  (1)** 125:19 | |
| **absolutely(2)** 32:24  105:11  108:19  110:2 | |
| **access(6)** 64:8  64:9  66:7  66:16  72:5  72:22 | |
| **accordance(2)** 8:1  55:8 | |
| **according(1)** 14:16 | |
| **account(1)** 46:4 | |
| **accounts(3)** 43:8  54:24  55:6 | |
| **accused(1)** 113:2 | |
| **achieve(1)** 62:17 | |
| **achieved(1)** 73:14 | |
| **acknowledge(2)** 45:2  45:7 | |
| **acknowledged(1)** 91:5 | |
| **acknowledgement(1)** 114:20 | |
| **acronym(1)** 61:8 | |
| **act(2)** 27:11  61:5 | |
| **action(8)** 8:17  11:25  15:17  18:9  29:13  35:22  42:21  45:17 | |
| **actions(2)** 14:3  17:2 | |
| **active(1)** 29:13 | |
| **acts(1)** 26:8 | |
| **actual(4)** 9:3  29:7  45:6  121:4 | |
| **actually(40)** 9:15  9:23  11:24  12:16  14:14  14:23  17:4  21:20  24:3  24:7  25:21  33:15  35:23  37:21  44:2  46:15  47:18  47:24  48:4  53:5  53:7  64:20  66:4  67:15  69:17  73:7  73:11  79:7  82:18  86:5  92:15  92:17  92:18  93:19  104:8  108:19  112:17  118:16  121:23  122:24 | |
| **add(3)** 79:2  86:11  93:8 | |
| **added(4)** 28:6  28:10  28:11  39:3 | |
| **addition(4)** 49:17  71:1  76:13  122:11 | |
| **additional(5)** 60:1  62:10  86:2  107:23  123:9 | |
| **additionally(1)** 51:5 | |
| **address(7)** 22:18  48:25  62:21  78:4  80:7  99:5  118:9 | |
| **addresses(1)** 50:23 | |
| **addressing(1)** 78:6 | |
| **adequate(1)** 58:16 | |
| **adjourned(1)** 125:13 | |
| **adjudicate(1)** 29:17 | |
| **adjudicated(3)** 14:4  79:13  108:10 | |
| **adjustments(1)** 117:13 | |
| **adler(71)** 3:8  5:22  5:24  5:25  6:2  6:6  6:14  6:18  7:3  7:4  7:7  7:11  8:6  8:19  9:15  10:14  11:14  11:18  12:8  12:13  13:1  13:4  14:8  14:10  15:24  16:4  16:5  16:8  16:9  16:24  17:4  17:18  17:21  18:16  18:18  18:24  19:11  19:14  19:25  20:12  20:24  21:1  22:22  23:9  23:21  23:22  24:5  25:24  27:9  29:7  34:5  34:7  46:13  51:16  52:2  52:17  52:20  53:11  54:2  54:22  55:17  55:19  55:24  56:9  56:13  56:14  57:1  57:2  57:3 | |
| **adler's(1)** 31:7 | |
| **administered(2)** 1:6  1:33 | |
| **administration(2)** 15:12  80:6 | |
| **administrative(1)** 44:12 | |
| **administrators(3)** 3:6  4:34  7:19 | |
| | |
| **adopt(3)** 67:6  67:8  74:21 | |
| **adopting(1)** 7:18 | |
| **adv(1)** 1:18 | |
| **advance(1)** 20:9 | |
| **advantage(3)** 49:25  98:2  113:14 | |
| **advantages(2)** 79:14  119:23 | |
| **adversary(8)** 6:8  9:14  10:24  12:16  21:10  56:2  111:5  111:20 | |
| **advised(1)** 109:13 | |
| **advisement(3)** 31:5  56:24  82:12 | |
| **affect(7)** 20:1  20:3  23:18  81:16  84:9  84:13  107:9 | |
| **affects(2)** 20:20  22:12 | |
| **affidavit(1)** 70:15 | |
| **affirmative(1)** 45:7 | |
| **affirmed(1)** 39:25 | |
| **afford(1)** 102:21 | |
| **after(16)** 9:2  39:6  47:3  47:4  51:22  56:24  63:11  70:1  73:8  76:21  77:8  80:9  85:17  95:10  111:7  125:5 | |
| **again(30)** 15:10  23:17  35:20  36:8  37:16  37:18  38:1  39:5  39:25  40:4  40:11  44:12  44:21  44:24  45:19  46:16  47:14  47:22  89:21  93:21  94:1  94:12  96:19  97:1  98:7  101:7  101:19  116:6  118:2  119:22 | |
| **against(82)** 6:7  8:14  10:21  11:2  11:11  11:13  11:16  13:14  14:4  14:11  14:12  14:22  14:25  15:19  15:25  18:6  18:12  19:14  19:22  19:25  20:8  20:9  22:2  22:6  22:11  22:25  23:12  25:1  26:16  26:21  27:21  28:6  28:12  28:20  30:17  31:3  31:6  31:17  32:4  32:7  32:13  33:24  35:8  35:12  36:22  37:9  38:11  38:12  38:23  39:2  40:15  40:23  40:24  41:10  44:11  44:13  44:17  45:13  45:21  46:20  52:21  54:13  54:16  72:17  73:2  73:24  78:3  78:6  78:17  78:22  79:2  81:10  84:13  84:16  89:1  93:18  100:4  116:14  116:17  116:18  117:23 | |
| **agenda(1)** 5:19 | |
| **ago(8)** 7:17  21:9  23:11  50:16  65:9  72:4  84:18  95:22 | |
| **agree(5)** 5:17  24:15  24:19  25:22  35:12  40:9  69:4  90:24  95:12  117:21  118:14  118:16 | |
| **agreed(5)** 6:14  6:22  64:5  72:17  96:14 | |
| **agreement(2)** 16:15  19:16  20:5  44:23  45:18  46:3  51:9  53:7  53:8  64:2  65:8  74:6 | |
| **agreements(3)** 93:11  93:12  93:17 | |
| **agrees(2)** 13:10  110:13 | |
| **ahead(5)** 43:22  63:10  90:9  103:14  110:23 | |
| **air(1)** 43:9 | |
| **akin(3)** 3:23  4:13  49:14 | |
| **all(143)** 5:20  6:3  6:13  6:16  6:21  6:24  8:11  8:14  10:8  10:15  11:22  12:14  12:15  13:18  16:9  16:13  16:25  17:15  23:3  23:20  23:20  24:11  31:23  32:18  33:21  33:21  34:4  34:8  34:17  34:20  37:2  37:20  38:10  38:17  39:6  39:8  39:10  39:11  40:2  40:23  42:8  42:10  42:14  43:2  43:5  43:5  43:10  44:18  44:18  44:20  44:20  45:4  45:21  46:11  46:14  47:15  48:3  49:8  49:8  49:18  51:7  52:18  55:18  58:19  59:9  61:18  62:5  62:12  64:8  64:19  65:5  65:21  66:7  67:25  68:1  68:24  70:9  70:16  70:22  72:5  72:12  72:23  73:1  73:3  80:11  80:22  82:20  83:13  85:5  85:15  86:13  86:15  86:17  86:23  87:14  87:15  87:15  88:3  88:6  88:8  88:14  88:16  89:21  90:5  91:13  92:6  93:7  93:10  93:18  93:18  95:9  96:10  96:24  98:9  99:2  101:6  103:10  103:19  105:4  106:2  106:15  106:20  107:2  107:6  107:10  108:9  111:10  113:2  113:18  114:6  115:4  116:6  117:20  118:4  120:21  121:22  123:4  124:25  125:2  125:4  125:9 | |
| | |
| **alleged(1)** 9:9 | |
| **allegedly(2)** 9:3  98:15 | |
| **allen(1)** 4:5 | |
| **allinson(1)** 2:44 | |
| **allocate(2)** 21:6  53:21 | |
| **allocating(1)** 45:5 | |
| **allocation(25)** 7:22  8:1  16:12  20:3  20:8  20:10  20:14  20:15  21:10  21:12  21:13  21:16  35:2  37:1  45:5  46:8  53:20  53:24  55:11  80:14  81:1  81:6  81:8  114:13  118:13 | |
| **allow(8)** 37:22  38:7  38:20  43:17  43:24  58:17  66:5  74:14 | |
| **allowable(1)** 41:21 | |
| **allowed(8)** 36:23  36:24  36:24  36:25  38:22  41:9  41:19  119:21 | |
| **allowing(1)** 106:8 | |
| **allows(3)** 28:5  28:13  29:24 | |
| **alone(1)** 68:12 | |
| **along(5)** 46:15  48:18  104:6  105:1  117:17 | |
| **already(20)** 12:25  13:8  23:4  23:15  23:16  30:19  30:20  44:25  61:6  70:11  73:2  83:3  86:4  91:1  95:20  98:21  102:19  113:14  119:7  121:23 | |
| **also(27)** 7:7  9:1  9:16  10:22  12:11  14:24  15:9  19:11  26:10  26:19  29:23  38:16  55:24  56:18  59:4  59:21  61:25  62:22  72:2  72:7  73:20  78:25  88:23  90:20  93:8  97:17  122:1 | |
| **always(9)** 33:22  34:1  39:9  39:20  47:11  66:13  74:5  74:9  110:8 | |
| **america(6)** 3:27  4:9  4:9 | |
| **among(5)** 21:6  45:5  90:10  92:19  95:12 | |
| **amount(6)** 21:14  54:8  80:21  81:8  82:2  85:13 | |
| **amr(1)** 13:17 | |
| **analogy(2)** 89:8  90:25 | |
| **analysis(2)** 16:7  42:10 | |
| **analyze(2)** 25:23  70:5 | |
| | |
| **and(301)** 1:18  1:25  5:5  5:25  6:3  6:14  6:16  6:18  6:18  7:4  7:12  7:20  7:22  7:23  7:23  8:2  8:4  8:5  8:15  8:15  8:24  8:25  8:25  9:8  9:11  9:22  9:23  10:5  10:9  10:14  10:19  10:23  11:2  11:4  11:5  11:18  11:21  11:23  12:5  12:5  12:16  12:19  12:24  12:25  13:7  13:10  13:19  14:18  14:18  15:3  15:4  15:7  15:17  15:20  15:25  16:6  16:6  16:10  16:10  16:12  16:12  16:13  16:14  16:19  16:21  16:24  16:25  17:6  17:13  17:13  17:16  17:17  17:24  18:1  18:7  18:13  18:19  19:3  19:6  19:11  19:20  19:21  20:1  20:1  20:2  20:7  20:17  20:21  21:2  21:3  21:5  21:9  21:9  21:16  21:20  21:20  21:21  21:21  21:23  22:11  22:14  22:16  22:23  23:1  23:7  23:9  23:11  23:13  23:14  24:3  24:6  25:7  25:17  25:18  25:20  25:21  25:22  26:9  26:9  27:7  27:9  27:10  27:12  27:13  28:1  28:3  28:7  28:8  28:8  28:14  28:14  28:19  28:19  28:25  29:1  29:6  29:12  29:17  29:19  30:7  30:10  30:11  30:15  30:19  30:20  30:24  31:4  31:5  31:7  31:8  31:17  31:22  32:1  32:3  32:5  32:8  32:11  32:13  32:14  33:19  33:23  34:5  34:6  34:11  34:12  34:17  34:19  34:24  35:2  35:3  35:4  35:6  35:11  35:14  35:15  35:17  35:19  35:20  36:2  36:3  36:5  36:7  36:15  36:17  36:20  36:21  36:25  37:2  37:6  37:12  37:16  37:22  37:23  38:19  38:25  39:2  39:11  39:20  39:24  39:25  40:4  40:6  40:7  40:8  40:9  40:9  40:22  40:22  40:24  41:2  41:2  41:3  41:9  41:11  41:11  41:11  41:12  41:14  41:14  41:17  41:18  41:22  41:24  42:2  42:4  42:5  42:10  42:12  42:14  42:16  42:24  43:5  43:16  43:19  43:25  44:7  44:10  44:11  44:12  44:16  44:18  44:19  44:23  45:4  45:11  45:18  46:1  46:10  46:13  46:13  46:20  46:22  46:23  46:24  46:24  46:25  46:25  47:1  47:5  47:7  47:24  47:25  48:7  48:10  48:16  48:16  48:22  48:22  48:25  49:1  49:7  49:8  49:18  49:21  50:3  50:12  50:14  50:16  50:19  50:22  50:22  51:2  51:3  51:6  51:8  51:9  51:11  51:13  51:16  51:18  52:6  52:6  52:12  52:22  53:13  53:19  53:25  54:3  54:10  54:14  54:19 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**and**(301) 54:24 54:25 55:2 55:3 55:3 55:6 55:8 55:12 55:14 55:19 56:4 56:24 56:24 57:5 57:13 58:12 58:13 58:14 58:15 58:24 58:25 58:25 59:5 59:5 59:6 59:9 59:10 59:18 59:19 59:25 60:2 60:4 60:6 60:6 60:6 60:10 60:16 60:17 60:19 60:23 61:6 61:6 61:12 61:13 61:16 61:18 61:20 61:23 61:23 62:1 62:6 62:9 62:13 62:20 62:21 62:24 63:2 63:5 63:10 63:15 63:17 63:22 63:23 63:25 64:2 64:7 64:15 64:18 64:19 64:24 65:1 65:4 65:7 65:11 65:12 65:14 65:16 65:20 65:23 66:8 66:10 66:11 66:17 66:21 67:1 67:8 67:12 67:13 67:16 67:17 67:20 67:24 68:3 68:6 68:11 68:15 68:19 68:20 68:23 68:23 69:11 69:16 69:19 69:20 70:1 70:3 70:5 70:8 70:9 70:11 70:15 70:15 70:19 70:19 70:23 71:6 71:7 71:13 71:16 71:16 71:16 71:19 71:21 72:3 72:7 72:12 72:14 72:17 72:23 72:25 73:3 73:17 73:21 73:24 73:24 73:25 74:7 74:10 74:10 74:12 74:12 74:12 75:4 75:18 75:25 76:8 76:10 76:14 76:18 77:5 77:7 77:7 77:11 77:13 77:14 77:17 77:23 77:24 77:25 78:1 78:2 78:4 78:12 78:19 78:20 78:22 78:24 78:25 79:7 79:10 79:14 79:18 79:21 79:22 79:25 80:4 80:7 80:15 80:16 80:20 80:24 81:3 81:5 81:11 81:23 82:2 82:12 82:13 82:13 82:18 83:4 83:6 83:10 83:21 83:23 84:3 84:7 84:9 84:12 84:16 84:18 84:20 84:21 84:22 84:22 84:23 84:24 85:1 85:3 85:6 85:13 85:16 85:17 85:19 85:20 85:22 86:1 86:2 86:3 86:4 86:6 86:11 86:14 86:14 86:16 86:16 86:17 86:17 86:18 86:18 86:20 86:20 86:22 86:23 87:2 87:3 87:5 87:6 87:13 87:17 88:1 88:7 88:10 88:10 88:11 88:11 88:20 88:24 89:1 89:10 89:12 89:15 89:18 89:23 90:1 90:3 90:7 90:20 90:21 90:25 91:4 91:6 91:10 91:11 91:13 91:14 91:17 91:18 91:19 91:22 91:23 91:23 91:25 92:2 92:3 92:22 92:23 92:23 92:24 92:24 92:25 92:25 93:8 93:14 93:15 93:16 93:19 93:24 94:1 94:7 94:21 94:25 95:7 95:7 95:11 95:11 95:14 95:17 95:18 95:21

**and**(176) 95:22 96:3 96:10 96:13 96:19 96:20 97:4 97:10 97:13 97:17 97:18 97:22 98:10 98:11 98:13 98:17 98:21 98:23 98:25 98:25 99:2 99:3 99:10 99:21 99:24 100:2 100:15 100:21 100:23 100:24 100:24 101:2 101:3 101:4 101:12 101:15 101:16 101:17 101:23 102:4 102:5 102:7 102:10 102:14 102:15 102:15 102:16 102:17 102:20 102:24 103:3 103:4 103:17 104:3 104:5 105:1 105:13 105:15 105:16 105:23 106:4 106:6 106:8 106:9 106:22 106:23 107:17 108:2 108:3 108:5 108:8 108:9 108:15 108:21 108:24 109:2 109:2 109:15 109:19 110:3 110:4 110:7 110:9 110:10 110:13 110:16 110:19 110:21 110:22 110:25 111:1 111:6 111:8 111:9 111:13 111:15 111:17 112:2 112:5 112:5 112:11 112:19 112:20 113:1 113:6 113:9 113:11 113:13 113:14 114:7 114:8 114:12 114:14 114:14 114:22 115:2 115:4 115:11 115:12 115:14 115:25 116:1 116:9 116:10 116:18 116:19 116:23 117:6 117:11 117:17 117:18 117:19 117:20 117:20 117:23 117:24 117:25 118:1 118:14 118:15 118:17 118:19 118:20 118:23 118:25 119:1 119:5 119:8 119:12 119:16 119:16 119:17 119:17 120:3 120:4 120:4 120:9 120:9 120:10 120:12 120:13 120:20 120:25 121:19 121:25 122:3 122:10 122:18 122:20 122:25 123:17 124:15 124:16 124:21 125:5 125:8 125:11

**and-forth**(1) 95:15
**and/or**(1) 94:6
**andrew**(3) 2:24 3:48 4:43
**andrews**(1) 60:3

**animal**(1) 118:18
**anne**(1) 3:25
**another**(16) 21:1 26:14 30:20 44:2 44:21 62:17 71:12 74:23 76:15 77:2 82:18 95:20 98:19 99:8 100:4 101:9
**answer**(9) 35:14 41:12 53:5 69:9 69:17 69:19 77:25 106:10 106:20
**answered**(2) 46:25 103:11
**answering**(1) 69:12
**answers**(2) 69:7 73:3
**anticipate**(3) 24:8 59:16 60:24
**any**(45) 6:24 12:9 14:1 14:3 15:5 16:25 19:2 19:3 20:4 20:7 20:7 20:8 20:9 20:12 20:13 22:12 22:17 25:18 27:17 38:21 43:20 52:22 56:10 63:20 65:22 68:10 68:11 70:12 72:20 74:8 77:11 81:5 85:10 92:21 93:4 95:23 96:18 103:6 103:8 106:10 111:5 111:24 113:11 113:16 120:6
**anybody**(4) 18:21 50:13 51:25 85:2
**anymore**(2) 34:14 82:25
**anyone**(1) 57:18
**anything**(17) 17:14 17:14 19:23 34:18 51:25 62:9 67:23 82:5 82:20 92:10 93:7 99:11 102:11 107:12 111:14 124:20 125:3
**anyway**(1) 7:4 32:9 108:25 110:19
**anywhere**(2) 71:24 92:14
**apart**(2) 46:25 47:12
**apologetic**(1) 34:22
**apparently**(1) 77:4
**appeal**(3) 47:17 80:16 80:17
**appearances**(2) 3:37 4:2
**appearing**(1) 5:19
**appears**(3) 25:22 99:4 99:21
**appellate**(2) 6:23 81:2
**applicable**(1) 26:15
**application**(1) 22:13
**applied**(1) 15:3
**applies**(5) 10:15 12:24 30:12 30:21 53:17
**apply**(12) 13:24 19:15 21:18 30:9 31:2 31:25 32:1 32:18 42:11 56:5 114:8 118:20
**appoint**(1) 6:15
**appointment**(2) 104:22 105:8
**appreciate**(1) 88:17
**appropriate**(10) 15:6 15:8 43:3 58:12 62:20 82:1 96:21 103:15 117:11 120:5
**appropriately**(1) 72:12
**approximate**(1) 102:20
**approximately**(1) 59:4
**aptly**(1) 61:24

**are**(173) 5:8 8:19 10:23 13:10 14:4 18:14 18:24 19:7 20:3 20:14 22:15 22:17 22:22 24:2 25:14 25:19 25:20 25:22 26:11 26:21 27:3 27:29 27:10 27:18 27:24 28:1 28:6 28:7 28:10 28:11 28:24 28:25 29:2 29:3 31:5 33:22 34:8 34:16 35:22 36:19 36:20 37:6 37:11 37:13 38:10 38:11 39:20 40:8 40:23 40:25 41:1 42:1 42:11 43:15 43:16 43:23 44:7 44:7 44:14 44:18 44:19 44:25 45:2 45:3 46:7 46:8 46:12 47:15 48:2 49:16 49:20 51:24 52:5 52:7 52:9 52:21 52:25 53:19 54:13 55:4 55:11 56:10 57:8 57:17 60:7 60:25 64:7 65:22 66:4 66:21 66:22 67:2 67:14 67:15 67:19 67:20 68:5 68:21 69:3 69:21 70:2 70:10 70:16 70:18 71:13 71:14 71:14 71:21 71:23 72:6 72:16 73:1 73:6 74:20 75:2 75:6 75:15 76:11 77:22 78:1 79:8 80:16 81:9 84:16 86:5 86:6 86:23 87:22 87:22 87:23 88:2 88:19 90:9 91:1 91:2 92:6 92:11 93:8 93:12 94:21 96:7 97:20 98:10 98:15 99:18 99:18 102:24 103:1 103:20 103:25 104:5 104:25 105:4 106:7 106:8 106:23 107:3 108:11 110:3 110:6 111:14 112:21 113:4 114:4 117:8 119:10 120:20 121:5 121:10 121:14 121:23 122:1 122:24
**aren't**(5) 53:22 67:7 73:9 94:21 121:13
**argue**(3) 19:15 25:16 31:15 36:10 51:25
**argued**(5) 55:20 56:18 84:17 98:24 113:15
**arguing**(8) 27:23 31:3 31:5 35:12 54:5 89:1 99:13 100:19
**argument**(26) 5:9 5:18 8:5 10:20 20:21 21:12 21:15 23:2 23:11 32:13 37:12 39:23 40:3 40:10 40:11 47:19 49:23 51:20 53:20 56:17 56:25 57:4 67:22 73:11 73:18 98:22
**arguments**(16) 20:9 24:7 24:9 31:10 34:1 35:20 38:17 39:25 47:17 52:18 52:22 54:4 55:13 56:1 56:6 57:5
**arising**(1) 17:11
**armistead**(1) 4:21
**around**(5) 38:7 46:17 47:8 76:22 83:24
**arsht**(1) 2:17
**ask**(13) 6:22 8:7 12:5 65:12 69:16 76:5 76:9 76:17 83:6 106:19 107:8 109:19 120:24
**asked**(14) 12:1 36:5 43:24 67:8 69:16 69:18 72:17 86:7 111:5 112:9 112:25 123:9 123:20 125:22
**asking**(11) 12:19 21:23 57:19 59:8 71:13 71:14 71:17 74:21 81:9 104:22 109:19
**aspect**(1) 99:8
**aspects**(1) 51:7
**assert**(9) 15:3 15:19 18:7 18:13 20:8 22:9 37:8 37:9 56:2
**asserted**(8) 8:20 8:20 9:1 11:13 32:5 32:19 53:19 54:13
**asserting**(10) 9:8 10:11 10:18 11:2 19:4 25:20 54:6 54:7 54:15
**assertion**(1) 6:7
**asset**(7) 4:42 50:11 67:23 68:1 76:24 77:2 108:5
**assets**(4) 14:3 43:7 84:10 84:11
**assist**(1) 70:6
**assume**(2) 93:19 123:11
**assuming**(4) 55:1 92:8 94:12 118:22
**attached**(2) 35:25 50:6
**attachment**(1) 43:7
**attempt**(2) 56:1 69:22
**attempts**(1) 63:17

**attention**(6) 15:21 69:22 103:19 115:19 117:15 117:25
**attorney's**(1) 72:14
**attributable**(2) 26:13 61:14
**august**(8) 31:4 65:4 65:7 66:18 66:18 71:25 77:7 86:2
**authorities**(3) 27:8 29:1 76:18
**authority**(5) 8:24 15:10 15:15 22:16 77:13
**authorizing**(1) 7:19
**automatic**(17) 12:23 13:5 13:7 13:24 25:14 27:20 27:24 28:24 29:3 29:9 29:21 29:24 30:14 30:22 30:23 42:11 53:4
**automatically**(2) 12:24 38:22
**availability**(3) 104:23 105:7 112:7
**available**(3) 64:8 65:21 72:8
**avaya**(43) 1:25 2:38 9:11 26:17 26:18 31:7 58:21 58:25 59:10 59:12 59:12 59:18 59:21 59:25 60:2 60:6 61:16 61:24 72:8 72:9 72:15 72:17 72:17 72:25 73:2 73:24 83:19 83:22 84:9 84:10 84:13 84:16 84:21 87:11 89:12 89:23 93:11 97:17 99:10 102:5 117:6 121:24 123:25
**avaya's**(5) 68:21 72:8 95:16 95:20 103:3
**avenue**(2) 2:17 2:33
**avoid**(2) 70:7 89:19
**aware**(7) 6:11 6:25 26:15 33:17 80:13 90:3 111:19
**away**(5) 22:1 22:3 39:4 88:4 112:24
**back**(32) 5:5 5:12 17:19 32:8 39:20 39:22 46:1 48:19 51:18 59:25 61:23 65:7 73:23 83:23 90:4 91:14 92:16 92:21 95:14 95:17 101:15 101:17 102:25 112:17 113:12 114:25 117:8 117:12 118:14 119:9 119:22 120:4
**back-and-forth**(1) 46:9
**back-to**(1) 48:18
**back-to-back**(1) 44:16
**background**(3) 8:16 58:16 124:10
**backing**(1) 36:3
**bad**(3) 42:7 84:3 85:23
**balance**(1) 82:4
**balanced**(1) 82:1
**bank**(7) 3:27 4:9 4:9 43:7 54:24 55:6
**bankruptcy**(9) 1:1 1:40 23:5 23:6 26:12 27:7 29:16 29:18 31:8 31:17 31:21 58:21 80:6 86:18 89:4 92:10 93:10 112:6 116:19
**bar**(1) 38:6
**barbra**(2) 2:39 83:19
**barbs**(1) 95:14
**barred**(2) 47:21 48:2
**barton**(1) 29:22
**base**(1) 63:23
**based**(18) 9:9 21:14 27:14 31:10 45:18 50:10 63:16 72:7 73:16 74:5 76:11 80:18 80:19 94:14 100:13 100:14 100:17 109:8
**basic**(1) 8:16
**basically**(13) 7:18 8:9 8:19 14:16 15:14 19:22 63:23 69:10 92:20 92:21 96:12 104:25 124:21
**basis**(10) 19:3 19:3 19:9 21:22 22:6 94:4 94:21 95:4 99:15 122:19
**battery**(1) 3:9
**bearing**(2) 84:14 111:17
**became**(1) 66:22

| Word | Page:Line |
|---|---|
| because(109) | 7:13 8:6 9:20 10:4 10:20 10:22 11:5 12:15 13:21 18:18 19:15 23:6 23:15 24:4 27:6 27:13 27:20 27:24 28:9 28:18 29:16 30:16 31:2 31:15 31:22 31:24 32:9 32:12 32:17 33:16 35:4 38:2 42:20 43:23 46:16 47:15 48:1 48:15 49:22 51:1 51:19 52:9 53:4 53:13 54:20 55:25 60:2 62:3 65:14 67:21 70:22 71:11 71:11 71:13 71:17 72:9 75:6 75:20 76:1 76:10 78:7 78:8 78:10 78:17 79:5 79:11 79:14 79:16 79:17 80:8 80:15 80:21 81:14 81:25 82:19 82:24 84:10 84:11 84:13 85:3 85:9 87:7 89:20 91:8 92:14 95:20 98:9 98:10 101:14 102:12 107:9 108:4 109:1 109:23 110:5 110:8 111:10 112:22 112:23 114:18 115:5 115:11 117:23 118:24 119:15 119:18 124:5 124:18 |
| become(2) | 58:22 58:24 |
| becomes(2) | 10:9 60:17 |
| bedfellows(2) | 89:6 89:7 |
| been(59) | 8:2 13:20 17:21 19:1 21:1 23:4 23:15 32:8 32:8 41:8 41:25 42:20 45:15 46:17 47:11 47:12 48:23 48:24 53:18 54:3 62:7 62:11 63:2 63:18 64:20 69:18 84:16 84:18 84:19 90:12 90:13 90:20 90:22 90:25 91:18 97:14 98:22 100:3 100:14 100:17 104:18 105:1 106:1 106:3 106:5 108:1 109:24 109:24 110:8 111:13 111:18 111:24 113:2 113:14 115:10 115:12 115:15 117:2 117:21 |
| before(45) | 1:39 6:9 7:7 8:24 9:13 21:4 23:14 33:16 44:22 48:5 48:5 51:16 53:5 55:15 56:18 59:6 60:2 70:4 77:21 81:1 81:7 82:8 83:8 87:8 87:9 89:13 94:2 94:10 94:19 96:19 97:4 98:12 98:24 100:3 104:18 106:19 110:1 111:21 113:11 116:24 117:12 117:22 118:16 120:1 124:4 |
| beginning(2) | 73:23 85:14 |
| behalf(2) | 49:14 58:9 |
| behind(2) | 42:10 79:19 |
| being(27) | 13:6 13:13 36:4 36:5 39:22 40:15 41:2 42:3 43:24 44:13 45:11 49:6 53:16 53:22 53:23 65:6 68:24 74:17 78:12 97:11 97:23 102:9 106:16 117:5 118:1 123:17 |
| believe(15) | 18:25 22:10 25:3 32:15 35:21 42:3 63:25 67:24 70:9 77:5 81:10 83:23 100:14 108:12 108:20 |
| believes(2) | 105:12 105:24 |
| believing(1) | 105:14 |
| belknap(1) | 4:30 |
| beneficial(2) | 33:15 94:9 |
| benefit(8) | 13:4 19:20 56:7 59:10 97:10 115:18 118:2 119:22 |
| benefits(1) | 107:6 |
| best(9) | 7:24 60:16 93:22 93:23 93:24 100:25 113:5 117:24 120:25 |
| better(8) | 10:20 24:4 37:5 42:12 43:20 113:8 114:12 120:6 |
| between(23) | 16:10 16:13 17:13 20:17 38:18 40:5 45:1 60:2 61:17 63:22 65:4 82:4 91:22 98:17 101:3 105:16 111:6 111:19 114:11 114:24 115:25 116:20 120:10 |
| beyond(2) | 86:18 90:2 |
| bifurcate(3) | 10:19 37:23 38:3 |
| bifurcated(3) | 74:2 74:13 74:17 |
| bifurcation(1) | 74:4 |
| big(1) | 84:21 |
| bill(1) | 19:3 |
| bit(7) | 14:19 26:1 31:1 62:20 73:10 81:15 124:13 |
| black(1) | 52:5 |
| blaming(1) | 73:6 |
| blocks(1) | 88:4 |
| bondholders(1) | 4:39 |
| book(1) | 38:2 |
| both(15) | 19:9 20:14 39:5 40:23 41:2 60:7 60:7 79:21 90:20 97:4 99:12 102:5 102:9 106:24 |
| botter(10) | 3:24 49:1 49:12 49:13 49:14 50:9 51:1 52:4 52:14 53:19 |
| bottom(1) | 21:7 |
| bought(1) | 84:11 |
| box(4) | 34:7 34:13 35:21 85:19 |
| boxes(2) | 36:25 52:5 |
| brandon(1) | 2:2 |
| breach(2) | 13:7 54:10 |
| breached(2) | 8:21 8:22 |
| break(2) | 25:24 57:19 |
| brian(1) | 4:31 |
| brickley(1) | 3:40 |
| bridge(1) | 23:15 |
| brief(4) | 27:9 49:16 107:14 118:8 |
| briefed(1) | 113:14 |
| briefly(2) | 49:2 99:9 |
| bring(19) | 18:9 18:12 25:13 27:23 28:5 28:13 28:20 30:16 30:18 38:22 40:2 40:8 41:9 43:4 47:20 47:22 48:6 67:16 110:5 |
| bringing(2) | 28:12 30:24 |
| brings(2) | 39:9 66:8 |
| broad(3) | 13:24 15:10 21:21 |
| broader(1) | 86:3 |
| broadest(2) | 16:16 17:12 |
| broadly(1) | 17:6 |
| broke(5) | 46:25 73:20 119:10 119:19 |
| broken(2) | 47:12 119:16 |
| brought(19) | 10:24 11:16 12:18 13:13 13:20 18:19 28:15 28:17 32:4 40:9 42:20 46:19 48:1 48:6 50:17 53:16 60:1 84:17 84:18 |
| bryant(1) | 3:26 |
| built(1) | 53:1 |
| bullet(1) | 95:1 |
| bullet-by-bullet(1) | 95:25 |
| bundled(1) | 33:23 |
| business(14) | 10:11 10:18 26:13 26:18 30:1 34:16 34:21 35:23 44:8 50:3 61:4 77:5 98:16 99:19 |
| businesses(2) | 9:3 9:10 |
| but(154) | 5:19 6:25 7:12 8:19 9:20 10:14 10:21 11:20 12:8 12:15 16:1 16:17 17:24 18:24 19:2 19:18 19:21 22:19 24:1 25:18 25:23 25:25 26:20 28:11 29:7 29:19 29:23 30:8 31:13 31:21 32:2 33:21 33:24 34:1 34:24 35:13 36:9 36:13 36:19 37:17 38:7 38:16 40:20 41:1 41:4 43:18 44:12 44:20 44:25 45:19 46:3 47:17 47:23 48:19 49:2 49:16 51:2 51:18 53:3 53:8 53:14 54:10 57:25 60:8 61:24 62:17 64:9 65:13 66:2 66:13 67:20 67:25 68:13 69:1 69:12 70:2 70:21 71:12 72:2 72:17 73:19 73:22 75:1 75:3 75:8 75:17 75:19 76:16 76:19 77:3 77:10 77:16 78:19 78:12 78:21 79:7 79:23 80:9 80:23 81:7 81:15 81:19 81:24 83:5 84:15 85:12 85:15 86:1 86:9 86:16 86:19 87:14 89:4 89:19 91:9 92:4 93:11 94:3 95:24 96:6 96:23 97:17 98:1 99:19 101:4 101:18 102:1 102:25 103:3 104:3 105:25 106:11 107:9 108:7 108:15 110:11 111:24 112:8 113:6 114:10 115:8 115:17 117:12 118:11 118:13 119:13 120:10 121:4 122:20 123:19 123:19 123:20 124:3 |
| butt(1) | 60:5 |
| buy(2) | 108:13 108:14 |
| buyer(2) | 77:2 92:10 |
| buyers(7) | 67:23 68:1 76:24 93:12 93:18 108:5 |
| calaman(1) | 125:23 |
| calculate(1) | 61:14 |
| call(5) | 26:10 46:10 63:23 111:20 121:20 |
| called(3) | 32:16 60:3 63:22 |
| calling(1) | 21:17 |
| came(4) | 35:20 36:23 59:25 68:17 |
| can(60) | 7:24 8:1 12:13 15:11 16:2 20:19 22:9 22:17 30:11 30:16 33:25 35:8 35:11 37:5 37:14 38:12 39:11 41:6 41:6 41:14 41:15 41:16 43:3 43:5 45:19 47:9 47:19 48:10 48:11 48:20 48:21 48:22 63:16 65:9 70:21 75:4 76:5 77:6 78:8 84:4 86:19 91:4 95:3 96:6 96:17 97:7 97:17 101:3 104:9 108:5 108:9 109:23 109:25 112:17 112:19 117:12 117:24 122:12 125:8 125:9 |
| can't(25) | 11:3 22:12 33:21 33:21 39:15 48:14 66:1 66:15 69:2 73:14 79:21 81:4 84:25 85:9 99:3 108:3 108:16 108:23 112:4 112:16 114:10 115:9 118:10 119:14 125:1 |
| canada(54) | 8:25 10:1 11:11 19:22 22:23 23:7 23:8 31:9 39:17 40:14 63:2 63:14 64:8 66:8 66:21 67:3 68:6 70:14 70:14 71:12 72:22 74:2 75:21 75:23 76:3 76:9 76:13 86:14 90:7 90:9 90:12 91:6 91:18 94:17 96:17 98:8 102:17 106:1 106:17 106:22 108:22 109:6 109:21 110:13 110:15 111:1 114:19 115:22 116:11 117:19 118:25 119:12 119:16 |
| canadian(108) | 21:5 35:3 40:11 40:12 40:13 40:14 40:22 40:24 46:20 63:7 63:8 63:9 63:12 63:15 63:19 64:1 64:5 64:16 64:24 65:5 65:8 65:11 66:1 66:4 66:13 67:6 67:8 70:6 70:10 70:22 71:3 71:4 71:6 72:6 72:10 73:19 73:24 73:25 74:3 74:6 74:15 74:21 74:24 75:2 75:6 75:6 75:15 75:23 76:8 84:7 87:13 87:16 90:19 90:21 91:18 91:23 91:24 92:11 94:2 94:7 94:9 94:15 95:7 97:18 97:22 98:11 98:17 98:21 100:13 100:15 100:16 100:18 100:24 103:17 104:2 104:4 104:5 104:19 104:25 105:2 106:4 106:25 107:3 107:11 107:19 107:21 107:24 108:2 109:2 109:8 109:10 110:3 110:7 110:17 110:22 111:6 111:22 113:10 114:8 114:8 114:9 115:2 115:11 115:25 116:18 116:18 119:18 |
| canadian's(1) | 104:5 104:25 |
| canadians(2) | 103:20 105:17 |
| cannot(2) | 42:3 67:18 |
| cantor(1) | 4:42 |
| capacity(2) | 92:25 93:19 |
| care(2) | 31:2 31:15 |
| carey(5) | 27:10 29:8 29:19 30:2 30:6 |
| carey's(2) | 30:19 30:20 |
| carolina(1) | 66:10 |
| carrying(2) | 30:1 94:20 |
| cart(1) | 44:21 |
| carve(6) | 17:24 18:1 19:18 19:18 20:18 21:17 |
| carved(1) | 51:1 |
| carves(1) | 45:3 |
| case(124) | 1:5 1:31 4:18 6:15 6:21 8:9 12:3 13:8 13:17 13:17 13:17 14:16 14:18 18:22 18:25 19:2 19:8 21:25 24:22 25:6 25:20 26:12 26:15 27:10 29:7 29:20 29:11 29:19 29:23 30:8 31:6 31:8 31:11 31:16 31:21 32:4 32:17 32:19 39:1 49:5 52:24 54:23 55:15 58:15 59:4 59:16 60:3 60:6 60:11 60:10 61:15 61:21 62:1 63:9 63:10 63:17 68:20 69:9 71:2 71:3 71:3 71:8 72:20 73:3 73:7 73:25 74:16 74:17 75:5 76:7 79:3 79:13 79:24 80:3 80:5 81:1 81:7 81:17 81:19 84:21 85:11 85:21 85:22 86:25 87:8 87:17 87:22 87:23 88:5 90:1 90:6 94:21 95:18 95:19 95:21 96:1 96:3 96:16 97:18 97:18 98:1 98:14 99:18 99:25 100:20 102:11 107:12 108:14 109:22 102:21 111:1 112:11 112:24 115:15 116:5 117:16 117:17 118:21 119:10 119:11 119:19 120:2 |
| cases(13) | 13:15 13:18 27:11 30:2 42:25 43:6 60:7 80:7 85:7 87:17 89:4 91:1 91:10 |
| categories(1) | 8:20 |
| category(3) | 9:13 9:13 30:21 |
| cause(5) | 22:2 29:13 50:17 68:12 74:17 |
| caused(1) | 74:3 |
| ccaa(2) | 116:15 116:18 |
| cdma(1) | 5:21 |
| cede(1) | 5:21 |
| cent(1) | 52:10 |
| center(2) | 33:19 35:20 |
| cents(1) | 52:11 |
| certain(2) | 56:6 63:14 |
| certainly(20) | 19:6 75:18 75:20 89:11 90:22 97:10 98:2 99:3 99:24 101:16 104:1 106:11 114:10 115:8 115:12 115:17 116:7 116:14 117:20 122:19 |
| certainties(1) | 62:21 |
| certification(3) | 68:3 80:14 125:16 |
| certifications(1) | 68:1 |
| certified(1) | 67:23 |
| certify(1) | 125:17 |
| challenge(1) | 19:1 |
| challenged(1) | 74:12 |
| challenging(2) | 18:14 73:15 |
| chance(4) | 60:13 80:9 97:20 114:2 |
| chances(2) | 98:12 113:8 |
| change(3) | 12:9 78:25 97:17 |
| changed(2) | 21:13 91:15 |
| chaos(1) | 34:13 |
| chapman(1) | 3:15 |
| chapter(18) | 1:8 1:29 6:2 6:3 8:8 12:3 12:23 13:25 14:2 18:18 18:19 18:22 21:24 22:1 22:4 22:5 43:5 51:18 |
| characterization(3) | 95:3 95:13 106:12 |
| characterized(1) | 19:17 |
| charles(1) | 3:7 |
| chime(1) | 103:19 |
| choice(1) | 83:5 |
| choices(1) | 33:22 |
| choose(2) | 38:19 47:9 |
| chose(1) | 43:4 |
| chris(1) | 3:32 |
| christmas(1) | 62:6 |
| chung(1) | 4:10 |
| circuit(2) | 29:12 80:19 |
| circumvent(1) | 55:9 |
| cite(1) | 43:7 |
| cited(7) | 13:15 14:18 39:20 39:22 42:25 42:25 89:23 |
| cites(2) | 29:1 101:8 |
| civil(1) | 110:12 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**claim**(89) 9:5 9:8 9:17 9:18 10:4 10:7 10:11 10:18 11:15 11:15 13:6 13:14 13:19 15:3 15:18 15:20 17:17 17:18 17:25 18:7 20:12 20:20 21:14 22:9 22:20 25:5 25:12 25:13 25:20 26:2 26:4 26:11 26:14 26:16 26:19 26:21 26:23 27:2 27:15 27:19 27:21 28:1 32:17 33:24 34:6 34:12 34:12 34:17 34:22 34:24 34:25 35:22 36:22 37:22 38:18 38:20 41:19 41:19 41:20 41:21 42:8 42:19 43:17 43:18 43:21 44:11 44:13 44:17 45:13 45:24 45:25 46:6 46:6 46:25 47:20 47:20 48:13 48:14 48:15 50:10 54:6 54:8 54:15 55:2 55:10 55:12 63:6 78:5 92:17

**claimants**(1) 19:21

**claiming**(5) 11:3 114:23 116:14 116:16 116:17

**claims**(166) 6:7 7:9 7:18 7:20 7:25 8:14 8:15 8:15 8:20 8:25 8:25 10:2 10:16 11:2 11:11 11:13 11:19 11:21 13:10 13:11 13:12 14:4 14:10 14:12 14:22 14:25 15:24 16:10 16:25 18:6 18:13 18:21 19:5 19:22 19:25 22:1 22:2 22:6 22:23 22:25 23:13 23:18 24:6 24:6 25:11 25:19 25:24 26:7 26:11 27:4 27:6 27:11 27:13 27:14 27:18 27:23 28:2 28:5 28:8 28:9 28:12 28:14 28:20 28:22 29:2 29:9 29:17 29:18 30:13 30:15 30:17 30:19 30:21 31:23 31:24 32:18 34:8 34:16 34:17 35:15 36:19 36:23 37:2 37:2 37:19 37:7 37:9 38:11 38:14 38:19 38:23 39:2 39:22 40:1 40:2 40:5 40:8 40:15 40:23 40:25 41:12 41:16 42:5 42:9 42:17 43:21 44:4 44:5 44:18 44:19 45:1 45:2 45:4 45:21 46:7 46:9 46:10 46:10 46:12 47:12 47:23 47:24 48:2 48:8 48:11 48:19 48:20 49:8 49:19 49:20 49:21 49:21 49:23 50:14 50:14 50:23 51:23 51:23 52:21 53:18 55:8 56:3 72:16 73:2 74:2 78:3 78:16 78:18 78:20 78:20 78:22 79:2 81:12 84:13 84:15 84:22 93:18 98:14 99:17 99:20 111:22

**clarify**(1) 123:24

**clause**(1) 53:11

**clean**(1) 39:6

**clear**(17) 9:23 18:5 20:2 22:1 32:12 40:4 52:20 66:22 72:2 87:3 87:10 91:10 102:1 102:18 104:2 105:11 123:7

**clearer**(1) 104:13

**clearing**(10) 8:12 8:14 11:8 14:10 14:11 14:22 14:24 22:3 22:25 29:16

**clearly**(10) 13:13 18:18 21:10 22:11 36:18 42:19 53:17 88:23 105:22 116:21

**cleary**(1) 2:12

**clerk**(1) 5:2

**clicking**(1) 86:21

**client**(3) 17:19 61:10 88:1

**client's**(1) 118:24

**clients**(1) 70:15

**close**(1) 117:15

**closed**(1) 105:18

**closely**(1) 10:5

**closer**(1) 117:3

**co-debtors**(1) 118:14

**code**(16) 26:18 63:1 63:3 63:13 63:15 63:20 65:10 66:2 66:10 68:13 75:21 76:2 76:4 76:6 76:11 76:14

**cole**(3) 2:30 25:10 58:6

**collateral**(1) 11:23

**collectively**(1) 5:17

**collier**(1) 3:44

**come**(20) 12:5 15:2 18:7 34:14 45:17 45:25 47:4 52:8 54:21 60:17 61:23 67:5 79:21 83:6 96:19 101:15 102:2 102:25 104:4 117:12

**comes**(9) 38:18 47:1 48:17 48:18 49:3 54:25 101:17 102:16 108:12

**comfortable**(1) 100:18

**coming**(4) 5:22 51:18 111:9 115:18

**comity**(2) 14:14 49:7

**commence**(1) 74:5

**commend**(1) 7:12

**comments**(1) 109:11

**commit**(2) 75:7 118:10

**committee**(4) 3:23 3:32 4:14 49:15

**companies**(1) 93:19

**company**(1) 3:39

**compared**(1) 43:10

**compel**(2) 77:6 77:14

**compelled**(1) 77:25

**competing**(1) 118:19

**complaint**(9) 26:22 33:14 35:24 35:25 36:17 46:15 46:17 48:7 54:15

**complete**(8) 16:20 31:5 53:5 65:13 71:19 72:14 76:2 112:19

**completed**(4) 63:1 95:10 107:22 109:20

**completely**(6) 35:12 37:5 37:6 43:14 68:5 72:21

**complex**(1) 68:20

**complexity**(1) 39:4

**complicated**(6) 24:16 35:7 39:8 71:21 86:17 119:6

**comply**(1) 120:12

**comprehensive**(1) 65:21

**computers**(1) 86:16

**computing**(1) 42:4

**conaway**(1) 3:13

**concede**(1) 99:25

**concept**(5) 30:5 110:10 110:16 118:9

**concern**(4) 14:3 25:19 97:2 102:10

**concerned**(3) 98:8 98:19 102:15

**concerns**(7) 96:18 98:7 99:8 102:23 102:24 103:2 122:11

**conclude**(1) 81:1

**concluded**(3) 54:3 105:24 110:1

**conclusion**(1) 16:9

**conduct**(13) 9:6 9:21 10:5 13:16 13:22 27:25 29:4 29:18 29:25 42:19 75:22 112:7 112:10

**confer**(5) 69:11 69:20 98:12 100:22 115:11

**conference**(6) 6:11 59:6 60:11 82:18 111:21 121:20

**conferring**(2) 108:22 115:12

**confidential**(3) 72:13 72:13 72:14

**confirm**(1) 68:8

**confirmability**(1) 81:20

**confirmation**(1) 81:20

**confirmatory**(1) 93:24

**confirmed**(2) 66:18 67:2

**confirming**(3) 29:11 29:12 109:18

**conflict**(3) 14:23 102:12 102:16

**conflicts**(4) 102:8 102:15 103:2 120:19

**confronting**(1) 7:23

**confronting**(1) 82:4

**confuse**(1) 35:6

**confusing**(1) 37:21

**connection**(5) 50:1 51:15 61:4 92:16 93:10

**consensual**(1) 97:20

**consented**(1) 19:2

**consider**(1) 120:25

**considerable**(1) 90:25

**consideration**(3) 17:15 111:11 125:3

**considering**(2) 60:10 60:19

**consistent**(1) 82:23

**consistently**(1) 91:10

**constitute**(1) 20:6

**construed**(1) 17:6

**consult**(2) 71:5 71:22

**contain**(6) 61:3 63:5 64:7 68:8 91:11

**contained**(3) 63:4 66:12 68:2

**containers**(1) 63:24

**containing**(2) 63:24 91:10

**contemplated**(1) 92:2

**context**(7) 22:5 30:5 30:15 31:2 38:22 41:3 110:14

**contingent**(1) 17:8

**continue**(6) 65:2 65:9 66:1 92:13 105:16 105:25 106:8 115:5

**continued**(4) 3:4 4:3 9:2 9:22

**continuing**(6) 9:6 13:16 27:25 29:3 66:4 92:12

**continuity**(1) 40:4

**continuous**(3) 10:4 13:21 40:8

**continuum**(1) 117:11

**contract**(3) 8:22 22:14 54:10

**contrary**(3) 53:16 68:5 96:23

**contrast**(2) 41:8 117:10

**contributed**(1) 26:16

**contribution**(27) 6:7 10:11 10:18 15:20 17:3 17:4 17:5 18:2 21:14 25:4 25:12 25:13 25:20 26:21 27:13 27:21 36:22 38:18 38:20 41:10 41:19 42:20 44:17 45:13 47:5 47:20 48:14

**contributory**(2) 27:16 81:11

**control**(2) 48:18 48:20

**convenience**(1) 122:23

**convenient**(1) 109:15

**conversations**(2) 94:14 100:18

**convertibility**(1) 81:16

**cooperation**(3) 40:21 111:10 111:13

**coordinate**(7) 41:5 41:6 41:7 43:15 97:8 106:24 112:1

**coordinated**(7) 48:12 48:21 74:1 74:11 98:3 115:3 115:9

**coordinates**(1) 102:23

**coordinating**(6) 43:19 105:1 110:16 111:14 111:16 115:12

**coordination**(12) 61:17 98:17 98:25 111:5 111:18 112:1 113:10 114:11 114:24 115:24 116:6 118:2

**copies**(1) 50:19

**copy**(1) 16:2

**copyright**(2) 54:9 61:5

**copyrights**(1) 8:21

**core**(3) 8:8 80:4 80:5

**corner**(1) 38:7

**corporate**(2) 37:20 54:9

**correct**(10) 11:14 25:8 28:1 28:17 55:17 55:19 101:24 105:11 107:15 125:17

**correlated**(1) 64:14

**correlation**(1) 63:21

**cost**(2) 42:5 44:8

**costs**(1) 44:8

**could**(53) 13:19 16:1 17:25 18:8 20:21 20:22 21:12 26:11 26:18 28:17 32:4 37:8 51:25 52:10 63:25 64:5 64:14 68:11 69:15 69:16 80:5 80:18 80:19 80:20 80:22 81:2 81:13 84:16 87:8 87:9 87:9 91:14 91:25 92:1 92:1 92:3 92:21 94:15 95:14 96:15 98:2 98:13 99:7 109:22 112:9 113:21 117:2 118:16 118:20 120:2 120:16 124:4

**couldn't**(7) 27:8 42:20 63:20 63:21 64:1 64:25 111:13

**counsel**(9) 33:16 38:5 42:2 66:19 88:25 89:8 104:17 105:2 111:13

**counsel's**(2) 104:23 109:10

**counter**(1) 62:22

**couple**(10) 6:9 25:16 37:15 49:16 62:18 65:9 88:4 104:1 113:21 114:5

**course**(21) 6:23 9:6 9:21 10:4 13:21 15:16 18:9 26:9 27:25 29:3 44:9 45:1 51:8 67:24 79:7 88:12 89:15 99:10 107:8 108:2 109:15

**courses**(1) 13:16

**court**(301) 1:1 5:3 5:7 5:13 5:16 5:20 5:23 6:5 6:13 6:17 7:2 7:6 7:10 8:4 8:9 8:12 8:18 9:12 9:19 10:13 11:2 11:17 12:7 12:12 12:25 13:13 14:7 14:9 15:4 15:23 16:3 16:5 16:18 16:23 17:3 17:17 17:20 18:14 18:17 18:23 19:10 19:13 19:24 20:11 20:21 20:25 21:5 21:5 22:2 22:3 22:19 23:8 23:10 23:15 23:20 23:23 23:25 24:10 24:13 24:15 24:19 24:22 25:1 25:4 25:7 25:9 25:25 25:25 26:3 26:6 26:15 26:23 27:1 27:5 27:16 28:14 28:18 28:21 28:23 29:5 29:14 29:16 29:19 30:17 30:18 30:25 31:1 31:8 31:8 31:12 31:17 31:21 32:4 32:6 32:9 32:20 32:22 33:2 33:7 33:10 34:10 35:2 35:5 35:10 36:1 36:12 36:15 37:8 39:11 39:14 39:17 40:15 40:16 41:13 41:14 41:23 42:3 42:23 43:12 45:8 46:3 46:18 46:21 47:5 48:9 48:12 48:24 49:10 49:12 50:8 50:17 50:25 51:6 54:21 55:14 55:18 55:23 56:8 56:12 56:14 56:20 56:23 57:2 57:4 57:13 57:16 57:18 57:21 57:24 58:3 58:8 58:10 58:16 58:17 58:19 58:23 59:4 59:23 60:11 60:13 60:14 60:20 60:22 61:11 62:17 62:20 63:8 63:16 64:23 65:11 65:19 67:8 67:13 67:16 67:17 68:17 69:1 69:8 69:13 69:25 70:2 70:3 70:13 70:17 71:25 74:13 74:14 74:20 74:21 75:3 75:4 75:13 75:15 75:16 76:17 76:19 77:10 77:21 79:21 80:11 80:21 82:7 82:10 82:16 82:22 82:22 83:2 83:6 83:9 83:13 83:15 83:17 84:8 84:19 85:4 85:10 87:1 87:16 87:20 87:24 88:6 88:14 88:16 88:19 88:21 89:6 89:9 89:17 89:24 90:5 90:5 98:11 98:17 98:17 99:4 100:7 100:11 100:24 100:24 101:1 101:6 101:12 101:12 101:17 101:21 101:25 102:3 102:7 103:8 103:11 103:14 103:22 104:7 104:10 104:12 104:16 104:25 105:4 105:9 105:21 106:14 106:15 106:16 107:8 107:12 108:13 109:7 109:12 109:16 109:17 109:19 109:22 109:23 109:24 110:11 110:14 110:17 111:3 111:6 111:6 111:9 112:6 112:12 112:14 113:10

**court**(58) 113:16 113:18 113:20 113:23 114:1 114:7 114:7 114:8 114:8 115:7 115:10 115:11 115:16 115:25 115:16 116:12 116:19 117:17 118:1 118:4 118:7 118:21 119:4 119:25 120:15 120:18 120:21 120:23 121:3 121:7 121:10 121:15 121:17 121:20 121:21 122:3 122:7 122:9 122:15 122:18 122:25 123:3 123:5 123:8 123:12 123:14 123:17 123:21 123:23 124:9 124:12 124:16 124:19 124:23 124:25 125:2 125:7 125:11

**court's**(8) 50:1 61:5 80:9 96:3 97:11 101:14 114:24 115:19

**courtroom**(4) 1:10 24:2 34:24 42:15

| Word | Page:Line |
|---|---|
| courts(7) | 34:9 34:14 40:22 42:17 106:24 111:19 116:21 |
| cover(1) | 103:7 |
| covered(1) | 103:7 |
| craft(2) | 76:21 102:22 |
| crafting(1) | 70:6 |
| crazy(4) | 43:19 43:19 46:10 79:18 |
| credit(1) | 34:12 |
| creditor(4) | 29:24 34:11 43:21 43:25 |
| creditor's(1) | 3:31 |
| creditors(8) | 42:8 43:11 43:23 49:9 49:15 52:6 52:12 81:14 |
| creditor's(2) | 3:22 4:13 |
| critical(1) | 63:5 |
| cross-border(1) | 41:15 |
| crossed(1) | 23:15 |
| crutchian(1) | 4:7 |
| culver(1) | 2:23 |
| current(4) | 58:11 73:14 94:12 104:24 |
| customers(3) | 92:5 92:5 92:19 |
| cut(2) | 78:18 108:16 |
| cute(1) | 10:17 |
| cutoff(1) | 59:22 |
| damage(1) | 84:22 |
| damages(15) | 9:5 9:9 10:7 10:7 17:1 45:23 54:8 54:15 61:5 61:6 63:6 68:10 81:10 98:15 99:17 |
| date(17) | 8:23 8:25 9:2 38:6 41:25 59:6 66:22 75:1 75:10 75:15 101:13 102:18 102:20 102:20 104:20 120:7 125:23 |
| dated(1) | 50:5 |
| daters(1) | 121:5 |
| dates(13) | 75:3 105:7 112:17 120:4 120:11 120:24 121:8 121:13 121:23 121:25 122:20 122:23 122:24 |
| david(5) | 2:32 3:24 25:10 49:13 58:6 |
| davis(1) | 4:22 |
| day(10) | 5:14 41:14 44:21 68:21 68:25 71:8 85:17 116:1 116:23 125:12 |
| days(7) | 59:13 59:18 59:22 59:23 60:5 95:6 95:8 |
| deadline(23) | 11:19 59:2 59:7 59:12 60:5 60:9 62:5 62:15 69:4 73:16 74:25 76:10 82:3 82:13 83:5 83:7 83:8 83:11 89:14 94:15 94:18 96:15 121:14 |
| deadline's(1) | 62:3 |
| deadlines(5) | 59:9 82:23 86:10 100:16 117:23 |
| deal(6) | 7:21 42:4 43:7 54:25 79:8 81:3 |
| dealing(5) | 8:11 37:16 82:20 97:3 110:18 |
| dealt(3) | 27:11 44:6 114:14 |
| dean(109) | 2:32 24:16 24:24 25:7 25:8 25:10 25:10 26:4 26:7 26:25 27:2 27:6 28:16 28:24 29:6 29:15 31:1 31:13 32:21 32:22 37:5 40:4 49:19 52:18 57:5 57:7 57:9 57:12 57:13 57:15 57:21 57:22 58:2 58:5 58:6 58:9 58:20 58:24 60:23 61:12 65:20 70:1 70:18 75:12 75:14 75:17 76:20 80:12 82:9 82:11 82:17 83:3 83:10 83:14 83:15 83:20 84:6 88:7 89:4 89:13 90:8 90:11 91:15 91:17 91:23 93:8 93:14 94:1 94:23 97:13 99:12 100:15 107:12 107:13 109:13 109:17 111:4 112:13 112:15 113:19 113:20 113:23 114:1 114:3 114:6 114:16 117:20 118:6 118:7 118:8 119:3 119:5 119:25 121:2 121:3 121:4 121:8 121:13 121:19 121:22 122:8 122:22 123:2 123:7 123:4 123:6 123:24 124:10 125:10 |
| dean's(3) | 89:19 95:2 114:22 |
| debate(2) | 105:15 105:20 |
| debenture(1) | 4:30 |
| debtor(49) | 8:10 8:15 9:23 10:10 11:2 13:9 14:11 14:12 14:22 14:25 15:2 15:4 15:5 15:19 15:22 18:4 18:5 19:14 21:11 21:16 22:2 22:7 22:9 22:25 23:12 23:17 25:22 29:1 29:25 32:7 34:7 42:1 45:15 52:21 54:11 54:14 54:14 56:3 62:16 70:6 72:3 73:13 77:21 81:4 83:25 84:23 99:20 111:13 113:3 |
| debtor's(4) | 15:13 69:22 74:24 103:4 |
| debtors(219) | 1:12 1:34 2:12 6:4 8:21 11:9 14:3 14:4 16:15 16:22 19:5 19:21 21:6 25:2 25:5 25:12 25:12 25:16 26:16 26:21 26:22 27:21 27:22 28:2 28:6 28:20 30:17 31:3 31:7 31:15 32:5 32:13 32:16 33:12 33:13 33:19 34:2 34:19 34:20 34:20 34:25 35:3 35:14 35:17 35:19 35:22 36:21 36:23 37:10 37:13 37:25 38:9 38:12 38:13 38:19 38:23 39:2 39:5 39:21 39:22 40:6 40:11 40:12 40:14 40:14 40:24 40:24 41:8 42:6 43:16 44:9 44:17 44:25 45:6 45:11 45:13 45:17 45:21 45:22 46:20 46:20 47:3 47:4 49:18 49:25 50:7 52:6 54:23 55:4 58:11 59:3 59:10 59:17 62:22 63:7 63:12 63:16 63:19 64:1 64:5 64:16 64:24 65:5 65:8 66:1 66:4 66:6 66:9 66:19 66:25 67:5 67:6 67:9 67:22 68:14 68:17 68:23 69:7 69:14 69:17 70:10 71:5 71:6 72:4 72:6 72:19 72:22 73:6 73:24 73:24 73:25 74:1 74:3 74:6 74:12 74:15 74:20 74:21 74:24 75:1 75:2 75:4 75:6 75:14 75:15 75:23 76:9 76:23 77:22 77:22 78:1 78:6 78:13 78:14 78:17 78:20 78:23 79:4 79:6 79:7 79:12 79:20 79:22 81:9 81:11 81:13 81:21 84:7 84:7 84:10 84:12 84:20 87:14 88:24 90:6 90:13 90:20 90:22 91:18 91:23 91:24 92:11 92:25 94:7 94:15 95:2 99:15 99:23 100:13 100:18 103:17 104:3 104:19 106:4 107:16 107:19 107:21 108:2 108:3 108:23 109:2 109:2 109:8 109:10 110:3 110:5 110:7 111:4 112:20 115:2 115:2 116:15 116:18 116:19 118:10 118:16 119:10 119:18 |
| december(5) | 16:11 62:5 62:8 75:24 75:25 |
| decent(1) | 31:10 |
| decide(10) | 28:21 43:3 43:5 55:2 58:17 79:24 82:7 82:13 89:24 89:25 |
| decided(6) | 43:15 47:2 56:2 56:3 78:5 |
| decides(3) | 28:18 80:17 109:6 |
| deciding(2) | 38:20 40:19 |
| decision(18) | 7:17 7:21 10:1 80:4 80:9 80:14 81:2 81:5 81:6 81:8 99:4 100:2 100:3 100:5 107:9 119:14 120:7 123:14 |
| decisions(5) | 8:14 98:12 109:7 116:24 |
| decommissioning(1) | 106:3 |
| defend(3) | 20:8 20:9 24:8 41:1 41:11 |
| defendant(1) | 83:19 |
| defendants(2) | 1:27 35:8 |
| defending(1) | 71:7 |
| defense(3) | 45:7 45:18 48:17 |
| defenses(5) | 17:1 41:6 44:10 45:19 48:22 |
| defensively(1) | 34:2 |
| deference(1) | 55:5 |
| deferential(1) | 7:23 |
| deficient(1) | 70:10 |
| defined(5) | 20:11 20:12 21:3 21:4 21:11 |
| definitely(1) | 9:16 |
| definition(1) | 68:4 |
| delaware(7) | 1:2 1:12 2:33 5:1 34:19 35:6 54:10 |
| delay(2) | 71:10 80:6 |
| delayed(3) | 71:13 114:17 120:13 |
| delays(1) | 6:24 |
| delivered(1) | 92:5 |
| demands(1) | 17:1 |
| demonstrate(1) | 92:9 |
| denied(4) | 63:8 80:13 111:1 118:23 |
| deny(5) | 22:17 74:16 78:11 79:11 116:10 |
| denying(3) | 10:1 12:14 111:23 |
| depending(2) | 12:20 104:23 |
| deposition(7) | 71:8 75:23 76:3 109:22 110:21 110:23 110:24 |
| depositions(3) | 109:21 109:24 109:25 |
| derek(2) | 3:8 6:2 |
| designate(1) | 72:12 |
| desire(1) | 82:1 |
| despite(2) | 61:21 65:24 |
| detail(5) | 59:16 62:21 66:24 83:20 83:22 |
| details(1) | 91:8 |
| determination(2) | 10:2 13:11 |
| determine(11) | 7:25 13:5 27:17 27:19 54:25 63:4 63:21 64:13 65:22 94:20 124:1 |
| determined(5) | 11:6 11:21 13:14 23:4 116:10 |
| determines(2) | 10:3 13:12 |
| developed(3) | 92:3 92:4 93:4 |
| development(3) | 7:5 91:13 92:22 |
| diaz(1) | 2:4 |
| dictates(3) | 79:1 80:24 89:24 |
| did(21) | 8:3 8:4 26:8 26:9 29:8 29:10 33:24 46:23 51:15 60:14 65:18 71:10 80:15 95:7 95:8 101:22 104:1 108:15 112:3 118:12 120:2 |
| didn't(21) | 7:11 15:25 17:24 29:15 60:11 60:12 65:2 73:7 73:21 77:16 78:16 78:19 80:8 83:5 83:7 90:15 95:18 101:21 103:18 108:18 108:20 |
| difference(3) | 34:6 51:17 51:19 |
| different(29) | 10:15 12:20 22:20 23:16 29:19 34:16 37:1 37:7 39:12 40:3 40:17 42:8 43:14 43:20 43:21 46:8 46:12 54:9 81:14 84:19 86:3 91:13 92:24 105:13 110:4 110:18 114:8 115:23 118:18 |
| differently(2) | 34:18 110:15 |
| difficult(4) | 63:18 65:6 69:8 118:21 |
| dignity(1) | 55:5 |
| direct(13) | 11:2 18:13 25:5 25:17 28:5 37:2 38:19 38:23 47:20 56:3 78:3 80:14 |
| direction(1) | 33:18 |
| directly(15) | 18:9 20:17 21:23 27:7 28:3 38:12 49:4 50:10 51:22 53:13 54:7 54:12 54:18 68:9 78:22 |
| directors(1) | 20:1 |
| disadvantage(2) | 85:6 119:15 |
| disadvantaged(1) | 119:24 |
| disagree(3) | 32:2 34:23 114:25 |
| disagreed(1) | 66:6 |
| disagreement(6) | 49:3 66:3 104:2 105:11 105:22 105:23 |
| discharge(2) | 16:21 20:6 |
| discovery(46) | 38:1 39:3 41:7 48:21 58:10 59:21 68:10 68:23 69:4 69:9 69:21 70:1 70:4 70:14 73:10 77:6 77:14 78:1 78:2 83:5 84:2 84:6 84:11 85:10 85:13 85:21 85:22 86:2 86:3 86:12 86:13 94:24 94:25 95:6 96:15 99:21 99:22 106:24 108:11 108:17 110:1 110:7 112:19 114:19 120:8 120:12 |
| discretion(5) | 13:25 15:9 42:24 44:15 48:8 120:1 |
| discuss(4) | 59:15 96:20 96:20 96:20 |
| discussed(1) | 92:15 |
| discusses(1) | 14:18 |
| discussing(2) | 7:21 59:11 |
| discussion(3) | 52:23 111:19 121:16 |
| discussions(3) | 41:4 100:13 105:5 |
| disingenuous(1) | 35:21 |
| disk(1) | 86:21 |
| dismiss(2) | 19:8 77:23 |
| dismissed(1) | 44:20 |
| dispensed(1) | 55:7 |
| dispositive(6) | 59:5 87:5 88:10 97:9 115:24 115:24 |
| disprove(1) | 64:5 |
| dispute(22) | 8:1 20:4 20:10 20:14 20:16 20:16 21:11 21:12 21:16 45:6 46:8 50:23 53:21 54:2 58:11 58:11 60:8 90:10 91:6 91:22 94:7 94:10 |
| disputes(6) | 14:20 50:13 80:16 80:18 80:19 115:16 |
| disputing(1) | 29:6 |
| district(14) | 1:2 23:14 31:8 32:4 32:8 35:6 74:8 84:19 85:4 88:4 101:12 101:14 101:17 102:7 |
| divert(1) | 69:22 |
| docket(1) | 116:13 |
| doctrine(1) | 59:22 |
| document(23) | 68:4 68:15 68:19 68:21 69:24 70:7 70:24 71:11 71:20 71:25 73:4 73:7 73:8 76:22 85:18 85:19 95:7 95:9 95:10 95:16 96:4 96:7 114:18 |
| documents(38) | 68:18 68:22 68:24 69:3 70:5 70:8 70:12 70:16 70:22 71:4 71:6 71:14 72:5 72:7 72:9 72:12 72:15 72:16 72:20 72:21 72:23 73:1 73:1 77:9 84:12 86:21 90:12 90:13 90:18 90:21 90:21 95:3 95:17 95:23 107:16 107:19 107:20 107:23 |
| does(22) | 8:6 8:6 15:13 18:20 30:9 30:10 32:1 32:3 38:21 42:11 46:5 48:7 48:19 51:19 52:25 53:6 57:18 57:22 86:17 87:7 118:11 118:12 |
| doesn't(31) | 10:21 12:9 13:24 19:15 19:23 20:1 31:22 31:25 32:18 35:13 41:5 46:3 48:13 72:9 80:2 85:2 85:2 87:11 92:8 92:21 93:20 97:15 98:22 98:25 99:14 99:15 108:13 108:14 110:17 112:23 119:1 |
| doing(13) | 5:9 10:20 25:4 44:8 51:17 55:20 65:2 70:25 88:9 104:5 113:4 121:4 122:19 |
| dollar(2) | 52:11 81:15 |
| don't(111) | 6:24 12:17 15:1 17:14 19:2 21:18 22:21 25:11 25:18 25:21 28:10 28:25 30:18 31:21 31:23 33:6 34:2 34:22 35:3 37:21 37:25 38:1 38:7 39:2 39:3 41:22 43:18 43:18 43:18 47:2 47:9 47:14 47:22 50:11 53:24 53:3 55:13 57:20 57:24 57:25 58:3 62:13 64:8 64:25 66:7 66:15 67:19 67:23 67:25 68:23 68:23 69:5 70:14 70:20 70:24 71:23 72:16 73:21 73:22 74:8 74:14 75:3 75:17 75:18 75:18 76:7 77:4 77:5 77:11 77:15 79:12 79:17 79:20 79:25 81:19 81:25 82:12 86:11 87:6 89:20 91:2 92:25 94:3 94:11 95:21 96:7 97:24 99:3 99:3 99:11 99:24 100:15 102:1 102:25 103:8 105:19 106:18 106:19 109:7 112:8 112:22 113:6 115:17 120:4 120:6 120:23 122:19 |
| done(15) | 6:19 12:25 18:8 23:3 50:12 63:25 64:25 65:11 71:12 75:21 86:15 88:9 106:6 110:9 110:20 |
| donna(1) | 2:23 |
| dorsey(1) | 3:16 |
| dow(1) | 3:39 |
| down(10) | 16:24 17:5 17:13 38:18 49:3 56:11 56:12 97:8 112:25 115:18 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**draft**(1) 54:15

**drag**(2) 43:18 110:10

**dragged**(1) 42:3

**draw**(1) 15:21

**drawer**(3) 63:24 91:10 91:21

**drawers**(1) 90:24

**drawn**(1) 118:1

**drive**(1) 96:1

**due**(9) 15:7 34:5 61:19 68:21 69:3 73:9 82:25 86:5 95:6

**duplicate**(1) 114:19

**duplication**(1) 70:7

**duplicative**(5) 66:12 67:25 68:10 70:8 107:17

**duress**(1) 99:5

**during**(5) 6:23 7:12 77:1 77:3 109:14

**each**(12) 29:13 50:11 50:22 51:5 51:7 51:12 74:1 76:5 86:10 91:11 115:12 120:24

**earlier**(2) 37:7 107:15

**early**(6) 63:8 71:2 75:23 75:25 88:8

**easier**(1) 70:21

**easily**(4) 17:25 20:22 20:22 80:20

**easy**(1) 78:22

**economic**(1) 61:6

**ecro**(1) 2:2

**effect**(5) 10:8 12:2 12:13 106:12 106:23

**effectively**(5) 35:15 36:11 42:5 43:25 45:25

**efficiencies**(4) 97:3 98:10 114:11 114:20

**efficiency**(3) 23:2 48:10 91:1

**efficient**(1) 118:24

**effort**(1) 86:20

**efforts**(3) 41:3 41:4 70:7

**egerton**(1) 4:21

**eight**(2) 59:4 62:7

**either**(8) 19:7 32:17 68:22 81:20 82:23 87:6 104:22 116:4

**electronic**(2) 1:43 125:18

**elements**(1) 58:15

**eliminated**(1) 82:24

**else**(10) 12:6 49:6 51:21 51:25 54:21 57:22 82:5 82:20 87:6 125:3

**else's**(1) 18:21

**email**(3) 104:8 109:13 109:18

**emea**(62) 6:4 11:9 12:21 16:10 16:22 19:4 19:21 20:17 25:1 25:16 26:22 27:21 27:22 28:1 28:6 28:20 29:1 33:12 35:3 35:17 35:19 36:21 36:22 37:9 37:13 37:25 38:4 38:12 38:12 38:19 38:23 39:2 39:4 40:16 41:8 42:1 43:16 44:17 44:25 45:6 45:15 45:17 45:20 45:21 46:10 47:3 49:25 50:2 55:4 57:21 77:22 78:6 78:14 78:19 78:23 79:22 83:21 99:14 99:14 99:24 99:25

**emea's**(2) 5:9 45:12

**encompassed**(2) 17:22 17:24

**end**(14) 5:4 11:19 16:11 17:7 47:8 49:3 65:10 81:7 89:14 103:3 103:3 103:4 115:1 116:23

**ended**(1) 64:23

**enemies**(2) 58:22 58:24

**enforce**(10) 8:7 12:18 13:25 21:21 21:23 43:4 43:6 53:6 53:9 53:12

**engage**(1) 71:15

**engaged**(1) 91:18

**engineers**(1) 92:19

**england**(14) 7:18 11:18 12:22 14:8 15:3 18:7 18:7 22:9 22:23 23:18 25:17 33:25 39:17 78:16

**english**(3) 7:8 7:24 41:16

**enjoin**(2) 12:6 12:10

**enjoined**(2) 30:7 32:6

**enough**(9) 28:11 62:11 65:12 76:1 78:17 78:17 93:17 123:2 125:5

**ensure**(2) 15:12 74:1

**entail**(1) 59:20

**enter**(2) 75:5 93:17

**entered**(10) 16:8 53:25 60:12 60:16 65:9 71:2 93:11 107:2 115:5 120:1

**enterprise**(1) 50:20

**entire**(6) 31:6 36:25 47:8 47:25 89:25

**entirely**(3) 59:14 85:12 110:4

**entirety**(2) 41:16 55:15

**entitled**(9) 34:8 54:17 55:4 55:5 61:15 99:18 108:11 110:8 110:21

**entitlement**(2) 20:9 20:13

**entitlements**(1) 45:4

**entity**(1) 39:6

**envisioned**(1) 116:11

**equal**(2) 48:23 59:8

**equally**(1) 10:15

**equitable**(1) 30:8

**ericsson**(1) 77:2

**ernst**(1) 4:5

**escrow**(1) 36:25

**especially**(3) 36:18 81:24 98:14

**esq**(28) 2:14 2:15 2:16 2:23 2:24 2:31 2:32 2:39 2:45 3:7 3:8 3:15 3:16 3:24 3:25 3:32 3:40 3:48 4:6 4:14 4:18 4:23 4:27 4:31 4:35 4:39 4:43 4:47

**essence**(2) 92:13 117:6

**essentially**(11) 13:7 53:19 64:4 67:6 67:8 69:23 74:21 91:9 93:15 96:13 98:24

**established**(2) 29:11 116:20

**estate**(1) 15:13

**estates**(2) 50:18 50:19

**esther**(1) 4:10

**estoppel**(1) 11:23

**europe**(4) 28:8 34:13 38:6 38:14

**european**(6) 34:8 34:14 34:20 40:16 41:13 42:7

**evaluate**(1) 109:23

**evaluation**(1) 61:13

**evans**(1) 3:25

**even**(41) 13:23 17:23 22:23 29:20 31:23 35:16 38:17 41:20 44:6 47:15 53:1 62:11 63:2 64:25 66:3 66:5 66:24 67:10 68:1 68:3 73:9 75:7 75:8 75:17 75:21 77:10 81:7 81:12 84:1 89:21 89:25 92:8 94:12 97:25 99:25 106:6 107:3 108:23 109:20 110:1 118:10

**eventually**(1) 28:10

**ever**(3) 17:10 35:8 98:1

**every**(4) 33:18 34:12 38:2 114:25

**everybody**(2) 87:15 113:3

**everybody's**(1) 54:17

**everyone**(5) 5:3 6:19 13:9 33:20 34:13 34:24 36:6 39:16 48:22 56:17

**everyone's**(2) 46:11 47:16

**everything**(4) 35:11 38:25 47:4 108:8

**everywhere**(1) 39:16

**evidence**(6) 63:21 65:24 66:2 67:25 93:6 96:2

**evidentiary**(2) 67:14 67:16

**evolve**(1) 101:3

**exact**(3) 85:5 94:3 121:8

**exactly**(10) 20:24 24:21 39:18 47:7 49:22 51:14 55:9 74:10 77:8 81:6

**examined**(1) 64:12

**example**(1) 69:13

**except**(2) 20:22 65:5

**exception**(11) 14:16 19:19 29:22 29:23 30:7 30:7 30:14 30:23 32:3 32:18 53:1

**exceptions**(1) 52:25

**excess**(2) 81:10 81:11

**excuse**(1) 76:11

**exercise**(8) 22:16 47:25 48:7 48:23 65:14 93:24 108:20 108:21

**exercising**(1) 44:15

**exhibit**(1) 50:6

**exist**(1) 67:4

**existing**(1) 117:14

**expand**(2) 37:5 38:23

**expanded**(1) 86:1

**expansive**(1) 71:19

**expect**(3) 19:7 68:23 107:24

**expected**(1) 102:20

**expedite**(1) 81:24

**expedited**(3) 81:19 81:22 112:15

**expedition**(1) 93:25

**expeditious**(1) 80:3

**expeditiously**(1) 106:6

**expert**(31) 58:15 59:2 59:7 59:13 59:18 59:20 60:9 60:25 61:2 61:3 61:7 61:8 61:12 62:4 62:7 65:25 67:10 74:25 76:9 79:16 82:2 82:3 82:13 83:11 88:9 89:14 96:15 100:19 102:9 109:25 120:13

**expert's**(3) 59:15 108:13 108:14

**expertise**(1) 48:9

**experts**(19) 60:21 60:24 61:7 61:12 61:14 61:16 61:18 61:21 62:6 64:15 67:16 67:17 71:15 71:16 71:22 76:21 86:22 118:19 118:19

**explain**(6) 25:25 41:15 59:8 60:13 60:20 67:17

**explained**(5) 13:8 37:6 68:16 83:20 83:22

**expressly**(1) 30:16

**extend**(8) 59:12 94:4 94:15 99:6 101:19 122:20 123:15 123:18

**extended**(3) 60:10 120:9 120:9

**extending**(1) 60:13

**extends**(1) 82:22

**extension**(44) 58:12 59:1 59:7 59:11 61:19 61:23 62:1 62:3 62:4 62:9 62:11 62:18 62:19 62:25 68:12 68:14 69:4 73:15 74:16 75:8 77:20 79:5 79:8 79:15 79:23 80:1 82:3 83:6 83:21 83:23 86:6 94:13 101:16 102:12 102:21 103:5 113:7 113:13 113:7 117:4 117:5 117:11 123:25 124:3

**extensions**(3) 59:9 96:21 113:11

**extent**(16) 27:16 28:6 30:12 32:1 48:22 51:13 52:4 94:8 95:19 96:14 96:15 100:3 101:8 102:22 118:11 122:10

**extreme**(1) 14:18

**extremely**(1) 90:7

**eyes**(1) 72:14

**face**(3) 29:10 66:3 99:4

**faced**(1) 114:14

**fact**(21) 10:5 18:19 23:10 38:1 55:20 84:15 85:1 86:9 86:16 86:24 87:21 90:11 96:6 102:6 102:7 103:1 109:3 110:23 111:18 116:2 119:9

**factual**(3) 80:16 80:18 80:19

**fage**(1) 4:14

**failed**(1) 29:7

**failures**(1) 69:23

**fair**(5) 28:9 36:20 41:12 78:15 85:13

**fairly**(2) 14:17 22:10

**fairness**(1) 48:10

**faith**(1) 96:5

**familiar**(1) 8:16

**familiarity**(1) 92:20

**far**(13) 38:25 41:5 43:6 63:10 82:22 89:20 91:7 101:4 101:13 106:15 110:14 117:7 124:5

**farnan**(1) 6:15

**farr**(1) 3:47

**farther**(2) 97:8 104:13

**fashion**(2) 41:22 48:12

**fast**(2) 83:25 84:3

**fault**(3) 68:23 69:2 113:6

**fear**(1) 47:16

**feasibility**(1) 81:21

**february**(6) 83:24 90:4 111:21 114:25 115:1 115:1

**federal**(3) 28:4 110:12 110:22

**feed**(1) 119:12

**feel**(1) 117:11

**feld**(3) 3:23 4:13 49:14

**fell**(2) 30:4 101:20

**fellows**(1) 89:8

**felt**(2) 83:4 89:12

**few**(5) 52:17 59:15 62:13 81:15 88:12

**fight**(1) 18:10

**fighting**(2) 20:17 108:1

**figure**(4) 54:17 57:11 77:8 117:4

**file**(5) 28:8 63:23 78:5 90:24 91:10

**filed**(12) 8:25 17:19 24:2 25:2 35:24 73:23 76:16 76:20 77:18 92:16 104:21 116:12

**filing**(2) 33:13 38:13

**final**(5) 6:24 77:19 81:2 81:5 92:18

**finality**(1) 105:23

**finalize**(1) 62:7

**financial**(1) 40:17

**find**(8) 13:23 25:24 29:8 30:12 30:14 64:19 73:5 73:10

**findings**(1) 106:8

**finds**(1) 67:13

**fine**(11) 57:4 57:5 58:2 59:17 78:11 79:15 113:24 121:4 123:1 123:1 123:21

**finger**(1) 3:31

**finished**(1) 61:19

**first**(44) 5:18 5:18 12:21 15:16 24:4 24:9 30:10 30:13 31:25 36:6 36:7 37:16 38:10 45:6 45:10 52:18 55:6 57:8 57:12 58:6 62:16 62:23 62:24 65:18 66:19 68:1 74:18 74:23 75:10 75:12 79:7 80:12 83:24 85:18 86:7 104:20 108:17 114:6 114:23 116:5 119:10 119:20 122:5 124:4

**fishing**(2) 93:23 93:25

**fit**(1) 55:13

**fits**(1) 8:5

**fitzgerald**(1) 4:42

**five**(1) 60:5

**fixed**(1) 17:8

**flavor**(1) 26:1

**floodgates**(1) 49:8

**floor**(1) 2:25

**flow**(1) 103:1

**focused**(3) 44:25 62:7 71:4

**following**(1) 90:22

**follows**(1) 60:25

**footnote**(2) 36:3 37:22

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| for(252) 1:2  2:12  2:30  2:38  3:6  3:22  3:31  3:39  3:47  4:5  4:9  4:13  4:17  4:26  4:30  4:34  4:38  4:42  4:46  6:3  7:13  8:7  8:7  8:14  9:5  9:8  9:17  10:2  10:7  10:25  11:19  11:23  12:17  14:10  14:12  14:22  14:24  15:14  16:25  18:21  19:3  19:3  20:23  21:22  22:5  22:6  22:25  24:4  25:9  26:7  26:16  27:4  28:3  28:4  29:1  29:9  29:16  31:5  33:11  33:12  33:15  35:16  36:5  36:16  36:18  36:20  37:19  38:6  38:19  41:9  41:25  42:19  43:2  44:14  44:17  44:21  45:11  45:12  45:20  45:22  45:23  46:1  46:7  46:14  46:16  46:17  47:4  47:17  47:19  48:23  48:24  49:8  50:2  50:3  52:24  54:8  54:15  55:12  55:21  56:17  57:4  58:6  58:13  59:5  59:5  59:8  59:11  60:4  60:9  60:25  61:4  61:8  61:18  62:10  62:16  62:22  63:4  63:8  64:21  65:3  65:4  65:5  65:12  65:13  66:6  66:19  67:9  67:13  68:8  68:24  68:25  69:22  70:3  70:20  70:24  71:7  71:10  71:14  71:17  71:24  72:17  72:23  73:6  73:10  73:13  74:11  74:23  75:4  76:2  76:9  76:15  77:25  79:24  80:3  80:7  80:22  81:3  81:11  81:20  81:20  82:2  83:6  83:19  83:21  84:21  85:2  85:6  86:7  86:22  87:9  87:11  87:15  87:22  88:8  88:12  88:22  88:23  89:22  90:10  90:11  91:25  92:15  93:3  93:15  93:17  94:3  94:10  94:21  95:5  95:11  96:8  97:1  97:9  97:16  97:20  98:4  98:9  98:14  99:2  99:15  100:16  100:24  101:7  102:10  102:15  102:19  103:8  103:17  103:19  104:22  105:6  105:10  105:16  106:2  106:4  106:25  107:15  108:2  108:11  108:20  109:19  109:19  111:5  111:13  112:7  112:16  114:23  115:4  115:10  115:22  115:24  118:21  119:22  120:5  120:24  120:25  121:25  122:13  122:23  123:5  123:9  123:10  123:19  123:20  123:22  123:25  124:7  125:3  125:5 | | front(24) 11:7  12:11  14:6  20:4  21:8  22:24  35:20  36:8  36:9  37:19  39:25  40:10  41:6  41:25  42:3  42:15  42:16  44:3  47:18  48:1  48:13  51:16  94:8  97:19<br><br>fruitful(1) 105:21<br>fulbright(2) 4:46  103:17<br>full(6) 32:9  34:21  67:16  81:12  125:7  125:8<br>fully(5) 32:8  67:15  67:20  80:13  113:15<br>function(1) 22:5<br>fund(1) 81:13<br>fundamental(5) 31:16  31:20  32:16  34:6  49:3<br><br>fundamentally(1) 34:23<br>funds(6) 21:13  54:7  54:12  54:13  54:18<br>funny(1) 38:4<br>further(12) 56:17  60:14  65:23  94:19  96:21  100:16  100:21  101:10  101:15  107:12  113:17  117:13<br><br>future(1) 101:13<br>gained(6) 48:10  48:11  97:3  98:10  114:11  114:21<br><br>gallagher(1) 3:47<br>game(2) 48:23  87:4<br>gamesmanship(1) 108:7<br>gave(5) 66:25  72:5  72:22<br>gee(2) 38:5  39:10<br>genband(1) 76:23<br>general(6) 6:10  16:20  17:7  19:6  19:19  91:12<br><br>generally(2) 29:22  80:3<br>generate(1) 63:20<br>generated(2) 49:24  50:2<br>get(44) 6:9  6:19  20:7  24:8  28:2  31:23  39:6  41:5  42:22  43:22  44:4  44:5  47:9  47:24  52:15  53:3  54:12  55:7  57:13  59:6  61:1  62:13  66:2  69:9  71:16  71:16  72:4  75:8  76:3  77:9  77:20  78:8  78:13  81:14  90:6  91:7  96:4  96:10  98:3  104:4  106:5  106:9  118:14  125:8<br><br>gets(5) 44:11  44:12  44:21  55:2  113:24<br>getting(8) 6:24  78:14  88:9  89:19  94:16  103:20  105:20  114:4<br><br>give(25) 25:25  31:1  31:13  54:17  58:16  62:20  64:23  69:2  69:8  69:13  70:11  72:4  72:15  72:18  75:19  77:20  79:4  79:25  80:8  100:21  122:12  124:2  124:10  124:20<br><br>given(10) 15:5  15:6  16:15  59:14  71:18  81:8  92:1  92:1  103:19  110:18<br><br>gives(2) 15:10  53:8<br>giving(4) 17:16  59:17  82:1  122:11<br>glad(1) 90:24<br>gladly(1) 124:2<br>goal(2) 91:19  106:3<br>god(2) 40:20  47:16<br>goes(9) 19:16  47:15  51:3  53:14  61:23  68:9  81:2  81:5  117:7 | | going(111) 10:25  11:3  16:24  17:21  18:2  18:13  20:3  23:18  25:17  28:12  33:18  35:6  35:7  35:22  37:4  37:19  38:3  38:9  38:15  39:10  44:24  46:24  47:3  47:23  51:22  54:22  54:23  56:23  57:8  57:23  59:19  60:15  60:16  60:16  60:21  61:17  61:19  65:1  66:22  68:7  68:22  70:19  72:15  73:19  73:22  78:1  78:1  78:21  76:8  76:13  77:15  77:23  78:1  78:1  78:21  79:18  79:19  81:1  81:6  81:9  81:16  82:12  82:19  82:25  83:11  84:12  84:14  85:4  85:7  85:13  85:23  86:6  86:12  86:13  86:14  86:23  86:24  87:4  87:5  87:10  87:19  87:23  88:3  88:3  88:10  88:11  88:11  89:19  90:4  91:7  94:1  94:8  95:1  95:24  96:5  96:17  97:9  99:22  105:16  105:20  107:5  108:1  108:19  109:5  113:4  113:12  113:3  115:7  117:7  118:18  120:4  123:10  123:20<br><br>gone(2) 48:17  63:17<br>good(37) 5:3  5:10  5:11  5:16  5:24  5:25  6:21  7:4  7:21  16:6  23:24  23:25  33:9  33:10  49:12  49:13  55:20  57:5  57:16  65:2  65:4  70:2  83:17  87:15  88:10  88:19  88:22  93:17  96:5  103:18  103:22  104:16  121:21  122:3  122:7  124:9  125:12<br><br>got(15) 9:16  13:24  19:22  24:19  33:16  36:7  38:14  85:20  86:2  95:20  102:8  102:18  109:18  114:14  120:8<br><br>gotten(1) 48:15<br>gottlieb(2) 2:12  88:23<br>grab(2) 43:8  43:9<br>grade(1) 86:18<br>grant(6) 14:1  14:14  25:1  68:12  77:12<br>granted(3) 58:14  79:5  109:4<br>great(6) 23:2  80:23  83:20  88:20  90:23  107:6<br><br>greater(1) 103:4<br>greatest(1) 102:22<br>gross(5) 1:39  54:16  88:18  103:10  113:21  122:17<br><br>ground(2) 47:19  69:18<br>grounds(2) 12:20  77:24<br>group(3) 4:38  87:25  88:2<br>groups(1) 46:23<br>gsm(1) 50:22<br>guess(8) 38:8  84:4  89:4  93:16  96:10  98:6  102:5  113:12<br><br>guidance(1) 56:21<br>guilty(1) 113:3<br>guiney(1) 4:31<br>guise(1) 34:18<br>gump(3) 3:23  4:13  49:14<br>gurgel(44) 2:15  88:17  88:18  88:20  88:22  88:23  89:3  89:7  89:10  89:18  90:17  90:19  91:4  93:4  97:7  97:24  98:6  100:9  100:12  101:2  101:7  101:23  102:1  102:4  103:9  103:10  105:11  105:19  113:21  113:23  113:25  114:4  115:8  116:17  117:19  118:5  120:14  120:15  120:16  120:19  120:22  122:10  122:17  122:18<br><br>gurgle(1) 118:4<br>guys(1) 39:7<br>had(35) 6:11  9:3  16:11  17:9  17:10  17:21  22:19  22:24  24:2  26:10  28:10  32:9  38:18  62:12  69:15  70:9  71:6  71:15  71:15  71:16  77:17  77:21  78:24  84:18  86:4  93:13  98:9  98:21  107:22  109:21  111:12  111:21  112:25  123:9  123:19<br><br>hadley(1) 4:38<br>hadn't(3) 42:21  62:25  116:3<br>half(7) 36:10  59:5  70:8  70:9  107:17  107:18  107:18 | | hall(1) 4:6<br>hamilton(1) 2:13<br>hand(3) 16:2  34:15  81:9<br>hands(1) 36:17<br>hanrahan(1) 3:48<br>haphazard(1) 112:19<br>happen(6) 12:10  26:8  54:22  65:15  75:18  107:7<br><br>happened(4) 41:25  63:11  109:14  113:11<br>happened(2) 40:13  98:25<br>happens(1) 79:23<br>happy(8) 5:14  24:1  24:9  44:19  48:25  79:8  100:20  106:10<br><br>hard(3) 62:7  117:24  118:14<br>harm(6) 11:25  21:25  22:4  22:8  52:2  52:12<br>harmed(1) 52:9<br>harrisburg(1) 2:6<br>has(52) 8:10  11:22  14:5  15:5  18:5  19:14  22:4  22:5  23:15  27:17  28:21  29:23  32:3  38:16  39:1  39:2  39:24  40:7  41:24  46:17  47:11  48:9  48:23  48:23  51:13  53:11  54:3  54:14  55:5  56:17  63:17  63:17  72:17  83:20  87:12  87:15  93:11  100:17  104:4  104:17  105:24  106:1  106:3  106:25  108:1  109:1  109:23  110:7  111:4  111:17  113:16  117:21<br><br>hasn't(5) 93:4  100:3  111:24  115:10  115:15<br>hauer(3) 3:23  4:13  49:14<br>have(258) 5:7  6:14  8:20  8:25  9:13  9:15  10:20  11:6  11:8  11:10  11:16  12:17  13:1  13:1  13:4  13:5  13:18  13:19  15:9  15:14  16:7  16:15  17:9  17:10  17:10  17:25  17:25  19:23  19:25  20:22  20:22  21:1  21:12  21:21  22:20  23:2  23:6  23:13  23:16  25:18  25:24  26:1  26:7  26:11  26:12  26:19  27:8  27:15  31:9  31:16  31:16  31:20  31:20  31:23  32:4  32:7  32:8  32:9  32:16  32:17  33:24  33:25  34:5  34:22  34:24  35:5  35:9  35:23  36:17  36:22  38:8  38:21  39:15  41:8  41:10  42:6  42:20  42:24  43:2  43:13  43:17  43:17  45:12  45:15  45:24  45:24  46:15  47:12  47:23  48:1  48:3  48:6  48:18  48:20  49:1  50:19  53:3  53:6  53:12  53:18  54:25  55:2  55:24  56:7  56:16  56:18  56:25  58:15  60:5  60:11  60:12  61:16  61:25  62:4  62:6  62:9  62:11  62:11  63:24  64:8  64:9  64:10  64:20  64:25  65:7  66:6  66:7  66:9  66:16  67:5  67:10  67:14  67:16  67:17  67:23  67:23  69:15  69:16  69:18  70:11  70:23  70:24  71:10  71:24  72:9  72:11  72:23  73:23  73:25  74:6  74:7  74:8  74:9  74:12  74:24  76:3  76:7  76:15  76:16  78:9  78:11  78:17  78:18  78:24  79:17  79:21  80:8  81:9  81:10  81:18  82:5  82:6  82:13  82:17  82:18  83:3  83:5  83:21  84:6  84:14  84:16  84:18  85:7  86:13  86:14  87:4  89:23  90:12  90:12  90:20  90:22  91:16  91:18  92:21  92:25  93:19  94:3  95:21  96:19  97:11  97:14  98:12  99:6  99:10  99:12  101:15  101:17  102:1  102:6  102:22  102:25  103:6  103:8  104:3  105:18  106:2  106:5  106:11  106:21  107:9  107:14  107:18  107:20  107:23  108:3  108:23  109:9  109:14  109:24  109:24  110:19  111:10  112:4  112:6  112:15  112:16  112:17  112:18  113:16  114:1  114:24  115:12  115:17  117:2  117:12  117:12  118:18  118:19  118:21  119:5  119:16  120:12  120:19  122:11  125:1  125:7  125:7<br><br>haven't(15) 18:8  18:10  44:5  48:15  54:12  63:2  72:19  76:19  78:5  79:1  95:22  109:20  109:21  110:20  114:3<br><br>having(12) 11:13  45:14  48:11  55:25  56:6  59:16  88:24  97:4  105:4  114:13  116:19  119:9<br><br>hazeltine(1) 2:44<br>he's(4) 7:22  14:10  82:12  87:10<br>heads(1) 37:21 |

| forbid(1) 40:20 | | | | | | | |
| forced(2) 36:20  36:21 | | | | | | | |
| foregoing(2) 17:5  125:17 | | | | | | | |
| foreign(7) 1:34  12:22  14:15  14:15  15:12  22:6  52:7 | | | | | | | |
| forever(1) 16:21 | | | | | | | |
| forth(2) 55:3  86:15 | | | | | | | |
| forthing(1) 36:3 | | | | | | | |
| forum(3) 14:4  30:20  33:22 | | | | | | | |
| forward(12) 37:1  38:8  38:21  40:16  41:23  41:23  47:1  51:3  66:5  96:2  100:25  117:25 | | | | | | | |
| found(7) 30:19  30:20  66:21  105:12  105:14  111:8  111:11 | | | | | | | |
| four(7) 61:22  61:23  62:2  62:2  62:8  99:6  108:2 | | | | | | | |
| framework(1) 58:17 | | | | | | | |
| frankly(12) 10:16  44:6  46:6  84:5  84:21  85:6  88:1  110:11  110:22  115:14  117:18  120:6 | | | | | | | |
| friday(4) 66:24  68:15  76:16  76:20 | | | | | | | |
| friend(1) 58:25 | | | | | | | |
| friends(2) 58:22  58:25 | | | | | | | |
| from(70) 6:2  7:17  11:3  16:25  19:17  20:18  22:1  22:3  24:25  33:12  33:16  34:19  34:21  35:1  35:23  38:5  38:13  38:25  39:4  40:19  41:14  42:8  42:15  50:5  54:7  54:21  55:6  59:13  59:22  60:1  61:16  65:1  65:11  66:8  68:11  76:4  77:10  78:13  78:14  84:10  84:11  85:10  85:11  86:2  86:19  88:25  91:15  93:21  94:16  95:6  95:8  99:23  100:23  102:16  103:16  104:13  107:16  107:19  111:15  115:18  116:14  116:16  116:17  117:25  118:1  118:24  119:3  120:20  123:25  125:8 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| **hear**(7) 33:16 38:17 39:9 41:3 82:25 104:9 108:8 | | **hook**(2) 35:15 41:10 | | **inconsistent**(5) 34:1 41:17 41:24 98:13 99:11 | | **issue**(28) 20:25 25:23 25:23 31:24 39:9 40:19 55:15 56:18 56:24 58:18 63:13 70:14 73:7 76:17 82:14 89:15 91:6 94:1 94:20 95:2 101:22 104:4 108:1 111:8 112:2 115:20 124:7 124:11 | |
| **heard**(16) 31:4 31:16 31:21 36:4 36:5 42:15 44:24 49:2 55:25 56:6 60:4 61:6 83:3 106:18 111:8 115:25 | | **hope**(3) 7:11 120:2 121:15 **hoping**(1) 6:19 76:1 **horse**(1) 44:22 **hostage**(1) 87:12 | | **incorporated**(2) 9:4 10:6 **incorporating**(1) 8:23 **independent**(1) 53:15 **indicate**(1) 101:21 | | | |
| **hearing**(16) 31:18 31:20 32:14 34:1 58:25 67:14 67:17 77:20 78:7 87:5 97:14 109:15 111:12 113:6 124:4 125:13 | | **house**(10) 8:13 8:14 11:8 14:10 14:12 14:22 14:24 22:3 22:25 29:16 | | **indicated**(6) 24:25 97:15 100:10 100:12 107:22 120:1 **indicates**(3) 58:11 75:2 95:5 | | **issued**(13) 69:24 70:2 71:19 71:24 71:25 73:8 76:22 76:23 85:15 85:17 85:18 85:19 85:20 | |
| **hearings**(1) 110:20 **heart**(1) 78:25 **held**(5) 33:10 34:13 54:13 55:12 87:11 | | **how**(37) 11:3 17:10 21:5 23:1 43:5 44:4 44:12 44:21 47:15 47:19 53:21 54:17 54:25 57:17 61:23 64:23 69:8 70:21 75:3 77:15 81:6 82:22 88:19 100:7 104:14 106:22 106:25 108:15 109:15 109:22 109:25 118:14 118:17 122:21 123:17 124:1 124:4 | | **individual**(2) 53:23 64:14 **individuals**(1) 120:20 **inevitably**(1) 10:25 **information**(6) 28:4 62:12 66:12 76:4 79:17 108:12 | | **issues**(20) 11:22 39:8 42:4 42:13 48:4 53:4 53:21 57:12 61:20 69:11 84:5 96:20 97:3 97:11 97:19 100:22 102:8 107:3 108:10 114:14 | |
| **helped**(1) 76:21 **helpful**(7) 8:5 49:21 107:10 117:18 117:21 122:15 122:16 | | **however**(3) 17:10 77:14 81:23 | | **informed**(1) 104:18 | | **issuing**(2) 71:11 73:6 | |
| **herbert**(1) 4:34 **here**(88) 7:14 8:7 8:11 8:17 8:25 10:16 11:12 12:2 12:18 14:12 14:20 15:17 17:23 18:9 19:7 19:15 21:2 21:18 21:21 22:8 22:20 22:22 23:4 23:7 25:15 25:19 28:9 28:15 28:17 28:20 29:7 30:9 31:13 31:14 32:17 33:25 35:3 36:23 37:1 37:14 38:8 40:7 41:1 43:13 43:15 43:15 47:11 50:19 52:5 53:4 53:15 53:17 53:19 57:3 62:12 64:18 64:24 70:16 71:18 73:23 73:25 74:5 78:23 79:12 79:19 82:21 89:22 90:10 93:6 96:1 98:4 106:12 107:9 108:24 111:22 112:23 112:25 114:10 114:21 117:22 118:11 118:12 118:18 119:15 119:17 120:17 123:25 124:18 | | **hubbard**(2) 3:6 6:3 **huberty**(1) 3:7 **hugh**(1) 2:16 **hughes**(2) 3:6 6:2 **hundred**(1) 52:10 **hurrying**(1) 112:11 **hurt**(1) 37:21 **i'd**(2) 16:6 95:15 **i'll**(19) 25:25 26:10 28:25 49:16 52:1 56:10 57:22 58:5 59:15 61:20 62:13 63:15 70:3 78:4 82:11 82:14 96:10 107:13 119:8 | | **initial**(1) 64:6 **initially**(1) 63:19 **injunction**(1) 15:14 **insofar**(1) 14:24 **insolvency**(5) 11:9 14:5 22:14 23:1 110:9 **insolvent**(1) 8:10 **instead**(3) 12:18 59:18 69:11 **institute**(1) 78:2 **intellectual**(2) 50:3 51:2 **intend**(3) 37:23 65:16 65:20 **intended**(4) 74:5 74:9 76:21 77:1 | | **it's**(129) 6:2 9:20 9:22 10:4 10:5 10:17 13:20 13:21 14:23 15:7 15:7 16:20 16:20 17:7 17:15 19:1 19:16 19:18 19:19 19:21 20:12 20:18 20:19 21:3 21:4 21:20 22:11 22:13 22:22 23:1 23:4 23:12 28:9 29:20 31:2 32:11 33:23 33:23 33:23 34:5 35:6 35:7 35:13 35:21 35:25 36:10 37:12 37:25 39:12 40:17 41:20 41:22 43:21 44:4 44:5 46:13 48:16 48:19 51:14 53:13 54:23 55:9 59:10 60:4 60:17 63:9 63:23 64:25 67:9 67:13 68:9 68:10 70:19 70:20 70:21 71:24 72:20 72:21 74:2 76:10 77:20 79:16 79:23 80:12 80:25 81:16 81:19 81:25 81:25 83:17 84:13 85:1 85:8 85:8 85:12 85:23 86:15 86:17 86:19 86:20 87:4 87:10 87:25 88:1 88:1 88:1 89:20 90:5 92:12 96:1 98:11 98:20 98:23 98:25 105:12 105:14 110:5 110:25 111:25 113:7 113:7 117:5 120:3 120:3 120:5 120:8 122:5 124:6 124:6 | |
| **here's**(1) 46:24 **hereafter**(1) 17:10 **high**(2) 11:1 37:4 **highly**(9) 65:14 68:9 70:10 71:14 72:13 72:13 106:7 108:12 108:21 | | **i'm**(51) 6:10 16:22 24:1 24:9 37:19 38:3 38:9 45:14 46:1 46:23 47:2 47:11 47:17 47:23 48:25 56:23 57:19 58:2 80:22 88:24 89:19 90:15 90:17 90:24 91:7 91:8 91:15 93:3 95:24 97:13 101:23 101:24 103:13 103:15 103:20 103:21 104:9 106:10 107:17 113:24 116:16 118:11 118:22 120:3 120:22 121:4 121:17 122:23 122:24 123:10 123:20 | | **interest**(2) 22:11 90:23 **interested**(2) 3:39 3:47 **interesting**(1) 52:24 **interests**(3) 16:21 17:9 82:4 **interfered**(1) 61:25 **interim**(2) 61:22 62:4 **international**(2) 1:15 49:7 **interrelated**(1) 10:5 **interrogatories**(9) 67:1 68:18 69:7 69:10 69:12 85:20 86:5 95:8 124:2 | | **its**(5) 43:1 59:24 68:3 99:4 101:9 **itself**(7) 18:22 21:22 42:21 52:24 53:8 61:8 116:7 | |
| **him**(5) 29:15 41:15 55:15 112:9 112:25 **himself**(1) 114:16 **hinges**(1) 60:9 **his**(9) 10:1 22:16 27:9 40:18 78:25 82:10 116:4 116:9 116:12 | | **i've**(3) 12:25 13:7 103:7 **idea**(11) 23:2 44:25 47:11 49:6 64:23 84:3 87:4 91:11 94:11 98:20 122:13 | | **interrogatory**(7) 68:17 69:14 69:15 69:17 69:19 76:18 123:10 | | **it's**(1) 8:13 | |
| **history**(1) 80:24 **hits**(1) 64:14 **hoc**(1) 4:38 **hold**(1) 46:24 **holiday**(1) 125:5 **holland**(2) 2:38 83:19 | | **identical**(2) 107:4 107:6 **identified**(2) 64:10 65:17 **identify**(2) 64:6 76:6 **identifying**(1) 91:20 **illustrates**(1) 79:12 **illustration**(1) 69:8 **imagine**(1) 63:16 **immediate**(1) 96:18 **impact**(4) 87:16 99:7 112:3 112:24 | | **intertwined**(3) 10:8 10:22 13:11 **intervene**(1) 12:17 **into**(35) 8:23 13:13 16:8 17:15 18:9 18:25 19:8 28:8 28:12 39:1 42:22 43:5 43:18 44:2 45:17 46:4 50:18 50:18 52:7 53:1 54:23 55:6 61:1 62:13 65:9 89:20 91:7 93:11 93:17 105:20 106:23 110:5 110:10 122:12 125:3 | | **jaime**(1) 3:15 **jam**(1) 119:17 **jeffrey**(1) 4:18 **job**(3) 48:3 93:20 93:23 **john**(2) 3:16 4:23 **join**(3) 36:13 79:22 99:14 **joinder**(1) 37:18 **joined**(2) 37:14 99:25 **joining**(2) 49:17 77:23 | |
| **home**(5) 22:2 22:3 35:17 43:16 43:17 **honor**(140) 5:11 5:25 6:10 6:25 7:8 7:21 8:16 12:3 12:11 14:11 14:24 20:5 21:9 22:6 22:15 23:14 23:22 23:24 24:17 25:8 27:22 28:4 31:14 32:15 32:21 33:9 33:17 38:16 41:25 42:16 44:3 44:14 48:5 48:5 48:7 49:13 49:16 49:19 49:24 49:25 50:5 50:19 50:23 51:6 51:11 51:14 52:1 52:4 52:13 52:17 53:6 53:6 53:9 53:25 55:25 56:1 56:5 56:13 56:14 57:1 57:15 58:5 58:9 58:20 60:8 60:15 62:25 68:12 70:5 71:1 73:5 73:13 74:20 76:14 76:15 77:9 77:19 79:19 80:2 80:4 80:13 82:5 83:14 83:16 85:14 87:3 87:8 88:23 89:10 89:13 91:4 94:3 94:10 94:19 96:11 96:19 96:22 97:5 97:24 98:7 98:11 100:9 101:7 102:4 102:25 103:6 103:12 103:16 105:10 106:18 106:19 107:11 107:13 113:7 113:17 114:5 114:12 114:25 116:2 116:23 116:24 117:1 117:10 117:12 117:19 117:23 118:5 119:7 119:24 120:14 121:2 121:25 122:8 122:10 122:12 122:13 123:24 124:8 124:17 125:4 | | **impede**(1) 45:12 **implead**(2) 12:14 22:17 **impleaded**(3) 10:24 18:24 19:8 **impleader**(2) 12:16 21:22 **implementing**(1) 54:2 **implicated**(2) 50:12 51:14 **import**(1) 114:9 **importance**(2) 98:18 102:16 **important**(18) 29:17 32:11 58:13 58:17 62:24 66:9 67:12 67:21 79:24 80:12 90:6 91:3 98:11 98:20 108:21 111:8 111:11 111:25 **impossible**(2) 108:24 108:25 **impression**(1) 5:7 **improve**(1) 43:10 **inaccurate**(1) 72:21 **inapplicable**(1) 27:10 **inc**(8) 1:8 1:17 1:18 1:24 1:25 2:38 3:43 83:19 | | **intrigues**(1) 16:6 **introduce**(1) 58:5 **invented**(1) 61:10 **investigation**(1) 65:23 **invoke**(1) 15:15 **invoked**(1) 30:6 **involved**(5) 26:23 27:3 80:21 81:17 107:7 **involves**(3) 9:21 84:22 98:14 **involving**(3) 84:6 85:4 85:5 **ironic**(2) 73:6 110:25 **ironically**(1) 58:21 **irreconcilable**(1) 102:24 **irrelevant**(2) 92:13 99:1 **irreparable**(5) 21:25 22:4 22:8 52:2 52:12 **irreparably**(1) 52:9 **irrevocable**(1) 117:6 **isn't**(10) 19:18 20:16 39:10 40:12 40:12 43:1 48:14 68:13 98:25 103:5 | | **jointly**(5) 1:6 1:33 58:20 115:2 121:23 **jones**(1) 3:39 **judge**(46) 1:39 1:40 6:12 6:15 6:18 6:22 11:8 12:4 22:24 27:10 29:8 29:19 30:2 30:6 30:19 30:20 31:10 31:19 39:25 40:10 47:18 48:1 48:19 54:16 55:14 56:7 60:2 80:17 82:8 87:2 87:7 88:18 98:24 101:21 103:10 109:1 109:5 111:8 111:11 111:25 112:4 112:16 112:22 113:12 113:21 122:17 | |
| **honor's**(10) 28:4 50:16 51:24 81:23 90:3 90:3 95:4 95:9 100:2 117:14 **honorable**(1) 1:39 | | **incidentally**(2) 20:16 23:1 **include**(2) 15:25 18:2 **includes**(1) 7:17 **including**(1) 94:6 **inconsistency**(1) 41:18 | | **irreparably**(1) 52:9 **irrevocable**(1) 117:6 | | **judge's**(1) 112:5 **judgment**(3) 109:25 110:20 115:22 **judgments**(3) 41:17 104:21 109:20 **judicata**(1) 11:23 **jugular**(1) 37:20 **july**(5) 50:5 64:23 65:4 71:9 95:17 **june**(3) 60:1 71:2 72:1 **jurisdiction**(29) 8:10 11:9 11:11 14:5 18:11 18:14 18:20 18:21 19:1 19:2 19:4 19:6 19:7 19:12 19:12 38:16 50:1 51:6 51:7 51:11 51:24 52:6 52:7 53:6 53:9 53:11 53:12 54:5 **jurisdictional**(2) 49:23 51:19 **jurisdictions**(1) 23:17 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **jury**(8) 32:5 32:7 32:9 35:5 35:7 37:19 74:9 87:3 | | **language**(8) 16:1 16:19 16:22 17:7 17:23 19:19 20:19 93:22 | | **limited**(6) 1:31 24:3 24:25 25:2 83:24 | | **management**(2) 4:43 61:9 | |
| | | | | **line**(17) 10:12 10:19 26:13 26:18 33:22 34:16 34:21 35:23 50:2 56:5 61:4 73:17 73:19 75:5 97:8 98:16 99:19 | | **maneuvering**(1) 113:2 | |
| | | **large**(1) 84:22 | | | | **manner**(4) 48:12 | |
| **just**(125) 5:18 6:10 6:25 7:13 10:17 14:11 16:19 16:22 17:12 18:5 20:19 21:18 25:9 26:14 28:4 34:11 34:12 36:2 37:19 38:6 39:6 39:11 39:16 40:1 40:2 40:12 41:24 43:20 45:20 46:8 47:8 47:9 47:16 49:3 50:16 52:20 53:11 54:19 54:24 55:13 56:4 57:19 59:8 60:20 62:10 63:15 64:22 65:6 66:18 67:7 67:9 67:24 69:7 70:13 70:24 71:20 72:20 72:21 73:21 73:22 75:3 75:4 75:6 75:9 75:22 76:10 77:15 79:5 80:7 80:8 80:10 81:25 82:7 82:23 82:24 83:18 85:2 85:8 85:25 86:1 86:11 86:20 87:18 88:22 89:11 93:22 93:25 95:5 96:6 96:10 96:25 98:3 98:7 99:4 99:9 103:20 107:15 108:16 109:7 109:11 109:13 109:17 110:9 110:17 110:22 112:10 112:17 113:1 114:5 114:13 114:23 114:24 115:14 118:8 118:13 118:13 118:20 120:16 122:23 123:7 123:10 123:20 123:24 124:10 | | **largely**(1) 71:11 | | **lines**(1) 17:5 | | **manufacture**(2) 111:25 113:10 | |
| | | **larger**(1) 114:22 | | **link**(5) 64:18 92:17 108:4 108:5 108:9 | | **many**(5) 38:10 77:25 77:25 81:3 81:3 | |
| | | **last**(15) 6:12 7:7 7:12 23:10 33:22 52:1 69:14 78:7 80:2 100:14 113:24 114:13 118:6 118:7 119:8 | | **linked**(2) 98:15 108:15 | | **march**(1) 63:8 | |
| | | | | **linking**(1) 93:5 | | **marhurkar**(1) 13:17 | |
| | | | | **liquidated**(2) 34:8 44:4 | | **maria**(1) 4:27 | |
| | | **lastly**(1) 102:4 | | **liquidates**(1) 44:16 | | **market**(5) 1:11 2:25 2:46 4:26 4:26 | |
| | | **late**(1) 73:7 | | **liquidator**(1) 17:8 | | **marketed**(1) 92:4 | |
| | | **later**(4) 41:4 89:16 94:3 111:9 | | **lis**(1) 4:35 | | **materially**(1) 23:19 | |
| | | **latest**(1) 65:16 | | **lisa**(2) 2:14 33:11 | | **matter**(14) 23:9 29:15 55:19 56:23 72:24 84:15 85:1 86:9 98:22 98:25 99:5 108:6 114:24 125:19 | |
| | | | | **list**(2) 67:1 68:16 | | | |
| | | **laughter**(16) 5:6 5:15 24:12 24:18 24:23 33:1 33:4 33:8 39:19 52:16 58:1 85:24 89:2 103:24 119:2 125:6 | | **listening**(1) 32:25 | | **matters**(3) 11:6 16:13 71:21 | |
| | | | | **lists**(1) 17:4 | | **matthew**(3) 2:15 4:14 88:23 | |
| | | | | **litany**(1) 95:1 | | **matz**(1) 4:39 | |
| **justice**(26) 7:18 7:22 8:2 8:9 9:25 11:10 13:9 14:8 14:21 15:6 21:9 40:18 41:13 42:16 53:25 55:7 63:12 75:19 110:13 110:15 111:20 116:9 116:13 116:21 120:5 | | **laura**(1) 4:6 | | **literally**(4) 45:14 80:22 104:18 118:16 | | **maximizes**(1) 97:20 | |
| | | **law**(15) 4:30 8:22 14:16 14:21 14:21 14:23 14:24 21:25 22:14 29:11 29:11 29:12 54:10 78:9 108:7 | | **litigants**(1) 50:9 | | **maximum**(1) 118:2 | |
| | | | | **litigate**(1) 48:3 | | **may**(34) 17:9 17:10 22:2 28:2 28:19 31:8 31:9 33:24 42:22 56:12 59:19 60:4 61:7 61:7 66:20 68:1 75:15 76:15 76:16 78:24 88:8 101:3 102:24 106:11 107:14 108:24 108:25 112:6 112:23 114:1 112:25 124:4 122:5 123:24 | |
| **kansas**(2) 12:4 51:17 | | | | **litigated**(9) 22:3 32:17 42:17 48:14 48:16 53:23 53:24 53:24 55:2 | | | |
| **keep**(10) 34:1 37:18 37:23 39:16 57:23 61:24 112:5 115:3 118:1 119:9 | | **laws**(1) 110:19 | | | | | |
| | | **lawsuit**(7) 26:5 26:24 27:3 28:3 28:7 73:23 77:23 | | **litigates**(1) 44:16 | | **maybe**(6) 73:21 75:8 85:23 85:25 85:25 93:24 | |
| **keeping**(5) 97:18 97:19 98:3 98:8 102:17 | | | | **litigation**(14) 20:4 21:4 21:8 38:24 41:5 47:10 70:19 70:25 71:5 72:7 89:7 97:17 102:6 120:20 | | | |
| **keeps**(1) 11:25 | | **lawyer**(1) 86:18 | | | | **mcafee**(1) 4:21 | |
| **keller**(20) 4:47 103:12 103:12 103:16 103:16 103:23 103:25 104:8 104:11 104:14 104:17 105:5 105:10 105:10 106:16 106:18 107:10 107:11 115:21 116:3 | | **lawyers**(12) 24:2 36:18 60:7 67:18 70:15 71:3 87:21 87:22 102:9 114:4 118:25 118:25 | | **little**(11) 10:17 26:1 31:1 38:10 40:6 62:20 64:20 73:10 81:15 104:12 124:13 | | **mccarthy**(1) 2:2 | |
| | | | | | | **mccloy**(1) 4:38 | |
| | | **layton**(1) 3:31 | | **live**(2) 60:15 85:16 | | **mean**(24) 12:2 16:20 17:12 17:23 18:4 18:5 18:18 22:22 35:13 38:21 46:6 53:21 54:22 62:5 73:21 77:22 83:4 91:5 102:4 108:22 109:22 112:13 113:1 122:24 | |
| **kent**(1) 3:44 | | **lead**(2) 6:21 92:14 | | **llp**(5) 2:22 3:6 3:47 4:5 4:46 | | | |
| **kept**(1) 51:15 | | **leading**(1) 116:6 | | **local**(1) 42:7 | | | |
| **kevin**(1) 1:39 | | **leads**(1) 44:2 | | **located**(1) 66:17 | | | |
| **key**(2) 16:19 69:10 | | **learned**(4) 62:22 74:23 77:1 77:3 | | **locations**(1) 66:11 | | **meaning**(1) 46:22 | |
| **kick**(3) 94:17 96:8 96:25 | | **least**(11) 62:2 63:18 65:10 66:17 90:24 93:17 94:6 96:8 96:12 102:20 116:1 | | **lockbox**(2) 21:13 54:7 55:12 | | **meaningful**(1) 67:15 | |
| **kicked**(3) 82:23 90:1 100:1 | | | | **logic**(2) 11:5 32:2 | | **means**(1) 80:17 | |
| **kicking**(2) 94:22 99:15 | | **leave**(2) 30:17 30:18 | | **logical**(1) 68:7 | | **meant**(8) 8:12 11:8 11:10 14:21 16:9 16:13 17:13 22:24 | |
| **kind**(7) 10:19 16:16 17:12 37:7 38:4 39:4 41:22 | | **left**(3) 35:15 46:1 75:23 | | **long**(11) 46:16 46:17 58:4 64:23 72:4 73:11 77:14 77:15 87:9 106:4 113:23 | | | |
| | | **legal**(2) 8:11 33:5 | | | | **measured**(1) 54:8 | |
| **kinds**(3) 11:22 92:6 115:4 | | **less**(2) 62:9 81:15 81:15 95:10 102:11 112:19 113:3 124:13 124:20 | | **longer**(2) 59:23 73:12 | | **meat**(1) 6:9 | |
| **king**(2) 3:18 3:34 | | | | **look**(21) 28:8 28:12 32:23 34:15 34:15 34:15 35:6 35:19 36:19 42:10 43:1 43:3 80:22 85:21 85:21 95:14 102:23 105:17 116:24 120:4 120:11 | | **mechanism**(1) 106:25 | |
| **knew**(3) 46:14 83:10 83:10 | | **let**(14) 24:9 24:24 34:2 39:6 65:2 78:12 78:22 80:10 82:7 104:14 105:21 105:21 105:22 119:25 | | | | **mediate**(1) 63:12 | |
| **knight**(2) 2:38 83:19 | | | | | | **mediation**(5) 6:11 6:23 17:21 63:15 63:17 | |
| **knock**(1) 124:7 | | | | **looking**(3) 12:5 45:20 105:6 | | **mediator**(1) 6:15 | |
| **know**(91) 8:3 11:25 12:13 13:15 16:10 17:14 17:14 18:1 18:11 20:18 21:20 22:22 22:25 23:12 28:11 33:6 33:20 34:13 38:5 38:7 41:22 43:8 43:20 44:24 46:11 47:2 47:2 47:15 55:25 67:3 68:2 70:20 75:17 75:18 75:18 77:11 77:15 77:16 78:10 80:4 80:10 81:6 82:12 84:5 84:16 85:20 86:11 86:15 86:21 87:6 87:13 88:1 88:4 88:8 88:10 90:4 91:9 92:12 92:23 92:25 95:14 95:15 96:13 97:13 101:8 101:11 101:14 102:8 102:14 102:18 103:18 105:19 105:21 109:17 112:8 114:17 115:14 117:3 118:9 118:12 120:4 122:3 122:12 123:5 | | **let's**(4) 36:8 43:16 112:17 118:13 | | **looks**(1) 117:8 | | **meet**(6) 7:24 14:1 15:14 69:11 69:20 | |
| | | **letter**(30) 5:19 7:8 7:16 8:4 31:19 50:5 58:10 62:16 62:19 62:23 72:3 74:24 75:1 76:17 76:17 82:25 93:9 93:23 94:14 96:14 100:12 101:1 107:21 113:13 121:5 121:6 121:24 122:12 122:24 122:25 | | **loop**(1) 105:18 | | **men**(1) 50:21 | |
| | | | | **loot**(1) 109:3 | | **mention**(2) 29:7 74:19 | |
| | | | | **lost**(2) 65:4 74:10 103:1 | | **mentioned**(17) 27:3 27:9 60:8 67:12 73:20 75:20 80:5 89:13 90:4 90:11 91:17 93:9 94:23 95:16 98:9 99:2 115:20 | |
| | | **letters**(4) 82:21 83:22 89:24 122:1 | | **lot**(18) 8:13 36:3 61:6 61:17 70:21 84:5 86:16 86:19 91:25 94:24 98:2 110:18 113:1 114:11 114:20 119:6 119:6 124:16 | | | |
| | | **letting**(1) 111:22 | | | | | |
| | | **level**(3) 86:4 115:5 114:25 | | | | **mentioning**(1) 53:8 | |
| | | **liabilities**(1) 17:1 | | | | **mere**(1) 92:7 | |
| | | **liability**(6) 10:15 11:4 16:25 18:2 55:1 95:18 102:19 122:1 124:18 | | **lots**(2) 97:2 97:17 | | **merger**(2) 4:26 4:26 | |
| **knowing**(5) 48:8 48:9 48:9 48:10 84:1 | | | | **lowly**(1) 86:18 | | **merits**(8) 11:21 15:17 21:19 34:23 45:10 53:14 91:8 94:13 | |
| **known**(6) 17:7 17:17 17:18 17:24 29:22 106:2 | | **liable**(2) 41:2 46:24 | | **luton**(1) 3:15 | | | |
| | | **license**(9) 85:5 85:21 85:22 87:17 93:11 95:18 102:19 122:1 124:18 | | | | **methodology**(2) 8:2 93:5 | |
| | | | | **made**(19) 9:3 21:11 21:15 40:4 41:3 41:4 44:13 52:7 52:18 73:18 78:7 89:15 93:9 93:13 95:2 100:3 111:12 116:3 116:3 | | **mid-november**(3) 94:16 96:16 100:19 | |
| **knows**(7) 11:18 42:12 70:13 73:14 81:4 114:12 119:7 | | **lien**(1) 54:13 | | | | **middle**(3) 16:24 45:16 124:22 | |
| | | **life**(1) 70:20 | | | | **might**(28) 4:20 20:15 33:20 39:15 55:25 66:16 77:24 77:24 79:2 79:5 81:14 81:14 81:21 94:20 96:21 96:21 97:11 101:10 101:15 104:12 104:13 106:22 109:8 110:15 115:18 115:23 117:12 118:10 | |
| | | **lift**(3) 18:12 110:25 116:10 | | | | | |
| | | **light**(3) 24:24 121:15 | | **magistrate**(2) 6:12 6:18 | | | |
| | | **like**(28) 15:19 16:6 28:19 34:12 37:3 40:12 46:11 49:2 59:14 78:9 78:13 79:18 82:15 83:4 86:22 92:10 97:3 97:4 100:22 105:19 108:10 114:4 115:16 115:18 117:8 118:22 120:13 122:22 | | **main**(2) 12:25 25:19 | | | |
| | | | | **mainly**(1) 19:20 | | **milbank**(1) 4:38 | |
| **labor**(1) 5:14 | | | | **make**(31) 14:2 20:19 23:17 26:15 31:10 32:12 32:15 34:18 37:25 38:1 38:14 44:8 45:20 45:24 45:25 49:17 51:17 51:19 52:1 52:20 72:2 73:10 78:21 80:1 87:11 89:5 93:6 110:17 117:12 118:10 120:7 | | **million**(3) 39:12 81:10 81:11 | |
| **lack**(1) 19:12 | | **likelihood**(2) 45:9 53:14 | | | | **mind**(4) 38:14 116:3 116:4 116:21 | |
| | | **likely**(9) 45:12 64:6 64:10 68:22 75:7 75:15 92:14 96:22 105:15 | | | | **mini-trial**(1) 45:14 | |
| | | | | **makes**(10) 20:2 22:1 42:8 82:10 85:6 101:16 108:19 108:23 110:1 119:5 | | **minimum**(1) 86:8 | |
| | | | | | | **minor**(1) 99:5 | |
| | | **limitations**(3) 41:21 47:21 48:2 | | **making**(4) 24:7 55:12 72:7 109:7 | | **minute**(1) 46:14 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| **minutes**(2) 59:15 62:14 | | **need**(35) 15:11 15:20 18:11 27:18 30:18 35:3 57:19 59:19 59:19 60:21 61:19 62:25 66:22 67:19 67:20 76:3 78:1 78:2 80:3 81:24 81:25 83:21 89:12 92:19 93:6 94:4 94:7 95:21 96:2 98:1 100:1 101:10 115:10 115:20 120:11 | **now**(78) 5:7 9:12 9:12 9:13 10:10 11:19 13:15 13:23 15:9 17:9 18:4 19:14 27:6 27:22 28:18 30:6 38:6 41:25 42:2 42:22 43:16 44:3 44:14 47:9 47:11 48:8 48:24 50:12 51:13 51:23 53:18 59:16 60:17 61:21 62:18 63:7 65:8 65:16 65:24 66:7 66:24 67:22 68:20 69:6 69:22 71:1 73:5 74:19 76:13 77:19 77:24 79:2 80:14 81:13 85:4 86:11 88:9 89:13 89:25 90:13 91:5 91:24 96:11 101:4 102:21 105:20 106:21 111:9 111:10 111:24 112:2 113:9 114:23 115:15 119:17 120:3 123:19 | **order**(45) 15:15 22:5 40:18 50:17 50:20 50:20 50:20 50:21 50:21 50:22 50:22 51:15 59:24 60:12 61:18 63:12 69:1 70:2 71:2 72:1 72:11 82:14 82:24 85:15 85:18 92:16 92:17 94:13 95:4 95:5 96:4 96:19 96:25 106:25 107:1 115:5 116:9 116:12 117:10 117:14 117:21 120:2 120:24 122:12 122:23 |
| **mirror**(2) 44:17 48:20 | | | | | | | |
| **missing**(2) 66:14 66:15 | | | | | | **orderly**(1) 15:12 | |
| **misspoke**(1) 107:14 | | **needed**(7) 60:14 62:12 68:7 68:14 70:5 115:16 124:3 | | **number**(6) 40:18 59:14 69:10 71:23 77:24 78:8 | | **orders**(9) 42:13 43:5 43:7 50:23 51:5 51:8 51:12 53:23 95:9 | |
| **mistake**(1) 44:9 | | | | | | | |
| **mix**(2) 47:15 86:12 | | | | | | **ordinary**(2) 22:14 44:8 | |
| **modest**(2) 102:21 117:11 | | **needs**(6) 79:13 79:16 82:1 83:22 90:1 negotiation(1) 118:21 | | **object**(4) 63:22 76:8 79:18 113:11 **objection**(3) 51:3 77:12 83:24 **obligations**(1) 17:1 **obvious**(1) 120:3 | | **original**(1) 59:24 | |
| **moment**(6) 7:13 50:16 60:20 61:2 61:20 80:7 | | | | | | **originally**(2) 46:19 59:21 | |
| | | **neither**(2) 54:14 111:4 | | | | **other**(66) 5:19 9:11 12:2 12:4 14:1 18:21 19:3 25:16 27:15 29:1 29:12 34:12 34:15 34:17 36:5 36:7 37:12 39:7 39:8 40:11 42:9 43:10 43:21 43:21 43:22 46:12 47:14 48:17 48:17 56:10 59:9 61:20 65:17 65:21 65:22 66:10 67:19 67:22 68:10 68:11 68:16 69:6 70:9 73:18 74:1 74:19 76:23 78:20 82:14 86:10 88:2 90:10 92:19 94:23 96:20 98:6 99:9 101:23 102:6 105:21 106:13 107:18 111:14 112:2 115:13 121:23 | |
| **money**(10) 20:18 39:7 43:24 45:15 48:16 54:21 80:21 81:8 81:17 108:18 | | **network**(1) 61:9 **networks**(5) 1:8 1:24 1:31 3:48 4:46 **never**(7) 21:11 39:1 54:4 74:25 74:25 92:4 113:10 | | | | | |
| | | | | **obviously**(4) 14:2 21:15 50:3 50:11 51:2 77:22 95:2 98:14 | | | |
| **monitor**(3) 4:5 103:18 104:3 | | **new**(6) 2:41 3:10 3:28 36:25 42:2 62:6 **newbould**(14) 7:22 8:2 9:25 11:10 13:9 21:9 40:18 42:17 63:13 75:19 110:15 116:9 116:13 120:6 | | | | | |
| **month**(16) 59:1 59:8 61:22 61:23 62:1 62:3 62:4 62:8 65:3 65:4 82:3 89:14 102:12 108:25 117:3 117:5 | | | | **occur**(2) 36:24 74:22 **occurred**(4) 26:12 26:19 27:8 42:21 **october**(8) 11:20 38:6 65:10 76:1 86:8 86:8 123:20 124:1 | | | |
| | | | | | | **others**(6) 27:10 48:13 69:15 69:16 95:12 105:18 | |
| **months**(29) 59:4 59:5 62:9 63:10 70:1 77:25 84:17 88:13 90:1 90:9 94:5 94:18 95:22 96:9 97:1 99:6 99:16 100:1 100:5 101:20 108:25 112:8 112:8 112:8 112:16 120:10 124:14 124:21 | | **newbould's**(3) 110:13 111:20 116:21 **nexigen**(1) 50:21 **next**(4) 39:9 88:12 89:25 104:23 **nice**(2) 81:18 81:22 **nichols**(1) 2:21 | | | | | |
| | | | | **odd**(3) 89:6 89:7 89:7 **off**(4) 12:4 78:19 89:11 108:16 **offers**(1) 53:15 **officers**(1) 20:1 **official**(5) 3:31 4:13 5:4 49:15 **oil**(1) 14:18 | | **otherwise**(4) 56:10 65:1 67:11 98:13 | |
| **moot**(1) 12:13 | | | | | | **our**(116) 6:1 6:6 19:22 19:25 21:21 24:25 25:5 25:11 25:18 25:18 36:24 35:24 35:25 36:20 32:5 32:7 33:13 35:24 35:24 35:25 36:20 37:17 38:18 40:15 42:7 49:5 52:8 57:12 58:15 58:15 58:25 59:13 59:18 59:20 60:14 60:16 61:3 61:13 62:19 63:1 63:5 63:5 63:8 63:25 64:15 65:6 65:25 66:11 66:17 67:16 67:17 68:2 68:8 68:9 68:15 69:7 69:14 69:24 74:5 71:11 71:15 71:19 71:25 73:2 73:3 73:4 76:2 76:21 78:11 78:18 78:18 80:8 80:10 81:12 81:18 82:2 83:11 83:22 85:18 85:21 85:22 86:5 93:1 93:1 93:9 93:21 93:22 94:13 94:14 96:14 97:1 97:1 98:7 99:8 100:10 100:12 100:13 100:17 101:2 102:14 107:3 107:22 108:4 108:6 108:13 108:14 108:16 111:23 113:14 116:3 118:24 119:3 119:12 120:20 121:5 121:24 123:10 | |
| **mooted**(1) 36:6 | | | | | | | |
| **moratorium**(5) 13:25 15:1 43:1 43:4 43:6 | | | | | | | |
| **morawetz**(1) 53:25 | | | | | | | |
| **more**(60) 33:5 62:24 72:25 93:10 103:7 44:24 48:5 48:25 59:16 59:19 62:20 64:20 65:1 65:12 65:20 66:24 70:12 79:8 79:15 79:16 81:3 92:21 94:5 110:23 114:1 117:9 117:10 118:24 119:6 124:16 | | **night**(2) 66:25 68:15 **nilly**(1) 94:17 **nni**(3) 49:15 49:18 54:24 **nobody**(1) 20:19 **nobody's**(1) 100:19 **non**(1) 80:4 | | **okay**(32) 18:17 23:13 27:1 31:12 32:20 55:23 57:11 59:17 60:22 61:11 79:22 83:2 85:16 85:23 87:24 88:6 102:3 103:23 104:9 104:11 104:14 104:17 105:9 113:25 122:7 122:14 123:4 123:13 123:16 123:22 123:22 124:23 | | | |
| | | | | | | | |
| **morgan**(3) 54:13 54:18 55:6 | | **non-meritorious**(1) 36:19 **none**(2) 33:25 43:23 **nonetheless**(1) 27:22 | | | | | |
| **morning**(19) 5:3 5:10 5:11 5:24 5:25 23:24 23:25 33:9 33:10 49:12 49:13 57:16 83:17 83:17 83:18 88:18 88:19 104:19 109:14 | | | | | | | |
| | | | | **once**(3) 10:23 12:21 72:14 | | | |
| **morris**(1) 2:21 | | **nor**(1) 116:2 | | | | | |
| **most**(6) 33:5 62:24 72:25 93:10 103:7 | | **normally**(2) 12:3 84:23 **norman**(1) 2:31 | | **one**(63) 3:9 3:26 3:33 8:8 10:4 10:9 14:20 23:3 26:20 31:13 33:19 34:13 35:9 36:5 36:5 37:5 39:6 39:11 39:1 39:15 40:18 48:12 55:10 57:22 58:13 58:21 59:23 63:10 69:13 72:2 73:25 74:4 74:7 76:3 76:23 77:19 78:4 78:8 80:2 80:7 82:14 90:5 93:19 96:1 101:20 106:12 107:14 108:15 109:5 110:23 111:4 114:1 114:12 116:25 116:25 118:10 120:16 | | | |
| | | **nortel**(26) 1:8 1:24 1:31 3:48 4:46 8:21 9:10 20:22 21:6 46:22 46:24 61:1 61:2 61:12 61:16 63:4 63:22 64:14 64:18 68:8 80:6 92:2 92:9 92:18 92:21 93:20 | | | | | |
| **motion**(64) 5:9 5:18 6:1 6:9 9:24 12:5 12:14 12:18 18:12 21:23 22:17 23:10 23:12 25:2 25:3 31:3 31:18 32:12 32:14 33:13 35:25 36:4 36:7 36:13 37:17 37:18 39:24 47:18 56:18 58:13 63:8 73:18 74:11 76:16 77:11 77:18 77:21 79:5 79:6 79:21 79:14 80:5 87:7 92:15 97:14 98:23 99:14 99:14 101:9 109:1 109:3 110:1 111:1 111:7 111:17 111:23 112:3 113:5 113:8 113:14 115:6 116:10 118:22 119:12 | | | | | | | |
| | | **north**(4) 2:46 3:18 3:34 66:10 **norton**(2) 4:46 103:17 | | | | | |
| | | **not**(147) 6:10 6:22 6:22 11:16 11:19 11:24 12:15 14:23 15:5 15:6 18:1 18:16 18:20 19:18 20:3 20:18 21:10 21:15 21:16 22:11 23:18 25:3 25:19 26:3 26:20 27:3 29:6 30:8 31:9 32:15 33:24 34:16 35:16 35:22 38:21 40:9 40:25 41:1 41:8 41:9 42:1 42:11 42:17 43:4 43:13 43:22 44:4 44:5 45:20 46:1 47:2 47:3 48:3 48:4 48:6 51:20 52:9 52:21 53:7 53:22 54:4 54:6 54:11 54:12 54:16 55:10 58:14 58:14 59:8 61:8 65:11 65:13 66:21 67:2 67:3 67:9 68:1 68:10 68:22 68:24 73:1 74:7 74:23 79:10 81:16 82:19 82:24 84:1 84:20 85:1 85:8 85:9 85:12 85:23 86:20 87:3 87:10 90:5 94:21 91:7 91:15 92:14 94:7 94:25 95:24 96:21 97:13 97:25 98:20 99:24 101:19 103:1 106:11 107:5 108:10 110:8 110:13 111:16 112:6 112:10 112:10 113:6 114:9 114:10 114:18 115:8 115:17 116:1 116:7 116:7 117:7 118:11 118:23 119:14 120:22 122:23 124:6 124:6 124:7 | | **one's**(1) 55:12 **ones**(7) 69:23 73:20 85:19 119:10 119:11 119:19 119:23 **ongoing**(3) 9:16 13:18 105:15 **only**(34) 10:10 13:5 14:15 26:12 26:19 27:2 27:13 27:18 27:20 28:9 30:11 44:3 46:24 47:10 52:9 61:22 67:8 68:13 72:8 72:14 75:22 76:2 78:15 84:9 103:2 103:23 111:7 111:18 116:25 116:25 117:5 121:13 123:17 | | **ours**(2) 73:8 110:23 **ourselves**(2) 85:9 97:10 **out**(54) 17:24 18:1 19:18 19:18 20:18 21:17 41:6 43:9 45:3 48:13 48:16 49:5 51:1 52:5 52:8 54:17 57:12 59:3 61:25 77:8 77:17 78:11 81:7 82:23 85:19 86:1 86:10 90:1 90:7 92:24 94:16 94:16 94:18 94:22 96:8 96:15 96:16 96:25 99:15 100:1 100:5 100:8 100:20 101:10 101:13 116:8 117:4 117:7 118:1 118:2 121:5 121:13 124:4 124:5 **outstanding**(1) 96:7 **outweigh**(2) 23:5 23:6 | |
| | | | | **onset**(1) 24:25 **open**(2) 34:12 35:21 **opening**(2) 49:7 59:13 **operating**(4) 93:18 110:3 110:12 110:13 **opinion**(1) 79:19 **opinions**(1) 71:17 **opportunity**(2) 97:9 102:22 **oppose**(1) 75:20 **opposed**(3) 11:7 27:14 94:11 **opposing**(1) 112:21 **opposite**(1) 24:7 **opposition**(2) 33:12 37:17 **optimistic**(1) 6:20 **option**(1) 116:25 | | | |
| **motions**(7) 35:4 59:5 87:6 88:11 97:9 99:11 115:24 | | | | | | | |
| **motivations**(1) 79:12 **move**(4) 6:20 77:23 116:10 117:17 **moved**(1) 74:6 **moving**(3) 19:8 47:1 117:25 **mss**(1) 50:21 **much**(19) 33:17 48:5 54:17 54:18 57:1 66:11 81:17 86:3 86:3 97:15 100:7 103:11 108:6 108:18 110:8 116:11 122:21 123:17 125:9 | | | | | | **over**(25) 5:5 7:20 8:10 11:9 11:11 14:5 15:8 18:14 19:17 20:17 33:3 35:18 39:12 43:25 44:1 45:15 48:18 48:20 54:5 70:1 70:5 71:4 88:12 114:13 115:20 | |
| | | | | | | | |
| | | | | | | **overall**(1) 80:6 **overarching**(2) 89:22 95:25 **overlap**(3) 39:21 85:13 86:1 **overlapping**(1) 86:10 **overlaps**(1) 48:22 **overly**(1) 4:5 **overruled**(1) 51:4 **overseen**(1) 35:2 **overwhelming**(1) 65:24 **own**(4) 35:17 69:22 106:14 119:22 **owner**(1) 71:8 | |
| **multiple**(1) 23:16 **murtagh**(1) 2:16 **must**(5) 30:22 44:9 45:2 110:14 111:10 **mutual**(1) 16:16 **myself**(1) 58:6 **name**(1) 103:15 **narrow**(1) 49:4 **nature**(3) 24:6 43:2 67:21 **near**(1) 71:24 **necessarily**(3) 10:3 13:12 89:20 **necessary**(11) 59:7 60:17 60:18 63:4 67:13 77:20 81:20 113:7 116:5 117:13 122:20 **necessitated**(1) 62:10 **necessity**(1) 60:9 | | **note**(3) 69:6 80:12 95:15 **noted**(4) 21:3 66:7 99:17 116:13 **nothing**(12) 20:5 38:13 40:19 40:20 62:17 87:12 89:23 108:7 111:15 113:17 116:14 120:11 **notice**(2) 96:3 109:11 **notwithstanding**(1) 96:24 **november**(2) 104:21 109:20 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| p.c(1) 2:30 | | petition(8) 8:22 8:24 9:2 9:7 9:22 10:4 27:4 27:13 | | pre-petition/post-petition(1) 39:23 | | product(8) 63:22 64:18 92:2 92:4 92:18 92:20 93:5 108:5 | |
| p.m(1) 125:13 | | | | pre-sale(6) 10:3 26:8 27:23 28:21 30:13 30:15 | | | |
| page(7) 16:14 19:17 19:17 20:2 21:4 21:7 41:14 | | phase(6) 64:4 64:10 64:12 64:22 65:16 65:17 | | | | production(3) 70:11 107:3 107:22 | |
| | | | | pre-trial(1) 59:6 | | productions(1) 95:9 | |
| paid(5) 44:5 44:12 44:21 49:6 54:7 | | phases(1) 64:3 | | preamble(1) 21:3 | | products(11) 8:23 9:4 61:1 61:2 61:13 63:5 64:15 68:3 68:8 76:5 108:4 | |
| pandora's(3) 34:7 35:21 37:12 | | phillip(1) 4:35 | | precludes(1) 38:13 | | | |
| papers(7) 9:24 33:3 33:5 36:4 37:17 39:24 45:6 | | phone(2) 103:21 104:13 | | preferable(1) 116:5 | | profit(6) 9:9 10:7 27:14 54:8 61:5 63:6 | |
| | | physically(1) 85:8 | | prejudice(3) 11:6 102:15 102:16 | | profits(12) 26:13 34:20 35:1 35:23 36:21 36:22 45:12 61:14 78:8 78:13 98:15 99:18 | |
| paragraph(4) 16:17 16:25 19:20 116:12 | | pike(1) 115:18 | | prejudicial(1) 102:10 | | | |
| parallel(3) 23:7 42:16 85:3 | | place(14) 23:3 30:10 30:13 31:25 39:10 39:11 67:3 71:9 74:18 106:13 108:17 112:18 119:11 119:20 | | premature(1) 76:10 | | progress(1) 91:12 | |
| parameters(1) 118:15 | | | | prepare(2) 56:24 82:2 | | project(3) 91:13 91:14 92:22 | |
| paramount(1) 98:18 | | | | prepared(4) 61:22 67:15 67:20 85:17 | | prompt(1) 62:10 | |
| park(2) 3:9 3:26 | | places(3) 29:12 58:22 98:4 | | preparing(3) 71:7 87:22 88:12 | | prong(1) 15:16 | |
| parlin(35) 2:39 83:16 83:18 83:19 84:9 85:12 85:25 87:2 87:18 87:21 87:25 88:7 88:15 88:16 95:15 117:20 121:6 121:9 121:12 121:18 121:25 122:5 123:7 123:8 123:9 123:13 123:16 123:19 123:22 124:6 124:15 124:17 124:20 124:24 125:1 | | plaintiff(1) 35:8 | | prescient(1) 84:4 | | proof(4) 26:2 26:4 68:4 84:24 | |
| | | plaintiff's(4) 84:24 96:1 103:3 | | presence(3) 91:20 91:25 92:7 | | proofs(2) 84:25 92:17 | |
| | | plaintiffs(1) 1:20 | | present(1) 17:8 | | proper(1) 8:24 | |
| | | plan(8) 78:16 81:5 81:5 81:13 81:13 81:16 81:21 109:18 | | presented(1) 65:25 | | properly(1) 25:24 | |
| | | | | preserve(1) 28:7 | | property(2) 50:3 51:2 | |
| | | plate(2) 125:7 125:7 | | preserved(1) 32:8 | | proposal(1) 76:9 | |
| parse(2) 86:20 86:22 | | play(3) 38:2 81:7 86:10 | | preserves(2) 46:5 46:6 | | propose(5) 75:2 75:25 77:9 81:4 81:21 | |
| part(16) 9:5 13:21 20:7 21:10 29:3 52:22 53:1 53:20 86:12 108:11 113:9 114:16 115:5 117:22 123:12 123:14 | | played(1) 124:4 | | presided(1) 114:13 | | proposed(14) 8:2 13:6 25:13 26:22 27:21 35:24 59:21 62:8 62:15 74:25 75:1 75:22 115:2 121:23 | |
| | | players(1) 85:5 | | pressing(1) 24:6 | | | |
| | | playing(1) 39:5 | | pretty(4) 38:15 42:19 62:10 108:6 | | | |
| parte(1) 43:7 | | please(6) 5:2 5:4 16:5 54:16 120:18 120:18 | | prevents(2) 40:20 40:21 | | proposition(1) 29:2 | |
| partially(1) 92:3 | | pleasure(1) 57:3 | | primarily(4) 41:2 41:2 80:15 119:12 | | propounded(1) 69:12 | |
| participate(1) 41:11 | | ploys(1) 33:18 | | primary(1) 40:23 | | prosecution(1) 13:6 | |
| participated(1) 11:22 | | pocket(1) 49:5 | | principal(1) 97:1 | | prospects(1) 97:16 | |
| participating(2) 11:15 11:20 | | pockets(1) 52:8 | | principals(1) 14:15 | | protected(1) 41:23 | |
| particular(8) 25:23 29:9 51:4 78:25 105:18 109:18 121:20 124:11 | | podium(2) 5:21 42:15 | | principle(4) 8:12 10:14 14:20 15:2 | | protective(5) 72:11 92:16 106:25 107:1 107:1 | |
| | | point(32) 30:9 30:9 31:7 31:11 31:13 31:14 44:2 52:1 59:3 64:24 70:21 72:3 73:18 77:15 78:6 78:19 80:2 80:25 83:4 87:21 89:22 93:9 95:25 96:11 97:21 98:6 99:16 101:5 102:14 111:12 114:22 120:7 | | principles(6) 8:8 12:9 22:14 23:6 30:8 | | | |
| parties(25) 6:11 6:16 6:21 11:7 11:22 11:24 12:15 45:1 45:5 45:5 90:5 91:7 94:6 95:20 97:19 100:21 101:23 102:21 106:2 107:2 111:14 111:15 115:11 115:15 117:2 120:12 | | | | prior(5) 8:22 9:6 31:11 31:19 40:7 | | protocol(2) 53:25 61:9 | |
| | | | | priorities(1) 55:8 | | protocols(1) 116:20 | |
| | | | | priority(5) 41:20 44:5 44:11 44:12 55:3 | | proven(5) 48:15 58:14 64:15 65:1 96:2 | |
| | | | | probably(4) 38:11 63:16 106:21 110:18 | | proven(2) 44:19 44:20 | |
| | | pointed(2) 61:25 102:6 | | probative(1) 93:6 | | provide(2) 99:14 99:15 | |
| party(12) 3:39 3:47 20:7 20:13 21:16 33:13 35:24 35:24 35:24 47:3 48:7 92:10 95:19 | | points(6) 37:11 49:17 52:17 89:19 95:1 99:9 | | problem(4) 84:25 85:1 124:18 124:24 | | provided(6) 62:18 64:16 86:4 90:13 90:20 121:14 | |
| | | | | problematic(1) 122:13 | | | |
| | | | | procedural(4) 33:18 36:2 38:2 99:5 | | | |
| pass(1) 45:11 | | policy(2) 14:17 22:13 | | procedure(2) 54:3 110:12 | | provides(2) 28:17 82:14 | |
| past(1) 17:8 | | position(23) 20:8 25:18 43:24 44:15 63:19 64:1 66:1 67:7 67:9 74:22 88:24 89:3 91:24 92:12 93:1 96:23 96:23 97:25 101:3 108:3 109:8 110:7 113:5 | | procedures(5) 7:19 7:20 23:5 | | provisions(2) 21:17 53:13 | |
| patterson(1) 4:30 | | | | proceed(9) 7:19 24:1 24:9 31:8 37:22 48:11 48:21 63:9 120:2 | | public(3) 14:17 22:11 22:13 | |
| paul(3) 4:47 103:12 103:16 | | | | | | pull(1) 48:13 | |
| pause(1) 96:13 | | | | | | purchased(2) 84:10 84:14 | |
| pay(10) 35:15 35:16 36:20 36:21 41:12 45:11 54:18 86:18 108:18 117:15 | | positions(4) 20:15 24:5 62:22 117:2 | | proceeding(47) 1:35 6:8 9:14 10:25 11:7 11:20 12:11 12:16 13:13 18:15 19:8 21:18 21:10 39:7 45:20 47:3 48:24 53:15 53:16 54:4 56:2 70:22 72:10 73:19 73:21 74:5 74:13 74:15 75:6 84:19 85:3 87:13 99:24 100:17 101:20 107:24 109:5 110:9 110:14 110:22 111:1 111:6 111:20 116:15 116:18 117:9 118:13 | | purchasers(1) 9:11 | |
| | | possession(1) 29:25 | | | | pure(1) 80:25 | |
| | | possibility(3) 28:19 94:19 116:8 | | | | purported(1) 6:7 | |
| paying(4) 43:9 45:14 45:22 46:1 | | possible(11) 17:6 55:21 55:21 61:24 71:19 85:8 85:9 96:5 102:23 106:6 118:2 | | | | purpose(2) 12:18 108:17 | |
| peculiar(1) 12:8 | | | | | | purposes(6) 11:1 11:23 14:1 36:16 41:10 43:2 | |
| peculiarity(1) 12:2 | | | | | | | |
| peg(1) 3:40 | | possibly(2) 28:8 66:10 | | | | | |
| pend(1) 48:8 | | post(1) 27:12 | | proceedings(32) 1:38 1:43 6:2 6:3 7:24 11:9 12:6 12:22 12:22 14:15 22:16 23:7 23:16 37:23 42:16 52:11 70:8 74:4 90:7 90:9 90:10 90:19 98:13 98:20 98:21 100:15 107:21 114:9 115:4 115:9 119:16 125:19 | | pursue(3) 23:18 28:9 78:22 | |
| pending(15) 16:12 20:4 21:4 23:7 23:13 23:14 23:16 32:13 91:6 98:23 101:9 102:7 109:2 112:6 115:6 | | post-petition(30) 8:15 9:5 9:16 9:22 10:2 13:10 13:11 22:20 22:23 26:7 26:8 26:10 26:20 27:23 28:21 29:2 29:17 29:25 30:3 30:13 30:15 33:23 40:1 40:6 41:20 42:11 42:18 42:19 42:22 44:7 | | | | pursued(2) 39:1 79:1 | |
| | | | | | | pursuing(2) 78:16 78:18 | |
| | | | | | | push(3) 96:15 100:7 104:6 | |
| pennies(1) 81:15 | | | | | | pushing(2) 100:5 104:25 | |
| pennsylvania(2) 2:6 2:17 | | | | proceeds(37) 10:7 20:10 20:13 21:6 35:1 35:16 36:24 42:4 42:5 43:14 45:5 45:23 45:24 45:25 46:2 46:7 46:8 46:12 49:5 49:24 50:2 50:12 50:15 50:18 51:10 51:13 51:14 51:20 51:22 52:5 52:8 52:10 53:22 54:5 55:10 55:11 55:11 | | put(14) 33:5 36:25 37:21 45:16 62:4 83:25 84:3 84:24 84:25 92:24 100:20 113:4 119:21 122:12 | |
| pension(2) 3:49 19:21 | | pot(1) 20:18 | | | | | |
| people(5) 20:15 33:5 62:7 87:25 88:2 | | | | | | | |
| percolating(1) 47:12 | | potential(7) 13:13 15:18 16:10 18:2 18:6 97:20 115:23 | | | | puts(1) 101:12 | |
| perfect(1) 64:20 | | | | | | putting(2) 96:16 124:21 | |
| perhaps(1) 62:24 | | | | process(18) 6:23 7:9 7:23 7:25 15:7 35:18 37:1 47:9 55:9 72:15 77:1 77:3 77:7 77:9 81:3 91:19 92:8 92:14 | | qualified(1) 20:15 | |
| period(4) 10:3 30:4 40:7 68:25 | | potentially(1) 100:23 | | | | quarter(3) 75:10 75:12 104:20 | |
| periods(2) 26:10 27:13 | | power(1) 21:21 | | | | question(10) 17:22 44:3 44:14 44:18 45:10 48:6 53:5 106:19 122:20 123:17 | |
| permission(1) 8:24 | | powers(1) 21:24 | | | | | |
| pernick(4) 2:31 57:9 57:16 57:17 | | ppearances(2) 2:10 3:3 | | produce(9) 68:22 68:24 70:22 70:23 86:23 95:3 95:18 107:20 107:24 | | | |
| perplexing(1) 73:10 | | pre(3) 9:21 10:3 27:3 | | | | | |
| person(2) 61:7 91:8 | | pre-business(2) 11:4 56:5 | | produced(13) 1:44 67:1 68:18 70:6 72:5 72:20 72:22 73:2 90:12 90:14 90:19 90:21 90:22 | | questions(11) 22:17 22:19 24:17 49:1 56:10 71:13 82:6 103:6 103:8 106:10 113:16 | |
| persona(3) 19:4 19:11 19:12 | | pre-petition(29) 8:15 9:17 11:13 11:15 13:10 13:12 13:14 13:19 13:20 26:1 26:4 26:9 26:9 27:4 27:8 27:12 28:1 29:4 29:18 30:4 33:23 37:2 37:8 37:9 40:2 40:5 41:19 42:18 49:8 | | | | quibble(1) 74:8 | |
| personnel(1) 92:20 | | | | | | quick(3) 52:17 120:3 120:16 | |
| perspective(3) 65:3 93:21 118:25 | | | | | | quickly(6) 6:19 6:20 38:15 48:14 79:13 79:25 96:6 106:6 117:9 120:2 125:8 | |
| persuade(2) 15:11 105:17 | | | | | | | |
| pertain(1) 85:11 | | | | producing(2) 67:15 71:4 | | | |
| pertinent(1) 7:14 | | | | | | | |

| Word | Page:Line |
|------|-----------|
| **quite**(4) 33:15 44:6 46:6 125:5 | |
| **quotes**(2) 39:20 39:22 | |
| **raiding**(1) 47:16 | |
| **raise**(4) 45:18 45:19 82:14 89:15 | |
| **raised**(6) 51:3 54:4 72:3 84:6 98:23 99:10 | |
| **raises**(1) 99:10 | |
| **raising**(1) 47:16 | |
| **rather**(4) 24:7 89:16 93:1 94:2 | |
| **re-litigate**(1) 41:15 | |
| **read**(5) 8:4 29:23 30:22 62:23 95:8 | |
| **reading**(4) 7:11 16:19 16:22 33:2 | |
| **ready**(1) 77:16 | |
| **real**(3) 99:7 110:6 124:18 | |
| **reality**(3) 53:3 106:1 110:11 | |
| **realize**(1) 56:3 | |
| **realized**(2) 34:21 56:4 | |
| **really**(44) 8:10 12:9 12:15 16:9 16:16 19:18 19:19 21:20 22:13 31:21 35:20 47:10 49:20 50:17 51:19 53:3 53:22 59:10 60:6 69:6 69:19 72:20 79:11 79:13 79:18 79:23 79:23 79:24 79:24 81:25 82:19 84:1 84:9 86:22 91:3 94:21 105:20 110:8 111:14 113:6 119:1 124:24 | |
| **reap**(1) 118:2 | |
| **reason**(46) 15:5 15:7 22:10 22:12 25:2 29:10 30:16 30:24 31:15 31:22 47:25 53:15 55:20 59:6 62:2 62:24 65:2 65:5 68:11 68:14 71:12 72:9 74:15 75:25 76:15 77:17 77:19 78:5 78:24 80:15 83:11 94:17 95:12 96:8 97:1 98:19 100:4 101:10 101:19 102:5 107:8 112:1 112:20 114:17 117:22 | |
| **reasonable**(8) 59:14 59:25 69:4 73:15 74:16 95:11 112:18 122:21 | |
| **reasons**(14) 22:15 25:16 40:17 62:19 67:20 70:3 71:10 71:23 73:13 90:11 92:7 98:9 99:2 115:5 | |
| **rebuttal**(1) 59:22 | |
| **rebuttals**(1) 88:10 | |
| **recall**(1) 115:1 | |
| **receivable**(1) 43:9 | |
| **receive**(2) 61:15 68:11 | |
| **received**(11) 9:9 45:15 66:24 93:14 95:11 98:15 98:16 99:19 104:8 107:16 109:14 | |
| **receiving**(1) 35:16 | |
| **recently**(3) 66:19 75:22 80:13 | |
| **recess**(1) 125:11 | |
| **recognize**(1) 12:21 | |
| **recognized**(4) 9:25 13:2 30:2 30:10 | |
| **reconcile**(2) 30:11 69:2 | |
| **record**(14) 16:1 25:9 32:12 33:11 38:25 56:25 58:6 66:6 72:2 88:22 95:5 105:22 107:15 107:23 | |
| **recorded**(1) 1:43 | |
| **recording**(2) 1:43 125:18 | |
| **recover**(4) 34:19 35:1 35:11 52:7 | |
| **recoveries**(2) 43:10 43:25 | |
| **red**(13) 60:3 60:6 62:1 73:3 85:4 85:11 85:21 85:22 87:17 95:18 102:19 122:1 124:18 | |
| **reduce**(1) 119:1 | |
| **reed**(2) 3:6 6:3 | |
| **reference**(26) 9:25 23:11 31:4 31:6 31:18 32:14 56:9 74:7 87:8 97:15 98:24 101:9 101:12 101:18 109:2 109:4 111:7 111:16 111:17 112:3 112:5 113:5 113:9 115:6 118:23 119:13 | |
| **referenced**(1) 90:8 | |
| **referred**(3) 49:19 95:17 109:11 | |
| **refers**(1) 21:7 | |
| **reflect**(2) 105:22 107:23 | |
| **refrain**(1) 11:3 | |
| **refusal**(2) 69:2 69:3 | |

| Word | Page:Line |
|------|-----------|
| **refused**(3) 69:9 69:17 69:19 | |
| **refusing**(1) 70:11 | |
| **regard**(3) 24:5 98:7 117:22 | |
| **regarding**(1) 62:21 | |
| **regardless**(5) 79:10 82:21 99:19 99:23 99:23 | |
| **registered**(1) 77:4 | |
| **reign**(1) 117:8 | |
| **reigns**(1) 34:13 | |
| **relate**(5) 27:7 27:14 28:2 29:18 53:21 | |
| **related**(7) 13:16 26:14 49:21 50:14 51:23 64:14 92:2 | |
| **relates**(2) 27:25 58:12 | |
| **relating**(6) 25:17 26:12 26:17 27:15 42:4 87:13 | |
| **relation**(17) 6:6 7:8 7:22 9:1 9:24 10:11 10:18 10:21 11:4 15:19 15:21 19:5 21:5 21:19 52:18 53:18 56:25 | |
| **relative**(1) 73:17 | |
| **relatively**(1) 60:7 | |
| **release**(17) 15:21 16:4 16:16 16:20 16:21 17:7 17:13 19:10 19:10 19:15 19:19 20:6 20:19 21:17 21:22 53:4 53:16 | |
| **released**(2) 18:6 45:1 | |
| **releases**(3) 16:17 20:3 45:3 | |
| **relevance**(5) 70:9 71:5 86:13 86:14 100:23 | |
| **relevant**(2) 63:21 64:25 66:2 68:9 68:24 70:18 70:23 72:6 72:16 73:1 79:10 84:11 86:24 87:14 89:21 94:21 107:18 107:19 108:9 108:12 108:21 | |
| **relief**(6) 14:1 40:19 49:4 49:8 63:8 74:11 | |
| **remain**(2) 96:7 102:11 | |
| **remaining**(2) 75:22 110:24 | |
| **remains**(1) 31:5 | |
| **remand**(2) 80:18 80:19 | |
| **remands**(1) 81:3 | |
| **remember**(3) 46:16 73:22 118:14 | |
| **reminds**(1) 33:17 | |
| **remming**(1) 2:24 | |
| **remove**(2) 40:1 47:25 | |
| **removed**(2) 47:24 48:19 | |
| **rendering**(1) 98:12 | |
| **reorg**(1) 3:43 | |
| **repeatedly**(2) 40:8 95:17 | |
| **reply**(1) 52:15 | |
| **report**(3) 82:17 89:14 121:14 | |
| **reports**(18) 58:16 59:2 59:13 59:15 59:19 59:20 59:22 61:18 62:8 65:25 67:10 79:17 82:2 86:23 88:9 100:19 102:9 120:13 | |
| **representations**(2) 93:13 93:16 | |
| **represented**(1) 64:12 | |
| **request**(35) 58:14 59:11 60:10 60:19 61:22 62:10 62:18 67:13 68:12 68:14 68:15 70:7 70:24 71:11 71:25 72:8 73:8 75:7 75:15 76:15 76:17 76:21 76:22 77:13 78:11 80:14 85:18 95:7 95:10 96:4 96:7 101:15 111:18 112:22 114:18 | |
| **requested**(2) 117:6 121:5 | |
| **requesting**(3) 58:20 59:1 75:9 | |
| **requests**(13) 56:17 68:19 68:21 69:24 69:25 70:4 70:14 71:20 73:7 85:19 94:25 94:25 95:16 | |
| **require**(4) 15:2 65:23 71:21 86:6 | |
| **required**(2) 45:11 79:17 | |
| **requirements**(1) 15:14 | |
| **requires**(1) 86:3 | |
| **requiring**(1) 95:9 | |
| **res**(1) 11:23 | |
| **research**(3) 1:15 1:18 3:43 | |
| **research's**(1) 27:17 | |
| **reserve**(1) 44:10 | |

| Word | Page:Line |
|------|-----------|
| **resolution**(7) 6:25 54:2 64:2 80:3 81:19 81:23 97:21 | |
| **resolve**(4) 16:13 96:18 115:16 115:20 | |
| **resolved**(1) 8:1 | |
| **respect**(13) 29:25 31:24 34:5 35:14 44:10 44:23 51:4 51:7 51:8 72:25 80:2 108:22 109:10 | |
| **responded**(2) 68:15 95:16 | |
| **responding**(1) 68:25 | |
| **response**(12) 24:3 25:1 25:3 37:17 50:7 59:3 67:5 68:18 69:14 86:4 93:16 95:4 | |
| **responses**(11) 37:15 66:25 68:17 69:3 73:4 85:20 86:5 94:25 95:6 96:6 123:10 | |
| **responsible**(1) 45:22 | |
| **rested**(1) 32:23 | |
| **result**(3) 6:14 6:21 16:14 | |
| **results**(2) 67:15 106:7 | |
| **retained**(1) 51:11 | |
| **retains**(2) 51:6 51:6 | |
| **review**(2) 70:5 71:6 | |
| **reviewed**(1) 56:25 | |
| **ri's**(3) 104:17 104:23 105:2 | |
| **richards**(1) 3:31 | |
| **rid**(1) 125:8 | |
| **right**(108) 5:8 5:20 6:13 9:14 9:19 10:13 11:17 12:7 13:3 14:9 14:9 15:23 16:18 17:20 18:23 19:24 20:7 20:13 23:20 23:20 26:6 27:5 28:7 28:23 29:5 29:14 31:16 31:20 32:10 32:16 33:21 33:22 34:10 35:10 35:14 36:1 36:12 37:24 39:5 39:12 40:3 42:6 42:23 43:14 43:19 44:3 44:14 45:8 45:20 45:24 45:24 46:21 46:25 50:25 55:16 55:18 56:8 56:20 58:19 60:5 65:8 67:24 70:17 75:13 75:16 80:11 83:13 85:4 87:1 87:20 88:6 88:9 88:14 88:14 88:16 89:9 91:5 91:23 91:24 97:6 100:6 100:15 101:6 103:10 105:4 105:20 106:15 106:20 107:10 108:16 112:12 112:14 112:24 113:18 115:7 118:4 119:4 120:21 121:7 121:10 121:10 122:1 122:6 123:4 123:19 124:25 125:2 125:5 | |
| **rights**(6) 21:21 32:5 32:7 44:10 45:4 51:2 | |
| **rise**(1) 5:2 | |
| **risk**(5) 11:1 11:12 37:4 41:17 41:18 | |
| **roadmap**(1) 38:1 | |
| **rodney**(2) 3:17 3:33 | |
| **roll**(1) 106:22 | |
| **room**(3) 33:20 33:21 115:23 | |
| **rose**(2) 4:46 103:17 | |
| **roughly**(1) 115:4 | |
| **routine**(2) 22:13 122:19 | |
| **rule**(9) 25:14 28:3 28:5 28:13 28:16 28:18 55:22 79:6 79:14 | |
| **rules**(9) 77:10 110:4 110:7 110:12 110:13 110:22 114:8 115:22 118:20 | |
| **ruling**(6) 56:24 82:10 101:22 112:9 116:7 118:21 | |
| **ruling's**(1) 82:11 | |
| **run**(5) 35:17 47:8 53:20 65:21 115:16 | |
| **running**(1) 71:16 | |
| **runs**(1) 43:8 | |
| **rush**(1) 119:17 | |
| **rushing**(1) 112:10 | |
| **sad**(1) 42:7 | |

| Word | Page:Line |
|------|-----------|
| **said**(42) 6:1 17:25 20:22 21:12 23:12 23:12 29:15 29:20 35:5 36:7 39:2 39:21 39:24 40:7 40:19 46:13 46:22 47:7 50:16 51:16 52:25 54:24 59:25 64:24 69:10 69:19 73:5 85:16 85:22 88:8 93:14 94:13 95:18 95:24 96:12 99:12 100:2 111:15 114:6 114:16 114:17 116:3 | |
| **sale**(42) 10:7 10:7 11:4 20:10 20:13 21:6 34:16 35:1 35:16 36:24 42:4 42:5 42:5 42:21 43:19 45:5 45:23 45:23 45:25 46:1 46:7 46:7 46:12 49:5 50:12 50:20 50:20 50:21 50:21 50:21 50:22 50:22 51:3 51:7 51:9 51:12 52:10 53:22 53:23 54:5 55:11 56:5 | |
| **sales**(37) 9:3 10:12 10:19 26:13 27:7 34:21 35:2 35:23 36:24 40:5 40:7 41:15 42:12 42:14 43:15 49:24 50:1 50:2 50:3 50:4 50:11 50:14 50:18 50:20 51:4 51:9 51:13 51:14 51:20 51:22 52:4 52:8 61:4 92:10 93:10 98:16 99:19 | |
| **same**(46) 9:1 9:21 10:9 11:5 11:10 14:23 23:9 27:11 33:20 35:13 38:16 38:17 40:13 43:24 44:24 48:11 48:12 55:4 55:5 55:10 60:6 61:7 65:18 71:3 76:22 77:3 85:5 85:8 87:22 87:25 88:1 88:20 88:25 94:10 94:11 97:7 97:12 97:19 97:20 99:22 101:7 102:8 107:7 115:4 116:1 116:11 | |
| **samis**(1) 3:32 | |
| **sampling**(1) 64:17 | |
| **sands**(1) 14:18 | |
| **sat**(1) 37:6 | |
| **saw**(1) 47:14 | |
| **say**(44) 10:17 10:23 13:8 14:2 15:13 18:25 19:22 22:15 33:5 34:18 36:17 36:19 37:5 37:22 38:5 38:22 41:10 42:6 43:1 50:9 53:14 55:25 63:15 63:18 73:22 75:14 79:21 84:4 84:23 89:11 92:22 101:11 111:14 112:3 113:13 113:21 114:10 115:8 115:17 119:5 119:8 120:1 120:13 120:16 | |
| **saying**(16) 10:10 24:5 37:2 42:2 43:16 45:22 47:22 54:11 54:12 54:16 54:19 69:23 99:13 100:19 102:11 111:10 | |
| **says**(16) 9:23 14:13 14:14 17:5 19:20 30:16 32:6 34:7 34:15 40:7 44:7 46:7 47:1 53:12 70:16 89:4 | |
| **scenario**(1) 80:24 | |
| **scenes**(1) 79:19 | |
| **schedule**(43) 58:12 60:14 60:15 61:24 73:14 74:16 74:22 75:5 75:8 82:22 83:25 84:20 84:20 85:2 85:7 87:12 90:1 94:5 94:22 99:6 99:15 100:5 100:16 101:10 101:14 101:16 101:19 102:21 102:22 103:2 103:4 104:5 105:1 106:13 112:15 112:23 112:23 115:7 117:13 117:15 119:18 120:8 | |
| **scheduled**(3) 60:3 60:4 88:7 | |
| **scheduling**(31) 5:8 6:11 41:4 56:18 57:12 58:8 58:12 60:12 69:1 70:2 71:2 72:1 82:14 82:24 85:15 85:17 94:13 94:18 95:4 95:5 96:3 96:18 96:25 102:8 110:17 112:2 117:14 117:21 120:1 120:19 122:11 | |
| **schotz**(3) 2:30 25:10 58:7 | |
| **schuylkill**(1) 2:5 | |
| **schweitzer**(54) 2:14 5:9 5:11 5:14 5:17 5:21 5:24 6:1 23:23 23:24 24:1 24:11 24:13 24:14 24:21 32:23 32:24 33:5 33:9 33:11 33:11 34:11 35:11 36:2 36:13 36:16 37:11 39:15 39:18 39:24 42:24 43:13 45:9 46:5 46:19 46:22 47:7 49:10 49:11 49:18 53:19 54:19 54:24 56:16 56:21 57:5 57:6 57:8 57:11 57:20 73:17 78:7 99:17 125:4 | |
| **scope**(4) 38:24 84:2 99:20 99:21 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **search**(12) 64:4 64:6 65:17 66:23 91:19 92:14 105:13 105:23 105:24 105:25 106:8 108:11 | | **sheer**(1) 80:21 | | **software**(28) 8:23 9:4 26:18 42:14 50:11 61:1 61:3 61:3 61:9 63:5 63:14 63:25 64:7 64:10 64:19 68:2 68:9 90:24 91:10 91:12 91:20 92:1 92:7 92:9 92:23 93:13 108:4 108:6 | | **start**(7) 38:8 41:14 47:10 63:2 70:24 87:18 89:11 | |
| | | **shipped**(1) 92:18 | | | | | |
| **searched**(2) 60:25 64:17 | | **shortly**(1) 63:11 | | | | **started**(10) 9:6 9:21 25:25 32:25 33:2 47:1 63:9 63:11 65:7 111:1 | |
| **searcher's**(1) 65:25 | | **shot**(3) 31:10 76:3 78:14 | | | | | |
| **searchers**(2) 63:25 64:12 | | **should**(40) 6:25 17:6 21:1 21:13 22:16 56:4 57:9 65:12 67:24 69:18 71:17 73:17 74:14 74:22 79:6 79:20 79:25 82:7 82:19 82:23 84:24 89:24 89:25 93:15 96:25 101:18 106:13 108:10 109:7 116:2 118:17 119:13 119:14 | | **sold**(1) 9:10 | | **starting**(1) 60:4 | |
| **searches**(13) 65:3 65:13 67:7 67:14 90:23 90:23 91:2 93:23 94:4 97:4 100:23 108:18 115:21 | | | | **some**(38) 12:4 16:1 23:13 23:14 24:4 24:24 29:3 31:11 31:16 39:7 48:17 48:17 54:19 62:21 66:14 66:17 68:2 71:10 74:15 78:19 84:13 84:14 84:17 89:18 90:12 90:18 94:13 94:23 96:14 96:20 97:21 100:22 105:16 106:2 107:9 112:5 120:19 123:9 | | **starts**(1) 70:25 | |
| | | | | | | **stated**(1) 91:19 | |
| | | | | | | **statement**(1) 38:5 | |
| | | **shouldn't**(6) 15:3 15:4 55:9 79:4 86:16 119:14 | | | | **statements**(1) 49:18 | |
| **searching**(26) 61:1 61:20 63:1 63:2 63:3 63:13 63:13 63:20 64:3 64:22 65:10 65:23 66:2 66:5 68:6 68:6 68:13 75:21 76:2 76:4 76:6 76:12 76:14 105:19 106:5 106:22 | | | | | | **states**(12) 1:1 1:40 63:3 66:9 66:17 67:4 76:25 77:5 77:6 80:20 106:23 119:12 | |
| | | **show**(4) 41:11 41:11 41:11 52:25 | | **somebody's**(1) 24:19 | | | |
| | | **showing**(1) 67:2 | | **somehow**(3) 20:20 49:7 114:23 | | **status**(5) 82:17 94:24 104:24 111:21 | |
| | | **shows**(1) 92:8 | | **someone**(4) 41:5 47:23 49:5 49:6 70:15 87:6 88:25 91:14 | | **statute**(6) 15:13 18:20 32:6 41:21 47:21 48:2 | |
| **seated**(1) 5:4 | | **side**(5) 33:20 39:23 44:6 88:2 120:24 | | | | | |
| **second**(7) 9:5 31:14 36:10 38:4 40:22 64:22 98:4 | | **sides**(2) 39:5 60:7 | | **something**(11) 12:10 14:17 24:20 33:17 51:18 51:20 82:15 86:22 105:14 117:3 122:12 | | **stay**(48) 6:6 6:22 6:22 10:1 10:21 12:1 12:19 12:19 12:23 13:5 13:7 13:20 13:24 13:25 18:12 22:6 22:16 25:15 27:18 27:20 27:24 28:24 29:3 29:9 29:21 29:24 30:12 30:14 30:22 30:23 31:22 31:25 32:1 32:18 33:13 33:25 39:4 40:19 42:11 52:21 53:4 53:15 73:17 75:5 78:11 110:25 111:22 116:10 | |
| | | **sight**(1) 109:3 | | | | | |
| **secondly**(1) 105:2 | | **signed**(2) 15:24 42:13 | | **something's**(1) 36:7 | | | |
| **secrets**(2) 8:22 54:10 | | **significant**(6) 54:20 55:24 66:21 71:7 71:12 78:20 | | **sometimes**(1) 89:4 | | | |
| **section**(14) 12:23 13:23 14:13 15:10 15:15 16:14 16:15 19:15 19:16 21:2 25:14 25:21 45:3 52:23 | | | | **somewhat**(2) 7:14 124:13 | | | |
| | | | | **somewhere**(3) 12:6 101:13 120:9 | | **stayed**(3) 13:21 30:7 36:9 | |
| | | **signs**(1) 70:15 | | **soon**(5) 55:21 55:21 70:25 86:6 96:5 | | **staying**(1) 21:22 | |
| **see**(22) 11:3 15:1 16:6 19:2 19:3 36:4 47:13 59:20 61:23 73:22 75:3 79:6 82:7 82:25 85:14 91:14 95:21 95:22 97:15 97:22 99:3 106:16 | | **similar**(7) 107:1 107:1 107:4 107:5 114:14 116:1 117:25 | | **sooner**(2) 89:16 94:2 | | **steen**(1) 2:12 | |
| | | | | **sorry**(11) 47:17 90:15 90:17 93:3 93:4 103:13 103:15 103:21 104:9 116:16 116:17 | | **step**(2) 95:24 118:13 | |
| | | **similarly**(3) 43:10 43:22 49:9 | | | | **still**(20) 19:22 19:25 22:22 32:12 64:24 66:4 66:7 69:16 70:20 73:15 79:2 81:13 83:17 83:18 87:8 90:5 91:6 98:23 107:20 109:1 | |
| **seek**(1) 48:6 | | **simple**(3) 37:19 48:6 49:3 | | | | | |
| **seeking**(10) 12:10 12:15 25:13 49:4 52:21 59:4 61:5 99:21 99:22 104:19 | | **simply**(6) 27:10 46:8 61:9 65:5 67:18 | | **sort**(6) 24:16 28:11 82:3 93:20 102:9 | | | |
| | | **simultaneous**(1) 115:19 | | **sorts**(2) 45:21 46:11 | | **stop**(3) 34:21 65:1 116:14 | |
| **seem**(2) 45:14 110:17 | | **since**(3) 15:25 93:11 110:25 | | **sought**(1) 47:19 | | **stopping**(1) 111:15 | |
| **seen**(5) 38:2 38:25 76:16 76:16 76:19 | | **single**(2) 109:21 110:20 | | **sound**(2) 1:43 125:18 | | **straddled**(1) 27:12 | |
| **sees**(1) 118:25 | | **sir**(3) 56:15 88:19 90:16 | | **sounds**(1) 108:9 | | **strangers**(1) 42:1 | |
| **selected**(1) 16:22 | | **sit**(3) 33:20 56:10 56:12 | | **source**(17) 26:18 63:1 63:3 63:13 63:14 63:20 65:10 66:2 66:6 66:10 68:11 68:13 75:21 76:2 76:4 76:6 76:11 76:14 | | **strategic**(1) 113:2 | |
| **self-serving**(1) 68:4 | | **sitting**(2) 62:12 88:25 | | | | **strauss**(3) 3:23 4:13 49:14 | |
| **selling**(2) 21:15 54:11 | | **situated**(4) 43:11 43:22 49:9 120:7 | | | | **street**(6) 1:11 2:5 2:40 2:46 3:18 3:34 | |
| **send**(2) 77:12 77:16 | | **situation**(3) 22:21 23:19 88:15 | | **southpaw**(1) 4:42 | | **strikes**(1) 82:4 | |
| **sense**(13) 80:1 85:6 87:11 89:15 101:16 102:2 108:19 108:23 110:2 110:18 118:10 124:12 124:12 | | **six**(26) 39:1 42:1 59:1 59:8 62:1 62:15 82:3 90:1 94:5 94:18 96:8 96:25 99:16 100:1 100:5 100:11 101:20 102:12 117:3 117:3 117:5 120:10 120:10 124:13 124:16 124:21 | | **span**(1) 26:9 | | **striking**(1) 69:13 | |
| | | | | **spanned**(1) 30:4 | | **struggled**(1) 46:15 | |
| | | | | **spansion**(8) 13:17 27:9 29:1 29:8 29:20 30:2 32:2 52:23 | | **stub**(1) 40:6 | |
| | | | | | | **stuck**(1) 119:13 | |
| **sent**(3) 58:10 59:23 62:17 | | | | | | **stuff**(1) 96:24 | |
| **separate**(7) 9:20 21:2 29:13 37:24 84:16 102:5 119:16 | | **size**(1) 81:17 | | **speak**(1) 24:11 | | **sua**(1) 60:12 | |
| | | **sleep**(1) 33:6 | | **speaker**(5) 90:15 90:18 93:3 103:15 116:16 | | **subject**(20) 25:14 25:21 26:5 26:20 27:18 27:19 27:20 27:24 27:25 28:2 28:2 28:24 29:2 29:9 29:20 30:21 45:3 51:24 52:5 60:23 | |
| | | **slightly**(1) 12:8 | | **speaking**(1) 104:12 | | | |
| **separately**(2) 84:17 84:18 | | **sling**(1) 95:14 | | **speaks**(1) 52:24 | | | |
| **separateness**(1) 37:20 | | **slowed**(1) 71:5 | | **species**(1) 10:10 | | | |
| **september**(9) 1:14 5:1 59:2 62:3 82:13 83:6 89:14 94:16 121:19 | | **slowly**(1) 48:16 | | **specific**(3) 19:6 21:7 106:10 | | | |
| | | **smith**(1) 4:34 | | **specifically**(7) 28:16 29:24 30:3 30:4 32:6 45:4 51:1 | | **submission**(3) 31:19 59:22 64:16 | |
| | | **smmp**(2) 105:12 105:16 | | | | **submissions**(1) 35:5 | |
| **seriously**(1) 84:23 | | **sneak**(1) 49:5 | | | | **submit**(8) 18:20 58:15 59:2 94:5 94:9 102:18 120:24 122:22 | |
| **serve**(2) 76:24 77:2 | | **snmp**(116) 1:15 1:18 2:30 4:17 4:17 6:8 8:17 8:23 11:1 11:13 11:16 13:14 15:2 15:20 18:1 18:6 18:25 20:23 21:15 23:47 24:10 27:17 28:3 34:15 34:25 37:8 37:14 37:17 37:18 38:19 38:22 39:1 39:2 39:5 39:24 40:14 40:23 41:9 41:16 44:7 45:15 45:23 46:1 46:15 46:17 46:25 47:1 47:17 47:18 47:22 50:5 50:9 50:10 50:24 51:2 51:3 51:13 51:22 54:6 54:6 55:20 56:2 58:9 58:18 60:2 60:6 60:25 61:3 61:8 61:14 64:7 64:10 64:13 64:19 69:23 79:16 86:2 86:5 89:12 89:23 90:14 90:21 91:18 91:20 91:23 91:25 92:7 92:13 93:1 93:4 93:11 93:13 93:17 95:15 96:1 96:11 96:24 98:23 99:10 99:10 99:17 101:8 102:5 104:3 104:8 104:17 104:23 105:2 105:24 106:5 106:12 106:21 108:17 116:14 117:6 | | **speculation**(1) 80:25 | | | |
| | | | | **spelled**(2) 121:5 121:13 | | **submitted**(7) 7:8 7:16 9:24 16:11 31:19 82:21 83:23 | |
| **served**(2) 33:24 67:1 | | | | **spend**(2) 7:11 71:7 | | | |
| **server**(1) 67:4 | | | | **spent**(1) 7:20 | | | |
| **servers**(10) 63:1 63:3 63:4 63:14 63:24 66:10 66:12 66:13 66:23 106:3 | | | | **spirit**(1) 117:14 | | | |
| | | | | **split**(3) 23:13 47:10 85:9 | | **subparagraph**(1) 21:2 | |
| **service**(4) 1:44 2:4 95:7 95:8 | | | | **spoke**(1) 115:21 | | **subparagraphs**(2) 20:2 20:14 | |
| **services**(1) 2:4 | | | | **sponte**(1) 60:12 | | **subparts**(1) 69:18 | |
| **serving**(1) 70:4 | | | | **spring**(2) 87:19 102:19 | | **subpoena**(3) 76:23 77:2 77:16 | |
| **set**(6) 38:6 57:13 69:1 100:17 110:4 111:4 | | **snmp's**(7) 24:1 33:16 38:5 44:6 71:8 95:12 116:10 | | **square**(2) 3:17 3:33 | | **subsequent**(2) 59:9 121:19 | |
| **sets**(2) 37:16 110:19 | | | | **stage**(4) 87:4 91:9 115:10 115:15 | | **subsidize**(2) 42:6 43:25 | |
| **settle**(1) 80:23 | | | | **stand**(3) 11:12 88:24 125:11 | | **substantial**(2) 61:21 97:9 | |
| **settled**(2) 15:24 97:25 | | **snnp**(1) 40:15 | | **standard**(5) 16:20 23:4 23:5 48:4 52:2 | | **substantive**(2) 99:7 110:19 | |
| **settlement**(12) 16:9 16:14 19:16 20:5 20:20 44:23 45:18 46:3 53:7 53:8 93:12 97:16 | | **snowden**(8) 7:18 8:9 14:8 14:21 15:7 41:13 55:7 55:8 | | **standing**(2) 12:17 42:2 | | **success**(5) 15:16 15:18 21:19 45:10 53:14 | |
| | | | | **standpoint**(1) 119:3 | | **successful**(1) 55:21 | |
| | | | | **stargatt**(1) 3:13 | | **succinctly**(1) 36:18 | |
| **settlements**(1) 80:23 | | | | **stark**(24) 6:22 31:10 31:19 40:1 40:10 47:18 48:1 48:19 55:14 56:7 80:17 82:8 87:2 87:7 98:24 101:21 109:1 111:8 111:11 111:25 112:4 112:16 112:22 113:12 | | **such**(6) 30:15 54:6 72:10 76:9 76:10 | |
| **setup**(1) 43:20 | | | | | | **suddenly**(1) 56:2 | |
| **seven**(4) 39:1 42:1 48:24 59:5 | | | | | | **sue**(7) 29:24 34:19 34:25 37:14 37:25 38:9 47:23 | |
| **several**(5) 10:15 11:4 56:4 62:19 84:17 | | | | | | | |
| **shall**(3) 14:14 14:14 20:6 | | | | | | | |
| **share**(3) 36:21 41:12 91:24 | | | | **stark's**(1) 109:5 | | **sued**(5) 36:20 40:15 41:2 41:8 79:1 | |
| **she**(2) 73:20 73:21 | | | | | | **sufficient**(1) 123:5 | |
| **shed**(1) 24:24 | | | | | | **suggest**(4) 24:3 67:10 80:25 97:18 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| suggested(2) 19:1 47:25 | | thank(55) 5:3 5:13 5:23 5:23 7:2 16:5 | | that(301) 60:21 60:24 61:6 61:10 61:15 | | that's(118) 7:2 7:4 8:2 8:13 9:4 9:12 11:8 | |

suggesting(1) 99:13
suggestion(1) 72:19
suing(2) 39:16 40:14
suite(2) 2:34 2:47
suited(1) 47:24
sullivan(2) 2:44 2:45
summary(5) 104:20 109:20 109:25 110:20 115:22

summer(2) 5:5 7:12
support(2) 25:17 81:23
suppose(1) 102:11
supreme(1) 80:20
sure(20) 6:10 14:2 20:19 24:14 32:15 39:14 45:13 49:11 65:13 78:23 83:9 91:15 97:13 97:25 98:5 101:23 118:12 118:24 120:22 122:24
surprising(1) 38:11
surrounding(1) 42:13
suspect(1) 106:7
suspected(1) 66:13
suspicion(1) 66:18
sweden(3) 76:18 77:10 77:13
swedish(1) 77:13
swoop(1) 101:20
swords(1) 17:13
sync(6) 90:7 94:17 96:16 98:8 98:21
system(2) 15:8 41:17
systems(1) 8:11
table(2) 88:25 89:8
take(35) 16:1 20:15 34:4 35:17 38:1 39:3 39:10 39:11 40:1 41:18 46:4 47:8 56:21 56:23 57:13 57:25 58:3 60:20 66:1 67:9 75:4 77:14 77:15 78:13 80:22 84:22 86:16 92:12 93:15 95:2 106:13 108:3 116:2 118:13 125:2

taken(7) 52:5 85:15 89:3 96:24 106:12 114:19 117:2

takes(5) 64:23 71:20 86:15 86:19 112:24
taking(2) 22:1 31:11
talk(8) 5:8 52:10 61:20 82:20 94:7 104:1 114:5 120:5

talked(2) 94:24 106:21
talking(10) 7:14 15:17 46:14 49:20 49:22 49:23 50:13 51:12 52:9 52:11

taylor(1) 3:14
team(1) 120:20
teams(1) 102:9
technical(4) 65:14 71:14 86:17 91:7
tee(1) 89:12
teed(5) 94:2 94:8 94:10 97:4 97:11
telephonic(2) 3:37 4:2
tell(9) 28:25 54:18 70:3 82:11 87:16 108:23 111:21 112:9 124:12

tells(1) 112:16
ten(3) 59:13 59:18 59:23
tend(1) 109:3
term(4) 8:13 20:11 20:12 21:3
terms(8) 17:6 21:25 45:9 49:22 52:22 53:12 81:13 91:12

testify(1) 118:19
testimony(3) 60:24 94:19 108:14
than(39) 18:21 24:8 34:17 35:22 36:20 37:2 37:5 37:7 42:12 43:20 43:21 44:19 46:9 46:9 59:20 59:23 60:14 68:16 73:12 79:8 79:15 83:3 86:4 89:16 94:2 95:10 102:12 105:21 110:15 111:14 112:19 113:3 114:12 118:18 120:8 124:13 124:16 124:21

thank(55) 5:3 5:13 5:23 5:23 7:2 16:5 23:20 23:22 24:13 25:10 32:21 32:22 32:22 49:10 52:13 52:14 56:13 56:14 56:14 57:1 57:2 57:4 57:6 57:7 57:15 57:18 58:5 83:14 83:15 88:16 88:20 88:21 103:10 103:11 107:10 107:11 107:13 113:18 113:19 113:20 114:3 118:4 118:5 119:24 119:25 121:11 122:8 122:9 122:9 122:17 122:18 123:4 123:6 125:9 125:10

that(301) 5:8 5:18 6:9 6:11 6:19 6:20 6:20 7:1 7:16 7:23 7:24 7:25 8:9 8:10 8:11 8:12 8:12 8:21 9:1 9:1 9:3 9:4 9:6 9:9 9:13 9:14 9:21 9:24 10:1 10:6 10:7 10:8 10:10 10:17 10:21 10:23 11:7 11:10 11:16 11:22 11:23 11:24 12:3 12:4 12:9 12:10 12:21 12:25 13:10 13:11 13:16 13:23 14:1 14:2 14:3 14:5 14:13 14:16 14:19 14:20 15:2 15:9 15:13 15:16 15:18 15:21 15:22 17:12 17:15 17:22 18:1 18:3 18:4 18:8 18:8 18:10 18:10 18:19 19:1 19:1 19:2 19:3 19:7 19:8 19:15 19:20 19:23 20:1 20:2 20:4 20:19 20:20 20:20 21:8 21:9 21:13 21:15 21:17 21:19 21:23 22:1 22:4 22:5 22:24 22:24 23:2 23:4 23:5 23:6 23:12 23:15 24:3 24:5 25:1 25:2 25:3 25:3 25:4 25:4 25:11 25:12 25:13 25:17 25:18 25:19 26:4 26:11 26:11 26:14 26:19 26:19 26:20 26:21 26:23 27:2 27:8 27:9 27:12 27:15 27:16 27:24 28:1 28:2 28:3 28:5 28:8 28:9 28:12 28:14 28:17 28:18 28:19 28:20 28:25 29:2 29:6 29:8 29:8 29:10 29:10 29:12 29:15 29:18 29:20 29:21 30:2 30:3 30:3 30:10 30:11 30:12 30:12 30:14 30:16 30:19 30:20 31:14 31:15 31:17 31:18 31:20 32:3 32:7 32:15 32:15 32:16 32:16 32:25 33:20 34:20 35:2 35:13 35:14 36:3 36:15 36:18 37:4 37:12 37:12 37:13 37:15 38:5 38:18 38:21 39:3 39:21 39:24 40:19 40:20 40:21 41:5 42:13 42:14 42:18 42:25 43:4 43:6 43:19 43:23 44:6 44:9 44:11 44:16 44:21 45:1 45:2 45:16 45:17 45:24 45:25 45:25 46:1 46:4 47:11 47:14 47:19 48:10 48:10 48:14 48:16 48:20 49:2 49:6 49:17 49:20 49:21 49:24 50:1 50:6 50:9 50:13 51:1 51:13 51:16 52:2 52:4 52:8 52:12 52:20 52:22 52:23 52:25 53:2 53:12 53:18 53:20 53:21 53:25 54:3 54:4 54:6 54:11 54:13 54:23 55:5 55:8 55:9 55:11 55:12 55:16 55:20 55:22 56:4 56:6 56:7 56:7 56:18 58:3 58:10 58:13 58:21 59:4 59:16 59:17 59:20 59:23 59:24 60:1 60:5 60:15

that(148) 102:24 102:24 103:1 103:19 104:2 104:4 104:14 104:15 104:19 104:24 105:2 105:7 105:14 105:15 105:18 105:18 105:20 105:22 105:23 105:24 105:25 106:1 106:2 106:2 106:3 106:5 106:7 106:8 106:9 106:11 106:11 106:13 106:19 106:20 106:22 107:2 107:15 107:16 107:17 107:22 107:23 107:24 108:3 108:10 108:12 108:21 108:23 108:24 109:3 109:7 109:11 109:13 109:14 109:15 109:18 110:10 110:24 110:25 111:9 111:12 111:16 111:19 111:22 111:23 111:24 112:4 112:10 112:11 112:20 112:22 113:6 113:9 113:10 113:11 114:6 114:6 114:7 114:10 114:12 114:12 114:16 114:17 114:17 114:20 114:22 114:23 115:1 115:3 115:5 115:8 115:14 115:17 115:18 115:18 115:18 115:22 115:23 116:2 116:6 116:8 117:1 117:6 117:7 117:11 117:14 117:15 117:18 117:18 117:19 117:21 117:21 117:25 118:9 118:10 118:11 119:9 119:9 119:19 120:2 120:3 120:4 120:6 120:11 120:25 121:4 121:5 121:13 121:14 121:17 121:20 121:22 122:15 122:15 123:5 123:11 123:21 123:22 123:22 124:2 124:4 124:7 124:11 124:13 124:20 125:1 125:3 125:11 125:17

that'd(1) 100:4

that(301) 60:21 60:24 61:6 61:10 61:15 61:20 61:25 61:25 62:12 62:13 62:25 62:25 63:11 63:11 63:11 63:14 63:20 63:21 63:24 63:25 64:1 64:2 64:4 64:7 64:13 64:17 64:17 64:24 65:9 65:12 65:23 65:24 66:1 66:8 66:11 66:14 66:20 66:20 66:22 66:22 67:1 67:2 67:3 67:5 67:7 67:10 67:13 67:18 67:19 67:21 67:22 67:23 68:2 68:10 68:11 68:16 68:21 68:25 69:6 69:10 69:10 69:12 69:13 69:15 69:16 69:18 69:18 69:20 69:20 69:23 70:3 70:9 70:16 70:21 71:5 71:13 71:14 71:20 72:3 72:4 72:5 72:15 72:16 72:19 72:21 72:24 73:1 73:3 73:6 73:11 73:14 73:16 73:20 73:22 73:22 74:1 74:3 74:8 74:11 74:14 74:23 75:2 75:7 75:8 76:1 76:4 76:5 76:15 76:22 77:1 77:3 77:3 77:5 77:7 77:8 77:10 77:11 77:17 77:20 78:6 78:15 78:19 79:4 79:13 79:20 79:23 80:4 80:5 80:13 80:16 80:17 80:17 80:24 80:24 81:1 81:4 81:8 81:18 81:21 81:24 81:24 82:18 82:25 83:25 84:4 84:5 84:15 84:23 84:24 85:1 85:10 85:14 85:20 86:2 86:9 86:9 86:11 86:22 86:23 87:3 87:6 87:12 87:22 87:22 87:22 88:2 88:4 88:8 89:3 89:11 89:21 89:22 89:23 89:25 90:6 90:8 90:8 90:10 90:10 90:12 90:21 90:24 90:25 91:1 91:3 91:5 91:6 91:9 91:11 91:14 91:21 91:24 92:1 92:2 92:4 92:6 92:7 92:9 92:9 92:10 92:12 92:13 92:16 92:18 92:23 92:24 92:25 93:1 93:8 93:9 93:9 93:16 93:20 94:1 94:7 94:8 94:9 94:11 94:12 94:14 94:15 94:15 94:20 94:23 95:1 95:3 95:4 95:6 95:6 95:11 95:19 95:22 95:25 96:2 96:6 96:11 96:12 96:12 96:15 96:17 96:24 97:1 97:2 97:2 97:8 97:15 97:18 97:24 97:25 98:2 98:9 98:11 98:12 98:14 98:15 98:17 98:19 98:20 98:21 98:22 98:24 99:3 99:4 99:7 99:7 99:9 99:9 99:13 99:18 99:22 99:25 100:3 100:16 100:17 100:19 100:20 100:20 100:21 101:8 101:11 101:14 101:15 101:16 101:16 101:17 101:18 102:2 102:5 102:6 102:7 102:9 102:10 102:14 102:18 102:22

thau(1) 4:43

the(301) 1:1 1:2 1:39 5:2 5:3 5:4 5:4 5:7 5:7 5:9 5:13 5:16 5:18 5:19 5:19 5:20 5:21 5:23 6:1 6:2 6:3 6:3 6:5 6:7 6:8 6:9 6:11 6:13 6:15 6:17 6:18 6:21 6:22 6:23 7:2 7:6 7:7 7:8 7:10 7:12 7:16 7:18 7:19 7:20 7:21 7:24 7:25 8:1 8:4 8:4 8:8 8:9 8:11 8:12 8:12 8:13 8:13 8:14 8:16 8:17 8:18 8:21 8:22 8:24 9:2 9:2 9:3 9:4 9:6 9:9 9:10 9:12 9:12 9:13 9:16 9:17 9:19 9:21 9:23 9:24 9:25 10:1 10:3 10:3 10:6 10:6 10:9 10:10 10:11 10:13 10:14 10:15 10:18 10:21 10:24 11:2 11:4 11:5 11:5 11:8 11:8 11:9 11:10 11:11 11:12 11:12 11:14 11:17 11:19 11:21 11:25 12:2 12:7 12:9 12:12 12:14 12:16 12:16 12:18 12:21 12:21 12:23 12:25 13:3 13:4 13:4 13:5 13:6 13:6 13:7 13:8 13:9 13:10 13:11 13:12 13:15 13:17 13:17 13:17 13:19 13:23 14:1 14:3 14:3 14:4 14:4 14:7 14:9 14:10 14:11 14:11 14:12 14:15 14:16 14:18 14:20 14:21 14:22 14:23 14:24 14:25 15:1 15:1 15:2 15:4 15:5 15:9 15:13 15:14 15:16 15:17 15:17 15:18 15:18 15:18 15:20 15:20 15:21 15:23 15:24 15:25 16:1 16:2 16:3 16:5 16:10 16:11 16:12 16:13 16:14 16:15 16:16 16:17 16:18 16:19 16:21 16:21 16:22 16:23 16:24 16:25 17:3 17:5 17:7 17:7 17:7 17:9 17:12 17:14 17:15 17:17 17:20 17:22 18:4 18:5 18:9 18:12 18:14 18:17 18:19 18:20 18:21 18:23 18:25 19:4 19:9 19:9 19:10 19:10 19:13 19:14 19:15 19:16 19:19 19:20 19:20 19:21 19:24 20:3 20:4 20:10 20:11 20:13 20:15 20:17 20:18 20:21 20:23 20:25 21:2 21:3 21:4 21:4 21:5 21:6 21:6 21:7 21:7 21:8 21:10 21:11 21:12 21:13 21:14 21:16 21:16 21:17 21:19 21:22 21:22 21:25 22:1 22:2 22:2 22:3 22:3 22:4 22:8 22:11 22:15 22:17 22:19 22:24 22:24 22:25 23:1 23:4 23:4 23:5 23:8 23:9 23:10 23:11 23:11 23:14 23:17 23:18 23:20 23:23 23:25 24:2

taylor(1) 3:14

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| the(301) | 24:5 24:6 24:6 24:7 24:10 24:13 | the(301) | 41:3 41:3 41:8 41:13 41:14 41:15 | the(301) | 60:6 60:6 60:9 60:11 60:12 60:13 | the(301) | 77:16 77:17 77:18 77:20 77:20 |

24:15 24:19 24:22 24:25 25:1 25:2
25:3 25:4 25:4 25:5 25:7 25:7 25:9 25:9
25:11 25:12 25:12 25:14 25:16 25:19
25:20 25:22 25:23 25:24 25:25 25:25 26:3
26:5 26:6 26:7 26:9 26:9 26:11 26:12
26:12 26:13 26:15 26:16 26:16 26:17
26:18 26:20 26:21 26:22 26:23 27:1 27:2
27:3 27:5 27:6 27:7 27:8 27:9 27:11 27:11
27:12 27:13 27:14 27:15 27:16 27:16
27:16 27:18 27:19 27:19 27:20 27:20
27:21 27:22 27:23 27:24 27:25 28:1 28:3
28:6 28:6 28:7 28:12 28:12 28:14 28:16
28:18 28:19 28:19 28:20 28:20 28:21
28:23 28:24 28:25 29:1 29:2 29:5 29:7
29:9 29:10 29:10 29:12 29:14 29:16 29:16
29:18 29:20 29:22 29:22 29:23 30:4 30:4
30:5 30:6 30:7 30:8 30:8 30:9 30:9 30:11
30:12 30:12 30:13 30:13 30:14 30:15
30:15 30:17 30:22 30:23 30:24 30:25 31:1
31:2 31:3 31:3 31:4 31:6 31:6 31:10 31:11
31:12 31:13 31:14 31:14 31:15 31:16
31:17 31:18 31:18 31:20 31:21 31:22
31:22 31:23 31:23 31:24 31:24 31:25 32:1
32:1 32:1 32:4 32:5 32:6 32:7 32:12
32:12 32:13 32:14 32:14 32:16 32:18
32:20 32:22 33:2 33:3 33:7 33:10 33:11
33:12 33:12 33:12 33:13 33:18 33:19
33:19 33:19 33:20 33:21 34:2 34:6 34:7
34:7 34:8 34:10 34:13 34:14 34:15 34:16
34:19 34:19 34:20 34:20 34:21 34:23
34:23 34:24 34:25 35:1 35:1 35:1 35:2
35:3 35:6 35:6 35:7 35:10 35:12 35:13
35:14 35:15 35:16 35:19 35:21 35:23 36:1
36:4 36:5 36:6 36:8 36:9 36:10 36:10
36:12 36:13 36:15 36:16 36:17 36:21
36:21 36:22 36:23 36:24 36:24 36:25 37:3
37:7 37:8 37:9 37:12 37:13 37:13 37:17
37:20 37:23 37:25 38:2 38:4 38:7 38:9
38:12 38:12 38:16 38:18 38:20 38:23
38:23 38:24 38:25 39:1 39:2 39:3 39:4
39:7 39:9 39:12 39:14 39:17 39:21 39:21
39:22 39:22 39:23 40:1 40:1 40:5 40:7
40:11 40:11 40:12 40:13 40:13 40:14
40:16 40:22 40:23 40:24

41:16 41:18 42:1 42:6 42:9 42:10 42:11
42:12 42:13 42:13 42:13 42:14 42:17
42:19 42:20 42:21 42:23 43:1 43:6 43:8
43:9 43:12 43:12 43:14 43:15 43:16 43:24 44:2
44:3 44:4 44:4 44:5 44:5 44:9 44:10
44:13 44:14 44:16 44:16 44:17 44:17
44:22 44:23 44:24 44:25 45:1 45:2 45:2
45:4 45:5 45:5 45:6 45:8 45:9 45:10
45:10 45:10 45:11 45:13 45:16 45:17
45:18 45:21 45:22 46:3 46:3 46:5 46:6
46:7 46:7 46:8 46:9 46:9 46:11 46:12
46:15 46:18 46:20 46:20 46:21 46:22
46:25 47:3 47:5 47:5 47:8 47:12 47:14
47:15 47:16 47:17 47:17 47:19 47:20
47:24 48:1 48:2 48:4 48:8 48:8 48:9 48:9
48:10 48:11 48:12 48:13 48:13 48:15
48:18 48:18 48:22 48:22 48:23
48:23 49:2 49:4 49:6 49:8 49:10 49:12
49:21 49:23 49:23 49:24 49:25 50:1 50:2
50:2 50:2 50:3 50:5 50:6 50:8 50:9 50:10
50:10 50:11 50:12 50:13 50:14 50:14
50:17 50:17 50:18 50:19 50:20 50:20
50:21 50:21 50:21 50:22 50:23 50:23
50:25 51:3 51:3 51:6 51:7 51:8 51:9 51:9
51:12 51:13 51:14 51:15 51:18 51:19
52:5 52:6 52:11 52:11 52:12 52:14 52:18
52:23 52:24 52:25 52:22 52:25 53:4
53:4 53:4 53:5 53:7 53:8 53:10 53:12
53:13 53:14 53:15 53:16 53:18 53:20
53:20 53:21 53:22 53:23 53:24 54:1 54:3
54:5 54:6 54:7 54:8 54:8 54:13 54:14
54:14 54:21 54:21 54:23 54:23 55:4 55:4
55:5 55:5 55:9 55:10 55:11 55:11 55:12
55:14 55:14 55:15 55:15 55:18 55:23 55:25 56:1
56:3 56:4 56:5 56:6 56:7 56:8 56:9 56:12
56:14 56:20 56:23 56:25 56:25 57:2 57:3
57:4 57:13 57:16 57:18 57:21 57:24 58:3
58:6 58:8 58:10 58:10 58:11 58:11 58:12
58:15 58:16 58:17 58:17 58:19 58:23 59:1
59:3 59:3 59:5 59:6 59:7 59:9 59:10 59:11
59:12 59:14 59:17 59:22 59:23 59:23 60:2
60:3 60:6

60:23 60:24 61:1 61:2 61:4 61:5 61:5
61:7 61:8 61:8 61:9 61:11 61:12 61:14
61:14 61:17 61:19 61:21 61:24 61:25 62:2
62:3 62:4 62:6 62:12 62:15 62:15 62:16
62:16 62:16 62:17 62:19 62:20 62:21
62:22 62:24 62:24 63:1 63:3 63:3 63:7
63:7 63:9 63:10 63:12 63:13 63:15 63:16
63:17 63:18 63:19 63:19 63:24 64:1 64:1
64:2 64:4 64:5 64:10 64:12 64:14 64:16
64:17 64:17 64:22 64:23 64:24 65:5 65:8
65:9 65:10 65:11 65:17 65:17 65:18 65:18
65:19 65:21 65:22 65:24 65:25 66:1 66:2
66:3 66:3 66:4 66:5 66:6 66:8 66:9 66:9
66:11 66:12 66:13 66:17 66:19 66:20
66:23 66:25 66:25 67:2 67:3 67:4 67:5
67:5 67:6 67:7 67:8 67:8 67:13 67:17
67:18 67:21 67:22 67:22 68:1 68:4 68:6
68:6 68:7 68:7 68:12 68:13 68:13 68:14
68:16 68:16 68:16 68:17 68:17 68:23
68:24 69:1 69:1 69:2 69:3 69:3 69:4 69:4
69:6 69:8 69:12 69:13 69:13 69:15 69:16
69:17 69:17 69:19 69:22 69:23 69:25 70:2
70:2 70:3 70:6 70:6 70:7 70:7 70:8 70:9
70:10 70:13 70:13 70:14 70:15 70:16
70:17 70:18 70:19 70:20 70:21 70:22
70:25 71:1 71:2 71:3 71:4 71:6 71:8
71:13 71:14 71:18 71:25 72:2 72:3 72:4
72:6 72:8 72:9 72:10 72:15 72:16 72:16
72:19 72:21 72:22 72:25 73:1 73:3 73:6
73:10 73:13 73:14 73:15 73:16 73:17
73:18 73:18 73:19 73:20 73:23 73:23
73:24 73:24 73:25 74:1 74:2 74:3 74:4
74:6 74:6 74:7 74:7 74:10 74:11 74:14
74:14 74:15 74:16 74:17 74:17 74:17
74:19 74:20 74:20 74:21 74:22 74:23
75:5 75:6 75:10 75:10 75:10 75:11 75:12
75:13 75:14 75:15 75:16 75:21 75:24
75:25 75:25 76:4 76:4 76:5 76:5 76:6
76:8 76:11 76:14 76:15 76:17 76:18 76:19
76:21 76:22 76:22 76:23 76:23 76:24 77:2
77:2 77:5 77:6 77:8 77:9 77:10 77:13
77:13 77:14

77:20 77:21 77:21 77:22 77:25 78:2 78:4
78:5 78:6 78:7 78:8 78:9 78:13 78:13
78:14 78:17 78:19 78:20 78:22 78:23
78:24 79:1 79:3 79:4 79:6 79:7 79:11
79:12 79:14 79:17 79:19 79:20 79:22
79:25 80:2 80:4 80:6 80:6 80:9 80:11
80:14 80:15 80:16 80:17 80:18 80:20
80:21 80:24 81:1 81:2 81:4 81:6 81:7
81:8 81:8 81:11 81:13 81:13 81:15 81:16
81:20 81:21 82:1 82:3 82:3 82:7 82:10
82:11 82:14 82:16 82:22 82:22 82:22
82:24 82:25 83:2 83:4 83:6 83:6 83:8
83:9 83:11 83:13 83:15 83:17 83:18 83:24
83:24 84:2 84:5 84:6 84:6 84:7 84:8
84:10 84:10 84:11 84:13 84:15 84:15
84:15 84:19 84:20 84:23 84:24 85:1 85:1
85:4 85:4 85:5 85:8 85:10 85:10 85:11
85:14 85:14 85:15 85:17 85:18 85:19
85:20 85:21 85:22 86:5 86:7 86:9 86:9
86:9 86:12 86:13 86:22 86:24 87:1 87:4
87:5 87:7 87:8 87:13 87:14 87:16 87:16
87:16 87:17 87:19 87:20 87:21 87:22
87:24 87:25 88:1 88:2 88:2 88:4 88:6
88:12 88:12 88:14 88:15 88:16 88:19
88:21 88:22 88:23 88:24 88:25 89:3 89:6
89:9 89:12 89:14 89:17 89:20 89:22 89:25
89:25 90:5 90:6 90:7 90:8 90:9 90:11
90:12 90:13 90:13 90:18 90:19 90:20
90:21 90:23 90:23 91:2 91:2 91:7 91:8
91:8 91:11 91:11 91:12 91:13 91:17 91:18
91:19 91:20 91:22 91:22 91:24 91:25 92:7
92:10 92:11 92:12 92:17 92:20 92:22
92:22 92:25 93:10 93:12 93:19 93:22 94:2
94:4 94:5 94:6 94:6 94:7 94:8 94:9 94:10
94:10 94:12 94:14 94:19 94:21 94:24
94:22 94:23 94:24 95:1 95:2 95:5 95:7
95:18 95:19 95:25 96:1 96:4 96:6 96:6
96:8 96:12 96:14 96:15 96:18 96:20 96:23
96:23 96:24 96:25 97:4 97:5 97:6 97:7
97:8 97:11 97:12 97:14 97:14 97:14 97:15
97:16 97:18 97:18 97:19 97:19 97:20
97:20 97:22 97:22 98:5 98:6 98:9 98:11
98:12 98:13 98:15 98:16 98:16 98:17
98:20 98:21 98:23 98:24 99:2 99:6 99:9

| Word | Page:Line |
| --- | --- |

**the(301)** 99:10 99:13 99:14 99:14 99:15 99:19 99:20 99:21 99:22 99:23 100:3 100:3 100:5 100:7 100:11 100:13 100:14 100:16 100:18 100:21 100:22 100:23 100:24 100:24 101:1 101:6 101:7 101:8 101:9 101:10 101:11 101:12 101:13 101:14 101:17 101:18 101:19 101:21 101:23 101:25 102:3 102:5 102:6 102:7 102:7 102:8 102:10 102:16 102:16 102:19 102:22 102:24 103:1 103:1 103:2 103:3 103:3 103:8 103:11 103:14 103:17 103:17 103:19 103:19 103:21 103:22 104:1 104:2 104:3 104:4 104:4 104:4 104:5 104:7 104:10 104:12 104:13 104:16 104:17 104:19 104:20 104:24 104:24 104:25 105:1 105:2 105:4 105:9 105:10 105:12 105:13 105:13 105:15 105:16 105:18 105:21 105:22 105:23 106:1 106:2 106:2 106:4 106:7 106:13 106:15 106:15 106:20 106:20 106:22 106:23 106:24 106:25 106:25 107:2 107:2 107:3 107:4 107:7 107:8 107:8 107:12 107:15 107:15 107:16 107:17 107:19 107:20 107:21 107:23 107:24 108:2 108:3 108:3 108:5 108:5 108:11 108:13 108:16 108:17 108:23 108:24 109:1 109:2 109:2 109:3 109:3 109:4 109:5 109:7 109:8 109:10 109:11 109:12 109:15 109:15 109:16 109:17 109:19 109:21 109:23 110:3 110:4 110:6 110:7 110:9 110:11 110:12 110:14 110:16 110:16 110:22 110:25 111:1 111:3 111:6 111:7 111:7 111:9 111:12 111:12 111:13 111:14 111:15 111:16 111:17 111:17 111:18 111:19 111:19 111:22 112:2 112:2 112:3 112:3 112:5 112:6 112:12 112:14 112:17 112:18 112:20 112:20 112:23 112:24 113:2 113:4 113:5 113:5 113:8 113:8 113:9 113:10 113:16 113:18 113:20 113:23 113:24 114:1 114:7 114:7 114:11 114:13 114:16 114:17 114:23 114:24 115:1 115:1 115:2 115:4 115:6 115:6 115:7 115:10 115:11 115:11 115:15 115:15 115:16 115:18 115:20 115:21 115:22 115:25 116:1 116:2 116:11 116:15 116:15 116:17 116:18 116:19 116:20 116:20 116:23 116:23 116:24 117:2 117:2 117:5 117:7 117:13 117:14 117:15 117:17 117:17 117:21 117:22 118:1 118:2 118:4 118:7 118:7 118:10 118:11 118:12 118:15 118:15 118:16 118:19 118:21 118:22 118:22 118:25 119:3 119:4 119:8 119:8 119:9 119:9 119:10 119:10 119:11 119:12 119:13 119:15 119:17 119:18 119:18

**the(84)** 119:19 119:19 119:20 119:23 119:25 120:1 120:2 120:2 120:5 120:8 120:10 120:10 120:11 120:12 120:12 120:13 120:13 120:15 120:18 120:20 120:21 120:23 120:25 121:3 121:4 121:6 121:7 121:8 121:10 121:13 121:15 121:17 121:19 121:20 121:21 121:23 121:25 121:25 122:1 122:3 122:5 122:7 122:9 122:10 122:15 122:18 122:20 122:20 122:23 122:24 122:24 122:25 122:25 123:3 123:5 123:8 123:12 123:14 123:17 123:17 123:21 123:23 124:1 124:9 124:10 124:12 124:16 124:17 124:18 124:19 124:21 124:21 124:22 124:23 124:24 124:25 125:2 125:7 125:11 125:13 125:17 125:18 125:18 125:19

**their(68)** 8:23 9:4 9:23 14:5 15:3 18:7 21:13 21:14 22:9 23:18 24:8 26:22 30:1 34:22 34:25 35:4 35:4 35:17 35:19 37:18 37:21 38:1 39:24 41:12 43:5 44:10 45:6 50:9 51:2 52:6 52:21 54:15 54:18 55:1 55:6 59:3 60:23 62:23 65:3 66:25 67:9 68:2 68:18 69:7 69:22 70:10 71:17 72:3 73:8 79:16 84:24 84:25 84:25 88:9 89:23 93:15 96:1 96:3 99:20 101:11 102:19 105:7 106:7 108:4 113:13 114:17 119:14 119:22

**theirs(1)** 73:9

**them(77)** 10:17 13:2 15:25 23:13 23:14 24:4 24:9 28:10 28:12 33:6 34:4 35:12 35:13 35:17 36:13 37:14 37:23 41:1 41:9 41:10 46:10 47:24 49:1 59:1 64:8 64:9 64:9 64:19 66:15 66:16 67:24 68:23 69:2 71:16 72:5 72:12 72:17 72:18 72:22 72:23 73:2 73:3 73:9 73:10 75:19 78:3 78:8 78:9 78:10 78:11 78:12 78:14 79:1 79:2 79:3 79:15 79:25 86:23 89:21 95:21 96:4 111:18 105:5 105:5 105:6 106:8 107:17 110:5 110:21 113:4 114:15 115:25 117:24 119:23 124:2 124:3 124:7

**themselves(2)** 27:7 61:13

**then(48)** 9:18 13:20 16:24 20:1 20:7 30:21 30:22 32:3 36:22 37:14 39:11 43:17 43:25 45:23 46:10 47:7 48:25 54:24 54:25 55:1 55:7 56:10 59:25 61:23 65:10 65:20 71:6 72:25 77:12 77:13 77:25 78:23 79:17 82:18 84:1 86:1 92:3 92:4 92:24 98:3 100:23 101:4 107:17 108:6 109:5 112:17 112:23 121:22

**theories(1)** 54:9

**theory(4)** 9:17 37:18 64:5 73:16

**there(75)** 7:20 8:19 10:25 11:19 11:24 12:4 12:17 14:11 15:7 15:8 15:13 17:5 17:21 18:10 18:16 21:1 21:2 22:8 22:11 22:17 35:18 36:3 37:11 37:11 38:10 39:7 41:13 41:23 42:25 43:23 44:1 49:16 52:25 54:7 56:10 60:1 65:22 66:14 66:14 66:20 87:19 70:2 71:23 77:11 78:4 80:15 83:21 85:3 89:13 91:6 92:6 97:2 98:2 98:10 99:7 102:13 103:25 105:11 105:22 106:1 106:21 106:7 109:24 109:24 110:6 110:6 110:6 111:12 111:24 114:9 114:10 115:10 115:23 116:13 119:19

**there's(47)** 7:16 9:22 14:13 14:17 15:9 17:22 17:25 19:5 22:10 37:4 37:14 38:6 39:21 40:6 40:17 40:19 40:20 41:17 41:18 42:25 43:3 43:23 53:1 61:17 70:20 72:10 76:14 80:22 82:19 85:13 87:18 88:10 88:11 90:25 97:8 97:10 99:11 104:2 107:4 110:23 111:15 111:18 112:1 114:20 116:24 116:25 120:11

**therefore(1)** 51:9

**these(65)** 17:19 18:6 20:3 22:16 23:13 28:20 30:17 30:18 30:19 33:3 34:1 34:17 36:19 37:6 38:3 38:17 39:8 40:23 40:25 41:12 42:1 42:11 44:7 44:7 44:18 44:19 46:23 47:15 47:22 48:4 48:11 49:19 50:18 50:22 51:12 54:4 62:5 63:4 65:3 65:13 66:14 66:16 67:14 69:5 69:11 70:4 71:21 73:13 74:2 74:4 75:3 86:10 90:4 90:23 91:1 93:12 93:15 93:18 93:23 100:22 102:17 103:2 108:18 115:3 115:9

**they(148)** 8:20 8:25 9:1 9:10 10:20 10:20 11:16 11:18 15:5 15:5 17:24 17:25 18:7 18:8 18:8 18:10 18:11 18:11 18:12 20:21 21:12 22:9 22:10 23:12 24:2 25:21 27:24 28:1 28:6 28:7 28:10 28:11 28:16 28:17 28:25 29:3 31:15 31:17 31:18 31:20 31:21 32:17 33:21 33:21 34:2 34:17 34:18 34:21 35:5 36:23 37:21 39:5 39:11 40:9 42:6 43:1 43:4 43:6 44:20 45:2 45:2 45:15 45:19 45:19 46:7 47:24 48:8 52:3 52:24 54:3 54:12 54:12 55:7 59:19 59:20 59:25 62:1 65:2 66:6 67:1 67:3 67:8 67:23 68:3 69:19 71:21 72:23 73:7 73:11 73:16 74:17 75:7 75:7 76:9 77:4 77:14 77:24 77:24 79:8 79:12 79:14 79:21 80:23 84:18 84:25 86:10 93:6 93:13 95:17 96:2 96:2 96:2 99:18 99:20 101:11 101:15 101:17 102:6 102:23 105:17 105:18 107:2 107:7 108:4 108:6 108:15 108:15 108:19 108:19 109:19 110:10 111:24 111:25 112:22 113:4 113:4 113:11 113:13 114:17 114:18 118:11 119:13 119:14 119:14 119:15 119:17 119:21 119:23 121:10

**they're(55)** 9:8 10:8 10:10 10:17 10:19 10:22 11:3 13:18 16:16 21:17 24:7 25:13 30:21 41:1 41:22 44:20 53:7 53:23 54:11 54:11 54:11 54:15 54:16 55:1 55:5 59:19 68:22 69:11 69:20 70:11 73:15 75:9 77:3 77:4 77:23 78:1 79:15 88:3 88:8 88:9 88:11 93:24 93:25 95:20 96:3 99:21 99:22 102:11 103:1 107:5 111:9 119:11 119:19 121:8 122:25

**they've(10)** 8:20 9:24 19:17 39:25 42:25 50:12 74:25 89:3 102:7 102:18

**thin(1)** 43:9

**thing(23)** 10:9 13:5 15:20 33:19 35:13 38:4 40:13 44:3 47:14 65:18 69:6 72:10 74:19 74:23 78:4 80:20 92:24 102:10 107:14 108:15 116:11 119:8 120:16

**things(23)** 46:23 63:11 65:14 91:25 92:19 94:23 96:8 97:3 98:3 98:8 101:3 103:1 104:1 104:6 113:22 114:6 115:17 116:11 117:1 117:4 117:8 117:8 118:1

**think(186)** 5:17 7:4 7:16 8:5 8:7 8:16 9:17 10:5 10:8 10:16 10:16 10:19 10:20 11:1 12:3 12:20 15:5 18:11 21:20 22:12 22:19 24:4 25:1 25:11 25:21 25:22 25:23 28:25 31:9 33:15 34:4 36:10 36:19 38:3 40:9 41:1 46:13 48:25 49:1 49:2 50:13 51:25 52:23 56:17 57:9 57:10 57:20 57:25 58:3 60:4 60:10 60:13 60:19 64:19 64:25 65:12 67:19 70:18 70:23 71:24 72:6 72:16 72:24 74:6 77:7 77:10 77:19 78:7 78:19 79:10 80:25 81:19 81:22 81:24 81:25 82:2 82:18 83:22 83:23 86:6 86:7 89:11 89:19 89:20 89:22 89:24 90:8 90:11 90:25 91:2 91:5 91:19 91:22 92:6 92:15 92:19 93:5 93:10 94:1 94:11 94:14 94:24 95:11 95:16 95:22 95:25 96:2 96:7 96:11 96:12 96:13 96:18 96:22 97:2 97:8 97:10 97:13 97:24 98:2 98:9 98:10 98:16 99:11 100:9 100:12 100:5 100:10 100:17 101:2 101:4 101:8 101:11 102:1 102:14 102:19 102:20 103:7 104:18 105:20 106:13 106:18 106:19 106:20 107:4 107:5 107:6 107:14 108:18 109:7 109:23 109:25 111:24 112:20 112:21 112:23 113:1 113:4 113:4 113:12 114:12 114:16 114:19 116:5 116:9 116:23 117:1 117:13 117:19 117:20 117:22 117:25 118:11 118:20 120:10 120:22 120:25 122:1 122:11

**thinking(1)** 38:8

**thinks(1)** 90:8

**third(13)** 9:8 9:12 29:12 33:13 35:24 35:24 36:17 47:3 48:6 65:16 80:18 86:12 92:9

**this(301)** 6:1 6:21 6:23 8:9 9:6 9:13 9:23 9:25 12:1 12:5 12:14 12:17 12:18 13:16 15:4 16:6 16:8 16:11 16:17 17:17 17:18 17:18 17:22 17:25 18:15 18:19 19:17 19:23 20:1 20:5 20:20 21:9 21:11 22:12 22:18 22:20 23:3 24:22 24:25 25:5 25:20 25:23 26:1 26:5 26:15 26:23 27:3 28:3 28:7 29:19 29:23 30:1 30:24 31:2 31:6 31:7 31:16 31:20 32:4 32:13 32:16 32:17 32:19 33:25 34:7 34:11 34:16 34:17 35:2 35:5 35:21 35:22 36:6 36:9 37:1 37:4 37:20 37:22 38:6 38:7 38:22 39:6 39:10 40:12 40:13 41:3 42:2 42:8 42:15 42:15 43:3 43:14 43:14 43:18 43:20 44:8 44:24 44:25 45:7 45:20 46:14 46:19 47:9 47:11 47:15 47:25 48:1 48:24 49:6 50:1 50:6 51:16 51:17 53:10 53:16 53:20 54:18 55:10 55:15 55:22 56:23 57:25 58:3 58:6 58:10 58:13 58:17 58:25 59:14 59:16 60:8 60:10 60:11 60:19 60:21 60:24 61:7 61:7 61:15 61:21 62:25 63:10 63:17 63:20 64:2 64:22 64:23 65:14 65:16 66:3 66:8 66:21 66:24 67:12 67:18 67:21 67:25 68:20 69:9 70:13 70:19 71:1 71:2 71:3 71:5 71:20 72:6 72:8 72:20 73:5 73:9 73:16 73:18 73:20 74:16 74:20 74:21 74:23 75:5 77:7 77:15 77:17 77:23 78:21 79:5 79:5 79:9 79:10 79:13 79:24 80:3 80:5 80:7 80:8 80:10 80:20 80:25 81:1 81:5 81:7 81:17 81:17 81:19 82:8 83:4 84:3 84:21 85:2 85:3 85:11 86:12 86:25 87:3 87:8 87:14 87:17 87:23 89:12 89:14 89:15 89:24 90:1 90:6 91:8 91:19 92:8 92:13 92:23 92:23 93:6 93:20 94:1 94:6 94:20 94:21 95:19 96:3 96:16 97:16 98:1 98:7 98:19 98:22 99:4 99:16 99:19 99:24 99:25 100:2 100:7 100:20 100:24 101:5 101:12 101:19 102:6 102:10 102:17 103:12 103:16 103:18 103:22 104:19 104:21 104:22 104:24 106:16 108:1 108:7 108:8 108:9 108:14 108:20 109:4 109:6 109:14 109:22 109:22 109:23 110:5 110:10 110:11 110:14 110:14 110:21 111:5 111:6 111:10 112:7 112:11 113:1 113:2 113:6 115:10 115:14 115:16 115:20 115:25 116:5 116:12

**this(22)** 116:18 116:21 117:1 117:16 118:9 118:17 118:20 118:22 119:5 119:10 119:11 119:21 120:1 120:7 120:23 122:19 123:12 123:14 124:1 124:4 124:6 124:7

**thomas(1)** 4:39

**those(50)** 10:2 11:6 11:21 19:6 22:10 22:15 26:8 27:11 28:9 28:14 29:8 35:17 38:11 38:14 38:15 39:1 40:8 40:8 45:23 45:25 48:20 51:4 51:5 51:8 51:24 53:22 54:12 55:13 58:22 61:18 64:6 64:13 71:10 72:7 72:12 72:23 80:18 80:19 82:4 82:22 84:12 94:20 95:20 95:21 97:4 97:11 105:14 106:3 107:18 116:25

**though(9)** 16:1 29:20 37:10 38:17 64:25 66:5 67:10 91:3 106:7

**thought(9)** 6:16 6:25 59:24 66:16 80:5 84:1 84:2 106:20 117:18

**thousands(2)** 105:13 105:15

**three(10)** 8:19 12:19 54:9 62:4 62:9 63:9 71:8 72:11 90:9 95:10

**through(24)** 35:4 35:17 52:2 64:15 65:25 72:12 77:7 81:2 86:20 86:21 86:23 92:22 95:1 95:24 100:22 105:12 105:20 106:24 108:20 114:14 119:18 123:25 124:3

**throughout(1)** 106:24

**thursday(3)** 7:17 73:9 123:25

| Word | Page:Line |
| --- | --- |

thynge(1) 6:12
tied(1) 49:4
tiered(2) 72:11 72:11
tight(2) 61:24 71:18
till(2) 98:3 123:20
time(51) 7:11 7:21 22:18 23:9 43:4 46:16 46:17 53:10 57:13 58:6 58:15 59:20 62:11 62:16 62:23 65:12 65:12 66:20 71:7 71:20 72:4 74:24 76:2 76:22 77:3 79:16 82:2 83:24 85:8 86:15 86:16 86:19 87:9 94:11 97:7 97:12 97:16 97:20 100:7 100:21 103:18 103:22 105:16 106:2 106:4 107:7 114:23 120:5 123:10 123:15 123:18

timeframe(1) 71:18
timely(1) 95:3
times(1) 116:1
timetable(1) 94:3
timing(2) 63:10 79:1
today(29) 7:15 8:5 8:11 30:24 34:24 35:20 36:4 36:9 36:16 38:20 48:4 52:10 56:1 56:6 58:21 61:6 62:13 68:22 83:3 89:24 96:8 97:1 100:5 101:20 103:5 113:6 116:24 117:23 125:3

today's(1) 121:15
together(12) 40:22 46:11 46:20 48:21 48:21 83:25 84:25 87:14 90:5 97:19 102:17 119:22
told(7) 31:19 66:19 70:11 73:3 100:14 107:17 124:2

tomorrow(3) 82:15 83:1 120:11
tomorrow's(1) 121:14
ton(1) 116:4
too(15) 26:19 40:2 41:5 42:6 69:20 73:11 84:3 88:2 89:19 91:7 95:19 97:10 102:15 105:19 120:3

took(8) 49:25 63:19 64:1 71:8 77:7 92:22 92:24 118:15

topic(1) 78:25
totally(1) 84:19
touch(2) 7:13 99:9
tower(1) 3:27
traci(1) 125:23
track(4) 84:1 84:3 91:12 115:4
trade(2) 8:22 54:10
trading(1) 46:9
traditional(1) 43:8
transaction(1) 51:9
transcriber(1) 125:23
transcript(3) 1:38 1:43 125:18
transcription(3) 1:44 2:4 2:4
transfer(17) 26:11 26:14 26:17 27:6 27:11 27:14 27:15 27:19 31:23 31:24 42:14 49:20 49:21 50:14 51:23 51:23

transferred(2) 92:9 108:4
travel(1) 62:6
treat(1) 110:14
treated(1) 22:10
treatment(1) 15:6
trial(52) 31:11 32:5 32:7 32:9 35:5 39:11 54:3 60:2 60:6 74:7 74:9 75:1 75:10 75:15 76:10 87:19 88:11 88:12 98:1 101:13 102:19 104:20 106:15 106:16 108:10 108:14 108:24 109:6 109:9 109:19 112:4 112:6 112:7 112:10 112:16 112:18 114:13 114:6 116:7 116:7 116:20 118:9 118:12 118:15 118:17 118:23 119:8 119:15 120:7 122:1 124:18 124:22

trials(4) 39:12 40:20 40:21 97:23
tried(7) 18:10 19:14 21:8 74:10 83:25 118:23 119:11

trier(1) 86:24
tries(1) 108:13

true(2) 31:9 96:22
truly(1) 23:20
trust(2) 3:49 4:30
try(26) 10:19 18:8 18:13 24:24 27:23 37:9 43:9 47:24 52:7 60:16 84:3 85:7 85:16 87:23 91:7 104:12 104:14 105:17 106:5 106:9 107:13 108:16 113:8 113:9 113:13 116:21

trying(10) 43:22 49:5 53:20 57:11 88:3 88:4 99:12 106:23 114:9 114:18

tuesday(1) 5:1
tunnell(1) 2:22
turn(2) 34:4 91:4
tweed(1) 4:38
twice(1) 24:8
two(29) 12:19 17:5 23:11 30:2 35:8 37:11 37:16 37:23 46:23 48:20 60:1 69:5 70:1 70:8 72:10 82:4 85:9 95:22 98:13 98:20 99:6 99:10 102:17 108:25 111:9 114:11 115:3 116:20 119:16

tyler(1) 4:30
type(6) 9:1 9:5 10:6 27:15 47:16 112:7
types(1) 60:20
typing(1) 38:11
u.k(3) 19:21 41:14 52:11
u.s(108) 8:13 9:23 10:10 11:2 13:9 14:3 14:4 14:12 14:21 14:22 14:23 14:23 14:25 15:2 15:4 15:5 15:18 15:22 16:10 16:13 16:15 16:17 16:21 17:9 17:14 18:4 18:5 19:14 20:17 21:5 21:11 21:22 23:11 23:17 25:5 25:11 25:12 26:16 31:7 32:5 33:12 33:19 34:2 34:19 34:20 34:25 35:14 35:22 37:13 39:17 39:21 39:22 40:6 40:22 40:23 42:3 42:6 45:11 45:22 46:20 47:4 52:6 52:12 52:21 54:14 54:14 54:23 56:3 66:3 66:12 66:20 66:23 67:2 68:7 72:4 72:22 73:24 74:1 74:3 74:7 74:11 74:15 74:20 75:1 75:14 77:21 78:1 84:7 88:23 90:6 90:13 90:20 97:18 97:22 99:6 103:3 107:2 107:3 108:3 110:4 114:7 114:7 115:2 115:10 116:19 116:19 119:11 119:17

ultimately(3) 30:6 31:9 49:24
uncomfortable(1) 57:25
under(31) 12:22 12:23 13:25 14:13 14:20 14:21 15:10 15:15 15:19 21:20 21:23 21:25 25:14 30:8 31:5 32:1 41:16 53:13 53:23 53:24 54:8 56:24 61:5 82:12 83:18 110:3 110:12 110:13 110:21 116:13 116:20

underlie(1) 80:16
underlying(3) 42:21 48:2 48:15
understand(9) 68:20 68:21 86:19 89:12 90:16 92:11 93:1 114:7 124:7

understandable(1) 23:3
understanding(2) 66:11 115:22
understands(1) 32:15
understood(2) 36:15 125:2
undisputed(1) 29:11
unduly(1) 118:1
unequivocally(1) 30:10
unfortunately(1) 124:17
unidentified(5) 90:15 90:18 93:1 103:15 116:16

united(12) 1:1 1:40 63:3 66:9 66:17 67:4 76:24 77:5 77:6 80:20 106:23 119:12

unknown(2) 17:8 17:23
unless(7) 36:8 56:16 77:6 80:1 82:5 103:6 113:16

unlike(1) 66:3
unlikely(1) 80:24
unliquidated(1) 17:9
unofficial(1) 5:4
unreasonable(1) 71:24

unreliable(1) 68:5
unsecured(3) 46:9 49:15 81:14
unsettled(1) 96:25
untenable(1) 67:7
until(15) 9:2 32:24 33:2 65:10 73:8 73:9 77:16 81:5 81:6 83:7 83:10 86:6 86:7 98:3 115:15

unusual(1) 88:24
upcoming(1) 83:5
updates(1) 6:10
usc(1) 29:21
use(5) 40:5 74:15 89:10 93:22 113:13
used(7) 8:13 31:17 32:13 46:10 92:23 93:22 94:4

valid(3) 40:25 44:18 45:12
value(4) 50:10 61:2 61:3 116:6
variable(1) 48:17
various(6) 7:20 9:10 13:15 21:6 33:18 63:17

varying(1) 40:17
vehemently(1) 112:21
verify(1) 70:21
version(3) 91:15 91:16 91:16
versions(1) 91:14
versus(2) 42:18 49:6
very(52) 5:16 6:19 6:20 7:14 8:7 8:11 13:24 20:22 22:13 31:9 33:17 36:18 36:18 37:20 40:4 42:15 46:16 52:24 54:20 57:1 57:4 57:18 58:13 58:17 62:7 62:16 66:18 66:19 66:21 67:12 73:6 73:14 83:25 84:21 84:22 84:22 86:17 86:17 88:21 90:6 94:6 96:12 103:11 104:2 106:4 107:3 107:5 116:11 118:8 118:17 118:20 125:9

viable(1) 81:5
view(10) 34:6 56:1 56:6 60:14 65:6 79:4 80:8 80:10 81:18 81:23

violation(1) 14:17
virgin(1) 63:12
vob(22) 63:23 90:23 91:2 91:9 91:11 91:19 91:20 91:25 92:1 92:1 92:7 92:13 92:17 93:5 94:4 94:20 97:4 100:23 105:13 105:18 108:1 115:21

vob's(21) 64:6 64:7 64:11 64:17 65:17 65:21 65:22 66:8 66:14 66:16 66:20 67:2 68:16 91:11 96:20 104:2 105:3 105:10 105:13 106:22 108:5

vobs(1) 64:13
wait(4) 70:24 79:6 83:7 103:20
waited(2) 73:11 73:11
waiting(1) 112:11
waive(2) 121:15 121:22
waived(1) 82:19
waiver(1) 20:6
waiving(1) 121:17
walk(1) 92:21
wall(1) 38:18
want(60) 6:24 18:1 26:14 28:10 31:1 32:11 32:14 34:3 34:18 34:25 35:5 35:8 37:19 38:13 39:3 39:3 39:4 39:6 43:6 44:15 45:17 45:19 47:4 52:20 57:24 58:16 59:7 60:19 62:20 69:6 69:7 69:13 72:2 74:9 74:19 77:14 78:3 79:2 79:22 80:7 80:10 80:23 83:7 89:10 99:3 102:25 103:20 106:11 107:15 107:22 109:19 110:5 110:10 111:25 112:13 112:22 118:8 119:17 119:18 122:19

wanted(24) 5:7 7:13 36:6 36:6 47:10 49:17 59:12 59:25 62:1 62:2 71:18 71:18 73:25 74:4 103:7 103:25 104:1 109:17 114:5 117:15 117:17 119:11 119:15 124:10

wants(2) 6:19 18:6

was(86) 6:15 7:17 8:4 9:9 16:9 16:11 16:12 16:13 17:13 17:17 17:18 17:18 17:23 17:24 20:4 21:8 23:10 29:8 29:17 29:20 31:4 32:24 33:2 33:15 37:12 38:4 42:14 46:19 49:21 51:17 54:19 55:20 59:23 59:24 60:14 64:2 64:4 66:18 68:25 69:14 69:18 71:2 71:12 71:13 74:11 74:23 76:20 77:7 78:7 80:15 83:7 83:11 83:25 85:10 86:3 86:7 86:7 92:2 92:4 92:16 92:18 93:9 93:16 94:11 95:10 95:22 96:4 103:18 108:19 108:21 109:13 111:1 111:7 111:7 111:16 111:20 111:23 111:23 115:3 116:12 117:11 117:15 118:14 118:17 122:3 125:13

washington(1) 2:18
wasn't(3) 21:15 111:22 115:5
way(33) 5:19 11:10 20:4 25:7 29:10 30:11 31:4 38:21 41:19 48:18 56:6 57:3 62:16 68:8 69:15 70:13 70:19 72:3 74:22 78:2 78:4 86:9 86:18 97:16 100:25 106:9 106:12 106:20 107:4 108:24 110:9 112:19 120:25

ways(5) 67:17 79:21 84:13 99:12 119:6
we'd(6) 78:9 78:13 89:11 94:9 97:17
we'll(15) 5:18 5:21 36:8 56:21 57:22 61:1 65:11 72:7 78:10 85:11 85:16 85:25 102:24 123:22 125:11

we're(108) 5:5 6:19 6:20 7:14 8:7 8:11 10:16 10:25 11:7 11:24 12:9 12:15 12:15 12:19 13:12 13:17 18:1 18:7 18:16 20:17 21:23 28:11 29:6 30:24 35:16 37:16 40:15 41:1 41:9 42:2 42:3 42:7 43:1 43:22 45:19 45:21 49:4 49:20 49:22 49:23 50:13 51:12 52:10 54:4 57:11 58:20 59:1 59:4 59:8 59:17 59:17 60:3 60:15 60:16 60:16 60:21 61:4 61:15 61:19 65:1 65:11 65:13 66:15 72:15 75:19 75:20 76:8 78:9 78:12 78:18 79:18 79:22 81:9 82:20 85:5 85:7 87:14 95:19 96:5 97:25 98:8 98:19 99:2 100:18 101:4 102:14 105:6 108:8 110:8 110:11 110:11 110:12 110:18 110:21 111:19 112:10 112:10 113:12 114:9 114:22 116:7 117:7 117:22 117:23 117:24 117:24 118:18 118:23 121:21

we've(20) 12:1 12:18 13:15 14:18 28:10 38:2 38:25 40:21 41:2 41:4 41:25 42:25 45:1 69:12 72:17 82:21 97:24 100:14 105:1 113:2

webb(1) 4:30
weeds(1) 89:20
week(14) 6:12 7:7 7:12 7:17 23:10 72:8 83:7 86:7 89:25 100:14 104:22 109:1 117:4 122:5

weekend(1) 33:3
weeks(10) 23:11 60:1 62:15 62:18 65:9 95:10 100:11 111:9 120:10 124:16

welcome(2) 5:12 78:10
well(52) 5:4 6:15 11:14 16:8 17:25 18:16 22:22 24:2 24:16 24:24 29:11 30:18 32:23 33:9 37:8 37:14 38:5 39:10 39:16 39:21 46:14 47:2 49:2 54:22 54:22 56:23 57:18 57:24 67:22 73:14 79:15 82:9 85:23 87:9 87:18 88:21 95:18 95:21 100:9 100:12 103:4 103:25 105:17 107:21 107:25 111:15 112:14 115:21 116:22 119:6 119:25

went(3) 52:2 99:20 124:1

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **were**(48) 10:23 10:24 17:19 18:12 29:9 35:2 35:13 42:12 43:15 44:20 51:4 51:18 53:22 53:24 61:22 64:9 64:15 64:18 64:18 65:5 66:14 69:23 70:8 71:3 72:21 73:2 73:20 74:2 74:17 76:1 76:24 77:16 78:20 81:7 81:12 84:4 85:15 85:16 85:18 85:20 90:5 99:19 100:4 107:17 107:18 114:18 117:10 119:23 | | **why**(58) 13:8 15:1 15:5 22:12 22:15 28:25 31:2 31:15 31:22 32:11 35:4 35:7 36:4 37:6 38:17 40:12 40:12 59:7 59:8 60:13 62:19 66:8 67:18 68:14 69:19 70:3 71:12 71:23 74:12 77:17 77:19 78:5 78:23 78:24 79:1 80:15 82:7 82:11 83:12 83:20 83:22 84:1 84:2 89:12 92:11 93:14 93:15 100:4 101:10 103:4 108:17 110:4 110:19 112:23 112:20 117:22 120:23 120:23 | | **working**(8) 60:7 67:7 67:10 67:18 71:3 74:3 106:5 117:24 | | **you**(301) 5:3 5:7 5:13 5:23 5:23 7:2 7:11 7:13 8:3 8:7 9:15 11:12 11:13 11:25 12:1 12:5 12:5 12:13 12:13 12:19 12:20 12:21 13:1 13:1 13:5 13:8 13:15 13:18 13:23 14:14 14:14 14:19 15:10 15:11 15:11 16:1 16:5 16:6 16:10 16:11 16:12 17:14 17:14 18:1 18:14 18:15 20:7 20:18 21:20 21:21 21:23 22:12 22:25 23:6 23:12 23:20 23:22 24:13 24:15 25:10 25:24 28:11 28:25 30:11 30:12 30:18 31:23 32:6 32:21 32:22 32:22 32:23 33:15 33:24 33:24 34:4 34:12 34:13 35:4 35:19 35:20 36:3 36:9 36:16 |
| **west**(2) 2:40 110:6 | | **wild**(2) 110:6 110:6 | | **works**(3) 23:1 70:13 110:10 | | |
| **what**(75) 7:14 8:6 8:7 15:17 18:4 26:10 29:7 29:19 34:2 34:6 41:24 42:8 43:13 45:21 48:4 49:22 50:11 50:17 51:14 54:19 55:2 59:20 60:3 60:23 63:4 63:23 68:8 69:8 70:23 71:11 71:17 74:9 74:10 77:8 78:21 80:10 80:16 83:10 84:1 84:14 85:11 86:4 86:7 87:10 88:8 89:23 91:16 92:8 93:3 93:6 93:13 96:14 96:21 99:6 100:14 100:14 101:3 102:25 103:7 103:25 104:5 105:12 105:12 105:24 108:15 109:23 112:5 112:21 112:25 113:4 113:13 118:18 118:20 122:13 125:8 | | **will**(41) 11:19 13:14 14:1 28:7 34:14 36:9 52:8 56:5 56:24 57:25 58:3 58:14 60:24 61:15 73:19 76:19 77:11 86:1 89:18 89:21 95:6 98:1 101:24 102:2 102:21 104:19 104:21 105:25 107:9 112:23 118:1 118:8 120:9 120:9 120:13 121:15 123:5 124:12 124:13 125:2 125:8 | | **world**(1) 39:12 **worldwide**(2) 43:2 50:18 **worried**(1) 42:7 **worry**(3) 39:7 41:22 47:5 **worst**(1) 93:24 **worth**(1) 46:13 **would**(93) 6:1 7:12 11:1 11:5 11:14 11:20 11:21 12:4 12:4 12:5 12:10 13:7 15:2 15:6 15:19 17:23 18:8 18:10 18:11 18:25 18:25 19:7 19:8 23:2 24:3 24:4 28:14 32:7 32:8 32:9 33:25 35:7 35:12 43:19 44:19 45:13 49:1 52:12 54:21 55:15 55:22 56:1 60:5 61:25 62:4 62:6 62:9 62:17 64:20 75:7 77:12 77:13 78:14 81:18 81:22 82:25 84:2 84:2 84:18 84:23 90:10 91:11 91:13 91:15 93:8 93:19 94:5 94:9 96:13 96:17 99:25 100:7 100:20 100:21 101:17 101:22 102:10 102:12 102:18 103:22 107:6 108:17 112:13 116:4 116:13 117:18 118:24 120:6 121:22 122:15 122:15 122:22 124:2 | | **37:6 37:22 38:7 38:11 38:12 38:13 38:15 38:19 38:20 38:21 39:7 39:15 39:15 40:1 41:14 41:15 41:16 41:18 41:22 42:10 42:12 42:22 42:24 43:2 43:3 43:5 43:6 43:8 43:17 43:17 43:18 43:18 44:14 44:15 46:11 46:14 46:22 46:24 47:2 47:4 47:5 47:8 47:9 47:13 48:18 48:19 49:1 49:10 51:11 51:12 52:13 52:14 52:15 52:25 53:3 53:12 54:17 55:2 55:9 55:25 56:12 56:13 56:14 56:14 56:16 56:19 57:1 57:2 57:4 57:6 57:7 57:8 57:15 57:17 57:18 57:24 58:5 60:17 61:16 65:1 67:19 67:20 67:24 67:24 69:2 70:14 70:21 70:23 70:23 70:23 70:24 77:12 77:12 78:10 78:10 78:11 78:12 78:18 79:2 79:4 79:6 79:11 79:24 79:25 80:5 80:8 80:10 80:13 80:15 82:6 82:11 83:3 83:14 83:15 84:5 84:16 84:17 85:14 85:17 85:25 86:11 86:11 86:15 86:21 87:9 87:12 88:1 88:3 88:8 88:10 88:16 88:19 88:20 88:21 89:10 90:4 90:16 91:2 91:3 91:9 91:16 92:12 92:23 92:25 93:8 93:14 93:14 93:21 93:21 94:18 95:5 95:14 95:15 96:12 97:7 97:13 97:22 99:7 100:7 101:8 101:11 101:14 102:8 102:14 102:18 103:6 103:9 103:10 103:11 103:11 103:18 103:20 104:12 105:4 105:19 105:21 106:10 106:13 106:16 106:19 107:10 107:11 107:13 108:16 108:23 111:20 111:21 112:4 112:4 112:6 113:18 113:19 113:20 114:1 114:3 114:17 115:14 116:24 117:3 118:4 118:5 118:12 119:24 119:25 121:11 121:22 122:8 122:9 122:9 122:17 122:18 122:22 122:22 123:4 123:6 124:20** |
| **what's**(11) 12:8 25:17 54:22 63:22 66:13 73:19 76:13 79:18 84:12 87:13 96:17 | | **william**(1) 2:45 **willing**(4) 67:21 69:11 69:20 101:4 **willkie**(1) 3:47 **willy**(1) 94:17 **wilmington**(7) 1:12 2:26 2:35 2:48 3:19 3:35 5:1 | | **wouldn't**(6) 11:24 18:11 51:17 62:11 75:7 100:6 | | |
| **whatever**(10) 15:11 15:11 40:5 41:21 45:19 87:7 89:8 99:18 102:23 106:13 | | **win**(6) 79:7 79:7 79:14 80:1 81:12 113:5 **winning**(1) 113:8 **wire**(1) 83:18 | | **wound**(1) 5:18 **wrapped**(2) 17:15 106:9 **written**(1) 69:21 | | **you**(3) 125:9 125:10 125:12 **you'd**(1) 92:19 **you'll**(4) 36:3 41:3 41:23 115:1 |
| **when**(54) 9:10 15:24 16:8 34:4 35:4 35:8 40:18 42:10 42:21 46:24 47:20 47:23 51:11 51:16 54:16 59:20 60:17 62:23 63:7 63:7 66:19 66:25 69:3 71:1 71:19 71:25 73:7 73:11 74:17 74:22 75:14 77:10 80:17 82:12 83:24 85:14 90:4 90:5 91:5 94:18 96:19 101:21 102:2 109:8 109:18 109:18 112:1 112:9 112:17 116:10 119:19 119:22 119:23 119:24 | | **with**(141) 5:8 6:12 6:20 7:20 8:1 8:5 8:11 8:16 14:23 19:23 24:5 24:19 25:18 25:22 27:11 29:25 31:24 32:2 33:19 34:4 34:23 34:24 35:16 41:24 42:4 42:16 43:7 44:6 44:10 44:23 46:16 47:10 50:1 50:23 51:4 51:7 51:15 54:25 55:8 58:11 58:21 59:1 59:12 59:17 59:17 60:15 61:4 61:13 61:25 62:5 63:12 63:15 64:19 65:8 65:18 66:5 66:6 67:6 68:17 69:3 69:21 71:15 71:22 72:25 73:5 73:19 74:1 74:3 74:11 75:5 75:21 76:11 79:8 79:15 79:22 80:2 81:17 82:1 82:20 82:23 83:4 84:6 85:16 87:12 87:18 88:25 90:7 90:13 90:22 91:19 92:17 92:20 93:10 93:12 94:14 94:17 95:2 95:12 96:14 96:16 97:2 97:3 97:16 98:7 98:8 98:19 100:13 100:18 101:18 102:8 102:17 103:2 104:3 104:20 105:2 105:5 105:23 106:5 106:17 108:22 108:22 109:6 109:10 110:16 110:18 113:10 113:24 114:14 115:12 116:12 118:3 119:3 120:12 120:24 121:20 121:24 122:23 122:23 125:8** | | **www.diazdata.com**(1) 2:8 **yeah**(10) 5:25 8:6 16:6 31:14 54:1 76:20 101:23 121:12 122:3 122:5 | | **you're**(15) 6:10 11:12 20:21 25:7 33:17 38:15 42:22 43:9 78:10 78:21 82:24 87:5 110:8 123:21 124:21 |
| **where**(26) 11:21 13:18 13:19 14:17 17:15 24:6 43:2 44:4 44:15 47:13 50:17 54:21 58:22 63:16 67:3 69:1 69:21 76:11 85:7 91:22 104:24 104:24 114:14 115:15 118:18 118:19 | | | | **year**(6) 21:9 50:6 62:6 104:21 112:7 **years**(6) 39:1 42:1 48:24 81:3 108:2 **yes**(56) 6:5 6:17 7:6 7:10 8:18 12:12 14:7 16:3 16:5 16:23 18:25 19:13 24:19 25:9 26:3 30:25 33:2 43:12 45:23 46:18 50:8 52:3 52:19 55:17 55:19 58:8 58:23 65:19 82:16 84:8 85:12 85:12 89:17 92:22 101:1 103:14 104:7 104:10 106:21 107:11 107:13 120:15 121:9 121:17 121:18 122:16 123:3 123:8 123:23 124:19 | | **you've**(6) 9:15 13:1 13:24 21:3 38:14 **young**(2) 3:13 4:6 |
| **whereupon**(1) 125:13 **whether**(33) 13:6 17:7 25:19 27:17 27:19 28:21 38:8 38:15 40:25 41:20 43:3 44:11 48:8 64:13 65:22 67:14 75:17 75:19 77:11 78:5 79:11 82:21 87:2 87:5 98:1 99:5 99:23 108:8 108:9 109:6 112:24 113:7 116:4 | | **withdraw**(26) 9:25 23:10 31:3 31:6 31:18 32:14 39:24 47:1 47:18 47:19 74:7 87:7 97:15 98:23 101:9 109:1 109:4 111:7 111:17 112:3 112:5 113:5 113:9 115:6 118:22 119:13 | | **yet**(14) 11:16 18:16 44:6 65:13 72:9 73:15 76:19 79:2 95:23 97:25 100:3 100:17 107:20 116:4 | | |
| **which**(58) 7:17 8:8 11:15 13:13 14:2 14:5 14:18 15:10 17:9 19:20 20:11 20:16 26:11 29:21 31:4 32:2 33:17 39:9 39:10 39:23 40:18 44:2 47:14 48:9 49:4 51:15 52:24 53:17 55:24 59:13 59:15 59:23 61:2 61:4 61:8 61:9 62:5 62:13 62:22 64:16 65:8 69:14 71:8 72:6 76:6 76:24 81:2 86:12 86:14 92:11 93:5 93:12 93:18 99:19 112:24 114:6 116:12 121:15 | | **withdrawing**(1) 55:21 **withdrawn**(4) 51:5 56:9 101:18 111:16 **withdraws**(1) 101:12 **withdrew**(1) 55:14 **within**(6) 17:22 30:4 63:24 68:25 91:20 95:6 | | **york**(4) 2:41 3:10 3:28 36:25 | | |
| **while**(8) 23:3 35:16 43:8 44:7 77:8 83:23 84:23 117:4 | | | | | | |
| **who**(16) 5:22 11:18 36:23 37:6 60:25 61:13 69:24 73:20 87:4 92:21 100:5 119:10 119:11 119:19 119:23 120:20 | | **without**(8) 8:24 30:17 45:14 68:4 76:6 78:8 94:16 96:16 | | | | |
| **who's**(2) 24:6 88:25 **who've**(1) 11:22 **whoa**(2) 47:8 47:8 **whoever**(3) 41:13 86:24 108:13 **whole**(8) 20:6 30:9 31:11 83:4 108:1 108:16 117:1 118:9 | | **witness**(1) 76:5 **won**(1) 74:12 **won't**(3) 22:10 56:7 86:1 **wonderful**(1) 7:2 **wood**(1) 4:23 **word**(5) 67:9 75:4 93:15 113:24 118:7 **words**(1) 118:6 **work**(11) 5:5 10:21 61:13 64:20 69:5 85:2 86:11 100:22 108:19 112:23 118:17 **worked**(1) 40:21 | | | | |

| Word | Page:Line |
|---|---|

**your**(179) 5:11  5:25  6:10  6:25  7:8  7:21
8:5  8:16  12:3  12:11  14:11  14:24  15:15
15:21  16:7  18:2  18:20  20:5  21:8  21:24
22:6  22:15  23:14  23:22  23:24  24:17  25:8
27:22  28:4  28:4  31:14  32:15  32:21  33:9
33:17  36:17  38:14  38:16  41:12  41:25
42:16  43:10  44:3  44:14  44:15  45:23  46:1
48:3  48:5  48:5  48:7  48:7  49:13  49:16
49:19  49:24  49:25  50:5  50:16  50:19  50:23
51:5  51:11  51:14  51:24  52:1  52:4  52:6
52:13  52:17  53:6  53:6  53:9  53:25  54:5
55:25  56:1  56:5  56:13  56:16  56:21  57:1
57:13  57:15  58:5  58:9  58:20  58:22  58:22
58:24  58:24  60:8  60:15  62:25  68:12  70:4
71:1  73:5  73:13  74:20  76:14  76:15  77:9
77:19  79:19  80:2  80:4  80:4  80:13  81:23
82:5  83:14  83:16  85:14  85:17  87:3  87:8
88:22  89:10  89:13  90:3  90:3  91:4  94:3
94:10  94:19  95:4  95:8  96:11  96:19  96:22
97:5  97:24  98:6  98:11  100:2  100:9  101:7
102:4  102:25  103:6  103:12  103:15  103:16
105:10  106:14  106:18  106:19  107:11
107:13  112:8  113:3  113:17  114:5  114:12
114:25  116:2  116:23  116:24  117:1  117:10
117:12  117:14  117:19  117:23  118:5  119:6
119:24  120:14  121:2  121:25  122:8  122:10
122:11  122:13  123:24  124:8  124:17  125:4

**yourself**(3) 8:3  42:12  88:20
**yourselves**(1) 47:6
**september**(1) 125:22