IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| NORTEL NETWORKS, INC., *et al.*, | : | Bankr. Case No. 09-10138-KG |
| | : | |
| Debtors. | : | |
| | : | |
| ERNEST DEMEL, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civ. No. 14-1215-LPS |
| | : | |
| NORTEL NETWORKS, INC., *et al.*, | : | |
| | : | |
| Appellees. | : | |

## **MEMORANDUM ORDER**

At Wilmington this 10th day of September 2015, having reviewed: (1) Ernest Demel's

("Demel") appeal (D.I. 1) from the August 19, 2014 Order (D.I. 1-1) of the United States

Bankruptcy Court for the District of Delaware, (2) Demel's Motion to Transfer Venue (D.I. 6),

and (3) Demel's Motion to Appoint Counsel (D.I. 8), and having further considered the parties'

respective briefs[1] (D.I. 12; D.I. 14; D.I. 18);

**IT IS HEREBY ORDERED** that, for the reasons stated below:

1. Demel's Motion to Transfer Venue (D.I. 6) is DENIED;

2. The Bankruptcy Court's August 18, 2014 Order (D.I. 1-1) is AFFIRMED;

3. Demel's Motion to Appoint Counsel (D.I. 8) is DISMISSED as moot;

4. The Clerk of Court is directed to CLOSE this case.

---

[1] Pursuant to Fed. R. Bankr. P. 8019(b), the Court finds that oral argument is unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

Background.[2] On January 14, 2009, Debtors Nortel Networks Inc. and various affiliates and subsidiaries (collectively, "Nortel") filed a petition for chapter 11 bankruptcy relief in the United States Bankruptcy Court for the District of Delaware. (Bankr. Case No. 09-10138, D.I. 1) Demel is a former employee of one of Nortel's subsidiaries. (D.I. 15 at 45) In January 2007, he initiated an action in the United States District Court for the Southern District of New York seeking to recover long-term disability benefits ("LTD benefits") and disability pension benefits from his former employer's benefits plans. (*Id.* at 4; D.I. 12 at 9) After Nortel filed for bankruptcy, Demel additionally filed a proof of claim against Nortel's bankruptcy estate based on those same benefits in the amount of $1,924,557.70. (D.I. 12 at 9)

Demel, represented by counsel, entered into settlement negotiations with Nortel regarding his proof of claim. (*Id.* at 5) The resulting settlement agreement ("the Settlement") granted Demel an allowed general unsecured claim for $125,000 against Nortel's estate. (D.I. 15 at 23) In the Settlement, Demel agreed to release all other claims he may have had against Nortel and the various benefits plans. (*Id.* at 25–26) The Bankruptcy Court approved the Settlement in its October 14, 2010 Order ("the Settlement Order"). (*Id.* at 20) The employee benefit plan entities also settled their claims against Nortel on behalf of all long-term disability claimants. (*Id.* at 3) The benefit plans released Nortel and all third parties from liability arising from those long-term benefits, in return for Nortel granting the "LTD Committee"[3] an allowed unsecured claim against its estate. (*Id.* at 3–4) After unsuccessfully seeking to recover payment for his $125,000 allowed

---

[2] Because the Court writes primarily for the benefit of the parties, the Court presumes reader familiarity with the pertinent background facts and case history.

[3] The Bankruptcy Court had appointed this "LTD Committee" to manage the LTD Claims on behalf of the beneficiaries.

2

claim in the Southern District of New York, Demel ceased pursuing litigation in that court. (D.I. 12 at 8–10; D.I. 14 at 6)

Demel then filed a Motion to Amend the Settlement pursuant to Fed. R. Bankr. P. 9023 and 9024 ("the Motion"). (D.I. 15 at 5–16) In that Motion, Demel requested that the Bankruptcy Court amend the Settlement in three ways: (1) remove the word "No" from the subheading of clause 8 (titled "No Transfer") in order to signal to potential claim purchasers that his claim is transferable; (2) amend the settlement amount, which in his view is unconscionable; and (3) amend the clause that permitted the Debtors to transfer his LTD Claim to Nortel's general unsecured register. (D.I. 15 at 5–6) The Bankruptcy Court issued its August 19, 2014 Order ("the Order") granting partial relief on Demel's first request and denying his second and third requests. (D.I. 1-1) Demel filed a timely notice of appeal from that Order to this Court. (D.I. 1) He argues that the Bankruptcy Court erred by failing to amend the Settlement.

Standard of Review. Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), this Court has mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." When reviewing a case on appeal, this Court reviews the Bankruptcy Court's legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof. *In re United Healthcare Systems, Inc.*, 396 F.3d 247, 249 (3d Cir. 2005).

Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59, provides that a bankruptcy court can alter or amend a judgment. "A proper motion to alter or amend judgment 'must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or

3

prevent manifest injustice.'" *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218

(3d Cir. 1995) (quoting *Natural Resources Defense Council v. United States Envtl. Protection

Agency*, 705 F.Supp. 698, 702 (D.D.C. 1989)). "[T]he denial of a motion for reconsideration is

reviewed for an abuse of discretion." *Id.* An abuse of discretion exists whenever a judicial

action is "arbitrary, fanciful, or unreasonable, or when improper standards, criteria, or procedures

are used." *In re Am. Classic Voyages, Co.*, 298 B.R. 222, 225 (D. Del. 2003).

Discussion. As a preliminary matter, on September 24, 2014, Demel filed what appears

to be a Motion for Change of Venue under 28 U.S.C. § 1404. (*See* D.I. 6) This must be denied.

In addressing a motion to transfer, "[f]irst, the court must establish whether the action is one that

could have originally been brought in the proposed transferee forum." *In re DBSI, Inc.*, 2014

WL 4828882, at *2 (D. Del. Sept. 25, 2014) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24

(3d Cir. 1995)). Since this Court has exclusive jurisdiction over appeals from the United States

Bankruptcy Court for the District of Delaware, no permissible transferee forum exists for this

case. *See* 28 U.S.C. § 158 ("An appeal under this subsection shall be taken only to the district

court for the judicial district in which the bankruptcy judge is serving.").

On the merits of his appeal, Demel first argues that the Bankruptcy Court erred by failing

to amend the Order to remove the word "No," in clause 8 of the agreement, which is titled "No

Transfers." (D.I. 12 at 19–20) In his view, this language adversely impacts the claim's

marketability to potential purchasers. (*Id.*) The Court disagrees. The language in clause 8 of the

Settlement Order does not restrict Demel's right to transfer his claim—it simply attests that he

had not already transferred it prior to the Settlement. (D.I. 15 at 27) ("No Transfer. Claimant

represents that he has not sold, assigned or otherwise transferred the Claim to a third party.")

The Bankruptcy Court also granted Demel appropriate relief on this issue by stating in the

4

August 19 Order that "[t]he Court recognizes that there is no prohibition whatsoever as to the transfer of the Claim." (D.I. 1-1 at ¶ 4)

Demel next contends that the Bankruptcy Court erred by failing to increase the amount of his Settlement. (D.I. 12 at 16) The Court does not find that the Bankruptcy Court's refusal to amend the settlement amount was arbitrary or unreasonable. Demel asserts that the Settlement is unconscionable because it reduced his proof of claim from approximately $1.9 million to $125,000. He cites various factors that contributed to this unjust result including: lack of bargaining power, misleading statements, and unjustified influence. (*Id.* at 16) The Bankruptcy Court rejected these arguments, finding that Demel did not produce any new facts to indicate that the Debtors' procured the settlement through fraud. (D.I. 15 at 58) The Bankruptcy Court explained that Demel voluntarily agreed to the Settlement and was represented by counsel. (*Id.*) Simply because Demel now regrets the Settlement, as the Bankruptcy Court noted, does not upset the conclusion that the Settlement was fair and reasonable at the time it was entered. (*Id.*) Moreover, the Bankruptcy Court explained that Demel was not likely even eligible for his asserted LTD Claim—a position that counsel for the LTD Committee supported. (D.I. 15 at 52–53) The Court concludes that the Bankruptcy Court therefore did not abuse its discretion by rejecting Demel's request to increase his Settlement.

Demel next argues that he did not authorize Mr. Stone, his purported counsel, to sign the Settlement. (D.I. 12 at 18–19) The Bankruptcy Court did not consider this argument, but the Court finds that this is because Demel has only raised this argument on appeal. He did not raise this argument in his Motion or at the August 19, 2014 hearing. (*See* D.I. 15 at 5–11; D.I. 15 at 47–49, 56–57) "[W]hen a party fails to raise an issue in the bankruptcy court, the issue is waived

and may not be considered by the district court on appeal." *In re Kaiser Grp. Int'l Inc.*, 399 F.3d 558, 565 (3d Cir. 2005). The Court will not consider this argument.

Demel finally contends that the Bankruptcy Court erred by failing to amend clause 1(b) of the Settlement, which states that "[t]his Stipulation shall be deemed to amend and supersede the Debtors' schedules with respect to Claimant." (D.I. 15 at 25) Demel maintains that this language impermissibly allowed "Nortel to transfer [his] LTD Claim to a Nortel's general unsecured claim register[, which] . . . will reduce the priority of the LTD Claim settlement." (*Id.* at 6) This argument has no basis, however, because Demel released any LTD Claim he may have had by the terms of his Settlement. (*See* D.I. 15 at 37) (providing that release includes claims against "any benefit plans of or sponsored by the Released Defendants or the Debtors") Regardless of that release, the Bankruptcy Court acknowledged that Demel was not likely even an eligible LTD Claimant, and thus could not have participated in the LTD Settlement. (D.I. 15 at 52–53, 59) The Bankruptcy Court concluded, therefore, that reopening the LTD Settlement on behalf of Demel—who had no basis in fact or law to participate in that agreement—would be unjust to the other legitimate claim-holders. (*Id.* at 59) The Court concludes that the Bankruptcy Court's decision not to amend the Settlement on this basis was not unreasonable or arbitrary and, therefore, the Bankruptcy Court did not abuse its discretion.

Conclusion. The Court finds that the Bankruptcy Court did not err in denying Demel's Motion to Amend. Accordingly, the Court AFFIRMS the Bankruptcy Court's August 19, 2014 Order and this case will be CLOSED.

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE