**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
                                                          :
*In re*                                                   :    Chapter 11
                                                          :
Nortel Networks Inc., *et al.*,[1]                        :    Case No. 09-10138 (KG)
                                                          :
                                    Debtors.              :    Jointly Administered
                                                          :
-----------------------------------------------------------X

## STIPULATION RESOLVING CLAIMS BY AND BETWEEN
## CROWELL & MORING LLP AND NORTEL NETWORKS INC.

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc.

("NNI") and Crowell & Moring LLP (the "Claimant", and together with the NNI, the "Parties")

as holder of claim number 3490 for asserted legal services (the "Claim").  The Parties hereby

stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), NNI and its

affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United

States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-

10138 (KG) (Jointly Administered)); and

WHEREAS, on January 14, 2009, the Debtors' ultimate corporate parent Nortel

Networks Corporation ("NNC"), the NNI's direct corporate parent Nortel Networks Limited

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq.com/nortel.

("NNL," and, together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[2] commenced a proceeding with the Ontario Superior Court of Justice under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a monitor, Ernst & Young Inc., was appointed by the Canadian Court; and

WHEREAS, on January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[3] into administration (the "EMEA Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators"); and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about September 23, 2009, Claimant timely filed the Claim for legal services provided to Nortel in the asserted general unsecured amount of $1,033,082.11; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the potentially substantial and burdensome costs and risks associated with litigating the Claim, which ultimate outcome the Parties acknowledge and agree is uncertain, the Parties have agreed to this Stipulation to resolve their disputes; and

---

[2]    The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[3]    The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

WHEREAS, the Parties have agreed that the Claim should be allowed as a general unsecured claim against the NNI in the amount of $257,401.80.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1.   <u>Resolution of Claim</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation:

(a)   The Claim shall be allowed as a general unsecured claim in the amount of $257,401.80 against the NNI.

(b)   The allowance of the Claim as described in paragraph 1(a) shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Claim against the Debtors and shall amend and supersede any and all claim amounts the Debtors list in their Schedules arising from or related to the facts underlying the Claim.  The Claimant shall not have any further claims against the Debtors, including based on the Debtors' scheduling of the Claim.

2.   <u>Release</u>.

(a)   Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, the Claimant releases and forever discharges the Debtors and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorneys' fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which the Claimant now has or hereafter may have arising from or related to the Claim.

(b)   **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, THE CLAIMANT FURTHER ACKNOWLEDGES AND EXPRESSLY WAIVES THE**

3

BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT
PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE
TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS
OF CALIFORNIA CIVIL CODE SECTION 1542.

3. <u>No Further Claims</u>.  Effective upon the entry of an order by the Bankruptcy Court
approving this Stipulation, the Claimant shall be forever barred from (i) amending the Claim or
(ii) filing or otherwise asserting any further claim arising from or relating to the Claim, or the
facts underlying the Claim, against any of the Debtors in the Debtors' chapter 11 cases.  For the
avoidance of doubt, nothing in this Stipulation shall affect any claims the Claimant may have
against any of the Canadian Debtors in the Canadian Proceedings or the EMEA Debtors in the
EMEA Proceedings.

4. <u>Entire Claim</u>.  The Claimant represents that, with respect to the Claim, the Claimant owns
the entirety of the claim (as "claim" is defined in section 101(5) of the Bankruptcy Code)
asserted in such Claim, including the claim listed in the Schedules arising from or related to the
facts underlying such Claim.

5. <u>Binding Effect</u>.  This Stipulation and the Order approving the Stipulation shall be binding
upon any successors or assigns of the Parties, including any trustee or receiver subsequently
appointed in the Debtors' chapter 11 cases.

6. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties
and supersedes all prior or contemporaneous written or oral communications, understandings,
and agreements with respect to the subject matter hereof and this Stipulation cannot be amended
except by an authorized written agreement between the Parties.

7.  <u>No Transfer to a Third Party</u>.  The Claimant represents that it has not sold, assigned or otherwise transferred the Claim or any of the claims being released pursuant to this Stipulation to a third party.

8.  <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claim.

9.  <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

10.  <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

11.  <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

12.  <u>Court Approval</u>.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claim and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claim or that they have any liability thereunder.

13.  <u>Claims Register</u>.  The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated:  October 26, 2015

Nortel Networks Inc.

By: _____

Name: John J. Ray, III
Title: Principal Officer

Crowell & Moring LLP

By: _____

Name: Monique D. Almy
Title: Partner