**Exhibit B**

Schultea Declaration

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
:
*In re*                                                       :     Chapter 11
                                                              :
Nortel Networks Inc., *et al.*,[1]                            :     Case No. 09-10138 (KG)
                                                              :
                             Debtors.                         :     Jointly Administered
                                                              :
                                                              :
---------------------------------------------------------------X


**DECLARATION OF KATHRYN SCHULTEA IN SUPPORT
OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I)
APPROVING PROCEDURES FOR THE ABANDONMENT, DISPOSAL, OR
DESTRUCTION OF SPECIFIED HARD COPY DOCUMENTS AND ELECTRONIC
DATA; (II) WAIVING COMPLIANCE WITH CERTAIN RETENTION LAWS AND
ORDINANCES; AND (III) GRANTING RELATED RELIEF**

I, Kathryn Schultea, declare under penalty of perjury as follows:

1. I am a Managing Director of RLKS Executive Solutions LLC ("RLKS"), which has been retained by the Debtors[2] as a consultant and to oversee the preservation, organization, management and destruction of Hard Copy Documents and Electronic Data. I am duly authorized to make this declaration on behalf of the Debtors. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, I would testify thereto. Certain of the disclosures set forth herein relate to matters within the knowledge of other employees of RLKS or the Debtors and are based on information provided by them.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion, filed simultaneously herewith.

2. Since the Petition Date, while additional materials relevant to the ongoing chapter 11 cases have been created, the Debtors' normal course process of records destruction has been suspended. As a result, the Debtors continue to retain significant amounts of pre-2009 hard copy and electronic records that would have been disposed of in the normal course but for the commencement of these cases.

3. At the Petition Date, the Debtors' work force totaled approximately 8,911 employees. When the Debtors filed the Document Disposal Motion in 2010, approximately 830 employees remained. The Debtors currently employ just three former Nortel employees through a third-party staffing agency.

4. Over a year and a half after the Petition Date, to assist the Debtors with their wind-down efforts and the preservation, organization, management and destruction of records, the Debtors requested, and received, permission to retain RLKS as a consultant. Although RLKS is now familiar with maintaining the Debtors' Records in their current postpetition form, RLKS lacks the comprehensive substantive knowledge about the contents of the Records.

5. Aside from the knowledge of the Debtors' few remaining employees and RLKS's and the Debtors' ability to review the limited indices available to them, the Debtors' ability to locate, access and maintain their aging hard copy and Electronic Data is severely limited. There exist large quantities of both Hard Copy Documents and Electronic Data where the Debtors and RLKS have little if any information available regarding the contents or location of relevant data.

6. The Debtors are currently preserving Electronic Data at their facility at Research Triangle Park and certain preserved backup tapes reside at the Off-Site Facilities.

7. Since the Petition Date, the Debtors have continued to pay to store and otherwise retain at the Off-Site Facilities approximately 141,300 boxes of Hard Copy Documents. The

Debtors pay to preserve Hard Copy Documents offsite at Iron Mountain sites across the United States, including Atlanta, Georgia; Baltimore, Maryland; Boston, Massachusetts; Chicago, Illinois; Dallas, Texas; Denver, Colorado; Kansas City, Missouri; Memphis, Tennessee; Minneapolis, Minnesota; Nashville, Tennessee; San Jose/Santa Clara, California; Raleigh, North Carolina; San Francisco, California; South Florida, and Toronto, Canada. Certain preserved backup tapes reside at facilities managed by Archive America and DataSafe. When the Debtors must access Hard Copy Documents, the Debtors request Hard Copy Documents from the Off-Site Facilities by reviewing indices of documents provided by each Off-Site Facility. The monthly cost to the Debtors of maintaining and storing the Hard Copy Documents and certain Electronic Data in the form of backup media tapes at the Off-Site Facilities is approximately $70,000. Granting the Motion would reduce the Debtors' Hard Copy Document storage costs by approximately $48,000 per month, saving over $576,000 annually.

8. Appendix B to the Motion was prepared at my direction and accurately reflects the composition of the Debtors' Hard Copy Documents. To prepare this appendix, I, or a member of my staff at my direction, reviewed the available indices for the records and other items in storage at the Off-Site Facilities.

9. The Debtors' Electronic Data, aside from certain backup media tapes which are stored at Off-Site Facilities, is housed at the Debtors' facilities at Research Triangle Park, North Carolina. The Debtors' Lease for their facility at Research Triangle Park terminates on July 31, 2016. The Debtors do not have a right of renewal under the Lease, and all equipment and fixtures must be removed from the Lease premises before the July 31, 2016 termination date. If the Debtors have not departed the Lease premises on July 31, 2016, from August 1, 2016 through the ninety days after July 31, 2016, they must pay 125% of the Lease's monthly costs each month—

estimated at approximately $1.2 million per month. If the Debtors cannot depart the Lease premises within ninety days after July 31, 2016, they must pay 150% of the Lease's monthly costs each month—estimated at approximately $1.35 million per month. The Debtors anticipate that they will require at least six months to complete the move-out and premises restoration process.

10. Allowing the Debtors to dispose of the Records also minimizes the costs associated with the Debtors' transition from the facility at Research Triangle Park when the Lease terminates. At that time, requiring the Debtors to retain and transport all of their Records—including over 420 servers the Debtors no longer need or are unlikely to be able to access—to storage or a new facility would force them to incur increased moving costs and expenses that could be avoided if the Motion were approved.

11. Appendix A to the Motion was prepared at my direction and accurately reflects the composition of the Debtors' Electronic Data, including the remaining applications, programs and databases on the Debtors' servers and the required IT infrastructure to support them, following a review of this Electronic Data.

12. The remaining media tapes currently retained by the Debtors consist primarily of point in time system snapshots and daily system backups that have not been retrieved or accessed since the Petition Date and for which it is highly unlikely that the Debtors' IT infrastructure could successfully restore the information on such tapes.

      I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

Executed on November 11, 2015  
New York, NY

Kathryn Schulte