**Exhibit C**

Canadian Document Disposal Order

File No. 09-CL-7950

## ONTARIO
## SUPERIOR COURT OF JUSTICE
## COMMERCIAL LIST

| | |
|---|---|
| THE HONOURABLE MR. JUSTICE ) | WEDNESDAY, THE 26th DAY OF |
| ) | |
| NEWBOULD ) | AUGUST, 2015 |
| ) | |

**IN THE MATTER OF THE** *COMPANIES' CREDITORS ARRANGEMENT ACT*,
**R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF NORTEL NETWORKS CORPORATION, NORTEL NETWORKS LIMITED, NORTEL NETWORKS GLOBAL CORPORATION, NORTEL NETWORKS INTERNATIONAL CORPORATION AND NORTEL NETWORKS TECHNOLOGY CORPORATION**

**APPLICATION UNDER THE** *COMPANIES' CREDITORS ARRANGEMENT ACT*,
**R.S.C. 1985, c. C-36, AS AMENDED**

### ORDER
### (Disposal of Records)

**THIS MOTION** made by Nortel Networks Corporation, Nortel Networks Limited ("**NNL**"), Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation (collectively, the "**Canadian Debtors**") jointly with Ernst & Young Inc. in its capacity as monitor (the "**Monitor**") of the Canadian Debtors for the relief set out in the Notice of Motion dated July 14, 2015, was heard this day at 330 University Avenue, Toronto, Ontario.

**ON READING** the One Hundred and Eighteenth Report of the Monitor dated July 14, 2015 (the "**One Hundred and Eighteenth Report**"), the Responding Affidavit of Michael S. Etkin sworn August 18, 2015 and the Affidavit of Dr. Jeffrey D. Case sworn August 21, 2015 and on hearing submissions of counsel for the Monitor, counsel for the lead plaintiffs in *David Lucescu, individually and on behalf of all others similarly situated v. Mike Zafirovkski and Pavi Binning*, counsel for SNMP Research International, Inc. and SNMP Research, Inc. (collectively, "**SNMPRI**"), counsel for Nortel Networks Inc. and its affiliated debtors in possession in

- 2 -

proceedings pending under Chapter 11 of the United States Bankruptcy Code for the District of Delaware (the "**U.S. Debtors**"), counsel for the Official Committee of Unsecured Creditors of the U.S. Debtors, counsel for the Ad Hoc Bondholder Group, counsel for the directors and officers and those other counsel present, no one appearing for any other person on the service list or the other persons served with this motion although duly served as appears from the affidavit of Christopher G. Armstrong sworn July 15, 2015, filed, and the affidavit of Ryan Baulke sworn August 25, 2015, filed.

**SERVICE**

1. **THIS COURT ORDERS** that the time for the service of the Notice of Motion and the Motion Record is hereby abridged and validated so that this motion is properly returnable today and hereby dispenses with further service thereof.

**DEFINITIONS**

2. **THIS COURT ORDERS** that capitalized terms used herein and not otherwise defined shall have the meaning given to them in the One Hundred and Eighteenth Report.

3. **THIS COURT ORDERS** that "**Persons**" as used herein includes any individual, sole proprietorship, limited or unlimited liability corporation, partnership, unincorporated association, unincorporated syndicate, unincorporated organization, body corporate, joint venture, trust, pension fund, union, governmental, regulatory or administrative authority, body, department, agency or ministry and any other juridical entity howsoever designated or constituted, including in any such person's capacity as trustee, heir, beneficiary, executor, administrator or other legal representative.

**REQUEST FOR FURTHER INFORMATION**

4. **THIS COURT ORDERS** that any Person (a "**Requesting Party**") may, by notice in writing to the Monitor in the form attached as Schedule "B" hereto received by the Monitor prior to the Objection Bar Date (as defined below), request further information in respect of any of the Records proposed to be disposed of, it being understood that neither the Canadian Debtors nor the Monitor shall have any obligation to conduct any review of the Records in responding to such request. Subject to the delivery to the

- 3 -

Monitor of an executed confidentiality undertaking by the Requesting Party in the form included in Schedule "B" hereto, the Monitor may provide the Requesting Party with such further information in respect of the relevant Records as it considers appropriate in the circumstances.

## OBJECTIONS

5. **THIS COURT ORDERS** that if any Person (an "**Objector**") objects to the Canadian Debtors' disposal of any of the Records, they must deliver an objection in accordance with this paragraph 5 and paragraph 6 (an "**Objection**") to the Monitor in the form attached as Schedule "C" hereto by no later than 4:00 pm (Toronto time) on September 16, 2015 (the "**Objection Bar Date**").

6. **THIS COURT ORDERS** that in order for an Objection to be considered by the Monitor it must: (i) be in writing; (ii) identify the Records subject to the Objection (the "**Disputed Records**") with a reasonable description under the relevant circumstances to assist the Monitor in identifying and accessing such Records; (iii) state the basis for the Objection, including, without limitation, the legal basis for the Canadian Debtors being required to preserve the Disputed Records and/or the legal basis for the Objector to be given access to the Disputed Records; (iv) provide a proposal to resolve the Objection to the satisfaction of the Objector; and (v) be received by the Monitor by the Objection Bar Date.

7. **THIS COURT ORDERS** that any Person who does not deliver an Objection in accordance with paragraphs 5 and 6 hereof to the Monitor on or before the Objection Bar Date shall be and is hereby forever barred from objecting to the disposal of any Records by the Canadian Debtors.

8. **THIS COURT ORDERS** that the Monitor shall review all Objections delivered to it in accordance with paragraphs 5 and 6 hereof and may, in its sole discretion, resolve any Objection without further hearing or notice to any Person, including, without limitation, by: (i) providing an Objector with an opportunity to review the Disputed Records and/or to obtain copies of the Disputed Records; or (ii) the Canadian Debtors agreeing to

- 4 -

preserve the Disputed Records on such terms as may be agreed among the Canadian Debtors, the Monitor and the Objector.

## COURT RESOLUTION OF UNRESOLVED OBJECTIONS

9. **THIS COURT ORDERS** that any Objections that are unresolved as at September 30, 2015 shall be resolved by this Court at a hearing on October 14, 2015 (excluding, for the avoidance of doubt, the Objection referred to in paragraph 11(a), which shall be resolved at a hearing on October 28, 2015). In connection with such hearing, the Objector(s) and the Monitor shall agree to a schedule for the delivery of materials by no later than October 2, 2015, failing which the Monitor shall schedule a 9:30 appointment for on or about October 5, 2015, for the Court to fix a schedule.

## RECORDS DISPOSAL

10. **THIS COURT ORDERS** that notwithstanding any Records Retention Laws (as defined on Schedule "A" hereto), but subject to paragraph 11 hereof:

    (a) the Canadian Debtors and Monitor are authorized to dispose of all Records specified in paragraph 39 of the One Hundred and Eighteenth Report that are not Disputed Records immediately after the Objection Bar Date without further Order of this Court or notice to any Person; and

    (b) the Canadian Debtors and Monitor are authorized to dispose of all Disputed Records following the implementation of any resolution(s) in respect of any Objection(s) relating to such Disputed Records without further Order of this Court or notice to any Person.

11. **THIS COURT ORDERS** that the Canadian Debtors shall:

    (a) retain and not decommission the 24 servers containing data related to SNMP searches per search protocol (as specified on Appendix "B" to the One Hundred and Eighteenth Report) until November 2, 2015, provided that if SNMP objects to the disposal of such servers after November 2, 2015, it shall deliver an Objection to the Monitor in accordance with paragraphs 5 and 6 hereof, such Objection shall

- 5 -

be subject to resolution in accordance with paragraphs 8 and 9 hereof (provided that the hearing date of any such Objection shall be October 28, 2015) and such servers shall be retained and not decommissioned by the Canadian Debtors pending written agreement among the Canadian Debtors, Monitor and SNMPRI or Order of this Court; and

(b)  retain their hard copy records stored at Iron Mountain with a receipt date on or after January 1, 2003, through to and including December 31, 2007 (excluding, for the avoidance of doubt, the Hardcopy Employee Records (as defined below)), until the earlier of: (i) December 31, 2017; and (ii) the conclusion of these *Companies' Creditors Arrangement Act* proceedings or any subsequent bankruptcy, receivership or winding-up proceedings of any of the Canadian Debtors (collectively, the "**CCAA Proceedings**"); provided that in the event the foregoing (ii) shall not have occurred on or prior to November 1, 2017, any Person may, by motion brought by December 1, 2017, on no less than ten (10) days' notice to the Canadian Debtors, Monitor and the service list in the CCAA Proceedings, seek to cause the Canadian Debtors to retain such hard copy documents and all Persons rights to support or oppose such a motion be and are hereby reserved.

12. **THIS COURT ORDERS** that the Canadian Debtors, the Monitor and their respective current and former directors, officers, employees, agents, lawyers, personal representatives and authorized representatives shall have no liability whatsoever arising from or relating to the disposal of any Records pursuant to the terms of this Order.

## TRANSFER OF HARDCOPY EMPLOYEE RECORDS

13. **THIS COURT ORDERS** that the transfer of the approximately 4,084 boxes of employee records stored at Iron Mountain specified on Appendix "A" to the One Hundred and Eighteenth Report (the "**Hardcopy Employee Records**") to Morneau Shepell Ltd. in its capacity as administrator of Nortel's Canadian registered pension plans ("**Morneau Shepell**") is approved, subject to the execution of an access agreement among the Canadian Debtors, Monitor, Morneau Shepell and the U.S. Debtors

- 6 -

satisfactory to all such parties, which agreement shall provide: (i) the U.S. Debtors with the ability to request, through NNL, copies of records relating to former employees of the U.S. Debtors or any Nortel employee asserting a claim against the U.S. Debtors that may be located in the Hardcopy Employee Records; and (ii) for the date after which Morneau Shepell may dispose of the Hardcopy Employee Records without further notice to any Person. The cost of Iron Mountain physically retrieving and copying the records requested by the U.S. Debtors in (i) above shall be borne by the U.S. Debtors. For the avoidance of doubt, the execution of such access agreement shall in no way limit the rights of any party requesting such Hardcopy Employee Records to use such records in compliance with all applicable laws. In the event such an access agreement is not executed by October 5, 2015, any of the foregoing parties may schedule a 9:30 appointment before this Court to schedule a hearing to consider the terms of the transfer of the Hardcopy Employee Records to Morneau Sheppell, all without prejudice to the U.S. Debtors' right to seek a joint hearing in respect of any such hearing.

14. **THIS COURT ORDERS** that the transfer of the Hardcopy Employee Records to Morneau Sheppell shall in no way restrict, and is without prejudice to, the rights, if any, of: (i) the U.S. Debtors and any other party appearing in the CCAA Proceedings to seek production of all or any portion of the Hardcopy Employee Records in connection with any litigation in the CCAA Proceedings; and (ii) the Canadian Debtors, the Monitor, Morneau Sheppell or any other party appearing in the CCAA Proceedings to oppose any party seeking such production. All parties rights with respect to who shall bear the costs of any such production be and are hereby reserved.

**PIPEDA**

15. **THIS COURT ORDERS** that, pursuant to clause 7(3)(c) of the *Canada Personal Information Protection and Electronic Documents Act*, the Canadian Debtors and Monitor are: (i) solely to the extent appropriate in the circumstances, authorized and permitted to disclose and transfer to an Objecting Party any personal information pertaining to the Canadian Debtors' past and current employees; and (ii) authorized and permitted to disclose and transfer to Morneau Shepell and the U.S. Debtors any personal information pertaining to the Canadian Debtors' past and current employees as

- 7 -

contemplated by this Order. Any party receiving such information shall maintain and protect the privacy of such information and shall only be entitled to use the personal information provided to it in a manner permitted by law.

## MISCELLANEOUS

16.  **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, the United Kingdom or elsewhere, to give effect to this Order and to assist the Canadian Debtors, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Canadian Debtors and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Canadian Debtors and the Monitor and their respective agents in carrying out the terms of this Order.

17.  **THIS COURT ORDERS** that each of the Canadian Debtors and the Monitor be at liberty and are hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order.

_____

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

AUG 2 6 2015

Attachments to the Canadian Order Intentionally Omitted