**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| Debtors. | : | Jointly Administered |
| | : | **Re: D.I. 16296, 16323,16357, 16358** |

**DEBTORS' REPLY IN FURTHER SUPPORT OF THE MOTION FOR ENTRY OF AN ORDER (I) APPROVING PROCEDURES FOR THE ABANDONMENT, DISPOSAL, OR DESTRUCTION OF SPECIFIED HARD COPY DOCUMENTS AND ELECTRONIC DATA; (II) WAIVING COMPLIANCE WITH CERTAIN RETENTION LAWS AND ORDINANCES; AND (III) GRANTING RELATED RELIEF**

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "Debtors"), respectfully submit this reply (the "Reply") in further support of their *Motion for Entry of an Order (I) Approving Procedures for the Abandonment, Disposal or Destruction of Specified Hard Copy Documents and Electronic Data; (II) Waiving Compliance with Certain Retention Laws and Ordinances; and (III) Granting Related Relief* (D.I. 16296) (the "Motion"), filed by the Debtors on November 11, 2015, and in reply to the Responses (as defined herein) to the Motion filed or submitted to the Debtors. In further support of the Motion, the Debtors respectfully state as follows:

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

**Preliminary Statement**

1. The Debtors filed the Motion seeking approval of Document Disposal Procedures, which would allow the Debtors to retain Hard Copy Documents and Electronic Data relevant to the Chapter 11 Cases and to dispose of irrelevant and unnecessary Records, thereby ensuring that the Debtors are prepared to terminate their Lease at Research Triangle Park without penalty. Records relevant to the Chapter 11 Cases, such as employee pension, payroll and human resources data are being preserved. In addition, among other electronic systems, the Debtors are maintaining their financial accounting system, document management system and employee hard drive backups.

2. Importantly, the Motion and its Document Disposal Procedures seek approval for the disposal of documents and data, pursuant to a process whereby any party in interest can object to the disposal of specific Hard Copy Documents or Electronic Data, after which the parties would attempt to resolve the objection, failing which Court guidance would be sought. No response to the Motion received by the Debtors objects to the procedures being proposed, as opposed to generic objections to the disposal of information generally including some information that is not proposed to be destroyed at this time. At this stage of the Debtors' cases, it is appropriate and in the best interests of the Debtors' estates for the Court to approve the Document Disposal Procedures so that the Debtors may follow a process to trim unnecessary and avoidable costs associated with retention of irrelevant and unnecessary records in an orderly fashion.[2]

[2] Capitalized terms used but not otherwise defined in this Reply shall have the meaning ascribed to them in the Motion.

**Facts Relevant to this Reply**

**A. The Relief Sought by the Motion**

3. As set forth in further detail in the Motion, the Debtors currently incur thousands of dollars in monthly expenses to store tens of thousands of Hard Copy Documents — many of which do not have an obvious continuing relevance to these proceedings. Additionally, unless the Debtors receive permission to dispose of unnecessary Electronic Data housed on servers at its facility at Research Triangle Park, North Carolina, they will be forced to pay thousands of dollars to transport and continue to store over 400 servers the Debtors' review has shown to be unnecessary to a new facility in order to avoid incurring substantial financial penalties when the Lease at Research Triangle Park ends in the middle of 2016.

4. Through the Motion, the Debtors seek permission to institute the Document Disposal Procedures. Such Document Disposal Procedures would enable parties in interest to request further information about the records the Debtors propose to dispose of or, if necessary, object to such disposal and, if the parties cannot resolve consensually such objection, have the Court decide any document retention dispute. At the same time, approval of the Motion would give the Debtors certainty in their ability to leave their Lease at Research Triangle Park on time and without suffering avoidable financial penalties, and allow them the opportunity to reduce the costs paid to store Hard Copy Documents.

**B. Post-Motion Filing Communications with Parties in Interest**

5. The Debtors served the Motion on the entire creditor matrix in these cases in accordance with Rule 6007, and on the other parties identified in the Motion. Subsequently, the Debtors and their professionals responded to calls and inquiries from approximately sixty-five former employees who inquired whether or not the Motion would affect former employees' pensions or personnel files. Additionally, some former employees and purported claim holders

completed the proposed objection form or the proposed request for further information form attached to the Proposed Order appended to the Motion and returned it to the Debtors. These submissions purported to request additional information about the Motion or object to the relief it sought. A summary of such correspondence follows:

| Respondent | Respondent's Request or Objection |
|---|---|
| Billy Wayne Coakley, Sr. | Mr. Coakley requested "compensation" following the closure of the steel mill at which he worked. |
| Janice Frank | Ms. Frank requested that payroll, employee pension, human resources information, including the information in the applications BOXI, DARE, and Pro Business, and pre-January 1, 2003 documents be maintained, or that information bearing her information be returned to her. |
| Edith Jones | Ms. Jones returned a further information request form but did not request additional information. |
| Teresa Lewis | Ms. Lewis returned a further information request form but did not request additional information. |
| Zung Nguyen | Mr. Nguyen requested that documents necessary to track "pension fund[]" information and employment-related documentation be maintained. |
| Richard Schroeder | Mr. Schroeder requested that all "employee and employee benefits records" not be destroyed. |
| Deloris F. Thomas | Ms. Thomas requested additional information regarding "loss and claims funds, loss, abandonment [and] retiree" records. |
| Guisheng Yu | Mr. Yu requested that U.S. payroll records be maintained. |

6. Two other former employees and one purported claims holder filed an objection or response to the Motion on the docket (see D.I. 16323,16357 and 16358, together with the above correspondence, the "Responses"). These filings requested that former pension records be retained (D.I. 16357); notified the Debtors that a claim was "still in existence," (D.I. 16358) and objected to the disposal of any records because it allegedly would allow "Nortel Executives to be released out of problems" (D.I. 16323).

7. The Debtors also communicated with counsel to certain parties about the relief sought by the Motion, including SNMP Research International, Inc. and SNMP Research, Inc. (together, "SNMP Research"). The Debtors and SNMP Research mutually agreed to insert language into the Proposed Order making clear SNMP Research reserves its right to object to the

disposal of Records pursuant to procedural process afforded under the Document Disposal Procedures. Comments from counsel to Oracle America, Inc. ("Oracle") were resolved by the Debtors' representation that the Electronic Data being abandoned will be physically destroyed, such that no software or data previously accessible will be accessible after destruction.[3]

## Argument

### A. The Motion Should be Granted Because the Relief it Seeks Does Not Affect Employee Records

8. The overriding inquiry posed by the individuals that contacted the Debtors about the Motion concerned whether approval of the Motion would impact employee pension records. The Motion is not intended to impact documents identified as employee pension records. It seeks authorization of procedures that will allow the Debtors to dispose of certain Hard Copy Documents and Electronic Data after a period for objections, and proposes to retain all Hard Copy Documents coded as an employee human resources, pension or payroll record as well as the Debtors' electronic human resources reporting data and its electronic payroll systems. Accordingly, the Responses stating that employee pension records should be preserved have been addressed, and do not present any impediment to approving the Document Disposal Procedures.

### B. Approval of the Document Disposal Procedures Benefits the Debtors and their Estates

9. Approval of the Motion and the Document Disposal Procedures is necessary and appropriate because it is no longer imperative that all of the Hard Copy Documents and Electronic Data within the Debtors' possession, custody and control be retained. The burden of

[3] Additionally, counsel to certain parties that previously issued third-party subpoenas to Nortel informally inquired whether the relief sought in the Motion would affect the scope of their requests. The Debtors followed up with each party's counsel and no additional requests were received and no objection to the Motion was filed.

storing this information far outweighs any benefit of continuing to expend the Debtors' resources to maintain it.

10. As described more fully in the Motion, the Debtors' Lease at Research Triangle Park terminates on July 31, 2016. The Debtors do not have a right of renewal under the Lease, and they must remove all equipment from the premises, including the servers, hard drives, disks and preserved backup tapes that make up the Electronic Data, in order to restore the facility to its pre-Lease condition before moving out in order to avoid significant financial penalties. Additionally, granting the Debtors' Motion allows the Debtors to reduce the costs associated with storing Hard Copy Documents at the Debtors' Off-Site Facilities.[4] The general and conclusory objections and responses to the Motion do not provide a reason to modify or deny approval of the proposed procedures.

11. Accordingly, for the reasons stated herein, in addition to the reasons contained in the Motion, which the Debtors expressly incorporate herein, the Debtors by this Reply request that the Court overrule the Responses and (i) approve (a) their request to abandon or dispose of hard copy documents and Electronic Data as set forth in the Motion, and (b) the Document Disposal Procedures; (ii) waive the Debtors' compliance with certain Retention Laws; and (iii) grant related relief.

Dated: December 10, 2015
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006

[4] As a result of additional review of the records associated with the storage of Hard Copy Documents at Off-Site Locations, the Debtors now expect that the procedures would enable them to dispose of approximately 47,879 boxes of documents, resulting in monthly cost savings of approximately $19,000 and thus annual cost savings of approximately $225,000, a somewhat lower figure than predicted in the Motion.

Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Tamara K. Minott*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Andrew R. Remming (No. 5120)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*