**Exhibit B**

**Proposed Order Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
|  | RE: D.I. ──── 16296, 16323, 16357, 16358 |

**ORDER (I) APPROVING PROCEDURES FOR THE ABANDONMENT, DISPOSAL, OR DESTRUCTION OF SPECIFIED HARD COPY DOCUMENTS AND ELECTRONIC DATA; (II) WAIVING COMPLIANCE WITH CERTAIN RETENTION LAWS AND ORDINANCES; AND (III) GRANTING RELATED RELIEF**

Upon the motion dated November 11, 2015 (the "Motion"),[2] of Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105, 363, 554 of title 11 of the Bankruptcy Code and Rule 6007 of the Bankruptcy Rules, (i) approving procedures for the Debtors to abandon or dispose of specified hard copy documents and specified Electronic Data on notice to the parties set forth in the Motion; (ii) waiving compliance with certain Retention Laws; and (iii) granting the Debtors such other and further relief as the Court deems just and proper; and upon the filing of the Debtors' reply in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

1

further support of the Motion (D.I. _____); and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors, and the parties in interest; and upon the record in these proceedings; and after due deliberation;

    IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED in its entirety and any objections are hereby overruled.

    2.    Pursuant to sections 105, 363, 554 of title 11 of the Bankruptcy Code, the Document Disposal Procedures (attached hereto as <u>Exhibit 1</u>) are approved and the Debtors are hereby authorized to implement such procedures.

    3.    After the Objection Bar Date, the Debtors are further authorized to abandon, dispose of and/or destroy hard copy documents and Electronic Data, as set forth in the Motion, ~~including, without limitation, Appendix A and B attached thereto,~~ without complying with any Retention Laws, provided that the abandonment, disposal and/or destruction of the Hard Copy Documents and Electronic Data is conducted in accordance with the terms of this Order and the Document Disposal Procedures.

    4.    Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. For the avoidance of doubt, the Debtors do not seek authority to dispose of any of the four operational SNMP ClearCase servers, and the entry of this Order shall not prejudice the rights of SNMP Research International, Inc. or SNMP Research, Inc. to contest, in accordance with the Document Disposal Procedures, (i) the appropriate number of SNMP ClearCase or other servers that should be retained by the Debtors pursuant to this Order or (ii) the Debtors' proposed destruction of any other documents or information that is the subject of the Motion.

6. ~~5.~~ The Debtors and their agents, delegates and professionals shall have no liability whatsoever arising from or relating to any abandonment, disposal or destruction of the Records pursuant to the terms of this Order.

7. ~~6.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015
        Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**Document Disposal Procedures**

## DOCUMENT DISPOSAL PROCEDURES

**Document Disposal Procedures**

1. **Further Information.** Any Person (a "Requesting Party") may, by notice in writing to the Debtors in the form attached hereto as Schedule A that is received by the Debtors prior to the Objection Bar Date (as defined below), request further information in respect of any of the Records proposed to be disposed of, it being understood that the Debtors shall not have any obligation to conduct any review of the Records in responding to such request. Subject to the delivery to the Debtors of an executed confidentiality undertaking by the Requesting Party in the form included in Schedule A hereto, the Debtors may provide the Requesting Party with such further information in respect of the relevant Records as they consider appropriate in the circumstances.

2. **Objections.** If any Person (an "Objector") objects to the Debtors' disposal of any of the Records, they must deliver an objection meeting the requirements of paragraphs 2 and 3 of these Procedures (an "Objection") to the Debtors in the form attached hereto as Schedule B no later than 4:00 p.m. (ET) on January 13, 2016 (the "Objection Bar Date").

3. In order for an Objection to be considered by the Debtors it must: (i) be in writing; (ii) identify the Records subject to the Objection (the "Disputed Records") with reasonable particularity so that the Debtors may identify and access such Records; (iii) state the basis for the Objection, including, without limitation, the legal basis for the Debtors being required to preserve the Disputed Records and/or the legal basis for the Objector to be given access to the Disputed Records; (iv) provide a proposal to resolve the Objection; and (v) be received by the Debtors by the Objection Bar Date.

4. Any Person who does not deliver an Objection in accordance with paragraphs 2 and 3 hereof to the Debtors on or before the Objection Bar Date shall be and is forever barred from objecting to the disposal of any Records by the Debtors.

5. The Debtors shall review all Objections delivered to them in accordance with paragraphs 2 and 3 hereof and may, in their sole discretion, resolve any Objection without further hearing or notice to any Person, including, without limitation, by: (i) providing an Objector with an opportunity to review the Disputed Records and/or to obtain copies of the Disputed Records; or (ii) the Debtors agreeing to preserve the Disputed Records on such terms as may be agreed between the Debtors and the Objector.

6. **Court Resolution of Unresolved Objections.** Any Objections that are unresolved as of February 5, 2016 shall be resolved by this Court at the omnibus hearing on February 23, 2016. In connection with such hearing, the Objector(s) shall file a letter, not to exceed four pages, explaining its position with respect to its unresolved objection by 4:00 pm (ET) on February 11, 2016 (the "Opening Letter"). The Debtors shall respond to the Objector's Opening Letter in a letter, not to exceed four pages, no later than February 18, 2016 at 4:00 pm (ET) (the "Response Letters").

## Schedule A

Request for Further Information

# FURTHER INFORMATION REQUEST FORM

| **Requesting Party[1] Identification** | | | | |
|---|---|---|---|---|
| Name of Requesting Party: | | | Name of Contact: | |
| Address: | | | Phone #: | |
| | | | Fax #: | |
| City: | State: | Zip Code: | E-mail: | |
| **Description of Records proposed to be disposed of that Requesting Party seeks further information in respect of:[2]** | | | | |
| **Reason for requesting such further information:** | | | | |
| **Confidentiality Undertaking** | | | | |
| In consideration of the Debtors agreeing to provide any information in respect of the further information requested hereby, the Requesting Party hereby agrees with the Debtors to keep any and all information (whether in written, electronic or other form and whether or not identified as confidential at the time of disclosure) provided to it pursuant to the terms of the Order (collectively, the "**Provided Information**") strictly confidential and the Requesting Party further agrees not to: (i) disclose any Provided Information to any other person or otherwise make such Provided Information available to any other person; and (ii) use the Provided Information for any purpose or in any manner other than in connection with considering the Requesting Party's position in respect of the Disposal Procedures or any other matter contemplated by the Order, in each case without the prior written consent of the Debtors. | | | | |
| Signature: | | Name: | | |
| | | Title: | | |
| Date: | | Signed at: | | |
| **Delivery of Request Form** | | | | |
| **This Request Form must be received by the Debtors by no later than 4:00 p.m. (E.T.) on Wednesday January 13, 2016, by prepaid ordinary mail, courier, personal delivery, facsimile or electronic or digital transmission at the following address:** | | | | |
| Kathryn Schultea<br>RLKS Executive Solutions LLC<br>P.O. Box 131726<br>Houston, TX 77219-1726<br>~~E-mail: kschultea@rlks.com~~ E-mail: kschultea@rlks.net | | **With a copy to:** | Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, New York 10006<br><br>Attention: Lisa M. Schweitzer<br>E-mail: lschweitzer@cgsh.com<br>Fax: 212-225-3999 | |

---

[1]   Capitalized terms used herein and not otherwise defined shall have the meaning given to them in the Order of the United States Bankruptcy Court for the District of Delaware dated December ~~[__]~~, 2015 (the "**Order**").

[2]   If additional space is required, please provide additional information as a schedule attached to this form.

## Schedule B

Form of Objection

# OBJECTION FORM

| Objector[1] Identification | | | | |
|---|---|---|---|---|
| Name of Objector: | | | Name of Contact: | |
| Address: | | | Phone #: | |
| | | | Fax #: | |
| City: | State: | Zip Code: | E-mail: | |
| **Description of Disputed Records:**[2] | | | | |
| **Basis for Objection (including, without limitation, the legal basis for the Debtors being required to preserve the Disputed Records and/or the legal basis for the Objector to be given access to the Disputed Records):** | | | | |
| **Objector's proposal to resolve the Objection:** | | | | |
| Signature: | | Name: | | |
| | | Title: | | |
| Date: | | Signed at: | | |
| **Delivery of ~~Request~~Objection Form** | | | | |
| This Request Form must be received by the Debtors by no later than **4:00 p.m. (E.T.) on January 13, 2016**, by prepaid ordinary mail, courier, personal delivery, facsimile or electronic or digital transmission at the following address: | | | | |

---

[1]	Capitalized terms used herein and not otherwise defined shall have the meaning given to them in the Order of the United States Bankruptcy Court for the District of Delaware dated December [__], 2015 (the "**Order**").

[2]	If additional space is required, please provide additional information as a schedule attached to this form.

| | | |
|---|---|---|
| Kathryn Schultea<br>RLKS Executive Solutions LLC<br>P.O. Box 131726<br>Houston, TX 77219-1726<br>~~E-mail: kschultea@rlks.com~~<br>E-mail: kschultea@rlks.net | **With a<br>copy to**: | Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, New York 10006<br><br>Attention: Lisa M. Schweitzer<br>E-mail: lschweitzer@cgsh.com<br>Fax: 212-225-3999 |

## Exhibit B

~~Schultea Declaration~~