# EXHIBIT A

*******************

UNITED STATES OF AMERICA
before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No. 76137 / October 14, 2015

Admin. Proc. File No. 3-16679

---

In the Matter of

INTERNATIONAL HI-TECH INDUSTRIES INC.,
MARK ONE GLOBAL INDUSTRIES, INC., and
NORTEL NETWORKS CORPORATION

---

NOTICE THAT INITIAL DECISION HAS BECOME FINAL

The time for filing a petition for review of the initial decision in this proceeding has expired. No such petition has been filed by International Hi-Tech Industries Inc., Mark One Global Industries, Inc., or Nortel Networks Corporation and the Commission has not chosen to review the decision on its own initiative.

Accordingly, notice is hereby given, pursuant to Rule 360(d) of the Commission's Rules of Practice,[1] that the initial decision of the administrative law judge has become the final decision of the Commission with respect to International Hi-Tech Industries Inc., Mark One Global Industries, Inc., and Nortel Networks Corporation.[2] The order contained in that decision is hereby declared effective. The initial decision ordered that, pursuant to Section 12(j) of the

---

[1] 17 C.F.R. § 201.360(d).

[2] *Int'l Hi-Tech Indus. Inc., Mark One Global Indus., Inc., Nortel Networks Corp., and Silverado Gold Mines Ltd.*, Initial Decision Release No. 858 (Aug. 17, 2015), 112 SEC Docket 04, 2015 WL 4881989. The Central Index Key numbers are: 921887 for International Hi-Tech Industries, Inc.; 1000791 for Mark One Global Industries, Inc.; and 72911 for Nortel Networks Corp.

2

Securities Exchange Act of 1934, the registrations of each class of registered securities of International Hi-Tech Industries Inc., Mark One Global Industries, Inc., and Nortel Networks Corporation are hereby revoked.

    For the Commission, by the Office of the General Counsel, pursuant to delegated authority.

                                                      Brent J. Fields
                                                        Secretary

INITIAL DECISION RELEASE NO. 858
ADMINISTRATIVE PROCEEDING
File No. 3-16679

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

| In the Matter of<br><br>INTERNATIONAL HI-TECH INDUSTRIES INC.,<br>MARK ONE GLOBAL INDUSTRIES, INC.,<br>NORTEL NETWORKS CORPORATION, AND<br>SILVERADO GOLD MINES LTD. | INITIAL DECISION OF<br>DEFAULT AS TO THREE<br>RESPONDENTS<br><br>August 17, 2015 |
|---|---|

APPEARANCE:   David S. Frye for the Division of Enforcement, Securities and Exchange Commission

BEFORE:   Jason S. Patil, Administrative Law Judge

## SUMMARY

This Initial Decision revokes the registrations of the registered securities of Respondents International Hi-Tech Industries Inc., Mark One Global Industries, Inc., and Nortel Networks Corporation (collectively, the Three Respondents).[1] The revocations are based on the Three Respondents' failures to timely file required periodic reports with the Securities and Exchange Commission.

## INTRODUCTION

On July 8, 2015, the Commission issued an Order Instituting Administrative Proceedings (OIP) pursuant to Section 12(j) of the Securities Exchange Act of 1934. The OIP alleges that the Three Respondents each have a class of securities registered with the Commission pursuant to Exchange Act Section 12(g) and have repeatedly failed to file timely periodic reports with the Commission, in violation of Exchange Act Section 13(a) and Rule 13a-1. The Three Respondents were served with the OIP by July 14, 2015, and their Answers were due by July 27, 2015. *See Int'l Hi-Tech Indus. Inc.*, Admin. Proc. Rulings Release No. 2965, 2015 SEC LEXIS 3018 (July 23, 2015). To date, none of the Three Respondents has filed an Answer. The Three Respondents also failed to respond to my July 30, 2015, Order to Show Cause. *See Int'l Hi-Tech Indus. Inc.*, Admin. Proc. Rulings Release No. 2995, 2015 SEC LEXIS 3111.

---

[1] The proceeding has already ended as to Silverado Gold Mines Ltd. *See Int'l Hi-Tech Indus. Inc.*, Exchange Act Release No. 75687, 2015 WL 4760908 (Aug. 13, 2015).

...
...

## FINDINGS OF FACT

The Three Respondents are in default for failing to file Answers or otherwise defend the proceeding. *See* OIP at 3; 17 C.F.R. §§ 201.155(a)(2), .220(f). Accordingly, as authorized by Rule 155(a), 17 C.F.R. § 201.155(a), I find the following allegations in the OIP to be true.

International Hi-Tech, Central Index Key (CIK) No. 921887, is a Canadian corporation located in Vancouver, British Columbia, Canada, with a class of securities registered with the Commission pursuant to Exchange Act Section 12(g). The company is delinquent in its periodic filings with the Commission, having not filed any periodic reports since it filed a Form 20-F for the period ended December 31, 2005, which reported a net loss of $8,068,400 Canadian for the prior year. As of July 7, 2015, International Hi-Tech's common shares were quoted on OTC Link operated by OTC Markets Group Inc. (formerly "Pink Sheets") (OTC Link), had five market makers, and were eligible for the "piggyback" exception of Exchange Act Rule 15c2-11(f)(3).

Mark One, CIK No. 1000791, is a British Columbia corporation located in Olathe, Kansas, with a class of securities registered with the Commission pursuant to Exchange Act Section 12(g). The company is delinquent in its periodic filings with the Commission, having not filed any periodic reports since it filed a Form 20-F for the period ended December 31, 2009, which reported a net loss of $33,125 for the prior year. As of July 7, 2015, Mark One's common shares were quoted on OTC Link, had two market makers, and were eligible for the "piggyback" exception of Exchange Act Rule 15c2-11(f)(3).

Nortel, CIK No. 72911, is a Canadian corporation located in Mississauga, Ontario, Canada, with a class of securities registered with the Commission pursuant to Exchange Act Section 12(g). The company is delinquent in its periodic filings with the Commission, having not filed any periodic reports since it filed a Form 10-Q for the period ended June 30, 2012, which reported a net loss, including non-controlling interests, of $187,000,000 for the prior six months. On January 14, 2009, a Chapter 11 petition was filed in the U.S. Bankruptcy Court for the District of Delaware, which was still pending as of June 30, 2015. As of July 7, 2015, Nortel's common shares were quoted on OTC Link, had fifteen market makers, and were eligible for the "piggyback" exception of Exchange Act Rule 15c2-11(f)(3).

In addition to their repeated failures to file timely periodic reports, the Three Respondents failed to heed delinquency letters sent to them by the Commission's Division of Corporation Finance requesting compliance with their periodic filing obligations or, through their failure to maintain a valid address on file with the Commission as required by Commission rules, did not receive such letters.

## CONCLUSIONS OF LAW

Exchange Act Section 13(a) and Rule 13a-1 require public corporations to file annual reports with the Commission. "Compliance with those requirements is mandatory and may not be subject to conditions from the registrant." *America's Sports Voice, Inc.*, Exchange Act Release No. 55511, 2007 SEC LEXIS 1241, at *12 (Mar. 22, 2007), *recons. denied*, Exchange

Act Release No. 55867, 2007 SEC LEXIS 1239 (June 6, 2007). Scienter is not required to establish violations of Exchange Act Section 13(a) and Rule 13a-1. *See SEC v. McNulty*, 137 F.3d 732, 740-41 (2d Cir. 1998); *SEC v. Wills*, 472 F. Supp. 1250, 1268 (D.D.C. 1978). There is no genuine issue of material fact that the Three Respondents failed to timely file required periodic reports. As a result, the Three Respondents failed to comply with Exchange Act Section 13(a) and Rule 13a-1.

### SANCTIONS

Under Exchange Act Section 12(j), the Commission is authorized, "as it deems necessary or appropriate for the protection of investors," to revoke the registration of a security or suspend for a period not exceeding twelve months if it finds, after notice and an opportunity for hearing, that the issuer of the security has failed to comply with any provision of the Exchange Act or rules thereunder. In determining the public interest or what is necessary or appropriate for the protection of investors, the Commission "consider[s], among other things, the seriousness of the issuer's violations, the isolated or recurrent nature of the violations, the degree of culpability involved, the extent of the issuer's efforts to remedy its past violations and ensure future compliance, and the credibility of its assurances, if any, against further violations." *Gateway Int'l Holdings, Inc.*, Exchange Act Release No. 53907, 2006 SEC LEXIS 1288, at *19-20 (May 31, 2006).

The Three Respondents' failures to file required periodic reports are serious because they violate a central provision of the Exchange Act. The purpose of periodic reporting is "to supply investors with current and accurate financial information about an issuer so that they may make sound [investment] decisions." *Id.* at *26. The reporting requirements are the primary tool that Congress fashioned for the protection of investors from negligent, careless, and deliberate misrepresentations in the sale of securities. *SEC v. Beisinger Indus. Corp.*, 552 F.2d 15, 18 (1st Cir. 1977). The Three Respondents' violations are also recurrent in that each repeatedly failed to file periodic reports. *See Nature's Sunshine Prods., Inc.*, Exchange Act Release No. 59268, 2009 SEC LEXIS 81, at *20 (Jan. 21, 2009); *Impax Labs., Inc.*, Exchange Act Release No. 57864, 2008 SEC LEXIS 1197, at *25-26 (May 23, 2008). The Three Respondents are also culpable because they failed to heed delinquency letters sent to them by the Division of Corporation Finance or, through their failure to maintain a valid address on file with the Commission, did not receive such letters, and they were therefore on notice, even before the OIP issued, of their obligations to file periodic reports. *See China-Biotics, Inc.*, Exchange Act Release No. 70800, 2013 SEC LEXIS 3451, at *37 & n.60 (Nov. 4, 2013) (holding that revocation may be warranted even without proof that a respondent was aware of its reporting obligations). Finally, the Three Respondents have not answered the OIP or otherwise defended the proceeding to address whether they have made any efforts to remedy their past violations, and have made no assurances against further violations.

Considering these delinquencies, it is necessary and appropriate for the protection of investors to revoke the registrations of each class of registered securities of the Three Respondents.

**ORDER**

It is ORDERED that, pursuant to Section 12(j) of the Securities Exchange Act of 1934, the registrations of each class of registered securities of International Hi-Tech Industries Inc., Mark One Global Industries, Inc., and Nortel Networks Corporation are hereby REVOKED.

It is FURTHER ORDERED that the telephonic prehearing conference scheduled for August 21, 2015, at 11:00 a.m. EDT is CANCELLED.

This Initial Decision shall become effective in accordance with and subject to the provisions of 17 C.F.R. § 201.360. Pursuant to 17 C.F.R. § 201.360, a party may file a petition for review of this Initial Decision within twenty-one days after service of the Initial Decision. A party may also file a motion to correct a manifest error of fact within ten days of the Initial Decision, pursuant to 17 C.F.R. § 201.111(h). If a motion to correct a manifest error of fact is filed by a party, then a party shall have twenty-one days to file a petition for review from the date of the undersigned's order resolving such motion to correct a manifest error of fact.

This Initial Decision will not become final until the Commission enters an order of finality. The Commission will enter an order of finality unless a party files a petition for review or a motion to correct a manifest error of fact or the Commission determines on its own initiative to review the Initial Decision as to a party. If any of these events occur, the Initial Decision shall not become final as to that party.

The Three Respondents are each notified that they may move to set aside the default in this case. Pursuant to Rule 155(b), 17 C.F.R. § 201.155(b), the Commission is authorized, at any time, to set aside a default for good cause, in order to prevent injustice and on such conditions as may be appropriate. A motion to set aside a default shall be made within a reasonable time, state the reasons for the failure to appear or defend, and specify the nature of the proposed defense in the proceeding. *Id.*

_____
Jason S. Patil
Administrative Law Judge