IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No.  09-10138(KG) |
| | ) | (Jointly Administered) |
| | ) | |
| Nortel Networks Inc., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |
| ———————————————————— | ) | |
| | ) | |
| SNMP Research International, | ) | Adv. Proc. No. |
| Inc., and | ) | 11-53454(KG) |
| SNMP Research, Inc., | ) | |
| | ) | |
| Plaintiffs, | ) | Courtroom 3 |
| | ) | 824 Market Street |
| vs. | ) | Wilmington, DE |
| | ) | |
| Nortel Networks Inc., et al., | ) | |
| and | ) | |
| Avaya Inc., | ) | 9:30 a.m. |
| | ) | December 22, 2015 |
| Defendants. | ) | |
| ———————————————————— | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                 Morris Nichols Arsht & Tunnell, LLP
                             BY: DEREK C. ABBOTT, ESQ.
                             BY: ANDREW REMMING, ESQ.
                             1201 North Market St., 18th Floor
                             Wilmington, DE  19899-1347
                             302-351-9200

                             Cleary Gottlieb Steen & Hamilton
                             BY: LISA M. SCHWEITZER, ESQ.
                             BY: DAVID HERRINGTON, ESQ.
                             BY: MATT GURGEL, ESQ.
                             One Liberty Plaza
                             New York, NY  10006
                             212-225-2000

ECRO:                        GINGER MACE

Transcription Service:       DIAZ TRANSCRIPTION SERVICES
                             331 Schuylkill Street
                             Harrisburg, Pennsylvania 17110
                             (717) 233-6664
                             www.diaztranscription.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)

For SNMP:                        Cole Schotz Meisel Forman &
                                 Leonard, P.A.
                                 BY: DAVID DEAN, ESQ.
                                 BY: NORMAN PERNICK, ESQ.
                                 500 Delaware Ave., #1410
                                 Wilmington, DE  19801
                                 302 652-3131

For Official Creditor's
Committee:                       Akin Gump Strauss Hauer & Feld
                                 BY: DAVID BOTTER, ESQ.
                                 BY: ROBERT JOHNSON, ESQ.
                                 One Bryant Park
                                 Bank of America Tower
                                 New York, NY  10036
                                 212-872-1000

                                 Whiteford Taylor Preston, LLP
                                 BY: CHRISTOPHER SAMIS, ESQ.
                                 405 North King Street
                                 Wilmington, DE  19801
                                 302-357-3266

For Joint
Administrators:                  Young Conaway Stargatt & Taylor LLP
                                 BY: JAIME CHAPMAN, ESQ.
                                 Rodney Square
                                 1000 North King Street
                                 Wilmington, DE  19801
                                 302-571-5030

TELEPHONIC APPEARANCES:

For Interested Party:  Dow Jones & Company
                                 BY: PEG A. BRICKLEY, ESQ.
                                 215-462-0953

For Ad Hoc Group of
Bondholders:                     Milbank Tweed Hadley & McCloy, LLP
                                 BY: NICK BASSETT, ESQ.
                                 212-530-5000

TELEPHONIC APPEARANCES:
(Continued)

For Law Debenture:             Patterson Belknap Webb & Tyler
                               BY: CRAIG W. DENT, ESQ.
                               212-336-2864

For Official Committee
of Unsecured Creditors:        Akin Gump Strauss Hauer & Feld LLP
                               BY: MATTHEW C. FAGEN, ESQ.
                               212-872-8051

                               Cassels Brock & Blackwell LLP
                               BY: MICHAEL J. WUNDER, ESQ.
                               416-860-6484

For Creditor Ernst &
Young:                         Allen & Overy LLP
                               BY: LAURA HALL, ESQ.
                               212-610-7300

For Monitor Ernst &
Young:                         Norton Rose Fulbright US LLP
                               BY: PAUL KELLER, ESQ.
                               212-318-3212

For Interested Party:          Hughes Hubbard & Reed
                               BY: CHARLES HUBERTY, ESQ.
                               212-837-6045

For Plaintiff, SNMP
Research:                      SNMP
                               BY: JEFFREY CASE
                               865-579-0527

For Creditor, SNMP:            Egerton McAfee Armistead & Davis
                               BY: JOHN L. WOOD, ESQ.
                               865-292-2503

1    WILMINGTON, DELAWARE, TUESDAY, DECEMBER 22, 2015, 9:30 A.M.

2              THE CLERK:  Please rise.

3              THE COURT:  Good morning everyone.  Please be

4    seated.  Thank you.  It's good to see you.  And we're here

5    for argument on Motions for Summary Judgment in SNMP versus

6    Nortel and, you know, I was thinking about it, having read

7    the papers and I wonder to what extent the following analogy

8    makes sense, and you can work it into your argument.  And

9    that is I sell my car but I don't sell the engine.  The

10   engine is made and produced by my next door neighbor and I

11   tell everyone I'm selling you the car or there's a Sale

12   Order and the Sale Order provides I'm selling the car but

13   not the engine.  And afterwards, the buyer makes an

14   arrangement with my next door neighbor.  How is that

15   applicable to this set of facts and -- so that's the

16   argument.  That's the analogy that I've kind of thought

17   through in coming up with a way to look at this argument.

18   So who's going to start?

19             MR. HERRINGTON:  Your Honor, we're going to go

20   with the order of our --

21             THE COURT:  Of the briefing?

22             MR. HERRINGTON:  -- Briefs.  Yes, Your Honor.

23             THE COURT:  Very well.  Thank you, Mr.

24   Herrington.

25             MR. DEAN:  Thank you, Your Honor, David Dean, of

1  Cole Schotz, on behalf of SNMP Research, Inc. and SNMP

2  Research International, Inc.

3          THE COURT:  And by the way, with the analogy that

4  I gave, you know, just work it in somewhere.

5          MR. DEAN:  Yeah.  I actually have a similar one

6  and I'll sort of work it in there.  It will be --

7          THE COURT:  Okay.

8          MR. DEAN:  -- in response to the Debtor's Motion.

9  Just to take a minute to let the Court know how we're going

10 to proceed today or how we've agreed to proceed is, as the

11 Court knows, we're here on Cross Motions for Partial Summary

12 Judgment.  SNMP has a Motion for Partial Summary Judgment.

13 The U.S. Debtors have a Cross Motion for Partial Summary

14 Judgment.  We agreed instead of having six total Briefs, we

15 agreed to do this on a four-Brief process and make --

16 primarily make life easier on you.

17         THE COURT:  And it does, yes.

18         MR. DEAN:  And so we're going to propose to argue

19 it the same way.  So I'll present our Motion first.  I'll

20 then cede the podium to Mr. Herrington who will present his

21 opposition to my Motion and then he'll also present his

22 initial argument on his Cross Motion.

23         THE COURT:  Right.

24         MR. DEAN:  I'll then reply on our Motion, oppose

25 his Cross Motion, and then they'll get the last word on

1   their Reply with respect to their Motion.

2            THE COURT:  Very well.

3            MR. DEAN:  Okay.

4            THE COURT:  That works well.

5            MR. DEAN:  One other comment I want to make

6   preliminarily, just to make things easier on Your Honor, is

7   the final three Briefs of this series were filed under seal.

8   But the parties have worked together, I think well, to try

9   to file very modest redactions so that the second and third

10  Brief of the series have already been publically filed and

11  there are very minor redactions.

12           THE COURT:  All right.

13           MR. DEAN:  And we wanted to do this to make sure,

14  number one, we wanted to be able to keep the Courtroom open.

15  There's a lot -- there's some things that are confidential

16  under the Protective Order that are referenced.

17           THE COURT:  Yes.

18           MR. DEAN:  But they're very few and we wanted to

19  publically file the documents on the record so that when

20  Your Honor is considering what you may be able to say or not

21  say in a public Order, it makes things a lot easier on you.

22  The Reply Brief that the U.S. Debtors filed last Tuesday has

23  not been redacted yet but we expect to work with them to get

24  a redacted version of that filed sometime shortly after the

25  hearing.

1          THE COURT:  All right.

2          MR. DEAN:  Okay?

3          THE COURT:  And also the Canadians can read the

4   Briefs.

5          MR. DEAN:  And the Canadians can read the Briefs.

6          THE COURT:  Yes.

7          MR. DEAN:  And the EMEA Debtors can read the

8   Briefs, the Committee can read the Briefs, and whoever else

9   may be interested can read the Briefs.

10          THE COURT:  Good.  Thank you, Mr. Dean.

11          MR. DEAN:  So this takes us to our Motion, Your

12   Honor, and what we sought in the Motion was the entry of an

13   Order confirming that the Court didn't authorize, either

14   through the Sale Orders or Agreements or otherwise, the U.S.

15   Debtors to transfer, deliver, disclose, or sell SNMP

16   Research's software without consequence.  And before getting

17   into the substance of the Motion, I think it would be

18   helpful just to give the Court some context as to why the

19   Motion was filed and why it's important to the issue in this

20   case.  At the August 27 Motion to Withdraw the Reference

21   Hearing before Judge Stark, we had a dialog with Judge Stark

22   about why the Motion should or should not be granted to

23   withdraw the Reference.

24          THE COURT:  Right.

25          MR. DEAN:  And one of the discussions that we had

1   was the U.S. Debtors argued that you should deny the Motion

2   to Withdraw the Reference because Judge Gross should be the

3   one who interprets his own Sale Orders.  And the U.S.

4   Debtors argued in that vein that the sale process, and in

5   particular, a colloquy between Your Honor and Counsel for

6   the U.S. Debtors at one of the Sale Hearings was, in

7   Counsel's words, extremely significant to the defense of the

8   U.S. Debtors in this case.  Now, as Your Honor is aware,

9   there's a pending Motion for Summary Judgment in Canada.

10          THE COURT:  Yes.

11          MR. DEAN:  It was originally scheduled for

12  November 9th I believe.

13          THE COURT:  That's right.

14          MR. DEAN:  It's since been continued.  We have

15  agreed to a date in March.  I think it's March 10th.  But at

16  the time we filed the Motion, the hearing was scheduled on

17  November 10th and the Canadian Debtors had a similar theory

18  as to what the so-called sale process framework meant to our

19  claim in the case and we wanted to make sure that Your Honor

20  was the one who interpreted what happened in this Courtroom

21  because, first of all, we think you're the best one to tell

22  us what happened in your own Courtroom.  And number two, the

23  Orders, many of the Orders, had exclusive jurisdiction

24  provisions in them anyway.  So the Canadian Court couldn't

25  have even done so.

1        Now, after pressing the Canadian Debtors and

2   going to Court on this and then filing a Motion to Expedite,

3   they finally admitted that they weren't seeking

4   -- and it takes a lot to get the Canadian Debtors to give us

5   a position.  We had to go to Court.  We had to file a Motion

6   to Expedite.  And then finally, they told us oh, you

7   misinterpret what we're asking for.  We're not seeking an

8   interpretation of the U.S. Orders in Canada.  We said fine.

9   We'll withdraw our Motion to Expedite; we'll agree with the

10  Debtors on a more extended schedule for this hearing, we'll

11  allow them to file their Cross-Motion, as they've done, and

12  we'll agree to a hearing sometime before the end of the

13  year.

14        THE COURT:  Okay.

15        MR. DEAN:  And that's what brings us here today,

16  Your Honor.  But I want to make clear, because there's some

17  references in the Debtor's papers about whether or not we

18  may not intend to move forward with our Motion because the

19  Canadian Debtors acknowledge they're not seeking an

20  interpretation This Court's Order, we were filing this

21  Motion anyway.  This Motion was being filed.  The only thing

22  that the Canadian Motion did was affect the Motion to

23  Expedite and the timing of the filing.  But in light of the

24  U.S. Debtor's position at the Motion to Withdraw the

25  Reference Hearing, we knew that we had to tee this Motion up

1  sooner rather than later to deal with this issue that

2  they're claiming is a significant offense to their case.

3          THE COURT:  Is there disagreement between the

4  Debtors and you that the Sale Orders do not include the

5  sale, or transfer, as you've referred to it, of SNMP's

6  intellectual property?

7          MR. DEAN:  After reading the Debtor's final Reply

8  Brief, I think the answer -- I know the answer is no, and

9  that's actually what I was going to address next.

10          THE COURT:  Okay.

11          MR. DEAN:  I'd like to tell the Court what's not

12  in dispute here and then it will help make things a lot

13  easier for you to decide this Motion.  We don't think, as

14  Your Honor pointed out, that there is a dispute that the

15  Sale Orders and Sale Agreements did not provide for,

16  authorize the U.S. Debtors to sell, transfer, deliver,

17  disclose in any way our software.

18          Now, it was a little unclear when I read their

19  response to our Motion because they only focused on whether

20  the Orders affected the rights -- whether the Orders

21  authorized the Debtors to transfer the right to use our

22  software as opposed to the actual source code and software

23  itself.  But when they filed their Reply in further support

24  of their own profit damages, the Cross Motion, they finally

25  acknowledged that the Sale Orders do not authorize them

1  specifically to transfer or sell our software, and they try

2  to use that in their Profit Damages Motion, and we'll get to

3  the reasons why that doesn't make sense when we address that

4  Motion.  So there's no dispute as to that fact but the

5  parties have a stark disagreement on what that actually

6  means from a legal standpoint when it gets to the Profit

7  Damages Motion which we'll address at that time.

8          Now, there's also no dispute, Your Honor, for the

9  purposes of this Motion at least, that SNMP Research owns

10 the software.  We put in a Declaration.  The Declaration

11 attaches the copyright registrations, and as the case law we

12 cited in our Briefs confirm, that is prima facie evidence of

13 ownership and the Debtors do not put that at issue.  They

14 just state they reserve the rights to challenge it later.

15 So the Court has to assume, for the purposes of considering

16 this Motion, that SNMP owns the software.

17          Now, there's one other issue I want to raise

18 before I get to what's actually in dispute because there's a

19 lot of ink spilled over this issue too, and I think we can

20 defer it.  The issue is whether -- there's three Sale Orders

21 in particular that contain different language than some of

22 the other Sale Orders.

23          THE COURT:  Right.

24          MR. DEAN:  Those three Sale Orders say that no

25 intellectual property or intellectual property rights of

1  SNMP are being conveyed.  Now, we interpret that to mean

2  that the Debtors were prohibited from transferring our

3  software.  That was what SNMP Research intended and Dr.

4  Case's Declaration submitted in support of our briefing

5  confirms that's what he intended to mean when he agreed to

6  this language.  Now, the Debtors have come up with a theory

7  that the term intellectual property means something else.

8  It means only the right to use and they go into all these

9  definitions of what intellectual property means under the

10 law and it's only intangible.  But our view is well, we use

11 intellectual property rights and intellectual property.  So

12 intellectual property has to mean something other than

13 intellectual property rights where the term "intellectual

14 property" would be superfluous and if you go back to the

15 hearing transcripts, and we lay this out in our Reply Brief,

16 we say that our goal is to prevent the transfer of the

17 software.  So why we have agreed to language that just

18 prevents the transfer of the rights when everybody knew  --

19 and there's no dispute in this case that the Debtor couldn't

20 transfer the right to use the property because that would

21 have required an assumption and assignment of the License

22 Agreement under Section 365, which everyone knows didn't

23 happen.  So I think the Debtors brought all of this to the

24 forefront to try to really distract from the real issue.

25 But the point is, on this issue, the parties have a

1  disagreement on what this phrase means and I do think that

2  it's going to require the consideration of extrinsic or

3  parole evidence and I'm not sure that the Court can decide

4  this issue on summary judgment anyway.  But more to the

5  point, we didn't specifically even ask the Court to make a

6  ruling on what particular Sale Orders prohibit it.  The

7  purpose of our Motion was to ask what -- only what the Court

8  authorized, not what the Court also may have prohibited.

9  Now, we did raise this issue in further support of our

10 argument but it's really not at the heart of our Motion.

11 And so I think with the dispute of the interpretation of

12 this phrase and the fact that it really doesn't go to the

13 heart of what we're asking for, we're willing to defer that

14 issue for another time.

15         THE COURT:  Help me out for a minute, Mr. Dean.

16 How would you state the issue of your Motion?

17         MR. DEAN:  The issue in the Motion, now that

18 we've addressed what's not in dispute --

19         THE COURT:  Right.

20         MR. DEAN:  -- is whether this colloquy, or as the

21 U.S. Debtors call it, the so-called framework of the Sale

22 Hearings, authorize the Debtors to deliver our software

23 without any consequence.  In other words, did you release

24 the Debtors of any liability to SNMP for improperly

25 transferring our software, in violation of our License

1  Agreement, the Copyright Act, and the Delaware Trade Secret

2  Laws?  That's the issue.  And trust me, Your Honor, the

3  Debtors are really making this argument.  This is a serious

4  argument that they're making.

5           Now, the Debtors accuse us in the Cross Motion of

6  bringing profit-based damages that are very well-grounded,

7  and we'll get to that later, in bad faith.  Okay?  Yet they

8  raise this argument, which has no basis in law or fact.  As

9  we detailed in our Opposition Brief, Your Honor, the

10 transcripts of the Sale Hearings and the conduct of the Sale

11 Hearings don't do anything but reinforce the fact that our

12 right to sue them if they violated the License Agreement and

13 transferred our software were fully preserved.

14 Specifically, at the very first Sale Hearing in which SNMP

15 objected, which was the second overall Business Line Sale

16 Hearing to Erickson and the CDMA LTE sale, Counsel for the

17 U.S. Debtors said that if the U.S. Debtors improperly

18 transferred our source code in violation of our contract,

19 "The rights are what they are and we should deal with it

20 another time."  SNMP has a contract.  It doesn't need a

21 Court-Ordered right to protect its contract rights.  Well,

22 Your Honor, "that another time" is now.

23          Now, based on those representations, the Court

24 overruled our request to get additional protective language

25 in the Order that would have specifically and much more

1   directly prohibited them from transferring the software.

2           Now, with that framework in mind, which was the

3   first of the Sale Hearings that we objected to, we filed

4   similar Objections to the next six Business Line Sale

5   Hearings.

6           THE COURT:  Right.

7           MR. DEAN:  We negotiated language to the best of

8   our ability that we thought preserved our rights because we

9   never thought in a million years that the Debtors would

10  violate the License Agreement that they could not assume and

11  assign and transfer our software when it would have been an

12  obvious violation of the License Agreement.  So after these

13  six hearings, this took us to the final of the Business Line

14  Sale Hearings which was also to Erickson and that was a sale

15  of the MSS business.

16          Now, by that time, we had discovered that

17  notwithstanding all the language that we negotiated in this

18  Agreement and our belief that Nortel would abide by it and

19  not violate the contract, that Nortel had, in fact,

20  transferred our software to Genband and thought like the

21  others.  We had direct evidence of it.  So at that time, we

22  weren't satisfied just negotiating language in a Sale Order

23  and kicking this thing down the road for another day without

24  filing a more forceful Objection.  And so that's why we came

25  to Court at the last Sale Hearing and asked for an audit to

1   determine what products were being transferred to Erickson

2   or sold to Erickson that actually contained our software.

3   Counsel for the U.S. Debtors came into Court that day and

4   said well, that's Genband.  SNMP can file a claim if they

5   want to but it's not an appropriate Objection for this

6   particular Sale Hearing because it has nothing to do with

7   what we're here for today, which was the Erickson sale.  The

8   Court agreed with that argument.

9           Now, the thing that is significant here is that,

10  again, like the other hearing where this was argued, Counsel

11  for the U.S. Debtor specifically said we are not seeking any

12  relief whatsoever with respect to SNMP and all of SNMP's

13  rights are fully preserved.  Now, based on those statements,

14  the Court again, like it did at the first hearing where this

15  was argued, overruled our objection for an audit and for

16  additional protective language on the belief that the

17  representations on the record were sufficient to protect our

18  rights and the language that the Debtors had proposed were

19  sufficient to protect our rights.

20          Now, despite these unqualified statements that

21  our rights were being fully preserved, you're going to hear

22  today from the same lawyers who stood before you and said

23  our rights were fully preserved; that at that same last Sale

24  Hearing, you effectively protected the Debtor, isolated

25  them, released them from liability.  And the centerpiece of

1  this argument is a very brief colloquy which is the same

2  colloquy between the Court and Debtor's Counsel that the

3  Debtors mentioned at the Motion to Withdraw the Reference

4  Hearing that led to the filing of this Motion and that

5  colloquy, the Debtors quoted several times, many times in

6  their briefing, okay, and the effect of it was Debtor's

7  Counsel stood before Your Honor and said, respectively, the

8  software that Erickson is going to get, if they use it, then

9  it's on them.  It's not on us.  We have no liability.  And

10 the Court said in response to that one word and that one

11 word was "correct."  Now, that's the argument that they're

12 using that there's no liability; that this dialog between

13 the Debtor's Counsel and the Court effectively release them

14 and that the buyers were all there and everybody knew that

15 if the buyers use the software, then the Debtors were off

16 the hook.  Okay?  That's the argument.

17         Now, first of all, I mean Your Honor will tell us

18 when you decide this Motion, but I cannot imagine that

19 that's what you meant by "correct."  My interpretation of

20 that was that you were actually just acknowledging that you

21 understood their argument, not that you were granting any

22 type of relief.  In fact, Bankruptcy Rule 9013, for example,

23 requires notice and an opportunity for a hearing for

24 requested relief.  There was no request for a release or any

25 type of bubble to be placed around the Debtor for

1    transferring our software, nor was SNMP ever given any

2    opportunity to object to this type of relief and, frankly,

3    even if this were put in a Motion directly and put in a

4    Proposed Order, it would have been denied summarily.  It

5    could have never happened.  So, Your Honor, for the Debtors

6    to claim that this colloquy released them from liability

7    when at the same hearing they said that SNMP's rights were

8    fully preserved should trouble you as much as it troubles

9    us.  I don't, frankly, even know why we're wasting time

10   arguing about this today other than the fact that the

11   Debtors are looking for an easy way out of this lawsuit

12   because they know what they did was wrong.

13            Now, the Debtors, of course, don't cite any

14   authority for the proposition that someone can make a

15   disclosure to a third-party that you might get sued and

16   stand up in Court and tell the Judge we're not liable and

17   just make it so.  Just make it so.  That's not the law.

18   There's a really good reason why they haven't cited any

19   authority for that proposition because it simply doesn't

20   exist.  Now, the Debtors don't use the word "release"

21   because I think they want to make their argument sound a

22   little bit more palatable to be honest with you.  But that's

23   effectively what they're asking you to do.

24            Now, one last point I want to make about this

25   before I cede the podium on this Motion to Mr. Herrington is

1    that to the extent that this so-called colloquy had any

2    legal significance whatsoever, which it absolutely doesn't,

3    this was a colloquy that occurred at the last Sale Hearing;

4    at the last Sale Hearing, not the first, the last.  I mean I

5    learned something in law school called ipso facto or ex --

6    yeah.  You can't just whitewash all the Debtor's prior

7    transgressions because they said they weren't liable at the

8    last Sale Hearing and so, therefore, everything that we did

9    before is okay.  It makes no sense, Your Honor.  We

10    shouldn't even be wasting time with this argument, frankly,

11    and I think the Court should easily grant our Motion.

12    Unless the Court has any other questions, I have nothing

13    further on our Motion.

14            THE COURT:  Here's my question for you.  Did

15    SNMP, and I realize we're talking about SNMP RI, I believe.

16            MR. DEAN:  SNMP RI was the one who filed the

17    Objections.  SNMP RI and SNMP Research are the Plaintiffs in

18    the lawsuit.  But yes.

19            THE COURT:  Right.

20            MR. DEAN:  Because SNMP RI is the one who had the

21    License Agreement with the Debtors.

22            THE COURT:  Okay.  All right.  With the exception

23    of Radware, didn't SNMP enter into License Agreements with

24    all of the purchasers?

25            MR. DEAN:  No.  That's -- well, we entered into

1  an Accession Agreement with Avaya.  But Avaya is still a

2  party to this lawsuit for a very good reason and that's

3  because they've been using our stuff for many, many, many

4  years on a $900 million transaction without permission.  So

5  we did ultimately get deals done with everyone else but we

6  did not with Avaya and we did not with Radware, and we'll

7  get into the reasons why, in considering the profit damages

8  piece of this, why that doesn't matter when we oppose that.

9           THE COURT:  All right.

10          MR. DEAN:  Thank you, Your Honor.

11          THE COURT:  Thank you, Mr. Dean.  Mr. Herrington,

12  it's good to have you back.

13          MR. HERRINGTON:  Yes.  Good morning, Your Honor,

14  and thank you for taking time on December 22nd to see us and

15  a lot of other people today I understand.

16          THE COURT:  Yes.

17          MR. HERRINGTON:  We'll try to make our part of it

18  as efficient as we can.  I'll address SNMP's Motion first

19  and, again, I think clear up a misunderstanding or

20  mischaracterization that SNMP continues to maintain, and

21  that is that we are arguing that the Sale Orders immunized

22  SNMP -- immunized the Debtors --

23          THE COURT:  Right.

24          MR. HERRINGTON:  -- from any possible claim by

25  SNMP.  We don't argue that.  What we do explain to the

1  Court, or remind the Court, is that what the Sales Hearings

2  and the Sales Orders did is established a fair and

3  reasonable and pragmatic framework for dealing with this

4  issue.  And that is SNMP showed up at each Sale Hearing and

5  said well, wait a minute.  You know, we may have copyright

6  rights in the Software Code that is included in some of

7  these products.  We want to be sure we're protected.  And

8  the resolution to that was to make sure the buyers

9  understood that they are not purchasing from Nortel and

10  they're not paying Nortel for anything, any rights, any

11  property, anything belonging to SNMP and, in fact, SNMP is

12  -- was here in this very Courtroom saying yes, buyers,

13  you're not getting any of our rights.  You're going to have

14  to deal with us.  So that pragmatic framework made clear to

15  buyers that if they wanted to use SNMP software, they would

16  have to enter into Agreements with SNMP and compensate SNMP

17  for that use.  That was the fair and pragmatic expectation

18  of everyone; of Your Honor, of Nortel, of the Buyers, and,

19  frankly, surely SNMP as well.  And as Your Honor alluded to

20  in your question to Counsel for SNMP, that's exactly what

21  happens with all of the buyers.  They all entered into

22  Agreements with SNMP, including the buyer, Erickson, in that

23  final MSS sale where Your Honor said yes, SNMP, if you're

24  not able to reach a satisfactory agreement with Erickson,

25  you can come back to me.  That's the understanding.  We were

1   not trying to put SNMP in a bad position.  We're not trying

2   to extinguish its rights.  We're not trying to do anything

3   inappropriate.  We're doing things in a transparent space of

4   this Court with the Court's understanding and the Court's

5   acknowledgement and approval of what was happening, and that

6   is, yes, we're not going to hold up these big important

7   sales --

8           THE COURT:  Right.

9           MR. HERRINGTON:  -- to somehow, you know, block

10  things because of SNMP.  But buyer, Erickson, you

11  understand, and Erickson's Counsel was here in the room, you

12  understand you'll need to sit down with SNMP and make sure

13  you enter into an agreement to their satisfaction if you

14  want to use their software.  That's exactly what happened.

15  SNMP's Counsel referred to Avaya.

16          THE COURT:  Yes.

17          MR. HERRINGTON:  Well, Avaya, it's exactly what

18  happened with Avaya as well.  They entered into an Accession

19  Agreement even before the sale took place.  So, again, that

20  confirmed Avaya's understanding, SNMP's understanding, the

21  Debtor's understanding, and the Court's understanding of

22  what needed to happen.  Now, that Accession Agreement

23  ultimately expired but that's not because of any

24  misunderstanding or problem with the framework that was

25  established.  It's because Avaya had its own separate

1  License Agreements with SNMP and SNMP contends Avaya wasn't

2  paid the proper amount of royalties under those separate

3  Agreements.  That dispute blew up.  It's now in an intensely

4  litigated matter in the District Court here in Delaware and

5  that explosion got in the way of SNMP and Avaya reaching a

6  final agreement with respect to the Nortel products.

7         But again, even as to Avaya, that Accession

8  Agreement confirms what everybody understood.  Avaya, if you

9  want to use SNMP software, you need to sit down with SNMP

10  and negotiate terms to their satisfaction.  So to step back

11  and look at this Motion that SNMP is making, there's really

12  not an issue or a claim in dispute.  As Your Honor has

13  stated and as we say in our papers, we're not arguing and,

14  in fact, it's central to our position with respect to

15  profits.  We're not arguing that SNMP's property was

16  conveyed, sold, authorized to be sold or conveyed through

17  the operation of the Sale Orders or the Sale Agreements.

18  That's clear.  So there's not a point in dispute.  So if

19  that's all SNMP is asking for, then the Motion should be

20  denied as moot because it's not actually an issue that's

21  contested.  The framework point is really more one just to

22  remind the Court that despite SNMP's efforts to portray

23  Nortel as some malicious wrongdoer who went out and damaged

24  them or did something improper, we did something transparent

25  in this Court and it was the reasonable, fair, and pragmatic

1   approach to this issue where that, ultimately, it will

2   probably play out.  We're not seeking relief based on our

3   framework explanation with respect to SNMP's Motion.  Where

4   that framework will probably come into play is on the issue

5   of actual damages.  And again, as to Erickson, the buyer in

6   that final sale, it did sit down with SNMP and entered into

7   an Agreement that Dr. Case, the head of SNMP has confirmed,

8   gave them their normal terms.  If anything, the terms that

9   SNMP reached with the buyers were as good as or better than

10  Nortel terms and Dr. Case confirmed in his deposition that

11  they don't have any further claims against Erickson or the

12  other buyers.  They're fully compensated.

13          So when we get to actual damages, which we're not

14  addressing in this Motion, I think the outcome will be well,

15  SNMP, you got paid for the post-sale use of your software.

16  What is it you're seeking to claim against Nortel?  There's

17  simply no basis for a claim for actual damages.

18          So, Your Honor, with that, I will turn to our

19  Motion and I'll begin with Your Honor's analogy, which I

20  think is a helpful one.  So in the analogy, in the hypo,

21  we're assuming that the Debtor, and let's keep this in the

22  bankruptcy context because that's important.

23          THE COURT:  Yes.  Yes.

24          MR. HERRINGTON:  This is a Court-approved

25  process, a Court-supervised and approved process.  The

1  Debtor owns the car but somebody else, SNMP, claims a right

2  to the engine, either the physical engine or the right to

3  use it.  I actually thought of a similar analogy but mine

4  was to gasoline.  But let's take the engine.

5          THE COURT:  All right.

6          MR. HERRINGTON:  So the Debtor enters into a Sale

7  Agreement with his neighbor to say I'm going to sell you my

8  property.  I'll sell you what I own.  That's all I can sell

9  you and the Sale Agreement says that what is being sold is

10  the Debtor's property and only the Debtor's property and

11  what the purchase price is being paid for; let's say it's

12  $1,000, is for the Debtor's property, whatever that may be.

13  Now, the Court reviews the Sale Agreement, approves the Sale

14  Agreement and says, again -- I haven't even gotten to SNMP's

15  Objections, but even without SNMP's Objections, the Sale

16  Agreements and the Sale Orders here make clear what is being

17  sold is strictly the Debtor's property.  What is being

18  purchased by the buyer is strictly the Debtor's property.

19  And the purchase price, the $1,000 that the purchaser is

20  paying to the Debtor, is strictly for the Debtor's property.

21  Those three points; what the purchase price is, what's being

22  sold through the Sale Agreement, and what's being approved

23  by the Sales Orders, all make clear that it's only the

24  Debtor's property that's being sold and paid for.  So that

25  $1,000 is attributable solely to the Debtor's property.

1   What SNMP is arguing is well no, we claim that that $1,000

2   is for our property.  We claim that our property was sold.

3            THE COURT:  Right.

4            MR. HERRINGTON:  And that just cannot withstand

5   the plain terms of the Sale Agreements and the Sale Order

6   that said no, nobody's property other than the Debtor's is

7   being sold.

8            Now, here again, it's even better for the Debtors

9   than that for two reasons.  One is because of SNMP's

10  appearance at the Sales Hearings and their Objections where

11  they said well, wait a minute, buyer and Nortel and Court,

12  we think we've got a right to that engine and Nortel can't

13  sell that.  And that was resolved by saying okay, fine.

14  You're claiming -- you're telling the buyer that if the

15  buyer wants to turn on the engine, it's going to first have

16  to sit down with you and reach an agreement to do that.

17           THE COURT:  Right.

18           MR. HERRINGTON:  So that, again, makes even more

19  -- and the Sales Order said okay, nothing belonging to SNMP

20  is being conveyed as part of this sale.  So, again, the

21  buyer can't possibly think when he or she is paying the

22  $1,000 to the Debtor for the car that it's also paying for

23  the engine.  SNMP says no, you've got to sit down with me.

24  So, again, just no possible claim by whoever is claiming

25  rights to the engine that the purchase price is somehow

1  attributable to its property or its rights.

2         The second point that makes it even more clear is

3  stipulated by Your Honor's hypo is, in effect, after the

4  sale, the buyer and SNMP do exactly what is expected.  The

5  buyer sits down and says well, I know I have to reach terms

6  with you to turn on the engine to use the engine.  You know,

7  how much do you want?  Well, my standard rate is $10 per

8  engine.  Okay.  I'll pay you the $10 per engine.  That

9  happened.  And so, again, SNMP can't possibly come back and

10 argue to the Court well, we think the $1,000 that was paid

11 to the Debtor for the Debtor's property was actually for the

12 sale of our property.  Well, no, that just can't be.  It

13 couldn't be more clear.  That isn't what happened.

14        It also illustrates both the phonemic reality

15 issue that SNMP floats and they said well, let's look at the

16 economic realities.  Well, the economic reality is that the

17 purchasers understood they weren't buying from the Debtors

18 any rights to this engine, any rights to anything belonging

19 to SNMP or any other third-party, and, in fact, they sat

20 down later and paid SNMP for its rights.  So the economic

21 reality is completely consistent with the Sale Agreements,

22 the Sale Orders, and the post-conduct behavior, which is

23 you're not buying from Debtors.  You're going to have to pay

24 SNMP.  If anything, it's SNMP's argument that makes no sense

25 as a matter of economic realty.  They're arguing the buyers

1  paid Nortel for the right to use the engine and then the

2  next day, sat down with SNMP and said okay, I have to pay

3  you.  I'll pay you.

4              THE COURT:  Right.

5              MR. HERRINGTON:  So the buyers paid twice for the

6  same thing, which simply does not make sense.  Again, we're

7  not addressing actual damages, but when we get to actual

8  damages, whether it's on follow-up Summary Judgment Motion,

9  Your Honor's hypo illustrates that point as well.  SNMP got

10 paid.  They got paid its standard rate.  They got paid what

11 it was supposed to be paid for the buyer's use of the

12 engine.  What's the actual damage claim that it's now coming

13 back after Nortel for to say well, we think you have to pay

14 us more, well, what's the basis for that?  They've been

15 paid.  They've been compensated at their standard rate.

16             THE COURT:  Is there something that peculiar to

17 copyright law?  In other words, your Motion is for partial

18 summary judgment.

19             MR. HERRINGTON:  Yes, Your Honor.

20             THE COURT:  If I were to find, for example, that,

21 in fact, the software and the source code were not sold and

22 were later purchased by the buyers, what's left of the case?

23             MR. HERRINGTON:  Well, certainly nothing is left

24 in terms of the profits claim.

25             THE COURT:  Right.

1          MR. HERRINGTON:  And I frankly don't know what

2    theory SNMP would be pursuing at that point for some kind of

3    damages.  It's been compensated by the buyers.  What we're

4    addressing here today, again, is the simple sale.  I think

5    SNMP is arguing well, the mere fact that you sent the car to

6    the buyer is somehow a breach of our rights and we brought a

7    claim for that.

8          THE COURT:  Because it had the engine in it.

9          MR. HERRINGTON:  Because it had the engine in it.

10          THE COURT:  Now, you couldn't remove the

11    software.

12          MR. HERRINGTON:  We couldn't and, Your Honor,

13    this is one aspect.  Let me address this because it's one

14    aspect in which Your Honor's hypo isn't quite a good match--

15          THE COURT:  All right.

16          MR. HERRINGTON:  -- for what we have here.

17          THE COURT:  Good.

18          MR. HERRINGTON:  It comes out to the same

19    conclusion either way but our facts are even better than the

20    hypo in this sense.  SNMP tries to portray this as if

21    there's something physical in the Nortel products that

22    belongs to it.  Well, that's not right.  All they have is a

23    copyright.  All they have is a right to a script.  So a

24    Nortel product would have basically computer chips with

25    different programs encoded in them.  But the computer chips

1   were not supplied by SNMP.  So it's not like a supplier of a

2   physical tangible object.  What it's arguing is is those

3   computer chips spell out a code that it has a copyright for.

4   So, you know, if you think of the binary code, a bunch of

5   zeros and ones, well those zeros and ones are on computer

6   chips that Nortel made or got from a vendor.  Again, there's

7   nothing physical that belongs to SNMP.  SNMP is just saying

8   well, if you do the right zeros and ones, that's our script

9   and we've got a copyright for it.  So is a copyright a

10  claim?  I'll give you another example.  Let's say it's a

11  book of poems and there's a --

12            THE COURT:  Yes.

13            MR. HERRINGTON:  -- poet who says one of your

14  poems belongs to me and you don't have the right to sell it.

15  Well, the paper and the ink weren't supplied by the poet.

16  The paper and the ink were supplied by the publisher.

17            THE COURT:  Right.

18            MR. HERRINGTON:  It's just that the poet says

19  well, this arrangement of words is my arrangement of words

20  and I've got a copyright for it.  So I've got a legal right

21  to restrict the reproduction or use of my poem.  So, again,

22  in our sale, we're not selling anything physical that

23  belongs to SNMP.  SNMP is simply saying hey, my script is in

24  there, just like my poem is in a book, and if you want to

25  use that script, you're going to be infringing our

1  copyright.  So there's really nothing to sort of pull out.

2  But in any event, whatever there is, whatever SNMP's

3  property is, one thing was clear from the Sale Agreements

4  and the Sale Orders and SNMP's Objections which is buyers,

5  you're not getting the right to it and you're not paying for

6  it.  So in that sense, it really doesn't matter how you

7  characterize their property.  It wasn't being paid for.  No

8  part of the purchase price was possibly attributable to

9  SNMP's property.

10          Now, Your Honor, I've actually sort of worked my

11  way through the main points of my argument.  I was going to

12  walk the Court through the terms of the Sale Agreements and

13  the Sale Orders but I think that's undisputed.  Again,

14  something that SNMP doesn't focus on but is spelled out in

15  the Sale Agreements is, again, what is the purchase price

16  paid for because they're really forced into, without trying

17  to be pejorative, is a nonsensical argument.  They're forced

18  into an argument where they say well, we know our property

19  wasn't sold through the Sale Agreement or Sale Order,

20  because that's actually their Motion.  Nevertheless, somehow

21  it was sold.

22          THE COURT:  Yes.

23          MR. HERRINGTON:  Well, that's not right.  That's

24  not a viable claim.  What was sold was sold pursuant to the

25  Sale Agreement and the Sale Order.  That was the sale and

1    want was sold was, and could only be, the Debtor's property.

2    And then more specifically, again, what SNMP is trying to

3    get its hands on is the purchase price paid pursuant to the

4    Sale Agreement but that --

5              THE COURT:  And then want to place that burden on

6    Nortel.

7              MR. HERRINGTON:  Right.  Exactly.  But that

8    purchase price, and say well, somehow you sold outside the

9    authority of the Court and outside the Sale Agreement,

10   outside the Sale Order, our property.  So that's where the

11   sale happens.  Again, that doesn't work because there was a

12   sale and it was pursuant to the Sale Agreement.  But the

13   problem for SNMP is as soon as it says that the sale

14   happened outside of the scope of the Sale Agreement and the

15   Sale Order, we're no longer talking about the purchase price

16   that it's trying to get its hands on and we spelled that out

17   in our Motion.  This is for the Radware sale, paragraph 26

18   of our Motion on page 13 where it says "the acquired assets

19   or the assets owned by any seller or any affiliate of any

20   seller", and then the Purchase Agreement defines the

21   purchase price as the aggregate consideration for the

22   acquired assets of -- and the EMEA acquired assets.  So

23   what's the purchase price for?  It's for the assets being

24   sold.  Same thing in the Erickson sale.  This is at

25   paragraph 30 of our Motion.  Again, assets being sold are

1  defined as the Debtor's assets and the purchase price was

2  being paid "in consideration of the sale of the assets

3  pursuant to the terms hereof."  And again, so what -- and

4  what are the assets?  The assets are the Debtor's property.

5  The same exact language is in the Avaya sale.  That's at

6  paragraph 34 of our opening Brief and all of this is

7  summarized in our Reply Brief at page 6, footnote 6, where

8  that lists all the provisions in each of the Sale Agreements

9  that specifies that the purchase price is the purchase price

10 under the Sale Agreement for what's being sold pursuant to

11 the Sale Agreement.  So again, SNMP's attempt to say well,

12 there's a sale outside the scope of the Sale Agreement.

13 It's wrong.  But the problem with their argument for the

14 profits claim is they can't possibly -- it excludes them

15 from trying to assert a claim to the purchase price that was

16 paid pursuant to the Sale Agreement and the Sale Order.

17               THE COURT:  When you had the auction for the sale

18 of the business line assets, or the auctions I should say,

19 was there some understanding of the SNMP Objection?

20               MR. HERRINGTON:  Was there --

21               THE COURT:  In other words, the SNMP Objection

22 came after the auction?

23               MR. HERRINGTON:  You know, I don't --

24               THE COURT:  Was there a reduction in the price?

25               MR. HERRIGNTON:  Oh, I don't think so.  Your

1  Honor, that's something as well here, Your Honor.  SNMP is

2  claiming -- at first they said $███████ in their

3  Complaint.  Then we said well, what's the basis for that.

4  They never explained.  Now they say it's $██████.

5              THE COURT:  Right.

6              MR. HERRINGTON:  It's unbelievable.  Their

7  royalty rates are -- their entire company revenue is in the

8  order of $████████ a year.  So --

9              MR. DEAN:  Your Honor, I'm going to have to

10  object to this because this is a public hearing and he's

11  talking about revenue, which he knows is highly

12  confidential.  So I'd ask Counsel to be careful about that.

13              THE COURT:  All right.  All right.

14              MR. HERRINGTON:  Okay.  I'm sorry if that's

15  considered to be --

16              MR. DEAN:  We're going to have to strike this

17  portion or seal that portion of the transcript so -- just so

18  everyone knows.

19              THE COURT:  All right.  That's --

20              MR. DEAN:  Thank you.

21              THE COURT:  I cede to that request.

22              MR. DEAN:  Thank you, Your Honor.

23              MR. HERRINGTON:  Yeah.  And I apologize if that's

24  -- regarded this as private.  Another benchmark is their

25  claim for royalties against Nortel in this case because the

1    other claim that we're not address in the Motions today is

2    their claim for Nortel's use of their software without

3    having paid for it.  That's about $2 million over the course

4    of many, many years.  So the sense that SNMP tries to convey

5    or maybe just does convey by the numbers that are floating

6    and the fact they're objecting so strenuously in pursuing

7    this lawsuit of wow, this is all about SNMP is completely

8    mistaken.  You know, they're a supplier of a standard

9    vanilla software product that is actually a standard that's

10   out there.  There are a lot of vendors that supply the same

11   thing.  When parties want to get that kind of software,

12   they've got many sources for it.  No.  There was -- to my

13   knowledge, there was no discussion among buyers of oh,

14   there's going to be a price discount.  It's not that -- it

15   just didn't rise to that level.

16            THE COURT:  All right.

17            MR. HERRINGTON:  Again, at the Sale Hearings,

18   buyers were absolutely on notice that there's this vendor

19   out there that says hey, you got to sit down with me if you

20   want to use our software.  Okay.  We can do that.  And they

21   all did it.  It was no big deal.  And again, the only reason

22   it didn't happen ultimately with Avaya, beyond the Accession

23   Agreement, was because of their separate dispute.

24            Your Honor, I can touch briefly on SNMP's 56(d)

25   argument.

1           THE COURT:  Yes.

2           MR. HERRINGTON:  And the simple --

3           THE COURT:  Yes.

4           MR. HERRINGTON:  -- response to that is what

5  we've been talking about so far is simply the Sale

6  Agreements and the Sale Orders.  Those plain terms are what

7  defeat SNMP's argument.  There's no discovery that would

8  ever change those plain terms.  They carry the day.  Then if

9  you look at what SNMP points to is the discovery, it's

10  things like well, we want to do more searches to see if

11  there was more of our software in other products.  The

12  consequence wouldn't change anything.  It would simply fall

13  into the same rubric of okay, purchasers, you're only buying

14  Debtor's property.  Your purchase price is only for Debtor's

15  property.  You're not buying anything belonging to SNMP.  So

16  nothing about that would change.  Then they ask for things

17  like, you know, what's the value of these products

18  essentially?  Again, it doesn't matter what the value is,

19  whether it's $.02 or $20.  It doesn't change the terms of

20  the Sale Agreement or the Sale Order.

21           And remember, Your Honor, in terms of sort of

22  timeliness, it was SNMP that initiated this by saying we

23  want a ruling concerning the meaning and effect of the

24  Court's Sale Orders.  That's fine with us because there's

25  this very important claim -- I wouldn't say an important

1  claim; a very big claim that, frankly, Your Honor, is

2  getting in the way of any rational conversation about how to

3  resolve this matter and it's certainly appropriate to

4  resolve it now based on the clear terms of the Sale

5  Agreements and the clear terms of the Sale Orders.

6           THE COURT:  Thank you, Mr. Herrington.

7           MR. HERRINGTON:  Thank you, Your Honor.

8           THE COURT:  Thank you.

9           MR. DEAN:  Thank you, Your Honor.  Well, one

10 thing that Mr. Herrington and I agree on is that resolution

11 of this Motion will lead to some rationality on both sides.

12 We disagree on how the Court should rule on that.

13           THE COURT:  Right.

14           MR. DEAN:  But it will help bring the case along.

15 Now, Mr. Herrington's presentation sort of didn't really

16 address our Motion and his Motion.  He sort of did it all

17 together.  So I want to just take a step back before I

18 oppose his Motion and go back --

19           THE COURT:  Well, he didn't talk about direct

20 versus indirect damages and the like.

21           MR. DEAN:  Right.  I'm going to get into all of

22 that.

23           THE COURT:  Okay.

24           MR. DEAN:  I got a lot to say about that.  But

25 one thing I want to say first is that what I heard from him

1    was that they're actually not arguing that the framework of

2    the Sale Hearing absolved or released the Debtors from

3    liability.  Well, we didn't need 30 pages in a Brief to

4    explain to the Court what the framework of the Sale Hearing

5    meant if the Debtors didn't think that the framework of this

6    colloquy somehow isolated them or insulated them or

7    protected them and why would Counsel have mentioned this at

8    the Motion to Withdrawal Hearing and when we filed our

9    Motion, why didn't the Debtor just say so.  We wouldn't have

10   had to go through all this.  So I think our Motion is really

11   simple, Your Honor.  The ruling, in my view, is that the

12   Court did not authorize the U.S. Debtors through the Sale

13   Orders, Sale Agreements, or otherwise, the U.S. Debtors to

14   sell, transfer, disclose, or deliver SNMP software to the

15   asset buyers.  It's really simple.

16          Now, I want to raise a couple of factual points

17   while I have them on the front of my head that were

18   discussed in Mr. Herrington's presentation and then I'll get

19   to my opposition to his Motion.  First of all, Avaya's

20   Accession Agreement that was sort of a temporary Band-Aid

21   that never turned into a final License Agreement and

22   resulted in Avaya using our stuff for many, many years

23   without paying for it, that Agreement didn't even -- first

24   of all, this isn't in a record and this is a Summary

25   Judgment Hearing, but just so the Court knows, that

1   Accession Agreement never even covered all of the software

2   that was transferred in the first place.  That temporary

3   Band-aid didn't even do the job.  Okay?  So their reliance

4   on that -- and we believe that's the case with a lot of

5   these buyers as well by the way, Your Honor.  In fact, when

6   Genband discovered what the Debtors were doing, they

7   actually said to us we're not comfortable just taking the

8   Debtor's representations.  We're going to have to do a

9   separate Agreement with you after we do a diligent search of

10  where our software is in the context of our products because

11  we're not comfortable with where the Debtors are and the

12  Declarations that we submit in support of our Motion from

13  two former Nortel employees demonstrate that.

14          Now, one thing I want to raise about Mr.

15  Herrington's discussion about the software and its

16  metaphysical sort of state.  The software that we're talking

17  about was physically embedded in a server, called a clear

18  case server, and possibly other servers, and what the

19  Debtors did is when the sales closed, they had engineer

20  types sitting on both sides of the computer; one at the

21  Debtor and one at the buyer, and they basically either

22  copied the entire file and transferred the physically

23  embedded source code to buyers or -- that would be the push,

24  or they let the buyers pull it in and make copies of it.

25  And so that's why the words deliver or disclose are

1    important here.  That's why I keep saying it because it

2    could be a push; in other words, a delivery, or a disclose,

3    which means to let the buyers pull it in.  But either way,

4    they improperly let someone else have access to our software

5    when the License Agreement specifically said you shall not

6    do this and it will be copyright infringement if you do.

7           Now, the engine example, the thing about the

8    engine example is that you don't just need a license to

9    churn the engine on in our hypothetical.  You actually need

10   a license to transfer the engine in the first place and

11   that's why the hypothetical doesn't work.  So the other

12   thing about the engine example is everybody knows that an

13   engine comes in a car.  The disclosures that the Debtors

14   made were inadequate and incorrect and incomplete.  And so

15   what they effectively said to the buyers was you're going to

16   get some stuff.  We don't know exactly what it is or where

17   it's located.  And to the extent that it's in a product, go

18   figure it out and then pay SNMP for a license.  There are

19   copyright laws involved that don't; and I'll get into that

20   in a little bit, but there are copyright laws involved that

21   don't allow someone just to transfer someone's software

22   without permission that don't apply to the engine example.

23          Now, I want to start out with respect to the

24   Debtor's Motion but trying to put this in context.  There's

25   a lot of discussion about indirect versus direct profit

1   damages.   There's a lot of discussion about what the

2   Copyright Act and the Delaware Uniform Trade Secret Laws

3   mean.

4            THE COURT:  Yes.

5            MR. DEAN:  But I want to try to distill this down

6   to a really finite set of points.  The Debtor's argument is

7   two-fold.  Number one, they argue that the Sale Orders and

8   Sale Agreements, because they didn't authorize the Debtors

9   to transfer our software that they could not have possibly

10  done it; that they could not have sold it automatically just

11  because they weren't authorized under 363 of the Bankruptcy

12  Code and this Court's Sale Order to do so.  And as a result

13  of this argument, the Debtors claim that this is not a

14  direct profits case and that we have a heavier burden to

15  show a causal nexus between the software and the purchase

16  price which we can't demonstrate, and I'll get into what all

17  that means in a few minutes.

18            Now, the Debtor's second argument, which is

19  somewhat related, is that we can't demonstrate that any of

20  the sale proceeds are "attributable to the infringement"

21  under Section 504(b) of the Copyright Act.  And their

22  argument is based on the bald and conclusory assumption that

23  just because the buyers have to separately pay us to use it

24  legitimately, which Avaya decided to ignore by the way, that

25  the buyers -- the software wasn't worth anything.  You have

1  to conclude as a matter of law before we even get through

2  discovery that the software was automatically valueless to

3  the sale.

4          Now, I want to first address the argument that

5  the software wasn't sold.  As we detail in our Opposition

6  Brief at Section 2(b), the Copyright Act permits direct and

7  indirect profit damages.  Now, direct profit damages are

8  those that result from the sale of an infringing work, a

9  copyrighted work, or a sale that includes the copyrighted

10 work.

11         THE COURT:  Yes.

12         MR. DEAN:  So a single page in a book with a poem

13 in it, as Mr. Herrington said, is one example.  A piece of

14 software and a product, of course, is another and the one

15 that's applicable here.  Indirect profits, on the other

16 hand, are those that result from the use of the infringing

17 product to sell something else that's not infringing; for

18 example, an advertising campaign where someone may use a

19 jingle or a song or a poem in a commercial to sell a car or

20 some other product that doesn't infringe on the copyright.

21 The copyright owner sues and says I'm entitled to indirect

22 profit damages because you infringed on my copyright and

23 although you didn't sell it, you used it to sell something

24 else.  That's not what we have here; that we have something

25 that was included in the overall transaction and embedded in

1    the clear case server that was transferred and in many of

2    the products that were sold to buyers.

3             Now, most authorities recognize that in indirect

4    profit cases, because the infringing work is not sold,

5    right; it's used to do a sale, that the causal nexus that

6    the Debtors claim we can't satisfy between the infringement

7    and the sale is more tenuous, requiring a more robust

8    showing that the use of the copyrighted work actually

9    resulted in the sale of other products.  In other words, a

10   lot of Courts say that in indirect profit cases, you have to

11   show more to survive summary judgment on the causal nexus

12   element because the copyrighted work itself isn't part of

13   the sale.  And that's why this whole issue of whether the

14   software was sold as part of the sale transaction is

15   important because it defines whether this is a direct

16   profits case or an indirect profits case.

17            Now, in direct profit cases, which is what we

18   have here, and I'll discuss some of the cases in a minute

19   because I want to -- there's a lot of cases here but I want

20   to point Your Honor --

21            THE COURT:  Yes.

22            MR. DEAN:  -- to three or four that I think are

23   extraordinarily important to our position and that make it

24   crystal clear.

25            THE COURT:  Okay.

1          MR. DEAN:  It absolutely deals exactly with the

2   situation that we have here.  Now, in these direct profit

3   cases, the causal link is easily established by identifying

4   the profit stream that involved the sale of the products or

5   items that contain the copyrighted work.  In other words,

6   here, the business line sales where the software was

7   transferred.

8          Now, the reason I mention this, not only just

9   because I think it's important to define where this is an

10  indirect and direct profits case is that the Debtor's

11  opening Brief; this is their Motion, they don't make any

12  distinction in their Motion, their opening Motion, between

13  direct profits and indirect profits, this critical

14  distinction.  In fact, they rely heavily on the Third

15  Circuit's case in *Howrey One* which is an indirect profits

16  case.  And by the way, the Third Circuit in that case held

17  that even though it was an indirect profits case, that the

18  Plaintiff satisfies the burden of proof.  So I have no idea

19  why they're relying on this case or even distinguishing it

20  in their Reply Brief.  But they rely on that case.  It

21  establishes the framework specifically for an indirect

22  profits analogy and the Plaintiff won in that case.  So I

23  have no idea why they think that helps them.  They also rely

24  on the District Court's case in *Lenner*, which is also an

25  indirect profit case where discovery had closed and the

1  expert's reports contained one conclusory statement about

2  the indirect profits and it was found to be insufficient.  I

3  mean this has absolutely nothing to do with what we have

4  here.

5          Now, the law is crystal clear, Your Honor, and

6  the Debtors really don't dispute this; that if you find that

7  the software was sold, that this is a direct profits case.

8  What the Debtors do to try to avoid the effect of this being

9  a direct profits case is they try to claim that the software

10  wasn't sold just because the Sale Orders and the Sale

11  Agreements didn't authorize them to sell it in the context

12  of the sale.  In other words, it didn't list the software.

13  But Mr. Herrington claims that my argument is nonsensical

14  but I actually thing that their argument doesn't make any

15  sense from a legal standpoint.  As the Court is well aware,

16  a Debtor in Possession can certainly sell an asset, right,

17  outside of the ordinary course without getting a Sale Order.

18  What does that mean?  It doesn't change the definition of a

19  sale.  It doesn't change the fact that someone paid money

20  for something.  It just changes the fact that it's not sold

21  free and clear of all liens, claims, and encumbrances and

22  that someone holding a lien, for example, and the asset, may

23  be able to sue the buyer.  But it doesn't change the

24  underlying definition of what a sale is.  So just because

25  the sale -- you didn't authorize them to sell our software,

1  doesn't mean that they didn't do it.  It just means that you

2  didn't authorize them to do it.  And they want you to rule

3  on summary judgment that just because the Sale Orders didn't

4  provide for the sale, didn't authorize it, that it could not

5  have possibly, no matter what the facts show, been sold.

6  That makes no sense.

7          Now, I think this is enough to deny their Motion

8  for Summary Judgment on the issue of whether this is a

9  direct profits case and whether the asset was -- whether the

10  software was sold.  But that doesn't even in the analysis,

11  Your Honor, because we believe the undisputed facts of

12  record actually demonstrate unequivocally that the software

13  was sold.  And so we don't think that the Court should just

14  deny the Debtor's Motion for Summary Judgment on this issue.

15  We think the Court should rule that that's what happened.

16  And in doing so, and considering what we call the economic

17  realities of the situation, and we cite authority for this,

18  including Your Honor's Decision in a case involving a lease

19  versus a security interest, we submit three Declarations in

20  our Opposition and these Declarations collectively

21  demonstrate the following facts that are undisputed and

22  which the Debtor did not dispute or raise issue with in

23  their reply, which I think is very significant here.

24          Number one, SNMP owns the software.  Number two,

25  the software was transferred to asset buyers as part of the

1    Business Line Sales.  Number three, the software was

2    contained in certain products sold to each of the Business

3    Line buyers, at least one.  We gave at least one example

4    with respect to each buyer.  In fact, the -- one of the

5    Declarations of Mr. Gascon, a former Nortel employee,

6    attaches a spreadsheet and the spreadsheet actually shows

7    all of the versioned object basis, the VOB's, that are the

8    file drawers contained in the server that include our

9    software, where they went; what buyers they were transferred

10   and were they needed, required?  And so if you look at the

11   -- I can't -- the spreadsheet has been sealed.

12            THE COURT:  Understood.

13            MR. DEAN:  But the spreadsheet itself shows -- if

14   you look at that spreadsheet shows exactly what they did.

15   They knew exactly what they were doing.  There is no secret

16   here.  They knew that they were transferring source code,

17   our software, that they did not have a license to transfer,

18   and they were willing to take that risk because they wanted

19   to sell the assets for billions of dollars and they didn't

20   want us holding up the sale process.  They made a business

21   decision to violate the License Agreement and now they don't

22   want to pay for it.

23            So the other thing that these Declarations

24   establish is not only was the software contained in the

25   products; that the software was absolutely necessary to the

1 functionality of the products, and that's where we get to

2 the value issue.  We give an example in the -- in Jeff

3 Case's -- Dr. Jeff Case's Declaration, Exhibit C.  It's an

4 internal email between Nortel and employees, and I won't get

5 into the specifics about the product listed in the email but

6 I'll direct the Court to read it because we redacted the

7 actual product names in this email.  But what it shows that

8 Nortel -- when we started complaining, leading up to the

9 Genband sale, Nortel did an investigation and decided that

10 they wanted to try to write our software out because, as Mr.

11 Herrington mentioned, it's not important.  It's just

12 standard.  Anybody can get it, right?  So they tried.  And

13 guess what happened?  They failed.  The software being

14 removed from the source code meant that the product itself

15 not only didn't function from our standpoint, but because

16 all of the software is built on each other, nothing barely

17 worked.  So they realized we got a problem here, guys.  We

18 can't write out the SNMP software so we're going to make a

19 business decision and let them file a claim and just

20 infringe on their copyright and violate the License

21 Agreement because we have to do this to get the deal done

22 because if we don't, then the buyer is going to have a bunch

23 of engineers sitting there on day one after closing with

24 nothing to do because the software isn't -- the source code

25 isn't there.  Right?  And so that's the situation that we

1  have here.

2          Now, I think with these undisputed facts, which

3  Nortel intentionally chose to ignore because they know this

4  is what happened; they can't even debate what happened; they

5  want to try to win on some technicality without even having

6  a trial, that the Court should affirmatively hold that the

7  software was sold when you evaluate the economic realities

8  of the situation.

9          Now, instead of trying to make hay with any of

10  the facts that actually occurred, Nortel's view in their

11  Reply Brief, which is basically a repeat of their Motion

12  with some distinction of the cases that we raise, they

13  doubled down on their argument.  They just doubled-down on

14  this technical argument that the Sale Orders win the case

15  for them; that the Sale Agreements automatically, as a

16  matter of law, win the case for them.  So what do they

17  really want you to believe here?  They want you to believe

18  with these undisputed facts that notwithstanding the fact

19  that the Debtors transferred our software, indisputably,

20  that the software was contained in the products and is

21  critical to the functionality of the products that the

22  purchasers paid really good money for, right; that the

23  software was simply just given away, just given away to

24  buyers for free.  Didn't cost them anything.  Nobody paid

25  for anything.  We just gave it away.  And we didn't give it

1    away to anybody.  We gave it away to asset buyers who

2    collectively paid billions of dollars through this

3    bankruptcy Estate and they want you to find that that means

4    that it wasn't sold.  I don't know how you can make that

5    conclusion.  I don't even think this argument has any

6    legitimate basis and I submit that their argument is the one

7    that's actually nonsensical.

8          Now, in light of the fact that we believe that

9    the software was sold in light of these undisputed facts of

10   record, this is a direct profits case.  Okay?  So I next

11   want to address what's required to satisfy the causal nexus

12   in a direct profits case.  The case law is clear that a

13   Plaintiff in a direct profits case where the underlying

14   copyrighted work was sold as part of an overall sale, all

15   the Plaintiff has to do is identify or proffer the gross

16   proceeds from the sales, which we've done.  They're a matter

17   of public record obviously.  But we've also done it in our

18   Complaint and we've done it in our papers.

19          The Debtors claim that we attempt to avoid the

20   causal nexus requirement all together in their Reply Brief

21   but they're just wrong about that.  We're not trying to

22   avoid it.  What we're trying to say is that in a direct

23   profits case like this, the causal nexus is minimal and that

24   all we have to do is what I just described, which is to

25   identify the gross sale proceeds from the specific sales

1  governing or including the software.

2          Now, I want to point the Court, because there are

3  a lot of cases, and I don't think you have to read every one

4  of them but I think if you read the following cases I'm

5  going to discuss that it will give you a real flavor for

6  what the issue is here.

7          THE COURT:  I'll take your offer.

8          MR. DEAN:  So the cases -- the first case is

9  *Bergt, B-E-R-G-T, versus McDougal Littell*.  That's a

10  Northern District of Illinois case and the *Wood* case from

11  Colorado.  And in both of those cases, the Defendants sold

12  books containing one single infringing photograph.  Okay?

13          THE COURT:  Yes.

14          MR. DEAN:  In both of those direct profit cases,

15  Your Honor, the Court held that the Plaintiff met their

16  causal nexus burden simply by presenting the gross proceeds

17  from the sale of the books.  Okay?  That's it.  That's all

18  they had to do.  The *Bergt* case, in particular, contains a

19  really helpful discussion of why that was a direct profits

20  case in the first place, right, and why in a direct profits

21  case that's your only minimal burden at summary judgment on

22  a causal nexus standard.  And the Court relied on the

23  Seventh Circuit case which is -- the Seventh Circuit case of

24  *Taylor*, the *Taylor* case, which is also in our papers and

25  applying the rule of *Taylor*, the *Bergt* Court held that the

1   Plaintiffs in the direct profit case must only show a

2   minimal connection between the revenue and the infringement

3   and that showing is met simply by pointing to the gross

4   revenue from the sales containing the infringement work.

5   Now, the *Taylor* case in the Seventh Circuit is the only

6   Circuit Court authority that we're aware of that

7   specifically addresses what a Plaintiff's burden is in a

8   direct profits case.  The *MGM* case from the Ninth Circuit

9   awarded direct profit cases and indirect profit cases, the

10  *Frank* [indiscernible] case is actually what we call it in

11  the paper, but that case doesn't directly actually say

12  what's required.  They just awarded it.

13          So this case actually discusses it and the thing

14  about this case is that the Plaintiff actually lost.

15  Plaintiff didn't show enough.  And I think that's really

16  important to think about because if you look at the facts of

17  the *Taylor* case, even thought he Plaintiff lost in that

18  case, actually shows unequivocally why we win.  What the

19  Plaintiff tried to do in the *Taylor* case was to attribute a

20  portion of the Defendant's overall sales without regard to

21  identifying the sales where the actual infringing work was

22  sold.  And the Court had an analogy and said look, you can't

23  just put General Motors' income tax returns into the record

24  when they sell two cars that contain your infringing work

25  and satisfy your initial burden.  You have to identify the

1    revenue stream from the actual sale.  And so that's what

2    we've done here.  If we were only dealing with three sales

3    in which our software was transferred and sold, we would

4    only be talking about three business lines.  We're not

5    seeking revenue, any other type of revenue, from Nortel.

6    We're not seeking revenue from the enormous patent sale that

7    occurred.  We're seeking revenue from the very sales where

8    we allege, and prove actually as a matter of fact in these

9    Declarations, that the software was transferred.

10             So there's one other case I want to point you to,

11   Your Honor, and that's the *X-It* case.  That's X-It, out of

12   the Eastern District of Virginia.

13             THE COURT:  Yes.

14             MR. DEAN:  Now, in that case, Your Honor, the

15   Plaintiff owned a copyright for some art and some design for

16   a ladder and the Defendant sold the ladders and basically

17   put the Plaintiff's artwork and design on the ladder and

18   represented it to be theirs and the Plaintiff sued the

19   Defendant for profit damages.  And the argument made by the

20   Defendant was you can't claim that your stickers or your --

21   this had nothing to do with the profits that we received.

22   Nothing.  How could -- the ladder is what's being sold. The

23   Court said no.  No.  This is a direct profits case.  What

24   you got to do is identify the proceeds from the sale of the

25   ladders that contain the design features that you have

1  copyrighted and that's all you have to do.  That's all you

2  have to do.  That's what we've done here.

3          Now, the case law that I just summarized, Your

4  Honor; I'll say it again, makes absolutely clear all we have

5  to do is profit a gross sale proceeds to satisfy our burden

6  of a causal nexus.

7          Now, I want to move on to the second argument

8  that the Debtors have raised and I think the second and

9  final arrow in the Debtor's bow so to speak I think is just

10  as misdirected as the first one.  And the reason why is

11  because they're arguing essentially that even if the

12  software was sold, that we can't show that the purchase

13  price in the Business Line Sales was attributable in any way

14  to the purchase price because, of course, as Mr. Herrington

15  argued, the buyers simply just paid for whatever was listed

16  in the Purchase Agreement and that should end the discussion

17  forever.  Now, the Debtors base this theory entirely on the

18  bald assumption that because the buyers had to pay us

19  separately to use the stuff that the Debtors improperly

20  transferred to them, that that should end the day.  So why

21  would a buyer pay twice, right; their argument, for the same

22  thing.  So the buyer could not have subjectively in their

23  mind have ever attributed any value to the software in the

24  context of the Business Line Sales.  This argument, to us,

25  has several legal and factual flaws.  Now, from a legal

1  standpoint, the Debtors attempt to minimize or make zero the

2  value of the software in the Business Lines Sales.  This is

3  entirely an apportionment issue.  The Copyright Act requires

4  the Plaintiff to submit the gross proceeds and then shifts

5  the burden to the Debtors or the Defendants to show what

6  portion of the sale proceeds, and maybe it's all of it,

7  should not be attributed to the Plaintiff.  So they may

8  argue in discovery and at trial, which is where this should

9  go down, that we're not entitled to anything because of this

10  argument, and maybe some other arguments that they're

11  raising, but you can't make that ruling on summary judgment

12  without having any evidence, first of all.  But second of

13  all, it's their burden.  And if you read the *Bergt* case and

14  if you read the *Wood* case and if you read the *X-It* case,

15  which are the three cases I just discussed for the whole

16  burden itself, in all those cases, the Defendants tried to

17  argue that this is -- we're talking about -- in the *Bergt*

18  case, for example, we're talking about one page in a poem

19  here, Your Honor.  This is what they argue.  And it's a

20  piece of artwork and the poem's text, and so there's no way

21  that anybody could have ever looked at this book and said

22  I'm going to buy this because of this wonderful single

23  picture in here when it's a textbook.  The Court said not

24  the Plaintiff's problem.  That's your problem.  You

25  infringed.  You used the copyrighted work in the sale of the

1  book and so, therefore, you have to tell us.  It's your

2  burden, Defendant.  Tell us what portion of the proceeds is

3  attributable.  Well, it may be one percent.  It may be a

4  half of percent.  It may be ten percent.  But that's the

5  Defendant's burden to show.

6          Now, I also think that even if you found that we

7  had to put forth evidence of value, I think we've done so.

8  I mean the undisputed facts, as I've already laid out to

9  Your Honor that not only was the software transferred, it

10 was included in products and it was necessary to the

11 functionality.  I mean the Debtors are asking the wrong

12 question.  It's not what the buyers needed to pay us to use

13 it legitimately.  Obviously, Avaya doesn't care about that.

14 But more to the point, the real question is what would the

15 buyers have paid if you had not given them a working

16 product?  What would they have actually paid for this

17 business if you had actually done what you were supposed to

18 do and actually got a deal with us up front or withheld the

19 source code and waited until you got a deal before you could

20 legitimately transfer the source code under the contract?

21 It may have still all worked out possibly, but then the

22 Debtors would have done the right thing.  But they didn't

23 here, and now they want to reinvent history and act like it

24 doesn't matter.  But it does matter.  And we're not here on

25 actual damages but I'll tell you SNMP has suffered

1    substantial harm as a result of this.  Just because we may

2    have gotten deals with other buyers, can you imagine the

3    leverage position that puts us in?  A buyer calls us and

4    says guess what?  We got your stuff.  We'd like to negotiate

5    a deal.  Or would SNMP rather be in the position and say

6    hey, we'd like to get your stuff.  Would you please do a

7    License Agreement with us and give us certain pricing?  I

8    mean let's think about that.  I mean think about the

9    position that put us in.  Think about the extraordinarily

10   high amount of legal fees SNMP has incurred.  And also think

11   about the fact that on the largest of these -- or one of the

12   largest and most -- possibly even the most important sale in

13   this whole lawsuit is the one to Avaya.  Avaya doesn't have

14   a license.  Avaya didn't do a deal with us.  Avaya did an

15   Accession Agreement with us and then told us to pound sand

16   and we had to sue them and that's where we are today.

17          So to the extent that you find that these

18   indirect profit cases have any applicability and that we

19   have to show some time --

20          THE COURT:  Yes.

21          MR. DEAN:  -- to the value, which we don't in a

22   direct profits case, but if you disagree with us and we have

23   to show something of value, I think we've done that based on

24   the evidence of record.  We've at least created a material

25   dispute of genuine fact as to whether the software had a

1   value.

2          Now, let me just lastly address the Rule 56(d)

3   request.  The only -- we agree with the Debtors that this

4   doesn't require additional discovery to decide.  The Rule

5   56(d) request was made as an ultra-protective, out of an

6   abundance of caution type of thing.  And what I mean by that

7   is you only get to Rule 56 if you first find that we have to

8   show any value at all and the indirect profit cases mean

9   anything or that the software wasn't sold and we have to

10  show some more value and that the undisputed Declarations

11  that we've put in don't at least provide a material dispute

12  of fact as the value.  So if we have to do more than that,

13  then what we need isn't to do more searching, as Counsel

14  said.  No.  It's -- we haven't gotten a single -- we got one

15  document from -- this case has been going on for how long?

16          THE COURT:  Since --

17          MR. DEAN:  Discovery has been overdue from the

18  Debtors for six, eight months.  We have gotten one document

19  from them and we're still waiting to hear from them.  We

20  haven't gone to Court on this yet because we're trying to do

21  things reasonably, but we're about to that point because we

22  haven't -- we got one document from them and it's a list of

23  the VOB's.  They haven't given us anything.  They haven't

24  even proposed a way to move forward yet in discovery.  I

25  have no idea what they're waiting for.  But we've given them

1  access to thousands and thousands and thousands of documents

2  that we produced in the Canadian proceeding that are

3  relevant here.  Same with Avaya.  Avaya is starting to --

4  has produced some documents to us.  And the Debtors are just

5  sitting there doing nothing.  I guess they're doing nothing.

6  I haven't heard.  All I've heard is we're going to get to

7  you at some point.  We'll let you know.  Oh, you're on the

8  front of our frontal lobe but we haven't heard anything yet.

9  So the reason why I'm bringing this up is because in order

10 to do more, to show more value, we have to get the revenue

11 numbers from the products that contain our software.  We

12 also have to learn what other products might be out there

13 that contain our software.  And without discovery from the

14 Debtors, we can't do this.  I don't think this is even

15 necessary for this Motion, but to the extent we have to get

16 to all these layers and the Court finds that we have to show

17 more, then I think we are entitled to a deferral of a

18 Motion.  But like I said, I'll be clear.  I don't think we

19 ever have to get there because we have to lose two other

20 issues before we even get to the Rule 56 request.

21         So, in summary, Your Honor, we think that the

22 U.S. Debtor's Motion must be denied.  There's at least a

23 genuine dispute of material fact as to whether the software

24 was sold, which would make this a direct profits case

25 indisputably.  And because this is a direct profits case, or

1  at least there's a genuine dispute as to whether it is, the

2  case law that I provided you confirm without a doubt that

3  our minimal showing of a causal nexus to satisfy summary

4  judgment is simply to identify the gross proceeds from the

5  Business Line sales.

6         Now, in addition, the Debtor's attempt to

7  minimize the value of the software because the buyers

8  wouldn't have paid twice for the same thing for the right to

9  use what was already given to them, in the subjective belief

10 of the buyers, doesn't answer the question.  The only way to

11 really value this stuff is to do so through an expert

12 opinion.  It doesn't matter; even if the buyers stood right

13 here on the stand and said yeah, sure, I wasn't thinking

14 about the SNMP software when I bought the asset, that

15 doesn't mean that it didn't have objective value to the

16 actual sale.  And so you can't just decide this issue on

17 summary judgment, Your Honor, and if you would find that you

18 need to decide it on summary judgment, we obviously need

19 more time.

20         Now, one other thing I want to raise here is this

21 whole concept of this windfall, right?  We got deals with

22 everybody and we're seeking this in bad faith and it's

23 opportunistic greed, the Debtors are trying to pull on your

24 heartstrings in this Motion and invoke --

25         THE COURT:  I'm hard-hearted, Mr. Dean.

1          MR. DEAN:  Right.  Right.  And they're trying to

2  invoke equity, because we are in Bankruptcy Court for that,

3  as a matter of fact, and look, I get it.  This is a Court of

4  Equity.  But let me just tell you, in considering this, you

5  got to look at not the bankruptcy laws; you got to look at

6  the copyright laws because that's what we're dealing with

7  here, right?  And in Section 2(b)(1) of our Brief, our

8  Opposition Brief, we lay out in detail that the purpose of

9  the Copyright Act's profit damages provision is to deter

10  wrongful conduct.  It's not to make the Plaintiff whole.

11  The Plaintiff, in fact, plenty of cases say this; not even

12  debatable, the Plaintiff doesn't even have to show a

13  scalenta [ph] of actual damages to get a profit damages

14  claim.  So I don't know how equity and the fact that we're

15  seeking a portion of the profits that we actually helped the

16  Debtors get, by the way, because if we didn't -- if our

17  software wasn't included in this, then the products wouldn't

18  have worked.  So we're literally just seeking our fair share

19  of whatever a Court may determine that might be under the

20  Copyright Act.

21          Now, to the extent that equity has any bearing on

22  this Court's Decision, I think the Court should consider the

23  Debtor's conduct here.  SNMP, and I'll conclude with this,

24  Your Honor, SNMP -- let's think about this.  We did

25  everything possible to prevent the Debtors from transferring

1    our software.  We objected at every level.  We tried to get

2    language.  We did everything we possibly could.  We raised

3    heck with them over this issue.  We didn't sit there and lie

4    in wait and hope that the Debtor transfers our software so

5    that we can lodge a profit damages claim.  We gave them fair

6    absolute warning that if you do it, you're going to get

7    sued.  Why do you think they had to stand in Court and say

8    all of our rights are preserved?  Let's just kick this down

9    the road for another day.  Don't hold up these billion

10   dollar sales, Your Honor.  Let them sue us later.  Let them

11   file a claim later.  That's what they said in Court.  Now

12   we're here.  We've done what they asked us to do.  Now they

13   want to get out of it on a technicality.   The truth is the

14   Debtors needed our software.  It had value to the sale or

15   they would have written it out.  Right?  Why would they have

16   taken the risk of us suing them?  I mean we didn't keep it a

17   big secret that we weren't happy with what they were doing.

18              THE COURT:  Right.

19              MR. DEAN:  Why would they just not -- why

20   wouldn't they just write it out?  Why wouldn't they just not

21   -- if our software was so inadequate and simple and

22   standardized, why didn't they just not transfer it?  Well,

23   the reason why is because they had to.  And so we're just

24   seeking our fair share.  The Debtors made a business

25   decision.  The business decision was we know we need this

1  stuff.  We know we can't do this under the License Agreement

2  but SNMP's revenues of the payments that we made are nominal

3  in the scheme of things and so we're willing to make -- and

4  I don't necessarily blame them for the business decision

5  they made.  It was a business decision.  They said we want

6  to get this money in.  We don't want to hold up these sales

7  to do it the right way because the buyers are anxious and

8  the Debtors are anxious and the Creditors Committee might

9  have been anxious too.  So let's just go forward.  Let them

10  file a claim.  We got plenty of money to deal with this and

11  we'll deal with it when it comes.  And so I think if anybody

12  is guilty of opportunistic greed in this case, Your Honor,

13  it's the Debtors.  It's not SNMP Research.  Thank you.

14          THE COURT:  Thank you, Mr. Dean.  Mr. Herrington?

15          MR. HERRINGTON:  Your Honor, I want to answer a

16  question you had from earlier and then turn right to the

17  core of SNMP's argument.  I checked with Ms. Schweitzer, who

18  as you know is here for the auctions and sales, and the

19  answer is no, there was never a discussion of a price

20  discount, nor would there ever be because it was understood

21  that all the Debtors were selling, or ever could sell, was

22  their own property.  And as Your Honor will remember, there

23  were plenty of third-parties who showed up and in a rational

24  way raised the concern that well, we may have some rights in

25  what's being sold here and that was all addressed.  None of

1   them are coming back suing for $100 million now and saying

2   well, gosh, somehow our property was sold and now we get

3   $100 million from the sales.  This is, again, a Court-

4   supervised bankruptcy proceeding.  It's completely

5   transparent.  If someone wants to show up and say hey, I've

6   got stuff in the mix and you're not getting rights to it;

7   you're going to have to come to me, that's fine, and that's

8   exactly what happened.  And so the idea that that would

9   represent a purchase price paid on behalf of that third-

10  party's property cannot be squared with the Sale Agreements

11  and the Sale Orders.

12          THE COURT:  Now, there was no understanding

13  though with the purchasers, was there, that we're going to

14  transfer the software to you and you have to work a deal?

15          MR. HERRINGTON:  Well, I think, Your Honor,

16  that's what would have been evident to the purchasers from

17  the Sale Hearings and, you know, Counsel for SNMP has

18  suggested oh, there was something nefarious.  Like the

19  purchasers were getting software from Nortel.  For one

20  thing, what the purchasers requested are these things called

21  VOB's, you know VOB 23, VOB 57, and if they say they need

22  it; these are for the most part Nortel folks who have gone

23  over to the purchaser, and are saying, you know, send us

24  this.  It's not saying send us SNMP software.  It's send

25  this VOB.  And if they're requesting it, it's for the

1  Business Line that's being sold.  So there wasn't any sense

2  of like oh, we're going to send you SNMP software.  We're

3  sending you a VOB.  But what was clear from the Sales

4  Hearings and from the Sales Agreements and the Sales Orders

5  is SNMP is appearing and saying hey, if our software is in

6  there, you need to reach terms with us.  And again, SNMP is

7  seeking to describe this as some malicious, nefarious, you

8  know, bad deed that, of course, we were going to get sued

9  for.  Well, this deed was discussed explicitly when SNMP

10 said oh, we don't even want you sending our software to

11 anybody when they raised that at the Erickson MSS hearing

12 and the -- that was discussed in the on light of this --

13 fluorescent light of this Courtroom.  What's going to

14 happen?  This -- Erickson understands and, in fact, I think

15 it entered into an Accession Agreement either simultaneously

16 or near simultaneously with the sale.  It understands it's

17 going to need to sit down with SNMP and address and enter

18 into an Agreement.  And Your Honor said to SNMP if that

19 doesn't happen, please, you can come back to me.  So this

20 wasn't, again, some kind of nefarious or hidden or secretive

21 act.  It was in --

22          THE COURT:  Open and transparent.

23          MR. HERRINGTON:  Open and transparent.  And it

24 worked exactly as it should work.  SNMP deserves to be

25 compensated and their President testified that they have

1  been compensated by Erickson for that software.  That's

2  clear.  So again, the idea that we were selling their

3  property and that we were getting paid through the purchase

4  price for their property is just wrong.

5          So Your Honor, that leads me to their core

6  argument, which is our property was sold.  Well, to get the

7  purchase price, to get a share of the purchase price, they

8  have to say that our property was sold through the Sale

9  Agreement as approved by the Sale Order because that is what

10  the purchase price was paid for and this is spelled out, the

11  relevant provisions, are cited in our Reply Brief at page 6,

12  note 6.  But it's also spelled out in each of the Sale

13  Agreements.  I'll go through one again.  The Avaya sale,

14  Section 2.1 of the Sale Agreement stated at the closing, the

15  purchaser shall purchase from the relevant sellers and each

16  seller shall transfer all of its right, title, and interest

17  in and to the assets, other than the excluded assets.  So

18  what are the Debtors selling?  Their assets.  And, in fact,

19  the excluded assets expressly excluded third-party

20  intellectual property such as SNMP is claiming here.  So

21  that's what's being sold.  Let's turn to what the purchase

22  price is.  Section 2.2.1 stated the purchase price is paid

23  as consideration of the sale of the assets pursuant to the

24  terms hereto and the sale of the EMEA assets pursuant to the

25  EMEA Asset Sale Agreement.  So the purchase price is the

1  price paid pursuant to the Sale Agreement and the Sale

2  Orders.  So when SNMP says well, we think somehow our

3  property was sold, again it wasn't.  It couldn't have been.

4  The Debtors never pretended they were selling SNMP's

5  property.  But without even addressing it, they have to say,

6  and they do say, well, it was sold outside the scope of the

7  Sale Agreement and the Sale Order.  Okay.  Well, then

8  whatever you're saying, you can't get the purchase price

9  with that theory because the purchase price was paid under

10  the Sale Agreement and under the Sale Order and Your Honor

11  confirmed.  That is in the Sales Orders and we hadn't

12  noticed it when we put our Briefs together but I think it's

13  helpful to Your Honor to look at.  This is Section N of the

14  CDMA Sale Order.  It's Exhibit 6 to our Agreement.  And it

15  states -- the Court states that total consideration provided

16  by the purchaser for the purchased assets; again, Debtor's

17  property, is the highest and best offer received by the

18  Debtors and the purchase price, as defined in the Sale

19  Agreement; I don't remember, the Sale Agreement says the

20  purchase price is the price paid for the Debtor's property,

21  constitutes reasonably equivalent value under the Bankruptcy

22  Code, reasonably equivalent value, fair consideration, fair

23  value, under any other applicable laws of the United States,

24  any State Territory or possession or the District of

25  Columbia for the purchased assets.  So the Court is

1  confirming, again, what is the purchase price for?  It's for

2  the purchased assets and the purchased assets are the

3  Debtor's property and, in fact --

4           THE COURT:  And excluded, excluded --

5           MR. HERRINGTON:  Excluded --

6           THE COURT:  -- third-party --

7           MR. HERRINGTON:  -- SNMP's property.

8           THE COURT:  Right.

9           MR. HERRINGTON:  It could not have been more

10  clear.  So, Your Honor, with that, let me turn to what SNMP

11  says are its best cases.  You've got the *Bergt* case.

12           THE COURT:  Yes.

13           MR. HERRINGTON:  And the *Wood* case and the *X-It*

14  case.  In all of those cases, the copyright holder's

15  copyrighted material was sold.  The first two involved books

16  in which copyrighted photographs were sold as part of the

17  book.  There's no way to say that that photograph was sold

18  any less than any other photograph or a portion of text in

19  that book, and this was just the way somebody would normally

20  buy a book.  How much is the book?  It's $10.  Okay.  What

21  do I get?  You get what's in the book.  Same thing with *X-*

22  *It*.  The ladder was sold with images that the Plaintiff

23  claimed a copyright for.  So if somebody buys the ladder,

24  they buy all of it and it all comes with it.  Well, here,

25  Your Honor, we have a different and probably unique

1   situation.  Certainly, far different from any of the cases

2   that SNMP cites and argues are its best cases and that is we

3   have a Court-supervised sale where the Court and the Sales

4   Agreement is specifying what is being sold and what not.  So

5   in the context -- if we want to use the hypo, and I'll turn

6   back to Your Honor's hypo, but a hypo of a book containing a

7   copyrighted photographs.  It's as if the Debtors are selling

8   that book.  They're telling the buyers you're only buying

9   what belongs to me.  The photographer comes to Court and

10  says well, on page 15 there's a photograph that's mine and

11  if you want to use this book or look at that photograph or

12  sell it on or whatever you want to do with it, you're going

13  to have to sit down with me and compensate me.  And the

14  Court, you know, turns to the Debtors, turns to the

15  purchasers; says that's right.  Whatever belongs to this

16  photographer is not included in this sale.  And before you

17  even got to that, the Sale Agreement already told the

18  purchasers, already stated that all that's being sold is

19  what the Debtors own.  If something belongs to somebody

20  else, that's not being sold.  It's not being paid for.  So

21  the difference between those cases and ours is the

22  difference between the sale of a book on the street or at a

23  bookstore and a Court-supervised bankruptcy sale where you

24  have the objecting party who shows up and says, you know,

25  you can't sell what belongs to me and that's reflected in

1   the Sales Agreement and the Sales Orders.  So whatever price

2   is paid to the Debtors for their interest in the book is for

3   their interest, not for SNMP's.  And again, as we -- as

4   occurred here in the analogy, after the sale, the buyer of

5   the book sits down with SNMP and says okay, well, I'd like

6   to include your photograph and what does it cost?  Well, my

7   standard rate is $.10 a page.  Okay.  Then we'll pay you

8   that.  So that is completely consistent with what the buyers

9   understood they would need to do, what the Sale Agreements

10  and Sale Orders make clear that they would need to do.  So

11  the idea, again, that the sale was a sale of this photograph

12  may work when you're talking about a book where nobody talks

13  about what's being sold and not being sold, it doesn't work

14  here where this is a carefully defined Sale Agreement and

15  Sale Order that specifies only the Debtor's property is

16  being sold and the purchase price is being paid solely for

17  the Debtor's property that is being sold.

18          With that, Your Honor, if Your Honor, has any

19  questions, any lingering concerns, I'd be happy to address

20  them.  But I think that addresses here -- let me just say

21  briefly what we don't -- I think we have agreement on.  The

22  Copyright Act says profits must be attributable to the

23  infringement and whether you describe that in the case law

24  as a causal nexus or reasonably related to, whatever it may

25  be, that goes to either -- as SNMP tries to satisfy it, our

1  product was sold or our product somehow needed to be

2  included and Debtor -- SNMP's Counsel talked about well, the

3  product wouldn't work if you didn't include our software in

4  it.  It's the same as Your Honor's analogy with the car and

5  the engine.  The car won't work without the engine.  But

6  what we had here is the Sale Agreement saying Debtors are

7  only selling their interest.  SNMP says they own the engine

8  or they own rights to it and if you want to turn on the

9  engine, you're going to have to sit down with them.  It's a

10 legal right that they have that they're asserting.  Buyers

11 are told you're not getting anything other than the Debtor's

12 property and you're explicitly including whatever rights may

13 belong to SNMP which, by the way, we're not conceding SNMP's

14 rights and they said in a footnote to their opening Brief,

15 they're not trying to establish what their rights are.

16 We're simply establishing what the purchase price was paid

17 for.

18            THE COURT:  Right.

19            MR. HERRINGTON:  And the purchase price was paid

20 for the Debtor's property, the car.  It wasn't paid for any

21 rights to use the engine, what SNMP is claiming rights to.

22            With that, Your Honor, I think we're done.

23 Again, unless Your Honor has any final questions.

24            THE COURT:  Well, I thank you, Mr. Herrington.

25 Both sides made very strong arguments.  I've got work to do

1  over the holiday.

2           MR. DEAN:  Sorry about that.

3           THE COURT:  It's all right.  It will keep me out

4  of trouble.  And I'm going to do the work over the weekend

5  and make a substantial start on the Opinion.

6           MR. HERRINGTON:  We appreciate that, Your Honor.

7           THE COURT:  I thank everyone for your input here

8  and your hard work and I will likewise do some hard work.

9           MR. HERRINGTON:  Thank you, Your Honor.

10          THE COURT:  And with that, we'll stand in recess.

11          MR. HERRINGTON:  I hope you'll have a chance to

12  take some kind of break for the holiday.

13          THE COURT:  A good holiday to everyone.

14          MR. DEAN:  Thank you, Your Honor.

15          THE COURT:  Rest with family and enjoy family.

16  Thank you.

17          MR. HERRINGTON:  Thank you.

18          (Whereupon, at 11:09 a.m., the hearing was

19  adjourned.)

20

1                          CERTIFICATION

2         I certify that the foregoing is a correct

3  transcript from the electronic sound recording of the

4  proceedings in the above-entitled matter.

5

6

7  _____        December 29, 2015
8  Tammy Kelly, Transcriber                      Date
9  Diaz Transcription Services

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**2(b)(1)(1)** 61:7

**a.m**(3) 1:22 4:1 72:18
**abbott**(1) 1:34
**abide**(1) 15:18
**ability**(1) 15:8
**able**(4) 6:14 6:20 21:24 45:23
19:15 32:15 34:11 34:12 35:3 35:7 36:5
36:16 37:2 37:19 37:24 39:14 39:15 39:17
40:7 40:12 40:25 41:1 45:1 48:5 50:21
52:14 52:16 53:4 55:17 55:18 56:13 57:8
57:8 57:9 57:11 58:21 60:14 61:24 70:12
70:13 71:2 72:2

**aboveentitled** (1) 73:1
**absolute**(1) 62:6
**absolutely**(6) 19:2 35:18 44:1 45:3 47:25
54:4

**absolved**(1) 38:2
**abundance**(1) 58:6
**access**(2) 40:4 59:1
**accession**(9) 20:1 22:18 22:22 23:7 35:22
38:20 39:1 57:15 65:15

**accuse**(1) 14:5
**acknowledge**(1) 9:19
**acknowledged**(1) 10:25
**acknowledgement**(1) 22:5
**acknowledging**(1) 17:20
**acquired**(3) 34:8 34:12 32:22
**act**(9) 14:1 41:2 41:21 42:6 55:3 56:23
61:20 65:21 70:22

**actual**(13) 10:22 24:5 24:13 24:17 28:7
28:7 28:12 48:7 52:21 53:1 56:25 60:16
61:13

**actually**(31) 5:5 10:9 11:5 11:18 16:2
17:20 23:20 25:3 27:11 31:10 31:20 35:9
38:1 39:7 40:9 43:8 45:14 46:12 47:6
49:10 50:7 52:10 52:11 52:13 52:14 52:18
53:8 56:16 56:17 60:18 61:15

**act's**(1) 61:9
**addition**(1) 60:6
**additional**(3) 14:24 16:16 58:4
**address**(12) 10:9 11:3 11:7 20:18 29:13
35:1 37:16 42:4 50:11 58:2 65:17 70:19

**addressed**(2) 13:18 63:25
**addresses**(2) 52:7 70:20
**addressing**(4) 24:14 28:7 29:4 67:5
**adjourned**(1) 72:19
**administered**(1) 1:5
**administrators**(1) 2:28
**admitted**(1) 9:3
**adv**(1) 1:12
**advertising**(2) 42:18
**affect**(1) 9:22
**affected**(1) 10:20
**affiliate**(1) 32:19
**affirmatively**(1) 49:6
**after**(10) 6:24 9:1 10:7 15:12 27:3 28:13
33:22 39:9 48:23 70:4

**afterwards**(1) 4:13
**again**(38) 16:10 16:14 20:19 22:19 23:7
24:5 25:14 26:8 26:18 26:20 26:24 27:9
28:6 29:4 30:6 30:21 31:13 31:15 32:2
32:11 32:25 33:3 33:11 35:17 35:21 36:18
54:4 64:3 65:6 65:20 66:2 66:13 67:3
67:16 68:1 70:3 70:11 71:23

**against**(3) 24:11 24:16 34:25
**aggregate**(1) 32:21
**agree**(4) 9:9 9:12 37:10 58:3
**agreed**(7) 5:10 5:14 5:15 8:15 12:5 12:17
16:8

**agreement**(63) 12:22 14:1 14:12 15:10
15:12 15:18 19:21 20:1 21:24 22:13 22:19
22:22 23:6 23:8 24:7 25:7 25:9 25:13
25:14 25:22 26:16 31:19 31:25 32:4 32:9
32:12 32:14 32:20 33:10 33:11 33:12
33:16 35:23 36:20 38:20 38:21 38:23 39:1
39:9 40:5 47:21 48:21 54:16 57:7 57:15
63:1 65:15 65:18 66:9 66:14 66:25 67:1
67:7 67:10 67:14 67:19 67:19 69:4 69:17
70:1 70:14 70:21 71:6

**agreements**(25) 7:14 10:15 19:23 21:16
21:22 23:1 23:3 23:17 25:16 26:5 27:21
31:3 31:12 31:15 33:8 36:6 37:5 38:13
41:8 45:11 49:15 64:10 65:4 66:13 70:9

**akin**(2) 2:13 3:9
**all**(64) 6:12 7:1 8:21 12:8 12:23 15:17
16:12 17:14 17:17 17:17 19:6 19:22 19:24 20:9
21:21 21:21 23:19 25:5 25:8 25:23 25:25
29:22 29:23 33:6 33:8 34:13 34:13 34:19
35:7 35:16 35:23 37:16 37:21 38:10 38:19
38:24 39:1 41:16 45:21 47:7 48:16 50:14
50:20 50:24 51:17 54:1 54:1 54:4 55:6
55:12 55:13 55:16 56:21 58:8 59:6 59:16
62:8 63:21 63:25 66:16 68:14 68:24 68:24
69:18 72:3

**allege**(1) 53:8
**allen**(1) 3:18
**allow**(2) 9:11 40:21
**alluded**(1) 21:19
**along**(1) 37:14
**already**(5) 6:10 56:8 60:9 69:17 69:18
**also**(15) 5:21 7:3 11:8 13:8 15:14 26:22
27:14 44:23 44:24 50:17 51:24 56:6 57:10
59:12 66:12

**although**(1) 42:23
**america**(1) 2:17
**among**(1) 35:13
**amount**(2) 23:2 57:10
**analogy**(10) 4:7 4:16 5:3 24:19 24:20 25:3
44:22 52:22 70:4 71:4

**analysis**(1) 46:10

**and**(301) 1:13 1:21 4:4 4:6 4:7 4:8 4:8
4:10 4:10 4:12 4:13 4:15 5:1 5:3 5:6 5:15
5:17 5:18 5:22 5:25 6:9 6:10 6:13 6:18
7:3 7:5 7:7 7:8 7:12 7:16 7:19 7:25 8:3
8:4 8:5 8:17 8:19 8:22 9:1 9:2 9:4 9:6
9:11 9:15 9:23 10:4 10:8 10:12 10:15
10:22 11:1 11:2 11:11 11:13 11:19 12:3
12:8 12:10 12:11 12:14 12:15 12:19 12:21
13:1 13:3 13:11 13:12 14:1 14:2 14:7
14:10 14:12 14:16 14:19 14:25 15:10
15:11 15:14 15:18 15:18 15:20 15:23
15:24 15:25 16:3 16:12 16:15 16:18 16:22
16:25 17:2 17:4 17:6 17:7 17:9 17:10
17:13 17:14 17:14 17:23 18:2 18:3 18:15
18:16 18:16 19:8 19:11 19:15 19:17 20:2
20:6 20:6 20:14 20:14 20:19 20:20 21:2
21:2 21:3 21:4 21:4 21:7 21:9 21:11 21:16
21:17 21:18 21:19 22:4 22:5 22:5 22:11
22:12 22:21 23:1 23:4 23:5 23:10 23:11
23:13 23:13 23:23 23:25 23:25 24:5 24:6
24:10 24:19 24:21 24:25 25:9 25:10 25:10
25:14 25:16 25:19 25:22 25:24 26:4 26:5
26:10 26:11 26:11 26:12 26:13 26:16
26:19 27:4 27:5 27:9 27:9 27:15 27:19
27:20 27:22 28:1 28:2 28:21 28:21 29:1
29:6 29:12 30:5 30:5 30:8 30:9 30:11
30:14 30:15 30:16 30:24 31:4 31:4 31:4
31:5 31:12 31:25 31:25 32:1 32:2 32:5
32:8 32:9 32:12 32:14 32:16 32:20 32:22
33:1 33:3 33:3 33:6 33:16 34:10 34:23
35:6 35:20 35:21 36:2 36:6 36:21 36:23
37:3 37:5 37:10 37:16 37:18 37:20 38:7
38:8 38:18 38:21 38:24 39:4 39:11 39:15
39:18 39:18 39:21 39:21 39:22 39:24
39:25 40:6 40:10 40:14 40:14 40:14 40:17
40:18 40:19 41:2 41:7 41:12 41:12 41:14
41:15 41:16 41:21 41:22 42:6 42:14 42:14
42:21 42:22 42:25 43:1 43:7 43:13 43:18
43:23 44:10 44:13 44:16 44:22 44:25 45:2
45:5 45:10 45:21 45:21 45:21 45:22 46:2
46:9 46:13 46:16 46:16 46:17 46:20 46:21
47:6 47:10 47:10 47:18 47:19 47:21 48:1
48:4 48:4 48:9

**and**(195) 48:12 48:19 48:19 48:20 48:25
49:20 49:25 50:3 50:6 50:18 50:23 51:3
51:10 51:11 51:20 51:22 51:24 52:2 52:3
52:9 52:13 52:15 52:22 52:22 52:25 53:1
53:3 53:8 53:11 53:15 53:16 53:16 53:17
53:17 53:18 53:19 54:1 54:8 54:9 54:10
54:16 54:25 55:4 55:6 55:8 55:10 55:13
55:13 55:14 55:19 55:20 55:20 55:21 56:1
56:10 56:18 56:19 56:23 56:23 56:24 57:3
57:5 57:7 57:10 57:12 57:15 57:16 57:16
57:18 57:22 58:6 58:8 58:9 58:10 58:19
58:22 59:1 59:1 59:4 59:13 59:16 59:25
60:13 60:16 60:17 60:22 60:22 60:24 61:1
61:3 61:7 61:14 61:23 62:3 62:4 62:7
62:21 62:21 62:23 63:3 63:3 63:7 63:8
63:10 63:11 63:16 63:18 63:24 64:25
63:23 65:2 64:1 64:2 64:5 64:6 64:7
64:8 64:11 64:14 64:17 64:21 64:23 64:25
65:4 65:4 65:6 65:6 65:12 65:14 65:17
65:17 65:18 65:22 65:23 65:23 65:25 66:3
66:10 66:15 66:16 66:17 66:18 66:24 67:1
67:6 67:7 67:10 67:10 67:11 67:14 67:17
67:18 68:2 68:3 68:4 68:13 68:13 68:19
68:24 68:25 69:2 69:2 69:3 69:4 69:5
69:9 69:10 69:13 69:13 69:16 69:21 69:23
69:24 69:25 70:1 70:3 70:5 70:6 70:10
70:13 70:14 70:16 70:23 71:2 71:4 71:8
71:12 71:14 71:19 72:4 72:5 72:8 72:8
72:10 72:15

**andrew**(1) 1:35
**another**(8) 13:14 14:20 14:22 15:23 30:10
34:24 42:14 62:9

**answer**(5) 10:8 10:8 60:10 63:15 63:19
**anxious**(3) 63:7 63:8 63:9

**any**(47) 10:17 13:23 13:24 16:11 17:21
17:24 18:1 18:13 18:18 19:1 19:12 20:24
21:10 21:10 21:13 22:23 24:11 27:18
27:18 27:19 31:2 32:19 32:19 37:2
41:19 44:11 45:14 49:9 50:5 53:5 54:13
54:23 55:12 57:18 58:8 61:21 65:1 67:23
67:24 68:18 68:18 69:1 70:18 70:19 71:20
71:23

**anybody**(5) 48:12 50:1 55:21 63:11 65:11
**anything**(18) 14:11 21:10 21:11 22:2 24:8
27:18 27:24 30:22 32:6 36:12 36:15 41:25
49:24 49:25 55:9 58:9 58:23 59:8 71:11

**anyway**(3) 8:24 9:21 13:4
**apologize**(1) 34:23
**appearance**(1) 26:10
**appearances**(2) 2:35 3:1
**appearing**(1) 65:5
**applicability**(1) 57:18
**applicable**(3) 4:15 42:15 67:23
**apply**(1) 40:22
**applying**(1) 51:25
**apportionment**(1) 55:3
**appreciate**(1) 72:6
**approach**(1) 24:1
**appropriate**(2) 16:5 37:3
**approval**(1) 22:5
**approved**(3) 24:25 25:22 66:9
**approves**(1) 25:13
**are**(59) 6:11 6:15 6:16 12:1 14:3 14:6
14:19 14:19 16:11 16:13 18:11 19:17
20:21 21:9 29:19 30:5 32:25 33:4 33:4
34:7 35:5 35:10 36:6 39:11 39:25 40:18
40:20 41:20 42:7 42:16 43:22 46:21 47:7
51:2 55:15 56:11 57:16 59:2 59:4 59:17
60:23 61:12 62:3 63:7 63:8 64:1
64:20 64:22 64:23 66:11 66:18 68:2 68:11
69:2 69:7 71:6 71:11 71:15

**argue**(7) 5:18 20:25 27:10 41:7 55:8
55:17 55:19

**argued**(5) 8:1 8:4 16:10 16:15 54:15
**argues**(1) 69:2
**arguing**(10) 18:10 20:21 23:13 23:15 26:1
27:25 29:5 30:2 38:1 54:11

**argument**(41) 4:5 4:6 4:16 4:17 5:22
13:10 14:3 14:4 14:8 16:8 17:1 17:11
17:16 17:21 18:10 19:10 27:24 31:11
31:17 31:18 33:13 35:25 36:7 41:6 41:13
41:18 41:22 42:4 43:15 44:15 49:13 49:14
50:5 50:6 53:19 54:7 54:21 54:24 55:10
63:17 66:6

**arguments**(2) 55:10 71:25
**armistead**(1) 3:37
**around**(1) 17:25
**arrangement**(3) 4:14 30:19 30:19
**arrow**(1) 54:9
**arsht**(1) 1:33
**art**(1) 53:15
**artwork**(2) 53:17 55:20
**ask**(4) 13:5 13:7 34:12 36:16
**asked**(2) 15:25 62:12
**asking**(5) 9:7 13:13 18:23 23:19 56:11
**aspect**(2) 29:13 29:14
**assert**(1) 33:15
**asserting**(1) 71:10
**asset**(8) 38:15 45:16 45:22 46:9 46:25
50:1 60:14 66:25

**assets**(22) 32:18 32:19 32:22 32:22 32:23
32:25 33:1 33:2 33:4 33:4 33:18 47:19
66:17 66:17 66:18 66:19 66:24
67:16 67:25 68:2 68:2

**assign**(1) 15:11
**assignment**(1) 12:21
**assume**(2) 11:15 15:10

| Word | Page:Line |
| --- | --- |
| **assuming**(1) 24:21 | |
| **assumption**(3) 12:21 41:22 54:18 | |
| **attaches**(2) 11:11 47:6 | |
| **attempt**(4) 33:10 51:19 55:1 60:6 | |
| **attributable**(6) 25:25 27:1 31:8 54:13 56:3 70:22 | |
| **attribute**(1) 52:19 | |
| **attributed**(2) 54:23 55:7 | |
| **auction**(2) 33:17 33:22 | |
| **auctions**(2) 33:18 63:18 | |
| **audit**(2) 15:25 16:15 | |
| **august**(1) 7:20 | |
| **authorities**(1) 43:3 | |
| **authority**(5) 18:14 18:19 32:9 46:17 52:6 | |
| **authorize**(10) 7:13 10:16 10:25 13:22 38:12 41:8 45:11 45:25 46:2 46:4 | |
| **authorized**(4) 10:21 13:8 23:16 41:11 | |
| **automatically**(3) 41:10 42:2 49:15 | |
| **avaya**(24) 1:22 20:1 20:1 20:6 22:15 22:17 22:18 22:25 23:1 23:5 23:7 23:8 33:5 35:22 38:22 41:24 56:13 57:13 57:13 57:14 57:14 59:3 59:3 66:13 | |
| **avaya's**(2) 22:20 38:19 | |
| **ave**(1) 2:8 | |
| **avoid**(3) 45:8 50:19 50:22 | |
| **awarded**(2) 52:9 52:12 | |
| **aware**(3) 8:8 45:15 52:6 | |
| **away**(5) 49:23 49:23 49:25 50:1 50:1 | |
| **b-e-r-g-t**(1) 51:9 | |
| **back**(11) 12:14 16:12 21:25 23:10 27:9 28:13 37:17 37:18 64:1 65:19 69:6 | |
| **bad**(4) 14:7 22:1 60:22 65:8 | |
| **bald**(2) 41:22 54:18 | |
| **band-aid**(2) 38:20 39:3 | |
| **bank**(1) 2:17 | |
| **bankruptcy**(11) 1:1 1:29 17:22 24:22 41:11 50:3 61:2 61:5 64:4 67:21 69:23 | |
| **barely**(1) 48:16 | |
| **base**(1) 54:17 | |
| **based**(6) 14:23 16:13 24:2 37:4 41:22 | |
| **basically**(4) 29:24 39:21 49:11 53:16 | |
| **basis**(6) 14:8 24:17 28:14 34:3 47:7 50:6 | |
| **bassett**(1) 2:43 | |
| **bearing**(1) 61:21 | |
| **because**(76) 8:2 8:21 9:16 9:18 10:19 11:18 12:20 15:8 16:6 18:12 18:19 18:21 19:7 19:20 20:3 22:10 22:23 22:25 23:20 24:22 26:9 29:8 29:9 29:13 31:16 31:20 32:11 34:10 34:25 35:23 36:24 39:10 40:1 41:8 41:11 41:23 42:22 43:4 43:12 43:15 43:19 44:9 45:10 45:24 46:3 46:11 47:18 48:6 48:10 48:15 48:21 48:24 48:24 49:3 51:2 52:16 54:1 54:18 55:9 55:22 57:1 58:20 58:21 59:9 59:19 59:20 60:7 61:2 61:6 61:16 62:23 63:7 63:20 66:9 67:9 | |
| **been**(19) 6:10 6:23 8:14 15:11 18:4 20:3 28:14 28:15 29:3 36:5 46:5 47:11 58:15 58:17 63:9 64:6 66:1 67:3 68:9 | |
| **before**(15) 1:28 7:16 7:21 9:12 11:18 16:22 17:7 18:25 19:9 22:19 37:17 42:1 56:19 59:20 69:16 | |
| **begin**(1) 24:19 | |
| **behalf**(2) 5:1 64:9 | |
| **behavior**(1) 27:22 | |
| **being**(33) 9:21 12:1 16:1 16:21 25:9 25:11 25:16 25:17 25:21 25:22 25:24 26:7 26:20 31:7 32:23 32:25 33:2 33:10 45:8 48:13 53:22 63:25 65:1 66:21 69:4 69:18 69:20 69:20 70:13 70:13 70:16 70:16 70:17 | |
| **belief**(3) 15:18 16:16 60:9 | |

| Word | Page:Line |
| --- | --- |
| **believe**(7) 8:12 19:15 39:4 46:11 49:17 49:17 50:8 | |
| **belknap**(1) 3:4 | |
| **belong**(1) 71:13 | |
| **belonging**(4) 21:11 26:19 27:18 36:15 | |
| **belongs**(8) 29:22 30:7 30:14 30:23 69:9 69:15 69:19 69:25 | |
| **benchmark**(1) 34:24 | |
| **bergt**(6) 51:9 51:18 51:25 55:13 55:17 68:11 | |
| **best**(5) 8:21 15:7 67:17 68:11 69:2 | |
| **better**(3) 24:9 26:8 29:19 | |
| **between**(11) 8:5 10:3 17:2 17:12 41:15 43:6 44:12 48:4 52:2 69:21 69:22 | |
| **beyond**(1) 35:22 | |
| **big**(4) 22:6 35:21 37:1 62:17 | |
| **billion**(1) 62:9 | |
| **billions**(2) 47:19 50:2 | |
| **binary**(1) 30:4 | |
| **bit**(2) 18:22 40:20 | |
| **blackwell**(1) 3:13 | |
| **blame**(1) 63:4 | |
| **blew**(1) 23:3 | |
| **block**(1) 22:9 | |
| **bondholders**(1) 2:42 | |
| **book**(17) 30:11 30:24 42:12 55:21 56:1 68:17 68:19 68:20 68:20 68:21 69:6 69:8 69:11 69:22 70:2 70:5 70:12 | |
| **books**(3) 51:12 51:17 68:15 | |
| **bookstore**(1) 69:23 | |
| **both**(6) 27:14 37:11 39:20 51:11 51:14 71:25 | |
| **botter**(1) 2:14 | |
| **bought**(1) 60:14 | |
| **bow**(1) 54:9 | |
| **breach**(1) 29:6 | |
| **break**(1) 72:12 | |
| **brickley**(1) 2:38 | |
| **brief**(18) 6:10 6:22 10:8 12:15 14:9 17:1 33:6 33:2 42:6 44:11 44:20 49:1 50:20 61:7 61:8 66:11 71:14 | |
| **briefing**(2) 42:1 12:4 17:6 | |
| **briefly**(1) 35:24 70:21 | |
| **briefs**(10) 4:22 5:14 6:7 7:4 7:5 7:8 7:9 11:12 67:12 | |
| **bring**(1) 37:14 | |
| **bringing**(2) 14:6 59:9 | |
| **brings**(1) 9:15 | |
| **brock**(1) 3:13 | |
| **brought**(2) 12:23 29:6 | |
| **bryant**(1) 2:16 | |
| **bubble**(1) 17:25 | |
| **built**(1) 48:16 | |
| **bunch**(2) 30:4 48:22 | |
| **burden**(13) 32:5 41:14 44:18 51:16 51:21 52:7 52:25 54:5 55:5 55:13 55:16 56:2 56:5 | |
| **business**(21) 14:15 15:4 15:13 15:15 33:18 44:6 47:1 47:2 47:20 48:19 53:4 54:13 54:24 55:2 56:17 60:5 62:24 62:25 63:4 63:5 65:1 | |

| Word | Page:Line |
| --- | --- |
| **but**(82) 4:9 4:12 6:8 6:18 6:23 8:15 9:16 9:23 10:23 11:4 12:10 12:25 13:4 13:10 14:11 16:5 17:18 18:22 19:18 20:1 20:5 22:10 22:23 23:7 25:1 25:3 25:4 25:15 28:7 29:19 29:25 31:2 31:13 31:14 32:4 32:7 32:12 33:13 37:14 37:24 38:25 40:3 40:20 40:24 41:5 43:19 44:20 45:13 45:14 45:23 46:10 47:13 48:5 48:7 48:15 50:17 50:21 51:4 52:11 55:11 55:12 56:4 56:14 56:21 56:22 56:24 56:25 57:22 58:21 58:25 59:8 59:15 59:18 61:4 63:2 65:3 66:12 67:5 67:12 69:6 70:20 71:5 | |
| **buy**(3) 55:22 68:20 68:24 | |
| **buyer**(20) 4:13 21:22 22:10 24:5 25:18 26:11 26:14 26:15 26:21 27:4 27:5 29:6 39:21 45:23 47:4 48:22 54:21 54:22 57:3 70:4 | |
| **buyer's**(1) 28:11 | |
| **buyers**(42) 17:14 17:15 21:8 21:12 21:15 21:18 21:21 24:9 24:12 27:25 28:5 28:22 29:3 31:4 35:13 35:18 38:15 39:5 39:23 39:24 40:3 40:15 41:23 41:25 43:2 46:25 47:3 47:9 49:24 50:1 54:15 54:18 56:12 56:15 57:2 60:7 60:10 60:12 63:7 69:8 70:8 71:10 | |
| **buying**(5) 27:17 27:23 36:13 36:15 69:8 | |
| **buys**(1) 68:23 | |
| **call**(3) 13:21 46:16 52:10 | |
| **called**(3) 19:5 39:17 64:20 | |
| **calls**(1) 57:3 | |
| **came**(3) 15:24 16:3 33:22 | |
| **campaign**(1) 42:18 | |
| **can**(21) 4:8 7:3 7:5 7:7 7:8 7:9 11:19 13:3 16:4 18:14 20:18 21:25 25:8 35:20 35:24 45:16 48:12 50:4 57:2 62:5 65:19 | |
| **canada**(2) 8:9 9:8 | |
| **canadian**(7) 8:17 8:24 9:1 9:4 9:19 9:22 59:2 | |
| **canadians**(2) 7:3 7:5 | |
| **cannot**(3) 17:18 26:4 64:10 | |
| **can't**(21) 19:6 26:12 26:21 27:9 27:12 33:14 41:16 41:19 43:6 47:11 48:18 49:4 52:22 53:20 54:12 55:11 59:14 60:16 63:1 67:8 69:25 | |
| **car**(11) 4:9 4:11 4:12 25:1 26:22 29:5 40:13 42:19 71:4 71:5 71:20 | |
| **care**(1) 56:13 | |
| **careful**(1) 34:12 | |
| **carefully**(1) 70:14 | |
| **carry**(1) 36:8 | |
| **cars**(1) 52:24 | |
| **case**(79) 1:4 3:34 7:20 8:8 8:19 10:2 11:11 12:19 24:7 24:10 28:22 34:25 37:14 39:4 39:18 41:14 43:1 43:16 43:16 44:10 44:15 44:16 44:16 44:17 44:19 44:20 44:22 44:24 44:25 45:7 45:9 46:9 46:18 49:14 49:16 50:10 50:12 50:12 50:13 50:23 51:8 51:10 51:10 51:18 51:20 51:21 51:23 51:23 51:24 52:1 52:5 52:8 52:8 52:10 52:11 52:13 52:14 52:17 52:18 52:19 53:10 53:11 53:14 53:23 54:3 55:13 55:14 55:14 55:18 57:22 58:15 59:24 59:25 60:2 63:12 68:11 68:13 68:14 70:23 | |
| **cases**(24) 43:4 43:10 43:17 43:18 43:19 44:3 49:12 51:3 51:4 51:8 51:11 52:9 52:9 55:15 55:16 57:18 58:8 61:11 68:11 68:14 69:1 69:2 69:21 | |
| **case's**(1) 12:4 48:3 48:3 | |
| **cassels**(1) 3:13 | |
| **causal**(12) 41:15 43:5 43:11 44:3 50:11 50:20 50:23 51:16 51:22 54:6 60:3 70:24 | |
| **caution**(1) 58:6 | |

| Word | Page:Line |
| --- | --- |
| **cdma**(2) 14:16 67:14 | |
| **cede**(3) 5:20 18:25 34:21 | |
| **centerpiece**(1) 16:25 | |
| **central**(1) 23:14 | |
| **certain**(2) 47:2 57:7 | |
| **certainly**(4) 28:23 37:3 45:16 69:1 | |
| **certification**(1) 72:23 | |
| **certify**(1) 72:24 | |
| **challenge**(1) 11:14 | |
| **chance**(1) 72:11 | |
| **change**(7) 36:8 36:12 36:16 36:19 45:18 45:19 45:23 | |
| **changes**(1) 45:20 | |
| **chapman**(1) 2:29 | |
| **chapter**(1) 1:7 | |
| **characterize**(1) 31:7 | |
| **charles**(1) 3:29 | |
| **checked**(1) 63:17 | |
| **chips**(4) 29:24 29:25 30:3 30:6 | |
| **chose**(1) 49:3 | |
| **christopher**(1) 2:22 | |
| **churn**(1) 40:9 | |
| **circuit**(6) 44:16 51:23 51:23 52:5 52:6 | |
| **circuit's**(1) 44:15 | |
| **cite**(2) 18:13 46:17 | |
| **cited**(3) 11:12 18:18 66:11 | |
| **cites**(1) 69:2 | |
| **claim**(33) 8:19 16:4 18:6 20:24 23:12 24:16 24:17 26:1 26:2 26:24 28:12 28:21 29:7 30:10 31:24 33:14 33:15 34:25 35:1 35:2 36:25 37:1 37:1 41:13 43:6 45:9 48:19 50:19 53:20 61:14 62:5 62:11 63:10 | |
| **claimed**(1) 68:23 | |
| **claiming**(6) 10:2 26:14 26:24 34:2 66:20 71:21 | |
| **claims**(4) 24:11 25:1 45:13 45:21 | |
| **clear**(23) 9:16 20:19 21:14 23:18 25:16 25:23 27:2 27:13 31:3 37:4 37:5 39:17 43:1 43:24 45:5 45:21 50:12 54:4 59:18 65:3 66:2 68:10 70:10 | |
| **cleary**(1) 1:40 | |
| **clerk**(1) 4:2 | |
| **closed**(2) 39:19 44:25 | |
| **closing**(2) 48:23 66:14 | |
| **code**(14) 10:22 14:18 21:6 28:21 30:3 30:4 39:23 41:12 47:16 48:14 48:24 56:19 56:20 67:22 | |
| **cole**(2) 2:4 5:1 | |
| **collectively**(2) 46:20 50:2 | |
| **colloquy**(9) 8:5 13:20 17:1 17:2 17:5 18:6 19:1 19:3 38:6 | |
| **colorado**(1) 51:11 | |
| **columbia**(1) 67:25 | |
| **come**(6) 12:6 21:25 24:4 27:9 64:7 65:19 | |
| **comes**(5) 29:18 40:13 63:11 68:24 69:9 | |
| **comfortable**(2) 39:7 39:11 | |
| **coming**(3) 4:17 28:12 64:1 | |
| **comment**(1) 6:5 | |
| **commercial**(1) 42:19 | |
| **committee**(4) 2:13 3:8 7:8 63:8 | |
| **company**(2) 2:37 34:7 | |
| **compensate**(2) 21:16 69:13 | |
| **compensated**(5) 24:12 28:15 29:3 65:25 66:1 | |
| **complaining**(1) 48:8 | |
| **complaint**(2) 34:3 50:18 | |
| **completely**(4) 27:21 35:7 64:4 70:8 | |
| **computer**(5) 29:24 29:25 30:3 30:5 39:20 | |
| **conaway**(1) 2:28 | |
| **conceding**(1) 71:13 | |
| **concept**(1) 60:21 | |
| **concern**(1) 63:24 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**concerning**(1) 36:23
**concerns**(1) 70:19
**conclude**(2) 42:1 61:23
**conclusion**(2) 29:19 50:5
**conclusory**(1) 41:22 45:1
**conduct**(3) 14:10 61:10 61:23
**confidential**(2) 6:15 34:12
**confirm**(2) 11:12 60:2
**confirmed**(4) 22:20 24:7 24:10 67:11
**confirming**(2) 7:13 68:1
**confirms**(2) 12:5 23:8
**connection**(1) 52:2
**consequence**(3) 7:16 13:23 36:12
**consider**(1) 61:22
**consideration**(6) 13:2 32:21 33:2 66:23 67:15 67:22
**considered**(1) 34:15
**considering**(5) 6:20 11:15 20:7 46:16 61:4
**consistent**(2) 27:21 70:8
**constitutes**(1) 67:21
**contain**(6) 11:21 44:5 52:24 53:25 59:11 59:13
**contained**(6) 16:2 45:1 47:2 47:8 47:24 49:20
**containing**(3) 51:12 52:4 69:6
**contains**(1) 51:18
**contends**(1) 23:1
**contested**(1) 23:21
**context**(7) 7:18 24:22 39:10 40:24 45:11 54:24 69:5
**continued**(3) 2:2 3:2 8:14
**continues**(1) 20:20
**contract**(5) 14:18 14:20 14:21 15:19 56:20
**conversation**(1) 37:2
**convey**(2) 35:4 35:5
**conveyed**(4) 12:1 23:16 23:16 26:20
**copied**(1) 39:22
**copies**(1) 39:24
**copyright**(28) 11:11 14:1 21:5 28:17 29:23 30:3 30:9 30:9 30:20 31:1 40:6 40:19 40:20 41:2 41:21 42:6 42:20 42:21 42:22 48:20 53:15 55:3 61:6 61:9 61:20 68:14 68:23 70:22
**copyrighted**(11) 42:9 42:9 43:8 43:12 44:5 50:14 54:1 55:25 68:15 68:16 69:7
**core**(2) 63:17 66:5
**correct**(1) 72:24
**cost**(2) 49:24 70:6
**could**(14) 15:10 18:5 32:1 40:2 41:9 41:10 46:4 53:22 54:22 55:21 56:19 62:2 63:21 68:9
**couldn't**(6) 8:24 12:19 27:13 29:10 29:12 67:3
**counsel**(15) 8:5 14:16 16:3 16:10 17:2 17:7 17:13 21:20 22:11 22:15 34:12 38:7 58:13 64:17 71:2
**counsel's**(1) 8:7
**couple**(1) 38:16
**course**(6) 18:13 35:3 42:14 45:17 54:14 65:8

**court**(158) 1:1 4:3 4:21 4:23 5:3 5:7 5:9 5:11 5:17 5:23 6:2 6:4 6:12 6:17 7:1 7:3 7:6 7:10 7:13 7:18 7:24 8:10 8:13 8:24 9:2 9:5 9:14 10:3 10:10 10:11 11:15 11:23 13:3 13:5 13:7 13:8 13:15 13:19 14:23 15:6 15:25 16:3 16:8 16:14 17:2 17:10 17:13 18:16 19:11 19:12 19:14 19:19 19:22 20:9 20:11 20:16 20:23 21:1 21:1 22:4 22:8 22:16 23:4 23:22 23:25 24:23 25:5 25:13 26:3 26:11 26:17 28:16 28:20 28:25 29:8 29:10 29:15 29:17 30:12 30:17 31:12 31:22 32:5 32:9 33:17 33:21 33:24 34:5 34:13 34:19 34:21 35:16 36:1 36:3 37:6 37:8 37:12 37:13 37:19 37:23 38:4 38:12 38:25 41:4 42:11 43:21 43:25 45:15 46:13 46:15 47:12 48:6 49:6 51:2 51:7 51:13 51:15 51:22 51:25 52:6 52:22 53:13 53:23 55:23 57:20 58:16 58:20 59:16 60:25 61:2 61:3 61:19 62:22 62:15 67:11 62:18 63:14 64:3 64:12 65:22 67:15 67:25 68:4 68:6 68:8 68:12 69:3 69:9 69:14 71:18 71:24 72:3 72:7 72:10 72:13 72:15
**court-approved**(1) 24:24
**court-ordered**(1) 14:21
**court-supervised**(3) 24:25 69:3 69:23
**courtroom**(6) 1:16 6:14 8:20 8:22 21:12 65:13
**courts**(1) 43:10
**court's**(8) 9:20 22:4 22:4 22:21 36:24 41:12 44:24 61:22
**covered**(1) 39:1
**craig**(1) 3:5
**created**(1) 57:24
**creditor**(2) 3:17 3:37
**creditors**(2) 3:9 63:8
**creditor's**(1) 2:12
**critical**(2) 44:13 49:21
**cross**(6) 5:11 5:13 5:22 5:25 10:24 14:5
**cross-motion**(1) 9:11
**crystal**(2) 43:24 45:5
**damage**(1) 28:12
**damaged**(1) 22:23
**damages**(12) 10:24 11:2 11:7 14:6 20:7 24:5 24:13 24:17 28:7 28:8 29:3 37:20 41:1 42:7 42:7 42:22 53:19 56:25 61:9 61:13 61:13 62:5
**date**(2) 8:15 73:5
**david**(4) 1:42 2:6 2:14 4:25
**davis**(1) 3:37
**day**(7) 15:23 16:3 28:2 36:8 48:23 54:20 62:9
**deal**(12) 10:1 14:19 21:14 35:21 48:21 56:18 56:19 57:5 57:14 63:10 63:11 64:14
**dealing**(3) 21:3 53:2 61:6
**deals**(4) 20:5 44:1 57:2 60:21
**dean**(56) 2:6 4:25 4:25 5:5 5:8 5:18 5:24 6:3 6:5 6:13 6:18 7:2 7:5 7:7 7:10 7:11 7:25 8:11 8:14 9:15 10:7 10:11 11:24 13:15 13:17 13:20 15:7 19:16 19:20 19:25 20:10 20:11 34:9 34:16 34:20 34:22 37:9 37:14 37:21 37:24 41:5 42:12 43:22 44:1 47:13 51:8 51:14 53:14 57:21 58:17 60:25 61:1 62:19 63:14 72:2 72:14
**debatable**(1) 61:12
**debate**(1) 49:4
**debenture**(1) 3:4
**debtor**(16) 1:19 16:11 16:24 17:25 24:21 25:1 25:6 25:20 26:22 27:11 38:9 39:21 45:16 46:22 62:4 71:2

**debtors**(86) 1:9 1:33 5:13 6:22 7:7 7:15 8:1 8:4 8:6 8:8 8:17 9:1 9:4 9:10 9:19 10:4 10:16 10:20 11:21 11:13 12:2 12:6 12:23 13:21 13:22 13:24 14:3 14:5 14:7 14:17 15:9 16:3 16:18 17:3 17:5 17:15 18:5 18:11 18:13 18:20 19:21 20:22 26:8 27:17 27:23 38:2 38:5 38:12 38:13 39:6 39:11 39:19 40:13 41:8 41:13 43:6 45:6 45:8 49:19 50:19 54:8 54:17 54:19 55:1 55:5 56:11 56:22 58:3 58:18 59:4 59:14 60:23 61:16 61:25 62:14 62:24 63:8 63:13 63:21 66:18 67:4 67:18 69:7 69:14 69:19 70:2 71:6
**debtor's**(41) 5:8 9:17 9:24 10:7 17:2 17:6 17:13 19:6 22:21 25:10 25:12 25:17 25:18 25:20 25:24 25:25 26:6 27:11 32:1 33:1 33:4 36:14 36:14 39:8 40:24 41:6 41:18 44:10 46:14 54:9 59:22 60:6 61:23 67:16 67:20 68:3 70:15 70:17 70:11 71:20
**december**(3) 1:23 4:1 20:14
**decide**(6) 10:13 13:3 17:18 58:4 60:16 60:18
**decided**(2) 41:24 48:9
**decision**(8) 46:18 47:21 48:19 61:22 62:25 62:25 63:4 63:5
**declaration**(4) 11:10 11:10 12:4 48:3
**declarations**(7) 39:12 46:19 46:20 47:5 47:23 53:9 58:10
**deed**(2) 65:8 65:9
**defeat**(1) 36:7
**defendant**(4) 53:16 53:19 53:20 56:2
**defendants**(4) 1:24 51:11 55:5 55:16
**defendant's**(2) 52:20 56:5
**defense**(1) 8:7
**defer**(2) 11:20 13:13
**deferral**(1) 59:17
**define**(1) 44:4
**defined**(3) 33:1 67:18 70:14
**defines**(2) 32:20 43:15
**definition**(2) 45:18 45:24
**definitions**(1) 32:9
**delaware**(6) 1:2 2:8 4:1 14:1 23:4 41:2
**deliver**(5) 7:15 10:16 13:22 38:14 39:25
**delivery**(1) 40:2
**demonstrate**(5) 39:13 41:16 41:19 46:12 46:21
**denied**(3) 18:4 23:20 59:22
**dent**(1) 3:5
**deny**(3) 8:1 46:7 46:14
**deposition**(1) 24:10
**derek**(1) 1:34
**describe**(2) 65:7 70:23
**described**(1) 50:24
**deserves**(1) 65:24
**design**(3) 53:15 53:17 53:25
**despite**(2) 16:20 23:22
**detail**(2) 42:5 61:8
**detailed**(1) 14:9
**deter**(1) 61:9
**determine**(2) 16:1 61:19
**dialog**(2) 7:21 17:12
**diaz**(1) 1:50
**did**(26) 9:22 10:15 13:9 13:23 16:14 18:12 19:8 19:14 20:5 20:6 20:6 21:2 23:24 23:24 24:6 35:21 37:16 38:12 39:19 46:22 47:14 47:17 48:9 57:14 61:24 62:2
**didn't**(35) 7:13 12:22 13:5 19:23 35:15 35:22 37:15 37:19 38:3 38:5 38:9 38:23 39:3 41:8 42:23 45:11 45:12 45:25 46:1 46:2 46:3 46:4 47:19 48:15 49:24 49:25 52:15 56:22 57:14 60:15 61:16 62:3 62:16 62:22 71:3
**difference**(2) 69:21 69:22

**different**(4) 11:21 29:25 68:25 69:1
**diligent**(1) 39:6
**direct**(29) 15:21 37:19 40:25 41:14 42:6 42:7 43:15 43:17 44:2 44:3 44:13 44:13 45:7 45:9 46:9 48:6 50:10 50:12 50:13 50:22 51:14 51:19 51:20 52:1 52:8 52:9 53:23 57:22 59:24 59:25
**directly**(3) 15:1 18:3 52:11
**disagree**(2) 37:12 57:22
**disagreement**(3) 10:3 11:5 13:1
**disclose**(5) 7:15 10:17 38:14 39:25 40:2
**disclosure**(1) 18:15
**disclosures**(1) 40:13
**discount**(2) 35:14 63:20
**discovered**(2) 15:16 39:6
**discovery**(9) 36:7 36:9 42:2 44:25 55:8 58:4 58:17 58:24 59:13
**discuss**(2) 43:18 51:5
**discussed**(4) 38:18 55:15 65:9 65:12
**discusses**(1) 52:13
**discussion**(7) 35:13 39:15 40:25 41:1 51:19 54:16 63:19
**discussions**(1) 7:25
**dispute**(18) 10:12 10:14 11:4 11:8 11:18 12:19 13:11 13:18 23:3 23:12 23:18 35:23 45:6 46:22 57:25 58:11 59:23 60:1
**distill**(1) 41:5
**distinction**(3) 44:12 44:14 49:12
**distinguishing**(1) 44:19
**distract**(1) 12:24
**district**(6) 1:2 23:4 44:24 51:10 53:12 53:12
**document**(3) 58:15 58:18 58:22
**documents**(3) 6:19 59:1 59:4
**does**(6) 5:17 28:6 35:5 45:18 56:24 70:6
**doesn't**(30) 11:3 13:12 14:20 18:19 19:2 20:8 31:6 31:14 32:11 36:18 36:19 40:11 42:20 45:14 45:18 45:19 45:23 46:1 46:10 52:11 56:13 56:24 57:13 58:4 60:10 60:12 60:15 61:12 65:19 70:13
**doing**(7) 22:3 39:6 46:16 47:15 59:5 59:5 62:17
**dollar**(1) 62:10
**dollars**(2) 47:19 50:2
**done**(16) 8:25 9:11 20:5 41:10 48:21 50:16 50:17 50:18 53:2 54:2 56:7 56:17 56:22 57:23 62:12 71:22
**don't**(36) 4:9 10:13 14:11 18:9 18:13 18:20 20:25 24:11 29:1 30:14 33:23 33:25 40:8 40:16 40:19 40:21 40:22 44:11 45:6 46:13 47:21 48:22 50:4 50:5 51:3 57:21 58:11 59:14 59:18 61:14 62:9 63:4 63:6 65:10 67:19 70:21
**door**(2) 4:10 4:14
**doubled**(1) 49:13
**doubled-down**(1) 49:13
**doubt**(1) 60:2
**dow**(1) 2:37
**down**(18) 15:23 22:12 23:9 24:6 26:16 26:23 27:5 27:20 28:2 35:19 41:5 49:13 55:9 62:8 65:17 69:13 70:5 71:9
**drawers**(1) 47:8
**each**(7) 21:4 33:8 47:2 47:4 48:16 66:12 66:15
**earlier**(1) 63:16
**easier**(4) 5:16 6:6 6:21 10:13
**easily**(2) 19:11 44:3
**eastern**(1) 53:12
**easy**(1) 18:11

| Word | Page:Line |
| --- | --- |

**economic(6)** 27:16 27:16 27:20 27:25 46:16 49:7

**ecro(1)** 1:48

**effect(4)** 17:6 27:3 36:23 45:8

**effectively(4)** 16:24 17:13 18:23 40:15

**efficient(1)** 20:18

**efforts(1)** 23:22

**egerton(1)** 3:37

**eight(1)** 58:18

**either(7)** 7:13 25:2 29:19 39:21 40:3 65:15 70:25

**electronic(2)** 1:56 72:25

**element(1)** 43:12

**else(8)** 7:8 12:7 20:5 25:1 40:4 42:17 42:24 69:20

**email(3)** 48:4 48:5 48:7

**embedded(3)** 39:17 39:23 42:25

**emea(4)** 7:7 32:22 66:24 66:25

**employee(1)** 47:5

**employees(2)** 39:13 48:4

**encoded(1)** 29:25

**encumbrances(1)** 45:21

**end(3)** 9:12 54:16 54:20

**engine(31)** 4:9 4:10 4:13 25:2 25:2 25:4 26:12 26:15 26:23 26:25 27:6 27:6 27:8 27:8 27:18 28:1 28:12 29:8 29:9 40:7 40:8 40:9 40:10 40:12 40:13 40:22 71:5 71:5 71:7 71:9 71:21

**engineer(1)** 39:19

**engineers(1)** 48:23

**enjoy(1)** 72:15

**enormous(1)** 53:6

**enough(2)** 46:7 52:15

**enter(1)** 19:23 21:16 22:13 65:17

**entered(5)** 19:25 21:21 22:18 24:6 65:15

**enters(1)** 25:6

**entire(2)** 34:7 39:22

**entirely(2)** 54:17 55:3

**entitled(3)** 42:21 55:9 59:17

**entry(1)** 7:12

**equity(4)** 61:2 61:4 61:14 61:21

**equivalent(2)** 67:21 67:22

**erickson(15)** 14:16 15:14 16:1 16:7 17:8 17:8 21:22 21:24 22:10 24:5 24:11 32:24 65:11 65:14 66:1

**erickson's(1)** 22:11

**ernst(2)** 3:17 3:22

**esq(20)** 1:34 1:35 1:41 1:42 1:43 2:6 2:7 2:14 2:15 2:22 2:29 2:38 2:43 3:5 3:10 3:14 3:19 3:24 3:29 3:38

**essentially(2)** 36:18 54:11

**establish(2)** 47:24 71:15

**established(3)** 21:2 22:25 44:3

**establishes(1)** 44:21

**establishing(1)** 71:16

**estate(1)** 50:3

**evaluate(1)** 49:7

**even(36)** 8:25 13:5 18:3 18:9 19:10 22:19 23:7 25:14 25:15 26:8 26:18 27:2 29:19 38:23 39:1 39:3 42:1 44:17 44:19 46:10 49:4 49:5 50:5 52:17 54:11 56:6 57:12 58:24 59:14 59:20 60:12 61:11 61:12 65:10 67:5 69:17

**event(1)** 31:2

**ever(7)** 18:1 36:8 54:23 55:21 59:19 63:20 63:21

**every(2)** 51:3 62:1

**everybody(5)** 12:18 17:14 23:8 40:12

**everyone(6)** 4:3 4:11 12:22 20:5 21:18 34:18 72:7 72:13

**everything(3)** 19:8 61:25 62:2

**evidence(6)** 11:12 13:3 15:21 55:12 56:7 57:24

**evident(1)** 64:16

**exact(1)** 33:5

**exactly(11)** 21:20 22:14 22:17 27:4 32:7 40:16 44:1 47:14 47:15 64:8 65:24

**example(13)** 17:22 28:20 30:10 40:7 40:8 40:12 40:22 42:13 42:18 45:22 47:3 48:2 55:18

**exception(1)** 19:22

**excluded(6)** 66:17 66:19 66:19 68:4 68:4 68:5

**excludes(1)** 33:14

**exclusive(1)** 8:23

**exhibit(4)** 48:3 67:14

**exist(1)** 18:20

**expect(1)** 6:23

**expectation(1)** 21:17

**expected(1)** 27:4

**expedite(4)** 9:2 9:6 9:9 9:23

**expert(1)** 60:11

**expert's(1)** 45:1

**expired(1)** 22:23

**explain(2)** 20:25 38:4

**explained(1)** 34:4

**explanation(1)** 24:3

**explicitly(2)** 65:9 71:12

**explosion(1)** 23:5

**expressly(1)** 66:19

**extended(1)** 9:10

**extent(6)** 4:7 19:1 40:17 57:17 59:15 61:21

**extinguish(1)** 22:2

**extraordinarily(2)** 43:23 57:9

**extremely(1)** 8:7

**extrinsic(1)** 13:2

**facie(1)** 11:12

**fact(31)** 11:4 13:12 14:8 14:11 15:19 17:22 18:10 21:11 23:14 27:19 28:21 29:5 35:6 39:5 44:14 45:19 45:20 47:4 49:18 50:8 53:8 57:11 57:25 58:12 59:23 61:3 61:11 61:14 65:14 66:18 68:3

**facto(1)** 19:5

**facts(11)** 4:15 29:19 46:5 46:11 46:21 49:2 49:10 49:18 50:9 52:16 56:8

**factual(2)** 38:16 54:25

**fagen(1)** 3:10

**failed(1)** 48:13

**fair(8)** 21:2 21:17 23:25 61:18 62:5 62:24 67:22 67:22

**faith(1)** 14:7 60:22

**fall(1)** 36:12

**family(2)** 72:15 72:15

**far(2)** 36:5 69:11

**features(1)** 53:25

**fees(1)** 57:10

**feld(2)** 2:13 3:9

**few(2)** 6:18 41:17

**figure(1)** 40:18

**file(10)** 6:9 6:19 9:5 9:11 16:4 39:22 47:8 48:19 62:11 63:10

**filed(11)** 6:7 6:10 6:22 6:24 7:19 8:16 9:21 10:23 15:3 19:16 38:8

**filing(5)** 9:2 9:20 9:23 15:24 17:4

**final(6)** 6:7 10:7 15:13 21:23 23:6 24:6 38:21 54:9 71:23

**finally(3)** 9:3 9:6 10:24

**find(6)** 28:20 45:6 50:3 57:17 58:7 60:17

**finds(1)** 59:16

**fine(4)** 9:8 26:13 36:24 64:7

**finite(1)** 41:6

**first(22)** 5:19 8:21 14:14 15:3 16:14 17:17 19:4 20:18 26:15 34:2 37:25 38:19 38:23 39:2 40:10 42:4 51:8 51:20 54:10 55:12 58:7 68:15

**flavor(1)** 51:5

**flaws(1)** 54:25

**floating(1)** 35:5

**floats(1)** 27:15

**floor(1)** 1:36

**fluorescent(1)** 65:13

**focus(1)** 31:14

**focused(1)** 10:19

**folks(1)** 64:22

**follow-up(1)** 28:8

**following(3)** 4:7 46:21 51:4

**footnote(2)** 33:7 71:14

**for(167)** 1:12 1:33 2:4 2:12 2:27 2:37 2:41 3:4 3:8 3:17 3:22 3:28 3:32 3:37 4:5 4:5 5:11 5:12 5:13 8:5 8:9 8:11 9:7 9:10 10:13 10:15 11:8 11:15 13:13 13:14 13:15 13:24 14:16 15:23 15:25 16:3 16:5 16:7 16:11 16:15 16:15 17:22 17:23 17:23 17:24 17:25 18:5 18:11 18:14 18:19 19:14 20:2 20:3 20:14 21:3 21:10 21:17 21:20 23:19 24:15 24:17 24:17 25:11 25:12 25:20 25:24 26:2 26:8 26:9 26:22 26:22 27:11 27:11 27:20 28:1 28:5 28:11 28:13 28:14 28:17 28:20 29:2 29:7 29:16 30:3 30:9 30:20 31:5 31:7 31:16 34:2 35:2 32:21 32:22 32:23 33:10 33:13 33:17 34:3 34:25 35:2 35:3 35:12 36:14 36:16 38:22 38:23 40:18 42:17 44:21 45:20 45:22 46:4 46:8 46:14 46:17 47:19 47:22 49:15 49:16 49:22 49:24 49:25 51:19 51:23 53:15 53:15 53:19 54:15 54:21 55:15 55:18 56:16 58:15 58:18 58:25 59:15 60:8 60:8 61:2 62:9 63:4 63:18 64:1 64:17 64:19 64:22 64:25 65:9 66:1 66:4 66:10 67:16 67:20 67:25 68:1 68:1 68:23 69:20 70:2 70:3 70:16 71:17 71:20 71:20 72:7 72:12

**forced(2)** 31:16 31:17

**forceful(1)** 15:24

**forefront(1)** 12:24

**foregoing(1)** 72:24

**forever(1)** 54:17

**forman(1)** 2:4

**former(2)** 39:13 47:5

**forth(1)** 56:7

**forward(3)** 9:18 58:24 63:9

**found(2)** 45:2 56:6

**four(1)** 43:22

**four-brief(1)** 5:15

**framework(13)** 8:18 13:21 15:2 21:3 21:14 22:24 23:21 24:3 24:4 38:1 38:4 38:5 44:21

**frank(1)** 5:17

**frankly(6)** 18:2 18:9 19:10 21:19 29:1 29:5

**free(2)** 45:21 49:24

**from(52)** 11:6 12:2 12:24 15:1 16:22 16:25 18:6 20:24 21:9 27:17 27:23 30:6 31:3 33:15 37:25 38:2 39:12 42:8 42:16 45:15 48:14 48:15 50:16 50:25 51:10 51:17 52:4 52:8 53:1 53:5 53:6 53:7 53:24 54:25 58:15 58:17 58:19 58:19 58:22 59:11 59:13 60:6 61:25 63:16 64:3 64:16 64:19 65:3 65:4 66:15 69:1 72:25

**front(3)** 31:8 37:16 56:18 59:8

**frontal(1)** 59:8

**fulbright(1)** 3:23

**fully(6)** 14:13 16:13 16:21 16:23 18:8

**function(1)** 48:15

**functionality(3)** 48:1 49:21 56:11

**further(4)** 10:23 13:9 19:13 24:11

**gascon(1)** 47:5

**gasoline(1)** 25:4

**gave(6)** 5:4 24:8 47:3 49:25 50:1 62:5

**genband(4)** 15:20 16:4 39:6 48:9

**general(1)** 52:23

**genuine(3)** 57:25 59:23 60:1

**get(47)** 5:25 6:23 9:4 11:2 11:18 14:7 14:24 17:8 18:15 20:5 20:7 24:13 28:7 32:3 32:16 35:11 37:21 38:18 40:16 40:19 41:16 42:1 48:1 48:4 48:12 48:21 57:6 58:7 59:6 59:10 59:15 59:19 59:20 61:3 61:13 61:16 62:1 62:6 62:13 63:6 64:2 65:8 66:6 66:7 67:8 68:21 68:21

**gets(1)** 11:6

**getting(9)** 7:16 21:13 31:5 37:2 45:17 64:6 64:19 66:3 71:11

**ginger(1)** 1:48

**give(5)** 7:18 9:4 30:10 48:2 49:25 51:5

**given(7)** 18:1 49:23 49:23 56:15 58:23 58:25 60:9

**goal(1)** 12:16

**goes(1)** 70:25

**going(38)** 4:18 4:19 5:9 5:18 9:2 10:9 13:2 16:21 17:8 21:13 22:6 25:7 26:15 27:23 30:25 31:11 34:9 34:16 35:14 37:21 39:8 40:15 48:18 48:22 51:5 55:22 58:15 59:6 62:6 64:7 64:13 65:2 65:8 65:13 65:17 69:12 71:9 72:4

**gone(2)** 58:20 64:22

**good(12)** 4:3 4:4 7:10 18:18 20:2 20:12 20:13 24:9 29:14 29:17 49:22 72:13

**gosh(1)** 64:2

**got(29)** 23:5 24:15 26:12 26:23 28:9 28:10 28:10 30:9 30:20 30:20 30:20 35:12 35:19 37:24 48:17 53:24 56:18 56:19 57:4 58:14 58:22 60:21 61:5 61:15 63:10 64:6 68:11 69:17 71:25

**gotten(5)** 25:14 57:2 58:14 58:18

**gottlieb(1)** 1:40

**governing(1)** 51:1

**grant(1)** 19:11

**granted(1)** 7:22

**granting(1)** 17:21

**greed(2)** 60:23 63:12

**gross(9)** 1:28 8:2 10:5 10:25 51:16 52:3 54:5 55:4 60:4

**group(1)** 2:41

**guess(3)** 48:13 57:4 59:5

**guilty(1)** 63:12

**gump(2)** 2:13 3:9

**gurgel(1)** 1:43

**guys(1)** 48:17

**had(34)** 7:21 7:25 8:17 8:23 9:5 9:5 9:25 15:19 15:21 16:18 19:1 19:20 22:25 29:8 29:9 33:17 38:10 39:19 44:25 51:18 52:22 53:21 54:18 56:7 56:15 56:17 57:16 57:25 62:7 62:14 62:23 63:16 71:6

**hadley(1)** 2:42

**hadn't(1)** 67:11

**half(1)** 56:4

**hall(1)** 3:19

**hamilton(1)** 1:40

**hand(1)** 41:24

**hands(2)** 32:3 32:16

**happen(5)** 12:23 22:22 35:22 65:14 65:19

**happened(13)** 8:20 8:22 18:5 22:14 22:18 27:9 27:13 32:14 46:15 48:13 49:4 49:4 64:8

**happening(1)** 22:5

**happens(2)** 21:21 32:11

**happy(2)** 61:7 70:19

**hard(2)** 72:8 72:8

**hard-hearted(1)** 60:25

**harm(1)** 57:1

**harrisburg(1)** 1:52

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| has(25) 5:12 6:22 11:15 12:12 14:8 14:20 16:6 19:12 23:12 24:7 30:3 45:3 47:11 50:5 50:15 54:25 56:25 57:10 58:15 58:17 59:4 61:21 64:17 70:18 71:23 | | him(1) 37:25 | | initial(2) 5:22 52:25 | | jointly(1) 1:5 | |
| | | his(10) 5:20 5:21 5:22 5:25 8:3 24:10 25:7 37:16 37:18 38:19 | | initiated(1) 36:22 | | jones(1) 2:37 | |
| | | | | ink(3) 11:19 30:15 30:16 | | judge(6) 1:28 1:29 7:21 7:21 8:2 18:16 | |
| | | | | input(1) 72:7 | | judgment(18) 4:5 5:12 5:12 5:14 8:9 13:4 | |
| | | history(1) 56:23 | | instead(2) 5:14 49:9 | | 28:8 28:18 38:25 43:11 46:3 46:8 46:14 | |
| hauer(2) 2:13 3:9 | | hoc(1) 2:41 | | insufficient(1) 45:2 | | 51:21 51:21 60:4 60:17 60:18 | |
| have(115) 5:5 5:13 6:8 6:10 8:14 8:25 | | hold(2) 22:6 49:6 62:9 63:6 | | insulated(1) 38:6 | | | |
| 11:5 12:6 12:17 12:21 12:22 13:18 14:25 | | holder's(1) 68:14 | | intangible(1) 12:10 | | jurisdiction(1) 8:23 | |
| 15:11 17:9 18:4 18:5 19:12 20:12 21:5 | | holding(2) 45:22 47:20 | | intellectual(10) 10:6 11:25 11:25 12:7 | | just(66) 5:4 5:9 6:6 7:18 11:14 12:17 | |
| 21:13 21:16 24:11 26:15 27:5 27:23 28:2 | | holiday(3) 72:1 72:12 72:13 | | 12:9 12:11 12:11 12:12 12:13 66:20 | | 15:22 17:20 18:17 18:17 19:6 23:21 26:4 | |
| 28:13 29:16 29:22 29:23 29:24 30:14 34:9 | | honest(1) 18:22 | | | | 26:24 27:12 30:7 30:18 30:24 34:17 35:5 | |
| 34:16 38:7 38:9 38:17 39:8 40:4 41:9 | | honor(70) 4:19 4:22 4:25 6:6 6:20 7:12 | | intend(1) 9:18 | | 35:15 37:17 38:9 38:25 39:7 40:8 40:21 | |
| 41:10 41:14 41:23 41:25 42:24 42:24 | | 8:5 8:8 8:19 9:16 10:14 11:8 14:2 14:9 | | intended(2) 12:3 12:5 | | 41:10 41:23 44:8 45:10 45:20 45:24 46:1 | |
| 43:10 43:18 44:2 44:18 44:23 45:3 46:5 | | 14:22 17:7 17:17 18:5 19:9 20:10 20:13 | | intensely(1) 23:3 | | 46:3 46:13 48:11 48:19 49:13 49:23 49:23 | |
| 47:17 48:21 48:22 49:1 50:24 51:3 52:25 | | 21:18 21:19 21:23 23:12 24:18 28:19 | | intentionally(1) 49:3 | | 49:25 50:21 50:24 52:12 52:23 54:3 54:9 | |
| 53:25 54:1 54:2 54:4 54:8 54:22 54:23 | | 29:12 31:10 34:1 34:1 34:9 34:22 35:24 | | interest(5) 46:19 66:16 70:2 70:3 71:7 | | 54:15 55:15 57:1 58:2 59:4 60:16 61:4 | |
| 55:21 56:1 56:15 56:16 56:21 56:22 57:2 | | 36:21 37:1 37:7 37:9 38:11 39:5 43:20 | | interested(3) 2:37 3:28 7:9 | | 61:18 62:8 62:19 62:20 62:20 62:22 62:23 | |
| 57:13 57:18 57:19 57:22 58:7 58:9 58:12 | | 45:5 46:11 51:15 53:11 53:14 54:4 55:19 | | internal(1) 48:4 | | 63:9 66:4 68:19 70:20 | |
| 58:18 58:25 59:10 59:12 59:15 59:16 | | 56:9 59:21 60:17 61:24 62:10 63:12 63:15 | | international(2) 11:2 5:2 | | | |
| 59:19 59:19 60:8 60:15 61:12 61:18 62:15 | | 63:22 64:15 65:18 66:5 67:10 67:13 68:10 | | interpret(1) 12:1 | | keep(5) 6:14 24:21 40:1 62:16 72:3 | |
| 62:15 63:9 63:24 64:7 64:14 64:16 64:22 | | 68:25 70:18 70:18 71:22 71:23 72:6 72:9 | | interpretation(4) 9:8 9:20 13:11 17:19 | | keller(1) 3:24 | |
| 65:25 66:8 67:3 67:5 68:9 68:25 69:3 | | 72:14 | | interpreted(1) 8:20 | | kelly(1) 73:5 | |
| 69:13 69:24 70:21 71:9 71:10 72:11 | | honorable(1) 1:28 | | interprets(1) 8:3 | | kevin(1) 1:28 | |
| | | honor's(7) 24:19 27:3 28:9 29:14 46:18 | | into(25) 4:8 7:17 12:8 16:3 19:23 19:25 | | kick(1) 62:8 | |
| haven't(9) 18:18 25:14 58:14 58:20 58:22 | | 69:6 71:4 | | 20:7 21:16 21:21 22:13 22:18 24:4 24:6 | | kicking(1) 15:23 | |
| 58:23 58:23 59:6 59:8 | | | | 25:6 31:16 31:18 36:13 37:21 38:21 40:19 | | kind(5) 4:16 29:2 35:11 65:20 72:12 | |
| | | hook(1) 17:16 | | 41:16 48:5 52:23 65:15 65:18 | | king(2) 2:23 2:31 | |
| having(5) 4:6 5:14 35:3 49:5 55:12 | | hope(2) 62:4 72:11 | | | | knew(5) 9:25 12:18 17:14 47:15 47:16 | |
| hay(1) 49:9 | | how(13) 4:14 5:9 5:10 13:16 27:7 31:6 | | investigation(1) 48:9 | | know(30) 4:6 5:4 5:9 10:8 18:9 18:12 | |
| head(2) 24:7 38:17 | | 37:2 37:12 50:4 53:22 58:15 61:14 68:20 | | invoke(2) 60:24 61:2 | | 21:5 22:9 27:5 27:6 29:1 30:4 31:18 | |
| hear(2) 16:21 58:19 | | | | involved(4) 40:19 40:20 44:4 68:15 | | 33:23 35:8 36:17 40:16 49:3 50:4 59:7 | |
| heard(4) 37:25 59:6 59:6 59:8 | | howrey(1) 44:15 | | involving(1) 46:18 | | 61:14 62:25 63:1 63:18 64:17 64:21 64:23 | |
| hearing(28) 6:25 7:21 8:16 9:10 9:12 9:25 | | hubbard(1) 3:28 | | ipso(1) 19:5 | | 65:8 69:14 69:24 | |
| 12:15 14:14 14:16 15:25 16:6 16:10 16:14 | | huberty(1) 3:29 | | isn't(7) 27:13 29:14 38:24 43:12 48:24 | | | |
| 16:24 17:4 17:23 18:7 19:3 19:4 19:8 | | hughes(1) 3:28 | | 48:25 58:13 | | knowledge(1) 35:13 | |
| 21:4 34:10 38:2 38:4 38:8 38:25 65:11 | | hypo(8) 24:20 27:3 28:9 29:14 29:20 69:5 | | | | knows(6) 5:11 12:22 34:11 34:18 38:25 | |
| 72:18 | | 69:6 69:6 | | isolated(2) 16:24 38:6 | | 40:12 | |
| | | | | issue(29) 7:19 10:1 11:13 11:17 11:19 | | | |
| hearings(13) 8:6 13:22 14:10 14:11 15:3 | | hypothetical(2) 40:9 40:11 | | 11:20 12:24 12:25 13:4 13:9 13:14 13:16 | | ladder(5) 53:16 53:17 53:22 68:22 68:23 | |
| 15:5 15:13 15:14 21:1 26:10 35:17 64:17 | | idea(6) 44:18 44:23 58:25 64:8 66:2 70:11 | | 13:17 14:2 21:4 23:12 23:20 24:1 24:4 | | ladders(2) 53:16 53:25 | |
| 65:4 | | identify(5) 50:15 50:25 52:25 53:24 60:4 | | 27:15 43:13 46:8 46:14 46:22 48:2 51:6 | | laid(1) 56:8 | |
| heart(2) 13:10 13:13 | | identifying(2) 44:3 52:21 | | 55:3 60:16 62:3 | | language(11) 11:21 12:6 12:17 14:24 15:7 | |
| heartstrings(1) 60:24 | | ignore(2) 41:24 49:3 | | | | 15:17 15:22 16:16 16:18 33:5 62:2 | |
| heavier(1) 41:14 | | illinois(1) 51:10 | | issues(1) 59:20 | | | |
| heavily(1) 44:14 | | illustrates(2) 27:14 28:9 | | items(1) 44:5 | | largest(2) 57:11 57:12 | |
| heck(1) 62:3 | | images(1) 68:22 | | its(13) 14:21 22:2 22:25 27:1 27:1 27:20 | | last(5) 5:25 6:22 15:25 16:23 18:24 19:3 | |
| held(3) 44:16 51:15 51:25 | | imagine(2) 17:18 57:2 | | 28:10 32:3 32:16 39:15 66:16 68:11 69:2 | | 19:4 19:4 19:8 | |
| help(3) 10:12 13:15 37:14 | | immunized(2) 20:21 20:22 | | | | | |
| helped(1) 61:15 | | important(12) 7:19 22:6 24:22 36:25 | | itself(5) 10:23 43:12 47:13 48:14 55:16 | | lastly(1) 58:2 | |
| helpful(4) 7:18 24:20 51:19 67:13 | | 36:25 40:1 43:15 43:23 44:9 48:11 52:16 | | it's(75) 4:4 7:19 8:14 8:15 12:10 13:2 | | later(7) 10:1 11:14 14:7 27:20 28:22 | |
| helps(1) 44:23 | | 57:12 | | 13:10 16:5 17:9 17:9 20:12 22:17 22:25 | | 62:10 62:11 | |
| here(49) 4:4 5:11 9:15 10:12 16:7 16:9 | | improper(1) 23:24 | | 23:3 23:14 23:20 25:11 25:23 26:8 26:15 | | | |
| 21:12 22:11 23:4 25:16 26:8 29:4 29:16 | | improperly(4) 13:24 14:17 40:4 54:19 | | 26:22 27:24 28:8 28:12 29:3 29:13 30:1 | | laura(1) 3:19 | |
| 34:1 40:1 42:15 42:24 43:18 43:19 44:2 | | inadequate(2) 40:14 62:21 | | 30:2 30:10 30:18 32:16 32:23 33:13 34:4 | | law(14) 3:4 11:11 12:10 14:8 18:17 19:5 | |
| 44:6 45:4 46:23 47:16 48:17 49:1 49:17 | | inappropriate(1) 22:3 | | 34:6 35:14 36:9 36:19 37:3 38:15 40:17 | | 28:17 42:1 45:5 49:16 50:12 54:3 60:2 | |
| 51:6 53:2 54:2 55:19 55:23 56:23 56:24 | | inc(7) 1:7 1:13 1:14 1:20 1:22 5:1 5:2 | | 40:17 43:5 44:9 45:20 48:3 48:11 48:11 | | 70:23 | |
| 59:3 60:13 60:20 61:7 61:23 62:12 63:18 | | include(4) 10:4 47:8 70:6 71:3 | | 55:6 55:13 55:19 55:23 56:1 56:12 58:14 | | | |
| 63:25 66:20 68:24 70:4 70:14 70:20 71:6 | | included(6) 21:6 42:25 56:10 61:17 69:16 | | 58:22 60:22 61:10 63:13 63:13 64:4 64:24 | | laws(7) 14:2 40:19 40:20 41:2 61:5 61:6 | |
| 72:7 | | 71:2 | | 64:24 64:25 65:16 66:12 67:12 67:14 68:1 | | 67:23 | |
| hereof."(1) 33:3 | | | | 68:20 69:7 69:20 71:4 71:9 72:3 | | | |
| hereto(1) 66:24 | | includes(1) 42:9 | | | | lawsuit(5) 18:11 19:18 20:2 35:7 57:13 | |
| here's(1) 19:14 | | including(4) 21:22 46:18 51:1 71:12 | | i'd(4) 10:11 34:12 70:5 70:19 | | lawyers(1) 16:22 | |
| herrington(1) 33:25 | | income(1) 52:23 | | i'll(22) 5:6 5:19 5:19 5:24 20:18 24:19 | | lay(2) 12:15 61:8 | |
| herrington(57) 1:42 4:19 4:22 4:24 5:20 | | incomplete(1) 40:14 | | 25:8 27:8 28:3 30:10 38:18 40:19 41:16 | | layers(1) 59:16 | |
| 18:25 20:11 20:13 20:17 20:24 22:9 22:17 | | incorrect(1) 40:14 | | 43:18 48:6 51:7 54:4 56:25 59:18 61:23 | | lead(1) 37:11 | |
| 24:24 25:6 26:4 26:18 28:5 28:19 28:23 | | incurred(1) 57:10 | | 63:2 63:3 69:5 | | leading(1) 48:8 | |
| 29:1 29:9 29:12 29:16 29:18 30:13 30:18 | | indirect(18) 37:20 40:25 42:7 42:15 42:21 | | i'm(13) 4:11 4:12 13:3 25:7 34:9 34:14 | | leads(1) 66:5 | |
| 31:23 32:7 33:20 33:23 34:6 34:14 34:23 | | 43:3 43:10 43:16 44:10 44:13 44:15 44:17 | | 37:21 42:21 51:4 55:22 59:9 60:25 72:4 | | learn(1) 59:12 | |
| 35:17 36:2 36:4 37:6 37:7 37:10 42:13 | | 44:21 44:25 45:2 52:9 57:18 58:8 | | i've(8) 4:16 30:20 30:20 31:10 56:8 59:6 | | learned(1) 19:5 | |
| 45:13 48:11 54:6 63:15 64:15 64:15 | | | | 64:5 71:25 | | lease(1) 46:18 | |
| 65:23 68:5 68:7 68:9 68:13 71:19 71:24 | | indiscernible(1) 52:10 | | | | least(7) 11:9 47:3 47:3 57:24 58:11 59:22 | |
| 72:6 72:9 72:11 72:17 | | indisputably(2) 49:19 59:25 | | jaime(1) 2:29 | | 60:1 | |
| | | infringe(2) 42:20 48:20 | | jeff(2) 48:2 48:3 | | | |
| herrington's(3) 37:15 38:18 39:15 | | infringed(2) 42:22 55:25 | | jeffrey(1) 3:34 | | led(1) 17:4 | |
| hey(5) 30:23 35:19 57:6 64:5 65:5 | | infringement(5) 40:6 43:6 52:2 52:4 70:23 | | jingle(1) 42:19 | | left(2) 28:22 28:23 | |
| he'll(1) 5:21 | | infringement"(1) 41:25 | | job(1) 39:3 | | legal(8) 11:6 19:2 30:20 45:15 54:25 | |
| he's(1) 34:10 | | infringing(8) 30:25 42:8 42:16 42:17 43:4 | | john(1) 3:38 | | 54:25 57:10 71:10 | |
| hidden(1) 65:20 | | 51:12 52:21 52:24 | | johnson(1) 2:15 | | legitimate(1) 50:6 | |
| high(1) 57:10 | | | | joint(1) 2:27 | | legitimately(3) 41:24 56:13 56:20 | |
| highest(1) 67:17 | | | | | | lenner(1) 44:24 | |
| highly(1) 34:11 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **leonard**(1) 2:5 | | **many**(11) 8:23 17:5 20:3 20:3 20:3 35:4 35:4 35:12 38:22 38:22 43:1 | | **motion**(80) 5:8 5:12 5:13 5:19 5:21 5:22 5:24 5:25 6:1 7:11 7:12 7:17 7:19 7:20 7:22 8:1 8:9 8:16 9:2 9:5 9:9 9:18 9:21 9:21 9:22 9:22 9:24 9:25 10:13 10:19 10:24 11:2 11:4 11:7 11:9 11:16 13:7 13:10 13:16 13:17 14:5 17:3 17:4 17:18 18:3 18:25 19:11 19:13 20:18 23:11 23:19 24:3 24:14 24:19 28:8 28:17 31:20 32:17 32:18 32:25 37:11 37:16 37:16 37:18 38:8 38:9 38:10 38:19 39:12 40:24 44:11 44:12 44:12 46:7 46:14 49:11 59:15 59:18 59:22 60:24 | | **not**(108) 4:13 6:20 6:23 7:22 9:7 9:17 9:18 9:19 10:4 10:11 10:15 10:25 11:13 13:3 13:8 13:11 13:18 15:10 15:19 16:5 16:11 17:9 17:21 18:16 18:17 19:4 20:6 20:6 21:9 21:10 21:13 21:24 22:1 22:1 22:2 22:6 22:23 23:12 23:13 23:15 23:18 23:20 24:2 24:13 27:23 28:6 28:7 28:21 29:22 30:1 30:1 30:22 31:5 31:5 31:23 31:24 35:1 35:14 36:15 38:1 38:12 39:7 39:11 40:5 41:9 41:10 41:13 42:17 42:24 43:4 44:8 45:20 46:4 46:22 47:17 47:24 48:11 48:15 50:21 53:4 53:6 54:22 55:7 55:9 55:23 56:9 56:12 56:15 56:24 61:5 61:10 61:11 62:19 62:20 62:22 63:13 64:6 64:24 68:9 69:4 69:16 69:20 69:20 70:3 70:13 71:1 71:13 71:15 |
| **less**(1) 68:18 | | | | | | |
| **let**(14) 5:9 29:13 39:24 40:3 40:4 48:19 58:2 59:7 61:4 62:10 62:10 63:9 68:10 70:20 | | **march**(2) 8:15 8:15 | | | | |
| | | **market**(2) 1:17 1:36 | | **motions**(3) 4:5 5:11 35:1 | | |
| **let's**(10) 24:21 25:4 25:11 27:15 30:10 57:8 61:24 62:8 63:9 66:21 | | **match**(1) 29:14 | | **motors'**(1) 52:23 | | |
| | | **material**(4) 57:24 58:11 59:23 68:15 | | **move**(3) 9:18 54:7 58:24 | | **note**(1) 66:12 |
| **level**(2) 35:15 62:1 | | **matt**(1) 1:43 | | **mss**(3) 15:15 21:23 65:11 | | **nothing**(14) 16:6 19:12 26:19 28:23 30:7 31:1 36:16 45:3 48:16 48:24 53:21 53:22 59:5 59:5 |
| **leverage**(1) 57:3 | | **matter**(16) 20:8 23:4 27:25 31:6 36:18 37:3 42:1 46:5 49:16 50:16 53:8 56:24 56:24 60:12 61:3 73:1 | | **much**(4) 14:25 18:8 27:7 68:20 | | |
| **liability**(6) 13:24 16:25 17:9 17:12 18:6 38:3 | | | | **must**(3) 52:1 59:22 70:22 | | |
| | | | | **names**(1) 48:7 | | |
| **liable**(2) 18:16 19:7 | | **matthew**(1) 3:10 | | **near**(1) 65:16 | | **notice**(2) 17:23 35:18 |
| **liberty**(1) 1:44 | | **may**(19) 6:20 7:9 9:18 13:8 21:5 25:12 42:18 45:22 55:7 56:3 56:3 56:4 56:21 57:1 61:19 63:24 70:12 70:24 71:12 | | **necessarily**(1) 63:4 | | **noticed**(1) 67:12 |
| **license**(19) 12:21 13:25 14:12 15:10 15:12 19:21 19:23 23:1 38:21 40:5 40:8 40:10 40:18 47:17 47:21 48:20 57:7 57:14 63:1 | | | | **necessary**(3) 47:25 56:10 59:15 | | **notwithstanding**(2) 15:17 49:18 |
| | | **maybe**(3) 35:5 55:6 55:10 | | **need**(15) 14:20 22:12 23:9 38:3 40:8 40:9 58:13 60:18 60:18 62:25 64:21 65:6 65:17 70:9 70:10 | | **november**(2) 8:12 8:17 |
| **lie**(1) 62:3 | | **mcafee**(1) 3:37 | | | | **now**(67) 8:8 9:1 10:18 11:8 11:17 12:1 12:6 13:9 13:17 14:5 14:22 14:23 15:2 15:16 16:9 16:13 16:20 17:11 17:17 18:13 18:20 18:24 22:22 23:3 25:13 26:8 28:12 29:10 31:10 34:4 37:4 37:15 38:16 39:14 40:7 40:23 41:18 42:4 42:7 43:3 43:17 44:2 44:8 45:5 46:7 47:21 49:2 49:9 50:8 51:2 52:5 53:14 54:3 54:7 54:17 54:25 56:6 56:25 58:2 60:6 60:20 61:21 62:11 62:12 64:1 64:2 64:12 |
| **lien**(1) 45:22 | | **mccloy**(1) 2:42 | | | | |
| **liens**(1) 45:21 | | **mcdougal**(1) 51:9 | | **needed**(5) 22:22 47:10 56:12 62:14 71:1 | | |
| **life**(1) 5:16 | | **mean**(17) 12:1 12:5 12:12 17:17 19:4 41:3 45:3 45:18 46:1 56:8 56:11 57:8 57:8 58:6 58:8 60:15 62:16 | | **nefarious**(3) 64:18 65:7 65:20 | | |
| **light**(5) 9:23 50:8 50:9 65:12 65:13 | | | | **negotiate**(2) 23:10 57:4 | | |
| **like**(17) 10:11 15:20 16:10 16:14 30:1 30:24 36:10 36:17 37:20 50:23 56:23 57:4 57:6 59:18 64:18 65:2 70:5 | | **meaning**(1) 36:23 | | **negotiated**(2) 15:7 15:17 | | |
| | | **means**(9) 11:6 12:7 12:8 12:9 13:1 40:3 41:17 46:1 50:3 | | **negotiating**(1) 15:22 | | |
| | | | | **neighbor**(3) 4:10 4:14 25:7 | | |
| **likewise**(1) 72:8 | | **meant**(4) 8:18 17:19 38:5 48:14 | | **networks**(1) 1:7 1:20 | | |
| **line**(11) 14:15 15:4 15:4 15:13 33:18 44:6 47:1 47:3 54:13 54:24 60:5 65:1 | | **meisel**(1) 2:4 | | **never**(7) 15:9 18:5 34:4 38:21 39:1 63:19 67:4 | | **number**(6) 6:14 8:22 41:7 46:24 46:24 |
| | | **mention**(1) 44:8 | | | | **numbers**(2) 35:5 59:11 |
| **lines**(2) 53:4 55:2 | | **mentioned**(3) 17:3 38:7 48:11 | | **nevertheless**(1) 31:20 | | **object**(4) 18:2 30:2 34:10 47:7 |
| **lingering**(1) 70:19 | | **mere**(1) 29:5 | | **new**(2) 1:45 2:18 | | **objected**(3) 14:15 15:3 62:1 |
| **link**(1) 44:3 | | **met**(2) 51:15 52:3 | | **next**(6) 4:10 4:14 10:9 15:4 28:2 50:10 50:23 51:16 51:22 54:6 60:3 70:24 | | **objecting**(2) 35:6 69:24 |
| **lisa**(1) 1:41 | | **metaphysical**(1) 39:16 | | | | **objection**(5) 14:5 16:5 16:15 33:19 33:21 |
| **list**(2) 45:12 58:22 | | **mgm**(1) 52:8 | | | | |
| **listed**(2) 48:5 54:15 | | **michael**(1) 3:14 | | **nichols**(1) 1:33 | | 26:10 31:4 |
| **lists**(1) 33:8 | | **might**(4) 18:15 59:12 61:19 63:8 | | **nick**(1) 2:43 | | **objections**(6) 15:4 19:17 25:15 25:15 |
| **literally**(1) 61:18 | | **milbank**(1) 2:42 | | **ninth**(1) 52:8 | | 26:10 31:4 |
| **litigated**(1) 23:4 | | **million**(8) 15:9 20:4 34:2 34:4 34:8 35:5 64:1 64:3 | | **nobody**(2) 49:24 70:12 | | |
| **littell**(1) 51:9 | | | | **nobody's**(1) 26:6 | | **objective**(1) 60:15 |
| **little**(3) 10:18 18:22 40:20 | | | | **nominal**(1) 63:2 | | **obvious**(1) 15:12 |
| **llp**(8) 1:33 2:21 2:28 2:42 3:9 3:13 3:18 3:23 | | **mind**(2) 15:2 54:23 | | **none**(1) 63:25 | | **obviously**(1) 50:17 56:13 60:18 |
| | | **mine**(2) 25:3 69:10 | | **nonsensical**(3) 31:17 45:13 50:7 | | **occurred**(4) 19:3 49:10 53:7 70:4 |
| | | **minimal**(4) 50:23 51:21 52:2 60:3 | | **nor**(2) 18:1 63:20 | | **off**(1) 17:15 |
| **lobe**(1) 59:8 | | **minimize**(2) 55:1 60:7 | | **normal**(1) 24:8 | | **offense**(1) 10:2 |
| **located**(1) 40:17 | | **minor**(1) 6:11 | | **normally**(1) 68:19 | | **offer**(2) 51:7 67:17 |
| **lodge**(1) 62:5 | | **minute**(5) 5:9 13:15 21:5 26:11 43:18 | | **norman**(1) 2:7 | | **official**(2) 2:12 3:8 |
| **long**(1) 58:15 | | **minutes**(1) 41:17 | | **nortel**(30) 1:7 1:20 4:6 15:18 15:19 21:9 21:10 21:18 23:6 23:23 24:10 24:16 26:11 26:12 28:1 28:13 29:21 29:24 30:6 32:6 34:25 39:13 47:5 48:4 48:8 48:9 49:3 53:5 64:19 64:22 | | **okay**(25) 5:7 6:3 7:2 9:14 10:10 14:7 17:6 17:16 19:9 19:22 26:13 26:19 27:8 28:2 34:14 35:20 36:13 37:23 39:3 43:25 50:10 51:12 51:17 67:7 68:20 70:5 70:7 |
| **longer**(1) 32:15 | | **mischaracterization**(1) 20:20 | | | | |
| **look**(13) 4:17 23:11 27:15 36:9 47:10 47:14 52:16 52:22 61:3 61:5 61:5 67:13 69:11 | | **misdirected**(1) 54:10 | | | | |
| | | **misinterpret**(1) 9:7 | | | | |
| | | **mistaken**(1) 35:8 | | | | |
| **looked**(1) 55:21 | | **misunderstanding**(2) 20:19 22:24 | | **nortel's**(2) 35:2 49:10 | | **one**(53) 1:44 2:16 5:5 6:5 6:14 7:25 8:3 8:6 8:20 8:21 11:17 17:10 17:10 18:24 19:16 19:20 23:21 24:20 26:9 29:13 29:13 30:13 31:3 37:9 37:25 39:14 39:20 39:21 41:7 42:13 42:14 44:15 45:1 46:24 47:3 47:3 47:4 48:23 50:6 51:3 51:12 53:10 54:10 55:18 56:3 57:11 57:13 58:14 58:18 58:22 60:20 64:19 66:13 |
| **looking**(1) 18:11 | | **mix**(1) 64:6 | | **north**(3) 1:36 2:23 2:31 | | |
| **lose**(1) 59:19 | | **modest**(1) 6:9 | | **northern**(1) 51:10 | | |
| **lost**(2) 52:14 52:17 | | **money**(4) 45:19 49:22 63:6 63:10 | | **norton**(1) 3:23 | | |
| **lot**(14) 6:15 6:21 9:4 10:12 11:19 20:15 35:10 37:24 39:4 40:25 41:1 43:10 43:19 51:3 | | **monitor**(1) 3:22 | | | | |
| | | **months**(1) 58:18 | | | | |
| **lte**(1) 14:16 | | **moot**(1) 23:20 | | | | |
| **mace**(1) 1:48 | | **more**(25) 9:10 13:4 14:25 15:24 18:22 23:21 26:18 27:2 27:13 28:14 32:2 36:10 36:11 43:7 43:7 43:11 56:14 58:10 58:12 58:13 59:10 59:10 59:17 60:19 68:9 | | | | **ones**(3) 30:5 30:5 30:8 |
| **made**(10) 14:10 21:14 30:6 40:14 47:20 53:19 58:5 62:24 63:2 63:5 71:25 | | | | | | **only**(26) 9:21 10:19 12:8 12:10 13:7 25:10 25:23 32:1 35:21 36:13 36:14 44:8 47:24 48:15 51:21 52:1 52:5 52:13 53:4 56:9 58:3 58:7 60:10 69:8 70:15 71:7 |
| | | **morning**(2) 4:3 20:13 | | | | |
| **main**(1) 31:11 | | **morris**(1) 1:33 | | | | |
| **maintain**(1) 20:20 | | **most**(4) 43:3 57:12 57:12 64:22 | | | | |
| **make**(35) 5:15 5:16 6:5 6:6 6:13 8:19 9:16 10:12 11:3 13:5 18:14 18:17 18:17 18:21 18:24 20:17 21:8 22:15 25:16 25:23 28:6 39:24 43:23 44:11 45:14 48:18 49:9 50:4 55:1 55:11 59:24 61:10 63:3 70:10 72:5 | | | | | | **open**(5) 6:14 65:22 65:23 |
| | | | | | | **opening**(4) 33:6 44:11 44:12 71:14 |
| | | | | | | **operation**(1) 3:22 |
| | | | | | | **opinion**(2) 60:12 72:5 |
| **makes**(9) 4:8 4:13 6:21 19:9 26:18 27:2 27:24 46:5 54:4 | | | | | | **opportunistic**(2) 60:23 63:12 |
| **making**(3) 14:3 14:4 23:11 | | | | | | **opportunity**(2) 17:23 18:2 |
| **malicious**(2) 23:23 65:7 | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| oppose(3) 5:24 20:8 37:18 | | paid(40) 23:2 24:15 25:11 25:24 27:10 27:20 28:1 28:5 28:10 28:10 28:10 28:11 28:15 31:7 31:16 32:3 33:2 33:16 35:3 45:19 49:22 49:24 50:2 54:15 56:15 56:16 60:8 64:9 66:3 66:10 66:22 67:17 69:7 67:20 69:20 70:2 70:16 71:16 71:19 71:20 | | portion(7) 34:17 34:17 52:20 55:6 56:2 61:15 68:18 | | proper(1) 23:2 | |
| opposed(1) 10:22 | | | | | | property(54) 10:6 11:25 11:25 12:7 12:9 12:11 12:11 12:12 12:13 12:20 21:11 23:15 25:8 25:10 25:10 25:12 25:17 25:18 25:20 25:24 25:25 26:2 26:2 26:6 27:1 27:11 27:12 31:3 31:7 31:9 31:18 32:1 32:10 33:4 36:14 36:15 63:22 64:2 64:10 66:3 66:4 66:6 66:8 66:20 67:3 67:5 67:17 67:20 68:3 68:7 70:15 70:17 71:12 71:20 | |
| opposition(5) 5:21 14:9 38:19 42:5 46:20 61:8 | | | | portray(3) 23:22 29:20 | | | |
| | | | | position(9) 9:5 9:24 22:1 23:14 43:23 57:3 57:5 57:9 | | | |
| order(27) 4:12 4:12 4:20 6:16 6:21 7:13 9:20 14:25 15:22 18:4 26:5 26:19 31:19 31:25 32:10 32:15 33:16 34:8 36:20 41:12 45:17 59:9 66:9 67:7 67:10 67:14 70:15 | | | | | | | |
| | | palatable(1) 18:22 | | possession(2) 45:16 67:24 | | | |
| | | paper(3) 30:15 30:16 52:11 | | possible(3) 20:24 26:24 61:25 | | property"(1) 12:14 | |
| | | papers(5) 4:7 9:17 23:13 50:18 51:24 | | possibly(10) 26:21 27:9 31:8 33:14 39:18 41:9 46:5 56:21 57:12 62:2 | | propose(1) 5:18 | |
| orders(36) 7:14 8:3 8:23 8:23 9:8 10:4 10:15 10:20 10:20 12:15 11:20 11:22 11:24 13:6 20:21 21:2 23:17 25:16 25:23 27:22 31:4 31:13 36:6 36:24 37:5 38:13 41:7 45:10 46:3 49:14 64:11 65:4 67:2 67:11 70:1 70:10 | | paragraph(3) 32:17 32:25 33:6 | | | | proposed(5) 16:18 18:4 58:24 | |
| | | park(1) 2:16 | | | | proposition(2) 18:14 18:19 | |
| | | parole(1) 13:3 | | post-conduct(1) 27:22 | | protect(3) 14:21 16:17 16:19 | |
| | | part(9) 20:17 26:20 31:8 43:12 43:14 46:25 50:14 64:22 68:16 | | post-sale(1) 24:15 | | protected(3) 16:24 21:7 38:7 | |
| | | | | pound(1) 57:15 | | protective(3) 6:16 14:24 16:16 | |
| | | | | ppearances(2) 1:31 2:1 | | prove(1) 53:8 | |
| | | | | pragmatic(4) 21:3 21:14 21:17 23:25 | | provide(3) 10:15 46:4 58:11 | |
| ordinary(1) 45:17 | | partial(4) 5:11 5:12 5:13 28:17 | | preliminarily(1) 6:6 | | provided(2) 60:2 67:15 | |
| originally(1) 8:11 | | particular(5) 8:5 11:21 13:6 16:6 51:18 | | present(3) 5:19 5:20 5:21 | | provides(1) 4:12 | |
| other(38) 6:5 11:17 11:22 12:12 13:23 16:10 18:10 19:12 20:15 24:12 26:6 27:19 28:17 33:21 35:1 36:11 39:8 40:2 40:11 42:15 42:20 43:9 43:9 44:5 45:12 47:23 48:16 53:5 53:10 55:10 57:2 59:12 59:19 60:20 66:17 67:23 68:18 71:11 | | parties(4) 6:8 11:5 12:25 35:11 | | presentation(2) 37:15 38:18 | | provision(1) 61:9 | |
| | | party(4) 2:37 3:28 20:2 69:24 | | presenting(1) 51:16 | | provisions(3) 8:24 33:8 66:11 | |
| | | party's(1) 64:10 | | preserved(7) 14:13 15:8 16:13 16:21 16:23 18:8 62:8 | | public(3) 6:21 34:10 50:17 | |
| | | patent(1) 53:6 | | | | publically(2) 6:10 6:19 | |
| | | patterson(1) 3:4 | | | | publisher(1) 30:16 | |
| | | paul(1) 3:24 | | president(1) 65:25 | | | |
| others(1) 15:21 | | pay(12) 27:8 27:23 28:2 28:3 28:13 40:18 41:23 47:22 54:18 54:21 56:12 70:7 | | pressing(1) 9:1 | | pull(4) 31:1 39:24 40:3 60:23 | |
| otherwise(2) 7:14 38:13 | | | | preston(1) 2:21 | | purchase(38) 25:11 25:19 25:21 26:25 31:8 31:15 32:3 32:8 32:15 32:20 32:21 32:23 33:1 33:9 33:9 33:15 36:14 41:15 54:12 54:14 54:16 64:9 66:3 66:7 66:7 66:10 66:16 66:21 66:22 66:25 67:8 67:9 67:18 67:20 68:1 70:16 71:16 71:19 | |
| our(117) 4:20 5:19 5:24 7:11 8:18 9:9 9:18 10:19 10:21 11:1 11:12 12:2 12:4 12:10 12:15 13:2 13:7 13:9 13:10 13:22 13:25 13:25 14:9 14:11 14:13 14:18 14:18 14:24 15:8 15:8 15:11 15:18 15:20 16:2 16:15 16:17 16:19 16:21 16:23 18:1 19:11 19:13 20:3 20:17 21:13 23:13 23:14 24:2 24:18 26:2 26:2 27:12 29:6 29:19 30:8 30:22 30:25 31:18 32:10 32:17 32:18 32:25 33:6 33:7 35:20 36:11 37:16 38:8 38:10 38:22 39:10 39:10 39:12 40:4 40:9 41:9 42:5 43:23 45:25 46:20 47:8 47:17 48:10 48:15 49:19 50:17 50:18 51:24 53:3 54:5 59:8 59:11 59:13 60:3 61:7 61:7 61:16 61:18 62:1 62:4 62:8 62:14 62:21 62:24 64:2 65:5 65:10 66:6 66:8 66:11 67:2 67:12 67:14 70:25 71:1 71:3 | | pretended(1) 67:4 | | | |
| | | paying(6) 21:10 25:20 26:21 26:22 31:5 38:23 | | prevent(2) 12:16 61:25 | | | |
| | | | | prevents(1) 12:18 | | | |
| | | | | price(41) 25:11 25:19 25:21 26:25 31:8 31:15 32:3 32:8 32:15 32:21 32:23 33:1 33:9 33:9 33:15 33:24 35:14 36:14 41:16 54:13 54:14 54:16 64:9 64:9 66:4 66:7 66:7 66:10 66:22 66:25 67:1 67:8 67:9 67:18 67:20 67:20 68:1 70:1 70:16 71:16 71:19 | | | |
| | | payments(1) 63:2 | | | | | |
| | | peculiar(1) 28:16 | | | | purchased(6) 25:18 28:22 67:16 67:25 68:2 68:2 | |
| | | peg(1) 2:38 | | | | | |
| | | pejorative(1) 31:17 | | | | | |
| | | pending(1) 8:9 | | | | | |
| | | pennsylvania(1) 1:52 | | | | purchaser(4) 25:19 64:23 66:15 67:16 | |
| ours(1) 69:21 | | people(1) 20:15 | | pricing(1) 57:7 | | purchasers(10) 19:24 27:17 36:13 49:22 64:13 64:16 64:19 64:20 69:15 69:18 | |
| out(29) 10:14 12:15 13:15 18:11 23:23 24:2 29:18 30:3 31:1 31:14 32:16 35:10 35:19 40:18 40:23 48:10 48:18 53:11 56:8 56:21 58:5 59:2 61:8 62:13 62:15 62:20 66:10 66:12 72:3 | | per(2) 27:7 27:8 | | prima(1) 11:12 | | | |
| | | percent(3) 56:3 56:4 56:4 | | primarily(1) 5:16 | | | |
| | | permission(2) 20:4 40:22 | | prior(1) 19:6 | | purchasing(1) 21:9 | |
| | | permits(1) 42:6 | | private(1) 34:24 | | purpose(2) 13:7 61:8 | |
| | | pernick(1) 2:7 | | probably(2) 24:2 24:4 68:25 | | purposes(1) 11:9 11:15 | |
| | | phonemic(1) 27:14 | | | | pursuant(9) 31:24 32:3 32:12 33:3 33:10 33:16 66:23 66:24 67:11 | |
| | | photograph(7) 51:12 68:17 68:18 69:10 69:11 70:6 70:11 | | proc(1) 1:12 | | | |
| | | | | proceed(5) 5:10 5:10 | | | |
| outcome(1) 24:14 | | | | proceeding(2) 59:2 64:4 | | pursuing(2) 29:2 35:6 | |
| outside(7) 32:8 32:9 32:10 32:14 33:12 45:17 67:6 | | photographer(2) 69:9 69:16 | | proceedings(3) 1:27 1:56 73:1 | | push(3) 39:23 40:2 | |
| | | photographs(2) 68:16 69:7 | | proceeds(10) 41:20 50:16 50:25 51:16 53:24 54:5 55:4 55:6 56:2 60:4 | | put(12) 11:10 11:13 18:3 18:3 22:1 40:24 52:23 53:17 56:7 57:9 58:11 67:12 | |
| | | phrase(2) 13:1 13:12 | | | | | |
| | | physical(5) 25:2 29:21 30:2 30:7 30:22 | | | | | |
| | | physically(2) 39:17 39:22 | | process(6) 5:15 8:4 8:18 24:25 24:25 | | puts(1) 57:3 | |
| over(6) 11:19 35:3 62:3 64:23 72:1 72:4 | | picture(1) 55:23 | | produced(4) 1:57 4:10 59:2 59:4 | | question(6) 19:14 21:20 56:12 56:14 60:10 63:16 | |
| overall(4) 14:15 42:25 50:14 52:20 | | piece(3) 20:8 42:13 55:20 | | product(13) 29:24 35:9 40:17 42:14 42:17 42:20 48:5 48:7 48:14 56:16 71:1 71:1 71:3 | | | |
| overdue(1) 58:17 | | place(5) 22:19 32:5 39:2 40:10 51:20 | | | | | |
| overruled(2) 14:24 16:15 | | placed(1) 17:25 | | | | questions(3) 19:12 70:19 71:23 | |
| overy(1) 3:18 | | plain(3) 26:5 36:6 36:8 | | | | quite(1) 29:14 | |
| own(9) 8:3 9:8 16:8 22:20 10:24 22:25 25:8 63:22 69:19 71:7 71:8 | | plaintiff(18) 3:32 44:18 44:22 50:13 50:15 51:15 52:14 52:15 52:17 52:19 53:15 53:18 55:4 55:7 61:10 61:11 61:12 68:22 | | products(19) 16:1 21:7 23:6 29:21 36:11 36:17 39:10 43:2 43:9 44:4 47:2 47:25 48:1 49:20 49:21 56:10 59:11 59:12 61:17 | | quoted(1) 17:5 | |
| | | | | | | radware(3) 39:23 20:6 32:17 | |
| | | | | | | raise(8) 11:17 13:9 14:8 38:16 39:14 46:22 49:12 60:20 | |
| owned(2) 32:19 53:15 | | plaintiffs(3) 1:16 19:17 52:1 | | | | | |
| owner(1) 42:21 | | plaintiff's(3) 52:7 53:17 55:24 | | proffer(1) 50:15 | | | |
| ownership(1) 11:13 | | play(2) 24:2 24:4 | | profit(25) 10:24 11:2 11:6 20:7 40:25 42:7 42:7 42:22 42:23 43:4 43:10 43:17 44:2 44:4 44:25 51:14 52:1 52:9 53:19 54:5 57:18 58:8 61:9 61:13 62:5 | | raised(4) 54:8 62:2 63:24 65:11 | |
| owns(4) 11:9 11:16 25:1 46:24 | | plaza(1) 1:44 | | | | raising(1) 55:11 | |
| | | please(4) 4:2 4:3 57:6 65:19 | | | | rate(4) 27:7 28:10 28:15 70:7 | |
| p.a(1) 2:5 | | plenty(3) 6:1 61:11 63:10 63:23 | | | | rates(1) 34:7 | |
| page(7) 32:18 33:7 42:12 55:18 66:11 69:10 70:7 | | podium(2) 5:20 18:25 | | | | rather(2) 10:1 57:5 | |
| | | poem(5) 30:21 30:24 42:12 42:19 55:18 | | profit-based(1) 14:6 | | rational(2) 37:2 63:23 | |
| | | poems(2) 30:11 30:14 | | profits(31) 23:15 28:24 33:14 41:14 42:15 43:16 43:16 44:10 44:13 44:13 44:15 44:17 44:22 45:2 45:7 45:9 46:9 50:10 50:12 50:13 50:23 51:19 54:8 53:21 53:23 57:22 59:24 59:25 61:15 70:22 | | rationality(1) 37:11 | |
| pages(1) 38:3 | | poem's(1) 55:20 | | | | reach(4) 21:24 26:16 27:5 65:6 | |
| | | poet(3) 30:13 30:15 30:18 | | | | reached(1) 24:9 | |
| | | point(14) 12:25 13:5 18:24 23:18 23:21 27:2 28:9 29:2 43:20 51:2 53:10 56:14 58:21 59:7 | | | | reaching(1) 23:5 | |
| | | | | | | read(13) 4:6 7:3 7:7 7:7 7:8 7:9 10:18 48:6 51:3 51:4 55:13 55:14 55:14 | |
| | | pointed(1) 10:14 | | | | | |
| | | pointing(1) 52:3 | | programs(1) 29:25 | | | |
| | | points(5) 25:21 31:11 36:9 38:16 41:6 | | prohibit(1) 13:6 | | reading(1) 10:7 | |
| | | | | prohibited(3) 12:2 13:8 15:1 | | real(3) 12:24 51:5 56:14 | |
| | | | | proof(1) 44:18 | | realities(3) 27:16 46:17 49:7 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **reality**(3) 27:14  27:16  27:21 | | **respect**(7) 6:1  16:12  23:6  23:14  24:3 | | **sales**(31) 21:1  21:2  22:7  25:23  26:10 | | **series**(2) 6:7  6:10 | |
| **realize**(1) 19:15 | | 40:23  47:4 | | 26:19  39:19  44:6  47:1  50:16  50:25  52:4 | | **serious**(1) 14:3 | |
| **realized**(1) 48:17 | | | | 52:20  52:21  53:2  53:7  54:13  54:24  55:2 | | **server**(4) 39:17  39:18  43:1  47:8 | |
| **really**(20) 12:24  13:10  13:12  14:3  18:18 | | **respectively**(1) 17:7 | | 60:5  62:10  63:6  63:18  64:3  65:3  65:4 | | **servers**(1) 39:18 | |
| 23:11  23:21  31:1  31:6  31:16  37:15  38:10 | | **response**(4) 5:8  10:19  17:10  36:4 | | 65:4  67:11  69:3  70:1  70:1 | | **service**(2) 1:50  1:57 | |
| 38:15  41:6  45:6  49:17  49:22  51:19  52:15 | | **rest**(1) 72:15 | | | | **services**(1) 1:50 | |
| 60:11 | | **restrict**(1) 30:21 | | **same**(16) 5:19  16:22  16:23  17:1  18:7  28:6 | | **set**(2) 4:15  41:6 | |
| **realty**(1) 27:25 | | **result**(4) 41:12  42:8  42:16  57:1 | | 29:18  32:24  33:5  35:10  36:13  54:21  59:3 | | **seventh**(3) 51:23  51:23  52:5 | |
| **reason**(7) 18:18  20:2  35:21  44:8  54:10 | | **resulted**(2) 38:22  43:9 | | 60:8  68:21  71:4 | | **several**(2) 17:5  54:25 | |
| 59:9  62:23 | | **returns**(1) 52:23 | | | | **shall**(3) 40:5  66:15  66:16 | |
| | | **revenue**(10) 34:7  34:11  52:2  52:4  53:1 | | **samis**(1) 2:22 | | **share**(3) 61:18  62:24  66:7 | |
| **reasonable**(2) 21:3  23:25 | | 53:5  53:5  53:6  53:7  59:10 | | **sand**(1) 57:15 | | **she**(1) 26:21 | |
| **reasonably**(4) 58:21  67:21  67:22  70:24 | | | | **sat**(2) 27:19  28:2 | | **shifts**(1) 55:4 | |
| **reasons**(3) 11:3  20:7  26:9 | | **revenues**(1) 63:2 | | **satisfaction**(2) 22:13  23:10 | | **shortly**(1) 6:24 | |
| **received**(2) 53:21  67:17 | | **reviews**(1) 25:13 | | **satisfactory**(1) 21:24 | | **should**(19) 7:22  7:22  8:1  8:2  14:19  18:8 | |
| **recess**(1) 72:10 | | **right**(68) 5:23  6:12  7:1  7:24  8:13  10:21 | | **satisfied**(1) 15:22 | | 19:11  23:19  33:18  37:12  46:13  46:15  49:6 | |
| **recognize**(1) 43:3 | | 11:23  12:18  12:20  13:19  14:12  14:21  15:6 | | **satisfies**(1) 44:18 | | 54:16  54:20  55:7  55:8  61:22  65:24 | |
| **record**(8) 6:19  16:17  38:24  46:12  50:10 | | 19:19  19:22  20:9  20:23  22:8  25:1  25:2 | | **satisfy**(6) 43:6  50:11  52:25  54:5  60:3 | | | |
| 50:17  52:23  67:04 | | 25:5  26:3  26:12  26:17  28:1  28:4  28:25 | | **say**(32) 6:20  6:21  11:24  12:16  23:13  25:7 | | **shouldn't**(1) 19:10 | |
| | | 29:15  29:22  29:23  30:8  30:14  30:17  30:20 | | 25:11  28:13  30:10  31:18  32:8  33:11  33:18 | | **show**(16) 41:15  43:11  46:5  52:1  52:15 | |
| **recorded**(1) 1:56 | | 31:5  31:23  32:7  34:5  34:13  34:13  34:19 | | 34:4  36:25  37:24  37:25  38:9  43:10  50:22 | | 54:12  55:5  56:5  57:19  57:23  58:8  58:10 | |
| **recording**(2) 1:56  72:25 | | 35:16  37:13  37:21  43:5  45:16  48:12  48:25 | | 52:11  54:4  57:5  61:11  62:7  64:5  64:21 | | 59:10  59:16  61:12  64:5 | |
| **redacted**(3) 6:3  6:24  48:6 | | 49:22  51:20  54:21  56:22  60:8  60:12  60:21 | | 66:8  67:5  67:6  68:17  70:20 | | | |
| **redactions**(2) 6:9  6:11 | | 61:1  61:1  61:7  62:15  62:18  63:7  63:16 | | | | **showed**(2) 21:4  63:23 | |
| **reduction**(1) 33:24 | | 66:16  68:8  69:15  71:10  71:18  72:3 | | **saying**(12) 21:12  26:13  30:7  30:23  36:22 | | **showing**(3) 43:8  52:3  60:3 | |
| **reed**(1) 3:28 | | | | 40:1  64:1  64:23  64:24  65:5  67:8  71:6 | | **shows**(6) 47:6  47:13  47:14  48:7  52:18 | |
| **reference**(5) 7:20  7:23  8:2  9:25  17:3 | | **rights**(34) 10:20  11:14  11:25  12:11  12:13 | | | | **sides**(3) 37:11  39:20  71:25 | |
| **referenced**(1) 6:16 | | 12:18  14:19  14:21  15:8  16:13  16:18  16:19 | | **says**(20) 25:9  25:14  26:23  27:5  30:13 | | **significance**(1) 19:2 | |
| **references**(1) 9:17 | | 16:21  16:23  18:7  21:6  21:10  21:13  22:2 | | 30:18  32:13  32:18  35:19  42:21  57:4  67:2 | | **significant**(4) 8:7  10:2  16:9  46:23 | |
| **referred**(2) 10:5  22:15 | | 26:25  27:1  27:18  27:18  27:20  29:6  62:8 | | 67:19  68:11  69:10  69:15  69:24  70:5  70:22 | | **similar**(4) 5:5  8:17  15:4  25:3 | |
| **reflected**(1) 69:25 | | 63:24  64:6  71:8  71:12  71:14  71:15  71:21 | | 71:7 | | **simple**(5) 29:4  36:2  38:11  38:15  62:21 | |
| **regard**(1) 52:20 | | 71:21 | | | | **simply**(12) 18:19  24:17  28:6  30:23  36:5 | |
| **regarded**(1) 34:24 | | **rise**(2) 4:2  35:15 | | **scalenta**(1) 61:13 | | 36:12  49:23  51:16  52:3  54:15  60:4  71:16 | |
| **registrations**(1) 11:11 | | **risk**(2) 47:18  62:16 | | **schedule**(1) 9:10 | | | |
| **reinforce**(1) 14:11 | | **road**(2) 15:23  62:9 | | **scheduled**(2) 8:11  8:16 | | **simultaneously**(2) 65:15  65:16 | |
| **reinvent**(1) 56:23 | | **robert**(1) 2:15 | | **scheme**(1) 63:3 | | **since**(2) 8:14  58:16 | |
| **related**(2) 41:19  70:24 | | **robust**(1) 43:7 | | **school**(1) 19:5 | | **single**(4) 42:12  51:12  55:22  58:14 | |
| **release**(3) 13:23  17:13  17:24 | | **rodney**(1) 2:30 | | **schotz**(2) 2:4  5:1 | | **sit**(10) 22:12  23:9  24:6  26:16  26:23  35:19 | |
| **released**(3) 16:25  18:6  38:2 | | **room**(1) 22:11 | | **schuylkill**(1) 1:51 | | 62:3  65:17  69:13  71:9 | |
| **relevant**(2) 59:3  66:11  66:15 | | **rose**(1) 3:23 | | **schweitzer**(2) 1:41  63:17 | | | |
| **reliance**(1) 39:3 | | **royalties**(2) 23:2  34:25 | | **scope**(3) 32:14  33:12  67:6 | | **sits**(2) 27:5  70:5 | |
| **relied**(1) 51:22 | | **royalty**(1) 34:7 | | **script**(4) 29:23  30:8  30:23  30:25 | | **sitting**(3) 39:20  48:23  59:5 | |
| **relief**(5) 16:12  17:22  17:24  18:2  24:2 | | **rubric**(1) 36:13 | | **seal**(2) 6:7  34:17 | | **situation**(5) 44:2  46:17  48:25  49:8  69:1 | |
| **rely**(3) 44:14  44:20  44:23 | | **rule**(9) 17:22  37:12  46:2  46:15  51:25  58:2 | | **sealed**(1) 47:11 | | **six**(4) 5:14  15:4  15:13  58:18 | |
| **relying**(1) 44:19 | | 58:4  58:7  59:20 | | **search**(1) 39:9 | | **snmp**(115) 1:12  1:14  2:4  3:32  3:33  3:37 | |
| **remember**(3) 36:21  63:22  67:19 | | | | **searches**(1) 36:10 | | 4:5  5:1  5:1  5:12  7:15  11:9  11:16  12:1 | |
| **remind**(2) 21:1  23:22 | | **ruling**(4) 13:6  36:23  38:11  55:11 | | **searching**(1) 58:13 | | 12:3  13:24  14:14  14:20  16:4  16:12  18:1 | |
| **remming**(1) 1:35 | | **said**(34) 9:8  14:17  16:4  16:11  16:22  17:7 | | **seated**(1) 4:4 | | 19:15  19:15  19:16  19:17  19:17  19:20 | |
| **remove**(1) 29:10 | | 17:10  18:7  19:7  21:5  21:23  26:6  26:11 | | **second**(7) 6:9  14:15  27:2  41:18  54:7  54:8 | | 19:23  20:20  20:22  20:25  21:4  21:11  21:11 | |
| **removed**(1) 48:14 | | 26:19  27:15  28:2  34:2  34:3  39:7  40:5 | | 55:12 | | 21:15  21:16  21:16  21:19  21:20  21:22 | |
| **repeat**(1) 49:11 | | 40:15  42:13  52:22  53:23  55:21  55:23 | | | | 21:23  22:1  22:10  22:12  23:1  23:1  23:5 | |
| **reply**(12) 5:24  6:1  6:22  10:7  10:23  12:15 | | 58:14  59:18  60:13  62:11  63:5  65:10  65:18 | | **secret**(4) 14:1  41:2  47:15  62:17 | | 23:9  23:9  23:11  23:19  24:6  24:7  24:9 | |
| 33:7  44:20  46:23  49:11  50:20  66:11 | | 71:14 | | **secretive**(1) 65:20 | | 24:15  25:1  26:1  26:19  26:23  27:4  27:9 | |
| | | | | **section**(7) 12:22  41:21  42:6  61:7  66:14 | | 27:15  27:19  27:20  27:24  28:2  28:9  29:2 | |
| **reports**(1) 45:1 | | **sale**(172) 4:11  4:12  7:14  8:3  8:4  8:6  8:18 | | 66:22  67:13 | | 29:5  29:20  30:1  30:7  30:7  30:23  30:23 | |
| **represent**(1) 64:9 | | 10:4  10:5  10:15  10:15  10:25  11:20  11:22 | | | | 31:14  32:2  32:13  33:19  33:21  34:1  35:4 | |
| **representations**(3) 14:23  16:17  39:8 | | 11:24  13:6  13:21  14:10  14:10  14:14  14:15 | | **security**(1) 46:19 | | 35:7  36:9  36:15  36:22  38:14  40:18  46:24 | |
| **represented**(1) 53:18 | | 14:16  15:3  15:4  15:14  15:14  15:22  15:25 | | **see**(3) 4:4  20:14  36:10 | | 48:18  56:25  57:5  57:10  60:4  61:23  61:24 | |
| **reproduction**(1) 30:21 | | 16:6  16:7  16:23  19:3  19:4  19:8  20:21 | | **seeking**(14) 9:3  9:7  9:9  16:11  24:2  24:16 | | 63:13  64:17  64:24  65:2  65:5  65:6  65:9 | |
| **request**(6) 14:24  17:24  34:21  58:3  58:5 | | 21:4  21:23  22:19  23:17  23:17  24:6  25:6 | | 53:5  53:6  53:7  60:22  61:15  61:18  62:24 | | 65:17  65:18  65:24  66:20  67:2  68:10  69:2 | |
| 59:20 | | 25:9  25:13  25:13  25:15  25:16  25:22  26:5 | | 65:7 | | 70:5  70:25  71:7  71:13  71:21 | |
| | | 26:5  26:20  27:4  27:12  27:21  27:22  29:4 | | | | | |
| **requested**(2) 17:24  64:20 | | 30:22  31:3  31:4  31:12  31:13  31:15  31:19 | | **sell**(23) 4:9  4:9  7:15  10:16  11:1  25:7  25:8 | | **smp's**(26) 10:5  16:12  18:7  20:18  22:15 | |
| **requesting**(1) 64:25 | | 31:19  31:25  31:25  31:25  32:4  32:9  32:10 | | 25:8  26:13  30:14  38:12  41:24  42:17  42:19  42:23 | | 22:20  23:15  23:22  24:6  24:25  25:15  26:9 | |
| **require**(1) 13:2  58:4 | | 32:11  32:12  32:12  32:13  32:14  32:15 | | 42:23  45:11  45:16  45:25  47:19  52:24 | | 27:24  31:2  31:4  31:9  33:11  35:24  36:7 | |
| **required**(4) 12:21  47:10  50:11  52:12 | | 32:17  32:24  33:2  33:5  33:8  33:10  33:11 | | 62:12  69:25 | | 63:2  63:17  67:4  68:7  70:3  71:2  71:13 | |
| **requirement**(1) 50:20 | | 33:12  33:12  33:16  33:16  33:17  35:17  36:5 | | | | | |
| **requires**(2) 17:23  55:3 | | 36:6  36:20  36:20  36:24  37:4  37:5  38:2 | | **seller**(2) 32:19  66:16 | | **smp**(26) 10:5  16:12  18:7  20:18  22:15 | |
| **requiring**(1) 43:7 | | 38:4  38:12  38:13  41:7  41:8  41:12  41:20 | | **sellers**(1) 66:15 | | **so-called**(3) 8:18  13:21  19:1 | |
| **research**(9) 1:12  1:14  3:33  5:1  5:2  11:9 | | 42:3  42:8  42:9  43:5  43:7  43:9  43:13 | | **seller"**(1) 32:20 | | | |
| 12:3  19:17  63:13 | | 43:14  44:4  45:10  45:10  45:12  45:17  45:19 | | **selling**(9) 4:11  4:12  30:22  63:21  66:2 | | | |
| | | 45:24  45:25  46:3  46:4  47:20  48:9  49:14 | | 66:18  67:4  69:7  71:7 | | | |
| **research's**(1) 7:16 | | 49:15  50:14  50:23  51:17  53:1  53:6  53:24 | | | | | |
| **reserve**(1) 11:14 | | 54:5  55:6  55:25  57:12  60:16  62:14  64:10 | | **send**(4) 64:23  64:24  64:24  65:2 | | | |
| **resolution**(2) 21:8  37:10 | | 64:11  64:17  65:16  66:8  66:9  67:1  67:1  67:7 | | **sending**(2) 65:3  65:10 | | | |
| **resolve**(2) 37:3  37:4 | | 66:14  66:23  66:24  66:25  67:1  67:1  67:7 | | **sense**(11) 4:8  11:3  19:9  27:24  28:6  29:20 | | | |
| **resolved**(1) 26:13 | | 67:7  67:10  67:10  67:14  67:18  67:19  69:3 | | 31:6  35:4  45:15  46:6  65:1 | | | |
| | | 69:16  69:17  69:22  69:23  70:4  70:9  70:10 | | | | | |
| | | 70:11  70:11  70:14  70:15  71:6 | | **sent**(1) 29:5 | | | |
| | | | | **separate**(4) 22:25  23:2  35:23  39:9 | | | |
| | | | | **separately**(2) 41:23  54:19 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**software**(96) 7:16 10:17 10:22 10:22 11:1 11:10 11:16 12:3 12:17 13:22 13:25 14:13 15:1 15:11 15:20 16:2 17:8 17:15 18:1 21:6 21:15 22:14 23:9 24:15 28:21 29:11 35:2 35:9 35:11 35:20 36:11 38:14 39:1 39:10 39:15 39:16 40:4 40:21 41:9 41:15 41:25 42:2 42:5 42:14 43:14 44:6 45:7 45:9 45:12 45:25 46:10 46:12 46:24 46:25 47:1 47:9 47:17 47:24 47:25 48:10 48:13 48:16 48:18 48:24 49:7 49:19 49:20 49:23 50:9 51:1 53:3 53:9 54:12 54:23 55:2 56:9 57:25 58:9 59:11 59:13 59:23 60:7 60:14 61:17 62:1 62:4 62:14 62:21 64:14 64:19 64:24 65:2 65:5 65:10 66:1 71:3

**sold**(63) 16:2 23:16 23:16 25:9 25:17 25:22 25:24 26:2 26:7 28:21 31:19 31:21 31:24 31:24 32:1 32:8 32:24 32:25 33:10 41:10 42:5 43:2 43:4 43:4 43:14 45:7 45:10 45:20 46:5 46:10 46:13 47:2 49:7 50:4 50:9 50:14 51:11 52:22 53:3 53:16 53:22 54:12 58:9 59:24 63:25 64:2 65:1 66:6 66:8 66:21 67:3 67:6 68:15 68:16 68:17 68:22 69:4 69:18 69:20 70:13 70:13 70:16 70:17 71:1

**solely**(2) 25:25 70:16
**some**(26) 6:15 7:18 9:16 11:21 21:6 23:23 29:2 33:19 37:11 40:16 42:20 43:18 49:5 49:12 53:15 53:15 55:19 57:19 58:10 59:4 59:7 63:24 65:7 65:20 72:8 72:12

**somebody**(4) 25:1 68:19 68:23 69:19
**somehow**(9) 22:2 26:25 29:6 31:20 32:8 38:6 64:2 67:2 71:1

**someone**(7) 18:14 40:4 40:21 42:18 45:19 45:22 64:5

**someone's**(1) 40:21
**something**(16) 12:7 12:12 19:5 23:24 23:24 28:16 29:21 31:14 34:1 42:17 42:23 42:24 45:20 57:23 64:18 69:19

**sometime**(2) 6:24 9:12
**somewhat**(1) 41:19
**somewhere**(1) 5:4
**song**(1) 42:19
**soon**(1) 32:13
**sooner**(1) 10:1
**sorry**(2) 34:14 72:2
**sort**(8) 5:6 31:1 31:10 36:21 37:15 37:16 38:20 39:16

**sought**(1) 7:12
**sound**(3) 1:56 18:21 72:25
**source**(9) 10:22 14:18 28:21 39:23 47:16 48:14 48:24 56:19 56:20

**sources**(1) 35:12
**space**(1) 22:3
**speak**(1) 54:9
**specific**(1) 50:25
**specifically**(9) 11:1 13:5 14:14 14:25 16:11 32:2 40:5 44:21 52:7

**specifics**(1) 48:5
**specifies**(2) 33:9 70:15
**specifying**(1) 69:4
**spell**(1) 30:3
**spelled**(4) 31:14 32:16 66:10 66:12
**spilled**(1) 11:19
**spreadsheet**(5) 47:6 47:6 47:11 47:13
**square**(1) 2:30
**squared**(1) 64:10
**stand**(4) 18:16 60:13 62:7 72:10
**standard**(8) 27:7 28:10 28:15 35:8 35:9 48:12 51:12 70:7

**standardized**(1) 62:22

**standpoint**(4) 11:6 45:15 48:15 55:1
**stargatt**(1) 2:28
**stark**(3) 7:21 7:21 11:5
**start**(3) 4:18 40:23 72:5
**started**(1) 48:8
**starting**(1) 59:3
**state**(4) 11:14 13:16 39:16 67:24
**stated**(4) 23:13 66:14 66:22 69:18
**statement**(1) 45:1
**statements**(2) 16:13 16:20
**states**(5) 1:1 1:29 67:15 67:15 67:23
**steen**(1) 1:40
**step**(2) 23:10 37:17
**stickers**(1) 53:20
**still**(3) 20:1 56:21 58:19
**stipulated**(1) 27:3
**stood**(3) 16:22 17:7 60:12
**strauss**(2) 2:13 3:9
**stream**(2) 44:4 53:1
**street**(5) 1:17 1:51 2:23 2:31 69:22
**strenuously**(1) 35:6
**strictly**(3) 25:17 25:18 25:20
**strike**(1) 34:16
**strong**(1) 71:25
**stuff**(9) 20:3 38:22 40:16 54:19 57:4 57:6 60:11 63:1 64:6

**subjective**(1) 60:9
**subjectively**(1) 54:22
**submit**(4) 39:12 46:19 50:6 55:4
**submitted**(1) 12:4
**substance**(1) 7:17
**substantial**(2) 57:1 72:5
**such**(1) 66:20
**sue**(4) 14:12 45:23 57:16 62:10
**sued**(4) 18:15 53:18 62:7 65:8
**sues**(1) 42:21
**suffered**(1) 56:25
**sufficient**(2) 16:17 16:19
**suggested**(1) 64:18
**suing**(2) 62:16 64:1
**summarily**(1) 18:4
**summarized**(2) 33:7 54:3
**summary**(19) 4:5 5:11 5:12 5:13 8:9 13:4 28:8 28:18 38:24 41:13 46:3 46:8 46:14 51:21 55:11 59:21 60:3 60:17 60:18

**superfluous**(1) 12:14
**supervised**(1) 64:4
**supplied**(3) 30:1 30:15 30:16
**supplier**(2) 30:1 35:8
**supply**(1) 35:10
**support**(4) 10:23 12:4 13:9 39:12
**supposed**(2) 28:11 56:17
**sure**(7) 6:13 8:19 13:3 21:7 21:8 22:12 60:13

**surely**(1) 21:19
**survive**(1) 43:11
**take**(5) 6:9 25:4 37:17 47:18 51:7 72:12
**taken**(1) 62:16
**takes**(2) 7:11 9:4
**taking**(2) 20:14 39:7
**talk**(1) 37:19
**talked**(1) 71:2
**talking**(9) 19:15 32:15 34:11 36:5 39:16 53:4 55:17 55:18 70:12

**talks**(1) 70:12
**tammy**(1) 73:5
**tangible**(1) 30:2
**tax**(1) 52:23
**taylor**(8) 2:21 2:28 51:24 51:24 51:25 52:5 52:7 52:19

**technical**(1) 49:14
**technicality**(2) 49:5 62:13
**tee**(1) 9:25
**telephonic**(2) 2:35 3:1

**tell**(9) 4:11 8:21 10:11 17:17 18:16 56:1 56:2 56:25 61:4

**telling**(2) 26:14 69:8
**temporary**(2) 38:20 39:2
**ten**(1) 56:4
**tenuous**(1) 43:7
**term**(2) 12:7 12:13
**terms**(17) 23:10 24:8 24:8 24:10 26:5 27:5 28:24 31:12 33:3 36:6 36:8 36:19 36:21 37:4 37:5 65:6 66:24

**territory**(1) 67:24
**testified**(1) 65:25
**text**(2) 55:20 68:18
**textbook**(1) 55:23
**than**(12) 10:1 11:21 12:12 18:10 24:9 26:6 26:9 29:19 58:12 66:17 68:18 71:11

**thank**(21) 4:4 4:23 4:25 7:10 20:10 20:11 20:14 34:20 34:22 37:6 37:7 37:8 37:9 63:13 63:14 71:24 72:7 72:9 72:14 72:16 72:17

**that**(301) 4:9 4:14 4:16 5:3 6:4 6:9 6:15 6:16 6:19 6:22 6:24 7:13 7:25 8:1 8:4 8:4 8:19 9:3 9:22 9:25 10:1 10:4 10:14 10:14 10:25 11:2 11:13 11:3 11:14 11:5 11:7 11:9 11:12 11:13 11:16 11:21 11:24 12:1 12:2 12:3 12:7 12:16 12:17 12:19 12:20 13:1 13:3 13:12 13:13 13:17 14:4 14:6 14:7 14:11 14:17 14:25 15:2 15:3 15:8 15:9 15:10 15:14 15:16 15:16 15:17 15:18 15:19 15:21 16:2 16:8 16:9 16:9 16:16 16:18 16:20 16:23 16:23 17:2 17:4 17:4 17:8 17:10 17:10 17:11 17:12 17:12 17:14 17:14 17:18 17:20 17:20 17:20 17:21 18:6 18:7 18:10 18:14 18:15 18:19 19:1 19:1 19:3 19:8 20:8 20:8 20:20 20:21 20:21 20:21 20:25 21:1 21:4 21:6 21:8 21:9 21:14 21:15 21:17 21:17 21:22 22:5 22:19 22:22 22:24 23:3 23:5 23:7 23:11 23:15 23:22 24:1 24:4 24:6 24:7 24:8 24:10 24:18 24:21 25:9 25:12 25:19 25:23 25:24 26:1 26:1 26:2 26:4 26:6 26:9 26:12 26:13 26:13 26:14 26:16 26:18 26:22 26:25 27:2 27:8 27:10 27:12 27:13 27:15 27:16 27:24 28:9 28:12 28:14 28:16 28:20 29:2 29:5 29:7 29:21 30:3 30:6 30:7 30:18 30:22 30:25 31:6 31:14 31:25 32:4 32:5 32:7 32:11 32:13 32:16 32:16 33:8 33:9 33:9 33:15 34:3 34:12 34:17 34:21 35:1 35:4 35:5 35:9 35:10 35:11 35:14 35:15 35:18 35:19 35:20 36:4 36:7 36:16 36:22 37:1 37:10 37:10 37:12 37:22 37:24 37:25 38:1 38:1 38:5 38:11 38:17 38:20 38:21 38:23 38:25 39:2 39:2 39:4 39:12 39:13 39:16 39:23 40:8 40:12 40:13 40:17 40:19 40:19 40:20 40:22 41:7 41:9 41:10 41:13 41:14 41:17 41:19 41:19 41:22 41:24 42:2 42:4 42:8 42:9 42:16 42:20 42:24 42:25 43:1 43:2 43:3 43:5 43:5 43:8 43:10 43:22 43:23 44:2 44:4 44:5 44:10 44:16 44:17 44:17 44:20 44:22 44:23 45:6 45:6 45:7 45:9 45:13 45:14 45:18 45:19 45:20 45:22 46:1 46:1 46:3 46:4 46:4 46:10 46:12 46:13 46:15

**that's**(80) 4:15 4:16 8:13 9:15 10:9 12:5 14:2 15:24 16:4 17:11 17:16 17:19 18:17 18:22 19:25 20:2 21:20 21:25 22:14 22:23 23:18 23:19 23:20 24:22 25:8 25:24 29:22 30:8 31:13 31:20 31:23 31:23 32:10 33:3 34:1 34:14 34:19 34:23 35:3 35:9 36:24 39:4 39:25 40:1 40:11 42:15 42:17 42:24 43:13 46:15 48:1 48:25 50:7 51:9 51:17 51:17 51:21 52:15 53:1 53:11 53:11 54:1 54:1 54:2 55:24 56:4 57:16 61:6 62:11 64:7 64:7 64:16 66:1 66:21 69:10 69:15 69:18 69:20 69:25

**the**(301) 1:1 1:2 1:28 4:2 4:3 4:7 4:7 4:9 4:9 4:11 4:12 4:12 4:13 4:13 4:15 4:16 4:20 4:21 4:21 4:23 5:3 5:3 5:7 5:8 5:9 5:10 5:13 5:17 5:19 5:20 5:23 5:25 6:2 6:4 6:7 6:8 6:9 6:10 6:12 6:14 6:16 6:17 6:19 6:19 6:22 6:22 6:24 7:1 7:3 7:3 7:3 7:5 7:5 7:6 7:7 7:7 7:8 7:8 7:9 7:10 7:12 7:12 7:13 7:14 7:14 7:17 7:17 7:18 7:18 7:19 7:20 7:20 7:22 7:23 7:24 7:25 8:1 8:1 8:2 8:2 8:3 8:4 8:6 8:6 8:7 8:7 8:10 8:13 8:16 8:16 8:16 8:17 8:18 8:19 8:20 8:21 8:22 8:23 8:24 9:1 9:4 9:8 9:9 9:12 9:12 9:14 9:17 9:18 9:21 9:22 9:22 9:23 9:23 9:23 9:24 9:24 10:3 10:3 10:4 10:4 10:7 10:8 10:8 10:10 10:10 10:11 10:14 10:16 10:20 10:20 10:20 10:21 10:21 10:22 10:24 10:25 11:3 11:4 11:6 11:8 11:10 11:10 11:11 11:11 11:13 11:14 11:15 11:16 11:20 11:22 11:23 12:2 12:6 12:7 12:8 12:9 12:13 12:14 12:16 12:16 12:18 12:18 12:19 12:19 12:20 12:21 12:23 12:23 12:24 12:25 12:25 13:2 13:3 13:4 13:5 13:6 13:7 13:8 13:10 13:11 13:11 13:12 13:12 13:15 13:16 13:17 13:17 13:19 13:20 13:21 13:21 13:22 13:24 14:1 14:1 14:2 14:2 14:5 14:5 14:9 14:10 14:10 14:10 14:11 14:12 14:14 14:15 14:16 14:16 14:17 14:17 14:23 15:1 15:2 15:3 15:4 15:6 15:7 15:9 15:10 15:12 15:13 15:13 15:15 15:15 15:17 15:20 15:25 15:26 16:7 16:7 16:9 16:10 16:11 16:14 16:14 16:16 16:16 16:17 16:18 16:18 16:22 16:24 16:25 16:17 17:2 17:2 17:3 17:3 17:4 17:5 17:6 17:7 17:10 17:11 17:13 17:13 17:14 17:15 17:15 17:15 17:16 17:16 17:25 18:5 18:7 18:10 18:13 18:14 18:16 18:17 18:20 18:20 18:25 19:1 19:3 19:4 19:4 19:4 19:6 19:6 19:7 19:12 19:14 19:16 19:16 19:17 19:18 19:19 19:20 19:20 19:21 19:22 19:22 19:24 20:7 20:7 20:9

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**the(301)** 20:11 20:16 20:21 20:22 20:23 20:25 21:1 21:1 21:2 21:6 21:8 21:8 21:17 21:18 21:21 21:22 21:25 22:4 22:4 22:8 22:11 22:16 22:19 22:20 22:21 22:24 23:2 23:4 23:5 23:6 23:17 23:17 23:17 23:19 23:21 23:22 23:25 24:4 24:5 24:7 24:8 24:9 24:11 24:14 24:15 24:20 24:21 24:21 24:23 24:25 25:1 25:2 25:2 25:2 25:4 25:5 25:6 25:9 25:10 25:10 25:11 25:12 25:13 25:13 25:13 25:15 25:16 25:17 25:18 25:18 25:19 25:19 25:19 25:20 25:20 25:21 25:22 25:23 25:23 25:25 26:3 26:5 26:5 26:5 26:6 26:8 26:10 26:14 26:14 26:15 26:17 26:19 26:20 26:21 26:22 26:22 26:23 26:25 26:25 27:2 27:3 27:4 27:4 27:6 27:6 27:8 27:10 27:10 27:11 27:11 27:11 27:14 27:15 27:16 27:16 27:17 27:20 27:21 27:22 27:22 27:25 28:1 28:1 28:1 28:4 28:5 28:5 28:11 28:11 28:12 28:14 28:16 28:20 28:21 28:21 28:22 28:22 28:24 28:25 29:3 29:4 29:5 29:5 29:6 29:8 29:8 29:9 29:10 29:10 29:15 29:17 29:18 29:19 29:21 29:25 30:4 30:8 30:12 30:14 30:15 30:15 30:16 30:16 30:16 30:17 30:18 30:21 31:3 31:4 31:5 31:8 31:11 31:12 31:12 31:12 31:13 31:15 31:15 31:19 31:22 31:24 31:25 31:25 32:1 32:3 32:3 32:5 32:8 32:9 32:9 32:10 32:10 32:12 32:12 32:13 32:14 32:14 32:14 32:15 32:17 32:19 32:20 32:20 32:21 32:21 32:22 32:23 32:23 32:24 33:1 33:1 33:2 33:2 33:3 33:4 33:4 33:4 33:5 33:5 33:8 33:8 33:9 33:9 33:10 33:11 33:12 33:12 33:13 33:13 33:15 33:16 33:16 33:17 33:17 33:17 33:18 33:18 33:19 33:21 33:21 33:22 33:24 33:24 34:3 34:5 34:7 34:13 34:17 34:19 34:21 34:25 35:1 35:3 35:4 35:5 35:6 35:10 35:16 35:17 35:21 35:22 36:1 36:2 36:3 36:5 36:6 36:8 36:9 36:11 36:13 36:17 36:18 36:19 36:20 36:20 36:23 37:2 37:4 37:4 37:5 37:5 37:6 37:8 37:12 37:13 37:14 37:19 37:20 37:23 38:1 38:2 38:2 38:4 38:4 38:4 38:5 38:5 38:8

**the(301)** 38:9 38:11 38:11 38:12 38:12 38:13 38:14 38:17 38:25 39:1 39:2 39:3 39:4 39:5 39:6 39:7 39:10 39:11 39:11 39:15 39:16 39:18 39:19 39:20 39:20 39:21 39:22 39:22 39:23 39:24 39:25 40:3 40:5 40:7 40:7 40:7 40:9 40:10 40:10 40:11 40:11 40:12 40:13 40:13 40:15 40:17 40:22 40:23 41:1 41:2 41:4 41:6 41:7 41:8 41:11 41:13 41:15 41:15 41:18 41:20 41:20 41:21 41:22 41:23 41:24 41:25 41:25 42:2 42:3 42:4 42:5 42:6 42:8 42:9 42:11 42:14 42:15 42:16 42:16 42:20 42:21 42:25 43:1 43:2 43:4 43:5 43:6 43:6 43:7 43:8 43:8 43:9 43:11 43:12 43:13 43:13 43:14 43:18 43:21 43:25 44:1 44:3 44:4 44:4 44:4 44:5 44:6 44:6 44:8 44:10 44:14 44:16 44:16 44:17 44:18 44:21 44:22 44:24 44:25 45:2 45:5 45:6 45:7 45:8 45:8 45:9 45:10 45:10 45:11 45:17 45:18 45:19 45:19 45:20 45:22 45:23 45:23 45:25 46:3 46:4 46:13 46:4 46:9 46:16 46:16 46:21 46:22 46:24 46:25 46:25 47:1 47:2 47:4 47:4 47:6 47:7 47:7 47:7 47:8 47:10 47:11 47:12 47:13 47:19 47:20 47:21 47:23 47:24 47:24 47:25 47:25 48:1 48:2 48:2 48:5 48:5 48:5 48:6 48:6 48:8 48:11 48:14 48:14 48:16 48:18 48:20 48:21 48:22 48:24 48:24 48:25 49:6 49:6 49:7 49:8 49:10 49:12 49:14 49:14 49:15 49:16 49:19 49:20 49:20 49:21 49:21 49:21 49:22 50:6 50:8 50:9 50:11 50:12 50:13 50:15 50:15 50:16 50:19 50:23 50:25 50:25 51:1 51:2 51:4 51:6 51:7 51:8 51:8 51:10 51:11 51:13 51:15 51:15 51:16 51:17 51:17 51:18 51:20 51:22 51:22 51:23 51:24 51:25 51:25 51:25 52:1 52:2 52:2 52:3 52:4 52:4 52:5 52:5 52:5 52:8 52:8 52:9 52:11 52:13 52:14 52:16 52:17 52:18 52:19 52:20 52:21 52:21 52:22 52:23 52:25 53:1 53:6 53:7 53:9 53:11 53:12 53:13 53:14 53:16 53:16 53:17 53:21 53:22 53:22 53:24

**the(301)** 53:24 53:24 53:25 54:3 54:7 54:8 54:8 54:9 54:10 54:10 54:11 54:12 54:13 54:14 54:15 54:16 54:16 54:17 54:17 54:18 54:19 54:19 54:20 54:21 54:22 54:23 54:23 54:24 55:1 55:2 55:2 55:3 55:4 55:4 55:5 55:5 55:5 55:6 55:7 55:13 55:14 55:14 55:15 55:15 55:16 55:17 55:20 55:23 55:24 55:25 55:25 55:25 56:2 56:4 56:8 56:9 56:10 56:11 56:11 56:12 56:14 56:14 56:18 56:20 56:20 56:21 56:22 57:2 57:5 57:8 57:9 57:11 57:11 57:11 57:12 57:13 57:17 57:20 57:21 57:24 57:25 58:2 58:3 58:3 58:4 58:8 58:9 58:10 58:12 58:16 58:17 58:23 59:2 59:4 59:7 59:9 59:10 59:1 59:13 59:15 59:16 59:20 59:21 59:23 60:1 60:4 60:4 60:6 60:7 60:7 60:7 60:8 60:8 60:9 60:10 60:10 60:10 60:12 60:13 60:14 60:14 60:15 60:23 60:25 61:5 61:6 61:8 61:9 61:10 61:11 61:12 61:14 61:15 61:15 61:16 61:17 61:19 61:21 61:22 61:22 61:25 62:4 62:9 62:13 62:13 62:14 62:16 62:18 62:23 62:24 62:25 63:1 63:2 63:3 63:4 63:7 63:7 63:8 63:8 63:13 63:14 63:16 63:18 63:21 63:24 64:3 64:6 64:8 64:10 64:11 64:12 64:13 64:14 64:16 64:17 64:18 64:20 64:22 64:23 64:25 65:3 65:4 65:4 65:11 65:12 65:12 65:16 65:22 66:2 66:3 66:6 66:7 66:8 66:9 66:10 66:10 66:12 66:13 66:14 66:14 66:14 66:15 66:17 66:17 66:18 66:19 66:21 66:22 66:23 66:23 66:24 66:24 66:24 66:25 66:25 66:25 67:1 67:1 67:4 67:6 67:6 67:7 67:8 67:9 67:10 67:10 67:11 67:13 67:15 67:16 67:16 67:17 67:17 67:18 67:18 67:19 67:19 67:20 67:20 67:21 67:23 67:24 67:25 67:25 68:1 68:2 68:2 68:4 68:6 68:8 68:11 68:12 68:13 68:13 68:14 68:15 68:16 68:19 68:20 68:21 68:22 68:22 68:23 69:1 69:3 69:3 69:5 69:5 69:7 69:8 69:9 69:13 69:14 69:14 69:17 69:17 69:19 69:21 69:21 69:22 69:22 69:24 70:1 70:1 70:2 70:2 70:4 70:4 70:4 70:5 70:8 70:9 70:11 70:11 70:15 70:16 70:17

**the(36)** 70:21 70:22 70:23 71:2 71:4 71:4 71:5 71:5 71:5 71:6 71:7 71:8 71:11 71:13 71:16 71:18 71:19 71:20 71:20 71:21 71:24 72:1 72:3 72:4 72:4 72:5 72:7 72:10 72:12 72:13 72:15 72:18 72:18 72:25 72:25 73:1

**their(57)** 6:1 6:1 9:11 10:2 10:18 10:23 10:24 11:2 17:6 17:21 18:21 22:13 22:14 23:10 24:8 26:10 28:15 31:7 31:20 33:13 34:2 34:6 34:7 34:24 35:2 35:2 35:23 39:3 41:21 44:11 44:12 44:12 44:20 45:14 46:7 46:23 48:20 49:10 49:11 49:13 50:6 50:20 51:15 54:21 54:22 55:13 63:22 65:25 66:2 66:4 66:5 66:18 70:2 70:3 71:7 71:14 71:15

**theirs(1)** 53:18

**them(46)** 6:23 8:24 9:11 10:25 14:12 15:1 16:25 16:25 17:9 17:13 18:6 23:24 24:8 29:25 33:14 38:6 38:6 38:7 38:17 44:23 45:11 45:25 46:2 48:19 49:15 49:16 49:24 51:4 54:20 56:15 57:16 58:19 58:19 58:22 58:25 60:9 62:3 62:5 62:10 62:10 62:16 63:4 63:9 64:1 70:20 71:9

**then(29)** 5:20 5:21 5:24 5:25 9:2 9:6 10:12 17:8 17:15 23:19 28:1 32:2 32:5 32:20 34:3 36:8 36:16 38:18 40:18 48:22 55:4 56:21 57:15 58:13 59:17 61:17 63:16 67:7 70:7

**theory(5)** 8:17 12:6 29:2 54:17 67:9

**there(37)** 5:6 6:11 10:3 10:14 17:14 17:24 28:16 30:24 31:2 32:11 33:19 33:20 33:24 35:10 35:10 35:12 35:13 35:19 36:11 40:18 40:20 47:15 48:23 48:25 51:2 59:5 59:12 59:19 62:3 63:19 63:20 63:22 64:12 64:13 64:18 65:1 65:6

**therefore(2)** 19:8 56:1

**there's(34)** 4:11 6:15 6:15 8:9 9:16 11:4 11:8 11:17 11:18 11:20 12:19 17:12 18:18 23:11 23:18 24:16 29:21 30:6 30:11 31:1 33:12 35:14 35:18 36:7 36:24 40:24 41:1 43:19 53:10 55:20 59:22 60:1 68:17 69:10

**these(21)** 12:8 15:12 16:20 21:7 22:6 36:17 39:5 44:2 46:20 47:23 49:2 49:18 50:9 53:8 57:11 57:17 59:16 62:9 63:6 64:20 64:22

**they(129)** 9:3 9:3 9:6 10:19 10:23 10:24 11:1 11:13 11:14 12:8 14:7 14:12 14:19 15:10 16:4 17:8 18:7 18:12 18:12 18:18 18:21 19:7 19:21 21:15 21:15 21:21 22:18 24:11 26:11 27:15 27:17 27:19 28:10 28:10 29:22 29:23 31:18 33:14 34:2 34:4 34:4 34:5 34:10 36:8 36:16 39:6 39:19 39:21 39:24 40:4 40:15 41:7 41:8 41:9 41:10 41:11 44:11 44:14 44:20 44:23 44:23 45:9 46:1 46:2 47:9 47:9 47:10 47:14 47:15 47:15 47:16 47:16 47:17 47:18 47:18 47:19 47:20 47:21 48:10 48:12 48:13 48:17 49:3 49:4 49:4 49:12 49:13 49:16 49:17 50:3 51:18 52:12 52:24 55:7 55:19 56:16 56:22 56:23 58:23 58:23 62:7 62:11 62:12 62:15 62:15 62:17 62:19 62:20 62:20 62:22 62:23 63:5 63:5 64:21 64:21 65:15 65:15 67:4 67:5 67:6 68:24 70:9 70:10 71:7 71:8 71:10 71:14

**they'll(1)** 5:25

**they're(26)** 6:19 9:19 10:2 14:4 17:11 18:23 21:10 24:12 27:25 31:16 31:17 35:6 35:8 38:1 44:19 50:16 50:21 54:11 55:10 58:25 59:5 61:1 64:25 69:8 71:10 71:15

**they've(5)** 9:11 20:3 28:14 28:15 35:12

**thing(22)** 9:21 15:23 16:9 28:6 31:3 32:24 35:11 37:10 37:25 39:14 40:7 40:12 45:14 47:23 52:13 54:22 56:22 58:6 60:8 60:20 64:20 68:21

**things(11)** 6:6 6:15 6:21 10:12 22:3 22:10 36:10 36:16 58:21 63:3 64:20

**think(62)** 6:8 7:17 8:15 8:21 10:8 10:13 11:19 12:23 13:1 13:11 18:21 19:11 20:19 24:14 24:20 26:12 26:21 27:10 28:13 29:4 30:4 31:13 33:25 38:5 38:10 43:22 44:9 44:23 46:7 46:13 46:15 46:23 49:2 50:5 51:3 51:4 52:15 52:16 54:8 54:9 56:6 56:7 57:8 57:8 57:9 57:10 57:23 59:14 59:19 59:18 59:21 61:22 61:24 62:7 63:11 64:15 65:14 67:2 67:12 70:20 70:21 71:22

**thinking(2)** 4:6 60:13
**third(4)** 6:9 44:14 44:16 64:9
**third-parties(1)** 63:23
**third-party(4)** 18:15 27:19 66:19 68:6

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **this**(183) 4:15 4:17 5:15 6:7 6:13 7:11 7:19 8:8 8:20 9:2 9:10 9:20 9:20 9:21 9:25 10:1 10:13 11:9 11:16 11:19 12:6 12:15 12:19 12:23 12:25 13:1 13:4 13:9 13:12 13:20 14:3 14:3 14:8 15:13 15:17 15:23 16:5 16:10 16:14 17:7 17:14 17:12 17:18 18:2 18:3 18:6 18:10 18:11 18:24 18:25 19:1 19:3 19:10 20:2 20:8 21:3 21:12 22:4 23:11 23:25 24:1 24:14 24:21 24:24 26:20 27:18 29:13 29:13 29:20 29:20 30:19 32:17 32:24 33:6 34:10 34:10 34:16 34:24 34:25 35:7 35:7 35:18 36:22 36:25 37:1 37:11 38:5 38:7 38:10 38:24 38:24 40:6 40:24 41:5 41:12 41:13 41:13 43:13 43:15 44:8 44:9 44:11 44:13 44:19 45:3 45:6 45:7 45:8 46:7 46:8 46:14 46:17 48:7 48:21 49:3 49:14 50:2 50:5 50:10 50:23 52:13 52:14 53:21 53:23 54:17 54:24 55:8 55:9 55:17 55:19 55:21 55:22 55:22 56:16 57:1 57:13 58:3 58:15 58:20 59:9 59:14 59:14 59:15 59:24 59:25 60:11 60:16 60:20 60:21 60:22 60:24 61:3 61:4 61:11 61:17 61:22 61:23 61:24 62:3 62:8 62:25 63:1 63:6 63:10 63:12 64:3 64:24 64:25 65:7 65:9 65:12 65:13 65:14 65:19 66:10 67:13 68:19 69:11 69:15 69:16 70:11 70:14 | | **those**(16) 11:24 14:23 16:13 23:2 25:21 30:2 30:5 36:6 36:8 42:8 42:16 51:11 51:14 55:16 68:14 69:21 **though**(2) 44:17 64:13 **thought**(6) 4:16 15:8 15:9 15:20 25:3 **thousands**(3) 59:1 59:1 59:1 **three**(10) 6:7 11:20 11:24 25:21 43:22 46:19 47:1 53:2 53:4 55:15 **through**(15) 4:17 7:14 23:16 25:22 31:1 31:12 31:19 38:10 38:12 42:1 50:2 60:11 66:3 66:8 66:13 **time**(10) 8:16 11:7 13:14 15:16 15:21 18:9 19:10 20:14 57:19 60:19 **time."**(1) 14:20 **timeliness**(1) 36:22 **times**(2) 17:5 17:5 **time"**(1) 14:22 **timing**(1) 9:23 **title**(1) 66:16 **today**(9) 5:10 9:15 16:7 16:22 18:10 20:15 29:4 35:1 57:16 **together**(4) 6:8 37:17 50:20 67:12 **told**(4) 9:6 57:15 69:17 71:11 **too**(2) 11:19 63:9 **took**(2) 15:13 22:19 **total**(2) 5:14 67:15 **touch**(1) 35:24 **tower**(1) 2:17 **trade**(2) 14:1 41:2 **transaction**(3) 20:4 42:25 43:14 **transcriber**(1) 73:5 **transcript**(4) 1:27 1:57 34:17 72:25 **transcription**(1) 1:50 1:50 1:57 **transcripts**(2) 12:15 14:10 **transfer**(18) 7:15 10:5 10:16 10:21 11:1 12:16 12:18 12:20 15:11 38:14 40:10 40:21 41:9 47:17 56:20 62:22 64:14 66:16 **transferred**(15) 14:13 14:18 15:20 16:1 39:2 39:22 43:1 44:7 46:25 47:9 49:19 53:3 53:9 54:20 63:9 **transferring**(6) 12:2 13:25 15:1 18:1 47:16 61:25 **transfers**(1) 62:4 **transgressions**(1) 19:7 | **transparent**(5) 22:3 23:24 64:5 65:22 **trial**(2) 49:6 55:8 **tried**(4) 48:12 52:19 55:16 62:1 **tries**(3) 29:20 35:4 70:25 **trouble**(2) 18:8 72:4 **troubles**(1) 18:8 **trust**(1) 14:2 **truth**(1) 62:13 **try**(9) 6:8 11:1 12:24 20:17 41:5 45:8 45:9 48:10 49:5 **trying**(15) 22:1 22:1 22:2 23:2 31:16 32:2 32:16 33:15 40:24 49:9 50:21 50:22 58:20 60:23 61:1 71:15 **tuesday**(2) 4:1 6:22 **tunnell**(1) 1:33 **turn**(8) 24:18 26:15 27:6 63:16 66:21 68:10 69:5 71:8 **turned**(1) 38:21 **turns**(2) 69:14 69:14 **tweed**(1) 2:42 **twice**(3) 28:5 54:21 60:8 **two**(7) 8:22 26:9 39:13 46:24 52:24 59:19 68:15 **two-fold**(1) 41:7 **tyler**(1) 3:4 **type**(5) 17:22 17:25 18:2 53:5 58:6 **types**(1) 39:20 **u.s**(18) 5:13 6:22 7:14 8:1 8:3 8:6 8:8 9:8 9:24 10:16 13:21 14:17 14:17 16:3 16:11 38:12 38:13 59:22 **ultimately**(4) 20:5 22:23 24:1 35:22 **ultra-protective**(1) 58:5 **unbelievable**(1) 34:6 **unclear**(1) 10:18 **under**(15) 6:7 6:16 12:9 12:22 23:2 33:10 41:11 41:21 56:20 61:19 63:1 67:9 67:10 67:21 67:23 **underlying**(2) 45:24 50:13 **understand**(3) 20:15 22:11 22:12 **understanding**(8) 21:25 22:4 22:20 22:22 22:21 22:21 33:19 64:12 **understands**(2) 65:14 65:16 **understood**(7) 17:21 21:9 23:8 27:17 47:12 63:20 70:9 **undisputed**(8) 31:13 46:11 46:21 49:2 49:18 50:9 56:8 58:9 **unequivocally**(2) 46:12 52:18 **uniform**(1) 41:2 **unique**(1) 68:25 **united**(3) 1:1 1:29 67:23 **unless**(2) 19:12 71:23 **unqualified**(1) 16:20 **unsecured**(1) 3:9 **until**(1) 56:19 **use**(31) 10:21 11:2 12:8 12:10 12:20 17:8 17:15 18:20 21:15 21:17 22:14 23:9 24:15 25:3 27:6 28:1 28:11 30:21 30:25 35:2 35:20 41:23 42:16 42:18 43:8 54:19 56:12 60:9 69:5 69:11 71:21 **used**(3) 42:23 43:5 55:25 **using**(3) 17:12 20:3 38:22 **value**(20) 36:17 36:18 48:2 54:23 55:2 56:7 57:21 57:23 58:1 58:8 58:10 58:12 59:10 60:7 60:15 62:14 67:21 67:22 67:23 **valueless**(1) 42:2 **vanilla**(1) 35:9 **vein**(1) 8:4 **vendor**(2) 30:6 35:18 | **vendors**(1) 35:10 **version**(1) 6:24 **versioned**(1) 47:7 **versus**(5) 4:5 37:20 40:25 46:19 51:9 **very**(15) 4:23 6:2 6:9 6:11 6:18 14:6 14:14 17:1 20:2 21:12 36:25 37:1 46:23 53:7 71:25 **viable**(1) 31:24 **view**(3) 12:10 38:11 49:10 **violate**(4) 15:10 15:19 47:21 48:20 **violated**(1) 14:12 **violation**(3) 13:25 14:18 15:12 **virginia**(1) 53:12 **vob**(4) 64:21 64:21 64:25 65:3 **vob's**(3) 47:7 58:23 64:21 **wait**(3) 21:5 26:11 62:4 **waited**(1) 56:19 **waiting**(2) 58:9 58:25 **walk**(1) 31:12 **want**(48) 6:5 9:16 11:17 16:5 18:21 18:24 21:7 22:14 23:9 27:7 30:24 32:1 32:5 35:11 35:20 36:10 36:23 37:17 37:25 38:16 39:14 40:23 41:5 42:4 43:19 43:19 46:2 47:20 47:22 49:5 49:17 49:17 50:3 50:11 51:2 53:10 54:7 56:23 60:20 62:13 63:5 63:6 63:15 65:10 69:5 69:11 69:12 71:8 **wanted**(7) 6:13 6:14 6:18 8:19 21:15 47:18 48:10 **wants**(2) 26:15 64:5 **warning**(1) 62:6 **was**(135) 4:6 7:12 7:19 8:1 8:6 8:11 8:16 8:20 9:21 9:22 10:9 10:18 12:3 13:7 14:15 15:2 15:14 15:14 16:7 16:10 16:15 17:6 17:11 17:20 17:24 18:1 18:12 19:3 19:16 21:8 21:12 21:17 22:5 22:11 22:24 23:15 23:25 25:4 26:2 26:13 27:10 27:11 28:11 31:3 31:8 31:11 31:21 31:24 31:24 31:25 32:1 32:1 32:11 32:12 33:1 33:15 33:19 33:20 33:24 35:12 35:13 35:21 35:23 36:11 36:22 38:1 38:20 39:2 39:17 40:15 42:2 42:25 43:1 43:14 44:6 44:17 45:2 45:7 46:9 46:10 46:13 46:25 47:1 47:24 47:25 49:7 49:20 49:23 50:9 50:14 51:19 52:19 52:21 53:3 53:9 53:20 54:12 54:13 54:15 56:9 56:10 56:10 58:5 59:24 60:9 62:21 62:25 63:5 63:19 63:20 63:21 63:25 64:2 64:12 64:13 64:8 65:9 65:12 65:21 66:6 66:8 66:10 67:3 67:6 67:9 68:15 68:17 68:19 68:22 70:11 71:1 71:16 71:19 72:18 **wasn't**(14) 23:1 31:7 31:19 41:25 42:5 45:10 50:4 58:9 60:13 61:17 65:1 65:20 67:3 71:20 **wasting**(2) 18:9 19:10 **way**(23) 4:17 5:3 5:19 10:17 18:11 23:5 29:19 31:11 37:2 39:5 40:3 41:24 44:16 54:13 55:20 58:24 60:10 61:16 63:7 63:24 68:17 68:19 71:13 **webb**(1) 3:4 **weekend**(1) 72:4 **well**(59) 4:23 6:2 6:4 6:8 12:10 14:21 16:19 19:25 21:5 21:19 22:17 22:18 24:14 26:1 26:11 27:5 27:7 27:10 27:12 27:15 27:16 28:9 28:13 28:14 28:23 29:5 29:22 30:5 30:8 30:15 30:19 31:18 31:23 32:8 33:11 34:1 34:3 36:10 37:9 37:19 38:3 39:5 45:15 56:3 62:22 63:24 64:2 64:15 65:9 66:6 67:2 67:6 67:7 68:24 69:10 70:5 70:6 71:2 71:24 **well-grounded**(1) 14:6 **went**(2) 23:23 47:9 | **were**(43) 6:7 9:20 12:2 14:13 16:1 16:17 16:18 16:21 16:23 17:14 17:15 17:20 17:21 18:3 18:7 21:25 24:9 28:20 28:21 28:22 30:1 30:16 35:18 38:17 39:6 40:14 43:2 47:9 47:10 47:15 47:16 47:18 53:2 56:17 62:17 63:21 63:23 64:19 65:8 66:2 66:3 67:4 68:16 **weren't**(7) 9:3 15:22 19:7 27:17 30:15 41:11 62:17 **we'd**(2) 57:4 57:6 **we'll**(13) 9:9 9:9 9:10 9:12 11:2 11:7 14:7 20:6 20:17 59:7 63:11 70:7 72:10 **we're**(61) 4:4 4:19 5:9 5:11 5:18 9:7 9:7 13:13 13:13 16:7 18:9 18:16 19:15 21:7 22:1 22:2 22:3 22:6 23:13 23:15 24:2 24:13 24:21 28:6 29:3 30:22 32:15 34:16 35:1 39:7 39:8 39:11 39:16 48:18 50:21 50:22 52:6 53:4 53:6 53:7 55:9 55:17 55:18 56:24 58:19 58:20 58:21 59:6 60:22 61:6 61:14 61:18 62:12 62:23 63:3 64:13 65:2 65:2 71:13 71:16 71:22 **we've**(16) 5:10 13:18 26:12 30:9 36:5 50:16 50:17 50:18 53:2 54:2 56:7 57:23 57:24 58:11 58:25 58:25 62:12 **what**(131) 4:7 6:20 7:12 8:18 8:20 8:22 9:7 9:15 10:9 11:5 12:3 12:5 12:9 13:1 13:6 13:7 13:7 13:8 13:13 14:19 16:1 16:7 17:19 18:12 18:23 20:25 21:1 21:20 22:5 22:14 22:17 22:22 23:8 24:16 25:8 25:9 25:11 25:16 25:17 25:21 26:1 27:4 27:13 28:10 29:1 29:3 29:16 30:2 31:15 31:24 32:2 33:3 33:4 36:4 36:6 36:9 36:18 37:25 38:4 39:6 39:18 40:15 40:16 41:1 41:16 42:24 43:17 45:3 45:8 45:18 45:24 46:5 46:15 46:16 47:9 47:14 47:15 48:7 48:13 49:4 49:4 49:16 50:22 50:24 51:6 52:7 52:10 52:18 53:1 53:23 54:2 55:5 55:19 56:2 56:12 56:14 56:16 56:17 57:4 58:6 58:13 58:25 59:2 60:9 61:6 62:11 62:12 62:17 64:8 64:16 64:20 65:3 66:9 66:18 66:21 68:1 68:10 68:20 69:4 69:4 69:9 69:19 69:25 70:6 70:8 70:9 70:21 71:6 71:15 71:16 71:21 71:22 **whatever**(11) 25:12 31:2 31:2 54:15 61:19 67:8 69:12 69:19 71:22 70:24 71:12 **whatsoever**(2) 16:12 19:2 **what's**(20) 10:11 11:18 13:18 25:21 25:22 28:12 28:14 28:22 32:23 33:10 34:3 36:17 50:11 52:12 53:22 63:25 63:15 66:21 68:21 70:13 **when**(31) 6:19 10:18 10:23 11:3 11:6 12:5 12:18 15:11 17:18 18:7 20:8 24:13 26:21 28:7 33:17 35:11 38:8 39:5 39:19 40:5 48:8 49:7 52:24 55:23 60:14 63:11 65:9 65:11 67:2 67:12 70:14 **where**(29) 12:13 16:10 16:14 21:23 24:1 24:3 26:10 31:18 32:10 32:18 33:7 39:10 39:11 40:16 42:18 44:6 44:9 44:25 47:9 48:1 50:13 52:21 53:7 55:8 57:16 69:3 69:23 70:12 70:14 **whereupon**(1) 72:18 **whether**(16) 9:17 10:19 10:20 11:20 13:20 28:8 36:19 43:13 43:15 46:8 46:9 46:9 57:25 59:23 60:1 70:23 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|
| **which**(40) 11:7 12:22 14:8 14:14 14:15 15:2 15:14 16:7 17:1 19:2 24:13 24:19 27:22 28:6 29:14 31:4 34:11 40:3 41:16 41:18 41:24 43:17 44:15 44:24 46:22 46:23 49:2 49:11 50:16 50:24 51:23 51:24 53:3 55:8 55:15 57:21 59:24 66:6 68:16 71:13 | | **would**(35) 5:17 12:14 12:20 13:16 14:25 15:9 15:11 15:18 18:4 21:15 29:2 29:24 36:7 36:12 36:16 38:7 39:23 53:3 54:21 56:14 56:16 56:22 57:5 57:6 59:24 60:17 62:15 62:15 62:19 63:20 64:8 64:16 68:19 70:9 70:10 | | **zeros**(3) 30:5 30:5 30:8 **"attributable**(1) 41:20 **"correct."**(2) 17:11 17:19 **"intellectual**(1) 12:13 **"release"**(1) 18:20 **"that**(1) 14:22 **"the**(2) 14:19 32:18 **december**(1) 73:4 |
| **while**(1) 38:17 | | **wouldn't**(8) 36:12 36:25 38:9 60:8 61:17 62:20 62:20 71:3 | | |
| **whiteford**(1) 2:21 | | | | |
| **whitewash**(1) 19:6 | | **wow**(1) 35:7 | | |
| **who**(13) 5:20 8:3 8:20 16:22 19:16 19:20 23:23 30:13 50:1 63:17 63:23 64:22 69:24 | | **write**(3) 48:10 48:18 62:20 **written**(1) 62:15 | | |
| **whoever**(2) 7:8 26:24 | | **wrong**(5) 18:12 33:13 50:21 56:11 66:4 **wrongdoer**(1) 23:23 | | |
| **whole**(5) 43:13 55:15 57:13 60:21 61:10 | | **wrongful**(1) 61:10 | | |
| **who's**(1) 4:18 | | **wunder**(1) 3:14 | | |
| **why**(31) 7:18 7:19 7:22 11:3 12:17 15:24 18:9 18:18 20:7 20:8 38:7 38:9 39:25 40:1 40:11 43:13 44:19 44:23 51:19 51:20 52:18 54:10 54:20 59:9 62:7 62:15 62:19 62:19 62:22 62:22 62:23 | | **www.diaztranscription.com**(1 1:54 **x-it**(4) 53:11 53:11 55:14 68:13 **yeah**(4) 5:5 19:6 34:23 60:13 **year**(2) 9:13 34:8 **years**(4) 15:9 20:4 35:4 38:22 | | |
| **will**(15) 5:6 5:20 10:12 17:17 24:1 24:4 24:14 24:18 37:11 37:14 40:6 51:5 63:22 72:3 72:8 | | **yes**(26) 4:22 5:17 6:17 7:6 8:10 19:18 20:13 20:16 21:12 21:23 22:6 22:16 24:23 24:23 28:19 30:12 31:22 36:1 36:3 41:4 42:11 43:21 51:13 53:13 57:20 68:12 | | |
| **willing**(3) 13:13 47:18 63:3 | | **yet**(5) 6:23 14:7 58:20 58:24 59:8 | | |
| **wilmington**(6) 1:18 1:37 2:9 2:24 2:32 4:1 | | **york**(2) 1:45 2:18 | | |
| **win**(4) 49:5 49:14 49:16 52:18 | | **you**(177) 4:4 4:4 4:6 4:8 4:11 4:23 4:25 | | |
| **windfall**(1) 60:21 | | 5:4 5:16 6:20 6:21 7:10 8:1 9:6 10:4 | | |
| **with**(108) 4:14 4:17 4:20 5:3 6:1 6:23 7:21 9:9 9:18 10:1 12:6 13:11 14:19 15:2 16:6 16:8 16:12 18:22 19:10 19:21 19:22 19:23 20:1 20:5 20:6 20:6 21:3 21:14 21:16 21:21 21:22 21:24 22:4 22:12 22:18 22:24 23:1 23:6 23:9 23:14 24:3 24:6 24:9 24:18 24:19 25:7 26:16 26:23 27:6 27:21 28:2 29:24 33:13 35:19 35:22 36:24 39:4 39:9 39:11 40:23 42:12 44:1 45:3 46:22 47:4 48:23 49:2 49:9 49:12 49:18 53:2 53:21 56:18 57:2 57:7 57:14 57:15 57:22 58:3 59:3 60:21 61:6 61:23 62:3 62:17 63:10 63:11 63:17 64:10 64:13 65:6 65:16 65:17 67:9 68:10 68:21 68:22 68:24 69:12 69:13 70:5 70:8 70:18 71:4 71:9 71:22 72:10 72:15 | | 10:13 12:14 13:16 13:23 16:22 16:24 17:18 17:19 17:20 17:20 17:21 18:8 18:15 18:22 18:23 19:6 19:14 20:10 20:11 20:12 20:14 21:5 21:25 22:9 22:10 22:11 22:13 22:13 23:8 23:9 24:15 25:7 25:8 25:9 26:16 27:6 27:6 27:7 27:8 28:3 28:13 28:13 29:5 29:10 30:4 30:8 30:10 30:14 30:24 31:6 32:8 33:17 33:23 34:20 34:22 35:8 35:19 35:19 36:9 36:17 37:6 37:7 37:8 37:9 39:9 40:5 40:8 40:8 40:9 41:25 42:22 42:23 42:23 43:10 45:6 45:25 46:1 46:2 47:10 47:14 49:7 49:17 49:17 50:3 50:4 51:3 51:4 51:5 52:16 52:22 52:25 53:13 53:24 53:25 54:1 54:1 55:11 55:13 55:14 55:14 55:24 55:25 56:1 56:6 56:15 56:17 56:19 56:19 56:25 57:2 57:6 57:17 57:22 58:7 58:7 59:7 59:7 60:2 60:16 60:17 60:17 61:4 61:4 61:5 62:6 62:7 63:13 63:14 63:16 63:18 64:14 64:14 64:17 64:21 64:23 65:2 65:3 65:6 65:7 65:10 65:19 67:8 68:21 69:11 69:12 69:14 69:16 69:23 69:24 69:25 70:7 70:23 71:3 71:8 71:24 72:9 72:14 72:16 72:17 | | |
| **withdraw**(6) 7:20 7:23 8:2 9:9 9:24 17:3 **withdrawal**(1) 38:8 **withheld**(1) 56:18 **without**(17) 7:16 13:23 15:23 20:4 25:15 31:16 35:2 38:23 40:22 45:17 49:5 52:20 55:12 59:13 60:2 67:5 71:5 | | **young**(3) 2:28 3:18 3:23 **your**(99) 4:8 4:19 4:22 4:25 6:6 6:20 7:11 8:5 8:8 8:19 8:22 9:16 10:14 11:8 13:16 14:2 14:9 14:22 17:7 17:17 18:5 19:9 20:10 20:13 21:18 21:19 21:20 21:23 23:12 24:15 24:18 24:19 27:3 28:9 28:17 28:19 29:12 29:14 30:13 31:10 33:25 34:1 34:9 34:22 35:24 36:14 36:21 37:1 37:7 37:9 38:11 39:5 43:20 45:5 46:11 46:18 51:7 51:15 51:21 52:24 52:25 53:11 53:14 53:20 53:20 54:3 55:19 55:24 56:1 56:9 57:4 57:6 59:21 60:17 60:23 61:24 62:10 63:12 63:15 63:22 64:15 65:18 66:5 67:10 67:13 68:10 68:25 69:6 70:6 70:18 70:18 71:4 71:22 71:23 72:6 72:7 72:8 72:9 72:14 | | |
| **withstand**(1) 26:4 **won**(1) 44:22 **wonder**(1) 4:7 **wonderful**(1) 55:22 **won't**(2) 48:4 71:5 **wood**(4) 3:38 51:10 55:14 68:13 **word**(4) 5:25 17:10 17:11 18:20 **words**(11) 8:7 13:23 28:17 30:19 30:19 33:21 39:25 40:2 43:9 44:5 45:12 | | | | |
| **work**(28) 4:8 5:4 5:6 6:23 32:11 40:11 42:8 42:9 42:10 43:4 43:8 43:12 44:5 50:14 52:4 52:21 52:24 55:25 64:14 65:24 70:12 70:13 71:3 71:5 71:25 72:4 72:8 72:8 | | | | |
| **worked**(6) 6:8 31:10 48:17 56:21 61:18 65:24 | | | | |
| **working**(1) 56:15 **works**(1) 6:4 **worth**(1) 41:25 | | **you'll**(2) 22:12 72:11 **you're**(27) 8:21 16:21 21:13 21:13 21:23 24:16 26:14 26:14 27:23 27:23 30:25 31:5 31:5 36:13 36:16 40:15 59:7 62:6 64:6 64:7 67:8 69:8 69:12 70:12 71:9 71:11 71:12 **you've**(3) 10:5 26:23 68:11 **zero**(1) 55:1 | | |