**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
                Debtors. :
: **RE: D.I.s 12919, 13091, 15655, 15811**
:
---------------------------------------------------------X

**CERTIFICATION OF COUNSEL REGARDING (I) PROPOSED**
**REVISED ORDER GRANTING DEBTORS' THIRTY-FIFTH OMNIBUS**
**OBJECTION WITH RESPECT TO CLAIM NO. 2337; AND**
**(II) PROPOSED REVISED ORDER GRANTING DEBTORS'**
**THIRTY-EIGHTH OMNIBUS OBJECTION WITH RESPECT TO CLAIM NO. 2659**

      I, Tamara K. Minott, counsel for Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby certify as follows regarding the proposed (i) *Revised Order Granting Debtors' Thirty-Fifth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis Retiree Claims, No-Basis Long-Term Disability Claims, No-Basis Claims, Modify and Allow Claims, Reclassify and Allow Claims, Wrong Debtor Claims, Redundant Claims, Amended or Superseded Claims, No-Basis 503(b)(9) Claims and No-Basis Pension Claims) With Respect to Claim No. 2337* (the "Proposed Revised 35th Omnibus Objection Order"), attached as **Exhibit A** hereto and the proposed (ii) *Revised Order*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

*Granting Debtors' Thirty-Eighth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis Deferred Compensation Claims, No-Basis Pension Claims, No-Basis Claims, Modify and Allow Claims, Reclassify and Allow Claims, Wrong Debtor Claims, and Redundant Claims) With Respect to Claim No. 2659* (the "Proposed Revised 38th Omnibus Objection Order"), attached as **Exhibit B** hereto:

      1.      On January 31, 2014, the Debtors filed the *Debtors' Thirty-Fifth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis Retiree Claims, No-Basis Long-Term Disability Claims, No-Basis Claims, Modify and Allow Claims, Reclassify and Allow Claims, Wrong Debtor Claims, Redundant Claims, Amended or Superseded Claims, No-Basis 503(b)(9) Claims and No-Basis Pension Claims)* [D.I. 12919] (the "Thirty-Fifth Omnibus Objection"). By the Thirty-Fifth Omnibus Objection, the Debtors sought to disallow Claim No. 2337 held by Hain Capital Holdings, LLC ("Hain Capital") as an amended or superseded claim.

      2.      On March 4, 2014, the Court entered an order granting the Thirty-Fifth Omnibus Objection with respect to Claim No. 2337 and disallowing Claim No. 2337 as an Amended or Superseded Claim [D.I. 13091]. After entry of the Order, the Debtors determined that the modified claim amount for Claim No. 2337 listed on Exhibit B to the Thirty-Fifth Omnibus Objection incorrectly stated that Claim No. 2337 should be modified and allowed as a $1,938.87 priority claim and a $63,299.55 general unsecured claim for a total claim of $65,238.42, instead of listing the modified claim amount as $0. Therefore, despite entry of the Order disallowing Claim No. 2337, the Claims Register still reflects an incorrect total claim amount of $65,238.42 for Claim No. 2337.

3. Attached hereto as **Exhibit A** is the Proposed Revised 35th Omnibus Objection Order which provides that Claim No. 2337 shall be disallowed. The Debtors have shared this certification of counsel with Hain Capital and Hain Capital agrees to the disallowance of Claim No. 2337 as an amended or superseded claim.

4. On May 29, 2015, the Debtors filed the *Debtors' Thirty-Eighth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis Deferred Compensation Claims, No-Basis Pension Claims, No-Basis Claims, Modify and Allow Claims, Reclassify and Allow Claims, Wrong Debtor Claims, and Redundant Claims)* [D.I. 15655] (the "Thirty-Eighth Omnibus Objection"). By the Thirty-Eighth Omnibus Objection, the Debtors sought to modify and allow Claim No. 2659 originally filed by Kenneth Grelck ("Mr. Grelck").

5. Prior to the filing of the Thirty-Eighth Omnibus Objection, Mr. Grelck sold Claim No. 2659 to Hain Capital. Subsequently, Hain Capital split Claim No. 2659 into nine portions, retained one portion of the claim and traded the remaining eight portions of the claim to various affiliated Farallon Capital entities.

6. On June 30, 2015, the Court entered an order granting the Thirty-Eighth Omnibus Objection with respect to Claim No. 2659 and permitting the Debtors to modify and allow Claim No. 2659 held by the Hain Capital and Farallon Capital funds in accordance with the allocation listed on Exhibit B to the Thirty-Eighth Omnibus Objection. After entry of the Order, the Debtors determined that the allocation between the Hain Capital and Farallon Capital funds that hold various portions of the claim was listed incorrectly on Exhibit B to the Thirty-Eighth Omnibus Objection. Attached as Exhibit 1 to the Proposed Revised Order is a

3

spreadsheet showing the difference between the approved allocation of Claim No. 2659 and the correct allocation of the allowed claim among the Hain Capital and Farallon Capital entities.

7.   The Debtors have shared the revised allocation of Claim No. 2659 with Hain Capital and Farallon Capital and all parties agree to the revised allocation of the allowed amount of Claim No. 2659.

8.   Attached hereto as **Exhibit B** is the Proposed Revised 38th Omnibus Objection Order which approves the corrected allocation of Claim No. 2659 as set forth on Exhibit 1 to the Proposed Revised 38th Omnibus Objection Order.

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed Revised 35th Omnibus Objection Order attached hereto as **Exhibit A**; (ii) enter the Proposed Revised 38th Omnibus Objection Order attached hereto as **Exhibit B**; and (iii) grant such other and further relief as is just and proper.

Dated: January 4, 2016
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Howard Zelbo (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Jeffrey A. Rosenthal (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

  */s/ Tamara K. Minott*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Andrew R. Remming (No. 5120)
Tamara K. Minott (No. 5643)
1201 North Market Street

4

...

P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

9595682.3