**Exhibit B**

**Proposed Revised 38th Omnibus Objection Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
              Debtors. :
: **RE: D.I.s 15655, 15811, _____**
:
---------------------------------------------------------X

**REVISED ORDER GRANTING DEBTORS' THIRTY-EIGHTH
OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS
PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1
(NO-BASIS DEFERRED COMPENSATION CLAIMS, NO-BASIS PENSION
CLAIMS, NO-BASIS CLAIMS, MODIFY AND ALLOW CLAIMS,
RECLASSIFY AND ALLOW CLAIMS, WRONG DEBTOR CLAIMS
AND REDUNDANT CLAIMS) WITH RESPECT TO CLAIM NO. 2659**

Upon the Debtors' Thirty-Eighth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis Deferred Compensation Claims, No-Basis Pension Claims, No-Basis Claims, Modify and Allow Claims, Reclassify and Allow Claims, Wrong Debtor Claims and Redundant Claims) (the "Thirty-Eighth Omnibus Objection")[2] filed by Nortel Networks Inc. and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 modifying, reclassifying, and allowing or disallowing the claims identified in Exhibits A

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

and B attached thereto; and upon the Declaration of John J. Ray, III in Support of the Debtors' Thirty-Eighth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis Deferred Compensation Claims, No-Basis Pension Claims, No-Basis Claims, Modify and Allow Claims, Reclassify and Allow Claims, Wrong Debtor Claims and Redundant Claims), attached to the Objection as Exhibit C; and upon all other documentation filed in connection with the Objection and the claims, including certain claims identified in Exhibits A-B of the Objection; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Objection is **GRANTED** with respect to Claim No. 2659, as modified by the corrected allocation of the allowed claim among the Hain Capital and Farallon Capital entities as set forth on **Exhibit 1** hereto.

2. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this order.

3

3. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this order.

Dated: _____
      Wilmington, Delaware

                                                  _____
                                                  THE HONORABLE KEVIN GROSS
                                                  UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Kenneth Grelck Claim 2659**

$ 431,067.48  Allowed Unsecured Claim
$   5,213.38  Allowed Priority Claim

| | | Correct Claim Amounts | | | Correct Allocation | | | Incorrect Claim Amounts Used for 38th OO | | | Incorrect Allocation Used for 38th OO | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Unsecured Claim | Priority Claim | Total Claim | Unsecured Claim | Priority Claim | Total Claim | Unsecured Claim | Priority Claim | Total Claim | Unsecured Claim | Priority Claim | Total Claim |
| 2659 | HAIN CAPITAL HOLDINGS, LLC | 126,209.62 | | 126,209.62 | 117,304.34 | | 117,304.34 | 126,209.62 | | 126,209.62 | 121,318.81 | | 121,318.81 |
| 2659-01 | FARALLON CAPITAL PARTNERS, L.P. | 61,703.00 | 10,950.00 | 72,653.00 | 57,349.27 | 5,213.38 | 62,562.65 | 61,703.00 | 10,950.00 | 72,653.00 | 59,311.92 | 5,213.38 | 64,525.30 |
| 2659-02 | FARALLON CAPITAL INSTITUTION PART., L.P. | 101,000.00 | | 101,000.00 | 93,873.50 | | 93,873.50 | 101,000.00 | | 101,000.00 | 97,086.10 | | 97,086.10 |
| 2659-03 | FARALLON CAPITAL INSTIT. PART. II, L.P. | 6,000.00 | | 6,000.00 | 5,576.64 | | 5,576.64 | 6,000.00 | | 6,000.00 | 5,767.49 | | 5,767.49 |
| 2659-04 | FARALLON CAPITAL OFFSHORE INVEST II, L.P | 136,532.78 | | 136,532.78 | 126,899.11 | | 126,899.11 | 136,532.78 | | 136,532.78 | 131,241.93 | | 131,241.93 |
| 2659-05 | FARALLON CAPITAL (AM) INVESTORS, LP | 4,000.00 | | 4,000.00 | 3,717.76 | | 3,717.76 | 4,000.00 | | 4,000.00 | 3,844.99 | | 3,844.99 |
| 2659-06 | FARALLON CAPITAL INSTITUT PARTN III, L.P | 9,000.00 | | 9,000.00 | 8,364.97 | | 8,364.97 | 9,000.00 | | 9,000.00 | 8,651.24 | | 8,651.24 |
| 2659-07 | NOONDAY OFFSHORE, INC. | 4,000.00 | | 4,000.00 | 3,717.76 | | 3,717.76 | 4,000.00 | | 4,000.00 | 3,844.99 | | 3,844.99 |
| 2659-08 | FARALLON CAPITAL AA INVESTORS L.P. | 15,347.00 | | 15,347.00 | 14,264.12 | | 14,264.12 | | | | | | |
| | Total | 463,792.40 | 10,950.00 | 474,742.40 | 431,067.48 | 5,213.38 | 436,280.86 | 448,445.40 | 10,950.00 | 459,395.40 | 431,067.48 | 5,213.38 | 436,280.86 |

NOTE:  Claims trader only purchased severance.  Remaining allowable benefits of fringe, vacation and LTIPR were allowed under claim 2663 to Kenneth Grelck