# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
|  | **Related D.I.s: 16368, 16378, 16414** |

## DEBTORS' OBJECTION TO THE REQUESTS OF MERCHANTS EQUITY AND GENERAL BENEFICIAL LP. FOR APPOINTMENT OF AN EQUITY SECURITY HOLDERS COMMITTEE

Nortel Networks Inc. ("NNI"), and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") hereby respectfully submit this objection (the "Objection") to the *Request for Appointment of Equity Security Holders Committee*, dated December 9, 2015 (D.I. 16378) (the "Merchants Equity Request"), filed by Merchants Equity (the "Merchants Movants") and to the *Request for Appointment of Equity Security Holders Committee*, dated December 21, 2015 (D.I. 16414) (the "General Beneficial Request" and, collectively with the Merchants Equity Request, the "Requests"), filed by General Beneficial LP. (the "General Beneficial Movants" and, together with the Merchants Movants, the "Movants"). In support of this Objection, the Debtors respectfully represent as follows:

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the U.S. Debtors and their petitions are available at http://dm.epiq11.com/nortel.

**Preliminary Statement**

The Movants' requests for appointment of an equity committee in the Debtors' cases should be denied, as they appear to be premised on the mistaken assumption that an equity committee appointed in the Debtors' cases would represent the interests of public holders of Nortel equity.  In fact, public holders of Nortel equity hold shares in one of the Canadian debtors, Nortel Networks Corporation ("NNC"), not shares in any Debtor in these cases.  The equity of NNI is 100% owned by Nortel Networks Limited ("NNL"), which is itself 100% owned by NNC.  Every other individual Debtor in these cases is also directly or indirectly owned by NNC.  The Movants offer no evidence that they hold shares of any Debtor, and the supporting documentation filed by the Merchants Movants in the *Certificate of Service Regarding Proof of Interest of Merchants Equity*, dated December 4, 2015 (D.I. 16368) (the "Merchants Proof of Interest") plainly indicates that the Merchants Movants hold equity interests in NNC, not NNI or any other Debtor.[2]  Accordingly, pursuant to Bankruptcy Code § 1102(a)(2), the Debtors respectfully request that the Court deny the requests to appoint a committee of equity security holders.

**Background**

1.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc. ("NN CALA"),[3] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2]     The Debtors reserve their right to object to the Merchants Proof of Interest at a later date on the same grounds as expressed in this Objection and based on any additional available defenses or objections.

[3]     NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098] (collectively, the "Chapter 11 Cases").

2. On the Petition Date, the Debtors' ultimate corporate parent NNC, NNI's direct corporate parent NNL (together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] filed an application with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors.

3. NNI is a wholly-owned subsidiary of NNL and all equity interests in NNI are held by NNL. See *Declaration of John Doolittle, Vice President of Nortel Networks Inc. in Support of Chapter 11 Petitions and First Day Motions* (D.I. 3), Schedule 1. All other individual Debtors in these cases are either direct subsidiaries of NNC or NNI. Id.

4. On December 4, 2015, Merchants Equity filed the Merchants Proof of Interest, claiming to hold an equity interest in NNI. See Merchants Proof of Interest, at 2. However, to support the Merchants Proof of Interest, Merchants Equity provided a statement from UnionBanc showing that Merchants Equity held 24,000 shares in NNC, not NNI or any other Debtor. See Merchants Proof of Interest, at 3.

5. On December 9, 2015, Merchants Equity filed the Merchants Equity Request. Exhibit A of the Merchants Equity Request was an SEC Notice dated October 14, 2015 (the "SEC Notice") which involved the securities of NNC, not NNI or any other Debtor. See Merchants Equity Request, Ex. A.

6. On December 21, 2015, General Beneficial filed the General Beneficial Request. Exhibit A of the General Beneficial Request also contained the SEC Notice. See General

---

[4] The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

Beneficial Request, Ex. A. Each of the General Beneficial Request, the Merchants Equity Request, and the Merchants Proof of Interest lists identical contact information.

7. On multiple occasions prior to filing this Objection, the Debtors attempted to contact the Movants by telephone using the telephone number listed by the Movants in the Requests. These calls went unanswered by the Movants.

### Basis for Objection

8. The Movants' Requests should be denied, as the Movants hold no equity interests in NNI or any other Debtor. The equity interests in NNI are held by its corporate parent, NNL, not by third parties such as the Movants. In addition, no Debtor has equity interests held by third parties other than NNI, NNL, or NNC.

9. Section 1102(a)(2) of the Bankruptcy Code permits the Court to appoint an equity committee "[I]f necessary to assure adequate representation of creditors or of equity security holders." 11 U.S.C. § 1102(a)(2). Because NNI has only one equity interest holder – its direct corporate parent NNL – the appointment of an equity committee under section 1102(a)(2) is wholly unnecessary and the Movants' Requests should be denied.

10. The SEC Notice included by the Movants to support the Requests is similarly inapplicable to the Debtors, as it relates solely to securities of NNC, not those of NNI or any other Debtor.

11. In the Merchants Proof of Interest, Merchants Equity mistakenly claims to hold an equity interest in NNI, but supports this claim with evidence of it holding 24,000 shares in NNC. The Merchants Proof of Interest is therefore invalid to the degree it claims a proof of interest in NNI or any other Debtor.

12. For these reasons, the Movants also lack standing to seek the appointment of an equity committee in the Debtors' case.

**Conclusion**

For the foregoing reasons, the Debtors respectfully request that the Court (i) deny the Movants' Requests and (ii) grant such other and further relief as it deems just and proper.

*[Remainder of page left intentionally blank.]*

Dated: January 11, 2016
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

   */s/ Tamara K. Minott*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Andrew R. Remming (No. 5120)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*