## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X
                     :

*In re*                                :      Chapter 11

Nortel Networks Inc., *et al.*,[1]       :      Case No. 09-10138 (KG)

                    Debtors.    :      Jointly Administered
                                :

                                :      **Hearing date: February 23, 2016 at 10:00 a.m. EST**
                                :      **Objections due: February 9, 2016 at 4:00 p.m. EST**

-------------------------------------------------------- X

## DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE
## 9019 FOR ENTRY OF AN ORDER APPROVING THE STIPULATION
## RESOLVING CLAIMS WITH VARIOUS SOLUS ENTITIES

Nortel Networks Inc. ("<u>NNI</u>") and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby move this Court (the "<u>Motion</u>"), for the entry of an order substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), (i) authorizing NNI's, Nortel Networks (CALA) Inc.'s ("<u>NN CALA</u>"), and Northern Telecom International Inc.'s entry into and approving a stipulation (the "<u>Stipulation</u>") with Solus Recovery Fund LP, Solus Recovery Fund II Master LP, Solus Recovery LH Fund LP, and Solus Core Opportunities LP (the "<u>Claimants</u>" and, together with NNI, NN CALA, and Nortel Telecom International Inc., the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

"Parties"), attached hereto as Exhibit B,[2] which resolves the Claimants' claims NNI, NN CALA and Northern Telecom International Inc.; and (ii) granting them such other and further relief as the Court deems just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 502 of the Bankruptcy Code and Bankruptcy Rule 9019.

## Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than NN CALA,[3] filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

[3]      NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their

Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the

Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the

"Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by

the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed

nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[5] into administration

(the "English Proceedings") under the control of individuals from Ernst & Young LLP

(collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the

future may commence additional creditor protection, insolvency and dissolution proceedings

around the world.

6.      Since the Petition Date, Nortel has sold its business units and other assets to

various purchasers.  For further information regarding these chapter 11 cases, reference may be

made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**Relief Requested**

7.      By this Motion, the Debtors seek an order, pursuant to sections 105(a) and 502 of

the Bankruptcy Code and Bankruptcy Rule 9019, (i) authorizing NNI's, NN CALA's and

---

[4]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

Northern Telecom International Inc.'s entry into and approving the Stipulation, and (ii) granting them such other and further relief as the Court deems just and proper.

### Facts Relevant to this Motion

8.    As detailed in the Stipulation, Claimants have acquired thirty Claims asserted against the Debtors relating to, among other things, trade claims and various employee-related claims, including severance benefits, deferred compensation and other employee benefits.  The Claims assert priority liabilities of $2,552,606.91, general unsecured liabilities against the Debtors of $7,128,688.55, secured liabilities of $300,070.00 and administrative liabilities of $172,241.42.  Additional details regarding the Claims may be found on Exhibit 1 to the Stipulation.

9.    In an effort to negotiate an expeditious resolution of the disputes between the Debtors and the Claimants, the Parties entered into arm's-length settlement discussions.  The Debtors have authority to settle many of the Claims under existing procedures approved by this Court, including the Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims [D.I. 3953] and the Order Authorizing and Approving Procedures to Resolve or Otherwise Settle Claims of Employees Terminated Post-Petition [D.I. 7685].  However, the Parties have chosen to address these Claims in a single stipulation for the sake of efficiency and clarity regarding the rights of the Parties.  As a result of these negotiations, subject to this Court's approval, NNI, NN CALA and Northern Telecom International Inc. have reached a compromise with the Claimants that the Claims, which were asserted as priority liabilities of $2,552,606.91, general unsecured liabilities against the Debtors of $7,128,688.75, secured liabilities of $300,070.00, and administrative liabilities of $172,241.42, will be allowed as

- general unsecured claims by the Claimants against NNI and NN CALA in an amount totaling $6,623,414.53;

4

- priority claims by the Claimants against NNI in an amount totaling $11,345.74; and

- administrative claims by the Claimants against NNI in an amount totaling $1,085.47.[6]

In consideration for the allowance of the Claims in the foregoing amounts against NNI and NN CALA, the Claimants have agreed, subject to this Court's approval and the terms of the Stipulation, to release and forever discharge the Debtors from any and all liability they now have or hereafter may have arising from or related to the Claims other than for the allowed amount of such Claims.[7] The Claimants have further agreed that they will not amend or refile the Claims.

10.     The Debtors believe, in the exercise of their reasonable business judgment, that the resolution of the Claims through the Stipulation is appropriate and in the best interest of both their estates and their creditors, as it will avoid the potentially substantial and burdensome costs and risks associated with litigating the Claims, reduce the potential size of claims asserted against the estate and preserve value of the Debtors' estates for the benefit of all of their stakeholders and meaningfully advance the Debtors' claims reconciliation and resolution process.

### Basis for Relief

11.     The Debtors seek authorization to enter into the Stipulation under sections 105(a) and 502 of the Bankruptcy Code and Bankruptcy Rule 9019.  Section 105(a) of the Bankruptcy

---

[6]     This discussion is intended as a summary of the terms of the Stipulation.  If any conflict arises between this overview and the Stipulation, the terms of the Stipulation shall control.

[7]     One of the Claims that would be settled by this Motion, Claim No. 2304, had previously been included in a notice of settlement as being settled for an allowed amount of $59,681.57.  See Notice of Settlement (Fourth) of Certain Post-Petition Claims Against the Debtors  [D.I. 10157] (the "Settlement Notice").  In response to informal comments from Claimants and further review of the other claims held by the transferor of Claim No. 2304, the Debtors and the Claimants have agreed to the disallowance of Claim No. 2304 in full, which shall supersede the treatment indicated in the Settlement Notice.

Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

12.    Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019.  Citing this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy."  Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy").  Additionally, the Third Circuit has recognized that "[i]n administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts."  In re Penn Cent. Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) (internal quotation marks omitted) (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)).  And courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court.  See, e.g., In re Coram Healthcare Corp., 315 B.R. 321, 329 (Bankr. D. Del. 2004).

13.    Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate."  In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)).  Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation."  TMT Trailer Ferry, 390 U.S. at 424-25.  The court need not be convinced that the settlement is the best possible compromise in order to approve it.  In re Coram Healthcare Corp., 315 B.R. at 330.

Rather, the court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." Travelers Cas. & Sur. Co. v. Future Claimants Representative, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (citing Matter of Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000)); see also In re Coram Healthcare Corp., 315 B.R. at 330.

14.    The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal (the "Martin Factors"):  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Martin, 91 F.3d at 393 (citing In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986)); see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.), 283 F.3d 159, 165 (3d Cir. 2002); In re eToys, Inc., 331 B.R. 176, 198 (Bankr. D. Del. 2005).

15.    The Debtors respectfully submit that the Martin Factors weigh in favor of approving the Stipulation, and request that NNI's, NN CALA's, and Northern Telecom International Inc.'s entry into the Stipulation be authorized under Bankruptcy Rule 9019.  The Stipulation provides the Debtors with necessary certainty with respect to the Claims and results in a decrease in claims against the Debtors' estates of $3,217,691.14.  Settlement of the Claims permits the Debtors to allocate their resources efficiently and direct their attention toward other matters relating to their Chapter 11 cases.  Such a resolution brings valuable and significant reductions in cost, time and uncertainty on account of these Claims and represents the valid, fair and reasonable business judgment of the Debtors.

16.    Finally, the interests of the creditors militate in favor of approval of the Stipulation.  The Debtors believe that the interests of their creditors are served by the prompt and

efficient resolution of the Claims and the avoidance of legal expenses that would be incurred if the Claims were to be litigated or if other causes of action related to or arising from the Claims were asserted.

17.     In light of the foregoing, the Debtors respectfully seek authorization to enter into the Stipulation and approval of the Stipulation.

## Notice

18.     Notice of the Motion has been given via electronic transmission, hand delivery or first class mail to (i) the Claimants; (ii) the transferors of the Claims; (iii) the U.S. Trustee; (iv) counsel to the Committee; (v) counsel to the Bondholder Group; (vi) counsel to the Monitor; and (vii) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

## No Prior Request

19.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached as Exhibit A hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: January 26, 2016  
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)  
Lisa M. Schweitzer (admitted *pro hac vice*)  
One Liberty Plaza  
New York, New York 10006  
Telephone:  (212) 225-2000  
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____*/s/ Tamara K. Minott*_____  
Derek C. Abbott (No. 3376)  
Eric D. Schwartz (No. 3134)  
Andrew R. Remming (No. 5120)  
Tamara K. Minott (No. 5643)  
1201 North Market Street  
P.O. Box 1347  
Wilmington, Delaware 19801  
Telephone:  (302) 658-9200  
Facsimile: (302) 658-3989

*Counsel for the Debtors*  
*and Debtors in Possession*