**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------X | : | |
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| ------------------------------------------------------X | : | |

**STIPULATION RESOLVING CLAIMS BY AND BETWEEN
VARIOUS SOLUS ENTITIES AND NORTEL NETWORKS INC.
AND NORTEL NETWORKS (CALA) INC.**

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc.,

Nortel Networks (CALA) Inc. and Northern Telecom International Inc. (the "Nortel Debtors")

and Solus Recovery Fund LP, Solus Recovery Fund II Master LP, Solus Recovery LH Fund LP,

and Solus Core Opportunities LP (the "Claimants," and together with the Nortel Debtors, the

"Parties") as transferees or assignees, as applicable, from the persons or entities listed as the

"Transferor" in the table attached to this Stipulation as Exhibit 1 (the "Transferors"), as

applicable.  The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), the Nortel

Debtors and their affiliated debtors and debtors in possession (the "Debtors") filed voluntary

petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq.com/nortel.

Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about the dates listed in Exhibit 1, the Transferors or their predecessors in interest with respect to the claims identified in Exhibit 1 (the "Claims") filed the related proofs of claim; and

WHEREAS the Claims relate to, among other things, trade claims and various employee-related claims, including severance benefits, deferred compensation, pension plans, and other employee benefits; and

WHEREAS, on or about the dates listed in Exhibit 1, where applicable, the Claimant acquired the Claims from the Transferors; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the potentially substantial and burdensome costs and risks associated with litigating the Claims, which ultimate outcome the Parties acknowledge and agree is uncertain, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that the Claims should be allowed as general unsecured claims, priority claims or administrative claims, as applicable, in the amounts set forth on Exhibit 1.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Resolution of Claims.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation:

(a)     The Claims shall be fully and finally allowed in the amounts and priorities against the applicable Nortel Debtor in the manner set forth on <u>Exhibit 1</u>, notwithstanding any prior treatment of such claims.

(b)     The allowance of the Claims as described in paragraph 1(a) shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Claims and shall amend and supersede any and all claim amounts the Debtors list in their Schedules arising from or related to the facts underlying the Claims.  Solely with respect to the Claims, the Claimants shall not have any further claims against the Debtors, including based on the Debtors' scheduling of any of the Claims.  However, in the event that any Claim or any portion of a Claim is determined, by Bankruptcy Court order or by agreement of any person who transferred such Claim to Claimant, the Debtors and the Claimant, to not have been transferred to the applicable Claimant and/or to have been otherwise retained by any person who tranfserred, directly or indirectly, such Claim to the applicable Claimant, nothing herein shall affect the Debtors' right (if any) upon notice to the applicable Claimant to reduce, reclassify and/or disallow said Claimant's allowed Claim (and any distribution thereon) correspondingly.

2.  <u>Release</u>.

(a)     Except with respect to any rights provided for in this Stipulation with respect to the Claims (including the right to distributions with respect to the Claims in the amounts provided for in this Stipulations), effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, the Claimants release and forever discharge the Debtors and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes

3

of action, setoffs, recoupments, costs and expenses (including, without limitation, attorneys'

fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which

the Claimants now have or hereafter may have arising from or related to the Claims.

(b)     **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, THE**

**CLAIMANTS FURTHER ACKNOWLEDGE AND EXPRESSLY WAIVE THE**

**BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT**

**PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE**

**CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE**

**TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS**

**OF CALIFORNIA CIVIL CODE SECTION 1542.**

(c)     Notwithstanding anything to the contrary in this Stipulation, by entering this

Stipulation, Claimants are not waiving any right, claim or entitlement they may have, if any, to

payment of post-petition interest on the Claims.

3.   <u>No Further Claims</u>.  Effective upon the entry of an order by the Bankruptcy Court

approving this Stipulation, the Claimants shall be forever barred from (i) amending the Claims or

(ii) filing or otherwise asserting any further claim arising from or relating to the Claims, or the

facts underlying the Claims, against any of the Debtors in the Debtors' chapter 11 cases.

Notwithstanding anything to the contrary, the parties agree that the Claimants and certain of their

related affiliates still hold claims against the Debtors unrelated to the Claims addressed herein

and based on separate facts and separate debtor-creditor relationships, and such claims shall be

unaffected by this Stipulation.

4.   <u>Entire Claim</u>.  The Claimants represent that, with respect to the Claims, the Claimants

own the entirety of the claims (as "claim" is defined in section 101(5) of the Bankruptcy Code)

asserted in such Claims, including all claims listed in the Schedules arising from or related to the facts underlying such Claims (i.e., Claimant has <u>not</u> purchased only a portion of a Claim, leaving the Transferor of the Claim still holding a portion of such Claim).

5.    <u>Binding Effect</u>.  This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' chapter 11 cases.

6.    <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized written agreement between the Parties.  For the avoidance of doubt, this Stipulation shall supersede and nullify any prior settlement, notice, agreement or disposition regarding any of the Claims, including, without limitation, with respect to Claim Number 2304.

7.    <u>No Transfer to a Third Party</u>.  The Claimants represent that they have not sold, assigned or otherwise transferred the Claims or any of the claims being released pursuant to this Stipulation to a third party, including to any Transferor.

8.    <u>No Transfer to Prior Owner</u>.  The Claimants agree that they shall not sell, assign or otherwise transfer any Claim back to the applicable Transferor, in part or as a whole, either pursuant to the terms and conditions of any applicable transfer agreement or otherwise.

9.    <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claims.

10.   <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

11. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

12. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

13. <u>Court Approval</u>.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claims and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claims or that they have any liability thereunder.

14. <u>Claims Register</u>.  The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

*[Remainder of Page Left Intentionally Blank]*

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties

have executed this Stipulation.

Dated:  January **26**, 2016

Nortel Networks Inc.

By:

Name: John J. Ray, III
Title: Principal Officer


Nortel Networks (CALA) Inc.

By:

Name: John J. Ray, III
Title: Principal Officer


Northern Telecom International Inc.

By:

Name: John J. Ray, III
Title: Principal Officer

Solus Recovery Fund LP
By: Solus Alternative Asset Management LP
Its Investment Advisor

By:_____

Name:  Gordon J. Yeager
Title:   Executive Vice President


Solus Recovery Fund II Master LP
By: Solus Alternative Asset Management LP
Its Investment Advisor

By:_____

Name:  Gordon J. Yeager
Title:   Executive Vice President


Solus Recovery LH Fund LP
By: Solus Alternative Asset Management LP
Its Investment Advisor

By:_____

Name:  Gordon J. Yeager
Title:   Executive Vice President


Solus Core Opportunities LP
By: Solus Alternative Asset Management LP
Its Investment Advisor

By:_____

Name:  Gordon J. Yeager
Title:   Executive Vice President


*Signature Page - Stipulation Resolving Claims By And Between Various Solus Entities And Nortel
Networks Inc. and Nortel Networks (CALA) Inc.*

**<u>Exhibit 1</u>**

**Claims**

**Exhibit 1**

| Current Claim Owner | Transferor | Claim/ Schedule Number | Date Claim Filed | Date Claim Transferred | Claim As Filed | | | | | Debtor Asserted Against | Claim As Allowed | | | | | Allowed Debtor |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Admin Amount | Priority Amount | Secured Amount | Unsecured Amount | Total Claimed Amount | | Admin Amount | Priority Amount | Secured Amount | Unsecured Amount | Total Allowed Amount | |
| SOLUS RECOVERY FUND LP | TRANSFEROR: ASM CAPITAL III, L.P. | 744 | 3/23/2009 | 4/10/2013 | - | - | - | 5,053,631.49 | 5,053,631.49 | NORTEL NETWORKS INC. | - | - | - | 5,049,551.49 | 5,049,551.49 | NORTEL NETWORKS INC. |
| SOLUS RECOVERY FUND II MASTER LP. | TRANSFEROR: TARLAMIS, ALEXANDER | 263 | 2/11/2009 | 4/1/2013 | - | 231,661.94 | - | - | 231,661.94 | NORTEL NETWORKS INC. | - | - | - | 44,368.00 | 44,368.00 | NORTEL NETWORKS INC. |
| SOLUS RECOVERY FUND LP | TRANSFEROR: STEIN, CRAIG F. | 1814 | 8/19/2009 | 3/27/2013 | - | - | - | 39,803.67 | 39,803.67 | NORTEL NETWORKS INC. | - | 1,513.95 | - | 38,635.57 | 40,149.52 | NORTEL NETWORKS INC. |
| SOLUS RECOVERY FUND II MASTER LP. | TRANSFEROR: JOHNSON, JACK | 2051 | 8/24/2009 | 4/1/2013 | - | 224,673.79 | - | - | 224,673.79 | NORTEL NETWORKS INC. | - | - | - | 221,991.00 | 221,991.00 | NORTEL NETWORKS INC. |
| SOLUS RECOVERY FUND II MASTER LP. | TRANSFEROR: KREIGER, JERRY L. | 3857 | 9/25/2009 | 7/16/2013 | - | - | - | 172,300.24 | 172,300.24 | NORTEL NETWORKS INC. | - | - | - | 158,535.00 | 158,535.00 | NORTEL NETWORKS INC. |
| SOLUS RECOVERY LH FUND LP. | TRANSFEROR: MENDONCA, TIMOTHY A. | 4067 | 9/28/2009 | 3/28/2013 | - | 70,430.00 | - | - | 70,430.00 | NO DEBTOR ASSERTED BY CREDITOR | - | - | - | - | - | N/A |
| SOLUS CORE OPPORTUNITIES LP | TRANSFEROR: MENDONCA, TIMOTHY | 4068 | 9/28/2009 | 3/28/2013 | - | 24,000.00 | - | - | 24,000.00 | NORTEL NETWORKS INC. | - | - | - | - | - | N/A |
| SOLUS CORE OPPORTUNITIES LP | TRANSFEROR: MENDONCA, TIMOTHY | 4069 | 9/28/2009 | 4/8/2013 | - | - | - | 47,000.00 | 47,000.00 | NORTEL NETWORKS INC. | 718.18 | 2,534.75 | - | 45,991.74 | 49,244.67 | NORTEL NETWORKS INC. |
| SOLUS RECOVERY FUND LP | TRANSFEROR: COLE, JAMES W. | 4468 | 9/29/2009 | 3/26/2013 | - | 103,416.96 | - | - | 103,416.96 | NORTEL NETWORKS INC. | - | - | - | 83,951.00 | 83,951.00 | NORTEL NETWORKS INC. |
| SOLUS RECOVERY FUND LP | TRANSFEROR: SEITZ, DENNIS W | 5446 | 9/30/2009 | 3/27/2013 | - | - | - | 276,480.00 | 276,480.00 | NORTEL NETWORKS INC. | - | - | - | 221,138.00 | 221,138.00 | NORTEL NETWORKS INC. |
| SOLUS RECOVERY FUND II MASTER LP. | TRANSFEROR: WINGO, GARY L | 6600 | 1/5/2010 | 4/10/2013 | - | 304,665.90 | - | - | 304,665.90 | NORTEL NETWORKS (CALA), INC. | - | - | - | - | - | N/A |
| SOLUS RECOVERY FUND II MASTER LP. | TRANSFEROR: WINGO, GARY L | 6601 | 1/5/2010 | 4/10/2013 | - | 304,665.90 | - | - | 304,665.90 | NORTEL NETWORKS (CALA), INC. | - | - | - | 240,032.00 | 240,032.00 | NORTEL NETWORKS INC. |
| SOLUS RECOVERY LH FUND LP. | TRANSFEROR: YOUNG, DANIEL F. | 8409 | 11/19/2012 | 4/8/2013 | - | - | - | 90,720.01 | 90,720.01 | NORTEL NETWORKS INC. | - | - | - | 88,696.00 | 88,696.00 | NORTEL NETWORKS INC. |
| SOLUS RECOVERY FUND LP | TRANSFEROR: ABELLO, BERNARDO | 6460-01 | 12/28/2009 | 3/27/2013 | - | 26,157.44 | - | - | 26,157.44 | NORTEL NETWORKS (CALA), INC. | - | - | - | 8,023.67 | 8,023.67 | NORTEL NETWORKS (CALA), INC. |
| SOLUS RECOVERY FUND LP | TRANSFEROR: ABELLO, BERNARDO | 6460-02 | 12/28/2009 | 3/27/2013 | - | 26,157.44 | - | - | 26,157.44 | NORTEL NETWORKS (CALA), INC. | - | - | - | 20,280.00 | 20,280.00 | NORTEL NETWORKS INC. |
| SOLUS RECOVERY FUND LP | TRANSFEROR: GHASEMIAN, ZAHRA | 3611 | 9/24/2009 | 3/26/2013 | - | - | - | 300,000.00 | 300,000.00 | NO DEBTOR ASSERTED BY CREDITOR | - | - | - | 30,269.75 | 30,269.75 | NORTEL NETWORKS INC. |
| SOLUS RECOVERY FUND LP | TRANSFEROR: XU, YUE | 8150 | 1/9/2012 | 3/27/2013 | - | 2,363.12 | - | 22,023.63 | 24,386.75 | NO DEBTOR ASSERTED BY CREDITOR | - | 3,270.31 | - | 23,147.07 | 26,417.38 | NORTEL NETWORKS INC. |
| SOLUS RECOVERY FUND LP | TRANSFEROR: BARRIOS, ALVIO | 6030 | 10/21/2009 | 3/27/2013 | - | 55,358.47 | - | - | 55,358.47 | NORTEL NETWORKS (CALA), INC. | - | 2,846.16 | - | 69,388.21 | 72,234.37 | NORTEL NETWORKS INC. |
| SOLUS RECOVERY FUND LP | TRANSFEROR: REYES, JORGE | 1903 | 8/20/2009 | 3/27/2013 | - | 210,000.00 | - | - | 210,000.00 | NO DEBTOR ASSERTED BY CREDITOR | - | - | - | 221,266.56 | 221,266.56 | NORTEL NETWORKS INC. |
| SOLUS CORE OPPORTUNITIES LP | TRANSFEROR: DOUGLAS, MICHAEL | 2851 | 9/11/2009 | 3/20/2013 | - | 57,443.00 | - | - | 57,443.00 | NO DEBTOR ASSERTED BY CREDITOR | 367.29 | 1,180.57 | - | 58,149.47 | 59,697.33 | NORTEL NETWORKS INC. |
| SOLUS RECOVERY FUND LP | TRANSFEROR: PETERSON, JEFFREY | 2304 | 8/28/2009 | 3/28/2013 | - | - | - | 7,036.00 | 7,036.00 | NORTEL NETWORKS INC. | - | - | - | - | - | N/A |
| SOLUS RECOVERY FUND II MASTER LP. | TRANSFEROR: COOPER, CHARLES | 6226 | 12/14/2009 | 7/26/2013 | - | - | - | 76,022.30 | 76,022.30 | NO DEBTOR ASSERTED BY CREDITOR | - | - | - | - | - | N/A |
| SOLUS RECOVERY LH FUND LP. | TRANSFEROR: WEST, GLINDA | 6080 | 11/2/2009 | 4/8/2013 | - | 32,625.31 | - | - | 32,625.31 | NO DEBTOR ASSERTED BY CREDITOR | - | - | - | - | - | N/A |
| SOLUS RECOVERY LH FUND LP. | TRANSFEROR: DANE, EUGENE | 6220 | 12/14/2009 | 4/10/2013 | - | 75,073.58 | - | - | 75,073.58 | NO DEBTOR ASSERTED BY CREDITOR | - | - | - | - | - | N/A |
| SOLUS RECOVERY LH FUND LP. | TRANSFEROR: DANE, EUGENE | 6221 | 12/14/2009 | 4/10/2013 | 75,073.58 | - | - | - | 75,073.58 | NORTEL NETWORKS INC. | - | - | - | - | - | N/A |
| SOLUS CORE OPPORTUNITIES LP | TRANSFEROR: MCCOY, ANDRE | 6691 | 1/12/2010 | 3/28/2013 | - | - | - | 5,000.00 | 5,000.00 | NORTEL NETWORKS (CALA), INC. | - | - | - | - | - | N/A |
| SOLUS RECOVERY FUND LP | TRANSFEROR: VAUGHN, JERRY E | 7036 | 1/29/2010 | 4/8/2013 | - | 300,070.00 | 300,000.00 | - | 300,070.00 | NO DEBTOR ASSERTED BY CREDITOR | - | - | - | - | - | N/A |
| SOLUS RECOVERY FUND LP | TRANSFEROR: SOWARDS, ALAN | 7253 | 5/10/2010 | 3/27/2013 | - | 203,844.06 | - | - | 203,844.06 | NORTEL NETWORKS INC. | - | - | - | - | - | N/A |
| SOLUS RECOVERY FUND LP | TRANSFEROR: SARTORI, THOMAS JR. | 4800 | 9/29/2009 | 3/27/2013 | - | - | - | 15,946.21 | 15,946.21 | NO DEBTOR ASSERTED BY CREDITOR | - | - | - | - | - | N/A |
| SOLUS RECOVERY FUND LP | TRANSFEROR: RATTRAY, STEPHEN A. | 8259 | 5/14/2012 | 3/26/2013 | - | - | - | 1,322,725.00 | 1,322,725.00 | NORTHERN TELECOM INTERNATIONAL INC. | - | - | - | - | - | N/A |
| SOLUS RECOVERY FUND II MASTER LP. | TRANSFEROR: COOPER, CHARLES ALLEN | 6227 | 12/14/2009 | 7/26/2013 | 97,167.84 | - | - | - | 97,167.84 | NORTEL NETWORKS INC. | - | - | - | - | - | N/A |
| **TOTAL** | | | | | 172,241.42 | 2,552,606.91 | 300,070.00 | 7,128,688.55 | 9,853,536.88 | | 1,085.47 | 11,345.74 | - | 6,623,414.53 | 6,635,845.74 | |