# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X
                                                        :
*In re*                                                 :    Chapter 11
                                                        :
Nortel Networks Inc., *et al.*,[1]                      :    Case No. 09-10138 (KG)
                                                        :
         Debtors.                       :    Jointly Administered
                                                        :
                                                        :    Hearing date: February 23, 2016 at 10:00 a.m. EST
                                                        :    Objection deadline: February 16, 2016 at 4:00 p.m. EST
                                                        :
-------------------------------------------------------- X

## DEBTORS' MOTION FOR AN ORDER ESTABLISHING PROCEDURES TO FURTHER THE RESOLUTION OF CLAIMS

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") pursuant to sections 105(a), 363(b), 501, 502, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(a)(7), 3002(a), 3003(c) and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order substantially in the form attached hereto as Exhibit A (the "Claims Procedures Order"), (i) authorizing and approving procedures to allow, resolve or otherwise settle all disputed proofs of claim or interest; (ii) authorizing and approving procedures to formally allow claims to which the Debtors have no objection; and (iii) granting

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

such other or further relief as the Court deems just and proper.  In support of this Motion, the

Debtors respectfully represent as follows:

<u>**Jurisdiction**</u>

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory bases for the relief requested herein are sections 105(a), 363(b),

501, 502, 503, and 507 of the Bankruptcy Code.

<u>**Background**</u>

3.       On January 14, 2009, the Debtors, other than Nortel Networks (CALA) Inc. ("<u>NN

CALA</u>"),[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which

cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.       The Office of the United States Trustee for the District of Delaware (the "<u>U.S.

Trustee</u>") has appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>") in

respect of the Debtors [D.I. 141, 142] and an ad hoc group of bondholders has been organized

(the "<u>Bondholder Group</u>").

5.       On January 14, 2009, the Debtors' ultimate corporate parent Nortel Networks

Corporation ("<u>NNC</u>"), NNI's direct corporate parent Nortel Networks Limited ("<u>NNL</u>," and,

together with NNC and their affiliates, including the Debtors, "<u>Nortel</u>"), and certain of their

---

[2]       NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009,
which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural
purposes [D.I. 1098].  For purposes of this Motion, the "<u>Petition Date</u>" shall refer to January 14, 2009 for all Debtors
other than NN CALA and July 14, 2009 for NN CALA.

Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the January 14, 2009, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.      Since the commencement of these cases, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/NNI.

**Facts Relevant to the Motion**

7.      Since the commencement of these cases, the Debtors have taken numerous steps to establish and advance their claims process and to address, reconcile and resolve claims filed or otherwise asserted against their estates, including the following:

---

[3]      The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]      The EMEA Debtors include the following entities: Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

- On January 15 and 16, 2009, the Court entered several orders [D.I. 49, 50, 51, 59, 71] (the "First Day Orders") authorizing the Debtors to pay certain prepetition claims without the need for further court order.

- On February 19, 2009, the Court entered an order [D.I. 336] (the "Reclamation Procedures Order") establishing procedures for the resolution of reclamation demands asserted against the Debtors.

- On April 9, 2009, the Court entered an order [D.I. 590] (the "Section 503(b)(9) Claims Order") establishing procedures for filing and resolution of claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code.

- In 2009 and 2010, the Court entered orders approving the Cross Border Insolvency Protocol (as amended, the "Cross-Border Protocol") and the Cross-Border Protocol on the Resolution of Claims (the "Cross-Border Claims Protocol"), which address, among other things, procedures for resolving cross-border claims asserted against the Debtors and the Canadian Debtors.

8.    Additionally, the Court has on several occasions entered orders establishing procedures for the efficient resolution of claims in these chapter 11 cases.  On September 16, 2010, the Court entered the Order Authorizing and Approving Settlement Procedures to Settle Certain Prepetition Claims [D.I. 3953] (the "Prepetition Claims Order" or "PCO").  In addition, on May 24, 2012, the Court entered the Order Authorizing and Approving Procedures to Resolve or Otherwise Settle Claims of Employees Terminated Post-Petition [D.I. 7685] (the "Employee Claims Order" or "ECO" and, together with the PCO, the "Claims Procedures Orders").[5]

9.    Under the Claims Procedures Orders, the Debtors are authorized to settle certain categories of claims in their reasonable business judgment upon consideration of all relevant factors without the need for further court approval.  PCO ¶ 2.a; ECO ¶ 2.a.

---

[5] For the avoidance of doubt, all settlements approved under the Settlement Procedures previously established by the Prepetition Claims Order and the Employee Claims Order shall remain binding on all parties upon entry of an order of this Court adopting the Omnibus Settlement Procedures.

10.     The Debtors are further authorized to formalize such settlements through a

streamlined, tiered notice procedure tied to the dollar amount of the claim.  The Prepetition

Claims Order authorizes the Debtors to settle claims as follows:

- Without further notice or hearing: proofs of prepetition claim or interest (the "Prepetition Claims") asserted in amounts less than $250,000, or between $250,000 and $500,000 if the claimed amount is within $50,000 of the Debtors' scheduled amount;

- With 10-days' notice to the U.S. Trustee, the Committee, and Bondholder Group (the "Notice Parties") but without Court approval except in the event of unresolvable objections: Prepetition Claims between $250,000 and $500,000 if the claimed amount is more than $50,000 different from the Debtors' scheduled amount, or claims asserted between $500,000 and $1 million; and

- Only upon further approval by the Court: Prepetition Claims asserted above $1 million.

PCO ¶ 2.c-f.

11.     The Employee Claims Order authorizes the Debtors to settle claims as follows:

- Without further notice or hearing: claims of employees terminated postpetition ("Postpetition Employee Claims") allowed for less than $100,000;

- With 10-days' notice to the Notice Parties but without Court approval except in the event of unresolvable objections: Postpetition Employee Claims allowed between $100,000 and $250,000 if allowed within $25,000 of the filed amount;

- With 20 days' notice through Court filing: Postpetition Employee Claims allowed between $100,000 and $250,000 but allowed outside of $25,000 of the claimed amount, or claims between $250,000 and $1 million; and

- Only upon further approval by the Court: Postpetition Employee Claims allowed above $1 million.

ECO ¶ 2.c-e.

12.     Under the Claims Procedures Orders, the Debtors are required to periodically file

settlement notices with the Court listing claims settled pursuant to the relevant procedures as

well as their allowed amounts.  PCO ¶ 2.f; ECO ¶ 2.i.  To date, the Debtors have resolved

approximately 5,297 out of approximately 6,104 employee claims and over 2,400 out of

approximately 2,878 non-employee claims.  The remaining claims include a variety of employee claims, including in cases some duplicate claims or claims asserted in unliquidated amounts.

13.    The Debtors have also resolved a variety of other claims, on a consensual basis or through litigation as necessary, including claims for deferred compensation, retiree and long term disability benefits  and claims by the UK pension trustees and the Internal Revenue Service.

**Relief Requested and Basis for Relief**

14.    The Debtors have made substantial progress in the reconciliation and final determination of the claims filed against them, largely based on their use of the current approved claims procedures.  The Debtors now seek expansion of those claims procedures through the procedures proposed herein in order to  further their ability to finally determine and resolve any remaining claims in their cases, and thereby further the chapter 11 process and the conclusion of these cases.  To that end, the Debtors respectfully request that this Court (i) authorize and approve the proposed omnibus settlement procedures (as set forth below, the "Omnibus Settlement Procedures") that will be applicable to all remaining disputed proofs of claim or interest (the "Claims")[6] in the Debtors' cases; (ii) approve procedures for the formal allowance of Claims as to which the Debtors are prepared to accept as allowed in the amounts filed; and (iii) grant such other or further relief as the Court deems just and proper.

**I.    OMNIBUS SETTLEMENT PROCEDURES**

15.    The proposed Omnibus Settlement Procedures are directly modeled upon the claims procedures this Court authorized in the Prepetition Claims Order and the Employee Claims Order, except that they would apply uniformly to all remaining disputed Claims and provide for slightly higher claims-dollar thresholds for which various notices and approvals

---

[6] For purposes of these proposed Omnibus Settlement Procedures, the Debtors shall determine, in their sole discretion, whether a Claim is disputed.

6

would be required.  The proposed Omnibus Settlement Procedures would supersede the

settlement procedures established by the Prepetition Claims Order and the Employee Claims

Order.  The proposed Omnibus Settlement Procedures are as follows (with changes from the

existing Employee Claims Order procedures noted in bold print):

   a.  Any settlement of a Claim pursuant to these Omnibus Settlement Procedures shall
       be based on the reasonable business judgment of the Debtors, upon consideration
       of (i) the probability of success if the Claim is litigated, (ii) the complexity,
       expense and likely duration of any litigation with respect to the Claim, (iii) other
       factors relevant to assessing the wisdom of the settlement, and (iv) the fairness of
       the settlement to the Debtors' estates and their creditors.

   b.  The Debtors' employees, counsel, and other representatives responsible for
       negotiating or settling the Claims may attempt to resolve, mediate, compromise or
       otherwise settle any Claim without further hearing or notice to this Court or other
       parties in interest in these proceedings.

   c.  The Debtors are authorized to settle any Claim where such settlement would
       result in such claim being allowed in an amount less than **$500,000** without
       further hearing or notice to this Court or other parties in interest in these
       proceedings.

   d.  For any Claim that the Debtors propose to allow in an amount greater than or
       equal to **$500,000** and less than **$2,000,000 without regard to the amount by
       which the claimed amount exceeds the allowed amount**, the Debtors shall
       notify the Notice Parties in writing of the proposed settlement.  If no Notice Party
       objects in writing to the settlement of a Claim within ten (10) calendar days of
       receipt of notice under this paragraph, then the Debtors may proceed immediately
       with the settlement of such Claim.[7]  If an objection is received within such period
       that cannot be resolved, such Claim may not be settled except upon further order
       of the Court after notice and a hearing.

   e.  Where the Debtors propose to allow a Claim (i) in an amount greater than or
       equal to **$2,000,000** and less than **$4,000,000 without regard to the amount by
       which the claimed amount exceeds the allowed amount**, the Debtors shall file
       one or more notices (each a "Proposed Claims Settlement Notice") with the Court
       listing (a) the claimant(s) with whom the Debtors propose to settle the Claim(s),
       (b) the asserted amount and priority of any proofs of  claim to be settled, and
       (c) the proposed allowed amount and priority of such Claim and serve the
       Proposed Claims Settlement Notice on the Notice Parties and the 2002 service

---

[7]     The Notice Parties shall be deemed to have received notice the day after such notice has been sent by a properly addressed facsimile, email or overnight delivery to the Notice Parties or their counsel or designated representative.  If such notice is made solely by U.S. mail, the deemed receipt date shall be three (3) days after mailing.

list.  If no party in interest files an objection with the Court to a proposed settlement of a Claim listed in a Proposed Claims Settlement Notice within twenty (20) days of the date of such notice, then the Debtors may proceed immediately with the settlement of such Claim.  If an objection is filed within such period that cannot be resolved, such Claim may not be settled except upon further order of the Court after notice and a hearing.

f.    With respect to a proposed settlement reached and approved pursuant to these Omnibus Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing.  The Debtors shall periodically file with the Court a Notice of Settlement of Claims (each a "Settled Claims Notice") that lists the Claims settled pursuant to these Omnibus Settlement Procedures and the allowed amount and priority of such Claims.

g.    Nothing in the foregoing Settlement Procedures shall prevent the Debtors, in their sole discretion, from seeking the Court's approval at any time of any proposed settlement upon notice and a hearing.

h.    The Debtors, in their sole discretion, shall have the authority to exchange mutual releases as part of any settlement of any Claim.

i.    The entry by the Debtors into settlement, mediation, or compromise negotiations does not constitute a waiver of the automatic stay applicable to judicial, administrative, or other actions or proceedings against the Debtors pursuant to section 362 of the Bankruptcy Code.

16.    The Debtors believe that implementation of these Omnibus Settlement Procedures will benefit the Debtors and their estates, particularly in light of the need to expeditiously resolve disputes and continue to advance their chapter 11 cases.

17.    Pursuant to Bankruptcy Rule 9019(b), the Court may authorize the Debtors to settle certain classes of controversies without requiring separate notice and hearing with respect to each separate controversy.  Specifically, Rule 9019(b) provides that "the court may fix a class or classes of controversies and authorize the Trustee [or debtor in possession] to compromise or settle controversies within such class or classes without further hearing or notice."  Fed. R. Bank. P. 9019(b).  As stated in the 1983 Advisory Committee Notes to Rule 9019, the rule "permits the court to deal efficiently with a case in which there may be a large number of settlements."

18.    When evaluating procedures proposed under Rule 9019(b), courts refer to the same standards that govern approval of individual settlements under Rule 9019(a), effectively "pre-approving" the settlements if the proposed procedures ensure their fairness.  See In re Applegate, No. 05-67759, 2007 WL 4365681, at *2 (Bankr. N.D. Ohio Dec. 12, 2007).  Accordingly, the familiar standards of Rule 9019(a) are applicable here, namely that the procedures must be calculated to lead to "compromise[s that are] fair, reasonable, and in the interest of the estate."  In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (internal quotation marks omitted).  Of course, a court need not be convinced that the settlements will in every instance be the best possible compromise.  In re Coram Healthcare Corp., 315 B.R. 321, 330 (Bankr. D. Del. 2004).  Instead, the procedures should ensure that settlements do not "fall[] below the lowest point in a range of reasonableness."  Travelers Cas. & Sur. Co. v. Future Claimants Representative, Civil Action No. 07-2785 (FLW), 2008 WL 821088, at *4 (D.N.J. Mar. 25, 2008).  "Compromises are favored in bankruptcy."  Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)).

19.    With these principles in mind, the Debtors have previously proposed, and the Court has previously approved, two sets of claims settlement procedures applicable to thousands of claims.  See PCO; ECO.  The currently proposed Omnibus Settlement Procedures differ from the existing Claims Procedures Orders only by (a) applying uniformly to all Claims, and (b) increasing and simplifying the dollar-amount thresholds for the applicable notice requirements.  By unifying these procedures and permitting settlement of relatively more Claims through streamlined notice procedures—rather than full notice and hearing unless objections ensue—these Omnibus Settlement Procedures will further the Debtors' ability to finally determine and allow the remaining claims in their cases in an expeditious and fair manner.  Upon

implementation of these procedures the Debtors also will be able to better identify the subset of claims that remain in dispute and propose a timeline for the final resolution of those claims, including through motion practice or trials, if required.  Under the circumstances, the proposed Omnibus Settlement Procedures are necessary to further the process for claims resolution—and to timely obtain all settlements—in a manner that is fair, reasonable and in the best interest of the Debtors' estates.

## II.    <u>FORMAL ALLOWANCE PROCEDURES</u>

20.    Under section 502 of the Bankruptcy Code, proofs of claim or interest that are filed are deemed allowed, unless a party in interest objects.  11 U.S.C. § 502(a).  In this case, in order to provide comfort to the remaining creditors regarding the status of their claims and in furtherance of the final reconciliation and determination of the Debtors' claims in furtherance of the completion of their cases (and to the extent it is necessary to do so in furtherance of the allocation of sale proceeds in light of the Court's prior decision), the Debtors believe it to be appropriate to establish certain basic procedures (the "<u>Formal Allowance Procedures</u>") for the formal allowance of claims to which they have no objection.

21.    The Formal Allowance Procedures are as follows:

a.    The Debtors shall notify the applicable claimant and the Notice Parties in writing of any Claim that the Debtors have reconciled and believe should be allowed as filed in these chapter 11 cases.  If neither the applicable claimant nor one of the Notice Parties objects in writing to the proposed formal allowance of a Claim within thirty (30) calendar days of receipt of notice under this paragraph, then the applicable Claim shall be deemed allowed.[8]  If an objection is received within such period that cannot be resolved, such Claim may not be deemed allowed except upon further order of the Court after notice and a hearing or to the extent it is resolved pursuant to any applicable settlement procedures approved by the Court.

---

[8]    The Notice Parties shall be deemed to have received notice the day after such notice has been sent by a properly addressed facsimile, email or overnight delivery to the Notice Parties or their counsel or designated representative.  If such notice is made solely by U.S. mail, the deemed receipt date shall be three (3) days after mailing.

b.  If a Claim is deemed allowed under these Formal Allowance Procedures, such allowance shall be binding upon the Debtors, the claimant, and all other parties in interest as if the Claim had been allowed by the Court after notice and a hearing. The Debtors shall periodically file with the Court a Notice of Formally Allowed Claims (each a "<u>Formally Allowed Claims Notice</u>") that lists the Claims formally allowed pursuant to these Formal Allowance Procedures and the allowed amount and priority of such Claims.

c.  Nothing in the foregoing Formal Allowance Procedures shall prevent the Debtors, in their sole discretion, from seeking the Court's approval at any time of any proposed allowance of a Claim upon notice and a hearing.

## **<u>Claims Agent</u>**

22.  Pursuant to an order of the Court entered on January 15, 2009 [D.I. 38], Epiq is the Claims Agent for the Court with respect to the Debtors' chapter 11 cases.  In such capacity, Epiq is responsible for, among other things, maintaining the database concerning the Schedules and maintaining and docketing proofs of claim that are filed in these chapter 11 cases.

## **<u>Reservation of Rights</u>**

23.  The Debtors reserve any rights of the Debtors, or of any other party in interest, to dispute or assert offsets or defenses to any Claim.

## **<u>Notice</u>**

24.  Notice of the Motion has been given via first class, U.S. mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; and (iv) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice if necessary.

## **<u>No Prior Request</u>**

25.  No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.


Dated:  February 2, 2016         CLEARY GOTTLIEB STEEN & HAMILTON LLP
       Wilmington, Delaware

James L. Bromley
Lisa M. Schweitzer
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Tamara K. Minott*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Andrew R. Remming (No. 5120)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*