**EXHIBIT A**

(Proposed Form of Order)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------X
:
*In re*  :  Chapter 11
:
Nortel Networks Inc., *et al.*,[1]  :  Case No. 09-10138 (KG)
:
         Debtors.  :  Jointly Administered
:
:  **RE:**
:
-----------------------------------------------------X

## ORDER APPROVING DEBTORS' MOTION FOR AN ORDER ESTABLISHING PROCEDURES TO FURTHER THE RESOLUTION OF CLAIMS

Upon the motion (the "Motion")[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, (i) authorizing and approving procedures to resolve or otherwise settle all disputed proofs of claims or interests; and (ii) authorizing and approving procedures to formally allow claims to which the Debtors have no objection; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

### Omnibus Settlement Procedures

2. The Debtors are authorized in accordance with Bankruptcy Rule 9019 to settle any and all disputed proofs of claim or interest (each a "Claim") in accordance with the following Omnibus Settlement Procedures:

> (a) Any settlement of a Claim pursuant to these Omnibus Settlement Procedures shall be based on the reasonable business judgment of the Debtors, upon consideration of (i) the probability of success if the Claim is litigated, (ii) the complexity, expense and likely duration of any litigation with respect to the Claim, (iii) other factors relevant to assessing the wisdom of the settlement, and (iv) the fairness of the settlement to the Debtors' estates and their creditors.
>
> (b) The Debtors' employees, counsel, and other representatives responsible for negotiating or settling the Claims may attempt to resolve, mediate, compromise or otherwise settle any Claim without further hearing or notice to this Court or other parties in interest in these proceedings.
>
> (c) The Debtors are authorized to settle any Claim where such settlement would result in such claim being allowed in an amount less than $500,000 without further hearing or notice to this Court or other parties in interest in these proceedings.
>
> (d) For any Claim that the Debtors propose to allow in an amount greater than or equal to $500,000 and less than $2,000,000 without regard to the amount by which the claimed amount exceeds the allowed amount, the Debtors shall notify the Notice Parties in writing of the proposed settlement. If no Notice Party objects in writing to the settlement of a Claim within ten (10) calendar days of receipt of notice under this paragraph, then the Debtors may proceed immediately with the settlement of such Claim.[3] If an objection is received within such period

---

[3] The Notice Parties shall be deemed to have received notice the day after such notice has been sent by a properly addressed facsimile, email or overnight delivery to the Notice Parties or their counsel or designated representative. If such notice is made solely by U.S. mail, the deemed receipt date shall be three (3) days after mailing.

2

that cannot be resolved, such Claim may not be settled except upon further order of the Court after notice and a hearing.

(e) Where the Debtors propose to allow a Claim (i) in an amount greater than or equal to $2,000,000 and less than $4,000,000 without regard to the amount by which the claimed amount exceeds the allowed amount, the Debtors shall file one or more notices (each a "Proposed Claims Settlement Notice") with the Court listing (a) the claimant(s) with whom the Debtors propose to settle the Claim(s), (b) the asserted amount and priority of any proofs of claim to be settled, and (c) the proposed allowed amount and priority of such Claim and serve the Proposed Claims Settlement Notice on the Notice Parties and the 2002 service list. If no party in interest files an objection with the Court to a proposed settlement of a Claim listed in a Proposed Claims Settlement Notice within twenty (20) days of the date of such notice, then the Debtors may proceed immediately with the settlement of such Claim. If an objection is filed within such period that cannot be resolved, such Claim may not be settled except upon further order of the Court after notice and a hearing.

(f) With respect to a proposed settlement reached and approved pursuant to these Omnibus Settlement Procedures, such settlement shall be binding upon the parties to the settlement and all other parties in interest as if the settlement had been approved by the Court after notice and a hearing. The Debtors shall periodically file with the Court a Notice of Settlement of Claims (each a "Settled Claims Notice") that lists the Claims settled pursuant to these Omnibus Settlement Procedures and the allowed amount and priority of such Claims.

(g) Nothing in the foregoing Settlement Procedures shall prevent the Debtors, in their sole discretion, from seeking the Court's approval at any time of any proposed settlement upon notice and a hearing.

(h) The Debtors, in their sole discretion, shall have the authority to exchange mutual releases as part of any settlement of any Claim.

(i) The entry by the Debtors into settlement, mediation, or compromise negotiations does not constitute a waiver of the automatic stay applicable to judicial, administrative, or other actions or proceedings against the Debtors pursuant to section 362 of the Bankruptcy Code.

3. The foregoing Omnibus Settlement Procedures shall supersede the Settlement Procedures previously established by the Prepetition Claims Order [D.I. 3953] and the Employee Claims Order [D.I. 7617]. Notwithstanding the foregoing and for the avoidance of doubt, all settlements approved under the Settlement Procedures previously established by the Prepetition

Claims Order and the Employee Claims Order prior to the entry of this Order shall remain binding on all parties.

### Formal Allowance Procedures

4. The Debtors are authorized to formally allow claims in accordance with the following Formal Allowance Procedures:

   (a) The Debtors shall notify the applicable claimant and the Notice Parties in writing of any Claim that the Debtors have reconciled and believe should be allowed as filed in these chapter 11 cases. If neither the applicable claimant nor one of the Notice Parties objects in writing to the proposed formal allowance of a Claim within thirty (30) calendar days of receipt of notice under this paragraph, then the applicable Claim shall be deemed allowed.[4] If an objection is received within such period that cannot be resolved, such Claim may not be deemed allowed except upon further order of the Court after notice and a hearing or to the extent it is resolved pursuant to any applicable settlement procedures approved by this Court.

   (b) If a Claim is deemed allowed under these Formal Allowance Procedures, such allowance shall be binding upon the Debtors, the claimant, and all other parties in interest as if the Claim had been allowed by the Court after notice and a hearing. The Debtors shall periodically file with the Court a Notice of Formally Allowed Claims (each a "Formally Allowed Claims Notice") that lists the Claims formally allowed pursuant to these Formal Allowance Procedures and the allowed amount and priority of such Claims.

   (c) Nothing in the foregoing Formal Allowance Procedures shall prevent the Debtors, in their sole discretion, from seeking the Court's approval at any time of any proposed allowance of a Claim upon notice and a hearing.

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

---

[4] The Notice Parties shall be deemed to have received notice the day after such notice has been sent by a properly addressed facsimile, email or overnight delivery to the Notice Parties or their counsel or designated representative. If such notice is made solely by U.S. mail, the deemed receipt date shall be three (3) days after mailing.

6. This Order is without prejudice to the Debtors' right to seek further orders of this Court to implement specific procedures for the reconciliation and/or resolution of claims against the Debtors or to dispute or assert offsets or defenses to any Claim.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____
      Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE