

1105 North Market Street
Suite 901
Wilmington, Delaware 19801

Mailing Address:
P.O. Box 1380
Wilmington, DE 19899-1380

Christopher P. Simon
csimon@crosslaw.com
(302) 777.4200, ext. 102

# CROSS and SIMON LLC

February 11, 2016

**BY CM/ECF & HAND DELIVERY**
The Honorable Kevin Gross
United States Bankruptcy Court
for the District of Delaware
824 N. Market Street, 6th Floor
Wilmington, DE 19801

    Re:    *Nortel Networks Inc., et al.*
           *Bankr. D. Del. Case No. 09-10138 (KG)*

Dear Judge Gross:

    VTech Communications, Inc. ("VTech") submits this letter pursuant to the Court's Order of December 15, 2015 approving certain procedures regarding the destruction of documents. (D.I. 16389). For the reasons stated herein, VTech respectfully requests that the Court order Debtors to preserve and produce documents responsive to a subpoena served on Debtors by Vtech.

## Background

    VTech is an Oregon company that is, *inter alia*, involved in the marketing and sale of telephones in the United States. VTech was sued for infringement of 5 patents by Spherix Incorporated ("Spherix") in the Northern District of Texas. (Ex. A, Amended Complaint for Patent Infringement). According to the complaint, the alleged inventions in the asserted patents were developed by employees within the corporate family of Debtors ("Nortel"), and the patents were owned by Nortel for several years. (Ex. A, at ¶ 9). Nortel never asserted the patents against VTech. During bankruptcy proceedings, Debtors sold the asserted patents to a company called Rockstar Bidco, and the patents were subsequently transferred to Spherix. (Ex. A, at ¶ 9.)

    Given that the asserted patents were developed at Nortel, and owned by Nortel, VTech believes that Nortel has information and documents that are highly relevant to the claims and

CROSS & SIMON, LLC
FEBRUARY 11, 2016
PAGE 2 OF 3

defenses in the patent lawsuit, including but not limited to, invalidity, laches, and damages.

Accordingly, on November 26, 2014, VTech served debtors with a valid subpoena, duly and legally issued from the United States District Court for the Northern District of Texas, requiring the production of various categories of documents. (Ex. B, Objection form with attached subpoena).

On December 8, 2014, this Court entered an order regulating third party discovery of Debtors (the "Discovery Protocol"). (D.I. 14906.) Debtors have indicated that they intend to produce documents responsive to VTech's subpoena after the parties have concluded the Discovery Protocol. On November 25, 2015, VTech provided search terms to Debtors pursuant to the Discovery Protocol. Debtors have not yet provided a substantive response. Accordingly, Nortel has not completed production of documents pursuant to the subpoena.

Upon receipt of Debtors' motion regarding procedures for the destruction of certain documents (D.I. 16376), VTech sought assurances from Debtors that documents responsive to the subpoena would not be destroyed. Counsel for Debtors indicated in an email that documents implicated by VTech's proposed search terms will not be destroyed in connection with Debtors' disposal procedure. On January 13, 2016, pursuant to the Court's Order regarding the disposal procedures, VTech timely served Debtors with objections to the destruction of documents responsive to VTech's subpoena. (Ex. B.) Although Debtors have represented that they do not intend to destroy documents implicated by VTech's proposed search terms, given that Nortel has yet to produce documents pursuant to the subpoena or substantively respond to VTech's search terms, and in an effort to protect its rights with respect to the preservation and production of documents responsive to the subpoena, VTech served its objections. Debtors have not responded to VTech's objections.

## Argument

VTech served Debtors with a valid subpoena, duly and legally issued by the United States District Court for the Northern District of Texas. The requested documents are relevant to claims and defenses in a lawsuit in which VTech is accused of infringing several patents that were developed by employees of Debtors and that were owned by Debtors for several years. VTech has complied with the Court's Discovery Protocol. Accordingly, Debtors are obligated to produce the requested documents.

In response to VTech's objection (Ex. B), Debtors have provided no reason why documents responsive to the subpoena should be destroyed. Indeed, Debtors have provided no response to VTech's objections and have indicated that they do not plan to destroy documents implicated by VTech's search terms.

CROSS & SIMON, LLC
FEBRUARY 11, 2016
PAGE 3 OF 3

      Accordingly, VTech respectfully requests that the Court Order Debtors to preserve and produce documents responsive to the subpoena served on Debtors by VTech.

                                          Respectfully submitted,

                                          Christopher P. Simon

cc:    Lisa M. Schweitzer, Esq. (via electronic mail)
        Derek C. Abbott, Esq. (via electronic mail)
        Eric D. Schwartz, Esq. (via electronic mail)
        Andrew R. Remming, Esq. (via electronic mail)
        Tamara K. Minott, Esq. (via electronic mail)
        John L. Abramic, Esq. (via electronic mail)
        Joshua R. Taylor, Esq. (via electronic mail)