# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Andrew R. Remming
302 351 9405
302 425 3003 Fax
aremming@mnat.com

February 18, 2016

VIA CM/ECF & HAND DELIVERY

The Honorable Kevin Gross
United States Bankruptcy Court
for the District of Delaware
824 N. Market Street, 6th Floor
Wilmington, DE 19801

      Re: *Nortel Networks, Inc. et al.*; Case No. 09-10138 (KG) (Bankr. D. Del.) — Response to VTech Communications, Inc.'s Document Disposal Objection

Dear Judge Gross:

      Nortel Networks, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), write pursuant to the Document Disposal Procedures approved by this Court in its Document Disposal Order[1] and in response to the letter submitted by VTech Communications, Inc. ("VTech") on February 11, 2016 (D.I. 16540) (the "VTech Letter").

      As the VTech Letter explains, VTech previously served a subpoena (the "Subpoena") pursuant to this court's Discovery Protocol Order,[2] which guides third parties' patent-related discovery requests of the Debtors. On January 13, 2016, VTech filed an objection (the "Objection") pursuant to the Document Disposal Procedures. The Objection requested that documents responsive to its Subpoena be preserved.

      Following the filing of this Objection, counsel to VTech and counsel to the Debtors met and conferred regarding the Objection. The Debtors informed VTech that based on the Debtors' review of its index of documents designated to be destroyed and information

---

[1] See Order (I) Approving Procedures for the Abandonment, Disposal, or Destruction of Specified Hard Copy Documents and Electronic Data; (II) Waiving Compliance with Certain Retention Laws and Ordinances; and (III) Granting Related Relief (D.I. 16389), Case No. 09-10138 (Bankr. D. Del.) (KG) (Dec. 15, 2015) (the "Document Disposal Order").

[2] See Order Approving Second Discovery Protocol in Connection With Order Extending Automatic Stay and Regulating Third Party Discovery (D.I. 14906), Case No. 09-10138 (Bankr. D. Del.) (KG) (Dec. 8, 2014) (the "Discovery Protocol Order").

The Honorable Kevin Gross
February 18, 2016
Page Two

contained therein, the Hard Copy Documents[3] being destroyed (as refined following such review) do not appear to be responsive to the Subpoena. Those Hard Copy Documents that appeared to potentially contain documents that could be responsive to the Subpoena following the Debtors' review of its index in accordance with the procedures set forth in the Second Discovery Protocol[4] are being preserved, and VTech and the Debtors agree that a hearing on the Objection pursuant to the Document Disposal Procedures is not necessary.

VTech and the Debtors each reserve all available objections and defenses to the discoverability and production of any documents (in the continued possession of the Debtors), including, without limitation, any costs associated with such requested production.

Sincerely,

Andrew R. Remming

ARR/bms

cc: Christopher P. Simon, Esq. (via email)
John L. Abramic, Esq. (via email)
Sean E. Jackson, Esq. (via email)

---

[3] As defined in the Document Disposal Order.

[4] See D.I. 14906, Ex. A (the "Second Discovery Protocol").