B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

### District of Delaware

In re  Nortel Networks Inc., et al.                ,          Case No.  09-10138(KG)


## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

|  |  |
|---|---|
| Delta Networks, Inc. | Delta Networks International Ltd.- Macao |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Victor Cheng - No. 256, YangGuang Street, Neihu, Taipei, R.O.C

Court Claim # (if known):  _____269_____
Amount of Claim:  _____$28,512.40_____
Date Claim Filed:  _____02/12/2009_____

Phone:  886-2-8797-3250 ext 3000
Last Four Digits of Acct #:  _____4443_____

Phone:  886-2-8797-3250 ext 3000
Last Four Digits of Acct. #:  _____3860_____

Name and Address where transferee payments should be sent (if different from above):


Phone:  _____
Last Four Digits of Acct #:_____


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:  _____          Date:  _2015. 12. 10_____
       Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## ASSIGNMENT OF CLAIM AGREEMENT

| | |
|---|---|
| ASSIGNOR/SELLER: | Delta Networks International Ltd.- Macao Commercial Offshore |
| Address: | Flat Q 17/F Edificio Centro Com. Cheng Feng, |
| | 336-342 Alameda Dr. Carlos D' Assumpcao, Macao |
| Attention: | Victor Cheng/President |
| Phone: | 886-2-8797-3250 ext 3000 |
| Email: | victor.cheng@delta.com.tw |
| | |
| ASSIGNEE/BUYER: | Delta Networks, Inc. |
| Address: | Floor 4, Willow House, Cricket Square, |
| | P.O. Box 2804, Grand Cayman KY1-1112, Cayman Islands |
| | c/o Victor Cheng, Delta Networks, Inc.,  No. 256, YangGuang Street, Neihu, Taipei, R.O.C |
| Attention: | Victor Cheng/Director |
| Email: | victor.cheng@delta.com.tw |
| | |
| ASSIGNMENT DATE: | December 1, 2015 |
| | |
| AGREEMENT DATE: | December 1 , 2015 |
| | |
| DEBTOR: | Nortel Networks Inc. (the "Debtor") |
| | |
| PROCEEDINGS: | Case No. 09-10138 (the "Case") in bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). |
| | |
| PETITION DATE: | February 12, 2009 |
| | |
| CLAIM: | a general unsecured claim against the Debtor in the aggregate amount of $ 28,512.40 (the "Claim") |

WHEREAS, Seller, as a creditor of the Debtor, filed with the Bankruptcy Court a proof of claim with respect to the Claim (the "Proof of Claim") on February 12, 2009;

WHEREAS, Seller and Buyer are affiliated companies; and

WHEREAS, upon the terms and subject to the conditions set forth in this Agreement, Seller desires to sell, transfer, assign, grant and convey to Buyer, and Buyer desires to purchase, acquire and receive, the Transferred Rights (as defined hereinafter).

NOW THEREFORE, Buyer and Seller (each a "Party" and collectively, the "Parties") agree as follows:

1.      Seller, for good and valuable consideration, does hereby irrevocably sell, convey, transfer and assign unto Buyer all of Seller's rights, title and interest in, to and under, (a) the Claim, any and all right to receive principal, interest, fees, damages, penalties and other amounts in respect of the Claim (in each case whether accruing prior to, on, or after the date of this Agreement), (b) the Proof of Claim; (c) any actions, claims, rights, lawsuits and/or causes

of action against the Debtor arising out of or in connection with any of the foregoing, as well as any proofs of claim filed (regardless of filing date) with respect to the Claim and (d) all proceeds of any kind of the foregoing, including, without limitation, all cash, securities or other property distributed or payable on account thereof, or exchanged in return therefor (collectively referred to herein as the "Transferred Rights."). This assignment shall be deemed an absolute and unconditional assignment of the Transferred Rights for the purpose of collection and satisfaction and shall not be deemed to create a security interest.

2.      Promptly upon Buyer's receipt from Seller of a fully executed copy of this Agreement (including the Evidence of Transfer of Claim), Buyer shall pay to Seller a nominal amount of One United States Dollars ($1) as the purchase price (the "Purchase Price").

3.      Seller's obligation to sell, transfer, assign, grant and convey the Transferred Rights to Buyer on the Effective Date is subject to all of the following: (a) Buyer's representations and warranties being true and correct on the Effective Date, (b) Buyer having complied with all covenants required by this Agreement to be complied with by it on or before the Effective Date, (c) Seller having received the Assignment Documents fully executed by Buyer, and (d) payment of the Purchase Price from Buyer to Seller.

4.      Seller represents and warrants to Buyer and Buyer's successors and assigns as of the Effective Date that:

(a) Seller is duly organized and validly existing under the laws of its jurisdiction of organization, in good standing under such laws, and is authorized and empowered to execute, deliver and perform this Agreement, and this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms;

(b) except for filings that are expressly contemplated by this Agreement, no consent, approval, filing or corporate, partnership or other action is required as a condition to or in connection with execution, delivery and performance of this Agreement and the transactions contemplated herein;

(c) Seller has timely and properly filed the Proof of Claim and Buyer shall assume no obligations or liabilities in respect of the Transferred Rights, including but not limited to the obligation to file a proof of claim on behalf of the Claim;

(d) neither the execution, delivery or performance of this Agreement, nor consummation of the transactions contemplated hereby, will violate or contravene any law, rule, regulation, order or agreement affecting Seller;

(e) Seller is the sole legal and beneficial owner of, and has good title to, the Transferred Rights, free and clear of (i) any legal, regulatory or contractual restriction on transfer or (ii) any pledge, lien, claim, security interest, participation, factoring agreement or other encumbrance of any type or kind (collectively, the "Liens") and will transfer to Buyer such good title free and clear of Liens;

(f) Seller has not previously sold, transferred, assigned, participated or otherwise conveyed the Transferred Rights, nor has Seller agreed to do any of the foregoing (whether in whole or in part);

(g) no payment or distribution has been received by or on behalf of Seller, in full or partial satisfaction of the Transferred Rights;

(h) Seller has not engaged, and shall not engage, in any act, conduct or omission, or had any relationship with the Debtor that will result in Buyer receiving in respect of the Transferred Rights proportionately less in payments or distributions, or less favorable treatment (including the timing of payments or distributions) for the Transferred Rights than will be received on behalf of other general unsecured claims;

(i)  Seller is not an "insider" of the Debtor or its affiliates within the meaning of Section 101(31) of the Bankruptcy Code, and is not a member of any official or unofficial committee in the Proceedings;

(j) Seller has not received any written notice (except as otherwise publicly available in the Proceedings (if any), that the Transferred Rights or any portion thereof is void, voidable, or unenforceable;

(k) no broker, finder, agent, or other entity acting on behalf of Seller is entitled to any commission or fee for which Buyer could be responsible;

(l) Seller has provided or will provide to Buyer (or make available to Buyer), upon request, true and complete copies of all material documents related to the Transferred Rights;

(m) Seller: is not the subject of a petition under the Bankruptcy Code or any other bankruptcy, insolvency, receivership or similar law, and (ii) believes in good faith that it is solvent within the meaning of Section 101(32) of the Bankruptcy Code; and

(n) either (i) no interest in the Transferred Rights is being acquired by or on behalf of an entity that is, or at any time while the Transferred Rights are held thereby will be, one or more Benefit Plans or (ii) the transaction exemption set forth in one or more PTEs, such as PTE 84-14 (a class exemption for certain transactions determined by independent qualified professional asset managers), PTE 95-60 (a class exemption for certain transactions involving insurance company general accounts), PTE 90-1 (a class exemption for certain transactions involving insurance company pooled separate accounts), PTE 91-38 (a class exemption for certain transactions involving bank collective investment funds), and PTE 96-23 (a class exemption for certain transactions determined by in-house asset managers) is applicable with respect to the purchase and holding of the Transferred Rights and the exercise of Seller's rights thereunder.

5.      Buyer represents and warrants to Seller as of the Effective Date that:

(a) Buyer is duly organized and validly existing under the laws of its jurisdiction of organization, in good standing under such laws, and is authorized and empowered to execute, deliver and perform this Agreement, and this Agreement constitutes the valid, legal and binding agreement of Buyer, enforceable against Buyer in accordance with its terms;

(b) except for filings that are expressly contemplated by this Agreement, no consent, approval, filing or corporate, partnership or other action is required as a condition to or in connection with execution, delivery and performance of this Agreement and the transactions contemplated herein;

(c) neither the execution, delivery or performance of this Agreement, nor consummation of the transactions contemplated hereby, will violate or contravene any law, rule, regulation, order or agreement affecting Buyer;

(d) Buyer has (i) reviewed the terms and provisions of this Agreement, and has evaluated the restrictions and obligations contained herein and therein; (ii) agreed to the Purchase Price; and (iii) not relied on any representation or warranty made by Seller, except as expressly set forth herein; and

(e) either (i) no interest in the Transferred Rights is being acquired by or on behalf of an entity that is, or at any time while the Transferred Rights are held thereby will be, one or more Benefit Plans or (ii) the transaction exemption set forth in one or more PTEs, such as PTE 84-14 (a class exemption for certain transactions determined by independent qualified professional asset managers), PTE 95-60 (a class exemption for certain transactions involving insurance company general accounts), PTE 90-1 (a class exemption for certain transactions involving insurance company pooled separate accounts), PTE 91-38 (a class exemption for certain transactions involving bank collective investment funds), and PTE 96-23 (a class exemption for certain transactions determined by in-house asset managers) is applicable with respect to the purchase and holding of the Transferred Rights and the exercise of Buyer's rights thereunder.

6.      Each Party represents and warrants that it is a sophisticated entity and has adequate information concerning the financial condition of Debtor and the Proceedings to make an informed decision regarding the purchase/sale of the Transferred Rights (including the purchase price therefor) and that it has independently and without reliance on the other Party, and based on such information as it has deemed appropriate, made its own decision to enter into this Agreement, except that it has relied on the other Party's express representations, warranties, covenants, agreements and indemnities as contained herein. Each Party is aware that information which may be pertinent to the decision to

transfer the Transferred Rights is available to it and can be obtained from the files of the Proceedings or other publicly available sources. Each Party is aware that the consideration received/paid herein for the purchase/sale of the Transferred Rights may differ both in kind and amount from any distributions made pursuant to any plan of reorganization confirmed in the Proceedings. Each Party acknowledges that the other may possess, and may come into possession of, material non-public information concerning the Transferred Rights, Debtor and/or the Proceedings (the "Excluded Information"). Each Party further acknowledges that it has not requested to receive such Excluded Information from the other Party and has nevertheless determined to proceed with the transaction contemplated herein, and neither shall have any liability to the other Party, and each waives and releases any claims that it might have against the other, arising out of the non-disclosure of such Excluded Information; provided, however, that the Excluded Information shall not limit, contradict or render untrue any representation or warranty made by Seller or Buyer herein.

7.      Each Party acknowledges and agrees that the Purchase Price represents "reasonably equivalent value" (as such term is used in 11 U.S.C. § 548), or as analogously provided under similar statute or applicable law, for the transfer of such assets.

8.      This Agreement and all matters arising out of or relating to it shall be governed by and construed in accordance with the laws of the State of Delaware without reference to any conflicts of law provisions that would require or permit the application of the laws of any other jurisdiction.

9.      This Agreement may be executed in multiple counterparts and all of such counterparts when taken together shall be deemed to constitute one and the same instrument. Delivery of an executed counterpart by facsimile or PDF transmission shall be as effective as delivery of a manually executed counterpart.

10.     This Agreement constitutes the complete agreement of the Parties with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated herein.

11.     If any provision of this Agreement or any other agreement or document delivered in connection with this Agreement, if any, is partially or completely invalid or unenforceable in any jurisdiction, then that provision shall be ineffective in that jurisdiction to the extent of its invalidity or unenforceability, but the invalidity or unenforceability of that provision shall not affect the validity or enforceability of any other provision of this Agreement, all of which shall be construed and enforced as if that invalid or unenforceable provision were omitted, nor shall the invalidity or unenforceability of that provision in one jurisdiction affect its validity or enforceability in any other jurisdiction.

12.     Seller hereby acknowledges and consents to all terms set forth in this Agreement and upon the Effective Date, hereby waives its right to raise any objection thereto and its right to receive notice pursuant to Bankruptcy Rule 3001(e), and, except as provided in Paragraph 11(b) of this Agreement, consents to the substitution after the occurrence of the Effective Date of the Seller with the Buyer for all purposes in the Proceedings, including, without limitation, for voting and distribution purposes with respect to the Transferred Rights. Buyer may, at its election, file the Rule 3001(e) Transfer Notice with the Bankruptcy Court after the occurrence of the Effective Date. After the Effective Date, Seller agrees not to litigate or otherwise pursue any of the Transferred Rights (including, without limitation, the amount of the Claim and, to the extent related thereto, the Proof of Claim) except as expressly provided herein prior to the Deadline or a Bankruptcy Event.

*[signature page follows]*

**IN WITNESS WHEREOF**, the undersigned have duly executed this Agreement by their duly authorized representatives as of the Agreement Date written above.

| Delta Networks, Inc. | Delta Networks International Ltd.- Macao Commercial Offshore |
|---|---|
| By: *[signature]* <br> Name: Victor Cheng <br> Title:  Director | By: *[signature]* <br> Name: Victor Cheng <br> Title: President |

EXHIBIT A

EVIDENCE OF TRANSFER

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Case No. 09-10138 (KG) |
| *Nortel Networks Inc., et al.* | (Jointly Administered) |
| | |

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY PURSUANT TO FED. R. BANKR. P. 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee: | Name and Address of Transferor: |
|---|---|
| Delta Networks, Inc. | Delta Networks International Ltd.- Macao Commercial Offshore |
| Floor 4, Willow House, Cricket Square, P.O. Box 2804, Grand Cayman KY1-1112, Cayman Islands c/o Victor Cheng, Delta Networks, Inc.,  No. 256, YangGuang Street, Neihu, Taipei, R.O.C | Flat Q 17/F Edificio Centro Com. Cheng Feng, 336-342 Alameda Dr. Carlos D' Assumpcao, Macao |
| Attention: Victor Cheng/Director | |
| Name and address where transferee payments should be sent (if different than above): Name: Victor Cheng, Address: Delta Networks, Inc.,  No. 256, YangGuang Street, Neihu, Taipei, R.O.C | Attention: Victor Cheng/President |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my

knowledge and belief.

| By: | Victor Cheng | Date: | December1, 2015 | |
|---|---|---|---|---|

Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

As set forth in the attached evidence of transfer of claim **(Proof of Claim #269)**, Transferor has waived to the fullest extent permitted by law any notice or right to receive notice of a hearing under Fed. R. Bankr. P. 3001(e).

| DEADLINE TO OBJECT TO TRANSFER |
|---|

The alleged Transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the claimant without further order of the court.

## EVIDENCE OF TRANSFER OF CLAIM

**TO: THE DEBTOR AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, **Delta Networks International Ltd.- Macao Commercial Offshore** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Delta Networks, Inc.** ("Buyer") an undivided interest, in and to all of Seller's right, title, interest, claims and causes of action in and to, or arising under or in connection with the proof of claim number set forth below, solely to the extent, in each case, to the amount set forth in the column below entitled "Amount of Claim Transferred" (the "Claim"). Such proof of claim was filed against Nortel Networks Inc. (the "Debtor"), whose case is jointly administered and currently pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at In re: Nortel Networks Inc., et al. Case No. 09-10138 (KG).

| Proof of Claim Number | Amount of Claim Transferred |
|---|---|
| No.269 | $ 28,512.40 |

Seller hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim. Seller further directs the Debtors, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, shall be delivered or made to the Buyer.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on December 1, 2015.

| | |
|---|---|
| | **SELLER**<br><br>**Delta Networks International Ltd. - Macao Commercial Offshore**<br><br>By: _____<br>Name: Victor Cheng<br>Title: President |
| | **BUYER**<br><br>**Delta Networks, Inc.**<br><br>By: _____<br>Name: Victor Cheng<br>Title: Director |