IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X
                                                             :
*In re*                                                      :   Chapter 11
                                                             :
Nortel Networks Inc.., *et al,*                              :   Case No. 09-10138(KG)
                                                             :
                                                             :   Jointly Administered
                   Debtors.                                  :
                                                             :
                                                             :
------------------------------------------------------------ X


### INDIVIDUAL CREDITOR (GEOFFREY O. THOMPSON)
### RESPONSE AND OBJECTION TO
### DEBITORS FORTY FIRST OMNIBUS OBJECTION (SUSTANTIVE)
### TO CERTAIN CLAIMS AS PUT FORTH IN DOCUMENT 16556

1.  My name is Geoffrey O. Thompson (Creditor). Creditor was an employee of Nortel Networks from the date that NNI acquired Bay Networks, Inc. (October 21, 1994). That employment by acquisition preserved creditor's Bay Networks hire date of June 6, 1988 for the purposes of seniority, benefits in general and Severance Eligibility in particular. (Reference: **EXHIBIT A**) Creditor's employment was continuous until Creditor was involuntarily terminated during the restructuring that took place during the early stages of the bankruptcy of NNI. Creditor's employment termination date was May 31, 2009 (Reference: **EXHIBIT A**)

2.  During the termination process Creditor was offered immediate payment of full severance pay in exchange for a waiver of "all entitlement to any and all benefits described n the document 'Nortel Networks Severance Allowance Plan'". At the time of termination Creditor chose not to exercise that waiver. (Reference: **EXHIBIT B**)

3. Creditor submitted a claim along with supporting documentation to the court for the salary-based amount owed Creditor under policy. Such claim, was filed and recorded on July 1, 2009 as claim number 001454 in the amount of $40,425.00 (Reference: **Claim number 001454**)

4. Debtor acknowledges severance obligation and method of calculation in Debtor's Objection document. (Document number 16556, section E, paragraph 22)

5. Creditor opposes the Debtor objection. Debtor has provided no specific rationale for reduction other than the general provisions of the bankruptcy code. Any reduction should be substantiated with specific rationale and quanitative justification for any such reduction. Claim by Creditor under claim 1454 is proper and the proper amount per the NNI Severance Plan. (Reference calculation: **Claim number 001454**)

6. Creditor speculates on the basis of the approximate amount of the reduction that Debtor may have reduced the claim on the basis of a WARN amount. If that is the rationale, no such reduction is justified. There was no WARN process nor payments involved during the involuntary termination of the Creditor. NNI adjusted the Creditors Employment Termination Date to avoid the WARN process and the termination document provided to the Creditor shows a severance entitlement period of 25 weeks. Such period corresponds to the full severance policy period without adjustment.

7. WHEREFORE, the below-signed Creditor respectfully requests that the Debtors Objection be denied with respect to Severance Claim number 1454 and further requests that the Court enter an order sustaining such denial. The Creditor requests that any decision and order in this matter be communicated to the undersigned.

Dated: March 7, 2016
Mountain View, California

/s/ *Geoffrey O. Thompson*
Geoffrey O. Thompson
158 Paseo Ct
Mountain View, California 94043
Telephone: (540) 227-0059
Facsimile: None, please use e-mail
E-Mail: <thompson@ieee.org>

**EXHIBIT A**

## I. EMPLOYEE DATA

Notice Date: April 1, 2009

Employee: **Geoffrey Thompson**

Employee Number: **4710158**

Continuous Service Date: **1988/06/06**

Severance Eligibility Date: **1988/06/06**

Employment Termination Date: **2009/05/31**

Severance Stop Date: **2009/11/22**

Employee Home Address:

**158 PASEO COURT
MOUNTAIN VIEW
CA      94043**

Severance Period (for employees with at least 6 months of service): **25**
(Number of Weeks) to Commence Following Termination Date

HR Contact: **Nortel HR Shared Services
Mail Stop 570/02/0C2
PO Box 13010
4001 E. Chapel Hill-Nelson Hwy
Research Triangle Park, NC  27709-3010
1-800-676-4636**

**EXHIBIT B**

accordance with applicable laws. If Employee is a "Reporting" Insider, the Employee understands that s/he is required to amend his or her insider profile within 10 days of Employee's Termination Date on the Canadian System for Electronic Disclosure by Insiders (SEDI) to indicate that Employee is no longer a "Reporting" Insider of Nortel. The Employee should contact the Insider Reporting Department at phone number (905) 863-1220 and fax (905) 863-8524 for assistance in amending the SEDI profile.

(D) **Trade Secret and Confidential Information Acknowledgement.** Employee shall have ongoing and continuing obligations to Nortel (including those specified in any agreement with Nortel that Employee has executed) which include, but are not limited to, the following: keeping secret and confidential and not utilizing in any manner any trade secrets, proprietary or confidential information of Nortel made available to Employee during Employee's period of employment with Nortel and refraining from disclosing such information to any third party or using it for any purpose.

(E) **Voluntary Waiver of all Benefits under the Nortel Networks Severance Allowance Plan.** By signing below, Employee acknowledges that Employee is voluntarily waiving all entitlement to any and all benefits described in the document "Nortel Networks Severance Allowance Plan" that might be available to Employee under such Plan. Further, Employee understands and has read this document and specifically those provisions in the INTRODUCTION paragraph and paragraphs 10 and 11 in Section III(B) above that discuss the timing of payment of benefits under the RIP and the Retiree Medical Plan. This waiver is granted voluntarily and with full understanding of the benefits that Employee is waiving. Employee understands that without Employee signing this waiver that Employee's benefits under the RIP and coverage under the Retiree Medical Plan cannot commence until after the end of the Employee's "severance period" that would apply to Employee under the Severance Plan, provided that Employee was entitled to benefits under the Severance Plan. Employee shall have thirty (30) calendar days from the date of receipt of this document to sign and return the document to the HR contact address identified in Section I above.

Signature:_____   Date:_____

Printed Name:_____

**PLEASE NOTE:** If there are any discrepancies between the information in this memo and the applicable Nortel benefit plan, the actual plan document will, in all cases, govern the details of the benefit coverage and the plan administration. In accordance with each plan and/or program, Nortel reserves the right to further amend or discontinue the plan(s) and/or program(s) described in this communication at any time without prior notice to, or consent by, employees.