# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nortel Networks, Inc., *et al.* | ) | |
| | ) | Case No. 09-10138 (KG) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Hearing Date: March 22, 2016 @ 10:00 am** |
| | ) | **Response Due: March 11, 2016 @ 4:00 pm** |
| _____ | ) | |

**PENSION BENEFIT GUARANTY CORPORATION'S JOINDER
IN DEBTORS' THIRTY-NINTH, FORTIETH, AND FORTY-FIRST OMNIBUS
OBJECTIONS (SUBSTANTIVE) TO, *INTER ALIA*, CLAIMS IN EXHIBITS A
THAT ARE NO-BASIS PENSION CLAIMS (DKT. NOS. 16553, 16554 AND 16556 )**

Preliminary Statement

In their Thirty-Ninth, Fortieth, and Forty-First Omnibus Objections ("Objections"), the Debtors object to claims filed by certain employees ("No-Basis Pension Claims") with regard to amounts asserted for pension benefits owing under the Nortel Retirement Income Plan ("Pension Plan").[1] The Pension Benefit Guaranty Corporation ("PBGC") joins in the Objections solely with regard to the No-Basis Pension Claims, because participants must look exclusively to PBGC for any benefits they may be entitled to under the terminated Pension Plan.

Background

PBGC is a wholly-owned United States government corporation that administers the nation's termination insurance program for defined benefit pension plans under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. §§ 1301-1461 (2012 & Supp. II 2014). If a pension plan covered by the insurance program terminates and lacks sufficient assets to pay all promised benefits, PBGC becomes statutory trustee of the

---

[1] Capitalized terms not otherwise defined herein are defined as in the Objections.

pension plan and pays the pension plan's benefits subject to the statutory limitations set forth in 29 U.S.C. § 1322(b).  *See* 29 U.S.C. §§ 1322, 1341(c), 1342, 1361; *PBGC v. LTV Corp.*, 496 U.S. 633, 637-638 (1990); *Nachman Corp. v. PBGC*, 446 U.S. 359, 375 (1980).

The Pension Plan, sponsored by Nortel Networks, Inc., terminated effective July 17, 2009.  By an agreement between PBGC and the administrator of the Pension Plan dated September 8, 2009, PBGC became the statutory trustee of the Pension Plan.  At termination, the Pension Plan had approximately 22,000 participants.  PBGC is paying or will pay pension benefits to participants—including participants asserting No-Basis Pension Claims.

The Debtors briefly describe PBGC's claims against each of the Debtors in the Objections.[2]  While Debtors' description of PBGC's claims as initially filed on September 29, 2009, is generally correct, on or about July 7, 2014, PBGC amended its claims.[3]

Argument

Participants may not recover pension benefits under the terms of a terminated pension plan from their employer.  *United Steelworkers of Am. v. United Eng'g, Inc.*, 52 F.3d 1386, 1393 (6th Cir. 1995); *Ricke v. Armco, Inc.*, 882 F. Supp. 896, 899 (D. Minn. 1995), *order aff'd and remanded by*, 92 F.3d 720 (8th Cir. 1996); *In re Lineal Group, Inc.*, 226 B.R. 608, 613-14 (Bankr. M.D. Tenn. 1998); *Adams Hard Facing Co. v. AHF Corp.*, 129 B.R. 662, 663 (W.D. Okla. 1991).  In the leading case of *United Engineering*, the Sixth Circuit held that ERISA preempts employees' direct actions against employers to recover pension benefits.

---

[2] The Debtors summarize PBGC's claims in footnote 8 of the Thirty-Ninth Objection, and in footnote 10 of the Fortieth and Forty-First Objections.
[3] The amended claims were assigned claim numbers 8760, 8761, 8762, and 8763, superseding the claim numbers cited in the Objections.  As amended, PBGC asserted its unfunded benefit liabilities claim in the amount of $624,601,972, and its premium claim in the amount of $83,392,500.  The other two amended claims were asserted in the amount of zero.

2

52 F.3d at 1393. *See also Int'l Ass'n of Machinists and Aerospace Workers v. Rome Cable Corp.*, 810 F. Supp. 402 (N.D.N.Y. 1993) ( "It would be counterproductive indeed to find that the employer would, following a distress termination, be liable not only to the PBGC but also remain liable to the plan participants and beneficiaries.").

To hold otherwise would result in a double recovery by the participants and double payment by the employer's bankruptcy estate. Participants would recover nonguaranteed benefits from both the employer and PBGC, and the bankruptcy estate would be paying the same claim twice, once to participants and once to PBGC.

Less than a year ago in this bankruptcy, the Court ruled on this same issue in favor of the position advocated here by the Debtors and PBGC. In their Thirty-Eighth Omnibus Objection, D.I. 15655, the Debtors raised essentially the same arguments against allowance of the No-Basis Pension Claims that they assert here, against claims filed by a different group of Pension Plan participants. PBGC joined the Debtors in seeking disallowance of the No-Basis Pension Claims, setting forth essentially the same position as it does here. D.I. 15776. In an order filed on June 30, 2015, this Court disallowed in full each of the No-Basis Pension Claims at issue. D.I. 15811, ¶ 5. This Court should follow the same approach here.

**Conclusion**

WHEREFORE, PBGC requests that this Court disallow the No-Basis Pension Claims, and grant such other and further relief as the Court deems proper.

Dated: March 10, 2016								Respectfully submitted,

<div style="margin-left:auto">

/s/ Vicente Matias Murrell
ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
GARTH D. WILSON
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)
MARC S. PFEUFFER
Attorney

PENSION BENEFIT GUARANTY CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: (202) 326-4020, ext. 3580
Facsimile: (202) 326-4112

</div>