```
                 IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF DELAWARE

IN RE:                        )   Case No.  09-10138(KG)
                              )   (Jointly Administered)
                              )
Nortel Networks Inc., et al., )   Chapter 11
                              )
          Debtors.            )
                              )
_____)
                              )
SNMP Research International,   )   Adv. Proc. No.
     Inc., and                )   11-53454(KG)
SNMP Research, Inc.,          )
                              )
          Plaintiffs,         )   Courtroom 3
                              )   824 Market Street
     vs.                      )   Wilmington, DE
                              )
Nortel Networks Inc., et al., )
     and                      )
Avaya Inc.,                   )   11:00 a.m.
                              )   March 11, 2016
          Defendants.         )
_____)
```

                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JUDGE KEVIN GROSS
                 UNITED STATES BANKRUPTCY JUDGE

TELEPHONIC APPEARANCES:

For Debtors:            Morris Nichols Arsht & Tunnell, LLP
                        BY: DEREK ABBOTT, ESQ.
                        BY: ANDREW REMMING, ESQ.
                        302-351-9200

                        Cleary Gottlieb Steen & Hamilton
                        BY: DAVID HERRINGTON, ESQ.
                        BY: LISA M. SCHWEITZER, ESQ.
                        212-225-2000

ECRO:                   GINGER MACE

Transcription Service:  DIAZ TRANSCRIPTION SERVICES
                        (717) 233-6664
                        www.diazdata.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

TELEPHONIC APPEARANCES:
(Continued)

For SNMP:                        Cole Schotz Meisel Forman &
                                 Leonard, P.A.
                                 BY: DAVID DEAN, ESQ.
                                 BY: NORMAN PERNICK, ESQ.
                                 302 652-3131

For Joint
Administrators:                  Hughes Hubbard & Reed LLP
                                 BY: CHARLES HUBERTY, ESQ.
                                 212-837-6000

For Avaya, Inc.:                 Sullivan Hazeltine Allinson
                                 BY: ELIHU E. ALLINSON, ESQ.
                                 302-428-8191

                                 Holland & Knight LLP
                                 BY: BENJAMIN STERN, ESQ.
                                 617-305-2022

For the Monitor:                 Buchanan Ingersoll & Rooney, PC
                                 BY: MARY CALOWAY, ESQ.
                                 302-552-4214

For Interested Party:            Dow Jones & Company
                                 BY: PEG A. BRICKLEY, ESQ.
                                 215-462-0953

For Debtor:                      Norton Rose Fulbright US LLP
                                 BY: PAUL KELLER, ESQ.
                                 212-318-3212

                                 Allen & Overy, LLP
                                 BY: LAURA HALL, ESQ.
                                 212-610-7300

For Official Creditor's
Committee:                       Akin Gump Strauss Hauer & Feld
                                 BY: ANTHONY LURIA, ESQ.
                                 212-872-1000

1  WILMINGTON, DELAWARE, FRIDAY, MARCH 11, 2016, 11:00 A.M.

2          THE COURT:  Counsel, good morning, it's Judge

3  Gross on the phone.  We are of course in Nortel/SNMP matter.

4  We have a discovery dispute relating to SNMP's experts.

5  I've read your letters and I'm prepared to listen to you.

6          MR. ABBOTT:  Good morning, Your Honor.  This is

7  Derek Abbott here for the U.S. Debtors.  Your Honor Mr.

8  Harrington from Cleary will be presenting the argument today

9  so without further ado, I'll just turn it over to him if I

10  many.

11          THE COURT:  Thank you Mr. Abbott.  Mr. Harrington,

12  good morning.

13          MR. HARRINGTON:  Good morning Your Honor.  Let me

14  just summarize what SNMP is attempting to do and the reason

15  we're objecting, and I'll also talk about what the case does

16  not involve or this situation does not involve.  What SNMP

17  is seeking to do is to take former employees of Nortel, and

18  in couple of instances former employees of Avaya, folks who

19  went from Nortel to Avaya, to gain, of course, inside

20  confidential information from their work with Nortel and

21  Avaya, and they want to take them and exploit that

22  information by hiring them as their expert, essentially

23  making them part of their litigation team so as to exploit

24  the information that they learned by working for Nortel and

25  Avaya in asserting claims against Nortel and Avaya.  Your

1   Honor that's simply not okay.  Courts consistently recognize

2   that they have the inherent power to bar parties from doing

3   that when it would undermine the integrity of the

4   adversarial system and Your Honor I'll -- I'll -- as the

5   basis for that, for example, I'll cite the Butamax case that

6   SNMP cites in their letter.  That was a decision by Judge

7   Robinson there in the District of Delaware.

8              THE COURT:  Yes.

9              MR. HARRINGTON:  Judge Robinson recited the

10  federal court had the inherent power to disqualify experts

11  and goes on to say:

12       "Courts have generally adopted two-part

13       disqualification inquiries.  Number one was it

14       objectively reasonable for the party seeking

15       disqualification to have concluded that a confidential

16       relationship existed with the expert; and number two

17       was confidential and privileged information actually

18       disclosed to the expert?"

19  Your Honor the answer to both of those questions is yes.

20  Here the employer -- actually have employment agreements or

21  severance agreement that document that they were given

22  access to confidential information and are required of

23  course to guard the confidentially of that information.  So,

24  number one, clearly there was a confidential relationship,

25  and number two, clearly they were given confidential

1  information.  That's what these employment agreements and

2  severance agreements are all about saying you've been given

3  confidential information.  You of course are obligated to

4  maintain it.  Now what Judge Robinson goes on to say and

5  SNMP omitted this from their letter of course, is he says:

6      "Affirmative answers to these inquiries ordinarily

7      compel disqualification."

8  Again, the answers to both those inquiries in our case is

9  affirmative, yes.  There's a confidential relationship and

10 yes they were given confidential information.  Now when

11 courts have not disqualified experts it's because the case

12 is not related to what they did for their former employer.

13 For example in the Butamax case, that actually didn't even

14 involve a former employee, all that involved is a potential

15 expert who spoke to one party a couple times and then ended

16 up being retained by the other party in a lawsuit and Judge

17 Robinson found that in that conversation with the first

18 party there was no confidential information disclosed.  Now

19 again, a couple conversations the confidential information

20 disclosed, and therefore it wasn't a problem for the expert

21 to work for the other party.  Here, again, these are folks

22 who, worked for Nortel and Avaya for many years and were

23 given confidential information, as reflected by their

24 confidentiality agreements, and what SNMP is seeking to do

25 is to use that very same information for their litigation

1  purposes.  Again, basically making them part of the SNMP

2  litigation team.  Now, there is not a single case that

3  upholds that; that would allow parties to do that.  the only

4  time courts have allowed a former employee to serve as an

5  expert for somebody else is when the information that they

6  gave was not relevant to the litigation.  In that case, if

7  the litigation had to do with something else, something

8  different from what they were doing for their former

9  employer, then that may not be a problem, but here, that's

10 not what we have.  We have the exact opposite.  SNMP is

11 trying to hire these people and make them part of their team

12 for the exact reason that they do want to exploit

13 information that they learned from Nortel and from Avaya.

14 Your Honor besides a couple of cases that involve former

15 employees, for example the Space Systems Loral, Martin

16 Marietta case.  The Court, in addressing one of the experts

17 there, said there's no doubt this expert must be

18 disqualified because they were privy to substantial

19 information that is relevant to the case.  So again, there's

20 just no question when that's true that the witness should be

21 disqualified.  In the Alien Tech case, the Court made clear

22 that any doubts about this should be resolved in favor of

23 not having the former employee act as an expert for the

24 employer's adversary.  The Court said:

25       "Former employees may not think at this time that any

1          knowledge he gained at his former employer will be

2          relevant, but the danger is that no one may know how

3          the  information that he learned from his former

4          employer  may affect his opinion, and he may

5          inadvertently use confidential information.  The human

6          brain does not compartmentalize information in that

7          manner."

8    So again, any doubt has to be resolved against allowing

9    somebody to go and work for your adversary.  To pop up on

10   the other side of the courtroom and be testifying against.

11   And again, Your Honor, even in this case as the Alien Tech

12   case, the expert and the -- parties wound up hiring saying,

13   no we're not going to use the information they learned from

14   their former employer.  That's the exact opposite of what we

15   have here where SNMP is saying yes, that's why we want to

16   hire these people.  We want them to use the inside Nortel

17   information that they gained and use it for us and have ex

18   parte conversations with them, talk to our lawyers, put

19   together testimony, help us develop our strategy and then

20   serve as a witness for us and against Nortel and Avaya.

21   Your Honor, no court has ever allowed that.

22          Your Honor, I just want to clarify what our

23   objection does not involve.  First of all, our objection is

24   with respect to the confidentiality stipulations.  Our

25   objection is not really based on that and is certainly not

1    limited to the confidentially stipulation.  That addresses a

2    very specific issue which is, of course, in litigation

3    parties provide documents and information to each other

4    through discovery and that addresses the question of okay.

5    well, what can the opposing party have -- who all can they

6    share that information with?  So that's a very specific

7    issue and it's a limited issue.  That's not what we're --

8    what we're getting at.  What we're objecting to and what

9    it's based on is the inherent power of courts to disqualify

10   experts from doing what SNMP is trying to do here; take

11   inside information from the company that they work for and

12   go off and essentially sell that information to the

13   adversary and as a witness for the adversary.  Again, it's

14   not defined by the confidentiality stipulation and it's not

15   limited to it.  The other thing that this case doesn't

16   involve is enforcing a restricted covenant so as to keep

17   somebody from obtaining gainful employment.  The cases that

18   SNMP cites where they argue, hey, these agreements these

19   employees have aren't enforceable.  Those are covenant cases

20   where again somebody -- it doesn't involve expert witnesses

21   such as the Kronamen and the Hertzberg case, neither one of

22   them involve expert witnesses.  In those cases I'm sure if

23   it --  it involved litigation, they tried to hire someone as

24   an expert against your old employer, the courts would've

25   barred that.  That's not what was involved.  It's simply an

1  employment situation where somebody is saying, oh you can't

2  go to work for this other company because they're a

3  competitor.  Or you just can't go to work for this other

4  company for whatever reason.  Of course, in that context,

5  courts are very careful and they do require compelling

6  interest on the part of the party who wants to enforce a

7  restrictive covenant and prevent somebody from obtaining

8  employment.  They say look, what is your compelling

9  interest, and we've got to limit it to that compelling

10 interest.  That's not what we have here.  All these folks

11 have jobs -- they've got full-time jobs.  We're not keeping

12 them from getting work and refusing them -- or seeking to

13 prevent them from again, essentially selling their inside

14 confidential information that they'd learned from being

15 employees of Nortel and Avaya through essentially selling

16 that information to somebody who is trying to use it in

17 litigation.  That is not the situation addressed in

18 [indiscernible] or Hertzberg.  Your Honor, that addresses

19 really all of the individuals at issue here but I do want to

20 say a few words about the Canadian employees.

21          THE COURT:  Yes, and I was going to ask you about

22 them, Mr. Harrington.

23          MR. HARRINGTON:  Sure -- they are in a different

24 situation.  They are former employees of Canada.  SNMP

25 points to them and says, Hey, you know, what's the problem?

1  They already did some searching up in Canada as part of what

2  they testified up there.  Well two things about that.  One

3  is they -- that was sort of a special situation where Canada

4  and SNMP agreed to sit down together and say okay let's do

5  some searches of our databases, our software repositories,

6  and see what we find.  It's kind of a consensual, joint

7  operation and it was really more of a kind of searching and

8  investigating rather than about providing testimony and

9  having to use an expert witness.  As we understand from

10 Canadian Debtors, they were not asked to approve these

11 people as expert witnesses and the role of these people is

12 not the same as the role of an expert witness in the U.S.

13 litigation system.  So yes, they were involved in these

14 joint searches.  That's fine.  That doesn't mean that they

15 should -- in U.S. litigation be acting as expert witnesses

16 opposite -- opposite to Nortel, and there's a simple way to

17 handle that.  You know, again, what we're talking about in

18 searching a third-party software system called Clear Case.

19 Clear Case is provided by IBM.  It's a standard off-the-

20 shelf product.  There are any number of people who have

21 expertise in dealing with Clear Case, and I think SNMP would

22 acknowledge that.  SNMP can hire somebody who has expertise

23 in Clear Case and conduct searches of U.S. Clear Case

24 repositories, and that person can certainly review the

25 results of the searches up in Canada and incorporate those

1  searches as part of their analysis and the testimony they

2  provide, but that's different from taking a former Nortel

3  person and putting them on the stand as an expert witness

4  averse to Nortel where they are being asked to draw on their

5  Nortel information.  So again, we're not opposed to a

6  neutral independent expert reviewing the results of the

7  Canadian searches and incorporating that, but it shouldn't

8  be a Nortel person who, again, is being asked to take

9  advantage of Nortel information in testifying against

10  Nortel.

11         THE COURT:  Does it make a difference Mr.

12  Harrington that Nortel is no longer an operating business?

13         MR. HARRINGTON:  It certainly doesn't make a

14  difference to the first point, which is the basis for our

15  objections, which is protecting the adversarial integrity,

16  the integrity of the adversarial system.  Again, it's just

17  not -- you can't take a former employee and hire them -- you

18  know, have the adversary hire them away and say, ah hah, I'm

19  going to make you my paid expert and testify against your

20  old employer using the information that you gained from your

21  former employer.  Again, even going back to the Butamax

22  case, that SNMP cites as reciting the standard for this,

23  courts have -- federal courts have the inherent power to bar

24  this from happening, and it depends on two things.  Courts

25  -- was there a confidential relationship and was

1   confidential information disclosed?  Again, SNMP says, well

2   but then it goes onto a balancing test.  There's no

3   balancing test has ever justified doing what SNMP seeks to

4   do here which is specifically and consciously try to exploit

5   the information of a former employee against its old

6   employer.  So to answer your question, this is not, Your

7   Honor, a question of -- it's certainly not -- when SNMP

8   makes arguments about enforceability of employment

9   agreements that's in a restrictive covenant situation where

10  you're trying to bar an employee from getting gainful

11  employment.  Completely different situation not involving

12  expert witness, involving basically barring somebody from

13  doing a job that they want to do.  That's -- you know --

14  regular employment.  Yes, in that context courts are very

15  scrutinizing of whether the party seeking to enforce the

16  restrictive covenant has a legitimate interest and a strong

17  interest.  That's not the situation we've got here.  So

18  there's no case dealing with experts where the Court said,

19  you know, yes you've got confidential information; it was

20  disclosed under expectation of confidentiality, but you

21  know, you're now bankrupt so we're going to let it happen.

22  That's not what that's about.  It's about protecting the

23  integrity of the adversarial system so that you don't have

24  your former employee showing up on the other side saying,

25  guess what?  I'm wearing your adversary's hat now and I'm

1  working for them, and I'm using information I gained from

2  being employed by you to work with them.  That's not

3  something any court has ever approved, and I don't think any

4  court would ever approve that.

5          THE COURT:  All right.  I --

6          MR. HARRINGTON:  Your Honor, if you have some more

7  questions I'd be happy to answer them, but Avaya is on the

8  same side as we are and I know they would like to speak to

9  these issues.

10          THE COURT:  All right.  Thank you Mr. Harrington,

11  I'll hear from Avaya.

12          MR. STERN:  Sure, thank you, Your Honor, this is

13  Ben Stern, of Holland and Knight, on behalf of Avaya and I

14  just wanted to make three quick points.

15          First, as the U.S. Debtors' letter indicates,

16  Avaya joins and agrees with the points that the U.S. Debtors

17  made in their letter so I just wanted to flag that, but I'm

18  not going to go back over all of Mr. Harrington's points.

19  He articulated them very well.  There are two points that I

20  would like to address however.  The first one is, it sort of

21  gets to the issue that you've just talked about or asked

22  about, which is does it make a difference that Nortel is no

23  longer an operating entity, and I just wanted to point out

24  that Avaya -- which obviously is an operating entity -- was

25  the successful purchaser of the Nortel enterprise business

1   and in so doing succeeded to all of Nortel's rights under

2   the confidentiality agreements that Nortel had with its

3   current and former employees.  This situation is unlike the

4   situations in the Kronamen Holdings case that SNMP cites to,

5   which as an initial matter deals with an NDA and a non

6   compete and non-disclosure of confidential information, but

7   more to the point is the successful purchaser in the

8   Kronamen Holdings case was not a successor in interest to

9   the confidentiality agreements, which I don't think is in

10  dispute, that is the exact opposite situation as the case

11  here.

12          The second point I want to make is one of the

13  employees -- former Nortel employees, Julie Berkett, was

14  also a former Avaya employee.  She went over from Nortel to

15  Avaya after the transaction and she left Avaya's employ in

16  2013.  The U.S. Debtors cited a portion of that

17  acknowledgement of post-employment agreement acknowledgement

18  in their letter and in response SNMPRI said well we don't

19  have a copy of that agreement.  SNMPRI had previously asked

20  for it, so when I saw that in their letter, I immediately

21  sent it over to them.  And it's an agreement that's dated

22  6/30/13, signed by Julie Berkett, and her manager which does

23  provide for post-employment confidentiality obligations

24  running to Avaya.  After I sent that, I got an email from

25  counsel SNMPRI who said, "Miss Berkett previously advised

1  that she was unaware of any confidentiality agreement with

2  Avaya so the Debtor's letter was news to me."  This was

3  something that was very concerning to Avaya and I think

4  underscores Mr. Harrington's point, which is Ms. Berkett was

5  not even aware or didn't even remember of -- the

6  confidentiality obligations that she agreed to abide by

7  three years ago and had we not raised this issue may have

8  already or may in the future have disclosed confidential

9  information to SNMPRI unwittingly.  So that's yet another

10  reason why we have very real concerns about this situation,

11  and unless Your Honor has any other questions I think I can

12  conclude.

13          THE COURT:  I don't have any questions for you and

14  I thank you for your comments.

15          MR. STERN:  Thank you.

16          THE COURT:  Why don't I hear now from SNMP?

17          MR. DEAN:  Good morning, Your Honor.  David Dean

18  on behalf of SNMP.

19          THE COURT:  Yes Mr. Dean.

20          MR. DEAN:  Your Honor, as set forth in yesterday's

21  letter that we sent to the Court we're proposing the

22  retention of five expert witnesses, who as Mr. Harrington

23  and Mr. Stern indicated, are also former Nortel employees.

24  The U.S. Debtors and Avaya have objected to all of them on

25  the sole grounds that they used to work for Nortel.  They

1  based this on two arguments.  The first argument is that the

2  retention of former Nortel and Avaya employees would harm

3  the fundamental integrity of the adversarial process.  Now,

4  Your Honor, Mr. Harrington, in his remarks, indicated that

5  they're really not proceeding under the Protective Order and

6  that's because as a threshold matter we don't think that

7  they can even object to the retention of the experts on the

8  basis of the fundamental integrity of the adversary process.

9  The Protective Order to which the Debtors and Avaya

10 expressly agreed requires objections to be based on the good

11 faith belief that the objecting party would suffer

12 legitimate business or economic harm.  Simply arguing that

13 the proposed experts might help SNMP can't satisfy this

14 standard.  If it could, it could form the basis for

15 disqualifying every single expert SNMP proposes regardless

16 of whether they're former employees of Nortel or not.  The

17 exception in the Protective Order would swallow the rule.

18 The Debtors second argument is the retention of the proposed

19 experts would induce the experts to breach their own

20 confidentiality obligations to Nortel or Avaya.  Again, Your

21 Honor, with this argument the U.S. Debtors fail to explain

22 how the violation would cause any legitimate specific

23 business or economic harm as required by the protective

24 order.  For this reason alone Your Honor the threshold

25 matter -- the objection should be overruled.  Now even if

1  the Court were to permit the U.S. Debtors to object to the

2  proposed experts' retention for reasons outside the

3  standards set forth in the agreed Protective Order Your

4  Honor, the U.S. Debtors have not satisfied their burden to

5  show that these experts should be disqualified under

6  applicable law.  Mr. Harrington discussed the <u>Butamax Case</u>

7  and he indicated that the first two elements that the

8  Debtors have to prove are number one, that there's a

9  confidentiality obligation in the first place and number

10  two, that the proposed experts actually received

11  confidential information that could harm the Debtors or

12  Avaya, but what Mr. Harrington failed to recognize is that

13  there is a third element which case law has recognized that

14  the party objecting to the expert has the burden to show and

15  that's -- even if they get over those first two hurdles,

16  there is a balancing test involved.  I don't think that they

17  can meet that balancing test or their initial burdens for

18  several reasons.

19        First Your Honor, the U.S. Debtors haven't shown

20  the existence of an enforceable confidentiality obligation.

21  They've asked this Court to infer or speculate that Misters

22  Chism and McDonnell have confidentiality obligations to the

23  U.S. Debtors.  Now this is a really surprising request to me

24  considering, as has already been discussed, Mr. Chism and

25  McDonnell weren't even employees of the U.S. Debtors, and

1  furthermore, the Canadian Debtors have already approved

2  their roles in the Canadian case that would be virtually

3  identical to the role that we're proposing that they take

4  here.  So it's really surprising to me that the Debtors

5  would take the position that the Canadian employees or

6  former Canadian employees shouldn't be retained as experts

7  in our case and it really underscores the overall strategy

8  of the Debtors to be able to object to anyone and everyone

9  who's ever been involved in Nortel without any showing that

10  it would cause them harm and we don't think that's proper.

11         Now I will note that the Debtors have also not

12  produced or referenced the confidentiality agreement with

13  Miss Julie Berkett, but as Mr. Stern said, Avaya has, and we

14  don't dispute that Avaya has an enforceable confidentiality

15  agreement with Miss Berkett, and that Avaya's an operating

16  business, then she may be dealt with separately under a

17  different analysis, but with respect to Miss Berkett I

18  haven't seen anything from Nortel that shows that she has a

19  confidentially obligation to Nortel.

20         THE COURT:  Well, do they have to if Avaya has

21  produced a confidentiality agreement?

22         MR. DEAN:  No -- well I think the analysis would

23  be that she's got -- Avaya has joined the objection --

24         THE COURT:  Right.

25         MR. DEAN:        -- and Avaya has an enforceable

1    contract with Miss Berkett, so I agree with the statement,

2    Your Honor, but I just wanted to point this out factually

3    just so the Court understands the facts and understands that

4    I'm not aware of a confidentiality agreement with the U.S.

5    Debtors and Miss Berkett, although there is one with Miss

6    Berkett and Avaya.

7            THE COURT:  Okay.

8            MR. DEAN:  Now, the U.S. Debtors have produced

9    confidentiality agreements with Mr. Reeves and Mr. Eric

10   Bowens.  Mr. Reeves's confidentiality agreement is

11   incorporated into a nearly 12-year-old severance agreement

12   and Mr. Bowens as part of his initial employment agreement

13   signed in 1999.  Now to the extent the Court finds that the

14   Debtors have produced sufficient evidence of confidentiality

15   obligations or Avaya with each of the proposed experts, the

16   Court still should find that none of them are enforceable

17   with respect to the U.S. Debtors in light of their

18   liquidating state and the sale of their businesses.  We cite

19   the Kronamen Case, which Mr. Harrington and Mr. Stern

20   attempt to distinguish and it's a case out of an Illinois

21   District Court which specifically dealt with confidentiality

22   obligations to a Chapter 11 Debtor post-363 sale.  They

23   argue that the facts aren't exactly like they are in this

24   case, but that case, as with many other cases outside of

25   bankruptcy context, leave no doubt that to have an

1  enforceable confidentiality agreement, it has to continue to

2  serve a legitimate business purpose, and it's undisputed

3  here that Nortel is effectively out of business.  They're

4  not operating a business at this point, and these

5  confidentiality agreements were done with a specific purpose

6  of preventing parties from going to work for competitors and

7  sharing their confidential information with competitors to

8  allow the competitors to get a material disadvantage, but

9  Nortel is not even working now.  With respect to Mr. Stern's

10 argument that he just made for the first time was that Avaya

11 somehow ignores the benefit of all of the Debtors

12 confidentiality obligations.  I don't think that's true.  I

13 don't think Avaya even has standing to object to the

14 retention of these experts with the exception of Miss

15 Berkett, which has a direct contractual confidentiality

16 arrangement with Avaya.  Avaya has no business objecting.  I

17 don't think that the sale of the assets, where the

18 employment agreements weren't assumed and assigned, changes

19 that.

20          THE COURT:  Let me ask you this, Mr. Dean.  Didn't

21 you hire former Nortel employees because of information and

22 knowledge they had about Nortel's operations?

23          MR. DEAN:  Yes, and there are reasons why, under

24 the circumstances of this case, we have to and if we can't,

25 we believe it would cause us substantial harm and when you

1   get to the balancing test, I was going to raise that, but

2   I'll raise it now.  I don't think that the Debtors or Avaya

3   have showed any legitimate business harm or economic harm

4   that could be suffered other than to say that these folks

5   might help us win our case, but the harm that it would show

6   to us I think has to be broken up into two different

7   buckets.  Mr. Reeves is a different animal, so to speak,

8   than the other four BOB searchers or source code searches.

9   So I'll take them one-by-one to answer Your Honor's

10  question.

11            THE COURT:  Okay.

12            MR. DEAN:  With respect to Reeves, Mr. Reeves was

13  one of leaders at Nortel at the time that SNMP's software

14  got integrated into the Enterprise Solution Live Family of

15  Products which happens to be the line that Avaya purchased

16  from the Debtors, and by the way, before we told Avaya and

17  Nortel about this, Avaya hadn't said a word about objecting

18  to any of this and didn't even object by the original

19  deadlines that we proposed because we originally put Mr.

20  Reeves up and then withdrew him without prejudice to tee all

21  this up at the same time.  Avaya never said one word about

22  objecting to Reeves until they learned that Reeves was

23  responsible for the very product that they acquired and

24  realized it could have an impact on them in this case as

25  well.  But with respect to Reeves, he's got a very unique

1    set of knowledge with respect to these products and not only

2    can he testify as to the facts and circumstances of the

3    integration of the SNMP software into Nortel's products at

4    the time, we also think he can provide opinion testimony as

5    to the value of the products.  Without someone who has

6    specific knowledge, without an expert witness who has

7    specific knowledge of the integration of the SNMP software

8    into the Nortel products, if we don't produce someone with

9    that direct knowledge, then Nortel and probably Avaya are

10   going to complain that our expert doesn't have the proper

11   foundation to produce reliable evidence.  We think that Mr.

12   Reeves, or someone similar to Mr. Reeves who has the

13   knowledge of the Nortel products is the way that we prove

14   the value of the SNMP software within those products.

15   That's why we think it's very important in the context of

16   this case to have someone like Mr. Reeves on our side as an

17   expert witness.

18           Now with respect to the searchers, we agreed to

19   limit their role substantially in an effort to try to

20   resolve this.  We only are asking the searchers to go into

21   the Nortel servers and search the servers for the existence

22   of SNMP software within the source code that indisputably

23   was transferred to asset buyers as part of the business line

24   sales.  We're not asking that these particular individuals

25   get access to all of these confidential documents.  They

1   would have access to the source code.  They would be bound

2   by the Protective Order.  Any concern about these folks

3   being given information that's confidential is all resolved

4   by the Protective Order, but we tried to limit the source

5   code searchers' role in an effort to hopefully get the

6   Debtors and Avaya to approve their retention, but I also

7   think it's important to point out that SNMP would be

8   substantially harmed if these BOB searchers aren't approved

9   because we've already invested substantial resources in Mr.

10  Chism and Mr. McDonnell.  They have spent substantial time

11  in Canada -- approved by the Canadian Debtors, for whom they

12  used to work doing the same thing that we're proposing to

13  have them help Miss Berkett and Mr. Bowens get started on

14  now in the U.S.  So we think we would be substantially

15  harmed.  We would be set back from a timing and efficiency

16  standpoint if these folks aren't approved.

17          Now I want to address one point Mr. Harrington

18  raised about the fact that he thinks that SNMP can just hire

19  anybody who knows the Clear Case environment who doesn't

20  have knowledge of how Nortel specifically used the SNMP --

21  sorry, the Clear Case environment in the integration of its

22  software into its products.  That's just simply not true.

23  The reason why we got Mr. Chism involved is because Nortel

24  doesn't -- especially in the U.S., doesn't have anybody who

25  can help us even understand how Nortel used the Clear Case

1  environment in its software build.  So the only way that

2  we're able to effectively and efficiently do these searches

3  is to hire somebody who understands how Clear Case worked at

4  Nortel, not just how Clear Case works generally so it would

5  be detrimental for us to be forced to hire somebody with

6  just general knowledge of Clear Case without specific

7  knowledge of how Nortel integrated and used Clear Case and

8  what we're talking about here is doing searches for indicia

9  of SNMP software within the specific environment of these

10 software builds.  This is not -- this may be a controversial

11 issue as far as fair ability to argue that we can't do this.

12 We can't use this process to show what software was

13 transferred and what software was in our product, but this

14 is really a factual exercise that these experts are going to

15 report on and testify about.  So with all these things, Your

16 Honor, we think that it's not only very important for us to

17 get Reeves retained, but it's also important for us to get

18 the searchers retained.  And one other point I want to make

19 about the searchers is that we had a meet-and-confer about

20 the U.S. Debtors' continued refusal to give us documents on

21 Tuesday, and one of the issues that came up on the call was

22 the U.S. Debtors advised us that they have to get out of

23 their premises in North Carolina where the servers are

24 located by the end of July.  And we haven't even gotten our

25 searchers access to the servers yet because these objections

1  are pending, and if the Court doesn't allow someone who has

2  knowledge of how Nortel used these servers in its software

3  build, we're never going to be -- we're forced to go hire

4  somebody else with general knowledge.  There's necessarily

5  going to be delays and we're just never going to be able to

6  even come close to meeting the timeframe that they've set to

7  get these searches done close to when they would have to

8  move out.

9          One last thing I want to raise Your Honor.  On

10  this Tuesday meet-and-confer, another issue came up that I

11  want to let the Court know about that relates to the

12  retention of these searchers and other issues including the

13  Debtor's pending document request.  The reason why we're

14  proposing to hire and spend a lot of money on all these

15  experts is because we think they can help us prove what

16  value the SNMP software has to the various products that

17  were sold in the business line so that we can show what the

18  value of the SNMP software was to the business line sales.

19  When the Court enters Summary Judgment ruling the Court

20  said, SNMP hasn't yet met its burden of showing profits

21  attributable to the infringements because we haven't linked

22  it yet to the sales.  That's what we're trying to do through

23  these experts.  The Debtors have come up with a new theory

24  and I'll let Mr. Harrington speak to this.  I'll generally

25  describe what the theory was.  He can correct me if he

1    thinks I'm wrong, but their new theory about your decision,

2    Your Honor, was that even though your order says that their

3    Cross Motion for Summary Judgment was denied and ours was

4    granted that they actually won and they don't think we have

5    any chance to prove profit damages as it relates to the

6    business line sales then, that they're generally refusing to

7    give us documents that relate to that particular claim.  I

8    frankly don't understand this theory.  I've read the opinion

9    seven or eight times since then, and I still don't

10   understand where they're coming from, but it's very

11   important for us, if this is going to be the Debtor's

12   position, to get clarity on this because it's holding up

13   discovery for one thing and for another thing if the U.S.

14   Debtors have espoused this theory, we're pretty sure that

15   the Canadian Debtors are going to try to interpret your

16   decision in a way that we don't think you intended and the

17   upcoming Canadian Motion for Summary Judgment hearing, which

18   is scheduled for a month from tomorrow.  So that Your Honor

19   -- unless you have any questions -- that's all I have.

20            THE COURT:  Well let me ask you this because --

21   can't you call, for example Mr. Reeves.  Subpoena him to

22   testify.  I know you want to get him money is what your

23   letter basically indicates.  Can't you call him as a

24   witness?

25            MR. DEAN:  We could to testify to facts and

1   circumstances but to ask him to be an expert witness and

2   review documents and consult with us and do reports if we --

3   we really can't effectively do that just by calling him as a

4   fact witness.  So we could solve one of the problems.  We

5   could solve the facts and circumstances issue by subpoenaing

6   him and getting factual testimony, but then we don't have

7   anybody to provide the expert testimony that we're going to

8   need.  We believe that Mr. Reeves could, because of his

9   background, could testify as to what he believes the value

10  of the SNMP software is on the products.  We don't think we

11  can effectively do that without hiring him as an expert.

12          THE COURT:  All right.  Let me hear back from Mr.

13  Harrington.

14          MR. HARRINGTON:  Yes Your Honor, thank you.  On

15  Mr. Reeves and the notion of hiring him as an expert --

16  that's about as clear cut as you can get that that is not

17  permissible.  That is not okay.  In the Space Systems Case,

18  you have the exact same situation where somebody wanted to

19  hire a former employee to have him testify about exactly

20  what he did for his former employer.  The Court said there

21  is no doubt that Joel Felner expert must be disqualified as

22  an expert witness to this litigation.  Joel Felner was privy

23  to substantial confidential information from Martin Marietta

24  -- his former employer -- that is relevant to the issues in

25  this case.  That's exactly what SNMP is trying to do is take

1 relevant information that Mr. Reeves and these other former

2 employees acquired from their work at Nortel and Avaya and

3 try to exploit that as their paid expert against their old

4 employer and that it's not allowed as the basis of decisions

5 that federal courts have the inherent power to disqualify

6 expert witnesses to protect the integrity of the adversary

7 process and to promote public confidence in the legal system

8 and again, the standard for that is if the employee was

9 giving confidential information under a confidential

10 relationship then you can't have them pop up, hired by your

11 adversary as a paid expert against you.  Now Your Honor

12 touched on the issue of look at -- what they're really

13 looking for apparently it's just facts.  If they want to

14 take a third party deposition of Mr. Reeves, they can do

15 that.  Now what they can't do -- again -- is consult with

16 him, pay him, have them strategize with him, really have any

17 ex parte conversations with him.  That's exactly the same

18 concern that these courts all address.  You shouldn't have

19 your former employee to whom you provided confidential

20 information become an agent for your adversary.  That's not

21 okay.  That's not the way our adversary system works.

22 Again, if it's factual information they can get it, but they

23 can consult with him.  We're concerned about whether they've

24 caused him to breach his confidential agreement already.

25 Your Honor, that confidentiality agreement is certainly

1  enforceable.  It may not be enforceable or may not -- if it

2  was a restrictive covenant where you're saying, hey I don't

3  like the idea of you going to work for somebody and being an

4  employee so I'm going to dictate that, and I'm going to

5  block you from getting gainful employment.  That is not what

6  is at issue here.  What is at issue here is basically SNMP

7  trying to buy confidential information.  That's exactly --

8  it's not like we just want to hire him because he's a good

9  engineer and sorry he worked for you, but that's not why

10  we're hiring him.  They're trying to extract the very same

11  information that these individuals acquired from their

12  employers and that they agreed to keep confidential.  To get

13  him to basically selling confidential information.  That is

14  not okay.  So if he is deposed, fine, but certainly SNMP

15  can't be engaging in ex parte conversations with him at all.

16  They serve a deposition notice and take his deposition.

17  That's fine.

18          Your Honor, let me just touch on a couple of other

19  points.

20          THE COURT:  Let me interrupt you for a minute with

21  a question about the searchers, Mr. Harrington, because it

22  strikes me that they are a low level of confidentiality and

23  have been doing a lot of work in the case that would be

24  beneficial.

25          MR. HARRINGTON:  Your Honor, it's a good question.

1    Let me test it again.  Your question applies to the two

2    Canadian individuals.

3              THE COURT:   That's right.

4              MR. HARRINGTON: Exactly.  We're not trying to bar

5    that information and the work that they've done from being

6    used in this case.  Again, they, like anyone else, can hire

7    -- SNMP like anyone else can hire an expert in Clear Case.

8    I haven't heard any suggestion that they can't.  I think

9    they would acknowledge, as they have to us, that that

10   wouldn't be a problem.  What -- and again that neutral,

11   independent expert can certainly review all the work that

12   has been done up in Canada; no problem with that at all.

13   Can each -- the only argument Mr. Dean made about why they

14   can't get somebody who's independent, who's not a former

15   Nortel person, is saying well we might have questions about

16   how the Nortel system works.  We can answer those questions.

17   Mr. Dean also talks about, you know, delay.  They haven't

18   even initiated this process until about two weeks ago.  They

19   could've done this months and months and months ago.  So

20   it's not our problem that they've only tried to initiate

21   this process and told us about these former U.S. employees a

22   couple of weeks ago.  That's not -- that's not our doing,

23   but again, they can certainly -- you're right, Your Honor,

24   these media folks have done some work that should be used

25   and if -- again definitely if he has questions about how the

1  Nortel system works, we can answer those questions.  There's

2  been no records at all that they have questions that we

3  can't answer.  So that's not a problem.  We can't -- what

4  shouldn't happen is to have these people serve as part of

5  the litigation team of SNMP where they're consulting with

6  them, strategizing with them, serving as their witnesses.

7  Even as to searching, they shouldn't be doing that, but

8  there's an additional concern, Your Honor, with -- certainly

9  with the two former [indiscernible] employees, one of whom

10 is a former Avaya employee, that's Miss Berkett, and Mr.

11 Bowens.  They were actually involved in a very important

12 part of the facts of this case, which is the migration

13 transfer of software from Nortel to Avaya for the Enterprise

14 sale and to Erickson for another business line sale and if

15 they were to be retained by SNMP as their expert, then

16 they'd be again, having ex parte conversations with the SNMP

17 lawyers about strategy and what can you tell us, and you

18 know, what happened.  Again, if they want to depose these

19 people as fact witnesses, they can do that.  They can't

20 consult with them.  They can't engage in  third-party

21 conversations with them.  They can't have them basically be

22 paid informants, but they can take their depositions.

23 That's fine.  So I did want to address that as to the U.S.

24 searchers, but Your Honor on your point about the Canadian

25 searchers, we're not trying to, number one, make it wasteful

1  or exclude the work that they've done and searches that

2  they've performed and the result.  Those can certainly be

3  provided and reviewed in this case by SNMP's independent

4  expert, and again, it comes down to a question about how to

5  search the Nortel system or how to answer any and all

6  questions.  We haven't gotten a single question at all, let

7  alone one that we can't answer.

8          THE COURT:  All right.  Was there anything else

9  Mr. Harrington -- because I interrupted you with a question?

10         MR. HARRINGTON:  I really would -- Your Honor, if

11  you have any questions based on what's been said so far.  I

12  really want to address those, but I think I've touched on

13  the main points.

14         THE COURT:  Well I know -- I know that these folks

15  all have confidentiality agreements with Nortel.  The only

16  question I've really got is in addition to the

17  confidentiality agreement, was confidential or privileged

18  information actually disclosed to them?  Which is part two

19  of the test.

20         MR. HARRINGTON:  Yes, Your Honor.  When you have,

21  let's say Mr. Reeves for example.  He is working as an

22  engineer for Nortel as SNMP recites.  He was involved

23  apparently in integrating software into the Nortel products.

24  designing the products, engineering them, you know, figuring

25  out how they work and so forth.  That is certainly

1  confidential information.  That is why he, for one thing,

2  Nortel has confidential policies that would apply to

3  everybody regardless of whether they signed an agreement or

4  not and when you have policies like that as the 3D Systems

5  Court recognized, then there is an expectation of

6  confidentiality regardless of whether you can locate a

7  specific confidentiality agreement.  There's an expectation

8  of privacy, confidentiality.  This is inside information and

9  if given, of course, when you have an engineer, almost any

10  employee, the work that they do is done with an expectation

11  of confidentiality, you know, they're in-house.  They're

12  getting inside information and that's exactly why these

13  courts are expecting.  There's not a single -- again,

14  there's not a single case Your Honor addressing the

15  situation with, you know, an adversary trying to hire your

16  former employee as an expert.  Where the Court has, you

17  know, I'm not concerned about confidentiality.  Maybe what

18  they learned really wasn't confidential so I'm going to let

19  this happen and in fact, again, in the 3D Systems case the

20  Court says if we can't identify a confidential agreement

21  it's still -- there's an expectation of privacy, and in the

22  Alien Tech case that was interesting, Your Honor, because

23  the product at issue was a different product from the one

24  that this former employee had worked on, but there was some

25  relation between the products, and the Court again said, you

1  know:

2          "This employee may not think at this time that any

3          knowledge he gained will be relevant.  The danger is

4          that no one may know how the information he learned

5          from his former employer may affect his opinion and he

6          may inadvertently use that information."

7  So Your Honor, again, there's no court that says, you know,

8  yes, you were a former employee you probably -- you know

9  you're working for this other company, of course, they had

10 expectations [indiscernible], but I'm not going to hold that

11 there's really any confidentiality problem.  The only time

12 courts allow former employees to become an expert for the

13 adversary is when what they're going to address as an expert

14 is unrelated to what they did for their former employer.

15 Unrelated, that's again, exactly the opposite.  This is

16 really quite brazen and unheard of for SNMP to say hey, it's

17 not that they're unrelated.  We actually want to hire them

18 so that they can tell us, as our paid expert, inside

19 information that they have acquired from their former

20 employer.  There's no case that has allowed that to happen.

21          THE COURT:  All right.  All right. Thank you, Mr.

22 Harrington.  Anyone else?

23          MR. STERN:  Yes, Your Honor, this is Ben Stern for

24 Avaya.

25          THE COURT:  Yes.

1          MR. STERN:     I just wanted to make a few quick

2    points.   First, as Mr. Harrington ended his last

3    presentation was where Mr. Dean started, which is

4    essentially admitting that, yes, we want to hire these

5    people for the knowledge that they have.

6          THE COURT:   He did answer that way, didn't he?

7          MR. STERN:   Yes, yes and as Mr. Harrington said

8    that's exactly the problem with hire -- using these people

9    as paid experts.   It also seems to me from what Mr. Dean

10   said is they want to hire these people as combination fact

11   witnesses and experts.   I wrote down that he wants to be

12   able to testify about the facts and circumstances and give

13   opinion testimony.   As Mr. Harrington pointed out, if they

14   want the fact and circumstances, they can get it through a

15   deposition, but what is very prejudicial to Avaya, putting

16   aside the confidentiality information that may flow, is

17   standing up in front of the Court or in front of a jury and

18   presenting a witness as, this is our expert and he is here

19   to give an opinion -- this is our independent expert who is

20   going to give an opinion in this case.   Then having him

21   recount the facts and circumstances that he or she actively

22   participated in.   It is tremendously prejudicial and unfair

23   for Avaya's own or Nortel's own prior witnesses to stand up

24   and be as an expert who are -- who are going to be blessed

25   by the Court as independent.

1          The second point I would make Your Honor is I

2    wrote down that Mr. Dean said, with respect to Mr. Reeves,

3    that they need him because he has specialized knowledge to

4    "prove the value of SNMP's software in those products".

5    Your Honor, in the Red case, which is the other case that's

6    going on in District Court, SNMPRI has taken the exact

7    opposite position and in fact hired experts that did not

8    previously used to work for Avaya and in fact those experts

9    didn't even look at Avaya's products.  They -- it's their

10   position, which we've skewed, is that what those experts did

11   was sufficient to prove the value of SNMP research software

12   in those accused products.  So to now come in and tell the

13   Court that they need people who have specific factual

14   knowledge to be an expert that they apparently now believe

15   is necessary to prove their case and say that these are the

16   only people who can provide this information is exactly

17   contrary to what they're doing in the Red case.

18          And the final point I would make, Your Honor, is

19   with respect to Mr. Berkett -- Miss Berkett.  I think I

20   heard Mr. Dean admit or acknowledge that Miss Berkett was a

21   former employee of Avaya, and that she had a confidentiality

22   agreement with Avaya and that that confidentiality agreement

23   is enforceable.  And I don't think I heard him dispute my

24   summary of my email from him which said well Miss Berkett

25   told us she didn't have any confidentiality obligations so

1  the statements in the U.S. Debtors' letter was a surprise.

2  That is very concerning, Your Honor, because it may mean

3  that she unwittingly has already disclosed confidential

4  information, and again as I said before, had we not raised

5  this issue, she may have done it in the future.  So unless

6  Your Honor has any other questions, I think that's all I

7  wanted to say.

8        THE COURT:  Well you'll have an opportunity, of

9  course, to question her about that in the future, but I do

10  understand your concern.

11        MR. STERN:  Okay.  Thank you, Your Honor.

12        THE COURT:  Mr. Dean, anything from you in

13  closing?

14        MR. DEAN:  A couple of brief points.  Let me take

15  some of the things that Mr. Stern said first.  First of all

16  Miss Berkett has not disclosed any confidential information

17  to us.  I was very careful, because all of this was going

18  on, when Miss Berkett agreed to work for us if approved, and

19  we were very careful not to have her disclose any

20  confidential information because the Debtors had already

21  objected to Mr. Chism and Mr. McDonnell's roles, and so

22  that's just not -- the speculation that she may have done

23  that is absolutely not true.  Now I'm not involved in the

24  Red case, Your Honor.  Mr. Stern has the benefit of being

25  involved in both cases, but my understanding is that Avaya,

1    as he admitted, is disputing our expert's ability to value

2    the software and so my understanding is we've learned from

3    their objections in that case and that's one of the reasons

4    why we're attempting to find somebody with such knowledge

5    here.  I don't really understand where he's coming from

6    there other than to say they're the ones who actually

7    disputed the ability of the experts to do this without such

8    personalized knowledge to my understanding.  I'm not

9    involved in the case, but that's what I've been told by my

10   co-counsel.  Now with respect to the point that Mr.

11   Harrington made, one of the very important things that I

12   want to raise with Your Honor out of this hearing was that

13   overall the whole reason why we're hiring or seeking to hire

14   these experts and still continuing to seek documents from

15   the Debtors and continuing to move forward with several

16   subpoenas and continuing to prosecute our case overall is

17   because we believe that our profit damages claims in the

18   business line sales is still alive based on your court's

19   decision.  The Debtors have espoused some new theory that

20   it's dead and if it is, I really do think in fairness we

21   should -- we should know and Canadian court should know

22   before the Summary Judgment hearing.  I don't have anything

23   further unless the Court has other questions.

24          THE COURT:  Well as --

25          MR. HARRINGTON:  Your Honor -- I did address -- I

1  didn't address Mr. -- sorry Your Honor this is Dave

2  Harrington.

3          THE COURT:  Yes, Mr. Harrington.

4          MR. HARRINGTON:  Your Honor, I would like to

5  address -- I'd be happy to -- nothing to do with this expert

6  issue.  It's not been teed up and has nothing to do with it.

7  If Your Honor would like me to address it, I will address

8  it.

9          THE COURT:  Well I don't really want you to

10  because if in fact there's a question, there ought to be a

11  Motion for Clarification it seems to me or motion of some

12  sort through which Nortel and Avaya could respond, and then

13  I could rule, but I don't think this is the appropriate

14  context for doing -- for taking up that issue.

15          MR. HARRINGTON:  Thank you.

16          THE COURT:  So I'm going to excuse you from doing

17  that, Mr. Harrington.

18          MR. HARRINGTON:  Thank you.

19          THE COURT:  As far as this issue is concerned it's

20  become very clear to me, based upon this call, that the

21  reason that SNMP hired these former Nortel employees was

22  because of the knowledge that they had, and that knowledge

23  is confidential knowledge and it's unseemly, frankly, for a

24  party to go out and hire former employees as experts against

25  their former employer.  That's exactly what's happened here,

1   and I am satisfied, frankly, that in fact the test has been

2   met; namely -- and let me just get it from my notes here

3   because I have it and I want to use it -- you know to

4   disqualify a proposed expert witness that previously

5   performed services for the other party, courts ask:

6        1.  Was it objectively reasonable for the party

7   seeking disqualification to have concluded that a

8   confidential relationship existed with the expert?  The

9   answer to that is clearly yes.  These folks worked for

10  Nortel.  They signed confidentiality agreements.  It's clear

11  to me that that first test has been established.

12       As far as the second test:  Was confidential or

13  privileged information actually disclosed to the expert?

14  Again, a resounding yes.  In the course of their employment,

15  they obtained confidential or privileged information.

16       So I'm going to grant the Motion to Exclude these

17  folks as experts for SNMP.  I think that that is the only

18  proper course.  SNMP can call them as fact witnesses if it

19  would like, and of course, Avaya and Nortel has their rights

20  to object if they deem it appropriate to do so, but SNMP can

21  at least make that attempt and I think that's the answer to

22  the problem.  I'm going to grant the relief requested here

23  and exclude these folks as experts for SNMP.

24            Mr. HARRINGTON:  Thank you, Your Honor.

25            MR. STERN:  Thank you, Your Honor.

1          THE COURT:  All right.  So with that I think our

2    call is finished, and I wish you all a good weekend.

3

4       (Whereupon at 12:00 p.m., the hearing was adjourned.)

5

6                          CERTIFICATION

7          I certify that the foregoing is a correct

8    transcript from the electronic sound recording of the

9    proceedings in the above-entitled matter.

10

11
12    _____        March 15, 2016
13    Kate Marteny, Transcriber                Date
14    Diaz Transcription Services

| Word | Page:Line |
| --- | --- |

**12-year-old**(1) 19:11
**a.m**(2) 1:22 3:1
**abbott**(4) 1:34 3:6 3:7 3:11
**abide**(1) 15:6
**ability**(3) 24:11 38:1 38:7
**able**(4) 18:8 24:2 25:5 35:12
**about**(42) 3:15 5:2 6:22 9:20 9:21 10:2 10:8 10:17 12:8 12:22 12:22 13:1 14:2 15:25 16:22 21:17 21:17 21:21 23:2 23:18 24:8 24:15 24:19 24:19 25:11 26:1 27:16 27:19 28:15 30:10 30:15 30:17 30:18 30:21 30:25 31:17 31:24 32:4 33:17 35:12 37:9
**above-entitled**(1) 41:9
**absolutely**(1) 37:23
**access**(4) 4:22 22:25 23:1 24:25
**accused**(1) 36:12
**acknowledge**(3) 10:22 30:9 36:20
**acknowledgement**(2) 14:17 14:17
**acquired**(4) 21:23 28:2 29:11 34:19
**act**(1) 6:23
**acting**(1) 10:15
**actively**(1) 35:21
**actually**(10) 4:17 4:20 5:13 17:10 26:4 31:11 32:18 34:17 38:6 40:13
**addition**(1) 32:16
**additional**(1) 13:8
**address**(11) 13:20 23:17 28:18 31:23 32:12 34:13 38:25 39:1 39:5 39:7 39:7
**addressed**(1) 9:17
**addresses**(3) 8:1 8:4 9:18
**addressing**(2) 31:6 33:14
**adjourned**(1) 41:4
**administered**(1) 1:5
**administrators**(1) 2:11
**admit**(1) 36:20
**admitted**(1) 38:1
**affirmatively**(1) 35:4
**ado**(1) 3:9
**adopted**(1) 4:12
**adv**(1) 1:12
**advantage**(1) 11:9
**adversarial**(5) 4:4 11:15 11:16 12:23 16:3
**adversary**(12) 6:24 7:9 8:13 8:13 11:18 11:18 28:6 28:11 28:20 28:21 33:15 34:13
**adversary's**(1) 12:25
**advised**(2) 14:25 24:22
**affect**(2) 7:4 34:5
**affirmative**(2) 5:6 5:9
**after**(2) 14:15 14:24
**again**(35) 5:8 5:19 5:21 6:1 6:19 7:8 7:11 8:13 8:20 9:13 10:17 11:5 11:16 11:18 11:21 12:1 16:20 28:8 28:15 28:22 30:1 30:6 30:10 30:23 30:25 31:3 31:18 32:4 33:13 33:19 34:5 34:7 34:15 37:4 40:14
**against**(11) 3:25 7:8 7:10 7:20 8:24 11:9 11:19 12:5 28:3 28:11 39:24
**agent**(1) 28:20
**ago**(4) 15:7 30:18 30:19 30:22
**agree**(1) 19:1
**agreed**(7) 10:4 15:6 16:10 17:3 22:18 29:12 37:18
**agreement**(21) 4:21 14:17 14:19 14:21 15:1 18:12 18:15 18:21 19:4 19:10 19:11 19:21 20:1 28:24 28:25 32:17 33:3 33:7 33:20 36:22 36:22
**agreements**(13) 4:20 5:1 5:2 5:24 8:18 12:9 14:2 14:9 19:9 20:5 20:18 32:15 40:10
**agrees**(1) 13:16
**akin**(1) 2:42
**allen**(3) 6:21 7:11 33:22
**alive**(1) 38:18
**all**(35) 5:2 5:14 7:23 8:5 9:10 9:19 13:5 13:10 13:18 14:1 15:24 20:11 21:23 23:5 23:13 23:16 23:24 25:16 25:14 26:19 27:12 28:18 29:15 30:11 30:12 31:2 32:5 32:8 32:15 34:21 34:24 37:6 37:15 37:17 41:1 41:2
**allen**(1) 2:37
**allinson**(2) 2:15 2:16
**allow**(4) 6:3 20:8 25:1 34:12
**allowed**(4) 6:4 7:21 28:4 34:20
**allowing**(1) 7:8
**almost**(1) 33:9
**alone**(2) 16:24 32:7
**already**(8) 10:11 15:8 17:24 18:1 23:9 28:24 37:3
**also**(9) 11:5 14:14 15:23 18:11 22:4 23:6 24:17 30:17 35:9
**although**(1) 19:5
**analysis**(3) 11:1 18:17 18:22

**and**(248) 1:13 1:21 3:15 3:14 3:15 3:17 3:20 3:21 3:21 3:24 3:25 4:4 4:11 4:16 4:17 4:22 4:25 5:1 5:4 5:9 5:15 5:16 5:20 5:22 5:22 5:24 6:11 6:13 7:4 7:9 7:10 7:11 7:12 7:17 7:17 7:19 7:20 7:20 7:25 8:3 8:4 8:7 8:8 8:11 8:12 8:13 8:14 8:21 9:5 9:7 9:9 9:12 9:15 9:21 9:25 10:4 10:4 10:6 10:7 10:7 10:8 10:11 10:16 10:21 10:23 10:24 10:25 11:1 11:3 11:7 11:17 11:18 11:19 11:24 11:25 12:4 12:16 12:25 12:25 13:1 13:3 13:8 13:13 13:13 13:16 13:23 14:1 14:3 14:5 14:6 14:15 14:18 14:21 14:22 14:23 15:7 15:11 15:13 15:23 15:24 16:2 16:5 16:9 17:7 17:9 17:14 17:22 17:24 17:25 18:7 18:8 18:10 18:13 18:15 18:25 19:3 19:5 19:6 19:9 19:12 19:18 19:19 19:20 20:2 20:4 20:6 20:18 20:21 20:23 20:24 21:16 21:16 21:18 21:20 21:23 22:1 22:2 22:9 22:21 23:6 23:10 23:13 23:15 24:2 24:7 24:7 24:15 24:18 24:21 24:24 25:1 25:5 25:12 25:14 25:24 26:3 26:4 26:9 26:13 26:16 26:25 27:1 27:2 27:25 27:6 27:15 28:1 28:2 28:2 28:4 28:7 28:8 29:3 29:4 29:9 29:12 29:16 29:22 30:5 30:10 30:19 30:19 30:21 30:25 31:10 31:14 31:17 31:17 32:1 32:2 32:3 32:4 32:5 32:5 32:9 33:4 33:8 33:12 33:23 33:25 34:5 34:16 35:7 35:11 35:12 35:14 35:17 35:18 35:21 35:24 35:25 36:2 36:12 36:15 36:17 36:19 36:20 36:24 37:16 37:18 37:19 37:25 38:9 39:12 39:12 39:22 39:23 39:24 40:1 40:2 40:3 40:19 40:19 40:21 40:23 41:2
**andrew**(1) 1:35
**animal**(1) 21:7
**another**(4) 15:9 25:10 26:13 31:14
**answer**(12) 4:19 12:4 13:7 21:9 30:16 31:1 31:3 32:5 32:7 35:6 40:9 40:21
**answers**(2) 5:6 5:8
**anthony**(1) 2:43
**any**(27) 6:22 6:25 7:8 10:20 13:3 13:3 15:1 15:13 15:13 16:22 21:3 21:18 23:2 26:5 26:19 28:16 30:8 32:5 32:11 33:9 34:2 34:11 35:25 37:6 37:16 37:19 37:19
**anybody**(3) 23:19 23:24 27:7
**anyone**(4) 18:8 30:6 30:7 34:22
**anything**(4) 18:18 32:8 37:12 38:22
**apparently**(3) 28:13 32:23 36:14
**appearances**(2) 1:31 2:1
**applicable**(1) 17:6
**applies**(1) 30:1
**apply**(1) 33:2
**appropriate**(2) 39:13 40:20
**approve**(3) 10:10 13:4 23:6
**approved**(6) 13:3 18:1 23:8 23:11 23:16 37:18
**are**(36) 3:3 4:22 5:2 5:3 5:21 8:19 9:5 9:23 9:24 10:20 11:4 12:14 13:8 13:19 15:23 17:8 19:16 19:23 20:23 22:9 22:20 24:14 24:23 25:1 26:15 29:22 33:13 35:24 35:24 36:15
**aren't**(4) 8:19 19:23 23:8 23:16
**argue**(3) 8:18 19:23 24:11
**arguing**(1) 16:12
**argument**(6) 3:8 16:1 16:18 16:21 20:10 30:13
**arguments**(2) 12:8 16:1
**arrangement**(2) 20:16
**arsht**(1) 1:33
**articulated**(1) 13:19
**aside**(1) 35:16
**ask**(5) 9:21 20:20 26:20 27:1 40:5
**asked**(6) 10:10 11:4 11:8 13:21 14:19 17:21
**asking**(2) 22:20 22:24
**asserting**(1) 3:25
**asset**(1) 22:23
**assets**(1) 20:17
**assigned**(1) 20:18
**assumed**(1) 20:18
**attempt**(2) 19:20 40:21
**attempting**(2) 3:14 38:4
**attributable**(1) 25:21
**avaya**(34) 2:13 3:18 3:19 3:21 3:25 5:22 6:13 7:20 9:15 13:7 13:11 13:13 13:16 13:24 14:14 14:15 15:24 15:24 16:2 16:9 16:20 17:12 18:13 18:14 18:20 18:23 18:25 19:16 19:15 20:10 20:13 20:16 21:16 21:15 21:16 21:17 21:21 22:9 23:6 27:2 30:11 31:13 34:24 35:5 36:8 36:21 36:22 37:25 39:12 40:19
**avaya's**(4) 14:15 18:15 35:23 36:9
**averse**(1) 11:4
**aware**(2) 15:5 19:4
**away**(1) 11:18
**back**(4) 11:18 23:15 23:15 27:12
**background**(1) 27:9
**balancing**(5) 12:2 12:3 17:16 17:17 21:1
**bankrupt**(1) 12:21
**bankruptcy**(3) 1:1 1:29 19:25
**bar**(4) 4:2 11:23 12:10 30:4
**barred**(1) 8:25
**barring**(1) 12:12
**based**(7) 7:25 8:9 16:1 16:10 32:11 38:18 39:20
**basically**(6) 6:1 12:12 26:23 29:6 29:13 31:21
**bass**(5) 4:5 11:14 16:8 16:14 28:4

**because**(26) 5:11 6:18 9:2 16:6 16:20 21:19 23:9 23:23 24:25 25:15 25:21 26:20 27:8 29:8 29:21 32:9 33:22 36:3 37:2 37:17 37:20 38:17 39:10 39:22 40:3
**become**(3) 28:20 34:12 39:20
**been**(11) 5:2 17:24 18:9 29:23 30:12 31:2 32:11 38:9 39:6 40:1 40:11
**before**(4) 1:28 21:16 37:4 38:22
**behalf**(2) 13:13 15:18
**being**(9) 5:16 9:14 11:8 11:8 13:2 23:3 29:3 30:5 37:24
**belief**(1) 16:11
**believe**(4) 20:25 27:8 36:14 38:17
**believes**(1) 27:9
**ben**(2) 13:13 34:23
**beneficial**(1) 29:24
**benefit**(2) 20:11 37:24
**benjamin**(1) 2:20
**berkett**(19) 14:13 14:22 14:25 15:4 18:13 18:15 18:17 19:1 19:5 19:6 20:15 23:13 31:10 36:19 36:20 36:24 37:16 37:20
**besides**(1) 6:14
**between**(1) 33:25
**blessed**(1) 35:24
**block**(1) 29:5
**bob**(2) 21:8 23:8
**both**(3) 4:19 5:8 37:25
**bound**(1) 23:1
**bowens**(4) 19:10 19:12 23:13 31:11
**brain**(1) 7:6
**brazen**(1) 34:16
**breach**(2) 16:19 28:24
**brickley**(1) 2:29
**brief**(1) 37:14
**broken**(1) 21:6
**buchanan**(1) 2:24
**buckets**(1) 21:7
**build**(2) 24:1 25:3
**builds**(1) 24:10
**burden**(3) 17:4 17:14 25:20
**burdens**(1) 17:17
**business**(16) 11:12 13:25 16:12 16:23 18:16 20:2 20:3 20:4 20:16 21:3 22:23 25:17 25:18 26:6 31:14 38:18
**businesses**(1) 19:18
**but**(43) 6:9 7:2 9:19 11:2 11:7 12:2 12:20 13:7 13:17 14:6 17:12 18:13 18:17 19:2 19:24 20:8 21:1 21:5 21:25 23:4 23:6 24:13 24:17 26:1 26:10 27:1 27:6 28:22 29:9 29:14 30:23 31:7 31:22 31:24 32:12 32:24 34:10 35:15 37:9 37:25 38:9 39:13 40:20
**butamax**(4) 4:5 5:13 11:21 17:6
**buy**(1) 29:7
**buyers**(1) 22:23
**call**(6) 24:21 26:21 26:23 39:20 40:18 41:2
**called**(1) 10:18
**calling**(1) 27:3
**caloway**(1) 27:3
**came**(2) 24:21 25:10
**can**(36) 8:5 8:5 10:22 10:24 15:11 16:7 17:17 22:2 22:4 23:18 23:25 25:15 25:17 25:25 27:11 27:16 28:14 28:22 28:23 30:6 30:7 30:11 30:13 30:23 31:1 31:17 31:19 31:22 33:6 34:18 35:14 36:16 40:18 40:20
**can't**(22) 9:1 9:3 11:17 16:13 16:13 20:24 24:11 24:12 26:21 26:23 27:3 28:10 28:15 29:15 30:8 30:14 31:3 31:3 31:19 31:20 31:21 32:7 33:20
**canada**(6) 9:24 10:1 10:3 10:25 23:11 30:12
**canadian**(6) 9:20 10:10 11:7 18:1 18:2 18:5 18:6
**careful**(3) 9:5 37:17 37:19
**carolina**(1) 24:23
**case**(64) 1:4 3:15 4:5 5:8 5:11 5:13 6:2 6:6 6:16 6:19 6:21 7:11 7:12 8:15 8:21 10:18 10:19 10:21 10:23 10:23 11:22 12:18 14:4 14:8 14:10 17:6 17:13 18:2 18:7 19:19 19:20 19:24 20:20 20:25 21:5 21:24 22:16 23:19 23:21 23:25 24:2 24:4 24:6 24:7 27:17 27:25 29:23 30:6 30:7 31:12 32:3 33:14 34:19 34:23 34:20 35:20 36:5 36:15 36:17 37:24 38:3 38:9 38:16
**cases**(6) 6:14 8:17 8:19 8:22 19:24 37:25
**cause**(3) 16:22 18:10 20:25
**caused**(1) 28:24
**certainly**(7) 7:25 10:24 11:13 12:7 28:25 29:14 32:22 32:25
**certification**(1) 41:6
**certify**(1) 41:7
**chance**(1) 26:5
**changes**(1) 20:18
**chapter**(2) 1:7 19:22
**charles**(1) 2:12
**chism**(5) 17:22 17:24 23:10 23:23 37:21

**circumstances**(7) 20:24 22:2 27:1 27:5 35:12 35:12 35:21
**cite**(2) 4:5 19:18
**cited**(1) 14:16
**cites**(4) 4:6 8:18 11:22 14:4
**claim**(1) 26:7
**claims**(2) 3:25 38:17
**clarification**(1) 39:11
**clarify**(1) 7:22
**clarity**(1) 26:12
**clear**(17) 6:21 10:18 10:19 10:21 10:23 10:23 23:19 23:21 23:25 24:3 24:4 24:6 24:7 27:16 30:7 39:20 40:10
**clearly**(3) 4:24 4:25 40:9
**cleary**(2) 1:38 3:8
**close**(2) 25:6 25:7
**closing**(1) 37:13
**co-counsel**(1) 38:10
**code**(4) 21:23 22:22 23:1 23:5
**cole**(1) 2:4
**combination**(1) 35:10
**come**(3) 25:6 25:23 36:12
**comes**(1) 32:4
**coming**(2) 26:10 38:5
**comments**(1) 15:14
**committee**(1) 2:42
**company**(5) 2:28 8:11 9:2 9:4 34:9
**compartmentalize**(1) 7:6
**compel**(1) 5:7
**compelling**(3) 9:5 9:8 9:9
**compete**(1) 14:6
**competitor**(1) 9:3
**competitors**(3) 20:6 20:7 20:8
**complain**(1) 22:10
**completely**(1) 12:11
**concern**(4) 23:2 28:18 31:8 37:10
**concerned**(3) 28:23 33:17 39:19
**concerning**(2) 15:3 37:2
**concerns**(1) 15:10
**conclude**(1) 15:12
**concluded**(2) 4:15 40:7
**conduct**(1) 10:23
**confidence**(1) 28:7
**confidential**(43) 3:20 4:15 4:17 4:22 4:24 4:25 5:3 5:9 5:10 5:18 5:19 5:23 7:5 9:14 11:25 12:1 12:19 14:6 15:8 17:11 20:7 22:25 23:3 27:23 28:9 28:9 28:24 29:7 29:12 29:13 32:17 33:1 33:2 33:18 33:20 37:3 37:16 37:20 39:23 40:8 40:12 40:15
**confidentiality**(40) 5:24 7:24 8:14 12:20 14:2 14:9 14:23 15:1 15:6 16:20 17:9 17:12 17:22 18:12 18:14 18:21 19:4 19:9 19:10 19:14 19:21 20:1 20:5 20:12 20:15 28:25 29:22 32:15 32:17 33:6 33:7 33:8 33:11 33:17 34:11 35:16 36:21 36:22 36:25 40:10
**confidentially**(3) 4:23 8:1 18:19
**consciously**(1) 1:24
**consensual**(1) 10:6
**considering**(1) 17:24
**consistently**(1) 4:1
**consult**(4) 27:2 28:15 28:23 31:20
**consulting**(1) 31:5
**context**(5) 9:4 12:14 19:25 22:15 39:14
**continue**(1) 20:1
**continued**(2) 2:2 24:20
**continuing**(3) 38:14 38:15 38:16
**contract**(1) 19:1
**contractual**(2) 20:15
**contrary**(1) 36:17
**controversial**(1) 24:10
**conversation**(1) 5:17
**conversations**(5) 5:19 7:18 28:17 29:15 31:16 31:21
**copy**(1) 14:19
**correct**(2) 25:25 41:7
**could**(12) 16:14 16:14 17:11 21:4 21:24 26:25 27:4 27:5 27:8 27:9 39:12 39:13
**cov'e**(1) 30:19
**counsel**(2) 3:2 14:25
**couple**(7) 15:8 15:19 6:14 29:18 30:22 37:14
**course**(13) 3:3 3:19 4:23 5:5 5:8 6:2 9:4 33:9 34:9 37:9 40:14 40:18 40:19
**court**(64) 1:1 3:2 3:11 4:8 4:10 4:16 6:21 6:24 7:21 9:21 11:11 12:18 13:3 13:4 13:10 13:10 15:16 15:19 15:21 17:1 17:22 18:20 18:24 19:3 19:7 19:13 19:16 19:21 20:20 21:11 25:1 25:11 25:19 25:19 26:20 27:12 27:20 29:20 30:3 32:8 32:14 33:5 33:6 33:20 33:25 34:7 34:21 34:25 35:6 35:7 35:17 35:25 36:6 36:13 37:8 37:12 38:22 38:24 39:3 39:9 39:16 39:41 39:11 41:1
**court's**(1) 38:18
**courtroom**(1) 7:10
**courts**(16) 4:1 4:12 5:11 6:4 8:9 8:24 9:5 11:23 11:23 11:24 12:14 28:18 28:18 33:13 34:12 40:15
**covenant**(6) 8:16 8:19 9:7 12:9 12:16 29:2
**creditor's**(1) 2:41

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| cross(1) 26:3 | | economic(3) 16:12 16:23 21:3 | | fact(11) 23:18 27:4 31:19 33:19 35:10 35:14 36:7 36:8 39:10 40:1 40:18 | | going(29) 7:13 9:21 11:19 11:21 12:21 13:8 20:6 21:1 22:10 24:14 25:3 25:5 25:5 26:11 26:15 27:7 29:3 29:4 29:4 33:18 34:10 34:13 35:20 35:24 36:6 37:17 39:16 40:16 40:22 | | |

current(1) 14:3
cut(1) 27:16

damages(2) 26:5 38:17
danger(2) 7:2 34:3
databases(1) 10:5
date(1) 14:13
dated(1) 14:21
dave(1) 39:1
david(3) 1:39 2:6 15:17
dead(1) 38:20
deadlines(1) 21:19
dealing(2) 10:21 12:18
deals(1) 14:5
dealt(2) 18:16 19:21
dean(20) 2:6 15:17 15:17 15:19 15:20 18:22 18:25 19:8 20:20 20:23 21:12 22:16 26:25 30:17 35:3 35:9 36:2 36:20 37:12 37:14

debtor(2) 2:33 19:22
debtor's(3) 15:2 25:13 26:11
debtors(37) 1:9 1:33 3:7 10:10 13:16 14:16 15:24 16:9 16:18 16:21 17:1 17:4 17:8 17:11 17:19 17:23 17:25 18:1 18:4 18:8 18:11 19:5 19:8 19:14 19:17 20:11 21:2 21:16 23:6 23:11 24:22 25:23 26:14 26:14 37:20 38:15 38:19

debtors'(3) 13:15 24:20 37:1
decision(4) 4:6 26:1 26:16 38:19
decisions(1) 28:4
deem(1) 40:20
defendants(1) 1:24
defined(1) 8:14
definitely(1) 30:25
delaware(3) 1:2 3:1 4:7
delay(1) 30:17
delays(1) 25:5
denied(1) 26:3
depends(1) 11:24
depose(1) 31:18
deposed(1) 29:14
deposition(4) 28:14 29:16 29:16 35:15
depositions(1) 31:22
derek(2) 1:34 3:7
describe(1) 25:25
designing(1) 32:24
detrimental(1) 24:5
develop(1) 7:19
diaz(1) 1:40
dictate(1) 29:4
did(9) 5:12 10:1 27:20 31:23 34:14 35:6 36:7 36:10 38:25

didn't(7) 5:13 15:5 20:20 21:18 35:6 36:9 36:25
didn't(1) 39:1
difference(3) 11:14 13:22
different(8) 6:8 9:23 11:2 12:11 18:17 21:6 21:7 33:23

direct(2) 20:15 22:9
disadvantage(1) 30:8
disclose(1) 37:19
disclosed(10) 4:18 5:8 5:20 12:1 12:20 15:8 32:18 37:3 37:16 40:13

discovery(3) 3:4 8:4 26:13
discussed(2) 17:6 17:24
dispute(4) 3:4 14:10 18:14 36:23
disputed(1) 38:7
disputing(1) 38:1
disqualification(4) 4:13 4:15 5:7 40:7
disqualified(5) 5:11 6:18 6:21 17:5 27:21
disqualify(4) 4:10 8:9 28:5 40:4
disqualifying(1) 16:15
distinguish(1) 19:20
district(4) 1:2 4:7 19:21 36:6
document(2) 8:21 25:13
documents(6) 8:3 22:25 24:20 26:7 27:2 38:14
does(7) 3:15 3:16 7:6 7:23 11:11 13:22 14:22
doesn't(9) 8:15 8:20 10:14 11:13 22:10 23:19 23:24 23:24 25:1

doing(14) 4:2 6:8 8:10 12:3 12:13 14:1 23:12 24:8 29:23 30:22 31:7 36:17 39:14 39:16

don't(22) 12:23 13:3 14:9 14:18 15:13 15:16 16:6 17:16 18:10 18:14 20:12 20:13 20:17 21:2 22:8 26:4 26:8 26:9 26:16 27:6 27:10 29:2 36:23 38:5 38:22

done(10) 20:5 25:7 30:5 30:12 30:19 30:24 32:1 33:10 37:5 37:22

doubt(4) 6:17 7:8 19:25 27:21
doubts(1) 6:22
dow(1) 2:28
down(4) 10:4 32:4 35:11 36:2
draw(1) 11:4
each(3) 8:3 19:15 30:13

ecro(1) 1:43
effectively(4) 20:3 24:2 27:3 27:11
efficiency(1) 23:15
efficiently(1) 24:2
effort(2) 22:19 23:5
eight(1) 26:9
electronic(2) 1:49 41:8
element(1) 17:13
elements(1) 17:7
elihu(1) 2:16
else(7) 6:5 6:7 25:4 30:6 30:7 32:8 34:22
email(2) 14:24 36:24
employ(1) 14:15
employed(1) 13:2
employee(19) 5:14 6:4 6:23 11:17 12:5 12:10 12:24 14:14 27:19 28:8 28:19 29:4 31:10 33:10 33:10 33:24 34:2 34:8 36:21

employees(24) 3:17 3:18 6:15 6:25 8:19 9:15 9:20 9:24 14:3 14:13 14:13 15:23 16:2 16:16 17:25 18:5 18:25 22:8 32:20 32:21 35:1 36:2 37:2 39:24

employer(17) 4:20 5:12 6:9 7:1 7:4 7:14 8:24 12:14 12:20 27:20 27:24 28:4 34:5 34:14 34:20 39:25 41:21

employer's(1) 6:24
employers(1) 29:12
employment(12) 4:20 5:1 8:17 9:1 9:8 12:8 12:11 12:14 19:12 20:20 28:18 29:5 40:14

end(1) 24:24
ended(2) 5:15 35:2
enforce(2) 9:6 12:15
enforceability(1) 12:8
enforceable(9) 8:19 17:20 18:14 18:25 19:16 20:1 29:1 29:1 36:23

enforcing(1) 8:16
engage(1) 31:20
engaging(1) 29:15
engineer(3) 29:9 32:22 33:9
engineering(1) 32:24
enterprise(3) 13:25 21:14 31:13
enters(1) 25:19
entity(2) 13:21 13:24
environment(4) 23:19 23:21 24:1 24:9
eric(1) 19:9
erickson(1) 31:14
especially(1) 23:24
espoused(2) 26:14 38:19
esq(14) 1:34 1:35 1:39 1:40 2:6 2:7 2:12 2:16 2:20 2:25 2:29 2:34 2:38 2:43

essentially(5) 3:22 8:12 9:13 9:15 35:4
established(1) 40:11
even(19) 5:13 7:11 11:21 15:5 15:6 16:7 16:25 17:15 17:25 20:9 20:13 21:18 23:25 24:24 25:6 26:2 30:18 31:7 36:9

ever(5) 7:21 12:3 13:4 13:4 18:9
every(1) 16:15
everybody(1) 33:3
everyone(1) 38:8
evidence(2) 19:14 22:11
exact(6) 6:10 6:12 7:14 14:10 27:18 36:6
exactly(11) 19:23 27:19 27:25 28:17 29:7 30:4 33:12 34:15 35:8 36:16 39:25
example(5) 4:5 5:13 6:15 26:21 32:21
exception(2) 16:17 20:14
exclude(3) 32:1 40:16 40:23
excuse(1) 39:16
exercise(1) 24:14
existed(2) 4:16 40:8
existence(2) 17:20 22:21
expectation(5) 22:20 33:5 33:7 33:10 33:21
expectations(1) 34:10
expecting(1) 33:13
expert(15) 3:22 4:16 4:18 5:15 5:20 6:5 6:17 6:23 7:12 8:20 8:22 8:24 10:9 10:11 10:12 10:15 11:3 11:6 11:19 12:12 15:22 16:15 17:14 22:6 22:10 22:17 27:1 27:7 27:11 27:15 27:21 27:22 28:2 28:5 28:11 30:7 30:11 31:15 32:4 33:16 34:12 34:13 34:18 35:18 35:19 35:24 36:14 36:18 36:10 38:7 38:14 39:24 40:17 40:23

expert's(1) 38:1
expertise(2) 10:21 10:22
experts(29) 3:4 4:10 5:11 6:16 8:10 12:18 16:7 16:13 16:19 16:19 17:2 17:5 17:10 18:6 19:5 20:14 24:14 25:15 25:23 35:9 35:11 36:7 36:8 36:10 38:7 38:14 39:24 40:17 40:23

explain(1) 16:21
exploit(5) 3:21 3:23 6:12 12:4 28:3
expressly(1) 16:10
extent(1) 19:13
extract(1) 29:10

facts(9) 19:3 19:23 22:2 26:25 27:5 28:13 31:12 35:12 35:21

factual(4) 24:14 27:6 28:22 36:13
factually(1) 19:2
fail(1) 16:21
failed(1) 17:12
fair(1) 24:11
fairness(1) 38:20
faith(1) 16:11
family(1) 21:14
far(24) 1:51 4:21 31:19 39:10 40:12
favor(1) 6:22
federal(3) 4:10 11:23 28:5
feld(1) 2:42
felner(2) 27:21 27:22
few(2) 29:20 35:1
figuring(1) 32:24
final(1) 36:18
find(3) 10:6 19:16 38:4
finds(1) 19:13
fine(4) 10:14 29:14 29:17 31:23
finished(1) 41:2
first(15) 5:17 7:23 11:14 13:15 13:20 16:1 17:7 17:9 17:15 17:19 20:10 35:2 37:15 37:15 40:11

five(1) 15:22
flag(1) 13:17
flow(1) 35:19
folks(11) 3:18 5:21 9:10 21:4 23:2 23:16 30:24 32:14 40:9 40:17 40:23

for(92) 1:2 1:33 2:4 2:10 2:15 2:24 2:28 2:33 2:41 3:7 3:24 4:5 4:5 4:14 5:12 5:13 5:20 5:21 5:22 5:22 5:25 6:5 6:8 6:12 6:15 6:23 7:9 7:17 7:20 8:11 8:13 9:2 9:3 9:4 11:14 11:22 13:1 14:20 14:23 15:15 15:14 15:25 16:14 16:24 17:2 17:17 20:6 20:10 21:23 22:21 23:11 24:5 24:8 24:16 24:17 26:3 26:11 26:13 26:13 26:17 26:20 26:21 27:20 28:8 28:13 28:20 29:3 29:9 29:20 31:13 31:14 32:22 33:1 34:9 34:12 34:14 34:14 35:5 35:23 36:8 37:18 39:11 39:14 39:14 39:23 40:5 40:6 40:17 40:23

forced(2) 24:5 25:3
foregoing(1) 41:7
form(1) 16:14
forman(1) 2:4
former(46) 3:17 3:18 5:12 5:14 6:4 6:8 6:14 6:23 6:25 7:1 7:14 9:24 11:2 11:17 11:21 12:5 12:24 14:3 14:13 14:14 15:23 16:2 16:16 18:6 20:21 27:19 27:20 27:24 28:1 28:19 30:14 30:21 31:9 31:10 33:16 33:24 34:5 34:8 34:12 34:14 34:19 36:21 39:21 39:24 39:25

forth(3) 15:20 17:3 32:25
forward(1) 18:15
foul(1) 1:17
foundation(1) 22:11
four(1) 21:8
frankly(3) 26:8 39:23 40:1
friday(1) 3:3
from(53) 3:8 3:19 3:20 4:2 5:5 6:8 6:13 6:13 7:3 7:13 8:10 8:11 8:17 9:7 9:12 9:13 9:14 10:9 11:2 11:20 11:24 12:10 12:12 13:11 14:14 14:24 15:16 18:18 20:6 21:16 23:15 26:10 26:18 27:12 27:23 28:2 29:5 29:11 30:5 31:13 33:23 34:5 34:19 35:9 36:24 37:12 38:2 38:5 38:14 39:16 40:2 41:8

front(2) 35:17 35:17
fulbright(1) 2:33
full-time(1) 9:11
fundamental(2) 16:2 16:8
further(2) 3:9 38:23
furthermore(1) 18:1
future(3) 15:8 37:5 37:9
gain(1) 3:19
gained(5) 7:1 7:17 11:20 13:1 34:3
gainful(3) 8:17 12:10 29:5
gave(1) 6:6
general(2) 24:6 25:4
generally(4) 4:12 14:22 24:4 25:24 26:6
get(18) 17:15 20:8 21:1 22:25 23:5 23:13 24:17 24:17 24:22 25:7 26:12 26:22 27:16 28:22 29:12 30:14 35:14 40:2

gets(1) 13:21
getting(6) 8:8 9:12 12:10 27:6 29:5 33:12
ginger(1) 1:43
give(5) 24:20 26:7 35:12 35:19 35:20
given(7) 4:21 4:25 5:2 5:10 5:23 23:3 33:9
giving(1) 28:9
goes(3) 4:11 5:4 12:2

good(9) 3:2 3:6 3:12 3:13 15:17 16:10 29:8 29:25 41:2

got(10) 9:9 9:11 12:17 12:19 14:24 18:23 21:14 21:25 23:23 32:16

gotten(2) 24:24 32:6
gottlieb(1) 1:38
grant(2) 40:16 40:22
granted(1) 26:4
gross(2) 1:28 3:3
grounds(1) 15:25
guard(1) 4:23
guess(1) 12:25
gump(1) 2:42
had(13) 4:10 6:7 14:2 14:19 15:7 20:22 24:19 33:24 34:9 36:21 37:4 37:20 39:22

hadn't(1) 21:17
hah(1) 11:18
hall(1) 2:38
hamilton(1) 1:38
handle(1) 10:17
happen(4) 12:21 31:4 33:19 34:20
happened(2) 31:18 39:25
happening(1) 11:24
happens(1) 21:15
happy(2) 13:7 39:5
harm(9) 16:2 16:12 16:23 17:11 18:10 20:25 21:3 21:5 21:5

harmed(2) 23:8 23:15
harrington(38) 3:8 3:11 3:13 4:9 9:22 9:23 11:12 11:13 13:6 13:10 15:22 16:4 17:6 17:12 19:19 23:17 25:24 27:13 27:14 29:21 29:23 29:25 30:4 32:9 32:10 32:10 34:22 35:2 35:7 35:13 38:11 38:25 39:2 39:3 39:4 39:15 39:17 39:18 40:24

harrington's(2) 13:18 15:4
has(42) 7:8 7:21 10:12 12:3 12:16 13:3 15:11 17:13 17:14 17:24 18:13 18:14 18:18 18:20 18:23 18:25 20:1 20:13 20:15 20:16 21:6 22:5 22:6 22:12 25:1 25:16 30:12 30:25 33:2 33:16 34:20 36:3 36:6 37:3 37:6 37:16 37:24 38:23 39:6 40:1 40:11 40:19

hasn't(1) 15:20
hat(1) 12:25
hauer(1) 2:42
have(35) 3:4 4:2 4:12 4:15 4:20 5:11 6:4 6:10 6:10 7:15 7:17 8:5 8:19 9:9 9:10 10:1 10:20 11:18 11:23 11:23 12:23 13:6 14:19 15:7 15:8 15:10 15:13 15:24 17:4 17:8 17:22 18:1 18:11 18:20 19:8 19:14 19:16 20:24 21:3 21:24 22:10 22:16 22:16 23:1 23:10 23:13 23:20 23:24 24:22 25:7 25:23 26:4 26:14 26:19 26:19 27:16 27:19 28:5 28:10 28:16 28:16 28:18 29:23 30:9 30:15 30:24 31:2 31:4 31:21 32:11 32:15 32:20 33:4 34:19 34:19 34:20 35:6 36:25 37:5 37:8 37:17 39:22 38:22 38:22 40:3 40:7

haven't(7) 17:19 18:18 24:24 25:21 30:8 30:17 32:6
having(6) 6:23 10:9 31:16 35:20
hazeline(1) 2:15
he's(3) 21:25 29:8 38:5
hear(3) 13:11 15:16 27:12
heard(3) 30:8 30:8 36:23
hearing(4) 26:17 38:12 38:22 41:4
help(6) 7:19 16:13 21:5 23:13 23:25 25:15
her(3) 19:42 37:9 37:19
here(21) 3:7 4:20 5:11 8:9 9:10 9:19 9:19 12:14 12:17 14:11 18:4 20:3 24:8 29:6 29:6 35:18 38:5 39:25 40:2 40:2

herrington(1) 1:39
hertzberg(2) 8:21 9:18
hey(4) 8:9 9:25 29:2 34:16
him(25) 3:9 21:20 26:21 26:22 26:23 27:1 27:3 27:6 27:11 27:15 27:19 28:16 28:16 28:16 28:17 28:23 28:24 29:8 29:10 29:13 29:25 35:10 35:23 36:23 38:5

hire(23) 6:11 7:16 8:23 10:22 11:17 11:18 20:21 23:18 24:3 24:5 25:3 25:14 27:19 29:8 30:6 30:7 33:15 34:17 35:4 35:9 35:10 38:13 39:24

hired(3) 28:10 36:7 39:21
hiring(6) 3:22 7:12 27:11 27:15 29:10 38:13
his(13) 7:1 7:3 7:4 16:4 19:12 27:8 27:20 27:24 28:24 29:16 34:5 34:5 35:2

hold(1) 34:10
holding(1) 26:12
holdings(2) 14:4 14:8
holland(2) 2:19 13:13

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| honor(55) 3:6 3:7 3:13 4:1 4:4 4:19 6:14 7:11 7:21 7:22 9:18 12:17 13:6 13:12 15:11 15:17 15:20 16:4 16:21 16:24 17:4 17:19 19:2 24:16 25:9 26:2 26:18 27:14 28:11 28:25 29:18 29:25 30:23 31:8 31:24 32:10 32:20 33:14 34:23 34:7 34:23 36:1 36:5 36:18 37:2 37:6 37:11 37:24 38:12 38:25 39:1 39:4 39:7 40:24 40:25 | | making(2) 3:23 6:1 | | obligated(1) 5:3 | |
| | | manager(1) 14:22 | | obligation(3) 17:9 17:20 18:19 | |
| | | manner(1) 7:7 | | obligations(8) 14:23 15:6 16:20 17:22 19:15 19:22 20:12 36:25 | |
| | | many(3) 3:10 5:22 19:24 | | | |
| | | march(3) 1:23 3:1 41:12 | | obtained(1) 40:15 | |
| | | marietta(2) 6:16 27:23 | | obtaining(2) 8:17 9:7 | |
| | | market(1) 1:17 | | obviously(1) 13:24 | |
| honor's(1) 21:9 | | marteny(1) 41:13 | | off(1) 8:12 | |
| honorable(1) 1:28 | | martin(2) 6:15 27:23 | | off-the(1) 10:19 | |
| hopefully(1) 23:5 | | mary(1) 2:25 | | official(1) 2:41 | |
| how(14) 7:2 16:22 23:20 23:25 24:3 24:4 24:7 25:2 30:16 30:25 32:4 32:5 32:25 34:4 | | material(1) 20:8 | | okay(9) 4:1 8:4 10:4 19:7 21:11 27:17 28:21 29:14 37:11 | |
| | | matter(5) 14:5 16:6 16:25 41:9 | | | |
| however(1) 13:20 | | may(19) 6:9 6:25 7:2 7:4 7:15 15:8 18:16 24:10 29:1 29:1 34:2 34:4 34:5 34:6 35:16 37:2 37:5 37:22 | | old(4) 8:24 11:20 12:25 28:3 | |
| hubbard(1) 2:11 | | | | omitted(1) 5:5 | |
| huberty(1) 2:12 | | | | one(27) 4:3 4:24 5:15 6:16 7:2 8:21 10:2 13:20 14:12 17:8 19:5 21:13 21:21 23:17 24:18 24:21 25:9 26:13 27:4 31:9 31:25 32:7 33:1 33:23 34:4 38:3 38:11 | |
| hughes(1) 2:11 | | maybe(1) 33:17 | | | |
| human(1) 7:5 | | mcdonnell(3) 17:22 17:25 23:10 | | | |
| hurdles(1) 17:15 | | mcdonnell's(1) 37:11 | | | |
| i'd(2) 13:7 39:5 | | mean(2) 10:14 37:2 | | | |
| i'll(10) 3:9 3:15 4:4 4:4 4:5 13:11 21:2 21:9 25:24 25:24 | | media(1) 30:24 | | one-by-one(1) 21:9 | |
| | | meet(1) 17:17 | | ones(1) 38:6 | |
| | | meet-and-confer(2) 24:19 25:10 | | only(11) 6:3 22:1 22:20 24:1 24:16 30:13 30:20 32:15 34:11 36:16 40:17 | |
| i'm(19) 3:5 8:22 11:18 12:25 12:25 13:1 13:17 19:4 26:1 29:4 29:4 33:17 33:18 34:10 37:23 38:8 39:16 40:16 40:22 | | meeting(1) 25:6 | | | |
| | | meisel(1) 2:4 | | | |
| | | met(2) 25:20 40:2 | | onto(1) 12:2 | |
| | | might(3) 16:13 21:5 30:15 | | operating(5) 11:12 13:23 13:24 18:15 20:4 | |
| i've(5) 3:5 26:8 32:12 32:16 38:9 | | migration(1) 31:12 | | operation(1) 10:7 | |
| ibm(1) 10:19 | | minute(1) 29:20 | | operations(1) 20:22 | |
| idea(1) 29:3 | | miss(15) 14:25 18:13 18:15 18:17 19:1 19:5 19:5 20:14 23:13 31:10 36:19 36:20 36:24 37:16 37:18 | | opinion(7) 7:4 22:24 26:8 34:5 35:13 35:19 35:20 | |
| identical(1) 18:3 | | | | opportunity(1) 37:8 | |
| identify(1) 33:20 | | | | opposed(1) 11:5 | |
| ignores(1) 20:11 | | | | opposing(1) 8:5 | |
| illinois(1) 19:20 | | misters(1) 17:21 | | opposite(7) 6:10 7:14 10:16 10:16 14:10 34:15 36:7 | |
| immediately(1) 14:20 | | money(2) 25:14 26:22 | | order(3) 16:5 16:9 16:17 16:24 17:3 23:2 23:4 26:2 | |
| impact(1) 21:24 | | monitor(1) 22:4 | | ordinarily(1) 5:6 | |
| important(7) 22:15 23:7 24:16 24:17 26:11 31:11 38:11 | | month(1) 26:18 | | original(1) 21:18 | |
| | | months(3) 30:19 30:19 30:19 | | originally(1) 21:19 | |
| | | more(3) 10:7 13:6 14:7 | | other(22) 5:16 5:21 7:10 8:3 8:15 9:2 9:3 12:24 15:11 19:24 21:4 21:8 24:18 25:12 28:1 29:18 34:9 36:5 37:6 38:6 38:23 40:5 | |
| in-house(1) 33:11 | | morning(5) 3:2 3:6 3:12 3:13 15:17 | | | |
| inadvertently(2) 7:5 34:6 | | morris(1) 1:33 | | | |
| inc(6) 1:7 1:13 1:14 1:20 1:22 2:15 | | motion(5) 26:3 26:17 39:11 39:11 40:16 | | | |
| including(1) 25:12 | | move(2) 25:8 38:15 | | ought(1) 39:10 | |
| incorporate(1) 10:25 | | must(2) 6:17 27:21 | | our(25) 5:8 7:18 7:19 7:22 7:23 7:24 10:5 10:5 11:14 18:7 21:5 22:10 22:16 24:13 24:24 28:21 30:20 30:22 34:18 35:18 35:19 38:1 38:16 38:17 41:1 | |
| incorporated(1) 19:11 | | namely(1) 40:2 | | | |
| incorporating(1) 11:7 | | nda(1) 14:5 | | | |
| independent(6) 11:6 30:11 30:14 32:3 35:19 35:25 | | nearly(1) 19:11 | | | |
| indicated(3) 15:23 16:4 17:7 | | necessarily(1) 25:4 | | | |
| indicates(2) 13:15 26:23 | | necessary(1) 36:15 | | ours(1) 26:3 | |
| indicia(1) 24:8 | | need(3) 27:8 36:3 36:13 | | out(11) 13:23 19:2 19:20 20:3 23:7 24:22 25:8 32:25 35:13 38:12 39:24 | |
| indiscernible(3) 9:18 31:9 34:10 | | neither(1) 8:21 | | | |
| indisputably(1) 22:22 | | networks(1) 1:7 1:20 | | | |
| individuals(4) 9:19 22:24 29:11 30:2 | | neutral(2) 10:4 32:21 | | outside(2) 17:2 19:24 | |
| induce(1) 16:19 | | never(3) 21:21 25:3 25:5 | | over(5) 3:23 14:15 14:14 14:21 17:15 | |
| infer(1) 17:21 | | new(3) 25:23 26:1 38:19 | | overall(3) 18:7 38:13 38:16 | |
| informal(1) 31:22 | | news(1) 15:2 | | overruled(1) 16:25 | |
| information(63) 3:20 3:22 3:24 4:17 4:22 4:23 5:1 5:3 5:10 5:18 5:19 5:23 5:25 6:5 6:13 6:19 7:5 7:6 7:13 7:17 8:3 8:6 8:11 8:12 9:14 9:16 11:5 11:9 11:20 12:1 12:5 12:19 13:1 14:6 15:9 17:2 20:7 20:21 23:3 27:23 28:1 28:9 28:20 28:22 29:7 29:11 29:13 30:5 32:1 33:1 33:8 33:12 34:4 34:6 34:19 35:16 36:16 37:4 37:16 37:20 40:13 40:15 | | nichols(1) 1:33 | | overy(1) 2:37 | |
| | | non(1) 14:5 | | own(3) 16:19 35:23 35:23 | |
| | | non-disclosure(1) 14:6 | | p.a(1) 2:5 | |
| | | none(1) 19:16 | | p.m(1) 41:4 | |
| | | norman(1) 2:7 | | paid(6) 11:19 28:3 28:11 31:22 34:18 35:9 | |
| | | nortel(62) 1:7 1:20 3:17 3:19 3:20 3:24 3:25 5:22 6:13 7:16 7:20 9:15 10:16 11:2 11:4 11:5 11:8 11:9 11:10 11:12 13:22 13:25 14:2 14:13 14:14 15:23 15:25 16:2 16:16 16:20 18:9 18:18 18:19 20:3 20:9 20:21 21:13 21:17 22:8 22:9 22:13 22:21 23:20 23:23 23:25 24:4 24:7 25:2 26:20 30:15 31:1 31:13 32:5 32:15 32:22 32:23 39:12 39:21 40:10 40:19 | | part(11) 3:23 6:1 6:11 9:6 10:1 11:1 19:12 22:23 31:4 31:12 32:18 | |
| | | | | | |
| infringements(1) 25:21 | | | | | |
| ingersoll(1) 2:24 | | | | | |
| inherent(5) 4:2 4:10 8:9 11:23 28:5 | | | | parte(4) 7:18 28:17 29:15 31:16 | |
| initial(3) 14:5 17:17 19:12 | | | | participated(1) 35:22 | |
| initiate(1) 30:20 | | | | particular(2) 22:24 26:7 | |
| initiated(1) 30:18 | | | | parties(5) 4:2 6:3 7:12 8:3 20:6 | |
| inquiries(3) 4:13 5:6 5:8 | | | | party(15) 2:28 4:14 5:15 5:16 5:18 5:21 8:5 9:6 12:15 16:11 17:14 28:14 39:24 40:5 40:6 | |
| inside(7) 3:19 7:16 8:11 9:13 33:8 33:12 34:18 | | nortel's(4) 14:1 20:22 22:3 35:23 | | | |
| instances(1) 3:18 | | nortel/snmp(1) 3:3 | | | |
| integrated(1) 21:14 24:7 | | north(1) 24:23 | | paul(1) 2:34 | |
| integrating(1) 32:23 | | norton(1) 2:33 | | pay(1) 28:16 | |
| integration(3) 22:3 22:7 23:21 | | not(84) 3:16 3:16 4:1 5:11 5:12 6:2 6:6 6:9 6:10 6:23 6:25 7:6 7:13 7:23 7:25 7:25 8:7 8:14 8:14 8:25 9:10 9:11 9:17 10:10 10:12 11:5 11:17 12:6 12:7 12:11 12:17 12:22 13:2 13:18 14:8 15:5 15:7 16:5 16:16 17:4 18:11 19:4 20:4 20:9 22:1 22:24 23:22 24:4 24:10 24:16 27:16 27:23 27:24 28:21 29:1 29:1 29:5 29:8 29:9 29:14 30:4 30:14 30:20 30:22 30:22 31:3 31:25 33:6 33:14 33:17 34:2 34:10 34:17 36:7 37:4 37:16 37:19 37:22 37:23 37:23 38:8 39:6 | | peg(1) 2:29 | |
| integrity(7) 4:3 11:15 11:16 12:23 16:3 16:8 28:6 | | | | pending(2) 25:1 25:13 | |
| intended(1) 26:16 | | | | people(12) 6:11 7:16 10:11 10:11 10:20 31:4 31:19 35:5 35:8 35:10 36:13 36:16 | |
| interest(6) 9:6 9:9 9:10 12:16 12:17 14:8 | | | | | |
| intt(1) 2:28 | | | | | |
| interesting(1) 33:22 | | | | performed(2) 32:2 40:5 | |
| international(1) 1:12 | | | | permissible(1) 27:17 | |
| interpret(2) 26:15 | | | | permit(1) 17:1 | |
| interrupt(1) 29:20 | | | | perpetual(1) 2:7 | |
| interrupted(1) 32:9 | | note(1) 18:11 | | person(4) 10:24 11:3 11:8 30:15 | |
| into(8) 19:1 21:16 21:14 22:3 22:20 22:20 23:22 32:22 | | notes(1) 40:2 | | personalized(1) 38:8 | |
| | | nothing(2) 39:5 39:6 | | phone(1) 3:3 | |
| invested(1) 23:9 | | notion(1) 27:15 | | place(1) 17:9 | |
| investigating(1) 10:8 | | now(24) 5:4 5:10 5:18 6:2 12:21 12:25 15:16 16:3 16:25 17:23 18:11 19:8 19:13 20:9 21:2 22:18 23:14 23:17 28:11 28:15 36:12 36:14 37:23 38:10 | | plaintiffs(1) 1:16 | |
| involve(8) 3:16 3:16 5:14 6:14 7:23 8:16 8:20 8:22 31:11 32:22 37:23 37:25 38:9 | | | | point(14) 4:13 13:23 14:7 14:12 15:4 19:2 20:4 23:7 23:17 24:18 31:24 36:1 36:18 38:10 | |
| | | | | | |
| involved(12) 5:14 8:23 8:25 10:13 17:16 18:9 23:23 | | | | pointed(1) 35:13 | |
| | | | | points(9) 5:25 13:14 13:16 13:18 13:19 29:19 32:13 35:2 37:14 | |
| involving(2) 12:11 12:12 | | number(8) 4:13 4:16 4:24 4:25 10:20 17:8 17:9 40:2 | | | |
| issue(17) 8:2 8:7 8:7 9:19 13:21 15:7 24:11 25:10 25:24 25:24 26:6 29:6 33:23 37:5 39:6 39:14 39:19 | | object(6) 16:7 17:1 18:8 20:13 21:18 40:20 | | | |
| | | objected(2) 15:24 37:21 | | policies(2) 33:2 33:4 | |
| | | objecting(7) 3:15 8:8 16:11 17:14 20:16 21:17 21:22 | | pop(2) 7:9 28:19 | |
| | | objection(5) 7:23 7:23 7:25 16:25 18:23 | | portion(1) 14:16 | |
| issues(4) 13:9 24:21 25:12 27:24 | | objections(4) 11:15 16:10 24:25 38:3 | | position(4) 18:5 26:12 36:7 36:10 | |
| | | objectively(2) 4:14 40:6 | | post-363(1) 19:22 | |
| | | | | post-employment(2) 14:17 14:23 | |
| | | | | potential(1) 5:14 | |

| Word | Page:Line |
|---|---|
| power(1) 4:2 4:10 8:9 11:23 28:5 | |
| prejudice(1) 21:20 | |
| prejudicial(2) 35:15 35:22 | |
| premises(1) 24:23 | |
| prepared(1) 3:5 | |
| presentation(1) 35:3 | |
| presenting(2) 3:8 35:18 | |
| pretty(1) 26:14 | |
| prevent(2) 9:7 9:13 | |
| preventing(1) 20:6 | |
| previously(4) 14:19 14:25 36:8 40:4 | |
| price(1) 35:23 | |
| privacy(2) 33:8 33:21 | |
| privileged(4) 4:17 32:17 40:13 40:15 | |
| privy(2) 6:18 27:22 | |
| probably(2) 22:9 34:8 | |
| problem(10) 5:20 6:9 9:25 30:10 30:12 30:20 31:3 34:11 35:8 40:22 | |
| problems(1) 27:4 | |
| proc(1) 1:12 | |
| proceeding(1) 16:5 | |
| proceedings(3) 1:27 1:49 41:9 | |
| process(6) 16:3 16:8 24:12 28:7 30:18 30:21 | |
| produce(2) 22:8 22:11 | |
| produced(5) 1:50 18:12 18:21 19:8 19:14 | |
| product(5) 10:20 21:23 24:13 33:23 33:23 | |
| products(5) 21:15 22:1 22:3 22:5 22:8 22:13 22:14 23:22 25:16 27:10 32:23 32:24 33:25 36:9 36:12 | |
| products'(1) 36:4 | |
| profit(2) 26:5 38:17 | |
| profits(1) 25:20 | |
| promote(1) 28:7 | |
| proper(3) 18:10 22:10 40:18 | |
| proposed(7) 16:13 16:18 17:2 17:10 19:15 21:19 40:4 | |
| proposes(1) 16:5 | |
| proposing(4) 15:21 18:3 23:12 25:14 | |
| prosecute(1) 38:16 | |
| protect(1) 28:6 | |
| protecting(2) 11:15 12:22 | |
| protection(7) 16:9 16:17 16:23 17:3 23:2 23:4 | |
| prove(7) 17:8 22:13 25:15 26:5 36:4 36:11 36:16 | |
| provide(6) 8:3 11:2 14:23 22:4 27:7 36:16 | |
| provided(5) 10:19 28:19 32:3 | |
| providing(1) 10:8 | |
| public(1) 28:7 | |
| purchased(1) 21:15 | |
| purchaser(2) 13:25 14:7 | |
| purpose(2) 20:2 20:5 | |
| purposes(1) 6:1 | |
| put(2) 7:18 21:19 | |
| putting(2) 11:3 35:15 | |
| question(14) 6:20 8:4 12:4 12:7 21:10 29:21 29:25 30:1 32:4 32:6 32:9 32:16 37:9 39:10 | |
| questions(14) 4:19 13:7 15:11 15:13 26:19 30:15 30:16 30:25 31:1 31:2 32:6 32:11 37:6 38:23 | |
| quick(2) 13:14 35:1 | |
| quite(1) 34:16 | |
| raise(4) 21:1 21:2 25:9 38:12 | |
| raised(3) 15:7 23:18 37:4 | |
| rather(1) 10:8 | |
| read(2) 3:5 26:8 | |
| real(1) 15:10 | |
| realized(1) 21:24 | |
| really(20) 7:25 9:19 10:7 16:5 17:23 18:4 24:14 27:3 28:12 28:16 32:10 32:12 32:16 33:18 34:11 34:16 38:5 38:20 39:9 | |
| reason(9) 3:14 6:12 9:4 15:10 16:24 23:23 25:13 38:13 39:21 | |
| reasonable(1) 4:14 40:6 | |
| reasons(4) 17:2 17:18 20:23 38:3 | |
| received(1) 17:10 | |
| recited(1) 4:9 | |
| recites(1) 32:22 | |
| reciting(1) 11:22 | |
| recognize(1) 17:12 | |
| recognized(2) 17:13 33:5 | |
| record(1) 1:49 | |
| recording(2) 1:49 41:8 | |
| records(1) 31:2 | |
| recount(1) 1:7 | |
| red(3) 36:5 36:17 37:24 | |
| ref(1) 2:11 | |
| reeves(19) 7:17 21:12 21:12 21:20 21:22 21:22 21:25 22:12 22:16 24:17 26:21 27:8 27:15 28:1 28:14 32:21 36:2 | |
| reeves's(1) 19:10 | |
| referenced(1) 18:12 | |
| reflected(1) 5:23 | |
| refusal(1) 24:20 | |
| refusing(2) 9:12 26:6 | |
| regardless(3) 36:15 33:3 33:6 | |
| regular(1) 12:14 | |
| relate(1) 26:7 | |
| related(1) 5:12 | |
| relates(2) 25:11 26:5 | |
| relating(1) 3:4 | |
| relation(1) 13:25 | |
| relationship(6) 4:16 4:24 5:9 11:25 28:10 40:8 | |
| relevant(6) 6:6 6:19 7:2 27:24 28:1 34:3 | |
| reliable(2) 22:11 | |
| relief(1) 40:22 | |
| remarks(1) 16:4 | |
| remember(1) 15:5 | |
| remming(1) 1:35 | |
| report(1) 24:15 | |
| reports(1) 27:2 | |
| repositories(2) 10:5 10:24 | |
| request(2) 17:23 25:13 | |
| requested(1) 40:22 | |
| require(1) 9:5 | |
| required(2) 14:22 16:23 | |
| requires(1) 16:10 | |
| research(3) 1:12 1:14 36:11 | |
| resolve(1) 22:20 | |
| resolved(3) 6:22 7:8 23:3 | |
| resounding(1) 40:14 | |
| resources(1) 23:9 | |
| respect(11) 7:24 18:17 19:17 20:9 21:12 21:25 22:1 22:18 36:2 36:19 38:10 | |
| respond(1) 39:12 | |
| response(1) 14:18 | |
| responsible(1) 21:23 | |
| restricted(1) 8:16 | |
| restrictive(4) 9:7 12:9 12:16 29:2 | |
| result(1) 32:2 | |
| results(2) 10:25 11:6 | |
| retained(5) 5:16 18:6 24:17 24:18 31:15 | |
| retention(8) 15:22 16:2 16:7 16:18 17:2 20:14 23:6 25:12 | |
| review(3) 10:24 27:2 30:11 | |
| reviewed(1) 32:3 | |
| reviewing(1) 11:6 | |
| right(10) 13:3 18:10 18:24 27:12 30:3 30:23 32:8 34:21 34:21 41:1 | |
| rights(2) 14:1 40:19 | |
| robinson(4) 4:7 4:9 5:4 5:17 | |
| role(5) 10:11 10:12 18:3 22:19 23:5 | |
| roles(2) 18:2 37:21 | |
| rooney(1) 2:24 | |
| rose(1) 2:33 | |
| rule(2) 16:17 39:13 | |
| ruling(1) 25:19 | |
| running(1) 14:24 | |
| said(18) 6:7 6:24 12:18 14:18 14:18 14:25 18:13 21:17 21:21 25:20 27:20 32:11 33:25 35:7 35:16 36:2 36:24 37:4 37:15 | |
| sale(5) 19:18 19:22 20:17 31:14 31:14 | |
| sales(5) 22:24 25:18 25:22 26:6 38:18 | |
| same(5) 5:25 10:12 13:8 13:21 23:12 27:18 28:17 29:10 | |
| satisfied(2) 17:4 40:1 | |
| satisfy(1) 16:13 | |
| saw(1) 14:20 | |
| say(12) 4:11 5:4 9:8 9:20 10:4 11:18 21:4 32:21 34:16 35:7 37:6 | |
| saying(7) 3:2 5:12 7:15 9:1 12:24 29:2 30:15 | |
| says(6) 5:5 9:25 12:1 26:2 33:20 34:7 | |
| scheduled(1) 26:18 | |
| schotz(1) 2:4 | |
| schweitzer(1) 1:40 | |
| scrutinizing(1) 12:15 | |
| search(2) 22:21 32:5 | |
| searchers(11) 21:8 22:18 22:20 23:8 24:18 24:19 24:25 25:12 29:21 31:24 31:25 | |
| searchers'(1) 23:5 | |
| searches(11) 10:5 10:14 10:23 10:25 11:1 11:7 21:8 24:2 24:8 25:7 32:5 | |
| searching(4) 10:1 10:7 10:18 31:7 | |
| second(4) 14:12 16:18 36:1 40:12 | |
| see(1) 10:6 | |
| seek(1) 38:14 | |
| seeking(7) 3:17 4:14 5:9 9:12 12:15 38:13 40:7 | |
| seeks(1) 12:3 | |
| seems(2) 35:9 39:11 | |
| seen(1) 18:18 | |
| sell(1) 8:12 | |
| selling(3) 9:13 9:15 29:13 | |
| sent(3) 14:11 14:24 15:21 | |
| separately(1) 18:16 | |
| serve(5) 6:4 7:20 20:2 29:16 31:4 | |
| servers(5) 22:21 22:21 24:23 24:25 25:2 | |
| service(1) 1:45 1:50 | |
| services(2) 1:45 40:5 | |
| serving(1) 31:6 | |
| set(5) 15:20 17:3 22:1 23:15 25:6 | |
| seven(1) 26:9 | |
| several(2) 17:18 38:15 | |
| severance(3) 4:21 5:2 19:11 | |
| share(1) 8:6 | |
| sharing(1) 20:7 | |
| she(12) 14:14 14:15 15:1 15:6 18:16 18:18 35:21 36:21 36:25 37:3 37:5 37:22 | |
| she's(1) 18:23 | |
| shelf(1) 10:20 | |
| should(10) 6:20 6:22 10:15 16:25 17:5 19:16 30:24 38:21 38:21 | |
| shouldn't(4) 11:7 18:6 31:4 31:7 | |
| shouldn't(1) 28:18 | |
| show(5) 17:5 17:14 21:5 24:12 25:17 | |
| showed(1) 21:3 | |
| showing(3) 12:24 18:9 25:20 | |
| shown(1) 17:19 | |
| shows(1) 18:18 | |
| side(4) 7:10 12:24 13:8 22:16 | |
| signed(3) 14:22 19:13 33:3 40:10 | |
| similar(1) 22:12 | |
| simple(1) 10:16 | |
| simply(4) 4:1 8:25 16:12 23:22 | |
| since(1) 26:9 | |
| single(5) 6:2 16:15 32:6 33:13 33:14 | |
| sit(1) 10:4 | |
| situation(13) 3:16 9:1 9:17 9:24 10:3 12:9 12:11 12:17 14:3 14:10 15:10 27:18 33:15 | |
| situations(1) 14:4 | |
| skewed(1) 36:10 | |
| snmp(53) 1:12 1:14 2:44 3:14 3:16 4:6 5:5 5:24 6:1 6:10 7:15 8:10 8:18 9:24 10:4 10:21 10:22 11:22 12:1 12:13 12:17 14:4 15:16 15:16 16:25 22:3 22:7 22:14 22:22 23:7 23:18 23:20 24:9 25:18 25:20 27:10 27:25 29:6 29:14 30:7 31:5 31:15 31:16 32:22 34:16 36:1 37:11 38:24 40:17 40:10 40:20 40:23 | |
| snmp's(4) 3:4 21:13 32:3 36:4 | |
| snmpri(5) 14:18 14:19 14:25 15:9 36:6 | |
| software(32) 10:5 10:18 21:13 22:3 22:7 22:22 23:22 25:16 25:18 27:10 31:13 32:23 36:11 38:2 | |
| sold(1) 25:17 | |
| sole(1) 11:25 | |
| solution(1) 11:21 14:24 | |
| solve(2) 27:4 27:5 | |
| some(8) 10:1 10:5 13:6 30:24 33:24 37:15 38:19 38:19 | |
| somebody(16) 6:5 7:9 8:17 8:20 9:1 9:7 9:16 10:22 12:12 24:3 24:5 24:9 24:25 27:18 29:3 30:14 30:25 36:7 | |
| somehow(1) 20:11 | |
| someone(6) 8:23 22:5 22:8 22:12 22:16 25:1 | |
| something(4) 6:7 6:7 13:3 15:3 | |
| sorry(3) 23:21 29:9 39:1 | |
| sort(3) 10:3 13:20 39:12 | |
| sound(2) 1:49 41:8 | |
| source(4) 21:8 22:22 23:1 23:4 | |
| space(2) 6:15 27:17 | |
| speak(3) 13:8 21:17 25:24 | |
| special(1) 10:3 | |
| specialized(1) 36:3 | |
| specific(10) 8:2 8:6 16:22 20:5 22:6 22:7 24:6 24:9 33:7 36:13 | |
| specifically(2) 13:4 19:21 23:20 | |
| speculate(1) 17:21 | |
| speculation(1) 37:22 | |
| spend(1) 25:14 | |
| spent(1) 23:10 | |
| spoke(1) 5:5 | |
| stand(2) 11:3 35:23 | |
| standard(4) 10:19 11:22 16:14 28:8 | |
| standards(1) 17:3 | |
| standing(2) 20:13 35:17 | |
| standpoint(2) 23:16 | |
| started(2) 23:13 35:3 | |
| state(1) 19:18 | |
| statement(1) 19:1 | |
| statements(1) 37:1 | |
| states(2) 1:1 1:29 | |
| steen(1) 1:38 | |
| stern(15) 2:20 13:12 13:13 13:15 15:23 18:13 19:19 34:23 34:23 35:1 35:7 37:11 37:15 37:24 40:25 | |
| stern's(1) 20:9 | |
| still(5) 19:16 26:9 33:21 38:14 38:18 | |
| stipulation(2) 8:1 8:14 | |
| stipulations(1) 7:24 | |
| strategic(1) 28:16 | |
| strategizing(1) 31:6 | |
| strategy(3) 7:19 18:7 31:17 | |
| strauss(1) 2:42 | |
| street(1) 1:17 | |
| strikes(1) 29:22 | |
| strong(1) 12:16 | |
| subpoena(1) 26:21 | |
| subpoenaing(1) 27:5 | |
| subpoenas(1) 38:16 | |
| substantial(5) 6:18 20:25 23:9 23:10 27:23 | |
| substantially(3) 22:19 23:8 23:14 | |
| succeeded(1) 14:1 | |
| successful(2) 13:25 14:7 | |
| successor(1) 14:8 | |
| such(3) 8:21 38:4 38:7 | |
| suffer(1) 16:11 | |
| suffered(1) 21:4 | |
| sufficient(2) 19:14 36:11 | |
| suggestion(1) 39:8 | |
| sullivan(1) 2:15 | |
| summarize(1) 3:14 | |
| summary(5) 25:19 26:3 26:17 36:24 38:22 | |
| sure(4) 8:22 9:23 13:12 26:14 | |
| surprise(1) 37:1 | |
| surprising(2) 17:23 18:4 | |
| swallow(1) 16:17 | |
| system(10) 4:4 10:13 10:18 11:16 12:23 28:7 28:21 30:16 31:1 32:5 | |
| systems(4) 6:15 27:17 33:4 33:19 | |
| take(13) 3:17 3:21 8:10 11:8 11:17 18:3 18:5 21:9 27:25 28:14 29:16 31:22 37:14 | |
| taken(1) 36:24 | |
| taking(2) 11:2 39:14 | |
| talk(2) 3:15 7:18 | |
| talked(1) 13:21 | |
| talks(1) 30:17 | |
| team(4) 3:23 6:2 6:11 31:5 | |
| tech(3) 6:21 7:11 33:22 | |
| tee(1) 21:20 | |
| teed(1) 39:6 | |
| telephonic(2) 1:31 2:1 | |
| tell(3) 31:17 34:18 36:12 | |
| test(10) 12:2 12:3 17:16 17:17 21:1 30:1 32:19 40:1 40:11 40:12 | |
| testified(1) 10:2 | |
| testify(8) 11:19 22:2 24:15 26:22 26:25 27:9 27:19 35:12 | |
| testifying(2) 7:10 11:9 | |
| testimony(7) 7:19 10:8 11:1 22:4 27:6 27:7 35:13 | |
| than(4) 10:8 21:4 21:8 38:6 | |
| thank(12) 3:11 13:10 13:12 15:14 15:15 27:14 34:21 37:11 39:15 39:18 40:24 40:25 | |
| that(270) 3:21 3:24 4:2 4:3 4:5 4:5 4:6 4:15 4:21 4:21 4:23 5:13 5:14 5:17 5:17 5:25 6:2 6:3 6:3 6:5 6:6 6:9 6:12 6:13 6:14 6:19 6:20 6:22 6:25 7:2 7:3 7:6 7:17 7:21 7:25 8:1 8:4 8:6 8:11 8:12 8:15 8:17 8:25 9:4 9:9 9:14 9:16 9:17 9:18 10:2 10:14 10:14 10:17 10:22 10:24 11:7 11:12 11:20 11:22 12:13 12:14 12:23 13:4 13:16 13:19 13:21 13:22 13:24 14:2 14:14 14:19 14:20 14:24 15:1 15:3 15:6 15:21 15:25 16:1 16:4 16:6 16:11 16:12 17:5 17:7 17:7 17:8 17:10 17:11 17:12 17:13 17:16 17:17 17:16 17:17 17:21 18:2 18:3 18:3 18:4 18:5 18:9 18:11 18:14 18:16 18:18 18:18 19:3 19:13 19:16 19:23 19:24 19:25 20:3 20:10 20:10 20:17 20:19 21:1 21:2 21:4 21:4 21:5 21:13 21:15 21:19 21:22 21:23 22:9 22:10 22:11 22:13 22:22 22:24 23:7 23:12 23:18 23:18 24:1 24:11 24:14 24:16 24:19 24:21 24:22 25:6 25:10 25:11 25:16 25:17 26:2 26:2 26:4 26:7 26:7 26:14 26:16 26:18 27:3 27:7 27:8 27:11 27:17 27:21 27:24 28:1 28:3 28:4 28:5 28:8 28:15 28:20 28:25 29:4 29:5 29:11 29:12 29:13 29:22 29:23 30:5 30:5 30:7 30:10 30:10 30:11 30:12 30:20 30:24 31:2 31:2 31:7 31:19 31:23 32:1 32:7 32:17 32:24 33:1 33:2 33:4 33:10 33:22 33:24 34:2 34:4 34:6 34:7 34:10 34:17 34:18 34:19 34:20 35:4 35:5 35:6 35:11 35:16 35:21 36:2 36:3 36:7 36:10 36:13 36:14 36:15 36:20 36:21 36:22 36:22 37:2 37:3 37:9 37:15 37:22 37:23 37:25 38:3 38:8 38:10 38:12 38:13 38:17 38:19 39:14 39:17 39:20 39:22 39:23 39:25 40:2 40:7 40:9 40:11 40:15 40:17 40:17 40:21 41:1 41:7 | |
| that's(53) 4:1 5:1 6:9 6:20 7:14 7:15 8:6 8:7 8:25 10:10 11:14 11:22 12:9 12:13 12:17 12:22 12:22 13:2 14:21 15:9 16:6 17:15 18:10 20:12 22:15 23:3 23:22 25:22 26:19 27:16 27:18 28:18 28:21 29:7 29:9 29:17 30:3 30:22 30:22 31:3 31:10 31:23 33:12 34:15 35:8 36:5 37:6 37:22 38:5 38:9 39:25 40:21 | |

**Word** Page:Line

**the**(301) 1:1 1:2 1:28 2:24 3:2 3:3 3:7 3:8 3:11 3:14 3:15 3:24 4:2 4:3 4:3 4:4 4:5 4:7 4:8 4:9 4:10 4:14 4:16 4:18 4:19 4:20 4:23 5:8 5:11 5:13 5:16 5:17 5:19 5:20 5:21 6:1 6:3 6:5 6:6 6:7 6:10 6:12 6:15 6:16 6:16 6:19 6:20 6:21 6:21 6:23 6:23 6:24 7:2 7:3 7:5 7:10 7:10 7:11 7:12 7:12 7:13 7:14 7:16 7:24 8:1 8:4 8:5 8:9 8:11 8:12 8:13 8:14 8:15 8:17 8:21 8:21 8:24 9:6 9:6 9:17 9:19 9:20 9:21 9:25 10:11 10:12 10:12 10:12 10:24 10:25 11:1 11:3 11:6 11:6 11:11 11:14 11:14 11:15 11:16 11:16 11:18 11:20 11:21 11:22 11:23 12:5 12:15 12:15 12:17 12:18 12:22 12:23 12:24 13:5 13:7 13:10 13:15 13:16 13:16 13:20 13:21 13:25 13:25 14:2 14:3 14:4 14:7 14:7 14:7 14:9 14:10 14:10 14:12 14:12 14:15 14:16 15:2 15:5 15:8 15:13 15:16 15:19 15:21 15:21 15:24 15:25 16:1 16:1 16:3 16:3 16:5 16:7 16:7 16:7 16:8 16:8 16:9 16:9 16:10 16:11 16:13 16:14 16:16 16:17 16:17 16:18 16:18 16:18 16:19 16:21 16:22 16:23 16:24 16:25 17:1 17:1 17:1 17:2 17:3 17:4 17:6 17:7 17:7 17:9 17:10 17:11 17:14 17:14 17:14 17:19 17:20 17:22 17:25 18:1 18:2 18:3 18:4 18:5 18:5 18:7 18:8 18:11 18:12 18:20 18:22 18:23 18:24 19:1 19:3 19:3 19:4 19:7 19:8 19:13 19:13 19:13 19:15 19:15 19:17 19:18 19:19 19:23 20:8 20:10 20:11 20:11 20:13 20:14 20:17 20:17 20:17 20:20 20:24 21:1 21:2 21:5 21:8 21:11 21:13 21:14 21:15 21:16 21:16 21:18 21:21 21:23 22:2 22:2 22:3 22:4 22:5 22:5 22:7 22:7 22:8 22:10 22:12 22:13 22:13 22:14 22:14 22:15 22:18 22:20 22:21 22:21 22:21 22:22 22:23 23:1 23:2 23:4 23:4 23:5 23:11 23:12 23:14 23:18 23:19 23:20 23:21 23:21 23:23 23:24 23:25 24:1 24:9 24:18 24:19 24:20 24:21 24:21 24:22 24:23 24:24 24:25 25:1 25:6 25:11 25:11 25:12

**the**(162) 25:13 25:16 25:16 25:17 25:17 25:18 25:18 25:19 25:19 25:21 25:22 25:23 25:25 26:5 26:8 26:11 26:13 26:15 26:16 26:20 27:4 27:5 27:7 27:9 27:10 27:10 27:12 27:15 27:17 27:18 27:20 27:24 28:4 28:5 28:6 28:6 28:7 28:8 28:8 28:12 28:17 28:21 29:3 29:10 29:20 29:21 29:23 30:1 30:3 30:5 30:11 30:13 30:16 30:25 31:5 31:9 31:12 31:12 31:13 31:16 31:23 31:24 32:1 32:2 32:5 32:8 32:13 32:14 32:15 32:16 32:19 32:23 32:24 33:4 33:10 33:14 33:16 33:19 33:19 33:21 33:23 33:23 33:25 33:25 34:3 34:4 34:11 34:12 34:15 34:21 34:25 35:5 35:6 35:8 35:12 35:14 35:16 35:17 35:21 35:25 36:1 36:4 36:5 36:5 36:6 36:11 36:12 36:15 36:17 36:18 37:1 37:1 37:5 37:8 37:9 37:12 37:15 37:20 37:22 37:23 37:24 38:2 38:3 38:6 38:7 38:7 38:9 38:10 38:11 38:13 38:15 38:17 38:19 38:22 38:23 38:24 39:3 39:9 39:13 39:16 39:19 39:20 39:22 40:1 40:5 40:6 40:8 40:8 40:12 40:13 40:14 40:16 40:17 40:21 40:22 40:22 41:1 41:4 41:7 41:8 41:8 41:9

**their**(44) 3:20 3:22 3:23 4:6 5:5 5:12 5:23 5:25 6:8 6:11 7:14 9:13 11:1 11:4 13:17 14:18 14:20 16:19 17:4 17:17 18:2 19:17 19:18 20:7 22:19 23:6 24:23 26:1 26:2 28:2 28:3 28:3 29:11 31:6 31:15 31:22 34:14 34:19 36:9 36:15 38:3 39:25 40:14 40:19

**them**(38) 3:21 3:22 3:23 6:1 6:11 7:16 7:18 8:22 9:12 9:12 9:13 9:22 9:25 11:3 11:17 11:18 13:1 13:2 13:7 13:19 14:21 15:24 18:10 19:16 21:9 21:24 23:13 28:10 28:16 31:6 31:6 31:20 31:21 31:21 32:18 32:24 34:17 40:18

**then**(15) 5:15 6:9 7:19 12:2 18:16 21:20 22:9 26:6 26:9 27:6 28:10 31:15 33:5 35:20 39:12

**theory**(6) 25:23 25:25 26:1 26:8 26:14 38:19
**there**(19) 4:7 4:24 5:18 6:2 6:17 10:2 10:20 11:25 13:19 17:13 17:16 19:5 20:23 27:20 32:8 33:5 33:24 38:6 39:10

**there's**(18) 5:9 6:17 6:19 10:16 12:2 12:18 17:8 25:4 31:1 31:8 33:7 33:13 33:14 33:21 34:7 34:11 34:20 39:10
**therefore**(1) 5:20
**these**(50) 5:1 5:6 5:21 6:11 7:16 8:18 8:18 9:10 10:10 10:11 10:13 13:9 17:5 20:4 20:14 21:4 22:1 22:24 22:25 23:2 23:8 23:16 24:2 24:9 24:14 24:15 24:25 25:2 25:7 25:12 25:14 25:23 28:1 28:18 29:11 30:21 30:24 31:4 31:18 32:14 33:12 35:4 35:8 35:10 36:15 38:14 39:21 40:9 40:16 40:23

**they**(99) 3:21 3:24 4:2 4:21 4:25 5:10 5:12 6:5 6:8 6:12 6:13 6:18 7:13 7:17 8:5 8:11 8:18 8:23 9:5 9:8 9:23 9:24 10:1 10:2 10:3 10:10 10:13 10:14 11:1 11:4 12:13 13:8 15:25 15:25 16:7 17:15 17:16 18:3 18:20 19:22 19:23 20:22 21:22 21:23 22:25 23:1 23:10 23:11 24:22 25:7 25:15 26:4 26:4 28:13 28:14 28:15 28:22 28:22 29:12 29:16 29:22 30:6 30:8 30:9 30:9 30:13 30:17 30:18 30:23 31:2 31:7 31:11 31:15 31:18 31:19 31:19 31:20 31:21 31:22 32:25 33:3 33:10 33:18 34:9 34:14 34:18 34:19 35:5 35:10 35:13 35:14 36:3 36:9 36:13 36:14 39:22 40:10 40:15 40:20

**they'd**(2) 9:14 31:16
**they're**(15) 9:2 16:5 16:16 20:3 26:6 26:10 28:12 29:10 31:5 33:11 33:11 34:13 34:17 36:17 38:6

**they've**(8) 9:11 17:21 25:6 28:23 30:5 30:20 32:1
**thing**(6) 8:15 23:12 25:9 26:13 26:13 33:1
**things**(5) 10:2 11:24 24:15 37:15 38:11
**think**(36) 6:25 10:21 13:3 14:9 15:3 15:11 16:6 17:16 18:10 18:22 20:12 20:13 20:17 21:2 21:6 22:4 22:11 22:15 23:7 23:14 24:16 25:15 26:4 26:16 27:10 30:8 32:12 34:2 36:19 36:23 37:6 38:20 39:13 40:17 40:21 41:1

**thinks**(2) 23:18 26:1
**third**(2) 17:13 28:14
**third-party**(2) 10:18 31:20
**this**(76) 3:6 3:16 5:5 6:17 6:22 6:25 7:11 8:15 9:2 9:3 11:22 11:24 12:6 13:12 14:3 15:2 15:7 15:10 16:1 16:13 16:21 16:24 17:21 17:23 19:2 19:23 20:4 20:20 20:24 21:17 21:18 21:21 21:24 22:16 22:20 24:10 24:10 24:11 24:12 24:13 25:10 25:24 26:8 26:11 26:12 26:14 26:20 27:22 27:25 30:6 30:18 30:19 30:21 31:12 32:3 33:8 33:19 33:24 34:2 34:2 34:9 34:15 34:23 35:18 35:19 35:20 36:16 37:5 37:17 38:7 38:12 39:1 39:5 39:13 39:19 39:20

**those**(15) 4:19 5:8 8:19 8:22 10:25 17:15 22:14 30:16 31:1 32:2 32:12 36:4 36:8 36:10 36:12

**though**(1) 26:2
**three**(2) 13:14 15:7
**threshold**(2) 16:6 16:24
**through**(5) 8:4 9:15 25:22 35:14 39:12
**time**(9) 6:4 6:25 20:10 21:13 21:21 22:4 23:10 34:2 34:11

**timeframe**(1) 25:6
**times**(2) 5:15 26:9
**timing**(1) 23:15
**today**(1) 3:8
**together**(2) 7:19 10:4
**told**(4) 21:16 30:21 36:25 38:9
**tomorrow**(1) 26:18
**touch**(1) 29:18
**touched**(2) 28:12 32:12
**transaction**(1) 14:15
**transcriber**(1) 41:13
**transcript**(3) 1:27 1:50 41:8
**transcription**(3) 1:45 1:45 1:50
**transfer**(1) 31:13
**transferred**(2) 22:23 24:13
**tremendously**(1) 35:22
**tried**(3) 8:23 23:4 30:20
**true**(4) 6:20 20:12 23:22 37:23
**try**(4) 12:4 22:19 26:15 28:3
**trying**(11) 6:11 8:10 9:16 12:10 25:22 27:25 29:7 29:10 30:4 31:25 33:15

**tuesday**(2) 24:21 25:10
**tunnell**(1) 1:33
**turn**(1) 3:9
**two**(14) 4:16 4:25 10:2 11:24 13:19 16:1 17:7 17:10 17:15 21:6 30:1 30:18 31:9 32:18

**two-part**(1) 4:12
**u.s**(25) 3:7 10:12 10:15 10:23 13:15 13:16 14:16 15:24 16:21 17:1 17:4 17:19 17:23 17:25 19:4 19:8 19:17 23:14 23:24 24:20 24:22 26:13 30:21 31:23 37:1
**unaware**(1) 15:1
**under**(7) 12:20 14:1 16:5 17:5 18:16 20:23 28:9
**undermine**(1) 4:3
**underscores**(2) 15:4 18:7
**understand**(6) 10:9 23:25 26:8 26:10 37:10 38:5
**understanding**(3) 37:25 38:2 38:8
**understands**(3) 19:3 19:3 24:3
**undisputed**(1) 20:2
**unfair**(1) 35:22
**unheard**(1) 34:16
**unique**(1) 21:25
**united**(2) 1:1 1:29
**unless**(4) 15:11 26:19 37:5 38:23
**unlike**(1) 14:3
**unrelated**(3) 34:14 34:15 34:17
**unseemly**(1) 39:23
**until**(2) 21:22 30:18
**unwittingly**(2) 15:9 37:3
**upcoming**(1) 26:17
**upholds**(1) 6:3
**upon**(1) 39:20
**use**(10) 5:25 7:5 7:13 7:16 7:17 9:16 10:9 24:12 34:6 40:3

**used**(9) 15:25 23:12 23:20 23:25 24:7 25:2 30:6 30:24 36:8

**using**(3) 11:20 13:1 35:8
**value**(8) 22:5 22:14 25:16 25:18 27:9 36:4 36:11 38:1
**various**(1) 25:16
**very**(21) 5:25 8:2 8:6 9:5 12:14 13:19 15:3 15:10 21:23 21:25 22:15 24:16 26:10 29:10 31:11 35:15 37:2 37:17 37:19 38:11 39:20

**violation**(1) 16:22

**virtually**(1) 18:2
**want**(25) 3:21 6:12 7:15 7:16 7:22 9:19 12:13 14:12 23:17 24:18 25:9 25:11 26:22 28:13 29:8 31:18 31:23 32:12 34:17 35:4 35:10 35:14 38:12 39:8 40:3

**wanted**(7) 13:14 13:17 13:23 19:2 27:18 35:1 37:7
**wants**(2) 9:6 35:11
**was**(54) 4:6 4:13 4:17 4:24 5:18 6:6 8:25 9:21 10:3 10:7 11:25 11:25 12:19 13:24 14:8 14:13 15:1 15:2 15:2 15:3 15:4 20:10 21:1 21:12 21:22 22:23 24:12 24:13 24:21 25:18 25:25 26:2 26:3 26:3 27:22 28:8 29:2 32:8 32:17 32:22 33:22 33:23 33:24 35:3 36:11 36:20 37:1 37:17 37:17 38:12 39:21 40:6 40:12 41:4

**wasn't**(2) 5:20 33:18
**wasteful**(1) 31:25
**way**(7) 10:16 21:16 22:13 24:1 26:16 28:21 35:6
**we're**(28) 3:15 7:13 8:7 8:8 8:8 9:11 10:17 11:5 12:21 15:21 18:3 22:24 23:12 24:2 24:8 25:3 25:3 25:5 25:13 25:22 26:14 27:7 28:23 29:10 30:4 31:25 38:4 38:13

**we've**(5) 9:9 12:17 23:9 36:10 38:2
**wearing**(1) 12:25
**weekend**(1) 41:2
**weeks**(2) 30:18 30:22
**well**(15) 8:5 10:2 12:1 13:19 14:18 18:20 18:22 21:25 26:20 30:15 32:14 36:24 37:8 38:24 39:9

**went**(2) 3:19 14:14
**were**(15) 4:21 4:25 5:10 5:22 6:8 6:18 10:10 10:13 17:1 20:5 25:17 31:11 31:15 34:8 37:19

**weren't**(2) 17:25 20:18
**what**(54) 3:14 3:15 3:16 5:1 5:4 5:12 5:24 6:8 6:10 7:14 7:22 8:5 8:7 8:8 8:8 8:8 8:10 8:25 9:8 9:10 10:1 10:6 10:17 12:3 12:22 12:25 17:12 24:8 24:12 24:13 25:15 25:17 25:22 25:25 26:22 27:9 27:20 27:25 28:12 28:15 29:5 29:6 30:10 31:3 31:17 31:18 33:17 34:13 34:14 35:9 35:15 36:10 36:17 38:9

**what's**(3) 9:25 32:11 39:25
**whatever**(1) 9:4
**when**(14) 4:3 5:10 6:5 6:20 12:7 14:20 20:25 25:7 25:19 32:20 33:4 33:9 34:13 37:18

**where**(17) 7:15 8:18 8:20 9:1 10:3 11:4 12:9 12:18 20:17 24:23 26:10 27:18 29:2 31:5 33:16 35:3 38:5

**whereupon**(1) 41:4
**whether**(5) 12:15 16:16 28:23 33:3 33:6
**which**(24) 8:2 11:14 11:15 12:4 13:22 13:24 14:5 14:9 14:22 15:4 16:9 17:13 19:19 19:21 20:15 21:15 26:17 31:12 32:18 35:3 36:5 36:10 36:24 39:12

**who**(25) 3:18 5:15 5:22 8:5 9:6 9:16 10:20 10:22 11:8 14:25 15:22 22:5 22:6 22:12 23:19 23:19 23:24 24:3 25:1 35:19 35:24 35:24 36:13 36:16 38:6

**who's**(3) 18:9 30:14 30:14
**whole**(1) 38:13
**whom**(3) 23:11 28:19 31:9
**why**(13) 7:15 15:10 15:16 20:23 22:15 23:23 25:13 29:9 30:13 33:1 33:12 38:4 38:13

**will**(5) 3:8 7:1 18:11 34:3 39:7
**wilmington**(2) 1:18 3:1
**win**(1) 21:5
**wish**(1) 41:2
**with**(73) 3:20 4:16 5:17 6:7 7:18 7:24 8:6 10:21 12:18 13:2 13:16 14:2 14:5 15:1 16:21 18:12 18:15 18:16 18:17 19:1 19:1 19:4 19:5 19:9 19:15 19:17 19:21 19:24 20:5 20:7 20:9 20:14 20:16 21:12 21:25 22:1 22:8 22:18 24:5 24:15 25:4 25:23 27:2 28:15 28:16 28:17 28:23 29:15 29:20 30:12 31:5 31:6 31:8 31:9 31:16 31:20 31:21 32:9 32:15 33:10 33:15 35:8 36:2 36:19 36:22 38:4 38:10 38:12 38:15 39:5 39:6 40:8 41:1
**withdrew**(1) 21:20
**within**(3) 22:14 22:22 24:9
**without**(8) 3:9 18:9 21:20 22:5 22:6 24:6 27:11 38:7
**witness**(15) 6:20 7:20 8:13 10:9 10:12 11:3 12:12 22:6 22:17 26:24 27:1 27:4 27:22 35:18 40:4

**witnesses**(11) 8:20 8:22 10:11 10:15 15:22 28:6 31:6 31:19 35:11 35:23 40:18

**won**(1) 26:4
**word**(2) 21:17 21:21
**words**(1) 9:20
**work**(22) 3:20 5:21 7:9 8:11 9:2 9:3 9:12 13:2 15:25 20:6 23:12 28:2 29:3 29:23 30:5 30:11 30:24 32:1 32:25 33:10 36:8 37:18

**worked**(5) 5:22 24:3 29:9 33:24 40:9
**working**(5) 3:24 13:1 20:9 32:21 34:9
**works**(4) 24:4 28:21 30:16 31:1

**would**(33) 4:3 6:3 10:21 13:4 13:8 13:20 16:2 16:11 16:17 16:19 16:22 18:2 18:5 18:10 18:22 20:25 21:5 23:1 23:1 23:7 23:14 23:15 24:4 25:7 29:23 30:9 32:10 33:2 36:1 36:18 39:4 39:7 40:19

**would've**(1) 8:24
**wouldn't**(1) 30:10
**wound**(1) 7:12
**wrong**(1) 26:1
**wrote**(2) 35:11 36:2
**www.diazdata.com**(1) 1:47
**years**(2) 5:22 15:7
**yes**(22) 4:8 4:19 5:9 5:10 7:15 9:21 10:13 12:14 12:19 15:19 20:23 27:14 32:20 34:8 34:23 34:25 35:4 35:7 35:7 39:3 40:9 40:14

**yesterday's**(1) 15:20
**yet**(4) 15:9 24:25 25:20 25:22
**you**(72) 3:5 3:11 5:3 9:1 9:3 9:21 9:25 10:17 11:17 11:17 11:19 11:20 12:13 12:19 12:20 12:23 13:2 13:6 13:10 13:12 15:13 15:14 15:15 20:20 20:21 20:25 26:16 26:19 26:20 26:21 26:22 26:23 27:14 27:16 27:18 28:10 28:11 28:18 28:19 29:3 29:5 29:9 29:20 30:17 31:17 31:17 32:9 32:11 32:20 32:24 33:4 33:6 33:9 33:11 33:15 33:16 33:25 34:7 34:8 34:8 34:8 34:21 37:11 37:12 39:9 39:15 39:16 39:18 40:3 40:24 40:25 41:2

**you'll**(1) 37:8
**you're**(3) 12:10 12:21 34:9
**you've**(2) 5:2 13:21
**your**(78) 3:5 3:6 3:7 3:13 3:25 4:4 4:19 6:14 7:9 7:11 7:21 7:22 8:24 9:8 9:18 11:19 11:20 12:6 12:6 12:24 12:25 13:6 13:12 15:11 15:14 15:17 15:20 16:4 16:20 16:24 17:3 17:19 19:2 21:9 24:15 25:9 26:1 26:2 26:2 26:15 26:18 26:22 27:14 28:10 28:11 28:19 28:20 28:25 29:18 29:25 30:1 30:23 31:8 31:24 31:24 32:10 32:20 33:14 33:15 33:22 34:7 34:23 36:1 36:5 36:18 37:2 37:6 37:10 37:11 37:24 38:12 38:18 38:25 39:1 39:4 39:7 40:24 40:25

**you’re**(2) 29:2 30:23
**you’ve**(1) 12:19