IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X
:
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
          Debtors. :
:
: RE: D.I. 16554
---------------------------------------------------------- X

**ORDER GRANTING DEBTORS' FORTIETH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (NO-BASIS CLAIMS, INSUFFICIENT DOCUMENTATION CLAIMS, NO-BASIS 503(b)(9) CLAIMS, NO-BASIS DEFERRED COMPENSATION CLAIMS, NO-BASIS PENSION CLAIMS, NO-BASIS RETIREE CLAIMS, NO-BASIS 401(k) CLAIMS, NO-BASIS EQUITY CLAIMS, REDUNDANT CLAIMS, MODIFY AND ALLOW CLAIMS, RECLASSIFY AND ALLOW CLAIMS AND WRONG DEBTOR CLAIMS)**

Upon the Debtors' Fortieth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis Claims, Insufficient Documentation Claims, No-Basis 503(b)(9) Claims, No-Basis Deferred Compensation Claims, No-Basis Pension Claims, No-Basis Retiree Claims, No-Basis 401(k) Claims, No-Basis Equity Claims, Redundant Claims, Modify And Allow Claims, Reclassify and Allow Claims and Wrong Debtor Claims) (the "Objection")[2] filed by Nortel Networks Inc. and certain of its affiliates, as

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]    Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 modifying, reclassifying, and allowing or disallowing the claims identified in **Exhibits A-B** attached thereto; and upon the Declaration of John J. Ray, III in Support of the Debtors' Fortieth Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis Claims, Insufficient Documentation Claims, No-Basis 503(b)(9) Claims, No-Basis Deferred Compensation Claims, No-Basis Pension Claims, No-Basis Retiree Claims, No-Basis 401(k) Claims, No-Basis Equity Claims, Redundant Claims, Modify And Allow Claims, Reclassify and Allow Claims and Wrong Debtor Claims), attached to the Objection as **Exhibit C**; and upon all other documentation filed in connection with the Objection and the claims, including certain claims identified in **Exhibits A-B** of the Objection; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Objection is **GRANTED** with respect to each of the claims identified in **Exhibits A-B** attached thereto.

2. All responses to the Objection, if any, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

3. Each of the No-Basis Claims identified in **Exhibit A** is hereby disallowed in full.

4. Each of the Insufficient Documentation Claims identified in **Exhibit A** is hereby disallowed in full.

5. Each of the No-Basis 503(b)(9) identified in **Exhibit A** is hereby disallowed in full.

6. Each of the No-Basis Deferred Compensation Claims identified in **Exhibits A-B** is hereby disallowed in full.

7. Each of the No-Basis Pension Claims identified in **Exhibit A** is hereby disallowed in full.

8. Each of the No-Basis Retiree Claims identified in **Exhibit A** is hereby disallowed in full.

9. Each of the No-Basis 401(k) Claims identified in **Exhibit A** is hereby disallowed in full.

10. Each of the No-Basis Equity Claims identified in **Exhibit A** is hereby disallowed in full.

11. Each of the Redundant Claims identified in **Exhibit A** is hereby disallowed in full.

12. Each of the Modified, Reclassified and Allowed Claims identified in **Exhibit B** is hereby modified and/or reclassified and allowed for the Modified Claim Amounts identified in **Exhibit B** and each of the Wrong Debtor Claims that failed to identify or correctly identify the Debtor liable for such claims identified in **Exhibit B** is hereby modified and/or reclassified and allowed against the Identified Debtor.

13. Notwithstanding Local Rule 3007-1(f)(iii), with respect to each of the claims in **Exhibits A-B** to the Objection lacking supporting documents, to the extent that claimants are

3

permitted to amend the proofs of claim or otherwise provide documentation or other evidence supporting the amount of claims that are being disallowed herein, such amendment or provision shall be subject to the Debtors' rights to object to such claims on all grounds, whether legal, factual, procedural, substantive or non-substantive.

14. This order shall be deemed a separate order with respect to each of the claims identified in **Exhibits A-B** to the Objection. Any stay of this order pending appeal by any claimant whose claim is subject to this order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this order with respect to the other contested matters listed in the Objection or this order.

15. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this order.

16. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this order.

Dated: March 22, 2016
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE