IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| | (Jointly Administered) |
| Debtors. | **Re: Dkt. No. 16638** |

**STATEMENT, REQUEST FOR JOINT HEARING, AND RESERVATION OF RIGHTS OF THE MONITOR AND THE CANADIAN DEBTORS REGARDING MOTION OF LIQUIDITY SOLUTIONS, INC. FOR ENTRY OF AN ORDER AUTHORIZING AND DIRECTING INTERIM DISTRIBUTIONS OR CONVERTING CASES TO CHAPTER 7**

Ernst & Young Inc., the court-appointed Monitor (the "**Monitor**") and foreign representative of Nortel Networks Corporation, Nortel Networks Limited, and certain of their direct and indirect Canadian subsidiaries (collectively, the "**Canadian Debtors**") in proceedings under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, pending before the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**", and together with this Court, the "**Courts**"), on behalf of itself and the Canadian Debtors, hereby respectfully makes this statement, request for a joint hearing, and reservation of rights in connection with the *Motion of Liquidity Solutions, Inc. for Entry of Order (a) Authorizing and Directing Debtor, Nortel Networks Inc., to Make Interim Distributions on Allowed Administrative, Priority, and Unsecured Claims or (b) Converting Cases to Chapter 7 Pursuant to Section 1112(b) of the Bankruptcy Code* (the "**Motion**") [Dkt. No. 16638].

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

In support thereof, the Monitor and the Canadian Debtors respectfully state as follows:

**STATEMENT**

1. The Monitor and the Canadian Debtors would like to see distributions made to creditors in the Nortel insolvency proceedings as soon as possible. However, the proposal made by LSI in the Motion raises as many questions as it answers. It is uncoordinated, unilateral, and bound to create chaos among the Nortel debtors, including further contested proceedings.

2. Simply put, any interim relief with respect to the allocation and distribution of sale proceeds cannot ignore that the Nortel group is subject to complex, cross-border insolvency proceedings, where there remain outstanding appeal proceedings in relation to the allocation of such proceeds. The Monitor and Canadian Debtors require more time to engage in their own analysis with respect to the predicate assumptions that would be required to authorize interim allocations and distributions on the basis of this Court's and the Ontario Court's decisions to adopt a modified pro rata allocation methodology, and to develop the mechanism (and proposed amounts) for appropriate, court-approved, interim relief that will not jeopardize the legal positions of the respective estates. Accordingly, the Monitor and the Canadian Debtors submit that the Motion (and the time to file objections) should be adjourned *sine die* (and without prejudice) to provide the various Nortel debtors and estate fiduciaries sufficient time to consider potential terms with respect to an interim allocation and distribution in the event these cases remain in stasis during the pendency of appeals of the allocation decisions.

3. In any event, if it does become necessary for this Court to consider any proposal with respect to an interim allocation and distribution of sale proceeds from the lockboxes, such relief must be heard together with the Ontario Court in a joint hearing. LSI's

decision to not seek companion relief from the Ontario Court means that even if this Court were to enter an order approving the Motion as it relates to the joint sale proceeds, its order would have no practical effect since, absent agreement among the relevant parties to the escrow agreements, the sale proceeds may only be released from escrow by the escrow agent upon entry of orders of *both* this Court and the Ontario Court after a joint hearing conducted pursuant to the Cross-Border Insolvency Protocol approved by this Court's Order dated June 29, 2009 [Dkt. No. 990] (the "**Cross-Border Protocol**").[2] As such, any proposal for an (effective) interim allocation of the escrowed sale proceeds must be considered together with the Ontario Court at a joint hearing.

**REQUEST FOR JOINT HEARING AND**
**RESERVATION OF RIGHTS AND OBJECTIONS**

4. As discussed above, the relief sought by the Motion should not be considered in the uncoordinated manner proposed by LSI and the Monitor and the Canadian Debtors respectfully request that this Court adjourn consideration of the Motion *sine die* and without prejudice to its renewal at a later date.

5. If, however, this Court is inclined to consider the Motion, it should only be considered on a joint basis with the Ontario Court. Any decision by this Court to authorize the interim release of escrowed funds would implicate the allocation decisions currently on appeal and the interests of the Canadian Debtors and their creditors. In addition, as noted above, orders

---

[2] This Court and the Ontario Court are the courts required to determine allocation matters under the Allocation Protocol approved by Order of this Court dated, May 17, 2015 [Dkt. No. 10565], and Order of the Ontario Court dated May 30, 2015. In addition, the Courts together have jurisdiction over matters related to allocation of joint sale proceeds under the Interim Funding and Settlement Agreement (the "**IFSA**"), which was approved by this Court's Order dated June 29, 2009 [Dkt. No. 993], and such matters must be considered in a joint hearing pursuant to the Cross-Border Protocol. *See* IFSA ¶ 16(b). Similarly, each of the distribution escrow agreements entered into by selling debtors in relation to the joint asset sales provide that both this Court and the Canadian Court shall together exercise exclusive jurisdiction over any matter arising from or in connection with the distribution escrow agreements, which in each case govern the release of sale proceeds from escrow. *See, e.g., Order Pursuant to 11 U.SC. § 105(a) and § 363(b) (a) Approving Debtors' Entry into the Enterprise Solutions Business Escrow Agreement and (b) Granting Related Relief* [Dkt. No. 2167], Exhibit A ¶ 21.

from both this Court and the Ontario Court, after a joint hearing, would be required to obtain the release of any escrowed sale proceeds.  In the circumstances, the hearing of the Motion should be adjourned to permit LSI to make a direct motion for relief to the Ontario Court and to afford all parties in interest a fair opportunity to consider the full scope of relief requested from the Courts and submit appropriate responsive briefing as needed.  The Monitor and the Canadian Debtors hereby reserve all rights with respect to such briefing.

6. The Monitor and Canadian Debtors have made a written request to LSI to proceed with its Motion at a joint hearing in the event the Court does not grant the Monitor's and Canadian Debtors' request for an adjournment.  LSI has not, prior to the filing of this Statement, agreed to proceed via a joint hearing with the Ontario Court, and, therefore, the Monitor and the Canadian Debtors hereby request, pursuant to section 15(d) of the Cross-Border Protocol, the IFSA, and the relevant distribution escrow agreements, that this Court only consider the Motion together with the Ontario Court in a joint hearing in accordance with the relevant provisions of the Cross-Border Protocol.

## **CONCLUSION**

7. For the foregoing reasons, the Monitor and the Canadian Debtors respectfully request that this Court (i) adjourn the Motion (and the time to file objections) *sine die* and without prejudice, (ii) in the alternative, direct that the Motion be heard jointly with the Ontario Court, and (iii) grant such other and further relief as it deems just and proper.

[*Intentionally left blank*]

Dated: April 4, 2016
Wilmington, Delaware

**BUCHANAN INGERSOLL & ROONEY PC**

/s/   Kathleen A. Murphy
Mary F. Caloway (No. 3059)
Kathleen A Murphy (No. 5215)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
kathleen.murphy@bipc.com

-and-

**ALLEN & OVERY LLP**

Ken Coleman
Jacob S. Pultman
Laura R. Hall
1221 Avenue of the Americas
New York, New York  10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
ken.coleman@allenovery.com
jacob.pultman@allenovery.com
laura.hall@allenovery.com

*Attorneys for Ernst & Young Inc., as Monitor and Foreign Representative of the Canadian Debtors*