```
                  IN THE UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF DELAWARE


IN RE:                          )    Case No. 09-10138(KG)
                                )    (Jointly Administered)
                                )
NORTEL NETWORKS, INC., et al.,)      Chapter 11
                                )
                                )    Courtroom 3
                                )    824 Market Street
            Debtors.            )    Wilmington, Delaware
                                )
                                )    March 22, 2016
                                )    10:00 a.m.



                      TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE JUDGE KEVIN GROSS
                  UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                Morris Nichols Arsht & Tunnell, LLP
                            BY: DEREK C. ABBOTT, ESQ.
                            1201 North Market St., 18th Floor
                            Wilmington, DE  19899-1347
                            302-351-9200

                            Cleary Gottlieb Steen & Hamilton
                            BY: PHILIP CANTWELL, ESQ.
                            One Liberty Plaza
                            New York, NY  10006
                            212-225-2000

ECRO:                       GINGER MACE

Transcription Service:      DIAZ TRANSCRIPTION SERVICES
                            331 Schuylkill Street
                            Harrisburg, Pennsylvania 17110
                            (717) 233-6664
                            www.diaztrans.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For Official Creditor's
Committee:                          Akin Gump Strauss Hauer & Feld
                                    BY: MATTHEW FAGEN, ESQ.
                                    One Bryant Park
                                    Bank of America Tower
                                    New York, NY  10036
                                    212-872-1000

                                    Whiteford Taylor Preston, LLP
                                    BY: CHRISTOPHER SAMIS, ESQ.
                                    405 North King Street
                                    Wilmington, DE  19801
                                    302-357-3266

For the PBGC:                       Pension Benefit Guaranty Corp.
                                    BY: VINCENT M. MURRELL, ESQ.
                                    1200 K Street, N.W.
                                    Washington, DC 20005
                                    202-326-4020

TELEPHONIC APPEARANCES:

For Monitor, Ernst & Young:         Allen & Overy, LLP
                                    BY: JOSEPH BADTKE-BERKOW, ESQ.
                                    (212) 610-6417

                                    Buchanan, Ingersoll & Rooney
                                    BY: KATHLEEN MURPHY, ESQ.
                                    (302) 552-4214

For Official Committee of           Akin Gump Strauss Hauer & Feld
Unsecured Creditors:                BY: DAVID BOTTER, ESQ.
                                    212-872-1055

For Interested Party:               Dow Jones & Company
                                    BY: PEG A. BRICKLEY, ESQ.
                                    215-462-0953

For Interested Party,               Bank of America
Bank of America:                    BY: ESTHER CHUNG, ESQ.
                                    646-855-6705

For Reorg Research, Inc.:           Reorg Research, Inc.
                                    BY: JASON B. SANJANA, ESQ.
                                    212-558-8890

1

1  WILMINGTON, DELAWARE, TUESDAY, MARCH 22, 2015, 10:30 A.M.

2              THE CLERK:  Please rise.

3              THE COURT:  Good morning everyone.  You may be

4  seated.  I apologize for the delay.

5              MR. ABBOTT:  Your Honor, we started it.

6              THE COURT:  It's not technology.

7              MR. ABBOTT:  We started it.

8              THE COURT:  All right.  Thank you.  Mr. Abbott,

9  how are you?

10             MR. ABBOTT:  I'm good, Your Honor.  Thank you for

11 asking.

12             THE COURT:  Good.

13             MR. ABBOTT:  Your Honor, Derek Abbott, of Morris

14 Nichols, here for the U.S. Nortel Debtors.  Today, Your

15 Honor, hopefully it ought to be a relatively routine and

16 quick hearing.  One issue that caused us to ask for a little

17 time at the beginning was that one of the former employees

18 had contacted your Chambers this morning --

19             THE COURT:  Oh.

20             MR. ABBOTT:  -- who wanted to be appear and be on

21 Objection.  We got her name, got her number, researched her

22 claim.  As it turns out, Ms. Cilia, who Your Honor will

23 recall --

24             THE COURT:  Yes.

25             MR. ABBOTT:  -- was able to actually speak with

1   her and resolve the issue.

2              THE COURT:  Okay.

3              MR. ABBOTT:  She had waived the claim she was

4   concerned about based on one of the larger settlements.  So

5   that's all done.  She had signed the Waiver Agreement but

6   didn't remember how it all worked out apparently so that

7   one's resolved.  We won't have to deal with that.

8              THE COURT:  Okay.

9              MR. ABBOTT:  But I'm going to cede the podium,

10  Your Honor, to Mr. Cantwell, from Cleary, who will run

11  through the Fortieth and Forty-First generally.

12             THE COURT:  Thank you, Mr. Abbott.

13             MR. ABBOTT:  Thank you, Your Honor.

14             THE COURT:  Good to see you again and, Mr.

15  Cantwell, good to see you again, sir.

16             MR. CANTWELL:  Good to see you again, Your Honor.

17  Thank you.

18             THE COURT:  And it's good to see all the others in

19  the Courtroom too.  Good morning to you.

20             MR. CANTWELL:  Good morning, Your Honor, Philip

21  Cantwell, of Cleary, Gottlieb, Steen & Hamilton, here today

22  on behalf of the Debtors to address three contested claims

23  regarding the two Omnibus Objections that Mr. Abbott just

24  mentioned.

25             THE COURT:  Yes.

1          MR. CANTWELL:  The first, the Fortieth Omnibus

2  Objection, is Docket Item 16554.  The second is the Debtor's

3  Forty-First Omnibus Objection, which is Docket Item 16556.

4  And, Your Honor, generally, at least as it pertains to what

5  you have before you today, these two Objections sought to --

6  seek to either expunge or reclassify and allow severance

7  claims filed by former employees of the Debtors.  Your Honor,

8  four individuals responded to these two Objections.  The

9  Debtors replied last Thursday in a Reply at Docket Item

10  16625.

11          THE COURT:  Yes.

12          MR. CANTWELL:  We're only dealing with three

13  today.

14          THE COURT:  That's right.

15          MR. CANTWELL:  One, Mr. Leith Tessy's response

16  regarding his claim, 7294.  We've mutually adjourned it to

17  April 19th so that is not before you today.  And we have a

18  revised Form of Order that addresses that and we can hand it

19  up at the end, depending on how things go today.

20          THE COURT:  Okay.

21          MR. CANTWELL:  Your Honor, these three Objections

22  generally fall into two types and I would propose to take

23  them by category.  The first, which is reflected in the

24  response of Mr. Robert Paul Smith, filed with the Fortieth

25  Omnibus Objection, objects to the Debtor's proposed

1  expungement of his claim, despite the fact that, like an

2  individual whose claim you addressed I believe last June, Mr.

3  Budihardjo, despite the fact that Mr. Smith waived his

4  severance claim pursuant to a written severance waiver that

5  he signed so that he could receive retirement benefits over

6  eight months before he was otherwise going to be able to

7  receive those benefits.

8           THE COURT:  Right.

9           MR. CANTWELL:  I'm not sure if Mr. Smith or Mr.

10  Thompson or Mr. Kim, the three individuals whose Objections

11  we're going to be addressing today are on the line.

12          THE COURT:  None of them are on the line.

13          MR. CANTWELL:  Okay.

14          THE COURT:  Let me just confirm that.  Are either

15  -- is Mr. Smith, Mr. Kim, or Mr. Thompson on the phone?

16  (No Audible response.)

17          THE COURT:  All right.  They're not on the phone.

18          MR. CANTWELL.  Okay.  Thank you, Your Honor.

19  That's the first Objection.  The second set of Objections,

20  and we'll come back to these in just a moment, is reflected

21  in the responses of Mr. Kim and Mr. Thompson, and these are

22  Objections to the Debtor's proposed reduction and allowance

23  of their severance claims because these claims must be

24  reduced pursuant to the terms of their Severance Plan that

25  was in effect on the dates that they left the employment of

1   the Debtors because the Debtors paid them in cash during the

2   WARN Act period, which --

3              THE COURT:  Right.

4              MR. CANTWELL:  -- we can discuss in further

5   detail.  The Debtors relevant Severance Plan at the time

6   provided that those cash amounts must be offset against their

7   severance claim, accounting for the fact that they're getting

8   cash initially instead of a claim that is -- the Debtors have

9   yet to be able to pay on.

10             Your Honor, as Mr. Abbott mentioned, we could

11  start in Ms. Mary Cilia from RLKS Executive Solutions, LLC,

12  who's the Debtor's Claims Consultant and who is the Declarant

13  for the Debtor's replies in the Courtroom today --

14             THE COURT:  Yes.

15             MR. CANTWELL:  -- should anyone wish to cross-

16  examine her.

17             THE COURT:  Ms. Cilia, good morning.

18             MS. CILIA:  Good morning.

19             MR. CANTWELL:  Considering Mr. Kim, Thompson, and

20  Smith are not on the line, at this point, Your Honor, I would

21  move -- unless somebody would like to cross-examine Ms.

22  Cilia, I would request that the Court accept her testimony by

23  Declaration and the exhibits attached thereto.

24             THE COURT:  Does anyone wish to be heard on this?

25  Any cross-examination?  Of course not.  And the Declaration

1 | is admitted into evidence.

2 |       MR. CANTWELL:  Thank you, Your Honor.  If it works

3 | for Your Honor, I'd propose to start with Mr. Smith's --

4 |       THE COURT:  Sure.

5 |       MR. CANTWELL:  -- severance waiver claim.

6 |       THE COURT:  Yes.

7 |       MR. CANTWELL:  Your Honor, the Debtors objected to

8 | Mr. Smith's claim, which was a claim asserting $89,939.20,

9 | because Mr. Smith affirmatively waived his right to press the

10 | severance claim by signing a severance waiver on April 1st,

11 | 2009, which is attached to the Cilia Declaration --

12 |       THE COURT:  That's right.

13 |       MR. CANTWELL:  -- at Exhibit 5.  Your Honor, as I

14 | mentioned, for context, this is the exact same issue that you

15 | addressed in response to the Thirty-Eighth Omnibus Objection

16 | to Mr. Budihardjo, and just as a bit of refresher and then

17 | I'm happy to move along if Your Honor sees fit, Mr. Smith

18 | made himself eligible for accelerated retirement benefits.

19 |       THE COURT:  Right.

20 |       MR. CANTWELL:  Under the terms of the Debtor's

21 | Retirement Income Plan, he was not going to be able to

22 | receive retirement payments until his severance period had

23 | expired and because of his service with the company, he was

24 | looking at approximately an eight-month severance period.  So

25 | he was actually going to be ineligible to receive any sort of

1  draw on his retirement pension, despite leaving the company

2  in April of 2009, until January 1st, 2010.  Mr. Smith elected

3  not to wait.  He elected to forego his claim -- forego the

4  right to wait and assert his severance claim against the

5  Debtors, and in exchange for that, as I mentioned, he was

6  able to draw on his pension early and receive a steady sure

7  stream of income that would have been otherwise unavailable

8  to him for nearly a year.  The waiver that he signed, again,

9  which is attached to the Cilia Declaration, outlined, as it

10  did with Mr. Budihardjo, the factors and considerations that

11  he should take into account, required him to affirmatively

12  sign and opt-in to the opt-out, if you will.

13          THE COURT:  Right.

14          MR. CANTWELL:  He did so and because Mr. Smith

15  executed the waiver, it was knowing, it was voluntary, and it

16  enabled him to receive early benefits for the same -- excuse

17  me, enabled him to receive early benefits.  The Debtors would

18  request, for the reasons set forth in our Reply and set forth

19  before you today, that the Objection to his claim be

20  sustained.

21          THE COURT:  All right.  Thank you, Mr. Cantwell,

22  does anyone else wish to be heard on this one?

23  (No audible response.)

24          THE COURT:  Well, I am satisfied that -- fully

25  satisfied, based upon the Cilia Declaration, that Mr. Smith

1    indeed did waive his claim here.  He did so knowingly and

2    voluntarily and without any pressure upon him and he did so

3    in order to receive accelerated retirement benefits.  All of

4    that is clear from the Declaration and from the Exhibit 5 to

5    the Declaration which applies to Mr. Smith.  So for those

6    reasons, I am going to sustain the objection.

7         MR. CANTWELL:  Thank you, Your Honor.  Your Honor,

8    I'd now like to move to the Objections to Mr. Kim and Mr.

9    Thompson.

10         THE COURT:  Very well.  Thank you, Mr. Cantwell.

11         MR. CANTWELL:  These two responses were received

12    in response to the Debtor's Forty-First Omnibus Objection.

13    Again, for Mr. Ethan Kim, who's asserting claim 7307, his

14    response is on the docket at 16617, and Mr. Jeffrey Thompson

15    who is asserting Claim 1454 and his response is on the

16    Docketed at 16611.

17         THE COURT:  Yes.

18         MR. CANTWELL:  And each of them, Your Honor, are

19    asserting full entitlements to severance claims, which as I

20    mentioned earlier, have not been properly offset by the

21    amounts that they received in non-working WARN Act payments,

22    which I'll discuss in further detail.

23         Mr. Kim's and Mr. Thompson's claims are rooted in

24    the Nortel Network severance allowance plan, which we've

25    attached to the Cilia Declaration as Exhibit 3.  I'll just

1   refer to that as the Severance Plan.  In relevant part, the

2   Severance Plan states in Section 4.1 that the Board of

3   Directors of NNI may "amend this Plan from time to time or

4   terminate this Plan at any time by written instrument of the

5   Board of Directors" and that "any amendment to this Plan may

6   reduce or eliminate benefits payable under this claim to

7   persons who are employees as of the effective date of the

8   amendment."

9          THE COURT:  Yes.

10         MR. CANTWELL:  Your Honor, on February 13th, 2009,

11  by written amendment of the Board of Directors, NNI modified

12  the Severance Plan as it was able to do under the terms of

13  the Severance Plan that came before it.  That amendment is

14  included as Exhibit 4 to the Cilia Declaration and that

15  Severance Plan modification stated the following, and if

16  you'll excuse me for a moment, I would like to just read this

17  into the record, the paragraph.

18         THE COURT:  Please.  Thank you, Mr. Cantwell.

19         MR. CANTWELL:  It says "Any severance allowance

20  payable to an employee under this Plan shall be offset by any

21  other severance, redundancy, pay in lieu of notice or

22  termination payment made by an employer to an employee other

23  than pursuant to this Plan."  And it continues and says

24  "including but not limited to any amounts paid pursuant to

25  Federal, State, Local, or Foreign Government Worker

1   Notification (e.g. U.S. Worker Adjustment and Retraining

2   Notification Act) or office closing requirements." And then

3   it continues "which immediately precedes the commencement of

4   payment of such severance allowance."

5            THE COURT:  Yes.

6            MR. CANTWELL:  To rephrase that, if you receive

7   payments pursuant to the WARN Act that immediately precede

8   the start of your severance period, those amounts, because

9   here in the Debtor's cases where the Debtors are unable to

10  pay severance where employees are left with severance claims

11  and not cash-in-hand on the date that their employment ends,

12  those amounts received pursuant to the WARN Act must be

13  offset against the ultimate severance claim.

14           The WARN Act here applied to Mr. Kim and Mr.

15  Thompson and there's a common timeline that underlies both

16  their claims, which I think will frame the discussion of each

17  of their claims.  The amendment to the Severance Agreement

18  was approved in February of 2009.  They were both employed by

19  NNI at that time, as required in order to affect them.  Then

20  at some point after February of 2009, WARN Notice was

21  provided to each of them telling them their termination date

22  was going to come at the end of the 60-day calendar notice

23  period from the date that they received these WARN Notices.

24           THE COURT:  Right.

25           MR. CANTWELL:  Each then stopped working for the

1  Debtors before that 60th day was reached.  So there's a period

2  of time pursuant to which the Debtors continued to pay them

3  their regular salary.  They continued to receive their

4  paychecks and their benefits but they were no longer working

5  at the U.S. Debtors and it's that timeframe, from the date

6  they stopped working through the culmination of that 60-day

7  Notice period, which the Debtors seek to offset against each

8  of these gentlemen's severance claims.

9          Jumping then to Mr. Kim's claim, Claim 7307, he's

10 asserted a $29,188.43 claim --

11         THE COURT:  Yes.

12         MR. CANTWELL:  -- that should be reclassified,

13 reduced, and allowed at $23,218.40.  And following the same

14 fact pattern that we just walked through, Mr. Kim's severance

15 claim is governed by the Severance Plan in effect at the time

16 of his termination.  That Severance Plan provided for the

17 offsetting WARN Act payments.  And as we set forth in

18 paragraph 6 of the Cilia Declaration, Mr. Kim received his

19 WARN Act Notice on April 22nd, 2010.  That date is also

20 reflected actually in Exhibit C to the Cilia Declaration,

21 which is Mr. Kim's Proof of Claim.  He attaches a Notice that

22 reflects an April 22nd Notice date and in the bottom right-

23 hand corner it says "U.S. Workforce Reduction WARN Eligible."

24         THE COURT:  Yes.

25         MR. CANTWELL:  For Mr. Kim having received this

1    Notice on April 22nd, that meant that his 60-day WARN Act

2    period expired on June 21st, 2010.  So it ran from April 22nd

3    through June 21st.  He then continued to work for the Debtors

4    for approximately five weeks as the CVAS transaction was

5    closing.  Five weeks in -- he worked through May 28th, 2010.

6    May 28th was his final working day for the Debtors.  So you

7    move from April 22nd through May 28th he was working and

8    continued to be paid for his work.  May 28th is his last day.

9    So then from May 28th through June 21st, he received non-

10   working WARN Act payments.

11          THE COURT:  Yes.

12          MR. CANTWELL:  This was exactly what is

13   contemplated in the Severance Plan that needs to be offset

14   against his ultimate severance claim.  That three-week period

15   in which he was not working he received $5,168.94.

16          THE COURT:  Yes.

17          MR. CANTWELL:  And it's that amount, subject to a

18   few calculation adjustments, to properly value the benefits

19   that he had received and that needed to be included in his

20   claim, and I'm happy to walk through those if Your Honor

21   would like.

22          THE COURT:  The 2,542?

23          MR. CANTWELL:  That's correct.

24          THE COURT:  Okay.

25          MR. CANTWELL:  There was a bonus, a truing up, if

1    you will, and that 2,542 is the pro-rata value of his

2    continuing health and other benefits during the severance

3    period --

4                    THE COURT:  Okay.

5                    MR. CANTWELL:  -- that were not accounted for in

6    the same way in his Proof of Claim.

7                    THE COURT:  Right.

8                    MR. CANTWELL:  Your Honor, I mentioned Mr. Kim

9    filed a response.  His response contests that the reduction

10   of his claim was based on an analysis of other claims and

11   that there is -- the reductions of other claims are either

12   more or less than his and he didn't think that it added up.

13   But what Mr. Kim asked for was that his claim be re-reviewed

14   and he either receive a higher adjusted claim or a clear

15   explanation of how this was calculated and the Debtors

16   believe that we provided this clear explanation of how this

17   was calculated, in addition to believing that we are correct

18   in asserting that his claim should be reduced, reclassified,

19   and allowed at the $23,218.40 amount.

20                   THE COURT:  Do you know how he claimed the

21   29,188.43?  Do you know where that number came from?

22                   MR. CANTWELL:  So, yes, generally.  That was an

23   incorrect calculation --

24                   THE COURT:  I thought so.

25                   MR. CANTWELL:  -- because he not only claimed for

1    the entire severance period --

2                THE COURT:  Right.

3                MR. CANTWELL:  -- the Debtors assert that that

4    proper amount was somewhere around $25,000, you know, before

5    the reduction.  To get to that $29,000 he had claimed for the

6    entire I believe 15 -- yes.  He claimed for his entire 15-

7    week period and he also added certain benefits, like long-

8    term disability and short-term disability which were actually

9    never paid or provided during any severance period.

10               THE COURT:  That's right.

11               MR. CANTWELL:  So by adding additional benefits,

12   it got a little bit -- it's higher than where the Debtors had

13   calculated it.

14               THE COURT:  Okay.  Well --

15               MR. CANTWELL:  Unless Your Honor has further

16   questions as to Mr. Kim, that's all I have for him.

17               THE COURT:  No I don't, and I'm prepared to -- why

18   don't I just say that I am prepared to sustain the objection.

19   I understand your formula.  You've provided Mr. Kim with the

20   basis for it and a full explanation, and therefore, his claim

21   is -- let's see.  It's a net of 20,675.77, as I understand

22   it.

23               MR. CANTWELL:  I believe, Your Honor, we had

24   proposed reducing it and allowing it at $23,218.40.

25               THE COURT:  There it is.  I'm sorry.  That's

1  correct.

2          MR. CANTWELL:  So just a little bit higher than--

3          THE COURT:  That's right.

4          MR. CANTWELL:  -- that number.

5          THE COURT:  That's right.  All right.  So,

6  therefore, I sustain the objection and there's a revaluation

7  of the claim.  Is that correct?

8          MR. CANTWELL:  That's correct.

9          THE COURT:  All right.

10          MR. CANTWELL:  It's a reduce, reclassify, and

11  allow.

12          THE COURT:  Yes, reclassify.

13          MR. CANTWELL:  And, Your Honor, just to be clear,

14  the reclassification, there were amounts, $10,000 asserted as

15  a priority, $18,000 asserted as unsecured, and the Debtors,

16  after recalculating it, actually believe that there is a

17  portion that's administrative, separately a portion that's a

18  priority claim, separately a portion that is an unsecured

19  claim.

20          THE COURT:  Yes.

21          MR. CANTWELL:  So that's where the

22  reclassification comes from.

23          THE COURT:  Okay.  That's fine.

24          MR. CANTWELL:  So thank you, Your Honor.  And that

25  brings us to the final claim before you today, the claim of

1    Mr. Jeffrey Thompson.  It's Claim Number 1454.  His response

2    is on the Docket at 16611.  Similar to Mr. Kim, he's

3    asserting a claim for the full value of his severance without

4    deducting the non-working WARN Act payments that he received

5    immediately prior to the beginning of his severance period.

6              THE COURT:  That's right.

7              MR. CANTWELL:  Mr. Thompson asserts a $40,425

8    claim that should be reclassified, reduced, and allowed at

9    $28,794.80.  Just like with Mr. Kim, Mr. Thompson's severance

10   claim is governed by the same Severance Plan that was in

11   effect at the time of his termination and requires the

12   offsetting that we've been discussing today and as set forth

13   in paragraph 7 of the Cilia Declaration, a review of the

14   Debtor's books and records indicate that Mr. Thompson

15   received his WARN Notice that kicks off his 60 calendar day

16   Notice period on April 1st, 2009.  And for Mr. Thompson, that

17   meant that his 60-day WARN Notice period expired on May 31st,

18   2009.  Now, Mr. Thompson, unlike Mr. Kim, did not continue to

19   work after receiving his WARN Act Notice.  He received it on

20   April 1st.  That is the day that the Debtors have in their

21   books and records that he departed and no longer continued to

22   work for the Debtors.

23             THE COURT:  Okay.

24             MR. CANTWELL:  So unlike Mr. Kim who continued to

25   work for five weeks through the CVAS transaction, Mr.

1  Thompson's non-working WARN Act claim is larger because it

2  spans the entire 60-day working period.  During the 60-day

3  period, the Debtor's books and records reflect that this is

4  $12,936.

5            THE COURT:  Yes.

6            MR. CANTWELL:  And it's that amount that the

7  Debtors seek to reduce his claim, just like we've been

8  discussing.  Pursuant to the Severance Plan, it's an amount

9  paid pursuant to the WARN Act that immediately proceeded the

10 commencement and payment of the severance allowance, which

11 here, because the Debtor is not allowed to pay severance,

12 it's his severance claim that is offset.  As with Mr. Kim,

13 the $12,936 reduction off the top of his $40,425 claim gets

14 you to around $27,500.  And then adding back in the same

15 similar bonus, the same pro-rata value of his continuing

16 health benefits that he would have received during the

17 severance period, which is $1,305, you get to a net of

18 $28,794.80.

19            THE COURT:  Yes.

20            MR. CANTWELL:  Mr. Kim's response -- excuse me.

21 Mr. Thompson's response asks, like Mr. Kim did, that the

22 reduction be substantiated with a specific rationale and

23 quantitative justification for any such reduction.  The

24 Debtors believe that the Reply -- the testimony or the

25 discussion with you today, the information attached in the

1   Celia Declaration to the Reply --

2              THE COURT:  Yes.

3              MR. CANTWELL:  -- provides that information.  Mr.

4   Thompson continued in paragraph 6 of his response to contend

5   that there was no WARN process, nor payments involved during

6   his involuntary termination, and Your Honor, this is

7   inaccurate for two reasons.  First of all, the Debtor's books

8   and records show that his last day was April 1st and that he

9   received the WARN Act Notice on April 1st.  Ms. Celia's

10  Declaration, at paragraph 7 attests to this, and I think more

11  telling here that the Notice that is attached as Exhibit A to

12  Mr. Thompson's response, again, as Mr. Kim's indicated in the

13  bottom right-hand corner, again says "U.S. Workforce

14  Reduction WARN Eligible" and is dated April 1st, 2009.

15             THE COURT:  Yes.

16             MR. CANTWELL:  And it appears that Mr. Thompson

17  had written on the top left corner "Layoff Notice" in the

18  documentation that he submitted with his response.

19             THE COURT:  Okay.

20             MR. CANTWELL:  So with Mr. Cilia's review of the

21  books and records and even the documentation attached to Mr.

22  Thompson's own claim, the Debtors have no doubt that he did

23  receive WARN Act Notice, that he was continued -- that he

24  continued to receive payment during that 60-day period; the

25  Debtor's books and records also reflect this, and because of

 1   that, those non-working WARN payments to the tune of the

 2   $12,936 amount --

 3              THE COURT:  Yes.

 4              MR. CANTWELL:  -- were non-working WARN Act

 5   payments and should properly be offset against his severance

 6   claim.

 7              THE COURT:  That's right.

 8              MR. CANTWELL:  Your Honor, that's all I have on

 9   Mr. Thompson, aside from stating that, in sum, the Debtors

10   request that his claim be reduced, reclassified, and allowed

11   at $28,794.80.  If Your Honor has any questions, I'm happy to

12   address them.  Otherwise --

13              THE COURT:  No I don't, Mr. Cantwell.  You've done

14   a very thorough job, as has Ms. Cilia in following up with

15   this -- these -- all of these claims and it's clear to me

16   that the Thompson Objection needs to be sustained; that he

17   was eligible for WARN Act payments.  That is a deduction

18   clearly under the amended Severance Plan and, accordingly,

19   his claim should be reduced and reclassified as $28,794.80.

20   The fact that Mr. Kim and Mr. Thompson, as well as Mr. Smith

21   are not present in the Courtroom or on the telephone, I think

22   perhaps lends some credence to their agreement with what

23   you're doing, or at least an understanding now of what is

24   being done and, accordingly, I sustain the objection.

25              MR. CANTWELL:  Thank you, Your Honor.  I believe

1  that's all for this morning.

2          THE COURT:  Do you have an Order for me or should

3  I sign the one that's in the --

4          MR. CANTWELL:  I do, Your Honor.  One moment.

5          THE COURT:  Yes.  If not, I have one in the -- I

6  think I have one in the book.

7          MR. CANTWELL:  You do.  We actually have a

8  slightly revised Forty-First Order --

9          THE COURT:  Oh, that's right.

10          MR. CANTWELL:  -- because of Mr. Tessy's claims.

11          THE COURT:  That's first.

12          MR. CANTWELL:  So if I could approach, Your Honor?

13          THE COURT:  Yes, you sure may, Mr. Cantwell.

14  Thank you.  Thank you.  Okay.  Good.  You've even got a

15  blackline for me.  Oh, wow.  Great.  Let's just see where it

16  is and -- all right, the blackline for the Forty-First

17  Objection --

18          MR. CANTWELL:  That's right, Your Honor.  You'll

19  see two sets of changes.  One is just technical.  On the

20  first page, we added the Docket Item number --

21          THE COURT:  Yes.

22          MR. CANTWELL:  -- to complete the Objection.  And

23  then you'll see that under the decretal portion of the Order,

24  we have just inserted language that says Mr. Leith Tessy's

25  claim is continued to the April 19 Omnibus Hearing, and

1  except as provided in paragraph 1 where we address that, the

2  Objection is otherwise granted.

3          THE COURT:  All right.  Well, I am going to sign

4  both Orders and I must say I do appreciate the seriousness

5  and the thoroughness with which you're dealing with these

6  claims.  Are there many more of these employee-type claims?

7          MR. CANTWELL:  If I can take one moment to confer

8  with our --

9          THE COURT:  All right.

10          MR. CANTWELL:  -- Claims Director?

11          THE COURT:  Absolutely.  Thank you, Mr. Cantwell.

12          MR. CANTWELL:  Your Honor, Ms. Cilia informs me

13  that after this Omnibus -- these Omnibus Orders are signed,

14  there are approximately 300.

15          THE COURT:  Okay.  All right.  And are some of

16  them being resolved out of Court just with an explanation or?

17          MR. ABBOTT:  Your Honor, the vast bulk.  I was

18  going to say you're seeing just the very tip of the iceberg

19  actually in the Courtroom, Your Honor.

20          THE COURT:  Oh, oh.

21          MR. ABBOTT:  Ms. Cilia is spending an awful lot of

22  time, as you'll see in the Fee Applications --

23          THE COURT:  Yes.

24          MR. ABBOTT:  -- resolving each of these claims and

25  happily.  A lot of it's just explanation and explaining math

1  to folks.  But, by in large, it's relatively few that are

2  actually coming to the Court's attention.

3          THE COURT:  Okay.  All right.  Well, we will

4  finish them up.  That's our job, Mr. Cantwell, isn't it?

5          MR. CANTWELL:  Yes, sir.

6          THE COURT:  I've signed both Orders and is there

7  anything else that anyone wants to raise?

8          MR. CANTWELL:  Not from the Debtors, Your Honor.

9          THE COURT:  All right.  Did you wish to be heard?

10  I'm sorry.  I know you were here before and I don't remember

11  your name.

12          MR. MURRELL:  Good morning, Your Honor.

13          THE COURT:  Good --

14          MR. MURRELL:  Vicente Matias Murrell, on behalf of

15  the Pension Benefit Guaranty Corporation.

16          THE COURT:  Oh, yes.

17          MR. MURRELL:  Your Honor, we didn't necessarily

18  want to be heard.  I think we joined with the Debtors --

19          THE COURT:  That's right.

20          MR. MURRELL:  -- in, you know, objecting to these

21  claims.

22          THE COURT:  Yes.

23          MR. MURRELL:  So, you know, we don't really have

24  anything, you know, anything really to say at this point,

25  considering that most of -- my understanding is that aside

1   from the Claimants that were mentioned today, none of the

2   other no basis pension Claimants, you know, actually said

3   anything and these really more went to severance.

4                   THE COURT:   That's right.

5                   MR. MURRELL:   Even though they are apparently

6   participants in the Nortel Retirement Income Plan, in which

7   the PBGC is now statutory a Trustee and has been now for the

8   last approximately seven years and is paying benefits to

9   these participants.  So we really don't have anything else

10  really to say.  We join in the -- in -- you know, we joined

11  in the Objection, Your Honor, and --

12                  THE COURT:   I read your Joinder, yes.

13                  MR. MURRELL:   And so, Your Honor, we're satisfied

14  with the outcome.  We are just here, Your Honor, just in case

15  Your Honor had any questions or if there was any situations

16  such as witness to Budihardjo last time who actually appeared

17  and it was I think hopefully helpful to the Court for what we

18  did say --

19                  THE COURT:   Yes.

20                  MR. MURRELL:   -- at the time and I think it also

21  was helpful for Mr. Budihardjo also to speak, you know, once

22  the Court was concluded just for him to hear from the Agency

23  that's paying his benefits and I think he got some

24  reassurance out of that.  Your Honor, since I am here

25  Though --

1          THE COURT:  Yes.

2          MR. MURRELL:  -- I just will note just for the

3   record, Your Honor, that as we noted in our -- as we noted in

4   our, you know, our Joinder, you know, it seems just as an

5   oversight that the Debtor, you know, is citing to the wrong

6   claim numbers when they do cite to the -- you know, when

7   they're objecting to these no basis pension claims.  They're

8   still looking at old claim numbers when they refer to PBGC's

9   claims.  PBGC did amend its claims and those -- you know, it

10  has new claim numbers, put new claim numbers are the new

11  claim numbers are cited in our, you know, in our response are

12  the proper claim numbers and the new underlying amounts are

13  approximately $625 million in under-funding and $83 million

14  in premiums.  So certainly, this is something that, you know,

15  really was just a minor oversight but certainly the PBGC,

16  obviously, and for this case, those numbers are significant

17  so --

18          THE COURT:  Yes they are and certainly, we

19  appreciate PBGC's involvement here and it makes a huge

20  difference and I apologize to you for not recognizing you.

21          MR. MURRELL:  Your Honor, no apologies needed.

22  Your Honor, it's good to be in front of Your Honor.

23          THE COURT:  It's good to have you here.

24          MR. MURRELL:  And I wish this is -- it just goes

25  to show I think why it's good to come to Court and have time

1    with the Court.

2              THE COURT:  That's right.  Thank you.  Thank you

3    so much.

4              MR. MURRELL:  Thank you, Your Honor.

5              THE COURT:  If there's nothing further, we'll

6    stand in recess until the next hearing.

7              MR. ABBOTT:  Thank you, Your Honor.

8              THE COURT:  Thank you all very much.  I will get

9    these Orders docketed and we'll be finished.  Thank you, Mr.

10   Cantwell.

11             MR. CANTWELL:  Thank you, Your Honor.

12             THE COURT:  Thank you all.

13     (Whereupon, at 10:58 a.m., the hearing was adjourned.)

14

1                          <u>CERTIFICATION</u>

2          I certify that the foregoing is a correct

3   transcript from the electronic sound recording of the

4   proceedings in the above-entitled matter.

5

6

7   _____          April 6, 2016

8   Tammy Kelly, Transcriber                      Date

9

10

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **60-day**(7) 12:22 13:6 14:1 18:17 19:2 19:2 20:24 | | **and**(134) 3:15 3:20 4:1 4:11 4:14 4:18 5:4 5:6 5:17 5:18 5:22 6:20 6:21 6:21 6:22 7:12 7:19 7:23 7:25 8:16 8:16 8:23 9:4 9:5 9:6 9:10 9:12 9:14 9:15 9:18 10:1 10:2 10:2 10:8 10:10 10:14 10:15 10:18 10:23 11:5 11:14 11:15 11:23 11:23 12:1 12:2 12:11 12:14 12:15 13:4 13:5 13:13 13:13 13:17 13:22 14:7 14:17 14:19 14:20 15:1 15:2 15:10 15:12 15:14 15:15 15:19 16:7 16:8 16:17 16:20 16:20 16:24 17:6 17:10 17:13 17:15 17:24 18:8 18:11 18:12 18:14 18:16 18:21 18:21 19:3 19:6 19:10 19:14 19:22 20:6 20:8 20:8 20:10 20:14 20:16 20:21 20:21 20:25 20:25 21:5 21:10 21:15 21:18 21:19 21:20 21:20 21:24 22:16 22:22 22:25 23:4 23:5 23:15 23:24 23:25 24:6 24:10 25:3 25:7 25:8 25:11 25:13 25:17 25:20 25:23 26:9 26:12 26:13 26:16 26:18 26:19 26:20 26:24 26:25 27:9 | **before**(10) 1:19 5:5 5:17 6:6 9:19 11:13 13:1 16:4 17:25 24:10 | | **claim**(57) 3:22 4:3 5:16 6:1 6:2 6:4 7:7 7:8 8:5 8:8 8:8 8:10 9:3 9:4 9:19 10:1 10:13 10:16 12:13 13:9 13:9 13:10 13:15 13:21 14:14 14:20 15:6 15:10 15:13 15:14 15:18 16:20 17:7 17:18 17:19 17:25 17:25 18:1 18:3 18:8 18:10 19:1 19:7 19:12 19:13 20:22 21:6 21:10 21:19 22:25 26:6 26:8 26:10 26:10 26:11 26:12 |
| **a.m**(3) 1:15 3:1 27:13 | | | | **beginning**(2) 3:17 18:5 | | **claimants**(2) 25:1 25:2 |
| **abbott**(19) 1:25 3:5 3:7 3:8 3:10 3:13 3:13 3:20 3:23 4:3 4:9 4:12 4:13 4:23 7:10 23:17 23:21 23:24 27:7 | | | | **behalf**(2) 4:22 24:14 | | **claimed**(4) 15:20 15:25 16:5 16:6 |
| | | | | **being**(2) 21:24 23:16 | | **claims**(23) 4:22 5:7 6:23 6:23 7:12 10:19 10:23 12:10 12:16 12:17 13:8 15:10 15:11 21:15 22:10 23:6 23:6 23:10 23:24 24:21 26:7 26:9 26:9 |
| **able**(6) 3:25 6:6 7:9 8:21 9:6 11:12 | | | | **believe**(7) 6:2 15:16 16:6 16:23 17:16 19:24 21:25 | | |
| **about**(1) 4:4 | | | | | | **clear**(5) 10:4 15:14 15:16 17:13 21:15 |
| **aboveentitled**  (1) 28:4 | | **any**(11) 7:25 8:25 10:2 11:4 11:20 11:24 16:9 19:23 21:11 25:15 25:15 | | **believing**(1) 15:17 | | **clearly**(1) 21:18 |
| **absolutely**(1) 23:11 | | | | **benefit**(2) 2:18 24:15 | | **cleary**(3) 1:30 4:10 4:21 |
| **accelerated**(2) 8:18 10:3 | | **anyone**(4) 7:15 7:24 9:22 24:7 | | **benefits**(15) 6:5 6:7 8:18 9:16 9:17 10:3 11:6 13:4 14:18 15:2 16:7 16:11 19:16 25:8 25:23 | | **clerk**(1) 3:2 |
| **accept**(1) 7:22 | | **anything**(5) 24:7 24:24 24:24 25:3 25:9 | | | | **closing**(2) 12:2 14:5 |
| **accordingly**(2) 21:18 21:24 | | **apologies**(1) 26:21 | | **bit**(3) 8:16 16:12 17:2 | | **come**(3) 6:20 12:22 26:25 |
| **account**(1) 9:11 | | **apologize**(2) 3:4 26:20 | | **blackline**(2) 22:15 22:16 | | **comes**(1) 17:22 |
| **accounted**(1) 15:5 | | **apparently**(2) 4:6 25:5 | | **board**(3) 11:2 11:5 11:11 | | **coming**(1) 24:2 |
| **accounting**(1) 7:7 | | **appear**(1) 3:20 | | **bonus**(2) 14:25 19:15 | | **commencement**(2) 12:3 19:10 |
| **act**(18) 7:2 10:21 12:2 12:7 12:12 12:14 13:17 13:19 14:1 14:10 18:4 18:19 19:1 19:9 20:9 20:23 21:4 21:17 | | **appearances**(1) 2:24 | | **book**(1) 22:6 | | **committee**(2) 2:5 2:34 |
| | | **appeared**(1) 25:16 | | **books**(6) 18:14 18:21 19:3 20:7 20:21 20:21 | | **common**(1) 12:15 |
| **actually**(10) 3:25 8:25 13:20 16:8 17:16 22:7 23:19 24:2 25:2 25:16 | | **appears**(1) 20:16 | | **botter**(1) 2:35 | | **company**(3) 2:38 8:23 9:1 |
| | | **applications**(1) 23:22 | | **bottom**(2) 13:22 20:13 | | **complete**(1) 22:22 |
| | | **applied**(1) 12:14 | | **brickley**(1) 2:39 | | **concerned**(1) 4:4 |
| **added**(3) 15:12 16:7 22:20 | | **applies**(1) 10:5 | | **brings**(1) 17:25 | | **concluded**(1) 25:22 |
| **adding**(2) 16:11 19:14 | | **appreciate**(2) 23:4 26:19 | | **bryant**(1) 2:7 | | **confer**(1) 23:7 |
| **addition**(1) 15:17 | | **approach**(1) 22:12 | | **buchanan**(1) 2:30 | | **confirm**(1) 6:14 |
| **additional**(1) 16:11 | | **approved**(1) 12:18 | | **budihardjo**(6) 6:3 8:16 9:10 25:16 25:21 | | **considerations**(1) 9:10 |
| **address**(3) 4:22 21:12 23:1 | | **approximately**(5) 8:24 14:4 23:14 25:8 26:13 | | **bulk**(1) 23:17 | | **considering**(2) 7:19 24:25 |
| **addressed**(2) 6:2 8:15 | | | | **but**(7) 4:5 4:9 11:24 13:4 15:13 24:1 24:7 22:7 22:10 22:13 22:18 22:22 22:22 24:8 27:10 27:11 | | **consultant**(1) 7:12 |
| **addresses**(1) 5:18 | | **april**(14) 5:17 8:10 9:2 13:19 13:22 14:1 14:2 14:7 18:16 18:20 20:8 20:9 20:14 22:25 | | | | **contacted**(1) 3:18 |
| **addressing**(1) 6:11 | | | | | | **contemplated**(1) 14:13 |
| **adjourned**(2) 5:16 27:13 | | **are**(27) 3:9 6:11 6:12 6:14 6:21 7:20 10:18 10:23 11:7 12:9 12:10 15:11 15:17 21:21 23:6 23:13 23:14 23:15 24:1 25:5 25:14 26:10 26:11 26:11 26:12 26:16 26:18 | | **calculated**(3) 15:15 15:17 16:13 | | **contend**(1) 20:4 |
| **adjusted**(1) 15:14 | | | | **calculation**(2) 14:18 15:23 | | **contested**(1) 4:22 |
| **adjustment**(1) 12:1 | | **around**(2) 16:4 19:14 | | **calendar**(2) 12:22 18:15 | | **contests**(1) 15:9 |
| **adjustments**(1) 14:18 | | **arsht**(1) 1:24 | | **came**(2) 11:13 15:21 | | **context**(1) 8:14 |
| **administered**(1) 1:6 | | **aside**(2) 21:9 24:25 | | **can**(3) 5:18 7:4 23:7 | | **continue**(1) 18:18 |
| **administrative**(1) 17:17 | | **ask**(1) 3:16 | | **cantwell**(80) 1:31 4:10 4:15 4:16 4:20 4:21 5:1 5:12 5:19 5:21 6:9 6:13 6:18 7:4 7:15 7:19 8:2 8:5 8:7 8:13 8:20 9:14 9:21 10:7 10:10 10:11 10:18 11:10 11:18 14:23 14:25 15:8 15:22 15:25 16:3 16:11 16:15 16:23 17:2 17:4 17:8 17:10 17:13 17:21 17:24 18:24 19:6 19:20 20:3 20:16 20:20 21:4 21:8 21:13 21:25 22:4 22:7 22:10 22:12 22:13 22:18 22:22 22:24 22:25 22:10 23:11 23:12 24:4 24:5 24:8 27:10 27:11 | | **continued**(11) 2:2 13:2 13:3 14:3 14:8 18:21 18:24 20:4 20:23 20:24 22:25 | | | | **continues**(2) 11:23 12:3 |
| **admitted**(1) 8:1 | | **asked**(1) 15:13 | | | | **continuing**(2) 15:2 19:15 |
| **affect**(1) 12:19 | | **asking**(1) 3:11 | | | | **corner**(3) 13:23 20:13 20:17 |
| **affirmatively**(2) 8:9 9:11 | | **asks**(1) 19:21 | | | | **corp**(1) 2:18 |
| **after**(4) 12:20 17:16 18:19 23:13 | | **assert**(2) 9:4 16:3 | | | | **corporation**(1) 24:15 |
| **again**(7) 4:14 4:15 4:16 9:8 10:13 20:12 20:13 | | **asserted**(3) 13:10 17:14 17:15 | | | | **correct**(14) 2:33 15:7 17:1 17:7 17:8 28:2 |
| | | **asserting**(6) 8:8 10:13 10:15 10:19 15:18 18:3 | | | | **could**(3) 6:5 7:10 22:12 |
| **against**(6) 7:6 9:4 12:13 13:7 14:14 21:5 | | | | | | **course**(1) 7:25 |
| **agency**(1) 24:15 | | **asserts**(1) 18:7 | | | | **court**(103) 1:1 3:1 3:6 3:8 3:12 3:19 3:24 4:2 4:8 4:12 4:14 4:18 4:25 5:11 5:14 5:20 6:8 6:12 6:14 6:17 7:3 7:14 7:17 7:22 7:24 8:4 8:6 8:12 8:19 9:3 9:21 9:24 10:10 10:17 11:9 11:18 12:5 12:24 13:11 13:24 14:11 14:16 14:22 14:24 15:4 15:7 15:20 15:24 16:2 16:10 16:14 16:17 16:25 17:3 17:5 17:9 17:12 17:20 17:23 18:6 18:23 19:5 19:19 20:2 20:15 20:19 21:3 21:7 21:13 22:2 22:5 22:9 22:11 22:13 22:21 23:3 23:9 23:11 23:15 23:16 23:20 23:23 24:3 24:6 24:9 24:13 24:16 24:19 24:22 25:4 25:12 25:17 25:19 25:22 26:1 26:18 26:23 26:25 27:1 27:2 27:5 27:8 27:12 | |
| **agreement**(3) 4:5 12:17 21:22 | | **attached**(7) 7:23 8:11 9:9 10:25 19:25 20:11 20:21 | | | | |
| **akin**(2) 2:5 2:34 | | | | | | |
| **al.**(1) 1:8 | | **attaches**(1) 13:21 | | | | |
| **all**(22) 3:8 4:5 4:6 4:18 6:17 9:21 10:3 10:16 17:6 17:9 20:7 21:8 21:15 22:1 22:16 23:3 23:9 23:15 24:3 24:9 27:8 27:12 | | **attention**(1) 24:2 | | | | |
| | | **attests**(1) 20:10 | | | | **courtroom**(5) 1:10 4:19 7:13 21:21 23:19 |
| **allen**(1) 2:26 | | **audible**(2) 6:16 9:23 | | **cilia's**(1) 20:20 | | **court's**(1) 24:2 |
| **allow**(2) 5:6 7:11 | | **awful**(1) 23:21 | | **cite**(1) 26:6 | | **credence**(1) 21:22 |
| **allowance**(4) 6:22 10:24 11:19 19:10 | | | | **cited**(1) 26:11 | | **creditors**(1) 2:35 |
| **allowance.**"(1) 12:4 | | **back**(2) 6:20 19:14 | | **citing**(1) 26:5 | | **creditor's**(1) 2:4 |
| **allowed**(5) 13:13 15:19 18:8 19:11 21:10 | | **badtke-berkow**(1) 2:27 | | | | **cross**(1) 7:15 |
| **allowing**(1) 16:24 | | **bank**(3) 2:8 2:42 2:43 | | | | **cross-examination**(1) 7:25 |
| **along**(1) 8:17 | | **bankruptcy**(2) 1:1 1:20 | | | | **cross-examine**(1) 7:21 |
| **also**(5) 13:19 16:7 20:25 25:20 25:21 | | **based**(3) 4:4 9:25 15:10 | | | | **culmination**(1) 13:6 |
| **amend**(1) 26:9 | | **basis**(3) 16:20 25:2 26:7 | | | | |
| **amended**(1) 21:18 | | **because**(11) 6:23 7:1 8:9 8:23 9:14 12:8 15:25 19:1 19:11 20:25 22:10 | | | | |
| **amendment**(4) 11:5 11:11 11:13 12:17 | | | | | | |
| **amendment.**"(1) 11:8 | | **been**(5) 9:7 10:20 18:12 19:7 25:7 | | | | |
| **america**(2) 3:8 2:42 2:43 | | | | | | |
| **amount**(6) 14:17 15:19 16:4 19:6 19:8 | | | | | | |
| **amounts**(7) 7:6 10:21 11:24 12:8 12:12 17:14 26:12 | | | | | | |
| | | | | | | |
| **analysis**(1) 15:10 | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

cvas(2) 14:4 18:25
date(8) 11:7 12:11 12:21 12:23 13:5 13:19 13:22 28:8

dated(1) 20:14
dates(1) 6:25
david(1) 2:35
day(6) 13:1 14:6 14:8 18:15 18:20 20:8
deal(1) 4:7
dealing(2) 5:12 23:5
debtor(2) 19:11 26:5
debtors(32) 1:12 1:24 3:10 4:4 4:22 5:7 5:9 7:1 7:1 7:5 7:8 8:7 9:5 9:17 12:9 12:9 13:1 13:2 13:5 13:7 14:3 14:6 15:15 16:3 16:12 17:15 18:20 18:22 19:27 19:24 20:22 21:9 24:8 24:18
debtor's(12) 5:2 5:25 6:22 7:12 7:13 8:20 10:12 12:9 18:14 19:3 20:7 20:25

declarant(1) 7:12
declaration(14) 7:23 7:25 8:11 9:9 9:25 10:4 10:5 10:25 11:14 13:18 13:20 18:13 20:1 20:10

decretal(1) 22:23
deducting(1) 18:4
deduction(1) 21:17
delaware(3) 1:2 1:12 3:1
delay(1) 3:4
departed(1) 18:21
depending(1) 5:19
derek(2) 1:25 3:13
despite(3) 6:1 6:3 9:1
detail(2) 7:5 10:22
diaz(1) 1:38

did(9) 9:10 9:14 10:1 10:1 10:2 18:18 19:21 19:22 24:9 25:18 26:9

didn't(3) 4:6 15:12 24:17

difference(1) 26:20
director(1) 23:10
directors(2) 11:3 11:11
directors"(1) 11:5
disability(2) 16:8 16:8
discuss(2) 7:4 10:22
discussing(2) 18:12 19:8
discussion(2) 12:16 19:25
district(1) 1:2

docket(6) 5:2 5:3 5:9 10:14 18:2 22:20
docketed(2) 10:16 27:9
documentation(2) 20:18 20:21
does(2) 7:24 9:22
doing(1) 21:23
done(3) 4:5 21:13 21:24
don't(6) 16:17 16:18 21:13 24:10 24:23 25:9

doubt(1) 20:22
dow(1) 2:38
draw(2) 9:1 9:6
during(7) 7:1 15:2 16:9 19:2 19:16 20:5 20:24

e.g(1) 12:1
each(6) 10:18 12:16 12:21 12:25 13:7
earlier(1) 10:20
early(3) 9:6 9:16 9:17
ecro(1) 1:36
effect(3) 6:25 13:15 18:11
eight(1) 6:6
eight-month(1) 8:24
either(4) 5:6 6:14 15:11 15:14
elected(2) 9:2 9:3
electronic(2) 1:45 28:3
eligible(2) 8:18 21:17
eligible."(1) 13:23
eligible"(1) 20:14

eliminate(1) 11:6
else(3) 9:22 24:7 25:9
employed(1) 12:18
employee(2) 11:20 11:22
employee-type(1) 23:6
employees(4) 3:17 5:7 11:7 12:10
employer(1) 11:22
employment(2) 6:25 12:11
enabled(2) 9:16 9:17
end(2) 5:19 12:22
ends(1) 12:11
entire(4) 16:1 16:6 16:6 19:2
entitlements(1) 10:19
ernst(1) 2:26

esther(1) 2:43
ethan(1) 10:13
even(3) 20:21 22:14 25:5
everyone(1) 3:3
evidence(1) 8:1
exact(1) 8:14
exactly(1) 14:12
examine(1) 7:16
except(1) 23:1
exchange(1) 9:5
excuse(3) 9:16 11:16 19:20
executed(1) 9:15
executive(1) 7:11
exhibit(6) 8:13 10:4 10:25 11:14 13:20 20:11

exhibits(1) 7:23
expired(3) 8:23 14:2 18:17
explaining(1) 23:25
explanation(5) 15:15 15:16 16:20 23:16 23:25

expunge(1) 5:6
expungement(1) 6:1
fact(5) 6:1 6:3 7:7 13:14 21:20
factors(1) 9:10
fagen(1) 2:6
fall(1) 5:22
february(3) 11:10 12:18 12:20
federal(1) 11:25
fee(1) 23:22
feld(2) 2:5 2:34
few(2) 14:18 24:1
filed(3) 5:7 5:24 15:9
final(2) 14:6 17:25
fine(1) 17:23
finish(1) 24:4
finished(1) 27:9
first(6) 5:1 5:23 6:19 20:7 22:11 22:20
fit(1) 8:17
five(3) 14:4 14:5 18:25

floor(1) 1:26
folks(1) 24:1
following(3) 11:15 13:13 21:14
for(57) 1:22 1:24 2:24 2:28 2:34 2:34 2:38 2:42 2:46 3:4 3:10 3:14 3:16 7:7 7:13 8:3 8:14 8:18 9:5 9:8 9:16 9:16 11:16 12:25 13:16 13:16 14:3 14:4 14:6 14:8 14:8 15:13 15:25 16:20 16:6 16:6 16:20 18:3 18:22 19:23 20:7 21:17 22:2 22:15 22:15 26:20 25:7 25:21 25:22 26:2 26:16 26:20
forego(2) 9:3 9:3
foregoing(1) 28:2
foreign(1) 11:25
form(1) 5:18
former(2) 3:17 5:7
formula(1) 16:19
forth(4) 9:18 9:18 13:17 18:12
fortieth(1) 4:11
forty-first(4) 5:11 5:3 5:24

four(1) 5:8
frame(1) 12:16
from(17) 4:10 7:11 10:4 10:4 11:3 12:23 13:5 14:2 14:7 14:9 15:21 17:22 21:9 24:8 25:1 25:22 28:3

front(1) 26:22
full(3) 10:19 16:20 18:3
fully(1) 9:24
further(4) 7:4 10:22 16:15 27:5
generally(4) 4:11 5:4 5:22 15:22
gentlemen's(1) 13:8
get(3) 16:5 19:17 27:8
gets(1) 19:13
getting(1) 7:7
ginger(1) 1:36
goes(1) 26:24
going(9) 4:9 6:6 6:11 8:21 8:25 10:6 12:22 23:3 23:18

good(17) 3:3 3:10 3:12 4:14 4:15 4:16 4:18 4:19 4:20 7:17 7:18 22:14 24:12 24:13 26:22 26:23 26:25
got(5) 3:21 3:21 16:12 22:14 25:23
gottlieb(1) 1:30 4:21
governed(2) 13:15 18:10
government(1) 11:25
granted(1) 23:2
great(1) 22:15
gross(1) 1:19
guaranty(2) 2:18 24:15
gump(2) 2:5 2:34
had(10) 3:18 4:3 4:5 8:22 14:19 16:5 16:12 16:23 20:17 25:15

hamilton(1) 1:30 4:21
hand(1) 5:18 13:23
happily(1) 23:25
happy(3) 8:17 14:20 21:11
harrisburg(1) 1:40
has(5) 16:15 21:11 21:14 25:7 26:10
hauer(2) 2:5 2:34
have(20) 4:7 5:5 5:17 7:8 7:9 9:7 10:20 16:16 18:20 19:16 20:22 21:8 22:2 22:5 22:6 22:7 22:24 25:9 26:23 26:25
having(1) 13:25
health(2) 15:2 19:16
hear(1) 25:22
heard(4) 7:24 9:22 24:9 24:18
hearing(4) 3:16 22:25 27:6 27:13
helpful(2) 25:17 25:21
her(6) 3:21 3:21 3:21 4:1 7:16 7:22
here(5) 2:14 4:21 10:1 12:9 12:14 19:11 20:11 24:10 25:14 25:24 26:19 26:23
he's(2) 13:9 18:2
higher(3) 15:14 16:12 17:2
him(7) 9:8 9:11 9:16 9:17 10:2 10:2 16:16
himself(1) 8:18
his(51) 5:16 6:1 6:3 8:9 8:22 8:23 9:1 9:3 9:4 9:6 9:19 10:1 10:13 10:15 13:16 13:18 14:1 14:6 14:8 14:8 14:14 14:19 15:1 15:6 15:9 15:10 15:12 15:13 15:18 16:6 16:20 18:1 18:3 18:5 18:11 18:15 18:17 18:19 19:7 19:12 19:13 19:15 20:4 20:6 20:8 20:8 21:5 21:10 21:19 25:23

honor(55) 3:5 3:10 3:13 3:15 3:22 4:10 4:13 4:14 4:20 5:4 5:7 5:21 6:18 7:10 7:20 8:2 8:3 8:7 8:13 8:17 10:7 10:7 10:18 11:10 14:20 15:8 16:15 16:23 17:13 17:24 20:6 20:6 21:11 21:11 22:10 22:12 22:18 23:12 23:17 23:19 24:8 24:12 24:12 25:11 25:13 25:15 25:24 26:3 26:21 26:22 26:22 27:4 27:7 27:11

honorable(1) 1:19

hopefully(2) 3:15 25:17
how(9) 3:9 4:6 5:19 15:15 15:16 15:20
huge(1) 26:19
iceberg(1) 23:18
immediately(4) 12:3 12:7 18:5 19:9
inaccurate(1) 20:7
inc(3) 1:8 2:46 2:46
included(2) 11:14 14:19
income(3) 8:21 9:7 25:6
incorrect(1) 15:23
indeed(1) 10:1
indicate(1) 18:14
indicated(1) 20:22
individual(1) 6:2
individuals(2) 5:8 6:10
ineligible(1) 8:25
information(2) 19:25 20:3
informs(1) 23:12
ingersoll(1) 2:30
initially(1) 7:8
inserted(1) 12:24
instead(1) 7:8
instrument(1) 11:4
interested(2) 2:38 2:42
into(4) 5:22 8:1 9:11 11:17
involuntary(1) 20:6
involved(1) 20:5
involvement(1) 26:19
isn't(1) 24:4
issue(4) 3:16 4:1 8:14
item(4) 5:2 5:3 5:9 22:20
its(1) 26:9
it's(17) 3:6 4:18 13:5 14:17 16:12 16:21 17:10 18:1 19:6 19:8 19:12 21:15 23:25 24:1 26:22 26:23 26:25
i'd(2) 8:3 10:8
i'll(2) 10:22 10:25
i'm(9) 3:10 4:9 6:9 8:17 14:20 16:17 16:25 21:11 24:10

i've(1) 24:6

january(1) 9:2
jason(1) 2:47
jeffrey(2) 10:14 18:1
job(2) 21:14 24:4
join(1) 25:10
joinder(2) 25:12 26:4
joined(2) 24:18 25:10
jointly(1) 1:6
jones(1) 2:38
joseph(1) 2:27
judge(2) 1:19 1:20
jumping(1) 8:3
june(4) 6:2 14:2 14:3 14:9
just(26) 4:23 6:14 6:3 6:19 20:7 22:11 22:20 6:8 6:18 10:25 11:16 13:14 16:18 17:2 17:13 18:9 19:7 22:15 22:19 22:24 23:16 23:18 23:25 25:14 25:22 26:2 26:4 26:15 26:24

justification(1) 19:23
kathleen(1) 2:31
kelly(1) 28:8
kevin(1) 1:19
kicks(1) 18:15
kim(20) 6:10 6:15 6:21 7:19 10:8 10:13 12:14 13:18 13:25 15:8 15:13 16:16 16:16 18:2 18:9 18:18 18:24 19:12 19:21 21:20
kim's(6) 10:23 13:9 13:14 13:21 19:20 20:12

king(1) 2:14
know(17) 15:20 15:21 16:4 24:10 24:20 24:23 24:23 25:2 25:10 25:21 26:4 26:5 26:6 26:9 26:11 26:14

knowing(1) 9:15
knowingly(1) 10:1

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **language**(1) 22:24 | | **nichols**(2) 1:24 3:14 | | **paragraph**(6) 11:17 13:18 18:13 20:4 | | **really**(6) 24:23 24:24 25:3 25:9 25:10 | |
| **large**(1) 24:1 | | **nni**(3) 11:3 11:11 12:19 | | 20:10 23:1 | | **reasons**(3) 9:18 10:6 20:7 | |
| **larger**(2) 4:4 19:1 | | **non**(1) 14:9 | | **park**(1) 2:7 | | **reassurance**(1) 25:24 | |
| **last**(6) 5:9 6:2 14:8 20:8 25:8 25:16 | | **non-working**(5) 10:21 18:4 19:1 21:1 21:4 | | **part**(1) 11:1 | | **recalculating**(1) 17:16 | |
| **least**(2) 5:4 21:23 | | **none**(2) 6:12 25:1 | | **participants**(1) 25:6 25:9 | | **recall**(1) 3:23 | |
| **leaving**(1) 9:10 | | **nor**(1) 10:5 | | **party**(2) 2:38 2:42 | | **receive**(13) 6:5 9:7 8:22 8:25 9:6 9:16 | |
| **left**(2) 6:25 12:10 20:17 | | **nortel**(4) 1:8 3:14 10:24 25:6 | | **pattern**(1) 13:14 | | 9:17 10:3 12:6 13:3 15:14 20:23 20:24 | |
| **leith**(2) 5:15 22:24 | | **north**(2) 1:26 2:14 | | **paul**(1) 5:24 | | **received**(14) 10:11 10:21 12:12 12:23 | |
| **lends**(1) 21:22 | | **not**(20) 3:6 5:17 6:9 6:17 7:20 7:25 8:21 | | **pay**(5) 7:9 11:21 12:10 13:2 19:11 | | 13:18 13:25 14:9 14:15 14:19 18:4 18:15 | |
| **less**(1) 15:12 | | 9:3 10:20 11:24 12:11 14:15 15:5 15:25 | | **payable**(2) 11:6 11:20 | | 18:19 19:16 20:9 | |
| **let**(1) 6:14 | | 18:18 19:11 21:21 22:5 24:8 26:20 | | **paychecks**(1) 13:4 | | **receiving**(1) 18:19 | |
| **let's**(2) 16:21 22:15 | | | | **paying**(2) 25:8 25:23 | | **recess**(1) 27:6 | |
| **liberty**(1) 1:32 | | **note**(1) 26:2 | | **payment**(4) 11:22 12:4 19:10 20:24 | | **reclassification**(2) 17:14 17:22 | |
| **lieu**(1) 11:21 | | **noted**(2) 26:3 26:3 | | **payments**(10) 8:22 10:21 12:7 13:17 14:10 | | **reclassified**(5) 13:12 15:18 18:8 21:10 | |
| **like**(9) 6:1 7:21 10:8 11:16 14:21 16:7 | | **nothing**(1) 27:5 | | 18:4 20:5 21:1 21:5 21:17 | | **reclassify**(3) 5:6 17:10 17:12 | |
| 18:9 19:7 19:21 | | **notice**(15) 11:21 12:20 12:22 13:7 13:19 | | **pbgc**(4) 2:18 25:7 26:9 26:15 | | **recognizing**(1) 26:20 | |
| **limited**(1) 11:24 | | 13:21 13:22 14:1 18:15 18:16 18:17 18:19 | | **pbgc's**(2) 26:8 26:19 | | **record**(2) 11:17 26:3 | |
| **line**(3) 6:11 6:12 7:20 | | 20:9 20:11 20:23 | | **peg**(1) 2:39 | | **recorded**(1) 1:45 | |
| **llc**(1) 7:11 | | **notices**(1) 12:23 | | **pennsylvania**(1) 1:40 | | **recording**(2) 1:45 28:3 | |
| **llp**(3) 1:24 2:12 2:26 | | **notice"**(1) 20:17 | | **pension**(6) 2:18 9:1 9:6 24:15 25:2 26:7 | | **records**(6) 18:14 18:21 19:3 20:8 20:21 | |
| **local**(1) 11:25 | | **notification**(2) 12:1 12:2 | | **perhaps**(1) 21:22 | | 20:25 | |
| **long**(1) 16:7 | | **now**(5) 10:8 18:18 21:23 25:7 25:7 | | **period**(20) 7:2 8:22 8:24 12:8 12:23 13:1 | | **reduce**(3) 11:6 17:10 19:7 | |
| **longer**(2) 13:4 18:21 | | **number**(5) 3:21 15:21 17:4 18:1 22:20 | | 13:7 14:2 14:14 15:3 16:1 16:7 16:9 18:5 | | **reduced**(6) 6:24 13:13 15:18 18:8 21:10 | |
| **looking**(2) 8:24 26:8 | | **numbers**(7) 26:6 26:8 26:10 26:10 26:11 | | 18:16 18:17 19:2 19:3 19:17 20:24 | | 21:19 | |
| **lot**(2) 23:21 23:25 | | 26:12 26:16 | | **persons**(1) 11:7 | | **reducing**(1) 16:24 | |
| **mace**(1) 1:36 | | **objected**(1) 8:7 | | **pertains**(1) 5:4 | | **reduction**(8) 6:22 13:23 15:9 16:5 19:13 | |
| **made**(2) 8:18 11:22 | | **objecting**(2) 24:20 26:7 | | **philip**(1) 1:31 4:20 | | 19:22 19:23 19:23 20:14 | |
| **makes**(1) 26:19 | | **objection**(17) 3:21 5:2 5:3 5:25 6:19 8:15 | | **phone**(2) 6:15 6:17 | | **reductions**(1) 15:11 | |
| **many**(1) 23:6 | | 9:19 10:6 10:12 16:18 17:6 21:16 21:24 | | **plan**(20) 6:24 7:5 8:21 10:24 11:1 11:2 | | **redundancy**(1) 11:21 | |
| **march**(1) 1:14 3:1 | | 22:17 22:22 23:2 25:11 | | 11:3 11:4 11:5 11:12 11:13 11:15 11:20 | | **refer**(2) 11:1 26:8 | |
| **market**(2) 1:11 1:26 | | **objections**(8) 4:23 5:5 5:8 5:21 6:10 6:19 | | 13:15 13:16 14:13 18:10 19:8 21:18 25:6 | | **reflect**(2) 19:3 20:25 | |
| **mary**(1) 7:11 | | 6:22 10:8 | | **plan."**(1) 11:23 | | **reflected**(3) 5:23 6:20 13:20 | |
| **math**(1) 23:25 | | **objects**(1) 5:25 | | **plaza**(1) 1:32 | | **reflects**(1) 13:22 | |
| **matias**(1) 24:14 | | **obviously**(1) 26:16 | | **please**(2) 3:2 11:18 | | **refresher**(1) 8:16 | |
| **matter**(1) 28:4 | | **off**(2) 18:15 19:13 | | **podium**(1) 4:9 | | **regarding**(2) 4:23 5:16 | |
| **matthew**(1) 2:6 | | **office**(1) 12:2 | | **point**(3) 7:20 22:20 24:24 | | **regular**(1) 13:3 | |
| **may**(10) 3:3 11:3 11:5 14:5 14:6 14:7 | | **official**(2) 2:4 2:34 | | **portion**(4) 17:17 17:17 17:18 22:23 | | **relatively**(2) 3:15 24:1 | |
| 14:8 14:9 18:17 22:3 | | **offset**(8) 7:6 10:20 11:20 12:13 13:7 14:13 | | **ppearances**(1) 1:22 2:1 | | **relevant**(2) 7:5 11:1 | |
| **meant**(2) 14:1 18:17 | | 19:12 21:5 | | **precede**(1) 12:7 | | **remember**(2) 4:6 24:10 | |
| **mentioned**(7) 4:24 7:10 8:14 9:5 10:20 | | **offsetting**(2) 13:17 18:12 | | **precedes**(1) 12:3 | | **reorg**(2) 2:46 2:46 | |
| 15:8 25:1 | | **okay**(14) 4:2 4:8 5:20 6:13 6:18 14:24 | | **premiums**(1) 26:14 | | **rephrase**(1) 12:6 | |
| **million**(2) 26:13 26:13 | | 15:4 16:14 17:23 18:23 20:19 22:14 23:15 | | **prepared**(2) 16:7 16:18 | | **replied**(1) 5:9 | |
| **minor**(1) 26:15 | | 24:3 | | **present**(1) 21:21 | | **replies**(1) 7:13 | |
| **modification**(1) 11:15 | | **old**(1) 26:8 | | **press**(1) 8:9 | | **reply**(4) 5:9 9:18 19:24 20:1 | |
| **modified**(1) 11:11 | | **omnibus**(9) 4:23 5:1 5:3 5:25 8:15 10:12 | | **pressure**(1) 10:2 | | **request**(3) 7:22 9:18 21:10 | |
| **moment**(4) 6:20 11:16 22:4 23:7 | | 22:25 23:13 23:13 | | **preston**(1) 2:12 | | **required**(2) 9:11 12:19 | |
| **monitor**(1) 2:26 | | **once**(1) 25:21 | | **prior**(1) 18:5 | | **requirements."**(1) 12:2 | |
| **months**(1) 6:6 | | **one**(13) 1:32 2:7 3:16 3:17 4:4 5:15 9:22 | | **priority**(2) 17:15 17:18 | | **requires**(1) 18:11 | |
| **more**(4) 15:12 20:10 23:6 25:3 | | 22:3 22:4 22:5 22:6 22:19 23:7 | | **pro-rata**(2) 15:1 19:15 | | **research**(2) 2:46 2:46 | |
| **morning**(8) 3:3 3:18 4:19 4:20 7:17 7:18 | | **one's**(1) 4:7 | | **proceeded**(1) 19:9 | | **researched**(1) 3:21 | |
| 22:1 24:12 | | **only**(2) 5:12 15:25 | | **proceedings**(3) 1:18 1:45 28:4 | | **resolve**(1) 4:1 | |
| **morris**(2) 1:24 3:13 | | **opt-in**(1) 9:12 | | **process**(1) 20:5 | | **resolved**(2) 4:7 23:16 | |
| **most**(1) 24:25 | | **opt-out**(1) 9:12 | | **produced**(1) 1:46 | | **resolving**(1) 23:24 | |
| **move**(4) 7:21 8:17 10:8 14:7 | | **order**(6) 5:18 10:3 12:19 22:2 22:8 22:23 | | **proof**(3) 13:21 15:6 | | **responded**(1) 5:8 | |
| **much**(2) 27:3 27:8 | | **orders**(4) 23:4 23:13 24:6 27:9 | | **proper**(2) 16:4 26:12 | | **response**(17) 5:15 5:24 6:16 8:15 9:23 | |
| **murphy**(1) 2:31 | | **other**(6) 11:21 11:22 15:2 15:10 15:11 | | **properly**(3) 10:20 14:18 21:5 | | 10:12 10:14 10:15 15:9 15:9 18:1 19:20 | |
| **murrell**(14) 2:19 24:12 24:14 24:14 24:17 | | 25:1 | | **propose**(1) 5:22 8:3 | | 19:21 20:4 20:12 20:18 26:11 | |
| 24:20 24:22 24:25 25:13 25:20 26:2 26:21 | | **others**(1) 4:18 | | **proposed**(5) 5:25 6:22 16:24 | | **responses**(2) 6:21 10:11 | |
| 26:24 27:4 | | **otherwise**(4) 6:6 9:7 21:12 23:2 | | **provided**(7) 7:6 12:21 15:16 16:9 | | **retirement**(7) 6:5 8:18 8:21 8:22 9:1 10:3 | |
| **must**(4) 6:23 7:6 12:12 23:4 | | **ought**(1) 3:15 | | 16:19 23:1 | | 25:6 | |
| **mutually**(1) 5:16 | | **our**(8) 9:18 23:8 24:4 26:3 26:4 26:4 | | **provides**(1) 20:3 | | **retraining**(1) 12:1 | |
| **n.w**(1) 2:20 | | 26:11 26:11 | | **pursuant**(9) 6:4 6:24 11:23 11:24 12:7 | | **revaluation**(1) 17:6 | |
| **name**(2) 3:21 24:11 | | **out**(4) 3:22 4:6 23:16 25:24 | | 12:12 13:2 19:8 19:9 | | **review**(2) 18:13 20:20 | |
| **nearly**(1) 9:8 | | **outcome**(1) 25:14 | | **put**(1) 26:10 | | **revised**(2) 5:18 22:8 | |
| **necessarily**(1) 24:17 | | **outlined**(1) 9:9 | | **quantitative**(1) 19:23 | | **right**(33) 3:8 5:14 6:8 6:17 7:3 8:9 8:12 | |
| **needed**(2) 14:19 26:21 | | **over**(1) 6:5 | | **questions**(3) 16:16 21:11 25:15 | | 8:19 9:4 9:13 9:21 12:24 13:22 15:7 16:2 | |
| **needs**(2) 14:13 21:16 | | **oversight**(2) 26:5 26:15 | | **quick**(1) 3:16 | | 16:10 17:3 17:5 17:17 17:9 18:6 21:7 22:9 | |
| **net**(2) 16:21 19:17 | | **overy**(1) 2:26 | | **raise**(1) 24:7 | | 22:16 22:18 23:3 23:9 23:15 24:3 24:9 | |
| **network**(1) 1:8 | | **own**(1) 20:22 | | **ran**(1) 14:2 | | 24:19 25:4 27:2 | |
| **networks**(1) 1:8 | | **page**(1) 22:20 | | **rationale**(1) 19:22 | | **right-hand**(1) 20:13 | |
| **never**(1) 16:9 | | **paid**(5) 7:1 11:24 14:8 16:9 19:9 | | **re-reviewed**(1) 15:13 | | **rise**(1) 3:2 | |
| **new**(6) 1:33 2:9 26:10 26:10 26:12 | | | | **reached**(1) 13:1 | | | |
| **next**(1) 27:6 | | | | **read**(2) 11:16 25:12 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| rlks(1) 7:11 | | state(1) 11:25 | | the(301) 1:1 1:2 1:19 2:18 3:2 3:3 3:4 3:6 | | this(28) 3:18 7:20 7:24 8:14 9:22 11:3 | |
| robert(1) 5:24 | | stated(1) 11:15 | | 3:8 3:12 3:14 3:17 3:17 3:19 3:24 4:1 | | 11:4 11:5 11:6 11:16 11:20 11:23 13:25 | |
| rooney(1) 2:30 | | states(3) 1:1 1:20 11:2 | | 4:2 4:3 4:4 4:5 4:8 4:9 4:11 4:12 4:14 | | 14:12 15:15 15:16 15:16 19:3 20:6 20:10 | |
| rooted(1) 10:23 | | stating(1) 21:9 | | 4:18 4:18 4:19 4:22 4:23 4:25 5:1 5:1 5:2 | | 20:25 21:15 22:1 23:13 24:24 26:14 26:16 | |
| routine(1) 3:15 | | statutory(1) 25:7 | | 5:2 5:7 5:8 5:11 5:14 5:19 5:20 5:23 | | 26:24 | |
| run(1) 4:10 | | steady(1) 9:6 | | 5:23 5:24 5:25 6:1 6:3 6:8 6:10 6:11 6:12 | | | |
| said(1) 25:2 | | steen(2) 1:30 4:21 | | 6:12 6:14 6:15 6:17 6:17 6:19 6:19 6:21 | | thompson(17) 6:10 6:15 6:21 7:19 10:9 | |
| salary(1) 13:3 | | still(1) 26:8 | | 6:22 6:24 6:25 6:25 7:1 7:1 7:1 7:3 7:5 | | 10:14 12:15 18:1 18:7 18:14 18:16 18:18 | |
| same(7) 8:14 9:16 13:13 15:6 18:10 19:14 | | stopped(2) 12:25 13:6 | | 7:5 7:7 7:8 7:12 7:12 7:13 7:13 7:14 7:17 | | 20:4 20:16 21:9 21:16 21:20 | |
| 19:15 | | strauss(2) 2:5 2:34 | | 7:20 7:22 7:23 7:24 7:25 8:4 8:6 8:7 8:9 | | | |
| | | stream(1) 9:7 | | 8:11 8:12 8:14 8:15 8:19 8:20 8:20 8:23 | | thompson's(6) 10:23 18:9 19:1 19:21 | |
| samis(1) 2:13 | | street(4) 1:11 1:39 2:14 2:20 | | 9:1 9:3 9:4 9:8 9:9 9:10 9:12 9:13 9:15 | | 20:12 20:22 | |
| sanjana(1) 2:47 | | subject(1) 14:17 | | 9:16 9:17 9:18 9:19 9:21 9:24 9:25 10:4 | | | |
| satisfied(3) 9:24 9:25 25:13 | | submitted(1) 20:18 | | 10:4 10:5 10:6 10:8 10:10 10:12 10:14 | | thorough(1) 21:14 | |
| say(6) 16:18 23:4 23:18 24:24 25:10 25:18 | | substantiated(1) 19:22 | | 10:15 10:17 10:20 10:24 10:25 11:1 11:1 | | thoroughness(1) 23:5 | |
| says(5) 11:19 11:23 13:23 20:13 22:24 | | such(3) 12:4 19:23 25:16 | | 11:2 11:4 11:7 11:7 11:9 11:11 11:12 | | those(9) 6:7 7:6 10:5 12:8 12:12 14:20 | |
| schuylkill(1) 1:39 | | sum(1) 21:9 | | 11:12 11:13 11:14 11:15 11:17 11:17 11:18 | | 21:1 26:9 26:16 | |
| seated(1) 3:4 | | sure(4) 6:9 8:4 9:6 22:13 | | 12:3 12:5 12:7 12:8 12:9 12:9 12:11 | | | |
| second(2) 5:2 6:19 | | sustain(4) 10:6 16:18 17:6 21:24 | | 12:12 12:13 12:14 12:16 12:17 12:17 | | though(2) 25:5 25:25 | |
| section(1) 11:2 | | sustained(2) 9:20 21:16 | | 12:22 12:22 12:23 12:24 12:25 13:2 13:5 | | thought(1) 15:24 | |
| see(9) 4:14 4:15 4:15 4:16 4:18 16:21 22:15 | | take(3) 5:22 9:11 23:7 | | 13:5 13:6 13:7 13:11 13:13 13:15 13:15 | | three(4) 4:22 5:12 5:21 6:10 | |
| 22:19 22:23 23:22 | | tammy(1) 28:8 | | 13:16 13:18 13:20 13:22 13:24 14:3 14:4 | | three-week(1) 14:14 | |
| | | taylor(1) 2:12 | | 14:6 14:11 14:13 14:18 14:22 14:22 | | through(9) 4:11 13:6 13:14 14:3 14:5 | |
| seeing(1) 23:18 | | technical(1) 22:19 | | 14:24 15:1 15:2 15:4 15:6 15:7 15:9 15:11 | | 14:7 14:9 14:20 18:25 | |
| seek(3) 5:6 13:7 19:7 | | technology(1) 3:6 | | 15:15 15:19 15:20 15:20 15:24 16:14 16:17 | | | |
| seems(1) 26:4 | | telephone(1) 21:21 | | 16:3 16:5 16:5 16:10 16:12 16:14 16:17 | | thursday(1) 5:9 | |
| sees(1) 8:17 | | telephonic(1) 2:24 | | 16:18 16:19 16:25 17:3 17:5 17:6 17:7 | | time(13) 3:17 7:5 11:3 11:3 11:4 12:19 | |
| | | telling(2) 12:21 20:11 | | 17:9 17:12 17:14 17:15 17:20 17:21 17:23 | | 13:2 13:15 18:1 23:22 25:16 25:20 26:25 | |
| separately(2) 17:17 17:18 | | term(1) 16:8 | | 17:25 17:25 18:2 18:3 18:4 18:5 18:6 | | | |
| seriousness(1) 23:4 | | terminate(1) 11:4 | | 18:10 18:11 18:11 18:13 18:13 18:20 | | timeframe(1) 13:5 | |
| service(3) 1:38 1:46 8:23 | | termination(5) 11:22 12:21 13:16 18:11 | | 18:20 18:22 18:23 18:25 19:2 19:2 19:3 | | timeline(1) 12:15 | |
| services(1) 1:38 | | 20:6 | | 19:5 19:6 19:8 19:9 19:9 19:10 19:11 | | tip(1) 23:18 | |
| set(5) 6:19 9:18 9:18 13:17 18:12 | | | | 19:13 19:13 19:14 19:15 19:16 19:16 | | today(13) 3:14 4:21 5:5 5:13 5:17 5:19 | |
| sets(1) 22:19 | | terms(3) 6:24 8:20 11:12 | | 19:21 19:23 19:24 19:24 19:24 19:25 | | 6:11 7:13 9:19 17:25 18:12 19:25 25:1 | |
| settlements(1) 4:4 | | tessy's(3) 5:15 22:10 22:24 | | 19:25 20:1 20:2 20:7 20:9 20:11 20:12 | | | |
| seven(1) 25:8 | | testimony(2) 7:22 19:24 | | 20:15 20:17 20:17 20:19 20:20 20:21 | | too(1) 4:19 | |
| severance(49) 5:6 6:4 6:4 6:23 6:24 7:5 | | than(4) 11:23 15:12 16:12 17:2 | | 20:22 20:24 21:1 21:1 21:3 21:7 21:9 | | top(2) 19:13 20:17 | |
| 7:7 8:5 8:10 8:10 8:22 8:24 9:4 10:19 | | thank(24) 3:8 3:10 4:12 4:13 4:17 6:18 | | 21:13 21:16 21:18 21:20 21:21 21:21 | | tower(1) 2:8 | |
| 10:24 11:1 11:2 11:12 11:13 11:15 11:19 | | 8:2 9:21 10:7 10:10 11:18 17:24 21:25 | | 21:24 22:2 22:3 22:3 22:5 22:5 22:6 22:9 | | transaction(2) 14:4 18:25 | |
| 11:21 12:4 12:8 12:10 12:10 12:13 12:17 | | 22:14 22:14 23:11 27:2 27:2 27:4 27:7 | | 22:11 22:22 22:22 22:23 22:23 23:1 | | transcriber(1) 28:8 | |
| 13:8 13:14 13:15 13:16 14:13 14:14 15:2 | | 27:8 27:9 27:11 27:12 | | | | transcript(3) 1:18 1:46 28:3 | |
| 16:1 16:9 18:3 18:5 18:9 18:10 19:8 | | | | the(61) 23:3 23:4 23:5 23:9 23:11 23:15 | | transcription(3) 1:38 1:38 1:46 | |
| 19:10 19:11 19:12 19:17 21:5 21:18 25:3 | | that(128) 3:16 3:17 4:6 4:7 4:23 5:17 | | 23:17 23:18 23:18 23:19 23:20 23:22 | | truing(1) 14:25 | |
| | | 5:18 5:18 6:1 6:3 6:4 6:5 6:14 6:24 6:25 | | 23:23 24:2 24:3 24:6 24:8 24:9 24:13 | | trustee(1) 25:7 | |
| shall(1) 11:20 | | 7:6 7:7 7:8 7:22 8:14 9:5 9:7 9:8 9:10 | | 24:15 24:16 24:18 24:19 24:22 25:1 25:1 | | tuesday(1) 3:1 | |
| she(3) 4:3 4:3 4:5 | | 9:19 9:24 9:25 10:4 10:21 11:1 11:2 11:5 | | 25:4 25:6 25:7 25:7 25:10 25:11 25:12 | | tune(1) 21:1 | |
| short-term(1) 16:8 | | 11:13 11:13 11:14 12:6 12:7 12:11 12:15 | | 25:14 25:17 25:19 25:20 25:22 25:22 26:1 | | tunnell(1) 1:24 | |
| should(8) 7:15 9:11 13:12 15:18 18:8 21:15 | | 12:19 12:23 13:1 13:5 13:6 13:12 13:14 | | 26:2 26:5 26:5 26:6 26:10 26:12 26:12 | | turns(1) 3:22 | |
| 21:19 22:2 | | 13:16 13:19 13:21 14:1 14:1 14:13 14:14 | | 26:15 26:18 26:23 27:1 27:2 27:5 27:6 | | two(7) 4:23 5:5 5:8 5:22 10:11 20:7 22:19 | |
| | | 14:17 14:19 14:19 15:1 15:5 15:9 15:11 | | 27:8 27:12 27:13 28:2 28:3 28:3 28:4 | | types(1) 5:22 | |
| show(2) 20:8 26:25 | | 15:12 15:15 15:16 15:17 15:15 15:21 | | | | | |
| sign(3) 9:12 22:3 23:3 | | 15:22 16:3 16:3 16:5 16:18 17:4 17:7 | | their(12) 6:23 6:24 7:6 12:11 12:16 12:17 | | u.s(3) 3:14 12:1 13:5 | |
| signed(5) 4:5 6:5 9:8 23:13 24:6 | | 17:16 17:18 17:24 18:4 18:8 18:10 18:12 | | 12:21 13:2 13:3 13:4 18:20 21:22 | | ultimate(2) 12:13 14:14 | |
| significant(1) 26:16 | | 18:14 18:15 18:16 18:17 18:20 18:20 | | | | unable(1) 12:9 | |
| signing(1) 8:10 | | 18:21 19:3 19:6 19:6 19:9 19:12 19:16 | | them(11) 5:23 6:12 7:1 10:18 12:19 12:21 | | unavailable(1) 9:7 | |
| similar(2) 18:2 19:15 | | 19:21 19:24 20:3 20:5 20:8 20:18 20:11 | | 12:21 13:2 21:12 23:16 24:4 | | under(6) 8:20 11:6 11:12 11:20 21:18 | |
| since(1) 25:24 | | 20:24 21:1 21:9 21:10 21:16 21:16 21:17 | | | | under-funding(1) 26:13 | |
| sir(2) 4:15 24:5 | | 21:20 22:22 22:24 23:1 23:13 24:1 24:7 | | then(9) 8:16 12:2 12:19 12:25 13:9 14:3 | | underlies(1) 12:15 | |
| | | 24:25 24:25 25:1 25:24 26:1 26:19 26:25 | | 14:9 19:14 22:23 | | underlying(1) 26:12 | |
| situations(1) 25:15 | | 28:2 | | | | understand(2) 16:19 16:21 | |
| slightly(1) 22:8 | | | | there(10) 14:25 15:11 16:25 17:14 17:16 | | understanding(2) 21:23 24:25 | |
| smith(12) 5:24 6:3 6:9 6:15 7:20 8:9 8:17 | | that's(28) 4:5 5:14 6:19 8:12 14:23 16:10 | | 20:5 23:6 23:14 24:6 25:15 | | united(2) 1:1 1:20 | |
| 9:2 9:14 9:25 10:5 21:20 | | 16:16 16:25 17:3 17:5 17:8 17:17 17:17 | | | | unless(2) 7:21 16:15 | |
| | | 17:21 17:23 18:6 21:7 21:8 22:1 22:3 | | therefore(2) 16:20 17:6 | | unlike(2) 18:18 18:24 | |
| smith's(2) 8:3 8:8 | | 22:9 22:11 22:14 24:19 24:19 25:4 25:23 | | thereto(1) 7:23 | | unsecured(2) 2:35 17:15 17:18 | |
| solutions(1) 7:11 | | 27:2 | | there's(4) 13:1 13:1 17:6 27:5 | | until(3) 8:22 9:2 27:6 | |
| some(4) 12:20 21:22 23:15 25:23 | | | | these(20) 5:5 5:8 5:21 6:20 6:21 6:23 | | upon(2) 9:25 10:2 | |
| somebody(1) 7:21 | | | | 10:11 12:23 13:8 21:15 21:15 23:5 23:6 | | value(4) 14:18 15:1 18:3 19:15 | |
| something(1) 26:14 | | | | 23:13 23:24 24:20 25:3 25:9 26:7 27:9 | | vast(1) 23:17 | |
| somewhere(1) 16:4 | | | | | | very(4) 10:10 21:14 23:18 27:8 | |
| sorry(2) 16:25 24:10 | | | | they(11) 6:25 10:21 12:18 12:23 13:3 13:4 | | vicente(1) 24:14 | |
| sort(1) 8:25 | | | | 13:6 25:5 26:6 26:8 26:18 | | vincent(1) 2:19 | |
| sought(1) 5:5 | | | | | | voluntarily(1) 10:2 | |
| sound(2) 1:45 28:3 | | | | they're(6) 6:17 7:7 26:7 26:7 | | voluntary(1) 9:15 | |
| spans(1) 19:2 | | | | things(1) 5:19 | | wait(2) 9:3 9:4 | |
| speak(2) 3:25 25:21 | | | | | | waive(1) 10:1 | |
| specific(1) 19:22 | | | | think(10) 14:16 15:12 20:10 21:21 22:6 | | waived(3) 4:3 6:3 8:9 | |
| spending(1) 23:21 | | | | 24:18 25:17 25:20 25:23 26:25 | | waiver(6) 4:5 6:4 8:5 8:10 9:8 9:15 | |
| stand(1) 27:6 | | | | | | walk(1) 14:20 | |
| start(3) 7:11 8:3 12:8 | | | | thirty-eighth(1) 8:15 | | walked(1) 13:14 | |
| started(2) 3:5 3:7 | | | | | | want(1) 24:18 | |

| Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|
| **wanted**(1) 3:20 | | **york**(2) 1:33 2:9 | |
| **wants**(1) 24:7 | | **you**(68) 3:3 3:8 3:9 3:10 4:12 4:13 4:14 | |
| **warn**(25) 7:2 10:21 12:7 12:12 12:14 | | 4:15 4:16 4:17 4:19 5:5 5:5 5:17 6:2 6:18 | |
| 12:20 12:23 13:17 13:19 13:23 14:1 14:10 | | 8:2 8:14 9:12 9:19 9:21 10:7 10:10 11:18 | |
| 18:4 18:15 18:17 18:19 19:1 19:9 20:5 | | 12:6 14:6 15:1 15:20 15:21 16:4 17:24 | |
| 20:9 20:14 20:23 21:1 21:4 21:17 | | 17:25 19:14 19:17 19:25 21:25 22:2 22:7 | |
| **was**(41) 3:17 3:25 4:3 6:6 6:25 8:8 8:21 | | 22:13 22:14 22:14 23:11 24:9 24:10 24:20 | |
| 8:23 8:25 9:5 9:5 9:15 9:15 11:12 12:18 12:20 | | 24:23 24:24 25:2 25:10 25:21 26:4 26:4 | |
| 12:22 13:1 14:4 14:6 14:7 14:12 14:15 | | 26:5 26:6 26:9 26:11 26:14 26:20 26:20 | |
| 14:25 15:10 15:13 15:15 15:17 15:22 16:4 | | 26:23 27:2 27:2 27:4 27:7 27:8 27:9 27:11 | |
| 18:10 20:5 20:8 20:23 21:17 23:17 25:15 | | 27:12 | |
| 25:17 25:21 25:22 26:15 27:13 | | | |
| | | **young**(1) 2:26 | |
| **washington**(1) 2:21 | | **your**(60) 3:5 3:10 3:13 3:14 3:18 3:22 | |
| **way**(1) 15:6 | | 4:10 4:13 4:16 4:20 5:4 5:7 5:21 6:18 | |
| **week**(1) 16:7 | | 7:10 7:20 8:2 8:3 8:7 8:13 8:17 10:7 10:7 | |
| **weeks**(3) 14:4 14:5 18:25 | | 10:18 11:10 12:8 14:20 15:8 16:15 16:19 | |
| **well**(6) 9:24 10:10 16:14 21:20 23:3 24:3 | | 16:23 17:13 17:24 20:6 21:8 21:11 21:25 | |
| **went**(1) 25:3 | | 22:4 22:12 22:18 23:12 23:17 23:19 24:8 | |
| **were**(9) 10:11 12:18 13:4 15:5 16:8 17:14 | | 24:11 24:12 24:17 25:11 25:12 25:13 | |
| 21:4 24:10 25:1 | | 25:14 25:15 25:24 26:3 26:21 26:22 26:22 | |
| | | 27:4 27:7 27:11 | |
| **we'll**(3) 6:20 27:5 27:9 | | | |
| **we're**(3) 5:12 6:11 25:13 | | **you'll**(4) 11:16 22:18 22:23 23:22 | |
| **we've**(4) 5:16 10:24 18:12 19:7 | | **you're**(3) 21:23 23:5 23:18 | |
| **what**(6) 5:4 14:12 15:13 21:22 21:23 25:17 | | **you've**(3) 16:19 21:13 22:14 | |
| **when**(3) 26:6 26:6 26:8 | | *amend(1) 11:3 | |
| **where**(7) 12:9 12:10 15:21 16:12 17:21 | | *any(2) 11:5 11:19 | |
| 22:15 23:1 | | *including(1) 11:24 | |
| | | *layoff(1) 20:17 | |
| **whereupon**(1) 27:13 | | *u.s(2) 13:23 20:13 | |
| **which**(20) 5:3 5:23 7:2 8:8 8:11 9:9 10:5 | | *which(1) 12:3 | |
| 10:19 10:22 10:24 12:16 13:2 13:7 13:21 | | april(1) 28:7 | |
| 14:15 16:8 19:10 19:17 23:5 25:6 | | | |
| | | | |
| **whiteford**(1) 2:12 | | | |
| **who**(8) 3:20 3:22 4:10 7:12 10:15 11:7 | | | |
| 18:24 25:16 | | | |
| | | | |
| **whose**(2) 6:2 6:10 | | | |
| **who's**(2) 7:12 10:13 | | | |
| **why**(2) 16:17 26:25 | | | |
| **will**(8) 3:22 4:10 9:12 12:16 15:1 24:3 | | | |
| 26:2 27:8 | | | |
| | | | |
| **wilmington**(4) 1:12 1:27 2:15 3:1 | | | |
| **wish**(5) 7:15 7:24 9:22 24:9 26:24 | | | |
| **with**(24) 3:25 4:7 5:12 5:24 8:3 8:23 9:10 | | | |
| 12:10 16:19 18:9 19:12 19:22 19:25 20:18 | | | |
| 20:20 21:14 21:22 23:5 23:5 23:8 23:16 | | | |
| 24:18 25:14 27:1 | | | |
| | | | |
| **without**(2) 10:2 18:3 | | | |
| **witness**(1) 25:16 | | | |
| **won't**(1) 4:7 | | | |
| **work**(5) 14:3 14:8 18:19 18:22 18:25 | | | |
| **worked**(2) 4:6 14:5 | | | |
| **worker**(2) 11:25 12:1 | | | |
| **workforce**(2) 13:23 20:13 | | | |
| **working**(8) 12:25 13:4 13:6 14:6 14:7 | | | |
| 14:10 14:15 19:2 | | | |
| | | | |
| **works**(1) 8:2 | | | |
| **would**(9) 5:22 7:20 7:21 7:22 9:7 9:17 | | | |
| 11:16 14:21 19:16 | | | |
| | | | |
| **wow**(1) 22:15 | | | |
| **written**(4) 6:4 11:4 11:11 20:17 | | | |
| **wrong**(1) 26:5 | | | |
| **www.diaztrans.com**(1) 1:42 | | | |
| **year**(1) 9:8 | | | |
| **years**(1) 25:8 | | | |
| **yes**(32) 3:24 4:25 5:11 7:14 8:6 10:17 | | | |
| 11:9 12:5 13:11 13:24 14:11 14:16 15:22 | | | |
| 16:6 17:12 17:20 19:5 19:19 20:2 20:15 | | | |
| 21:3 22:5 22:13 22:21 23:23 24:5 24:16 | | | |
| 24:22 25:12 25:19 26:1 26:18 | | | |
| | | | |
| **yet**(1) 7:9 | | | |