**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X
                                                     :
*In re*                                              :          Chapter 11
                                                     :
Nortel Networks Inc., *et al.,*[1]                   :          Case No. 09-10138 (KG)
                                                     :
                                   Debtors.           :          Jointly Administered
                                                     :
-----------------------------------------------------------X  **Objections Due: May 2, 2016 at 4:00 p.m. (ET)**

**EIGHTY-SIXTH INTERIM APPLICATION OF HURON BUSINESS ADVISORY**
**AS ACCOUNTING AND RESTRUCTURING CONSULTANT TO DEBTORS AND**
**DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND**
**FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES**
**INCURRED FOR THE PERIOD MARCH 1, 2016 THROUGH MARCH 31, 2016**

| | |
|---|---|
| Name of Applicant: | HURON CONSULTING SERVICES LLC |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | March 19, 2009 <u>nunc pro tunc</u> to February 2, 2009 |
| Period for which Compensation and Reimbursement is sought: | March 1, 2016 through March 31, 2016 |
| Amount of compensation sought as actual, reasonable and necessary: | $39,658.50 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $0.00 |

_____

1    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems
Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera
Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846),
Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems
(U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc.
(6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (NNCI) Inc. (4226).  Addresses
for the Debtors can be found in the Debtors' petitions, which are available at
http://chapter11.epiqsystems.com/nortel.

This is an _x_ interim            ___ final application


If this is not the first application filed, disclose the following for each prior application:

| Application Period | Filing Date | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|---|
| | | | Fees | Expenses | Fees | Expenses |
| 1st Quarterly | 6/3/2009 | February 2, 2009 through April 30, 2009 | $ 1,194,400.93 | $ 135,430.75 | $ 1,194,400.93 | $ 135,430.75 |
| 2nd Quarterly | 8/25/2009 | May 1, 2009 through July31, 2009 | $ 592,854.97 | $ 75,612.54 | $ 592,854.97 | $ 75,612.54 |
| 3rd Quarterly | 11/20/2009 | August 1, 2009 through October 31, 2009 | $ 696,673.78 | $ 79,343.71 | $ 696,673.78 | $ 79,343.71 |
| 4th Quarterly | 2/18/2010 | November 1, 2009 through January 31, 2010 | $ 538,504.65 | $ 43,385.47 | $ 538,504.65 | $ 43,385.47 |
| 5th Quarterly | 5/26/2010 | February 1, 2010 through April 30, 2010 | $ 871,859.93 | $ 84,605.84 | $ 871,859.93 | $ 84,605.84 |
| 6th Quarterly | 8/24/2010 | May 1, 2010 through July 31, 2010 | $ 892,349.10 | $ 90,525.48 [2] | $ 892,349.10 | $ 90,525.48 |
| 7th Quarterly | 11/22/2010 | August 1, 2010 through October 31, 2010 | $ 819,643.73 | $ 62,812.77 | $ 819,643.73 | $ 62,812.77 |
| 8th Quarterly | 2/24/2011 | November 1, 2010 through January 31, 2011 | $ 560,776.96 | $ 20,463.15 | $ 560,776.96 | $ 20,463.15 |
| 9th Quarterly | 5/27/2011 | February 1, 2011 through April 30, 2011 | $ 206,844.30 | $ 1,567.80 | $ 206,844.30 | $ 1,567.80 |
| 10th Quarterly | 8/26/2011 | May 1, 2011 through July 31, 2011 | $ 175,934.70 | $ 82.99 | $ 175,934.70 | $ 82.99 |
| 11th Quarterly | 11/21/2011 | August 1, 2011 through October 31, 2011 | $ 121,220.10 | $ 160.40 | $ 121,220.10 | $ 160.40 |
| 12th Quarterly | 2/24/2012 | November 1, 2011 through January 31, 2012 | $ 126,056.70 | $ 314.89 | $ 126,056.70 | $ 314.89 |
| 13th Quarterly | 5/24/2012 | February 1, 2012 through April 30, 2012 | $ 105,401.25 | $ 80.63 | $ 105,401.25 | $ 80.63 |
| 14th Quarterly | 8/21/2012 | May 1, 2012 through July 31, 2012 | $ 111,790.80 | $ 41.35 | $ 111,790.80 | $ 41.35 |
| 15th Quarterly | 11/8/2012 | August 1, 2012 through October 31, 2012 | $ 65,488.05 | $ 85.57 | $ 65,488.05 | $ 85.57 |
| 16th Quarterly | 2/20/2013 | November 1, 2012 through January 31, 2013 | $ 40,029.30 | $ 54.00 | $ 40,029.30 | $ 54.00 |
| 17th Quarterly | 2/20/2013 | February 1, 2013 through April 30, 2013 | $ 39,609.45 | $ 30.00 | $ 39,609.45 | $ 30.00 |
| 18th Quarterly | 8/28/2013 | May 1, 2013 through July 31, 2013 | $ 45,262.80 | $ - | $ 45,262.80 | $ - |
| 19th Quarterly | 11/25/2013 | August 1, 2013 through October 31, 2013 | $ 43,349.40 | $ 40.00 | $ 43,349.40 | $ 40.00 |
| 20th Quarterly | 2/26/2014 | November 1, 2013 through January 31, 2014 | $ 69,397.20 | $ - | $ 69,397.20 | $ - |

_____

2    Amount reflects reduction of $850.00 as discussed with U.S. Trustee's Office.

| Application Period | Filing Date | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|---|
| | | | Fees | Expenses | Fees | Expenses |
| 21st Quarterly | 5/28/2014 | February 1, 2014 through April 30, 2014 | $    133,236.00 | $             - | $    133,236.00 | $             - |
| 22nd Quarterly | 8/20/2014 | May 1, 2014 through July 31, 2014 | $    142,783.65 | $             - | $    142,783.65 | $             - |
| 23rd Quarterly | 11/21/2014 | August 1, 2014 through October 31, 2014 | $    134,669.70 | $             - | $    134,669.70 | $             - |
| 24th Quarterly | 2/20/2015 | November 1, 2014 through January 31, 2015 | $    155,636.55 | $             - | $    155,636.55 | $             - |
| 25th Quarterly | 5/15/2015 | February 1, 2015 through April 30, 2015 | $    179,518.50 | $             - | $    179,518.50 | $             - |
| 26th Quarterly | 8/20/2015 | May 1, 2015 through July 31, 2015 | $    127,813.50 | $             - | $    127,813.50 | $             - |
| 27th Quarterly | 11/23/2015 | August 1, 2015 through October 31, 2015 | $    163,386.00 | $             - | $    163,386.00 | $             - |
| 28th Quarterly | 2/19/2016 | November 1, 2015 through January 31, 2016 | $    109,971.00 | $             - | $    109,971.00 | $             - |
| 85th Monthly | 3/8/2016 | February 1, 2016 through February 29, 2016 | $      38,286.00 | $             - | $      30,628.80 | $             - |

**COMPENSATION BY PROFESSIONAL**

Nortel Networks Inc. *et al.*
(Case No. 09-10138 (KG))

March 1, 2016 through March 31, 2016

| Professional | Title | Hours | | Rate | | Total |
|---|---|---|---|---|---|---|
| Lukenda, James | Managing Director | 0.60 | hrs | $ 750 / hr | $ | 450.00 |
| Brown, Coley P. | Director | 79.30 | hrs | $ 550 / hr | $ | 43,615.00 |
| Total Fees | | 79.90 | | | $ | 44,065.00 |

| | | |
|---|---|---|
| Reduction for Travel Time Charges | $ | - |
| Agreed Accommodation on Monthly Invoice (10%) | $ | (4,406.50) |

**Net Fees:** $ **39,658.50**

Blended Hourly Rate: $ 496.35

**COMPENSATION BY PROJECT CATEGORY**

Nortel Networks Inc. *et al.*
(Case No. 09-10138 (KG))

March 1, 2016 through March 31, 2016

| Task Code | Description | Hours | Fees |
|---|---|---|---|
| 1 | Meeting / teleconference with Debtor Management, Board, or Counsel | 4.00 | $ 2,200.00 |
| 6 | Retention and Fee Applications | 2.30 | $ 1,325.00 |
| 16 | Unsecured Claim Analysis | 73.60 | $ 40,540.00 |
| | TOTALS | 79.90 | $ 44,065.00 |
| | Less travel time discount 50% | | $ - |
| | Agreed Accommodation on Monthly Invoice (10%) | | $ (4,406.50) |
| | **Total Net Fees Due** | | **$ 39,658.50** |

# EXPENSE SUMMARY

Nortel Networks Inc. et al.
(Case No. 09-10138 (KG))

March 1, 2016 through March 31, 2016

| Cost Type | Amount |
|---|---|
| **Total Expenses** | $ - |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------X
                                                        :
In re                                                   :          Chapter 11
                                                        :
Nortel Networks Inc., et al.,¹                          :          Case No. 09-10138 (KG)
                                                        :
                        Debtors.                        :          Jointly Administered
                                                        :
-------------------------------------------------------X   Objections Due: May 2, 2016 at 4:00 p.m. (ET)
```

**EIGHTY-SIXTH INTERIM APPLICATION OF HURON BUSINESS ADVISORY**
**AS ACCOUNTING AND RESTRUCTURING CONSULTANT TO DEBTORS AND**
**DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND**
**FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES**
**INCURRED FOR THE PERIOD MARCH 1, 2016 THROUGH MARCH 31, 2016**

Huron Consulting Services LLC ("Huron Business Advisory" or "Huron"), Accounting

and Restructuring Consultant for Nortel Networks Inc. and its affiliated debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), submits this application

(the "Application") for interim allowance of compensation for professional services rendered by

Huron to the Debtors for the period March 1, 2016 through March 31, 2016 (the "Compensation

Period") and reimbursement of actual and necessary expenses incurred by Huron during the

Application Period under sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United

---

¹          The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (NNCI) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

- 1 -

States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. § 105 (a) and 331, Fed. R. Bankr. P. 2016 and Del. Banker. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order")[2].  In support of this Application, Huron represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On January 14, 2009 (the "Petition Date"), the Debtors, with the exception of Nortel Networks (NNCI) Inc. ("NNCI"), each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On July 14, 2009 (the "NNCI Petition Date"), NNCI filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3.      On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors ("UCC").

---

[2]        Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

## HURON'S RETENTION

4.      On January 29, 2009 the Debtors engaged Huron as Accounting and Restructuring Consultant in connection with these bankruptcy cases.  On March 19, 2009, this Court entered the Order Pursuant to 11 U.S.C. Sections 327 (a) and 1107 (b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing Retention and Employment of Huron Consulting Services LLC *Nunc Pro Tunc to February 2, 2009* as Accounting and Restructuring Consultant to the Debtors and Debtors in Possession  (D.I. 496).

## FEE PROCEDURES ORDER

5.      On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.      In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each month following the month for which compensation is sought.  Provided that no objections to such Monthly Fee Application are filed within the Objection Deadline, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If an objection to a portion of the Monthly Fee Application is filed and not resolved, the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses that are not subject to the objection.

## RELIEF REQUESTED

7.      Huron submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Accounting and Restructuring Consultant for the Debtors in these cases for the period from March 1, 2016

- 3 -

through March 31, 2016, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8.    During the period covered by this Application, Huron incurred fees in the amount of $44,065.00 before reductions for an agreed upon 10% accommodation and reduction in accordance with Local Rules regarding travel time.  Net fees for the Compensation Period after the aforementioned reductions are $39,658.50.  Huron's fees for the Compensation Period are based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11. For the same period, Huron incurred actual, reasonable and necessary expenses totaling $0.00.  With respect to these amounts, as of the date of this Application, Huron has received no payments.

9.    Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

10.    During the Application Period, Huron professionals billed their time devoted to matters on behalf of the Debtors' estates to 3 distinct service categories.  Below is a summary of the activities performed by Huron professionals during the Compensation Period, organized by task code:

**Task Code 1 – Meeting/Teleconference with Debtor Management, Board, or Counsel**

Huron consulted with the Debtors' management, counsel, and advisors in the performance of its duties and responsibilities on an "as needed" basis; these meetings and conferences were essential for furthering the various tasks assigned to Huron and determining the nature, scope, priority and resources required.  In these meetings, the Huron team shared information with Company management and advisors to prioritize tasks to most effectively meet the Debtors needs and provided advice / recommendations, as requested.

- 4 -

Huron devoted 4.00 hours, which resulted in fees of $2,200.00[3], for a blended rate of $550 with regards to these services during the Compensation Period.

**Task Code 6 – Retention and Fee Applications**

As the Debtors' restructuring consultant, Huron is required to adhere to the requirements of the Bankruptcy Code and related rules, and the OUST guidelines with respect to retention of professionals in bankruptcy cases. Additionally, Huron is required to submit requests for fee allowances and expense reimbursement in the manner prescribed by this Court in the Interim Compensation Order. These requirements include maintaining disclosures as well as preparing monthly and quarterly interim fee applications for payment of fees and reimbursement of expenses.

Huron devoted 2.30 hours, which resulted in fees of $1,325.00, for a blended rate of $576 with regards to these requirements during the Compensation Period.

**Task Code 16 – Unsecured Claim Analysis**

During the Compensation Period, Huron devoted time analyzing the various employee claim causes of action to update participant lists and estimates in order to assist Cleary with developing an employee claims methodology for estimating claim exposure. As part of the estimating the Debtors' employee claim exposure, Huron devoted time preparing and documenting detailed methodologies and calculations to share with Debtors' counsel. Huron also worked with Cleary to update an employee claim objection methodology pursuant to local rules. As a result, Huron has worked with Epiq to prepare employee claim communication documents that establish the Debtors' position while allowing employee claims to be resolved in a timely and efficient manner.

Huron devoted 73.60 hours, which resulted in fees of $40,540.00, for a blended rate of $551 with regards to these requirements during the Compensation Period.

---

[3] Amounts are reflected before the agreed upon reductions discussed above.

11.     Exhibit A attached hereto contains logs, sorted by case project category, which details the time recorded by Huron's professionals and descriptions of the services provided.

12.     Exhibit B attached hereto contains a breakdown of disbursements incurred by Huron during the Compensation period for which Huron seeks reimbursement in this application.

13.     Exhibit C attached hereto contains the invoice(s) for services rendered for the Compensation Period.

14.     At the time of its engagement, Huron agreed to provide the Debtors with a 10% accommodation in the form of a permanent reduction in the amount of Huron's monthly fee statements. The accompanying invoice(s) and this Application reflect the 10% accommodation adjustment.

15.     Huron has endeavored to represent the Debtors in the most expeditious and economical manner possible.  Huron ensured that all tasks were assigned so that work was performed by those professionals at Huron most familiar with the particular matter or task and by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Huron has coordinated with Cleary, Epiq, and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize fees and expenses to the Debtors.  We believe we have been successful in this regard.

16.     No agreement or understanding exists between Huron and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

17.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

**WHEREFORE**, Huron respectfully requests that this Court: (a) allow Huron (i) interim compensation in the amount of $39,658.50 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period March 1, 2016 through March 31, 2016, and (ii) interim reimbursement in the amount of $0.00 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Huron the amount of $31,726.80 which is equal to the sum of 80% of Huron's allowed interim compensation and 100% of Huron's allowed expense reimbursement in the amount of $0.00 for a total amount of $31,726.80; and (c) grant such other and further relief as is just. Huron's fees for the Compensation Period are based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

Dated:  April 12, 2016           HURON BUSINESS ADVISORY
New York, New York

                                          _____
                                          James M. Lukenda, CIRA
                                          Huron Business Advisory
                                          599 Lexington Avenue, 25th Floor
                                          New York, NY 10022-7656
                                          Telephone: 646-277-2207
                                          Facsimile:  508-445-0256
                                          *Accounting and Restructuring Consultant for the*
                                          *Debtors and Debtors in Possession*