# EXHIBIT B

## Proof of Claim

# PROOF OF CLAIM

United States Bankruptcy Court for the District of Delaware
Nortel Networks Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5075
New York, NY 10150-5075

| In Re:<br>Nortel Networks Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 09-10138 (KG)<br>Jointly Administered |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

Filed: USBC - District of Delaware
Nortel Networks Inc., Et Al.
09-10138 (KG)     0000007294

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. A separate claim form must be used for claims asserted under 11 U.S.C. § 503(b)(9).

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
NNI (CREDITOR.DBF,CREDNUM)CREDNUM # 1000005061******
TESSY, LEITH
NORTEL EXPAT MAILROOM
PO BOX 13955
RTP, NC 27709

☑ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 4755
(If known)

Filed on: Sept 29/2009

Telephone number: 214-405-3458   Email Address: leith.tessy@yahoo.com

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are filing a claim against any of the Canadian Debtors for the same claim herein in their creditor protection proceedings pending in Canada.

Telephone number:    Email Address:

1. **Amount of Claim as of Date Case Filed:** $ 412,835.00 (405,000 + 7,835)

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

2. **Basis for Claim:** Will likely be severed from Nortel (June 30/2010) ⇒ this claim adds my severance amount (405,000) to previously filed claim
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____   $7,835.00
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe: _____
   Value of Property: $_____  Annual Interest Rate _____%

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____   Basis for perfection: _____

   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   **Amount entitled to priority:**
   $ 412,835.00

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED
JUN 1 5 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: June 14 2010

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.   LEITH TESSY  Coo LG-Nortel

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

CONFIDENTIAL-SPECIAL HANDLING

October 7, 2008

Leith Tessy
910 Rotan Ct.
Allen, Texas
75013

*Note:*
Severance amount =
270,000 (annual) @ 18 months
= $405,000

June 10/2010

Dear Leith:

This letter updates and replaces your previous employment agreement dated June 23, 2008 to include the benefits provided under the "Involuntary Severance" paragraph below. The other terms and conditions of your employment and your role as Chief Operating Officer, LG-Nortel of Nortel Networks Inc. ("NNI") remain unchanged. Nortel Networks Corporation ("NNC") and/or Nortel Networks Limited ("NNL") and/or any subsidiary, including NNI, where applicable, are collectively referred to herein as Nortel.

All dollar amounts contained herein are expressed in U.S. dollars.

**Base Salary**

Your base salary remains unchanged at $270,000, calculated on a per annum basis and will be paid to you bi-weekly. As you are aware, generally, salaries are reviewed on an annual basis, typically in the first fiscal quarter, in accordance with various evaluation processes and market-driven guidelines.

**Incentive Plan**

You will continue to be eligible to participate in the Nortel Networks Limited Annual Incentive Plan ("AIP") pursuant to its terms and conditions, with a target cash award of 50% of you base salary. Any award payments made under the AIP are subject to the terms and conditions of the AIP, including with respect to individual contribution and corporate performance for the relevant period.

**Recoupment of Incentive Based Compensation**

It is not anticipated in the normal course of events that you will have to re-pay Nortel for any incentive based compensation payments received during your employment tenure with Nortel. However, if the Compensation and Human Resources Committee of the Boards of Directors of NNC and NNL determines that you have committed intentional misconduct which contributes, directly or indirectly, to an error in financial information that materially affects the value of any incentive compensation realized by you, Nortel is entitled to issue

Peter MacKinnon
Chairman LG-Nortel JV & GM LG-Nortel Business Unit
Nortel
2221 Lakeside Blvd. Richardson, Texas. 75082-4399
T-972-684-2952; Email mack@nortel.com

proceedings to recover damages against you in respect of any losses incurred or as a result of or in connection with that intentional misconduct. Nortel may recoup any incentive compensation as an advance against such damages, whether or not proceedings are issued by Nortel. Incentive compensation payments that Nortel may recoup include all sales and incentive compensation, equity-based compensation, bonus payments and any matching pension plan payments made by Nortel. For further information please refer to the Compensation and Human Resources Committee Policy Regarding Recoupment of Incentive Compensation.

### Benefits

Your current entitlements under Nortel's employee benefit plans will not change. You will continue to be entitled to four weeks of vacation per annum. Vacation is accrued monthly at the rate of 1.67 days per month of employment.

Also, as you are aware, we periodically review benefit plans, as well as compensation programs, and make modifications, including enhancements and reductions as we deem appropriate.

### Reporting Insider

You will continue to be designated a Reporting Insider under applicable Canadian securities legislation with respect to trades of securities of NNC.

### Share Ownership Guidelines

You will continue to be expected under the Share Ownership Guidelines to own common shares of NNC equivalent to 100% of your base salary within five years from the effective date of your appointment.

### Expatriate Assignment

Your current entitlements under Nortel's long term expat program remain unchanged.

### Employment Relationship

Your employment relationship with Nortel shall continue as that of employment at will and therefore such relationship is terminable at the will of either party and there is no employment agreement for a year or any other specified term.

### Involuntary Separation

Notwithstanding the employment relationship described above, if Nortel initiates your separation of employment, you will be provided in lieu of any other payment or benefit with the equivalent of eighteen months ("Payment Period") base salary paid bi-weekly

Peter MacKinnon
Chairman LG-Nortel JV & GM LG-Nortel Business Unit
Nortel
2221 Lakeside Blvd, Richardson, Texas, 75082-4399
T-972-684-2952; Email mack@nortel.com



and the opportunity to continue health, life insurance and AD&D benefits coverage in which you are then enrolled for eighteen months following your employment termination at active employee rates. Further, your outstanding and unvested stock options and restricted stock units will continue to vest and may continue to be exercised during the Payment Period. All outstanding and unvested performance stock units will immediately be forfeited and cancelled as of the date of termination, in accordance with the terms and conditions of the Nortel 2005 Stock Incentive Plan. The foregoing payments and benefits will not be provided to you if your separation of employment arises out of conduct and/or inaction by you as determined by Nortel that are not in the best interests of Nortel. Additionally, the provision of any such payments and benefits will be conditioned upon your execution of a separation agreement, which will be prepared by Nortel and will contain terms and conditions, such as, but not limited to a full and final release of claims against Nortel, restrictive covenants (including by way of illustration, non compete and non solicitation provisions during the Payment Period) as well as other terms and conditions.

### Section 409A of the U.S. Internal Revenue Code

The parties hereto intend that all benefits and payments to be made to you will be provided or paid to you in compliance with all applicable provisions of section 409A of the U.S. Internal Revenue Code of 1986 as amended, and the regulations issued thereunder, and the rulings, notices and other guidance issued by the U.S. Internal Revenue Service.

If you are in accord with the terms of this role change memorandum, please sign and return one copy of this memorandum to Leila Wong, Director, Executive and Equity Compensation, while retaining the other copy for your files.

Sincerely,

Peter MacKinnon
Chairman LG-Nortel JV &
General Manager LG-Nortel Business Unit

Accepted this 8th day of Oct, 2008

Leith Tessy

Peter MacKinnon
Chairman LG-Nortel JV & GM LG-Nortel Business Unit
Nortel
2221 Lakeside Blvd. Richardson, Texas, 75082 4399
T-972-684-2952; Email mack@nortel.com

