IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 09-10138(KG) |
| | ) | (Jointly Administered) |
| | ) | |
| NORTEL NETWORKS, INC., et al.,) | | Chapter 11 |
| | ) | |
|     Debtors. | ) | |
| ──────────────────────────── | ) | |
| | ) | |
| SNMP RESEARCH INT'L, INC., | ) | |
| | ) | Adv. No. 11-53454 (KG) |
|     And | ) | Re:  Adv. D.I. Nos. 363, |
| | ) |     364, 370, 386, 398 |
| SNMP RESEARCH, INC., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Courtroom 3 |
| NORTEL NETWORKS,INC. et al., | ) | 824 Market Street |
| | ) | Wilmington, Delaware |
|     And | ) | |
| | ) | April 19, 2016 |
| AVAYA INC., | ) | 10:00 a.m. |
| | ) | |
|     Defendants. | ) | |
| ──────────────────────────── | ) | |
| | ) | |
| NORTEL NETWORKS, INC. et al., | ) | Chapter 15 |
| | ) | Bankr. No. 09-11972 |
|     Third Party Plaintiffs, | ) | (Jointly Administered) |
| | ) | |
|     And | ) | |
| | ) | |
| NORTEL NETWORKS | ) | |
| UK LIMITED et al., | ) | |
| | ) | |
|     Third Party Defendants. | ) | |


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

```
ECRO:                       GINGER MACE

Transcription Service:      DIAZ TRANSCRIPTION SERVICES
                            331 Schuylkill Street
                            Harrisburg, Pennsylvania 17110
                            (717) 233 6664
                            www.diazdata.com


APPEARANCES:

For Debtors:                Morris Nichols Arsht & Tunnell, LLP
                            BY: DEREK C. ABBOTT, ESQ.
                            BY: ANDREW REMMING, ESQ.
                            1201 North Market St., 18th Floor
                            Wilmington, DE  19899-1347
                            302-351-9200

                            Cleary Gottlieb Steen & Hamilton
                            BY: PHILIP CANTWELL, ESQ.
                            BY: LISA SCHWEITZER, ESQ.
                            One Liberty Plaza
                            New York, NY  10006
                            212-225-2000

For Official Creditor's
Committee:                  Akin Gump Strauss Hauer & Feld
                            BY: FRED HODARA, ESQ.
                            BY: ROBERT JOHNSON, ESQ.
                            One Bryant Park
                            Bank of America Tower
                            New York, NY  10036
                            212-872-1000

                            Whiteford Taylor Preston, LLP
                            BY: KATHERINE GOOD, ESQ.
                            405 North King Street
                            Wilmington, DE  19801
                            302-357-3266

For the EMEA Debtors:       Hughes Hubbard & Reed
                            BY: DEREK ADLER, ESQ.
                            BY: CHARLES HUBERTY, ESQ.
                            One Battery Park Plaza
                            New York, NY  10004-1482
                            212-837-6000
```

APPEARANCES
(Continued)

For the EMEA Debtors:           Young Conaway Stargatt &
                                Taylor LLP
                                BY: JAIME CHAPMAN, ESQ.
                                Rodney Square
                                1000 North King Street
                                Wilmington, DE  19801
                                302-571-5030

For Liquidity Solutions,        Rosner Law Group
Inc.:                           BY: SCOTT LEONHARDT, ESQ.
                                824 North Market Street
                                Wilmington, DE  19801
                                302-777-1111

For Leith Tessy:                Leith Tessy, Pro Se

For the Monitor:                Buchanan Ingersoll & Rooney,PC
                                BY: MARY CALOWAY, ESQ.
                                1105 N. Market St., Ste. 1900
                                Wilmington, DE  19801-1054
                                302-552-4214

For Avaya:                      Sullivan Hazeltine & Allison
                                901 North Market Street
                                Suite 1300
                                Wilmington, DE  19801
                                302-428-8191

TELEPHONIC APPEARANCES:

For Interested Party:           Dow Jones & Company
                                BY: PEG A. BRICKLEY, ESQ.
                                215-462-0953

For Debtor, Nortel Networks:    RLKS Executive Solutions
                                BY: MARY H. CILIA, ESQ.
                                713-682-1228

                                Cleary Gottlieb Steen &
                                Hamilton
                                BY: MARGOT GIANIS, ESQ.
                                212-225-2386

                                Pachulski Stang Ziehl & Jones
                                BY: PETER KEANE, ESQ.
                                302-776-6401

TELEPHONIC APPEARANCES:
(Continued)

For SNMP Research                    Cole Schotz, P.C.
                                     BY: DAVID DEAN, ESQ.
                                     410-528-2972

For Official Committee of            Akin Gump Strauss Hauer & Feld
Unsecured Creditors:                 BY: MATTHEW FAGEN, ESQ.
                                     212-872-8051

For Interested Party,                Bayard, P.A.
UK Pension Trust:                    BY: GREGORY FLASSER, ESQ.
                                     302-429-4270

For Interested Party,                Contrarian Capital Management
Contrarian Capital                   BY: KIMBERLY GIANIS, ESQ.
Management:                          203-862-8250

For Ad Hoc Bondholder
Group:                               Milbank Tweed Hadley & McCloy
                                     BY: THOMAS MATZ, ESQ.
                                     BY: NICHOLAS BASSETT, ESQ.
                                     (212) 530-5885

For Monitor, Ernst & Young:          Allen & Overy, LLP
                                     BY: DANIEL GUYDER, ESQ.
                                     212-756-1132

For UK Pension Claimants:            Willkie Farr & Gallagher, LLP
                                     BY: BRIAN O'CONNOR, ESQ.
                                     212-728-8000

For Joint Administrators:            Herbert Smith
                                     BY: PHILLIP LIS, ESQ.
                                     302-571-5710

                                     Hughes Hubbard & Reed
                                     BY: CAROLINE BEAUDRIES, ESQ.
                                     212-837-6000

For Creditor, Law Debenture          Patterson Belknap Webb & Tyler
Trust:                               BY: DANIEL LOWENTHAL, ESQ.
                                     212-336-2720

For Canadian Creditors:              DLA Piper US, LLP
                                     BY: SELINDA MELNIK, ESQ.
                                     302-468-5650

TELEPHONIC APPEARANCES:
(Continued)

| | |
|---|---|
| For Creditor, Nortel Trade Claim Consortium: | Brown Rudnick, LLP<br>BY: STEVEN POHL, ESQ.<br>617-856-8594 |
| | Fox Rothschild, LLP<br>BY: JEFFREY SCHLERF, ESQ.<br>302-622-4212 |
| For Creditor, Liquidity Solutions, Inc.: | Andrews Kurth, LLP<br>BY: JEREMY RECKMEYER, ESQ.<br>212-850-2851<br>BY: PAUL SILVERSTEIN, ESQ.<br>212-850-2800 |
| For Creditor, Matt Doheny: | Jonathan Rehm<br>In Pro Per/Pro Se<br>BY: JONATHAN REHM<br>212-525-0875 |
| For Interested Party, Stephen Taylor Conflicts Administrator for Nortel Networks: | Skadden Arps Slate Meagher & Flom (New York)<br>BY: SUSAN SALTZSTEIN, ESQ.<br>212-735-4132 |
| For Reorg Research, Inc.: | Reorg Research, Inc.<br>BY: JASON B. SANJANA, ESQ.<br>212-588-8890 |
| For Interested Party, Bloomberg: | Bloomberg, LP<br>BY: JULIA WINTERS, ESQ.<br>212-617-6592 |

1

1   WILMINGTON, DELAWARE, TUESDAY, APRIL 19, 2016, 10:03 A.M.

2              THE CLERK:  Please rise.

3              THE COURT:  Good morning everyone.  Thank you.

4   Please be seated.  We're here for a Nortel hearing and Mr.

5   Abbott is already at the podium.  Good morning.

6              MR. ABBOTT:  Thank you, Your Honor, Derek Abbott,

7   from Morris Nichols, here for the Nortel U.S. Debtors.  Three

8   items on the Agenda today, Your Honor.  The first is a

9   Telephonic Status Conference regarding the Motion of

10  Liquidity Solutions regarding interim distributions or

11  conversion.

12             THE COURT:  Yes.

13             MR. ABBOTT:  Ms. Schweitzer will handle that.  The

14  second matter is a claims matter Mr. Cantwell will handle.

15  And then the third is another SNMP oral argument, Your

16  Honor --

17             THE COURT:  Yes.

18             MR. ABBOTT:  -- and Ms. Schweitzer will handle

19  that.  So I'll cede the podium to Ms. Schweitzer for the

20  first matter now if I may.

21             THE COURT:  All right.  Thank you, Mr. Abbott.

22  Ms. Schweitzer, good morning.

23             MS. SCHWEITZER:  Good morning, Your Honor.

24  Beautiful weather today.

25             THE COURT:  It is beautiful.  Thank you.  It's

1  good to see you.

2              MS. SCHWEITZER:  Good to see you as well.  I

3  believe actually it's not our Motion for LSI, and Counsel to

4  LSI, my understanding, is on the phone.  They had asked for a

5  Status Conference in connection with the adjournment of the

6  hearing to next month.

7              THE COURT:  Yes.

8              MS. SCHWEITZER:  And our objection deadlines have

9  all been extended.  So this is just, at their request, an

10 initial Status Conference, not a substantive request for

11 relief.  So I'll cede the virtual podium to them.

12             THE COURT:  All right.  Thank you.  Thank you, Ms.

13 Schweitzer.  Good morning.

14             MR. SILVERSTEIN.  Good morning, Your Honor.  It's

15 Paul Silverstein.

16             THE COURT:  Good morning, Mr. Silverstein.

17             MR. SILVERSTEIN:  Thank you, Your Honor, for

18 having the telephone conference.  I'm with Andrews & Kurth on

19 behalf of Liquidity Solutions.

20             THE COURT:  Yes.

21             MR. SILVERSTEIN:  And again, we appreciate the

22 opportunity for a very brief Status Conference on LSI's

23 Motion.  I shouldn't be more than several minutes.

24             THE COURT:  All right.

25             MR. SILVERSTEIN:  As Your Honor knows, LSI is the

1  holder of a lot of Administrative, Priority, and General

2  Unsecured Claims against Nortel Networks, Inc., the principal

3  U.S. Debtor.

4          As Your Honor is well aware, the cases were

5  commenced seven years ago.  The Debtors have liquidated in

6  Chapter 11 and generated nearly $7.3 billion in aggregate

7  sale proceeds which are currently held in escrow.  We

8  understand they've been in escrow for approximately five

9  years.  In addition, according to NNI's most recent Monthly

10 Operating Report, NNI holds approximately 600 million in

11 cash.  We understand that NNI has under 200 million in

12 Administrative and Priority Claims.

13         In connection with the allocation dispute the

14 Administrative costs of Estate Professionals have been paid

15 an aggregate of somewhere between $1 billion and $2 billion.

16 Such Professionals have been collecting their fees and

17 expenses timely on a monthly basis while NNI's Priority and

18 Non-Professional Administrative claims have not received any

19 payments on account of their Claims, and obviously, we think

20 that those Admin and Priority Claims are effectively carried

21 with the Professional Claims.

22         NNI's Unsecured Creditors have likewise not

23 received any distributions in these cases.  As we set forth

24 in our Motion, LSI believes the Court should compel NNI to

25 make distributions on account of its allowed Claims.  They

1    have more than -- NNI has more than enough cash-on-hand to

2    pay all the filed Admin and Priority Claims and we believe

3    can make significant Unsecured Creditor distributions even

4    after establishing a reserve as we set forth in our Motion.

5              LSI filed its Motion seeking the relief I just

6    described on March 21.  At the request of certain parties,

7    including the U.S. Debtors, the U.S. Creditors Committee, and

8    the Canadian Debtors, LSI agreed to adjourn the hearing and

9    objection deadlines with respect to the Motion to permit the

10   parties to discuss the potential consensual resolution

11   regarding an interim distribution, those discussions have not

12   yet occurred.  LSI would like them to occur.  But the Motion

13   is currently scheduled to be heard on May 24th.  We'd

14   obviously, Your Honor, like to avoid what I guess politically

15   referred to as a major clustering on this Motion and a major

16   expenditure of hundreds of thousands of dollars on this

17   Motion.

18             We've been told by the Debtor's Counsel that all

19   major constituencies will oppose LSI's Motion.  We don't

20   understand that, given that everyone seems to say they want a

21   distribution to Creditors to be made.

22             The Canadian Debtors and the EMEA Debtors have

23   requested that the Motion be heard at a joint hearing with

24   the Ontario Court solely because of LSI's request that a

25   portion of the escrow at 7.3 billion be distributed to NNI's

1   Unsecured Creditors.  Neither the Canadian Debtors nor the

2   EMEA Debtors have argued or asserted that this Court may not

3   authorize NNI to make a distribution of its cash-on-hand,

4   particularly with respect to the payment of Admin and

5   Priority Claims.

6           To the extent that that is somewhat of a threshold

7   issue, I guess, Your Honor, that's the principal reason why I

8   wanted a telephonic Status Conference.  To the extent that

9   this Court believes that a joint hearing is required with

10  respect to a distribution of the escrowed proceeds, LSI would

11  certainly be amenable to bifurcating its request for relief

12  with respect to distributions from NNI's cash-on-hand versus

13  distributions from the, you know, "lockbox."  With respect to

14  the cash-on-hand, such relief would not implicate the Estates

15  of Nortel's non-U.S. Debtors and it is well within this

16  Court's sole authority to address NNI's cash-on-hand.

17          So I think the preliminary issue and the reason

18  again that we asked for the Status Conference is to, in

19  essence, separate the cash-on-hand from the escrowed proceeds

20  and separate the Admin and Priority payments from the

21  unsecured distribution that we're seeking and, you know, we

22  full well understand that the bulk of the Unsecured Creditor

23  distributions that we're seeking would come from the escrowed

24  funds and we get, so to speak, the argument that there's a

25  Canadian involvement with the escrowed proceeds.

1              And that's really the purpose of my request for a

2    Status Conference, for some guidance on how we're going to

3    proceed going forward.  Ideally, Your Honor, a consensual

4    resolution would be great, but given the multitude of parties

5    involved here, I have my doubts.  But, you know, hope springs

6    eternal, and I thank you for the time, Your Honor.

7              THE COURT:  All right.  Thank you, Mr.

8    Silverstein.  That was helpful to me that you identified

9    really what the issue is.  Ms. Schweitzer?

10              MS. SCHWEITZER:  Your Honor, I just want to jump

11   up just based on Mr. Silverstein's last request, because

12   actually, in proposing to or agreeing to the Status

13   Conference, one of the things that we confirmed was that

14   there wasn't going to be substantive relief asked for at the

15   Status Conference.  In addition, Mr. Silverstein had a long

16   narrative.  We don't necessarily agree with where we've

17   gotten right now.  I hadn't really intended to go into the

18   facts, but obviously, we're all focused and working towards a

19   resolution of the case in its entirety and it is true that

20   there was an adjournment of the hearing.  But as Mr.

21   Silverstein said, it was for the sole purpose of working out

22   a consensual interim distribution.  In fact, the reason the

23   hearing was adjourned was because the objection deadline that

24   they proposed was on the date or within a date of the

25   allocation appeal.

1              THE COURT:  All right.

2              MS. SCHWEITZER:  And we had called and said we

3    obviously -- everyone in this case is focused on the large

4    issue.  We need more time to turn to this.  In addition,

5    while they suggest LSI is -- would like a meeting with the

6    Debtor, in fact, even before that adjournment, another thing

7    we had suggested is doesn't it make sense for us to sit down

8    and talk.  Many other people, Creditors and Creditor groups

9    are under Confidentiality Agreements and are familiar with

10   the facts and you're coming as an outsider with your claims

11   and would you like to talk first, and we have extended that.

12   It's good to hear that they're interested in meeting, but

13   we've told them we would need time to prepare for such a

14   meeting and we haven't -- the ball is in their court.  So

15   we're happy that they're happy to meet, but it's not for a

16   lack of us offering that that meeting hasn't happened.  No

17   need to get into all the facts and the worldwide Claims that

18   they always throw around and obviously haven't set an

19   Administrative bar date so those are all issues for another

20   day.  And I just wanted to more jump up right now because our

21   understanding was this was intentionally a reporting

22   exercise.  The objection deadline hasn't passed or the

23   response deadline is set for the 25th and so --

24              THE COURT:  Okay.

25              MS. SCHWEITZER:  -- I think it would be more

1    orderly and cautious to proceed, allowing people to file

2    their responses.  This request for a bifurcation is the first

3    time I've heard of it standing here now and so I would ask

4    that this be treated as a Status Conference for which it's

5    been scheduled rather than moving it into another phase by a

6    telephonic appearance.

7                THE COURT:  All right.  Thank you, Ms. Schweitzer.

8                MR. SILVERSTEIN:  Your Honor, may I for a second?

9                THE COURT:  Hold on one second, Mr. Silverstein,

10   because I have Mr. Hodara from the Committee rising.

11               MR. HODARA:  Thank you, Your Honor.

12               THE COURT:  Mr. Hodara, good morning.

13               MR. HODARA:  Fred Hodara.

14               THE COURT:  Yes.

15               MR. HODARA:  Akin, Gump, Strauss, Hauer, & Feld,

16   for the Committee.

17               THE COURT:  Yes, sir.

18               MR. HODARA:  Your Honor, I wanted to mention a

19   couple of items in view of the fact that Your Honor and

20   Justice Newbould were quite clear in the rulings on

21   allocation; that Your Honors both wanted the parties to

22   consider an interim distribution.  And so --

23               THE COURT:  Yes.

24               MR. HODARA:  -- even at this early stage and just

25   at a Status Conference, I wanted to be clear that quite a bit

1  of thought and consideration has been given to the topic of

2  an interim distribution.  I can speak really only for the

3  activity here in the United States.  And also in that regard,

4  Your Honor is aware that there is now a very active and

5  partially restricted trade consortium.

6            THE COURT:  Yes.

7            MR. HODARA:  And there have been discussions with

8  that group along these same lines.  As Ms. Schweitzer

9  indicated, we have both, the Creditors Committee and the U.S.

10 Debtor, suggested to Mr. Silverman sitting down and having

11 those kinds of discussions.  We would have to figure out how

12 to do that on an unrestricted basis, unless they want it to

13 become restricted.  All of that has been offered up,

14 continues to be available, and we would intend to use the

15 time between now and any potential hearing both to prepare

16 our response to the Motion, but also to have those kinds of

17 productive conversations.

18            THE COURT:  All right.  Thank you, Mr. Hodara.

19 And this really was strictly a Status Conference.  I think

20 that a matter has been raised that perhaps the parties ought

21 to discuss and apparently will be discussing.

22            MR. HODARA:  Thank you.

23            THE COURT:  Thank you, Mr. Hodara.

24            MR. ADLER:  Your Honor --

25            THE COURT:  Mr. Adler, good -- I'm sorry.

1        MR. ADLER:  Yes.

2        THE COURT:  Mr. Adler has risen and wishes to be

3 heard.

4        MR. ADLER:  Yes, Derek Adler, for the Joint

5 Administrators for the EMEA Debtors.  Good morning, Your

6 Honor.

7        THE COURT:  Good morning, Mr. Adler.

8        MR. ADLER:  We -- the Joint Administrators have

9 joined in a response that was filed by the Canadian Debtors,

10 as Mr. Silverstein mentioned, and the position that we signed

11 on to is simply that we, like the other Debtors, are happy to

12 discuss interim distributions from the lockbox at any time

13 and see if we can reach an agreement on that.  This is from

14 the sales proceeds escrow but --

15        THE COURT:  Right.

16        MR. ADLER:  -- plainly, that should be done, as I

17 think Your Honor understands, based on discussions between

18 the Debtor entities and would need to be addressed in a joint

19 hearing --

20        THE COURT:  It would.

21        MR. ADLER:  -- by Orders by yourself and Justice

22 Newbould.  So that's the only reason we've responded at all

23 because we take no position on the possibility of interim

24 distributions from cash-on-hand that the U.S. holds and we

25 take no position on the Motion to Convert the case.

1          The reason I'm rising right now is that Mr.

2  Silverstein has mentioned the desire to reduce the costs of

3  this and he's also suggested the idea of bifurcation.  And I

4  think if it were possible to clarify today that the issue of

5  interim distributions from the lockbox will not be addressed

6  in the current Briefing Schedule and at the Motion date that

7  Your Honor has set.  That will reduce expenses because,

8  obviously --

9          THE COURT:  Yes.

10          MR. ADLER:  -- the other Debtors in Canada, I

11  can't speak for Canada, but obviously this would be of great

12  interest to Canada and to our clients and we would need to

13  participate and take positions.  So if Mr. Silverstein can

14  confirm that he is adjourning that aspect of his Motion

15  without date as was proposed by the Canadian Debtors, I think

16  that would be a very helpful development to be able to

17  clarify that today.

18          THE COURT:  All right.  Mr. Adler, thank you.

19  I'll ask Mr. Silverstein that question.  Mr. Silverstein, are

20  you prepared to bifurcate at this point?

21          MR. SILVERSTEIN:  Yes, I am prepared to bifurcate

22  at this point, not without date but with a date to be agreed

23  on that's not reasonably too far out.  And, you know, I

24  didn't come here to the Status Conference today that I

25  requested seeking substantive relief.  I came to discuss the

1    bifurcation issue because I -- as Counsel just indicated, I

2    think, collectively, none of us should want to increase the

3    administrative burn in this case that's in the billions of

4    dollars.  So, yeah, the answer is I suggested that we

5    bifurcate and we deal with the U.S. cash separately from the

6    cash that I suspect probably needs to be dealt with in a

7    joint U.S./Canadian hearing because, as I understand it, that

8    money is effectively jointly escrowed or the like.  So the

9    answer to your question is yes.  And the guidance I was

10   seeking in this Status Conference was precisely to address

11   the Debtor's cash first with Your Honor, solely with Your

12   Honor, not with the joint Canadian/U.S. Court, so to speak.

13   So the short answer is yes, but not without date, but with a

14   date that we can agree on that's not too far out that would

15   accommodate both the U.S. Court and the Canadian Court.

16              THE COURT:  And how about your Motion to Convert

17   the case?

18              MR. SILVESTEIN:  The Motion to Convert the case I

19   think probably should be carried to the next hearing and we

20   can deal with that, you know, as it comes because I think

21   that, as we indicated in our Motion papers, that's not my

22   first choice.  Okay?  The Motion to Convert is really one out

23   of pure frustration that, you know, Professionals -- and I

24   certainly am one of them and I love getting paid and I love

25   making money in this business, but the Professionals have

1  been paid, you know, a couple of billion dollars and

2  Administrative and Priority Claims which were effective, I

3  assume, have not received a penny.

4            THE COURT:  Right.

5            MR. SILVERSTEIN:  So frustration of moving to

6  convert this case is certainly in the minds of the people

7  with the economic interests here and not the people that are

8  living off these cases.  So I'd like to carry that to the

9  main hearing date with the understanding that Your Honor

10  probably should not really consider that fully at that time.

11  But I think we should initially deal with the U.S. Debtor's

12  cash-on-hand to see if we can arrange for a distribution.

13  And I welcome discussions with Counsel on that.  I mean one

14  of the comments that one of the Professionals, one of the

15  material Professionals in these cases, made was that there

16  are some big Administrative Claims out there and they're not

17  sure how those big Administrative Claims are going to

18  ultimately be resolved, and therefore, they suggested that

19  we're not sure if Administrative Claims will be paid in full

20  and after I stopped laughing, I said well, does that mean

21  that Professionals will get paid and Administrative Claims

22  may not get paid?  Your Honor, I'm being a little facetious,

23  because I can't believe that was said to me in absolute

24  seriousness, but that's really, you know, the tone of what's

25  going on here, in addition to the concept of getting some of

1  the escrowed money released.  So hope I'm not speaking too

2  much but that's really the view, and I thank you for the

3  time.

4           THE COURT:  All right.  Thank you.  Ms.

5  Schweitzer?

6           MS. SCHWEITZER:  Your Honor, he's not only

7  speaking facetiously, he's speaking incorrectly, but we won't

8  go through a reenactment of every conversation the

9  Professionals have had with Mr. Silverstein.  The only thing

10  I rose to suggest is we all have a joint interest in

11  proceeding in an orderly fashion, but we have had several

12  calls and outreaches to Mr. Silverstein.  So the fact that

13  this is now being proposed on an ad hoc, off-the-cuff basis

14  of him thinking out loud is really not the most orderly or

15  official way to proceed.  I obviously don't have a client

16  with authority in the room in terms of -- and I don't have a

17  calendar to start rescheduling three Motions, which he's now

18  turned one Motion in to three Motions, three bites at the

19  apple.  And so what I was going to propose was that we can

20  talk to Mr. Silverstein.  We certainly can coordinate on our

21  side with other Creditors in the case and come up with a

22  proposal for how this should proceed.  I'm not quite sure why

23  that proposal -- if this was his intention and the relief he

24  was seeking, I'm not sure why that wasn't actually proposed

25  to us in order to be efficient and devoid all the

1   Professionals from sitting on the phone during this call,

2   having it proposed live, but I would suggest that we can

3   propose something or he -- Mr. Silverstein; it's his Motion,

4   can propose something.

5           THE COURT:  Yes.

6           MS. SCHWEITZER:  We could hopefully work it out

7   and just file a new Scheduling Order rather than do this live

8   and off-the-cuff.

9           THE COURT:  All right.  Well, I did hear from Mr.

10  Silverstein that he is now talking at the next hearing that's

11  scheduled on this matter about cash-on-hand.  So I think that

12  your --

13          MR. SILVERSTEIN:  That's correct, Your Honor.

14          THE COURT:  I think your response could be limited

15  to that.

16          MS. SCHWEITZER:  Right.  My -- the concern I have,

17  and I understand that, is that what I don't want is Mr.

18  Silverstein, under the guise of claiming to be efficient, to

19  now say he's going to bring three Motions in sequence; first

20  cash-on-hand and then he may or may not be happy with that

21  result.  If, in fact, he's not able to prove cash-on-hand is

22  enough or that there's enough of a claim, he'll come back and

23  say well let's now talk about interim distributions and/or I

24  will waive the threat of conversion over everyone and so I am

25  all for orderly proceeding.  We may be amenable to proceeding

1  in that fashion.  But what I don't want is just to have this

2  kind of live free-option hanging out there when, as I said,

3  we've approached him from day one asking for meetings, asking

4  to talk about how to make this an efficient Motion and to

5  have conversations that would bring this to -- we'll figure

6  out if we agree or we don't and how to frame it and this is

7  the first conversation we've had of this kind after over a

8  month.  So it's -- I'm not saying that we're not willing to

9  proceed in that fashion, but I think that in terms of where

10  the objection deadlines are, when we would have to file

11  objections to these various forms of relief --

12          THE COURT:  Yes.

13          MS. SCHWEITZER:  -- and what will happen between

14  today and the hearing, whether he wants a Motion -- oh, no,

15  I'm sorry, a meeting, we had told him we'd need some lead

16  time.  We don't have Professionals in New York and so he

17  wants that to occur before the hearing.  We are now down to

18  weeks instead of over a month.  So I'm potentially fine in

19  proceeding in a bifurcated fashion, but I think it makes more

20  sense to have that conversation offline where everyone can

21  work out the dates and what that means in toto rather than

22  doing it off-the-cuff live at this point without calendars

23  and without the other parties being present to have that

24  conversation.

25          THE COURT:  All right.  All right, Ms. Schweitzer.

1  Well, here's what I'm hearing.  The hearing that we will have

2  on Mr. Silverstein's Motion will be on cash -- with regard to

3  cash-on-hand and the responses should address --

4              MR. SILVERSTEIN:  That's fine with me, Your Honor.

5  And again, if, in fact, there's not enough money to pay

6  Administrative Claims, I think that Your Honor has to

7  seriously consider whether Professionals continue to get paid

8  regularly as they have been now but that's not for today.

9              THE COURT:  All right.

10             MR. SILVERSTEIN:  And as far as the comments about

11 off-the-cuff or whatever, I mean I'm not responding and don't

12 take my lack of response as agreeing with anything of the

13 sort.

14             THE COURT:  All right.  As --

15             MR. GUYDER:  And, Your Honor, this is --

16             THE COURT:  As far as scheduling -- oh, yes?

17             MR. GUYDER:  Sorry, Your Honor.  This is Dan

18 Guyder, of Allen & Overy, for the Monitor and Canadian

19 Estates.

20             THE COURT:  Yes, good morning.

21             MR. GUYDER:  Thank you, Your Honor, for the

22 opportunity to participate by telephone.  First, you know, we

23 would just want to add to the point.  We understand Mr.

24 Silverstein's concern.  The Monitor and the Canadian Debtors

25 would also like to see distributions to Creditors without

1  unnecessary delay.  Unfortunately, we think the request

2  that's been made to the Court, you know, obviously comes in

3  the context of these complex cross-border cases during the

4  pendency of the appeals and the allocation decision and we

5  think that the relief that he's looking for and proposing to

6  go forward on a somewhat ad hoc basis should be properly

7  framed in a revised request with opportunity for parties to

8  object to the specific request that he seeks on the 24th, and

9  subject to our reservation of rights regarding the need to

10  consider that in the context of a joint hearing with the

11  Ontario Court.  We understand that Mr. Silverstein has agreed

12  that the Motion in its current form, if it were to proceed on

13  the 24th, undoubtedly would require a joint hearing.  But

14  based on what we're hearing this morning, it's just not clear

15  to us how the relief he's requesting may implicate the same

16  issues on allocation and also the interests of the Canadian

17  Estates, and therefore, we think the hearing ought to stay as

18  scheduled as a joint hearing or at the very least, we'd like

19  to reserve our right to seek a joint hearing based on the

20  modified request that we expect Mr. Silverstein will present

21  to people.

22            THE COURT:  Well, I do think, based on Mr.

23  Silverstein's comments --

24            MR. BASSETT:  Your Honor?

25            THE COURT:  Yes?

1          MR. BASSETT:  Yes, sorry.  This is Nick Bassett,

2     from Milbank Tweed on behalf of the Bondholder Group.  If I

3     may, I just wanted to be heard briefly as well.

4          THE COURT:  Sure.

5          MR. BASSETT:  Your Honor, we don't object in

6     principle blanketly to the idea of interim distributions, but

7     the Motion depends specifically on limiting the Bondholder

8     Claim in a way that it's inconsistent with the prior Orders

9     of the Court, including the 9019 Order on the PPI settlement

10    and the Court's decision on reconsideration of allocation and

11    it's not the time now to get into the merits of all those

12    arguments.  But suffice it to say, we certainly plan on

13    filing an objection to the Motion in accordance with the

14    current schedule.

15         And as far as today's Status Conference goes, as a

16    procedural matter, I echo Ms. Schweitzer's comments about not

17    making any decisions today based on, you know, this request

18    for a bifurcation of the hearing.  This is the first time

19    that we are hearing of that request as well.  We haven't had

20    the opportunity to discuss that with our group, and you know,

21    think it would just make more sense for the parties to be

22    able to discuss the best path forward and then come back once

23    we've had the opportunity to exchange respective views on

24    that.  Thank you.

25         THE COURT:  Thank you.  Anyone else wish to be

1    heard?

2    [No audible response.]

3              THE COURT:  All right.  Now, we have a hearing May

4    24th and the responses are due this month, the 25th?

5              MS. SCHWEITZER:  Yes, Your Honor.

6              THE COURT:  I would think that what might be best

7    is for Mr. Silverstein to revise his Motion to just ask for

8    the cash-on-hand in the first instance and that way the

9    parties who might oppose the Motion would know how to respond

10   and I think that that ought to be done by the 25th.  And then

11   responses to that Motion could be due, I would say, the 18th

12   of May, although that -- you may want to reply, is that

13   right --

14             MR. SILVERSTEIN:  Can we do it a little bit

15   earlier, Your Honor?  Paul Silverstein.

16             THE COURT:  Mr. Silverstein, you would want to

17   reply?

18             MR. SILVERSTEIN:  Yes.  That's why I think the 18th

19   is a little too much from the 25th to the 18th.

20             THE COURT:  Yeah, it's a little too late.  So

21   let's say the 13th of May, which is a Friday, and then that

22   would give you, Mr. Silverstein, until the 20th of May to

23   respond, to reply.

24             MR. SILVERSTEIN:  That sounds fine, Your Honor,

25   and I would do this in the form essentially of a supplement,

1   if you will, because I do want to keep the other Motion on

2   the table, fully recognizing that with respect to joint

3   funds, I get the fact that Canada certainly has an interest

4   in the joint funds.

5          THE COURT:  All right.  And in the meantime, the

6   parties can talk, whether it's before --

7          MR. SILVERSTEIN:  That would be lovely, Your

8   Honor.  Thank you very much.

9          THE COURT:  Whether it's before the responses are

10  file or before and after, however it works.  Does that work

11  for you, Ms. Schweitzer?

12         MS. SCHWEITZER:  Your Honor, I apologize for my

13  phone, but I'm just looking that the only thing about him

14  filing the Motion on the 25th is that that's right before

15  Memorial Day weekend and so that's -- it's not -- it's two --

16  just over two weeks of response time, but we would be getting

17  the Motion the Thursday before Memorial Day weekend, which I

18  remember right is a Canadian holiday as well.  Oh, I'm sorry.

19  My goodness.

20         MR. SILVERSTEIN:  Your Honor?

21         MS. SCHWEITZER:  Never mind, Your Honor.  I am --

22  I'm one month ahead.

23         THE COURT:  Yes.

24         MS. SCHWEITZER:  I apologize.  I was --

25         THE COURT:  That's okay.  That's -- I understand

1   completely.

2           MS. SCHWEITZER:  See, this is why we don't do

3   things on the fly because I don't have the calendar in front

4   of me.  So the hearing -- the dates would be Monday the 25th

5   he revises --

6           THE COURT:  Right.

7           MS. SCHWEITZER:  -- the Motion and then the 13th --

8   so we have three weeks to respond?

9           THE COURT:  That's right.

10          MS. SCHWEITZER:  I apologize.  This is why -- and

11  then the hearing is going to be on -- the reply is due on --

12          THE COURT:  The 13th -- the 20th.  Excuse me.

13          MS. SCHWEITZER:  -- the 20th?

14          THE COURT:  Yes.

15          MS. SCHWEITZER:  And the hearing is on the 25th --

16          THE COURT:  On the --

17          MS. SCHWEITZER:  Is that right?

18          UNKNOWN MALE:  24th.

19          THE COURT:  -- 24th.

20          MS. SCHWEITZER:  24th.  I apologize, Your Honor.

21          THE COURT:  That's all right.

22          MS. SCHWEITZER:  I'm sorry.  This is -- okay.  I

23  had the wrong month up.  Thank you.

24          THE COURT:  Good.  All right.  So that's not a

25  problem.  And the parties have ample time to talk and come to

1  some agreement or not.  And I recognize that there are

2  various positions that parties will take, but hopefully

3  something can be accomplished.

4            MS. SCHWEITZER:  Thank you.

5            MR. SILVERSTEIN:  We hope so, Your Honor.  Thank

6  you very much again for the time this morning.

7            THE COURT:  All right.  Thank you, Mr.

8  Silverstein, for bringing the matter to my attention too.

9  All right.  Mr. Silverstein, if you'd like to get off or if

10 you'd like to stay on that's your choice.

11           MR. SILVERSTEIN:  I'd love to get off and I

12 appreciate that offer, Your Honor.  Thank you.

13           THE COURT:  Thank you, sir.  Mr. Cantwell, good

14 morning.

15           MR. CANTWELL:  Good morning, Your Honor.

16           THE COURT:  And I'm going to hear Item #2 from

17 you?

18           MR. CANTWELL:  Yes you are.

19           THE COURT:  All right.

20           MR. CANTWELL:  Good morning, Your Honor, Philip

21 Cantwell, of Cleary, Gottlieb, Steen & Hamilton, here today

22 on behalf of the U.S. Debtors to address Agenda Item 2, one

23 contested claim numbered 7294 of Mr. --

24           THE COURT:  And I believe Mr. Tessy is in the

25 Courtroom.  Is that right, Mr. Tessy?

1              MR. TESSY:  Yes I am, Your Honor.

2              THE COURT:  All right.  Very well.  Good.

3              MR. CANTWELL:  So, Your Honor, you'll remember

4    this was previously adjourned from the March 22nd hearing --

5              THE COURT:  That's right.

6              MR. CANTWELL:  -- as additional communications

7    were exchanged between the parties and in order to more fully

8    prepare our reply.  Your Honor, the relevant documents that,

9    just for the record, Mr. Tessy's claim is objected to in our

10   Forty-First Omnibus Objection, which is Docket Item 16556.

11   He responded in Docket Item 16618 and we replied last week.

12             THE COURT:  Yes.

13             MR. CANTWELL:  Docket Item 16722.  Your Honor, Mr.

14   Tessy asserted a claim in the amount of $412,000 and --

15   $412,835.  Excuse me.  $412,835.

16             THE COURT:  Yes.

17             MR. CANTWELL:  In the main Nortel Network's, Inc.

18   proceeding, Case Number 09-10138.  And relevant to this

19   dispute today, that $412,000 amount included a request for

20   severance in the amount of $405,000.  And, Your Honor, the

21   U.S. Debtors believe that Mr. Tessy's claim must be modified,

22   reduced, and allowed because he does not satisfy the

23   requirements set forth in his Employment Agreement, under

24   which he is asserting his entitlement to severance to receive

25   those benefits.  And even alternatively, Your Honor, should

1   the claim somehow attempt to be asserted under one of the

2   Nortel Network Severance Plans, which you're intimately

3   familiar with --

4           THE COURT:  Yes.

5           MR. CANTWELL:  -- he is ineligible under that plan

6   as well.  Accordingly, Your Honor, rather than this $412,000

7   amount, following a review of the Debtor's books and records,

8   we believe that he is entitled solely to a Priority Claim of

9   $3,115.38, an Unsecured Claim in the amount of $5,633.62, for

10  a total of $8,749.

11          Your Honor, as an initial matter, I know you're

12  familiar with Ms. Cilia, our --

13          THE COURT:  Yes.

14          MR. CANTWELL:  -- Claims Consultant from RLKS

15  Executive Solutions.  Once again, she put in a Cilia

16  Declaration attached to our reply --

17          THE COURT:  Right.

18          MR. CANTWELL:  -- in order to get in certain

19  documents, certain emails, and to represent what the Debtor's

20  common business practices were with respect to how severance

21  claims were handled.

22          THE COURT:  Right.

23          MR. CANTWELL:  Ms. Cilia was on her way here

24  today.  Unfortunately, she is based in Houston.

25          THE COURT:  Yes.

1          MR. CANTWELL:  And as you may have seen the severe

2    flooding and inclement weather there prevented that from

3    happening.

4          THE COURT:  Right.

5          MR. CANTWELL:  Ms. Cilia is on the phone today.

6          THE COURT:  Okay.

7          MR. CANTWELL:  And to the extent Your Honor has

8    any questions or anything would pop up, she is available to

9    answer.  I spoke to Mr. Tessy before the hearing.  He does

10   not have any issues with admitting the documents that were

11   attached to Ms. Cilia's Declaration into the record.  I

12   believe Mr. Tessy is -- he may get up, has additional

13   documents that he may like to be considered.  But as to the

14   documents attached to Ms. Cilia's Declaration, he's fine with

15   those going forward.

16         THE COURT:  Good.

17         MR. CANTWELLL:  So unless somebody else would like

18   to cross-examine Ms. Cilia on those documents, I would ask

19   that they be admitted into the record here at the beginning.

20         THE COURT:  All right.  Mr. Tessy, any objection

21   to my admitting those documents into evidence?

22         MR. TESSY:  No, Your Honor.

23         THE COURT:  No objection?  They are then admitted.

24   We'll call those Debtor's Exhibit 1.  Or should we separate

25   them, Mr. Cantwell?

1          MR. CANTWELL.  Your Honor, we would request that

2    her Declaration and the exhibits attached to that Declaration

3    be admitted to clarify.

4          THE COURT:  As one exhibit?

5          MS. SCHWETIZER:  Yes.

6          MR. CANTWELL:  Yes.

7          THE COURT:  Okay.  I admit them as Exhibit 1,

8    Debtor's Exhibit 1.

9          MR. CANTWELL:  Thank you, Your Honor.  Your Honor,

10   I think a brief recitation of the background facts will

11   really frame this issue going forward.

12          THE COURT:  I agree.

13          MR. CANTWELL:  Your Honor, Mr. Tessy was an NNI

14   employee, who unlike other Nortel employees was not eligible

15   for severance under the Nortel Networks Severance Plan

16   because his entitlement to severance was set forth in a

17   separate Employment Agreement which we -- which he had

18   attached to his Proof of Claim which is attached to the reply

19   as Exhibit B.

20          THE COURT:  Right.

21          MR. CANTWELL:  Your Honor, at the relevant time,

22   at least relevant to this dispute, Mr. Tessy held the

23   position as Chief Operating Officer of an LG Nortel Joint

24   Venture and that entity for which Mr. Tessy worked was

25   divested at that time.  He was on Seoul, South Korea.  Mr.

1  Tessy was offered a position of continued employment with

2  Erickson.

3          THE COURT:  Yes.

4          MR. CANTWELL:  As Mr. Tessy was deciding whether

5  or not to accept that offer, he communicated multiple times

6  with Nortel employees, members of Human Resources, and

7  Employee Benefits.  And relevant to what's before you today,

8  on June 10th and is what -- in what is attached as Exhibit 3

9  to the Cilia Declaration, a Nortel Human Resources employee

10  outlined to Mr. Tessy how his entitlement to severance

11  benefits would work.  It would depend ultimately on his

12  decision whether or not to accept a continued position with

13  Erickson.  If he reached a mutually agreeable continuation of

14  his role with Erickson, he would be treated the same as any

15  other employee transferring to a buyer in a various

16  divestiture.  He would move to the buyer on agreed terms and

17  severance would not be applicable.  Now, alternatively, if he

18  was unable to reach a mutually agreeable continuation of his

19  role with Erickson, severance may be appropriate, provided he

20  could otherwise satisfy the conditions that would apply to

21  his entitlement to severance.  Your Honor, that was June 10th

22  of 2010.  And the next day on June 11th, which was still two

23  weeks before Mr. Tessy ultimately made his decision to

24  continue his employment, Mr. Tessy filed this Proof of Claim

25  and in that Proof of Claim, it says the basis for the Claim

1  that "He will likely be severed from Nortel."  "This Claim

2  adds my severance amount.  Mr. Tessy had previously filed a

3  claim approximately in the amount of I believe $7,000 for

4  compensation under one of the Nortel Network's long-term

5  retirement income plans.

6              THE COURT:  Okay.

7              MR. CANTWELL:  Your Honor, in effect, the Proof of

8  Claim was filed anticipating that the termination would occur

9  and there would be no continuation of his role with Erickson.

10  Your Honor, 10 days later, as Mr. Tessy continued, I presume,

11  to decide whether or not to accept the continued offer with

12  Erickson, how ever that offer would ultimately be presented

13  to him, he then communicated with Nortel during that period.

14  And on June 21st, he had asked, and this is reflected in the

15  string of email correspondence attached as Exhibit 2 to the

16  Cilia Declaration, he asked Nortel to confirm that if he

17  accepts this contract with Erickson, at least with respect to

18  his severance claim, he would be treated as involuntarily

19  terminated, ultimately getting to an entitlement to his

20  severance claim.  Nortel responded the next day and made it

21  clear to Mr. Tessy, as they had -- or at least in outlining

22  the options in the June 10th correspondence, that that was not

23  correct and consistent with what had previously been

24  expressed to him.  "If you take the deal that has been

25  offered, you will not be entitled to a severance claim."  And

1  the individual at the time was -- expressed "Unfortunately, I

2  cannot influence a change in the U.S. severance policies."

3  That was June 22nd.  And then on June 28th, again, aware at

4  least twice, that continuing his role with Erickson once the

5  divesture was complete would not entitle him to a severance

6  claim.  Mr. Tessy emailed Nortel, and this is reflected in

7  the email attached to the Cilia Declaration as Exhibit 4, and

8  said that he had accepted the position that had been offered

9  to him at Erickson.  And Your Honor, against this factual

10  background, as I'll walk through here in a moment,

11  accordingly, he is not now entitled to his claim for

12  severance that was initially claimed in what, in effect, was

13  a protective Proof of Claim where, at least what he thought

14  may occur, we do not believe actually occurred.

15        Your Honor, Mr. Tessy's response makes very clear

16  that his claim for severance is grounded in his Employment

17  Agreement, which was also attached to that -- to his Proof of

18  Claim.  And that Employment Agreement makes Mr. Tessy

19  eligible for severance if two conditions occur:  Nortel

20  "initiates his separation of employment" and separately, but

21  no less importantly, Mr. Tessy and Nortel execute a

22  Separation Agreement prepared by Nortel that would contain

23  terms and conditions such as a Release of Claims and other

24  restrictive covenants.  Neither of these occurred, and

25  therefore, he's not entitled to a severance claim under the

1    terms of the Employment Agreement that he has asserted his

2    claim under.

3          Your Honor, on the first point,  Mr. Tessy did not

4    depart Nortel in a Nortel-initiated separation of his

5    employment.  As I've said, he continued his role with

6    Erickson and perhaps the terms and conditions of his

7    employment with Erickson, once he moved, were not the exact

8    same as they had been at Nortel, but nevertheless, his role

9    continued and he did that with full knowledge that Nortel was

10   not going to consider him eligible for a severance claim

11   should he accept that claim.  Again, he was informed on June

12   10th that similar to the other employees who transferred to

13   purchasers throughout this business line so -- excuse me,

14   throughout the cases generally, because he went to Erickson

15   on agreed terms, he was not going to be eligible for

16   severance claims.  Instead, he had a continuation of his

17   employment with Erickson.  Again, on June 22nd, now after he

18   has filed his Proof of Claim, anticipating that he may be

19   terminated without continuing at Erickson, he was told again

20   if you take the deal that has been offered, you will not be

21   entitled to a severance claim and that's what came to pass.

22   Mr. Tessy decided to take the deal that was offered to him

23   and now, under the terms of his -- excuse me, under the terms

24   of his Employment Agreement, he is not entitled to that

25   claim.

1              Your Honor, that's the first prong; that there was

2    no Nortel-initiated separation of employment.  The employment

3    continued with Nortel.  But second, and no less importantly,

4    Mr. Tessy is ineligible because, as it sets forth in his

5    Employment Agreement, he needed to execute the Nortel

6    prepared -- or the Separation Agreement that was going to

7    include a full release of claims and certain restrictive

8    covenants.  And I know Your Honor is aware that certain of

9    these Agreements have come, I believe, before you before, but

10   Mr. Tessy has not produced a copy of such an Agreement.  The

11   Debtors have reviewed their books and records and did not

12   find one.  And in this situation, that makes perfect sense

13   because Mr. Tessy was not eligible for severance under the

14   terms of his Severance Agreement -- or excuse me, under the

15   terms of his Employment Agreement.  In this situation, he was

16   not eligible for severance because it was a transition to

17   Erickson and he had been made aware of that point by the

18   Debtors.  Again, the Debtors would not have prepared such an

19   Agreement.  It was not their common practice to prepare

20   Agreements -- excuse me, to prepare severance packets and

21   send them to employees under any mutually agreed termination,

22   which is what happened here by continuing his role with

23   Erickson.  And, Your Honor, accordingly, to now grant him a

24   severance claim for which the Debtors believe he is

25   ineligible and in exchange for which he did not provide the

1  beneficial release to Nortel that would have released any

2  other claims would not only prejudice Nortel, it would

3  prejudice its Creditors and any other Claimants, for example,

4  that may have been required to execute such a Release in

5  exchange for such a severance claim.

6        Your Honor, in sum, Mr. Tessy does not qualify for

7  a Severance Agreement under the terms of his Employment

8  Agreement and the same holds true under the Severance Plan,

9  just to make that perfectly clear.  Although Mr. Tessy has

10  not pressed this claim under the Severance Plan for -- as we

11  outlined further in our reply, Mr. Tessy is not a qualified

12  employee under the Severance Plan because as defined therein,

13  Section 1.3 of the Severance Plan defines an employee to

14  exclude someone "whose severance benefits are provided for in

15  a separate writing."  And here --

16        THE COURT:  Right.

17        MR. CANTWELL:  -- as Mr. Tessy's Proof of Claim

18  has made clear, his claim is being pursued pursuant to a

19  separate writing.

20        THE COURT:  And that's the Employment Agreement?

21        MR. CANTWELL:  That's correct.

22        THE COURT:  Yes.

23        MR. CANTWELL:  Under which the Debtors believe he

24  is also ineligible -- unable -- ineligible and unable to

25  press his claim.  Your Honor, that's -- unless you have any

1  initial questions for me, that's all I have for you to start.

2  I would cede the podium to Mr. Tessy who would also like to

3  be heard.

4             THE COURT:  If Mr. Tessy had been terminated --

5             MR. CANTWELL:  Yes.

6             THE COURT:  -- and executed the Separation

7  Agreement, what would his claim have been?  The $410,000?

8             MR. CANTWELL:  I believe the claim would have been

9  the $405,000 --

10            THE COURT:  405?

11            MR. CANTWELLL:  -- that he has pressed.

12            THE COURT:  Okay.

13            MR. CANTWELL:  Correct.

14            THE COURT:  All right.  Thank you, Mr. Cantwell.

15            MR. CANTWELL:  Thank you.

16            THE COURT:  Mr. Tessy, you can either speak to me

17  seated or at the podium, whichever you prefer.

18            MR. TESSY:  This is fine.

19            THE COURT:  Okay.

20            MR. TESSY:  Good morning, and thank you for the

21  opportunity, Your Honor.  Firstly, there were, during this

22  period and these emails that I refer to, there were also

23  discussions with Elaina King, who is the head of H.R.  What I

24  personally found frustrating was the terms of the deal with

25  Erikson kept changing.  At the end of the day, my final

1  contract was signed on July the 8th.  It referred to me as a

2  freelance employee, which was not -- which is not a full-time

3  permanent employee, which would automatically terminate after

4  12 months; however, it could be terminated upon three months'

5  notice by Erickson.  Secondly, my salary, my base salary plus

6  bonus, was cut approximately in half, and as per the

7  arrangement that Erickson made with Nortel, they; I put this

8  in quotes "kept me whole" for the first year by adding a

9  large transitionary allowance.  It was very clear that there

10 was not a full-time role for me at Erickson.  I was hoping

11 that there would be, and working towards that and based on

12 everything told to me by both Nortel and Erickson that would

13 be the case.  But at the end of the day, that was not the

14 case.  I ended up signing the agreement with Erickson and

15 this was a gut-wrenching decision.  The reason we did it --

16 you know, if this was the offer put before me three or four

17 months prior, I would have left and been, you know,

18 completely severed by Nortel.  The reason that we felt we had

19 no choice, my wife and I, is we had small children in school

20 and moving a household back from Korea is not -- from Asia is

21 not the easiest thing.  Also, I didn't know where I would be

22 going, you know, as far as where my next goal would be and

23 the prospect of moving our children twice to two different

24 schools just -- you know, was just off the table for us.  So

25 I did agree at the end of the day to dispute the treatment as

1  far as the severance disallowability, if you will.

2          THE COURT:  Yes.

3          MR. TESSY:  And my wife and I, you know, said

4  well, we'll just keep the kids here in school in Seoul if I

5  am severed, you know, on our nickel, if I was severed after

6  the three-month period.  So that's basically where I felt the

7  treatment was unfair.  Nortel did make allowances for

8  employees involved for transitionary reasons that did not

9  have a long-term role ahead of them for Erickson.  But as

10 part of the terms of a divesture of an asset, that they were

11 brought on by Erickson; however, their severance claims were

12 protected by Nortel.  I had this conversation with Elaina

13 King and -- who is the head of H.R. of Nortel, and found

14 that, you know, at that point, at that stage of the game, it

15 was off the table as far as Nortel was concerned.  I felt it

16 was terribly unfair.  I felt stuck out in Asia.  From

17 Erickson's standpoint, I had a thousand Korean employees

18 under me.  They wanted me there for a few months just to make

19 sure that -- you know, to help them win the hearts and minds

20 of those employees because we did a really good job of

21 managing that business for Nortel.  So it's clear to me that

22 it was clear that there was not a full-time role for me in my

23 position.  I ran the business for Nortel in Korea.  The way

24 that Erickson operated was they basically have squeeves that

25 ran the key countries for them.  There was no role for me.  I

1   was there for a transitionary purpose.  I felt that I should

2   have had my severance claim accepted by Nortel.  But I do --

3   I can't dispute signing the Agreement with Erickson and not

4   signing, you know, whatever was required to release Nortel of

5   claims, but I felt I would deal with that through my

6   Objection and through this process ultimately.

7           THE COURT:  All right.  And remind me how long you

8   were employed at Erickson.

9           MR. TESSY:  I was employed at Erickson -- my role

10  lasted, ultimately lasted, well, six months but I was there

11  for nine months and then three months.  So I was effectively

12  paid for 12 months --

13          THE COURT:  Okay.

14          MR. TESSY:  -- while still in Korea.  My role

15  really lasted between six -- really, I didn't have much of a

16  role there, but I would say, on paper, between six and nine

17  months.

18          THE COURT:  All right.  Thank you, Mr. Tessy.  I

19  appreciate -- do you have any questions of Ms. Cilia?

20          MR. TESSY:  I do not.

21          THE COURT:  Okay.  Mr. Cantwell, anything further

22  from you?

23          MR. CANTWELL:  Just very briefly, Your Honor.

24          THE COURT:  Yes.

25          MR. TESSY:  And --

1          THE COURT:  Oh, yes.  Did you wish to say

2   something?

3          MR. TESSY:  Sorry.

4          THE COURT:  That's all right.

5          MR. TESSY:  I do have a copy of, you know, the

6   contract that shows the breakdown of my pay in terms of the

7   base, the -- and, you know, the freelance aspect of the

8   contract that I'm happy to submit to yourself and to you.

9          THE COURT:  Mr. Cantwell?

10          MR. CANTWELL:  Would you like to see it --

11          THE COURT:  Yes.

12          MR. CANTWELL:  -- Your Honor?

13          THE COURT:  Yes.  Thank you, Mr. Tessy.

14          MR. CANTWELL:  Thank you.

15          THE COURT:  Thank you very much.  All right.

16   Thank you, sir.  Mr. Cantwell?

17          MR. CANTWELL:  Yes, Your Honor, briefly.  Your

18   Honor, the U.S. Debtors would just start by recognizing that

19   we do understand that this is and was a difficult situation

20   for all employees involved across the globe at the time of

21   the various business divestures.  Nortel had operations in

22   many countries and recognizes the hard work and commitment of

23   all its employees to transition at what was a difficult time.

24   So I don't want that to be missed in --

25          THE COURT:  No.

1          MR. CANTWELL:  -- my remarks today.

2          THE COURT:  Understood, Mr. Cantwell.

3          MR. CANTWELL:  Your Honor, just briefly, Mr. Tessy

4    noted that had the deal three to four months beforehand not

5    been what it ultimately became, perhaps something different

6    would have occurred.  And at least in the documents that we

7    attached in the Cilia reply, I believe Mr. Tessy, in

8    accordance with the documents that he just handed to us,

9    signed on the line with Nortel on July 8th of 2010 and less

10   than a month beforehand the Debtors were communicating that

11   if you accept this offer that is before you, you will be

12   ineligible for severance.  So to the extent that something

13   may have changed in the three and four months beforehand, the

14   U.S. Debtors can only, you know, assume and believe that the

15   offer as of June 10th and June 22nd, and ultimately June 28th,

16   was not so inconsistent with what was ultimately signed on

17   July 8th.  So I would just point out that timeline point.

18          And separately, with respect to, you know, other

19   employees who may or may not have had their own separate

20   severance agreements, may or may not have been making a claim

21   under some portion or potential exception to the Severance

22   Plan.  I'd just represent to Your Honor that that is not

23   relevant to Mr. Tessy's claim before you today, which is

24   being asserted under the Employment Agreement and because

25   there was not a Nortel-initiated separation of employment

1  because the role was continued and separately because the

2  Release was never signed nor was prepared or executed because

3  in this situation, it was never intended to be.  For those

4  reasons, standing alone, that differentiates Mr. Tessy's

5  claim and is sufficient grounds for Your Honor to deny it.

6  And, Your Honor, that's all I have unless you have any

7  additional questions.  The Debtors would respectfully request

8  that you grant the Forty-First Objection as to Mr. Tessy.

9         THE COURT:  All right.  Thank you, Mr. Cantwell.

10         MR. CANTWELL:  Thank you.

11         THE COURT:  Mr. Tessy, this was a very difficult

12  situation for you to have to make this choice and you made

13  the choice.  You made the choice to go and work for Erickson

14  and to sign an agreement for employment.  There was no

15  termination by Nortel.  There was a transition to Erickson.

16  There was no signing of the Release, of the Separation

17  Agreement with Nortel, and those were requirements under your

18  Employment Agreement.  And under the circumstances, I have to

19  deny your claim, allow the claim as advanced by Nortel for

20  the $8,000 some.  But the $405,000 claim must be denied

21  because of the non-compliance with the Employment Agreement.

22  And I regret that, in your case, but that is what the

23  Agreement provides and that is the law and that is what we've

24  done with other similarly situated employees.  So I do

25  appreciate your following through, coming to Court, and

1  fighting it to what I consider the end, at least as far as I

2  am concerned.  But I have to deny your claim.  All right.

3           MR. TESSY:  Thank you, Your Honor.

4           THE COURT:  Thank you, Mr. Tessy.  Thank you, sir,

5  for coming.  So I will sign the Order on the claim.

6  I have  --

7           MR. CANTWELL:  Would you like that --

8           THE COURT:  -- one in the binder?  Would you like

9  me to sign the one in the binder?

10          MR. CANTWELL:  Your Honor, I will -- I can show it

11 to Mr. Tessy before it goes up.

12          THE COURT:  Okay.

13          MR. CANTWELL:  We can submit it immediately after

14 if that works for you?

15          THE COURT:  That's fine.

16          MR. CANTWELL:  With the next argument.

17          THE COURT:  All right, Mr. Cantwell.

18          MR. CANTWELL:  Okay.

19          THE COURT:  That will be fine.  Thank you.

20          MR. CANTWELL:  Thank you.

21          THE COURT:  Because I know that Mr. Adler is

22 chewing at his bit.  Good to see you again, Mr. Adler.

23          MR. ADLER:  That's not quite true, Your Honor.

24 We're very patient.

25          THE COURT:  Yes.

1  (Laughter)

2          MR. ADLER:  And we do -- we very much understand

3  the position you took in our Motion to Dismiss on that.  It

4  was not unexpected that you would feel the issue wasn't quite

5  ripe yet.  But today we do feel the issue is ripe.

6          THE COURT:  Yes.

7          MR. ADLER:  You've suggested yourself that it

8  would be appropriate to raise a Release on a Motion for

9  Judgment on the Pleadings and we do think the record in front

10 of Your Honor is now complete and that you can address

11 procedurally -- that it's appropriate to address the Release

12 now.  So as you know, this concerns the U.S. Debtors'

13 assertion of third-party claims, claims for contribution in

14 relation to the SNMP adversary proceeding against the EMEA

15 Debtors.  As we have contended, the claims were released

16 under the Settlement Agreement, the broad settlement of

17 claims that took place between the EMEA Debtors and the U.S.

18 Debtors.  I'll take you back, if I could, to the terms of

19 that --

20          THE COURT:  And, of course, the Settlement

21 Agreement was entered into just prior to the allocation trial

22 beginning.

23          MR. ADLER:  That's correct, Your Honor.  It was in

24 2013.

25          THE COURT:  Right.

1          MR. ADLER:  And, you know, prior to the allocation

2     trial and was clearly meant to resolve all matters other than

3     allocation disputes between the U.S. Debtors and the EMEA

4     Debtors.  The Release in the Settlement Agreement is as broad

5     as can be.  It covers all liability claims, defenses,

6     demands, damages actions, and specifically talks about

7     contribution.  Do you have it in front of --

8          THE COURT:  I do.  I'm getting it right now.

9          MR. ADLER:  It's Section 4.6 is where the Release

10    language is.

11         THE COURT:  Yes.

12         MR. ADLER:  This was a mutual -- part of mutual

13    General Releases between the U.S. Debtors and the EMEA

14    Debtors.  The EMEA Debtors gave good consideration for the

15    Release.  They cut their claims.  They received money but cut

16    their claims and it was understood by all concerned and was

17    represented to the Court at the time that this would create

18    peace forever of any claims between the EMEA Debtors and the

19    U.S. Debtors and the terms are as broad as can be.  As I

20    said, it includes contribution claims specifically.

21         THE COURT:  Yes.

22         MR. ADLER:  It includes claims whether they are

23    known or unknown.  It includes claims whether they are past

24    or present, fixed or contingent, liquidated or unliquidated,

25    which the U.S. interests now have had, may have had, or

1    hereafter may have however so arising, however they may

2    arise.  It just -- it couldn't be any broader, Your Honor.

3    The U.S. Debtors, in opposing our Motion to Dismiss or I

4    guess now for Judgment on the Pleadings, have pointed to what

5    they call a carve-out, which is in Section 4.1 of the

6    Settlement Agreement, and it's 4.1, sub-headings Roman IV,

7    Romanette iv and Romanette v; they're in the middle of the

8    paragraph at the top of page 7 of the Agreement.

9                THE COURT:  Yes.

10                MR. ADLER:  Which states that nothing in the

11    Settlement Agreement or the releases waives -- releases,

12    waives, or discharges any right of any party to assert or

13    defend against any allocation position or advance or defend

14    against any arguments as to entitlement to sale proceeds in

15    the allocation dispute.  And then 5, any claim, right, or

16    entitlement of any party to sales proceeds in the allocation

17    dispute.  And the --

18                THE COURT:  And it does say "in the allocation

19    dispute".

20                MR. ADLER:  Very clearly, in both provisions.  And

21    the allocation dispute, in capital letters, is a defined

22    term.

23                THE COURT:  Yes.

24                MR. ADLER:  Which is defined on page 3 in the

25    opening Whereases to the Settlement Agreement.  It's defined

1    to be the litigation that was ordered by Your Honor on April

2    3rd, 2018 among the various Nortel sellers pending between the

3    U.S. Court and the Canadian Court.  The description is just

4    unmistakably the dispute in which Your Honor and Justice

5    Newbould have already entered judgments which are now on

6    appeal.  It was -- that was what the allocation dispute was.

7              THE COURT:  Yes.

8              MR. ADLER:  And the two terms read together were

9    meant and explicitly do protect the arguments that people

10   would make, what they might say in those cases that no one

11   would argue that there was a Release that barred them from

12   taking a certain allocation position or any claims, any

13   rights that you might make to sale proceeds in the allocation

14   dispute.  The U.S. Debtor has tried to suggest that that term

15   was ambiguous but -- that there's some ambiguity here and

16   that as a result, you can read out the words "in the

17   allocation dispute" but that's -- those words are clear.

18   They're defined.  They're included in both prongs of this and

19   there's no principle that says that just because something's

20   redundant, the Court gets to take a blue pencil, and you

21   know, cross out the words "in the allocation dispute" in one

22   of those two provisions.  Redundancy is not something that

23   requires re-writing an Agreement.  And they haven't shown

24   that there's any ambiguity here.  There's no word here that's

25   subject to more than one interpretation, one reasonable

1    interpretation.  So, you know, we say that carve-out clearly

2    doesn't apply.  They approach they are taking basically is

3    they're saying that since the sale proceeds are still here,

4    they're effectively asserting a kind of lien on the sale

5    proceeds and any -- I mean to say that there's any -- that

6    this Release doesn't bar us from asserting a lien against

7    their sale proceeds or anyone from asserting anything,

8    provided we can try and seize the sale proceeds that are in

9    escrow, would blow open the whole Release.  So it doesn't

10   make any sense.

11           The second argument they make is that under 4.2 of

12   the Settlement Agreement, that -- Section 4.2 of the

13   Settlement Agreement says that there's no release as to

14   claims for facts or events occurring or actions taken after

15   the date of the Settlement Agreement.  As we've shown in our

16   Briefs, a claim for contribution, what that arises from is

17   the same facts that the primary claims arise from and a claim

18   for contribution is based on the same facts that SNMP has

19   asserted in its Complaint.  So that's clearly something that

20   is based on facts or events that took place prior to the

21   Settlement Agreement.  The litigation was already pending.

22   All the facts on which the litigation is based, including the

23   business sales, had taken place long before the Settlement

24   Agreement.  So that doesn't apply either.

25           THE COURT:  And, in fact, you quote from comments

1  made by SNMP's attorneys that they were not seeking money

2  from the escrow money.

3          MR. ADLER:  They're not looking for the sale

4  proceeds.

5          THE COURT:  Right.

6          MR. ADLER:  And the U.S. Debtor hasn't asked for

7  our share of any of the sale proceeds.  They haven't asked

8  Your Honor to modify the judgments that Your Honor and

9  Justice Newbould have -- had based on the -- deciding the

10  allocation dispute.  And I think if you were to hold that

11  this is within the allocation dispute, in effect, you'd have

12  to reopen the record of the trial that we've already held on

13  that and involve Justice Newbould and so on, and I don't

14  understand anybody to be suggesting that that actually should

15  take place here.  So, effectively, if you were to hold that

16  this Release didn't apply, we would need to go back to that

17  trial and include this in that trial somehow, which I don't

18  think the U.S. Debtor or SNMP is suggesting.  So unless you

19  have any questions at the moment, Your Honor, I'll sit down

20  and let Ms. Schweitzer speak.

21          THE COURT:  All right.  Thank you, Mr. Adler.

22          MR. ADLER:  Thank you.

23          THE COURT:  Your papers were certainly

24  straightforward.  Ms. Schweitzer, you're back.

25          MS. SCHWEITZER:  I am back, Your Honor.  Thank you

1  for indulging us today with all these Motions.  Your Honor is

2  familiar obviously with the procedural history of how we got

3  here and the substantive --

4           THE COURT:  Yes.

5           MS. SCHWEITZER:  -- points of where we are.  Just

6  so Your Honor is aware that you had previously denied the

7  injunctive relief sought by the EMEA Debtors and that was

8  before the Appellate Court argued the same day as the

9  allocation appeal so that Decision is still pending.  In the

10 Canadian case, just as an update as well, there is -- the

11 Canadian Debtors have filed effectively a Partial Summary

12 Judgment type Motion as against SNMP which was argued I

13 believe last week as well.

14          THE COURT:  Okay.

15          MS. SCHWEITZER:  And so that's under submission as

16 well where the U.S. Debtors didn't participate in that

17 Briefing but just so you're aware on a larger SNMP process.

18 And, of course, it goes without saying that we -- that the

19 U.S. Debtors continue to vigorously dispute the SNMP claims

20 as against them.  But the issues before Your Honor are more

21 narrow today and I think that we certainly agree that the

22 Motion at this time is ripe in terms of a Settlement

23 Agreement has been attached to the Answer and, therefore, you

24 have the procedural ability to consider the Motion.  However,

25 we just simply disagree on the reading of the Settlement

1    Agreement, and just because it's procedurally ripe does not

2    mean that you necessarily have to or even should grant the

3    Motion.  As Mr. Adler had walked through the Settlement

4    Agreement, he, today, as he always does, focuses on the broad

5    releases given by the U.S. Debtors in Section 4.6 and those

6    are, quite frankly, broad releases.  He can read the litany

7    as well as you can, as well as I can, or anyone can.  In

8    terms of where the settlement came from was that the EMEA

9    Debtors had filed billions of dollars of claims unrelated to

10   the sales against the U.S. Debtors for pre-Petition activity.

11           THE COURT:  Yes.

12           MS. SCHWEITZER:  And those claims ultimately were

13   settled and as part of the settlement, broad releases were

14   given.  However, what Mr. Adler says oh well, we call -- the

15   U.S. Debtors call as a carve-out is a very distinct carve-out

16   at the front of that Release which says that entire litany is

17   subject to 4.1 and 4.2 and the carve-outs, which clearly say

18   things in those sections are not being released.  So 4.6 can

19   be infinitely broad but it's not really the issue at stake

20   today.  The issue at stake today is what claims were not

21   released.  And as Your Honor is aware, SNMP has brought

22   various claims against the U.S. Debtors.  We are not seeking

23   contribution against the EMEA Debtors for all those claims.

24   We are not seeking contribution against the EMEA Debtors for

25   any allegations of pre-Petition infringement by the U.S.

1  Debtors of SNMP's software or technology.  We are also not

2  seeking contribution against the EMEA Debtors for any post-

3  Petition pre-sale infringement claims brought against the

4  U.S. Debtors.  SNMP also has brought various sale-related

5  claims.  They've brought, in essence, to over-simplify, two

6  buckets of sale-related claims.  First, they said these

7  Nortel sales, in their Second Amended Complaint they now call

8  them collectively Nortel sales that read the aggregate of

9  $7.5 or $7 plus billion raised money and part of those

10  proceeds are simply because you sold my SNMP stuff, not your

11  Nortel collectively stuff.  Right?

12            THE COURT:  Right.

13            MS. SCHWEITZER:  And that's the profit claims.  We

14  are seeking contribution of those claims, which in sum and

15  substance, say sale proceeds were raised by the Nortel Group

16  for the sale of SNMP software and I want those profits and

17  they said that I've sued the U.S. Debtor.  I want the U.S.

18  Debtor to pay those sale proceeds, those profits over to me.

19  Mr. Adler is very focused on which dollar comes out of which

20  pocket or is it a lien or attachment.  This claim doesn't

21  exist without those profits and it seeks, effectively,

22  disgorgement of those profits.  U.S. Debtors are saying this

23  is fine.  In 2010-11, SNMP sued the U.S. for the U.S.

24  profits.  Only in 2015, after this Agreement was signed and

25  after the allocation trial took place SNMP amended the

1   Complaint and in a Second Amended Complaint added in a claim

2   that said the U.S. Debtors shall pay for the group profits

3   relating to the SNMP software.  And that goes into the timing

4   of the claim arising, this idea that we should have known

5   about a claim that had never been asserted and discussed or

6   we somehow should have brought it into the allocation trial,

7   even though it didn't exist as a claim and you can't seek

8   contribution for a claim that hasn't been brought against

9   you.  What would be the contribution claim at all?  So that

10  --

11          THE COURT:  But Section 4.6 talks about known or

12  unknown claims.

13          MS. SCHWEITZER:  It talks about claims between the

14  parties but it carves out -- Section 4.6 isn't the

15  determinative clause.  It's -- the determinative clause is

16  the fact that we said we are not releasing the claims of the

17  parties to the sale proceeds.

18          THE COURT:  Okay.

19          MS. SCHWEITZER:  Right?  And we are not releasing

20  our claims, rights, and entitlement to the sale proceeds as

21  between the U.S. Debtors and the EMEA Debtors.

22          THE COURT:  In the allocation dispute?

23          MS. SCHWEITZER:  Well, so that's the -- the EMEA

24  Debtors take an interesting approach here and they say we're

25  going to start -- we'll agree with the contract and the

1  interpretation principles, and particularly with the idea of

2  the principles that you should apply at this time and this is

3  a Summary Motion before discovery and before -- it's not a

4  trial.  And, therefore, we all agree that if it was

5  completely unambiguous, then Your Honor can read it in --

6  unambiguously in our favor or unambiguously in the EMEA

7  Debtor's favor.  If there's any two reasonable reasons --

8  readings of the provisions, we win because it's just left for

9  another day.  Right?  It's left for a development of which of

10  those readings prevail.  And because we're the non-Movant,

11  it's construed in our favor.

12            THE COURT:  Yes.

13            MS. SCHWEITZER:  And so we also agree that we're

14  all citing the cases.  The cases say that you shouldn't read

15  Agreements in ways that make provisions irrelevant or that

16  read out -- that just make a provision completely

17  superfluous.  And so what the EMEA Debtors say is well, my

18  reading is clearly right and it always says in the allocation

19  dispute and so that's the limiting phrase.  This is a very

20  narrow carve-out and it should be read narrowly.  But if, in

21  fact, this is such a narrow carve-out and it was specifically

22  negotiated and intended to be narrow, why are there two

23  provisions; one regarding the allocation theories in the

24  allocation dispute and, second, rights, claims, entitlements

25  to sale proceeds, and what they're saying is well, they're

1    just redundant.  You can just read them as redundant and by

2    reading them as redundant, that doesn't read out a provision.

3    I've never understood a position you can take to say well,

4    it's redundant but it doesn't give meaning, you know, that --

5    you could read it two ways.  Read it may way.  It happens to

6    be redundant that way but I'm not reading out a provision.

7              THE COURT:  Okay.

8              MS. SCHWEITZER:  Okay?  So when you look at this,

9    you either can read this to say these are redundant and there

10   was no -- even though this was carefully crafted, according

11   to them, and it was narrowly construed, according to them, we

12   spent a lot of time crafting two provisions that are

13   identical and redundant to each other and you should read it

14   that way.  Or you can say look, we preserved two different

15   claims.  We preserved allocation theories at the allocation

16   trial and we preserved rights, claims, and entitlements to

17   parties to the sale proceeds which are subject to an

18   allocation dispute.  Right?  And you don't have to pick the

19   better of those two readings at this time.  All you have to

20   find is a reasonable person could have bargained for either

21   one of those readings at this time.  And that is the focus of

22   the point here is we are not seeking all contribution claims

23   against the EMEA Debtors.  We're not saying gee, I wouldn't

24   have sold -- you know, I wouldn't have sold product prior to

25   the sales if I had known I was going to be sued by SNMP.  I

1  wouldn't have taken the risk of actual damages claims by SNMP

2  related to the sales.  I wouldn't have done all these things.

3  I want contribution for you because you're the winner or

4  because of whatever theory, just say like making claims.

5  We're saying one specific narrow claim, which is SNMP is

6  coming to the U.S. Debtors and telling us that for sale

7  proceeds that will be paid to the EMEA Debtors in connection

8  with the sales, the U.S. Debtors should effectively indemnify

9  and pay those over to SNMP.  There's no other source for that

10  claim other than the SNMP alleged proceeds being paid to the

11  EMA Debtors.  They're sale proceeds.  And the fact Mr. Adler

12  is now saying well, we should -- you know, the correct

13  procedural posture for raising this argument is to reopen the

14  allocation dispute, if that's really the issue is that we

15  should be bringing a different procedural Motion and instead

16  of joining them as a third-party defendant we can move to

17  reopen the allocation dispute and that would someone -- this

18  is all a procedural, God forbid.  Right?  I mean we just had

19  a discussion about Creditor concerns about fees.  We could

20  certainly do that if this was just a -- we all know this has

21  been a procedurally rough litigation.  We can certainly add

22  more procedural complexity to the SNMP litigation.  But I --

23  but in terms of the merits and the substance and the carve-

24  out, the only claim for which contribution is being sought is

25  don't make me pay the EMEA Debtor sale proceeds over to SNMP.

1   And if I, as U.S. Debtors, am forced to pay proceeds beyond

2   my share, then I should have the right to make that claim and

3   that's a narrow request for relief.  It's consistent with a

4   carve-out and it's this idea that whether you argue it as a

5   claim that later arose or this idea of why didn't you bring

6   it up before, the reason it's coming up it's because the

7   claim was first asserted against us in 2015 after the case

8   went forward.  And so that's where we're at, Your Honor.  I

9   recognize that, you know, it would feel like a tough decision

10  today except it's actually not because in this procedural

11  posture, if there's uncertainty or there's two reasonable

12  readings, that's why claims are allowed to proceed.  This

13  isn't a trial.  It's not a final Summary Judgment Motion.

14  The facts aren't all fully developed.  SNMP's claims, they go

15  away and they may be large.  We have a lot of, you know, road

16  to plow on that side.  But for purposes of this Motion, it

17  must be denied unless it's completely unambiguous and no

18  reasonable other reading could be ascribed to the claims that

19  survive around the EMEA Settlement Agreement.

20              THE COURT:  All right.

21              MS. SCHWEITZER:  Thank you, Your Honor.

22              THE COURT:  Thank you, Ms. Schweitzer.  Anyone

23  else?

24  (No audible response.)

25              THE COURT:  Okay.  Mr. Adler, you're up.

1          MR. ADLER:  Yeah.  Your Honor, just very briefly.

2    The -- we've just seen an argument in a case that was sad

3    where Your Honor had to rule against --

4          THE COURT:  Mr. Tessy, yes.

5          MR. ADLER:  -- Mr. -- because a deal is a deal.

6    You know, you enter into an agreement and you have to accept

7    the consequences of that Agreement and that's what the

8    Settlement Agreement here is about.  They may not like the

9    results of it but the U.S. Debtor did agree to peace.  We

10   gave consideration for those Releases and the terms of the

11   Releases should be applied in accordance with their terms.

12   In essence, the U.S. Debtor hasn't provided two reasonable

13   alternative interpretations of the language in question and

14   they certainly haven't provided any basis for crossing out

15   the words "in the allocation dispute" in one of those two

16   sub-clauses.  There's no contradiction between the two sub-

17   clauses.  They've come up with a kind of fanciful alternative

18   interpretation in which they preserve a claim for sale

19   proceeds even once you get the sale proceeds, even a claim

20   for the profits you're going to get from the sales even after

21   the allocation dispute has been decided and even after they

22   go into your bank account and that's not in the allocation

23   dispute.  We're not standing here today having this

24   discussion in the allocation dispute.  Knowledge of the claim

25   is not necessary.  There's only one point I should respond

1    to.   The -- it's been clear from the very beginning of SNMP's

2    lawsuit that all the Nortel Debtors were potentially jointly

3    and severally liable on their claims.

4              THE COURT:  Yes.

5              MR. ADLER:  And although they say that this only

6    came to light in the Second Amended Complaint, even the First

7    Amended Complaint was seeking all of the sale profits and,

8    plainly, if they're asserting a claim against the U.S.

9    Debtor, and at that point the Canadian Debtor as well for all

10   of the sale profits, that has to encompass the profits as to

11   which the EMEA Debtors had a right as well.  So the Release

12   covers known or unknown claims.  The facts were all before

13   the Settlement Agreement anyway.  But the U.S. Debtors were

14   on notice of the potential for joint and several liability

15   for the sale proceeds as well.  So that point doesn't quite

16   fly.  And if you have no other questions, I will end my

17   argument there.

18             THE COURT:  All right.

19             MR. ADLER:  Thank you, Your Honor.

20             THE COURT:  All right.  Ms. Schweitzer, did you

21   wish something further?

22             MS. SCHWEITZER:  Only on the last point regarding

23   the Complaint.  I would just -- I have the original

24   Complaint, not the First Amended Complaint in front of me,

25   but I believe that they were identical on this point, which

1  is -- I just would refer Your Honor to the definition on page

2  2 of Nortel in that Complaint, consists of Canadian Debtors

3  and U.S. Debtors, not EMEA Debtors.

4          THE COURT:  Not EMEA Debtors.  Yes.

5          MS. SCHWEITZER:  And then I have, for example,

6  paragraph 214 of that Complaint says that they're seeking to

7  recover Nortel's defined term profits.  So --

8          THE COURT:  And that was the U.S. and the

9  Canadians.

10          MS. SCHWEITZER:  Correct.

11          THE COURT:  And then they amended their Complaint.

12          MS. SCHWEITZER:  In -- the Second Amended

13  Complaint took out the Canadian Debtors and brought in the

14  group plan.

15          THE COURT:  Yes.

16          MS. SCHWEITZER:  The new definition said for the

17  total group, including the EMEA Debtors, so just referring to

18  the document.

19          THE COURT:  All right.  Mr. Adler, you get the

20  last word.  It's your Motion.

21          MR. ADLER:  Yeah.  Just keep reading, Your Honor.

22  If you look at paragraphs 216 to 229, I mean they may have

23  only named the U.S. and Canadian Debtors but it's clear from

24  the Complaint that they're seeking all of the profits from

25  the sales and that means if the U.S. Debtors say well,

1  they're seeking all the profits you got from selling SNMP

2  software to these purchasers, then you're trying to stick me

3  with it.  It should have been obvious that there was no

4  carve-out.  It didn't just say we're only seeking to collect

5  the U.S. and Canadian profits.

6            THE COURT:  Okay.  All right.  Thank you, Mr.

7  Adler.  Well, it's an issue that requires just a little more

8  review on my part and I'm going to go back and I'm going to

9  look again at the Agreement and the Complaints and then I'll

10 issue an Opinion very shortly.  All right?  I thank you all.

11 It was a good argument and -- Mr. Remming, excuse me.  Good

12 morning.

13           MR. REMMING:  Your Honor, for the record, Andrew

14 Remming.

15           THE COURT:  Yes.

16           MR. REMMING:  Morris, Nichols, Arsht & Tunnell,

17 for the U.S. Debtors.  As promised, we have a Proposed Order

18 on the Tessy Claim Objection.

19           THE COURT:  Oh, good.

20           MR. REMMING:  Which has been reviewed by Mr. Tessy

21 and he has no objection to the form.

22           THE COURT:  All right.  Thank you, Mr. Remming.

23           MR. REMMING:  May I approach?

24           THE COURT:  You may come forward, yes, and I will

25 sign that Order.  Thank you.  Good to see you.  The Order is

1   being signed and will be docketed and with that, we'll

2   adjourn.

3           MR. REMMING:   Thank you, Your Honor.

4           THE COURT:   Thank you everyone.   Good day.   Safe

5   travel.

6           MS. SCHWEITZER:   Thank you, Your Honor.

7           MR. ABBOTT:   Thank you, Your Honor.

8           THE COURT:   We'll stand in recess.

9       (Whereupon, at 11:20 a.m., the hearing was adjourned.)

10

11                      CERTIFICATION

12           I certify that the foregoing is a correct

13   transcript from the electronic sound recording of the

14   proceedings in the above-entitled matter.

15

16

17   _____        April 19, 2016

18   Tammy Kelly, Transcriber                        Date

19

20

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **a.m**(3) 1:26 6:1 65:9 | | **ago**(1) 8:5 | | **and**(301) 1:14 1:24 1:35 6:4 6:15 6:18 7:3 | | **apple**(1) 19:19 | |
| | | | | 7:8 7:21 8:1 8:6 8:12 8:15 8:16 8:17 | | **applicable**(1) 33:17 | |
| **abbott**(8) 2:15 6:5 6:6 6:6 6:13 6:18 6:21 | | **agree**(10) 11:16 17:14 21:6 32:12 40:25 | | 8:19 8:20 9:2 9:2 9:7 9:8 9:15 9:22 10:4 | | **applied**(1) 61:11 | |
| 65:7 | | 53:21 56:25 57:4 57:13 61:9 | | 10:15 10:17 10:20 10:20 10:21 10:24 11:1 | | **apply**(5) 33:20 51:2 51:24 52:16 57:2 | |
| | | | | 11:6 11:18 11:19 12:2 12:2 12:8 12:8 12:9 | | **appreciate**(4) 7:21 28:12 42:19 45:25 | |
| **ability**(1) 53:24 | | **agreeable**(2) 33:13 33:18 | | 12:10 12:11 12:11 12:14 12:17 12:18 | | **approach**(3) 51:2 56:24 64:23 | |
| **able**(3) 16:16 20:21 24:22 | | **agreed**(6) 9:8 16:22 23:11 33:16 36:15 | | 12:20 12:23 13:1 13:3 13:9 13:22 13:24 | | **approached**(1) 21:3 | |
| **about**(14) 17:16 20:11 20:23 21:4 22:10 | | 37:21 | | 14:1 14:3 14:4 14:7 14:9 14:10 14:14 | | **appropriate**(3) 33:19 47:8 47:11 | |
| 24:16 26:13 48:6 56:5 56:11 56:13 59:19 | | | | 14:15 14:19 14:21 15:2 15:10 15:13 15:18 | | **approximately**(4) 8:8 8:10 34:3 40:6 | |
| 59:19 61:8 | | **agreeing**(2) 11:12 22:12 | | 15:21 15:24 16:3 16:6 16:6 16:12 16:12 | | **april**(3) 1:25 6:1 50:1 | |
| | | **agreement**(50) 15:13 28:1 29:23 32:17 | | 16:16 16:23 17:5 17:9 17:15 17:16 17:19 | | **are**(45) 8:7 8:20 12:2 12:9 12:19 15:11 | |
| **aboveentitled**  (1) 65:14 | | 35:17 35:18 35:22 36:1 36:24 37:5 37:6 | | 17:23 17:24 17:24 18:1 18:2 18:7 18:13 | | 16:19 18:7 18:16 18:17 21:10 21:17 24:19 | |
| **absolute**(1) 18:23 | | 37:10 37:14 37:15 37:19 38:7 38:8 38:20 | | 18:16 18:18 18:20 18:21 19:2 19:12 19:16 | | 25:4 26:9 28:1 28:18 31:23 38:14 48:19 | |
| **accept**(6) 33:5 33:12 34:11 36:11 44:11 | | 39:7 40:14 42:3 44:24 45:14 45:17 45:18 | | 19:19 19:21 19:23 19:25 20:7 20:8 20:17 | | 48:22 48:23 50:5 50:17 51:2 51:3 51:8 | |
| 61:6 | | 45:21 45:23 47:16 47:21 48:4 49:6 49:8 | | 20:20 20:22 20:24 21:4 21:6 21:13 | | 53:5 53:20 54:6 54:18 54:22 54:24 55:7 | |
| | | 49:11 49:25 50:23 51:12 51:13 51:15 | | 21:14 21:16 21:21 22:3 22:5 22:10 | | 55:10 55:14 55:22 56:16 56:19 57:22 58:9 | |
| **accepted**(2) 35:8 42:2 | | 51:21 51:24 53:23 54:1 54:4 55:24 60:19 | | 22:11 22:15 22:18 22:24 23:4 23:4 23:5 | | 58:12 58:17 58:22 60:12 | |
| **accepts**(1) 34:17 | | 61:6 61:7 61:8 62:13 64:9 | | 23:8 23:16 23:17 24:10 24:10 24:15 24:20 | | | |
| **accommodate**(1) 17:15 | | | | 26:5 26:10 26:15 27:7 27:10 27:15 27:25 | | **aren't**(1) 60:14 | |
| **accomplished**(1) 28:3 | | **agreements**(5) 12:9 37:9 37:20 44:20 57:15 | | 27:25 28:1 28:11 28:16 28:24 29:7 29:11 | | **argue**(2) 50:11 60:4 | |
| **accordance**(2) 24:13 44:8 61:11 | | **ahead**(2) 26:22 41:9 | | 29:14 29:18 29:20 29:22 29:25 30:7 30:19 | | **argued**(3) 10:2 53:8 53:12 | |
| **according**(3) 8:9 58:10 58:11 | | **akin**(3) 2:29 4:8 13:15 | | 31:1 31:2 31:7 32:2 32:24 33:6 33:7 33:8 | | **argument**(6) 6:15 10:24 46:16 51:1 59:13 | |
| **accordingly**(3) 30:6 35:11 37:23 | | **al.**(1) 1:7 | | 33:16 33:22 33:25 34:9 34:14 34:14 34:20 | | 61:2 62:17 64:11 | |
| **account**(3) 8:19 8:25 61:22 | | **all**(77) 6:21 7:9 7:12 7:24 9:2 9:18 11:7 | | 35:20 35:21 35:23 35:23 35:24 36:6 36:6 | | | |
| **across**(1) 43:20 | | 11:18 12:1 12:17 12:19 13:7 14:13 14:18 | | 36:9 36:21 36:23 37:3 37:7 37:8 37:11 | | **arguments**(3) 24:12 49:14 50:9 | |
| **actions**(2) 48:6 51:14 | | 15:22 16:18 19:4 19:10 19:25 20:9 20:25 | | 37:11 37:12 37:17 37:20 37:23 37:25 38:3 | | **arise**(2) 49:2 51:17 | |
| **active**(1) 14:4 | | 21:25 21:25 22:9 22:14 24:11 25:3 26:5 | | 38:8 38:15 38:20 38:24 39:6 39:20 39:22 | | **arises**(1) 51:16 | |
| **activity**(2) 14:3 54:10 | | 27:21 27:24 28:7 28:9 28:19 29:2 31:20 | | 40:6 40:11 40:11 40:12 40:14 40:17 40:19 | | **arising**(2) 49:1 56:4 | |
| **actual**(1) 59:1 | | 39:1 39:14 42:7 42:18 43:4 43:15 43:20 | | 40:20 40:22 41:3 41:3 41:13 41:13 41:19 | | **arose**(1) 60:5 | |
| **actually**(6) 7:3 11:12 19:24 35:14 52:14 | | 43:23 43:25 45:6 45:9 46:2 46:7 48:2 48:5 | | 42:3 42:6 42:7 42:11 42:16 42:25 43:7 | | **around**(2) 12:18 60:19 | |
| 60:10 | | 48:16 51:22 52:21 53:1 54:23 56:9 57:4 | | 43:8 43:19 43:22 43:22 44:6 44:9 44:13 | | **arps**(1) 5:23 | |
| | | 57:14 58:19 58:22 59:2 59:18 59:20 60:14 | | 44:14 44:15 44:15 44:18 44:24 45:1 45:5 | | **arrange**(1) 18:12 | |
| **add**(2) 22:23 59:21 | | 60:20 62:2 62:7 62:9 62:12 62:18 62:20 | | 45:6 45:12 45:13 45:14 45:17 45:18 45:22 | | **arrangement**(1) 40:7 | |
| **added**(1) 56:1 | | 63:19 63:24 64:1 64:6 64:10 64:10 64:22 | | 45:23 45:23 45:25 47:2 47:9 47:10 47:17 | | **arsht**(2) 2:14 64:16 | |
| **adding**(1) 40:8 | | | | 47:20 48:1 48:2 48:3 48:6 48:13 48:16 | | **ascribed**(1) 60:18 | |
| **addition**(4) 8:9 11:15 12:4 18:25 | | **allegations**(1) 54:25 | | 48:16 48:18 48:19 49:6 49:7 49:15 49:17 | | **asia**(2) 40:20 41:16 | |
| **additional**(3) 29:6 31:12 45:7 | | **alleged**(1) 59:10 | | 49:18 49:20 50:3 50:4 50:8 50:9 50:15 | | **ask**(4) 13:3 16:19 25:7 31:18 | |
| **address**(6) 10:16 17:10 22:3 28:22 47:10 | | **allen**(1) 4:27 22:18 | | 50:18 50:20 50:23 51:5 51:8 51:17 51:25 | | **asked**(7) 7:4 10:18 11:14 34:14 34:16 | |
| 47:11 | | **allison**(1) 3:26 | | 52:6 52:8 52:10 52:13 52:13 52:13 52:13 | | 52:6 52:7 | |
| | | **allocation**(37) 8:13 11:25 13:21 23:4 23:16 | | 52:20 53:3 53:7 53:15 53:18 53:21 53:23 | | | |
| **addressed**(2) 15:18 16:5 | | 24:10 47:21 48:1 48:3 49:13 49:15 49:16 | | 54:1 54:5 54:12 | | **asking**(2) 21:3 21:3 | |
| **adds**(1) 34:2 | | 49:18 49:21 50:6 50:12 50:13 50:17 50:21 | | | | **aspect**(2) 16:14 43:7 | |
| **adjourn**(2) 9:8 65:2 | | 52:10 52:11 53:9 55:25 56:6 56:22 57:18 | | **and**(86) 54:13 54:17 54:17 54:21 54:21 54:25 | | **assert**(1) 49:12 | |
| **adjourned**(3) 11:23 29:4 65:9 | | 57:23 57:24 58:15 58:15 58:18 58:14 | | 55:13 55:14 55:16 55:16 55:21 55:24 56:1 | | **asserted**(8) 10:2 29:14 30:1 36:1 44:24 | |
| **adjourning**(1) 16:14 | | 59:17 61:15 61:21 61:22 61:24 | | 56:3 56:5 56:7 56:19 56:20 56:21 56:24 | | 51:19 56:5 60:7 | |
| **adjournment**(3) 7:5 11:20 12:6 | | | | 56:25 57:1 57:2 57:3 57:4 57:10 57:13 | | | |
| **adler**(43) 2:44 14:24 14:25 15:1 15:2 15:4 | | **allow**(1) 45:19 | | 57:17 57:18 57:19 57:20 57:21 57:22 | | **asserting**(5) 29:24 51:4 51:6 51:7 62:8 | |
| 15:4 15:7 15:8 15:16 15:21 16:10 16:18 | | **allowance**(1) 40:9 | | 57:24 57:25 58:1 58:9 58:11 58:13 58:13 | | **assertion**(1) 47:13 | |
| 46:21 46:22 46:23 47:2 47:7 47:23 48:1 | | **allowances**(1) 41:7 | | 58:16 58:16 58:18 58:21 59:6 59:9 59:11 | | **asset**(1) 41:10 | |
| 48:9 48:12 48:22 49:10 49:20 49:24 50:8 | | **allowed**(3) 8:25 29:22 60:12 | | 59:15 59:17 59:23 59:23 60:1 60:2 60:4 | | **assume**(2) 38:3 44:14 | |
| 52:3 52:6 52:22 54:3 54:14 55:19 | | **allowing**(1) 13:1 | | 60:8 60:15 60:17 61:6 61:7 61:10 61:13 | | **attached**(12) 30:16 31:11 31:14 32:2 32:18 | |
| 59:11 60:25 61:1 61:5 62:5 62:19 | | **alone**(1) 45:4 | | 61:21 61:22 62:3 62:5 62:7 62:9 62:14 | | 32:18 33:8 34:15 35:7 35:17 44:7 53:23 | |
| 63:21 64:7 | | **along**(1) 14:8 | | 62:16 63:3 63:5 63:8 63:8 63:11 63:13 | | | |
| | | **already**(6) 6:5 50:5 51:21 52:12 | | 63:23 63:25 64:5 64:8 64:8 64:9 64:9 | | **attachment**(1) 55:20 | |
| **admin**(4) 8:20 9:2 10:4 10:20 | | 35:17 38:24 39:2 39:22 40:21 55:1 55:4 | | 64:11 64:21 64:24 64:25 65:1 65:1 | | **attempt**(1) 30:1 | |
| **administered**(2) 1:5 1:33 | | 57:13 | | | | **attention**(1) 28:8 | |
| **administrative**(12) 8:1 8:12 8:14 8:18 | | **alternative**(2) 61:13 61:17 | | **and/or**(1) 20:23 | | **attorneys**(1) 52:1 | |
| 12:19 17:3 18:2 18:16 18:17 18:19 18:21 | | **alternatively**(2) 29:25 33:17 | | **andrew**(2) 2:16 64:13 | | **audible**(2) 25:2 60:24 | |
| 22:6 | | **although**(3) 25:12 38:9 62:5 | | **andrews**(2) 5:12 7:18 | | **authority**(2) 10:16 19:16 | |
| **administrator**(1) 5:25 | | **always**(3) 12:18 54:4 57:18 | | **another**(5) 6:15 12:16 12:19 13:5 57:9 | | **authorize**(1) 10:3 | |
| **administrators**(3) 4:35 15:5 15:8 | | **ambiguity**(2) 50:15 50:24 | | **answer**(5) 17:4 17:9 17:13 31:9 53:23 | | **automatically**(1) 40:3 | |
| **admit**(2) 32:7 | | **ambiguous**(1) 50:15 | | **anticipating**(2) 34:8 36:18 | | **available**(2) 14:14 31:8 | |
| **admitted**(3) 31:19 31:23 32:3 | | **amenable**(2) 10:11 20:25 | | **any**(35) 8:18 8:23 14:15 15:12 24:17 31:8 | | **avaya**(1) 3:26 | |
| **admitting**(2) 31:10 31:21 | | **amended**(8) 55:7 55:25 56:1 62:6 62:7 | | 31:10 31:20 33:14 37:21 38:1 38:3 38:25 | | **avoid**(1) 9:14 | |
| **adv**(2) 1:13 1:14 | | 62:24 63:11 63:12 | | 42:19 45:6 48:18 49:2 49:12 49:12 49:13 | | **aware**(8) 8:4 14:4 35:3 37:8 37:17 53:6 | |
| **advance**(1) 49:13 | | | | 49:14 49:15 49:16 50:12 50:12 50:24 51:5 | | 53:17 54:21 | |
| **advanced**(1) 45:19 | | **america**(1) 2:33 | | 51:5 51:10 52:7 52:19 54:25 55:2 57:7 | | | |
| **adversary**(1) 47:14 | | **among**(1) 50:2 | | 61:14 | | **away**(1) 60:15 | |
| **after**(14) 9:4 18:20 21:7 26:10 36:17 40:3 | | **amount**(7) 29:14 29:19 29:20 30:7 30:9 | | | | **back**(8) 20:22 24:22 40:20 47:18 52:16 | |
| 41:5 46:13 51:14 55:24 55:25 60:7 61:20 | | 34:2 34:3 | | **anybody**(1) 52:14 | | 52:24 52:25 64:8 | |
| 61:21 | | | | **anyone**(4) 24:25 51:7 54:7 60:22 | | | |
| **again**(12) 7:21 10:18 22:5 28:6 30:15 35:3 | | **ample**(1) 27:25 | | **anything**(4) 22:12 31:8 42:21 51:7 | | **background**(2) 32:10 35:10 | |
| 36:11 36:17 36:19 37:18 46:22 64:9 | | | | **anyway**(1) 62:13 | | **ball**(1) 12:14 | |
| | | | | **apologize**(4) 26:12 26:24 27:10 27:20 | | **bank**(2) 2:33 61:22 | |
| **against**(19) 8:2 35:9 47:14 49:13 49:14 | | | | **apparently**(1) 14:21 | | **bankr**(1) 1:32 | |
| 51:6 52:3 52:30 54:10 54:22 54:23 54:24 | | | | **appeal**(3) 11:25 50:6 53:9 | | **bankruptcy**(2) 1:1 1:45 | |
| 55:3 55:7 56:8 58:23 60:7 61:3 62:8 | | | | **appeals**(1) 23:4 | | **bar**(2) 12:19 51:6 | |
| **agenda**(2) 6:8 28:22 | | | | **appearance**(1) 13:6 | | **bargained**(1) 58:20 | |
| **aggregate**(3) 8:6 8:15 55:8 | | | | **appearances**(3) 3:32 4:1 5:1 | | **barred**(1) 50:11 | |
| | | | | **appellate**(1) 53:8 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| base(2) 40:5  43:7 | | bring(3) 20:19  21:5  60:5 | | cases(9) 8:4  8:23  18:8  18:15  23:3  36:14 | | come(9) 10:23  16:24  19:21  20:22  24:22 | |
| based(12) 11:11  15:17  23:14  23:19  23:22 | | bringing(2) 28:8  59:15 | | 50:10  57:14  57:14 | | 27:25  37:9  61:17  64:24 | |
| 24:17  30:24  40:11  51:18  51:20  51:22  52:9 | | broad(7) 47:16  48:4  48:19  54:4  54:6 | | | | | |
| | | 54:13  54:19 | | cash(5) 8:11  17:5  17:6  17:11  22:2 | | comes(3) 17:20  23:2  55:19 | |
| basically(3) 41:6  41:24  51:2 | | broader(1) 49:2 | | cash-on-hand(13) 9:1  10:3  10:12  10:14 | | coming(5) 12:10  45:25  46:5  59:6  60:6 | |
| basis(6) 8:17  14:12  19:13  23:6  33:25  61:14 | | brought(8) 41:11  54:21  55:3  55:4  55:5 | | 10:16  10:19  15:24  18:12  20:11  20:20 | | commenced(1) 8:5 | |
| bassett(5) 4:24  23:24  24:1  24:1  24:5 | | 56:6  56:8  63:13 | | 20:21  22:3  25:8 | | comments(5) 18:14  22:10  23:23  24:16 | |
| battery(1) 2:46 | | | | | | commitment(1) 43:22 | |
| bayard(1) 4:13 | | brown(1) 5:4 | | cautious(1) 13:1 | | committee(6) 2:29  4:18  9:7  13:10  13:16 | |
| beaudries(1) 4:40 | | bryant(1) 2:32 | | cede(3) 6:19  7:11  39:2 | | common(2) 30:20  37:19 | |
| beautiful(2) 6:24  6:25 | | buchanan(1) 3:20 | | certain(6) 9:6  30:18  30:19  37:7  37:8  50:12 | | communicated(2) 33:5  34:13 | |
| became(1) 44:5 | | buckets(1) 55:6 | | certainly(11) 10:11  17:24  18:6  19:20 | | communicating(1) 44:10 | |
| because(37) 9:24  11:11  11:23  12:20  13:10 | | bulk(1) 10:22 | | 24:12  26:3  52:23  53:21  59:20  59:21  61:14 | | communications(1) 29:6 | |
| 15:23  16:7  17:1  17:7  17:20  18:23  26:1 | | burn(1) 19:7 | | | | company(1) 3:34 | |
| 27:3  29:22  32:16  36:14  37:4  37:13  37:16 | | business(7) 17:25  30:20  36:13  41:21  41:23 | | certification(1) 65:11 | | compel(1) 8:24 | |
| 38:12  41:20  44:24  45:1  45:1  45:2  45:21 | | 43:21  51:23 | | certify(1) 65:12 | | compensation(1) 34:4 | |
| 46:21  50:19  54:1  55:10  57:8  57:10  59:3 | | | | change(1) 35:2 | | complaint(14) 51:19  55:7  56:1  56:1  62:6 | |
| 59:4  60:6  60:10  61:5 | | but(63) 9:12  11:4  11:5  11:18  11:20  12:12 | | changed(1) 44:13 | | 62:7  62:23  62:24  62:24  63:2  63:6  63:11 | |
| | | 12:15  14:16  15:14  16:11  16:22  17:13 | | changing(1) 39:25 | | 63:13  63:24 | |
| become(1) 14:13 | | 17:13  17:25  18:11  18:24  19:2  19:7  19:11 | | chapman(1) 3:6 | | | |
| been(34) 7:9  8:8  8:14  8:16  9:18  13:5  14:1 | | 20:2  21:1  21:9  21:19  22:8  23:13  24:6 | | chapter(3) 1:7  1:31  8:6 | | complaints(1) 64:9 | |
| 14:7  14:13  14:20  18:1  22:8  23:2  34:23 | | 24:12  26:13  26:16  28:2  31:13  35:20  36:8 | | charles(1) 2:45 | | complete(2) 35:5  47:10 | |
| 34:24  35:8  36:8  36:20  37:17  38:4  39:4 | | 37:3  37:9  40:13  41:9  42:2  42:5  42:10 | | chewing(1) 46:22 | | completely(5) 27:1  40:18  57:5  57:16  60:17 | |
| 39:7  39:8  40:17  44:5  44:20  53:23  56:5 | | 42:16  45:20  45:22  46:2  47:5  48:15  50:15 | | chief(1) 32:23 | | complex(1) 23:3 | |
| 56:8  59:21  61:21  62:1  64:3  64:20 | | 50:17  53:17  53:20  54:19  56:11  56:14 | | children(2) 40:19  40:23 | | complexity(1) 59:22 | |
| | | 57:20  58:4  58:6  59:22  59:23  60:16  61:9 | | choice(6) 17:22  28:10  40:19  45:12  45:13 | | conaway(1) 3:4 | |
| before(24) 1:44  12:6  21:17  26:6  26:9 | | 62:13  62:25  63:23 | | 45:13 | | concept(1) 18:25 | |
| 26:10  26:14  26:17  31:9  33:7  33:23  37:9 | | | | | | concern(2) 20:16  22:24 | |
| 37:9  40:16  44:11  44:23  46:11  51:23  53:8 | | buyer(2) 33:15  33:16 | | cilia(11) 3:39  30:12  30:15  30:23  31:5 | | concerned(3) 41:15  46:2  48:16 | |
| 53:20  57:3  57:3  60:6  62:12 | | calendar(2) 19:17  27:3 | | 31:18  33:9  34:16  35:7  42:19  44:7 | | concerns(2) 47:12  59:19 | |
| | | calendars(1) 21:22 | | | | conditions(4) 33:20  35:19  35:23  36:6 | |
| beforehand(3) 44:4  44:10  44:13 | | call(6) 20:1  31:24  49:5  54:14  54:15  55:7 | | cilia's(2) 31:11  31:14 | | conference(16) 6:9  7:5  7:10  7:18  7:22 | |
| beginning(3) 31:19  47:22  62:1 | | called(1) 12:2 | | circumstances(1) 45:18 | | 10:8  10:18  11:2  11:13  11:15  13:4  13:25 | |
| behalf(3) 7:19  24:2  28:22 | | calls(1) 19:12 | | citing(1) 57:14 | | 14:19  16:24  17:10  24:15 | |
| being(9) 18:22  19:13  21:23  38:18  44:24 | | caloway(1) 3:21 | | claim(69) 5:5  20:22  24:8  28:23  29:9  29:14 | | | |
| 54:18  59:10  59:24  65:1 | | came(4) 16:25  36:21  54:8  62:6 | | 29:21  30:1  30:8  30:9  32:18  33:24  33:25 | | confidentiality(1) 12:9 | |
| | | can(36) 9:3  14:2  15:13  16:13  17:14  17:20 | | 33:25  34:1  34:3  34:8  34:18  34:20  35:6 | | confirm(2) 16:14  34:16 | |
| believe(17) 7:3  9:2  18:23  28:24  29:21 | | 18:12  19:19  19:20  20:2  20:4  21:20  25:14 | | 35:11  35:13  35:16  35:18  35:25  36:2  36:10 | | confirmed(1) 11:13 | |
| 30:8  31:12  34:3  35:14  37:9  37:24  38:23 | | 26:6  28:3  39:16  44:14  46:10  46:13  47:10 | | 36:11  36:18  36:21  36:25  37:24  38:5  38:10 | | conflicts(1) 5:24 | |
| 39:8  44:7  44:14  53:13  62:25 | | 48:5  48:19  50:16  51:8  54:6  54:7  54:7 | | 38:17  38:18  38:25  39:7  39:8  42:2  44:20 | | connection(3) 7:5  8:13  59:7 | |
| | | 54:7  54:18  57:5  58:1  58:3  58:9  58:14 | | 44:23  45:5  45:19  45:19  45:20  46:2  46:5 | | consensual(3) 9:10  11:3  11:22 | |
| believes(2) 8:24  10:9 | | 59:16  59:21 | | 49:15  51:16  51:17  55:20  56:1  56:4  56:5 | | consequences(1) 61:7 | |
| belknap(1) 4:43 | | | | 56:7  56:8  56:9  59:5  59:10  59:24  60:2 | | consider(7) 13:22  18:10  22:7  23:10  36:10 | |
| beneficial(1) 38:1 | | canada(4) 16:10  16:11  16:12  26:3 | | 60:5  60:7  61:18  61:19  61:24  62:8  64:18 | | 46:1  53:24 | |
| benefits(4) 29:25  33:7  33:11  38:14 | | canadian(20) 4:47  9:8  9:22  10:1  10:25 | | | | | |
| best(2) 24:22  25:6 | | 15:9  16:15  17:15  22:18  22:24  23:16  26:18 | | claim."(1) 34:25 | | consideration(3) 14:1  48:14  61:10 | |
| better(1) 58:19 | | 50:3  53:10  53:11  62:9  63:2  63:13  63:23 | | claimants(2) 34:1  38:3 | | considered(1) 31:13 | |
| between(15) 8:15  14:15  15:17  21:13  29:7 | | 64:5 | | claimed(1) 35:12 | | consistent(2) 34:23  60:3 | |
| 42:15  42:16  47:17  48:3  48:13  48:18  50:2 | | canadian/u.s(1) 17:12 | | claiming(1) 20:18 | | consists(1) 63:2 | |
| 56:13  56:21  61:16 | | canadians(1) 63:9 | | claims(66) 6:14  8:2  8:12  8:18  8:19  8:20 | | consortium(2) 5:5  14:5 | |
| | | cannot(1) 35:2 | | 8:21  8:25  9:2  10:5  12:10  12:17  18:2 | | constituencies(1) 9:19 | |
| beyond(1) 60:1 | | cantwell(54) 2:22  6:14  28:13  28:15  28:18 | | 18:16  18:17  18:19  18:21  22:6  30:14  30:21 | | construed(2) 57:11  58:11 | |
| bifurcate(3) 16:20  16:21  17:5 | | 28:20  28:21  29:3  29:6  29:13  29:17  30:5 | | 35:23  36:16  37:7  38:2  41:11  42:5  47:13 | | consultant(1) 30:14 | |
| bifurcated(1) 21:19 | | 30:14  30:18  30:23  31:1  31:5  31:7  31:25 | | 47:13  47:15  47:17  48:5  48:15  48:16  48:18 | | contain(1) 35:22 | |
| bifurcating(1) 10:11 | | 32:1  32:6  32:9  32:13  32:21  33:4  34:7 | | 48:20  48:22  48:23  52:13  51:14  51:17 | | contended(1) 47:15 | |
| bifurcation(4) 13:2  16:3  17:1  24:18 | | 38:17  38:21  38:23  39:5  39:8  39:13  39:14 | | 53:19  54:9  54:12  54:20  54:22  54:23  55:3 | | contested(1) 28:23 | |
| big(2) 18:16  18:17 | | 39:15  42:21  42:23  43:9  43:10  43:12  43:14 | | 55:5  55:6  55:13  55:14  56:12  56:13  56:16 | | context(2) 23:3  23:10 | |
| billion(6) 8:6  8:15  8:15  9:25  18:1  55:9 | | 43:16  43:17  44:1  44:2  44:3  45:9  45:10 | | 56:20  57:24  58:15  58:16  58:22  59:1  59:4 | | contingent(1) 48:24 | |
| billions(2) 17:3  54:9 | | 46:7  46:10  46:13  46:16  46:17  46:18  46:20 | | 60:12  60:14  61:20  62:8  62:12 | | continuation(4) 33:13  33:18  34:9  36:16 | |
| binder(2) 46:8  46:9 | | | | | | continue(3) 22:7  33:24  53:19 | |
| bit(3) 13:25  25:14  46:22 | | cantwelll(2) 31:17  39:11 | | clarify(3) 16:4  16:17  32:3 | | continued(11) 3:2  4:2  5:2  33:1  33:12 | |
| bites(1) 19:16 | | can't(4) 16:11  18:23  42:3  56:7 | | clause(2) 56:15  56:15 | | 34:10  34:11  36:5  36:9  37:3  45:1 | |
| blanketly(1) 24:6 | | capital(3) 4:17  4:18  49:21 | | clauses(1) 61:17 | | | |
| bloomberg(2) 5:32  5:33 | | carefully(1) 58:10 | | clear(13) 13:20  13:25  23:14  34:21  35:15 | | continues(1) 14:14 | |
| blow(1) 51:9 | | caroline(1) 4:40 | | 38:9  38:18  40:9  41:21  41:22  50:17  62:1 | | continuing(3) 35:4  36:19  37:22 | |
| blue(1) 50:20 | | carried(2) 8:20  17:19 | | 63:23 | | contract(5) 34:17  40:1  43:6  43:8  56:25 | |
| bondholder(3) 4:21  24:2  24:7 | | carry(1) 18:8 | | | | contradiction(1) 61:16 | |
| bonus(1) 40:6 | | carve(1) 59:23 | | clearly(6) 48:2  49:20  51:1  51:19  54:17 | | contrarian(2) 4:17  4:18 | |
| books(2) 30:7  37:11 | | carve-out(8) 49:5  51:1  54:15  54:15  57:20 | | 57:18 | | contribution(14) 47:13  48:7  48:20  51:16 | |
| both(7) 13:21  14:9  14:15  17:15  40:12 | | 57:21  60:4  64:4 | | | | 51:18  54:23  54:24  55:2  55:14  56:8  56:9 | |
| 49:20  50:18 | | | | cleary(3) 2:21  3:42  28:21 | | 58:22  59:3  59:24 | |
| | | carve-outs(1) 54:17 | | clerk(1) 6:2 | | | |
| breakdown(1) 43:6 | | carves(1) 56:14 | | client(1) 19:15 | | conversation(5) 19:8  21:7  21:20  21:24 | |
| brian(1) 4:32 | | case(16) 1:4  11:19  12:3  15:25  17:3  17:17 | | clients(1) 16:12 | | 41:12 | |
| brickley(1) 3:35 | | 17:18  18:6  19:21  29:18  40:13  40:14  45:22 | | clustering(1) 9:15 | | | |
| brief(2) 7:22  32:10 | | 53:10  60:7  61:2 | | cole(1) 4:4 | | conversations(2) 14:17  21:5 | |
| briefing(2) 16:6  53:17 | | | | collect(1) 64:4 | | conversion(2) 6:11  20:24 | |
| briefly(5) 24:3  42:23  43:17  44:3  61:1 | | | | collecting(1) 8:16 | | convert(5) 15:25  17:16  17:18  17:22  18:6 | |
| briefs(1) 51:16 | | | | collectively(3) 17:2  55:8  55:11 | | coordinate(1) 19:20 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**copy**(2) 37:10 43:5

**correct**(8) 20:13 34:23 38:21 39:13 47:23 59:12 63:10 65:12

**correspondence**(2) 34:15 34:22

**costs**(2) 8:14 16:2

**could**(10) 20:6 20:14 25:11 33:20 40:4 47:18 58:5 58:20 59:19 60:18

**couldn't**(1) 49:2

**counsel**(4) 7:3 9:18 17:1 18:13

**countries**(2) 41:25 43:22

**couple**(2) 13:19 18:1

**course**(2) 47:20 53:18

**court**(180) 1:1 6:3 6:12 6:17 6:21 6:25 7:7 7:12 7:16 7:20 7:24 8:24 9:24 10:2 10:9 11:7 12:1 12:12 12:14 12:21 13:7 13:9 13:12 13:14 13:17 13:23 14:6 14:18 14:23 14:25 15:2 15:7 15:15 15:20 16:9 16:18 17:12 17:15 17:15 17:16 18:4 19:4 20:5 20:9 20:14 21:12 21:25 22:9 22:14 22:16 22:20 23:2 23:11 23:22 23:25 24:4 24:9 24:25 25:3 25:6 25:16 25:20 26:5 26:9 26:23 26:25 27:6 27:9 27:12 27:14 27:16 27:19 27:21 27:24 28:7 28:13 28:16 28:19 28:24 29:2 29:5 29:12 29:16 30:4 30:13 30:17 30:22 30:25 31:4 31:6 31:16 31:20 31:23 32:4 32:7 32:12 32:20 33:3 34:6 38:16 38:20 38:22 39:4 39:6 39:10 39:12 39:14 39:16 39:19 41:2 42:7 42:13 42:18 42:21 42:24 43:1 43:4 43:9 43:11 43:13 43:15 43:25 44:2 45:9 45:11 45:25 46:4 46:8 46:12 46:15 46:17 46:19 46:21 46:25 47:6 47:20 47:25 48:8 48:11 48:17 48:21 49:9 49:18 49:23 50:3 50:3 50:7 50:20 51:25 52:5 52:21 52:23 53:4 53:8 54:11 55:11 56:11 56:18 56:22 57:12 58:7 60:20 60:22 60:25 61:4 62:4 62:8 62:20 63:4 63:8 63:11 63:15 63:19 64:6 64:15 64:19 64:22 64:24 65:4 65:8

**courtroom**(2) 1:21 28:25

**court's**(2) 10:16 24:10

**covenants**(2) 35:24 37:8

**covers**(2) 48:5 62:12

**crafted**(1) 58:10

**crafting**(1) 58:12

**create**(1) 48:17

**creditor**(8) 4:43 5:4 5:12 5:18 9:3 10:22 12:8 59:19

**creditors**(11) 4:9 4:47 8:22 9:7 9:21 10:1 12:8 14:9 19:21 22:25 38:3

**creditor's**(1) 2:28

**cross**(1) 50:21

**cross-border**(1) 23:3

**cross-examine**(1) 31:18

**crossing**(1) 61:14

**current**(3) 16:6 23:12 24:14

**currently**(2) 8:7 9:13

**cut**(3) 40:6 48:15 48:15

**d.i**(1) 1:14

**damages**(2) 48:6 59:1

**dan**(1) 22:17

**daniel**(2) 4:28 4:44

**date**(12) 11:24 11:24 12:19 16:6 16:15 16:22 16:22 17:13 17:14 18:9 51:15 65:18

**dates**(2) 21:21 27:4

**david**(1) 4:5

**day**(12) 12:20 21:3 26:15 26:17 33:22 34:20 39:25 40:13 40:25 53:8 57:9 65:4

**days**(1) 34:10

**deadline**(3) 11:23 12:22 12:23

**deadlines**(3) 7:8 9:9 21:10

**deal**(11) 17:5 17:20 18:11 34:24 36:20 36:22 37:6 42:5 44:5 44:5 61:5 61:5

**dealt**(1) 17:6

**dean**(1) 4:5

**debenture**(1) 4:43

**debtor**(15) 3:38 8:3 12:6 14:10 15:18 50:14 52:6 52:18 55:17 55:18 59:25 61:9 61:12 62:9 62:9

**debtors**(79) 1:9 2:14 2:43 3:4 6:7 8:5 9:7 9:8 9:22 9:22 10:1 10:2 10:15 15:5 15:9 15:11 16:10 16:15 22:24 22:24 29:21 37:11 37:18 37:18 37:24 38:23 43:18 44:10 44:14 45:7 47:15 47:17 48:3 48:4 48:13 48:14 48:14 48:18 48:19 49:3 53:7 53:11 53:16 53:19 54:5 54:9 54:10 54:15 54:22 54:23 54:24 55:1 55:2 55:4 55:22 56:2 56:21 56:21 56:24 57:17 58:23 59:6 59:7 59:8 59:11 60:1 62:2 62:17 62:13 63:2 63:3 63:3 63:4 63:13 63:17 63:23 63:25 64:17

**debtors'**(1) 47:12

**debtor's**(8) 9:18 17:11 18:11 30:7 30:19 31:24 32:8 57:7

**decide**(1) 34:11

**decided**(2) 36:22 61:21

**deciding**(1) 34:7

**decision**(7) 23:4 24:10 33:12 33:23 40:15 53:9 60:9

**decision's**(1) 24:17

**declaration**(8) 30:16 31:11 31:14 32:2 32:2 33:9 34:16 35:7

**defend**(2) 49:13 49:13

**defendant**(1) 59:16

**defendants**(2) 1:28 1:40

**defenses**(1) 48:5

**defined**(6) 38:12 49:21 49:24 49:25 50:18 63:7

**defines**(1) 38:13

**definition**(2) 63:1 63:16

**delaware**(3) 1:2 1:23 6:1

**delay**(1) 23:1

**demands**(1) 48:6

**denied**(3) 45:20 53:6 60:17

**deny**(3) 45:5 45:19 46:2

**depart**(1) 36:4

**depend**(1) 33:11

**depends**(1) 24:7

**derek**(4) 2:15 2:44 6:6 15:4

**described**(1) 9:6

**description**(1) 50:3

**desire**(1) 16:2

**determinative**(2) 56:15 56:15

**developed**(1) 60:14

**development**(2) 16:16 57:9

**devoid**(1) 19:25

**diaz**(1) 2:3

**did**(13) 20:9 36:6 36:9 37:11 37:25 40:15 40:25 41:17 41:18 41:20 43:1 61:9 62:20

**didn't**(8) 16:24 40:21 42:15 52:16 53:16 56:7 60:5 64:4

**different**(4) 40:23 44:5 58:14 59:15

**differentiates**(1) 45:4

**difficult**(3) 43:19 43:23 45:11

**disagree**(1) 53:25

**disallowability**(1) 41:1

**discharges**(1) 49:12

**discovery**(1) 57:3

**discuss**(6) 9:10 14:21 15:12 16:25 24:20 24:22

**discussed**(1) 56:5

**discussing**(1) 14:21

**discussion**(2) 59:19 61:24

**discussions**(6) 9:11 14:7 14:11 15:17 18:13 39:23

**disgorgement**(1) 55:22

**dismiss**(2) 47:3 49:3

**dispute**(23) 8:13 29:19 32:22 40:25 42:3 49:15 49:17 49:21 50:4 50:6 50:14 52:10 52:11 53:19 56:22 57:19 57:24 58:18 59:14 59:17 61:21 61:23 61:24

**disputes**(1) 48:3

**dispute"**(4) 49:19 50:17 50:21 61:15

**distinct**(1) 54:15

**distributed**(1) 9:25

**distribution**(9) 9:11 9:21 10:3 10:10 10:21 11:22 13:22 14:2 18:12

**distributions**(13) 6:10 8:23 8:25 9:3 10:12 10:13 10:23 15:12 15:24 16:5 20:23 22:25 24:6

**district**(1) 1:2

**divested**(1) 33:16

**divestiture**(1) 33:16

**divesture**(2) 35:5 41:10

**divestures**(1) 43:21

**dla**(1) 4:17

**docket**(3) 29:10 29:11 29:13

**docketed**(1) 65:1

**document**(1) 63:18

**documents**(9) 30:8 30:19 31:10 31:13 31:14 31:18 31:21 44:6 44:8

**does**(8) 18:20 26:10 29:22 31:9 38:6 49:18 54:1 54:4

**doesn't**(9) 12:7 51:2 51:6 51:9 51:24 55:20 58:2 58:4 62:15

**doheny**(1) 5:18

**doing**(1) 21:22

**dollar**(1) 55:19

**dollars**(4) 45:16 17:4 18:1 54:9

**done**(4) 15:16 25:10 45:24 59:2

**don't**(17) 9:19 11:16 19:15 19:16 20:17 21:1 21:16 21:22 21:11 24:5 27:2 27:5 43:24 52:13 52:17 58:18 59:25

**doubts**(1) 11:5

**dow**(1) 3:34

**down**(4) 12:7 14:10 21:17 25:19

**due**(4) 20:1 23:3 34:13 39:21

**during**(4) 20:1 23:3 34:13 39:21

**each**(1) 58:13

**earlier**(1) 25:15

**early**(1) 13:24

**easiest**(1) 40:21

**echo**(1) 24:16

**economic**(1) 18:7

**ecro**(1) 2:3

**effect**(3) 34:7 35:12 52:11

**effective**(1) 18:2

**effectively**(8) 8:20 17:8 42:11 51:4 52:15 53:11 55:21 59:8

**efficient**(3) 19:25 20:18 21:4

**either**(4) 39:16 51:24 58:9 58:20

**elaina**(1) 39:23 41:12

**electronic**(2) 1:47 65:13

**eligible**(6) 32:14 35:19 36:10 36:15 37:13 37:16

**else**(3) 24:25 31:17 60:23

**ema**(1) 59:11

**email**(2) 34:15 35:7

**emailed**(1) 35:6

**emails**(2) 30:19 39:22

**emea**(28) 2:43 3:4 9:22 10:2 15:5 47:14 47:17 48:3 48:13 48:14 48:18 53:7 54:8 54:23 54:24 55:2 56:21 56:23 57:6 57:17 58:23 59:7 59:25 60:19 62:11 63:3 63:4 63:17

**employed**(2) 42:8 42:9

**employee**(8) 32:14 33:7 33:9 33:15 38:12 38:13 40:2 40:3

**employees**(11) 32:14 33:6 36:12 37:21 41:8 41:17 41:20 43:20 43:23 44:19 45:24

**employment**(22) 29:23 32:17 33:1 33:24 35:16 35:18 36:1 36:5 36:7 36:14 37:2 37:2 37:5 37:15 38:7 38:20 44:24 44:25 45:14 45:18 45:21

**employment'**(1) 35:20

**encompass**(1) 62:10

**end**(5) 39:25 40:13 40:25 46:1 62:16

**ended**(1) 40:14

**enough**(4) 9:1 20:22 20:22 22:5

**enter**(1) 61:6

**entered**(2) 47:21 50:5

**entire**(1) 54:16

**entirely**(1) 11:19

**entirety**(1) 11:19

**entities**(1) 15:18

**entitle**(1) 35:5

**entitled**(6) 30:8 34:25 35:11 35:25 36:21 36:24

**entitlement**(8) 29:24 32:16 33:10 33:21 34:19 49:14 49:16 56:20

**entitlements**(2) 57:24 58:16

**entity**(1) 32:24

**erickson**(29) 33:2 33:13 33:14 33:19 34:9 34:12 34:17 35:4 35:9 36:6 36:7 36:14 36:17 36:19 37:17 37:23 40:5 40:7 40:10 40:12 40:14 41:9 41:11 41:24 42:3 42:8 42:9 45:13 45:15

**erickson's**(1) 41:17

**erikson**(1) 39:25

**ernst**(1) 4:27

**escrow**(6) 8:7 8:8 9:25 15:14 51:9 52:2

**escrowed**(6) 10:10 10:19 10:23 10:25 17:8 19:1

**esq**(35) 2:15 2:16 2:22 2:23 2:30 2:31 2:38 2:44 2:45 3:6 3:13 3:21 3:35 3:39 3:44 3:48 4:5 4:14 4:18 4:23 4:24 4:28 4:32 4:36 4:40 4:44 4:48 5:5 5:9 5:13 5:15 5:25 5:29 5:33

**essence**(3) 10:19 55:5 61:12

**essentially**(1) 25:25

**establishing**(1) 9:4

**estate**(1) 8:14

**estates**(3) 10:14 22:19 23:17

**eternal**(1) 11:6

**even**(12) 9:3 12:6 13:24 29:25 54:2 56:7 58:10 61:19 61:19 61:20 61:21 62:6

**events**(2) 51:14 51:20

**ever**(1) 34:12

**every**(1) 19:8

**everyone**(6) 6:3 9:20 12:3 20:24 21:20

**everything**(1) 40:12

**evidence**(1) 31:21

**exact**(1) 36:7

**example**(2) 38:3 63:5

**except**(1) 60:10

**exception**(1) 44:21

**exchange**(3) 24:23 37:25 38:5

**exchanged**(1) 29:7

**exclude**(1) 38:14

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **excuse**(7) 27:12 29:15 36:13 36:23 37:14 37:20 64:11 | | **for**(163) 1:2 2:14 2:28 2:43 3:4 3:12 3:18 3:20 3:26 3:34 3:38 4:4 4:8 4:13 4:17 4:21 4:27 4:35 4:43 4:47 5:4 5:12 5:18 5:23 5:25 5:28 5:32 6:4 6:7 6:19 7:3 7:4 7:10 7:17 7:22 8:8 10:11 10:18 11:1 11:2 11:6 11:14 11:21 12:7 12:13 12:15 12:19 12:23 13:3 13:8 13:16 14:2 15:4 15:5 16:11 18:12 19:2 19:22 20:25 21:3 22:8 22:18 22:21 23:5 23:7 24:18 24:21 25:7 25:7 26:11 26:12 28:6 28:8 29:9 29:19 30:9 32:15 32:24 33:25 34:3 35:11 35:16 35:19 36:10 36:15 37:13 37:16 37:24 37:25 38:3 38:5 38:6 38:10 38:14 39:1 39:1 39:20 40:8 40:10 40:24 41:7 41:8 41:9 41:18 41:21 41:22 41:23 41:25 41:25 42:1 42:11 42:12 43:20 44:12 45:3 45:5 45:12 45:13 45:14 45:19 46:5 46:14 47:8 47:13 48:14 49:4 51:14 51:16 51:18 52:3 52:6 53:1 54:10 54:23 54:24 55:2 55:16 55:23 56:2 56:8 57:8 57:9 58:20 59:3 59:6 59:9 59:13 59:24 60:3 60:16 61:10 61:14 61:18 61:20 62:9 62:14 62:15 63:5 63:16 64:13 64:17 | | **going**(20) 11:2 11:3 11:14 18:17 18:25 19:19 20:19 27:11 28:12 30:13 32:17 36:10 36:15 37:6 40:22 56:25 58:25 61:20 64:8 64:8 | | **hazeltine**(1) 3:26 **head**(2) 39:23 41:13 **hear**(3) 12:12 20:9 28:16 **heard**(9) 9:13 9:23 13:3 15:3 24:3 25:1 39:3 |
| **execute**(3) 35:21 37:5 38:4 | | | | | | |
| **executed**(2) 39:6 45:2 | | | | **good**(31) 2:38 6:3 6:5 6:22 6:23 7:1 7:2 7:13 7:14 7:16 12:12 13:12 14:25 15:5 15:7 22:20 27:24 28:13 28:15 28:20 29:2 31:16 39:20 41:20 46:22 48:14 64:11 64:11 64:19 64:25 65:4 | | |
| **executive**(2) 3:38 30:15 | | | | | | **hearing**(32) 6:4 7:6 9:8 9:23 10:9 11:20 11:23 14:15 15:19 17:7 17:19 18:9 20:10 21:14 21:17 22:21 22:1 23:10 23:13 23:14 23:17 23:18 23:19 24:18 24:19 25:3 27:4 27:11 27:15 29:14 31:9 44:18 65:9 |
| **exercise**(1) 12:22 | | | | | | |
| **exhibit**(8) 31:24 32:4 32:7 32:8 32:19 33:8 34:15 35:7 | | | | **goodness**(1) 26:19 | | |
| | | | | **got**(2) 53:2 64:1 | | |
| **exhibits**(1) 32:2 | | | | **gotten**(1) 11:17 | | |
| **exist**(2) 55:21 56:7 | | | | **gottlieb**(3) 3:21 3:42 28:21 | | **hearts**(1) 41:19 |
| **expect**(1) 23:20 | | | | **grant**(3) 37:23 45:8 54:2 | | **held**(3) 8:7 32:22 52:12 |
| **expenditure**(1) 9:16 | | | | **great**(2) 11:4 16:11 | | **help**(1) 41:19 |
| **expenses**(2) 8:17 16:7 | | **forbid**(1) 59:18 | | **gregory**(1) 4:14 | | **helpful**(1) 11:8 16:16 |
| **explicitly**(1) 50:9 | | **forced**(1) 60:1 | | **gross**(1) 1:44 | | **her**(2) 30:23 32:2 |
| **expressed**(2) 34:24 35:1 | | **foregoing**(1) 65:12 | | | | **herbert**(1) 4:35 |
| **extended**(2) 7:9 12:11 | | **forever**(1) 48:18 | | **grounded**(1) 35:16 | | **here**(25) 6:4 6:7 11:5 13:3 14:3 16:24 |
| **extent**(4) 10:6 10:8 31:7 44:12 | | **form**(3) 23:12 25:25 64:21 | | **grounds**(1) 45:5 | | 18:7 18:25 28:21 30:23 31:19 35:10 37:22 |
| | | **forms**(1) 21:11 | | **group**(9) 3:12 4:22 14:8 24:2 24:20 55:15 | | 38:15 41:4 50:15 50:24 50:24 51:3 52:15 |
| **facetious**(1) 18:22 | | **forth**(5) 8:23 9:4 29:23 32:16 37:4 | | 56:2 63:14 63:17 | | 53:3 56:24 58:22 61:8 61:23 |
| **facetiously**(1) 19:7 | | **forty-first**(2) 29:10 45:8 | | | | |
| **fact**(11) 11:22 12:6 13:19 19:12 20:21 22:5 26:3 51:25 56:16 57:21 59:11 | | **forward**(7) 11:3 23:6 24:22 31:15 32:11 60:8 64:24 | | **groups**(1) 12:8 | | **hereafter**(1) 49:1 |
| | | | | **guess**(3) 9:14 10:7 49:4 | | **here's**(1) 22:1 |
| | | | | **guidance**(2) 11:2 17:9 | | **he'll**(1) 20:22 |
| **facts**(11) 11:18 12:10 12:17 32:10 51:14 51:17 51:18 51:20 51:22 60:14 62:12 | | | | **guise**(1) 20:18 | | **he's**(10) 16:3 19:6 19:7 19:17 20:19 20:21 |
| | | **found**(2) 39:24 41:13 | | **gump**(3) 2:29 4:8 13:15 | | 23:5 23:15 31:14 35:25 |
| | | **four**(3) 40:16 44:4 44:13 | | **gut-wrenching**(1) 40:15 | | |
| **factual**(1) 35:9 | | **fox**(1) 5:8 | | **guyder**(5) 4:28 22:15 22:17 22:18 22:21 | | **him**(11) 19:14 21:3 21:15 26:13 34:13 |
| **fagen**(1) 4:9 | | **frame**(2) 21:6 32:11 | | **h.r**(2) 39:23 41:13 | | 34:24 35:5 35:9 36:10 36:22 37:23 |
| **familiar**(4) 12:9 30:3 30:12 53:2 | | **framed**(1) 23:7 | | **had**(42) 7:4 11:15 12:2 12:7 19:9 19:11 | | |
| **fanciful**(1) 61:17 | | **frankly**(1) 54:6 | | 21:7 21:15 24:19 24:23 27:23 32:17 34:2 | | **his**(42) 16:14 19:23 20:3 25:7 29:23 29:24 |
| **far**(9) 16:23 17:14 22:10 22:16 24:15 40:22 41:1 41:15 46:1 | | **fred**(2) 2:30 13:13 | | 34:14 34:21 34:23 35:8 35:8 36:8 36:16 | | 32:16 32:18 33:10 33:11 33:14 33:18 |
| | | **free-option**(1) 21:2 | | 37:17 39:4 40:18 40:19 41:17 41:17 42:2 | | 33:21 33:23 33:24 34:4 34:18 34:19 35:4 |
| | | **freelance**(2) 40:2 43:7 | | 43:21 44:4 44:8 45:8 48:25 48:25 51:23 52:9 | | 35:11 35:16 35:16 35:17 35:20 36:1 36:4 |
| **farr**(1) 4:31 | | **friday**(1) 25:21 | | 53:6 54:3 54:9 56:5 58:25 59:18 61:3 | | 36:5 36:6 36:8 36:16 36:18 36:23 36:24 |
| **fashion**(4) 19:11 21:1 21:9 21:19 | | **from**(40) 6:7 10:12 10:13 10:19 10:20 | | 62:11 | | 37:4 37:14 37:15 37:22 38:7 38:18 38:25 |
| **favor**(3) 57:6 57:7 57:11 | | 10:23 13:10 15:12 15:13 15:24 16:5 17:5 | | | | 39:7 46:22 |
| **feel**(3) 47:4 47:5 60:9 | | 20:1 20:9 21:3 24:2 25:19 28:16 29:4 | | **hadley**(1) 4:22 | | |
| **fees**(2) 8:16 59:19 | | 30:14 31:2 34:1 40:20 40:20 41:16 42:2 | | **hadn't**(1) 11:17 | | **history**(1) 53:2 |
| **feld**(3) 2:29 4:8 13:15 | | 50:11 51:6 51:7 51:16 51:17 51:25 52:2 | | **half**(1) 40:6 | | **hoc**(3) 4:21 19:13 23:6 |
| **felt**(6) 40:18 41:6 41:15 41:16 42:1 42:5 | | 54:8 61:20 62:1 63:23 63:24 64:1 65:13 | | **hamilton**(3) 2:21 3:43 28:21 | | **hodara**(13) 2:30 13:10 13:11 13:12 13:13 |
| **few**(1) 41:18 | | | | **handed**(1) 44:8 | | 13:13 13:15 13:18 13:24 14:18 14:22 |
| **fighting**(1) 46:1 | | **front**(5) 27:3 47:9 48:7 54:16 62:24 | | **handle**(3) 6:13 6:14 6:18 | | 14:23 |
| **figure**(2) 14:11 21:5 | | **frustrating**(1) 39:24 | | **handled**(1) 30:21 | | |
| **file**(4) 13:1 20:7 21:10 26:10 | | **frustration**(2) 17:23 18:5 | | **hanging**(1) 21:2 | | **hold**(3) 13:9 52:10 52:15 |
| **filed**(9) 9:2 9:5 15:9 33:24 34:2 34:8 36:18 53:11 54:9 | | **full**(4) 10:22 18:19 36:9 37:7 | | **happen**(1) 21:13 | | **holder**(1) 8:1 |
| | | **full-time**(3) 40:2 40:10 41:22 | | **happened**(2) 12:16 37:22 | | **holds**(3) 8:10 15:24 38:8 |
| | | **fully**(4) 18:10 26:2 29:7 60:14 | | **happening**(1) 31:3 | | **holiday**(1) 26:18 |
| **filing**(2) 24:13 26:14 | | **funds**(3) 10:24 26:3 26:4 | | **happens**(1) 58:5 | | **honor**(110) 6:6 6:8 6:16 6:23 7:14 7:17 |
| **final**(2) 39:25 60:13 | | **further**(3) 38:11 42:21 62:21 | | **happy**(5) 12:15 12:15 15:11 20:20 43:8 | | 7:25 8:4 9:14 10:7 11:3 11:6 11:10 13:8 |
| **find**(2) 37:12 58:20 | | **gallagher**(1) 4:31 | | **hard**(1) 43:22 | | 13:11 13:18 13:19 14:4 14:24 15:6 15:17 |
| **fine**(8) 21:18 22:4 25:24 31:14 39:18 46:15 46:19 55:23 | | **game**(1) 41:14 | | **harrisburg**(1) 2:7 | | 16:7 17:11 17:12 18:9 18:22 19:6 20:13 |
| | | **gave**(2) 48:14 61:10 | | **has**(31) 8:11 9:1 14:1 14:13 14:20 15:2 | | 22:4 22:6 22:15 22:17 22:21 23:24 24:5 |
| | | **gee**(1) 58:23 | | 16:2 16:7 22:16 23:11 26:3 31:7 31:12 | | 25:5 25:15 25:24 26:8 26:12 26:20 26:21 |
| **first**(18) 6:8 6:20 12:11 13:2 17:11 17:22 20:19 21:7 22:22 24:18 25:8 36:3 37:1 40:8 55:6 60:7 62:6 62:24 | | **general**(2) 8:1 48:13 | | 34:24 36:1 36:18 36:20 37:10 38:9 38:18 | | 27:20 28:5 28:12 28:15 28:20 29:1 29:3 |
| | | **generally**(1) 36:14 | | 39:11 50:14 51:18 53:23 54:21 55:4 59:20 | | 29:8 29:13 29:20 29:25 30:6 30:11 31:7 |
| | | **generated**(1) 8:6 | | 61:21 62:10 64:20 64:21 | | 31:22 32:1 32:9 32:9 32:13 32:21 33:21 |
| | | **get**(18) 10:24 12:17 18:21 18:22 22:7 | | | | 34:7 34:10 35:9 35:15 36:3 37:1 37:8 |
| **firstly**(1) 39:21 | | 24:11 26:3 28:9 28:11 30:18 31:12 61:19 | | **hasn't**(5) 12:16 12:22 52:6 56:8 61:12 | | 37:23 38:6 38:25 39:21 42:23 43:12 43:17 |
| **five**(1) 8:8 | | 61:20 63:19 | | **hauer**(3) 2:29 4:8 13:15 | | 43:18 44:3 44:22 45:5 45:6 46:3 46:10 |
| **fixed**(1) 48:24 | | **gets**(1) 50:20 | | **have**(97) 7:8 8:5 8:14 8:16 8:18 8:22 9:1 | | 46:23 47:10 47:23 49:2 50:1 50:4 52:8 |
| **flasser**(1) 4:14 | | **getting**(5) 17:24 18:25 26:16 34:19 48:8 | | 9:11 9:22 10:17 11:5 12:11 13:10 14:7 14:9 | | 52:8 52:19 52:25 53:1 53:6 53:20 54:21 |
| **flom**(1) 5:24 | | **gianis**(2) 3:44 4:18 | | 14:11 14:16 15:8 17:25 18:3 19:9 19:10 | | 57:5 60:8 60:21 61:1 61:3 62:19 63:1 |
| **flooding**(1) 31:2 | | **ginger**(1) 2:3 | | 19:11 19:15 19:16 20:16 21:1 21:5 21:10 | | 63:21 64:13 65:3 65:6 65:7 |
| **floor**(1) 2:17 | | **give**(2) 25:22 58:4 | | 21:16 21:20 21:23 22:1 22:18 23:24 23:24 | | |
| **fly**(2) 27:3 62:16 | | **given**(5) 9:20 11:4 14:1 14:1 54:5 54:14 | | 27:8 27:25 31:1 31:10 37:9 37:11 37:18 | | |
| **focus**(1) 58:21 | | **globe**(1) 43:20 | | 38:1 38:4 38:25 39:1 39:7 39:8 40:17 | | **honorable**(1) 1:44 |
| **focused**(3) 11:18 12:3 55:19 | | **goal**(1) 40:22 | | 41:9 41:24 42:2 42:15 42:19 43:5 44:6 | | **honors**(1) 13:21 |
| **focuses**(1) 54:4 | | **god**(1) 59:18 | | 44:13 44:19 44:20 45:6 45:6 45:12 45:18 | | **hope**(3) 11:5 19:1 28:5 |
| **following**(2) 30:7 45:25 | | **goes**(4) 24:15 46:11 53:18 56:3 | | 46:2 46:6 47:15 48:7 48:25 48:25 49:1 | | **hopefully**(2) 20:6 28:2 |
| | | | | 49:4 50:5 52:9 52:11 52:19 53:11 54:2 | | **hoping**(1) 40:10 |
| | | | | 54:2 56:4 56:6 58:18 58:19 58:20 58:24 | | **household**(1) 40:20 |
| | | | | 58:24 59:1 59:2 60:2 60:15 61:6 62:16 | | **houston**(1) 30:24 |
| | | | | 62:23 63:5 63:22 64:3 64:17 | | |
| | | | | | | **how**(14) 11:2 14:11 17:16 18:17 19:22 |
| | | | | **haven't**(6) 12:14 12:18 24:19 50:23 52:7 | | 21:4 21:6 23:15 25:9 30:20 33:10 34:12 |
| | | | | 61:14 | | 42:7 53:2 |
| | | **given**(5) 9:20 11:4 14:1 14:1 54:5 54:14 | | | | |
| | | | | **having**(4) 7:18 14:10 20:2 61:23 | | **however**(7) 26:10 40:4 41:11 49:1 49:1 53:24 54:14 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **hubbard**(2) 2:43 4:39 | | **it's**(40) 6:25 7:3 7:14 12:12 12:15 13:4 20:3 21:8 23:14 24:8 24:11 25:20 26:6 26:9 26:15 26:15 41:21 47:11 48:9 49:6 49:25 54:1 54:19 56:15 57:3 57:8 57:9 57:11 58:4 60:3 60:4 60:6 60:6 60:10 60:13 60:17 62:1 63:20 63:23 64:7 | | **larger**(1) 53:17 | | **market**(5) 1:22 2:17 3:14 3:22 3:27 | |
| **huberty**(1) 2:45 | | | | **last**(5) 15:11 29:11 53:13 62:22 63:20 | | **mary**(2) 3:21 3:39 | |
| **hughes**(2) 2:43 4:39 | | | | **lasted**(3) 42:10 42:10 42:15 | | **material**(1) 18:15 | |
| **human**(2) 33:6 33:9 | | | | **late**(1) 25:20 | | **matt**(1) 5:18 | |
| **hundreds**(1) 9:16 | | | | **later**(2) 34:10 60:5 | | **matter**(9) 6:14 6:14 6:20 14:20 20:11 24:16 28:8 30:11 65:14 | |
| **idea**(6) 16:3 24:6 56:4 57:1 60:4 60:5 | | | | **laughing**(1) 18:20 | | | |
| **ideally**(1) 11:3 | | | | **laughter**(1) 47:1 | | **matters**(1) 48:2 | |
| **identical**(2) 58:13 62:25 | | **i'd**(3) 18:8 28:11 44:22 | | **law**(3) 3:12 4:43 45:23 | | **matthew**(1) 4:9 | |
| **identified**(1) 11:8 | | **i'll**(7) 6:9 7:11 16:19 35:10 47:18 52:19 64:9 | | **lawsuit**(1) 62:2 | | **matz**(1) 4:23 | |
| **immediately**(1) 46:13 | | | | **lead**(1) 21:15 | | **may**(36) 6:20 9:13 10:2 13:8 18:22 20:20 20:20 20:25 23:15 24:3 25:3 25:12 25:12 25:21 25:22 31:1 31:12 31:13 33:19 35:14 36:18 38:4 44:13 44:19 44:19 44:20 44:20 48:25 49:1 49:1 58:5 60:15 61:8 63:22 64:23 64:24 | |
| **implicate**(2) 10:14 23:15 | | | | **least**(8) 23:18 32:22 34:17 34:21 35:4 35:13 44:6 46:1 | | | |
| **importantly**(2) 35:21 37:3 | | **i'm**(22) 7:18 14:25 16:1 18:22 19:1 19:22 19:24 21:8 21:15 21:18 22:1 22:11 26:13 26:18 26:22 27:22 28:16 43:8 48:8 58:6 64:8 64:8 | | | | | |
| **inc**(11) 1:7 1:12 1:16 1:26 1:31 3:13 5:13 5:28 5:28 8:2 29:17 | | | | **left**(3) 40:17 57:8 57:9 | | | |
| | | | | **leith**(2) 3:18 3:18 | | | |
| | | | | **leonhardt**(1) 3:13 | | **mccloy**(1) 4:22 | |
| **inclement**(1) 31:2 | | | | **less**(3) 35:21 37:3 44:9 | | **meagher**(1) 5:23 | |
| **include**(2) 37:7 52:17 | | **i've**(4) 13:3 36:5 55:17 58:3 | | **let**(1) 52:20 | | **mean**(7) 18:13 18:20 22:11 51:5 54:2 59:18 63:22 | |
| **included**(2) 29:19 50:18 | | **jaime**(1) 3:6 | | **letters**(1) 49:11 | | | |
| **includes**(3) 48:20 48:22 48:23 | | **jason**(1) 5:29 | | **let's**(2) 20:23 25:21 | | | |
| **including**(4) 9:7 24:9 51:22 63:17 | | **jeffrey**(1) 5:9 | | **liability**(2) 48:5 62:14 | | **meaning**(1) 58:4 | |
| **income**(1) 34:5 | | **jeremy**(1) 5:13 | | **liable**(1) 62:3 | | **means**(2) 21:21 63:25 | |
| **inconsistent**(2) 24:8 44:16 | | **job**(1) 41:20 | | **liberty**(1) 2:24 | | **meant**(2) 48:2 50:9 | |
| **incorrectly**(1) 19:7 | | **johnson**(1) 2:31 | | **lien**(3) 51:4 51:6 55:20 | | **meantime**(1) 26:5 | |
| **increase**(1) 17:2 | | **joined**(1) 15:9 | | **light**(1) 62:6 | | **meet**(1) 12:15 | |
| **indemnify**(1) 59:8 | | **joining**(1) 59:16 | | **like**(20) 9:12 9:14 12:5 12:11 15:11 17:8 18:8 22:25 23:18 28:9 28:10 31:13 31:17 39:2 43:10 46:7 46:8 59:4 60:9 61:8 | | **meeting**(5) 12:5 12:12 12:14 12:16 21:15 | |
| **indicated**(3) 14:9 17:1 17:21 | | **joint**(17) 4:35 9:23 10:9 15:4 15:8 15:18 17:7 17:12 19:10 23:10 23:13 23:18 23:19 26:2 26:4 32:23 62:14 | | | | **meetings**(1) 21:3 | |
| **individual**(1) 35:1 | | | | | | **melnik**(1) 4:48 | |
| **indulging**(1) 53:1 | | | | **likely**(1) 34:1 | | **members**(1) 33:6 | |
| **ineligible**(6) 30:5 37:4 37:25 38:24 38:24 44:12 | | **jointly**(4) 1:5 1:33 17:8 62:2 | | **likewise**(1) 8:22 | | **memorial**(2) 26:15 26:17 | |
| | | **jonathan**(2) 5:18 5:20 | | **limited**(2) 1:38 20:14 | | **mention**(1) 13:18 | |
| | | **jones**(2) 3:34 3:47 | | **limiting**(2) 24:7 57:19 | | **mentioned**(2) 15:10 16:2 | |
| **infinitely**(1) 54:19 | | **judge**(2) 1:44 1:45 | | **line**(2) 36:13 44:9 | | **merits**(2) 24:11 59:23 | |
| **influence**(1) 35:2 | | **judgment**(2) 47:9 49:4 53:12 60:13 | | **lines**(1) 14:8 | | **middle**(1) 49:7 | |
| **informed**(1) 36:11 | | **judgments**(2) 50:5 52:8 | | **liquidated**(2) 8:5 48:24 | | **might**(4) 25:6 25:9 50:10 50:13 | |
| **infringement**(2) 54:25 55:3 | | **julia**(1) 5:33 | | **liquidity**(4) 3:12 5:12 6:10 7:19 | | **milbank**(3) 4:22 24:2 | |
| **ingersoll**(1) 3:20 | | **july**(3) 40:1 44:9 44:17 | | **lis**(1) 4:36 | | **million**(2) 8:10 8:11 | |
| **initial**(3) 7:10 30:11 39:1 | | **jump**(2) 11:10 12:20 | | **lisa**(1) 2:23 | | **mind**(1) 26:21 | |
| **initially**(2) 18:11 35:12 | | **june**(12) 33:8 33:21 33:22 34:14 34:22 35:3 35:3 36:11 36:17 44:15 44:15 44:15 | | **litany**(2) 54:6 54:16 | | **minds**(2) 18:6 41:19 | |
| **injunctive**(1) 53:7 | | | | **litigation**(5) 50:1 51:21 51:22 59:21 59:22 | | **minutes**(1) 7:23 | |
| **instance**(1) 25:8 | | | | **little**(5) 18:2 25:14 25:19 25:20 64:7 | | **missed**(1) 43:24 | |
| **instead**(3) 21:18 36:16 59:15 | | **just**(52) 7:9 9:5 9:10 11:11 12:20 13:24 17:1 20:7 21:1 22:23 23:14 24:7 25:7 25:9 26:16 29:9 38:9 40:24 40:24 41:4 41:18 42:23 43:18 44:3 44:8 44:17 44:22 47:21 49:2 50:3 50:19 53:5 53:10 53:17 53:25 54:1 57:8 57:16 58:1 58:1 59:4 59:18 59:20 61:1 61:2 62:23 63:1 63:17 63:21 64:4 64:7 | | | | **modified**(2) 23:20 29:21 | |
| **intend**(1) 14:14 | | | | **live**(4) 20:2 20:7 21:2 21:22 | | **modify**(1) 52:8 | |
| **intended**(3) 11:17 45:3 57:22 | | | | **living**(1) 18:8 | | **moment**(2) 35:10 52:19 | |
| **intention**(1) 19:23 | | | | **llp**(9) 2:14 2:37 3:5 4:27 4:31 4:47 5:4 5:8 5:12 | | **monday**(1) 27:4 | |
| **intentionally**(1) 12:21 | | | | | | **money**(8) 17:8 17:25 19:1 22:5 48:15 52:1 52:2 55:9 | |
| **interest**(3) 16:12 19:10 26:3 | | | | **lockbox**(2) 15:12 16:5 | | | |
| **interested**(6) 3:34 4:13 4:17 5:23 5:32 12:12 | | | | **long**(3) 11:15 42:7 51:23 | | **monitor**(4) 3:20 4:27 22:18 22:24 | |
| | | **justice**(5) 13:20 15:21 50:4 52:9 52:13 | | **long-term**(2) 34:4 41:9 | | **month**(7) 7:6 21:8 21:18 25:4 26:22 27:23 44:10 | |
| **interesting**(1) 56:24 | | **katherine**(1) 2:38 | | **look**(4) 58:8 58:14 63:22 64:9 | | | |
| **interests**(3) 18:7 23:16 48:25 | | **keane**(1) 3:48 | | **looking**(3) 23:5 26:13 52:3 | | | |
| **interim**(10) 6:10 9:11 11:22 13:22 14:2 15:12 15:23 16:5 20:23 24:6 | | **keep**(3) 26:1 41:4 63:21 | | **lot**(3) 8:1 58:12 60:15 | | **monthly**(2) 8:9 8:17 | |
| | | **kelly**(1) 65:18 | | **loud**(1) 19:14 | | **months**(10) 40:4 40:17 41:18 42:10 42:11 42:11 42:12 42:12 42:17 44:4 44:13 | |
| **interpretation**(4) 50:25 51:1 57:1 61:18 | | **kept**(1) 39:25 | | **love**(3) 17:24 17:24 28:11 | | | |
| **interpretations**(1) 61:13 | | **kevin**(1) 1:44 | | **lovely**(1) 26:7 | | **months'**(1) 40:4 | |
| **intimately**(1) 30:2 | | **key**(1) 41:25 | | **lowenthal**(1) 4:44 | | | |
| **into**(12) 11:17 12:17 13:5 24:11 31:11 31:19 31:21 47:21 56:3 56:6 61:6 61:22 | | **kids**(1) 41:4 | | **lsi**(9) 7:3 7:4 7:25 8:24 9:5 9:8 9:12 10:10 12:5 | | **more**(13) 7:23 9:1 9:1 12:4 12:20 12:25 21:19 24:21 29:7 50:25 53:20 59:22 64:7 | |
| | | **kimberly**(1) 4:18 | | | | | |
| **issue**(14) 10:7 10:17 11:9 12:4 16:4 17:1 32:11 47:4 47:5 54:19 54:20 59:14 64:7 64:10 | | **kind**(4) 21:2 21:7 51:4 61:17 | | **lsi's**(3) 7:22 9:19 9:24 | | **morning**(18) 6:3 6:5 6:22 6:23 7:13 7:14 7:16 13:12 15:5 15:7 22:20 23:14 28:6 28:14 28:15 28:20 39:20 64:12 | |
| | | **kinds**(2) 14:11 14:16 | | **mace**(1) 2:23 | | | |
| | | **king**(4) 2:39 3:8 39:23 41:13 | | **made**(11) 9:21 18:15 23:2 33:23 34:20 37:17 38:18 40:7 45:12 45:13 52:1 | | | |
| **issues**(4) 12:19 23:16 31:10 53:20 | | **know**(41) 10:13 10:21 11:5 16:23 17:20 17:23 18:1 18:24 22:22 23:2 24:17 24:20 25:9 30:11 37:8 40:16 40:17 40:21 40:22 40:24 41:3 41:5 41:14 41:19 42:4 43:5 43:7 44:14 44:18 46:21 47:12 48:1 50:21 51:1 58:4 58:24 59:12 59:20 60:9 60:9 61:6 | | | | **morris**(3) 2:14 6:7 64:16 | |
| **item**(5) 28:16 28:22 29:10 29:11 29:13 | | | | **main**(2) 18:19 30:2 | | **most**(2) 8:9 19:14 | |
| **items**(2) 6:18 13:19 | | | | **major**(3) 9:15 9:15 9:19 | | **motion**(47) 6:9 7:3 7:23 8:24 9:4 9:5 9:9 9:12 9:15 9:17 9:19 9:19 9:23 14:16 15:25 16:6 16:14 17:16 17:16 17:18 17:21 17:22 19:18 20:3 21:4 21:14 22:2 23:12 24:7 24:13 25:7 25:9 25:11 26:1 26:14 26:17 27:7 47:3 47:8 49:3 53:12 53:22 53:24 54:3 57:3 59:15 60:13 60:16 63:20 | |
| **its**(9) 8:25 9:5 10:3 10:11 11:19 23:12 38:3 43:23 51:19 | | **knowledge**(2) 36:9 61:24 | | **make**(18) 8:25 9:3 10:3 12:7 21:4 24:21 38:9 41:17 41:18 45:12 50:10 50:13 51:10 51:11 57:15 57:16 59:25 60:2 | | | |
| | | **known**(5) 48:23 56:4 56:11 58:25 62:12 | | | | | |
| | | **knows**(1) 7:25 | | **makes**(4) 21:19 35:15 35:18 37:12 | | | |
| | | **korea**(4) 32:25 40:20 41:23 42:14 | | **making**(4) 17:25 24:17 44:20 59:4 | | | |
| | | **korean**(1) 41:17 | | **male**(1) 27:18 | | | |
| | | **kurth**(2) 5:12 7:18 | | **management**(2) 4:17 4:19 | | **motions**(4) 19:17 19:18 20:19 53:1 | |
| | | **language**(2) 48:10 61:13 | | **managing**(1) 41:21 | | **move**(2) 33:16 59:16 | |
| | | **large**(2) 12:3 40:9 60:15 | | **many**(2) 12:8 43:22 | | **moved**(1) 36:7 | |
| | | | | **march**(2) 9:6 29:4 | | | |
| | | | | **margot**(1) 3:44 | | | |

| Word | Page:Line |
|------|-----------|
| moving(4) 13:5 18:5 40:20 40:23 |
| much(7) 19:2 25:19 26:8 28:6 42:15 43:15 47:2 |
| multiple(1) 33:5 |
| multitude(1) 11:4 |
| must(3) 29:21 45:20 60:17 |
| mutual(2) 48:12 48:12 |
| mutually(3) 33:13 33:18 37:21 |
| named(1) 63:23 |
| narrative(1) 11:16 |
| narrow(6) 53:21 57:20 57:21 57:22 59:5 60:3 |
| narrowly(2) 57:20 58:11 |
| nearly(1) 8:6 |
| necessarily(2) 11:16 54:2 |
| necessary(1) 61:25 |
| need(8) 12:4 12:13 12:17 15:18 16:12 21:15 23:9 52:16 |
| needed(1) 37:5 |
| needs(1) 17:6 |
| negotiated(1) 57:22 |
| neither(2) 10:1 35:24 |
| network(1) 30:2 |
| networks(7) 1:7 1:31 1:37 3:38 5:26 8:2 32:15 |
| networks,inc(1) 1:22 |
| network's(2) 29:17 34:4 |
| never(5) 26:21 45:2 45:3 56:5 58:3 |
| nevertheless(1) 36:8 |
| new(7) 2:25 2:34 2:47 5:24 20:7 21:16 63:16 |
| newbould(5) 13:20 15:22 50:5 52:9 52:13 |
| next(7) 7:6 17:19 20:10 33:22 34:20 40:22 46:16 |
| nicholas(1) 4:24 |
| nichols(3) 2:14 6:7 64:16 |
| nick(1) 24:1 |
| nickel(1) 41:5 |
| nine(2) 42:11 42:16 |
| nn(5) 8:10 8:11 8:24 9:1 10:3 32:13 |
| nni's(6) 8:9 8:17 8:22 9:25 10:12 10:16 |
| non-compliance(1) 45:21 |
| non-movant(1) 57:10 |
| non-professional(1) 8:18 |
| non-u.s.(1) 10:15 |
| nor(2) 10:1 45:2 |
| nortel(55) 1:7 1:22 1:31 1:37 3:38 5:4 5:25 6:14 8:2 29:17 30:2 32:14 32:15 32:23 33:6 33:9 34:4 34:13 34:16 34:20 35:6 35:19 35:21 35:22 36:4 36:8 36:9 37:3 37:5 38:1 38:2 40:7 40:12 40:18 41:7 41:12 41:13 41:15 41:21 41:23 42:2 42:4 43:21 44:9 45:15 45:17 45:19 50:2 55:7 55:8 55:11 55:15 55:15 62:2 63:2 |
| nortel-initiated(3) 36:4 37:2 44:25 |
| nortel."(1) 34:1 |
| nortel's(2) 10:15 63:7 |
| north(5) 2:17 2:39 3:8 3:14 3:27 |
| nos(1) 1:14 |

| Word | Page:Line |
|------|-----------|
| not(113) 7:3 7:10 8:18 8:22 9:11 10:2 10:14 12:15 16:5 16:22 16:23 17:12 17:13 17:14 17:21 18:3 18:7 18:10 18:16 18:19 18:22 19:1 19:6 19:14 19:22 19:24 20:20 20:21 21:8 21:18 22:5 22:8 22:11 23:14 24:11 24:16 26:15 27:24 28:1 29:22 31:10 32:14 33:5 33:12 33:17 34:11 34:22 34:25 35:5 35:11 35:14 35:25 36:3 36:7 36:10 36:15 36:20 36:24 37:10 37:11 37:13 37:16 37:18 37:19 37:25 38:2 38:6 38:10 38:11 40:2 40:2 40:10 40:13 40:20 40:21 41:8 41:22 42:3 42:20 44:8 44:19 44:20 44:22 44:25 46:23 47:4 50:22 52:1 52:3 54:1 54:18 54:19 54:20 54:22 54:24 55:1 55:10 56:16 56:19 57:3 58:6 58:22 58:23 60:10 60:13 61:8 61:22 61:23 61:25 62:24 63:3 63:4 |
| noted(1) 44:4 |
| nothing(1) 49:10 |
| notice(2) 40:5 62:14 |
| now(29) 6:20 11:17 12:20 13:3 14:4 14:15 16:1 19:13 19:17 20:10 20:19 20:23 21:17 22:8 24:11 25:3 33:17 35:11 36:17 36:23 37:23 47:10 47:12 48:8 48:25 49:4 50:5 55:7 59:12 |
| number(1) 29:18 |
| numbered(1) 28:23 |
| object(2) 23:8 24:5 |
| objected(1) 29:9 |
| objection(13) 7:8 9:9 11:23 12:22 21:10 24:13 29:10 31:20 31:23 42:6 45:8 64:18 64:21 |
| objections(1) 21:11 |
| obvious(1) 64:3 |
| obviously(10) 8:19 9:14 11:18 12:3 12:18 16:8 16:11 19:15 23:2 53:2 |
| occur(5) 9:12 21:17 34:8 35:14 35:19 |
| occurred(4) 9:12 35:14 35:24 44:6 |
| occurring(1) 51:14 |
| off(5) 18:8 28:9 28:11 40:24 41:15 |
| off-the-cuff(4) 19:13 20:8 21:22 22:11 |
| offer(7) 28:12 33:5 34:11 34:12 40:16 44:11 44:15 |
| offered(6) 14:13 33:1 34:25 35:8 36:20 36:22 |
| offering(1) 12:16 |
| officer(1) 32:23 |
| official(3) 2:28 4:8 19:15 |
| offline(1) 21:20 |
| okay(19) 12:24 17:22 26:25 27:22 31:6 32:7 34:6 39:12 39:19 42:13 42:21 46:12 46:18 53:14 56:18 58:7 58:8 60:25 64:6 |
| omnibus(1) 29:10 |
| once(29) 24:22 30:15 35:4 36:7 61:19 |
| one(29) 2:24 2:32 2:46 11:13 13:9 17:22 17:24 18:13 18:14 18:14 19:18 21:3 26:22 28:22 30:1 32:4 34:4 37:12 46:8 49:5 50:10 50:21 50:25 50:25 57:23 58:21 59:5 61:15 61:25 |
| only(14) 14:2 15:22 19:6 19:9 26:13 38:2 44:14 55:24 59:24 61:25 62:5 62:22 63:23 64:4 |
| ontario(2) 9:24 23:11 |
| open(1) 51:9 |
| opening(1) 49:25 |
| operated(1) 41:24 |
| operating(2) 8:10 32:23 |
| operations(1) 43:21 |
| opinion(1) 64:10 |
| opportunity(6) 7:22 22:22 23:7 24:20 24:23 39:21 |

| Word | Page:Line |
|------|-----------|
| oppose(2) 9:19 25:9 |
| opposing(1) 49:3 |
| options(1) 34:22 |
| oral(1) 6:15 |
| order(9) 19:25 20:7 24:9 29:7 30:18 46:5 64:17 64:25 64:25 |
| ordered(1) 50:1 |
| orderly(4) 13:1 19:11 19:14 20:25 |
| orders(2) 15:21 24:8 |
| original(1) 62:23 |
| other(20) 12:8 15:11 16:10 19:21 21:23 26:1 32:14 33:15 35:23 36:12 38:2 38:3 44:18 45:24 48:2 58:13 59:9 59:10 60:18 62:16 |
| otherwise(1) 33:20 |
| ought(3) 14:20 23:17 25:10 |
| our(26) 7:3 7:8 8:24 9:4 12:20 14:16 16:12 17:21 19:20 23:9 23:19 24:20 29:8 29:9 30:12 30:16 38:11 40:23 41:5 47:3 49:3 51:15 52:7 56:20 57:6 57:11 |
| out(23) 11:21 14:11 16:23 17:14 17:22 18:16 19:14 20:6 21:2 21:6 21:21 41:16 44:17 50:16 50:21 55:9 56:14 57:16 58:2 58:6 59:24 61:14 63:13 |
| outlined(2) 33:10 38:11 |
| outlining(1) 34:21 |
| outreaches(1) 19:12 |
| outsider(1) 57:10 |
| over(7) 20:24 21:7 21:18 26:16 55:18 59:9 59:25 |
| over-simplify(1) 55:5 |
| overy(2) 4:27 22:18 |
| own(1) 44:19 |
| o'connor(1) 4:32 |
| p.a(1) 4:13 |
| p.c(1) 4:4 |
| pachulski(1) 3:47 |
| packets(1) 37:20 |
| page(3) 49:8 49:24 63:1 |
| paid(10) 8:14 17:24 18:1 18:19 18:21 18:22 22:7 42:12 59:7 59:10 |
| paper(1) 42:16 |
| papers(2) 17:21 52:23 |
| paragraph(2) 49:8 63:6 |
| paragraphs(1) 63:22 |
| park(2) 2:32 2:46 |
| part(5) 41:10 48:12 54:13 55:9 64:8 |
| partial(1) 53:11 |
| partially(1) 14:5 |
| participate(3) 16:13 22:22 53:16 |
| particularly(2) 10:4 57:1 |
| parties(16) 9:6 9:10 11:4 13:21 14:20 21:23 23:7 24:21 25:9 26:6 27:25 28:2 29:7 56:14 56:17 58:17 |
| party(9) 1:33 1:40 3:34 4:13 4:17 5:23 5:32 49:12 49:16 |
| pass(1) 36:21 |
| passed(1) 12:22 |
| past(1) 48:23 |
| path(1) 44:22 |
| patient(1) 46:24 |
| patterson(1) 4:43 |
| paul(3) 5:15 7:15 25:15 |
| pay(8) 9:2 22:5 43:6 55:18 56:2 59:9 59:25 60:1 |
| payment(1) 10:4 |
| payments(2) 8:19 10:20 |
| peace(1) 48:18 61:9 |
| peg(1) 3:35 |
| pencil(1) 50:20 |
| pendency(1) 23:4 |

| Word | Page:Line |
|------|-----------|
| pending(3) 50:2 51:21 53:9 |
| pennsylvania(1) 2:7 |
| penny(1) 18:3 |
| pension(2) 4:14 4:31 |
| people(6) 12:8 13:1 18:6 18:7 23:21 50:9 |
| per(1) 40:6 |
| per/pro(1) 5:19 |
| perfect(1) 37:12 |
| perfectly(1) 38:9 |
| perhaps(3) 14:20 36:6 44:5 |
| period(3) 34:13 39:22 41:6 |
| permanent(1) 40:3 |
| permit(1) 9:9 |
| person(1) 58:20 |
| personally(1) 39:24 |
| peter(1) 3:48 |
| petition(1) 55:3 |
| phase(1) 13:5 |
| philip(2) 2:22 28:20 |
| phillip(1) 4:36 |
| phone(4) 7:4 20:1 26:13 31:5 |
| phrase(1) 57:19 |
| pick(1) 58:18 |
| piper(1) 4:47 |
| place(5) 47:17 51:20 51:23 52:15 55:25 |
| plainly(2) 15:16 62:8 |
| plaintiffs(2) 1:18 1:33 |
| plan(9) 24:12 30:5 32:15 38:8 38:10 38:13 44:22 63:14 |
| plans(2) 30:2 34:5 |
| plaza(2) 2:24 2:46 |
| pleadings(2) 47:9 49:4 |
| please(2) 6:2 6:4 |
| plow(1) 60:16 |
| plus(2) 40:5 55:9 |
| pocket(1) 55:20 |
| podium(5) 6:5 6:19 7:11 39:2 39:17 |
| pohl(1) 5:5 |
| point(15) 16:20 16:22 21:22 22:23 36:3 37:17 41:14 44:17 44:17 44:18 45:22 61:25 62:9 62:15 62:22 62:25 |
| pointed(1) 49:4 |
| points(1) 53:5 |
| policies."(1) 35:2 |
| politically(1) 9:14 |
| pop(1) 31:8 |
| portion(2) 9:25 44:21 |
| position(12) 15:10 15:23 15:25 32:23 33:1 33:12 35:18 41:23 47:3 49:13 50:12 58:3 |
| positions(2) 16:13 28:2 |
| possibility(1) 15:23 |
| possible(1) 16:4 |
| post(1) 55:2 |
| posture(2) 59:13 60:11 |
| potential(4) 9:10 14:15 44:21 62:14 |
| potentially(2) 21:18 62:2 |
| ppearances(2) 2:12 3:1 |
| ppi(1) 24:9 |
| practice(1) 37:19 |
| practices(1) 30:20 |
| pre-petition(2) 54:10 54:25 |
| pre-sale(1) 55:3 |
| precisely(1) 17:10 |
| prefer(1) 39:17 |
| prejudice(2) 38:2 38:3 |
| preliminary(1) 10:17 |
| prepare(5) 12:13 14:15 29:8 37:19 37:20 |
| prepared(6) 16:20 16:21 35:22 37:6 37:18 45:2 |
| present(3) 21:23 23:20 48:24 |
| presented(1) 34:12 |
| preserve(1) 61:18 |
| preserved(5) 58:14 58:15 58:16 |
| press(1) 38:25 |
| pressed(2) 38:10 39:11 |

| Word | Page:Line |
|------|-----------|
| **preston**(1) 2:37 | |
| **presume**(1) 34:10 | |
| **prevail**(1) 57:10 | |
| **prevented**(1) 31:2 | |
| **previously**(4) 29:4 34:2 34:23 53:6 | |
| **primary**(1) 51:17 | |
| **principal**(2) 8:2 10:7 | |
| **principle**(2) 24:6 50:19 | |
| **principles**(2) 57:1 57:2 | |
| **prior**(6) 24:8 40:17 47:21 48:1 51:20 | |
| **priority**(9) 8:1 8:12 8:17 8:20 9:2 10:5 10:20 18:2 30:8 | |
| **pro**(2) 3:18 5:19 | |
| **probably**(3) 17:6 17:19 18:10 | |
| **problem**(1) 27:25 | |
| **procedural**(8) 24:16 53:2 53:24 59:13 59:15 59:18 59:22 60:10 | |
| **procedurally**(3) 47:11 54:1 59:21 | |
| **proceed**(7) 11:3 13:1 19:15 19:22 21:9 23:12 60:12 | |
| **proceeding**(6) 19:11 20:25 20:25 21:19 29:18 47:14 | |
| **proceedings**(3) 1:43 1:47 65:14 | |
| **proceeds**(29) 8:7 10:10 10:19 10:25 15:14 49:14 49:16 50:13 51:3 51:5 51:7 51:8 52:4 52:7 55:10 55:15 55:18 56:17 56:20 57:25 58:17 59:7 59:10 59:11 59:25 60:1 61:19 61:19 62:15 | |
| **process**(2) 42:6 53:17 | |
| **produced**(2) 1:48 37:10 | |
| **product**(1) 58:24 | |
| **productive**(1) 14:17 | |
| **professional**(1) 8:21 | |
| **professionals**(11) 8:14 8:16 17:23 17:25 18:14 18:15 18:21 19:9 20:1 21:16 22:7 | |
| **profit**(1) 55:13 | |
| **profits**(14) 55:16 55:18 55:21 55:22 55:24 56:2 61:20 62:7 62:10 62:10 63:7 63:24 64:1 64:5 | |
| **promised**(1) 64:17 | |
| **prong**(1) 37:1 | |
| **prongs**(1) 50:18 | |
| **proof**(8) 32:18 33:24 33:25 34:7 35:13 35:17 36:18 38:17 | |
| **properly**(1) 23:6 | |
| **proposal**(2) 19:22 19:23 | |
| **propose**(3) 19:19 20:3 20:4 | |
| **proposed**(6) 11:24 16:15 19:13 19:24 20:2 64:17 | |
| **proposing**(2) 11:12 23:5 | |
| **prospect**(1) 40:23 | |
| **protect**(1) 50:9 | |
| **protected**(1) 41:12 | |
| **protective**(1) 35:13 | |
| **prove**(1) 20:21 | |
| **provide**(1) 37:25 | |
| **provided**(5) 33:19 38:14 51:8 61:12 61:14 | |
| **provides**(1) 45:23 | |
| **provision**(3) 57:16 58:2 58:6 | |
| **provisions**(6) 49:20 50:22 57:8 57:15 57:23 58:12 | |
| **purchasers**(2) 36:13 64:2 | |
| **pure**(1) 17:23 | |
| **purpose**(3) 11:1 11:21 42:1 | |
| **purposes**(1) 60:16 | |
| **pursuant**(1) 38:18 | |
| **pursued**(1) 38:18 | |
| **put**(3) 30:15 40:7 40:16 | |
| **qualified**(1) 38:11 | |

| Word | Page:Line |
|------|-----------|
| **qualify**(1) 38:6 | |
| **question**(3) 16:19 17:9 61:13 | |
| **questions**(6) 31:8 39:1 42:19 45:7 52:19 62:16 | |
| **quite**(7) 13:20 13:25 19:22 46:23 47:4 54:6 62:15 | |
| **quote**(1) 51:25 | |
| **quotes**(1) 40:8 | |
| **raise**(1) 47:8 | |
| **raised**(3) 14:20 55:9 55:15 | |
| **raising**(1) 59:13 | |
| **ran**(2) 41:23 41:25 | |
| **rather**(4) 13:5 20:7 21:21 30:6 | |
| **re-writing**(1) 50:23 | |
| **reach**(2) 15:13 33:18 | |
| **reached**(1) 33:13 | |
| **read**(14) 50:8 50:16 54:6 54:6 55:8 57:5 57:14 57:16 57:20 58:1 58:2 58:5 58:5 58:9 58:13 | |
| **reading**(6) 53:25 57:18 58:2 58:6 60:18 63:21 | |
| **readings**(5) 57:8 57:10 58:19 58:21 60:12 | |
| **really**(16) 11:1 11:9 11:17 14:2 14:19 17:22 18:10 18:24 19:2 19:14 32:11 41:20 42:15 42:15 54:19 59:14 | |
| **reason**(8) 10:7 10:17 11:22 15:22 16:1 40:15 40:18 60:6 | |
| **reasonable**(6) 50:25 57:7 58:20 60:11 60:18 61:12 | |
| **reasonably**(1) 16:23 | |
| **reasons**(3) 41:8 45:4 57:7 | |
| **receive**(1) 29:24 | |
| **received**(4) 8:18 8:23 18:3 48:15 | |
| **recent**(1) 8:9 | |
| **recess**(1) 65:8 | |
| **recitation**(1) 32:10 | |
| **reckmeyer**(1) 5:13 | |
| **recognize**(2) 28:1 60:9 | |
| **recognizes**(1) 43:22 | |
| **recognizing**(2) 26:2 43:18 | |
| **reconsideration**(1) 24:10 | |
| **record**(6) 29:9 31:11 31:19 47:9 52:12 64:13 | |
| **recorded**(1) 1:47 | |
| **recording**(2) 1:47 65:13 | |
| **records**(2) 30:7 37:11 | |
| **recover**(1) 63:7 | |
| **reduce**(2) 16:2 16:7 | |
| **reduced**(1) 29:22 | |
| **redundancy**(1) 50:22 | |
| **redundant**(6) 50:20 58:1 58:1 58:2 58:4 58:6 58:9 58:13 | |
| **reed**(2) 2:43 4:39 | |
| **reenactment**(1) 19:8 | |
| **refer**(2) 39:22 63:1 | |
| **referred**(2) 9:15 40:1 | |
| **referring**(1) 63:17 | |
| **reflected**(2) 34:14 35:6 | |
| **regard**(2) 14:3 22:2 | |
| **regarding**(6) 6:9 6:10 9:11 23:9 57:23 62:22 | |
| **regret**(1) 45:22 | |
| **regularly**(1) 22:8 | |
| **rehm**(2) 5:18 5:20 | |
| **related**(1) 59:2 | |
| **relating**(1) 56:3 | |
| **relation**(1) 47:14 | |

| Word | Page:Line |
|------|-----------|
| **release**(19) 35:23 37:7 38:1 38:4 42:4 45:2 45:16 47:8 47:11 48:4 48:9 48:15 50:11 51:6 51:9 51:13 52:16 54:16 62:11 | |
| **released**(5) 19:1 38:1 47:15 54:18 54:21 | |
| **releases**(8) 48:13 49:11 49:11 54:5 54:6 54:13 61:10 61:11 | |
| **releasing**(2) 56:16 56:19 | |
| **relevant**(5) 29:8 29:18 32:21 32:22 33:7 44:23 | |
| **relief**(12) 7:11 9:5 10:11 10:14 11:14 16:25 19:23 21:11 23:5 23:15 53:7 60:3 | |
| **remarks**(1) 44:1 | |
| **remember**(2) 26:18 29:3 | |
| **remind**(1) 42:7 | |
| **remming**(9) 2:16 64:11 64:13 64:14 64:16 64:20 64:22 64:23 65:3 | |
| **reopen**(3) 52:12 59:13 59:17 | |
| **reorg**(2) 5:28 5:28 | |
| **replied**(1) 29:11 | |
| **reply**(9) 25:12 25:17 25:23 27:11 29:8 30:16 32:18 38:11 44:7 | |
| **report**(1) 8:10 | |
| **reporting**(1) 12:21 | |
| **represent**(2) 30:19 44:22 | |
| **represented**(1) 48:17 | |
| **request**(18) 7:9 7:10 9:6 9:24 10:11 11:1 11:11 13:2 23:1 23:7 23:8 23:20 24:17 24:19 29:19 32:1 45:7 60:3 | |
| **requested**(2) 9:23 16:25 | |
| **requesting**(1) 23:15 | |
| **require**(1) 23:13 | |
| **required**(3) 10:9 38:4 42:4 | |
| **requirements**(2) 29:23 45:17 | |
| **requires**(2) 50:23 64:7 | |
| **rescheduling**(1) 19:17 | |
| **research**(5) 1:12 1:16 4:4 5:28 5:28 | |
| **reservation**(1) 23:9 | |
| **reserve**(2) 9:4 23:19 | |
| **resolution**(3) 9:10 11:4 11:19 | |
| **resolve**(1) 48:2 | |
| **resolved**(1) 18:18 | |
| **resources**(2) 33:6 33:9 | |
| **respect**(9) 9:9 10:4 10:10 10:12 10:13 26:2 30:20 34:17 44:18 | |
| **respectfully**(1) 45:7 | |
| **respective**(1) 24:23 | |
| **respond**(4) 25:9 25:23 27:8 61:25 | |
| **responded**(3) 15:22 29:11 34:20 | |
| **responding**(1) 22:11 | |
| **response**(9) 12:23 14:16 15:9 20:14 22:12 25:2 26:16 35:15 60:24 | |
| **responses**(5) 13:2 22:3 25:4 25:11 26:9 | |
| **restricted**(2) 14:5 14:13 | |
| **restrictive**(2) 35:24 37:7 | |
| **result**(2) 20:21 50:16 | |
| **results**(1) 61:9 | |
| **retirement**(1) 34:5 | |
| **review**(2) 30:7 64:8 | |
| **reviewed**(2) 37:11 64:20 | |
| **revise**(1) 25:7 | |
| **revised**(1) 23:7 | |
| **revises**(1) 27:5 | |

| Word | Page:Line |
|------|-----------|
| **right**(73) 6:21 7:12 7:24 11:7 11:17 12:1 12:20 13:7 14:18 15:15 16:1 16:18 18:4 19:4 20:9 20:16 21:25 21:25 22:9 22:14 23:19 25:3 25:13 26:5 26:14 26:18 27:6 27:9 27:17 27:21 27:24 28:7 28:9 28:19 28:25 29:2 29:5 30:2 30:22 31:4 31:20 32:20 38:16 39:14 42:7 42:18 43:4 43:15 45:9 46:2 46:17 47:25 48:8 49:12 49:15 52:5 52:21 55:11 55:12 56:19 57:9 57:18 58:18 59:18 60:20 62:11 62:18 62:20 63:19 64:6 64:10 64:22 | |
| **rights**(5) 23:9 50:13 56:20 57:24 58:16 | |
| **ripe**(4) 47:5 47:5 53:22 54:1 | |
| **rise**(1) 6:2 | |
| **risen**(1) 15:2 | |
| **rising**(2) 13:10 16:1 | |
| **risk**(1) 59:1 | |
| **rlks**(2) 3:38 30:14 | |
| **road**(1) 60:15 | |
| **robert**(1) 2:31 | |
| **rodney**(1) 3:7 | |
| **role**(15) 33:14 33:19 34:9 35:4 36:5 36:8 37:22 40:10 41:9 41:22 41:25 42:9 42:14 42:16 45:1 | |
| **roman**(1) 49:6 | |
| **romanette**(2) 49:7 49:7 | |
| **room**(1) 19:16 | |
| **rooney,pc**(1) 3:20 | |
| **rose**(1) 19:10 | |
| **rosner**(1) 3:12 | |
| **rothschild**(1) 5:8 | |
| **rough**(1) 59:21 | |
| **rudnick**(1) 5:4 | |
| **rule**(1) 61:3 | |
| **rulings**(1) 13:20 | |
| **sad**(1) 61:2 | |
| **safe**(1) 65:4 | |
| **said**(14) 11:21 12:2 18:20 18:23 21:2 35:8 36:5 41:3 48:20 55:6 55:17 56:2 56:10 63:16 | |
| **salary**(2) 40:5 40:5 | |
| **sale**(24) 8:7 49:14 50:13 51:3 51:4 51:7 51:8 52:3 52:7 55:15 55:16 55:18 56:17 56:20 57:25 58:17 59:6 59:11 59:25 61:18 61:19 62:7 62:10 62:15 | |
| **sale-related**(2) 55:4 55:6 | |
| **sales**(11) 15:14 49:16 51:23 54:10 55:7 55:8 58:25 59:2 59:8 61:20 63:25 | |
| **saltzstein**(1) 5:25 | |
| **same**(8) 14:8 23:15 33:14 36:8 38:8 51:17 51:18 53:8 | |
| **sanjana**(1) 5:29 | |
| **satisfy**(2) 29:22 33:20 | |
| **say**(24) 9:20 20:19 20:23 24:12 25:11 25:21 42:16 43:1 49:18 50:10 51:1 51:5 54:17 55:15 56:24 57:14 57:17 58:3 58:9 58:14 59:4 62:5 63:25 64:4 | |
| **saying**(8) 21:8 51:3 53:18 55:22 57:25 58:23 59:5 59:12 | |
| **says**(7) 33:25 50:19 51:13 54:14 54:16 57:18 63:16 | |
| **schedule**(2) 16:6 24:14 | |
| **scheduled**(4) 9:13 13:5 20:11 23:18 | |
| **scheduling**(2) 20:7 22:16 | |
| **schlerf**(1) 5:9 | |
| **school**(2) 40:19 41:4 | |
| **schools**(1) 40:24 | |
| **schotz**(1) 4:4 | |
| **schuylkill**(1) 2:6 | |

| Word | Page:Line |
|---|---|
| schweitzer(56) | 2:23  6:13  6:18  6:19  6:22  6:23  7:2  7:8  7:13  11:9  11:10  12:2  12:5  13:7  14:8  19:5  19:6  20:6  20:16  21:13  21:25  25:5  26:12  26:12  26:21  26:24  27:2  27:7  27:10  27:13  27:15  27:17  27:20  27:22  28:4  52:20  52:24  52:25  53:5  53:15  54:12  55:13  56:13  56:19  56:23  57:13  58:8  60:21  60:22  62:20  62:22  63:5  63:10  63:12  63:16  65:6 |
| schweitzer's(1) | 24:16 |
| schweitzer(1) | 32:5 |
| scott(1) | 3:13 |
| seated(2) | 6:4  39:17 |
| second(10) | 6:14  13:8  13:9  37:3  51:11  55:7  56:1  57:24  62:6  63:12 |
| secondly(1) | 40:5 |
| section(7) | 38:13  48:9  49:5  51:12  54:5  56:11  56:14 |
| sections(1) | 54:18 |
| see(9) | 7:1  7:2  15:13  18:12  22:25  27:2  43:10  46:22  64:25 |
| seek(2) | 23:19  56:7 |
| seeking(17) | 9:5  10:21  10:23  16:25  17:10  19:24  52:2  54:22  54:24  55:2  55:14  58:22  62:7  63:6  63:24  64:1  64:4 |
| seeks(2) | 23:8  55:21 |
| seems(1) | 9:20 |
| seen(2) | 31:1  61:2 |
| seize(1) | 51:8 |
| selinda(1) | 4:48 |
| sellers(1) | 50:2 |
| selling(1) | 64:1 |
| send(1) | 37:21 |
| sense(5) | 12:7  21:20  24:21  37:12  51:10 |
| seoul(2) | 32:25  41:4 |
| separate(7) | 10:19  10:20  31:24  32:17  38:15  38:19  44:19 |
| separately(4) | 17:5  35:20  44:18  45:1 |
| separation(8) | 35:20  35:22  36:4  37:2  37:6  39:6  44:25  45:16 |
| sequence(1) | 20:19 |
| seriously(1) | 22:7 |
| seriousness(1) | 18:24 |
| service(2) | 1:48  2:5 |
| services(1) | 2:5 |
| set(9) | 8:23  9:4  12:18  12:23  16:7  29:23  32:16 |
| sets(1) | 37:4 |
| settled(1) | 54:13 |
| settlement(21) | 24:9  47:16  47:16  47:20  48:4  49:6  49:11  49:25  51:12  51:13  51:15  51:21  51:23  53:22  53:25  54:3  54:8  54:13  60:19  61:8  62:13 |
| seven(1) | 8:5 |
| several(3) | 7:23  19:11  62:14 |
| severally(1) | 62:3 |
| severance(42) | 29:20  29:24  30:2  30:20  32:15  32:15  32:16  33:10  33:17  33:19  33:21  34:2  34:18  34:20  34:25  35:2  35:5  35:12  35:16  35:19  35:25  36:10  36:16  36:21  37:13  37:14  37:16  37:20  37:24  38:5  38:7  38:8  38:10  38:12  38:13  38:14  41:1  41:11  42:2  44:12  44:20  44:21 |
| severe(1) | 31:1 |
| severed(4) | 34:1  40:18  41:5  41:5 |
| shall(1) | 56:2 |
| share(2) | 52:7  60:2 |
| she(3) | 30:15  30:24  31:8 |
| short(1) | 17:13 |
| shortly(1) | 64:10 |

| Word | Page:Line |
|---|---|
| should(27) | 8:24  15:16  17:2  17:19  18:10  18:11  19:22  22:3  23:6  29:25  31:24  36:11  42:1  52:14  54:2  56:4  56:6  57:2  57:20  58:13  59:8  59:12  59:15  60:2  61:11  61:25  64:3 |
| shouldn't(2) | 7:23  57:14 |
| show(1) | 46:10 |
| shown(2) | 50:23  51:15 |
| shows(1) | 43:6 |
| side(2) | 19:21  60:16 |
| sign(4) | 45:14  46:5  46:9  64:25 |
| signed(5) | 15:10  40:1  44:9  44:16  45:2  55:24  65:1 |
| significant(1) | 9:3 |
| signing(4) | 40:14  42:3  42:4  45:16 |
| silverman(1) | 14:10 |
| silverstein(43) | 5:15  7:14  7:15  7:16  7:17  7:21  7:25  11:8  11:15  11:21  13:8  13:9  15:10  16:2  16:13  16:19  16:19  16:21  18:5  19:9  19:12  19:20  20:3  20:10  20:13  20:18  22:4  22:10  23:11  23:20  25:7  25:14  25:15  25:16  25:18  25:22  25:24  26:7  26:20  28:5  28:8  28:9  28:11 |
| silverstein's(4) | 11:11  22:2  22:24  23:23 |
| silverstein(1) | 17:18 |
| similar(1) | 36:12 |
| similarly(1) | 45:24 |
| simply(3) | 15:11  53:25  55:10 |
| since(1) | 51:3 |
| sir(4) | 13:17  28:13  43:16  46:4 |
| sit(2) | 12:7  52:19 |
| sitting(2) | 14:10  20:1 |
| situated(1) | 45:24 |
| situation(5) | 37:12  37:15  43:19  45:3  45:12 |
| six(3) | 42:10  42:15  42:16 |
| skadden(1) | 5:23 |
| slate(1) | 5:23 |
| small(1) | 40:19 |
| smmp(25) | 1:12  1:16  4:4  6:15  47:14  51:18  52:18  53:12  53:17  53:19  54:21  55:4  55:10  55:16  55:23  55:25  56:3  58:25  59:1  59:5  59:9  59:19  59:22  59:25  64:1 |
| smmp's(4) | 52:15  55:1  60:14  62:1 |
| software(4) | 55:1  55:16  56:3  64:2 |
| sold(3) | 55:10  58:24  58:24 |
| sole(2) | 10:16  11:21 |
| solely(3) | 9:24  17:11  30:8 |
| solutions(6) | 3:12  3:38  5:13  6:10  7:19  44:21  45:20  50:15 |
| some(8) | 12:8  18:16  18:25  21:15  28:1  44:21  45:20  50:15 |
| somebody(1) | 31:17 |
| somehow(3) | 30:1  52:17  56:6 |
| someone(2) | 38:14  59:17 |
| something(9) | 20:3  20:4  28:3  43:2  44:5  44:12  50:22  51:9  62:21 |
| something's(1) | 50:19 |
| somewhat(2) | 10:6  23:6 |
| somewhere(1) | 8:15 |
| sorry(7) | 14:25  21:15  22:17  24:1  26:18  27:22  43:3 |
| sort(1) | 22:13 |
| sought(1) | 53:7  59:24 |
| sound(2) | 1:47  65:13 |
| sounds(1) | 25:24 |
| source(1) | 59:9 |
| south(1) | 32:25 |
| speak(6) | 10:24  14:2  16:11  17:12  39:16  52:20 |
| speaking(3) | 19:1  19:7  19:7 |
| specific(2) | 23:8  59:5 |
| specifically(4) | 24:7  48:6  48:20  57:21 |

| Word | Page:Line |
|---|---|
| spent(1) | 58:12 |
| spoke(1) | 31:9 |
| springs(1) | 11:5 |
| square(1) | 3:7 |
| squeeves(1) | 41:24 |
| stage(2) | 13:24  41:14 |
| stake(2) | 54:19  54:20 |
| stand(1) | 65:8 |
| standing(3) | 13:3  45:4  61:23 |
| standpoint(1) | 41:17 |
| stang(1) | 3:47 |
| stargatt(1) | 3:4 |
| start(4) | 19:17  39:1  43:18  56:25 |
| states(4) | 1:1  1:45  14:3  49:10 |
| status(15) | 6:9  7:5  7:10  7:22  10:8  10:18  11:2  11:12  11:15  13:4  13:25  14:19  16:24  17:10  24:15 |
| stay(2) | 23:17  28:10 |
| ste(1) | 3:22 |
| steen(3) | 2:21  3:42  28:21 |
| stephen(1) | 5:24 |
| steven(1) | 5:5 |
| stick(1) | 64:2 |
| still(4) | 33:22  42:14  51:3  53:9 |
| stopped(1) | 18:20 |
| straightforward(1) | 52:24 |
| strauss(3) | 2:29  4:8  13:15 |
| street(6) | 1:22  2:6  2:39  3:8  3:14  3:27 |
| strictly(1) | 14:19 |
| string(1) | 34:15 |
| stuck(1) | 41:16 |
| stuff(2) | 55:10  55:11 |
| sub(1) | 61:16 |
| sub-clauses(1) | 61:16 |
| sub-headings(1) | 49:6 |
| subject(4) | 23:9  50:25  54:17  58:17 |
| submission(1) | 53:15 |
| submit(2) | 43:8  46:13 |
| substance(2) | 55:15  59:23 |
| substantive(4) | 7:10  11:14  16:25  53:3 |
| such(9) | 8:16  10:14  12:13  35:23  37:10  37:18  38:4  38:5  57:21 |
| sued(3) | 55:17  55:23  58:25 |
| suffice(1) | 24:12 |
| sufficient(1) | 45:5 |
| suggest(4) | 12:5  19:10  20:2  50:14 |
| suggested(6) | 12:7  14:10  16:3  17:4  18:18  47:7 |
| suggesting(2) | 52:14  52:18 |
| suite(1) | 3:28 |
| sullivan(1) | 3:26 |
| sum(2) | 38:6  55:14 |
| summary(3) | 53:11  57:3  60:13 |
| superfluous(1) | 57:17 |
| supplement(1) | 55:25 |
| sure(6) | 18:17  18:19  19:22  19:24  24:4 |
| survive(1) | 60:19 |
| susan(1) | 5:25 |
| suspect(1) | 17:6 |
| table(3) | 26:2  40:24  41:15 |
| take(13) | 15:23  15:25  16:13  22:12  28:2  34:24  36:20  36:22  47:18  50:20  52:15  56:24  58:3 |
| taken(1) | 51:14  51:23  59:1 |
| taking(2) | 50:12  51:2 |
| talk(7) | 12:8  12:11  19:20  20:23  21:4  26:6  27:25 |
| talking(1) | 20:10 |
| talks(3) | 48:6  56:11  56:13 |
| tammy(1) | 65:18 |
| taylor(3) | 2:37  3:5  5:24 |
| technology(1) | 55:1 |
| telephone(2) | 7:18  22:22 |
| telephonic(5) | 3:32  4:1  5:1  6:9  10:8  13:6 |
| telling(1) | 59:6 |

| Word | Page:Line |
|---|---|
| term(3) | 49:22  50:14  63:7 |
| terminate(1) | 40:3 |
| terminated(4) | 34:19  36:19  39:4  40:4 |
| termination(3) | 34:8  37:21  45:15 |
| terms(23) | 19:16  21:9  33:16  35:23  36:1  36:6  36:15  36:23  36:23  37:14  37:15  38:7  39:24  41:10  43:6  47:18  48:19  50:8  53:22  54:8  59:23  61:10  61:11 |
| terribly(1) | 41:16 |
| tessy(56) | 3:18  3:18  28:24  28:25  29:1  29:14  31:9  31:12  31:20  31:22  32:13  32:22  32:24  33:1  33:4  33:10  33:23  33:24  34:2  34:10  34:21  35:6  35:18  35:21  36:3  36:22  37:4  37:10  37:13  38:6  38:9  38:11  39:2  39:4  39:16  39:18  39:20  41:3  42:9  42:14  42:18  42:20  42:25  43:3  43:5  43:13  44:3  43:15  43:17  43:19  43:25  44:3  44:3  44:9  45:18  45:11  46:3  46:4  46:11  61:4  64:18  64:20 |
| tessy's(2) | 29:9  29:21  35:15  38:17  44:23  45:4 |
| than(11) | 7:23  9:1  9:1  13:5  20:7  21:21  30:6  44:10  48:2  50:25  59:10 |
| thank(57) | 6:3  6:6  6:21  6:25  7:12  7:12  7:17  11:6  11:7  13:7  13:11  14:18  14:22  14:23  16:18  19:2  19:4  22:21  24:24  24:25  26:8  27:23  28:4  28:5  28:7  28:12  28:13  32:9  39:14  39:15  39:20  42:13  43:13  43:14  43:15  43:16  43:19  45:10  46:3  46:4  46:19  46:20  52:21  52:22  52:25  60:21  60:22  62:19  64:6  64:10  64:22  64:25  65:3  65:4  65:6  65:7 |
| that(301) | 6:13  6:19  8:11  8:20  9:18  9:20  9:20  9:23  9:24  10:2  10:6  10:6  10:8  10:9  10:18  10:21  10:22  10:23  10:24  11:8  11:9  11:13  11:13  11:19  11:23  12:6  12:11  12:12  12:15  12:16  12:16  12:17  13:4  13:19  13:21  13:25  14:3  14:4  14:8  14:12  14:13  14:20  14:20  15:9  15:10  15:11  15:13  15:16  15:24  16:1  16:4  16:6  16:7  16:14  16:16  16:17  16:24  17:4  17:6  17:7  17:14  17:14  17:20  17:21  17:23  18:7  18:8  18:9  18:10  18:10  18:13  18:14  18:15  18:18  18:20  18:21  18:23  19:12  19:19  19:23  19:24  20:2  20:10  20:11  20:15  20:17  20:20  20:22  21:1  21:5  21:8  21:9  21:9  21:17  21:21  21:21  21:23  22:1  22:6  23:5  23:5  23:8  23:10  23:11  23:12  23:20  24:19  24:19  24:20  24:24  25:6  25:8  25:10  25:11  25:12  25:12  25:21  25:24  26:2  26:3  26:7  26:10  26:13  26:14  27:17  28:1  28:2  28:12  28:25  29:8  29:19  29:21  30:5  30:8  31:2  31:10  31:13  31:19  32:1  32:2  32:24  32:25  33:5  33:20  33:21  33:25  34:1  34:8  34:12  34:13  34:16  34:22  34:22  34:24  35:3  35:4  35:8  35:8  35:12  35:16  35:17  35:18  35:22  36:1  36:9  36:9  36:11  36:12  36:18  36:20  36:22  36:24  37:1  37:6  37:8  37:12  37:17  38:1  38:4  38:9  39:11  39:22  40:7  40:9  40:11  40:12  40:13  40:18  41:8  41:10  41:14  41:14  41:14  41:19  41:21  41:21  41:22  41:24  41:24  41:24  42:6  43:8  43:18  43:19  43:24  44:4  44:4  44:8  44:10  44:11  44:12  44:14  44:17  44:22  44:22  44:25  45:8  45:22  45:22  45:23  45:23  46:7  46:14  46:19  46:21  47:3  47:4  47:7  47:10  47:11  47:17  47:19  48:17  49:10  50:1  50:6  50:9  50:10  50:11  50:13  50:14  50:15  50:16  50:19  50:19  50:22  50:24  51:1  51:3  51:5  51:5  51:8  51:11  51:12  51:13  51:16  51:17  51:18  51:19  51:20  51:24  52:1  52:8  52:10  52:12  52:13  52:14  52:14  52:15  52:16  52:17  53:6  53:7  53:9  53:16  53:18  53:18  53:21  53:21  54:2  54:8  54:16  54:16  55:8  55:17  56:2  56:3  56:4  56:5  56:8  56:9  56:16 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **that**(44) 57:2 57:4 57:13 57:14 57:15 57:15 57:16 58:4 58:6 58:12 58:14 58:21 59:6 59:7 59:9 59:14 59:17 59:20 60:2 60:4 60:5 60:9 60:16 60:18 61:2 61:7 62:2 62:5 62:9 62:10 62:15 62:25 63:2 63:6 63:6 63:8 63:24 63:25 64:3 64:7 64:25 65:1 65:12 | | **the**(301) 26:2 26:3 26:4 26:5 26:5 26:5 26:9 26:9 26:13 26:14 26:14 26:17 26:17 26:23 26:25 27:3 27:3 27:4 27:4 27:4 27:6 27:7 27:7 27:9 27:11 27:11 27:12 27:12 27:12 27:13 27:14 27:15 27:15 27:16 27:16 27:19 27:21 27:23 27:24 27:25 28:6 28:7 28:8 28:13 28:16 28:19 28:22 28:24 28:24 29:2 29:4 29:5 29:7 29:8 29:9 29:12 29:14 29:16 29:17 29:20 29:20 29:22 30:1 30:1 30:4 30:7 30:9 30:13 30:17 30:19 30:22 30:25 31:1 31:4 31:5 31:6 31:7 31:9 31:10 31:11 31:13 31:16 31:19 31:19 31:20 31:23 32:2 32:4 32:7 32:10 32:12 32:15 32:18 32:20 32:21 32:22 33:3 33:9 33:14 33:16 33:20 33:22 33:25 33:25 34:3 34:4 34:6 34:7 34:8 34:11 34:14 34:15 34:20 34:22 34:22 34:24 35:1 35:1 35:2 35:4 35:7 35:7 35:8 35:25 36:1 36:3 36:6 36:7 36:12 36:14 36:20 36:22 36:23 36:23 37:1 37:2 37:5 37:6 37:10 37:13 37:14 37:17 37:18 37:24 37:25 38:7 38:8 38:8 38:10 38:12 38:13 38:16 38:20 38:20 38:22 38:23 39:2 39:4 39:6 39:6 39:7 39:8 39:9 39:10 39:12 39:14 39:16 39:17 39:19 39:20 39:23 39:24 39:24 39:25 39:25 40:1 40:6 40:8 40:13 40:13 40:13 40:13 40:14 40:15 40:16 40:18 40:21 40:23 40:24 40:25 40:25 41:1 41:2 41:4 41:6 41:6 41:10 41:13 41:14 41:15 41:19 41:23 41:23 41:25 42:3 42:7 42:13 42:18 42:21 42:24 43:1 43:4 43:5 43:6 43:6 43:7 43:7 43:7 43:9 43:11 43:13 43:15 43:18 43:20 43:20 43:21 43:22 43:25 44:2 44:4 44:6 44:7 44:8 44:9 44:10 44:12 44:13 44:13 44:14 44:21 44:24 45:1 45:1 45:7 45:8 45:9 45:11 45:13 45:13 45:16 45:16 45:18 45:19 45:20 45:20 45:21 45:21 45:22 45:23 46:1 46:4 46:5 46:5 46:8 46:8 46:9 46:9 46:12 46:15 46:16 46:17 46:19 46:21 46:25 47:3 47:4 47:5 47:6 47:9 47:9 47:11 47:12 47:14 47:14 47:15 47:16 47:16 47:17 47:17 47:18 47:20 47:21 47:25 48:1 48:3 48:3 48:4 48:4 48:8 | | **the**(299) 48:9 48:11 48:13 48:13 48:14 48:14 48:17 48:17 48:18 48:18 48:19 48:21 48:25 49:3 49:4 49:5 49:7 49:7 49:8 49:8 49:9 49:10 49:11 49:15 49:16 49:17 49:18 49:18 49:21 49:23 49:24 49:25 50:1 50:2 50:2 50:3 50:3 50:4 50:6 50:7 50:8 50:9 50:13 50:14 50:16 50:16 50:20 50:21 50:21 51:3 51:4 51:8 51:9 51:11 51:12 51:12 51:15 51:15 51:17 51:17 51:18 51:20 51:21 51:22 51:22 51:22 51:23 51:25 52:2 52:5 52:6 52:7 52:8 52:9 52:9 52:11 52:12 52:12 52:18 52:19 52:21 52:23 52:23 53:3 53:4 53:6 53:7 53:8 53:8 53:8 53:9 53:10 53:14 53:16 53:18 53:19 53:20 53:21 53:23 53:24 53:24 53:25 53:25 54:2 54:3 54:4 54:5 54:6 54:8 54:8 54:10 54:10 54:11 54:13 54:14 54:16 54:17 54:19 54:20 54:22 54:23 54:24 54:25 55:2 55:3 55:8 55:12 55:13 55:15 55:16 55:17 55:17 55:23 55:25 55:25 55:25 56:2 56:2 56:3 56:3 56:4 56:6 56:9 56:11 56:13 56:14 56:15 56:16 56:16 56:16 56:17 56:18 56:20 56:21 56:21 56:22 56:22 56:23 56:23 56:25 56:25 57:1 57:2 57:6 57:8 57:17 57:19 57:23 57:23 58:7 58:15 58:17 58:18 58:21 58:22 58:23 58:25 59:1 59:2 59:3 59:6 59:7 59:8 59:8 59:10 59:10 59:11 59:12 59:13 59:14 59:17 59:22 59:23 59:23 59:24 59:25 59:25 60:2 60:6 60:6 60:7 60:14 60:18 60:19 60:20 60:22 60:25 61:2 61:4 61:7 61:7 61:8 61:9 61:10 61:10 61:12 61:13 61:15 61:15 61:16 61:19 61:20 61:20 61:21 61:22 61:24 61:24 62:1 62:1 62:2 62:4 62:6 62:6 62:7 62:8 62:9 62:10 62:10 62:11 62:11 62:12 62:13 62:13 62:14 62:15 62:18 62:20 62:22 62:23 62:23 62:24 63:1 63:4 63:8 63:8 63:8 63:11 63:12 63:13 63:13 63:15 63:16 63:16 63:17 63:18 63:19 63:19 63:23 63:24 63:24 63:25 63:25 64:1 64:5 64:6 64:9 64:9 64:9 64:13 64:15 64:17 64:18 64:19 64:21 64:22 64:24 64:25 65:4 65:8 65:9 65:12 65:13 65:13 65:14 | | **they**(44) 7:4 8:25 9:20 11:24 12:5 12:18 14:12 18:18 22:8 31:19 31:23 34:21 36:8 40:7 41:10 41:18 41:24 48:15 48:15 48:22 48:23 49:1 49:5 50:10 50:23 51:2 51:2 51:11 52:1 52:7 55:6 55:7 55:17 56:24 60:14 60:15 61:8 61:14 61:18 61:21 62:5 62:25 63:11 63:22 |
| **that's**(49) 10:7 11:1 15:22 16:23 17:3 17:14 17:21 18:24 19:2 20:10 20:13 22:4 22:8 23:2 25:18 26:14 26:15 26:25 26:25 27:9 27:21 27:24 28:10 29:5 36:21 37:1 38:20 38:21 38:25 39:1 41:6 43:4 45:6 46:15 46:23 47:23 50:17 50:24 51:19 53:15 55:13 56:23 57:19 59:14 60:3 60:8 60:12 61:7 61:22 | | | | | | **they're**(16) 12:12 12:15 18:16 49:7 50:18 50:18 51:3 51:4 52:3 57:25 57:25 59:11 62:8 63:6 63:24 64:1 |
| | | | | | | **they've**(3) 8:8 55:5 61:17 |
| **the**(301) 1:1 1:2 1:44 2:43 3:4 3:20 6:2 6:3 6:5 6:7 6:8 6:8 6:9 6:12 6:13 6:15 6:17 6:19 6:19 6:21 6:25 7:4 7:5 7:5 7:7 7:11 7:12 7:16 7:18 7:20 7:21 7:24 7:25 8:2 8:4 8:5 8:13 8:13 8:21 8:24 9:2 9:5 9:6 9:7 9:7 9:8 9:8 9:9 9:9 9:10 9:12 9:18 9:22 9:22 9:23 9:24 9:25 10:1 10:1 10:4 10:6 10:7 10:8 10:10 10:13 10:14 10:14 10:17 10:17 10:18 10:19 10:19 10:20 10:20 10:22 10:22 10:23 10:24 10:25 11:1 11:4 11:6 11:7 11:9 11:12 11:13 11:14 11:17 11:19 11:20 11:21 11:22 11:22 11:23 11:24 11:24 12:1 12:3 12:5 12:10 12:14 12:17 12:17 12:22 12:22 12:23 12:24 13:2 13:7 13:9 13:10 13:12 13:14 13:16 13:17 13:19 13:20 13:21 13:23 14:1 14:2 14:3 14:6 14:9 14:9 14:14 14:16 14:18 14:20 14:23 14:25 15:2 15:4 15:5 15:7 15:8 15:9 15:10 15:11 15:12 15:14 15:15 15:18 15:20 15:22 15:23 15:24 15:25 15:25 16:1 16:2 16:2 16:3 16:4 16:5 16:6 16:6 16:9 16:10 16:15 16:18 16:24 16:25 17:2 17:3 17:4 17:5 17:5 17:6 17:8 17:8 17:9 17:11 17:12 17:13 17:15 17:15 17:16 17:17 17:18 17:18 17:19 17:22 17:25 18:4 18:6 18:6 18:7 18:7 18:8 18:9 18:11 18:14 18:14 18:14 18:24 18:25 19:1 19:2 19:2 19:4 19:8 19:9 19:12 19:14 19:16 19:18 19:18 19:21 19:23 19:25 20:1 20:5 20:9 20:10 20:14 20:16 20:18 20:24 21:7 21:10 21:12 21:14 21:17 21:21 21:23 22:1 22:3 22:9 22:10 22:12 22:14 22:16 22:18 22:20 22:21 22:23 22:24 23:1 23:2 23:3 23:3 23:4 23:4 23:5 23:8 23:8 23:9 23:10 23:10 23:12 23:13 23:15 23:16 23:16 23:17 23:18 23:19 23:22 23:25 24:2 24:4 24:6 24:7 24:7 24:8 24:9 24:9 24:9 24:10 24:11 24:11 24:13 24:13 24:18 24:18 24:20 24:21 24:22 24:23 24:25 25:3 25:4 25:4 25:6 25:8 25:8 25:8 25:9 25:10 25:11 25:16 25:18 25:19 25:19 25:20 25:21 25:22 25:25 26:1 | | | | | | **thing**(4) 12:6 19:9 26:13 40:21 |
| | | | | | | **things**(4) 11:13 27:3 54:18 59:2 |
| | | | | | | **think**(29) 8:19 10:17 12:25 14:19 15:17 16:4 16:15 17:2 17:19 17:20 18:11 20:11 20:14 21:9 21:14 22:5 22:6 23:1 23:5 23:17 23:22 24:21 25:6 25:10 25:18 32:10 47:9 52:10 52:18 53:21 |
| | | | | | | **thinking**(1) 19:14 |
| | | | | | | **third**(3) 1:33 1:40 6:15 |
| | | | | | | **third-party**(2) 47:13 59:16 |
| | | | | | | **this**(106) 7:9 9:15 9:16 10:2 10:9 10:15 12:3 12:4 12:21 13:2 13:4 13:24 14:19 15:13 16:3 16:11 16:20 16:22 17:3 17:10 17:25 18:6 19:13 19:22 19:23 20:1 20:7 20:11 21:1 21:4 21:5 21:6 21:7 21:22 22:15 22:17 23:14 24:1 24:17 24:18 25:4 25:25 27:2 27:10 27:22 28:6 29:4 29:18 30:6 32:11 32:22 33:24 34:14 34:17 35:6 35:9 36:13 37:12 37:15 38:10 39:18 39:21 40:7 40:15 40:16 41:12 42:6 43:19 44:11 45:3 45:11 45:12 47:12 48:12 48:17 50:18 51:6 52:11 52:16 52:17 53:22 55:20 55:22 55:24 56:4 57:2 57:2 57:19 57:21 58:8 58:9 58:10 58:19 58:21 59:13 59:17 59:20 59:20 60:4 60:5 60:10 60:12 60:16 61:23 62:5 62:25 |
| **the**(301) 26:2 26:3 26:4 26:5 26:5 26:5 26:9 26:9 26:13 26:14 26:14 26:17 26:17 26:23 26:25 27:3 27:3 27:4 27:4 27:4 27:6 27:7 27:7 27:9 27:11 27:11 27:12 27:12 27:12 27:13 27:14 27:15 27:15 27:16 27:16 27:19 27:21 27:23 27:24 27:25 28:6 28:7 28:8 28:13 28:16 28:19 28:22 28:24 28:24 29:2 29:4 29:5 29:7 29:8 29:9 29:12 29:14 29:16 29:17 29:20 29:20 29:22 30:1 30:1 30:4 30:7 30:9 30:13 30:17 30:19 30:22 30:25 31:1 31:4 31:5 31:6 31:7 31:9 31:10 31:11 31:13 31:16 31:19 31:19 31:20 31:23 32:2 32:4 32:7 32:10 32:12 32:15 32:18 32:20 32:21 32:22 33:3 33:9 33:14 33:16 33:20 33:22 33:25 33:25 34:3 34:4 34:6 34:7 34:8 34:11 34:14 34:15 34:20 34:22 34:22 34:24 35:1 35:1 35:2 35:4 35:7 35:7 35:8 | | | | | | **thomas**(1) 4:23 |
| | | | | | | **those**(35) 8:20 9:11 12:19 14:11 14:16 18:17 24:11 29:25 31:15 31:18 31:21 31:24 41:20 45:3 45:17 50:10 50:17 50:22 54:5 54:12 54:18 54:23 55:9 55:14 55:16 55:18 55:18 55:21 55:22 57:10 58:19 58:21 59:9 61:10 61:15 |
| | | | | | | **though**(2) 56:7 58:10 |
| | | | | | | **thought**(2) 14:1 35:13 |
| | | | | | | **thousand**(1) 41:17 |
| | | | | | | **thousands**(1) 9:16 |
| | | | | | | **threat**(1) 20:24 |
| | | | | | | **three**(11) 6:7 19:17 19:18 19:18 20:19 27:8 40:4 40:16 42:11 44:4 44:13 |
| | | | | | | **three-month**(1) 41:6 |
| | | | | | | **threshold**(1) 10:6 |
| | | | | | | **through**(6) 19:8 35:10 42:5 42:6 45:25 |
| | | | | | | **throughout**(2) 36:13 36:14 |
| | | | | | | **throw**(1) 12:18 |
| | | | | | | **thursday**(1) 26:17 |
| | | | | | | **time**(25) 11:6 12:4 12:13 13:3 14:15 15:12 18:10 19:3 21:16 24:11 24:18 26:16 27:25 28:6 32:21 32:25 35:1 43:20 43:23 48:17 53:22 57:2 58:12 58:19 58:21 |
| | | | | | | **timeline**(1) 44:17 |
| | | | | | | **timely**(1) 8:17 |
| | | | | | | **times**(1) 33:5 |
| | | | | | | **timing**(1) 56:3 |
| | | | | | | **today**(23) 6:8 6:24 16:4 16:17 16:24 21:14 22:8 24:17 28:21 29:19 30:24 31:5 33:7 44:1 44:23 47:5 53:1 53:21 54:4 54:20 54:20 60:10 61:23 |
| | | | | | | **today's**(1) 24:15 |
| | | | | | | **together**(1) 50:8 |
| | | | | | | **told**(5) 9:18 12:13 21:15 36:19 40:12 |
| **their**(16) 7:9 8:16 8:19 12:14 13:2 37:11 37:19 41:11 44:19 48:15 48:16 51:7 55:7 61:11 62:3 63:11 | | | | | | |
| **them**(18) 7:11 9:12 12:13 17:24 31:25 32:7 37:21 41:9 41:19 41:25 50:1 53:20 55:8 58:1 58:2 58:11 58:11 59:16 | | | | | | |
| **then**(18) 6:15 20:20 24:22 25:10 25:21 27:7 27:11 31:23 34:13 35:3 42:11 49:15 57:5 60:2 63:5 63:11 64:2 64:9 | | | | | | |
| **theories**(2) 57:23 58:15 | | | | | | |
| **theory**(1) 59:4 | | | | | | |
| **there**(31) 11:14 11:20 14:4 14:7 18:15 18:16 21:2 28:1 31:2 34:9 37:1 39:21 39:22 40:9 40:11 41:18 41:22 41:25 42:1 42:10 42:16 44:25 45:14 45:15 45:16 50:11 53:10 57:22 58:9 62:17 64:3 | | | | | | |
| **therefore**(5) 18:18 23:17 35:25 53:23 57:4 | | | | | | |
| **therein**(1) 38:12 | | | | | | |
| **there's**(15) 10:24 20:22 22:5 50:15 50:19 50:24 50:24 51:5 51:13 57:7 59:9 60:11 60:11 61:16 61:25 | | | | | | |
| **these**(14) 8:23 14:8 18:8 18:15 21:11 23:3 35:24 37:9 39:22 53:1 55:6 58:9 59:2 64:2 | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**tone**(1) 18:24
**too**(6) 16:23 17:14 19:1 25:19 25:20 28:8
**took**(5) 47:3 47:17 51:20 55:25 63:13
**top**(1) 49:8
**topic**(1) 14:1
**total**(2) 30:10 63:17
**toto**(1) 21:21
**tough**(1) 11:18 40:11
**towards**(2) 11:18 40:11
**tower**(1) 2:33
**trade**(2) 5:4 14:5
**transcriber**(1) 65:18
**transcript**(3) 1:43 1:48 65:13
**transcription**(3) 1:48 2:5 2:5
**transferred**(1) 36:12
**transferring**(1) 33:15
**transition**(3) 37:16 43:23 45:15
**transitionary**(3) 40:9 41:8 42:1
**travel**(1) 65:5
**treated**(3) 13:4 33:14 34:18
**treatment**(2) 40:25 41:7
**trial**(10) 47:21 48:2 52:12 52:17 52:17 55:25 56:6 57:4 58:16 60:13

**tried**(1) 50:14
**true**(3) 11:19 38:8 46:23
**trust**(2) 4:14 4:44
**try**(1) 51:8
**trying**(1) 64:2
**tuesday**(1) 6:1
**tunnell**(2) 2:14 64:16
**turn**(1) 12:4
**turned**(1) 19:18
**tweed**(2) 4:22 24:2
**twice**(2) 35:4 40:23
**two**(18) 26:15 26:16 33:22 35:19 40:23 50:8 50:22 55:5 57:7 57:22 58:5 58:12 58:14 58:19 60:11 61:12 61:15 61:16

**tyler**(1) 4:43
**type**(1) 53:12
**u.s.**(53) 6:17 8:3 9:7 9:7 14:9 15:24 17:5 17:15 18:11 28:22 29:21 35:2 43:18 44:14 47:12 47:17 48:3 48:13 48:19 48:25 49:3 50:3 50:14 54:15 54:22 54:25 55:4 55:17 55:22 55:23 55:23 56:2 56:21 59:6 59:8 60:1 61:9 61:12 62:8 62:13 63:3 63:8 63:23 63:25 64:5 64:17

**u.s./canadian**(1) 17:7
**ultimately**(11) 18:18 33:11 33:23 34:12 34:19 42:6 42:10 44:5 44:15 44:16 44:12

**unable**(3) 33:18 38:24 38:24
**unambiguous**(2) 57:5 60:17
**unambiguously**(2) 57:6 57:6
**uncertainty**(1) 31:1
**under**(28) 8:11 12:9 20:18 29:23 30:1 30:5 32:15 34:4 35:25 36:2 36:23 36:23 37:13 37:14 37:21 38:7 38:8 38:10 38:12 38:23 41:18 44:21 44:24 45:17 45:18 47:16 51:11 53:15

**understand**(12) 8:8 8:11 9:20 10:22 17:7 20:17 22:23 23:11 26:25 43:19 47:2 52:14

**understanding**(3) 7:4 12:21 18:9
**understands**(1) 15:17
**understood**(3) 44:2 48:16 58:3
**undoubtedly**(2) 23:13
**unexpected**(1) 47:4
**unfair**(2) 41:7 41:16
**unfortunately**(2) 23:1 30:24
**united**(3) 1:1 1:45 14:3
**unknown**(4) 27:18 48:23 56:12 62:12
**unless**(6) 14:12 31:17 38:25 45:6 52:18 60:17

**unlike**(1) 32:14
**unliquidated**(1) 48:24
**unmistakably**(1) 50:4
**unnecessary**(1) 23:1
**unrelated**(1) 54:9
**unrestricted**(1) 14:12
**unsecured**(8) 4:9 8:2 8:22 9:3 10:1 10:21 10:22 30:9

**until**(1) 25:22
**update**(1) 53:10
**upon**(1) 40:4
**use**(1) 14:14
**various**(7) 21:11 28:2 33:15 43:21 50:2 54:22 55:4

**vaya**(1) 1:26

**venture**(1) 32:24
**versus**(1) 11:12
**very**(21) 7:22 14:4 16:16 23:18 26:8 28:6 29:2 35:15 40:9 42:23 43:15 45:11 46:24 47:2 49:20 54:15 55:19 57:19 61:1 62:1 64:10
**view**(2) 13:19 19:2
**views**(1) 24:23
**vigorously**(1) 53:19
**virtual**(1) 7:11
**waive**(1) 20:24
**waives**(2) 49:11 49:12
**walk**(1) 35:10
**walked**(1) 54:3
**want**(14) 9:20 11:10 14:12 17:2 20:17 21:1 22:23 25:12 25:16 26:1 43:24 55:16 55:17 59:3

**wanted**(7) 10:8 12:20 13:18 13:21 13:25 24:3 41:18

**wants**(2) 21:14 21:17
**was**(122) 11:8 11:13 11:20 11:21 11:23 11:23 11:24 12:21 12:21 14:19 15:9 16:15 17:9 17:10 18:15 18:23 19:19 19:19 19:23 19:24 26:24 29:4 30:23 32:13 32:14 32:16 32:24 32:25 33:1 33:4 33:18 33:21 33:22 35:17 36:9 36:11 36:15 36:19 36:22 37:1 37:6 37:13 37:15 37:16 37:19 39:24 40:1 40:2 40:9 40:10 40:10 40:13 40:15 40:16 40:24 41:5 41:7 41:15 41:5 41:21 41:22 41:22 41:24 41:25 42:1 42:4 42:9 42:10 42:11 43:19 43:23 44:16 44:16 44:25 45:1 45:2 45:2 45:3 45:11 45:14 45:15 45:16 47:4 47:21 47:23 48:2 48:12 48:16 48:16 50:1 50:6 50:6 50:6 50:11 50:15 51:21 53:7 53:12 54:8 55:24 57:4 57:21 58:10 58:10 58:11 58:25 59:20 60:7 61:2 62:7 63:8 64:3 64:11 65:9

**wasn't**(3) 11:14 19:24 47:4
**way**(8) 19:15 24:8 25:8 30:23 41:23 58:5 58:6 58:14

**ways**(2) 57:15 58:5
**weather**(2) 6:24 31:2
**webb**(1) 4:43
**week**(2) 29:11 53:13
**weekend**(2) 26:15 26:17
**weeks**(4) 21:18 26:16 27:8 33:23
**welcome**(1) 18:13
**well**(32) 7:2 8:4 10:15 10:22 18:20 20:9 20:23 22:1 23:22 24:3 24:19 26:18 29:2 30:6 41:4 42:10 53:10 53:13 53:16 54:7 54:7 54:14 56:23 57:17 57:25 58:3 59:12 62:9 62:11 62:15 63:25 64:7

**went**(2) 36:14 60:8

**were**(31) 8:4 13:20 16:4 18:2 23:12 29:7 30:20 30:21 31:10 36:7 39:21 39:22 41:10 41:11 42:8 44:10 45:17 47:15 50:8 52:1 52:10 52:15 52:23 54:12 54:13 54:20 55:15 62:2 62:12 62:13 62:25

**we'd**(3) 9:13 21:15 23:18

**we'll**(6) 21:5 31:24 41:4 56:25 65:1 65:8
**we're**(18) 6:4 10:21 10:23 11:2 11:18 12:15 18:19 21:8 23:14 46:24 56:24 57:10 57:13 58:23 59:5 60:8 61:23 64:4

**we've**(11) 9:18 11:16 12:13 15:22 21:3 21:7 24:23 45:23 51:15 52:12 61:2

**what**(36) 9:14 11:9 19:19 20:17 21:1 21:13 21:21 22:1 23:14 25:6 30:19 33:8 33:8 34:23 35:12 35:13 36:21 37:22 39:7 39:23 43:23 44:5 44:16 45:22 45:23 46:1 49:4 50:6 50:10 51:16 54:14 54:20 56:9 57:17 57:25 61:7

**whatever**(3) 22:11 42:4 59:4
**what's**(2) 18:24 33:7
**when**(13) 21:2 21:10 58:8
**where**(13) 11:16 21:9 21:20 35:13 40:21 40:22 41:6 48:9 53:5 53:16 54:8 60:8 61:3
**whereases**(1) 49:25
**whereupon**(1) 65:9
**whether**(10) 21:14 22:7 26:6 26:9 33:4 33:12 34:11 48:22 48:23 60:4

**which**(45) 8:7 13:4 18:2 19:17 25:21 26:17 29:10 29:24 30:2 32:17 32:18 32:24 33:22 35:17 37:22 37:24 37:25 38:23 40:2 40:2 40:3 44:23 48:25 49:5 49:10 49:24 50:4 50:5 51:22 52:17 53:12 54:16 54:17 55:14 55:19 57:9 58:17 59:5 59:24 61:18 62:11 62:25 64:20

**whichever**(1) 39:17
**while**(3) 8:17 12:5 42:14
**whiteford**(1) 2:37
**who**(7) 25:9 32:14 36:12 39:2 39:23 41:13 44:19

**whole**(1) 51:9
**whole"**(1) 40:8
**why**(9) 10:7 19:22 19:24 25:18 27:2 27:10 57:22 60:5 60:12

**wife**(2) 40:19 41:3
**will**(29) 6:13 6:14 6:18 9:19 14:21 16:5 16:7 18:19 18:21 20:24 21:13 22:1 22:2 23:20 26:1 28:2 32:10 34:1 34:25 36:20 41:1 44:11 46:5 46:10 46:19 59:7 62:16 64:24 65:1

**willing**(1) 21:8
**willkie**(1) 4:31
**wilmington**(8) 1:23 2:18 2:40 3:9 3:15 3:23 3:29 6:1

**win**(2) 41:19 57:8
**winner**(1) 59:3
**winters**(1) 5:33
**wish**(3) 24:25 43:1 62:21
**wishes**(1) 15:2

**with**(90) 7:5 7:18 8:13 8:21 9:9 9:23 10:4 10:9 10:12 10:13 10:25 11:16 12:5 12:9 12:10 14:7 16:22 17:5 17:6 17:11 17:11 17:12 17:13 17:20 18:7 18:9 18:11 18:13 19:9 19:16 19:21 19:21 20:22 22:4 22:12 23:7 23:10 24:8 24:13 24:20 26:2 30:3 30:12 30:20 31:10 31:14 33:1 33:6 33:12 33:14 33:19 34:9 34:11 34:3 34:17 34:17 34:23 35:4 36:5 36:7 36:9 36:17 37:3 37:22 39:3 39:24 40:7 40:14 41:12 42:3 42:5 44:8 44:9 44:16 44:18 45:17 45:21 45:24 46:16 51:3 54:2 56:25 57:1 59:8 60:3 61:11 61:17 64:3 65:1

**within**(3) 10:15 11:24 52:11
**without**(9) 16:15 16:22 17:13 21:22 21:23 22:25 36:19 53:18 55:21

**won't**(1) 19:7
**word**(2) 50:24 63:20
**words**(4) 50:16 50:17 50:21 61:15
**work**(6) 20:6 21:21 26:10 33:11 43:22 45:13

**worked**(1) 32:24
**working**(3) 11:18 11:21 40:11
**works**(2) 26:10 46:14
**worldwide**(1) 12:17
**would**(85) 9:12 10:10 10:14 10:23 11:4 12:5 12:11 12:13 12:25 13:3 14:11 14:14 15:18 15:20 16:12 16:16 17:14 20:2 21:5 21:10 22:23 22:25 23:13 24:21 25:6 25:9 25:11 25:16 25:22 25:25 26:7 26:16 27:4 31:8 31:17 31:18 32:1 33:11 33:11 33:14 33:16 33:17 33:20 34:8 34:9 34:12 34:18 35:5 35:22 37:18 38:1 38:2 38:2 39:2 39:2 39:7 39:8 40:3 40:11 40:12 40:17 40:21 40:22 42:5 42:16 43:10 43:18 44:6 44:17 45:7 46:7 46:8 47:4 47:8 48:17 50:10 50:11 51:9 52:16 59:17 60:9 62:23 63:1

**wouldn't**(4) 58:23 58:24 59:1 59:2
**writing**(1) 38:19
**writing."**(1) 38:15
**wrong**(1) 27:23
**www.diazdata.com**(1) 2:9
**yeah**(4) 17:4 25:20 61:1 63:21
**year**(1) 40:8
**years**(2) 8:5 8:9
**yes**(58) 6:12 6:17 7:7 7:20 13:14 13:17 17:13 20:5 21:12 21:16 22:20 23:25 24:1 25:5 25:18 26:23 27:14 28:18 29:1 29:12 29:16 30:4 30:13 30:25 32:5 32:6 33:3 38:22 39:5 41:2 42:24 43:1 43:11 43:13 43:17 46:25 47:6 48:11 48:21 49:9 49:23 50:7 53:4 54:11 57:12 61:4 62:4 63:4 63:15 64:15 64:24

**yet**(2) 9:12 47:5
**york**(5) 2:25 2:34 2:47 5:24 21:16

| Word | Page:Line |
|------|-----------|

**you**(177) 6:3  6:6  6:21  6:25  7:1  7:2  7:12
7:12  7:17  10:13  10:21  11:5  11:6  11:7  11:8
12:11  13:7  13:11  14:18  14:22  14:23  16:18
16:20  16:23  17:20  17:23  18:1  18:24  19:2
19:4  22:21  22:22  23:2  24:17  24:20  24:24
24:25  25:12  25:16  25:22  26:1  26:8  26:11
27:23  28:4  28:6  28:7  28:12  28:13  28:17
28:18  31:1  32:9  33:7  34:24  34:25  36:20
36:20  37:9  38:25  39:1  39:14  39:15  39:16
39:17  39:20  40:16  40:17  40:22  40:24  41:1
41:3  41:5  41:14  41:19  42:4  42:7  42:18
42:19  42:22  43:1  43:5  43:7  43:8  43:10
43:13  43:14  43:15  43:16  44:11  44:11
44:11  44:14  44:18  44:23  45:6  45:8  45:9
45:10  45:12  45:12  45:13  46:3  46:4  46:4
46:7  46:8  46:14  46:19  46:20  46:22  47:3
47:4  47:10  47:12  47:18  48:1  48:7  50:13
50:16  50:20  51:1  51:25  52:10  52:15  52:18
52:21  52:22  52:25  53:6  53:23  54:2  54:7
55:10  56:7  56:9  57:2  57:14  58:1  58:3
58:4  58:5  58:8  58:9  58:13  58:14  58:18
58:19  58:24  59:3  59:12  60:4  60:5  60:9
60:15  60:21  60:22  61:6  61:6  61:6  61:19
62:16  62:19  62:20  63:19  63:22  64:1  64:6
64:10  64:22  64:24  64:25  65:3  65:4
65:6  65:7

**young**(2) 3:4  4:27

**your**(126) 6:6  6:8  6:15  6:23  7:14  7:17
7:25  8:4  9:14  10:7  11:3  11:6  11:10  12:10
13:8  13:11  13:18  13:19  13:21  14:4  14:24
15:5  15:17  16:7  17:9  17:11  17:11  17:16
18:9  18:22  19:6  20:12  20:13  20:14  22:4
22:6  22:15  22:17  22:21  23:24  24:5  25:5
25:15  25:24  26:7  26:12  26:20  26:21  27:20
28:5  28:10  28:12  28:15  28:20  29:1  29:3
29:8  29:13  29:20  29:25  30:6  30:11  31:7
31:22  32:1  32:9  32:9  32:13  32:21  33:21
34:7  34:10  35:9  35:15  36:3  37:1  37:8
37:23  38:6  38:25  39:21  42:23  43:12  43:17
43:17  44:3  44:22  45:5  45:6  45:17  45:19
45:22  45:25  46:2  46:3  46:10  46:23  47:10
47:23  49:2  50:1  50:4  52:8  52:8  52:19
52:23  52:25  53:1  53:6  53:20  54:21  55:10
57:5  60:8  60:21  61:1  61:3  61:22  62:19
63:1  63:20  63:21  64:13  65:3  65:6  65:7

**yourself**(3) 15:21  43:8  47:7
**you'd**(3) 28:9  28:10  52:11
**you'll**(1) 29:3
**you're**(9) 12:10  30:2  30:11  52:24  53:17
59:3  60:25  61:20  64:2

**you've**(1) 47:7
**ziehl**(1) 3:47
**"initiates**(1) 35:20
**"kept**(1) 40:8
**"lockbox."**(1) 10:13
**"this**(1) 34:1
**"unfortunately**(1) 35:1
**"whose**(1) 38:14
**april**(1) 65:17