**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
                                                               :
*In re*                                                        :    Chapter 11
                                                               :
Nortel Networks Inc., *et al.*,[1]                             :    Case No. 09-10138 (KG)
                                                               :
                                   Debtors.                    :    Jointly Administered
                                                               :
---------------------------------------------------------------X

## STIPULATION RESOLVING CLAIMS BY AND BETWEEN VARIOUS UNITED STATES DEBT RECOVERY ENTITIES AND NORTEL NETWORKS INC.

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. (the "Nortel Debtor") and United States Debt Recovery X, LP, United States Debt Recovery XI, LP and US Debt Recovery XV, LP (the "Claimants", and together with the Nortel Debtor, the "Parties") as transferee from the persons or entities listed as the "Transferor" in the table attached to this Stipulation as Exhibit 1 (the "Transferors"), as applicable. The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), the Nortel Debtor and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq.com/nortel.

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about the dates listed in Exhibit 1, the Transferors or their predecessors in interest with respect to the claims identified in Exhibit 1 (the "Claims") filed the related proofs of claim; and

WHEREAS the Claims relate to, among other things, [various employee-related claims, including severance benefits, deferred compensation, non-qualified pension plan and other employee benefits]; and

WHEREAS, on or about the dates listed in Exhibit 1, where applicable, the Claimants acquired the Claims from the Transferors; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the potentially substantial and burdensome costs and risks associated with litigating the Claims, which ultimate outcome the Parties acknowledge and agree is uncertain, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that the Claims should be allowed as general unsecured claims or priority claims, as applicable, in the amounts set forth and against the applicable Nortel Debtor on Exhibit 1.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Resolution of Claims. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation:

    (a)    The Claims shall be fully and finally allowed in the amounts and priorities against Nortel Networks Inc. in the manner set forth on Exhibit 1.

(b) The allowance of the Claims as described in paragraph 1(a) shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Claims and shall amend and supersede any and all claim amounts the Debtors list in their Schedules arising from or related to the facts underlying the Claims. The Claimants shall not have any further claims against the Debtors, based on the Debtors' scheduling of any of the Claims. However, in the event that any person who transferred, directly or indirectly, a Claim to the Claimants is determined, by Bankruptcy Court Order or by agreement of such person, the Debtors and/or the Claimants, to hold, with respect to such Claim, a valid claim (as "claim" is defined in section 101(5) of the Bankruptcy Code), including with respect to a claim listed in the Schedules, against the Debtors, nothing herein shall affect the Debtors' right (if any) upon notice to the Claimants to reduce, reclassify and/or disallow the Claimants' allowed Claim (and any distribution thereon) correspondingly.

2. Release.

(a) Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, the Claimants release and forever discharge the Debtors and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorneys' fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which the Claimants now have or hereafter may have arising from or related to the Claims.

(b) **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, THE CLAIMANTS FURTHER ACKNOWLEDGE AND EXPRESSLY WAIVE THE**

BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CLAIMANTS DO NOT KNOW OR SUSPECT TO EXIST IN THEIR FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.

3. No Further Claims. Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, the Claimants shall be forever barred from (i) amending the Claims or (ii) filing or otherwise asserting any further claim arising from or relating to the Claims, or the facts underlying the Claims, against any of the Debtors in the Debtors' chapter 11 cases. The Claimants and certain of their related affiliates still hold and may in the future hold claims against the Debtors unrelated to the Claims addressed herein and based on separate facts and separate debtor-creditor relationships, and such claims shall be unaffected by this Stipulation.

4. Entire Claim. The Claimants represent that, with respect to the Claims, the Claimants own the entirety of the claims (as "claim" is defined in section 101(5) of the Bankruptcy Code) asserted in such Claims, including all claims listed in the Schedules arising from or related to the facts underlying such Claims (i.e., Claimants have not purchased only a portion of a Claim, leaving the Transferor of the Claim still holding a portion of such Claim).

5. Binding Effect. This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' chapter 11 cases.

6. Entire Agreement. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings,

4

and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized written agreement between the Parties.

7. No Transfer to a Third Party. The Claimants represent that they have not sold, assigned or otherwise transferred the Claims or any of the claims being released pursuant to this Stipulation to a third party, including to any Transferor.

8. No Transfer to Prior Owner. The Claimants agree that they shall not sell, assign or otherwise transfer any Claim back to the applicable Transferor, in part or as a whole, either pursuant to the terms and conditions of any applicable transfer agreement or otherwise.

9. No Admissions. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claims.

10. Costs and Expenses. Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

11. Jurisdiction. The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

12. Manner of Execution. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

13. Court Approval. All provisions of this Stipulation are subject to the approval of the Bankruptcy Court. In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claims and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claims or that they have any liability thereunder.

14. <u>Claims Register</u>. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

*[Remainder of Page Left Intentionally Blank]*

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: 4/27/2016

Nortel Networks Inc.

By: */signature/*

Name: John J. Ray, III
Title: Principal Officer

United States Debt Recovery X, LP

By: */signature/*

Name: Nathan E. Jones
Title: Managing Director & General Counsel

United States Debt Recovery XI, LP

By: */signature/*

Name: Nathan E. Jones
Title: Managing Director & General Counsel

US Debt Recovery XV LP

By: */signature/*

Name: Nathan E. Jones
Title: Managing Director & General Counsel

*Signature Page - Stipulation Resolving Claims By And Between*
*Various United States Debt Recovery Entities and Nortel Networks Inc.*

Exhibit 1

| Current Claim Owner | Transferor | Claim/ Schedule Number | Date Claim Filed | Date Claim Transferred | Claim as Filed ||| Debtor Asserted Against | Claim as Allowed |||  Allowed Debtor |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Priority Amount | Unsecured Amount | Total Claimed Amount | | Priority Amount | Unsecured Amount | Total Allowed Amount | |
| UNITED STATES DEBT RECOVERY X, LP | TRANSFEROR: KHADBAI, AZIZ | 833 | 4/6/2009 | 9/28/2011 | 10,950.00 | 1,243,838.91 | 1,254,788.91 | NO DEBTOR ASSERTED BY CREDITOR | - | - | - | |
| UNITED STATES DEBT RECOVERY X, LP | TRANSFEROR: KHADBAI, AZIZ | 4219 | 9/28/2009 | 9/28/2011 | 400,984.09 | - | 400,984.09 | NO DEBTOR ASSERTED BY CREDITOR | - | - | - | |
| UNITED STATES DEBT RECOVERY X, LP | TRANSFEROR: KHADBAI, AZIZ | 4232 | 9/28/2009 | 9/28/2011 | - | 452,647.17 | 452,647.17 | Nortel Networks Inc. | - | - | - | |
| UNITED STATES DEBT RECOVERY X, L.P. | ASSIGNEE OF KHADBAI, AZIZ | 8026 | 10/14/2011 | | 10,950.00 | 390,034.09 | 400,984.09 | Nortel Networks Inc. | 5,519.74 | 811,251.17 | 816,770.91 | Nortel Networks Inc. |
| UNITED STATES DEBT RECOVERY X, LP | TRANSFEROR: MONDOR, DAN | 3664 | 9/24/2009 | 12/12/2011 | 294,127.43 | - | 294,127.43 | Nortel Networks Inc. | - | 294,127.43 | 294,127.43 | Nortel Networks Inc. |
| UNITED STATES DEBT RECOVERY X, LP | TRANSFEROR: LECHNER, KIM | 4816 | 9/29/2009 | 8/8/2011 | 342,172.39 | 87,622.21 | 429,794.60 | Nortel Networks Inc. | 5,950.00 | 350,023.47 | 355,973.47 | Nortel Networks Inc. |
| UNITED STATES DEBT RECOVERY XI, LP | TRANSFEROR: PAYNE, PAUL S. | 3961 | 9/23/2009 | 1/11/2013 | - | 166,018.76 | 166,018.76 | Nortel Networks Inc. | - | 159,821.00 | 159,821.00 | Nortel Networks Inc. |
| UNITED STATES DEBT RECOVERY XI, LP | TRANSFEROR: WOOD, PIERCE G | 3387 | 9/21/2009 | 10/15/2012 | - | 254,384.48 | 254,384.48 | Nortel Networks Inc. | - | 197,506.00 | 197,506.00 | Nortel Networks Inc. |
| UNITED STATES DEBT RECOVERY XI, LP | TRANSFEROR: BRENT, RAYMOND A. | 4257 | 9/28/2009 | 5/11/2012 | - | 128,679.01 | 128,679.01 | Nortel Networks Inc. | - | 123,545.00 | 123,545.00 | Nortel Networks Inc. |
| UNITED STATES DEBT RECOVERY XI, LP | TRANSFEROR: PALMER, CAROLYN G | 2099 | 8/24/2009 | 5/11/2012 | - | 215,477.09 | 215,477.09 | Nortel Networks Inc. | - | - | - | |
| UNITED STATES DEBT RECOVERY XI, LP | TRANSFEROR: PALMER, CAROLYN G. | 3706 | 9/24/2009 | 5/11/2012 | - | 168,361.82 | 168,361.82 | NO DEBTOR ASSERTED BY CREDITOR | - | 161,704.00 | 161,704.00 | Nortel Networks Inc. |
| UNITED STATES DEBT RECOVERY XI, LP | TRANSFEROR: PALMER, GARY S. | 315 | 2/17/2009 | 1/11/2013 | 1,014.88 | 78,145.76 | 79,160.64 | Nortel Networks Inc. | - | - | - | |
| UNITED STATES DEBT RECOVERY XI, LP | TRANSFEROR: PALMER, GARY | 4256 | 9/28/2009 | 1/11/2013 | - | 127,473.87 | 127,473.87 | Nortel Networks Inc. | - | 63,576.00 | 63,576.00 | Nortel Networks Inc. |
| US DEBT RECOVERY XV LP | TRANSFEROR: HANNAH, DAVID C | 4398 | 9/28/2009 | 9/15/2015 | - | 796,026.52 | 796,026.52 | Nortel Networks Inc. | - | 425,604.00 | 425,604.00 | Nortel Networks Inc. |
| UNITED STATES DEBT RECOVERY XI, LP | TRANSFEROR: BARTOSZEWICZ, JAMES | 3824 | 9/25/2009 | 9/19/2012 | - | 184,726.83 | 184,726.83 | Nortel Networks Inc. | - | 177,658.00 | 177,658.00 | Nortel Networks Inc. |
| TOTAL | | | | | $ 1,060,198.79 | $ 4,293,436.52 | $ 5,353,635.31 | | $ 11,469.74 | $ 2,764,816.07 | $ 2,776,285.81 | |