IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| | (Jointly Administered) |
| Debtors. | **Re: Dkt. Nos. 16638, 16681, 16759** |

**LIMITED OBJECTION OF THE MONITOR AND THE CANADIAN DEBTORS TO THE SUPPLEMENT TO MOTION OF LIQUIDITY SOLUTIONS, INC. FOR ENTRY OF AN ORDER AUTHORIZING AND DIRECTING INTERIM DISTRIBUTIONS OR CONVERTING CASES TO CHAPTER 7**

Ernst & Young Inc., the court-appointed Monitor (the "**Monitor**") and foreign representative of Nortel Networks Corporation, Nortel Networks Limited, and certain of their direct and indirect Canadian subsidiaries (collectively, the "**Canadian Debtors**") in proceedings under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, pending before the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**", and together with this Court, the "**Courts**"), on behalf of itself and the Canadian Debtors, hereby respectfully makes this Limited Objection to the *Supplement to Motion of Liquidity Solutions, Inc. for Entry of Order (a) Authorizing and Directing Debtor, Nortel Networks Inc., to Make Interim Distributions on Allowed Administrative, Priority, and Unsecured Claims or (b) Converting Cases to Chapter 7 Pursuant to Section 1112(b) of the Bankruptcy Code* (the "**Supplemental Motion**") [Dkt. No. 16759].

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226) (together, the **US Debtors**).

In support thereof, the Monitor and the Canadian Debtors respectfully state as follows:

**LIMITED OBJECTION**

1. As made clear in their response to Liquidity Solutions, Inc.'s ("**LSI**") initial motion for interim distributions, the Monitor and Canadian Debtors would like to see distributions made to creditors in the Nortel insolvency proceedings as soon as possible. However, the relief sought by LSI in the Supplemental Motion continues to raise substantial concerns that should be resolved before interim distributions are made.

2. First, as counsel to the US Debtors observed on the April 19, 2016, telephonic status conference with this court regarding LSI's initial motion, no administrative claims bar date has been established in these cases. In the allocation litigation and the litigation related to post-petition interest, the US Debtors have repeatedly raised the spectre of massive administrative expense claims, including claims that may be asserted by the Internal Revenue Service. In addition, other substantial administrative expense claims may be asserted against the US Debtors in the future, including claims that may be held by the Canadian Debtors. This Court should not take precipitous action based on the request of a single creditor holding allowed administrative and priority claims of approximately $330,000 that would potentially prejudice other similarly situated creditors of the US Debtors.

3. Second, this Court's prior orders in respect of the broader dispute over allocation of the escrowed sale proceeds are subject to pending appeals in the United States District Court for the District of Delaware. Separately, as this Court is aware, on May 3, 2016, the Court of Appeal for Ontario denied applications for leave to appeal the Ontario Court's

allocation decision.[2] As such, this Court should reject any invitation in the Supplemental Motion (and in any objections and other responses thereto) to re-litigate issues that have already been decided by this Court and that are now on appeal. For example, LSI's position with respect to treatment of the bond guarantee claims may prompt various parties in interest to respond by re-briefing issues related to the treatment of guaranteed bond claims in connection with implementation of the Courts' allocation decisions. There is no basis for this Court to revisit these issues (yet again) and, therefore, to the extent that parties take the opportunity in responding to the Supplemental Motion to reopen argument on issues that are presently on appeal, the Monitor and Canadian Debtors object and reserve their rights to file further supplemental briefing to address any such arguments (or re-arguments).

## **CONCLUSION**

4.  For the foregoing reasons, the Monitor and the Canadian Debtors respectfully request that this Court deny the Supplemental Motion as presently filed and grant such other and further relief as it deems just and proper.

[*Intentionally left blank*]

---

[2] The Monitor and Canadian filed a copy of the Court of Appeal's decision with this Court on May 3, 2016 [Dkt. No. 16783]. The Court of Appeal's decision effectively ends efforts to reverse the Ontario Court's allocation decision since it is highly unlikely that any relief will be granted by the Supreme Court of Canada. In the wake of this new development the Delaware District Court requested that the parties submit short letter briefs setting forth their position on whether the District Court has the authority to certify the appeals to the Court of Appeals for the Third Circuit at this stage and whether it would be appropriate to do so. The parties made their submissions to the District Court on May 9, 2016 [D. Del. 15-624 (Consolidated Appeals); dkt. nos. 112-120].

Dated: May 13, 2016
Wilmington, Delaware

**BUCHANAN INGERSOLL & ROONEY PC**

/s/   Mary F. Caloway
Mary F. Caloway (No. 3059)
Kathleen A Murphy (No. 5215)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
kathleen.murphy@bipc.com

- and -

**ALLEN & OVERY LLP**
Ken Coleman
Daniel J. Guyder
1221 Avenue of the Americas
New York, New York  10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
ken.coleman@allenovery.com
daniel.guyder@allenovery.com

*Attorneys for Ernst & Young Inc., as Monitor and Foreign Representative of the Canadian Debtors*