## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
|  |  |
| --- | --- |
| *In re* Nortel Networks Inc., *et al.*,[1] | : Chapter 11 |
|  | : Case No. 09-10138 (KG) |
|  | : Jointly Administered |
| Debtors. : |  |

-----------------------------------------------------------X    **Re: D.I. 16638, 16877**

### SNMP RESEARCH'S LIMITED OBJECTION TO PROPOSED ORDER AND AGREEMENT PRESENTED IN THE RESPONSE OF THE DEBTORS TO MOTION OF LIQUIDITY SOLUTIONS, INC. FOR ENTRY OF AN ORDER AUTHORIZING AND DIRECTING INTERIM DISTRIBUTIONS OR COVERTING CASES TO CHAPTER 7 [D.I. 16638] AND SUPPLEMENT [D.I. 16759]

SNMP Research, Inc. and SNMP Research International, Inc. (together, "SNMP Research"), by their undersigned counsel, hereby objects to the proposed order and agreement resolving the Motion of Liquidity Solutions, Inc. for Entry of an Order Authorizing and Directing Interim Distributions or Converting Cases to Chapter 7 [D.I. 16638] (the "Motion"), presented by the above-captioned debtors and debtors-in-possession in the Response of the Debtors to the Motion [D.I. 16877] (the "Response").

### Background

1.     On March 21, 2016, Liquidity Solutions, Inc. ("Liquidity Solutions") filed the Motion. In the Motion, Liquidity Solutions requested the Court to direct the Debtors to make pre-confirmation interim distributions to allowed administrative claimants and certain allowed unsecured creditors, while reserving $100 million to account for other administrative claims that have not yet been allowed. Liquidity Solutions proposed to fund these distributions to administrative creditors by using $321 million in cash on hand, while preserving $100 million in

---

[1] In addition to Nortel Networks Inc., the debtors in these Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc.

cash on hand for other administrative claims that may be allowed later.  Liquidity Solutions also proposed that certain unsecured creditors receive an interim distribution funded by $1.9 billion of the amounts in escrow pending the outcome of the allocation appeal.

2.      Several major constituents in the case, including the Debtors, filed objections to the Motion.  The Canadian Debtors and Monitor also filed a request for a joint hearing with Justice Newbould because Liquidity Solutions was proposing to force the Debtors to fund distributions from the escrowed funds.

3.      On June 1, 2016, the Debtors filed their Response which, for the first time, publicly announced a settlement of the Motion that differs materially from the relief requested in the Motion, to the expressed direct detriment of SNMP Research.  The Response proposes more "narrow" relief than that requested in the Motion.

4.      The so-called "narrower" relief, however, proposes to pay certain administrative creditors without providing for any reserve or procedures to give other future allowed administrative creditors (SNMP Research, in particular) the same treatment when and if their claims become allowed.  Specifically, the proposed order provides that, "[n]othing set forth herein shall obligate any of the Debtors to make distributions or any other interim payments, set aside reserves or take any other action in respect of any claims other than to make the Allowed Claim Payments for the Allowed Administrative, Priority and Secured Claims in accordance with the terms of this Order."  See D.I. 16877-1, ¶ 2.

5.      The Debtors appear to have included this provision in the proposed order expressly to avoid addressing or committing to pay SNMP Research's potential administrative expense when and if it becomes allowed, despite the fact that it appears the Debtors will still have more than adequate funds to do so from the cash on hand.  Indeed, the Response expressly targets SNMP Research when discussing the potential universe of administrative claims and the

2

Debtors' ability to pay them all with existing cash on hand.  Namely, the Debtors state that, "[w]ith respect to the potential universe of administrative of priority claims, while an administrative bar date has not been established in the Debtors' cases, the Debtors note that various significant claims have been filed against NNI such as SNMP's litigation claim asserting at least $200 million in damages."  See Response, ¶ 7.

### Limited Objection

6.    SNMP Research has no objection to the Debtors making an interim distribution to administrative expense claimants in these cases.  In fact, SNMP Research submits that the Motion appropriately exerted pressure on the Debtors to make payments in these cases to creditors other than the professionals.

7.    The Motion proposed to invoke a mechanism under which administrative expense claimants would not be prejudiced by the interim distribution to claimants, whether or not those claims have already been allowed by Order of the Court.  The settlement of the Motion reflected in the proposed Order, which was agreed to by the Debtors without any consultation with SNMP Research, expressly removes the original proposed mechanism and provides that the Debtors are not required to make interim distributions to other administrative creditors whose claims may be subsequently allowed in advance of resolution of the allocation dispute and confirmation of a plan, despite the fact that it appears the Debtors would have sufficient funds to do so.  The proposed order also removes the portion of the proposal in the Motion that requires the Debtors to make reasonable and conservative reserves for future administrative claimants.    To summarize, the Debtors now propose to use cash on hand to pay certain administrative creditors (1) without committing to pay all administrative creditors in the same manner on an interim basis, and (2) without providing for appropriate reserves for future allowed administrative expense claimants.

3

8.    The proposed settlement of the Motion should only be approved if it provides for a fair and equitable way for the holders of all administrative expense claims, including any allowed claims after the interim distribution is made, to be treated equally and obtain interim distributions when their subsequent claims become allowed.   This necessarily involves the establishment and maintenance of adequate reserves prior to making any interim distributions, so that all claims that may be subsequently allowed, including after an administrative bar date is established, have funds available and are paid on a pro rata basis.

### Notice

9.    Notice of this Objection is being served on (i) counsel to the Debtors; (ii) counsel to the Committee; (iii) the United States Trustee; and (iv) any party who filed a pleading to either the Motion or the Response.

4

WHEREFORE, SNMP Research respectfully requests that this Court enter an Order: (i) denying the proposed order presented by the Debtors in the Response or requiring modifications as set forth herein; and (ii) granting SNMP Research such other relief as the Court may deem just and appropriate under the circumstances.

Dated: June 3, 2016

**COLE SCHOTZ P.C.**

**OF COUNSEL**

_/s/ Nicholas J. Brannick_
Norman L. Pernick (No. 2290)
Nicholas J. Brannick (No. 5721)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 651-2002 (Phone)
(302) 652-3117 (Fax)
npernick@coleschotz.com
nbrannick@coleschotz.com

Richard S. Busch, Esq.
**King & Ballow Law Offices**
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456 (Phone)
(615) 726-5417 (Fax)
rbusch@kingballow.com

-and-

-and-

G. David Dean, Esq.
300 E. Lombard Street, Suite 1450
Baltimore, MD 21202
(410) 230-0660 (Phone)
(410) 230-0667 (Fax)
ddean@coleschotz.com

John L. Wood, Esq.
**Egerton, McAfee, Armistead & Davis, P.C.**
900 S. Gay Street
Knoxville, TN 37902
(865) 546-0500 (Phone)
(865) 525-5293 (Fax)
jwood@emlaw.com

_Counsel for Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc._

53651/0001-13215382v2
June 03, 2016