**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nortel Networks, Inc., *et al.* | ) | |
| | ) | Case No. 09-10138 (KG) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Hearing Date: June 6, 2016 @ 10:00 am** |
| | ) | |
| _____ | ) | |

**PENSION BENEFIT GUARANTY CORPORATION'S RESPONSE TO
THE RESPONSE OF THE DEBTORS TO MOTION OF LIQUIDITY
SOLUTIONS, INC. FOR ENTRY OF AN ORDER AUTHORIZING
AND DIRECTING INTERIM DISTRIBUTIONS OR CONVERTING
CASES TO CHAPTER 7 [D.I. 16638] AND SUPPLEMENT [D.I. 16759]**

**Background**

The Pension Benefit Guaranty Corporation ("PBGC") hereby responds to the "Response of the Debtors To Motion of Liquidity Solutions, Inc,. For Entry of An Order Authorizing and Directing Interim Distributions or Converting Cases to Chapter 7 [D.I. 16638] and Supplement [D.I. 16759]" (the "Response").

PBGC is a wholly owned United States government corporation that administers the nation's termination insurance program for defined benefit pension plans under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. §§ 1301-1461 (2012 & Supp. II 2014). If a pension plan covered by the insurance program terminates and lacks sufficient assets to pay all promised benefits, PBGC becomes statutory trustee of the pension plan and pays the pension plan's benefits subject to the statutory limitations set forth in 29 U.S.C. § 1322(b). *See* 29 U.S.C. §§ 1322, 1341(c), 1342, 1361; *PBGC v. LTV Corp.*, 496 U.S. 633, 637-638 (1990); *Nachman Corp. v. PBGC*, 446 U.S. 359, 375 (1980).

The Nortel Retirement Income Plan (the "Pension Plan"), sponsored by Nortel Networks, Inc., terminated effective July 17, 2009. By an agreement between PBGC and the administrator of the Pension Plan dated September 8, 2009, PBGC became the statutory trustee of the Pension Plan. At termination, the Pension Plan had approximately 22,000 participants. PBGC asserts joint and several claims arising from termination of the Pension Plan totaling approximately $708,000,000 against each of the Debtors.[1]

On October 8, 2009, the Debtors moved under Rule 9019 for an order to settle a dispute with PBGC involving the proposed sale of the Enterprise Solutions Business, particularly over the prospective sale of stock of Nortel Government Solutions Inc. and DiamondWare Inc. [D.I. 1639]. On October 13, 2009, the Court approved NNI's stipulation of settlement with PBGC [D.I. 1658].

On March 21, 2016, Liquidity Solutions, Inc. ("LSI") filed its "Motion of Liquidity Solutions, Inc., For Entry of An Order Authorizing and Directing Interim Distributions or Converting Cases to Chapter 7 Pursuant to Section 1112(b) of the Bankruptcy Code" [D.I. 16638] (the "Motion") seeking to compel the Debtors to make interim distributions and or convert the Debtors' estates to administration under Chapter 7 of the Bankruptcy Code. On April 25, 2016, LSI filed a supplement to the Motion (the "Supplement") [D.I. 16759].

On June 1, 2016, the Debtors filed their Response. The Response seeks to resolve the Motion and Supplement by, *inter alia*, providing for an interim distribution of approximately $14.2 million.[2] The Response includes a proposed order that provides in paragraph 7:

---

[1] PBGC amended its initial claims and the amended claims were assigned claim numbers 8760, 8761, 8762, and 8763. As amended, PBGC asserts its unfunded benefit liabilities claim in the amount of $624,601,972, and its premium claim in the amount of $83,392,500. The other two amended claims were asserted in the amount of zero.

[2] *See* Response ¶ 8.

2

> Nothing set forth herein shall obligate NNI to make any payment to the Pension Benefit Guaranty Corporation, including with respect to any obligation arising in connection with the sale of the shares of Nortel Government Solutions Inc., and specifically with respect to any cash held at NNI attributable to the $53 million release of funds from the Enterprise Escrow Account in connection therewith.

## **Discussion**

PBGC has no objection to the proposed relief sought by the Debtors to resolve LSI's Motion. In particular, PBGC has no objection to the interim distribution and fee payment outlined in the proposed order.

Rather, with respect to paragraph 7 of the proposed order, PBGC does not waive and reserves all its rights with regard to the amount, priority, and treatment of its claims against the Debtors, including its rights under the order entered on October 13, 2009, approving NNI's stipulation with PBGC [D.I. 1658].

To address this concern, PBGC requests that the Court add the following language to the Debtors' proposed order:

> Nothing set forth herein is intended to affect the amount, priority, and treatment of PBGC's claims against the Debtors, including its rights under the order entered on October 13, 2009, approving NNI's stipulation with PBGC, or any defenses to such claims.

Debtors' counsel has informed PBGC counsel that they concur with this change to the proposed order.

**Conclusion**

PBGC thanks the Court for its taking cognizance of PBGC's response and stands ready to be of assistance to the Court.


Dated:  June 3, 2016                                Respectfully submitted,

/s/ Vicente Matias Murrell
ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
GARTH D. WILSON
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)
MARC S. PFEUFFER
Attorney

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C.  20005-4026
Telephone:  (202) 326-4020, ext. 3580
Facsimile:  (202) 326-4112