IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: 
*In re* : Chapter 11
: 
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
: 
              Debtors. : Jointly Administered
:
:
:
:
------------------------------------------------------------X

### ORDER AUTHORIZING THE PAYMENT OF CERTAIN NNI ADMINISTRATIVE, PRIORITY AND SECURED CREDITORS' CLAIMS, AND DENYING OTHER RELIEF

Upon consideration of the motion (the "Initial Motion")[2] of Liquidity Solutions Inc. ("LSI"), for Entry of Order (A) Authorizing and Directing Debtor, Nortel Networks Inc., to Make Interim Distributions on Allowed Administrative, Priority and Unsecured Claims or (B) Converting Cases to Chapter 7 Pursuant to Section 1112(b) of the Bankruptcy Code [D.I. 16638] and the supplement to the Motion [D.I.16759] (the "Supplement," and together with the Initial Motion the "Motion"), and LSI having engaged in discussions with Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (the "Debtors") regarding the relief requested therein and the Debtors' objections to certain of the requested relief, and LSI and the Debtors having agreed on certain terms and conditions in

---

[1]   The U.S. Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]   All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

satisfaction of the Motion as set forth herein; and the Court having determined that good and sufficient cause exists for the relief set forth in this Order; and it appearing that the relief requested herein is reasonable and appropriate in light of the circumstances of the Debtors' cases; and it appearing that no other or further notice is necessary;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. NNI is authorized to pay each of the allowed administrative, priority and secured claims set forth on the attached Exhibit 1 as well as any additional administrative, priority and secured claims allowed against NNI on or before June 1, 2016 (collectively, the "Allowed Administrative, Priority and Secured Claims"), in cash in the allowed amounts, minus any withholdings for applicable taxes, in full satisfaction of such claims (collectively, the "Allowed Claim Payments"). NNI shall use its reasonable efforts to make such payments as soon as administratively feasible in compliance with applicable law, subject to paragraph 8 below. Upon payment of Allowed Administrative, Priority and Secured Claims that are secured claims, any liens or other forms of security securing such claims shall be fully and finally released by the claimant. Should a claimant fail to fully and finally release any lien or other form of security securing such claim in a timely manner after receiving an Allowed Claim Payment on account of such claim, the Debtors are authorized to file a lien release covering such claim on such claimant's behalf.

3. Nothing set forth herein shall obligate any of the Debtors to make distributions or any other interim payments, set aside reserves or take any other action in respect of any claims other than to make the Allowed Claim Payments for the Allowed Administrative, Priority and Secured Claims in accordance with the terms of this Order.

4. To the extent that NNI pays the Allowed Administrative, Priority and Secured Claims, such Allowed Claim Payments shall not prejudice or otherwise affect the Debtors' entitlement to receive an allocation from the escrowed Lockbox funds under the U.S. Allocation Trial Opinion [D.I. 15544] and Order [D.I. 15545] dated May 12, 2015 (the "Allocation Decision") and the Canadian Allocation Trial Decision dated May 12, 2015 [D.I. 15555 at Ex. A] and corresponding order dated April 26, 2016 (or any alternative allocation method that may be adopted or applied). For the avoidance of doubt, the Allowed Administrative, Priority and Secured Claims that are satisfied by Allowed Claim Payments shall be treated as claims against the Debtors for allocation purposes to the same extent that such claims would have been treated had such Allowed Claims Payments not been made.

5. The granting of this Order shall not constitute and shall not be construed as a determination that any of the Allowed Administrative, Priority and Secured Claims are not a "pre-filing claim" for purposes of the Allocation Decision or the Memorandum Order on Motions for Reconsideration dated July 6, 2015 [D.I. 15830].

6. The Allowed Claim Payments shall not prejudice any right of the Debtors to assert claims for payment or reimbursement against any other Nortel affiliates' estate that arise from the same facts and circumstances underlying the Allowed Administrative, Priority and Secured Claims or their right to subrogation based on any payments made pursuant to this Order.

7. Nothing set forth herein shall obligate NNI to make any payment to the Pension Benefit Guaranty Corporation (the "PBGC"), including with respect to any obligation arising in connection with the sale of the shares of Nortel Government Solutions Inc., and specifically with respect to any cash held at NNI attributable to the $53 million release of funds from the Enterprise Escrow Account in connection therewith. Nothing set forth herein is intended to

affect the amount, priority, and treatment of PBGC's claims against the Debtors, including its rights under the order entered on October 13, 2009, approving NNI's stipulation with the PBGC, or any defenses to such claims.

8.   Notwithstanding the relief granted in this Order, NNI is authorized to (i) condition any of the Allowed Claim Payments on its receipt of properly completed tax forms and any additional documentation it determines to be necessary or appropriate to make such payments and (ii) withhold any and all applicable federal, state, or local tax from any monies paid pursuant to this Order.

9.   Nothing in this Order constitutes a waiver of the Debtors' or any party in interest's rights to object to any claims not previously allowed or to assert any claims, counterclaims, rights of offset or recoupment, or any other claims against the claimants listed on Exhibit 1 hereto, or any claims not listed on Exhibit 1 hereto, all of which rights are expressly preserved.

10.   The remainder of the relief sought by LSI in the Motion is withdrawn with prejudice, but without prejudice to LSI's right to seek relief in these cases based on a showing of cause as a result of a substantial change in facts and circumstances after a significant passage of time.

11.   In connection with the consensual resolution of the Motion, NNI agrees to reimburse LSI for reasonable documented attorneys' fees and expenses associated with its preparation, filing and prosecution of the Motion, in a total amount not to exceed $30,000.00 (the "LSI Fee Payment") in full satisfaction of such claims. NNI shall pay the LSI Fee Payment on the same date on which NNI makes the applicable Allowed Claim Payments to LSI.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: June 6, 2016
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE