```
                    IN THE UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF DELAWARE


IN RE:                          )    Case No. 09-10138(KG)
                                )    (Jointly Administered)
                                )
NORTEL NETWORKS, INC., et al.,)      Chapter 11
                                )
                                )    Courtroom 3
                                )    824 Market Street
              Debtors.          )    Wilmington, Delaware
                                )
                                )    June 6, 2016
                                )    10:01 a.m.


                       TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE JUDGE KEVIN GROSS
                    UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:              Cleary Gottlieb Steen & Hamilton
                          BY: LISA M. SCHWEITZER, ESQ.
                          One Liberty Plaza
                          New York, NY  10006
                          (212) 225-2000

                          Morris Nichols Arsht & Tunnell, LLP
                          BY: DEREK C. ABBOTT, ESQ.
                          1201 North Market St., 18th Floor
                          Wilmington, DE  19899-1347
                          302-351-9200

ECRO:                     GINGER MACE

Transcription Service:    DIAZ TRANSCRIPTION SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
APPEARANCES:
(Continued)

For the Monitor:                 Buchanan Ingersoll & Rooney,PC
                                 BY: KATHLEEN MURPHY, ESQ.
                                 1105 N. Market St., Ste. 1900
                                 Wilmington, DE  19801-1054
                                 (302) 552-4214

For Official Creditor's          Whiteford Taylor Preston
Committee:                       BY: CHRISTOPHER M. SAMIS, ESQ.
                                 The Renaissance Center
                                 405 North King Street
                                 Wilmington, DE  19801
                                 (302) 357-3266

For PBGC:                        PGBC
                                 BY: VICENTE M. MURRELL, ESQ.
                                 34471200 K Street NW
                                 Washington, DC  20005
                                 (202) 326-4000

For Official Creditor's          Akin Gump Strauss Hauer & Feld
Committee:                       BY: ROBERT JOHNSON, ESQ.
                                 BY: BRAD M. KAHN, ESQ.
                                 One Bryant Park
                                 Bank of America Tower
                                 New York, NY  10036
                                 212-872-1000

For UK Pension Claimants:        Bayard, PA
                                 BY: JUSTIN R. ALBERTO, ESQ.
                                 222 Delaware Ave., Ste. 900
                                 Wilmington DE  19899
                                 (302) 429-4226

For Ad Hoc Group of              Pachulski Stang Ziehl & Jones
Bondholders:                     BY: PETER J. KEANE, ESQ.
                                 919 North Market Street
                                 17th Floor
                                 Wilmington, DE  19801
                                 (302) 778-6462

For Law Debenture:               Morris James LLP
                                 BY: STEPHEN M. MILLER, ESQ.
                                 500 Delaware Avenue, Ste. 1500
                                 Wilmington, DE  19801-1494
                                 (302) 888-6853
```

APPEARANCES:
(Continued)

For SNMP:                       Cole Schotz, P.C.
                                BY: G. DAVID DEAN, ESQ.
                                BY: NICHOLAS BRANNICK, ESQ.
                                300 East Lombard Street
                                Suite 1450
                                Baltimore, MD  21202
                                (410) 230-0660

For Nortel Trade Claims         Fox Rothschild, LLP
Consortium:                     BY: L. JOHN BIRD, ESQ.
                                919 North Market Street
                                Suite 300, P.O. Box 2323
                                Wilmington, DE  19899
                                (302) 622-4263

For NNSA:                       Skadden Arps Slate Meagher &
                                Flom
                                BY: ROBERT A. WEBER, ESQ.
                                One Rodney Square
                                920 North King Street
                                Wilmington, DE  19801
                                (302) 651-3000

TELEPHONIC APPEARANCES:

For Interested Party:           Dow Jones & Company
                                BY: PEG A. BRICKLEY, ESQ.
                                215-462-0953

For Interested Party,           Willkie Farr & Gallagher, LLP
Nortel Networks UK              BY: BRIAN E. O'CONNOR, ESQ.
Pension Trust:                  (212) 728-8000

For Monitor, Ernst &            Allen & Overly, LLP
Young:                          BY: DANIEL GUYDER, ESQ.
                                (212) 756-1132

For Joint Administrators:       Hughes Hubbard & Reed LLP
                                BY: CHARLES HUBERTY, ESQ.
                                (212) 837-6045

For Official Creditor's
Committee:                      Akin Gump Strauss Hauer & Feld
                                BY: MATTHEW FAGEN, ESQ.
                                (212) 872-8051

TELEPHONIC APPEARANCES:
(Continued)

For SNMP:                       SNMP
                                BY: JEFFREY CASE, ESQ.
                                (865) 579-0527

                                Egerton McAfee Armstead &
                                Davis
                                BY: JOHN L. WOOD, ESQ.
                                (865) 292-2503

For Law Debenture Trust:        Patterson Belknap Webb & Tyler
                                BY: DANIEL A. LOWENTHAL, ESQ.
                                (212) 336-2720

For Ad Hoc Group of             Milbank Tweed Hadley & McCloy
Bondholders:                    BY: NICK BASSETT, ESQ.
                                BY: ANDREW LEBLANC, ESQ.
                                (212) 530-5000

For Cantor Fitzgerald:          Cantor Fitzgerald
                                BY: ANDREW M. THAU, ESQ.
                                (212) 915-1232

For Wilmington Trust:           Katten Munchin Rosenmann, LLP
                                BY: JERRY HALL, ESQ.
                                (212) 525-3646
                                BY: KAREN B. DINE, ESQ.
                                (212) 940-8772

For Liquidity Solutions:        Liquidity Solutions
                                BY: JEFFREY L. CARESS, ESQ.
                                (201) 968-0001

                                Andrews Kurth
                                BY: JEREMY RECKMEYER, ESQ.
                                (212) 850-2851
                                BY: PAUL SILVERSTEIN, ESQ.
                                (212) 850-2800

For Creditor, Soulus and        Quinn Emanuel Urquhart &
PointState:                     Sullivan, LLP
                                BY: DANIEL S. HOLZMAN, ESQ.
                                (212) 849-7000
                                BY: JAMES TECCE, ESQ.
                                (212) 849-7199

TELEPHONIC APPEARANCES:
(Continued)

| | |
|---|---|
| For Canadian Creditors<br>Committee: | DLA Piper US, LLP<br>BY: SELINDA A. MELNIK, ESQ.<br>(302) 468-5650 |
| For The Trade Claim<br>Consortium: | Brown Rudnick, LLP<br>BY: STEVEN D. POHL, ESQ.<br>(617) 856-8594 |
| For Interested Party,<br>Reorg Research: | Reorg Research, Inc.<br>BY: JASON B. SANJANA, ESQ.<br>(212) 588-8890 |
| For Interested Party,<br>Nortel Networks: | Tory's LLP<br>BY: ADAM M. SLAVENS, ESQ.<br>(416) 865-7333 |
| For Interested Party,<br>Cowan and Company: | Cowen and Company<br>BY: AMER TIWANA, ESQ.<br>(646) 616-3052 |
| For Interested Party,<br>Bloomberg, LP: | Bloomberg, LP<br>BY: JULIA M. WINTERS, ESQ.<br>(212) 617-6592 |

1

1  WILMINGTON, DELAWARE, MONDAY, JUNE 6, 2016, 10:01 A.M.

2              THE COURT:  Please be seated.  Thank you.  Mr.

3  Abbott, good morning.

4              MR. ABBOTT:  Good morning, Your Honor.  How are

5  you?

6              THE COURT:  Very well.  How are you doing?

7              MR. ABBOTT:  I'm doing well.

8              THE COURT:  Good.

9              MR. ABBOTT:  We are here today for what

10 hopefully, will be modestly short hearing resolving what had

11 the potential to be quite a thorny issue, so --

12             THE COURT:  Yes.

13             MR. ABBOTT:  -- there's only that item on the

14 Agenda, Your Honor.  I will cede the podium to Ms.

15 Schweitzer to present it, if I may.

16             THE COURT:  All right, thank you, Mr. Abbott.

17             MR. ABBOTT:  Thank you, Your Honor.

18             THE COURT:  Thank you, sir.  Ms. Schweitzer, good

19 morning.

20             MS. SCHWEITZER:  Good morning, Your Honor.  I

21 hope you had a good weekend.  For the record, Lisa

22 Schweitzer from Cleary Gottlieb representing the U.S.

23 Debtors.

24             In fact, Your Honor, the only thing on the

25 calendar this morning is the motion by Liquidity Solutions,

1  Inc., for the payment of certain interim distributions.  And

2  while it is not the Debtors' motion, as you will see from

3  the response filed by the Debtors last week, we've reached a

4  resolution --

5            THE COURT:  Yes.

6            MS. SCHWEITZER:  -- with LSI.  And I understand

7  LSI is appearing by telephone today rather than coming in

8  person.  And we agreed to present the motion such as the

9  proposed resolution has become to Your Honor.

10            THE COURT:  All right.

11            MS. SCHWEITZER:  With that, you know the history

12  well.  The motion was originally filed on March 21st of this

13  year, where LSI had sought payment of administrative

14  priority and secure claims of NNI from cash on hand, as well

15  as the release of lock box funds to the extent necessary to

16  make payments of those claims, as well as interim

17  distributions to general unsecured creditors.

18            THE COURT:  Yes.

19            MS. SCHWEITZER:  Your Honor will recall that we

20  were in front of you on telephonic status conference in

21  April 19th, where the parties had raised various concerns and

22  initial objections had been filed to the relief sought with

23  a concern in large part, opening the Pandora's Box.  While

24  everyone's committed to looking towards getting money in the

25  hands of creditors, that the larger relief of making

1  distributions to unsecured creditors, raised various inner

2  creditor issues and creditor entitlement issues that we felt

3  were distracting and premature, and not appropriate to

4  resolve at this time.

5           Other parties also had objected to the release of

6  lock box funds for this purpose.  And so the party -- or LSI

7  had proposed to go forward, again, seeking payment of

8  administrative priority secured claims and they were pushing

9  for unsecured claims distributions from cash on hand.

10           THE COURT:  Right.

11           MS. SCHWEITZER:  Following that status

12  conference, the Debtors had reached out and finally

13  connected with LSI and made a proposal to resolve the

14  motion, which basically, takes the form in which where we

15  wound up in the end, which is that the Debtors would use

16  cash on hand, but pay a more circumscribed pool of

17  creditors, that for various reasons, given the balance of

18  the cash on hand, and more importantly, the various issues

19  that would come forward, the Debtors firmly believe it's not

20  appropriate to make distributions to unsecured creditors at

21  this time.  You've seen the responses.  You've seen the

22  objections.  And there's no need to get into the merits,

23  other than to say that it would be a thorny mess if we

24  started engaging in those to get the money out.

25           That said, the second thing with making

1  administrative claim distributions at this time, just an

2  open-ended start paying administrative claims, is the

3  concern that the bar date hasn't been set for administrative

4  claims.  And so you don't know quite what you're jumping

5  into or what you're agreeing to pay.  And more importantly,

6  payments normally and ordinarily come under a plan.  That's

7  the presumption, that's default, and parties need to come

8  forward and make a showing why, as Your Honor said in Garden

9  Ridge and there are other cases out there, of why you would

10  come forward making plans -- payments outside of plan where

11  you'd need to show that there's no prejudice to the Debtor,

12  no prejudice to other creditors, and that the creditor

13  making the request really needs the payments, not merely

14  desires to be paid at that time.  In other words, the

15  default is you make payments under a plan.

16          THE COURT:  Right.

17          MS. SCHWEITZER:  So the Debtors came forward with

18  a proposal of paying this about $14 million of NNI claims

19  that we put on a schedule.  And we scheduled specifically so

20  that there's no doubt or dispute as to what the circle of

21  claims are.  The circle of claims on the schedule, consist

22  of administrative priority and secured claims against NNI,

23  which are either scheduled as undisputed, non-contingent,

24  fully liquidated, or were affirmatively allowed either by

25  Order of the Court or by compliance with one of the Court

1  Ordered procedures that you can settle something by

2  scheduling it noticing or entering into letters with the

3  individuals.

4           THE COURT:  Right.

5           MS. SCHWEITZER:  As a result, and what you'll see

6  from the schedules is that there -- each individual claim is

7  relatively a small amount.  They're primarily severance

8  claims that relate to our Pre-Petition Severance Plans, but

9  you have the different priorities involved that give them

10  some priority proportion or administrative portion of their

11  claim.  There's also some tax claims in there and a handful

12  of other claims, but all clearly scheduled.

13           THE COURT:  Yes.

14           MS. SCHWEITZER:  After we filed this, we had

15  gotten a couple further responses.  One is from the PBGC who

16  themselves reached out to the Debtors.  And we added some

17  further language.  You'll see it in their response filed

18  with the Court and also with the Order, which I can hand up

19  and walk through.  Which basically says we're not paying the

20  PBGC at this time, we're not affecting the PBGC.  We're not

21  trying to undercut their rights.  We're also not making

22  payments to them at this time.  Their claim was filed with

23  different priorities.  We probably would ultimately dispute

24  the priorities of them, but it's no one's -- nothing's

25  before the Court, Your Honor in -- before Your Honor to

1    decide today and we're not trying to affect their rights

2    today.

3    The other responses we got to the motion on the

4    response as filed which we FedEx'd out to make sure it was

5    in everyone's hands before the hearing was the employee's

6    who had gotten the response, obviously, calling with two

7    basic questions which was one, why are you paying the

8    priority and not the unsecured portion of my claim?  Which

9    is a reasonable question and we explained that to them and

10   everyone was comfortable with that response.  But more

11   importantly, then said wow, I didn't know I was going to get

12   paid today.  That was good news for the holiday weekend, so

13   no other concerns were raised.

14   We got one response from the Iowa Tax Authority

15   which resulted in the scheduling of their claim and adding

16   it to the exhibit, but it was for an amount that doesn't

17   move the total significantly, so we're still at that $14.2

18   million.

19   THE COURT:  Okay.

20   MS. SCHWEITZER:  The only other response we got

21   which was in the form of an Objection was from SNMP.  As

22   Your Honor is well aware, SNMP is before the Court on a

23   contested IP infringement claim filed against the Debtors.

24   In fact, we don't know really what their claim is worth.  We

25   don't have details on a lot of their damages, but we do know

1   that they have from time-to-time, moved up from their pre-

2   petition claims in the realm of $8 million, including

3   interest, to sending letters, putting numbers aside of $200

4   million, post-petition.  I think that we don't view it

5   necessary to resolve or reserve for that claim in the

6   context of this motion.

7           We -- SNMP also suggests that well, if you're

8   going to pay any administrative claims, you should pay all

9   administrative claims and start setting up reserves.  I

10  think that's exactly the reason we were tentative about

11  going down this path to start with.  But, in fact, I think

12  that the Debtors believe that we struck the right balance of

13  proposing a narrow, clearly defined, and bright line rule

14  for we're going to pay the claims that have been

15  affirmatively allowed to the estate on the understanding

16  with expressed comfort from the Court, that we're not

17  opening the Pandora's Box to sequential motions and to

18  people coming in, asking put my claim on top, settle with

19  me, resolve my claim, so I can be paid as well.

20          On the merits, Your Honor is well familiar with

21  the fact that we dispute the validity of SNMP claim, whether

22  it be entitled to administrative priority at all, and

23  certainly the quantum of the claim, which as we understand

24  it right now, comes mostly from their profits theories and

25  post-sale.  The numbers totally relates to the post-sale

1  period which as Your Honor was aware from the status

2  conference last week, has its own serious questions and

3  potential defenses, too.

4         And so, I think that when you look at the

5  administrative -- the test for paying administrative claims

6  generally, the presumption you're going to wait for the

7  plan, and the idea that we tried to thread the needle

8  between that and the request of SNMP -- I mean, sorry, at

9  the request of LSI to make a payment at this time, that's

10  where we struck our rule and felt comfortable that with the

11  cash on hand, we could make the $14 million in payment, not

12  cause prejudice to other creditors, not cause prejudice to

13  the Debtors in the need to oversee, administer, and to enter

14  into a distracting administrative claims process at this

15  time.

16         With that, I think the Order as filed on the

17  docket is pretty close to final.  The two changes to that

18  are to add in the PBGC reservation of rights language.

19         THE COURT:  Yes.

20         MS. SCHWEITZER:  And then also, to add the one

21  Iowa claim to the schedule.  So if I could approach, I can

22  hand up the Final Order and just flip through it.

23         THE COURT:  Please do.  Thank you, Ms.

24  Schweitzer.  Thank you.

25         MS. SCHWEITZER:  Thank you.

1                    THE COURT:  Good morning.

2                    MS. SCHWEITZER:  This is a black line which shows

3    the PBGC.

4                    THE COURT:  Okay.

5                    MS. SCHWEITZER:  Thanks.

6                    THE COURT:  All right.

7                    MS. SCHWEITZER:  So, Your Honor, so to just flip

8    through the relief as is outlined in the Order, and this is

9    pretty much substantially the same as what was filed on the

10   docket.  Is that the Order provides that it will be NNI is

11   the Debtor that would make payments of its own allowed

12   claims.  The claims would be the ones that are scheduled on

13   Exhibit -- or Exhibit 1.  And it has a reference to

14   additional administrative priority and secure claims that

15   were allowed before June 1.  Because of the timing of when

16   this ultimately got on the docket, there were no additional

17   claims.

18                   So the schedule of claims as now reflected to

19   include the one Iowa claim are the totality of the claims

20   that would be paid.  They'll be paid in cash.  We -- the

21   Debtors would have the ability and the authority to make all

22   the withholdings necessary under applicable law before these

23   claims are paid and that would be payment in full.

24                   And the Debtors -- NNI will also use its efforts

25   to make these claims as soon as it's reasonably possible

1  because with their administrative duties and in making such

2  claims, including the withholding, the various forms that

3  need paid, and the compliance with the local laws of the

4  states that apply to making such distributions.

5          For the secured claims, and it's a very small

6  portion of the claims.  It also contains language saying

7  that if we pay your secure claim, obviously, the security in

8  that claim is being released and we can file anything

9  necessary to effectuate the fact that that claim has been

10 paid.

11         The Paragraph 3, as I said before, which is

12 important to the Debtors is to say that we're willing to

13 make these $14 million of claims, but by entering the Order,

14 you're not making any Order determination or direction that

15 the Debtors have to pay other administrative and priority

16 claims or secured claims.

17         That Paragraph 4 basically says the other concern

18 that we had is the no prejudice of the Debtors.  As Your

19 Honor is familiar, the current allocation decisions provide

20 that allocation will be made based on the relative claims --

21         THE COURT:  Yes.

22         MS. SCHWEITZER:  -- with all sorts of caveats.

23 And the Debtor said, look, if we're going to make these

24 claims, we need payments on these claims.  We need to be

25 sure that it's not affecting our right, either positively or

1    negatively, it's just the status quo in terms of our right

2    to receive allocation lock box distributions.

3         So that is Paragraph 4 makes that clear and

4    Paragraph 5 picks up the language from those prior Orders

5    that the idea of pre-filing claims are the ones entitled to

6    the allocation formula.  And so that you're not making any

7    findings that these are or are not administrative -- I'm

8    sorry, they are or are not pre-filing claims.

9         The Paragraph 6, again, says that our rights by

10   making these payments aren't prejudicing any rights that we

11   have for subrogation or any claims we have against other

12   people.  In other words, status quo in that we're not being

13   hurt by making these claims.

14        Paragraph 7 contains the original language that

15   we wanted to make clear that we have cash on hand being held

16   that was attributable to NGS.  We're not being required to

17   make that payment at the time.  And the second sentence

18   added in is the one that the Debtors worked out with the

19   PBGC, which basically says that we're not looking to affect

20   the rights under the claims or any defenses we have to those

21   claims.

22        Paragraph 8 says that we can condition the

23   payment of any particular distribution on receiving the

24   appropriate forms.  That people can't just walk in and say

25   pay me, they need to comply with all the applicable forms

1  for withholding or whatever we need in order to make the

2  distributions at this time.

3       Paragraph 9 makes clear that all our rights

4  subjected to all other claims is preserved, whether or not

5  we filed those objections to date.

6       And then, Paragraph 10 and 11 were essential to

7  the resolution of the motion with LSI as well because your

8  -- as Your Honor knows, that the -- what was supposed to be

9  heard today was Part 1 of 2 in their mind of that they said,

10  well, we reserve the right to go after lock box funds and if

11  we don't like what we get, we can also seek conversion --

12       THE COURT:  Right.

13       MS. SCHWEITZER:  -- as well.  And what we said is

14  look, we'll go through this process, but done is done.

15       And so, Paragraph 10, LSI agreed that the

16  remainder of their motion is withdrawn with prejudice,

17  without prejudice only to they said, well what if everything

18  changes and a lot of time, 5, 7 years pass, is it really

19  prejudice forever?  And we said, no, we'll give you that if

20  there was -- they could show that there was need for cause

21  as a result of substantial change in facts and circumstances

22  after a significant passage of time.  In other words, you're

23  not going to see them back tomorrow, but if something

24  significantly changed, they would have the right to bring

25  new relief, otherwise, their motion is resolved with

1 prejudice.

2        And as part of the consensual resolution of the

3 Order as well, or of the motion as well, that NNI agreed to

4 reimburse LSI for documented attorney's fees up to $30,000

5 in full satisfaction of any such claims that they could have

6 for contribution or for payment of their attorney's fees.

7 They have given us a larger number, but we felt that this is

8 an appropriate cap, given the situation, the circumstances,

9 and the way it was resolved.

10        So that's the Order.  And with that, there are

11 other people in the courtroom, I know who support the relief

12 or want to be heard.  As I said, LSI is on the phone as I

13 understand it is well.  So I will cede the podium for now.

14        THE COURT:  All right, thank you.

15        MS. SCHWEITZER:  Thank you.

16        MR. KAHN:  Good morning, Your Honor.

17        THE COURT:  Good morning.

18        MR. KAHN:  Brad Kahn, Akin, Gump, Strauss, Hauer

19 & Feld on behalf of the Official Committee of Unsecured

20 Creditors.

21        THE COURT:  Yes, sir.

22        MR. KAHN:  It's good to see you, it's been a

23 while.

24        THE COURT:  Good to see you, Mr. Kahn.

25        MR. KAHN:  Your Honor, the Committee filed a

1  brief statement on Friday noting our support of the interim

2  distribution in the Proposed Order.  The Committee's primary

3  concern was as Ms. Schweitzer has already outlined, making

4  sure that any interim distribution we did, did not prejudice

5  any particular group of unsecured creditors.  And

6  importantly, the estates themselves, as we work through the

7  remainder of these Chapter 11 cases and then try to bring

8  them to a close.

9          We think that the proposed interim distribution

10 in the Order, carefully balances the desire to make that

11 interim distribution with those sort of protections in

12 avoiding any prejudices, including any number of interesting

13 litigations we could have had in front of you, Your Honor.

14          THE COURT:  Yes.

15          MR. KAHN:  And we think we ended up at the right,

16 place.  So with that, the Committee supports, and thank you.

17          THE COURT:  All right, thank you, Mr. Kahn, thank

18 you.  Anyone else?  Mr. Murrell, good morning.

19          MR. MURRELL:  Good morning, Your Honor.  Nice to

20 see you again.

21          THE COURT:  Good to see you, sir --

22          MR. MURRELL:  Vicente Matias --

23          THE COURT:  -- for the PBGC.

24          MR. MURRELL:  Thank you, Your Honor.  Vicente

25 Matias Murrell on behalf of the Pension Benefit Guarantee

1  Corporation.

2           Your Honor, as you know, the PBGC filed, did not

3  object to this -- to the settlement that the Debtor reached

4  with LSI.  And we just simply wanted to reserve our -- and

5  preserve our rights regarding, you know, any distributions.

6  And considering we have an agreement that Your Honor

7  approved regarding a lien regarding NGS, we just wanted to

8  make sure that there were no -- that our rights are

9  preserved.  And we don't object to it and we're fine with

10 the language that the Debtor has now inserted into the

11 Order.

12          THE COURT:  All right.

13          MR. MURRELL:  Thank you, Your Honor.

14          THE COURT:  Thank you.  And I think the Order

15 does that.

16          MR. MURRELL:  Yes, Your Honor.

17          THE COURT:  Yes.

18          MR. MURRELL:  Thank you, Your Honor.

19          THE COURT:  Thank you, sir.  Anyone else?  Mr. --

20          MR. RECKMEYER:  Your Honor, this is Jeremy

21 Reckmeyer of Andrews Kurth.

22          THE COURT:  Yes, sir.  Good morning.

23          MR. RECKMEYER:   The last couple of months, we

24 represent LSI.

25          THE COURT:  Yes, you certainly may.

1          MR. RECKMEYER:  Okay, thank you.  I just have a

2    couple brief remarks.

3          THE COURT:  All right.

4          MR. RECKMEYER:  We agree with the Debtors'

5    description of the resolution that was reached on LSI's

6    motion and we support granting the motion on the terms set

7    forth in the Proposed Order.

8          In reaching agreement on the terms of this

9    settlement being put forward today, LSI has relied upon the

10   information that was provided by the Debtors' professionals.

11   With respect to, among other things, potential claims

12   against the U.S. Debtors and the amount of the U.S. cash on

13   hand that may be available for current distributions to

14   unsecured creditors.  And Chris Kerns at BRG Capstone with

15   whom we've worked closely over the years was very helpful as

16   was counsel to the U.S. Debtors.

17         LSI wants to be clear that they do not doubt the

18   effort that's being put forth by the Debtors' estate and

19   their professionals in attempting to recover value for

20   Nortel's U.S. creditors.

21         We do want to say that it is truly unfortunate

22   that it's taken more than seven years for a distribution to

23   be made to creditors, other than professionals in these

24   cases.  This fact is particularly troubling to LSI because

25   the Debtors' operation ceased long ago and the sole primary

1 issue that remains in these cases is dividing up the

2 billions of dollars of proceeds generated from the Debtors'

3 asset sales.  Such proceeds should be viewed as the property

4 of the Debtors' creditors, who are the beneficiaries of the

5 Debtors' estate.

6           We would urge the Court and the parties in

7 interest to continue to keep in mind that there are real

8 creditors and individuals in these cases that are anxiously

9 awaiting a distribution of the proceeds to which they're

10 entitled.  It's imperative that the disputes over such

11 proceeds be resolved as soon as possible, so that Nortel's

12 true parties in interest receive what they are rightfully

13 owed.  And we would just ask the Court and all parties in

14 interest to strive towards that result promptly.

15           And one note, with respect to Ms. Schweitzer's

16 description of the relief in the Order.  Again, we agree

17 with the terms of the Proposed Order and we think they're

18 straightforward.

19           With respect to the language in Paragraph 10 and

20 which is the remainder of the relief being withdrawn with

21 prejudice or without prejudice to LSI's rights, and to seek

22 relief based on the showing of cause, Ms. Schweitzer in an

23 aside, you know, five to seven years from now, I think the

24 language in the Order is straightforward.  I just want to

25 make clear that we are no way agreeing to waiting five to

1    seven years.  We think the language in the Order is

2    straightforward.  We have no intention of coming back next

3    week seeking additional relief on the terms set forth in the

4    motion, but I just wanted to clarify that point, but there's

5    -- we haven't agreed to any particular timetable.  We agreed

6    to the language in the Order.  And on that, I think that's

7    it, thank you.

8            THE COURT:  All right, thank you.  And I

9    certainly understood that Ms. Schweitzer wasn't suggesting

10   five to seven years, but was just, you know, sort of using

11   numbers that may or may not be applicable.  Thank you.

12           MR. RECKMEYER:  Thank you, Your Honor.

13           THE COURT:  Mr. Dean, good morning.

14           MR. DEAN:   Thank you, Your Honor.  Good morning.

15   Good to see you.  For the record, David Dean of Cole Schotz

16   on behalf of SNMP Research, Inc., and SNMP International,

17   Inc.

18           As we said in the response that we filed to the

19   Debtors' response purporting to resolve this motion of LSI,

20   we don't have any objection to the basic concept of making

21   interim distributions to creditors.  In fact, we think that

22   -- we were actually happy to see that LSI was exerting what

23   we think is appropriate pressure on Nortel in this case to

24   make payments to creditors other than the professionals

25   under Interim Compensation Orders in this case.

1          So when we saw the motion, which proposed to make

2     distributions to all administrative expense creditors and to

3     place appropriate reserves, the proposal in the motion was

4     that the cash on hand would be used to reserve $100 million

5     for future allowed administrative expense claims, we didn't

6     have a general problem with that, so we didn't respond to

7     that motion.

8               THE COURT:  Right.

9               MR. DEAN:  But when we saw what the Debtors filed

10    on Thursday, which was a material difference from what was

11    proposed in the motion, we decided that we had to speak up

12    because not only does the motion, the proposal materially

13    differ from what LSI proposed in its request for relief, it

14    does so with a direct detriment to SNMP.

15              In fact, in the Debtors' response, the Debtor in

16    explaining that they don't know all of the allowed or

17    potential administrative expense claims, specifically

18    targeted SNMP's claim.  No others, other than SNMP's claim,

19    saying that SNMP is asserting a claim for $200 million in

20    the adversary proceeding that's pending before Your Honor,

21    and that we don't agree with that claim, and we don't know

22    what other claims may be out there as well because seven

23    years into the case, we still haven't set an administrative

24    claim bar date for whatever reason.

25              Now Ms. Schweitzer -- I'm not here to litigate

1   SNMP's claim today, but I will make a couple of comments in

2   response to Ms. Schweitzer's point that this claim is

3   heavily contingent on the profit portion of the claim that

4   relates to the sale transfers.

5          THE COURT:  Right.

6          MR. DEAN:  As we -- as I told you last Wednesday

7   during our status conference, Your Honor, we have other very

8   substantial claims in this case, contributory infringement

9   against the Debtors with respect to the infringement of

10  Avaya.  We have post sale use claims -- I'm sorry, pre-sale

11  post-petition use claims that for which we think we are also

12  entitled to profits.  And those issues have never been

13  litigated before the Court.  And we also have actual damages

14  with respect to the transfer claims relating to sales, as

15  well as, the post-petition pre-sale use claims.

16         And SNMP just to remind the Court, also has

17  substantial unsecured claims against the Debtors that are

18  not subject to the adversary proceeding, but for which we

19  may, at some point in the near future, seek to consolidate

20  the adversary proceeding with the proofs of claim because

21  the issues with the post-petition pre-sale use claims are

22  virtually the same as the issues raised in the pre-petition

23  proofs of claim.

24         But back to the settlement that's being proposed

25  today, Your Honor.  We believe that it prejudices SNMP in

1  two material respects.  The first is that the Debtors want

2  to pay allowed administrative expenses claims that have been

3  allowed or not disputed in the schedules, without committing

4  to paying future allowed administrative expense claims,

5  while continuing to pay professionals post-petition under

6  Interim Compensation Orders.

7           And, you know, the Debtors, I don't think can

8  have it both ways.  They can't say well, we don't know

9  whether there's going to be enough money at the end of the

10 day at -- with respect to the cash on hand, to pay all

11 administrative expense claims on a pari passu basis,

12 immediately as soon as they become allowed.  And so that

13 some administrative expense Claimants, specifically, SNMP,

14 you may have to wait, possibly many years, until this

15 allocation appeal, which I understand is now pending direct

16 certification to Third Circuit gets resolved.  And maybe it

17 will go to the Supreme Court, we don't know.  Maybe it will

18 be reversed or remanded.  We don't know how it's going to

19 go.  And then a plan has to get confirmed.  So it could be

20 many years before SNMP were paid, if the money were laid

21 out.

22           Now if the Debtors actually had the money to pay

23 SNMP's potential administrative expense claim and all other

24 potential administrative expense claims, then they should

25 commit to do it in the Order.

1                The second concern we have, Your Honor --

2                THE COURT:  Well, your claim is being disputed at

3    the moment in the litigation, so --

4                MR. DEAN:  Correct.

5                THE COURT:  -- what is being proposed to me here

6    is payment of basically allowed or undisputed claims.

7                MR. DEAN:  Correct.  And like most plans I see,

8    Your Honor, if this were done through a plan, the Debtors

9    would be required to place adequate reserves for disputed

10   claims until they're allowed or they would not be permitted

11   to make distributions unless they were committing to make

12   the distributions.

13               And that's the second reason why it prejudices us

14   because LSI proposed a reserve of $100 million.  And I'm not

15   giving any position on whether that's the right number or

16   not, but at least it's something.  The Debtors don't want to

17   put any reserve on SNMP's or any other potential allowed

18   administrative expense claims.  They want to pay all these

19   others, continue to pay the professionals, and not pay --

20   not account for the disputed claims, which if allowed, are

21   entitled to the same treatment and should be paid promptly

22   as all other administrative expense claims.  And the reason

23   why it's important in this case as I mentioned is we don't

24   know when the plan is going to be confirmed.

25               And as Your Honor ruled last week, we're now on a

1  pretty tight timeframe with respect to our trial.  And if

2  the Avaya portion of the claim goes away, as we anticipate

3  it will, we anticipate that Your Honor will be the one

4  having the trial in that case and we don't anticipate

5  renewing our Motion to Withdraw the Reference unless Avaya

6  for some reason stays in the case.  So we could have a

7  pretty prompt trial in this case that could happen years

8  before the allocation dispute is resolved and that's why

9  we're here today.

10         So we don't have a problem with money going out

11  to administrative expense creditors, but what we do have a

12  problem with is we don't think the Debtors should be

13  permitted to do it, without committing to pay all allowed

14  administrative expense claims when such disputed or unknown

15  claims become allowed, and placing appropriate reserves.

16         And if they don't know, we're seven years into

17  the case, I think they should have a pretty good idea of who

18  their administrative expenses claims or potential

19  administrative expense claims are, but if they don't know,

20  if their reason is we don't know, well then it's really

21  simple.  Set a bar date.  Set a bar date and then hold the

22  money back until the bar date's set and then you can look at

23  the claims that are filed and establish an appropriate

24  reserve so that we can assure that everybody here who have

25  allowable administrative expense claims, regardless of

1  whether they're currently disputed, are getting treated

2  equally, Your Honor.

3          So unless Your Honor has any further questions,

4  that's all I have.

5          THE COURT:  All right.

6          MR. DEAN:  Thank you.

7          THE COURT:  Thank you, Mr. Dean.  Ms. Schweitzer?

8          MS. SCHWEITZER:  Unless --

9          THE COURT:  Anyone else, first?

10                 (No audible response.)

11         THE COURT:  All right.  It's up to you, Ms.

12 Schweitzer.

13         MR. HANRAHAN:  Actually, yes, Your Honor.  Could

14 I be heard briefly?

15         THE COURT:  Yes.  Who is this, I'm sorry?

16         MR. HANRAHAN:  I'm sorry, this is Andrew Hanrahan

17 from Wilke, Farr & Gallagher for the UK Pension Claimants.

18         THE COURT:  All right.

19         MR. HANRAHAN:  We just wanted to address one

20 issue briefly.  And I think Ms. Schweitzer touched on this

21 earlier, but it's just that our understanding of the

22 Proposed Order is that there's no impact here on any party's

23 ability to argue whether these claims should count for

24 allocation purposes.  In other words, the Order as we read

25 it is neutral as to allocation.

1          So I don't think it requires any changes to the

2     Proposed Order.  And our reading of Paragraph 4 is that the

3     Order has no impact on any arguments as to allocation, but

4     we just wanted to raise that issue now and reserve our

5     rights in case there's any disputes on that down the road.

6               THE COURT:  All right, thank you.

7               MR. HANRAHAN:  Thank you, Your Honor.

8               THE COURT:  Anyone else before I hear from Ms.

9     Schweitzer?

10                   (No audible response.)

11              THE COURT:  Okay.  Ms. Schweitzer?

12              MS. SCHWEITZER:  Your Honor, thank you.  To start

13    with where we just finished, we had talked to counsel for

14    the UK Pension folks last week and I think as he noted, we

15    actually agree and the Order reflects --

16              THE COURT:  Yes.

17              MS. SCHWEITZER:  -- that's there's no prejudice

18    to the Debtors or parties regarding the allocation process

19    and the treatment of claims there under.

20              THE COURT:  That's right.

21              MS. SCHWEITZER:  To address SNMP's objection,

22    which I think also picks up in things mentioned by LSI and

23    others and also deals with things specifically to SNMP.  To

24    start off, there is a couple statements made today about the

25    idea that parties have done their job to put pressure on the

1    Debtors and that this would all be seen as a sign of putting

2    effective pressure on the Debtors to do things that they

3    wouldn't normally do and that we should all be reminded to

4    act in the best interest of the creditors and move forward

5    expeditiously.

6              It's certainly helpful to hear LSI acknowledge

7    that the Debtors have been working to preserve and maximize

8    the benefit of those dates and the interest and recoveries

9    of the general unsecured creditors because that, in fact,

10   has been the primary focus of the Debtors is to maximize the

11   estates and get the money out to the creditors under a plan

12   and to bring these cases to final resolution.

13             It would be an unfortunate result if the

14   creditors on the phone or in the courtroom today viewed this

15   as an effective strategy going forward is that every time

16   someone wants attention from the Court, they file another

17   motion to pay my claim, pick me off, or otherwise, I'll

18   convert the case or I'll make other statements about putting

19   pressure on the Debtors.

20             As you can see from the responses filed to this

21   initial request, while interim distributions or

22   distributions to creditors generally are always a great idea

23   and everyone can support them in theory, that they bring

24   forward a lot of issues and secondary questions and can

25   ultimately, while they have the benefit of hopefully getting

1   money into people's hands, result in distraction and tee

2   forward other arguments.  And quite frankly, raise the cost

3   of administering the estate, in a way that we're really

4   trying to balance and work effectively here.

5           And so I would hope that the parties can

6   recognize that the Debtors make the proposition of paying a

7   limited amount of claims having taken into account all these

8   ideas, and having a concern with now if this is a go forward

9   strategy of one off motions, rather than orderly

10  distributions under the plan.  That would be a bad thing.

11          Or if we were ultimately told today, just pay

12  everyone.  You have two sources of the assets, cash on hand

13  and some amount that you'll ultimately get out of a lock

14  box, which isn't determined today, but just pay everyone.

15  Start paying from cash on hand.  But that effectively is

16  putting the cart before the horse and would not ultimately

17  be in the best interest of the Debtors and could result in

18  prejudice to the Debtors and other creditors, and would

19  require a whole bunch of showings and discussions and team

20  forth of issues that you're seeing only in a little sampling

21  of today.

22          With that said, while SNMP is obviously

23  disappointed that they're not on Exhibit A or Exhibit 1 to

24  the motion in the Order and their claim is not being paid

25  today, I think that their statements before the Court,

1  ultimately show exactly why we thread the needle the way we

2  did.

3          In that, they said look, there are two forms of

4  prejudice, why pay some people, not pay everyone?  As I

5  said, that we want to pay everyone exactly the way they

6  described.  If this were done under a plan, under a plan,

7  you'd pay everyone at the same time, you set reserves for

8  people.  And the reason that we got comfortable saying let's

9  just take this subset of people who have allowed claims and

10 are finally determined is because their claims are finally

11 determined, they're not going to file more claims against

12 us.  They're fixed, they're allowed, they're not going to be

13 amended, they're not further -- subject to further

14 litigation.  And is a small enough number, $14 million out

15 of the 500 cash, million cash on hand as opposed to its

16 tally of the resources, that we can get comfortable that the

17 factors are met.

18          Mr. Dean said, well just set a bar date.  The

19 reason administrative bar dates haven't been sent in this

20 case is the same reason they have in most cases which is you

21 typically set them at the end of the case because they're at

22 least theoretically and, in fact, real practice, accruing.

23 We still have tenancy obligations.  We still have employees

24 that are -- or people working for the estates that are

25 individuals and that, you know, doing the operational or the

1   financial reporting, whatever it is, who still need to get

2   paid.  We have all sorts of obligations that continue to

3   accrue and you normally set the administrative bar date at

4   the end.  So any bar date that would be set, again, wouldn't

5   really obviate those concerns in full, which is why you'd

6   normally wait to do things under a plan.

7           Obviously, their second concern is but then you

8   should pay me.  You should at least promise to pay me.  You

9   should have enough money.  And if you don't, from your cash

10  on hand, again, as opposed to this larger pool of access

11  we'll ultimately have, then you should be concerned, pay me,

12  promise to pay everyone, or don't pay everyone at all.

13          Mr. Dean had told Your Honor last week, it's

14  always good when we come to the Court because we learn new

15  information.  In the same way, it's always good for us to

16  come to the Court and hear him talk because we learn new

17  information as well.  As he gave you a litany of all these

18  other claims he has, I had mentioned to Your Honor, the pre-

19  petition claim of $8 million which was amended upward from a

20  couple hundred thousand dollars, again, not relevant to the

21  motion, particularly.  I mentioned to Your Honor the post-

22  sale claims.  But he also informed Your Honor, we have all

23  these pre-sale claims which as Your Honor knows, we've been

24  asking, tell us your number, tell us your amount.  They'll

25  have all their answers as to why they haven't told you, but

1  they've never told us.  That's still a TBD issue.

2         That said, and we are happy to propose it, if

3  everyone really believes that this is an effective way of

4  proceeding is we do have trials coming up in that case, but

5  if Mr. Dean thinks it's appropriate right now to have a

6  separate estimation hearing on his post-petition claim, I

7  think that that would be personally, a waste of

8  administrative resources.  He might not like the answer he's

9  going to get in terms of setting a reserve, but certainly,

10  we'd say it's not $200 million.  We would take the position,

11  certainly as an administrative claim, it's zero because

12  there's a priority and an amount distribution.  But if he

13  thinks he needs or wants to have a mini-trial on that, I

14  guess it's always be careful what you ask for, but he is

15  entitled to ask for that.

16         I don't think that paying $14 million otherwise

17  changes the balance of how his claims are preserved or

18  affected.  He didn't come in and ask for this relief

19  yesterday and the only fact that changes before Your Honor

20  is our request to pay $14 million in cash out to creditors.

21  And I don't think that really changes the dynamic or it

22  prejudices him any way, but I leave it to Your Honor to

23  decide how to proceed on that basis.

24         THE COURT:  All right.

25         MS. SCHWEITZER:  So with that, I believe you've

1  heard from the parties and we respectfully request that you

2  grant the Order as amended.  I'm obviously happy to answer

3  other questions.

4           THE COURT:  All right.  Thank you, Ms.

5  Schweitzer.

6           MS. SCHWEITZER:  Thank you.

7           THE COURT:  Well I'm certainly going to grant the

8  motion.  I think as Ms. Schweitzer used the term, thorny

9  mess, the motion that LSI originally filed, certainly would

10 have created difficulties.  And the motion that I have today

11 or I should say, the resolution that I have today, resolves

12 that mess.  And I recognize that LSI has reserved its rights

13 to bring other motions before the Court at an appropriate

14 time.  And frankly, to determine when it believes is an

15 appropriate time, but certainly not immediately.  This

16 matter is resolved for present purposes.

17           As far as SNMP is concerned, I think that it

18 falls outside of the undisputed allowed claims which the

19 resolution addresses.  And I find that the resolution,

20 frankly, to be -- I find it to be very fair, and equitable,

21 and modest, and does not really affect the rights of others

22 to any great extent.

23           And so, with that, I am prepared to sign the

24 Order and to grant the relief.

25           MS. SCHWEITZER:  Thank you, Your Honor.  There's

1  one other matter --

2            THE COURT:  Yes.

3            MS. SCHWEITZER:  -- which is just a passing

4  mention.  The -- there were reports in the press last week

5  as to the fact that the parties were engaging in mediation.

6  And Your Honor knows that the parties have been working

7  through the allocation disputes, generally.  And that Judge,

8  former Judge Farnan has been sitting as a Mediator appointed

9  last year by the District Court.

10            THE COURT:  Yes.

11            MS. SCHWEITZER:  Those mediation efforts have

12  been ongoing from time-to-time and we certainly haven't made

13  a point of commenting publicly every time people met, but

14  just because we're in front of Your Honor, you might have

15  seen the reports that weren't formally released by anyone.

16  We just felt we would update Your Honor to let you know

17  that, in fact, the parties do continue to mediate and are

18  continuing to mediate.

19            So there's nothing more to report other than that

20  at this point, but we just wanted to let you know just

21  because we happen to be in front of you the day after you

22  might have read it about in the paper.

23            THE COURT:  All right.  All right.  Thank you for

24  that.  And keep mediating and keep hoping -- hopefully,

25  working to resolve the matter.

1          MS. SCHWEITZER:  Thank you, Your Honor.

2          THE COURT:  And I'll take that as the final word,

3    at least for the moment.

4          MS. SCHWEITZER:  Thank you.

5          THE COURT:  All right, everyone.  Well, look, I

6    appreciate your attendance.  I appreciate the motion and

7    that LSI filed and I appreciate the resolution.

8          MS. SCHWEITZER:  Thank you, Your Honor.

9          THE COURT:  All right.  And with that, we will

10   stand in recess and I thank you all.

11   (Whereupon, at 10:40 a.m., the hearing was adjourned.)

12

13                   CERTIFICATION

14        I certify that the foregoing is a correct

15   transcript from the electronic sound recording of the

16   proceedings in the above-entitled matter.

17

18

19   _____      June 9, 2016 __
20   Traci L. Calaman Transcriber              Date
21   Diaz Transcription Services

| Word | Page:Line |
|---|---|
| **a.m.**(1) 1:15  6:1  38:11 | |
| **abbott**(8) 3:1  6:3  6:4  6:7  6:9  6:13  6:16  6:17 | |
| **ability**(2) 14:21  29:23 | |
| **about**(5) 9:18  12:10  30:24  31:18  37:22 | |
| **aboveentitled** (1) 38:16 | |
| **access**(1) 34:10 | |
| **account**(2) 22:7  32:7 | |
| **accrue**(1) 34:3 | |
| **accruing**(1) 33:22 | |
| **acknowledge**(1) 31:6 | |
| **act**(1) 31:4 | |
| **actual**(1) 25:13 | |
| **actually**(4) 23:22  26:22  29:13  30:15 | |
| **adam**(1) 5:17 | |
| **add**(2) 13:18  13:20 | |
| **added**(2) 10:16  16:18 | |
| **adding**(1) 11:15 | |
| **additional**(3) 14:14  14:16  23:3 | |
| **address**(2) 29:19  30:21 | |
| **addresses**(1) 36:19 | |
| **adequate**(1) 27:9 | |
| **adjourned**(1) 38:11 | |
| **administer**(1) 13:13 | |
| **administered**(1) 11:6 | |
| **administering**(1) 32:3 | |
| **administrative**(38) 7:13  8:8  9:1  9:2  9:3  9:22  10:10  12:8  12:9  12:22  13:5  13:5  13:14  14:14  15:1  15:15  16:7  24:2  24:5  24:17  24:23  26:2  26:4  26:11  26:13  26:23  26:24  27:18  27:22  28:11  28:14  28:18  28:19  28:25  33:19  34:3  35:8  35:11 | |
| **administrators**(1) 3:41 | |
| **adversary**(3) 24:20  25:18  25:20 | |
| **affect**(3) 11:1  16:19  36:21 | |
| **affected**(1) 35:18 | |
| **affecting**(2) 10:20  15:25 | |
| **affirmatively**(2) 9:24  12:15 | |
| **after**(4) 10:14  17:10  17:22  37:21 | |
| **again**(7) 8:7  16:9  19:20  22:16  34:4  34:10  34:20 | |
| **against**(7) 9:22  11:23  16:11  21:12  25:9  25:17  33:11 | |
| **agenda**(1) 6:14 | |
| **ago**(1) 21:25 | |
| **agree**(4) 21:4  22:16  24:21  30:15 | |
| **agreed**(5) 7:8  17:15  18:3  23:5  23:5 | |
| **agreeing**(2) 9:5  22:25 | |
| **agreement**(2) 20:6  21:8 | |
| **akin**(3) 2:23  3:46  18:18 | |
| **al.**(1) 1:8 | |
| **alberto**(1) 2:32 | |
| **all**(44) 6:16  7:10  10:12  12:8  12:22  14:6  14:21  15:22  16:25  17:3  17:4  18:14  19:17  20:12  21:3  22:13  23:8  24:2  24:16  26:10  26:23  27:18  27:23  28:23  29:4  29:5  29:11  29:18  30:6  31:1  31:3  32:7  34:2  34:17  34:22  34:25  35:4  36:4  37:23  37:23  38:2  38:5  38:9  38:10 | |
| **allen**(1) 31:6 | |
| **allocation**(11) 15:19  15:20  16:2  16:6  26:15  28:8  29:24  29:25  30:3  30:18  37:7 | |
| **allowable**(1) 28:25 | |
| **allowed**(19) 9:24  12:15  14:11  14:15  14:25  24:16  26:2  26:3  26:4  26:7  27:10  27:17  27:20  28:13  28:15  33:9  33:12  36:18 | |
| **already**(1) 19:3 | |
| **also**(15) 8:5  10:11  10:18  10:21  12:7  13:20  14:24  15:6  17:11  25:11  25:13  25:16  30:22  30:23  34:22 | |
| **always**(4) 31:22  34:14  34:15  35:14 | |
| **amended**(3) 33:13  34:19  36:2 | |
| **amer**(1) 5:21 | |
| **america**(1) 2:27 | |
| **among**(1) 21:11 | |
| **amount**(49) 10:7  11:16  21:12  32:7  32:13  34:24  35:12  8:3  8:3  8:4  8:6  8:8  8:12  8:13  8:18  8:22  9:4  9:5  9:6  9:7  9:8  9:9  9:12  9:19  9:22  10:5  10:11  10:16  10:18  10:19  11:1  11:8  11:9  11:9  11:15  12:3  12:17  12:22  12:24  13:2  13:4  13:7  13:8  13:10  13:13  13:20  13:22  14:8  14:13  14:14  14:21  14:23  15:1  15:3  15:5  15:8  15:22  15:23  16:1  16:6  16:17  16:24  17:6  17:10  17:13  17:15  17:18  17:19  17:21  18:2  18:9  18:10  19:5  19:7  19:15  19:16  20:4  20:6  20:9  20:9  20:14  21:12  21:14  21:18  21:25  22:6  22:8  22:13  22:17  22:19  22:21  23:6  23:8  23:16  23:24  24:4  24:21  24:24  25:12  25:13  25:16  26:12  26:16  26:19  26:23  27:7  27:13  27:14  27:19  27:21  27:25  28:1  28:4  28:8  28:15  28:16  28:21  28:22  28:23  29:20  30:2  30:4  30:14  30:15  30:19  30:22  30:23  31:1  31:3  31:4  31:7  31:8  31:10  32:1  32:4  32:5  32:8  32:13  32:16  32:17  32:18  32:18  32:19  32:19  32:24  33:8  33:9  33:14  33:19  33:25  35:2  35:12  35:18  35:19  35:21  36:1  36:2  36:21  36:23  36:24  36:25  37:7  37:12  37:17  37:24  37:24  38:2  38:6  38:7  38:9  38:10 | |
| **andrew**(3) 4:19  4:23  39:16 | |
| **andrews**(2) 4:36  20:21 | |
| **another**(1) 31:16 | |

| Word | Page:Line |
|---|---|
| **answer**(2) 35:8  36:2 | |
| **answers**(1) 34:25 | |
| **anticipate**(2) 28:23  28:4 | |
| **anxiously**(1) 22:8 | |
| **any**(26) 12:8  15:14  16:6  16:10  16:11  16:20  16:23  18:5  19:4  19:5  19:12  19:12  20:5  23:5  23:20  27:15  27:17  27:17  29:3  29:22  30:1  30:3  30:5  34:4  35:22  36:22 | |
| **anyone**(5) 19:18  20:19  29:9  30:8  37:15 | |
| **anything**(1) 15:8 | |
| **appeal**(1) 26:15 | |
| **appearances**(3) 3:27  4:1  5:1 | |
| **appearing**(1) 7:7 | |
| **applicable**(3) 14:22  16:25  23:11 | |
| **apply**(1) 15:4 | |
| **appointed**(1) 37:8 | |
| **appreciate**(3) 38:6  38:6  38:7 | |
| **approach**(1) 13:21 | |
| **appropriate**(6) 8:3  8:20  16:24  18:8  23:23  24:3  28:15  28:23  35:5  36:13  36:15 | |
| **approved**(1) 20:7 | |
| **april**(1) 7:21 | |
| **are**(40) 6:4  6:6  6:9  9:9  9:21  9:23  11:7  13:18  14:12  14:19  14:23  16:5  16:7  16:7  16:8  16:8  18:10  20:8  22:4  22:7  22:8  23:18  25:11  25:17  25:21  27:20  28:19  28:23  29:1  31:22  33:3  33:10  33:10  33:17  33:24  33:24  35:2  35:17  37:17 | |
| **aren't**(1) 16:10 | |
| **argue**(1) 29:23 | |
| **arguments**(2) 30:3  32:2 | |
| **armstead**(1) 4:8 | |
| **arps**(1) 3:19 | |
| **arsht**(1) 1:30 | |
| **aside**(2) 12:23  22:23 | |
| **ask**(4) 22:13  35:14  35:15  35:18 | |
| **asking**(2) 12:18  34:24 | |
| **asserting**(1) 24:19 | |
| **asset**(1) 22:3 | |
| **assets**(1) 32:12 | |
| **assure**(1) 28:24 | |
| **attempting**(1) 21:19 | |
| **attendance**(1) 38:6 | |
| **attention**(1) 31:16 | |
| **attorney's**(2) 18:4  18:6 | |
| **attributable**(1) 16:16 | |
| **audible**(2) 19:10  30:10 | |
| **authority**(2) 11:14  14:21 | |
| **available**(1) 21:13 | |
| **avaya**(3) 2:35  10:8  28:25 | |
| **ave**(1) 2:23 | |
| **avenue**(1) 2:46 | |
| **avoiding**(1) 19:12 | |
| **awaiting**(1) 22:9 | |
| **aware**(2) 11:22  13:11 | |
| **away**(1) 38:21 | |

| Word | Page:Line |
|---|---|
| **back**(4) 17:23  23:2  23:24  28:22 | |
| **bad**(1) 32:10 | |
| **balance**(4) 8:17  12:12  32:4  35:17 | |
| **balances**(1) 19:10 | |
| **baltimore**(1) 3:9 | |
| **bank**(1) 2:27 | |
| **bankruptcy**(2) 1:1  1:20 | |
| **bar**(9) 3:3  24:24  28:21  28:21  28:22  33:18  33:19  34:3  34:4 | |
| **based**(2) 15:20  22:22 | |
| **basic**(2) 11:7  23:20 | |
| **basically**(5) 8:14  10:19  15:17  16:19  27:6 | |
| **basis**(2) 26:11  35:23 | |
| **bassett**(1) 4:18 | |
| **bayard**(1) 2:31 | |
| **because**(16) 14:15  15:1  17:7  21:24  24:12  24:22  25:20  27:14  31:9  33:10  33:21  34:14  34:16  35:11  37:21 | |
| **become**(3) 7:9  26:12  28:15 | |
| **been**(14) 7:22  9:3  12:14  15:9  18:22  25:12  26:2  31:7  31:10  33:19  34:2  37:6  37:8  37:12 | |
| **before**(17) 1:19  10:25  10:25  11:5  11:22  14:15  14:22  15:11  24:20  25:13  26:20  28:8  30:8  32:16  32:25  35:19  36:13 | |
| **behalf**(3) 18:19  19:25  23:16 | |
| **being**(11) 15:8  16:1  16:15  16:16  21:9  21:18  22:20  25:24  27:2  27:5  32:24 | |
| **believe**(4) 8:19  12:12  25:25  35:25 | |
| **believes**(2) 35:3  36:14 | |
| **belknap**(1) 4:13 | |
| **beneficiaries**(1) 22:4 | |
| **benefit**(3) 19:25  31:8  31:25 | |
| **best**(2) 31:4  32:17 | |
| **between**(1) 13:8 | |
| **billions**(1) 22:2 | |
| **bird**(1) 3:13 | |
| **black**(1) 14:2 | |
| **bloomberg**(2) 5:24  5:25 | |

| Word | Page:Line |
|---|---|
| **bondholders**(2) 2:38  4:18 | |
| **both**(1) 26:8 | |
| **box**(8) 3:15  7:15  7:23  8:6  12:17  16:2  17:10  32:14 | |
| **brad**(2) 2:25  18:18 | |
| **brannick**(1) 3:6 | |
| **brg**(1) 21:14 | |
| **brian**(1) 3:34 | |
| **brickley**(1) 3:30 | |
| **brief**(2) 19:1  21:2 | |
| **briefly**(2) 29:14  29:20 | |
| **bright**(1) 12:13 | |
| **bring**(5) 7:24  19:7  31:12  31:23  36:13 | |
| **brown**(1) 5:8 | |
| **bryant**(1) 2:26 | |
| **buchanan**(1) 2:3 | |
| **bunch**(1) 32:19 | |
| **but**(37) 8:16  10:8  10:12  10:24  11:10  11:16  11:25  12:11  15:13  17:14  17:23  18:7  23:4  23:4  23:10  24:9  25:1  25:18  25:24  27:16  28:11  29:18  29:21  30:3  32:14  32:15  34:7  34:22  34:20  35:4  35:9  35:12  35:14  35:22  36:15  37:13  37:20 | |
| **calaman**(1) 38:20 | |
| **calendar**(1) 6:25 | |
| **calling**(1) 11:6 | |
| **came**(1) 9:17 | |
| **can**(15) 10:1  10:18  12:19  13:21  15:8  16:22  17:11  26:7  28:22  28:24  31:20  31:23  31:24  32:5  33:16 | |
| **can't**(2) 16:24  26:8 | |
| **canadian**(1) 5:4 | |
| **cantor**(2) 4:22  4:22 | |
| **cap**(1) 18:8 | |
| **capstone**(1) 21:14 | |
| **careful**(1) 35:14 | |
| **carefully**(1) 19:10 | |
| **caress**(1) 4:33 | |
| **cart**(1) 32:16 | |
| **case**(16) 1:5  4:5  23:23  23:25  24:23  25:8  27:23  28:4  28:6  29:7  30:5  31:18  33:20  33:20  33:21  35:4 | |
| **cases**(7) 19:9  19:7  21:24  22:1  22:8  31:12  33:20 | |
| **cash**(16) 7:14  8:9  8:16  8:18  13:11  14:20  16:15  21:12  24:4  26:10  32:12  32:15  33:15  33:15  34:9  35:20 | |
| **cause**(4) 13:12  13:12  17:20  22:22 | |
| **caveats**(1) 15:22 | |
| **ceased**(1) 21:25 | |
| **cede**(2) 6:14  18:13 | |
| **center**(1) 2:12 | |
| **certain**(1) 7:1 | |
| **certainly**(10) 12:23  20:25  23:9  31:6  35:9  35:11  36:7  36:9  36:15  37:12 | |
| **certification**(2) 26:16  38:13 | |
| **certify**(1) 38:14 | |
| **change**(1) 17:21 | |
| **changed**(1) 17:24 | |
| **changes**(6) 13:17  17:18  30:1  35:17  35:19  35:21 | |
| **chapter**(2) 1:8  19:7 | |
| **charles**(1) 3:42 | |
| **chris**(1) 21:14 | |
| **christopher**(1) 2:11 | |
| **circle**(2) 9:20  9:21 | |
| **circuit**(1) 21:16 | |
| **circumscribed**(1) 8:16 | |
| **circumstances**(1) 17:21 | |
| **claim**(37) 5:8  9:1  10:6  10:11  10:22  11:8  11:15  11:23  11:24  12:15  12:18  12:21  12:23  13:21  14:19  15:7  15:8  15:9  15:14  18:18  24:19  24:21  24:24  24:24  34:19  13:5  14:12  14:12  14:17  14:18  14:19  14:23  14:25  15:2  16:5  15:6  15:13  15:16  15:20  15:24  15:25  16:1  16:13  16:20  16:21  17:4  18:5  21:11  24:5  24:17  24:22  25:08  25:18  25:20  26:2  26:5  26:11  26:17  27:18  27:20  27:22  28:14  28:18  28:22  28:23  28:25  29:23  30:19  32:7  33:9  33:10  33:11  34:18  34:22  34:23  35:17  36:18 | |
| **claimants**(3) 2:31  26:13  29:17 | |
| **claims**(83) 3:12  7:14  7:16  8:8  8:9  9:2  9:4  9:18  9:21  9:22  10:8  10:11  10:12  12:2  12:8  12:9  12:14  13:5  13:14  14:12  14:12  14:14  14:17  14:18  14:19  14:23  14:25  15:2  15:5  15:6  15:13  15:16  15:16  15:20  15:20  15:24  16:1  16:13  16:20  16:21  17:4  18:5  21:11  24:5  24:17  24:22  25:08  25:18  25:20  26:2  26:5  26:11  26:17  27:18  27:20  27:22  28:14  28:18  28:22  28:23  28:25  29:23  30:19  32:7  33:9  33:10  33:11  34:18  34:22  34:23  35:17  37:18 | |
| **clear**(1) 23:4 | |
| **clear**(5) 16:3  16:15  17:3  21:17  22:25 | |
| **clearly**(2) 10:12  12:13 | |
| **cleary**(1) 1:24  6:22 | |
| **close**(2) 13:17  19:8 | |
| **closely**(1) 21:15 | |
| **cole**(2) 3:24  3:15 | |
| **come**(7) 8:19  9:6  9:7  9:10  34:14  34:16  35:18 | |
| **comes**(1) 12:24 | |
| **comfort**(1) 18:6 | |
| **comfortable**(4) 11:10  13:10  33:8  33:16 | |
| **coming**(4) 7:7  12:18  23:2  35:4 | |
| **comments**(1) 37:13 | |
| **commenced**(1) 25:1 | |
| **commit**(1) 26:25 | |

| Word | Page:Line |
|---|---|
| **committed**(1) 7:24 | |
| **committee**(7) 2:11  2:24  3:46  5:5  18:19  18:25  19:16 | |
| **committee's**(1) 19:2 | |
| **committing**(3) 26:3  27:11  28:13 | |
| **company**(3) 5:29  5:20  5:21 | |
| **compensation**(2) 23:25  26:6 | |
| **compliance**(2) 9:25  15:3 | |
| **comply**(1) 16:25 | |
| **concept**(1) 23:20 | |
| **concern**(7) 7:23  9:3  15:17  19:3  27:1  32:8  34:7 | |
| **concerned**(2) 34:11  36:17 | |
| **concerns**(3) 7:21  11:13  34:5 | |
| **condition**(1) 16:22 | |
| **conference**(4) 7:20  8:12  13:2  25:7 | |
| **confirmed**(2) 26:19  27:24 | |
| **connected**(1) 8:13 | |
| **consensual**(1) 18:2 | |
| **considering**(1) 20:6 | |
| **consider**(1) 9:21 | |
| **consolidate**(1) 25:19 | |
| **consortium**(2) 3:13  5:9 | |
| **contains**(2) 15:6  16:14 | |
| **contested**(1) 11:23 | |
| **context**(1) 12:6 | |
| **contingent**(1) 25:3 | |
| **continue**(4) 22:7  27:19  34:2  37:17 | |
| **continued**(4) 2:2  3:2  4:2  5:2 | |
| **continuing**(2) 26:5  37:18 | |
| **contribution**(1) 18:6 | |
| **contributory**(1) 25:3 | |
| **conversion**(1) 17:11 | |
| **convert**(1) 31:18 | |
| **corporation**(1) 20:1 | |
| **correct**(3) 27:4  27:7  38:14 | |
| **cost**(1) 32:2 | |
| **could**(10) 13:11  13:21  17:20  18:5  19:13  26:19  28:6  28:7  29:13  32:17 | |
| **counsel**(2) 21:16  30:13 | |
| **count**(1) 29:23 | |
| **couple**(6) 10:15  20:23  22:1  25:1  30:24  34:20 | |
| **court**(81) 6:11  6:2  6:6  6:8  6:12  6:16  6:18  7:5  7:10  7:18  8:10  9:16  9:25  10:4  10:13  10:18  10:25  11:19  11:22  12:16  13:19  13:23  14:1  14:4  14:6  15:21  17:12  18:14  18:17  18:21  18:24  19:14  19:17  19:21  19:23  20:12  20:14  20:17  20:19  20:22  20:25  21:3  22:16  22:13  23:8  23:13  23:13  24:8  25:5  25:13  25:16  26:17  27:2  27:5  29:5  29:7  29:9  29:18  29:19  29:18  30:6  30:8  30:11  30:16  30:20  31:16  32:25  34:14  34:16  35:24  36:4  36:7  36:13  37:2  37:9  37:10  37:23  38:2  38:5  38:9 | |
| **courtrooms**(3) 1:10  18:11  31:14 | |
| **cowan**(1) 5:21 | |
| **cowen**(1) 5:20 | |
| **created**(1) 36:10 | |
| **creditor**(4) 4:42  8:2  8:2  9:12 | |
| **creditors**(26) 5:4  7:17  7:25  8:1  8:17  8:20  9:12  13:12  18:20  19:5  21:14  21:20  21:23  22:24  22:25  23:21  23:24  24:2  28:11  31:4  31:9  31:11  31:14  31:22  32:16  35:20 | |
| **creditor's**(3) 2:10  2:23  3:45 | |
| **current**(2) 15:19  21:13 | |
| **currently**(1) 29:1 | |
| **damages**(2) 11:25  25:13 | |
| **daniel**(3) 3:38  4:14  4:44 | |
| **date**(9) 3:3  17:5  24:24  28:21  28:21  33:18  34:3  34:4  38:20 | |
| **date's**(1) 38:22 | |
| **dates**(2) 31:8  33:19 | |
| **david**(2) 3:5  3:23  3:15 | |
| **davis**(1) 4:9 | |
| **day**(2) 26:10  37:21 | |
| **deals**(1) 30:23 | |
| **dean**(3) 15:5  23:13  23:14  23:15  24:9  25:6  27:7  29:6  29:7  33:18  34:13  35:5 | |
| **debenture**(2) 2:44  4:13 | |
| **debtor**(6) 9:11  14:11  15:23  20:3  20:10  24:15 | |
| **debtors**(48) 1:12  1:24  6:23  7:2  7:3  8:12  8:15  8:19  9:17  10:16  11:23  12:12  13:13  14:21  14:24  15:12  15:15  15:18  16:18  21:4  21:10  21:12  21:16  21:18  21:25  22:2  22:4  22:5  23:19  24:9  24:15  25:9  25:17  26:1  26:7  26:22  27:16  27:16  28:12  33:19  31:7  31:10  31:19  31:20  32:17  32:18 | |
| **decide**(2) 11:1  35:23 | |
| **decided**(1) 24:11 | |
| **decisions**(1) 15:19 | |
| **default**(2) 9:7  9:15 | |
| **defenses**(2) 13:3  16:20 | |
| **defined**(1) 12:13 | |
| **delaware**(5) 1:2  1:12  2:33  2:46  6:1 | |
| **derek**(1) 11:31 | |
| **described**(1) 33:6 | |
| **description**(2) 21:5  22:16 | |
| **desire**(1) 19:6 | |
| **desires**(1) 9:14 | |
| **details**(1) 11:25 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| determination(1) 15:14 | | expense(14) 24:2 24:5 24:17 26:4 26:11 26:13 26:23 26:24 27:18 27:22 28:11 28:14 28:19 28:25 | | going(16) 11:11 12:8 12:11 12:14 13:6 15:23 17:23 26:9 26:18 27:24 28:10 31:15 33:11 33:12 35:9 36:7 | | informed(1) 34:22 | |
| determine(1) 36:14 | | | | | | infringement(3) 11:23 25:8 25:9 | |
| determined(3) 32:14 33:10 33:11 | | | | | | ingersoll(1) 2:4 | |
| detriment(1) 24:14 | | expenses(2) 26:2 28:18 | | good(22) 6:3 6:4 6:8 6:18 6:20 6:21 11:12 14:1 | | initial(2) 7:22 31:21 | |
| diaz(1) 1:38 | | explained(1) 11:9 | | 18:16 18:17 18:22 18:24 19:18 19:19 19:21 20:22 | | inner(1) 3:1 | |
| did(4) 19:4 19:4 20:2 33:2 | | explaining(1) 24:16 | | 23:13 23:14 23:15 28:17 34:14 34:15 | | inserted(1) 20:10 | |
| didn't(4) 11:11 24:5 24:6 35:18 | | expressed(1) 12:16 | | | | intention(1) 23:2 | |
| differ(1) 24:13 | | extent(2) 7:15 36:22 | | got(5) 11:3 11:14 11:20 14:16 16:3 33:8 | | interest(7) 2:2 22:12 22:12 22:14 31:4 31:4 35:7 | |
| difference(1) 24:10 | | fact(13) 6:24 11:24 12:11 12:21 15:9 21:24 23:21 | | gotten(2) 10:15 11:6 | | interested(6) 3:29 3:33 5:12 5:16 5:20 5:24 | |
| different(2) 10:9 10:23 | | 24:15 31:9 33:22 35:19 37:5 37:17 | | gottlieb(2) 1:24 6:22 | | interesting(1) 19:12 | |
| difficulties(1) 36:10 | | | | grant(3) 36:2 36:7 36:24 | | interim(10) 7:1 7:16 19:1 19:4 19:9 19:11 23:21 | |
| dine(1) 4:29 | | factors(1) 33:17 | | granting(1) 21:6 | | 23:25 26:6 31:21 | |
| direct(2) 24:14 26:15 | | facts(1) 17:21 | | great(2) 31:22 36:22 | | | |
| direction(1) 15:14 | | fagen(1) 3:47 | | gross(1) 1:19 | | international(1) 23:16 | |
| disappointed(1) 32:23 | | fair(1) 36:20 | | group(3) 2:37 4:17 19:5 | | into(9) 8:22 9:5 10:2 13:14 20:10 24:23 28:16 32:1 | |
| discussions(1) 32:19 | | falls(1) 36:18 | | guarantee(1) 19:25 | | 32:7 | |
| dispute(4) 9:20 10:23 12:21 28:8 | | familiar(12) 12:20 15:19 | | guess(1) 35:14 | | | |
| disputed(6) 26:3 27:2 27:9 27:20 28:14 29:1 | | far(1) 36:17 | | gump(3) 2:23 3:46 18:18 | | involved(1) 13:21 14:19 | |
| disputes(3) 22:10 30:5 37:7 | | farnan(1) 37:8 | | guyder(1) 3:38 | | iowa(3) 11:14 13:21 14:19 | |
| distracting(2) 8:3 13:14 | | farr(2) 3:33 29:17 | | had(17) 6:10 6:17 7:13 7:21 7:22 8:5 8:7 8:12 10:14 | | isn't(1) 32:14 | |
| distraction(1) 32:1 | | fedex'd(1) 11:4 | | 11:6 15:18 19:13 24:11 26:22 30:13 34:13 34:18 | | issue(5) 6:11 22:1 29:20 30:4 35:1 | |
| distribution(8) 16:23 19:2 19:6 19:14 19:9 19:11 21:22 22:9 35:12 | | fees(2) 18:4 18:6 | | | | issues(8) 8:2 8:2 8:18 25:12 25:21 25:22 31:24 32:20 | |
| | | feld(2) 2:23 3:46 18:19 | | hadley(1) 4:17 | | it's(23) 8:19 10:9 10:24 14:25 15:5 15:25 16:1 18:22 | |
| | | felt(4) 8:2 13:10 18:7 37:16 | | hall(1) 4:27 | | 18:22 21:22 22:10 26:18 27:16 27:23 28:20 29:11 | |
| distributions(18) 7:1 7:17 8:1 8:9 8:20 9:1 15:4 16:2 | | file(3) 15:8 31:16 33:11 | | hamilton(1) 1:24 | | 29:21 31:16 34:13 34:15 35:5 35:10 35:11 35:14 | |
| 17:2 20:5 21:13 23:24 24:2 27:11 27:12 31:21 31:21 | | filed(19) 7:3 7:12 7:22 10:14 10:17 10:22 11:4 11:23 | | hand(15) 7:14 8:9 8:16 8:18 10:18 13:11 13:22 | | | |
| 32:10 | | 13:16 14:9 17:5 18:25 20:2 23:18 24:9 28:23 31:20 | | 16:15 21:13 24:4 24:10 32:12 32:15 33:15 34:10 | | item(1) 6:13 | |
| | | 36:9 38:7 | | | | its(6) 13:22 14:11 14:24 24:13 33:15 36:12 | |
| district(2) 1:2 37:9 | | | | handful(1) 10:11 | | | |
| dividing(1) 22:1 | | final(4) 13:17 13:22 31:12 38:2 | | hands(3) 7:25 11:5 32:1 | | james(2) 2:44 4:46 | |
| dla(1) 5:4 | | finally(3) 8:12 33:10 33:10 | | hanrahan(5) 29:13 29:16 29:16 29:19 30:7 | | jason(1) 5:13 | |
| docket(3) 13:17 14:10 14:16 | | financial(1) 34:1 | | happen(2) 28:7 37:21 | | jeffrey(2) 4:5 4:33 | |
| documented(1) 18:4 | | find(2) 36:19 36:20 | | happy(3) 23:22 35:2 36:2 | | jeremy(2) 4:37 20:20 | |
| does(4) 20:15 24:12 24:14 36:21 | | findings(1) 16:7 | | harrisburg(1) 1:40 | | jerry(1) 4:27 | |
| doesn't(1) 11:16 | | fine(1) 20:9 | | has(15) 7:9 13:2 14:13 15:9 19:3 20:10 21:9 25:16 | | job(1) 10:25 | |
| doing(3) 6:6 6:7 33:25 | | finished(1) 30:13 | | 26:19 29:3 30:3 31:10 34:18 36:12 37:8 | | john(2) 3:13 4:10 | |
| dollars(2) 22:2 34:20 | | firmly(1) 8:19 | | | | johnson(1) 2:24 | |
| don't(27) 9:4 11:24 11:25 12:4 17:11 20:9 23:20 | | first(2) 26:1 29:9 | | hasn't(1) 9:3 | | joint(1) 3:41 | |
| 24:16 24:21 24:22 26:7 26:8 26:17 26:18 27:16 | | fitzgerald(2) 4:22 4:22 | | hauer(3) 2:23 3:46 18:18 | | jointly(1) 1:6 | |
| 27:23 28:4 28:10 28:12 28:16 28:19 28:20 30:1 34:9 | | five(3) 22:23 22:25 23:10 | | have(56) 10:9 11:25 12:1 12:14 14:21 15:15 16:11 | | jones(2) 2:37 3:29 | |
| 34:12 35:16 35:21 | | fixed(1) 33:12 | | 16:11 16:15 16:20 17:24 18:5 18:7 19:13 20:6 21:1 | | judge(4) 1:19 1:20 37:7 37:8 | |
| | | flip(2) 13:22 14:7 | | 23:2 23:20 24:6 25:7 25:10 25:12 25:13 26:2 26:8 | | julia(1) 5:25 | |
| done(5) 17:14 17:14 27:8 30:25 33:6 | | flom(1) 3:20 | | 26:14 27:11 28:8 28:11 28:17 28:24 29:4 32:4 34:9 | | jumping(1) 9:4 | |
| doubt(2) 9:20 21:17 | | floor(2) 1:32 2:40 | | 34:11 34:22 34:25 35:4 35:5 35:13 36:10 36:10 36:11 | | june(3) 1:14 6:1 14:15 | |
| dow(1) 3:29 | | focus(1) 31:10 | | 37:6 37:11 37:14 37:16 | | just(29) 9:1 13:22 14:7 16:1 16:24 20:4 20:7 21:1 | |
| down(2) 12:11 30:5 | | folks(1) 31:10 | | | | 22:13 22:24 23:4 23:10 25:6 29:19 29:21 30:4 | |
| drop(1) 25:7 | | following(1) 8:11 | | haven't(5) 23:5 24:23 33:19 34:25 37:12 | | 30:13 32:11 32:14 33:9 33:18 37:3 37:14 37:16 | |
| duties(1) 15:1 | | for(77) 1:2 1:24 2:4 2:10 2:17 2:23 2:31 2:37 2:44 | | having(3) 28:4 32:7 32:8 | | 37:20 37:20 | |
| dynamic(1) 35:21 | | 3:4 3:12 3:19 3:29 3:33 3:37 3:41 3:45 4:4 4:13 | | he's(1) 35:8 | | | |
| each(1) 10:6 | | 4:17 4:22 4:26 4:32 4:42 4:42 5:4 5:8 5:12 5:16 5:20 | | hear(3) 30:8 31:6 34:16 | | justin(1) 2:32 | |
| earlier(1) 29:4 | | 5:24 6:9 6:21 7:1 8:6 8:9 8:17 9:3 11:12 11:16 12:5 | | heard(6) 17:9 18:12 29:14 36:1 | | kahn(7) 2:25 18:16 18:18 18:18 18:22 18:24 18:25 | |
| east(1) 3:7 | | 12:14 13:5 13:6 15:5 16:11 17:1 17:20 18:4 18:6 | | hearing(4) 6:10 11:5 35:6 38:11 | | 19:15 19:17 | |
| ecro(1) 1:36 | | 18:6 18:13 19:23 21:13 21:19 21:22 23:15 24:5 | | heavily(1) 25:3 | | | |
| effective(3) 31:2 31:15 35:3 | | 24:13 24:19 24:24 25:1 25:18 27:9 27:20 28:6 | | held(1) 16:15 | | karen(1) 4:29 | |
| effectively(2) 32:4 32:15 | | 29:17 29:23 30:13 33:7 33:24 34:15 35:14 35:15 | | helpful(2) 21:15 31:6 | | kathleen(1) 2:5 | |
| effectuate(1) 15:9 | | 35:18 36:16 37:23 38:3 | | here(7) 6:9 24:25 27:5 28:9 28:24 29:22 32:4 | | katten(1) 4:26 | |
| effort(1) 21:18 | | | | him(2) 34:16 35:22 | | keane(1) 2:38 | |
| efforts(2) 14:24 37:11 | | foregoing(1) 38:14 | | his(2) 35:6 35:17 | | keep(3) 22:7 37:24 37:24 | |
| egerton(1) 4:8 | | forever(1) 17:19 | | history(1) 7:11 | | kerns(1) 21:14 | |
| either(3) 9:23 9:24 15:25 | | form(2) 8:14 11:21 | | hoc(2) 2:37 4:17 | | kevin(1) 11:19 | |
| electronic(2) 1:44 38:15 | | formally(1) 37:15 | | hold(1) 28:21 | | king(2) 2:13 3:23 | |
| else(4) 19:18 20:19 29:9 30:8 | | former(1) 37:8 | | holiday(1) 11:12 | | know(23) 7:11 9:4 11:11 11:24 11:25 18:11 20:2 | |
| emanuel(1) 4:42 | | forms(4) 15:2 16:24 16:25 33:3 | | holzman(1) 4:44 | | 20:5 22:23 23:10 24:16 24:21 26:7 26:8 26:17 26:18 | |
| employee's(1) 11:5 | | formula(1) 16:6 | | honor(54) 6:4 6:14 6:17 6:20 6:24 7:9 7:19 9:8 | | 27:24 28:16 28:19 28:20 33:25 37:16 37:20 | |
| employees(1) 33:23 | | forth(4) 21:7 21:18 23:3 32:20 | | 10:25 10:25 11:22 12:20 13:1 14:7 15:19 17:8 18:16 | | | |
| end(4) 8:15 26:9 33:21 34:4 | | forward(11) 8:7 8:19 9:8 9:10 9:17 21:9 31:4 31:15 | | 18:25 19:13 19:19 20:6 20:12 20:6 20:13 20:16 | | knows(3) 17:8 34:23 37:6 | |
| ended(1) 19:15 | | 31:24 32:2 32:8 | | 20:18 20:20 23:12 23:14 24:20 25:7 25:25 27:1 27:8 | | kurth(2) 4:36 20:21 | |
| engaging(2) 8:24 37:5 | | | | 27:25 28:3 29:2 29:3 29:13 30:7 30:12 34:13 34:18 | | laid(1) 26:20 | |
| enough(3) 26:9 33:14 34:9 | | fox(1) 3:12 | | 34:21 34:22 34:23 35:19 35:22 36:25 37:6 37:14 | | language(10) 10:17 13:18 15:6 16:4 16:14 20:10 | |
| enter(1) 13:13 | | frankly(3) 32:2 36:14 36:20 | | 37:16 38:1 38:8 | | 22:19 22:24 23:1 23:6 | |
| entering(2) 10:2 15:13 | | friday(1) 19:1 | | | | | |
| entitled(6) 12:22 16:5 17:20 22:10 25:12 27:21 35:15 | | from(28) 6:22 7:2 7:14 8:9 10:6 10:15 11:14 11:21 | | honorable(1) 1:19 | | large(1) 7:23 | |
| entitlement(1) 8:2 | | 12:1 12:1 12:16 12:24 13:1 16:4 22:2 22:23 24:10 | | hope(2) 6:21 32:5 | | larger(3) 7:25 18:7 34:10 | |
| equally(1) 29:2 | | 24:13 29:17 30:8 31:16 31:20 32:25 34:9 34:19 36:1 | | hopefully(3) 6:10 31:25 37:24 | | last(9) 7:3 13:2 20:23 25:6 27:25 30:10 34:13 37:4 | |
| equitable(1) 36:20 | | 37:12 38:15 | | hoping(1) 37:24 | | 37:9 | |
| ernst(1) 3:37 | | | | horse(1) 32:16 | | | |
| esq(38) 1:25 1:31 2:5 2:11 2:18 2:24 2:25 2:32 2:38 | | front(4) 7:20 19:13 37:14 37:21 | | how(5) 6:4 6:6 26:18 35:17 35:23 | | law(3) 2:44 4:13 14:22 | |
| 2:45 3:5 3:6 3:13 3:21 3:30 3:34 3:38 3:42 3:47 4:5 | | full(3) 14:23 18:5 34:5 | | hubbard(1) 3:41 | | laws(1) 15:3 | |
| 4:10 4:14 4:18 4:19 4:23 4:27 4:29 4:33 4:37 4:39 | | fully(1) 9:24 | | huberty(1) 3:42 | | learn(2) 34:14 34:16 | |
| 4:44 4:46 5:5 5:9 5:13 5:17 5:21 5:25 | | funds(3) 7:15 8:6 17:10 | | hughes(1) 3:41 | | least(4) 27:16 33:22 34:8 38:3 | |
| | | further(5) 10:15 10:17 29:3 33:13 33:13 | | hundred(1) 34:20 | | leblanc(1) 4:19 | |
| essential(1) 17:6 | | future(3) 24:5 25:19 26:4 | | hurt(1) 16:13 | | let(2) 37:16 37:20 | |
| establish(1) 28:23 | | gallagher(2) 3:33 29:17 | | i'll(3) 31:17 31:18 38:2 | | let's(1) 33:8 | |
| estate(4) 12:15 21:18 22:5 32:3 | | garden(1) 1:9 | | i'm(9) 6:7 16:7 24:25 25:10 27:14 29:15 29:16 36:2 | | letters(2) 10:2 12:3 | |
| estates(3) 19:6 31:11 33:24 | | gave(1) 34:17 | | 36:7 | | liberty(1) 1:26 | |
| estimation(1) 35:6 | | general(3) 7:17 24:6 31:9 | | | | lien(1) 20:7 | |
| every(2) 31:15 37:13 | | generally(3) 13:6 31:22 37:7 | | idea(5) 13:7 16:5 28:17 30:25 31:22 | | like(3) 17:11 27:7 35:8 | |
| everybody(1) 28:24 | | generated(1) 22:2 | | ideas(1) 32:8 | | limited(1) 32:7 | |
| everyone(11) 11:10 31:23 32:12 32:14 33:4 33:5 | | get(10) 8:22 8:24 11:11 17:11 26:19 31:11 32:13 | | immediately(2) 26:12 36:15 | | line(2) 12:13 14:2 | |
| 33:7 34:12 34:12 35:3 38:5 | | 33:16 34:1 35:9 | | impact(2) 29:22 30:3 | | liquidated(1) 9:9 | |
| | | | | imperative(1) 22:10 | | liquidity(3) 4:32 4:32 6:25 | |
| everyone's(2) 7:24 11:5 | | gets(1) 26:16 | | important(1) 15:12 27:23 | | lisa(2) 1:25 6:21 | |
| everything(1) 17:17 | | getting(3) 7:24 29:1 31:25 | | importantly(4) 8:18 9:5 11:11 19:6 | | litany(1) 5:14 | |
| exactly(3) 12:10 33:1 33:5 | | ginger(1) 1:36 | | inc(5) 1:8 5:12 7:1 23:16 23:17 | | litigate(1) 24:25 | |
| exerting(1) 13:22 | | give(2) 10:9 17:19 | | include(1) 14:19 | | litigated(1) 25:13 | |
| exhibit(5) 11:16 14:13 14:13 32:23 32:23 | | given(3) 8:17 18:7 18:8 | | including(3) 12:2 15:2 19:12 | | litigation(2) 27:23 33:14 | |
| expeditiously(1) 31:5 | | giving(1) 27:15 | | individual(1) 10:6 | | litigations(1) 19:13 | |
| | | goes(1) 28:2 | | individuals(3) 10:3 22:8 33:25 | | little(1) 32:20 | |
| | | | | information(3) 21:10 34:15 34:17 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| llp(11) 1:30 2:44 3:12 3:33 3:37 3:41 4:26 4:43 5:4 5:8 5:16 | | needs(2) 9:13 35:13 | | pandora's(2) 7:23 12:17 | | pressure(4) 23:23 30:25 31:2 31:19 | |
| | | negatively(1) 16:1 | | paper(1) 37:22 | | preston(1) 2:10 | |
| local(1) 15:3 | | networks(3) 1:8 3:34 5:17 | | paragraph(12) 15:11 15:17 16:3 16:4 16:9 16:14 | | presumption(2) 9:7 13:6 | |
| lock(5) 7:15 8:6 16:2 17:10 32:13 | | neutral(1) 29:25 | | 16:22 17:3 17:6 17:15 22:19 30:2 | | pretty(5) 13:17 14:9 28:1 28:7 28:17 | |
| lombard(1) 3:7 | | never(2) 25:12 35:1 | | | | primarily(1) 10:7 | |
| long(1) 21:25 | | new(5) 1:27 2:28 17:25 34:14 34:16 | | pari(1) 26:11 | | primary(9) 19:2 21:25 31:10 | |
| look(6) 13:4 15:23 17:14 28:22 33:3 38:5 | | news(1) 11:12 | | park(1) 2:26 | | prior(1) 16:4 | |
| looking(2) 7:24 16:19 | | next(1) 23:2 | | part(3) 7:23 17:9 18:2 | | priorities(3) 10:9 10:23 10:24 | |
| lot(3) 11:25 17:18 31:24 | | nicholas(1) 3:6 | | particular(3) 16:23 19:5 23:5 | | priority(9) 7:14 8:8 9:22 10:10 11:8 12:22 14:14 | |
| lowenthal(1) 4:14 | | nichol(1) 3:6 | | particularly(2) 21:24 34:21 | | 15:15 35:12 | |
| lsi(24) 7:6 7:7 7:13 8:6 8:13 13:9 17:7 17:15 18:4 | | nichols(1) 3:6 | | parties(13) 7:21 8:5 9:7 22:6 22:12 22:13 30:18 | | | |
| 18:12 20:4 20:24 21:17 21:22 21:24 23:19 23:22 | | nick(1) 4:18 | | 30:25 32:5 36:1 37:5 37:6 37:17 | | probably(1) 10:23 | |
| 24:13 27:14 30:22 31:6 36:9 36:12 38:7 | | nni(6) 7:14 9:18 9:22 14:10 14:24 18:3 | | | | problem(3) 24:6 28:10 28:12 | |
| | | nnsa(1) 3:19 | | party(7) 3:29 3:33 5:12 5:16 5:20 5:24 8:6 | | procedures(1) 10:1 | |
| lsl's(2) 21:5 22:21 | | non-contingent(1) 9:23 | | party's(1) 29:22 | | proceed(1) 35:23 | |
| mace(1) 1:36 | | normally(4) 9:6 31:3 34:3 34:6 | | pass(1) 17:18 | | proceeding(4) 24:20 25:18 25:20 35:4 | |
| made(5) 8:13 15:20 21:23 30:24 37:12 | | nortel(5) 1:8 3:12 3:34 5:17 23:23 | | passage(1) 17:22 | | proceedings(3) 1:18 1:44 38:16 | |
| make(25) 7:16 8:20 9:8 9:15 11:4 13:9 13:11 14:11 | | nortel's(2) 21:20 22:11 | | passing(1) 37:3 | | proceeds(4) 22:23 22:23 22:9 22:11 | |
| 14:21 14:25 15:13 15:23 16:15 16:17 17:1 19:10 | | north(5) 1:32 2:13 2:39 3:14 3:23 | | passu(1) 26:11 | | process(3) 13:14 17:14 30:18 | |
| 20:8 22:25 23:24 24:1 25:1 27:11 27:11 31:18 32:6 | | not(48) 7:2 8:3 8:19 9:13 10:19 10:20 10:20 10:21 | | path(1) 12:11 | | produced(1) 1:45 | |
| | | 11:1 11:8 12:16 13:11 13:12 15:14 15:25 16:6 16:7 | | patterson(1) 4:13 | | professionals(6) 21:10 21:19 21:23 23:24 26:5 27:19 | |
| makes(2) 16:3 17:3 | | 16:8 16:12 16:16 16:19 17:4 17:23 19:4 20:2 21:17 | | paul(1) 4:39 | | profit(1) 25:3 | |
| making(13) 7:25 8:25 9:10 9:13 10:21 15:1 15:4 | | 23:11 24:12 24:25 25:18 26:3 27:10 27:14 27:16 | | pay(29) 8:16 9:5 12:8 12:8 12:14 15:7 15:15 16:25 | | profits(2) 12:24 25:12 | |
| 15:14 16:6 16:10 16:13 19:3 23:20 | | 27:19 27:20 32:16 32:23 32:24 33:4 33:11 33:12 | | 26:2 26:5 26:10 26:22 27:18 27:19 27:19 28:13 | | promise(2) 34:8 34:12 | |
| | | 33:13 34:20 35:8 35:10 36:15 36:21 | | 31:17 32:11 32:14 33:4 33:4 33:5 33:7 34:8 34:8 | | prompt(1) 28:7 | |
| many(2) 26:14 26:20 | | | | 34:11 34:12 34:12 35:20 | | promptly(2) 22:14 27:21 | |
| march(1) 7:12 | | note(1) 22:15 | | | | proofs(2) 25:20 25:23 | |
| market(5) 5:11 1:32 2:6 2:39 3:14 | | noted(1) 30:14 | | paying(9) 9:2 9:18 10:19 11:7 13:5 26:4 32:6 32:15 | | property(1) 22:3 | |
| material(2) 24:10 26:1 | | nothing(1) 37:19 | | 35:16 | | proportion(1) 10:10 | |
| materially(1) 24:12 | | nothing's(1) 10:24 | | | | proposal(4) 8:13 9:18 24:3 24:12 | |
| matias(2) 19:22 19:25 | | noticing(1) 10:2 | | payment(10) 7:1 7:13 8:7 13:9 13:11 14:23 16:17 | | propose(1) 35:2 | |
| matter(4) 36:16 37:1 37:25 38:16 | | noting(1) 19:1 | | 16:23 18:6 27:6 | | proposed(14) 7:9 8:7 19:2 19:9 21:7 22:17 24:1 | |
| matthew(1) 3:47 | | now(12) 12:24 14:18 18:13 20:10 22:23 24:25 26:15 | | | | 24:11 24:13 25:24 27:5 27:14 29:22 30:2 | |
| maximize(2) 31:7 31:10 | | 26:22 27:25 30:4 32:8 35:5 | | payments(10) 7:16 9:6 9:10 9:13 9:15 10:22 14:11 | | | |
| may(8) 6:15 20:25 21:13 23:11 23:11 24:22 25:19 | | | | 15:24 16:10 23:24 | | proposing(1) 12:13 | |
| 26:14 | | number(5) 18:7 19:12 27:15 33:14 34:24 | | | | proposition(1) 32:6 | |
| | | numbers(3) 12:3 12:25 23:11 | | pbgc(9) 2:17 10:15 10:20 10:20 13:18 14:3 16:19 | | protections(1) 19:11 | |
| maybe(2) 26:16 26:17 | | o'connor(1) 3:34 | | 19:23 20:2 | | provide(1) 15:19 | |
| mcafee(1) 4:8 | | object(2) 20:3 20:9 | | | | provided(1) 21:10 | |
| mccloy(1) 4:17 | | objected(1) 8:5 | | peg(1) 3:30 | | provides(1) 14:10 | |
| meagher(1) 3:19 | | objection(3) 11:21 23:20 30:21 | | pending(2) 24:20 26:15 | | publicly(1) 37:13 | |
| mean(1) 13:8 | | objections(3) 7:22 8:22 17:5 | | pennsylvania(1) 1:40 | | purporting(1) 23:19 | |
| mediate(2) 37:17 37:18 | | obligations(2) 33:23 34:2 | | pension(5) 2:31 3:35 19:25 29:17 30:14 | | purpose(1) 8:6 | |
| mediating(1) 37:24 | | obviate(1) 34:5 | | people(9) 12:18 16:12 16:24 18:11 33:4 33:8 33:9 | | purposes(2) 29:24 36:16 | |
| mediation(2) 37:5 37:11 | | obviously(5) 11:6 15:7 32:22 34:7 36:2 | | 33:24 37:13 | | pushing(1) 8:8 | |
| mediator(1) 37:8 | | off(3) 30:24 31:17 32:9 | | | | put(6) 9:19 12:18 21:9 21:18 27:17 30:25 | |
| melnik(1) 5:5 | | official(4) 2:10 2:23 3:45 18:19 | | people's(1) 32:1 | | putting(4) 12:3 31:1 31:18 32:16 | |
| mention(1) 37:4 | | okay(4) 11:19 14:4 21:1 30:11 | | period(1) 13:1 | | quantum(1) 12:23 | |
| mentioned(4) 27:23 30:22 34:18 34:21 | | one(15) 1:26 2:26 3:22 9:25 10:15 11:7 11:14 13:20 | | permitted(2) 27:10 28:13 | | question(1) 11:19 | |
| merely(1) 9:13 | | 14:19 16:22 18:5 25:15 28:3 29:19 32:9 37:1 | | person(1) 7:8 | | questions(5) 11:7 13:2 29:3 31:24 36:3 | |
| merits(2) 8:22 12:20 | | | | personally(1) 35:7 | | quinn(1) 4:42 | |
| mess(3) 8:23 36:9 36:12 | | one's(1) 10:24 | | peter(1) 2:38 | | quite(3) 6:11 9:4 32:2 | |
| met(2) 33:17 37:13 | | ones(2) 14:12 16:5 | | petition(2) 12:2 34:19 | | quo(2) 16:1 16:12 | |
| might(3) 35:8 37:14 37:22 | | ongoing(1) 37:12 | | pgbc(1) 2:17 | | raise(2) 30:4 32:2 | |
| milbank(1) 4:17 | | only(7) 6:13 6:24 11:20 17:17 24:12 32:20 35:19 | | phone(2) 18:12 31:14 | | raised(4) 7:21 8:1 11:13 25:22 | |
| miller(1) 2:45 | | open-ended(1) 9:2 | | pick(1) 31:17 | | rather(2) 7:7 32:9 | |
| million(15) 9:18 11:18 12:2 12:4 13:11 15:13 24:4 | | opening(2) 7:23 12:17 | | picks(2) 16:4 30:22 | | reached(5) 7:3 8:12 10:16 20:3 21:5 | |
| 24:19 27:14 33:14 33:15 34:19 35:10 35:16 35:20 | | operation(1) 21:25 | | piper(1) 5:4 | | reaching(1) 21:8 | |
| | | operational(1) 33:25 | | place(3) 19:16 24:3 27:9 | | read(2) 24:24 37:22 | |
| mind(2) 17:9 22:7 | | opposed(2) 33:15 34:10 | | placing(1) 28:15 | | reading(1) 30:2 | |
| mini-trial(1) 35:13 | | order(30) 9:25 10:18 13:16 13:22 14:8 14:10 15:13 | | plan(12) 9:6 9:10 9:15 13:7 26:19 27:8 27:24 31:11 | | real(2) 22:7 33:22 | |
| modest(1) 36:21 | | 15:14 17:1 18:3 18:10 19:2 19:10 20:11 20:14 21:7 | | 32:10 33:6 33:6 34:6 | | really(9) 9:13 11:24 17:18 28:20 32:3 34:5 35:3 | |
| modestly(1) 6:10 | | 22:16 22:17 22:24 23:1 23:6 26:25 29:22 29:24 30:2 | | | | 35:21 36:21 | |
| moment(2) 27:3 38:3 | | 30:3 30:15 32:24 36:2 36:24 | | plans(3) 9:10 10:8 27:7 | | | |
| monday(1) 6:1 | | | | plaza(1) 1:26 | | realm(1) 12:2 | |
| money(10) 7:24 8:24 26:9 26:20 26:22 28:10 28:22 | | ordered(1) 10:1 | | please(2) 6:2 13:23 | | reason(9) 12:10 24:24 27:13 27:22 28:6 28:20 33:8 | |
| 31:11 32:1 34:9 | | orderly(1) 32:9 | | podium(2) 6:14 18:13 | | 33:19 33:20 | |
| | | orders(3) 16:4 23:25 26:6 | | pohl(1) 5:9 | | | |
| monitor(2) 2:4 3:37 | | ordinarily(1) 9:6 | | point(5) 23:4 25:2 25:19 37:13 37:20 | | reasonable(1) 11:9 | |
| months(1) 20:23 | | original(1) 16:14 | | pointstate(1) 4:43 | | reasonably(1) 14:25 | |
| more(7) 8:16 8:18 9:5 11:10 21:22 33:11 37:19 | | originally(2) 7:12 36:9 | | pool(2) 8:16 34:10 | | reasons(1) 8:17 | |
| morning(13) 6:3 6:4 6:19 6:20 6:25 14:1 18:16 | | other(35) 8:5 8:23 9:9 9:12 9:14 10:12 11:3 11:13 | | portion(5) 10:10 11:8 15:6 25:3 28:2 | | recall(1) 7:19 | |
| 18:17 19:18 19:19 20:22 23:13 23:14 | | 11:20 13:14 15:15 16:11 16:11 16:12 17:4 17:22 | | position(2) 27:15 35:10 | | receive(2) 16:2 22:12 | |
| | | 18:11 21:11 21:23 23:24 24:18 24:22 25:7 26:3 | | positively(1) 15:25 | | receiving(1) 16:23 | |
| morris(2) 1:30 2:44 | | 27:17 27:22 29:24 31:18 32:2 34:18 34:18 36:3 | | possible(2) 14:25 22:11 | | recess(1) 38:10 | |
| most(2) 27:7 33:20 | | 36:13 37:1 37:19 | | possibly(1) 26:14 | | reckmeyer(7) 4:37 20:20 20:21 20:23 21:1 21:4 23:12 | |
| mostly(1) 12:24 | | | | post(2) 25:10 34:21 | | recognize(2) 32:6 36:12 | |
| motion(28) 6:25 7:2 7:8 7:12 8:14 11:3 12:6 17:7 | | others(4) 24:18 27:19 30:23 36:21 | | post-petition(6) 12:4 25:11 25:15 25:21 26:5 35:6 | | record(2) 6:21 23:15 | |
| 17:16 17:25 18:3 21:6 24:3 24:23 24:19 24:1 24:3 | | otherwise(3) 17:25 31:17 35:16 | | post-sale(2) 12:25 12:25 | | recorded(1) 1:44 | |
| 24:7 24:11 24:12 28:5 31:17 32:24 34:21 36:8 36:9 | | our(17) 10:8 13:10 15:25 16:1 16:9 17:3 19:1 20:4 | | potential(8) 6:11 13:3 21:11 24:17 26:23 26:24 27:17 | | recording(2) 1:44 38:15 | |
| 36:10 38:6 | | 20:5 20:8 25:7 28:1 28:5 29:21 30:24 30:3 | | 28:18 | | recover(1) 21:19 | |
| | | | | | | recoveries(1) 31:8 | |
| motions(3) 12:17 32:9 36:13 | | out(3) 8:12 8:24 9:9 9:11 11:4 16:18 24:22 26:21 | | ppearances(3) 1:22 2:1 3:1 | | reed(1) 3:41 | |
| move(2) 11:17 31:4 | | 28:10 31:11 32:13 33:14 35:20 | | practice(1) 33:22 | | reference(2) 14:13 28:5 | |
| moved(1) 12:1 | | | | pre(2) 12:1 34:18 | | reflected(1) 14:18 | |
| much(1) 14:9 | | outlined(1) 14:8 19:3 | | pre-filing(2) 16:5 16:8 | | reflects(1) 30:15 | |
| munchin(1) 4:26 | | outside(2) 9:10 36:18 | | pre-petition(2) 10:8 25:22 | | regarding(4) 20:5 20:7 20:7 30:18 | |
| murphy(1) 2:5 | | over(2) 21:15 22:10 | | pre-sale(4) 25:10 25:15 25:11 34:23 | | regardless(1) 28:25 | |
| murrell(9) 2:18 19:18 19:19 19:22 19:24 19:25 20:13 | | overly(1) 3:37 | | prejudice(15) 9:11 9:12 13:12 13:12 15:18 17:16 | | reimburse(1) 18:4 | |
| 20:16 20:18 | | oversee(1) 13:13 | | 17:17 17:19 18:1 19:4 22:21 22:21 30:17 32:18 33:4 | | relate(1) 10:8 | |
| | | owed(1) 22:13 | | | | relates(2) 21:25 25:4 | |
| narrow(1) 12:13 | | own(2) 13:2 14:11 | | prejudices(4) 19:25 25:25 27:13 35:22 | | relating(2) 25:14 | |
| near(1) 25:19 | | p.i(1) 3:4 | | prejudicing(1) 16:10 | | relative(1) 15:20 | |
| necessary(4) 7:15 12:5 14:22 15:9 | | p.o(1) 3:15 | | premature(1) 8:3 | | relatively(1) 10:7 | |
| need(1) 8:22 9:7 9:11 13:13 15:3 15:24 15:24 16:25 | | pachulski(1) 2:37 | | prepared(1) 36:23 | | release(2) 7:15 8:5 | |
| 17:1 17:20 34:1 | | paid(12) 9:14 11:12 12:19 14:20 14:20 14:23 15:3 | | present(3) 6:15 7:8 36:16 | | released(2) 15:8 37:15 | |
| | | 15:10 26:20 27:21 32:24 34:2 | | preserve(2) 20:5 31:7 | | relevant(1) 34:20 | |
| needle(2) 13:7 33:1 | | | | preserved(3) 17:4 20:9 35:17 | | relied(1) 21:9 | |
| | | | | press(1) 37:4 | | | |

| Word | Page:Line |
|---|---|
| relief(12) 7:22 7:25 14:8 17:25 18:11 22:16 22:20 22:22 23:3 24:13 35:18 36:24 | |
| remainder(3) 17:16 19:7 22:20 | |
| remains(1) 22:1 | |
| remanded(1) 26:18 | |
| remarks(1) 21:2 | |
| remind(1) 25:16 | |
| reminded(1) 31:3 | |
| renaissance(1) 2:12 | |
| renewing(1) 28:5 | |
| reorg(2) 5:12 5:13 | |
| report(1) 37:19 | |
| reporting(1) 34:1 | |
| reports(2) 37:4 37:15 | |
| represent(1) 20:24 | |
| representing(1) 6:22 | |
| request(7) 9:13 13:8 13:9 24:13 31:21 35:20 36:1 | |
| require(1) 32:19 | |
| required(2) 16:16 27:9 | |
| requires(1) 30:1 | |
| research(3) 5:12 5:13 23:16 | |
| reservation(1) 13:18 | |
| reserve(9) 12:5 17:10 20:4 24:4 27:14 27:17 28:24 30:4 35:9 | |
| reserved(1) 36:12 | |
| reserves(5) 12:9 24:3 27:9 28:15 33:7 | |
| resolution(10) 7:4 7:9 17:7 18:2 21:5 31:12 36:11 36:19 36:19 38:7 | |
| resolve(6) 8:4 8:13 12:5 12:19 23:19 37:25 | |
| resolved(6) 17:25 18:9 22:11 26:16 28:8 36:16 | |
| resolves(1) 36:11 | |
| resolving(1) 6:10 | |
| resources(2) 33:16 35:8 | |
| respect(7) 21:11 22:15 22:19 25:9 25:14 26:10 28:1 | |
| respectfully(1) 36:1 | |
| respects(1) 26:1 | |
| respond(1) 24:6 | |
| response(13) 7:3 10:17 11:4 11:6 11:10 11:14 11:20 23:18 23:19 24:15 25:2 29:10 30:10 | |
| responses(4) 8:21 10:15 11:3 30:24 | |
| result(6) 10:5 17:21 21:14 31:13 32:1 32:17 | |
| resulted(1) 11:15 | |
| reversed(1) 26:18 | |
| ridge(1) 9:9 | |
| right(34) 6:16 7:10 8:10 9:16 10:4 12:12 12:24 14:6 15:25 16:1 17:10 17:12 17:24 18:14 19:15 19:17 20:12 21:3 23:8 24:8 25:5 27:15 29:5 29:11 29:18 30:6 30:20 35:5 35:24 36:4 37:23 37:23 38:5 38:9 | |
| rightfully(1) 22:12 | |
| rights(13) 10:21 11:1 13:18 16:9 16:10 16:20 17:3 20:5 20:8 22:20 30:5 36:12 36:21 | |
| road(1) 30:5 | |
| robert(2) 2:24 3:21 | |
| rodney(1) 3:22 | |
| rooney.pc(1) 2:4 | |
| rosenmann(1) 4:26 | |
| rothschild(1) 3:12 | |
| rudnick(1) 5:8 | |
| rule(2) 12:13 13:10 | |
| ruled(1) 27:20 | |
| said(16) 8:25 9:8 11:11 15:11 15:23 17:9 17:13 17:17 17:19 18:12 23:18 32:22 33:3 33:5 33:18 35:2 | |
| sale(3) 25:4 25:10 34:22 | |
| sales(2) 22:3 25:14 | |
| same(6) 14:9 25:22 27:21 33:7 33:20 34:15 | |
| samis(1) 2:11 | |
| sampling(1) 32:20 | |
| sanjana(1) 5:13 | |
| satisfaction(1) 18:5 | |
| saw(2) 24:1 24:9 | |
| say(7) 8:23 15:12 16:24 21:21 26:8 35:10 36:11 | |
| saying(3) 15:6 24:19 33:8 | |
| says(5) 10:9 11:5 16:9 16:19 16:22 | |
| schedule(4) 9:19 9:21 13:21 14:18 | |
| scheduled(4) 9:19 9:23 10:12 14:12 | |
| schedules(2) 10:6 26:3 | |
| scheduling(2) 12:11:15 | |
| schotz(2) 3:4 3:25 | |
| schuylkill(1) 1:39 | |
| schweitzer(15) 1:25 6:15 6:18 6:20 6:22 7:6 7:11 7:19 8:11 9:17 10:5 10:14 11:20 13:20 13:24 13:25 14:2 14:5 14:7 15:22 17:13 18:15 19:3 22:22 23:9 24:25 29:7 29:8 29:12 29:20 30:9 30:11 30:12 30:17 30:21 35:25 36:5 36:6 36:8 36:25 37:3 37:11 38:1 38:4 38:8 | |
| schweitzer's(2) 22:15 25:2 | |
| seated(1) 6:2 | |
| second(5) 8:25 16:17 27:1 27:13 34:7 | |
| secondary(1) 31:24 | |
| secure(3) 7:14 14:14 15:7 | |
| secured(4) 8:8 9:22 15:5 15:16 | |
| securing(1) 15:7 | |

| Word | Page:Line |
|---|---|
| see(12) 7:2 10:5 10:17 17:23 18:22 18:24 19:20 19:21 23:15 23:22 27:7 31:20 | |
| seeing(1) 32:20 | |
| sees(3) 17:11 22:21 25:19 | |
| seeking(2) 8:7 23:3 | |
| seen(4) 8:21 8:21 31:1 37:15 | |
| selinda(1) 5:5 | |
| sending(1) 12:3 | |
| sent(1) 33:19 | |
| sentence(1) 16:17 | |
| separate(1) 35:6 | |
| sequential(1) 12:17 | |
| serious(1) 13:2 | |
| service(2) 1:38 1:45 | |
| services(1) 1:38 | |
| set(12) 9:3 21:6 23:3 24:23 28:21 28:21 29:22 33:7 33:18 33:21 34:3 34:4 | |
| setting(2) 12:9 35:9 | |
| settle(2) 10:1 12:18 | |
| settlement(3) 20:3 21:9 25:24 | |
| seven(6) 21:22 22:23 23:1 23:10 24:22 28:16 | |
| severance(2) 10:7 10:8 | |
| short(1) 6:10 | |
| should(18) 12:8 13:23 26:24 27:21 28:12 28:17 29:23 31:3 34:8 34:8 34:9 34:11 36:11 | |
| show(3) 9:11 17:20 33:1 | |
| showing(2) 9:8 22:22 | |
| showings(1) 32:19 | |
| shows(1) 14:2 | |
| sign(2) 31:1 36:23 | |
| significant(1) 17:22 | |
| significantly(2) 11:17 17:24 | |
| silverstein(1) 4:39 | |
| simple(1) 28:21 | |
| simply(1) 20:4 | |
| sir(5) 6:18 18:21 19:21 20:19 20:22 | |
| sitting(1) 37:8 | |
| situation(1) 18:8 | |
| skadden(1) 3:19 | |
| slate(1) 3:19 | |
| slavens(1) 5:17 | |
| small(3) 10:7 15:5 33:14 | |
| snmp(19) 3:4 4:4 4:4 11:21 11:22 12:7 12:21 13:8 23:16 23:16 24:14 24:19 25:16 25:25 26:13 26:20 26:23 | |
| snmp's(6) 24:18 24:18 25:1 26:23 27:17 30:21 | |
| sole(1) 21:25 | |
| solutions(3) 4:32 4:32 6:25 | |
| some(8) 10:10 10:11 10:16 25:19 26:13 28:6 32:13 33:4 | |
| someone(1) 31:16 | |
| something(3) 10:1 17:23 27:16 | |
| soon(3) 14:25 27:2 29:12 | |
| sorry(5) 13:8 16:6 25:10 29:15 29:16 | |
| sort(2) 19:11 23:10 | |
| sorts(2) 15:22 34:2 | |
| sought(2) 7:13 7:22 | |
| soulus(1) 4:42 | |
| sound(2) 1:44 38:15 | |
| sources(1) 32:12 | |
| speak(1) 24:11 | |
| specifically(4) 9:19 24:17 26:13 30:23 | |
| square(1) 3:22 | |
| stand(1) 38:10 | |
| stang(1) 2:37 | |
| start(3) 9:12 12:11 30:12 30:24 32:15 | |
| started(1) 8:24 | |
| statement(1) 19:1 | |
| statements(3) 30:24 31:18 32:25 | |
| states(3) 1:1 1:20 15:4 | |
| status(6) 7:20 8:11 13:1 16:1 16:12 25:7 | |
| stays(1) 28:6 | |
| ste(2) 2:6 2:33 2:46 | |
| steen(1) 1:24 | |
| stephen(1) 2:45 | |
| steven(1) 5:9 | |
| still(6) 11:17 24:23 33:23 33:23 34:1 35:1 | |
| straightforward(3) 22:18 22:24 23:2 | |
| strategy(3) 31:15 32:9 | |
| strauss(3) 2:23 3:46 18:18 | |
| street(8) 1:11 1:39 2:13 2:19 2:39 3:7 3:14 3:23 | |
| strive(1) 22:14 | |
| struck(2) 12:12 13:10 | |
| subject(2) 25:18 33:13 | |
| subjected(1) 17:4 | |
| subrogation(1) 16:11 | |
| subset(1) 33:9 | |
| substantial(3) 17:21 25:8 25:17 | |
| substantially(1) 14:9 | |
| such(7) 7:8 15:11 15:8 22:3 22:10 28:14 | |
| suggesting(1) 23:9 | |
| suggests(1) 12:7 | |
| suite(2) 3:8 3:15 | |
| sullivan(1) 4:43 | |

| Word | Page:Line |
|---|---|
| support(4) 18:11 19:1 21:6 31:23 | |
| supports(1) 19:16 | |
| supposed(1) 17:8 | |
| supreme(1) 26:17 | |
| sure(4) 11:4 15:25 19:4 20:8 | |
| take(3) 33:9 35:10 38:2 | |
| taken(2) 21:22 32:7 | |
| takes(1) 8:14 | |
| talk(1) 34:16 | |
| talked(1) 30:13 | |
| tally(1) 33:16 | |
| targeted(1) 24:18 | |
| tax(2) 10:11 11:14 | |
| taylor(1) 2:10 | |
| tbd(1) 35:1 | |
| team(1) 32:19 | |
| tech(1) 0:46 | |
| tee(1) 32:1 | |
| telephone(1) 7:7 | |
| telephonic(4) 3:27 4:1 5:1 7:20 | |
| tell(2) 34:24 34:24 | |
| tenancy(1) 23:16 | |
| tentative(1) 12:10 | |
| term(1) 36:8 | |
| terms(6) 16:1 21:6 21:8 22:17 23:3 35:9 | |
| test(1) 13:5 | |
| than(8) 7:7 8:23 21:22 21:23 23:24 24:18 32:9 37:19 | |
| thank(36) 6:2 6:16 6:17 6:18 13:23 13:24 13:25 18:14 18:15 19:16 19:17 19:17 19:24 20:13 20:14 20:18 20:19 21:1 23:7 23:8 23:11 23:12 23:14 29:6 29:7 30:6 30:7 30:12 36:4 36:6 36:25 37:23 38:1 38:4 38:8 38:10 | |
| thanks(1) 14:5 | |
| that(203) 6:13 7:11 7:19 7:25 8:2 8:11 8:15 8:17 8:19 8:23 8:25 9:3 9:11 9:12 9:14 9:19 9:20 10:1 10:6 10:8 10:9 11:9 11:10 11:12 11:16 11:17 12:1 12:4 12:5 12:7 12:12 12:12 12:21 12:24 12:31 13:4 13:7 13:8 13:10 13:16 13:17 14:10 14:10 14:11 14:11 14:12 14:14 14:20 14:23 15:2 15:4 15:7 15:8 15:9 15:9 15:12 15:14 15:17 15:18 15:20 15:25 16:3 16:5 16:5 16:6 16:7 16:13 16:14 16:15 16:16 16:17 16:18 16:19 16:22 16:24 17:3 17:8 17:9 17:15 17:19 17:20 18:3 18:5 18:7 18:10 19:4 19:9 19:10 19:16 19:20 20:8 20:11 20:15 21:5 21:10 21:13 21:17 21:21 22:1 22:7 22:8 22:10 22:11 22:13 22:25 23:4 23:6 23:9 23:11 23:20 23:22 24:4 24:6 24:7 24:11 24:16 24:19 24:21 24:21 25:2 25:3 25:11 25:17 25:25 26:1 26:2 26:12 28:3 28:4 28:7 28:23 28:24 28:24 29:21 29:22 30:2 30:4 30:5 30:25 31:1 31:2 31:3 31:7 31:9 31:15 31:23 32:3 32:5 32:6 32:10 32:13 32:15 32:20 32:22 32:23 32:25 33:3 33:5 33:8 33:16 33:16 33:24 33:24 33:25 34:2 34:4 35:2 35:3 35:4 35:7 35:7 35:13 35:15 35:16 35:19 35:21 35:23 35:25 36:1 36:9 36:10 36:11 36:12 36:12 36:14 36:19 36:23 37:5 37:6 37:7 37:15 37:17 37:19 37:24 38:2 38:7 38:9 38:9 38:10 38:14 38:15 38:15 38:16 | |
| that's(16) 9:6 9:7 12:10 13:9 18:10 21:18 23:6 24:20 25:24 27:13 27:15 28:8 29:4 30:17 30:20 35:1 | |
| thau(1) 4:23 | |
| the(301) 1:1 1:2 1:19 2:4 2:12 5:8 6:2 6:6 6:8 6:11 6:12 6:13 6:14 6:16 6:18 6:21 6:22 6:24 6:24 6:25 7:1 7:2 7:3 7:3 7:5 7:8 7:8 7:10 7:11 7:12 7:15 7:15 7:18 7:21 7:22 7:23 7:24 7:25 8:5 8:6 8:10 8:12 8:13 8:14 8:15 8:15 8:17 8:18 8:18 8:19 8:21 8:21 8:22 8:24 8:25 9:2 9:3 9:7 9:11 9:12 9:13 9:13 9:14 9:16 9:16 9:17 9:20 9:21 9:21 9:25 10:2 10:4 10:6 10:9 10:9 10:13 10:15 10:16 10:18 10:18 10:19 10:20 10:24 10:25 11:3 11:3 11:5 11:5 11:6 11:8 11:12 11:14 11:15 11:16 11:17 11:19 11:20 11:21 11:22 11:23 12:2 12:3 12:10 12:12 12:12 12:14 12:15 12:15 12:16 12:17 12:20 12:21 12:23 12:23 12:25 12:25 13:1 13:4 13:4 13:5 13:6 13:6 13:7 13:7 13:8 13:9 13:10 13:10 13:11 13:13 13:13 13:16 13:16 13:17 13:18 13:19 13:20 13:21 13:22 13:23 14:1 14:3 14:4 14:6 14:8 14:9 14:10 14:11 14:12 14:12 14:15 14:16 14:18 14:19 14:20 14:21 14:22 14:24 15:2 15:3 15:5 15:6 15:7 15:9 15:11 15:12 15:13 15:15 15:17 15:18 15:18 15:19 15:20 15:21 15:23 16:1 16:4 16:5 16:5 16:6 16:9 16:14 16:17 16:17 16:18 16:18 16:18 16:19 16:21 16:22 17:4 17:7 17:7 17:8 17:10 17:12 17:14 17:15 17:24 18:2 18:2 18:3 18:8 18:8 18:9 18:10 18:11 18:12 18:13 18:14 18:17 18:19 18:21 18:24 18:25 19:1 19:2 19:2 19:6 19:9 19:10 19:11 19:14 19:15 19:16 19:17 19:21 19:22 19:23 19:25 20:2 20:3 20:3 20:10 20:10 20:12 20:14 20:14 20:17 20:19 20:22 20:23 20:25 21:3 21:4 21:5 21:6 21:7 21:8 21:9 21:10 21:12 21:12 21:12 21:13 21:15 21:16 21:17 21:18 21:25 21:25 22:1 22:2 22:3 22:4 22:4 22:6 22:6 22:9 22:10 22:13 22:16 22:18 22:21 22:22 23:1 23:2 23:3 23:6 23:8 | |
| their(24) 10:10 10:17 10:21 10:22 11:1 11:15 11:24 11:25 12:1 12:24 15:1 17:9 17:16 17:25 18:6 21:19 28:18 28:20 30:25 32:24 32:25 33:8 34:7 34:25 | |
| them(8) 10:9 10:22 10:24 11:9 17:23 19:8 31:23 | |
| themselves(2) 10:16 19:6 | |
| then(11) 11:11 13:20 17:6 19:7 26:19 26:24 28:20 32:7 34:7 34:11 | |
| theoretically(1) 33:22 | |
| theories(1) 12:24 | |
| theory(1) 31:23 | |
| there(15) 9:9 9:9 10:6 10:11 14:16 17:20 17:20 18:10 20:8 22:7 24:22 30:19 30:24 33:3 37:4 | |
| there's(13) 6:13 8:22 9:11 9:20 10:11 23:4 26:9 29:22 30:5 30:17 35:12 36:25 37:19 | |
| these(18) 14:22 14:25 15:13 15:23 15:24 16:7 16:10 16:13 19:7 21:23 22:1 22:8 27:18 29:23 31:12 32:7 34:17 34:23 | |
| they(30) 8:8 12:1 16:8 16:25 17:9 17:17 17:20 17:24 18:5 18:7 21:17 22:12 24:16 26:8 26:12 26:24 27:10 27:11 27:18 28:16 28:17 28:19 31:2 31:16 31:23 31:25 33:5 33:5 33:13 33:20 34:25 | |
| they'll(2) 14:20 34:24 | |
| they're(12) 10:7 22:9 22:17 27:10 29:1 32:23 33:11 33:12 33:12 33:12 33:13 33:21 | |
| they've(1) 35:1 | |
| thing(3) 6:24 8:25 32:10 | |
| things(5) 21:11 30:22 30:23 31:2 34:6 | |
| think(28) 12:4 12:10 12:11 13:4 13:16 19:9 19:15 20:14 22:17 22:23 23:1 23:6 23:21 23:23 25:11 26:7 28:12 28:17 29:20 30:1 30:14 30:22 32:25 35:7 35:16 35:21 36:8 36:17 | |
| thinks(2) 35:5 35:13 | |
| third(1) 26:16 | |
| this(48) 6:25 7:12 8:4 8:6 8:21 9:1 9:18 10:14 10:20 10:22 12:6 12:11 13:9 13:14 14:2 14:8 14:16 17:2 17:14 18:7 20:3 20:20 21:8 21:24 23:19 23:23 23:25 25:2 25:8 26:14 27:8 27:23 28:7 29:15 29:16 29:20 31:1 31:14 31:20 32:8 33:6 33:19 34:10 35:3 35:18 36:15 37:20 | |
| thorny(3) 6:11 8:23 36:8 | |
| those(10) 7:16 8:24 16:4 16:20 17:5 19:11 25:12 31:8 34:5 37:11 | |
| thousand(1) 34:20 | |
| thread(2) 13:7 33:1 | |
| through(7) 10:19 13:22 14:8 17:14 19:6 27:8 37:7 | |
| thursday(1) 24:10 | |
| tight(1) 28:1 | |
| time(17) 8:4 8:21 9:1 9:14 10:20 10:22 13:9 13:15 16:17 17:2 17:18 17:22 31:15 33:7 36:14 36:15 37:13 | |
| time-to-time(2) 1:2 37:12 | |
| timeframe(1) 28:1 | |
| timetable(1) 23:5 | |
| timing(1) 14:15 | |
| tiwana(1) 5:21 | |
| today(18) 6:9 7:7 11:1 11:2 11:12 17:9 21:9 25:1 25:25 28:9 30:24 31:4 32:11 32:14 32:21 32:25 36:18 | |
| told(5) 25:6 32:11 34:13 34:25 35:1 | |
| tomorrow(1) 17:23 | |
| too(1) 13:3 | |
| top(1) 12:18 | |
| tory's(1) 5:16 | |
| total(1) 11:17 | |

| Word | Page:Line |
|---|---|
| **totality**(1) 14:19 | |
| **totally**(1) 12:25 | |
| **touched**(1) 29:20 | |
| **towards**(2) 7:24 22:14 | |
| **tower**(1) 2:27 | |
| **traci**(1) 38:20 | |
| **trade**(2) 3:12 5:8 | |
| **transcriber**(1) 38:20 | |
| **transcript**(3) 1:18 1:45 38:15 | |
| **transcription**(3) 1:38 1:38 1:45 | |
| **transfer**(1) 25:14 | |
| **transfers**(1) 25:4 | |
| **treated**(1) 29:1 | |
| **treatment**(2) 27:21 30:19 | |
| **trial**(3) 28:1 28:4 28:7 | |
| **trials**(1) 35:4 | |
| **tried**(1) 13:7 | |
| **troubling**(1) 21:24 | |
| **true**(1) 22:12 | |
| **truly**(1) 21:21 | |
| **trust**(3) 3:35 4:13 4:26 | |
| **try**(1) 19:7 | |
| **trying**(3) 10:21 11:1 32:4 | |
| **tunnell**(1) 1:30 | |
| **tweed**(1) 4:17 | |
| **two**(5) 11:6 13:17 26:1 32:12 33:3 | |
| **tyler**(1) 4:13 | |
| **typically**(1) 33:21 | |
| **u.s**(5) 6:22 21:12 21:12 21:16 21:20 | |
| **ultimately**(8) 10:23 14:16 31:25 32:11 32:13 32:16 33:1 34:11 | |
| **under**(12) 9:6 9:15 14:22 16:20 23:25 26:5 30:19 31:11 32:10 33:6 33:6 34:6 | |
| **undercut**(1) 10:21 | |
| **understand**(4) 7:6 12:23 18:13 26:15 | |
| **understanding**(2) 12:15 29:21 | |
| **understood**(1) 23:9 | |
| **undisputed**(3) 9:23 27:6 36:18 | |
| **unfortunate**(2) 21:21 31:13 | |
| **united**(2) 1:1 1:20 | |
| **unknown**(1) 28:14 | |
| **unless**(4) 27:11 28:5 29:3 29:8 | |
| **unsecured**(10) 7:17 8:1 8:9 8:20 11:8 18:19 19:5 21:14 25:17 31:9 | |
| **until**(3) 26:14 27:10 28:22 | |
| **update**(1) 37:16 | |
| **upon**(1) 21:9 | |
| **upward**(1) 34:19 | |
| **urge**(1) 22:6 | |
| **urquhart**(1) 4:42 | |
| **use**(6) 8:15 14:24 25:10 25:11 25:15 25:21 | |
| **used**(2) 24:4 36:8 | |
| **using**(1) 23:10 | |
| **validity**(1) 12:21 | |
| **value**(1) 21:19 | |
| **various**(5) 7:21 8:1 8:17 8:18 15:2 | |
| **very**(5) 6:6 15:5 21:15 25:7 36:20 | |
| **vicente**(3) 2:18 19:22 19:24 | |
| **view**(1) 12:4 | |
| **viewed**(2) 22:3 31:14 | |
| **virtually**(1) 25:22 | |
| **wait**(3) 13:6 26:14 34:6 | |
| **waiting**(1) 22:25 | |
| **walk**(2) 10:19 16:24 | |
| **want**(7) 18:12 21:21 22:24 26:1 27:16 27:18 33:5 | |
| **wanted**(7) 16:15 20:4 20:7 23:4 29:19 30:4 37:20 | |
| **wants**(3) 21:17 31:16 35:13 | |
| **was**(31) 7:12 10:22 11:4 11:5 11:7 11:10 11:11 11:12 11:16 11:21 11:21 13:1 14:9 16:16 17:8 17:9 17:20 17:20 18:9 19:3 21:5 21:10 21:15 21:16 23:10 23:22 24:3 24:10 24:10 34:19 38:11 | |
| **washington**(1) 2:20 | |
| **wasn't**(1) 23:9 | |
| **waste**(1) 35:7 | |
| **way**(8) 18:9 22:25 32:3 33:1 33:5 34:15 35:3 35:22 | |
| **ways**(1) 26:8 | |
| **we'd**(1) 35:10 | |
| **we'll**(3) 17:14 17:19 34:11 | |
| **we're**(19) 10:19 10:19 10:20 10:20 10:21 11:1 11:17 12:14 12:16 15:12 15:23 16:12 16:16 16:16 16:19 20:9 27:25 28:9 28:16 32:3 37:14 | |
| **we've**(3) 7:3 21:15 34:23 | |
| **webb**(1) 4:13 | |
| **weber**(1) 3:21 | |
| **wednesday**(1) 1:42 | |
| **week**(7) 7:3 13:2 23:3 27:25 30:14 34:13 37:4 | |
| **weekend**(2) 6:21 11:12 | |
| **well**(25) 6:6 6:7 7:12 7:14 7:16 11:22 12:7 12:19 12:20 17:7 17:10 17:13 17:17 18:3 18:3 18:3 34:22 25:15 26:8 27:2 28:20 33:18 34:17 36:7 38:5 | |

| Word | Page:Line |
|---|---|
| **were**(19) 7:20 8:3 8:8 9:24 11:13 12:10 14:15 14:16 17:6 20:8 23:22 26:20 26:20 27:8 27:11 32:11 33:6 37:4 37:5 | |
| **weren't**(1) 37:15 | |
| **what**(21) 6:9 6:10 9:4 9:5 9:20 10:5 11:24 14:9 17:8 17:11 17:13 17:17 22:12 23:22 24:9 24:10 24:13 24:22 27:5 28:11 35:14 | |
| **whatever**(3) 17:1 24:24 34:1 | |
| **when**(8) 13:4 14:15 24:1 24:9 27:24 28:14 34:14 36:14 | |
| **where**(6) 7:13 7:21 8:14 9:10 13:10 30:13 | |
| **whereupon**(1) 38:11 | |
| **whether**(6) 12:21 17:4 26:9 27:15 29:1 29:23 | |
| **which**(32) 8:14 8:14 8:15 9:23 10:18 10:19 11:4 11:7 11:8 11:15 11:21 12:23 13:1 14:2 15:11 16:19 22:9 22:20 24:1 24:10 25:11 25:18 26:15 27:20 30:22 32:14 33:20 34:5 34:19 34:23 36:18 37:3 | |
| **while**(7) 7:2 7:23 18:23 26:5 31:21 31:25 32:22 | |
| **whiteford**(1) 2:10 | |
| **who**(9) 10:15 11:6 18:11 22:4 28:17 28:24 29:15 33:9 34:1 | |
| **whole**(1) 32:19 | |
| **whom**(1) 21:15 | |
| **why**(10) 9:8 9:9 11:7 27:13 27:23 28:8 33:1 33:4 34:5 34:25 | |
| **wilke**(1) 29:17 | |
| **will**(14) 6:10 6:14 7:2 7:19 14:10 14:24 15:20 18:13 25:1 26:17 26:17 28:3 28:3 38:9 | |
| **willing**(1) 15:12 | |
| **willkie**(1) 3:33 | |
| **wilmington**(11) 1:12 1:33 2:7 2:14 2:34 2:41 2:47 3:16 3:24 4:26 6:1 | |
| **winters**(1) 5:25 | |
| **with**(57) 7:6 7:11 7:22 8:13 8:25 9:17 9:25 10:2 10:18 10:18 10:22 11:6 11:10 12:11 12:16 12:18 12:20 13:10 13:16 15:1 15:3 15:22 16:5 16:25 17:7 17:16 17:25 18:10 19:11 19:16 20:4 20:9 21:4 21:11 21:14 22:15 22:17 22:19 22:20 24:6 24:14 24:21 25:9 25:14 25:20 25:21 26:10 28:1 28:10 28:12 30:13 30:23 32:8 32:22 35:25 36:23 38:9 | |
| **withdraw**(1) 28:5 | |
| **withdrawn**(2) 17:16 22:20 | |
| **withholding**(2) 15:2 17:1 | |
| **withholdings**(1) 14:22 | |
| **without**(4) 17:17 22:21 26:3 28:13 | |
| **wood**(1) 4:10 | |
| **word**(1) 38:2 | |
| **words**(4) 9:14 16:12 17:22 29:24 | |
| **work**(2) 19:6 32:4 | |
| **worked**(2) 16:18 21:15 | |
| **working**(4) 31:7 33:24 37:6 37:25 | |
| **worth**(1) 11:24 | |
| **would**(27) 8:15 8:19 8:23 9:9 10:23 14:11 14:12 14:20 14:21 14:23 17:24 22:6 22:13 24:4 27:9 27:10 31:1 31:13 32:5 32:10 32:16 32:18 34:4 35:7 35:10 36:9 37:16 | |
| **wouldn't**(2) 31:3 34:4 | |
| **wound**(1) 8:15 | |
| **wow**(1) 11:11 | |
| **www.diazdata.com**(1) 1:42 | |
| **year**(2) 7:13 37:9 | |
| **years**(11) 17:18 21:15 21:22 22:23 23:1 23:10 24:23 26:14 26:20 28:7 28:16 | |
| **yes**(17) 6:12 7:5 7:18 10:13 13:19 15:21 18:21 19:14 20:16 20:17 20:22 20:25 29:13 29:15 30:16 37:2 37:10 | |
| **yesterday**(1) 35:19 | |
| **york**(2) 1:27 2:28 | |
| **you**(87) 6:2 6:5 6:6 6:16 6:17 6:18 6:21 7:2 7:11 7:20 9:4 9:9 9:15 10:1 10:9 11:7 12:8 13:4 13:23 13:24 13:25 17:19 18:14 18:15 18:22 18:24 19:13 19:16 19:17 19:18 19:20 19:21 19:24 20:2 20:5 20:13 20:14 20:18 20:19 20:25 21:1 22:23 23:7 23:8 23:10 23:11 23:12 23:14 23:15 25:6 26:7 26:14 28:22 29:6 29:7 29:11 30:6 30:7 30:12 31:20 32:12 33:7 33:20 33:25 34:3 34:7 34:8 34:9 34:11 34:17 34:25 35:14 36:1 36:4 36:6 36:25 37:14 37:16 37:20 37:21 37:21 37:23 38:1 38:4 38:8 38:10 | |
| **you'd**(3) 9:11 33:7 34:5 | |
| **you'll**(3) 10:5 10:17 32:13 | |
| **you're**(8) 9:4 9:5 12:7 13:6 15:14 16:6 17:22 32:20 | |
| **you've**(3) 8:21 8:21 35:25 | |
| **young**(1) 3:38 | |

| Word | Page:Line |
|---|---|
| **your**(61) 6:4 6:16 6:17 6:20 6:24 7:9 7:19 9:8 10:25 10:25 11:22 12:20 13:1 14:7 15:7 15:18 17:7 17:8 18:16 18:25 19:13 19:19 19:24 20:2 20:6 20:13 20:16 20:18 20:20 23:12 23:14 24:20 25:7 25:25 27:1 27:2 27:8 27:25 28:3 29:2 29:3 29:13 30:7 30:12 34:9 34:13 34:18 34:21 34:22 34:23 34:24 34:24 35:19 35:22 36:25 37:6 37:14 37:16 38:1 38:6 38:8 | |
| **zero**(1) 35:11 | |
| **ziehl**(1) 2:37 | |
| **june**(1) 38:19 | |