IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

|  |  |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Bankr. Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
|  | RE: D.I. 16551 |

---

## CERTIFICATION OF COUNSEL REGARDING
## ORDER GRANTING (A) LIMITED RELIEF FROM STAY
## TO PERMIT SERVICE OF SUBPOENA AND (B) RELATED RELIEF

I, Andrew R. Remming, counsel for Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby certify as follows regarding the *Order Granting (A) Limited Relief from Stay to Permit Service of Subpoena and (B) Related Relief* (the "Proposed Order"), attached hereto as **Exhibit A**:

1. The Debtors are defendants in a pending case captioned *Wanland & Associates, Inc. v. Nortel Networks Corp., et al.*, which is a class action originally filed in New Jersey state court and removed to the United States District Court for the District of New Jersey, Case No. 3:05-cv-01191-MLC-TJB (the "Wanland Litigation"). The Wanland Litigation was

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

initiated and referred to the bankruptcy court prior to the Debtors' January 14, 2009 petition date and is now stayed before the United States Bankruptcy Court for the District of New Jersey as Adversary Proceeding Case No. 05-02439-RG, under the bankruptcy case *In re NORVERGENCE, Inc.*, Case No. 04-32079 (the "NorVergence Bankruptcy Case"), on account of the automatic stay imposed by 11 U.S.C. § 362 in the Debtors' case.

2. Plaintiffs in the Wanland Litigation (the "Claimants") filed Claim Number 3911 (the "Claim") against the Debtors on behalf of a class of customers of NorVergence, Inc. ("NorVergence"). The Claim alleges, *inter alia*, that the Claimants purchased faulty telecommunications equipment and equipment leases from NorVergence and were induced to do so through the use of the Debtors logos and promotional materials. The Claimants and Debtors have engaged in discussions regarding a potential consensual resolution of the Claim. In furtherance of those discussions, the Claimants have determined it would be helpful to obtain information from the Chapter 7 trustee appointed in the Norvergence Bankruptcy Case (the "Chapter 7 Trustee") by way of subpoena (the "Subpoena") in order to identify possible class members regarding the Claim and any potential settlement thereof. The Chapter 7 Trustee is not a named party to the Wanland Litigation.

3. On February 19, 2016, the Court entered the Order Approving Debtors' Motion for an Order Establishing Procedures to Further the Resolution of Claims (D.I. 16551) (the "Claims Resolution Order"). Despite the intent of the Claims Resolution Order to enable the Debtors "to settle any and all disputed proofs of claim," id. ¶ 2, the Claims Resolution Order also makes clear that the "entry by the Debtors into settlement . . . negotiations does not constitute a waiver of the automatic stay applicable to . . . proceedings against the Debtors pursuant to section 362 of the Bankruptcy Code," id. ¶ 2(i). However, the Claims Resolution Order is

expressly "without prejudice to the Debtors' right to seek further orders of this Court to implement specific procedures for the reconciliation and/or resolution of claims against the Debtors . . . ." id. at ¶ 6.

4.  In order for the Debtors and the Claimants to advance the possibility of a consensual resolution of the Claim, the parties seek to issue the Subpoena on the Chapter 7 Trustee in the NorVergence Bankruptcy Case. Accordingly, the Debtors and counsel to the Claimants have agreed that the automatic stay imposed by 11 U.S.C. § 362 in the Debtors' cases should be lifted for the sole purpose of allowing counsel to serve the subpoena on the Chapter 7 Trustee, and respectfully submit the Proposed Order attached hereto as **Exhibit A**, which effects such agreement and enables the Claimants and the Debtors to proceed with their efforts to consensually resolve Claim 3911, should be approved by the Court.

5.  The Debtors have circulated the Proposed Order to counsel to the Plaintiffs. Counsel to the Plaintiffs have reviewed the Proposed Order and have no objection to the entry of the Proposed Order.

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Proposed Order attached hereto as **Exhibit A** and (ii) grant such other and further relief as is just and proper.

Dated:  June 23, 2016           CLEARY GOTTLIEB STEEN & HAMILTON LLP
        Wilmington, Delaware

                                James L. Bromley (admitted *pro hac vice*)
                                Lisa M. Schweitzer (admitted *pro hac vice*)
                                One Liberty Plaza
                                New York, New York 10006
                                Telephone:  (212) 225-2000
                                Facsimile:  (212) 225-3999

                                    - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Andrew R. Remming*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors
and Debtors in Possession*