## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X

|  |  |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.,*[1] | Bankr. Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
|  | **RE: D.I. 16551, 16947** |

----------------------------------------------------------- X

## ORDER GRANTING (A) LIMITED RELIEF FROM STAY TO
## PERMIT SERVICE OF SUBPOENA AND (B) RELATED RELIEF

Upon the *Certification of Counsel Regarding Order Granting (A) Limited Relief from Stay to Permit Service of Subpoena and (B) Related Relief* (the "Certification of Counsel"), filed by the Debtors,[2] by which the Debtors, as party to the New Jersey Adversary Proceeding and in furtherance of their ongoing efforts to settle Claim No. 3911 in accordance with the procedures established in the *Order Approving Debtors' Motion for an Order Establishing Procedures to Further the Resolution of Claims* (D.I. 16551) (the "Claims Resolution Order") request that the Court grant limited relief from the automatic stay for the sole and limited purpose of enabling information relevant to the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]    Capitalized terms used in this Order but not defined herein shall have the meanings ascribed to them in the Certification of Counsel.

potential resolution of Claim No. 3911 to be obtained, and the Court having found that

the legal and factual basis set forth in the Certification of Counsel establish good cause

for granting relief; and that such relief is in accordance with the Claims Resolution Order;

and upon the agreement of the Debtors and the Claimants; and it appearing that the Court

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and that this

matter is a core matter pursuant to 28 U.S.C. § 157(b)(2); and it appearing that notice was

reasonable under the circumstances and that no further notice need be given,

**IT IS HEREBY**:

1.      ORDERED that pursuant to section 362(d) of the Bankruptcy Code, the

automatic stay is hereby lifted solely to allow service of the Subpoena on the Chapter 7

Trustee in the NorVergence Bankruptcy Case, as further described in the Certification of

Counsel, in furtherance of a possible resolution of Claim 3911 in accordance with the

Claims Resolution Order; and it is further

2.      ORDERED that the terms and conditions of this Order shall be

immediately effective and enforceable upon its entry; and it is further

3.      ORDERED that, to the extent applicable, the requirements set forth in

Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules") and Rule 4001

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") are hereby

waived; and it is further

4.      ORDERED that this Court retains jurisdiction with respect to all matters

arising from or related to the implementation of this Order; and it is further

5.      ORDERED that notwithstanding any provision in the Bankruptcy Rules or the Local Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

Dated: June **23**, 2016

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE