## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- X
                                           :

| | |
|---|---|
| *In re* | Chapter 11 |
| | |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138(KG) |
| | |
| Debtors. | Jointly Administered |

Hearing date: August 16, 2016 at 11:00 a.m. (ET)
Responses due: August 5, 2016 at 4:00 p.m. (ET)

------------------------------------------------------- X

## DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR.P. 3007 AND DEL. L.R. 3007-1 (NO-BASIS D&O INDEMNIFICATION CLAIMS)

**TO THE CLAIMANTS LISTED IN <u>EXHIBIT A</u> ATTACHED TO THIS OBJECTION:**

- **CLAIMANTS' RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FUTURE OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED IN <u>EXHIBIT A</u>.**

- **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS IN <u>EXHIBIT A</u>.**

Nortel Networks Inc. ("<u>NNI</u>") and certain of its affiliates, as debtors and

debtors-in-possession (collectively, the "<u>Debtors</u>"), hereby object (this "<u>Objection</u>"), pursuant to

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available athttp://dm.epiq11.com/nortel.

section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), to those certain claims listed in **Exhibit A** attached

hereto and incorporated by reference.  In support of this Objection, the Debtors submit the

Declaration of John J. Ray, III in Support of Debtors' Forty-Fourth Omnibus Objection

(Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and

Del.  L.R. 3007-1 (No-Basis D&O Indemnification Claims) (the "Ray Declaration"), attached

hereto as **Exhibit B** and incorporated by reference, and respectfully state as follows:

### Jurisdiction

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory bases for the relief requested herein are sections 502 and 503 of the

Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

### Background

A.       **Procedural History**

3.       On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc. ("NN CALA"),[2] filed voluntary petitions for relief under chapter 11 of

the Bankruptcy Code, which cases are consolidated for procedural purposes only [D.I. 36].  The

Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

---

[2]        Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

4.     The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group").

5.     On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

---

[3]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[4]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

6.      Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**B.      Bar Date and Schedules**

7.      On April 20, 2009 and May 29, 2009, the Debtors (other than NN CALA) filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Original Schedules") [D.I.s 616-627, 801-810].  On September 11, 2009, the Debtors filed Schedules of Assets and Liabilities and Statements of Financial Affairs for NN CALA (the "NN CALA Schedules") [D.I. 1477, 1478].  On November 4, 2009, the Debtors (other than NN CALA) filed their Amended Schedules of Assets and Liabilities and Amended Statements of Financial Affairs (together with the NN CALA Schedules, referred to as the "Amended Schedules") [D.I.s 1811-1825].

8.      On August 4, 2009, the Court entered an order (the "Bar Date Order") establishing September 30, 2009 at 4:00 p.m. (Eastern Time) (the "General Bar Date") as the last date for all creditors holding a "claim" against the Debtors (other than NN CALA) to file and serve a written proof of claim, subject to certain enumerated exceptions set forth in the Bar Date Order [D.I. 1280].  On December 3, 2009, the Court entered an order establishing January 25, 2010 at 4:00 p.m. (Eastern Time) (the "CALA Bar Date") as the general claims bar date for all creditors holding a claim against NN CALA to file and serve written proofs of claim [D.I. 2059]. The Court also entered an order fixing November 15, 2011 at 4:00 p.m. (Eastern Time) as the bar date for filing proofs of claim in respect of certain Non-Canadian intercompany and director and officer claims [D.I. 6464] .

9.      On each of October 31, 2011, November 7, 2011, November 15, 2011 and November 21, 2011, the Debtors filed amended versions of Schedules E and F of the Original

Schedules and Amended Schedules of NNI, Nortel Altsystems Inc. ("Nortel Altsystems") and NN CALA [D.I. 6702, 6719, 6780, 6827] (collectively, the "Second Amended Schedules through the Fifth Amended Schedules").[5]  The Second Amended Schedules through the Fifth Amended Schedules amend previously filed Schedules E and F to modify the priority and amount of the scheduled severance claims for certain individuals terminated prior to the applicable Petition Date.

10.     On December 10, 2014, NNI and Nortel Networks Capital Corporation ("NNCC") filed amended versions of Schedules F of their Original Schedules, Amended Schedules, Second Amended Schedules through Fifth Amended Schedules and Sixth Amended Schedules (collectively, the "Seventh Amended Schedules" and together with the Original Schedules, the Amended Schedules, the Second Amended Schedules through the Fifth Amended Schedules and the Sixth Amended Schedules, the "Schedules").  The Seventh Amended Schedules amend previously filed Schedules F to modify the amount and characterization of certain scheduled intercompany payable claims.

**C.     The Claims Resolution Process**

11.     In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

12.     The Debtors' claims, notice and balloting agent, Epiq Bankruptcy Solutions, LLC, has prepared and maintains a register (the "Claims Register") of all proofs of claim filed against the Debtors in these chapter 11 cases.  The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules and the

---

[5]     Additionally, on February 21, 2012, the Debtors filed an amended version of NNI's Schedule F (the "Sixth Amended Schedules") [D.I. 7240].  The Sixth Amended Schedules amend NNI's previously filed Schedule F to modify the amount of certain scheduled trade payable claims.

claims asserted in the proofs of claim (including any supporting documentation).  The Debtors

are also comparing the claims asserted in the proofs of claim with the Books and Records to

determine the validity of the asserted claims.

13.     This reconciliation process includes identifying particular categories of claims

that may be targeted for disallowance, reduction and allowance or reclassification and allowance.

To reduce the number of claims, and to avoid possible double recovery or otherwise improper

recovery by claimants, the Debtors continue to file omnibus objections to such categories of

claims if and where warranted.  This Objection is one such omnibus objection.

14.     On December 14, 2009, the Court entered an order granting the Debtors relief

from the requirements of Bankruptcy Rule 3007(e)(6) and Local Rule 3007-1(f) (the "Original

Rule 3007 Order") [D.I. 2125].

15.     On September 16, 2010, the Court entered an order authorizing and approving

omnibus settlement procedures to settle certain prepetition claims (the "Original Settlement

Procedures") [D.I. 3953].

16.     Also on September 16, 2010, the Court entered an order approving a cross-border

claims protocol (the "Claims Protocol") establishing procedures to promote coordination and

cooperation between the Debtors and the Canadian Debtors in the resolution of certain claims

filed in these chapter 11 cases and the Canadian Proceedings that raise cross-border issues [D.I.

3956].

17.     On February 7, 2012, the Court entered an order modifying the application of

Local Rule 3007-1 and the Original Rule 3007 Order [D.I. 7178].

18.     On February 19, 2016, the Court entered an order authorizing and approving

procedures to resolve or otherwise settle all disputed proofs of claims or interest (the "Omnibus

6

Settlement Procedures"). The Omnibus Settlement Procedures superseded the Original

Settlement Procedures.

## Relief Requested

19.    For the reasons set forth below, the Debtors object to each of the claims identified

in **Exhibit A**. By this Objection, the Debtors respectfully request that the Court enter an order

pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local

Rule 3007-1 disallowing in full, the claims identified in **Exhibit A**:

    a.    Certain of the claims identified in **Exhibit A** should be disallowed in full
          as a claim for which the Debtors are not liable for one or more of the
          following reasons: (i) the claim asserts a liability for indemnification,
          contribution or reimbursement that is not a liability of any Debtor because
          the claimant was never a director or officer of any Debtor; (ii) the claim
          asserts a liability for indemnification, contribution or reimbursement that
          is unliquidated and contingent and does not identify any particular claim
          for which any Debtor must indemnify the claimant; (iii) the claim asserts
          liability for indemnification, contribution or reimbursement of potential
          damages and expenses related to certain ERISA litigation previously
          pending in the United States District Court for the Middle District of
          Tennessee in which certain Debtors were named defendants (the "ERISA
          Litigation") which has been resolved through a settlement reached
          between certain Debtors and the plaintiffs and approved by this Court by
          order dated  September 20, 2011 [D.I. 6423]; or (iv) the claim asserts a
          liability for indemnification, contribution or reimbursement that is
          unliquidated and contingent that should be disallowed pursuant to Section
          502(e)(1)(B) of the Bankruptcy Code to the extent any Debtor would be
          co-liable on the claim (the "No-Basis D&O Indemnification Claims"). The
          particular grounds for objection applicable to a claim are listed next to
          such claim in **Exhibit A**.

## Basis for Relief

20.    Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a

bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities

and (b) the claim is otherwise allowable.  11 U.S.C. §§ 101(5) and 101(10).

21.    When asserting a claim against a bankrupt estate, a claimant must allege facts

that, if true, would support a finding that the debtor is legally liable to the claimant.  See In re

Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992); In re Int'l Match Corp., 69 F. 2d 73, 76

(2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability

can be seen to exist).  Where the claimant alleges sufficient facts to support its claim, its claim is

afforded *prima facie* validity.  In re Allegheny Int'l, Inc., 954 F.2d at 173.  A party wishing to

dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie*

validity.  Id.  In practice, the objecting party must produce evidence that would refute at least one

of the allegations essential to the claim's legal sufficiency.  Id. at 173-74.  Once the objecting

party produces such evidence, the burden shifts back to the claimant to prove the validity of his

or her claim by a preponderance of the evidence.  Id.  The burden of persuasion is always on the

claimant.  Id.

## A.      No-Basis D&O Indemnification Claims

22.      The Debtors object to the No-Basis D&O Indemnification Claims identified in

**Exhibit A** because each asserts a claim for which no Debtor is liable.

23.      The Debtors object to certain of the No-Basis D&O Indemnification Claims

identified in **Exhibit A** that assert liability for indemnification where the claimant never served

as a director or officer of any Debtor and such claim provides no additional evidence that any

Debtor is liable for indemnification of  potential liabilities of directors and officers of non-Debtor

entities.

24.      The Debtors object to certain of the No-Basis D&O Indemnification Claims

identified in **Exhibit A** that assert liability for indemnification without identifying a particular

underlying claim for which the claimant would be entitled to indemnification, contribution or

reimbursement from a Debtor.

25.     The Debtors object to certain of the No-Basis D&O Indemnification Claims identified in **Exhibit A**  that assert liability for indemnification related to the ERISA Litigation as the ERISA Litigation has been resolved pursuant to a settlement entered into between certain Debtors and the ERISA Litigation plaintiffs and approved by this Court by order dated September 20, 2011 [D.I. 6423].  Pursuant to the terms of the settlement, the Debtors have no additional liability related to the ERISA Litigation, including any liability for indemnification related to the ERISA Litigation.

26.     Although the Debtors believe each of the No-Basis D&O Indemnification Claims identified in **Exhibit A** should be disallowed and expunged for the reasons stated above, if any No-Basis D&O Indemnification Claim were to nevertheless be found valid, the Debtors would also object to such No-Basis D&O Indemnification Claim to the extent that such claim was contingent, unliquidated and to the extent the Debtors were co-liable on the claim.

27.      Section 502(e)(1)(B) of the Bankruptcy Code provides that a claim for reimbursement or contribution on which a debtor is co-liable with the claimant shall be disallowed to the extent that such claim is contingent as of the time of allowance or disallowance.  11 U.S.C. § 502(e)(1)(B).

28.     For the reasons stated above the Debtors seek entry of an order disallowing and expunging the No-Basis D&O Indemnification Claims in their entirety.

## Separate Contested Matters

29.     To the extent that a response is filed regarding any claim identified in **Exhibit A** and the Debtors are unable to resolve the response, such claim, and the objection to such claim asserted by the Debtors herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim.

## Responses to Omnibus Objection

30.    To contest this Objection, a claimant must file and serve a written response to this

Objection (a "Response") so that it is received no later than **4:00 p.m. (prevailing Eastern**

**Time) on August 5, 2016** (the "Response Deadline").  Every Response must be filed with:

> The Office of the Clerk
> The United States Bankruptcy Court for the District of Delaware
> 824 Market Street
> Wilmington, Delaware  19801

and served upon the following entity so that the Response is received no later than the Response

Deadline, at the following addresses:

> Morris, Nichols, Arsht & Tunnell LLP
> 1201 North Market Street, P.O. Box 1347
> Wilmington, Delaware  19899-1347
> Attn:  Derek C. Abbott

31.    Every Response to this Objection must contain, at a minimum, the following

information:

a.    A caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of this Objection;

b.    The name of the claimant, the claim number, and a description of the basis for the amount of the claim;

c.    The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

d.    Any supporting documentation, to the extent that it was not included in the proof of claim previously filed with the clerk or claims agent, upon which the claimant intends to rely to support the basis for and amounts asserted in the proof of claim; and

e.    The name, address, telephone number and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or this Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

32.     If a claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order modifying, reclassifying or disallowing the claim, without further notice to the claimant or a hearing.

**Replies to Responses**

33.     The Debtors may, at their option, file and serve a reply to any Response so that it is received by the claimant (or the claimant's counsel, if represented) no later than three (3) days prior to the hearing.

**Adjournment of Hearing**

34.     The Debtors reserve the right to seek an adjournment of the hearing on any Responses to this Objection.  In the event that the Debtors seek such an adjournment, it will be noted on the notice of agenda for the hearing, and such agenda will be served on the affected claimant by serving the person designated in the Response.

**Reservation of Rights**

35.     The Debtors expressly reserve the right to amend, modify or supplement this Objection.  Should one or more of the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the claims on any other grounds that the Debtors discover or elect to pursue.  This Objection sets out substantive objections to the claims identified in **Exhibit A**.  The Debtors reserve their right to assert one or more other legal, factual, procedural, substantive and non-substantive objections to claims identified in **Exhibit A** at a later time.  The Debtors also reserve the right to withhold all applicable federal, state and local withholding taxes from distributions (if any) that would be made with respect to the claims addressed in this Objection.

## No Prior Request

36.     No prior request for the relief sought herein has been made to this or any other

court.

## Notice

37.     Notice of this Objection has been given via first class mail or overnight delivery

to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group;

(iv) each of the parties listed in **Exhibit A** and (v) the general service list established in these

chapter 11 cases.  In light of the nature of the relief requested, the Debtors submit that no other

or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order

substantially in the form attached hereto as **Exhibit C**, sustaining this Objection in all respects

and granting such other and further relief as the Court deems just and proper.


Dated:  July 15, 2016                                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP
       Wilmington, Delaware

                                        */s/ Tamara K. Minott*
                                  Derek C. Abbott (No. 3376)
                                  Eric D. Schwartz (No. 3134)
                                  Tamara K. Minott (No. 5643)
                                  1201 North Market Street, 16th Fl.
                                  P.O. Box 1347
                                  Wilmington, Delaware  19801

                                  *Counsel for the Debtors*
                                  *and Debtors-in-Possession*