IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------X
                                                      :
                                                      :
                                                      :
In re                                                 :
                                                      :
Nortel Networks Inc., et al.,¹                        :
                                                      :
                           Debtors.                   :
                                                      :
                                                      :
------------------------------------------------------X
```

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

RE: D.I. 16998, 17058

ORDER GRANTING DEBTORS' FORTY-FOURTH OMNIBUS
OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS
PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND
DEL. L.R. 3007-1 (NO-BASIS D&O INDEMNIFICATION CLAIMS)

Upon the Debtors' Forty-Fourth Omnibus Objection (Substantive) to Certain Claims

Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis D&O

Indemnification Claims) (the "Objection")² filed by Nortel Networks Inc. and certain of its

affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), requesting an order pursuant to section 502 of the Bankruptcy Code, Bankruptcy

Rule 3007 and Local Rule 3007-1 disallowing the claims identified in **Exhibit A** attached

thereto; and upon the Declaration of John J. Ray, III in Support of the Debtors' Forty-Fourth

Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr.

P. 3007 and Del. L.R. 3007-1 (No-Basis D&O Indemnification Claims), attached to the

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

² Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

Objection as **Exhibit B**; and upon all other documentation filed in connection with the Objection

and the claims, including certain claims identified in **Exhibit A** of the Objection; and adequate

notice of the Objection having been given as set forth in the Objection; and it appearing that no

other or further notice is required; and the Court having jurisdiction to consider the Objection

and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having

determined that consideration of the Objection is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Objection is **GRANTED** with respect to each of the claims identified in

**Exhibit A** attached thereto.

2.      All responses to the Objection, if any, are overruled to the extent they have not

been withdrawn, waived or otherwise resolved.

3.      Each of the No-Basis D&O Indemnification Claims identified in **Exhibit A** is

hereby disallowed in full.

4.      Notwithstanding Local Rule 3007-1(f)(iii), with respect to each of the claims in

**Exhibit A** to the Objection lacking supporting documents, to the extent that claimants are

permitted to amend the proofs of claim or otherwise provide documentation or other evidence

supporting the amount of claims that are being disallowed herein, such amendment or provision

shall be subject to the Debtors' rights to object to such claims on all grounds, whether legal,

factual, procedural, substantive or non-substantive.

5.      This order shall be deemed a separate order with respect to each of the claims

identified in **Exhibit A** to the Objection.  Any stay of this order pending appeal by any claimant

whose claim is subject to this order shall only apply to the contested matter that involves such

claimant and shall not act to stay the applicability and/or finality of this order with respect to the other contested matters listed in the Objection or this order.

      6.      The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this order.

      7.      This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this order.

Dated: *August 15, 2016*
      Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3