**<u>Exhibit 1</u>**

**Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------X
                             :

                             :        Chapter 11

*In re*                          :

Nortel Networks Inc., *et al.*,    :        Case No. 09-10138 (KG)

                           :        Jointly Administered

              Debtors.     :

                           :        **RE: D.I. 16996**

--------------------------------------------------------X

## ORDER GRANTING DEBTORS' FORTY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (NO-BASIS CLAIMS, MODIFY AND ALLOW CLAIMS, RECLASSIFY AND ALLOW CLAIMS, NO-BASIS EQUITY CLAIMS, WRONG DEBTOR CLAIMS AND REDUNDANT CLAIMS)

Upon the Debtors' Forty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis Claims, Modify and Allow Claims, Reclassify and Allow Claims, No-Basis Equity Claims, Wrong Debtor Claims and Redundant Claims) (the "Objection") filed by Nortel Networks Inc. and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 modifying, reclassifying, and allowing or disallowing the claims identified in **Exhibit A** and **Exhibit B** attached thereto; and upon the Declaration of John J. Ray, III in Support of the Debtors' Forty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No-Basis Claims, Modify and Allow Claims, Reclassify and Allow Claims, No-Basis Equity Claims, Wrong Debtor Claims and Redundant Claims), attached to the

Objection as **Exhibit C**; and upon all other documentation filed in connection with the Objection

and the claims, including certain claims identified in **Exhibit A** and **Exhibit B** of the Objection;

and adequate notice of the Objection having been given as set forth in the Objection; and it

appearing that no other or further notice is required; and the Court having jurisdiction to consider

the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the

Court having determined that consideration of the Objection is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The hearing on the Objection with respect to Claim No. 23.01 filed by Tannor

Partners Credit Fund, LP is continued to the hearing scheduled in these cases on September 13,

2016 at 10:00 a.m. (ET).

2.      The hearing on the Objection with respect to Claim No. 1353 filed by

Employment Development Department is continued to the hearing scheduled in these cases on

September 13, 2016 at 10:00 a.m. (ET).

3.      The Objection is resolved by agreement with respect to Claim No. 3947.01 filed

by Oracle USA, Inc. as modified by agreement by and between the Debtors and Oracle America,

Inc., successor in interest to Oracle USA, Inc.  Pursuant to such agreement, Claim No. 3947.01 is

hereby allowed as a general unsecured claim in the amount of $118,895.29 against Nortel

Networks Inc.

4.      Except as provided in paragraphs 1 through 3 above, the Objection is **GRANTED**

with respect to each of the claims identified in **Exhibit A** and **Exhibit B** attached thereto.

5.      Except as provided in paragraphs 1 through 3 above, all responses to the Objection, if any, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

6.      Each of the No-Basis Claims identified in **Exhibit A** is hereby disallowed in full.

7.      Each of the Modified, Reclassified and Allowed Claims identified in **Exhibit A** is hereby modified and/or reclassified and allowed for the Modified Claim Amounts identified in **Exhibit A**.

8.      Each of the Wrong Debtor Claims that failed to identify or correctly identify the Debtor liable for such claims identified in **Exhibit B** is hereby modified and/or reclassified and allowed against the Identified Debtor.

9.      Each of the No-Basis Equity Claims identified in **Exhibit B** is hereby disallowed in full.

10.      Each of the Redundant Claims identified in **Exhibit B** is hereby disallowed in full.

11.      Notwithstanding Local Rule 3007-1(f)(iii), with respect to each of the claims in **Exhibit A** or **Exhibit B** to the Objection lacking supporting documents, to the extent that claimants are permitted to amend the proofs of claim or otherwise provide documentation or other evidence supporting the amount of claims that are being disallowed herein, such amendment or provision shall be subject to the Debtors' rights to object to such claims on all grounds, whether legal, factual, procedural, substantive or non-substantive.

12.      This order shall be deemed a separate order with respect to each of the claims identified in **Exhibit A** and **Exhibit B** to the Objection.  Any stay of this order pending appeal by any claimant whose claim is subject to this order shall only apply to the contested matter that

involves such claimant and shall not act to stay the applicability and/or finality of this order with respect to the other contested matters listed in the Objection or this order.

13.     The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this order.

14.     This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this order.

Dated: _____
       Wilmington, Delaware

                     _____
                     THE HONORABLE KEVIN GROSS
                     UNITED STATES BANKRUPTCY JUDGE