# EXHIBIT

**L. RALPH MECHAM**
DIRECTOR

**JAMES E. MACKLIN, JR.**
DEPUTY DIRECTOR

ADMINISTRATIVE OFFICE OF THE
UNITED STATES COURTS
WASHINGTON, D.C. 20544

**WILLIAM R. BURCHILL, JR.**
GENERAL COUNSEL

December 17, 1991

Mr. Jay A. Resnick
Assistant General Counsel
Pension Benefit Guaranty Corporation
2020 K Street, N.W.
Washington, D.C. 20006-1860

Dear Mr. Resnick:

I am writing in response to your letter of October 16, 1991, concerning the payment of filing fees and other clerk's fees in bankruptcy court by the Pension Benefit Guaranty Corporation. Based on the information and arguments you have provided, it is my opinion that the PBGC should _not_ be required to pay the fees established under 28 U.S.C. § 1914. The Administrative Office will advise all clerks of court of this new conclusion. Since it reverses an administrative interpretation of long standing, however, I will further advise the clerks that it should be applied prospectively only.

Hitherto, many Federal corporations have been required to pay these fees based on case law holding that these corporations stand in the same shoes as private litigants, do not act on behalf of the United States in court, and are therefore not entitled to the sovereign immunity accorded to entities that are unquestionably agencies of the United States. These corporations generally are granted authority to sue and be sued in their own names, are not entitled to legal representation by the Department of Justice, and do not recoup judgments in the name of the United States. *See, e.g., Reconstruction Finance Corporation* v. *Menihan,* 312 U.S. 81 (1941); *In Re Clerk's Fees and Cost Bonds,* 49 F. Supp. 1011 (M.D. Tenn. 1943).

The Schedules of Additional Fees prescribed by the Judicial Conference under 28 U.S.C. §§ 1913, 1914, 1926 and 1930 provide that "no fees shall be charged for services rendered [by the clerk] on behalf of the United States." There is no expressed exemption on behalf of the United States from the statutory civil filing fee, nor can the Judicial Conference grant one; however, as a matter of longstanding custom, backed by one or two reported court opinions, the United States attorneys have not been required to pay it.

A TRADITION OF SERVICE TO THE FEDERAL JUDICIARY

Mr. Jay A. Resnick
Page 2

Among the Federal corporations held responsible for the civil filing fee was the Federal Deposit Insurance Corporation. In 1986, however, the United States Court of Appeals for the Fifth Circuit held that the FDIC was a "Federal defendant" entitled to sixty days to answer a complaint, rather than the twenty days in which a private defendant must answer. The court found that the United States had a sufficient proprietary interest in the FDIC to warrant according it the longer time to answer a complaint. *Rauscher Pierce Refsnes Inc.* v. *FDIC,* 789 F.2d 313 (5th Cir. 1986). Counsel for the FDIC used this decision to argue that the FDIC should not pay a filing fee or the other clerk's fees, even when appearing on its own behalf through private counsel. In this agency's opinion, however, *Rauscher* did not clearly overcome the earlier line of cases imposing liability for the fees based on the statutory waiver of sovereign immunity on behalf of the Federal corporations. Finally, the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 expressly declared that the FDIC is a Federal party within the meaning of 28 U.S.C. § 1345 when appearing in court in any capacity. Public Law 101-73, § 209, August 9, 1989, 103 Stat 216 (12 U.S.C. § 1819(b), as amended). The FDIC is now clearly exempted from the fees under 28 U.S.C. §§ 1913, 1914, 1926 and 1930.

The opinions you cite in your letter support a similar conclusion with respect to the PBGC. As I have stated above, I will advise the clerks of court of this conclusion. The advice of the Administrative Office on this issue is ultimately not binding on the courts, particularly with respect to the fees prescribed directly in the statutes; however, the clerks frequently look to our office for guidance on such matters.

If it is necessary to address this issue further, please feel free to contact this office.

Sincerely,

William R. Burchill, Jr.
General Counsel