# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- X
                                                     :
*In re*                                              :   Chapter 11
                                                     :
Nortel Networks Inc., *et al.*,[1]                   :   Case No. 09-10138 (KG)
                                                     :
         Debtors.                              :   Jointly Administered
                                                     :
                                                     :
                                                     :   Hearing date: October 27, 2016 at 10:00 a.m. (ET)
                                                     :   Responses due: October 18, 2016 at 4:00 p.m. (ET)
---------------------------------------------------- X


## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## AUTHORIZING THE CLAIMS AGENT TO REFLECT
## CERTAIN CLAIMS THAT HAVE BEEN SATISFIED AS PAID

**TO THE CLAIMANTS LISTED IN EXHIBIT B ATTACHED TO THIS MOTION:**

- **CLAIMANTS' RIGHTS MAY BE AFFECTED BY THIS MOTION AND BY ANY FUTURE MOTION(S) THAT MAY BE FILED BY THE DEBTORS.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED IN EXHIBIT B.**

- **CLAIMANTS RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND CLAIMS IN EXHIBIT B.**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667).  Contact information for the Debtors and their petitions are available athttp://dm.epiq11.com/nortel.

Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for the entry of an order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105 and 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in accordance with Rule 3007-1(e)(iii)(J)(2) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, authorizing the Debtors and their official claims, noticing and balloting agent, Epiq Bankruptcy Solutions, LLC (the "Claims Agent") to reflect in the Claims Register (as defined below) that certain claims identified on the attached **Exhibit B** have been satisfied in part or in whole, as the case may be (the Satisfied Obligations, as defined below), and are entitled to no voting rights or additional distribution from the Debtors or the Debtors' estates with respect to such Satisfied Obligations in these chapter 11 cases and further ordering that the Debtors' rights to object to the remaining portion of any such claim on **Exhibit B** not entirely consisting of a Satisfied Obligation (the "Remaining Obligations") be preserved in all respects; and granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors submit the Declaration of John J. Ray, III in Support of Debtors' Motion for Entry of an Order Authorizing the Claims Agent to Reflect Certain Claims that Have Been Satisfied as Paid (the "Ray Declaration"), attached hereto as **Exhibit C** and incorporated by reference, and respectfully represent as follows:

## Jurisdiction

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105 and 502 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 3007.

## Background

**A.      Procedural History**

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc. ("NN CALA") and Nortel Networks India International Inc. ("NNIII"),[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only [D.I. 36]. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (the "Bondholder Group"). A consortium of creditors holding unsecured claims, including but not limited to trade (supplier) claims and employee severance and pension claims has also been organized (the "Trade Claims Consortium").

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[3] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors

---

[2]    Nortel Networks (CALA) Inc. and Nortel Networks India International Inc. filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on July 14, 2009 and July 26, 2016, respectively, which were consolidated and are being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098]; [D.I. 17090].

[3]    The Canadian Debtors include the following entities: NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

3

Arrangement Act (Canada) (the "CCAA"), seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors")[4] into administration (the "English Proceedings") under the control of individuals from Ernst & Young LLP (collectively, the "Joint Administrators").  Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6. Since the Petition Date, Nortel has sold its business units and other assets to various purchasers.  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

**B.    Bar Date and Schedules**

7. On April 20, 2009 and May 29, 2009, the Debtors (other than NN CALA and NNIII) filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Original Schedules") [D.I.s 616-627, 801-810].  On September 11, 2009, the Debtors filed Schedules of Assets and Liabilities and Statements of Financial Affairs for NN CALA (the "NN CALA Schedules") [D.I. 1477, 1478] and on July 26, 2016, the Debtors filed Schedules of Assets and Liabilities and Statements of Financial Affairs for NNIII (the "NNIII Schedules) [No. 16-11714-KG, D.I. 9-10].  On November 4, 2009, the Debtors (other than NN CALA and NNIII) filed their Amended Schedules of Assets and Liabilities and Amended Statements of Financial

---

[4] The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

Affairs (together with the NN CALA Schedules and NNIII Schedules, referred to as the "<u>Amended Schedules</u>") [D.I.s 1811-1825].

8.  On August 4, 2009, the Court entered an order (the "<u>Bar Date Order</u>") establishing September 30, 2009 at 4:00 p.m. (Eastern Time) (the "<u>General Bar Date</u>") as the last date for all creditors holding a "claim" against the Debtors (other than NN CALA and NNIII) to file and serve a written proof of claim, subject to certain enumerated exceptions set forth in the Bar Date Order [D.I. 1280].  On December 3, 2009, the Court entered an order establishing January 25, 2010 at 4:00 p.m. (Eastern Time) (the "<u>CALA Bar Date</u>") as the general claims bar date for all creditors holding a claim against NN CALA to file and serve written proofs of claim [D.I. 2059]. On August 16, 2016, the Court entered an order establishing September 19, 2016 at 4:00 p.m. (Eastern Time) (the "<u>NNIII Bar Date</u>) as the general claims bar date for all non-governmental creditors holding a claim against NNIII to file and serve written proofs of claim [No. 16-11714-KG, D.I. 16]. The Court also entered an order fixing November 15, 2011 at 4:00 p.m. (Eastern Time) as the bar date for filing proofs of claim in respect of certain Non-Canadian intercompany and director and officer claims [D.I. 6464].

9.  On each of October 31, 2011, November 7, 2011, November 15, 2011 and November 21, 2011, the Debtors filed amended versions of Schedules E and F of the Original Schedules and Amended Schedules of NNI, Nortel Altsystems Inc. ("<u>Nortel Altsystems</u>") and NN CALA [D.I. 6702, 6719, 6780, 6827] (collectively, the "<u>Second Amended Schedules through the Fifth Amended Schedules</u>").[5]  The Second Amended Schedules through the Fifth Amended Schedules amend previously filed Schedules E and F to modify the priority and

---

[5]   Additionally, on February 21, 2012, the Debtors filed an amended version of NNI's Schedule F (the "<u>Sixth Amended Schedules</u>") [D.I. 7240].  The Sixth Amended Schedules amend NNI's previously filed Schedule F to modify the amount of certain scheduled trade payable claims.

5

amount of the scheduled severance claims for certain individuals terminated prior to the applicable Petition Date.

10. On December 10, 2014, NNI and Nortel Networks Capital Corporation ("NNCC") filed amended versions of Schedules F of their Original Schedules, Amended Schedules, Second Amended Schedules through Fifth Amended Schedules and Sixth Amended Schedules (collectively, the "Seventh Amended Schedules" and together with the Original Schedules, the Amended Schedules, the Second Amended Schedules through the Fifth Amended Schedules and the Sixth Amended Schedules, the "Schedules"). The Seventh Amended Schedules amend previously filed Schedules F to modify the amount and characterization of certain scheduled intercompany payable claims.

**C.     The Claims Resolution Process**

11. In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

12. The Debtors' claims, notice and balloting agent, Epiq Bankruptcy Solutions, LLC, has prepared and maintains a register (the "Claims Register") of all proofs of claim filed against the Debtors in these chapter 11 cases. The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules and the claims asserted in the proofs of claim (including any supporting documentation). The Debtors are also comparing the claims asserted in the proofs of claim with the Books and Records to determine the validity of the asserted claims.

13. This reconciliation process includes identifying particular claims that have been paid or otherwise satisfied. To avoid possible double recovery or otherwise improper recoveries

by claimants, the Debtors continue to file motions to resolve such category of claims if and where warranted.  This Motion is one such motion.

14. On September 16, 2010, the Court entered an order approving a cross-border claims protocol (the "<u>Claims Protocol</u>") establishing procedures to promote coordination and cooperation between the Debtors and the Canadian Debtors in the resolution of certain claims filed in these chapter 11 cases and the Canadian Proceedings that raise cross-border issues [D.I. 3956].

## Relief Requested

15. The Debtors and/or their advisors have carefully reviewed each of the claims listed in **Exhibit B** and have determined that the portions of the claims identified in the column labeled "Satisfied Amount" are based on Satisfied Obligations, as defined below, and believe that each of such identified portions has been satisfied.  Accordingly, the Debtors request that the Claims Agent be authorized to reflect in its records and the Claims Register that the identified portions of the claims have been satisfied, and that no voting rights be given and no further distribution be made by the Debtors or the Debtors' estates with respect to those portions of the claims.

## Basis for Relief

16. Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) the claim is otherwise allowable.  11 U.S.C. §§ 101(5) and 101(10)(A).  By contrast, there is no right to payment – and therefore no claim – to the extent that the asserted liability already has been paid or otherwise is not due and owing by a debtor.

17. During the course of these chapter 11 cases, the Court entered certain orders (collectively, the "Payment Orders") authorizing the Debtors to make certain payments in satisfaction of prepetition and postpetition obligations. The Payment Orders include, without limitation, the following:

    a. Order (A) Authorizing the Debtors to Pay Prepetition Common Carrier Charges and Warehouse Fees and (B) Scheduling a Final Hearing [D.I. 50];

    b. Order Authorizing Payment of Prepetition Obligations to Foreign Vendors [D.I. 71];

    c. Order Granting Administrative Expense Status to Debtors Obligations Arising from the Post-Petition Delivery of Goods and Services Ordered Pre-Petition and Authorizing Debtors to Pay Such Obligations in the Ordinary Course of Business [D.I. 135]; and

    d. Order Authorizing the Debtors to Remit and Pay Certain Taxes and Fees [D.I. 48] and Supplemental Order Authorizing the Debtors to Remit and Pay Certain Taxes and Fees [D.I. 531].

18. Subsequent to the CALA Petition Date, the Court entered the Order to Have Previously-Entered Orders as Supplemented Govern Nortel Networks (CALA) Inc. Prospectively [D.I. 1099] (the "CALA Payment Order"). The CALA Payment Order provides that certain orders entered prior to the CALA Petition Date in the main proceeding with respect to the other Debtors, including the Payment Orders, are applicable to NN CALA to the extent the relief granted in each of the orders is relevant to NN CALA's case.

19. Similarly, subsequent to the NNIII Petition Date, the Court entered the Order to Have Previously-Entered Orders as Supplemented Govern Nortel Networks India International Inc. Prospectively [Case No. 16-11714 (KG), D.I.s 15, 19] (as amended, the "NNIII Payment Order"). The NNIII Payment Order provides that certain orders entered prior to the NNIII Petition Date in the main proceeding with respect to the other Debtors, including the Payment

Orders, are applicable to NNIII to the extent the relief granted in each of the orders is relevant to NNIII's case.

20.     In accordance with the Payment Orders, the CALA Payment Order and the NNIII Payment Order, the Debtors satisfied certain obligations (the "<u>Payment Order Satisfied Obligations</u>"), including a portion of the claims identified in **Exhibit B**.

21.     Further, after the Petition Date, the CALA Petition Date and NNIII Petition Date, as applicable, pursuant to sections 1107 and 363 of the Bankruptcy Code the Debtors made certain payments in the ordinary course of business on account of post-petition goods and services for which a claim was filed.  As a result of these payments, the Debtors satisfied certain obligations (the "<u>Ordinary Course Satisfied Obligations</u>," and together with the Payment Order Satisfied Obligations, the "<u>Satisfied Obligations</u>"), including a portion of the claims identified in **Exhibit B**.

22.     Given that "[a]n objection to a claim on the basis that the claim has been paid or satisfied postpetition is not a valid objection" pursuant to Delaware Rule 3007-1(e)(iii)(J)(2), the Debtors seek to have the register updated.

23.     The claims listed in **Exhibit B** are based on, in whole or in part, the Satisfied Obligations and overstate the Debtors' liability by an amount that was satisfied after the Petition Date, the CALA Petition Date, or the NNIII Petition Date, as applicable.  Based on careful review of the Books and Records, the Schedules and the proof of claim, including supporting documentation provided by the claimant, if any, and other facts and circumstances relevant to such claim, the Debtors have determined that the portions of the claims identified as Satisfied Obligations in **Exhibit B** represent liabilities that have been satisfied pursuant to one or more of the Payment Orders, the CALA Payment Order or the NNIII Payment Order, or in the ordinary

course of business after the Petition Date, the CALA Petition Date or the NNIII Petition Date, as applicable.

24. With respect to each of the claims identified in **Exhibit B**, the Debtors and/or their advisors have carefully reviewed the Books and Records, the Schedules, the proof of claim, including supporting documentation provided by the claimants, if any, and other facts and circumstances relevant to such claim and have determined that the Satisfied Obligations identified in **Exhibit B** were satisfied after the Petition Date, the CALA Petition Date or the NNIII Petition Date, as applicable, because the asserted liability was either (i) paid directly by the Debtors; (ii) paid by a third party billing system on behalf of the Debtors; or (iii) offset with a credit.  As a result of those payments, the affected claimants have received all of the distribution to which they are entitled on account of the Satisfied Obligations, and neither the Debtors nor the Debtors' estates have any further legal obligation with respect to such liabilities.

25. Accordingly, the Debtors request that the Claims Agent be authorized to reflect in the Claims Register that the Satisfied Obligations identified in **Exhibit B** as having been paid, and that no voting rights be given and no further distribution be made with respect to the Satisfied Obligations.  If the claims are not reduced as requested herein, each of the claimants may receive double recovery or an otherwise disproportionately large voting right and/or distribution in these chapter 11 cases in contravention of the provisions and policies of the Bankruptcy Code and to the direct detriment of the Debtors' estates and other creditors.

## Reservation of Rights

26. The Debtors reserve the right to object to each of the claims listed in **Exhibit B** on any and all factual or legal grounds.  Without limiting the generality of the foregoing, the Debtors specifically reserve the right to amend this Motion, file additional papers in support of

this Motion, file a subsequent objection or motion on any ground with respect to any of the claims listed in **Exhibit B**, or take other appropriate actions to (a) respond to any allegation or defense that may be raised in an objection filed by or on behalf of any of the claimants or other interested parties, (b) object to any of the claims listed therein for which a claimant provides (or attempts to provide) additional documentation or substantiation, or (c) object to any claim listed therein based on additional information that may be discovered upon further review by the Debtors and/or their advisors or through discovery pursuant to the applicable provisions of Part VII of the Bankruptcy Rules.

### Notice

27.    Notice of the Motion has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Bondholder Group; (iv) each of the parties listed in **Exhibit B**; and (v) the general service list established in these chapter 11 cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto as **Exhibit A**; and (iii) grant such other and further relief as it deems just and proper.

Dated:  September 27, 2016
   Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-3505
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Tamara K. Minott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

10439944.1