**EXHIBIT B**

## CLASS SETTLEMENT AGREEMENT

This Class Settlement Agreement is made and entered into as of the date it is fully executed below by and between the putative representative Plaintiff WANLAND & ASSOCIATES, INC. ("Plaintiff") in *Wanland & Associates, Inc. v. Nortel Networks Corp., et al.*, United States District Court for the District of New Jersey, Case No. 3:05-cv-01191-MLC-TJB, which action was originally filed in the Superior Court of the State of New Jersey for the County of Ocean under Civil Case No. OCN-L-2803-04, and which is now stayed before the United States Bankruptcy Court for the District of New Jersey as Adversary Proceeding Case No. 05-02439-RG, under the bankruptcy case NORVERGENCE, Inc. Bankruptcy Proceeding, Case No. 04-32079 (collectively, the "Wanland Litigation"), on behalf of itself and the putative class members, on the one hand, and Defendants NORTEL NETWORKS LIMITED ("NNL") and NORTEL NETWORKS INC. ("NNI") (all parties, at times, collectively, the "Parties"). Schnader Harrison Segal & Lewis LLP, Cafferty Clobes Meriwether & Sprengel LLP, and Rosenfeld Hafron Shapiro & Farmer are, collectively, counsel for Plaintiff and the putative class ("Class Counsel").

## RECITALS

A.      Plaintiff alleges that, beginning in 2001, NNL, NNI, QWEST COMMUNICATIONS INTERNATIONAL INC., THOMAS N. SALZANO, ALEXANDER L. WOLF and ROBERT J. FINE (collectively, at times, "Defendants") and third party NORVERGENCE, INC. defrauded businesses by inducing them to purchase telecommunications services packages and to enter into certain equipment leases without disclosing that the leases purported to create an absolute obligation to pay regardless of services actually rendered though the value of the equipment was far less than leased price;

B.      Defendants deny that they engaged in any such actions;

C.      On June 30, 2004, certain of NORVERGENCE, INC.'s creditors filed an involuntary petition for relief under Chapter 11 of Title 11 of the U.S. Bankruptcy Code ("Chapter 11") against NORVERGENCE, INC. in the United States Bankruptcy Court for the District of New Jersey, Case No. 04-32079 (RG) ("NORVERGENCE Bankruptcy Proceeding");

D.      On July 14, 2004, NORVERGENCE, INC. consented to entry of an order of relief pursuant to Chapter 11, which was on the same day converted to a Chapter 7 Liquidation Proceeding pursuant to 11 U.S.C. § 1112(b);

E.      On September 27, 2004, Plaintiff WANLAND & ASSOCIATES, INC. ("Plaintiff") commenced a purported class action against NORTEL NETWORKS CORPORATION, THOMAS N. SALZANO, PETER J. SALZANO, ALEXANDER L. WOLF and ROBERT J. FINE in the Superior Court of the State of New Jersey for the County of Ocean, entitled *Wanland & Associates, Inc., et al. v. Nortel Networks Corporation, et al.*, Civil Case No. OCN-L-2803-04 ("the New Jersey State Action");

F.      On February 28, 2005, former defendant NORTEL NETWORKS CORPORATION timely removed the New Jersey State Action to the United States District

1

Court for the District of New Jersey (the "New Jersey District Court"), where it was assigned Case No. 3:05-cv-01191-MLC-TJB ("New Jersey Federal Action");

G.     On March 24, 2005, Plaintiff filed an Amended Class Action Complaint in the New Jersey Federal Action, substituting NNL and NNI for NORTEL NETWORKS CORPORATION, adding as a defendant QWEST COMMUNICATIONS INTERNATIONAL INC., and alleging causes of action against all defendants for:   Violation of the New Jersey Consumer Fraud Act (Count I); Negligent Misrepresentation (Count II); and Restitution, Disgorgement and Constructive Trust for Unjust Enrichment (Count III);

H.     On June 20, 2005, the Court in the New Jersey Federal Action entered an order which found that "although the Court anticipates engaging in an eventual de novo review of the United States Bankruptcy Court's proposed findings of fact and conclusions of law" the New Jersey Federal Action was related to the NORVERGENCE Bankruptcy Proceeding, and the Court therefore referred the New Jersey Federal Action to the United States Bankruptcy Court for the District of New Jersey (the "New Jersey Bankruptcy Court") and the New Jersey Federal Action was closed ("New Jersey Federal Action Order & Judgment");

I.     On June 20, 2005, the New Jersey Federal Action Order & Judgment was filed in the New Jersey Bankruptcy Court and the matter of *Wanland & Associates, Inc., et al. v. Nortel Networks Corporation, et al.*, was thereby referred to the New Jersey Bankruptcy Court as Adversary Proceeding Case No. 05-02439-RG (the "Adversary Proceeding"), under the bankruptcy case, NORVERGENCE, Inc. Bankruptcy Proceeding, Case No. 04-32079;

J.     On December 16, 2008, Defendant ROBERT J. FINE was dismissed from the Adversary Proceeding by stipulation following his entry into an agreement and mutual release with Plaintiff;

K.     On January 14, 2009, NNI and certain of its affiliates filed voluntary petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), Case No. 09-10138 (KG) (the "Delaware Bankruptcy Proceedings");

L.     On January 14, 2009, NORTEL NETWORKS CORPORATION, NNL and certain of their affiliates commenced a proceeding in the Ontario Superior Court of Justice (the "Ontario Court") under the Companies' Creditors Arrangement Act of Canada, styled *In the Matter of a Plan of Compromise or Arrangement of Nortel Networks Corporation, et al.*, Case No. 09-CL-7950 (the "Canadian Insolvency Proceedings");

M.     On January 14, 2009, NORTEL NETWORKS CORPORATION, NNL and certain of their affiliates filed petitions for relief and recognition in the United States of the Canadian Insolvency Proceedings pursuant to Chapter 15 of the United States Bankruptcy Code in the Delaware Bankruptcy Court, Case No. 09-10166 (KG) (the "Chapter 15 Proceedings");

N.     The Adversary Proceeding was stayed with respect to NNI by the commencement of the Delaware Bankruptcy Proceedings and stayed with respect to NNL upon entry of the Delaware Bankruptcy Court's Order dated February 27, 2009, recognizing the Canadian Insolvency Proceedings as foreign main proceedings under chapter 15 of title 11 of the United

States Code.  At that time, THOMAS N. SALZANO, PETER J. SALZANO, ALEXANDER L. WOLF remained nominal defendants (both THOMAS N. SALZANO and PETER J. SALZANO had been served but failed to appear and Plaintiff was preparing to move for default judgment, while ALEXANDER L. WOLF had not been served), but Plaintiff does not intend to pursue its claims against them;

O.     On September 28, 2009, Plaintiff filed a Proof of Claim on behalf of itself and the putative class in the sum of $360,000,000 ("Claim No. 3911") in the Delaware Bankruptcy Proceedings;

P.     On February 9, 2011, Defendant Qwest Communications International, Inc. was dismissed from the Adversary Proceeding by stipulation following its entry into an agreement and mutual release with Plaintiff;

Q.     NNI and NNL (collectively, the "SETTLING NORTEL DEFENDANTS") deny Plaintiff's allegations of liability on the claims asserted in the Wanland Litigation, both as to Plaintiff individually and as to the putative class;

R.     The Parties have agreed it is to their mutual benefit to settle and resolve their outstanding differences regarding the claims and defenses asserted in, and relating to the subject matter of, the Wanland Litigation on the terms set forth in this Agreement;

THEREFORE, IT IS AGREED by and among the Parties that, subject to the approval of the New Jersey Bankruptcy Court (following entry of the Stay Relief Order, as defined below, by the Delaware Bankruptcy Court), the Wanland Litigation shall be fully and finally resolved on the following terms and conditions.

## AGREEMENT

1.     **Authority for NNI To Enter Into This Agreement and Lifting of Automatic Stay.**  Within 10 days after execution of this Agreement by all Parties, NNI shall file a motion with the Delaware Bankruptcy Court seeking an order: (i) authorizing NNI to enter into and be bound by this Agreement; and (ii) modifying the automatic stay in the Delaware Bankruptcy Proceedings for the limited purpose of allowing the New Jersey Bankruptcy Court and the Parties to effectuate the class action settlement which is the subject of this Agreement (the "Bankruptcy Approval and Stay Relief Order").  As further discussed below, NNI will request that the Bankruptcy Approval and Stay Relief Order: (a) authorize NNI to advance the reasonably anticipated cost of the notice and administration of this class action settlement to or on behalf of Plaintiff, in an amount not to exceed $41,500; and (b) deem any judgment rendered by the New Jersey Bankruptcy Court awarding attorney's fees and/or costs to Class Counsel in connection with the Wanland Litigation to be an allowed general unsecured claim against NNI, which claim shall constitute a portion of Claim No. 3911; provided, that to the extent such amount exceeds $100,000, the allowed general unsecured claim against NNI in respect of such fees and/or costs shall be $100,000 (the "Class Counsel Fees and Costs Claim" or Claim No. 3911.01), and Class Counsel shall have no other or further claims against NNI or otherwise in the Delaware Bankruptcy Proceedings.  The settlement described herein is contingent upon entry

of the Bankruptcy Approval and Stay Relief Order, and this Agreement will be automatically void and of no force or effect if such order is not entered.

2.  **Preliminary Approval of Settlement.**  Within 15 days after entry of the Bankruptcy Approval and Stay Relief Order, and pursuant to Federal Rule of Civil Procedure 23(e), the Parties will file a motion with the New Jersey Bankruptcy Court for preliminary approval of the settlement set forth in this Agreement (the "Preliminary Approval Motion"), to be heard after entry of the Stay Relief Order, and for issuance of an order preliminarily approving this settlement (the "Preliminary Approval Order").  The Parties will request that the substantive terms of the Preliminary Approval Order be in substantial conformance with Exhibit A hereto.  It is a condition of this Agreement that the Preliminary Approval Order will certify the Settlement Class as defined herein, and this Agreement will be automatically void and of no force or effect if the Settlement Class is not certified.  For the avoidance of doubt, except as expressly set forth herein with respect to the Bankruptcy Approval and Stay Relief Order, the Parties specifically consent to the New Jersey Bankruptcy Court's entry of final orders in connection with this Agreement and any matters relating to or arising from this Agreement or the implementation thereof.

3.  **Notice to the Settlement Class.**

(a)  **The Settlement Class.**  The "Settlement Class," for purposes of this Agreement only, and with a reservation of all of the SETTLING NORTEL DEFENDANTS' rights to object to certification of a class if this settlement is not granted preliminary and final approval in accordance with the terms of this Agreement, will be defined as:

> All persons, including businesses, in the United States of America and its territories who, between January 1, 2001 and June 30, 2004, entered into a written agreement with NORVERGENCE, INC. for the lease of one or more Matrix boxes, Matrix SoHo boxes, or other network equipment provided by NORVERGENCE, INC. Excluded from the Settlement Class are the presiding judges in each of the New Jersey Federal Action, the NORVERGENCE Bankruptcy Proceeding, the Delaware Bankruptcy Proceedings, the Canadian Insolvency Proceedings, the staff of each of those presiding judges, Class Counsel, SETTLING NORTEL DEFENDANTS' in-house and outside counsel and the respective immediate families of all persons listed above.

(b)  **Claims Administrator**.  Subject to the New Jersey Bankruptcy Court's approval, the settlement notice, claim and class member payment process will be administered by an independent claims administrator (the "Claims Administrator").  The Claims Administrator will be Kurtzman Carson Consultants or such other independent claims administrator as agreed by the Parties.

(c)    **Notice to Settlement Class Members.**  Notice shall be provided to the Settlement Class, in substantially the form attached hereto, by direct mail to those parties set forth on a list of customers of NORVERGENCE, INC., which was obtained from the trustee appointed in the NORVERGENCE Bankruptcy Proceeding.  Such notice shall be mailed by the Claims Administrator no later than 50 days following entry of the Preliminary Approval Order (the date such notice is mailed, the "Notice Date").

(d)    **CAFA Notice.**  SETTLING NORTEL DEFENDANTS, by and through the Claims Administrator, shall be responsible for timely compliance with all notice and settlement approval requirements of the Class Action Fairness Act of 2005 ("CAFA").  Within 10 days after the Preliminary Approval Motion is submitted to the New Jersey Bankruptcy Court, Plaintiff, by and through the Claims Administrator, will serve the CAFA notices required under 28 U.S.C. § 1715.  The settlement may not be given final approval by the New Jersey Bankruptcy Court until 90 days after the CAFA notices are served.

(e)    **Costs of Notice and Administration**.  The Settlement Class shall bear all costs of notice and administration of the settlement described herein.  Subject to entry of the Bankruptcy Approval and Stay Relief Order, NNI shall advance the reasonably anticipated cost of the notice and administration of this class action settlement to or on behalf of Plaintiff, in an amount not to exceed $41,500 within 10 business days of entry of the Preliminary Approval Order.  Any notice and administration costs so advanced by NNI shall be deducted dollar for dollar from any distribution made on account of Claim No. 3911.02 (as defined below), as reduced and allowed as described herein, such that the Settlement Class shall ultimately bear the costs of such notice and administration.  In no event shall the Settlement Class be required to repay NNI any amounts advanced to cover costs of notice and administration.

4.    **Claim Procedure, Objections to Claims by Defendants, Benefit Payments, and Payment of Claims.**

(a)    **Claim Procedure.**  In order to submit a valid claim and be entitled to receive the benefit payment described below, Settlement Class members will be required to provide an affirmation under penalty of perjury that (a) they entered into a written agreement with NORVERGENCE, INC., (b) that the written agreement was for the lease of one or more Matrix Boxes, Matrix SoHo boxes, or other network equipment, (c) that one or more lease payments were made by the Settlement Class member to NORVERGENCE, INC. pursuant to that written agreement, and (d) in the case of Settlement Class member who is not a natural person, that the person submitting the claim is authorized to do so on behalf of the Settlement Class member.  Claims will be made through a web-based system operated by the Claims Administrator, with a toll-free number provided to those with questions or who do not have access to the internet so that other arrangements can be made for the submission of such Settlement Class members' claims.  The Claims Administrator's web-based system and toll-free telephone number will be operational no later than the Notice Date.  Counsel for the SETTLING NORTEL DEFENDANTS and Class Counsel shall approve the text and functionality of the Claims Administrator's web-based system and telephone voice script, and shall not unreasonably withhold such approval.  Subject to Paragraph 3(c) of this Agreement, the period during which Settlement Class members may file claims under this Agreement (the "Claim Period") will expire 90 days from the Notice Date (the "Claim Period Expiration Date").  Claims must be

postmarked (if mailed) or received by Claims Administrator (if submitted electronically) by the Claim Period Expiration Date.

(b)      **Procedure for Claim Form Deficiencies.**   The Claims Administrator will have 15 days from the close of the claim period to notify any claimants and Class Counsel of the nature of any procedural deficiencies in the submitted claims and to return a copy of the deficient claim form.  The claimant and Class Counsel shall have 30 days from the Claims Administrator's sending of the deficiency notice and copy of the deficient form to cure the deficiency and/or re-submit his, her or its claim via the web-based system or as otherwise agreed by the Claims Administrator and the claimant.

(c)      **Identification of Timely Filed Claims.**   No later than 45 days after the Claim Period Expiration Date, the Claims Administrator shall provide the Parties with written notice of the names and addresses of the Settlement Class members who have submitted timely, valid claims.  This list of claimants shall constitute the "Class Benefit Payees".

(d)      **Accounting of Total Incurred and Estimated Costs for Class Notice and Administration.**  No later than 45 days after the Claim Period Expiration Date, the Claims Administrator shall notify the Parties in writing of the total costs for notice and administration of the Settlement.

(e)      **Benefit Payments to Settlement Class Members.**

(i)      **Bankruptcy Estate Assets Contributing to Class Settlement.** The Parties have agreed that, subject to Paragraph 3(e), above, the total funds for the Incentive Award (as defined below), the class benefit payments, and notice and administration costs shall be paid out of any monies distributed by NNI in the Delaware Bankruptcy Proceedings on account of Claim No. 3911.02 in such proceedings, as reduced and allowed as described herein, and the total funds for the Class Counsel Fees and Costs Claim shall be paid out of any monies distributed by NNI in the Delaware Bankruptcy Proceedings on account of Claim No. 3911.01. To that end, the Parties have agreed that, subject to the entry of the Bankruptcy Approval and Stay Relief Order, the Preliminary Approval Order and the Final Approval Order, Claim No. 3911 filed by Plaintiff in the Delaware Bankruptcy Proceedings shall be reduced and allowed as a non-priority general unsecured claim against NNI in the amount of $400,000 ("Claim No. 3911.02") plus the amount of the Class Counsel Fees and Costs Claim.  Any recovery on the Class Counsel Fees and Costs Claim shall be distributed to Cafferty Clobes Meriwether & Sprengel LLP on the same terms as similarly classified claims in accordance with NNI's court-approved Chapter 11 plan for division in accordance with Paragraph 6(c) of this Agreement. Any recovery on Claim No. 3911.02 shall be distributed to the Claims Administrator on behalf of the Plaintiff, on the same terms as similarly classified claims in accordance with NNI's court-approved Chapter 11 plan.  Any distribution by the bankruptcy estate of NNI on Claim No. 3911.02 (the "Distributed Amount") shall be used to fund, the notice and administration costs of the settlement, the Incentive Award, and the class benefit payments described herein.

(ii)      **Incentive Award.**   The Parties have agreed that, subject to the approval of the New Jersey Bankruptcy Court and the Delaware Bankruptcy Court, an Incentive Award of $10,000 from the Distributed Amount shall be paid to Plaintiff, the putative class

representative, in recognition of its services to the Class.  The $10,000 shall be paid from the funds distributed in connection with Claim No. 3911.02 as described herein.

(iii)    **Calculation of Class Benefit Payment Fund and Amount of Each Class Benefit Payee's Benefit Amount.**  All costs associated with the notice and administration of the settlement other than those advanced by NNI pursuant to Paragraph 3(e) above, as identified by the Claims Administrator (the "Total Administration Costs"), shall be deducted first from the Distributed Amount.  After deduction of the Total Administration Costs, the Incentive Award shall be deducted from the Distributed Amount.  Any funds remaining of the Distributed Amount following payment of the Total Administration Costs and the Incentive Award shall constitute the "Class Benefit Payment Fund", which shall be divided equally among the Class Benefit Payees (the "Individual Class Benefit Amounts").

(iv)    **Timing Benefit Payments.**  If the New Jersey Bankruptcy Court approves this settlement and enters an order finally approving the class settlement ("Final Approval Order") and the Delaware Bankruptcy Court  approves one or more distributions from NNI's bankruptcy estate on Claim No. 3911.02 pursuant to a Chapter 11 Plan or otherwise, then within 30 days of the final distribution, the Claims Administrator shall mail checks to the Class Benefit Payees for Individual Class Benefit Amounts, if any, all in accordance with the terms of this Agreement.  Payment checks will expire 90 days after a check is mailed to a class member (the "Benefit Check Expiration Date").

(v)    **Uncashed Benefit Payments.**  In the event that any payment check sent to a Settlement Class member is not cashed prior to the Benefit Check Expiration Date, any such unclaimed funds shall be distributed to a cy pres recipient.  Such cy pres recipient will be selected by Class Counsel.

5.    **Opt Outs, Objections, and Final Approval.**

a.    **Opt Outs.**  Settlement Class members will have a right to opt out of the settlement.  The Parties will request that the Preliminary Approval Order require that all opt out requests must be submitted in writing to the Claims Administrator by no more than 45 days after the Notice Date (the "Opt Out Deadline").  The SETTLING NORTEL DEFENDANTS expressly reserve all rights and defenses against any opt-out Settlement Class member, including without limitation, all defenses relating to the applicable deadlines for filing claims in the Delaware Bankruptcy Proceeding.  Moreover, the Defendants will retain the right to dispute any claim asserted by any opt-out Settlement Class member in the future, including any objections that may be available based on the SETTLING NORTEL DEFENDANTS' bankruptcy proceedings.  Opt Out requests must be postmarked (if mailed) or received by the Claims Administrator (if submitted electronically) by the Opt Out Deadline.  This Agreement is voidable by NNI if more than thirty (30) Settlement Class members opt out, which right must be exercised by NNI in writing within 30 days after the Claims Administrator has provided counsel to NNI with a list of all Settlement Class members who opted out prior to the Opt Out Deadline.

b.    **Objections and Comments.**  The deadline for Settlement Class members to file with the New Jersey Bankruptcy Court, and serve upon Class Counsel and the SETTLING NORTEL DEFENDANTS' counsel, any objections to or other comments regarding the

settlement will be set by the New Jersey Bankruptcy Court in the Preliminary Approval Order. The Parties shall request that the Preliminary Approval Order require any objections to be filed and served no later than 45 days after the Notice Date.  Settlement Class members who opt out of the settlement may not object or comment.

    **c.**  **Defendants' Responses to Objections.** The SETTLING NORTEL DEFENDANTS shall (individually or together) file with the New Jersey Bankruptcy Court any responses to filed objections and/or comments no later than 10 days prior to the hearing on the Final Approval Motion (as defined below).

    **d.**  **Final Approval Motion.** No later than 90 days after the Claim Period Expiration Date, the Parties shall file a motion for final approval of the settlement set forth in this Agreement (the "Final Approval Motion").

    **e.**  **Final Approval Hearing.** In order to comply with the CAFA notice required under 28 U.S.C. § 1715, the Parties will request that the date of the hearing on the Final Approval Motion (the "Final Approval Hearing") be no earlier than 100 days after the date on which the Preliminary Approval Motion was filed with the New Jersey Bankruptcy Court, and that at the Final Approval Hearing, and as a condition of this settlement, the New Jersey Bankruptcy Court issue an order granting final approval of the settlement described in this Agreement (the "Final Approval Order").  The Parties will request that the terms of the Final Approval Order be in substantial conformance with Exhibit C hereto.  The Final Approval Order will provide that the New Jersey Bankruptcy Court, together with the Delaware Bankruptcy Court, will retain joint jurisdiction over the Parties to enforce the terms of this Agreement and those Courts' orders in connection herewith.

    **6.**  <u>**Class Counsel Fees and Costs.**</u>

    **a.**  **Amount.** Plaintiff will seek approval in the Adversary Proceeding of attorney's fees and costs in connection with the Wanland Litigation in an amount not to exceed $100,000 by filing a motion for the Class Counsel Fees and Costs Claim with the New Jersey Bankruptcy Court concurrently with the filing of the Preliminary Approval Motion.  The SETTLING NORTEL DEFENDANTS will not oppose such request.  If Plaintiff seeks attorney's fees and costs in excess of $100,000, the SETTLING NORTEL DEFENDANTS reserve the right to oppose the request to the extent it seeks fees and costs in excess of $100,000.

    **b.**  **Amount Allocated to Class Counsel Fees and Costs in the Delaware Bankruptcy Proceeding Is Final and Binding.** Plaintiff and Class Counsel acknowledge and agree that any distribution in the Delaware Bankruptcy Proceedings on account of the Class Counsel Fees and Costs Claim is the final amount due and owing to Class Counsel by the SETTLING NORTEL DEFENDANTS.  Even if unsecured creditors in the Delaware Bankruptcy Proceedings receive less than 100% of the amount of their allowed claims, Class Counsel shall accept the distribution on account of the Class Counsel Fees and Costs Claim as the final amount due and owing to Class Counsel by the SETTLING NORTEL DEFENDANTS, and Class Counsel shall have no other or further rights or claims against the SETTLING NORTEL DEFENDANTS on account of attorney's fees and costs.

c. **Division of Fees and Costs Among Class Counsel Firms.** Any attorney's fees and costs awarded by the New Jersey Bankruptcy Court and distributed to Cafferty Clobes Meriwether & Sprengel LLP on account of the Class Counsel Fees and Costs Claim shall be divisible among the firms identified above as constituting Class Counsel, and any other counsel who claims a right to share in the fee and cost award in any of the state civil, federal civil or bankruptcy proceedings identified herein, subject to their own mutual agreement, and SETTLING NORTEL DEFENDANTS will be held harmless by Class Counsel from any disputes between Class Counsel, including any other counsel who claims a right to share in the fee and cost award in the Wanland Litigation, as to the allocation among each of them of the fees and costs awarded by the New Jersey Bankruptcy Court.

7. **Judgment In the Action.** At or after the Final Approval Hearing, the Parties will request that the New Jersey Bankruptcy Court enter a judgment in the Adversary Proceeding in substantial conformance with Exhibit D attached hereto resolving all claims which were asserted or could have been asserted in the Wanland Litigation by reason of, or arising out of, the alleged written lease agreements entered into by the Settlement Class Members with NORVERGENCE, INC. for the lease of one or more Matrix boxes, Matrix SoHo boxes, or other network equipment provided by NORVERGENCE, INC. between January 1, 2001 and June 30, 2004, and finally terminating the Wanland Litigation ("Judgment"). The Parties intend that the principles of res judicata, including issue and claim preclusion, shall apply to the Judgment. The Judgment must be consistent with all terms of this Agreement, including but not limited to the releases and protections provided to SETTLING NORTEL DEFENDANTS herein.

8. **Release**

Plaintiff and all members of the Settlement Class, for themselves and their predecessors, heirs, executors, administrators, legal representatives (not including Class Counsel), successors, and assigns (collectively, "Releasing Parties"), forever release and discharge SETTLING NORTEL DEFENDANTS, and each of their present and former parents, subsidiaries, divisions and affiliates, and each of their respective current and former officers, directors, employees, agents, insurers, and attorneys (and the predecessors, heirs, executors, administrators, legal representatives, authorized representatives, successors, and assigns of each of the foregoing entities and individuals) (collectively, "Released Parties") from all causes of action, claims, judgments, liens, indebtedness, costs, damages, obligations, attorney's fees, losses, liabilities, and demands of whatever kind, source or character, whether arising under federal law or under the law of any of the 50 states, the District of Columbia, or any United States territory, or under the federal laws of Canada or any province or territory thereof, whether intentional or non-intentional, matured or unmatured, liquidated or unliquidated, arising on or before the date of this Agreement, and including but not limited to the Plaintiff's claims under the New Jersey Consumer Protection Act, any other state consumer protection statutes, claims for restitution, disgorgement and unjust enrichment, and claims for negligent misrepresentation, all of which are, were, or could have been asserted against any of the Released Parties by reason of, or arising out of, or otherwise related or connected to the alleged written lease agreements entered into by the Settlement Class Members with NORVERGENCE, INC. for the lease of one or more Matrix boxes, Matrix SoHo boxes, or other network equipment provided by NORVERGENCE, INC. between January 1, 2001 and June 30, 2004, whether or not any such claim was or could have been asserted by any Releasing Party on its own behalf or on behalf of

other persons or entities in the New Jersey Federal Action, the New Jersey State Action, the Adversary Proceeding or any other proceeding (collectively, "Released Claims").

In connection with the foregoing release, the Releasing Parties specifically intend to and do include all Released Claims, whether known or unknown, suspected or unsuspected, contingent or noncontingent, and without regard to the later discovery of other, additional, different, or currently unknown or unanticipated facts relating to the Released Claims, including but not limited to facts at odds with those which the Releasing Parties now believe to be true. The Parties agree that this waiver of known or unknown, suspected or unsuspected, contingent or noncontingent claims is sufficient under all federal laws and the laws of any other state or territory.

9.     **General Provisions.**

a.     **Court Approval.**  This settlement is subject to preliminary and final court approval and a determination of fairness by the New Jersey Bankruptcy Court, and the entry of the Bankruptcy Approval and Stay Relief Order.  The Parties will jointly support the entry of such orders and determinations based on the terms set forth in this Agreement.

b.     **No Evidence or Admission of Liability.**  In no event shall this Agreement, in whole or in part, whether effective, terminated, or otherwise, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be construed as, offered as, received as, used as or deemed to be an admission of liability or be used as evidence of any kind in the Wanland Litigation, in any other action, or in any judicial, administrative, regulatory or other proceeding, except that the Agreement may be used to obtain court approval of this settlement or in a proceeding to enforce this Agreement.  This Agreement is a settlement of disputed claims.   This provision shall survive the termination of this Agreement.

c.     **Entire Agreement.**  This Agreement is the entire agreement among the Parties.  This Agreement supersedes any prior agreements or understandings, whether written or oral, between and among the Parties, or any of them, regarding the subject matter of the Wanland Litigation or this Agreement.  This Agreement shall not be modified in any respect except by a writing executed by the Parties or their counsel, as applicable.  No delay or omission on the part of any party in exercising any right shall operate as a waiver of any such right or any other right. A waiver on one occasion shall not be construed as a bar to or waiver of any right on any further occasion.

d.     **Reservation of Rights.**  Notwithstanding any other provision of this Agreement, each of the other Parties agrees and acknowledges that: (a) NNL is entering into this Agreement solely for the purpose of taking the benefit of the release and other benefits conferred upon it hereunder and that NNL shall have no liability or obligation whatsoever under this Agreement, including, without limitation, any liability or obligation to (i) pay or reimburse any amount to any other Party or other person in connection with the settlements contemplated hereby (whether in cash, by way of a claim in the Canadian Insolvency Proceedings or in any other form), or (ii) take any step, pay any money or incur any liability in connection with seeking approval of the settlements contemplated hereby, it being agreed and acknowledged by the

Parties that NNL's consent to the settlement of the Wanland Litigation on the terms contemplated hereby shall constitute good and sufficient consideration for the release and other benefits conferred upon it hereunder; and (b) nothing herein shall, or shall be deemed to, constitute a waiver of the jurisdiction of the Ontario Court over NNL, including, without limitation, the jurisdiction of the Ontario Court to determine claims against NNL and other matters related to NNL.  Pursuant to paragraph 14 of the Initial Order of the Ontario Court dated January 14, 2009 (as amended and restated) (the "Initial Order"), NNL and the Monitor consent to the motions to the New Jersey Bankruptcy Court contemplated hereby seeking the Preliminary Approval Order, the Final Approval Order and the Judgment, it being understood that such consent is granted: (a) on the basis of the foregoing sentence; and (b) solely in relation to the aforementioned motions and not for any other matter or purpose and all rights of NNL and the Monitor under the Initial Order be and are hereby fully reserved.

      **e.**    **Successors and Assigns.**  The provisions of this Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

      **f.**    **Governing Law.**  This Agreement shall be construed under the laws of the State of Delaware, without regard to its choice of law rules.

      **g.**    **Jurisdiction.**  The New Jersey Bankruptcy Court and the Delaware Bankruptcy Court shall have joint jurisdiction over the implementation of this Agreement and the determination of any matters relating to or arising from this Agreement or the implementation thereof.

      **h.**    **Severable Agreement.**  Except as provided herein, the provisions of this Agreement are intended to be severable.  If any provision is found illegal, invalid or unenforceable by any court of competent jurisdiction for any reason, it shall be severable from this Agreement, and the remainder of this Agreement shall be read as if it did not contain such provision.

      **i.**    **Authority to Sign.**  The individuals signing this Agreement represent and warrant that they are authorized to do so.

      **j.**    **Cooperation.**  At any time and from time to time after the execution of the Agreement, each party shall execute such additional instruments and take such actions as may be reasonable necessary or requested by any other party to carry out the intent and purposes of this Agreement.

      **k.**    **No Assignment.**  The Parties warrant and represent to each other that they have not assigned or transferred or purported to assign or transfer any agreement, claim, demand, or cause of action with or against any Party that is the subject of this Agreement to any third party.

      **l.**    **Counterparts.**  This Agreement may be executed in counterparts and by facsimile signature, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

      **m.**    **Representation by Counsel.**  The Parties have each been represented by

legal counsel of their choice and have had the opportunity to solicit and obtain counsel as to their legal rights regarding the matters addressed in this Agreement.  By execution of this Agreement, the Parties represent that they have consulted with legal counsel of their choice.

       **n.**     **Headings.**  Headings contained in this Agreement are for convenience and reference only and are not intended to alter or vary the construction and meaning of this Agreement.

[Remainder of page intentionally left blank; signature pages follow]

**WHEREFORE,** the Parties agree to the terms hereof and execute this Agreement on and as of the date shown next to their signatures.

**WANLAND & ASSOCIATES, INC.**

By _Nyron Rose Rusche_

Its_____Counsel_____

Dated:___10/06/16___

**NORTEL NETWORKS INC.**

_____

By_____

Its_____

Dated:_____

**NORTEL NETWORKS LIMITED**

_____

By_____

Its_____

Dated:_____

**ACKNOWLEDGED BY:**

Ernst & Young Inc. in its capacity
as Monitor of the Canadian Debtors
and not in its personal capacity

_____

By_____

Its_____

Dated:_____

**WHEREFORE**, the Parties agree to the terms hereof and execute this Agreement on and as of the date shown next to their signatures.

**WANLAND & ASSOCIATES, INC.**

By_____  Dated:_____

Its_____

**NORTEL NETWORKS INC.**

By_____  Dated: _October 6, 2016_

Its_____

**NORTEL NETWORKS LIMITED**

By_____  Dated:_____

Its_____

**ACKNOWLEDGED BY:**

Ernst & Young Inc. in its capacity
as Monitor of the Canadian Debtors
and not in its personal capacity

By_____  Dated:_____

Its_____

13

**WHEREFORE,** the Parties agree to the terms hereof and execute this Agreement on and as of the date shown next to their signatures.

**WANLAND & ASSOCIATES, INC.**

By_____          Dated:_____
Its_____

**NORTEL NETWORKS INC.**

By_____          Dated:_____
Its_____

**NORTEL NETWORKS LIMITED**

By Taneda Wongken                   Dated: October 4, 2016
Its Authorized Representative

**ACKNOWLEDGED BY:**

Ernst & Young Inc. in its capacity
as Monitor of the Canadian Debtors
and not in its personal capacity

By Tom Ayres                        Dated: October 14, 2016
Its SR. VICE PRESIDENT

13

**Exhibit A**

**Wanland Settlement Agreement**

SCHNADER HARRISON SEGAL & LEWIS LLP
Lisa J. Rodriguez (LR6767)
Woodland Falls Corporate Park
220 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1165
(856) 482-5222

CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
Jennifer W. Sprengel (ARDC No. 6204446)
Nyran Rose Rasche (ARDC No. 6276743)
150 S. Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 782-4880

ROSENFELD HAFRON SHAPIRO & FARMER
Norman L. Hafron
221 N. LaSalle Street, Suite 1763
Chicago, IL 60601
(312) 372-6058

*Attorneys for Plaintiff and the Class*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re NORVERGENCE, INC.,<br><br>Debtor. | Case No. 04-32079 (RG) |
| WANLAND & ASSOCIATES, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTEL NETWORKS LIMITED, NORTEL NETWORKS, INC., QWEST COMMUNICATIONS INTERNATIONAL INC., THOMAS N. SALZANO, ALEXANDER L. WOLF, and ROBERT J. FINE,<br><br>Defendants. | Adv. Proc. No. 05-2439<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff WANLAND & ASSOCIATES, INC., on behalf of itself individually and the putative Settlement Class ("Plaintiffs"), and Defendants NORTEL NETWORKS INC. and NORTEL NETWORKS LIMITED (collectively, the "SETTLING NORTEL DEFENDANTS"), have filed a Joint Motion for Preliminary Approval of Class Action Settlement, Directing Notice, and Setting Hearing on Final Approval of Settlement ("Motion"). Having reviewed the Motion and supporting materials, including the memoranda submitted by each party, the Court determines and orders as follows:

1.    Counsel have advised the Court that the parties have agreed, subject to final approval by this Court following notice to the Settlement Class and a hearing, to settle this action, on the terms and conditions set forth in the Class Action Settlement Agreement dated October 6, 2016, (the "Settlement Agreement").

2.    On _____, 2016, in *In re Nortel Networks Inc. et al.*, Case No. 09-10138 (KG), the United States Bankruptcy Court for the District of Delaware issued an order authorizing and approving NORTEL NETWORKS INC. to enter into the Settlement Agreement.

3.    The Court has reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The terms of the Settlement Agreement are hereby incorporated as though fully set forth in this Order. Capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

4.    Based upon preliminary examination, it appears to the Court that:  Class Counsel thoroughly investigated the claims of the Settlement Class; the Settlement Agreement resulted from extensive arm's-length negotiations; and those negotiations were conducted between experienced attorneys who are highly familiar with class action litigation in general and with the legal and factual issues of this case in particular.

5.    Based upon the same preliminary examination, it appears to the Court that the Settlement Agreement is fair, reasonable, and adequate; that the attorneys' fees and expenses sought by Class Counsel are fair and reasonable; that the Settlement Class should be certified

for settlement purposes; and that the Court should hold a hearing after notice to the Settlement Class to determine whether to enter an order finally approving the parties' settlement and whether to enter final judgment in this action, based upon that Settlement Agreement.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. ***Preliminary Approval of Proposed Settlement***.  The Settlement Agreement, including all exhibits and provisions for payment of attorneys' fees and reimbursement of attorneys' expenses ("Class Counsel Fees and Costs Claim"), is preliminarily approved as fair, reasonable and adequate.  The Court finds that the Settlement Agreement resulted from extensive arm's-length negotiations and is sufficient to warrant notice thereof to members of the Settlement Class and the Final Approval Hearing described below.

2. ***Class Certification for Settlement Purposes Only***.  Pursuant to Fed. R. Civ. P. 23(b)(3), the Court, for settlement purposes only, in the exercise of its discretion conditionally certifies a class (the "Settlement Class") consisting of (unless otherwise specified, all capitalized terms used below shall have the meaning ascribed to them in the Settlement Agreement):

> All persons, including businesses, in the United States of America and its territories who, between January 1, 2001 and June 30, 2004, entered into a written agreement with NORVERGENCE, INC. for the lease of one or more Matrix boxes, Matrix SoHo boxes, or other network equipment provided by NORVERGENCE, INC.  Excluded from the Settlement Class are the presiding judges in each of the New Jersey Federal Action, the NORVERGENCE Bankruptcy Proceeding, the Delaware Bankruptcy Proceedings, the Canadian Insolvency Proceedings, the staff of each of those presiding judges, Class Counsel, SETTLING NORTEL DEFENDANTS' in-house and outside counsel and the respective immediate families of all persons listed above.

(a)      In connection with certification, the Court makes the following preliminary findings:

(1)     The Settlement Class satisfies Fed. R. Civ. P. 23(a)(1) because the Class appears to be so numerous that joinder of all members is impracticable;

(2)     The Settlement Class satisfies Fed. R. Civ. P. 23(a)(2) because there appear to be questions of law or fact common to the Class;

(3)     The Settlement Class satisfies Fed. R. Civ. P. 23(a)(3) because the claims of the named plaintiff WANLAND & ASSOCIATES, INC. appear to be typical of the claims being resolved through the proposed settlement;

(4)     The Settlement Class satisfies Fed. R. Civ. P. 23(a)(4) because named plaintiff WANLAND & ASSOCIATES, INC. appears to be capable of fairly and adequately protecting the interests of the Settlement Class in connection with the proposed Settlement and because counsel representing the Class – Schnader Harrison Segal & Lewis LLP, Cafferty Clobes Meriwether & Sprengel LLP, and Rosenfeld Hafron Shapiro & Farmer – are qualified, competent and capable of prosecuting this action on behalf of the Settlement Class.

(5)     The Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because common questions of law and fact appear to predominate over questions affecting only individual Settlement Class members and because settlement with the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Class.

(b)     Named plaintiff WANLAND & ASSOCIATES, INC. is designated as Class Representative.

3.     ***Class Counsel***.  The Court appoints Schnader Harrison Segal & Lewis LLP, Cafferty Clobes Meriwether & Sprengel LLP, and Rosenfeld Hafron Shapiro & Farmer as counsel for the Settlement Class ("Class Counsel").   For purposes of these settlement approval proceedings, the Court finds that these law firms and the lawyers from those firms who are working on this case are competent and capable of exercising their responsibilities as Class Counsel.

4.      *Final Approval Hearing*.   A hearing shall be held before this Court on _____, 2016, at _____ _.m. in Courtroom __ of the above-entitled court located at the Mitchell H. Cohen U.S. Courthouse, 400 Cooper Street, Fourth Floor, Camden, NJ 08101, as set forth in the Notice (described in Paragraph 5 below), to determine whether the Settlement Agreement is fair, reasonable and adequate and should be given final approval (the "Final Approval Hearing").   Supplemental papers in support of final approval of the Settlement Agreement and Class Counsel Fees and Costs Claim shall be filed with the Court according to the schedule set forth in Paragraph 11, below.   The Court may postpone, adjourn, or continue the Final Approval Hearing, by order of the Court, without further notice to the Settlement Class other than the posting of the schedule change on the website to be maintained by Class Counsel concerning the Settlement.   After the Final Approval Hearing, the Court may enter a judgment in accordance with the Settlement Agreement (the "Final Judgment"), which will adjudicate the rights of the Settlement Class members with respect to the claims being settled.

5.      *Notice*.   The parties shall comply with the notice requirements of Paragraph 3(c) of the Settlement Agreement.   In compliance with that paragraph, within fifty (50) days of entry of this Order, the Claims Administrator selected by Plaintiff and identified in Paragraph 3(b) of the Settlement Agreement shall direct mail to those parties set forth on a list of customers of NORVERGENCE, INC., which was obtained from the trustee appointed in the NORVERGENCE Bankruptcy Proceeding.   Such notice shall be mailed by the Claims Administrator no later than 50 days following entry of the Preliminary Approval Order (the date such notice is mailed shall be known as the "Notice Date").

6.      *Findings Concerning Notice*.   The Court finds that the Notice and the manner of its dissemination described in the previous Paragraph and in Paragraph 3(c) of the Settlement Agreement constitute the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Settlement Class members of the pendency of this action, the terms of the Settlement Agreement and their right to object to or exclude themselves from the Settlement Class.   The Court finds that the notice is

reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process.

7.    ***Exclusion from Class***.  Any potential member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded.  Any potential member of the Settlement Class may mail a written request for exclusion to the Claims Administrator at the address set forth in the Notice.  All such written requests must be postmarked by 45 days after the Notice Date ("Opt Out Deadline").  All persons who properly make requests for exclusion from the Settlement Class shall not be class members and shall have no rights with respect to, nor be bound by, the Settlement Agreement, should it be approved.  In particular, all such excluded individuals shall have no right to submit a claim for the benefit payment described in Paragraph 4(e)(iii) of the Settlement Agreement.  The names of all such excluded individuals shall be attached as an exhibit to the Final Judgment.

8.    ***Right to Void Settlement Agreement.***    In the event that more than 30 Settlement Class members exclude themselves from the Settlement Class,   NORTEL NETWORKS INC. shall have the unilateral right to void the Settlement Agreement by delivering a written notice of abrogation to the Court and Class Counsel, by hand delivery or certified mail, such that the notice is delivered or postmarked no later than 30 days after  the Claims Administrator has provided counsel to NNI with a list of all Settlement Class members who opted out prior to the Opt Out Deadline.  If NORTEL NETWORKS INC. exercises its right to void the Settlement Agreement, then all aspects of the Settlement Agreement and the settlement underlying it, including but not limited to the provisional certification of the Settlement Class for settlement purposes only, shall be altogether null and void, and no aspect thereof shall serve either as any legal precedent or as any basis for legal or factual argument, in this or any other case.

9.    ***Costs of Notice and Claims Processing.***  The Settlement Class shall bear the costs of notice and administration of this settlement, as provided herein.  However, within 10

days of this Order, subject to the prior approval of the United States Bankruptcy Court of the District of Delaware (the "Delaware Bankruptcy Court") and in accordance with the Settlement Agreement, NORTEL NETWORKS INC. shall advance the reasonably anticipated cost of the notice and administration of this class action settlement to or on behalf of Plaintiff. Any notice and administration costs so advanced shall be deducted dollar for dollar from any distribution that is made on the claim filed by Plaintiff in the Chapter 11 bankruptcy proceedings commenced by NORTEL NETWORKS INC. before the Delaware Bankruptcy Court, bearing the case number 09-10138 (KG), such that the Settlement Class shall ultimately bear the costs of such notice and administration.

10.     ***Objections, Comments and Appearances***.

(a)     ***Written Objections***.  Any Settlement Class member who has not timely submitted a written request for exclusion from the Settlement Class may object to or otherwise comment on the fairness, reasonableness or adequacy of the proposed class settlement, or Class Counsel Fees and Costs Claim.  Any Settlement Class member who wishes to object to or otherwise comment on the Settlement must file a written objection or a comment with the above-entitled court located at _____ no later than [month/day], 2016.  By that same date, the written objection or comment must also be sent to:  (1) Class Counsel, Nyran Rose Rasche, Cafferty Clobes Meriwether & Sprengel LLP, 150 S. Wacker Drive, Suite 3000, Chicago, IL 60606, and (2) the Settling Nortel Defendants' Counsel, Emma K. Burton, Crowell & Moring LLP, 1001 Pennsylvania Ave N.W., Washington, DC 20004.  Any objection or comment filed with the Court in accordance with this Paragraph must include the submitting Settlement Class member's name and address, the name and number of the case (*Wanland & Associates, Inc. v. Nortel Networks Corp., et al.*, Case No. 3:05-cv-01191-MLC-TJB), and a statement of the reason(s) why the Settlement Class member believes that the Court should find that the proposed Settlement is or is not in the best interest of the Settlement Class.  Additionally, the Settlement Class member's written objection or comment must also include a statement as to whether the Settlement Class

member wishes to appear and address the Court at the Final Approval Hearing.  A Settlement Class member who files a written objection or comment may, but is not required to, attend the Final Approval Hearing.

(b)    ***Appearance at Final Approval Hearing.***   Any Settlement Class member who does not timely deliver a written objection and notice of intention to appear, in accordance with the requirements of this Order, shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

(c)    ***Responses to Objections***.  Any responses to objections or comments to the settlement filed by Settlement Class members shall be filed with the Court no later than five (5) days prior to the Final Approval Hearing.

11.    ***Dates of Performance***.  In summary, the dates of performance are as follows:

(a) The Claims Administrator shall complete the process of causing Notice to potential Class Members to be direct mailed to those parties set forth on a list of customers of NORVERGENCE, INC., which was obtained from the trustee appointed in the NORVERGENCE Bankruptcy Proceeding.  Such notice shall be mailed by the Claims Administrator no later than 50 days following entry of the Preliminary Approval Order (the date such notice is mailed shall be known as the "Notice Date").

(b)    Potential members of the Settlement Class who wish to be excluded shall mail requests for exclusion postmarked by _____ __, 2016, *i.e.*, within 45 days after the Notice Date, following the procedures set forth in Paragraph 7 above;

(c)    All objections to the Settlement Agreement or Class Counsel Fees and Costs Claim shall be filed and served by _____ __, 2016, *i.e.*, within 45 days after the Notice Date;

(d)    A motion for final approval of the settlement and any papers in further support of the Fee Application shall be filed by _____ __, 2016;

(e)     The Final Approval Hearing shall be held on _____ __, 2016, at _____ a.m., *i.e.*, no earlier than 100 days after the date on which the Motion for Preliminary Approval was filed; and

(f)     Class Members who desire to submit Claim Forms shall do so by _____ __, 2016, *i.e.*, no later than 90 days after the Notice Date.

12.     ***Effect of Failure to Approve the Settlement Agreement***.   In the event the Court does not approve the Settlement Agreement, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no further force and effect;

(b)     The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the case shall return to its status as it existed prior to entry of this Order;

(c)     Class Counsel shall return within 90 days any disbursement made pursuant to the Class Counsel Fees and Costs Claim; and

(d)     Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Plaintiff on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action.

13.     ***Discretion of Counsel.***   Counsel are hereby authorized to jointly take all reasonable steps in connection with approval and administration of the Settlement not materially inconsistent with this Order or the Settlement Agreement, including, without further approval of the Court, making minor changes to the notice program or content of the Notice that they jointly deem reasonable or necessary.

**SO ORDERED.**

DONE this _____ day of _____ 2016.

_____
HONORABLE ROSEMARY GAMBARDELLA
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Wanland Settlement Agreement**

**DID YOU LEASE A MATRIX BOX FROM NORVERGENCE?**

**A CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS**

Wanland & Associates, Inc. ("Plaintiff") v. Nortel Networks Corporation, et al., United States District Court for the District of New Jersey, Case No. 3:05-cv-01191-MLC-TJB (the "New Jersey Federal Action").

This Notice is directed to the "Settlement Class," who are defined as:

> All persons, including businesses, in the United States of America and its territories who, between January 1, 2001 through June 30, 2004, entered into a written agreement with NorVergence, Inc. for the *lease of one or more Matrix boxes, Matrix SoHo boxes, or other network equipment provided by NorVergence, Inc.* Excluded from the Settlement Class are the presiding judges in *Wanland & Associates, Inc. v. Nortel Networks Corporation, et al.,* Case No. 3:05-cv-01191-MLC-TJB (D.N.J.), *In re NorVergence, Inc.*, Case No. 04-32079-RG (Bankr. D.N.J.), *In re Nortel Networks Inc.*, Case No. 09-10138 (Bankr. D. De.), *In re Nortel Networks Limited*, Case No. 09-10166-KR (Bankr. D. De.), and *In the Matter of a Plan of Compromise or Arrangement of Nortel Networks Corp.*, Case No. 09-CL-7950 (Ontario Super. Ct. of Justice (Canada)), the staff of each of the presiding judges in the afore-mentioned proceedings, Class Counsel (defined below), the in-house and outside counsel of the Settling Nortel Defendants (defined below) and of Nortel Networks Corporation, and the respective immediate families of all persons listed above.

In this class action, Plaintiff alleges that, beginning in 2001, Nortel Networks Limited ("NNL"), Nortel Networks Inc. ("NNI"), Qwest Communications International Inc., Thomas N. Salzano, Alexander L. Wolf and Robert J. Fine (collectively, at times, "Defendants") and third party NorVergence, Inc. defrauded persons and businesses by inducing them to purchase telecommunications services packages and to enter into certain associated equipment leases without disclosing that the leases purported to create an absolute obligation to pay, regardless of any telecommunications services actually delivered via the equipment, and even though the value of the equipment alone was far less than leased price. NNL and NNI are currently debtors in bankruptcy proceedings pending before the Ontario Superior Court of Justice in Canada and the United States Bankruptcy Court for the District of Delaware, respectively. Plaintiff and Defendants NNL and NNI (the "Settling Nortel Defendants") have reached a settlement. The purpose of this Notice is to provide Settlement Class members with information about the settlement and the Final Approval Hearing. The important terms of the settlement are:

(1) Settlement Class members will receive a *cash payment*, which will be calculated as a share of the net distributions on an allowed general unsecured bankruptcy claim totaling $400,000 against NNI. The amount of each Settlement Class member's benefit payment is unknown at this time, and shall depend on (i) the number of Settlement Class members who submit timely, valid claims; (ii) the percentage recovery for general unsecured creditors on allowed claims in NNI's bankruptcy proceedings; and (iii) the costs of this notice and class settlement administration, which will be deducted, together with a $10,000 incentive award for the  class representative, from the amount recovered on the $400,000 allowed claim before any distribution of the remaining amount) is made to the Settlement Class members.

(2) All Settlement Class members who do not timely opt out of the settlement will forever release all legal claims, known and unknown, against the Settling Nortel Defendants relating to the equipment leases they entered into with NorVergence, Inc. for the lease of the Matrix boxes, Matrix Soho boxes or other

network equipment provided by NorVergence, Inc. between January 1, 2001 and June 30, 2004, and will not be able to assert any claims against the Settling Nortel Defendants on account of that issue.

(3) The law firms of Schnader Harrison Segal & Lewis LLP, Cafferty Clobes Meriwether & Sprengel LLP, and Rosenfeld Hafron Shapiro & Farmer ("Class Counsel") will apply to the Court for an order granting them attorney's fees and costs incurred in prosecuting this action up to $100,000.  Any fees and costs actually awarded and paid to Class Counsel will be determined by the courts, and will be deemed an allowed general unsecured claim against NNI.

(4) A Final Approval Hearing on the settlement will be held on _____, 2016, at _____ ____.m., before the Honorable Rosemary Gambardella in Courtroom ___ of the United States Bankruptcy Court for the District of New Jersey located at the Mitchell H. Cohen U.S. Courthouse, 400 Cooper Street, Fourth Floor, Camden, NJ 08101. You may opt out of this settlement by mailing a written request to Wanland v. Nortel Networks Corp. Settlement Administrator, _____ (address), by _____, 2016.  If your opt out request is postmarked after _____, 2016, you will be bound by the settlement if it is approved by the Court.  If you opt out, you will not be entitled to participate in the settlement and, as such, will not receive the cash payment described above if the settlement is approved by the Courts.  Moreover, the Defendants will retain the rights to dispute any claim asserted by you in the future.  If you wish to object to the fairness of the settlement, you must file a written objection with the Court on or before _____, 2016, and by the same date you must send a copy of that written objection to both (1) Class Counsel, Nyran Rose Rasche, Cafferty Clobes Meriwether & Sprengel LLP, 150 S. Wacker Drive, Suite 3000, Chicago, IL 60606, and (2) the Settling Nortel Defendants' Counsel, Emma K. Burton, Crowell & Moring LLP, 1001 Pennsylvania Ave N.W., Washington, DC 20004.  You will receive no further notice about this case.  Additional information about the case, including the settlement agreement, may be reviewed in the court file at the courthouse address stated above or by visiting www._____.com.  Class members may file claims for payment from the settlement fund at that website.  The deadline to file a claim is _____.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | |
| --- | --- |
| **FILE A CLAIM** | You may file a claim for a cash payment on the settlement website, _____.  Claims must be filed by _____, and will only be distributed if the settlement is approved. |
| **ATTEND THE HEARING** | You may attend the Final Approval Hearing on _____.  Class members wishing to attend should check _____ to confirm that the date has not been changed. |
| **OBJECT TO THE SETTLEMENT** | You can ask the Court to deny approval of the settlement by filing an objection. The deadline to file an objection is _____.

You do not need to do anything if you want the settlement to be approved |

DO NOT TELEPHONE THE COURT FOR INFORMATION ABOUT THE SETTLEMENT.

**Exhibit C**

**Wanland Settlement Agreement**

SCHNADER HARRISON SEGAL & LEWIS LLP
Lisa J. Rodriguez (LR6767)
Woodland Falls Corporate Park
220 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1165
(856) 482-5222

CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
Jennifer W. Sprengel (ARDC No. 6204446)
Nyran Rose Rasche (ARDC No. 6276743)
150 S. Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 782-4880

ROSENFELD HAFRON SHAPIRO & FARMER
Norman L. Hafron
221 N. LaSalle Street, Suite 1763
Chicago, IL 60601
(312) 372-6058

*Attorneys for Plaintiff and the Class*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re NORVERGENCE, INC.,<br><br>Debtor. | Case No. 04-32079 (RG) |
| WANLAND & ASSOCIATES, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTEL NETWORKS LIMITED, NORTEL NETWORKS, INC., QWEST COMMUNICATIONS INTERNATIONAL INC., THOMAS N. SALZANO, ALEXANDER L. WOLF, and ROBERT J. FINE,<br><br>Defendants. | Adv. Proc. No. 05-2439<br><br>**[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, the parties executed a settlement agreement dated October 6, 2016 (the "Settlement Agreement"), which sets forth the terms and conditions for a settlement of this action (the "Settlement") and for entry of a judgment (unless otherwise specified, capitalized terms not defined herein shall have the meaning ascribed to them in the Settlement Agreement);

WHEREAS, on _____, 2016, in *In re Nortel Networks Inc. et al.*, Case No. 09-10138 (KG), the United States Bankruptcy Court for the District of Delaware issued an order authorizing and approving NORTEL NETWORKS INC. to enter into the Settlement Agreement.

WHEREAS, on _____, 2016, this Court issued its Order Preliminarily Approving Class Settlement ("Preliminary Approval Order") in this action on a class-wide basis and certified the settlement class of all persons, including businesses, in the United States of America and its territories who, between January 1, 2001 through June 30, 2004, entered into a written agreement with NORVERGENCE, INC. for the lease of one or more Matrix boxes, Matrix SoHo boxes, or other network equipment units (hereinafter the "Settlement Class").  Excluded from the Settlement Class are the presiding judges in the New Jersey Federal Action, the NORVERGENCE Bankruptcy Proceeding, the Delaware Bankruptcy Proceedings, the Canadian Insolvency Proceedings, the staff of each of those presiding judges, Class Counsel, and the SETTLING NORTEL DEFENDANTS' in-house and outside counsel and the respective and immediate families of all persons listed above;

WHEREAS, on _____, 2016, this Court also issued an order tentatively granting Plaintiff's unopposed Class Counsel Fees and Costs Claim for attorneys' fees and costs in the total amount of $ _____;

WHEREAS, Plaintiff, by and through an independent third party Claims Administrator, has given notice to the Settlement Class, in compliance with the Preliminary Approval Order of (1) the right to opt-out, (2) the final approval hearing, (3) the right to object to the Settlement, and (4) the claims process;

WHEREAS, the SETTLING NORTEL DEFENDANTS have represented that, pursuant to the terms of the Settlement Agreement, NORTEL NETWORKS INC. has made, or will make, payment to the Settlement Class members who timely made claims, totaling the net amount distributed in the Delaware Bankruptcy Proceedings on the general unsecured bankruptcy claim filed by Plaintiff against NNI (Claim No. 3911) as reduced and allowed pursuant to the Settlement Agreement, less amounts paid for an incentive award to Plaintiff and the costs of administration and notice of the Settlement;

WHEREAS, the claims administrator, _____, has reported that there were ___ opt-outs submitted by the deadline of _____, 2016 and that, as of _____, 2016, _____ claims had been made by Settlement Class members, and the claim filing deadline was _____, 2016;

WHEREAS, the hearing (the "Final Approval Hearing") was held before this Court in Courtroom ___ of the above-entitled court, located at the Mitchell H. Cohen U.S. Courthouse, 400 Cooper Street, Fourth Floor, Camden, NJ 08101, on ____, 2016, at __:___ _.m., to determine: (a) whether the proposed Settlement is fair, reasonable, and adequate; (2) whether the Settlement should be finally approved by the Court; and (3) whether a final approval order and judgment should be entered;

WHEREAS, this Court received _____ objections to the proposed Settlement and, at the Final Approval Hearing, overruled those objections, if any;

WHEREAS, the United States Bankruptcy Court for the District of Delaware has, by order dated _____, 2015, also authorized and approved the entry by NORTEL NETWORKS INC. into this Settlement in *In re Nortel Networks Inc. et al.*, Case No. 09-10138 (KG).

Based on the foregoing, and good cause existing therefore,

**IT IS HEREBY ORDERED** ("Final Approval Order") that:

1.    The Court has jurisdiction over the subject matter of the Settlement Agreement with respect to and over all parties to the Settlement Agreement, including all Settlement Class members.

2.    This Court finds that the terms of the Settlement are fair, reasonable, and adequate as to all members of the Settlement Class, as described in the Settlement Agreement and the Preliminary Approval Order, and finally approves the Settlement on the terms agreed by the parties in the October 6, 2016, Settlement Agreement;

3.    Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the Settlement Class.

4.    The members of the Settlement Class, their predecessors, heirs, executors, administrators, legal representatives (not including Class Counsel), successors, and assigns, except such persons, if any, who have timely opted out of the class, are permanently barred from: (i) filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on all causes of action, claims, judgments, liens, indebtedness, costs, damages, obligations, attorneys' fees, losses, liabilities, and demands of whatever kind, source or character, whether arising under state or federal law, whether intentional or non-intentional, matured or unmatured, liquidated or unliquidated, arising on or before _____, 2016, which are, were, or could have been asserted against any of NORTEL NETWORKS CORPORATION, NORTEL NETWORKS INC., or NORTEL NETWORKS LIMITED, and each of their present and former parents, subsidiaries, and divisions, and affiliates and each of their respective current or former officers, directors, employees, agents, insurers, and attorneys (and the predecessors, heirs, executors, administrators, legal representatives, successors, and assigns of each of the foregoing entities and individuals) (collectively, "Protected Parties"), by reason of, or arising out of, the written lease agreements entered into by the Settlement Class members and NORVERGENCE, INC. between January 1, 2001 and

June 30, 2004 concerning the lease of Matrix boxes, Matrix SoHo boxes, or any other network equipment provided by NORVERGENCE, INC., whether any such claim was or could have been asserted on such parties' own behalf or on behalf of other persons or entities in this or any other action; and (ii) filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on an allegation that any action of any of the Protected Parties, which is in compliance with the Settlement Agreement, violates any legal right of any member of the Settlement Class.

5.     The Court hereby dismisses this action with prejudice as to all Settlement Class members except those who have timely and properly excluded themselves from the Settlement Class.

6.     The Court finds that the program of class notice set forth in the Settlement Agreement and preliminarily approved by the court was the best practicable notice under the circumstances.  The class notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the Settlement Agreement, to all parties entitled to such notice and satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.  No further notice of this Final Approval Order need be given to the Settlement Class;

7.     The Court finds that Class Counsel's reasonable attorney's fees and costs are $ _____ in attorneys' fees and $ _____ in costs, for a total of $_____, for fees and costs incurred in this action in its entirety.  Upon entry of this Order, and in accordance with the Settlement Agreement dated October 6, 2016, as approved by the Delaware Bankruptcy Court, the Class Counsel Fees and Costs Claim for such award of attorneys' fees and costs is a general unsecured claim against NORTEL NETWORKS INC. in the Delaware Bankruptcy Proceedings;

8.      Pursuant to the parties' Settlement Agreement and in accordance Federal Rules of Civil Procedure 23 and 58, judgment shall be entered concurrently herewith in accordance with the terms of the Settlement Agreement; and

9.      Together with the Delaware Bankruptcy Court, this Court retains jurisdiction over the parties, including the Settlement Class, to enforce the Settlement Agreement, this Final Approval Order, and the judgment entered pursuant hereto.

**SO ORDERED.**

DONE this _____ day of _____ 2016.

_____
HONORABLE ROSEMARY GAMBARDELLA
UNITED STATES BANKRUPTCY JUDGE

**Exhibit D**

**Wanland Settlement Agreement**

SCHNADER HARRISON SEGAL & LEWIS LLP
Lisa J. Rodriguez (LR6767)
Woodland Falls Corporate Park
220 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1165
(856) 482-5222

CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
Jennifer W. Sprengel (ARDC No. 6204446)
Nyran Rose Rasche (ARDC No. 6276743)
150 S. Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 782-4880

ROSENFELD HAFRON SHAPIRO & FARMER
Norman L. Hafron
221 N. LaSalle Street, Suite 1763
Chicago, IL 60601
(312) 372-6058

*Attorneys for Plaintiff and the Class*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re NORVERGENCE, INC.,<br><br>             Debtor. | Case No. 04-32079 (RG) |
| WANLAND & ASSOCIATES, INC., on behalf of itself and all others similarly situated,<br><br>             Plaintiff,<br><br>   v.<br><br>NORTEL NETWORKS LIMITED, NORTEL NETWORKS, INC., QWEST COMMUNICATIONS INTERNATIONAL INC., THOMAS N. SALZANO, ALEXANDER L. WOLF, and ROBERT J. FINE,<br><br>             Defendants. | Adv. Proc. No. 05-2439<br><br>**[PROPOSED] JUDGMENT** |

On _____, 2016, in *In re Nortel Networks Inc. et al.*, Case No. 09-10138 (KG), the United States Bankruptcy Court for the District of Delaware issued an order authorizing and approving   NORTEL NETWORKS INC. to enter into the class action settlement agreement entered into by Plaintiff WANLAND ASSOCIATES, INC., on the one hand, and NORTEL NETWORKS INC. and NORTEL NETWORKS LIMITED, on the other hand, on _____, 2016 (the "Settlement Agreement") (unless otherwise specified, all capitalized terms used herein shall have the meaning ascribed to them in the Settlement Agreement) (the "Delaware Bankruptcy Court Order").

On _____, 2016, this Court issued its preliminary order approving the class settlement of this action (the "Final Approval Order").

On _____, 2016, this Court issued its final order approving the class settlement of this action (the "Final Approval Order").

 In accordance with those Orders, and good cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that,

1.     Defendants NORTEL NETWORKS INC. and NORTEL NETWORKS LIMITED (collectively, the "SETTLING NORTEL DEFENDANTS") and Plaintiff WANLAND & ASSOCIATES, INC., on behalf of itself and the members of the Settlement Class, are bound by and shall perform as required by the Settlement Agreement.   The Settlement Class is defined as follows (unless otherwise specified, all capitalized terms used below shall have the meaning ascribed to them in the Settlement Agreement):

> All persons, including businesses, in the United States of America and its territories who, between January 1, 2001 and June 30, 2004, entered into a written agreement with NORVERGENCE, INC. for the lease of one or more Matrix boxes, Matrix SoHo boxes, or other network equipment provided by NORVERGENCE,

INC. Excluded from the Settlement Class are the presiding judges in each of the New Jersey Federal Action, the NORVERGENCE Bankruptcy Proceeding, the Delaware Bankruptcy Proceedings, the Canadian Insolvency Proceedings, the staff of each of those presiding judges, Class Counsel, SETTLING NORTEL DEFENDANTS', in-house and outside counsel and the respective immediate families of all persons listed above;

2.      The Court finds that $_____ in attorney's fees and $_____ for costs, for a total of $_____, is fair and reasonable to compensate Class Counsel for the fees and costs incurred in this action in its entirety as set forth in the Class Counsel Fees and Costs Claim. Pursuant to the parties' Settlement Agreement, such award of fees and costs shall be deemed a general unsecured claim against NORTEL NETWORKS INC. that shall be allowed in the Delaware Bankruptcy Proceedings in accordance with the Settlement Agreement and the Delaware Bankruptcy Court Order;

3.      Together with the Delaware Bankruptcy Court, this Court retains jurisdiction over the parties to enforce the parties' Settlement Agreement and this Judgment; and

4.      No further notice of entry of this Judgment needs to be given to the Settlement Class in that sufficient notice of the settlement has already been given and such notice advised the Settlement Class that no further notice about the case would be provided.

**SO ORDERED.**

DONE this ____ day of _____ 2016.

_____
HONORABLE ROSEMARY GAMBARDELLA
UNITED STATES BANKRUPTCY JUDGE