# RESPONSE AND OBJECTION TO DISALLOWING CLAIM NO. 3732

## IN RELATION TO:

**DEBTORS' FORTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (AMENDED OR SUPERSEDED CLAIMS, INSUFFICIENT DOCUMENTATION CLAIMS, NON-DEBTOR LIABILITY CLAIMS, NO-BASIS CLAIMS, NO-BASIS 503(B)(9) CLAIMS, NO-BASIS DEFERRED COMPENSATION CLAIMS, NO-BASIS PENSION CLAIMS, NO-BASIS RETIREE CLAIMS, NO-BASIS EQUITY CLAIMS, REDUNDANT CLAIMS, MODIFIED, RECLASSIFIED AND ALLOWED CLAIMS AND WRONG DEBTOR CLAIMS)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------X    Chapter 11
In re                                        :
                                             :    Case No. 09-10138 (KG)
Nortel Networks, Inc, *et al*,               :
                      Debtors.               :
                                             :
                                             :
---------------------------------------------X

## Response and Objection Background

I, *John H. Yoakum*, am a former employee of Nortel Networks, Inc. in the United States (US). I had 22 years of continuous service at the time Nortel filed for bankruptcy protection. I had achieved the minimum retirement age in the US as recognized by Nortel retirement standards for US employees at the time of the bankruptcy filing. I notified Nortel of my retirement desires as I departed.

I was continuously employed at Nortel from November 1987 until December 2009 when my business unit was sold to Avaya. I was required to continue my employment at Nortel until my transfer to Avaya as a condition of receiving an offer of employment from Avaya, and my Avaya terms of employment were established by the sales contract between Nortel and Avaya. My employment at Nortel had always been contingent upon a total compensation package that included both annual income and deferred compensation including retirement benefits and considerations. Nortel clearly acknowledged in their bankruptcy filing that they had breached my employee offer letter which extended these benefits and considerations. Nortel encouraged me to file any related claims in the bankruptcy proceedings.

On September 24, 2009 I filed a multipart claim for the deferred parts of my 22 years of compensation. My claim is confirmed to have been received September 25, 2009 and has been assigned Claim #: 3732 and Schedule #: 100561840 and is against my former employer Debtor: 09-10138 Nortel Networks, Inc. My claim has four parts with the following summary labels: 1) Retiree Medical, 2) Retiree Life / Long-term Care, 3) Patent Awards, and 4) 401K Liquidated Assets.

Parts 1) Retiree Medical and 2) Retiree Life / Long-term Care have been addressed and settled by an order entered by the Bankruptcy Court on April 17, 2013 entitled "Order Relating to John H. Yoakum" [Dkt No. 10161 (related to Dkt Nos. 9591, 9562, & 9938)].

Parts 1) Retiree Medical and 2) Retiree Life / Long-term Care were previously expunged from my claim No. 3732 as part of the settlement, leaving parts 3) Patent Awards, and 4) 401K Liquidated Assets to be considered.

No one has ever discussed or corresponded with me about parts 3) Patent Awards, and 4) 401K Liquidated Assets before declaring my claim disallowed as part of the Omnibus Objection I am responding and objecting to [Dkt No. 17205] filed 09/27/16.

## Foundation for Response and Objection

This Omnibus Objection states "For the reasons set forth below, the Debtors object to each of the claims identified in Exhibit A. By this Objection, the Debtors respectfully request that the Court enter an order pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 reducing, modifying, reclassifying or disallowing in full, as applicable, the claims identified in Exhibit A".

Exhibit A lists the following outcome and reasons (shown here in bold) for claim 3732:

Modified Claim Amount or Disallowed Claim:
**Disallowed**

Reason for Modification or Disallowance:

**The Claim is related to ownership of equity interests in the Canadian Debtors, and therefore fails to meet the standard for prima facie validity and is not a liability of any Debtor.** {Appears to apply to claim 3732 part 4) 401K Liquidated Assets.}

**The claim asserts liability for retiree medical benefits.** {Applies to claim 3732 part 1) Retiree Medical.}

**Pursuant to the Retiree Welfare Settlement Agreement, this/these claim(s) was/were previously disallowed and expunged. See D.I. 9938.** {Applies to claim 3732 parts 1) Retiree Medical and 2) Retiree Life / Long-term Care only.}

Exhibit A disallows claim 3732 in its entirety without commenting in any way on one of the two previously unaddressed parts of claim 3732.  <u>There is no explanation provided that could logically apply to part 3) Patent Awards.</u>  This omission is egregious and demonstrates claim 3732 has not been fully analyzed.

In the accompanying "DECLARATION OF JOHN J. RAY, III IN SUPPORT OF DEBTORS' FORTY-FIFTH OMNIBUS OBJECTION…" Mr. Ray as the "Principal Officer for the Debtors" states: *"I am familiar with the Debtors' Books and Records and am responsible for overseeing the review and analysis of all claims filed in the Debtors' chapter 11 cases. All facts set forth herein are based on my personal knowledge and on my review of the claims, the Books and Records and other relevant documents or information provided to me by the Debtors' employees and advisors."* He further states: *"I, or one or more of the Debtors' consultants or advisors operating under my supervision and/or at my direction, have reviewed each of the claims identified in Exhibit A to the Objection, the Claims Register and the facts and circumstances set forth in the Objection regarding such claims. Based upon this review, I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief, and the claims identified in Exhibit A to the Objection should be modified, and/or reclassified and allowed or disallowed as described in the Objection."* It is unclear that claim 3732 was fully reviewed as assented by Mr. Ray given that no explanation is provided in relation of one of two parts of the claim that has not previously been addressed.  The Nortel Patent Awards policies were clearly "records and other relevant documents" of Nortel at the time of filing bankruptcy.  Claim 3732 as originally filed references "Nortel corporate policy 400.05 and corporate procedure 401.01" that define a recognition system for Nortel inventors and claim 3732 quotes in context policy statements from those specific policies as appropriate to the claim.  Given the apparent omission of a complete review of claim 3732 part 3) Patent Awards it is unclear that Mr. Ray's declaration actually represents the independent analysis and supportive conclusion as it asserts.

In reference to claim 3732 part 4) 401K Liquidated Assets, the explanation given in section E. "No-Basis Equity Claims" of the Omnibus Objection states: "…the Debtors have determined that the Equity Claims are based on the Claimants' purported ownership of equity interests in the Canadian Debtors, many through their contribution to the Stock Fund, and any losses to the investment value of that stock. The Claimants do not state a legal basis by which the Debtors would be liable for any loss of value in those investments and the Debtors assert that no such basis exists."  Claim 3732 part 4) 401K Liquidated Assets states two separate reasons Nortel employees were damaged by actions unilaterally taken by Nortel on assets owned by employees.  Given this observation, it is unclear if claim 3732 was evaluated in detail; on the surface it appears it was lumped into this action based on the fact it includes some equity related claim material.

**<u>Discussion of Response and Objection</u>**

Patent Awards:

In relation to claim 3732 part 3) Patent Awards, at both the time Nortel filed for bankruptcy and at the time that I departed and retired from Nortel (the validity that I notified Nortel of my retirement from Nortel as has been fully established to the court as part of the Retiree Welfare Settlement Agreement [Dkt No. 9938], Nortel had formal policies prescribing how retired inventors would receive both individual patent grant and cumulative grant awards. Claim 3732 part 3) Patent Awards simply asks for the payment of those awards given the truly significant monetary contributions that patents where I am a named inventor have made to the Nortel bankruptcy.

During my tenure at Nortel, I was well known as a prolific inventor. I contributed numerous patent applications, many of which have granted. Some of these granted patents and pending applications transferred to other entities such as Avaya and Genband as part of the Nortel sales of various business units, contributing to the overall value of those asset sales. Unfortunately, I have no way to independently calculate the exact valuation of those patent contributions, or my efforts as an employee to each of the business unit sales. I do however have the ability to calculate the proportional value of the 58 patent cases where I am a named inventor that were sold to Rockstar as part of the Nortel four and one half billion dollar ($4,500,000,000) patent sale for the benefit of the bankruptcy. <u>I personally contributed 58 patent cases that proportionately represent forty-three and one half million dollars ($43,500,000) in the Rockstar sale alone</u>. The Patent Awards portion of my claim being forty-seven thousand six hundred fifty dollars ($47,650) represents only one tenth of one percent (0.1%) of my personal contribution to the Nortel bankruptcy considering only the Rockstar patent acquisition.

401K Liquidated Assets:

In relation to claim 3732 part 4) 401K Liquidated Assets, shortly after filing for bankruptcy, Nortel liquidated the Nortel stock holdings owned by employees in our 401K retirement accounts. <u>This action deprived these equity positions of participating in any outcome of the bankruptcy which at the time was clearly filed as a restructuring effort</u>. Nortel was publically stating the desired outcome of the bankruptcy was restructuring, not liquidation. Any such restructuring may have enhanced the value of equity holdings.

As a group, employees had significant ownership in Nortel and it is unclear what might have been possible if employees decided to act as a group leveraging their equity ownership and supplementing it to achieve some form of employee-driven restructuring or buyout of part or all of Nortel. By liquidating employee equity ownership Nortel crippled any possible employee-driven restructuring efforts as well as eliminated any potential recovery of employee owned equity value from any viable restructuring that was intended at that point in the bankruptcy.

In addition, due to the accounting irregularities that led up to the bankruptcy, at times trading of employee owned Nortel stock in retirement accounts was restricted,

preventing employees from capturing much higher value than was provided when Nortel liquidated employee Nortel stock holdings.

Employees were being encouraged to own Nortel equity in their retirement accounts and when making 401K Nortel stock elections it was not obvious that "your stock ownership is subject to Nortel restricting your ability to trade when you desire and Nortel may decide to liquidate your holdings at their discretion." Nortel's irregular accounting and arbitrary liquidation actions have created a liability to employees in relation to our retirement savings and impacted our lives in ways we cannot ourselves recover from as our primary earning potential years were already invested in Nortel.

### Discussion of Overall Handling of Claim 3732

The receipt of the legal notice of this Omnibus Objection proposing to disallowing claim 3732 in its entirety is the first correspondence or communications of any type that I have received relevant to claim 3732 parts 3) Patent Awards, and 4) 401K Liquidated Assets.

While it is understood that legal formality is required in the bankruptcy process, it is well reported in the news that approximately two billion dollars ($2,000,000,000) in professional fees have already been paid from the approximately seven billion dollar ($7,000,000,000) bankruptcy pool that arose out of the liquidation of Nortel.

What appears to be a less than thorough consideration of claim 3732 (while formally asserting to the court it has been fully considered) has forced me to invest time and money in a formal legal response to this Omnibus Objection. No one involved in the diligence made the effort to have a simple phone call to discuss the claim or send a simple letter with any explanations or questions.

Ironically, my necessary response to the Omnibus Objection I was served notice of will provide even more billable hours for the professionals involved, while placing additional burdens on the court and further draining my personal finances. Somehow this system seems very unbalanced in favor of professionals who contributed nothing to the many years of success of Nortel (and return for its investors) at the expense of the very employees who were responsible for that success and who saw Nortel commitments turn into bankruptcy claims.

It is unclear how this in anyway constitutes an equitable system. The reward for less than stellar professional services to the debtor is to increase the wealth of those providing such professional services through the follow-on efforts generated. Conversely it penalizes claimants negatively impacted by the actions of Nortel and these very professional services. The ultimate outcome is reducing the funds available to actually distribute to those who suffered. When considering claims from non-executive Nortel employees, actual human beings are involved who diligently strove to make Nortel great, not take anything from it they did not earn. That is certainly all that I am doing in attempting to have my claim fully understood and considered.

**Requested Immediate Action in Relation to Response and Objection**

<u>I respectfully request parts 3) Patent Awards, and 4) 401K Liquidated Assets of my Claim No. 3732 immediately be withdrawn from the requested objection and motion to disallow by Nortel, or such objection and disallowment be prohibited by the court, and a proper evaluation be undertaken that includes direct interaction with me to fully understand the validity of what is claimed.</u>

Please acknowledge the receipt of this formal objection and advise me directly on any related actions that are necessary from me beyond this objection in relation to my claim.

Signed:                                                              Date:  October 7, 2016

John H. Yoakum

(919) 469-9383


Delivered via Facsimile to:

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Attn: Lisa M. Schweitzer
Facsimile: (212) 225-3999

Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19899-1347
Attn: Derek C. Abbott
Facsimile: (302) 658-3989