IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
                    Debtors. :
:
:
---------------------------------------------------------X

NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)
DIRECTED TO COFACE NORTH AMERICA INSURANCE COMPANY

PLEASE TAKE NOTICE that in connection with the *Debtors' Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims)* [D.I. 7183] (the "Objection") and pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable to this matter by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule of United States Bankruptcy Court for the District of Delaware 9013-1, Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession (collectively, the "U.S. Debtors"), will take the deposition upon oral examination of a representative or representatives of Coface North America Insurance Company ("Coface"), by a person or persons on behalf of Coface having knowledge of the subjects

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

identified in the attached Exhibit A, before a notary public or other officer before whom depositions may be taken.  The depositions will be taken at a location and time mutually agreeable to the U.S. Debtors and the noticed parties.  The depositions will be taken on oral examination under oath before a notary public or other person duly qualified to administer oaths and recorded by videographic and/or stenographic means.  The depositions are being taken for the purpose of discovery, for use at trial or for such other purposes as may be permitted under the Federal Rules of Civil Procedure or the applicable Bankruptcy Rules.

Pursuant to Rule 30(b)(6) of the Federal Rules (made applicable by Rule 7030 of the Bankruptcy Rules), Coface shall designate one or more officers, directors, managing agents or other persons to testify on its behalf as to each of the matters set forth in Exhibit A.  The U.S. Debtors reserve the right to supplement or revise the matters listed in Exhibit A, including without limitation, based upon the documents produced and the interrogatory responses provided by any parties in response to discovery propounded to date.

[*REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK*]

Dated:  October 12, 2016              MORRIS, NICHOLS, ARSHT & TUNNELL LLP
        Wilmington, Delaware

                                                                */s/ Derek C. Abbott*
                                                                Derek C. Abbott (No. 3376)
                                                                Tamara K. Minott (No. 5643)
                                                                1201 North Market Street
                                                                P.O. Box 1347
                                                                Wilmington, Delaware 19801
                                                                Telephone:  (302) 658-9200
                                                                Facsimile: (302) 658-3989

                                                                *Counsel for the U.S. Debtors*

To:

FOLEY & LARDNER LLP

Douglas E. Spelfogel
Richard J. Bernard
Derek L. Wright
90 Park Avenue
New York, NY 10016
(212) 682-7474 (telephone)
(212) 687-2329 (facsimile)
dspelfogel@foley.com
rbernard@foley.com
dlwright@foley.com

*Attorneys for Coface North America Insurance Company*

# EXHIBIT A

## DEFINITIONS

The following terms have the meaning indicated:

1. "Administrative Expense Request" shall mean, collectively, (i) Claim No. 6820 filed by Jaco Electronics, Inc. as a 503(b)(9) claim in the amount of $479,290 against NN CALA; and (ii) Claim No. 7076 filed by Jaco Electronics, Inc. as a 503(b)(9) claim in the amount of $479,290.00 against NNI, which are currently held by Coface in the above-captioned bankruptcy cases.

2. "Any and all documents" means every document within Your possession, custody or control.

3. "Canadian Debtors" means Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks International Corporation and Nortel Networks Global Corporation, who each filed for and obtained protection under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, as amended (the "CCAA"), in the Ontario Superior Court of Justice (Commercial List) (the "Ontario Superior Court") on January 14, 2009.

4. "Claim 392" shall mean Claim No. 392, which was filed by Jaco Electronics, Inc. as a general unsecured claim in the amount of $479,290.00 against NNI and is currently held by Coface in the above-captioned bankruptcy cases.

5. "Coface," "you" or "your" means Coface North America Insurance Company, its affiliates, predecessors and successors in interest, including any transferee(s) or assignee(s) of Claim Nos. 392, 6820, and/or 7076 (including, but not limited to (i) Jaco Electronics, Inc., (ii) Monarch Master Funding Ltd.; and (iii) Riverside Claims LLC), and any of its officers, directors,

partners, employees, consultants, and agents or other persons and entities acting under its control or on its behalf.

6. The term "communication" means the transmittal of information (in the form of words, facts, ideas, inquiries or otherwise), including any conversation, meeting, conference, correspondence, or other written or oral transmission by letter, facsimile, telephone, e-mail or any other medium, whether formal or informal.

7. "Concern" or "concerning" any given subject means all documents which assess, concern, constitute, contain, describe, discuss, embody, evidence, identify, record, reflect, regard, show, state, or refer or relate, directly or indirectly, in any way, to the subject matter identified.

8. "Debtors" means, collectively the U.S. Debtors and the Canadian Debtors and any of their officers, directors, partners, employees, consultants, and agents or other persons and entities acting under their control or on their behalf.

9. "Document" or "documents" means all materials, including without limitation all written, recorded, printed, typed, transcribed, filmed, digitized, or graphic matter, and all other tangible things and media upon which any handwriting, typing, printing, drawing, representation, electrostatic, or other copy, sound, or video recording, magnetic, or electrical impulse, visual reproduction, or communication is recorded, reproduced, or represented. This includes books, records, correspondence, reports, memoranda, electronic mail (i.e., e-mail), all other forms of electronic communication, contracts, tables, tabulations, graphs, charts, diagrams, plans, schedules, appointment books, calendars, diaries, time sheets, reports, studies, analyses, drafts, telegrams, teletype or telecopy messages, archived voicemail, files, telephone logs and messages, checks, microfilms, microfiche, pictures, photographs, printouts, pamphlets, handouts,

worksheets, electronic data compilations, tapes, diskettes, floppy disks, hard disks, optical disks, backup tapes, drives, removable media, typed or handwritten notes, minutes, or transcripts of proceedings. Documents shall include originals and all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), and other data or data compilations of whatever nature stored in any medium (including those from which information can be obtained or translated if necessary into a reasonably useable form), and any preliminary versions, drafts, or revisions of any of the foregoing. This term is further intended to include any computer records reflecting earlier drafts, revisions, addenda, amendments, and the like with regard to any responsive document. If documents are produced in electronic format, please include an electronic searchable objective index for all fields.

10.     "Hearing" means the evidentiary hearing on the Objection that will be scheduled before the Honorable Kevin Gross, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware (the "Court"), 824 Market Street, 6th Floor, Courtroom 3, Wilmington, DE 19801.

11.     The term "including" shall be construed as "included but not limited to."

12.     "Invoices" shall mean invoice 2027465 and 2027466 that are annexed to the Administrative Expense Request.

13.     "Jaco" means Jaco Electronics, Inc., its affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, consultants, and agents or other persons and entities acting under its control or on its behalf.

14.     "Monarch" means Monarch Master Funding Ltd., its affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, consultants, and agents or other persons and entities acting under its control or on its behalf.

6

15. "NN CALA" means Nortel Networks (CALA) Inc., a debtor and debtor in possession in the above-captioned cases.

16. "NN CALA Petition Date" shall mean July 14, 2009, the date that NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

17. "NNI" means Nortel Networks Inc., a debtor and debtor in possession in the above-captioned cases.

18. "Objection" means the Debtors' Twenty-Second Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims), which is Docket No. 7183 in the above-captioned action, and the exhibits annexed thereto.

19. "Original Petition Date" shall mean January 14, 2009, the date that each of the U.S. Debtors other than NN CALA and Nortel Networks India International Inc. filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

20. "Person" means any natural person, association, business, group, organization, legal entity, government entity, or other entity.

21. "Purchase Order" means Purchase Order No. 4501677207, which is the underlying purchase order and contract that governs the Invoices and is referenced on the Invoices attached to Claim 392 and the Administrative Expense Request.

22. "Riverside" means Riverside Claims LLC, its affiliates, predecessors and successors in interest, and any of its officers, directors, partners, employees, consultants, and agents or other persons and entities acting under its control or on its behalf.

23. "U.S. Debtors" means the jointly administered debtors in Case No. 09-10138 (KG): (i) Nortel Networks Inc.; (ii) Nortel Networks Capital Corporation; (iii) Nortel Altsystems Inc.; (iv) Nortel Altsystems International Inc. (5596); (v) Xros, Inc.; (vi) Sonoma Systems; (vii) Qtera Corporation; (viii) CoreTek, Inc.; (ix) Nortel Networks Applications Management Solutions Inc.; (x) Nortel Networks Optical Components Inc.; (xi) Nortel Networks HPOCS Inc.; (xii) Architel Systems (U.S.) Corporation; (xiii) Nortel Networks International Inc.; (xiv) Northern Telecom International Inc.; (xv) Nortel Networks Cable Solutions Inc.; (xvi) Nortel Networks (CALA) Inc.; and (xvii) Nortel Networks India International Inc.

## INSTRUCTIONS

1. In accordance with Fed. R. Civ. P. 30(b)(6) and Fed. R. Bankr. P. 7030, Coface is required to designate one or more of its officers, directors, managing agents, or other persons to testify on its behalf with respect to matters known or reasonably available to Coface regarding the subjects described below.

2. Unless otherwise specified, each of the Areas of Examination set forth below are intended to cover all facts and circumstances regarding the Areas of Examination from June 1, 2007 through the present.

3. Whenever necessary to bring within the scope of the Areas of Examination that might otherwise be construed to be outside its scope:

    a. "and" and "or" shall be construed conjunctively or disjunctively;

    b. "all" and "each" shall be construed as "all and each";

    c. the use of the singular form of any word shall include the plural and vice versa;

    d. the use of a verb in any tense shall be construed as the use of that verb in all other tenses; and

    e. the use of the feminine, masculine or neuter genders shall include all genders.

8

## AREAS OF EXAMINATION

1. All facts and circumstances regarding the Purchase Order, which is referenced on the Invoices attached to Claim 392 and/or the Administrative Expense Request.

2. All facts and circumstances regarding the Invoices attached to Claim 392 and/or the Administrative Expense Request.

3. All facts and circumstances regarding Claim 392 and/or the Administrative Expense Request and the underlying transactions.

4. All facts and circumstances regarding any payments made by the Debtors to Coface.

5. All facts and circumstances regarding any payments made by the Debtors to Jaco.

6. All facts and circumstances regarding any shipments of goods made by Jaco to the Debtors.

7. All facts and circumstances regarding any agreements, whether written or oral, discussed, negotiated, or executed between Coface and the Debtors.

8. All facts and circumstances regarding any agreements, whether written or oral, discussed, negotiated, or executed between Jaco and the Debtors.

9. All facts and circumstances regarding any agreements, whether written or oral, discussed, negotiated, or executed between or among Coface, Jaco, Monarch and/or Riverside.