### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------x

| | |
|---|---|
| *In re* | : Chapter 11 |
| | : |
| Nortel Networks Inc., *et al.*,[1] | : Case No. 09-10138 (KG) |
| | : Jointly Administered |
| Debtors. | : |
| | : **<u>Hearing Date:</u>** |
| | : **October 21, 2016 at 11:00 a.m. (ET) [Requested]** |
| | : **<u>Objections Due:</u>** |
| | : **October 18, 2016 at 4:00 p.m. (ET)  [Requested]** |

----------------------------------------------------------x

### DEBTORS' MOTION FOR AN ORDER SHORTENING NOTICE
### OF DEBTORS' MOTION AUTHORIZING ENTRY INTO CANADIAN
### CURRENCY ESCROW AGREEMENT TO FACILITATE GLOBAL SETTLEMENT

Nortel Networks Inc. ("<u>NNI</u>") and certain of its affiliates, as debtors and debtors in

possession (collectively, the "<u>Debtors</u>"), hereby move this Court (the "<u>Motion</u>") for entry of an

order, substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to sections 102(1) and

105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002 and 9006 of

the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 9006-1 of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "<u>Local Rules</u>"):  (i) shortening notice by 12 days to allow a key piece of

the Nortel estates' Settlement and Support Agreement (as defined herein), the Debtors' Motion

for an Order Authorizing Entry Into Canadian Currency Escrow Agreement to Facilitate

Global Settlement (the "<u>Currency Conversion Motion</u>"),  filed contemporaneously with this

---

[1]     Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667).  Contact information for the U.S. Debtors and their petitions are available at http://dm.epiq11.com/nortel.

Motion, to be considered on an expedited basis on the timeline contemplated by the Settlement

and Support Agreement; (ii) scheduling the Currency Conversion Motion to be heard at a

hearing on October 21, 2016 at 11 a.m. (Eastern Time); (iii) setting October 18, 2016, at 4:00

p.m. (Eastern Time) as the deadline to object to the Currency Conversion Motion, with replies (if

any) to be filed by October 19, 2016 at 12:30 p.m. (Eastern Time); and (iv) granting such other

and further relief as the Court deems just and proper.  In further support of this Motion, the

Debtors respectfully represent as follows:

**PRELIMINARY STATEMENT**

1.      The Settlement and Plans Support Agreement (the "Settlement and Support

Agreement"), filed contemporaneously with this Motion as Exhibit A to the Notice of Execution

of Settlement and Support Agreement, has been agreed to by key Nortel debtor constituencies

and parties in interest, including the Debtors, the Canadian Debtors, the EMEA Debtors, the

Joint Administrators, NNSA, the UCC and the Bondholder Group.  The agreement embodied by

the Settlement and Support Agreement is designed to resolve the Allocation Dispute and certain

potential key claims issues and set the U.S. Debtors on a course toward resolving their Chapter

11 cases and confirming a plan of reorganization.  Entry of an order approving the Currency

Conversion Motion is a crucial step in the settlement process contemplated by the Settlement and

Support Agreement.

**JURISDICTION**

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the February 29, 2012 Amended Standing Order of Reference from the U.S. District Court

for the District of Delaware.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and

2

the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Bankruptcy Code sections 102(1) and 105(a), as supplemented by Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1.

## BACKGROUND

### A.      Procedural Background

4.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc. ("NN CALA")[2] and Nortel Networks India International Inc. ("NNIII")[3] filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, which cases are consolidated for procedural purposes only.  The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has appointed an Official Committee of Unsecured Creditors (the "UCC") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders has been organized (collectively the "Bondholder Group") since 2009.  An ad hoc consortium of creditors holding trade claims against the Debtors (the "Trade Claims Consortium") was organized in 2015.

6.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent NNL (together with NNC and their affiliates, including Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the

---

[2]      NN CALA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' Chapter 11 cases for procedural purposes [D.I. 1098].
[3]      NNIII filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 22, 2016, which was consolidated and is being jointly administered with the other Debtors' Chapter 11 cases for procedural purposes [D.I. 8667].

"Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the

"Canadian Court") under the Companies' Creditors Arrangement Act (Canada) (the "CCAA"),

seeking relief from their creditors (collectively, the "Canadian Proceedings") and a Monitor,

Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  The Canadian

Creditors Committee (the "CCC") is an ad hoc committee of major creditors having claims only

against the Canadian Debtors.

7.     Also on the Petition Date, the High Court of Justice in England and Wales placed

nineteen of Nortel's European affiliates, including NNUK and certain of its affiliates located in

Europe, the Middle East, and Africa (collectively, the "EMEA Debtors"),[5] into administration

(the "UK Proceedings") under the control of individuals from Ernst & Young LLP (collectively,

the "Joint Administrators").  Additionally, certain of the EMEA Debtors' affiliates have not

commenced administration proceedings, but are under the control of their respective directors

(the "EMEA Non-Filed Entities").

8.     On May 28, 2009, Nortel Networks S.A. ("NNSA") commenced secondary

insolvency proceedings within the meaning of Article 27 of the European Union's Council

Regulation (EC) No. 1346/2000 on Insolvency Proceedings in the Republic of France (the

"French Secondary Proceedings") pursuant to which a liquidator, Maître Cosme Rogeau (the

"French Liquidator"), and an administrator were appointed by the Commercial Court of

Versailles, France (the "French Court") (Docket No. 2009P00492) for NNSA.  On June 3, 2015,

---

[4]     The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation, and Nortel Networks International Corporation.

[5]     The EMEA Debtors include the following entities:  NNUK, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

Stephen Taylor was appointed as the Conflicts Administrator for Nortel Networks S.A. (the "NNSA Conflicts Administrator").

9.        Other Nortel affiliates have commenced and in the future may commence additional creditor protection, insolvency, and dissolution proceedings around the world.

10.       For further information regarding these Chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors at http://dm.epiq11.com/nortel.

**B.        Facts Relevant to this Motion**

11.       As set forth more fully in the Currency Conversion Motion, following extensive inter-estate negotiations, the Debtors and other key parties in interest in the Chapter 11 Cases have negotiated the Settlement and Support Agreement to finally and fully resolve certain litigation before this Court and the Canadian Court relating to the allocation of the Sales Proceeds.[6]  The Settlement and Support Agreement also resolves certain potential claims and other issues between the Debtors and their affiliates.

12.       A material condition to the effectiveness of the Settlement and Support Agreement is the conversion of up to U.S.$1.2 billion of the Sale Proceeds into Canadian Dollars for the benefit of creditors of the Canadian Debtors.  The currency conversion requires entry into the Canadian Escrow Agreement.  Importantly, the fees of any currency conversion and the risk of any foreign exchange loss connected with such conversion will be borne by the Canadian Debtors.[7]  Of note, all of the signatories to the Settlement and Support Agreement and the Existing Escrow Agreements, including the EMEA Debtors, Canadian Debtors and Monitor, the

---

[6]        Capitalize terms used but not defined herein shall have the meaning ascribed to them in the Currency Conversion Motion.

[7]        See Canadian Escrow Agreement, §12; Settlement and Support Agreement, § 7.

CCC, the UKP, NNSA, UCC and the Bondholder Group, support the Currency Conversion

Motion and its expedited consideration.

## RELIEF REQUESTED

13.     Pursuant to sections 102(1) and 105(a) of title 11 of the Bankruptcy Code, Rules

2002 and 9006 of the Bankruptcy Rules, and Rule 9006-1of the Local Rules the Debtors

respectfully request that this Court enter an order substantially in the form attached hereto as

Exhibit A:  (i) shortening notice by 12 days to allow Debtors' Motion for Entry into Canadian

Currency Escrow Agreement to Facilitate Global Settlement (the "Currency Conversion

Motion"), filed contemporaneously with this Motion, to be considered on an expedited basis; (ii)

scheduling the Currency Conversion Motion to be heard at a hearing on October 21, 2016 at 11

a.m. (Eastern Time); (iii) setting October 18, 2016, at 4:00 p.m. (Eastern Time) as the deadline to

object to the Currency Conversion Motion, with replies (if any) to be filed by October 19, 2016

at 12:30 p.m. (Eastern Time); and (iv) granting such other and further relief as the Court deems

just and proper.

## BASIS FOR RELIEF

14.     Although Bankruptcy Rule 2002 requires that parties in interest receive "at least

21 days' notice by mail of . . . a proposed use . . . of property of the estate other than in the

ordinary course of business," such time frame may be shortened "for cause." Fed. R. Bankr. P.

2002(a)(2); see Bankruptcy Rule 9006(c)(1) ("[W]hen an act is required . . . to be done at or

within a specified time by these rules or by notice given thereunder . . . the court for cause shown

may in its discretion . . . order the period reduced."). Local Rule 9006-1(e) allows shortened

notice "by order of the Court, on written motion (served on all interested parties) specifying the

exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

15.     Cause exists to approve the Motion and shorten notice of the Court's consideration of the Currency Conversion Motion.  The Debtors and their affiliates have worked diligently with the other Parties to complete negotiations on the Settlement and Support Agreement and the Canadian Escrow Agreement.  While it is contemplated that the terms of the Settlement and Support Agreement will be presented to creditors for approval and implemented through plans of reorganization, the Canadian Debtors negotiated — as an integral component of the Settlement and Support Agreement —that authority be granted to convert a portion of the Sale Proceeds into Canadian Dollars pending the further approval of the transactions embodied therein.  The Settlement and Support Agreement states that that such approval needs to be obtained so that the currency can be converted no later than October 21, 2016.  Accordingly, as set forth below, exigencies exist to shorten Rule 2002's 21-day notice period to allow the Currency Conversion Motion to be heard at a hearing on October 21, 2016.

16.     The Parties to the Settlement and Support Agreement have worked together to develop a consensual resolution to the Allocation Dispute and certain potential claims in order to complete these cases and further the prompt distribution of estate funds to their respective creditors.  Hearing this Motion on shorted notice is an integral part of the overall Settlement and Support Agreement.

17.     Moreover, all of the Parties to the Existing Escrow Agreements — representing significant stakeholders in these cases and in the Allocation Dispute — support the Currency Conversion Motion.  This support of the parties to the Settlement and Support Agreement and the Existing Escrow Agreements should limit the number of objections received (if any) to the Currency Conversion Motion.

18.     For these reasons, the Debtors respectfully submit that allowing the Currency Conversion Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## NOTICE

Notice of this Motion has been given via electronic transmission, first-class mail, hand delivery, or overnight mail to:  (i) the Core Parties; (ii) the U.S. Trustee; (iii) counsel to the UCC; (iv) counsel to the Bondholder Group; (v) counsel to the Nortel Trade Claims Consortium (vi) the New Escrow Agent; and (vii) the general service list established in these Chapter 11 cases.  Accordingly, the Debtors submit that under the circumstances no other or further notice is necessary.

## NO PRIOR REQUEST

No prior request for the relief sought herein has been made to this or any other court.

**Conclusion**

WHEREFORE, the Debtors respectfully request the Court enter an Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the Motion and such other relief as may be just or proper.

Dated: October 12, 2016      CLEARY GOTTLIEB STEEN & HAMILTON LLP
       Wilmington, Delaware

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
Neil P. Forrest (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT & TUNNELL LLP

*/s/ Tamara K. Minott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*