IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE



| | |
|---|---|
| In re | Chapter 11 |
| Nortel Networks Inc., *et al.*, | Case No. 09-10138(KG) |
| Debtors. | Jointly Administered |

NOTICE OF DEBTORS' FORTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. SECTION 502, FED. R. BANKR. P. 3007 AND DEL. L. R. 3001-1 (AMENDED OR SUPERSEDED CLAIMS, INSUFFICIENT DOCUMENTATION CLAIMS, NON-DEBTOR LIABILITY CLAIMS, NO-BASIS CLAIMS, NO-BASIS 503(B)(9) CLAIMS, NO-BASIS DEFERRED COMPENSATION CLAIMS, NO-BASIS PENSION CLAIMS, NO-BASIS RETIREE CLAIMS, NO-BASIS EQUITY CLAIMS, REDUNDANT CLAIMS, MODIFIED, <u>RECLASSIFIED AND ALLOWED CLAIMS AND WRONG DEBTOR CLAIMS)</u>

1. This is a written response (a "Response") contesting the Debtor's Forty-Fifth Omnibus Objection (the "Objection") to the extent the Objection seeks the Court's order disallowing in full Claim numbers 4251 and 5860 (the "Claims"). The Claims are identified in Exhibit A to the Objection as "Non-Debtor Liability Claims."

1

2. The Claims relate to the liability of Nortel Networks Inc. (the "Debtor") owed to William LaSalle (the "Claimant") as a participant in the Debtor's non-qualified pension benefit plan known as the Supplementary Executive Retirement Plan (the "SERP") for senior executives throughout the Company.

3. Claimant was an employee of the Debtor or a Debtor affiliate, and a member of Nortel's Executive Management Team ("EMT"), from 1999 through 2009.

4. Attached as Response Exhibit A-1 is a Memorandum dated 25 May 1999 sent to Claimant by Nicholas J. DeRoma, Nortel's Senior Vice President and General Counsel, who was Claimant's supervisor at the time (the "DeRoma Memorandum"). The DeRoma Memorandum states in part: "... as an EMT you are eligible for certain perquisites. I've attached a memo from Bill Donovan that discusses these in detail ..." Attached as Response Exhibit A-2 is the Memorandum dated April 5, 1999 sent to all members of the Executive Management Team by Bill Donovan, Vice President, Global Compensation and Benefits (the "Donovan Memorandum"). This is the memo from Bill Donovan referred to in the DeRoma Memorandum. The Donovan Memorandum states in part: "You are eligible for participation in the Supplementary Executive Retirement Program (SERP), subject to the conditions of the plan. If you have not previously been a participant in this plan further details are enclosed." Attached as Response Exhibit A-3 is a summary of the provisions of the Supplementary Executive Retirement Plan (SERP) which provides the further details referred to in the Donovan Memorandum.

5. Claimant understood that participation in the SERP was a term and condition of his employment by Debtor, and throughout the term of his employment, Claimant relied on the express representations made to him by Messrs. DeRoma and Donovan as set forth in Response Exhibits A-1 and A-2, respectively.

6. Attached as Response Exhibit B is email correspondence between Claimant and John Shaughnessy, a member of the Executive Compensation team at Nortel responsible for supporting and administering the compensation and benefits of Nortel's EMT, including executive employees of the Debtor. The correspondence reflects Claimant's request to Mr. Shaughnessy, made in September 2009, for more information about Claimant's entitlement to receive benefits under the SERP. Claimant made this request in anticipation of filing the Claims. Claimant's communications with Mr. Shaughnessy include a specific reference to a similar request made by Bill Donovan for a SERP analysis which Mr. Shaughnessy asked Mercer, Nortel's pension benefits advisor/consultant ("Mercer") to prepare.

7. Attached as Response Exhibit C is the SERP analysis prepared by Mercer dated 01 October 2009 (the "Mercer Analysis"). The Mercer Analysis was provided to Claimant in response to the Claimant's request made to Mr. Shaughnessy. The Mercer Analysis sets forth in considerable detail the basis for the Claims and the amount owed. The Mercer Analysis is based on information recorded in the books and records of the Debtor maintained in the ordinary course of business.

8. Claimant was employed by Debtor, made a member of the EMT, and became a participant in the SERP in 1999. Beginning in late 2002 and continuing until early 2008, Claimant was

employed by Debtor's direct corporate parent. As expressly confirmed in the Mercer Analysis, "Mr. LaSalle transferred to Canada on October 14, 2002 with the understanding that he would not lose any SERP benefits due to the transfer." The Mercer Analysis includes this assumption in the calculation of the Claimant's SERP benefits and states unequivocally: <u>"We understand that the SERP benefit, for this period, will be paid from the US."</u> Claimant returned to the U.S. in 2008 and continued to serve as an employee of the Debtor until the Debtor's Enterprise business was sold to Avaya in 2009.

9. The Objection seeks to disallow the Claims in full on the basis that the Claims assert "amounts that the Debtors do not recognize in their Books and Records as valid liabilities of any of the Debtors in these chapter 11 cases and appear to relate to transactions with an affiliate which is not a Debtor in these chapter 11 cases."

10. The facts stated in this Response, including the related supporting documentation submitted in Exhibits A-1, A-2, A-3, B and C, establish by a preponderance of the evidence that the Debtor is legally liable to the Claimant for the amount claimed in connection with Claimant's participation in the Debtor's Supplementary Executive Retirement Plan.

11. For the reasons stated herein, Claimant opposes Debtor's Objection and respectfully requests that the basis for and amount claimed by proof of claim numbers 4251 and 5860 be allowed and that the Court grant such other and further relief as the Court deems just and proper.

Dated: October 5, 2016
       Bryn Mawr, Pennsylvania

*William J. LaSalle* (signature)

WILLIAM J. LASALLE
136 Pennsylvania Ave.
Bryn Mawr, PA 19010
Telephone: (610) 408-7427
Facsimile: (610) 727-2958

cc: Cleary Gottlieb Steen & Hamilton LLP
    One Liberty Plaza
    New York, New York 10006
    Attn: Lisa M. Schweitzer

Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19899-1347
Attn: Derek C. Abbott