# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nortel Networks, Inc., *et al.* | ) | |
| | ) | Case No. 09-10138 (KG) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Hearing Date: October 27, 2016 @ 10:00 am** |
| | ) | **Response Due: October 18, 2016 @ 4:00 pm** |
| _____ | ) | |

## PENSION BENEFIT GUARANTY CORPORATION'S JOINDER IN DEBTORS' FORTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) TO, *INTER ALIA*, CLAIMS IN EXHIBIT A THAT ARE NO-BASIS PENSION CLAIMS (DKT. NO. 17205)

### Preliminary Statement

In their Forty-Fifth Omnibus Objection ("Objection"), the Debtors object to claims filed by certain employees ("No-Basis Pension Claims") with regard to amounts asserted for pension benefits owing under the Nortel Retirement Income Plan ("Pension Plan").[1] The Pension Benefit Guaranty Corporation ("PBGC") joins in the Objection solely with regard to the No-Basis Pension Claims, because participants must look exclusively to PBGC for any benefits they may be entitled to under the terminated Pension Plan.

### Background

PBGC is a wholly owned United States government corporation that administers the nation's termination insurance program for defined benefit pension plans under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. §§ 1301-1461 (2012 & Supp. II 2014). If a pension plan covered by the insurance program terminates and lacks sufficient assets to pay all promised benefits, PBGC becomes statutory trustee of the

---

[1] Capitalized terms not otherwise defined herein are defined as in the Objection.

pension plan and pays the pension plan's benefits subject to the statutory limitations set forth in 29 U.S.C. § 1322(b).  *See* 29 U.S.C. §§ 1322, 1341(c), 1342, 1361; *PBGC v. LTV Corp.*, 496 U.S. 633, 637-638 (1990); *Nachman Corp. v. PBGC*, 446 U.S. 359, 375 (1980).

The Pension Plan, sponsored by Nortel Networks, Inc., terminated effective July 17, 2009.  By an agreement between PBGC and the administrator of the Pension Plan dated September 8, 2009, PBGC became the statutory trustee of the Pension Plan.  At termination, the Pension Plan had approximately 22,000 participants.  PBGC is paying or will pay pension benefits to participants—including participants asserting No-Basis Pension Claims.

The Debtors briefly describe PBGC's claims against each of the Debtors in the Objections.[2]  While Debtors' description of PBGC's claims as initially filed on September 29, 2009, is generally correct, on or about July 7, 2014, PBGC amended its claims.[3]

## Argument

Participants may not recover pension benefits under the terms of a terminated pension plan from their employer.  *United Steelworkers of Am. v. United Eng'g, Inc.*, 52 F.3d 1386, 1393 (6th Cir. 1995); *Ricke v. Armco, Inc.*, 882 F. Supp. 896, 899 (D. Minn. 1995), *order aff'd and remanded by*, 92 F.3d 720 (8th Cir. 1996); *In re Lineal Group, Inc.*, 226 B.R. 608, 613-14 (Bankr. M.D. Tenn. 1998); *Adams Hard Facing Co. v. AHF Corp.*, 129 B.R. 662, 663 (W.D. Okla. 1991).  In the leading case of *United Engineering*, the Sixth Circuit held that

---

[2] The Debtors summarize PBGC's claims in footnote 10 of the Forty-Fifth Objection.

[3] The amended claims were assigned claim numbers 8760, 8761, 8762, and 8763, superseding the claim numbers cited in the Objections.  As amended, PBGC asserted its unfunded benefit liabilities claim in the amount of $624,601,972, and its premium claim in the amount of $83,392,500.  The other two amended claims were asserted in the amount of zero.

ERISA preempts employees' direct actions against employers to recover pension benefits. 52 F.3d at 1393. *See also Int'l Ass'n of Machinists and Aerospace Workers v. Rome Cable Corp.*, 810 F. Supp. 402 (N.D.N.Y. 1993) ( "It would be counterproductive indeed to find that the employer would, following a distress termination, be liable not only to the PBGC but also remain liable to the plan participants and beneficiaries.").

To hold otherwise would result in a double recovery by the participants and double payment by the employer's bankruptcy estate. Participants would recover nonguaranteed benefits from both the employer and PBGC, and the bankruptcy estate would be paying the same claim twice, once to participants and once to PBGC.

A little over two months ago in this bankruptcy, the Court ruled on this same issue in favor of the position advocated here by the Debtors and PBGC. In their Forty-Third Omnibus Objection (D.I. 16997) the Debtors raised essentially the same arguments against allowance of the No-Basis Pension Claims that they assert here, against claims filed by a different group of Pension Plan participants. PBGC joined the Debtors in seeking disallowance of the No-Basis Pension Claims, setting forth essentially the same position as it does here. D.I. 17053. In an order filed on August 17, 2016, this Court disallowed in full each of the No-Basis Pension Claims at issue. D.I. 17098. This Court should follow the same approach here.

## **Conclusion**

WHEREFORE, PBGC requests that this Court disallow the No-Basis Pension Claims, and grant such other and further relief as the Court deems proper.

Dated: October 18, 2016                              Respectfully submitted,

/s/ Vicente Matias Murrell
ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
GARTH D. WILSON
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)
MARC S. PFEUFFER
Attorney

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: (202) 326-4020, ext. 3580
Facsimile: (202) 326-4112
