**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
--------------------------------------------------------X
                                              :
                                              :        Chapter 11
                                              :
In re                                         :
                                              :        Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,[1]              :
                                              :        Jointly Administered
                          Debtors.            :
                                              :
                                              :        RE: D.I. _____
                                              :
--------------------------------------------------------X
```

**ORDER APPROVING THE STIPULATION RESOLVING**
**CLAIMS WITH BULLDOG INVESTORS GENERAL PARTNERSHIP**

Upon the motion (the "Motion")[2] of Nortel Networks Inc. and its affiliated debtors, as

debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an

order, as more fully described in the Motion, pursuant to sections 105(a) and 502 of the

Bankruptcy Code and Bankruptcy Rule 9019, (i) authorizing NNI's entry into and approving the

Stipulation, attached to the Motion as Exhibit B, and (ii) granting the Debtors such other and

further relief as the Court deems just and proper; and adequate notice of the Motion having been

given as set forth in the Motion; and it appearing that no other or further notice is necessary; and

the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions, are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the

Debtors have demonstrated sound business justifications for entering into the Stipulation and the

legal and factual bases set forth in the Motion establish just cause for the relief requested in the

Motion; and, taking into account the anticipated costs and risks associated with litigating the

Claims, the Stipulation and the related relief requested by the Motion is fair, reasonable and in

the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon

the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is **GRANTED**.  The Claims are hereby allowed in the amounts and

priorities specified in Exhibit 1 to the Stipulation.

2.      NNI is authorized to enter into the Stipulation, and the Stipulation is approved in

its entirety.

3.      The Debtors are authorized, but not directed, to take any and all actions that may

be reasonably necessary or appropriate to perform their obligations and enforce their rights

arising under the Stipulation.

4.      The failure specifically to describe or include any particular provision of the

Stipulation in this Order shall not diminish or impair the effectiveness of such a provision, it

being the intent of this Court that the Stipulation be approved in its entirety.

5.      The Stipulation and this Order shall be binding upon the Debtors, the Claimant

and all parties-in-interest in these Chapter 11 cases, and any of their respective successors and

assigns, including without limitation any transferees, purchasers or other acquirers of claims in

respect to the Claims.

6.      The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to the Stipulation.

7.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2016
            Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE