**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                              :     Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                   :     Case No. 09-10138 (KG)
:
                    Debtors.      :     Jointly Administered
:
---------------------------------------------------------X

### STIPULATION RESOLVING CLAIMS BY
### AND BETWEEN BULLDOG INVESTORS
### GENERAL PARTNERSHIP AND NORTEL NETWORKS INC.

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. ("NNI") and Bulldog Investors General Partnership (the "Claimant", and together with NNI, the "Parties") as transferee from the persons or entities listed as the "Transferor" in the table attached to this Stipulation as Exhibit 1 (the "Transferors"), as applicable. The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), NNI and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International, Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq.com/nortel.

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc. and Nortel Networks India International, Inc.), January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) and September 19, 2016 (for claims against Nortel Networks India International, Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about the dates listed in Exhibit 1, the Transferors or their predecessors in interest with respect to the claims identified in Exhibit 1 (the "Bulldog Claims") filed the related proofs of claim; and

WHEREAS the Bulldog Claims relate to pension claims of former employees of certain of the Debtors; and

WHEREAS, on or about the dates listed in Exhibit 1, where applicable, the Claimant acquired the Bulldog Claims from the Transferors; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the potentially substantial and burdensome costs and risks associated with litigating the Bulldog Claims, which ultimate outcome the Parties acknowledge and agree is uncertain, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS the Parties have reviewed their respective books and records and analyzed the underlying documentation related to the proofs of claims filed for each of the Bulldog Claims and determined that the amounts asserted in the proofs of claims shall be allowed against NNI in the amounts listed in Exhibit 1, as applicable.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Resolution of the Bulldog Claims.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation:

(a) The Bulldog Claims shall be fully and finally allowed in the amounts and priorities against Nortel Networks Inc. in the manner set forth on <u>Exhibit 1</u> and shall not be subject to any further objection, reduction, offset, setoff or disallowance except as otherwise set forth in paragraph 1(b) immediately below.

(b) The allowance of the Bulldog Claims as described in paragraph 1(a) shall encompass any and all claims that have been or could have been asserted in the Bulldog Claims and shall amend and supersede any and all claim amounts the Debtors list in their Schedules arising from or related to the facts underlying the Bulldog Claims. The Claimant shall not have any further claims against the Debtors arising out of the facts and circumstances set forth in the Bulldog Claims, including any claims based on the Debtors' scheduling of any of the Bulldog Claims. However, in the event that any person who transferred, directly or indirectly, a Bulldog Claim to the Claimant is determined, by (i) Bankruptcy Court Order upon notice to Claimant and an opportunity to be heard, or (ii) by agreement of such person, the Debtors and the Claimant, to hold, with respect to such Bulldog Claim, a valid claim (as "claim" is defined in section 101(5) of the Bankruptcy Code), including with respect to a claim listed in the Schedules, against the Debtors, nothing herein shall affect the Debtors' right (if any) upon notice to the Claimant to reduce, reclassify and/or disallow the Claimant's allowed Bulldog Claim (and any distribution thereon) correspondingly.

<u>Releases</u>.

(a) Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation and except for the Parties' respective obligations under this Stipulation (including, but not limited to, the obligation of NNI, the Debtors or any other party-in-interest to make distributions to Claimant on account of the allowed Bulldog Claims), the Parties release and

forever discharge each other and their respective current and former affiliates, subsidiaries, shareholders, principals, partners, including general partners and limited partners, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorneys' fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which the Parties now have or hereafter may have arising from or related to the Bulldog Claims.

(b)     **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, THE CLAIMANT FURTHER ACKNOWLEDGES AND EXPRESSLY WAIVES THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.**

2. <u>No Further Claims</u>.  Effective upon the entry of a final, non-appealable order by the Bankruptcy Court approving this Stipulation, the Claimant shall be forever barred from (i) amending the Bulldog Claims or (ii) filing or otherwise asserting any further claim arising from or relating to the Bulldog Claims, or the facts underlying the Bulldog Claims, against any of the Debtors in the Debtors' chapter 11 cases.  The Claimant and certain of its related affiliates may still hold, and may in the future acquire, claims against the Debtors unrelated to the Bulldog Claims addressed herein and based on separate facts and separate debtor-creditor relationships, and such claims shall be unaffected by this Stipulation.

3. <u>Entire Claim</u>.  The Claimant represents that, with respect to the Bulldog Claims, the Claimant owns the entirety of the claims (as "claim" is defined in section 101(5) of the Bankruptcy Code) asserted in such Bulldog Claims, including all claims listed in the Schedules arising from or related to the facts underlying such Bulldog Claims (i.e., Claimant has <u>not</u> purchased only a portion of a Bulldog Claim, leaving the Transferor of the Bulldog Claim still holding a portion of such Bulldog Claim).

4. <u>Binding Effect</u>.  This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' bankruptcy cases and any other party-in-interest with the authority to reconcile, object, compromise and/or settle claims against the Debtors or their estates.

5. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized written agreement between the Parties.

6. <u>No Transfer to a Third Party</u>.  The Claimant represents that they have not sold, assigned or otherwise transferred the Bulldog Claims or any of the claims being released pursuant to this Stipulation to a third party, including to any Transferor.

7. <u>No Transfer to Prior Owner</u>.  The Claimant agrees that they shall not sell, assign or otherwise transfer any Bulldog Claim back to the applicable Transferor, in part or as a whole, either pursuant to the terms and conditions of any applicable transfer agreement or otherwise.

8. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Bulldog Claims.

9. Costs and Expenses.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

10. Jurisdiction.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

11. Manner of Execution.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

12. Court Approval.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Bulldog Claims and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Bulldog Claims or that they have any liability thereunder.

13. Claims Register.  The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

[*Remainder of Page Left Intentionally Blank*]

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Nortel Networks Inc.

By: _____
Name: John J. Ray, III
Title: Principal Officer

Dated: 10/6/2016

Bulldog Investors General Partnership

By: _____
Name: Andrew Dakos
Title: Principal/Managing General Partner

Dated: _____

*Signature Page - Stipulation Resolving Claims By and Between*
*Bulldog Investors General Partnership and Nortel Networks Inc.*

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

| Nortel Networks Inc. | Bulldog Investors General Partnership |
|---|---|
| By: _____ | By: _/s/ Andrew Dakos_____ |
| Name: John J. Ray, III | Name: Andrew Dakos |
| Title: Principal Officer | Title: Principal/Managing General Partner |
| Dated: _____ | Dated: 10/7/2016 |

*Signature Page - Stipulation Resolving Claims By and Between
Bulldog Investors General Partnership and Nortel Networks Inc.*

Exhibit 1

| | | | | | Claim as Filed | | | | Claim as Allowed | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Current Claim Owner | Transferor | Claim/ Schedule Number | Date Claim Filed | Date Claim Transferred | Priority Amount | Unsecured Amount | Total Claimed Amount | Debtor Asserted Against | Priority Amount | Unsecured Amount | Total Allowed Amount | Allowed Debtor |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 592 | 3/16/2009 | 6/18/2014 | 436,896.44 | - | 436,896.44 | Nortel Networks Inc. | - | - | - | |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 592-01 | 3/16/2009 | 6/18/2014 | 333,243.56 | - | 333,243.56 | Nortel Networks Inc. | - | - | - | |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 1165 | 5/13/2009 | 6/18/2014 | - | 152,982.95 | 152,982.95 | Nortel Networks Inc. | - | - | - | |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 1165-01 | 5/13/2009 | 6/18/2014 | - | 116,688.03 | 116,688.03 | Nortel Networks Inc. | - | - | - | |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 3304 | 9/21/2009 | 6/18/2014 | - | 112,613.95 | 112,613.95 | Nortel Networks Inc. | - | 190,723.00 | 190,723.00 | Nortel Networks Inc. |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 3304-01 | 9/21/2009 | 6/18/2014 | - | 85,896.49 | 85,896.49 | Nortel Networks Inc. | - | - | - | |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 3432 | 9/22/2009 | 6/18/2014 | - | 202,419.05 | 202,419.05 | Nortel Networks Inc. | - | 352,881.00 | 352,881.00 | Nortel Networks Inc. |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 3432-01 | 9/22/2009 | 6/18/2014 | - | 154,395.50 | 154,395.50 | Nortel Networks Inc. | - | - | - | |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 3477 | 9/23/2009 | 4/16/2015 | - | 1,026,473.71 | 1,026,473.71 | Nortel Networks Inc. | - | 1,014,647.00 | 1,014,647.00 | Nortel Networks Inc. |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 3788 | 9/25/2009 | 6/18/2014 | - | 127,563.70 | 127,563.70 | Nortel Networks Inc. | - | 217,029.00 | 217,029.00 | Nortel Networks Inc. |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 3788-01 | 9/25/2009 | 6/18/2014 | - | 97,299.44 | 97,299.44 | Nortel Networks Inc. | - | - | - | |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 4032 | 9/28/2009 | 6/18/2014 | 273,030.40 | - | 273,030.40 | Nortel Networks Inc. | - | 455,782.00 | 455,782.00 | Nortel Networks Inc. |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 4032-01 | 9/28/2009 | 6/18/2014 | 208,254.44 | - | 208,254.44 | Nortel Networks Inc. | - | - | - | |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 4171 | 9/28/2009 | 4/8/2015 | - | 2,795,310.82 | 2,795,310.82 | NO DEBTOR ASSERTED BY CREDITOR | - | 2,731,309.00 | 2,731,309.00 | Nortel Networks Inc. |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 4815 | 9/29/2009 | 6/18/2014 | - | 345,478.14 | 345,478.14 | Nortel Networks Inc. | - | 771,412.00 | 771,412.00 | Nortel Networks Inc. |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 4815-01 | 9/29/2009 | 6/18/2014 | - | 452,936.50 | 452,936.50 | Nortel Networks Inc. | - | - | - | |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 5653 | 9/30/2009 | 5/30/2014 | - | 3,602,489.52 | 3,602,489.52 | Nortel Networks Inc. | - | - | - | |
| BULLDOG INVESTORS GENERAL PARTNERSHIP | TRANSFEROR: CRT SPECIAL INVESTMENTS LLC | 6291 | 12/17/2009 | 5/30/2014 | - | 5,153,641.53 | 5,153,641.53 | Nortel Networks Inc. | - | 4,332,770.00 | 4,332,770.00 | Nortel Networks Inc. |
| TOTAL | | | | | $ 1,251,424.84 | $ 14,426,189.33 | $ 15,677,614.17 | | $ - | $ 10,066,553.00 | $ 10,066,553.00 | |