## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------- X
                         :

*In re*                             :      Chapter 11

Nortel Networks Inc., *et al.*,       :      Case No. 09-10138(KG)

             Debtors.     :      Jointly Administered
                           :

Bogdan Wislocki, Claim No. 5352  :
                           :

             Claimant    :
                           :
--------------------------------------------------------- X

### RESPONSE OPPOSING THE MOTION FOR AN ENTRY OF AN ORDER APPROVING:
### DEBTORS' FORTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (AMENDED OR SUPERSEDED CLAIMS, INSUFFICIENT DOCUMENTATION CLAIMS, NON-DEBTOR LIABILITY CLAIMS, NO-BASIS CLAIMS, NO-BASIS 503(B)(9) CLAIMS, NO-BASIS DEFERRED COMPENSATION CLAIMS, NO-BASIS PENSION CLAIMS, NO-BASIS RETIREE CLAIMS, NO-BASIS EQUITY CLAIMS, REDUNDANT CLAIMS, MODIFIED, RECLASSIFIED AND ALLOWED CLAIMS AND WRONG DEBTOR CLAIMS)

1. My claim is for the losses I sustained in my 401(k) due to the negligence of Nortel Networks Inc. ("NNI") with respect to it's fiduciary obligations to LTIP participants.
2. The Debtors seek to disallow my claim as a No-Basis Equity Claim.
3. I was a participant of the Nortel Networks Long-Term Investment Plan ("LTIP"), a 401(k) plan.
4. NNI as a fiduciary of this plan, under ERISA law, had an obligation to act in the best interest of the participants of the plan, in my best interest. NNI broke the ERISA law.
5. A conflict arose for NNI, with respect to the participants in LTIP who were invested in the Nortel stock fund, the moment it started thinking about bankruptcy.
6. NNI closed the Nortel stock fund within LTIP to any new investment in Dec 2007. I assert this is when NNI started thinking about bankruptcy. But NNI did not disclose this to the participants of LTIP, that it had started thinking of bankruptcy. To the contrary, NNI was saying they are making great progress, painting a rosy picture while at the same time thinking about bankruptcy and not disclosing this to the participants. NNI as a fiduciary was not acting in my best interest.

7. To eliminate it's conflict of interest with respect to the participants in LTIP invested in the Nortel stock fund NNI should have not only closed the Nortel fund to new investments the moment it started thinking about bankruptcy but, knowing that a bankruptcy or **even thinking about a bankruptcy is not in the best interest of the participants of LTIP invested in the Nortel stock fund it should have closed the fund completely and moved the funds into one of the other choices within the plan**. NNI had a fiduciary duty to the LTIP participants under ERISA law, their negligence of their fiduciary duty is to those invested in the Nortel stock fund. By eliminating the Nortel stock fund within LTIP NNI would have eliminated their conflict between fiduciary duty and filing for bankruptcy. Over the life of the LTIP NNI had closed other funds and moved the assets into other fund choices within LTIP, they could have easily done the same with the Nortel stock fund.

8. NNI is/was inherently intertwined with Nortel stock, they cannot separate themselves from it.

9. Filing this claim I was expecting NNI to admit it's mistake and make me whole. This is less costly to everyone rather than a trial involving discovery of all the emails, committee meeting minutes, phone calls and testimony leading up to the decision to close the Nortel stock fund to new investments in Dec 2007 to prove that that is when NNI started thinking about bankruptcy and that that is when their breach of fiduciary obligations began.

10. The relief I seek is for NNI to make me whole to what my balance of the Nortel stock fund was on Dec 31, 2007 the date that NNI closed the Nortel stock fund to new investments within LTIP, this is the date NNI should have liquidated the fund completely and moved the funds to other investment choices. This is the date NNI breached their fiduciary duty by allowing the Nortel stock fund to continue all while NNI were thinking about bankruptcy. At the very least NNI should have disclosed relevant information to the participants to whom they had a fiduciary responsibility.

11. Plus interest.

This Response sent to the following addresses by overnight delivery:

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn: Lisa M. Schweitzer
-and-
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19899-1347
Attn: Derek C. Abbott

Dated: October 17, 2016

Bogdan Wislocki
115 Hayward St
Yonkers, NY 10704-1854
(646) 565-1596 Cell phone
(914) 964-2921 Home phone