## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                                       :
                                                       :   Chapter 11
*In re*                                                :
                                                       :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                     :
                                                       :   Jointly Administered
                       Debtors.                        :
                                                       :   **RE: D.I.** 17226
                                                       :
-------------------------------------------------------X

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER (I) APPROVING THE SETTLEMENT OF PROOF OF CLAIM NO. 3911 FILED BY WANLAND & ASSOCIATES INC. AND (II) MODIFYING THE AUTOMATIC STAY AS NECESSARY IN CONNECTION WITH SUCH SETTLEMENT

Upon the motion dated October 6, 2016 (the "Motion"),[2] of Nortel Networks Inc.

("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned

cases (the "Debtors"), for entry of an order, as more fully described in the Motion, (i) approving

the Stipulation of Settlement between NNI, Nortel Networks Limited ("NNL" and along with

NNI, "Nortel") and plaintiffs in the case Wanland & Associates Inc. v. Nortel Networks Limited

et al., [No. 3:05-cv-01191 (D.N.J.)] ("Plaintiffs"); (ii) amending the automatic stay as necessary

to allow the United States Bankruptcy Court for the District of New Jersey (the "New Jersey

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

[2]   Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Court") to approve the Stipulation of Settlement and to conduct such other proceedings and issue

such orders as may be necessary to approve the Stipulation of Settlement; and (iii) granting them

such other and further relief as the Court deems just and proper, and adequate notice having been

given as set forth in the Motion; and it appearing that no other or further notice is necessary; and

the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief requested in the

Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors and

the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The terms of the Stipulation of Settlement attached as **Exhibit B** to the Motion are

hereby approved in their entirety and the Debtors are authorized to enter into the Stipulation of

Settlement.

3.      The Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the

Clerk of the Court are hereby authorized and empowered to take such actions as may be

necessary and appropriate to implement the terms of the Stipulation of Settlement and this Order.

4.      The failure specifically to describe or include any particular provision of the

Stipulation of Settlement in this Order shall not diminish or impair the effectiveness of such a

provision, it being the intent of this Court that the Stipulation of Settlement be approved in its

entirety.

2

5.    The automatic stay in force by virtue of section 362(a) of the Bankruptcy Code is hereby modified to the extent necessary to allow the New Jersey Court to determine whether to grant preliminary and/or final approval of the Stipulation of Settlement and to conduct such other proceedings and issue such orders as may be necessary to approve or otherwise adjudicate the Stipulation of Settlement.

6.    Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: **October 24**, 2016
      Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE