**EXHIBIT 3**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: The Nortel Networks Retirement Income Plan  ) | |
| ) | |
| PENSION BENEFIT GUARANTY    ) | Civil Action No. |
| CORPORATION    ) | |
| ) | Complaint |
| Plaintiff,    ) | |
| ) | |
| v.    ) | |
| ) | |
| RETIREMENT PLAN COMMITTEE OF THE NORTEL  ) | |
| NETWORKS RETIREMENT INCOME PLAN,    ) | |
| as administrator of the Nortel Networks Retirement  ) | |
| Income Plan    ) | |
| c/o Nortel Networks, Inc.    ) | |
| 220 Athens Way, Suite 300    ) | |
| Nashville, TN 37228-1397    ) | |
| ) | |
| NORTEL NETWORKS, INC,    ) | |
| as default administrator of the Nortel    ) | |
| Networks Retirement Income Plan    ) | |
| 220 Athens Way, Suite 300    ) | |
| Nashville, TN 37228-1397    ) | |
| ) | |
| Defendants.    ) | |
| ) | |

## COMPLAINT FOR PENSION PLAN TERMINATION

This action arises under Title IV of the Employee Retirement Income Security Act of

1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1301-1461 (2006).  Plaintiff, the Pension Benefit

Guaranty Corporation ("PBGC"), files this Complaint, pursuant to 29 U.S.C. §§1342 and

1348(a), seeking an order (a) terminating the Nortel Networks Retirement Income Plan (the

"Pension Plan"), (b) appointing PBGC statutory trustee of the Pension Plan, (c) establishing

July 17, 2009, as the termination date for the Pension Plan, and (d) directing the Defendants and

any other person or entity having possession, custody or control of any records, assets or other

property of the Plan, to transfer, convey and deliver all such records, assets and property to the PBGC.

## JURISDICTION AND VENUE

1.    This Court has exclusive jurisdiction of this action pursuant to 29 U.S.C. §§1303(e)(3), 1342(e), 1342(f).

2.    Venue lies in this Court under 29 U.S.C. §§ 1303(e)(2), 1342(g).

## PARTIES

3.    PBGC is the United States government agency established under 29 U.S.C. § 1302(a) to administer the pension plan termination insurance program created by Title IV of ERISA.  When an underfunded pension plan terminates, PBGC, subject to certain statutory limits, pays the plan's unfunded benefits with PBGC's insurance funds.  29 U.S.C. §§ 1302(a)(2), 1321, 1322.  PBGC's principal place of business is at 1200 K Street, N.W., Washington, D.C.  20005.

4.    Defendant, Retirement Plan Committee of The Nortel Networks Retirement Income Plan ("Committee"), is the designated ERISA administrator of the Pension Plan within the meaning of 29 U.S.C. §§ 1301(a)(1), and 1002(16)(A), and is named as a defendant solely in that capacity.  On information and belief, the Committee is located at 220 Athens Way, Suite 300, Nashville, TN   37228-1397.

5.    Defendant, Nortel Networks, Inc. ("Nortel"), is the sponsor of the Pension Plan within the meaning of  29 U.S.C. §1002(16)(B).  As such, it is the ERISA Administrator of the Plan if the Committee is not acting as the ERISA Administrator.  29 U.S.C. § 1002(16)(A). Nortel is named as a defendant solely in that capacity.  On information and belief, Nortel is

2

located at 220 Athens Way, Suite 300, Nashville, TN   37228-1397.

## THE PENSION PLAN

6.      The Pension Plan is a tax-qualified, single-employer, defined benefit pension plan

which is covered by Title IV of ERISA.  *See* 29 U.S.C. §§ 1301(a)(13), 1321(a).    A copy of the

Pension Plan, as amended and restated effective as of January 1, 2007, is attached hereto as

Exhibit 1 and is incorporated by reference herein.

7.      Approximately 23,095 present and former employees of Nortel (and their

beneficiaries) are entitled to receive pension benefits under the terms of the Pension Plan.

8.      The PBGC estimates that the present value of the benefits earned by participants

in the Pension Plan is about $1.3 billion.

9.      The pension benefits earned by participants under the terms of the Pension Plan

were to be funded by contributions made by Nortel to a trust.  On information and belief, that

trust currently has asset worth about $715 million.    On information and belief, neither Nortel

nor any of its subsidiaries or affiliates intend to make additional contributions to the Pension

Plan sufficient to fund all of the pension benefits due participants and their beneficiaries.

## THE ASSET SALES

10.     Nortel Networks Corporaton is a Canadian corporation that provides equipment to

support a wide variety of communication capabilities around the world.   Nortel Networks

Corporation operates it businesses through a large number of direct and indirect subsidiaries.

Nortel is its principal subsidiary in the United States.   Nortel also has a number of American and

foreign direct and indirect subsidiaries.

11.     On January 14, 2009, Nortel and eleven of its subsidiaries filed Chapter 11

3

bankruptcy petitions in the United States Bankruptcy Court for the District of Delaware.  Five

other affiliates filed petitions in that court under Chapter 15 of the Bankruptcy Code.

Concurrently, Nortel Networks Corporation and several Canadian affiliates sought protection

under Canadian insolvency laws.  Insolvency proceedings also were commenced in the United

Kingdom, France and Israel for other direct and indirect subsidiaries of Nortel Networks

Corporation.   The remaining direct and indirect subsidiaries of Nortel Networks Corporation,

including some in the United States, continue operating outside of bankruptcy or an insolvency

proceeding.

12.    On June 19, 2009, Nortel Netwoks Corporation announced that it intended to sell

all of its assets, and the assets of its direct and indirect subsidiaries, including those of Nortel and

its subsidiaries, in a series of transactions based on lines of business.  A copy of a Press Release

dated June 19, 2009, is attached hereto as Exhibit 2 and is incorporated by reference herein.

13.    The auction for the sale of all assets associated with the CDMA and LTE

businesses of Nortel Networks Corporation is scheduled for July 24, 2009.   The proposed sale

includes both debtor and non-debtor assets.  A  hearing to approve the sale is scheduled for July

28, 2009, in the United States Bankruptcy Court for the District of Delaware.

## TERMINATION AND TRUSTEESHIP OF THE PENSION PLAN

14.    Under 29 U.S.C. § 1342(a)(2) and (4), PBGC is authorized to apply to a United

States District Court for an order terminating a pension plan that is covered under Title IV of

ERISA if PBGC determines either that "the plan will be unable to pay benefits when due" or

"the possible long-run loss . . . [of PBGC] with respect to the plan may reasonably be expected

to increase unreasonably if the plan is not terminated."

4

15.     A court may grant the relief sought and appoint PBGC as statutory trustee if termination of the pension plan is necessary, *inter alia*, "to protect the interests of the plan participants" or to avoid "any unreasonable increase in the liability of the . . . [PBGC insurance ] fund." 29 U.S.C. § 1342(c).

16.     PBGC and the ERISA Administrator of a pension plan may agree to establish the termination date for a pension plan. 29 U.S.C. § 1348(a)(3).   If the PBGC and the ERISA Administrator do not agree, the court is authorized to establish the termination date.  29 U.S.C. § 1348(a)(4).

17.     PBGC has determined, in accordance with 29 U.S.C. §§ 1342(a)(2) and (4), that the Pension Plan will be unable to pay benefits when due, and that the possible long-run loss of PBGC with respect to the Pension Plan may reasonably be expected to increase unreasonably if the Pension Plan is not terminated and that as a consequence of the foregoing, the Pension Plan must be terminated and the PBGC appointed trustee to protect the interests of participants and to avoid an unreasonable increase in the liability of the PBGC's insurance fund.   PBGC also has determined that the Pension Plan's termination date should be July 17, 2009.   The PBGC will file an administrative record with respect to its determinations concerning the Pension Plan.

18.     By notice dated July 13, 2009, PBGC notified the Committee, as the designated ERISA Administrator of the Pension Plan, and Nortel, as the default ERISA Administrator of the Pension Plan, in accordance with 29 U.S.C. § 1342(b), of the PBGC's determinations concerning the Pension Plan.   The notice indicated that PBGC intended to proceed pursuant to 29 U.S.C. §§ 1342 and 1348 to have the Pension Plan terminated, PBGC appointed as statutory trustee, and July 17, 2009 established as the Pension Plan's termination date.  A copy of this notice is

5

attached hereto as Exhibit 3 and incorporated by reference herein.

19.    PBGC also caused a notice advising participants of PBGC's determinations concerning the Pension Plan to be published on July 17, 2009, in newspapers covering locations where Nortel's major facilities are located and in a national newspaper.  These newspapers are: USA Today, Atlanta Journal Constitution, San Jose Mercury News, Dallas Morning News, The Toronto Star, Raleigh News & Observer, and The Tennessean.  A copy of this notice is attached hereto as Exhibit 4 and incorporated by reference herein.

20.    In light of the facts of this case, as alleged in this complaint, termination of the Pension Plan effective July 17, 2009, and the appointment of the PBGC as statutory trustee are necessary to protect the interests of the participants in uninterrupted payment of their statutorily insured pension benefits and to protect the PBGC's termination insurance fund.

21.    PBGC is ready, willing and able to serve as the statutory trustee of the Pension Plan.  If appointed as trustee of the Pension Plan, PBGC will pay benefits to eligible participants and their beneficiaries in accordance with ERISA.  29 U.S.C. § 1361.

22.    In order to carry out its duties as statutory trustee under 29 U.S.C. § 1342 with respect to the Pension Plan, the PBGC must receive all records relating to the Pension Plan and all assets belonging to the Pension Plan.  29 U.S.C. § 1342(c)(3), (d).

## REQUEST FOR RELIEF

WHEREFORE, PBGC respectfully requests that this Court enter judgment for PBGC on this complaint and issue an order granting the following relief:

1.    Terminating the Pension Plan pursuant to 29 U.S.C. § 1342(c);

2.    Appointing PBGC trustee of the Pension Plan pursuant to 29 U.S.C. § 1342(c)

6

with all of powers conferred on such a trustee by ERISA or otherwise granted by law;

      3.    Establish July 17, 2009, as the termination date of the Pension Plan pursuant to

29 U.S.C. § 1348(a);

      4.    Direct Defendants, their agents, and any other person or entity having possession,

custody, or control of any records, assets, or other property of the Pension Plan and any

documents required to determine the benefits payable to participants of the Pension Plan, to

transfer, convey, and deliver all such records, assets, property, and documents to PBGC; and

      5.    Grant such other and further relief as the Court deems just and proper.


Dated: July 16, 2009                Respectfully submitted,
Washington, D.C.

ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
STEPHEN SCHREIBER
Assistant Chief Counsel
VICENTE MATIAS MURRELL
(MD Bar No. 9806240098)
Attorney

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005-4026
Phone: (202) 326-4020, ext. 3580
Fax: (202) 326-4112
E-mails: murrell.vicente@pbgc.gov *and*
efile@pbgc.gov
Attorneys for Plaintiff
Pension Benefit Guaranty Corporation


7