**EXHIBIT 5**

**Exhibit 1 – Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*,[1]

        Debtors.

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

----------------------------------------------------------X

## STIPULATION REGARDING FILING OF CLAIMS BY PENSION BENEFIT GUARANTY CORPORATION

Nortel Networks, Inc. ("Nortel") and the above-referenced debtors and debtors in possession jointly administered under Case No. 09-10138 (KG) (collectively, the "Debtors") and the Pension Benefit Guaranty Corporation ("PBGC") have agreed that each proof of claim filed by PBGC in Case No. 09-10138 (KG) will be deemed to be filed separately in each of the Debtors' cases, for the reasons and on the terms and conditions set forth below:

### RECITALS

A. The Debtors have filed voluntary petitions under Chapter 11. Pursuant to orders of the Court, the Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 09-10138 (KG).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

B.  By Order dated August 4, 2009, the Court set the general bar date for filing claims at September 30, 2009.

C.  The PBGC is a United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461. By agreement dated September 8, 2009, the Nortel Network Retirement Income Plan was terminated effective July 17, 2009 and the PBGC was appointed statutory trustee of the Plan.

D.  The PBGC asserts that each of the Debtors was either a sponsor or a controlled group member of a sponsor of the Nortel Network Retirement Income Plan.

E.  The PBGC intends to assert four separate claims against each of the sixteen Debtors jointly and severally, for alleged liability to the pension plans and to the PBGC under 26 U.S.C. § 412, 29 U.S.C. §§ 1082(c)(11), 1307(e)(12), 1362(a), (b) and (c). Requiring that the PBGC file 64 separate proofs of claim would constitute a significant and unnecessary administrative burden on the Debtors, the PBGC, the Court and the Debtors' claims agent.

IT IS HEREBY STIPULATED AS FOLLOWS:

1.  Notwithstanding any provision of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local bankruptcy rules, or any Order of the Court, each proof of claim filed by the PBGC (whether on its own behalf or on behalf of the Pension Plans) in Chapter 11 Case No. 09-10138 (KG) shall, at the time of its filing, be deemed filed not only in that case, but also in each of the other Debtors' Chapter 11 cases; provided that, with respect to each proof of claim filed, the PBGC must specifically identify each of the Debtors against which such proof of claim is being filed and the specific claim asserted against each such Debtor.

2. This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights, or waive any objections or defenses of the Debtors, the PBGC or any other party in interest.

3. The provisions of paragraphs 1 and 2 of this Stipulation and Order shall apply to any amendment that PBGC may make with respect to any proof of claim filed by the PBGC.

Dated: September 24, 2009
      Wilmington, Delaware

| | |
|---|---|
| ISRAEL GOLDOWITZ | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| /s/ Vicente Matias Murrell | James L. Bromley (No. 5125)<br>Lisa M. Schweitzer (No. 1033)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999 |
| CHARLES FINKE<br>Deputy Chief Counsel<br>STEPHEN D. SCHREIBER<br>Assistant Chief Counsel<br>VICENTE MATIAS MURRELL<br>Attorney<br>(MD Bar No. 9806240098) | - and -<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| PENSION BENEFIT GUARANTY CORPORATION<br>Office of the Chief Counsel<br>1200 K Street, N.W., Suite 340<br>Washington, D.C. 20005-4026<br>Telephone: (202) 326-4020, ext. 3580<br>Facsimile: (202) 326-4112 | /s/ Ann C. Cordo<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Andrew R. Remming (No. 5120)<br>1201 North Market Street, P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors and Debtors in Possession* |

3