**EXHIBIT 8**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

**Name of Debtor:** Nortel Networks Inc.
This claim is also deemed filed against:
Nortel Networks Capital Corporation
Nortel Altsystems Inc
Nortel Altsystems International Inc.
Xros, Inc.
Sonoma Systems
Qtera Corporation
CoreTek, Inc

Nortel Networks Applications Management Solutions Inc.
Nortel Networks Optical Components Inc.
Nortel Networks HPOCS Inc.
Architel Systems (U.S.) Corporation
Nortel Networks International, Inc.
Northern Telecom International Inc.
Nortel Networks Cable Solutions Inc.
Nortel Networks (CALA), Inc.

**Case Number:**
09-10138 (KG)
and the other jointly administered cases on the attached list

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):
**Pension Benefit Guaranty Corporation**

Name and address where notices should be sent:
**Attn: Vicente Matias Murrell, Attorney**
**Office of the Chief Counsel**
**1200 K Street, N.W., Suite 340**
**Washington, D.C. 20005-4026**
Telephone number: **202-326-4020, ext. 3580**

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed: $593,100,000**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Statutory Liability under 29 U.S.C. § 1362 and 1368 for unfunded benefit liabilities of the Nortel Networks Retirement Income Plan. See attached statement. (See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** N/A

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**   ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
**Describe:**

**Value of Property:** $_____  **Annual Interest Rate** ___%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has bee

**7. Documents:** Attach redacted copies of any documents that invoices, itemized statements or running accounts, contracts, j attach a summary. Attach redacted copies of documents prov: also attach a summary. (*See instruction 7 and definition of "r*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED L_____ SCANNING.

If the documents are not available, please explain:

Filed: USBC - District of Delaware
Nortel Networks Inc., Et Al.
09-10138 (KG)     0000004735

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☒ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☒ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(2). See attached statement.

**Amount entitled to priority:**
$Unliquidated

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**Date:** 9/28/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

September 28, 2009   Stephen D. Schreiber, Assistant Chief Counsel

FILED / RECEIVED
SEP 29 2009

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EPIQ BANKRUPTCY SOLUTIONS, LLC

**Pursuant to Order Dated September 24, 2009, Attached, This Claim is Deemed Filed in the Following Cases**

09-10138 Nortel Networks Inc.
09-10146 Nortel Networks Applications Management Solutions Inc.
09-10139 Nortel Networks Capital Corporation
09-10147 Nortel Networks Optical Components Inc.
09-10140 Nortel Altsystems Inc.
09-10145 Coretek, Inc.
09-10148 Nortel Networks HPOCS Inc.
09-10141 Nortel Altsystems International Inc.
09-10149 Architel Systems (U.S.) Corporation
09-10142 Xros, Inc.
09-10150 Nortel Networks International, Inc.
09-10143 Sonoma Systems
09-10151 Northern Telecom International Inc.
09-10144 Qtera Corporation
09-10152 Nortel Networks Cable Solutions Inc.
09-12515 Nortel Networks (CALA), Inc.

U.S. Bankruptcy Court
**RECEIVED**
SEP 2 3 2009
Judge_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
              Debtors. :
: RE: D.I. 1540
:
---------------------------------------------------------X

## ORDER APPROVING STIPULATION REGARDING FILING OF CLAIMS BY PENSION BENEFIT GUARANTY CORPORATION

Upon consideration of the *Stipulation Regarding Filing of Claims by Pension Benefit Guaranty Corporation* (the "Stipulation"), a copy of which is attached hereto as **Exhibit 1**, as agreed between Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors") and the Pension Benefit Guaranty Corporation (the "PBGC", together with the Debtors, the "Parties");

IT IS HEREBY ORDERED THAT:

1.    The Stipulation is APPROVED.

2.    Notwithstanding any provision of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local bankruptcy rules, or any Order of the Court, each proof of claim filed by the PBGC (whether on its own behalf or on behalf of the Pension Plans) in Chapter 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Case No. 09-10138 (KG) shall, at the time of its filing, be deemed filed not only in that case, but also in each of the other Debtors' Chapter 11 cases; provided that, with respect to each proof of claim filed, the PBGC must specifically identify each of the Debtors against which such proof of claim is being filed and the specific claim asserted against each such Debtor.

3. This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights, or waive any objections or defenses of the Debtors, the PBGC or any other party in interest.

4. The provisions of paragraphs 1 and 2 of the Stipulation and this Order shall apply to any amendment that PBGC may make with respect to any proof of claim filed by the PBGC.

5. The Parties are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Sept. 24, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

2

**Exhibit 1 – Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

------------------------------------------------------X

### STIPULATION REGARDING FILING OF CLAIMS BY PENSION BENEFIT GUARANTY CORPORATION

Nortel Networks, Inc. ("Nortel") and the above-referenced debtors and debtors in possession jointly administered under Case No. 09-10138 (KG) (collectively, the "Debtors") and the Pension Benefit Guaranty Corporation ("PBGC") have agreed that each proof of claim filed by PBGC in Case No. 09-10138 (KG) will be deemed to be filed separately in each of the Debtors' cases, for the reasons and on the terms and conditions set forth below:

### RECITALS

A. The Debtors have filed voluntary petitions under Chapter 11. Pursuant to orders of the Court, the Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 09-10138 (KG).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

B.  By Order dated August 4, 2009, the Court set the general bar date for filing claims at September 30, 2009.

C.  The PBGC is a United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461. By agreement dated September 8, 2009, the Nortel Network Retirement Income Plan was terminated effective July 17, 2009 and the PBGC was appointed statutory trustee of the Plan.

D.  The PBGC asserts that each of the Debtors was either a sponsor or a controlled group member of a sponsor of the Nortel Network Retirement Income Plan.

E.  The PBGC intends to assert four separate claims against each of the sixteen Debtors jointly and severally, for alleged liability to the pension plans and to the PBGC under 26 U.S.C. § 412, 29 U.S.C. §§ 1082(c)(11), 1307(e)(12), 1362(a), (b) and (c). Requiring that the PBGC file 64 separate proofs of claim would constitute a significant and unnecessary administrative burden on the Debtors, the PBGC, the Court and the Debtors' claims agent.

IT IS HEREBY STIPULATED AS FOLLOWS:

1.  Notwithstanding any provision of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local bankruptcy rules, or any Order of the Court, each proof of claim filed by the PBGC (whether on its own behalf or on behalf of the Pension Plans) in Chapter 11 Case No. 09-10138 (KG) shall, at the time of its filing, be deemed filed not only in that case, but also in each of the other Debtors' Chapter 11 cases; provided that, with respect to each proof of claim filed, the PBGC must specifically identify each of the Debtors against which such proof of claim is being filed and the specific claim asserted against each such Debtor.

2. This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights, or waive any objections or defenses of the Debtors, the PBGC or any other party in interest.

3. The provisions of paragraphs 1 and 2 of this Stipulation and Order shall apply to any amendment that PBGC may make with respect to any proof of claim filed by the PBGC.

Dated: September 24, 2009
       Wilmington, Delaware

| | |
|---|---|
| ISRAEL GOLDOWITZ | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| /s/ *Vicente Matias Murrell* <br> CHARLES FINKE <br> Deputy Chief Counsel <br> STEPHEN D. SCHREIBER <br> Assistant Chief Counsel <br> VICENTE MATIAS MURRELL <br> Attorney <br> (MD Bar No. 9806240098) | James L. Bromley (No. 5125) <br> Lisa M. Schweitzer (No. 1033) <br> One Liberty Plaza <br> New York, New York 10006 <br> Telephone: (212) 225-2000 <br> Facsimile: (212) 225-3999 <br> <br> - and - <br> <br> MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| PENSION BENEFIT GUARANTY CORPORATION <br> Office of the Chief Counsel <br> 1200 K Street, N.W., Suite 340 <br> Washington, D.C. 20005-4026 <br> Telephone: (202) 326-4020, ext. 3580 <br> Facsimile: (202) 326-4112 | /s/ *Ann C. Cordo* <br> Derek C. Abbott (No. 3376) <br> Eric D. Schwartz (No. 3134) <br> Ann C. Cordo (No. 4817) <br> Andrew R. Remming (No. 5120) <br> 1201 North Market Street, P.O. Box 1347 <br> Wilmington, Delaware 19801 <br> Telephone: (302) 658-9200 <br> Facsimile: (302) 658-3989 <br> <br> *Counsel for the Debtors and Debtors in Possession* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS, INC., *et al.* | ) | Case No. 09-10138 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

**STATEMENT OF THE PENSION BENEFIT GUARANTY CORPORATION
IN SUPPORT OF ITS CLAIM FOR UNFUNDED BENEFIT LIABILITIES**

The Pension Benefit Guaranty Corporation ("PBGC") hereby submits this Statement in Support of its claim against Nortel Networks, Inc. ("Debtor") and each of the other Debtors for the unfunded benefit liabilities of the Nortel Networks Retirement Income Plan ("Pension Plan"), stating[1]:

1. PBGC is a wholly-owned United States government corporation, and an agency of the United States, that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461 (2006). PBGC guarantees the payment of certain pension benefits upon the termination of a single-employer pension plan covered by Title IV of ERISA. When an underfunded plan terminates, PBGC generally becomes trustee of the plan and, subject to certain statutory limitations, pays the plan's unfunded benefits with its insurance funds. *See* 29 U.S.C. §§ 1321-1322, 1342, 1361.

---

[1] Pursuant to the Order, dated September 24, 2009, which is attached to the proof of claim, this claim is deemed filed against each of the debtors in this jointly administered proceeding that are specified on the list attached to the proof of claim.

1

2. The Pension Plan is a single-employer defined benefit pension plan covered by Title IV of ERISA. *See* 29 U.S.C. § 1321.

3. Each of the Debtors is a contributing sponsor of the Pension Plan, 29 U.S.C. § 1301(a)(13), or a member of a contributing sponsor's controlled group, 29 U.S.C. § 1301(a)(14).

4. On January 14, 2009, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

5. The Debtor's proceeding has been administratively consolidated with the proceedings of 15 of its subsidiaries. Each of the other debtors are jointly and severally liable for the debt described herein.[2]

6. The Pension Plan was terminated effective July 19, 2009, pursuant to an agreement between PBGC and the Retirement Committee of the Pension Plan. That agreement also appointed PBGC statutory trustee of the Pension Plan.

7. As of the Pension Plan's termination date, the assets of the Pension Plan were insufficient to cover the benefit liabilities of the Pension Plan. This insufficiency is the amount of the Pension Plan's unfunded benefit liabilities. *See* 29 U.S.C. § 1362(b).

8. Upon termination of the Pension Plan, its contributing sponsor and each member of the contributing sponsor's controlled group become jointly and severally liable to PBGC for the total amount of the Pension Plan's unfunded benefit liabilities. 29 U.S.C. § 1362(a), (b); *see* 29 U.S.C. § 1301(a)(18).

9. The estimated amount of the Pension Plan's unfunded benefit liabilities is $593,100,000.

---

2 Each of the debtors is either a contributing sponsor of the Pension Plan or a member of a contributing sponsor's controlled group and, therefore, jointly and severally liable for the statutory debt described in this proof of

2

---

claim and statement in support of claim.

10. If any person liable to PBGC under 29 U.S.C. § 1362 fails to pay the liability after demand, a lien arises in favor of PBGC as of the termination date of the plan. The amount of the lien is limited to 30% of the collective net worth of all the liable parties. 29 U.S.C. § 1368(a). For purposes of the Bankruptcy Code, the lien is "treated in the same manner as a tax due and owing to the United States." 29 U.S.C. § 1368(c)(2).

11. This claim is an administrative expense entitled to priority as a tax incurred by the estate, in an amount up to 30% of the controlled group's collective net worth. 11 U.S.C. §§ 503(b)(1)(B), 507(a)(2); 29 U.S.C. § 1368(a), (c)(2). Independently, it also meets the definition of a "tax" for bankruptcy purposes because it is an involuntary pecuniary burden imposed on individuals or their property for public purposes, including to defray the government's expenses.

12. Alternatively, this claim is entitled to tax priority under 11 U.S.C. § 507(a)(8), in an amount up to 30% of the controlled group's collective net worth.

13. Any amount not entitled to priority is asserted as a general unsecured claim.

14. By filing this claim, PBGC demands payment of the unfunded benefit liabilities of the Pension Plan.

15. Documents supporting this claim include the Pension Plan document with applicable amendments; relevant collateral agreements, if any; United States Internal Revenue Service Form 5500s; and annual actuarial valuation reports for the Pension Plan. On information and belief, Debtors or members of their controlled group have in their possession and control copies or originals of these documents.

16. PBGC's investigation of this matter is continuing. The agency reserves the right to amend, modify and supplement this proof of claim and/or to file additional proofs of claim. This

claim may be subject to a right of setoff by PBGC as an agency of the United States government, and the right of the United States to withhold subject to offset amounts due from other federal entities. The filing of this proof of claim is not intended to be and shall not be construed as (1) an election of remedy or (2) a waiver or limitation of any rights of PBGC, the Pension Plan or any of its beneficiaries or participants.

Dated: September 28, 2009
Washington D.C.


ISRAEL GOLDOWITZ
Chief Counsel
CHARLES FINKE
Deputy Chief Counsel
STEPHEN D. SCHREIBER
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: (202) 326-4020, ext. 3580
Facsimile: (202) 326-4112



**PBGC**
Protecting America's Pensions

Pension Benefit Guaranty Corporation
1200 K Street, N.W., Washington, D.C. 20005-4026

September 28, 2009

**BY FEDERAL EXPRESS**

Nortel Networks Inc. Claims Processing
Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

  Re: <u>**Nortel Networks, Inc.,**</u> **(Bankr. D. Del. No. 09-10138 (KG))**

To Whomever it May Concern:

  Please find enclosed four (4) proofs of claim("POC") filed against the above lead case number and by court order, stipulation and as listed on each POC, deemed filed in each of the cases jointly administered with the lead case number indicated above. Along with the foregoing, please find enclosed copies of each POC. Please date stamp each POC and enclose the same in the enclosed, self-addressed, stamped envelope.

  Please feel free to contact me if you have any questions. Thank you for your time and attention to this matter.

         Sincerely,

         */s/ Vicente Matias Murrell*
         Vicente Matias Murrell
         Attorney
         Office of the Chief Counsel
         (202) 326-4020, ext. 3580

