**EXHIBIT 9**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

**Name of Debtor:** Nortel Networks Inc.
This claim is also deemed filed against:
Nortel Networks Capital Corporation
Nortel Altsystems Inc
Nortel Altsystems International Inc.
Xros, Inc.
Sonoma Systems
Qtera Corporation
CoreTek, Inc

Nortel Networks Applications Management Solutions Inc.
Nortel Networks Optical Components Inc.
Nortel Networks HPOCS Inc.
Architel Systems (U.S.) Corporation
Nortel Networks International, Inc.
Northern Telecom International Inc.
Nortel Networks Cable Solutions Inc.
Nortel Networks (CALA), Inc.

**Case Number:**
09-10138 (KG)
and the other jointly administered cases on the attached list

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**Pension Benefit Guaranty Corporation**

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
   **Attn: Vicente Matias Murrell, Attorney**
   **Office of the Chief Counsel**
   **1200 K Street, N.W., Suite 340**
   **Washington, D.C. 20005-4026**
Telephone number:  **202-326-4020, ext. 3580**

**Court Claim Number:** _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ Unliquidated

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Statutory Liability to the Nortel Networks Retirement Income Plan for unpaid minimum funding contributions under 26 U.S.C. §§ 412, 430 and 29 U.S.C. § 1082. See attached statement.

**3. Last four digits of any number by which creditor identifies debtor:** N/A

   **3a. Debtor may have scheduled account as:** _____
      (See instruction #3a on reverse side)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____ Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☒ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☒ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(2). See attached statement.

**Amount entitled to priority:**

$ Unliquidated

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has b[een credited...]

**7. Documents:** Attach redacted copies of any documents t[hat support the claim, such as promissory notes, purchase orders,] invoices, itemized statements or running accounts, contract[s, judgments, mortgages, and security agreements. You may also] attach a summary. Attach redacted copies of documents pr[oviding evidence of perfection of a security interest. You may] also attach a summary. (*See instruction 7 and definition of [redacted on reverse side.*])

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHE[D DOCUMENTS MAY BE DESTROYED AFTER SCAN]NING.

If the documents are not available, please explain:

Filed: USBC - District of Delaware
Nortel Networks Inc., Et Al.
09-10138 (KG)          0000004736

FILED | RECEIVED
SEP 29 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 9/28/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

September 28, 2009      Stephen D. Schreiber, Assistant Chief Counsel

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Pursuant to Order Dated September 24, 2009, Attached, This Claim is Deemed Filed in the Following Cases**

09-10138 Nortel Networks Inc.
09-10146 Nortel Networks Applications Management Solutions Inc.
09-10139 Nortel Networks Capital Corporation
09-10147 Nortel Networks Optical Components Inc.
09-10140 Nortel Altsystems Inc.
09-10145 Coretek, Inc.
09-10148 Nortel Networks HPOCS Inc.
09-10141 Nortel Altsystems International Inc.
09-10149 Architel Systems (U.S.) Corporation
09-10142 Xros, Inc.
09-10150 Nortel Networks International, Inc.
09-10143 Sonoma Systems
09-10151 Northern Telecom International Inc.
09-10144 Qtera Corporation
09-10152 Nortel Networks Cable Solutions Inc.
09-12515 Nortel Networks (CALA), Inc.

U.S. Bankruptcy Court
**RECEIVED**

SEP 2 3 2009

Judge_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
         Debtors. :
: RE: D.I. __1540__
:
------------------------------------------------------X

**ORDER APPROVING STIPULATION REGARDING FILING OF CLAIMS BY
PENSION BENEFIT GUARANTY CORPORATION**

Upon consideration of the *Stipulation Regarding Filing of Claims by Pension Benefit Guaranty Corporation* (the "Stipulation"), a copy of which is attached hereto as **Exhibit 1**, as agreed between Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors") and the Pension Benefit Guaranty Corporation (the "PBGC", together with the Debtors, the "Parties");

IT IS HEREBY ORDERED THAT:

1.     The Stipulation is APPROVED.

2.     Notwithstanding any provision of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local bankruptcy rules, or any Order of the Court, each proof of claim filed by the PBGC (whether on its own behalf or on behalf of the Pension Plans) in Chapter 11

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Case No. 09-10138 (KG) shall, at the time of its filing, be deemed filed not only in that case, but also in each of the other Debtors' Chapter 11 cases; provided that, with respect to each proof of claim filed, the PBGC must specifically identify each of the Debtors against which such proof of claim is being filed and the specific claim asserted against each such Debtor.

3. This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights, or waive any objections or defenses of the Debtors, the PBGC or any other party in interest.

4. The provisions of paragraphs 1 and 2 of the Stipulation and this Order shall apply to any amendment that PBGC may make with respect to any proof of claim filed by the PBGC.

5. The Parties are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Sept. 24, 2009
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1 – Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X

*In re*                                               :    Chapter 11

Nortel Networks Inc., *et al.*,[1]                    :    Case No. 09-10138 (KG)

                Debtors.    :    Jointly Administered

---------------------------------------------------------X

### STIPULATION REGARDING FILING OF CLAIMS BY PENSION BENEFIT GUARANTY CORPORATION

Nortel Networks, Inc. ("Nortel") and the above-referenced debtors and debtors in possession jointly administered under Case No. 09-10138 (KG) (collectively, the "Debtors") and the Pension Benefit Guaranty Corporation ("PBGC") have agreed that each proof of claim filed by PBGC in Case No. 09-10138 (KG) will be deemed to be filed separately in each of the Debtors' cases, for the reasons and on the terms and conditions set forth below:

### RECITALS

A.      The Debtors have filed voluntary petitions under Chapter 11. Pursuant to orders of the Court, the Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 09-10138 (KG).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

B.  By Order dated August 4, 2009, the Court set the general bar date for filing claims at September 30, 2009.

C.  The PBGC is a United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461. By agreement dated September 8, 2009, the Nortel Network Retirement Income Plan was terminated effective July 17, 2009 and the PBGC was appointed statutory trustee of the Plan.

D.  The PBGC asserts that each of the Debtors was either a sponsor or a controlled group member of a sponsor of the Nortel Network Retirement Income Plan.

E.  The PBGC intends to assert four separate claims against each of the sixteen Debtors jointly and severally, for alleged liability to the pension plans and to the PBGC under 26 U.S.C. § 412, 29 U.S.C. §§ 1082(c)(11), 1307(e)(12), 1362(a), (b) and (c). Requiring that the PBGC file 64 separate proofs of claim would constitute a significant and unnecessary administrative burden on the Debtors, the PBGC, the Court and the Debtors' claims agent.

IT IS HEREBY STIPULATED AS FOLLOWS:

1.  Notwithstanding any provision of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local bankruptcy rules, or any Order of the Court, each proof of claim filed by the PBGC (whether on its own behalf or on behalf of the Pension Plans) in Chapter 11 Case No. 09-10138 (KG) shall, at the time of its filing, be deemed filed not only in that case, but also in each of the other Debtors' Chapter 11 cases; provided that, with respect to each proof of claim filed, the PBGC must specifically identify each of the Debtors against which such proof of claim is being filed and the specific claim asserted against each such Debtor.

2. This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights, or waive any objections or defenses of the Debtors, the PBGC or any other party in interest.

3. The provisions of paragraphs 1 and 2 of this Stipulation and Order shall apply to any amendment that PBGC may make with respect to any proof of claim filed by the PBGC.

Dated: September 24, 2009
       Wilmington, Delaware

| ISRAEL GOLDOWITZ | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
|---|---|
| /s/ *Vicente Matias Murrell*<br>CHARLES FINKE<br>Deputy Chief Counsel<br>STEPHEN D. SCHREIBER<br>Assistant Chief Counsel<br>VICENTE MATIAS MURRELL<br>Attorney<br>(MD Bar No. 9806240098)<br><br>PENSION BENEFIT GUARANTY CORPORATION<br>Office of the Chief Counsel<br>1200 K Street, N.W., Suite 340<br>Washington, D.C. 20005-4026<br>Telephone: (202) 326-4020, ext. 3580<br>Facsimile: (202) 326-4112 | James L. Bromley (No. 5125)<br>Lisa M. Schweitzer (No. 1033)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>/s/ *Ann C. Cordo*<br>Derek C. Abbott (No. 3376)<br>Eric D. Schwartz (No. 3134)<br>Ann C. Cordo (No. 4817)<br>Andrew R. Remming (No. 5120)<br>1201 North Market Street, P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors and Debtors in Possession* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NORTEL NETWORKS, INC., *et al.* ) | Case No. 09-10138 (KG) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |
| _____ ) | |

## STATEMENT OF THE PENSION BENEFIT GUARANTY CORPORATION
## IN SUPPORT OF ITS CLAIM FOR MINIMUM FUNDING CONTRIBUTIONS
## DUE TO THE PENSION PLAN

The Pension Benefit Guaranty Corporation ("PBGC"), on behalf of the Nortel Networks Retirement Income Plan (the "Pension Plan"), hereby submits its Statement in Support of its claim for minimum funding contributions that are due to the Pension Plan, against Nortel Networks, Inc. ("Debtor") and the other debtors in this jointly administered proceeding [1], stating:

1. PBGC is a wholly-owned United States government corporation, and an agency of the United States, that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461 (2006). PBGC guarantees the payment of certain pension benefits upon the termination of a single-employer pension plan covered by Title IV of ERISA. When an underfunded plan terminates, PBGC generally becomes trustee of the plan and, subject to certain statutory limitations, pays the plan's unfunded benefits with its insurance funds. *See* 29 U.S.C. §§ 1321-1322, 1342, 1361.

---

[1] Pursuant to the Order, dated September 24, 2009, which is attached to the proof of claim, this claim is deemed filed against each of the debtors in this jointly administered proceeding that are specified on the list attached to the proof of claim.

2.  The Pension Plan is a single-employer defined benefit pension plan covered by Title IV of ERISA. *See* 29 U.S.C. §1321.

3.  The Debtor is a contributing sponsor of the Pension Plan, 29 U.S.C. § 1301(a)(13), or a member of a contributing sponsor's controlled group, 29 U.S.C. § 1301(a)(14).

4.  On January 14, 2009, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

5.  The Debtor's proceeding has been administratively consolidated with the proceedings of 15 of its subsidiaries. Each of the other debtors are jointly and severally liable for the debt described herein.[2]

6.  The Pension Plan was terminated effective July 19, 2009, pursuant to an agreement between PBGC and the Retirement Committee of the Pension Plan. That agreement also appointed PBGC statutory trustee of the Pension Plan.

7.  The contributing sponsor of the Pension Plan and each member of its controlled group are jointly and severally liable to the Pension Plan for contributions necessary to satisfy the minimum funding standards under sections 412 and 430 of the Internal Revenue Code ("IRC") and sections 302 and 303 of ERISA. IRC §412(c)(11) (2007) (effective for pension plan years beginning on or before Dec. 31, 2007); *see also* 29 U.S.C.A. § 1082(c)(11) (2007) (same); and IRC §§ 412(b)(1) & (2) (2009) (effective for pension plan years beginning after Dec. 31, 2007); *see also* 29 U.S.C.A. §§ 1082(b)(1) & (2) (2009) (same).[3] If the Pension Plan terminates, this

---

[2] Each of the debtors is either a contributing sponsor of the Pension Plan or a member of a contributing sponsor's controlled group and, therefore, jointly and severally liable for the statutory debt described in this proof of claim and statement in support of claim.

[3] References to the IRC, or to 29 U.S.C.A. §§ 1082 and 1083, with a date of 2007 refer to the pre-PPA 2006 provisions in effect for pension plan years beginning *on or before* December 31, 2007. References with a date of 2009 refer to the PPA 2006 provisions in effect for pension plan years beginning *after* December 31, 2007.

2

liability may be owed to PBGC as the trustee appointed under 29 U.S.C. § 1342. *See* 29 U.S.C. § 1342(d)(1)(B)(ii) (a trustee appointed under section 1342(b) has the power "to collect for the plan any amounts due the plan, including but not limited to the power to collect from the persons obligated to meet the requirements of § 302 or the terms of the plan.") Also, the Debtor may be contractually obligated to contribute to the Pension Plan.

8. This is an unliquidated claim for contributions that are owed to the Pension Plan. It is entitled to priority as follows:

(a) The normal cost portions of contributions attributable to the post-petition period are entitled to administrative priority as ordinary course business expenses. 11 U.S.C. §§ 503(b), 507(a)(2).

(b) The normal cost portion of contributions attributable to the 180-days immediately preceding the petition filing date (or cessation of the debtor's business if earlier) are entitled to priority under 11 U.S.C. § 507(a)(5).

9. Any contributions not entitled to priority are asserted as a general unsecured claim.

10. Documents supporting this claim include the Pension Plan document with applicable amendments; relevant collateral agreements, if any; United States Internal Revenue Service Form 5500s; and annual actuarial valuation reports for the Pension Plan. On information and belief, Debtor or a member of its controlled group has in its possession and control copies or originals of these documents.

11. PBGC is not aware of any other claim for these contributions having been filed by any person with responsibility for administering the affairs of the Pension Plan.

12. PBGC's investigation of this matter is continuing. The agency reserves the right to amend, modify and supplement this proof of claim and/or to file additional proofs of claim. The filing of this proof of claim is not intended to be and shall not be construed as (1) an election of

remedy or (2) a waiver or limitation of any rights of PBGC, the Pension Plan or any of its beneficiaries or participants.

Dated: September 28, 2009
Washington D.C.


ISRAEL GOLDOWITZ
Chief Counsel
CHARLES FINKE
Deputy Chief Counsel
STEPHEN D. SCHREIBER
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: (202) 326-4020, ext. 3580
Facsimile: (202) 326-4112

