**<u>EXHIBIT 12</u>**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | **PROOF OF CLAIM** |
|---|---|

| | |
|---|---|
| Name of Debtor: Nortel Networks Inc.<br>This claim is also deemed filed against:<br>Nortel Networks Capital Corporation<br>Nortel Altsystems Inc<br>Nortel Altsystems International Inc.<br>Xros, Inc.<br>Sonoma Systems<br>Qtera Corporation<br>CoreTek, Inc.     Nortel Networks Applications Management Solutions Inc.<br>Nortel Networks Optical Components Inc.<br>Nortel Networks HPOCS Inc.<br>Architel Systems (U.S.) Corporation<br>Nortel Networks International, Inc.<br>Northern Telecom International Inc.<br>Nortel Networks Cable Solutions Inc.<br>Nortel Networks (CALA), Inc. | Case Number:<br><br>09-10138 (KG)<br><br>and the other jointly administered cases<br>on the attached list |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**Pension Benefit Guaranty Corporation** | ☑ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>**Attn: Vicente Matias Murrell, Attorney<br>Office of the Chief Counsel<br>1200 K Street, N.W., Suite 340<br>Washington, D.C. 20005-4026**<br>Telephone number:  **202-326-4020, ext. 3580**<br><br>FILED / RECEIVED<br>JUL - 7 2014<br>Epiq Bankruptcy Solutions, LLC | **Court Claim Number:** <u>4735</u><br>(*If known*)<br><br>Filed on: <u>September 29, 2009</u> |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** $624,601,972<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** <u>Statutory Liability under 29 U.S.C. § 1362 and 1368 for unfunded benefit liabilities of the Nortel Networks Retirement Income Plan. See attached statement.</u>  (See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:** <u>N/A</u><br><br>**3a. Debtor may have scheduled account as:** _____<br>(See instruction #3a on reverse side) | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:**  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>**Describe:**<br><br>**Value of Property:**$_____  **Annual Interest Rate**___%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any:** $_____  **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____  **Amount Unsecured:** $_____ | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☒ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).<br><br>☒ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(2). See attached statement. |
| **6. Credits:** The amount of all p_____ _____ making this proof of claim.<br><br>**7. Documents:** Attach redacte_____ _____romissory notes, purchase orders, invoices, itemized statements o_____ _____ecurity agreements. You may also attach a summary. Attach reda_____ _____of a security interest. You may also attach a summary. (See in_____<br><br>DO NOT SEND ORIGINAL D_____ _____ESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain:  <br><br>Filed: USBC - District of Delaware<br>Nortel Networks Inc., Et Al.<br>09-10138 (KG)     0000008763 | **Amount entitled to priority:**<br><br>$<u>Unliquidated</u><br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | | |
|---|---|---|
| **Date:**<br><br>July 3, 2014 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Garth D. Wilson*<br>Garth D. Wilson, Assistant Chief Counsel | **FOR COURT USE ONLY** |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                         )    Chapter 11
                                               )
NORTEL NETWORKS, INC., *et al.*                )    Case No. 09-10138 (KG)
                                               )    (Jointly Administered)
                  Debtors.                     )
                                               )
_____)

## STATEMENT
## OF THE PENSION BENEFIT GUARANTY CORPORATION
## IN SUPPORT OF ITS AMENDED CLAIM FOR UNFUNDED BENEFIT LIABILITIES

The Pension Benefit Guaranty Corporation ("PBGC") hereby submits this Statement in

Support of its amended claim against Nortel Networks, Inc. ("Debtor") and each of the other

Debtors for the unfunded benefit liabilities of the Nortel Networks Retirement Income Plan

("Pension Plan"), stating[1]:

1.      PBGC is a wholly-owned United States government corporation, and an agency of

the United States, that administers the defined benefit pension plan termination insurance program

under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§§ 1301-1461 (2012).  PBGC guarantees the payment of certain pension benefits upon the

termination of a single-employer pension plan covered by Title IV of ERISA.  When an

underfunded plan terminates, PBGC generally becomes trustee of the plan and, subject to certain

statutory limitations, pays the plan's unfunded benefits with its insurance funds.  *See* 29 U.S.C.

§§ 1321-1322, 1342, 1361.

---

[1]  Pursuant to the Order, dated October 13, 2009, approving a stipulation between the debtors and PBGC dated September 24, 2009, copies of which are attached to the proof of claim, this amended claim is deemed filed against each of the debtors in this jointly administered proceeding that are specified on the list attached to the proof of claim.

1

2.      The Pension Plan is a single-employer defined benefit pension plan covered by Title IV of ERISA. *See* 29 U.S.C. § 1321.

3.      Each of the Debtors is a contributing sponsor of the Pension Plan, 29 U.S.C. § 1301(a)(13), or a member of a contributing sponsor's controlled group, 29 U.S.C. § 1301(a)(14).

4.      On January 14, 2009, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

5.      The Debtor's proceeding has been administratively consolidated with the proceedings of 15 of its subsidiaries. Each of the other debtors are jointly and severally liable for the debt described herein.[2]

6.      The Pension Plan was terminated effective July 17, 2009, pursuant to an agreement between PBGC and the Retirement Committee of the Pension Plan. That agreement also appointed PBGC statutory trustee of the Pension Plan.

7.      As of the Pension Plan's termination date, the assets of the Pension Plan were insufficient to cover the benefit liabilities of the Pension Plan. This insufficiency is the amount of the Pension Plan's unfunded benefit liabilities. *See* 29 U.S.C. § 1362(b).

8.      Upon termination of the Pension Plan, its contributing sponsor and each member of the contributing sponsor's controlled group become jointly and severally liable to PBGC for the total amount of the Pension Plan's unfunded benefit liabilities. 29 U.S.C. § 1362(a), (b); *see* 29 U.S.C. § 1301(a)(18).

9.      The estimated amount of the Pension Plan's unfunded benefit liabilities is $624,601,972.

---

2  Each of the debtors is either a contributing sponsor of the Pension Plan or a member of a contributing sponsor's controlled group and, therefore, jointly and severally liable for the statutory debt described in this proof of

2

10.     If any person liable to PBGC under 29 U.S.C. § 1362 fails to pay the liability after demand, a lien arises in favor of PBGC as of the termination date of the plan. The amount of the lien is limited to 30% of the collective net worth of all the liable parties. 29 U.S.C. § 1368(a). For purposes of the Bankruptcy Code, the lien is "treated in the same manner as a tax due and owing to the United States." 29 U.S.C. § 1368(c)(2).

11.     This claim is an administrative expense entitled to priority as a tax incurred by the estate, in an amount up to 30% of the controlled group's collective net worth. 11 U.S.C. §§ 503(b)(1)(B), 507(a)(2); 29 U.S.C. § 1368(a), (c)(2). Independently, it also meets the definition of a "tax" for bankruptcy purposes because it is an involuntary pecuniary burden imposed on individuals or their property for public purposes, including to defray the government's expenses.

12.     Alternatively, this claim is entitled to tax priority under 11 U.S.C. § 507(a)(8), in an amount up to 30% of the controlled group's collective net worth.

13.     Any amount not entitled to priority is asserted as a general unsecured claim.

14.     By filing this claim, PBGC demands payment of the unfunded benefit liabilities of the Pension Plan.

15.     Documents supporting this claim include the Pension Plan document with applicable amendments; relevant collateral agreements, if any; United States Internal Revenue Service Form 5500s; and annual actuarial valuation reports for the Pension Plan. On information and belief, Debtors or members of their controlled group have in their possession and control copies or originals of these documents.

---

claim and statement in support of claim.

16.     PBGC's investigation of this matter is continuing. The agency reserves the right to

amend, modify and supplement this proof of claim and/or to file additional proofs of claim. This

claim may be subject to a right of setoff by PBGC as an agency of the United States government,

and the right of the United States to withhold subject to offset amounts due from other federal

entities. The filing of this proof of claim is not intended to be and shall not be construed as (1) an

election of remedy or (2) a waiver or limitation of any rights of PBGC, the Pension Plan or any of

its beneficiaries or participants.

Dated: July 3, 2014
Washington D.C.

ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
GARTH D. WILSON
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: (202) 326-4020, ext. 3580
Facsimile: (202) 326-4112

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
                                              :
*In re*                                       :    Chapter 11
                                              :
                                              :    Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*, [1]           :
                                              :    Jointly Administered
                        Debtors.              :
                                              :    RE: D.I. 1639
                                              :
-----------------------------------------------------------X

### ORDER APPROVING STIPULATION
### WITH THE PENSION BENEFIT GUARANTY CORPORATION

Upon the motion dated October 8, 2009 (the "Motion"),[2] of Nortel Networks Inc.

("NNI") and its affiliated Debtors, as Debtors and Debtors in possession in the above-captioned

jointly administered cases (the "Debtors"), for entry of an Order, as more fully described in the

Motion, approving a Stipulation (the "PBGC Stipulation") between NNI and the Pension Benefit

Guaranty Corporation (the "PBGC"), in the form attached as Exhibit B to the Motion, pursuant

to Section 105(a) of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9019

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and adequate notice of

the Motion having been given as set forth therein; and it appearing that no other or further notice

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
f/k/a Alteon WebSystems, Inc. (9769), Nortel Altsystems International, Inc. f/k/a Alteon WebSystems International,
Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel
Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545),
Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International
Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).
Addresses for the Debtors can be found in the Debtors' petitions, which are available at
http://chapter11.epiqsystems.com/nortel.

[2]       Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having further determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, and their creditors; and upon the record in these proceedings, including a hearing on the Motion held on October 13, 2009; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED in all respects.

2.      The Court approves the PBGC Stipulation, as it finds the PBGC Stipulation to be in the best interests of NNI, its estate, and its creditors.

3.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

4.      The requirements set forth in Rule 6003(b) of the Bankruptcy Rules are satisfied by the contents of the Motion or otherwise deemed waived.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October **13**, 2009
       Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3170914.1

2

**<u>Exhibit 1 – Stipulation</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------X

*In re*                                                       :      Chapter 11

Nortel Networks Inc., *et al.*,[1]                            :      Case No. 09-10138 (KG)

          Debtors.                                :      Jointly Administered

                                                              :

                                                              :

-------------------------------------------------------------X

## STIPULATION REGARDING FILING OF CLAIMS BY PENSION BENEFIT GUARANTY CORPORATION

Nortel Networks, Inc. ("Nortel") and the above-referenced debtors and debtors in possession jointly administered under Case No. 09-10138 (KG) (collectively, the "Debtors") and the Pension Benefit Guaranty Corporation ("PBGC") have agreed that each proof of claim filed by PBGC in Case No. 09-10138 (KG) will be deemed to be filed separately in each of the Debtors' cases, for the reasons and on the terms and conditions set forth below:

### RECITALS

A.     The Debtors have filed voluntary petitions under Chapter 11. Pursuant to orders of the Court, the Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 09-10138 (KG).

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

B.      By Order dated August 4, 2009, the Court set the general bar date for filing claims at September 30, 2009.

C.      The PBGC is a United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461. By agreement dated September 8, 2009, the Nortel Network Retirement Income Plan was terminated effective July 17, 2009 and the PBGC was appointed statutory trustee of the Plan.

D.      The PBGC asserts that each of the Debtors was either a sponsor or a controlled group member of a sponsor of the Nortel Network Retirement Income Plan.

E.      The PBGC intends to assert four separate claims against each of the sixteen Debtors jointly and severally, for alleged liability to the pension plans and to the PBGC under 26 U.S.C. § 412, 29 U.S.C. §§ 1082(c)(11), 1307(e)(12), 1362(a), (b) and (c). Requiring that the PBGC file 64 separate proofs of claim would constitute a significant and unnecessary administrative burden on the Debtors, the PBGC, the Court and the Debtors' claims agent.

IT IS HEREBY STIPULATED AS FOLLOWS:

1.      Notwithstanding any provision of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local bankruptcy rules, or any Order of the Court, each proof of claim filed by the PBGC (whether on its own behalf or on behalf of the Pension Plans) in Chapter 11 Case No. 09-10138 (KG) shall, at the time of its filing, be deemed filed not only in that case, but also in each of the other Debtors' Chapter 11 cases; provided that, with respect to each proof of claim filed, the PBGC must specifically identify each of the Debtors against which such proof of claim is being filed and the specific claim asserted against each such Debtor.

2

2.     This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights, or waive any objections or defenses of the Debtors, the PBGC or any other party in interest.

3.     The provisions of paragraphs 1 and 2 of this Stipulation and Order shall apply to any amendment that PBGC may make with respect to any proof of claim filed by the PBGC.

Dated: September 24, 2009
         Wilmington, Delaware

ISRAEL GOLDOWITZ

/s/ Vicente Matias Murrell
CHARLES FINKE
Deputy Chief Counsel
STEPHEN D. SCHREIBER
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: (202) 326-4020, ext. 3580
Facsimile: (202) 326-4112

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Ann C. Cordo
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors and Debtors in Possession*

3



**PBGC** Pension Benefit Guaranty Corporation

Protecting America's Pensions    1200 K Street, N.W., Washington, D.C. 20005-4026

July 3, 2014

**BY FEDERAL EXPRESS**

Nortel Networks Inc. Claims Processing
Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

### Re: Nortel Networks, Inc., (Bankr. D. Del. No. 09-10138 (KG))

To Whomever it May Concern:

Please find enclosed four (4) amended proofs of claim ("POC") to be filed against the above lead case number. By court order and stipulation, they are deemed filed in each of the cases jointly administered with the lead case number indicated above and as listed on each POC. For your reference, I have attached the stipulation, court order and a listing of PBGC's currently filed claims on the claims register.

Along with the originals, please find enclosed copies of each amended POC. Please date stamp each amended POC copy and enclose the same in the enclosed, self-addressed, stamped envelope.

Please feel free to contact me if you have any questions. Thank you for your time and attention to this matter.

Sincerely,

Vicente Matias Murrell
Attorney
Office of the Chief Counsel
(202) 326-4020, ext. 3580

Enclosures

| Claim # | Schedule # | Creditor Name | Filed Date | Total Claim Value | |
|---------|------------|---------------|------------|-------------------|--|
| | 100815280 | PENSION BENEFIT GUARANTY CORP | | $0.00 | No Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4736 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $0.00 | Image |
| 4737 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $0.00 | Image |
| 4738 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $0.00 | Image |

Page 1 of 1 (20 items)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------X
                                                        :
                                                        :   Chapter 11
*In re*                                                 :
                                                        :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*, [1]                     :
                                                        :   Jointly Administered
                                Debtors.                :
                                                        :   **RE: D.I. 1639**
                                                        :
-------------------------------------------------------X

**ORDER APPROVING STIPULATION**
**WITH THE PENSION BENEFIT GUARANTY CORPORATION**

Upon the motion dated October 8, 2009 (the "Motion"),[2] of Nortel Networks Inc.

("NNI") and its affiliated Debtors, as Debtors and Debtors in possession in the above-captioned

jointly administered cases (the "Debtors"), for entry of an Order, as more fully described in the

Motion, approving a Stipulation (the "PBGC Stipulation") between NNI and the Pension Benefit

Guaranty Corporation (the "PBGC"), in the form attached as Exhibit B to the Motion, pursuant

to Section 105(a) of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9019

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and adequate notice of

the Motion having been given as set forth therein; and it appearing that no other or further notice

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. f/k/a Alteon WebSystems, Inc. (9769), Nortel Altsystems International, Inc. f/k/a Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having further determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, and their creditors; and upon the record in these proceedings, including a hearing on the Motion held on October 13, 2009; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED in all respects.

2.      The Court approves the PBGC Stipulation, as it finds the PBGC Stipulation to be in the best interests of NNI, its estate, and its creditors.

3.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

4.      The requirements set forth in Rule 6003(b) of the Bankruptcy Rules are satisfied by the contents of the Motion or otherwise deemed waived.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October **13**, 2009
       Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3170914.1

2

**Exhibit 1 – Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------X
                                          :
In re                                     :    Chapter 11
                                          :
Nortel Networks Inc., et al.,[1]          :    Case No. 09-10138 (KG)
                                          :
                Debtors.                  :    Jointly Administered
                                          :
                                          :
                                          :
-------------------------------------------------------X
```

### STIPULATION REGARDING FILING OF CLAIMS BY PENSION BENEFIT GUARANTY CORPORATION

Nortel Networks, Inc. ("Nortel") and the above-referenced debtors and debtors in possession jointly administered under Case No. 09-10138 (KG) (collectively, the "Debtors") and the Pension Benefit Guaranty Corporation ("PBGC") have agreed that each proof of claim filed by PBGC in Case No. 09-10138 (KG) will be deemed to be filed separately in each of the Debtors' cases, for the reasons and on the terms and conditions set forth below:

### RECITALS

A.      The Debtors have filed voluntary petitions under Chapter 11. Pursuant to orders of the Court, the Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 09-10138 (KG).

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:   Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

B.     By Order dated August 4, 2009, the Court set the general bar date for filing claims at September 30, 2009.

C.     The PBGC is a United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461.  By agreement dated September 8, 2009, the Nortel Network Retirement Income Plan was terminated effective July 17, 2009 and the PBGC was appointed statutory trustee of the Plan.

D.     The PBGC asserts that each of the Debtors was either a sponsor or a controlled group member of a sponsor of the Nortel Network Retirement Income Plan.

E.     The PBGC intends to assert four separate claims against each of the sixteen Debtors jointly and severally, for alleged liability to the pension plans and to the PBGC under 26 U.S.C. § 412, 29 U.S.C. §§ 1082(c)(11), 1307(e)(12), 1362(a), (b) and (c).  Requiring that the PBGC file 64 separate proofs of claim would constitute a significant and unnecessary administrative burden on the Debtors, the PBGC, the Court and the Debtors' claims agent.

IT IS HEREBY STIPULATED AS FOLLOWS:

1.     Notwithstanding any provision of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local bankruptcy rules, or any Order of the Court, each proof of claim filed by the PBGC (whether on its own behalf or on behalf of the Pension Plans) in Chapter 11 Case No. 09-10138 (KG) shall, at the time of its filing, be deemed filed not only in that case, but also in each of the other Debtors' Chapter 11 cases; provided that, with respect to each proof of claim filed, the PBGC must specifically identify each of the Debtors against which such proof of claim is being filed and the specific claim asserted against each such Debtor.

2

2.      This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights, or waive any objections or defenses of the Debtors, the PBGC or any other party in interest.

3.      The provisions of paragraphs 1 and 2 of this Stipulation and Order shall apply to any amendment that PBGC may make with respect to any proof of claim filed by the PBGC.

Dated:  September 24, 2009
        Wilmington, Delaware

ISRAEL GOLDOWITZ

*/s/ Vicente Matias Murrell*
CHARLES FINKE
Deputy Chief Counsel
STEPHEN D. SCHREIBER
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C.  20005-4026
Telephone:  (202) 326-4020, ext. 3580
Facsimile:  (202) 326-4112

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors and Debtors in Possession*

3



Extremely Urgent

**FedEx** Express  Package US Airbill    8026 9183 6899

**№ 0215**    Recipient's Copy

**1 From**

Date

Sender's Name    OFFICE OF THE CHIEF COU    Phone 202 326-4000

Company PENSION BENEFIT QUARANTY CORP

Address 1200 K ST NW STE 240

City WASHINGTON

**2 Your Internal Billing Reference**

FILED/RECEIVED
JUL 07 2014
EPIC SYSTEMS

**3 To**

Recipient's Name    Nortel Networks Inc. Claims
Processing Center

Company c/o Epiq Bankruptcy Solutions LLC

Address 757 Third Avenue    3rd Floor

City New York    State NY    ZIP 10017

0105083609

**4 Express Package Service**

FedEx First Overnight
FedEx Priority Overnight
FedEx Standard Overnight
FedEx 2Day A.M.
FedEx 2Day
FedEx Express Saver

**5 Packaging**

FedEx Envelope    FedEx Pak    FedEx Box    FedEx Tube    Other

**6 Special Handling and Delivery Signature Options**

SATURDAY Delivery

No Signature Required    Direct Signature    Indirect Signature

Does this shipment contain dangerous goods?

No    Yes    Yes    Dry Ice    Cargo Aircraft Only

**7 Payment Bill to:**

Sender    Recipient    Third Party    Credit Card    Cash/Check

Total Packages    Total Weight

611

fedex.com 1800/GoFedEx 1800.463.3339