**<u>EXHIBIT 13</u>**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Nortel Networks Inc. | Case Number: |
|---|---|

This claim is also deemed filed against:
Nortel Networks Capital Corporation
Nortel Altsystems Inc
Nortel Altsystems International Inc
Xros, Inc.
Sonoma Systems
Qtera Corporation
CoreTek, Inc

Nortel Networks Applications Management Solutions Inc.
Nortel Networks Optical Components Inc.
Nortel Networks HPOCS Inc
Architel Systems (U.S.) Corporation
Nortel Networks International, Inc.
Northern Telecom International Inc.
Nortel Networks Cable Solutions Inc.
Nortel Networks (CALA), Inc.

**09-10138 (KG)**

and the other jointly administered cases on the attached list

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (The person or other entity to whom the debtor owes money or property): | ☑ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|

**Pension Benefit Guaranty Corporation**

Name and address where notices should be sent:
**Attn: Vicente Matias Murrell, Attorney**
**Office of the Chief Counsel**
**1200 K Street, N.W., Suite 340**
**Washington, D.C. 20005-4026**
Telephone number:  **202-326-4020, ext. 3580**

FILED / RECEIVED

JUL – 7 2014

Epiq Bankruptcy Solutions, LLC

**Court Claim Number:** 4737
*(If known)*

Filed on: September 29, 2009

Name and address where payment should be sent (if different from above):



Telephone number:

Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $83,392,500

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Statutory Liability under 29 U.S.C. § 1307 on account of the Nortel Networks Retirement Income Plan. See attached statement. (See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** N/A

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**

**Value of Property:$**_____   **Annual Interest Rate**___%

Amount of arrearage and other charges as of time case filed included in secured claim,

**if any: $**_____   **Basis for perfection:** _____

**Amount of Secured Claim: $**_____   **Amount Unsecured: $**_____

**6. Credits:** The amount of all pay ... aking this proof of claim.

**7. Documents:** Attach redacted ... missory notes, purchase orders,
invoices, itemized statements or r ... urity agreements. You may also
attach a summary. Attach redacte ... a security interest. You may
also attach a summary. *(See instr...*

Filed: USBC - District of Delaware
Nortel Networks Inc., Et Al.
09-10138 (KG)          0000008762

DO NOT SEND ORIGINAL DOC... ...TROYED AFTER
SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(2). See attached statement.

**Amount entitled to priority:**

**$   0**

*\*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|
| July 3, 2014 | *Garth D. Wilson*<br>Garth D. Wilson, Assistant Chief Counsel | |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                                    )          Chapter 11
                                                          )
NORTEL NETWORKS, INC., *et al.*                           )          Case No. 09-10138 (KG)
                                                          )          (Jointly Administered)
                    Debtors.                              )
                                                          )
_____)

## STATEMENT OF THE PENSION BENEFIT GUARANTY CORPORATION
## IN SUPPORT OF ITS AMENDED CLAIM FOR PENSION INSURANCE PREMIUMS

The Pension Benefit Guaranty Corporation ("PBGC") hereby submits this Statement in

Support of its amended claim against Nortel Networks, Inc. (the "Debtor") for pension insurance

premiums with respect to the Nortel Networks Retirement Income Plan (the "Pension Plan"),

stating[1]:

1.     PBGC is a wholly-owned United States government corporation, and an agency of

the United States, that administers the defined benefit pension plan termination insurance program

under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§§ 1301-1461 (2012).  PBGC guarantees the payment of certain pension benefits upon the

termination of a single-employer pension plan covered by Title IV of ERISA.  When an

underfunded plan terminates, PBGC generally becomes trustee of the plan and, subject to certain

statutory limitations, pays the plan's unfunded benefits with its insurance funds.  *See* 29 U.S.C.

§§ 1321-1322, 1342, 1361.

---

[1]  Pursuant to the Order, dated October 13, 2009, approving a stipulation between the debtors and PBGC dated September 24, 2009, copies of which are attached to the proof of claim, this amended claim is deemed filed against each of the debtors in this jointly administered proceeding that are specified on the list attached to the proof of claim.

1

2.      The Pension Plan is a single-employer defined benefit pension plan covered by

Title IV of ERISA. *See* 29 U.S.C. § 1321.

3.      The Debtor was a contributing sponsor of the Pension Plan, 29 U.S.C.

§ 1301(a)(13), or a member of a contributing sponsor's controlled group, 29 U.S.C. § 1301(a)(14).

4.      On January 14, 2009, the Debtor filed a petition for relief under Chapter 11 of the

Bankruptcy Code.

5.      The Debtor's proceeding has been administratively consolidated with the

proceedings of 15 of its subsidiaries. Each of the other debtors are jointly and severally liable for

the debt described herein.[2]

6.      The contributing sponsor of the Pension Plan or the Pension Plan's Plan

Administrator is the designated payor of PBGC insurance premiums. 29 U.S.C. § 1307(a), (e).

7.      Each member of the contributing sponsor's controlled group is jointly and severally

liable to PBGC for termination insurance premiums, and any interest and penalties thereon

(collectively, "Termination Premiums") with respect to the Pension Plan. 29 U.S.C. § 1307(e)(2).

8.      Since the Pension Plan terminated effective July 17, 2009, under 29 U.S.C. § 1342,

Termination Premiums at the rate of $1,250 per plan participant per year for three years are due

upon plan termination. *See* 29 U.S.C. § 1306(a)(7)(A), *as amended* by § 8101(b) the Deficit

Reduction Act of 2005 (Pub. L. 109-171) and by §§ 401(b) and 402(g)(2)(B) of the Pension

Protection Act of 2006 (Pub. L. 109-280).

9.      This is an estimated general unsecured claim for Termination Premiums that the

---

[2]   Each of the debtors is either a contributing sponsor of the Pension Plan or a member of a contributing
sponsor's controlled group and, therefore, jointly and severally liable for the statutory debt described in this proof of

2

Debtor owes to PBGC, in the amount of $83,392,500, since the Pension Plan terminated under 29 U.S.C. § 1342.

10.    Documents supporting this claim include the Pension Plan document with applicable amendments; relevant collateral agreements, if any; United States Internal Revenue Service Form 5500s; PBGC Annual Premium Payment forms; and annual actuarial valuation reports for the Pension Plan. On information and belief, the Debtor or a member of its controlled group has in its possession and control copies or originals of these documents.

11.    PBGC's investigation of this matter is continuing. The agency reserves the right to amend, modify, and supplement this proof of claim and/or to file additional proofs of claim. This claim may be subject to a right of setoff by PBGC as an agency of the United States government, and the right of the United States to withhold subject to offset amounts due from other federal entities. The filing of this proof of claim is not intended to be and shall not be construed as (1) an

claim and statement in support of claim.

election of remedy or (2) a waiver or limitation of any rights of PBGC, the Pension Plan or any of

its beneficiaries or participants.

Dated: July 3, 2014
Washington D.C.

ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
GARTH D. WILSON
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: (202) 326-4020, ext. 3580
Facsimile: (202) 326-4112

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X
                        :

                        :         Chapter 11

*In re*                    :         Case No. 09-10138 (KG)

Nortel Networks Inc., *et al.*, [1]   :

                        :         Jointly Administered

         Debtors.         :

                        :         **RE: D.I. 1639**

                        :
-----------------------------------------------------------X

**ORDER APPROVING STIPULATION
WITH THE PENSION BENEFIT GUARANTY CORPORATION**

Upon the motion dated October 8, 2009 (the "Motion"),[2] of Nortel Networks Inc.

("NNI") and its affiliated Debtors, as Debtors and Debtors in possession in the above-captioned

jointly administered cases (the "Debtors"), for entry of an Order, as more fully described in the

Motion, approving a Stipulation (the "PBGC Stipulation") between NNI and the Pension Benefit

Guaranty Corporation (the "PBGC"), in the form attached as Exhibit B to the Motion, pursuant

to Section 105(a) of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9019

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and adequate notice of

the Motion having been given as set forth therein; and it appearing that no other or further notice

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. f/k/a Alteon WebSystems, Inc. (9769), Nortel Altsystems International, Inc. f/k/a Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having further determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, and their creditors; and upon the record in these proceedings, including a hearing on the Motion held on October 13, 2009; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED in all respects.

2.      The Court approves the PBGC Stipulation, as it finds the PBGC Stipulation to be in the best interests of NNI, its estate, and its creditors.

3.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

4.      The requirements set forth in Rule 6003(b) of the Bankruptcy Rules are satisfied by the contents of the Motion or otherwise deemed waived.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October **13** , 2009
        Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3170914.1

2

**Exhibit 1 – Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------X

*In re*                                            :    Chapter 11
                                                   :
Nortel Networks Inc., *et al.*,[1]                 :    Case No. 09-10138 (KG)
                                                   :
                              Debtors.             :    Jointly Administered
                                                   :
                                                   :
-------------------------------------------------------------X

## STIPULATION REGARDING FILING OF CLAIMS BY PENSION BENEFIT GUARANTY CORPORATION

Nortel Networks, Inc. ("Nortel") and the above-referenced debtors and debtors in possession jointly administered under Case No. 09-10138 (KG) (collectively, the "Debtors") and the Pension Benefit Guaranty Corporation ("PBGC") have agreed that each proof of claim filed by PBGC in Case No. 09-10138 (KG) will be deemed to be filed separately in each of the Debtors' cases, for the reasons and on the terms and conditions set forth below:

### RECITALS

A.    The Debtors have filed voluntary petitions under Chapter 11. Pursuant to orders of the Court, the Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 09-10138 (KG).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:   Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

B.      By Order dated August 4, 2009, the Court set the general bar date for filing claims at September 30, 2009.

C.      The PBGC is a United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461.  By agreement dated September 8, 2009, the Nortel Network Retirement Income Plan was terminated effective July 17, 2009 and the PBGC was appointed statutory trustee of the Plan.

D.      The PBGC asserts that each of the Debtors was either a sponsor or a controlled group member of a sponsor of the Nortel Network Retirement Income Plan.

E.      The PBGC intends to assert four separate claims against each of the sixteen Debtors jointly and severally, for alleged liability to the pension plans and to the PBGC under 26 U.S.C. § 412, 29 U.S.C. §§ 1082(c)(11), 1307(e)(12), 1362(a), (b) and (c).  Requiring that the PBGC file 64 separate proofs of claim would constitute a significant and unnecessary administrative burden on the Debtors, the PBGC, the Court and the Debtors' claims agent.

IT IS HEREBY STIPULATED AS FOLLOWS:

1.      Notwithstanding any provision of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local bankruptcy rules, or any Order of the Court, each proof of claim filed by the PBGC (whether on its own behalf or on behalf of the Pension Plans) in Chapter 11 Case No. 09-10138 (KG) shall, at the time of its filing, be deemed filed not only in that case, but also in each of the other Debtors' Chapter 11 cases; provided that, with respect to each proof of claim filed, the PBGC must specifically identify each of the Debtors against which such proof of claim is being filed and the specific claim asserted against each such Debtor.

2

2.      This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights, or waive any objections or defenses of the Debtors, the PBGC or any other party in interest.

3.      The provisions of paragraphs 1 and 2 of this Stipulation and Order shall apply to any amendment that PBGC may make with respect to any proof of claim filed by the PBGC.

Dated:  September 24, 2009
        Wilmington, Delaware

ISRAEL GOLDOWITZ

*/s/ Vicente Matias Murrell*
CHARLES FINKE
Deputy Chief Counsel
STEPHEN D. SCHREIBER
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone:  (202) 326-4020, ext. 3580
Facsimile:  (202) 326-4112·

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Ann C. Cordo*
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors and Debtors in Possession*

3



**PBGC** Pension Benefit Guaranty Corporation
Protecting America's Pensions 1200 K Street, N.W., Washington, D.C. 20005-4026

July 3, 2014

**BY FEDERAL EXPRESS**

Nortel Networks Inc. Claims Processing
Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

### Re: Nortel Networks, Inc., (Bankr. D. Del. No. 09-10138 (KG))

To Whomever it May Concern:

Please find enclosed four (4) amended proofs of claim ("POC") to be filed against the above lead case number. By court order and stipulation, they are deemed filed in each of the cases jointly administered with the lead case number indicated above and as listed on each POC. For your reference, I have attached the stipulation, court order and a listing of PBGC's currently filed claims on the claims register.

Along with the originals, please find enclosed copies of each amended POC. Please date stamp each amended POC copy and enclose the same in the enclosed, self-addressed, stamped envelope.

Please feel free to contact me if you have any questions. Thank you for your time and attention to this matter.

Sincerely,

Vicente Matias Murrell
Attorney
Office of the Chief Counsel
(202) 326-4020, ext. 3580

Enclosures

| Claim # | Schedule # | Creditor Name | Filed Date | Total Claim Value | |
|---------|-----------|---------------|-----------|-------------------|---|
| | 100815280 | PENSION BENEFIT GUARANTY CORP | | $0.00 | No Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4735 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $593,100,000.00 | Image |
| 4736 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $0.00 | Image |
| 4737 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $0.00 | Image |
| 4738 | | PENSION BENEFIT GUARANTY CORPORATION | 09/29/2009 | $0.00 | Image |

Page 1 of 1 (20 items)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                                        :
                                                        :     Chapter 11
                                                        :
*In re*                                                 :     Case No. 09-10138 (KG)
                                                        :
Nortel Networks Inc., *et al.*, [1]                     :     Jointly Administered
                                                        :
                        Debtors.                        :
                                                        :     **RE: D.I. 1639**
                                                        :
                                                        :
---------------------------------------------------------X

## ORDER APPROVING STIPULATION
## WITH THE PENSION BENEFIT GUARANTY CORPORATION

Upon the motion dated October 8, 2009 (the "Motion"),[2] of Nortel Networks Inc.

("NNI") and its affiliated Debtors, as Debtors and Debtors in possession in the above-captioned

jointly administered cases (the "Debtors"), for entry of an Order, as more fully described in the

Motion, approving a Stipulation (the "PBGC Stipulation") between NNI and the Pension Benefit

Guaranty Corporation (the "PBGC"), in the form attached as Exhibit B to the Motion, pursuant

to Section 105(a) of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9019

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and adequate notice of

the Motion having been given as set forth therein; and it appearing that no other or further notice

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. f/k/a Alteon WebSystems, Inc. (9769), Nortel Altsystems International, Inc. f/k/a Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having further determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, and their creditors; and upon the record in these proceedings, including a hearing on the Motion held on October 13, 2009; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED in all respects.

2.      The Court approves the PBGC Stipulation, as it finds the PBGC Stipulation to be in the best interests of NNI, its estate, and its creditors.

3.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

4.      The requirements set forth in Rule 6003(b) of the Bankruptcy Rules are satisfied by the contents of the Motion or otherwise deemed waived.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October **13** , 2009
        Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3170914.1

2

**Exhibit 1 – Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

------------------------------------------------------------X

## STIPULATION REGARDING FILING OF CLAIMS BY PENSION BENEFIT GUARANTY CORPORATION

Nortel Networks, Inc. ("Nortel") and the above-referenced debtors and debtors in possession jointly administered under Case No. 09-10138 (KG) (collectively, the "Debtors") and the Pension Benefit Guaranty Corporation ("PBGC") have agreed that each proof of claim filed by PBGC in Case No. 09-10138 (KG) will be deemed to be filed separately in each of the Debtors' cases, for the reasons and on the terms and conditions set forth below:

### RECITALS

A.      The Debtors have filed voluntary petitions under Chapter 11.  Pursuant to orders of the Court, the Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 09-10138 (KG).

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:   Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

B.      By Order dated August 4, 2009, the Court set the general bar date for filing claims at September 30, 2009.

C.      The PBGC is a United States government corporation that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461. By agreement dated September 8, 2009, the Nortel Network Retirement Income Plan was terminated effective July 17, 2009 and the PBGC was appointed statutory trustee of the Plan.

D.      The PBGC asserts that each of the Debtors was either a sponsor or a controlled group member of a sponsor of the Nortel Network Retirement Income Plan.

E.      The PBGC intends to assert four separate claims against each of the sixteen Debtors jointly and severally, for alleged liability to the pension plans and to the PBGC under 26 U.S.C. § 412, 29 U.S.C. §§ 1082(c)(11), 1307(e)(12), 1362(a), (b) and (c). Requiring that the PBGC file 64 separate proofs of claim would constitute a significant and unnecessary administrative burden on the Debtors, the PBGC, the Court and the Debtors' claims agent.

IT IS HEREBY STIPULATED AS FOLLOWS:

1.      Notwithstanding any provision of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local bankruptcy rules, or any Order of the Court, each proof of claim filed by the PBGC (whether on its own behalf or on behalf of the Pension Plans) in Chapter 11 Case No. 09-10138 (KG) shall, at the time of its filing, be deemed filed not only in that case, but also in each of the other Debtors' Chapter 11 cases; provided that, with respect to each proof of claim filed, the PBGC must specifically identify each of the Debtors against which such proof of claim is being filed and the specific claim asserted against each such Debtor.

2

2.      This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights, or waive any objections or defenses of the Debtors, the PBGC or any other party in interest.

3.      The provisions of paragraphs 1 and 2 of this Stipulation and Order shall apply to any amendment that PBGC may make with respect to any proof of claim filed by the PBGC.

Dated:  September 24, 2009
        Wilmington, Delaware

ISRAEL GOLDOWITZ

/s/ Vicente Matias Murrell
CHARLES FINKE
Deputy Chief Counsel
STEPHEN D. SCHREIBER
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C.  20005-4026
Telephone:  (202) 326-4020, ext. 3580
Facsimile:  (202) 326-4112

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (No. 5125)
Lisa M. Schweitzer (No. 1033)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Ann C. Cordo
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Ann C. Cordo (No. 4817)
Andrew R. Remming (No. 5120)
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989

*Counsel for the Debtors and Debtors in Possession*

3



**Extremely Urgent**

FedEx Express Package US Airbill

Tracking number 8026 9183 6899

7s 0215    Recipient's Copy

1 From
Date

Sender's Name  OFFICE OF THE CHIEF COU  Phone 202 326-4000

Company  PENSION BENEFIT GUARANTY CORP

Address  1200 K ST NW STE 340

City  WASHINGTON

2 Your Internal Billing Reference

FILED/RECEIVED
JUL 07 2014
EPIC SYSTEMS

3 To
Recipient's Name  Nortel Networks Inc. Claims
Processing Center

Company  c/o Epic Bankruptcy Solutions LLC

Address  757 Third Avenue    3rd Floor

City  New York    State  NY    ZIP  10017

0105023609

8026 9183 6899

4 Express Package Service

5 Packaging

6 Special Handling and Delivery Signature Options

7 Payment  Bill to

611