**EXHIBIT A**

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------
)
*In re*                                                               )   Chapter 11
)
)   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                          )
)   Jointly Administered
         Debtors.                                         )
)   **RE: D.I.** _____
)
---------------------------------------------------------

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE VOTING RECORD DATE AND PROCEDURES FOR SOLICITING, RECEIVING AND TABULATING VOTES ON THE PLAN AND (III) SETTING THE CONFIRMATION HEARING DATE AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES**

Upon the motion dated November 4, 2016 (the "Motion"),[2] of Nortel Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, (i) approving the adequacy of the information contained in the *Proposed Disclosure Statement for the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* (D.I. 17348) (the "Disclosure Statement")[3] for the *First Amended Joint Chapter 11 Plan of*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667).. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]   Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

[3]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Disclosure Statement and Plan.

*Nortel Networks Inc. and Certain of its Affiliated Debtors* (D.I. 17347) (as it has and may be further modified, the "Plan") and the form and manner of the notice of the hearing to consider the Disclosure Statement; (ii) establishing a voting record date; (iii) approving procedures for soliciting, receiving and tabulating votes on the Plan, including setting a deadline for filing motions to estimate claims for voting purposes, and approving the forms of ballots; (iv) setting the hearing date and objection deadline for confirmation of the Plan, and establishing the form and manner of notice of the confirmation hearing; and (v) granting such other and further relief as the Court deems just and proper[4]; and upon the record in these proceedings, including the arguments and statements made by counsel and the evidence admitted at the hearing to consider the approval of the Motion on December 1, 2016 (the "Hearing"); and after due deliberation and sufficient cause appearing therefor, it is[5]

FOUND AND DETERMINED THAT:

A. This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory bases for the relief requested herein are sections 105(a), 502, 1125, 1126, 1128, and 1129 of the Bankruptcy Code, as supplemented by Rules 2002, 3016, 3017, 3018 and 3020 of the Bankruptcy Rules and Rules 2002-1 and 3017-1 of the Local Rules.

C. The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. The entry of this Order is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

---

[4] For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII"). NNIII will file a separate Chapter 11 Plan in its case.

[5] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

D. The Disclosure Statement contains "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code with respect to the Plan.

E. The proposed notice of the Disclosure Statement Hearing, substantially in the form annexed as Exhibit B to the Debtors' *Motion for the Entry of an Order Shortening the Objection Deadline and Notice of the Hearing to Consider Approval of the Disclosure Statement* [D.I. 17349] (the "Disclosure Statement Notice") was calculated to provide adequate notice concerning the Disclosure Statement Hearing.

F. Pursuant to the Court's order granting the Debtors' *Motion for the Entry of an Order Shortening the Objection Deadline and Notice of the Hearing to Consider Approval of the Disclosure Statement* [D.I. _____], and as set forth more fully in the Motion, the notice of the Motion and the proposed entry of this Order are adequate and sufficient under the circumstances of these Chapter 11 Cases, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Accordingly, no further notice of the Motion or this Order is necessary or required.

G. The forms of Ballots, substantially in the forms annexed as Exhibits E-1 through G, are sufficiently consistent with Official Form No. 14, adequately address the particular needs of these cases, and are appropriate for the Classes entitled to vote on the Plan.

H. Ballots need not be provided to the holders of Claims in Classes 1 and 2, because they are unimpaired and, therefore, conclusively presumed to accept the Plan.

I. Ballots or further notice need not be provided to the holders of Claims in Classes 4, 5A, or 5B because they are conclusively presumed to reject the Plan.

J. The forms of notice to non-voting classes, substantially in the forms annexed as Exhibits C and D, are adequate and sufficient.

3

K.      The period, set forth below, during which the Debtors may solicit acceptances of the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision to either accept or reject the Plan.

L.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

M.      The procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to Beneficial Owners of the NNCC Bonds (as defined in the Plan) and the Crossover Bonds (as defined in the Plan) enable the Debtors to appropriately transmit materials to the Beneficial Owners and afford such Beneficial Owners a fair and reasonable opportunity to vote on the Plan.

N.      The procedures set forth below regarding notice to all parties in interest of the time, date and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and the filing of objections thereto, and the distribution and contents of the Solicitation Package (as defined below), including the Confirmation Hearing Notice, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is granted to the extent provided herein.

2.      Pursuant to section 1125(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3017(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Disclosure Statement is hereby approved as

containing "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code with respect to the Plan.

3. In accordance with Bankruptcy Rules 3017(d) and 3018(a), the record date for determining which holders of Claims against the Debtors' estates are eligible to vote on the Plan, and for determining the identity of each holder of Claims against and Interests in the Debtors that shall receive a copy of the Confirmation Hearing Notice shall be November 21, 2016 (the "Voting Record Date").

4. Holders of any Claims that purchase such Claims after the Voting Record Date or whose purchase of such Claims was recorded or registered after the Voting Record Date who wish to vote on the Plan must arrange with their respective seller(s) to receive a proxy from the record holder as of the Voting Record Date.

5. The Ballots and Master Ballots (as defined in the Motion), including the general voting instructions for the beneficial owners of the Crossover Bonds and NNCC Bonds, substantially in the forms attached to the Motion as Exhibits E-1 through G, be, and hereby are, approved.

6. The Debtors' obligations under Bankruptcy Rules 2002(b) and 3017 with respect to the solicitation of votes and the provision of adequate notice of the hearing on confirmation of the Plan will be adequate and sufficient if the following procedures (the "Solicitation Procedures") are utilized:

> (a) A notice of approval of the Disclosure Statement and of the date fixed by the Court as the Voting Deadline (as defined herein), and the date of the hearing regarding, and the time for filing objections to, the confirmation of the Debtors' Plan (the "Confirmation Hearing Notice"), substantially in the form annexed hereto as Exhibit B, is to be served by regular mail on or before the date that is five (5) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, upon: (i) all creditors of the Debtors identified on

5

the Debtors' schedules of assets and liabilities dated on or about April 20, 2009 [D.I. 801-807, 810], and any later amendment or supplement thereto (the "Schedules") or in a proof of claim filed in these chapter 11 cases; (ii) all persons known to hold Interests; (iii) the Office of the United States Trustee for the District of Delaware; (iv) the Bank of New York Mellon in its capacity as indenture trustee under the NNC Notes Indenture and NNL Notes Indenture, or any successor thereto, and Law Debenture Trust Company of New York, in its capacity as indenture trustee under the NNCC Bonds Indenture, or any successor thereto (together, the "Indenture Trustees"); (v) the Committee; (vi) the Bondholder Group; (vii) the Securities and Exchange Commission; (viii) the Internal Revenue Service; and (ix) all known parties to executory contracts that have not been assumed or rejected;

(b)     On or before the date that is five (5) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, to the extent that current versions of such documents have not already been distributed to such persons, the Disclosure Statement and the Plan (in either hard copy or in .pdf format) will be served by regular mail upon: (i) for each Debtor, the Holders of Claims in Classes 3A, 3B, and 3C that are entitled to vote pursuant to the Plan and the relevant provisions of the Bankruptcy Code and the Bankruptcy Rules (the "Voting Creditors"); (ii) the Office of the United States Trustee for the District of Delaware; (iii) the Indenture Trustees; (iv) the Committee; (v) the Bondholder Group; (vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service and (viii) any party in interest who requests in writing a copy of such documents;

(c)     On or before the date that is five (5) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, appropriate Ballots, and as applicable, Beneficial Owner Ballots or Master Ballots[6] (each as defined below), voting instructions and a pre-addressed return envelope will be sent to all Voting Creditors;

(d)     On or before the date that is five (5) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, a notice of nonvoting status (the "Notice of Non-Voting Status") is served, with the Confirmation Hearing Notice, by regular mail on all Holders of Claims and Interests in Classes 1, 2, 4, 5A and 5B of each Debtor. Holders of

---

[6] In accordance with customary practice, the Voting Agent shall distribute copies of Master Ballots to each Nominee after the initial distribution of Solicitation Packages. The forms of the Master Ballots are attached to this Motion as Exhibits E-2 for the NNCC Bonds Claims and E-4 for the Crossover Bonds Claims (together, the "Master Ballots").

6

Claims in Classes 1 and 2 of each Debtor will be sent a notice substantially in the form annexed hereto as <u>Exhibit C</u> and Holders of Claims and Interests in Classes 4, 5A and 5B of each Debtor will be sent a notice substantially in the form annexed hereto as <u>Exhibit D</u>;

(e)     The Debtors will post copies of the Disclosure Statement, the Plan, and the Confirmation Hearing Notice on the Debtors' case information website at http://dm.epiq11.com/nortel and indicate in the Confirmation Hearing Notice that such materials are available on such website; and

(f)     The Debtors will not be required to mail any Solicitation Packages to any individual or entity at an address from which the Disclosure Statement Hearing Notice was returned by the United States Postal Office as undeliverable unless the Debtors are also provided with a more accurate address by the United States Postal Office.

7.     The Debtors are not required to mail a copy of the Plan or the Disclosure Statement to Holders of Claims or Interests in Classes 1, 2, 4, 5A and 5B.

8.     Epiq Bankruptcy Solutions, LLC (the "<u>Voting Agent</u>")[7] shall transmit a reasonably sufficient number of Solicitation Packages, including beneficial ballots substantially in the forms of the Beneficial Ballots appended hereto in <u>Exhibit E-3</u> for the NNCC Bonds Claims and <u>E-5</u> for the Crossover Bonds Claims (together, the "<u>Beneficial Owner Ballots</u>"), to each bank, broker, dealer, or other intermediary, or their mailing agent (each, a "<u>Nominee</u>"), as appropriate, that is identified by the Voting Agent as a Nominee for Beneficial Owners of the Bonds as the Voting Record Date.

9.     The Nominees will be instructed to promptly distribute the Solicitation Packages which will include a Beneficial Owner Ballot, to each Beneficial Owner for voting and the votes will be obtained in a in a manner customary in the securities industry for obtaining votes of Bonds held in "street name" in one of the following two ways:

---

[7]     Epiq Bankruptcy Solutions, LLC was appointed as claims, noticing and balloting agent pursuant to the Court's order of January 15, 2009 [D.I. 38] and, consistent with that order, the Debtors propose to utilize the Voting Agent to provide the balloting and solicitation services outlined herein.

7

(a)     <u>Master Ballots</u>: A Nominee may obtain the votes of Beneficial Owners by forwarding to the Beneficial Owners the applicable unsigned Beneficial Owner Ballot, together with the Solicitation Package, a return envelope provided by, and addressed to the Nominee and any other materials. Each such Beneficial Owner may then indicate his/her or its vote on the Beneficial Owner Ballot, complete the information requested in the Beneficial Owner Ballot, review the certifications contained in the Beneficial Owner Ballot, execute the Beneficial Owner Ballot, and return the Beneficial Owner Ballot to the Nominee. After collecting the Ballots, the Nominee shall, in turn, complete the applicable Master Ballot provided to such Nominee by the Voting Agent, and compile the votes and other information from the Beneficial Owner Ballot, execute the Master Ballot, and deliver the Master Ballot to the Voting Agent so that it is received by the Voting Agent before the Voting Deadline. All Beneficial Owner Ballots returned by Beneficial Owners must be retained by Nominees for inspection for at least one year from the Voting Deadline.

(b)     <u>Pre-Validated Ballots</u>: A Nominee may pre-validate a Beneficial Owner Ballot, by: (i) signing the applicable Beneficial Owner Ballot and including the Nominee's DTC Participant number; (ii) indicating on the Beneficial Owner Ballot the account number of the Beneficial Owner, and amount of the securities held by the Nominee for such Beneficial Owner; and then (iii) forwarding such Beneficial Owner Ballot, the Solicitation Package, and a return envelope addressed to the Voting Agent, and any other materials to the Beneficial Owner for voting. The Beneficial Owner may then complete the information requested in the Ballot, review the certifications contained in the Ballot, and return the Ballot directly to the Voting Agent in the pre-addressed, postage paid envelope included with the Solicitation Package so that it is received by the Voting Agent before the Voting Deadline. A list of the Beneficial Owners to whom "pre-validated" Ballots were delivered should be maintained by the Nominee for inspection for at least one year from the Voting Deadline.

10.     Solely for the purpose of voting to accept or reject the Plan, and not for purposes of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan will be temporarily allowed in accordance with the following procedures (the "<u>Temporary Allowance Procedures</u>"):

(a)     If a Claim is deemed "Allowed" pursuant to an agreement with the Debtors or an order of the Court, such claim shall be allowed for voting purposes in the "Allowed" amount set forth in the Court's order;

8

(b)  Claims that are listed on the Debtors' Schedules as undisputed, non-contingent and liquidated, for which a proof of Claim has not been filed properly will be temporarily allowed, for voting purposes only, in an amount equal to that listed in the Debtors' Schedules;

(c)  If the Debtors have served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for the purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline; *provided* that Claims that amend previously filed Claims to which the Debtors have objected or requested estimation and for which such objection or estimation request remains pending or unresolved also shall be deemed to be subject to a pending objection or request for estimation for purposes of this provision;

(c)  Claims for which a proof of Claim has been timely filed in an amount that is undisputed, non-contingent and liquidated will be temporarily allowed, for voting purposes only, in the amount set forth on the relevant proof of Claim, unless such Claim is subject to an objection by the Debtors;

(c)  Claims that are listed on the Debtors' Schedules as disputed, contingent or unliquidated and for which no proof of claim has been timely filed shall not be entitled to vote to accept or reject the Plan unless temporarily allowed by the Court, after notice and a hearing, as described below;

(d)  Claims for which a proof of Claim has been timely filed for unknown or undetermined amounts, or that are wholly contingent, unliquidated or disputed (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtor or the Voting Agent), shall be temporarily allowed for one dollar ($1.00) for voting purposes only, and not for purpose of allowance or distribution;

(e)  Holders of Claims in Classes 3A, 3B, and 3C whose claims are subject to these Temporary Allowance Procedures, including those whose Claims have not been formally allowed by the Court and that (a) wish (i) to have their vote counted other than in accordance with the Temporary Allowance Procedures, (ii) to vote a Claim that is listed on the Debtors' Schedules as disputed, contingent or unliquidated or (iii) to have their Claims counted in accordance with a proof of claim filed before the applicable bar date (and not in accordance with the Debtors' Schedules as described in (a) above), and (b) fail to resolve such Claims by mutual consent with the Debtors, shall be required to file a motion with the Court, with evidence in support thereof, seeking temporary allowance of such

9

Claim pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") **on or before December 15, 2016 at 4:00 p.m. (Prevailing Eastern Time) (the "Rule 3018(a) Motion Deadline")**. A Rule 3018(a) Motion must be served on the Debtors so as to be received by the Rule 3018(a) Motion Deadline. With regard to any timely Rule 3018(a) Motion, the Debtors request that the Debtor be permitted to file a response **no later than December 30, 2016 at 4:00 p.m. (Prevailing Eastern Time)**. The Debtors further request that the Court set January 5, 2017, at a time that is convenient for the Court as the date and time for a hearing regarding timely filed Rule 3018(a) Motions, if any;

(f)   If a Holder of a Claim timely files a Rule 3018(a) Motion, the Debtors shall send to such Holder a Ballot for the appropriate Class, together with the appropriate Solicitation Package, to the address listed in the Rule 3018(a) motion with instructions to submit a completed Ballot so as to be received on or prior to the Voting Deadline, provided that the votes cast by such Ballots shall only be counted if the relevant Rule 3018(a) Motion has been granted; and

(g)   If a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution.

11.   The following procedures for the tabulation of votes for and against the Plan (the "Vote Tabulation Procedures") are hereby approved:

(a)   All votes to accept or reject the Plan must be cast by completing the appropriate Ballot or Master Ballot. Votes that are cast in any other manner will not be counted.

(b)   Except as provided for in the Order granting this Motion, for purposes of tabulating votes, the amount of a Claim shall be calculated on the basis of the amount of the Allowed Claim on the Record Date.

(c)   Delivery of a Ballot or Master to the Voting Agent by facsimile, email, or any other electronic means will not be valid; only original executed Ballots or Master Ballots will be counted;

(d)   Ballots should not be sent to any of the Debtors, the Debtors' agents (other than the Voting Agent), any administrative agent or indenture trustee (unless specifically instructed to do so), or the Debtors' financial or legal advisors, and, unless received by the Voting Agent, if so sent will not be counted;

(e) All Ballots and Master Ballots must be properly completed, executed and ACTUALLY RECEIVED by the Voting Agent on or before 4:00 p.m. (Prevailing Eastern Time) on January 9, 2017 (the "Voting Deadline");

(f) Pursuant to section 1126(e) of the Bankruptcy Code, a vote may be disregarded if the Court determines, after notice and a hearing, that it was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

(g) A Holder of Claims in more than one Class must use separate Ballots for each Class of Claims;

(h) Votes cast by Holders of Claims in each Class under the Plan will be tabulated separately by Class;

(i) Except to the extent determined by the Debtors in their reasonable discretion or as otherwise permitted by the Court, the Debtors will not accept or count any Ballots or Master Ballots received after the Voting Deadline;

(j) Whenever a voter submits more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly completed Ballot received shall be deemed to reflect the voter's intent and thus supersede any prior Ballots;

(k) If a Ballot is signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity, each such person should indicate such capacity when signing its Ballot and, if so requested by the Debtor or the Voting Agent, must submit proper evidence satisfactory to the Debtor of its authority to so act;

(l) The Debtors and/or their agents shall have discretion to determine if a Ballot properly complies with these Vote Tabulation Procedures and the voting instructions accompanying the Ballots and Master Ballots;

(m) Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot or Master Ballot so that it is actually received on or before such deadline.

(n) A creditor may not split their vote(s), they must vote all of their Claims to either to accept the Plan or to reject the Plan, or their votes will not be counted;

(o) If no votes to accept or reject the Plan are received with respect to a particular Class, such Class is deemed to have voted to accept the Plan.

(p) Proofs of Claim filed for $0.00 are not entitled to vote; and

(q) If a proof of claim has been amended by a later filed proof of claim, only the later filed amending Claim will be entitled to vote, regardless of whether the Debtors have objected to such earlier filed Claim.

(r) Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims (whether against the same or multiple Debtors) shall be provided with only one Solicitation Package and one ballot and be permitted to vote only a single Claim, regardless of whether the Debtors have objected to such duplicate Claims.

(s) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code and based on a reasonable review by the Solicitation Agent, separate Claims held by a single creditor in a particular class shall be aggregated as if such creditor held one Claim against the Debtors in such class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

12. The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected, unless otherwise agreed to by the Debtors: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (ii) any Ballot cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Plan; (iii) any unsigned Ballot; (iv) any Ballot without an original signature; (v) any Ballot (other than a Master Ballot) marked both to accept and reject the Plan, or not marked to either accept or to reject the Plan; and (vi) any Ballot transmitted to the Voting Agent by facsimile, electronic mail, or other means not specifically approved by this Court. None of the Debtors, the Voting Agent or any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

13. With respect to the tabulation of Master Ballots and Ballots cast by Nominees and Beneficial Owners, the following additional rules shall apply:

    (a) For purposes of tabulating votes, each Beneficial Owner will be deemed to have voted the principal amount relating to such security;

    (b) Votes cast by Beneficial Owners through a Nominee will be applied against the positions held by such entities as of the Voting Record Date, as evidenced by the record and depository listings;

    (c) Votes submitted by a Nominee pursuant to a Master Ballot shall not be counted in excess of the amount held by such Nominee as of the Voting Record Date; *provided*, *however*, that any principal amounts may be adjusted by the Voting Agent to reflect the amount of the Claim actually voted, including any prepetition interest;

    (d) To the extent that conflicting votes or "overvotes" are submitted by a Nominee pursuant to a Master Ballot, Epiq will attempt to reconcile discrepancies with the Nominees; and

    (e) To the extent that overvotes on a Master Ballot are not reconciled prior to the preparation of the voting report, Epiq will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Nominee's Voting Record Date position in the Bond.

14. The date for a hearing on the Confirmation of the Plan shall be January 24, 2017 at a time convenient for the Court (the "Confirmation Hearing").

15. The last date and time for the filing of objections to the confirmation of the Plan, including the assumption and/or assignment of certain executory contracts and unexpired leases under the Plan, the establishment of cure amounts related to any contracts or leases to be assumed under the Plan as identified on Exhibit C to the Plan, or any other matter scheduled to be heard at the Confirmation Hearing is [January 9], 2017 at [• a.m./p.m.] (Prevailing Eastern Time).

16. The form of the Confirmation Hearing Notice substantially in the form attached to the Motion as Exhibit B be, and hereby is, approved.

17.     The Debtors shall distribute the Confirmation Hearing Notice to all creditors and interest holders as part of the Solicitation Package, setting forth (i) the date of approval of the Disclosure Statement, (ii) the Record Date, (iii) the Voting Deadline, (iv) the Confirmation Objection Deadline, and (v) the time, date and place for the Confirmation Hearing.

18.     In addition to mailing the Confirmation Hearing Notice, the Debtors shall publish the Confirmation Hearing Notice, not less than twenty-eight (28) days prior to the Confirmation Hearing, once in each of the Wall Street Journal (National Edition) and *The Globe and Mail*, and electronically at http://dm.epiq11.com/nortel.

19.     Responses or objections, if any, to confirmation of the Plan: (a) shall be in writing; (b) shall state the name and address of the objector and its interest in the Debtors' cases; (c) shall state, if appropriate, the amount and nature of the objector's Claim or Interest; (d) shall state the grounds for the responses or objections and the legal basis therefore; (e) shall reference with specificity the text of the Plan to which the responses or objections are made, and shall provide proposed language changes or insertions to the Plan to resolve the responses or objections; and (f) shall be filed, together with proof of service, with the Clerk of the United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with one copy to chambers, such that the responses or objections are actually received no later than the Confirmation Objection Deadline by (i) counsel to the Debtors, (ii) counsel to the Committee, (iii) counsel to the Bondholder Group, and (iv) the U.S. Trustee., at the following addresses:

<u>Counsel for the Debtors</u>

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-3999 (facsimile)
Attention:  James L. Bromley, Esq.
               Lisa M. Schweitzer, Esq.

Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, Delaware 19899
(302) 658-3989 (facsimile)
Attention:  Derek C. Abbott, Esq.
               Andrew R. Remming, Esq.

<u>Counsel for the Creditors' Committee</u>

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
(212) 872-1002 (facsimile)
Attention:  Fred S. Hodara, Esq.
               David H. Botter, Esq.
               Brad M. Kahn, Esq.

Whiteford, Taylor and Preston LLP
The Renaissance Centre, Suite 500
405 North King Street
Wilmington, Delaware 19801
(302) 357-3288 (facsimile)
Attention:  Christopher M. Samis, Esq.

<u>Counsel for the Bondholder Group</u>

Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, New York 10005
(212) 530-5219 (facsimile)
Attention:  Albert A. Pisa, Esq.

<u>The United States Trustee</u>

Office of The United States Trustee
J. Caleb Boggs Federal Building
Room 2207, 844 N. King Street
Wilmington, DE 19801
Attention: Mark S. Kenney, Esq.

20.     If a response or objection is not timely filed and served before the Confirmation Objection Deadline, the responding or objecting party shall be barred from objecting to confirmation of the Plan and be precluded from being heard at the Confirmation Hearing.

21.     Nothing herein shall prevent the Debtors from objecting to a proof of claim for voting purposes at any time at or prior to the Confirmation Hearing.

22. Nothing herein shall prevent the Debtors from objecting to a proof of claim for allowance or distribution purposes.

23. The Debtors are authorized to make any revisions or modifications, if any, to the Disclosure Statement, the Confirmation Hearing Notice, the Ballots and the Mater Ballots, and are authorized to make any amendments to the Plan in accordance with the Plan, including without limitation proposing new Classes of Claims or Interests or merging or redefining classes of Claims or Interests in consultation with their various creditor constituencies.

24. The Debtors are authorized and empowered to take such steps, incur and pay such costs and expenses, including such costs and expenses incurred by the Voting Agent, to execute such documents and do such things as may be reasonably necessary to fulfill the notice requirements established by this Order.

25. The Voting Agent is authorized and directed to take any action reasonably necessary to accomplish the solicitation and ballot tabulation, including, without limitation, to review, tabulate, and make preliminary determinations as to the validity of all acceptances and rejections of the Plan and to provide an affidavit setting forth the results of such tabulation to the Court prior to the date of the Confirmation Hearing.

26. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

27. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2016
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE