**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Nortel Networks, Inc., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br>Jointly Administered<br><br>Response Due: _____, 2016 @ 4:00 pm<br>Hearing Date:  Nov. 22, 2016 @ 10:00 am |

**MOTION OF PENSION BENEFIT GUARANTY CORPORATION**
**TO ISSUE BRIEFING SCHEDULE ON LEGAL ISSUES IN**
**DEBTORS' OBJECTION TO PBGC'S CLAIMS**

With this motion, the Pension Benefit Guaranty Corporation ("PBGC") asks the Court to issue a briefing schedule for the parties to address the legal issues in the Debtors' Objection to PBGC's claims, Doc. 17325 (the "Objection"), before allowing discovery—essentially a motion for summary judgment. PBGC seeks to avoid premature, burdensome and unnecessary discovery that would further dilute the recovery of unsecured creditors through additional legal fees. Because resolving the legal questions would eliminate or at the very least sharply curtail the need for any discovery, the Court should issue a briefing schedule in order to address them first.

**BACKGROUND**

1. PBGC is a wholly owned United States government corporation that administers the nation's termination insurance program for defined benefit pension plans under Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").[1] If a pension plan covered by the insurance program terminates and lacks sufficient assets to pay all promised

---

[1] 29 U.S.C. §§ 1301-1461 (2012 & Supp. II 2014).

1

benefits, PBGC becomes its statutory trustee and pays benefits subject to the statutory limitations in 29 U.S.C. § 1322(b).[2]  PBGC is essentially self-financing, and receives no funds from general tax revenues.[3]

    2.  On November 2, 2016, the Debtors filed their Objection to the claims that PBGC asserted in this proceeding with respect to the Nortel Networks Retirement Income Plan (the "Pension Plan").  The Debtors raised a number of challenges to PBGC's claims, most notably to the use of PBGC's regulatory interest assumption under ERISA in valuing its claim for the Pension Plan's unfunded benefit liabilities, *see* 29 U.S.C. §§ 1301(a)(18), 1362(b)(1)(A), and the applicability of statutory termination premiums under 29 U.S.C. §§ 1306(a)(7) and 1307(e)(2).  Objection at ¶¶ 34-56, 76-78.

    3.  The Debtors have communicated, both in their Objection (n.24) and verbally to PBGC, their intention to seek discovery from PBGC to support their arguments.  In a conference call on November 4, 2016, PBGC proposed to Debtors' counsel that the parties first brief the legal issues before conducting any discovery, but Debtors' counsel rejected that proposal.

**RELIEF REQUESTED**

    4.  By this motion, PBGC respectfully requests that the Court issue an order, substantially in the form of **Exhibit A** attached hereto, establishing a briefing schedule for the parties to address the legal issues in the Objection before any discovery is undertaken.

---

[2]  *See* 29 U.S.C. §§ 1322, 1341(c), 1342, 1361; *PBGC v. LTV Corp.*, 496 U.S. 633, 637-38 (1990); *Nachman Corp. v. PBGC*, 446 U.S. 359, 375 (1980).

[3]  *See* PBGC Ann. Rep. (2015) at 10, http://www.pbgc.gove/documents/2015-annual-report.pdf.

2

**BASIS FOR RELIEF REQUESTED**

5. Since the landmark ruling of *In re US Airways Group, Inc.*, 303 B.R. 784 (Bankr. E.D. Va. 2003), every single bankruptcy case that has addressed the valuation of PBGC's statutory claims—six of them—has done so on legal grounds without the need for any discovery.[4] All of these cases were resolved in PBGC's favor except *In re Durango Georgia Paper Co.*, which is pending. Addressing the legal issues first in this case has only upsides: saving the time, energy, and resources of the parties and the Court, and avoiding needless legal fees for the Debtors.

6. Resolving the legal issues in the Objection could obviate the need for discovery altogether, or at the very least curtail it sharply. For example, the applicability of PBGC's regulatory interest assumption and the statutory termination premiums (Objection at ¶¶ 34-56, 76-78) are pure legal questions that require no factual development. Similarly, whether PBGC can file an amended claim without filing a motion under Bankruptcy Rule 7015 (¶¶ 26-33) is a pure legal issue. PBGC's "investment policies" (Objection at n.24) are irrelevant if the Court determines that PBGC's regulatory rate applies. Finally, PBGC's "decision-making processes" and "additional information underlying the process by which the PBGC [regulatory] rate is set" (Objection at n.24) are not permissible subjects of discovery. Addressing these issues first will

---

[4] *In re UAL Corp.*, No. 02-48191 (Bankr. N.D. Ill. Dec. 30, 2005) (Order and Trans. of Hearing, Dec. 16, 2005, at 32-33) (Attachment 1 to this motion); *In re High Voltage Eng'g Corp.*, No. 05-10787, slip op. at 2 (Bankr. D. Mass. July 26, 2006) (Attachment 2 to this motion) (following *UAL Corp.* for the reasons there stated); *In re Kaiser Aluminum Corp.*, 339 B.R. 91 (D. Del. 2006); *Dugan v. PBGC* (*In re Rhodes, Inc.*), 382 B.R. 550, 559-60 (Bankr. N.D. Ga. 2008); *In re Wolverine, Proctor & Schwartz, LLC*, 436 B.R. 253, 262-63 (D. Mass. 2010); *In re Durango Georgia Paper Co.*, No. 02-21669 (Bankr. S.D. Ga. Nov. 8, 2016) (Interim Order on Motion for Summary Judgment) (Attachment 3 to this motion).

avoid wasting the time and resources of the Court and the parties, and generating unnecessary legal fees that will diminish the estate.

7. The Debtors' goal of confirming a Chapter 11 plan in early 2017 is not at all dependent on the timing of adjudicating PBGC's claims. The proposed plan does not prescribe any such timing.

## NOTICE

8. Copies of this Motion for Briefing Schedule are being served by the Court's CM/ECF system or by Federal Express on: (a) the U.S. Trustee; (b) the U.S. Debtors; (c) the Canadian Debtors; (d) the EMEA Debtors; (e) the Committee; (f) the Bondholder Group; (g) the Trade Claim Consortium; (h) all creditors; (i) all equity security holders and (j) the Notice Parties.

WHEREFORE, PBGC respectfully requests that the Court issue a briefing schedule, substantially in the form of **Exhibit A** attached hereto, for the parties to address the legal issues raised in the Objection. There is no time pressure to resolve the Objection, as it can be litigated independently during and after litigation over confirmation of the Debtors' Chapter 11 plan. There is simply no reason to multiply the legal fees and the work of the parties and the Court by allowing discovery to proceed when addressing the legal issues first could obviate the need.

Dated: November 10, 2016            Respectfully submitted,

/s/ Vicente Matias Murrell
ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
PAULA J. CONNELLY
GARTH D. WILSON
Assistant Chief Counsels
VICENTE MATIAS MURRELL
(MD Bar No. 9806240098)

4

MARC S. PFEUFFER
Attorneys
PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C.  20005-4026
Telephone:  (202) 326-4020, ext. 3580
Facsimile:  (202) 326-4112

SARAH L. REID
ERIC R. WILSON
BENJAMIN D. FEDER
GILBERT R. SAYDAH JR.
(DE Bar No. 4304)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY  10178
Telephone:  (212) 808-7800
Facsimile:  (212) 808-7897

## **EXHIBIT A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Nortel Networks, Inc., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br>Jointly Administered<br><br>**RE: D.I. _____** |

**ORDER GRANTING MOTION OF PENSION BENEFIT GUARANTY**
**CORPORATION TO ISSUE BRIEFING SCHEDULE ON LEGAL ISSUES**
**IN DEBTORS' OBJECTION TO PBGC'S CLAIMS**

Upon the motion of the Pension Benefit Guaranty Corporation to Issue a Briefing Schedule on Legal Issues in Debtors' Objection to PBGC's Claims (the "Motion"), and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, DECREED, AND ADJUDGED THAT:

1. The Motion is granted as set forth herein.

2. PBGC's brief addressing only the legal issues in the Objection shall be filed on or before December 2, 2016, at 4:00 p.m. (ET);

3. The Debtors' response to PBGC's brief addressing only the legal issues shall be filed on or before January 6, 2017, at 4:00 p.m. (ET);

7

4. PBGC's reply brief addressing only the legal issues shall be filed on or before January 23, 2017, at 4:00 p.m. (ET).

Dated: _____, 2016
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE