# Attachment 3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 CASE |
| | ) | NUMBER <u>02-21669</u> |
| DURANGO GEORGIA PAPER COMPANY, | ) | |
| DURANGO GEORGIA CONVERTING | ) | |
| CORPORATION, and DURANGO GEORGIA | ) | JOINTLY ADMINISTERED |
| CONVERTING LLC | ) | |
| | ) | **FILED** |
| Debtors | ) | Lucinda B. Rauback, Clerk |
| | ) | United States Bankruptcy Court |
| PENSION BENEFIT GUARANTY | ) | Brunswick, Georgia |
| CORPORATION | ) | *By cking at 8:33 am, Nov 08, 2016* |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DURANGO GEORGIA PAPER COMPANY, | ) | |
| DURANGO GEORGIA CONVERTING | ) | |
| CORPORATION, and DURANGO GEORGIA | ) | |
| CONVERTING LLC | ) | |
| | ) | |
| Respondent | ) | |

## INTERIM ORDER ON MOTION FOR SUMMARY JUDGMENT

This matter is before me on the Motion for Allowance of Claim ("Motion") by the Pension Benefit Guaranty Corporation, taken as a motion for summary judgment on the amended and restated objection to claim ("Amended Objection") by the Debtors acting by and through their Liquidating Trustee.[1] At issue is the

---

[1] The Motion is taken as a motion for summary judgment based on its request that the Amended Objection be "summarily" overruled and the claim at issue be allowed in the claimed amount. (Mot. 21, ECF No. 2713.)

PBGC's claim number 1581 for unfunded benefit liabilities of the Durango-Georgia Paper Company Pension Plan for Hourly Employees ("UBL Claim" or "Claim").

A claim is deemed allowed unless a party in interest objects. Fed. R. Bankr. P. 502(a). At the outset, the Liquidating Trustee objects to the sufficiency of the Claim as filed: "Debtors object to the PBGC's Proof of Claim because it does not contain sufficient factual allegations to establish the prima facie validity or amount of its claim for unfunded benefit liabilities under ERISA." (Am. Obj. ¶ 41, ECF No. 2711.) This contention is without merit.

A proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Under the Rules, a proof of claim is a written statement that sets forth the claim and that conforms substantially to the official bankruptcy form. Fed. R. Bankr. P. 3001(a). The UBL Claim, both as initially filed and as amended, was filed on the official bankruptcy form with a statement in support that provides additional information about the nature, amount, and statutory basis of the claim. The proof of claim is therefore sufficient on its face as prima facie evidence of the validity and amount of the UBL Claim.

2

In addition, the Liquidating Trustee objects to any priority treatment of the Claim. (Am. Obj. ¶ 51.) But the PBGC states unequivocally that it does not seek priority treatment for the UBL Claim. (Mot. 4, ECF No. 2713.) Accordingly, there is no dispute that the UBL Claim, to whatever extent allowed, is a general unsecured claim not entitled to priority.

Finally, the Liquidating Trustee objects to the amount of the Claim based on the PBGC's method of calculation. The Liquidating Trustee asserts that the Claim should be calculated under the Prudent Investor standard. (Am. Obj. ¶ 53.) The PBGC seeks a ruling that the Claim is properly calculated under the Valuation Regulation, codified at 29 C.F.R. pt. 4044, under Title IV of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1301-1461. (Mot. 1-5.) Applying the Valuation Regulation, the PBGC seeks allowance of the UBL Claim in the amount of $52,218,964. (Id. at 5, 21.)

The objecting party bears the initial burden of presenting evidence sufficient to overcome the presumed validity and amount of a properly executed and filed proof of claim. Walston v. PYOD, LLC (In re Walston), 606 F. App'x 543, 546 (11th Cir. 2015). The Liquidating Trustee has met that burden as to the amount of the Claim. The issue as to how the Claim should be calculated is properly joined by the Claim, the Amended Objection, and the Motion and is the sole issue ripe for summary judgment.

3

AO 72A
(Rev. 8/82)

**IT IS THEREFORE ORDERED** that the parties follow the Scheduling Order entered September 7, 2016, under which the Liquidating Trustee will file a response to the Motion on or before Monday, November 28, 2016, and the PBGC may file a reply on or before 15 days from the date of the response. No hearing will be set and no further briefing will be allowed.

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this ____ day of November, 2016.