**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x
: 
In re  :  Chapter 11
 : 
NORTEL NETWORKS INC., *et al.*,[1]  :  Case No. 09-10138 (KG)
 : 
       Debtors.  :  Jointly Administered
 : 
---------------------------------------------------------------x

**JOINDER AND RESERVATION OF RIGHTS OF LIQUIDITY SOLUTIONS, INC.
WITH RESPECT TO THE OBJECTION OF THE NORTEL TRADE CLAIMS
CONSORTIUM TO DEBTORS' (I) PROPOSED DISCLOSURE STATEMENT FOR
THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF NORTEL
NETWORKS INC. AND CERTAIN OF ITS AFFILIATED DEBTORS
AND (II) RELATED SOLICITATION PROCEDURES**

Liquidity Solutions, Inc. ("LSI"),[2] for its Joinder and Reservation of Rights (this "Joinder") with respect to the Objection [Docket No. 17415] (the "Consortium Objection")[3] of the Nortel Trade Claims Consortium (the "Trade Consortium") to the Debtors' (i) *Proposed Disclosure Statement for the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of Its Affiliated Debtors* [Docket No. 17348] (the "Disclosure Statement") and (ii) related Solicitation Procedures, respectfully represents:

---

[1] The U.S. debtors (the "Debtors") in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] LSI is a holder of allowed U.S. Trade Claims against the Debtors.

[3] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Consortium Objection.

1

## JOINDER AND RESERVATION OF RIGHTS

1. On November 4, 2016, the Debtors filed the proposed Plan and related Disclosure Statement. The central underpinning for the Plan is a purported "global" settlement (the "Settlement") embodied in that certain Settlement and Support Agreement (the "SPSA"), dated as of October 12, 2016, by and among various constituents in these cases.[4] The Settlement purports to provide for a full and final settlement of the Allocation Dispute and certain other matters.

2. Under the Settlement and the Plan, the U.S. Debtors are allocated approximately $1.8 billion of the aggregate $7.3 billion of Sale Proceeds. U.S. Trade Claims (and other General Unsecured Claims against the U.S. Debtors) are classified in Classes A-3A through O-3A and shall receive their pro rata share of the Creditor Proceeds. The Debtors estimate that recoveries on account of such claims will be approximately 55.1 - 56.7%. The Debtors have not sought approval of the SPSA or the Settlement pursuant to Bankruptcy Rule 9019; rather, the Debtors seek approval of the SPSA and the Settlement in connection with confirmation of the Plan.

3. On November 18, 2016, the Trade Consortium filed the Consortium Objection. Although the Trade Consortium objects to the Disclosure Statement and related Solicitation Procedures on various purported grounds,[5] the Trade Consortium's fundamental objection is that

---

[4] The SPSA is appended as Exhibit A to that certain *Notice of Execution of Settlement and Plans Support Agreement* [Docket No. 17249]. The parties to the SPSA are the Debtors, the Canadian Debtors, the Monitor, the EMEA Debtors, the EMEA Non-Filed Entities, the Joint Administrators, NNSA, the NNSA Conflicts Administrator, the French Liquidator, the members of the CCC, the UCC, the U.K. Pension Trustee, the PPF, the Joint Liquidators, the members of the Bondholder Group and the NNCC Bondholder Signatories.

[5] The Trade Consortium objects to the Plan and Disclosure Statement on the grounds that, among other things, (i) the Disclosure Statement does not contain "adequate information" because it fails to disclose (a) that the Trade Consortium objects to the Settlement and (b) sufficient information regarding the Trade Consortium's pending appeal of the Allocation Decision and (ii) the Plan cannot be confirmed because (x) it constitutes an "end-run" around Bankruptcy Rule 9019 and (y) the Plan is proposed in a manner "forbidden by law" under Bankruptcy Code section 1129(a)(3).

the Settlement does not provide sufficient recoveries to holders of U.S. Trade Claims. Specifically, the Trade Consortium asserts that the portion of Sale Proceeds allocated to the U.S. Debtors' estates under the Settlement and the Plan is unreasonably "depressed" because it uses as a baseline the amount allocated to the U.S. Debtors' estates in the Allocation Opinion (which, until recently, the U.S. Debtors and the UCC, among others, had argued was impermissibly low). The Trade Consortium also argues that the Settlement and the Plan cannot be approved because they permit the Crossover Bondholders to receive a "dual" recovery from both the Canadian and U.S. Debtors' estates.

4. For these reasons, among others, the Trade Consortium asks this Court to deny approval of the Disclosure Statement unless it is modified to include, among other things, additional information regarding the Trade Consortium's appeal of the Allocation Decision. In addition, the Trade Consortium asks this Court to direct the Debtors to include in the Solicitation Package a letter from the Trade Consortium setting forth the Trade Consortium's objections to the Plan and advising creditors to vote against acceptance of the Plan.

5. LSI agrees with the Trade Consortium's concerns regarding the inadequacy of the information in the Disclosure Statement, including, among other things, the lack of any meaningful discussion regarding the Trade Consortium's pending appeal of the Allocation Decision (and the impact of such appeal on the viability of the Plan). In addition, like the Trade Consortium, LSI has concerns regarding the sufficiency (or lack thereof) of the amount of Sales Proceeds allocated to the U.S. Debtors' estates under the Settlement. LSI therefore joins in the Consortium Objection. LSI, like the Trade Consortium, would like better, or more favorable, treatment for U.S. Trade Claims under the Settlement and the Plan.

6.      The Consortium Objection, however, appears to be an attempt by the Trade Consortium to extract from the Debtors a settlement, or otherwise obtain better treatment for the members of the Trade Consortium on account of their U.S. Trade Claims than similarly situated creditors (such as LSI). There is no legal or equitable justification for any such disparate treatment. The Trade Consortium cannot use the threat of its pending appeal or a proposed "vote no" campaign to obtain better treatment than creditors of equal priority.

7.      LSI expressly reserves its right to amend and/or supplement this Joinder.

WHEREFORE, LSI hereby (i) joins in the Consortium Objection, (ii) reserves its rights, and (iii) requests that the Court grant such other relief as may be just and proper.

Dated: November 23, 2016

Respectfully submitted,

**ANDREWS KURTH KENYON LLP**

/s/ *Paul N. Silverstein*
Paul N. Silverstein (admitted *pro hac vice*)
Jeremy B. Reckmeyer (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

*Counsel to Liquidity Solutions, Inc.*