**Appendix E**

**Creditors' Committee Letter in Support of Plan Confirmation**

Case 09-10138-MFW    Doc 17456-5    Filed 11/29/16    Page 1 of 3

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF NORTEL NETWORKS INC., ET AL.**

December [    ], 2016

**To All Unsecured Creditors of Nortel Networks Inc. ("NNI"), Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., and Nortel Networks (CALA) Inc. ("NN CALA")(collectively, the "Plan Debtors"),  Jointly Administered Under Case No. 09-10138 (KG):**

The Official Committee of Unsecured Creditors (the "Creditors' Committee")[1] of Nortel Networks, Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") as the court-appointed fiduciary representing the interests of unsecured creditors in the Debtors' chapter 11 cases, urges all of the Plan Debtors' unsecured creditors to vote **in favor of** the *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* [Docket No. 17347] (as amended from time to time, the "Plan")[2] because the Creditors' Committee believes that the distributions to unsecured creditors contemplated by the Plan represent the best outcome for unsecured creditors under the circumstances.

On January 14, 2009, each of the Plan Debtors other than NN CALA[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  On January 22, 2009, the Office of the United States Trustee for the District of Delaware appointed the Creditors' Committee to represent the interests of unsecured creditors in the Debtors' chapter 11 cases.  The Creditors' Committee, with Bankruptcy Court approval, has employed, among other professionals, Akin Gump Strauss Hauer & Feld LLP as its lead legal counsel and Berkeley Research Group, LLC as its financial advisor.

Since the Creditors' Committee's appointment, it has participated actively in the Debtors' chapter 11 cases.  These chapter 11 cases have resulted in a realization of substantial value for the Debtors' estates, most notably the realization of approximately $7.5 billion in sale proceeds from the sale of the Debtors' business lines and other assets.  Since the early stages of these proceedings, the Creditors' Committee has been actively involved in the negotiation, mediation and litigation of the central dispute regarding the allocation of these realized sale proceeds amongst the Nortel entities around the world.  Ultimately, mediation efforts between the Debtors, the other Nortel estates, the Creditors' Committee and certain other creditor constituencies resulted in the execution

---

[1] The Committee is comprised of the following entities: (i) The Bank of New York Mellon, as indenture trustee; (ii) Pension Benefit Guaranty Corporation ("PBGC"); and (iii) Law Debenture Trust Company of New York, as indenture trustee.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[3] NN CALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009.  Nortel Networks India International Inc., a Debtor that is not a Plan Debtor, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 26, 2016.

of the Settlement and Plans Support Agreement (the "SPSA").  The SPSA represents a compromise of the sale proceeds allocation dispute, as well as certain other intercompany matters, pursuant to Section 12(b)(i) of the Interim Funding and Settlement Agreement.  The Creditors' Committee believes that the settlement and compromise set forth in the SPSA is reasonable and in the best interests of U.S. unsecured creditors, as a whole.  Accordingly, the Creditors' Committee voted to enter into the SPSA and is a signatory thereto.

The Plan, among other things, incorporates the terms of the SPSA and provides for distributions of the sale proceeds allocated to the Plan Debtors to creditors.  The Creditors' Committee has played an active role in negotiating the Plan and related documents.  Based on its experience in these cases, and relying on careful consideration of the numerous issues in these chapter 11 cases, the Creditors' Committee believes that the Plan is in the best interests of the Plan Debtors' estates and their respective creditors.

The Creditors' Committee encourages you to read the Plan and Disclosure Statement.  Among other things, the Disclosure Statement describes in detail (1) events leading to the Debtors' filing for bankruptcy; (2) events that occurred during the course of these chapter 11 cases; (3) the terms of the Plan, including the anticipated distributions that will be made to unsecured creditors; and (4) instructions for voting on the Plan.

**THE CREDITORS' COMMITTEE BELIEVES THAT THE PROPOSED PLAN MAXIMIZES VALUE FOR UNSECURED CREDITORS.  ACCORDINGLY, _THE CREDITORS' COMMITTEE URGES EACH UNSECURED CREDITOR TO COMPLETE AND RETURN A BALLOT VOTING IN FAVOR OF THE PLAN_.**

THE CREDITORS' COMMITTEE'S RECOMMENDATION THAT YOU VOTE FOR THE PLAN SHOULD NOT SERVE AS A SUBSTITUTE FOR YOUR OWN CAREFUL READING AND CONSIDERATION OF THE DISCLOSURE STATEMENT, PLAN AND RELATED DOCUMENTS DISSEMINATED BY THE DEBTORS AND CONSULTATION WITH YOUR OWN COUNSEL OR OTHER PROFESSIONAL ADVISORS.[4]

**If you have any questions about completing your ballot, please contact: Epiq Systems at [_____].**

The Official Committee of Unsecured Creditors      Through its counsel:
of Nortel Networks Inc., et al.                                  Akin Gump Strauss Hauer & Feld LLP

---

[4] The Creditors' Committee is not, by this letter, addressing any issues or concerns raised by individual creditors of the Debtors (including members of the Committee) in connection with the Plan.  Any such individual creditor issues or concerns may be raised with the Bankruptcy Court at or prior to Confirmation in the manner described in the Disclosure Statement Order [Docket No. ___].  Specifically, Committee member PBGC has publicly stated that it opposes the Plan.