**<u>EXHIBIT A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------
)
)       Chapter 11
)
*In re*                                                  )
)       Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                        )
)       Jointly Administered
Debtors.                                         )
)
)       **RE: D.I. 17452, 17456**
)
-------------------------------------------------------

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE
VOTING RECORD DATE AND PROCEDURES FOR SOLICITING, RECEIVING AND
TABULATING VOTES ON THE PLAN AND (III) SETTING THE CONFIRMATION
HEARING DATE AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES**

Upon the motion dated November 4, 2016 (the "Motion"),[2] of Nortel Networks Inc. and

its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the

"Debtors"), for entry of an order, as more fully described in the Motion, (i) approving the

adequacy of the information contained in the *Proposed Disclosure Statement for the First*

*Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors*

(D.I. 17456) (the "Disclosure Statement")[3] for the *First Amended Joint Chapter 11 Plan of*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solicing Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667).. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

[3]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Disclosure Statement and Plan.

*Nortel Networks Inc. and Certain of its Affiliated Debtors* (D.I. 17452) (as it has and may be further modified, the "Plan")[4] and the form and manner of the notice of the hearing to consider the Disclosure Statement; (ii) establishing a voting record date; (iii) approving procedures for soliciting, receiving and tabulating votes on the Plan, including setting a deadline for filing motions to estimate claims for voting purposes, and approving the forms of ballots; (iv) setting the hearing date and objection deadline for confirmation of the Plan, and establishing the form and manner of notice of the confirmation hearing; and (v) granting such other and further relief as the Court deems just and proper; and upon the record in these proceedings, including the arguments and statements made by counsel and the evidence admitted at the hearing to consider the approval of the Motion on December 1, 2016 (the "Hearing"); and after due deliberation and sufficient cause appearing therefor, it is[5]

FOUND AND DETERMINED THAT:

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory bases for the relief requested herein are sections 105(a), 502, 1125, 1126, 1128, and 1129 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1 and 3017-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

---

[4]      For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII").

[5]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

C.     The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  The entry of this Order is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

D.     The Disclosure Statement contains "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code with respect to the Plan.

E.     The proposed notice of the Disclosure Statement Hearing, substantially in the form attached as Exhibit B to the Debtors' *Motion for the Entry of an Order Shortening the Objection Deadline and Notice of the Hearing to Consider Approval of the Disclosure Statement* [D.I. •] (the "Disclosure Statement Notice"), was calculated to provide adequate notice concerning the Disclosure Statement Hearing.

F.     Pursuant to the Court's *Order Granting Debtors' Motion for the Entry of an Order Shortening the Objection Deadline and Notice of the Hearing to Consider Approval of the Disclosure Statement* [D.I. 17355], and as set forth more fully in the Motion, the notice of the Motion and the proposed entry of this Order are adequate and sufficient under the circumstances of these chapter 11 cases, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Accordingly, no further notice of the Motion or this Order is necessary or required.

G.     The forms of Ballots, substantially in the forms attached as Exhibits E-1 through G to the Order, are sufficiently consistent with Official Form No. 14, adequately address the particular needs of these chapter 11 cases, and are appropriate for the Classes entitled to vote on the Plan.

H.     Ballots need not be provided to the holders of Claims in Classes 1 and 2, because they are unimpaired and, therefore, conclusively presumed to accept the Plan.

I.      Ballots or further notice need not be provided to the holders of Claims in Classes 4, 5A, or 5B because they are conclusively presumed to reject the Plan.

J.      The forms of notice to non-voting classes, substantially in the forms attached as Exhibits C and D to the Order, are adequate and sufficient.

K.      The period, set forth below, during which the Debtors may solicit acceptances of the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision to either accept or reject the Plan.

L.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

M.      The procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to Beneficial Owners of the NNCC Bonds (as defined in the Plan) and the Crossover Bonds (as defined in the Plan) enable the Debtors to appropriately transmit materials to the Beneficial Owners and afford such Beneficial Owners a fair and reasonable opportunity to vote on the Plan.

N.      The procedures set forth below regarding notice to all parties in interest of the time, date and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and the filing of objections thereto, and the distribution and contents of the Solicitation Package (as defined below), including the Confirmation Hearing Notice, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is granted to the extent provided herein.

2.    Pursuant to section 1125(a) of the Bankruptcy Code and Rule 3017(b) of the Bankruptcy Rules, the Disclosure Statement is hereby approved as containing "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code with respect to the Plan.

3.    In accordance with Bankruptcy Rules 3017(d) and 3018(a), the record date for determining which holders of Claims against the Debtors' estates are eligible to vote on the Plan, and for determining the identity of each holder of Claims against and Interests in the Debtors that shall receive a copy of the Confirmation Hearing Notice shall be November 21, 2016 (the "Voting Record Date").

4.    Holders of any Claims that purchase such Claims after the Voting Record Date or whose purchase of such Claims was recorded or registered after the Voting Record Date who wish to vote on the Plan must arrange with their respective seller(s) to receive a proxy from the record holder as of the Voting Record Date.

5.    The Ballots and Master Ballots (as defined in the Motion), including the general voting instructions for the beneficial owners of the Crossover Bonds and NNCC Bonds, substantially in the forms attached as Exhibits E-1 through G to the Order, be, and hereby are, approved.

6.    The Debtors' obligations under Bankruptcy Rules 2002(b) and 3017 with respect to the solicitation of votes and the provision of adequate notice of the hearing on

confirmation of the Plan will be satisfied if the following procedures (the "Solicitation Procedures") are utilized:

(a)    A notice of approval of the Disclosure Statement and of the date fixed by the Court as the Voting Deadline (as defined herein), and the date of the hearing regarding, and the time for filing objections to, the confirmation of the Debtors' Plan (the "Confirmation Hearing Notice"), substantially in the form attached as Exhibit B to the Order, is to be served by regular mail on or before the date that is five (5) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, upon: (i) all creditors of the Debtors identified on the Debtors' schedules of assets and liabilities dated on or about April 20, 2009 [D.I. 801-807, 810], and any later amendment or supplement thereto (the "Schedules") or in a proof of claim filed in these chapter 11 cases; (ii) all persons known to hold Interests; (iii) the Office of the United States Trustee for the District of Delaware; (iv) the Bank of New York Mellon in its capacity as indenture trustee under the NNC Notes Indenture and NNL Notes Indenture, or any successor thereto, and Law Debenture Trust Company of New York, in its capacity as indenture trustee under the NNCC Bonds Indenture, or any successor thereto (together, the "Indenture Trustees"); (v) the Committee; (vi) the Bondholder Group; (vii) the Securities and Exchange Commission; (viii) the Internal Revenue Service; and (ix) all known parties to executory contracts that have not been assumed or rejected;

(b)    On or before the date that is five (5) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, to the extent that current versions of such documents have not already been distributed to such persons, the Disclosure Statement and the Plan (in either hard copy or in .pdf format) will be served by regular mail upon: (i) for each Debtor, the Holders of Claims in Classes 3A, 3B, and 3C that are entitled to vote pursuant to the Plan and the relevant provisions of the Bankruptcy Code and the Bankruptcy Rules (the "Voting Creditors"); (ii) the Office of the United States Trustee for the District of Delaware; (iii) the Indenture Trustees; (iv) the Committee; (v) the Bondholder Group; (vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service and (viii) any party in interest who requests in writing a copy of such documents;

(c)    On or before the date that is five (5) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, appropriate Ballots, and as applicable, Beneficial Owner Ballots or Master Ballots[6]

---

[6]    In accordance with customary practice, the Voting Agent shall distribute copies of Master Ballots to each

(each as defined below), voting instructions and a pre-addressed return envelope will be sent to all Voting Creditors;

(d)        On or before the date that is five (5) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, a notice of nonvoting status (the "Notice of Non-Voting Status") is served, with the Confirmation Hearing Notice, by regular mail on all Holders of Claims and Interests in Classes 1, 2, 4, 5A and 5B of each Debtor.  Holders of Claims in Classes 1 and 2 of each Debtor will be sent a notice substantially in the form attached as Exhibit C to the Order and Holders of Claims and Interests in Classes 4, 5A and 5B of each Debtor will be sent a notice substantially in the form attached as Exhibit D to the Order.

(e)        The Debtors will post copies of the Disclosure Statement, the Plan, and the Confirmation Hearing Notice on the Debtors' case information website at http://dm.epiq11.com/nortel and indicate in the Confirmation Hearing Notice that such materials are available on such website; and

(f)        The Debtors will not be required to mail any Solicitation Packages to any individual or entity at an address from which the Disclosure Statement Hearing Notice was returned by the United States Postal Office as undeliverable unless the Debtors are also provided with a more accurate address by the United States Postal Office.

7.        The Debtors are not required to mail a copy of the Plan or the Disclosure Statement to Holders of Claims or Interests in Classes 1, 2, 4, 5A and 5B.

8.        Epiq Bankruptcy Solutions, LLC (the "Voting Agent")[7] shall transmit a reasonably sufficient number of Solicitation Packages, including beneficial ballots substantially in the forms of the Beneficial Ballots attached as Exhibit E-3 to the Order for the NNCC Bonds Claims and Exhibit E-5 to the Order for the Crossover Bonds Claims (together, the "Beneficial Owner Ballots"), to each bank, broker, dealer, or other intermediary, or their mailing agent (each, a "Nominee"), as appropriate, that is identified

---

Nominee after the initial distribution of Solicitation Packages.  The forms of the Master Ballots are attached to the Motion as Exhibits E-2 for the NNCC Bonds Claims and E-4 for the Crossover Bonds Claims (together, the "Master Ballots").

[7]        Epiq Bankruptcy Solutions, LLC was appointed as claims, noticing and balloting agent pursuant to the Court's order of January 15, 2009 [D.I. 38] and, consistent with that order, the Debtors propose to utilize the Voting Agent to provide the balloting and solicitation services outlined herein.

by the Voting Agent as a Nominee for Beneficial Owners of the Bonds as the Voting Record Date.

9.      The Nominees will be instructed to promptly distribute the Solicitation Packages which will include a Beneficial Owner Ballot, to each Beneficial Owner for voting and the votes will be obtained in a in a manner customary in the securities industry for obtaining votes of Bonds held in "street name" in one of the following two ways:

(a)     Master Ballots:  A Nominee may obtain the votes of Beneficial Owners by forwarding to the Beneficial Owners the applicable unsigned Beneficial Owner Ballot, together with the Solicitation Package, a return envelope provided by, and addressed to the Nominee and any other materials.  Each such Beneficial Owner may then indicate his/her or its vote on the Beneficial Owner Ballot, complete the information requested in the Beneficial Owner Ballot, review the certifications contained in the Beneficial Owner Ballot, execute the Beneficial Owner Ballot, and return the Beneficial Owner Ballot to the Nominee.  After collecting the Ballots, the Nominee shall, in turn, complete the applicable Master Ballot provided to such Nominee by the Voting Agent, and compile the votes and other information from the Beneficial Owner Ballot, execute the Master Ballot, and deliver the Master Ballot to the Voting Agent so that it is received by the Voting Agent before the Voting Deadline.  All Beneficial Owner Ballots returned by Beneficial Owners must be retained by Nominees for inspection for at least one year from the Voting Deadline.

(b)     Pre-Validated Ballots:  A Nominee may pre-validate a Beneficial Owner Ballot, by: (i) signing the applicable Beneficial Owner Ballot and including the Nominee's DTC Participant number; (ii) indicating on the Beneficial Owner Ballot the account number of the Beneficial Owner, and amount of the securities held by the Nominee for such Beneficial Owner; and then (iii) forwarding such Beneficial Owner Ballot, the Solicitation Package, and a return envelope addressed to the Voting Agent, and any other materials to the Beneficial Owner for voting.  The Beneficial Owner may then complete the information requested in the Ballot, review the certifications contained in the Ballot, and return the Ballot directly to the Voting Agent in the pre-addressed, postage paid envelope included with the Solicitation Package so that it is received by the Voting Agent before the Voting Deadline.  A list of the Beneficial Owners to whom "pre-validated" Ballots were delivered should be maintained by the Nominee for inspection for at least one year from the Voting Deadline.

10.     Solely for the purpose of voting to accept or reject the Plan, and not for purposes of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan will be temporarily allowed in accordance with the following procedures (the "Temporary Allowance Procedures"):

(a)     If a Claim is deemed "Allowed" pursuant to an agreement with the Debtors or an order of the Court, such claim shall be allowed for voting purposes in the "Allowed" amount set forth in the agreement or the Court's order;

(b)     Claims that are listed on the Debtors' Schedules as undisputed, non-contingent and liquidated, for which a proof of Claim has not been filed properly will be temporarily allowed, for voting purposes only, in an amount equal to that listed in the Debtors' Schedules;

(c)     If the Debtors have served an objection or request for estimation as to a Claim no later than December 8, 2016 (the "Voting Objection Deadline"), such Claim is temporarily disallowed for voting purposes only and not for the purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline; *provided* that Claims that amend previously filed Claims to which the Debtors have objected or requested estimation and for which such objection or estimation request remains pending or unresolved also shall be deemed to be subject to a pending objection or request for estimation for purposes of this provision;

(d)     Objections or requests for estimation to Claims as described in part (c) above will be filed and served by the Debtors in a manner the Debtors deem appropriate in accordance with applicable law; *provided that* if such objection or request for estimation is served after [December 1, 2016], such objection will be served on the holder of such Claim via overnight delivery, or via-email if consented to by the holder of such Claim, and any response filed by the holder of such Claim will be filed and served on the Debtors by (i) overnight delivery or (ii) regular mail and e-mail to the attention of Derek Abbott of Morris Nichols Arsht & Tunnell LLP (dabbott@mnat.com) and Lisa Schweitzer of Cleary Gottlieb Steen & Hamilton LLP (lschweitzer@cgsh.com);

(e)     Holders of Claims subject to an objection or request for estimation as described in part (c) above who wish to file a reply to such objection or request for estimation must file such reply with the Court no later than

**4:00 PM on the date that falls 14 days after such objection or request for estimation is filed by the Debtors (the "Voting Objection Reply Deadline").** Such reply must be filed and served on the Debtors by United States mail, overnight mail, facsimile, hand delivery or e-mail to the attention of Derek Abbott of Morris Nichols Arsht & Tunnell LLP (dabbott@mnat.com) and Lisa Schweitzer of Cleary Gottlieb Steen & Hamilton LLP (lschweitzer@cgsh.com) so as to be received by the Voting Objection Reply Deadline.

(f)  Claims for which a proof of Claim has been timely filed in an amount that is undisputed, non-contingent and liquidated will be temporarily allowed, for voting purposes only, in the amount set forth on the relevant proof of Claim, unless such Claim is subject to an objection by the Debtors;

(g)  Claims that are listed on the Debtors' Schedules as disputed, contingent or unliquidated and for which no proof of claim has been timely filed shall not be entitled to vote to accept or reject the Plan unless temporarily allowed by the Court, after notice and a hearing, as described below;

(h)  Claims for which a proof of Claim has been timely filed for unknown or undetermined amounts, or that are wholly contingent, unliquidated or disputed (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtor or the Voting Agent), shall be temporarily allowed for one dollar ($1.00) for voting purposes only, and not for purpose of allowance or distribution;

(i)  Holders of Claims in Classes 3A, 3B, and 3C whose claims are subject to these Temporary Allowance Procedures, including those whose Claims have not been formally allowed by the Court and that (a) wish to have their vote counted other than in accordance with the Temporary Allowance Procedures, and (b) fail to resolve such Claims by mutual consent with the Debtors, shall be required to file a motion with the Court, with evidence in support thereof, seeking temporary allowance of such Claim pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") **on or before December 15, 2016 at 4:00 p.m. (Prevailing Eastern Time) (the "Rule 3018(a) Motion Deadline").** A Rule 3018(a) Motion must be filed and served on the Debtors by United States mail, overnight mail, facsimile, hand delivery or e-mail to the attention of Derek Abbott of Morris Nichols Arsht & Tunnell LLP (dabbott@mnat.com) and Lisa Schweitzer of Cleary Gottlieb Steen & Hamilton LLP (lschweitzer@cgsh.com) so as to be received by the Rule 3018(a) Motion Deadline.

(j)      With regard to any timely Rule 3018(a) Motion, the Debtors request that the Debtor be permitted to file a response and serve the response on the moving party via overnight delivery, or via e-mail to if consented to by the moving party, **no later than December 30, 2016 at 4:00 p.m. (Prevailing Eastern Time)**.  The Debtors further request that the Court set January 5, 2017, at a time that is convenient for the Court as the date and time for a hearing regarding timely filed Rule 3018(a) Motions, if any;

(k)      If a Holder of a Claim timely files a Rule 3018(a) Motion, the Debtors shall send to such Holder a Ballot for the appropriate Class, together with the appropriate Solicitation Package, to the address listed in the Rule 3018(a) motion with instructions to submit a completed Ballot so as to be received on or prior to the Voting Deadline, provided that the votes cast by such Ballots shall only be counted if the relevant Rule 3018(a) Motion has been granted; and

(l)      If a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution.

11.      The following procedures for the tabulation of votes for and against the

Plan (the "Vote Tabulation Procedures") are hereby approved:

(a)      All votes to accept or reject the Plan must be cast by completing the appropriate Ballot or Master Ballot. Votes that are cast in any other manner will not be counted.

(b)      Except as provided for in the Order granting this Motion, for purposes of tabulating votes, the amount of a Claim shall be calculated on the basis of the amount of the Allowed Claim on the Record Date.

(c)      Delivery of a Ballot or Master to the Voting Agent by facsimile, email, or any other electronic means will not be valid; only original executed Ballots or Master Ballots will be counted;

(d)      Ballots should not be sent to any of the Debtors, the Debtors' agents (other than the Voting Agent), any administrative agent or indenture trustee (unless specifically instructed to do so), or the Debtors' financial or legal advisors, and, unless received by the Voting Agent, if so sent will not be counted;

(e)      All Ballots and Master Ballots must be properly completed, executed and ACTUALLY RECEIVED by the Voting Agent on or before

4:00 p.m. (Prevailing Eastern Time) on January 9, 2017 (the "Voting Deadline");

(f)    Pursuant to section 1126(e) of the Bankruptcy Code, a vote may be disregarded if the Court determines, after notice and a hearing, that it was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

(g)    A Holder of Claims in more than one Class must use separate Ballots for each Class of Claims;

(h)    Votes cast by Holders of Claims in each Class under the Plan will be tabulated separately by Class;

(i)    Except to the extent determined by the Debtors in their reasonable discretion or as otherwise permitted by the Court, the Debtors will not accept or count any Ballots or Master Ballots received after the Voting Deadline;

(j)    Whenever a voter submits more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly completed Ballot received shall be deemed to reflect the voter's intent and thus supersede any prior Ballots;

(k)    If a Ballot is signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity, each such person should indicate such capacity when signing its Ballot and, if so requested by the Debtor or the Voting Agent, must submit proper evidence satisfactory to the Debtor of its authority to so act;

(l)    The Debtors and/or their agents shall have discretion to determine if a Ballot properly complies with these Vote Tabulation Procedures and the voting instructions accompanying the Ballots and Master Ballots;

(m)    Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot or Master Ballot so that it is actually received on or before such deadline.

(n)    A creditor may not split their vote(s), they must vote all of their Claims to either to accept the Plan or to reject the Plan, or their votes will not be counted.

(o)    If no votes to accept or reject the Plan are received with respect to a particular Class, the Debtors will request at the Confirmation Hearing that the Court deem this Class to have accepted the Plan.

(p)     Proofs of Claim filed for $0.00 are not entitled to vote.

(q)     If a proof of claim has been amended by a later filed proof of claim, only the later filed amending Claim will be entitled to vote, regardless of whether the Debtors have objected to such earlier filed Claim.

(r)     Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims (whether against the same or multiple Debtors) shall be provided with only one Solicitation Package and one ballot and be permitted to vote only a single Claim, regardless of whether the Debtors have objected to such duplicate Claims.

(s)     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code and based on a reasonable review by the Solicitation Agent, separate Claims held by a single creditor in a particular class shall be aggregated as if such creditor held one Claim against the Debtors in such class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

(t)     Subject to any contrary order of the Court and except as otherwise set forth herein, the Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Voting Agent.

12.     The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected, unless otherwise agreed to by the Debtors:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (ii) any Ballot cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Plan; (iii) any unsigned Ballot; (iv) any Ballot without an original signature; (v) any Ballot (other than a Master Ballot) marked both to accept and reject the Plan, or not marked to either accept or to reject the Plan; and (vi) any Ballot transmitted to the Voting Agent by facsimile, electronic mail, or other means not specifically approved by this Court.  None of the Debtors, the Voting Agent or any other person or entity will be under any duty to provide

notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

13.     With respect to the tabulation of Master Ballots and Ballots cast by Nominees and Beneficial Owners, the following additional rules shall apply:

> (a)     For purposes of tabulating votes, each Beneficial Owner will be deemed to have voted the principal amount relating to such security;
>
> (b)     Votes cast by Beneficial Owners through a Nominee will be applied against the positions held by such entities as of the Voting Record Date, as evidenced by the record and depository listings;
>
> (c)     Votes submitted by a Nominee pursuant to a Master Ballot shall not be counted in excess of the amount held by such Nominee as of the Voting Record Date; provided, however, that any principal amounts may be adjusted by the Voting Agent to reflect the amount of the Claim actually voted, including any prepetition interest;
>
> (d)     To the extent that conflicting votes or "overvotes" are submitted by a Nominee pursuant to a Master Ballot, Epiq will attempt to reconcile discrepancies with the Nominees; and
>
> (e)     To the extent that overvotes on a Master Ballot are not reconciled prior to the preparation of the voting report, Epiq will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Nominee's Voting Record Date position in the Bond.

14.     The date for a hearing on the Confirmation of the Plan shall be January 24, 2017 at a time convenient for the Court (the "Confirmation Hearing").

15.     The last date and time for the filing of objections to the confirmation of the Plan, including the assumption and/or assignment of certain executory contracts and unexpired leases under the Plan, the establishment of cure amounts related to any contracts or leases to be assumed under the Plan as identified on Exhibit C to the Plan, or any other matter scheduled to be heard at the Confirmation Hearing is January 9, 2017 at 4:00 p.m. (Prevailing Eastern Time).

16.     The form of the Confirmation Hearing Notice substantially in the form attached as Exhibit B to the Order be, and hereby is, approved.

17.     The Debtors shall distribute the Confirmation Hearing Notice to all creditors and interest holders as part of the Solicitation Package, setting forth (i) the date of approval of the Disclosure Statement, (ii) the Record Date, (iii) the Voting Deadline, (iv) the Confirmation Objection Deadline, and (v) the time, date and place for the Confirmation Hearing.

18.     In addition to mailing the Confirmation Hearing Notice, the Debtors shall publish the Confirmation Hearing Notice, not less than twenty-eight (28) days prior to the Confirmation Hearing, once in each of the Wall Street Journal (National Edition) and *The Globe and Mail*, and electronically at http://dm.epiq11.com/nortel.

19.     Responses or objections, if any, to confirmation of the Plan: (a) shall be in writing; (b) shall state the name and address of the objector and its interest in the Debtors' cases; (c) shall state, if appropriate, the amount and nature of the objector's Claim or Interest; (d) shall state the grounds for the responses or objections and the legal basis therefore; (e) shall reference with specificity the text of the Plan to which the responses or objections are made, and shall provide proposed language changes or insertions to the Plan to resolve the responses or objections; and (f) shall be filed, together with proof of service, with the Clerk of the United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with one copy to chambers, such that the responses or objections are actually received no later than the Confirmation Objection Deadline by (i) counsel to the Debtors, (ii) counsel

to the Committee, (iii) counsel to the Bondholder Group, and (iv) the U.S. Trustee., at the

following addresses:

<u>Counsel for the Debtors</u>

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-3999 (facsimile)
Attention:  James L. Bromley, Esq.
    (jbromley@cgsh.com)
    Lisa M. Schweitzer, Esq.
    (lschweitzer@cgsh.com)

Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, Delaware 19899
(302) 658-3989 (facsimile)
Attention:  Derek C. Abbott, Esq.
    (dabbott@mnat.com)
    Andrew R. Remming, Esq.
    (aremming@mnat.com)

<u>Counsel for the Creditors' Committee</u>

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
(212) 872-1002 (facsimile)
Attention:  Fred S. Hodara, Esq.
    David H. Botter, Esq.
    Brad M. Kahn, Esq.

Whiteford, Taylor and Preston LLP
The Renaissance Centre, Suite 500
405 North King Street
Wilmington, Delaware 19801
(302) 357-3288 (facsimile)
Attention:  Christopher M. Samis, Esq.

<u>Counsel for the Bondholder Group</u>

Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, New York 10005
(212) 530-5219 (facsimile)
Attention:  Albert A. Pisa, Esq.

<u>The United States Trustee</u>

Office of The United States Trustee
J. Caleb Boggs Federal Building
Room 2207, 844 N. King Street
Wilmington, DE 19801
Attention: Mark S. Kenney, Esq.

20. If a response or objection is not timely filed and served before the Confirmation

Objection Deadline, the responding or objecting party shall be barred from objecting to

confirmation of the Plan and be precluded from being heard at the Confirmation Hearing.

21.     Nothing herein shall prevent the Debtors from objecting to a proof of claim for voting purposes at any time at or prior to the Confirmation Hearing.

22.     Nothing herein shall prevent the Debtors from objecting to a proof of claim for allowance or distribution purposes.

23.     The Debtors are authorized to make any revisions or modifications, if any, to the Disclosure Statement, the Confirmation Hearing Notice, the Ballots and the Mater Ballots, and are authorized to make any amendments to the Plan in accordance with the Plan, including without limitation proposing new Classes of Claims or Interests or merging or redefining classes of Claims or Interests in consultation with their various creditor constituencies.

24.     The Debtors are authorized and empowered to take such steps, incur and pay such costs and expenses, including such costs and expenses incurred by the Voting Agent, to execute such documents and do such things as may be reasonably necessary to fulfill the notice requirements established by this Order.

25.     The Voting Agent is authorized and directed to take any action reasonably necessary to accomplish the solicitation and ballot tabulation, including, without limitation, to review, tabulate, and make preliminary determinations as to the validity of all acceptances and rejections of the Plan and to provide an affidavit setting forth the results of such tabulation to the Court prior to the date of the Confirmation Hearing.

26.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in

17

their discretion and without further delay, take any action and perform any act authorized under this Order.

27.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2016
        Wilmington, Delaware

                                        _____
                                        THE HONORABLE KEVIN GROSS
                                        UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**PROPOSED CONFIRMATION HEARING NOTICE**

[PROPOSED FORM OF CONFIRMATION HEARING NOTICE]

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------

|  |  |  |
|---|---|---|
| *In re* | ) | Chapter 11 |
|  | ) |  |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) | **Hearing date: January 24, 2017 10:00 a.m. (ET)** |
|  | ) | **Objections due: January 9, 2017 4:00 p.m. (ET)** |

---------------------------------------------------------

### NOTICE OF (I) HEARING TO CONSIDER CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION, (II) DEADLINES AND PROCEDURES FOR VOTING ON THE PLAN (III) AND DEADLINES AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION

TO ALL CREDITORS, HOLDERS OF CLAIMS OR INTERESTS AND PARTIES IN INTEREST

**PLEASE TAKE NOTICE THAT**:

1.      **Filing of Plan and Disclosure Statement.**  On November 4, 2016, Nortel Networks, Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), filed with the United States Bankruptcy Court for the District of Delaware (the "Court") the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. and Certain Of Its Affiliated Debtors (the "Disclosure Statement").  A copy of The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. and Certain Of Its Affiliated Debtors under Chapter 11 of the Bankruptcy Code (as it may be amended, the "Plan") is attached as Appendix A to the Disclosure Statement.  The Debtors reserve the right, in accordance with the terms and conditions of the Plan, to amend, modify or supplement the Disclosure Statement, the Plan or any documents related thereto. Capitalized terms used, but not defined herein, have the meaning ascribed to them in the Plan.

2.      **Obtaining Copies of Plan Materials.**  The Plan and the Disclosure Statement are available at no cost on the Debtors restructuring website at http://dm.epiq11.com/nortel (the "Case Information

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII").  NNIII will file a separate Chapter 11 Plan in its case.  Addresses for the Debtors can be found in the D3btors' petitions, which are available at http://dm.epiq11.com/Nortel.

Website"). If you have not received copies of these materials, you may contact the Debtors' Voting Agent, Epiq Bankruptcy Solutions (the "Voting Agent"), for copies of these materials. Requests should be sent to Epiq Bankruptcy Solutions, Attn: Nortel Networks Inc. Requests, P.O. Box 4422, Beaverton, OR 97076-4422 or via email to tabulation@epiqsystems.com with a reference to "Nortel" in the subject line. Copies are also available for review at the Office of the Clerk, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. **ANY QUESTIONS REGARDING THESE MATERIALS OR THE VOTING PROCESS MAY BE DIRECTED TO THE VOTING AGENT AT 1-844-319-7735 (TOLL FREE) OR 1-503-520-4494 (INTERNATIONAL).**

3.      **Disclosure Statement Order**. On December [●], 2016, the Court entered an order (the "Disclosure Statement Order"), which approved the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the United States Bankruptcy Code. Among other things, the Disclosure Statement Order (i) fixed November 21, 2016 as the Voting Record Date for purposes of determining which Holders of Claims are eligible to vote on the Plan and for other purposes, (ii) approved the procedures for solicitation of votes to accept or reject the Plan, (iii) fixed January 9, 2017 at 4:00 p.m. (Prevailing Eastern Time) as the date and time by which all votes to accept or reject the Plan must be received (the "Voting Deadline"), and (iv) fixed December 15, 2016 at 4:00 p.m. (Prevailing Eastern Time) as the last date and time by which motions for temporary allowance of claims pursuant to Bankruptcy Rule 3018(a) must be filed with the Court and received by the Debtors.

4.      **Voting on Plan.** Pursuant to the Disclosure Statement Order, Holders of Impaired Claims against the Debtors that have not been deemed to reject the Plan shall have the right to vote to accept or reject the Plan by using the approved Ballots, or as applicable, Master Ballots. For a vote to count, it must be properly completed, executed, marked and actually received by the Voting Agent on or before the Voting Deadline.

5.      **Confirmation Hearing.** A hearing to consider confirmation of the Plan, including the assumption and/or assignment of certain executory contracts and unexpired leases under the Plan, as well as any Rule 3018(a) Motions (as defined below) and any objections that may be interposed with respect to any and all such matters will commence before the Honorable Kevin Gross, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801 on **January 24, 2016 at 10:00 a.m. (Prevailing Eastern Time)** (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time without prior notice other than an announcement of the adjourned date or dates in open court. A notice of any such adjournment will be filed with the Court and posted on the Case Information Website.

6.      **Releases and Injunctions.** The Plan provides that on the Effective Date, the Debtors will receive releases and discharges under section 1141 of the Bankruptcy Code and other applicable provisions of the Bankruptcy Code. In addition, under Article XIII of the Plan, all Holders of Claims against the Debtors or other Plan Released Parties and Holders of Equity Interests will be deemed to forever release and discharge each of the Debtors and other Plan Released Parties for any and all Claims based on any acts or omissions occurring prior to the Effective Date in any way relating to, among other things, the Debtors' chapter 11 cases, the Disclosure Statement, the SPSA, the Plan and the Plan Supplement. These releases will be implemented through injunctions that prohibit any and all such Holders from maintaining actions that are released and discharged under the Bankruptcy Code or the terms of the Plan. **ALL PERSONS WHO HAVE RECEIVED THIS NOTICE ARE URGED TO CAREFULLY REVIEW ARTICLE XIII OF THE PLAN. THE TEXT OF THE DISCHARGE, RELEASE, INJUNCTION AND EXCULPATION PROVISIONS OF THE PLAN IS SET FORTH BELOW:**

**13.2      Release and Discharge of Debtors and Wind-Down Debtors.**

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE DEBTORS AND THE WIND-DOWN DEBTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE DEBTORS' OR THE WIND-DOWN DEBTORS' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.**

### 13.3     Release and Discharge of the Plan Released Parties.

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO: (I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE**

ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE SPSA OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS SECTION 13.3 OR SECTION 13.2 HEREOF, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, OR ANY DOCUMENT, INSTRUMENT OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE SPSA, AND EXCEPT AS OTHERWISE PROVIDED BY PRIOR OR SUBSEQUENT FINAL ORDER OF THE BANKRUPTCY COURT, NOTHING IN THIS SECTION 13.3 OR SECTION 13.2 SHALL OPERATE AS A WAIVER OR RELEASE OF (A) ANY PERSON (I) NAMED PRIOR TO THE EFFECTIVE DATE AS A DEFENDANT IN ANY ACTION COMMENCED BY OR ON BEHALF OF THE DEBTORS-IN-POSSESSION, INCLUDING ANY ACTIONS PROSECUTED BY THE CREDITORS' COMMITTEE AND THE BONDHOLDER GROUP OR (II) ADJUDICATED PRIOR TO THE EFFECTIVE DATE BY A COURT OF COMPETENT JURISDICTION TO HAVE ENGAGED IN ACTS OF DISHONESTY OR WILLFUL MISCONDUCT DETRIMENTAL TO THE INTEREST OF THE DEBTORS OR (B) ANY CLAIM (I) WITH RESPECT TO ANY LOAN, ADVANCE OR SIMILAR PAYMENT BY THE DEBTORS TO ANY SUCH PERSON, (II) WITH RESPECT TO ANY CONTRACTUAL OBLIGATION OWED BY SUCH PERSON TO THE DEBTORS OR (III) RELATING TO SUCH PERSON'S KNOWING FRAUD, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; AND *PROVIDED*, *FURTHER*, THAT THE FOREGOING IS NOT INTENDED, NOR SHALL IT BE CONSTRUED, TO RELEASE ANY OF THE DEBTORS' CLAIMS THAT MAY EXIST AGAINST THE DEBTORS' DIRECTORS AND OFFICERS LIABILITY INSURANCE; AND *PROVIDED*, *FURTHER*, THAT, NOTWITHSTANDING THE FOREGOING, ALL SUCH CLAIMS SHALL BE PRESERVED BY THE DEBTORS FOR SETOFF PURPOSES.

13.4    SPSA Releases.

UPON THE EFFECTIVE DATE, AS PROVIDED IN SECTION 8 OF THE SPSA AND IN CONSIDERATION FOR THE SETTLEMENTS PROVIDED FOR UNDER THE SPSA INCLUDING THE RELEASES GRANTED IN FAVOR OF THE DEBTOR RELEASING PARTIES UNDER THE SPSA, EACH OF THE DEBTOR RELEASING PARTIES (I) SHALL BE DEEMED TO HAVE RELEASED AND FOREVER DISCHARGED EACH OF THE OTHER SPSA RELEASED PARTIES FROM ANY AND ALL LIABILITY FOR CLAIMS, DEFENSES, DEMANDS, LIABILITIES, DAMAGES, ACTIONS, CONTRIBUTIONS, SUBROGATION, CAUSES OF ACTION, SETOFFS, RECOUPMENTS, COSTS AND EXPENSES (INCLUDING LAWYERS' OR OTHER FEES OR EXPENSES), THE FOREGOING TERMS TO BE CONSTRUED AS BROADLY AS POSSIBLE, WHETHER KNOWN OR UNKNOWN, PAST OR PRESENT, FIXED OR CONTINGENT, LIQUIDATED OR UNLIQUIDATED, WHICH ANY OF THE DEBTOR RELEASING PARTIES HAVE, HAD, MAY HAVE HAD OR HEREAFTER MAY

HAVE HOWEVER SO ARISING OUT OF OR IN CONNECTION WITH THE ALLOCATION DISPUTE, ANY OTHER MATTERS RESOLVED UNDER THE SPSA OR ANY OTHER MATTER RELATING TO THE CHAPTER 11 CASES OR THE FOREIGN PROCEEDINGS OR THE NORTEL GROUP (COLLECTIVELY, AND EXCLUDING THE NON-RELEASED MATTERS, THE "SPSA RELEASED CLAIMS") AND UNDERTAKE, COVENANT AND AGREE NOT TO MAKE ANY CLAIM, PARTICIPATE IN ANY PROCEEDING OR TAKE ANY ACTION AGAINST ANY OTHER PERSON OR ENTITY WHO WOULD AS A RESULT OF SUCH CLAIM, PROCEEDING OR ACTION HAVE A CLAIM FOR CONTRIBUTION OR INDEMNITY AGAINST ANY OF THE OTHER SPSA RELEASED PARTIES IN RELATION TO THE SPSA RELEASED CLAIMS, *PROVIDED HOWEVER*, THAT THE DEBTORS' RIGHT TO OBJECT TO, OR ASSERT COUNTERCLAIMS FOR PURPOSES OF SETOFF AGAINST, CLAIMS MADE AGAINST THEM BY DIRECTORS AND OFFICERS OF ANY NORTEL ENTITY AGAINST SUCH DEBTORS IS NOT RELEASED OR IN ANY WAY COMPROMISED. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS PARAGRAPH, THE RELEASES SET FORTH ABOVE IN THIS SECTION 13.4 DO NOT CONSTITUTE A RELEASE, WAIVER OR DISCHARGE OF ANY PROVEN CLAIMS AGAINST THE CANADIAN ESTATE FOR PAYMENT OF THE CROSSOVER BONDS OR THE NNCC BONDS, THE U.S. CANADIAN CLAIM, THE U.S. CANADIAN PRIORITY CLAIM, THE INTERCOMPANY CLAIMS SPECIFIED ON ANNEX L TO THE SPSA, NNI'S RIGHT TO RECEIVE PAYMENT FROM THE CANADIAN ESTATE IN THE AMOUNT OF $77.5 MILLION, AS PROVIDED FOR IN SECTION 4(E) OF THE SPSA, ANY CLAIM BETWEEN OR AMONG ANY OF THE DEBTORS AND THEIR SUBSIDIARIES, ANY CLAIM BETWEEN THE PBGC AND THE DEBTORS OR ANY OF THEIR U.S. SUBSIDIARIES, ANY PROFESSIONAL CLAIM, ANY CLAIM TO ENFORCE THE TERMS OF THE SPSA, THE PLAN, THE CANADIAN PLAN, AND ANY ORDER OF THE BANKRUPTCY COURT OR THE CCAA COURT RELATED THERETO, OR ANY OTHER MATTER LISTED UNDER SECTION 8(i) OF THE SPSA (COLLECTIVELY, THE "NON-RELEASED MATTERS").

### 13.5    Exculpation and Limitation of Liability.

None of the Exculpated Parties shall have or incur any liability to any Entity for any act taken or omitted to be taken in connection with and subsequent to the commencement of the Chapter 11 Cases, the formulation, preparation, dissemination, implementation, solicitation of votes, confirmation or approval of the Plan or any compromises or settlements contained therein, the administration of the Plan or Distributions under the Plan, the Disclosure Statement and any ancillary documents related thereto or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; *provided*, *however*, the foregoing provisions of this Section 13.5 shall not affect the liability of any Exculpated Party that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct, including, without limitation, fraud and criminal misconduct, and in all respects the Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.

### 13.6    Injunction on Claims.

Except as otherwise expressly provided in the Plan, the Confirmation Order or such other order of the Bankruptcy Court that may be applicable, all holders of Claims or other debt or liability that is treated under the Plan or Interest or other right of interest that is terminated or cancelled pursuant to the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such

Claim or other debt or liability or Interest or other right of equity interest that is terminated or cancelled pursuant to the Plan against the Debtors, the Estates or the Wind-Down Debtors or any properties or interest in properties of the Debtors or the Wind-Down Debtors, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Debtors, the Estates or the Wind-Down Debtors or any properties or interest in properties of the Debtors or the Wind-Down Debtors, (c) creating, perfecting or enforcing any encumbrance of any kind against the Debtors, the Estates or the Wind-Down Debtors or any properties or interest in properties of the Debtors or the Wind-Down Debtors, (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors, the Estates or the Wind-Down Debtors or any properties or interest in properties of the Debtors or the Wind-Down Debtors, (e) acting or proceeding in any manner that does not conform to or comply with the provisions of the Plan and (f) taking any actions to interfere with the implementation or consummation of the Plan, with respect to any such Claim or other debt or liability that is discharged or Interest or other right of equity interest that is terminated or cancelled pursuant to the Plan.

7.      **Objection Deadlines.**  Responses or objections, if any, to confirmation of the Plan including the assumption and/or assignment of certain executory contracts and unexpired leases under the Plan or cure amounts related to any contracts or leases to be assumed under the Plan as identified on Exhibit C to the Plan which may be provided in the Debtors' Plan Supplement, (a) shall be in writing; (b) state, if appropriate, the amount and nature of the claims or interests held or asserted by the objecting party against the Debtors' estates or property; (c) shall state, if appropriate, the amount and nature of the objector's claim or interest; (d) shall state the grounds for the responses or objections and the legal basis therefor; (e) shall reference with specificity the text of the Plan to which the responses or objections are made, and shall provide proposed language changes or insertions to the Plan to resolve the responses or objections; and (f) shall be filed, together with proof of service, with the Clerk of the United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with one copy to chambers, such that the responses or objections are actually received no later than **4:00 p.m. (Prevailing Eastern Time) on January 9, 2017** by each of the following parties:

Counsel for the Debtors

| | |
|---|---|
| Cleary Gottlieb Steen & Hamilton LLP | Morris, Nichols, Arsht & Tunnell LLP |
| One Liberty Plaza | 1201 North Market Street, 18th Floor |
| New York, New York 10006 | P.O. Box 1347 |
| (212) 225-3999 (facsimile) | Wilmington, Delaware 19899 |
| Attention:   James L. Bromley, Esq. | (302) 658-3989 (facsimile) |
|            Lisa M. Schweitzer, Esq. | Attention:   Derek C. Abbott, Esq. |
| | Andrew R. Remming, Esq. |

Counsel for the Creditors' Committee

| | |
|---|---|
| Akin Gump Strauss Hauer & Feld LLP | Whiteford, Taylor and Preston LLP |
| One Bryant Park | The Renaissance Centre, Suite 500 |
| New York, New York 10036 | 405 North King Street |
| (212) 872-1002 (facsimile) | Wilmington, Delaware 19801 |
| Attention:   Fred S. Hodara, Esq. | (302) 357-3288 (facsimile) |
|            David H. Botter, Esq. | Attention:   Christopher M. Samis, Esq. |
|            Brad M. Kahn, Esq. | |

Counsel for the Bondholder Group

Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, New York 10005
(212) 530-5219 (facsimile)
Attention:   Albert A. Pisa, Esq.

The United States Trustee

Office of The United States Trustee
J. Caleb Boggs Federal Building
Room 2207, 844 N. King Street
Wilmington, DE 19801
Attention: Mark S. Kenney, Esq.

 Any objections to cure amounts must state with specificity the cure amount the objecting party believes is required and provide appropriate documentation in support thereof.  **If any response or objection is not timely filed and served before the Confirmation Objection Deadline, the responding or objecting party shall be barred from objecting to confirmation of the Plan and be precluded from being heard at the Confirmation Hearing.**

8.     **Voting Tabulation and Temporary Allowance.**  Votes on the Plan will be counted in accordance with the procedures established by the Bankruptcy Court in its Order Approving the Disclosure Statement, Establishing the Voting Record Date and Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and Setting the Confirmation Hearing Date and Establishing Notice and Objection Procedures [D.I. •], such that (a) Claims deemed Allowed pursuant to an agreement with the Debtors or an order of the Court, or that are listed as undisputed, non-contingent and liquidated on the Debtors' Schedules or in a timely filed proof of Claim, will be temporarily allowed for voting purposes only in an amount listed in the agreement with the Debtors, the Order, the Schedules, or the proof of Claim, (b) Claims to which the Debtors have served an objection or request for estimation no later than December 8, 2016 shall be temporarily disallowed for voting purposes only, except to the extent and in the manner as may be set forth in such objection or as ordered by the Court before the Voting Deadline, *provided* that Claims that amend previously filed Claims to which the Debtors have objected or requested estimation and for which such objection or estimation request remains pending or unresolved shall also be deemed to be subject to a pending objection or request for estimation for purposes of this provision, (c) Claims that are listed on the Debtors' Schedules as disputed, contingent, or unliquidated and for which no proof of Claim has been timely filed shall not be entitled to vote unless temporarily allowed by the Court, after notice and a hearing, as described below, (d) Claims for which a proof of Claim has been timely filed for unknown or undetermined amounts, or that are wholly contingent, unliquidated or disputed (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtor or the Voting Agent), shall be temporarily allowed for one dollar ($1.00) for voting purposes only. Any party seeking temporary allowance of a Claim for voting purposes in a manner different than as stated in a Claims Objection shall be required to file with the Court a motion, with evidence in support thereof, seeking temporary allowance of such Claim pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") on or before **December 15, 2016 at 4:00 p.m. (Prevailing Eastern Time)** (the "Rule 3018(a) Motion Deadline").  Furthermore, any Holder of a Claim that is scheduled as disputed, unliquidated or contingent in the Debtors' Schedules who wishes to vote on a Plan must file a Rule 3018(a) Motion on or prior to the Rule 3018(a) Motion Deadline.  A Rule 3018(a) Motion must be filed and served on the Debtors by United States mail, overnight mail, facsimile, hand delivery or e-mail to the

attention of Derek Abbott of Morris Nichols Arsht & Tunnell LLP (dabbott@mnat.com) and Lisa Schweitzer of Cleary Gottlieb Steen & Hamilton LLP (lschweitzer@cgsh.com) so as to be received by the Rule 3018(a) Motion Deadline.  Rule 3018(a) Motions will be heard at a hearing on January 5, 2017 at a time set by the Court, if not resolved by the movant and the Debtors prior to that time.

Dated:  _____, 2016

<div align="center">BY ORDER OF THE UNITED STATES BANKRUPTCY COURT</div>

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Counsel for the Debtors and Debtors in Possession
One Liberty Plaza
New York, New York 10006
(212) 225-2000
James L. Bromley
Lisa M. Schweitzer

**EXHIBIT C**

**NOTICE TO NON-VOTING CLASSES DEEMED TO ACCEPT THE PLAN**

**[PROPOSED FORM OF NOTICE TO CLASS 1 AND CLASS 2 CLAIMANTS]**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------

|  |  |  |
|---|---|---|
| *In re* | ) | Chapter 11 |
|  | ) |  |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |

-----------------------------------------------------------

## NOTICE OF NON-VOTING STATUS TO UNIMPAIRED CLASSES:
## CLASS 1 (PRIORITY NON-TAX CLAIMS) AND CLASS 2 (SECURED CLAIMS)

Please take notice that on [●], the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Order") approving the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Certain Of Its Affiliated Debtors (the "Disclosure Statement") filed by Nortel Networks, Inc. and certain of its affiliated Debtors as debtors and debtors in possession (the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Order also authorized the Debtors to solicit votes to accept or reject The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. and Its Affiliated Debtors under Chapter 11 of the Bankruptcy Code (as it may be amended, the "Plan"). Capitalized terms used, but not defined herein, have the meaning ascribed to them in the Plan.

UNDER THE TERMS OF THE PLAN, CLASS 1 (PRIORITY NON-TAX CLAIMS) AND CLASS 2 (SECURED CLAIMS) ARE NOT IMPAIRED AND, THEREFORE, PURSUANT TO SECTION 1126(F) OF THE BANKRUPTCY CODE, HOLDERS OF SUCH CLAIMS (I) ARE CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN AND (II) ARE NOT ENTITLED TO VOTE ON THE PLAN.

**The Plan provides that on the Effective Date, the Debtors will receive releases and discharges under section 1141 of the Bankruptcy Code and other applicable provisions of the Bankruptcy Code. In addition, under Article XIII of the Plan, all Holders of Claims against the**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII"). NNIII will file a separate Chapter 11 Plan in its case. Addresses for the Debtors can be found in the D3btors' petitions, which are available at http://dm.epiq11.com/Nortel.

**Debtors or other Plan Released Parties and Holders of Equity Interests will be deemed to forever release and discharge each of the Debtors and the other Plan Released Parties for any and all Claims based on any acts or omissions occurring prior to the Effective Date in any way relating to, among other things, the Debtors' chapter 11 cases, the SPSA entered into by the Debtors, the Disclosure Statement, the Plan, or any document contained in the Plan Supplement.  These releases will be implemented through injunctions that prohibit any and all such Holders from maintaining actions that are released and discharged under the Bankruptcy Code or the terms of the Plan.  All persons who have received this Notice are urged to carefully review Article XIII of the Plan.**

IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIMS, YOU SHOULD CONTACT THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "NORTEL" IN THE SUBJECT LINE.  COPIES OF THE DISCLOSURE STATEMENT AND THE PLAN ARE AVAILABLE AT NO COST ON THE DEBTORS' RESTRUCTURING WEBSITE AT HTTP://DM.EPIQ11.COM/NORTEL .

Dated: _____, 2016

                    BY ORDER OF THE UNITED STATES BANKRUPTCY COURT

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Counsel for the Debtors and Debtors in Possession
One Liberty Plaza
New York, New York 10006
(212) 225-2000
James L. Bromley
Lisa M. Schweitzer

**EXHIBIT D**

**NOTICE TO NON-VOTING CLASSES DEEMED TO REJECT THE PLAN**

**[PROPOSED FORM OF NOTICE TO CLASS 4 SUBORDINATED CLAIMANTS,
5A CLAIMANTS AND CLASS 5B INTEREST HOLDERS]**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------

|  |  |  |
|---|---|---|
| *In re* | ) | Chapter 11 |
|  | ) |  |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |

-------------------------------------------------------------

**NOTICE OF NON-VOTING STATUS TO IMPAIRED
CLASSES: CLASS 4 (SUBORDINATED CLAIMS), 5A
(INTERESTS) AND CLASS 5B (INTERESTS SECURITIES FRAUD CLAIMS)**

Please take notice that on [●], the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Order") approving the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Certain Of Its Affiliated Debtors (the "Disclosure Statement") filed by Nortel Networks, Inc. and certain of its affiliated Debtors as debtors and debtors in possession (the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Order also authorized the Debtors to solicit votes to accept or reject The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. and its Affiliated Debtors under Chapter 11 of the Bankruptcy Code (as it may be amended, the "Plan"). Capitalized terms used, but not defined herein, have the meaning ascribed to them in the Plan.

UNDER THE TERMS OF THE PLAN, CLASS 5A (INTERESTS) AND CLASS 5B (INTERESTS SECURITIES FRAUD CLAIMS) ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF SUCH CLAIM(S) AGAINST OR INTEREST(S) IN THE DEBTORS. THEREFORE, PURSUANT TO SECTION 1126(G) OF THE BANKRUPTCY CODE, HOLDERS OF SUCH CLAIMS (I) ARE DEEMED TO HAVE REJECTED THE PLAN AND (II) ARE NOT ENTITLED TO VOTE ON THE PLAN.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII"). NNIII will file a separate Chapter 11 Plan in its case. Addresses for the Debtors can be found in the D3btors' petitions, which are available at http://dm.epiq11.com/Nortel.

.

**The Plan provides that on the Effective Date, the Debtors will receive releases and discharges under section 1141 of the Bankruptcy Code and other applicable provisions of the Bankruptcy Code.  In addition, under Article XIII of the Plan, all Holders of Claims against the Debtors or other Plan Released Parties and Holders of Equity Interests will be deemed to forever release and discharge each of the Debtors and other Plan Released Parties for any and all Claims based on any acts or omissions occurring prior to the Effective Date in any way relating to, among other things, the Debtors' chapter 11 cases, the SPSA entered into by the Debtors, the Disclosure Statement, the Plan or any document contained in the Plan Supplement.  These releases will be implemented through injunctions that prohibit any and all such Holders from maintaining actions that are released and discharged under the Bankruptcy Code or the terms of the Plan.  All persons who have received this Notice are urged to carefully review Article XIII of the Plan.**

IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIMS, YOU SHOULD CONTACT THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "NORTEL" IN THE SUBJECT LINE.  COPIES OF THE DISCLOSURE STATEMENT AND THE PLAN ARE AVAILABLE AT NO COST ON THE DEBTORS' RESTRUCTURING WEBSITE AT HTTP://DM.EPIQ11.COM/NORTEL.
.

Dated: _____, 2016

                                   BY ORDER OF THE UNITED STATES BANKRUPTCY COURT

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Counsel for the Debtors and Debtors in Possession
One Liberty Plaza
New York, New York 10006
(212) 225-2000
James L. Bromley
Lisa M. Schweitzer

**EXHIBIT E-1**

**BALLOT FOR HOLDERS OF NNI/NNCC CLASS 3A (GENERAL UNSECURED CLAIMS) AND 3C (CONVENIENCE CLASS CLAIMS)**

**[PROPOSED FORM OF BALLOT]**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------

|  |  |  |
|---|---|---|
| *In re* | ) | Chapter 11 |
|  | ) |  |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |

--------------------------------------------------------

**BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF NORTEL NETWORKS, INC. AND CERTAIN OF ITS AFFILIATED DEBTORS**

**(CLASS 3A: GENERAL UNSECURED CLAIMS)**
**(CLASS 3C: CONVENIENCE CLAIMS)**

THE **VOTING DEADLINE** BY WHICH YOUR BALLOT MUST BE *ACTUALLY RECEIVED* BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS **4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017.** IF YOUR BALLOT IS NOT *ACTUALLY RECEIVED* ON OR BEFORE THE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY *NOT* BE COUNTED.

**TAKE NOTE THAT THESE MATERIALS** relate to the U.S. DEBTORS' CHAPTER 11 CASES ONLY and do not apply to any other restructuring proceeding including the

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII").  NNIII will file a separate Chapter 11 Plan in its case.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.
.

**Canadian CCAA Proceeding Proceedings of the Canadian Debtors. If you have claims in both the U.S. and Canadian proceedings, you <u>MUST</u> vote your claims in respect of the U.S. Debtors in these Chapter 11 Cases in order for your vote to count with respect to the U.S. Debtors' Plan and must comply with the applicable procedures in the Canadian Debtors' cases for your claim in respect of the Canadian Debtors. A vote in the Canadian CCAA Proceedings will not be recognized in the Chapter 11 Cases and *vice versa*.**

Please use this Ballot to cast your vote to accept or reject the First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors (as it may be amended, the "<u>Plan</u>").  Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix A to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors, dated [•] (the "<u>Disclosure Statement</u>"), which accompanies this Ballot.  If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' restructuring website at http://dm.epiq11.com/nortel.  Before you transmit such votes, please review the Plan and the Disclosure Statement carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your votes counted, you must complete, sign and return this Ballot in accordance with the instructions described below.

<div align="center">

**HOW TO VOTE**

</div>

1.    COMPLETE ITEM 1 AND ITEM 2.
2.    CHECK THE BOX IN ITEM 3 IF YOU ARE NOT VOTING TO ACCEPT OR REJECT THE PLAN AND ELECT TO OPT OUT OF THE RELEASES CONTAIN IN ARTICLE XIII OF THE PLAN.
3.    COMPLETE ITEM 4.  NOTE THAT THIS ITEM IS OPTIONAL.
4.    REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 5.    **SIGN THE BALLOT.**
5.    RETURN THE BALLOT TO THE VOTING AGENT.
6.    YOU MUST VOTE ***YOUR ENTIRE CLAIM*** TO ACCEPT OR TO REJECT THE PLAN AND ***MAY NOT SPLIT YOUR VOTE***.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Item 1.**      **Amount of Claim(s) Voted**. For the purposes of voting to accept or reject the Plan, the undersigned holds General Unsecured Claim(s) as set forth below as of [___], the Voting Record Date[2]:

**Claim(s) Against Debtor**: _____

> $ _____

**Item 2.**      **Vote**.  The undersigned Holder of a General Unsecured Claim in the amount set forth in Item 1 above hereby votes as follows (check one box only-if you do not check a box your vote may not be counted):

❑ to **Accept** (votes for) the Plan.

OR

❑ to **Reject** (votes against) the Plan.

**Item 3.**      **Optional Third Party Release Election.**   Item 3 is to be completed <u>only</u> if you are <u>not voting to accept or reject the Plan</u> and wish to opt out of the Third Party Releases in Section 13.3 of the Plan (please refer to Article 13 of the Plan for the full Plan releases).

The Holder of the Class 3A Claims set forth in Item 1 hereby elects to (please check one):

> ❑ **OPT OUT** OF THE THIRD PARTY RELEASES

IF YOU VOTE TO REJECT THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASES. **Do not complete this Item 3.**

---

[2] For voting only, subject to tabulation rules.

3

IF YOU VOTE TO **ACCEPT** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES.

IF YOU **ABSTAIN FROM VOTING ON** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES, UNLESS YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD PARTY RELEASES.

**Article 13.3 of the Plan provides for the following Third Party Releases:**

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO: (I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE SPSA OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE**

**OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.**

**Item 4.         Voluntary Election For Convenience Claim Treatment.** As explained in the Plan and the Disclosure Statement, a Convenience Claim is any General Unsecured Claim (i) in an Allowed amount equal to or less than $25,000 whose holder elects on this Ballot for such Claim(s) to be Allowed as a Convenience Claim and receive treatment as a Convenience Claim in accordance with the Plan, or, (ii) in an Allowed amount greater than $25,000, whose holder elects on this Ballot for such Allowed Claim to be reduced and Allowed at $25,000 in order to receive treatment as a Convenience Claim in the amount of $25,000 in accordance with the Plan. If you make the Convenience Class Election below**, then you will be deemed to have waived your Class 3A Claim(s) listed above in Item 1, and instead your Claim(s) listed in Item 1 shall be converted to Class 3C Convenience Claim(s) in the aggregate amount of $25,000 or less, and your vote on this Ballot will count as a Class 3C vote.**

**The undersigned holder of Class 3A General Unsecured Claims as set forth in Item 1:**

> ❑  **ACCEPTS the Convenience Class Election** and the conversion of its its Class 3A General Unsecured Claim(s) listed above in Item 1 into a Class 3C Convenience Claim in the aggregate amount of $25,000 or less.

**Item 5.         Acknowledgements and Certification.** By signing and returning this Ballot, the undersigned certifies that:

(a)      the information in Item 1 is true and correct;

(b)      no other Ballot cast with respect to the amount of the Class 3A Claims identified in Item 1 have been cast with respect to such Class 3A Claims, or that any such previously cast Ballots are hereby revoked;

(c)      a copy of the Disclosure Statement relating to the Plan, including without limitation the release and injunction provisions of Article XIII of the Plan, has been provided to and reviewed by the undersigned; and

(d)      as the Holder or authorized signatory of the amount of Class 3A Claims set forth in Item 1, the undersigned has full power and authority to vote to accept or reject the Plan.

The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan.

Name:_____
                                   (Print or Type)

Signature:_____

5

Name of Signatory:_____
                              (if other than Holder)
Title:_____
                              (if applicable)
Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____


This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a Claim or Interest, or an admission by the Debtors of the nature, validity or amount of any Claim or Interest.

6

**VOTING INSTRUCTIONS**

**In re Nortel Networks, Inc., Case No. 09-10138 (Bankr. D. Del.)**

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME FOR YOUR VOTE TO BE _ACTUALLY RECEIVED_ BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, BY 4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017, OR YOUR VOTE MAY NOT BE COUNTED.**

**IT MAY BE FORWARDED TO THE VOTING AGENT IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

| If by U.S. First Class Mail to: | If by Overnight Courier or Personal Delivery: |
|---|---|
| Nortel Networks Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Nortel Networks Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 |

**Please Take Notice That**:

1. The rules which govern the solicitation and tabulation of votes to accept or reject the Plan can be found in the Disclosure Statement Order [D.I. •].  Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Agent by the Voting Deadline.  **Ballots will not be accepted by email, facsimile or other electronic means.**

3. If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must use separate Ballots for each Class of Claims.

4. If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must vote all of your Claims in a Class or in different Classes either to accept or reject the Plan. Ballots cast by the same Holder in different Classes which do not all vote to accept or reject the Plan will not be counted.  You may not split your vote and, accordingly, a Ballot that partially rejects and partially accepts or that votes to both accept and reject will not be counted.

5. Any executed Ballot received by the Voting Agent that does not indicate either an acceptance or rejection of the Plan will not be counted.

6. Any unsigned Ballot or Ballot not bearing an original signature will not be counted.

7

7. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

8. Except to the extent determined by the Debtors in their reasonable discretion or as otherwise permitted by the Court, the Debtors will not accept or count any Ballots received after the Voting Deadline.

9. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

10. Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is received on or before such deadline.

11. If multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Voting Agent.

12. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code and based on a reasonable review by the Solicitation Agent, separate Claims held by a single creditor in a particular class shall be aggregated as if such creditor held one Claim against the Debtors in such class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

---

IF YOU ARE A HOLDER OF A CLAIM ENTITLED TO VOTE ON THE PLAN AND HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT **BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.**

---

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN.**

**EXHIBIT E-2**

**MASTER BALLOT FOR HOLDERS OF NNI/NNCC CLASS 3A CLAIMS
(NNCC BONDS CLAIMS)**

**[PROPOSED FORM OF MASTER BALLOT]**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ---------------------------------------------------------- X | : | |
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | |
| ---------------------------------------------------------- X | : | |

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN  OF NORTEL NETWORKS, INC. AND CERTAIN OF ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**MASTER BALLOT FOR VOTING NNCC 7.875% BONDS DUE 2026 ISSUED BY NORTEL NETWORKS CAPITAL CORPORATION**

**(CLASS 3A: NNCC BONDS CLAIMS)**

THE **VOTING DEADLINE** BY WHICH THIS MASTER BALLOT MUST BE ***ACTUALLY RECEIVED*** BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS **4:00 P.M., NEW YORK CITY TIME ON _____, 2017**.  IF YOUR MASTER

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII").  NNIII will file a separate Chapter 11 Plan in its case.  Addresses for the Debtors can be found in the D3btors' petitions, which are available at http://dm.epiq11.com/Nortel.

CUSIP NO. [ ]

BALLOT IS NOT ***ACTUALLY RECEIVED*** ON OR BEFORE THE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY ***NOT*** BE COUNTED.

This Master Ballot is to be used by you, as a broker, bank, or other nominee (or as their proxy holder or agent) (each of the foregoing, a "Nominee"), for beneficial owners of the NNCC 7.875% Bonds Due 2026 (collectively, the "NNCC Bonds"), to transmit the votes of such Holders in respect of their NNCC Bonds to accept or reject the First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Certain of its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code (as it may be amended, the "Plan"). Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix A to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Certain of its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code, dated [•], 2016 (the "Disclosure Statement"). If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' case information website at http://dm.epiq11.com/nortel. Before you transmit such votes, please review the Plan and the Disclosure Statement carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you and the beneficial owners of NNCC Bonds for which you are the Nominee if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER BALLOT, AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, ON OR BEFORE THE VOTING DEADLINE OF 4:00 P.M., NEW YORK CITY TIME ON [_____, 2017]. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED, AND ACTUALLY RECEIVED BY THE DEBTORS' VOTING AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS MASTER BALLOT MAY NOT BE COUNTED.**

**Item 1.  Certification of Authority to Vote**.  The undersigned certifies that as of [•], 2016, the Voting Record Date, the undersigned (please check the applicable box):

❑     Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of Notes listed in Item 2 below, and is the registered Holder of such securities, or

❑     Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the

registered Holder of the aggregate principal amount of NNCC Bonds listed in Item 2 below, or

❑ Has been granted a proxy (an original of which is attached hereto) from a broker, bank or other nominee, or a beneficial owner, that is the registered Holder of the aggregate principal amount of NNCC Bonds listed in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the beneficial owners of the NNCC Bonds described in Item 2 below.

**Item 2. Class 3A Vote (NNCC Bonds Claims)**.  The undersigned transmits the following votes of beneficial owners in respect of their NNCC Bonds, and certifies that the following beneficial owners of NNCC Bonds, as identified by their respective customer account numbers set forth below, are beneficial owners of such securities as of November 21, 2016, the Voting Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes. (Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.)

Please note:  Each beneficial owner must vote all his, her, or its Class 3A Claims (NNCC Bonds Claims) either to accept or reject the Plan, and may not split such vote.

| Your Customer Account Number of Each Beneficial Owner of Notes | Principal Amount of Notes Voted to ACCEPT the Plan | | Principal Amount of Notes Voted to REJECT the Plan |
|---|---|---|---|
| 1. | $ | OR | $ |
| 2. | $ | OR | $ |
| 3. | $ | OR | $ |
| 4. | $ | OR | $ |
| 5. | $ | OR | $ |
| 6. | $ | OR | $ |
| 7. | $ | OR | $ |
| 8. | $ | OR | $ |
| 9. | $ | OR | $ |
| 10. | $ | OR | $ |
| TOTALS | $ | | $ |

**Item 3. Certification As to Transcription of Information From Item 3 of Beneficial Owner Ballots As to Other NNCC Bonds Voted by Beneficial Owners**. The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial owners in Item 4 of the Beneficial Owner Ballots, identifying any other NNCC Bonds for which such beneficial owners have submitted other Ballots:

| Your customer account number for each beneficial owner who completed Item 3 of the Beneficial Owner Ballot | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL OWNER BALLOT | | |
|---|---|---|---|
| | Account Number (Transcribe from Item 3 of Beneficial Owner Ballot) | Name of Holder (Transcribe from Item 3 of Beneficial Owner Ballot) | Principal Amount of Other NNCC Bonds Voted (Transcribe from Item 3 of Beneficial Owner Ballot) |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |
| 5. | | | $ |
| 6. | | | $ |
| 7. | | | $ |
| 8. | | | $ |
| 9. | | | $ |
| 10. | | | $ |

CUSIP NO. [ ]

**Item 4.  Certification**.  By signing this Master Ballot, the undersigned certifies that each beneficial owner of NNCC Bonds listed in Item 2 above has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Broker, Bank, or Other Nominee:

_____
(Print or Type)

Name of Proxy Holder or Agent for Broker, Bank, or Other Nominee (if applicable):

_____
(Print or Type)

Participant No.:_____

Signature:_____

Name of Signatory:_____

Title:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:  _____

Date Completed:_____

**INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT**

**In re Nortel Networks, Inc., Case No. 09-10138 (Bankr. D. Del.)**

---

**THIS MASTER BALLOT MUST BE FORWARDED IN SUFFICIENT TIME TO BE *ACTUALLY RECEIVED* BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, BY 4:00 P.M., NEW YORK CITY TIME ON [•], 2017, OR THE VOTES OF YOUR CUSTOMERS SUMMARIZED HEREIN MAY NOT BE COUNTED.**

**PLEASE FORWARD THIS MASTER BALLOT BY U.S. MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO EPIQ BANKRUPTCY SOLUTIONS, ATTN: NORTEL NETWORKS, INC., MASTER BALLOT PROCESSING, 777 THIRD AVENUE, 12TH FLOOR, NEW YORK, NY 10017**

---

**IF YOU HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.**

---

**VOTING DEADLINE:**

The Voting Deadline is **4:00 P.M., NEW YORK CITY TIME ON [_____,] 2017**. To have the vote of your customers count, you must complete, sign, and return this Master Ballot so that it is **ACTUALLY RECEIVED** on or before the Voting Deadline by Epiq Bankruptcy Solutions (the "Voting Agent"), at:

> Epiq Bankruptcy Solutions
> Attn: Nortel Networks, Inc. Master Ballot Processing
> 777 Third Avenue, 12th Floor
> New York, NY 10017

**HOW TO VOTE:**

If you are both the registered owner and beneficial owner of any principal amount of NNCC Bonds and you wish to vote such NNCC Bonds, you may complete, execute, and return to Epiq Bankruptcy Solutions either a Beneficial Owner Ballot or a Master Ballot.

**If you are transmitting the votes of any beneficial owners of NNCC Bonds other than yourself, you may *either*:**

1. "Pre-validate" the individual Beneficial Ballot by signing the Ballot and including your DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of the Class 3A NNCC Bonds held by you as Nominee for such Beneficial Holder. Then forward the pre-validated Ballot with the Disclosure Statement, and a return envelope addressed to the Voting Agent to the Beneficial Holder. The Beneficial Holder then completes the information requested on the Ballot and returns the Ballot directly to the Voting Agent. A list of the Beneficial Holders to whom pre-validated Ballots were

delivered should be maintained by you for inspection for at least one year from the Effective Date;

<p style="text-align:center">OR</p>

2.    For any Beneficial Owner Ballots you do not "pre-validate,"

Deliver the Beneficial Owner Ballot to the beneficial owner, along with the Disclosure Statement and other materials requested to be forwarded, and take the necessary actions to enable such beneficial owner to (i) complete and execute such Beneficial Owner Ballot voting to accept or reject the Plan, and (ii) return the completed and executed Beneficial Owner Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline; and

With respect to all Beneficial Owner Ballots returned to you, you must properly complete the Master Ballot, as follows:

a.    Check the appropriate box in Item 1 on the Master Ballot;

b.    Indicate the votes to accept or reject the Plan in Item 2 of this Master Ballot, as transmitted to you by the beneficial owners of NNCC Bonds.  To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number). **IMPORTANT: BENEFICIAL OWNERS MAY _NOT_ SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE _ALL_ HIS, HER, OR ITS NNCC BONDS _EITHER_ TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.**  Any Beneficial Owner Ballot or Master Ballot which is validly executed but which does not indicate acceptance or rejection of the Plan by the indicated beneficial owner or which impermissibly attempts to split a vote will not be counted;

c.    Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each beneficial owner from Item 3 of each completed Beneficial Owner Ballot relating to other NNCC Bonds voted;

d.    Review the certification in Item 4 of the Master Ballot;

e.    Sign and date the Master Ballot, and provide the remaining information requested in Item 4;

f.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

g.    Multiple Master Ballots may be completed and delivered to the Voting Agent.  Votes reflected by multiple Master Ballots will be counted except to the extent that the votes thereon are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the latest Master Ballots actually received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot.  If more than one Master Ballot is submitted and the later Master Ballot supplements rather than supersedes the earlier Master Ballot(s), please mark the subsequent Master Ballot

with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote; and

h.  Deliver the completed and executed Master Ballot so that it is ***actually received*** by the Voting Agent on or before the Voting Deadline.

i.  Retain such Ballots from Beneficial Owners, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date of the Plan.  You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

**PLEASE NOTE:**

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with this Master Ballot.

No Beneficial Owner Ballot or Master Ballot shall constitute or be deemed a proof of claim, an assertion of a Claim or an admission by the Debtors of the nature, validity or amount of any Claim or Interest.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF ANY DEBTOR OR EPIQ BANKRUPTCY SOLUTIONS, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN OR DISCLOSURE STATEMENT, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

**IF YOU HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "NORTEL" IN THE SUBJECT LINE.**

CUSIP NO. [ ]

**EXHIBIT E-3**

**Beneficial Ballot for Holders of NNI/NNCC Class 3A Claims
(NNCC Bonds Claims)**

**[PROPOSED FORM OF BALLOT]**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---

|  |  |  |
|---|---|---|
| ----------------------------------------------------- X | : | |
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | |
| ----------------------------------------------------- X | : | |

**BENEFICIAL OWNER BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN  OF NORTEL NETWORKS, INC. AND CERTAIN OF ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**BENEFICIAL OWNER BALLOT FOR VOTING NNCC 7.875% BONDS DUE 2026 ISSUED BY NORTEL NETWORKS CAPITAL CORPORATION
(CLASS 3A: NNCC Bonds Claims)**

---

THE **VOTING DEADLINE** BY WHICH THIS BALLOT MUST BE *ACTUALLY RECEIVED* BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS **4:00 P.M., NEW YORK CITY TIME ON _____, 2017** *OR SUCH EARLIER DATE THAT MAY BE ESTABLISHED BY YOUR NOMINEE*.  IF YOUR BALLOT IS NOT *ACTUALLY RECEIVED* ON OR BEFORE THE APPLICABLE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY *NOT* BE COUNTED.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) ), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII").  NNIII will file a separate Chapter 11 Plan in its case.  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel

> **TAKE NOTE THAT THESE MATERIALS relate to the U.S. DEBTORS' CHAPTER 11 CASES ONLY and do not apply to any other restructuring proceeding including the Canadian CCAA Proceeding Proceedings of the Canadian Debtors. If you have claims in both the U.S. and Canadian proceedings, you MUST vote your claims in respect of the U.S. Debtors in these Chapter 11 Cases in order for your vote to count with respect to the U.S. Debtors' Plan and must comply with the applicable procedures in the Canadian Debtors' cases for your claim in respect of the Canadian Debtors. A vote in the Canadian CCAA Proceedings will not be recognized in the Chapter 11 Cases and *vice versa*.**

If you are a beneficial owner of any of the NNCC 7.875% Bonds Due 2026 issued by NNCC (collectively, the "NNCC Bonds"), please use this Ballot to cast your vote to accept or reject the Joint Chapter 11 Plan Of Nortel Networks, Inc. And Certain of its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code (as it may be amended, the "Plan"). Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix A to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Certain of its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code, dated [_____ __], 2016 (the "Disclosure Statement"), which accompanies this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' restructuring website at http://dm.epiq11.com/nortel. Before you transmit such votes, please review the Plan and the Disclosure Statement carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your votes count, you must complete, sign and return this Ballot in accordance with the instructions described below.

CUSIP NO.[      ]

---

**HOW TO VOTE**

1. COMPLETE ITEM 1 (if not already filled out by your nominee) AND ITEM 2 AND COMPLETE ITEM 3 (if applicable).

2. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.

3. **SIGN THE BALLOT** (unless your Ballot has already been signed or "prevalidated" by your nominee).

4. RETURN YOUR BALLOT IN THE ENVELOPE PROVIDED OR AS OTHERWISE DIRECTED BY YOUR NOMINEE.  THIS BALLOT OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BALLOT MUST ACTUALLY BE RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE.

5. YOU MUST VOTE ***ALL YOUR*** NNCC BONDS ***EITHER*** TO ACCEPT OR TO REJECT THE PLAN AND ***MAY NOT SPLIT YOUR VOTE***.

---

An authorized signatory of an eligible beneficial owner may execute this Ballot, but must provide the name and address of the beneficial owner on this Ballot and may be required to submit evidence to the Bankruptcy Court demonstrating such signatory's authorization to vote on behalf of the beneficial owner.  Authorized signatories voting on behalf of more than one beneficial owner must complete a separate Ballot for each owner.

You may receive multiple mailings containing Ballots, especially if you own your NNCC Bonds through more than one bank, broker, or other intermediary. You should vote each Ballot that you receive for all of the NNCC Bonds that you beneficially own.  You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**Your bond was issued by a U.S. entity and guaranteed by a Canadian entity and as such you may receive multiple Ballots for the same bond.  You are both entitled and encouraged to complete and submit a vote on each and every Ballot you receive.  As stated above, you MUST vote on this Ballot in order for your vote to count with respect to the U.S. Debtors' Plan, and a vote on this Ballot will not count in any other restructuring proceeding, including the Canadian CCAA Proceedings.**

Item 1.    **Principal Amount of NNCC Bonds Voted**. The undersigned certifies that as of [__], the Voting Record Date, the undersigned was either the beneficial owner, or the authorized signatory for a beneficial owner, of NNCC Bonds in the following aggregate unpaid principal amount (insert amount in the box below).  If your NNCC Bonds are held by a nominee on your behalf and you do not know the amount, please contact your nominee immediately.

> $

**Item 2.**          **Vote**.  The beneficial owner of the NNCC Bonds identified in Item 1 hereby votes as follows (check one box only–if you do not check a box your vote will not be counted):

> ❑ to **Accept** (votes for) the Plan

> OR

> ❑ to **Reject** (votes against) the Plan.

**Item 3.**          **Optional Third Party Release Election.**   Item 3 is to be completed <u>only</u> if you are <u>not voting to accept or reject the Plan</u> and wish to opt out of the Third Party Releases in Section 13.3 of the Plan (please refer to Article 13 of the Plan for the full Plan releases).

The Holder of the Class 3A Claims set forth in Item 1 hereby elects to (please check one):

---

❑ **OPT OUT** OF THE THIRD PARTY RELEASES

---

IF YOU VOTE TO REJECT THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASES. **Do not complete this Item 3.**

IF YOU VOTE TO **ACCEPT** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES.

IF YOU **ABSTAIN FROM VOTING ON** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES, UNLESS YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD PARTY RELEASES.

<u>**Article 13.3 of the Plan provides for the following Third Party Releases:**</u>

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO: (I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND**

**ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE SPSA OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.**

**Item 4.**     **Identify All Other NNCC Bonds Voted**. By returning this Ballot, the beneficial owner of the NNCC Bonds identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the NNCC Bonds owned by such beneficial owner, except for the NNCC Bonds identified in the following table, and (b) all Ballots for NNCC Bonds submitted by the beneficial owner indicate the same vote to accept or reject the Plan that the beneficial owner has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary):

**ONLY COMPLETE ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS**

| Account Number | Name of Holder* | Principal Amount of Other NNCC Bonds Voted |
|---|---|---|
| | | $ |
| | | $ |

*Insert your name if the NNCC Bonds are held by you in record name or, if held in street name, insert the name of your broker or bank.

**Item 5.**     **Certification**. By signing and returning this Ballot, the undersigned certifies that:

(a)     the information in Item 1 is true and correct;

(b)     no other Ballot cast with respect to the amount of the Class 3A Claims identified in Item 1 have been cast with respect to such Class 3A Claims, or that any such previously cast Ballots are hereby revoked;

(c)     a copy of the Disclosure Statement relating to the Plan, including without limitation the release and injunction provisions of Article XIII of the Plan, has been provided to and reviewed by the undersigned; and

(d)     as the Holder or authorized signatory of the amount of Class 3A Claims set forth in Item 1, the undersigned has full power and authority to vote to accept or reject the Plan.

The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan.

Name:_____
(Print or Type)

Signature:_____

Name of Signatory:_____
(if other than Holder)

Title:_____
(if applicable)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

By returning this Ballot, the beneficial owner of the NNCC Bonds identified in Item 1 also authorizes and instructs its nominee (i) to furnish the voting information and the amount of NNCC Bonds the nominee holds on its behalf in a master ballot transmitted to the Debtors or their agent (unless this is a prevalidated ballot forwarded directly to the Voting Agent in accordance with the nominee's instructions or unless this Ballot has been provided by the Voting Agent directly to the beneficial owner and will be forwarded by the beneficial owner directly to the Voting Agent), and (ii) to retain this Ballot and related information in its records for at least one year after the Voting Deadline.

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a Claim or Interest, or an admission by the Debtors of the nature, validity or amount of any Claim or Interest.

*IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, PLEASE COMPLETE, AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT BY THE VOTING DEADLINE.*

*IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE. PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE. THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE*

**VOTING INSTRUCTIONS**

**In re Nortel Networks Inc., Case No. 09-10138 (Bankr. D. Del.)**

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, YOU MUST COMPLETE AND DATE THE BALLOT AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY 4:00 P.M., NEW YORK CITY TIME ON [•], 2017, OR YOUR VOTE MAY NOT BE COUNTED.

IF YOU HAVE BEEN INSTRUCTED TO FORWARD THIS BALLOT TO YOUR NOMINEE, YOU MUST DO SO BY ANY DEADLINE IT HAS ESTABLISHED AND IN SUFFICIENT TIME FOR YOUR NOMINEE TO SUBMIT THIS BALLOT OR A MASTER BALLOT TO THE DEBTORS' VOTING AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE OR YOUR VOTE MAY NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDNG THE VOTING PROCESS PLEASE CONTACT THE VOTING AGENT AT TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.

**Please Take Notice That**:

1. Your vote to accept or reject the Plan must be cast by completing this Ballot. Votes that are cast in any other manner will not be counted.

2. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) **either**: (1) if you received a return envelope addressed to the Voting Agent, Epiq Bankruptcy Solutions LLC, then you must sign and return the Ballot in accordance with the instructions received and in the envelope provided, so that this Ballot is actually received by the Voting Agent by 4:00 p.m. (New York City Time) on [•], 2017 (the "Voting Deadline"), **or** (2) if you are returning your Ballot to the Nominee that provided you with this Ballot, then you must sign and return your completed Ballot to your Nominee by any deadline that your Nominee has established, allowing sufficient time for your Nominee to receive your Ballot, complete a master ballot ("Master Ballot") that includes your vote, and transmit the Master Ballot to the Voting Agent so that it is actually received by the Voting Deadline.

   **The Voting Agent will not accept any ballots by email, facsimile or other electronic means.** If you are directed by your Nominee to submit the Beneficial Owner Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

3. If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must use separate Ballots for each Class of Claims.

4. If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must vote all of your Claims in a Class or in different Classes either to accept or reject the Plan. Ballots cast by the same Holder in different Classes which do not all vote to accept or reject the Plan will not be counted. You may not split your vote and, accordingly, a Ballot that partially rejects and partially accepts or that votes to both accept and reject will not be counted.

CUSIP NO.[    ]

5.  Any executed Ballot or Master Ballot received by the Voting Agent that does not indicate either an acceptance or rejection of the Plan will not be counted.

6.  Except to the extent determined by the Debtors in their reasonable discretion or as otherwise permitted by the Court, the Debtors will not accept or count any Ballots or Master Ballots received after the Voting Deadline.

7.  The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

8.  Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is received on or before such deadline.

**IF YOU HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2500 AND ASK FOR A MEMBER OF THE SOLICITATION TEAM OR VIA EMAIL TO TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "NORTEL" IN THE SUBJECT LINE.  YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN.**

**EXHIBIT E-4**

**MASTER BALLOT FOR HOLDERS OF NNI/NNCC CLASS 3B CLAIMS
(CROSSOVER BONDS CLAIMS)**

## [PROPOSED FORM OF MASTER BALLOT]

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- X
:
*In re*                                                 :     Chapter 11
                                                        :
Nortel Networks Inc., *et al.*,[1]                      :     Case No. 09-10138 (KG)
                                                        :
                             Debtors.                   :     Jointly Administered
                                                        :
                                                        :
---------------------------------------------------------- X

### MASTER BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF NORTEL NETWORKS, INC. AND ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### MASTER BALLOT FOR VOTING NNC 2012 CONVERTIBLE NOTES, NNC 2014 CONVERTIBLE NOTES, NNL 2011 NOTES, NNL 2013 NOTES, and NNL 2016 NOTES GUARANTEED BY NORTEL NETWORKS, INC.

### (CLASS 3B: CROSSOVER BONDS CLAIMS)

THE **VOTING DEADLINE** BY WHICH THIS MASTER BALLOT MUST BE ***ACTUALLY RECEIVED*** BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS **4:00 P.M., NEW YORK CITY TIME ON _____, 2017**.  IF YOUR MASTER

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII").  NNIII will file a separate Chapter 11 Plan in its case.  Addresses for the Debtors can be found in the D3btors' petitions, which are available at http://dm.epiq11.com/Nortel.

BALLOT IS NOT ***ACTUALLY RECEIVED*** ON OR BEFORE THE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY ***NOT*** BE COUNTED.

This Master Ballot is to be used by you, as a broker, bank, or other nominee (or as their proxy holder or agent) (each of the foregoing, a "<u>Nominee</u>"), for beneficial owners of the NNC 2012 Convertible Notes, the NNC 2014 Convertible Notes, the NNL 2011 Notes, the NNL 2013 Notes and the NNL 2016 Notes guaranteed by Nortel Networks, Inc. (collectively, the "<u>Crossover Bonds</u>"), to transmit the votes of such Holders in respect of their Crossover Bonds to accept or reject the First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code (as it may be amended, the "<u>Plan</u>"). Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix A to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code, dated [•], 2016 (the "<u>Disclosure Statement</u>").  If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' case information website at http://dm.epiq11.com/nortel.  Before you transmit such votes, please review the Plan and the Disclosure Statement carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you and the beneficial owners of Crossover Bonds for which you are the Nominee if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER BALLOT, AND RETURN IT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, ON OR BEFORE THE VOTING DEADLINE OF 4:00 P.M., NEW YORK CITY TIME ON [•, 2017].  IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' VOTING AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS MASTER BALLOT MAY NOT BE COUNTED.**

**Item 1.  Certification of Authority to Vote**.  The undersigned certifies that as of [•], the Voting Record Date, the undersigned (please check the applicable box):

❑    Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of Notes listed in Item 2 below, and is the registered Holder of such securities, or

❑    Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the

<div align="center">2</div>
<div align="center">[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]</div>

registered Holder of the aggregate principal amount of Crossover Bonds listed in Item 2 below, or

❑ Has been granted a proxy (an original of which is attached hereto) from a broker, bank or other nominee, or a beneficial owner, that is the registered Holder of the aggregate principal amount of Crossover Bonds listed in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the beneficial owners of the Crossover Bonds described in Item 2 below.

**Item 2. Class 3B Vote (Crossover Bond Claims)**.  The undersigned transmits the following votes of beneficial owners in respect of their Crossover Bonds, and certifies that the following beneficial owners of Crossover Bonds, as identified by their respective customer account numbers set forth below, are beneficial owners of such securities as of November 21, 2016, the Voting Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes. (Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.)

Please note:  Each beneficial owner must vote all his, her, or its Class 3B Claims (Crossover Bond Claims) either to accept or reject the Plan, and may not split such vote.

**A SEPARATE MASTER BALLOT MUST BE USED FOR EACH CUSIP.**

| CUSIP VOTED ON THIS MASTER BALLOT | | | |
|---|---|---|---|
| **Your Customer Account Number of Each Beneficial Owner of Notes** | **Principal Amount of Notes Voted to ACCEPT the Plan** | | **Principal Amount of Notes Voted to REJECT the Plan** |
| 1. | $ | OR | $ |
| 2. | $ | OR | $ |
| 3. | $ | OR | $ |
| 4. | $ | OR | $ |
| 5. | $ | OR | $ |
| 6. | $ | OR | $ |
| 7. | $ | OR | $ |
| 8. | $ | OR | $ |
| 9. | $ | OR | $ |
| 10. | $ | OR | $ |
| TOTALS | $ | | $ |

3

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

**Item 3.  Certification As to Transcription of Information From Item 4 of Beneficial Owner Ballots As to Other Crossover Bonds Voted by Beneficial Owners**.  The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial owners in Item 4 of the Beneficial Owner Ballots, identifying any other Crossover Bonds for which such beneficial owners have submitted other Ballots:

| Your customer account number for each beneficial owner who completed Item 4 of the Beneficial Owner Ballot | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL OWNER BALLOT | | | |
|---|---|---|---|---|
| | **Account Number** (Transcribe from Item 4 of Beneficial Owner Ballot) | **Name of Holder** (Transcribe from Item 4 of Beneficial Owner Ballot) | **Principal Amount of Other Crossover Bonds Voted** (Transcribe from Item 4 of Beneficial Owner Ballot) | **CUSIP of Other Crossover Bonds Voted** |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

4

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

**Item 4.  Certification**.  By signing this Master Ballot, the undersigned certifies that each beneficial owner of Crossover Bonds listed in Item 2 above has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Broker, Bank, or Other Nominee:

_____
(Print or Type)

Name of Proxy Holder or Agent for Broker, Bank, or Other Nominee (if applicable):

_____
(Print or Type)

Participant No.:_____

Signature:_____

Name of Signatory:_____

Title:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:  _____

Date Completed:_____

5

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

**INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT**

**In re Nortel Networks, Inc., Case No. 09-10138 (Bankr. D. Del.)**

<div style="border:1px solid">

**THIS MASTER BALLOT MUST BE FORWARDED IN AMPLE TIME TO BE *ACTUALLY RECEIVED* BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, BY 4:00 P.M., NEW YORK CITY TIME ON [•], 2017, OR THESE VOTES OF YOUR CUSTOMERS CONTAINED THEREIN MAY NOT BE COUNTED.**

**PLEASE FORWARD THIS MASTER BALLOT BY U.S. MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO EPIQ BANKRUPTCY SOLUTIONS, ATTN: NORTEL NETWORKS, INC., MASTER BALLOT PROCESSING, 777 THIRD AVENUE, 12TH FLOOR, NEW YORK, NY 10017**

</div>

<div style="border:1px solid">

**IF YOU HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.**

</div>

**VOTING DEADLINE:**

The Voting Deadline is **4:00 P.M., NEW YORK CITY TIME ON [•], 2017**.  To have the vote of your customers count, you must complete, sign, and return this Master Ballot so that it is **ACTUALLY RECEIVED** on or before the Voting Deadline by Epiq Bankruptcy Solutions (the "Voting Agent"), at:

> Epiq Bankruptcy Solutions
> Attn: Nortel Networks, Inc. Master Ballot Processing
> 777 Third Avenue, 12th Floor
> New York, NY 10017

**HOW TO VOTE:**

If you are both the registered owner and beneficial owner of any principal amount of Crossover Bonds and you wish to vote such Crossover Bonds, you may complete, execute, and return to Epiq Bankruptcy Solutions either a Beneficial Owner Ballot or a Master Ballot.

**If you are transmitting the votes of any beneficial owners of Crossover Bonds other than yourself, you may *either*:**

1.  "Pre-validate" the individual Beneficial Ballot by signing the Ballot and including your DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of the Class 3B Crossover Bonds held by you as Nominee for such Beneficial Holder.  Then forward the pre-validated Ballot with the Disclosure Statement, and a return envelope addressed to the Voting Agent to the Beneficial Holder.  The Beneficial Holder then completes the information requested on the Ballot and returns the Ballot directly to the Voting Agent.  A list of the Beneficial Holders to whom pre-validated Ballots were

6

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

delivered should be maintained by you for inspection for at least one year from the Effective Date;

<p style="text-align:center">OR</p>

2.    For any Beneficial Owner Ballots you do not "pre-validate,"

Deliver the Beneficial Owner Ballot to the beneficial owner, along with the Disclosure Statement and other materials requested to be forwarded, and take the necessary actions to enable such beneficial owner to (i) complete and execute such Beneficial Owner Ballot voting to accept or reject the Plan, and (ii) return the completed and executed Beneficial Owner Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline; and

With respect to all Beneficial Owner Ballots returned to you, you must properly complete the Master Ballot, as follows:

a.    Check the appropriate box in Item 1 on the Master Ballot;

b.    Indicate the votes to accept or reject the Plan in Item 2 of this Master Ballot, as transmitted to you by the beneficial owners of Crossover Bonds.  To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number). **IMPORTANT: BENEFICIAL OWNERS MAY _NOT_ SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE _ALL_ HIS, HER, OR ITS CROSSOVER BONDS _EITHER_ TO ACCEPT OR REJECT THE PLAN.** IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.  Any Beneficial Owner Ballot or Master Ballot which is validly executed but which does not indicate acceptance or rejection of the Plan by the indicated beneficial owner or which impermissibly attempts to split a vote will not be counted;

c.    Please note that Item 4 of this Master Ballot requests that you transcribe the information provided by each beneficial owner from Item 4 of each completed Beneficial Owner Ballot relating to other Crossover Bonds voted;

d.    Review the certification in Item 5 of the Master Ballot;

e.    Sign and date the Master Ballot, and provide the remaining information requested in Item 5;

f.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

g.    Multiple Master Ballots may be completed and delivered to the Voting Agent.  Votes reflected by multiple Master Ballots will be counted except to the extent that the votes thereon are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the latest Master Ballots actually received prior to the Voting Deadline will,

<p style="text-align:center">7</p>

<p style="text-align:center">[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]</p>

to the extent of such inconsistency, supersede and revoke any prior Master Ballot.  If more than one Master Ballot is submitted and the later Master Ballot supplements rather than supersedes the earlier Master Ballot(s), please mark the subsequent Master Ballot with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote; and

h.    Deliver the completed and executed Master Ballot so that it is ***actually received*** by the Voting Agent on or before the Voting Deadline.

i.    Retain such Ballots from Beneficial Owners, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date of the Plan.  You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

**PLEASE NOTE:**

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with this Master Ballot.

No Beneficial Owner Ballot or Master Ballot shall constitute or be deemed a proof of claim, an assertion of a Claim or an admission by the Debtors of the nature, validity or amount of any Claim or Interest.

---

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF ANY DEBTOR OR EPIQ BANKRUPTCY SOLUTIONS, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN OR DISCLOSURE STATEMENT, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

---

**IF YOU HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "NORTEL" IN THE SUBJECT LINE.**

---

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

**EXHIBIT E-5**

**Beneficial Ballot for Holders of NNI/NNCC Class 3B Claims**
**(Crossover Bond Claims)**

**[PROPOSED FORM OF BALLOT]**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------- X
                                                   :
In re                                              :   Chapter 11
                                                   :
Nortel Networks Inc., et al.,¹                     :   Case No. 09-10138 (KG)
                                                   :
                          Debtors.                 :   Jointly Administered
                                                   :
                                                   :
                                                   :
-------------------------------------------------- X
```

**BENEFICIAL OWNER BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF NORTEL NETWORKS, INC. AND ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**BENEFICIAL OWNER BALLOT FOR VOTING THE NNC 2012 CONVERTIBLE NOTES, NNC 2014 CONVERTIBLE NOTES, NNL 2011 NOTES, NNL 2013 NOTES, and NNL 2016 NOTES GUARANTEED BY NORTEL NETWORKS INC.**
**(CLASS 3B: Crossover Bonds Claims and EDC Claims)**

---

THE **VOTING DEADLINE** BY WHICH THIS BALLOT MUST BE ***ACTUALLY RECEIVED*** BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS **4:00 P.M., NEW YORK CITY TIME ON [•], 2017** *OR SUCH EARLIER DATE THAT MAY BE ESTABLISHED BY YOUR NOMINEE*.  IF YOUR BALLOT IS NOT ***ACTUALLY***

---

¹     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII").  NNIII will file a separate Chapter 11 Plan in its case.  Addresses for the Debtors can be found in the D3btors' petitions, which are available at http://dm.epiq11.com/Nortel.

**[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]**

___

***RECEIVED*** ON OR BEFORE THE APPLICABLE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY ***NOT*** BE COUNTED.

**TAKE NOTE THAT THESE MATERIALS relate to the U.S. DEBTORS' CHAPTER 11 CASES ONLY and do not apply to any other restructuring proceeding including the Canadian CCAA Proceeding Proceedings of the Canadian Debtors. If you have claims in both the U.S. and Canadian proceedings, you MUST vote your claims in respect of the U.S. Debtors in these Chapter 11 Cases in order for your vote to count with respect to the U.S. Debtors' Plan and must comply with the applicable procedures in the Canadian Debtors' cases for your claim in respect of the Canadian Debtors. A vote in the Canadian CCAA Proceedings will not be recognized in the Chapter 11 Cases and *vice versa*.**

___

If you are a beneficial owner of any of the NNC 2012 Convertible Notes, the NNC 2014 Convertible Notes, the NNL 2011 Notes, the NNL 2013 Notes and the NNL 2016 Notes guaranteed by Nortel Networks Inc. (collectively, the "Crossover Bonds"), please use this Ballot to cast your vote to accept or reject Joint Chapter 11 Plan Of Nortel Networks, Inc. And Its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code (as it may be amended, the "Plan"). Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix A to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code, dated [•], 2016 (the "Disclosure Statement"), which accompanies this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' restructuring website at http://dm.epiq11.com/nortel. Before you transmit such votes, please review the Plan and the Disclosure Statement carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your votes count, you must complete, sign and return this Ballot in accordance with the instructions described below.

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

**HOW TO VOTE**

1. COMPLETE ITEM 1 (if not already filled out by your nominee) AND ITEM 2 AND COMPLETE ITEM 3 (if applicable).

2. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.

3. **SIGN THE BALLOT** (unless your Ballot has already been signed or "prevalidated" by your nominee).

4. RETURN YOUR BALLOT IN THE ENVELOPE PROVIDED OR AS OTHERWISE DIRECTED BY YOUR NOMINEE. THIS BALLOT OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BALLOT MUST ACTUALLY BE RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE.

5. YOU MUST VOTE ***ALL YOUR*** NNCC BONDS ***EITHER*** TO ACCEPT OR TO REJECT THE PLAN AND ***MAY NOT SPLIT YOUR VOTE***.

An authorized signatory of an eligible beneficial owner may execute this Ballot, but must provide the name and address of the beneficial owner on this Ballot and may be required to submit evidence to the Bankruptcy Court demonstrating such signatory's authorization to vote on behalf of the beneficial owner. Authorized signatories voting on behalf of more than one beneficial owner must complete a separate Ballot for each owner.

You may receive multiple mailings containing Ballots, especially if you own your Crossover Bonds through more than one bank, broker, or other intermediary. You should vote each Ballot that you receive for all of the Crossover Bonds that you beneficially own. You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Your bond was issued by a Canadian entity and guaranteed by a U.S. entity and as such you may receive multiple Ballots for the same bond. You are both entitled and encouraged to complete and submit a vote on each and every Ballot you receive. As stated above, you MUST vote separately in this Chapter 11 Proceeding in order for your vote to count with respect to the U.S. Debtors' Plan, and a vote on this Ballot will not count in any other restructuring proceeding, including the Canadian CCAA Proceedings.**

**Item 1.**       **Principal Amount of Crossover Bonds Voted**. The undersigned certifies that as of [•], the Voting Record Date, the undersigned was either the beneficial owner, or the authorized signatory for a beneficial owner, of Crossover Bonds in the following aggregate unpaid principal amount (insert amount in the box below). If your Crossover Bonds are held by a nominee on your behalf and you do not know the amount, please contact your nominee immediately.

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

```
$
```

**Item 2.**      **Vote**.  The beneficial owner of the Crossover Bonds identified in Item 1 hereby votes as follows (check one box only-if you do not check a box your vote will not be counted):

❑ to **Accept** (votes for) the Plan

OR

❑ to **Reject** (votes against) the Plan.

**Item 3.**      **Optional Third Party Release Election.**   Item 3 is to be completed <u>only</u> if you are <u>not voting to accept or reject the Plan</u> and wish to opt out of the Third Party Releases in Section 13.3 of the Plan (please refer to Article 13 of the Plan for the full Plan releases).

The Holder of the Class 3B Claims set forth in Item 1 hereby elects to (please check one):

❑ **OPT OUT** OF THE THIRD PARTY RELEASES

IF YOU VOTE TO REJECT THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASES. **Do not complete this Item 3.**

IF YOU VOTE TO **ACCEPT** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES.

IF YOU **ABSTAIN FROM VOTING ON** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES, UNLESS YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD PARTY RELEASES.

**<u>Article 13.3 of the Plan provides for the following Third Party Releases:</u>**

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO: (I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED**

4

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

**FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE SPSA OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.**

**Item 4.**   **Identify All Other Crossover Bonds Voted**. By returning this Ballot, the beneficial owner of the Crossover Bonds identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Crossover Bonds owned by such beneficial owner, except for the Crossover Bonds identified in the following table, and (b) all Ballots for Crossover Bonds submitted by the beneficial owner indicate the same vote to accept or reject the Plan that the beneficial owner has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary):

ONLY COMPLETE ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS

| Account Number | Name of Holder* | Principal Amount of Other Crossover Bonds Voted | CUSIP of other Crossover bonds Voted |
|---|---|---|---|
| | | $ | |
| | | $ | |

5

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

*Insert your name if the Crossover Bonds are held by you in record name or, if held in street name, insert the name of your broker or bank.

**Item 5.**        **Certification**. By signing and returning this Ballot, the undersigned certifies that:

(a)        the information in Item 1 is true and correct;

(b)        no other Ballot cast with respect to the amount of the Class 3B Claims identified in Item 1 have been cast with respect to such Class 3B Claims, or that any such previously cast Ballots are hereby revoked;

(c)        a copy of the Disclosure Statement relating to the Plan, including without limitation the release and injunction provisions of Article XIII of the Plan, has been provided to and reviewed by the undersigned; and

(d)        as the Holder or authorized signatory of the amount of Class 3B Claims set forth in Item 1, the undersigned has full power and authority to vote to accept or reject the Plan.

The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan.

Name:_____
             (Print or Type)

Signature:_____

Name of Signatory:_____
                          (if other than Holder)
Title:_____
                    (if applicable)
Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

By returning this Ballot, the beneficial owner of the Crossover Bonds identified in Item 1 also authorizes and instructs its nominee (i) to furnish the voting information and the amount of Crossover Bonds the nominee holds on its behalf in a master ballot transmitted to the Debtors or their agent (unless this is a prevalidated ballot forwarded directly to the Voting Agent in accordance with the nominee's instructions or unless this Ballot has been provided by the Voting

6

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

Agent directly to the beneficial owner and will be forwarded by the beneficial owner directly to the Voting Agent), and (ii) to retain this Ballot and related information in its records for at least one year after the Voting Deadline.

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a Claim or Interest, or an admission by the Debtors of the nature, validity or amount of any Claim or Interest.

***IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, PLEASE COMPLETE, AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT BY THE VOTING DEADLINE.***

***IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE. PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE. THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE***

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

**VOTING INSTRUCTIONS**

**In re Nortel Networks Inc., Case No. 09-10138 (Bankr. D. Del.)**

---

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, YOU MUST COMPLETE AND DATE THE BALLOT AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY 4:00 P.M., NEW YORK CITY TIME ON [•], 2017, OR YOUR VOTE MAY NOT BE COUNTED.

IF YOU HAVE BEEN INSTRUCTED TO FORWARD THIS BALLOT TO YOUR NOMINEE, YOU MUST DO SO BY ANY DEADLINE IT HAS ESTABLISHED AND IN SUFFICIENT TIME FOR YOUR  NOMINEE TO SUBMIT THIS BALLOT OR A MASTER BALLOT TO THE DEBTORS' VOTING AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE OR YOUR VOTE MAY NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDNG THE VOTING PROCESS PLEASE CONTACT THE VOTING AGENT AT TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.

---

**Please Take Notice That**:

1. Your vote to accept or reject the Plan must be cast by completing this Ballot.  Votes that are cast in any other manner will not be counted.

2. To ensure that your vote is counted, you must:  (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) **either**: (1) if you received a return envelope addressed to the Voting Agent, Epiq Bankruptcy Solutions LLC, then you must sign and return the Ballot in accordance with the instructions received and in the envelope provided, so that this Ballot is actually received by the Voting Agent by 4:00 p.m. (New York City Time) on [•], 2017 (the "Voting Deadline"), **or** (2) if you are returning your Ballot to the Nominee that provided you with this Ballot, then you must sign and return your completed Ballot to your Nominee by any deadline that your Nominee has established, allowing sufficient time for your Nominee to receive your Ballot, complete a master ballot ("Master Ballot") that includes your vote, and transmit the Master Ballot to the Voting Agent so that it is actually received by the Voting Deadline.

   **The Voting Agent will not accept any ballots by email, facsimile or other electronic means.**  If you are directed by your Nominee to submit the Beneficial Owner Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

3. If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must use separate Ballots for each Class of Claims.

4. If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must vote all of your Claims in a Class or in different Classes either to accept or reject the Plan. Ballots cast by the same Holder in different Classes which do not all vote to accept or reject the Plan will not be counted. You may not split your vote and, accordingly, a Ballot that partially rejects and partially accepts or that votes to both accept and reject will not be counted.

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

5.  Any executed Ballot or Master Ballot received by the Voting Agent that does not indicate either an acceptance or rejection of the Plan will not be counted.

6.  Except to the extent determined by the Debtors in their reasonable discretion or as otherwise permitted by the Court, the Debtors will not accept or count any Ballots or Master Ballots received after the Voting Deadline.

7.  The Debtors and/or their agents shall have discretion to determine if a Ballot properly complies with these procedures and instructions.

8.  Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is received on or before such deadline.

**IF YOU HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2500 AND ASK FOR A MEMBER OF THE SOLICITATION TEAM OR VIA EMAIL TO [TABULATION@EPIQSYSTEMS.COM](mailto:TABULATION@EPIQSYSTEMS.COM) WITH A REFERENCE TO "NORTEL" IN THE SUBJECT LINE.  YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN.**

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

**EXHIBIT E-6**

**BALLOT FOR HOLDERS OF NNI/NNCC CLASS 3B (EDC CLAIMS)**

**[PROPOSED FORM OF BALLOT]**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ---------------------------------------------------------- | ) | |
| *In re* | ) | Chapter 11 |
| | ) | |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| ---------------------------------------------------------- | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF NORTEL NETWORKS, INC. AND CERTAIN OF ITS AFFILIATED DEBTORS**

**(CLASS 3B: EDC CLAIMS)**

---

THE **VOTING DEADLINE** BY WHICH YOUR BALLOT MUST BE *ACTUALLY RECEIVED* BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS **4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017**.  IF YOUR BALLOT IS NOT *ACTUALLY RECEIVED* ON OR BEFORE THE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY *NOT* BE COUNTED.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667).  For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII"). NNIII will file a separate Chapter 11 Plan in its case.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.
.

**TAKE NOTE THAT THESE MATERIALS relate to the U.S. DEBTORS' CHAPTER 11 CASES ONLY and do not apply to any other restructuring proceeding including the Canadian CCAA Proceeding Proceedings of the Canadian Debtors. If you have claims in both the U.S. and Canadian proceedings, you MUST vote your claims in respect of the U.S. Debtors in these Chapter 11 Cases in order for your vote to count with respect to the U.S. Debtors' Plan and must comply with the applicable procedures in the Canadian Debtors' cases for your claim in respect of the Canadian Debtors. A vote in the Canadian CCAA Proceedings will not be recognized in the Chapter 11 Cases and *vice versa*.**

Please use this Ballot to cast your vote to accept or reject the First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors (as it may be amended, the "Plan"). Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix 1 to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors, dated [●], 2016 (the "Disclosure Statement"), which accompanies this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' restructuring website at http://dm.epiq11.com/nortel. Before you transmit such votes, please review the Plan and the Disclosure Statement carefully, including the voting procedures explained in Section [●] of the Disclosure Statement.

**IF YOU ARE A BENEFICIAL OWNER OF CROSSOVER BONDS CLAIMS, DO NOT FILL OUT THIS BALLOT; INSTEAD, USE THE SEPARATE BENEFICIAL OWNER BALLOT PROVIDED. THIS BALLOT IS TO BE USED ONLY BY A HOLDER OF AN EDC CLAIM.**

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your votes counted, you must complete, sign and return this Ballot in accordance with the instructions described below.

---

**HOW TO VOTE**

1.    COMPLETE ITEM 1 AND ITEM 2, AND ITEM 3 IF APPLICABLE.
2.    REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.
3.    **SIGN THE BALLOT.**
4.    RETURN THE BALLOT TO THE VOTING AGENT.
5.    YOU MUST VOTE ***YOUR ENTIRE CLAIM*** TO ACCEPT OR TO REJECT THE PLAN AND ***MAY NOT SPLIT YOUR VOTE***.

---

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Item 1.**         **Amount of Claim(s) Voted**. For the purposes of voting to accept or reject the Plan, the undersigned holds General Unsecured Claim(s) as set forth below as of [__], the Voting Record Date[2]:

**Claim(s) Against Debtor**:  _____

$

**Item 2.**         **Vote**.  The undersigned Holder of the EDC Claims in the amount set forth in Item 1 above hereby votes as follows (check one box only-if you do not check a box your vote may not be counted):

☐ to **Accept** (votes for) the Plan.

OR

☐ to **Reject** (votes against) the Plan.

**Item 3.**         **Optional Third Party Release Election.**   Item 3 is to be completed <u>only</u> if you are <u>not voting to accept or reject the Plan</u> and wish to opt out of the Third Party Releases in Section 13.3 of the Plan (please refer to Article 13 of the Plan for the full Plan releases).

---

[2] For voting only, subject to tabulation rules.

3

The Holder of the Class 3B Claims set forth in Item 1 hereby elects to (please check one):

---

❑   **OPT OUT** OF THE THIRD PARTY RELEASES

---

IF YOU VOTE TO  REJECT THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASES. **Do not complete this Item 3.**

IF YOU VOTE TO **ACCEPT** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES.

IF YOU **ABSTAIN FROM VOTING ON** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES, UNLESS YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD PARTY RELEASES.

**Article 13.3 of the Plan provides for the following Third Party Releases:**

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO: (I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE**

**SPSA OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.**

**Item 4.**      **Certification**. By signing and returning this Ballot, the undersigned certifies that:

(a)      the information in Item 1 is true and correct;

(b)      no other Ballot cast with respect to the amount of the Class 3B Claims identified in Item 1 have been cast with respect to such Class 3B Claims, or that any such previously cast Ballots are hereby revoked;

(c)      a copy of the Disclosure Statement relating to the Plan, including without limitation the release and injunction provisions of Article XIII of the Plan, has been provided to and reviewed by the undersigned; and

(d)      as the Holder or authorized signatory of the amount of Class 3B Claims set forth in Item 1, the undersigned has full power and authority to vote to accept or reject the Plan.

The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan.

Name:_____
(Print or Type)

Signature:_____

Name of Signatory:_____
(if other than Holder)

Title:_____
(if applicable)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

5

Date Completed:_____

This Ballot shall not constitute or be deemed a proof of claim or interest, an assertion of a Claim or Interest, or an admission by the Debtors of the nature, validity or amount of any Claim or Interest.

**VOTING INSTRUCTIONS**

**In re Nortel Networks, Inc., Case No. 09-10138 (Bankr. D. Del.)**

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME FOR YOUR VOTE TO BE *ACTUALLY RECEIVED* BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, BY 4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017, OR YOUR VOTE MAY NOT BE COUNTED.**

**IT MAY BE FORWARDED TO THE VOTING AGENT IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

| If by U.S. First Class Mail to: | If by Overnight Courier or Personal Delivery: |
|---|---|
| Nortel Networks Ballot Processing c/o Epiq Bankruptcy Solutions, LLC P.O. Box 4422 Beaverton, OR 97076-4422 | Nortel Networks Ballot Processing c/o Epiq Bankruptcy Solutions, LLC 10300 SW Allen Boulevard Beaverton, OR 97005 |

**Please Take Notice That**:

1. The rules which govern the solicitation and tabulation of votes to accept or reject the Plan can be found in the Disclosure Statement Order [Docket No.  ].   Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Agent by the Voting Deadline.  **Ballots will not be accepted by email, facsimile or other electronic means.**

3. If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must use separate Ballots for each Class of Claims.

4. If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must vote all of your Claims in a Class or in different Classes either to accept or reject the Plan. Ballots cast by the same Holder in different Classes which do not all vote to accept or reject the Plan will not be counted.  You may not split your vote and, accordingly, a Ballot that partially rejects and partially accepts or that votes to both accept and reject will not be counted.

5. Any executed Ballot received by the Voting Agent that does not indicate either an acceptance or rejection of the Plan will not be counted.

6. Any unsigned Ballot or Ballot not bearing an original signature will not be counted.

7

7. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

8. Except to the extent determined by the Debtors in their reasonable discretion or as otherwise permitted by the Court, the Debtors will not accept or count any Ballots received after the Voting Deadline.

9. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

10. Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is received on or before such deadline.

11. If multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Voting Agent.

12. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code and based on a reasonable review by the Solicitation Agent, separate Claims held by a single creditor in a particular class shall be aggregated as if such creditor held one Claim against the Debtors in such class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

---

IF YOU ARE A HOLDER OF A CLAIM ENTITLED TO VOTE ON THE PLAN AND HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT **BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.**

---

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN.**

**EXHIBIT F**

**BALLOT FOR HOLDERS OF NNCALA OR ALTSYSTEMS CLASS 3A (GENERAL UNSECURED CLAIMS) AND 3C (CONVENIENCE CLASS CLAIMS)**

## [PROPOSED FORM OF BALLOT]

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---

|  |  |  |
|---|---|---|
| *In re* | ) | Chapter 11 |
|  | ) |  |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |

---

## BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF NORTEL NETWORKS, INC. AND CERTAIN OF ITS AFFILIATED DEBTORS

## (CLASS 3A: GENERAL UNSECURED CLAIMS)
## (CLASS 3C: CONVENIENCE CLAIMS)

THE **VOTING DEADLINE** BY WHICH YOUR BALLOT MUST BE ***ACTUALLY RECEIVED*** BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS **4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017**.  IF YOUR BALLOT IS NOT

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667).  For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII").  NNIII will file a separate Chapter 11 Plan in its case.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.
.

*ACTUALLY RECEIVED* ON OR BEFORE THE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY *NOT* BE COUNTED.

**TAKE NOTE THAT THESE MATERIALS relate to the U.S. DEBTORS' CHAPTER 11 CASES ONLY and do not apply to any other restructuring proceeding including the Canadian CCAA Proceeding Proceedings of the Canadian Debtors. If you have claims in both the U.S. and Canadian proceedings, you MUST vote your claims in respect of the U.S. Debtors in these Chapter 11 Cases in order for your vote to count with respect to the U.S. Debtors' Plan and must comply with the applicable procedures in the Canadian Debtors' cases for your claim in respect of the Canadian Debtors. A vote in the Canadian CCAA Proceedings will not be recognized in the Chapter 11 Cases and *vice versa*.**

Please use this Ballot to cast your vote to accept or reject the First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors (as it may be amended, the "Plan"). Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix A to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors, dated [●], 2016 (the "Disclosure Statement"), which accompanies this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' restructuring website at http://dm.epiq11.com/nortel. Before you transmit such votes, please review the Plan and the Disclosure Statement carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your votes counted, you must complete, sign and return this Ballot in accordance with the instructions described below.

2

**HOW TO VOTE**

1. COMPLETE ITEM 1 AND ITEM 2.
2. CHECK THE BOX IN ITEM 3 IF YOU ARE NOT VOTING TO ACCEPT OR REJECT THE PLAN AND ELECT TO OPT OUT OF THE RELEASES CONTAIN IN ARTICLE XIII OF THE PLAN.
3. COMPLETE ITEM 4.  NOTE THAT THIS ITEM IS OPTIONAL.
4. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 5.   **SIGN THE BALLOT.**
5. RETURN THE BALLOT TO THE VOTING AGENT.
6. YOU MUST VOTE ***YOUR ENTIRE CLAIM*** TO ACCEPT OR TO REJECT THE PLAN AND ***MAY NOT SPLIT YOUR VOTE***.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Item 1.**      **Amount of Claim(s) Voted**. For the purposes of voting to accept or reject the Plan, the undersigned holds General Unsecured Claim(s) as set forth below as of [__], the Voting Record Date[2]:

**Claim(s) Against Debtor**: _____

$

**Item 2.**      **Vote**.  The undersigned Holder of a General Unsecured Claim in the amount set forth in Item 1 above hereby votes as follows (check one box only-if you do not check a box your vote may not be counted):

❑ to **Accept** (votes for) the Plan.

OR

❑ to **Reject** (votes against) the Plan.

---

[2] For voting only, subject to tabulation rules.

3

**Item 3.**       **Optional Third Party Release Election.**   Item 3 is to be completed <u>only</u> if you are <u>not voting to accept or reject the Plan</u> and wish to opt out of the Third Party Releases in Section 13.3 of the Plan (please refer to Article 13 of the Plan for the full Plan releases).

The Holder of the Class 3A Claims set forth in Item 1 hereby elects to (please check one):

---

❑   **<u>OPT OUT</u>** OF THE THIRD PARTY RELEASES

---

IF YOU VOTE TO REJECT THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASES. **Do not complete this Item 3.**

IF YOU VOTE TO **<u>ACCEPT</u>** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES.

IF YOU **<u>ABSTAIN FROM VOTING ON</u>** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES, UNLESS YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD PARTY RELEASES.

**<u>Article 13.3 of the Plan provides for the following Third Party Releases:</u>**

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO: (I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR**

4

**CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE SPSA OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.**

**Item 4.        Voluntary Election For Convenience Claim Treatment.**  As explained in the Plan and the Disclosure Statement, a Convenience Claim is any General Unsecured Claim (i) in an Allowed amount equal to or less than $25,000 whose holder elects on this Ballot for such Claim(s) to be Allowed as a Convenience Claim and receive treatment as a Convenience Claim in accordance with the Plan, or, (ii) in an Allowed amount greater than $25,000, whose holder elects on this Ballot for such Allowed Claim to be reduced and Allowed at $25,000 in order to receive treatment as a Convenience Claim in the amount of $25,000 in accordance with the Plan. If you make the Convenience Class Election below, **then you will be deemed to have waived your Class 3A Claim(s) listed above in Item 1, and instead your Claim(s) listed in Item 1 shall be converted to Class 3C Convenience Claim(s) in the aggregate amount of $25,000 or less, and your vote on this Ballot will count as a Class 3C vote.**

**The undersigned holder of Class 3A General Unsecured Claims as set forth in Item 1:**

---

❑  **ACCEPTS the Convenience Class Election** and the conversion of its its Class 3A General Unsecured Claim(s) listed above in Item 1 into a Class 3C Convenience Claim in the aggregate amount of $25,000 or less.

---

**Item 5.        Acknowledgements and Certification**. By signing and returning this Ballot, the undersigned certifies that:

(a)      the information in Item 1 is true and correct;

(b)      no other Ballot cast with respect to the amount of the Class 3A Claims identified in Item 1 have been cast with respect to such Class 3A Claims, or that any such previously cast Ballots are hereby revoked;

5

(c)     a copy of the Disclosure Statement relating to the Plan, including without limitation the release and injunction provisions of Article XIII of the Plan, has been provided to and reviewed by the undersigned; and

(d)     as the Holder or authorized signatory of the amount of Class 3A Claims set forth in Item 1, the undersigned has full power and authority to vote to accept or reject the Plan.

The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan.

Name:_____
(Print or Type)

Signature:_____

Name of Signatory:_____
(if other than Holder)

Title:_____
(if applicable)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a Claim or Equity Interest, or an admission by the Debtors of the nature, validity or amount of any Claim or Equity Interest.

6

**VOTING INSTRUCTIONS**

**In re Nortel Networks, Inc., Case No. 09-10138 (Bankr. D. Del.)**

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME FOR YOUR VOTE TO BE _ACTUALLY RECEIVED_ BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, BY 4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017, OR YOUR VOTE MAY NOT BE COUNTED.**

**IT MAY BE FORWARDED TO THE VOTING AGENT IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

| If by U.S. First Class Mail to: | If by Overnight Courier or Personal Delivery: |
|---|---|
| Nortel Networks Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Nortel Networks Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 |

**Please Take Notice That**:

1. The rules which govern the solicitation and tabulation of votes to accept or reject the Plan can be found in the Disclosure Statement Order [Docket No.  ].   Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Agent by the Voting Deadline.  **Ballots will not be accepted by email, facsimile or other electronic means.**

3. If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must use separate Ballots for each Class of Claims.

4. If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must vote all of your Claims in a Class or in different Classes either to accept or reject the Plan. Ballots cast by the same Holder in different Classes which do not all vote to accept or reject the Plan will not be counted.  You may not split your vote and, accordingly, a Ballot that partially rejects and partially accepts or that votes to both accept and reject will not be counted.

5. Any executed Ballot received by the Voting Agent that does not indicate either an acceptance or rejection of the Plan will not be counted.

6. Any unsigned Ballot or Ballot not bearing an original signature will not be counted.

7

7.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

8.  Except to the extent determined by the Debtors in their reasonable discretion or as otherwise permitted by the Court, the Debtors will not accept or count any Ballots received after the Voting Deadline.

9.  The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

10. Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is received on or before such deadline.

11. If multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Voting Agent.

12. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code and based on a reasonable review by the Solicitation Agent, separate Claims held by a single creditor in a particular class shall be aggregated as if such creditor held one Claim against the Debtors in such class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

> IF YOU ARE A HOLDER OF A CLAIM ENTITLED TO VOTE ON THE PLAN AND HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT **BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.**

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN.**

**EXHIBIT G**

**BALLOT FOR HOLDERS OF OTHER DEBTORS' CLASS 3A CLAIMS (General Unsecured Claims)**

**[PROPOSED FORM OF BALLOT]**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- )
 )
*In re*                                                  )        Chapter 11
 )
Nortel Networks Inc., *et al.*,[1]                       )        Case No. 09-10138 (KG)
 )
                                    Debtors.             )        Jointly Administered
 )
 )
 )
-------------------------------------------------------- )

**BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF NORTEL NETWORKS, INC. AND CERTAIN OF ITS AFFILIATED DEBTORS**

**(CLASS 3A: General Unsecured Claims)**

THE **VOTING DEADLINE** BY WHICH YOUR BALLOT MUST BE ***ACTUALLY RECEIVED*** BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667).  For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII"). NNIII will file a separate Chapter 11 Plan in its case.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.
.

**4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017**.  IF YOUR BALLOT IS NOT ***ACTUALLY RECEIVED*** ON OR BEFORE THE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY ***NOT*** BE COUNTED.

**TAKE NOTE THAT THESE MATERIALS relate to the U.S. DEBTORS' CHAPTER 11 CASES ONLY and do not apply to any other restructuring proceeding including the Canadian CCAA Proceeding Proceedings of the Canadian Debtors. If you have claims in both the U.S. and Canadian proceedings, you MUST vote your claims in respect of the U.S. Debtors in these Chapter 11 Cases in order for your vote to count with respect to the U.S. Debtors' Plan and must comply with the applicable procedures in the Canadian Debtors' cases for your claim in respect of the Canadian Debtors. A vote in the Canadian CCAA Proceedings will not be recognized in the Chapter 11 Cases and *vice versa*.**

Please use this Ballot to cast your vote to accept or reject the First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors (as it may be amended, the "Plan").  Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix 1 to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors, dated [●], 2016 (the "Disclosure Statement"), which accompanies this Ballot.  If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' restructuring website at http://dm.epiq11.com/nortel.  Before you transmit such votes, please review the Plan and the Disclosure Statement carefully, including the voting procedures explained in Section [●] of the Disclosure Statement.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your votes counted, you must complete, sign and return this Ballot in accordance with the instructions described below.

**HOW TO VOTE**

1.  COMPLETE ITEM 1 AND ITEM 2.
2.  CHECK THE BOX IN ITEM 3 IF YOU ARE NOT VOTING TO ACCEPT OR REJECT THE PLAN AND ELECT TO OPT OUT OF THE RELEASES CONTAIN IN ARTICLE XIII OF THE PLAN.
3.  COMPLETE ITEM 4.  NOTE THAT THIS ITEM IS OPTIONAL.
4.  REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 53.   **SIGN THE BALLOT.**
5.  RETURN THE BALLOT TO THE VOTING AGENT.
6.  YOU MUST VOTE ***YOUR ENTIRE CLAIM*** TO ACCEPT OR TO REJECT THE PLAN AND ***MAY NOT SPLIT YOUR VOTE***.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Item 1.**        **Amount of Claim(s) Voted**. For the purposes of voting to accept or reject the Plan, the undersigned holds General Unsecured Claim(s) as set forth below as of [__], the Voting Record Date [2]:

        **Claim(s) Against Debtor**: _____

        $ _____

**Item 2.**        **Vote**.  The undersigned Holder of the General Unsecured Claims in the amount set forth in Item 1 above hereby votes as follows (check one box only-if you do not check a box your vote may not be counted):

            ❏ to **Accept** (votes for) the Plan

            OR

            ❏ to **Reject** (votes against) the Plan.

---

[2] For voting only, subject to tabulation rules.

**Item 3.**         **Optional Third Party Release Election.**   Item 3 is to be completed <u>only</u> if you are <u>not voting to accept or reject the Plan</u> and wish to opt out of the Third Party Releases in Section 13.3 of the Plan (please refer to Article 13 of the Plan for the full Plan releases).

The Holder of the Class 3B Claims set forth in Item 1 hereby elects to (please check one):

> ❑   **OPT OUT** OF THE THIRD PARTY RELEASES

IF YOU VOTE TO REJECT THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASES. **Do not complete this Item 3.**

IF YOU VOTE TO **ACCEPT** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES.

IF YOU **ABSTAIN FROM VOTING ON** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES, UNLESS YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD PARTY RELEASES.

<u>**Article 13.3 of the Plan provides for the following Third Party Releases:**</u>

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO: (I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN**

4

OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE SPSA OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.

**Item 4.**     **Acknowledgement and Certification**. By signing and returning this Ballot, the undersigned certifies that:

(a)     the information in Item 1 is true and correct;

(b)     no other Ballot cast with respect to the amount of the Class 3A Claims identified in Item 1 have been cast with respect to such Class 3A Claims, or that any such previously cast Ballots are hereby revoked;

(c)     a copy of the Disclosure Statement relating to the Plan, including without limitation the release and injunction provisions of Article XIII of the Plan, has been provided to and reviewed by the undersigned; and

(d)     as the Holder or authorized signatory of the amount of Class 3A Claims set forth in Item 1, the undersigned has full power and authority to vote to accept or reject the Plan.

The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan.

Name:_____
                              (Print or Type)

Signature:_____

5

Name of Signatory:_____

(if other than Holder)

Title:_____

(if applicable)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a Claim or Interest, or an admission by the Debtors of the nature, validity or amount of any Claim or Interest.

**VOTING INSTRUCTIONS**

**In re Nortel Networks, Inc., Case No. 09-10138 (Bankr. D. Del.)**

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME FOR YOUR VOTE TO BE _ACTUALLY RECEIVED_ BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, BY 4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017, OR YOUR VOTE MAY NOT BE COUNTED.**

**IT MAY BE FORWARDED TO THE VOTING AGENT IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

| If by U.S. First Class Mail to: | If by Overnight Courier or Personal Delivery: |
|---|---|
| Nortel Networks Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Nortel Networks Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 |

**Please Take Notice That**:

1.  The rules which govern the solicitation and tabulation of votes to accept or reject the Plan can be found in the Disclosure Statement Order [Docket No.  ].   Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Agent by the Voting Deadline.  **Ballots will not be accepted by email, facsimile or other electronic means.**

3.  If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must use separate Ballots for each Class of Claims.

4.  If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must vote all of your Claims in a Class or in different Classes either to accept or reject the Plan. Ballots cast by the same Holder in different Classes which do not all vote to accept or reject the Plan will not be counted.  You may not split your vote and, accordingly, a Ballot that partially rejects and partially accepts or that votes to both accept and reject will not be counted.

5.  Any executed Ballot received by the Voting Agent that does not indicate either an acceptance or rejection of the Plan will not be counted.

6.  Any unsigned Ballot or Ballot not bearing an original signature will not be counted.

7.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

8.  Except to the extent determined by the Debtors in their reasonable discretion or as otherwise permitted by the Court, the Debtors will not accept or count any Ballots received after the Voting Deadline.

9.  The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

10. Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is received on or before such deadline.

11. If multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Voting Agent.

12. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code and based on a reasonable review by the Solicitation Agent, separate Claims held by a single creditor in a particular class shall be aggregated as if such creditor held one Claim against the Debtors in such class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

IF YOU ARE A HOLDER OF A CLAIM ENTITLED TO VOTE ON THE PLAN AND HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT **BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.**

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN.**