**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## DECLARATION OF MARK HENSHALL

I, Mark Henshall, declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1.  I am the Managing Director of Innings Telecom Europe Ltd. ("ITEL").

2.  I submit this declaration in support of ITEL's *Motion for Authority to Amend Its Pre-Petition Claims*.

3.  Starting June 3, 1999 through the sale of Nortel's assets, ITEL supplied its proprietary Contact Centre software products to Nortel Networks Inc. ("Nortel") pursuant to the terms of a supplier agreement and ITEL was paid royalties based on Nortel's consumption of that product.

4.  I was the primary contact person with ITEL for its relationship with Nortel from June 3, 1999 forward.

5.  During this period, Nortel e-mailed quarterly reports to me from which ITEL calculated royalty payments owed to ITEL, and I caused ITEL to issue invoices to Nortel for those payments.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Atlsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Anchitel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

6. I was responsible for preparing the Proofs of Claim which ITEL filed in the Nortel bankruptcy cases. Those Proofs of Claim were prepared based on information contained in the quarterly sales reports received from Nortel for the relevant time period.

7. Attached hereto as Exhibit 1 are true and correct copies of e-mails between me and several representatives of Nortel regarding supplemental quarterly reports from which the amount of ITEL's proposed amendments to two of its allowed Proofs of Claim are calculated.

8. Specifically, in May 2010, I requested additional reports from Nortel to cover product codes missing from earlier reports provided by Nortel, dating back to 2007. These additional reports were received by e-mail on June 30, 2010, from which I determined that Claim 4394 should be increased by $127,400.00, and Claim 4448 should be increased by $1,450.00, for a total increase of $128,850.00.

9. This increased amount was reported to Nortel on June 30, 2010, the same day I received the reports on the missing codes.

10. Nortel issued its *Second Notice of Proposed Formal Allowance of Certain Claims Against the Debtors* (the "Notice") proposing to allow ITEL's claim in their original filed amount on or about July 5, 2016, attached hereto as Exhibit 2.

11. This Notice was mailed to ITEL, but arrived while I was on vacation. I took my annual vacation in 2016 from July 10th through July 31st. My first day back in the office was August 1, 2016. I reviewed the Notice shortly thereafter.

12. On August 4, 2016, I undertook efforts to contact the two law firms referenced in the Notice to discuss the increased claim amounts set forth above.

13. Attached hereto as Exhibit 3 is a copy of my telephone records from that date showing calls to numbers in New York associated with the Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") law firm.

14. After several weeks and numerous voicemails, I was eventually directed to Matt Livingston of the Cleary Gottlieb firm. I sent him an e-mail summarizing the basis for the increased claims on September 7, 2016, attached hereto as Exhibit 4.

15. After several e-mail exchanges, Mr. Livingston advised me in late September 2016 that he was not able to provide advice or assistance with respect to the additional claim amount of $128,850.00.

16. I subsequently made efforts to retain counsel to pursue the amended claim amount in the Delaware Bankruptcy Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: 29th November 2016

Mark Henshall
Managing Director