```
                    IN THE UNITED STATES BANKRUPTCY COURT
                       FOR THE DISTRICT OF DELAWARE


IN RE:                          )    Case No. 09-10138(KG)
                                )    (Jointly Administered)
                                )
NORTEL NETWORKS, INC., et al.,) Chapter 11
                                )
                                )    Courtroom 3
                                )    824 Market Street
            Debtors.            )    Wilmington, Delaware
                                )
                                )    November 22, 2016
                                )    10:02 a.m.


                        TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE JUDGE KEVIN GROSS
                    UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                 Cleary Gottlieb Steen & Hamilton
                             BY: JAMES BROMLEY, ESQ.
                             One Liberty Plaza
                             New York, NY  10006
                             (212) 225-2000

                             Morris Nichols Arsht & Tunnell, LLP
                             BY: DEREK ABBOTT, ESQUIRE
                             1201 North Market Street
                             Suite 1800
                             Wilmington, DE  19801
                             (302) 658-9200

ECRO:                        GINGER MACE

Transcription Service:  DIAZ TRANSCRIPTION SERVICES
                             331 Schuylkill Street
                             Harrisburg, Pennsylvania 17110
                             (717) 233-6664
                             www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For the Monitor:                    Buchanan Ingersoll & Rooney,PC
                                    BY: KATHLEEN MURPHY, ESQ.
                                    1105 N. Market St., Ste. 1900
                                    Wilmington, DE  19801-1054
                                    (302) 552-4214

                                    Allen & Overly, LLP
                                    BY: JOSEPH BADTKE-BERKOW, ESQ.
                                    1221 Avenue of the Americas
                                    New York, NY  10020
                                    (212) 610-6300

For Official Creditor's             Whiteford Taylor Preston
Committee:                          BY: KATIE GOOD, ESQ.
                                    The Renaissance Center
                                    405 North King Street
                                    Wilmington, DE  19801
                                    (302) 357-3266

                                    Akin Gump Strauss Hauer & Feld
                                    BY: FRED HODARA, ESQ.
                                    BY: DAVID BOTTER, ESQ.
                                    One Bryant Park
                                    Bank of America Tower
                                    New York, NY  10036
                                    (212) 872-1000

For PBGC:                           PGBC
                                    BY: VICENTE M. MURRELL, ESQ.
                                    BY: GARTH D. WILSON, ESQ.
                                    BY: PAULA CONNELLY, ESQ.
                                    BY:  SIMON J. TORRES, ESQ.
                                    34471200 K Street NW
                                    Washington, DC  20005
                                    (202) 326-4000

                                    Kelly, Drye & Warren
                                    BY: ERIC WILSON, ESQ.
                                    101 Park Avenue
                                    New York, NY  10178
                                    (212) 808-7800

APPEARANCES:
(Continued)

For UK Pension Claimants:        Bayard, PA
                                 BY: CHARLENE DAVIS, ESQ.
                                 222 Delaware Ave., Ste. 900
                                 Wilmington DE  19899
                                 (302) 429-4226

For Ad Hoc Group of             Pachulski Stang Ziehl & Jones
Bondholders:                    BY: PETER J. KEANE, ESQ.
                                 919 North Market Street
                                 17th Floor
                                 Wilmington, DE  19801
                                 (302) 778-6462

                                 Millbank Tweed Hadley & McCloy
                                 BY: ANDREW LEBLANC, ESQ.
                                 1850 K Street NW, Suite 1100
                                 Washington, DC  20006
                                 (202) 835-7500

For Law Debenture:              Morris James LLP
                                 BY: STEPHEN M. MILLER, ESQ.
                                 500 Delaware Avenue, Ste. 1500
                                 Wilmington, DE  19801-1494
                                 (302) 888-6853

                                 Patterson Belknap
                                 BY: DAVID LOWENTHAL, ESQ.
                                 1133 Avenue of the Americas
                                 New York, NY  10036
                                 (212) 336-2000

For Nortel Trade Claims         Fox Rothschild, LLP
Consortium:                     BY: JEFFREY SCHLERF, ESQ.
                                 919 North Market Street
                                 Suite 300, P.O. Box 2323
                                 Wilmington, DE  19899
                                 (302) 622-4263

For Administrator for NNSA:     Skadden Arps Slate Meagher &
                                 Flom
                                 BY: MATTHEW BEEBE, ESQ.
                                 One Rodney Square
                                 920 North King Street
                                 Wilmington, DE  19801
                                 (302) 651-3000

TELEPHONIC APPEARANCES:

For Joint Administrators: Hughes Hubbard & Reed LLP
 BY: CHARLES HUBERTY, ESQ.
 (212) 837-6045


For Official Creditor's
Committee: Akin Gump Strauss Hauer & Feld
 BY: ANTHONY LORING, ESQ.
 (212) 872-1000


For Ad Hoc Group of Milbank Tweed Hadley & McCloy
Bondholders: BY: ERIC WEISS, ESQ.
 (212) 530-5420


For Wilmington Trust: Katten Munchin Rosenmann, LLP
 BY: KAREN B. DINE, ESQ.
 (212) 940-8772
 BY: JERRY L. HALL, ESQ.
 (212) 625-3646


For Bank of America: Bank of America
 BY: ESTHER CHUNG
 (846) 855-6705


For Canadian Creditors DLA Piper US, LLP
Committee: BY: SELINDA A. MELNIK, ESQ.
 (302) 468-5650


For Interested Party, Reorg Research, Inc.
Reorg Research: BY: JASON B. SANJANA, ESQ.
 (212) 588-8890


For Interested Party, Cowen and Company
Cowan and Company: BY: AMER TIWANA, ESQ.
 (646) 616-3052


For Interested Party, Willkie Farr & Gallagher, LLP
Nortel Networks UK BY: BRIAN O'CONNOR, ESQ.
 (212) 728-8000
 BY: ANDREW HANRAHAN, ESQ.
 (212) 728-8170


For Michael J. Wunder: Cassels Brock & Blackwell, LLP
 BY: MICHAEL J. WUNDER, ESQ.
 416-860-6484

```
TELEPHONIC APPEARANCES:
(Continued)

For Interested Party:          Contrarian Capital Management
                               BY: KIMBERLY B. GAINES
                               (203) 862-8250

                               Merger Market
                               BY: PATRICK HOLOHAN, ESQ.
                               (646) 412-5336

                               Bloomberg, LP
                               BY: JULIA M. WINTERS, ESQ.
                               (212) 617-6592

                               Solus Alternative Asset
                               Management, LP
                               BY: STEPHEN J. BLAUNER, ESQ.
                               (212) 284-4334

For Debtor:                    Cleary Gottlieb Steen
                               & Hamilton
                               BY: PHILIP CANTWELL, ESQ.
                               (212) 225-2422
                               BY: MATTHEW LIVINGSTON, ESQ.
                               (212) 225-2393

                               HSBC Bank
                               BY: JONATHAN REHM, ESQUIRE
                               (212) 525-0875

For Nortel Networks SA:        Skadden Arps Slate Meagher
                               & Flom
                               BY: SUSAN L. SALTZSTEIN, ESQ.
                               (212) 735-4132

For European Counsel for       Ashurst, LLP
Official Committee of          BY: GILES BOOTHMAN, ESQ.
Unsecured Creditors:           (212) 205-7036

For Advisor, Official          BTG Capstone
Committee of Unsecured         BY: JAY BOROW, ESQ.
Creditors:                     (212) 782-1411
```

TELEPHONIC APPEARANCES:
(Continued)

For Pension Benefit          Kelley Drye & Warren LLP
Guarantee:                   BY: BENJAMIN D. FEDER, ESQ.
                             (212) 806-7925

For Halycon Asset Management: Halcyon Asset Management
                             BY: ANDREW G. FRIEDMAN, ESQ.
                             (212) 303-9444

For Real Party in Interest,  Barclays
Adi Habbu:                   BY: ASHUTOSH HABBU
                             (212) 412-1316

1

1    WILMINGTON, DELAWARE, TUESDAY, NOVEMBER 22, 2016, 10:02 A.M.

2                    THE CLERK:  Please rise.

3                    THE COURT:  Good morning, everyone.  Thank you,

4    you may be seated.  Mr. Abbott, good morning.

5                    MR. ABBOTT:  Good morning, Your Honor.  Derek

6    Abbott from Morris Nichols here for the Debtors.

7                    THE COURT:  Yes.

8                    MR. ABBOTT:  Your Honor, today is really having

9    taken care of the fee applications, thank you, Your Honor.

10                    THE COURT:  Yes.

11                    MR. ABBOTT:  Today is all about the government

12    and the Debtors.

13                    THE COURT:  Right.

14                    MR. ABBOTT:  The first was set for a status

15    conference, but I think that will probably be encompassed by

16    Item Number 2 which is the motion practice by the PBGC, so

17    I'll cede the podium, Your Honor, if I may.

18                    THE COURT:  Thank you, Mr. Abbott.  Yes?

19                    MR. MURRELL:  Good morning, Your Honor.  Vincente

20    Matias Murrell on behalf of the --

21                    THE COURT:  Yes.

22                    MR. MURRELL:  -- Pension Benefit Guarantee

23    Corporation.

24                    THE COURT:  Good morning.

25                    MR. MURRELL:  Your Honor, with me in the

1   courtroom as well is -- are Paula Connelly, Garth Wilson,

2   Simon Torres, and our outside counsel, Eric Wilson of

3   Kelley, Drye & Warren from New York.

4           THE COURT:  Yes, sir.

5           MR. MURRELL:  And they will be addressing the

6   arguments today.

7           THE COURT:  All right, thank you, Mr. Murrell.

8           MR. MURRELL:  Thank you, Your Honor.

9           THE COURT:  Thank you.

10          MR. BROMLEY:  Can I just --

11          THE COURT:  Yes, Mr. Bromley.

12          MR. BROMLEY:  I'm sorry, Your Honor.

13          THE COURT:  Before we get into the heart of the

14  matter.

15          MR. BROMLEY:  Yeah, well a couple of things.

16  One, the motion -- I mean, the hearing today started off

17  with the Debtors filing an objection.

18          THE COURT:  Right.

19          MR. BROMLEY:  Right.  So I think technically, the

20  Debtors are the ones to start off here.  But I -- Your

21  Honor, I wanted to give you a bit of an update as well --

22          THE COURT:  All right.

23          MR. BROMLEY:  -- at the beginning of the hearing

24  so that we can have an understanding as to where things

25  stand --

1          THE COURT:  Yes.

2          MR. BROMLEY:  -- since we last spoke.  The last

3  time we were before you in connection with the Currency

4  Conversation Motion, we had told you about the Global

5  Settlement.  And in the time since then, Your Honor, the

6  Debtors have filed their Disclosure Statement and Plan.

7  There's a hearing scheduled for the Disclosure Statement on

8  the 1st of December and a hearing on the confirmation of the

9  Plan on the 24th of January.

10          THE COURT:  That's right.

11          MR. BROMLEY:  Your Honor, in connection with the

12  Global Settlement, there a couple of other things that were

13  happening and I wanted to bring you up to date on that.

14  There were requirements under the Global Settlement that it

15  be approved by a number of Courts, not just the U.S. Court

16  and the Canadian Court.  There is -- there has been approval

17  of the Global Settlement in the United Kingdom --

18          THE COURT:  Yes.

19          MR. BROMLEY:  -- by Justice Snowden of the High

20  Court in London, issued an Opinion about ten days ago

21  approving that.  There has been a Decision in the Court in

22  France in Perci that has approved the Global Settlement for

23  NNSA.  And Your Honor may have heard the term, Beddows

24  Court.

25          THE COURT:  Yes.

1              MR. BROMLEY:  The Beddows Court is the Court in

2    the United Kingdom that is in charge of pension issues.  And

3    the Global Settlement required that the Beddows Court

4    approve the Global Settlement and provide for the permission

5    for the U.S. Pension -- UK Pension Trustees to enter into

6    and perform under the Global Settlement.  That approval has

7    been obtained as well, Your Honor.

8              THE COURT:  All right.  All right.

9              MR. BROMLEY:  So I just wanted to give you those

10   updates.  Now in connection with how we proceed here, Your

11   Honor, I think there's, as Mr. Abbott said, there's motion

12   practice that's on the calendar that's been filed by the

13   PBGC. There's also an objection --

14             THE COURT:  That's right.

15             MR. BROMLEY:  -- that was filed by the Debtors.

16   And if I can just, you know, give the Court a bit of

17   background before I cede the podium to the PBGC to talk

18   about their motion.

19             THE COURT:  Sure.

20             MR. BROMLEY:  The objection, Your Honor, was

21   filed by the U.S. Debtors on November 2.  That objection was

22   a long time in coming.  I would say, Your Honor, we had

23   started that objection a while ago and we had spent a lot of

24   time trying to resolve the issues that were imbedded in that

25   objection.  So it was not without some effort that we had

1   brought the attention to the Court.

2           The problem that we have, Your Honor, is that we

3   are coming to the end of an eight year process.

4           THE COURT:  Yes.

5           MR. BROMLEY:  Right?  The Debtors filed these

6   cases on January 14, 2009.  We were all a little younger

7   then, some much younger.  My sixth grade son is now a

8   freshman in college.  And I am much poorer as a result of

9   that.

10                      (Laughter)

11          MR. BROMLEY:  But more importantly, Your Honor,

12  we have spent a lot of time, more time, I think than has

13  been spent in front of any other Court, going through the

14  liquidation of a multi-national business.  That liquidation

15  of a multi-national business has had its high points and its

16  low points.

17          THE COURT:  Yes.

18          MR. BROMLEY:  The fact that there was

19  coordination and collaboration allowed enormous amounts of

20  money to be generated.  When these cases filed, the

21  expectation was that the Debtors around the world might

22  realize a couple of billion dollars at most for all of their

23  assets.  And creditors around the world were looking at

24  substantial deficits.

25          THE COURT:  Yes.

1          MR. BROMLEY:  We spent the first two years as you

2    know, Your Honor, working diligently, and cooperatively with

3    our comrades in Canada and in the United Kingdom, in

4    operating a business in a very difficult environment and

5    selling all of the businesses in a series of transactions

6    that generated $7-1/2 billion worth of proceeds.  And then

7    the trouble began.

8          In effect, Your Honor, we were too successful.

9    The money that was generated, created an enormous

10   opportunity for people to take positions that were difficult

11   and novel.  There's been a lot of criticism of the case

12   around the word, some deserved, and some not.  But the fact

13   remains, Your Honor, that we have spent hundreds of millions

14   of dollars around the world on professional fees trying to

15   resolve this matter.

16         And there have been a few people that have been

17   here since the very beginning.  Mr. LeBlanc, I think

18   mentioned that he was here on the first day and I certainly

19   remember that.

20         THE COURT:  Yes.

21         MR. BROMLEY:  The Creditors Committee has been

22   here since two weeks later.  And, Your Honor, that included

23   the PBGC.  From the first time that the UCC met, the PBCG

24   was a member and they remain a member today.  It is really

25   impossible for us as we sit here, nearly eight years later,

1  to distinguish between the parties who have been around the

2  table.  We have suffered through and plowed through multiple

3  attempts to settle these matters.

4          We have had three formal mediations in front of

5  three of the premier mediators in North American, Judge Lane

6  Phillips, Chief Justice Warren Winkler, and our own or your

7  own, Chief Judge Farnan.  Those exercises were expensive,

8  extraordinarily expensive.  In the first two mediations,

9  full briefing took place by multiple parties.  Multiple

10  meetings took place in the United States and in Canada where

11  literally over 100 people would gather for a week at a time

12  to try to settle these matters.

13          THE COURT:  I have mediated a few like that, so I

14  have a sense of what it's about, Mr. Bromley.

15          MR. BROMLEY:  We spent a week in Toronto in

16  January.

17          THE COURT:  Yes.

18          MR. BROMLEY:  We spent a couple of weeks in New

19  York in more tempered climates.  We attempted to settle

20  these cases amongst ourselves.  We had informal mediations,

21  settlement conferences, literally dozens, and dozens, and

22  dozens of meetings.  Every one of the legal theories that

23  was being put forward, every one of the evaluation theories

24  that was being put forward was put forward dozens of times.

25  And nothing was a secret to anyone who was inside these

1  rooms.  And inside these rooms from the very beginning was

2  the PBGC.  At every single meeting, mediation, there was a

3  representative of the PBGC there.  In every one of these

4  sessions, one of the critical elements was whether or not

5  the allocation dispute should involve a resolution of

6  claims.

7           Your Honor may recall, I stood in front of you

8  more than once, talking about how our friends from the UK

9  tried to infect the allocation argument with the claims

10  issues.  And we tried diligently over a long period of time

11  to divorce the two.  But as Your Honor is aware, it was

12  impossible to do that.  We sat here in this courtroom and in

13  Justice Newbould's courtroom in front of Justice Winkler, in

14  front of Judge Farnan, in front of Judge Phillips.  And

15  every single one of those exercises included a detailed

16  description of what the claims were and how those claims

17  were being addressed.

18           The architecture that we put together for the

19  Settlement Agreement that is before the Court in connection

20  with the Plan and before the Canadian Court is a fragile

21  architecture that entails very careful delineation of many

22  issues relating to claims and the balance that was struck is

23  tenuous.

24           Now that Disclosure Statements have been put

25  together and made public, it is very clear the impact the

1  claims have on the potential recoveries of different

2  creditors.  It is for that reason, that we fought diligently

3  for years against the U.K. pension claims.

4          THE COURT:  Right.

5          MR. BROMLEY:  We fought in this courtroom.  And

6  we supported the Canadian Debtors fighting in their

7  courtroom.  And not entirely transparent to this Court was

8  that in every single jurisdiction in Europe, the U.K.

9  pension claims were being asserted against every one of the

10  individual entities that are part of the EMEA Debtors.  So

11  the U.K. pension claims were being asserted in France, and

12  in Germany, and in Italy, and in Spain.

13          The architecture that has been put together right

14  now, requires that everything hold together.  The approval

15  of the Global Settlement by Justice Snowden a couple of

16  weeks ago, included a point in time where the Court was

17  emptied.  The public wasn't allowed to be there, our

18  representatives were not allowed to be there, it was simply

19  the joint administrators and the -- and their counsel.

20  Justice Snowden later noted that the conversation that took

21  place in connection with that closed session, had to do with

22  how individual creditors, individual debtors were being

23  treated within the European system.  We were not in that

24  room, but we can only assume that it had to do with how the

25  claims were being treated.

1          THE COURT:  Right.

2          MR. BROMLEY:  And it is very important to note

3  that the UK settlement and the settlement that we have

4  globally was dependent on the UK Debtors and the UK Pension

5  Entities settling every one of the claims that they had.

6          And one of the reasons that this settlement

7  structure required that those issues be settled is that

8  there is not a Court that is able in an expeditious manner,

9  to resolve all of those claims.  We're fortunate that we

10  have, Your Honor, and a Court system that allows that to

11  happen.  Notwithstanding that, we tried to settle the claims

12  with the PBGC.  I don't think there's any dispute about

13  that.  But we were unable to and that's why we're here.  And

14  that's why filed the objection.

15          But when we think about the objection that we

16  filed, it is important to realize how integral the objection

17  is to the Global Settlement and how integral the Global

18  Settlement is to the resolution of these cases.  We don't

19  have a Plan B, Your Honor.

20          THE COURT:  No.

21          MR. BROMLEY:  Right?  We simply don't.  The

22  failure of the Global Settlement in this Court or in Justice

23  Newbould's Court, will bring the Global Settlement to its

24  knees and it will fall apart.  We don't have any objection

25  other than renewed litigation.  We are presently in abeyance

1  with respect to the litigation to the Third Circuit and to

2  the Supreme Court of Canada.  Failure of the Global

3  Settlement will mean that we will go back into that

4  litigation mode and we will continue to run the clock to

5  everyone's detriment.

6               THE COURT:  Yes.

7               MR. BROMLEY:  So, Your Honor, when we filed the

8  claim objection, we sat down and thought very seriously

9  about how it would fit in to the Global Settlement and the

10  Plan and Disclosure Statement process.  We are not unaware

11  of the issues that are raised in the objection and how

12  important they are to the PBGC.  And it's for that reason

13  that we actually shared a draft of our pleading with the

14  PBGC approximately two months before we filed it.  It's not

15  word-for-word exactly what we filed because we continued to

16  work on it, but certainly, the substance of the objection

17  was delivered in good faith as an attempt to try to bring

18  this to a conclusion.  And certainly, the issues that relate

19  to the prudent investor rate and the artificial rate that

20  the PBGC uses to generate their unfunded benefit liability

21  claims were front and center.

22               So when we filed this objection on November 2, it

23  wasn't as a surprise as much as the delivery or a promise

24  that if we were unable to settle, we would have to commence

25  litigation.

1          And so, Your Honor, when we sit here today and

2    think about the issues that are being addressed, it is

3    critical to these Debtors and frankly, to the entirety of

4    the Nortel global situation, that we resolve this and we

5    resolve it quickly.

6          The PBGC has asserted a $708 million claim, $114

7    million of which were asserted nearly five years after the

8    original bar date.  We understand that the Third Circuit is

9    a forgiving jurisdiction, generally speaking with respect to

10   the amendment of claims, but, Your Honor, we find it

11   impossible under these circumstances to find that an

12   amendment of this magnitude made only days after the close

13   of evidence is a coincidence.

14         The fact is, Your Honor, that throughout every

15   single meeting and every single mediation, through the

16   presentation of evidence in this courtroom, it was all done

17   on the assumption that the PBGC claim was $593 million.

18   That is the amount that it was filed as of September 30 and

19   it was never changed.  We were never given any notice that

20   it was going to change.  Even when Your Honor and Judge --

21   Justice Newbould told us, take the week off and go and try

22   and settle this case, no one took us aside and said you know

23   what, as you're doing that, you should realize that the

24   number is not 593, it's going to be something higher.

25         THE COURT:  Right.

1          MR. BROMLEY:  So when those claim amendments came

2     in, and I should note, the only material claim amendments

3     that we received in these cases, it changed the landscape of

4     the settlement negotiations as one would expect.  And we

5     would anticipate that the PBGC fully expected the same.

6          We understand the PBGC has a particular position

7     in bankruptcy cases.  The Congress has made the decision

8     that the precious rule of corporate separateness can be

9     ignored and will be ignored in the context of defined

10    benefit programs that are insured by the PBGC.  That is an

11    enormous opportunity.  And it is a right that PBGC has that

12    no other creditor has.  And it is by legislative fiat.

13    There is no standard that has to be met.  It's simply a

14    fact.  Congress was extraordinarily clear what they wanted

15    to do and they did it.  And so every single case that the

16    PBGC appears in, we know they will have multiple dips.  They

17    will have 15 or 16 in this case.  And it's not because of a

18    guarantee that has been negotiated.  It's not because of a

19    decision that was made by any corporate board, it's because

20    the U.S. Congress decided that should be the case in 1974.

21          THE COURT:  Right.

22          MR. BROMLEY:  Well, what the Congress did not

23    decide, Your Honor, is that the PBGC would be able to make

24    up a discount rate that it would apply in asserting its

25    claims.  There's nothing in the record, nothing in the

 1  legislation, nothing in the federal register that ever

 2  indicates that the PBGC was entitled to anything other than

 3  recovering the costs, the cost of the difference between the

 4  amount of money that it receives and the amount of money

 5  that it needs to pay out.  And well, that should be the case

 6  because --

 7          MS. CONNELLY:  Your Honor, excuse me for

 8  interrupting, Paula Connelly for the PBGC --

 9          THE COURT:  Yes, yes.

10          MS. CONNELLY:  -- but this appears to have

11  devolved into an argument on the merits of our motion.

12          THE COURT:  Well their objection was filed first

13  before your motion.  And I think that Mr. Bromley is

14  explaining his objection which is first on the Agenda.

15          MS. CONNELLY:  Okay, thank you, Your Honor.

16          THE COURT:  Yes, Ms. Connelly.

17          MR. BROMLEY:  Thank you, Your Honor.  So what we

18  have, Your Honor, is a situation where there is a clear

19  benefit.  The veil is pierced.  No one denies that.  What we

20  have as well is a regulation.  A regulation that has flown

21  through for decades.  The only critical analysis that has

22  been made on the circuit level says that that application is

23  inappropriate.  There have been a few cases lately, cases

24  that are imminently distinguishable which go in the opposite

25  direction at lower Courts and none in this jurisdiction.

1          Because of the numbers, the dollars, that we're

2    talking about here, Your Honor, the Debtors have no choice

3    but to raise this issue.  The impact that a reduction of the

4    PBGC claim will have on the recoveries of other creditors is

5    material.  And the Debtors believe that the PBGC unfunded

6    benefit liability claim is overstated by between 100 and 400

7    some odd million dollars.  Recoveries would go up

8    substantially, Your Honor, for the other creditors in these

9    cases, the other U.S. Creditors.  So that's the context in

10   which we brought the motion and the objection.

11          So it's important, Your Honor, to understand,

12   too, the context in which the objection was made.  So the

13   PBGC filed its proofs of claim, originally --

14          THE COURT:  Right.

15          MR. BROMLEY:  -- in September of 2009.  There was

16   no backup information provided.  There was simply a

17   statement and a two page statement attached which cited

18   statutory provisions and then said all the documents that

19   are relevant, you have.  That's not what Rule 3001(c)

20   requires.  Supporting information is supposed to be

21   provided.  None of it was provided.  Not even a description

22   of the interest rates that would be proposed to be used.

23          On July 7 of 2014, just a few days after evidence

24   closed, the amended claims were filed.  Two things happened.

25   One of the claims was increased, the unfunded benefit

1  liability claim by some $30 million or so.  No explanation

2  of why it was increased.  No documents provided.  Again, a

3  note, the same language word-for-word, you have all the

4  information you need.

5  One of the other claims relating to a termination

6  premium went from unliquidated to $83 million.  Again, no

7  explanation as to why the number was increased and no

8  information backing it up, saying again, you have what you

9  need.  The exact same language which was provided nearly

10  five years earlier in support of a claim that was

11  unliquidated.

12  We then filed our objection, Your Honor, on

13  November 2 as I noted after having provided a draft of it to

14  the PBGC a couple of months earlier.

15  So what does that start in terms of the dispute

16  we have?  Well, it starts a contested matter under Rule

17  9014.  And the contested matter rules are pretty clear, Your

18  Honor.  You're not allowed to make a Motion to Dismiss.

19  Rule 12 doesn't apply.  You are allowed to make a Motion for

20  Summary Judgment, Rule 56 does apply.

21  The PBGC called us up and asked whether we would

22  be willing to agree to simply brief certain legal issues.

23  And then when we refused that offer, they filed their

24  motion.  A motion which proposes a schedule which is eerily

25  consistent with the schedule we have to deal with the Plan

1    and Disclosure Statement.

2            Now I'll let the PBGC speak about the merits of

3    their motion, but, Your Honor, and I obviously reserve the

4    right to come back and speak more about it.  It's critical

5    that we keep in mind as we're talking about scheduling

6    things here, we've had a lot of time and these issues have

7    been on the table for a long time.  Discovery, in our view,

8    should start immediately.  Summary judgment isn't

9    appropriate at this time.  It would be a waste of time and

10   effort and money.  And we should be working hard to resolve

11   this and all the issues relating to the opposition to the

12   Global Settlement.  Thank you, Your Honor.

13           THE COURT:  Thank you, Mr. Bromley.  Let me ask

14   you a question, Mr. Bromley before I hear from Ms. Connelly.

15   What schedule are you proposing, if you have one in mind?

16           MR. BROMLEY:  Well our view, Your Honor, is that

17   there should be -- we have given discovery requests.  We

18   agreed that the discovery request responses would be due a

19   month from today.

20           THE COURT:  December 12, yes.

21           MR. BROMLEY:  And that is our view.  We hold to

22   that.  We're willing to take any discovery requests that the

23   PBGC has and if they get them to us this week, respond on

24   the same timeframe, so that we can be putting the

25   information to each other at the same time.  Your Honor, you

1  know, we believe that there's maybe a deposition or two.  We

2  will have an expert report that we are in the process of

3  working on.  And but our sense is that we should be trying

4  to work on this towards the same timeframe that we're

5  dealing with the Plan.

6          THE COURT:  And if I rule that summary judgment

7  here or treating this as summary judgment isn't appropriate

8  and we need an Evidentiary Hearing, Are you proposing to

9  have that Evidentiary Hearing with confirmation, ahead of

10  confirmation?

11          MR. BROMLEY:  We would say have it ahead of

12  confirmation, Your Honor.

13          THE COURT:  Okay, all right.  Okay, thank you,

14  Mr. Bromley.  Ms. Connelly, your turn.

15          MS. CONNELLY:  Thank you, Your Honor.  Your

16  Honor, PBGC filed a Motion for a Briefing Schedule to

17  address the legal issues in the Debtors' objection to our

18  claims.  The Debtors responded with what we consider a heavy

19  handed 20 page merits brief.  PBGC is a federal government

20  agency.  We file bankruptcy claims in every case where

21  there's a defined benefit pension plan and we apply our

22  longstanding regulation to value our claims.

23          With this motion, we're trying to streamline this

24  litigation.  The Debtors go so far as to argue that summary

25  judgment is never appropriate before discovery.  Of course,

1   that's not the case.  We routinely move for summary judgment

2   in cases that involve pure legal issues like this one.  And,

3   in fact, two Bankruptcy Courts facing objections strikingly

4   similar to this, have used just this briefing process in

5   object -- in resolving these legal questions.

6            In the Rhodes case, the Court called it the

7   threshold legal issue.  In the High Voltage case, the Court

8   called it the initial legal issue.  And the Debtors own list

9   of issues shows that there are many pure legal issues that

10  the Court could resolve first.  For example, whether the

11  statutory termination premiums apply to Debtors in

12  liquidating Chapter 11 cases.  The District Court in D.C.

13  resolved that on summary judgment in 2013.  That's a legal

14  question.

15           Another one is whether post termination gains and

16  plan assets can reduce statutory liabilities.  That's a

17  legal question.  The statute addresses that.  Another is

18  whether a motion is required to amend bankruptcy claims.

19       And finally, whether the underlying substantive law

20  which is PBGC's regulation, should be used to value

21  statutory underfunding.

22           Now the Debtors focus in their most recent

23  pleading, mostly on that.  Arguing that "the harm PBGC will

24  suffer is a factual question or a mixed question of fact and

25  law."  But, Your Honor, that is not the question before the

1   Court.  Congress explicitly delegated to PBGC, the

2   responsibility to prescribe assumptions.  That's the

3   statutory language, prescribe assumptions to value these

4   statutory benefit liabilities.  PBGC did that in a notice

5   and comment rulemaking.

6          Now the Debtors appear to be conceding now that

7   they're not challenging the way the regulation was applied

8   to them.  They're not saying there was a mathematical error.

9   They're not saying there was a transcription error.

10  Instead, they're arguing that the underlying methodology is

11  arbitrary and capricious.  You can see that phrase

12  throughout their new pleading and their objection.  That is

13  a classic facial challenge to a regulation.  And it is to be

14  resolved by looking at the statute, the regulation, and the

15  legislative history, nothing more.  The cases establish

16  that.

17         What they can't do, what the challenger can't do

18  is take discovery of the agency of every piece of paper

19  concerning that regulation over 40 years.  And that is what

20  the Debtors' new discovery demands include.  They ask for

21  all documents concerning PBGC's regulatory assumptions, all

22  documents concerning PBGC's methodology for determining its

23  assumptions, all documents concerning the validity and

24  appropriateness of the regulations methodology, all

25  documents concerning PBGC's investment managers and

1  strategies, and so on and so on.  It is very voluminous.

2  These requests will tie up the parties and the Court with

3  unnecessary and unending litigation, Motions to Compel,

4  Protective Order Motions, and so on at the same time the

5  parties are trying to focus on confirmation.

6            Your Honor, the other major thing that the

7  Debtors focus on is this new argument that PBGC acted in bad

8  faith in amending its claims.  That's based solely on the

9  timing of these amendments.

10            Well, Your Honor, of course we disagree that

11  there was any bad faith, but again, this is not a factual

12  question.  There are two claims remaining on PBGC's part in

13  this case, the termination premiums and the unfunded benefit

14  liabilities.  The termination premiums are calculated by a

15  simple mathematical formula that is on the face of the

16  statute.  It's in 1301, 1306(a)(7).  It's the number of

17  participants, times $1,250, times three years.  There are

18  22,000 and some participants in this plan.  If you multiply

19  that by 1,250, multiply that by three years, you get $83

20  million.  That's PBGC's claim.  And that's how it went from

21  unliquidated to 83 million was applying that mathematical

22  formula.

23            The unfunded benefit liability in every case, the

24  agency files estimated claims of the unfunded benefit

25  liability at the beginning of the case.  We do not have the

1  information and have not yet completed the very complex

2  calculation to get the final number.  We spend years going

3  through -- there are 22,000 participants in this plan.  We

4  have to calculate participant-by-participant how much each

5  person's benefit is allocating plan assets to the statutory

6  priority categories.  Very complicated, way above my pay

7  grade, but the agency does that in every case.  We completed

8  that calculation and we substituted the final number for the

9  estimated number as we do in every case.  Sometimes it goes

10  up a little bit, sometimes it goes down a little bit.  In

11  this case, it went up 6 percent.

12          So, Your Honor, PBGC urges the Court to avoid the

13  tremendous use of resources, legal fees, and so on that

14  would go on in the next several months in litigating about

15  these discovery disputes, when they could be eliminated by

16  the Court addressing the legal arguments first.

17          THE COURT:  All right.

18          MS. CONNELLY:  Thank you, Your Honor.

19          THE COURT:  Thank you, Ms. Connelly.  Anyone else

20  for the -- on the side of the PBGC here?

21              (No audible response.)

22          THE COURT:  All right.  Mr. Bromley?

23          MS. CONNELLY:  Well, just one more point, Your

24  Honor.

25          THE COURT:  Yes.

1              MS. CONNELLY:  Just in terms of the rush that Mr.

2    Bromley has raised to get this resolved.  There is a claims

3    reserve.  The Plan Support Agreement notes that PBGC has a

4    claim of as much as $708 million.  We don't understand the

5    rush to get this resolved before Plan confirmation or at the

6    same time as Plan confirmation.

7              THE COURT:  Okay.  Thank you, Ms. Connelly.

8              MS. CONNELLY:  Thank you.

9              THE COURT:  Mr. Bromley?

10             MR. BROMLEY:  Your Honor, we always do it this

11   way.  We always do it this way.  We always have and we

12   always will.  That is the sum and substance of the PBGC's

13   argument.  And it's quite bewildering, Your Honor.  If the

14   math on the termination premium claim was so clear, why

15   didn't you file the termination premium claim with that math

16   on September 30, 2009?

17             THE COURT:  Right.

18             MR. BROMLEY:  Why did you allow the Debtors to

19   make legal arguments, to participate in mediations, to try

20   to settle the case over and over again on the premise that

21   there was no claim for termination premiums?  Perhaps it was

22   because the only case that addressed termination premiums,

23   the Oneida case, said it didn't apply in liquidation

24   scenarios.  We don't know, Your Honor.

25             The fact that we've alleged with respect to the

1   amendments, bad faith, creates an issue of fact.  There's no

2   way getting around that, Your Honor.  If the objection were

3   to be looked at like a complaint, well when well pleaded

4   allegations must be accepted as true --

5           THE COURT:  Yes.

6           MR. BROMLEY:  -- and if a Motion to Dismiss, that

7   the law says that it has to be so, would not be granted.

8   But we're in a contested matter and a Rule 12 Motion does

9   not apply.  It's not available.

10          So with respect to that part, Your Honor, we

11  think there's prima facie evidence on the record that a

12  government entity that is so well versed in bankruptcy and

13  participates in every single bankruptcy in which there is a

14  defined benefit program and sits on every single Creditors'

15  Committee in which there is a case that involves a defined

16  benefit program and has sat on this Creditors' Committee for

17  hundreds and hundreds of hours and hundreds of days paying

18  attention to this case, watching it on a daily basis, should

19  get a free ride for five years in amending their claims

20  doesn't make any sense.

21          Ms. Connelly failed to mention there's two

22  standards that apply.  It's not just bad faith, it's

23  prejudice.  We have also made clear allegations of prejudice

24  with respect to the amendments of the claims.  And one of

25  the things that we've asked for discovery is how many times

1  the PBGC has actually amended their claims upward with

2  respect to unfunded benefit liability claims and how many

3  times those claims have been allowed, the upward amendments.

4  In effect, I think what the PBGC is saying, well since this

5  case was going on for so long, we were able to rework the

6  math.

7          Your Honor, as a practitioner in the bankruptcy

8  practice, it's pretty clear that people tend to put in

9  claims at the highest possible amount that they can do in

10 good faith in the fear that perhaps it will be worked

11 downwards in the process.  I don't think it's a proper

12 argument to say that I can file a claim a low amount and

13 then I'll do some extra math and then I'll move it upward.

14 If you allow that kind of amendment, then you've essentially

15 completely gutted the idea of a bar date.

16         And for us, Your Honor, the allegations of bad

17 faith and prejudice are real.  There are allegations that

18 have been made about the -- in connection with the Plan

19 process, that the Debtors are somehow manipulating the

20 substantive consolidation standard with respect to one of

21 the entities.  Notwithstanding the fact that throughout the

22 trial, there was a representative of the PBGC present every

23 single day.  And notwithstanding the fact that not a single

24 illegal theory was asserted by the Debtors or the Creditors

25 Committee, that any moneys should be allocated to that

1 entity.

2       There's real prejudice here, Your Honor.  And the

3 real prejudice and the allegations of bad faith are factual

4 questions.  So with all due respect to Ms. Connelly, I don't

5 think there's any way that a question of whether these

6 claims are subject to summary judgment, the amendments that

7 is, is something that can be decided simply on the law.

8       Ms. Connelly said that without support, a

9 challenger can't take discovery of every scrap of paper over

10 30 years.  Again, it seems to be the reliance on the we've

11 done it this way and we'll do it again this way, and we're

12 the government and we don't have to play by your rules.

13 But, Your Honor, the terms arbitrary and capricious which we

14 do use a lot are important.  Because when you go back into

15 the regulations, the regulations make clear from the very

16 beginning, that the PBGC is allowed to recover the cost to

17 the PBGC of filling the gap.  You cannot have a regulation

18 that bears no reasonable resemblance to the purpose.

19       If the regulation generates a claim that is twice

20 as large as the cost of the PBGC, how can that be?  It

21 violates fundamental issues of Bankruptcy Law.  If it wasn't

22 the PBGC, if it was simply a creditor that walked in and

23 said, you know what, I understand the recoveries are going

24 to be 50 cent on the dollar, so you know what, my claim's

25 200 percent.  That would be fraud, Your Honor.

1          They can't draw a curtain over this and say I'm

2    hiding behind a regulation that allows me to generate a 200

3    percent claim to help me recover more in a 50 cent case and

4    then say Congress allowed me to do that.  Congress was very

5    clear saying, you know what, you get to go after every

6    company in the corporate group.

7          THE COURT:  Right.

8          MR. BROMLEY:  Congress did not say, you get to

9    make a 200 percent claim to recover 100 percent in a 50 cent

10   case.  That's something that's been generated over time.

11   When the PBGC started out, they said -- and the regulations

12   say this, we don't know, we don't have any experience with

13   our investments at this point.  We do think we should

14   regularly go back and do a market check, but for the time

15   being at the beginning, we're going to start out with an

16   annuity rate because we don't know any better, we don't have

17   any experience.  Well, we have nearly 40 years of experience

18   and the PBGC is a pretty damn good investor.  And they don't

19   buy annuities because annuities are stupid.  Nobody buys

20   annuities.

21          So here we are sitting here saying that I'm going

22   to be able to file a claim based on something I don't do and

23   I will never do.  And I'm going to ignore what I do every

24   day and I am going to say that I am not being arbitrary and

25   capricious in fulfilling the purpose which is to measure the

1    cost to the PBGC.

2              So when we're talking about taking discovery, the

3    PBGC says fine, you just -- I'm -- I don't -- I'm not going

4    to give you any discovery because you've got to look at the

5    statute and the regulations and nothing else.  I think it's

6    because if you went behind that, you would find that they're

7    saying, you know what, this is a good deal.  I earn twice as

8    much by investing in the market and I charge them like I'm

9    buying an annuity.  This is a good deal.

10             The problem is that's not the way the bankruptcy

11   system works.  And if there's a friction between ERISA and

12   the Bankruptcy Code, then let's go at it because there's

13   something -- the word bankruptcy is mentioned in the

14   Constitution, ERISA is not.  And the fundamental premise

15   that similarly situated creditors should be treated in a

16   similar fashion is the cornerstone of the bankruptcy system.

17   I'll admit that Congress can give people special benefits

18   and they've given the PBGC a lot, but they haven't given

19   them this one.  And by saying that we're going to simply be

20   able to decide it on a limited number of documents that I've

21   picked out of my universe and you should decide it only on

22   that, falls into a perpetuation of an unjust and unfair

23   application.

24             So the idea that the PBGC can sit here and say

25   just believe me, this is it, we're not doing anything

1   different, belies the bankruptcy system, it undercuts the

2   entire way that priority scheme works.  And it the PBGC has

3   gotten away with it for years, that is not an excuse for

4   them to get away with it now.

5          Now in terms of these cases about threshold

6   issues, the Rhodes case and the High Voltage case, I think

7   it's very important, Your Honor, to recognize that, you

8   know, Ms. Connelly said a heavy handed 20 page brief.  I

9   would like to add to that that would go along with a heavy

10  handed 53 page objection.  And I take heavy handed as a

11  compliment because you know what's so heavy about it, the

12  factual allegations that we make about every one of our

13  allegations.  Every one of the points that we make is filled

14  with factual allegations.  We did on purpose because we

15  anticipated this game.

16         The PBGC doesn't want to open up their files.

17  They don't want anyone to see what actually goes on.  They

18  don't want anyone to understand how they get to this and why

19  they think it's justified.  They're hiding behind a

20  regulation that doesn't say what they think it says.

21  They're hiding behind a statute which doesn't give power to

22  an act of regulation that they think they've enacted.

23  They're hiding behind case law in the Third Circuit which

24  allows you to amend claims, completely ignoring the fact

25  that we have many allegations with respect to bad faith,

1  many allegations with respect to prejudice.

2          It's unfortunate that we're here at the end of

3  this case fighting with the PBGC who's been sitting here

4  since day one.  But the fact of the matter is is there were

5  ample opportunities for the PBGC to raise this with us.  The

6  countless times that we sat in rooms with them.  The

7  countless times that we explained legal theories that we

8  were going to pursue.  The countless times that we told them

9  what kind of allocations we were going to seek for what kind

10 of entities.  The countless times we told them about the

11 risks and possible rewards of those strategies.  And then to

12 have them pop up at the last minute and say, you know what,

13 our claims are actually $114 million more and you don't get

14 to see anything about how we came up with those claims

15 because we think all of this can be decided on the law.

16          It's a fiction, Your Honor.  Their argument's a

17 fiction.  Their rate's a fiction.  Their amendment's a

18 fiction.  So we would request that Your Honor reject the

19 motion and allow us to get on with the business that we need

20 to do.

21          THE COURT:  All right.

22          MR. BROMLEY:  Thank you, Your Honor.

23          THE COURT:  Thank you, Mr. Bromley.  Mr. Leblanc,

24 good morning.

25          MR. LEBLANC:  Good morning, Your Honor.  Andrew

1  Leblanc of Milbank Tweed on behalf of the Ad Hoc Committee

2  of Bondholders.  Your Honor, I rise just to address a

3  process point, one that Ms. Connelly raised at the end of

4  her comments when she stood back up to say also we don't

5  know why this needs to get done.  And Your Honor, I want to

6  address the interplay of this objection that we joined in

7  with the confirmation process --

8            THE COURT:  Yes, I'm interested in that, Mr.

9  Leblanc.

10            MR. LEBLANC:  Your Honor, I think as I think

11  everybody knows here, we disagreed with Your Honor's

12  Allocation Decision.

13            THE COURT:  Right.

14            MR. LEBLANC:  We went through a very lengthy

15  mediation process.  And we as much as anybody held our noses

16  at what we were faced with and tried to make something out

17  of the disagreement we had with the Allocation Decision.

18  Nobody is happy with the place that we're in today, but it

19  is where we are.  And we reached a settlement that as Mr.

20  Bromley alluded to, the only way that works, the only way

21  that settlement gets done is if there is confirmation of the

22  plans in each jurisdiction.

23            So we're not happy about the position we're in.

24  Nor is the PBGC, I'm sure.  Nor the rest of the unsecured

25  creditors, I am sure.  But it is the position that we're in.

1   And so what we're focused on and what I'm primarily

2   concerned with is, what interplay does this have with

3   confirmation?  And it was noteworthy to me that the PBGC has

4   suggested a schedule that calls for their reply brief to be

5   filed 18 hours before the Confirmation Hearing in this case.

6                 THE COURT:  I noticed that, too.

7                 MR. LEBLANC:  And what does that mean?  What does

8   that do?  Because let's be clear about what their proposing.

9   Theirs is a one way ratchet.  Either they win on their

10   arguments or the process that Mr. Bromley requests starts

11   today, starts then.  So if they're wrong, if the Court says

12   I can't approve on a summary judgment basis, the application

13   of your artificially low interest rate for the purposes of

14   calculating it, we then start a process of doing discovery

15   to determine what the size of the PBGC claim is.  But what

16   happens the next day?  At 10:00 on the 24th, we're starting

17   a Confirmation Hearing.  And the PBGC in that Confirmation

18   Hearing, unless Your Honor follows Judge Gonzales in the

19   Enron Decision and deals with the size of their voting

20   claims in different way, the PBGC is going to assert an

21   outsized claim at each and every one of the Debtor entities.

22   And I think that, Your Honor, will agree that that's

23   inappropriate and we'll deal with that at the appropriate

24   time.

25                 But the purpose, I think, when you look at it,

1   it's almost comical in its coincidence, that the purpose of

2   this is to ensure that the PBGC's claim is not reduced prior

3   to confirmation.  That's what they're doing because they

4   can't lose on their motion in the sense that their claim

5   can't be reduced because you'll have no evidentiary basis to

6   do so.  But they could win.  And even if they lose their

7   motion, you then only start the process.

8               THE COURT:  Right.

9               MR. LEBLANC:  On, let's assume Your Honor hears

10  on the 24th at 10:00 a.m., when they -- 18 hours after they

11  file their reply and you disagree with them, you have no

12  evidentiary basis to conclude that their claim should be

13  allowed in a much smaller amount.  And why is that relevant?

14  There are amounts, Your Honor, that are argued in the

15  Debtors' motion because the PBGC has such a multitude of

16  claims, 15 claims.  Under the current plan, they're arguing

17  that they should have 16 of them.  That there are numbers.

18  If the claim is reduced to a certain amount, that they're

19  going to be paid in full on their allowed claim.  The

20  consequence of that is their objection wouldn't at that

21  point matter.  They'd be paid in full.  They'd be deemed to

22  accept.

23               And so I think Your Honor should look at this

24  motion, the PBGC's motion that's on for hearing today for

25  what it really is.  And it's an effort to avoid having their

1  confirmation objection, their effort to upset the

2  settlement, they're asking you to avoid their objection

3  being disrupted by Your Honor ruling that their claims

4  should be reduced to an appropriate amount that then doesn't

5  give them the power to object to confirmation.  It may not

6  even require it.  And obviously, we'll have to see what the

7  voting results come in, but it may not even require

8  application of 1129(b).  We may just be dealing with an

9  1129(a) situation, not a cram down situation on certain

10 groups of creditors.  But the PBGC doesn't want that

11 decision to happen before confirmation because it maximizes

12 in their view, the power that they have to disrupt

13 confirmation.

14          So it's really, I think that you can't help but

15 notice the coincidence of the timing that they've requested

16 for the briefing.  And I would contrast that, Your Honor.

17 You may recall we had a two plus billion dollar issue, the

18 post-petition interest issue that Your Honor and Justice

19 Newbould ordered to be briefed over a period of less than

20 three weeks.  June 30, 2014 you said we're going to brief

21 that.  You set a hearing for July 25, 2014.  I disagreed

22 with it.  I argued that at time, you overruled me, but that

23 was a much more significant issue, one that people hadn't

24 spent years thinking about, hadn't spent 40 years dealing

25 with.

1           And I raise that schedule only to say, Your

2    Honor, that when you look at what they've proposed, it's

3    remarkable in what it's purpose and intent clearly is.  It's

4    to try to avoid losing before confirmation, so that they can

5    avoid the consequence of having a right sized claim on their

6    confirmation objections.  Because to maximize their

7    leverage, they are going to vote, I presume, against the

8    Plan at every other entity.  Notwithstanding the fact that

9    at the small, no asset entities, ALT Systems, that they're

10   going to vote against the Plan.  Notwithstanding the fact

11   that ALT Systems is not being substantively consolidated

12   with any other entity, but they're unhappy that the Global

13   Settlement requires the substantive consolidation of NNCC

14   into NNH.

15           THE COURT:  Right.

16           MR. LEBLANC:  That single entity.  They lose that

17   one claim.  But I'm fully confident that to maximize their

18   leverage on all of the other creditors in this case, so that

19   they can get the most recovery that they can possibly get,

20   they're going to vote against the Plan at every other Debtor

21   entity in amounts that Your Honor is going to have to decide

22   whether they can even vote at those claims.  But what they

23   don't want is they don't the very Evidentiary Hearing that

24   Mr. Bromley is asking for to occur at or before that

25   Confirmation Hearing because if Your Honor has that record

1  and allows their claims in a much smaller amount, it may

2  vitiate their confirmation objections.

3           And that's really what's going on here.  It's not

4  about getting a prejudgment of these threshold legal issues.

5  It's about making sure they can't lose.  If you grant their

6  motion, they cannot lose before confirmation occurs in this

7  case.  And, Your Honor, we joined with the Debtors'

8  objection.  We would also join in their opposition to this

9  motion.  I'll do so orally because I know it was just filed

10 yesterday.

11          THE COURT:  Right.

12          MR. LEBLANC:  But we urge the Court to let this

13 proceed to discovery and have a hearing on this at the

14 appropriate time and it really should be before or at the

15 Confirmation Hearing because, Your Honor, there is a clear

16 interplay between the size of the PBGC claim and the issues

17 that we understand they intend to raise at confirmation

18 based on what they've said and what they put in their

19 Disclosure Statement Objection.  So we would urge the Court

20 to deny the motion that's requested and allow this to

21 proceed in the ordinary course to discovery.

22          THE COURT:  How about the volume of discovery

23 here though, Mr. Leblanc?  It's enormous.

24          MR. LEBLANC:  It is.  It's significant, Your

25 Honor.  I don't -- I wouldn't necessarily say enormous.

1    We've done lots of things in this and many, many, many other

2    cases.  Your Honor, I was before you in Intermet.

3                 THE COURT:  Yes.

4                 MR. LEBLANC:  You may recall --

5                 THE COURT:  Yes.

6                 MR. LEBLANC:  -- we rejected the contracts of all

7    of the major car manufacturers, the auto manufacturers.  We

8    rejected their contracts on day one.  And we were litigating

9    those issues within 60 days.  Those were -- I would say that

10   is enormous.  This is a manageable task.  There's a lot of

11   discovery that has to occur.  Fortunately, I'm not the one

12   who -- I'm not either serving them or more likely dealing

13   with it.  Not being requested of the Bondholders.  But, Your

14   Honor, it's something that is doable.  These are -- this is

15   information that should be readily available to the PBGC.

16   How they came up with their own regulations, the underlying

17   administrative record as is defined in the Administrative

18   Procedures Act, that shouldn't be something that's difficult

19   for them to comply with.

20                 And so, Your Honor, while it's significant, I

21   don't think it's overwhelming and I -- it's certainly

22   without any question, doable in the timeframe that we have

23   here.  Things in this case I think just have gotten enlarged

24   and we forget about what happens in many, many, many other

25   cases where you deal with extraordinarily difficult

1  contentious litigation over a very short period of time

2  because this case has just been going on for so long.  Eight

3  years is a long time.

4            THE COURT:  Yes, it is.

5            MR. LEBLANC:  And most bankruptcies, you deal

6  with these things on a much more abbreviated basis.  We had

7  the misfortune or the fortune of getting to deal with this

8  on a global basis and coordinating with Canadian Courts and

9  their systems and so we've expanded, the time is expanded in

10 this case, but in a normal case, that -- nothing about that.

11 And I do a lot of litigation here and I do a lot of

12 litigation in Bankruptcy Courts all over the place.  This is

13 not a lot of -- this is not an overwhelming task.  So I

14 don't think -- I think it's completely doable in the

15 timeframe that's allowed, Your Honor.

16           THE COURT:  All right.  All right.

17           MR. LEBLANC:  And unless the Court has any

18 questions --

19           THE COURT:  No.

20           MR. LEBLANC:  -- we would urge the Court to deny

21 the motion.

22           THE COURT:  Thank you, Mr. Leblanc.

23           MR. LEBLANC:  Thank you, Your Honor.

24           THE COURT:  Thank you.  Anyone else?

25                 (No audible response.)

1          THE COURT:  All right, Ms. Connelly?

2          MS. CONNELLY:  Thank you, Your Honor.  I'd like

3   to address first the question that Your Honor asked is the

4   volume of discovery.  Although it's been described as

5   readily available, it couldn't be farther from the truth.

6   You heard the litany and that was just a tiny portion of

7   what was asked for here.  As the Court knows, there was an

8   administrative record of sorts put together for the PBGC's

9   regulation for the U.S. Airways case.  We would be happy to

10  produce that.  It's already put together.  That obviously

11  the published documents that the agency has generated over

12  the years are in the public domain, but to gather every

13  piece of paper that everyone in the agency has written

14  concerning the regulation, the assumptions in the

15  regulation, the validity of the regulation over 40 years

16  would be a gargantuan task.  To gather every piece of paper

17  about investment strategies, investment managers, it's not

18  possible.

19          In addition, PBGC would be compelled to file a

20  Motion for Protective Order to object to a number of these

21  requests on privilege grounds, and on the liberty of process

22  grounds, and on other grounds.  So, you know, the idea that

23  this would be a simple matter of handling this and taking a

24  couple of quick depositions is just not the case.

25          To address a couple of the other comments that

1  were made, PBGC certainly did not intentionally propose a

2  briefing schedule that coincided with these other deadlines.

3  I personally put in the deadlines for those and tried to

4  come up with, you know, 30 days here and 30 days there.  We

5  would be happy to spread that out so that they're not

6  coinciding in that way.

7        PBGC certainly does not file either the highest

8  possible claim as Mr. Bromley suggested and then rework the

9  math.  As I described in every case, we file an estimated

10  claim based on our actuaries' best estimate of what our

11  claim will be and it usually comes out pretty close.  6

12  percent is pretty close.

13        As to why we didn't file our termination premium

14  claim in the first instance, our insurance claim, what they

15  call our insurance claim, includes both missed premiums,

16  regular ongoing plan premiums, and termination premiums.  It

17  is not usually clear right away whether there are going to

18  be any missed ongoing premiums.  And it turned out that

19  there weren't in this case.  It's not always clear how many

20  planned participants there are.  So PBGC typically files an

21  unliquidated claim and then later on fills in the amount,

22  but the $83 million part of it is readily calculable by

23  anybody who has the number of participants which the Debtors

24  always did.

25        In terms of prejudice, PBGC filed these amended

1  claims in 2014.  Nobody said anything about them until now.

2  The claims objection is going forward now so, you know, we

3  fail to see the prejudice there.

4         And, you know, Mr. Bromley spent the vast

5  majority of his argument trying to convince Your Honor that

6  this regulation is arbitrary and capricious.  He proved my

7  argument for me.  I mean, this is a legal question.  Whether

8  it's authorized by the statute, whether it should be done a

9  different way, you know, those are all legal arguments as to

10  whether it's unjust and unfair and so on.

11         And just finally, Your Honor, there is a claims

12  reserve.  There is -- the idea that this needs to be

13  resolved in the next 30 days is just -- we just disagree.

14         And so we urge Your Honor to rule on the legal

15  issues first, put off this gargantuan fight for another day.

16         THE COURT:  How about Mr. Leblanc's argument

17  about the voting on the Plan?

18         MS. CONNELLY:  Well, Your Honor, we certainly

19  didn't intend to try to make sure that we can't lose.  These

20  are programmatic issues for the agency.  We've been fighting

21  about them for 15 years.  As Mr. Bromley noted, there were

22  some early Circuit Court arguments that went what we think

23  is the wrong way and the Bankruptcy Courts have been getting

24  it right ever since.  It's important to the agency to get

25  these legal issues resolved.  And so it certainly isn't any

1  intention to try to upset the settlement, to try to make

2  sure that we can't lose, to maximize our power or anything

3  of the sort.

4           THE COURT:  All right.

5           MS. CONNELLY:  Thank you, Your Honor.

6           THE COURT:  Thank you, Ms. Connelly.  Anyone else

7  wish to be heard?

8                (No audible response.)

9           THE COURT:  Well, it's been a difficult --

10          MR. WILSON:  Your Honor --

11          THE COURT:  Yes.

12          MR. WILSON:  -- Garth Wilson on behalf of the

13 PBGC.  I would like to just to address something of the sort

14 of history that Mr. Bromley talked about quite extensively

15 in his presentation because I think he's given the Court a

16 -- quite a slanted interpretation of how this case unfolded.

17          I have not had the benefit of being involved in

18 this bankruptcy from the beginning as he did.  I've been

19 involved only about in three years.  But he repeatedly

20 alluded to lots of times trying to resolve this issue as

21 though there have just been longstanding attempts by the

22 Debtors to try to get PBGC to agree to some specific

23 proposal and so forth and somehow the parties never got

24 together.

25          I have a very different view of the history over

1   the past two years or so.  Obviously, there was appeals from

2   this Court's Decision on allocation.  And the PBGC filed its

3   Notice of Appeal and we were litigating that issue in the

4   District Court.

5           And in August of 2015, PBGC and the Debtors sat

6   down in Washington to discuss a possible resolution of the

7   claims.  There had been no proposals made, written proposals

8   or anything like that about how specifically to resolve

9   those issues.  And both parties came August 2015 to discuss

10  a resolution of the claim.  I thought we had a very candid

11  and business-like discussion about, you know, the need to --

12  for PBGC to be transparent about how its claims were

13  calculated and so forth.  We agreed to follow up discussions

14  of our professionals and their professionals and that we

15  would produce documents to them to show how we reached our

16  claims.

17          In November of 2015, the Debtors decided to

18  proceed by a FOIA request which we received and we processed

19  in the way that we usually did.  And we ended up making a

20  number of productions under FOIA to comply with that

21  request.  The production began in December and ended in

22  early February of this year.  After that, silence.  Complete

23  silence.  We didn't hear anything from the Debtors about

24  proposal on our claim or anything like that.

25          Meanwhile, the mediation had been going in the

1   District Court for some time.  All the briefing was taking

2   place.  PBGC attended those mediations as it had in the

3   past, but I have to say I was there in nearly all the

4   sessions and most of the time, PBGC sat with the Creditors

5   Committee and nobody really wanted to talk to the PBGC.

6   Discussions went on and on about negotiating some terms.

7   PGBC for the most part was outside of those discussions.

8           So we finally get up to this past summer and the

9   first written proposal that is ever made to the PBGC to

10  resolve its claim that I'm aware of, came in late July.

11  That was the first time that we got any kind of written

12  proposal from the Debtor.  Any kind of specific proposal to

13  resolve our claim.

14          So what was going on in the meantime all that

15  time?  Well, the Debtors were mostly talking to other

16  parties about what eventually turned into the Settlement and

17  Plan Support Agreement.  And by the time they put an offer

18  on the table to us, that cake was baked.

19          Obviously, since that time, the Debtors and the

20  PBGC have not been able to reach agreement.  We are still

21  open to a possibility of a reasonable good faith settlement,

22  but I wanted to speak up to the timeline that they presented

23  here and show that it's not at all the way they presented

24  it.

25          THE COURT:  All right, thank you.  Thank you,

1   sir.  And Mr. Bromley?

2           MR. BROMLEY:  I'm just compelled to rise to

3   mention one thing.  So there's no question the Debtors met

4   with the PBGC in Washington in August of 2015 which belies

5   Ms. Connelly's comments that we hadn't talked until now

6   about the concerns we had about the amended claims.  A

7   matter of fact, that meeting was substantially comprised of

8   concerns raised about the termination premiums.

9           THE COURT:  Yes.

10          MR. BROMLEY:  And the increase in the claims that

11  were -- the unfunded benefit liability claims.  So and Mr.

12  Wilson's use of the word, written offer, I think is an

13  important one.  There were ongoing conversations.  And in

14  every one of those conversations, Your Honor, we made it

15  absolutely clear that the Debtors believe that the

16  termination premiums, the $83 million should be off the

17  table and that the increase in the unfunded benefit

18  liability claim that was filed in July of 2014, should also

19  be off the table.

20          So, you know, to say on the one hand that we

21  haven't raised any of these issues until today and then say

22  that we had met about it in 2015, is internally

23  inconsistent.

24          THE COURT:  Yes.

25          MR. BROMLEY:  Also, yes, there -- we did file a

1   FOIA request and that's because the PBGC refused to engage

2   with any of professionals.  We had employed Mercer and

3   Mercer resigned.  We hired someone else and they refused to

4   talk to them.  So, you know, after three months of not

5   getting any response from them and their unwillingness to

6   talk to our advisors, we did file a FOIA request.

7                  THE COURT:  All right.

8                  MR. BROMLEY:  So, thank you, Your Honor.

9                  THE COURT:  Thank you, Mr. Bromley.  Yes, Mr.

10  Wilson?

11                 MR. WILSON:  Your Honor, I really want to avoid

12  this turning into a he said, she said type of thing, but

13  this suggestion that our professionals refused to talk to

14  theirs is simply wrong.  The professionals that they

15  presented to PBGC were not even pension actuaries.  Under

16  ERISA, in order to do valuations of pension plans, you must

17  have certain qualifications that are established by statute.

18  The professionals that they presented to us to talk to our

19  qualified enrolled actuaries were not actuaries -- were not

20  pension actuaries themselves.  They lacked the credentials.

21                 As far as refusing to talk, I don't know what

22  that means.  Does that mean that there was phone calls not

23  returned?  Were there -- that there were letters that were

24  not responded to, I don't know, but it just -- it's wrong

25  within all of my knowledge of what happened.

1           THE COURT:  All right.  All right.  Well, you

2    know, this has been a long, difficult case.  And it's

3    unfortunate that we're where we are today so close to what

4    will be a Confirmation Hearing at the end of January.

5           The PBGC seeks substantially summary judgment

6    briefing, a summary judgment briefing schedule on its

7    claims, and the amended claims, and the objection, and

8    argues that the issues raised are wholly legal in nature and

9    the Court can, therefore, decide them on the papers without

10   discovery, without an Evidentiary Hearing.  And the Court

11   says gently, but with its full measure, that there has to be

12   discovery.  And there will be an Evidentiary Hearing on the

13   claims, the amended claims, and the Debtors' objection.

14   What the Court is addressing in the dispute are mixed

15   questions of law and fact and that requires discovery.

16          First of all, on a Motion for Summary Judgment to

17   which this matter is akin, the opposing party has the right

18   to conduct discovery.  A full opportunity as the Supreme

19   Court stated in Anderson vs. Liberty Lobby, 477 U.S. 242 at

20   257.  The Court is obliged to allow the party which opposes

21   summary judgment an "adequate opportunity to obtain

22   discovery", according to the Third Circuit Court of Appeals

23   in Doe vs. Abington Friends School, 480 F.3rd 242 at Page

24   257 and a number of other cases.

25          The Doe Decision which vacated the granting of

1  summary judgment also stands for the proposition that there

2  must be an adequate record and there is not an adequate

3  record on the Debtors' objection.  And the Court wants an

4  adequate record which will require discovery on several

5  issues.

6           And what the Court views as questions of fact and

7  law are why the PBGC did not move to file amended claims

8  pursuant Bankruptcy Rule 7015?  Were the amended claims made

9  in bad faith?  That to me is clearly a factual issue.  Will

10  permitting the amended claims prejudice debtors and

11  creditors?  Does the PBGC's discount rate reflect the money

12  needed as of the Plan termination date to enable the PBGC to

13  satisfy the forthcoming pension obligations?  Does the PBGC

14  discount rate reflect the difference between the value of

15  the assets transferred and what is necessary to pay the

16  Pension Plan's projected benefit liabilities?  Why did the

17  PBGC delay the transfer of the Pension Plan assets?  Why is

18  the PBGC entitled to administrative or other priority

19  claims?  Is the PBGC still claiming unpaid minimum funding

20  contributions?  Question of fact.  Why is the PBGC making

21  its amended insurance claim for $83 million when the Debtors

22  are not reorganizing?

23           And here's the primary factual question which

24  must be answered and the parties will propose their

25  positions and the Court will then decide.  As of the Plan

1    termination date, how much money is required to enable the

2    PBGC to meet all pension obligations?  The answer to the

3    question is crucial because the PBGC is entitled to recover

4    the total amount of the unfunded benefit liabilities as of

5    the termination date, plus reasonable interest.

6          Now the PBGC uses a discount rate which the

7    Debtors challenge as being arbitrary and capricious.  Again,

8    questions of fact.  And these questions are numerous.  Has

9    the PBGC examined the relevant data and articulated a

10   rational connection between the facts found and the choice

11   made?  Was the decision based on a consideration of the

12   relevant factors?  Has there been a clear error of judgment?

13         The foregoing will test annuity based rates

14   versus investment practices.  And this is why it appears to

15   the Court without deciding an issue not before me today,

16   that the PBGC's investment policies and the processes by

17   which the PBGC regulatory rate is set are relevant.

18         So the Court is therefore ruling, really without

19   hesitation, that the Debtors are entitled to discovery and

20   to an Evidentiary Hearing on these matters.

21         Now the concern the Court has is with the volume

22   of discovery that has been just identified and the date for

23   the Evidentiary Hearing, there's a lot of work to be done, a

24   tremendous amount of discovery, I think.  And Ms. Connelly,

25   I know has made proposals today for discovery.  I think the

1  parties need to talk about discovery and what will be

2  acceptable and what is necessary.  We can't have 40 years of

3  material produced in what will be a short time because I am

4  going to propose that the Evidentiary Hearing take place the

5  second week of January.  I need to time to decide.  This is

6  a difficult issue.  It's a complex matter.  And I need the

7  time before confirmation and I want to get you a ruling

8  before confirmation, not on the eve of confirmation, but

9  well in advance.

10          So I am looking -- first, I got to look at the

11  right month.  How many days do you think this Evidentiary

12  Hearing will take, Mr. Bromley?  Is this a three day

13  hearing?  It seems to me to be.

14          MR. BROMLEY:  I would say no more than three,

15  Your Honor.

16          THE COURT:  All right.  Ms. Connelly, would you

17  agree with that?

18          MS. CONNELLY:  Certainly no more.

19          THE COURT:  Okay.  All right.  Then I'm going to

20  suggest the 9th, 10th, and 11th of January.  Now I -- when

21  is discovery due?  Is it December 12 or did you add on seven

22  days, Mr. Bromley?

23          MR. BROMLEY:  I think we talked about it being 30

24  days from --

25          MS. CONNELLY:  Thirty days from today.

1        MR. BROMLEY:  -- today, Your Honor.

2        THE COURT:  All right, 30 days from today.  So

3   that's December 21.

4        MR. BROMLEY:  In light of the hearing dates, I

5   might suggest backing it up a little bit.

6        THE COURT:  Well, I think you need to talk about

7   that and backing it up.  And then there has to be time for

8   objections and for me to hear those objections and those

9   could be on fairly, what I would think would be fairly short

10  order.

11       Well, here's what I'm going to suggest.  Talk

12  about -- talk with the PBGC about when discovery will be

13  made and then when you've arrived at a date, we'll add a few

14  days and we'll schedule a hearing on any discovery disputes.

15  I don't want to impose a date for discovery to terminate

16  here.  I'd rather the parties talk and agree.  But if you

17  can't, then get back to me and we'll have a conference call

18  and we'll decide when discovery should end and then we can

19  add a few days for objections and then my hearing them and

20  considering them.  But try to be reasonable in what you're

21  seeking and there's an awful lot there, of course.  So it's

22  important, I think, to narrow the scope, if you can, all

23  right?

24       MR. BROMLEY:  We'll schedule a meeting and confer

25  immediately, Your Honor --

1          THE COURT:  all right.

2          MR. BROMLEY:  -- and take heed of your advice.

3          THE COURT:  Very well.  All right.  Anything

4   else?

5               (No audible response.)

6          THE COURT:  Okay.  I will do an Order to the --

7   to schedule this hearing.  And with that, we will stand in

8   recess, everyone.  Thank you.

9          MR. BROMLEY:  Thank you, Your Honor.

10   (Whereupon, at 11:19 a.m., the hearing was adjourned.)

11

12                    CERTIFICATION

13          I certify that the foregoing is a correct

14   transcript from the electronic sound recording of the

15   proceedings in the above-entitled matter.

16

17   _____

18                                        November 23, 2016

19   Traci L. Calaman Transcriber                Date

20   Diaz Transcription Services

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**1306(a)(7**(1) 27:16

**a.m**(4) 1:15 7:1 39:10 58:10
**abbott**(9) 1:31 7:4 7:5 7:6 7:8 7:11 7:14 7:18 10:11

**abbreviated**(1) 44:6
**abeyance**(1) 16:25
**abington**(1) 53:23
**able**(6) 16:8 19:23 31:5 33:22 34:20 50:20
**about**(52) 7:11 9:4 9:20 10:18 13:14 14:8 16:12 16:15 17:9 18:2 21:2 23:2 23:4 23:5 28:14 31:18 34:2 35:5 35:11 35:12 36:10 36:14 37:23 38:8 40:24 42:4 42:5 42:22 43:24 44:10 45:17 47:1 47:16 47:17 47:21 48:14 48:19 49:8 49:11 49:12 49:23 50:6 50:16 51:6 51:6 51:8 51:22 56:1 56:23 57:6 57:12 57:12

**above**(1) 28:6
**aboveentitled** (1) 58:15
**absolutely**(1) 51:15
**accept**(1) 39:22
**acceptable**(1) 56:2
**accepted**(1) 30:4
**according**(1) 53:22
**act**(2) 35:22 43:18
**acted**(1) 27:7
**actually**(4) 17:13 31:1 35:17 36:13
**actuaries**(5) 46:10 52:15 52:19 52:19 52:20
**add**(2) 35:9 56:21 57:13 57:19
**addition**(1) 45:19
**address**(6) 24:17 37:2 37:6 45:3 45:25 48:13

**addressed**(3) 14:17 18:2 29:22
**addresses**(1) 25:17
**addressing**(3) 8:5 28:16 53:14
**adequate**(4) 53:21 54:2 54:2 54:4
**adi**(1) 6:13
**adjourned**(1) 58:10
**administered**(1) 1:6
**administrative**(4) 43:17 43:17 45:8 54:18
**administrator**(1) 3:42
**administrators**(2) 4:3 15:19
**admit**(1) 34:17
**advance**(1) 56:9
**advice**(1) 58:2
**advisor**(1) 5:43
**advisors**(1) 52:6
**after**(18)7 18:7 18:12 21:23 22:13 33:5 39:10 49:22 52:4

**again**(8) 22:2 22:6 22:8 27:11 29:20 32:10 32:11 55:7

**against**(5) 15:3 15:9 41:7 41:10 41:20
**agency**(8) 24:20 26:18 27:24 28:7 45:11 45:13 47:20 47:24
**agenda**(1) 20:14
**ago**(3) 9:20 10:23 15:16
**agree**(5) 22:22 38:22 52:22 56:17 57:16
**agreed**(2) 23:18 49:13
**agreement**(4) 14:19 29:3 50:17 50:20
**ahead**(2) 24:9 24:11
**airways**(1) 45:9
**akin**(3) 2:23 4:8 53:17
**al.**(1) 1:8
**all**(48) 7:11 8:7 8:22 10:8 10:8 11:6 11:22 12:5 16:9 18:16 21:18 22:3 23:11 24:13 26:21 26:21 26:23 26:24 28:17 28:22 32:4 36:15 36:21 41:18 43:6 44:12 44:16 44:16 45:1 47:9 48:4 50:1 50:3 50:14 50:23 50:25 52:7 52:25 53:1 53:1 53:16 55:2 56:16 56:19 57:2 57:22 58:1 58:3

**allegations**(10) 30:4 30:23 31:16 31:17 32:3 35:12 35:13 35:14 35:25 36:1

**alleged**(1) 29:25
**allen**(1) 2:10
**allocated**(1) 31:25
**allocating**(1) 28:5
**allocation**(5) 14:5 14:9 37:12 37:17 49:2
**allocations**(1) 36:9
**allow**(5) 29:18 31:14 36:19 42:20 53:20
**allowed**(1) 11:19 15:17 15:18 22:18
**allows**(4) 16:10 33:2 35:24 42:1
**alluded**(2) 37:20 48:20
**almost**(1) 39:1
**along**(1) 35:9
**already**(1) 45:10
**also**(7) 10:13 30:23 37:4 42:8 51:18 51:25 54:1

**alt**(2) 41:9 41:11
**alternative**(1) 5:16
**although**(1) 45:4
**always**(6) 29:10 29:11 29:11 29:12 46:19 46:24

**amend**(2) 25:18 35:24
**amended**(10) 21:24 31:1 46:25 51:6 53:7 53:13 54:7 54:8 54:10 54:21
**amendia**(2) 27:8 30:19
**amendment**(3) 18:10 18:12 31:14
**amendment's**(1) 36:17
**amendments**(7) 19:1 19:2 27:9 30:1 30:24 31:3 32:6

**amer**(1) 4:35
**america**(3) 2:27 4:22 4:22
**american**(1) 13:5
**americas**(2) 2:12 3:31
**amongst**(1) 13:20
**amount**(12) 18:18 20:4 20:4 31:9 31:12 39:13 39:18 40:4 42:1 46:21 55:4 55:24
**amounts**(3) 11:19 39:14 41:21
**ample**(1) 36:5
**analysis**(1) 20:21

**and**(301) 4:34 4:35 7:12 8:2 8:5 9:5 9:6 9:8 9:13 9:16 9:23 10:2 10:4 10:6 10:16 10:23 11:8 11:15 11:19 11:23 12:2 12:3 12:4 12:6 12:11 12:12 12:16 12:18 12:22 12:24 13:2 13:6 13:10 13:21 13:21 13:25 14:1 14:10 14:12 14:14 14:16 14:20 14:22 14:25 15:5 15:7 15:11 15:12 15:12 15:19 15:19 16:2 16:3 16:4 16:6 16:10 16:13 16:13 16:17 16:24 17:1 17:4 17:8 17:9 17:10 17:11 17:12 17:18 17:19 17:21 18:1 18:1 18:3 18:4 18:15 18:18 18:20 18:21 18:21 18:22 18:22 19:2 19:4 19:9 19:11 19:12 19:15 19:15 19:17 20:4 20:5 20:13 20:25 21:5 21:6 21:10 21:17 21:18 22:7 22:17 22:21 22:23 23:1 23:3 23:4 23:6 23:9 23:10 23:10 23:11 23:12 23:13 24:6 24:8 24:21 25:2 25:8 25:15 25:19 25:24 26:5 26:11 26:12 26:13 26:14 26:19 26:23 26:25 27:1 27:1 27:2 27:3 27:4 27:13 27:18 27:20 28:1 28:8 28:13 29:11 29:12 29:13 29:20 30:6 30:8 30:12 30:14 30:16 30:17 30:17 30:24 31:2 31:12 31:13 31:16 31:17 31:23 32:2 32:11 32:11 32:12 32:13 32:22 33:1 33:11 33:14 33:18 33:18 33:22 33:23 33:24 33:24 34:5 34:5 34:8 34:11 34:11 34:14 34:18 34:19 34:21 34:22 34:24 35:2 35:6 35:10 35:18 36:11 36:11 36:12 36:13 36:19 37:5 37:15 37:16 37:19 38:1 38:1 38:3 38:7 38:17 38:19 38:21 38:22 38:23 39:6 39:11 39:23 39:25 40:6 40:16 40:18 41:1 41:3 42:1 42:3 42:7 42:13 42:14 42:16 42:18 42:20 43:1 43:8 43:20 43:21 43:24 44:5 44:8 44:8 44:9 44:11 44:11 44:17 45:18 45:21 45:22 45:23 46:3 46:4 46:8 46:11 46:16 46:18 46:21 47:4 47:6 47:10 47:11 47:14 47:23 47:25 48:23 48:23 49:2 49:3 49:5 49:5 49:9 49:11 49:13 49:14 49:14 49:18 49:19 49:21 50:4 50:5 50:6 50:8 50:16 50:17 50:19 50:23 51:1 51:10 51:11 51:13 51:17 51:21 52:1 52:2 52:3 52:5 53:2 53:7 53:7 53:7 53:8 53:10 53:12 53:13 53:15 53:15 53:24 54:2

**and**(38) 54:3 54:6 54:6 54:10 54:15 54:23 54:24 54:25 55:7 55:8 55:9 55:10 55:14 55:16 55:19 55:22 55:24 56:1 56:2 56:6 56:7 56:20 57:7 57:7 57:8 57:8 57:13 57:14 57:16 57:18 57:18 57:19 57:19 57:21 57:24 58:2 58:7

**anderson**(1) 53:19
**andrew**(4) 3:18 4:41 6:9 36:25
**annuities**(3) 33:19 33:19 33:20
**annuity**(3) 33:16 34:9 55:13
**another**(3) 25:15 25:17 47:15
**answer**(1) 55:2
**answered**(1) 54:24
**anthony**(1) 4:9
**anticipate**(1) 19:5
**anticipated**(1) 35:15
**any**(25) 11:13 16:12 16:24 18:19 19:19 23:22 27:11 30:20 31:25 32:5 33:12 33:16 33:17 34:4 41:12 43:22 44:17 46:18 47:25 50:11 50:12 51:21 52:2 52:5 57:14

**anybody**(2) 37:15 46:23
**anyone**(6) 13:25 28:19 35:17 35:18 44:24 48:6

**anything**(9) 20:2 34:25 36:14 47:1 48:2 49:8 49:23 49:24 58:3

**apart**(1) 16:24
**appeal**(1) 49:3
**appeals**(2) 49:1 53:22
**appear**(1) 26:6
**appearances**(3) 4:1 5:1 6:1
**appears**(3) 19:16 20:10 55:14
**application**(4) 20:22 34:23 38:12 40:8

**applications**(1) 7:9
**applied**(1) 26:7
**apply**(8) 19:22 22:19 22:20 24:21 25:11 29:23 30:9 30:22

**applying**(1) 27:21
**appropriate**(6) 23:9 24:7 24:25 38:23 40:4 42:14

**appropriateness**(1) 26:24
**approval**(3) 9:16 10:6 15:14
**approve**(2) 10:4 38:12
**approved**(2) 9:15 9:22
**approving**(1) 9:21
**approximately**(1) 17:14
**arbitrary**(5) 26:11 32:13 33:24 47:6 55:7
**architecture**(3) 14:18 14:21 15:13
**are**(54) 8:1 8:20 11:3 15:10 16:25 17:10 17:11 17:12 18:2 19:10 20:24 21:19 22:17 22:19 23:15 24:2 24:8 25:9 27:5 27:12 27:14 27:17 28:3 31:17 31:17 31:19 32:3 32:6 32:14 32:23 33:19 33:21 36:13 37:19 39:14 39:14 39:17 41:7 43:14 45:12 46:17 46:20 47:9 47:20 50:20 52:17 53:3 53:8 53:14 54:7 54:22 55:8 55:17 55:19

**argue**(1) 24:24
**argued**(2) 39:14 40:22
**argues**(1) 53:8
**arguing**(3) 25:23 26:10 39:16
**argument**(8) 14:9 20:11 27:7 29:13 31:12 47:5 47:7 47:16

**argument's**(1) 36:16
**arguments**(6) 8:6 28:16 29:19 38:10 47:9 47:22

**around**(6) 11:21 11:23 12:12 12:14 13:1 30:2

**arps**(3) 3:42 5:32
**arrived**(1) 57:13
**arsht**(1) 1:30
**articulated**(1) 55:9
**artificial**(1) 37:19
**artificially**(1) 38:13
**ashurst**(1) 5:38
**ashutosh**(1) 6:13
**aside**(1) 18:22
**ask**(2) 23:13 26:20
**asked**(4) 22:21 30:25 45:3 45:7
**asking**(2) 40:2 41:24
**assert**(1) 38:20
**asserted**(5) 15:9 15:11 18:6 18:7 31:24
**asserting**(1) 19:24
**asset**(5) 5:16 6:8 6:8 41:9
**assets**(5) 11:23 25:16 28:5 54:15 54:17
**assume**(2) 15:24 39:9
**assumption**(1) 18:17
**assumptions**(5) 26:2 26:3 26:21 26:23
**attached**(1) 21:17
**attempt**(1) 17:17
**attempted**(1) 13:19
**attempts**(2) 13:3 48:21
**attended**(1) 50:2
**attention**(2) 11:1 30:18
**audible**(4) 28:21 44:25 48:8 58:5
**august**(3) 49:5 49:9 51:4
**authorized**(1) 47:8
**auto**(1) 43:7
**available**(3) 30:9 43:15 45:5
**ave**(1) 3:6
**avenue**(4) 2:12 2:42 3:25 3:31
**avoid**(6) 28:12 39:25 40:2 41:4 41:5 52:11
**aware**(2) 14:11 50:10
**away**(3) 35:3 35:4 46:17
**awful**(1) 57:21
**back**(6) 17:3 23:4 32:14 33:14 37:4 57:17
**background**(1) 10:17

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| backing(3) 22:8 57:5 57:7 | | brian(1) 4:39 | | categories(1) 28:6 | | compelled(2) 45:19 51:2 | |
| backup(1) 21:16 | | brief(5) 22:22 24:19 35:8 38:4 40:20 | | cede(2) 7:17 10:17 | | complaint(1) 30:3 | |
| bad(8) 27:7 27:11 30:1 30:22 31:16 32:3 35:25 54:9 | | briefed(1) 40:19 | | cent(3) 32:24 33:3 33:9 | | complete(1) 49:22 | |
| | | briefing(8) 13:9 24:16 25:4 40:16 46:2 50:1 53:6 53:6 | | center(2) 2:18 17:21 | | completed(2) 28:1 28:7 | |
| badtke-berkow(1) 2:11 | | | | certain(4) 22:22 39:18 40:9 52:17 | | completely(3) 31:15 35:24 44:14 | |
| baked(1) 50:18 | | bring(3) 9:13 16:23 17:17 | | certainly(9) 12:18 17:16 17:18 43:21 46:1 47:18 47:25 56:18 | | complex(2) 28:1 56:6 | |
| balance(1) 14:22 | | brock(1) 4:44 | | 46:7 | | complicated(1) 28:6 | |
| bank(4) 2:27 4:22 4:22 5:28 | | bromley(68) 1:25 8:10 8:11 8:12 8:15 | | certification(1) 58:12 | | compliment(1) 35:11 | |
| bankruptcies(1) 44:5 | | 8:19 8:23 9:2 9:11 9:19 10:1 10:9 10:15 | | certify(1) 58:13 | | comply(2) 43:19 49:20 | |
| bankruptcy(19) 1:1 1:20 19:7 24:20 25:3 | | 10:20 11:5 11:11 11:18 12:1 12:21 13:14 | | challenge(2) 26:13 55:7 | | comprised(1) 51:7 | |
| 25:18 30:12 30:13 31:7 32:21 34:10 34:12 | | 13:15 13:18 15:5 16:2 16:21 17:7 19:1 | | challenger(2) 26:17 32:9 | | comrades(1) 12:3 | |
| 34:13 34:16 35:1 44:12 47:23 48:18 54:8 | | 19:22 20:13 20:17 21:15 23:13 23:14 | | challenging(1) 26:7 | | conceding(1) 26:6 | |
| | | 23:16 23:21 24:11 24:14 28:22 29:2 29:9 | | change(1) 18:20 | | concern(1) 55:21 | |
| bar(2) 18:8 31:15 | | 29:10 29:18 30:6 33:8 36:22 36:23 37:20 | | changed(2) 28:19 19:3 | | concerned(1) 38:2 | |
| barclays(1) 6:12 | | 38:10 41:24 46:8 47:4 47:21 48:14 51:1 | | chapter(2) 1:8 25:12 | | concerning(6) 26:19 26:21 26:22 26:23 | |
| based(6) 27:8 33:22 42:18 46:10 55:11 55:13 | | 51:2 51:10 51:25 52:8 52:9 56:12 56:14 | | charge(2) 10:2 34:8 | | 26:25 45:14 | |
| | | 56:22 56:23 57:1 57:4 57:24 58:2 58:9 | | charlene(1) 3:5 | | | |
| basis(6) 30:18 38:12 39:5 39:12 44:6 44:8 | | | | charles(1) 4:4 | | concerns(2) 51:6 51:8 | |
| bayard(1) 3:4 | | brought(2) 11:1 21:10 | | check(1) 33:14 | | conclude(1) 39:12 | |
| bears(1) 32:18 | | bryant(1) 2:26 | | chief(2) 13:6 13:7 | | conclusion(1) 17:18 | |
| because(30) 17:15 19:17 19:18 19:19 20:6 | | btg(1) 5:43 | | choice(2) 21:2 55:10 | | conduct(1) 53:18 | |
| 21:1 29:22 32:14 33:16 33:19 34:4 34:6 | | buchanan(1) 2:4 | | chung(1) 4:23 | | confer(1) 57:24 | |
| 34:12 35:11 35:14 36:5 38:8 39:3 39:5 | | business(4) 11:14 11:15 12:4 36:19 | | circuit(6) 17:1 18:8 20:22 35:23 47:22 | | conference(2) 7:15 57:17 | |
| 39:15 40:11 41:6 41:25 42:9 42:15 44:2 | | business-like(1) 49:11 | | 53:22 | | conferences(1) 13:21 | |
| 48:15 52:1 55:3 56:3 | | businesses(1) 12:5 | | | | confident(1) 41:17 | |
| | | but(48) 7:15 8:20 11:11 12:12 14:11 | | circumstances(1) 18:11 | | confirmation(29) 9:8 24:9 24:10 24:12 | |
| beddows(1) 9:23 10:1 10:3 | | 15:24 16:13 16:15 17:16 18:10 20:10 21:3 | | cited(1) 21:17 | | 27:5 29:5 29:6 37:7 37:21 38:3 38:5 | |
| beebe(1) 3:44 | | 23:3 24:3 25:25 27:11 28:7 30:8 32:13 | | claim(43) 17:8 18:6 18:17 19:1 19:2 21:4 | | 38:17 38:17 39:3 40:1 40:5 40:11 40:13 | |
| been(33) 9:16 9:21 10:7 10:12 11:13 | | 33:14 34:18 36:4 37:8 37:25 38:15 38:25 | | 21:6 21:13 22:1 22:10 27:20 29:4 29:14 | | 41:4 41:6 41:25 42:2 42:6 42:15 42:17 | |
| 12:11 12:16 12:21 13:1 14:24 15:13 | | 39:6 40:7 40:10 40:14 40:22 41:12 41:17 | | 29:15 29:21 31:12 33:19 33:21 33:22 | | 53:4 56:7 56:8 56:8 | |
| 19:18 20:22 20:23 23:7 31:3 31:8 33:10 | | 41:22 42:12 43:13 44:10 45:12 46:22 | | 38:15 38:21 39:2 39:4 39:12 39:18 39:19 | | | |
| 36:3 44:2 45:4 47:20 47:23 48:9 48:18 | | 48:19 50:3 50:22 52:12 52:24 53:11 56:8 | | 41:5 41:17 42:16 44:8 46:10 46:11 46:14 | | congress(9) 19:7 19:14 19:20 19:22 26:1 | |
| 48:21 49:7 49:25 50:20 53:2 55:12 55:22 | | 57:16 57:20 | | 46:14 46:15 46:21 49:10 49:24 50:10 | | 33:4 33:4 33:8 34:17 | |
| | | buy(1) 33:19 | | 50:13 51:18 54:21 | | | |
| before(22) 1:19 8:13 9:3 10:17 14:19 | | buying(1) 34:9 | | | | connection(7) 9:3 9:11 10:10 14:19 15:21 | |
| 14:20 17:14 20:13 23:14 24:25 25:25 29:5 | | buys(1) 33:19 | | claim's(1) 32:24 | | 31:18 55:10 | |
| 38:5 40:11 41:4 41:24 42:6 42:14 43:2 | | cake(1) 50:18 | | claimants(1) 3:4 | | | |
| 55:15 56:7 56:8 | | calaman(1) 58:19 | | claiming(1) 54:19 | | connelly(30) 2:34 8:1 20:7 20:8 20:10 | |
| | | calculable(1) 46:22 | | claims(61) 3:35 14:6 14:9 14:16 14:16 | | 20:15 20:16 23:14 24:14 24:15 28:18 | |
| began(2) 12:7 49:21 | | calculate(1) 28:4 | | 14:22 15:1 15:3 15:9 15:11 15:25 16:5 | | 28:19 28:23 29:1 29:7 29:8 30:21 32:4 | |
| beginning(7) 8:23 12:17 14:1 17:25 32:16 | | calculated(2) 27:14 49:13 | | 16:9 16:11 17:21 18:10 19:25 21:24 21:25 | | 32:8 35:8 37:3 45:1 45:2 47:18 48:5 48:6 | |
| 33:15 48:18 | | calculating(1) 38:14 | | 22:5 24:18 24:20 24:22 25:18 27:8 27:12 | | 55:24 56:16 56:18 56:25 | |
| | | calculation(2) 28:2 28:8 | | 27:24 29:2 30:19 30:24 31:1 31:2 31:3 | | | |
| behalf(3) 7:20 37:1 48:12 | | calendar(1) 10:12 | | 31:9 32:6 35:24 36:13 36:14 38:20 39:16 | | connelly's(1) 51:5 | |
| behind(5) 33:2 34:6 35:19 35:21 35:23 | | call(2) 46:15 57:17 | | 39:16 40:3 41:22 42:1 47:1 47:2 47:11 | | consequence(2) 39:20 41:5 | |
| being(16) 13:23 13:24 14:17 15:9 15:11 | | called(3) 22:21 25:6 25:8 | | 49:7 49:12 49:16 51:6 51:11 51:13 53:7 | | consider(1) 24:18 | |
| 15:22 15:25 18:2 33:15 33:24 40:3 41:11 | | calls(2) 38:4 52:22 | | 53:7 53:13 53:13 54:7 54:8 54:10 54:19 | | consideration(1) 55:11 | |
| 43:13 48:17 55:7 56:23 | | came(5) 19:1 36:14 43:16 49:9 50:10 | | | | considering(1) 57:20 | |
| | | can(22) 8:10 8:24 10:16 15:24 19:8 23:24 | | classic(1) 26:13 | | consistent(1) 22:25 | |
| belies(3) 35:1 51:4 | | 25:16 26:11 31:9 31:12 32:7 33:20 34:17 | | clear(15) 14:25 19:14 20:18 22:17 29:14 | | consolidated(1) 41:11 | |
| believe(4) 21:5 24:1 34:25 51:15 | | 34:24 36:15 41:4 41:19 41:19 41:22 53:9 | | 30:23 31:8 32:15 33:5 38:8 42:15 46:17 | | consolidation(2) 31:20 41:13 | |
| belknap(1) 3:29 | | 57:18 57:22 | | 46:19 51:15 55:12 | | consortium(1) 3:36 | |
| benefit(21) 6:4 7:22 17:20 19:10 20:19 | | | | | | constitution(1) 34:14 | |
| 21:6 21:25 26:4 27:22 27:23 27:24 | | can't(13) 26:17 26:17 32:9 33:1 38:12 | | clearly(2) 41:3 54:9 | | contentious(1) 44:1 | |
| 28:5 30:14 30:16 31:2 48:17 51:11 51:17 | | 39:4 39:5 40:14 42:5 47:19 48:2 56:2 | | cleary(2) 1:24 5:21 | | contested(3) 22:16 22:17 30:8 | |
| 54:16 55:4 | | 57:17 | | clerk(1) 7:2 | | context(3) 19:9 21:9 21:12 | |
| | | canada(3) 12:3 13:10 17:2 | | climates(1) 13:19 | | continue(1) 17:4 | |
| benefits(1) 34:17 | | canadian(5) 4:26 9:16 14:20 15:6 44:8 | | clock(1) 17:4 | | continued(5) 2:2 3:2 5:2 6:2 17:15 | |
| benjamin(1) 6:5 | | candid(1) 49:10 | | close(4) 18:12 46:11 46:12 53:3 | | contracts(2) 43:6 43:8 | |
| best(1) 46:10 | | cannot(2) 32:17 42:6 | | closed(2) 15:21 21:24 | | contrarian(1) 5:4 | |
| better(1) 33:16 | | cantwell(1) 5:23 | | code(1) 34:12 | | contrast(1) 40:16 | |
| between(7) 13:1 20:3 21:6 34:11 42:16 | | capital(1) 5:4 | | coincided(1) 46:2 | | contributions(1) 54:20 | |
| 54:14 55:10 | | capricious(5) 26:11 32:13 33:25 47:6 55:7 | | coincidence(3) 18:13 39:1 40:15 | | conversation(2) 9:4 15:20 | |
| | | capstone(1) 5:43 | | coinciding(1) 46:6 | | conversations(2) 51:13 51:14 | |
| bewildering(1) 29:13 | | car(1) 43:7 | | collaboration(1) 11:19 | | convince(1) 47:5 | |
| billion(3) 11:22 12:6 40:17 | | care(1) 7:9 | | college(1) 11:8 | | cooperatively(1) 12:2 | |
| bit(5) 8:21 10:16 28:10 28:10 57:5 | | careful(1) 14:21 | | come(3) 23:4 40:7 46:4 | | coordinating(1) 44:8 | |
| blackwell(1) 4:44 | | case(42) 1:5 12:11 18:22 19:15 19:17 | | comes(1) 46:11 | | coordination(1) 11:19 | |
| blauner(1) 5:18 | | 19:20 20:5 24:20 25:1 25:6 25:7 27:13 | | comical(1) 39:1 | | cornerstone(1) 34:16 | |
| bloomberg(1) 5:12 | | 27:23 27:25 28:7 28:9 28:11 29:20 29:22 | | coming(1) 10:22 11:3 | | corporate(3) 19:8 19:19 33:6 | |
| board(1) 19:19 | | 29:23 30:15 30:18 31:5 33:3 33:10 35:6 | | commence(1) 17:24 | | corporation(1) 7:23 | |
| bondholders(4) 3:11 4:13 37:2 43:13 | | 35:6 35:23 36:3 38:5 41:18 42:7 43:23 | | comment(1) 26:5 | | correct(1) 58:13 | |
| boothman(1) 5:39 | | 44:2 44:10 44:10 45:9 45:24 46:9 46:19 | | comments(3) 37:4 45:25 51:5 | | cost(4) 20:3 32:16 32:20 34:1 | |
| borow(1) 5:44 | | 48:16 53:2 | | committee(11) 2:17 4:8 4:27 5:39 5:44 | | costs(1) 20:3 | |
| both(2) 46:15 49:9 | | | | 12:21 30:15 30:16 31:25 37:1 50:5 | | could(4) 25:10 28:15 39:6 57:9 | |
| botter(1) 2:25 | | cases(16) 11:6 11:20 13:20 16:18 19:3 | | | | couldn't(1) 45:5 | |
| box(1) 3:38 | | 19:7 20:23 20:23 21:7 25:22 25:12 26:15 | | company(3) 4:34 4:35 33:6 | | counsel(5) 5:38 8:2 15:19 | |
| | | 35:5 43:2 43:25 53:24 | | compel(1) 27:3 | | countless(4) 36:6 36:7 36:8 36:10 | |
| | | cassels(1) 4:44 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **couple**(8) 8:15 9:12 11:22 13:18 15:15 22:14 45:24 45:25 | | **decades**(1) 20:21 **december**(5) 9:8 23:20 49:21 56:21 57:3 **decide**(8) 19:23 34:20 34:21 41:21 53:9 54:25 56:5 57:18 | | **documents**(9) 21:18 22:2 26:21 26:22 26:23 26:25 34:20 45:11 49:15 | | **esq**(39) 1:25 2:5 2:11 2:17 2:24 2:25 2:32 2:33 2:34 2:35 2:41 3:5 3:11 3:18 3:24 4:27 4:31 4:35 4:39 4:41 4:45 5:9 5:13 5:18 5:23 5:25 5:34 5:39 5:44 6:5 6:9 |
| **course**(4) 24:25 27:10 42:21 57:21 | | **decided**(4) 19:20 32:7 36:15 49:17 **deciding**(1) 55:15 | | **doe**(2) 53:23 53:25 **does**(11) 22:15 22:20 28:7 30:8 38:2 38:7 38:7 46:7 52:22 54:11 54:13 | | |
| **court**(136) 1:1 7:3 7:7 7:10 7:13 7:18 7:21 7:24 8:4 8:7 8:9 8:11 8:13 8:18 8:22 9:1 9:10 9:15 9:16 9:18 9:20 9:21 9:24 9:25 10:1 10:1 10:3 10:8 10:14 10:16 10:19 11:1 11:4 11:13 11:17 11:25 12:20 13:13 13:17 14:19 15:24 15:4 15:7 15:16 16:1 16:8 16:10 16:20 16:22 16:23 17:2 17:6 18:25 19:21 20:9 20:12 20:16 21:14 23:13 23:20 24:6 24:13 25:6 25:7 25:10 25:12 26:1 27:22 28:12 28:16 28:17 28:19 28:22 28:25 29:7 29:9 29:17 30:5 33:7 36:21 36:23 37:8 37:13 38:6 38:11 39:8 41:15 42:11 42:12 42:19 42:22 43:3 43:5 44:4 44:16 44:17 44:19 44:20 44:22 44:24 45:1 45:7 47:16 47:22 48:4 48:6 48:9 48:11 48:15 49:4 50:1 50:25 51:9 51:24 52:7 52:9 53:1 53:9 53:10 53:14 53:19 53:20 53:22 54:3 54:6 54:25 55:15 55:18 55:21 56:16 56:19 57:2 57:6 58:1 58:3 58:6 | | **deemed**(1) 39:21 **deficits**(1) 11:24 **defined**(5) 19:9 24:21 30:14 30:15 43:17 **delaware**(5) 1:2 1:12 3:6 3:25 7:1 **delay**(1) 54:17 **delegated**(1) 26:1 **delineation**(1) 14:21 **delivered**(1) 17:17 **delivery**(1) 17:23 **demands**(1) 26:20 **denies**(1) 20:19 **deny**(2) 42:20 44:20 **dependent**(1) 16:4 **deposition**(1) 24:1 **depositions**(1) 45:24 **derek**(2) 1:31 7:5 **described**(2) 45:4 46:9 **description**(2) 14:16 21:21 **deserved**(1) 12:12 **detailed**(1) 14:15 **determine**(1) 38:15 **determining**(1) 26:22 **detriment**(1) 17:5 **devolved**(1) 20:11 **diaz**(1) 1:39 **did**(15) 19:15 19:22 26:4 29:18 33:8 35:14 46:1 46:24 48:18 49:19 51:25 52:6 54:7 54:16 56:21 **didn't**(5) 29:15 29:23 46:13 47:19 49:23 **difference**(2) 30:3 54:14 **different**(5) 15:1 35:1 38:20 47:9 48:25 53:2 56:6 **difficult**(7) 12:4 12:10 43:18 43:25 48:9 53:2 56:6 **diligently**(3) 12:2 14:10 15:2 **dine**(1) 4:17 **dips**(1) 19:16 **direction**(1) 20:25 **disagree**(3) 27:10 39:11 47:13 **disagreed**(2) 37:11 40:21 **disagreement**(1) 37:17 **disclosure**(6) 9:6 9:7 14:24 17:10 23:1 42:19 **discount**(4) 19:24 54:11 54:14 55:6 **discovery**(34) 23:7 23:17 23:18 23:22 24:25 26:18 26:20 28:15 30:25 32:9 34:2 34:4 38:14 42:13 42:21 42:22 43:11 45:4 53:10 53:12 53:15 53:18 53:21 54:4 55:19 55:22 55:24 55:25 56:1 56:21 57:12 57:14 57:15 57:18 **discuss**(2) 49:6 49:9 **discussion**(1) 49:11 **discussions**(3) 49:13 50:6 50:7 **dismiss**(2) 22:18 30:6 **dispute**(4) 14:5 16:12 22:15 53:14 **disputes**(2) 28:15 57:14 **disrupt**(1) 40:12 **disrupted**(1) 40:3 **distinguish**(1) 13:1 **distinguishable**(1) 20:24 **district**(4) 1:2 25:12 49:4 50:1 **divorce**(1) 14:11 **dla**(1) 4:26 **doable**(3) 43:14 43:22 44:14 | | **doe**(2) 53:23 53:25 **doesn't**(7) 22:19 30:20 35:16 35:20 35:21 40:4 40:10 **doing**(4) 18:23 34:25 38:14 39:3 **dollar**(2) 32:24 40:17 **dollars**(4) 11:22 12:14 21:1 21:7 **domain**(1) 45:12 **don't**(28) 16:12 16:16 16:18 16:21 16:24 29:4 29:24 31:11 32:4 32:12 33:12 33:16 33:16 33:18 33:22 34:3 35:17 35:18 36:13 37:4 41:23 41:23 42:25 43:21 44:14 52:21 52:24 57:15 **done**(7) 18:16 32:11 37:5 37:21 43:1 47:8 55:23 **down**(4) 17:8 28:10 40:9 49:6 **downwards**(1) 31:11 **dozens**(4) 13:21 13:21 13:22 13:24 **draft**(2) 17:13 22:13 **draw**(1) 33:1 **drye**(3) 2:40 6:4 8:3 **due**(3) 23:18 32:4 56:21 **each**(4) 23:25 28:4 37:22 38:21 **earlier**(2) 22:10 22:14 **early**(2) 47:22 49:22 **earn**(1) 34:7 **ecro**(1) 1:37 **eerily**(1) 22:24 **effect**(2) 12:8 31:4 **effort**(4) 10:25 23:10 39:25 40:1 **eight**(3) 11:13 12:25 44:2 **either**(3) 38:9 43:12 46:7 **electronic**(2) 1:45 58:14 **elements**(1) 14:4 **eliminated**(1) 28:15 **else**(6) 28:19 34:5 44:24 48:6 52:3 58:4 **emea**(1) 15:10 **employed**(1) 52:2 **emptied**(1) 15:17 **enable**(2) 54:12 55:1 **enacted**(1) 35:22 **encompassed**(1) 7:15 **end**(5) 11:3 36:2 37:3 53:4 57:18 **ended**(2) 49:19 49:21 **engage**(1) 52:1 **enlarged**(1) 43:23 **enormous**(6) 11:19 12:9 19:11 42:23 42:25 43:10 **enrolled**(1) 52:19 **enron**(1) 38:19 **ensure**(1) 39:2 **entails**(1) 14:21 **enter**(1) 10:5 **entire**(1) 35:2 **entirely**(1) 15:7 **entirety**(1) 18:3 **entities**(6) 15:10 16:5 31:21 36:10 38:21 41:9 **entitled**(4) 20:2 54:18 55:3 55:19 **entity**(6) 30:12 32:1 41:8 41:12 41:16 **environment**(1) 12:4 **eric**(3) 2:41 4:13 8:2 **erisa**(3) 34:11 34:14 52:16 **error**(3) 26:8 26:9 55:12 | | **esquire**(2) 1:31 5:29 **essentially**(1) 31:14 **establish**(1) 26:15 **established**(1) 52:17 **esther**(1) 4:23 **estimate**(1) 46:10 **estimated**(3) 27:24 28:9 46:9 **europe**(1) 15:8 **european**(2) 5:38 15:23 **evaluation**(1) 13:23 **eve**(1) 56:8 **even**(7) 18:20 21:21 39:6 40:6 40:7 41:22 52:15 **eventually**(1) 50:16 **ever**(3) 20:1 47:24 50:9 **every**(31) 13:22 13:23 14:2 14:3 14:15 15:8 15:9 16:5 18:14 18:15 19:15 24:20 26:18 27:23 28:7 28:9 30:13 30:14 31:22 32:9 33:5 33:23 35:12 35:13 38:21 41:8 41:20 45:12 45:16 46:9 51:14 **everybody**(1) 37:11 **everyone**(3) 7:3 45:13 58:8 **everyone's**(1) 17:5 **everything**(1) 15:14 **evidence**(4) 18:13 18:16 21:23 30:11 41:23 53:10 53:12 55:20 55:23 56:4 56:11 **evidentiary**(11) 24:8 24:9 39:5 39:12 **exact**(1) 22:9 **exactly**(1) 17:15 **examined**(1) 55:9 **example**(1) 25:10 **excuse**(2) 20:7 35:3 **exercises**(2) 13:7 14:15 **expanded**(2) 44:9 44:9 **expect**(1) 19:4 **expectation**(1) 11:21 **expected**(1) 19:5 **expeditious**(1) 16:8 **expensive**(2) 13:7 13:8 **experience**(3) 33:12 33:17 33:17 **expert**(1) 24:2 **explained**(1) 36:7 **explaining**(1) 20:14 **explanation**(2) 22:1 22:7 **explicitly**(1) 26:1 **extensively**(1) 48:14 **extra**(1) 31:13 **extraordinarily**(3) 13:8 19:14 43:25 **f.3rd**(1) 53:23 **face**(1) 27:15 **faced**(1) 37:16 **facial**(1) 26:13 **facie**(1) 30:11 **facing**(1) 25:3 **fact**(19) 11:18 12:12 18:14 19:14 25:3 25:24 29:25 30:1 31:21 31:23 35:24 36:4 41:8 41:10 51:7 53:15 54:6 54:20 55:8 **factors**(1) 55:12 **facts**(1) 55:10 **factual**(7) 25:24 27:11 32:3 35:12 35:14 54:9 54:23 **fail**(1) 47:3 **failed**(1) 30:21 **failure**(2) 16:22 17:2 **fairly**(2) 57:9 57:9 **faith**(11) 17:17 27:8 27:11 30:1 30:22 31:10 31:17 32:3 35:25 50:21 54:9 |
| **courts**(6) 9:15 20:25 25:3 44:8 44:12 **cowan**(1) 4:35 **cowen**(1) 4:34 **cram**(1) 40:9 **created**(1) 12:9 **creates**(1) 30:1 **credentials**(1) 52:20 **creditor**(2) 19:12 32:22 **creditors**(19) 4:26 5:40 5:45 11:23 12:21 15:2 15:22 21:4 21:8 21:9 30:14 30:16 31:24 34:15 37:25 40:10 41:18 50:4 54:11 **creditor's**(2) 2:16 4:7 **critical**(4) 14:4 18:3 20:21 23:4 **criticism**(1) 12:11 **crucial**(1) 55:3 **currency**(1) 9:3 **current**(1) 39:16 **curtain**(1) 33:1 **d.c**(1) 25:12 **daily**(1) 30:18 **damn**(1) 33:18 **data**(1) 55:9 **date**(10) 9:13 18:8 31:15 54:12 55:1 55:5 55:22 57:13 57:15 58:19 **dates**(1) 57:4 **david**(2) 2:25 3:30 **davis**(1) 3:5 **day**(8) 12:18 31:23 33:24 36:4 38:16 43:8 47:15 56:12 **days**(15) 9:20 18:12 21:23 30:17 43:9 46:4 46:4 47:13 56:11 56:22 56:24 56:25 57:2 57:14 57:19 **deadlines**(2) 46:2 46:3 **deal**(7) 22:25 34:7 34:9 38:23 43:25 44:5 44:7 **dealing**(4) 24:5 40:8 40:24 43:12 **deals**(1) 38:19 **debenture**(1) 3:23 **debtor**(4) 5:21 38:21 41:20 50:12 **debtors**(47) 1:12 1:24 7:6 7:12 8:17 8:20 9:6 10:15 10:21 11:5 11:21 15:6 15:10 15:22 16:4 18:3 21:2 21:5 24:17 24:18 24:24 25:8 25:11 25:22 26:6 26:20 27:7 29:18 31:19 31:24 39:15 42:7 46:23 48:22 49:5 49:17 49:23 50:15 50:19 51:3 51:15 53:13 54:3 54:10 54:21 55:7 55:19 | | | | | | |

| Word | Page:Line |
|---|---|

fall(1) 16:24
falls(1) 34:22
far(2) 24:24 52:21
farnan(2) 13:7 14:14
farr(1) 4:38
farther(1) 45:5
fashion(1) 34:16
fear(1) 31:10
february(1) 49:22
feder(1) 6:5
fee(1) 7:9
fees(2) 12:14 28:13
feld(2) 2:23 4:8
few(6) 12:16 13:13 20:23 21:23 57:13
fiat(1) 19:12
fiction(4) 36:16 36:17 36:17 36:18
fight(1) 47:15
fighting(3) 15:6 36:3 47:20
file(12) 24:20 29:15 31:12 33:22 39:11 45:19 46:7 46:8 46:13 51:25 52:6 54:7

filed(24) 9:6 10:12 10:15 10:21 11:5 11:20 16:14 16:16 17:7 17:14 17:15 17:22 18:18 20:12 21:13 21:24 22:12 22:23 24:16 38:5 42:9 46:25 49:2 51:18

files(3) 27:24 35:16 46:20
filing(1) 8:17
filled(1) 35:13
filling(1) 32:17
fills(1) 46:21
final(2) 28:2 28:8
finally(3) 25:19 47:11 50:8
find(3) 18:10 18:11 34:6
fine(1) 34:3
first(16) 7:14 12:1 12:18 12:23 13:8 20:12 20:14 25:10 28:16 45:3 46:14 47:15 50:9 50:11 53:16 56:10

fit(1) 17:9
five(3) 18:7 22:10 30:19
flom(2) 3:43 5:33
floor(1) 3:13
flown(1) 20:20
focus(3) 25:22 27:5 27:7
focused(1) 38:1
foia(4) 49:18 49:20 52:1 52:6
follow(1) 49:13
follows(1) 38:18
for(98) 1:2 1:24 2:4 2:16 2:31 3:4 3:10 3:23 3:35 3:42 3:42 4:3 4:11 4:16 4:16 4:22 4:26 4:30 4:34 4:38 4:44 5:4 5:21 5:32 5:38 5:38 5:43 6:4 6:8 6:12 7:6 7:14 9:7 9:22 10:4 10:5 11:22 12:10 12:25 13:11 14:18 15:2 15:3 17:12 20:7 20:8 20:21 21:22 22:19 23:7 24:16 25:1 25:3 26:20 26:22 28:8 28:20 29:21 30:16 31:20 30:25 31:5 31:16 33:14 35:3 35:3 36:5 36:9 38:4 38:13 39:24 39:24 40:16 40:21 41:24 43:19 44:2 45:7 45:8 45:9 45:20 46:3 47:7 47:15 48:6 47:21 49:12 50:1 50:7 53:16 54:1 54:21 55:22 55:25 57:7 57:8 57:15 57:19

foregoing(2) 55:13 58:13
forget(1) 43:24
forgiving(1) 19:8
formal(1) 13:4
formula(2) 27:15 27:22
forth(2) 48:23 49:13
forthcoming(1) 54:13
fortunate(1) 16:9
fortunately(1) 43:11
fortune(1) 44:7
forward(4) 13:23 13:24 13:24 47:2
fought(2) 15:2 15:5
foul(1) 55:10
fox(1) 3:35

fragile(1) 14:20
france(2) 25:11
frankly(1) 18:3
fraud(1) 32:25
fred(1) 2:24
free(1) 30:19
freshman(1) 11:8
friction(1) 34:11
friedman(1) 6:9
friends(2) 14:8 53:23
from(20) 7:6 8:3 12:23 14:1 14:8 22:6 23:14 23:19 27:20 32:15 45:5 48:18 49:1 49:23 50:12 52:5 56:24 56:25 57:2 58:14

front(7) 11:13 13:4 14:7 14:13 14:14 14:14 17:21

fulfilling(1) 33:25
full(5) 13:9 39:19 39:21 53:11 53:18
fully(2) 19:5 41:17
fundamental(2) 32:21 34:14
funding(1) 54:19
gaines(1) 5:5
gains(1) 25:15
gallagher(1) 4:38
game(1) 35:15
gap(1) 32:17
gargantuan(2) 45:16 47:15
garth(2) 2:33 8:1 48:12
gather(3) 13:11 45:12 45:16
generally(1) 18:9
generate(2) 17:20 33:2
generated(5) 11:20 12:6 12:9 33:10 45:11
generates(1) 32:19
gently(1) 53:11
germany(1) 15:12
get(21) 8:13 23:23 27:19 28:2 29:2 29:5 30:19 33:5 33:8 35:4 35:18 36:13 36:19 37:5 41:19 41:19 47:24 48:22 50:8 56:7 57:17

gets(1) 37:21
getting(5) 30:2 42:4 44:7 47:23 52:5
giles(1) 5:39
ginger(1) 1:37
give(7) 8:21 10:9 10:16 34:4 34:17 35:21 40:5

given(5) 18:19 23:17 34:18 34:18 48:15
global(19) 9:4 9:12 9:14 9:17 9:22 10:3 10:4 10:6 15:15 16:17 16:17 16:22 16:23 17:2 17:9 18:4 23:12 41:12 44:8

globally(1) 16:4
goes(3) 28:9 28:10 35:17
going(30) 11:13 18:20 18:24 28:2 31:5 32:23 33:15 33:21 33:23 33:24 34:3 34:19 36:8 36:9 38:20 39:19 40:20 41:7 41:10 41:20 41:21 42:3 44:2 46:7 47:2 49:25 50:14 56:4 56:19 57:11

gonzales(1) 38:18
good(14) 2:17 7:3 7:4 7:5 7:19 7:24 17:17 31:10 33:18 34:7 34:9 36:24 36:25 50:21

got(4) 34:4 48:23 50:11 56:10
gotten(2) 35:3 43:23
gottlieb(2) 1:24 5:21
government(4) 7:11 24:19 30:12 32:12
grade(2) 11:7 28:7
grant(1) 42:5
granted(1) 30:7
granting(1) 53:25
gross(1) 1:19
grounds(3) 45:21 45:22 45:22
group(3) 3:10 4:12 33:6
groups(1) 40:10
guarantee(3) 6:5 7:22 19:18
gump(2) 2:23 4:8
gutted(1) 31:15

habbu(2) 6:13 6:13
had(22) 9:4 10:22 10:23 10:25 11:15 13:4 13:20 15:21 15:24 16:5 23:6 37:17 40:17 44:6 48:17 49:7 49:10 49:25 50:2 51:6 51:22 52:2

hadley(2) 3:17 4:12
hadn't(3) 40:23 40:24 51:5
halcyon(1) 6:8
hall(1) 4:19
halcyon(1) 6:8
hamilton(2) 1:24 5:22
hand(1) 51:20
handed(4) 24:19 35:8 35:10 35:10
handling(1) 45:23
hanrahan(1) 4:41
happen(2) 16:11 40:11
happened(2) 21:24 52:25
happening(1) 9:13
happens(2) 38:16 43:24
happy(4) 37:18 37:23 45:9 46:5
hard(1) 23:10
harm(1) 25:23
harrisburg(1) 1:41
has(42) 9:16 9:21 9:22 10:6 11:12 11:15 12:21 15:13 18:6 19:6 19:7 19:11 19:12 19:13 19:18 20:20 20:21 23:23 29:2 30:7 30:16 31:1 35:2 38:3 39:15 41:25 43:11 44:2 44:17 45:11 45:13 46:23 53:2 53:11 53:17 55:8 55:12 55:21 55:22 55:25 57:7

hauer(2) 2:23 4:8
have(73) 8:24 9:6 9:23 11:2 11:12 12:13 12:16 12:16 13:1 13:2 13:4 13:13 13:14 14:24 15:1 16:3 16:10 16:19 16:24 17:24 19:16 19:17 20:10 20:18 20:20 20:23 21:2 21:4 21:19 22:3 22:8 22:16 22:23 23:6 23:15 23:17 24:2 24:9 24:11 25:4 25:7 25:25 28:1 28:4 29:11 30:23 31:3 31:18 32:12 32:17 33:12 33:16 33:17 35:25 36:12 38:2 39:5 39:11 39:17 40:6 40:12 41:21 42:13 43:22 43:23 47:23 48:17 48:21 48:25 50:3 50:20 52:17 56:2 57:17

haven't(2) 34:18 51:21
having(4) 7:8 22:13 39:25 41:5
he's(1) 48:15
hear(3) 23:14 49:23 57:8
heard(3) 9:23 45:6 48:7
hearing(28) 8:16 8:23 9:7 9:8 24:8 24:9 38:5 38:17 38:18 39:24 40:21 41:23 41:25 42:13 42:15 53:4 53:10 53:12 55:20 55:23 56:4 56:12 56:13 57:4 57:14 57:19 58:7 58:10

hears(1) 39:9
heart(1) 8:13
heavy(5) 24:18 35:8 35:9 35:10 35:11
heed(1) 58:2
held(1) 37:15
help(2) 33:3 40:14
her(1) 37:4
here(29) 7:6 8:20 10:10 12:17 12:18 12:22 12:25 14:12 16:13 18:1 21:2 23:6 24:7 28:20 32:2 33:21 33:21 34:24 36:2 36:3 37:11 42:3 42:23 43:23 44:11 45:7 46:4 50:23 57:16

here's(2) 54:23 57:11
hesitation(1) 55:19
hiding(4) 33:2 35:19 35:21 35:23
high(4) 9:19 11:15 25:7 35:6
higher(1) 18:24
highest(2) 31:9 46:7
hired(1) 52:3
his(3) 20:14 47:5 48:15
history(3) 26:15 48:14 48:25
hoc(3) 3:10 4:12 37:1

hodara(1) 2:24
hold(2) 15:14 23:21
holohan(1) 5:9
honor(106) 7:5 7:8 7:9 7:17 7:19 7:25 8:8 8:12 8:21 9:5 9:11 9:23 10:7 10:11 10:20 10:22 11:2 11:11 12:2 12:8 12:13 12:22 14:7 14:11 16:10 16:19 17:7 18:1 18:10 18:14 18:20 19:23 20:7 20:15 20:17 20:18 21:2 21:8 21:11 22:12 22:18 23:3 23:12 23:16 23:25 24:12 24:15 24:16 25:25 27:6 27:10 28:12 28:18 28:24 29:10 29:13 29:24 30:2 30:10 31:7 31:16 32:2 32:13 32:25 35:7 36:16 36:18 36:22 36:25 37:2 37:5 37:10 38:18 38:22 39:9 39:14 39:23 40:3 40:16 40:18 41:2 41:21 41:25 42:7 42:15 42:25 43:2 43:14 43:20 44:15 44:23 45:2 45:3 47:5 47:11 47:14 47:18 48:5 48:10 51:14 52:8 52:11 56:15 57:1 57:25 58:9

honor's(1) 37:11
honorable(1) 1:19
hours(3) 30:17 38:5 39:10
how(26) 10:10 14:8 14:16 15:22 15:24 16:16 16:17 17:9 17:11 27:20 28:4 30:25 31:2 32:20 35:18 36:14 42:22 43:16 46:19 47:16 48:16 49:8 49:12 49:15 55:1 56:11

hsbc(1) 5:28
hubbard(1) 4:3
huberty(1) 4:4
hughes(1) 4:3
hundreds(4) 12:13 30:17 30:17 30:17
i'd(2) 45:2 57:16
i'll(6) 7:17 23:2 31:13 31:13 34:17 42:9
i'm(17) 8:12 33:1 33:21 33:23 34:3 34:3 34:8 37:8 37:24 38:1 41:17 43:11 43:12 50:10 51:2 56:19 57:11

i've(2) 34:20 48:18
idea(4) 31:15 34:24 45:22 47:12
identified(1) 55:22
ignore(1) 33:23
ignored(2) 19:9 19:9
ignoring(1) 35:24
illegal(1) 31:24
imbedded(1) 10:24
immediately(1) 23:8 57:25
imminently(1) 20:24
impact(2) 14:25 21:3
important(9) 16:2 16:16 17:12 21:11 32:14 35:7 47:24 51:13 57:22

importantly(1) 11:11
impose(1) 57:15
impossible(3) 12:25 14:12 18:11
inappropriate(2) 20:23 38:23
inc(2) 1:8 4:30
include(1) 26:20
included(3) 12:22 14:15 15:16
includes(1) 46:15
inconsistent(1) 51:23
increase(2) 51:10 51:17
increased(3) 21:25 22:2 22:7
indicates(1) 20:22
individual(3) 15:10 15:22 15:22
infect(1) 14:9
informal(1) 13:20
information(7) 21:16 21:20 22:4 22:8 23:25 28:1 43:15

ingersoll(2) 2:4
initial(1) 25:8
inside(2) 13:25 14:1
instance(1) 46:14
instead(1) 26:10
insurance(3) 46:14 46:15 54:21
insured(1) 19:10
integral(2) 16:16 16:17
intend(2) 42:17 47:19

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| intent(1) 41:3 | | karen(1) 4:17 | | lobby(1) 53:19 | | merger(1) 5:8 | |
| intention(1) 48:1 | | kathleen(1) 2:5 | | london(1) 9:20 | | merits(3) 20:11 23:2 24:19 | |
| intentionally(1) 46:1 | | katie(1) 2:17 | | long(7) 10:22 14:10 23:7 31:5 44:2 44:3 | | met(4) 12:23 19:13 51:3 51:22 | |
| interest(5) 6:12 21:22 38:13 40:18 55:5 | | katten(1) 4:16 | | 53:2 | | methodology(3) 26:10 26:22 26:24 | |
| interested(5) 4:30 4:34 4:38 5:4 37:8 | | keane(1) 3:11 | | | | michael(2) 4:44 4:45 | |
| internet(1) 43:2 | | keep(1) 23:5 | | longstanding(2) 44:22 48:21 | | might(2) 11:21 57:5 | |
| internally(1) 51:22 | | kelley(2) 6:4 8:3 | | look(5) 34:4 38:25 39:23 41:2 56:10 | | milbank(4) 4:12 37:1 | |
| interplay(3) 37:6 38:2 42:16 | | kelly(1) 2:40 | | looked(1) 30:3 | | millbank(1) 3:17 | |
| interpretation(1) 48:16 | | kevin(1) 1:19 | | looking(5) 11:23 26:14 56:10 | | miller(1) 3:24 | |
| interrupting(1) 20:8 | | kimberly(1) 5:5 | | loring(1) 4:9 | | million(13) 18:6 18:7 18:17 21:7 22:1 | |
| into(9) 8:13 10:5 17:3 20:11 32:14 34:22 | | kind(5) 31:14 36:9 36:9 50:11 50:12 | | lose(7) 39:4 39:6 41:16 42:5 42:6 47:19 | | 22:6 27:20 27:21 29:4 36:13 46:22 51:16 | |
| 41:14 50:16 52:12 | | king(2) 2:19 3:46 | | 48:2 | | 54:21 | |
| | | kingdom(3) 9:17 10:2 12:3 | | | | millions(1) 12:13 | |
| investing(1) 34:8 | | knees(1) 16:24 | | losing(1) 41:4 | | mind(2) 23:5 23:15 | |
| investment(5) 26:25 45:17 45:17 55:14 | | know(29) 10:16 12:2 18:22 19:16 24:1 | | lot(12) 10:23 11:12 12:11 23:6 32:14 | | minimum(1) 54:19 | |
| 55:16 | | 29:24 32:23 32:24 33:5 33:12 33:16 34:7 | | 34:18 43:10 44:11 44:11 44:13 55:23 | | minute(1) 36:12 | |
| | | 35:8 35:11 36:12 37:5 42:9 45:22 46:4 | | 57:21 | | misfortune(1) 44:7 | |
| investments(1) 33:13 | | 47:2 47:4 47:9 49:11 51:20 52:4 52:21 | | lots(2) 43:1 48:20 | | missed(2) 46:15 46:18 | |
| investor(2) 17:19 33:18 | | 52:24 53:2 55:25 | | low(3) 11:16 31:12 38:13 | | mixed(2) 25:24 53:14 | |
| involve(2) 14:5 25:2 | | | | lowenthal(1) 3:30 | | mode(1) 17:4 | |
| involved(2) 48:17 48:19 | | knowledge(1) 52:25 | | lower(1) 20:25 | | money(7) 11:20 12:9 20:4 20:4 23:10 | |
| involves(1) 30:15 | | knows(2) 37:11 45:7 | | mace(1) 1:37 | | 54:11 55:1 | |
| isn't(3) 23:8 24:7 47:25 | | lacked(1) 52:20 | | made(16) 14:25 18:12 19:7 19:19 20:22 | | | |
| issue(12) 21:3 25:7 25:8 30:1 40:17 40:18 | | landscape(1) 19:3 | | 21:12 30:23 31:18 46:1 49:7 50:9 51:14 | | moneys(1) 31:25 | |
| 40:23 48:20 49:3 54:9 55:15 56:6 | | lane(1) 13:5 | | 54:8 55:11 55:25 57:13 | | monitor(1) 2:4 | |
| | | language(3) 22:3 22:9 26:3 | | | | month(2) 23:19 56:11 | |
| issued(1) 9:20 | | large(1) 32:20 | | magnitude(1) 18:12 | | months(4) 17:14 22:14 28:14 52:4 | |
| issues(27) 10:2 10:24 14:10 14:22 16:7 | | last(3) 9:2 9:2 36:12 | | major(2) 27:6 43:7 | | more(14) 11:11 11:12 13:19 14:8 23:4 | |
| 17:11 17:18 18:2 22:22 23:6 23:11 24:17 | | late(1) 50:10 | | majority(1) 47:5 | | 26:15 28:23 33:3 36:13 40:23 43:12 44:6 | |
| 25:2 25:9 25:9 32:21 35:6 42:4 42:16 | | lately(1) 20:23 | | make(12) 19:23 22:18 22:19 29:19 30:20 | | 56:14 56:18 | |
| 43:9 47:15 47:20 47:25 49:9 51:21 53:8 | | later(4) 12:22 12:25 15:20 46:21 | | 32:15 33:9 35:12 35:13 37:16 47:19 48:1 | | morning(7) 7:3 7:4 7:5 7:19 7:24 36:24 | |
| 54:5 | | laughter(1) 11:10 | | | | 36:25 | |
| it's(51) 13:14 17:12 17:14 18:24 19:13 | | law(10) 3:23 25:19 25:25 30:7 32:7 32:21 | | making(3) 42:5 49:19 54:20 | | | |
| 19:17 19:18 19:19 21:11 23:4 27:16 27:16 | | 35:23 36:15 53:15 54:7 | | manageable(1) 43:10 | | morris(3) 1:30 3:23 7:6 | |
| 29:13 30:9 30:22 30:22 31:8 31:11 34:5 | | | | management(4) 5:4 5:17 6:8 6:8 | | most(6) 11:22 25:22 41:19 44:5 50:4 50:7 | |
| 35:7 35:19 36:2 36:16 39:1 39:25 40:14 | | leblanc(3) 3:18 12:17 36:23 36:25 37:1 | | managers(2) 26:25 45:17 | | mostly(2) 25:23 50:15 | |
| 41:2 41:3 41:3 42:3 42:5 42:23 42:24 | | 37:9 37:10 37:14 38:7 39:9 41:16 42:12 | | manipulating(1) 31:19 | | motion(30) 7:16 8:16 9:4 10:11 10:18 | |
| 43:14 43:20 43:21 43:21 44:14 45:4 45:10 | | 42:23 42:24 43:4 44:8 44:15 44:17 44:20 | | manner(1) 16:8 | | 20:11 20:13 21:10 22:12 22:19 22:24 | |
| 45:17 46:19 47:8 47:10 47:24 48:9 50:23 | | 44:22 44:23 | | manufacturers(2) 43:7 43:7 | | 22:24 23:3 24:16 24:23 25:18 30:6 30:8 | |
| 52:24 53:2 56:6 57:21 | | | | many(14) 14:21 25:9 30:25 31:2 35:25 | | 36:19 39:4 39:7 39:15 39:24 39:24 42:6 | |
| | | leblanc's(1) 47:16 | | 36:1 43:1 43:1 43:1 43:24 43:24 43:24 | | 42:9 42:20 44:21 45:20 53:16 | |
| italy(1) 15:12 | | legal(20) 13:22 22:22 24:17 25:2 25:5 | | 46:19 56:11 | | | |
| item(1) 7:16 | | 25:7 25:8 25:9 25:13 25:17 28:13 28:16 | | | | motions(2) 27:3 27:4 | |
| its(14) 11:15 11:15 16:23 19:24 21:13 | | 29:19 36:7 42:4 47:7 47:9 47:14 47:25 | | market(8) 1:11 1:32 2:6 3:12 3:37 5:8 | | move(3) 25:1 31:13 54:7 | |
| 26:22 27:8 39:1 49:2 49:12 50:10 53:6 | | 53:8 | | 33:14 34:8 | | much(12) 11:7 11:8 17:23 28:4 29:4 34:8 | |
| 53:11 54:21 | | legislation(1) 20:1 | | | | 37:15 39:13 40:23 42:1 44:6 55:1 | |
| james(2) 1:23 5:3 | | legislative(2) 19:12 26:15 | | material(3) 19:2 21:5 56:3 | | | |
| january(6) 9:9 11:6 13:16 53:4 56:5 56:20 | | lengthy(1) 37:14 | | math(5) 29:14 29:15 31:6 31:13 46:9 | | multi-national(2) 11:14 11:15 | |
| jason(1) 4:31 | | less(1) 40:19 | | mathematical(2) 26:8 27:15 27:21 | | multiple(4) 13:2 13:9 13:9 19:16 | |
| jay(1) 5:44 | | let(3) 23:2 23:13 42:12 | | matias(1) 7:20 | | multiply(2) 27:18 27:19 | |
| jeffrey(1) 3:36 | | let's(3) 34:12 38:8 39:9 | | matter(12) 8:14 12:15 22:16 22:17 30:8 | | multitude(1) 39:15 | |
| jerry(1) 4:19 | | letters(1) 52:23 | | 36:4 39:21 45:23 51:7 53:17 56:6 58:15 | | munchin(1) 4:16 | |
| join(1) 42:8 | | level(1) 20:22 | | | | murphy(1) 2:5 | |
| joined(2) 37:6 42:7 | | leverage(2) 41:7 41:18 | | matters(3) 13:3 13:12 55:20 | | murrell(8) 2:32 7:19 7:20 7:22 7:25 8:5 | |
| joint(2) 4:3 15:19 | | liabilities(5) 25:16 26:4 27:14 54:16 55:4 | | matthew(2) 3:44 5:25 | | 8:7 8:8 | |
| jointly(1) 1:6 | | liability(8) 17:20 21:6 22:1 27:23 27:25 | | maximize(3) 41:6 41:17 48:2 | | | |
| jonathan(1) 5:29 | | 31:2 51:11 51:18 | | maximizes(1) 40:11 | | must(4) 30:4 52:16 54:2 54:24 | |
| jones(1) 3:10 | | | | may(10) 7:4 7:17 9:23 14:7 40:5 40:7 | | narrow(1) 57:22 | |
| joseph(1) 2:11 | | liberty(3) 1:26 45:21 53:19 | | 40:8 40:17 42:1 43:4 | | nature(1) 53:8 | |
| judge(8) 1:19 1:20 13:5 13:7 14:14 14:14 | | light(1) 57:4 | | | | nearly(5) 12:25 18:7 22:9 33:17 50:3 | |
| 18:20 38:18 | | like(9) 13:13 25:2 30:3 34:8 35:9 45:2 | | maybe(1) 24:1 | | necessarily(1) 42:25 | |
| | | 48:13 49:8 49:24 | | mccloy(2) 3:17 4:12 | | necessary(2) 54:15 56:2 | |
| judgment(15) 22:20 23:8 24:6 24:7 24:25 | | likely(1) 43:12 | | meagher(2) 3:42 5:32 | | need(9) 22:4 22:9 24:8 36:19 49:11 56:1 | |
| 25:1 25:13 32:6 38:12 53:5 53:6 53:16 | | limited(1) 34:20 | | mean(5) 8:16 17:3 38:7 47:7 52:22 | | 56:5 56:6 57:6 | |
| 53:21 54:1 55:12 | | liquidating(1) 25:12 | | means(1) 52:22 | | | |
| | | liquidation(3) 11:14 11:14 29:23 | | meantime(1) 50:14 | | needed(1) 54:12 | |
| julia(1) 5:13 | | list(1) 25:8 | | meanwhile(1) 49:25 | | needs(3) 20:5 37:5 47:12 | |
| july(4) 21:23 40:21 50:10 51:18 | | litany(1) 45:6 | | measure(2) 33:25 53:11 | | negotiated(1) 19:18 | |
| june(1) 40:20 | | literally(2) 13:11 13:21 | | mediated(1) 13:13 | | negotiating(1) 50:6 | |
| jurisdiction(4) 15:8 18:9 20:25 37:22 | | litigating(3) 28:14 43:8 49:3 | | mediation(4) 14:2 18:15 37:15 49:25 | | negotiations(1) 19:4 | |
| just(26) 8:10 9:15 10:9 10:16 21:23 25:4 | | litigation(9) 16:25 17:1 17:4 17:25 24:24 | | mediations(5) 13:4 13:8 13:20 29:19 50:2 | | networks(5) 1:8 4:39 5:32 | |
| 28:23 29:1 30:22 34:3 34:25 37:2 40:8 | | 27:3 44:1 44:11 44:12 | | mediators(1) 13:5 | | never(5) 18:19 18:19 24:25 33:23 48:23 | |
| 42:9 43:23 44:2 45:6 45:24 47:11 47:13 | | | | meet(1) 55:2 | | new(10) 1:27 2:13 2:28 2:43 3:32 8:3 | |
| 47:13 48:13 48:21 51:2 52:24 55:22 | | little(4) 11:6 28:10 28:10 57:5 | | meeting(4) 14:2 18:15 51:7 57:24 | | 13:18 26:12 26:20 27:7 | |
| | | livingston(1) 5:25 | | meetings(2) 13:10 13:22 | | | |
| justice(9) 9:19 13:6 14:13 14:13 15:15 | | llp(11) 1:30 2:10 3:23 3:35 4:3 4:16 4:26 | | melnik(1) 4:27 | | newbould(2) 18:21 40:19 | |
| 15:20 16:22 18:21 40:18 | | 4:38 4:44 5:38 6:4 | | member(2) 12:24 12:24 | | newbould's(2) 14:13 16:23 | |
| | | | | mention(2) 30:21 51:3 | | next(3) 28:14 38:16 47:13 | |
| justified(1) 35:19 | | | | mentioned(2) 12:18 34:13 | | nichols(2) 1:30 7:6 | |
| | | | | mercer(2) 52:2 52:3 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| nncc(1) 41:13 | | only(11) 15:24 18:12 19:2 20:21 29:22 34:21 37:20 37:20 39:7 41:1 48:19 | | pbgc(95) 2:31 7:16 10:13 10:17 12:23 14:2 14:3 16:12 17:12 17:14 17:20 18:6 18:17 19:5 19:6 19:10 19:11 19:16 19:23 20:2 20:8 21:4 21:5 21:13 22:14 22:21 23:2 23:23 24:16 24:19 25:23 26:1 26:4 27:7 28:12 28:20 29:3 31:1 31:4 31:22 32:16 32:17 32:20 32:22 33:11 33:18 34:1 34:3 34:18 34:24 35:2 35:16 36:3 36:5 37:24 38:3 38:15 38:17 38:20 39:15 40:10 42:16 43:15 45:19 46:1 46:7 46:20 46:25 48:13 48:22 49:2 49:5 49:12 50:2 50:4 50:5 50:9 50:20 51:4 52:1 52:15 53:5 54:7 54:12 54:13 54:17 54:18 54:19 54:20 55:2 55:3 55:6 55:9 55:17 57:12 | | post-petition(1) 40:18 |
| nnh(1) 41:14 | | | | | | potential(1) 15:1 |
| nnsa(2) 3:42 9:23 | | | | | | power(4) 35:21 40:5 40:12 48:2 |
| nobody(4) 33:19 37:18 47:1 50:5 | | open(1) 35:16 50:21 | | | | ppearances(3) 1:22 2:1 3:1 |
| none(2) 20:25 21:21 | | operating(1) 12:4 | | | | practice(3) 7:16 10:12 31:8 |
| nor(2) 37:24 37:24 | | opinion(1) 9:20 | | | | practices(1) 55:14 |
| normal(1) 44:10 | | opportunities(1) 36:5 | | | | practitioner(1) 31:7 |
| nortel(5) 1:8 3:35 4:39 5:32 18:4 | | opportunity(4) 12:10 19:11 53:18 53:21 | | | | precious(1) 19:8 |
| north(6) 1:32 2:19 3:12 3:37 3:46 13:5 | | opposes(1) 53:20 | | | | prejudgment(1) 42:4 |
| noses(1) 37:15 | | opposing(1) 53:17 | | | | prejudice(9) 30:23 30:23 31:17 32:2 32:3 36:1 46:25 47:3 54:10 |
| not(71) 9:15 10:25 12:12 14:4 15:7 15:18 15:23 16:8 17:10 17:14 18:24 19:17 19:18 19:22 21:19 21:21 22:18 25:1 25:25 26:7 26:8 26:9 27:11 27:25 28:1 30:7 30:9 30:9 30:22 31:23 33:8 33:24 34:3 34:10 34:14 34:25 35:3 37:23 39:2 40:5 40:7 40:9 41:11 42:3 43:11 43:12 43:13 44:13 44:13 45:17 45:24 46:1 46:5 46:7 46:17 46:19 48:17 50:20 50:23 52:4 52:15 52:19 52:19 52:22 52:24 54:2 54:7 54:22 55:15 56:8 | | opposite(1) 20:24 | | | | |
| | | opposition(2) 23:11 42:8 | | | | premier(1) 13:5 |
| | | orally(1) 42:9 | | | | premise(2) 29:20 34:14 |
| | | order(5) 27:4 45:20 52:16 57:10 58:6 | | | | premium(4) 22:6 29:14 29:15 46:13 |
| | | ordered(1) 40:19 | | | | premiums(11) 25:11 27:13 27:14 29:21 29:22 46:15 46:16 46:16 46:18 51:8 51:16 |
| | | ordinary(1) 42:21 | | pbgc's(12) 25:20 26:21 26:22 26:25 27:12 27:20 29:12 39:2 39:24 45:8 54:11 55:16 | | |
| | | original(1) 18:8 | | | | |
| | | originally(1) 21:13 | | | | prescribe(2) 26:2 26:3 |
| note(3) 16:2 19:2 22:3 | | other(23) 9:12 11:13 16:25 19:12 20:2 21:4 21:9 22:5 23:25 27:6 41:8 41:12 41:18 41:20 43:1 43:24 45:22 45:25 46:2 50:15 53:24 54:18 | | pennsylvania(1) 1:41 | | present(1) 31:22 |
| noted(3) 15:20 22:13 47:21 | | | | pension(18) 3:4 6:4 7:22 10:2 10:5 10:5 15:3 15:9 15:11 16:4 24:21 52:15 52:16 52:20 54:13 54:16 54:17 55:2 | | presentation(2) 18:16 48:15 |
| notes(1) 29:3 | | | | | | presented(4) 50:22 50:23 52:15 52:18 |
| noteworthy(1) 38:3 | | | | | | presently(1) 16:25 |
| nothing(7) 13:25 19:25 19:25 20:1 26:15 34:5 44:10 | | | | | | preston(1) 2:16 |
| | | our(32) 8:2 12:3 13:6 14:8 15:17 17:13 20:11 22:12 23:7 23:16 23:21 24:3 24:17 24:21 24:22 33:13 35:12 36:13 37:15 46:10 46:10 46:13 46:14 46:15 48:2 49:14 49:15 49:24 50:13 52:6 52:13 52:18 | | people(6) 12:10 12:16 13:11 31:8 34:17 40:23 | | presume(1) 41:7 |
| notice(4) 18:19 26:4 40:15 49:3 | | | | | | pretty(5) 22:17 31:8 33:18 46:11 46:12 |
| noticed(1) 38:6 | | | | percent(6) 28:11 32:25 33:3 33:9 33:9 46:12 | | prima(1) 30:11 |
| notwithstanding(5) 16:11 31:21 31:23 41:8 41:10 | | | | | | primarily(1) 38:1 |
| | | | | | | primary(1) 54:23 |
| | | ourselves(1) 13:20 | | perci(1) 9:22 | | prior(1) 39:2 |
| novel(1) 12:11 | | out(8) 20:5 33:11 33:15 34:21 37:16 46:5 46:11 46:18 | | perform(1) 10:6 | | priority(3) 28:6 35:2 54:18 |
| november(7) 1:14 7:1 10:21 17:22 22:13 49:17 58:18 | | | | perhaps(2) 29:21 31:10 | | privilege(1) 45:21 |
| | | | | period(3) 14:10 40:19 44:1 | | probably(1) 7:15 |
| | | outside(2) 8:2 50:7 | | permission(1) 10:4 | | problem(2) 11:2 34:10 |
| now(16) 10:10 11:7 14:24 15:14 23:2 25:22 26:6 26:6 35:4 35:5 47:1 47:2 51:5 55:6 55:21 56:20 | | outsized(1) 38:21 | | permitting(1) 54:10 | | procedures(1) 43:18 |
| | | over(14) 13:11 14:10 26:19 29:20 29:20 32:9 33:1 33:10 40:19 44:1 44:12 45:11 45:15 48:25 | | perpetuation(1) 34:22 | | proceed(4) 10:10 42:13 42:21 49:18 |
| | | | | person's(1) 28:5 | | proceedings(3) 1:18 1:45 58:15 |
| | | | | personally(1) 46:3 | | proceeds(1) 12:6 |
| number(13) 7:16 9:15 18:24 22:7 27:16 28:2 28:8 28:9 34:20 45:20 46:23 49:20 53:24 | | overly(1) 2:10 | | peter(1) 3:11 | | process(13) 11:3 17:10 24:2 25:4 31:11 31:19 37:3 37:7 37:15 38:10 38:14 39:7 45:21 |
| | | overruled(1) 40:22 | | pgbc(2) 2:31 50:7 | | |
| | | overstated(1) 21:6 | | philip(1) 5:23 | | |
| numbers(2) 21:1 39:17 | | overwhelming(2) 43:21 44:13 | | phillips(2) 13:6 14:14 | | processed(1) 49:18 |
| numerous(1) 55:8 | | own(4) 13:6 13:7 25:8 43:16 | | phone(1) 52:22 | | processes(1) 55:16 |
| o'connor(1) 4:39 | | p.o(1) 3:38 | | phrase(1) 26:11 | | produce(2) 45:10 49:15 |
| object(3) 25:5 40:5 45:20 | | pachulski(1) 3:10 | | picked(1) 34:21 | | produced(2) 1:46 56:3 |
| objection(33) 8:17 10:13 10:20 10:21 10:23 10:25 16:14 16:15 16:16 16:24 17:8 17:11 17:16 17:22 20:12 20:14 21:10 21:12 22:12 24:17 26:12 30:2 35:10 37:6 39:20 40:1 40:2 42:8 42:19 47:2 53:7 53:13 54:3 | | page(5) 21:17 24:19 35:8 35:10 53:23 | | piece(3) 26:18 45:13 45:16 | | production(1) 49:21 |
| | | paid(2) 39:19 39:21 | | pierced(1) 20:19 | | productions(1) 49:20 |
| | | paper(4) 26:18 32:9 45:13 45:16 | | piper(1) 4:26 | | professional(1) 12:14 |
| | | papers(1) 53:9 | | place(7) 13:9 13:10 15:21 37:18 44:12 50:2 56:4 | | professionals(6) 49:14 49:14 52:2 52:13 52:14 52:18 |
| | | park(2) 2:26 2:42 | | | | |
| objections(6) 25:3 41:6 42:2 57:8 57:8 57:19 | | part(5) 15:10 27:12 30:10 46:22 50:7 | | plan(26) 9:6 9:9 14:20 16:19 17:10 22:25 24:5 24:21 25:16 27:18 28:3 28:5 29:3 29:5 29:6 31:18 39:16 41:8 41:10 41:20 46:16 47:17 50:17 54:12 54:17 54:25 | | program(2) 30:14 30:16 |
| | | participant-by-participant(1) 28:4 | | | | programmatic(1) 47:20 |
| | | participants(5) 27:17 27:18 28:3 46:20 46:23 | | | | programs(1) 19:10 |
| obligations(2) 54:13 55:2 | | | | | | projected(1) 54:16 |
| obliged(1) 5:13 | | participate(1) 29:19 | | | | promise(1) 17:23 |
| obtain(1) 53:21 | | participates(1) 30:13 | | plan's(1) 54:16 | | proofs(1) 21:13 |
| obtained(1) 10:7 | | particular(1) 19:6 | | planned(1) 46:20 | | proper(1) 31:11 |
| obviously(5) 23:3 40:6 45:10 49:1 50:19 | | parties(10) 13:1 13:9 27:2 27:5 48:23 49:9 50:16 54:24 56:1 57:16 | | plans(2) 37:22 52:16 | | proposal(5) 48:23 49:24 50:9 50:12 50:12 |
| occur(2) 41:24 43:11 | | | | play(1) 32:12 | | proposals(3) 49:7 49:7 55:25 |
| occurs(1) 42:6 | | party(7) 4:30 4:34 4:38 5:4 6:12 53:17 53:20 | | plaza(1) 1:26 | | propose(3) 46:1 54:24 56:4 |
| odd(1) 21:7 | | | | pleaded(1) 30:3 | | proposed(2) 21:22 41:2 |
| off(6) 8:16 8:20 18:21 47:15 51:16 51:19 | | past(3) 49:1 50:3 50:8 | | pleading(3) 17:13 25:23 26:12 | | proposes(1) 22:24 |
| offer(3) 22:23 50:17 51:12 | | patrick(1) 5:9 | | please(1) 7:2 | | proposing(3) 23:15 24:8 38:8 |
| official(4) 2:16 4:7 5:39 5:43 | | patterson(1) 3:29 | | plowed(1) 13:2 | | proposition(1) 54:1 |
| okay(6) 20:15 24:13 24:13 29:7 56:19 58:6 | | paula(3) 2:34 8:1 20:8 | | plus(2) 40:17 55:5 | | protective(2) 27:4 45:20 |
| once(1) 14:8 | | pay(3) 20:5 28:6 54:15 | | podium(2) 7:17 10:17 | | proved(1) 47:6 |
| one(38) 1:26 2:26 3:45 8:16 13:22 13:23 14:3 14:4 14:15 15:9 16:5 16:6 18:22 19:4 20:19 21:25 22:5 23:15 25:2 25:15 28:23 30:24 31:20 34:19 35:12 35:13 36:4 37:3 38:9 38:21 40:23 41:17 43:8 43:11 51:13 51:14 51:20 | | paying(1) 30:17 | | point(5) 15:16 28:23 33:13 37:3 39:21 | | provide(1) 10:4 |
| | | pbcg(1) 12:23 | | points(3) 11:15 11:16 35:13 | | provided(6) 21:16 21:21 21:21 22:2 22:9 22:13 |
| | | | | policies(1) 55:16 | | |
| | | | | poorer(1) 11:8 | | |
| | | | | pop(1) 36:12 | | provisions(1) 21:18 |
| | | | | portion(1) 45:6 | | prudent(1) 17:19 |
| oneida(1) 29:23 | | | | position(3) 19:6 37:23 37:25 | | public(3) 14:25 15:17 45:12 |
| ones(1) 8:20 | | | | positions(2) 12:10 54:25 | | published(1) 45:11 |
| ongoing(3) 46:16 46:18 51:13 | | | | possibility(1) 50:21 | | pure(2) 25:2 25:9 |
| | | | | possible(5) 31:9 36:11 45:18 46:8 49:6 | | purpose(6) 32:18 33:25 35:14 38:25 39:1 41:3 |
| | | | | possibly(1) 41:19 | | |
| | | | | post(1) 25:15 | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| purposes(1) 38:13 | | reliance(1) 32:10 | | said(13) 10:11 18:22 21:18 29:23 32:8 | | similarly(1) 34:15 | |
| pursuant(1) 54:8 | | remain(1) 12:24 | | 32:23 33:11 35:8 40:20 42:18 47:1 52:12 | | simon(2) 2:35 8:2 | |
| pursue(1) 36:8 | | remaining(1) 27:12 | | 52:12 | | simple(2) 27:15 45:23 | |
| put(13) 13:23 13:24 13:24 14:18 14:24 | | remains(1) 12:13 | | saltzstein(1) 5:34 | | simply(9) 15:18 16:21 19:13 21:16 22:22 | |
| 15:13 31:8 42:18 45:8 45:10 46:3 47:15 | | remarkable(1) 41:3 | | same(8) 19:5 23:22 22:9 23:24 23:25 24:4 | | 32:7 32:22 34:19 52:14 | |
| 50:17 | | remember(1) 12:19 | | 27:4 29:6 | | | |
| putting(1) 23:24 | | renaissance(1) 2:18 | | | | since(8) 9:2 9:5 12:17 12:22 31:4 36:4 | |
| qualifications(1) 52:17 | | renewed(1) 16:25 | | sanjana(1) 4:31 | | 47:24 50:19 | |
| qualified(1) 52:19 | | reorg(2) 4:30 4:31 | | sat(6) 14:12 17:8 30:16 36:6 49:5 50:4 | | | |
| question(15) 23:14 25:14 25:17 25:24 | | reorganizing(1) 54:22 | | satisfy(1) 54:13 | | single(11) 14:2 14:15 15:8 18:15 18:15 | |
| 25:24 25:25 27:12 32:5 43:22 45:3 47:7 | | repeatedly(1) 48:19 | | say(19) 10:22 24:11 31:12 33:1 33:4 33:8 | | 19:15 30:13 30:14 31:23 31:23 41:16 | |
| 51:3 54:20 54:23 55:3 | | reply(2) 38:4 39:11 | | 33:12 33:24 34:24 35:20 36:12 37:4 41:1 | | sir(2) 8:4 51:1 | |
| | | report(1) 24:2 | | 42:25 43:9 50:3 51:20 51:21 56:14 | | sit(3) 12:25 18:1 34:24 | |
| questions(7) 25:5 32:4 44:18 53:15 54:6 | | representative(2) 14:3 31:22 | | | | sits(1) 30:14 | |
| 55:8 55:8 | | representatives(1) 15:18 | | saying(8) 22:8 26:8 26:9 31:4 33:5 33:21 | | sitting(2) 33:21 36:3 | |
| | | request(6) 23:18 36:18 49:18 49:21 52:1 | | 34:7 34:19 | | situated(1) 34:15 | |
| quick(1) 45:24 | | 52:6 | | | | situation(4) 18:4 20:18 40:9 40:9 | |
| quickly(1) 18:5 | | | | says(6) 20:22 30:7 34:3 35:20 38:11 53:11 | | sixth(1) 11:7 | |
| quite(3) 29:13 48:14 48:16 | | requested(3) 40:15 42:20 43:13 | | scenarios(1) 29:24 | | size(3) 38:15 38:19 42:16 | |
| raise(4) 21:3 36:5 41:1 42:17 | | requests(5) 23:17 23:22 27:2 38:10 45:21 | | schedule(11) 22:24 22:25 23:15 24:16 38:4 | | sized(1) 41:5 | |
| raised(6) 17:11 29:2 37:3 51:8 51:21 53:8 | | required(4) 10:3 16:7 25:18 55:1 | | 41:1 46:2 53:6 57:14 57:24 58:7 | | skadden(3) 3:42 5:32 | |
| ratchet(1) 38:9 | | requirements(1) 9:14 | | | | slanted(1) 48:16 | |
| rate(9) 17:19 17:19 19:24 33:16 38:13 | | requires(4) 15:14 11:20 41:13 53:15 | | scheduled(1) 9:7 | | slate(2) 3:42 5:32 | |
| 54:11 54:14 55:6 55:17 | | research(2) 4:30 4:31 | | scheduling(1) 23:5 | | small(1) 41:9 | |
| | | resemblance(1) 32:18 | | scheme(1) 35:2 | | smaller(3) 39:13 42:1 | |
| rate's(1) 36:17 | | reserve(3) 23:3 29:3 47:12 | | schlerf(1) 3:36 | | snowden(3) 9:19 15:15 15:20 | |
| rates(2) 21:22 55:13 | | resigned(1) 52:3 | | school(1) 53:23 | | solely(1) 27:8 | |
| rather(1) 57:16 | | resolution(4) 14:5 16:18 49:6 49:10 | | schuylkill(1) 1:40 | | solus(1) 5:16 | |
| rational(1) 55:10 | | resolve(11) 10:24 12:15 16:9 18:4 18:5 | | scope(1) 57:22 | | some(12) 10:25 11:7 12:12 12:12 21:7 | |
| reach(1) 50:20 | | 23:10 25:10 48:20 49:8 50:10 50:13 | | scrap(1) 32:9 | | 22:1 27:18 31:13 47:22 48:22 50:1 50:6 | |
| reached(2) 37:19 49:15 | | | | seated(1) 7:4 | | | |
| readily(3) 43:15 45:5 46:22 | | resolved(6) 25:13 26:14 29:2 29:5 47:13 | | second(1) 56:5 | | somehow(2) 31:19 48:23 | |
| real(6) 6:12 31:17 32:2 32:3 | | 47:25 | | secret(1) 13:25 | | someone(1) 52:3 | |
| realize(3) 11:22 16:16 18:23 | | | | see(5) 26:11 35:17 36:14 40:6 47:3 | | something(9) 18:24 32:7 33:10 33:22 | |
| really(9) 7:8 12:24 39:25 40:14 42:3 | | resolving(1) 25:5 | | seek(1) 36:9 | | 34:13 37:16 43:14 43:18 48:13 | |
| 42:14 50:5 52:11 55:18 | | resources(1) 28:13 | | seeking(1) 57:21 | | | |
| | | respect(10) 17:1 18:9 29:25 30:10 30:24 | | seeks(1) 53:5 | | sometimes(2) 28:9 28:10 | |
| reason(2) 15:2 17:12 | | 31:2 31:20 32:4 35:25 36:1 | | seems(2) 32:10 56:13 | | son(1) 11:7 | |
| reasonable(4) 32:18 50:21 55:5 57:20 | | | | selinda(1) 4:27 | | sorry(1) 8:12 | |
| reasons(1) 16:6 | | respond(1) 23:23 | | selling(1) 12:5 | | sort(2) 48:3 48:13 | |
| recall(3) 14:7 40:17 43:4 | | responded(2) 24:18 52:24 | | sense(4) 13:14 24:3 30:20 39:4 | | sorts(1) 45:8 | |
| received(2) 19:3 49:18 | | response(5) 28:21 44:25 48:8 52:5 58:5 | | separateness(1) 19:8 | | sound(2) 1:45 58:14 | |
| receives(1) 20:4 | | responses(1) 23:18 | | september(3) 18:18 21:15 29:16 | | spain(1) 15:12 | |
| recent(1) 25:22 | | responsibility(1) 26:2 | | series(1) 12:5 | | speak(3) 23:2 23:4 50:22 | |
| recess(1) 58:8 | | rest(1) 37:24 | | seriously(1) 17:8 | | speaking(1) 18:9 | |
| recognize(1) 35:7 | | result(1) 11:8 | | service(2) 1:39 1:46 | | special(1) 34:17 | |
| record(8) 19:25 30:11 41:25 43:17 45:8 | | results(1) 40:7 | | services(1) 1:39 | | specific(2) 48:22 50:12 | |
| 54:2 54:3 54:4 | | returned(1) 52:23 | | serving(1) 43:12 | | specifically(1) 49:8 | |
| | | rewards(1) 36:11 | | session(1) 15:21 | | spend(1) 28:2 | |
| recorded(1) 1:45 | | rework(2) 31:5 46:8 | | sessions(2) 14:4 50:4 | | spent(10) 10:23 11:12 11:13 12:1 12:13 | |
| recording(2) 1:45 58:14 | | rhodes(2) 2:56 35:6 | | set(7) 7:14 40:21 55:17 | | 13:15 13:18 40:24 40:24 47:4 | |
| recover(4) 32:16 33:3 33:9 55:3 | | ride(1) 30:19 | | settle(7) 13:3 13:12 13:19 16:11 17:24 | | | |
| recoveries(4) 15:1 21:4 21:7 32:23 | | | | 18:22 29:20 | | spoke(1) 9:2 | |
| recovering(1) 20:3 | | right(48) 7:13 8:7 8:18 8:19 8:22 9:10 | | | | spread(1) 46:5 | |
| recovery(1) 41:19 | | 10:8 10:8 10:14 11:5 15:4 15:13 16:1 | | settled(1) 16:7 | | square(1) 3:45 | |
| reduce(1) 25:16 | | 16:21 18:15 19:11 19:21 21:24 23:4 24:13 | | settlement(29) 9:5 9:12 9:14 9:17 9:22 | | stand(2) 8:25 58:7 | |
| reduced(4) 39:2 39:5 39:18 40:4 | | 28:17 28:22 29:17 33:7 36:21 37:13 39:8 | | 10:3 10:4 10:6 13:21 14:19 15:15 16:3 | | standard(2) 19:13 31:20 | |
| reduction(1) 21:3 | | 41:5 41:15 42:11 44:16 44:16 45:1 46:17 | | 16:3 16:6 16:7 16:18 16:22 16:23 17:3 | | standards(1) 30:22 | |
| reed(1) 4:3 | | 47:24 48:4 50:25 52:7 53:1 53:1 53:17 | | 17:9 19:4 23:12 37:19 37:21 40:2 41:13 | | stands(1) 54:1 | |
| reflect(2) 54:11 54:14 | | 56:11 56:16 56:19 57:2 57:23 58:1 58:3 | | 48:1 50:16 50:21 | | stang(1) 3:10 | |
| refused(4) 22:23 52:1 52:3 52:13 | | | | | | start(6) 8:20 22:15 23:8 33:15 38:14 39:7 | |
| refusing(1) 52:21 | | rise(3) 7:2 37:2 51:2 | | settling(1) 16:5 | | started(3) 8:16 10:23 33:11 | |
| register(1) 20:1 | | risks(1) 36:11 | | seven(1) 56:21 | | starting(1) 38:16 | |
| regular(1) 46:16 | | rodney(1) 3:45 | | several(2) 28:14 54:4 | | starts(3) 22:16 38:10 38:11 | |
| regularly(1) 33:14 | | room(1) 15:24 | | shared(1) 17:13 | | stated(1) 53:19 | |
| regulation(18) 20:20 20:20 24:22 25:20 | | rooms(3) 14:1 14:1 36:6 | | she(2) 37:4 52:12 | | statement(7) 9:6 9:7 17:10 21:17 21:17 | |
| 26:7 26:13 26:14 26:19 32:17 32:19 32:3 | | rooney,pc(1) 2:4 | | short(3) 44:1 56:3 57:9 | | 23:1 42:19 | |
| 35:20 35:22 45:9 45:14 45:15 45:15 47:6 | | rosenmann(1) 4:16 | | should(25) 14:5 18:23 19:2 19:20 20:5 | | | |
| | | rothschild(1) 3:35 | | 23:8 23:10 23:17 24:3 25:20 30:18 31:25 | | statements(1) 14:24 | |
| regulations(6) 26:24 32:15 32:15 33:11 | | routinely(1) 25:1 | | 33:13 34:15 34:21 39:12 39:17 39:23 40:4 | | states(3) 1:1 1:20 13:10 | |
| 34:5 43:16 | | rule(9) 19:8 21:19 22:16 22:19 22:20 24:6 | | 42:14 43:15 47:8 51:16 51:18 57:18 | | status(1) 7:14 | |
| | | 30:8 47:14 54:8 | | | | statute(5) 25:17 26:14 27:16 34:5 35:21 | |
| regulatory(2) 26:21 55:17 | | | | shouldn't(1) 43:18 | | 47:8 52:17 | |
| rehm(1) 5:29 | | rulemaking(1) 26:5 | | show(2) 49:15 50:23 | | | |
| reject(1) 36:18 | | rules(2) 22:17 32:12 | | shows(1) 25:9 | | statutory(7) 21:18 25:11 25:16 25:21 26:3 | |
| rejected(2) 43:6 43:8 | | ruling(3) 40:3 55:18 56:7 | | side(1) 28:20 | | 26:4 28:5 | |
| relate(1) 17:18 | | run(1) 17:4 | | significant(4) 40:23 42:24 43:20 | | | |
| relating(3) 14:22 22:5 23:11 | | rush(1) 29:1 29:5 | | silence(2) 49:22 49:23 | | ste(2) 2:6 3:6 3:25 | |
| relevant(5) 21:19 39:13 55:9 55:12 55:17 | | | | similar(2) 25:4 34:16 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| steen(2) 1:24 5:21 | | that(301) 7:15 8:24 9:12 9:13 9:14 9:21 | | the(301) 1:1 1:2 1:19 2:4 2:12 2:18 3:31 | | the(301) 23:25 24:2 24:4 24:5 24:6 24:13 | |
| stephen(2) 3:24 5:18 | | 9:22 10:2 10:3 10:6 10:15 10:21 10:23 | | 7:2 7:3 7:6 7:7 7:9 7:10 7:11 7:12 7:13 | | 24:17 24:17 24:18 24:24 25:1 25:6 25:6 | |
| still(2) 50:20 54:19 | | 10:24 10:24 10:25 11:2 11:2 11:9 11:14 | | 7:14 7:16 7:16 7:17 7:18 7:20 7:21 7:24 | | 25:6 25:7 25:7 25:8 25:8 25:10 25:10 | |
| stood(2) 14:7 37:4 | | 11:18 11:21 12:6 12:9 12:10 12:13 12:16 | | 7:25 8:4 8:5 8:7 8:9 8:11 8:13 8:13 8:13 | | 25:12 25:17 25:19 25:22 25:23 25:25 | |
| strategies(3) 27:1 36:11 45:17 | | 12:18 12:19 12:22 12:23 13:13 13:22 | | 8:16 8:16 8:17 8:18 8:19 8:20 8:22 8:23 | | 25:25 26:1 26:2 26:6 26:7 26:7 26:10 | |
| strauss(2) 2:23 4:8 | | 13:24 14:12 14:18 14:19 14:21 14:22 | | 9:1 9:1 9:2 9:3 9:4 9:5 9:5 9:7 9:8 9:8 | | 26:14 26:14 26:14 26:15 26:17 26:18 | |
| streamline(1) 24:23 | | 14:24 15:2 15:2 15:8 15:10 15:13 15:14 | | 9:8 9:9 9:10 9:11 9:14 9:15 9:16 9:17 | | 26:20 26:23 26:24 27:2 27:2 27:4 27:4 | |
| street(9) 1:11 1:32 1:40 2:19 2:36 3:12 | | 15:20 15:20 15:21 15:23 15:24 16:3 16:3 | | 9:17 9:18 9:19 9:21 9:22 9:23 9:25 10:1 | | 27:6 27:6 27:8 27:13 27:13 27:14 27:15 | |
| 3:19 3:37 3:46 | | 16:5 16:6 16:7 16:7 16:8 16:9 16:10 | | 10:1 10:2 10:3 10:3 10:4 10:4 10:5 10:6 | | 27:15 27:16 27:23 27:23 27:24 27:25 | |
| | | 16:10 16:11 16:13 16:15 17:3 17:3 17:11 | | 10:8 10:12 10:12 10:14 10:15 10:16 10:17 | | 27:25 27:25 28:1 28:2 28:5 28:7 28:8 | |
| strikingly(1) 25:3 | | 17:12 17:13 17:18 17:19 17:24 18:2 18:4 | | 10:17 10:19 10:20 10:21 10:24 11:1 11:1 | | 28:8 28:12 28:12 28:14 28:16 28:16 28:17 | |
| struck(1) 14:22 | | 18:8 18:11 18:14 18:17 18:18 18:18 18:19 | | 11:12 11:3 11:4 11:5 11:13 11:17 11:18 | | 28:19 28:20 28:20 28:20 28:22 28:25 29:1 | |
| structure(1) 16:7 | | 18:23 18:23 19:3 19:5 19:8 19:10 19:10 | | 11:20 11:21 11:23 11:25 12:1 12:3 | | 29:3 29:4 29:5 29:7 29:9 29:12 29:12 | |
| stupid(1) 33:19 | | 19:11 19:11 19:13 19:15 19:18 19:19 | | 12:5 12:7 12:9 12:11 12:12 12:12 12:14 | | 29:13 29:14 29:15 29:17 29:18 29:20 | |
| subject(1) 32:6 | | 19:20 19:23 19:24 20:1 20:2 20:4 20:5 | | 12:17 12:20 12:21 12:21 12:23 12:23 | | 29:20 29:22 29:23 29:25 29:25 30:2 30:5 | |
| substance(2) 17:16 29:12 | | 20:5 20:13 20:19 20:20 20:21 20:22 20:22 | | 12:23 12:23 13:1 13:1 13:5 13:8 13:10 | | 30:7 30:11 30:24 30:24 30:25 31:1 31:3 | |
| substantial(1) 11:24 | | 20:24 21:1 21:3 21:5 21:18 21:22 22:10 | | 13:13 13:17 13:22 13:23 14:1 14:2 14:3 | | 31:6 31:18 31:20 31:20 31:19 31:19 31:21 | |
| substantially(3) 21:8 51:7 53:5 | | 22:15 22:23 23:5 23:16 23:18 23:21 23:22 | | 14:4 14:5 14:8 14:9 14:9 14:11 14:16 | | 31:21 31:21 31:22 31:23 31:24 31:24 32:2 | |
| substantive(3) 25:19 31:20 41:13 | | 23:22 23:24 24:1 24:2 24:3 24:4 24:6 | | 14:18 14:18 14:19 14:20 14:20 14:22 | | 32:3 32:6 32:7 32:10 32:10 32:12 32:13 | |
| substantively(1) 41:11 | | 24:9 24:24 25:2 25:9 25:9 25:13 25:17 | | 14:25 14:25 15:1 15:3 15:4 15:6 15:8 | | 32:15 32:15 32:15 32:16 32:16 32:17 | |
| substituted(1) 28:8 | | 25:23 25:25 25:26 26:4 26:6 26:10 26:11 | | 15:9 15:10 15:11 15:13 15:14 15:15 15:16 | | 32:17 32:18 32:19 32:20 32:20 32:22 | |
| successful(1) 12:8 | | 26:12 26:16 26:19 26:19 27:6 27:7 27:10 | | 15:17 15:19 15:19 15:20 15:23 15:24 16:1 | | 32:23 32:24 33:6 33:7 33:11 33:11 33:14 | |
| such(1) 39:15 | | 27:15 27:19 27:19 27:21 28:7 28:8 28:13 | | 16:2 16:3 16:4 16:4 16:5 16:6 16:11 16:12 | | 33:15 33:18 33:25 33:25 34:1 34:2 34:4 | |
| suffer(1) 25:24 | | 29:1 29:3 29:12 29:15 29:20 29:22 29:25 | | 16:14 16:15 16:16 16:17 16:17 16:18 | | 34:5 34:8 34:10 34:10 34:10 34:12 34:13 | |
| suffered(1) 13:2 | | 30:2 30:6 30:7 30:10 30:11 30:12 30:15 | | 16:20 16:21 16:22 16:23 17:1 17:1 17:2 | | 34:13 34:14 34:16 34:16 34:18 34:24 | |
| suggest(3) 56:20 57:5 57:11 | | 30:22 30:25 31:8 31:9 31:10 31:12 31:14 | | 17:2 17:4 17:6 17:7 17:9 17:9 17:11 17:11 | | 34:24 35:1 35:2 35:6 35:6 35:11 | |
| suggested(2) 38:4 46:8 | | 31:17 31:19 31:21 31:23 31:25 32:5 | | 17:12 17:13 17:16 17:16 17:18 17:19 | | 35:13 35:16 35:23 35:24 36:2 36:3 36:4 | |
| suggestion(1) 52:13 | | 32:6 32:7 32:8 32:16 32:18 32:19 32:20 | | 17:19 17:20 17:23 18:2 18:3 18:4 18:6 | | 36:4 36:5 36:5 36:6 36:8 36:10 36:10 | |
| suite(3) 1:33 3:19 3:38 | | 32:22 32:25 33:2 33:4 33:21 33:24 34:6 | | 18:7 18:8 18:10 18:12 18:14 18:15 18:17 | | 36:12 36:15 36:18 36:19 36:21 36:23 37:1 | |
| sum(1) 29:12 | | 34:6 34:15 34:17 34:19 34:20 34:22 34:24 | | 18:17 18:18 18:21 18:23 18:25 19:2 19:3 | | 37:3 37:6 37:7 37:8 37:13 37:17 37:17 | |
| summary(14) 22:20 23:8 24:6 24:7 24:24 | | 35:2 35:3 35:7 35:9 35:9 35:12 35:13 | | 19:4 19:5 19:5 19:6 19:7 19:7 19:8 19:9 | | 37:18 37:20 37:20 37:21 37:23 37:24 | |
| 25:1 25:13 32:6 38:12 53:5 53:6 53:16 | | 35:20 35:22 35:25 36:2 36:6 36:7 36:7 | | 19:10 19:15 19:20 19:20 19:21 19:22 | | 37:24 37:24 37:25 38:3 38:5 38:6 38:10 | |
| 53:21 54:1 | | 36:8 36:18 36:19 37:3 37:6 37:8 37:18 | | 19:23 19:25 19:25 20:1 20:2 20:3 20:3 | | 38:11 38:12 38:13 38:15 38:15 38:16 | |
| | | 37:19 37:20 37:21 37:25 38:3 38:4 38:6 | | 20:3 20:3 20:4 20:5 20:8 20:9 20:11 20:12 | | 38:11 38:12 38:13 38:15 38:15 38:16 | |
| summer(1) 50:8 | | 38:7 38:8 38:10 38:17 38:22 38:22 38:23 | | 20:14 20:16 20:19 20:21 20:22 20:24 21:1 | | 38:16 38:17 38:18 38:19 38:20 38:21 | |
| support(4) 22:10 29:3 32:8 50:17 | | 39:1 39:2 39:4 39:12 39:13 39:14 39:17 | | 21:1 21:2 21:3 21:3 21:4 21:5 21:5 21:8 | | 38:23 38:25 39:1 39:2 39:4 39:7 39:8 | |
| supported(1) 15:6 | | 39:17 39:18 39:20 39:20 40:3 40:4 40:10 | | 21:9 21:9 21:10 21:10 21:12 21:12 21:12 | | 39:10 39:14 39:15 39:16 39:18 39:19 | |
| supporting(1) 21:20 | | 40:12 40:14 40:15 40:16 40:18 40:21 | | 21:14 21:18 21:22 21:24 21:25 21:25 22:3 | | 39:24 40:1 40:5 40:6 40:10 40:12 40:15 | |
| supposed(1) 21:20 | | 40:22 40:22 40:23 41:1 41:2 41:4 41:8 | | 22:3 22:5 22:7 22:9 22:14 22:15 22:17 | | 40:15 40:16 40:17 41:5 41:7 41:8 41:9 | |
| supreme(2) 17:2 53:18 | | 41:9 41:11 41:12 41:16 41:16 41:17 41:18 | | 22:21 22:25 22:27 22:29 23:2 23:2 23:3 23:7 | | 41:10 41:10 41:12 41:13 41:15 41:18 | |
| sure(6) 10:19 37:24 37:25 42:5 47:19 48:2 | | 41:19 41:21 41:23 41:24 41:25 42:17 43:9 | | 23:11 23:11 23:11 23:13 23:18 23:20 | | 41:19 41:20 41:23 42:7 42:11 42:12 42:13 | |
| 52:21 56:1 57:6 57:11 57:12 57:16 | | 43:41 44:3 44:15 43:18 43:22 44:10 | | 23:22 23:24 23:24 | | 42:14 42:16 42:16 42:16 42:19 42:20 | |
| surprise(1) 17:23 | | 44:10 45:3 45:6 45:10 45:10 45:11 45:13 | | | | 42:21 42:22 42:22 43:3 43:5 43:6 43:7 | |
| susan(1) 5:34 | | 45:22 45:25 46:2 46:5 46:5 46:6 | | | | 43:7 43:11 43:13 43:15 44:10 43:17 43:22 | |
| | | | | | | 44:4 44:7 44:7 44:9 44:12 44:14 44:16 | |
| system(5) 15:23 16:10 34:11 34:16 35:1 | | that(55) 46:18 47:5 47:12 47:19 47:22 | | | | 44:17 | |
| systems(3) 41:9 41:11 44:9 | | 48:2 48:14 49:3 49:8 49:14 49:19 49:20 | | | | the(223) 44:19 44:20 44:21 44:22 44:24 | |
| table(5) 13:2 23:7 50:18 51:17 51:19 | | 49:22 49:24 50:9 50:10 50:11 50:11 50:14 | | | | 45:1 45:3 45:3 45:5 45:6 45:7 45:8 45:9 | |
| take(9) 12:10 18:21 23:22 26:18 32:9 | | 50:18 50:19 50:22 50:23 51:5 51:7 51:10 | | | | 45:11 45:11 45:12 45:12 45:13 45:14 | |
| 35:10 56:4 56:12 58:2 | | 51:15 51:15 51:17 51:18 51:20 51:22 | | | | 45:14 45:14 45:15 45:15 45:21 45:22 | |
| | | 52:13 52:14 52:17 52:18 52:22 52:22 | | | | 45:24 45:25 46:3 46:7 46:8 46:14 46:21 | |
| taken(1) 7:9 | | 52:22 52:23 52:23 53:3 53:8 53:11 53:15 | | | | 46:22 46:23 46:23 47:2 47:3 47:4 47:8 | |
| taking(3) 34:2 45:23 50:1 | | 54:1 54:9 55:16 55:19 55:22 56:4 56:17 | | | | 47:12 47:13 47:14 47:16 47:17 47:17 | |
| talk(12) 10:17 50:5 52:4 52:6 52:13 52:18 | | 57:7 58:7 58:13 | | | | 47:20 47:23 47:23 47:24 48:1 48:3 48:4 | |
| 52:21 56:1 57:6 57:11 57:12 57:16 | | | | | | 48:6 48:9 48:11 48:12 48:13 48:15 48:17 | |
| | | that's(27) 9:10 10:12 10:12 10:14 16:13 | | | | 48:18 48:21 48:23 48:25 49:1 49:2 49:3 | |
| talked(3) 48:14 51:5 56:23 | | 16:14 21:9 21:19 25:1 25:13 25:16 26:2 | | | | 49:5 49:6 49:10 49:11 49:17 49:19 49:21 | |
| talking(5) 14:8 21:2 23:5 34:2 50:15 | | 27:8 27:20 27:20 33:10 33:10 34:10 38:22 | | | | 49:23 49:25 49:25 50:1 50:2 50:3 50:4 | |
| task(3) 43:10 44:13 45:16 | | 39:3 39:24 42:3 42:20 43:18 44:15 52:1 | | | | 50:4 50:5 50:7 50:8 50:9 50:11 50:12 | |
| taylor(1) 2:16 | | 57:3 | | | | 50:14 50:15 50:16 50:17 50:18 50:19 | |
| technically(1) 8:19 | | | | | | 50:19 50:22 50:23 50:25 51:3 51:4 51:6 | |
| telephonic(3) 4:1 5:1 6:1 | | | | | | 51:6 51:8 51:9 51:10 51:10 51:11 51:12 | |
| tempered(1) 13:19 | | | | | | 51:15 51:15 51:16 51:16 51:17 51:17 | |
| ten(1) 9:20 | | | | | | 51:19 51:20 51:24 52:1 52:7 52:9 52:14 | |
| tend(1) 31:8 | | | | | | 52:18 52:20 53:1 53:4 53:5 53:7 53:7 | |
| tenuous(1) 14:23 | | | | | | 53:8 53:9 53:9 53:10 53:12 53:13 53:13 | |
| term(1) 9:23 | | | | | | 53:14 53:14 53:17 53:17 53:18 53:20 | |
| terminate(1) 57:15 | | | | | | 53:20 53:22 53:25 53:25 54:1 54:3 54:3 | |
| termination(16) 22:5 25:11 25:15 27:13 | | | | | | 54:6 54:7 54:8 54:10 54:11 54:11 54:12 | |
| 27:14 29:14 29:15 29:21 39:22 46:13 | | | | | | 54:12 54:13 54:13 54:14 54:14 54:15 | |
| 46:16 51:8 51:16 54:12 55:1 55:5 | | | | | | 54:15 54:16 54:17 54:17 54:18 54:19 | |
| | | | | | | 54:20 54:21 54:23 54:24 54:25 54:25 55:1 | |
| terms(6) 22:15 29:1 32:13 35:5 46:25 50:6 | | | | | | 55:2 55:2 55:3 55:4 55:4 55:5 55:6 55:6 | |
| test(1) 55:13 | | | | | | 55:9 55:9 55:10 55:10 55:11 55:11 55:13 | |
| than(6) 11:12 14:8 16:25 20:2 40:19 56:14 | | | | | | 55:15 55:16 55:16 55:17 55:18 55:19 | |
| thank(30) 7:3 7:9 7:18 8:7 8:8 8:9 20:15 | | | | | | 55:21 55:21 55:21 55:22 55:23 55:25 56:1 | |
| 20:17 23:12 23:13 24:13 24:15 28:18 | | | | | | 56:4 56:6 56:8 56:10 56:16 56:19 56:20 | |
| 28:19 29:7 29:8 36:22 36:23 44:22 44:23 | | | | | | 57:2 57:4 57:6 57:12 57:16 57:22 58:1 | |
| 44:24 45:2 48:45 48:6 50:25 50:25 52:8 | | | | | | 58:3 58:6 58:6 58:10 58:13 58:14 | |
| 52:9 58:8 58:9 | | | | | | 58:15 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **their**(48) | 9:6 10:18 11:22 15:6 15:19 17:20 20:12 22:23 23:3 25:22 26:12 26:12 30:19 31:1 35:16 36:16 36:17 36:17 38:4 38:8 38:9 38:19 39:4 39:4 39:6 39:11 39:12 39:19 39:20 39:25 40:1 40:2 40:3 40:12 41:5 41:6 41:17 42:1 42:2 42:5 42:8 42:18 43:8 43:16 44:9 49:14 52:5 54:24 | **this**(96) | 12:15 14:12 15:5 15:7 16:6 16:22 17:18 17:22 18:4 18:12 18:16 18:22 19:17 20:10 20:25 21:3 23:9 23:11 23:23 24:4 24:7 24:23 24:23 25:2 25:4 25:4 27:7 27:11 27:13 27:18 28:3 28:11 29:2 29:5 29:10 29:11 30:16 30:18 31:4 32:11 32:11 33:1 33:12 33:13 34:7 34:9 34:19 34:25 35:15 35:18 36:3 36:5 36:15 37:5 37:6 38:2 38:5 39:2 39:23 41:18 42:6 42:8 42:12 42:13 42:20 43:1 43:10 43:14 43:23 44:2 44:7 44:10 44:12 44:13 45:23 45:23 46:19 47:6 47:7 47:12 47:15 48:16 48:18 48:20 49:2 49:22 50:8 52:12 52:13 53:2 53:17 55:14 56:5 56:11 56:12 58:7 | **try**(10) | 13:12 17:17 18:21 29:19 41:4 47:19 48:1 48:1 48:22 57:20 | **violates**(1) | 32:21 |
| **theirs**(2) | 38:9 52:14 | **those**(21) | 10:9 13:7 14:15 14:16 16:7 16:9 19:1 31:3 36:11 36:14 41:22 43:9 43:9 46:3 47:9 49:9 50:2 50:7 51:14 57:8 57:8 | **trying**(7) | 10:24 12:14 24:3 24:23 27:5 47:5 48:20 | **vitiate**(1) | 42:2 |
| **them**(22) | 23:23 26:8 34:8 34:19 35:4 36:6 36:8 36:10 36:12 39:11 39:17 40:5 43:12 43:19 47:1 47:21 49:15 52:4 52:5 53:9 57:19 57:20 | | | **tuesday**(1) | 7:1 | **voltage**(2) | 25:7 35:6 |
| | | **though**(2) | 42:23 48:21 | **tunnell**(1) | 1:30 | **volume**(3) | 42:22 45:4 55:21 |
| **themselves**(1) | 52:20 | **thought**(2) | 17:8 49:10 | **turn**(1) | 24:14 | **voluminous**(1) | 27:1 |
| **then**(26) | 9:5 11:7 12:6 21:18 22:12 22:23 31:13 31:13 31:14 33:4 34:12 36:11 38:11 38:14 39:7 40:4 46:8 46:21 51:21 54:25 56:19 57:7 57:13 57:17 57:18 57:19 | **three**(9) | 13:4 13:5 27:17 27:19 40:20 48:19 52:4 56:12 56:14 | **turned**(2) | 46:18 50:16 | **vote**(4) | 41:7 41:10 41:20 41:22 |
| | | **threshold**(3) | 25:7 35:5 42:4 | **turning**(1) | 52:12 | **voting**(3) | 38:19 40:7 47:17 |
| **theories**(3) | 13:22 13:23 36:7 | **through**(7) | 11:13 13:2 13:2 18:15 20:21 28:3 37:14 | **tweed**(3) | 3:17 4:12 37:1 | **walked**(1) | 32:22 |
| **theory**(1) | 31:24 | | | **twice**(2) | 32:19 34:7 | **want**(9) | 35:16 35:17 35:18 37:5 40:10 41:23 52:11 56:7 57:15 |
| **there**(61) | 9:12 9:14 9:16 9:16 9:21 11:18 12:16 14:2 14:3 15:17 15:18 16:8 19:13 20:18 20:23 21:15 21:16 23:17 25:9 26:8 26:9 27:11 27:12 27:17 28:3 29:2 29:21 30:13 30:15 31:17 31:22 36:4 37:21 39:14 39:17 42:15 45:7 46:4 46:17 46:19 46:20 47:3 47:11 47:12 47:21 48:21 49:1 49:7 50:3 51:13 51:25 52:22 52:23 53:11 53:12 54:1 54:2 55:12 57:7 57:21 | **throughout**(3) | 18:14 26:12 31:21 | **two**(13) | 12:1 12:22 13:8 14:11 17:14 21:17 21:24 24:1 25:3 27:12 30:21 40:17 49:1 | | |
| | | **tie**(1) | 27:2 | **type**(1) | 52:12 | **wanted**(6) | 8:21 9:13 10:9 19:14 50:5 50:22 |
| | | **time**(35) | 9:3 9:5 10:22 10:24 11:12 11:12 12:23 13:11 14:10 15:16 23:6 23:7 23:9 23:9 23:25 24:4 29:6 33:10 33:14 38:24 40:22 42:14 44:1 44:3 44:9 50:1 50:4 50:11 50:15 50:17 50:19 56:3 56:5 56:7 57:7 | **typically**(1) | 46:20 | **wants**(1) | 54:3 |
| | | | | **u.k**(3) | 15:3 15:8 15:11 | **warren**(2) | 2:40 6:4 8:3 13:6 |
| | | **timeframe**(4) | 23:24 24:4 43:22 44:15 | **u.s**(7) | 9:15 10:5 10:21 19:20 21:9 45:9 53:19 | **was**(75) | 7:14 10:15 10:20 10:21 10:25 13:24 13:25 13:25 14:1 14:2 14:4 14:11 14:22 15:7 15:16 15:18 16:4 17:17 18:16 18:17 18:18 18:19 18:20 19:14 19:19 20:2 20:12 21:12 21:15 21:16 21:21 21:25 22:2 22:7 22:9 22:10 26:7 26:8 26:9 27:11 27:21 29:14 29:21 29:21 31:5 31:22 31:24 32:22 33:4 38:3 40:23 42:9 43:2 45:6 45:7 45:7 49:1 50:1 50:3 50:7 50:11 50:14 50:18 51:7 51:18 52:22 55:11 58:10 |
| **there's**(20) | 9:7 10:11 10:11 10:13 12:11 16:12 19:25 24:1 24:21 30:1 30:11 30:21 32:2 32:5 34:11 34:12 43:10 51:3 55:23 57:21 | **timeline**(1) | 50:22 | **ucc**(1) | 12:23 | | |
| | | **times**(10) | 13:24 27:17 27:17 30:25 31:3 36:6 36:7 36:8 36:10 48:20 | **unable**(2) | 16:13 17:24 | | |
| **therefore**(2) | 53:9 55:18 | | | **unaware**(1) | 17:10 | | |
| **these**(32) | 11:5 11:20 13:3 13:12 13:20 13:25 14:1 14:3 16:18 18:3 18:11 19:3 21:8 23:6 25:5 26:3 27:2 27:9 28:15 32:5 35:5 42:4 43:14 44:6 45:20 46:2 46:25 47:19 47:25 51:21 55:5 55:20 | **timing**(2) | 27:9 40:15 | **under**(7) | 9:14 10:6 18:11 22:16 39:16 49:20 52:15 | **washington**(4) | 2:37 3:20 49:6 51:4 |
| | | **timing**(1) | 45:6 | **undercuts**(1) | 35:1 | **wasn't**(3) | 15:17 17:23 32:21 |
| | | **tiwana**(1) | 4:35 | **underfunding**(1) | 25:21 | **waste**(1) | 23:9 |
| | | **today**(17) | 7:8 7:11 8:6 8:16 12:24 18:1 23:19 37:18 38:11 39:24 51:21 53:3 55:15 55:25 56:25 57:1 57:2 | **underlying**(3) | 25:19 26:10 43:16 | **watching**(1) | 30:18 |
| **they**(53) | 8:5 12:24 16:5 17:12 19:14 19:15 19:16 19:16 22:23 23:23 26:7 26:20 28:15 31:9 33:11 33:18 34:18 35:17 35:17 35:18 35:19 35:20 35:22 38:9 39:3 39:6 39:6 39:10 39:10 39:17 40:12 41:4 41:7 41:16 41:19 41:19 41:22 41:22 41:23 42:5 42:6 42:17 42:18 43:16 46:14 50:17 50:22 50:23 52:3 52:14 52:18 52:20 | | | **understand**(7) | 18:8 19:6 21:11 29:4 32:23 35:18 42:17 | **way**(19) | 26:7 28:6 29:11 29:11 30:2 32:5 32:11 32:11 34:10 35:2 37:20 37:20 38:9 38:20 46:6 47:9 47:23 49:19 50:23 |
| | | **together**(7) | 14:18 14:25 15:13 15:14 45:8 45:10 48:24 | **understanding**(1) | 8:24 | | |
| | | | | **unending**(1) | 27:3 | **we'll**(8) | 32:11 38:23 40:6 57:13 57:14 57:17 57:18 57:24 |
| | | **told**(6) | 9:4 18:21 36:8 36:10 | **unfair**(2) | 34:22 47:10 | | |
| | | **too**(3) | 12:8 21:12 38:6 | **unfolded**(1) | 48:16 | **we're**(22) | 16:9 16:13 21:1 23:5 23:22 24:4 24:23 30:8 32:11 33:15 34:2 34:19 34:25 36:2 37:18 37:23 37:23 37:25 38:1 38:16 40:20 53:3 |
| **they'd**(2) | 39:21 39:21 | **took**(4) | 13:9 13:10 15:20 18:22 | **unfortunate**(2) | 36:2 53:3 | | |
| **they're**(17) | 26:7 26:8 26:9 26:10 34:6 35:19 35:21 35:23 38:11 39:3 39:16 39:18 40:2 41:9 41:12 41:20 46:5 | **toronto**(1) | 13:15 | **unfunded**(10) | 17:20 21:5 21:25 27:13 27:23 27:24 31:2 51:11 51:17 55:4 | **we've**(7) | 23:6 29:25 30:25 32:10 43:1 44:9 47:20 |
| | | **torres**(2) | 2:35 8:2 | | | | |
| | | **total**(1) | 55:4 | **unhappy**(1) | 41:12 | **week**(5) | 13:11 13:15 18:21 23:23 56:5 |
| **they've**(5) | 34:18 35:22 40:15 41:2 42:18 | **towards**(1) | 24:4 | **united**(6) | 1:1 1:20 9:17 10:2 12:3 13:10 | **weeks**(4) | 12:22 13:18 15:16 40:20 |
| **thing**(3) | 27:6 51:3 52:12 | **tower**(1) | 2:27 | **universe**(1) | 34:21 | **weiss**(1) | 4:13 |
| **things**(9) | 8:15 8:24 9:12 21:24 23:6 30:25 43:1 43:23 44:6 | **traci**(1) | 58:19 | **unjust**(2) | 34:22 47:10 | **well**(25) | 8:1 8:15 8:21 10:7 19:22 20:5 20:12 20:20 22:16 23:16 27:10 28:23 30:3 30:3 30:12 31:4 33:17 47:18 48:9 50:15 53:1 56:9 57:6 57:11 58:3 |
| | | **trade**(1) | 3:35 | **unless**(2) | 38:18 44:17 | | |
| | | **transactions**(1) | 12:5 | **unliquidated**(4) | 22:6 22:11 27:21 46:21 | **went**(7) | 22:6 27:20 28:11 34:6 37:14 47:22 50:6 |
| **think**(40) | 7:15 8:19 10:11 11:12 12:17 16:12 16:16 18:2 20:13 30:11 31:4 31:11 32:5 33:13 34:5 35:6 35:19 35:20 35:22 36:15 37:10 37:10 38:22 38:25 39:23 40:14 43:21 43:23 44:14 44:14 47:22 48:15 51:12 55:24 55:25 56:11 56:23 57:6 57:9 57:22 | **transcriber**(1) | 58:19 | **unnecessary**(1) | 27:3 | | |
| | | **transcript**(1) | 1:18 1:46 58:14 | **unpaid**(1) | 54:19 | **were**(45) | 9:3 9:12 9:14 10:24 11:6 11:23 12:8 12:10 13:7 14:16 14:17 15:9 15:11 15:18 15:22 15:23 15:25 16:13 17:21 17:24 18:7 18:19 21:24 30:2 31:5 36:4 36:8 36:9 37:16 43:8 43:9 46:1 47:21 49:3 49:12 50:15 51:11 51:13 52:15 52:19 52:19 52:23 52:23 52:23 54:8 |
| | | **transcription**(1) | 1:39 1:39 1:46 26:9 | **unsecured**(5) | 5:40 5:44 37:24 | | |
| | | **transfer**(1) | 54:17 | **until**(3) | 47:1 51:5 51:21 | | |
| | | **transferred**(1) | 54:15 | **unwillingness**(1) | 52:5 | **weren't**(1) | 46:19 |
| **thinking**(1) | 40:24 | **transparent**(2) | 15:7 49:12 | **update**(1) | 8:21 | **what**(63) | 13:14 14:16 17:15 18:23 19:14 19:22 20:17 20:19 21:19 22:8 22:15 23:15 24:18 26:17 26:17 26:19 31:4 32:23 32:24 33:5 33:23 34:7 35:17 35:20 36:9 36:9 36:12 37:16 38:1 38:1 38:2 38:7 38:7 38:8 38:15 38:15 39:3 39:25 40:6 41:2 41:3 41:22 42:18 42:18 43:24 45:7 46:10 46:14 47:22 50:14 50:16 52:21 52:25 53:3 53:14 54:6 54:15 56:1 56:2 56:3 57:7 57:11 57:20 |
| **third**(4) | 17:1 18:8 35:23 53:22 | **treated**(3) | 15:23 15:25 34:15 | **updates**(1) | 10:10 | | |
| **thirty**(1) | 56:25 | **treating**(1) | 24:7 | **upset**(2) | 40:1 48:1 | | |
| | | **tremendous**(2) | 28:13 55:24 | **upward**(3) | 31:1 31:3 31:13 | | |
| | | **trial**(1) | 31:22 | **urge**(4) | 42:12 42:19 44:20 47:14 | | |
| | | **tried**(5) | 14:9 14:10 16:11 37:16 46:3 | **urges**(1) | 28:12 | | |
| | | **trouble**(1) | 12:7 | **use**(3) | 28:13 32:14 51:12 | | |
| | | **true**(1) | 30:4 | **used**(3) | 21:22 25:4 25:20 | | |
| | | **trust**(1) | 4:16 | **uses**(2) | 17:20 55:6 | | |
| | | **trustees**(1) | 10:5 | **usually**(3) | 46:11 46:17 49:19 | | |
| | | **truth**(1) | 45:5 | **vacated**(1) | 53:25 | | |
| | | | | **validity**(2) | 26:23 45:15 | | |
| | | | | **valuations**(1) | 52:16 | | |
| | | | | **value**(4) | 24:22 25:20 26:3 54:14 | | |
| | | | | **vast**(1) | 47:4 | | |
| | | | | **veil**(1) | 20:19 | | |
| | | | | **versed**(1) | 30:12 | | |
| | | | | **versus**(1) | 55:14 | | |
| | | | | **very**(19) | 12:24 12:17 14:1 14:21 14:25 16:2 17:8 27:1 28:1 28:6 32:15 33:4 35:7 37:14 41:23 44:1 48:25 49:10 58:3 | | |
| | | | | **vicente**(1) | 2:32 | | |
| | | | | **view**(5) | 23:7 23:16 23:21 40:12 48:25 | | |
| | | | | **views**(1) | 54:6 | | |
| | | | | **vincente**(1) | 7:19 | **what's**(2) | 35:11 42:3 |

| Word | Page:Line | Word | Page:Line |
|---|---|---|---|
| **when**(22) 11:20  16:15  17:7  17:22  18:1 18:20  19:1  22:23  28:15  30:3  32:14  33:11 34:2  37:4  38:25  39:10  41:2  54:21  56:20 57:12  57:13  57:18 | | **wunder**(2) 4:44  4:45 **www.diazdata.com**(1) 1:43 **yeah**(1) 8:15 **year**(2) 11:3  49:22 **years**(22) 12:1  12:25  15:3  18:7  22:10 26:19  27:17  27:19  28:2  30:19  32:10  33:17 35:3  40:24  40:24  44:3  45:12  45:15  47:21 48:19  49:1  56:2 | |
| **where**(8) 8:24  13:10  15:16  20:18  24:20 37:19  43:25  53:3 | | | |
| **whereupon**(1) 58:10 | | **yes**(30) 7:7  7:10  7:18  7:21  8:4  8:11  9:1 9:18  9:25  11:4  11:17  11:25  12:20  13:17 17:6  20:9  20:9  20:16  23:20  28:25  30:5 37:8  43:3  43:5  44:4  48:11  51:9  51:24 51:25  52:9 | |
| **whether**(12) 14:4  22:21  25:10  25:15  25:18 25:19  32:5  41:22  46:17  47:7  47:8  47:10 | | | |
| **which**(27) 7:16  18:7  20:14  20:24  21:10 21:12  21:17  22:9  22:24  22:24  25:20  30:13 30:15  32:13  33:25  35:21  35:23  46:23 49:18  51:4  53:17  53:20  53:25  54:4  54:23 55:6  55:17 | | **yesterday**(1) 42:10 **yet**(1) 28:1 **york**(7) 1:27  2:13  2:28  2:43  3:32  8:3 **you**(110) 1:27  7:3  7:4  7:9  7:18  8:7  8:8  8:9 8:21  9:3  9:4  9:13  10:9  10:16  12:1  14:7 18:22  18:23  20:15  20:17  21:19  22:3  22:4 22:8  22:8  22:19  23:12  23:13  23:14  23:15 23:15  23:25  24:8  24:13  24:15  26:11  27:18 27:19  28:18  28:19  29:7  29:8  29:15  29:18 31:14  32:14  32:17  32:23  32:24  33:5  33:5 33:8  34:3  34:4  34:6  34:6  34:7  34:21  35:7 35:11  35:24  36:12  36:13  36:22  36:23 38:25  39:7  39:11  39:11  40:2  40:14  40:17 40:20  40:21  40:22  41:2  42:5  43:2  43:4 43:25  44:5  44:22  44:23  44:24  45:2  45:6 45:22  46:4  47:2  47:4  47:9  48:5  48:6  49:11 50:25  50:25  51:20  52:4  52:8  52:9  52:16 53:1  56:7  56:11  56:16  56:21  57:6  57:16 57:22  58:8  58:9 | |
| **while**(2) 10:23  43:20 **whiteford**(1) 2:16 **who**(4) 13:1  13:25  43:12  46:23 **who's**(1) 36:3 **wholly**(1) 53:8 **why**(15) 16:13  16:14  22:2  22:7  29:14 29:18  35:18  37:5  39:13  46:13  54:7  54:16 54:17  54:20  55:14 | | | |
| **will**(32) 7:15  8:5  16:23  16:24  17:3  17:3 17:4  19:9  19:16  19:17  21:4  24:2  25:23 27:2  29:12  31:10  33:23  38:22  46:11  53:4 53:12  54:4  54:9  54:24  54:25  55:13  56:1 56:3  56:12  57:12  58:6  58:7 | | | |
| **willing**(2) 22:22  23:22 **willkie**(1) 4:38 **wilmington**(11) 1:12  1:34  2:7  2:20  3:7 3:14  3:26  3:39  3:47  4:16  7:1 | | **you'll**(1) 39:5 **you're**(3) 18:23  22:18  57:20 **you've**(3) 31:14  34:4  57:13 **younger**(2) 11:6  11:7 **your**(113) 7:5  7:8  7:9  7:17  7:19  7:25  8:8 8:12  8:20  9:5  9:11  9:23  10:7  10:10  10:20 10:22  11:2  11:11  12:2  12:8  12:13  12:22 13:6  14:7  14:11  16:10  16:19  17:7  18:1 18:10  18:14  18:20  19:23  20:7  20:13  20:15 20:17  20:18  21:2  21:8  21:11  22:12  22:17 23:3  23:12  23:16  23:25  24:12  24:14  24:15 24:15  25:25  27:6  27:10  28:12  28:18  28:23 29:10  29:13  29:24  30:2  30:10  31:7  31:16 32:2  32:12  32:13  32:25  35:7  36:16  36:18 36:22  36:25  37:2  37:5  37:10  37:11  38:13 38:18  38:22  39:9  39:14  39:23  40:3  40:16 40:18  41:1  41:21  41:25  42:7  42:15  42:24 43:2  43:13  43:20  44:15  44:23  45:2  45:3 47:5  47:11  47:14  47:18  48:5  48:10  51:14 52:8  52:11  56:15  57:1  57:25  58:2  58:9 | |
| **wilson**(9) 2:33  2:41  8:1  8:2  48:10  48:12 48:12  52:10  52:11 | | | |
| **wilson's**(1) 51:12 **win**(2) 38:9  39:6 **winkler**(2) 13:6  14:13 **winters**(1) 5:13 **wish**(1) 48:7 **with**(76) 7:25  8:17  9:3  9:11  10:10  12:2 14:9  14:20  15:21  15:21  15:24  16:12  17:1 17:13  18:9  22:25  22:25  24:5  24:9  24:18 24:23  27:2  29:15  29:25  30:10  30:24  31:1 31:18  31:20  32:4  33:12  33:15  35:3  35:4 35:9  35:14  35:25  36:1  36:3  36:5  36:6 36:14  36:19  37:7  37:11  37:16  37:17  37:18 38:2  38:2  38:19  38:23  39:11  40:8  40:22 40:25  41:12  42:7  43:13  43:16  43:19  43:25 44:6  44:7  44:8  46:2  46:4  49:20  50:4  51:4 52:2  53:11  55:21  56:17  57:12  58:7 | | **ziehl**(1) 3:10 | |
| **within**(3) 15:23  43:9  52:25 **without**(7) 10:25  32:8  43:22  53:9  53:10 55:15  55:18 | | | |
| **word**(3) 12:12  34:13  51:12 **word-for-word**(2) 17:15  22:3 **work**(3) 17:16  24:4  55:23 **worked**(1) 31:10 **working**(3) 12:2  23:10  24:3 **works**(3) 34:11  35:2  37:20 **world**(3) 11:21  11:23  12:14 **worth**(1) 12:6 **would**(37) 10:22  13:11  17:9  17:24  19:4 19:5  19:23  19:24  21:7  21:22  22:21  23:9 23:18  24:11  28:14  30:7  32:25  34:6  35:9 35:9  36:18  40:16  42:8  42:19  43:9  44:20 45:9  45:16  45:19  45:23  46:5  48:13  49:15 56:14  56:16  57:9  57:9 | | | |
| **wouldn't**(2) 39:20  42:25 **written**(5) 45:13  49:7  50:9  50:11  51:12 **wrong**(4) 38:11  47:23  52:14  52:24 | | | |