IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Nortel Networks Inc., *et al.*,[1]<br><br>                        Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>(Jointly Administered) |

**NOTICE OF SUBPOENA DIRECTED TO AND SERVED UPON GREYLOCK
PARTNERS, LLC**

PLEASE TAKE NOTICE that on December 1, 2016, pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 9016 of the Federal Rules of Bankruptcy Procedure, the Nortel Trade Claims Consortium (the "Consortium")[2], as holders of certain U.S. Trade Claims against Nortel Networks Inc. ("NNI") and certain of its U.S. affiliates, as debtors and debtors-in-possession in the above-captioned proceedings (collectively, the "Debtors"), will serve a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (the "Subpoena") in the above-captioned cases on Greylock Partners, LLC, c/o John J. Ray, III, 2550 Sand Hill Road, Suite 200, Menlo Park, CA 94025.  A copy of the Subpoena is attached as Exhibit 1.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International, Inc. (8667).  For the avoidance of doubt, the terms "Debtors" and "U.S. Debtors" are used interchangeably herein, and the chapter 11 cases of the Debtors are referenced collectively herein as the "Cases".

[2] The Consortium represents a group of creditors holding over $149 million in unsecured (non-funded debt) claims, including but not limited to trade (supplier) claims and employee severance and pension claims (all such types of claims in these Cases, the "U.S. Trade Claims") against the Debtors.  The U.S. Trade Claims are part of a body of general unsecured creditors with claims only against the U.S. Debtors (the "U.S.-only Unsecured Creditors").

1

| | |
|---|---|
| Dated: December 1, 2016<br>Wilmington, Delaware | **FOX ROTHSCHILD LLP**<br><br>*/s/ Carl D. Neff*<br><br>Carl D. Neff (DE No. 4895)<br>Citizens Bank Center<br>919 North Market Street, Suite 300<br>Wilmington, DE 19801<br>Telephone: (302) 654-7444<br>Facsimile: (302) 656-8920<br>Email: CNeff@foxrothschild.com<br><br>and<br><br>**BROWN RUDNICK LLP**<br>Steven D. Pohl, Esq.<br>Christopher M. Floyd, Esq.<br>One Financial Center<br>Boston, MA 02111<br>Telephone: (617) 856-8200<br>Facsimile: (617) 856-8201<br>Email: spohl@brownrudnick.com<br>          cfloyd@brownrudnick.com<br><br>*Counsel to the Nortel Trade Claims Consortium* |

**<u>EXHIBIT 1</u>**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of ____Delaware_____

In re ___Nortel Networks, Inc., _et al._____
              Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __09-10138 (KG)_____

Chapter ___11_____

_____
             Plaintiff
              v.

_____
             Defendant

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: ___Greylock Partners, LLC_____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The documents requested on Schedule A.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 1, 2016

        CLERK OF COURT

                                    OR

_____      /s/Carl D. Neff_____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __The Nortel Trade Claims Consortium__, who issues or requests this subpoena, are: Carol D. Neff, Esq., Fox Rothschild LLP, 919 Market Street, Suite 300, Wilmington, Delaware 19899, CNeff@foxrothschild.com (302) 654-7444

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 09-10138-MFW    Doc 17514    Filed 12/01/16    Page 5 of 17
B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 09-10138-MFW   Doc 17514   Filed 12/01/16   Page 6 of 17

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

Pursuant to Federal Rules of Civil Procedure 26, 34, and 45, made applicable in the above-referenced matter pursuant to rules 9016, 7026, and 7034 of the Federal Rules of Bankruptcy Procedure, the Nortel Trade Claims Consortium (the "Consortium")[3], as holders of certain U.S. Trade Claims against Nortel Networks Inc. ("NNI") and certain of its U.S. affiliates, as debtors and debtors-in-possession in the above-captioned proceedings (collectively, the "Debtors") hereby subpoenas Greylock Partners, LLC to produce all responsive documents and materials for inspection and copying to Brown Rudnick LLP, c/o Steven D. Pohl, One Financial Center, Boston, Massachusetts 02111, on a rolling basis upon receipt of these requests, completing production no later than December 12, 2016.

### DEFINITIONS

1. The terms "all" and "each" shall be construed as "all and each." The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the requests all responses that might otherwise be construed to be outside of its scope. The term "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the document request in question.

2. "Allocation Decisions" means the opinions simultaneously issued by the Bankruptcy Court and Canadian Court on May 14, 2015, deciding the Allocation Trial.

3. "Allocation Trial" means the cross-border trial that was held in 2014 before this Court and the Canadian Court (as defined below) to determine allocation of the proceeds from the sale of over $7.3 billion in assets pursuant to the Interim Funding and Settlement Agreement,

---

[3] The Consortium represents a group of creditors holding over $149 million in unsecured (non-funded debt) claims, including but not limited to trade (supplier) claims and employee severance and pension claims (all such types of claims in these Cases, the "U.S. Trade Claims") against the Debtors. The U.S. Trade Claims are part of a body of general unsecured creditors with claims only against the U.S. Debtors (the "U.S.-only Unsecured Creditors").

1

dated as of June 9, 2009, by and between the parties listed on Schedules 1, 2, and 3 thereto, and approved by the Order Entering Allocation Protocol, dated May 17, 2013 [D.I. 10564], the Order Entering Litigation Timetable and Discovery Plan, dated May 17, 2013 [D.I. 10566], the Canadian Court's Order (Allocation Protocol), dated April 3, 2013, and the Canadian Court's Order (Allocation Protocol - Litigation Timetable and Discovery Plan), dated May 15, 2013.

4. "Bondholder Group" shall mean the ad hoc group of bondholders that hold notes issued and/or guaranteed by NNC, NNL, NNI, and NNCC.

5. "Canadian Court" means the Ontario Superior Court of Justice.

6. "Canadian Debtors" shall mean Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation, Nortel Networks International Corporation, Nortel Communications Inc., Architel Systems Corporation, and Northern Telecom Canada Limited.

7. "Communication" shall mean every written or oral manner of transmitting or receiving facts, ideas, information and opinions, including, without limitation: correspondence; telexes; telecopies; electronic mail (e-mail); all attachments and enclosures thereto; computer tapes; discs; telephone tape recordings; recordings of any other type in any medium of written or oral communications; phone logs; message logs; and notes and memoranda of, referring to, or relating to, written or oral communications.

8. "Concerning" as used herein in any manner or form bears upon the subject matter in question, including, without limitation, all documents that contain, record, reflect, evidence, summarize, evaluate, contradict, refute, comment upon, transmit, refer to, or discuss that subject matter, or that in any manner state the background of, or were the basis or bases for, or that record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted,

or received in arriving at any conclusion, opinion, estimate, calculation, position, decision, belief, assertion or allegation, or undermine, contradict, or conflict with any conclusion, opinion, calculation, estimate, position, belief, assertion, or allegation, concerning the subject matter in question.

9.      "Creditors' Committee" shall mean the statutory committee of unsecured creditors appointed in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code.

10.     As used herein, the words "Document" and "Documents" are used in their broadest possible sense within the meaning set forth in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a)(1) (as made applicable by Federal Rules of Bankruptcy Procedure 7034 and 9014) and shall include by way of example, but not limitation, any written, printed, typed, spoken, computerized, or other graphic, phonic, or recorded matter of any kind or nature, however produced or reproduced, whether sent or received or neither, including drafts and copies bearing notations or marks not found on the original, including the following:

      a.      all contracts, agreements, representations, warranties, certificates, and opinions;

      b.      all letters or other forms of correspondence or communication, including electronic mail, facsimiles, envelopes, notes, memoranda, telegrams, cables, telex messages, voice-mail messages, and messages (including reports, notes, notations, diary entries, and memoranda or other records of or relating to telephone conversations or conferences);

      c.      all memoranda, reports, financial statements, valuations, reports, notes, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, notebooks, corporate or other records or copies thereof, lists, comparisons, questionnaires, surveys, charts, curves, graphs, summaries, extracts, statistical records, and compilations;

  d.  all desk and pocket calendars, appointment books, diaries, and logs;

  e.  all books, scrapbooks, articles, speeches, press releases, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, brochures, and manuals;

  f.  all transcripts or records of meetings, discussions, or conferences, including tape recordings and minutes;

  g.  all photographs, microfilm, microfiche, phonographs, tapes or other records, punch cards, magnetic tapes, disks, data cells, drums, printouts, and other electronic, computerized, or other data compilations from which information can or may be obtained; and

  h.  all presentation materials, including computer generated or other electronic presentation pages, slides, overhead projections, overlays, handouts, pamphlets, charts, posters, films, and videos.

11. "Including" shall not be construed to limit the scope of any Request herein.

12. "NNCC" shall mean Nortel Networks Capital Corporation.

13. "NNCC Bondholders" shall mean the beneficial owners of certain senior notes issued by NNCC on February 15, 1996, and guaranteed by Nortel Networks Limited in an aggregate principal amount of $150 million due on June 15, 2026, and bearing an interest rate of 7.875%.

14. "Person" shall mean any individual, proprietorship, committee, firm, association, partnership, corporation or other business, governmental or legal entity.

15. The "Plan" shall mean the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, filed with the Court on November 29, 2016 [D.I. 17452].

16.     "SPSA" shall mean that certain Settlement and Support Agreement dated October 12, 2016, executed by the SPSA Parties, and which is attached as <u>Exhibit A</u> to the Debtors' *Notice of Execution of Settlement and Plans Support Agreement* [D.I. 17249], filed on October 12, 2016.

17.     "SPSA Parties" shall mean the Debtors, the Canadian Debtors, the Monitor, the EMEA Debtors, the EMEA Non-Filed Entities, the Joint Administrators, NNSA, the NNSA Conflicts Administrator, the French Liquidator, the members of the CCC, the UCC, the U.K. Pension Trustee, the PPF, the Joint Liquidators, and certain members of the Bondholder Group and the NNCC Bondholder Signatories which executed Creditor Joinders.

18.     "U.S.-only Unsecured Creditors" shall mean general unsecured creditors in the above-captioned proceedings with claims only against the U.S. Debtors.

19.     "You" and/or "your" shall mean Greylock Partners, LLC, and any of its respective officers, directors, members, employees, agents, representatives, attorneys, financial advisors, restructuring advisors, bankers, and any other persons acting on its behalf.

20.     All words, terms and phrases not specifically defined in these Requests are to be given their normal and customary meaning in the context in which they are used herein.

## INSTRUCTIONS

1.     In accordance with Rule 34(a) of the Federal Rules, and Rule 7034(a) of the Bankruptcy Rules, these Requests shall be deemed to include any Document now or at any time in your possession, custody, or control, including but not limited to any of your respective agents, attorneys or other persons acting or purporting to act on your behalf.

2.     In accordance with Rule 26(e) of the Federal Rules and Rule 7026 of the Bankruptcy Rules, each Request for the production of Documents shall be deemed to be

5

continuing in nature. If at any time additional, responsive Documents come into your possession, custody or control, then the responses to these Requests shall be promptly supplemented.

3. In accordance with Rule 34(b) of the Federal Rules and Rule 7034(b) of the Bankruptcy Rules, Documents shall be produced in the manner in which they are maintained in the ordinary course of business or shall be organized and labeled to correspond with the categories in the following Requests.

4. Documents should be segregated according to the number of the Request to which you are responding or produced in the manner they are kept in the ordinary course of business. Documents attached to each other should not be separated.

5. If you claim any form of privilege or immunity, whether based on statute or otherwise, as a ground for not responding to a Request:

    a. State the nature of the privilege or immunity claimed (i.e., attorney/client, work product, etc.);

    b. State the basis for claiming the privilege or immunity as to the specific information or documents; and

    c. State the date of such document; identify the type of document (i.e., letter, memo, etc.); set forth the subject matter thereof; identify each person who prepared it and each person (if any) who signed it; identify each person to whom it was directed, circulated or shown; and identify each person now in possession of the document.

6. In accordance with Rule 34(b) of the Federal Rules and Rules 7034(b) and 9014(c) of the Bankruptcy Rules, objections to any part of any particular Request shall be stated

in full.

7. The fact that another party produces a Document or the availability or production of similar or identical Documents from another source does not relieve you of your obligation to produce a copy of the same Document, even if the two Documents are identical.

8. Each Request for Documents herein includes a request for exact copies of all disks, CDs, DVDs and other removable media containing any information responsive to such Request. Electronic records and computerized information should be produced in an intelligible format or together with a sufficient description of the system or program from which each was derived to permit rendering the material legible.

9. If any requested Documents are maintained in digital, electronic, and/or imaged form, production of a copy of the electronically stored information ("ESI") in digital, electronic, and/or imaged form is hereby requested, along with any information needed to access, search or sort electronic data or Documents.

10. ESI and e-mails produced pursuant to these Requests shall be produced in a searchable format with an accompanying index that states the following metadata:

    a. Date created/sent;

    b. Author;

    c. Recipients;

    d. cc – copies; and

    e. bcc – blind copies.

11. Any Document that cannot be produced in full shall be produced to the fullest extent possible, specifying the reason(s) for your inability to respond to the remainder and stating

whatever information or knowledge you have concerning the portion to which you do not respond.

12. If there are no Documents responsive to any particular Request, please state so in writing.

13. Where any copy of any Document sought herein, whether a draft or final version, is not identical to any copy thereof by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

14. Hard copies of all Documents should be produced; in addition, copies of all Documents available electronically should be delivered on a disk or CD-ROM.

15. In the event that any Document requested herein was formerly in your possession, custody or control, and has been lost, destroyed or otherwise disposed of, you are requested to furnish a list identifying each such Document and stating the following information with respect to each such Document:

    a. The Document's title, if any, and the nature and subject matter of its contents;

    b. The identity of the Person(s) who prepared or authored the Document, and, if applicable, the Person(s) to whom the Document was sent or was intended to be sent;

    c. The date on which the Document was prepared or transmitted; and

    d. The date on which the Document was lost, destroyed or otherwise disposed of, the manner and conditions of and reasons for such destruction

or other disposition and the Person(s) requesting and performing the destruction or other disposition.

16. Any ambiguity in a Request shall be construed to bring within the scope of the Request all responses that otherwise could be construed to be outside of its scope.

17. Whenever necessary to bring within the scope of any Requests herein Documents that might otherwise be construed to be outside such Request's scope:

    a. The use of a verb in any tense shall be construed as the use of that verb in all other tenses; and

    b. The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa.

18. Each paragraph, subparagraph, clause and word herein should be construed independently and not by reference to any other paragraph, subparagraph, clause or word herein for purposes of limitation.

19. Unless otherwise specified in an individual Request, the operative time period for the Request is January 14, 2009 through the present date.

## DOCUMENT REQUESTS

1. All Documents and Communications concerning the formulation of the SPSA.

2. All Documents and Communications concerning the negotiation of, and entry into, the SPSA, including but not limited to documents and communications concerning the allocation of settlement proceeds among the Debtors' creditors.

3. All Documents and Communications concerning your acceptance of the final terms of the SPSA, including but not limited to documents and communications concerning the allocation of settlement proceeds among the Debtors' creditors.

4.      All Documents and Communications between and among you and the Debtors' consulting experts, financial advisors, restructuring advisors, and other agents acting on the Debtors' behalf, including but limited to Cleary Gottlieb Steen & Hamilton LLP and Chilmark Partners, LLC, concerning the SPSA.

5.      All Documents and Communications between you and the SPSA Parties or their agents, advisors, attorneys, or other persons acting on their behalf, including but not limited to the Creditors' Committee, the Bondholder Group, Akin Gump Strauss Hauer & Feld LLP, Berkeley Research Group, LLC, Milbank, Tweed, Hadley & McCloy LLP, FTI Consulting, Inc., and FTI Capital Advisors, LLC, concerning the SPSA.

6.      All Documents and Communications concerning alternative proposals for the allocation of settlement proceeds among your creditors considered by you and/or the Debtors.

7.      All Documents and Communications concerning alternative proposals for the allocation of settlement proceeds among your creditors considered by the SPSA Parties or their agents, advisors, attorneys, or other persons acting on their behalf, including but not limited to the Creditors' Committee, the Bondholder Group, Akin Gump Strauss Hauer & Feld LLP, Berkeley Research Group, LLC, Milbank, Tweed, Hadley & McCloy LLP, FTI Consulting, Inc., and FTI Capital Advisors, LLC.

8.      All Documents and Communications concerning the recovery by U.S.-only Unsecured Creditors under any and all proposals for the allocation of settlement proceeds among the Debtors' creditors.

9.      All Documents and Communications concerning your decision not to pursue an appeal of the Allocation Decisions.

10. All Documents and Communications concerning your analysis of your probability of success in pursuing an appeal of the Allocation Decisions.

11. All Documents and Communications concerning your analysis or understanding of any difficulties in collection on the Allocation Decisions or an appeal of the Allocation Decisions.

12. All Documents and Communications concerning your analysis or understanding of the complexity of an appeal of the Allocation Decisions and the expense, inconvenience and delay necessarily attending it.

13. All Documents and Communications concerning your analysis or understanding of how or why entering the SPSA is or was in the paramount interest of all creditors.

14. All Documents and Communications concerning the treatment of the NNCC Bondholders under the terms of the Plan.

15. All Documents and Communications concerning the decision to cause the substantive consolidation of NNCC into NNI under the terms of the Plan.

16. All Documents and Communications concerning the decision to allocate an amount of $50,070,950 to Nortel Networks (CALA), Inc. under the terms of the SPSA.

17. All Documents and Communications concerning the decision to cause the substantive consolation of the Canadian Debtors under the terms of the SPSA.