# EXHIBIT A

## (Intentionally Omitted)

# EXHIBIT B

## PROPOSED CONFIRMATION HEARING NOTICE

[PROPOSED FORM OF CONFIRMATION HEARING NOTICE]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---

|  |  |  |
|---|---|---|
| *In re* | ) | Chapter 11 |
|  | ) |  |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) | **Hearing date: January 24, 2017 10:00 a.m. (ET)** |
|  | ) | **Objections due: January 9, 2017 4:00 p.m. (ET)** |

---

### NOTICE OF (I) HEARING TO CONSIDER CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION, (II) DEADLINES AND PROCEDURES FOR VOTING ON THE PLAN (III) AND DEADLINES AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION

TO ALL CREDITORS, HOLDERS OF CLAIMS OR INTERESTS AND PARTIES IN INTEREST

**PLEASE TAKE NOTICE THAT:**

1.      **Filing of Plan and Disclosure Statement.** On December 1, 2016, Nortel Networks, Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "<u>Debtors</u>"), filed with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. and Certain Of Its Affiliated Debtors (the "<u>Disclosure Statement</u>"). A copy of The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. and Certain Of Its Affiliated Debtors under Chapter 11 of the Bankruptcy Code (as it may be amended, the "<u>Plan</u>") is attached as Appendix A to the Disclosure Statement. The Debtors reserve the right, in accordance with the terms and conditions of the Plan, to amend, modify or supplement the Disclosure Statement, the Plan or any documents related thereto. Capitalized terms used, but not defined herein, have the meaning ascribed to them in the Plan.

2.      **Obtaining Copies of Plan Materials.** The Plan and the Disclosure Statement are available at no cost on the Debtors restructuring website at http://dm.epiq11.com/nortel (the "<u>Case Information</u>

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("<u>NNIII</u>"). NNIII will file a separate Chapter 11 Plan in its case. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/Nortel.

<u>Website</u>"). If you have not received copies of these materials, you may contact the Debtors' Voting Agent, Epiq Bankruptcy Solutions (the "<u>Voting Agent</u>"), for copies of these materials. Requests should be sent to Epiq Bankruptcy Solutions, Attn: Nortel Networks Inc. Requests, P.O. Box 4422, Beaverton, OR 97076-4422 or via email to tabulation@epiqsystems.com with a reference to "Nortel" in the subject line, or via telephone at 1-844-319-7735 (Toll Free) or 1-503-520-4494 (International). Copies are also available for review at the Office of the Clerk, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. **ANY QUESTIONS REGARDING THESE MATERIALS OR THE VOTING PROCESS MAY BE DIRECTED TO THE VOTING AGENT AT 1-844-319-7735 (TOLL FREE) OR 1-503-520-4494 (INTERNATIONAL).**

3.      **Disclosure Statement Order.** On December [•], 2016, the Court entered an order (the "<u>Disclosure Statement Order</u>"), which approved the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the United States Bankruptcy Code. Among other things, the Disclosure Statement Order (i) fixed November 21, 2016 as the Voting Record Date for purposes of determining which Holders of Claims are eligible to vote on the Plan and for other purposes, (ii) approved the procedures for solicitation of votes to accept or reject the Plan, (iii) fixed January 9, 2017 at 4:00 p.m. (Prevailing Eastern Time) as the date and time by which all votes to accept or reject the Plan must be received (the "<u>Voting Deadline</u>"), and (iv) fixed December 15, 2016 at 4:00 p.m. (Prevailing Eastern Time) as the last date and time by which motions for temporary allowance of claims pursuant to Bankruptcy Rule 3018(a) must be filed with the Court and received by the Debtors.

4.      **Voting on Plan.** Pursuant to the Disclosure Statement Order, Holders of Impaired Claims against the Debtors that have not been deemed to reject the Plan shall have the right to vote to accept or reject the Plan by using the approved Ballots, or as applicable, Master Ballots. For a vote to count, it must be properly completed, executed, marked and actually received by the Voting Agent on or before the Voting Deadline.

5.      **Confirmation Hearing.** A hearing to consider confirmation of the Plan, including the assumption and/or assignment of certain executory contracts and unexpired leases under the Plan, and any objections that may be interposed with respect to any and all such matters will commence before the Honorable Kevin Gross, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801 on **January 24, 2017 at 10:00 a.m. (Prevailing Eastern Time)** (the "<u>Confirmation Hearing</u>"). The Confirmation Hearing may be adjourned from time to time without prior notice other than an announcement of the adjourned date or dates in open court. A notice of any such adjournment will be filed with the Court and posted on the Case Information Website.

6.      **Releases and Injunctions.** The Plan provides that on the Effective Date, the Debtors will receive releases and discharges under section 1141 of the Bankruptcy Code and other applicable provisions of the Bankruptcy Code. In addition, under Article XIII of the Plan, all Holders of Claims against the Debtors or other Plan Released Parties and Holders of Equity Interests will be deemed to forever release and discharge each of the Debtors and other Plan Released Parties for any and all Claims based on any acts or omissions occurring prior to the Effective Date in any way relating to, among other things, the Debtors' chapter 11 cases, the Disclosure Statement, the SPSA, the Plan and the Plan Supplement. These releases will be implemented through injunctions that prohibit any and all such Holders from maintaining actions that are released and discharged under the Bankruptcy Code or the terms of the Plan. **ALL PERSONS WHO HAVE RECEIVED THIS NOTICE ARE URGED TO CAREFULLY REVIEW ARTICLE XIII OF THE PLAN. THE TEXT OF THE DISCHARGE, RELEASE, INJUNCTION AND EXCULPATION PROVISIONS OF THE PLAN IS SET FORTH BELOW:**

### 13.2    Release and Discharge of Debtors and Wind-Down Debtors.

EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE DEBTORS AND THE WIND-DOWN DEBTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE DEBTORS' OR THE WIND-DOWN DEBTORS' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.

### 13.3    Release and Discharge of the Plan Released Parties.

EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO: (I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING,

IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE SPSA OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS SECTION 13.3 OR SECTION 13.2 HEREOF, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, OR ANY DOCUMENT, INSTRUMENT OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE SPSA, AND EXCEPT AS OTHERWISE PROVIDED BY PRIOR OR SUBSEQUENT FINAL ORDER OF THE BANKRUPTCY COURT, NOTHING IN THIS SECTION 13.3 OR SECTION 13.2 SHALL OPERATE AS A WAIVER OR RELEASE OF (A) ANY PERSON (I) NAMED PRIOR TO THE EFFECTIVE DATE AS A DEFENDANT IN ANY ACTION COMMENCED BY OR ON BEHALF OF THE DEBTORS-IN-POSSESSION, INCLUDING ANY ACTIONS PROSECUTED BY THE CREDITORS' COMMITTEE AND THE BONDHOLDER GROUP OR (II) ADJUDICATED PRIOR TO THE EFFECTIVE DATE BY A COURT OF COMPETENT JURISDICTION TO HAVE ENGAGED IN ACTS OF DISHONESTY OR WILLFUL MISCONDUCT DETRIMENTAL TO THE INTEREST OF THE DEBTORS OR (B) ANY CLAIM (I) WITH RESPECT TO ANY LOAN, ADVANCE OR SIMILAR PAYMENT BY THE DEBTORS TO ANY SUCH PERSON, (II) WITH RESPECT TO ANY CONTRACTUAL OBLIGATION OWED BY SUCH PERSON TO THE DEBTORS OR (III) RELATING TO SUCH PERSON'S KNOWING FRAUD, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; AND *PROVIDED, FURTHER*, THAT THE FOREGOING IS NOT INTENDED, NOR SHALL IT BE CONSTRUED, TO RELEASE ANY OF THE DEBTORS' CLAIMS THAT MAY EXIST AGAINST THE DEBTORS' DIRECTORS AND OFFICERS LIABILITY INSURANCE; AND *PROVIDED, FURTHER*, THAT, NOTWITHSTANDING THE FOREGOING, ALL SUCH CLAIMS SHALL BE PRESERVED BY THE DEBTORS FOR SETOFF PURPOSES.

### 13.4   SPSA Releases.

UPON THE EFFECTIVE DATE, AS PROVIDED IN SECTION 8 OF THE SPSA AND IN CONSIDERATION FOR THE SETTLEMENTS PROVIDED FOR UNDER THE SPSA INCLUDING THE RELEASES GRANTED IN FAVOR OF THE DEBTOR RELEASING PARTIES UNDER THE SPSA, EACH OF THE DEBTOR RELEASING PARTIES (I) SHALL BE DEEMED TO HAVE RELEASED AND FOREVER DISCHARGED EACH OF THE OTHER SPSA RELEASED PARTIES FROM ANY AND ALL LIABILITY FOR CLAIMS, DEFENSES, DEMANDS, LIABILITIES, DAMAGES, ACTIONS, CONTRIBUTIONS, SUBROGATION, CAUSES OF ACTION, SETOFFS, RECOUPMENTS, COSTS AND EXPENSES (INCLUDING LAWYERS' OR OTHER FEES OR EXPENSES), THE FOREGOING TERMS TO BE CONSTRUED AS BROADLY AS POSSIBLE, WHETHER KNOWN OR UNKNOWN, PAST OR

PRESENT, FIXED OR CONTINGENT, LIQUIDATED OR UNLIQUIDATED, WHICH ANY OF THE DEBTOR RELEASING PARTIES HAVE, HAD, MAY HAVE HAD OR HEREAFTER MAY HAVE HOWEVER SO ARISING OUT OF OR IN CONNECTION WITH THE ALLOCATION DISPUTE, ANY OTHER MATTERS RESOLVED UNDER THE SPSA OR ANY OTHER MATTER RELATING TO THE CHAPTER 11 CASES OR THE FOREIGN PROCEEDINGS OR THE NORTEL GROUP (COLLECTIVELY, AND EXCLUDING THE NON-RELEASED MATTERS, THE "SPSA RELEASED CLAIMS") AND UNDERTAKE, COVENANT AND AGREE NOT TO MAKE ANY CLAIM, PARTICIPATE IN ANY PROCEEDING OR TAKE ANY ACTION AGAINST ANY OTHER PERSON OR ENTITY WHO WOULD AS A RESULT OF SUCH CLAIM, PROCEEDING OR ACTION HAVE A CLAIM FOR CONTRIBUTION OR INDEMNITY AGAINST ANY OF THE OTHER SPSA RELEASED PARTIES IN RELATION TO THE SPSA RELEASED CLAIMS, *PROVIDED HOWEVER*, THAT THE DEBTORS' RIGHT TO OBJECT TO, OR ASSERT COUNTERCLAIMS FOR PURPOSES OF SETOFF AGAINST, CLAIMS MADE AGAINST THEM BY DIRECTORS AND OFFICERS OF ANY NORTEL ENTITY AGAINST SUCH DEBTORS IS NOT RELEASED OR IN ANY WAY COMPROMISED. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS PARAGRAPH, THE RELEASES SET FORTH ABOVE IN THIS SECTION 13.4 DO NOT CONSTITUTE A RELEASE, WAIVER OR DISCHARGE OF ANY PROVEN CLAIMS AGAINST THE CANADIAN ESTATE FOR PAYMENT OF THE CROSSOVER BONDS OR THE NNCC BONDS, THE U.S. CANADIAN CLAIM, THE U.S. CANADIAN PRIORITY CLAIM, THE INTERCOMPANY CLAIMS SPECIFIED ON ANNEX L TO THE SPSA, NNI'S RIGHT TO RECEIVE PAYMENT FROM THE CANADIAN ESTATE IN THE AMOUNT OF $77.5 MILLION, AS PROVIDED FOR IN SECTION 4(E) OF THE SPSA, ANY CLAIM BETWEEN OR AMONG ANY OF THE DEBTORS AND THEIR SUBSIDIARIES, ANY CLAIM BETWEEN THE PBGC AND THE DEBTORS OR ANY OF THEIR U.S. SUBSIDIARIES, ANY PROFESSIONAL CLAIM, ANY CLAIM TO ENFORCE THE TERMS OF THE SPSA, THE PLAN, THE CANADIAN PLAN, AND ANY ORDER OF THE BANKRUPTCY COURT OR THE CCAA COURT RELATED THERETO, OR ANY OTHER MATTER LISTED UNDER SECTION 8(i) OF THE SPSA (COLLECTIVELY, THE "NON-RELEASED MATTERS").

### 13.5    Exculpation and Limitation of Liability.

None of the Exculpated Parties shall have or incur any liability to any Entity for any act taken or omitted to be taken in connection with and subsequent to the commencement of the Chapter 11 Cases, the formulation, preparation, dissemination, implementation, solicitation of votes, confirmation or approval of the Plan or any compromises or settlements contained therein, the administration of the Plan or Distributions under the Plan, the Disclosure Statement and any ancillary documents related thereto or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; *provided, however*, the foregoing provisions of this Section 13.5 shall not affect the liability of any Exculpated Party that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct, including, without limitation, fraud and criminal misconduct, and in all respects the Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.

### 13.6    Injunction on Claims.

Except as otherwise expressly provided in the Plan, the Confirmation Order or such other order of the Bankruptcy Court that may be applicable, all holders of Claims or other debt or liability that is treated under the Plan or Interest or other right of interest that is terminated or

cancelled pursuant to the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or other debt or liability or Interest or other right of equity interest that is terminated or cancelled pursuant to the Plan against the Debtors, the Estates or the Wind-Down Debtors or any properties or interest in properties of the Debtors or the Wind-Down Debtors, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Debtors, the Estates or the Wind-Down Debtors or any properties or interest in properties of the Debtors or the Wind-Down Debtors, (c) creating, perfecting or enforcing any encumbrance of any kind against the Debtors, the Estates or the Wind-Down Debtors or any properties or interest in properties of the Debtors or the Wind-Down Debtors, (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors, the Estates or the Wind-Down Debtors or any properties or interest in properties of the Debtors or the Wind-Down Debtors, (e) acting or proceeding in any manner that does not conform to or comply with the provisions of the Plan and (f) taking any actions to interfere with the implementation or consummation of the Plan, with respect to any such Claim or other debt or liability that is discharged or Interest or other right of equity interest that is terminated or cancelled pursuant to the Plan.

7.      **Objection Deadlines.** Responses or objections, if any, to confirmation of the Plan including the assumption and/or assignment of certain executory contracts and unexpired leases under the Plan or cure amounts related to any contracts or leases to be assumed under the Plan as identified on Exhibit C to the Plan which may be provided in the Debtors' Plan Supplement, (a) shall be in writing; (b) state, if appropriate, the amount and nature of the claims or interests held or asserted by the objecting party against the Debtors' estates or property; (c) shall state, if appropriate, the amount and nature of the objector's claim or interest; (d) shall state the grounds for the responses or objections and the legal basis therefor; (e) shall reference with specificity the text of the Plan to which the responses or objections are made, and shall provide proposed language changes or insertions to the Plan to resolve the responses or objections; and (f) shall be filed, together with proof of service, with the Clerk of the United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with one copy to chambers, such that the responses or objections are actually received no later than **4:00 p.m. (Prevailing Eastern Time) on January 9, 2017** by each of the following parties:

Counsel for the Debtors

| | |
|---|---|
| Cleary Gottlieb Steen & Hamilton LLP | Morris, Nichols, Arsht & Tunnell LLP |
| One Liberty Plaza | 1201 North Market Street, 18th Floor |
| New York, New York 10006 | P.O. Box 1347 |
| (212) 225-3999 (facsimile) | Wilmington, Delaware 19899 |
| Attention:  James L. Bromley, Esq. | (302) 658-3989 (facsimile) |
|               Lisa M. Schweitzer, Esq. | Attention:   Derek C. Abbott, Esq. |
| |               Andrew R. Remming, Esq. |

Counsel for the Creditors' Committee

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
(212) 872-1002 (facsimile)
Attention:   Fred S. Hodara, Esq.
             David H. Botter, Esq.
             Brad M. Kahn, Esq.

Whiteford, Taylor and Preston LLP
The Renaissance Centre, Suite 500
405 North King Street
Wilmington, Delaware 19801
(302) 357-3288 (facsimile)
Attention:   Christopher M. Samis, Esq.

Counsel for the Bondholder Group

Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, New York 10005
(212) 530-5219 (facsimile)
Attention:   Albert A. Pisa, Esq.

The United States Trustee

Office of The United States Trustee
J. Caleb Boggs Federal Building
Room 2207, 844 N. King Street
Wilmington, DE 19801
Attention: Mark S. Kenney, Esq.

Any objections to cure amounts must state with specificity the cure amount the objecting party believes is required and provide appropriate documentation in support thereof. **If any response or objection is not timely filed and served before the Confirmation Objection Deadline, the responding or objecting party shall be barred from objecting to confirmation of the Plan and be precluded from being heard at the Confirmation Hearing.**

8.      **Voting Tabulation and Temporary Allowance.** Votes on the Plan will be counted in accordance with the procedures established by the Bankruptcy Court in its Order Approving the Disclosure Statement, Establishing the Voting Record Date and Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and Setting the Confirmation Hearing Date and Establishing Notice and Objection Procedures [D.I. •], such that (a) Claims deemed Allowed pursuant to an agreement with the Debtors or an order of the Court, or that are listed as undisputed, non-contingent and liquidated on the Debtors' Schedules or in a timely filed proof of Claim, will be temporarily allowed for voting purposes only in an amount listed in the agreement with the Debtors, the Order, the Schedules, or the proof of Claim, (b) Claims to which the Debtors have served an objection or request for estimation no later than December 8, 2016 shall be temporarily disallowed for voting purposes only, except to the extent and in the manner as may be set forth in such objection or as ordered by the Court before the Voting Deadline, *provided* that Claims that amend previously filed Claims to which the Debtors have objected or requested estimation and for which such objection or estimation request remains pending or unresolved shall also be deemed to be subject to a pending objection or request for estimation for purposes of this provision, (c) Claims that are listed on the Debtors' Schedules as disputed, contingent, or unliquidated and for which no proof of Claim has been timely filed shall not be entitled to vote unless temporarily allowed by the Court, after notice and a hearing, as described below, (d) Claims for which a proof of Claim has been timely filed for unknown or undetermined amounts, or that are wholly contingent, unliquidated or disputed (as

determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtor or the Voting Agent), shall be temporarily allowed for one dollar ($1.00) for voting purposes only. Any party seeking temporary allowance of a Claim for voting purposes in a manner different than as stated in a Claims Objection shall be required to file with the Court a motion, with evidence in support thereof, seeking temporary allowance of such Claim pursuant to Bankruptcy Rule 3018(a) (a "<u>Rule 3018(a) Motion</u>") on or before **December 15, 2016 at 4:00 p.m. (Prevailing Eastern Time)** (the "<u>Rule 3018(a) Motion Deadline</u>").  Furthermore, any Holder of a Claim that is scheduled as disputed, unliquidated or contingent in the Debtors' Schedules who wishes to vote on a Plan must file a Rule 3018(a) Motion on or prior to the Rule 3018(a) Motion Deadline.  A Rule 3018(a) Motion must be filed and served on the Debtors by United States mail, overnight mail, facsimile, hand delivery or e-mail to the attention of Derek Abbott of Morris Nichols Arsht & Tunnell LLP (dabbott@mnat.com) and Lisa Schweitzer of Cleary Gottlieb Steen & Hamilton LLP (lschweitzer@cgsh.com) so as to be received by the Rule 3018(a) Motion Deadline.  Rule 3018(a) Motions will be heard at a hearing on **January 6, 2017 at 10:00 a.m. (Prevailing Eastern Time)**, if not resolved by the movant and the Debtors prior to that time.

Dated:  December 1, 2016

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Counsel for the Debtors and Debtors in Possession
One Liberty Plaza
New York, New York 10006
(212) 225-2000
James L. Bromley
Lisa M. Schweitzer

**EXHIBIT C**

NOTICE TO NON-VOTING CLASSES DEEMED TO ACCEPT THE PLAN

[PROPOSED FORM OF NOTICE TO CLASS 1 AND CLASS 2 CLAIMANTS]

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | ) | Chapter 11 |
|  | ) |  |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |

### NOTICE OF NON-VOTING STATUS TO UNIMPAIRED CLASSES:
### CLASS 1 (PRIORITY NON-TAX CLAIMS) AND CLASS 2 (SECURED CLAIMS)

Please take notice that on [•], 2016, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Order") approving the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Certain Of Its Affiliated Debtors (the "Disclosure Statement") filed by Nortel Networks, Inc. and certain of its affiliated Debtors as debtors and debtors in possession (the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Order also authorized the Debtors to solicit votes to accept or reject The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. and Its Affiliated Debtors under Chapter 11 of the Bankruptcy Code (as it may be amended, the "Plan"). Capitalized terms used, but not defined herein, have the meaning ascribed to them in the Plan.

UNDER THE TERMS OF THE PLAN, CLASS 1 (PRIORITY NON-TAX CLAIMS) AND CLASS 2 (SECURED CLAIMS) ARE NOT IMPAIRED, AND THEREFORE, PURSUANT TO SECTION 1126(F) OF THE BANKRUPTCY CODE, HOLDERS OF SUCH CLAIMS (I) ARE CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN AND (II) ARE NOT ENTITLED TO VOTE ON THE PLAN.

**The Plan provides that on the Effective Date, the Debtors will receive releases and discharges under section 1141 of the Bankruptcy Code and other applicable provisions of the Bankruptcy Code. In addition, under Article XIII of the Plan, all Holders of Claims against the**

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII"). NNIII will file a separate Chapter 11 Plan in its case. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/Nortel.

Debtors or other Plan Released Parties and Holders of Equity Interests will be deemed to forever release and discharge each of the Debtors and the other Plan Released Parties for any and all Claims based on any acts or omissions occurring prior to the Effective Date in any way relating to, among other things, the Debtors' chapter 11 cases, the SPSA entered into by the Debtors, the Disclosure Statement, the Plan, or any document contained in the Plan Supplement. These releases will be implemented through injunctions that prohibit any and all such Holders from maintaining actions that are released and discharged under the Bankruptcy Code or the terms of the Plan. All persons who have received this Notice are urged to carefully review Article XIII of the Plan.

IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIMS, YOU SHOULD CONTACT THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "NORTEL" IN THE SUBJECT LINE. COPIES OF THE DISCLOSURE STATEMENT AND THE PLAN ARE AVAILABLE AT NO COST ON THE DEBTORS' RESTRUCTURING WEBSITE AT HTTP://DM.EPIQ11.COM/NORTEL

Dated:  December 1, 2016

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Counsel for the Debtors and Debtors in Possession
One Liberty Plaza
New York, New York 10006
(212) 225-2000
James L. Bromley
Lisa M. Schweitzer

**EXHIBIT D**

**NOTICE TO NON-VOTING CLASSES DEEMED TO REJECT THE PLAN**

[PROPOSED FORM OF NOTICE TO CLASS 4 SUBORDINATED CLAIMANTS,
5A CLAIMANTS AND CLASS 5B INTEREST HOLDERS]

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------

|  |  |
|---|---|
| *In re* | ) | Chapter 11 |
| | ) | |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

-----------------------------------------------------------

## NOTICE OF NON-VOTING STATUS TO IMPAIRED
## CLASSES: CLASS 4 (SUBORDINATED CLAIMS), 5A
## (INTERESTS) AND CLASS 5B (INTERESTS SECURITIES FRAUD CLAIMS)

Please take notice that on [•], 2016, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Order") approving the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Certain Of Its Affiliated Debtors (the "Disclosure Statement") filed by Nortel Networks, Inc. and certain of its affiliated Debtors as debtors and debtors in possession (the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Order also authorized the Debtors to solicit votes to accept or reject The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. and its Affiliated Debtors under Chapter 11 of the Bankruptcy Code (as it may be amended, the "Plan"). Capitalized terms used, but not defined herein, have the meaning ascribed to them in the Plan.

UNDER THE TERMS OF THE PLAN, CLASS 5A (INTERESTS) AND CLASS 5B (INTERESTS SECURITIES FRAUD CLAIMS) ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF SUCH CLAIM(S) AGAINST OR INTEREST(S) IN THE DEBTORS. THEREFORE, PURSUANT TO SECTION 1126(G) OF THE BANKRUPTCY CODE, HOLDERS OF SUCH CLAIMS (I) ARE DEEMED TO HAVE REJECTED THE PLAN AND (II) ARE NOT ENTITLED TO VOTE ON THE PLAN.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII"). NNIII will file a separate Chapter 11 Plan in its case. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/Nortel.

The Plan provides that on the Effective Date, the Debtors will receive releases and discharges under section 1141 of the Bankruptcy Code and other applicable provisions of the Bankruptcy Code. In addition, under Article XIII of the Plan, all Holders of Claims against the Debtors or other Plan Released Parties and Holders of Equity Interests will be deemed to forever release and discharge each of the Debtors and other Plan Released Parties for any and all Claims based on any acts or omissions occurring prior to the Effective Date in any way relating to, among other things, the Debtors' chapter 11 cases, the SPSA entered into by the Debtors, the Disclosure Statement, the Plan or any document contained in the Plan Supplement. These releases will be implemented through injunctions that prohibit any and all such Holders from maintaining actions that are released and discharged under the Bankruptcy Code or the terms of the Plan. All persons who have received this Notice are urged to carefully review Article XIII of the Plan.

IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIMS, YOU SHOULD CONTACT THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "NORTEL" IN THE SUBJECT LINE. COPIES OF THE DISCLOSURE STATEMENT AND THE PLAN ARE AVAILABLE AT NO COST ON THE DEBTORS' RESTRUCTURING WEBSITE AT HTTP://DM.EPIQ11.COM/NORTEL.

.

Dated:  December 1, 2016

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Counsel for the Debtors and Debtors in Possession
One Liberty Plaza
New York, New York 10006
(212) 225-2000
James L. Bromley
Lisa M. Schweitzer

**EXHIBIT E-1**

**BALLOT FOR HOLDERS OF NNI/NNCC CLASS 3A (GENERAL UNSECURED CLAIMS) AND 3C (CONVENIENCE CLASS CLAIMS)**

**[PROPOSED FORM OF BALLOT]**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------------

|  |  |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

--------------------------------------------------------------

**BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF NORTEL NETWORKS, INC. AND CERTAIN OF ITS AFFILIATED DEBTORS**

**(CLASS 3A: GENERAL UNSECURED CLAIMS)
(CLASS 3C: CONVENIENCE CLAIMS)**

THE **VOTING DEADLINE** BY WHICH YOUR BALLOT MUST BE ***ACTUALLY RECEIVED*** BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS **4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017**. IF YOUR BALLOT IS NOT ***ACTUALLY RECEIVED*** ON OR BEFORE THE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY ***NOT*** BE COUNTED.

**TAKE NOTE THAT THESE MATERIALS relate to the U.S. DEBTORS' CHAPTER 11 CASES ONLY and do not apply to any other restructuring proceeding including the**

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII").  NNIII will file a separate Chapter 11 Plan in its case.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

Canadian CCAA Proceeding Proceedings of the Canadian Debtors. **If you have claims in both the U.S. and Canadian proceedings, you MUST vote your claims in respect of the U.S. Debtors in these Chapter 11 Cases in order for your vote to count with respect to the U.S. Debtors' Plan and must comply with the applicable procedures in the Canadian Debtors' cases for your claim in respect of the Canadian Debtors. A vote in the Canadian CCAA Proceedings will not be recognized in the Chapter 11 Cases and *vice versa*.**

Please use this Ballot to cast your vote to accept or reject the First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors (as it may be amended, the "Plan"). Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix A to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors, dated December 1, 2016 (the "Disclosure Statement"), which accompanies this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' restructuring website at http://dm.epiq11.com/nortel. Before you transmit such votes, please review the Plan and the Disclosure Statement carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your votes counted, you must complete, sign and return this Ballot in accordance with the instructions described below.

---

**HOW TO VOTE**

1. COMPLETE ITEM 1 AND ITEM 2.
2. CHECK THE BOX IN ITEM 3 IF YOU ARE NOT VOTING TO ACCEPT OR REJECT THE PLAN AND ELECT TO OPT OUT OF THE RELEASES CONTAIN IN ARTICLE XIII OF THE PLAN.
3. COMPLETE ITEM 4. NOTE THAT THIS ITEM IS OPTIONAL.
4. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 5. **SIGN THE BALLOT.**
5. RETURN THE BALLOT TO THE VOTING AGENT.
6. YOU MUST VOTE ***YOUR ENTIRE CLAIM*** TO ACCEPT OR TO REJECT THE PLAN AND ***MAY NOT SPLIT YOUR VOTE***.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Item 1.**     **Amount of Claim(s) Voted.** For the purposes of voting to accept or reject the Plan, the undersigned holds General Unsecured Claim(s) as set forth below as of [__], the Voting Record Date[2]:

**Claim(s) Against Debtor:** _____

$$\boxed{\text{\$ \qquad\qquad\qquad\qquad\qquad}}$$

**Item 2.**     **Vote.** The undersigned Holder of a General Unsecured Claim in the amount set forth in Item 1 above hereby votes as follows (check one box only-if you do not check a box your vote may not be counted):

    ❑ to **Accept** (votes for) the Plan.

    OR

    ❑ to **Reject** (votes against) the Plan.

**Item 3.**     **Optional Third Party Release Election.**   Item 3 is to be completed only if you are not voting to accept or reject the Plan and wish to opt out of the Third Party Releases in Section 13.3 of the Plan (please refer to Article 13 of the Plan for the full Plan releases).

    The Holder of the Class 3A Claims set forth in Item 1 hereby elects to (please check one):

        ❑ **OPT OUT** OF THE THIRD PARTY RELEASES

    IF YOU VOTE TO REJECT THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASES. **Do not complete this Item 3.**

---

[2] For voting only, subject to tabulation rules.

IF YOU VOTE TO **ACCEPT** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES.

IF YOU **ABSTAIN FROM VOTING ON** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES, UNLESS YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD PARTY RELEASES.

<u>**Article 13.3 of the Plan provides for the following Third Party Releases:**</u>

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO: (I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE SPSA OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE**

**OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.**

**Item 4.**    **Voluntary Election For Convenience Claim Treatment.** As explained in the Plan and the Disclosure Statement, a Convenience Claim is any General Unsecured Claim (i) in an Allowed amount equal to or less than $25,000 whose holder elects on this Ballot for such Claim(s) to be Allowed as a Convenience Claim and receive treatment as a Convenience Claim in accordance with the Plan, or, (ii) in an Allowed amount greater than $25,000, whose holder elects on this Ballot for such Allowed Claim to be reduced and Allowed at $25,000 in order to receive treatment as a Convenience Claim in the amount of $25,000 in accordance with the Plan. If you make the Convenience Class Election below, **then you will be deemed to have waived your Class 3A Claim(s) listed above in Item 1, and instead your Claim(s) listed in Item 1 shall be converted to Class 3C Convenience Claim(s) in the aggregate amount of $25,000 or less, and your vote on this Ballot will count as a Class 3C vote.**

**The undersigned holder of Class 3A General Unsecured Claims as set forth in Item 1:**

> ❑ **ACCEPTS the Convenience Class Election** and the conversion of its its Class 3A General Unsecured Claim(s) listed above in Item 1 into a Class 3C Convenience Claim in the aggregate amount of $25,000 or less.

**Item 5.**    **Acknowledgements and Certification.** By signing and returning this Ballot, the undersigned certifies that:

(a)    the information in Item 1 is true and correct;

(b)    no other Ballot cast with respect to the amount of the Class 3A Claims identified in Item 1 have been cast with respect to such Class 3A Claims, or that any such previously cast Ballots are hereby revoked;

(c)    a copy of the Disclosure Statement relating to the Plan, including without limitation the release and injunction provisions of Article XIII of the Plan, has been provided to and reviewed by the undersigned; and

(d)    as the Holder or authorized signatory of the amount of Class 3A Claims set forth in Item 1, the undersigned has full power and authority to vote to accept or reject the Plan.

The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan.

Name:_____
                        (Print or Type)

Signature:_____

Name of Signatory:_____

                     (if other than Holder)

Title:_____

                     (if applicable)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____


This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a Claim or Interest, or an admission by the Debtors of the nature, validity or amount of any Claim or Interest.

## VOTING INSTRUCTIONS

### In re Nortel Networks, Inc., Case No. 09-10138 (Bankr. D. Del.)

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME FOR YOUR VOTE TO BE *ACTUALLY RECEIVED* BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, BY 4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017, OR YOUR VOTE MAY NOT BE COUNTED.**

**IT MAY BE FORWARDED TO THE VOTING AGENT IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

| **If by U.S. First Class Mail to:** | **If by Overnight Courier or Personal Delivery:** |
|---|---|
| Nortel Networks Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Nortel Networks Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 |

**Please Take Notice That:**

1.  The rules which govern the solicitation and tabulation of votes to accept or reject the Plan can be found in the Disclosure Statement Order [D.I. ●]. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually <u>received</u> by the Voting Agent by the Voting Deadline. **Ballots will not be accepted by email, facsimile or other electronic means.**

3.  If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must use separate Ballots for each Class of Claims.

4.  If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must vote all of your Claims in a Class or in different Classes either to accept or reject the Plan. Ballots cast by the same Holder in different Classes which do not all vote to accept or reject the Plan will not be counted. You may not split your vote and, accordingly, a Ballot that partially rejects and partially accepts or that votes to both accept and reject will not be counted.

5.  Any executed Ballot received by the Voting Agent that does not indicate either an acceptance or rejection of the Plan will not be counted.

6.  Any unsigned Ballot or Ballot not bearing an original signature will not be counted.

7. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

8. Except to the extent determined by the Debtors in their reasonable discretion or as otherwise permitted by the Court, the Debtors will not accept or count any Ballots received after the Voting Deadline.

9. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

10. Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is received on or before such deadline.

11. If multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Voting Agent.

12. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code and based on a reasonable review by the Solicitation Agent, separate Claims held by a single creditor in a particular class shall be aggregated as if such creditor held one Claim against the Debtors in such class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

> IF YOU ARE A HOLDER OF A CLAIM ENTITLED TO VOTE ON THE PLAN AND HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT **BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.**

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN.**

**EXHIBIT E-2**

**MASTER BALLOT FOR HOLDERS OF NNI/NNCC CLASS 3A CLAIMS (NNCC BONDS CLAIMS)**

[PROPOSED FORM OF MASTER BALLOT]

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------X
                                                  :
In re                                             :     Chapter 11
                                                  :
Nortel Networks Inc., et al.,[1]                  :     Case No. 09-10138 (KG)
                                                  :
                        Debtors.                  :     Jointly Administered
                                                  :
                                                  :
--------------------------------------------------X
```

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF NORTEL NETWORKS, INC. AND CERTAIN OF ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**MASTER BALLOT FOR VOTING NNCC 7.875% BONDS DUE 2026 ISSUED BY NORTEL NETWORKS CAPITAL CORPORATION**

**(CLASS 3A: NNCC BONDS CLAIMS)**

THE **VOTING DEADLINE** BY WHICH THIS MASTER BALLOT MUST BE ***ACTUALLY RECEIVED*** BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS **4:00 P.M., NEW YORK CITY TIME ON [●], 2017**.  IF YOUR MASTER BALLOT IS NOT

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII").  NNIII will file a separate Chapter 11 Plan in its case.  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/Nortel.

*ACTUALLY RECEIVED* ON OR BEFORE THE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY *NOT* BE COUNTED.

This Master Ballot is to be used by you, as a broker, bank, or other nominee (or as their proxy holder or agent) (each of the foregoing, a "Nominee"), for beneficial owners of the NNCC 7.875% Bonds Due 2026 (collectively, the "NNCC Bonds"), to transmit the votes of such Holders in respect of their NNCC Bonds to accept or reject the First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Certain of its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code (as it may be amended, the "Plan"). Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix A to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Certain of its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code, dated December 1, 2016 (the "Disclosure Statement"). If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' case information website at http://dm.epiq11.com/nortel. Before you transmit such votes, please review the Plan and the Disclosure Statement carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you and the beneficial owners of NNCC Bonds for which you are the Nominee if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER BALLOT, AND RETURN IT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, ON OR BEFORE THE VOTING DEADLINE OF 4:00 P.M., NEW YORK CITY TIME ON [●], 2017. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' VOTING AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS MASTER BALLOT MAY NOT BE COUNTED.**

**Item 1. Certification of Authority to Vote.** The undersigned certifies that as of [●], 2016, the Voting Record Date, the undersigned (please check the applicable box):

❑ Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of Notes listed in Item 2 below, and is the registered Holder of such securities, or

❑ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered Holder of the aggregate principal amount of NNCC Bonds listed in Item 2 below, or

❑    Has been granted a proxy (an original of which is attached hereto) from a broker, bank or other nominee, or a beneficial owner, that is the registered Holder of the aggregate principal amount of NNCC Bonds listed in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the beneficial owners of the NNCC Bonds described in Item 2 below.

**Item 2. Class 3A Vote (NNCC Bonds Claims).**  The undersigned transmits the following votes of beneficial owners in respect of their NNCC Bonds, and certifies that the following beneficial owners of NNCC Bonds, as identified by their respective customer account numbers set forth below, are beneficial owners of such securities as of November 21, 2016, the Voting Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes. (Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.)

Please note:  Each beneficial owner must vote all his, her, or its Class 3A Claims (NNCC Bonds Claims) either to accept or reject the Plan, and may not split such vote.

| Your Customer Account Number of Each Beneficial Owner of Notes | Principal Amount of Notes Voted to ACCEPT the Plan | | Principal Amount of Notes Voted to REJECT the Plan |
|---|---|---|---|
| 1. | $ | OR | $ |
| 2. | $ | OR | $ |
| 3. | $ | OR | $ |
| 4. | $ | OR | $ |
| 5. | $ | OR | $ |
| 6. | $ | OR | $ |
| 7. | $ | OR | $ |
| 8. | $ | OR | $ |
| 9. | $ | OR | $ |
| 10. | $ | OR | $ |
| TOTALS | $ | | $ |

**Item 3.  Certification As to Transcription of Information From Item 3 of Beneficial Owner Ballots As to Other NNCC Bonds Voted by Beneficial Owners.**  The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial owners in Item 4 of the Beneficial Owner Ballots, identifying any other NNCC Bonds for which such beneficial owners have submitted other Ballots:

| Your customer account number for each beneficial owner who completed Item 3 of the Beneficial Owner Ballot | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL OWNER BALLOT | | |
|---|---|---|---|
| | Account Number (Transcribe from Item 3 of Beneficial Owner Ballot) | Name of Holder (Transcribe from Item 3 of Beneficial Owner Ballot) | Principal Amount of Other NNCC Bonds Voted (Transcribe from Item 3 of Beneficial Owner Ballot) |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |
| 5. | | | $ |
| 6. | | | $ |
| 7. | | | $ |
| 8. | | | $ |
| 9. | | | $ |
| 10. | | | $ |

**Item 4.  Certification.**  By signing this Master Ballot, the undersigned certifies that each beneficial owner of NNCC Bonds listed in Item 2 above has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Broker, Bank, or Other Nominee:

_____

(Print or Type)

Name of Proxy Holder or Agent for Broker, Bank, or Other Nominee (if applicable):

_____

(Print or Type)

Participant No.:_____

Signature:_____

Name of Signatory:_____

Title:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number: _____

Date Completed:_____

**INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT**

**In re Nortel Networks, Inc., Case No. 09-10138 (Bankr. D. Del.)**

THIS MASTER BALLOT MUST BE FORWARDED IN SUFFICIENT TIME TO BE *ACTUALLY RECEIVED* BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, BY 4:00 P.M., NEW YORK CITY TIME ON [●], 2017, OR THE VOTES OF YOUR CUSTOMERS SUMMARIZED HEREIN MAY NOT BE COUNTED.

PLEASE FORWARD THIS MASTER BALLOT BY U.S. MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO EPIQ BANKRUPTCY SOLUTIONS, ATTN: NORTEL NETWORKS, INC., MASTER BALLOT PROCESSING, 777 THIRD AVENUE, 12TH FLOOR, NEW YORK, NY 10017

IF YOU HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.

**VOTING DEADLINE:**

The Voting Deadline is **4:00 P.M., NEW YORK CITY TIME ON [●], 2017**. To have the vote of your customers count, you must complete, sign, and return this Master Ballot so that it is **ACTUALLY RECEIVED** on or before the Voting Deadline by Epiq Bankruptcy Solutions (the "Voting Agent"), at:

Epiq Bankruptcy Solutions
Attn: Nortel Networks, Inc. Master Ballot Processing
777 Third Avenue, 12th Floor
New York, NY 10017

**HOW TO VOTE:**

If you are both the registered owner and beneficial owner of any principal amount of NNCC Bonds and you wish to vote such NNCC Bonds, you may complete, execute, and return to Epiq Bankruptcy Solutions either a Beneficial Owner Ballot or a Master Ballot.

**If you are transmitting the votes of any beneficial owners of NNCC Bonds other than yourself, you may *either*:**

1.  "Pre-validate" the individual Beneficial Ballot by signing the Ballot and including your DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of the Class 3A NNCC Bonds held by you as Nominee for such Beneficial Holder. Then forward the pre-validated Ballot with the Disclosure Statement, and a return envelope addressed to the Voting Agent to the Beneficial Holder. The Beneficial Holder then completes the information requested on the Ballot and returns the Ballot directly to the Voting Agent. A list of the Beneficial Holders to whom pre-validated Ballots were delivered should be maintained by you for inspection for at least one year from the Effective Date;

CUSIP NO. [ ]

OR

2. For any Beneficial Owner Ballots you do not "pre-validate,"

Deliver the Beneficial Owner Ballot to the beneficial owner, along with the Disclosure Statement and other materials requested to be forwarded, and take the necessary actions to enable such beneficial owner to (i) complete and execute such Beneficial Owner Ballot voting to accept or reject the Plan, and (ii) return the completed and executed Beneficial Owner Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline; and

With respect to all Beneficial Owner Ballots returned to you, you must properly complete the Master Ballot, as follows:

a. Check the appropriate box in Item 1 on the Master Ballot;

b. Indicate the votes to accept or reject the Plan in Item 2 of this Master Ballot, as transmitted to you by the beneficial owners of NNCC Bonds. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number). **IMPORTANT: BENEFICIAL OWNERS MAY *NOT* SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE *ALL* HIS, HER, OR ITS NNCC BONDS *EITHER* TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.** Any Beneficial Owner Ballot or Master Ballot which is validly executed but which does not indicate acceptance or rejection of the Plan by the indicated beneficial owner or which impermissibly attempts to split a vote will not be counted;

c. Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each beneficial owner from Item 3 of each completed Beneficial Owner Ballot relating to other NNCC Bonds voted;

d. Review the certification in Item 4 of the Master Ballot;

e. Sign and date the Master Ballot, and provide the remaining information requested in Item 4;

f. If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

g. Multiple Master Ballots may be completed and delivered to the Voting Agent. Votes reflected by multiple Master Ballots will be counted except to the extent that the votes thereon are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest Master Ballots actually received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot. If more than one Master Ballot is submitted and the later Master Ballot supplements rather than supersedes the earlier Master Ballot(s), please mark the subsequent Master Ballot with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote; and

h.    Deliver the completed and executed Master Ballot so that it is ***actually received*** by the Voting Agent on or before the Voting Deadline.

i.    Retain such Ballots from Beneficial Owners, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date of the Plan. You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

**PLEASE NOTE:**

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with this Master Ballot.

No Beneficial Owner Ballot or Master Ballot shall constitute or be deemed a proof of claim, an assertion of a Claim or an admission by the Debtors of the nature, validity or amount of any Claim or Interest.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF ANY DEBTOR OR EPIQ BANKRUPTCY SOLUTIONS, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN OR DISCLOSURE STATEMENT, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

**IF YOU HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "NORTEL" IN THE SUBJECT LINE.**

**EXHIBIT E-3**

**Beneficial Ballot for Holders of NNI/NNCC Class 3A Claims**
**(NNCC Bonds Claims)**

## [PROPOSED FORM OF BALLOT]

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
*In re*                                                :    Chapter 11
                                                       :
Nortel Networks Inc., *et al.*,[1]                     :    Case No. 09-10138 (KG)
                                                       :
                                    Debtors.           :    Jointly Administered
                                                       :
                                                       :
                                                       :
------------------------------------------------------ X

## BENEFICIAL OWNER BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF NORTEL NETWORKS, INC. AND CERTAIN OF ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

## BENEFICIAL OWNER BALLOT FOR VOTING NNCC 7.875% BONDS DUE 2026 ISSUED BY NORTEL NETWORKS CAPITAL CORPORATION
### (CLASS 3A: NNCC Bonds Claims)

THE **VOTING DEADLINE** BY WHICH THIS BALLOT MUST BE *ACTUALLY RECEIVED* BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS 4:00 P.M., NEW YORK CITY TIME ON [●], 2017 *OR SUCH EARLIER DATE THAT MAY BE ESTABLISHED BY YOUR NOMINEE*. IF YOUR BALLOT IS NOT *ACTUALLY RECEIVED* ON OR BEFORE THE APPLICABLE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY *NOT* BE COUNTED.

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) ), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII"). NNIII will file a separate Chapter 11 Plan in its case. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel

> **TAKE NOTE THAT THESE MATERIALS relate to the U.S. DEBTORS' CHAPTER 11 CASES ONLY** and do not apply to any other restructuring proceeding including the Canadian CCAA Proceeding Proceedings of the Canadian Debtors. **If you have claims in both the U.S. and Canadian proceedings, you MUST vote your claims in respect of the U.S. Debtors in these Chapter 11 Cases in order for your vote to count with respect to the U.S. Debtors' Plan and must comply with the applicable procedures in the Canadian Debtors' cases for your claim in respect of the Canadian Debtors. A vote in the Canadian CCAA Proceedings will not be recognized in the Chapter 11 Cases and _vice versa_.**

If you are a beneficial owner of any of the NNCC 7.875% Bonds Due 2026 issued by NNCC (collectively, the "NNCC Bonds"), please use this Ballot to cast your vote to accept or reject the Joint Chapter 11 Plan Of Nortel Networks, Inc. And Certain of its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code (as it may be amended, the "Plan"). Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix A to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Certain of its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code, dated December 1, 2016 (the "Disclosure Statement"), which accompanies this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' restructuring website at http://dm.epiq11.com/nortel. Before you transmit such votes, please review the Plan and the Disclosure Statement carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your votes count, you must complete, sign and return this Ballot in accordance with the instructions described below.

CUSIP NO.[    ]

**HOW TO VOTE**

1.  COMPLETE ITEM 1 (if not already filled out by your nominee) AND ITEM 2 AND COMPLETE ITEM 3 (if applicable).

2.  REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.

3.  **SIGN THE BALLOT** (unless your Ballot has already been signed or "prevalidated" by your nominee).

4.  RETURN YOUR BALLOT IN THE ENVELOPE PROVIDED OR AS OTHERWISE DIRECTED BY YOUR NOMINEE. THIS BALLOT OR THE MASTER BALLOT REFELECTING THE VOTE CAST ON THIS BALLOT MUST ACTUALLY BE RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE.

5.  YOU MUST VOTE *ALL YOUR* NNCC BONDS *EITHER* TO ACCEPT OR TO REJECT THE PLAN AND *MAY NOT SPLIT YOUR VOTE*.

An authorized signatory of an eligible beneficial owner may execute this Ballot, but must provide the name and address of the beneficial owner on this Ballot and may be required to submit evidence to the Bankruptcy Court demonstrating such signatory's authorization to vote on behalf of the beneficial owner. Authorized signatories voting on behalf of more than one beneficial owner must complete a separate Ballot for each owner.

You may receive multiple mailings containing Ballots, especially if you own your NNCC Bonds through more than one bank, broker, or other intermediary. You should vote each Ballot that you receive for all of the NNCC Bonds that you beneficially own. You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Your bond was issued by a U.S. entity and guaranteed by a Canadian entity and as such you may receive multiple Ballots for the same bond. You are both entitled and encouraged to complete and submit a vote on each and every Ballot you receive. As stated above, you MUST vote on this Ballot in order for your vote to count with respect to the U.S. Debtors' Plan, and a vote on this Ballot will not count in any other restructuring proceeding, including the Canadian CCAA Proceedings.**

**Item 1.**       **Principal Amount of NNCC Bonds Voted**. The undersigned certifies that as of [__], the Voting Record Date, the undersigned was either the beneficial owner, or the authorized signatory for a beneficial owner, of NNCC Bonds in the following aggregate unpaid principal amount (insert amount in the box below). If your NNCC Bonds are held by a nominee on your behalf and you do not know the amount, please contact your nominee immediately.

$

**Item 2.**       **Vote**.  The beneficial owner of the NNCC Bonds identified in Item 1 hereby votes as follows (check one box only-if you do not check a box your vote will not be counted):

       ❑ to **Accept** (votes for) the Plan

       OR

       ❑ to **Reject** (votes against) the Plan.

**Item 3.**       **Optional Third Party Release Election.**   Item 3 is to be completed <u>only</u> if you are <u>not voting to accept or reject the Plan</u> and wish to opt out of the Third Party Releases in Section 13.3 of the Plan (please refer to Article 13 of the Plan for the full Plan releases).

     The Holder of the Class 3A Claims set forth in Item 1 hereby elects to (please check one):

---

    ❑  **OPT OUT** OF THE THIRD PARTY RELEASES

---

     IF YOU VOTE TO REJECT THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASES. **Do not complete this Item 3.**

     IF YOU VOTE TO **ACCEPT** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES.

     IF YOU **ABSTAIN FROM VOTING ON** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES, UNLESS YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD PARTY RELEASES.

<div align="center"><u>Article 13.3 of the Plan provides for the following Third Party Releases:</u></div>

     **EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO: (I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND**

**ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE SPSA OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.**

Item 4.    **Identify All Other NNCC Bonds Voted**. By returning this Ballot, the beneficial owner of the NNCC Bonds identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the NNCC Bonds owned by such beneficial owner, except for the NNCC Bonds identified in the following table, and (b) all Ballots for NNCC Bonds submitted by the beneficial owner indicate the same vote to accept or reject the Plan that the beneficial owner has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary):

**ONLY COMPLETE ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS**

| Account Number | Name of Holder* | Principal Amount of Other NNCC Bonds Voted |
|---|---|---|
| | | $ |
| | | $ |

*Insert your name if the NNCC Bonds are held by you in record name or, if held in street name, insert the name of your broker or bank.

**Item 5.**     **Certification**. By signing and returning this Ballot, the undersigned certifies that:

(a)     the information in Item 1 is true and correct;

(b)     no other Ballot cast with respect to the amount of the Class 3A Claims identified in Item 1 have been cast with respect to such Class 3A Claims, or that any such previously cast Ballots are hereby revoked;

(c)     a copy of the Disclosure Statement relating to the Plan, including without limitation the release and injunction provisions of Article XIII of the Plan, has been provided to and reviewed by the undersigned; and

(d)     as the Holder or authorized signatory of the amount of Class 3A Claims set forth in Item 1, the undersigned has full power and authority to vote to accept or reject the Plan.

The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan.

Name:_____
                (Print or Type)

Signature:_____

Name of Signatory:_____
                (if other than Holder)

Title:_____
                (if applicable)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

CUSIP NO.[    ]

By returning this Ballot, the beneficial owner of the NNCC Bonds identified in Item 1 also authorizes and instructs its nominee (i) to furnish the voting information and the amount of NNCC Bonds the nominee holds on its behalf in a master ballot transmitted to the Debtors or their agent (unless this is a prevalidated ballot forwarded directly to the Voting Agent in accordance with the nominee's instructions or unless this Ballot has been provided by the Voting Agent directly to the beneficial owner and will be forwarded by the beneficial owner directly to the Voting Agent), and (ii) to retain this Ballot and related information in its records for at least one year after the Voting Deadline.

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a Claim or Interest, or an admission by the Debtors of the nature, validity or amount of any Claim or Interest.

*IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, PLEASE COMPLETE, AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT BY THE VOTING DEADLINE.*

*IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE. PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE. THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE*

CUSIP NO.[    ]

## VOTING INSTRUCTIONS

### In re Nortel Networks Inc., Case No. 09-10138 (Bankr. D. Del.)

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, YOU MUST COMPLETE AND DATE THE BALLOT AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY 4:00 P.M., NEW YORK CITY TIME ON [•], 2017, OR YOUR VOTE MAY NOT BE COUNTED.**

**IF YOU HAVE BEEN INSTRUCTED TO FORWARD THIS BALLOT TO YOUR NOMINEE, YOU MUST DO SO BY ANY DEADLINE IT HAS ESTABLISHED AND IN SUFFICIENT TIME FOR YOUR NOMINEE TO SUBMIT THIS BALLOT OR A MASTER BALLOT TO THE DEBTORS' VOTING AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE OR YOUR VOTE MAY NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDNG THE VOTING PROCESS PLEASE CONTACT THE VOTING AGENT AT TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.**

**Please Take Notice That:**

1. Your vote to accept or reject the Plan must be cast by completing this Ballot. Votes that are cast in any other manner will not be counted.

2. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) **either**: (1) if you received a return envelope addressed to the Voting Agent, Epiq Bankruptcy Solutions LLC, then you must sign and return the Ballot in accordance with the instructions received and in the envelope provided, so that this Ballot is actually received by the Voting Agent by 4:00 p.m. (New York City Time) on [•], 2017 (the "Voting Deadline"), **or** (2) if you are returning your Ballot to the Nominee that provided you with this Ballot, then you must sign and return your completed Ballot to your Nominee by any deadline that your Nominee has established, allowing sufficient time for your Nominee to receive your Ballot, complete a master ballot ("Master Ballot") that includes your vote, and transmit the Master Ballot to the Voting Agent so that it is actually received by the Voting Deadline.

   **The Voting Agent will not accept any ballots by email, facsimile or other electronic means.** If you are directed by your Nominee to submit the Beneficial Owner Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

3. If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must use separate Ballots for each Class of Claims.

4. If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must vote all of your Claims in a Class or in different Classes either to accept or reject the Plan. Ballots cast by the same Holder in different Classes which do not all vote to accept or reject the Plan will not be counted. You may not split your vote and, accordingly, a Ballot that partially rejects and partially accepts or that votes to both accept and reject will not be counted.

CUSIP NO.[   ]

5. Any executed Ballot or Master Ballot received by the Voting Agent that does not indicate either an acceptance or rejection of the Plan will not be counted.

6. Except to the extent determined by the Debtors in their reasonable discretion or as otherwise permitted by the Court, the Debtors will not accept or count any Ballots or Master Ballots received after the Voting Deadline.

7. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

8. Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is received on or before such deadline.

**IF YOU HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2500 AND ASK FOR A MEMBER OF THE SOLICITATION TEAM OR VIA EMAIL TO TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "NORTEL" IN THE SUBJECT LINE.  YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN.**

**EXHIBIT E-4**

**MASTER BALLOT FOR HOLDERS OF NNI/NNCC CLASS 3B CLAIMS
(CROSSOVER BONDS CLAIMS)**

**[PROPOSED FORM OF MASTER BALLOT]**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR
TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE
MATERIALS MAILED WITH THIS BALLOT.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------X
                                                      :
In re                                                 :     Chapter 11
                                                      :
Nortel Networks Inc., et al.,¹                        :     Case No. 09-10138 (KG)
                                                      :
                             Debtors.                 :     Jointly Administered
                                                      :
                                                      :
------------------------------------------------------X
```

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT
CHAPTER 11 PLAN OF NORTEL NETWORKS, INC. AND ITS AFFILIATED DEBTORS
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**MASTER BALLOT FOR VOTING NNC 2012 CONVERTIBLE NOTES, NNC 2014
CONVERTIBLE NOTES, NNL 2011 NOTES, NNL 2013 NOTES, and NNL 2016 NOTES
GUARANTEED BY NORTEL NETWORKS, INC.**

**(CLASS 3B: CROSSOVER BONDS CLAIMS)**

THE **VOTING DEADLINE** BY WHICH THIS MASTER BALLOT MUST BE ***ACTUALLY
RECEIVED*** BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS
**4:00 P.M., NEW YORK CITY TIME ON _____, 2017.** IF YOUR MASTER

---

¹      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
(9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
(0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667).
For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India
International ("NNIII"). NNIII will file a separate Chapter 11 Plan in its case. Addresses for the Debtors can be
found in the Debtors' petitions, which are available at http://dm.epiq11.com/Nortel.

BALLOT IS NOT ***ACTUALLY RECEIVED*** ON OR BEFORE THE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY ***NOT*** BE COUNTED.

This Master Ballot is to be used by you, as a broker, bank, or other nominee (or as their proxy holder or agent) (each of the foregoing, a "Nominee"), for beneficial owners of the NNC 2012 Convertible Notes, the NNC 2014 Convertible Notes, the NNL 2011 Notes, the NNL 2013 Notes and the NNL 2016 Notes guaranteed by Nortel Networks, Inc. (collectively, the "Crossover Bonds"), to transmit the votes of such Holders in respect of their Crossover Bonds to accept or reject the First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code (as it may be amended, the "Plan"). Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix A to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code, dated December 1, 2016 (the "Disclosure Statement"). If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' case information website at http://dm.epiq11.com/nortel. Before you transmit such votes, please review the Plan and the Disclosure Statement carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you and the beneficial owners of Crossover Bonds for which you are the Nominee if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER BALLOT, AND RETURN IT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, ON OR BEFORE THE VOTING DEADLINE OF 4:00 P.M., NEW YORK CITY TIME ON [•, 2017]. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' VOTING AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS MASTER BALLOT MAY NOT BE COUNTED.**

**Item 1. Certification of Authority to Vote.** The undersigned certifies that as of [•], the Voting Record Date, the undersigned (please check the applicable box):

❑   Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of Notes listed in Item 2 below, and is the registered Holder of such securities, or

❑   Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the

2

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

registered Holder of the aggregate principal amount of Crossover Bonds listed in Item 2 below, or

❑ Has been granted a proxy (an original of which is attached hereto) from a broker, bank or other nominee, or a beneficial owner, that is the registered Holder of the aggregate principal amount of Crossover Bonds listed in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the beneficial owners of the Crossover Bonds described in Item 2 below.

**Item 2. Class 3B Vote (Crossover Bond Claims).** The undersigned transmits the following votes of beneficial owners in respect of their Crossover Bonds, and certifies that the following beneficial owners of Crossover Bonds, as identified by their respective customer account numbers set forth below, are beneficial owners of such securities as of November 21, 2016, the Voting Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes. (Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.)

Please note:  Each beneficial owner must vote all his, her, or its Class 3B Claims (Crossover Bond Claims) either to accept or reject the Plan, and may not split such vote.

**A SEPARATE MASTER BALLOT MUST BE USED FOR EACH CUSIP.**

| CUSIP VOTED ON THIS MASTER BALLOT | | | |
|---|---|---|---|
| **Your Customer Account Number of Each Beneficial Owner of Notes** | **Principal Amount of Notes Voted to ACCEPT the Plan** | | **Principal Amount of Notes Voted to REJECT the Plan** |
| 1. | $ | OR | $ |
| 2. | $ | OR | $ |
| 3. | $ | OR | $ |
| 4. | $ | OR | $ |
| 5. | $ | OR | $ |
| 6. | $ | OR | $ |
| 7. | $ | OR | $ |
| 8. | $ | OR | $ |
| 9. | $ | OR | $ |
| 10. | $ | OR | $ |
| TOTALS | $ | | $ |

3

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

**Item 3.  Certification As to Transcription of Information From Item 4 of Beneficial Owner Ballots As to Other Crossover Bonds Voted by Beneficial Owners.**  The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial owners in Item 4 of the Beneficial Owner Ballots, identifying any other Crossover Bonds for which such beneficial owners have submitted other Ballots:

| Your customer account number for each beneficial owner who completed Item 4 of the Beneficial Owner Ballot | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL OWNER BALLOT | | | |
|---|---|---|---|---|
| | Account Number (Transcribe from Item 4 of Beneficial Owner Ballot) | Name of Holder (Transcribe from Item 4 of Beneficial Owner Ballot) | Principal Amount of Other Crossover Bonds Voted (Transcribe from Item 4 of Beneficial Owner Ballot) | CUSIP of Other Crossover Bonds Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

4

**Item 4.  Certification**.  By signing this Master Ballot, the undersigned certifies that each beneficial owner of Crossover Bonds listed in Item 2 above has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Broker, Bank, or Other Nominee:

_____

(Print or Type)


Name of Proxy Holder or Agent for Broker, Bank, or Other Nominee (if applicable):

_____

(Print or Type)


Participant No.:_____

Signature:_____

Name of Signatory:_____

Title:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number: _____

Date Completed:_____

5

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

**In re Nortel Networks, Inc., Case No. 09-10138 (Bankr. D. Del.)**

THIS MASTER BALLOT MUST BE FORWARDED IN AMPLE TIME TO BE *ACTUALLY RECEIVED* BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, BY 4:00 P.M., NEW YORK CITY TIME ON [•], 2017, OR THESE VOTES OF YOUR CUSTOMERS CONTAINED THEREIN MAY NOT BE COUNTED.

PLEASE FORWARD THIS MASTER BALLOT BY U.S. MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO EPIQ BANKRUPTCY SOLUTIONS, ATTN: NORTEL NETWORKS, INC., MASTER BALLOT PROCESSING, 777 THIRD AVENUE, 12TH FLOOR, NEW YORK, NY 10017

IF YOU HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.

**VOTING DEADLINE:**

The Voting Deadline is **4:00 P.M., NEW YORK CITY TIME ON [•,] 2017**. To have the vote of your customers count, you must complete, sign, and return this Master Ballot so that it is **ACTUALLY RECEIVED** on or before the Voting Deadline by Epiq Bankruptcy Solutions (the "Voting Agent"), at:

> Epiq Bankruptcy Solutions
> Attn: Nortel Networks, Inc. Master Ballot Processing
> 777 Third Avenue, 12th Floor
> New York, NY 10017

**HOW TO VOTE:**

If you are both the registered owner and beneficial owner of any principal amount of Crossover Bonds and you wish to vote such Crossover Bonds, you may complete, execute, and return to Epiq Bankruptcy Solutions either a Beneficial Owner Ballot or a Master Ballot.

**If you are transmitting the votes of any beneficial owners of Crossover Bonds other than yourself, you may either:**

1. "Pre-validate" the individual Beneficial Ballot by signing the Ballot and including your DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of the Class 3B Crossover Bonds held by you as Nominee for such Beneficial Holder. Then forward the pre-validated Ballot with the Disclosure Statement, and a return envelope addressed to the Voting Agent to the Beneficial Holder. The Beneficial Holder then completes the information requested on the Ballot and returns the Ballot directly to the Voting Agent. A list of the Beneficial Holders to whom pre-validated Ballots were

6

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

delivered should be maintained by you for inspection for at least one year from the Effective Date;

<div align="center">OR</div>

2.   For any Beneficial Owner Ballots you do not "pre-validate,"

Deliver the Beneficial Owner Ballot to the beneficial owner, along with the Disclosure Statement and other materials requested to be forwarded, and take the necessary actions to enable such beneficial owner to (i) complete and execute such Beneficial Owner Ballot voting to accept or reject the Plan, and (ii) return the completed and executed Beneficial Owner Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline; and

With respect to all Beneficial Owner Ballots returned to you, you must properly complete the Master Ballot, as follows:

a.   Check the appropriate box in Item 1 on the Master Ballot;

b.   Indicate the votes to accept or reject the Plan in Item 2 of this Master Ballot, as transmitted to you by the beneficial owners of Crossover Bonds. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number). **IMPORTANT: BENEFICIAL OWNERS MAY _NOT_ SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE _ALL_ HIS, HER, OR ITS CROSSOVER BONDS _EITHER_ TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.** Any Beneficial Owner Ballot or Master Ballot which is validly executed but which does not indicate acceptance or rejection of the Plan by the indicated beneficial owner or which impermissibly attempts to split a vote will not be counted;

c.   Please note that Item 4 of this Master Ballot requests that you transcribe the information provided by each beneficial owner from Item 4 of each completed Beneficial Owner Ballot relating to other Crossover Bonds voted;

d.   Review the certification in Item 5 of the Master Ballot;

e.   Sign and date the Master Ballot, and provide the remaining information requested in Item 5;

f.   If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

g.   Multiple Master Ballots may be completed and delivered to the Voting Agent. Votes reflected by multiple Master Ballots will be counted except to the extent that the votes thereon are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest Master Ballots actually received prior to the Voting Deadline will,

<div align="center">7</div>

<div align="center">[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]</div>

to the extent of such inconsistency, supersede and revoke any prior Master Ballot. If more than one Master Ballot is submitted and the later Master Ballot supplements rather than supersedes the earlier Master Ballot(s), please mark the subsequent Master Ballot with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote; and

h.    Deliver the completed and executed Master Ballot so that it is ***actually received*** by the Voting Agent on or before the Voting Deadline.

i.    Retain such Ballots from Beneficial Owners, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date of the Plan. You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

**PLEASE NOTE:**

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Voting Agent will not accept delivery of any such certificates surrendered together with this Master Ballot.

No Beneficial Owner Ballot or Master Ballot shall constitute or be deemed a proof of claim, an assertion of a Claim or an admission by the Debtors of the nature, validity or amount of any Claim or Interest.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF ANY DEBTOR OR EPIQ BANKRUPTCY SOLUTIONS, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN OR DISCLOSURE STATEMENT, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

**IF YOU HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "NORTEL" IN THE SUBJECT LINE.**

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

**EXHIBIT E-5**

**Beneficial Ballot for Holders of NNI/NNCC Class 3B Claims
(Crossover Bond Claims)**

## [PROPOSED FORM OF BALLOT]

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------X
                                                      :
In re                                                 :     Chapter 11
                                                      :
Nortel Networks Inc., et al.,[1]                      :     Case No. 09-10138 (KG)
                                                      :
                        Debtors.                      :     Jointly Administered
                                                      :
                                                      :
------------------------------------------------------X
```

**BENEFICIAL OWNER BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF NORTEL NETWORKS, INC. AND ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**BENEFICIAL OWNER BALLOT FOR VOTING THE NNC 2012 CONVERTIBLE NOTES, NNC 2014 CONVERTIBLE NOTES, NNL 2011 NOTES, NNL 2013 NOTES, and NNL 2016 NOTES GUARANTEED BY NORTEL NETWORKS INC. (CLASS 3B: Crossover Bonds Claims and EDC Claims)**

THE **VOTING DEADLINE** BY WHICH THIS BALLOT MUST BE ***ACTUALLY RECEIVED*** BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS **4:00 P.M., NEW YORK CITY TIME ON [•], 2017** *OR SUCH EARLIER DATE THAT MAY BE ESTABLISHED BY YOUR NOMINEE*. IF YOUR BALLOT IS NOT ***ACTUALLY***

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII"). NNIII will file a separate Chapter 11 Plan in its case. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/Nortel.

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

**_RECEIVED_ ON OR BEFORE THE APPLICABLE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY _NOT_ BE COUNTED.**

**TAKE NOTE THAT THESE MATERIALS relate to the U.S. DEBTORS' CHAPTER 11 CASES ONLY and do not apply to any other restructuring proceeding including the Canadian CCAA Proceeding Proceedings of the Canadian Debtors. If you have claims in both the U.S. and Canadian proceedings, you MUST vote your claims in respect of the U.S. Debtors in these Chapter 11 Cases in order for your vote to count with respect to the U.S. Debtors' Plan and must comply with the applicable procedures in the Canadian Debtors' cases for your claim in respect of the Canadian Debtors. A vote in the Canadian CCAA Proceedings will not be recognized in the Chapter 11 Cases and _vice versa_.**

If you are a beneficial owner of any of the NNC 2012 Convertible Notes, the NNC 2014 Convertible Notes, the NNL 2011 Notes, the NNL 2013 Notes and the NNL 2016 Notes guaranteed by Nortel Networks Inc. (collectively, the "Crossover Bonds"), please use this Ballot to cast your vote to accept or reject Joint Chapter 11 Plan Of Nortel Networks, Inc. And Its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code (as it may be amended, the "Plan"). Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix A to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. And Its Affiliated Debtors Under Chapter 11 Of The Bankruptcy Code, dated December 1, 2016 (the "Disclosure Statement"), which accompanies this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' restructuring website at http://dm.epiq11.com/nortel. Before you transmit such votes, please review the Plan and the Disclosure Statement carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your votes count, you must complete, sign and return this Ballot in accordance with the instructions described below.

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

**HOW TO VOTE**

1.  COMPLETE ITEM 1 (if not already filled out by your nominee) AND ITEM 2 AND COMPLETE ITEM 3 (if applicable).

2.  REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.

3.  **SIGN THE BALLOT** (unless your Ballot has already been signed or "prevalidated" by your nominee).

4.  RETURN YOUR BALLOT IN THE ENVELOPE PROVIDED OR AS OTHERWISE DIRECTED BY YOUR NOMINEE. THIS BALLOT OR THE MASTER BALLOT REFELECTING THE VOTE CAST ON THIS BALLOT MUST ACTUALLY BE RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE.

5.  YOU MUST VOTE *ALL YOUR* NNCC BONDS *EITHER* TO ACCEPT OR TO REJECT THE PLAN AND *MAY NOT SPLIT YOUR VOTE*.

An authorized signatory of an eligible beneficial owner may execute this Ballot, but must provide the name and address of the beneficial owner on this Ballot and may be required to submit evidence to the Bankruptcy Court demonstrating such signatory's authorization to vote on behalf of the beneficial owner. Authorized signatories voting on behalf of more than one beneficial owner must complete a separate Ballot for each owner.

You may receive multiple mailings containing Ballots, especially if you own your Crossover Bonds through more than one bank, broker, or other intermediary. You should vote each Ballot that you receive for all of the Crossover Bonds that you beneficially own. You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Your bond was issued by a Canadian entity and guaranteed by a U.S. entity and as such you may receive multiple Ballots for the same bond. You are both entitled and encouraged to complete and submit a vote on each and every Ballot you receive. As stated above, you MUST vote separately in this Chapter 11 Proceeding in order for your vote to count with respect to the U.S. Debtors' Plan, and a vote on this Ballot will not count in any other restructuring proceeding, including the Canadian CCAA Proceedings.**

Item 1.      **Principal Amount of Crossover Bonds Voted**. The undersigned certifies that as of [•], the Voting Record Date, the undersigned was either the beneficial owner, or the authorized signatory for a beneficial owner, of Crossover Bonds in the following aggregate unpaid principal amount (insert amount in the box below). If your Crossover Bonds are held by a nominee on your behalf and you do not know the amount, please contact your nominee immediately.

3

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

```
$
```

**Item 2.**     **Vote**.  The beneficial owner of the Crossover Bonds identified in Item 1 hereby votes as follows (check one box only-if you do not check a box your vote will not be counted):

      ❑ to **Accept** (votes for) the Plan

      OR

      ❑ to **Reject** (votes against) the Plan.

**Item 3.**     **Optional Third Party Release Election.**   Item 3 is to be completed <u>only</u> if you are <u>not voting to accept or reject the Plan</u> and wish to opt out of the Third Party Releases in Section 13.3 of the Plan (please refer to Article 13 of the Plan for the full Plan releases).

      The Holder of the Class 3B Claims set forth in Item 1 hereby elects to (please check one):

      ❑  **OPT OUT** OF THE THIRD PARTY RELEASES

      IF YOU VOTE TO REJECT THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASES. **Do not complete this Item 3.**

      IF YOU VOTE TO **ACCEPT** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES.

      IF YOU **ABSTAIN FROM VOTING ON** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES, UNLESS YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD PARTY RELEASES.

<u>**Article 13.3 of the Plan provides for the following Third Party Releases:**</u>

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO: (I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED**

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE SPSA OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.

Item 4.    **Identify All Other Crossover Bonds Voted**. By returning this Ballot, the beneficial owner of the Crossover Bonds identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Crossover Bonds owned by such beneficial owner, except for the Crossover Bonds identified in the following table, and (b) all Ballots for Crossover Bonds submitted by the beneficial owner indicate the same vote to accept or reject the Plan that the beneficial owner has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary):

ONLY COMPLETE ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS

| Account Number | Name of Holder* | Principal Amount of Other Crossover Bonds Voted | CUSIP of other Crossover bonds Voted |
|---|---|---|---|
| | | $ | |
| | | $ | |

5

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

*Insert your name if the Crossover Bonds are held by you in record name or, if held in street name, insert the name of your broker or bank.

**Item 5.**        **Certification**. By signing and returning this Ballot, the undersigned certifies that:

(a)        the information in Item 1 is true and correct;

(b)        no other Ballot cast with respect to the amount of the Class 3B Claims identified in Item 1 have been cast with respect to such Class 3B Claims, or that any such previously cast Ballots are hereby revoked;

(c)        a copy of the Disclosure Statement relating to the Plan, including without limitation the release and injunction provisions of Article XIII of the Plan, has been provided to and reviewed by the undersigned; and

(d)        as the Holder or authorized signatory of the amount of Class 3B Claims set forth in Item 1, the undersigned has full power and authority to vote to accept or reject the Plan.

The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan.

Name:_____
         (Print or Type)

Signature:_____

Name of Signatory:_____
         (if other than Holder)
Title:_____
         (if applicable)
Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

By returning this Ballot, the beneficial owner of the Crossover Bonds identified in Item 1 also authorizes and instructs its nominee (i) to furnish the voting information and the amount of Crossover Bonds the nominee holds on its behalf in a master ballot transmitted to the Debtors or their agent (unless this is a prevalidated ballot forwarded directly to the Voting Agent in accordance with the nominee's instructions or unless this Ballot has been provided by the Voting

6

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

Agent directly to the beneficial owner and will be forwarded by the beneficial owner directly to the Voting Agent), and (ii) to retain this Ballot and related information in its records for at least one year after the Voting Deadline.

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a Claim or Interest, or an admission by the Debtors of the nature, validity or amount of any Claim or Interest.

*IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC,* **PLEASE COMPLETE, AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT BY THE VOTING DEADLINE.**

*IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE,* **PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE. PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE. THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE**

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

## VOTING INSTRUCTIONS

### In re Nortel Networks Inc., Case No. 09-10138 (Bankr. D. Del.)

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, YOU MUST COMPLETE AND DATE THE BALLOT AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY 4:00 P.M., NEW YORK CITY TIME ON [•], 2017, OR YOUR VOTE MAY NOT BE COUNTED.**

**IF YOU HAVE BEEN INSTRUCTED TO FORWARD THIS BALLOT TO YOUR NOMINEE, YOU MUST DO SO BY ANY DEADLINE IT HAS ESTABLISHED AND IN SUFFICIENT TIME FOR YOUR NOMINEE TO SUBMIT THIS BALLOT OR A MASTER BALLOT TO THE DEBTORS' VOTING AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE OR YOUR VOTE MAY NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDNG THE VOTING PROCESS PLEASE CONTACT THE VOTING AGENT AT TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.**

**Please Take Notice That**:

1.  Your vote to accept or reject the Plan must be cast by completing this Ballot.  Votes that are cast in any other manner will not be counted.

2.  To ensure that your vote is counted, you must:  (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) **either**: (1) if you received a return envelope addressed to the Voting Agent, Epiq Bankruptcy Solutions LLC, then you must sign and return the Ballot in accordance with the instructions received and in the envelope provided, so that this Ballot is actually received by the Voting Agent by 4:00 p.m. (New York City Time) on [•], 2017 (the "Voting Deadline"), **or** (2) if you are returning your Ballot to the Nominee that provided you with this Ballot, then you must sign and return your completed Ballot to your Nominee by any deadline that your Nominee has established, allowing sufficient time for your Nominee to receive your Ballot, complete a master ballot ("Master Ballot") that includes your vote, and transmit the Master Ballot to the Voting Agent so that it is actually received by the Voting Deadline.

    **The Voting Agent will not accept any ballots by email, facsimile or other electronic means.**  If you are directed by your Nominee to submit the Beneficial Owner Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

3.  If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must use separate Ballots for each Class of Claims.

4.  If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must vote all of your Claims in a Class or in different Classes either to accept or reject the Plan. Ballots cast by the same Holder in different Classes which do not all vote to accept or reject the Plan will not be counted. You may not split your vote and, accordingly, a Ballot that partially rejects and partially accepts or that votes to both accept and reject will not be counted.

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

5. Any executed Ballot or Master Ballot received by the Voting Agent that does not indicate either an acceptance or rejection of the Plan will not be counted.

6. Except to the extent determined by the Debtors in their reasonable discretion or as otherwise permitted by the Court, the Debtors will not accept or count any Ballots or Master Ballots received after the Voting Deadline.

7. The Debtors and/or their agents shall have discretion to determine if a Ballot properly complies with these procedures and instructions.

8. Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is received on or before such deadline.

**IF YOU HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2500 AND ASK FOR A MEMBER OF THE SOLICITATION TEAM OR VIA EMAIL TO TABULATION@EPIQSYSTEMS.COM WITH A REFERENCE TO "NORTEL" IN THE SUBJECT LINE. YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN.**

[CUSIPS AS INDICATED ON ATTACHED EXHIBIT A]

**EXHIBIT E-6**

**BALLOT FOR HOLDERS OF NNI/NNCC CLASS 3B (EDC CLAIMS)**

**[PROPOSED FORM OF BALLOT]**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re* | ) | Chapter 11 |
| | ) | |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT
CHAPTER 11 PLAN OF NORTEL NETWORKS, INC. AND CERTAIN OF ITS
AFFILIATED DEBTORS**

**(CLASS 3B: EDC CLAIMS)**

THE **VOTING DEADLINE** BY WHICH YOUR BALLOT MUST BE ***ACTUALLY RECEIVED*** BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS **4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017.** IF YOUR BALLOT IS NOT ***ACTUALLY RECEIVED*** ON OR BEFORE THE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY ***NOT*** BE COUNTED.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667).  For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII").  NNIII will file a separate Chapter 11 Plan in its case.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

> **TAKE NOTE THAT THESE MATERIALS relate to the U.S. DEBTORS' CHAPTER 11 CASES ONLY and do not apply to any other restructuring proceeding including the Canadian CCAA Proceeding Proceedings of the Canadian Debtors. If you have claims in both the U.S. and Canadian proceedings, you MUST vote your claims in respect of the U.S. Debtors in these Chapter 11 Cases in order for your vote to count with respect to the U.S. Debtors' Plan and must comply with the applicable procedures in the Canadian Debtors' cases for your claim in respect of the Canadian Debtors. A vote in the Canadian CCAA Proceedings will not be recognized in the Chapter 11 Cases and *vice versa*.**

Please use this Ballot to cast your vote to accept or reject the First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors (as it may be amended, the "Plan"). Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix A to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors, dated December 1, 2016 (the "Disclosure Statement"), which accompanies this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' restructuring website at http://dm.epiq11.com/nortel. Before you transmit such votes, please review the Plan and the Disclosure Statement carefully.

**IF YOU ARE A BENEFICIAL OWNER OF CROSSOVER BONDS CLAIMS, DO NOT FILL OUT THIS BALLOT; INSTEAD, USE THE SEPARATE BENEFICIAL OWNER BALLOT PROVIDED. THIS BALLOT IS TO BE USED ONLY BY A HOLDER OF AN EDC CLAIM.**

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your votes counted, you must complete, sign and return this Ballot in accordance with the instructions described below.

---

### HOW TO VOTE

1.   COMPLETE ITEM 1 AND ITEM 2, AND ITEM 3 IF APPLICABLE.
2.   REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.
3.   **SIGN THE BALLOT.**
4.   RETURN THE BALLOT TO THE VOTING AGENT.
5.   YOU MUST VOTE ***YOUR ENTIRE CLAIM*** TO ACCEPT OR TO REJECT THE PLAN AND ***MAY NOT SPLIT YOUR VOTE***.

---

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Item 1.**    **Amount of Claim(s) Voted.** For the purposes of voting to accept or reject the Plan, the undersigned holds General Unsecured Claim(s) as set forth below as of [__], the Voting Record Date[2]:

**Claim(s) Against Debtor:** _____

$$\boxed{\$ \phantom{xxxxxxxxxxxxxxxxxxxxxxx}}$$

**Item 2.**    **Vote.** The undersigned Holder of the EDC Claims in the amount set forth in Item 1 above hereby votes as follows (check one box only-if you do not check a box your vote may not be counted):

❑ to **Accept** (votes for) the Plan.

OR

❑ to **Reject** (votes against) the Plan.

**Item 3.**    **Optional Third Party Release Election.**   Item 3 is to be completed <u>only</u> if you are <u>not voting to accept or reject the Plan</u> and wish to opt out of the Third Party Releases in Section 13.3 of the Plan (please refer to Article 13 of the Plan for the full Plan releases).

---

[2] For voting only, subject to tabulation rules.

The Holder of the Class 3B Claims set forth in Item 1 hereby elects to (please check one):

❏ **OPT OUT** OF THE THIRD PARTY RELEASES

IF YOU VOTE TO  REJECT THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASES. **Do not complete this Item 3.**

IF YOU VOTE TO **ACCEPT** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES.

IF YOU **ABSTAIN FROM VOTING ON** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES, UNLESS YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD PARTY RELEASES.

### Article 13.3 of the Plan provides for the following Third Party Releases:

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO: (I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE**

**SPSA OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.**

**Item 4.**     **Certification**. By signing and returning this Ballot, the undersigned certifies that:

(a)     the information in Item 1 is true and correct;

(b)     no other Ballot cast with respect to the amount of the Class 3B Claims identified in Item 1 have been cast with respect to such Class 3B Claims, or that any such previously cast Ballots are hereby revoked;

(c)     a copy of the Disclosure Statement relating to the Plan, including without limitation the release and injunction provisions of Article XIII of the Plan, has been provided to and reviewed by the undersigned; and

(d)     as the Holder or authorized signatory of the amount of Class 3B Claims set forth in Item 1, the undersigned has full power and authority to vote to accept or reject the Plan.

The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan.

Name:_____
             (Print or Type)

Signature:_____

Name of Signatory:_____
                         (if other than Holder)
Title:_____
                         (if applicable)
Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

5

Date Completed:_____

This Ballot shall not constitute or be deemed a proof of claim or interest, an assertion of a Claim or Interest, or an admission by the Debtors of the nature, validity or amount of any Claim or Interest.

<div align="center">

**VOTING INSTRUCTIONS**

**In re Nortel Networks, Inc., Case No. 09-10138 (Bankr. D. Del.)**

</div>

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME FOR YOUR VOTE TO BE *ACTUALLY RECEIVED* BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, BY 4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017, OR YOUR VOTE MAY NOT BE COUNTED.**

**IT MAY BE FORWARDED TO THE VOTING AGENT IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

| If by U.S. First Class Mail to: | If by Overnight Courier or Personal Delivery: |
| --- | --- |
| Nortel Networks Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Nortel Networks Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 |

**Please Take Notice That**:

1. The rules which govern the solicitation and tabulation of votes to accept or reject the Plan can be found in the Disclosure Statement Order [D.I. ●]. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Agent by the Voting Deadline. **Ballots will not be accepted by email, facsimile or other electronic means.**

3. If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must use separate Ballots for each Class of Claims.

4. If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must vote all of your Claims in a Class or in different Classes either to accept or reject the Plan. Ballots cast by the same Holder in different Classes which do not all vote to accept or reject the Plan will not be counted. You may not split your vote and, accordingly, a Ballot that partially rejects and partially accepts or that votes to both accept and reject will not be counted.

5. Any executed Ballot received by the Voting Agent that does not indicate either an acceptance or rejection of the Plan will not be counted.

6. Any unsigned Ballot or Ballot not bearing an original signature will not be counted.

<div align="center">

7

</div>

7. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

8. Except to the extent determined by the Debtors in their reasonable discretion or as otherwise permitted by the Court, the Debtors will not accept or count any Ballots received after the Voting Deadline.

9. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

10. Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is received on or before such deadline.

11. If multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Voting Agent.

12. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code and based on a reasonable review by the Solicitation Agent, separate Claims held by a single creditor in a particular class shall be aggregated as if such creditor held one Claim against the Debtors in such class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

IF YOU ARE A HOLDER OF A CLAIM ENTITLED TO VOTE ON THE PLAN AND HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT **BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.**

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN.**

**EXHIBIT F**

**BALLOT FOR HOLDERS OF NNCALA OR ALTSYSTEMS CLASS 3A (GENERAL UNSECURED CLAIMS) AND 3C (CONVENIENCE CLASS CLAIMS)**

**[PROPOSED FORM OF BALLOT]**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------

| | |
|---|---|
| *In re* )  | Chapter 11 |
| ) | |
| Nortel Networks Inc., *et al.*,[1] ) | Case No. 09-10138 (KG) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | |

-----------------------------------------------------------

**BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF NORTEL NETWORKS, INC. AND CERTAIN OF ITS AFFILIATED DEBTORS**

**(CLASS 3A: GENERAL UNSECURED CLAIMS)**
**(CLASS 3C: CONVENIENCE CLAIMS)**

THE **VOTING DEADLINE** BY WHICH YOUR BALLOT MUST BE ***ACTUALLY RECEIVED*** BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS **4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017**. IF YOUR BALLOT IS NOT

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667).  For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII"). NNIII will file a separate Chapter 11 Plan in its case.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

.

*ACTUALLY RECEIVED* ON OR BEFORE THE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY *NOT* BE COUNTED.

**TAKE NOTE THAT THESE MATERIALS relate to the U.S. DEBTORS' CHAPTER 11 CASES ONLY and do not apply to any other restructuring proceeding including the Canadian CCAA Proceeding Proceedings of the Canadian Debtors. If you have claims in both the U.S. and Canadian proceedings, you MUST vote your claims in respect of the U.S. Debtors in these Chapter 11 Cases in order for your vote to count with respect to the U.S. Debtors' Plan and must comply with the applicable procedures in the Canadian Debtors' cases for your claim in respect of the Canadian Debtors. A vote in the Canadian CCAA Proceedings will not be recognized in the Chapter 11 Cases and *vice versa*.**

Please use this Ballot to cast your vote to accept or reject the First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors (as it may be amended, the "Plan"). Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix A to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors, dated December 1, 2016 (the "Disclosure Statement"), which accompanies this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' restructuring website at http://dm.epiq11.com/nortel. Before you transmit such votes, please review the Plan and the Disclosure Statement carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your votes counted, you must complete, sign and return this Ballot in accordance with the instructions described below.

<div style="border:1px solid">

**HOW TO VOTE**

1.   COMPLETE ITEM 1 AND ITEM 2.
2.   CHECK THE BOX IN ITEM 3 IF YOU ARE NOT VOTING TO ACCEPT OR REJECT THE PLAN AND ELECT TO OPT OUT OF THE RELEASES CONTAIN IN ARTICLE XIII OF THE PLAN.
3.   COMPLETE ITEM 4.  NOTE THAT THIS ITEM IS OPTIONAL.
4.   REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 5.    **SIGN THE BALLOT.**
5.   RETURN THE BALLOT TO THE VOTING AGENT.
6.   YOU MUST VOTE ***YOUR ENTIRE CLAIM*** TO ACCEPT OR TO REJECT THE PLAN AND ***MAY NOT SPLIT YOUR VOTE***.

</div>

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Item 1.**     **Amount of Claim(s) Voted**. For the purposes of voting to accept or reject the Plan, the undersigned holds General Unsecured Claim(s) as set forth below as of [__], the Voting Record Date[2]:

**Claim(s) Against Debtor**: _____

```
$
```

**Item 2.**     **Vote.**  The undersigned Holder of a General Unsecured Claim in the amount set forth in Item 1 above hereby votes as follows (check one box only-if you do not check a box your vote may not be counted):

&#9633; to **Accept** (votes for) the Plan.

OR

&#9633; to **Reject** (votes against) the Plan.

---

[2] For voting only, subject to tabulation rules.

3

**Item 3.**          **Optional Third Party Release Election.**    Item 3 is to be completed <u>only</u> if you are <u>not voting to accept or reject the Plan</u> and wish to opt out of the Third Party Releases in Section 13.3 of the Plan (please refer to Article 13 of the Plan for the full Plan releases).

The Holder of the Class 3A Claims set forth in Item 1 hereby elects to (please check one):

> ❑  **OPT OUT** OF THE THIRD PARTY RELEASES

IF YOU VOTE TO REJECT THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASES. **Do not complete this Item 3.**

IF YOU VOTE TO **ACCEPT** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES.

IF YOU **ABSTAIN FROM VOTING ON** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES, UNLESS YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD PARTY RELEASES.

<u>**Article 13.3 of the Plan provides for the following Third Party Releases:**</u>

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO: (I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR**

**CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE SPSA OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.**

**Item 4.      Voluntary Election For Convenience Claim Treatment.** As explained in the Plan and the Disclosure Statement, a Convenience Claim is any General Unsecured Claim (i) in an Allowed amount equal to or less than $25,000 whose holder elects on this Ballot for such Claim(s) to be Allowed as a Convenience Claim and receive treatment as a Convenience Claim in accordance with the Plan, or, (ii) in an Allowed amount greater than $25,000, whose holder elects on this Ballot for such Allowed Claim to be reduced and Allowed at $25,000 in order to receive treatment as a Convenience Claim in the amount of $25,000 in accordance with the Plan. If you make the Convenience Class Election below, **then you will be deemed to have waived your Class 3A Claim(s) listed above in Item 1, and instead your Claim(s) listed in Item 1 shall be converted to Class 3C Convenience Claim(s) in the aggregate amount of $25,000 or less, and your vote on this Ballot will count as a Class 3C vote.**

**The undersigned holder of Class 3A General Unsecured Claims as set forth in Item 1:**

> ❑  **ACCEPTS the Convenience Class Election** and the conversion of its its Class 3A General Unsecured Claim(s) listed above in Item 1 into a Class 3C Convenience Claim in the aggregate amount of $25,000 or less.

**Item 5.      Acknowledgements and Certification.** By signing and returning this Ballot, the undersigned certifies that:

(a)      the information in Item 1 is true and correct;

(b)      no other Ballot cast with respect to the amount of the Class 3A Claims identified in Item 1 have been cast with respect to such Class 3A Claims, or that any such previously cast Ballots are hereby revoked;

(c)    a copy of the Disclosure Statement relating to the Plan, including without limitation the release and injunction provisions of Article XIII of the Plan, has been provided to and reviewed by the undersigned; and

(d)    as the Holder or authorized signatory of the amount of Class 3A Claims set forth in Item 1, the undersigned has full power and authority to vote to accept or reject the Plan.

The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan.

Name:_____
                        (Print or Type)

Signature:_____

Name of Signatory:_____
                        (if other than Holder)
Title:_____
                        (if applicable)
Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____


This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a Claim or Equity Interest, or an admission by the Debtors of the nature, validity or amount of any Claim or Equity Interest.

## VOTING INSTRUCTIONS

### In re Nortel Networks, Inc., Case No. 09-10138 (Bankr. D. Del.)

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME FOR YOUR VOTE TO BE *ACTUALLY RECEIVED* BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, BY 4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017, OR YOUR VOTE MAY NOT BE COUNTED.**

**IT MAY BE FORWARDED TO THE VOTING AGENT IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

| If by U.S. First Class Mail to: | If by Overnight Courier or Personal Delivery: |
|---|---|
| Nortel Networks Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Nortel Networks Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 |

**Please Take Notice That**:

1.  The rules which govern the solicitation and tabulation of votes to accept or reject the Plan can be found in the Disclosure Statement Order [D.I. ●]. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually <u>received</u> by the Voting Agent by the Voting Deadline. **Ballots will not be accepted by email, facsimile or other electronic means.**

3.  If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must use separate Ballots for each Class of Claims.

4.  If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must vote all of your Claims in a Class or in different Classes either to accept or reject the Plan. Ballots cast by the same Holder in different Classes which do not all vote to accept or reject the Plan will not be counted. You may not split your vote and, accordingly, a Ballot that partially rejects and partially accepts or that votes to both accept and reject will not be counted.

5.  Any executed Ballot received by the Voting Agent that does not indicate either an acceptance or rejection of the Plan will not be counted.

6.  Any unsigned Ballot or Ballot not bearing an original signature will not be counted.

7. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

8. Except to the extent determined by the Debtors in their reasonable discretion or as otherwise permitted by the Court, the Debtors will not accept or count any Ballots received after the Voting Deadline.

9. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

10. Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is received on or before such deadline.

11. If multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Voting Agent.

12. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code and based on a reasonable review by the Solicitation Agent, separate Claims held by a single creditor in a particular class shall be aggregated as if such creditor held one Claim against the Debtors in such class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

IF YOU ARE A HOLDER OF A CLAIM ENTITLED TO VOTE ON THE PLAN AND HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT **BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.**

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN.**

**EXHIBIT G**

**BALLOT FOR HOLDERS OF OTHER DEBTORS' CLASS 3A CLAIMS (General Unsecured Claims)**

**[PROPOSED FORM OF BALLOT]**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | ) | Chapter 11 |
| | ) | |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF NORTEL NETWORKS, INC. AND CERTAIN OF ITS AFFILIATED DEBTORS**

**(CLASS 3A: General Unsecured Claims)**

THE **VOTING DEADLINE** BY WHICH YOUR BALLOT MUST BE *ACTUALLY RECEIVED* BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, IS

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667).  For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International ("NNIII"). NNIII will file a separate Chapter 11 Plan in its case.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

**4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017.** IF YOUR BALLOT IS NOT ***ACTUALLY RECEIVED*** ON OR BEFORE THE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY ***NOT*** BE COUNTED.

**TAKE NOTE THAT THESE MATERIALS relate to the U.S. DEBTORS' CHAPTER 11 CASES ONLY and do not apply to any other restructuring proceeding including the Canadian CCAA Proceeding Proceedings of the Canadian Debtors. If you have claims in both the U.S. and Canadian proceedings, you MUST vote your claims in respect of the U.S. Debtors in these Chapter 11 Cases in order for your vote to count with respect to the U.S. Debtors' Plan and must comply with the applicable procedures in the Canadian Debtors' cases for your claim in respect of the Canadian Debtors. A vote in the Canadian CCAA Proceedings will not be recognized in the Chapter 11 Cases and *vice versa.***

Please use this Ballot to cast your vote to accept or reject the First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors (as it may be amended, the "Plan"). Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan. The Plan is Appendix A to the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of Its Affiliated Debtors, dated December 1, 2016 (the "Disclosure Statement"), which accompanies this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from the Debtors' restructuring website at http://dm.epiq11.com/nortel. Before you transmit such votes, please review the Plan and the Disclosure Statement carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your votes counted, you must complete, sign and return this Ballot in accordance with the instructions described below.

**HOW TO VOTE**

1. COMPLETE ITEM 1 AND ITEM 2.
2. CHECK THE BOX IN ITEM 3 IF YOU ARE NOT VOTING TO ACCEPT OR REJECT THE PLAN AND ELECT TO OPT OUT OF THE RELEASES CONTAIN IN ARTICLE XIII OF THE PLAN.
3. COMPLETE ITEM 4. NOTE THAT THIS ITEM IS OPTIONAL.
4. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 53. **SIGN THE BALLOT.**
5. RETURN THE BALLOT TO THE VOTING AGENT.
6. YOU MUST VOTE ***YOUR ENTIRE CLAIM*** TO ACCEPT OR TO REJECT THE PLAN AND ***MAY NOT SPLIT YOUR VOTE***.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Item 1.** **Amount of Claim(s) Voted**. For the purposes of voting to accept or reject the Plan, the undersigned holds General Unsecured Claim(s) as set forth below as of [__], the Voting Record Date [2]:

**Claim(s) Against Debtor:** _____

> $ _____

**Item 2.** **Vote**. The undersigned Holder of the General Unsecured Claims in the amount set forth in Item 1 above hereby votes as follows (check one box only-if you do not check a box your vote may not be counted):

❑ to **Accept** (votes for) the Plan

OR

❑ to **Reject** (votes against) the Plan

---

[2] For voting only, subject to tabulation rules.

3

**Item 3.**        **Optional Third Party Release Election.**  Item 3 is to be completed <u>only</u> if you are <u>not voting to accept or reject the Plan</u> and wish to opt out of the Third Party Releases in Section 13.3 of the Plan (please refer to Article 13 of the Plan for the full Plan releases).

The Holder of the Class 3B Claims set forth in Item 1 hereby elects to (please check one):

---

❏  **OPT OUT** OF THE THIRD PARTY RELEASES

---

IF YOU VOTE TO REJECT THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASES. **Do not complete this Item 3.**

IF YOU VOTE TO **ACCEPT** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES.

IF YOU **ABSTAIN FROM VOTING ON** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES, UNLESS YOU CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD PARTY RELEASES.

### <u>Article 13.3 of the Plan provides for the following Third Party Releases:</u>

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO: (I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN**

**OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE SPSA OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.**

**Item 4.**     **Acknowledgement and Certification**. By signing and returning this Ballot, the undersigned certifies that:

    (a)     the information in Item 1 is true and correct;

    (b)     no other Ballot cast with respect to the amount of the Class 3A Claims identified in Item 1 have been cast with respect to such Class 3A Claims, or that any such previously cast Ballots are hereby revoked;

    (c)     a copy of the Disclosure Statement relating to the Plan, including without limitation the release and injunction provisions of Article XIII of the Plan, has been provided to and reviewed by the undersigned; and

    (d)     as the Holder or authorized signatory of the amount of Class 3A Claims set forth in Item 1, the undersigned has full power and authority to vote to accept or reject the Plan.

The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan.

Name:_____
                (Print or Type)

Signature:_____

Name of Signatory:_____

(if other than Holder)

Title:_____

(if applicable)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____


This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a Claim or Interest, or an admission by the Debtors of the nature, validity or amount of any Claim or Interest.

## VOTING INSTRUCTIONS

**In re Nortel Networks, Inc., Case No. 09-10138 (Bankr. D. Del.)**

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME FOR YOUR VOTE TO BE _ACTUALLY RECEIVED_ BY THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, BY 4:00 P.M., PREVAILING EASTERN TIME ON [●], 2017, OR YOUR VOTE MAY NOT BE COUNTED.**

**IT MAY BE FORWARDED TO THE VOTING AGENT IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

| **If by U.S. First Class Mail to:** | **If by Overnight Courier or Personal Delivery:** |
|---|---|
| Nortel Networks Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Nortel Networks Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 |

**Please Take Notice That:**

1.  The rules which govern the solicitation and tabulation of votes to accept or reject the Plan can be found in the Disclosure Statement Order [D.I. ●]. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Agent by the Voting Deadline. **Ballots will not be accepted by email, facsimile or other electronic means.**

3.  If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must use separate Ballots for each Class of Claims.

4.  If you hold Claims in more than one Class of Claims entitled to vote on the Plan, you must vote all of your Claims in a Class or in different Classes either to accept or reject the Plan. Ballots cast by the same Holder in different Classes which do not all vote to accept or reject the Plan will not be counted. You may not split your vote and, accordingly, a Ballot that partially rejects and partially accepts or that votes to both accept and reject will not be counted.

5.  Any executed Ballot received by the Voting Agent that does not indicate either an acceptance or rejection of the Plan will not be counted.

6.  Any unsigned Ballot or Ballot not bearing an original signature will not be counted.

7

7.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

8.  Except to the extent determined by the Debtors in their reasonable discretion or as otherwise permitted by the Court, the Debtors will not accept or count any Ballots received after the Voting Deadline.

9.  The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

10. Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is received on or before such deadline.

11. If multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Voting Agent.

12. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code and based on a reasonable review by the Solicitation Agent, separate Claims held by a single creditor in a particular class shall be aggregated as if such creditor held one Claim against the Debtors in such class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

IF YOU ARE A HOLDER OF A CLAIM ENTITLED TO VOTE ON THE PLAN AND HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT **BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM OR BY EMAIL TO TABULATION@EPIQSYSTEMS.COM AND REFERENCE "NORTEL" IN THE SUBJECT LINE.**

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN.**