**EXHIBIT A**

# Karlan, Matthew M.

| | |
|---|---|
| **From:** | Bromley, James L. |
| **Sent:** | Monday, November 28, 2016 6:05 PM |
| **To:** | Wilson Garth |
| **Cc:** | Murrell Vicente; ewilson@kelleydrye.com; Connelly Paula; Reid, Sarah; Schweitzer, Lisa M.; Karlan, Matthew M.; Tunis, Brent M.; Lifshitz, Esther |
| **Subject:** | RE: Nortel |

Dear Garth –

I write in response to your email of Saturday night (below), which raises issues related both to the pending PBGC claims objection discovery schedule, and other plan and voting issues.

On the Plan and voting issues, under the proposed Balloting Procedures, in light of the Debtors' objection to the PBGC's claims, the PBGC will be required to make a motion to have its claims allowed for voting purposes to the extent you would like to vote your claims in the amount of $593 million (or at the filed claim amounts, for the avoidance of doubt). As you know, the Debtors do not agree the PBGC is entitled to unfunded benefit liability claims in the amount of $593 million, and permitting the PBGC to vote at that amount as against each of the Debtors would give the PBGC voting power disproportionate to its economic interests in the Debtors' cases. We are prepared to discuss a reasonable proposal for the PBGC to vote on the Plan, but we do not agree that it would be reasonable to give the PBGC in excess of $8 billion in cumulative voting power.

On the discovery issues you raise, respectfully, the issue is now moot. Judge Gross clearly understood the implications of the schedule he established. I have cancelled my holiday vacation and I suggest your team do the same. We will be sending your revised document requests tomorrow and will be prepared to have a meet and confer on Wednesday morning.

Best regards,

Jim

———

**James L. Bromley**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: bamiller@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2264 | F: +1 212 225 3999 | M: +1 973 901 6898
jbromley@cgsh.com  | clearygottlieb.com

**From:** Wilson Garth [mailto:Wilson.Garth@pbgc.gov]
**Sent:** Saturday, November 26, 2016 7:09 PM
**To:** Bromley, James L.
**Cc:** Murrell Vicente; ewilson@kelleydrye.com; Connelly Paula; Reid, Sarah; Schweitzer, Lisa M.; Karlan, Matthew M.; Tunis, Brent M.; Lifshitz, Esther
**Subject:** RE: Nortel

Dear Jim,

We write about the upcoming discovery and hearing on the Debtors' claim objection. We think it will be impossible to complete discovery, expert reports, and depositions in time for a hearing on January 9 while also

1

focusing on plan confirmation issues.  Such a compacted schedule is also unnecessary, because the SPSA, disclosure statement, and proposed plan all expressly contemplate allowance of the PBGC claim to a "maximum of $708,000,000."  Thus the most favorable outcome to PBGC will not preclude the Debtors from confirming their plan.  But to forestall any further dispute, we'd like to eliminate the "voting" issue raised by the Ad Hoc Bondholders and ask Judge Gross to extend the date for the hearing.  Toward that end, we propose stipulating to a lesser amount of PBGC's claims *for voting purposes only*.  The amount we propose is $593 million, as asserted in proof of claim No. 4735 filed on July 29, 2009.  Please let us know if the Debtors agree to this proposal so we can include your position in our request to the Court.

Even if the Court does not extend the date for the hearing, the timing included in your email on November 23 is untenable.  PBGC cannot agree to permit the Debtors to use seven days of a compacted discovery period (until November 29)—with PBGC simply waiting while the Debtors revise their requests—after which PBGC would be required to begin production seven days later on December 6 (which you characterize as "14 days" "since [the] Nov. 22 conference").  This proposal cannot possibly be feasible unless the requests are very much narrowed indeed.  Moreover, PBGC agreed at the hearing to produce the documents comprising the "administrative record" produced in the US Airways case, not all documents produced in that case, which would be much more burdensome, if not impossible.

Finally, on the subject of the Debtors' proceedings more generally, PBGC will shortly propose to you a schedule concerning the issue of substantive consolidation.

We look forward to your prompt response.

Best regards,
Garth

---

**From:** Bromley, James L. [mailto:jbromley@cgsh.com]
**Sent:** Wednesday, November 23, 2016 2:35 PM
**To:** Connelly Paula <Connelly.Paula@pbgc.gov>
**Cc:** Murrell Vicente <Murrell.Vicente@pbgc.gov>; Wilson Garth <Wilson.Garth@pbgc.gov>; ewilson@kelleydrye.com; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; Karlan, Matthew M. <mkarlan@cgsh.com>; Tunis, Brent M. <btunis@cgsh.com>; Lifshitz, Esther <elifshitz@cgsh.com>
**Subject:** Nortel

Dear Paula,

As you know, Judge Gross ruled yesterday that discovery on the Debtors' Objection will proceed and an evidentiary hearing will be held on Jan. 9-11.  This ruling necessarily means that discovery must be completed sufficiently in advance of the start of the hearing on Jan. 9 to allow both sides adequately to review and analyze the produced material, submit expert reports, conduct depositions, and otherwise prepare for a productive 3-day evidentiary hearing.

We are also mindful of Judge Gross's statement that the scope of discovery must reflect the time available.  To this end, and as indicated in the proposed schedule below, we are prepared to offer PBGC the following concessions, including (i) serving further amended document requests in short order that will narrow the scope of the documents sought in order to permit the PBGC to meet its production obligations, and (ii) permitting the PBGC an extra week to respond to the Debtors' interrogatories (in addition to the one-week extension already granted).  As a practical necessity, however, it will be necessary under Judge Gross's ruling for PBGC to begin producing documents earlier than previously anticipated.

Please note that to the extent the PBGC intends to assert a privilege with respect to the deliberative process, that such privilege, to the extent it could apply (and we do not admit that it would apply), does not cover matters that occurred over 25 years ago.  Please also note that we are prepared to issue another FOIA request and may likely do so with respect to the amended document requests.

We therefore propose the following schedule:

| Date(s) | Days Since Nov. 22 Conference | Event |
|---|---|---|
| Tues., Nov. 29, 2016 | 8 days | 1. PBGC produces all documents it produced in the US Airways litigation, as proposed by PBGC during the Nov. 22 conference.<br><br>2. Debtors serve amended, narrowed requests for production. |
| Tues., Dec. 6, 2016 | 14 days | 3. PBGC serves responses and objections to the Debtors' narrowed document requests, which will state the documents that the PBGC agrees to produce notwithstanding its objections, and which documents are being withheld.  See FRCP 34.<br><br>4. On the same day, the PBGC makes its first rolling production of documents in response to the Debtors' narrowed requests. |
| Wed., Dec. 7, 2016 | 15 days | 5. The Parties meet and confer on the PBGC's objections to the Debtors' narrowed document requests, if any. |
| Thur. or Fri., Dec. 8-9, 2016 | 16-17 days | 6. Hearing on discovery disputes before Judge Gross (exact date subject to court availability). |
| Fri., Dec. 16, 2016 | 24 days | 7. PBGC serves responses to the Debtors' interrogatories.<br><br>8. PBGC's document production must be substantially complete.  PBGC will advise the Debtors of any outstanding items not yet produced. |
| Wed., Dec. 28, 2016 | 36 days | 9. Expert reports due.  Identification of witnesses to be presented at trial. |
| Mon. – Fri., Jan. 2-6 | 40 days | 10. Depositions. |
| Mon. – Wed., Jan. 9-11 | 47 days | 11. Trial. |

We look forward to your prompt response.

Best wishes for Thanksgiving.

Jim

___

**James L. Bromley**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: bamiller@cgsh.com
One Liberty Plaza, New York NY 10006

T: +1 212 225 2264 | F: +1 212 225 3999 | M: +1 973 901 6898
jbromley@cgsh.com  | clearygottlieb.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the
intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and
its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

*This e-mail, including any attachments, may constitute a Federal record or other Government property that is intended only for the addressed individuals. This message may also contain information that is sensitive, confidential, or otherwise protected from disclosure under applicable law. If you are not a named addressee you must not disseminate, distribute or copy this e-mail. If you have received this e-mail in error, please notify the sender immediately and delete this e-mail from your system.*