```
                    IN THE UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF DELAWARE


IN RE:                          )      Case No.  09-10138(KG)
                                )      (Jointly Administered)
                                )
NORTEL NETWORKS, INC.,          )      Chapter 11
          ET AL,                )
                                )      Courtroom 3
                                )      824 Market Street
          Debtors.             )      Wilmington, Delaware
                                )
                                )      December 2, 2016
                                )      3 p.m.


                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JUDGE KEVIN GROSS
                 UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For Debtors:              Morris Nichols Arsht & Tunnell, LLP
                          BY:  DEREK ABBOTT, ESQ.
                          BY:  ANDREW R. REMMING, ESQ.
                          1201 North Market St., 18th Floor
                          Wilmington, DE  19899-1347
                          302-351-9200

                          Cleary Gottlieb Steen & Hamilton
                          BY:  JAMES BROMLEY, ESQ.
                          One Liberty Plaza
                          New York, NY  10006
                          212-225-2000

ECRO:                     GINGER MACE

Transcription Service:    DIAZ TRANSCRIPTION SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diaztrans.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For Creditor:                Pension Benefit Guaranty Corp.
                             BY:  GARTH WILSON, ESQ.
                             BY:  PAULA CONNELLY, ESQ.
                             1200 K Street
                             Washington, DC 20005-4026
                             (202)326-4020

For Nortel Trade Claim
Consortium:                  Brown Rudnick LLP
                             BY:  CHRISTOPHER M. FLOYD, ESQ.
                             BY:  STEVEN D. POHL, ESQ.
                             One Financial Center
                             Boston, MA 02111
                             617-856-8200

For Joint
Administrators:              Hughes Hubbard and Reed
                             BY:  CHARLES HUBERTY, ESQ.
                             1775 I St. NW, #600
                             Washington, DC  20006
                             202-721-4600

For Law Debenture,
Trustee:                     Patterson Belknap Webb & Tyler
                             BY:  DANIEL A. LOWENTHAL, ESQ.
                             1133 Avenue of the Americas
                             New York, NY  10036
                             (212) 336-2720

For Ad Hoc Group of
Bondholders:                 Milbank Tweed Hadley & McCloy
                             BY:  NICK BASSETT, ESQ.
                             BY:  ANDREW LEBLANC, ESQ.
                             BY:  ERIC WEISS, ESQ.
                             28 Liberty Place
                             New York, NY 10005-1413
                             212-530-5000

                             Milbank Tweed Hadley & McCloy
                             BY:  THOMAS KRELLER, ESQ.
                             2029 Century Park East
                             33rd Floor
                             Los Angeles, CA 90067-3019
                             424-380-4463

APPEARANCES:
(Continued)

```
For Official Committee
Of Unsecured Creditors:    Akin Gump Strauss Hauer & Feld, LLP
                           BY: DAVID BOTTER, ESQ.
                           BY: FRED S. HODARA, ESQ.
                           BY:  ANTHONY LORING, ESQ.
                           One Bryant Park
                           Bank of America Tower
                           New York, NY  10036-6745
                           212-872-1000


                           Whiteford Taylor Preston
                           BY: CHRISTOPHER M. SAMIS, ESQ.
                           The Renaissance Centre, Ste. 500
                           405 N. King Street
                           Wilmington, DE  19801-3700
                           302-357-3266
For U.K. Pension
Claimants:
                           Bayard P.A.
                           BY: JUSTIN ALBERTO, ESQ.
                           222 Delaware Ave., Ste. 900
                           Wilmington, DE  19801
                           302-655-5000


                           Willkie Farr & Gallagher LLP
                           BY: ANDREW HANRAHAN, ESQ.
                           787 Seventh Avenue
                           New York, NY  10019-6099
                           212-728-8111


For Ad Hoc Group of
Bondholders:               Pachulski Stang Ziehl & Jones
                           BY: PETER KEANE, ESQ.
                           Citizens Bank
                           919 N. Mkt St., #1700
                           Wilmington, DE  19801
                           302-652-4100


For the Monitor:           Allen & Overy
                           BY:  JOSEPH BADTKE-BERKOW, ESQ.
                           1221 Avenue of the Americas
                           New York, NY  10020
                           212-610-6300
```

```
APPEARANCES:
(Continued)

For Monitor:              Buchanan, Ingersoll & Rooney
                          BY:  KATHLEEN MURPHY, ESQ.
                          919 North Market Street, Suite 1500
                          Wilmington, DE 19801-3046
                          302-552-4214

For Creditor, PBGC        Kelley Drye & Warren LLP
                          BY:  BENJAMIN D. FEDER, ESQ.
                          BY:  MARISSA LORENZO, ESQ.
                          SARAH REID, ESQ.
                          ERIC WILSON, ESQ.
                          101 Park Avenue
                          New York, NY 10178
                          212-808-7925

For Creditor, Nortel
Trade Claim Consortium:   Fox Rothschild LLP
                          BY:  JEFFREY M. SCHLERF
                          919 North Market Street, Suite 300
                          Wilmington, DE 19899-2323
                          302-622-4212

TELEPHONE APPEARANCES:

For Debtors:              Cleary Gottlieb Steen & Hamilton
                          BY:  MATTHEW M. KARLAN, ESQ.
                          BY:  SRI K. KUEHNLENZ, ESQ.
                          BY:  ESTHER LIFSHITZ, ESQ.
                          BY:  BRENT TUNIS, ESQUIRE
                          (212) 225-2000

For Wilmington Trust:     Katten Muchin
                          BY: KAREN B. DINE, ESQ.
                          BY:  JERRY L. HALL, ESQ.
                          1025 Thomas Jefferson St NW
                          Washington, DC 20007
                          212-940-8772

For Interested Party:     Reorg Research
                          BY:  JASON B. SANJANA, ESQ.
                          212-588-8890

For Interested Party:     Solus Alternative Asset Management
                          LP
                          BY:  STEPHEN J. BLAUNER, ESQ.
                          212-284-4334
```

```
TELEPHONE APPEARANCES:
(Continued)

For Interested Party:      Dow Jones & Co.
                           BY:  PEG A. BRICKLEY, ESQ.
                           215-462-0953


For Interested Party:      Bank of America
                           BY:  ESTHER CHUNG, ESQ.
                           646-855-6705


For Interested Party:      Merger Market
                           BY:  MARIA CHUTCHIAN, ESQ.
                           646-378-3108


 For Canadian Creditors
 Committee:                DLA Piper
                           BY: SELINDA A. MELNIK, ESQ.
                           6225 Smith Avenue
                           Baltimore, MD  21209
                           410-580-3000
```

WILMINGTON, DELAWARE, FRIDAY, DECEMBER 2, 2016, 3 P.M.

1          THE COURT:  Counsel, good afternoon.  It's Judge

2   Gross.  I'm on the telephone now, and of course, I have the

3   Motion to Extend the Date of the Evidentiary Hearing filed

4   by the PBGC.  I've read the papers.  I've read both the

5   Motion and the Opposition from the Debtors, and I will

6   invite anyone to add anything they would like to at this

7   point.

8          MR. WILSON:  Your Honor, this is Garth Wilson on

9   behalf of the Pension Benefit Guaranty Corporation.

10          THE COURT:  Yes, sir.

11          MR. WILSON:  I'm here to speak on the Motion, and

12   I just wanted to add that my colleague, Paula Connelly, is

13   also here with me.

14          THE COURT:  All right.  Good afternoon to both of

15   you.

16          MR. WILSON:  Thank you very much, Your Honor.  We

17   appreciate very much the Court's willingness to schedule

18   this hearing on short notice.

19          PBGC today is not here to argue the merits of its

20   Claim Objection, the Claim Objection filed by the Debtors.

21   We're not here to rehash everything in our earlier Motion to

22   Set a Briefing Schedule, and we're not here to question the

23   motives of our opponent.

24          Why we are here today, Your Honor, is to discuss

1  three points.  First of all, to put front and center before

2  the Court the question of why resolution of the Claim

3  Objection before the confirmation hearing is so vital.  We

4  think the answer to the question is, it's not.  It should be

5  deferred, that whole question, until afterwards.  Second,

6  we're here to rebut the allegations in the Opposition papers

7  that PBGC is not complying with the Court's Order of

8  November 22nd, and third, we're here to explain why we

9  believe that deferring the Claim Objection proceeding until

10  after the Confirmation Hearing is eminently sensible and

11  would avoid prejudice to the PBGC.

12           Your Honor, first, to go back a little bit in

13  history about how we got to this place.  Earlier, PBGC filed

14  a Motion asking the Court to set a briefing schedule on

15  legal issues containing the basically agreed first. In the

16  Debtors' opposition, they argued why Discovery was necessary

17  and essential.  The Court ruled in the Debtors' favor that

18  Discovery must be permitted.  PBGC accepts that ruling, and

19  we're not asking this Court to overturn his previous

20  Decision that Discovery must be permitted.

21           Now, in those papers that were filed in the

22  earlier Motion that were before the Court on November 22nd,

23  there was no contention in any of the papers that it was

24  necessary for the PBGC's Claim Objection to be resolved

25  before the Confirmation Hearing.  The timing of Discovery

1  was not something that even came up until the hearing on

2  November 22nd, and I've looked back at the transcript to see

3  how that issue came about, and the Court set a schedule, and

4  here's that I have gleaned from looking back at the

5  transcript.  Mr. Bromley argued that, on page 18, "It is

6  critical to these Debtors and frankly to the entirety of the

7  Nortel global situation that we resolve this and resolve it

8  quickly."  It's just a reason given but with no substance to

9  it.  It's just an assertion.  On page 23, he says,

10  "Discovery, in our view, should start immediately," again,

11  but no reason given.  And on page 24, he answers "Our sense

12  is that we should be trying to work to support the same time

13  frame that we're dealing with to plan."  So it was really

14  just nothing concrete about why the Claim Objection

15  Proceeding had to be concluded before Plan Confirmation,

16  just an assertion that it should.

17        Now, in their Opposition papers that were filed

18  today, the Debtors virtually concede the PBGC's point that

19  there really is no reason why the Claim Objection must be

20  resolved before the Confirmation Hearing, and the PBGC in

21  its papers set out some pretty strong reasons why that

22  should not be -- why deferring the proceedings should not be

23  a problem.  First of all, both the Settlement and Plan

24  Support Agreement and the Plan that's being proposed

25  contemplate allowance of PBGC's Claim to a maximum of $708

1   million.  That's right there in both documents, so even if

2   PBGC's Claim is allowed in full, it's the amount that we

3   assert, $708 million, the Plan is still confirmable.  We

4   also pointed out that there's a Disputed Claims Reserve in

5   the Plan.  That's there, and if you look at the schedule,

6   there's really not a possibility of any distribution under

7   the Plan, assuming that the Plan was confirmed in January

8   until about April, and in fact, the Settlement and Plan

9   Support Agreement provides an outside date of these issues

10  be resolved by August 31st.  We just don't see any

11  substantive response from the Debtors at this point about

12  why it's necessary to adjudicate PBGC's claims before the

13  Confirmation Hearing.

14          The only other possible obstacle that was raised

15  at the hearing on the 22nd came up for the first time from

16  the Ad Hoc Bondholders.  They had filed no papers to support

17  their argument that they had an argument about voting that

18  somehow PBGC was trying to "maximize its power," "to disrupt

19  confirmation," and that somehow as a result of this, PBGC

20  couldn't lose.  We have a solution to that that we've

21  proposed in our Motion, which would simply be capping the

22  amount of the PBGC's claims for voting purposes only to

23  overcome that obstacle to the extent it's perceived, and we

24  have proposed something specific for the Debtors, and they

25  don't want to talk about that solution at all.

1          Moving on to my second main point, there's a lot

2    of baseless assertion in the Debtors' Opposition papers that

3    the PBGC is stonewalling and somehow defying the Court's

4    Order of November 22nd.  That's simply inaccurate, Your

5    Honor.  Since that time, PBGC had to wait until this

6    Tuesday, November 29th, to get the revised Discovery Request

7    that the Debtors promised to send us.  There was really

8    nothing that we could talk further about the Discovery

9    schedule until we received that from them.  We received it

10   on Tuesday.  The Debtors proposed several times for us to

11   have a meet-and-confer upon that.  PBGC accepted one of

12   their proposals, and we had that conference.  So there's

13   just no basis for arguing that somehow the PBGC is failing

14   to comply with the Court's Order.

15          Finally, Your Honor, getting to the third overall

16   point that I wanted to address this morning and to explain

17   why putting off the resolution of the PBGC's Claims until

18   after confirmation is eminently sensible.  As the Court is

19   well aware, Discovery about Substantive Consolidation is now

20   going on.  The Court approved the Disclosure Statement

21   yesterday, and having the second issue involving voluminous

22   actual Discovery is distracting the parties from being able

23   to focus on that critical confirmation issue of Substantive

24   Consolidation.  In addition to that, the revised request

25   that PBGC received from the Debtor only on Tuesday, although

1   they did somewhat reduce the breadth of their request, at

2   the meet-and-confer conference that we did have this week,

3   the parties ended up being far apart on many of those

4   issues, and that unfortunately would require going back to

5   this Court and asking for rulings on that.  It's just, why

6   do that when it's not necessary in this compressed time

7   frame that's called for with a trial date in the Court's

8   Order of January 9th.

9           In addition to that, there's complexity of ERISA

10  itself.  There's going to be actuarial testimony.  It would

11  be a very complex trial, and to try to present in an

12  objective standard of what a trial on this -- these

13  Objections would look like, we've provided for the Court the

14  Discovery schedule from the U.S. Airways case.  That was the

15  last time that PBGC had to present a full-blown evidentiary

16  hearing on the calculation of its Claim involving the issues

17  that -- some of the issues that the Debtors are raising

18  here.  And if you look at -- if you try to compare the two,

19  in the U.S. Airways proceeding, the Discovery began on

20  August 2nd -- this is the year 2003 -- and it ended on

21  October 10th.  That was Discovery cutoff.  So it was a

22  period of 10 weeks.  By contrast here, PBGC did not receive

23  the narrowed Discovery request from the Debtors, the

24  allegedly narrowed request, until this Tuesday, November

25  29th, and really, the last possible date that discovery

1  could happen in this case if we go ahead would be January

2  6th, which would be the Friday before the day that trial was

3  to start on January 9th.  So it's a period of about five and

4  a half weeks, so I think that's an objective standard that

5  the Court can look at and see that the issue -- that this

6  would be an unduly prejudicial schedule for the PBGC.

7          In addition to the issues that were presented in

8  the U.S. Airways case, there's also the allegations in this

9  case which were not present in U.S. Airways of bad faith on

10  the part of PBGC in amending its Claim, so there's

11  additional Discovery on that that's going to be necessary.

12          So Your Honor, to sum up, we don't think the

13  Debtors have presented any reason why it's necessary for

14  PBGC's Claims to be adjudicated before the Confirmation

15  Hearing.  Second, their allegations that PBGC is

16  stonewalling and defying the Court's Order of November 22nd

17  simply doesn't stand up.  It's a misrepresentation.  And

18  third, we've pointed the Court to an objective standard to

19  look for, you know, we did not have handy in our pocket when

20  the Court asked for why the timing would be appropriate so

21  we're presenting that to the Court now and asking the Court

22  to grant PBGC's Motion to Extend the Evidentiary Hearing

23  until after the Confirmation Hearing.

24          THE COURT:  Let me ask you a question, Mr. Wilson,

25  because I looked at the U.S. Airways case, which you've

1  cited as an objective standard here, and when I add up the

2  days, taking out the days for the briefing and consideration

3  of dispositive motions, I come up with 52 days, and here

4  we're talking 47 days.  Am I wrong about U.S. Airways?  In

5  other words, the Discovery in U.S. Airways as I read it was

6  20 days.

7          MR. WILSON:  Well, there's the Discovery part of

8  it but there's also the preparation for the experts and so

9  forth.  I mean, the total amount of time from August 2nd to

10  October 10th is 10 weeks.  That's how we see it.

11          THE COURT:  But that included -- as I looked at

12  the schedule, that included something like three or four

13  weeks for dispositive motions.

14          MR. WILSON:  Well, those would be as necessary in

15  this proceeding as they were in U.S. Airways.

16          THE COURT:  Not really, no.  I'm saying we won't

17  have dispositive motions; we'll have an Evidentiary Hearing

18  instead.

19          MR. WILSON:  All right.  Well, I'm looking -- on

20  the U.S. Airways Order, I'm looking at the -- on page 4,

21  paragraph F, "All Discovery must be completed not later than

22  October 10th, 2003."

23          THE COURT:  Okay.  All right.  Then I somewhere

24  got in this impression about the Discovery.

25          MR. WILSON:  Well, if you look at -- I believe it

1   is in this impression.  If you look at again page 4,

2   paragraph F, "All Discovery must be completed not later than

3   October 10th, 2003."

4            THE COURT:  See, because you say in your Motion

5   the Court allowed 20 days for Discovery, then eight days for

6   expert disclosures, approximately two weeks for rebuttal

7   expert disclosures, four days for filing dispositive

8   motions, three weeks for briefing those dispositive motions.

9   So it was 20 days for Discovery.

10           MR. WILSON:  All right.  Well, I think you have

11  hit an error in our Pleading there.  We had to prepare it

12  pretty quickly, but I'm now looking at the Order itself, and

13  the Discovery cutoff date is November 10th, 2003.  So if

14  I've misstated that in our papers, I definitely apologize to

15  the Court, but the period is 10 weeks according to the

16  Order.

17           THE COURT:  Okay.  All right.  Well, that is

18  certainly a major difference.  Okay.

19           Have you finished, Mr. Wilson?

20           MR. WILSON:  Yes, I have, Your Honor.

21           THE COURT:  All right.  Who will speak for the

22  Debtors?

23           MR. BROMLEY:  Good afternoon, Your Honor.  It's

24  James Bromley from Cleary Gottlieb.

25           THE COURT:  Yes, sir.

1          MR. BROMLEY:  Thank you, Your Honor, for

2   accommodating us on a Friday afternoon.  We very much

3   appreciate it.

4          THE COURT:  My pleasure.

5          MR. BROMLEY:  Let me try to address Mr. Wilson's

6   points.  Your Honor, first of all, in the transcripts of the

7   hearing a week ago on page 56, it was the Court who very

8   clearly said that you need time before Confirmation, that

9   you want to get this done before Confirmation and not on the

10  eve of Confirmation but well in advance.  Now, in terms of

11  why the Debtors want that relief, I think Mr. Wilson misses

12  the point entirely.  We have a Plan of Reorganization, which

13  is up for consideration on January 24th.  Mr. Wilson and his

14  colleagues have known that for months, that we were aiming

15  for that time frame.

16          There is a fundamental disagreement with the PBGC

17  with respect to the amount of their Claim, and that

18  fundamental disagreement goes to the core of the issues

19  facing the Court in connection with Confirmation.

20          Sorry, Your Honor.  Is my voice coming through?

21  There seems to be an echo.

22          THE COURT:  It's coming through okay.  We're not

23  hearing an echo here, Mr. Bromley.

24          MR. BROMLEY:  Okay.  Thank you very much.  I'm

25  sorry, Your Honor.

1           So with respect to our request, it is absolutely

2    clear, Your Honor, that if the Claims of the PBGC are

3    reduced prior to Confirmation to an amount, say, below $450

4    million, that the PBGC will be paid in full, and if the PBGC

5    is paid in full, then they don't get to vote on the Plan.

6    They will be deemed to vote in favor of the Plan.

7           So what the PBGC is looking to do, Your Honor, is

8    to preserve the ability to not have this Claim resolved

9    prior to Confirmation and therefore preserve the right to

10   claim that they're not being pain in full and therefore

11   object to the Plan.  If this Claim is resolved in the

12   Debtors' favor prior to Confirmation, there will be a

13   substantial improvement in terms of how Plan Confirmation

14   will be addressed.  The PBGC knows that, Your Honor, and for

15   them to think that it's anything other than that frankly is

16   just not believable.

17          Now, Your Honor, Mr. Wilson made a number of

18   statements with respect to allegations about not complying,

19   but he did not address the clear record in this case.  As

20   soon as the hearing ended on the 22nd, while still standing

21   at the podium, I turned to Ms. Connelly and to Mr. Wilson

22   and their colleagues and I said, "Can we have a meet-and-

23   confer call tomorrow," the 23rd of November.  That request

24   was denied.  It was simply denied.  I asked when they would

25   be able to do it, and I was told they needed to consult and

1  would get back to us.  Therefore, on the 23rd, the day after

2  the hearing, I sent an email to the PBGC setting out a very

3  clear schedule to get us from the 22nd or the 23rd of

4  November to the 9th of January.  I received no reaction to

5  that at all until Saturday night after Thanksgiving at 7

6  p.m. when I received an email from Mr. Wilson telling me

7  that it was simply impossible and asking again that we agree

8  to move consideration of the Claims Objection past the Plan

9  Confirmation Date.

10          In the suggestion and schedule that we provided to

11  them on the 23rd, we made clear that we would provide

12  Amended Discovery Requests on Tuesday of this week, which is

13  exactly what we did.  If the PBGC had a problem with that,

14  they could have told us that on the 23rd or the 24th or the

15  25th or the 26th or any of the days including in the email

16  that the Mr. Wilson sent me on the Saturday night after

17  Thanksgiving.  Never once did they say wait a second, in the

18  meantime please send us your Amended Disclosure Request, and

19  I think the Amended Discovery Requests are a red herring,

20  Your Honor.  The U.S. Airways case is held up as a paradigm

21  here, and I'll get to the schedule because I think Your

22  Honor is exactly right in terms of how the dates are

23  calculated.  But Your Honor, we're talking about a number of

24  legal issues here, a number of factual issues about how the

25  PBGC deals with filing claims and how they choose the

1  discount rates in these cases.  They have already litigated

2  this multiple times.  They have litigated it, as they point

3  over and over again, in the U.S. Airways case.  So the idea

4  that the PBGC has to go back to ground zero and start

5  accumulating materials that they've already produced in

6  litigation simply isn't credible, and indeed, in the meet

7  and confer that we had yesterday, we talked about them

8  producing the materials that they had already produced in

9  the U.S. Airways case.

10         THE COURT:  Which they said were readily

11  available.

12         MR. BROMLEY:  They told us they were readily

13  available, the administrative record.  We have not received

14  that even though they told us and told the Court on the 22nd

15  that they could produce it immediately.

16         Now, with respect to the dates that appear in the

17  Settlement Agreement, the PBGC misunderstands those dates.

18  There is a drop-dead date of August 31st.  That is true.

19  But that drop-dead date is a date that's built in to deal

20  with the possibility of appeals that would be taken both in

21  the United States and in Canada from the Confirmation

22  Orders.  So those dates and the August 31 date are very

23  clear with respect to that.  It has nothing to do with the

24  PBGC's Claim; it has everything to do with Appeals from the

25  Confirmation Order, and again, resolution of the PBGC's

1    Claim prior to Confirmation clears up a lot of the issues

2    relating to Confirmation.  There is no issue with respect to

3    Substantive Consolidation if the PBGC are going to be paid

4    100 cents on the dollar on their lower Claim because they

5    will be paid in full and they will be deemed to vote in

6    favor of the Plan.

7            For the same reason, it's irrelevant that there's

8    disputed Claims Reserve.  There's always a disputed Claims

9    Reserve in a Plan of Liquidation like this.  Again, it makes

10   no difference that they believe that there's no chance of

11   distribution until April.  The fact is, Your Honor, the

12   Debtors' intent is to make distributions as quickly as

13   possible.  That is the absolute goal of everyone in these

14   cases in the United States, in the U.K., in France and in

15   Canada.  Everyone wants to make those distributions as soon

16   as possible.

17           Now, to the extent that the PBGC has suggested

18   that they would be willing to cap their Claim and whether or

19   not that solves anything, first, Mr. Wilson said that we

20   didn't want to talk about that at all, and again, it would

21   only be capping their Claim for voting purposes.  Now, Your

22   Honor, that's simply incorrect.  When Mr. Wilson suggested

23   that they cap their Claim at $593 million for voting

24   purposes, we responded that we are prepared to discuss a

25   reasonable proposal for the PBGC to vote on the Plan but we

1    do not agree that it would be reasonable to give the PBGC in

2    excess of $8 billion in cumulative voting power.  That was

3    the email that I sent to Mr. Wilson on Monday, November

4    28th, at 6:05 p.m.  I've not received any response to that.

5    So to the extent that Mr. Wilson said that the Debtors were

6    unwilling to have a conversation, it's absolutely incorrect

7    and belied by the record.

8              Now, Your Honor, with respect to the U.S. Airways

9    case, the PBGC didn't make a mistake when they described the

10   timeline in their papers, and Your Honor, we didn't make a

11   mistake when we described the timeline in our papers.  If

12   you look at the schedule that was set up, dispositive

13   motions were supposed to be filed -- and this is back in

14   2003 -- according to the schedule approved by the Court on

15   September 19th.  That was 44 days after the Scheduling Order

16   was entered with respect to Discovery -- 44 days.  From the

17   44th day to the Evidentiary Hearing, which began on the 27th

18   of October, the 82nd day, the entirety of the schedule was

19   taken up with dispositive motions and pretrial briefs.  To

20   the extent Discovery was going on during that period of

21   time, it clearly wasn't Discovery that was relevant to the

22   dispositive motions.

23             Your Honor, I think the real story here is that

24   the PBGC doesn't like the schedule, and you know what, Your

25   Honor?  I don't like the schedule either.

1          THE COURT:  Neither do I.

2          MR. BROMLEY:  I had to go home from the hearing on

3    the 22nd and tell my wife that we had to cancel our vacation

4    over the holidays, and I did.  It wasn't a pleasant

5    conversation, but that's wat we did, and we're prepared to

6    move forward.  To the extent that there are any disputes

7    about Discovery, we had our first meet and confer yesterday.

8    I would also note that at that meet and confer, we were told

9    by the PBGC that we would get Discovery Requests.  We got

10   those Discovery Requests today.  We did not get them a week

11   ago and we did not get them yesterday.  We got them today.

12   And to further try to extend the schedule, the PBGC have

13   asked for documents that -- in a manner that is as expansive

14   as humanly possible to emphasize their own argument that

15   they need more time.  The fact is, Your Honor, there's not a

16   lot of evidence that has to come in here.  When we're

17   talking about bad faith and we're talking about prejudice to

18   the parties, this is going to be fairly simple evidence.

19   The PBGC will either have an explanation as to why it took

20   them five years to amend their Claims or they will not, and

21   they will then have to have an explanation as to whether or

22   not they can demonstrate that there was no prejudice with

23   respect to the delay for five years.  The Debtors will have

24   very clear evidence put on by direct testimony that with

25   respect to every one of the mediations and every one of the

1   exercises in terms of preparing for trial, the PBGC's Claim

2   at its prior filed number was front and center in those

3   conversations, and by not having the Claim expanded and not

4   giving us any notice that it was going to be expanded by

5   over $114 million, that the Debtors and all the other

6   parties who are extending tens of millions of dollars --

7   honestly, more than that, Your Honor -- were prejudiced

8   severely by the fact that the PBGC had this information in

9   their possession and they chose not to provide it.

10          Now, whether it was intentional or not doesn't

11  matter in terms of whether or not it constitutes bad faith.

12  If it was because they just didn't get around to it, there's

13  no reason in the world that 3rd Circuit precedent would

14  accommodate a five-year delay by a government entity that

15  had every bit of the information in its possession and that

16  they just didn't around to it, especially when so much was

17  happening and impacting so many people around the world.

18          And then when we're talking about the other

19  evidence, Your Honor, as it goes to the discount rate, Mr.

20  Wilson was correct in one point.  He was correct that much

21  of that will focus on expert testimony, and I'm sure the

22  PBGC will provide an expert as they already did in the U.S.

23  Airways case who will say that it's perfectly reasonable for

24  the PBGC to charge in filing a Claim an interest rate that

25  is completely disconnected from reality, and they will have

1  an explanation which we can hear and which they've provided

2  in other cases, and we will have an explanation from our own

3  experts that shows that the PBGC's Claim is only entitled to

4  cover the PBGC's own costs of closing the gap and that the

5  way the PBGC closes that gap is by investing its assets

6  including the $800 million in assets provided by the Debtors

7  using professional asset managers, and they don't go

8  anywhere near buying an annuity.

9          So I think the evidence is going to be relatively

10 narrow, Your Honor, on the actuarial issues and on the

11 economics issues its expert testimony, expert testimony the

12 PBGC is very familiar with, and on the fact testimony, I

13 think it's relatively narrow as well.  The fact is, after

14 eight years of sitting on the Official Committee of

15 Unsecured Creditors and sitting in hundreds of days of

16 testimony and mediation and negotiation and watching all of

17 this happen, the PBGC should be ready to deal with it now,

18 and the Debtors are ready to deal with it, and Your Honor,

19 we ask that the PBGC be forced to do so as well.

20          THE COURT:  All right.  So you're telling me, Mr.

21 Bromley, that although it will be difficult for you to do

22 so, you can meet the schedule?

23          MR. BROMLEY:  Absolutely, Your Honor.

24          THE COURT:  All right.  Mr. Wilson, anything from

25 you?

1          MR. WILSON:  Yes, Your Honor.  Obviously in Mr.

2  Bromley's arguments, he spent a great deal of his time

3  attempting to argue the merits of the Claim Objection.  I

4  want to avoid doing that here because that's really not

5  relevant to the issue before the Court.  Again, we asked the

6  Court to focus on the critical issues by resolution of the

7  Claim Objection before the Confirmation Hearing is so

8  necessary, and the only argument that I can really see from

9  Mr. Bromley is something that wasn't stated in his

10  Opposition papers to the effect of well, if the Claims are

11  reduced below $400 million, then they'll be paid in full and

12  the PBGC won't be able to vote, and PBGC will be deemed to

13  have approved the Plan.  Again, we're being hit by arguments

14  that weren't stated in the papers, but to me, that simply

15  comes down to, because we think it will be tactically to our

16  advantage as Debtors to reduce the PBGC's Claim and

17  therefore increase the probability of Confirmation that we

18  should get that benefit, it should be scheduled beforehand,

19  but again, as we pointed out, there's absolutely nothing in

20  the Plan itself or in the Settlement and Plan Support

21  Agreement that requires resolution of the PBGC's Claims

22  before the Confirmation Hearing.  There's just nothing about

23  the timing of it there, and in fact, those Plan and the

24  Settlement and Support Agreements expressly say that PBGC's

25  Claims could be allowed to a maximum of $708 million so the

1  Plan is still confirmable even if PBGC's Claims were allowed

2  in full.

3          The only other reason that was brought up at the

4  hearing on the 22nd is this argument about voting power,

5  again which were blindsided with and it seems to be that Mr.

6  Bromley is grabbing onto, and we've provided a solution to

7  that to allow the PBGC's Claims in some amount, and Mr.

8  Bromley said that we were incorrect and that the PBGC -- and

9  that the Debtors were willing to discuss a reasonable

10  proposal for the PBGC to vote on the Plan.  Well, that was

11  the statement that they made on Monday, this Monday, but,

12  you know, did they provide any kind of counterproposal?  No,

13  they decided they would just wait until today, and they

14  haven't given us any proposal at all.  So we've made a good-

15  faith effort to discuss a solution to this alleged problem

16  that was raised by the Ad Hoc Bondholders, and we never got

17  any counterproposal from them.  So we've tried but we can't

18  force them to make a counterproposal on it.

19          As far as the timing of the events since the

20  Monday hearing, again, there's a lot of innuendo that the

21  PBGC is somehow dragging its feet since the proposal, since

22  that hearing date, Your Honor.  We were not able to have a

23  meet-and-confer conference call with them last week.  They

24  proposed one immediately that day or the next day, and that

25  was just simply not possible, but the Court's own Order that

1  it issued provided for a deadline for the meet-and-confer

2  for November 30th.  So there was no impetus for the PBGC to

3  schedule a call on that immediately.  It wouldn't have made

4  sense because we didn't even have that narrow Discovery

5  proposal from the Debtors in our hands until November 23rd.

6  It came at about 2:45 in the afternoon that day.  Again,

7  when the Debtors proposed some times for a meet-and-confer,

8  we picked one of the times that they proposed, so we have

9  been acting in good faith with the Court's Order.  There's

10  just nothing to that request, to that argument.

11          Again, getting back to the U.S. Airways example,

12  now Mr. Bromley is pointing to the date for dispositive

13  motions to be filed, and that's scheduled September 19,

14  2003.  But I'm looking at the -- on the same paragraph F

15  that provides Discovery cutoff of October 10, 2003.  So

16  regardless of whatever the schedule that the Court set for

17  dispositive motions in that case, the Court was allowing

18  Discovery until October 10th, which is a period of about 10

19  weeks, which is much, much longer than the five and a half

20  weeks we have in this -- under the Court's schedule.  If you

21  start with the date that they actually served their revised

22  requests on PBGC, that was November 29th, again, the last

23  possible date for any Discovery would be January 6th, the

24  Friday before the proposed trial date on November -- on

25  January 9th.  It's a period of about five and a half weeks.

1          So Your Honor, we just don't see any urgency, no

2    reason to rush this proceeding.  It would be unduly

3    prejudicial to the PBGC.  It doesn't make any sense to

4    distract the parties from the litigation on Substantive

5    Consolidation, which is very serious and important.

6          THE COURT:  All right.  Mr. Bromley, what about

7    that argument about Discovery on Substantive Consolidation?

8          MR. BROMLEY:  Well, Your Honor, we -- I'm sorry,

9    Your Honor.  I'm not entirely sure about the question.

10          THE COURT:  Well, Mr. Wilson has argued that the

11    Claims Objection, if you will, will interfere with Discovery

12    on Substantive Consolidation.

13          MR. BROMLEY:  Well, it certainly will not

14    interfere for us.  We are capable and willing to deal with

15    both simultaneously, and I'm assuming that PBGC and their

16    outside counsel should be able to do the same.

17          THE COURT:  Right.  All right.  Okay.  Well --

18          MR. BROMLEY:  And Your Honor, I should add one

19    other point.  You know, the idea that -- the Debtors have

20    the right to move to estimate the PBGC's Claims for voting

21    purposes.  This is no -- and that happens all the time in

22    advance of Confirmation.

23          THE COURT:  Yes.

24          MR. BROMLEY:  This is no different than that,

25    right?  And the fact is, is that the PBGC right now, the

1   Disclosure Statement that Your Honor approved yesterday

2   provides certain framework in terms of potential recoveries.

3   If the PBGC's Claim is the $593 million that they filed back

4   in 2009, they will be getting somewhere in the neighborhood

5   of 90 to 95 cents on the dollar in respect to their Claim.

6   And even if their Claim was -- and they will be -- that

7   can't be lost on the Court.  That is what they will get

8   based on their originally filed Claim.  Right now, Your

9   Honor, we have substantial objections to their Claims, and

10  if their number comes in at $450 million or below, they will

11  be paid in full, and in a case where we're talking about

12  eight years of delay, to have a Creditor who's going to get

13  90 cents on the dollar on their original filed Claim, if

14  that were to be allowed, and to be holding this entire thing

15  up both in terms of Plan Confirmation and in terms of the

16  Claims Objection, it just doesn't make sense.

17          Mr. Wilson's tale of the PBGC sitting, you know,

18  quietly and biding its time and doing absolutely nothing

19  wrong is completely inconsistent with the record of them

20  being an insider in every way, shape or form in this case

21  for over eight years, and the idea that we're now sitting

22  here at the end and the PBGC erecting the largest obstacle

23  to emergence and then saying but we shouldn't have to fight

24  about our Claim which we amended five years after it was

25  filed just doesn't make any sense.

1             In terms of prejudice, the prejudice is to the

2    Debtors and to every other one of the Debtors' Creditors,

3    Creditors who were not insiders, who did not have the luxury

4    of knowing everything about the strategies for these cases,

5    everything about the strategies for allocation theories and

6    the potential recoveries that could be made, and Creditors

7    who did not have the luxury to be sitting inside of the

8    mediation rooms whether they be in New York or in Toronto or

9    Delaware.  When we're talking about prejudice, we have to

10   think about the real prejudice.  The Debtors have a

11   fiduciary duty to all of these people who have been sitting

12   around the world and particularly here in the United States

13   waiting for distributions, and the PBGC as a member of the

14   Creditors Committee has its own fiduciary duty to Creditors

15   generally, and I understand they're not operating here as a

16   member of the Creditors Committee but they cannot walk away

17   from the fact that they have inside information out the

18   wazoo, which is a very technical term.

19             THE COURT:  Yes.

20             MR. BROMLEY:  And it's just -- it's unfathomable

21   the amount of confidential, non-public information the PBGC

22   has about the Debtors, the amount of money that they have,

23   how they are going to distribute it, how they were going to

24   allocate it, what the theories were they were advancing.

25   They knew it all from soup to nuts, and they can't just sit

1  there with their hands folded in their laps and pretend that

2  now they're being prejudiced because they've got to put

3  their money where their mouth is in an expedited period over

4  the holidays.

5          THE COURT:  All right.  Okay, Mr. Bromley.  Well,

6  listen, I think I've heard enough to rule, and you know, the

7  Court provided the reasons for scheduling the Evidentiary

8  Hearing for January 9, 10 and 11 at the November 22nd

9  hearing, and the PBGC has in effect moved for the Court to

10 reconsider the scheduling of the Evidentiary Hearing.  It

11 argues in response to an argument which the Bondholders made

12 about voting that it, the PBGC, would reduce its Claim for

13 voting purposes only and therefore the Court need not

14 expedite the evidentiary hearing.  It should be clear to

15 everyone that the Court did not schedule the hearing on the

16 basis of the Bondholders' concern, and therefore the PBGC's

17 suggestion that it reduce its Claim for voting purposes only

18 does not prevail.  The PBGC has not cited newly discovered

19 evidence or that the Court committed manifest errors of law

20 or fact in support of its Motion for Reconsideration of the

21 Scheduling of the Evidentiary Hearing and therefore the

22 Court will deny the PBGC Motion.

23          The Court also notes that the U.S. Airways case

24 upon which the PBGC relies does not persuade the Court of

25 any manifest error in scheduling a hearing for January 9

1    through 11.  Again, the Court, based on its calculation and

2    based on the Motion that the PBGC filed, calculated the time

3    for Discovery in U.S. Airways as 20 days and the time from

4    scheduling to the hearing being 52 days in U.S. Airways and

5    here we're talking about 47 days for the scheduling of the

6    Evidentiary Hearing.

7            The schedule I have imposed applies to both sides.

8    It's equally difficult for both sides, and it also creates

9    difficulties for the Court, but the PBGC Claim has serious

10   consequences for the proposed Plan, and the Court has

11   therefore cleared its schedule and made time to consider the

12   evidence on the issues raised.

13           The Nortel Bankruptcy has been pending for nearly

14   eight years, and the time has come for the Court to address

15   the important Claim of the PBGC.  The Court recognizes, as

16   it must, that the schedule impacts the holiday season, which

17   is a burden on the Court as well as the parties, but the

18   PBGC's Motion to Extend the Date of the Evidentiary Hearing

19   is denied, and remains as it was scheduled.

20           Now, incident to this ruling and the Court's

21   ruling on November 22, I firmly order the parties at the

22   conclusion of this call to confer and arrive at a workable

23   Discovery schedule.  The parties can continue their

24   discussions over the weekend if necessary.  Nortel suggests

25   in its response filed today that the PBGC is stonewalling on

1  Discovery.  I'm not making any findings on that argument of

2  Nortel, but it does appear to the Court that Discovery is

3  really being delayed in this case, and we will therefore

4  discuss Discovery in further detail.  I'm going to schedule

5  a teleconference to be heard on Monday, December 5th, at 10

6  a.m. to hear from the parties on any Discovery-related

7  issues, and I mean business when I say that Discovery will

8  be conducted expeditiously by both sides.

9          So I will talk with you on Monday morning by which

10 time I expect Nortel and the PBGC to have narrowed any

11 differences on Discovery, and if they have not been able to

12 do so, the Court will do so.  But the Evidentiary Hearing

13 remains January 9 through 11, 2017.

14          I thank the parties.  That is the Court's ruling,

15 and with that, we will stand in recess, and I will talk to

16 you on Monday at 10 o'clock.

17

18

19          (Whereupon at 3:41 p.m., the hearing was recessed

20 until December 5, 2016.)

21

1                          CERTIFICATION

2           I certify that the foregoing is a correct

3    transcript from the electronic sound recording of the

4    proceedings in the above-entitled matter.

5

6

7    _____        December 5, 2016

8    Florence E. Blantz, Transcriber         Date

9    Diaz Transcription Services

| Word | Page:Line |
|------|-----------|
| **a.m.**(1) 32:6 | |
| **abbott**(1) 1:26 | |
| **ability**(1) 16:8 | |
| **able**(6) 10:22  16:25  24:12  25:22  27:16  32:11 | |
| **about**(38) 7:13  8:3  8:14  9:8  9:11  9:17  9:25  10:8 10:19  12:13  13:4  13:24  16:8  18:23  17:24  18:7  19:20 21:7  21:17  21:17  22:18  24:22  25:4  26:6  26:18  26:25 27:6  27:7  27:9  28:11  28:24  29:4  29:5  29:9  29:10 29:22  30:12  31:5 | |
| **above-entitled**(1) 33:4 | |
| **absolute**(1) 19:13 | |
| **absolutely**(5) 16:1  20:6  23:23  24:19  28:18 | |
| **accepted**(1) 10:11 | |
| **accepts**(1) 7:18 | |
| **accommodate**(1) 22:14 | |
| **accommodating**(1) 15:2 | |
| **according**(2) 14:15  20:14 | |
| **accumulating**(1) 18:5 | |
| **acting**(1) 26:9 | |
| **actual**(1) 10:22 | |
| **actually**(1) 26:21 | |
| **actuarial**(2) 11:10  23:10 | |
| **add**(4) 6:7  6:13  13:1  27:18 | |
| **addition**(3) 10:24  11:9  12:7 | |
| **additional**(1) 12:11 | |
| **address**(4) 10:16  15:5  16:19  31:14 | |
| **addressed**(1) 16:14 | |
| **adjudicate**(1) 9:12 | |
| **adjudicated**(1) 12:14 | |
| **administered**(1) 1:6 | |
| **administrative**(1) 18:13 | |
| **administrators**(1) 2:19 | |
| **advance**(2) 15:10  27:22 | |
| **advancing**(1) 29:4 | |
| **advantage**(1) 24:16 | |
| **after**(9) 7:11  10:18  12:23  17:1  17:5  17:16  20:15 23:13  28:24 | |
| **afternoon**(5) 6:2  6:15  14:23  15:2  26:6 | |
| **afterwards**(1) 7:5 | |
| **again**(16) 8:10  14:1  17:7  18:3  18:25  19:9  19:20  24:5 24:13  24:19  25:5  25:20  26:6  26:11  26:22  31:1 | |
| **ago**(2) 15:7  21:11 | |
| **agree**(2) 17:7  20:1 | |
| **agreed**(1) 7:15 | |
| **agreement**(4) 8:24  9:9  18:17  24:21 | |
| **agreements**(1) 24:24 | |
| **ahead**(1) 12:1 | |
| **aiming**(1) 15:14 | |
| **airways**(18) 11:14  11:19  12:8  12:9  12:25  13:4  13:5 13:15  13:20  17:20  18:3  18:9  20:8  22:23  26:11  30:23 31:3  31:4 | |
| **akin**(1) 3:5 | |
| **alberto**(1) 3:22 | |
| **all**(25) 6:15  7:1  8:23  9:25  13:19  13:21  13:23  14:2 14:10  14:17  14:21  15:6  17:5  19:20  22:5  23:16  23:20 23:24  25:14  27:6  27:17  27:23  29:11  29:25  30:5 | |
| **allegations**(4) 7:6  12:8  12:15  16:18 | |
| **alleged**(1) 25:15 | |
| **allegedly**(1) 11:24 | |
| **allen**(1) 3:41 | |
| **allocate**(1) 29:24 | |
| **allocation**(1) 29:5 | |
| **allow**(1) 25:7 | |
| **allowance**(1) 8:25 | |
| **allowed**(5) 9:12  14:5  24:25  25:1  28:14 | |
| **allowing**(1) 26:17 | |
| **already**(4) 18:1  18:5  18:8  22:22 | |
| **also**(7) 6:14  9:4  12:8  13:8  21:8  30:23  31:8 | |
| **alternative**(1) 4:46 | |
| **although**(2) 10:25  23:21 | |
| **always**(1) 19:8 | |
| **am**(1) 21:20 | |
| **amended**(4) 17:12  17:18  17:19  28:24 | |
| **amending**(1) 12:10 | |
| **america**(2) 3:10  5:8 | |
| **americas**(2) 2:27  3:43 | |
| **amount**(8) 9:2  9:22  13:9  14:19  15:17  16:3  25:7  29:21  29:22 | |

| Word | Page:Line |
|------|-----------|
| **and**(180) 2:19  6:3  6:6  6:6  6:12  6:23  7:1  7:8  7:10 7:17  7:18  8:2  8:3  8:3  8:6  8:7  8:11  8:20  8:23  8:24 9:5  9:8  9:8  9:19  9:23  9:24  10:3  10:12  10:16  10:21 11:4  11:5  11:11  11:18  11:20  11:25  12:3  12:5  12:16 12:17  12:21  13:1  13:2  13:3  13:8  14:12  15:9  15:13 15:17  16:4  16:9  16:10  16:14  16:16  16:21  16:22  16:22 16:25  16:25  17:7  17:10  17:18  17:18  17:25  18:3  18:4 18:6  18:7  18:14  18:21  18:22  18:25  19:5  19:14  19:18 19:20  20:7  20:10  20:13  20:19  20:24  21:3  21:4  21:5 21:7  21:8  21:12  21:12  22:15  22:17  22:23  22:23  22:3 22:3  22:5  22:9  22:15  22:17  22:18  22:21  22:25  23:1 23:2  23:4  23:7  23:10  23:12  23:15  23:16  23:16  23:16 23:18  23:18  24:8  24:11  24:12  24:16  24:20  24:23 24:23  24:24  24:25  25:6  25:7  25:8  25:13  25:16 25:24  26:13  26:19  26:25  27:5  27:14  27:15  27:15 27:18  27:21  27:25  28:6  28:6  28:9  28:11  28:14  28:15 28:18  28:18  28:21  28:22  28:23  29:2  29:5  29:6  29:12 29:13  29:15  29:20  29:25  30:1  30:6  30:8  30:9  30:13 30:16  30:21  31:1  31:3  31:4  31:8  31:10  31:11  31:14 31:19  31:20  31:22  32:3  32:7  32:10  32:11  32:15 32:15 | |
| **andrew**(3) 1:27  2:33  3:28 | |
| **angeles**(1) 2:43 | |
| **annuity**(1) 23:8 | |
| **answer**(1) 7:4 | |
| **answers**(1) 8:11 | |
| **anthony**(1) 3:8 | |
| **any**(19) 7:23  9:6  9:10  12:13  17:15  20:4  21:6  22:4 25:12  25:14  25:17  26:23  27:1  27:3  28:25  30:25  32:1 32:6  32:10 | |
| **anyone**(1) 6:7 | |
| **anything**(4) 6:7  16:15  19:19  23:24 | |
| **anywhere**(1) 23:8 | |
| **apart**(1) 11:3 | |
| **apologize**(1) 14:14 | |
| **appeals**(2) 18:20  18:24 | |
| **appear**(2) 18:16  32:2 | |
| **appearances**(2) 4:26  5:1 | |
| **applies**(1) 31:7 | |
| **appreciate**(2) 6:18  15:3 | |
| **appropriate**(1) 12:20 | |
| **approval**(4) 10:20  20:14  24:13  28:1 | |
| **approximately**(1) 14:6 | |
| **april**(2) 9:8  19:11 | |
| **are**(14) 6:25  11:17  16:2  17:19  17:22  18:22  19:3 19:24  21:6  22:6  23:18  24:10  27:14  29:23 | |
| **argue**(2) 6:20  24:3 | |
| **argued**(3) 7:16  8:5  27:10 | |
| **argues**(1) 30:11 | |
| **arguing**(1) 10:13 | |
| **argument**(9) 9:17  9:17  21:14  24:8  25:4  26:10  27:7 30:11  32:1 | |
| **arguments**(2) 24:2  24:13 | |
| **around**(4) 22:12  22:16  22:17  29:12 | |
| **arrive**(1) 31:22 | |
| **arshi**(1) 1:25 | |
| **ask**(2) 12:24  23:19 | |
| **asked**(4) 12:20  16:24  21:13  24:5 | |
| **asking**(5) 7:14  7:19  11:5  12:21  17:7 | |
| **assert**(1) 9:3 | |
| **assertion**(3) 8:9  8:16  10:2 | |
| **asset**(2) 4:46  23:7 | |
| **assets**(2) 23:5  23:6 | |
| **assuming**(2) 9:7  27:15 | |
| **attempting**(1) 24:3 | |
| **august**(5) 9:10  11:20  13:9  18:18  18:22 | |
| **available**(2) 18:11  18:13 | |
| **ave**(1) 3:23 | |
| **avenue**(5) 2:27  3:29  3:43  4:15  5:19 | |
| **avoid**(2) 7:11  24:4 | |
| **aware**(1) 10:19 | |
| **away**(1) 29:16 | |
| **back**(9) 7:12  8:2  8:4  11:4  17:1  18:4  20:13  26:11 26:4  30:2 | |
| **bad**(3) 12:9  21:17  22:11 | |
| **badtke-berkow**(1) 5:42 | |
| **baltimore**(1) 5:20 | |
| **bank**(3) 3:10  3:36  3:56 | |
| **bankruptcy**(3) 1:1  1:20  31:13 | |
| **based**(3) 28:8  31:1  31:2 | |
| **baseless**(1) 10:2 | |
| **basically**(1) 7:15 | |
| **basis**(2) 10:13  30:16 | |
| **bassett**(1) 2:32 | |
| **bayard**(1) 3:1 | |
| **because**(9) 12:25  14:4  17:21  19:4  22:12  24:4  24:15 26:4  30:2 | |
| **been**(4) 26:9  29:11  31:13  32:11 | |
| **before**(16) 1:19  7:1  7:3  7:22  7:25  8:15  8:20  9:12 12:2  12:14  15:8  15:9  24:5  24:7  24:22  26:24 | |
| **beforehand**(1) 24:18 | |
| **began**(2) 11:19  20:17 | |
| **behalf**(1) 6:10 | |

| Word | Page:Line |
|------|-----------|
| **being**(9) 8:24  10:22  11:3  16:10  24:13  28:20  30:2 31:4  32:3 | |
| **belied**(1) 20:7 | |
| **believable**(1) 16:16 | |
| **believe**(3) 7:9  13:25  19:10 | |
| **belknap**(1) 2:25 | |
| **below**(3) 16:3  24:11  28:10 | |
| **benefit**(3) 2:4  6:10  24:18 | |
| **benjamin**(1) 4:11 | |
| **biding**(1) 28:18 | |
| **billion**(1) 20:2 | |
| **bit**(2) 7:12  22:15 | |
| **blantz**(1) 33:8 | |
| **blauner**(1) 4:48 | |
| **blindsided**(1) 25:5 | |
| **bondholders**(6) 2:31  3:34  9:16  25:16  30:11  30:16 | |
| **boston**(1) 2:16 | |
| **both**(10) 6:5  6:15  8:23  9:1  18:20  27:15  28:15  31:7 31:8  32:8 | |
| **botter**(1) 3:6 | |
| **breadth**(1) 11:1 | |
| **brent**(1) 4:32 | |
| **brickley**(1) 5:5 | |
| **briefing**(4) 6:23  7:14  13:2  14:8 | |
| **briefs**(1) 20:19 | |
| **bromley**(13) 1:33  8:5  14:23  14:24  15:1  15:5  15:23 15:24  18:12  21:2  22:3  22:5  24:9  25:6  25:8  26:12 27:6  27:8  27:13  27:18  27:24  29:20  30:5 | |
| **bromley's**(1) 24:2 | |
| **brought**(1) 25:3 | |
| **brown**(1) 2:12 | |
| **bryant**(1) 3:9 | |
| **buchanan**(1) 4:4 | |
| **built**(1) 18:19 | |
| **burden**(1) 31:17 | |
| **business**(1) 32:7 | |
| **but**(24) 8:8  8:11  13:8  13:11  14:12  14:15  15:10  16:9 17:23  18:19  19:25  21:5  24:14  24:19  25:11  25:17 25:25  26:14  28:23  29:16  31:9  31:17  32:2  32:12 | |
| **buying**(1) 23:8 | |
| **calculated**(2) 17:23  31:2 | |
| **calculation**(2) 11:16  31:1 | |
| **call**(1) 16:23  25:23  26:3  31:22 | |
| **called**(1) 11:17 | |
| **came**(3) 8:1  8:3  9:15  26:6 | |
| **can**(7) 12:5  16:22  21:22  23:1  23:22  24:8  31:23 | |
| **can't**(3) 25:17  28:7  29:25 | |
| **canada**(3) 18:21  19:15 | |
| **canadian**(1) 5:16 | |
| **cancel**(1) 21:3 | |
| **cannot**(1) 29:16 | |
| **cap**(2) 19:18  19:23 | |
| **capable**(1) 27:14 | |
| **capping**(2) 9:21  19:21 | |
| **case**(17) 1:5  11:14  12:1  12:8  12:25  16:19  17:20 18:3  18:9  20:9  22:23  26:17  28:11  28:20  30:23  32:3 | |
| **cases**(4) 18:1  19:14  23:2  29:4 | |
| **center**(3) 2:15  7:1  22:2 | |
| **centre**(1) 3:16 | |
| **cents**(3) 19:4  23:3  28:13 | |
| **century**(1) 2:41 | |
| **certain**(1) 28:2 | |
| **certainly**(2) 14:18  27:13 | |
| **certification**(1) 33:1 | |
| **certify**(1) 33:2 | |
| **chance**(1) 19:10 | |
| **chapter**(1) 1:8 | |
| **charge**(1) 22:24 | |
| **charles**(1) 2:20 | |
| **choose**(1) 17:25 | |
| **chose**(1) 22:9 | |
| **christopher**(2) 2:13  3:15 | |
| **chung**(1) 5:9 | |
| **chutchian**(1) 5:13 | |
| **circuit**(1) 12:13 | |
| **cited**(2) 13:1  30:18 | |
| **citizens**(1) 3:36 | |
| **claim**(40) 2:11  4:20  6:21  6:21  7:2  7:9  7:24  8:14 8:19  8:25  9:2  11:16  12:10  15:17  16:8  16:10  16:11 18:24  19:1  19:4  19:18  19:21  19:23  22:1  22:3  22:24 23:3  24:3  24:7  24:16  28:3  28:5  28:6  28:8  28:13 28:24  30:12  30:17  31:9  31:15 | |
| **claimants**(1) 3:21 | |
| **claims**(20) 9:4  9:12  9:22  10:17  12:14  16:2  17:8 17:25  19:8  19:8  21:20  24:10  24:21  24:25  25:1  25:7 27:11  27:20  28:9  30:14 | |
| **clear**(7) 16:2  16:19  17:3  17:11  18:23  21:24  30:14 | |
| **cleared**(1) 31:4 | |
| **clearly**(2) 15:8  20:21 | |
| **clears**(1) 19:1 | |
| **cleary**(1) 1:32  4:28  14:24 | |
| **closes**(1) 23:5 | |

| Word | Page:Line |
|------|-----------|
| **closing**(1) 23:4 | |
| **colleague**(1) 6:13 | |
| **colleagues**(2) 15:14  16:22 | |
| **come**(3) 13:3  21:16  31:14 | |
| **comes**(2) 24:15  28:10 | |
| **coming**(2) 15:20  15:22 | |
| **committed**(1) 30:19 | |
| **committee**(3) 3:4  5:17  23:14  29:14  29:16 | |
| **compare**(1) 11:18 | |
| **completed**(2) 13:21  14:2 | |
| **completely**(2) 22:25  28:19 | |
| **complex**(1) 11:11 | |
| **complexity**(1) 11:9 | |
| **comply**(1) 10:14 | |
| **complying**(2) 7:7  16:18 | |
| **compressed**(1) 11:6 | |
| **concede**(1) 8:18 | |
| **concern**(1) 30:16 | |
| **concluded**(1) 8:15 | |
| **conclusion**(1) 31:22 | |
| **concrete**(1) 8:14 | |
| **conducted**(1) 32:8 | |
| **confer**(5) 16:23  18:7  21:7  21:8  31:22 | |
| **conference**(3) 10:12  11:2  25:23 | |
| **confidential**(1) 29:21 | |
| **confirmable**(2) 9:3  25:1 | |
| **confirmation**(29) 7:3  7:10  7:25  8:15  8:20  9:13  9:19 10:18  10:23  12:14  12:23  15:8  15:9  15:10  15:19  16:3 16:9  16:12  16:13  17:9  18:21  18:25  19:1  19:2  24:7 24:17  24:22  27:22  28:15 | |
| **confirmed**(1) 9:7 | |
| **connection**(1) 15:19 | |
| **connelly**(3) 2:6  6:13  16:21 | |
| **consequences**(1) 31:10 | |
| **consider**(1) 31:11 | |
| **consideration**(3) 13:2  15:13  17:8 | |
| **consolidation**(6) 10:19  10:24  19:3  27:5  27:7  27:12 | |
| **consortium**(2) 2:12  4:20 | |
| **constitutes**(1) 22:11 | |
| **consult**(1) 16:25 | |
| **containing**(1) 7:15 | |
| **contemplate**(1) 8:24 | |
| **contention**(1) 7:23 | |
| **contemplates**(1) 8:5 | |
| **continue**(1) 31:23 | |
| **continued**(4) 2:2  3:2  4:2  5:2 | |
| **contrast**(1) 11:22 | |
| **conversation**(2) 20:6  21:5 | |
| **conversations**(1) 22:3 | |
| **core**(1) 15:18 | |
| **corp**(1) 2:4 | |
| **corporation**(1) 6:10 | |
| **correct**(3) 22:20  22:20  33:2 | |
| **costs**(1) 23:4 | |
| **could**(6) 10:8  12:1  17:14  18:15  24:25  29:6 | |
| **couldn't**(1) 9:20 | |
| **counsel**(2) 6:2  27:16 | |
| **counterproposal**(3) 25:12  25:17  25:18 | |
| **course**(1) 6:3 | |
| **court**(66) 1:1  6:2  6:11  6:15  7:2  7:14  7:17  7:19  7:22 8:3  10:18  10:20  11:5  11:13  12:5  12:18  12:20  12:21 12:21  12:24  13:11  13:16  13:23  14:4  14:5  14:15 14:17  14:21  14:25  15:4  15:7  15:19  15:22  18:10 18:14  20:14  21:1  23:20  23:24  24:5  24:6  26:16  26:17 27:6  27:10  27:17  27:23  28:7  29:9  30:5  30:7  30:9 30:13  30:15  30:19  30:22  30:23  30:24  31:1  31:9 31:10  31:14  31:15  31:17  32:2  32:12 | |
| **court's**(6) 6:18  7:7  10:3  10:14  11:7  12:16  25:25 26:9  26:20  31:20  32:14 | |
| **courtroom**(1) 1:10 | |
| **cover**(1) 3:24 | |
| **creates**(1) 31:8 | |
| **credible**(1) 18:6 | |
| **creditor**(4) 2:4  4:10  4:19  28:12 | |
| **creditors**(9) 3:5  5:16  23:15  29:2  29:3  29:6  29:14 29:14  29:16 | |
| **critical**(3) 8:6  10:23  24:6 | |
| **cumulative**(1) 20:2 | |
| **cutoff**(3) 10:11  14:13  26:15 | |
| **daniel**(1) 2:26 | |
| **date**(17) 6:4  9:9  11:7  11:25  14:13  17:9  18:18  18:19 18:19  18:22  25:22  26:12  26:21  26:23  26:24  31:18 33:8 | |
| **dates**(4) 17:22  18:16  18:17  18:22 | |
| **david**(1) 3:6 | |
| **day**(7) 12:2  17:1  17:20  17:20  18:23  25:24  25:24  26:6 | |
| **days**(16) 13:2  13:2  13:3  13:4  13:6  14:5  14:5  14:7 14:9  17:15  20:5  16:10  23:15  31:3  31:4  31:5 | |
| **deadline**(1) 26:1 | |
| **deal**(5) 18:19  23:17  23:18  24:2  27:14 | |
| **dealing**(1) 8:13 | |
| **deals**(1) 17:25 | |
| **debenture**(1) 2:24 | |
| **debtor**(1) 10:25 | |

| Word | Page:Line |
|---|---|
| debtors(35) | 1:12 1:25 4:28 6:6 6:21 7:16 7:17 8:6 8:18 9:11 9:24 10:2 10:7 10:10 11:17 11:23 12:13 14:22 15:11 16:12 19:12 20:5 21:23 22:5 23:6 23:18 24:16 25:9 26:5 26:7 27:19 29:2 29:22 29:25 29:10 |
| december(1) | 1:14 6:1 32:5 32:20 33:7 |
| decided(1) | 25:13 |
| decision(1) | 7:20 |
| deemed(3) | 16:6 19:5 24:12 |
| deferred(1) | 7:5 |
| deferring(2) | 7:9 8:22 |
| definitely(1) | 14:14 |
| defying(2) | 10:3 12:16 |
| delaware(5) | 1:2 1:12 3:23 6:1 29:9 |
| delay(3) | 21:23 22:14 28:12 |
| delayed(1) | 32:3 |
| demonstrate(1) | 21:22 |
| denied(3) | 16:24 16:24 31:19 |
| deny(1) | 30:22 |
| derek(1) | 1:26 |
| described(2) | 20:9 20:11 |
| dial(1) | 1:40 |
| did(16) | 11:1 11:2 11:22 12:19 16:19 17:13 17:17 21:4 21:5 21:10 21:11 22:22 25:12 29:3 29:7 30:15 |
| didn't(6) | 19:20 20:9 20:10 22:12 22:16 26:4 |
| difference(2) | 14:18 19:10 |
| differences(1) | 32:11 |
| different(1) | 27:24 |
| difficult(2) | 23:21 31:8 |
| difficulties(1) | 31:9 |
| dine(1) | 4:36 |
| direct(1) | 21:24 |
| disagreement(2) | 15:16 15:18 |
| disclosure(3) | 10:20 17:18 28:1 |
| disclosures(2) | 14:6 14:7 |
| disconnected(1) | 22:25 |
| discount(2) | 18:1 22:19 |
| discovered(1) | 30:18 |
| discovery(44) | 4:7 16 7:18 7:20 7:25 8:10 10:6 10:8 10:19 10:22 11:14 11:18 11:23 11:25 12:11 13:5 13:7 13:11 13:24 14:2 14:5 14:4 14:13 17:12 17:19 20:16 20:20 20:21 21:7 21:9 21:10 26:15 26:18 26:23 27:7 27:11 31:3 31:23 32:1 32:2 32:4 32:7 32:11 |
| discovery-related(1) | 32:6 |
| discuss(5) | 6:25 19:24 25:9 25:15 32:4 |
| discussions(1) | 31:24 |
| dispositive(10) | 13:3 13:13 13:17 14:7 14:8 20:12 20:19 22:22 26:12 26:17 |
| disputed(3) | 9:4 19:8 19:8 |
| disputes(1) | 21:6 |
| disrupt(1) | 9:18 |
| distract(1) | 27:4 |
| distracting(1) | 10:22 |
| distribute(1) | 29:23 |
| distribution(2) | 9:6 19:11 |
| distributions(3) | 19:12 19:15 29:13 |
| district(1) | 1:2 |
| dj(1) | 5:17 |
| documents(2) | 9:1 21:13 |
| does(3) | 30:18 30:24 31:7 |
| doesn't(6) | 12:17 20:24 22:10 27:3 28:16 28:25 |
| doing(2) | 24:4 28:18 |
| dollar(3) | 19:4 28:5 28:13 |
| dollars(1) | 22:6 |
| don't(9) | 9:10 9:25 12:12 16:5 20:25 23:7 27:1 |
| done(1) | 1:7 |
| dow(1) | 5:4 |
| down(1) | 24:15 |
| dragging(1) | 25:21 |
| drop-dead(2) | 18:18 18:19 |
| drye(1) | 4:10 |
| during(1) | 20:20 |
| duty(2) | 29:1 29:24 |
| earlier(3) | 6:22 7:13 7:22 |
| east(1) | 2:41 |
| echo(1) | 15:21 15:23 |
| economics(1) | 23:11 |
| ecro(1) | 1:38 |
| effect(2) | 24:10 30:9 |
| effort(1) | 25:15 |
| eight(5) | 14:5 23:14 28:12 28:21 31:14 |
| either(2) | 20:25 21:19 |
| electronic(1) | 1:46 33:3 |
| email(4) | 17:2 17:6 17:15 20:3 |
| emergency(1) | 28:23 |
| eminently(2) | 7:10 10:18 |
| emphasize(1) | 21:14 |
| end(1) | 28:22 |
| ended(3) | 11:3 11:20 16:20 |
| enough(1) | 9:15 |
| entered(1) | 20:16 |
| entire(1) | 28:14 |
| entirely(2) | 15:12 27:9 |
| entirety(2) | 8:6 20:18 |
| entitled(1) | 23:3 |
| entity(1) | 22:14 |
| equally(1) | 31:8 |
| erecting(1) | 28:22 |
| eric(2) | 2:34 4:14 |
| erisa(1) | 11:9 |
| error(2) | 14:11 30:25 |
| errors(1) | 30:19 |
| especially(1) | 22:16 |
| esq(37) | 1:26 1:27 1:33 2:5 2:6 2:13 2:14 2:20 2:26 2:32 2:33 2:34 2:40 3:6 3:7 3:8 3:15 3:22 3:28 3:35 3:42 4:5 4:11 4:12 4:13 4:41 4:34 4:30 4:31 4:36 4:37 4:43 4:48 5:5 5:9 5:13 5:18 |
| esquire(1) | 4:32 |
| essential(1) | 7:17 |
| esther(2) | 4:31 5:9 |
| estimate(1) | 27:20 |
| eve(1) | 15:10 |
| even(6) | 8:1 9:1 18:14 25:1 26:4 28:6 |
| events(1) | 25:19 |
| every(5) | 21:25 21:25 22:15 28:20 29:2 |
| everyone(3) | 19:12 19:15 30:15 |
| everything(4) | 6:22 18:24 29:4 29:5 |
| evidence(7) | 21:16 21:18 21:24 22:19 23:9 30:19 |
| evidentiary(12) | 6:4 11:15 12:22 13:17 20:17 30:7 30:10 30:14 30:21 31:6 31:18 32:12 |
| exactly(2) | 17:13 17:22 |
| example(1) | 26:11 |
| excess(1) | 20:2 |
| exercises(1) | 32:1 |
| expanded(2) | 22:3 22:4 |
| expansive(1) | 21:13 |
| expect(1) | 32:10 |
| expedite(1) | 30:14 |
| expedited(1) | 30:3 |
| expeditiously(1) | 32:8 |
| expert(6) | 14:6 14:7 22:21 22:22 23:11 23:11 |
| experts(2) | 13:8 23:3 |
| explain(2) | 7:8 10:16 |
| explanation(4) | 21:19 21:21 23:1 23:2 |
| expressly(1) | 24:24 |
| extend(4) | 6:4 12:22 21:12 31:18 |
| extending(1) | 22:6 |
| extent(5) | 9:23 19:17 20:5 20:20 21:6 |
| facing(1) | 11:18 |
| fact(11) | 9:8 19:11 21:15 22:8 23:12 23:13 24:23 27:25 29:17 30:20 |
| factual(1) | 17:24 |
| failing(1) | 10:13 |
| fairly(1) | 21:18 |
| faith(5) | 12:9 21:17 22:11 25:15 26:9 |
| familiar(1) | 23:12 |
| far(2) | 11:3 25:19 |
| farr(1) | 3:27 |
| favor(4) | 7:17 16:6 16:12 19:6 |
| feder(1) | 4:11 |
| feet(1) | 25:21 |
| feld(1) | 3:5 |
| fiduciary(2) | 29:11 29:14 |
| fight(1) | 28:23 |
| filed(15) | 6:4 6:21 7:13 7:21 8:17 9:16 20:13 21:2 26:13 28:13 28:18 28:25 31:2 31:25 |
| filing(3) | 14:7 17:25 22:24 |
| finally(1) | 10:15 |
| financial(1) | 2:15 |
| findings(1) | 32:1 |
| finished(1) | 14:19 |
| firmly(1) | 31:21 |
| first(3) | 7:1 7:12 7:15 8:23 9:15 15:6 19:19 21:7 |
| five(6) | 12:3 21:20 21:23 26:19 26:25 28:24 |
| five-year(2) | 22:14 |
| floor(1) | 1:28 2:42 |
| florence(1) | 33:8 |
| floyd(1) | 2:13 |
| focus(3) | 10:23 22:21 24:6 |
| folded(1) | 30:1 |
| for(88) | 1:12 1:25 2:4 2:11 2:18 2:24 2:30 3:4 3:20 3:33 3:41 4:4 4:10 4:19 4:28 4:35 4:42 4:46 5:4 5:8 5:12 5:16 7:24 9:15 9:22 9:24 10:10 10:13 11:5 11:13 12:6 12:13 12:19 13:2 13:8 13:13 14:5 14:5 14:6 14:7 14:8 14:9 14:21 15:1 15:13 15:14 15:15 16:14 19:7 19:21 19:23 19:25 21:13 21:23 22:11 22:25 23:3 25:10 26:1 26:1 26:2 26:7 26:12 26:16 26:23 27:14 27:20 28:21 29:4 29:5 29:13 30:7 30:9 30:17 30:20 30:25 31:3 31:5 31:8 31:9 31:10 31:13 31:14 |
| force(1) | 25:18 |
| forced(1) | 23:19 |
| foregoing(1) | 33:2 |
| form(1) | 28:20 |
| forth(1) | 13:9 |
| forward(1) | 21:6 |
| four(2) | 13:12 14:7 |
| fox(1) | 4:20 |
| frame(3) | 8:13 11:7 15:15 |
| framework(1) | 28:2 |
| france(1) | 19:14 |
| frankly(2) | 8:6 16:15 |
| fred(1) | 3:7 |
| friday(4) | 6:1 12:2 15:2 26:24 |
| from(29) | 6:6 8:4 9:11 9:15 10:9 10:22 10:25 11:14 11:23 13:9 14:24 17:3 17:6 18:1 18:24 20:16 21:2 22:25 23:2 23:24 25:17 26:5 27:4 29:17 29:25 31:3 32:6 33:3 |
| front(2) | 7:1 22:2 |
| full(8) | 9:2 16:4 16:5 16:10 19:5 24:11 25:2 28:11 |
| full-blown(1) | 11:15 |
| fundamental(2) | 15:16 15:18 |
| further(3) | 10:8 21:12 32:4 |
| gallagher(1) | 3:27 |
| gap(2) | 23:4 23:5 |
| garth(2) | 5:6 5:9 |
| generally(1) | 29:15 |
| get(13) | 10:6 16:9 16:5 17:1 17:3 17:21 21:9 21:10 21:11 22:12 24:18 28:7 28:12 28:22 |
| getting(3) | 10:15 26:11 28:4 |
| ginger(1) | 1:38 |
| give(1) | 20:1 |
| given(3) | 8:8 8:11 25:14 |
| giving(1) | 22:4 |
| gleaned(1) | 30:18 |
| global(1) | 8:7 |
| goal(1) | 9:13 |
| goes(2) | 15:18 22:19 |
| going(13) | 10:20 11:4 11:10 12:11 19:3 20:20 21:18 22:4 23:9 29:22 29:23 29:23 32:4 |
| good(5) | 6:2 6:15 14:23 25:14 26:9 |
| got(6) | 7:13 13:24 21:9 21:11 25:16 30:2 |
| gottlieb(3) | 1:32 4:28 14:24 |
| government(1) | 22:14 |
| grabbing(1) | 25:6 |
| grant(1) | 12:22 |
| great(1) | 24:2 |
| gross(2) | 1:19 6:3 |
| ground(1) | 18:4 |
| group(2) | 2:30 3:33 |
| guaranty(2) | 2:4 6:10 |
| gump(1) | 3:5 |
| had(15) | 8:15 9:16 9:17 10:5 10:12 11:15 14:11 17:13 18:7 18:8 21:2 21:3 21:7 22:8 22:15 |
| hadley(2) | 2:31 2:39 |
| half(3) | 2:34 26:19 26:25 |
| hall(1) | 4:37 |
| hamilton(2) | 1:32 4:28 |
| hands(2) | 26:5 30:1 |
| handy(1) | 11:19 |
| hanrahan(1) | 3:28 |
| happen(2) | 12:1 23:17 |
| happening(1) | 22:17 |
| happens(1) | 27:21 |
| harrisburg(1) | 1:42 |
| has(14) | 18:4 18:23 18:24 19:17 21:16 27:10 29:14 29:22 30:9 30:18 31:9 31:10 31:13 31:14 |
| hauer(1) | 3:5 |
| have(49) | 6:3 8:4 9:20 9:24 10:11 11:2 12:13 12:19 13:17 13:17 14:10 14:19 14:20 15:11 15:23 16:8 16:22 17:14 18:1 18:2 18:13 20:6 21:12 21:19 21:21 21:21 21:21 21:22 22:22 23:2 24:13 25:22 26:3 26:4 26:8 26:20 27:19 28:9 28:12 28:23 29:7 29:9 29:10 29:11 29:17 29:22 30:4 31:7 32:10 32:11 |
| haven't(1) | 25:14 |
| having(1) | 10:21 22:3 |
| hear(2) | 23:11 32:6 |
| heard(2) | 30:6 32:5 |
| hearing(37) | 6:4 6:19 7:3 7:10 7:25 8:1 8:20 9:13 9:15 11:16 12:15 12:22 12:23 13:17 15:7 15:23 16:20 17:2 20:17 21:2 24:7 24:22 25:4 25:22 30:8 30:9 30:10 30:14 30:15 30:21 30:25 31:4 31:6 31:18 32:12 32:19 |
| held(1) | 17:20 |
| here(5) | 6:12 6:14 6:20 6:22 6:23 6:25 7:6 7:8 11:18 11:22 13:1 13:5 13:23 17:21 17:24 20:23 21:16 24:4 24:22 26:2 29:12 29:15 31:5 |
| here's(1) | 8:4 |
| herring(1) | 17:19 |
| his(4) | 7:19 15:13 24:2 24:9 |
| history(1) | 7:13 |
| hit(2) | 14:11 24:13 |
| hoc(1) | 2:30 3:33 9:16 25:16 |
| hodara(1) | 3:7 |
| holding(1) | 28:14 |
| holiday(1) | 31:16 |
| holidays(2) | 21:4 30:4 |
| home(1) | 21:2 |
| honestly(1) | 22:7 |
| honor(46) | 6:9 6:17 6:25 7:12 10:5 10:15 12:12 14:20 14:23 15:1 15:6 15:20 15:25 16:2 16:7 16:14 16:17 17:20 17:22 17:23 19:11 19:22 20:8 20:20 20:25 21:15 22:7 22:19 23:10 23:18 23:23 24:1 25:22 27:1 27:8 27:9 27:18 28:1 28:9 |
| honorable(1) | 1:19 |
| how(9) | 7:13 8:3 13:10 16:13 17:22 17:24 17:25 29:23 29:23 |
| hubbard(1) | 2:19 |
| huberty(1) | 1:20 |
| hughes(1) | 2:19 |
| humanly(1) | 21:14 |
| hundreds(1) | 23:15 |
| i'll(1) | 17:21 |
| i'm(14) | 6:3 6:12 13:16 13:19 13:20 14:12 15:24 22:21 26:14 27:8 27:9 27:15 32:1 32:4 |
| i've(6) | 6:5 6:5 8:2 14:14 20:4 30:6 |
| idea(3) | 18:3 27:19 28:21 |
| immediately(4) | 8:10 18:15 25:24 26:3 |
| impacting(1) | 22:17 |
| impacts(1) | 31:16 |
| impetus(1) | 26:2 |
| important(2) | 27:5 31:15 |
| imposed(1) | 31:7 |
| impossible(1) | 7:7 |
| impression(3) | 13:24 14:1 |
| improvement(1) | 16:13 |
| inaccurate(1) | 10:4 |
| inc(1) | 1:8 |
| incident(1) | 31:20 |
| included(3) | 13:11 13:12 |
| including(2) | 17:15 23:6 |
| inconsistent(1) | 28:19 |
| incorrect(3) | 19:22 20:6 25:8 |
| indeed(1) | 18:6 |
| information(2) | 22:8 22:15 29:17 29:21 |
| ingersoll(1) | 4:4 |
| innuendo(1) | 25:20 |
| inside(2) | 29:7 29:17 |
| insider(1) | 28:20 |
| insiders(1) | 29:3 |
| instead(1) | 13:18 |
| intent(1) | 19:12 |
| intentional(1) | 22:10 |
| interest(1) | 22:24 |
| interested(5) | 4:42 4:46 5:4 5:8 5:12 |
| interfere(2) | 27:11 27:14 |
| investing(1) | 23:5 |
| invite(1) | 6:7 |
| involving(3) | 10:21 11:16 |
| irrelevant(1) | 19:7 |
| isn't(1) | 18:6 |
| issue(6) | 8:3 10:21 10:23 12:5 19:2 24:5 |
| issued(1) | 26:1 |
| issues(15) | 7:15 9:9 11:4 11:16 11:17 12:7 13:15 17:24 17:24 19:1 23:11 23:11 24:6 31:12 32:7 |
| it's(23) | 6:2 7:4 8:8 8:9 9:2 9:12 9:23 11:5 11:6 12:3 12:13 12:17 14:3 15:22 16:15 19:7 20:6 22:23 23:13 26:25 29:20 29:20 31:8 |
| its(18) | 6:20 8:21 9:18 11:16 12:10 22:2 22:15 23:5 23:11 25:21 28:18 29:14 30:12 30:17 30:20 31:1 |
| itself(3) | 11:10 14:12 14:20 |
| james(1) | 1:33 14:24 |
| january(14) | 9:7 11:8 12:1 12:3 15:13 15:13 17:4 26:23 26:25 30:8 30:25 32:13 |
| jason(1) | 4:43 |
| jefferson(1) | 4:38 |
| jeffrey(1) | 4:21 |
| jerry(1) | 4:37 |
| joint(1) | 2:18 |
| jointly(1) | 1:6 |
| jones(2) | 3:34 5:4 |
| joseph(1) | 3:42 |
| judge(3) | 1:19 1:20 6:2 |
| just(20) | 6:13 8:8 8:14 8:16 9:10 10:13 11:5 16:16 22:12 22:16 24:22 25:13 25:25 26:10 27:1 28:16 28:25 29:20 29:25 |
| justin(1) | 3:22 |
| karen(1) | 4:36 |
| karlan(1) | 4:29 |
| kathleen(1) | 4:5 |
| katten(1) | 4:35 |
| keane(1) | 3:35 |
| kelley(1) | 4:10 |
| kevin(1) | 1:19 |
| kind(1) | 25:12 |
| king(1) | 3:17 |
| knew(1) | 29:25 |
| know(6) | 12:19 20:24 25:12 27:19 28:17 30:6 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

knowing(1) 29:4
known(1) 15:14
knows(1) 16:14
kreller(1) 2:40
kuehnlenz(1) 4:30
laps(1) 30:1
largest(1) 38:22
last(4) 11:15 11:25 25:23 26:22
later(2) 13:21 14:2
law(2) 2:24 30:19
leblanc(1) 2:33
legal(2) 7:15 17:24
let(2) 12:24 15:15
liberty(1) 1:34 2:35
lifshitz(1) 4:31
like(6) 6:7 11:13 13:12 19:9 20:24 20:25
liquidation(1) 19:9
listen(1) 30:6
litigated(2) 18:1 18:2
litigation(2) 18:6 27:4
little(1) 7:12
llp(6) 1:25 2:12 3:5 3:27 4:10 4:20
longer(1) 26:19
look(9) 9:5 11:13 11:18 12:5 12:19 13:25 14:1 20:12
looked(3) 8:2 12:25 13:11
looking(8) 8:4 13:19 13:20 14:12 16:7 16:14
lorenzo(1) 4:12
loring(1) 3:8
los(1) 2:43
lose(1) 9:20
lost(1) 28:7
lot(4) 10:1 19:1 21:16 25:20
lowenthal(1) 2:26
lower(1) 19:4
luxury(2) 29:3 29:7
mace(1) 1:38
made(8) 16:17 17:11 25:11 25:14 26:3 29:6 30:11 31:11
main(1) 10:1
major(1) 14:18
make(3) 19:12 19:15 20:9 20:10 25:18 27:3 28:16 28:25
makes(1) 19:9
making(1) 32:1
management(1) 4:46
managers(1) 23:7
manifest(2) 30:19 30:25
manner(1) 21:13
many(2) 11:3 22:17
maria(1) 5:13
marissa(1) 4:12
market(5) 9:11 11:13 11:18 12:5 13:25 14:1 26:7
materials(2) 18:5 18:8
matter(2) 22:11 33:4
matthew(1) 4:29
maximize(1) 9:18
maximum(2) 8:25 24:25
mccloy(2) 2:1 2:39
mean(2) 13:9 32:7
meantime(1) 17:18
mediation(2) 23:16 29:8
mediations(1) 21:25
meet(4) 18:6 21:7 21:8 23:22
meet-and(1) 16:22
meet-and-confer(5) 10:11 11:2 25:13 26:1 26:7
melnik(1) 5:18
member(2) 29:13 29:16
merger(1) 5:12
merits(2) 6:20 24:3
milbank(2) 2:1 2:39
million(10) 9:1 9:3 16:4 19:3 22:5 23:6 24:11 24:25 28:3 28:10
millions(1) 22:6
misrepresentation(1) 12:17
misses(1) 15:11
misstated(1) 14:14
mistake(2) 20:9 20:11
misunderstands(1) 18:17
mkt(1) 3:37
monday(7) 20:3 25:11 25:11 25:20 32:5 32:9 32:16
money(2) 29:22 30:3
monitor(2) 3:41 4:4
months(1) 15:14
more(2) 21:15 22:7
morning(2) 10:16 32:9
morris(1) 1:25
motion(13) 6:4 6:6 6:12 6:22 7:14 7:22 9:11 12:22 14:4 30:20 30:22 31:2 31:18
motions(10) 13:3 13:13 13:13 14:8 14:8 20:13 20:19 20:22 26:13 26:17
motives(1) 6:24
mouth(1) 30:3
move(3) 17:8 21:6 27:20
moved(1) 31:6

moving(1) 10:1
much(8) 6:7 6:18 15:2 15:24 22:16 22:20 26:19 26:19
muchin(1) 4:35
multiple(1) 18:2
murphy(1) 4:5
must(6) 7:18 7:20 8:19 13:21 14:2 31:16
narrow(3) 23:10 23:13 26:4
narrowed(3) 11:23 11:24 32:10
near(1) 23:8
nearly(1) 31:13
necessary(9) 7:16 7:24 9:12 11:6 12:11 12:13 13:14 24:8 31:24
need(3) 15:8 21:15 30:13
needed(1) 16:25
negotiation(1) 23:16
neighborhood(1) 28:4
neither(1) 21:1
networks(1) 1:8
never(2) 17:17 25:16
new(3) 1:35 2:28 2:36 3:11 3:30 3:44 4:16 29:8
newly(1) 30:18
next(1) 25:24
nichols(1) 1:25
nick(1) 2:32
night(2) 17:5 17:16
non-public(1) 29:21
nortel(8) 1:8 2:11 4:19 8:7 31:13 31:24 32:2 32:10
north(1) 1:28 4:6 4:22
not(54) 6:20 6:22 6:23 7:4 7:7 7:19 8:1 8:22 8:22 9:6 11:6 11:22 12:9 12:19 13:16 13:21 14:2 15:9 15:22 16:8 16:10 16:16 16:18 18:13 19:19 20:1 20:4 21:10 21:11 21:15 21:20 21:22 22:3 22:3 22:9 22:10 22:11 24:4 25:22 25:25 27:9 27:13 29:3 29:7 29:15 30:13 30:15 30:18 30:18 30:24 32:1 32:11
note(1) 21:8
notes(1) 30:23
nothing(7) 8:14 10:8 18:23 24:19 24:22 26:10 28:18
notice(2) 6:19 22:4
november(17) 7:8 7:22 8:2 10:4 10:6 11:24 12:16 14:13 16:23 17:4 20:3 26:2 26:5 26:22 26:24 30:8 31:21
now(20) 6:3 7:21 8:17 10:19 12:21 14:12 15:10 16:17 18:16 19:7 19:21 20:8 22:10 23:17 26:12 27:25 28:8 28:21 30:2 31:20
number(5) 16:17 17:23 17:24 22:2 28:10
nuts(1) 29:25
o'clock(1) 32:16
object(1) 16:11
objection(12) 6:21 6:21 7:3 7:9 7:24 8:14 8:19 17:8 24:3 24:7 27:11 28:16
objections(2) 11:13 28:9
objective(4) 11:12 12:4 12:18 13:1
obstacle(3) 9:14 9:23 28:22
obviously(1) 24:1
october(7) 11:21 13:10 13:12 14:23 20:18 26:15 26:18
off(1) 10:17
official(2) 3:4 23:14
okay(7) 13:23 14:17 14:18 15:22 15:24 27:17 30:5
once(1) 17:17
one(11) 1:34 2:15 3:9 10:11 21:25 21:25 22:20 25:24 26:8 27:16 29:2
only(9) 9:14 9:22 10:25 19:21 23:3 24:8 25:3 30:13 30:17
onto(1) 25:6
opponent(1) 6:24
opposition(6) 6:6 7:6 7:16 8:17 10:2 24:10
order(13) 7:7 10:4 10:14 11:8 12:16 13:20 14:12 14:16 18:25 20:15 25:25 26:9 31:21
orders(1) 18:22
original(1) 28:13
originally(1) 28:8
other(9) 9:14 13:5 16:15 22:5 22:18 23:2 25:3 27:19 29:2
our(16) 6:2 6:24 8:10 8:11 9:21 12:19 14:11 14:14 16:1 20:11 21:3 21:7 23:2 24:15 26:5 28:24
out(6) 8:21 9:4 13:4 13:2 24:19 29:17
outside(2) 9:9 27:16
over(7) 18:3 18:3 21:4 22:5 28:21 30:3 31:24
overall(1) 10:15
overcome(1) 9:23
overturn(1) 7:19
overy(1) 3:41
own(5) 21:14 23:2 23:4 25:25 29:14
p.a(1) 3:21
p.m(5) 1:15 6:1 17:6 20:4 32:19
pachulski(1) 3:34
page(6) 8:5 8:9 8:11 13:20 14:1 15:7
paid(5) 16:4 16:5 19:3 19:5 24:11 28:11

pain(1) 16:10
papers(13) 6:5 7:6 7:21 7:23 8:17 8:21 9:16 10:2 14:14 20:10 20:11 24:10 24:14
paradigm(1) 17:20
paragraph(3) 13:21 14:2 26:14
park(3) 2:41 3:9 4:15
part(2) 12:10 13:7
particularly(1) 29:12
parties(10) 10:22 11:3 21:18 22:6 27:4 31:17 31:21 31:23 32:6 32:14
party(5) 4:42 4:46 5:4 5:8 5:12
past(1) 17:8
patterson(1) 2:7
paula(2) 2:6 6:13
pbge(71) 4:10 6:5 6:20 7:7 7:11 7:13 7:18 8:20 9:18 9:19 10:3 10:5 10:11 10:13 10:25 11:15 11:22 12:6 12:10 12:15 16:16 16:2 16:4 16:6 16:7 16:14 17:2 17:13 17:25 18:4 18:4 18:17 18:19 19:17 19:25 20:1 20:9 20:24 21:5 21:12 21:19 22:8 22:22 22:24 23:5 23:12 23:17 23:19 24:12 24:12 25:8 25:10 25:21 26:2 26:22 27:7 27:15 27:25 28:17 28:22 29:13 29:21 30:9 30:12 30:18 30:22 30:24 31:2 31:9 31:15 31:25 32:10
pbgc's(23) 7:24 8:18 8:25 9:2 9:12 9:22 10:17 12:14 12:22 18:24 18:25 19:2 21:3 23:4 24:16 24:21 24:24 25:1 25:7 27:20 28:3 30:16 31:18
peg(1) 5:5
pending(1) 31:13
pennsylvania(1) 1:42
pension(3) 2:4 3:20 6:10
people(2) 22:17 29:11
perceived(1) 9:23
perfectly(1) 22:23
period(7) 11:22 12:3 14:15 20:20 26:18 26:25 30:3
permitted(2) 7:18 7:20
persuade(1) 30:24
peter(1) 3:35
picked(1) 26:8
piper(1) 5:17
place(2) 2:35 7:13
plan(26) 8:13 8:15 8:23 8:24 9:3 9:5 9:7 9:7 9:8 15:12 16:5 16:6 16:11 16:13 17:8 19:6 19:9 19:25 24:13 24:20 24:20 24:23 25:1 25:10 28:15 31:10
plaza(1) 1:34
pleading(1) 14:11
pleasant(1) 21:4
please(1) 17:18
pleasure(1) 15:4
pocket(1) 12:19
podium(1) 16:21
pohl(1) 2:14
point(9) 6:8 8:18 9:11 10:1 10:16 15:12 18:2 22:20 27:19
pointed(3) 9:4 12:18 24:19
pointing(1) 26:12
points(2) 7:1 15:6
possession(2) 22:9 22:15
possibility(2) 9:9 16:21
possible(5) 9:14 11:25 19:13 19:16 21:14 25:25
potential(2) 2:7 30:20
power(3) 9:18 20:2 25:4
ppearances(4) 1:23 2:1 3:1 4:1
precedent(1) 22:13
prejudice(7) 7:11 21:17 21:22 29:1 29:9 29:9 29:10
prejudiced(2) 22:7 30:2
prejudicial(1) 26:7
preparation(1) 13:8
prepare(1) 14:11
prepared(5) 7:2 19:24 21:5
preparing(1) 22:1
present(3) 11:11 11:15 12:9
presented(2) 12:7 12:13
presenting(1) 12:21
preserve(2) 16:8 16:9
preston(1) 3:14
pretend(1) 30:1
pretrial(1) 20:19
pretty(2) 8:21 14:12
prevail(1) 30:18
previous(1) 7:19
prior(5) 16:3 16:9 16:12 19:1 22:2
probability(1) 24:17
problem(3) 8:23 17:13 25:15
proceeding(5) 7:9 8:15 11:19 13:15 27:2
proceedings(4) 1:18 1:46 8:22 33:4
produce(1) 18:15
produced(3) 1:17 18:5 18:8
producing(1) 18:8
professional(1) 23:7
promised(1) 10:7
proposal(5) 19:25 25:10 25:14 25:21 26:5
proposals(1) 10:12

proposed(9) 8:24 9:21 9:24 10:10 25:24 26:7 26:8 26:24 31:10
provide(4) 17:11 22:9 22:22 32:2
provided(7) 11:13 17:10 23:1 23:6 25:6 26:1 30:7
provides(3) 9:9 26:15 28:2
purposes(9) 9:22 19:21 19:24 27:21 30:13 30:17
put(3) 7:1 21:24 30:2
putting(1) 10:17
question(6) 6:23 7:2 7:4 7:5 12:24 27:9
quickly(3) 8:8 14:12 19:12
quietly(1) 28:18
raised(3) 9:14 25:16 31:12
raising(1) 11:17
rates(1) 18:1
rate(2) 22:19 22:24
reach(1) 28:4
read(3) 6:5 6:5 13:5
readily(2) 18:10 18:12
ready(2) 23:17 23:18
real(2) 20:23 29:10
reality(1) 22:25
really(9) 8:13 8:19 9:6 10:7 11:25 13:16 24:4 24:8 32:3
reason(8) 8:8 8:11 8:19 12:13 19:7 22:13 25:3 27:2
reasonable(4) 19:25 20:1 22:23 25:9
reasons(2) 8:21 30:7
rebut(1) 7:6
rebuttal(1) 14:6
receive(1) 11:22
received(7) 10:9 10:9 10:25 17:4 17:6 18:13 20:4
recess(1) 32:15
recessed(1) 17:7
recognizes(1) 31:15
reconsider(1) 30:10
reconsideration(1) 30:20
record(4) 16:19 18:13 30:7 28:19
recorded(1) 1:46
recording(2) 1:46 33:3
recoveries(2) 28:2 29:6
red(1) 17:19
reduce(4) 11:11 24:16 30:12 30:17
reduced(2) 16:3 24:11
reed(1) 2:19
regardless(1) 28:16
rehash(1) 6:22
reid(1) 4:13
relating(1) 19:2
relatively(2) 23:9 23:13
relevant(2) 20:21 24:5
relief(1) 15:11
relies(1) 30:24
remains(2) 31:19 32:13
remming(1) 1:27
renaissance(1) 3:16
reorg(1) 4:42
reorganization(1) 15:12
request(9) 10:6 10:24 11:1 11:23 11:24 16:1 16:23 17:18 26:10
requests(5) 17:12 17:19 21:9 21:10 26:22
require(1) 11:4
requires(1) 24:21
research(1) 4:42
reserve(3) 9:4 19:8 19:9
resolution(5) 7:2 10:17 18:25 24:6 24:21
resolve(2) 8:7 8:7
resolved(5) 8:20 9:10 16:8 16:11 20:16 21:23 21:25 28:5
responded(1) 19:24
response(4) 9:11 10:2 30:11 31:25
result(1) 9:19
revised(3) 10:6 10:24 26:21
right(19) 6:15 9:1 13:19 13:23 14:10 14:17 14:21 16:9 17:22 23:20 23:24 27:6 27:17 27:17 27:20 27:25 27:25 28:8 30:5
rooms(1) 29:8
rooney(1) 4:4
rothschild(1) 4:20
rudnick(1) 2:12
rule(1) 30:6
ruled(1) 7:17
rulings(1) 11:5
rush(1) 27:2
said(6) 15:8 16:22 18:10 19:19 20:5 25:8
same(4) 8:12 19:7 26:14 27:16
samis(1) 3:15
sanjana(1) 4:43
sarah(1) 4:13
saturday(2) 17:5 17:16
say(6) 14:4 16:3 17:17 22:23 24:24 32:7
saying(2) 13:16 28:23
says(1) 8:9

| Word | Page:Line |
|---|---|
| schedule(28) 6:18 6:23 7:14 8:3 9:5 10:9 11:14 12:6 13:12 17:3 17:10 17:21 20:12 20:14 20:20 20:24 20:25 21:12 23:22 26:3 26:16 26:20 30:15 31:7 31:11 31:16 31:23 32:4 | |
| scheduled(3) 24:18 26:13 31:19 | |
| scheduling(7) 20:15 30:7 30:10 30:21 30:25 31:4 31:5 | |
| schlerf(1) 41:2 | |
| schuylkill(1) 1:41 | |
| season(1) 31:16 | |
| second(5) 7:5 10:1 10:21 12:15 17:17 | |
| see(7) 8:2 9:10 12:5 13:10 14:4 24:8 27:1 | |
| seems(2) 15:21 25:5 | |
| selinda(1) 5:18 | |
| send(2) 10:7 17:18 | |
| sense(5) 8:11 26:4 27:3 28:16 28:25 | |
| sensible(2) 7:10 10:18 | |
| sent(3) 17:2 17:16 20:3 | |
| september(2) 20:15 26:13 | |
| serious(2) 27:5 31:9 | |
| served(1) 26:21 | |
| service(2) 1:40 1:47 | |
| services(1) 1:40 | |
| set(6) 6:23 7:14 8:3 8:21 20:12 26:16 | |
| setting(1) 17:2 | |
| settlement(5) 8:23 9:8 18:17 24:20 24:24 | |
| seventh(1) 3:29 | |
| several(1) 10:10 | |
| severely(1) 12:8 | |
| shape(1) 28:20 | |
| short(1) 6:19 | |
| should(12) 7:4 8:10 8:12 8:16 8:22 23:17 24:18 24:18 27:16 27:18 30:14 | |
| shouldn't(1) 28:23 | |
| shows(1) 23:3 | |
| sides(3) 31:7 31:8 32:8 | |
| simple(1) 21:18 | |
| simply(9) 9:21 10:4 12:17 16:24 17:7 18:6 19:22 24:14 25:25 | |
| simultaneously(1) 27:15 | |
| since(4) 10:5 25:19 25:21 25:21 | |
| sir(2) 6:11 14:25 | |
| sit(1) 29:25 | |
| sitting(6) 23:14 23:15 28:17 28:21 29:7 29:11 | |
| situation(1) 8:7 | |
| smith(1) 5:19 | |
| solus(1) 4:46 | |
| solution(4) 9:20 9:25 25:6 25:15 | |
| solves(1) 19:19 | |
| some(4) 8:21 11:17 25:7 26:7 | |
| somehow(5) 9:18 9:19 10:3 10:13 25:21 | |
| something(4) 8:1 9:24 13:12 24:9 | |
| somewhat(1) 11:1 | |
| somewhere(2) 13:23 28:4 | |
| soon(2) 16:20 19:15 | |
| sorry(3) 13:25 15:25 27:8 | |
| sound(2) 1:46 33:3 | |
| soup(1) 29:25 | |
| speak(2) 6:12 14:21 | |
| specific(1) 9:24 | |
| spent(1) 24:2 | |
| sri(1) 4:30 | |
| stand(2) 12:17 32:15 | |
| standard(4) 11:12 12:4 12:18 13:1 | |
| standing(1) 16:20 | |
| stang(1) 3:34 | |
| start(4) 8:10 12:3 18:4 26:21 | |
| stated(2) 24:9 24:14 | |
| statement(3) 10:20 25:11 28:1 | |
| statements(1) 16:18 | |
| states(5) 1:1 1:20 18:21 19:14 29:12 | |
| ste(2) 3:16 3:23 | |
| steen(2) 1:32 4:28 | |
| stephen(1) 4:48 | |
| steven(1) 2:14 | |
| still(3) 9:3 16:20 25:1 | |
| stonewalling(3) 10:3 12:16 31:25 | |
| story(1) 20:23 | |
| strategies(2) 29:4 29:5 | |
| strauss(1) 3:5 | |
| street(6) 1:11 1:41 2:7 3:17 4:6 4:22 | |
| strong(1) 8:21 | |
| substance(1) 8:8 | |
| substantial(2) 16:13 28:9 | |
| substantive(7) 9:11 10:19 10:23 19:3 27:4 27:7 27:12 | |
| suggested(2) 19:17 19:22 | |
| suggestion(2) 17:10 30:17 | |
| suggests(1) 31:24 | |
| suite(2) 4:6 4:22 | |
| sum(1) 12:12 | |
| support(7) 8:12 8:24 9:9 9:16 24:20 24:24 30:20 | |
| supposed(1) 20:13 | |
| sure(2) 22:21 27:9 | |
| tactically(1) 24:15 | |
| taken(2) 20:1 20:19 | |
| taking(1) 13:2 | |
| tale(1) 28:17 | |

| Word | Page:Line |
|---|---|
| talk(5) 9:25 10:8 19:20 32:9 32:15 | |
| talked(1) 18:7 | |
| talking(8) 13:4 17:23 21:17 21:17 22:18 28:11 29:9 31:5 | |
| taylor(1) 3:14 | |
| technical(1) 29:18 | |
| teleconference(1) 32:5 | |
| telephone(3) 4:26 5:1 6:3 | |
| tell(1) 21:3 | |
| telling(2) 17:6 23:20 | |
| tens(1) 12:6 | |
| term(1) 29:18 | |
| terms(9) 15:10 16:13 17:22 22:1 22:11 28:2 28:15 28:15 29:1 | |
| testimony(7) 11:10 21:24 22:21 23:11 23:11 23:12 23:16 | |
| than(6) 13:21 14:2 16:15 22:7 26:19 27:24 | |
| thank(4) 6:17 15:1 15:24 32:14 | |
| that(215) 6:13 7:5 7:7 7:9 7:17 7:18 7:20 7:21 7:22 7:23 8:1 8:3 8:4 8:5 8:7 8:12 8:13 8:16 8:17 8:18 8:21 9:2 9:4 9:7 9:14 9:17 9:17 9:19 9:20 9:20 9:23 9:25 10:2 10:5 10:7 10:8 10:9 10:11 10:12 10:13 10:16 10:23 10:24 10:25 11:2 11:4 11:5 11:6 11:9 11:14 11:15 11:17 11:17 11:21 11:25 12:2 12:4 12:5 12:5 12:7 12:11 12:15 12:21 13:1 13:12 14:11 14:14 14:14 15:8 15:8 15:11 15:14 15:14 15:15 15:17 16:2 16:4 16:10 16:14 16:15 16:23 17:15 17:7 17:7 17:10 17:11 17:13 17:14 17:16 18:4 18:5 18:7 18:8 18:14 18:15 18:16 18:18 18:19 18:20 18:23 19:7 19:10 19:10 19:13 19:17 19:18 19:19 19:20 19:21 19:24 20:1 20:2 20:3 20:4 20:5 20:12 20:15 20:20 20:21 20:23 21:12 21:16 21:18 21:19 21:21 21:13 21:14 21:16 21:22 21:24 22:4 22:5 22:7 22:8 22:13 22:14 22:16 22:20 22:21 22:23 22:24 23:1 23:3 23:4 23:5 23:19 23:20 23:22 23:24 24:14 24:17 24:18 24:21 24:24 25:3 25:5 25:7 25:23 25:8 25:9 25:10 25:11 25:16 25:20 25:22 25:24 25:24 25:25 26:3 26:4 26:6 26:8 26:10 26:15 26:16 26:17 26:21 26:22 26:27 27:10 27:15 27:19 27:21 27:24 27:25 28:1 28:3 28:6 28:7 28:14 28:21 29:6 29:17 29:22 30:1 30:10 30:17 30:19 30:23 30:24 31:3 31:12 31:24 31:25 32:1 32:2 32:7 32:14 32:15 33:2 | |
| that's(13) 8:24 9:1 9:5 10:4 11:7 12:4 12:11 13:10 18:19 19:22 21:24 24:24 26:13 | |
| the(301) 1:1 1:2 1:19 2:27 3:16 3:41 3:43 6:2 6:3 6:3 6:4 6:4 6:5 6:5 6:6 6:6 6:10 6:11 6:12 6:15 6:18 6:20 6:21 6:21 6:23 7:2 7:2 7:3 7:3 7:4 7:4 7:6 7:7 7:9 7:10 7:11 7:14 7:15 7:15 7:17 7:17 7:21 7:22 7:23 7:24 7:25 7:25 8:1 8:2 8:3 8:4 8:6 8:6 8:12 8:14 8:14 8:18 8:18 8:19 8:20 8:20 8:22 8:23 8:24 9:2 9:3 9:5 9:5 9:7 9:7 9:8 9:11 9:12 9:14 9:15 9:15 9:16 9:22 9:22 9:23 9:24 10:2 10:3 10:3 10:6 10:7 10:8 10:10 10:13 10:14 10:15 10:17 10:17 10:18 10:20 10:20 10:22 10:24 10:25 11:1 11:2 11:6 11:7 11:13 11:17 11:13 11:13 11:14 11:16 11:17 11:17 11:18 11:19 11:19 11:20 11:23 11:23 11:23 11:25 12:2 12:5 12:6 12:7 12:8 12:10 12:11 12:12 12:14 12:16 12:18 12:20 12:21 12:22 12:23 12:24 12:25 13:1 13:2 13:2 13:5 13:7 13:8 13:8 13:9 13:11 13:12 13:12 13:16 13:20 13:23 13:24 14:4 14:5 14:12 14:13 14:15 14:15 14:16 14:17 14:21 14:21 14:25 15:4 15:6 15:6 15:7 15:9 15:11 15:12 15:16 15:17 15:18 15:18 15:19 15:22 16:2 16:2 16:4 16:5 16:6 16:7 16:8 16:9 16:11 16:11 16:11 16:12 16:13 16:14 16:15 16:16 16:16 16:17 17:1 17:1 17:2 17:2 17:3 17:3 17:4 17:4 17:8 17:10 17:11 17:13 17:14 17:14 17:15 17:17 17:16 17:16 17:17 17:19 17:20 17:21 17:22 17:24 17:25 18:3 18:3 18:4 18:6 18:8 18:9 18:10 18:13 18:14 18:14 18:16 18:16 18:17 18:18 18:19 18:21 18:22 18:23 18:24 18:25 19:1 19:3 19:4 19:6 19:7 19:11 19:11 19:13 19:14 19:16 19:17 19:17 19:17 19:25 20:1 20:3 20:5 20:5 20:7 20:8 20:9 20:9 20:11 20:12 20:14 20:14 20:15 20:16 20:17 20:17 20:18 20:18 20:20 20:22 20:24 20:24 20:25 21:1 21:2 21:3 21:4 21:6 21:9 21:12 21:12 21:15 21:18 21:19 21:21 21:24 21:25 22:1 | |

| Word | Page:Line |
|---|---|
| the(223) 22:3 22:5 22:5 22:8 22:8 22:13 22:15 22:17 22:18 22:19 22:21 22:22 22:24 22:24 23:3 23:4 23:4 23:4 23:5 23:6 23:6 23:9 23:10 23:12 23:13 23:13 23:14 23:17 23:18 23:19 23:20 23:22 23:24 24:3 24:3 24:5 24:5 24:5 24:6 24:7 24:8 24:10 24:10 24:12 24:13 24:14 24:16 24:17 24:20 24:20 24:21 24:22 24:23 24:14 24:14 24:25 25:3 25:4 25:6 25:7 25:8 25:9 25:10 25:10 25:11 25:16 25:19 25:19 25:19 25:20 25:21 25:24 25:24 25:24 26:2 26:5 26:6 26:7 26:8 26:9 26:11 26:12 26:14 26:14 26:16 26:17 26:19 26:20 26:21 26:22 26:23 26:24 27:3 27:4 27:4 27:6 27:7 27:10 27:10 27:16 27:17 27:19 27:19 27:20 27:21 27:23 27:25 27:25 27:25 28:3 28:3 28:4 28:5 28:7 28:13 28:17 28:19 28:21 28:22 28:22 28:22 29:1 29:1 29:2 29:3 29:4 29:5 29:6 29:7 29:7 29:10 29:10 29:12 29:12 29:13 29:16 29:17 29:17 29:19 29:21 29:21 29:22 29:22 29:24 30:4 30:5 30:6 30:7 30:7 30:9 30:9 30:10 30:10 30:11 30:12 30:13 30:14 30:15 30:15 30:15 30:16 30:16 30:18 30:19 30:20 30:21 30:22 30:23 30:23 30:24 30:24 31:1 31:2 31:2 31:2 31:3 31:4 31:4 31:5 31:5 31:7 31:9 31:9 31:10 31:12 31:16 31:16 31:17 31:17 31:17 31:18 31:18 31:20 31:21 31:21 31:23 31:24 31:25 32:2 32:10 32:12 32:14 32:14 32:19 33:2 33:3 33:3 33:4 | |
| their(28) 8:17 9:17 10:12 11:1 12:15 15:17 16:22 19:14 19:19 20:1 23:20 28:10 28:14 28:20 26:21 27:15 28:5 28:6 28:8 28:9 28:10 28:13 30:1 30:1 30:3 30:3 31:23 | |
| them(12) 10:9 16:15 17:11 18:7 21:10 21:11 21:11 21:20 25:17 25:18 25:23 28:19 | |
| then(7) 13:23 14:5 16:5 21:21 28:11 28:23 | |
| theories(2) 29:5 29:24 | |
| there(16) 7:23 8:19 9:1 9:5 10:7 14:11 15:16 15:21 16:12 18:18 19:2 21:6 22:12 24:23 26:2 30:1 | |
| there's(19) 9:4 9:6 10:1 10:12 11:9 11:10 12:8 12:10 13:7 13:8 19:7 19:8 19:10 21:15 22:12 24:19 24:22 24:22 25:20 26:9 | |
| therefore(7) 16:9 16:10 17:1 24:17 30:13 30:16 30:21 31:11 31:23 | |
| these(7) 8:6 9:9 11:12 18:1 19:13 29:4 29:11 | |
| they(62) 6:7 7:16 9:16 9:17 9:24 11:1 13:15 16:5 16:6 16:24 16:25 17:14 17:17 17:25 18:1 18:2 18:2 18:8 18:10 18:12 18:14 18:15 19:4 19:5 19:10 19:18 19:23 20:9 21:15 21:20 21:21 21:22 22:8 22:12 22:16 22:22 22:25 23:7 25:11 25:12 25:13 25:13 25:13 25:23 26:6 26:21 28:3 28:4 28:6 28:7 28:10 29:8 29:16 29:17 29:22 29:23 29:23 29:24 29:25 29:25 32:11 | |
| they'll(2) 24:11 | |
| they're(3) 16:20 29:15 30:2 | |
| they've(3) 18:5 23:1 30:2 | |
| thing(1) 28:14 | |
| think(14) 7:4 12:4 12:12 14:10 15:11 16:15 17:19 17:21 20:23 23:9 23:13 24:15 29:10 30:6 | |
| third(3) 7:8 10:15 12:18 | |
| this(45) 6:7 6:9 6:19 7:13 7:19 8:7 9:11 9:19 10:5 10:16 11:2 11:5 11:16 11:12 11:20 11:24 12:1 12:5 12:8 13:15 13:24 14:1 15:17 16:8 16:11 16:19 17:12 18:2 19:9 20:13 21:18 22:8 23:17 25:4 25:11 25:15 26:20 27:2 27:24 28:14 28:20 30:16 31:22 32:3 | |
| thomas(2) 2:40 4:38 | |
| those(5) 12:13 13:14 14:8 18:17 18:22 21:10 22:2 24:23 | |
| though(1) 18:14 | |
| three(3) 7:1 13:12 14:8 | |
| through(4) 15:20 15:22 31:1 32:13 | |
| time(18) 8:12 9:15 10:5 11:6 11:15 13:9 15:15 20:21 21:15 24:2 25:18 28:11 31:3 31:11 31:14 32:10 | |
| timeline(2) 20:10 20:11 | |
| times(4) 10:10 18:2 26:7 26:8 | |
| timing(4) 7:25 12:20 24:23 25:19 | |
| today(7) 6:20 6:25 8:18 21:10 21:11 25:13 31:25 | |
| told(6) 16:25 17:14 18:12 18:14 18:14 21:8 | |
| tomorrow(1) 16:23 | |
| took(1) 21:19 | |
| toronto(1) 29:8 | |
| total(1) 13:9 | |
| tower(1) 3:10 | |
| trade(2) 21:4 4:20 | |
| transcriber(1) 33:8 | |
| transcript(5) 1:18 1:47 8:2 8:5 33:3 | |
| transcription(3) 1:40 1:40 1:47 | |
| transcripts(1) 15:6 | |
| trial(6) 11:7 11:11 11:12 12:2 12:21 26:24 | |
| tried(1) 25:17 | |
| true(1) 18:18 | |

| Word | Page:Line |
|---|---|
| trust(1) 4:35 | |
| trustee(1) 2:25 | |
| try(4) 11:11 11:18 15:5 21:12 | |
| trying(2) 8:12 9:18 | |
| tuesday(5) 10:6 10:10 10:25 11:24 17:12 | |
| tunis(1) 4:32 | |
| tunnell(1) 1:25 | |
| turned(1) 16:21 | |
| tweed(2) 2:31 2:39 | |
| two(2) 11:18 14:6 | |
| tyler(1) 2:25 | |
| u.k.(2) 3:20 19:14 | |
| u.s.(18) 11:14 11:19 12:8 12:9 12:25 13:4 13:5 13:15 13:20 17:20 18:3 18:9 20:8 22:22 26:11 30:23 31:3 31:4 | |
| under(2) 9:6 26:20 | |
| understand(1) 29:15 | |
| unduly(2) 12:6 27:2 | |
| unfathomable(1) 29:20 | |
| unfortunately(1) 11:4 | |
| united(5) 1:1 1:20 18:21 19:14 29:12 | |
| unsecured(2) 3:5 23:15 | |
| until(15) 7:5 7:9 8:1 9:8 10:5 10:9 10:17 11:24 12:23 17:5 19:11 25:15 26:5 26:18 32:20 | |
| unwilling(1) 20:6 | |
| upon(2) 30:1 30:24 | |
| urgency(1) 27:1 | |
| using(1) 23:7 | |
| vacation(1) 21:3 | |
| very(12) 6:17 6:18 11:11 15:2 15:7 15:24 17:2 18:22 21:24 23:12 27:5 29:18 | |
| view(1) 8:10 | |
| virtually(1) 8:18 | |
| vital(1) 7:3 | |
| voice(1) 15:20 | |
| voluminous(1) 10:21 | |
| vote(6) 16:5 16:6 19:5 19:25 24:12 25:10 | |
| voting(10) 9:17 9:22 19:21 19:23 20:2 25:4 27:20 30:12 30:13 30:17 | |
| wait(3) 10:5 17:17 25:13 | |
| waiting(1) 29:13 | |
| walk(1) 29:16 | |
| want(5) 9:25 15:9 15:11 19:20 24:4 | |
| wanted(2) 6:13 10:16 | |
| wants(1) 19:15 | |
| warren(1) 4:10 | |
| was(46) 7:16 7:23 7:23 8:1 8:13 9:7 9:14 9:18 10:7 11:14 11:21 11:22 12:2 13:5 14:9 15:7 16:24 16:24 16:25 17:7 20:2 20:12 20:15 20:16 20:18 20:20 20:21 21:22 22:2 22:4 22:10 22:12 22:16 22:20 22:20 23:25 25:16 25:16 25:25 26:2 26:17 26:22 28:6 28:24 31:19 32:19 | |
| washington(3) 2:8 2:22 4:39 | |
| wasn't(3) 20:21 21:4 24:9 | |
| wat(1) 21:5 | |
| watching(1) 23:16 | |
| way(2) 23:5 28:20 | |
| wazoo(1) 29:18 | |
| we'll(1) 13:17 | |
| we're(19) 6:22 6:23 7:6 7:8 7:19 8:13 12:21 13:4 15:22 17:23 21:16 21:17 22:18 24:13 28:11 28:21 29:9 31:5 | |
| we've(9) 9:20 11:13 12:18 25:6 25:14 25:17 | |
| webb(1) 2:25 | |
| week(5) 11:2 15:7 17:12 21:10 25:23 | |
| weekend(1) 31:24 | |
| weeks(10) 11:22 12:4 13:10 13:13 14:6 14:8 14:15 26:19 26:20 26:25 | |
| weiss(1) 2:34 | |
| well(18) 10:19 13:7 13:14 13:19 13:25 14:10 14:17 15:10 23:13 23:19 24:10 25:10 27:8 27:10 27:13 27:17 30:5 31:7 | |
| weren't(1) 24:14 | |
| what(7) 11:12 16:7 17:13 20:24 27:6 28:7 29:24 | |
| whatever(1) 26:16 | |
| when(14) 11:6 12:19 13:1 16:24 17:6 19:22 20:9 20:11 21:16 22:16 22:18 26:7 29:9 32:7 | |
| where(2) 28:11 30:3 | |
| whereupon(1) 32:19 | |
| whether(5) 19:18 21:21 22:10 22:11 29:8 | |
| which(20) 9:21 12:2 12:9 12:25 15:12 17:12 18:10 20:17 23:1 23:1 25:5 26:18 26:19 27:5 28:24 29:18 30:11 30:24 31:16 32:9 | |
| while(1) 16:20 | |
| whiteford(1) 3:14 | |
| who(8) 14:21 15:7 16:22 22:23 29:3 29:3 29:7 29:11 | |
| who's(1) 28:12 | |

| Word | Page:Line |
|---|---|

**whole**(1) 7:5
**why**(15) 6:25  7:2  7:8  7:16  8:14  8:19  8:21  8:22  9:12
10:17  11:5  12:13  12:20  15:11  21:19

**wife**(1) 21:3
**will**(34) 6:6  14:21  16:4  16:6  16:12  16:14  19:5  19:5
21:19  21:20  21:21  21:23  22:21  22:22  22:23  22:25
23:2  23:21  24:12  24:15  27:11  27:11  27:13  28:4  28:6
28:7  28:10  30:22  32:3  32:7  32:9  32:12  32:15  32:15

**willing**(3) 19:18  25:9  27:14
**willingness**(1) 6:18
**willkie**(1) 3:27
**wilmington**(9) 1:12  1:29  3:18  3:24  3:38  4:7  4:23
4:35  6:1

**wilson**(28) 2:5  4:14  6:9  6:9  6:12  6:17  12:24  13:7
13:14  13:19  13:25  14:10  14:19  14:20  15:11  15:13
16:17  16:21  17:6  17:16  19:19  19:22  20:3  20:5  22:20
23:24  24:1  27:10

**wilson's**(2) 15:5  28:17
**with**(38) 6:14  7:7  8:8  8:13  10:14  11:7  13:3  15:16
15:17  15:19  16:1  16:18  17:13  17:25  18:16  18:20
18:23  18:23  18:24  19:2  20:8  20:16  20:19  21:22
21:24  23:12  23:17  23:18  25:5  25:23  26:9  26:21
27:11  27:14  28:19  30:1  32:9  32:15

**won't**(2) 13:16  24:12
**words**(1) 13:5
**work**(1) 8:12
**workable**(1) 31:22
**world**(3) 22:13  22:17  29:12
**would**(25) 6:7  7:11  9:21  11:4  11:10  11:13  12:1  12:2
12:6  12:20  13:14  16:24  17:1  17:11  18:20  19:18
19:20  20:1  21:8  21:9  22:13  25:13  26:23  27:2  30:12

**wouldn't**(1) 26:3
**wrong**(2) 13:4  28:19
**www.diaztrans.com**(1) 1:44
**year**(1) 11:20
**years**(7) 21:20  21:23  23:14  28:12  28:21  28:24  31:14
**yes**(6) 6:11  14:20  14:25  24:1  27:23  29:19
**yesterday**(5) 10:21  18:7  21:7  21:11  28:1
**york**(8) 1:35  2:28  2:36  3:11  3:30  3:44  4:16  29:8
**you**(29) 6:16  6:17  9:5  11:18  11:18  12:19  12:24  13:25
14:1  14:4  14:10  14:19  15:1  15:8  15:9  15:24  20:12
20:24  23:21  23:22  23:25  25:12  26:20  27:11  27:19
28:17  30:6  32:9  32:16

**you're**(1) 23:20
**you've**(1) 12:25
**your**(42) 6:9  6:17  6:25  7:12  10:4  10:15  12:12  14:4
14:20  14:23  15:1  15:6  15:20  15:25  16:2  16:7  16:14
16:17  17:18  17:20  17:21  17:23  19:11  19:21  20:8
20:10  20:23  20:24  21:15  22:7  22:19  23:10  23:18
23:23  24:1  25:22  27:1  27:8  27:9  27:18  28:1  28:8

**zero**(1) 18:4
**ziehl**(1) 3:34