**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------------x
                                                                 :
*In re*                                                          :          Chapter 11
                                                                 :
NORTEL NETWORKS INC., *et al.*,[1]                               :          Case No. 09-10138 (KG)
                                                                 :
                                            Debtors.             :          Jointly Administered
                                                                 :
                                                                 :          **Hearing Date on Reconsideration: December**
                                                                 :          **20, 2016 at 10:00 a.m. ET**
                                                                 :          **Objection to Reconsideration Due:**
                                                                 :          **December 13, 2016 at 4:00 p.m. ET**
                                                                 :
                                                                 :          **Hearing Date on Claim Objection: January**
                                                                 :          **24, 2017 at 10:00 a.m. ET**
                                                                 :          **Objections to Claim Objection Due:**
                                                                 :          **December 30, 2016 at 4:00 p.m. ET**
                                                                 :
-----------------------------------------------------------------x

**MOTION, OBJECTION AND JOINDER OF LIQUIDITY SOLUTIONS, INC. TO THE**
**NORTEL TRADE CLAIMS CONSORTIUM'S (I) MOTION FOR**
**RECONSIDERATION AND VACATION OF THE BANKRUPTCY**
**COURT'S DECEMBER 18, 2014 PPI SETTLEMENT ORDER**
**AND (II) OBJECTION TO CROSSOVER BONDS CLAIMS[2]**

Liquidity Solutions, Inc. ("LSI"),[3] for its Motion, Objection and Joinder (this "Motion")

to the Nortel Trade Claims Consortium's (the "Trade Consortium") (i) Motion for

Reconsideration and Vacation of the Bankruptcy Court's December 18, 2014 PPI Settlement

---

[1] The U.S. debtors (the "Debtors") in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] In addition to joining in the relief sought by the Trade Consortium, LSI seeks reconsideration and vacation of the PPI Settlement Order and objects to the Crossover Bonds Claims independently and of its own accord. Consequently, this Motion shall constitute an independent motion and shall remain outstanding if, among other things, the Reconsideration Motion is withdrawn.

[3] LSI is a holder of allowed U.S. Trade Claims against the Debtors.

Order [Docket No. 14950][4] (the "PPI Settlement Order") and (ii) Objection to Crossover Bonds

Claims [Docket No. 17492] (the "Reconsideration Motion")[5], respectfully represents:

## MOTION, OBJECTION AND JOINDER

1.       On November 30, 2016, the Trade Consortium filed the Reconsideration Motion.

In the Reconsideration Motion, the Trade Consortium asserts that cause exists for this Court to

reconsider and vacate its PPI Settlement Order, in which, among other things, the Court

"provisionally"[6] allowed the Crossover Bondholders to assert an approximately $4.0 billion

general unsecured claim against the U.S. Debtors on the basis of factual premises which no

longer exist (among other things, in the context of a dispute over post-petition interest which has

since been mooted). In addition, the Trade Consortium objects to allowance of the Crossover

Bonds Claims against the U.S. Debtors on the grounds that the Court's Allocation Opinion

constitutes a *de facto* substantive consolidation of multiple debtor estates, thereby rendering

application of the *Ivanhoe* doctrine to the Crossover Bonds Claims inequitable and inapplicable

as a matter of law. LSI agrees with the Trade Consortium on these issues and joins in the

arguments set forth, and relief sought, in the Reconsideration Motion.

2.       LSI also seeks reconsideration and vacation of the PPI Settlement Order, and

objects to the Crossover Bonds Claims, independently and of its own accord. In addition to the

reasons set forth in the Reconsideration Motion (which are incorporated herein), and as LSI has

---

[4] *See Order Granting Debtors' Motion Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement By and Among Nortel Networks Inc., The Supporting Bondholders, and the Bank of New York Mellon With Respect to the NNI Post-Petition Interest Dispute and Related Issues* [D.I. 14950] (the "PPI Settlement Order" or the "Order").

[5] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Reconsideration Motion.

[6] The PPI Settlement Order expressly states that "[n]othing in the Settlement Agreement or this Order shall constitute a settlement of the manner in which any funds available for distribution shall be allocated among the creditors of the Debtors *in the event that less than the full amount of PPI can be paid to all creditors owed such amounts.*" *See* PPI Settlement Order, ¶ 7 (emphasis added).

2

previously stated in these cases,[7] in the wake of the Allocation Opinion, the allowance of the Crossover Bonds Claims against the U.S. Debtors should be reconsidered for another reason. The Allocation Opinion appears to constitute a *de facto* reclassification or recharacterization of the Crossover Bonds Claims vis-à-vis other U.S. General Unsecured Claims (the "Non-Bonds Claims") which warrants reexamining whether the Crossover Bonds Claims should be treated *pari passu* with the Non-Bonds Claims. Given that the PPI Settlement Order is the basis for such *pari passu* treatment under the SPSA settlement and the Plan, and the Allocation Opinion makes clear that the Court does not consider the Crossover Bonds Claims and the Non-Bonds Claims to be on equal footing with respect to the Debtors' assets, the PPI Settlement Order should be reconsidered.

3.    Prior to the Allocation Opinion, it was presumed that U.S. General Unsecured Claims and Crossover Bonds Claims each constituted rights of equal priority against the U.S. Debtors' assets. In the Allocation Opinion, however, the Court allocated zero Credit Proceeds on account of the Crossover Bonds Claims; all Creditor Proceeds allocated to the U.S. Debtors' estates based on unsecured claims were allocated to Non-Bonds Claims. In other words, the Court effectively held that the value of the asset pool available to the U.S. Debtor estates did not "extend to" or "cover" the Crossover Bonds Claims. It is now clear, therefore, that the Court

[7] See *Motion for Entry of Order (a) Authorizing and Directing Debtor, Nortel Networks Inc., to Make Interim Distributions on Allowed Administrative, Priority and Unsecured Claims or (b) Converting Cases to Chapter 7 Pursuant to Section 1112(b) of the Bankruptcy Code* [Docket No. 16638] (the "Motion to Compel"), ¶¶ 7, 36.

3

considers the Crossover Bonds Claims and the Non-Bonds Claims to be fundamentally different with respect to entitlement to, and priority against, the U.S. Debtors' assets.[8]

4.      Whether the Crossover Bonds Claims may be treated *pari passu* with the Non-Bonds Claims under the SPSA settlement and the Plan will presumably be addressed at confirmation. To the extent, however, that the holding in the PPI Settlement Order constitutes the basis for the Plan's *pari passu* treatment of the Crossover Bonds Claims and U.S. General Unsecured Claims, the distinction drawn by the Court with respect to such claims in the Allocation Opinion surely constitutes "cause" for the Court to reconsider whether the ruling in the PPI Settlement Order remains reasonable or permissible. Given that the practical result of the Court's rationale in the Allocation Opinion is that recoveries to holders of U.S. general unsecured claims plummet from at or near par to approximately 55.1 - 61.2 cents on the dollar (according to the Debtors' estimates) and holders of Crossover Bonds Claims stand to receive 100 cents on their claims, reconsideration of the PPI Settlement Order in light of the Allocation Opinion is the least the Court could do.

5.      In sum, more than sufficient "cause" exists for the Court to reconsider the PPI Settlement Order. The factual underpinnings that supported entry of the PPI Settlement Order no longer exist. Allowance of the Crossover Bonds Claims against the U.S. Debtors causes significant inequitable harm to holders of Non-Bonds Claims and potentially violates precedent

---

[8] For illustrative purposes only, the distinction drawn by the Court in the Allocation Opinion is analogous to that between secured and unsecured claims. Secured claims have specific assets "earmarked" for their benefit, to which holders of such claims have priority. General unsecured claims have no assets "earmarked" for their benefit; such claims have recourse against all assets generally, after payment of claims which have recourse against specific assets are paid. This distinction mirrors in large part what the Court did in the Allocation Opinion; the Court held that the Crossover Bonds Claims should not have Creditor Proceeds "earmarked" for their benefit, while Creditor Proceeds should be attributed to Non-Bonds Claims. Now, LSI clearly does not submit that the Court considered the Non-Bonds Claims to be secured claims under the Allocation Opinion. However, there is no question that the Court drew a distinction between Non-Bonds Claims and Crossover Bonds Claims that directly relates to the entitlement of holders of such claims to the Creditor Proceeds.

5

regarding substantive consolidation. In addition, the Court has clearly drawn a distinction between the Crossover Bonds Claims and the Non-Bonds Claims with respect to the Creditor Proceeds that fundamentally and materially causes harm to the holders of Non-Bonds Claims. Surely such distinction warrants reconsidering the holding in the PPI Settlement Order that Crossover Bonds Claims are entitled to *pari passu* treatment with the Non-Bonds Claims.

6.      LSI expressly reserves its right to amend and/or supplement this Motion.

WHEREFORE, LSI hereby (i) moves for reconsideration of the PPI Settlement Order, (ii) objects to the Crossover Bonds Claims, (iii) joins in the Reconsideration Motion (and incorporates the arguments set forth in the Reconsideration Motion as if fully set forth herein), (iv) reserves its rights, and (v) requests that the Court grant such other relief as may be just and proper.

Dated:  December 9, 2016

Respectfully submitted,

**ANDREWS KURTH KENYON LLP**

/s/ *Paul N. Silverstein*
Paul N. Silverstein (admitted *pro hac vice*)
Jeremy B. Reckmeyer (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

*Counsel to Liquidity Solutions, Inc.*