```
                    IN THE UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF DELAWARE


IN RE:                          )   Case No. 09-10138(KG)
                                )   (Jointly Administered)
                                )
NORTEL NETWORKS, INC., et al.,) Chapter 11
                                )
                                )   Courtroom 3
                                )   824 Market Street
            Debtors.            )   Wilmington, Delaware
                                )
                                )   November 8, 2016
                                )   10:00 a.m.
```

                       TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE JUDGE KEVIN GROSS
                    UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                    Morris Nichols Arsht & Tunnell, LLP
                                BY: ANDREW REMMING, ESQ.
                                1201 North Market St., 18th Floor
                                Wilmington, DE  19899-1347
                                302-351-9200

                                Cleary Gottlieb Steen & Hamilton
                                BY: LISA SCHWEITZER, ESQ.
                                BY: PASCALE BIBI, ESQ.
                                One Liberty Plaza
                                New York, NY  10006
                                212-225-2000

ECRO:                           GINGER MACE

Transcription Service:          DIAZ TRANSCRIPTION SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664
                                www.diaztrans.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)

For Official Committee of
Unsecured Creditors:               Whiteford Taylor Preston, LLP
                                   BY: CHANTELLE MCCLAMB, ESQ.
                                   405 North King Street
                                   Wilmington, DE  19801
                                   302-357-3266


TELEPHONIC APPEARANCES:

For the Monitor –                  Allen & Overy
Ernst & Young                      BY: JOSEPH BADTKE-BERKOW, ESQ.
                                   212-610-6417


For Interested Party,              Bank of America
Bank of America:                   BY: ESTHER CHUNG, ESQ.
                                   646-855-6705


For Interested Party,              Debtwire
Debtwire:                          BY: MARIA CHUTCHIAN, ESQ.
                                   646-378-3108


For U.K. Pension Trust:            Willkie Farr & Gallagher, P.C.
                                   BY: ANDREW HANRAHAN, ESQ.
                                   212-728-8170


For Official Committee             Akin Gump Strauss Hauer & Feld
Of Unsecured Creditors:            BY: ANTHONY LORING, ESQ.
                                   212-872-1000


For Interested Party,              Reorg Research, Inc.
Reorg Research, Inc.:              BY: JASON B. SANJANA, ESQ.
                                   212-588-8890


For Creditor,                      Bogdan Wislocki
Bogdan Wislocki:                   BY: BOGDAN WISLOCKI

1

1  WILMINGTON, DELAWARE, TUESDAY, NOVEMBER 8, 2016, 10:01 A.M.

2         THE CLERK:  Please rise.

3         THE COURT:  Good morning everyone.  You may be

4  seated.  It's good to see you all.

5         MS. SCHWEITZER:  Good morning, Your Honor.

6         THE COURT:  Mr. Remming, good morning.

7         MR. REMMING:  Good morning, Your Honor, for the

8  record, Andrew Remming, from Morris Nichols, for the U.S.

9  Debtors.

10         THE COURT:  Yes.

11         MR. REMMING:  We're working off the Agenda that we

12  filed on November 4th at Docket Item 338.

13         THE COURT:  Right.

14         MR. REMMING:  Items 1 and 2 on the Agenda Your

15  Honor has already entered Orders on those.  We appreciate

16  Your Honor's consideration of those two matters.

17         THE COURT:  Yes I did.

18         MR. REMMING:  The third item on the Agenda is a

19  contested matter that's going forward.  It's an Omnibus Claim

20  Objection and that matter will be handled by my colleague

21  from Cleary Gottlieb, Ms. Pascale Bibi.  Her Pro Hac Motion

22  has been filed but it's pending so we'd respectfully request

23  that she be permitted to appear today while her Motion is

24  pending.

25         THE COURT:  Absolutely.  Ms. Bibi, welcome.  And,

1    yes, you are admitted to practice in this Court.

2                    MS. BIBI:  Thank you.

3                    MR. REMMING:  All right.  Thank you, Your Honor.

4                    THE COURT:  Thank you, Mr. Remming.  How are you,

5    Ms. Bibi?

6                    MS. BIBI:  I'm doing well.  How are you today?

7                    THE COURT:  Doing well.  Thank you.

8                    MS. BIBI:  Thank you, Mr. Remming.  Good morning,

9    Your Honor, Eva Pascale Bibi, of Cleary, Gottlieb, Steen &

10   Hamilton, on behalf of the Debtors.  I will be addressing the

11   Debtor's Forty-Fifth Omnibus Objection to Certain Claims,

12   Docket Item 1725, filed September 27th, 2016.  The Debtors

13   objected to 80 claims in the Debtor's Forty-Fifth Omnibus

14   Objection.  We've received four responses to the Objection

15   for Certain Claims and have resolved three of these

16   responses.  I will walk the Court through these resolutions.

17                   One response was received from Mr. John Yoakum,

18   Docket Item 17244, filed on October 12th, 2016.  We've

19   resolved this claim with Mr. Yoakum who will receive a

20   general unsecured claim in the amount of 27,500 in full

21   satisfaction of his claim, Claim Number 3732.

22                   Second, we received a response from Mr. William

23   LaSalle, Docket Item 17258, filed on October 14th, 2016.  Mr.

24   LaSalle will receive a priority claim in the amount of

25   $303.85 and a general unsecured claim in the amount of

1  $97,437.18, for a total claim amount of $97,741.03 on account

2  of his Claim Number 4249.  His other claims, Claim Numbers

3  4250, 4251, and 5840 will be disallowed.

4             THE COURT:  Yes.

5             MS. BIBI:  Third, a response was also received

6  from Mr. Adam Kahn, Docket Item 17298, filed on October 18th,

7  2016.  The Debtors have withdrawn the Objection to Mr. Kahn's

8  claim, Claim Number 8807.

9             In addition, the Debtors have also revised the

10  Objection to Claim Number 8812 filed by Theresa Turvaville

11  [phonetic] to be fully disallowed as redundant of Claim

12  Number 7983.  Ms. Turvaville has confirmed with the Debtors

13  that this claim is duplicative of Claim Number 7983 and has

14  agreed to the full disallowance of Claim Number 8812.

15             Finally, the Debtors will address the one

16  remaining contested claim.

17             THE COURT:  Yes.

18             MS. BIBI:  Claim Number 5352 of Mr. Bogdan

19  Wislocki.  Your Honor, I believe he is participating by phone

20  today.

21             THE COURT:  All right.  Mr. Wislocki, are you on

22  the telephone?

23             MR. WISLOCKI:  Yes I am.

24             THE COURT:  Good morning.

25             MR. WISLOCKI:  Good morning.

1          MS. BIBI:  Good morning.  Mr. Wislocki has

2    asserted a claim of $333,153.16 in the main Nortel Networks,

3    Incorporated, Case Number 0910138.  Mr. Wislocki is seeking a

4    claim against Nortel Networks, Incorporated, NNI, for the

5    loss of the value of the common shares he owned in Nortel

6    Networks Corporation, NNC, the ultimate Canadian corporate

7    parent of the Debtors.  Mr. Wislocki asks the Court to allow

8    a claim for the full amount of the loss of the value of his

9    NNC shares from late December 2007 to January 2009, the year

10   prior to the commencement of creditor protection proceedings.

11         While we sympathize with Mr. Wislocki's position,

12   his claim must be disallowed because he fails to state a

13   claim against the Debtors on the facts or the law.

14   Accordingly, rather than the approximately 333,000 Mr.

15   Wislocki asserts in his Proof of Claim, his claim should be

16   disallowed in its entirety and Debtor's Objection should be

17   granted.

18         Your Honor, Mr. Wislocki's claim relates to his

19   401(k) investment.  First we will cover the background of the

20   401(k) plan and the facts surrounding Mr. Wislocki's

21   investment in the plan before moving on to address his

22   specific allegations.

23         THE COURT:  All right.

24         MS. BIBI:  Prior to the bankruptcy, Mr. Wislocki

25   was an NNI employee.  He left his employment with NNI and

1  joined Avaya in December 2009 as part of the Debtor's sales

2  of its assets related to the enterprise business.  Like many

3  Nortel employees, Mr. Wislocki participated in NNI's 401(k)

4  plan.  NNI employees invested in their 401(k) in the Nortel

5  Networks long-term investment plan, a defined contribution

6  plan under the Internal Revenue Code Section 401(k).  The

7  long-term investment plan provided 16 investment fund options

8  to employees.  Employees could invest their assets in these

9  funds by choice.  They chose the amount of their

10  contribution, they chose the combination of funds to which

11  they contributed, and they chose the percentage allocation of

12  their election to any fund which they chose to invest.  One

13  of the funds options employees could choose was the Nortel

14  Networks Stocks Fund.  The Stock Fund invested primarily in

15  the common shares of NNC, the Debtors ultimate Canadian

16  parent.

17          THE COURT:  Yes.

18          MS. BIBI:  As for Mr. Wislocki's investment, on

19  December 28th, 2007, Mr. Wislocki transferred almost the

20  entire value of his 401(k) account, approximately $317,000

21  from the Fixed Income Investment Fund to the Nortel

22  Investment Stock Fund.  According to the Disclosure given to

23  plan participants, which Mr. Wislocki has attached to his

24  Proof of Claim, the Fixed Income Investment Fund was

25  described as a stable, well-diversified portfolio and a

1   conservative investment.  The Nortel Stock Fund, by contrast,

2   where Mr. Wislocki placed his assets was not diversified but

3   rather a single stock investment described as appealing to

4   individuals comfortable with fluctuations in value that can

5   accompany such an investment.  The Nortel Stock Fund

6   documents provided to potential investors, including Mr.

7   Wislocki, disclosed the Stock Fund's historical performance

8   which ranged from a high of approximately 156% in one year to

9   a low of -70.11% in another.  The Stock Fund had negative

10  returns in the double digits for six of the seven prior

11  years.

12              THE COURT:  I'm sorry, Ms. Bibi, what was that

13  that you just said?

14              MS. BIBI:  The Stock Fund had negative returns in

15  the double digits --

16              THE COURT:  Okay.

17              MS. BIBI:  -- for six of the seven previous years.

18              THE COURT:  Thank you.

19              MS. BIBI:  The Nortel Stock Fund was closed to new

20  contributions on January 1st, 2008.  Participants were still

21  free to transfer their assets in the Stock Fund to a

22  different fund at any point in time.  Unfortunately, the

23  value of NNC common shares fluctuated and dropped in 2008.

24  By January 2009, NNN common shares were trading at less than

25  $1.00 per share on the New York Stock Exchange.  The Nortel

1   Stock Fund was liquidated on January 16th, 2009 and the value

2   distributed to participants and placed in one of the other

3   investment options.

4           As to Mr. Wislocki's claim, he asks the Court to

5   allow a claim for the amount of his losses for the values of

6   his shares in NNC from December 2007 to January 2009.  While

7   we sympathize with Mr. Wislocki's losses, investment in the

8   Stock Fund was a choice with well disclosed risks of which

9   Mr. Wislocki was aware.  Unfortunately, with the Nortel

10  bankruptcy proceedings in the U.S. and Canada, NNC stock has

11  lost almost all its value.  Mr. Wislocki lost his investment.

12  But these losses, while unfortunate, do not make a cognizable

13  claim against the Debtors.

14          Mr. Wislocki ties his claim to allegations of a

15  breach of fiduciary duty against NNI, namely that Nortel

16  painted a rosy picture of its financial health in 2007 and

17  2008 and all the while allegedly thinking about filing for

18  bankruptcy in 2007 and allegedly not disclosing these facts

19  to participants of the plan.

20          The essence of Mr. Wislocki's claim is that NNI

21  misled him, overstating its financial health; that NNI

22  breached a duty to him as a plan participant by allegedly

23  even thinking about a bankruptcy and that NNI should have

24  closed the Nortel Stock Fund completely in December 2007 and

25  moved the funds elsewhere.  However, Nortel's public filings

1  in 2007 and 2008 extensively detailed Nortel's financial

2  health.  The filings show a company attempting to compete in

3  a difficult market but which faced many obstacles.  The

4  filings detail Nortel's significant levels of debt, its cost

5  reduction initiatives, and repeated workforce cutback, as

6  well as a challenging business environment in which Nortel

7  operated.  But the filings also show Nortel's attempts to

8  take on its challenges, outlining restructuring plans, a

9  business transformation plan, and even an increase in revenue

10 in the beginning of 2008.

11         Nortel could not have predicted in late 2007

12 whether these efforts would succeed, just as it could not

13 have predicted the global financial crisis in 2008.  But

14 there was no secrecy surrounding Nortel's financial health

15 and the facts were well disclosed to investors such as Mr.

16 Wislocki.

17         Mr. Wislocki's allegations are therefore simply

18 not substantiated by the record, nor are they enough to state

19 a claim for a breach of fiduciary duty.  The Supreme Court

20 has addressed these types of claims and, with an eye to

21 weeding out meritless claims, has set a very high standard

22 for a claim to survive dismissal and that standard is simply

23 not met here.  Mr. Wislocki would have to show that a

24 fiduciary could not have concluded that an alternative

25 action, here liquidating the Stock Fund, would do more harm

1   than good to the fund for his claim to survive dismissal.

2   Put another way, his claim can only survive dismissal if Mr.

3   Wislocki can show that, under the circumstances, the

4   fiduciary, here the Retirement Plan Committee, always would

5   have concluded that liquidating the Fund absolutely would be

6   more helpful than harmful.  And importantly, NNI was not the

7   named plan fiduciary.  The named plan fiduciary responsible

8   for the plan's investment decisions is the Retirement Plan

9   Committee.  Mr. Wislocki has not brought a claim against the

10  Retirement Plan Committee, nor has anyone else, and those

11  claims are also now time-barred.  We are not suggesting to

12  the Court that there is a valid claim against the Retirement

13  Plan Committee.  Indeed, we believe there is not, but we note

14  the stock here to emphasize the deficiencies with Mr.

15  Wislocki's claim as asserted against NNI.

16          In conclusion, while we understand Mr. Wislocki's

17  position and appreciate the difficulties of the losses he has

18  sustained, Mr. Wislocki made a conscious choice to invest in

19  the Nortel Stock Fund and the risk of his investments were

20  well disclosed.  We submit that his claim is without merit

21  and should be disallowed.  Thank you.

22          THE COURT:  All right, Ms. Bibi, thank you.  Thank

23  you very much.  I'll hear now from you, Mr. Wislocki.

24          MR. WISLOCK:  Thank you, sir.  My argument is

25  simple; that NNI failed to act in my best interest as

1    required by ERISA, ERISA laws; that ERISA laws require

2    fiduciaries to act in the best interest of the plan

3    participants.  I believe that's not disputed.  And I'm

4    stating that NNI was the fiduciary for the 401(k) plan.  In

5    documents previous to the LSIP which this plan document that

6    took effect January 1st, 2008.  But in the previous document,

7    it clearly stated that NNI was the fiduciary for the 401(k)

8    plan.  I'm using that December 31st date of 2007 because

9    that's when NNI closed the Stock Fund to new investments.  So

10   I'm saying why did they close it at that time?  At that time,

11   they were not making any mentions of bankruptcy, even

12   thinking of bankruptcy.  I know everything that Ms. Bibi said

13   about the financial statements and all that.  But the CEO was

14   saying how great progress was doing and how we're going to

15   make 2008 the best year in our new going forward.  So I

16   jumped in on those projections that we're going to be doing

17   great.  They were closing the Fund out.  Bankruptcy was the

18   furtherest thing from my mind; that Nortel was even thinking

19   about bankruptcy.  So I have a question to NNI.  Why did they

20   close the Stock Fund on December 31st of 2007 to new

21   investments?  What was the reason behind that?  What were the

22   internal discussions that led up to that and prompted them to

23   close the Fund to new investments?  I'm saying that they were

24   already talking and thinking and paving the way for

25   bankruptcy at that time.  So that's my entire argument to

1  you; that they failed to protect me.  They -- NNI filed for

2  bankruptcy voluntarily.  By doing so, it has caused to me and

3  everybody else that's in the same situation as myself.  I

4  don't know that NNI was even thinking about bankruptcy.  So

5  when we talk about that it's my choice to invest, but without

6  having all that information, it's - - I am not making a very

7  good decision without having that information available to

8  me, whether they're even thinking about bankruptcy at that

9  time and throughout 2008.

10          To set a date as to exactly when -- what date to

11  use, I mean when they filed on January 9th of 2009, that's not

12  when the bankruptcy actually started.  I mean they must have

13  -- they didn't just wake up that morning and say okay, we're

14  going to file for bankruptcy.  They had to start preparing

15  and thinking for this well in advance.  I can't set a date

16  other than using that date of December 31st because that's

17  when they closed the Stock Fund for new investments.  So, in

18  hindsight, I'm pinning that as the date that they started

19  breaching their fiduciary responsibility for me.  They could

20  have easily avoided this whole thing by closing the -- by

21  eliminating the Nortel Stock Fund and then they wouldn't be

22  in this catch-22 situation where they're filing for

23  bankruptcy and at the same time have a responsibility to the

24  plan participants in the LSIP.

25          I'm not a lawyer so I don't have all the legal

1   jargon available to me.  I went this route of filing a claim

2   as opposed to doing some other proceedings because it would

3   be expensive the other way and I'm not even sure if you can

4   start a lawsuit against a company that's in bankruptcy.  So

5   Nortel can now make things right.  I mean this represents

6   almost 17 years of my savings that just got wiped out because

7   NNI didn't close the Fund.  That would have been so simple.

8   They could have just closed the Fund.  If not December 31st,

9   then sometime during 2008, well in advance of -- I mean if an

10  argument is that insider trader or something like that, I

11  think the moment they started thinking about bankruptcy they

12  should have eliminated -- took that off the table.  They

13  should have took the Nortel Stock Fund off the table so as

14  not to expose themselves to this type of scenario.  I know

15  that this is all in hindsight but Nortel could make it right

16  now.  NNI could make it right.  Actually, no, the Court can

17  make it right at this point in time.

18          THE COURT:  Did you monitor your investment, Mr.

19  Wislocki?

20          MR. WISLOCKI:  Periodically, not -- I would say

21  maybe three, four times during the year.

22          THE COURT:  And did you not note that the stock

23  price was falling?

24          MR. WISLOCKI:  Yes, but the stock prices falling,

25  it has done that in the past other times.  It went -- prior

1   to that, it went all the way down to 25 cents and then

2   recovered right back up.  So the stock price falling to me

3   was not an indication that they were going to file for

4   bankruptcy.  That was a big shock to me, January 9th, when

5   they filed for bankruptcy.  I had no idea that they were

6   going to do that.  All along, if you look at emails from the

7   CEO, he kept saying how great we're doing in our

8   restructuring and our turnaround plan and how we're gaining

9   traction and all these buffers that -- how good we're -- good

10  progress we're making.  So I was willing to ride it out

11  until, you know, everything was back to normal.

12              THE COURT:  All right.  Anything further from you,

13  Mr. Wislocki?

14              MR. WISLOCKI:  Just to drive home the point that

15  they could have protected us.  They failed to protect us.  I

16  believe they are the fiduciary.  Prior documents do state

17  that they were the fiduciary.  I think that they just failed

18  to meet ERISA law, requiring to protect the participant.  One

19  other question that I have is, and since I don't know the

20  answer to this, is did NNI actually -- in the Nortel stock

21  market did they actually buy stock or was it just book

22  entries that -- you know, that you made deposits into the

23  Nortel Stock Plan but were they actually buying stock?  And

24  the reason I ask that is if they were not actually buying

25  stock, then it could be argued that they had self-enrichment

1    at my expense because if the stock was dropping and they

2    didn't actually buy the stock, but just a book entry, then

3    when it goes down to zero, they don't have to pay me out any

4    money.

5                    THE COURT:  All right.

6                    MR. WISLOCKI:  But I don't know the answer to

7    that, if NNI actually was buying Nortel stock or if it was

8    just book entries.

9                    THE COURT:  Well, let me ask Ms. Bibi to respond

10   to Mr. Wislocki.

11                   MS. BIBI:  Mr. Wislocki, thank you.  On that last

12   point, my understanding is that it was stock of Nortel -- of

13   NNC.

14                   THE COURT:  I'm sorry; that it was stock?

15                   MS. BIBI:  Stock of NNC that the Fund was buying.

16                   THE COURT:  Okay.

17                   MS. BIBI:  And --

18                   MR. WISLOCKI:  But it wasn't just self -- like

19   when companies do self-insurance with medical insurance, it

20   was -- in fact, that's what made me think of this is it

21   wasn't just that they're making book entries saying that you

22   own this much stock but, in reality, you don't really own any

23   stock.  And then when you want to transfer out of there, they

24   would either lose money if the stock went up or make money if

25   the stock went down.

1          MS. BIBI:  No.  My understanding --

2          MR. WISLOCKI:  Are you saying that --

3          MS. BIBI:  Or the shares you purchased were

4    actually held in the Fund so --

5          THE COURT:  Yes.

6          MS. BIBI:  -- they were going to lose money if

7    they liquidated.  It reflected --

8          MR. WISLOCKI:  Okay.

9          MS. BIBI:  -- the actual value.

10         MR. WISLOCKI:  Okay.  Okay, that's fine.  I just--

11         THE COURT:  Do I have any evidence, Ms. Bibi, that

12   RPM is, in fact, the fiduciary rather than NNI?

13         MS. BIBI:  The plan documents, which are actually

14   attached in the Proof of Claim --

15         THE COURT:  Yes.

16         MS. BIBI:  -- of Mr. Wislocki.  So if you -- if

17   Your Honor --

18         THE COURT:  I have those here.

19         MS. BIBI:  -- would turn to -- if you turn to the

20   Reply that we filed, in Exhibit A --

21         THE COURT:  Yes.

22         MS. BIBI:  -- on the -- let me tell you the page.

23         MR. WISLOCKI:  And that document took effect

24   January 1st, 2008 did it not?

25         MS. BIBI:  2007.

1          MR. WISLOCKI:  Oh, '07?  So then actually, that's

2  about --

3          MS. BIBI:  So page 43 of 70 of Exhibit A.

4          THE COURT:  Page 4370?

5          MS. BIBI:  Yes.

6          THE COURT:  Help me out.

7          MS. BIBI:  This -- the Plan Administrator is the

8  Nortel Networks Retirement Plan Committee, page 43 of 70.

9  Sorry.

10          THE COURT:  Page 43?  Oh, I'm sorry.  I see.  43

11  of 70.  I see.  Plan Sponsor.

12          MS. BIBI:  The Plan Administrator, the named Plan

13  Administrator is the --

14          THE COURT:  Is the Nortel Networks Retirement Plan

15  Committee.  Yes.  All right.  Anything else, Ms. Bibi?

16          MS. BIBI:  Your Honor, we do sympathize with Mr.

17  Wislocki's position, as we do with all former employees of

18  the Debtor entities who found themselves in the most

19  unfortunate circumstances.  But, respectfully, we do not

20  believe that his submissions change the analysis.  So unless

21  you have further questions, we rest on our argument.

22          THE COURT:  All right.

23          MS. BIBI:  Thank you.

24          THE COURT:  Thank you.

25          MS. SCHWEITZER:  Your Honor, I'm sorry to jump up,

1  but just as an --

2            THE COURT:  That's all right, Ms. Schweitzer.

3            MS. SCHWEITZER:  As an administrative matter, can

4  we move for all the documents to be admitted as evidence as

5  part of the record?  I think they're attached to the Proof of

6  Claim anyway.  But just as --

7            THE COURT:  Yes.

8            MS. SCHWEITZER:  And there's a Declaration of John

9  Ray as well.

10           THE COURT:  All right.

11           MS. BIBI:  Thank you.

12           THE COURT:  They are admitted as part of the

13  record here.  And --

14           MS. BIBI:  Thank you, Your Honor.

15           THE COURT:  -- the plan documents that is and, Mr.

16  Wislocki, the Court takes great sympathy with you for your

17  losses here.  But the fact of the matter is, number one, the

18  decision to invest in the stock of NNC was voluntary on your

19  part and the Plan Administrator is the Nortel Networks

20  Retirement Plan Committee, not Nortel Networks, Inc. which

21  was -- it is true it's the Plan sponsor but it's not the Plan

22  Administrator.  It's not the fiduciary involved in this

23  401(k) plan, and for those reasons, I have to sustain the

24  Objection to your claim and hold that your claim is not

25  valid.

1              MR. WISLOCKI:  May I ask another question?

2              THE COURT:  You may.

3              MR. WISLOCKI:  This document, when did it -- Ms.

4    Bibi said that it became effective January 1st, 2007 but where

5    does it state that?  In the document itself -- or I should

6    have precede my question with would it make a difference if

7    NNI was the fiduciary right up to -- right up until December

8    31st, 2007?

9              THE COURT:  I don't know that it would make a

10   difference because, you know, we would have to, of course, go

11   through the entire record of what was publicly available,

12   what information was available to the investing public about

13   Nortel.  And in 2007 and 2008, as I am aware, there was no

14   discussion or no thought of bankruptcy.

15             MS. BIBI:  That's correct.

16             THE COURT:  And at the time that you invested in

17   the plan or changed your investment in the plan, there was no

18   thought of bankruptcy and, accordingly, the investing public

19   was really on notice that the company was operating as normal

20   and your decision, of course, was just that, your decision.

21             MR. WISLOCKI:  On that point, did Ms. Bibi say why

22   they closed Nortel Stock Fund on December 31st to new

23   investments because that's my impression is that why they

24   were -- that shows that they were thinking of bankruptcy and

25   paving the way and that that is evidence, the fact that they

1  closed the Stock Fund to new investments; that they were

2  already thinking of bankruptcy and paving the way at that

3  time.

4          MS. BIBI:  If I may, Your Honor?

5          THE COURT:  Yes, Ms. Bibi.

6          MS. BIBI:  Prior to the decision to close the

7  Stock Fund there had been ERISA litigation from 2000 through

8  to 2007.

9          THE COURT:  Yes.

10          MS. BIBI:  So I think in the context of that,

11  investment decisions were made, again, by a different entity,

12  the Retirement Plan Committee and the decision was made to

13  close the Fund at that time.

14          THE COURT:  Did you hear that, Mr. Wislocki?

15          MR. WISLOCK:  Yes.  And one last think I'd like to

16  say is is it not the Retirement Plan Committee made up of

17  internally from NNI or is that an entire outside entity

18  outside of NNI?

19          THE COURT:  Ms. Bibi, do you know the answer to

20  that?

21          MS. BIBI:  It's made up of intermediate managers

22  from Human Resources, Tax Treasury, who have knowledge to

23  manage retirement plans.

24          THE COURT:  But it's a separate entity?

25          MS. BIBI:  It's a separate --

1          THE COURT:  Yes.

2          MS. BIBI:  -- committee.

3          THE COURT:  Yes.

4          MS. BIBI:  And it does not report to NNI.

5          THE COURT:  Right.  All right, Mr. Wislocki?

6          MR. WISLOCKI:  They're not paid by NNI?  Their

7    paycheck does not come from NNI?

8          THE COURT:  Well, that I don't know and I don't

9    know if Ms. Bibi knows who the paychecks come from.

10          MS. BIBI:  Unfortunately, Your Honor, I do not.

11          THE COURT:  But it's a separate entity that is

12    charged with the responsibility of administering the Fund.

13    So I'm sustaining the Objection.

14          MS. BIBI:  Thank you, Your Honor.  As a matter of

15    housekeeping, we have a Revised Order for the Court.

16          THE COURT:  Yes.

17          MS. BIBI:  I have a clean version and a blackline

18    against the version that was previously filed.

19          THE COURT:  All right.

20          MS. BIBI:  May I approach?

21          THE COURT:  Yes you may.  Thank you.  All right.

22          MS. BIBI:  Your Honor, please take a moment to

23    review and I'm also happy to walk through the changes with

24    you.

25          THE COURT:  Yes.  Let me just take that moment.

1  All right, Ms. Bibi, the Order looks to be in order and I

2  will sign it.

3          MS. BIBI:  Thank you, Your Honor.

4          THE COURT:  All right.  The Order has been signed.

5  Anything further?

6          MS. BIBI:  Nothing further, Your Honor.  Thank

7  you.

8          THE COURT:  All right.  Thank you.  Ms.

9  Schweitzer, anything for me?

10          MS. SCHWEITZER:  No further requests, other than

11  everyone votes today, right?

12          THE COURT:  Right.  That's right.

13          MS. SCHWEITZER:  I just wanted to give Your Honor

14  an update, which I know you've seen from the docket, but just

15  to say it in open Court is we obviously filed the Plan --

16          THE COURT:  Yes.

17          MS. SCHWEITZER:  -- last Friday, which we're very

18  happy to have met that milestone and we'll be before Your

19  Honor on December 1st for a joint hearing with Justice

20  Newbould, so nothing to report or ask for, but just a happy

21  occasion that we've hit that milestone.

22          THE COURT:  And I've been reading the documents.

23          MS. SCHWEITZER:  Great.

24          THE COURT:  And how about the -- and I know it's

25  not listed on the Agenda --

1          MS. SCHWEITZER:  Yes.

2          THE COURT:  But the PBGC claim --

3          MS. SCHWEITZER:  Yes.

4          THE COURT:  -- I haven't scheduled a hearing date

5    on that.

6          MS. SCHWEITZER:  You have not yet.

7          THE COURT:  And are the parties going to be

8    proposing a hearing date for me?

9          MS. SCHWEITZER:  We have been in contact with the

10   PBGC about how to proceed.  I believe there's actually, and I

11   don't have the date at my fingertips, there's a Status

12   Conference on the calendar.  Do you know the date, Andrew?

13         THE COURT:  Mr. Remming?

14         MR. REMMING:  Yes, it's --

15         MS. SCHWEITZER:  Oh, it's right here.  I

16   apologize.  The PBGC -- oh, here.

17         MR. REMMING:  It's November 22nd, Your Honor.

18         MS. SCHWEITZER:  November 22nd there's a Status

19   Conference before Your Honor.

20         THE COURT:  All right.

21         MS. SCHWEITZER:  So the parties have been talking.

22   There was a response date put on to the Objection itself but

23   the parties have talked about what would or would not be

24   filed before that.  But I think the next point in front of

25   you is the Status Conference --

1          THE COURT:  Good.

2          MS. SCHWEITZER:  -- on the 22nd.

3          THE COURT:  All right.  Very well.  I'll see you

4  back on the 22nd.

5          MS. SCHWEITZER:  Absolutely.  Thank you, Your

6  Honor.

7          THE COURT:  And we'll get a date for a hearing on

8  the Objection.

9          MS. SCHWEITZER:  Great.  Thank you, Your Honor.

10          MS. BIBI:  Thank you.

11          THE COURT:  All right.  I thank you all and, with

12  that, we'll stand in recess.  I wish you all a good day.

13          MS. SCHWEITZER:  To you as well.

14          MS. BIBI:  Thank you.

15          MR. REMMING:  Thank you.

16   (Whereupon, at 10:32 a.m., the hearing was adjourned.)

17                    CERTIFICATION

18      I certify that the foregoing is a correct

19  transcript from the electronic sound recording of the

20  proceedings in the above-entitled matter.

21

22

23  _____          December 10, 2016
24  Tammy Kelly, Transcriber                      Date

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| a.m(3) 1:15 3:1 25:16 | | apologize(1) 24:16 | | canada(1) 9:10 | | could(11) 7:8 7:13 10:11 10:12 10:24 |
| about(13) 9:17 9:23 12:13 12:19 13:4 | | appealing(1) 8:3 | | canadian(2) 6:6 7:15 | | 13:19 14:8 14:15 14:16 15:15 15:25 |
| 13:5 13:8 14:11 18:2 20:12 23:24 24:10 | | appear(1) 3:23 | | can't(1) 13:15 | | |
| 24:23 | | appearances(1) 2:11 | | case(2) 1:5 6:3 | | course(2) 20:10 20:20 |
| abovetitled  (1) 25:20 | | appreciate(2) 3:15 11:17 | | catch-22(1) 13:22 | | court(84) 1:1 3:3 3:6 3:10 3:13 3:17 3:25 |
| absolutely(3) 3:25 11:5 25:5 | | approach(1) 22:20 | | caused(1) 13:2 | | 4:1 4:4 4:7 4:16 5:4 5:17 5:21 5:24 6:7 |
| accompany(1) 8:5 | | approximately(3) 6:14 7:20 8:8 | | cents(1) 15:1 | | 6:23 7:17 8:12 8:16 8:18 9:4 10:19 11:12 |
| according(1) 7:22 | | are(13) 4:1 4:4 4:6 5:21 10:17 10:18 | | ceo(2) 12:3 15:7 | | 11:22 14:16 14:18 14:22 15:12 16:5 16:9 |
| accordingly(2) 6:14 20:18 | | 11:11 11:11 11:11 15:16 17:2 17:13 19:12 24:7 | | certain(2) 4:11 4:15 | | 16:14 16:16 17:5 17:11 17:15 17:18 17:21 |
| account(2) 5:1 7:20 | | | | certification(1) 25:17 | | 18:4 18:6 18:10 18:14 18:22 18:24 19:2 |
| act(2) 11:25 12:2 | | argued(1) 15:25 | | certify(1) 25:18 | | 19:7 19:10 19:12 19:15 19:16 20:2 20:9 |
| action(1) 10:25 | | argument(4) 11:24 12:25 14:10 18:21 | | challenges(1) 10:8 | | 20:16 21:5 21:9 21:14 21:19 21:24 22:1 |
| actual(1) 17:9 | | arsht(1) 1:24 | | challenging(1) 10:6 | | 22:3 22:5 22:8 22:11 22:15 22:16 22:19 |
| actually(12) 13:12 14:16 15:20 15:21 | | ask(4) 15:24 16:9 20:1 23:20 | | change(1) 18:20 | | 22:21 22:25 23:4 23:8 23:12 23:15 23:16 |
| 15:23 16:2 16:7 17:4 17:13 18:1 | | asks(2) 6:7 9:4 | | changed(1) 20:17 | | 23:22 23:24 24:2 24:4 24:7 24:13 24:20 |
| 24:10 | | asserted(2) 6:2 11:15 | | changes(1) 22:23 | | 25:1 25:3 25:7 25:11 |
| adam(1) 5:6 | | asserts(1) 6:15 | | chantelle(1) 2:6 | | |
| addition(1) 5:9 | | assets(4) 7:2 7:8 8:2 8:21 | | chapter(1) 1:8 | | courtroom(1) 1:10 |
| address(2) 5:15 6:21 | | attached(3) 7:23 17:14 19:5 | | charged(1) 22:12 | | cover(1) 6:19 |
| addressed(1) 10:20 | | attempting(1) 10:2 | | choice(4) 7:9 9:8 11:18 13:5 | | creditor(2) 2:37 6:10 |
| addressing(1) 4:10 | | attempts(1) 10:7 | | choose(1) 7:13 | | creditors(2) 2:5 2:30 |
| adjourned(1) 25:16 | | available(4) 13:7 14:1 20:11 20:12 | | chose(4) 7:9 7:10 7:11 7:12 | | crisis(1) 10:13 |
| administered(1) 1:6 | | avaya(1) 7:1 | | chung(1) 2:18 | | cutback(1) 10:5 |
| administering(1) 22:12 | | avoided(1) 13:20 | | chutchian(1) 2:22 | | |
| administrative(1) 19:3 | | aware(2) 9:9 20:13 | | circumstances(2) 11:3 18:19 | | date(12) 12:8 13:10 13:10 13:15 13:16 |
| administrator(5) 18:7 18:12 18:13 19:19 | | | | claim(47) 3:19 4:19 4:20 4:21 4:21 4:24 | | 13:18 24:4 24:8 24:11 24:12 24:22 25:7 |
| 19:22 | | back(5) 15:2 15:11 25:4 | | 4:25 5:1 5:2 5:2 5:8 5:8 5:10 5:11 5:13 | | |
| | | background(1) 6:19 | | 5:13 5:14 5:16 5:18 6:2 6:4 6:8 6:12 6:13 | | day(1) 25:12 |
| admitted(3) 4:1 19:4 19:12 | | badtke-berkow(1) 2:14 | | 6:15 6:15 6:18 7:24 9:4 9:5 9:13 9:14 | | debt(1) 10:4 |
| advance(2) 13:15 14:9 | | bank(2) 2:17 2:18 | | 9:20 10:19 10:22 11:1 11:2 11:9 11:12 | | debtor(1) 18:18 |
| again(1) 21:11 | | bankruptcy(25) 1:1 1:20 6:24 9:10 9:18 | | 11:15 11:20 14:1 17:14 19:6 19:24 19:24 | | debtors(13) 1:12 1:24 3:9 4:10 4:12 5:7 |
| against(9) 6:4 6:13 9:13 9:15 11:9 11:12 | | 9:23 12:11 12:12 12:17 12:19 12:25 13:2 | | 24:2 | | 5:9 5:12 5:15 6:7 6:13 7:9 9:13 |
| 11:15 14:4 22:18 | | 13:4 13:8 13:12 13:14 13:23 14:4 14:11 | | | | debtor's(4) 4:11 4:13 6:16 7:1 |
| | | 15:4 15:5 20:14 20:18 20:24 21:2 | | claims(7) 4:11 4:13 4:15 5:2 10:20 10:21 | | debtwire(2) 2:21 2:22 |
| agenda(4) 3:11 3:14 3:18 23:25 | | | | 11:11 | | december(12) 6:9 7:1 7:19 9:6 9:24 12:8 |
| agreed(1) 5:14 | | became(1) 20:4 | | | | 12:20 13:16 14:8 20:7 20:22 23:19 |
| akin(1) 2:29 | | because(8) 6:12 12:8 13:16 14:2 14:6 16:1 | | clean(1) 22:17 | | |
| al.(1) 1:8 | | 20:10 20:23 | | clearly(1) 12:7 | | decision(6) 13:7 19:18 20:20 20:20 21:6 |
| all(33) 3:4 4:3 5:21 6:23 9:11 9:17 11:22 | | | | cleary(3) 1:30 3:21 4:9 | | 21:12 |
| 12:13 13:6 13:25 14:15 15:1 15:6 15:9 | | been(7) 3:22 14:7 21:7 23:4 23:22 24:9 | | clerk(1) 3:2 | | |
| 15:12 16:5 18:15 18:17 18:21 18:22 19:4 | | 24:21 | | close(6) 12:10 12:20 12:23 14:7 21:6 21:13 | | decisions(2) 11:8 21:11 |
| 19:10 22:5 22:19 22:21 23:1 23:4 23:8 | | | | closed(7) 8:19 9:24 12:9 13:17 14:8 20:22 | | declaration(1) 19:8 |
| 24:20 25:3 25:11 25:11 25:12 | | before(5) 1:19 6:21 23:18 24:19 24:24 | | 21:1 | | deficiencies(1) 11:14 |
| | | beginning(1) 10:10 | | | | defined(1) 7:5 |
| allegations(3) 6:22 9:14 10:17 | | behalf(1) 4:10 | | closing(2) 12:17 13:20 | | delaware(3) 1:2 1:12 3:1 |
| allegedly(3) 9:17 9:18 9:22 | | behind(1) 12:21 | | code(1) 7:6 | | deposits(1) 15:22 |
| allen(1) 2:13 | | believe(6) 5:19 11:13 12:3 15:16 18:20 | | cognizable(1) 9:12 | | described(2) 7:25 8:3 |
| allocation(1) 7:11 | | 24:10 | | colleague(1) 3:20 | | detail(1) 10:4 |
| allow(2) 6:7 9:5 | | | | combination(1) 7:10 | | detailed(1) 10:1 |
| almost(3) 7:19 9:11 14:6 | | best(3) 11:25 12:2 12:15 | | come(2) 22:7 22:9 | | diaz(1) 1:39 |
| along(1) 15:6 | | bibi(6) 1:32 3:21 3:25 4:2 4:5 4:6 4:8 | | comfortable(1) 8:4 | | did(11) 3:17 12:10 12:19 14:18 14:22 |
| already(3) 3:15 12:24 21:2 | | 4:9 5:5 5:18 6:1 6:24 7:18 8:12 8:14 8:17 | | commencement(1) 6:10 | | 15:20 15:21 17:24 20:3 20:21 21:14 |
| also(5) 5:5 5:9 10:7 11:11 22:23 | | 8:19 11:22 12:12 16:9 16:11 16:15 16:17 | | committee(12) 2:4 2:29 11:4 11:9 11:10 | | |
| alternative(1) 10:24 | | 17:1 17:3 17:6 17:9 17:11 17:13 17:16 | | 11:13 18:8 18:15 19:20 21:12 21:16 22:2 | | didn't(3) 13:13 14:7 16:2 |
| always(1) 11:4 | | 17:19 17:22 17:25 18:3 18:5 18:7 18:12 | | | | difference(2) 20:6 20:10 |
| america(2) 2:14 2:18 | | 18:15 18:16 18:23 19:11 19:14 20:4 20:15 | | companies(1) 16:19 | | different(3) 8:22 21:11 |
| amount(4) 4:20 4:24 4:25 5:1 6:8 7:9 9:5 | | 20:21 21:4 21:5 21:6 21:10 21:19 21:21 | | company(3) 10:2 14:4 20:19 | | difficult(1) 10:3 |
| analysis(1) 18:20 | | 21:25 22:2 22:4 22:9 22:10 22:14 22:17 | | compete(1) 10:2 | | difficulties(1) 11:17 |
| and(85) 3:14 3:20 3:25 4:15 4:25 5:3 5:13 | | 22:20 22:22 23:1 23:3 23:6 25:10 25:14 | | completely(1) 9:24 | | digits(2) 8:10 8:15 |
| 6:16 6:20 6:25 7:11 7:25 8:23 9:1 9:2 | | | | concluded(2) 10:24 11:5 | | disallowance(1) 5:14 |
| 9:10 9:16 9:17 9:18 9:23 9:24 10:1 10:5 | | big(1) 15:4 | | conclusion(1) 11:16 | | disallowed(5) 5:3 5:11 6:12 6:16 11:21 |
| 10:9 10:15 10:20 10:22 11:6 11:10 11:17 | | blackline(1) 22:17 | | conference(3) 24:12 24:19 24:25 | | disclosed(4) 8:7 9:8 10:15 11:20 |
| 11:19 11:21 12:3 12:13 12:14 12:22 12:24 | | bogdan(4) 2:37 2:38 2:38 5:18 | | confirmed(1) 5:12 | | disclosing(1) 9:18 |
| 12:24 13:2 13:3 13:13 13:15 13:21 13:23 | | book(1) 15:21 16:2 16:8 16:21 | | conscious(1) 11:18 | | disclosure(1) 7:22 |
| 14:3 14:22 15:1 15:8 15:8 15:9 15:19 | | breach(2) 9:15 10:19 | | conservative(1) 8:1 | | discussion(1) 20:14 |
| 15:23 16:1 16:7 16:23 17:23 19:8 19:13 | | breached(1) 9:22 | | consideration(1) 3:16 | | discussions(3) 12:22 |
| 19:15 19:19 19:23 19:24 20:13 20:13 | | breaching(1) 13:19 | | contact(1) 24:9 | | dismissal(3) 10:22 11:1 11:2 |
| 20:16 20:18 20:20 20:24 20:25 21:2 21:12 | | brought(1) 11:9 | | contested(2) 3:19 5:16 | | disputed(1) 12:3 |
| 21:15 22:4 22:22 22:17 22:23 23:1 23:18 | | buffers(1) 15:9 | | context(1) 21:10 | | distributed(1) 9:2 |
| 23:22 23:24 23:24 24:7 24:10 25:7 25:11 | | but(30) 3:22 8:2 9:12 10:3 10:7 10:13 | | continued(1) 2:2 | | district(1) 1:2 |
| | | 11:13 12:6 12:18 13:5 14:15 14:24 15:23 | | contrast(1) 8:1 | | diversified(1) 8:2 |
| andrew(4) 1:25 2:26 3:8 24:12 | | 16:2 16:6 16:18 16:22 18:19 19:1 19:6 | | contributed(1) 7:11 | | docket(5) 3:12 4:12 4:18 4:23 5:6 23:14 |
| another(3) 8:9 11:2 20:1 | | 19:17 19:21 20:4 21:24 22:11 23:14 23:20 | | contribution(2) 7:5 7:10 | | document(5) 12:5 12:6 17:23 20:3 20:5 |
| answer(3) 15:20 16:6 21:19 | | 24:2 24:22 24:24 | | contributions(1) 8:20 | | documents(7) 8:6 12:5 15:16 17:13 19:4 |
| anthony(1) 2:30 | | | | corporate(1) 6:6 | | 19:15 23:22 |
| any(6) 7:12 8:22 12:11 16:3 16:22 17:11 | | buy(2) 15:21 16:2 | | corporation(1) 6:6 | | |
| anyone(1) 11:10 | | buying(5) 15:23 15:24 16:7 16:15 | | correct(2) 20:15 25:18 | | does(3) 20:5 22:4 22:7 |
| anything(4) 15:12 18:15 23:5 23:9 | | | | cost(1) 10:4 | | |
| anyway(1) 19:6 | | calendar(1) 24:12 | | | | |
| | | can(7) 8:4 11:2 13:1 14:3 14:5 14:16 19:3 | | | | |

| Word | Page:Line |
|---|---|
| **doing**(7) 4:6 4:7 12:14 12:16 13:2 14:2 15:7 | |
| **done**(1) 14:25 | |
| **don't**(10) 13:4 13:25 15:19 16:3 16:6 16:22 20:9 22:8 22:8 24:11 | |
| **double**(2) 8:10 8:15 | |
| **down**(3) 15:1 16:3 16:25 | |
| **drive**(1) 15:14 | |
| **dropped**(1) 8:23 | |
| **dropping**(1) 16:1 | |
| **duplicative**(1) 5:13 | |
| **during**(2) 14:9 14:21 | |
| **duty**(3) 9:15 9:22 10:19 | |
| **easily**(1) 13:20 | |
| **ecro**(1) 1:37 | |
| **effect**(2) 12:6 17:23 | |
| **effective**(1) 20:4 | |
| **efforts**(1) 10:12 | |
| **either**(1) 16:24 | |
| **election**(1) 7:12 | |
| **electronic**(2) 1:45 25:19 | |
| **eliminated**(1) 14:12 | |
| **eliminating**(1) 13:21 | |
| **else**(3) 11:10 13:3 18:15 | |
| **elsewhere**(1) 9:25 | |
| **emails**(1) 15:6 | |
| **emphasize**(1) 11:14 | |
| **employee**(1) 6:25 | |
| **employees**(6) 7:3 7:4 7:8 7:8 7:13 18:17 | |
| **employment**(1) 6:25 | |
| **enough**(1) 10:18 | |
| **entered**(1) 3:15 | |
| **enterprise**(1) 1:37 | |
| **entire**(4) 7:20 12:25 20:11 21:17 | |
| **entirety**(1) 6:16 | |
| **entities**(1) 18:18 | |
| **entity**(4) 21:11 21:17 21:24 22:11 | |
| **entries**(3) 15:22 16:8 16:21 | |
| **entry**(1) 16:2 | |
| **environment**(1) 10:6 | |
| **erisa**(5) 12:1 12:1 12:1 15:18 21:7 | |
| **ernst**(1) 2:14 | |
| **esq**(10) 1:25 1:31 1:32 2:6 2:14 2:18 2:22 2:26 2:30 2:34 | |
| **essence**(1) 9:20 | |
| **esther**(1) 2:18 | |
| **eva**(1) 4:9 | |
| **even**(7) 9:23 10:9 12:11 12:18 13:4 13:8 14:3 | |
| **everybody**(1) 13:3 | |
| **everyone**(2) 3:3 23:11 | |
| **everything**(2) 12:12 15:11 | |
| **evidence**(3) 17:11 19:4 20:25 | |
| **exactly**(1) 13:10 | |
| **exchange**(1) 8:25 | |
| **exhibit**(2) 17:20 18:3 | |
| **expense**(1) 16:1 | |
| **expensive**(1) 14:3 | |
| **expose**(1) 14:14 | |
| **extensively**(1) 10:1 | |
| **eye**(1) 10:20 | |
| **faced**(1) 10:3 | |
| **fact**(4) 16:20 17:12 19:17 20:25 | |
| **facts**(4) 6:13 6:20 9:18 10:15 | |
| **failed**(4) 11:25 13:1 15:15 15:17 | |
| **fails**(1) 6:12 | |
| **falling**(3) 14:23 14:24 15:2 | |
| **farr**(1) 2:25 | |
| **feld**(1) 2:29 | |
| **fiduciaries**(1) 12:2 | |
| **fiduciary**(14) 9:15 10:19 10:24 11:4 11:7 11:7 12:4 12:7 13:19 15:16 15:17 17:12 19:22 20:7 | |
| **file**(2) 13:14 15:3 | |
| **filed**(14) 3:12 3:22 4:12 4:18 4:23 5:6 5:10 13:1 13:11 15:5 17:20 22:18 23:15 24:24 | |
| **filing**(3) 9:17 13:22 14:1 | |
| **filings**(4) 9:25 10:2 10:4 10:7 | |
| **finally**(1) 5:15 | |
| **financial**(6) 9:16 9:21 10:1 10:13 10:14 12:13 | |
| **fine**(1) 17:10 | |
| **fingertips**(1) 24:11 | |
| **first**(1) 6:19 | |
| **fixed**(2) 7:21 7:24 | |
| **floor**(1) 1:26 | |
| **fluctuated**(1) 8:23 | |
| **fluctuations**(1) 8:4 | |
| **for**(46) 1:2 1:24 2:4 2:13 2:17 2:21 2:25 2:33 2:37 3:7 3:8 4:15 5:1 6:4 6:8 7:18 8:10 8:17 9:5 9:5 9:17 10:19 10:22 11:1 11:8 12:4 12:7 12:24 13:1 13:14 13:15 13:17 13:19 13:22 15:3 15:5 19:4 19:16 19:23 22:15 23:9 23:19 23:20 24:8 25:7 | |
| **foregoing**(1) 25:18 | |
| **former**(1) 18:17 | |
| **forty-fifth**(2) 4:11 4:13 | |
| **forward**(2) 3:19 12:15 | |
| **found**(1) 18:18 | |
| **four**(2) 4:14 14:21 | |
| **free**(1) 8:21 | |
| **friday**(1) 23:17 | |
| **from**(20) 3:8 3:21 4:17 4:22 5:6 6:9 7:21 8:8 9:6 11:23 12:18 15:6 15:12 21:7 21:17 21:22 22:7 22:9 23:14 25:19 | |
| **front**(1) 24:24 | |
| **full**(3) 4:20 5:14 6:8 | |
| **fully**(1) 5:11 | |
| **fund**(37) 7:7 7:12 7:14 7:14 7:21 7:22 7:24 8:1 8:5 8:9 8:14 8:19 8:21 8:22 9:1 9:8 9:24 10:25 11:1 11:9 12:9 12:17 12:20 12:23 13:17 13:21 14:7 14:8 14:13 16:15 17:4 20:22 21:1 21:7 21:13 22:12 | |
| **funds**(4) 7:9 7:10 7:13 9:25 | |
| **fund's**(1) 8:7 | |
| **further**(5) 15:12 18:21 23:5 23:6 23:10 | |
| **furthest**(1) 12:18 | |
| **gaining**(1) 15:8 | |
| **gallagher**(1) 2:25 | |
| **general**(2) 4:20 4:25 | |
| **get**(1) 25:7 | |
| **ginger**(1) 1:37 | |
| **give**(1) 23:13 | |
| **given**(1) 7:22 | |
| **global**(1) 15:11 | |
| **goes**(1) 16:3 | |
| **going**(9) 3:19 12:14 12:15 12:16 13:14 15:3 15:6 17:6 24:7 | |
| **good**(15) 3:3 3:4 3:5 3:6 3:7 4:8 5:24 5:25 6:1 11:1 13:7 15:9 15:9 25:1 25:12 | |
| **got**(1) 14:6 | |
| **gottlieb**(1) 1:30 3:21 4:9 | |
| **granted**(1) 6:17 | |
| **great**(6) 12:14 12:17 15:7 19:16 23:23 | |
| **gross**(1) 1:19 | |
| **gump**(1) 2:29 | |
| **hac**(1) 3:21 | |
| **had**(6) 8:9 8:14 13:14 15:5 15:25 21:7 | |
| **hamilton**(2) 1:30 4:10 | |
| **handled**(1) 3:20 | |
| **hanrahan**(1) 2:26 | |
| **happy**(2) 22:23 23:18 23:20 | |
| **harm**(1) 10:25 | |
| **harmful**(1) 11:6 | |
| **harrisburg**(1) 1:41 | |
| **has**(15) 3:15 3:22 5:12 5:13 6:1 7:23 9:10 10:20 10:21 11:9 11:10 11:17 13:2 14:25 23:4 | |
| **hauer**(1) 2:29 | |
| **have**(36) 4:15 5:7 5:9 9:23 10:11 10:13 10:23 10:24 11:5 12:9 13:12 13:20 13:23 13:25 14:7 14:8 14:12 14:13 15:15 15:19 16:3 17:11 17:18 18:21 19:23 20:6 20:10 21:22 22:15 22:17 23:18 24:6 24:9 24:11 24:21 24:23 | |
| **haven't**(1) 24:4 | |
| **having**(2) 13:6 13:7 | |
| **health**(4) 9:16 9:21 10:2 10:14 | |
| **hear**(1) 11:23 21:14 | |
| **hearing**(5) 23:19 24:4 24:8 25:7 25:16 | |
| **held**(1) 17:4 | |
| **help**(1) 18:6 | |
| **helpful**(1) 11:6 | |
| **her**(3) 3:21 3:23 | |
| **here**(9) 10:23 10:25 11:4 11:14 17:18 19:13 19:17 24:15 24:16 | |
| **high**(2) 8:8 10:21 | |
| **him**(2) 9:21 9:22 | |
| **hindsight**(2) 13:18 14:15 | |
| **his**(22) 4:21 5:2 5:2 5:6 6:12 6:15 6:15 6:18 6:21 6:25 7:20 7:23 8:2 9:5 9:6 9:11 9:14 11:1 11:2 11:19 11:20 18:20 | |
| **historical**(1) 8:7 | |
| **hit**(1) 23:21 | |
| **hold**(1) 19:24 | |
| **home**(1) 15:14 | |
| **honor**(23) 3:5 3:7 3:15 4:3 4:9 5:19 6:18 17:17 18:16 18:25 19:14 21:4 22:10 22:14 22:22 23:3 23:6 23:13 23:19 24:17 24:19 25:6 25:9 | |
| **honorable**(1) 1:19 | |
| **honor's**(1) 3:16 | |
| **housekeeping**(1) 22:15 | |
| **how**(4) 4:4 4:6 12:14 12:14 15:7 15:8 23:24 24:10 | |
| **however**(1) 9:25 | |
| **human**(1) 21:22 | |
| **idea**(1) 5:5 | |
| **importantly**(1) 11:6 | |
| **impression**(1) 20:23 | |
| **inc**(4) 1:8 2:33 2:34 19:20 | |
| **including**(1) 8:6 | |
| **income**(2) 7:21 7:24 | |
| **incorporated**(2) 6:3 6:4 | |
| **increase**(1) 10:9 | |
| **indeed**(1) 11:13 | |
| **indication**(1) 15:3 | |
| **individuals**(1) 8:4 | |
| **information**(3) 13:6 13:7 20:12 | |
| **initiatives**(1) 10:5 | |
| **insider**(1) 14:10 | |
| **insurance**(1) 16:9 | |
| **interest**(2) 11:25 12:2 | |
| **interested**(3) 2:17 2:21 2:33 | |
| **intermediate**(1) 21:21 | |
| **internal**(2) 7:6 12:22 | |
| **internally**(1) 21:17 | |
| **into**(1) 15:22 | |
| **invest**(5) 7:8 7:12 11:18 13:5 19:18 | |
| **invested**(3) 7:4 7:14 20:16 | |
| **investing**(2) 20:12 20:18 | |
| **investment**(19) 6:19 6:21 7:7 7:7 7:18 7:21 7:22 7:24 8:1 8:3 8:5 9:3 9:7 9:11 11:8 14:18 20:17 21:11 | |
| **investments**(7) 11:19 11:19 12:9 12:21 12:23 13:17 20:23 21:1 | |
| **investors**(2) 8:6 10:15 | |
| **involved**(1) 19:22 | |
| **item**(6) 4:12 4:18 4:12 4:18 4:23 5:6 | |
| **items**(1) 3:14 | |
| **its**(7) 6:16 7:2 9:11 9:16 9:21 10:4 10:8 | |
| **itself**(2) 20:5 24:22 | |
| **it's**(16) 3:4 3:19 3:22 13:5 13:6 19:21 19:21 19:22 21:21 21:24 21:25 22:11 23:24 24:14 24:15 24:17 | |
| **i'd**(1) 21:15 | |
| **i'll**(2) 11:23 25:3 | |
| **i'm**(14) 4:6 8:12 12:3 12:8 12:10 12:23 13:18 13:25 14:3 16:14 18:10 18:25 22:13 22:23 | |
| **i've**(1) 23:22 | |
| **january**(10) 6:9 8:20 8:24 9:1 9:6 12:6 13:11 15:4 17:24 20:4 | |
| **jargon**(1) 14:1 | |
| **jason**(1) 2:34 | |
| **john**(2) 4:17 19:8 | |
| **joined**(1) 7:1 | |
| **joint**(1) 23:19 | |
| **jointly**(1) 1:6 | |
| **joseph**(1) 2:14 | |
| **judge**(2) 1:19 1:20 | |
| **jump**(1) 18:25 | |
| **jumped**(1) 12:12 | |
| **just**(20) 8:13 10:12 13:13 14:6 14:8 15:14 15:17 15:21 16:2 16:8 16:18 16:21 17:10 19:1 19:6 20:20 22:25 23:13 23:14 23:20 | |
| **justice**(1) 23:19 | |
| **kahn**(1) 5:6 | |
| **kahn's**(1) 5:7 | |
| **kept**(1) 15:7 | |
| **kevin**(1) 1:19 | |
| **king**(1) 2:7 | |
| **know**(5) 12:12 13:4 14:14 15:11 15:19 15:22 16:6 20:9 20:10 21:19 22:8 22:9 23:14 23:24 24:7 | |
| **knowledge**(1) 21:22 | |
| **knows**(1) 22:9 | |
| **lasalle**(2) 4:23 4:24 | |
| **last**(3) 6:1 21:15 23:17 | |
| **late**(2) 6:9 10:11 | |
| **law**(2) 6:13 15:18 | |
| **laws**(2) 12:1 12:1 | |
| **lawsuit**(1) 14:4 | |
| **lawyer**(1) 13:25 | |
| **led**(1) 12:22 | |
| **left**(1) 6:25 | |
| **legal**(1) 13:25 | |
| **less**(1) 8:24 | |
| **let**(3) 16:9 17:22 22:25 | |
| **levels**(1) 10:4 | |
| **liberty**(1) 1:33 | |
| **like**(4) 7:2 14:10 16:18 21:15 | |
| **liquidated**(2) 9:1 17:7 | |
| **liquidating**(2) 10:25 11:5 | |
| **lisa**(1) 1:31 | |
| **listed**(1) 23:25 | |
| **litigation**(1) 21:7 | |
| **llp**(2) 1:24 2:5 | |
| **long-term**(2) 7:5 7:7 | |
| **look**(1) 15:22 | |
| **looks**(1) 23:1 | |
| **loring**(1) 2:30 | |
| **lose**(2) 16:24 17:6 | |
| **loss**(2) 6:5 6:8 | |
| **losses**(5) 9:5 9:9 9:12 11:17 19:17 | |
| **lost**(2) 9:11 9:11 | |
| **low**(1) 8:9 | |
| **lsip**(2) 12:5 13:24 | |
| **mace**(1) 1:37 | |

| Word | Page:Line |
|---|---|
| made(7) | 11:18 15:22 16:20 21:11 21:12 21:16 21:21 |
| main(1) | 6:2 |
| make(9) | 9:12 12:15 14:5 14:15 14:16 14:17 16:24 20:6 20:9 |
| making(4) | 12:11 13:6 15:10 16:21 |
| manage(1) | 21:23 |
| managers(1) | 21:21 |
| many(2) | 7:2 10:3 |
| maria(1) | 2:22 |
| market(4) | 1:11 1:26 10:3 15:21 |
| matter(6) | 3:19 3:20 19:3 19:17 22:14 |
| matters(1) | 3:16 |
| may(6) | 3:3 20:1 20:2 21:4 22:20 22:21 |
| maybe(1) | 14:21 |
| mcclamb(1) | 2:6 |
| mean(4) | 13:11 13:12 14:5 14:9 |
| medical(1) | 16:19 |
| meet(1) | 15:18 |
| mentions(1) | 12:11 |
| merit(1) | 11:20 |
| meritless(1) | 10:21 |
| met(2) | 10:23 23:18 |
| milestone(2) | 23:18 23:21 |
| mind(1) | 12:18 |
| misled(1) | 9:21 |
| moment(4) | 14:11 22:22 22:25 |
| money(4) | 16:4 16:24 16:24 17:6 |
| monitor(2) | 22:13 14:18 |
| more(2) | 10:25 11:6 |
| morning(5) | 3:3 3:5 3:6 3:7 4:8 5:24 5:25 6:1 13:13 |
| morris(2) | 1:24 3:8 |
| most(1) | 18:18 |
| motion(3) | 3:21 3:23 |
| move(1) | 19:4 |
| moved(1) | 9:25 |
| moving(1) | 6:21 |
| much(2) | 11:23 16:22 |
| must(2) | 6:12 13:12 |
| myself(1) | 13:3 |
| named(3) | 11:7 11:7 18:12 |
| namely(1) | 9:15 |
| negative(2) | 8:9 8:14 |
| networks(10) | 1:8 6:2 6:4 6:6 7:5 7:14 18:8 18:14 19:19 19:20 |
| new(10) | 1:34 8:19 8:25 12:9 12:15 12:20 12:23 13:17 20:22 21:1 |
| newbould(1) | 23:20 |
| next(1) | 24:24 |
| nichols(2) | 1:24 3:8 |
| nnc(9) | 6:6 6:9 7:15 8:23 9:6 9:10 16:13 16:15 19:18 |
| nni(28) | 6:4 6:25 6:25 7:4 9:15 9:20 9:21 9:23 11:6 11:15 11:25 12:4 12:7 12:9 12:19 13:1 13:4 14:7 14:16 15:20 16:7 17:12 20:7 21:17 21:18 22:4 22:6 22:7 |
| nni's(1) | 7:3 |
| nnn(1) | 8:24 |
| nor(2) | 10:18 11:10 |
| normal(2) | 11:16 20:19 |
| nortel(33) | 1:8 6:2 6:4 6:5 7:3 7:4 7:13 7:21 8:1 8:5 8:19 8:25 9:9 9:15 9:24 10:11 11:19 12:18 13:21 14:5 14:13 14:15 15:20 15:23 16:7 16:12 16:18 18:14 18:18 19:20 20:13 20:22 |
| nortel's(5) | 9:25 10:1 10:4 10:7 10:14 |
| north(2) | 1:26 2:7 |
| not(38) | 8:2 9:12 9:18 10:11 10:12 10:18 10:23 10:24 11:6 11:9 11:11 11:13 12:3 12:11 13:6 13:11 13:25 14:3 14:8 14:14 14:20 14:22 15:3 15:24 17:24 18:19 19:20 19:21 19:22 19:24 21:16 22:4 22:6 22:7 22:10 23:25 24:6 24:23 |
| note(2) | 11:13 14:22 |
| nothing(2) | 23:6 23:20 |
| notice(1) | 20:19 |
| november(5) | 1:14 3:1 3:12 24:17 24:18 |
| now(4) | 11:11 11:23 14:5 14:16 |
| number(10) | 4:21 5:2 5:8 5:10 5:12 5:13 5:14 5:18 6:3 19:17 |
| numbers(1) | 5:2 |
| objected(1) | 4:13 |
| objection(11) | 3:20 4:11 4:14 4:14 5:7 5:10 6:16 19:24 22:13 24:22 25:8 |
| obstacles(1) | 10:3 |
| obviously(1) | 23:15 |
| occasion(1) | 23:21 |
| october(3) | 4:18 4:23 5:6 |
| off(3) | 3:11 14:12 14:13 |
| official(1) | 2:4 2:29 |
| okay(8) | 8:16 13:13 16:16 17:8 17:10 17:10 17:10 |
| omnibus(3) | 3:19 4:11 4:13 |
| one(9) | 1:33 4:17 5:15 7:12 8:8 9:2 15:18 19:17 21:15 |
| only(1) | 11:2 |
| open(1) | 23:15 |
| operated(1) | 10:7 |
| operating(1) | 20:19 |
| opposed(1) | 14:2 |
| options(3) | 7:7 7:13 9:3 |
| order(4) | 22:15 23:1 23:1 23:4 |
| orders(1) | 3:15 |
| other(8) | 5:2 9:2 13:16 14:2 14:3 14:25 15:19 23:10 |
| our(2) | 12:15 15:7 15:8 18:21 |
| out(7) | 10:21 12:17 14:6 15:10 16:3 16:23 18:6 |
| outlining(1) | 10:8 |
| outside(2) | 21:17 21:18 |
| overstating(1) | 9:21 |
| overy(1) | 2:13 |
| own(2) | 16:22 16:22 |
| owned(1) | 6:5 |
| p.c(1) | 2:25 |
| page(1) | 17:22 18:3 18:4 18:8 18:10 |
| paid(1) | 22:6 |
| painted(1) | 9:16 |
| parent(1) | 6:7 7:16 |
| part(3) | 7:1 19:5 19:12 19:19 |
| participant(1) | 9:22 15:18 |
| participants(6) | 7:23 8:20 9:2 9:19 12:3 13:24 |
| participated(1) | 7:3 |
| participating(1) | 5:19 |
| parties(3) | 24:7 24:21 24:23 |
| party(3) | 2:17 2:21 2:33 |
| pascale(1) | 1:32 3:21 4:9 |
| past(1) | 14:25 |
| paving(1) | 12:24 20:25 21:2 |
| pay(1) | 16:3 |
| paycheck(1) | 22:7 |
| paychecks(1) | 22:9 |
| pbgc(1) | 24:2 24:10 24:16 |
| pending(2) | 3:22 3:24 |
| pennsylvania(1) | 1:41 |
| pension(1) | 2:25 |
| per(1) | 8:25 |
| percentage(1) | 7:11 |
| performance(1) | 8:7 |
| periodically(1) | 14:20 |
| permitted(1) | 3:23 |
| phone(1) | 5:19 |
| phonetic(1) | 5:11 |
| picture(1) | 9:16 |
| pinning(1) | 13:18 |
| placed(2) | 8:2 9:2 |
| plan(9) | 6:20 6:21 7:4 7:5 7:6 7:7 7:23 9:19 9:22 10:9 11:4 11:7 11:7 11:10 11:13 12:2 12:4 12:5 12:8 13:24 15:8 15:23 17:13 18:7 18:8 18:11 18:12 18:14 19:15 19:16 19:19 19:20 19:21 19:21 19:23 20:17 20:17 21:12 21:16 23:15 |
| plans(2) | 10:8 21:23 |
| plan's(1) | 11:8 |
| plaza(1) | 1:33 |
| please(2) | 3:2 22:22 |
| point(6) | 8:22 14:17 15:14 16:12 20:21 24:24 |
| portfolio(1) | 7:25 |
| position(3) | 6:11 11:17 18:17 |
| potential(1) | 8:6 |
| ppearances(2) | 1:22 2:1 |
| practice(1) | 4:1 |
| precede(1) | 20:6 |
| predicted(1) | 20:11 10:13 |
| preparing(1) | 13:14 |
| preston(1) | 2:5 |
| previous(3) | 8:17 12:5 12:6 |
| previously(1) | 22:18 |
| price(1) | 14:23 15:2 |
| prices(1) | 14:24 |
| primarily(1) | 7:14 |
| prior(6) | 6:10 6:24 8:10 14:25 15:16 21:6 |
| priority(1) | 4:24 |
| pro(1) | 3:21 |
| proceed(1) | 24:10 |
| proceedings(6) | 1:18 1:45 6:10 9:10 14:2 25:20 |
| produced(1) | 1:46 |
| progress(2) | 12:14 15:10 |
| projections(1) | 12:16 |
| prompted(1) | 7:14 |
| proof(4) | 6:15 7:24 17:14 19:5 |
| proposing(1) | 24:8 |
| protect(3) | 13:1 15:15 15:18 |
| protected(1) | 15:15 |
| protection(1) | 6:10 |
| provided(2) | 7:7 8:6 |
| public(3) | 9:25 20:12 20:18 |
| publicly(1) | 20:11 |
| purchased(1) | 17:3 |
| put(1) | 11:2 24:22 |
| question(4) | 12:19 15:19 20:1 20:6 |
| questions(1) | 18:21 |
| ranged(1) | 8:8 |
| rather(3) | 6:14 8:3 17:12 |
| ray(1) | 19:9 |
| reading(1) | 23:22 |
| reality(1) | 16:22 |
| really(1) | 16:22 20:19 |
| reason(2) | 12:21 15:24 |
| reasons(1) | 19:23 |
| receive(2) | 4:19 4:24 |
| received(5) | 4:14 4:17 4:22 5:5 |
| recess(1) | 25:12 |
| record(5) | 3:8 10:18 19:5 19:13 20:11 |
| recorded(1) | 1:45 |
| recording(2) | 1:45 25:19 |
| recovered(1) | 5:2 |
| reduction(1) | 10:5 |
| redundant(1) | 5:11 |
| reflected(1) | 17:7 |
| related(1) | 6:18 |
| relates(1) | 6:18 |
| remaining(1) | 5:16 |
| remming(14) | 1:25 3:6 3:7 3:8 3:11 3:14 3:18 4:3 4:4 4:8 24:13 24:14 24:17 25:15 |
| reorg(2) | 2:33 2:34 |
| repeated(1) | 10:5 |
| reply(1) | 17:20 |
| report(2) | 22:4 23:20 |
| represents(1) | 14:5 |
| request(1) | 3:22 |
| requests(1) | 23:10 |
| require(1) | 12:1 |
| required(1) | 12:1 |
| requiring(1) | 15:18 |
| research(2) | 2:33 2:34 |
| resolutions(1) | 4:16 |
| resolved(2) | 4:15 4:19 |
| resources(1) | 21:22 |
| respectfully(2) | 3:22 18:19 |
| respond(1) | 16:9 |
| response(4) | 4:17 4:22 5:5 24:22 |
| responses(2) | 4:14 4:16 |
| responsibility(3) | 13:19 13:23 22:12 |
| responsible(1) | 11:7 |
| rest(1) | 18:21 |
| restructuring(2) | 10:8 15:8 |
| retirement(10) | 11:4 11:8 11:10 11:12 18:8 18:14 19:20 21:12 21:16 21:23 |
| returns(2) | 8:10 8:14 |
| revenue(2) | 7:6 10:9 |
| review(1) | 22:23 |
| revised(5) | 5:9 22:15 |
| ride(1) | 15:10 |
| right(32) | 3:13 4:3 5:21 6:23 11:22 14:5 14:15 14:16 14:17 15:2 15:12 16:5 18:15 18:22 19:2 19:10 20:7 20:7 22:5 22:5 22:19 22:21 23:1 23:4 23:8 23:11 23:12 23:12 24:15 24:20 25:3 25:11 |
| rise(1) | 3:2 |
| risk(1) | 11:19 |
| risks(1) | 9:8 |
| rosy(1) | 9:16 |
| route(1) | 14:1 |
| rpm(1) | 17:12 |
| said(3) | 8:13 12:12 20:4 |
| sales(1) | 7:1 |
| same(2) | 13:3 13:23 |
| sanjana(1) | 2:34 |
| satisfaction(1) | 4:21 |
| savings(1) | 14:6 |
| say(5) | 13:13 14:20 20:21 21:16 23:15 |
| saying(6) | 12:10 12:14 12:23 15:7 16:21 17:2 |
| scenario(1) | 14:14 |
| scheduled(1) | 24:4 |
| schuylkill(1) | 1:40 |
| schweitzer(22) | 1:31 3:5 18:25 19:2 19:3 19:8 23:9 23:10 23:13 23:17 23:23 24:1 24:3 24:6 24:9 24:15 24:18 24:21 25:2 25:5 25:9 25:13 |
| seated(1) | 3:4 |
| second(1) | 4:22 |
| secrecy(1) | 10:14 |
| section(1) | 7:6 |
| see(4) | 3:4 18:10 18:11 25:3 |
| seeking(1) | 6:3 |
| seen(1) | 23:14 |
| self(1) | 16:18 |
| self-enrichment(1) | 15:25 |
| self-insurance(1) | 16:19 |
| separate(3) | 21:24 21:25 22:11 |
| september(1) | 4:12 |
| service(2) | 1:39 1:46 |
| services(1) | 1:39 |
| set(3) | 10:21 13:10 13:15 |
| seven(2) | 8:10 8:17 |

| Word | Page:Line |
| --- | --- |
| **share**(1) 8:25 | |
| **shares**(7) 6:5 6:9 7:15 8:23 8:24 9:6 17:3 | |
| **she**(1) 3:23 | |
| **shock**(1) 15:4 | |
| **should**(7) 6:15 6:16 9:23 11:21 14:12 14:13 20:5 | |
| **show**(4) 10:2 10:7 10:23 11:3 | |
| **shows**(1) 20:24 | |
| **sign**(1) 23:2 | |
| **signed**(1) 23:4 | |
| **significant**(1) 10:4 | |
| **simple**(2) 11:25 14:7 | |
| **simply**(2) 10:17 10:22 | |
| **since**(1) 15:19 | |
| **single**(1) 8:3 | |
| **sir**(1) 11:24 | |
| **situation**(2) 13:3 13:22 | |
| **six**(2) 8:10 8:17 | |
| **some**(1) 14:2 | |
| **something**(1) 14:10 | |
| **sometime**(1) 14:9 | |
| **sorry**(5) 8:12 16:14 18:9 18:10 18:25 | |
| **sound**(2) 1:45 15:19 | |
| **specific**(1) 6:22 | |
| **sponsor**(2) 18:11 19:21 | |
| **stable**(1) 7:25 | |
| **stand**(1) 25:12 | |
| **standard**(2) 10:21 10:22 | |
| **start**(2) 13:14 14:4 | |
| **started**(3) 13:12 13:18 14:11 | |
| **state**(4) 6:12 10:18 15:16 20:5 | |
| **stated**(1) 12:7 | |
| **statements**(1) 12:13 | |
| **states**(2) 1:1 1:20 | |
| **stating**(1) 12:4 | |
| **status**(3) 24:11 24:18 24:25 | |
| **steen**(2) 1:30 4:9 | |
| **still**(1) 8:20 | |
| **stock**(45) 5:14 7:22 8:1 8:3 8:5 8:7 8:9 8:14 8:19 8:21 8:25 9:1 9:8 9:10 9:24 10:25 11:14 11:19 12:9 12:20 13:17 13:21 14:13 14:22 14:24 15:1 15:20 15:21 15:23 15:23 15:25 16:1 16:2 16:7 16:12 16:14 16:15 16:22 16:23 16:24 16:25 19:18 20:22 21:1 21:7 | |
| **stocks**(1) 7:14 | |
| **strauss**(1) 2:29 | |
| **street**(3) 1:11 1:40 2:7 | |
| **submissions**(1) 18:20 | |
| **submit**(1) 11:20 | |
| **substantiated**(1) 10:18 | |
| **succeed**(1) 10:12 | |
| **such**(2) 8:5 10:15 | |
| **suggesting**(1) 11:11 | |
| **supreme**(1) 10:19 | |
| **sure**(1) 14:3 | |
| **surrounding**(2) 6:20 10:14 | |
| **survive**(3) 10:22 11:1 11:2 | |
| **sustain**(1) 19:23 | |
| **sustained**(1) 11:18 | |
| **sustaining**(1) 22:13 | |
| **sympathize**(3) 6:11 9:7 18:16 | |
| **sympathy**(1) 19:16 | |
| **table**(2) 14:12 14:13 | |
| **take**(3) 10:8 22:22 22:25 | |
| **takes**(1) 19:16 | |
| **talk**(1) 13:5 | |
| **talked**(1) 24:23 | |
| **talking**(2) 12:24 24:21 | |
| **tax**(1) 21:22 | |
| **taylor**(1) 2:5 | |
| **telephone**(1) 5:22 | |
| **telephonic**(1) 2:11 | |
| **tell**(1) 17:22 | |
| **than**(7) 6:14 8:24 11:1 11:6 13:16 17:12 23:10 | |

| Word | Page:Line |
| --- | --- |
| **thank**(26) 4:2 4:3 4:4 4:7 4:8 8:18 11:21 11:22 11:22 11:24 16:11 18:23 18:24 19:11 19:14 22:14 22:21 23:3 23:6 23:8 25:5 25:9 25:10 25:11 25:14 25:15 | |
| **that**(112) 3:11 3:20 3:23 5:13 8:4 8:12 8:13 9:15 9:20 9:21 9:23 10:22 10:23 10:24 11:3 11:5 11:12 11:20 11:25 12:1 12:4 12:5 12:7 12:8 12:10 12:10 12:12 12:13 12:16 12:18 12:21 12:22 12:22 12:23 12:25 13:1 13:4 13:5 13:6 13:7 13:8 13:13 13:16 13:18 13:18 14:6 14:7 14:10 14:10 14:12 14:15 14:22 14:25 15:1 15:3 15:4 15:5 15:6 15:9 15:14 15:17 15:17 15:19 15:22 15:22 15:24 15:25 16:7 16:11 16:12 16:14 16:15 16:21 17:2 17:11 17:20 17:23 18:20 19:15 19:24 20:4 20:5 20:9 20:16 20:19 20:20 20:21 20:23 20:24 20:24 20:25 20:25 21:1 21:2 21:10 21:13 21:14 21:17 21:20 22:8 22:11 22:18 22:25 23:18 23:21 23:21 24:5 24:24 25:12 25:18 | |
| **that's**(15) 3:19 12:3 12:9 12:25 13:3 13:11 13:16 14:4 16:20 17:10 18:1 19:2 20:15 20:23 23:12 | |
| **the**(301) 1:1 1:2 1:19 2:13 3:2 3:3 3:6 3:7 3:8 3:10 3:11 3:13 3:14 3:17 3:18 3:18 3:25 4:4 4:7 4:10 4:10 4:12 4:13 4:14 4:16 4:20 4:24 4:25 5:4 5:7 5:7 5:9 5:9 5:12 5:14 5:15 5:15 5:17 5:21 5:22 5:24 6:2 6:4 6:5 6:5 6:6 6:7 6:7 6:8 6:8 6:8 6:9 6:10 6:13 6:13 6:13 6:14 6:19 6:19 6:20 6:21 6:23 6:24 7:1 7:2 7:4 7:6 7:6 7:9 7:10 7:11 7:13 7:13 7:14 7:15 7:15 7:17 7:19 7:21 7:21 7:22 7:24 8:1 8:5 8:7 8:9 8:10 8:10 8:12 8:14 8:15 8:16 8:17 8:18 8:19 8:21 8:22 8:25 8:25 9:1 9:2 9:4 9:5 9:5 9:7 9:9 9:10 9:13 9:17 9:19 9:20 9:24 9:25 10:2 10:3 10:7 10:10 10:13 10:15 10:18 10:19 10:25 11:1 11:3 11:3 11:4 11:5 11:6 11:7 11:8 11:9 11:12 11:12 11:14 11:14 11:17 11:17 11:19 11:19 11:22 12:2 12:2 12:13 12:13 12:15 12:17 12:17 12:20 12:21 12:21 12:23 12:24 13:3 13:12 13:17 13:18 13:20 13:21 13:23 13:23 13:24 13:24 14:3 14:7 14:8 14:11 14:12 14:22 14:24 14:25 15:1 15:2 15:6 15:12 15:14 15:15 15:17 15:19 15:20 15:22 15:24 16:1 16:2 16:5 16:6 16:9 16:14 16:15 16:16 16:24 16:25 17:1 17:4 17:5 17:9 17:11 17:12 17:13 17:14 17:15 17:18 17:19 17:21 17:22 17:22 18:4 18:6 18:7 18:7 18:10 18:12 18:12 18:13 18:14 18:18 18:18 18:20 18:22 18:24 19:2 19:4 19:5 19:5 19:7 19:10 19:12 19:12 19:15 19:15 19:16 19:17 19:17 19:17 19:18 19:19 19:19 19:21 19:21 19:22 19:23 20:2 20:5 20:7 20:9 20:10 20:12 20:16 20:17 20:17 20:18 20:19 20:25 20:25 21:1 21:2 21:5 21:6 21:6 21:9 21:10 21:12 21:12 21:13 21:14 21:16 21:19 21:19 21:24 22:1 22:3 22:5 22:8 22:9 22:11 22:12 22:13 22:15 22:16 22:18 22:19 22:21 22:23 22:25 | |
| **the**(42) 23:1 23:4 23:4 23:8 23:12 23:14 23:15 23:16 23:22 23:22 23:24 23:24 23:25 24:2 24:2 24:4 24:7 24:7 24:9 24:11 24:12 24:12 24:13 24:16 24:20 24:21 24:22 24:23 24:24 24:25 25:1 25:2 25:3 25:4 25:7 25:8 25:11 25:16 25:18 25:19 25:19 25:20 | |
| **their**(7) 7:4 7:8 7:9 7:12 8:21 13:19 22:6 | |
| **them**(1) 12:22 | |
| **themselves**(2) 14:14 18:18 | |

| Word | Page:Line |
| --- | --- |
| **then**(7) 13:21 14:9 15:1 15:25 16:2 16:23 18:1 | |
| **there**(8) 10:14 11:12 11:13 16:23 20:13 20:17 21:7 24:22 | |
| **therefore**(1) 10:17 | |
| **theresa**(1) 5:11 | |
| **there's**(4) 19:8 24:10 24:11 24:18 | |
| **these**(8) 4:15 4:16 7:8 9:12 9:18 10:12 10:20 15:9 | |
| **they**(48) 7:9 7:10 7:11 7:11 7:12 10:18 12:10 12:11 12:17 12:19 12:23 13:1 13:1 13:11 13:12 13:13 13:14 13:17 13:18 13:19 13:21 14:8 14:11 14:12 14:23 15:3 15:5 15:15 15:15 15:16 15:17 15:17 15:21 15:23 15:24 15:25 16:1 16:3 16:23 17:6 17:7 19:12 20:22 20:23 20:24 20:25 21:1 | |
| **they're**(5) 13:8 13:22 16:21 19:5 22:6 | |
| **thing**(2) 12:18 13:20 | |
| **things**(1) 14:5 | |
| **think**(7) 14:11 15:17 16:20 19:5 21:10 21:15 24:24 | |
| **thinking**(11) 9:17 9:23 12:12 12:18 12:24 13:4 13:8 13:15 14:11 20:24 21:2 | |
| **third**(2) 3:18 5:5 | |
| **this**(18) 4:1 4:19 5:13 12:5 13:15 13:20 13:22 14:1 14:5 14:14 14:15 14:17 15:20 16:20 16:22 18:7 19:22 20:3 | |
| **those**(3) 3:15 3:16 11:10 12:16 17:18 | |
| **thought**(2) 20:14 20:18 | |
| **three**(2) 4:15 14:21 | |
| **through**(4) 4:16 20:11 21:7 22:23 | |
| **throughout**(1) 13:9 | |
| **ties**(1) 9:14 | |
| **time**(10) 8:22 12:10 12:10 12:25 13:9 13:23 14:17 20:16 21:3 21:13 | |
| **time-barred**(1) 11:11 | |
| **times**(2) 14:1 14:25 | |
| **today**(4) 3:23 4:6 5:20 23:11 | |
| **took**(4) 12:6 14:12 14:13 17:23 | |
| **total**(1) 5:1 | |
| **traction**(1) 15:9 | |
| **trader**(1) 14:10 | |
| **trading**(1) 8:24 | |
| **transcript**(3) 1:18 1:46 25:19 | |
| **transcription**(3) 1:39 1:39 1:46 | |
| **transfer**(2) 8:21 16:23 | |
| **transferred**(1) 7:19 | |
| **transformation**(1) 10:9 | |
| **treasury**(1) 21:22 | |
| **true**(1) 19:21 | |
| **trust**(1) 2:25 | |
| **tuesday**(1) 3:1 | |
| **tunnell**(1) 1:24 | |
| **turn**(2) 17:19 17:19 | |
| **turnaround**(1) 15:8 | |
| **turvaville**(2) 5:10 5:12 | |
| **two**(1) 3:16 | |
| **type**(1) 14:14 | |
| **types**(1) 10:20 | |
| **u.k**(1) 2:25 | |
| **u.s**(2) 3:8 9:10 | |
| **ultimate**(2) 6:6 7:15 | |
| **under**(2) 7:6 11:3 | |
| **understand**(1) 11:16 | |
| **understanding**(2) 16:12 17:1 | |
| **unfortunate**(2) 9:12 18:19 | |
| **unfortunately**(3) 8:22 9:9 22:10 | |
| **united**(2) 1:1 1:20 | |
| **unless**(1) 18:20 | |
| **unsecured**(4) 2:5 2:30 4:20 4:25 | |
| **until**(2) 15:11 20:7 | |

| Word | Page:Line |
| --- | --- |
| **update**(1) 23:14 | |
| **use**(1) 13:11 | |
| **using**(2) 12:8 13:16 | |
| **valid**(2) 11:12 19:25 | |
| **value**(8) 6:5 6:8 7:20 8:4 8:23 9:1 9:11 17:9 | |
| **values**(1) 9:5 | |
| **version**(2) 22:17 22:18 | |
| **very**(5) 10:2 11:22 13:6 23:17 25:3 | |
| **voluntarily**(1) 13:2 | |
| **voluntary**(1) 19:18 | |
| **votes**(1) 23:11 | |
| **wake**(1) 13:13 | |
| **walk**(2) 4:16 22:23 | |
| **want**(1) 16:23 | |
| **wanted**(1) 23:13 | |
| **was**(48) 4:17 5:5 6:25 7:13 7:24 8:2 8:12 8:19 9:1 9:8 9:9 10:14 11:6 12:4 12:7 12:13 12:14 12:17 12:18 12:21 13:4 14:23 15:3 15:4 15:10 15:11 15:21 16:1 16:7 16:7 16:12 16:16 16:15 16:20 19:18 19:21 20:7 20:11 20:12 20:13 20:17 20:19 20:19 20:20 21:12 22:18 24:22 25:16 | |
| **wasn't**(2) 16:18 16:21 | |
| **way**(6) 11:2 12:24 14:3 15:1 20:25 21:2 | |
| **weeding**(1) 10:21 | |
| **welcome**(1) 3:25 | |
| **well**(13) 4:6 4:7 9:8 10:6 10:15 11:20 13:15 14:9 16:9 19:9 22:8 25:3 25:13 | |
| **well-diversified**(1) 7:25 | |
| **went**(5) 14:1 14:25 15:1 16:24 16:25 | |
| **were**(19) 8:20 8:24 10:15 11:19 12:11 12:17 12:21 12:23 15:3 15:5 15:17 15:23 15:24 17:3 17:6 20:24 20:24 21:1 21:11 | |
| **we'd**(1) 3:22 | |
| **we'll**(3) 23:18 25:7 25:12 | |
| **we're**(9) 3:11 12:14 12:16 13:13 15:7 15:8 15:9 15:10 23:17 | |
| **we've**(3) 4:14 4:18 23:21 | |
| **what**(8) 8:12 12:21 12:21 13:10 16:20 20:11 20:12 24:23 | |
| **when**(11) 12:9 13:5 13:10 13:11 13:12 13:17 15:4 16:3 16:19 16:23 20:3 | |
| **where**(3) 8:2 13:22 20:4 | |
| **whereupon**(1) 25:16 | |
| **whether**(2) 10:12 13:8 | |
| **which**(12) 7:10 7:12 7:23 8:8 8:8 10:3 10:6 12:5 17:13 19:20 23:14 23:17 | |
| **while**(6) 3:23 6:11 9:6 9:12 9:17 11:16 | |
| **whiteford**(1) 2:5 | |
| **who**(4) 4:19 18:18 21:22 22:9 | |
| **whole**(1) 13:20 | |
| **why**(4) 12:10 12:19 20:21 20:23 | |
| **will**(9) 3:20 4:10 4:16 4:19 4:24 5:3 5:15 6:19 23:2 | |
| **william**(1) 4:22 | |
| **willing**(1) 15:10 | |
| **willkie**(1) 2:25 | |
| **wilmington**(4) 1:12 1:27 2:8 3:1 | |
| **wiped**(1) 14:6 | |
| **wish**(1) 25:12 | |
| **wislock**(3) 11:24 21:15 | |
| **wislocki**(48) 2:37 2:38 2:38 5:19 5:21 5:23 5:25 6:1 6:3 6:7 6:15 6:24 7:3 7:19 7:23 8:2 8:7 9:9 9:11 9:14 10:6 10:23 11:3 11:9 11:18 11:23 14:19 14:20 14:24 15:13 15:14 16:6 16:10 16:11 16:18 17:2 17:8 17:10 17:16 17:23 18:1 19:16 20:1 20:3 20:21 21:14 22:5 22:6 | |

| Word | Page:Line |
|---|---|

**wislocki's**(11) 6:11 6:18 6:20 7:18 9:4 9:7
9:20 10:17 11:15 11:16 18:17

**with**(20) 4:19 5:12 6:11 6:25 8:4 9:7 9:8
9:9 10:20 11:14 16:19 18:16 18:17 19:16
20:6 22:12 22:23 23:19 24:9 25:11

**withdrawn**(1) 5:7
**without**(3) 11:20 13:5 13:7
**workforce**(1) 10:5
**working**(1) 3:11
**would**(15) 10:12 10:23 10:25 11:4 11:5
14:2 14:7 14:20 16:24 17:19 20:6 20:9
20:10 24:23 24:23

**wouldn't**(1) 13:21
**www.diaztrans.com**(1) 1:43
**year**(4) 6:9 8:8 12:15 14:21
**years**(3) 8:11 8:17 14:6
**yes**(26) 3:10 3:17 4:1 5:4 5:17 5:23 7:17
14:24 17:5 17:15 17:21 18:5 18:15 19:7
21:5 21:9 21:15 22:1 22:3 22:16 22:21
22:25 23:16 24:1 24:3 24:14

**yet**(1) 24:6
**yoakum**(2) 4:17 4:19
**york**(2) 1:34 8:25
**you**(66) 3:3 3:4 4:1 4:2 4:3 4:4 4:4 4:6
4:7 4:8 5:21 8:13 8:18 11:21 11:22 11:23
11:23 11:24 13:1 14:3 14:18 14:22 15:6
15:11 15:12 15:22 15:22 16:11 16:21
16:22 16:23 17:2 17:3 17:16 17:19 17:22
18:21 18:23 18:24 19:11 19:14 19:16 20:2
20:10 20:16 21:14 21:19 22:14 22:21
22:21 22:24 23:3 23:7 23:8 24:6 24:12
24:25 25:3 25:5 25:9 25:10 25:11 25:12
25:13 25:14 25:15

**young**(1) 2:14
**your**(32) 3:5 3:7 3:14 3:16 4:3 4:9 5:19
6:18 14:18 17:17 18:16 18:25 19:14 19:16
19:18 19:24 19:24 20:17 20:20 20:20 21:4
22:10 22:14 22:22 23:3 23:6 23:13 23:18
24:17 24:19 25:5 25:9

**you've**(1) 23:14
**zero**(1) 16:3
**december**(1) 25:23