**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> Nortel Networks Inc., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 0910138 (KG) <br><br> Jointly Administered |

**PENSION BENEFIT GUARANTY CORPORATION'S RESPONSE TO DEBTORS' THIRD AMENDED SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Bankruptcy Rule 7034, Federal Rule of Civil Procedure 34, and the Local Rules of this Court, the Pension Benefit Guaranty Corporation ("PBGC") produces the following response to Debtors' Third Amended Set of Requests for Production of Documents to the Pension Benefit Guaranty Corporation (individually, a "Request" and collectively, the "Requests").

**GENERAL OBJECTIONS AND RESERVATION OF RIGHTS**

In addition to the objections set forth separately in the responses below ("Specific Objections"), each response to each Request is provided subject to each of the following General Objections.

1. Because of the discovery schedule ordered by the Court, PBGC makes these responses to the Requests: (i) while in the process of undertaking a good-faith and reasonable search for responsive documents; and (ii) pursuant to each General Objection, Specific Objection, and the reservation of rights set forth below.

2. On December 4, 2016, Debtors and PBGC agreed that: (i) work product of attorneys related to this case would not be gathered for discovery; (ii) PBGC is not required to

provide any further description of such documents or to include them in a privilege log; and (iii) PBGC has not waived any privilege with respect to any such documents.

3. As agreed by the parties on December 4, 2016, PBGC is addressing in this discovery only its two remaining claims in this proceeding: for unfunded benefit liabilities and for termination premiums.

4. PBGC objects to the Requests to the extent they purport to impose any obligation on PBGC beyond the scope of, or inconsistent with, those imposed by the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, other applicable law, or any orders of the Court.

5. PBGC objects to the Requests to the extent that: (i) they seek documents that are not relevant to any party's claim or defense; (ii) they are not proportional to the needs of the case; and (iii) the burden or expense of the proposed discovery outweighs its likely benefit.

6. PBGC objects to the Requests to the extent they seek documents that: (i) are subject to the attorney-client privilege; (ii) constitute attorney work product; (iii) are subject to the Government's deliberative process privilege; or (iv) are otherwise privileged or protected from discovery under state or federal law. In addition, the inadvertent or mistaken production of documents and/or information subject to the protections of the attorney-client privilege, work product doctrine or other applicable privilege, immunity or exemption, shall not be deemed a general, inadvertent, implicit, subject matter, separate, independent or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of advice of counsel or of any privileged or protected communications. PBGC reserves the right to seek the return of all copies of any such document inadvertently produced in response to the Requests.

7. PBGC objects to the Requests to the extent that they concern PBGC's valuation regulation, 29 C.F.R. pt. 4044, and seek documents beyond the administrative record of that regulation, which PBGC is producing.

8. PBGC objects to the Requests to the extent that they seek the production of documents that contain confidential, proprietary and/or non-public information subject to confidentiality agreements executed between PBGC and third parties, documents that PBGC must keep confidential pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461 (2012 & Supp. II 2014), or documents that PBGC is prohibited from disclosing under the Privacy Act, 5 U.S.C. § 552a, or other applicable federal law.

9. PBGC objects to the Requests to the extent that they: (i) are unreasonably cumulative or duplicative; (ii) seek material that is already in the Debtors' possession, custody, or control; (iii) seek material reasonably obtainable from some other source that is more convenient, less burdensome or less expensive; (iv) seek the disclosure of information or production or identification of documents not within PBGC's possession, custody, or control; or (v) otherwise constitute an abuse of discovery under Rule 26(b)(2) of the Federal Rules of Civil Procedure.

10. PBGC objects to the Requests to the extent they lack particularity and seek the production of "all" documents responsive to a particular description where the production of "all" such documents is not relevant to the subject matter involved in this matter and/or where the search for, collection of or production of all such documents would be unduly burdensome or oppressive and is not proportional to the needs of this case.

11. PBGC objects to the Requests to the extent they contain legal conclusions or the application of law to facts that are subject to dispute in this action.

12. Nothing contained in any response herein shall be deemed to be an admission, concession, or waiver by PBGC as to the validity of any claim asserted by Debtors.

13. Each and every response which states that PBGC will undertake a reasonable search for responsive documents shall not be construed as a representation that such documents exist or as an admission of any legal or factual contention contained in any individual Request.

14. These responses are made without in any way waiving or intending to waive, but to the contrary intending to preserve and preserving: (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any documents or information produced in response to the Requests; (ii) the right to object on any ground to the use of the documents or information produced in response to the Requests at any hearing, trial, or other point during this action; (iii) the right to object on any ground at any time to a demand for further responses to the Requests; or (iv) the right at any time to amend, supplement, modify or correct these responses and objections. By agreeing to produce documents in response to a Request, PBGC does not admit that it has documents responsive to that request.

### RESPONSES AND OBJECTIONS

Subject to amendment and consistent with the parties' agreed-upon ongoing rolling discovery production, and without waiving the foregoing General Objections and Reservation of Rights, PBGC responds to the Requests as follows and notes that capitalized terms have the same meaning as set forth in Debtors' Requests unless stated otherwise:

REQUEST NO. 1: All Documents the PBGC intends to rely on at trial.

PBGC'S RESPONSE TO REQUEST NO. 1:

PBGC objects to Request No. 1. PBGC has not yet identified documents responsive to this Request and the Court has not established a date for providing exhibit lists. Subject to the General Objections, PBGC will produce responsive documents when they are identified.

REQUEST NO. 2: All Documents produced by the PBGC in the US Airways litigation that relate to the PBGC Select Rate, the PBGC Ultimate Rate, a Prudent Investor Rate or any other rate to determine the amount of a PBGC claim for underfunding of a terminated pension plan, including, without limitation, the administrative record that relates to any of the foregoing.

PBGC RESPONSE TO REQUEST NO. 2:

Subject to the General Objections, PBGC has produced the administrative record that it submitted in the *In re US Airways* litigation and will produce additional responsive documents to the extent they are located.

REQUEST NO. 3: As to the PBGC Claims and the Amended PBGC Claims, Documents sufficient to show the data and methodology used to determine pension entitlements, calculation of the claims amounts stated in each of the PBGC Claims and the Amended PBGC Claims, the methodology applied by the PBGC in determining the claim amounts stated in each of the PBGC Claims and the Amended PBGC Claims (including without limitation at least 10 different sample life calculations showing how the PBGC applies its discount rate, mortality table, XRA, and other assumptions to individuals with different statuses, payment forms, and benefit types), and the reasons for selection of that methodology, including but not limited to determination of any priority or administrative claim, and whether to make an adjustment to assets to reflect payment of premiums by the plan in 2009 in light of 29 C.F.R. § 4007.12.

PBGC RESPONSE TO REQUEST NO. 3:

Subject to the General Objections, PBGC will produce responsive documents. PBGC notes that it has already produced copious materials in five incremental responses to Debtors' FOIA request dated December 24, 2015 that are responsive to this Request and will not be duplicated. These materials include: a reconciliation of the unfunded benefit liability estimate in the Actuarial Case Memo dated August 4, 2014 to PBGC's Amended Claim for unfunded benefit

5

liabilities; the valuation database for the Plan; the User Defined Table; the ACT data dictionary; the database construction report; a spreadsheet of the Plan population data provided to PBGC by Mercer to send the 2009 annual funding notices; the Actuarial Case Memo dated August 4, 2014; and a CD plus 599 pages of sample benefit calculations. PBGC also made its actuary available to answer any questions posed by the Debtors' representatives. In addition, PBGC notes that it is not required to create documents in response to these Requests (such as (additional) sample calculations, reasons for selecting methodology, etc.). Finally, the five Court-approved stipulations between PBGC and the Debtors entered from July 2009 to March 2011 resolving claims that PBGC could have asserted against various non-debtors and their assets are responsive to this Request.

REQUEST NO. 4: As to the Amended PBGC Claims, Documents and Communications sufficient to show (a) when the PBGC came to possess the information that the PBGC maintains justified the recalculation of the Unfunded Benefit Liabilities Claim from $593,100,000 to $624,601,972, (b) the circumstances under which the PBGC came to possess such information, (c) when the PBGC first became aware that the Unfunded Benefit Liabilities Claim would increase from $593,100,000, (d) when the PBGC came to possess the information that the PBGC maintains allowed the calculation of the Insurance Claim, (e) the circumstances under which the PBGC came to possess such information, (f) when the PBGC first became aware that the Insurance Claim would increase from the "Unliquidated" amount contained in the PBGC Claims to the $83,392,500 contained in the Amended PBGC Claims, (g) when the PBGC approved the filing of the Amended PBGC Claims, (h) when the first drafts of the Amended PBGC Claims were created, (i) the approval process within the PBGC relating to the PBGC's decision to file the Amended PBGC Claims on or about July 3, 2014, and (j) the PBGC's reasons for making or not making an adjustment to assets, in connection with the Unfunded Benefit Liabilities Claim, to reflect payment of premiums by the plan in 2009 in light of 29 C.F.R. § 4007.12.

PBGC RESPONSE TO REQUEST NO. 4:

PBGC objects to Request No. 4 to the extent that it seeks documents that are subject to the attorney-client privilege, constitute attorney work product, or are subject to the Government's deliberative process privilege. Subject to this and the General Objections, PBGC will produce

responsive documents to the extent they are located. PBGC also notes that some of the documents responsive to Request No. 3 are also responsive to this Request.

REQUEST NO. 5: All guidelines, policies, procedures, practices, rules, staff instructions, or standards published by the PBGC, applicable to the PBGC or used by the PBGC that relate to the determination, analysis, review, submission or approval of claims in bankruptcy proceedings generally, or the PBGC Claims or the Amended PBGC Claims specifically, including but not limited to provisions of the PBGC's Actuarial Technical Manual or Operating Policy Manual that apply to such determination, review, submission or approval, including but not limited to any policy concerning the PBGC's decision to amend or not amend a proof of claim filed in any proceeding when there is less than a 5% deviation from the claim amount stated in the initial proof of claim and the audited liabilities amount determined by the PBGC for that claim.

PBGC RESPONSE TO REQUEST NO. 5:

PBGC objects to Request No. 5 to the extent that it seeks documents that are subject to the attorney-client privilege, constitute attorney work product, or are subject to the Government's deliberative process privilege. PBGC also objects to Request No. 5 because it is unduly burdensome, overly broad, and not proportional to the needs of the case. Subject to this and the General Objections, PBGC will produce responsive documents to the extent they are located. PBGC also notes that some of the documents responsive to Request No. 3 are also responsive to this Request.

REQUEST NO. 6: The PBGC's full Pension Information Profile for the Pension Plan in Microsoft Excel format, with no hidden spreadsheet cells.

PBGC RESPONSE TO REQUEST NO. 6:

Subject to the General Objections, PBGC will produce the responsive document.

REQUEST NO. 7: To the extent readily identifiable, Documents sufficient to identify proofs of claim filed by the PBGC within the past ten years in bankruptcy proceedings-and identified in response to Interrogatory No. 3 of Debtors' Amended First Set of Interrogatories, dated November 15, 2016.

PBGC RESPONSE TO REQUEST NO. 7:

Subject to the General Objections, PBGC will produce responsive documents to the extent they are located.

REQUEST NO. 8: All Documents and Communications supporting, providing a basis for or against, or otherwise concerning use of a Prudent Investor Rate or other rate not specified in PBGC regulations implementing ERISA Section 4044, in order to determine the amount of a PBGC claim for underfunding of a terminated pension plan, that were either (i) provided to any Person other than the PBGC or otherwise made publicly available, or (ii) that do not fall within an exemption from mandatory disclosure under FOIA, 5 U.S.C. § 552(b).

PBGC RESPONSE TO REQUEST NO. 8:

PBGC objects to Request No. 8 because it is unduly burdensome, overly broad, and not proportional to the needs of the case. PBGC has litigated this issue in numerous cases, leading to copious documents. Subject to this and the General Objections, PBGC will produce responsive documents to the extent they are located.

REQUEST NO. 9: All Documents and Communications supporting, providing a basis for, or otherwise concerning the use of the PBGC Select Rate and PBGC Ultimate Rate to determine the amount of a PBGC Claim for underfunding of a terminated pension plan, that were either (i) provided to any Person other than the PBGC or otherwise made publicly available, or (ii) that do not fall within an exemption from mandatory disclosure under FOIA, 5 U.S.C. § 552(b).

PBGC RESPONSE TO REQUEST NO. 9:

PBGC objects to this Request because it seeks documents beyond the administrative record of PBGC's valuation regulation (29 C.F.R. pt. 4044), which PBGC is producing, and discovery beyond that record is not available. Subject to this and the General Objections, PBGC states that: PBGC's regulations and preambles are responsive to this Request; in response to Request No. 2, PBGC produced the administrative record of its valuation regulation until 2003, which is also responsive to this Request; PBGC will produce additional responsive documents to

the extent they are located; and documents provided in response to Request No. 8 are also responsive to this Request.

REQUEST NO. 10: All Documents and Communications concerning the white paper dated September 6, 2013, "Derivation of Interest Factors in PBGC's Liability Valuation Methodology" (available at http://www.pbgc.gov/documents/LiabilityValuation-20130906.pdf).

PBGC RESPONSE TO REQUEST NO. 10:

PBGC objects to Request No. 10 to the extent that it seeks documents that are subject to the attorney-client privilege, constitute attorney work product, or are subject to the Government's deliberative process privilege. Subject to this and the General Objections, PBGC will produce responsive documents to the extent they are located.

REQUEST NO. 11: All ACLI Surveys conducted by or on behalf of the PBGC on or after January 1, 2008, and on or before December 31, 2009, and all Documents and Communications concerning the ACLI Surveys conducted during that time period, including but not limited to information reflecting the identity of the insurance companies to which such surveys were submitted, the identity of each insurance company that responded, and the use of each such survey by the PBGC to determine PBGC Select Rates and PBGC Ultimate Rates.

PBGC RESPONSE TO REQUEST NO. 11:

Subject to the General Objections, PBGC will produce responsive documents to the extent they are located.

REQUEST NO. 12: Documents sufficient to show the PBGC's methodology for determining the interest rates that the PBGC publishes or has published in Appendix B to 29 CFR Part 4044 (or in Appendix B to the predecessors to 29 CFR Part 4044, i.e. 29 CFR Part 2619 or 29 CFR Part 2610) based on the results of the ACLI Surveys, including but not limited to any changes to that methodology or the ACLI Surveys, and any Documents or Communications that You provided to any Person other than the PBGC, otherwise made publicly available, or that do not fall within an exemption from mandatory disclosure under FOIA, 5 U.S.C. § 552(b), concerning the validity or appropriateness of that methodology, ACLI Survey results, or the PBGC's approach of selecting interest rates by attempting to match private-sector annuity prices.

9

PBGC RESPONSE TO REQUEST NO. 12:

PBGC objects to Request No. 12 because it is unduly burdensome, overly broad, and not proportional to the needs of the case. PBGC objects to this Request because it seeks documents beyond the administrative record of PBGC's valuation regulation (29 C.F.R. pt. 4044), which PBGC is producing, and discovery beyond that record is not available. PBGC also objects to Request No. 12 to the extent that it seeks documents that are subject to the attorney-client privilege, constitute attorney work product, or are subject to the Government's deliberative process privilege. Subject to these and the General Objections, PBGC states that: PBGC's regulations and preambles are responsive to this Request; in response to Request No. 2, PBGC produced the administrative record of its valuation regulation until 2003, which is also responsive to this Request; and PBGC will produce additional responsive documents to the extent they are located.

REQUEST NO. 13: All Documents and Communications that You provided to any Person other than the PBGC, otherwise made publicly available, or that do not fall within an exemption from mandatory disclosure under FOIA, 5 U.S.C. § 552(b), concerning the PBGC's submissions for approval to the Office of Management and Budget under the Paperwork Reduction Act, 44 U.S.C. §§ 3501-3521, of ACLI Surveys under OMB Control Number 12120030 that were received by the Office and Management and Budget (as reflected at http://www.reginfo.gov/public/do/PRAOMBHistory?ombControlNumber=1212-0030) on or about August 19, 1983, August 7, 1986, April 17, 1987, December 28, 1987, February 11, 1988, February 5, 1990, April 20, 1990, May 25, 1993, July 30, 1993, September 20, 1999, and February 10, 2009, including but not limited to Documents and Communications relating to changes to the ACLI Survey or to the PBGC's methodology for determining interest rates, or to the Office of Management and Budget's questions and responses about such PBGC submissions.

PBGC RESPONSE TO REQUEST NO. 13:

Subject to the General Objections, PBGC will produce responsive documents to the extent they are located.

REQUEST NO. 14: All Documents and Communications supporting, providing a basis for or against, or otherwise concerning use of the expected retirement age assumptions specified in PBGC's regulations implementing ERISA Section 4044, that were either (i) provided to any Person other than the PBGC or otherwise made publicly available, or (ii) that do not fall within an exemption from mandatory disclosure under FOIA, 5 U.S.C. § 552(b).

PBGC RESPONSE TO REQUEST NO. 14:

PBGC objects to Request No. 14 because it is unduly burdensome, overly broad, and not proportional to the needs of the case. PBGC's application of the expected retirement age assumptions specified in PBGC's regulations implementing ERISA Section 4044 are a matter of public record and the agency cannot reasonably locate or produce each and every document about these assumptions. PBGC also objects to Request No. 14 because it seeks documents beyond the administrative record of PBGC's valuation regulation (29 C.F.R. pt. 4044), which PBGC is producing, and discovery beyond that record is not available. Subject to these and the General Objections, PBGC will produce responsive documents to the extent they are located.

REQUEST NO. 15: All Documents and Communications concerning the PBGC's determination, as reflected in its "Notice of proposed changes in the method for setting the interest rate and factor," published at 45 Fed. Reg. 38415 (June 9, 1980), to propose a new method for determining the interest rates that apply to terminating or terminated pension plans.

PBGC RESPONSE TO REQUEST NO. 15:

Subject to the General Objections, PBGC will produce responsive documents to the extent they are located.

REQUEST NO. 16: All Documents and Communications concerning the PBGC's rulemaking actions reflected in its proposed rules published at 40 Fed. Reg. 57982 (December 12, 1975), 41 Fed. Reg. 48498 (Nov. 3, 1976), 58 Fed. Reg. 5128 (Jan. 19, 1993), and 70 Fed. Reg. 12429 (Mar. 14, 2005), its interim final rules published at 41 Fed. Reg. 48484 (Nov. 3, 1976), 42 Fed. Reg. 2678 (Jan. 13, 1977), and 43 Fed. Reg. 55240 (Nov. 27, 1978), and its final rules published at 46 Fed. Reg. 9492 (Jan. 28, 1981), 58 Fed. Reg. 50812 (Sept. 28, 1993), and 70 Fed. Reg. 72205 (Dec. 2, 2005).

PBGC RESPONSE TO REQUEST NO. 16:

PBGC objects to Request No. 16 because it is unduly burdensome, overly broad, and not proportional to the needs of the case. The request asks for every communication about multiple PBGC rulemakings over thirty years. PBGC also objects to Request No. 16 to the extent that it seeks documents that are subject to the attorney-client privilege, constitute attorney work product, or are subject to the Government's deliberative process privilege. PBGC also objects to Request No. 16 because it seeks documents beyond the administrative record of PBGC's valuation regulation (29 C.F.R. pt. 4044), which PBGC is producing, and discovery beyond that record is not available. Subject to this and the General Objections, PBGC states that: in response to Request No. 2, PBGC produced the administrative record of its valuation regulation until 2003, which is also responsive to this Request; and PBGC will produce additional responsive documents to the extent they are located.

REQUEST NO. 17: All Documents and Communications concerning the PBGC's decisions, reasons, or bases for purchasing or for not purchasing annuities with its assets, including but not limited to assets consisting of PBGC premiums, assets of terminated plans, or recoveries the PBGC has received on its claims against employers.

PBGC RESPONSE TO REQUEST NO. 17:

Subject to the General Objections, PBGC will produce responsive documents to the extent they are located.

REQUEST NO. 18: Documents and Communications, from September 2, 1974 to the present, sufficient to identify the PBGC's investment strategies under the PBGC's single-employer program for its assets (consisting of PBGC premiums, assets of terminated plans, or recoveries the PBGC has received on its claims against employers), including, without limitation, presentations or recommendations made to the PBGC Board regarding such investment strategies and resolutions adopted or decisions ratified by the PBGC Board concerning such investment strategies.

PBGC RESPONSE TO REQUEST NO. 18:

PBGC objects to Request No. 18 to the extent that it seeks documents that are subject to the attorney-client privilege, constitute attorney work product, or are subject to the Government's deliberative process privilege. Subject to this and the General Objections, PBGC will produce responsive documents to the extent they are located.

REQUEST NO. 19: All guidelines, policies, procedures, practices, rules, staff instructions, or standards applicable to the PBGC or used by the PBGC with respect to how the top five largest investment managers (by percentage of investment assets) are permitted to invest the PBGC's assets under the PBGC's single-employer program, including but not limited to assets consisting of PBGC premiums, assets of terminated plans, or recoveries the PBGC has received on its claims against employers.

PBGC RESPONSE TO REQUEST NO. 19:

PBGC is assessing whether there may be portions of documents that may need to be redacted based on trade secrets and related bases. Subject to this and the General Objections, PBGC will produce responsive documents to the extent they are located.

REQUEST NO. 20: All Documents and Communications concerning the PBGC's determination, calculation, estimation or projection of future PBGC investment return on assets under the PBGC's single-employer program, including but not limited to the determination, estimation, calculation or projection of future PBGC investment return on assets based upon the PBGC's stochastic model for its 2008 and 2009 fiscal years under the PBGC's Pension Insurance Modeling System ("PIMS").

PBGC RESPONSE TO REQUEST NO. 20:

Subject to the General Objections, PBGC will produce responsive documents to the extent they are located.

REQUEST NO. 21: A copy of PBGC's mortality studies conducted in 2004 and 2011, as referenced in the 2004 and 2012 PBGC annual reports, and documents sufficient to show the manner in which PBGC determined its own mortality experience based on these studies.

PBGC RESPONSE TO REQUEST NO. 21:

Subject to the General Objections, PBGC will produce responsive documents to the extent they are located.

Dated: December 9, 2016

*/s/ Vicente Matias Murrell*

ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
PAULA J. CONNELLY
GARTH D. WILSON
JOHN MENKE
Assistant Chief Counsels
ELISABETH B. FRY
MELISSA M. HARCLERODE
VICENTE MATIAS MURRELL
(MD Bar No. 9806240098)
MARC S. PFEUFFER
SIMON J. TORRES
Attorneys

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: (202) 326-4020, ext. 3580
Facsimile: (202) 326-4112

SARAH L. REID (pro hac vice)
ERIC R. WILSON (pro hac vice)
BENJAMIN D. FEDER (pro hac vice)
MARISA A. LORENZO (pro hac vice)

KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897