# EXHIBIT C

**12/8/2016 - for Meet & Confer Discussion (without waiver of any rights)**
To expand upon its previously served document request and document subpoenas, the Nortel Trade Claims Consortium clarifies that such requests include, *but are not limited to*, the following documents and communications created between May 12, 2015 and October 12, 2016:
- Documents and communications concerning the formulation of and agreement to the terms of the SPSA, in particular those regarding the allocation of Sale Proceeds among the U.S. Debtors' creditors.  For example:
    - Term sheets proposed by and among the SPSA Parties
    - Do cuments concerning allocation "waterfall" analyses under settlement proposals created by financial advisors
    - Emails or documents containing analyses of the potential recoveries of the U.S. Debtors' creditors under the proposed terms of the SPSA
    - All emails and documents exchanged between and among the SPSA Parties and their advisors concerning the SPSA
        - we are not looking for privileges intra law firm emails among lawyers solely from same firm
    - All emails and documents concerning the advantages and disadvantages to entering the SPSA with respect to any of the U.S. Debtors' creditors
- Documents and communications concerning the SPSA Parties' analysis of the <u>Martin</u> factors for 9019 settlement.  For example:
    - Emails concerning the decision or reasons to settle rather than pursue an appeal of the Allocation Decision, including but not limited to:
        - Analyses of the probability of success in pursuing an appeal of the Allocation Decision
        - Analyses of the complexity of an appeal of the Allocation Decision and the expense, inconvenience, and delay necessarily attending it
        - Analyses of the impact of the SPSA on the U.S. Debtors' creditors and how or why it was in the best interest of the  U.S. Debtors' creditors
- Documents and communications relating to the bases of NTCC objection to the disclosure statement (i.e., treatment of NNCC Bondholders; substantive consolidation of NNCC and NNI; allocation to NNCALA; substantive consolidation of Canadian debtors)