**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |

**THE NORTEL TRADE CLAIMS CONSORTIUM'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEBTORS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and Rules 7026-1 and 7026-3 of the Local Rules for the United States Bankruptcy Court for the District of Delaware, the Nortel Trade Claims Consortium (the "Consortium")[2], as holders of certain U.S. Trade Claims against Nortel Networks Inc. ("NNI") and certain of its U.S. affiliates, as debtors and debtors-in-possession in the above-captioned proceedings (collectively, the "Debtors"), by and through its undersigned counsel, hereby requests the Debtors to produce the documents described below (the "Requests") at the offices of Brown Rudnick LLP, One Financial Center, Boston, MA 02111 (Attn: Steven D. Pohl) on or before December 31, 2016.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International, Inc. (8667).  For the avoidance of doubt, the terms "Debtors" and "U.S. Debtors" are used interchangeably herein, and the chapter 11 cases of the Debtors are referenced collectively herein as the "Cases".

[2] The Consortium represents a group of creditors holding over $149 million in unsecured (non-funded debt) claims, including but not limited to trade (supplier) claims and employee severance and pension claims (all such types of claims in these Cases, the "U.S. Trade Claims") against the Debtors.  The U.S. Trade Claims are part of a body of general unsecured creditors with claims only against the U.S. Debtors (the "U.S.-only Unsecured Creditors").

## DEFINITIONS

1.      The terms "all" and "each" shall be construed as "all and each."  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the requests all responses that might otherwise be construed to be outside of its scope.  The term "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the document request in question.

2.      "Allocation Decisions" means the opinions simultaneously issued by the Bankruptcy Court and Canadian Court on May 14, 2015, deciding the Allocation Trial.

3.      "Allocation Trial" means the cross-border trial that was held in 2014 before this Court and the Canadian Court (as defined below) to determine allocation of the proceeds from the sale of over $7.3 billion in assets pursuant to the Interim Funding and Settlement Agreement, dated as of June 9, 2009, by and between the parties listed on Schedules 1, 2, and 3 thereto, and approved by the Order Entering Allocation Protocol, dated May 17, 2013 [D.I. 10564], the Order Entering Litigation Timetable and Discovery Plan, dated May 17, 2013 [D.I. 10566], the Canadian Court's Order (Allocation Protocol), dated April 3, 2013, and the Canadian Court's Order (Allocation Protocol - Litigation Timetable and Discovery Plan), dated May 15, 2013.

4.      "Bondholder Group" shall mean the ad hoc group of bondholders that hold notes issued and/or guaranteed by NNC, NNL, NNI, and NNCC.

5.      "Canadian Court" means the Ontario Superior Court of Justice.

6.      "Canadian Debtors" shall mean Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Technology Corporation, Nortel Networks Global Corporation, Nortel Networks International Corporation, Nortel Communications Inc., Architel Systems Corporation, and Northern Telecom Canada Limited.

2

7.     "Communication" shall mean every written or oral manner of transmitting or receiving facts, ideas, information and opinions, including, without limitation: correspondence; telexes; telecopies; electronic mail (e-mail); all attachments and enclosures thereto; computer tapes; discs; telephone tape recordings; recordings of any other type in any medium of written or oral communications; phone logs; message logs; and notes and memoranda of, referring to, or relating to, written or oral communications.

8.     "Concerning" as used herein in any manner or form bears upon the subject matter in question, including, without limitation, all documents that contain, record, reflect, evidence, summarize, evaluate, contradict, refute, comment upon, transmit, refer to, or discuss that subject matter, or that in any manner state the background of, or were the basis or bases for, or that record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at any conclusion, opinion, estimate, calculation, position, decision, belief, assertion or allegation, or undermine, contradict, or conflict with any conclusion, opinion, calculation, estimate, position, belief, assertion, or allegation, concerning the subject matter in question.

9.     "Creditors' Committee" shall mean the statutory committee of unsecured creditors appointed in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code.

10.     As used herein, the words "Document" and "Documents" are used in their broadest possible sense within the meaning set forth in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a)(1) (as made applicable by Federal Rules of Bankruptcy Procedure 7034 and 9014) and shall include by way of example, but not limitation, any written, printed, typed, spoken, computerized, or other graphic, phonic, or recorded matter of any kind or

nature, however produced or reproduced, whether sent or received or neither, including drafts and copies bearing notations or marks not found on the original, including the following:

    a.    all contracts, agreements, representations, warranties, certificates, and opinions;

    b.    all letters or other forms of correspondence or communication, including electronic mail, facsimiles, envelopes, notes, memoranda, telegrams, cables, telex messages, voice-mail messages, and messages (including reports, notes, notations, diary entries, and memoranda or other records of or relating to telephone conversations or conferences);

    c.    all memoranda, reports, financial statements, valuations, reports, notes, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, notebooks, corporate or other records or copies thereof, lists, comparisons, questionnaires, surveys, charts, curves, graphs, summaries, extracts, statistical records, and compilations;

    d.    all desk and pocket calendars, appointment books, diaries, and logs;

    e.    all books, scrapbooks, articles, speeches, press releases, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, brochures, and manuals;

    f.    all transcripts or records of meetings, discussions, or conferences, including tape recordings and minutes;

    g.    all photographs, microfilm, microfiche, phonographs, tapes or other records, punch cards, magnetic tapes, disks, data cells, drums, printouts, and other electronic, computerized, or other data compilations from which information can or may be obtained; and

    h.    all presentation materials, including computer generated or other electronic presentation pages, slides, overhead projections, overlays, handouts, pamphlets, charts, posters, films, and videos.

11.     "Including" shall not be construed to limit the scope of any Request herein.

12.     "NNCC" shall mean Nortel Networks Capital Corporation.

13.     "NNCC Bondholders" shall mean the beneficial owners of certain senior notes issued by NNCC on February 15, 1996, and guaranteed by Nortel Networks Limited in an aggregate principal amount of $150 million due on June 15, 2026, and bearing an interest rate of 7.875%.

14.     "Person" shall mean any individual, proprietorship, committee, firm, association, partnership, corporation or other business, governmental or legal entity.

15.     The "Plan" shall mean the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, filed with the Court on November 29, 2016 [D.I. 17452].

16.     "SPSA" shall mean that certain Settlement and Support Agreement dated October 12, 2016, executed by the SPSA Parties, and which is attached as Exhibit A to the Debtors' *Notice of Execution of Settlement and Plans Support Agreement* [D.I. 17249], filed on October 12, 2016.

17.     "SPSA Parties" shall mean the Debtors, the Canadian Debtors, the Monitor, the EMEA Debtors, the EMEA Non-Filed Entities, the Joint Administrators, NNSA, the NNSA Conflicts Administrator, the French Liquidator, the members of the CCC, the UCC, the U.K. Pension Trustee, the PPF, the Joint Liquidators, and certain members of the Bondholder Group and the NNCC Bondholder Signatories which executed Creditor Joinders.

18.     "U.S.-only Unsecured Creditors" shall mean general unsecured creditors in the above-captioned proceedings with claims only against the U.S. Debtors.

19.     "You" and/or "your" shall mean the Debtors, as defined herein, and any of their respective officers, directors, members, employees, agents, representatives, attorneys, financial advisors, restructuring advisors, bankers, and any other persons acting on their behalf, including but not limited to Cleary Gottlieb Steen & Hamilton LLP, Chilmark Partners, LLC, and Greylock Partners, LLC.

20.     All words, terms and phrases not specifically defined in these Requests are to be given their normal and customary meaning in the context in which they are used herein.

## INSTRUCTIONS

1.     In accordance with Rule 34(a) of the Federal Rules, and Rule 7034(a) of the Bankruptcy Rules, these Requests shall be deemed to include any Document now or at any time in your possession, custody, or control, including but not limited to any of your respective agents, attorneys or other persons acting or purporting to act on your behalf.

2.     In accordance with Rule 26(e) of the Federal Rules and Rule 7026 of the Bankruptcy Rules, each Request for the production of Documents shall be deemed to be continuing in nature.  If at any time additional, responsive Documents come into your possession, custody or control, then the responses to these Requests shall be promptly supplemented.

3.     In accordance with Rule 34(b) of the Federal Rules and Rule 7034(b) of the Bankruptcy Rules, Documents shall be produced in the manner in which they are maintained in the ordinary course of business or shall be organized and labeled to correspond with the categories in the following Requests.

4.      Documents should be segregated according to the number of the Request to which you are responding or produced in the manner they are kept in the ordinary course of business. Documents attached to each other should not be separated.

5.      If you claim any form of privilege or immunity, whether based on statute or otherwise, as a ground for not responding to a Request:

a.      State the nature of the privilege or immunity claimed (<u>i.e.</u>, attorney/client, work product, etc.);

b.      State the basis for claiming the privilege or immunity as to the specific information or documents; and

c.      State the date of such document; identify the type of document (<u>i.e.</u>, letter, memo, etc.); set forth the subject matter thereof; identify each person who prepared it and each person (if any) who signed it; identify each person to whom it was directed, circulated or shown; and identify each person now in possession of the document.

6.      In accordance with Rule 34(b) of the Federal Rules and Rules 7034(b) and 9014(c) of the Bankruptcy Rules, objections to any part of any particular Request shall be stated in full.

7.      The fact that another party produces a Document or the availability or production of similar or identical Documents from another source does not relieve you of your obligation to produce a copy of the same Document, even if the two Documents are identical.

8.      Each Request for Documents herein includes a request for exact copies of all disks, CDs, DVDs and other removable media containing any information responsive to such Request.  Electronic records and computerized information should be produced in an intelligible

format or together with a sufficient description of the system or program from which each was derived to permit rendering the material legible.

9.      If any requested Documents are maintained in digital, electronic, and/or imaged form, production of a copy of the electronically stored information ("ESI") in digital, electronic, and/or imaged form is hereby requested, along with any information needed to access, search or sort electronic data or Documents.

10.      ESI and e-mails produced pursuant to these Requests shall be produced in a searchable format with an accompanying index that states the following metadata:

        a.      Date created/sent;

        b.      Author;

        c.      Recipients;

        d.      cc – copies; and

        e.      bcc – blind copies.

11.      Any Document that cannot be produced in full shall be produced to the fullest extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have concerning the portion to which you do not respond.

12.      If there are no Documents responsive to any particular Request, please state so in writing.

13.      Where any copy of any Document sought herein, whether a draft or final version, is not identical to any copy thereof by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

8

14.     Hard copies of all Documents should be produced; in addition, copies of all Documents available electronically should be delivered on a disk or CD-ROM.

15.     In the event that any Document requested herein was formerly in your possession, custody or control, and has been lost, destroyed or otherwise disposed of, you are requested to furnish a list identifying each such Document and stating the following information with respect to each such Document:

      a.      The Document's title, if any, and the nature and subject matter of its contents;

      b.      The identity of the Person(s) who prepared or authored the Document, and, if applicable, the Person(s) to whom the Document was sent or was intended to be sent;

      c.      The date on which the Document was prepared or transmitted; and

      d.      The date on which the Document was lost, destroyed or otherwise disposed of, the manner and conditions of and reasons for such destruction or other disposition and the Person(s) requesting and performing the destruction or other disposition.

16.     Any ambiguity in a Request shall be construed to bring within the scope of the Request all responses that otherwise could be construed to be outside of its scope.

17.     Whenever necessary to bring within the scope of any Requests herein Documents that might otherwise be construed to be outside such Request's scope:

      a.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses; and

      b.      The use of a word in its singular form shall be deemed to include within its

use the plural form, and vice versa.

18.     Each paragraph, subparagraph, clause and word herein should be construed independently and not by reference to any other paragraph, subparagraph, clause or word herein for purposes of limitation.

19.     Unless otherwise specified in an individual Request, the operative time period for the Request is January 14, 2009 through the present date.

## DOCUMENT REQUESTS

1.     All Documents and Communications concerning the formulation of the SPSA.

2.     All Documents and Communications concerning the negotiation of, and entry into, the SPSA, including but not limited to documents and communications concerning the allocation of settlement proceeds among your creditors.

3.     All Documents and Communications concerning your acceptance of the final terms of the SPSA, including but not limited to documents and communications concerning the allocation of settlement proceeds among your creditors.

4.     All Documents and Communications between and among the various Debtors in the above-captioned proceedings concerning the SPSA.

5.     All Documents and Communications between and among you and your consulting experts, financial advisors, restructuring advisors, and other agents acting on your behalf, including but limited to Chilmark Partners, LLC and Greylock Partners, LLC, concerning the SPSA.

6.     All Documents and Communications between you and the other SPSA Parties or their agents, advisors, attorneys, or other persons acting on their behalf, including but not limited to the Creditors' Committee, the Bondholder Group, Akin Gump Strauss Hauer & Feld LLP,

Berkeley Research Group, LLC, Milbank, Tweed, Hadley & McCloy LLP, FTI Consulting, Inc., and FTI Capital Advisors, LLC, concerning the SPSA.

7.    All Documents and Communications concerning alternative proposals for the allocation of settlement proceeds among your creditors considered by you.

8.    All Documents and Communications concerning alternative proposals for the allocation of settlement proceeds among your creditors considered by the SPSA Parties or their agents, advisors, attorneys, or other persons acting on their behalf, including but not limited to the Creditors' Committee, the Bondholder Group, Akin Gump Strauss Hauer & Feld LLP, Berkeley Research Group, LLC, Milbank, Tweed, Hadley & McCloy LLP, FTI Consulting, Inc., and FTI Capital Advisors, LLC.

9.    All Documents and Communications concerning the recovery by U.S.-only Unsecured Creditors under any and all proposals for the allocation of settlement proceeds among your creditors.

10.    All Documents and Communications concerning your decision not to pursue an appeal of the Allocation Decisions.

11.    All Documents and Communications concerning your analysis of your probability of success in pursuing an appeal of the Allocation Decisions.

12.    All Documents and Communications concerning your analysis or understanding of any difficulties in collection on the Allocation Decisions or an appeal of the Allocation Decisions.

13.    All Documents and Communications concerning your analysis or understanding of the complexity of an appeal of the Allocation Decisions and the expense, inconvenience and delay necessarily attending it.

14.    All Documents and Communications concerning your analysis or understanding of how or why entering the SPSA is or was in the paramount interest of all creditors.

15.    All Documents and Communications concerning the treatment of the NNCC Bondholders under the terms of the Plan.

16.    All Documents and Communications concerning the decision to cause the substantive consolidation of NNCC into NNI under the terms of the Plan.

17.    All Documents and Communications concerning the decision to allocate an amount of $50,070,950 to Nortel Networks (CALA), Inc. under the terms of the SPSA.

18.    All Documents and Communications concerning the decision to cause the substantive consolation of the Canadian Debtors under the terms of the SPSA.

Dated:  December 1, 2016
Wilmington, Delaware

**FOX ROTHSCHILD LLP**

*/s/ Carl D. Neff*

Carl D. Neff (DE No. 4895)
Citizens Bank Center
919 North Market Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 654-7444
Facsimile: (302) 656-8920
Email: CNeff@foxrothschild.com

and

**BROWN RUDNICK LLP**
Steven D. Pohl, Esq.
Christopher M. Floyd, Esq.
One Financial Center
Boston, MA 02111
Telephone:  (617) 856-8200
Facsimile:  (617) 856-8201
Email: spohl@brownrudnick.com
        cfloyd@brownrudnick.com

*Counsel   to   the   Nortel   Trade   Claims
Consortium*

13