# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Nortel Networks Inc., *et al.*,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered<br><br>**RE Dkt. Nos.: 17492, 17555** |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE MONITOR
## IN RESPONSE TO THE MOTIONS OF THE NORTEL TRADE CLAIMS CONSORTIUM
## AND LIQUIDITY SOLUTIONS, INC. TO VACATE THE PPI SETTLEMENT ORDER
## AND DISALLOW CLAIMS

Ernst & Young Inc., the court-appointed monitor (the "**Monitor**") of Nortel Networks Corporation and certain of its direct and indirect Canadian subsidiaries (collectively, the "**Canadian Debtors**") in proceedings under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court of Justice (Commercial List) (the "**Ontario Court**") hereby files this limited objection and reservation of rights with respect to (i) *The Nortel Trade Claims Consortium's (I) Motion for Reconsideration and Vacation of the Bankruptcy Court's December 18, 2014 PPI Settlement Order and (II) Objection to Crossover Bonds Claims* (the "**NTCC Motion**") [Dkt. No. 17492] and (ii) *Motion, Objection and Joinder of Liquidity Solutions, Inc. to the Nortel Trade Claims Consortium's (I) Motion for Reconsideration and Vacation of the Bankruptcy Court's December 18, 2014 PPI Settlement Order and (II) Objection to Crossover Bonds Claims* (the

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); CoreTek, Inc. (5722); Nortel Networks Applications Management Solutions Inc. (2846); Nortel Networks Optical Components Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); Nortel Networks (CALA) Inc. (4226); and Nortel Networks India International, Inc. (collectively, the "**U.S. Debtors**").

"**LSI Motion**" and together with the NTCC Motion, the "**Motions**") [Dkt. No 17555]. In support hereof, the Monitor respectfully states as follows:

## OBJECTION AND RESERVATION OF RIGHTS

1. The Motions should be denied because they are belated attempts to relitigate a settled issue and threaten to derail the Settlement and Plan Support Agreement dated October 12, 2016 ("**SPSA**"),[2] which provides the means to end these protracted bankruptcy proceedings. While that settlement required the parties to the SPSA to reach agreement on numerous interdependent issues, the allowance of the principal and prepetition interest components of the Crossover Bonds against NNI had been long resolved—even before the mediation that led to the SPSA began. On December 18, 2014, this Court approved the U.S. Debtors' settlement agreement with the Crossover Bonds[3] and specifically held that "[t]he Settlement Agreement shall constitute a full and *final* settlement of . . . the allowed claims for outstanding principal obligations and accrued prepetition interest obligations." *Order Granting Debtors' Motion Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement By and Among Nortel Networks Inc., the Supporting Bondholders, and the Bank of New York Mellon with Respect to the NNI Post-Petition Interest Dispute and Related Issues* ("**PPI 9019 Order**") [Dkt. No. 14950] ¶ 5 (emphasis added); *see also Agreement Settling the NNI Post-Petition Interest Dispute and Related Matters* [Dkt. No. 14076-2] § 3.1. The Consortium's and LSI's assertion, two years after that ruling, that the allowance of these claims was "provisional" is specious. *See* NTCC Motion ¶ 3; LSI Motion ¶ 1.

2. The Monitor recognized the PPI 9019 Order as final at that time, and promptly appealed it as such pursuant to 28 U.S.C. § 158(a), but only with respect to the amount of post-petition interest

---

[2] The SPSA is Exhibit A to the First Amended Chapter 11 Plan of Nortel Networks Inc. and Certain of Its Affiliated Debtors [Dkt. No. 17501-1].

[3] Capitalized terms not defined herein have the meanings given in the NTCC Motion and the LSI Motion, as applicable.

2

payable if NNI's estate were ultimately determined to be solvent, and not with respect to the allowance of principal and prepetition interest on the Crossover Bonds. *Opening Brief of the Monitor and the Canadian Debtors*, *Ernst & Young Inc. v. Nortel Networks Inc.*, 15-cv-00105-LPS (D. Del. March 30, 2015) [Dkt. No. 15] at 3. That appeal remains pending, but the parties to that appeal (who do not include the Consortium or LSI) agreed to extend the briefing schedule during the course of mediation, and the appeal will be dismissed upon the occurrence of the Plans Effective Date, as defined in the SPSA. SPSA § 5. The Monitor continues to believe that such appeal is meritorious, and reserves all rights with respect to that appeal should the Plans Effective Date not occur, but it has agreed to forego that appeal upon the occurrence of the Plans Effective Date because of the benefits offered by the SPSA, not least the conclusion of protracted litigation proceedings with respect to the PPI 9019 Order and the Allocation Decisions.[4]

3. Those benefits are threatened by the NTCC Motion and the LSI Motion, which in the case of the NTCC Motion comes 18 months after the Consortium's first filing in this case, in which it suggested that "there may be reason to revisit the claim" of the Crossover Bonds in light of the Allocation Decisions. *Joinder with Reservation of Rights of the Trade Claims Consortium to the U.S. Debtors Motion for Reconsideration* (June 22, 2015) [Dkt. No. 15780] ¶ 5 n.5. Rather than litigate the allowance of the Crossover Bond claim then, when it was already aware of the purported changed circumstances on which it now relies, the Consortium has chosen to wait to file its motion until agreement has been reached among all of the parties necessary to open the escrow accounts containing $7.3 billion. The NTCC Motion does not even try to excuse this delay.

---

[4] The Monitor also reserves all rights with respect to the appeal of this Court's Allocation Decision, which the Motions mischaracterize as having "substantively consolidated the Nortel Group," should prosecution of that appeal (and the Monitor's contingent cross-appeal seeking application of the ownership theory of allocation) be required. NTCC Motion ¶ 21; s*ee also* LSI Motion ¶ 1.

4. Finally, the SPSA specifically provides that the Crossover Bond Claims shall be allowed against NNI at the amount set forth in the PPI 9019 Order. SPSA § 4(g)(iv). If those claims are not allowed by this Court in the amount set forth in the PPI 9019 Order, the global settlement embodied by the SPSA may be jeopardized. Both the Consortium's and LSI's invocation of the Court's equitable powers as a basis to revisit the allowance of the Crossover Bond Claims in the amount required under the SPSA ignores the manifest inequity to the Canadian Debtors, and all other constituencies in the Nortel insolvency proceedings worldwide, if the SPSA were to fail to become effective because this Court vacates the PPI 9019 Order and revisits the allowance of the Crossover Bond Claims.

[*Intentionally left blank*]

**CONCLUSION**

WHEREFORE, the Monitor respectfully requests (i) that the Court sustain this Objection and deny the Motions and (ii) grant such other and further relief as it deems just and proper.

Dated: December 13, 2016
Wilmington, Delaware

**BUCHANAN INGERSOLL & ROONEY PC**

/s/   Kathleen A. Murphy
Mary F. Caloway (No. 3059)
Kathleen A. Murphy (No. 5215)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 552-4200 (telephone)
(302) 552-4295 (facsimile)
mary.caloway@bipc.com
kathleen.murphy@bipc.com

-and-

**ALLEN & OVERY LLP**

Ken Coleman
Jacob S. Pultman
Laura R. Hall
1221 Avenue of the Americas
New York, New York  10020
(212) 610-6300 (telephone)
(212) 610-6399 (facsimile)
ken.coleman@allenovery.com
jacob.pultman@allenovery.com
laura.hall@allenovery.com

*Attorneys for Ernst & Young Inc., as Monitor of the Canadian Debtors*