**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------------ X | : | |
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.*, | : | Case No. 09-10138 (KG) |
| | : | |
| Debtors.[1] | : | Jointly Administered |
| | : | **RE: Docket No. 17492** |
| | : | |
| ------------------------------------------------------------ X | | |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF NORTEL NETWORKS, INC., ET AL. TO THE NORTEL TRADE CLAIM
CONSORTIUM'S (I) MOTION FOR RECONSIDERATION AND VACATION OF
THE BANKRUPTCY COURT'S DECEMBER 18, 2014 PPI SETTLEMENT
ORDER AND (II) OBJECTION TO CROSSOVER BONDS CLAIMS**

The Official Committee of Unsecured Creditors (the "Committee") of Nortel Networks, Inc. ("NNI") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby files this response (the "Response") to *The Nortel Trade Claims Consortium's (I) Motion for Reconsideration and Vacation of the Bankruptcy Court's December 18, 2014 PPI Settlement Order and (II) Objection to Crossover Bonds Claims* [Docket No. 17492] (the "TCC Motion").[2]  In support of this Response, the Committee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. ("NNI") (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International, Inc. (8667).

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the TCC Motion.

1

**RESPONSE**

1. By the TCC Motion, the Nortel Trade Claims Consortium (the "TCC") seeks to unwind a two-year old order of this Court and object to claims that have been allowed against NNI since that time in what appears to be a collateral attack on confirmation of the Debtors' proposed chapter 11 plan. After nearly eight years of these bankruptcy proceedings, this Court should have no patience for such litigation tactics, and instead, should deny the TCC Motion.[3] The issues that truly underpin the TCC Motion – the reasonableness of the global allocation settlement on which the Plan is based and the treatment of the Crossover Bonds Claims thereunder – will be heard at, and should be deferred until, the confirmation hearing.

2. The TCC has not made a secret of its intention to object to confirmation of the Plan, as evidenced by its objection to approval of the Disclosure Statement [Docket No. 17415] (the "TCC Disclosure Statement Objection") and the litany of subpoenas it has served on parties to the SPSA [Docket Nos. 17503, 17509-17515]. Based on the arguments in the TCC Disclosure Statement Objection, the TCC intends to object to confirmation on the grounds that, among other things, (a) the settlement in the SPSA embodied in the Plan is unreasonable, (b) the SPSA and the Plan are premised on an improper substantive consolidation of certain of the Debtors, as well as of the Canadian debtors, and (c) the treatment of the Crossover Bonds Claims is improper. *See* TCC Disclosure Statement Obj., ¶ 70.

3. The foregoing arguments are the very arguments that the TCC also seeks to litigate in the context of the TCC Motion. Specifically, the TCC argues that the terms of the SPSA and the Plan (including the reasonableness of the amount of sale proceeds agreed to be allocated to the U.S. estates and the treatment of the Crossover Bonds Claims) have changed the

---

[3] Liquidity Solution, Inc. ("LSI") also filed a Motion, Objection and Joinder to the TCC Motion on December 9, 2012 [D.I. 17555] (the "LSI Motion") seeking reconsideration of the PPI Settlement Order, which relief the Committee submits should also be denied.

circumstances of these proceedings in a manner that warrants vacatur of the PPI Settlement Order and the litigation of the allowance of the Crossover Bonds Claims against NNI, as guarantor.  While the Committee firmly believes that there are no legal or factual bases to reconsider or vacate the PPI Settlement Order and disallow the Crossover Bonds Claims against NNI, the appropriate forum for these arguments is at Plan confirmation.[4]  These matters should not be pre-judged in the context of a pure litigation maneuver intended to distract the SPSA parties as they prepare for Plan confirmation.[5]

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court (i) deny the TCC Motion and (ii) grant such other and further relief as may be just, proper, and equitable.

---

[4] In the LSI Motion, LSI attempts to conjure an additional argument in favor of reconsideration premised on the purported effect of the Allocation Decision on the status of the Crossover Bonds Claims as general unsecured claims against the U.S. Debtors.  The Committee believes that LSI's interpretation of the Allocation Decision is incorrect.  However, to the extent LSI wishes to pursue this argument, it may do so at this Court's Plan confirmation hearing.

[5] Nothing in this Response is intended to be a waiver of any claim, defense or argument the Committee may have in connection with confirmation of the Plan, and the Committee reserves all rights with respect thereto, including the right to file responses to any and all confirmation objections in accordance with the Local Rules.

3

112464679 v7

|  |  |
|---|---|
| Dated: December 13, 2016<br>      Wilmington, Delaware | By: */s/ Christopher M. Samis*<br>Christopher M. Samis (No. 4909)<br>Whiteford, Taylor & Preston LLC<br>The Renaissance Centre<br>405 North King Street, Suite 500<br>Wilmington, DE  19801<br>Telephone:  (302) 353-4144<br><br>-and-<br><br>Fred S. Hodara (admitted *pro hac vice*)<br>David H. Botter (admitted *pro hac vice*)<br>Abid Qureshi (admitted *pro hac vice*)<br>Brad M. Kahn (admitted *pro hac vice*)<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY  10036<br>Telephone:  (212) 872-1000<br><br>*Co-counsel to the Official Committee of Unsecured Creditors* |