## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
--------------------------------------------------------X
                                        :    Chapter 11
In re                                   :
                                        :    Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,1          :
                                        :    Jointly Administered
                        Debtors.        :
                                        :    Re: D.I. ____
                                        :
--------------------------------------------------------X
```

## ORDER APPOINTING MEDIATOR

This matter having come before the Court in connection with the request of Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), for referral of certain matters to mediation (the "Mediation") and the appointment of a mediator (the "Mediator") to assist the parties in resolving (A) the potential objections to the confirmation of the Debtors' *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of Its Affiliated Debtors* [D.I. 17501] (the "Plan") of each of the (i) the Nortel Trade Claims Consortium (the "NTCC") and (ii) the Pension Benefit Guaranty Corporation (the "PBGC"); and (B) the Debtors' Objections to the PBGC Claims and the Amended PBGC Claims [D.I. 17325] (the "Objection"); and the Court having reviewed the Certification of Counsel Regarding Appointment of Mediator; and the Court having determined that referral to Mediation and the appointment of a Mediator is in the best interests of

---

1   The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

the Debtors, their estates, creditors and stakeholders; and sufficient cause appearing, it is hereby

ORDERED as follows:

1.      Judge Joseph J. Farnan is appointed as mediator to conduct a confidential mediation concerning the potential objections of the NTCC and the PBGC to confirmation of the Plan and the Objection.

2.      For the purposes of Local Bankruptcy Rule 9019-2 and this Order, the mediation parties are (a) the Debtors; (b) the Official Committee of Unsecured Creditors; (c) the Ad Hoc Group of Bondholders; (d) the NTCC; and (e) the PBGC (the "Mediation Parties").

3.      Subject to the availability of the Mediator, the Mediation Parties shall attend a one-day mediation session with the Mediator on December 20, 2016, at the offices of Morris, Nichols, Arsht and Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, at a time to be agreed upon by the Mediation Parties and the Mediator, and any such further sessions as some or all of the Mediation Parties and the Mediator may conclude would be helpful.

4.      Each of the Mediation Parties must appear with at least one (1) principal or other individual with authority to act on behalf of such party.

5.      Notwithstanding the Local Bankruptcy Rules, the Mediator may conduct the mediation as the Mediator sees fit, establish rules of the mediation, and consider and take appropriate action on any matters the Mediator deems appropriate in order to conduct the Mediation, subject to the terms of this Order.

6.      The entirety of the Mediation shall be conducted on a without prejudice basis and subject to Rule 408 of the Federal Rules of Evidence.    All submissions, communications and negotiations made in connection with the mediation process shall be made

2

on a without prejudice basis and subject to Rule 408 of the Federal Rules of Evidence, Local Bankruptcy Rule 9019-5(d), and applicable law, shall be strictly confidential and shall not be disclosed outside of the mediation process.  Such confidentiality shall bind all of the Mediation Parties for purposes of any and all present or future proceedings that exist or may exist in any jurisdiction inside or outside of the United States of America, including without limitation, these proceedings currently pending in this Court and in other jurisdictions.  For the avoidance of doubt, use of any information obtained as a result of the mediation process as a basis for any motion or argument to any court is prohibited.

7.      At the conclusion of the Mediation, the Mediator shall file with the Court a memorandum stating whether and to what extent the Mediation was successful.

8.      The Debtors are authorized and directed to pay the reasonable fees and costs related to the services of the Mediator.

9.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall be in full force and effect upon its entry.

10.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2016
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE