**Exhibit A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>Nortel Networks Inc., *et al.*,<br><br>                    Debtors. | Case No. 0910138 (KG)<br><br>(Jointly Administered) |

## [PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING THE USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION CONTAINING CLAWBACK PROVISIONS

WHEREAS, Debtors and the Pension Benefit Guaranty Corporation ("PBGC" and collectively with the Debtors, the "Parties" and individually a "Party") requested that this Court issue a protective order pursuant to Federal Bankruptcy Rules 7026 and 9017, Federal Rule of Civil Procedure 26(c), and Federal Rule of Evidence 502, to protect the confidentiality of nonpublic and sensitive information that they may disclose in connection with this action; and

WHEREAS, the Parties, through counsel, agreed to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing this action;

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the Parties (including their respective corporate parents, successors, and assigns, if any), their representatives, agents, experts and consultants, all third parties providing discovery or other material in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms:

**DEFINITIONS**

1.      The following definitions apply to this Protective Order Governing the Use and Disclosure of Confidential Information Containing Clawback Provisions ("Protective Order" or "Order"):

        a.      "Action" refers to the above-captioned case pending in the United States Bankruptcy Court for the District of Delaware and any appeals.

        b.      "Discovery Material" encompasses, but it is not limited to, any type of document, transcript of testimony, taped, recorded, filmed, electronic, written or typed matter, including the originals and all marked copies, whether different from the originals by reasons of any notation made on such copies or otherwise; all deposition testimony; all interrogatories, document requests, and requests for admission, including all responses thereto; any physical objects or other items or any other information gained by inspection of any tangible thing, including data or code stored in electronic form.

        c.      "Designating Party" or "Producing Party" means any Party designating, providing or producing Discovery Material as part of this Action.

        d.      "Receiving Party" means any and all parties receiving Discovery Material as part of this Action.

        e.      "Sensitive Information" includes all pension plan participants' and beneficiaries' names, addresses, social security numbers, ages, employment history, or any other personal information protected by the Privacy Act of 1974.

        f.      "Confidential Discovery Material" means any and all Discovery Material designated as "Confidential" that is either (i) Sensitive Information or (ii) non-public Discovery Material that a Party, in good faith believes constitutes, contains, reveals or

2

reflects trade secrets, technical, business, financial, commercial, or personnel information, or other information deserving confidential protection due to its sensitive and non-public nature, including without limitation information subject to the Privacy Act, 5 U.S.C. § 552a.

**DESIGNATION OF DISCOVERY MATERIAL**

2.      With respect to Discovery Material, no person subject to this Order may disclose Confidential Discovery Material, produced in this action, except as this Order expressly permits.

3.      A Producing Party may designate as Confidential Discovery Material any Discovery Material or portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or reveal a trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G).

4.      With respect to Confidential Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel shall stamp or otherwise clearly mark as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

5.      A Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume

3

and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the final deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 30-day period following receipt of the final deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated Confidential Discovery Material.

6.    If at any time a Producing Party realizes that it should have designated as Confidential Discovery Material some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing.  Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential Discovery Material.

7.    Notwithstanding any other provision of this Order, nothing herein shall be construed so as to limit or prevent a Party's right to apply to the Court for a ruling that any given Discovery Material has been improperly designated by the Producing Party or should not be treated on a confidential basis under this Order.

**DISCLOSURE**

8.    Persons subject to this Order may disclose Confidential Discovery Material only to the following persons:

a.    the Parties, including their officers, directors and employees;

4

b.      counsel retained by the Parties specifically for this Action, including any paralegal, clerical, or other assistant that such counsel employs and assigns to this Action;

c.      outside vendors or service providers (such as copy-service providers and document-management consultants) that the Parties or their counsel hire and assign to this Action;

d.      any mediator or arbitrator that the Parties engage in this Action or that this Court appoints;

e.      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f.      any non-Party witness who counsel for a Party in good faith believes may have information relevant to the issues in this Action provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g.      any non-Party witness who testifies at deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.  If such person refuses to sign a Non-Disclosure Agreement, then such person shall be provided with a copy of this Order and advised on the record that he or she will be subject to sanctions for any violation of the terms of the Order;

h.      any person a Party or its counsel retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement

5

in the form annexed as an Exhibit hereto;

      i.      stenographers engaged to transcribe depositions the Parties conduct in this action; and

      j.      this Court, including any appellate court, its support personnel, and court reporters.

9.      Notwithstanding any other terms or provisions in this Protective Order:

      a.      PBGC may disclose any Confidential Discovery Material to the Executive Branch of the United States, Congress, or any committee, joint committee, or subcommittee thereof, the Comptroller General, PBGC and PBGC Board of Directors, officials, advisors, consultants, and representatives who have a need to know the information as part of their job responsibilities ("Officials"). PBGC will inform all Officials having access to Confidential Discovery Material that such information is subject to this Protective Order.  Notwithstanding any other terms or provisions in this Protective Order, PBGC may disclose information about the amount of underfunding in any pension plan covered by Title IV of ERISA, including but not limited to information about guaranteed benefit liabilities, unfunded benefit liabilities, plan assets and funding ratios, whether or not this information is contained in or derived from Confidential Discovery Material.

      b.      PBGC agrees to provide Debtors advance notice of any proceeding or request in which the disclosure of any Confidential Discovery Material may be compelled, including any request for such information made pursuant to the Freedom of Information Act ("FOIA") or litigation based on FOIA.  Pursuant to

6

29 C.F.R. § 4901.24, Debtors will have the opportunity to object to any FOIA

disclosure, and if it is determined that disclosure is required, will be notified in

advance a reasonable number of days before the disclosure date.  Except with

respect to a request of Congress or any committee, joint committee or

subcommittee thereof, or a request of the Comptroller General, PBGC will afford

the Debtors timely opportunity to take legal action to preserve the confidentiality

of such information as the Debtors may deem appropriate.

10.     Before disclosing any Confidential Discovery Material to any person

referred to in subparagraphs 8(f) or 8(g) above, counsel must provide a copy of this Order

to such person, who must sign a Non-Disclosure Agreement in the form annexed as an

Exhibit hereto stating that he or she has read this Order and agrees to be bound by its

terms.  Said counsel must retain each signed Non-Disclosure Agreement and hold it in

escrow.

11.     If a Party or its counsel realizes that it disclosed Confidential Discovery

Material to any other individual or entity, except as provided above, the Party or its

counsel shall immediately: (i) provide written notice to Producing Party; (ii) make

reasonable efforts to retrieve such Confidential Discovery Material; and (iii) make

reasonable efforts to prevent further disclosure by the person who was the recipient of

such Confidential Discovery Material information.

12.     The written notice required by subparagraph 10(i) above shall include the

names of all persons who received Confidential Discovery Material and a description of

the Confidential Discovery Material disclosed to such persons.

13.     In filing Confidential Discovery Material with this Court, or filing

7

portions of any pleadings, motions, or other papers that disclose such Confidential

Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a

redacted copy of the Confidential Court Submission via the Electronic Case Filing

System.  The Parties shall file an unredacted copy of the Confidential Court Submission

under seal with the Clerk of this Court, and the Parties shall serve this Court and

opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

14.    Recipients of Confidential Discovery Material under this Order may use

such material solely for the prosecution and defense of this action and any appeals

thereto, and not for any business, commercial, or competitive purpose or in any other

litigation proceeding.  Nothing contained in this Order, however, will affect or restrict the

rights of any Party with respect to documents that are available to the general public, a

Party's own documents or information produced in this action, documents that were

available to or in the possession of a Party prior to the date of this Order, and documents

and information that become available to a Party on a non-confidential basis.

15.    Nothing in this Order will prevent any Party from producing any

Confidential Discovery Material in its possession in response to a lawful subpoena or

other compulsory process, or if required to produce by law or by any government agency

having jurisdiction, provided that such Party gives written notice to the Producing Party

as soon as reasonably possible, and if permitted by the time allowed under the request, at

least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will

bear the burden to oppose compliance with the subpoena, other compulsory process, or

other legal notice if the Producing Party deems it appropriate to do so.

16.    Each person who has access to Confidential Discovery Material

8

designated pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.    Notwithstanding any other provision of this Order, nothing herein shall be construed as restricting the use of any Discovery Material at trial or any other public hearing in this Action.

**CLAWBACK OF PRIVILEGED INFORMATION**

18.    The production of any Discovery Material in this action shall be without prejudice to a claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege (collectively "Privileged Material"), and no party shall be held to have waived any rights by such production.

19.    Upon written notice of a production of Privileged Material from the Producing Party, or oral notice if such notice is delivered on the record at a deposition (a "Notice"), the Receiving Party must promptly follow reasonable instructions from the Producing Party for the treatment of such material, including, subject to applicable law, to return, sequester, delete, or destroy the specified Discovery Material and any hard copies the Receiving Party has, and the Receiving Party may not use or disclose the information, subject to applicable law.  The Producing Party shall also provide an updated privilege log for such Discovery Material setting forth the author, recipient(s), subject matter of the Discovery Material, along with the basis for the claim of privilege or evidentiary protection, as well as any portion of the Discovery Material that does not contain privileged or protected information.  Notwithstanding the foregoing, the

9

Receiving Party may retain a copy of the allegedly Privileged Material for the sole purpose of contesting the claim of privilege.

20.      The Receiving Party shall have five (5) business days from receipt of a Notice to determine in good faith whether to contest such claim and to notify the Producing Party in writing of an objection to the claim of privilege or protection and the grounds for that objection (an "Objection").  In the event of an Objection to a Notice, the Producing Party shall preserve and sequester the specified Discovery Material until the Objection is resolved.  If the Receiving Party disclosed the specified Discovery Material before being notified of its inadvertent production, the Receiving Party must take reasonable steps to retrieve it.  If no Objection is made, the Receiving Party shall return or destroy the specified Discovery Material.

21.      To the extent that information contained in Discovery Material has already been used in or described in other documents generated or maintained by the Receiving Party, the Producing Party shall advise the Receiving Party in writing what information the Producing Party believes has been derived from the Privileged Material and accordingly should be removed (a "Removal Notice").  The Receiving Party shall promptly remove the information identified by the Producing Party in a Removal Notice. If the Receiving Party disagrees with the Producing Party's determination of the information that should be removed, the Receiving Party may contest such a determination by notifying the Producing Party in writing of its objection to the removal of the specified information (a "Removal Objection") and such dispute may be submitted to the Court for resolution.  However, even after making a Removal Objection, a Receiving Party shall remove the information identified in a Removal Notice during the

10

pendency of any proceedings to resolve a Removal Objection.

      22.    The Receiving Party's return, sequestering, deletion, or destruction of such privileged or protected Discovery Material as provided herein will not act as a waiver of the Receiving Party's right to move to compel production of the returned, sequestered, deleted, or destroyed Discovery Material on the ground that the Discovery Material is not in fact subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing based solely on the fact of production in this Action that the production of the Discovery Material in this Action (i) acts as a waiver of an applicable privilege or evidentiary protection, (ii) was not inadvertent, (iii) that the Producing Party did not take reasonable steps to prevent the disclosure of the privileged Discovery Material, or (iii) that the Producing Party failed to take reasonable or timely steps to rectify the error as set forth in Federal Rules of Civil Procedure 26(b)(5)(B) and Federal Rules of Evidence 502(b).

      23.    If a Receiving Party makes an Objection to a Notice or a Removal Notice and the Objection or Removal Objection is submitted to the Court for resolution, either party may submit the specified Discovery Material to the Court for in camera inspection in order to determine whether the assertion of privilege or protection is appropriate.  The Receiving Party may not use the specified Discovery Material for any other purpose absent the Court's Order.  Any party may request expedited treatment of any request for the Court's determination of an Objection or Removal Objection to the assertion of privilege or protection.

      24.    Upon a determination by the Court that the specified Discovery Material is protected by the applicable privilege or evidentiary protection, the specified Discovery

Material shall be returned, deleted, or destroyed, subject to applicable law.

25.     Nothing herein is intended to, or shall serve to limit, a party's right and obligation to conduct a review of Discovery Material in advance of production for relevance, responsiveness, and the withholding of Privileged Material.

26.     Pursuant to Bankruptcy Rule 9017 and Federal Rule of Evidence 502(e), disclosure of Privileged Material shall not constitute a waiver of the protection that would apply pursuant to this Order and/or the attorney-client privilege, attorney work product protection, or other applicable privilege as to the subject matter of the disclosed Privileged Materials or related Discovery Materials.

**TERMINATION OF ACTION**

27.     This Order will survive the termination of the action and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

28.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

29.     After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.


Dated: December __, 2016
        Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

12

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*<br><br>Nortel Networks Inc., *et al.*,<br><br>       Debtors. | Case No. 0910138 (KG)<br><br>(Jointly Administered) |

**STIPULATED PROTECTIVE ORDER GOVERNING THE USE AND
DISCLOSURE OF CONFIDENTIAL INFORMATION – EXHIBIT A,
ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

   I, _____, acknowledge that I have read and

understand the Protective Order in this action governing the non-disclosure of those

portions of Discovery Material that have been designated as Confidential.  I agree that I

will not disclose such Confidential Discovery Material to anyone other than for purposes

of this litigation and that at the conclusion of the litigation I will return all discovery

information to the Party or attorney from whom I received it.  By acknowledging these

obligations under the Protective Order, I understand that I am submitting myself to the

jurisdiction of the United States District Court for District of Delaware for the purpose of

any issue or dispute arising hereunder.


Dated: _____


   _____

13