**<u>Exhibit A</u>**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
: 
*In re* : Chapter 11
:
Nortel Networks Inc., *et al.*,[1] :
: Bankr. Case No. 09-10138 (KG)
Debtors. :
: (Jointly Administered)
------------------------------------------------------ X
:
SNMP Research International, Inc. :
:
and :
:
SNMP Research, Inc., :
:
Plaintiffs, : Adv. Proc. No. 11-53454 (KG)
:
v. :
:
Nortel Networks Inc., *et al.*, : RE: D.I. _____
:
Defendants. :
--------------------------------------------------- X

## ORDER APPOINTING MEDIATOR

This matter having come before the Court in connection with the joint request of Nortel Networks Inc. ("NNI") and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (the "Debtors") and SNMP Research International, Inc. ("SNMPRI") and SNMP Research, Inc. ("SNMPR," and together with SNMPRI, "SNMP Research") for referral

---

[1] In addition to Nortel Networks Inc. ("NNI"), the debtors in these Chapter 11 cases (the "U.S. Debtors") are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc. and Nortel Networks (CALA) Inc. ("NN CALA"). Additional information regarding the Debtors can be found in their respective Chapter 11 petitions, which are available at http://chapter11.epiqsystems.com/nortel.

of certain matters to mediation (the "Mediation") and the appointment of a mediator (the "Mediator") to assist the parties in resolving matters related to the adversary proceeding *SNMP Research International, Inc., et. al v. Nortel Networks Inc., et al* (the "Adversary Proceeding") and the proofs of claim filed by SNMPRI (and requested to be amended by SNMP Research) against the Debtors, and any other related matters (collectively, the "Mediation Matters"); and the Court having reviewed the Certification of Counsel Regarding Appointment of Mediator; and the Court having determined that referral to Mediation and the appointment of a Mediator is in the best interests of the Debtors, their estates, creditors and stakeholders; and sufficient cause appearing, it is hereby ORDERED as follows:

1. Judge Joseph J. Farnan is appointed as mediator to conduct a confidential mediation concerning the Mediation Matters to be held in Knoxville, Tennessee on January 12, 2017. Subject to the availability of Judge Farnan, the parties shall attend any such further sessions as some or all of the Mediation Parties may conclude would be helpful.

2. For the purposes of 9019-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") and this Order, the Mediation parties are the Debtors and SNMP Research (the "Mediation Parties").

3. Notwithstanding the Local Bankruptcy Rules, the Mediator may conduct the mediation as the Mediator sees fit, establish rules of the Mediation, and consider and take appropriate action on any matters the Mediator deems appropriate in order to conduct the Mediation, subject to the terms of this Order.

4. Each of the Mediation Parties must appear with at least one principal or other individual with authority to make a decision binding upon such party.

5. The entirety of the Mediation shall be conducted on a without prejudice basis and subject to Rule 408 of the Federal Rules of Evidence. All submissions, communications and negotiations made in connection with the mediation shall be made on a without prejudice basis and subject to Rule 408 of the Federal Rules of Evidence, Local Bankruptcy Rule 9019-5(d), and applicable law, shall be strictly confidential and shall not be disclosed outside of the mediation process. Such confidentiality shall bind all of the Mediation Parties for purposes of any and all present or future proceedings that exist or may exist in any jurisdiction inside or outside of the United States of America, including without limitation, these proceedings currently pending in this Court and in other jurisdictions.

6. The Mediation Parties each may submit a confidential mediation statement to the Mediator, not to exceed 15 pages in length (12 point font, singled spaced) in advance of the Mediation. The Mediation Parties may also submit to the Mediator any pleadings concerning the Mediation Matters or expert reports or documents produced in the Adversary Proceeding that the Mediation Parties determine will assist the Mediator in understanding the issues in dispute concerning the Mediation Matters.

7. At the conclusion of the Mediation, the Mediator shall file with the Court a memorandum stating whether and to what extent the Mediation was successful.

8. The Debtors are authorized and directed to pay one-half of the reasonable fees and costs related to the services of the Mediator, and SNMP Research shall pay the other half of such reasonable fees and costs.

9. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall be in full force and effect upon its entry.

10. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2016
      Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE