## **Exhibit B**

Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
:
*In re*                                   :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]         :    Case No. 09-10138 (KG)
:
                Debtors.    :    Jointly Administered
:
                                 :    **RE:** D.I. ____
:
------------------------------------------------------X

## ORDER MODIFYING THE ENGAGEMENT OF ERNST & YOUNG LLP
## *NUNC PRO TUNC* TO JANUARY 1, 2017

Upon the Notice of the Thirteenth Amendment to the Statement of Work Entered Into

Pursuant to the Tax Services Agreement with Ernst & Young LLP (the "Notice")[2] filed by Nortel

Networks Inc. and its affiliated debtors, as debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors"), seeking authorization to modify the scope of

services and compensation of Ernst & Young LLP ("EY LLP"), *nunc pro tunc* to January 1,

2017 in accordance with this Court's Order (I) Expanding the Scope of Employment of Ernst &

Young LLP *Nunc Pro Tunc* to May 31, 2011 and (II) Further Modifying the Tax Services

Agreement, entered on July 22, 2011 [D.I. 6021]; and adequate notice of the Notice having been

given; and it appearing that no other or further notice is necessary; and the Court having

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Notice.

jurisdiction to consider the Notice and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Notice is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having previously found that EY LLP is a "disinterested person" as such term is defined under the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors or their estates and is otherwise qualified for employment under applicable provisions of the Bankruptcy Code and the Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Notice establish just cause for the relief requested in the Notice, and that such relief is in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.      The Debtors are authorized to modify the Tax Services Agreement and the Statement of Work entered into thereunder, *nunc pro tunc* to January 1, 2017, under the terms and conditions set forth in the Thirteenth Amendment, attached as Exhibit A to the Notice, which are hereby approved.

2.      The fee structure and other compensation set forth in the Thirteenth Amendment are approved as reasonable pursuant to the standards of section 328(a) of the Bankruptcy Code, and shall not be subject to review under the standards set forth in section 330 of the Bankruptcy Code, except by the United States Trustee for the District of Delaware (the "U.S. Trustee") as set forth under paragraph 5 below.

3.      EY LLP shall continue to file fee applications for interim and final allowance of reimbursement of expenses and fees with respect to the services to be provided pursuant to the Tax Services Agreement, as modified, other than the 2011 EY Core Services, the 2012 EY Core

Services, the 2013 EY Core Services, and the 2014 EY Core Services pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; provided, however, that EY LLP shall be compensated pursuant to section 328(a) of the Bankruptcy Code and that EY LLP's fees shall not be evaluated under the standards set forth in section 330 of the Bankruptcy Code.

4.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5.      Notwithstanding anything in this Order to the contrary, the U.S. Trustee shall retain all rights to object to the fees, including without limitation the fixed fees for the 2011 EY Core Services, the 2012 EY Core Services, the 2013 EY Core Services, and the 2014 EY Core Services based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.  This Order shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of EY LLP's compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code.  Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of EY LLP's compensation.

6.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____
        Wilmington, Delaware

                                    _____
                                    THE HONORABLE KEVIN GROSS
                                    UNITED STATES BANKRUPTCY JUDGE