**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Nortel Networks, Inc., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br>Jointly Administered<br><br>**Hearing Date:  Jan. 9, 2017 @ 10:00 am**<br>**Responses Due:  Jan. 5, 2017 @ 11:30 am** |

**STATEMENT OF PENSION BENEFIT GUARANTY CORPORATION**
**IN SUPPORT OF DEBTORS' MOTION FOR APPROVAL OF**
**SETTLEMENT AGREEMENT**

On December 20, 2016, after hard-fought, arms' length negotiations, the Debtors and the Pension Benefit Guaranty Corporation ("PBGC") reached a fair resolution of their longstanding disputes over PBGC's claims and the Debtors' proposed plan of reorganization. Because the settlement not only meets, but surpasses every applicable test for court approval, PBGC respectfully urges the Court to approve it.

**FACTUAL BACKGROUND**

PBGC adopts the factual background that the Debtors set forth at pages 4-12 of their Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement By and Among the Debtors and the PBGC with respect to the PBGC Claims and Related Issues, D.I. 17625 (Dec. 21, 2016) (the "Motion").

**ARGUMENT**

The settlement agreement that PBGC and the Debtors entered on December 20, 2016, D.I. 17625-2 at pages 6 to 9 (the "Settlement Agreement"), is a balanced compromise that will avoid costly, protracted litigation for both parties. Because the Debtors raised issues that are

1

central to PBGC's statutory insurance program, the agency was prepared to litigate vigorously for as long as necessary. Since 2003, challenges to PBGC's longstanding valuation regulation (29 C.F.R. pt. 4044) have been resolved in PBGC's favor by an unbroken series of court decisions.[1] Of particular note is the decision in *Kaiser Aluminum*, 339 B.R. at 95-97, where Judge Farnan held that the bankruptcy court did not abuse its discretion in approving a settlement between the debtors and PBGC that recognized PBGC's underfunding claim in full.

Debtors' challenge here to PBGC's regulation would have led to lengthy, difficult battles, consuming assets and delaying distributions to creditors. And PBGC's objection to the Debtors' disclosure statement, including the challenge to substantive consolidation, presented a formidable obstacle to the Debtors' proposed plan of reorganization. While PBGC is confident in each of its legal positions, it nevertheless makes significant compromises in the Settlement Agreement, and this resolution of all the disputes between the parties is fair and reasonable to both. "Compar[ing] the terms of the compromise with the likely rewards of litigation," the Court should easily conclude that the settlement is in the best interest of the estate and the creditors. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968).

As the Debtors explain in detail in the Motion, the Settlement Agreement resolves a number of thorny issues that would be hotly contested and were uncertain in outcome. Motion at ¶¶ 15-17. Litigation over PBGC's claims and its objection to substantive consolidation would

---

[1] *In re US Airways Group, Inc.*, 303 B.R. 784 (Bankr. E.D. Va. 2003); *In re UAL Corp.*, No. 02-48191 (Bankr. N.D. Ill. Dec. 30, 2005) (Order and Trans. of Hearing, Dec. 16, 2005, at 32-33); *In re High Voltage Eng'g Corp.*, No. 05-10787, slip op. at 2 (Bankr. D. Mass. July 26, 2006) (following *UAL Corp.* for the reasons there stated); *In re Kaiser Aluminum Corp.*, 339 B.R. 91 (D. Del. 2006); *Dugan v. PBGC* (*In re Rhodes, Inc.*), 382 B.R. 550, 559-60 (Bankr. N.D. Ga. 2008); *In re Wolverine, Proctor & Schwartz, LLC*, 436 B.R. 253, 262-63 (D. Mass. 2010).

have consumed significant amounts of the Debtors' time and resources, and jeopardized their ability to implement the Settlement and Plans Support Agreement. *Id.* at 17-18. Instead, the Settlement Agreement avoids the substantial cost, risk, and delay of continued litigation, and fixes the size of PBGC's claims in a fair and reasonable manner. For these reasons, PBGC respectfully submits that the Court should exercise its sound discretion and grant the Motion.

Dated: January 5, 2017                                        Respectfully submitted,

/s/ Vicente Matias Murrell
ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
PAULA J. CONNELLY
GARTH D. WILSON
Assistant Chief Counsels
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)
MARC S. PFEUFFER
Attorney
PENSION BENEFIT GUARANTY CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: (202) 326-4020, ext. 3580
Facsimile: (202) 326-4112

SARAH L. REID
ERIC R. WILSON
BENJAMIN D. FEDER
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897