## Exhibit 1

**Settlement Agreement**

THIS DRAFT AGREEMENT HAS BEEN PRODUCED FOR DISCUSSION, MEDIATION AND SETTLEMENT PURPOSES ONLY AND IS SUBJECT TO THE PROVISIONS OF RULE 408 OF THE RULES OF EVIDENCE FOR UNITED STATES COURTS AND MAGISTRATES AND ANY OTHER SIMILAR APPLICABLE RULES IN ALL PERTINENT JURISDICTIONS.

## Terms of Settlement of PBGC Claims

| | |
|---|---|
| General: | The following terms shall fully and finally settle the claims of the Pension Benefit Guaranty Corporation (the "PBGC") against Nortel Networks Inc. ("NNI") and certain of its affiliates[1] (collectively, the "US Debtors", and together with the PBGC, the "Parties"). |
| Scope of Liabilities Settled: | This agreement will settle all asserted and unasserted claims of the PBGC against the US Debtors and their successors, including, without limitation, (i) all claims asserted in the proofs of claim filed against the US Debtors, claim numbers 4735, 4736, 4737, 4738, 8760, 8761, 8762, 8763, 8813 and 8814; (ii) all claims and liens related to the Stipulation between the US Debtors and the PBGC executed on October 7, 2009 and October 8, 2009 [D.I. 1639-2], as approved by the Bankruptcy Court on October 15, 2009 [D.I. 1658]; and (iii) all claims, liens, interests or obligations for joint or several liability that the PBGC has or may have against the US Debtors and any of their affiliates, including, without limitation, all members of their "controlled group" as defined in Section 4001 of the Employee Retirement Income Security Act ("ERISA"), arising under Title IV of ERISA or under Sections 430 or 412 of the IRC, or Sections 302 or 303 of ERISA or claims filed pursuant to 29 U.S.C. 1362(c) and any termination premium liability pursuant to 29 U.S.C. 1306(a)(7) (collectively, the "Claims"). |
| General Unsecured Claim: | The PBGC shall receive a single allowed general unsecured claim against each of the US Debtors in their respective Chapter 11 cases in the amount of US$624,601,972 (collectively, the "Allowed Unsecured Claim"). <br><br> The allowance of the Allowed Unsecured Claim shall be granted in full satisfaction of any and all claims that have been or could have been asserted by the PBGC against the US Debtors. The PBGC shall not have any further claims against any of the US Debtors. |

---

[1] NNI's debtor-affiliates are: Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc. Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., Nortel Networks (CALA) Inc., and Nortel Networks India International Inc.

| | |
|---|---|
| Maximum Distributions on Allowed Unsecured Claim: | The maximum aggregate distribution the PBGC shall receive on its Allowed Unsecured Claim from the US Debtors is US$565 million (such amount, the "Distribution Cap"). The Allowed Unsecured Claim will be deemed paid in full upon the US Debtors' having made aggregate distributions on account of the Allowed Unsecured Claim in the amount of the Distribution Cap. |
| No Administrative or Priority Claims: | The PBGC shall not be entitled to an allowed administrative expense or priority claim against any of the US Debtors in their Chapter 11 cases. |
| Termination Premium: | The PBGC waives any right to seek to recover, assess or otherwise pursue a termination premium purportedly provided by Section 4007 of ERISA against any of the US Debtors or their successors, whether during the US Debtors' Chapter 11 cases, after confirmation of a Chapter 11 plan in each of the Chapter 11 cases, after the closing of the Chapter 11 cases or under any other liquidation, resolution or winding up of the US Debtors' estates. |
| Chapter 11 Plan and Settlement and Plans Support Agreement: | The PBGC shall support the motion to approve the Settlement and Plans Support Agreement, dated October 12, 2016 (the "SPSA") under Rule 9019 of the Federal Rules of Bankruptcy Procedure, and shall cast a vote in favor of the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, filed on December 1, 2016 (the "Plan"). The PBGC shall also support and vote in favor of the Chapter 11 plan filed by NNIII, provided such Chapter 11 plan is not inconsistent with the SPSA or the terms of this settlement. The PBGC shall not take any action (or refrain from taking any action) that, directly or indirectly, would interfere with, delay, impede, or postpone the implementation of the SPSA or the confirmation and consummation of the Plan. The PBGC shall support the US Debtors in all pending matters before the United States Court of Appeals for the Third Circuit relating to the appeal of the opinions of the Bankruptcy Court and the Ontario Superior Court of Justice deciding the dispute as to the allocation of the proceeds generated by the sale transactions entered into by the US Debtors and their various affiliates by which they sold various business units and other assets to various purchasers. |
| Payment of Allowed Claim: | The US Debtors shall have the authority and discretion to marshal the distributions on the Allowed Unsecured Claim such that the PBGC will receive distributions on the Allowed Unsecured Claim first from NNIII and the US Debtors other than NNI and Nortel Networks (CALA) Inc. ("NN CALA"), and from NNI and NN CALA last. Appropriate reserves or distribution holdbacks may be implemented by the US Debtors to achieve this effect. |

| | |
|---|---|
| Resolution of Claims: | Effective upon the entry of an order approving this settlement by the Bankruptcy Court, all claims filed by the PBGC against the US Debtors shall be resolved in accordance with the terms hereof, and the PBGC shall not seek recovery for (i) any other claim or right against the US Debtors, or (ii) any other claim or right arising from or related to the Claims against the US Debtors' affiliates, subsidiaries, directors, officers, employees or professionals, or any successor thereto. |
| Releases: | Effective upon the entry of an order approving this settlement by the Bankruptcy Court, the Parties release and forever discharge each other and their respective current and former affiliates, subsidiaries, departments, offices, divisions, branches, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims, defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorneys' fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which the Parties now have or hereafter may have arising from or related to the Claims. Effective upon the entry of an order by the Bankruptcy Court approving the terms of this settlement and the Allowed Unsecured Claim as set forth herein, the PBGC shall be forever barred from (i) amending the Claims or (ii) filing or otherwise asserting any further claim against any of the US Debtors in the US Debtors' Chapter 11 cases. |
| Costs and Expenses: | Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the Claims and this settlement. |
| Approval: | The terms of this settlement are subject to the approval of the Bankruptcy Court. In the event the terms of this settlement are not approved by the Bankruptcy Court, the Parties reserve all of their rights and defenses with respect to the Claims. Each Party acknowledges and agrees that nothing herein constitutes an admission or concession of any legal issue raised in or relating to the Claims or shall constitute a waiver of any Party's rights and defenses. |
| Binding Effect: | This agreement and the order approving this settlement shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the US Debtors' Chapter 11 cases. |
| Discovery Stayed: | The Parties agree that all discovery on substantive consolidation and on the US Debtors' objection to the PBGC's proofs of claim is stayed immediately. |

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: December 20, 2016

On behalf of Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc. Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., Nortel Networks (CALA) Inc., and Nortel Networks India International Inc.

By: _____
Name: John J. Ray, III
Title: Principal Officer


Pension Benefit Guaranty Corporation

By: _____

Name: Adi Berger
Title: Acting Director, Corporate Finance & Restructuring Department

4