IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- X
                                                        :
*In re*                                                 : Chapter 11
                                                        :
Nortel Networks Inc., *et al.*,[1]                      : Case No. 09-10138(KG)
                                                        :
          Debtors.  : Jointly Administered
                                                        :
                                                        : **Re: D.I. 17516, 17629**
------------------------------------------------------- X

### SUPPLEMENTAL NOTICE OF AGREEMENT REGARDING TEMPORARY ALLOWANCE OF CERTAIN CLAIMS SOLELY FOR VOTING PURPOSES

     **PLEASE TAKE NOTICE** that on December 1, 2016, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an Order [D.I. 17516] (the "Disclosure Statement Order") which, among other things, (i) approved the *Disclosure Statement with Respect to the First Amended Joint Chapter 11 Plan of Nortel Networks Inc., et al.*, dated December 1, 2016 [D.I. 17502] (as it may be amended, supplemented or otherwise modified from time to time, including all exhibits thereto, the "Disclosure Statement") and (ii) established procedures for the solicitation and tabulation of votes to accept or reject the *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors*, dated December 1, 2016 [D.I. 17501] (the "Plan"), including procedures governing the estimation and temporary allowance of certain contingent, unliquidated and/or disputed claims solely for purposes of voting on the Plan (the "Temporary Allowance Procedures").

     **PLEASE TAKE FURTHER NOTICE** that on December 7, 2016, in accordance with the Temporary Allowance Procedures set forth in paragraph 10 of the Disclosure Statement Order, Nortel Networks Inc. ("NNI"), a Delaware corporation, and certain of its affiliated Debtors and Debtors-in-Possession (collectively with NNI and excluding Nortel Networks India International Inc., the "Debtors"), reached an initial agreement with the Pension Benefit Guaranty Corporation (the "PBGC") with regard to the temporary allowance of the PBGC Voting Claims (as defined below) solely for voting purposes [D.I. 17629].

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). The First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors does not include a Chapter 11 plan for Nortel Networks India International Inc. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

**PLEASE TAKE FURTHER NOTICE THAT**, on December 20, 2016, the Debtors and the PBGC agreed to settle the PBGC Claims (as defined below) and the Amended PBGC Claims (as defined below) (such agreement, the "PBGC Claims Settlement") on the terms set forth in the *Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement By and Among the Debtors and the Pension Benefit Guaranty Corporation with Respect to the PBGC Claims and Related Issues* [D.I. 17625], which motion was granted by the Court on January 6, 2017 [D.I 17679].

**PLEASE TAKE FURTHER NOTICE THAT**, in accordance with the Temporary Allowance Procedures set forth in paragraph 10 of the Disclosure Statement Order, the Debtors are hereby providing notice that, in light of the entry of the order approving the PBGC Claims Settlement, they have reached the following agreement with the PBGC with regard to the temporary allowance of the PBGC Voting Claims solely for voting purposes:

| **Claimant** | **Claims Subject to Temporary Allowance Procedures** | **Agreement** |
|---|---|---|
| PBGC | Claim Nos. 4736, 4737, and 4738 (the "PBGC Claims")<br><br>Claim Nos. 8760, 8761, 8762, and 8763 (the "Amended PBGC Claims, and together with the PBGC Claims, the "PBGC Voting Claims") | The PBGC Voting Claims will be temporarily allowed, solely for voting purposes, as a single general unsecured (Class A-3A) claim in the amount of $624,601,972 with respect to the Consolidated Debtors (NNI and NNCC), which amount is agreed to solely for voting purposes and without prejudice to the rights and defenses of the Debtors, the PBGC and any other party in interest in the Debtors' cases with respect to the ultimate allowance of the PBGC Claims and Amended PBGC Claims against the Consolidated Debtors for any other purpose.<br><br>The PBGC Voting Claims will be temporarily allowed, solely for voting purposes, as a single general unsecured (Class 3A) claim in the amount of $565,000,000 with respect to each of the other fourteen Debtors' Plans, which amounts are agreed to solely for voting purposes and without prejudice to the rights and defenses of the Debtors, the PBGC and any other party in interest in the Debtors' cases with respect to the ultimate allowance of the PBGC Claims and Amended PBGC Claims against each of the Debtors for any other purpose. |

**PLEASE TAKE FURTHER NOTICE THAT**, except as provided above, the PBGC shall not be entitled to any additional voting rights on the Plan with respect to the PBGC Claims and the Amended PBGC Claims. The agreements set forth above are for voting purposes only and without prejudice to the rights of the Debtors or any other party in interest.

| | |
|---|---|
| Dated: January 6, 2017<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-3505<br>Facsimile: (212) 225-3999<br>- and -<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>　*/s/ Andrew J. Roth-Moore*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Tamara K. Minott (No. 5643)<br>Andrew J. Roth-Moore (No. 5988)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>*Counsel for the Debtors<br>and Debtors-in-Possession* |

10686965.1