UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS INC. *et al.* | ) | Case No. 09-10138 (KG) |
| | ) | |
| Debtor | ) | Jointly Administered |

AFFIDAVIT OF PUBLICATION

STATE OF NEW YORK    )
                     )
COUNTY OF NEW YORK   )

I, JAY H. HEYMAN, being duly sworn, depose and say that I am a Director of Porte Advertising, Inc., and that I arranged for the publication of the attached notice in the *Globe & Mail* on December 9, 2016.

The foregoing statements are true and correct to the best of my knowledge, information and belief.

                                                  Jay H. Heyman

Sworn to me this

16th day of December 2016.

        Notary Public

REGINA AMPONFRO
Notary Public, State of New York
No. 01AM6084606
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires Sept. 24, 20 17

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nortel Networks Inc., et al.,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
| | Hearing date: January 24, 2017 10:00 a.m. (ET) |
| | Objections due: January 9, 2017 4:00 p.m. (ET) |

**NOTICE OF (I) HEARING TO CONSIDER CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION, (II) DEADLINES AND PROCEDURES FOR VOTING ON THE PLAN (III) AND DEADLINES AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION**

TO: ALL CREDITORS, HOLDERS OF CLAIMS OR INTERESTS AND PARTIES IN INTEREST

PLEASE TAKE NOTICE THAT:

1. **Filing of Plan and Disclosure Statement.** On December 1, 2016, Nortel Networks, Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), filed with the United States Bankruptcy Court for the District of Delaware (the "Court") the Disclosure Statement With Respect To The First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. and Certain Of Its Affiliated Debtors (the "Disclosure Statement"). A copy of the First Amended Joint Chapter 11 Plan Of Nortel Networks, Inc. and Certain Of Its Affiliated Debtors under Chapter 11 of the Bankruptcy Code (as it may be amended, the "Plan") is attached as Appendix A to the Disclosure Statement. The Debtors reserve the right, in accordance with the terms and conditions of the Plan, to amend, modify or supplement the Disclosure Statement, the Plan or any documents related thereto. Capitalized terms used, but not defined herein, have the meaning ascribed to them in the Plan.

2. **Obtaining Copies of Plan Materials.** The Plan and the Disclosure Statement are available at no cost on the Debtors' restructuring website at http://dm.epiq11.com/nortel (the "Case Information Website"). If you have not received copies of these materials, you may contact the Debtors Voting Agent, Epiq Bankruptcy Solutions (the "Voting Agent") for copies of these materials. Requests should be sent to Epiq Bankruptcy Solutions, Attn: Nortel Networks Inc. Requests, P.O. Box 4422, Beaverton, OR 97076-4422 or via email to tabulation@epiqsystems.com with a reference to "Nortel" in the subject line, or by telephone at 1-844-319-7735 (Toll Free) or 1-503-520-4494 (International). Copies are also available for review at the Office of the Clerk, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. ANY QUESTIONS REGARDING THESE MATERIALS OR THE VOTING PROCESS MAY BE DIRECTED TO THE VOTING AGENT AT 1-844-319-7735 (TOLL FREE) OR 1-503-520-4494 (INTERNATIONAL).

3. **Disclosure Statement Order.** On December 1, 2016, the Court entered an order (the "Disclosure Statement Order"), which approved the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the United States Bankruptcy Code. Among other things, the Disclosure Statement Order (i) fixed November 21, 2016 as the Voting Record Date for purposes of determining which Holders of Claims are eligible to vote on the Plan and for other purposes, (ii) approved the procedures for solicitation of votes to accept or reject the Plan, (iii) fixed January 9, 2017 at 4:00 p.m. (Prevailing Eastern Time) as the date and time by which all votes to accept or reject the Plan must be received (the "Voting Deadline"), and (iv) fixed December 15, 2016 at 4:00 p.m. (Prevailing Eastern Time) as the last date and time by which motions for temporary allowance of claims pursuant to Bankruptcy Rule 3018(a) must be filed with the Court and received by the Debtors.

4. **Voting on Plan.** Pursuant to the Disclosure Statement Order, Holders of Impaired Claims against the Debtors that have not been deemed to reject the Plan shall have the right to vote to accept or reject the Plan by using the approved Ballots, or as applicable, Master Ballots. For a vote to count, it must be properly completed, executed, marked and actually received by the Voting Agent on or before the Voting Deadline.

5. **Confirmation Hearing.** A hearing to consider confirmation of the Plan including the assumption and/or assignment of certain executory contracts and unexpired leases under the Plan, and any objections that may be interposed with respect to any and all such matters will commence before the Honorable Kevin Gross, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801 on **January 24, 2017 at 10:00 a.m. (Prevailing Eastern Time)** (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time without prior notice other than an announcement of the adjourned date or dates in open court. A notice of any such adjournment will be filed with the Court and posted on the Case Information Website.

6. **Releases and Injunctions.** The Plan provides that on the Effective Date, the Debtors will receive releases and discharges under section 1141 of the Bankruptcy Code and other applicable provisions of the Bankruptcy Code. In addition, under Article XIII of the Plan, all Holders of Claims against the Debtors or other Plan Released Parties and Holders of Equity Interests will be deemed to forever release and discharge each of the Debtors and other Plan Released Parties for any and all Claims based on any acts or omissions occurring prior to the Effective Date in any way relating to, among other things, the Debtors chapter 11 cases, the Disclosure Statement, the SPSA, the Plan and the Plan Supplement. These releases will be implemented through injunctions that prohibit any and all such Holders from maintaining actions that are released and discharged under the Bankruptcy Code or the terms of the Plan. ALL PERSONS WHO HAVE RECEIVED THIS NOTICE ARE URGED TO CAREFULLY REVIEW ARTICLE XIII OF THE PLAN. THE TEXT OF THE DISCHARGE, RELEASE, INJUNCTION AND EXCULPATION PROVISIONS OF THE PLAN IS SET FORTH BELOW:

**13.2 Release and Discharge of Debtors and Wind-Down Debtors.**

EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE DEBTORS AND THE WIND-DOWN DEBTORS FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE DEBTORS' OR THE WIND-DOWN DEBTORS' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.

**13.3 Release and Discharge of the Plan Released Parties.**

EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO: (I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE SPSA OR THE PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, IN THEIR INDIVIDUAL CAPACITIES OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF THE DEBTORS, THEIR ESTATES, THE WIND-DOWN DEBTORS, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION OR APPROVAL OF ANY PERSON.

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS SECTION 13.3 OR SECTION 13.2 HEREOF, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, OR ANY DOCUMENT, INSTRUMENT OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE SPSA, AND EXCEPT AS OTHERWISE PROVIDED BY PRIOR OR SUBSEQUENT FINAL ORDER OF THE BANKRUPTCY COURT, NOTHING IN THIS SECTION 13.3 OR SECTION 13.2 SHALL OPERATE AS A WAIVER OR RELEASE OF (A) ANY PERSON (I) NAMED PRIOR TO THE EFFECTIVE DATE AS A DEFENDANT IN AN ACTION COMMENCED BY OR ON BEHALF OF THE DEBTORS-IN-POSSESSION, INCLUDING ANY ACTIONS PROSECUTED BY THE CREDITORS' COMMITTEE AND THE BONDHOLDER GROUP OR (II) ADJUDICATED PRIOR TO THE EFFECTIVE DATE BY A COURT OF COMPETENT JURISDICTION TO HAVE ENGAGED IN ACTS OF DISHONESTY OR WILLFUL MISCONDUCT DETRIMENTAL TO THE INTEREST OF THE DEBTORS OR (B) ANY CLAIM (I) WITH RESPECT TO ANY LOAN, ADVANCE OR SIMILAR PAYMENT BY THE DEBTORS TO ANY SUCH PERSON, (II) WITH RESPECT TO ANY CONTRACTUAL OBLIGATION OWED BY SUCH PERSON TO THE DEBTORS OR (III) RELATING TO SUCH PERSON'S KNOWING FRAUD, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; AND *PROVIDED*, *FURTHER*, THAT THE FOREGOING IS NOT INTENDED, NOR SHALL IT BE CONSTRUED, TO RELEASE ANY OF THE DEBTORS' CLAIMS THAT MAY EXIST AGAINST THE DEBTORS' DIRECTORS AND OFFICERS LIABILITY INSURANCE; AND *PROVIDED*, *FURTHER*, THAT, NOTWITHSTANDING THE FOREGOING, ALL SUCH CLAIMS SHALL BE PRESERVED BY THE DEBTORS FOR SETOFF PURPOSES.

**13.4 SPSA Releases.**

UPON THE EFFECTIVE DATE, AS PROVIDED IN SECTION 8 OF THE SPSA AND IN CONSIDERATION FOR THE SETTLEMENTS PROVIDED FOR UNDER THE SPSA INCLUDING THE RELEASES GRANTED IN FAVOR OF THE DEBTOR RELEASING PARTIES UNDER THE SPSA, EACH OF THE DEBTOR RELEASING PARTIES (I) SHALL BE DEEMED TO HAVE RELEASED AND FOREVER DISCHARGED EACH OF THE OTHER SPSA RELEASED PARTIES FROM ANY AND ALL LIABILITY FOR CLAIMS, DEFENSES, DEMANDS, LIABILITIES, DAMAGES, ACTIONS, CONTRIBUTIONS, SUBROGATION, CAUSES OF ACTION, SETOFFS, RECOUPMENTS, COSTS AND EXPENSES (INCLUDING LAWYERS' OR OTHER FEES OR EXPENSES), THE FOREGOING TERMS TO BE CONSTRUED AS BROADLY AS POSSIBLE, WHETHER KNOWN OR UNKNOWN, PAST OR PRESENT, FIXED OR CONTINGENT, LIQUIDATED OR UNLIQUIDATED, WHICH ANY OF THE DEBTOR RELEASING PARTIES HAVE, HAD, MAY HAVE HAD OR HEREAFTER MAY HAVE HOWEVER SO ARISING OUT OF OR IN CONNECTION WITH THE ALLOCATION DISPUTE, ANY OTHER MATTERS RESOLVED UNDER THE SPSA OR ANY OTHER MATTER RELATING TO THE CHAPTER 11 CASES OR THE FOREIGN PROCEEDINGS OR THE NORTEL GROUP (COLLECTIVELY, AND EXCLUDING THE NON-RELEASED MATTERS, THE "SPSA RELEASED CLAIMS") AND UNDERTAKE, COVENANT AND AGREE NOT TO MAKE ANY CLAIM, PARTICIPATE IN ANY PROCEEDING OR TAKE ANY ACTION AGAINST ANY OTHER PERSON OR ENTITY WHO WOULD AS A RESULT OF SUCH CLAIM, PROCEEDING OR ACTION HAVE A CLAIM FOR CONTRIBUTION OR INDEMNITY AGAINST ANY OF THE OTHER SPSA RELEASED PARTIES IN RELATION TO THE SPSA RELEASED CLAIMS, *PROVIDED*, *HOWEVER*, THAT THE DEBTORS' RIGHT TO OBJECT TO, OR ASSERT COUNTERCLAIMS FOR PURPOSES OF SETOFF AGAINST, CLAIMS MADE AGAINST THEM BY DIRECTORS AND OFFICERS OF ANY NORTEL ENTITY AGAINST SUCH DEBTORS IS NOT RELEASED OR IN ANY WAY COMPROMISED. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS PARAGRAPH, THE RELEASES SET FORTH ABOVE IN THIS SECTION 13.4 DO NOT CONSTITUTE A RELEASE, WAIVER OR DISCHARGE OF ANY PROVEN CLAIMS AGAINST THE CANADIAN ESTATE FOR PAYMENT OF THE CROSSOVER BONDS, THE U.S. CANADIAN CLAIM, THE U.S. CANADIAN PRIORITY CLAIM, THE INTERCOMPANY CLAIMS SPECIFIED ON ANNEX L TO THE SPSA, NNI'S RIGHT TO RECEIVE PAYMENT FROM THE CANADIAN ESTATE IN THE AMOUNT OF $77.5 MILLION, AS PROVIDED FOR IN SECTION 4(E) OF THE SPSA, ANY CLAIM BETWEEN OR AMONG ANY OF THE DEBTORS AND THEIR SUBSIDIARIES, ANY CLAIM BETWEEN THE PBGC AND THE DEBTORS OR ANY OF THEIR U.S. SUBSIDIARIES, ANY PROFESSIONAL CLAIM, ANY CLAIM TO ENFORCE THE TERMS OF THE SPSA, THE PLAN, THE CANADIAN PLAN, AND ANY ORDER OF THE BANKRUPTCY COURT OR THE CCAA COURT RELATED THERETO, OR ANY OTHER MATTER LISTED UNDER SECTION 8(I) OF THE SPSA (COLLECTIVELY, THE "NON-RELEASED MATTERS").

**13.5 Exculpation and Limitation of Liability.**

None of the Exculpated Parties shall have or incur any liability to any Entity for any act taken or omitted to be taken in connection with and subsequent to the commencement of the Chapter 11 Cases, the formulation, preparation, dissemination, implementation, solicitation of votes, confirmation or approval of the Plan or any compromises or settlements contained therein, the administration of the Plan or Distributions under the Plan, the Disclosure Statement and any ancillary documents related thereto or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan; *provided, however*, the foregoing provisions of this Section 13.5 shall not affect the liability of any Exculpated Party that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct, including, without limitation, fraud and criminal misconduct, and in all respects the Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.

**13.6 Injunction on Claims.**

Except as otherwise expressly provided in the Plan, the Confirmation Order or such other order of the Bankruptcy Court that may be applicable, all holders of Claims or other debt or liability that is treated under the Plan or Interest or other right of interest that is terminated or cancelled pursuant to the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or other debt or liability or Interest or other right of equity interest that is terminated or cancelled pursuant to the Plan against the Debtors, the Estates or the Wind-Down Debtors or any properties or interest in properties of the Debtors or the Wind-Down Debtors, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Debtors, the Estates or the Wind-Down Debtors or any properties or interest in properties of the Debtors or the Wind-Down Debtors, (c) creating, perfecting or enforcing any encumbrance of any kind against the Debtors, the Estates or the Wind-Down Debtors or any properties or interest in properties of the Debtors or the Wind-Down Debtors, (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors, the Estates or the Wind-Down Debtors or any properties or interest in properties of the Debtors or the Wind-Down Debtors, (e) acting or proceeding in any manner that does not conform to or comply with the provisions of the Plan and (f) taking any actions to interfere with the implementation or consummation of the Plan, with respect to any such Claim or other debt or liability that is discharged or Interest or other right of equity interest that is terminated or cancelled pursuant to the Plan.

7. **Objection Deadlines.** Responses or objections, if any, to confirmation of the Plan including the assumption and/or assignment of certain executory contracts and unexpired leases under the Plan or cure amounts related to any contracts or leases to be assumed under the Plan as identified on Exhibit C to the Plan which may be provided in the Debtors' Plan Supplement, (a) shall be in writing, (b) state, if appropriate, the amount and nature of the claims or interests held or asserted by the objecting party against the Debtors' estates or property, (c) shall state, if appropriate, the amount and nature of the objector's claim or interest, (d) shall state the grounds for the responses or objections and the legal basis therefor, (e) shall reference with specificity the text of the Plan to which the responses or objections are made, and shall provide proposed language changes or insertions to the Plan to resolve the responses or objections; and (f) shall be filed, together with proof of service, with the Clerk of the United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with one copy to chambers, such that the responses or objections are actually received no later than 4:00 p.m. (Prevailing Eastern Time) on January 9, 2017 by each of the following parties:

Counsel for the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, (212) 225-3999 (facsimile), Attention: James L. Bromley, Esq., Lisa M. Schweitzer, Esq., Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 18th Floor, P.O. Box 1347, Wilmington, Delaware 19899, (302) 658-3989 (facsimile), Attention: Derek C. Abbott, Esq., Andrew R. Remming, Esq. Counsel for the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, (212) 872-1002 (facsimile), Attention: Fred S. Hodara, Esq., David H. Botter, Esq., Brad M. Kahn, Esq.; Whiteford, Taylor and Preston LLP, The Renaissance Centre Suite 500, 405 North King Street, Wilmington, Delaware 19801, (302) 357-3288 (facsimile), Attention: Christopher M. Samis, Esq. Counsel for the Bondholder Group, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, New York 10005, (212) 530-5219 (facsimile), Attention: Albert A. Pisa, Esq. The United States Trustee, Office of The United States Trustee, J. Caleb Boggs Federal Building, Room 2207, 844 N. King Street, Wilmington, DE 19801, Attention: Mark S. Kenney, Esq.

Any objections to cure amounts must state with specificity the cure amount the objecting party believes is required and provide appropriate documentation in support thereof. If any response or objection is not timely filed and served before the Confirmation Objection Deadline, the responding or objecting party shall be barred from objecting to confirmation of the Plan and be precluded from being heard at the Confirmation Hearing.

8. **Voting Tabulation and Temporary Allowance.** Votes on the Plan will be counted in accordance with the procedures established by the Bankruptcy Court in its Order Approving the Disclosure Statement, Establishing the Voting Record Date and Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and Setting the Confirmation Hearing Date and Establishing Notice and Objection Procedures [D.I. 17516], such that (a) Claims deemed Allowed pursuant to an agreement with the Debtors or an order of the Court, or that are listed as undisputed, non-contingent and liquidated on the Debtors' Schedules or on a timely filed proof of Claim, will be temporarily allowed for voting purposes only in an amount listed in the agreement with the Debtors, the Order, the Schedules, or the proof of Claim; (b) Claims to which the Debtors have served an objection or request for estimation no later than December 8, 2016 shall be temporarily disallowed for voting purposes only, except to the extent and in the manner as may be set forth in such objection or as ordered by the Court before the Voting Deadline; *provided* that Claims that amend previously filed Claims to which the Debtors have objected or requested estimation and for which such objection or estimation request remains pending or unresolved shall also be deemed to be subject to a pending objection or request for estimation for purposes of this provision, (c) Claims that are listed on the Debtors' Schedules as disputed, contingent, or unliquidated and for which no proof of Claim has been timely filed shall not be entitled to vote unless temporarily allowed by the Court, after notice and a hearing, as described below; (d) Claims for which a proof of Claim has been timely filed for unknown or undetermined amounts, or that are wholly contingent, unliquidated or disputed (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtor or the Voting Agent), shall be temporarily allowed for one dollar ($1.00) for voting purposes only. Any party seeking temporary allowance of a Claim for voting purposes in a manner different than as stated in a Claims Objection shall be required to file with the Court a motion, with evidence in support thereof, seeking temporary allowance of such Claim pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") on or before December 15, 2016 at 4:00 p.m. (Prevailing Eastern Time) (the "Rule 3018(a) Motion Deadline"). Furthermore, any Holder of a Claim that is scheduled as disputed, unliquidated or contingent in the Debtors' Schedules who wishes to vote on a Plan must file a Rule 3018(a) Motion on or prior to the Rule 3018(a) Motion Deadline. A Rule 3018(a) Motion must be filed and served on the Debtors by United States mail, overnight mail, facsimile, hand delivery or e-mail to the attention of Derek Abbott of Morris Nichols Arsht & Tunnell LLP (dabbott@mnat.com) and Lisa Schweitzer of Cleary Gottlieb Steen & Hamilton LLP (lschweitzer@cgsh.com) so as to be received by the Rule 3018(a) Motion Deadline. Rule 3018(a) Motions will be heard at a hearing on **January 6, 2017 at 10:00 a.m. (Prevailing Eastern Time)**, if not resolved by the movant and the Debtors prior to that time.

Dated: December 1, 2016 BY ORDER OF THE UNITED STATES BANKRUPTCY COURT
CLEARY GOTTLIEB STEEN & HAMILTON LLP Counsel for the Debtors and Debtors in Possession, One Liberty Plaza, New York, New York 10006, (212) 225-2000, James L. Bromley, Lisa M. Schweitzer.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). For the avoidance of doubt, the Plan and Disclosure Statement do not include a Plan for Nortel Networks India International Inc. ("NNIII"). NNIII will file a separate Chapter 11 Plan in its case. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/Nortel.

THE GLOBE AND MAIL • FRIDAY, DECEMBER 9, 2016 G  REPORT ON BUSINESS • B7

FINANCIAL SERVICES

# UniCredit to test confidence in Italian banks

Country's largest lender set to embark on a mammoth share issuance in hopes of raising capital necessary to meet new regulations

GIANLUCA SEMERARO
PAMELA BARBAGLIA
STEPHEN JEWKES MILAN

Italy's largest lender, **UniCredit SpA**, is set to announce next week the country's biggest bank-share issue, worth up to €13-billion ($18.2-billion), in what would be a major test of confidence in Italy's wider banking system, sources said.

If successful, the fundraising would be a shot in the arm for a sector overburdened by bad loans, buffeted by political uncertainty and dogged by the risk its third-largest lender, Monte dei Paschi di Siena could be nationalized.

UniCredit, which operates in 17 countries and is the only Italian bank whose health is deemed important to the stability of the global financial system, needs to strengthen its balance sheet to meet tough new regulations designed for such lenders.

"It's a massive amount and the mere fact they're thinking of it means they must be confident of pulling it off," said Roberto Lottici, a fund manager at Ifigest.

Chief executive officer Jean-Pierre Mustier, drafted in this year to boost capital and profit at Italy's biggest bank, is set to present his strategic review on Tuesday.

Sources familiar with UniCredit's thinking said he could announce the cash call for early next year.

Mr. Mustier would face a harsh investment climate: Prime Minister Matteo Renzi quit this week after a heavy referendum defeat, raising the prospect of early elections, and Monte dei Paschi may



UniCredit SpA, Italy's largest lender, is set to announce a massive bank-share issue in hopes of raking-in sufficient capital to stabilize its balance sheet and comply with international regulation. ALESSIA PIERDOMENICO/BLOOMBERG NEWS

need a state bailout after investors balked at funding the bank's own €5-billion rescue plan.

Other, smaller banks are also lining up for cash.

On Wednesday, credit rating agency Moody's cut its outlook on Italy, saying prospects for much-needed economic reform had shrunk after Mr. Renzie's departure.

"There is a monstrous hangover on Italian banks looking to raise capital, including UniCredit," said Anthilia Capital Partners Chief investment officer Andrea Cuturi.

But Mr. Mustier has said Mr.

Renzi's resignation and the threat of early elections next year will not change his thinking.

"The event overnight will not change our strategy and we plan for the long term," he told Bloomberg TV on Monday, after Mr. Renzi announced the night before that he would quit to take responsibility for the defeat of his constitutional reform plan.

Some investors are concerned a popular anti-euro party, the Five Star Movement, could come to power at the next general election, which is widely expected to be held in the spring.

Mr. Mustier, a former Société Générale executive, was appointed to run UniCredit in July. The bank has been selling assets and has said a share sale is an option.

"Mustier has got €13-billion pencilled in but hasn't made a final decision yet," a source close to the matter said.

Two other sources confirmed the amount, saying the CEO wanted to fix the bank's capital concerns once and for all. But another source said Mr. Mustier might stop at €10-billion.

UniCredit, with a market value of €15-billion, has lost more than half its value this year, weighed

down by concerns over profitability, bad loans and a weaker balance sheet compared with major European rivals.

In June, a source said Mr. Mustier, hired for his experience in managing complex operations at a big bank, was looking to raise core capital – a key measure of financial strength – to 12.5 per cent. At the end of September, the bank's fully-loaded CET 1 ratio was 10.82 per cent.

UniCredit, which has Europe's biggest bad-loan portfolio, is also expected to reveal plans to dispose of as much as €20-billion worth of non-performing loans, sources have said.

Mr. Mustier has begun selling assets and slimming down the bank, making it easier to manage.

It is in exclusive talks with France's Amundi to sell its asset manager Pioneer in a deal that could raise around €3.5-billion. On Thursday, it announced deals to exit Polish unit Pekao, raising more than €2.5-billion.

More disposals could be on the way.

"We can't rule out another share placement in FinecoBank," said a banker who has recently worked on deals with UniCredit. The lender sold 20 per cent of its online broker unit in October for around €550-million.

The banker said a successful UniCredit cash call could be a prelude to a tie-up with France's Société Générale.

Any deal would be structured as a merger of equals meaning UniCredit needed to bump up its valuation.

*Reuters*

---

EURO ZONE

## Greece's low-income pensioners to get payment by Christmas

LEFTERIS PAPADIMAS
RENEE MALTEZOU ATHENS

Prime Minister Alexis Tsipras said on Thursday his government would spend €617-million ($864-million) in one-off benefits for low-income pensioners ahead of Christmas, after Greece exceeded its 2016 primary surplus target.

Despite pre-election promises to end austerity, Mr. Tsipras signed up to a new international bailout, the country's third, in July last year. He was re-elected a few months later, on a mandate to protect labour rights and the incomes of the poor.

"Steady to our commitment to support the weak, we decided to immediately distribute most of our outperformance in 2016 revenues to low-income pensioners," he said in a televised statement.

He said the measure would provide support to 1.6 million pensioners who earn pensions below €850 a month.

Pensioners support many squeezed households in a country where unemployment still stands at 23 per cent. Pensions have been reduced by about a third since the crisis began in 2009. Greece estimates this year's primary surplus reached 1.1 per cent of economic output, topping a bailout target of 0.5 per cent. It projects a 2 per cent of GDP primary surplus – excluding debt

servicing costs – next year.

Mr. Tsipras added that a value-added tax increase would not be implemented in the islands of the Northern Aegean where thousands of migrants arrived during Europe's migrant crisis.

"Greece, through its people's sacrifices, has carried and still carries the weight of Europe on the migration and on the financial crisis front," he said. "It's time for Europe to recognize this in practice."

Mr. Tsipras welcomed a decision by euro zone finance ministers to provide Greece short-term debt relief and said Athens still aimed at concluding a key bailout review as soon as possible but without making concessions on "irrational demands."

The leftist-led government, whose popularity has been dropping for months, is still at odds with Greece's lenders over labour reforms and a projected fiscal gap in 2018.

Athens wants to wrap up the review quickly to qualify for inclusion in the European Central Bank's bond-buying program and regain market access. But a rift between the EU and the International Monetary Fund over Greece's fiscal targets beyond 2018, when its program ends, has clouded its hopes.

*Reuters*

---

**LEGALS**

### Notice to Creditors and Others

**IN THE ESTATE OF ANDREW HAY KING**

ALL CLAIMS against the Estate of ANDREW HAY KING, Custodian, late of the Town of Whitby in the Regional Municipality of Durham, who died on June 22, 2016, must be filed with the Executors of the Estate, Malcolm Sobie and Morley Neinstein, by the 28th day of December, 2016, after which date the Estate will be distributed having regard only to claims then filed.

Morley Neinstein, Estate Solicitor
1183 Finch Ave. W., # 402
Toronto, ON, M3J 2G2
Tel: 416-665-8411;
Fax: 416-665-4291
Email: mneinstein@on.aibn.com

---

**BUSINESS TO BUSINESS**

### INVESTMENT OPPORTUNITIES

Investor wanted to purchase part or all of a profitable FM station. Rare opportunity serious inquiries only. NDA required.
fmstation4sale@gmail.com

---

To have
The Globe and Mail
delivered to your
door, call
**1-800-387-5400**
tgam.ca/subscribe

THE GLOBE AND MAIL

---

### DIVIDENDS

**CST** DIVIDEND/DISTRIBUTION INFORMATION
The following dividends/distributions have been declared.

| Company | Issue | Record Date | Payable Date | Rate |
|---|---|---|---|---|
| Altus Group Limited | Common Shares | December 31, 2016 | January 18, 2017 | $0.15 CAD |

---

[Legal notice: In the United States Bankruptcy Court for the District of Delaware — In re Nortel Networks Inc., et al., Chapter 11, Case No. 09-10138 (KG), Jointly Administered. Notice of hearing to consider confirmation of Debtors' plan of reorganization and related procedures. Hearing date: January 24, 2017 10:00 a.m. (ET). Objections due: January 9, 2017 4:00 p.m. (ET). Full text of notice as printed.]

