# UNITED STATE BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

**Nortel Networks, Inc. et al**
    **Debtors,**

No. 09-10138 (KG)

**Ernest Demel**
    **Creditor,**

<u>MOTION 11</u>

THIS IS A CLAIM AGAINST US DEBTORS NNI. TO REPLACE A FRAUDULENT STIPULATION AGREEMENT WITH T A NEW SETTLEMENT CONTRACT.

## <u>CREDITOR'S MOTION TO REPLACE THE STIPULATION AGREEMENT WITH A NEW CONTRACT. RE: CLAIM # 4643.</u>

In support of my motion 11. I would like to submit the following.

The stipulation agreement was executed by Mr. Gary S Stone and Barbara M Buell. It has no legal validity, for the following reasons.

1. The said counsels have no legal authority to represent the parties and to sign the stipulation. The newly found evidence demonstrates that this matter proves without any reasonable doubt. **(Like a counterfeit note.)**
2. They acted on a wrong theory, and **<u>committed intrinsic fraud.</u>** Both parties are equally responsible for their actions and violations.
3. The stipulation agreement has no legal validity and it should be replaced with a new contract acceptable to both parties.
4. I have unsuccessfully litigated this matter to make amendments to the stipulation agreement.

1 | Page

5. At the Bankruptcy Court hearing, without proper evidence I could not prove their wrong theory and I had no choice other than to request amendments to the stipulation.
6. Mr. Stone's retainer agreement will supersede all the other issues in the amendments, and I missed that opportunity.
7. During the appeal process at the US Court of Appeals 3 ed Circuit, I tried to expand the record with new found evidence. But the opinion of the court and Nortel was that this evidence should be presented at the bankruptcy court level and therefore the new evidence was not considered at the appeal.
8. I am submitting the new-found evidence to the Bankruptcy Court and show proof the stipulation has no acceptability or legality.
9. In a letter, Mr. Stone admitting the fact that he played a limited role in the Bankruptcy Court proceeding; and explained the basis he signed the stipulation without the approval of Demel (owner) and Stone dismissed the defendants in the LTD claim. Therefore Mr. Demel fired him. Mr. Gary stone's letter, bear evidence to this fact, and accept his wrong doing.

## **HISTORY LEADING TO THE DISPUITE.**

The reduced claim is a product of illegally executed stipulation, and it cost other damages to Mr. Demel's CONSTITUTIONAL RIGHTS

10. **Mr. Gary Stone and Mr.** Jeremy King were my pro bono attorneys for the New York ERISA. Case, that was filed in the District Court of New York. (USDC-SDNY. ( 07-cv-0189).

11. Mr. Demel won the ERISA case. Nortel's pension guarantor paid the withheld pension. (PBGC). The Honorable Judge George Daniels suggested that Mr. Demel

should go to the Bankruptcy Court of Delaware to get his withheld long-term disability benefits.

12. Therefore, on September 25, 2009. A proof of claim (# 4643) was filed by my consultant, Mr. William Z. Krandorf of the bankruptcy project of New York. On behalf of the creditor Ernest Demel in the amount of $ 1,924,557.70 Basis of the claim: injured employee's withheld long-term disability benefits (LTD) and disability pension, calculated by an actuary in 2009.

13. NNI worked on a wrong theory and signed a stipulation agreement with Mr. Stone and reduced the amount to $125,000. and demanded the release of ERISA, violators from the New York Courts. (07-cv 0189)

14. Later, Mr. Demel unsuccessfully litigated to correct the stipulation with reasonable amendments during the Appeal litigation at the lower courts regarding amendments to the stipulation. Mr. Demel found new evidence that will supersede the old issues regarding amendments to the stipulation.

15. The new evidence was not admitted to the record because the evidence was not produced at the bankruptcy court level. The Courts and Nortel both agree that newly found evidence should be submitted to the bankruptcy court of Delaware. (The newly found evidence should belong to the Bankruptcy Court of Delaware litigation.)

> Mr. Demel is the owner of the claim and he has not assigned his claim to a third party or given his legal authority to an Attorney to represent him at the bankruptcy court of Delaware.

Under these circumstances, stipulation agreement is not valid. and therefore, new estimates and recalculation is required. (The compromise amount. ($125,000.) and the Class 3A. classification,)

The creditor Mr. Demel, expressly reserves his right to amend and/or supplement this motion, and to provide the court with more information to better understand the validity of stipulation agreement which was executed fraudulently.

I most humbly asked the court to treat this new issue with new evidence at the new bankruptcy court hearing.

Therefore, the creditor (Mr. Demel), Requests that the Court may provide direction to proceed this matter, to prevent the manifestation of injustice.

The court may also grant any other relief that may be just and proper.

Most respectfully, submitted.

*[signature]*
1/9/17

Ernest Demel pro se.        Dated January, 9 th 2017

530 W. 55, Street #13 K , New York New York 10019
Tel. (917) 521 5918    Email. Ernestdemel@ymail.com

UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

**Nortel Networks, Inc. et al**  
   **Debtors,**

No. 09-10138 (KG)

**Ernest Demel**  
   **Creditor,**

<u>NOTICE</u>

---

## <u>NOTICE CREDITOR'S MOTION TO REPLACE THE STIPULATION AGREEMENT WITH A NEW CONTRACT.  RE: CLAIM # 4643.</u>

Please take notice that Mr. Demel, (claim 4643) hereby file a motion to replace a fraudulent stipulation with the new contract. New settlement plan for the said claim should be negotiated and agreed before the distribution of the settlement.

Please take further notice that the new-found evidence is listed below.
1. Exhibit A. ---Mr. Stone's retainer agreement.
2. Exhibit B. ---Mr. Stone admitting the fact that he played a limited role in this matter. Letter (6/6/16)
3. Exhibit C.----Mr. Stone's letter regarding the said matter. (4/27/15)
4. Exhibit D.--- Fraudulent Stipulation Agreement. (9/14/10)
5. Exhibit E.----Mr. Demel's affidavit. (2/10/16)

 Please take further notice that the documents contain true important facts to understand the issues in dispute. These are material facts which cannot be ignored as there is a serious issue regarding the fraudulent stipulation.

 Please take further notice. The only issue in this matter is the **validity of the stipulation agreement. And about the extended legal authority theory.**

P 1

Mr. Demel is committed to seek justice to preserve his **Constitutional Rights** at any expense. Please take further notice any party interested in this matter may submit their concerns to the Bankruptcy Courts, and a copy to the **US Trustee. Mr. Mark Kenny** J.C.B. Fed Bldg. Room. 2207., 844 N. King St. Wilmington, DE. 19801. before January 24, 2017.

Please contact the Clark of the Bankruptcy Court of Delaware to find the hearing date of this matter.

Therefore, the creditor (Mr. Demel), Requests that the Court may provide direction to proceed this matter, to prevent the **manifestation of injustice.**

The court may also grant any other relief that may be just and proper.

Most respectfully, submitted.

*/s/ Ernest Demel*
1/9/17

Ernest Demel  pro se.          Dated January, 9 th 2017

530 W. 55, Street #13 K , New York New York  10019
Tel. (917) 521 5918    Email. Ernestdemel@ymail.com



MAR 23 2016
U.S.C.A. 3rd. CIR

# SOUTH BROOKLYN LEGAL SERVICES

Brooklyn Legal Services Corp. B • John C. Gray, Project Director
105 Court Street, Brooklyn, NY 11201 • (718) 237-5500 • Fax (718) 855-0733

Ex. A

## RETAINER AGREEMENT

South Brooklyn Legal Services (SBLS) and I, *Ernest H. Demel*, agree that:

1. You (SBLS) will represent me on the following case: *# 07-CV-00189 (GBD) Ernest Demel v Nortel Retirement plan; Group Benefits plan*

2. You won't charge me for your services, but if you recover damages or back benefits that I am owed, I will reimburse you for any expenses that you paid to handle this case.

3. I will pay for court costs, such as filing fees, whether my case is won or lost, unless we can get the other side to pay, or unless the Court does not require me to pay fees.

4. You won't settle my case unless I say so. You will inform me of the status of the case, and advise me about the choices available for me to make a final decision about how to proceed.

5. I can tell you to stop representing me whenever I want.

6. You can stop representing me for a good reason, but only after telling me and hearing my side. Some good reasons would be if I don't cooperate, if I don't tell you about changes in my income or other changes that may affect my eligibility for legal services. I agree to tell you changes in my address or phone number, and other changes in facts that may affect my case.

7. I can complain if I don't like the work being done on my case, or if you tell me you're going to stop representing me.

8. I won't talk to the other side or their lawyer without you present, and will tell you right away if they try to talk to me.

9. Everything I've told you about me and my case is true as far as I know.

10. I represent that: (check appropriate box)

☑ I am a citizen of the United States.

☐ I am a lawful permanent resident

☐ I am an alien married to a U.S. citizen, or a parent of a U.S. citizen, or an unmarried child under age 21 of a U.S. citizen **and** have filed an application to adjust status to permanent resident, and this application has not been rejected.

☐ I am a refugee, have been granted asylum, conditional entry, or withholding of deportation

11. I've been offered to keep a copy of this form.

By _Jay Stone_      _[signature]_ — 11/18/09
                          Client Signature

SOUTH BROOKLYN LEGAL SERVICES
105 Court Street, 3rd Floor
Brooklyn, New York 11201

Person signing for client & relationship

_RCS P.O. Bx 426_
Address

_NYC NY 10101_
City  State  Zip

_1-646-861-3794_
Telephone number

11/18/2009

DATE: _____

_pl send me a zip copy back to me. Thanks_
_Ernest 11/18/09_

23 | Page

Ex. A



Brooklyn
Legal
Services

Legal
Services NYC

June 16, 2016

Mr. Ernest Demel
530 West 55th Street Apt. 13K
New York, New York 10019

Ex. B

Re: Cases concerning pension and other benefits

Dear Mr. Demel:

As you requested, I am writing this letter confirming the limited role of my office in representing you in the United States Bankruptcy Court for the District of Delaware ("the Bankruptcy Court").

Our involvement in the bankruptcy proceeding was a direct outgrowth of the case we litigated on your behalf in the United States District Court for the Southern District of New York ("the Southern District"). On January 10, 2007, Dickstein Shapiro and I (then employed by Legal Services for the Elderly) filed a complaint on your behalf in the Southern District, which was assigned to Judge George Daniels. The suit was brought under the Employee Retirement Income Act of 1974, as amended ("ERISA"), which permits retired or disabled private-sector employees to sue for pensions and other employee benefits for which they are eligible but have not been paid. The defendants named in the suit included Northern Telecom Inc. Retirement Plan for Employees, which later became the Northern Telecom Retirement Income Plan ("the Retirement Plan"), which had been created to provide pensions to retired Northern Telecom employees, and the Group Benefits Plan for Employees of Northern Telecom Inc., which was responsible for paying eligible employees, among other things, long term disability ("LTD") benefits.

On January 14, 2009, Northern Telecom, Inc. and several of its affiliates ("the debtors") filed a petition under Chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court. Under Section 362 of the Bankruptcy Code a stay was imposed, placing your pending action on the court's suspense docket, preventing your case from proceeding until the bankruptcy action was resolved. We then made a motion asking Judge Daniels to remove the action from the suspense docket and to permit the case to go forward with respect to your claim for a pension from the Retirement Plan on the ground that the pension was

Brooklyn Legal Services
Bedford Stuyvesant Restoration Plaza
1360 Fulton Street, Suite 301, Brooklyn, NY 11216
Phone: 718-636-1155   Fax: 718-398-6414   www.LegalServicesNYC.org
Hon. Betty E. Staton, President
Meghan Faux, Acting Project Director
Celeste Morris, Chairperson, Board of Directors

LSC

P1

guaranteed by the Pension Benefit Guaranty Corporation ("PBGC") and therefore not subject to distribution by the Bankruptcy Court.

On September 8, 2009, the Retirement Plan was terminated effective July 17, 2009, and PBGC took over its assets. This is consistent with PBGC's role as guarantor of retirement pensions. This role does not extend, however, to other types of benefits such as LTD benefits which are not insured by PBGC. Therefore, on September 29, 2009, to protect your right to any LTD benefits to which you might be entitled, we filed on your behalf a Notice of Claim with the Bankruptcy Court.

On January 8, 2010, Judge Daniels granted our motion to remove the action from the suspense docket, permitting the action in the Southern District to go forward with respect to your retirement pension. After several disputes with PBGC were resolved and discovery completed, we moved and PBGC cross-moved for summary judgment. On March 10, 2012, Judge Daniels filed his Memorandum, Decision and Order granting our motion, paving the way, ultimately, for the monthly pension that PBGC now pays you and must continue to pay you for the remainder of your life. Meanwhile, in the bankruptcy matter, on September 14, 2010, a settlement was reached under which the debtors agreed to allow your claim as a general unsecured claim for $125,000. The Bankruptcy Court approved the settlement on October 14, 2010.

Subsequently, because of certain disagreements about the settlement and dismissal of defendants relating to the LTD claim, you asked us to withdraw as your counsel in the bankruptcy matter. Therefore, on January 7, 2014, we filed a motion for leave to withdraw as your counsel, which the court approved on February 3, 2014.

If you have any questions about this letter, do not hesitate to call me.

Very truly yours,

*Gary Stone*
Gary Stone

2

P2

Ex. B



South Brooklyn Legal Services

April 27, 2015

*Ex. C*

Office of the Clerk
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Ernest Demel v. Benefit Plan for Salaried Employees of Northern Telecom, et al.
07 CV 0189 (S.D.N.Y.)

Dear Sir/Madam:

I was co-counsel for Ernest Demel, in the above-captioned case that has been resolved. Mr. Demel has informed me that a separate matter involving Northern Telecom, in which I am not representing Mr. Demel, is still pending in the United States Bankruptcy Court for the District of Delaware under docket number 09-bk-01225. According to Mr. Demel, there may be documents filed under seal in the above-captioned case that are relevant to the bankruptcy matter. In light of this, Mr. Demel has asked that destruction of those filings be postponed until the bankruptcy matter has been resolved.

If you have any questions concerning this, please do not hesitate to call me. My direct line is (718) 237-5542.

Very truly yours,

Gary Stone (GSS5563)
Senior Staff Attorney

cc: Ernest Demel
    Vincent Murell, Esq. Pension Benefit Guaranty Corporation
    Jeremy King, Dickstein Shapiro

South Brooklyn Legal Services
105 Court Street, 3rd Floor  Brooklyn, NY 11201
Phone: 718-237-5500  Fax: 718-855-0733  www.sbls.org
John C. Gray, Project Director

Towards justice and dignity for all – Por la Justicia y Dignidad de Todos

LSC

Ex. E

## AFFIDAVIT of Ernest Demel,

Case # 15-03363

I swear and affirm that my statements ( 1 thro 10) itemized in this affidavit that narrate the true facts, and they are correct to the best of my knowledge.

I brought action in the United States District Court of Southern District of New York Case # 07-cv-0189 to recover, my Disability Benefits under Employer Retirement Income Security Act of 1974. ('ERISA") 29 USC #1001, et. seq.

(a) For violation of ERISA Laws, unpaid Long-Term Disability Benefits, (LTD)
(b) Pension from Nortel's Employee Welfare Benefit Plan.

1. I won the New York ERISA case. The Hon. Judge George B Daniels Affirmed The Social Security Administrative Judges Decision Regarding The Eligibility for Nortel's Employee Benefits Plan. (the onset date as of job-related accident date.

2. The Nortel Pension Plan complied with the Judges Orders and approved 20 Long-Term Disability Benefit (LTD) years, as service years for in their pension calculation, and paid the withheld Pension. (PBGC)

3. The Hon. Judge made a remark that Mr. Demel has to go to the Bankruptcy Court in order to get his withheld Long-Term Disability Benefits (LTD) from Nortel.

4. The liability part of Nortel's (LTD) claim was transferred to the Bankruptcy Court of Delaware (09-bk-10138) as per Judges Orders.

5. A proof of claim for $1.9 million was filed by my authorized consultant Mr. William Z . Kransdorf, of New York City Bankruptcy Project with Nortel (09-bk-10138)

6. After closing the ERISA case, and releasing of all attorneys from the said matter **I took over the remaining work, and** I collected the Nortel's Disability Pension. The disbursements start date as of Oct-2004. (at age 65)

7. My pro bono attorney Mr. Gary Stone filed for his attorneys fees, for the work he accomplished in the ERISA Case # 07-cv-0189 (SDNY) the Court denied his motion for legal fees. He was not happy about it.

7. My pro bono attorney Mr. Gary Stone filed for his attorneys fees, for the work he accomplished in the ERISA Case # 07-cv-0189 (SDNY) the Court denied his motion for legal fees. He was not happy about it.

8. In response to my Email on June 14, 2015 Mr. Gary Stone, sent me a copy of the fully executed, retainer agreement,(for the New York case ). I received this document for the first time. On or after 06/14/15. (14-01215 Dl. 18 APPELLANT'S REPLY BRIEF pages 22,23.and 7 )

9. Mr. Gary Stone had no written agreement with me for the Delaware Bankruptcy Case. 09-bk-10138., and I have not paid any attorney fees to him.

10. As a pro se litigant, I engage with Nortel Attorneys to collect my Long-term Disability Benefits, and the docket shows that I recorded more than a dozen of entries regarding this matter.

I hereby state that the information given above is true, to the best of my knowledge. I also or affirm that the information here is truthful and accurate.

These are facts pertinent to appeal proceedings.

I declare under penalty and perjury sworn.

Sig .......... *[signature]* 2/10/16

Ernest Demel

State of New York County of Manhattan

Sworn statement under penalty of perjury

Date. February 10, 2016.

*[Notary seal:]*
JEFF DUMONT
Notary Public - State of New York
NO. 01DU6277054
Qualified in Kings County
My Commission Expires 02/05/17

2

Ex E



*Ex D*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
In re                                                    :   Chapter 11
                                                         :
Nortel Networks Inc., et al.,[1]                         :   Case No. 09-10138 (KG)
                                                         :
                    Debtors.                             :   Jointly Administered
                                                         :
---------------------------------------------------------X

### STIPULATION REDUCING AND ALLOWING CLAIM NO. 4643 FILED BY ERNEST DEMEL AGAINST DEBTOR NORTEL NETWORKS INC.

WHEREAS, on or about January 9, 2007, Claimant Ernest Demel ("Claimant") commenced a lawsuit (the "Action") in the United States District Court for the Southern District of New York (the "District Court") alleging violations of the terms of certain employee benefits plans and the Employee Retirement Income Security Act of 1974 ("ERISA"), in which the following were named as defendants: (i) the Group Benefits Plan for Employees of Northern Telecom, Inc., dated as of January 1, 1982 (the "Group Benefits Plan"); (ii) the Trustees and Administrator of the Group Benefits Plan; (iii) the Employee Benefits Committee of Northern Telecom, Inc.; (iv) the Trustees and Administrator of the Northern Telecom Inc. Retirement Plan for Employees, dated as of January 1, 1984 (the "Retirement Plan"); (v) the Prudential Insurance Company of America (entities (i) through (v) are collectively referred to as the "Released

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (collectively, the "Debtors"), are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://dm.epiq11.com/nortel.

1

Defendants"); and (vi) the Retirement Plan, which was terminated pursuant to section 1342(c) of title 29 of the United States Code ("Section 1342(c)"), as approved by order of this Court dated August 31, 2009, with the Pension Benefit Guaranty Corporation (the "PBGC") appointed statutory trustee pursuant to Section 1342(c); and

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), Nortel Networks Inc. (the "Nortel Debtor") and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in this Court (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, this Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc.) and January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about September 29, 2009, Claimant filed a proof of claim against the Nortel Debtor in the amount of $1,924,557.70, which is listed on the Debtors' claim registry as claim number 4643, and which seeks to recover the same amounts sought in the Action ("Claim No. 4643" or the "Claim"); and

WHEREAS, Claimant and the Nortel Debtor (collectively, the "Parties") have engaged in arm's-length negotiations and, in order to avoid the cost and risk inherent in litigating the Claim, have agreed to resolve the Claim and all of their disputes on the terms set forth in this Stipulation;

2

NOW, THEREFORE, the Parties stipulate and agree as follows:

1. <u>Resolution of Claim</u>. Effective upon the approval of this Stipulation by this Court:

    (a) Claim No. 4643 shall be reduced and allowed as a general unsecured claim by Claimant against the Nortel Debtor in the amount of $125,000.00, which amount relates solely to Claimant's alleged entitlement to long-term disability benefits and does not include any amount relating to Claimant's alleged entitlement to benefits under the Retirement Plan, and Claimant shall have no other or further claims against any of the Debtors.

    (b) This Stipulation shall be deemed to amend and supersede the Debtors' schedules with respect to Claimant.

2. <u>Dismissal of District Court Action as Against the Released Defendants</u>. No later than seven (7) days following entry of an order of this Court approving this Stipulation, Claimant and the Released Defendants shall jointly move the District Court to dismiss all claims against the Released Defendants in the Action.

3. <u>Release</u>. Subject to the reduction and allowance of the Claim as provided for herein, effective upon entry of the order of this Court approving this Stipulation, Claimant releases and forever discharges (1) the Released Defendants and the Debtors, in both their corporate and fiduciary capacities as well as their respective affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, successors and assigns; and (2) any benefit plans of or sponsored by the Released Defendants or the Debtors, except for the terminated Northern Telecom Inc. Retirement Plan for Employees, and any predecessors, successors or assigns

3

of such benefit plans, from any and all claims, defenses, demands, liabilities, debts, obligations, damages, sums of money, promises, accounts, actions, controversies, causes of action, setoffs, recoupments, judgments, costs and expenses (including, without limitation, attorney's fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated, in law or in equity, that Claimant now has, had, might have had, or hereafter may against any of the Released Defendants and/or any of the Debtors from the beginning of the world to the date of this Release, including, without limitation, those that arise from, concern, or are related to, directly or indirectly, the Claim, the Action, Claimant's former employment or other relationship with the Nortel Debtor or the termination of such employment or any such relationship.

4. <u>No Effect on Claims for Benefits Guaranteed by the PBGC</u>. Nothing in this Stipulation shall be construed to limit the power of the United States District Court for the Southern District of New York in the Action to make orders or render judgment with respect to any acts or omissions of the Retirement Plan and its fiduciaries, or to determine any liability arising as a consequence thereof to the extent such liability is insured by the PBGC.

5. <u>No Further Claims</u>. Upon entry of this Court's order approving this Stipulation, Claimant shall be forever barred from (i) amending the Claim and (ii) filing any further proofs of claim against any of the Debtors in the Debtors' Chapter 11 cases.

6. <u>Binding Effect</u>. This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or

4

receiver subsequently appointed in the Debtors' Chapter 11 cases. The Parties' respective counsel are authorized to sign this Stipulation on the Parties' behalf.

7. <u>Entire Agreement</u>. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by a written agreement between the Parties.

8. <u>No Transfer</u>. Claimant represents that he has not sold, assigned or otherwise transferred the Claim to a third party.

9. <u>No Admissions</u>. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession by any Party hereto, the Released Defendants, or any of the Debtors of (i) the validity of all or any part of the Claim or any defense thereto, or (ii) liability or wrongdoing with respect to the Claim or any legal or factual issue relating to the Claim.

10. <u>Costs and Expenses</u>. Each Party agrees to bear his and its own costs, expenses and attorneys' fees incurred in connection with the Action, the Claim, and the negotiation and preparation of this Stipulation, and not to seek from each other reimbursement of any such costs, expenses or attorneys' fees.

11. <u>Jurisdiction</u>. This Court shall retain jurisdiction over all matters relating to this Stipulation, including, without limitation, the implementation of this Stipulation and any disputes arising hereunder.

12. <u>Governing Law</u>. This Stipulation shall be interpreted and construed according to, and governed by, the laws of the State of Delaware.

5

13. **Manner of Execution.** This Stipulation may be executed in counterparts, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

14. **Court Approval.** No provision of this Stipulation shall be effective unless and until the Stipulation is approved by this Court. In the event this Stipulation is not approved by the Court, the Parties reserve all of their rights and defenses with respect to the Claim and the Action.

15. **Claims Register.** Upon entry of the order approving this Stipulation, the Debtors, the Debtors claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: Sept. 14, 2010

Nortel Networks Inc.

By: _____
Deborah M. Buell, Partner
Cleary Gottlieb Steen & Hamilton LLP
Counsel for the Debtors

Ernest Demel

By: _____
Gary Steven Stone
South Brooklyn Legal Services
Counsel for Claimant

6

UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

Nortel Networks, Inc. et al
    Debtors,

No. 09-10138 (KG)
Jointly Administered

Ernest Demel
    Creditor,

## CERTIFICATE OF SERVICE

I ERNEST DEMEL, over 18 years of age, hereby certify that a set of copies of the creditor's was served by USPS certified mail on 01-09-2017 to the to the following parties, copy. to Chambers. the Honorable Judge Kevin Gross, US Bankruptcy Court of Wilmington Delaware. **Tracking.**

To. The Clerk of the UNITED STATES BANKRUPTCY COURT.
824 North market Street, 3 Floor.
Wilmington,   DE  19801          *BY HAND    2 COPIES*

Counsel for debtors. Att. James L. Bromley, Esq
TO: CLEARY GOTTLIEB STEEN & HAMILTON LLP
ONE LIBERTY PLAZA
NEW YORK,  NY 10006          7015 1520 0002 1815 6602

Counsel for the creditors committee, Att. Fred S Hodara, Esq
Akin Gump Strauss Hauer & Feld LLP.
One Bryant Park
New York  NY 10036,          7015 1520 0002 1815 6619

Counsel for bondholders group Att, Albert A. Pisa, Esq.
Milbank, Tweed, Hadley & McCloy LLP.
28 Liberty Street
New York   NY 10005          7015 1520 0002 1815 6626

The United States trustee, Att. Mark S Kenney, Esq.
J. Caleb Boggs federal building. Room 2207
844 North King Street
Wilmington, DE 19801          *BY HAND*

*[signature]*

Signature Ernest Demel.       Dated: 01-09-2017
530 W, 55 St, # 13 K, New York,    NY 10019
Tel. 917 251 5918    **Email. ernestdemel@ymail.com**