**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------X
                                              :
In re                                         :    Chapter 11
                                              :
Nortel Networks Inc., et al.,¹                :    Case No. 09-10138 (KG)
                                              :
                             Debtors.         :    Jointly Administered
                                              :
                                              :
-----------------------------------------------------------X
```

### STIPULATION RESOLVING CLAIMS BY AND BETWEEN SANMINA
### CORPORATION (f/k/a SANMINA-SCI CORPORATION)
### NORTEL NETWORKS INC. AND NORTEL NETWORKS (CALA) INC.

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc.

("NNI"), Nortel Networks (CALA) Inc. ("NN (CALA)") and Sanmina Corporation (f/k/a

Sanmina-SCI Corporation) (the "Claimant" or "Sanmina"), and together with NNI and NN

(CALA), the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 and July 14, 2009 (the "Petition Dates"), NNI and its

affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United

States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-

10138 (KG) (Jointly Administered)); and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International, Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq.com/nortel.

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc. and Nortel Networks India International, Inc.), January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) and September 19, 2016 (for claims against Nortel Networks India International, Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about September 29, 2009, the Claimant timely filed proof of claim No. 4454 against NNI in the asserted amount of $2,606,176.81 ("Claim No. 4454"); and

WHEREAS, on or about September 29, 2009, the Claimant timely filed proof of claim No. 4644 against NNI in the asserted amount of $20,724,941.68 ("Claim No. 4644" and, together with Claim No. 4454, the "Sanmina Claims"); and

WHEREAS the Sanmina Claims relate to payment for goods sold by Samina to NNI and NN (CALA) during the ordinary course of business prior to the Petition Dates, including goods received by the Debtors within 20 days before the Petition Dates; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the potentially substantial and burdensome costs and risks associated with litigating the Sanmina Claims, which ultimate outcome the Parties acknowledge and agree is uncertain, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS the Parties have reviewed their respective books and records and analyzed the underlying documentation related to the proofs of claims filed for each of the Sanmina Claims and determined that the amounts asserted in the proofs of claims shall be allowed against NNI as set forth in this Stipulation.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1.  <u>Resolution of the Sanmina Claims</u>.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation:

(a)     The Sanmina Claims shall be fully and finally allowed in the amounts and priorities against NNI and NN (CALA) in the manner set forth herein.

(b)     Claim No. 4454 shall be split and allowed against NNI in the following amounts and priorities:

(i)      an administrative claim in the amount of $363,684.67; and

(ii)     a general unsecured claim in the amount of $3,802,193.64 (together, the "<u>Allowed Sanmina NNI Claims</u>").

(c)     Claim No. 4644 shall be allowed against NN (CALA) as a general unsecured claim in the amount of $3,467.62 (the "<u>Allowed Sanmina NN (CALA) Claim</u>").

(d)     The allowance of the Sanmina Claims as described in this paragraph 1 shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Sanmina Claims and shall amend and supersede any and all claim amounts the Debtors list in their Schedules arising from or related to the facts underlying the Sanmina Claims.  The Claimants shall not have any further claims against the Debtors, based on the Debtors' scheduling of any of the Sanmina Claims.

<u>Releases</u>.

(a)     Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, the Parties release and forever discharge each other and their respective current and former affiliates, subsidiaries, shareholders, directors, officers, employees, agents, attorneys, and their personal representatives, successors and assigns, from any and all liability from any claims,

3

defenses, demands, liabilities and obligations, damages, actions, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorneys' fees), known or unknown, past or present, fixed or contingent, liquidated or unliquidated which the Parties now have or hereafter may have arising from or related to the Sanmina Claims.

(b)      **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, THE CLAIMANT FURTHER ACKNOWLEDGES AND EXPRESSLY WAIVES THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.**

2.   No Further Claims.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, the Claimant shall be forever barred from (i) amending the Sanmina Claims or (ii) filing or otherwise asserting any further claim arising from or relating to the Sanmina Claims, or the facts underlying the Sanmina Claims, against any of the Debtors in the Debtors' chapter 11 cases.

3.   Entire Claim.  The Claimant represents that, with respect to the Sanmina Claims, the Claimant owns the entirety of the claims (as "claim" is defined in section 101(5) of the Bankruptcy Code) asserted in such Sanmina Claims, including all claims listed in the Schedules arising from or related to the facts underlying such Sanmina Claims.

4.   Binding Effect.  This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' chapter 11 cases.

5.  Entire Agreement.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized written agreement between the Parties.

6.  No Transfer to a Third Party.  The Claimant represents that they have not sold, assigned or otherwise transferred the Sanmina Claims or any of the claims being released pursuant to this Stipulation to a third party, including to any Transferor.

7.  No Admissions.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Sanmina Claims.

8.  Costs and Expenses.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

9.  Jurisdiction.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

10. Manner of Execution.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

11. Court Approval.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Sanmina Claims and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Sanmina Claims or that they have any liability thereunder.

12. <u>Claims Register</u>.  The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

*[Remainder of Page Left Intentionally Blank]*

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Nortel Networks Inc.                          Sanmina Corporation

By: _____          By: _____

Name: John J. Ray, III                        Name: Edward T. Attanasio
Title:   Principal Officer                     Title:   Vice President, Legal

Dated:   ___12/14/2016_____        Dated: _____

Nortel Networks (CALA) Inc.

By: _____

Name: John J. Ray, III
Title:   Principal Officer

Dated:   ___12/14/2016_____

*Signature Page - Stipulation Resolving Claims By And Between Sanmina Corporation*
*(f/k/a Sanmina-SCI Corporation), Nortel Networks Inc. and Nortel Networks (CALA) Inc.*

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Nortel Networks Inc.                          Sanmina Corporation

By: _____          By: _____

Name: John J. Ray, III                    Name: Edward T. Attanasio
Title:   Principal Officer                  Title:   Vice President, Legal

Dated: _____      Dated: ___11 . 2 . 16_____

*Signature Page - Stipulation Resolving Claims By And Between*
*Sanmina Corporation (f/k/a Sanmina-SCI Corporation), Nortel Networks Inc. and Nortel Networks (CALA)*