**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| -------------------------------------------------- | X | |
| | : | |
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.,*[1] | : | Case No. 09-10138(KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Re: D.I. 17501** |
| -------------------------------------------------- | X | |

**NOTICE OF RESOLUTION OF**
**SNMP RESEARCH'S OBJECTIONS TO PLAN CONFIRMATION**

**PLEASE TAKE NOTICE** that on December 1, 2016, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an Order [D.I. 17516] (the "Disclosure Statement Order") which, among other things, set January 9, 2017 at 4:00 p.m. (ET) as the deadline (the "Objection Deadline") for parties in interest to object to the *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors*, dated December 1, 2016 [D.I. 17501] (the "Plan").

**PLEASE TAKE NOTICE** that prior to the Objection Deadline, which was extended by agreement for SNMP Research, counsel to SNMP Research International, Inc. and SNMP Research, Inc. (together, "SNMP Research") and the Debtors conferred regarding objections by SNMP Research to the Plan and other matters related to the claims asserted by SNMP Research against the Debtors, and, in an effort to avoid unnecessary litigation and conserve estate resources, the parties negotiated in good faith to address and resolve SNMP Research's objections to the Plan and certain other matters related to SNMP Research's claims through the insertion of the following language into any order confirming the Plan (a "Confirmation Order") of which the Debtors shall seek approval by the Bankruptcy Court in the above-captioned cases:

The Debtors agree that (i) included in the Administrative Expense Claims Reserve established by NNI under the Plan, NNI will hold an accounting reserve of $55

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). The First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors does not include a Chapter 11 plan for Nortel Networks India International Inc.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

million in respect of the  claims asserted by SNMP Research International, Inc. ("SNMPRI") and SNMP Research, Inc. ("SNMPR," and together with SNMPRI, "SNMP Research") against NNI in the adversary proceeding (the "SNMP Research Adversary Proceeding") pending the final resolution and payment of any amounts owed (if any) on any such claims; (ii) included in the Administrative Expense Claims Reserve established by NN CALA under the Plan, NN CALA will hold an accounting reserve of $2.8 million in respect of the claims asserted by SNMP Research against NN CALA in the SNMP Adversary Proceeding pending the final resolution and payment of any amounts owed (if any) on any such claim; and (iii) the NNI Disputed Claims Reserve will include an accounting reserve in respect of the proofs of claim filed by SNMPRI (and SNMPR, to the extent SNMPR is permitted to be added to the proofs of claim or file stand-alone proofs of claim against NNI as requested in the pending motion to amend the proofs of claim [DI 17432] (the "SNMP Motion to Amend") where the Debtors retain all objections and defenses to their right to do so), reflecting a non-priority general unsecured claim of $85 million against NNI, which in each case shall be reserved pending the final resolution and payment of any amounts owed (if any) on each such claim.  No party in interest shall be permitted to seek to estimate, under 11 U.S.C. § 502(c) or the Plan, SNMP Research's claims in the SNMP Research Adversary Proceeding or the proofs of claim prior to a full trial or hearing on the merits of such claims, and the Debtors and SNMP Research shall use reasonable best efforts to schedule dispositive motions and/or a full trial or hearing on the merits of such claims, as necessary, as promptly as reasonably possible.

Upon the occurrence of the Effective Date, (i) SNMP Research shall be deemed to withdraw with prejudice the claims in the SNMP Adversary Proceeding against each Debtor other than NNI and NN CALA, (ii) SNMPRI shall be deemed to withdraw all the proofs of claim filed against each Debtor other than the proof of claim number 4625 filed against NNI (as amended and as may be further amended as sought in the SNMP Motion to Amend) (the "NNI Claim"), and (iii) SNMPR shall not seek to be added to or file stand-alone proofs of claim against any U.S. Debtor other than NNI in the pending SNMP Motion to Amend, and to the extent any such relief has been granted on the SNMP Motion to Amend prior to the Effective Date, SNMPR shall be deemed to withdraw any such proof of claim filed against each Debtor other than NNI; provided, however that the withdrawal of such claims and proofs of claim shall neither impair nor enhance (a) SNMP Research's claims against NNI and NNCALA relating to alleged wrongful conduct of, or actual damages or profits received by, any other foreign affiliates of the Debtors or (b) SNMPR's request in the SNMP Motion to Amend to be added to the NNI Claim or to be permitted to file a stand-alone proof of claim against NNI.

No interest shall accrue on any Allowed Claim of SNMP Research (i) for periods after the Petition Date for any claim allowed as a General Unsecured Claim and (ii) for periods after the date of allowance for any claims allowed as

Administrative Expense Claims. Subject to, without limitation, 11 U.S.C. § 502(b) and applicable non-bankruptcy law, nothing in this Order or the Plan shall prevent SNMP Research from seeking interest as part of its claims against the Debtors (i) for periods prior to the Petition Date for any claim allowed as a General Unsecured Claim and (ii) for periods prior to the date of allowance for any claims allowed as Administrative Expense Claims, each without waiving the Debtors' objections and defenses to such asserted claims.

Nothing in this Order or the Plan (including, without limitation sections 13.2, 13.3, 13.5 and 13.6) (i) shall be deemed to release, waive or eliminate any claim of SNMP Research against any purchaser or assignee of assets or the business of the Debtors; (ii) shall be deemed to enjoin SNMP Research's right to continue to prosecute the SNMP Research Adversary Proceeding against NNI or NN CALA and to seek payment of any Administrative Expense Claims based on any judgment obtained in the SNMP Research Adversary Proceeding (if any) against NNI or NN CALA, or to seek an Allowed Unsecured Claim against NNI relating to the NNI Claim (and any stand-alone claim against NNI that SNMPR may be permitted to file based on the SNMP Motion to Amend), in each case in accordance with the terms of the Plan. SNMPRI voted to reject the Plan and opted out of the releases in section 13.3 of the Plan. SNMPR and the Debtors agree to deem SNMPR to have opted out of the releases and provisions of section 13.3 of the Plan as well. Nothing in this Order or the Plan (including, without limitation, section 13.3 of the Plan), shall bind SNMP Research to the releases or provisions of section 13.3 of the Plan.

*       *       *

**PLEASE TAKE FURTHER NOTICE THAT**, if for any reason such provisions are not included in the Confirmation Order presented to the Bankruptcy Court, other than by request or mutual agreement of SNMP Research and the Debtors, then (i) SNMP Research reserves its right to present its objections to the Plan to the Court, subject to all of the Debtors' rights and defenses (other than, for objections related to these agreed upon provisions, based on a failure to timely file an objection prior to the Objection Deadline), and (ii) the Debtors reserve all rights and defenses they have with respect to the claims asserted by SNMP Research, including with respect to the estimation or disallowance of such claims.

Dated: January 12, 2017
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-3505
Facsimile:  (212) 225-3999
                    - and -
MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____*/s/ Derek C. Abbott*_____
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989
*Counsel for the Debtors*
*and Debtors-in-Possession*