## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------  x
                                                           :
In re                                                      :    Chapter 11
                                                           :
Nortel Networks Inc., et al.,¹                             :    Case No. 09-10138 (KG)
                                                           :
                                                           :    (Jointly Administered)
                                                           :
                                                           :    Re: D.I. 17501, 17589, 17683, 17686, 17689
                                          Debtors.         :
                                                           :    Hearing Date: January 24, 2017
---------------------------------------------------------  x
```

## JOINDER OF THE *AD HOC* GROUP OF BONDHOLDERS IN THE REPLY OF NORTEL NETWORKS, INC. AND CERTAIN OF ITS AFFILIATED DEBTORS TO OBJECTIONS TO THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF NORTEL NETWORKS INC. AND CERTAIN OF ITS AFFILIATED DEBTORS

The *ad hoc* group of bondholders (the "Bondholder Group")[2] hereby joins (the "Joinder") in the *Omnibus Reply to Objections to Confirmation of the First Amended Joint Chapter 11 Plan* (the "Reply") filed by the Debtors in response to, among other objections, (i) the *Objection of the Nortel Trade Claims Consortium to Confirmation of First Amended Joint Chapter 11 Plan of Nortel Networks Inc. And Certain of its Affiliated Debtors* [D.I. 17686] and (ii) the *United States Trustee's Limited Objection to Confirmation of Frist Amended Joint*

---

[1]  The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).

[2]  The Bondholder Group consists of entities ("Bondholders") that hold certain bonds ("Bonds") issued or guaranteed by Nortel Networks Corporation ("NNC"), Nortel Networks Limited ("NNL" and, together with NNC and certain of their subsidiaries, the "Canadian Debtors"), Nortel Networks Inc. ("NNI"), and Nortel Networks Capital Corporation ("NNCC" and, together with NNI and certain of its subsidiaries, the "Debtors").

*Chapter 11 Plan of Nortel Networks, Inc. and Certain of its Affiliated Entities* [D.I. 17683] and, in support thereof, respectfully submits as follows:[3]

## JOINDER

1.      The Nortel Debtors filed their chapter 11 proceedings on January 14, 2009.  Eight years later, after a series of successful asset sales followed by contentious cross-border litigation concerning the allocation of the proceeds from those asset sales, the resolution of these cases is finally in sight.   The Plan and SPSA have the overwhelming support of parties-in-interest, including all Core Parties to the allocation litigation.  The only parties who have chosen to lodge significant objections to the Plan and stand in the way of confirmation are the NTCC and the US Trustee.  For the reasons set forth by the Debtors in their Reply, in which the Bondholder Group fully joins, these objections are wholly without merit and should be overruled.  Addressed further herein are certain arguments of the NTCC and US Trustee relating specifically to Bondholders.

2.      The NTCC argues that the Plan should not be confirmed because it unfairly discriminates against trade creditors in favor of Bondholders.   This argument is meritless. Bondholders are receiving the exact same treatment as all other unsecured creditors of the U.S. Debtors, including the members of the NTCC.  The fact that Bondholders, who unlike trade creditors bargained for both primary claims against NNL in Canada and guarantee claims against NNI in the U.S., will receive a greater ***overall*** recovery than trade creditors, when recoveries from NNL are considered, is irrelevant.  Only recoveries from the U.S. Debtors are relevant to Plan confirmation.  To the extent the NTCC believes that Bondholders should not have received allowed guarantee claims against NNI, this argument is far too little and far too late.  Just last month, the Court denied as untimely the NTCC's motion for reconsideration of the order

---

[3]  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* [D.I. 17501], as amended from time to time (the "Plan").

allowing the guarantee claims, finding that the NTCC sat on its rights by failing to appeal that order.  The NTCC is not entitled to yet another bite at the apple though the guise of its confirmation objection.

3.       The US Trustee also takes aim at the Bondholder Group and other key third parties that support the Plan, arguing that the Plan's release and exculpation provisions are excessively broad in scope and impermissible to the extent they apply to the Bondholder Group and those other third parties.  As the US Trustee admits, however, the releases are fully consensual and not binding on those who either reject the Plan or abstain from voting on the Plan and specifically opt out of the releases.  The releases are therefore permissible.  And as discussed in the Debtors' Reply, the exculpation of non-fiduciaries is also permissible for parties who have made significant contributions to a debtor's case and plan of reorganization.  There can be no question that the Bondholder Group has made such a substantial contribution.  The Bondholder Group has been a critical participant in all aspects of the chapter 11 proceedings, including in the asset sale processes and throughout the allocation litigation and related mediations.  The integral nature of the Bondholder Group's participation was reflected and memorialized by the parties in the IFSA, which provides, *inter alia*, that neither the U.S. Debtors nor the Canadian Debtors may enter into any agreement regarding the allocation of the Sales Proceeds without the consent of the Bondholder Group.  (*See* IFSA §§ 12(g)(i)-(ii), 13(b).)  These express rights solidified the Bondholder Group's critically important role and demonstrate unequivocally the value of its contributions to these cases.  In any event, the releases are essential, bargained-for provisions of the SPSA, without which the Plan would not exist.  Accordingly, the US Trustee's objection to the releases lacks merit and should be overruled.

## CONCLUSION

For the reasons set forth herein, as well as those set forth in the Debtors' Reply, the Bondholder Group respectfully requests that the Court overrule all objections, including those of the NTCC and US Trustee, and enter an order: (a) approving the Plan; (b) granting the SPSA Approval Motion; and (c) granting such other and further relief as the Court deems appropriate.

Dated: January 19, 2017
      Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Laura Davis Jones (No. 2436)
Peter J. Keane (No. 5503)
919 N. Market Street, 17th Floor
PO Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

-and-

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**
Dennis F. Dunne
Andrew M. Leblanc
Atara Miller
28 Liberty Street
New York, New York 10005-1413
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

-and-

Thomas R. Kreller
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
Telephone: (213) 892-4463
Facsimile: (213) 629-5063

***Attorneys for Ad Hoc Group of Bondholders***

- 4 -