## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- X
                                                        :
In re                                                   :   Chapter 11
                                                        :
Nortel Networks Inc., et al.,                           :   Case No. 09-10138 (KG)
                                                        :
                              Debtors.¹                 :   Jointly Administered
                                                        :
                                                        :   Re: Docket No. 17683
                                                        :
------------------------------------------------------- X
```

### THE BANK OF NEW YORK MELLON'S (A) STATEMENT IN SUPPORT OF PLAN CONFIRMATION AND (B) RESPONSE TO THE UNITED STATES TRUSTEE'S LIMITED OBJECTION TO PLAN CONFIRMATION

The Bank of New York Mellon, as indenture trustee (in such capacity, "BNYM") hereby (a) joins the briefs of the above-captioned Debtors and the Official Committee of Unsecured Creditors (the "Committee") in support of confirmation of the Debtors' proposed Chapter 11 plan (the "Plan"), and (b) responds to the United States Trustee's (the "US Trustee") limited objection (the "Objection") to confirmation with respect to the exculpation provision of the Plan.  BNYM respectfully states as follows:

### PRELIMINARY STATEMENT

1.      BNYM fully supports confirmation of the Plan, and hereby joins in the briefs of the Debtors and the Committee, respectively, in support of Plan confirmation.  For the reasons set forth in those briefs, the Plan should be confirmed.

---

¹ The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. ("NNI") (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International, Inc. (8667).

1

2.      BNYM hereby also replies to the US Trustee's Objection, to the extent the US Trustee seeks to exclude BNYM and its professionals from the exculpation provision of the Plan (Section 13.5) (the "Exculpation Provision"), in BNYM's capacity as indenture trustee.[2]  As this Court observed during the plan confirmation hearings in the *Fisker Automotive Holdings, Inc.* and the *NewPage Corporation* Chapter 11 cases, the Third Circuit has *not* held that exculpation provisions must always be limited to "estate fiduciaries."  Rather, the Third Circuit has instructed bankruptcy courts to examine the particular circumstances of the case.  Moreover, although a handful of other Courts in this District have stated that plan exculpations should be limited to estate fiduciaries, other Courts in this District have correctly interpreted Third Circuit precedent to permit the scope of Chapter 11 plan exculpation clauses to include parties in a non-fiduciary role.

3.      For the reasons below, BNYM submits that it is appropriate to include it and its professionals (in BNYM's capacity as indenture trustee, as well as in its capacity as a Committee member) within the scope of the Exculpation Provision.

## BACKGROUND

4.      BNYM serves as the indenture trustee with respect to the following indentures (together, the "Indentures").

    a.      BNYM is the indenture trustee with respect to a certain Indenture, dated as of July 5, 2006, between Nortel Networks Limited ("NNL") (a Canadian debtor) as issuer, Nortel Networks Corporation ("NNC") (a Canadian debtor) and Nortel Networks Inc. ("NNI") as guarantors, and BNYM as indenture trustee.  The following notes were issued under that indenture, as may have been amended, modified or supplemented:

- the London Interbank Offered Rate (LIBOR) + 4.250% Floating Rate Notes due 2011 in the original principal amount of $1,000,000,000;

---

[2]  BNYM is also a member of the Committee.  The US Trustee is not objecting to the inclusion of BNYM in the exculpation provision in its capacity as a member of the Committee.

- the 10.125% Fixed Rate Notes due 2013 in the original principal amount of $550,000,000; and

- the 10.75% Fixed Rate Notes due 2016 in the original principal amount of $1,125,000,000.

b.    BNYM is the indenture trustee with respect to a certain Indenture, dated as of March 28, 2007, between NNC as issuer, NNL and NNI as guarantors, and BNYM as indenture trustee.  The following notes have been issued under that indenture, as may have been amended, modified or supplemented:

- the 1.75% Convertible Senior Notes due 2012 in the original principal amount of $575,000,000; and

- the 2.125% Convertible Senior Notes due 2014 in the original principal amount of $575,000,000.

5.    As the indenture trustee, BNYM has duties to all noteholders under the indentures listed above (not just those noteholders that have actively participated in these bankruptcy proceedings).  During the course of this eight-year long case, BNYM kept noteholders informed of major events that have occurred in the case, and responded to noteholders' inquiries.

6.    BNYM is also a member of the Committee, and has been a member since the Committee was appointed in early 2009.

7.    In its specific capacity as indenture trustee, BNYM was a "Core Party" in the cross-border allocation trial that took place in 2014.  In its capacity as a representative for all noteholders under the Indentures, BNYM had an active role during the allocation litigation and appealed both this Court's and the Canadian Court's allocation opinions.  Moreover, in its capacity as indenture trustee and as a Committee member, BNYM participated in the mediation sessions that ultimately led to the Settlement and Plans Support Agreement (the "Settlement Agreement") and the Plan.

**ARGUMENT**

8.      The US Trustee does not object to BNYM's inclusion within the scope of the

Exculpation Provision in its role as a member of the Committee.  However, the US Trustee has

objected to the inclusion of parties (such as the indenture trustees in such capacity, as well as the

*ad hoc* bondholder group) within the scope of the Exculpation Provision to the extent that they

are not "estate fiduciaries."  In support of that objection, the US Trustee cites *In re Washington

Mutual*, 442 B.R. 314, 350-51 (Bankr. D. Del. 2011); *In re Tribune Company*, 464 B.R. 126, 189

(Bankr. D. Del. 2011); and *In re PTL Holdings LLC*, No. 11–12676, 2011 WL 5509031 at \*12

(Bankr. D. Del. Nov. 10, 2011).

9.      These three cases rely on *In re PWS Holding Corp.*, 228 F.3d 224 (3d Cir. 2000).

BNYM respectfully submits that these bankruptcy courts, however, misinterpreted *PWS Holding*

as somehow creating a *per se* bar to exculpation provisions for parties other than estate

fiduciaries.  On the contrary, *PWS Holding* did not explicitly limit the scope of permissible

exculpation provisions in Chapter 11 plans, but instead merely upheld a clause that released

estate fiduciaries from liability because the standard of liability thereunder had preserved liability

for gross negligence and willful misconduct.  Thus, the exculpation clause in *PWS Holding*

simply restated the applicable standard for estate fiduciaries under Section 1103 of the

Bankruptcy Code.  It did not improperly seek to affect the liability of another entity on a debt of

the debtor within the meaning of Section 524(e).  *See PWS Holding*, 228 F.3d at 246-47.

10.      In *PWS Holding*, the Third Circuit explained that its earlier ruling in *In re

Continental Airlines*, 203 F.3d 203 (3d Cir. 2000) "did not treat § 524(e) as a *per se* rule barring

any provision in a reorganization plan limiting the liability of third parties," when it assessed a

plan exculpation in that case.  *See PWS Holding*, 228 F.3d at 247.  Rather, the Third Circuit in

4

*PWS Holding* stated that where a plan seeks to limit liability (such as through exculpation), such provisions must be assessed in light of the particular circumstances of the case. *See id.*

11.    During the confirmation hearings in the Chapter 11 cases of *Fisker Automotive Holdings* and *NewPage Corporation*, this Court correctly observed that the Third Circuit did not adopt a *per se* rule barring exculpation provisions that extended to non-estate fiduciaries; and that, rather, a Bankruptcy Court should assess the particular circumstances of the case before it. *See FAH Liquidating Corp., (f/k/a Fisker Automotive Holdings, Inc.)*, Case No. 13-13087 (KG) (Bankr. D. Del. July 30, 2014) (Doc. No. 1152, at 26-28); *In re NewPage Corp.*, Case No. 11-12804 (KG) (Bankr. D. Del. Dec. 18, 2012) (D.I. 2958, at 55-56).  Copies of the relevant pages of these confirmation hearing transcripts are annexed hereto as Exhibits A and B.

12.    BNYM submits that the particular circumstances of this Chapter 11 case warrant its inclusion within the Exculpation Provision's scope in its capacity as indenture trustee.  This Chapter 11 case is quite unique in that the end result (*i.e.*, the Settlement Agreement and the Plan) came only after an unprecedented lengthy cross-border allocation trial and subsequent appeals in two jurisdictions, very hard-fought settlement negotiations, and multiple laborious mediations. Indeed, this Chapter 11 case is likely more unique and hard-fought than the *Fisker Automotive Holdings* and *NewPage Corporation* cases, where this Court did approve exculpations of parties in non-estate fiduciary roles.  The instant Chapter 11 case is also quite unique because more than eight long years have elapsed between the petition date and the Plan confirmation hearing.  BNYM, in its capacity as indenture trustee, participated actively in this case, including in the trial, mediations and various settlement negotiations.  BNYM also kept noteholders updated regarding major events of this case, and responded to noteholders' questions.

13.     Additionally, BNYM's inclusion in the Exculpation Provision in its capacity as indenture trustee should be authorized because it would reduce the risk that other parties may be liable on account of a future indemnification claim by BNYM under the Indentures.  Both of the Indentures provide that the issuers (*i.e.*, NNL and NNC, respectively) must indemnify BNYM for losses, damages, claims, liability or expense arising out of or in connection with BNYM's administration of the Indentures (other than claims arising out of BNYM's negligence, bad faith or willful misconduct).  Those indemnification obligations are guaranteed by NNI.  The Indentures also grant BNYM a charging lien to secure its indemnification rights.  Copies of the relevant pages of the Indentures are annexed hereto as Exhibits C and D.  To the extent any future claim against BNYM in its capacity as indenture trustee triggers a right to indemnification, BNYM may be required to look to a debtor estate or to distribution proceeds to satisfy such indemnification right.

14.     BNYM agrees with the US Trustee that this Court may include a finding in the confirmation order that the non-fiduciaries that are included within the scope of the Exculpation (including BNYM) are eligible for the safe harbor of Section 1125(e) of the Bankruptcy Code. BNYM believes that there is ample evidence for such a finding.

15.     To the extent this Court sustains the US Trustee's objection, BNYM requests that a provision be included in the order confirming the Plan, which would provide that the exculpatory protections available to BNYM and its professionals under the Indentures and applicable law, will not be abridged by reason of the Chapter 11 case or the confirmation and effectiveness of the Plan.

**WHEREFORE,** BNYM respectfully requests that this Court (i) overrule the US

Trustee's Objection with respect to the Exculpation Provision, (ii) confirm the Plan, and (iii)

grant BNYM such other and further relief as may be just and proper.


Dated: January 19, 2017
       Wilmington, Delaware                 By: */s/ Michael R. Lastowski*
                                           Michael R. Lastowski (DE 3892)
                                           Christopher M. Winter (DE 4163)
                                           DUANE MORRIS LLP
                                           222 Delaware Avenue, Suite 1600
                                           Wilmington, DE 19801-1659
                                           Telephone: (302) 657-4900
                                           Facsimile: (302) 657-4901
                                           Email: mlastowski@duanemorris.com
                                                          cwinter@duanemorris.com

                                           - and -

                                           Michael J. Riela (admitted *pro hac vice*)
                                           TANNENBAUM HELPERN SYRACUSE
                                           & HIRSCHTRITT LLP
                                           900 Third Avenue
                                           New York, NY 10022
                                           Telephone: (212) 508-6700
                                           Facsimile: (212) 371-1084
                                           Email: riela@thsh.com

                                           *Co-Counsel to The Bank of New York*
                                           *Mellon, as Indenture Trustee*