IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11<br>Case No. 09-10138 (KG) |
| Nortel Networks, Inc., et al.,[1] | ) ) ) | Jointly Administered |
| Debtors. | ) | Objection Deadline: February 10, 2017 @ 4:00 p.m. |

**FIFTY-SEVENTH INTERIM APPLICATION OF
ERNST & YOUNG LLP FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AS INDIRECT TAX SERVICE
ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR PERIOD
OF NOVEMBER 1, 2016 THROUGH NOVEMBER 30, 2016**

| | |
|---|---|
| Name of Applicant: | Ernst & Young LLP |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors-in-possession |
| Date of Retention: | February 5, 2009, *nunc pro tunc* to January 14, 2009 |
| Period for which compensation and reimbursement are sought: | November 1, 2016 to November 30, 2016 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $441,541.00[2] |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $2,481.71 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

[2] This application also requests fees incurred during months prior to the Compensation Period which have not been requested in a previous fee application or otherwise been paid.

This is a(n):  _x_  interim      __  quarterly      ___     final application

## PRIOR APPLICATIONS FILED

| Date | Compensation Period | Fees Requested 80% | Expenses Requested | Total Approved |
|---|---|---|---|---|
| 6/26/09 | 1/14/09 – 4/30/09 | $285,000.00 | $0.00 | $285,000.00 |
| 9/3/09 | 5/1/09 – 7/31/09 | $39,739.00 | $0.00 | $39,739.00 |
| 10/16/09 | 8/1/09 – 9/30/09 | $26,301.00 | $0.00 | $26,301.00 |
| 11/19/09 | 10/1/09 – 10/31/09 | $13,607.00 | $0.00 | $13,607.00 |
| 2/24/10 | 11/1/09 – 12/31/09 | $186,040.00 | $670.00 | $186,710.00 |
| 2/24/10 | 1/1/10 – 1/31/10 | $74,330.00 | $375.58 | $74,705.58 |
| 6/4/10 | 2/1/10 – 4/30/10 | $265,434.50 | $858.82 | $266,293.32 |
| 9/10/10 | 5/1/10 – 7/31/10 | $230,428.50 | $674.09 | $231,102.59 |
| 11/24/10 | 8/1/10 – 10/31/10 | $260,941.50 | $954.00 | $261,895.50 |
| 3/1/11 | 11/1/10 – 1/31/11 | $591,660.00 | $0.00 | $591,660.00 |
| 5/31/11 | 2/1/11 – 4/30/11 | $2,456,156.00 | $1,904.00 | $2,458,060.00 |
| 8/18/11 | 5/1/11 – 5/31/11 | $761,845.00 | $0.00 | $761,845.00 |
| 8/26/11 | 6/1/11 – 7/31/11 | $1,320,000.00 | $0.00 | $1,320,000.00 |
| 11/22/11 | 8/1/11 – 10/31/11 | $2,367,641.00 | $0.00 | $2,367,641.00 |
| 3/1/12 | 11/1/11–1/31/12 | $1,158,441.50 | $5,606.00 | $1,164,047.50 |
| 5/21/12 | 2/1/12 – 4/40/12 | $1,772,779.00 | $8,709.00 | $1,781,488.00 |
| 7/12/12 | 5/1/12 – 6/30/12 | $1,389,524.00 | $0.00 | $1,389,524.00 |
| 8/21/12 | 7/1/12 – 7/31/12 | $530,000.00 | $0.00 | $530,000.00 |
| 11/20/12 | 8/1/12 – 10/31/12 | $2,048,384.00 | $0.00 | $2,048,384.00 |
| 2/28/13 | 11/1/12 – 1/31/13 | $1,492,856.00 | $0.00 | $1,492,856.00 |
| 6/3/13 | 2/1/13 – 4/31/13 | $1,480,443.00 | $0.00 | $1,480,443.00 |
| 6/6/13 | 5/1/13 – 5/31/13 | $450,000.00 | $0.00 | $450,000.00 |
| 7/22/13 | 6/1/13-6/30/13 | $450,000.00 | $0.00 | $450,000.00 |
| 8/29/13 | 7/1/13-7/31/13 | $1,008,411.00 | $8,469.00 | $1,016,880.00 |
| 11/6/13 | 8/1/13-9/30/13 | $1,105,157.00 | $6,876.00 | $1,112,033.00 |
| 11/25/13 | 10/1/13-10/31/13 | $488,260.00 | $0.00 | $488,260.00 |
| 2/25/14 | 11/1/13-1/31/14 | $1,114,155.00 | $4,643.34 | $1,118,798.34 |
| 2/27/14 | 1/1/14-1/31/14 | $202,483.00 | $0.00 | $202,483.00 |
| 5/30/14 | 2/1/14-4/30/14 | $1,717,594.00 | $1,782.00 | $1,719,376.00 |
| 8/7/14 | 5/1/14-7/31/14 | $1,118,937.00 | $0.00 | 1,118,937.00 |
| 8/28/14 | 6/1/14-6/30/2014 | $82,212.00 | $0.00 | $82,212.00 |
| 10/23/14 | 7/1/14-8/31/14 | $737,155.00 | $0.00 | $737,155.00 |
| 11/17/14 | 9/1/14-9/30/14 | $473,688.00 | $5,984.00 | $479,672.00 |
| 11/26/14 | 10/1/14-10/31/14 | $450,367.00 | $6,242.00 | $456,609.00 |
| 1/14/15 | 11/1/14-11/30/14 | $739,544.00 | $151.00 | $739,695.00 |
| 2/26/15 | 12/1/14-1/31/15 | $392,353.00 | $3,403.00 | $395,756.00 |
| 4/17/15 | 2/1/15-2/28/15 | $413,584.00 | $687.00 | $414,271.00 |
| 5/29/15 | 3/1/15-3/31/15 | $452,657.00 | $4,190.71 | $456,847.71 |
| 8/28/15 | 4/1/15-4/30/15 | $347,858.00 | $2,823.00 | $350,681.00 |

| Date | Compensation Period | Fees Requested 80% | Expenses Requested | Total Approved |
|---|---|---|---|---|
| 9/1/15 | 5/1/15-6/30/15 | $595,704.00 | $6,622.00 | $602,071.00 |
| 11/25/15 | 7/1/15-7/31/15 | $345,707.60 | $1,062.30 | $346,769.90 |
| 11/25/15 | 8/1/15-8/31/15 | $383,184.80 | $2,819.24 | $378,689.67 |
| 11/25/15 | 9/1/15-9/30/15 | $234,211.60 | $5,069.01 | $238,724.57 |
| 12/7/15 | 10/1/15-10/31/15 | $292,884.80 | $4,555.76 | $297,009.68 |
| 12/8/15 | 11/1/15 – 11/30/15 | $181,694.00 | $1,576.39 | $183,270.39 |
| 2/24/16 | 12/1/15 – 12/31/15 | $363,362.80 | $13,932.48 | $376,373.90 |
| 3/18/16 | 1/1/16 – 1/31/16 | $341,156.40 | $2,162.03 | $343,318.43 |
| 4/28/16 | 2/1/16 – 2/29/16 | $285,890.80 | $1,166.35 | $287,057.15 |
| 5/31/16 | 3/1/16 – 3/31/16 | $239,668.40 | $529.10 | $240,197.50 |
| 5/31/16 | 4/1/16 – 4/30/16 | $410,752.00 | $2,577.31 | $413,329.31 |
| 7/18/16 | 5/1/16 – 5/31/16 | $290,264.00 | $251.82 | $290.515.82 |
| 8/24/16 | 6/1/16 – 6/30/16 | $311,777.20 | $215.36 | $311,992.56 |
| 8/30/16 | 7/1/16 – 7/31/16 | $459,859.60 | $2,375.31 | $462,234.91 |
| 10/13/16 | 8/1/16 – 8/31/16 | $485,750.00 | $4,942.97 | PENDING |
| 11/14/16 | 9/1/16 – 9/30/16 | $334,258.40 | $1,276.58 | PENDING |
| 11/28/16 | 10/1/16 – 10/31/16 | $458,715.20 | $0 | PENDING |
| TOTAL | | $36,510,807.60 | $116,136.55 | $35,042,007.51 |

## COMPENSATION BY PROFESSIONAL
## THROUGH NOVEMBER 30, 2016

| Professional | Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Abbott, Douglas J. | Partner | $700 | 17.0 | $11,900.00 |
| Adams, Elizabeth Trimble | Senior | $365 | 24.4 | $8,906.00 |
| Beakey III, Andrew M. | Partner | $700 | 13.7 | $7,490.00 |
| Breton, Kristina | Senior | $365 | 25.5 | $9,307.50 |
| Clark, Randy | Senior Manager | $600 | 1.0 | $600.00 |
| Davidson, Robin M. | Staff | $225 | 0.5 | $112.50 |
| Dean, Emily | Senior | $365 | 2.0 | $730.00 |
| DeVincenzo, Jennie Harrison | Senior Manager | $600 | 57.3 | $34,380.00 |
| Galicia, Berta A. | Staff | $225 | 64.6 | $14,535.00 |
| Gentile, Matthew Donald | Senior Manager | $600 | 23.0 | $13,800.00 |
| Graham, Eric G | Staff | $225 | 120.5 | $27,112.50 |
| Gray, Taylor A. | Staff | $225 | 31.6 | $7,110.00 |

3

4830-1897-0176.1

| Professional | Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Hamood, Mary | Senior | $365 | 7.5 | $2,737.50 |
| Hancock, John Justice | Executive Director | $700 | 0.5 | $350.00 |
| Hansen, Stephen T. | Staff | $225 | 32.5 | $7,312.50 |
| Kennedy, Diana Lynn | Senior Manager | $600 | 40.4 | $21,240.00 |
| Korman, William H. | Executive Director | $700 | 0.5 | $350.00 |
| Leja, Michael Edward | Senior | $365 | 8.5 | $3,102.50 |
| Lowery, Kristie L. | National Partner | $750 | 59.3 | $39,975.00 |
| Matthews, McKay H. | Senior | $365 | 17.1 | $6,241.50 |
| Mayberry, Paul Anthony | Senior Manager | $600 | 0.5 | $300.00 |
| Mills, Rebecca Hinson | Manager | $510 | 84.1 | $42,891.00 |
| Quigley, Nicholas W. | Manager | $510 | 12.1 | $6,171.00 |
| Schmierer, Richard D. | Manager | $510 | 1.5 | $765.00 |
| Scott, James E. | Partner | $700 | 13.6 | $9,520.00 |
| Shapiro, Ari J. | Senior | $365 | 11.8 | $4,307.00 |
| Sorrells, Courtney Scruggs | Manager | $510 | 1.4 | $714.00 |
| Sukumaran, Anil K. | Senior Manager | $600 | 2.0 | $1,200.00 |
| Trombley, Tarryn Kate Gurney | Manager | $510 | 52.8 | $26,928.00 |
| Tufino, Salvatore J. | National Executive Director | $750 | 3.0 | $2,250.00 |
| Walters, Sarah E. | Staff | $225 | 17.9 | $4,027.50 |
| Welsch, Anthony F. | Senior | $365 | 1.0 | $365.00 |
| Wolpert, Samantha | Staff | $225 | 2.8 | $630.00 |
| Wood, Jeffrey T. | Executive Director | $700 | 139.6 | $93,520.00 |
| Wrenn, Kaitlin Doyle | Senior | $365 | 84.0 | $30,660.00 |
| **TOTAL** | | | **975.5** | **$441,541.00** |

4830-1897-0176.1

## COMPENSATION BY PROJECT CATEGORY
## THROUGH NOVEMBER 30, 2016

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Employment Tax | 382.3 | $169,866.00 |
| Federal Compliance | 2.5 | $1,500.00 |
| Federal Consulting | 537.3 | $243,437.50 |
| State and Local Consulting | 52.3 | $25,967.50 |
| International Consulting | 1.1 | $770.00 |
| **TOTAL** | **975.5** | **$441,541.00** |

## EXPENSE SUMMARY
## THROUGH NOVEMBER 30, 2016

| Expense Category | Total Expenses |
|---|---|
| Air[3] | $1,370.66 |
| Copies/Printing | $19.25 |
| Meals | $665.18 |
| Mileage | $7.02 |
| Miscellaneous | $320.46 |
| Taxis | $28.77 |
| Shipping | $70.37 |
| **TOTAL** | **$2,481.71** |

---

[3] All Air expenses have been booked at economy class.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 Case No. 09-10138 (KG) |
| Nortel Networks, Inc., et al.,[1] | ) ) ) | Jointly Administered |
| Debtors. | ) |  |

**FIFTY-SEVENTH INTERIM APPLICATION OF
ERNST & YOUNG LLP FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AS INDIRECT TAX SERVICE
ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR
PERIOD OF NOVEMBER 1, 2016 THROUGH NOVEMBER 30, 2016**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Order Authorizing The Debtors to Retain and Employ Professionals Used In the Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date dated February 5, 2009 [Docket No. 236] (the "OCP Order"), and the Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and Fed. R. Bankr. P. 2016-2 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members [Docket No. 222] (the "Compensation Order"), Ernst & Young, LLP ("E&Y LLP") hereby files this Fifty-Seventh Interim Application for Allowance of Compensation for Services Rendered as Indirect Tax Service Advisor to the Debtors and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Debtors-in-Possession for the Period from November 1, 2016 through November 30, 2016 (the "Application"). By this Application, E&Y LLP seeks allowance pursuant to the Compensation Order of payments from the above-captioned debtors and debtors-in-possession (the "Debtors") of $441,541.00 in compensation and $2,481.71 in reimbursement for expenses incurred during the period November 1, 2016 and November 30, 2016 (the "Compensation Period"). This application requests fees incurred during the Compensation Period which have not been requested in a previous fee application or otherwise been paid. In support of this Application, E&Y LLP respectfully represents as follows:

**Background**

1. On January 14, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. E&Y LLP is employed as an ordinary course professional by the Debtors pursuant to the OCP Order [Docket No. 236]. The OCP Order authorized the Debtors to compensate ordinary course professionals in the ordinary course of business, but stated that fee applications would be required for any "Tier Two" ordinary course professional, like E&Y LLP, charging more than $50,000 in a given month or $350,000 in a calendar year.

3. The Debtors have retained E&Y LLP to perform indirect tax services, consisting of sales and use tax compliance, sales and use tax audit assistance, sales and use tax consulting, and refund and credit services (the "OCP Engagement") pursuant to E&Y LLP's engagement agreement with the Debtors (the "Engagement Agreement").

4. E&Y LLP's fees to date have exceeded the annual cap, and therefore, in accordance with the OCP Order, E&Y LLP hereby seeks approval of its fees in compliance with the Compensation Order.

2

5. On March 1, 2011, the Debtors retained E&Y LLP to perform tax services, consisting of federal and state tax compliance, US reporting requirement for foreign operations, tax reporting, and federal, state, and international tax advisory pursuant to E&Y LLP's engagement with the Debtors (the "Master Tax Services Agreement"). On March 23, 2011, the Court entered an order [Docket No. 6021] (the "Retention Order").

6. On July 1, 2011, the Debtors filed a Supplemental Application for an Order Expanding the Scope of Employment and Retention of Ernst & Young LLP to Include FBAR Services under the terms and conditions of the FBAR Amendment, *nunc pro tunc* to May 31, 2011 [Docket No. 5862] (the "Expansion Application").

7. On July 22, 2011, the Court granted the Expansion Application and authorized the Debtors to expand the scope of E&Y LLP's employment and retention to include FBAR Services under the terms and conditions of the FBAR Amendment, *nunc pro tunc* to May 31, 2011 [Docket No. 6021].

8. On December 22, 2011, the Debtors filed a Notice of the Third Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 7021] (the "Third Amendment").

9. On January 12, 2012, the Court entered an Order Modifying the Engagement of Ernst & Young LLP *nunc pro tunc* to December 5, 2011 authorizing the Third Amendment [Docket No. 7090].

10. On February 29, 2012, the Debtors filed a Notice of the Fourth Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 7312] (the "Fourth Amendment"). No objections were filed to the Fourth Amendment.

11.     On July 18, 2012, the Debtors filed a Notice of the Fifth Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 8015] (the "Fifth Amendment").  No objections were filed to the Fifth Amendment.

12.     On December 17, 2012, the Debtors filed a Notice of the Sixth Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 9136] (the "Sixth Amendment").  No objections were filed to the Sixth Amendment.

13.     On January 17, 2013, the Court entered an Order Modifying the Engagement of Ernst & Young LLP *nunc pro tunc* to December 12, 2012 authorizing the Sixth Amendment [Docket No. 9288].

14.     On March 13, 2013, the Debtors filed a Notice of the Seventh Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 9642] (the "Seventh Amendment").  No objections were filed to the Seventh Amendment.

15.     On June 21, 2013, the Debtors filed a Notice of the Eighth Amendment to the Statement of Work Entered into Pursuant to the Tax Services Agreement with Ernst & Young LLP [Docket No. 10957] (the "Eighth Amendment").  No objections were filed to the Eighth Amendment.

16.     On January 7, 2014, the Debtors filed a Notice of the Ninth Amendment to the Statement of Work Entered into Pursuant to Tax Services Agreement with Ernst & Young LLP [Docket No. 12786] (the "Ninth Amendment"). No objections were filed to the Ninth Amendment.

17. On January 24, 2014, the Court entered an Order Modifying the Engagement of Ernst & Young LLP *nunc pro tunc* to December 30, 2013 authorizing the Ninth Amendment [Docket No. 12862].

18. On January 6, 2015, the Debtors filed a Notice of the Tenth Amendment to the Statement of Work Entered into Pursuant to Tax Services Agreement with Ernst & Young LLP [Docket No. 15026] (the "Tenth Amendment"). No objections were filed to the Tenth Amendment.

19. On February 4, 2015, the Court entered an Order Modifying the Engagement of Ernst & Young LLP *nunc pro tunc* to January 1, 2015 authorizing the Tenth Amendment [Docket No. 15151].

20. On January 4, 2016, the Debtors filed a Notice of the Eleventh Amendment to the Statement of Work Entered into Pursuant to Tax Services Agreement with Ernst & Young LLP [Docket No. 16440] (the "Eleventh Amendment"). No objections were filed to the Eleventh Amendment.

21. On February 8, 2016, the Court entered an Order Modifying the Engagement of Ernst & Young LLP *nunc pro tunc* to January 1, 2016 authorizing the Eleventh Amendment [Docket No. 16524].

22. On June 10, 2016, the Debtors filed a Notice of the Twelfth Amendment to the Statement of Work Entered into Pursuant to Tax Services Agreement with Ernst & Young LLP [Docket No. 16940] (the "Twelfth Amendment"). No objections were filed to the Twelfth Amendment.

23. On June 28, 2016, the Court entered an Order Modifying the Engagement of Ernst & Young LLP *nunc pro tunc* to May 11, 2016 authorizing the Twelfth Amendment [Docket No. 16956].

24. On December 21, 2016, the Debtors filed a Notice of the Thirteenth Amendment to the Statement of Work Entered into Pursuant to Tax Services Agreement with Ernst & Young LLP [Docket No. 17615] (the "Thirteenth Amendment"). No objections were filed to the Thirteenth Amendment.

25. On January 10, 2017, the Court entered an Order Modifying the Engagement of Ernst & Young LLP *nunc pro tunc* to January 1, 2017 authorizing the Thirteenth Amendment [Docket No. 17693].

**Compensation Paid and Its Source**

26. All services for which compensation is requested by E&Y LLP were performed for or on behalf of the Debtors.

27. E&Y LLP has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between E&Y LLP and any other person other than the directors of E&Y LLP for the sharing of compensation to be received for services rendered in these cases.

**Fee Statements**

28. Pursuant to the Master Tax Services Agreement, E&Y LLP provides the Debtors with tax compliance reporting, tax controversy and tax advisory services. Copies of the billing statements for the hourly work for the Fifty-Seventh Interim Compensation Period are attached hereto as Group Exhibit A.

4830-1897-0176.1

29. To the best of E&Y LLP's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

### Actual and Necessary Expenses

30. A summary of the actual and necessary expenses and daily logs of expenses incurred by E&Y LLP during the Fifty-Seventh Interim Compensation Period are attached as Exhibit B.

### Summary of Services Rendered

31. E&Y LLP, by and through the above-named persons, has advised the Debtors on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described below.

### Summary of Services By Project

32. The services rendered by E&Y LLP during the Compensation Period can be grouped into the categories set forth below. These categories are generally described below.

Tax Compliance

33. E&Y LLP provided services relating to the preparation of tax returns and related work product as required by federal, state, and local and international tax jurisdictions.

Federal Consulting

34. E&Y LLP provided services relating to the preparation of tax analyses related to the federal tax implications of the Client's U.S. activities.

State and Local Consulting

35. E&Y LLP provided services relating to the preparation of tax analyses related to the state and local tax implications of the Client's activities.

International Consulting

36. E&Y LLP provided services relating to the preparation of tax analyses related to the tax implications of the Client's non-US activities.

Employment Tax Consulting

37. E&Y LLP provided services relating to the preparation of tax analyses related to the employee tax implications of the Client's activities.

## Valuation of Services

38. The professionals and staff members of E&Y LLP have expended 975.5 hours in connection with this matter during the Compensation Period. The reasonable value of the services rendered by E&Y LLP during the Compensation Period is $441,541.00.

39. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by E&Y LLP is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, E&Y LLP has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, E&Y LLP respectfully requests that the Court authorize that for the Compensation Period, an allowance be made to E&Y LLP pursuant to the terms of the Compensation Order, with respect to the sum of $353,232.80 as compensation for necessary

professional services rendered (80% of $441,541.00), as well as $2,481.71 in reimbursement for expenses incurred, for a total of $355,714.51 and that such sum be authorized for payment and for such other and further relief as this Court may deem just and proper.

Dated: January 20, 2017

Respectfully submitted,

/s/ Joanne Lee
Joanne Lee
Foley & Lardner LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60654
Tel. 312.832.4500
jlee@foley.com

## VERIFICATION

STATE OF NORTH CAROLINA  )
                         ) SS:
COUNTY OF WAKE           )

James E. Scott, after being duly sworn according to law, deposes and says:

a) I am a PPED with the applicant firm, Ernst & Young LLP.

b) I am familiar with the work performed on behalf of the Debtors by the professionals and staff members at Ernst & Young LLP.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies with such order.

_____
James E. Scott
PPED, Ernst & Young LLP

SWORN AND SUBSCRIBED before me
this 20th day of January, 2017.

_____
Notary Public
My Commission Expires: 12-1-2019

[Notary Seal: PEGGY K KITTO, NOTARY PUBLIC, WAKE COUNTY, NC]

4830-1897-0176.1