**EXHIBIT A**

| ISSUE | ALLOCATION DECISION[1] | ASSUMPTIONS USED IN RECONSIDERATION MOTION[2] | SPSA[3] | BENEFITS OF SETTLEMENT |
|---|---|---|---|---|
| **Sale Proceeds Allocation to U.S. Debtors** | Relative to non-duplicative claims on global basis | $0.813 billion | $1.766 billion[4] | Yields greater allocation than expected under Allocation Decision |
| **Sale Proceeds Allocation among U.S. Debtors** | Relative to non-duplicative claims of individual U.S. Debtors, dependent on ultimate global claims base | Not addressed | NNI: $1.716 billion  NNCALA: $0.50 billion[5] | Provides fixed, final and reasonable amounts |

---

[1] Allocation Trial Opinion dated May 12, 2015 [D.I. 15544].
[2] *See* Exhibit A to the U.S. Debtors' Motion for Clarification and/or Reconsideration of the May 12, 2015 Allocation Trial Opinion and Order [D.I. 15611-2] (the "Reconsideration Motion Exhibit").
[3] Settlement and Plans Support Agreement dated October 12, 2016 [D.I. 17249].
[4] SPSA, Section 2(c).
[5] *See* SPSA, Annex F "U.S. Debtor Allocation Proportion".

1

| ISSUE | ALLOCATION DECISION[1] | ASSUMPTIONS USED IN RECONSIDERATION MOTION[2] | SPSA[3] | BENEFITS OF SETTLEMENT |
|---|---|---|---|---|
| **Sale Proceeds Allocation among Canadian Debtors** | Relative to non-duplicative claims of individual Canadian Debtors, dependent on ultimate global claims base | Canadian Debtors assumed to be substantively consolidated | Canadian Debtors are substantively consolidated[6] | Ensures Sale Proceeds are paid to NNL creditors, including NNI<br><br>Eliminates Canadian intercompany claims and certain guarantee claims against Canadian Debtors |
| **Distribution Mechanics in Canadian Estates** | Not addressed | Assumed creditors paid pro-rata from consolidated Canadian estate | Consolidated Canadian estate pays NNI's claims and like claims on a *pari passu* basis[7] | Eliminates risk of asset diversion or claim dilution of NNI's unsecured claim recovery |

---

[6] SPSA, Section 4(b)(i).
[7] SPSA, Section 4(b)(i).

| ISSUE | ALLOCATION DECISION[1] | ASSUMPTIONS USED IN RECONSIDERATION MOTION[2] | SPSA[3] | BENEFITS OF SETTLEMENT |
|---|---|---|---|---|
| **Side-letter payments** | Not addressed | Not addressed | $77.5 million payment to NNI from consolidated Canadian estate[8] | Resolves issue on a final and fixed basis |
| **Reimbursement of M&A Costs** | Not addressed | Not addressed | $20.0 million payment to NNI from foreign affiliates[9] | Resolves issue on a final and fixed basis |
| **NNI Subrogation Rights Based on Bond/EDC Guarantees** | Not addressed | Not addressed | NNI granted subrogation rights (issuer pays first) on guaranteed claims[10] | Favorably resolves legal entitlement to subrogation under Canadian law |
| **Material Claims Against Canadian Estate** | Not addressed | Modified Britven[11] assumptions used to calculate claims base | Resolves UK Pension Claim appeal and settles Canadian Pension Claims[12] | Eliminates any risk of claim expansion and dilution of NNI's unsecured claim recovery |

---

[8] SPSA, Section 4(e).
[9] SPSA, Section 2(e).
[10] SPSA, Section 4(c)(i)(C).
[11] Mr. Thomas Britven was the expert for the Canadian Creditors Committee at the Allocation Trial. See Notes to the Reconsideration Motion Exhibit, Note 5.
[12] SPSA, Sections 4(g)(i) and 4(g)(iii).

3