**Exhibit C**

**NTCC Settlement Implementation**
**Blackline of Plan of Reorganization Modifications and Supplemental Provisions**

**Bondholder Contribution** means the segregated accounting reserve established by the Debtors to hold the first $4,000,000 of the Creditor Proceeds otherwise available for distribution by the Debtors to holders of allowed Class A-3B Crossover Bonds Claims, which shall be held by the Debtors until the occurrence of the Bondholder Contribution Release Condition and, which shall constitute a distribution to the holders of Crossover Bond Claims for all purposes under the Plan.

**Bondholder Contribution Release Condition** means the earlier of the time that (a) the NTCC achieves the NTCC Threshold, in which case the Bondholder Contribution shall be released for distribution to the holders of Crossover Bonds Claims or (b) the Debtors have made final distributions on account of the NTCC Settlement Claims and the NTCC Threshold has not been achieved, in which case, all or a portion of the Bondholder Contribution shall be released for distribution to holders of the NTCC Settlement claims allocated on account of the NTCC Settlement Claims (for avoidance of doubt, the only portion of the Bondholder Contribution that shall be released to be distributed on account of NTCC Settlement Claims is the amount required to meet the NTCC Pro Rata Threshold, with the remainder, if any, to be released to the holders of Crossover Bonds Claims for distribution).  Notwithstanding the foregoing, if after 18 months following the Effective Date, or following the end of any fiscal quarter thereafter, the Distribution Agent, in consultation with FTI, reasonably determines that the Threshold will not be reached, the Bondholder Contribution will be released for distribution to the holders of NTCC Settlement Claims allocated on account of the NTCC Settlement Claims in accordance with (b) above on the date the next Distributions are made to Class A-3A Claims under the Plan.

**NTCC Debtor Payment** means a payment of $6,500,000 by the Debtors to the holders of NTCC Settlement Claims allocated on account of the NTCC Settlement Claims on a pro rata basis on account of the NTCC Settlement Claims in consideration of the compromise of the NTCC Litigations, the Bondholder Group's waiver of substantial contribution and related claims, and other related matters.

**NTCC Debtor Settlement Redirection** means, once the NTCC Threshold has been achieved, the redirection of 75% of further distributions to which the holders of the NTCC Settlement Claims on account of the NTCC Settlement Claims otherwise would have been entitled to receive as holders of Class A-3A claims, for distribution to the other holders of allowed Class A-3A Claims until such time as such redirected distributions equal $6,500,000.  Following such time, holders of the NTCC Settlement Claims shall resume their entitlement to receive 100 percent of future pro-rata distributions under the Plan.

**NTCC Litigations** means any and all litigation and objections by the NTCC or its members relating to the confirmation of the Plan and approval of the SPSA, including, without limitation, all proceedings at the United States Court of Appeals for the Third Circuit, and any potential claim for reimbursement for the fees and costs incurred by counsel or advisors to the NTCC or by their members, including in connection with their prosecution of the appeal and their objection to the Plan and the SPSA (other than the payment of up to $1,250,000 of certain fees and costs as authorized in the Confirmation Order).

**NTCC Threshold** means the point at which the holders of the NTCC Settlement Claims achieve a 70% recovery on account of the NTCC Settlement Claims, including Plan distributions to Class A-3A holders and, solely for purposes of determining when the NTCC Threshold is met, distributions of the NTCC Debtor Payment on account of the NTCC Settlement Claims.

**NTCC Settlement** means the settlement agreement reached between the NTCC, the Bondholder Group and the Debtors resolving various disputes and potential claims and pending litigations, as memorialized in the term sheet filed as Exhibit A to the Debtors' Notice of Resolution of Nortel Trade Claim Consortium Plan Confirmation Objection and Related Matters [D.I. 17749].

**NTCC Settlement Claims** means the allowed Class A-3A Claims owned by members of the NTCC in an aggregate amount not to exceed $153,582,485.78, that are identified on a schedule delivered by the NTCC to the Debtors within ten (10) business days following the entry of the Confirmation Order, which schedule is subject to review and verification by the Debtors.

### 4.3    Class 3A – General Unsecured Claims.

(a)    <u>Classification</u>. Classes A-3A through O-3A consist of all General Unsecured Claims against the applicable Debtor, including the NNCC Bonds Claims.

(b)    <u>Impairment and Voting</u>.  Classes A-3A through O-3A are Impaired by the Plan.  Each holder of an Allowed General Unsecured Claim in one of these Classes is entitled to vote to accept or reject the Plan.

(c)    <u>Distributions</u>.  Each holder of an Allowed General Unsecured Claim in Classes A-3A through O-3A shall, on the Initial Distribution Date or the first Interim Distribution Date after the date such Claim becomes Allowed, receive its Pro Rata Share of the Creditor Proceeds as of the applicable Distribution Date from the applicable Debtor, subject, in the case of holders of Allowed General Unsecured Claims that are Crossover Claims, to Sections 7.9, 7.10 and 7.11 of the Plan, and subject, in the case of holders of Class A-3A NTCC Settlement Claims, to the NTCC Debtor Settlement Redirection.  In accordance with Section 10.3 herein, the Disbursing Agent shall make periodic Interim Distributions of the remaining available Creditor Proceeds to holders of Allowed General Unsecured Claims in Classes A-3A through O-3A until the Final Distribution Date.  For the avoidance of doubt, Distributions on account of Allowed NNCC Bonds Claims shall be made to the NNCC Bonds Indenture Trustee in accordance with Section 10.6(a) of this Plan.

### 4.4    Class A-3B – Crossover Bonds Claims and EDC Claims.

(a)    <u>Classification</u>.  Class A-3B consists of all Crossover Bonds Claims and EDC Claims against the Consolidated Debtors.

(b)    <u>Impairment and Voting</u>.  Class A-3B is Impaired by the Plan. Each holder of a Crossover Bonds Claim or EDC Claim in this Class is entitled to vote to accept or reject the Plan.

(c)    <u>Distributions</u>.  Each holder of a Crossover Bonds Claim or EDC Claim in Class A-3B shall, on the Initial Distribution Date or the first Interim Distribution Date

after the date such Claim becomes Allowed, receive its Pro Rata Share of the Creditor Proceeds from the Consolidated Debtors, such distributions to be made in accordance with Sections 7.9, 7.10 and 7.11 of the Plan, subject, in the case of holders of Allowed Claims that are Crossover Bonds Claims, to the Bondholder Contribution. In accordance with Section 10.3 herein, the Disbursing Agent shall make periodic Interim Distributions of the remaining available Creditor Proceeds to holders of Allowed Crossover Bonds Claims and EDC Claims in Class A-3B until the Final Distribution Date. For the avoidance of doubt, Distributions on account of Allowed Crossover Bonds Claims shall be made to the NNC/NNL Notes Indenture Trustee in accordance with Section 10.6(b) of the Plan.

### 7.25    NTCC Debtor Payment.

In consideration and in furtherance of the NTCC Settlement, including without limitation the resolution of the NTCC Litigations, subject to the occurrence of the Effective Date, the Debtors shall make the NTCC Debtor Payment on or before the Initial Distribution Date.

### 10.6    Distributions to Indenture Trustees.

(a)    Subject to Section 7.9 and Section 7.10, the Debtors or the Disbursing Agent, as applicable, shall deliver the initial Distribution and any subsequent Distributions on account of the Allowed NNCC Bonds Claims to the NNCC Bonds Indenture Trustee on the Initial Distribution Date and each subsequent Distribution Date thereafter.  The NNCC Bonds Indenture Trustee shall administer such Distributions as soon as is reasonably practicable in accordance with the NNCC Bonds Indenture and this Plan (and such Distributions shall remain subject to the NNCC Bonds Indenture Trustee's charging Lien for payment of its reasonable fees and expenses, including all reasonable fees and expenses of its counsel and other professionals and including the fees and expenses incurred by the NNCC Bonds Indenture Trustee in making all Distributions to holders of Allowed NNCC Bonds Claims). Any Distribution made to the NNCC Bonds Indenture Trustee in accordance with this Section 10.6(a) shall be deemed a distribution to the holders of the NNCC Bonds Claims.

(b)    Subject to Section 7.9 and Section 7.10, the Debtors or the Disbursing Agent, as applicable, subject to the Bondholder Contribution, shall deliver the initial Distributions and any subsequent Distributions on account of Crossover Bonds Claims to the NNC/NNL Notes Indenture Trustee on the Initial Distribution Date and each subsequent Distribution Date thereafter.  The NNC/NNL Notes Indenture Trustee shall administer such Distributions as soon as is reasonably practicable in accordance with this Plan, including Section 10.14 hereof  (and such Distributions shall remain subject to the NNC/NNL Notes Indenture Trustee's charging Lien against Distributions to holders of Crossover Bonds Claims for payment of its reasonable fees and expenses, including all reasonable fees and expenses of its counsel and other professionals and including the fees and expenses incurred by the NNC/NNL Notes Indenture Trustee in making all Distributions to holders of Crossover Bonds Claims). Any Distribution made to the NNC/NNL Notes Indenture Trustee in accordance with this Section 10.6(b) and the Bondholder Contribution shall be deemed a distribution to the holders of the Crossover Bonds Claims.

3

**NTCC Settlement Implementation**
**Blackline of Proposed Confirmation Order Modifications and Supplemental Provisions**

Section 1129(a)(2)—the Debtors' Compliance with Applicable Provisions of the Bankruptcy Code

27(j).   The Debtors, as Plan proponents, have complied with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) of the Bankruptcy Code, including, without limitation, sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019.  In particular, the Debtors are eligible debtors under section 109 of the Bankruptcy Code and proper Plan proponents under section 1121(a) of the Bankruptcy Code. Furthermore, the solicitation of acceptances and rejections of the Plan:  (a) complied with the Disclosure Statement Approval Order; (b) complied with all Applicable Laws governing the adequacy of disclosure in connection with such solicitation; (c) occurred only after disclosing "adequate information," as section 1125(a) of the Bankruptcy Code defines that term, to holders of Claims and Interests; and (d) any modifications made to the Plan in order to implement settlements or resolve objections to Confirmation of the Plan, including the NTCC Settlement, comply with Bankruptcy Rule 3019 and, for the avoidance of doubt, do not require the Debtors to resolicit any creditors.  The Debtors and each party to the SPSA, and their respective affiliates, agents, directors, members, partners, officers, employees, advisors, and attorneys, each in their capacities as such, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code.  The Plan, therefore, satisfies the requirements of section 1129(a)(2) of the Bankruptcy Code.

**The NTCC Settlement**

63.   The NTCC Settlement meets the criteria for approval based on the factors set out in In re Martin, 91 F.3d 389 (3d Cir. 1996):  (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. The following factors, among others, weigh strongly in favor of approval of the NTCC Settlement, especially when compared to the alternative of further prolonged litigation between the NTCC and the Debtors' estates:  (1) the possible litigation risks and uncertainties presented by pending appeals of the NTCC at the United States Court of Appeals for the Third Circuit and such appeal's possible impact on the Debtors' ability to promptly wind down these cases and distribute funds to their creditors; (2) the savings to the estates associated with the Bondholder Group's waiver of any claims for substantial contribution pursuant to section 503(b) of the Bankruptcy Code or other reimbursement of various fees and costs; (3) the avoidance of the expense associated with the resolution of the NTCC Objection and potential appeals thereof; (4) the shared nature of the consideration being contributed to the NTCC by both the Debtors and the Bondholder Group; and (5) the interest of the Debtors and their creditors in bringing these cases to conclusion, avoiding additional costs and delays, and obtaining increased and expeditious pro rata distributions of Creditor Proceeds, as compared to those that would result from the allocation provided in the Allocation Trial Opinion or as may result from continued litigation absent as settlement.

**Modifications to Plan**

76.     Any modifications to the Plan (as reflected on the record at the Confirmation Hearing and as reflected in this Order) including, without limitation the modifications made to implement the NTCC Settlement, meet the requirements of sections 1127(i) and (c) of the Bankruptcy Code.  Such amendments do not adversely change the treatment of the Claim of any creditor or Interest of any equity security holder within the meaning of Bankruptcy Rule 3019, and no further solicitation of votes or voting is required.

**NTCC Settlement Approval and Implementation**

97.     On or prior to the Effective Date, the NTCC shall make all filings determined by the Debtors to be reasonable necessary to withdraw with prejudice all remaining NTCC Litigations, including the appeal of the Allocation Decision.  In full and final satisfaction of any and all claims or causes of action that the NTCC could assert against the Debtors for reimbursement of the fees incurred by advisors to the NTCC or by its members, on the Effective Date the Debtors shall pay directly to Brown Rudnick the reasonable and documented fees and expenses of the NTCC and its advisors, as identified by Brown Rudnick as advisor to the NTCC, in an aggregate amount not to exceed $1,250,000.  For the avoidance of doubt, the NTCC shall not assert any further claim for payment or reimbursement of fees and costs against the Debtors, including without limitation any claim for substantial contribution pursuant to section 503(b) of the Bankruptcy Code.

98.     The Bondholder Group has agreed to waive and shall not be entitled to any claim against the Debtors for reimbursement of fees or costs incurred by counsel and/or advisors to the Bondholder Group, including, without limitation, any claims for substantial contribution pursuant to section 503(b) of the Bankruptcy Code (but for the avoidance of doubt excluding any entitlement to reimbursement of fees under Section 7.13 of the Plan).

99.     The Debtors shall establish a segregated accounting reserve on account of the Bondholder Contribution, which reserve shall be (i) maintained by the Debtors subject to the Bondholder Contribution Release Condition, and (ii) deemed to be a distribution on the Crossover Bond Claims for all purposes under the Plan.

100.     Within ten (10) business days following the entry of this Order, the NTCC shall deliver to the Debtors a schedule of the NTCC Settlement Claims, which schedule shall be subject to review and verification by the Debtors.

101.     Subject to the occurrence of the Effective Date, the Debtors shall make the NTCC Debtor Payment to the holders of NTCC Settlement Claims allocated on account of the NTCC Settlement Claims in the amount of $6,500,000 on or before the Initial Distribution Date.  The NTCC Settlement Claims shall be subject to the NTCC Debtor Settlement Redirection in the event the NTCC Threshold is achieved.

102.    The provisions of the NTCC Settlement, including the provisions set forth in paragraphs 97-101 shall be binding upon any transferees, assignees or successors of the holders of the Crossover Bonds Claims and the NTCC Settlement Claims, and the Debtors.