# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X

*In re*

Nortel Networks Inc., *et al.*,[1]

                  Debtors.

------------------------------------------------------------X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

RE: D.I. 17589

## ORDER APPROVING SETTLEMENT AND PLANS SUPPORT AGREEMENT

Upon the motion dated December 16, 2016 (the "Motion"), of Nortel Networks Inc. ("NNI"), and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, (i) authorizing the entry of the Debtors into and approving the Settlement and Plans Support Agreement (the "SPSA"),[2] and (ii) granting them such other and further relief as this Court deems just and proper; and this Court having determined that adequate notice of the Motion has been given as set forth in the Motion; and that no other or further notice is necessary; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the District Court

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion or the SPSA.

dated February 29, 2012; and this Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having determined that the Debtors have demonstrated sound business justifications for entering into the SPSA and the legal and factual bases set forth in the Motion and presented on the record establish just cause for the relief requested in the Motion; and taking into account the complexity of the issues being settled by the SPSA, the SPSA and the related relief requested in the Motion are fair, reasonable and in the best interests of the Debtors, their estates, their creditors and the parties in interest;[3] and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED** as set forth herein and all remaining objections to the relief requested are hereby overruled.

2. The SPSA satisfies the requirements of Bankruptcy Rule 9019 and is approved in its entirety.

3. The Debtors are authorized to enter into the SPSA and to take any and all actions that may be reasonably necessary or appropriate to perform their obligations arising under the SPSA, and to enforce their rights arising under the SPSA, in each case on the terms and conditions contained therein.

4. The SPSA and this Order shall be binding upon the Debtors and all parties-in-interest in these Chapter 11 Cases, and any of their respective successors and assigns.

5. The SPSA shall constitute a full and final settlement of the Allocation Dispute with respect to the Sale Proceeds and full and final resolution of all other matters resolved by the SPSA.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. See Fed. R. Bankr. P. 7052.

2

6. The Debtors, the Debtors' claim agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all necessary and appropriate actions to give effect to the SPSA.

7. This Order shall constitute the U.S. Escrow Release Order for NNIII, such that upon occurrence of the Plans Effective Date: (1) JP Morgan Chase Bank N.A. is and hereby shall be authorized and directed to make the following distributions from the Escrow Accounts: (a) $2.8 million to NNI from the Iceberg Escrow Account in satisfaction of the Iceberg Amendment Fee due to NNI; (b) $2.2 million to NNUK from the Iceberg Escrow Account in satisfaction of the Iceberg Amendment Fee due to NNUK; (c) $20 million to NNI from the Escrow Accounts in satisfaction of the M&A Cost Reimbursement due to NNI; and (d) $35 million to NNL from the Escrow Accounts in satisfaction of the M&A Cost Reimbursement due to NNL; (2) Royal Trust Corporation of Canada is and hereby shall be authorized and directed to release the entire amount in the Canadian Escrow Account to NNL; and (3) JPMorgan Chase Bank, N.A is and hereby shall be authorized and directed to release the Sale Proceeds to each of the U.S. Debtors, the Canadian Debtors, the EMEA (Non-NNSA/Non-NNUK) Debtors, NNUK and NNSA in the percentages set forth in Section 2(c) of the SPSA, including as further specified in Annex E and F thereof with respect to the EMEA (Non-NNSA/Non-NNUK) Allocation and the U.S. Allocation, all on and subject to the terms of the SPSA. For the avoidance of doubt, the amount of Sale Proceeds to be released by JPMorgan Chase Bank, N.A to the Canadian Debtors pursuant to this paragraph 7 shall take into account the amount of Sale Proceeds received by NNL from the Canadian Escrow Account in the manner contemplated by Section 7(g) of the SPSA.

8.   The failure specifically to describe or include any particular provision of the SPSA in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the SPSA be approved in its entirety.

9.   This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order. To the extent any provisions of this Order shall be inconsistent with the Motion or SPSA, the terms of this Order shall control.

Dated: January 24, 2017
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE