**Exhibit B**

PLAN ADMINISTRATION AGREEMENT

This PLAN ADMINISTRATION AGREEMENT (this "Agreement") is made this [•] day of [•], 2017, by and among Greylock Partners, LLC ("Greylock"), the Debtors and each of the entities listed on Schedule A hereto (the "Wind-Down Debtors").

WITNESSETH:

WHEREAS, on January 14, 2009, Nortel Networks Inc. ("NNI") and certain of its subsidiaries and affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, and on July 14, 2009, Nortel Networks (CALA) Inc., a direct subsidiary of NNI, filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code; and

WHEREAS, by the order, dated [•], 2017, the United States Bankruptcy Court for the District of Delaware confirmed the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, dated December 1, 2016 (as amended and together with the Plan Supplement and all the schedules and exhibits thereto, the "Plan") pursuant to chapter 11 of the Bankruptcy Code; and

WHEREAS, in accordance with Article 6.3 of the Plan, certain duties and responsibilities shall be borne by the Plan Administrator; and

WHEREAS effective upon the Effective Date, the Debtors and the Wind-Down Debtors desire to appoint Greylock to serve as the Plan Administrator under the Plan, and Greylock is willing to serve in such capacity, in each case upon the terms and conditions set forth herein; and

NOW, THEREFORE, in consideration of the foregoing and the covenants and agreements set forth herein, the parties hereto agree as follows:

1.      Definitions. Capitalized terms used herein without definition shall have the respective meanings assigned to such terms in the Plan.

2.      Appointment and Acceptance. The Debtors and the Wind-Down Debtors hereby appoint Greylock to serve as the Plan Administrator under the Plan, and Greylock hereby accepts such appointment and agrees to serve in such capacity, in each case effective upon the Effective Date of the Plan (which shall be the effective date of this Agreement). On the Effective Date, compliance with the provisions of the Plan shall become the general responsibility of the Plan Administrator pursuant to and in accordance with the provisions of the Plan and this Agreement.

3.      Obligations of the Plan Administrator. Subject to the provisions of Article 6 hereof as provided herein, the Plan Administrator shall have the following obligations:

(a)      General. The Plan Administrator shall comply with, and shall cause the Debtors and the Wind-Down Debtors to comply with, the Plan and the Confirmation Order in connection with the performance of his or her duties hereunder and under the Plan.

(b)     Reserves. The Plan Administrator shall cause the Debtors to establish and maintain (i) the Disputed Claims Reserve, in amounts as the Plan Administrator reasonably deems necessary to make sufficient future payments with respect to Disputed Claims in accordance with Section 11.6 of the Plan, (ii) such reserves as the Plan Administrator reasonably deems necessary to provide sufficient Cash to liquidate and wind down the Estates and (iii) such reserves as the Plan Administrator reasonably deems necessary for contingent liabilities, if any, in each case in accordance with the provisions of the Plan.

(c)     Distributions. The Plan Administrator shall cause the Disbursing Agent (such Disbursing Agent which may be the Plan Administrator itself) to make distributions on account of Allowed Claims, other remaining assets and appropriate fees and expenses in accordance with and subject to the terms of the Plan.

(d)     Liquidation of Assets. In accordance with the Plan, the Plan Administrator shall exercise its reasonable business judgment to manage, liquidate or otherwise dispose of any remaining assets of each Wind-Down Debtor.

(e)     Accounts. The Plan Administrator shall maintain or establish one or more accounts for the Debtors into which the Plan Administrator shall deposit all Cash not required or permitted to be deposited into any other account, reserve or escrow.

(f)     Books and Records. The Plan Administrator shall oversee the maintenance of appropriate books, records and accounts for the Debtors and Wind-Down Debtors to effectuate the Plan.

(g)     Tax Returns. The Plan Administrator shall file any necessary tax returns and all other appropriate or necessary tax documents on behalf the Debtors or the Wind-Down Debtors and shall make any necessary tax payments from funds held by such entities, and shall represent the interest and account of the Debtors or Wind-Down Debtors before any taxing authority in all matters, including, without limitation, any action, suit proceeding or audit.

(h)     Filings. After each Chapter 11 Case has been fully administered, the Plan Administrator shall File all documents required by any Governmental Unit or applicable law and any applicable order of the Bankruptcy Court to close such Chapter 11 Case in accordance with the Bankruptcy Code and the Bankruptcy Rules.

(i)     Reports. Unless otherwise ordered by the Bankruptcy Court, the Plan Administrator shall be responsible for preparing, filing and serving (if applicable) all reports required by the Plan, this Agreement or applicable law, pursuant to Section 6.3(g) of the Plan.

(j)     Fees. The Plan Administrator shall be obligated to pay from each Debtor's or Wind-Down Debtor's assets, as applicable, fees incurred pursuant to 28 U.S.C. § 1930(a)(6) from each Debtors' Estates' assets until such time as a final decree is entered closing such Debtor's Bankruptcy Case, such Bankruptcy Case is converted or dismissed, or the Bankruptcy Court orders otherwise.

3

(k)    No Other Duties. Other than the obligations of the Plan Administrator enumerated herein or under the Plan, the Plan Administrator shall have no duties or obligations of any kind or nature respecting implementation of the Plan or this Agreement.

4.    Powers and Rights of the Plan Administrator.

(a)    General. The Plan Administrator shall retain and have all the rights, powers and duties enumerated hereunder and under the Plan, and otherwise necessary to carry out his or her responsibilities hereunder and under the Plan.

(b)    Resolution of Disputed Claims. The Plan Administrator shall have authority to (i) control and effectuate the Claims reconciliation process, including to allow, object to, seek to subordinate, compromise, enter into protocols for the resolution of, or settle any and all Claims against the Debtors and (ii) administer the resolution of any and all relevant Claims against the Debtors in accordance with the authority granted under the Plan as well as any claims protocols entered into by any Debtor and approved by the Bankruptcy Court prior to the Effective Date, including without limitation the Bankruptcy Court's *Order Approving Debtors' Motion for an Order Establishing Procedures to Further the Resolution of Claims* [D.I.16551] (the "Omnibus Settlement Procedures Order") and the *Cross-Border Protocol Establishing Resolution of Claims* [D.I. 3922-2], to the extent such procedures remain applicable.

(c)    Prosecution and Settlement of Litigation Claims. The Plan Administrator shall have the authority to (i) prosecute all Litigation Claims, including Avoidance Actions, on behalf of the Debtors and the Wind-Down Debtors, (ii) elect not to pursue any Litigation Claim and (iii) determine whether and when to compromise, settle, abandon, dismiss or otherwise dispose of any Litigation Claim, in each case as the Plan Administrator may determine is in the best interests of the relevant Debtors and Wind-Down Debtors.

(d)    Professionals. The Plan Administrator shall have the authority to (i) utilize the services of the Wind-Down Debtors' employees and independent contractors, (ii) employ, retain, utilize supervise and compensate professionals, including, without limitation, claims, disbursing and transfer agents, legal counsel, accountants, experts, independent contractors, employees, other advisors, professionals and Professionals appointed in the Chapter 11 Cases, to assist him or her in performing his or her duties under the Plan or otherwise represent the interests of and serve on behalf of the Debtors and Wind-Down Debtors and (iii) cause the Wind-Down Debtors to indemnify such professionals (including those Professionals previously retained during the Chapter 11 Cases) from any loss (including reasonable attorneys' fees) incurred in connection with the execution and implementation of the Plan other than a loss due to the indemnified party's willful misconduct, gross negligence, breach of contract or fraud. For the avoidance of doubt, the Plan Administrator shall accede to, and control, all privileges of the Debtors and Wind-Down Debtors, including without limitation the attorney-client privilege and any protection afforded attorney work product under applicable rules and law.

(e)    Investment of Cash. The Plan Administrator shall have the authority to invest the Cash of the Wind-Down Debtors, including any Sales Proceeds, Cash proceeds realized from the monetization, wind-down or liquidation of any assets of the Wind-Down Debtors, including any Litigation Claims, and any income earned thereon, in (i) direct

4

obligations on the United States of America or obligations of any agency or instrumentality thereof which are guaranteed by the full faith and credit of the United States of America, (ii) short term obligations of any agency or corporation which is or may hereafter be created by or pursuant to an act of the Congress of the United States as an agency or instrumentality thereof or (iii) any other investments that may be permissible under (x) section 345 of the Bankruptcy Code or (y) any order of the Bankruptcy Court entered in the Chapter 11 Cases.

(f)     Fees. The Plan Administrator shall have the authority to incur and pay reasonable and necessary expenses in connection with the performance of duties under the Plan, including the reasonable fees and expenses of professionals retained by the Plan Administrator.

(g)     Insurance. The Plan Administrator shall have the authority to purchase or create and carry all insurance policies and pay all insurance premiums and costs the Plan Administrator deems necessary, including all insurance coverage reasonably necessary for himself or herself, his or her employees or contractors and any agents or professionals hired or retained by him or her and the Wind-Down Debtors. The Plan Administrator is authorized to retain and renew any and all insurance policies of the Debtors providing coverage with respect to any claims.

(h)     Management of Wind-Down Debtors. In accordance with Section 8.4 of the Plan, the Plan Administrator shall have the authority to appoint the boards of directors of the Wind-Down Debtors.

(i)     Corporate Existence. In accordance with Section 8.5 of the Plan, the Plan Administrator shall have the authority to (i) make any filings he deems necessary to memorialize the dissolution of the Debtors and Wind-Down Debtors under the Plan and (ii) maintain or dissolve each Wind-Down Debtor and dissolve or complete the winding-up of any Controlled Non-Debtor Affiliate.

(j)     Disposition of Assets. The Plan Administrator shall have the authority to sell or otherwise dispose of, and liquidate or convert into Cash any non-Cash assets of the Wind-Down Debtors, if any, in a manner compatible with the best interests of the holders of Allowed Claims. All assets of the Debtors or Wind-Down Debtors shall be used and held by the Plan Administrator solely for the purposes contemplated by the Plan, the Confirmation Order and this Agreement.

(k)     Reports. The Plan Administrator shall have the authority to prepare and file any informational returns, reports, statements, returns or disclosures relating to the Debtors and the Wind-Down Debtors that are required by any Governmental Unit or applicable law; and

(l)     Additional Powers. The Plan Administrator shall have the authority to exercise all powers and rights, and take all actions contemplated by or provided for in this Agreement, the Plan and the Confirmation Order, including, but not limited to Section 6.3 of the Plan, and to take any and all other actions necessary or appropriate to implement or consummate this Agreement and the Plan.

5

    5.    Compensation and Reimbursement. The Plan Administrator shall be entitled to receive the following fair and reasonable compensation for his or her services in accordance with its prevailing rates:

        (a)    Compensation.

| | Per Hour |
|---|---|
| Senior Managing Director | $950 |
| Managing Director | $750 - $800 |
| Senior Director | $700 - $750 |
| Director | $650 - $700 |
| Associate | $450 - $590 |

        (b)    Computation of Hours; Recordkeeping. The Plan Administrator shall maintain a record of Greylock's time expended in fulfilling the duties of the Plan Administrator hereunder that shall include a brief description of such activities.

        (c)    Reimbursement of Expenses. The Plan Administrator shall be entitled to reimbursement of reasonable expenses incurred in fulfilling the duties of the Plan Administrator hereunder, and shall submit a report of said expenses with each report under Section 2 above.

    6.    Exculpation; Indemnification. Subject to the applicable provisions of the Plan, the Plan Administrator shall have no liability whatsoever for any acts or omissions to the Debtors or the Wind-Down Debtors or holders of claims against or interests in the Debtors or the Wind-Down Debtors other than willful misconduct, fraud or breach of fiduciary duty by the Plan Administrator as determined by a Final Order, *provided, that*, the Plan Administrator shall have no liability for such acts or omissions if approved by the Bankruptcy Court. Each of the Debtors or Wind-Down Debtors shall indemnify and hold harmless the Plan Administrator for any losses, liabilities and costs incurred in such capacity to the fullest extent allowed by Delaware law.

    7.    Termination of Engagement. This engagement of the Plan Administrator hereunder shall terminate on the earlier of: (a) the removal of the Plan Administrator by Bankruptcy Court for Cause or the effectiveness of his or her resignation pursuant to Section 8 hereof, and (b) the date the order granting the final decree closing, or dismissing, the last Chapter 11 Case that has not been closed or dismissed becomes a Final Order.

    8.    Resignation and Removal.

        (a)    Resignation. The Plan Administrator may resign as Plan Administrator hereunder upon delivery of sixty (60) days written notice to the Bankruptcy Court. However, if a successor Plan Administrator has not been appointed by the end of such sixty (60) day period, the current Plan Administrator shall continue as Plan Administrator pursuant to the terms specified herein until such time as a successor is appointed by the Bankruptcy Court.

        (b)    Removal. The Plan Administrator may be removed with Cause by the Bankruptcy Court. For the purposes of this Agreement, "Cause" shall be defined as: (i) the Plan Administrator's theft or embezzlement or attempted theft or embezzlement of money or tangible

or intangible Assets or property; (ii) the Plan Administrator's violation of any law (whether foreign or domestic), which results in a felony indictment or similar judicial proceeding; (iii) the Plan Administrator's willful misconduct or fraud in the performance of his or her duties.

(c)     Simultaneous Removal and Resignation. To the extent that the Plan Administrator is removed pursuant to the terms specified in Section 8(b) above (a "Removal") or the Plan Administrator resigns pursuant to the terms specified in Section 8(a) above (a "Resignation"), and such Plan Administrator is then serving in any other capacity for or on behalf of any of the Wind-Down Debtors or any of their Affiliates or is serving as Disbursing Agent or as trustee of any trust formed pursuant to the Plan (service by the Plan Administrator in each such additional capacity, a "Position" and collectively, the "Positions"), the Plan Administrator shall be deemed to be terminated (for all purposes and without any further action) from each of his or her other Positions upon his or her Removal or Resignation; *provided, that* the indemnification and exculpation provided in Section 6 herein and any insurance coverage provided to the Plan Administrator at the time of the Resignation and Removal shall continue in full force and effect.

(d)     Appointment of Successor Plan Administrator. The Plan Administrator shall have the authority to name a successor Plan Administrator, subject to Bankruptcy Court approval or, if the Plan Administrator is unable to make such an appointment, counsel to the Debtors also may appoint a successor Plan Administrator, subject to Bankruptcy Court approval. Any order of the Bankruptcy Court approving any such appointment shall specify and establish the date on which such appointment shall be effective. Every successor Plan Administrator, without any further act, deed, conveyance or Bankruptcy Court order, shall become vested with all rights, powers, trusts and duties of the retiring Plan Administrator hereunder and under the Plan; *provided, however,* that no Plan Administrator shall be liable for the acts or omissions of any prior or subsequent Plan Administrator.

(e)     Continuity. Unless otherwise ordered by the Bankruptcy Court, the termination of the Plan Administrator's engagement hereunder or the Resignation of the Plan Administrator shall not operate to invalidate any action theretofore taken by the Plan Administrator. In event of the termination of the Plan Administrator's engagement hereunder or the resignation of the Plan Administrator, each sole share of Wind-Down NNI, Wind-Down Nortel Altsystems, Wind-Down Xros, Wind-Down Sonoma, Wind-Down CoreTek, Wind-Down NN Applications, Wind-Down NN Optical, and Wind-Down Architel held by the Plan Administrator shall pass to the successor Plan Administrator. Moreover, in any such event, the Plan Administrator shall (i) execute and deliver by the effective date of such Removal or Resignation such documents, instruments and other writings as may be reasonably requested by the Bankruptcy Court to effect the Removal of the Plan Administrator's and the termination of its capacities under this Agreement, including, but not limited to, the Plan Administrator's capacity as the sole shareholder of Wind-Down NNI; and (ii) assist and cooperate in effecting the assumption of such Plan Administrator's obligations and functions by a successor Plan Administrator.

9.     Notices. Any notices or other communications required or permitted hereunder shall be sufficiently given if in writing and personally delivered or sent by registered or certified

mail, postage prepaid, return receipt requested, or sent by facsimile, addressed as follows or to such other address as any party shall have given notice of pursuant hereto:

> In the case of the Plan Administrator: Greylock Partners, LLC
>
> c/o Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, NY 10006
> (212) 225-3999 (facsimile)
> Attn:   James L. Bromley, Esq.
>      Lisa M. Schweitzer, Esq.
>
> with a copy to
>
> Morris, Nichols, Arsht & Tunnell, LLP
> 1201 North Market Street
> Wilmington, Delaware 19801
> (302) 658-3989 (facsimile)
> Attn:   Derek C. Abbot, Es.

10.    Assignment. Neither this Agreement nor any of the rights, duties or obligations of any of the parties hereto may be assigned without the prior written consent of the other parties hereto.

11.    Governing Law; Jurisdiction. This Agreement shall be governed and construed in accordance with the laws of the State of Delaware, without giving effect to rules governing the conflict of laws. Without limiting any Person or Entity's right to appeal any order of the Bankruptcy Court, (i) the Bankruptcy Court shall retain exclusive jurisdiction to interpret and enforce the terms of this Agreement and to decide any claims or disputes which may arise or result from, or be connected with, this Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (ii) any and all actions related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and the parties hereby consent to and submit to the exclusive jurisdiction and venue of the Bankruptcy Court. If for any reason the Bankruptcy Court does not or cannot exercise such jurisdiction, then the parties hereby consent to and submit to the jurisdiction and venue of the state and federal courts located in the State of Delaware.

12.    Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be an original, and which together shall constitute a single instrument.

13.    Relationship to the Plan. The principal purpose of this Agreement is to aid in the implementation of the Plan and, therefore, this Agreement incorporates and is subject to the provisions of the Plan and Confirmation Order. To that end, the Plan Administrator shall have full power and authority to take any action consistent with the purposes and provisions of the Plan and Confirmation Order. In the event that the provisions of this Agreement are found to be inconsistent with the provisions of the Plan or Confirmation Order, the provisions of the Confirmation Order and Plan, in that order, shall control; *provided, however*, that provisions of

8

this Agreement adopted by amendment and approved by the Bankruptcy Court following substantial consummation (as such term is used in section 1127(b) of the Bankruptcy Code) shall control over provisions of the Plan.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**Nortel Networks Inc.**                    **Sonoma Systems**

By: _____        By: _____
    Name:                                    Name:
    Title:                                   Title:


**Nortel Networks Capital Corporation**     **Qtera Corporation**

By: _____        By: _____
    Name:                                    Name:
    Title:                                   Title:


**Nortel Altsystems Inc.**                  **Coretek, Inc.**

By: _____        By: _____
    Name:                                    Name:
    Title:                                   Title:


**Nortel Altsystems International Inc.**    **Nortel Networks Applications Management Solutions Inc**.

By: _____        By: _____
    Name:                                    Name:
    Title:                                   Title:


**Xros, Inc.**                              **Nortel Networks Optical Components Inc.**

By: _____        By: _____
    Name:                                    Name:
    Title:                                   Title:

**Nortel Networks HPOCS Inc.**

**Architel Systems (U.S.) Corporation**

By: _____
    Name:
    Title:

By: _____
    Name:
    Title:

**Nortel Networks International Inc.**

**Northern Telecom International Inc.**

By: _____
    Name:
    Title:

By: _____
    Name:
    Title:

**Nortel Networks Cable Solutions Inc.**

**Nortel Networks (CALA) Inc.**

By: _____
    Name:
    Title:

By: _____
    Name:
    Title:

**Greylock Partners, LLC**

By: _____
    Title:  Plan Administrator

11

## Schedule A

### Wind-Down Debtors

Nortel Networks Inc. (NNI)
Nortel Networks Capital Corporation (NNCC)
Nortel Altsystems Inc.
Nortel Altsystems International Inc.
Xros, Inc.
Sonoma Systems
Qtera Corporation
CoreTek, Inc.
Nortel Networks Applications Management Solutions Inc.
Nortel Networks Optical Components Inc.
Nortel Networks HPOCS Inc.
Architel Systems (U.S.) Corporation
Nortel Networks International Inc. (NNII)
Northern Telecom International Inc.
Nortel Networks Cable Solutions Inc.
Nortel Networks (CALA) Inc.

**Exhibit C**

## Executory Contracts and Unexpired Leases Assumed by the Wind Down Debtors

| Debtors | Counterparties | Description | Cure amount |
|---------|----------------|-------------|-------------|
| NNCALA | Archive America | Contract for Records Management Storage, Retrieval & Delivery Services | $0 |
| NNI on behalf of itself, NNL and their respective subsidiaries | Ricoh Company Ltd. | License and Development Agreement | $0 |

**Exhibit D**

## EXHIBIT D

### Debtor Administrative Claims Resolved by Plan

In accordance with the Section 6.5 of the Plan, in consideration for the Sales Proceeds Allocation and other matters settled under the Plan and SPSA, as of the Effective Date, NNI shall release its intercompany claims against certain Debtor affiliates identified on its books and records[1] and, in the case of all Debtors other than NNCALA, NNI releases its claims for contribution for the administrative costs incurred by NNI on behalf of each of the Debtors from the Petition Date through the Effective Date.

Notwithstanding the foregoing, NNI retains the right to assert administrative claims against the other Debtors relating to any priority tax claims that are asserted against and/or paid by NNI that reasonably could be allocated or attributable to other Debtors.

| Debtor | Administrative Claims Retained by NNI against other Debtors | Administrative Claims Retained by Debtors against NNI |
|---|---|---|
| NNCALA | $34,000,000 | $0 |
| Nortel Altsystems | $0 | $0 |
| Nortel Altsystems Int'l | $0 | $0 |
| Xros | $0 | $50,048 |
| Sonoma | $0 | $0 |
| Qtera | $0 | $78,457 |
| CoreTek | $0 | $0 |
| NN Applications | $0 | $0 |
| NN Optical | $0 | $0 |
| NN HPOCS | $0 | $0 |
| Architel | $0 | $44,885 |
| NNII | $0 | $0 |
| NTI | $0 | $0 |
| NN Cable | $0 | $0 |

---

[1]    NNI's books and records claims against the other Debtors are: $37,755 against Nortel AltSystems; $82,468 against Nortel Altsystems Int'l; $10,580 against Sonoma; $11,829 against CoreTek; $12,222 against NN Applications; $874,193 against NN Optical; $13,074 against NN HPOCS; $517 against NNII; $37,537 against NTI; and $10,443 against NN Cable.

**Exhibit E**

**Exhibit E**

**Quarterly Administrative Wind-Down Reimbursement Payments**

| Debtor Name | Quarterly Amount |
|---|---|
| NNCALA | $200,000 |
| Nortel Altsystems | $100,000 |
| Nortel Altsystems Int'l | no more than $20,000 |
| Xros | no more than $20,000 |
| Sonoma | no more than $20,000 |
| Qtera | no more than $20,000 |
| CoreTek | no more than $20,000 |
| NN Applications | no more than $20,000 |
| NN Optical | no more than $20,000 |
| NN HPOCS | no more than $20,000 |
| Architel | no more than $20,000 |
| NNII | no more than $20,000 |
| NTI | no more than $20,000 |
| NN Cable | no more than $20,000 |

**Exhibit F**

## List of Directors and Officers of the Wind Down Debtors

| Director and Officer | Position | Experience |
|---|---|---|
| John J. Ray, III | Director; President | Mr. John J. Ray, III has served as the Nortel Debtors' Principal Officer since December 2009. In this capacity, Mr. Ray has overseen the restructuring and wind down of the Debtors' domestic and international businesses during the pendency of the Debtors' bankruptcy proceedings. Mr. Ray has previously served as Interim Chief Executive Officer, Chief Reorganization Officer and in similar roles for various public and private companies, including Overseas Shipholding Group, Inc., Enron Corp. and Fruit of the Loom. Mr. Ray is also Senior Managing Director of Greylock Partners, LLC, a provider of restructuring and interim management services. He received a B.A. from the University of Massachusetts and a J.D. from Drake University Law School. |
| Mary Cilia | Treasurer | Ms. Mary Cilia has served the Nortel Debtors since January 2012, primarily in the claims administration and management role. Ms. Cilia has over 23 years of experience providing expertise in mergers, acquisitions and divestitures and bankruptcies with focus in the areas of claims management and resolution, avoidance actions, creditor distributions, asset recoveries and financial reporting. Ms. Cilia served in similar roles for public and private companies, including Overseas Shipholding Group, Inc. and AbitibiBowater. Previously, Ms. Cilia was responsible for claims and wind down activities at Enron Creditors Recovery Corp. and served as a senior manager at Arthur Andersen LLP with extensive experience in conducting audits, initial and secondary public offerings, acquisitions and divestitures and related due diligence. Ms. Cilia earned her bachelor of business administration degree in accounting from the University of Houston and is a certified public accountant in the State of Texas. |
| Kathryn Schultea | Vice President & Secretary | Ms. Kathryn Schultea has supported the Nortel Debtors since July 2010, focusing on operations, human resources, facility wind down, document and data retention, and claims management. Ms. Schultea has over 18 years of experience providing leadership and expertise in bankruptcies, restructuring, divestitures, office closings, outsourcing efforts and downsizing initiatives. Reporting directly to the Board of Directors, Ms. Schultea was chief administrative officer, assistant secretary and assistant treasurer of Enron Creditors Recovery Corp., assisting with the reorganization of Enron. Ms. Schultea served in similar roles for Overseas Shipholding Group, Inc. Ms. Schultea earned her bachelor of science in business administration from University of Phoenix. |

**The Debtors include the following Wind-Down Debtor Entities:** Nortel Networks Inc. (NNI); Nortel Networks Capital Corporation (NNCC); Nortel Altsystems Inc.; Nortel Altsystems International Inc.; Xros, Inc.; Sonoma Systems; Qtera Corporation; CoreTek, Inc.; Nortel Networks Applications Management Solutions Inc.; Nortel Networks Optical Components Inc.; Nortel Networks HPOCS Inc.; Architel Systems (U.S.) Corporation; Nortel Networks International Inc. (NNII); Northern Telecom International Inc.; Nortel Networks Cable Solutions Inc.; and Nortel Networks (CALA) Inc.

2

**Exhibit G**

# RESTATED CERTIFICATE

## OF

## INCORPORATION

## OF

## NORTEL NETWORKS INC.

Nortel Networks Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

A.    The name of the Corporation is Nortel Networks Inc. The Corporation's original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on September 16, 1971 under the name Northern Telecom, Inc. (such original Certificate of Incorporation, as amended, the "Original Certificate of Incorporation").

B.    This Restated Certificate of Incorporation has been approved in accordance with Sections 245 and 303 of the Delaware General Corporation Law in furtherance of that certain order of the United States Bankruptcy Court for the District of Delaware dated [•], 2017 (the "Order") confirming the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan")[1] and this Restated Certificate of Incorporation is required by the Order.

C.    The Original Certificate of Incorporation is hereby amended and restated to read in its entirety as set forth below:

**FIRST:** The name of the Corporation is Nortel Networks Inc. (the "Corporation").

**SECOND:** The address of the Corporation's registered office in the State of Delaware is at 1209 Orange Street, Wilmington, New Castle County, Delaware 19801. The name of the Corporation's registered agent at such address is The Corporation Trust Company.

**THIRD:** The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with the Amended Plan, and any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

---

[1]    Terms used, but not defined herein, shall have the meanings ascribed to them in the Amended Plan.

**FOURTH:** The total number of shares of stock which the Corporation is authorized to issue is one (1) share of common stock having a par value of $1.00.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in this Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**FIFTH:** The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator") or such other entity as established by the Plan Administrator in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder. Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

**SIXTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Director is expressly authorized to make, amend and repeal the by-laws.

**SEVENTH:** A director of the Corporation shall not be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit. If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended. Any repeal or modification of this provision shall not

- 2 -

adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

**EIGHTH:** The Corporation reserves the right to amend and repeal any provision contained in this Restated Certificate of Incorporation in the manner from time to time prescribed by the laws of the State of Delaware.   All rights herein conferred are granted subject to this reservation.

- 3 -

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by its duly authorized officer this [•] day of February, 2017.

NORTEL NETWORKS INC.

By: _____

Name: John J. Ray III

Title: President

- 4 -

# NORTEL NETWORKS INC.

# BYLAWS

## ARTICLE I - DIRECTOR

Section 1.      Number.

The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator") or such other entity as established by the Plan Administrator in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

Section 2.      Powers of the Director.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

Section 3.      Vacancies.

Any vacancy of the Director may be filled by the sole shareholder, who on the Effective Date shall be the Plan Administrator.

Section 4       Compensation of Directors.

The Director, as such, may receive, pursuant to resolution of the Board of Directors, fixed fees and other compensation for his or her services as director.

## ARTICLE II - OFFICERS

Section 1.     Designation.

The officers of the Corporation shall consist of a President, one or more Vice Presidents, a Secretary and a Treasurer and such other officers as may from time to time be appointed by the Director.   Any number of offices may be held by the same person.

Section 2.     Appointment.     The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

Section 3.     Delegation of Authority.

The Director may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

Section 4.     Removal and Resignation.

Any officer of the Corporation may be removed at any time, with or without cause, by the Director.

Any officer may resign at any time by giving written notice to the Director.  Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.     Action with Respect to Securities of Other Corporations.

Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of shareholders of or with respect to any action of shareholders of any other corporation in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

## ARTICLE III - STOCK

Section 1.     Certificates of Stock.

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President, and by the Secretary or an Assistant Secretary, or the Treasurer or an Assistant Treasurer, certifying the number of shares owned by him or her.  Any or all of the signatures on the certificate may be by facsimile.

- 2 -

## ARTICLE IV - MISCELLANEOUS

### Section 1.    Facsimile Signatures.

In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

### Section 2.    Reliance upon Books, Reports and Records.

The Director, and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director or committee member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

### Section 3.    Fiscal Year.

The fiscal year of the Corporation shall be as fixed by the Director.

### Section 4.    Time Periods.

In applying any provision of these Bylaws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

## ARTICLE V - INDEMNIFICATION OF DIRECTORS AND OFFICERS

### Section 1.    Right to Indemnification.

Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in

- 3 -

Section 3 of this ARTICLE V with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director of the Corporation.

Section 2.    <u>Right to Advancement of Expenses</u>.

In addition to the right to indemnification conferred in Section 1 of this ARTICLE V, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

Section 3.    <u>Right of Indemnitee to Bring Suit</u>.

If a claim under Section 1 or 2 of this ARTICLE V is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit. In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the Delaware General Corporation Law. Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit. In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the

- 4 -

burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE V or otherwise shall be on the Corporation.

Section 4.    Non-Exclusivity of Rights.

The rights to indemnification and to the advancement of expenses conferred in this ARTICLE V shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's Certificate of Incorporation, Bylaws, agreement, vote of shareholders or disinterested directors or otherwise.

Section 5.    Insurance.

The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

Section 6.    Indemnification of Employees and Agents of the Corporation.

The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

Section 7.    Nature of Rights.

The rights conferred upon indemnitees in this ARTICLE V shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators. Any amendment, alteration or repeal of this ARTICLE V that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate, or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

## ARTICLE VI - AMENDMENTS

These Bylaws may be amended or repealed by the Director at any meeting or by the shareholders at any meeting.

## RESTATED CERTIFICATE

## OF

## INCORPORATION

## OF

## ARCHITEL SYSTEMS (U.S.) CORPORATION

Architel Systems (U.S.) Corporation, a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

A.      The name of the Corporation is Architel Systems (U.S.) Corporation.   The Corporation's original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on July 31, 1992 under the name Architel Systems Corporation (such original Certificate of Incorporation, as amended, the "Original Certificate of Incorporation").

B.      This Restated Certificate of Incorporation has been approved in accordance with Sections 245 and 303 of the Delaware General Corporation Law in furtherance of that certain order of the United States Bankruptcy Court for the District of Delaware dated [•], 2017 (the "Order") confirming the  First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan")[1] and this Restated Certificate of Incorporation is required by the Order.

C.      The Original Certificate of Incorporation is hereby amended and restated to read in its entirety as set forth below:

**FIRST:** The name of the Corporation is Architel Systems (U.S.) Corporation (the "Corporation").

**SECOND:** The address of the Corporation's registered office in the State of Delaware is at 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of the Corporation's registered agent at such address is The Corporation Trust Company.

**THIRD:** The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with the Amended Plan, and any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

---

[1]      Terms used, but not defined herein, shall have the meanings ascribed to them in the Amended Plan.

**FOURTH:** The total number of shares of stock which the Corporation is authorized to issue is one (1) share of common stock having a par value of $1.00.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in this Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**FIFTH:** The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator") or such other entity as established by the Plan Administrator in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder. Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

**SIXTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Director is expressly authorized to make, amend and repeal the by-laws.

**SEVENTH:** A director of the Corporation shall not be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit. If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended. Any repeal or modification of this provision shall not

adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

**EIGHTH:** The Corporation reserves the right to amend and repeal any provision contained in this Restated Certificate of Incorporation in the manner from time to time prescribed by the laws of the State of Delaware. All rights herein conferred are granted subject to this reservation.

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by its duly authorized officer this [•] day of February, 2017.

ARCHITEL SYSTEMS (U.S.) CORPORATION

By: _____

Name: John J. Ray III

Title: President

# ARCHITEL SYSTEMS (U.S.) CORPORATION

## BYLAWS

### ARTICLE I - DIRECTOR

Section 1.    Number.

The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator") or such other entity as established by the Plan Administrator in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

Section 2.    Powers of the Director.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

Section 3.    Vacancies.

Any vacancy of the Director may be filled by the sole shareholder, who on the Effective Date shall be the Plan Administrator.

Section 4    Compensation of Directors.

The Director, as such, may receive, pursuant to resolution of the Board of Directors, fixed fees and other compensation for his or her services as director.

ARTICLE II - OFFICERS

Section 1.    Designation.

The officers of the Corporation shall consist of a President, one or more Vice Presidents, a Secretary and a Treasurer and such other officers as may from time to time be appointed by the Director.    Any number of offices may be held by the same person.

Section 2.    Appointment.    The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

Section 3.    Delegation of Authority.

The Director may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

Section 4.    Removal and Resignation.

Any officer of the Corporation may be removed at any time, with or without cause, by the Director.

Any officer may resign at any time by giving written notice to the Director.  Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.    Action with Respect to Securities of Other Corporations.

Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of shareholders of or with respect to any action of shareholders of any other corporation in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

ARTICLE III - STOCK

Section 1.    Certificates of Stock.

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President, and by the Secretary or an Assistant Secretary, or the Treasurer or an Assistant Treasurer, certifying the number of shares owned by him or her.  Any or all of the signatures on the certificate may be by facsimile.

- 2 -

ARTICLE IV - MISCELLANEOUS

Section 1.    Facsimile Signatures.

In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

Section 2.    Reliance upon Books, Reports and Records.

The Director, and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director or committee member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

Section 3.    Fiscal Year.

The fiscal year of the Corporation shall be as fixed by the Director.

Section 4.    Time Periods.

In applying any provision of these Bylaws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

ARTICLE V - INDEMNIFICATION OF DIRECTORS AND OFFICERS

Section 1.    Right to Indemnification.

Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in

- 3 -

Section 3 of this ARTICLE V with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director of the Corporation.

### Section 2.    Right to Advancement of Expenses.

In addition to the right to indemnification conferred in Section 1 of this ARTICLE V, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

### Section 3.    Right of Indemnitee to Bring Suit.

If a claim under Section 1 or 2 of this ARTICLE V is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit. In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the Delaware General Corporation Law. Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit. In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the

- 4 -

burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE V or otherwise shall be on the Corporation.

Section 4.    Non-Exclusivity of Rights.

The rights to indemnification and to the advancement of expenses conferred in this ARTICLE V shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's Certificate of Incorporation, Bylaws, agreement, vote of shareholders or disinterested directors or otherwise.

Section 5.    Insurance.

The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

Section 6.    Indemnification of Employees and Agents of the Corporation.

The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

Section 7.    Nature of Rights.

The rights conferred upon indemnitees in this ARTICLE V shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators. Any amendment, alteration or repeal of this ARTICLE V that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate, or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

ARTICLE VI - AMENDMENTS

These Bylaws may be amended or repealed by the Director at any meeting or by the shareholders at any meeting.

- 5 -

**RESTATED CERTIFICATE**

**OF**

**INCORPORATION**

**OF**

**NORTEL NETWORKS HPOCS INC.**

Nortel Networks HPOCS Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

A.  The name of the Corporation is Nortel Networks HPOCS Inc. The Corporation's original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on February 5, 2001 under the name Nortel Networks Optical Components Inc. (such original Certificate of Incorporation, as amended, the "Original Certificate of Incorporation").

B.  This Restated Certificate of Incorporation has been approved in accordance with Sections 245 and 303 of the Delaware General Corporation Law in furtherance of that certain order of the United States Bankruptcy Court for the District of Delaware dated [•], 2017 (the "Order") confirming the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan")[1] and this Restated Certificate of Incorporation is required by the Order.

C.  The Original Certificate of Incorporation is hereby amended and restated to read in its entirety as set forth below:

**FIRST:** The name of the Corporation is Nortel Networks HPOCS Inc. (the "Corporation").

**SECOND:** The address of the Corporation's registered office in the State of Delaware is at 1209 Orange Street, Wilmington, New Castle County, Delaware 19801. The name of the Corporation's registered agent at such address is The Corporation Trust Company.

**THIRD:** The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with the Amended Plan, and any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

---

[1]  Terms used, but not defined herein, shall have the meanings ascribed to them in the Amended Plan.

**FOURTH:** The total number of shares of stock which the Corporation is authorized to issue is fifty thousand (50,000) shares without par value.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in this Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**FIFTH:** The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Nortel Networks Optical Components Inc., or such other entity as established by Nortel Networks Optical Components Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

**SIXTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Director is expressly authorized to make, amend and repeal the by-laws.

**SEVENTH:** A director of the Corporation shall not be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit.  If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended.  Any repeal or modification of this provision shall not

- 2 -

adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

**EIGHTH:** The Corporation reserves the right to amend and repeal any provision contained in this Restated Certificate of Incorporation in the manner from time to time prescribed by the laws of the State of Delaware. All rights herein conferred are granted subject to this reservation.

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by its duly authorized officer this [•] day of February, 2017.

NORTEL NETWORKS HPOCS INC.

By: _____

Name: John J. Ray III
Title: President

- 4 -

# NORTEL NETWORKS HPOCS INC.

# BYLAWS

## ARTICLE I - DIRECTOR

### Section 1.        Number.

The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Nortel Networks Optical Components Inc., or such other entity as established by Nortel Networks Optical Components Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

### Section 2.        Powers of the Director.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder. Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

### Section 3.        Vacancies.

Any vacancy of the Director may be filled by the sole shareholder, who on the Effective Date shall be Nortel Networks Optical Components Inc.

### Section 4        Compensation of Directors.

The Director, as such, may receive, pursuant to resolution of the Board of Directors, fixed fees and other compensation for his or her services as director.

## ARTICLE II - OFFICERS

### Section 1.        Designation.

The officers of the Corporation shall consist of a President, one or more Vice

Presidents, a Secretary and a Treasurer and such other officers as may from time to time be appointed by the Director.    Any number of offices may be held by the same person.

Section 2.    Appointment.    The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

Section 3.    Delegation of Authority.

The Director may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

Section 4.    Removal and Resignation.

Any officer of the Corporation may be removed at any time, with or without cause, by the Director.

Any officer may resign at any time by giving written notice to the Director.  Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.    Action with Respect to Securities of Other Corporations.

Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of shareholders of or with respect to any action of shareholders of any other corporation in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

ARTICLE III - STOCK

Section 1.    Certificates of Stock.

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President, and by the Secretary or an Assistant Secretary, or the Treasurer or an Assistant Treasurer, certifying the number of shares owned by him or her.  Any or all of the signatures on the certificate may be by facsimile.

ARTICLE IV - MISCELLANEOUS

Section 1.    Facsimile Signatures.

In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

- 2 -

Section 2.    Reliance upon Books, Reports and Records.

The Director, and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director or committee member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

Section 3.    Fiscal Year.

The fiscal year of the Corporation shall be as fixed by the Director.

Section 4.    Time Periods.

In applying any provision of these Bylaws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

## ARTICLE V - INDEMNIFICATION OF DIRECTORS AND OFFICERS

Section 1.    Right to Indemnification.

Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in Section 3 of this ARTICLE V with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director of the Corporation.

Section 2.    Right to Advancement of Expenses.

In addition to the right to indemnification conferred in Section 1 of this ARTICLE

- 3 -

V, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

Section 3.      Right of Indemnitee to Bring Suit.

If a claim under Section 1 or 2 of this ARTICLE V is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit. In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the Delaware General Corporation Law. Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit. In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE V or otherwise shall be on the Corporation.

Section 4.      Non-Exclusivity of Rights.

The rights to indemnification and to the advancement of expenses conferred in this ARTICLE V shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's Certificate of Incorporation, Bylaws,

- 4 -

agreement, vote of shareholders or disinterested directors or otherwise.

Section 5.    Insurance.

The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

Section 6.    Indemnification of Employees and Agents of the Corporation.

The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

Section 7.    Nature of Rights.

The rights conferred upon indemnitees in this ARTICLE V shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators. Any amendment, alteration or repeal of this ARTICLE V that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate, or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

## ARTICLE VI - AMENDMENTS

These Bylaws may be amended or repealed by the Director at any meeting or by the shareholders at any meeting.

## RESTATED CERTIFICATE

## OF

## INCORPORATION

## OF

## NORTEL NETWORKS INTERNATIONAL INC.

Nortel Networks International Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

A.    The name of the Corporation is Nortel Networks International Inc.   The Corporation's original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on September 15, 1992 under the name Synoptics Communications International, Inc. (such original Certificate of Incorporation, as amended, the "Original Certificate of Incorporation").

B.    This Restated Certificate of Incorporation has been approved in accordance with Sections 245 and 303 of the Delaware General Corporation Law in furtherance of that certain order of the United States Bankruptcy Court for the District of Delaware dated [•], 2017 (the "Order") confirming the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan")[1] and this Restated Certificate of Incorporation is required by the Order.

C.    The Original Certificate of Incorporation is hereby amended and restated to read in its entirety as set forth below:

**FIRST:** The name of the Corporation is Nortel Networks International Inc. (the "Corporation").

**SECOND:** The address of the Corporation's registered office in the State of Delaware is at 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of the Corporation's registered agent at such address is The Corporation Trust Company.

**THIRD:** The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with the Amended Plan, and any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

---

[1]    Terms used, but not defined herein, shall have the meanings ascribed to them in the Amended Plan.

**FOURTH:** The total number of shares of stock which the Corporation is authorized to issue is three thousand (3,000) shares of common stock each having a par value of $0.01.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in this Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**FIFTH:** The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc., or such other entity as established by Nortel Networks Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder. Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

**SIXTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Director is expressly authorized to make, amend and repeal the by-laws.

**SEVENTH:** A director of the Corporation shall not be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit. If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended. Any repeal or modification of this provision shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

**EIGHTH:** The Corporation reserves the right to amend and repeal any provision contained in this Restated Certificate of Incorporation in the manner from time to time prescribed by the laws of the State of Delaware.  All rights herein conferred are granted subject to this reservation.

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by its duly authorized officer this [•] day of February, 2017.

NORTEL NETWORKS INTERNATIONAL INC.

By: _____

Name: John J. Ray III

Title: President

# NORTEL NETWORKS INTERNATIONAL INC.

## BYLAWS

### ARTICLE I - DIRECTOR

Section 1.        Number.

The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc., or such other entity as established by Nortel Networks Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

Section 2.        Powers of the Director.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

Section 3.        Vacancies.

Any vacancy of the Director may be filled by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc.

Section 4        Compensation of Directors.

The Director, as such, may receive, pursuant to resolution of the Board of Directors, fixed fees and other compensation for his or her services as director.

### ARTICLE II - OFFICERS

Section 1.        Designation.

The officers of the Corporation shall consist of a President, one or more Vice Presidents, a Secretary and a Treasurer and such other officers as may from time to time be

appointed by the Director.   Any number of offices may be held by the same person.

Section 2.        Appointment.        The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

Section 3.        Delegation of Authority.

The Director may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

Section 4.        Removal and Resignation.

Any officer of the Corporation may be removed at any time, with or without cause, by the Director.

Any officer may resign at any time by giving written notice to the Director.   Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.        Action with Respect to Securities of Other Corporations.

Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of shareholders of or with respect to any action of shareholders of any other corporation in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

ARTICLE III - STOCK

Section 1.        Certificates of Stock.

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President, and by the Secretary or an Assistant Secretary, or the Treasurer or an Assistant Treasurer, certifying the number of shares owned by him or her.   Any or all of the signatures on the certificate may be by facsimile.

ARTICLE IV - MISCELLANEOUS

Section 1.        Facsimile Signatures.

In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

- 2 -

Section 2.     Reliance upon Books, Reports and Records.

The Director, and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director or committee member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

Section 3.     Fiscal Year.

The fiscal year of the Corporation shall be as fixed by the Director.

Section 4.     Time Periods.

In applying any provision of these Bylaws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

## ARTICLE V - INDEMNIFICATION OF DIRECTORS AND OFFICERS

Section 1.     Right to Indemnification.

Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in Section 3 of this ARTICLE V with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director of the Corporation.

Section 2.     Right to Advancement of Expenses.

In addition to the right to indemnification conferred in Section 1 of this ARTICLE

V, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

Section 3.    Right of Indemnitee to Bring Suit.

If a claim under Section 1 or 2 of this ARTICLE V is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit. In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the Delaware General Corporation Law. Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit. In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE V or otherwise shall be on the Corporation.

Section 4.    Non-Exclusivity of Rights.

The rights to indemnification and to the advancement of expenses conferred in this ARTICLE V shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's Certificate of Incorporation, Bylaws,

- 4 -

agreement, vote of shareholders or disinterested directors or otherwise.

### Section 5.    Insurance.

The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

### Section 6.    Indemnification of Employees and Agents of the Corporation.

The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

### Section 7.    Nature of Rights.

The rights conferred upon indemnitees in this ARTICLE V shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators. Any amendment, alteration or repeal of this ARTICLE V that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate, or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

## ARTICLE VI - AMENDMENTS

These Bylaws may be amended or repealed by the Director at any meeting or by the shareholders at any meeting.

**RESTATED CERTIFICATE**

**OF**

**INCORPORATION**

**OF**

**NORTHERN TELECOM INTERNATIONAL INC.**

Northern Telecom International Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

A.  The name of the Corporation is Northern Telecom International Inc.  The Corporation's original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on August 2, 1982 (such original Certificate of Incorporation, as amended, the "Original Certificate of Incorporation").

B.  This Restated Certificate of Incorporation has been approved in accordance with Sections 245 and 303 of the Delaware General Corporation Law in furtherance of that certain order of the United States Bankruptcy Court for the District of Delaware dated [•], 2017 (the "Order") confirming the  First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan")[1] and this Restated Certificate of Incorporation is required by the Order.

C.  The Original Certificate of Incorporation is hereby amended and restated to read in its entirety as set forth below:

**FIRST:** The name of the Corporation is Northern Telecom International Inc. (the "Corporation").

**SECOND:** The address of the Corporation's registered office in the State of Delaware is at 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of the Corporation's registered agent at such address is The Corporation Trust Company.

**THIRD:** The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with the Amended Plan, and any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

---

[1]  Terms used, but not defined herein, shall have the meanings ascribed to them in the Amended Plan.

**FOURTH:** The total number of shares of stock which the Corporation is authorized to issue is ~~one thousan~~d (1,000) shares of common stock, no par value.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in this Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**FIFTH:** The sole director of the Corporation (the "Director") shall be the person appoint~~ed from~~ time to time by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc., or such other entity as established by Nortel Networks Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder. Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

**SIXTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of ~~Delawar~~e, the Director is expressly authorized to make, amend and repeal the by-laws.

**SEVENTH:** A director of the Corporation shall not be personally liable to the corpor~~ation or its st~~ockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit. If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended. Any repeal or modification of this provision shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

- 2 -

**EIGHTH:** The Corporation reserves the right to amend and repeal any provision contained in this Restated Certificate of Incorporation in the manner from time to time prescribed by the laws of the State of Delaware.  All rights herein conferred are granted subject to this reservation.

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by its duly authorized officer this [•] day of February, 2017.

NORTHERN TELECOM INTERNATIONAL INC.

By: _____

Name: John J. Ray III

Title: President

# NORTHERN TELECOM INTERNATIONAL INC.

# BYLAWS

## ARTICLE I - DIRECTOR

Section 1.    Number.

The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc., or such other entity as established by Nortel Networks Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

Section 2.    Powers of the Director.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

Section 3.    Vacancies.

Any vacancy of the Director may be filled by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc.

Section 4    Compensation of Directors.

The Director, as such, may receive, pursuant to resolution of the Board of Directors, fixed fees and other compensation for his or her services as director.

## ARTICLE II - OFFICERS

Section 1.    Designation.

The officers of the Corporation shall consist of a President, one or more Vice Presidents, a Secretary and a Treasurer and such other officers as may from time to time be

appointed by the Director.    Any number of offices may be held by the same person.

Section 2.        Appointment.        The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

Section 3.        Delegation of Authority.

The Director may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

Section 4.        Removal and Resignation.

Any officer of the Corporation may be removed at any time, with or without cause, by the Director.

Any officer may resign at any time by giving written notice to the Director.  Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.        Action with Respect to Securities of Other Corporations.

Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of shareholders of or with respect to any action of shareholders of any other corporation in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

## ARTICLE III - STOCK

Section 1.        Certificates of Stock.

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President, and by the Secretary or an Assistant Secretary, or the Treasurer or an Assistant Treasurer, certifying the number of shares owned by him or her.  Any or all of the signatures on the certificate may be by facsimile.

## ARTICLE IV - MISCELLANEOUS

Section 1.        Facsimile Signatures.

In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

- 2 -

Section 2.        Reliance upon Books, Reports and Records.

The Director, and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director or committee member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

Section 3.        Fiscal Year.

The fiscal year of the Corporation shall be as fixed by the Director.

Section 4.        Time Periods.

In applying any provision of these Bylaws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

## ARTICLE V - INDEMNIFICATION OF DIRECTORS AND OFFICERS

Section 1.        Right to Indemnification.

Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in Section 3 of this ARTICLE V with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director of the Corporation.

Section 2.        Right to Advancement of Expenses.

In addition to the right to indemnification conferred in Section 1 of this ARTICLE

V, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

Section 3.      Right of Indemnitee to Bring Suit.

If a claim under Section 1 or 2 of this ARTICLE V is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit. In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the Delaware General Corporation Law. Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit. In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE V or otherwise shall be on the Corporation.

Section 4.      Non-Exclusivity of Rights.

The rights to indemnification and to the advancement of expenses conferred in this ARTICLE V shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's Certificate of Incorporation, Bylaws,

- 4 -

agreement, vote of shareholders or disinterested directors or otherwise.

        Section 5.     <u>Insurance</u>.

        The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

        Section 6.     <u>Indemnification of Employees and Agents of the Corporation</u>.

        The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

        Section 7.     <u>Nature of Rights</u>.

        The rights conferred upon indemnitees in this ARTICLE V shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators. Any amendment, alteration or repeal of this ARTICLE V that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate, or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

ARTICLE VI - <u>AMENDMENTS</u>

        These Bylaws may be amended or repealed by the Director at any meeting or by the shareholders at any meeting.

# RESTATED CERTIFICATE

## OF

## INCORPORATION

## OF

## NORTEL ALTSYSTEMS INC.

Nortel Altsytems Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

A.    The name of the Corporation is Nortel Altsytems Inc.  The Corporation's original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on March 18, 1996 under the name Acteon Networks, Inc. (such original Certificate of Incorporation, as amended, the "Original Certificate of Incorporation").

B.    This Restated Certificate of Incorporation has been approved in accordance with Sections 245 and 303 of the Delaware General Corporation Law in furtherance of that certain order of the United States Bankruptcy Court for the District of Delaware dated [•], 2017 (the "Order") confirming the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan")[1] and this Restated Certificate of Incorporation is required by the Order.

C.    The Original Certificate of Incorporation is hereby amended and restated to read in its entirety as set forth below:

**FIRST:**  The name of the Corporation is Nortel Altsytems Inc. (the "Corporation").

**SECOND:**  The address of the Corporation's registered office in the State of Delaware is at 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of the Corporation's registered agent at such address is The Corporation Trust Company.

**THIRD:**  The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with the Amended Plan, and any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

---

[1]    Terms used, but not defined herein, shall have the meanings ascribed to them in the Amended Plan.

**FOURTH:** The total number of shares of stock which the Corporation is authorized to issue is one (1) share of common stock having a par value of $1.00.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in this Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**FIFTH:** The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator") or such other entity as established by the Plan Administrator in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder. Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

**SIXTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Director is expressly authorized to make, amend and repeal the by-laws.

**SEVENTH:** A director of the Corporation shall not be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit. If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended.  Any repeal or modification of this provision shall not

adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

**EIGHTH:** The Corporation reserves the right to amend and repeal any provision contained in this Restated Certificate of Incorporation in the manner from time to time prescribed by the laws of the State of Delaware. All rights herein conferred are granted subject to this reservation.

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by its duly authorized officer this [•] day of February, 2017.

NORTEL ALTSYSTEMS INC.

By: _____

Name: John J. Ray III

Title: President

- 4 -

# NORTEL ALTSYSTEMS INC.

# BYLAWS

## ARTICLE I - DIRECTOR

Section 1.    Number.

The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator") or such other entity as established by the Plan Administrator in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

Section 2.    Powers of the Director.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

Section 3.    Vacancies.

Any vacancy of the Director may be filled by the sole shareholder, who on the Effective Date shall be the Plan Administrator.

Section 4    Compensation of Directors.

The Director, as such, may receive, pursuant to resolution of the Board of Directors, fixed fees and other compensation for his or her services as director.

ARTICLE II - OFFICERS

Section 1.    Designation.

The officers of the Corporation shall consist of a President, one or more Vice Presidents, a Secretary and a Treasurer and such other officers as may from time to time be appointed by the Director.    Any number of offices may be held by the same person.

Section 2.    Appointment.    The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

Section 3.    Delegation of Authority.

The Director may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

Section 4.    Removal and Resignation.

Any officer of the Corporation may be removed at any time, with or without cause, by the Director.

Any officer may resign at any time by giving written notice to the Director.  Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.    Action with Respect to Securities of Other Corporations.

Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of shareholders of or with respect to any action of shareholders of any other corporation in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

ARTICLE III - STOCK

Section 1.    Certificates of Stock.

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President, and by the Secretary or an Assistant Secretary, or the Treasurer or an Assistant Treasurer, certifying the number of shares owned by him or her.  Any or all of the signatures on the certificate may be by facsimile.

- 2 -

## ARTICLE IV - MISCELLANEOUS

Section 1.      Facsimile Signatures.

In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

Section 2.      Reliance upon Books, Reports and Records.

The Director, and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director or committee member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

Section 3.      Fiscal Year.

The fiscal year of the Corporation shall be as fixed by the Director.

Section 4.      Time Periods.

In applying any provision of these Bylaws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

## ARTICLE V - INDEMNIFICATION OF DIRECTORS AND OFFICERS

Section 1.      Right to Indemnification.

Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in

- 3 -

Section 3 of this ARTICLE V with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director of the Corporation.

Section 2.      Right to Advancement of Expenses.

In addition to the right to indemnification conferred in Section 1 of this ARTICLE V, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

Section 3.      Right of Indemnitee to Bring Suit.

If a claim under Section 1 or 2 of this ARTICLE V is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit. In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the Delaware General Corporation Law. Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit. In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the

- 4 -

burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE V or otherwise shall be on the Corporation.

Section 4.    Non-Exclusivity of Rights.

The rights to indemnification and to the advancement of expenses conferred in this ARTICLE V shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's Certificate of Incorporation, Bylaws, agreement, vote of shareholders or disinterested directors or otherwise.

Section 5.    Insurance.

The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

Section 6.    Indemnification of Employees and Agents of the Corporation.

The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

Section 7.    Nature of Rights.

The rights conferred upon indemnitees in this ARTICLE V shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators. Any amendment, alteration or repeal of this ARTICLE V that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate, or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

ARTICLE VI - AMENDMENTS

These Bylaws may be amended or repealed by the Director at any meeting or by the shareholders at any meeting.

- 5 -

# RESTATED CERTIFICATE

## OF

## INCORPORATION

## OF

## NORTEL NETWORKS CABLE SOLUTIONS INC.

Nortel Networks Cable Solutions Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

A.    The name of the Corporation is Nortel Networks Cable Solutions Inc.  The Corporation's original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on February 24, 2000 (such original Certificate of Incorporation, as amended, the "Original Certificate of Incorporation").

B.    This Restated Certificate of Incorporation has been approved in accordance with Sections 245 and 303 of the Delaware General Corporation Law in furtherance of that certain order of the United States Bankruptcy Court for the District of Delaware dated [•], 2017 (the "Order") confirming the  First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan")[1] and this Restated Certificate of Incorporation is required by the Order.

C.    The Original Certificate of Incorporation is hereby amended and restated to read in its entirety as set forth below:

**FIRST:** The name of the Corporation is Nortel Networks Cable Solutions Inc. (the "Corporation").

**SECOND:** The address of the Corporation's registered office in the State of Delaware is at 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of the Corporation's registered agent at such address is The Corporation Trust Company.

**THIRD:** The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with the Amended Plan, and any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

---

[1]    Terms used, but not defined herein, shall have the meanings ascribed to them in the Amended Plan.

**FOURTH:** The total number of shares of stock which the Corporation is authorized to issue is one thousand (1,000) shares without par value.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in this Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**FIFTH:** The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc., or such other entity as established by Nortel Networks Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder. Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

**SIXTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Director is expressly authorized to make, amend and repeal the by-laws.

**SEVENTH:** A director of the Corporation shall not be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit. If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended. Any repeal or modification of this provision shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

- 2 -

**EIGHTH:** The Corporation reserves the right to amend and repeal any provision contained in this Restated Certificate of Incorporation in the manner from time to time prescribed by the laws of the State of Delaware. All rights herein conferred are granted subject to this reservation.

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by its duly authorized officer this [•] day of February, 2017.

NORTEL NETWORKS CABLE SOLUTIONS INC.

By: _____

Name: John J. Ray III

Title: President

- 4 -

# NORTEL NETWORKS CABLE SOLUTIONS INC.

# BYLAWS

## ARTICLE I - DIRECTOR

Section 1.        Number.

The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc., or such other entity as established by Nortel Networks Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

Section 2.        Powers of the Director.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

Section 3.        Vacancies.

Any vacancy of the Director may be filled by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc.

Section 4        Compensation of Directors.

The Director, as such, may receive, pursuant to resolution of the Board of Directors, fixed fees and other compensation for his or her services as director.

## ARTICLE II - OFFICERS

Section 1.        Designation.

The officers of the Corporation shall consist of a President, one or more Vice Presidents, a Secretary and a Treasurer and such other officers as may from time to time be

appointed by the Director.    Any number of offices may be held by the same person.

Section 2.        Appointment.    The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

Section 3.        Delegation of Authority.

The Director may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

Section 4.        Removal and Resignation.

Any officer of the Corporation may be removed at any time, with or without cause, by the Director.

Any officer may resign at any time by giving written notice to the Director.  Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.        Action with Respect to Securities of Other Corporations.

Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of shareholders of or with respect to any action of shareholders of any other corporation in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

## ARTICLE III - STOCK

Section 1.        Certificates of Stock.

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President, and by the Secretary or an Assistant Secretary, or the Treasurer or an Assistant Treasurer, certifying the number of shares owned by him or her.  Any or all of the signatures on the certificate may be by facsimile.

## ARTICLE IV - MISCELLANEOUS

Section 1.        Facsimile Signatures.

In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

- 2 -

Section 2.        Reliance upon Books, Reports and Records.

The Director, and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director or committee member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

Section 3.        Fiscal Year.

The fiscal year of the Corporation shall be as fixed by the Director.

Section 4.        Time Periods.

In applying any provision of these Bylaws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

## ARTICLE V - INDEMNIFICATION OF DIRECTORS AND OFFICERS

Section 1.        Right to Indemnification.

Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in Section 3 of this ARTICLE V with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director of the Corporation.

Section 2.        Right to Advancement of Expenses.

In addition to the right to indemnification conferred in Section 1 of this ARTICLE

V, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

### Section 3.    Right of Indemnitee to Bring Suit.

If a claim under Section 1 or 2 of this ARTICLE V is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim.  To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit.  In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the Delaware General Corporation Law.  Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit.  In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE V or otherwise shall be on the Corporation.

### Section 4.    Non-Exclusivity of Rights.

The rights to indemnification and to the advancement of expenses conferred in this ARTICLE V shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's Certificate of Incorporation, Bylaws,

agreement, vote of shareholders or disinterested directors or otherwise.

Section 5.    Insurance.

The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

Section 6.    Indemnification of Employees and Agents of the Corporation.

The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

Section 7.    Nature of Rights.

The rights conferred upon indemnitees in this ARTICLE V shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators. Any amendment, alteration or repeal of this ARTICLE V that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate, or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

## ARTICLE VI - AMENDMENTS

These Bylaws may be amended or repealed by the Director at any meeting or by the shareholders at any meeting.

# RESTATED CERTIFICATE

## OF

## INCORPORATION

## OF

## NORTEL NETWORKS CAPITAL CORPORATION

Nortel Networks Capital Corporation, a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

A.  The name of the Corporation is Nortel Networks Capital Corporation. The Corporation's original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on February 1, 1996 under the name Northern Telecom Capital Corporation (such original Certificate of Incorporation, as amended, the "Original Certificate of Incorporation").

B.  This Restated Certificate of Incorporation has been approved in accordance with Sections 245 and 303 of the Delaware General Corporation Law in furtherance of that certain order of the United States Bankruptcy Court for the District of Delaware dated [•], 2017 (the "Order") confirming the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan")[1] and this Restated Certificate of Incorporation is required by the Order.

C.  The Original Certificate of Incorporation is hereby amended and restated to read in its entirety as set forth below:

**FIRST:** The name of the Corporation is Nortel Networks Capital Corporation (the "Corporation").

**SECOND:** The address of the Corporation's registered office in the State of Delaware is at 1209 Orange Street, Wilmington, New Castle County, Delaware 19801. The name of the Corporation's registered agent at such address is The Corporation Trust Company.

**THIRD:** The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with the Amended Plan, and any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

---

[1]    Terms used, but not defined herein, shall have the meanings ascribed to them in the Amended Plan.

**FOURTH:** The total number of shares of stock which the Corporation is authorized to issue is one thousand (1,000) shares without par value.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in this Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**FIFTH:** The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc., or such other entity as established by Nortel Networks Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder. Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

**SIXTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Director is expressly authorized to make, amend and repeal the by-laws.

**SEVENTH:** A director of the Corporation shall not be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit. If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended. Any repeal or modification of this provision shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

- 2 -

**EIGHTH:** The Corporation reserves the right to amend and repeal any provision contained in this Restated Certificate of Incorporation in the manner from time to time prescribed by the laws of the State of Delaware. All rights herein conferred are granted subject to this reservation.

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by its duly authorized officer this [•] day of February, 2017.

NORTEL NETWORKS CAPITAL CORPORATION

By: _____

Name: John J. Ray III

Title: President

# NORTEL NETWORKS CAPITAL CORPORATION

# BYLAWS

## ARTICLE I - DIRECTOR

Section 1.        Number.

The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc., or such other entity as established by Nortel Networks Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

Section 2.        Powers of the Director.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

Section 3.        Vacancies.

Any vacancy of the Director may be filled by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc.

Section 4        Compensation of Directors.

The Director, as such, may receive, pursuant to resolution of the Board of Directors, fixed fees and other compensation for his or her services as director.

## ARTICLE II - OFFICERS

Section 1.        Designation.

The officers of the Corporation shall consist of a President, one or more Vice Presidents, a Secretary and a Treasurer and such other officers as may from time to time be

appointed by the Director.    Any number of offices may be held by the same person.

Section 2.    Appointment.    The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

Section 3.    Delegation of Authority.

The Director may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

Section 4.    Removal and Resignation.

Any officer of the Corporation may be removed at any time, with or without cause, by the Director.

Any officer may resign at any time by giving written notice to the Director.  Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.    Action with Respect to Securities of Other Corporations.

Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of shareholders of or with respect to any action of shareholders of any other corporation in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

## ARTICLE III - STOCK

Section 1.    Certificates of Stock.

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President, and by the Secretary or an Assistant Secretary, or the Treasurer or an Assistant Treasurer, certifying the number of shares owned by him or her.  Any or all of the signatures on the certificate may be by facsimile.

## ARTICLE IV - MISCELLANEOUS

Section 1.    Facsimile Signatures.

In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

- 2 -

Section 2.        Reliance upon Books, Reports and Records.

The Director, and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director or committee member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

Section 3.        Fiscal Year.

The fiscal year of the Corporation shall be as fixed by the Director.

Section 4.        Time Periods.

In applying any provision of these Bylaws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

## ARTICLE V - INDEMNIFICATION OF DIRECTORS AND OFFICERS

Section 1.        Right to Indemnification.

Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in Section 3 of this ARTICLE V with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director of the Corporation.

Section 2.        Right to Advancement of Expenses.

In addition to the right to indemnification conferred in Section 1 of this ARTICLE

- 3 -

V, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

Section 3.     Right of Indemnitee to Bring Suit.

If a claim under Section 1 or 2 of this ARTICLE V is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit. In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the Delaware General Corporation Law. Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit. In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE V or otherwise shall be on the Corporation.

Section 4.     Non-Exclusivity of Rights.

The rights to indemnification and to the advancement of expenses conferred in this ARTICLE V shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's Certificate of Incorporation, Bylaws,

- 4 -

agreement, vote of shareholders or disinterested directors or otherwise.

Section 5.    Insurance.

The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

Section 6.    Indemnification of Employees and Agents of the Corporation.

The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

Section 7.    Nature of Rights.

The rights conferred upon indemnitees in this ARTICLE V shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators.  Any amendment, alteration or repeal of this ARTICLE V that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate, or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

## ARTICLE VI - AMENDMENTS

These Bylaws may be amended or repealed by the Director at any meeting or by the shareholders at any meeting.

- 5 -

**RESTATED CERTIFICATE**

**OF**

**INCORPORATION**

**OF**

**QTERA CORPORATION**

Qtera Corporation, a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

A.      The name of the Corporation is Qtera Corporation. The Corporation's original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on February 9, 1998 under the name Nextnet Technologies Corporation (such original Certificate of Incorporation, as amended, the "Original Certificate of Incorporation").

B.      This Restated Certificate of Incorporation has been approved in accordance with Sections 245 and 303 of the Delaware General Corporation Law in furtherance of that certain order of the United States Bankruptcy Court for the District of Delaware dated [•], 2017 (the "Order") confirming the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan")[1] and this Restated Certificate of Incorporation is required by the Order.

C.      The Original Certificate of Incorporation is hereby amended and restated to read in its entirety as set forth below:

**FIRST:** The name of the Corporation is Qtera Corporation (the "Corporation").

**SECOND:** The address of the Corporation's registered office in the State of Delaware is at 1209 Orange Street, Wilmington, New Castle County, Delaware 19801. The name of the Corporation's registered agent at such address is The Corporation Trust Company.

**THIRD:** The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with the Amended Plan, and any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

---

[1]     Terms used, but not defined herein, shall have the meanings ascribed to them in the Amended Plan.

**FOURTH:** The total number of shares of all classes of capital stock that the Corporation shall have authority to issue is twenty•six million, five hundred thousand (26,500,000) shares that shall be designated "Common Stock" having $.001 par value per share.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in this Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**FIFTH:** The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc., or such other entity as established by Nortel Networks Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

**SIXTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Director is expressly authorized to make, amend and repeal the by-laws.

**SEVENTH:** A director of the Corporation shall not be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit. If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended.  Any repeal or modification of this provision shall not

adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

**EIGHTH:** The Corporation reserves the right to amend and repeal any provision contained in this Restated Certificate of Incorporation in the manner from time to time prescribed by the laws of the State of Delaware.  All rights herein conferred are granted subject to this reservation.

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by its duly authorized officer this [•] day of February, 2017.

QTERA CORPORATION

By: _____

Name: John J. Ray III

Title: President

- 4 -

# QTERA CORPORATION

# BYLAWS

## ARTICLE I - DIRECTOR

Section 1.        Number.

The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc., or such other entity as established by Nortel Networks Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

Section 2.        Powers of the Director.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

Section 3.        Vacancies.

Any vacancy of the Director may be filled by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc.

Section 4        Compensation of Directors.

The Director, as such, may receive, pursuant to resolution of the Board of Directors, fixed fees and other compensation for his or her services as director.

## ARTICLE II - OFFICERS

Section 1.        Designation.

The officers of the Corporation shall consist of a President, one or more Vice Presidents, a Secretary and a Treasurer and such other officers as may from time to time be

appointed by the Director.    Any number of offices may be held by the same person.

Section 2.    Appointment.    The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

Section 3.    Delegation of Authority.

The Director may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

Section 4.    Removal and Resignation.

Any officer of the Corporation may be removed at any time, with or without cause, by the Director.

Any officer may resign at any time by giving written notice to the Director.  Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.    Action with Respect to Securities of Other Corporations.

Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of shareholders of or with respect to any action of shareholders of any other corporation in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

## ARTICLE III - STOCK

Section 1.    Certificates of Stock.

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President, and by the Secretary or an Assistant Secretary, or the Treasurer or an Assistant Treasurer, certifying the number of shares owned by him or her.  Any or all of the signatures on the certificate may be by facsimile.

## ARTICLE IV - MISCELLANEOUS

Section 1.    Facsimile Signatures.

In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

- 2 -

Section 2.    Reliance upon Books, Reports and Records.

The Director, and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director or committee member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

Section 3.    Fiscal Year.

The fiscal year of the Corporation shall be as fixed by the Director.

Section 4.    Time Periods.

In applying any provision of these Bylaws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

## ARTICLE V - INDEMNIFICATION OF DIRECTORS AND OFFICERS

Section 1.    Right to Indemnification.

Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in Section 3 of this ARTICLE V with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director of the Corporation.

Section 2.    Right to Advancement of Expenses.

In addition to the right to indemnification conferred in Section 1 of this ARTICLE

- 3 -

V, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

Section 3.     <u>Right of Indemnitee to Bring Suit.</u>

If a claim under Section 1 or 2 of this ARTICLE V is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit. In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the Delaware General Corporation Law. Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit. In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE V or otherwise shall be on the Corporation.

Section 4.     <u>Non-Exclusivity of Rights.</u>

The rights to indemnification and to the advancement of expenses conferred in this ARTICLE V shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's Certificate of Incorporation, Bylaws,

- 4 -

agreement, vote of shareholders or disinterested directors or otherwise.

Section 5.     Insurance.

The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

Section 6.     Indemnification of Employees and Agents of the Corporation.

The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

Section 7.     Nature of Rights.

The rights conferred upon indemnitees in this ARTICLE V shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators. Any amendment, alteration or repeal of this ARTICLE V that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate, or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

## ARTICLE VI - AMENDMENTS

These Bylaws may be amended or repealed by the Director at any meeting or by the shareholders at any meeting.

# RESTATED CERTIFICATE

## OF

## INCORPORATION

## OF

## XROS, INC.

Xros, Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

A.      The name of the Corporation is Xros, Inc. The Corporation's original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on December 10, 1996 (such original Certificate of Incorporation, as amended, the "Original Certificate of Incorporation").

B.      This Restated Certificate of Incorporation has been approved in accordance with Sections 245 and 303 of the Delaware General Corporation Law in furtherance of that certain order of the United States Bankruptcy Court for the District of Delaware dated [•], 2017 (the "Order") confirming the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan")[1] and this Restated Certificate of Incorporation is required by the Order.

C.      The Original Certificate of Incorporation is hereby amended and restated to read in its entirety as set forth below:

**FIRST:** The name of the Corporation is Xros, Inc. (the "Corporation").

**SECOND:** The address of the Corporation's registered office in the State of Delaware is at 1209 Orange Street, Wilmington, New Castle County, Delaware 19801. The name of the Corporation's registered agent at such address is The Corporation Trust Company.

**THIRD:** The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with the Amended Plan, and any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

**FOURTH:** The total number of shares of stock which the Corporation is authorized to issue is one (1) share of common stock having a par value of $1.00.

---

[1]      Terms used, but not defined herein, shall have the meanings ascribed to them in the Amended Plan.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in this Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**FIFTH:** The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator") or such other entity as established by the Plan Administrator in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

**SIXTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Director is expressly authorized to make, amend and repeal the by-laws.

**SEVENTH:** A director of the Corporation shall not be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit. If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended.  Any repeal or modification of this provision shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

- 2 -

**EIGHTH:** The Corporation reserves the right to amend and repeal any provision contained in this Restated Certificate of Incorporation in the manner from time to time prescribed by the laws of the State of Delaware. All rights herein conferred are granted subject to this reservation.

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by its duly authorized officer this [•] day of February, 2017.

XROS, INC.

By: _____

Name: John J. Ray III

Title: President

# XROS, INC.

# BYLAWS

## ARTICLE I - DIRECTOR

Section 1.        Number.

The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator") or such other entity as established by the Plan Administrator in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

Section 2.        Powers of the Director.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

Section 3.        Vacancies.

Any vacancy of the Director may be filled by the sole shareholder, who on the Effective Date shall be the Plan Administrator.

Section 4        Compensation of Directors.

The Director, as such, may receive, pursuant to resolution of the Board of Directors, fixed fees and other compensation for his or her services as director.

## ARTICLE II - OFFICERS

Section 1.    Designation.

The officers of the Corporation shall consist of a President, one or more Vice Presidents, a Secretary and a Treasurer and such other officers as may from time to time be appointed by the Director.    Any number of offices may be held by the same person.

Section 2.    Appointment.    The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

Section 3.    Delegation of Authority.

The Director may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

Section 4.    Removal and Resignation.

Any officer of the Corporation may be removed at any time, with or without cause, by the Director.

Any officer may resign at any time by giving written notice to the Director.  Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.    Action with Respect to Securities of Other Corporations.

Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of shareholders of or with respect to any action of shareholders of any other corporation in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

## ARTICLE III - STOCK

Section 1.    Certificates of Stock.

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President, and by the Secretary or an Assistant Secretary, or the Treasurer or an Assistant Treasurer, certifying the number of shares owned by him or her.  Any or all of the signatures on the certificate may be by facsimile.

- 2 -

## ARTICLE IV - MISCELLANEOUS

### Section 1.     Facsimile Signatures.

In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

### Section 2.     Reliance upon Books, Reports and Records.

The Director, and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director or committee member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

### Section 3.     Fiscal Year.

The fiscal year of the Corporation shall be as fixed by the Director.

### Section 4.     Time Periods.

In applying any provision of these Bylaws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

## ARTICLE V - INDEMNIFICATION OF DIRECTORS AND OFFICERS

### Section 1.     Right to Indemnification.

Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in

- 3 -

Section 3 of this ARTICLE V with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director of the Corporation.

Section 2.    Right to Advancement of Expenses.

In addition to the right to indemnification conferred in Section 1 of this ARTICLE V, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

Section 3.    Right of Indemnitee to Bring Suit.

If a claim under Section 1 or 2 of this ARTICLE V is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit. In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the Delaware General Corporation Law. Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit. In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the

- 4 -

burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE V or otherwise shall be on the Corporation.

Section 4.    Non-Exclusivity of Rights.

The rights to indemnification and to the advancement of expenses conferred in this ARTICLE V shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's Certificate of Incorporation, Bylaws, agreement, vote of shareholders or disinterested directors or otherwise.

Section 5.    Insurance.

The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

Section 6.    Indemnification of Employees and Agents of the Corporation.

The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

Section 7.    Nature of Rights.

The rights conferred upon indemnitees in this ARTICLE V shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators. Any amendment, alteration or repeal of this ARTICLE V that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate, or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

ARTICLE VI - AMENDMENTS

These Bylaws may be amended or repealed by the Director at any meeting or by the shareholders at any meeting.

## RESTATED CERTIFICATE

### OF

## INCORPORATION

### OF

## NORTEL NETWORKS OPTICAL COMPONENTS INC.

Nortel Networks Optical Components Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

A.    The name of the Corporation is Nortel Networks Optical Components Inc.  The Corporation's original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on February 5, 2001 under the name Nortel Networks HPOCS Inc. (such original Certificate of Incorporation, as amended, the "Original Certificate of Incorporation").

B.    This Restated Certificate of Incorporation has been approved in accordance with Sections 245 and 303 of the Delaware General Corporation Law in furtherance of that certain order of the United States Bankruptcy Court for the District of Delaware dated [•], 2017 (the "Order") confirming the  First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan")[1] and this Restated Certificate of Incorporation is required by the Order.

C.    The Original Certificate of Incorporation is hereby amended and restated to read in its entirety as set forth below:

**FIRST:** The name of the Corporation is Nortel Networks Optical Components Inc. (the "Corporation").

**SECOND:** The address of the Corporation's registered office in the State of Delaware is at 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of the Corporation's registered agent at such address is The Corporation Trust Company.

**THIRD:** The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with the Amended Plan, and any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

---

[1]    Terms used, but not defined herein, shall have the meanings ascribed to them in the Amended Plan.

**FOURTH:** The total number of shares of stock which the Corporation is authorized to issue is one (1) share of common stock having a par value of $1.00.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in this Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**FIFTH:** The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator") or such other entity as established by the Plan Administrator in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder. Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

**SIXTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Director is expressly authorized to make, amend and repeal the by-laws.

**SEVENTH:** A director of the Corporation shall not be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit. If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended. Any repeal or modification of this provision shall not

- 2 -

adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

**EIGHTH:** The Corporation reserves the right to amend and repeal any provision contained in this Restated Certificate of Incorporation in the manner from time to time prescribed by the laws of the State of Delaware.  All rights herein conferred are granted subject to this reservation.

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by its duly authorized officer this [•] day of February, 2017.

NORTEL NETWORKS OPTICAL
COMPONENTS INC.

By: _____

Name: John J. Ray III
Title: President

- 4 -

# NORTEL NETWORKS OPTICAL COMPONENTS INC.

## BYLAWS

### ARTICLE I - DIRECTOR

Section 1.        Number.

The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator") or such other entity as established by the Plan Administrator in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

Section 2.        Powers of the Director.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

Section 3.        Vacancies.

Any vacancy of the Director may be filled by the sole shareholder, who on the Effective Date shall be the Plan Administrator.

Section 4         Compensation of Directors.

The Director, as such, may receive, pursuant to resolution of the Board of Directors, fixed fees and other compensation for his or her services as director.

## ARTICLE II - OFFICERS

Section 1.      Designation.

The officers of the Corporation shall consist of a President, one or more Vice Presidents, a Secretary and a Treasurer and such other officers as may from time to time be appointed by the Director.   Any number of offices may be held by the same person.

Section 2.      Appointment.   The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

Section 3.      Delegation of Authority.

The Director may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

Section 4.      Removal and Resignation.

Any officer of the Corporation may be removed at any time, with or without cause, by the Director.

Any officer may resign at any time by giving written notice to the Director.   Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.      Action with Respect to Securities of Other Corporations.

Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of shareholders of or with respect to any action of shareholders of any other corporation in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

## ARTICLE III - STOCK

Section 1.      Certificates of Stock.

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President, and by the Secretary or an Assistant Secretary, or the Treasurer or an Assistant Treasurer, certifying the number of shares owned by him or her.   Any or all of the signatures on the certificate may be by facsimile.

- 2 -

## ARTICLE IV - MISCELLANEOUS

Section 1.    Facsimile Signatures.

In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

Section 2.    Reliance upon Books, Reports and Records.

The Director, and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director or committee member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

Section 3.    Fiscal Year.

The fiscal year of the Corporation shall be as fixed by the Director.

Section 4.    Time Periods.

In applying any provision of these Bylaws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

## ARTICLE V - INDEMNIFICATION OF DIRECTORS AND OFFICERS

Section 1.    Right to Indemnification.

Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in

- 3 -

Section 3 of this ARTICLE V with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director of the Corporation.

Section 2.     Right to Advancement of Expenses.

In addition to the right to indemnification conferred in Section 1 of this ARTICLE V, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

Section 3.     Right of Indemnitee to Bring Suit.

If a claim under Section 1 or 2 of this ARTICLE V is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit. In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the Delaware General Corporation Law. Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit. In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the

- 4 -

burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE V or otherwise shall be on the Corporation.

Section 4.    Non-Exclusivity of Rights.

The rights to indemnification and to the advancement of expenses conferred in this ARTICLE V shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's Certificate of Incorporation, Bylaws, agreement, vote of shareholders or disinterested directors or otherwise.

Section 5.    Insurance.

The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

Section 6.    Indemnification of Employees and Agents of the Corporation.

The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

Section 7.    Nature of Rights.

The rights conferred upon indemnitees in this ARTICLE V shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators. Any amendment, alteration or repeal of this ARTICLE V that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate, or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

ARTICLE VI - AMENDMENTS

These Bylaws may be amended or repealed by the Director at any meeting or by the shareholders at any meeting.

- 5 -

# RESTATED CERTIFICATE

## OF

## INCORPORATION

## OF

## NORTEL NETWORKS APPLICATIONS MANAGEMENT SOLUTIONS INC.

Nortel Networks Applications Management Solutions Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

A. The name of the Corporation is Nortel Networks Applications Management Solutions Inc. The Corporation's original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on February 14, 1994 under the name Distributed Technologies Corporation (such original Certificate of Incorporation, as amended, the "Original Certificate of Incorporation").

B. This Restated Certificate of Incorporation has been approved in accordance with Sections 245 and 303 of the Delaware General Corporation Law in furtherance of that certain order of the United States Bankruptcy Court for the District of Delaware dated [•], 2017 (the "Order") confirming the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan")[1] and this Restated Certificate of Incorporation is required by the Order.

C. The Original Certificate of Incorporation is hereby amended and restated to read in its entirety as set forth below:

**FIRST:** The name of the Corporation is Nortel Networks Applications Management Solutions Inc. (the "Corporation").

**SECOND:** The address of the Corporation's registered office in the State of Delaware is at 1209 Orange Street, Wilmington, New Castle County, Delaware 19801. The name of the Corporation's registered agent at such address is The Corporation Trust Company.

**THIRD:** The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with the Amended Plan, and any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

---

[1] Terms used, but not defined herein, shall have the meanings ascribed to them in the Amended Plan.

**FOURTH:** The total number of shares of stock which the Corporation is authorized to issue is one (1) share of common stock having a par value of $1.00.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in this Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**FIFTH:** The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator") or such other entity as established by the Plan Administrator in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder. Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

**SIXTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Director is expressly authorized to make, amend and repeal the by-laws.

**SEVENTH:** A director of the Corporation shall not be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit. If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended. Any repeal or modification of this provision shall not

- 2 -

adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

**EIGHTH:** The Corporation reserves the right to amend and repeal any provision contained in this Restated Certificate of Incorporation in the manner from time to time prescribed by the laws of the State of Delaware.  All rights herein conferred are granted subject to this reservation.

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by its duly authorized officer this [•] day of February, 2017.

NORTEL NETWORKS APPLICATIONS
MANAGEMENT SOLUTIONS INC.

By: _____

Name: John J. Ray III
Title: President

- 4 -

# NORTEL NETWORKS APPLICATIONS

# MANAGEMENT SOLUTIONS INC.

# BYLAWS

## ARTICLE I - DIRECTOR

Section 1.        Number.

The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator") or such other entity as established by the Plan Administrator in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

Section 2.        Powers of the Director.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

Section 3.        Vacancies.

Any vacancy of the Director may be filled by the sole shareholder, who on the Effective Date shall be the Plan Administrator.

Section 4        Compensation of Directors.

The Director, as such, may receive, pursuant to resolution of the Board of Directors, fixed fees and other compensation for his or her services as director.

## ARTICLE II - OFFICERS

Section 1.    Designation.

The officers of the Corporation shall consist of a President, one or more Vice Presidents, a Secretary and a Treasurer and such other officers as may from time to time be appointed by the Director.    Any number of offices may be held by the same person.

Section 2.    Appointment.    The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

Section 3.    Delegation of Authority.

The Director may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

Section 4.    Removal and Resignation.

Any officer of the Corporation may be removed at any time, with or without cause, by the Director.

Any officer may resign at any time by giving written notice to the Director.  Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.    Action with Respect to Securities of Other Corporations.

Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of shareholders of or with respect to any action of shareholders of any other corporation in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

## ARTICLE III - STOCK

Section 1.    Certificates of Stock.

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President, and by the Secretary or an Assistant Secretary, or the Treasurer or an Assistant Treasurer, certifying the number of shares owned by him or her.  Any or all of the signatures on the certificate may be by facsimile.

## ARTICLE IV - MISCELLANEOUS

### Section 1.    Facsimile Signatures.

In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

### Section 2.    Reliance upon Books, Reports and Records.

The Director, and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director or committee member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

### Section 3.    Fiscal Year.

The fiscal year of the Corporation shall be as fixed by the Director.

### Section 4.    Time Periods.

In applying any provision of these Bylaws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

## ARTICLE V - INDEMNIFICATION OF DIRECTORS AND OFFICERS

### Section 1.    Right to Indemnification.

Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in

- 3 -

Section 3 of this ARTICLE V with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director of the Corporation.

Section 2.    Right to Advancement of Expenses.

In addition to the right to indemnification conferred in Section 1 of this ARTICLE V, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

Section 3.    Right of Indemnitee to Bring Suit.

If a claim under Section 1 or 2 of this ARTICLE V is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit. In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the Delaware General Corporation Law. Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit. In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the

- 4 -

burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE V or otherwise shall be on the Corporation.

Section 4.    Non-Exclusivity of Rights.

The rights to indemnification and to the advancement of expenses conferred in this ARTICLE V shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's Certificate of Incorporation, Bylaws, agreement, vote of shareholders or disinterested directors or otherwise.

Section 5.    Insurance.

The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

Section 6.    Indemnification of Employees and Agents of the Corporation.

The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

Section 7.    Nature of Rights.

The rights conferred upon indemnitees in this ARTICLE V shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators. Any amendment, alteration or repeal of this ARTICLE V that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate, or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

## ARTICLE VI - AMENDMENTS

These Bylaws may be amended or repealed by the Director at any meeting or by the shareholders at any meeting.

- 5 -

RESTATED CERTIFICATE

OF

INCORPORATION

OF

CORETEK, INC.

CoreTek, Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

A.      The name of the Corporation is CoreTek, Inc.  The Corporation's original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on April 8, 1998 (such original Certificate of Incorporation, as amended, the "Original Certificate of Incorporation").

B.      This Restated Certificate of Incorporation has been approved in accordance with Sections 245 and 303 of the Delaware General Corporation Law in furtherance of that certain order of the United States Bankruptcy Court for the District of Delaware dated [•], 2017 (the "Order") confirming the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan")[1] and this Restated Certificate of Incorporation is required by the Order.

C.      The Original Certificate of Incorporation is hereby amended and restated to read in its entirety as set forth below:

**FIRST:**  The name of the Corporation is CoreTek, Inc. (the "Corporation").

**SECOND:**  The address of the Corporation's registered office in the State of Delaware is at 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of the Corporation's registered agent at such address is The Corporation Trust Company.

**THIRD:**  The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with the Amended Plan, and any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

**FOURTH:**  The total number of shares of stock which the Corporation is authorized to issue is one (1) share of common stock having a par value of $1.00.

---

[1]    Terms used, but not defined herein, shall have the meanings ascribed to them in the Amended Plan.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in this Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**FIFTH:** The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator") or such other entity as established by the Plan Administrator in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder. Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

**SIXTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Director is expressly authorized to make, amend and repeal the by-laws.

**SEVENTH:** A director of the Corporation shall not be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit. If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended. Any repeal or modification of this provision shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

**EIGHTH:** The Corporation reserves the right to amend and repeal any provision contained in this Restated Certificate of Incorporation in the manner from time to time prescribed by the laws of the State of Delaware. All rights herein conferred are granted subject to this reservation.

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by its duly authorized officer this [•] day of February, 2017.

CORETEK INC.

By: _____

Name: John J. Ray III

Title: President

# CORETEK, INC.

# BYLAWS

## ARTICLE I - DIRECTOR

Section 1.    Number.

The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator") or such other entity as established by the Plan Administrator in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

Section 2.    Powers of the Director.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

Section 3.    Vacancies.

Any vacancy of the Director may be filled by the sole shareholder, who on the Effective Date shall be the Plan Administrator.

Section 4    Compensation of Directors.

The Director, as such, may receive, pursuant to resolution of the Board of Directors, fixed fees and other compensation for his or her services as director.

## ARTICLE II - OFFICERS

Section 1.    Designation.

The officers of the Corporation shall consist of a President, one or more Vice Presidents, a Secretary and a Treasurer and such other officers as may from time to time be appointed by the Director.    Any number of offices may be held by the same person.

Section 2.    Appointment.    The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

Section 3.    Delegation of Authority.

The Director may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

Section 4.    Removal and Resignation.

Any officer of the Corporation may be removed at any time, with or without cause, by the Director.

Any officer may resign at any time by giving written notice to the Director.    Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.    Action with Respect to Securities of Other Corporations.

Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of shareholders of or with respect to any action of shareholders of any other corporation in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

## ARTICLE III - STOCK

Section 1.    Certificates of Stock.

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President, and by the Secretary or an Assistant Secretary, or the Treasurer or an Assistant Treasurer, certifying the number of shares owned by him or her.    Any or all of the signatures on the certificate may be by facsimile.

## ARTICLE IV - MISCELLANEOUS

Section 1.    Facsimile Signatures.

In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

Section 2.    Reliance upon Books, Reports and Records.

The Director, and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director or committee member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

Section 3.    Fiscal Year.

The fiscal year of the Corporation shall be as fixed by the Director.

Section 4.    Time Periods.

In applying any provision of these Bylaws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

## ARTICLE V - INDEMNIFICATION OF DIRECTORS AND OFFICERS

Section 1.    Right to Indemnification.

Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in

- 3 -

Section 3 of this ARTICLE V with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director of the Corporation.

Section 2.      Right to Advancement of Expenses.

In addition to the right to indemnification conferred in Section 1 of this ARTICLE V, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

Section 3.      Right of Indemnitee to Bring Suit.

If a claim under Section 1 or 2 of this ARTICLE V is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit. In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the Delaware General Corporation Law. Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit. In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the

- 4 -

burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE V or otherwise shall be on the Corporation.

Section 4.    Non-Exclusivity of Rights.

The rights to indemnification and to the advancement of expenses conferred in this ARTICLE V shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's Certificate of Incorporation, Bylaws, agreement, vote of shareholders or disinterested directors or otherwise.

Section 5.    Insurance.

The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

Section 6.    Indemnification of Employees and Agents of the Corporation.

The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

Section 7.    Nature of Rights.

The rights conferred upon indemnitees in this ARTICLE V shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators. Any amendment, alteration or repeal of this ARTICLE V that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate, or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

## ARTICLE VI - AMENDMENTS

These Bylaws may be amended or repealed by the Director at any meeting or by the shareholders at any meeting.

- 5 -

# RESTATED CERTIFICATE

## OF

## INCORPORATION

## OF

## NORTEL ALTSYSTEMS INTERNATIONAL INC.

Nortel Altsystems International Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

A.    The name of the Corporation is Nortel Altsystems International Inc.    The Corporation's original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on June 3, 1997 under the name Alteon Networks International, Inc. (such original Certificate of Incorporation, as amended, the "Original Certificate of Incorporation").

B.    This Restated Certificate of Incorporation has been approved in accordance with Sections 245 and 303 of the Delaware General Corporation Law in furtherance of that certain order of the United States Bankruptcy Court for the District of Delaware dated [•], 2017 (the "Order") confirming the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan")[1] and this Restated Certificate of Incorporation is required by the Order.

C.    The Original Certificate of Incorporation is hereby amended and restated to read in its entirety as set forth below:

**FIRST:** The name of the Corporation is Nortel Altsystems International Inc. (the "Corporation").

**SECOND:** The address of the Corporation's registered office in the State of Delaware is at 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of the Corporation's registered agent at such address is The Corporation Trust Company.

**THIRD:** The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with the Amended Plan, and any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

---

[1]    Terms used, but not defined herein, shall have the meanings ascribed to them in the Amended Plan.

**FOURTH:** The Corporation is authorized to issue only one class of stock, to be designated Common Stock. The total number of shares of Common Stock presently authorized is One Hundred (100), each having a par value of one-tenth of one cent ($.001) per share.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in this Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**FIFTH:** The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Nortel Altsystems Inc., or such other entity as established by Nortel Altsystems Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder. Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

**SIXTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Director is expressly authorized to make, amend and repeal the by-laws.

**SEVENTH:** A director of the Corporation shall not be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit. If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended. Any repeal or modification of this provision shall not

- 2 -

adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

**EIGHTH:** The Corporation reserves the right to amend and repeal any provision contained in this Restated Certificate of Incorporation in the manner from time to time prescribed by the laws of the State of Delaware. All rights herein conferred are granted subject to this reservation.

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by its duly authorized officer this [•] day of February, 2017.

**NORTEL ALTSYSTEMS INTERNATIONAL INC.**

By: _____

Name: John J. Ray III

Title: President

- 4 -

# NORTEL ALTSYSTEMS INTERNATIONAL INC.

## BYLAWS

### ARTICLE I - DIRECTOR

#### Section 1.    Number.

The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Nortel Altsystems Inc., or such other entity as established by Nortel Altsystems Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Amended Plan.

#### Section 2.    Powers of the Director.

The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  The Director, acting at the direction of the sole shareholder, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

#### Section 3.    Vacancies.

Any vacancy of the Director may be filled by the sole shareholder, who on the Effective Date shall be Nortel Altsystems Inc.

#### Section 4    Compensation of Directors.

The Director, as such, may receive, pursuant to resolution of the Board of Directors, fixed fees and other compensation for his or her services as director.

### ARTICLE II - OFFICERS

#### Section 1.    Designation.

The officers of the Corporation shall consist of a President, one or more Vice Presidents, a Secretary and a Treasurer and such other officers as may from time to time be

appointed by the Director.    Any number of offices may be held by the same person.

Section 2.    Appointment.    The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

Section 3.    Delegation of Authority.

The Director may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

Section 4.    Removal and Resignation.

Any officer of the Corporation may be removed at any time, with or without cause, by the Director.

Any officer may resign at any time by giving written notice to the Director.  Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.    Action with Respect to Securities of Other Corporations.

Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of shareholders of or with respect to any action of shareholders of any other corporation in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

## ARTICLE III - STOCK

Section 1.    Certificates of Stock.

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President, and by the Secretary or an Assistant Secretary, or the Treasurer or an Assistant Treasurer, certifying the number of shares owned by him or her.  Any or all of the signatures on the certificate may be by facsimile.

## ARTICLE IV - MISCELLANEOUS

Section 1.    Facsimile Signatures.

In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

Section 2.     Reliance upon Books, Reports and Records.

The Director, and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director or committee member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

Section 3.     Fiscal Year.

The fiscal year of the Corporation shall be as fixed by the Director.

Section 4.     Time Periods.

In applying any provision of these Bylaws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

## ARTICLE V - INDEMNIFICATION OF DIRECTORS AND OFFICERS

Section 1.     Right to Indemnification.

Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in Section 3 of this ARTICLE V with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director of the Corporation.

Section 2.     Right to Advancement of Expenses.

In addition to the right to indemnification conferred in Section 1 of this ARTICLE

- 3 -

V, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

Section 3.    Right of Indemnitee to Bring Suit.

If a claim under Section 1 or 2 of this ARTICLE V is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim. To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit. In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the Delaware General Corporation Law. Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel, or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit. In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE V or otherwise shall be on the Corporation.

Section 4.    Non-Exclusivity of Rights.

The rights to indemnification and to the advancement of expenses conferred in this ARTICLE V shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's Certificate of Incorporation, Bylaws,

- 4 -

agreement, vote of shareholders or disinterested directors or otherwise.

Section 5.    Insurance.

The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

Section 6.    Indemnification of Employees and Agents of the Corporation.

The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

Section 7.    Nature of Rights.

The rights conferred upon indemnitees in this ARTICLE V shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators. Any amendment, alteration or repeal of this ARTICLE V that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate, or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

## ARTICLE VI - AMENDMENTS

These Bylaws may be amended or repealed by the Director at any meeting or by the shareholders at any meeting.

- 5 -

**AMENDED AND RESTATED**

**ARTICLES OF INCORPORATION**

**OF**

**NORTEL NETWORKS (CALA) INC.**

Pursuant to Sections 607.1003 and 607.1008 of the Florida Statutes, NORTEL NETWORKS (CALA) INC., a Florida corporation (the "Corporation"), certifies that:

These Amended and Restated Articles of Incorporation amend and restate the Articles of Incorporation in their entirety. These Amended and Restated Articles of Incorporation were duly adopted by the sole shareholder acting by unanimous written consent, dated as of [•] day of February, 2017. Further, in accordance with Section 607.1008 of the Florida Statutes, these Amended and Restated Articles of Incorporation were also approved pursuant to a provision contained in an order by the Hon. Judge Kevin Gross of the United States Bankruptcy Court for the District of Delaware, having jurisdiction pursuant to the United States Bankruptcy Code over a proceeding for the reorganization of the Corporation in the matter of In re Nortel Networks Inc., et al., case number 09-10138 (KG), which order was confirmed and approved on [•], 2017.

The text of the Corporation's Articles of Incorporation is hereby amended and restated in its entirety, effective as of the date of filing of these Amended and Restated Articles of Incorporation with the Secretary of State of Florida, to read as follows:

**ARTICLE I**

**NAME**

The name of this Corporation shall be:

NORTEL NETWORKS (CALA) INC.

**ARTICLE II**

**NATURE OF BUSINESS**

The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with that certain First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of Its Affiliated Debtors, approved by the United States Bankruptcy Court for the District of Delaware and dated as of [•], 2017, as amended, restated or superseded from time to time, any other lawful act or activity for which a corporation may be organized under the laws of the State of Florida in furtherance thereof and any lawful act or activity for which corporations may be organized under the laws of the State of Florida.

## ARTICLE III

## CAPITAL STOCK

The authorized capital stock of the Corporation shall consist solely of 50,000 shares of Common Stock having a par value of $1.00 per share.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in these Amended and Restated Articles of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

## ARTICLE IV

## LIMITATION OF LIABILITY

The liability of the directors of the corporation for monetary damages shall be eliminated to the fullest extent permissible under Florida law.

## ARTICLE V

## SHAREHOLDER AGREEMENT

The governance, management and exercise of corporate powers of the Corporation are subject to an agreement of the sole shareholder of the Corporation pursuant to Section 607.0732 of the Florida Statutes and set forth in the by-laws of the Corporation.

## ARTICLE VI

## AMENDMENT

The Corporation reserves the right to amend and repeal any provision contained in these Amended and Restated Articles of Incorporation in the manner from time to time prescribed by the laws of the State of Florida. All rights herein conferred are granted subject to this reservation.

## ARTICLE VII

## TERM OF EXISTENCE

The Corporation shall exist perpetually unless dissolved according to law.

2

## ARTICLE VIII

### ADDRESS OF PRINCIPAL OFFICE

The initial street address of the principal office of the Corporation in the state of Florida shall be:

> 4001 E. Chapel Hill Nelson Hwy.
> Durham, NC 27709

The director(s) may from time to time move the principal office to any other address within or without the State of Florida.

## ARTICLE IX

### REGISTERED AGENT

The address of the registered agent of the Corporation is 1200 South Pine Island Rd., Plantation, FL 33324. The name of the registered agent of the Corporation at that address is C T Corporation System.

## ARTICLE X

### INCORPORATOR - NAME AND STREET ADDRESS

The name and street address of the incorporator of the Corporation is as follows:

| Name | Street Address |
|------|----------------|
| Richard J. Bischoff | 1301 Alfred I. duPont Building
169 East Flagler Street
Miami, Florida  33131 |

*[Remainder of page intentionally left blank. Signature page follows.]*

3

**IN WITNESS WHEREOF**, the undersigned, for the purpose of amending and restating the Corporation's Articles of Incorporation pursuant to Sections 607.1003 and 607.1008 of the Florida Statutes, executed these Amended and Restated Articles of Incorporation on this [•] day of February, 2017.

**NORTEL NETWORKS (CALA) INC.**

_____
John J. Ray, III, President

4

AMENDED AND RESTATED BY-LAWS

OF

NORTEL NETWORKS (CALA) INC.

———————————————————

ARTICLE I

Bankruptcy Proceedings and Background

SECTION 1.  Bankruptcy Proceedings.  On July 14, 2009, the corporation (the "Corporation") filed a voluntary petition for relief with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

SECTION 2.  Joint Chapter 11 Plan.  In furtherance of the voluntary petition filed with the Bankruptcy Court, the Corporation and certain of its affiliates negotiated and agreed on that certain First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan").  Pursuant to the Amended Plan, the sole shareholder of the Corporation approved the governance and management of the Corporation to be as

set forth in these by-laws (these "By-Laws"), which By-Laws shall constitute an agreement by the sole shareholder of a corporation with 100 or fewer shareholders at the time of the agreement pursuant to Section 607.0732 of the Florida Statutes.

ARTICLE II

Director of the Corporation

SECTION 1.  Director of the Corporation. The sole director of the Corporation (the "Director") shall be the person appointed from time to time by Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator"). The Director shall act at the direction of the Plan Administrator and in accordance with the Amended Plan.

SECTION 2.  Powers of the Director. The Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder. Without limiting the generality of the foregoing, in accordance with the requirements of the Amended Plan and the terms of

the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the Plan Administrator, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. The Director, acting at the direction of the Plan Administrator, may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

SECTION 3. Removal. The Plan Administrator may remove the Director for any reason or for no reason.

SECTION 4. <u>Vacancies</u>. Any vacancy of the Director may be filled by the Plan Administrator.

SECTION 5. <u>Written Consent</u>. Any action of the Director may be taken by a written consent signed by the Director.

SECTION 6. <u>Compensation</u>. The Director, as such, may receive, pursuant to a resolution of the Director, fixed fees and other compensation for his or her services as director.

ARTICLE III

<u>Officers</u>

SECTION 1. <u>Designation</u>. The Corporation may have a President, one or more Vice Presidents, a Secretary and a Treasurer. The Corporation may also have, at the discretion of the Director, such other officers as the Director deems appropriate or necessary. One person may hold two or more offices.

SECTION 2. <u>Appointment</u>. The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

SECTION 3. <u>Delegation of Authority</u>. The Director may from time to time delegate the duties of

4

any officer to any other officer or agent, notwithstanding any provision hereof.

SECTION 4. <u>Removal and Resignation</u>. Any officer may be removed, either with or without cause, by the Director at any time.

Any officer may resign at any time by giving written notice to the Director. Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

SECTION 5. <u>Vacancies</u>. A vacancy in any office because of death, resignation, removal, disqualification or any other cause shall be filled by the Director.

SECTION 6. <u>Action with Respect to Securities of Other Corporations</u>. Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of stockholders of or with respect to any action of stockholders of any other corporation in which this

5

Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

ARTICLE IV

Evidence of Stock Ownership

SECTION 1. Certificated Shares. The Corporation may certificate its shares, as determined by the Director. Certificates shall be signed by the officer or officers designated by the Director. The certificates shall set forth: (a) the name of the Corporation and that the Corporation is organized under the laws of the State of Florida; (b) the name of the person to whom the shares are issued; and (c) the number and class of shares and the designation of the series, if any, the certificate represents.

SECTION 2. Certificated Shares: Existence of Shareholder Agreement. Each certificate of stock of the Corporation, if any, shall bear a legend noted conspicuously on the front or back of the certificate substantially in the following form:

THE SECURITIES REPRESENTED BY THIS CERTIFICATE AND THE MANAGEMENT AND

6

GOVERNANCE OF THE CORPORATION ARE SUBJECT TO A SHAREHOLDER'S AGREEMENT PURSUANT TO SECTION 607.0732 OF THE FLORIDA STATUTES SET FORTH IN THE BY-LAWS OF THE CORPORATION. A COPY OF THE BY-LAWS OF THE CORPORATION WILL BE FURNISHED WITHOUT CHARGE BY THE CORPORATION TO THE HOLDER HEREOF UPON WRITTEN REQUEST.

SECTION 3. Uncertificated Shares. To the extent the Corporation does not certificate its shares, the Corporation shall, within a reasonable time after the issue or transfer of shares without certificates, send the shareholder a written statement setting forth: (a) the name of the Corporation and that the Corporation is organized under the laws of the State of Florida; (b) the name of the person to whom the uncertified shares are issued; and (c) the number and class of shares and the designation of the series, if any, the written statement represents.

SECTION 4. Uncertificated Shares: Existence of Shareholder Agreement. To the extent the Corporation does not certificate its shares, the Corporation shall, at or prior to the time of the purchase of the shares, deliver an information

7

statement to the purchaser substantially in the
following form:

> THE SECURITIES THAT ARE THE SUBJECT OF THIS
> INFORMATION STATEMENT AND THE MANAGEMENT AND
> GOVERNANCE OF THE CORPORATION ARE SUBJECT TO
> A SHAREHOLDER'S AGREEMENT PURSUANT TO
> SECTION 607.0732 OF THE FLORIDA STATUTES SET
> FORTH IN THE BY-LAWS OF THE CORPORATION. A
> COPY OF THE BY-LAWS OF THE CORPORATION WILL
> BE FURNISHED WITHOUT CHARGE BY THE
> CORPORATION TO THE RECIPIENT OF THIS
> INFORMATION STATEMENT UPON WRITTEN REQUEST.

## ARTICLE V

### Miscellaneous

SECTION 1. Facsimile  Signatures. In
addition to the provisions for use of facsimile
signatures elsewhere specifically authorized in these
By-Laws, facsimile signatures of any officer or
officers of the Corporation may be used whenever and
as authorized by the Director.

SECTION 2. Reliance Upon Books, Reports and
Records. The Director and each officer of the
Corporation shall, in the performance of his or her
duties, be fully protected in relying in good faith

8

upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the board of directors of the Corporation so designated, if any, or by any other person as to matters which the Director or such officer reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

SECTION 3.  Fiscal Year.  The fiscal year of the Corporation shall be as fixed by the Director.

SECTION 4.  Time Periods.  In applying any provision of these By-Laws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

ARTICLE VI

Amendment to By-Laws and Shareholder's Agreement

These By-Laws and the shareholder's agreement set forth herein may be amended or terminated only by all persons who are shareholders at the time of the termination or amendment, provided that these By-Laws and the shareholder's agreement set forth herein may be amended by the Director to the extent such amendments do not change the designation, rights, preferences or limitations of any of the shares of the Corporation.

ARTICLE VII

Indemnification

SECTION 1. Right to Indemnification. Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other

10

enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Florida law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in Section 3 of this ARTICLE VII with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if

11

such proceeding (or part thereof) was authorized by
the Director.

SECTION 2. Right to Advancement of
Expenses. In addition to the right to indemnification
conferred in Section 1 of this ARTICLE VII, an
indemnitee shall also have the right to be paid by the
Corporation the expenses (including attorney's fees)
incurred in defending any such proceeding in advance
of its final disposition (hereinafter an "advancement
of expenses"); provided, however, that, if the Florida
Business Corporation Act requires, an advancement of
expenses incurred by an indemnitee in his or her
capacity as a director or officer (and not in any
other capacity in which service was or is rendered by
such indemnitee, including, without limitation,
service to an employee benefit plan) shall be made
only upon delivery to the Corporation of an
undertaking (hereinafter an "undertaking"), by or on
behalf of such indemnitee, to repay all amounts so
advanced if it shall ultimately be determined by final
judicial decision from which there is no further right
to appeal (hereinafter a "final adjudication") that
such indemnitee is not entitled to be indemnified for
such expenses under this Section 2 or otherwise.

12

SECTION 3. <u>Right of Indemnitee to Bring</u>
<u>Suit</u>. If a claim under Section 1 or 2 of this ARTICLE
VII is not paid in full by the Corporation within 60
days after a written claim has been received by the
Corporation, except in the case of a claim for an
advancement of expenses, in which case the applicable
period shall be 20 days, the indemnitee may at any
time thereafter bring suit against the Corporation to
recover the unpaid amount of the claim. To the
fullest extent permitted by law, if successful in
whole or in part in any such suit, or in a suit
brought by the Corporation to recover an advancement
of expenses pursuant to the terms of an undertaking,
the indemnitee shall be entitled to be paid also the
expense of prosecuting or defending such suit. In (i)
any suit brought by the indemnitee to enforce a right
to indemnification hereunder (but not in a suit
brought by the indemnitee to enforce a right to an
advancement of expenses) it shall be a defense that,
and (ii) in any suit brought by the Corporation to
recover an advancement of expenses pursuant to the
terms of an undertaking, the Corporation shall be
entitled to recover such expenses upon a final
adjudication that, the indemnitee has not met any

13

applicable standard for indemnification set forth in
the Florida Business Corporation Act. Neither the
failure of the Corporation (including its directors
who are not parties to such action, if any,
independent legal counsel, or its shareholders) to
have made a determination prior to the commencement of
such suit that indemnification of the indemnitee is
proper in the circumstances because the indemnitee has
met the applicable standard of conduct set forth in
the Florida Business Corporation Act, nor an actual
determination by the Corporation (including its
directors who are not parties to such action, if any,
independent legal counsel, or its shareholders) that
the indemnitee has not met such applicable standard of
conduct, shall create a presumption that the
indemnitee has not met the applicable standard of
conduct or, in the case of such a suit brought by the
indemnitee, be a defense to such suit. In any suit
brought by the indemnitee to enforce a right to
indemnification or to an advancement of expenses
hereunder, or brought by the Corporation to recover an
advancement of expenses pursuant to the terms of an
undertaking, the burden of proving that the indemnitee
is not entitled to be indemnified, or to such

14

advancement of expenses, under this ARTICLE VII or otherwise shall be on the Corporation.

SECTION 4. <u>Non-Exclusivity of Rights</u>. The rights to indemnification and to the advancement of expenses conferred in this ARTICLE VII shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's articles of incorporation, By-Laws, agreement, vote of shareholders or disinterested directors or otherwise.

SECTION 5. <u>Insurance</u>. The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Florida Business Corporation Act.

SECTION 6. <u>Indemnification of Employees and Agents of the Corporation</u>. The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of

15

the Corporation to the fullest extent of the
provisions of this ARTICLE VII with respect to the
indemnification and advancement of expenses of
directors and officers of the Corporation.

SECTION 7. Nature of Rights. The rights
conferred upon indemnitees in this ARTICLE VII shall
be contract rights and such rights shall continue as
to an indemnitee who has ceased to be a director,
officer or trustee and shall inure to the benefit of
the indemnitee's heirs, executors and administrators.
Any amendment, alteration or repeal of this ARTICLE
VII that adversely affects any right of an indemnitee
or its successors shall be prospective only and shall
not limit, eliminate, or impair any such right with
respect to any proceeding involving any occurrence or
alleged occurrence of any action or omission to act
that took place prior to such amendment, alteration or
repeal.

ARTICLE VIII

Severability

The provisions of these By-Laws shall be
separable each from any and all other provisions of
these By-Laws and, if any such provision shall be

16

adjudged to be invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision hereof, or the powers granted to this Corporation by the Articles of Incorporation or these By-Laws.

THIS CERTIFIES that the foregoing constitutes the By-Laws of Nortel Networks (CALA) Inc., as amended and restated by the Corporation's shareholder, on the [•] day of February, 2017.

_____

John J. Ray, III,

President

17

**CERTIFICATE OF AMENDED AND RESTATED**

**ARTICLES OF INCORPORATION**

**OF**

**SONOMA SYSTEMS**

The undersigned hereby certifies that:

1. He is the Principal Officer of Sonoma Systems, a California corporation (the "Corporation").

2. In accordance with Section 1400 of the California Corporations Code, the Amended and Restated Articles of Incorporation of the Corporation set forth below were approved pursuant to a provision contained in an order by the Hon. Judge Kevin Gross of the United States Bankruptcy Court for the District of Delaware, having jurisdiction pursuant to the United States Bankruptcy Code over a proceeding of the Corporation in the matter of In re Nortel Networks Inc., et al., case number 09-10138 (KG), which order was confirmed and approved on [•], 2017.

3. The articles of incorporation of the Corporation are hereby amended and restated in their entirety to read as set forth in Exhibit A hereto.

4. The undersigned declares under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of his own knowledge.

*[Remainder of page intentionally left blank. Signature page follows.]*

**IN WITNESS WHEREOF,** the undersigned, for the purpose of amending and restating the Corporation's Articles of Incorporation pursuant to Section 1400 of the California Corporation Code, executed these Amended and Restated Articles of Incorporation on this [•] day of February, 2017.

**SONOMA SYSTEMS**

_____

John J. Ray, III, President

2

**Exhibit A**

**AMENDED AND RESTATED**

**ARTICLES OF INCORPORATION**

**OF**

**SONOMA SYSTEMS**

---

**I**

The name of the corporation is Sonoma Systems.

**II**

The purpose of the corporation is to monetize, liquidate and distribute the corporation's assets in accordance with that certain First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of Its Affiliated Debtors, approved by the United States Bankruptcy Court for the District of Delaware and dated as of [•], 2017, as amended, restated or superseded from time to time, and to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California in furtherance thereof, other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

**III**

The corporation is authorized to issue one class of shares, designated as Common Stock. The number of shares of Common Stock authorized to be issued is one (1) no par value.

**IV**

Notwithstanding anything to the contrary herein, the corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of nonvoting equity securities is included in these Amended and Restated Articles of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**V**

The liability of the directors of the corporation for monetary damages shall be eliminated to the fullest extent permissible under California law.

3

**AMENDED AND RESTATED**

**BY-LAWS**

**OF**

**SONOMA SYSTEMS**

**ARTICLE I**

**Bankruptcy Proceedings and Background**

1.     **Bankruptcy Proceedings**.   On January 14, 2009, the corporation (the "Corporation") filed a voluntary petition for relief with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2.     **Joint Chapter 11 Plan.**  In furtherance of the voluntary petition filed with the Bankruptcy Court, the Corporation and certain of its affiliates negotiated and agreed on that certain First Amended Joint Chapter 11 Plan of Nortel Networks, Inc. and Certain of its Affiliated Debtors, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Amended Plan"). Pursuant to the Amended Plan, and in accordance with an order by the Hon. Judge Kevin Gross of the Bankruptcy Court, having jurisdiction pursuant to the Bankruptcy Code over a proceeding of the Corporation in the matter of In re Nortel Networks Inc., et al., case number 09-10138 (KG), which order was confirmed and approved on [•], 2017 (the "Order"), the Corporation amended these by-laws (the "By-Laws") as of the date hereof in conformance with Section 1400 of the California Corporations Code.

## ARTICLE II

### Director of the Corporation

1.    **Director of the Corporation.**  The sole director of the Corporation (the "Director") shall be the person appointed from time to time by Greylock Partners, LLC, the bankruptcy plan administrator under the Amended Plan (as replaced, substituted or superseded from time to time, the "Plan Administrator"). As permitted by Section 1400 of the California Corporations Code, the Director shall act at the direction of the Plan Administrator and in accordance with the Amended Plan.

2.    **Powers of the Director.**  As permitted by Section 1400 of the California Corporations Code, the Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder. Without limiting the generality of the foregoing, in accordance with Section 1400 of the California Corporations Code and the requirements of the Amended Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2017 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director, acting at the direction of the Plan Administrator, may take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Amended Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. The Director, acting at the direction of the Plan Administrator, may take and cause the Corporation to take any

2

and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

3.      **Removal.**  The Plan Administrator may remove the Director for any reason or for no reason.

4.      **Vacancies.**  Any vacancy of the Director may be filled by the Plan Administrator.

5.      **Written Consent.**  Any action of the Director may be taken by a written consent signed by the Director.

6.      **Compensation.**  The Director, as such, may receive, pursuant to a resolution of the Director, fixed fees and other compensation for his or her services as director.

## ARTICLE III

### Officers

1.      **Designation.**  The Corporation may have a President, one or more Vice Presidents, a Secretary and a Treasurer.  The Corporation may also have, at the discretion of the Director, such other officers as the Director deems appropriate or necessary.  One person may hold two or more offices.

2.      **Appointment.**      The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

3.      **Delegation of Authority.**  The Director may from time to time delegate the duties of any officer to any other officer or agent, notwithstanding any provision hereof.

3

4.     **Removal and Resignation.**  Any officer may be removed, either with or without cause, by the Director at any time.

Any officer may resign at any time by giving written notice to the Director.  Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

5.     **Vacancies.**  A vacancy in any office because of death, resignation, removal, disqualification or any other cause shall be filled by the Director.

6.     **Action with Respect to Securities of Other Corporations.**
Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of stockholders of or with respect to any action of stockholders of any other corporation in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other corporation.

## ARTICLE IV

## Certificates of Stock

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President, and by the Secretary or an assistant secretary, or the Treasurer or an assistant treasurer, certifying the number of shares owned by him or her.  Any or all of the signatures on the certificate may be by facsimile.

4

## ARTICLE V

### Miscellaneous

1.  **Facsimile Signatures.**  In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these By-Laws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

2.  **Reliance Upon Books, Reports and Records.**  The Director and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the board of directors of the Corporation so designated, if any, or by any other person as to matters which the Director or such officer reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

3.  **Fiscal Year.**  The fiscal year of the Corporation shall be as fixed by the Director.

4.  **Time Periods.**  In applying any provision of these By-Laws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded, and the day of the event shall be included.

5

## ARTICLE VI

### Indemnification

1. **Rights to Indemnification.** Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee, or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by California law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in Section 3 of this ARTICLE VI with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director.

6

2.    **Right to Advancement of Expenses.**  In addition to the right to indemnification conferred in Section 1 of this ARTICLE VI, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the California General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

3.    **Rights of Indemnitee to Bring Suit.**  If a claim under Section 1 or 2 of this ARTICLE VI is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim.  To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit.  In (i) any

7

suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the California General Corporation Law.  Neither the failure of the Corporation (including its directors who are not parties to such action, if any, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the California General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, if any, independent legal counsel, or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit.  In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE VI or otherwise shall be on the Corporation.

4.    **Non-Exclusivity of Rights.**  The rights to indemnification and to the advancement of expenses conferred in this ARTICLE VI shall not be exclusive of

8

any other right which any person may have or hereafter acquire under any statute, the Corporation's articles of incorporation, By-Laws, agreement, vote of stockholders or disinterested directors, if any, or otherwise.

5.     **Insurance.**   The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the California General Corporation Law.

6.     **Indemnification of Employees and Agents of the Corporation.** The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this ARTICLE VI with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

7.     **Nature of Rights.**   The rights conferred upon indemnitees in this ARTICLE VI shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators.  Any amendment, alteration or repeal of this ARTICLE VI that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate, or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

9

THIS CERTIFIES that the foregoing constitutes the By-Laws of Sonoma Systems, as amended and restated by the Corporation pursuant to the Order, on the [•] day of February, 2017.

_____

John J. Ray, III, President

4

**Exhibit H**

## **Wind Down Debtors to be Dissolved Following Final Distribution Date**

Nortel Networks Inc. (NNI)

Nortel Networks Capital Corporation (NNCC)

Nortel Altsystems Inc.

Nortel Altsystems International Inc.

Xros, Inc.

Sonoma Systems

Qtera Corporation

CoreTek, Inc.

Nortel Networks Applications Management Solutions Inc.

Nortel Networks Optical Components Inc.

Nortel Networks HPOCS Inc.

Architel Systems (U.S.) Corporation

Nortel Networks International Inc. (NNII)

Northern Telecom International Inc.

Nortel Networks Cable Solutions Inc.

Nortel Networks (CALA) Inc.

2