

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

---

### STATEMENT OF PDS LEGAL PURSUANT TO FED. R. BANKR. P. 2014 AND ORDER AUTHORIZING DEBTORS TO EMPLOY, RETAIN AND COMPENSATE PROFESSIONALS IN THE ORDINARY COURSE

I, <u>Deepak Chopra</u>, do hereby declare as follows:

1. I am an <u>Executive Director</u> of/at PDS Legal, located at <u>Office No. 7 Atmaram Mansion, K G Marg, New Delhi - 110001</u> (the "<u>Firm</u>").

2. The Firm has been retained by Nortel Networks India International Inc. ("<u>NNIII</u>") pursuant to the Order Authorizing the Retention and Payment of Professionals utilized

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.



in the Ordinary Course *nunc pro tunc* to the Petition Date, dated February 5, 2009 (D.I. 236) (the "OCP Order") to provide services to NNIII.[2]

3. The nature and scope of the services to be provided to NNIII by the Firm are as follows –

*For Assessment Years ('AY(s)') 2006-07, 2007-08, 2009-10 and 2010-11:*

    a. Representing NNIII before the Delhi bench of the Income Tax Appellate Tribunal ("ITAT") in respect of appeals filed by NNIII against the Commissioner (Appeals)/Final assessment order post Dispute Resolution Panel ("DRP") proceedings, on the issue as to whether NNIII is taxable in India on account of the supply of certain Nortel telecom equipment (mainly hardware) to Indian customers.

    b. Drafting appeals/ writs/ applications etc. that may be filed by NNIII or the Indian income tax authorities before the Delhi High Court against any order passed by the ITAT.

    c. Other litigation services that may be required by NNIII from time to time in respect of its open matters before the Indian income tax authorities or appellate authorities, which may include penalty proceedings, stay of demand and rectification matters, among others.

---

[2] The OCP Order is applicable to NNIII through the Order to Have Previously Entered Orders as Supplemented Govern Nortel Networks India International Inc. filed on the NNIII bankruptcy docket, No. 16-11714-KG [D.I. 15].



*For Assessment Years ('AY(s)') 2003-04 to 2005-06 and 2008-09:*

    a.    Drafting, Filing & Representation of caveats before the Supreme Court and also in relation to any appeal that may be filed by the Indian income tax authorities before the Supreme Court.

    b.    Other litigation services related to income tax that may be required by NNIII from time to time in respect of its open matters before the Indian income tax authorities or appellate authorities, which may include penalty proceedings, stay of demand and rectification matters, among others.

4.    Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief, other than in connection with providing professional services to NNIII and as otherwise provided herein, it does not have any connection with NNIII, the creditors, the United States Trustee, any person employed by the United States Trustee or any other party with an actual or potential interest in the Debtors' chapter 11 cases or their respective attorneys or accountants.  [The Firm presently represents certain affiliates of NNIII that are undergoing insolvency proceedings in Canada, including a creditor of NNIII (Nortel Networks India Private Limited), in matters related to those affiliates' own tax issues in parallel tax proceedings in India in a manner that is not adverse to NNIII].

5.    Pursuant to the Order, the Firm hereby confirms that it does not represent any interest adverse to NNIII in the matters upon which it is engaged.

6.    The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to conducting these chapter 11 cases, for persons that are parties in interest in these chapter 11 cases.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many

Case 09-10138-MFW   Doc 17799   Filed 01/25/17   Page 4 of 4



different parties, some of whom may represent or be retained by NNIII, claimants and parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with conducting these chapter 11 cases or have any relationship with any such person, their attorneys or accountants that would be adverse to NNIII.

7. Neither I nor any principal, partner, director or officer of, or professional retained by the Firm has agreed to share or will share any portion of the compensation to be received from NNIII, other than reimbursing disbursements or costs owed to third parties on account of services provided to NNIII, with any other person other than the principal and regular employees of the Firm.

8. Neither I nor any principal, partner, director or officer of, or professional retained by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to NNIII or their estates with respect to the matter(s) upon which this Firm is to be retained.

9. NNIII does not owe the Firm any amount for prepetition services.

10. The Firm is conducting further inquiries regarding its retention by any creditors of NNIII, and upon conclusion of that inquiry, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 15, 2016

Name: [ Deepak Chopra ]

4