# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS INC., *et al.* | ) | Case No. 09-10138(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Dkt No. 17687** |

## ORDER APPOINTING MEDIATOR

This matter having come before the Court in connection with the objection by Solus Alternative Asset Management LP and PointState Capital LP (the "NNCC Noteholders") to the fee request of the Indenture Trustee, Delaware Trust Company (the "Indenture Trustee") and the request for referral of the dispute to mediation (the "Mediation") and the appointment of a mediator (the "Mediator") to assist the parties in resolving the dispute; and the Court having determined that referral to Mediation and the appointment of a Mediator is in the best interest of the parties and sufficient cause appearing, it is Ordered that:

1. Judge Joseph J. Farnan is appointed as mediator to conduct a confidential mediation concerning the dispute.

2. For the purpose of Local Bankruptcy Rule 9019-2 and this Order, the mediation parties are the NNCC Noteholders and the Indenture Trustee (the "Mediation Parties").

3. The Mediation Parties shall attend a one-day mediation session with the Mediator on February 6, 2017 at a place and time to be agreed upon by the Mediation Parties and the Mediator. The Debtors and the Official Committee of Unsecured Creditors may also attend at their own option.

4. The Mediation Parties must appear with at least one (1) principal or other individual with authority to act on behalf of such party.

5. Notwithstanding the Local Bankruptcy Rules, the Mediator may conduct the mediation as the Mediator sees fit, establish rules of the mediation, and consider and take appropriate action on any matters the Mediator deems appropriate in order to conduct the Mediation, subject to the terms of this Order.

6. The entirety of the Mediation shall be conducted on a without prejudice basis and subject to Rule 408 of the Federal Rules of Evidence. All submissions, communications and negotiations made in connection with the mediation process shall be made on a without prejudice basis and subject to Rule 408 of the Federal Rules of Evidence, Local Bankruptcy Rule 9019-5(d), and applicable law, shall be strictly confidential and shall not be disclosed outside of the mediation process. Such confidentiality shall bind all of the Mediation Parties for purposes of any and all present or future proceedings that exist or may exist in any jurisdiction inside or outside of the United States of America, including without limitation, these proceedings currently pending in this Court and in other jurisdictions. For the avoidance of doubt, use of any

information obtained as a result of the mediation process as a basis for any motion or argument to any court is prohibited.

7. At the conclusion of the Mediation, the Mediator shall file with the Court a memorandum stating whether and to what extent the Mediation was successful.

8. The NNCC Noteholders and the Indenture Trustee are directed to pay the reasonable fees and costs related to the services of the Mediator based upon agreement or further order of the Court.

9. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall be in full force and effect upon its entry.

10. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: January 26, 2017

_____
KEVIN CROSS, U.S.B.J.