## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------- X
                                                     :
In re                                                :
                                                     :
Nortel Networks Inc., et al., 1                      :
                          Debtors.                   :
                                                     :
--------------------------------------------------- X
```

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**Objections Due: February 21, 2017 at 4:00 p.m. (ET)**

## SEVENTH INTERIM APPLICATION OF KEIGHTLEY & ASHNER LLP, AS SPECIAL PENSION BENEFITS COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION FOR THE PERIOD MAY 1, 2013, THROUGH NOVEMBER 30, 2016

| | |
|---|---|
| Name of Applicant: | KEIGHTLEY & ASHNER LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | May 10, 2011, nunc pro tunc to April 1, 2011 |
| Period for which Compensation and reimbursement is sought: | May 1, 2013, through November 30, 2016 |
| Amount of compensation sought as actual, reasonable and necessary: | $91,656.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $1,238.41 |
| This is an _x_ interim | __ final application |

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

The total time expended for fee application preparation is approximately 3 hours and the corresponding compensation requested is approximately $2,900.[2]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 5/25/11 | April 1-30, 2011 | $6,530.00/$0.00 | $6,530.00/$0.00 |
| 8/26/11 | May 1 to July 31, 2011 | $28,335.00/$0.00 | $28,335.00/$0.00 |
| 9/29/11 | August 1-31, 2011 | $6,050.00/$0.00 | $6,050.00/$0.00 |
| 11/18/11 | September 1 to October 31, 2011 | $2,615.00/$0.00 | $2,615.00/$0.00 |
| 5/29/12 | November 1 2011, to April 30, 2012 | $3,340.00/$0.00 | $3,340.00/$0.00 |
| 5/30/13 | May 1, 2012, to April 30, 2013 | $2,310.00/$0.00 | $2,310.00/$0.00 |

[2] Allowance for compensation for such time is not requested in this application, but will be sought in a subsequent fee application.

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

May 1, 2013, through November 30, 2016

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate[3] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Harold J. Ashner | Partner/Pensions | $945 | 75.5 | $68,985.00 |
| Deborah West | Of Counsel/Pensions | $895 | 8.1 | $7,249.50 |
| John Langhans | Senior Actuarial Advisor/Pensions | $745 | 20.7 | $15,421.50 |
| **Total** | | | **104.3** | **$91,656.00** |
| **GRAND TOTAL:** | **$91,656.00** | | | |
| **BLENDED RATE:** | **$878.77** | | | |

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks, Inc., *et al.*
(Case No. 09-10138 (KG))

May 1, 2013, through November 30, 2016

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Employee Benefits/Pensions | 104.3 | $91,656.00 |
| **TOTAL** | **104.3** | **$91,656.00** |

---

[3] In accordance with K&A policy, normal hourly rates increase annually, with the most recent increase before the Application Period becoming effective January 1, 2016.

## EXPENSE SUMMARY

Nortel Networks, Inc., *et al.*
(Case No. 09-10138 (KG))

May 1, 2013, through November 30, 2016

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Travel | | $420.38 |
| Long Distance Phone Charges | | $818.03 |
| **Grand Total Expenses** | | **$1,238,41** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------- X

*In re*

Nortel Networks Inc., *et al.*, [1]

             Debtors.

--------------------------------------------------- X

Chapter 11

Case No. 09-10138 (KG)

Jointly Administered

**Objections Due: February 21, 2017 at 4:00 p.m. (ET)**

## SEVENTH INTERIM APPLICATION OF KEIGHTLEY & ASHNER LLP, AS SPECIAL PENSION BENEFITS COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION <u>FOR THE PERIOD MAY 1, 2013, THROUGH NOVEMBER 30, 2016</u>

Keightley & Ashner LLP ("K&A"), Special Pension Benefits Counsel for Nortel

Networks, Inc. and its affiliated debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), submits this application (the "Application") for interim allowance of

compensation for professional services rendered by K&A to the Debtors for the period May 1, 2013,

through November 30, 2016 (the "Application Period") and reimbursement of actual and necessary

expenses incurred by K&A during the Application Period under sections 330 and 331 of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and

Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"),

the United States Trustee's Guidelines for Reviewing Applications for Compensation and

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

1

Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 222) (the "Interim Compensation Procedures Order").[2]  In support of this Application, K&A represents as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2.      On January 14, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' jointly administered bankruptcy cases.

3.      On January 26, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

### K&A'S RETENTION

4.      On April 1, 2011, the Debtors engaged K&A as Special Pension Benefits Counsel in connection with these bankruptcy cases.  On May 10, 2011, this Court entered the Order Authorizing The Retention And Employment Of Keightley & Ashner LLP As Special Pension

---

[2]      Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

Benefits Counsel For The Debtors *Nunc Pro Tunc* To April 1, 2011 (D.I. 5404).

### FEE PROCEDURES ORDER

5.      On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.      In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

### RELIEF REQUESTED

7.      K&A submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Special Pension Benefits Counsel for the Debtors in these cases for the period from May 1, 2013, through November 30, 2016, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8.      During the period covered by this Application, K&A incurred fees in the amount of $91,656.00. For the same period, K&A incurred actual, reasonable and necessary expenses totaling $1,238.41. With respect to these amounts, as of the date of this Application, K&A has received no payments. K&A's fees for the Compensation Period are based on the customary

3

compensation charged by comparably skilled professionals in cases other than cases under Title 11.

        9.     Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

        10.    During the Application Period, K&A provided extensive services to the Debtors in connection with the Debtors' efforts to address and resolve the claims filed by the Pension Benefit Guaranty Corporation (the "PBGC"). The PBGC had asserted claims against the Debtors in an amount in excess of $700,000,000. The Debtors had filed a 53-page Objection (accompanied by 296 pages of supporting Declaration and exhibits) to the PBGC's claims, raising a number of substantial factual and legal challenges to those claims, including an important issue of administrative law that is apparently one of first impression. The Objection raised at least six distinct grounds of attack, including the material question of whether the regulation used by the PBGC to value its claims is arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (the "APA"). The resolution of the issues raised by the Objection involved highly complex factual and legal questions, and it was of critical importance to the Debtors that these issues be resolved promptly and favorably. K&A, based on the many years of experience its professionals have had, both while serving in responsible positions at the PBGC and while thereafter providing services to various parties with disputes with the PBGC, played a central and substantive role in assisting the Debtors in their efforts to address and to resolve the PBGC claims. The services provided by K&A during the Application Period included analyzing the regulatory history underlying PBGC's choice of valuation assumptions, reviewing the various uses of PBGC's valuation assumptions in differing contexts, assisting Cleary Gottlieb with briefing the issues raised and with developing discovery requests, and working closely with prospective expert witnesses in ensuring that they have a full understanding of the complex issues raised in connection with the

4

PBGC's choice and application of valuation assumptions.

11.     **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

12.     **Exhibit B** attached hereto contains a breakdown of disbursements incurred by K&A during the Application Period.

13.     In accordance with Local Rule 2016-2, K&A has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

14.     K&A has endeavored to represent the Debtors in the most expeditious and economical manner possible. Moreover, K&A has endeavored to coordinate with Cleary Gottlieb Steen & Hamilton LLP so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors.  We believe we have been successful in this regard.

15.     No agreement or understanding exists between K&A and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

16.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, K&A respectfully requests that this Court: (a) allow K&A (i) interim compensation in the amount of $91,656.00 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period May 1, 2013, through November 30, 2016, and (ii) interim reimbursement in the amount of $1,238.41 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the

5

Debtors to pay to K&A the amount of $74,563.21, which is equal to the sum of 80% ($73,324.80) of K&A's allowed interim compensation and 100% ($1,238.41) of K&A's allowed expense reimbursement; and (c) grant such other and further relief as is just and proper.

Dated:  January 30, 2017

KEIGHTLEY & ASHNER LLP
Washington, DC

Harold J. Ashner
700 12th Street, NW, Suite 700
Washington, DC 20005
Telephone:  202-558-5150
Facsimile:  202-330-5490

*Special Pension Benefits Counsel for Debtors and Debtors in Possession*

6