# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- X
                :

*In re*                         :        Chapter 11

                :

Nortel Networks Inc., *et al.*,[1]      :        Case No. 09-10138 (KG)

                :

             Debtors.      :        Jointly Administered

                :

                :        **RE: D.I. 17836 & 17837**

                :

                :        **Obj. Deadline: Feb. 14, 2017 at 4:00 p.m.**

                :        **Hearing Date: To Be Determined**

-------------------------------------------------------- X

## DEBTORS' MOTION TO FILE UNDER SEAL EXHIBITS TO THE DECLARATION OF PAUL C. KLEIST, JR. FOR DEBTORS' OPPOSITION TO THE MOTION OF SNMP RESEARCH INTERNATIONAL, INC. AND SNMP RESEARCH, INC. TO AMEND PROOFS OF CLAIM AND ADD SNMP RESEARCH INC. AS CLAIMANT

Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby move (the "Motion") this Court for entry of an order, pursuant to section 107(b)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) authorizing the Debtors to file under seal certain of the exhibits (the "Confidential

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

Exhibits") to the *Declaration of Paul C. Kleist, Jr. in Support of Debtors' Opposition to the Motion of SNMP Research International, Inc. and SNMP Research, Inc. to Amend Proofs of Claim and Add SNMP Research, Inc. as Claimant* (the "Kleist Declaration") [D.I. 17837],[2] filed contemporaneously herewith, and (ii) granting such other and further relief as the Court deems just and proper.  In support of this Motion, the Debtors respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 14, 2009 (the "Petition Date"), the Debtors, other than NNCALA[3] and NNIII,[4] filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

3. On September 29, 2009, SNMP Research International, Inc. ("International") filed a proof of claim (as subsequently amended, the "Proof of Claim") against certain of the Debtors.

---

[2]     Capitalized terms not defined herein are defined in the Kleist Declaration.

[3]     NNCALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 17, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

[4]     NNIII filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 16, 2016, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 17090].

4.      On November 2, 2011 International and SNMP Research, Inc. ("Inc." and together with International, "SNMP Research") filed a complaint (as amended, the "Complaint"), initiating an adversary proceeding against certain of the Debtors and Avaya Inc. (the "Adversary Proceeding").[5]

5.      On November 3, 2011, SNMP Research filed in the Adversary Proceeding a motion for an order authorizing it to file the Complaint under seal (the "SNMP Seal Motion").[6] In the SNMP Seal Motion, SNMP Research asserted that, pursuant to section 107(b), the Complaint should be filed under seal because it contained information related to SNMP Research's business operations and intellectual property and how the Debtors and third parties allegedly utilized SNMP Research's intellectual property.

6.      On December 28, 2011, the Court entered an order[7] (the "SNMP Seal Order") in the Adversary Proceeding that granted the SNMP Seal Motion, and permitted SNMP Research to file the Complaint under seal.

7.      On November 23, 2016, SNMP Research filed the *Motion to Amend Proofs of Claim and Add SNMP Research, Inc. as a Claimant* (the "Motion to Amend") [D.I. 17432].

8.      On the date hereof, the Debtors filed their *Memorandum of Law in Opposition to the Motion of SNMP Research International, Inc. and SNMP Research, Inc. to Amend Proofs of Claim and Add SNMP Research, Inc. as a Claimant* (the "Opposition").

---

[5]      *SNMP Research International, Inc. v. Nortel Networks Inc.*, Adv. Pro. No. 11-53454 (Bankr. D. Del.).

[6]      *Motion of SNMP Research International, Inc. and SNMP Research, Inc. Pursuant To Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for Authorization to File Adversary Proceeding Complaint Under Seal* [Adv. D.I. 3].

9.      Also on the date hereof, the Debtors filed the Kleist Declaration in support of the Opposition.  The Kleist Declaration attaches certain exhibits—namely, the Confidential Exhibits—that contain information that SNMP Research has designate as confidential.

## RELIEF REQUESTED

10.      Based on the fact that SNMP Research has designated the Confidential Exhibits as confidential, the Debtors request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing it to file the Confidential Exhibits under seal, and directing that the Confidential Exhibits shall remain under seal, confidential, and not made available to anyone, except for (i) the Court, (ii) the Debtors and SNMP and their counsel, and (iii) any persons or entities upon joint consent of SNMP Research and the Debtors with written permission, or (iv) upon further order of the Court.

## BASIS FOR RELIEF REQUESTED

11.      The relief requested by the Debtors is based on the fact that SNMP Research has designated the Confidential Exhibits as confidential.  The Debtors themselves do not take a position with respect to the confidentiality designation, and in fact they reserve the right to seek to have some or all of these materials filed publicly.  However, the Debtors are seeking to have the Confidential Exhibits filed under seal because SNMP Research has designated these materials as confidential.  If further support for the sealing of these documents is needed, SNMP Research can provide such support to the extent it is able to do so.

---

(. . . continued)

[7]      *Order Pursuant to the Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for Authorization to File Adversary Proceeding Under Seal* [Adv. D.I. 20].

12.     The Debtors will provide unredacted versions of the Confidential Exhibits to the United States Trustee.

### NOTICE

13.     Notice of this Motion has been provided to the Office of the United States Trustee for the District of Delaware and all parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### CONCLUSION

14.     WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) granting the relief requested in this Motion and (ii) granting such other and further relief as may be just and proper.

*[Remainder of the page intentionally left blank]*

Dated:  January 31, 2017
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Lisa M. Schweitzer (admitted *pro hac vice*)
David H. Herrington (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Andrew J. Roth-Moore*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Tamara K. Minott (No. 5643)
Andrew J. Roth-Moore (No. 5988)
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*

10771260.2