**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------X
                                                            :
                                                            :   Chapter 11
                                                            :
In re                                                       :
                                                            :   Case No. 09-10138 (KG)
Nortel Networks Inc., et al.,¹                              :
                                                            :
                    Debtors.                                :   Jointly Administered
                                                            :
                                                            :
                                                            :
------------------------------------------------------------X
```

**TENTH SUPPLEMENTAL DECLARATION OF JAMES E. SCOTT PURSUANT TO FED. R. BANKR. P. 2014 AND ORDER AUTHORIZING DEBTORS TO EMPLOY ERNST & YOUNG LLP UNDER §§ 327 AND 328 OF THE BANKRUPTCY CODE**

James Scott deposes and says:

1.  I am a partner of Ernst & Young LLP ("EY LLP"), with an office at 4131 ParkLake Avenue, Suite 500, Raleigh, NC 27612-2299. I provide this tenth supplemental declaration (the "Supplemental Declaration") on behalf of EY LLP in further support of the retention of EY LLP by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to the order approving the Debtors' original application to employ EY LLP under sections 327 and 328 of the Bankruptcy Code, dated March 23, 2011 (the "Original EY Employment Order"). This Supplemental Affidavit supplements my prior affidavits and declarations filed in these cases, as described further below.

---

[1] The Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0 358), Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

2. Except as otherwise indicated, all facts set forth in this Supplemental Declaration are based upon my personal knowledge, information and belief, information supplied to me by other partners and/or employees of EY LLP, information learned from client matter records kept in the ordinary course of business that were reviewed by me or other employees of EY LLP under my supervision and direction, my experience and knowledge of the Debtors' operations and financial condition, and/or my experience from working on matters similar to this engagement. If called as a witness, I would testify competently to the matters set forth herein.

Updated Disclosure of Connections

3. EY LLP was initially engaged in these cases as an ordinary course professional pursuant to the Order Authorizing the Retention and Payment of Professionals Utilized in the Ordinary Course dated February 5, 2009 [D.I. 236] (the "OCP Order"). Pursuant to the OCP Order, EY LLP previously submitted my original affidavit filed on March 12, 2009 (the "Original Affidavit"), as supplemented by my first supplemental affidavit filed on June 1, 2009, my second supplemental affidavit filed on July 9, 2009, my third supplemental affidavit filed on November 9, 2009, my fourth supplemental affidavit filed on April 6, 2009 (the "Fourth Supplemental Affidavit"), my fifth supplemental affidavit filed on July 6, 2010, my sixth supplemental affidavit filed on September 14, 2010, my seventh supplemental affidavit filed on or around October 27, 2010, my eighth supplemental declaration filed on or around December 27, 2010 and my ninth supplemental affidavit filed on or around February 17, 2011 (collectively, the "Prior Affidavits").

4. On February 18, 2011, the Debtors filed their Application for an Order Under 11 U.S.C. §§ 327 and 328 Authorizing Employment of Ernst & Young LLP *Nunc Pro Tunc* to March 1, 2011 (the "Employment Application"), together with my original declaration in support of the Employment Application, which incorporated the Prior Affidavits (the "Original

Declaration", and together with the Original Affidavit, the "Original Submissions") [D.I. 4598]. The Court granted the Employment Application on March 23, 2011. The Original Declaration was supplemented by my first supplemental declaration filed on March 8, 2011 [D.I. 5080], my second supplemental declaration filed on April 6, 2011 [D.I. 5228], my third supplemental declaration filed on July 1, 2011 [D.I. 5862], my fourth supplemental declaration filed on August 16, 2011 [D.I. 6160], my fifth supplemental declaration filed on March 29, 2012 [D.I. 7467], which itself incorporates prior affidavits and declarations, my sixth supplemental declaration filed on August 16, 2012 [D.I. 8186], my seventh supplemental declaration filed on February 1, 2013 [D.I. 9357], my eighth supplemental declaration filed on February 18, 2014 [D.I. 12971] and my ninth supplemental declaration filed on February 1, 2016 [D.I. 16508] (collectively, as such declarations supplement and incorporate the Original Declaration and the Prior Affidavits, the "Prior Declarations").

5.  The procedures pursuant to which EY LLP determined whether there were any connections between EY LLP and interested parties in these chapter 11 cases are set forth in the Original Submissions, as supplemented by the other Prior Declarations. EY LLP has completed the most recent update of its research of connections to parties in interest in accordance with those procedures, and the results are set forth herein and in **Exhibit 1** appended hereto.

6.  As stated above, EY LLP has previously researched its connections to parties in interest in these cases as described in the Prior Declarations and disclosed the results of such research and its connections to parties in interest in and pursuant to the Prior Declarations. EY LLP also submits this Supplemental Declaration to disclose the results of a routine update to its checks for certain connections with parties in interest involved in these chapter 11 cases, in accordance with the processes described in the Prior Declarations.

7. EY LLP was provided with a list of the names of new parties in interest in these cases falling into the categories described in paragraph 4 of the Original Affidavit (the "New Interested Parties"). EY LLP also identified interested parties in such categories as to whom EY LLP had no known connection or a prior connection as of the filing of the results of its most recent check for connections to parties in interest, based upon EY LLP's connections research described in the Prior Declarations (the "No-Connection Parties," and together with the New Interested Parties, the "Connections Check Update Parties"). The names of the Connections Check Update Parties are set forth in **Exhibit 1** to this Supplemental Declaration. EY LLP searched certain databases of EY LLP to determine whether EY LLP has provided in the recent past or is currently providing services to the Connections Check Update Parties listed in **Exhibit 1** attached hereto. To the extent that EY LLP's research of relationships with the Connections Check Update Parties indicated that EY LLP has provided in the recent past, or currently provides, services to any of these entities in matters unrelated to these chapter 11 cases, EY LLP has so indicated in **Exhibit 1** to this Declaration.

8. To the best of my knowledge, information and belief, formed after reasonable inquiry, except as otherwise stated in this Supplemental Declaration and the Prior Declarations (collectively, the "Affidavits"), the services rendered by EY LLP to the entities set forth in **Exhibit 1** hereto have not been in connection with the Debtors or these chapter 11 cases. EY LLP continues to believe these relationships will not impair EY LLP's ability to objectively perform professional services on behalf of the Debtors.

9. EY LLP may perform services for its clients that relate to the Debtors merely because such clients may be creditors or counterparties to transactions with the Debtors and such clients' assets and liabilities may thus be affected by the Debtors' status. The disclosures set

forth herein do not include specific indication of such services. If such clients of EY LLP are designated parties in interest in these cases, **Exhibit 1** attached hereto indicates that they are also clients of EY LLP.

10. As set forth in the Prior Declarations, EY LLP appears in cases, proceedings and transactions involving many different attorneys, financial advisors and creditors, some of which may represent or be claimants and/or parties in interest in these chapter 11 cases. The Connections Check Update Parties that are professionals listed on **Exhibit 2** hereto which are involved in these chapter 11 cases have in the past and/or are currently providing services to EY LLP as described on **Exhibit 2**. To the best of my knowledge, no such professionals involved in these chapter 11 cases have in the past and/or are currently providing services to EY LLP related to these chapter 11 cases, and EY LLP does not have any relationship with any such professional that is materially adverse to the Debtors. The Debtors' counsel, Cleary Gottlieb Steen & Hamilton LLP, has provided in the past and currently provides services to EY LLP in matters that are not related to the Debtors or these cases.

11. EY LLP is currently a party or participant in certain litigation matters involving parties-in-interest in these chapter 11 cases. Case information and the parties-in-interest involved in these matters are provided in **Exhibit 3** to this Supplemental Declaration.

12. Fidelity & Deposit Company of Maryland is a surety bond provider to EY LLP.

13. The following entities are revolver banks for EY LLP: Barclays Bank, Citibank, N.A., Fifth Third Bank, JP Morgan Chase, the Bank of Tokyo – Mitsubishi, PNC Bank, N.A., Wells Fargo Bank, N.A.

14. EY LLP has thousands of professional employees. It is possible that certain employees of EY LLP have business associations with the Connections Check Update Parties or

hold claims against the Debtors or securities of the Debtors or interests in mutual funds or other investment vehicles that may own securities of the Debtors.

15. Despite the efforts described above and in the Prior Declarations to identify and disclose connections with parties-in-interest in these chapter 11 cases, because the Debtors are a large enterprise with numerous creditors and other relationships, EY LLP is unable to state with certainty that every client representation or other connection of EY LLP has been disclosed. In this regard, should additional relationships with parties-in-interest become known to EY LLP, EY LLP will file supplemental declarations with the Court disclosing such connections.

16. As was described in the Original Affidavit, the Ernst & Young global network encompasses independent professional services practices conducted by separate legal entities throughout the world. Such legal entities are members of Ernst & Young Global Limited ("EYGL"), a company incorporated under the laws of England and Wales and limited by guarantee, with no shareholders and no capital. The member firms of EYGL have agreed to operate certain of their professional practices in accordance with agreed standards, but remain separate legal entities. EY LLP is a member of EYGL.

17. As was also described in the Original Affidavit, pursuant to a January 14, 2009 order of the Ontario Superior Court of Justice, Ernst & Young Inc., a Canadian corporation ("EYI"), another EYGL member firm, is the court-appointed "Monitor" of the Debtors' Canadian ultimate corporate parent, Nortel Networks Corporation ("NNC"), Nortel Network Inc's Canadian direct corporate parent, Nortel Networks Limited ("NNL") and certain other Canadian subsidiaries (the "Canadian Companies"), under the Companies Creditors' Arrangement Act (the "CCAA") in a concurrent insolvency proceeding in Canada (the "CCAA Proceeding"). The CCAA mandates the appointment of a Monitor, which is an independent

court officer, to supervise and assist the entities subject to the CCAA Proceeding. The duties of the Monitor include reporting to the Canadian court on the business and financial affairs of the CCAA petitioners and developing and implementing a CCAA plan. EYI continues to serve as the Monitor in the CCAA Proceeding.

18. As was disclosed in the Original Affidavit, on January 14, 2009, the English High Court of Justice (the "English Court") placed nineteen of Nortel's European affiliates, including Nortel Networks UK Limited, (collectively, the "EMEA Companies") into administration under the control of individuals from Ernst & Young UK, another EYGL member firm. On January 28, 2008, the EMEA Companies each obtained an administration order from the English Court under the Insolvency Act of 1986 ("IA"). Under the terms of the orders, Ernst & Young UK, has been appointed as administrator of each of the EMEA Companies and will continue to manage the EMEA Companies and operate their businesses under the jurisdiction of the English Court and in accordance with the applicable provisions of the IA.

19. As provided in the Prior Declarations, at the Debtors' request and subject to the Debtors' written consent and approval of the Court, EY LLP will continue to subcontract with certain other EYGL firms and other persons and entities in accordance with the Engagement Letter. The Debtors have agreed in writing that, in accordance with prior subcontracting used, EY LLP may subcontract services to Ernst & Young Puerto Rico, Ernst & Young Han Young (Korea); Ernst & Young Private Ltd. ("EYPL") and EYGBS (India) Private Ltd., and also continue to use the services of the global shared services center operated by the latter two entities as described in my Fourth Supplemental Affidavit.

20. To the best of my knowledge, information, and belief, neither the undersigned nor the EY LLP professionals expected to assist the Debtors in these chapter 11 cases are connected to the Judge, U.S. Trustee, or Assistant U.S. Trustee assigned to these chapter 11 cases.

21. EY LLP continues to research connections to the following Connections Check Update Parties: Cede & Co., Sankaty Advisors LLC, Huron Consulting Group, China Telecom Americas Corp., Allied World Assurance Company, Ltd., CRT Special Investments, LLC.

22. Despite the efforts described above to identify and disclose connections with parties-in-interest in these chapter 11 cases, because the Debtors are a large enterprise with numerous creditors and other relationships, EY LLP is unable to state with certainty that every client representation or other connection of EY LLP with parties-in-interest in these chapter 11 cases has been disclosed herein. In this regard, if EY LLP discovers additional information that requires disclosure, EY LLP will file supplemental disclosures with the Court.

23. EY LLP and the professionals that it employs are qualified to represent the Debtors in the matters for which EY LLP is proposed to be employed.

24. Except as otherwise set forth herein, EY LLP has not shared or agreed to share any of its compensation in connection with this matter with any other person.

25. To the best of my knowledge, information and belief formed after reasonable inquiry, except as otherwise stated herein or in the Prior Declarations, EY LLP does not hold nor represent any interest materially adverse to the Debtors in the matters for which EY LLP is proposed to be retained. The proposed employment of EY LLP is not prohibited by or improper under Bankruptcy Rule 5002. Accordingly, I believe that EY LLP is eligible for retention by the Debtors under title 11 of the United States Code (the "Bankruptcy Code").

*{Signature Page Follows}*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on __1/30__, 2017

_____
**James Scott**