**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., <u>et al.</u>, | Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF SERVICE OF**
**<u>SUBPOENA DIRECTED TO MACQUARIE CAPITAL (USA) INC.</u>**

      **PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable to this matter by Rule 9016 of the Federal Rules of Bankruptcy Procedure, Delaware Trust Company, as Indenture Trustee, issued a subpoena (the "<u>Subpoena</u>") on Macquarie Capital (USA) Inc. ("<u>Macquarie</u>") to produce certain documents as specified in the Subpoena. The Subpoena was served upon Macquarie on January 31, 2017, and a copy of the Subpoena with the Affidavit of Service are attached hereto as <u>Exhibit</u> <u>1</u>.

*[Signature page follows.]*

Dated: February 2, 2017

**MORRIS JAMES LLP**

/s/ Eric J. Monzo
Stephen M. Miller (DE Bar. No. 2610)
Eric J. Monzo (DE Bar No. 5214)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone:  (302) 888-6800
Facsimile:  (302) 571-1750
E-mail:  smiller@morrisjames.com
E-mail:  emonzo@morrisjames.com

- and -

Daniel A. Lowenthal
James V. Masella, III
Brian P. Guiney
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
Telephone:  (212) 336-2000
Facsimile:  (212) 336-2222
E-mail:  dalowenthal@pbwt.com
E-mail:  jmasella@pbwt.com
E-mail:  bguiney@pbwt.com

*Attorneys for Delaware Trust Company, as Indenture Trustee*

9098404/

# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of <u>Delaware</u>

In re <u>NORTEL NETWORKS INC., et al.</u>
Debtor

<em>(Complete if issued in an adversary proceeding)</em>

Plaintiff
v.
Defendant

Case No. <u>09-10138 (KG)</u>

Chapter <u>11</u>

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: <u>Macquarie Capital (USA) Inc., 125 West 55th Street, 22nd Floor, New York, NY 10019</u>
<em>(Name of person to whom the subpoena is directed)</em>

■ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| PLACE Patterson Belknap Webb & Tyler LLP (Attn: Dan Lowenthal) 1133 Avenue of the Americas, New York, NY 10036 | DATE AND TIME February 10, 2017 at 4:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>1/31/2017</u>

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's Signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
<u>Delaware Trust Company, as indenture trustee</u> , who issues or requests this subpoena, are:
Daniel A. Lowenthal, Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the America, New York, NY 10036; 212-336-2720; dalowenthal@pbwt.com

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF DELAWARE

Job #: 1419706

Attorney: Patterson Belknap Webb & Tyler LLP
Address: 1133 Avenue Of The Americas New York, NY 10036-6710

IN RE NORTEL NETWORKS INC., et al., Debtor,

Index Number: 09-10138 (KG)

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

**AFFIDAVIT OF SERVICE**

Baldeo C. Drepaul, being sworn says:

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On 01/31/2017, at 1:50 PM at: 125 WEST 55TH STREET, 22ND FLOOR, NEW YORK, NY 10019 Deponent served the within Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding), Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure) and Exhibit A

On: MACQUARIE CAPITAL (USA) INC., therein named.

☒ #1 Corporation or Partnership or Trust or LLC or Agency
By delivering thereat a true copy of each to Eileen Plaza personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC/agency described in said aforementioned document as said party and knew said individual to be Secretary thereof, authorized to accept on behalf.

☒ #2 DESCRIPTION
Sex: Female          Color of skin: White        Color of hair: Brown    Glasses: No
Age: 36 - 50 Yrs.    Height: 5ft 0inch - 5ft 3inch          Weight: 131-160 Lbs.

Sworn to before me on 02/01/2017

LATCHME DEVI MUNSWAMI
Notary Public State of New York
Registration No. 01MU6332029
Qualified in Queens County
Certificate filed in New York County
Commission Expires 10/26/2019

Baldeo C. Drepaul
DCA License# 1450713

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

Delaware Trust Company, as successor indenture trustee for the indenture, dated as of February 15, 1996 (the "Indenture"), by and among Nortel Networks Limited (f/k/a Northern Telecom Limited) ("NNL"), as issuer and guarantor, Nortel Networks Capital Corporation f/k/a Northern Telecom Corporation ("NNCC"), as issuer, and Bank of New York Mellon ("BNYM"), as trustee, demands that Macquarie Capital (USA) Inc. produce the following documents in response to this subpoena.

This subpoena incorporates by reference all instructions, definitions and rules contained in Rule 45 of the Federal Rules of Civil Procedure and the local rules of the United States Bankruptcy Court for the District of Delaware, and supplements them with the definitions and instructions set forth below.

## DOCUMENTS TO BE PRODUCED

1.      All Documents and Communications with the Indenture Trustee regarding fees and expenses under the Indenture, including any direction, instruction, request, or demand that the Indenture Trustee limit the scope of its work relating to the 7.875% Notes in order to conserve fees and expenses.

2.      All Communications between you and Solus regarding the Indenture Trustee's fees and expenses.

3.      All Communications between you and PointState regarding the Indenture Trustee's fees and expenses.

4.      Documents sufficient to show the date(s) of your acquisition of any ownership interest in the 7.875% Notes and the amount(s) you paid to acquire such ownership interest.

5.      Documents sufficient to show the date(s) on which you sold any ownership interest in the 7.875% Notes and the amount(s) you received for such ownership interest.

6.      Documents sufficient to show the name, title, and contact information for each person employed by you with knowledge of your ownership interest in the 7.875% Notes.

## DEFINITIONS AND INSTRUCTIONS

1.      "7.875% Notes" shall mean the fixed rate senior notes due June 15, 2026, issued by NNCC and guaranteed by NNL pursuant to the Indenture.

2.      "Any" and "every" are also used in the inclusive sense and include "any and all" and "every and all." "Or" is used herein in the inclusive sense and includes "and/or."

3.      "Communication" shall mean any written correspondence or any oral conversation of any kind or character, made, transmitted or shared between or among two or more Persons, including, by way of example and without limitation, letters, meetings, memoranda, faxes, emails, text messages, handwritten notes, transmittals of documents, personal conversations, telephone conversations, and any documents concerning any such writing or oral conversation.

4.      "Document" shall have the broadest meaning of documents or electronically stored information set forth in Rule 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, and shall include, without limitation, any writing, recording, photograph, electronic mail correspondence, electronically-stored information, computer data base, data bank, report, memoranda, books summarizing, ledgers or other item containing information of any kind or nature, whether in draft or final form, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained. In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original

9509562v.5

documents and copies of non-identical copies.  For purpose of these Requests, a document which is a copy of another document is intended to be separately requested if the copy differs in any way by virtue of any changes, additions, redactions, annotations or recipients.

5.      "Electronically-stored information" or "ESI" is information that is stored electronically, regardless of the media, storage location, or whether it is in the original format in which it was created, as opposed to stored in hard copy (*i.e.*, on paper),  including but not limited to: databases; word-processing documents; spreadsheets; presentation documents; graphics, animations, or image files; email and instant messages (including attachments); audio, video, and audiovisual recordings; voicemails; metadata; and internet history.

6.      "Indenture Trustee" shall mean the indenture trustee for the 7.875% Notes, whether past or present, and shall include Delaware Trust Company, Law Debenture, and BNYM in their capacities as indenture trustee under the Indenture, as well as any of their attorneys, agents, consultants, or other professionals.

7.      "Solus" shall mean Solus Alternative Asset Management LP, as well as any of its attorneys, agents, consultants, or other professionals.

8.      "PointState" shall mean PointState Capital LP, as well as any of its attorneys, agents, consultants, or other professionals.

9.      "Person" or "entity" means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association separately identifiable, whether or not such association has a separate juristic existence in its own right.

10.      "Regarding" shall mean concerning, referring to, relating to, evidencing, explaining, constituting, or comprising.

3

11.    "You" or "Your" shall mean the recipient of these Requests, including any agents, representatives or any Person with any ownership interest thereof, or other Persons acting, or purporting to act on your behalf or under your control, including attorneys, accountants and consultants.

12.    The use of either the singular or plural shall not be deemed a limitation and the use of the singular should be considered to include the plural and vice versa.  Capitalized words shall have the same meaning as lowercase words and vice versa.

13.    In answering this subpoena, you must make a diligent search of all files that you reasonably believe may contain responsive documents.  You must produce all responsive and non-privileged documents in your possession, custody, or control, including all documents contained in records or files of your employees, agents, representatives, attorneys, accountants, consultants, or any other Person acting on your behalf or direction, and any other files that you are authorized to inspect and copy.

14.    You shall produce all documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories of documents to be produced. All documents physically or electronically attached to each other when located for production must be left attached.  Documents segregated or separated from other documents, such as by placement in binders, files, subfiles, or by any other method, must be left segregated or separated.

15.    All ESI shall be Bates labeled and produced in single page .tiff image format and in accordance with Local Rule 7026-3, with metadata and extracted text on the document level. In addition, we request that the following ESI be produced in native file format: spreadsheets and other such file types that when converted to image format take on an

4

appearance noticeably different from the one the running native file took when viewed on a computer screen, such as an Excel spreadsheet with its columns and cells running over multiple .tiff images. Documents produced in native will also be produced with a .tiff slip sheet that reads "Produced in Native." All electronically-stored information so produced shall be produced on a generally-accepted electronic medium, such as DVD, CD, USB "thumb" drive, or the like. LFP, OPT, and DAT load files will be provided with the following metadata fields: BEGDOC, END DOC, BEGATTACH, ENDATTACH, PageCt, Author, To, Cc, Bcc, Custodian, Date/Time Sent, Date/Time Created, Subject, FileName, DateLastMod, MD5Hash, Confidentiality Designation, Has Redactions.

16.    If you cannot comply in full with a request, you shall comply to the extent possible and explain (a) what information you refuse or are unable to produce, and (b) why full compliance is not possible.

17.    If you object to producing documents in response to a request, you shall state with particularity the reasons for all objections with respect to such request. If objection is made to part of a request, the part shall be specified.

18.    Unless otherwise indicated, the time period covered by these Requests is from January 14, 2009 to the present.

9509562v.5