

# Pinckney, Weidinger, Urban & Joyce LLC

3711 Kennett Pike, Suite 210❖Greenville, Delaware 19807
Telephone (302) 504-1497❖Facsimile (302) 655-5213

Joanne Pileggi Pinckney
Direct Dial – (302) 504-1498
jpinckney@pwujlaw.com

February 9, 2017

**VIA CM/ECF**

Honorable Kevin Gross
United States Bankruptcy Judge
United States Bankruptcy Court
for the District of Delaware
824 Market Street
Wilmington, Delaware 19801

Re: **Nortel Networks, Inc., No. 09-10138 (KG) (Bankr. D. Del.); Discovery Conference**

Dear Judge Gross:

We are counsel to Solus Alternative Asset Management LP, on behalf of certain funds and managed accounts ("Solus"), and PointState Capital LP ("PointState" and, together with Solus, the "NNCC Noteholders"), in their capacities as holders of approximately 90% of the fixed rate senior notes due June 15, 2026 (the "7.875% Notes") issued by NNCC and NNL and guaranteed by NNL pursuant to an Indenture dated February 15, 1996.[1] We are writing with respect to the discovery conference scheduled for today at 4:00 p.m. pursuant to paragraph 2 of the Court's Order dated January 26, 2017 [ECF No. 17805][2] and specifically to frame the remaining disputes between the NNCC Noteholders and the Indenture Trustee that have not been resolved.[3]

**PROCEDURAL BACKGROUND.** On January 27, 2017, the NNCC Noteholders sent their first requests for the production of documents and interrogatories to the Indenture Trustee,[4] and the Indenture Trustee sent its first requests for the production of documents to Solus, PointState,

[1] Capitalized terms not defined herein have the meanings ascribed to them in the First Amended Joint Chapter 11 Plan Of Nortel Networks Inc. And Certain Of Its Affiliated Debtors [ECF No. 17763-2] (as amended, modified, or supplemented from time to time, the "Plan").

[2] "[I]f there is a discovery dispute the Court will hear the parties by telephone on February 9, 2017 at 4:00 p.m."

[3] As used in this letter, "Indenture Trustee" means the NNCC Bonds Indenture Trustee and any predecessor or successor thereto, including Law Debenture Trust Company of New York, the Delaware Trust Company.

[4] See ECF No. 17833 (NNCC Noteholders' requests to Indenture Trustee).

and others.[5] The NNCC Noteholders served their responses and objections to the Indenture Trustee's document requests on January 31, 2017.[6] On February 3, 2017, in accordance with paragraph 1 of the Court's Order, the NNCC Noteholders "identif[ied] the Indenture Trustee's time entries to which they object" and forwarded annotated invoices for the Indenture Trustee and certain of its law firms to the Indenture Trustee and the Honorable Joseph J. Farnan, Jr. (Ret.), the Court-appointed mediator. On February 6, 2017, the parties attended an all-day mediation session with Judge Farnan in Wilmington, Delaware. On February 7, 2017, the Indenture Trustee served its responses and objections to the NNCC Noteholders' document requests.[7] On February 8, 2017, the parties conducted a meet and confer with respect to their discovery disputes.

**DOCUMENTS.** Disputes concerning the production of documents appear resolved. The NNCC Noteholders have identified four document custodians whose files will be searched and the search terms that will be used. The Indenture Trustee and the NNCC Noteholders are working to reach agreement to limit the custodians and search terms the Indenture Trustee will apply. And, both the NNCC Noteholders and the Indenture Trustee have agreed, as requested by the Creditors' Committee, that documents that the Creditors' Committee maintains are privileged will not be used in this litigation.[8] The Indenture Trustee has agreed to withdraw its Request for Production Numbers 5, 6, and 7. The NNCC Noteholders have agreed to withdraw their interrogatories. Lastly, the NNCC Noteholders have requested that the daynote entries the Indenture Trustee has marked "confidential" be de-designated so they can be filed with the parties' respective submissions and argued in open Court.

**DEPOSITIONS.** The remaining disputes relate to depositions. ***First***, the NNCC Noteholders request the deposition of any person that (a) will submit a declaration in support of the Indenture Trustee's application or (b) will be called as a witness at trial by the Indenture Trustee. To the extent the Indenture Trustee does not submit any declarations in support of its

---

5 See ECF No. 17819 (Indenture Trustee's request to Solus); ECF No. 17820 (Indenture Trustee's request to PointState); ECF No. 17821 (Indenture Trustee's request to Macquarie Capital (USA) Inc.); ECF No. 17822 (Indenture Trustee's request to Nortel Networks Inc. and certain of its affiliated debtors); ECF No. 17823 (Indenture Trustee's request to Monitor and Canadian Debtors).

6 See ECF No. 17851 (NNCC Noteholders' Responses and Objections).

7 See ECF No. 17870 (Indenture Trustee's Responses and Objections).

8 In a letter dated February 2, 2017, the Creditors' Committee indicated that it objected to the NNCC Noteholders' document requests to the extent they called for the production of "documents that are subject to attorney-client privilege between the UCC and its counsel and advisors working at counsel's direction" (the "Protected Information"). By letter dated February 6, 2017, the NNCC Noteholders confirmed that consistent with Court's instruction at the hearing on January 25, 2017 that the Creditors' Committee's "protection … has to continue" (Tr. at 9-23), the NNCC Noteholders were not seeking discovery of the Protected Information, and it should not play any role in the current dispute. The NNCC Noteholders also asked that the Indenture Trustee to confirm that it did not intend to rely on the Protected Information to prove the reasonableness of its fees or otherwise assert any claim or defense in this dispute. The Indenture Trustee provided that confirmation during the parties' February 8, 2017 meet and confer session.

application, and does not call any witnesses at the hearing, then the NNCC Noteholders will not request any depositions. But they have asked the Indenture Trustee that any declarant or witness be made available for a deposition in advance of the hearing.[9] The Indenture Trustee has indicated those declarants and witnesses will be available for cross-examination at the hearing but not depositions. ***Second***, the Indenture Trustee has requested the deposition of Mr. Stephen Blauner and Mr. Mark Shapiro. Mr. Blauner is a representative of Solus, which has held more than 60% of the 7.875% Notes throughout most of the duration of these cases. He will be made available for a deposition. Mr. Shapiro is a representative of PointState. The fund acquired the 7.875% Notes in February 2016. There is no need for the Indenture Trustee to depose Mr. Shapiro to prove the reasonableness of fees it incurred since 2009. Accordingly, the NNCC Noteholders respectfully request that Mr. Shapiro not be compelled to sit for a deposition.

We remain at the Court's convenience to answer any questions in connection with this matter.

Respectfully submitted,

*/s/ Joanne P. Pinckney*

Joanne P. Pinckney (DE No. 3344)

-and-

James C. Tecce, Esq. (*admitted pro hac vice*)
**QUINN, EMANUEL, URQUHART & SULLIVAN LLP**
52 Madison Avenue, 22nd Floor
(212) 849-7000 (Telephone)
New York, New York 10010

*Counsel to Solus Alternative Asset Management LP and PointState Capital LP*

---

[9] Cf., Blackwell Publ'g, Inc. v. Excel Research Group, LLC, No. 07-12731, 2008 WL 506329, at *1 (E.D. Mich. Feb. 22, 2008) ("[I]t is axiomatic that when a party files an affidavit or declaration in support of a motion for summary judgment ... the opposing party has the right to depose the affiant or declarant on the assertions made.") (citations omitted); see also Wilfong v. Hord, No. CS-05-746, 2007 WL 1057396, at *2 (S.D. Ohio Apr. 4, 2007) ("Prohibiting [opposing party] to depose [affiant] would only present one version of the facts at issue in this case. [Non-movant] is entitled to test the credibility and context of the statements made by [the affiant]."); Phila Hous. Auth. v. U.S. Dept. of Hous. & Urban Dev., 553 F. Supp. 2d 433, 441 (E.D. Pa. 2008) (finding it "grossly unfair" and prejudicial to require a party to contest summary judgment where it has been deprived of the right to cross-examine affiant through a deposition); In re Worldwide Direct, Inc., 334 B.R. 112, 123 (Bankr. D. Del. 2005) (reviewing "affidavits, time records, ***depositions***, and various pleadings submitted by the parties.") (emphasis added).

cc: Daniel Lowenthal, Esq. (counsel to Indenture Trustee via Electronic Mail)
James V. Masella III, Esq. (counsel to Indenture Trustee via Electronic Mail)
Stephen Miller, Esq. (counsel to Indenture Trustee via Electronic Mail)
Eric J. Monzo, Esq. (counsel to Indenture Trustee via Electronic Mail)
Derek Abbott, Esq. (counsel to Debtors via Electronic Mail)
Lisa M. Schweitzer, Esq. (counsel to Debtors via Electronic Mail)
David M. Botter, Esq. (counsel to Creditors' Committee via Electronic Mail)
Robert Alan Johnson, Esq. (counsel to Creditors' Committee via Electronic Mail)
Christopher Samis, Esq. (counsel to Creditors' Committee via Electronic Mail)