**Patterson Belknap Webb & Tyler** LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

February 9, 2017

James V. Masella, III
Partner
(212) 336-2240
JMasella@pbwt.com

**BY CM/ECF**

The Honorable Kevin Gross
United States Bankruptcy Court for the District of Delaware
824 N. Market St., 6th Floor
Wilmington, DE 19801

Re: *In re: Nortel Networks Inc., et al.*, Case No. 09-10138 (KG)

Dear Judge Gross:

We represent Delaware Trust Company ("Delaware Trust") in its capacity as the indenture trustee for the 7.875% Notes due 2026 issued by Nortel Networks Capital Corporation, one of the debtors in the above matter.[1]  I write in response to the letter submitted to this Court earlier today by Solus Alternative Asset Management LP ("Solus") and PointState Capital LP ("PointState," and, together with Solus, the "Fee Objectors").

1. Deposition of Mark Shapiro, Managing Director and Head of Restructuring of PointState

Yesterday afternoon, counsel for the Fee Objectors advised that they "will not agree to make Mark Shapiro available for a deposition or as a witness at any hearing."

By Order dated January 26, 2017, this Court permitted the parties to take depositions after February 10, 2017.  (Order of January 26, 2017 [Dkt. 17805], at ¶ 3.) According to counsel for the Fee Objectors, the Fee Objectors "hold 90 percent of the Notes issued by the NNCC."  (Transcript of January 24, 2017 Hearing ("January 24 Tr.") at 109-10.) Mr. Shapiro is the Managing Director and Head of Restructuring of PointState, which is one of

---

[1] On December 6, 2016, Delaware Trust succeeded to Law Debenture Trust Company of New York ("Law Debenture") as indenture trustee under the Indenture.  Accordingly, "Trustee" is used herein to refer to Law Debenture for the period before December 6, 2016 and to refer to Delaware Trust for the period from and after December 6, 2016.

The Honorable Kevin Gross
Page 2

the two Fee Objectors. In their letter to the Court of earlier today, the Fee Objectors concede that PointState holds 30% of the 7.875% Notes. It is our understanding that Mr. Shapiro is the key decision maker for PointState with respect to its investment in the 7.875% Notes.

Delaware Trust should be permitted to depose Mr. Shapiro on his inactions and actions regarding the reasonableness of professional fees incurred by the Trustee. Mr. Shapiro never instructed the Trustee to take or not take any action. He never issued a Letter of Direction to the Trustee. He never objected to any course of conduct by the Trustee or any of its professionals. Accordingly, the Trustee believes that evidence adduced during Mr. Shapiro's deposition and, possibly, trial testimony, will support the reasonableness of the fees its professionals incurred.

The Trustee also should be permitted to adduce evidence regarding Mr. Shapiro's actions. PointState purchased its interest in the 7.875% Notes in or around February 2016. It is our understanding that, in connection with this transaction, PointState conducted due diligence on the 7.875% Notes. Mr. Shapiro directly and indirectly oversaw that due diligence. The Trustee believes that, as a result of that due diligence, Mr. Shapiro learned of communications that had occurred, including between Macquarie (the then-holder of the 7.875% Notes) and Mr. Blauner regarding Macquarie's and Mr. Blauner's knowledge of the Trustee's actions, their approval of them, and their close coordination with the Trustee.

The Fee Objectors insisted upon discovery over Delaware Trust's objection. As one of only two Fee Objectors driving this entire proceeding, Mr. Shapiro cannot reasonably complain about any burden associated with sitting for a deposition.

2. Modifying this Court's Order of January 26, 2017 [Dkt. 17805]

As Your Honor will recall, during oral argument on January 24, 2017 and January 25, 2017, the Fee Objectors took the position that they required document discovery and depositions in order to prosecute their fee objections. (January 24 Tr. at 116.) Delaware Trust unsuccessfully opposed the Fee Objectors' request to conduct document discovery and take depositions.

On February 7, 2017, however, the Fee Objectors changed their position. Counsel for the Fee Objectors called my partner, Dan Lowenthal, and told Mr. Lowenthal that, in the Fee Objectors' view, discovery was getting costly. Counsel asked Mr. Lowenthal (a) whether

The Honorable Kevin Gross
Page 3

Delaware Trust wished to continue with full-blown discovery, or (b) if it would agree to discontinue discovery, submit briefs and affidavits to the Court on February 24, and have the hearing on February 28. Counsel explained to Mr. Lowenthal that, in the Fee Objectors' view, "times have changed."

Yesterday, February 8, 2017, after conferring with the various stakeholders, I called counsel and told him that we accepted his proposal to halt all discovery and instead try the objections on the papers by submitting documents and affidavits to the Court. Counsel then advised me that we had "misunderstood" his proposal. He stated that he would not agree that Delaware Trust could submit affidavits to the Court, despite the fact that one of the Fee Objectors' central contentions is that the Trustee failed adequately to supervise its law firms in the United States and Canada. (*See* January 24 Transcript at 111 ("There's also an issue as to whether the Trustee managed its professionals properly over that period of time.")

Later in the day on February 8, counsel for the Fee Objectors proposed a procedure pursuant to which it would get not one, but two, opportunities to cross examine witnesses. The Fee Objectors proposed a procedure by which Delaware Trust would provide declarations of witnesses to the Fee Objectors; the Fee Objectors would have the opportunity to take their depositions (*i.e.*, practice their cross examinations); and then would have the opportunity to cross examine the witnesses a second time live in court. The Fee Objectors suggested that the procedure be as follows:

> Having spoken with our client, we propose the following:
>
> [1] No document discovery; each party withdraws its document request;
>
> [2] Any individual that will submit a declaration or testify at trial will be made available for a deposition in advance of the hearing; provided that the declaration and any documents attached thereto will be submitted reasonably in advance of the declarant's deposition;
>
> [3] Any individual that submits a declaration will be made available for cross examination at the hearing; and
>
> [4] There will be no depositions apart from those individuals that will submit declarations or will testify at the hearing.

(*See* Exhibit A.)

The Honorable Kevin Gross
Page 4

        Delaware Trust concluded that this procedure would be unfair because, among other things, it would permit the Fee Objectors to (i) simply testify at trial without providing advance notice of their testimony; and (ii) give the Fee Objectors two bites at the apple with respect to conducting cross examinations of the Trustee's witnesses.  Accordingly, the Trustee instead proposed that direct testimony be submitted in affidavit form, and that cross examinations take place live on February 28.  Specifically, Delaware Trust responded:

> Thank you for your proposal -- I think it is a good start.  Our proposed edits are incorporated in the draft below, which is acceptable to the Indenture Trustee.  I believe this streamlined process will ensure that costs stay down and be fair to all parties.  Please let me know if this is acceptable and, if it is, I will seek approval from the remaining stakeholders.
>
> [1] No document discovery; each party withdraws its document request;
>
> [2] On or before February 22, 2017 at 5:00 p.m., any person who wishes to testify at trial must submit an affidavit setting forth their direct testimony and any exhibits that will be introduced through them;
>
> [3] Any individual that submits such an affidavit will be made available for cross examination at the hearing, and such witness's testimony and cross-examination will be limited to the subjects identified in the affidavit described in Paragraph 2, above; and
>
> [4] There will be no pre-hearing depositions.

(*Id*.)  Unfortunately, the Fee Objectors rejected this proposal, which would have been fair to both sides and also would have saved significant expense.

The Honorable Kevin Gross
Page 5

        Accordingly, Delaware Trust and the Fee Objectors have not reached agreement to modify the discovery schedule Your Honor issued by Order on January 26, 2017. (*See* Order of January 26, 2017 [Dkt. 17805].) That Order continues to govern discovery. Delaware Trust has no objection either to (i) continuing to follow this Court's Order as written, or (ii) modifying the pre-Hearing procedures in a way that does not disadvantage Delaware Trust.

        Respectfully,

        James V. Masella, III

(Enclosure)

cc:   Stephen Miller, Esq.
      Eric J. Monzo, Esq.
      Derek Abbott, Esq.
      Lisa M. Schweitzer, Esq.
      David M. Botter, Esq.
      Robert Alan Johnson, Esq.
      Christopher Samis, Esq.
      James Tecee, Esq.
      Joanne P. Pinckney, Esq.
      <u>By E-Mail</u>