# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Nortel Networks Inc., *et al.,*[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |

## STIPULATED WITHDRAWAL OF CLAIMS

Coface North America Insurance Company (the "Claimant"), as assignee of creditor Jaco Electronics, Inc. ("Jaco"), and the above-captioned Debtors (together with the Claimant, the "Parties"), by and through undersigned counsel, hereby stipulate to the resolution and withdrawal of certain proofs of claim filed by Jaco and assigned to Claimant (the "Stipulation") and respectfully state as follows:

## BACKGROUND

1. On January 4, 2009, the Debtors commenced the above-captioned Chapter 11 cases (the "Bankruptcy Case") by filing voluntary petitions for relief under 11 U.S.C. §§ 101 et. seq. in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. On February 13, 2009, Jaco timely filed proof of claim number 392 ("Claim No. 392") against the Debtors in the Bankruptcy Case as a general unsecured claim in the amount of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226) (collectively, the "Debtors").

4823-9426-2594.2

$479,290.00 representing amounts due for certain electronic components (the "Goods") sold. Subsequently, on January 21, 2010, Jaco filed proof of claim number 6820 ("Claim No. 6820") asserting the same underlying claim for the Goods sold but also asserting administrative priority under § 503(b)(9) of the Bankruptcy Code. On February 5, 2010, after determining that Claim No. 6820 was inadvertently filed against the incorrect Debtor, Jaco filed proof of claim number 7076 asserting an identical claim against a different Debtor ("Claim No. 7076" and together with Claim No. 392 and Claim No. 6820, the "Claim").

3. Subsequently, the Debtors filed their *Twenty-Second Omnibus Objection (Substantive) to certain Claims Pursuant to 11 U.S.C. § 502, fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (No Liability Claims, Reduce and Allow Claims, Redundant Claims, Wrong Debtor Claims and No-Basis 503(b)(9) Claims)* [Dkt. No. 7183] (the "Claim Objection") objecting to the Claim, among other things.

4. The Parties met and conferred and determined that the Claim was properly asserted against certain Canadian debtors affiliated with the Debtors (the "Canadian Debtors") in their separate Canadian Proceeding, *In the Matter of the Companies' Creditors Arrangement Act,* Court File No. 09-CL-7950 (the "CCAA Proceeding"), rather than against the Debtors in the Bankruptcy Case.

5. Accordingly, on January 25, 2017, pursuant to agreement among the Parties, Jaco and the Canadian Debtors, and pursuant to court order in the CCAA Proceeding, Jaco, on behalf of Claimant, submitted an allowed proof of claim in the CCAA Proceeding against the Canadian Debtors in the amount of $479,290.00 (the "Canadian Claim"). The Canadian Claim was accepted in the CCAA Proceeding.

3

## STIPULATION AND WITHDRAWAL

6. The Parties hereby stipulate to the withdrawal of the Claim (including Claim Nos. 392, 6820 and 7076) before this Court pursuant to Federal Rule of Bankruptcy Procedure 3006.

7. This Stipulation shall be binding on and inure to the benefit of the Parties hereto and their respective successors and assigns. Except as provided herein, nothing shall affect either Parties' rights, which are reserved.

8. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation on behalf of their respective Parties and that the Parties have full knowledge of, and have consented to this Stipulation.

9. This Stipulation shall not be modified, altered, amended or vacated without written agreement of the Parties.

10. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to this Stipulation.

Dated: New York, New York  
       February 14, 2016

FOLEY & LARDNER LLP

*/s/ Richard J. Bernard*  
Douglas E. Spelfogel  
Richard J. Bernard  
Derek L. Wright  
90 Park Avenue  
New York, NY 10016  
Telephone: (212) 682-7474  
Facsimile: (212) 687-2329  
Email: dspelfogel@foley.com  
      rbernard@foley.com  
      dlwright@foley.com

*Counsel for Claimant*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek C. Abbott*

4

4823-9426-2594.2

Derek C. Abbott
1201 North Market Street
Wilmington, DE 19899
Telephone: (302) 351-9357
Facsimile: (302)
Email: dabbott@mnat.com

*Counsel for Debtors*

5