From:Bank of NY Mellon          12128155802          01/20/2009 10:43     #424 P.040/078

## ARTICLE FOUR

### SATISFACTION AND DISCHARGE

SECTION 401.    *Satisfaction and Discharge of Indenture.*

(a)     This Indenture shall upon Issuer Request of an Issuer cease to be of further effect as to such Issuer (except as to any surviving rights of registration of transfer or exchange of Debt Securities provided for herein and rights to receive payments of principal of (and premium, if any) and interest thereon) and the Trustee, at the expense of such Issuer, shall execute proper instruments acknowledging satisfaction and discharge of this Indenture with respect to such Issuer and the Guarantor (in the case of Guaranteed Debt Securities), when:

   **(1)**     either

      (i)     all Debt Securities theretofore issued by such Issuer and authenticated and delivered hereunder (other than: (x) Debt Securities that have been destroyed, lost or stolen and that have been replaced or paid as provided in Section 306; and (y) Debt Securities for whose payment money has theretofore been deposited in trust or segregated and held in trust by such Issuer and thereafter repaid to such Issuer or discharged from such trust, as provided in Section 1003) have been delivered to the Trustee for cancellation; or

      (ii)     all such Debt Securities issued by such Issuer and authenticated and delivered hereunder and not theretofore delivered to the Trustee for cancellation:

         (x)     have become due and payable;

         (y)     will become due and payable at their Stated Maturity Date within one year; or

         (z)     are to be called for redemption within one year under arrangements satisfactory to the Trustee for the giving of notice by the Trustee in the name, and at the expense, of such Issuer,

   and such Issuer, in the case of (ii)(x), (ii)(y) or (ii)(z) above, has irrevocably deposited or caused to be deposited with the Trustee as trust funds in trust an amount sufficient to pay and discharge the entire indebtedness on such Debt Securities for principal (and premium, if any) and interest to the date of such deposit (in the case of Debt Securities that have become due and payable) or to the Stated Maturity Date or Redemption Date, as the case may be;

- 32 -

CONFIDENTIAL                                                                                    IT00009118

(2)     such Issuer or the Guarantor (in the case of Guaranteed Debt Securities) has paid or caused to be paid all other sums payable hereunder by such Issuer or Guarantor, as the case may be; and

(3)     such Issuer has delivered to the Trustee an Officers' Certificate and Opinion of Counsel each stating that all conditions precedent herein provided related to the satisfaction and discharge of this Indenture have been complied with.

(b)     Notwithstanding the satisfaction and discharge of this Indenture, the obligations of such Issuer to the Trustee under Section 606 and, if money shall have been deposited with the Trustee pursuant to paragraph (a)(1)(ii) of this Section, the obligations of the Trustee under Section 402 and Section 1003(e) shall survive.

SECTION 402.  *Application of Trust Money.*

Subject to the provisions of Section 1003(e), all money deposited with the Trustee pursuant to Section 401 shall be held in trust and applied by it, in accordance with the provisions of the Debt Securities, the Guarantees (in the case of Guaranteed Debt Securities) and this Indenture, to the payment, either directly or through any Paying Agent (including either Issuer or the Guarantor, acting as its own Paying Agent) as the Trustee may determine, to the Persons entitled thereto, of the principal (and premium, if any) and interest for whose payment such money has been deposited with the Trustee.

## ARTICLE FIVE

### DEFAULTS AND REMEDIES

SECTION 501.   *Events of Default and Enforcement.*

If and when any one or more of the following events (herein called an "Event of Default") shall happen and be continuing with respect to the Debt Securities of any series, namely:

(1)     a default in payment of principal (and premium, if any) of any Debt Security of such series when due;

(2)     a default in payment of interest on any Debt Security of such series when due and payable and the continuance of such default for 30 days;

(3)     a default in the deposit of any sinking fund payment on any Debt Security of such series when due;

(4)     a default in performing or observing any of the covenants, agreements or other obligations of the applicable Issuer or the Guarantor (in the case of Guaranteed Debt Securities), as described herein for 90 days after written notice to such

- 33 -

CONFIDENTIAL                                                                                                        IT00009119

Issuer or Guarantor by the holders of not less than 25% in principal amount of Outstanding Debt Securities of such series requiring the same to be remedied;

(5)   a decree, judgment, or order by a court having jurisdiction in the premises shall have been entered adjudging the applicable Issuer or the Guarantor (in the case of Guaranteed Debt Securities) a bankrupt or insolvent or approving as properly filed a petition seeking reorganization, readjustment, arrangement, composition or similar relief for the applicable Issuer or the Guarantor (in the case of Guaranteed Debt Securities) under any bankruptcy, insolvency or other similar applicable law and such decree, judgment or order of a court having jurisdiction in the premises for the appointment of a receiver or liquidator or trustee or assignee in bankruptcy or insolvency of such Issuer or Guarantor, as the case may be, of a substantial part of its property, or for the winding up or liquidation of its affairs, shall have remained in force for a period of 60 consecutive days; or any substantial part of the property of such Issuer or Guarantor shall be sequestered or attached and shall not be returned to the possession of such Issuer or Guarantor or released from such attachment whether by filing of a bond, or stay or otherwise within 60 consecutive days thereafter;

(6)   the applicable Issuer or the Guarantor (in the case of Guaranteed Debt Securities) shall institute proceedings to be adjudicated a voluntary bankrupt, or shall consent to the filing of a bankruptcy proceeding against it, or shall file a petition or answer or consent seeking reorganization, readjustment, arrangement, composition or similar relief under any bankruptcy, insolvency or other similar applicable law or such Issuer or Guarantor shall consent to the filing of any such petition, or shall consent to the appointment of a receiver or liquidator or trustee or assignee in bankruptcy or insolvency for it or of a substantial part of its property, or shall make an assignment for the benefit of creditors, or shall be unable, or admit in writing its inability, to pay its debts generally as they become due, or corporate action shall be taken by such Issuer or Guarantor in furtherance of any of the aforesaid actions;

(7)   the occurrence of an event of default as defined in any evidence of indebtedness for borrowed money of the applicable Issuer or the Guarantor (in the case of Guaranteed Debt Securities), exceeding on its face $100,000,000 in principal amount, whether such indebtedness now exists or shall hereafter be created, which results in such indebtedness becoming or being declared due and payable prior to the date on which it would otherwise become due and payable and such acceleration shall not be rescinded or annulled within 10 days after written notice (i) specifying such default, (ii) requiring such defaulting entity to cause such acceleration to be rescinded or annulled, and (iii) stating that such notice is a "Notice of Default" thereunder, shall have been given to such defaulting entity by the Trustee or to such defaulting entity and the Trustee by the trustee under any such mortgage, indenture or instrument, by the holder or holders of any such indebtedness or by the agent of any such holder or holders; or

- 34 -

CONFIDENTIAL                                                                    IT00009120

(8)    any other Event of Default provided with respect the Debt Securities of that
       series;

then, and in each and every such case, the Trustee or the Holders of not less than 25%
in principal amount of the Outstanding Debt Securities of such series at such time may
declare the principal of (and premium, if any) together with accrued interest on, all
such Debt Securities of such series to be due and payable immediately, by a notice in
writing to the applicable Issuer and the Guarantor (in the case of Guaranteed Debt
Securities), and to the Trustee if given by the Holders, and upon any such declaration
such principal amount, together with accrued interest thereon shall become immediately
due and payable.

SECTION 502.   *Waiver of Declaration.*

At any time after such a declaration of acceleration with respect to the Debt Securities of a
series has been made and before a judgment or decree for payment of the money due has been
obtained by the Trustee as hereinafter provided, the Holders of a majority in principal amount
of Outstanding Debt Securities of such series, by written notice to the applicable Issuer, the
Guarantor (in the case of Guaranteed Debt Securities) and the Trustee, may rescind and annul
such declaration and its consequences if:

(1)    the applicable Issuer or the Guarantor (in the case of Guaranteed Debt
       Securities) has paid or deposited with the Trustee a sum sufficient to pay:

       (i)    all overdue interest on all the Debt Securities of such series;

       (ii)   the principal of any of the Debt Securities of such series which have
              become due otherwise than by such declaration of acceleration, and
              interest thereon at the rate or rates prescribed therefor in such Debt
              Securities; and

       (iii)  to the extent that payment of such interest is lawful and applicable,
              interest upon overdue installments of interest at the rate or rates
              prescribed therefor in such Debt Securities; and

(2)    all Events of Default with respect to the Debt Securities of such series, other
       than the non-payment of the principal of, and interest on, such Debt Securities
       which have become due solely by such declaration of acceleration, have been
       cured or waived in accordance with the provisions of the Indenture.

SECTION 503.   *Waiver.*

(a)    The Holders of not less than a majority in principal amount of the Outstanding Debt
Securities of any series may on behalf of the Holders of all Debt Securities of any such series

- 35 -

CONFIDENTIAL                                                        IT00009121

From:Bank of NY Mellon                12128155802                01/20/2009 10:44        #424 P.044/078

waive any past default hereunder with respect to such series and its consequences, except a default:

(1)    in the payment of the principal of (or premium, if any) or interest on any Debt Security of such series; or

(2)    in respect of a covenant or provision hereof that under Article Nine cannot be modified or amended without the consent of the Holder of each Outstanding Debt Security of such series affected.

(b)    Upon any such waiver, such default shall cease to exist, and any Event of Default arising therefrom shall be deemed to have been cured, for every purpose of this Indenture. No such waiver shall extend to any subsequent or other default or impair any right consequent thereon.

SECTION 504.    *Other Remedies.*

(a)    If an Event of Default occurs and is continuing, the Trustee may pursue any available remedy to collect the payment of principal of (and premium, if any) or interest on Debt Securities or to enforce the performance of any provision of Debt Securities or this Indenture.

(b)    The Trustee may maintain a proceeding even if it does not possess any Debt Securities or does not produce any of them in the proceeding. A delay or omission by the Trustee or any Holder in exercising any right or remedy accruing upon an Event of Default shall not impair the right or remedy or constitute a waiver of or acquiescence in the Event of Default. All remedies, except as provided in Section 306, are cumulative to the extent permitted by law.

SECTION 505.    *Application of Money Collected.*

Any money collected by the Trustee pursuant to this Article shall be applied in the following order, at the dates fixed by the Trustee and, in case of the distribution of such money on account of principal of (and premium, if any) or interest, upon presentation of Debt Securities and the notation thereon of the payment if only partially paid and upon surrender thereof if fully paid:

FIRST:    To the payment of all amounts due the Trustee under Section 606; and

SECOND:    To the payment of the amounts then due and unpaid for principal of (and premium, if any) and interest on Debt Securities, in respect of which or for the benefit of which such money has been collected ratably, without preference or priority of any kind, according to the amounts due and payable on such Debt Securities for principal (and premium, if any) and interest, respectively. The Holders of any Debt Securities denominated in ECU, any other composite currency or a Foreign Currency shall be entitled to receive a ratable portion of the amount determined by the Trustee converting the principal amount Outstanding of such Debt Securities and matured but unpaid interest on such Debt Securities in the

- 36 -

CONFIDENTIAL                                                                                                IT00009122

From: Bank of NY Mellon          12128155802          01/20/2009 10:45     #424 P.045/078

currency in which such Debt Securities are denominated into Dollars at the Exchange Rate as of the date of declaration of acceleration of the Maturity of the Debt Securities (or, if there is no such rate on such date for the reasons specified in Section 311(d), such rate on the date specified in such Section).

SECTION 506.   *Control by Holders.*

(a)      The Holders of at least a majority in principal amount of the Outstanding Debt Securities of any series, may:

    (1)      direct the time, method and place of conducting any proceeding for any remedy available to the Trustee or exercising any trust or power conferred on it with respect to the Debt Securities of such series; and

    (2)      take any other action authorized to be taken by or on behalf of the Holders of any specified aggregate principal amount of Debt Securities under any provisions of this Indenture or under applicable law.

(b)      The Trustee may refuse, however, to follow any direction that conflicts with law or this Indenture or is unduly prejudicial to the rights of other Holders.

SECTION 507.   *Limitation on Suits.*

(a)      A Holder of Debt Securities may pursue a remedy with respect to this Indenture directly himself only if: (1) the Holder gives to the Trustee notice of a continuing Event of Default; (2) the Holders of at least 25% in principal amount of all of the then Outstanding Debt Securities issued under the Indenture (treated as a class) make a request in writing to the Trustee to pursue the remedy; (3) such Holder or Holders indemnify the Trustee in form satisfactory to it against any loss, liability or expense; (4) the Trustee does not comply with the request within 60 days after receipt of such request and indemnity; and (5) during such 60-day period the Holders of a majority in principal amount of all of the Outstanding Debt Securities (treated as a class) do not give the Trustee a direction inconsistent with the request.

(b)      Holders may not use this Indenture to prejudice the rights of another Holder or to obtain a preference or priority over another Holder.

SECTION 508.   *Rights of Holders To Receive Payment.*

Notwithstanding any other provision of this Indenture, the right of any Holder to receive payment of principal of (and, premium, if any) and interest on Debt Securities held by him, on or after the respective due dates expressed in the Debt Securities (or, in the case of redemption, on the Redemption Date), or to bring suit for the enforcement of any such payment on or after such respective dates, shall not be impaired or affected without the consent of the Holder.

- 37 -

CONFIDENTIAL                                                                                    IT00009123

SECTION 509.    *Collection Suit by Trustee.*

If an Event of Default specified in Section 501(1), (2) or (3) occurs and is continuing, the Trustee may recover judgment in its own name and as trustee of an express trust against the applicable Issuer or the Guarantor (in the case of Guaranteed Debt Securities) for the whole amount of principal (and premium, if any) and interest remaining unpaid.

SECTION 510.    *Trustee May File Proofs of Claim.*

The Trustee may file such proofs of claim and other papers or documents as may be necessary or advisable in order to have the claims of the Trustee and the Holders allowed in any judicial proceedings relative to the applicable Issuer or the Guarantor (in the case of Guaranteed Debt Securities), its creditors or its property.

SECTION 511.    *Undertaking for Costs.*

In any suit for the enforcement of any right or remedy under this Indenture or in any suit against the Trustee for any action taken or omitted by it as Trustee, a court in its discretion may require the filing by any party litigant in the suit of an undertaking to pay the costs of the suit, and the court in its discretion may assess reasonable costs, including reasonable attorneys' fees, against any party litigant in the suit, having due regard to the merits and good faith of the claims or defenses made by the party litigant. This Section does not apply to a suit by the Trustee, a suit by a Holder pursuant to Section 507, or a suit by any Holder or group of Holders of more than 10% in principal amount of the Outstanding Debt Securities.

SECTION 512.    *Delay or Omission Not Waiver.*

No delay or omission of the Trustee or of any Holder of any Debt Security to exercise any right or remedy accruing upon any Event of Default shall impair any such right or remedy or constitute a waiver of any such Event of Default or an acquiescence therein. Every right and remedy given by this Article or by law to the Trustee or to the Holders may be exercised from time to time, and as often as may be deemed expedient, by the Trustee or by the Holders, as the case may be.

SECTION 513.    *Waiver of Stay or Extension Laws.*

The Issuers and the Guarantor each, severally and not jointly, covenants (to the extent that it may lawfully do so) that it will not at any time insist upon, or plead, or in any manner whatsoever claim or take the benefit or advantage of, any stay or extension law wherever enacted, now or at any time hereafter in force, that may affect the covenants or the performance of this Indenture; and the Issuers and the Guarantor each, severally and not jointly (to the extent that it may lawfully do so), hereby expressly waives all benefit or advantage of any such law, and covenants that it will not hinder, delay or impede the execution of any power herein granted to the Trustee, but will suffer and permit the execution of every such power as though no such law had been enacted.

- 38 -

CONFIDENTIAL                                                                                    IT00009124

## ARTICLE SIX

### THE TRUSTEE

SECTION 601.   *Duties of Trustee.*

(a)    If an Event of Default has occurred and is continuing, the Trustee shall exercise such of the rights and powers vested in it by this Indenture, and use the same degree of care and skill in their exercise, as a prudent person would exercise or use under the circumstances in the conduct of his own affairs.

(b)    Except during the continuance of an Event of Default:

   (1)    the Trustee need perform only those duties that are specifically set forth in this Indenture and no others; and

   (2)    in the absence of bad faith on its part, the Trustee may conclusively rely, as to the truth of the statements and the correctness of the opinions expressed therein, upon certificates or opinions furnished to the Trustee and conforming to the requirements of this Indenture; however, the Trustee shall examine the certificates and opinions to determine whether or not they so conform.

(c)    The Trustee may not be relieved from liability for its own negligent action, its own negligent failure to act, or its own willful misconduct, except that:

   (1)    this paragraph does not limit the effect of paragraph (b) of this Section;

   (2)    the Trustee shall not be liable for any error of judgment made in good faith by a Responsible Officer, unless it is proved that the Trustee was negligent in ascertaining the pertinent facts;

   (3)    the Trustee shall not be liable with respect to any action it takes or omits to take in good faith in accordance with a direction received by it pursuant to Section 506; and

   (4)    no provision of the Indenture shall require the Trustee to expend or risk its own funds or otherwise incur any financial liability in the performance of any of its duties hereunder, or in the exercise of any of its rights or powers, if it shall have reasonable grounds for believing that repayment of such funds or adequate indemnity against such risk or liability is not reasonably assured to it.

(d)    Every provision of this Indenture that in any way relates to the Trustee is subject to the above paragraphs of this Section.  The Trustee may refuse to perform any duty or exercise any right or power unless it receives indemnity reasonably satisfactory to it for actions taken under

- 39 -

CONFIDENTIAL

IT00009125

From:Bank of NY Mellon          12128155802          01/20/2009 10:45          #424 P.048/078

this Indenture. The Trustee shall not be liable for interest on any money received by it except as the Trustee may agree with the applicable Issuer or the Guarantor. Money held in trust by the Trustee need not be segregated from other funds except to the extent required by law.

SECTION 602.   *Rights of Trustee.*

The Trustee may rely on any document believed by it to be genuine and to have been signed or presented by the proper person. The Trustee need not investigate any fact or matter stated in the document. Before the Trustee acts or refrains from acting, it may require an Officers' Certificate or an Opinion of Counsel. The Trustee shall not be liable for any action it takes or omits to take in good faith in reliance thereon. The Trustee may act through agents or attorneys and shall not be responsible for the misconduct or negligence of any agent or attorney appointed with due care. The Trustee shall not be liable for any action it takes or omits to take in good faith, except as otherwise provided in this Indenture, which it reasonably believes to be authorized or within its rights or powers. The Trustee may consult with counsel of its selection and the advice of such counsel or any Opinion of Counsel shall be full and complete authorization and protection in respect of any action taken, suffered or omitted by it hereunder in good faith and in reliance thereon.

SECTION 603.   *Individual Rights of Trustee.*

The Trustee in its individual or any other capacity may become the owner or pledgee of Debt Securities and may otherwise deal with the Issuers or the Guarantor with the same rights it would have if it were not Trustee. Any agent of the Trustee may do the same with like rights. However, the Trustee is at all times subject to Sections 609 and 610.

SECTION 604.   *Trustee's Disclaimer.*

The Trustee makes no representation as to the validity or adequacy of Debt Securities, it shall not be accountable for the applicable Issuer's use of the proceeds from Debt Securities, and it shall not be responsible for any statement in Debt Securities other than its certificate of authentication.

SECTION 605.   *Notice of Defaults.*

If an Event of Default with respect to a series of Debt Securities occurs and is continuing, the Trustee shall mail to Holders of Debt Securities of such series a notice of the Event of Default within 90 days after it occurs. Except in the case of an Event of Default resulting from nonpayment on any Debt Securities, the Trustee may withhold the notice if and so long as a committee of its Responsible Officers in good faith determines that withholding the notice is in the interests of the Holders of Debt Securities.

CONFIDENTIAL                                                                 IT00009126

From:Bank of NY Mellon          12128155802          01/20/2009 10:46     #424 P.049/078

SECTION 606.   *Compensation and Indemnity.*

(a)     The Issuers shall pay to the Trustee from time to time compensation for its services as agreed separately by the Issuers and the Trustee. The Trustee's compensation shall not be limited by any law on compensation of a trustee or of an express trust.

(b)     The Issuers, severally and not jointly, shall indemnify the Trustee or any predecessor Trustee and their agents for, and to hold them harmless against, any and all loss, damage, claims, liability or expense arising out of or in connection with the acceptance or administration of the trust or trusts hereunder, including the costs and expenses of defending itself against any claim or liability in connection with the exercise or performance of any of its powers or duties hereunder, except to the extent that such loss, damage, claim, liability or expense is due to its own negligence or bad faith or that of its agents or attorneys. The Trustee shall notify the applicable Issuer promptly of any claim for which it may seek indemnity. The applicable Issuer shall defend the claim and the Trustee shall cooperate in the defense. The applicable Issuer need not pay for any settlement made without its consent.

(c)     Except as otherwise expressly provided herein, the Issuers agree to reimburse the Trustee upon its request for all reasonable and documented expenses, disbursements and advances incurred or made by the Trustee in accordance with any provision of this Indenture (including the reasonable and documented compensation, expenses and disbursements of its agents and counsel), except any such expense, disbursement or advance as may be attributable to its negligence or bad faith or that of its agents or attorneys; and

(d)     To secure the Issuers' respective payment obligations in this Section, the Trustee shall have a lien prior to Debt Securities on all money or property held or collected by the Trustee, except that held in trust to pay principal and interest on Debt Securities.

When the Trustee incurs expenses or renders services in connection with an Event of Default specified in Section 501(5) or Section 501(6), the reasonable and documented expenses (including the reasonable and documented charges and expenses of its counsel) and compensation for the services are intended to constitute expenses of administration under any applicable Federal or state bankruptcy, insolvency or other similar law.

The provisions of this Section shall survive the termination of this Indenture and the resignation or removal of the Trustee.

SECTION 607.   *Replacement of Trustee.*

(a)     A resignation or removal of the Trustee and appointment of a successor Trustee for the Debt Securities of any series shall become effective only upon the successor Trustee's acceptance of appointment as provided in this Section.

(b)     The Trustee may resign at any time with respect to Debt Securities of one or more series by giving written notice thereof to the applicable Issuer and the Guarantor (in the case of

- 41 -

CONFIDENTIAL

IT00009127

Guaranteed Debt Securities). If an instrument of acceptance by a successor Trustee shall not have been delivered to the Trustee within 30 days after the giving of such notice of resignation, the resigning Trustee may petition any court of competent jurisdiction for the appointment of a successor Trustee to the Trustee and to such Issuer and Guarantor. The Holders of at least a majority in principal amount of then Outstanding Debt Securities of such series may remove the Trustee by so notifying the Trustee, such Issuer and Guarantor if: (1) the Trustee fails to comply with Section 609; (2) the Trustee is adjudged a bankrupt or an insolvent; (3) a receiver or public officer takes charge of the Trustee or its property; or (4) the Trustee becomes incapable of acting, then, in any such case, (i) such Issuer by a Board Resolution thereof may remove the Trustee with respect to all Debt Securities, or (ii) any Holder who has been a bona fide Holder of a Debt Security of any series for at least six months may, on behalf of himself and all others similarly situated, petition any court of competent jurisdiction for the removal of the Trustee for the Debt Securities of such series and the appointment of a successor Trustee.

(c)     If the Trustee resigns or is removed or if a vacancy exists in the office of Trustee for any reason with respect to the Debt Securities of one or more series, the applicable Issuer shall promptly appoint a successor Trustee or Trustees with respect to the Debt Securities of that or those series (it being understood that any such successor Trustee may be appointed with respect to the Debt Securities of one or more or all of such series and that at any time there shall be only one Trustee with respect to the Debt Securities of any particular series) and shall comply with the applicable requirements of this Section 607. Within one year after the successor Trustee takes office, the Holders of a majority in principal amount of Outstanding Debt Securities of any series may appoint a successor Trustee to replace the successor Trustee appointed by such Issuer with respect to the Debt Securities of such series. If a successor Trustee does not take office within 60 days after the retiring Trustee resigns or is removed, the retiring Trustee, such Issuer or the Holders of at least 10% in principal amount of the Debt Securities of any series may petition any court of competent jurisdiction for the appointment of a successor Trustee with respect to the Debt Securities of such series.

(d)     If the Trustee fails to comply with Section 609, any Holder of Debt Securities may petition any court of competent jurisdiction for the removal of the Trustee and the appointment of a successor Trustee.

(e)     The applicable Issuer shall give notice of each resignation and each removal of the Trustee with respect to Debt Securities of any series and each appointment of a successor Trustee with respect to Debt Securities of any series in the manner provided in Section 106. Each notice shall include the name of the successor Trustee with respect to Debt Securities of such series and the address of its Corporate Trust Office.

(f)     In the case of an appointment hereunder of a successor Trustee with respect to all Debt Securities, every such successor Trustee so appointed shall execute, acknowledge and deliver to the Issuers and to the Guarantor and to the retiring Trustee an instrument accepting such appointment, and thereupon the resignation or removal of the retiring Trustee shall become effective and such successor Trustee, without any further act, deed or conveyance, shall

- 42 -

CONFIDENTIAL                                                                 IT00009128

become vested with all the rights, powers, trusts and duties of the retiring Trustee; but, on request of either Issuer or the Guarantor or the successor Trustee, such retiring Trustee shall, upon payment of its charges, execute and deliver an instrument transferring to such successor Trustee all the rights, powers and trusts of the retiring Trustee, and shall duly assign, transfer and deliver to such successor Trustee all property and money held by such retiring Trustee hereunder.

(g)     In case of the appointment hereunder of a successor Trustee with respect to Debt Securities of one or more (but not all) series, the applicable Issuer, the Guarantor (in the case of Guaranteed Debt Securities), the retiring Trustee upon payment of its charges and each successor Trustee with respect to Debt Securities of one or more series shall execute and deliver an indenture supplemental hereto wherein each successor Trustee shall accept such appointment and which: (1) shall contain such provisions as shall be necessary or desirable to transfer and confirm to, and to vest in, each successor Trustee all the rights, powers, trusts and duties of the retiring Trustee with respect to Debt Securities of that or those series to which the appointment of such successor Trustee relates; (2) if the retiring Trustee is not retiring with respect to all Debt Securities, shall contain such provisions as shall be deemed necessary or desirable to confirm that all the rights, powers, trusts and duties of the retiring Trustee with respect to Debt Securities of that or those series as to which the retiring Trustee is not retiring shall continue to be vested in the retiring Trustee; and (3) shall add to or change any of the provisions of this Indenture as shall be necessary to provide for or facilitate the administration of the trusts hereunder by more than one Trustee, it being understood that nothing herein or in such supplemental indenture shall constitute such Trustees co-trustees of the same trust and that each such Trustee shall be trustee of a trust or trusts hereunder separate and apart from any trust or trusts hereunder administered by any other such Trustee; and upon the execution and delivery of such supplemental indenture the resignation or removal of the retiring Trustee shall become effective to the extent provided therein and each such successor Trustee, without any further act, deed or conveyance, shall become vested with all the rights, powers, trusts and duties of the retiring Trustee with respect to the Debt Securities of that or those series to which the appointment of such successor Trustee relates; but, on request of the applicable Issuer, the Guarantor (in the case of Guaranteed Debt Securities) or any successor Trustee, such retiring Trustee shall duly assign, transfer and deliver to such successor Trustee all property and money held by such retiring Trustee hereunder with respect to the Debt Securities of that or those series to which the appointment of such successor Trustee relates.

(h)     Upon request of any such successor Trustee, the Issuers and the Guarantor shall execute any and all instruments for more fully and certainly vesting in and confirming to such successor Trustee all such rights, powers and trusts referred to in paragraph (f) or (g) of this Section, as the case may be.

(i)     No successor Trustee shall accept its appointment unless at the time of such acceptance such successor Trustee shall be qualified and eligible under this Article.

- 43 -

CONFIDENTIAL                                                                          IT00009129

SECTION 608.    *Successor Trustee by Merger, etc.*

If the Trustee consolidates, merges or converts into, or transfers all or substantially all of its corporate trust business to, another corporation, the successor corporation without any further act shall be the successor Trustee.

SECTION 609.    *Eligibility; Disqualification.*

This Indenture shall always have a Trustee who satisfies the requirements of Section 310(a)(1) of the Trust Indenture Act. The Trustee shall always have a combined capital and surplus of at least $5 million, calculated as permitted by Section 310(a)(2) of the Trust Indenture Act. The Trustee is subject to Section 310(b) of the Trust Indenture Act (provided the indentures dated as of May 3, 1988 and November 30, 1988 between the Corporation and the Trustee are excluded from the operation thereof pursuant to Section 310(b)(1) of the Trust Indenture Act), including the optional provision permitted by the second sentence of Section 310(b)(9) of the Trust Indenture Act.

SECTION 610.    *Preferential Collection of Claims Against the Issuers.*

The Trustee is subject to Section 311(a) of the Trust Indenture Act, except with respect to any creditor relationship listed in Section 311(b) of the Trust Indenture Act. A Trustee who has resigned or been removed is subject to Section 311(a) of the Trust Indenture Act to the extent indicated.

## ARTICLE SEVEN

### HOLDERS' LISTS AND REPORTS BY TRUSTEE, ISSUERS AND GUARANTOR

SECTION 701.    *Preservation of Information: Communications to Holders.*

(a)    The Trustee shall preserve, in as current a form as is reasonably practicable, the names and addresses of Holders of Debt Securities received by the Trustee in its capacity as Security Registrar, if so acting.

(b)    If three or more Holders of a series of Debt Securities (hereinafter referred to as "applicants") apply in writing to the Trustee, and furnish to the Trustee reasonable proof that each such applicant has owned a Debt Security for a period of at least six months immediately preceding the date of such application, and such application states that the applicants desire to communicate with other Holders of Debt Securities of a particular series (in which case the applicants must hold Debt Securities of such series) or with all Holders of Debt Securities with respect to their rights under this Indenture or under the Debt Securities and is accompanied by a copy of the form of proxy or other communication which such applicants propose to transmit, then the Trustee shall, within five Business Days after the receipt of such application, at its election, either:

- 44 -

CONFIDENTIAL                                                                      IT00009130

(1)    afford such applicants access to the information preserved at the time by the Trustee in accordance with Section 701(a); or

(2)    inform such applicants as to the approximate number of Holders of Debt Securities of such series or of all Debt Securities, as the case may be, whose names and addresses appear in the information preserved at the time by the Trustee in accordance with Section 701(a), and as to the approximate cost of mailing to such Holders the form of proxy or other communication, if any, specified in such application.

If the Trustee shall elect not to afford such applicants access to such information, the Trustee shall, upon the written request of such applicants, mail to each Holder whose name and address appear in the information preserved at the time by the Trustee in accordance with Section 701(a), a copy of the form of proxy or other communication that is specified in such request, with reasonable promptness after a tender to the Trustee of the material to be mailed and of payment, or provision for the payment, of the reasonable expenses of mailing, unless within five days after such tender, the Trustee shall mail to such applicants and file with the Commission, together with a copy of the material to be mailed, a written statement to the effect that, in the opinion of the Trustee, such mailing would be contrary to the best interests of the Holders or would be in violation of applicable law. Such written statement shall specify the basis of such opinion. If the Commission, after opportunity for a hearing upon the objections specified in the written statement so filed, shall enter an order refusing to sustain any of such objections or if, after the entry of an order sustaining one or more of such objections, the Commission shall find, after notice and opportunity for hearing, that all the objections so sustained have been met and shall enter an order so declaring, the Trustee shall mail copies of such material to all such Holders with reasonable promptness after the entry of such order and the renewal of such tender, otherwise the Trustee shall be relieved of any obligation or duty to such applicants respecting their application.

(c)    Every Holder of Debt Securities, by receiving and holding the same, agrees with the applicable Issuer, the Guarantor (in the case of Guaranteed Debt Securities) and the Trustee that none of such Issuer, Guarantor and the Trustee shall be held accountable by reason of the disclosure of any such information as to the names and addresses of the Holders in accordance with Section 701(b), regardless of the source from which such information was derived, and that the Trustee shall not be held accountable by reason of mailing any material pursuant to a request made under Section 701(b).

SECTION 702.    *Reports by Trustee.*

(a)    Within 60 days after May 15 of each year following the date of this Indenture, the Trustee shall mail to Holders a brief report dated as of such reporting date that complies with Section 313(a) of the Trust Indenture Act. The Trustee shall also comply with Sections 313(b)(2) and 313(c) of the Trust Indenture Act.

- 45 -

CONFIDENTIAL                                                                    IT00009131

From:Bank of NY Mellon          12128155802          01/20/2009 10:47     #424 P.054/078

(b)    A copy of each report at the time of its mailing to Holders shall be filed with the Commission and each stock exchange on which Debt Securities of any series are listed.

SECTION 703.    *Reports by Issuers and the Guarantor.*

(a)    The applicable Issuer and the Guarantor (in the case of Guaranteed Debt Securities) will:

(1)    file with the Trustee, within 15 days after the applicable Issuer or the Guarantor (in the case of Guaranteed Debt Securities) is required to file the same with the Commission, copies of the annual reports and of the information, documents and other reports (or copies of such portions of any of the foregoing as the Commission may from time to time by rules and regulations prescribe) which such Issuer or Guarantor may be required to file with the Commission pursuant to Section 13 or Section 15(d) of the Securities Exchange Act of 1934; or, if such Issuer or Guarantor is not required to file information, documents or reports pursuant to either of these Sections, then it will file with the Trustee and the Commission, in accordance with rules and regulations prescribed from time to time by the Commission, such of the supplementary and periodic information, documents and reports that may be required pursuant to Section 13 of the Securities Exchange Act of 1934 in respect of a security listed and registered on a national securities exchange as may be prescribed from time to time in such rules and regulations;

(2)    file with the Trustee and the Commission, in accordance with rules and regulations prescribed from time to time by the Commission, such additional information, documents and reports with respect to compliance thereby with the conditions and covenants of this Indenture as may be required from time to time by such rules and regulations; and

(3)    notify the Trustee when Debt Securities of any series are listed on any stock exchange.

(b)    The Issuers and the Guarantor shall also comply with the provisions of Section 314(a) of the Trust Indenture Act.

- 46 -

CONFIDENTIAL

IT00009132

## ARTICLE EIGHT

AMALGAMATION, CONSOLIDATION, CONVEYANCE, TRANSFER OR LEASE

SECTION 801.    *Amalgamations and Consolidations of Issuers or Guarantor and Conveyances Permitted Subject to Certain Conditions.*

So long as any Debt Security of a particular series remains Outstanding, neither the applicable Issuer nor the Guarantor (if Guaranteed Debt Securities remain Outstanding) will amalgamate with any other corporation or enter into any reorganization or arrangement or effect any conveyance, transfer or lease of all or substantially all of its assets, unless in any such case:

(1)    such Issuer or Guarantor shall be the continuing corporation, or the successor corporation (or the person that leases or that acquires by conveyance or transfer all or substantially all of such Issuer's or Guarantor's assets) shall expressly assume the due and punctual payment of the principal of (and premium, if any) and interest on all Outstanding Debt Securities issued thereby, according to their tenor, and the due and punctual performance and observance of all of the covenants and conditions of this Indenture to be performed by such Issuer or Guarantor by supplemental indenture satisfactory to the Trustee, executed and delivered to the Trustee by such corporation; and

(2)    such Issuer or the Guarantor shall not, immediately thereafter be in default under this Indenture or the Debt Securities.

SECTION 802.    *Rights and Duties of Successor Corporation.*

(a)    In case of any such reorganization, arrangement, conveyance, transfer or lease and upon any such assumption by the successor corporation, such successor corporation shall agree to be bound by the terms of this Indenture as principal obligor or guarantor in place of either Issuer or the Guarantor (in the case of Guaranteed Debt Securities) with the same effect as if it had been named herein as such Issuer or Guarantor. Such successor corporation thereupon may cause to be signed, and may issue either in its own name or in the name of such Issuer or Guarantor, as the case may be, any or all of Debt Securities of any series issuable and, in the case of Guaranteed Debt Securities, the Guarantee endorsed thereon, hereunder which theretofore shall not have been signed by such Issuer or Guarantor, and delivered to the Trustee. All Debt Securities so issued and Guarantees endorsed thereon shall in all respects have the same legal rank and benefit under this Indenture as Debt Securities and Guarantees theretofore or thereafter issued or endorsed in accordance with the terms of this Indenture as though all of such Debt Securities and Guarantees had been issued or endorsed at the date of the execution hereof.

(b)    In the case of any such amalgamation, reorganization, arrangement, conveyance, transfer or lease, such changes in phraseology and form (but not in substance) may be made in

- 47 -

CONFIDENTIAL                                                                IT00009133

Debt Securities and, in the case of Guaranteed Debt Securities, the Guarantee endorsed thereon, thereafter to be issued as may be appropriate.

SECTION 803.   *Officers' Certificate and Opinion of Counsel.*

The Trustee shall receive an Officers' Certificate and an Opinion of Counsel as conclusive evidence that any such amalgamation, consolidation, lease, sale or conveyance, and any such assumption, comply with the provisions of this Article Eight.

### ARTICLE NINE

#### SUPPLEMENTAL INDENTURES

SECTION 901.   *Supplemental Indentures Without Consent of Holders.*

Without the consent of any Holders, the Issuers and the Guarantor, when authorized by a Board Resolution, and the Trustee, at any time and from time to time, may enter into one or more indentures supplemental hereto, in form satisfactory to the Trustee, for any of the following purposes:

(1)    to evidence the succession of another corporation to an Issuer or the Guarantor, and the assumption by such successor of the covenants of such Issuer or the Guarantor herein and in the Debt Securities;

(2)    to add to the covenants of an Issuer or the Guarantor, as the case may be, for the benefit of the Holders of all or any series of Debt Securities (and, if such covenants are to be for the benefit of less than all series of Debt Securities, stating that such covenants are expressly being included solely for the benefit of such series), or to surrender any right or power herein conferred upon such Issuer or the Guarantor;

(3)    to add any additional Events of Default (and, if such Events of Default are to be applicable to less than all series of Debt Securities, stating that such Events of Default are expressly being included solely to be applicable to such series);

(4)    to change or eliminate any restrictions on the payment of principal (or premium, if any) of Debt Securities, *provided* that any such action shall not adversely affect the interests of the Holders of Debt Securities of any series in any material respect;

(5)    to change or eliminate any of the provisions of this Indenture, *provided* that any such change or elimination shall become effective only when there is no Outstanding Debt Security of any series created prior to the execution of such supplemental indenture that is entitled to the benefit of such provision;

- 48 -

CONFIDENTIAL                                                                      IT00009134

(6)      to establish the form or terms of Debt Securities of any series as permitted by Sections 201 and 301;

(7)      to evidence and provide for the acceptance of appointment hereunder by a successor Trustee with respect to the Debt Securities of one or more series and to add to or change any of the provisions of this Indenture as shall be necessary to provide for or facilitate the administration of the trusts hereunder by more than one Trustee;

(8)      to secure the Debt Securities; or

(9)      to cure any ambiguity, to correct or supplement any provision herein that may be defective or inconsistent with any other provision herein, or to make any other provisions with respect to matters or questions arising under this Indenture that shall not be inconsistent with any provisions of this Indenture, *provided* such other provisions shall not adversely affect the interests of the Holders of Debt Securities of any series in any material respect.

SECTION 902.  *Supplemental Indentures with Consent of Holders.*

(a)      With the consent of the Holders of not less than a majority in principal amount of the Outstanding Debt Securities affected by such supplemental indenture, by Act of said Holders delivered to the Issuers, the Guarantor and the Trustee, the Issuers and the Guarantor, when authorized by a Board Resolution, and the Trustee may enter into an indenture or indentures supplemental hereto for the purpose of adding any provisions to or changing in any manner or eliminating any of the provisions of this Indenture or of modifying in any manner the rights of the Holders under this Indenture of such Debt Securities; *provided, however,* that no such supplemental indenture shall, without the consent of the Holder of each Outstanding Debt Security affected thereby:

(1)      change the Stated Maturity Date of the principal of, or any installment of interest on, any Debt Security, or reduce the principal amount thereof or the interest thereon or any premium payable upon redemption thereof, or reduce the amount of the principal of an Original Issue Discount Security that would be due and payable upon a declaration of acceleration of the Maturity thereof pursuant to Section 501, or change any Place of Payment, or change the currency in which any Debt Security or interest thereon is payable, or impair the right to institute suit for the enforcement of any such payment on or after the Stated Maturity Date thereof (or, in the case of redemption, on or after the Redemption Date);

(2)      reduce the percentage in principal amount of the Outstanding Debt Securities of any series, the consent of whose Holders is required for any such supplemental indenture, or the consent of whose Holders is required for any waiver (of compliance with certain provisions of this Indenture or certain defaults hereunder and their consequences) provided for in this Indenture, or reduce the requirements of Section 1404 for quorum or voting;

- 49 -

CONFIDENTIAL                                                                    IT00009135

(3)     modify any of the provisions of this Section, Section 503 or Section 1006, except to increase any such percentage or to provide that certain other provisions of this Indenture cannot be modified or waived without the consent of the Holder of each Outstanding Debt Security affected thereby; *provided, however,* that this clause shall not be deemed to require the consent of any Holder with respect to changes in the references to "the Trustee" and concomitant changes in this Section and Section 1006, or the deletion of this proviso, in accordance with the requirements of Section 901(7); or

(4)     change in any manner adverse to the interests of the Holders of any Outstanding Debt Securities the terms and conditions of the obligations of the Guarantor (in the case of Guaranteed Debt Securities) in respect of the due and punctual payment of the principal (or, if the context so requires, lesser amount in the case of Original Issue Discount Securities) thereof (and premium, if any, thereon) and interest thereon or any additional amounts or any sinking fund or analogous payments provided in respect thereof.

(b)     It shall not be necessary for any Act of Holders under this Section to approve the particular form of any proposed supplemental indenture, but it shall be sufficient if such Act shall approve the substance thereof.

(c)     A supplemental indenture that changes or eliminates any covenant or other provisions of this Indenture that has expressly been included solely for the benefit of one or more particular series of Debt Securities, or that modifies the rights of the Holders of Debt Securities of such series with respect to such covenant or other provision, shall be deemed not to affect the rights under this Indenture of the Holders of Debt Securities of any other series.

SECTION 903.   *Execution of Supplemental Indentures.*

In executing, or accepting the additional trusts created by, any supplemental indenture permitted by this Article or the modifications thereby of the trusts created by this Indenture, the Trustee shall be entitled to receive, and, subject to Section 601, shall be fully protected in relying upon, Opinions of Counsel stating that the execution of such supplemental indenture is authorized or permitted by this Indenture, is not inconsistent herewith, is a valid and binding obligation of the Issuers and the Guarantor (in the case of Guaranteed Debt Securities), enforceable in accordance with its terms, subject to enforceability being limited by bankruptcy, insolvency or other laws affecting the enforcement of creditor's rights generally and equitable remedies including the remedies of specific performance and injunction being granted only in the discretion of a court of competent jurisdiction and, in connection with a supplemental indenture executed pursuant to Section 901, that the Trustee is authorized to execute and deliver such supplemental indenture without the consent of the Holders and, in connection with a supplemental indenture executed pursuant to Section 902, that the requisite consents of the Holders have been validly obtained in accordance with Section 902 hereof.   The Trustee may,

- 50 -

CONFIDENTIAL                                                IT00009136

but shall not be obligated to, enter into any such supplemental indenture that affects the Trustee's own rights, duties or immunities under this Indenture or otherwise.

SECTION 904.    *Effect of Supplemental Indentures.*

Upon the execution of any supplemental indenture under this Article, this Indenture shall be modified in accordance therewith, and such supplemental indenture shall form a part of this Indenture for all purposes; and every Holder of Debt Securities theretofore or thereafter authenticated and delivered under this Indenture shall be bound by the supplemental indenture.

SECTION 905.    *Conformity with Trust Indenture Act.*

Every supplemental indenture executed pursuant to this Article shall conform to the requirements of the Trust Indenture Act as then in effect.

SECTION 906.    *Reference in Debt Securities to Supplemental Indentures.*

Debt Securities of any series authenticated and delivered after the execution of any supplemental indenture pursuant to this Article may, and shall if required by the Trustee, bear a notation in form approved by the Trustee as to any matter provided for in such supplemental indenture. If the applicable Issuer or the Guarantor (in the case of Guaranteed Debt Securities) shall so determine, new Debt Securities of any series and any Guarantees endorsed thereon so modified as to conform, in the opinion of the Trustee and the Board of Directors, to any such supplemental indenture may be prepared and executed by such Issuer and Guarantor and authenticated and delivered by the Trustee in exchange for Outstanding Debt Securities of such series.

## ARTICLE TEN

### COVENANTS

SECTION 1001.    *Payment of Principal, Premium and Interest.*

The applicable Issuer covenants and agrees for the benefit of each particular series of Debt Securities that it will duly and punctually pay the principal of (and premium, if any) and interest on the Debt Securities in accordance with their terms and this Indenture. Principal (and premium, if any) or interest payable with respect to any Debt Securities shall be considered paid on the date due if the Paying Agent, or such Issuer if it acts as its own Paying Agent, holds on that date money sufficient to pay all principal (and premium, if any) and interest then due.

SECTION 1002.    *Maintenance of Office or Agency.*

(a)    The applicable Issuer will maintain in each Place of Payment for any series of Debt Securities issued thereby an office or agency where Debt Securities of such series may be

- 51 -

presented or surrendered for payment, where Debt Securities of such series may be surrendered for registration of transfer or exchange and where notices and demands to or upon such Issuer in respect of the Debt Securities of such series and this Indenture may be served; and the Guarantor will maintain in The City of New York an office or agency where notices and demands to or upon the Guarantor in respect of Guaranteed Debt Securities of any series and this Indenture may be served. The applicable Issuer and the Guarantor (in the case of Guaranteed Debt Securities) will give prompt written notice to the Trustee of the location, and any change in the location of any such office or agency. If at any time either Issuer or the Guarantor shall fail to maintain any such required office or agency or shall fail to furnish the Trustee with the address thereof, such presentations, surrenders, notices and demands may be made or served at the Corporate Trust Office of the Trustee and the Issuers and the Guarantor each hereby appoints the Trustee its agent to receive all such presentations, surrenders, notices and demands.

(b)      An Issuer may also from time to time designate one or more other offices or agencies (in or outside of such Place of Payment) where the Debt Securities of one or more series may be presented or surrendered for any or all of such purposes, and may from time to time rescind such designations; *provided, however,* that no such designation or rescission shall in any manner relieve such Issuer of its obligation to maintain an office or agency in each Place of Payment for any series of Debt Securities, for such purposes. Such Issuer will give prompt written notice to the Trustee of any such designation and any change in the location of any such other office or agency.

SECTION 1003:  *Money for Debt Securities Payments to Be Held in Trust.*

(a).     If an Issuer or the Guarantor (in the case of Guaranteed Debt Securities) shall at any time act as its own Paying Agent with respect to any series of Debt Securities, it will, on or before each due date of the principal of (and premium, if any) or interest on any of the Debt Securities of such series, segregate and hold in trust for the benefit of the Persons entitled thereto a sum sufficient to pay the principal (and premium, if any) or interest so becoming due until such sums shall be paid to such Persons or otherwise disposed of as herein provided, and will promptly notify the Trustee of its action or failure so to act.

(b)      Whenever an Issuer shall have one or more Paying Agents with respect to any series of Debt Securities, it will, prior to each due date of the principal of (and premium, if any) or interest on any Debt Securities of such series, deposit with a Paying Agent a sum sufficient to pay the principal (and premium, if any) or interest so becoming due, such sum to be held in trust for the benefit of the Persons entitled to such principal, premium or interest, and (unless such Paying Agent is the Trustee) such Issuer will promptly notify the Trustee of its action or failure so to act.

(c)      The applicable Issuer will cause each Paying Agent with respect to any series of Debt Securities, other than the Trustee, to execute and deliver to the Trustee an instrument in which such Paying Agent shall agree with the Trustee, subject to the provisions of this Section, that such Paying Agent will:

- 52 -

CONFIDENTIAL                                                                 IT00009138

(1) hold all sums held by it for the payment of the principal of (and premium, if any) or interest on Debt Securities of such series in trust for the benefit of the Persons entitled thereto until such sums shall be paid to such Persons or otherwise disposed of as herein provided;

(2) give the Trustee notice of any default by such Issuer or Guarantor (or any other obligor upon the Debt Securities of such series or Guarantees endorsed thereon (in the case of Guaranteed Debt Securities) in the making of any payment of principal of (and premium, if any) or interest on the Debt Securities of such series or Guarantees endorsed thereon (in the case of Guaranteed Debt Securities); and

(3) at any time during the continuance of any such default, upon the written request of the Trustee, forthwith pay to the Trustee all sums so held in trust by such Paying Agent.

(d) The applicable Issuer may at any time, for the purpose of obtaining the satisfaction and discharge of this Indenture or for any other purpose, pay, or by Issuer Order of such Issuer direct any Paying Agent to pay, to the Trustee all sums held in trust by such Issuer or such Paying Agent, such sums to be held by the Trustee upon the same trusts as those upon which such sums were held by such Issuer or such Paying Agent; and, upon such payment by any Paying Agent to the Trustee, such Paying Agent shall be released from all further liability with respect to such money.

(e) Any money deposited with the Trustee or any Paying Agent, or then held by the applicable Issuer or the Guarantor (in the case of Guaranteed Debt Securities), in trust for the payment of the principal of (and premium, if any) or interest on any Debt Security of any series and remaining unclaimed for two years after such principal (and premium, if any) or interest has become due and payable shall be paid to such Issuer or Guarantor on Issuer Request of such Issuer or Guarantor Request, as the case may be, or (if then held by such Issuer or Guarantor) shall be discharged from such trust; and the Holder of such Debt Security shall thereafter, as an unsecured general creditor, look only to such Issuer or Guarantor, as the case may be, for payment thereof, and all liability of the Trustee or such Paying Agent with respect to such trust money, and all liability of such Issuer or Guarantor, as the case may be, as trustee thereof, shall thereupon cease; *provided, however*, that the Trustee or such Paying Agent, before being required to make any such repayment, may at the expense of such Issuer or Guarantor, as the case may be, cause to be published once, in an Authorized Newspaper of general circulation in the Borough of Manhattan, The City of New York, and each Place of Payment or mailed to each such Holder, or both, notice that such money remains unclaimed and that, after a date specified therein, which shall not be less than 30 days from the date of such publication or mailing, any unclaimed balance of such money then remaining will be repaid to such Issuer or Guarantor, as the case may be.

- 53 -

CONFIDENTIAL

IT00009139

SECTION 1004.  *Negative Pledge.*

(a)      Subject to the following exceptions, Northern Telecom will not, and will not permit the Restricted Subsidiaries, as long as any Debt Securities remain outstanding, to issue, assume or guarantee any Funded Debt secured by, and will not secure any Funded Debt by, a Mortgage upon any property of Northern Telecom or a Restricted Subsidiary (whether now owned or hereafter acquired) without in any such case effectively providing concurrently therewith that the Debt Securities shall be secured equally and ratably with such Funded Debt; *provided, however,* that the foregoing restrictions shall not apply to Funded Debt secured by:

  (1)    Purchase Money Mortgages;

  (2)    Mortgages on property of a corporation existing at the time such corporation is liquidated or merged into, or amalgamated or consolidated with, Northern Telecom or a Restricted Subsidiary or at the time of a sale, lease or other disposition to Northern Telecom or a Restricted Subsidiary of the properties of a corporation as, or substantially as, an entirety;

  (3)    Mortgages to secure indebtedness of any Restricted Subsidiary to Northern Telecom or to another Restricted Subsidiary or to secure indebtedness of Northern Telecom to any Restricted Subsidiary;

  (4)    Mortgages in favour of the United States of America or any State thereof, Canada or any Province or territory thereof, or any department, agency or instrumentality or political subdivision thereof, or in favor of any other country or political subdivision, to secure partial, progress, advance or other payments pursuant to any contract or statute or to secure any indebtedness incurred or guaranteed for the purpose of financing or refinancing all or any part of the purchase price of the property, shares of capital stock or indebtedness subject to such Mortgages, or the cost of constructing or improving the property subject to such Mortgages (including, without limitation, Mortgages incurred in connection with pollution control, industrial revenue or similar financings); and

  (5)    any extension, renewal or replacement (or successive extensions, renewals or replacements) in whole or in part of any Mortgage existing at the date of this Indenture or any Mortgage referred to in the foregoing clauses (1) through (4), inclusive, *provided, however,* that the principal amount of the Funded Debt secured thereby shall not exceed the principal amount of the Funded Debt so secured at the time of such extension, renewal or replacement, and that such extension, renewal or replacement shall be limited to all or a part of the property (plus improvements and construction on such property) or indebtedness that was subject to the Mortgage so extended, renewed or replaced.

(b)      Notwithstanding the foregoing, Northern Telecom or any Restricted Subsidiary may issue, assume or guarantee Funded Debt secured by a Mortgage upon any property of

- 54 -

Northern Telecom or such Restricted Subsidiary that would otherwise be subject to the foregoing restrictions, and may carry out any other transactions which would otherwise be subject to the foregoing restrictions, provided the aggregate amount of all (1) such Funded Debt and (2) Attributable Debt in respect of all Financing Leases entered into on or after February 15, 1996 would not, after giving effect thereto, exceed 15% of the Corporation's Consolidated Net Tangible Assets.

(c)   Northern Telecom will not, and will not permit any Restricted Subsidiary to, enter into any Financing Leases covering any property of Northern Telecom or a Restricted Subsidiary unless: (1) immediately thereafter the sum of (i) the Attributable Debt in respect of all Financing Leases entered into on or after February 15, 1996, and (ii) the aggregate amount of all Funded Debt secured by a Mortgage (exclusive of any secured Funded Debt permitted by clauses (1) through (5) of Section 1004(a)) does not exceed 15% of Northern Telecom's Consolidated Net Tangible Assets; (2) Northern Telecom or such Restricted Subsidiary would (at the time of entering into such arrangement) be entitled, pursuant to clauses (1) to (5) of Section 1004(a), without equally and ratably securing the Debt Securities, to issue, assume or guarantee indebtedness secured by a Mortgage on such property; or (3) Northern Telecom or a Restricted Subsidiary shall apply, within 360 days of the effective date of any such arrangement, an amount equal to the Attributable Debt in respect of such Financing Leases to the prepayment or retirement of indebtedness incurred or assumed by Northern Telecom or any Restricted Subsidiary (other than indebtedness owned by Northern Telecom or any Restricted Subsidiary) which by its terms matures at or is extendible or renewable at the option of the obligor to a date more than 12 months after the date of the creation of such indebtedness.

SECTION 1005.   *Compliance Certificate.*

Each of the Issuers and the Guarantor shall deliver an Officers' Certificate to the Trustee within 120 days after the end of each fiscal year thereof stating whether the signers know of any Event of Default that occurred during the fiscal year. If an Event of Default shall have occurred, the applicable certificate shall describe the nature of the Event of Default and its current status.

SECTION 1006.   *Waiver of Certain Covenants.*

The applicable Issuer and the Guarantor (in the case of Guaranteed Debt Securities) may omit in any particular instance to comply with any covenant or condition set forth in Sections 1004 and 1005, with respect to the Debt Securities of any series if, before the time for such compliance, the Holders of a majority in principal amount of the Outstanding Debt Securities of such series shall, by Act of such Holders, either waive such compliance in such instance or generally waive compliance with such covenant or condition, but no such waiver shall extend to or affect such covenant or condition except to the extent so expressly waived, and, until such waiver shall become effective, the obligations of such Issuer and Guarantor and the duties of the Trustee in respect of any such covenant or condition shall remain in full force and effect.

- 55 -

CONFIDENTIAL                                                    IT00009141

## ARTICLE ELEVEN

### REDEMPTION OF DEBT SECURITIES

SECTION 1101.   *Applicability of Article.*

Debt Securities of any series that are redeemable before their Stated Maturity Date shall be redeemable in accordance with their terms and (except as otherwise specified pursuant to Section 301 for Debt Securities of any series) in accordance with this Article.

SECTION 1102.   *Election to Redeem; Notice to Trustee.*

If the applicable Issuer elects to redeem less than all of the Debt Securities of any series, such Issuer shall, at least 45 days prior to the Redemption Date fixed by such Issuer (unless a shorter notice shall be satisfactory to the Trustee), notify the Trustee of such Redemption Date and of the principal amount of Debt Securities of any series to be redeemed.

SECTION 1103.   *Selection by Trustee of Debt Securities to Be Redeemed.*

(a)     Except as otherwise specified pursuant to Section 301 for Debt Securities of any series, if less than all the Debt Securities of any series are to be redeemed, the particular Debt Securities to be redeemed shall be selected not more than 45 days prior to the Redemption Date by the Trustee from the Outstanding Debt Securities of such series not previously called for redemption, by such method as the Trustee shall deem fair and appropriate and which may provide for the selection for redemption of portions (equal to the minimum authorized denomination for Debt Securities of such series or any integral multiple thereof that is also an authorized denomination, but in no event shall such portion be less than $1,000) of the principal amount of Debt Securities (if issued in more than one authorized denomination) of such series of a denomination larger than the minimum authorized denomination for Debt Securities of such series.

(b)     The Trustee shall promptly notify the applicable Issuer and the Guarantor (in the case of Guaranteed Debt Securities) in writing of the Debt Securities selected for redemption and, in the case of any Debt Securities selected for partial redemption, the principal amount thereof to be redeemed.

(c)     For all purposes of this Indenture, unless the context otherwise requires, all provisions related to the redemption of Debt Securities shall relate, in the case of any Debt Security redeemed or to be redeemed only in part, to the portion of the principal amount of such Debt Security that has been or is to be redeemed.

- 56 -

CONFIDENTIAL                                                              IT00009142

SECTION 1104. *Notice of Redemption.*

(a)     Notice of redemption shall be given in the manner provided in Section 106 not less than 30 or more than 45 days prior to the Redemption Date, to each Holder of Debt Securities to be redeemed.

(b)     All notices of redemption shall state: (1) the Redemption Date; (2) the Redemption Price; (3) if less than all Outstanding Debt Securities of any series are to be redeemed, the identification (and, in the case of partial redemption, the principal amounts) of the particular Debt Securities to be redeemed; (4) that on the Redemption Date, the Redemption Price will become due and payable upon each such Debt Security to be redeemed, and that interest thereon shall cease to accrue on and after said date; (5) the Place or Places of Payment where such Debt Securities are to be surrendered for payment of the Redemption Price; and (6) that the redemption is for a sinking fund, if such is the case.

(c)     A notice of redemption published as contemplated by Section 106 need not identify particular Debt Securities to be redeemed. Notice of redemption of Debt Securities to be redeemed at the election of the applicable Issuer shall be given by such Issuer or, at such Issuer's request, by the Trustee in the name and at the expense of such Issuer.

SECTION 1105. *Deposit of Redemption Price.*

On or prior to any Redemption Date, the applicable Issuer shall deposit with the Trustee or with a Paying Agent (or, if such Issuer is acting as its own Paying Agent, segregate and hold in trust as provided in Section 1003) an amount of money sufficient to pay the Redemption Price of, and (except if the Redemption Date shall be an Interest Payment Date) accrued interest on, all the Debt Securities or portions thereof that are to be redeemed on that date; provided, however, that any funds deposited on the Redemption Date shall be deposited by the Issuer no later than 12:00 p.m., New York City time on such Redemption Date.

SECTION 1106. *Debt Securities Payable on Redemption Date.*

(a)     Notice of redemption having been given as aforesaid, the Debt Securities so to be redeemed shall, on the Redemption Date, become due and payable at the Redemption Price specified in such notice. From and after such date (unless the applicable Issuer shall default in the payment of the Redemption Price and accrued interest) such Debt Securities shall cease to bear interest. Upon surrender of any such Debt Security for redemption in accordance with the notice, such Debt Security shall be paid by such Issuer at the Redemption Price, together with accrued interest to the Redemption Date; *provided however,* that installments of interest on Debt Securities whose Stated Maturity Date is on or prior to the Redemption Date shall be payable to the Holders of such Debt Securities, or one or more Predecessor Securities, registered as such on the relevant Record Dates according to their terms and the provisions of Section 307.

- 57 -

(b)   If any Debt Security called for redemption shall not be so paid upon surrender thereof for redemption, the principal (and premium, if any) shall, until paid, bear interest from the Redemption Date at the rate prescribed therefor in the Debt Security.

SECTION 1107.  *Debt Security Redeemed in Part.*

Any Debt Security that is to be redeemed only in part shall be surrendered at a Place of Payment therefor (with, if the applicable Issuer, the Security Registrar or the Trustee so requires, due endorsement by, or a written instrument of transfer in form satisfactory to such Issuer, the Security Registrar and the Trustee duly executed by, the Holder thereof or his attorney duly authorized in writing), and such Issuer shall execute, and the Trustee shall authenticate and deliver to the Holder of such Debt Security without service charge, a new Debt Security or Debt Securities of the same series, each (in the case of Guaranteed Debt Securities) having endorsed thereon the Guarantee executed by the Guarantor, of any authorized denomination as requested by such Holder in aggregate principal amount equal to and in exchange for the unredeemed portion of the principal of the Debt Security so surrendered; except that if a Global Security is so surrendered, such Issuer shall execute, and the Trustee shall authenticate and deliver to the Depositary for such Global Security, without service charge, a new Global Security, each (in the case of Guaranteed Debt Securities) having endorsed thereon the Guarantee executed by the Guarantor, in a denomination equal to and in exchange for the unredeemed portion of the principal of the Global Security so surrendered.

## ARTICLE TWELVE

### SINKING FUNDS

SECTION 1201.   *Applicability of Article.*

The provisions of this Article shall be applicable to any sinking fund for the retirement of Debt Securities of a series except as otherwise specified pursuant to Section 301 for Debt Securities of such series.  The minimum amount of any sinking fund payment provided for by the terms of Debt Securities of any series is herein referred to as a "mandatory sinking fund payment", and any payment in excess of such minimum amount provided for by the terms of Debt Securities of any series is herein referred to as an "optional sinking fund payment".  If provided for by the terms of Debt Securities of any series, the amount of any sinking fund payment may be subject to reduction as provided in Section 1202.  Each sinking fund payment shall be applied to the redemption of Debt Securities of any series as provided for by the terms of such Debt Securities.

SECTION 1202.   *Satisfaction of Sinking Fund Payments with Debt Securities.*

The applicable Issuer or the Guarantor (in the case of Guaranteed Debt Securities) may deliver Outstanding Debt Securities of a series (other than any previously called for redemption) and may apply as a credit Debt Securities of a series that have been redeemed either at the election

- 58 -

of such Issuer pursuant to the terms of such Debt Securities or through the application of permitted optional sinking fund payments pursuant to the terms of such Debt Securities, in each case, in satisfaction of all or any part of any sinking fund payment with respect to such Debt Securities of such series required to be made pursuant to, and as provided for by, their terms; *provided* that such Debt Securities have not been previously so credited. Such Debt Securities shall be received and credited for such purpose by the Trustee at the Redemption Price specified in such Debt Securities for redemption through operation of the sinking fund and the amount of such sinking fund payment shall be reduced accordingly.

SECTION 1203.    *Redemption of Debt Securities for Sinking Fund.*

Not less than 60 days prior to each sinking fund payment date for any series of Debt Securities (unless a shorter period shall be satisfactory to the Trustee), the applicable Issuer will deliver to the Trustee an Officers' Certificate of such entity specifying the amount of the next sinking fund payment for that series pursuant to the terms of that series, the portion thereof, if any, that is to be satisfied by payment of cash, the portion thereof, if any, that is to be satisfied by delivering and crediting Debt Securities of that series pursuant to Section 1202 and the basis for any such credit and, prior to or concurrently with the delivery of such Officers' Certificate, will also deliver to the Trustee any Debt Securities to be so credited and not theretofore delivered to the Trustee. Not less than 45 days (unless a shorter period shall be satisfactory to the Trustee) before each such sinking fund payment date the Trustee shall select the Debt Securities to be redeemed upon such sinking fund payment date in the manner specified in Section 1103 and cause notice of the redemption thereof to be given in the name of and at the expense of such Issuer in the manner provided in Section 1104. Such notice having been duly given, the redemption of such Debt Securities shall be made upon the terms and in the manner stated in Sections 1105, 1106 and 1107.

## ARTICLE THIRTEEN

### DEFEASANCE

SECTION 1301.    *Discharge by Deposit of Money or Debt Securities.*

(a)      This Section 1301 shall be applicable to Debt Securities of a series if so provided pursuant to Section 301. All obligations, covenants and agreements of the applicable Issuer and the Guarantor (in the case of Guaranteed Debt Securities) under this Indenture with respect to Debt Securities of a particular series or for the benefit of the Holders thereof (except as to any surviving rights of registration of transfer or exchange of Debt Securities or herein expressly provided for) shall cease, terminate and be discharged if:

(1)      the applicable Issuer or the Guarantor (in the case of Guaranteed Debt Securities) has, at least 91 days prior thereto, irrevocably deposited with the Trustee, as specific security pledged for, and dedicated solely to, the due

- 59 -

IT00009145

From:Bank of NY Mellon          12128155802          01/20/2009 10:51     #424 P.068/078

payment and ultimate satisfaction of its obligations under the Indenture with respect to the Debt Securities of the series affected,

(i)     funds in the currency, currencies or currency units in which the Debt Securities are payable, and/or

(ii)    an amount of direct obligations of, or obligations the payment of principal of and interest, if any, on are fully guaranteed by, the government that issued the currency or currencies in which Debt Securities of such series are payable, and that are not subject to prepayment, redemption or call,

as will together with the predetermined and certain income to accrue thereon without consideration of any reinvestment thereof, be sufficient (in the case of such obligations, through the payment of interest and principal thereunder) to pay (A) the principal of (and premium, if any) and interest on the Outstanding Debt Securities of the particular series on the Stated Maturity Date of such principal or interest or of any installment thereof, and (B) any mandatory prepayments or analogous payments applicable to such Debt Securities on the day on which such payments are due and payable in accordance with the terms of this Indenture and such Debt Securities;

(2)     the applicable Issuer and the Guarantor (in the case of Guaranteed Debt Securities) shall have received an Opinion of Counsel to the effect that Holders of such Debt Securities will not recognize income, gain or loss for United States federal income tax purposes as a result of such deposit and defeasance in respect of such Issuer's and Guarantor's obligations and will be subject to United States federal income tax if such deposit and defeasance had not occurred;

(3)     the applicable Issuer and the Guarantor (in the case of Guaranteed Debt Securities) shall have received an Opinion of Counsel to the effect that the Holders of the Debt Securities affected will not recognize income (whether taxable to them by deduction or withholding by the applicable Issuer or the Guarantor or otherwise), gain or loss for Canadian federal income tax purposes as a result of such deposit and defeasance in respect of such Issuer's and Guarantor's obligations and will be subject to Canadian federal income tax as if such deposit and defeasance had not occurred;

(4)     such deposit will not result in a breach or violation of, or constitute a default under, this Indenture or any other material agreement or instrument to which the applicable Issuer or the Guarantor (in the case of Guaranteed Debt Obligations) is a party or by which it is bound;

(5)     no Event of Default with respect to the Debt Securities of such series or event that, with notice or lapse of time, would become an Event of Default shall have occurred and be continuing on the date of such deposit;

- 60 -

CONFIDENTIAL

IT00009146

(6)     if such Debt Securities are listed on the New York Stock Exchange, the applicable Issuer shall have delivered to the Trustee an Opinion of Counsel to the effect that such deposit and defeasance will not cause such Debt Securities to be delisted; and

(7)     the applicable Issuer or the Guarantor, as the case may be, shall have delivered to the Trustee an Officers' Certificate and an Opinion of Counsel, each stating compliance with all conditions precedent to the defeasance contemplated by Section 1301 or Section 1302.

(b)     Notwithstanding any defeasance under this Indenture with respect to such series of Debt Securities, the obligation of the applicable Issuer to indemnify and compensate the Trustee under this Indenture and the obligations of the Trustee under Sections 1003 and 1303 shall survive with respect to such series of Debt Securities.

SECTION 1302.    *Defeasance of Certain Obligations.*

Northern Telecom and any Restricted Subsidiary may omit to comply with the terms, provisions and conditions set forth in Section 1004 and any such omission shall not be an Event of Default, with respect to any series of Debt Securities, provided the following conditions have been satisfied:

(1)     the conditions set forth in clauses (1) to (7), inclusive of Section 1301(a); and

(2)     such deposit shall not cause the Trustee with respect to such series of Debt Securities to have a conflicting interest, within the meaning of this Indenture, and for purposes of the Trust Indenture Act with respect to such Debt Securities.

SECTION 1303.    *Application of Trust Money.*

All money deposited with the Trustee pursuant to Sections 1301 and 1302 shall be held in trust and applied by it, in accordance with the provisions of the Debt Securities and this Indenture and any applicable direction of the applicable Issuer or the Guarantor (in the case of Guaranteed Debt Securities) to the payment, either directly or through any Paying Agent (including such Issuer or Guarantor acting as its own Paying Agent), as the Trustee may determine, to the persons entitled thereto, of the principal (and premium, if any) and interest for whose payment such money has been deposited with the Trustee.

SECTION 1304.    *Repayment to the Corporation.*

(a)     The Trustee and any Paying Agent shall promptly pay to the applicable Issuer or the Guarantor (in the case of Guaranteed Debt Securities) upon Issuer Request of such Issuer or Guarantor Request, as the case may be, any money or governmental obligations not required

- 61 -

CONFIDENTIAL

IT00009147

for the payment of the principal of (and premium, if any) and interest on Debt Securities of any series for which currency or government obligations have been deposited pursuant to Section 1301 held by them at any time.

(b)     The Trustee and any Paying Agent shall pay to the applicable Issuer or the Guarantor (in the case of Guaranteed Debt Securities) upon Issuer Request of such Issuer or Guarantor Request, as the case may be, any money held by them for the payment of principal (and premium, if any) and interest that remains unclaimed for two years after the Maturity of the Debt Securities for which a deposit has been made pursuant to Section 1301. After such payment to such Issuer or Guarantor, as the case may be, the Holders of Debt Securities of such series shall thereafter, as unsecured general creditors, look only to such Issuer or Guarantor, as the case may be, for payment thereof.

## ARTICLE FOURTEEN

### MEETINGS OF HOLDERS OF DEBT SECURITIES

SECTION 1401.    *Purposes for Which Meetings May Be Called.*

A meeting of Holders of Debt Securities of such series may be called at any time and from time to time pursuant to this Article to make, give or take any Act provided by this Indenture to be made, given or taken by Holders of Debt Securities of such series.

SECTION 1402.    *Call, Notice and Place of Meetings.*

(a)     The Trustee may at any time call a meeting of Holders of Debt Securities of any series for any purpose specified in Section 1401, to be held at such time and at such place in the Borough of Manhattan, The City of New York. Notice of every meeting of Holders of Debt Securities of any series, setting forth the time and place of such meeting and in general terms the action proposed to be taken at such meeting, shall be given, in the manner provided in Section 106, not less than 21 or more than 50 days prior to the date fixed for the meeting.

(b)     If at any time an Issuer or the Guarantor (in the case of Guaranteed Debt Securities), pursuant to a Board Resolution, or the Holders of at least 10% in principal amount of the Outstanding Debt Securities of any series shall have requested the Trustee to call a meeting of the Holders of Debt Securities of such series for any purpose specified in Section 1401, by written request setting forth in reasonable detail the action proposed to be taken at the meeting, and the Trustee shall not have made the first publication of the notice of such meeting within 21 days after receipt of such request or shall not thereafter proceed to cause the meeting to be held as provided herein, then such Issuer or Guarantor or the Holders of Debt Securities of such series in the amount above specified, as the case may be, may determine the time and the place in the Borough of Manhattan, The City of New York for such meeting and may call such meeting for such purposes by giving notice thereof as provided in paragraph (a) of this Section.

- 62 -

IT00009148

SECTION 1403.   *Persons Entitled to Vote at Meetings.*

To be entitled to vote at any meeting of Holders of Debt Securities of any series, a Person shall be:  (1) a Holder of one or more Outstanding Debt Securities of such series; or (2) a Person appointed by an instrument in writing as proxy for a Holder or Holders of one or more Outstanding Debt Securities of such series by such Holder or Holders. The only Persons who shall be entitled to be present or to speak at any meeting of Holders of Debt Securities of any series shall be the Persons entitled to vote at such meeting and their counsel, any representatives of the Trustee and its counsel and any representatives of the applicable Issuer and the Guarantor (in the case of Guaranteed Debt Securities) and its or their counsel.

SECTION 1404.   *Quorum; Action.*

(a)      The Persons entitled to vote a majority in principal amount of Outstanding Debt Securities of a series shall constitute a quorum for a meeting of Holders of Debt Securities of such series. In the absence of a quorum within 30 minutes of the time appointed for any such meeting, the meeting shall, if convened at the request of Holders of Debt Securities of such series, be dissolved. In the absence of a quorum in any other case the meeting may be adjourned for a period of not less than 10 days as determined by the Chairman of the meeting prior to the adjournment of such meeting. In the absence of a quorum at any such adjourned meeting, such adjourned meeting may be further adjourned for a period of not less than 10 days as determined by the chairman of the meeting prior to the adjournment of such adjourned meeting. Notice of the reconvening of any adjourned meeting shall be given as provided in paragraph 1402(a), except that such notice need be given only once not less than five days prior to the date on which the meeting is scheduled to be reconvened.

(b)      Except as limited by the proviso to Section 902, any resolution presented to a meeting or adjourned meeting duly reconvened at which a quorum is present as aforesaid may be adopted only by the affirmative vote of the Holders of a majority in principal amount of Outstanding Debt Securities of that series; *provided, however,* that, except as limited by the proviso to Section 902, any resolution with respect to any Act that this Indenture expressly provides may be made, given or taken by the Holders of a specified percentage, which is less than a majority, in principal amount of Outstanding Debt Securities of a series may be adopted at a meeting or an adjourned meeting duly reconvened and at which a quorum is present as aforesaid by the affirmative vote of the Holders of such specified percentage in principal amount of Outstanding Debt Securities of that series.

(c)      Any resolution passed or decision taken at any meeting of Holders of Debt Securities of any series duly held in accordance with this Section will be binding on all Holders of Debt Securities of such series, whether or not present or represented at the meeting.

- 63 -

CONFIDENTIAL                                                                          IT00009149

SECTION 1405.   *Determination of Voting Rights; Conduct and Adjournment of Meetings.*

(a)   Notwithstanding any other provisions of this Indenture, the Trustee may make such reasonable regulations as it may deem advisable for any meeting of Holders of Debt Securities of such series in regard to proof of the holding of Debt Securities of such series and of the appointment of proxies and in regard to the appointment and duties of inspectors of votes, the submission and examination of proxies, certificates and other evidence of the right to vote, and such other matters concerning the conduct of the meeting as it shall deem appropriate.   Except as otherwise permitted or required by any such regulations, the holding of Debt Securities shall be proved in the manner specified in Section 104 and the appointment of any proxy shall be proved in the manner specified in Section 104.   Such regulations may provide that written instruments appointing proxies, regular on their face, may be presumed valid and genuine without the proof specified in Section 104 or other proof.

(b)   The Trustee shall, by an instrument in writing, appoint a temporary chairman of the meeting, unless the meeting shall have been called by the applicable Issuer, the Guarantor (in the case of Guaranteed Debt Securities) or by Holders of Debt Securities as provided in Section 1402(b), in which case such Issuer, Guarantor or the Holders of Debt Securities of the series calling the meeting, as the case may be, shall in like manner appoint a temporary chairman.   A permanent chairman and a permanent secretary of the meeting shall be elected by vote of the Persons entitled to vote a majority in principal amount of Outstanding Debt Securities of such series represented at the meeting.

(c)   At any meeting each Holder of a Debt Security of such series or proxy shall be entitled to one vote for each $1,000 principal amount (or the equivalent in ECU, any other composite currency or a Foreign Currency at the date of issue) of Debt Securities of such series held or represented by him; *provided, however,* that no vote shall be cast or counted at any meeting in respect of any Debt Security challenged as not Outstanding and ruled by the chairman of the meeting to be not Outstanding.   The chairman of the meeting shall have no right to vote, except as a Holder of a Debt Security of such series or proxy.

(d)   Any meeting of Holders of Debt Securities of any series duly called pursuant to Section 1402 at which a quorum is present may be adjourned from time to time by Persons entitled to vote a majority in principal amount of Outstanding Debt Securities of such series represented at the meeting; and the meeting may be held as so adjourned without further notice.

SECTION 1406.   *Counting Votes and Recording Action of Meetings.*

(a)   The vote upon any resolution submitted to any meeting of Holders of Debt Securities of any series shall be by written ballots on which shall be inscribed the signatures of the Holders of Debt Securities of such series or of their representatives by proxy and the principal amounts and serial numbers of Outstanding Debt Securities of such series held or represented by them. The permanent chairman of the meeting shall appoint two inspectors of votes who shall count all votes cast at the meeting for or against any resolution and who shall make and file with the secretary of the meeting their verified written reports in triplicate of all votes cast at the

- 64 -

CONFIDENTIAL

IT00009150

meeting. A record, at least in triplicate, of the proceedings of each meeting of Holders of Debt Securities of any series shall be prepared by the secretary of the meeting and there shall be attached to said record the original reports of the inspectors of votes on any vote by ballot taken thereat and affidavits by one or more persons having knowledge of the facts setting forth a copy of the notice of the meeting and showing that said notice was given as provided in Section 1402 and, if applicable, Section 1404. Each copy shall be signed and verified by the affidavits of the permanent chairman and secretary of the meeting and one such copy shall be delivered to the applicable Issuer and the Guarantor (in the case of Guaranteed Debt Securities) and another to the Trustee to be preserved by the Trustee, the latter to have attached thereto the ballots voted at the meeting. Any record so signed and verified shall be conclusive evidence of the matters therein stated.

- 65 -

CONFIDENTIAL                                                                    IT00009151

(b)    This instrument may be executed in any number of counterparts, each of which so executed shall be deemed to be an original, but all such counterparts shall together constitute but one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have caused this Indenture to be duly executed, and their respective corporate seals to be hereunto affixed, all as of the day and year first above written.

THE BANK OF NEW YORK, as Trustee

Per: _Kathleen Finds_

Title: _____

Assistant Vice President

Per: _____

Title: _____

Assistant Vice President

NORTHERN TELECOM LIMITED, as Issuer

Per: _____

Title:  Vice President and Treasurer

Per: _____

Title:  Assistant Secretary

NORTHERN TELECOM CAPITAL CORPORATION, as Issuer

Per: _____

Title:  Vice President and Treasurer

Per: _____

Title:  Secretary

- 66 -

CONFIDENTIAL

(b)     This instrument may be executed in any number of counterparts, each of which so executed shall be deemed to be an original, but all such counterparts shall together constitute but one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have caused this Indenture to be duly executed, and their respective corporate seals to be hereunto affixed, all as of the day and year first above written.

.THE BANK OF NEW YORK, as Trustee


Per:_____
     Title:


Per:_____
     Title:


NORTHERN TELECOM LIMITED, as Issuer


Per:_____
     Title:  Vice-President and Treasurer


Per:_____
     Title:  Assistant Secretary


NORTHERN TELECOM CAPITAL CORPORATION, as Issuer


Per:_____
     Title:  Vice-President and Treasurer


Per:_____
     Title:  Secretary

- 66 -

CONFIDENTIAL

IT00009153

(b)    This instrument may be executed in any number of counterparts, each of which so executed shall be deemed to be an original, but all such counterparts shall together constitute but one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have caused this Indenture to be duly executed, and their respective corporate seals to be hereunto affixed, all as of the day and year first above written.

THE BANK OF NEW YORK, as Trustee

Per:_____
    Title:

Per:_____
    Title:

NORTHERN TELECOM LIMITED, as Issuer

Per:_____
    Title:  Vice President and Treasurer

Per:_____
    Title:  Assistant Secretary

NORTHERN TELECOM CAPITAL CORPORATION, as Issuer

Per:_____
    Title:  Vice President and Treasurer

Per:_____
    Title:  Secretary

- 66 -

CONFIDENTIAL                                         IT00009154

NORTHERN TELECOM LIMITED,
as Guarantor

Per:_____
    Title:  Vice-President and Treasurer

Per:_____
    Title:  Assistant Secretary

CONFIDENTIAL

IT00009155

Exhibit A

Form of election to receive payments in
[Dollars or other applicable currency]
or to rescind such election

The undersigned, registered owner of certificate number R-_____, representing
[name of series of Debt Securities] (the "Debt Securities") in an aggregate principal amount of
_____, hereby

[  ]    elects to receive all payments in respect of the Debt Securities in [Dollars or other
        applicable currency], it being understood that such election shall take effect as provided
        in the Debt Securities and, subject to the terms and conditions set forth in the indenture
        under which the Debt Securities were issued, shall remain in effect until it is rescinded
        by the undersigned or until such certificate is transferred.

[  ]    rescinds the election previously submitted by the undersigned to receive all payments in
        respect of the Debt Securities in [Dollars or other applicable currency], it being
        understood that such rescission shall take effect as provided in Debt Securities.


_____
(Name of Owner)


_____
(Signature of Owner)


- A-1 -

CONFIDENTIAL                                                                                                    IT00009156

H
A
N
D

D
E
L
I
V
E
R
Y

RECEIVED BY:

9-28-09
DATE

1:15 pm
TIME

CONFIDENTIAL

IT00009157