# Exhibit E

Lowenthal, Daniel A. (x2720)

**From:** Javier Schiffrin <javier.schiffrin@malekschiffrin.com>
**Sent:** Thursday, May 10, 2012 1:42 PM
**To:** Lowenthal, Daniel A. (x2720)
**Subject:** FW: Nortel -- NNCC

Dan – Let's schedule a lawyers' call (or meeting) to discuss cooperation specifics. I am going to be out of the city through Monday morning but could speak later this afternoon or any time tomorrow. We could also meet next week. Let me know what works.

Best,

Javier

Javier Schiffrin | MALEK SCHIFFRIN LLP
340 Madison Avenue | New York, New York 10173 | Office: (212) 220-9388 | Fax: (212) 220-9504 | Mobile: (917) 495-1676 | javier.schiffrin@malekschiffrin.com

Confidentiality Notice

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Tax Advice Disclaimer

Any tax advice contained in this communication (including attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1) avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**From:** James Heaney [mailto:James.Heaney@LAWDEB.COM]
**Sent:** Thursday, May 10, 2012 12:41 PM
**To:** Stephen Blauner; dalowenthal@pbwt.com
**Cc:** Javier Schiffrin; Ryan Cunningham; MFaltas@nokota.com
**Subject:** RE: Nortel -- NNCC

> Steve:
>
> I am surprised by -- and I disagree with -- your characterization of how I and my firm have acted. I am also surprised that there continues to be confusion over our selection of new counsel to replace Dewey in connection with this matter. Let me clear up any remaining confusion now: Law Debenture has retained Patterson Belknap as its counsel in connection with the Nortel bankruptcy. We decline your suggestion that Patterson Belknap serve as co-counsel with either or both of Malek Schiffrin and/or Kirkland and Ellis (or any other firm).

1

CONFIDENTIAL                                                                                                                   IT00000001

As we have indicated previously, we do not believe that the retention of counsel by the Trustee is subject to the direction of holders. But, to reiterate what I conveyed to you earlier this week, with respect to matters that could be the subject of a direction, the Trustee requires satisfactory evidence that the directing holders are in fact the beneficial owners of the required majority and an agreement to indemnify the Trustee pursuant to section 601 of the Indenture.

I appreciate and accept your suggestion that any further correspondence or discussion related to this issue be through Dan and Javier. In fact, I understand that they have already begun a dialogue. I have instructed Dan -- subject to confidentiality restrictions attendant to Law Debenture's membership on the Committee -- to confer and work cooperatively with Javier because I believe that doing so is in the best interests of all holders of the notes.

Regards,

Jim


James D. Heaney
Managing Director
Law Debenture Trust Company of New York
400 Madison Avenue
New York, New York 10017
Tel: 646-747-1252
Fax: 212-750-1361

**From:** Stephen Blauner [mailto:sblauner@soluslp.com]
**Sent:** Wednesday, May 09, 2012 5:37 PM
**To:** James Heaney; dalowenthal@pbwt.com
**Cc:** Javier Schiffrin; Ryan Cunningham; MFaltas@nokota.com; Stephen Blauner
**Subject:** Nortel -- NNCC

Jim and Dan -- I am trying to understand whether Law Debenture would be willing to retain counsel as directed by the Majority Holders assuming it receives a "satisfactory" Direction Letter. Jim has told me in separate conversations today both (i) that under no circumstances would he consider the retention of another law firm (in addition to Patterson), even if directed by the Majority Holders, and (ii) that he would consider the retention of a law firm as directed by the Majority Holders (in addition to Patterson) if he received an appropriate Direction Letter. When I asked him to clarify his position on a call a few minutes ago, he hung up on me. Literally.

I am astounded at the behavior of Law Debenture. As I noted to Jim, it is very common for indenture trustees to bring on counsel in addition to their previously retained counsel when requested by Majority Holders in major cases. Two situations in which I am involved with these exact facts are AMR (retention of Dewey along with Foley & Lardner by US Bank) and Eastman Kodak (retention of Akin Gump along with Covington by Wilmington Trust). Indeed, I can fairly say that Law Debenture here is out of synch with custom and practice. More importantly, I completely fail to understand the rudeness and hostility shown to the Majority Holders by their trustee.

I am sending this in the hope that when Jim cools down, we can get an answer to the inquiry noted above. If it would be more productive, I am happy to have this flow from Dan to Javier.

Best.

Steve


Stephen J. Blauner
Managing Director
Solus Alternative Asset Management LP

2

CONFIDENTIAL

IT00000002

410 Park Avenue
New York, NY 10022
Tel 212-373-1562
Fax 212-284-4320
Cell 917-968-8874

CONFIDENTIAL