# Exhibit F

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 09-10138(KG) |
| | ) | (Jointly Administered) |
| | ) | |
| NORTEL NETWORKS, INC., et al.,) | | Chapter 11 |
| | ) | |
| | ) | Courtroom 3 |
| | ) | 824 Market Street |
| Debtors. | ) | Wilmington, Delaware |
| | ) | |
| | ) | January 25, 2017 |
| | ) | 10:01 a.m. |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

TELEPHONIC APPEARANCES:

For Debtors:          Morris Nichols Arsht & Tunnell, LLP
                      BY: DEREK ABBOTT, ESQUIRE
                      (302) 658-9200

ECRO:                 GINGER MACE

Transcription Service: DIAZ TRANSCRIPTION SERVICES
                      331 Schuylkill Street
                      Harrisburg, Pennsylvania 17110
                      (717) 233-6664
                      www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service

TELEPHONIC APPEARANCES:
(Continued)

| | |
|---|---|
| For Official Creditor's Committee: | Whiteford Taylor Preston<br>BY: CHRISTOPHER M. SAMIS, ESQ.<br>(302) 357-3266 |
| | Akin Gump Strauss Hauer & Feld<br>BY: DAVID BOTTER, ESQ.<br>(212) 872-1000 |
| For Law Debenture: | Morris James LLP<br>BY: STEPHEN M. MILLER, ESQ.<br>(302) 888-6853 |
| | Patterson Belknap<br>BY: DAVID LOWENTHAL, ESQ.<br>(212) 336-2000 |
| For Interested Party, Reorg Research: | Reorg Research, Inc.<br>BY: JASON B. SANJANA, ESQ.<br>(212) 588-8890 |
| For Interested Party: | Solus Alternative Asset Management, LP<br>BY: STEPHEN J. BLAUNER, ESQ.<br>(212) 284-4334 |
| | Quinn Emanuel Urquhart & Sullivan, LLP<br>BY: JAMES TECCE, ESQ.<br>(212) 849-7199 |
| For Real Party in Interest, Adi Habbu: | Barclays<br>BY: ASHUTOSH HABBU<br>(212) 412-1316 |
| For Kramer Levin Neftalis & Frankel: | Kramer Levin Neftalis & Frankel<br>BY: ROBERT T. SCHMIDT, ESQ.<br>(212) 715-9527 |
| For Debtor, Nortel Networks: | Koskie Minsky, LLP<br>BY: SUSAN PHILPOTT, ESQ.<br>(416) 977-8353 |
| For PointState Capital: | PointState Capital<br>BY: MARK SHAPIRO, ESQ.<br>(212) 830-7013 |

1

1  WILMINGTON, DELAWARE, WED., JANUARY 25, 2017, 10:01 A.M.

2           THE COURT:  Good morning, everyone.  Judge Gross

3  is on the telephone and we're here to discuss the Indenture

4  Trustee's fees for NNCC and the hearing.  So, let me tell

5  you what I'm thinking, first.  And then, of course, I will

6  hear you out and you can talk to me about what you're

7  thinking.  But -- because I've given the matter more thought

8  and I don't like in a fee dispute, to have lawyers

9  depositions or testimony at the hearing because I think

10 things become very incendiary under those circumstances.

11 And by the way, this is just my thinking and then I'll

12 listen to you.

13          So what I was going to propose is I give you a

14 hearing date.  Five days before the hearing, both sides will

15 submit briefs and affidavits attaching everything the

16 parties think I should consider; time records, letters,

17 emails, you know, things like that.  And then at the

18 hearing, you'll argue your points.  And the issue, of

19 course, is reasonableness.

20          And then on mediation, I think that you ought to

21 be mediating this dispute.  Judge Farnan has great

22 experience with this case, he may be available or you could

23 chose another mediator, but in a fee dispute, I think that

24 mediation is very helpful.  We can talk about costs and

25 sharing the costs or one side paying the costs.  I'll hear

4

1   you out on that, but I would like to have mediation here and

2   I think it's appropriate.

3           So those are my thoughts and now I will listen

4   to, I guess, Mr. Tecce first.

5           MR. TECCE:  Thank you very much, Judge Gross.

6   First, let me thank you for allowing us to continue this by

7   telephone.

8           THE COURT:  Yes, sir.

9           MR. TECCE:  Thank you very much for that.  Your

10  Honor, we -- I've also dedicated some thought to the matter

11  and we've had preliminary discussion with the Trustee's

12  counsel and here's what we would propose which is quite

13  happily from our perspective, in line with what Your Honor

14  had suggested.

15          In terms of witnesses, we believe that attorneys

16  should not be deposed in the action.  We don't think it's

17  necessary.  It's also an all or nothing proposition and

18  there are multiple attorneys that were involved.  We think

19  that in terms of witnesses and depositions, that there would

20  be two, maybe three.  And by that, Your Honor, I mean, we

21  would like to take the deposition of the Law Debenture

22  principal who was responsible for this credit.  We think

23  that's one person, there may be a second, but we would start

24  with the first and hope that that would obviate the need for

25  a second deposition.  It may not, but that would be our

1    first option.

2            We also have our own witness, Your Honor.  Our

3    client will come and testify if this matter is not resolved,

4    will come to the hearing and testify.  And I assume that Law

5    Debenture's attorneys will want to depose him in advance of

6    that.  So we think from a deposition perspective, this can

7    be done efficiently with two to three depositions.

8            We also would serve document requests, very

9    narrow ones, as quickly as possible and to try and fortify

10   the record of it beyond the day notes, Your Honor, to pursue

11   more of the evidence of the context from Law Debenture and

12   some of the correspondence issues that have been raised.

13           And in terms of timing, we would obviously do

14   that very quickly.  And we would also propose that mediation

15   proceed on a dual path.  And ordinarily, Your Honor, I would

16   submit, respectfully, that mediation is most productive when

17   it's conducted on the completed record.  However, given that

18   this is a dispute about fees and developing a more complete

19   record and we'll just engender more fees, we would propose

20   to start mediation around the same time that we start

21   discovery and hope -- with the hopes that we would settle

22   the dispute before people actually pull their documents and

23   prepare witnesses for testimony.

24           And so, I don't know if Judge Farnan's available,

25   we never discussed it with him.  I don't mean to be

1   presumptuous to suggest him, but he's obviously, the ideal

2   choice, given his knowledge of the case and given the

3   success that he's obtained in the case.  Our clients are

4   prepared to split the cost of mediation.  Again, if we do it

5   earlier on, perhaps we can minimize the cost associated with

6   that, we just need the people's time.  We don't necessarily

7   have to have a full briefing associated with mediation.  We

8   could work ways to try and minimize the costs, but we would

9   propose to split the costs.

10          And then lastly, Your Honor, in terms of timing,

11  this is my last point.  We had asked for the holdback of the

12  plan consideration and the Trustee's ability to exercise it

13  chargingly.  And yesterday, I told Your Honor that we were

14  looking to craft the least intrusive option.  And we mean

15  that sincerely.  So we can sort of avoid ever having to get

16  to that dispute and having Your Honor order that, if we can

17  resolve the matter before plan distributions are made.

18      And so, in terms of a schedule, we would propose

19  moving this forward, you know, with perhaps 30 days for

20  document production, a little bit of time for after that for

21  depositions and briefing.  And if it turns out that

22  distributions are going to buck up again the hearing date,

23  then we will just reserve our right to come back to Your

24  Honor and raise the issue of holding them back again.  But

25  we can defer that issue for now until it becomes clear that

1   whatever process Your Honor orders, will not include before

2   distributions.  Again, just trying to keep this as

3   unobtrusive as possible and to focus on the limited amount

4   of work that we want to do to supplement the record, beyond

5   just the day notes.

6           Because -- and the last point I would make, Your

7   Honor, I will stop after this, is that the day notes alone,

8   I think at this point, we're past the point of just relying

9   on the day notes.  I know we will want some modicum of

10  discovery that I identified, to conduct to fully brief the

11  issue up.  And so if we could have a process that allows

12  that to unfold on an accelerated basis and on a dual track

13  with mediation.  And the front end of mediation, we would

14  respectfully submit that that is the way to proceed.

15          THE COURT:  All right.  Thank you, Mr. Tecce.  I

16  will think about what you've said and now I'll hear from Mr.

17  Lowenthal.

18          MR. LOWENTHAL:  Good morning, Your Honor.

19          THE COURT:  Yes.

20          MR. LOWENTHAL:  Daniel Lowenthal, Patterson

21  Belknap.  And thank you for continuing yesterday's

22  discussion and thinking about it and sharing your thoughts

23  with us.  And we, too, would like to have this done as

24  efficiently and expeditiously as possible.

25          So I agree, we don't need to focus on the

1  holdback issue anymore.  I discussed yesterday, but I

2  thought there were some options, but if we can get this done

3  before distributions, then that issue never arises again.

4          With respect to mediation, I've spoken with my

5  client since yesterday's hearing.  And if Your Honor thinks

6  it would be productive for us to do mediation, we will

7  certainly do mediation.  And if Judge Farnan is available,

8  we would be willing to have Judge Farnan mediate this

9  dispute.  We can talk about costs separately.  I don't want

10  to get bogged down in that.  I was -- I am not sure the

11  Indenture Trustee should be, you know, paying for this,

12  given the nature of it, but hopefully, either way, it's just

13  not going to be too costly and we don't need statements to

14  -- yeah, maybe it's just the time.  So, I mean, to me,

15  that's -- it just becomes a bit of detail, so let's not get

16  bogged down in that.

17          In terms -- and so that -- and that can happen

18  pretty quickly, I would think.  And then we're going to

19  know, you know, we could do that, you know, next week

20  with Judge Farnan, if he's available.  And then we're

21  going to know if this has resolved itself or not in

22  short order.  And that would be in everyone's interest.

23  So that's mediation.

24          In terms of what else between now and the

1  hearing, one thing that's important to us that I

2  discussed with Mr. Tecce and -- is this.  We have given

3  them, as you know, the day notes.

4          THE COURT:  Yes.

5          MR. LOWENTHAL:  The time records for all of

6  the firms.  And we did it pursuant to an NDA.  And our

7  client would be willing to lift the NDA, for lack of a

8  better word, because they haven't been able -- the

9  holders have not been able to identify as they weren't

10 yesterday or in their statement to the Court with

11 respect to confirmation, their specific concerns about

12 the time that was put in by the various firms.  Mr.

13 Tecce yesterday and in their papers, and we did, too,

14 referenced the Worldwide Direct case.  I don't think

15 it's completely on point, but there are some nuggets in

16 there that are similar.  And when you have a situation

17 where somebody has done work and billed for it and has

18 invoiced for it and says we've think it's reasonable,

19 it's incumbent upon the other side to specifically tell

20 the biller, if you will, what the concerns are.  And

21 they've had these invoices, I think a month or so.  And

22 they told the Court that there are things that they

23 think that are unreasonable.  We're not talking about

1   substantial contributions, we're talking about

2   reasonableness.

3          So before we swear in witnesses for

4   depositions and start producing documents, and I'm going

5   to talk about that in a second, the first thing that we

6   need is we need for the holders to identify specifically

7   what in the each of the firm's time record, they think

8   is unreasonable because then otherwise, we're just

9   guessing.

10          THE COURT:  I agree with that, Mr. Lowenthal.

11   I do think that the objectors have to identify by entry,

12   what time records they think are unreasonable.

13          MR. LOWENTHAL:  Thank you.  And so what I was

14   going to propose, we do mediation.  And again, very

15   quickly, we do not have, we don't have that response

16   from them.  We've gotten broad stroke concerns.  And

17   they've put that in their papers, but yes, by time

18   entry, they should be able to do that pretty quickly

19   because they've had them for a month and they told the

20   Court those -- they -- those entries bother them in

21   certain respects.  We don't know.  And then give us a

22   chance to digest that.  I mean, take it in and think

23   about it, look it, see if we can agree on certain areas

1    or we don't, and see if we can get this resolved.  And

2    that can happen in the next couple of weeks because all

3    the firms that did the work, know what their time

4    records say and they've had them for a month.

5            And then if mediation has not resolved this

6    and if that exercise doesn't resolve it, then we can

7    start a deposition process and the like which is going

8    to get to be more expensive then I we would all like to

9    avoid.  And we -- they mentioned one witness.  We

10   probably would want at least both of the Noteholders'

11   principals, one for each Noteholder and we'd have to

12   think -- we hear you about lawyers not testifying, but

13   think about if there's anybody else.

14           So I think there's a way a truncate this and

15   not turn this into, you know, massive litigation here

16   with, you know, at least four that have been identified

17   to, you know, more witnesses, Your Honor.

18           THE COURT:  Well, shouldn't --

19           MR. LOWENTHAL:  That's our proposal.

20           THE COURT:  -- we have the Noteholders

21   identify which entries they're objecting to before you

22   go to mediation?

23           MR. LOWENTHAL:  Well, Your Honor, can I speak

1   to that issue?

2           THE COURT:  Yes.

3           MR. LOWENTHAL:  Sure.  So the Noteholders most

4   certainly will identify the entries that are

5   objectionable.  The question is when will they do that

6   and how will that process play in with the other minimal

7   discovery?  And what Mr. -- what's being suggested by

8   the Indenture Trustee is basically a re-argument of

9   yesterday which is you have the notes, the day notes,

10  you're limited to that, identify them, and then after

11  that, after you've gone through the day notes, then

12  we'll decide whether we go forward on discovery.

13          And I would submit that we most certainly will

14  identify the offending entries, but that process should

15  not be layered on as an interim process before the rest

16  of the record is developed.  We'll identify the day

17  notes and if it's helpful to the -- to mediation, we'll

18  go through and identify the day note categories.

19          Keep in mind, Your Honor, that we don't

20  understand -- the day notes are -- I think our objection

21  made this pretty clear.  That we have a general

22  objection to just generic Creditors Committee

23  participation.  And to the extent that there are

1   Creditors Committee meetings that are in the day notes,

2   we'll identify all those, but what we want to do is then

3   present those day notes to the Trustee and ask him in a

4   deposition, why were you at this meeting?  Why was this

5   meeting?  What was unique about the Noteholders?  That's

6   the context that we're trying to build into the dispute.

7   So we'll identify the offending -- the issues, the

8   entries that we have an issue with, and frontload that

9   work to the extent if that it would be helpful for the

10  mediation.

11          However, that process should not be used as an

12  interim step to defer the balance of the discovery that

13  we would be seeking.  It should be done as a part of

14  that.  And when we would do it is when we meet with the

15  mediator, we'll have those entries for the mediator.

16  And when we submit briefs to the Judge, in accordance

17  with the procedures, five days before the hearing, we

18  will identify those entries, but they'll be -- that

19  identification will be supplemented with a record of

20  deposition testimony and other documents and we'll make

21  the complete argument as to why, in addition to those

22  specific entries, as a categorical matter, certain types

23  of entries should be disallowed and unreasonable.

1        So again, we're not opposed to identifying the

2  entries, but we would be -- take issue with the idea

3  that that process should take place first, and then

4  after that's over, then if, I don't know, if I come back

5  to Court and argue again that there's no such thing as

6  reasonableness, per se, and I went on that again, then

7  we'll have discovery.  We -- I would dispute that that's

8  the way we should go forward.

9        MR. BOTTER:  Your Honor, it's David Botter

10  from Akin Gump.  And I actually wanted to just chime in,

11  Mr. Tecce gave me the perfect entree.  The only reason

12  that I've joined this call is because of exactly the

13  issues that he's raised with respect to Committee

14  participation, and Committee meetings, and Committee

15  information.  And the only thing that I would say here

16  is that we are -- we will, of course, be concerned about

17  the Committee's privilege and whatever, if there were to

18  be discovery, if Your Honor deems that necessary in this

19  process, we'd obviously have to build in a protection

20  with respect to that privilege.

21        THE COURT:  Yes, Mr. Botter, I understand.

22  That's right, you do.  You do have to have that

23  protection and it has to continue.

1    MR. BOTTER:  Thank you, Your Honor.

2    THE COURT:  Yes, I agree with you there.

3    MR. BOTTER:  Thank you.

4    THE COURT:  Mr. --

5    MR. BOTTER:  Thank you, Your Honor.

6    MR. TECCE:  And just to be clear, Your Honor.

7    I think -- we wanted to be clear about the depositions,

8    too, so I don't want there to be any confusion on this.

9    Again, in addition to the day notes, you'll have at

10   most, three, but mostly like just two depositions.  I

11   think there's probably one IT, one person at Law

12   Debenture who is responsible for the credit and we'll

13   have our witness.  So that's a very small amount of

14   discovery that would take place, coincident with the

15   process of identifying the entries and meeting with the

16   mediator.

17   MR. LOWENTHAL:  Your Honor, Daniel Lowenthal.

18   May I just chime in on a couple of things that were just

19   said --

20   THE COURT:  Yes.

21   MR. LOWENTHAL:  -- so that we can be clear?

22   THE COURT:  Yes.

23   MR. LOWENTHAL:  Okay, thank you.  So two -- I

1  think I just have two points.  One is that, just to be

2  clear, from our standpoint, unless and until we know

3  specifically what objections they have on reasonableness

4  to the entry of the day notes, the time records, and I

5  know Your Honor said they need to do that, it's hard for

6  us then to take discovery because you have many

7  different firms here and different lawyers.  So I don't

8  know if they're objecting to X amount of the Dewey time

9  and Y amount of the Patterson time and what specifically

10 with the Morris James or the Canadian firm.

11         So we really -- we -- they -- it's really

12 incumbent upon them, and the case law would support

13 this, just like when if you billed as a lawyer and you

14 sent it to your client and they had issue, to tell us

15 specifically.  And we really need that up front.  And

16 we'll do the mediation up front.  That's point one.

17         Point two, and again, we don't want to turn

18 this into a huge litigation.  It really shouldn't be.  I

19 agree with Your Honor.  There will be at least four

20 witnesses, their two principals.  There were two -- if

21 they want the Law Debenture people, I just want the

22 Court to know this up front, so this is a point of

23 information.  As I understand it, there were two primary

1    individuals at Law Debenture responsible for this.  The

2    first one we never dealt with at Patterson when we took

3    on this engagement in or about April or May of 2012.  He

4    had already left Law Debenture.  And he, I assume then

5    was doing this engagement when the Dewey Firm had this.

6    And we never -- we, at Patterson and Morris James, and I

7    believe I'm right, and the Canadian Firm, never worked

8    with him on this engagement.  So he's probably been gone

9    from Law Debenture, at least five to six years.  The

10   other person retired in December and is probably more

11   accessible, but he would have done, I don't know if he

12   did anything with the Dewey engagement or not.

13          So there are at least those four people and I

14   don't know where the first person is at this point, he's

15   a long -- he might be around in the area, I have no

16   idea, specifically, but we have that logistical issue.

17   And there might be others who we think we want to

18   depose.  I -- but it's at least those four.

19          And I just again, we're not taking any

20   depositions until we have a sense of specifically what

21   they object to by firm, by time entry.  So that's where

22   we are in this.  We want to do this efficiently and cost

23   effectively and try and get it resolved soon.

1          THE COURT:  Now you mentioned four witnesses,

2  but you only talked about two at Law Debenture.

3          MR. LOWENTHAL:  And their two principals that

4  and --

5          THE COURT:  Oh, okay.

6          MR. LOWENTHAL:  -- we have two holders, Solus

7  and PointState.

8          THE COURT:  Right.

9          MR. LOWENTHAL:  We would want to, you know, if

10  there's going to be that type of hearing, and they're

11  both complaining, we would want to interview both of

12  them, depose both them.

13          THE COURT:  Of course.

14          MR. TECCE:  Okay.  Your Honor, just to respond

15  to that.  We can identify the day note entries in -- and

16  we'll identify them in connection with the first request

17  for production of documents that we serve on Law

18  Debenture, as well as, the deposition notices.

19          Again, they don't -- we've lodged an objection

20  where I think our clients have identified the issues

21  from a very high level.  There are granular issues that

22  will be raised with respect to the day notes, but

23  there's no need to -- I mean, we'll put those day notes

1    out there, but I'd respectfully submit that Law

2    Debenture can start pulling its documents that go to how

3    it coordinated among it's professionals, what steps it

4    took to minimize expense, and the correspondence with

5    the Noteholders and other documents that they intend to

6    rely on to prove the reasonableness of their fees.

7    They've identified that correspondence in their

8    pleadings that they've already filed.

9          So the idea that this is coming in a vacuum,

10   is just, we would submit is not the case.  They can

11   start the process of discovery instead of a two layered

12   approach of us identifying the entries and then stopping

13   again before discovery even starts, to try and settle,

14   because the discovery should get underway with the idea

15   that the hearing can be held in advance of distributions

16   being made.  There's no need to create another layer and

17   another step in this process.

18          THE COURT:  Well, here's -- I agree with that,

19   Mr. Tecce as far as the documents are concerned, but I

20   do think that before any depositions are taken, you

21   ought to identify the time records that you -- to which

22   you object.

23          MR. TECCE:  Of course.

1          THE COURT:  Okay.

2          MR. TECCE:  Okay, that's fine.  And like I

3    said, Your Honor, when we serve the Notices of

4    Deposition, and when we serve the document requests,

5    we'll identify the entries in connection with that

6    effort.  And so then everyone will know when they start

7    to pull their documents, what the entries are.

8          THE COURT:  Okay.

9          MR. LOWENTHAL:  And my -- so to your point,

10   Your Honor, can they do that pretty quickly, so that

11   when we go to mediation, hopefully, pretty quickly, we

12   will know specifically what their concerns are, not

13   broad stroked categories where we sit down with Judge

14   Farnan if he can do this in a week or so.

15         THE COURT:  I do think, Mr. Tecce, I do think

16   that's necessary before mediation.

17         MR. TECCE:  That's fine, Your Honor, we'll

18   accelerate our efforts to get it done.

19         THE COURT:  Okay.

20         MR. TECCE:  And obviously, you'll have to lift

21   the ban on the NDA, which I think they've indicated they

22   will do.  But we'll go through the day notes and we'll

23   -- I mean, again, Your Honor, with the understanding, of

1  course, that we're doing this based on a reading of the

2  documents, okay?  And so, we'll highlight those entries

3  that we think are at issue.  And but, the best person

4  who's in a position to describe what those day notes are

5  for are the client that they're representing.  So we'll

6  go through that effort and we'll identify those entries

7  as best we can.

8            THE COURT:  All right.

9            MR. MILLER:  Your Honor, this is Stephen

10 Miller, also on behalf of the Delaware Trustee,

11 Indenture Trustee.  And I think Your Honor is correct

12 that there needs to be identification of the time

13 entries.  And I think we've got an understanding now

14 based on your statements as to how that's to proceed.

15 And there -- and then reason -- I just want to

16 emphasize, that the reason that that's important is

17 because, you know, we're trying to resolve this and the

18 parties have spoken about a mediation proceeding

19 forward.  But also, to understand what time entries are

20 of issue, will enable people to determine whether they

21 are necessary to be at that mediation and whether they

22 can end at -- lend any value to being at that mediation.

23            So it is very incumbent that the parties know

1    what exactly is out there and who needs to be involved

2    to address the issues of reasonableness.

3            THE COURT:  All right.

4            MR. MILLER:  Thank you, Your Honor.

5            THE COURT:  Thank you, Mr. Miller.  So for --

6    so here's the way I see this happening.  You'll serve

7    your document requests.  In the meantime, the

8    Noteholders will identify those time records to which

9    they object.  And then you'll go to mediation

10   thereafter.  And we'll set a hearing date and we'll have

11   a briefing schedule.  Does that make sense to everyone?

12           MR. LOWENTHAL:  Yeah.  Dan Lowenthal, Your

13   Honor.  That makes sense.  And my only question then is

14   how would you like us to approach Judge Farnan?

15           THE COURT:  Well, I think in the first

16   instance, I should call to see if he's available.  And

17   then I'll let you know and you can then -- and then, of

18   course, you'll arrange and you'll have your conversation

19   and the timing of the mediation and the like.  And

20   you'll be guided by what Judge Farnan thinks, by the

21   way.  He may want to do this mediation later in the

22   process.  He may want to do it at the beginning of the

23   process.  That I would leave up to Judge Farnan.

1          MR. LOWENTHAL:  Okay.

2          THE COURT:  Now as far as a hearing date is

3  concerned, I am looking at February 28.  That -- I don't

4  think that the Debtors will be making distribution

5  before then.  They may, but I don't think they will be.

6  So I don't know, Mr. -- I think, Mr. Abbott is on the

7  phone.  And I don't know, Mr. Abbott, if you have any

8  sense of when --

9          MR. ABBOTT:  I am, Your Honor.  I think that

10  it's -- I think that ought to work.  If -- let me --

11  I'll double check on that.  I'd be surprised if we are

12  in a position to make distributions by that date, but if

13  we -- if for some reason we are, we may just have to

14  talk about what's a short-term solution.  Because even

15  if we made a distribution in advance of that, it

16  wouldn't be too early in advance of that and it might be

17  that we could just hold that, the one distribution until

18  this is resolved or come up with an alternative.

19          THE COURT:  All right.  And we will work --

20          MR. ABBOTT:  Ask for --

21          THE COURT:  -- and we would work that out.

22          MR. ABBOTT:  -- a mechanism or something, but

23  hopefully, that won't be an issue.

1           THE COURT:  Okay.  All right.  Does February

2   28 work for everyone?

3           MR. LOWENTHAL:  This is Daniel Lowenthal.

4   That's fine with me.

5           MR. TECCE:  It does, Your Honor, yes.  I mean,

6   obviously, the parties will work as quickly as the

7   possibly can to pull their documents and get everything

8   together to make sure that we can make that hearing

9   date.  But yes, right now that's -- we appreciate the

10  Court making time on that day.

11          THE COURT:  Now document requests can't take

12  30 days to respond to.

13          MR. TECCE:  Exactly.  That was my -- that's

14  kind of what I was alluding to, Your Honor.  So it would

15  have to be done on an accelerated basis.

16          THE COURT:  That's right.  That's right.  And

17  I think documents, frankly, ought to be produced by

18  February 10.

19          MR. TECCE:  Okay.

20          THE COURT:  And that way you'll have the

21  documents in time to take depositions and to do your

22  briefing.

23          MR. LOWENTHAL:  And, Your Honor, it's Dan

1  Lowenthal again.  That's fine and but I wonder -- I

2  still would like to find out from Mr. Tecce if we can

3  get the day note comments before the 10th of February.

4  We -- if the hearing is 18 days later and we're going to

5  do depositions --

6            MR. TECCE:  Oh, no, I think -- I'll commit --

7            MR. LOWENTHAL:  -- we really need those --

8            MR. TECCE:  Hopefully, we'll have mediated

9  with the Judge in the next week or so.  And I've

10 committed to give you the day note comments in advance

11 of that, so you'll have it.

12            MR. LOWENTHAL:  But His Honor said for all we

13 know, Judge Farnan will do mediation later, so can you

14 just give us a certain, date certain, when you'll get us

15 the day notes irrespective of when mediation is?

16            THE COURT:  Can you those to Mr. Lowenthal by

17 the 3rd of February?

18            MR. TECCE:  Yes, Your Honor, I will, thank

19 you.

20            THE COURT:  Okay.

21            MR. LOWENTHAL:  Thank you.  Okay.

22            THE COURT:  All right.  And as far as briefing

23 is concerned, the 28th -- I would say this.  I would

1  take briefs by the 24th of February, by the close of

2  business.  That will give me the weekend and that Monday

3  to review them and to be prepared for the hearing.

4           MR. LOWENTHAL:  Fine.

5           THE COURT:  All right.

6           MR. TECCE:  Okay, Your Honor, so we're clear.

7  February 3, we'll send the day notes.  February 10,

8  we'll produce documents.  Depositions between February

9  10 and, I guess, February 24, when briefs will be

10 submitted, and the Court will hold a hearing on February

11 28?

12          THE COURT:  That's right.

13          MR. TECCE:  Thank you very much, Your Honor.

14          THE COURT:  Yes.

15          MR. TECCE:  Thank you for your time this

16 morning and thank you.

17          THE COURT:  Anything else that we --

18          MR. LOWENTHAL:  Your Honor --

19          THE COURT:  -- anything else you want to

20 discuss with me?

21          MR. LOWENTHAL:  No, Your Honor.  Just to thank

22 you.  And is there a specific time on the 28th we should

23 put on our calendars for the hearing?

1          THE COURT:  Does 10:00 work for people or

2   should we start earlier?

3          MR. LOWENTHAL:  That's fine.  We're at your

4   pleasure.

5          MR. TECCE:  We're at your Court's -- Your

6   Honor's discretion.  We could start whenever you want.

7          THE COURT:  You know, if I make it 9:00, if I

8   made it 9:00, because it could be a good part of the

9   day, that means you'd have to come in the night before.

10  Is that all right?

11         MR. LOWENTHAL:  Sure.

12         MR. TECCE:  That's okay.

13         THE COURT:  All right.  Then let's start at

14  9:00 on the 28th.

15         MR. LOWENTHAL:  Very well.

16         MR. TECCE:  And, Your Honor, you'll reach out

17  to Judge Farnan.  How should we follow up on that?

18         THE COURT:  I will let -- let's see.  I know I

19  have Mr. Miller locally.  And who is your local counsel,

20  Mr. Tecce?

21         MR. TECCE:  Ms. Pinckney at the Pinckney Firm.

22         THE COURT:  That's right.  I will let Ms.

23  Pinckney and Mr. Miller know.

1          MR. TECCE:  Brilliant, thank you.

2          THE COURT:  Yes.  And if he's not available,

3    then we'll revisit it, all right?

4          MR. TECCE:  Sure.

5          MR. LOWENTHAL:  Yeah, we'll take it one step

6    at a time.

7          THE COURT:  That's right.

8          MR. LOWENTHAL:  Hopefully, he's available.

9          THE COURT:  There we go.  All right.  All

10   right, everyone --

11         MR. LOWENTHAL:  Thank you for your time, Your

12   Honor.

13         THE COURT:  -- thank you for a productive

14   call.

15         MR. TECCE:  Thank you very much, Judge.

16         MR. LOWENTHAL:  Have a good day.

17

18

1          THE COURT:  You, too, everyone.  Goodbye.

2   (Whereupon, at 10:30 a.m., the hearing was adjourned.)

3

4

5                    CERTIFICATION

6          I certify that the foregoing is a correct

7   transcript from the electronic sound recording of the

8   proceedings in the above-entitled matter.

9

10

Tammy Kelly   Digitally signed by Tammy Kelly
DN: cn=Tammy Kelly, o=Diaz, ou,
email=info@diazdata.com, c=US
Date: 2017.01.26 13:24:54 -05'00'

11                                        January 26, 2017

12  Traci L. Calaman Transcriber              Date

13  Diaz Transcription Services

| Word | Page:Line |
|------|-----------|
| a,m(3) | 1:15 3:1 29:2 |
| abbott(6) | 1:25 23:6 23:7 23:9 23:20 23:22 |
| ability(1) | 6:12 |
| able(3) | 9:8 9:9 10:18 |
| about(20) | 3:6 3:24 5:18 7:16 7:22 8:9 9:11 9:23 10:1 10:5 10:23 11:12 11:13 13:5 14:16 15:7 17:3 18:2 21:18 23:14 |
| aboveentitled (1) | 29:8 |
| accelerate(1) | 20:18 |
| accelerated(2) | 7:12 24:15 |
| accessible(1) | 17:11 |
| accordance(1) | 13:16 |
| action(1) | 4:16 |
| actually(2) | 5:22 14:10 |
| addition(1) | 13:21 15:9 |
| address(1) | 22:2 |
| adj(1) | 23:5 |
| adjourned(1) | 29:2 |
| administered(1) | 1:6 |
| advance(5) | 5:5 19:15 23:15 23:16 25:10 |
| affidavits(1) | 3:15 |
| after(5) | 6:20 7:7 12:10 12:11 9:24 |
| again(16) | 6:4 6:22 6:24 7:2 8:3 10:14 14:1 14:5 14:6 15:9 16:17 17:19 18:19 19:13 20:23 25:1 |
| agree(6) | 7:25 10:10 10:23 15:2 16:19 19:18 |
| akin(2) | 2:8 14:10 |
| al,(1) | 1:8 |
| all(18) | 4:17 7:15 9:5 11:2 11:8 13:2 21:8 22:3 23:9 24:1 25:12 25:22 26:5 27:10 27:13 28:3 28:9 28:9 |
| allowing(1) | 4:6 |
| allows(1) | 7:11 |
| although(1) | 24:14 |
| alone(1) | 7:7 |
| already(2) | 17:4 19:8 |
| also(7) | 4:10 4:17 5:2 5:8 5:14 21:10 21:19 |
| alternative(2) | 2:24 23:18 |
| among(1) | 19:3 |
| amount(4) | 7:3 15:13 16:8 16:9 |
| and(202) | 3:3 3:4 3:5 3:6 3:8 3:14 3:17 3:18 3:20 3:24 4:1 4:3 4:11 4:12 4:17 4:19 4:20 4:24 5:3 5:4 5:4 5:9 5:9 5:11 5:13 5:14 5:15 5:19 5:21 5:22 5:24 6:2 6:8 6:10 6:12 6:13 6:14 6:17 6:17 6:18 6:20 6:24 6:8 6:10 7:2 7:11 7:12 7:13 7:16 7:21 7:22 7:22 7:23 7:24 8:5 8:7 8:13 8:17 8:17 8:18 8:20 8:22 8:24 9:2 9:6 9:6 9:13 9:16 9:17 9:17 9:18 9:20 9:21 10:4 10:4 10:13 10:14 10:16 10:19 10:21 10:22 11:1 11:1 11:4 11:5 11:6 11:7 11:9 11:11 11:14 11:24 12:7 12:10 12:13 12:17 12:18 12:23 13:3 13:8 13:14 13:16 13:20 13:20 13:23 14:3 14:5 14:6 14:10 14:14 14:14 14:15 14:17 14:23 15:6 15:12 15:15 16:5 16:14 16:16 16:12 16:13 16:14 16:16 16:15 16:17 17:4 17:6 17:6 17:6 17:10 17:13 17:17 17:17 17:19 17:22 17:23 18:3 18:4 18:7 18:10 18:15 19:4 19:5 19:12 19:13 19:16 20:2 20:4 20:6 20:20 20:22 21:2 21:3 21:6 21:11 21:13 21:15 21:15 21:17 21:21 22:1 22:9 22:10 22:10 22:13 22:16 22:17 22:17 22:18 22:19 22:22 22:19 23:7 23:16 23:19 23:21 24:7 24:16 24:20 24:21 24:23 25:1 25:4 25:9 25:22 26:2 26:3 26:9 26:10 26:16 26:22 27:16 27:19 27:23 28:2 |
| another(1) | 3:23 19:16 19:17 |
| any(5) | 18:9 17:19 19:20 21:22 23:7 |
| anybody(1) | 11:13 |
| anymore(1) | 8:1 |
| anything(3) | 17:12 26:17 26:19 |
| appearances(2) | 1:22 2:1 |
| appreciate(1) | 24:9 |
| approach(2) | 19:12 22:14 |
| appropriate(1) | 4:2 |
| april(1) | 17:3 |
| are(30) | 4:3 4:18 6:3 6:17 6:22 9:15 9:16 9:20 9:22 9:23 10:12 12:4 12:20 12:23 13:1 14:16 17:13 17:22 18:21 19:19 19:20 20:7 20:12 21:3 21:4 21:5 21:19 21:21 23:11 23:13 |
| area(1) | 17:15 |
| areas(1) | 10:23 |
| argue(2) | 3:18 14:5 |
| argument(1) | 13:21 |
| arises(1) | 8:3 |
| around(2) | 5:20 17:15 |
| arrange(1) | 22:18 |
| arsht(1) | 1:24 |
| ashutosh(1) | 2:35 |
| ask(2) | 13:3 23:20 |
| asked(1) | 6:11 |
| asset(1) | 2:24 |
| associated(2) | 6:5 6:7 |
| assume(2) | 5:4 17:4 |
| attaching(1) | 3:15 |
| attorneys(3) | 4:15 4:18 5:5 |
| available(7) | 3:22 5:24 8:7 8:20 22:16 28:2 28:8 |
| avoid(2) | 6:15 11:9 |
| back(3) | 6:23 6:24 14:4 |
| balance(1) | 13:12 |
| ban(1) | 19:21 |

| Word | Page:Line |
|------|-----------|
| bankruptcy(2) | 1:1 1:20 |
| barclays(1) | 2:34 |
| based(2) | 21:1 21:14 |
| basically(1) | 12:8 |
| basis(2) | 7:12 24:15 |
| because(13) | 3:7 3:9 7:6 9:8 10:8 10:19 11:2 14:12 16:6 19:14 21:17 23:14 27:8 |
| become(1) | 3:10 |
| becomes(2) | 6:25 8:15 |
| been(5) | 5:12 9:8 9:9 11:16 17:8 |
| before(16) | 3:9 3:14 5:22 6:17 7:1 8:3 10:3 11:21 12:15 13:17 19:13 19:20 20:16 23:5 25:3 27:9 |
| beginning(1) | 22:22 |
| behalf(1) | 21:10 |
| being(3) | 12:7 19:16 21:22 |
| believe(2) | 4:15 17:7 |
| belknap(2) | 2:16 7:21 |
| best(2) | 21:3 21:7 |
| better(1) | 9:8 |
| between(2) | 8:24 26:8 |
| beyond(2) | 5:10 7:4 |
| billed(2) | 9:17 16:13 |
| biller(1) | 9:20 |
| bit(2) | 6:20 8:15 |
| blauner(1) | 2:26 |
| bogged(2) | 8:10 8:16 |
| both(5) | 3:14 11:10 18:11 18:11 18:12 |
| bother(1) | 10:20 |
| botter(7) | 2:9 14:9 14:9 14:21 15:1 15:3 15:5 |
| brief(1) | 7:10 |
| briefing(5) | 6:7 6:21 22:11 24:22 25:22 |
| briefs(4) | 3:15 13:16 16:1 26:9 |
| brilliant(1) | 18:1 |
| broad(2) | 10:16 20:13 |
| buck(1) | 6:22 |
| build(2) | 13:6 14:19 |
| business(1) | 26:2 |
| but(35) | 3:7 3:23 4:1 4:23 4:25 6:1 6:8 6:24 8:1 8:2 8:12 9:15 10:17 11:12 12:14 13:2 15:8 16:24 16:25 17:11 17:16 17:18 18:22 18:22 19:1 19:19 20:22 21:3 21:19 23:5 23:12 23:22 24:9 25:1 25:12 |
| calaman(1) | 29:12 |
| calendars(1) | 26:23 |
| call(3) | 14:12 22:16 28:14 |
| can(30) | 3:6 3:24 5:6 6:5 6:15 6:16 6:25 8:2 8:9 8:17 10:23 11:1 11:2 11:6 11:23 11:25 19:2 19:10 19:15 20:10 20:14 21:17 21:22 22:17 24:7 24:8 25:2 25:13 25:16 |
| can't(1) | 24:11 |
| canadian(2) | 10:16 17:7 |
| capital(2) | 2:47 2:47 |
| case(7) | 1:5 3:22 6:2 6:3 9:14 16:12 19:10 |
| categorical(1) | 13:22 |
| categories(2) | 12:18 20:13 |
| certain(5) | 10:21 10:23 13:22 25:14 25:14 |
| certainly(3) | 8:7 12:4 12:13 |
| certification(1) | 29:6 |
| certify(1) | 29:6 |
| chance(1) | 10:22 |
| chapter(1) | 1:8 |
| charging(c)(1) | 6:15 |
| check(1) | 23:11 |
| chime(1) | 14:10 15:18 |
| choice(1) | 6:2 |
| chose(1) | 3:23 |
| christopher(1) | 2:5 |
| circumstances(1) | 3:10 |
| clear(7) | 6:25 12:21 15:6 15:7 15:21 16:2 26:6 |
| client(5) | 5:3 8:5 9:7 16:14 21:5 |
| clients(2) | 6:3 18:20 |
| close(1) | 26:1 |
| coincident(1) | 15:14 |
| come(6) | 5:3 5:4 6:23 14:4 23:18 27:9 |
| coming(1) | 19:9 |
| comments(2) | 25:3 25:10 |
| commit(1) | 25:6 |
| committed(1) | 25:10 |
| committee(6) | 2:5 12:22 13:1 14:13 14:14 14:14 |
| committee's(1) | 14:17 |
| complaining(1) | 18:11 |
| complete(2) | 5:18 13:21 |
| completed(1) | 5:17 |
| completely(1) | 9:15 |
| concerned(4) | 14:16 19:19 23:3 25:23 |
| concerns(4) | 9:11 9:20 10:16 20:12 |
| conduct(1) | 7:10 |
| conducted(1) | 5:17 |
| confirmation(1) | 9:11 |
| confusion(1) | 15:8 |
| connection(2) | 18:16 20:5 |
| consider(1) | 3:16 |
| consideration(1) | 6:12 |
| context(2) | 5:11 13:6 |
| continue(2) | 4:6 14:23 |
| continued(1) | 2:2 |

| Word | Page:Line |
|------|-----------|
| continuing(1) | 7:21 |
| contributions(1) | 10:1 |
| conversation(1) | 22:18 |
| coordinated(1) | 19:3 |
| correct(2) | 21:1 29:6 |
| correspondence(3) | 5:12 19:4 19:7 |
| cost(3) | 6:4 6:5 17:12 |
| costly(1) | 8:13 |
| costs(6) | 3:24 3:25 3:25 6:8 6:9 8:9 |
| could(7) | 3:22 6:8 7:11 8:19 23:17 27:6 27:8 |
| counsel(2) | 4:12 27:19 |
| couple(2) | 11:2 15:18 |
| course(7) | 3:5 3:19 14:16 18:13 19:23 21:1 22:18 |
| court(60) | 1:1 3:2 4:8 7:15 7:19 9:4 9:10 9:22 10:10 10:20 11:18 11:22 12:14 12:15 14:21 15:2 15:4 15:20 15:22 16:22 18:1 18:5 18:8 18:13 19:18 20:1 20:8 20:15 20:19 21:8 22:23 22:15 23:2 23:19 23:21 24:1 24:10 24:11 24:16 24:20 25:6 25:20 25:22 26:5 26:10 26:12 26:14 26:17 26:19 27:1 27:7 27:13 27:18 27:22 28:2 28:7 28:9 28:13 29:1 |
| court's(1) | 27:5 |
| courtroom(1) | 1:10 |
| craft(1) | 6:14 |
| create(1) | 19:16 |
| credit(2) | 4:22 15:12 |
| creditors(2) | 12:22 13:1 |
| creditor's(1) | 2:4 |
| dan(2) | 22:12 24:23 |
| daniel(3) | 7:20 15:17 24:3 |
| date(8) | 3:14 6:22 22:10 23:2 23:12 24:9 25:14 29:12 |
| david(3) | 2:9 2:17 14:9 |
| day(26) | 5:10 7:5 7:7 7:9 9:3 12:9 12:11 12:16 12:18 12:20 13:1 13:3 15:9 16:4 18:3 18:22 18:23 20:22 21:4 24:10 25:3 25:10 25:15 26:7 27:9 28:1 |
| days(5) | 3:14 6:19 13:17 24:12 25:4 |
| dealt(1) | 17:2 |
| debenture(11) | 2:12 4:21 5:11 15:12 16:21 17:1 17:4 17:9 18:2 18:18 19:2 |
| debenture's(1) | 5:5 |
| debtor(1) | 2:43 |
| debtors(3) | 1:12 1:24 23:4 |
| december(1) | 17:10 |
| decide(1) | 12:12 |
| dedicated(1) | 4:10 |
| deems(1) | 14:18 |
| defer(2) | 6:25 13:12 |
| delaware(4) | 1:2 1:12 3:1 21:10 |
| depose(3) | 5:5 17:18 18:12 |
| deposed(1) | 4:16 |
| deposition(8) | 4:21 4:25 5:6 11:7 13:4 13:20 18:18 20:4 |
| depositions(12) | 3:9 4:19 5:7 6:21 10:4 15:7 15:10 17:20 19:20 24:21 25:5 26:8 |
| derek(1) | 1:25 |
| describe(1) | 21:4 |
| detail(1) | 8:15 |
| determine(1) | 21:20 |
| developed(1) | 12:16 |
| developing(1) | 5:18 |
| dewey(5) | 3:1 9:8 9:17 15:7 17:12 |
| diaz(1) | 1:30 |
| did(4) | 9:6 9:13 11:3 17:12 |
| different(2) | 16:7 16:7 |
| digest(1) | 10:22 |
| direct(1) | 9:14 |
| disallowed(1) | 13:23 |
| discovery(12) | 5:21 7:10 12:7 12:12 13:12 14:7 14:18 15:14 16:16 19:11 19:13 19:14 |
| discretion(1) | 27:6 |
| discuss(2) | 3:3 26:20 |
| discussed(3) | 5:25 8:1 9:2 |
| discussion(2) | 4:11 7:22 |
| dispute(9) | 3:8 4:12 5:18 5:22 6:16 8:9 13:6 |
| distribution(3) | 23:4 23:15 23:17 |
| distributions(6) | 6:17 6:22 7:2 8:3 19:15 23:12 |
| district(1) | 1:2 |
| document(5) | 5:8 6:20 20:4 22:7 24:11 |
| documents(13) | 5:22 10:4 13:20 18:17 19:2 19:5 19:19 20:7 21:2 24:7 24:17 24:21 26:8 |
| does(4) | 22:11 24:1 24:5 27:1 |
| doesn't(1) | 11:6 |
| doing(2) | 17:5 21:1 |
| don't(24) | 3:8 4:16 5:24 5:25 6:6 7:25 8:9 8:13 9:14 10:15 10:21 11:1 12:19 14:4 15:8 16:7 16:17 17:11 17:14 18:19 23:3 23:5 23:6 23:7 |
| done(8) | 5:7 7:23 8:2 9:17 13:13 17:11 20:18 24:15 |
| double(1) | 21:3 |
| down(3) | 8:10 8:16 20:13 |
| dual(2) | 5:15 7:12 |
| each(2) | 10:7 11:11 |
| earlier(2) | 6:5 27:2 |

| Word | Page:Line |
|------|-----------|
| early(1) | 23:16 |
| ecro(1) | 1:28 |
| effectively(1) | 17:23 |
| efficiently(3) | 5:7 7:24 17:22 |
| effort(2) | 20:6 21:6 |
| efforts(1) | 20:18 |
| either(1) | 8:12 |
| electronic(2) | 1:36 29:7 |
| else(4) | 8:24 11:13 26:17 26:19 |
| emails(1) | 3:17 |
| emanuel(1) | 2:29 |
| emphasize(1) | 21:16 |
| enable(1) | 21:20 |
| end(2) | 7:13 21:22 |
| engagement(4) | 17:2 17:5 17:8 17:12 |
| engender(1) | 5:19 |
| entree(1) | 14:11 |
| entries(19) | 9:10 10:20 11:21 12:4 12:14 13:8 13:15 13:18 13:22 13:23 14:2 15:15 18:15 19:12 20:5 20:7 21:2 21:6 21:13 21:19 |
| entry(4) | 10:11 10:18 16:4 17:21 |
| esq(10) | 2:5 2:9 2:13 2:17 2:21 2:26 2:31 2:40 2:44 2:48 |
| esquire(1) | 1:25 |
| even(2) | 19:13 23:14 |
| ever(1) | 6:15 |
| everyone(6) | 3:2 20:6 22:11 24:2 28:10 29:1 |
| everyone's(1) | 8:22 |
| everything(2) | 3:15 24:7 |
| evidence(1) | 5:11 |
| exactly(3) | 14:12 22:1 24:13 |
| exercise(2) | 6:12 11:6 |
| expeditiously(1) | 7:24 |
| expense(1) | 19:4 |
| expensive(1) | 11:8 |
| experience(1) | 3:22 |
| extent(2) | 12:23 13:9 |
| far(3) | 14:16 23:2 25:22 |
| farnan(10) | 2:21 8:7 8:8 8:20 20:14 22:14 22:20 22:23 25:13 27:17 |
| farnan's(1) | 5:24 |
| february(11) | 23:1 24:1 24:18 25:3 25:17 26:1 26:7 26:7 26:8 26:9 26:10 |
| fee(2) | 3:8 3:23 |
| fees(4) | 3:4 5:18 5:19 19:6 |
| feld(1) | 2:8 |
| filed(1) | 19:8 |
| find(1) | 25:2 |
| fine(6) | 20:2 20:17 24:4 25:1 26:4 27:3 |
| firm(5) | 16:10 17:5 17:7 17:21 27:21 |
| firm's(1) | 10:7 |
| firms(4) | 9:6 9:12 11:3 16:7 |
| first(11) | 3:5 4:4 4:6 4:24 5:1 10:5 14:3 17:2 17:14 18:16 22:15 |
| five(3) | 3:14 13:17 17:9 |
| focus(2) | 7:3 7:25 |
| follow(1) | 27:17 |
| for(51) | 1:2 1:24 2:4 2:12 2:20 2:24 2:34 2:38 2:43 2:47 3:4 4:6 4:9 4:22 4:24 5:23 6:11 6:16 6:20 6:25 7:21 8:6 8:11 9:5 9:7 9:17 9:18 10:3 10:6 10:19 11:4 11:11 13:9 13:15 15:12 16:5 17:1 18:17 21:5 22:5 23:13 23:20 24:2 25:12 26:3 26:15 26:23 27:1 28:11 28:13 |
| foregoing(1) | 29:6 |
| fortify(1) | 5:9 |
| forward(4) | 6:19 12:12 14:8 21:19 |
| four(5) | 11:16 16:19 17:13 17:18 18:1 |
| frankel(2) | 2:39 2:39 |
| frankly(1) | 24:17 |
| from(11) | 4:13 5:6 5:11 7:16 10:16 14:10 16:2 17:9 18:7 25:23 29:7 |
| front(4) | 7:13 16:15 16:16 16:22 |
| frontload(1) | 13:8 |
| full(1) | 6:7 |
| fully(1) | 7:10 |
| gave(1) | 14:11 |
| general(1) | 12:21 |
| generic(1) | 12:22 |
| get(12) | 6:15 8:2 8:10 8:15 11:1 11:8 17:23 19:14 20:18 24:7 25:3 25:14 |
| ginger(1) | 1:28 |
| give(5) | 3:13 10:21 25:10 25:14 26:2 |
| given(6) | 3:7 5:17 6:2 6:2 8:12 9:2 |
| going(10) | 3:13 6:22 8:13 8:18 8:21 10:4 10:14 11:7 18:10 25:4 |
| gone(2) | 12:11 17:8 |
| good(4) | 3:2 7:18 27:8 28:16 |
| goodbye(1) | 29:1 |
| got(1) | 21:13 |
| gotten(1) | 10:16 |

| Word | Page:Line |
|------|-----------|
| granular(1) 18:21 | |
| great(1) 3:21 | |
| gross(3) 1:19 3:2 4:5 | |
| guess(2) 4:4 26:9 | |
| guessing(1) 10:9 | |
| guided(1) 22:20 | |
| gump(2) 2:8 14:10 | |
| habbu(2) 2:35 2:35 | |
| had(9) 4:11 4:14 6:11 9:21 10:19 11:4 16:14 17:4 17:5 | |
| happen(2) 8:17 11:2 | |
| happening(1) 22:6 | |
| happily(1) 4:13 | |
| hard(1) 16:5 | |
| harrisburg(1) 1:32 | |
| has(6) 3:21 8:21 9:17 9:17 11:5 14:23 | |
| hauer(1) 2:8 | |
| have(50) 3:8 4:1 5:2 5:12 6:7 6:7 7:11 7:23 8:8 9:2 9:9 9:16 10:11 10:15 10:15 11:11 11:16 11:20 12:21 13:8 13:15 14:7 14:19 14:22 14:22 15:9 15:13 16:1 16:3 16:6 17:11 17:15 17:16 17:20 18:6 18:20 20:20 21:18 22:23 22:18 23:7 23:13 24:15 24:20 25:8 25:11 27:9 27:19 28:16 | |
| haven't(1) 9:8 | |
| having(2) 6:15 6:16 | |
| he's(9) 6:1 6:3 8:20 14:13 17:8 17:14 22:16 28:2 | |
| hear(4) 3:6 3:25 7:16 7:11 11:12 | |
| hearing(20) 3:4 3:9 3:14 3:14 3:18 5:4 6:22 8:5 9:1 13:17 18:10 19:15 22:10 23:2 24:8 25:4 26:3 26:10 26:23 29:2 | |
| held(1) 19:15 | |
| helpful(3) 3:24 12:17 13:9 | |
| here(5) 3:3 4:1 11:15 14:15 16:7 | |
| here's(3) 4:12 19:18 22:6 | |
| high(1) 18:21 | |
| highlight(1) 21:2 | |
| hopes(1) 5:21 | |
| hin(2) 6:2 25:12 | |
| hold(2) 23:17 26:10 | |
| holdback(2) 6:11 8:1 | |
| holders(3) 9:9 10:6 18:6 | |
| holding(1) 6:24 | |
| honor(46) 4:10 4:13 4:20 5:2 5:10 5:15 6:10 6:13 6:16 6:24 7:1 7:7 7:18 8:5 11:17 11:23 12:9 14:18 15:1 15:5 15:6 15:17 16:5 16:19 18:14 20:3 20:10 20:17 20:23 21:9 21:11 22:4 22:13 23:9 24:5 24:14 24:23 25:12 25:18 26:6 26:13 26:18 26:21 27:16 28:12 | |
| honor's(1) 27:6 | |
| honorable(1) 1:19 | |
| hope(2) 4:24 5:21 | |
| hopefully(5) 8:12 20:11 23:23 25:8 28:8 | |
| hopes(1) 5:21 | |
| how(5) 12:6 19:2 21:14 22:14 27:17 | |
| however(2) 5:17 13:11 | |
| hug(1) 16:18 | |
| i'd(2) 19:1 23:11 | |
| i'll(6) 3:11 3:25 7:16 22:17 23:11 25:6 | |
| i'm(3) 3:5 10:4 17:7 | |
| i've(5) 3:7 4:10 8:4 14:12 25:9 | |
| idea(4) 14:2 17:16 19:9 19:14 | |
| ideal(1) 6:1 | |
| identification(2) 1:19 21:12 | |
| identified(4) 7:10 11:16 18:20 19:7 | |
| identify(18) 9:9 10:6 10:11 11:21 12:4 12:10 12:14 12:16 12:18 13:2 13:7 13:18 18:15 18:16 19:21 20:5 21:6 22:8 | |
| identifying(3) 14:1 15:15 19:12 | |
| important(2) 9:1 21:16 | |
| inc(2) 1:8 2:20 | |
| incendiary(1) 3:10 | |
| include(1) 7:1 | |
| incumbent(3) 9:19 16:12 21:23 | |
| indenture(4) 3:3 8:11 12:8 21:11 | |
| indicated(1) 20:21 | |
| individuals(1) 17:1 | |
| information(2) 14:15 16:23 | |
| instance(1) 23:16 | |
| instead(1) 19:11 | |
| intend(1) 19:5 | |
| interest(2) 2:34 8:22 | |
| interested(2) 2:20 2:24 | |
| interim(2) 12:15 13:12 | |
| interview(1) 18:11 | |
| into(3) 11:15 13:6 16:18 | |
| intrusive(1) 6:14 | |
| invoiced(1) 9:18 | |
| invoices(1) 9:21 | |
| involved(2) 4:18 22:1 | |
| irrespective(1) 25:15 | |
| issue(14) 3:18 6:24 6:25 7:11 8:1 8:3 12:1 13:8 14:2 16:14 17:16 21:3 24:20 23:23 | |
| issues(6) 5:12 13:7 14:13 18:20 18:21 22:2 | |

| Word | Page:Line |
|------|-----------|
| it's(17) 4:2 4:16 4:17 5:17 8:12 8:14 9:15 9:18 9:19 12:17 14:9 16:5 16:11 17:18 19:3 23:10 24:23 | |
| its(1) 19:2 | |
| itself(1) 8:21 | |
| james(4) 2:3 2:31 16:10 17:6 | |
| january(3) 1:14 3:1 29:11 | |
| jason(1) 1:21 | |
| joined(1) 14:12 | |
| jointly(1) 1:6 | |
| judge(18) 1:19 1:20 3:2 3:21 4:5 5:24 8:7 8:8 8:20 13:16 20:13 22:14 22:20 22:23 25:9 25:13 27:17 28:15 | |
| just(29) 3:11 5:19 6:6 6:23 7:2 7:5 7:8 8:12 8:14 8:15 10:8 12:22 14:10 15:6 15:10 15:18 15:18 16:1 16:1 16:13 16:21 17:19 18:14 19:10 21:15 23:3 23:17 25:14 26:21 | |
| keep(2) 7:2 12:19 | |
| kevin(1) 1:19 | |
| kind(1) 24:14 | |
| know(34) 3:17 5:24 6:19 7:9 8:11 8:19 8:19 8:19 8:21 9:3 10:21 11:3 11:15 11:16 11:17 14:6 14:2 16:5 16:8 16:22 17:11 17:14 18:9 20:6 20:12 21:17 21:23 22:17 23:6 23:7 25:13 27:7 27:18 27:23 | |
| knowledge(1) 6:2 | |
| koskie(1) 2:43 | |
| kramer(2) 2:38 2:38 | |
| lack(1) 9:7 | |
| last(2) 6:11 7:6 | |
| lastly(1) 6:10 | |
| later(3) 22:21 25:4 25:13 | |
| law(13) 2:12 4:21 5:4 5:11 15:11 16:12 16:21 17:1 17:4 17:9 18:2 18:17 19:1 | |
| lawyer(1) 16:13 | |
| lawyers(3) 3:8 11:12 16:7 | |
| layer(1) 19:16 | |
| layered(2) 12:15 19:11 | |
| least(7) 6:14 11:10 11:16 16:19 17:9 17:13 17:18 | |
| leave(1) 22:23 | |
| left(1) 17:4 | |
| lend(1) 21:22 | |
| let(6) 3:4 4:6 22:17 23:10 27:18 27:22 | |
| let's(3) 8:15 27:13 27:18 | |
| letters(1) 3:16 | |
| level(1) 18:21 | |
| levin(2) 2:38 2:38 | |
| lift(2) 9:7 20:20 | |
| like(13) 3:8 3:17 4:1 4:21 7:23 11:7 11:8 15:10 16:13 20:2 22:14 22:19 25:2 | |
| limited(2) 7:3 12:10 | |
| line(1) 4:13 | |
| listen(2) 3:12 4:3 | |
| litigation(2) 11:15 16:18 | |
| little(1) 6:20 | |
| llp(4) 1:24 2:12 2:30 2:43 | |
| local(1) 27:19 | |
| locally(1) 27:19 | |
| lodged(1) 18:19 | |
| logistical(1) 17:16 | |
| long(1) 17:15 | |
| look(1) 10:23 | |
| looking(2) 6:14 23:3 | |
| lowenthal(40) 2:17 7:17 7:18 7:20 7:20 9:5 10:10 10:13 11:19 11:23 12:3 15:17 15:17 15:21 15:23 18:3 18:6 18:9 20:9 22:12 22:12 23:1 24:3 24:23 25:1 25:25 26:2 26:16 26:21 26:4 26:6 26:21 27:3 27:11 27:15 28:5 28:8 28:11 28:16 | |
| mace(1) 1:28 | |
| made(5) 6:17 12:21 19:16 23:15 27:8 | |
| make(7) 7:6 13:20 22:11 23:12 24:8 24:8 27:7 | |
| makes(1) 22:13 | |
| making(2) 23:4 24:10 | |
| management(1) 2:25 | |
| many(1) 16:6 | |
| mark(1) 2:48 | |
| market(1) 1:11 | |
| massive(1) 11:15 | |
| matter(6) 3:7 4:10 5:3 6:17 13:22 29:8 | |
| may(9) 3:22 4:23 4:25 15:18 17:3 22:21 22:22 23:5 23:13 | |
| maybe(2) 4:20 8:14 | |
| mean(8) 4:20 5:25 6:14 8:14 10:22 18:23 20:23 24:5 | |
| means(1) 27:9 | |
| meantime(1) 22:7 | |
| mechanism(1) 23:22 | |
| mediate(1) 8:8 | |
| mediated(1) 25:8 | |
| mediating(1) 3:21 | |
| mediation(30) 3:20 3:24 4:1 5:14 5:16 5:20 6:4 6:7 7:13 7:13 8:4 8:6 8:7 8:23 10:14 11:5 11:22 12:17 13:10 16:16 20:11 20:16 21:18 21:21 21:22 22:9 22:19 22:21 25:13 25:15 | |
| mediator(4) 3:23 13:15 13:15 15:16 | |

| Word | Page:Line |
|------|-----------|
| meet(1) 13:14 | |
| meeting(3) 13:4 13:5 15:15 | |
| meetings(2) 13:1 14:14 | |
| mentioned(2) 11:9 18:1 | |
| might(3) 17:15 17:17 23:16 | |
| miller(7) 2:13 21:9 21:10 22:4 22:5 27:19 27:23 | |
| mind(1) 12:19 | |
| minimal(1) 12:6 | |
| minimize(3) 6:5 6:8 19:4 | |
| minsky(1) 2:43 | |
| modicum(1) 7:9 | |
| monday(1) 26:2 | |
| month(3) 9:21 10:19 11:4 | |
| more(7) 3:7 5:11 5:18 5:19 11:8 11:17 17:10 | |
| morning(3) 3:2 7:18 26:16 | |
| morris(4) 1:24 2:12 16:10 17:6 | |
| most(4) 5:16 12:3 12:13 15:10 | |
| mostly(1) 15:10 | |
| moving(1) 6:19 | |
| much(4) 4:5 4:9 26:13 28:15 | |
| multiple(1) 4:18 | |
| narrow(1) 5:9 | |
| nature(1) 8:12 | |
| nda(3) 9:6 9:7 20:21 | |
| necessarily(1) 6:6 | |
| necessary(4) 4:17 14:18 20:16 21:21 | |
| need(11) 4:24 6:6 7:25 8:13 10:6 10:6 16:5 16:15 18:23 19:16 25:7 | |
| needs(2) 21:12 22:1 | |
| neftalis(2) 2:38 2:38 | |
| networks(2) 1:8 2:43 | |
| never(5) 5:25 8:3 17:2 17:6 17:7 | |
| next(3) 8:19 11:2 25:9 | |
| nichols(1) 1:24 | |
| night(1) 27:9 | |
| nncc(1) 3:4 | |
| nortel(2) 1:8 2:43 | |
| not(22) 4:16 4:25 5:3 7:1 8:10 8:13 8:15 8:21 9:9 9:23 10:15 11:5 11:12 11:15 12:15 13:11 14:1 17:12 17:19 19:10 20:12 28:2 | |
| note(4) 12:18 18:15 25:3 25:10 | |
| noteholder(1) 11:11 | |
| noteholders(6) 11:10 11:20 12:3 13:5 19:5 22:8 | |
| notes(20) 5:10 7:5 7:7 7:9 9:3 12:9 12:9 12:11 12:17 12:20 13:1 13:3 15:9 16:4 18:22 18:23 20:22 21:4 25:15 26:7 | |
| nothing(1) 4:17 | |
| notices(2) 18:18 20:3 | |
| now(9) 4:3 6:25 7:16 8:24 18:1 21:13 23:2 24:9 | |
| nuggets(1) 9:15 | |
| object(3) 17:21 19:22 22:9 | |
| objecting(2) 21:21 16:8 | |
| objection(3) 12:20 12:22 18:19 | |
| objectionable(1) 12:5 | |
| objections(1) 16:3 | |
| objectory(1) 10:11 | |
| obtained(1) 6:3 | |
| obviate(1) 4:24 | |
| obviously(5) 5:13 6:1 14:19 20:20 24:6 | |
| offending(1) 3:14 | |
| official(1) 2:4 | |
| okay(15) 15:23 18:5 18:14 20:1 20:2 20:8 20:19 21:2 23:1 24:1 24:19 25:20 25:21 26:6 27:12 | |
| one(12) 3:25 4:23 9:1 11:9 11:11 15:11 15:11 16:1 16:16 17:2 23:17 18:3 | |
| ones(1) 5:9 | |
| only(4) 14:11 14:15 18:2 22:13 | |
| opposed(1) 14:1 | |
| option(2) 5:1 6:14 | |
| options(1) 8:2 | |
| order(2) 6:16 8:22 | |
| orders(1) 7:1 | |
| ordinarily(1) 5:15 | |
| other(5) 9:19 12:6 13:20 17:10 19:5 | |
| others(1) 17:17 | |
| otherwise(1) 10:8 | |
| ought(4) 3:20 19:21 23:10 24:17 | |
| our(14) 4:13 4:25 5:2 5:2 6:3 6:23 9:6 11:19 12:20 15:13 16:12 18:20 20:18 26:23 | |
| out(3) 3:6 4:1 6:21 19:4 21:1 23:21 25:2 27:16 | |
| over(1) 14:4 | |
| own(1) 5:2 | |
| papers(2) 9:13 10:17 | |
| part(2) 13:13 27:8 | |
| participation(2) 12:23 14:14 | |
| parties(4) 3:16 21:18 21:23 24:6 | |
| party(3) 2:20 2:24 2:34 | |
| past(1) 7:8 | |
| path(1) 5:15 | |
| patterson(5) 2:16 7:20 16:9 17:2 17:6 | |
| paying(2) 3:25 8:11 | |
| pennsylvania(1) 1:32 | |
| people(5) 5:22 16:21 17:13 21:20 27:1 | |

| Word | Page:Line |
|------|-----------|
| people's(1) 6:6 | |
| per(1) 14:6 | |
| perfect(1) 14:11 | |
| perhaps(2) 6:5 6:19 | |
| person(5) 4:23 15:11 17:10 17:14 21:3 | |
| perspective(2) 4:13 5:6 | |
| philpott(1) 2:44 | |
| phone(1) 23:7 | |
| pinckney(3) 27:21 27:21 27:23 | |
| place(2) 14:3 15:14 | |
| plan(2) 6:12 6:17 | |
| play(1) 12:6 | |
| pleadings(1) 19:8 | |
| pleasure(1) 27:4 | |
| point(10) 6:11 7:6 7:8 7:8 9:15 16:16 16:17 16:22 17:14 20:9 | |
| points(2) 3:18 16:1 | |
| pointstate(3) 2:47 2:47 18:7 | |
| position(2) 21:4 23:12 | |
| possible(3) 5:9 7:3 7:24 | |
| possibly(1) 24:7 | |
| preliminary(1) 4:11 | |
| prepare(1) 5:23 | |
| prepared(2) 6:4 26:3 | |
| present(1) 13:3 | |
| preston(1) 2:4 | |
| presumptuous(1) 6:1 | |
| pretty(5) 8:18 10:18 12:21 20:10 20:11 | |
| primary(1) 16:23 | |
| principal(1) 4:22 | |
| principals(3) 11:11 16:20 18:3 | |
| privilege(2) 14:17 14:20 | |
| probably(4) 11:10 15:11 17:8 17:10 | |
| procedures(1) 13:17 | |
| proceed(3) 5:17 7:14 21:14 | |
| proceeding(1) 21:18 | |
| proceedings(3) 1:18 1:36 29:8 | |
| process(14) 7:1 7:11 11:7 12:6 12:14 12:15 13:11 14:3 14:19 15:5 16:9 17:22 19:17 22:22 22:23 | |
| produce(1) 26:8 | |
| produced(2) 1:37 24:17 | |
| producing(1) 10:4 | |
| production(2) 6:20 18:17 | |
| productive(3) 5:16 8:6 28:13 | |
| professionals(1) 19:3 | |
| proposal(1) 11:19 | |
| propose(7) 3:13 4:12 5:14 5:19 6:9 6:18 10:14 | |
| proposition(1) 4:17 | |
| protection(2) 14:19 14:23 | |
| prove(1) 19:6 | |
| pull(3) 5:22 20:7 24:7 | |
| pulling(1) 19:2 | |
| pursuant(1) 9:6 | |
| pursue(1) 5:10 | |
| put(4) 9:12 10:17 18:23 26:23 | |
| question(2) 12:5 22:13 | |
| quickly(8) 5:9 5:14 8:18 10:15 10:18 20:10 20:11 | |
| quinn(1) 2:29 | |
| quite(1) 4:12 | |
| raise(1) 6:24 | |
| raised(3) 5:12 14:13 18:22 | |
| re-argument(1) 12:8 | |
| reach(1) 27:16 | |
| reading(1) 21:1 | |
| real(1) 2:34 | |
| really(5) 16:11 16:11 16:15 16:18 25:7 | |
| reason(4) 14:11 21:15 21:16 23:13 | |
| reasonable(1) 9:18 | |
| reasonableness(6) 3:19 10:2 14:6 16:3 19:6 22:2 | |
| record(7) 5:10 5:17 5:19 7:4 10:7 12:16 13:19 | |
| recorded(1) 1:36 | |
| recording(2) 1:36 29:7 | |
| records(7) 3:16 9:5 10:12 11:4 16:4 19:21 22:8 | |
| referenced(1) 9:14 | |
| rely(1) 19:6 | |
| relying(1) 7:8 | |
| reorg(2) 2:20 2:21 | |
| representing(1) 21:5 | |
| request(1) 18:16 | |
| requests(4) 5:8 20:4 22:7 24:11 | |
| research(2) 2:20 6:23 | |
| reserve(1) 6:23 | |
| resolve(3) 6:17 11:6 21:17 | |
| resolved(6) 5:3 8:21 11:1 11:5 17:23 23:18 | |
| respect(5) 8:4 9:11 14:13 14:20 18:22 | |
| respectfully(3) 5:16 7:14 19:1 | |
| respects(1) 10:21 | |
| respond(2) 18:14 24:12 | |
| response(1) 10:15 | |
| responsible(4) 22:15 12:17 1:7:1 | |
| rest(1) 12:15 | |
| retired(1) 17:10 | |
| review(1) 26:3 | |
| revisit(1) 28:3 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| right(22) 6:23 7:15 14:22 17:7 18:8 21:8 22:3 23:19 24:1 24:9 24:16 24:16 25:22 26:5 26:12 27:10 27:13 27:22 28:3 28:7 28:9 28:10 | | talking(2) 9:23 10:1 | | think(44) 3:9 3:16 3:20 3:23 4:2 4:16 4:18 4:22 5:6 7:8 7:16 8:18 9:14 9:18 9:21 9:23 10:7 10:11 10:12 10:22 11:12 11:13 11:14 12:20 15:7 15:11 16:1 17:17 18:20 19:20 20:15 20:15 20:21 21:3 21:11 21:13 22:15 23:4 23:5 23:6 23:21 23:10 24:17 25:6 | | what(26) 3:5 3:6 3:13 4:12 4:13 7:16 8:24 9:20 10:7 10:12 10:13 11:3 12:7 13:2 13:5 16:3 16:9 17:20 19:3 20:7 20:12 21:4 21:19 22:1 22:20 24:14 | |
| robert(1) 2:40 | | taylor(1) 2:4 | | | | what's(2) 12:7 23:14 | |
| said(5) 7:16 15:19 16:5 20:3 25:12 | | tecce(34) 2:31 4:4 4:5 4:9 7:15 9:2 9:13 14:11 15:6 18:14 19:19 19:23 20:2 20:15 20:17 20:20 24:5 24:13 24:19 25:2 25:6 25:8 25:18 26:6 26:8 26:15 27:5 27:12 27:16 27:20 27:21 28:1 28:4 28:15 | | | | whatever(2) 7:1 14:17 | |
| same(1) 5:20 | | | | thinking(4) 3:5 3:7 3:11 7:22 | | when(17) 5:16 9:16 12:5 13:14 13:14 13:16 16:13 17:2 17:5 20:3 20:4 20:6 20:11 23:8 25:14 25:15 26:9 | |
| samis(1) 2:5 | | | | thinks(2) 8:5 22:20 | | whenever(1) 27:6 | |
| sanjana(1) 2:21 | | telephone(2) 3:3 4:7 | | this(53) 3:11 3:21 3:22 4:6 4:22 5:3 5:6 5:18 6:11 6:19 7:2 7:7 7:8 7:23 8:2 8:8 8:11 8:21 9:2 11:1 11:5 11:14 11:15 12:21 13:4 13:4 14:12 14:18 15:8 16:13 16:18 16:22 16:22 17:1 17:3 17:5 17:5 17:8 17:14 17:22 17:22 19:9 19:17 20:14 21:1 21:9 21:17 22:6 22:21 23:18 24:3 25:23 26:15 | | where(5) 9:17 17:14 17:21 18:20 20:13 | |
| say(3) 11:4 14:15 25:23 | | telephonic(2) 1:22 2:1 | | | | whereupon(1) 29:2 | |
| says(1) 19:18 | | tell(3) 3:4 9:19 16:14 | | | | whether(3) 12:12 21:20 21:21 | |
| schedule(2) 6:18 22:11 | | terms(7) 4:15 4:19 5:13 6:10 6:18 8:17 8:24 | | | | which(7) 4:12 11:7 11:21 12:9 19:21 20:21 22:8 | |
| schmidt(1) 2:40 | | testify(2) 5:3 5:4 | | those(18) 3:10 4:3 10:20 10:20 13:2 13:3 13:15 13:18 13:22 17:18 18:23 21:2 21:4 21:16 22:8 25:7 25:16 | | whiteford(1) 2:4 | |
| schuylkill(1) 1:31 | | testifying(1) 11:12 | | | | who(5) 4:22 15:12 17:17 22:1 27:19 | |
| second(3) 4:23 4:25 10:5 | | testimony(3) 3:9 5:23 13:20 | | | | who's(1) 21:14 | |
| see(5) 10:23 11:1 22:6 22:16 27:18 | | thank(22) 4:5 4:6 4:9 7:15 7:21 10:13 15:1 15:3 15:5 15:23 22:4 22:5 25:18 25:21 26:13 26:15 26:16 26:21 28:1 28:11 28:13 28:15 | | thought(3) 3:7 4:10 8:2 | | why(3) 13:4 13:4 13:21 | |
| seeking(1) 13:13 | | | | thoughts(2) 4:3 7:22 | | will(38) 3:5 3:14 4:3 5:3 5:4 5:5 6:23 7:1 7:7 7:9 7:16 8:6 9:20 12:4 12:5 12:6 12:13 13:8 13:9 14:16 16:19 18:22 20:16 20:12 20:22 21:20 22:8 23:4 23:5 23:19 24:6 25:13 25:18 26:2 26:9 26:10 27:18 27:22 | |
| send(1) 26:7 | | | | three(3) 4:20 5:7 15:10 | | | |
| sense(4) 17:20 22:11 22:13 23:8 | | that(159) 3:17 3:20 3:23 4:1 4:9 4:15 4:18 4:19 4:19 4:20 4:24 4:24 4:25 5:4 5:6 5:12 5:14 5:16 5:16 5:17 5:20 5:21 6:3 6:6 6:13 6:15 6:16 6:16 6:20 6:21 6:25 6:25 7:4 7:7 7:10 7:11 7:12 7:14 7:14 8:3 8:10 8:16 8:17 8:17 8:19 8:22 9:1 9:12 9:16 9:22 9:22 9:23 10:5 10:10 10:11 10:15 10:17 10:18 10:22 11:2 11:3 11:6 11:16 12:1 12:4 12:5 12:6 12:10 12:11 12:13 12:14 12:19 12:21 12:23 13:1 13:6 13:8 13:8 13:9 13:11 13:12 13:14 13:18 14:3 14:3 14:5 14:6 14:7 14:12 14:13 14:15 14:16 14:18 14:20 14:22 15:14 15:18 15:21 16:1 16:5 16:15 17:16 18:3 18:10 18:15 18:17 18:21 19:1 19:2 19:5 19:7 19:8 19:9 19:15 19:18 19:20 19:21 20:3 20:6 20:10 20:11 21:3 21:5 21:6 21:12 21:16 21:16 21:21 21:21 21:22 21:23 22:11 22:13 22:23 23:3 23:4 23:9 23:10 23:11 23:12 23:15 23:16 23:17 23:17 23:21 23:23 24:8 24:8 24:10 24:13 24:20 25:11 26:2 26:2 26:17 27:9 27:10 27:17 29:6 | | through(4) 12:11 12:18 20:22 21:6 | | willing(2) 8:8 9:7 | |
| sent(1) 16:14 | | | | time(25) 3:16 5:20 6:6 6:20 8:14 9:5 9:12 10:7 10:12 10:17 11:3 16:4 16:8 16:9 17:21 19:21 21:12 21:20 23:3 23:18 24:1 25:16 26:22 28:6 28:11 | | wilmington(2) 1:12 3:1 | |
| separately(1) 8:9 | | | | | | with(47) 3:22 4:11 4:13 4:24 5:7 5:21 5:25 6:5 6:7 6:19 7:13 7:23 8:4 8:4 8:20 9:2 9:10 10:10 11:16 12:6 13:8 13:14 13:17 13:19 14:2 14:13 14:20 15:2 15:14 15:15 16:10 16:19 17:2 17:8 17:12 18:16 18:22 19:4 19:14 19:18 20:5 20:13 20:23 23:8 27:16 29:5 29:6 26:20 | |
| serve(5) 5:8 18:17 20:3 20:4 22:6 | | | | timing(3) 5:13 6:10 22:19 | | | |
| service(2) 1:30 1:37 | | | | together(1) 24:8 | | witness(3) 5:2 11:9 15:13 | |
| services(1) 1:30 | | | | told(3) 9:13 10:2 10:19 | | witnesses(7) 5:2 9:23 5:23 10:3 11:17 16:20 18:1 | |
| set(1) 22:10 | | | | too(6) 7:23 8:13 9:13 15:8 23:16 29:1 | | won't(1) 23:23 | |
| settle(2) 5:21 19:13 | | | | took(2) 17:2 19:4 | | wonder(1) 25:1 | |
| shapiro(1) 2:40 | | | | traci(1) 29:12 | | word(1) 9:8 | |
| sharing(2) 3:25 7:22 | | | | track(1) 7:12 | | work(11) 6:8 7:4 9:17 11:3 13:9 23:10 23:19 23:21 24:2 24:6 27:1 | |
| short(1) 8:22 | | | | transcriber(1) 29:12 | | worked(1) 17:7 | |
| short-term(1) 23:14 | | | | transcript(3) 1:18 1:37 29:7 | | worldwide(1) 9:14 | |
| should(15) 3:16 4:16 8:11 10:18 12:14 13:11 13:13 13:23 14:3 14:8 19:14 19:14 22:16 26:22 27:2 27:17 | | that's(28) 4:23 8:15 8:23 9:1 11:19 13:5 14:4 14:7 14:22 15:13 16:16 17:21 20:2 20:16 20:17 21:14 21:16 24:4 24:9 24:13 24:16 24:16 25:1 26:12 27:3 27:12 27:22 28:7 | | transcription(3) 1:30 1:30 1:37 | | would(45) 4:1 4:12 4:19 4:21 4:23 4:24 4:25 5:8 5:13 5:14 5:15 5:19 5:21 6:8 6:18 7:6 7:13 7:23 8:6 8:8 8:18 8:22 9:7 11:8 11:10 12:13 13:9 13:13 13:14 14:2 14:7 14:15 15:14 16:12 17:11 18:9 18:11 19:10 19:10 22:14 22:23 23:21 24:14 25:2 25:23 25:23 | |
| shouldn't(2) 11:18 16:18 | | | | truncate(1) 11:14 | | | |
| side(2) 3:25 9:19 | | | | trustee(5) 8:11 12:8 13:3 21:10 21:11 | | wouldn't(1) 23:16 | |
| sides(1) 3:14 | | | | trustee's(3) 3:4 4:11 6:12 | | www.diazdata.com(1) 1:34 | |
| similar(1) 9:16 | | | | try(4) 5:9 6:8 17:23 19:13 | | yeah(3) 8:14 22:12 28:5 | |
| since(1) 8:5 | | | | trying(3) 7:2 13:6 21:17 | | years(1) 17:9 | |
| sincerely(1) 6:15 | | the(284) 1:1 1:2 1:19 3:2 3:3 3:3 3:4 3:7 3:9 3:11 3:14 3:15 3:17 3:18 3:25 3:25 4:8 4:10 4:11 4:16 4:21 4:21 4:24 4:24 5:4 5:10 5:10 5:11 5:11 5:12 5:17 5:20 5:21 5:22 6:1 6:2 6:2 6:3 6:4 6:5 6:6 6:8 6:9 6:11 6:12 6:14 6:17 6:22 6:24 7:3 7:4 7:5 7:6 7:7 7:8 7:9 7:10 7:13 7:14 7:15 7:19 7:25 8:10 8:12 8:14 8:24 9:3 9:4 9:5 9:6 9:7 9:8 9:10 9:12 9:14 9:19 9:20 9:20 9:22 10:5 10:6 10:7 10:7 10:10 10:11 10:19 11:2 11:3 11:3 11:7 11:10 11:18 11:20 11:20 12:2 12:3 12:4 12:5 12:6 12:8 12:9 12:9 12:11 12:14 12:15 12:16 12:16 12:17 12:18 12:20 12:23 13:1 13:3 13:5 13:6 13:6 13:7 13:7 13:9 13:9 13:12 13:12 13:14 13:15 13:16 13:17 13:17 13:20 14:1 14:2 14:8 14:11 14:11 14:12 14:15 14:17 14:21 15:2 15:4 15:7 15:9 15:12 15:14 15:15 15:15 15:20 15:22 16:4 16:4 16:4 16:8 16:9 16:10 16:10 16:12 16:16 16:21 17:1 17:5 17:7 17:9 17:12 17:14 17:15 18:1 18:5 18:8 18:13 18:15 18:16 18:18 18:20 18:22 19:4 19:5 19:6 19:9 19:10 19:11 19:12 19:14 19:14 19:15 19:16 19:19 19:21 20:1 20:3 20:4 20:5 20:7 20:8 20:15 20:19 20:21 20:21 20:22 20:23 21:1 21:3 21:5 21:10 21:12 21:16 21:17 21:23 22:2 22:3 22:5 22:6 22:7 22:7 22:15 22:15 22:19 22:19 22:19 22:20 22:21 22:22 22:22 22:23 23:3 23:4 23:16 23:17 23:19 23:21 24:1 24:6 24:6 24:9 24:11 24:16 24:20 24:20 25:3 25:3 25:4 25:9 25:9 25:10 25:15 25:16 25:17 25:20 25:22 25:23 26:1 26:1 26:2 26:3 26:5 26:7 26:10 26:12 26:14 26:17 26:19 26:22 26:23 27:1 27:7 27:8 27:9 27:13 27:14 27:18 27:21 27:22 28:2 28:7 28:9 28:13 29:1 29:2 29:6 29:7 29:7 29:8 | | turn(2) 11:15 16:17 | | yes(14) 4:8 7:19 9:4 10:17 12:2 14:21 15:2 15:20 15:22 24:5 24:9 25:18 26:14 28:2 | |
| sir(1) 4:8 | | | | turns(1) 6:21 | | | |
| sit(1) 20:13 | | | | two(13) 4:20 5:7 15:10 15:23 16:1 16:7 16:20 16:20 16:23 18:2 18:3 18:6 19:11 | | yesterday(5) 6:13 8:1 9:10 9:13 12:9 | |
| situation(1) 9:16 | | | | | | yesterday's(2) 7:21 8:5 | |
| six(1) 17:9 | | | | type(1) 18:10 | | you(69) 3:5 3:6 7:15 9:13 3:13 3:17 3:20 3:22 4:1 4:5 4:6 4:9 6:19 7:15 7:21 8:11 8:19 8:19 9:3 9:16 9:20 10:13 11:12 11:23 13:6 13:16 11:17 11:21 12:9 13:14 14:22 14:22 15:1 15:2 15:3 15:5 15:23 16:6 16:16 16:13 18:1 18:2 18:9 19:20 19:21 21:17 22:4 22:15 22:17 23:7 25:10 25:13 25:16 25:19 25:21 26:13 26:15 26:16 26:19 26:22 27:6 27:7 28:1 28:11 28:13 28:15 29:1 | |
| small(1) 15:13 | | | | types(1) 13:22 | | | |
| solus(2) 2:24 18:6 | | | | under(1) 3:10 | | | |
| solution(1) 23:14 | | | | understand(4) 12:20 14:21 16:23 21:19 | | | |
| some(6) 4:10 5:12 7:9 8:2 9:15 23:13 | | | | understanding(2) 20:23 21:13 | | | |
| somebody(1) 9:17 | | | | underway(1) 19:14 | | you'd(1) 27:9 | |
| something(1) 23:22 | | | | unfold(1) 7:12 | | you'll(12) 3:18 15:9 20:20 22:6 22:9 22:18 22:18 22:20 24:20 25:11 25:14 27:16 | |
| soon(1) 17:23 | | their(13) 5:22 9:10 9:11 9:13 10:17 11:3 16:20 18:3 19:6 19:7 20:7 20:12 24:7 | | unique(1) 13:5 | | | |
| sort(1) 6:15 | | | | united(2) 1:1 1:20 | | | |
| sound(2) 1:36 29:7 | | | | unless(1) 16:2 | | you're(2) 3:6 12:10 | |
| speak(1) 11:23 | | | | unobtrusive(1) 7:3 | | you've(2) 7:16 12:11 | |
| specific(3) 9:11 13:22 26:22 | | them(12) 6:24 9:3 10:16 10:19 10:20 11:4 12:10 16:12 18:12 18:12 18:16 26:3 | | unreasonable(4) 9:23 10:8 10:12 13:23 | | your(59) 3:18 4:9 4:13 4:20 5:2 5:10 5:15 6:10 6:13 6:16 6:23 7:1 7:6 7:18 7:22 8:5 11:17 11:23 12:19 14:9 14:18 15:1 15:5 15:6 15:17 16:5 16:14 16:19 18:14 20:3 20:9 20:10 20:17 20:23 21:9 21:11 21:14 22:4 22:12 22:18 23:9 24:5 24:14 24:21 24:21 25:18 26:5 26:15 26:18 26:21 27:3 27:5 27:7 27:16 27:19 28:11 28:11 | |
| specifically(8) 9:19 10:6 16:3 16:9 16:15 17:16 17:20 20:12 | | | | until(4) 6:25 16:2 17:20 23:17 | | | |
| | | | | upon(2) 9:19 16:12 | | | |
| split(2) 6:4 6:9 | | | | urquhart(1) 2:29 | | | |
| spoken(2) 8:4 21:18 | | then(33) 3:5 3:11 3:17 3:20 6:10 6:23 8:3 8:18 8:20 10:8 10:21 11:5 11:6 11:8 12:10 12:21 13:2 14:3 14:4 14:6 16:6 17:4 19:12 20:6 21:15 22:9 22:13 22:17 22:17 23:11 23:15 27:13 28:3 | | used(1) 13:11 | | | |
| standpoint(1) 16:2 | | | | vacuum(1) 19:9 | | | |
| start(11) 4:23 5:20 5:20 10:4 11:7 19:2 19:11 20:6 27:2 27:6 27:13 | | | | value(1) 21:22 | | | |
| | | | | various(1) 9:12 | | | |
| starts(1) 19:13 | | | | very(13) 3:10 3:24 4:5 4:9 5:8 5:14 10:14 15:13 18:21 21:23 26:13 27:15 28:15 | | | |
| statement(1) 9:10 | | there(23) 4:18 4:19 4:23 8:2 9:15 9:16 9:22 12:23 14:17 15:2 15:8 16:19 16:20 16:23 17:13 17:17 18:21 19:1 21:12 21:15 22:1 26:22 28:9 | | | | | |
| statements(2) 8:13 21:14 | | | | | | | |
| states(2) 1:1 1:20 | | | | want(19) 5:5 7:4 7:9 8:9 11:10 13:2 15:8 16:17 16:21 17:17 17:22 18:9 18:11 21:15 22:21 22:22 26:19 27:6 | | | |
| step(3) 13:12 19:17 28:5 | | | | | | | |
| stephen(3) 2:13 2:16 21:9 | | | | wanted(2) 14:10 15:7 | | | |
| steps(1) 19:3 | | there's(7) 11:13 11:14 14:5 15:11 18:10 18:23 19:16 | | was(11) 3:13 4:22 8:10 9:12 10:13 13:4 13:5 17:5 24:13 24:14 29:2 | | | |
| still(1) 25:2 | | thereafter(1) 22:10 | | | | | |
| stop(1) 7:7 | | these(1) 9:21 | | way(8) 3:11 7:14 8:12 11:14 14:8 22:6 22:21 24:20 | | | |
| stopping(1) 19:12 | | they(28) 9:8 9:9 9:22 9:22 10:7 10:12 10:18 10:19 18:19 19:5 19:10 20:6 20:10 20:21 21:20 21:21 22:9 23:5 23:5 | | ways(1) 6:8 | | | |
| strauss(1) 2:8 | | | | we'd(2) 11:11 14:19 | | | |
| street(2) 1:11 1:31 | | | | we'll(27) 5:19 12:12 12:16 12:17 13:2 13:7 13:15 13:20 14:7 15:12 16:16 18:16 18:23 20:5 20:17 20:22 20:22 21:2 21:5 21:6 22:10 25:8 26:7 26:8 28:3 28:5 | | | |
| stroke(1) 10:16 | | | | | | | |
| stroked(1) 20:13 | | | | | | | |
| submit(7) 3:15 5:16 7:14 12:13 13:16 19:1 19:10 | | they'll(1) 13:18 | | | | | |
| submitted(1) 26:10 | | they're(4) 11:23 16:8 18:10 21:5 | | we're(16) 3:3 7:8 8:18 8:20 9:23 10:1 10:8 13:6 14:1 17:19 21:1 21:17 25:4 26:6 27:3 | | | |
| substantial(1) 10:1 | | they've(7) 9:21 10:17 10:19 11:4 19:7 19:8 20:21 | | | | | |
| success(1) 6:3 | | thing(4) 9:1 10:5 14:5 14:15 | | we've(5) 4:11 9:18 10:16 18:19 21:13 | | | |
| such(1) 14:5 | | things(4) 3:17 9:22 15:18 | | week(1) 3:1 | | | |
| suggest(1) 6:1 | | | | week(3) 8:19 20:14 25:9 | | | |
| suggested(2) 4:14 12:7 | | | | weekend(1) 26:2 | | | |
| sullivan(1) 2:30 | | | | weeks(1) 11:2 | | | |
| supplement(1) 7:4 | | | | well(6) 11:18 11:23 18:18 19:18 22:15 27:15 | | | |
| supplemented(1) 13:19 | | | | went(1) 14:6 | | | |
| support(1) 16:12 | | | | were(8) 4:18 6:13 8:2 13:4 14:17 15:18 16:20 16:23 | | | |
| sure(5) 6:14 23:48 27:11 28:4 | | | | weren't(1) 9:9 | | | |
| surprised(1) 23:11 | | | | | | | |
| susan(1) 2:44 | | | | | | | |
| swear(1) 16:3 | | | | | | | |
| take(10) 4:21 10:22 14:2 14:3 15:14 16:6 24:11 24:21 26:1 28:5 | | | | | | | |
| taken(1) 19:20 | | | | | | | |
| taking(1) 17:19 | | | | | | | |
| talk(5) 3:6 3:24 8:9 10:5 23:14 | | | | | | | |
| talked(1) 18:2 | | | | | | | |