# Exhibit R

```
                IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF DELAWARE


IN RE:                          )    Case No.  09-10138(KG)
                                )    (Jointly Administered)
                                )
NORTEL NETWORKS, INC.,          )    Chapter 11
        ET AL,                  )
                                )    Courtroom 3
                                )    824 Market Street
        Debtors.                )    Wilmington, Delaware
                                )
                                )    February 9, 2017
                                )    3:58 p.m.


                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JUDGE KEVIN GROSS
                  UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For Debtors:          Morris Nichols Arsht & Tunnell, LLP
                      BY:  DEREK ABBOTT, ESQ.
                      1201 North Market St., 18th Floor
                      Wilmington, DE  19899-1347
                      302-351-9200



ECRO:                 GINGER MACE

Transcription Service:   DIAZ TRANSCRIPTION SERVICES
                         331 Schuylkill Street
                         Harrisburg, Pennsylvania 17110
                         (717) 233-6664
                         www.diaztrans.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
APPEARANCES:
(Continued)

For Official Committee
Of Unsecured Creditors:   Akin Gump Strauss Hauer & Feld, LLP
                          BY: DAVID BOTTER, ESQ.
                          One Bryant Park
                          Bank of America Tower
                          New York, NY  10036-6745
                          212-872-1000

                          Whiteford Taylor Preston
                          BY: CHRISTOPHER M. SAMIS, ESQ.
                          The Renaissance Centre, Ste. 500
                          405 N. King Street
                          Wilmington, DE  19801-3700
                          302-357-3266

For Law Debenture,
Trustee:                  Morris James LLP
                          BY:  STEPHEN MILLER, ESQ.
                          BY:  ERIC MONZO, ESQ.
                          500 Delaware Avenue, Suite 1500
                          Wilmington, DE 19801
                          302-888-6853

For Solus Alternative
Asset Management:         Pinckney Weidinger Urban & Joyce
                          BY:  JOANNE PINCKNEY
                          3711 Kennett Pike
                          Kennett Pike, DE 19807
                          302-504-1498



TELEPHONIC APPEARANCES:

For Law Debenture,
Trustee:                  Patterson Belknap Webb & Tyler
                          BY:  JAMES MASELLA, ESQ.
                          BY:  DANIEL A. LOWENTHAL, ESQ.
                          BY:  BRIAN GUINEY, ESQ.
                          (212) 336-2720

For Solus Alternative
Asset Management:         Quinn Emanuel Urquhart & Sullivan
                          BY: JAMES TECCE, ESQ.
                          212-849-7000
```

```
TELEPHONIC APPEARANCES:
(Continued)

For Interested Party:    Reorg Research
                         BY:   JASON B. SANJANA, ESQ.
                         212-588-8890
```

1

1  WILMINGTON, DELAWARE, THURSDAY, FEBRUARY 9, 2017, 3:58 P.M.

2  THE COURT: Counsel, good afternoon. Judge Gross
3  is on the telephone now, and I have had an opportunity to
4  read the letters that were submitted to me by Mr. Tecce and
5  Mr. Masella, both dated February 9, and I'm prepared to hear
6  from you, but not -- but you don't need to be repetitive.

7  MR. TECCE: Thank you, Judge. If I may begin,
8  Your Honor, this is James Tecce of Quinn Emanuel, on behalf
9  of the Noteholders, Solus Alternative Asset Management, and
10 PointState.

11  Your Honor, you received two letters. I had hoped
12 in my presentation if I could just stay within the confines
13 of the structure of our letter?

14  THE COURT: Sure.

15  MR. TECCE: I believe that -- we aim to really
16 focus on document production first, and depositions second.
17 I think that the status of document production issues is
18 that they are largely resolved. I think that there's
19 agreement on custodians and search terms, and, I think, the
20 only open issue on document production is whether the day
21 notes will be de-designated as confidential. On that point,
22 Your Honor, I think we'll -- I'm confident we'll reach
23 agreement. I don't believe the Trustee will maintain the
24 confidentiality of the day note.

25  The open issue is on depositions, and speaking to,

1  first, the right to depose Declarants and witnesses in
2  advance of the hearing.  I think that is the nub of the
3  dispute.  The Note Holders would like the opportunity, to
4  the extent that someone is identified as a Declarant or a
5  witness, to take that person's deposition.  We've cited
6  cases.  We believe that's the law.  And what we're trying to
7  protect against is a submission from the Trustee which has a
8  lot of declarations which may be self-promoting, and then
9  those declarants will simply be offered onto the stand to be
10 cross-examined on a cold record, effectively undercutting
11 the ability to test the veracity of the declaration.
12         So, to the extent that any party submits a
13 declaration or is identified as a witness, we submit that
14 they should be made available for deposition, because that's
15 the law and we believe it should be followed.
16         THE COURT:  Let me ask you this, Mr. Tecce, just
17 out of curiosity.  If you took the deposition of a
18 Declarant, or an Affiant, I should say, would you want to
19 cross-examine that person as well?
20         MR. TECCE:  Yes, I would, and I would -- the only
21 way to effectively cross-examine them, I believe, Your
22 Honor, is to have an opportunity to depose them first, and
23 if someone submits a Declaration and the person is then
24 deposed, the Declaration is then moved into evidence, and in
25 the actual trial, you have nothing but the deposition

1  transcript, so you have the opportunity to cross--examine
2  the witness in court during the hearing to create the
3  evidentiary record of what your -- you know, the scope of
4  your cross-examination is.
5         THE COURT: All right. Now, do you see the
6  affidavits being the direct testimony?
7         MR. TECCE: We could proceed that way if it's
8  convenient to the Court, Your Honor. That's fine. It would
9  cut out on the direct, and then you could cross if you
10 wanted, yes.
11        THE COURT: Okay. All right. Well, I do
12 understand your position, and is there anything you wanted
13 to add, Mr. Tecce?
14        MR. TECCE: Sure. I just -- on Mr. Shapiro, Your
15 Honor, there's two things I want to add. The first relates
16 to Mr. Shapiro. Mr. Shapiro -- the Trustee has indicated
17 that it wants to depose Mr. Shapiro, and I believe their
18 letter referred to the word, to assess his inaction, but
19 even if there was such inaction, Your Honor, Judge Walrath
20 has addressed this issue in the Gold Buy Direct case, and
21 she specifically determined that knowledge of things like
22 participation on a creditors committee is not a waiver of
23 the right to challenge the reasonableness of fees in
24 connection with their participation. Mr. Shapiro is a
25 principle at PointState, and he acquired -- PointState

1  acquired these notes in February of 2016, and, as of that
2  time, the Trustee had already incurred more than 90 percent
3  of the $8 million that it seeks to charge in this case, and
4  so, discovery of him and what information he may have, goes
5  beyond proving fees for activities that took place years
6  prior, and whether those fees were reasonable.  So we submit
7  that there's no reason to depose him.
8         The last observation I wanted to make, Your Honor,
9  is with respect to the Trustee's letter, and there's an
10 email attached to that letter, and there are descriptions of
11 conversations in that letter, and those conversations were
12 undertaken in the context of trying to find ways to reduce
13 the costs associated with this exercise.  The parties
14 haven't reached agreement on how to do that, and so there's
15 a depiction of a back and forth in there about those
16 discussions.
17         I don't agree with the characterization of the
18 discussion in the letter, Your Honor, and I can expand on
19 that if you want, and I can provide more context, but I'm
20 reluctant to do that, Your Honor, because I'm mindful of the
21 Court's admonition last week, which is that attorneys are
22 not witnesses in this matter, and this is not going to be a
23 "he said, she said" about who said what to whom, and it's
24 not a Note Holder's strategy to make lawyers witnesses.  The
25 Note Holders have always focused on the Trustees.  That's

1  their fiduciary and that's --
2                    [Operator speaking]
3       THE COURT:  I'm sorry, Mr. Tecce.  Are you still
4  there?
5       MR. TECCE:  I am.
6                    [Operator speaking]
7       MR. TECCE:  Okay, well, someone's about to --
8       THE COURT:  Mr. Tecce?
9       MR. TECCE:  -- substance of those conversations.
10      THE COURT:  Well, you know, I don't really -- I
11 didn't really review the emails.  As far as I am concerned,
12 emails are communications between lawyers, and I don't
13 really pay a lot of attention to them.
14      MR. TECCE:  Okay.  Well, then I'm content to leave
15 it at that, Your Honor.  Unless you have any more questions
16 about our arguments on making Declarants and witnesses
17 available for deposition before the hearing, or whether Mr.
18 Shapiro should be made subject to a deposition, I don't have
19 any further remarks.
20      THE COURT:  All right.  And let me just add one
21 thing with emails.  They may be substantive at the hearing,
22 you know, what directions the Delaware Trust received, and
23 the like, but as far as communications relating to this
24 issue is really what I was talking about.
25      MR. TECCE:  I understand that, Your Honor.  I

1  understood that distinction, and I appreciate the
2  clarification.
3              THE COURT: All right. Well, let me hear from Mr.
4  Masella. I don't see Mr. Masella on the phone. Oh, there
5  you are. Mr. Masella?
6              MR. MASELLA: Can you hear me, Judge?
7              THE COURT: Now I can. You know, we're using --
8              MR. MASELLA: Oh, okay.
9              THE COURT: We're using this new phone system, and
10 we're not expert with it, so I do hear you.
11             MR. MASELLA: No problem at all, Your Honor.
12             So, this is James Masella from Patterson Belknap.
13 Also on the line is Dan Lowenthal, my colleague.
14             THE COURT: Yes.
15             MR. MASELLA: Let me start with a proposition,
16 which is -- which should be very straightforward. We are in
17 no way, shape, or form resisting having deponents, and we
18 are also not after Your Honor to modify your January 26,
19 2017, Order in any way, shape, or form, which provides for
20 deposition and the document exchange in the schedule. We
21 have no quarrel with that at all and don't believe that any
22 modification is necessary or appropriate. We already lost
23 that battle before Your Honor, and we can live with the
24 results, and we intend to live with the results. What
25 happened over the course of the last week with regard to

1   deposition planning was that the Fee Objectors proposed a
2   course which we had hoped would reduce expenses, and it was
3   our -- it's always been our attempt to reduce expenses as
4   much as we can.  That discussion ultimately proved
5   fruitless, so we will live by your January 26th Order and
6   seek no modification to it.
7            Now, with regard to the notion of taking
8   depositions of Declarants or witnesses, we're fine with
9   that, Your Honor, but honestly, we don't yet know who our
10  Declarants or witnesses will be.  We have a list of ten
11  people, all of whom or some of whom may testify.  Many of
12  those people are no longer employed by our client.  Certain
13  of them have retired, certain of them have gone to the four
14  corners of the Earth.  We're trying to track them down but,
15  frankly, Your Honor, we've been buried trying to get through
16  the documents over the last week, so we've not had time to
17  focus on that.  We will start focusing on that tomorrow
18  morning, as soon as we get our documents produced to the
19  other side.
20           With regard to Mark Shapiro, they've made
21  extremely serious allegations here against the Indenture
22  Trustee.  This is not a dollars-and-cents issue purely.
23  This is also an issue of reputation, and what the other side
24  has claimed is that the Indenture Trustee did not
25  appropriately supervise his professionals, including his law

1  firms.  We believe, based on everything we've seen -- the
2  documents we've seen, the testimony, the interviews we've
3  conducted -- we believe that to be wholly false in every
4  respect and we intend to prove that to Your Honor, and --
5  but Mark Shapiro is part of that, because Mark Shapiro was
6  deep in the due diligence process when he purchased the
7  notes back in February 2016, and we understand that he's
8  aware of communications that took place involving McQueries
9  and Steve Blauner and others, where apparently he learned
10 that Blauner and McQueries were leaning very heavily on the
11 Indentured Trustee to carry the water here.  So we think
12 that Mr. Shapiro's deposition is not only relevant, we think
13 it's critical.  We think it's critical.
14         So, Your Honor, in light of the serious
15 allegations that have been made here -- and again, we would
16 like to do whatever we can do to minimize expense.  But in
17 light of the serious allegations that have been made here,
18 we intend to defend these allegations, these spurious
19 allegations, vigorously, and we intend to present a case to
20 Your Honor, and we can absolutely live with Your Honor's
21 January 26, 2017, Order.  Thank you very much.
22         THE COURT:  All right.  I thank you, Mr. Masella.
23         Anyone else wish to be heard?
24         Well, let me start this way.  First of all, I do
25 think that Mr. Shapiro should be deposed.  He is one of the

1  Objectors to the fees, and I think that it's only fair that
2  he be deposed, as well as Mr. Blauner.  That should take
3  place.
4          Secondly, the parties should file affidavits, and
5  I do mean affidavits, not declarations.  I want affidavits
6  in this case.  They should file their affidavits by February
7  22nd at 5:00, and then the opposing party will have an
8  opportunity, if it wishes, to take the deposition of the
9  Affiant the following week, and then I'll hear you on the
10 28th, and we will proceed with the affidavits as direct
11 testimony.  Then there can be cross-examination, and then,
12 of course, there can be rebuttal.  But the affidavits will
13 be the direct, as well as the exhibits attached to the
14 affidavits, those will also be part of the record, and we'll
15 proceed on that score.  But I do believe that it is highly
16 appropriate that Mr. Shapiro be deposed.
17          Is there anything else that --
18          MR. TECCE:  No, Your Honor, just one quick
19 question.  So the affidavits will be filed, so that is, in
20 essence, the witness list, correct?
21          THE COURT:  That's right.
22          MR. TECCE:  Okay.
23          THE COURT:  Is there a problem with filing the
24 affidavits by the 22nd?
25          MR. TECCE:  Not on our end.

1          MR. MASELLA:  Not for us, Your Honor.

2          THE COURT:  All right.  I think that should take

3  place, and that way the parties, when they're taking

4  depositions, know the position taken by the other party.

5          MR. TECCE:  Okay.

6          MR. MASELLA:  Thank you, Your Honor.

7          MR. TECCE:  Thank you, Your Honor.

8          THE COURT:  All right.  And with that, we'll end

9  the call, and I'll say goodbye to all of you.

10          MR. TECCE:  Thank you very much.

11          MR. MASELLA:  Thank you very much, Judge Gross.

12          THE COURT:  Good day, everyone.

13           (Whereupon at 4:12 p.m., the hearing was

14  adjourned.)

15                         CERTIFICATION

16          I certify that the foregoing is a correct

17  transcript from the electronic sound recording of the

18  proceedings in the above-entitled matter.

19

20   Florence Blantz
21   _____         February 9, 2017
22   Florence E. Blantz, Transcriber           Date
23   Diaz Transcription Services

| Word | Page:Line |
|---|---|
| **abbott**(1) | 1:26 |
| **ability**(1) | 5:11 |
| **about**(5) | 7:15 7:23 8:7 8:16 8:24 |
| **above-entitled**(1) | 13:18 |
| **absolutely**(1) | 11:20 |
| **acquired**(2) | 6:25 7:1 |
| **activities**(1) | 7:5 |
| **actual**(1) | 5:25 |
| **add**(3) | 6:13 6:15 8:20 |
| **addressed**(1) | 6:20 |
| **adjourned**(1) | 13:14 |
| **administered**(1) | 1:6 |
| **admonition**(1) | 7:21 |
| **advance**(1) | 5:2 |
| **affiant**(2) | 5:18 12:9 |
| **affidavits**(10) | 6:6 12:4 12:5 12:6 12:10 12:12 12:14 12:19 12:24 |
| **after**(1) | 9:18 |
| **afternoon**(1) | 4:2 |
| **again**(1) | 11:15 |
| **against**(2) | 5:7 10:21 |
| **agree**(1) | 7:17 |
| **agreement**(3) | 4:19 4:23 7:14 |
| **aim**(1) | 4:15 |
| **akin**(1) | 2:5 |
| **all**(12) | 6:5 6:11 8:20 9:3 9:11 9:21 10:11 11:22 11:24 13:2 13:8 13:9 |
| **allegations**(5) | 10:21 11:15 11:17 11:18 11:19 |
| **already**(2) | 7:2 9:22 |
| **also**(4) | 9:13 9:18 10:23 12:14 |
| **alternative**(3) | 2:26 2:43 4:9 |
| **always**(2) | 7:25 10:3 |
| **america**(1) | 2:8 |
| **and**(68) | 4:3 4:4 4:5 4:9 4:16 4:19 4:19 4:25 5:1 5:6 5:8 5:15 5:20 5:22 5:23 5:24 6:9 6:12 6:17 6:20 6:25 7:1 7:3 7:4 7:6 7:9 7:10 7:11 7:14 7:15 7:18 7:19 7:22 7:23 8:1 8:12 8:16 8:20 8:22 9:1 9:9 9:17 9:20 9:21 9:23 9:24 10:2 10:5 10:23 11:4 11:4 11:7 11:9 11:9 11:10 11:15 11:19 11:20 12:1 12:4 12:7 12:9 12:10 12:11 12:14 13:3 13:8 13:9 |
| **any**(5) | 5:12 8:15 8:19 9:19 9:21 |
| **anyone**(1) | 11:23 |
| **anything**(2) | 6:12 12:17 |
| **apparently**(1) | 11:9 |
| **appearances**(2) | 2:34 3:1 |
| **appreciate**(1) | 9:1 |
| **appropriate**(2) | 9:22 12:16 |
| **appropriately**(1) | 10:25 |
| **are**(9) | 4:18 7:10 7:21 8:3 8:12 9:5 9:16 9:18 10:12 |
| **arguments**(1) | 8:16 |
| **arsht**(1) | 1:25 |
| **ask**(1) | 5:16 |
| **assess**(1) | 6:18 |
| **asset**(3) | 2:27 2:44 4:9 |
| **associated**(1) | 7:13 |
| **attached**(2) | 7:10 12:13 |
| **attempt**(1) | 10:3 |
| **attention**(1) | 8:13 |
| **attorneys**(1) | 7:21 |
| **available**(2) | 5:14 8:17 |
| **avenue**(1) | 2:23 |
| **aware**(1) | 11:8 |
| **back**(2) | 7:15 11:7 |
| **bank**(1) | 2:8 |
| **bankruptcy**(2) | 1:1 1:20 |
| **based**(1) | 11:1 |
| **battle**(1) | 9:23 |
| **because**(3) | 5:14 7:20 11:5 |
| **been**(4) | 10:3 10:15 11:15 11:17 |
| **before**(3) | 1:19 8:17 9:23 |
| **begin**(1) | 4:7 |
| **behalf**(1) | 4:8 |
| **being**(1) | 6:6 |
| **believe**(10) | 4:15 4:23 5:6 5:15 5:21 6:17 9:21 11:1 11:3 12:15 |
| **belknap**(2) | 2:37 9:12 |
| **between**(1) | 8:12 |
| **beyond**(1) | 7:5 |
| **blantz**(1) | 13:22 |
| **blauner**(3) | 11:9 11:10 12:2 |
| **both**(1) | 4:5 |
| **botter**(1) | 2:6 |
| **brian**(1) | 2:40 |
| **bryant**(1) | 2:7 |
| **buried**(1) | 10:15 |
| **but**(12) | 4:6 4:6 5:25 6:18 7:19 8:23 10:9 10:14 11:5 11:16 12:12 12:15 |
| **buy**(1) | 6:20 |
| **call**(1) | 13:9 |
| **can**(10) | 7:18 7:19 9:6 9:7 9:23 10:4 11:16 11:20 12:11 12:12 |
| **carry**(1) | 11:11 |
| **case**(5) | 1:5 6:20 7:3 11:19 12:6 |
| **cases**(1) | 5:6 |
| **centre**(1) | 2:14 |
| **certain**(2) | 10:12 10:13 |
| **certification**(2) | 13:15 |
| **certify**(1) | 13:16 |
| **challenge**(1) | 6:23 |
| **chapter**(1) | 1:8 |
| **characterization**(1) | 7:17 |
| **charge**(1) | 7:3 |
| **christopher**(1) | 2:13 |
| **cited**(1) | 5:5 |
| **claimed**(1) | 10:24 |
| **clarification**(1) | 9:2 |
| **client**(1) | 10:12 |
| **cold**(1) | 5:10 |
| **colleague**(1) | 9:13 |
| **committee**(2) | 2:4 6:22 |
| **communications**(3) | 8:12 8:23 11:8 |
| **concerned**(1) | 8:11 |
| **conducted**(1) | 11:3 |
| **confident**(1) | 4:22 |
| **confidential**(1) | 4:21 |
| **confidentiality**(1) | 4:24 |
| **confines**(1) | 4:12 |
| **connection**(1) | 6:24 |
| **content**(1) | 8:14 |
| **context**(2) | 7:12 7:19 |
| **continued**(2) | 2:2 3:2 |
| **convenient**(1) | 6:8 |
| **conversations**(3) | 7:11 7:11 8:9 |
| **corners**(1) | 10:14 |
| **correct**(2) | 12:20 13:16 |
| **costs**(1) | 7:13 |
| **could**(3) | 4:12 6:7 6:9 |
| **counsel**(1) | 4:2 |
| **course**(3) | 9:25 10:2 12:12 |
| **court**(22) | 1:1 4:2 4:14 5:16 6:2 6:5 6:8 6:11 8:3 8:8 8:10 8:20 9:3 9:7 9:9 9:14 11:22 12:21 12:23 13:2 13:8 13:12 |
| **court's**(1) | 7:21 |
| **courtroom**(1) | 1:10 |
| **create**(1) | 6:2 |
| **creditors**(2) | 2:5 6:22 |
| **critical**(2) | 11:13 11:13 |
| **cross**(1) | 6:9 |
| **cross--examine**(1) | 6:1 |
| **cross-examination**(2) | 6:4 12:11 |
| **cross-examine**(2) | 5:19 5:21 |
| **cross-examined**(1) | 5:10 |
| **curiosity**(1) | 5:17 |
| **custodians**(1) | 4:19 |
| **cut**(1) | 6:9 |
| **dan**(1) | 9:13 |
| **daniel**(1) | 2:39 |
| **date**(1) | 13:22 |
| **dated**(1) | 4:5 |
| **david**(1) | 2:6 |
| **day**(3) | 4:20 4:24 13:12 |
| **de-designated**(1) | 4:21 |
| **debenture**(2) | 2:19 2:36 |
| **debtors**(2) | 1:12 1:25 |
| **declarant**(2) | 5:4 5:18 |
| **declarants**(5) | 5:1 5:9 8:16 10:8 10:10 |
| **declaration**(4) | 5:11 5:13 5:23 5:24 |
| **declarations**(2) | 5:8 12:5 |
| **deep**(1) | 11:6 |
| **defend**(1) | 11:18 |
| **delaware**(5) | 1:2 1:12 2:23 4:1 8:22 |
| **depiction**(1) | 7:15 |
| **deponents**(1) | 9:17 |
| **depose**(4) | 5:1 5:22 6:17 7:7 |
| **deposed**(4) | 5:24 11:25 12:2 12:16 |
| **deposition**(10) | 5:5 5:14 5:17 5:25 8:17 8:18 9:20 10:1 11:12 12:8 |
| **depositions**(4) | 4:16 4:25 10:8 13:4 |
| **derek**(1) | 1:26 |
| **descriptions**(1) | 7:10 |
| **determined**(1) | 6:21 |
| **diaz**(1) | 1:34 |
| **did**(1) | 10:24 |
| **didn't**(1) | 8:11 |
| **diligence**(1) | 11:6 |
| **direct**(5) | 6:6 6:9 6:20 12:10 12:13 |
| **directions**(1) | 8:22 |
| **discovery**(1) | 7:4 |
| **discussion**(2) | 7:18 10:4 |
| **discussions**(1) | 7:16 |
| **dispute**(1) | 5:3 |
| **distinction**(1) | 9:1 |
| **district**(1) | 1:2 |
| **document**(4) | 4:16 4:17 4:20 9:20 |
| **documents**(3) | 10:16 10:18 11:2 |
| **dollars-and-cents**(1) | 10:22 |
| **don't**(9) | 4:6 4:23 7:17 8:10 8:12 8:18 9:4 9:21 10:9 |
| **down**(1) | 10:14 |
| **due**(1) | 11:6 |
| **during**(1) | 6:2 |
| **earth**(1) | 10:14 |
| **ecro**(1) | 1:32 |
| **effectively**(2) | 5:10 5:21 |
| **electronic**(2) | 1:40 13:17 |
| **else**(2) | 11:23 12:17 |
| **email**(1) | 7:10 |
| **emails**(3) | 8:11 8:12 8:21 |
| **emanuel**(2) | 2:44 4:8 |
| **employed**(1) | 10:12 |
| **end**(2) | 12:25 13:8 |
| **eric**(1) | 2:22 |
| **esq**(10) | 1:26 2:6 2:13 2:21 2:22 2:38 2:39 2:40 2:45 3:5 |
| **essence**(1) | 12:20 |
| **even**(1) | 6:19 |
| **every**(1) | 11:3 |
| **everyone**(1) | 13:12 |
| **everything**(1) | 11:1 |
| **evidence**(1) | 5:24 |
| **evidentiary**(1) | 6:3 |
| **exchange**(1) | 9:20 |
| **exercise**(1) | 7:13 |
| **exhibits**(1) | 12:13 |
| **expand**(1) | 7:18 |
| **expense**(1) | 11:16 |
| **expenses**(2) | 10:2 10:3 |
| **expert**(1) | 9:10 |
| **extent**(2) | 5:4 5:12 |
| **extremely**(1) | 10:21 |
| **fair**(1) | 12:1 |
| **false**(1) | 11:3 |
| **far**(2) | 8:11 8:23 |
| **february**(7) | 1:14 4:1 4:5 7:1 11:7 12:6 13:21 |
| **fee**(1) | 10:1 |
| **fees**(4) | 6:23 7:5 7:6 12:1 |
| **feld**(1) | 2:5 |
| **fiduciary**(1) | 8:1 |
| **file**(2) | 12:4 12:6 |
| **filed**(1) | 12:19 |
| **filing**(1) | 12:23 |
| **find**(1) | 7:12 |
| **fine**(2) | 6:8 10:8 |
| **firms**(1) | 11:1 |
| **first**(5) | 4:16 5:1 5:22 6:15 11:24 |
| **floor**(1) | 1:27 |
| **florence**(1) | 13:22 |
| **focus**(2) | 4:16 10:17 |
| **focused**(1) | 7:25 |
| **focusing**(1) | 10:17 |
| **followed**(1) | 5:15 |
| **following**(1) | 12:9 |
| **for**(13) | 1:2 1:25 2:4 2:19 2:26 2:36 2:43 3:4 5:14 7:5 8:17 9:19 13:1 |
| **foregoing**(1) | 13:16 |
| **form**(2) | 9:17 9:19 |
| **forth**(1) | 7:15 |
| **four**(1) | 10:13 |
| **frankly**(1) | 10:15 |
| **from**(5) | 4:6 5:7 9:3 9:12 13:17 |
| **fruitless**(1) | 10:5 |
| **further**(1) | 8:19 |
| **get**(2) | 10:15 10:18 |
| **ginger**(1) | 1:32 |
| **goes**(1) | 7:4 |
| **going**(1) | 7:22 |
| **gold**(1) | 6:20 |
| **gone**(1) | 10:13 |
| **good**(2) | 4:2 13:12 |
| **goodbye**(1) | 13:9 |
| **gross**(3) | 1:19 4:2 13:11 |
| **guiney**(1) | 2:40 |
| **gump**(1) | 2:5 |
| **had**(5) | 4:3 4:11 7:2 10:2 10:16 |
| **happened**(1) | 9:25 |
| **harrisburg**(1) | 1:36 |
| **has**(4) | 5:7 6:16 6:20 10:24 |
| **hauer**(1) | 2:5 |
| **have**(15) | 4:3 5:22 5:25 6:1 7:4 7:25 8:15 8:18 9:21 10:10 10:13 10:13 11:15 11:17 12:7 |
| **haven't**(1) | 7:14 |
| **having**(1) | 9:17 |
| **he's**(1) | 11:7 |
| **hear**(5) | 4:5 9:3 9:6 9:10 12:9 |
| **heard**(1) | 11:23 |
| **hearing**(5) | 5:2 6:2 8:17 8:21 13:13 |
| **heavily**(1) | 11:10 |
| **here**(4) | 10:21 11:11 11:15 11:17 |
| **highly**(1) | 12:15 |
| **him**(2) | 7:4 7:7 |
| **his**(3) | 6:18 10:25 10:25 |
| **holder's**(1) | 7:24 |
| **holders**(2) | 5:3 7:25 |
| **honestly**(1) | 10:9 |
| **honor**(24) | 4:8 4:11 4:22 5:22 6:8 6:15 6:19 7:8 7:18 7:20 8:15 8:25 9:11 9:18 9:23 10:9 10:15 11:4 11:14 11:20 12:18 13:1 13:6 13:7 |
| **honor's**(1) | 11:20 |
| **honorable**(1) | 1:19 |
| **hoped**(2) | 4:11 10:2 |
| **how**(1) | 7:14 |
| **i'll**(2) | 12:9 13:9 |
| **i'm**(6) | 4:5 4:22 7:19 7:20 8:3 8:14 |
| **identified**(2) | 5:4 5:13 |
| **inaction**(2) | 6:18 6:19 |
| **inc**(1) | 1:8 |
| **including**(1) | 10:25 |
| **incurred**(1) | 7:2 |
| **indenture**(2) | 10:21 10:24 |
| **indentured**(1) | 11:11 |
| **indicated**(1) | 6:16 |
| **information**(1) | 7:4 |
| **intend**(4) | 9:24 11:4 11:18 11:19 |
| **interested**(1) | 3:4 |
| **interviews**(1) | 11:2 |
| **into**(1) | 5:24 |
| **involving**(1) | 11:8 |
| **issue**(6) | 4:20 4:25 6:20 8:24 10:22 10:23 |
| **issues**(1) | 4:17 |
| **it's**(6) | 6:7 7:23 10:3 11:13 11:13 12:1 |
| **james**(5) | 2:20 2:38 2:45 4:8 9:12 |
| **january**(3) | 9:18 10:5 11:21 |
| **jason**(1) | 3:5 |
| **joanne**(1) | 2:28 |
| **jointly**(1) | 1:6 |
| **joyce**(1) | 2:27 |
| **judge**(7) | 1:19 1:20 4:2 4:7 6:19 9:6 13:11 |
| **just**(5) | 4:12 5:16 6:14 8:20 12:18 |
| **kennett**(2) | 2:29 2:30 |
| **kevin**(1) | 1:19 |
| **king**(1) | 2:15 |
| **know**(6) | 6:3 8:10 8:22 9:7 10:9 13:4 |
| **knowledge**(1) | 6:21 |
| **largely**(1) | 4:18 |
| **last**(4) | 7:8 7:21 9:25 10:16 |
| **law**(5) | 2:19 2:36 5:6 5:15 10:25 |
| **lawyers**(2) | 7:24 8:12 |
| **leaning**(1) | 11:10 |
| **learned**(1) | 11:9 |
| **leave**(1) | 8:14 |
| **let**(5) | 5:16 8:20 9:3 9:15 11:24 |
| **letter**(6) | 4:13 6:18 7:9 7:10 7:11 7:18 |
| **letters**(2) | 4:4 4:11 |
| **light**(2) | 11:14 11:17 |
| **like**(4) | 5:3 6:21 8:23 11:16 |
| **line**(1) | 9:13 |
| **list**(2) | 10:10 12:20 |
| **live**(4) | 9:23 9:24 10:5 11:20 |
| **llp**(3) | 1:25 2:5 2:20 |
| **longer**(1) | 10:12 |
| **lost**(1) | 9:22 |
| **lot**(2) | 5:8 8:13 |
| **lowenthal**(2) | 2:39 9:13 |
| **mace**(1) | 1:32 |
| **made**(5) | 5:14 8:18 10:20 11:15 11:17 |
| **maintain**(1) | 4:23 |
| **make**(2) | 7:8 7:24 |
| **making**(1) | 8:16 |
| **management**(3) | 2:27 2:44 4:9 |
| **many**(1) | 10:11 |
| **mark**(3) | 10:20 11:5 11:5 |
| **market**(2) | 1:11 1:27 |
| **masella**(14) | 2:38 4:5 9:4 9:4 9:5 9:6 9:8 9:11 9:12 9:15 11:22 13:1 13:6 13:11 |
| **matter**(2) | 7:22 13:18 |
| **may**(5) | 4:7 5:8 7:4 8:21 10:11 |
| **mcqueries**(2) | 11:8 11:10 |
| **mean**(1) | 12:5 |
| **miller**(1) | 2:21 |
| **million**(1) | 7:3 |
| **mindful**(1) | 7:20 |
| **minimize**(1) | 11:16 |
| **modification**(2) | 9:22 10:6 |
| **modify**(1) | 9:18 |
| **monzo**(1) | 2:22 |
| **more**(3) | 7:2 7:19 8:15 |
| **morning**(1) | 10:18 |
| **morris**(2) | 1:25 2:20 |
| **moved**(1) | 5:24 |
| **much**(4) | 10:4 11:21 13:10 13:11 |
| **necessary**(1) | 9:22 |
| **need**(1) | 4:6 |
| **networks**(1) | 1:8 |
| **new**(2) | 2:9 9:9 |
| **nichols**(1) | 1:25 |
| **nortel**(1) | 1:8 |
| **north**(1) | 1:27 |
| **not**(14) | 4:6 6:22 7:22 7:22 7:24 9:10 10:16 10:22 10:24 11:12 12:5 12:25 13:1 |
| **note**(4) | 4:24 5:3 7:24 7:25 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| noteholders(1) 4:9 | | research(1) 3:4 | | that(59) 4:4 4:15 4:17 4:18 4:18 4:21 5:2 5:4 5:5 5:12 5:13 5:19 6:7 6:17 6:21 7:1 7:3 7:5 7:7 7:10 7:11 7:14 7:19 7:20 7:21 8:15 8:25 9:1 9:21 9:21 9:23 10:1 10:4 10:9 10:17 10:17 10:24 11:3 11:4 11:5 11:7 11:8 11:10 11:12 11:15 11:17 11:25 12:1 12:1 12:2 12:15 12:15 12:16 12:17 12:19 13:2 13:3 13:8 13:16 | | whereupon(1) 13:13 | |
| notes(3) 4:21 7:1 11:7 | | resisting(1) 9:17 | | | | whether(3) 4:20 7:6 8:17 | |
| nothing(1) 5:25 | | resolved(1) 4:18 | | | | which(7) 5:7 5:8 7:21 9:16 9:16 9:19 10:2 | |
| notion(1) 10:7 | | respect(2) 7:9 11:4 | | | | whiteford(1) 2:12 | |
| now(4) 4:3 6:5 9:7 10:7 | | results(2) 9:24 9:24 | | | | who(2) 7:23 10:9 | |
| nub(1) 5:2 | | retired(1) 10:13 | | | | wholly(1) 11:3 | |
| objectors(2) 10:1 12:1 | | review(1) 8:11 | | that's(6) 5:6 5:14 6:8 7:25 8:1 12:21 | | whom(3) 7:23 10:11 10:11 | |
| observation(1) 7:8 | | right(10) 5:1 6:5 6:11 6:23 8:20 9:3 11:22 12:21 13:2 13:8 | | the(144) 1:1 1:2 1:19 2:14 4:2 4:3 4:4 4:9 4:12 4:13 4:14 4:17 4:19 4:20 4:23 4:23 4:24 4:25 5:1 5:2 5:2 5:2 5:3 5:3 5:4 5:6 5:7 5:9 5:11 5:11 5:11 5:12 5:15 5:16 5:17 5:20 5:23 5:24 5:25 5:25 6:1 6:2 6:2 6:2 6:3 6:5 6:5 6:6 6:8 6:9 6:11 6:15 6:16 6:18 6:20 6:23 6:23 7:2 7:3 7:8 7:9 7:12 7:13 7:13 7:17 7:17 7:18 7:20 7:24 7:25 8:3 8:8 8:10 8:11 8:17 8:20 8:21 8:22 8:23 8:23 9:1 9:3 9:4 9:7 9:9 9:13 9:14 9:20 9:20 9:23 9:24 9:25 9:25 10:1 10:7 10:13 10:14 10:16 10:16 10:18 10:21 10:23 10:24 11:1 11:2 11:2 11:6 11:6 11:10 11:11 11:14 11:17 11:22 11:25 12:1 12:4 12:7 12:8 12:8 12:9 12:9 12:10 12:12 12:13 12:13 12:13 12:14 12:19 12:20 12:21 12:23 12:23 12:24 13:2 13:3 13:4 13:8 13:9 13:12 13:13 13:16 13:17 13:17 13:18 | | will(11) 4:21 4:23 5:9 10:5 10:10 10:17 12:7 12:10 12:12 12:14 12:19 | |
| offered(1) 5:9 | | | | | | | |
| official(1) 2:4 | | said(3) 7:23 7:23 7:23 | | | | wilmington(5) 1:12 1:28 2:16 2:24 4:1 | |
| okay(6) 6:11 8:7 8:14 9:8 12:22 13:5 | | samis(1) 2:13 | | | | wish(1) 11:23 | |
| one(4) 2:7 8:20 11:25 12:18 | | sanjana(1) 3:5 | | | | wishes(1) 12:8 | |
| only(4) 4:20 5:20 11:12 12:1 | | say(2) 5:18 13:9 | | | | with(18) 6:24 7:9 7:13 7:17 8:21 9:10 9:15 9:21 9:23 9:24 9:25 10:7 10:8 10:20 11:20 12:10 12:23 13:8 | |
| onto(1) 5:9 | | schedule(1) 9:20 | | | | | |
| open(2) 4:20 4:25 | | schuylkill(1) 1:35 | | | | | |
| operator(2) 8:2 8:6 | | scope(1) 6:3 | | | | within(1) 4:12 | |
| opportunity(5) 4:3 5:3 5:22 6:1 12:8 | | score(1) 12:15 | | | | witness(4) 5:5 5:13 6:2 12:20 | |
| opposing(1) 12:7 | | search(1) 4:19 | | | | witnesses(6) 5:1 7:22 7:24 8:16 10:8 10:10 | |
| order(3) 9:19 10:5 11:21 | | second(1) 4:16 | | | | word(1) 6:18 | |
| other(3) 10:19 10:23 13:4 | | secondly(1) 12:4 | | | | would(7) 5:3 5:18 5:20 5:20 6:8 10:2 11:15 | |
| others(1) 11:9 | | see(2) 6:5 9:4 | | | | www.diaztrans.com(1) 1:38 | |
| our(8) 4:13 8:16 10:3 10:3 10:9 10:12 10:18 12:25 | | seek(1) 10:6 | | | | years(1) 7:5 | |
| | | seeks(1) 7:3 | | their(4) 6:17 6:24 8:1 12:6 | | yes(3) 5:20 6:10 9:14 | |
| out(2) 5:17 6:9 | | seen(1) 11:1 11:2 | | them(6) 5:21 5:22 8:13 10:13 10:13 10:14 | | yet(1) 10:9 | |
| over(2) 9:25 10:16 | | self-promoting(1) 5:8 | | then(9) 5:8 5:23 5:24 6:9 8:14 12:7 12:9 12:11 12:11 | | york(1) 2:9 | |
| p.m(3) 1:15 4:1 13:13 | | serious(3) 10:21 11:14 11:17 | | there(10) 6:12 6:19 7:10 7:15 8:4 9:4 12:11 12:12 12:17 12:23 | | you(31) 4:6 4:6 4:7 4:11 5:16 5:17 5:18 5:25 6:1 6:3 6:5 6:9 6:9 6:9 6:12 7:19 8:3 8:10 8:15 8:22 9:5 9:6 9:7 9:10 11:21 11:22 12:9 13:6 13:9 13:10 13:11 | |
| park(1) 2:7 | | service(2) 1:34 1:41 | | | | | |
| part(2) 11:5 12:14 | | services(1) 1:34 | | | | | |
| participation(2) 6:22 6:24 | | shape(2) 9:17 9:19 | | | | | |
| parties(3) 7:13 12:4 13:3 | | shapiro(11) 6:14 6:16 6:16 6:17 6:24 8:18 10:20 11:5 11:5 11:25 12:16 | | there's(5) 4:18 6:15 7:7 7:9 7:14 | | | |
| party(4) 3:4 5:12 12:7 13:4 | | | | these(3) 7:1 11:18 11:18 | | your(30) 4:8 4:11 4:22 5:21 6:3 6:4 6:8 6:12 6:14 6:19 7:8 7:18 7:20 8:15 8:25 9:11 9:18 9:23 10:5 10:9 10:15 11:4 11:14 11:20 11:20 12:18 13:1 13:6 13:7 | |
| patterson(2) 2:37 9:12 | | | | they(4) 4:18 5:14 8:21 12:6 | | | |
| pay(1) 8:13 | | shapiro's(1) 11:12 | | they're(1) 13:3 | | | |
| pennsylvania(1) 1:36 | | she(2) 6:21 7:23 | | they've(1) 10:20 | | | |
| people(2) 10:11 10:12 | | should(10) 5:14 5:15 5:18 8:18 9:16 11:25 12:2 12:4 12:6 13:2 | | thing(1) 8:21 | | | |
| percent(1) 7:2 | | | | things(2) 6:15 6:21 | | | |
| person(2) 5:19 5:23 | | | | think(11) 4:17 4:18 4:19 4:22 5:2 11:11 11:12 11:13 11:25 12:1 13:2 | | | |
| person's(1) 5:5 | | side(2) 10:19 10:23 | | | | | |
| phone(2) 9:4 9:9 | | simply(1) 5:9 | | | | | |
| pike(2) 2:29 2:30 | | solus(3) 2:26 2:43 4:9 | | this(14) 4:8 5:16 6:20 7:3 7:13 7:22 7:22 8:23 9:9 9:12 10:22 10:23 11:24 12:6 | | | |
| pinckney(2) 2:27 2:28 | | some(1) 10:11 | | | | | |
| place(4) 7:5 11:8 12:3 13:3 | | someone(2) 5:4 5:23 | | | | | |
| planning(1) 10:1 | | someone's(1) 8:7 | | those(7) 5:9 7:6 7:11 7:15 8:9 10:12 12:14 | | | |
| point(1) 4:21 | | soon(1) 10:18 | | through(1) 10:15 | | | |
| pointstate(3) 4:10 6:25 6:25 | | sorry(1) 8:3 | | thursday(1) 4:1 | | | |
| position(2) 6:12 13:4 | | sound(2) 1:40 13:17 | | time(2) 7:2 10:16 | | | |
| ppearances(2) 1:23 2:1 | | speaking(3) 4:25 8:2 8:6 | | tomorrow(1) 10:17 | | | |
| prepared(1) 4:5 | | specifically(1) 6:21 | | took(3) 5:17 7:5 11:8 | | | |
| present(1) 11:19 | | spurious(1) 11:18 | | tower(1) 2:8 | | | |
| presentation(1) 4:12 | | stand(1) 5:9 | | track(1) 10:14 | | | |
| preston(1) 2:12 | | start(3) 9:15 10:17 11:24 | | transcriber(1) 13:22 | | | |
| principle(1) 6:25 | | states(2) 1:1 1:20 | | transcript(4) 1:18 1:41 6:1 13:17 | | | |
| prior(1) 7:6 | | status(1) 4:17 | | transcription(3) 1:34 1:34 1:41 | | | |
| problem(2) 9:11 12:23 | | stay(1) 4:12 | | trial(1) 5:25 | | | |
| proceed(3) 6:7 12:10 12:15 | | ste(1) 2:14 | | trust(1) 8:22 | | | |
| proceedings(3) 1:18 1:40 13:18 | | stephen(1) 2:21 | | trustee(9) 2:20 2:37 4:23 5:7 6:16 7:2 10:22 10:24 11:11 | | | |
| process(1) 11:6 | | steve(1) 11:9 | | | | | |
| produced(2) 1:41 10:18 | | still(1) 8:3 | | | | | |
| production(3) 4:16 4:17 4:20 | | straightforward(1) 9:16 | | trustee's(1) 7:9 | | | |
| professionals(1) 10:25 | | strategy(1) 7:24 | | trustees(1) 7:25 | | | |
| proposed(1) 10:1 | | strauss(1) 2:5 | | trying(4) 5:6 7:12 10:14 10:15 | | | |
| proposition(1) 9:15 | | street(3) 1:11 1:35 2:15 | | tunnell(1) 1:25 | | | |
| protect(1) 5:7 | | structure(1) 4:13 | | two(2) 4:11 6:15 | | | |
| prove(1) 11:4 | | subject(1) 8:18 | | tyler(1) 2:37 | | | |
| proved(1) 10:4 | | submission(1) 5:7 | | ultimately(1) 10:4 | | | |
| provide(1) 7:19 | | submit(2) 5:13 7:6 | | undercutting(1) 5:10 | | | |
| provides(1) 9:19 | | submits(2) 5:12 5:23 | | understand(3) 6:12 8:25 11:7 | | | |
| proving(1) 7:5 | | submitted(1) 4:4 | | understood(1) 9:1 | | | |
| purchased(1) 11:6 | | substance(1) 8:9 | | undertaken(1) 7:12 | | | |
| purely(1) 10:22 | | substantive(1) 8:21 | | united(2) 1:1 1:20 | | | |
| quarrel(1) 9:21 | | such(1) 6:19 | | unless(1) 8:15 | | | |
| question(1) 12:19 | | suite(1) 2:23 | | unsecured(1) 2:5 | | | |
| questions(1) 8:15 | | sullivan(1) 2:44 | | urban(1) 2:27 | | | |
| quick(1) 12:18 | | supervise(1) 10:25 | | urquhart(1) 2:44 | | | |
| quinn(2) 2:44 4:8 | | sure(2) 4:14 6:14 | | using(2) 9:7 9:9 | | | |
| reach(1) 4:22 | | system(1) 9:9 | | veracity(1) 5:11 | | | |
| reached(1) 7:14 | | take(4) 5:5 12:2 12:8 13:2 | | very(5) 9:16 11:10 11:21 13:10 13:11 | | | |
| read(1) 4:4 | | taken(1) 13:4 | | vigorously(1) 11:19 | | | |
| really(5) 4:15 8:10 8:11 8:13 8:24 | | taking(2) 10:7 13:3 | | waiver(1) 6:22 | | | |
| reason(1) 7:7 | | talking(1) 8:24 | | walrath(1) 6:19 | | | |
| reasonable(1) 7:6 | | taylor(1) 2:12 | | want(4) 5:18 6:15 7:19 12:5 | | | |
| reasonableness(1) 6:23 | | tecce(23) 2:45 4:4 4:7 4:8 4:15 5:16 5:20 6:7 6:13 6:14 8:3 8:5 8:7 8:8 8:9 8:14 8:25 12:18 12:22 12:25 13:5 13:7 13:10 | | wanted(3) 6:10 6:12 7:8 | | | |
| rebuttal(1) 12:12 | | | | wants(1) 6:17 | | | |
| received(2) 4:11 8:22 | | | | was(6) 6:19 8:24 10:1 10:2 11:5 13:13 | | | |
| record(3) 5:10 6:3 12:14 | | | | water(1) 11:11 | | | |
| recorded(1) 1:40 | | | | way(6) 5:21 6:7 9:17 9:19 11:24 13:3 | | | |
| recording(2) 1:40 13:17 | | telephone(1) 4:3 | | ways(1) 7:12 | | | |
| reduce(3) 7:12 10:2 10:3 | | telephonic(2) 2:34 3:1 | | we'll(4) 4:22 4:22 12:14 13:8 | | | |
| referred(1) 6:18 | | ten(1) 10:10 | | we're(6) 5:6 9:7 9:9 9:10 10:8 10:14 | | | |
| regard(3) 9:25 10:7 10:20 | | terms(1) 4:19 | | we've(6) 5:5 10:15 10:16 11:1 11:2 11:2 | | | |
| relates(1) 6:15 | | test(1) 5:11 | | webb(1) 2:37 | | | |
| relating(1) 8:23 | | testify(1) 10:11 | | week(4) 7:21 9:25 10:16 12:9 | | | |
| relevant(1) 11:12 | | testimony(3) 6:6 11:2 12:11 | | weidinger(1) 2:27 | | | |
| reluctant(1) 7:20 | | than(1) 7:2 | | well(9) 5:19 6:11 8:7 8:10 8:14 9:3 11:24 12:2 12:13 | | | |
| remarks(1) 8:19 | | thank(7) 4:7 11:21 11:22 13:6 13:7 13:10 13:11 | | | | | |
| renaissance(1) 2:14 | | | | were(4) 4:4 7:6 7:11 11:10 | | | |
| reorg(1) 3:4 | | | | what(8) 5:6 6:3 7:4 7:23 8:22 8:24 9:24 10:23 | | | |
| repetitive(1) 4:6 | | | | whatever(1) 11:16 | | | |
| reputation(1) 10:23 | | | | when(2) 11:6 13:3 | | | |
| | | | | where(1) 11:9 | | | |