# Exhibit W

Message

| | |
|---|---|
| **From**: | Daniel Holzman [danielholzman@quinnemanuel.com] |
| **Sent**: | 11/17/2016 3:19:08 PM |
| **To**: | Guiney, Brian P. (x2305) [/O=PATTERSON/OU=NYC/cn=Recipients/cn=guineyb]; Schweitzer, Lisa M. [lschweitzer@cgsh.com]; Lowenthal, Daniel A. (x2720) [/O=PATTERSON/OU=NYC/cn=Recipients/cn=lowenthd]; James Tecce [jamestecce@quinnemanuel.com] |
| **CC**: | Cantwell, Philip A. [pcantwell@cgsh.com]; Rappoport, Matthew L. [mrappoport@cgsh.com] |
| **Subject**: | RE: Nortel - proposed language for DS re NNCC bonds |

If we include that sentence, then a more complete recounting of the parties' positions would be to add after that sentence:

"The NNCC Bondholder Signatories submit this is an illusory gesture that is another installment in a pattern and practice of not documenting fees and incurring needless fees."

Rather than the parties get into their substantive arguments, we still propose deleting the first sentences.

**From:** Guiney, Brian P. (x2305) [mailto:bguiney@pbwt.com]
**Sent:** Thursday, November 17, 2016 3:08 PM
**To:** Daniel Holzman <danielholzman@quinnemanuel.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; Lowenthal, Daniel A. (x2720) <dalowenthal@pbwt.com>; James Tecce <jamestecce@quinnemanuel.com>
**Cc:** Cantwell, Philip A. <pcantwell@cgsh.com>; Rappoport, Matthew L. <mrappoport@cgsh.com>
**Subject:** RE: Nortel - proposed language for DS re NNCC bonds

You are correct that we reserved the right to redact the invoices if necessary to preserve the privilege, so we have no objection to reflecting that fact in the second sentence. How's this:

"The NNCC Bonds Indenture Trustee has agreed to provide its invoices and those if its professionals, which the NNCC Bonds Indenture Trustee has reserved the right to redact, subject to execution of an NDA by the NNCC Bondholder Signatories."

Brian P. Guiney
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

CONFIDENTIAL
IT00014584

P. (212) 336.2305
F. (212) 336.1256
E. bguiney@pbwt.com

**From:** Daniel Holzman [mailto:danielholzman@quinnemanuel.com]
**Sent:** Thursday, November 17, 2016 2:45 PM
**To:** Guiney, Brian P. (x2305); Schweitzer, Lisa M.; Lowenthal, Daniel A. (x2720); James Tecce
**Cc:** Cantwell, Philip A.; Rappoport, Matthew L.
**Subject:** RE: Nortel - proposed language for DS re NNCC bonds

The second sentence is not entirely accurate and it goes to the merits a bit. It would be more accurate to say that the NNCC Bonds Indenture Trustee insists that even though it purported to advance the noteholders interests, there is no common interest privilege and therefore its daynotes need to be redacted. The NNCC Bondholder Signatories do not agree that the proposal to redact 8 years of daynotes is the equivalent of documenting the fees. The expense of doing that may result in no information being provided.

Rather than debate substantively whether the NNCC Bonds Indenture Trustee is offering to provide the requested documentation, we propose to leave out the first two sentences.

**From:** Guiney, Brian P. (x2305) [mailto:bguiney@pbwt.com]
**Sent:** Thursday, November 17, 2016 2:24 PM
**To:** Daniel Holzman <danielholzman@quinnemanuel.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; Lowenthal, Daniel A. (x2720) <dalowenthal@pbwt.com>; James Tecce <jamestecce@quinnemanuel.com>
**Cc:** Cantwell, Philip A. <pcantwell@cgsh.com>; Rappoport, Matthew L. <mrappoport@cgsh.com>
**Subject:** RE: Nortel - proposed language for DS re NNCC bonds

We disagree. It is highly relevant that Law Debenture has agreed to make the invoices available in response to the noteholders' request.

Please note two other non-substantive edits:

- In the first sentence, the word "including" should be deleted if, as we understand to be the case, PointState and Solus are the only NNCC Bondholder Signatories.

CONFIDENTIAL
IT00014585

- In the first sentence of the second paragraph, please change "counsel" to "professionals" (this is merely a matter of consistency, since we use "professionals" elsewhere in the text).

Brian

Brian P. Guiney
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710
P. (212) 336.2305
F. (212) 336.1256
E. bguiney@pbwt.com

**From:** Daniel Holzman [mailto:danielholzman@quinnemanuel.com]
**Sent:** Thursday, November 17, 2016 1:43 PM
**To:** Schweitzer, Lisa M.; Guiney, Brian P. (x2305); Lowenthal, Daniel A. (x2720); James Tecce
**Cc:** Cantwell, Philip A.; Rappoport, Matthew L.
**Subject:** RE: Nortel - proposed language for DS re NNCC bonds

We request that the first two sentence be deleted.

Daniel Holzman

Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Direct: (212) 849-7242

Main Fax: (212) 849-7100
E-mail: danielholzman@quinnemanuel.com

**From:** Schweitzer, Lisa M. [mailto:lschweitzer@cgsh.com]
**Sent:** Thursday, November 17, 2016 11:49 AM
**To:** Guiney, Brian P. (x2305) <bguiney@pbwt.com>; Lowenthal, Daniel A. (x2720) <dalowenthal@pbwt.com>; James

Tecce <jamestecce@quinnemanuel.com>; Daniel Holzman <danielholzman@quinnemanuel.com>
**Cc:** Cantwell, Philip A. <pcantwell@cgsh.com>; Rappoport, Matthew L. <mrappoport@cgsh.com>
**Subject:** Nortel - proposed language for DS re NNCC bonds

FOR SETTLEMENT PURPOSES ONLY

SUBJECT TO RULE 408/WITHOUT PREJUDICE/PRIVILEGED AND CONFIDENTIAL

I have received proposed disclosure statement language from Quinn and PBWT regarding the NNCC trustee fees. We have attempted to harmonize the proposed drafts below, mindful that the purpose of any such language is to disclose your clients' respective positions rather than to finally determine the validity of any of these issues. Please let us know if this works for both of you. Thanks.

Lisa

Proposed addition to DS:

~~The NNCC Bondholder Signatories, including Solus Alternative Asset Management LP and PointState Capital LP, have requested that the NNCC Bonds Indenture Trustee document its fees and demonstrate their reasonableness. The NNCC Bonds Indenture Trustee has agreed to provide the requested documentation subject to execution of an NDA by the NNCC Bondholder Signatories.~~ To the extent that, prior to the Confirmation Hearing, the NNCC Bondholder Signatories dispute the reasonableness of any of the fees and expenses incurred by the NNCC Bonds Indenture Trustee for which the NNCC Bonds Indenture Trustee seeks compensation by application of a charging lien or other offset or deduction from distributions with respect to the NNCC Notes, then the NNCC Bondholder Signatories intend to request an Order from the Bankruptcy Court in connection with confirmation directing that (a) amounts equal to the disputed portion of the asserted amount of the fees and expenses of the NNCC Bonds Indenture Trustee be held back from the distributions with respect to the NNCC Notes and segregated; provided, however, the reasonable and documented fees of the Indenture Trustee, up to an amount equal to $4.25 million, shall be paid pursuant to Section 7.13 of the Plan; (b) such segregated funds shall not be released until the Bankruptcy Court has determined whether the NNCC Bonds Indenture Trustee's fees and expenses were adequately documented and reasonable; and (c) the NNCC Bonds Indenture Trustee shall not exercise a charging lien with respect to the other amounts distributed.

The NNCC Bonds Indenture Trustee asserts that the fees and expenses it has incurred in these cases, including the fees and expenses of its counsel, are reasonable and compensable by exercise of the charging lien or otherwise. The NNCC Bondholder Signatories dispute this assertion. The NNCC Bonds Indenture Trustee reserves all rights in connection with

CONFIDENTIAL

the payment of its reasonable fees and expenses, including the fees and expenses of its professionals, and will oppose entry of the Order described above unless it also protects the right of the NNCC Bonds Indenture Trustee to be paid the reasonable fees and expenses it has incurred and any additional fees and expenses it will incur after the date hereof and after the Effective Date. The NNCC Bondholder Signatories similarly reserve all rights and defenses in connection with the payment of fees to the NNCC Bonds Indenture Trustee.

Lisa M. Schweitzer

Cleary Gottlieb Steen & Hamilton LLP
Assistant: lgiambatista@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2629 | F: +1 212 225 3999
lschweitzer@cgsh.com | clearygottlieb.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to Internet email for messages of this kind.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise

CONFIDENTIAL                                                                                                          IT00014588

immediately if you or your employer do not consent to Internet email for messages of this kind.

CONFIDENTIAL

IT00014589