# Exhibit 3

From:           Ryan Cunningham
Sent:           Fri 5/04/2012 2:48 PM (GMT-04:00)
To:             james.heaney@lawdeb.com
Cc:             Ryan Cunningham; Stephen Blauner; Mina Faltas
Bcc:
Subject:        Direction Letter from majority holders of Nortel Network Capital Corporation 7.875% Notes
Attachments: Direction Letter (05-04-12).pdf


Please see attached

CONFIDENTIAL

May 4, 2012

***By Courier and Email***

James Heaney
Corporate Trust Office
Attn: Corporate Trust Department
Law Debenture Trust Company of New York
400 Madison Avenue, 4th Floor
New York, NY 10017

<u>**Direction Letter**</u>

Attention:

The institutions identified on the signature pages hereto (the "Majority Holders") collectively hold a majority in principal amount of outstanding 7.875% senior unsecured notes due June 15, 2026 (the "NNCC Notes") issued by Nortel Networks Capital Corporation ("NNCC").[1]  The NNCC Notes were issued pursuant to that certain Indenture (the "Indenture"), dated as of February 15, 1996, among NNCC's predecessor Northern Telecom Capital Corporation, as Issuer; Nortel Networks Limited's predecessor Northern Telecom Limited, as Issuer and Guarantor; and Law Debenture Trust Company of New York (the "Trustee"), as successor trustee to The Bank of New York.  The aggregate principal amount of NNCC Notes held by each Majority Holder is specified in Schedule I annexed hereto.

Section 506(a) of the Indenture authorizes Holders of at least a majority in principal amount of outstanding NNCC Notes to: (i) direct the exercise of any trust or power conferred on the Trustee with respect to the NNCC Notes, and (ii) take any other action authorized to be taken by or on behalf of the Holders of any specified aggregate principal amount of NNCC Notes under the Indenture or applicable law.

By this letter and pursuant to Section 506 of the Indenture, the Trustee is hereby directed to (i) terminate the engagement of Dewey & LeBoeuf LLP ("Dewey") as its counsel in the Chapter 11 cases of NNCC and its co-debtors pending before the United States Bankruptcy Court for the District of Delaware and in ancillary foreign proceedings, and (ii) replace Dewey with Kirkland & Ellis LLP, as counsel, and Malek Schiffrin LLP, as special counsel.  Since July 2011, Solus Alternative Asset Management LP, in its own name and at the direction of other holders of NNCC Notes, has attempted to consult and otherwise cooperate with Dewey with respect to the formulation and implementation of a legal strategy to protect the interests of the Holders.  Unfortunately, Dewey has repeatedly ignored such requests for consultation and has stubbornly refused to cooperate in any meaningful way with the Majority Holders.  At present, therefore, the Trustee effectively is proceeding in a manner that disregards the interests and

---

[1] Any capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to such term in the Indenture.

CONFIDENTIAL

preferences of holders of a majority of the NNCC Notes.  More recently, Dewey's accelerating financial crisis has created a significant risk that the Trustee will be left without counsel at a critical stage in the insolvency proceedings, with potentially dire consequences for the Holders. Under these circumstances, the Trustee must discharge its obligation to protect the interests of the Holders and replace Dewey with counsel able to do the job.

Dated:   New York, New York
         May 4, 2012

                                    Very truly yours,


                                    By: _____
                                        Stephen J. Blauner
                                        Managing Director
                                        Solus Alternative Asset Management LP



                                    By: _____
                                        Mina C. Faltas
                                        Managing Partner
                                        Nokota Capital Master Fund LP

CONFIDENTIAL

preferences of holders of a majority of the NNCC Notes.   More recently, Dewey's accelerating financial crisis has created a significant risk that the Trustee will be left without counsel at a critical stage in the insolvency proceedings, with potentially dire consequences for the Holders. Under these circumstances, the Trustee must discharge its obligation to protect the interests of the Holders and replace Dewey with counsel able to do the job.

Dated:  New York, New York
       May 4, 2012

                                         Very truly yours,

                                   By: _____

                                   Stephen J. Blauner
                                   Managing Director
                                   Solus Alternative Asset Management LP

                                   By: _____

                                   Mina C. Faltas
                                   Managing Partner
                                   Nokota Capital Master Fund LP
                                 By: *Nokota Capital GP,LLC,*
                                        *its General Partner*

CONFIDENTIAL

QE_0000592

**Schedule I**

Majority Holders

| Holder | Principal Amount of NNCC Notes |
| --- | --- |
| Sola Ltd. | $41,430,000 |
| Solus Core Opportunities Master Fund Ltd. | $14,935,000 |
| Solus Core Opportunities LP | $2,493,000 |
| Solus Recovery Fund LP | $9,530,000 |
| Nokota Capital Master Fund LP | $9,895,000 |
| **Total** | **$78,283,000** |

**CONFIDENTIAL**