# Exhibit 4

From:           James Heaney
Sent:           Wed 5/09/2012 11:37 AM (GMT-04:00)
To:             Stephen Blauner
Cc:             Ryan Cunningham; Javier Schiffrin; MFaltas@nokota.com; dalowenthal@pbwt.com;
                Guiney, Brian P. (x2305); Raspe, Herman (x2301); Kenneth Portera
Bcc:
Subject:        RE: Nortel - NNCC Notes
Attachments: Nortel.pdf

Steve,


The attached letter is in response to your email of the 7th and your letter of May 4th.




Jim


James D. Heaney
Managing Director
Law Debenture Trust Company of New York
400 Madison Avenue
New York, New York 10017
Tel: 646-747-1252
Fax: 212-750-1361

From: Stephen Blauner [mailto:sblauner@soluslp.com]
Sent: Wednesday, May 09, 2012 7:59 AM
To: dalowenthal@pbwt.com; James Heaney
Cc: Ryan Cunningham; Javier Schiffrin; MFaltas@nokota.com; Stephen Blauner
Subject: RE: Nortel - NNCC Notes


Gentlemen - I assume you are aware that this is a critical time in the process that will determine the
recovery of NNCC bondholders.  There is daily ongoing activity.  The Majority Holders have directed Law
Debenture to retain specific advisors.  I was told by Jim Heaney that the Direction Letter was somehow
deficient.  I asked for written clarification. We have had no response.

CONFIDENTIAL

I am particularly concerned about this delay given the difficulty I anticipate in retrieving the work product of Dewey & LeBoeuf LLP, as that firm continues to unravel. The Indenture Trustee's delay in following the direction of the Majority Holders continues to jeopardize our recoveries.


Steve Blauner


From: Stephen Blauner
Sent: Monday, May 07, 2012 3:44 PM
To: 'dalowenthal@pbwt.com'; James.Heaney@LAWDEB.COM
Cc: Ryan Cunningham; 'Javier Schiffrin'; 'MFaltas@nokota.com'; Stephen Blauner
Subject: Nortel - NNCC Notes


Jim and Dan - I understand that Law Debenture, following receipt of the May 4 Direction Letter, determined to replace Dewey & LeBoeuf LLP as counsel to the Trustee with Patterson Belknap for at least some purposes. Dan also advises that Law Debenture requires a number of additional items from the Majority Holders (as defined in the Direction Letter). At your earliest convenience, please let us know in writing exactly what Law Debenture requires, and please provide the form of any written document.


Finally, I found curious Jim's comment that Kirkland & Ellis is "not a Trustee firm." We would appreciate elaboration on that, given the specific direction of the Majority Holders.


Steve


Stephen J. Blauner

Managing Director

Solus Alternative Asset Management LP

410 Park Avenue

New York, NY 10022


CONFIDENTIAL                                                                                 QE_0000595

Tel 212-373-1562

Fax 212-284-4320

Cell 917-968-8874

CONFIDENTIAL

# Law Debenture

**Law Debenture Trust Company of New York**

400 Madison Avenue, 4th Floor, New York, NY 10017
Telephone: (212) 750-6474   Fax: (212) 750-1361
Email: new.york@lawdeb.com

May 9, 2012

**By Transmittal Via Email to:**
Mr. Stephen J. Blauner
Managing Director
Solus Alternative Asset Management LP
410 Park Avenue
New York, NY 10022
Email: sblauner@soluslp.com

Dear Mr. Blauner:

I am writing in response to the e-mail you sent to Daniel Lowenthal and me on May 7, 2012. Capitalized terms have the meanings given to them in the letter you sent to me on May 4, 2012.

Section 506(a) of the Indenture provides that:

"The Holders of at least a majority in principal amount of the Outstanding Debt Securities of any series may (1) direct the time, method and place of conducting any proceeding for any remedy available to the Trustee [. . .]; and (2) take any other action authorized to be taken by or on behalf of the Holders of any specified aggregate principal amount of Debt Securities under any provisions of this Indenture or under applicable law."

Section 601 of the Indenture provides, in relevant part, that "[t]he Trustee may refuse to perform any duty or exercise any right or power unless it receives indemnity reasonably satisfactory to it for actions taken under this Indenture."

Therefore, before considering whether to act on any direction within the purview of, and given by, any holder or group of holders, the Trustee would first require (a) satisfactory evidence that such holder or holders are in fact the beneficial owners of the required majority of "Outstanding Debt Securities" (*e.g.*, bank or broker statements conclusively evidencing the directing party's or parties' beneficial ownership of NNCC Notes as of the relevant date), and (b) an agreement to indemnify the Trustee pursuant to section 601 of the Indenture. But, even if the Majority Holders were to satisfy these threshold requirements, the Trustee would retain discretion to refuse to follow any direction that conflicts with law or the Indenture, or is unduly prejudicial to the rights of other holders of NNCC Notes. Indenture, § 506(b).

5309671v.2

CONFIDENTIAL

QE_0000597

Please also be advised that, pursuant to section 602 of the Indenture, the Trustee has the right to "consult with counsel of its selection and the advice of such counsel or any Opinion of Counsel shall be full and complete authorization and protection in respect of any action taken, suffered or omitted by it [under the Indenture] in good faith and in reliance thereon." The Trustee does not agree that its selection of counsel falls within the scope of matters that are subject to a direction pursuant to section 506(a) of the Indenture. The Trustee's decision to replace Dewey & LeBoeuf LLP was made independently of and not in response to your May 4, 2012 letter.

I trust this letter satisfactorily responds to the inquiries set forth in your e-mail of May 7, 2012 and the matters raised in your May 4, 2012 letter. You may contact Mr. Lowenthal or me if you wish to discuss this matter in greater detail.

Sincerely,

James D. Heaney
Managing Director
Law Debenture Trust Company of New York

cc:     All parties receiving May 7, 2012 e-mail

5309671v.2

CONFIDENTIAL