# Exhibit 10

## Lowenthal, Daniel A. (x2720)

| | |
|---|---|
| **From:** | javier.schiffrin@malekschiffrin.com |
| **Sent:** | Thursday, May 10, 2012 6:19 PM |
| **To:** | Lowenthal, Daniel A. (x2720) |
| **Subject:** | Re: Nortel -- NNCC |

Dan -what time on thursday? Re: the joint defense, what are the arguments against? We had assumed that meaningful cooperation would entail the sharing of work product at some point. A significant portion of work product is not going to include any remotely non-public information.

**From:** "Lowenthal, Daniel A. (x2720)" <dalowenthal@pbwt.com>
**Date:** Thu, 10 May 2012 22:13:36 +0000
**To:** 'Javier Schiffrin'<javier.schiffrin@malekschiffrin.com>
**Subject:** RE: Nortel -- NNCC

Not Monday.

I could meet on Thursday morning.  We can do it at my office.

I understand that Dewey's pulling together files to send us.

LawDeb won't sign a joint defense agreement.

Daniel A. Lowenthal
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036
Direct:  212-336-2720
Cell:  914-523-7585
Fax:  212-336-1253
dalowenthal@pbwt.com
www.pbwt.com

> **From:** Javier Schiffrin [mailto:javier.schiffrin@malekschiffrin.com]
> **Sent:** Thursday, May 10, 2012 2:17 PM
> **To:** Lowenthal, Daniel A. (x2720)
> **Subject:** RE: Nortel -- NNCC
>
> Dan - How about Monday?  Suggest a time.  We're a few avenues over, and could drop by.  In the short-term, I assume your team is going to be collecting Dewey work product.  We also would appreciate if you could prepare a joint defense agreement draft, to cover any documents, etc. we may decide to share going forward.  Dewey was in the process of drafting one, but the responsible attorney has disappeared.
>
> Best,
>
> Javier
>
> Javier Schiffrin | **MALEK SCHIFFRIN LLP**
> 340 Madison Avenue | New York, New York 10173 | Office: (212) 220-9388 | Fax: (212) 220-9504 | Mobile: (917) 495-1676 | javier.schiffrin@malekschiffrin.com

1

CONFIDENTIAL

Confidentiality Notice

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Tax Advice Disclaimer

Any tax advice contained in this communication (including attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1) avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**From:** Lowenthal, Daniel A. (x2720) [mailto:dalowenthal@pbwt.com]
**Sent:** Thursday, May 10, 2012 2:03 PM
**To:** 'Javier Schiffrin'
**Subject:** RE: Nortel -- NNCC

Sure.  Given our respective schedules, let's aim to meet next week.  When would you be available?

Daniel A. Lowenthal
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036
Direct:  212-336-2720
Cell:  914-523-7585
Fax:  212-336-1253
dalowenthal@pbwt.com
www.pbwt.com

**From:** Javier Schiffrin [mailto:javier.schiffrin@malekschiffrin.com]
**Sent:** Thursday, May 10, 2012 1:42 PM
**To:** Lowenthal, Daniel A. (x2720)
**Subject:** FW: Nortel -- NNCC

Dan – Let's schedule a lawyers' call (or meeting) to discuss cooperation specifics.  I am going to be out of the city through Monday morning but could speak later this afternoon or any time tomorrow.  We could also meet next week.  Let me know what works.

Best,

Javier

Javier Schiffrin | **MALEK SCHIFFRIN LLP**
340 Madison Avenue | New York, New York 10173 | Office: (212) 220-9388 | Fax: (212) 220-9504 |
Mobile: (917) 495-1676 | javier.schiffrin@malekschiffrin.com

2

Confidentiality Notice

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Tax Advice Disclaimer

Any tax advice contained in this communication (including attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1) avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**From:** James Heaney [mailto:James.Heaney@LAWDEB.COM]
**Sent:** Thursday, May 10, 2012 12:41 PM
**To:** Stephen Blauner; dalowenthal@pbwt.com
**Cc:** Javier Schiffrin; Ryan Cunningham; MFaltas@nokota.com
**Subject:** RE: Nortel -- NNCC

Steve:

I am surprised by -- and I disagree with -- your characterization of how I and my firm have acted. I am also surprised that there continues to be confusion over our selection of new counsel to replace Dewey in connection with this matter. Let me clear up any remaining confusion now: Law Debenture has retained Patterson Belknap as its counsel in connection with the Nortel bankruptcy. We decline your suggestion that Patterson Belknap serve as co-counsel with either or both of Malek Schiffrin and/or Kirkland and Ellis (or any other firm).

As we have indicated previously, we do not believe that the retention of counsel by the Trustee is subject to the direction of holders. But, to reiterate what I conveyed to you earlier this week, with respect to matters that could be the subject of a direction, the Trustee requires satisfactory evidence that the directing holders are in fact the beneficial owners of the required majority and an agreement to indemnify the Trustee pursuant to section 601 of the Indenture.

I appreciate and accept your suggestion that any further correspondence or discussion related to this issue be through Dan and Javier. In fact, I understand that they have already begun a dialogue. I have instructed Dan -- subject to confidentiality restrictions attendant to Law Debenture's membership on the Committee -- to confer and work cooperatively with Javier because I believe that doing so is in the best interests of all holders of the notes.

Regards,

Jim

James D. Heaney
Managing Director
Law Debenture Trust Company of New York
400 Madison Avenue
New York, New York 10017

3

IT00000010

Tel: 646-747-1252
Fax: 212-750-1361

**From:** Stephen Blauner [mailto:sblauner@soluslp.com]
**Sent:** Wednesday, May 09, 2012 5:37 PM
**To:** James Heaney; dalowenthal@pbwt.com
**Cc:** Javier Schiffrin; Ryan Cunningham; MFaltas@nokota.com; Stephen Blauner
**Subject:** Nortel -- NNCC

Jim and Dan – I am trying to understand whether Law Debenture would be willing to retain counsel as directed by the Majority Holders assuming it receives a "satisfactory" Direction Letter. Jim has told me in separate conversations today both (i) that under **no** circumstances would he consider the retention of another law firm (in addition to Patterson), even if directed by the Majority Holders, and (ii) that he would consider the retention of a law firm as directed by the Majority Holders (in addition to Patterson) if he received an appropriate Direction Letter. When I asked him to clarify his position on a call a few minutes ago, he hung up on me. Literally.

I am astounded at the behavior of Law Debenture. As I noted to Jim, it is very common for indenture trustees to bring on counsel in addition to their previously retained counsel when requested by Majority Holders in major cases. Two situations in which I am involved with these exact facts are AMR (retention of Dewey along with Foley & Lardner by US Bank) and Eastman Kodak (retention of Akin Gump along with Covington by Wilmington Trust). Indeed, I can fairly say that Law Debenture here is out of synch with custom and practice. More importantly, I completely fail to understand the rudeness and hostility shown to the Majority Holders by their trustee.

I am sending this in the hope that when Jim cools down, we can get an answer to the inquiry noted above. If it would be more productive, I am happy to have this flow from Dan to Javier.

Best.

Steve

Stephen J. Blauner
Managing Director
Solus Alternative Asset Management LP
410 Park Avenue
New York, NY 10022
Tel 212-373-1562
Fax 212-284-4320
Cell 917-968-8874
-----------------------------------------------------
Privileged/Confidential Information may be contained in this message.  If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone.  In such case, you
should destroy this message and kindly notify the sender by reply email.  Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.

-----------------------------------------------------

4

CONFIDENTIAL                                                        IT00000011

IRS Circular 230 disclosure:   Any tax advice contained in this communication (including
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed
in this communication.   (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)


=============================================================================

---------------------------------------------------
Privileged/Confidential Information may be contained in this message.   If you are not
the addressee indicated in this message (or responsible for delivery of the message to
such person), you may not copy or deliver this message to anyone.   In such case, you
should destroy this message and kindly notify the sender by reply email.   Please advise
immediately if you or your employer do not consent to Internet email for messages of this
kind.

---------------------------------------------------


IRS Circular 230 disclosure:   Any tax advice contained in this communication (including
any attachments or enclosures) was not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed
in this communication.   (The foregoing disclaimer has been affixed pursuant to U.S.
Treasury regulations governing tax practitioners.)


=============================================================================

5

CONFIDENTIAL                                                                                 IT00000012