# **Exhibit 24**

From: James Tecce
Sent: Tue 11/22/2016 1:44 PM (GMT-05:00)
To: Guiney, Brian P. (x2305); Lowenthal, Daniel A. (x2720)
Cc: James Tecce; Daniel Holzman
Bcc:
Subject: RE: Nortel - Law Debenture
Attachments: 8585895_1.pdf

Brian/Dan. Please see the attached. Let's speak next week.

Best,

**From:** James Tecce
**Sent:** Monday, November 21, 2016 5:13 PM
**To:** Guiney, Brian P. (x2305) <bguiney@pbwt.com>; Daniel Holzman <danielholzman@quinnemanuel.com>
**Cc:** Lowenthal, Daniel A. (x2720) <dalowenthal@pbwt.com>; James Tecce <jamestecce@quinnemanuel.com>
**Subject:** RE: Nortel - Law Debenture

Brian, we'll try to respond to this email and your client's letter from last week
before thanksgiving, but for the reasons that will be set forth more fully in that
response, the proposal is not acceptable to the Noteholders. Please do not incur the
expense of redacting as we think it's entirely unnecessary for reasons we'll explain
more fully in that response.

**From:** Guiney, Brian P. (x2305) [mailto:bguiney@pbwt.com]
**Sent:** Monday, November 21, 2016 5:05 PM
**To:** Daniel Holzman <danielholzman@quinnemanuel.com>
**Cc:** James Tecce <jamestecce@quinnemanuel.com>; Lowenthal, Daniel A. (x2720) <dalowenthal@pbwt.com>
**Subject:** Nortel - Law Debenture

Subject to FRE 408

Daniel,

CONFIDENTIAL                                                                                                          QE_0001089

I am glad we came to an agreement regarding the language for the disclosure statement, but the tone and substance of the e-mail correspondence that got us there was troubling. We can all disagree without being disagreeable. That said, we want to move forward and send you copies of invoices from Law Debenture and its professionals. Before we do that, we will review and redact the invoices to preserve the attorney-client privilege (we disagree with your suggestion that the possibility of a common interest privilege would obviate the need for this step). We are confident that redaction will not frustrate your clients' ability to review the invoices, but if they believe otherwise after doing so, we know that you will inform us. With respect to the cost, we will waive our fees for time spent redacting the invoices as a gesture of Law Debenture's good-faith approach to this process.

I hope this e-mail helps to address your concerns and offers a path forward to resolve this matter. We will do our best to get you a draft of the NDA before Thanksgiving if you can get back to us today.

Brian

Brian P. Guiney
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710
P. (212) 336.2305
F. (212) 336.1256
E. bguiney@pbwt.com

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to Internet email for messages of this kind.

CONFIDENTIAL

QE_0001090

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL: (212) 849-7000 FAX: (212) 849-7100

November 22, 2016

**VIA ELECTRONIC MAIL**

Daniel Lowenthal, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036

Re: **Nortel Networks, Inc., et al., Case No. 09-10138 (KG) (Bankr. D. Del.)**

Dear Mr. Lowenthal:

    This letter responds to Law Debenture's November 14, 2016 letter and is sent in furtherance of the Noteholders' November 4, 2016 Letter.[1] *First,* the Noteholders respectfully decline Law Debenture's invitation to provide redacted copies of its invoices and reiterate their request for un-redacted versions. While the Noteholders appreciate Law Debenture's offer to waive its fees in redacting the invoices, the gesture misses the point. If Law Debenture is correct that those time entries reflect work performed for the Noteholders' benefit, then their disclosure to the Noteholders should be protected by a common-interest privilege. The insistence on redacting the invoices suggests the work they reflect was not performed for the Noteholders' benefit. *Second,* the Noteholders dispute the extent to which Law Debenture claims responsibility for the results obtained for the Noteholders in the bankruptcy cases. Law Debenture did not play a role in any litigation or negotiation in these cases that is commensurate with fees totaling nearly $8 million. And, it was the Noteholders' various pleadings raising issues concerning the Support Agreement—including the estimation motion—that resulted in an amendment to the schedules and the allowance of NNCC's $147 million claim against NNI and that, more generally, contributed to the Noteholders' ability to negotiate the settlement with the Debtors reflected in the Plan. This firm's fees in connection with those efforts on the Noteholders' behalf, which spanned more than 2½ years, are less than $700,000. *Third,* the refusal to identify a principal at Law Debenture (and contact information) so the Noteholders can speak directly about this issue is inappropriate. The Noteholders first put this request to Law Debenture in the beginning of July. To date, no name has been given. The requirement that the attorneys whose fees are being discussed participate in those negotiations is an impediment to a commercial resolution. *Lastly,* the Noteholders are prepared to execute an acceptable NDA. Once Law Debenture provides un-redacted invoices, the Noteholders, without any counsel, would like to discuss them directly with Law Debenture.

    The Noteholders dispute the balance of the assertions in Law Debenture's November 14, 2016 Letter and reserve any and all rights. We should speak early next week to discuss these issues further and propose Tuesday, November 29, 2016 at 10:00 a.m. Please let us know if that works.

Very truly yours,

James C. Tecce

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Noteholders November 4, 2016 Letter.

quinn emanuel urquhart & sullivan, llp

NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

CONFIDENTIAL    QE_0001091