# **Exhibit 28**

## Lowenthal, Daniel A. (x2720)

| | |
|---|---|
| **From:** | Lowenthal, Daniel A. (x2720) |
| **Sent:** | Friday, February 01, 2013 12:38 PM |
| **To:** | 'James Heaney' |
| **Cc:** | Guiney, Brian P. (x2305); Dent, Craig W. (x2864) |
| **Subject:** | Nortel -- Call with Javier Schiffrin (Confidential) |

Attorney-Client Communication
Privileged and Confidential

Jim,

Javier Schiffrin called me this morning. He wanted to discuss Judge Gross's Order, dated yesterday, directing the mediation parties to submit lists of litigation issues by next Friday, February 8.

Javier said he assumes that we will submit an issues list on LawDeb's behalf. He said LawDeb had submitted a mediation statement last spring and thus can file an issues list next week. And, Javier said, he assumes that any list we submit will be consistent with lists filed by the Creditors' Committee and the Ad Hocs. Therefore, Javier added, he wants to review a draft of our submission, or at least what might be "public" in our submission. He noted that Dewey shared a draft of their mediation submission with him last spring.

I responded as follows. First, Judge Gross' Order says "the parties who participated in the mediation with Chief Justice Winkler shall submit statements . . . ." I said that while I understand Javier's point about the submission last spring, Law Debenture went to and participated in the mediation last month in its capacity as a Committee member. That said, before Law Debenture decides whether it can/should submit an issues list, I said I will discuss with the other Committee members whether they believe they can and, if so, will file issues lists. In addition, I said we will have input into what the Committee submits. Javier repeated his view that Law Debenture has "the right" to file an issues list as an indenture trustee. REDACTED - ATTORNEY-CLIENT PRIVILEGE I also noted that paragraph A of Judge Gross's Order says that he and Justice Morawetz "must address common issues which will require expedition and coordination." And the first SO ORDERED paragraph mentions "cooperation with Canada." I said those statements suggest that the mediation parties should list issues that are common to both the U.S. and Canadian cases, and not issues that would be resolved solely in the U.S. case. REDACTED - ATTORNEY-

Separately, I asked Javier if Solus is a member of the Ad Hoc group. Javier said, "Yes, I believe they are." I noted that Milbank's most recent 2019 statement doesn't list Solus. Javier then said, "Well, I'm not sure. I don't keep abreast of developments [like that]. I just don't know." He then asked me for the date of the 2019 statement. When I said it was filed in August 2012, Javier asserted that Solus has been a member of the Ad Hoc group for two months, and that "if they're still a member" when Milbank files its next 2019, Solus will be on the list.

Finally, Javier asked me if I've heard about an *in-camera* proceeding to take place before Judge Gross. I said I haven't heard about that but did see today that Judge Gross cancelled the February 5 omnibus hearing. Javier didn't know about the cancellation.

Javier said he would speak with me again next week on Monday or Tuesday.

Dan

Daniel A. Lowenthal
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Direct: 212-336-2720
Cell: 914-523-7585

1

Fax: 212-336-1253
dalowenthal@pbwt.com
www.pbwt.com

2

CONFIDENTIAL
IT00000273