IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
:
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
             Debtors. :
:
: RE: D.I. 17896
:
------------------------------------------------------X

**ORDER APPROVING DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019 APPROVING A SETTLEMENT WITH CIENA CORPORATION**

Upon the motion dated February 10, 2017 (the "Motion"),[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing, but not requiring, NNI to enter into that certain stipulation and settlement agreement, dated February 9, 2017 (the "Settlement"), by and among Nortel Networks Corporation, Nortel Networks Limited, NNI, the EMEA Sellers and the Other Sellers, each as identified in the Sale Agreement, and Ciena Corporation (the "Purchaser," and with each of the

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Sellers, the "Parties"), and (ii) granting such other and further relief as the Court deems just and proper; and this Court having determined that adequate notice of the Motion having been given as set forth in the Motion, and that no other or further notice is necessary; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having determined that the Debtors have demonstrated sound business justifications for entering into the Settlement and the legal and factual bases set forth in the Motion and presented on the record establish just cause for the relief requested in the Motion; and the Settlement and the related relief requested in the Motion are fair, reasonable and in the best interests of the Debtors, their estates, their creditors and the parties in interest;[3] and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.   The Motion is GRANTED as set forth herein and all remaining objections to the relief requested are hereby overruled.

2.   The Settlement satisfies the requirements of Bankruptcy Rule 9019 and is approved in its entirety.

3.   The Debtors are authorized, but not required, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, to enter into the Settlement and to take any and all actions that may be reasonably necessary or appropriate to perform their obligations arising under the Settlement, and to enforce their rights arising under the Settlement, in each case on the terms and conditions contained therein.

---

[3]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. See Fed. R. Bankr. P. 7052.

4. The Debtors are authorized to provide instructions to Citibank pursuant to the TSA and Tax Escrow Agreement to release the Escrow Amount in accordance with the terms of the Settlement and to take any other action contemplated by the Settlement in connection with the release of the Escrow Amount, and Citibank is authorized to release the Escrow Amount in accordance with the terms of the Settlement and such instructions.

5. The Settlement and this Order shall be binding upon the Debtors and all parties-in-interest in these Chapter 11 Cases, and any of their respective successors and assigns.

6. The Settlement shall constitute a full and final settlement of the Disputes and full and final resolution of all other matters resolved by the Settlement.

7. The Debtors, the Debtors' claim agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all necessary and appropriate actions to give effect to the Settlement.

8. The failure to specifically describe or include any particular provision of the Settlement in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Settlement be approved in its entirety.

9. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order. To the extent any provisions of this Order shall be inconsistent with the Motion or the Settlement, the terms of this Order shall control.

Dated: **March 1**, 2017
Wilmington, Delaware

*Kevin Gross*
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE