## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------- X

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (KG) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
|  | : | **RE: D.I. 17836, 17432** |
|  | : |  |

--------------------------------------------------------- X

## NOTICE OF SUPPLEMENTAL FACTS IN FURTHER SUPPORT OF DEBTORS' OPPOSITION TO THE MOTION OF SNMP RESEARCH INTERNATIONAL, INC. AND SNMP RESEARCH, INC. TO AMEND PROOFS OF CLAIM AND ADD SNMP RESEARCH, INC. AS CLAIMANT

Nortel Networks Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") submit this notice of supplemental facts to make the Court aware of a settlement of SNMP Research's parallel and substantially similar claims against the Canadian Debtors, in further support of its previously filed memorandum of law in opposition to the Motion to Amend[2] filed by SNMP Research International, Inc. ("International") and SNMP

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567),  Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667).  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]    Capitalized terms and citation references used and not defined herein shall have the meaning ascribed to them in the Debtors' Objection.

Research, Inc. ("Inc.") (collectively, "SNMP Research") (the "Debtors' Objection") [Bankr. D.I. 17836].

**NOTICE**

1.        On January 27, 2017 — just over two months after filing the Motion to Amend — SNMP Research settled its parallel lawsuit against the Canadian Debtors under an agreement that provides that the only amount SNMP Research will receive, in full resolution of its claims, is a US$3,500 general unsecured claim by International against Nortel Networks Limited (the "Canadian Settlement").  A copy of the Canadian Settlement agreement is attached hereto as Appendix A.

2.        The fact that SNMP Research has agreed to withdraw its suit against the Canadian Debtors in exchange for only a US$3,500 unsecured claim is significant in itself, given that it pursued the same claims there as it is pursuing against the U.S. Debtors here.  The settlement is also important, because SNMP Research evidently intends to attempt to hold the U.S. Debtors liable for products sold by the Canadian Debtors and for other conduct by the Canadian Debtors. (SNMP Research also apparently intends to hold the U.S. Debtors liable for sales and other conduct by the EMEA Debtors, whom SNMP Research never bothered to sue.)

3.        In addition, the course of events in the two respective suits is relevant to SNMP Research's pending Motion to Amend and the Debtors' Objection.  In the Motion to Amend, SNMP Research is attempting, more than seven years after the bar date, to withdraw a contractual claim by International for just over $8 million and replace it with a new copyright infringement claim by Inc. in excess of $80 million (both amounts being vastly exaggerated).  As noted in the Debtors' Objection, courts addressing such motions consider, as a reflection of the movant's good faith (or lack thereof), whether the attempt to amend the claims is motivated by a

setback suffered by the movant with its existing claims.  Debtors' Objection ¶¶ 76, 80-81.  That appears to be the case here.

4.        The claims SNMP Research had asserted against the Canadian Debtors and the U.S. Debtors were the same.  SNMP Research originally filed the adversary complaint in this Court against both the U.S. and the Canadian Debtors.  Adv. Pro. D.I. 1 ("Original Complaint") Adv. Pro. D.I. 115 ("First Amended Complaint").  After Justice Newbould refused to permit the claims against the Canadian Debtors to proceed here, SNMP Research filed its claims against the Canadian Debtors in Canada.

5.        In both adversary complaints and in its statement of claim later filed against the Canadian Debtors, SNMP Research alleged that its damages would exceed $86 million, based primarily on its claim that the debtors purportedly had "sold" rights to its software as part of the line of business sales and that, as a result, it is entitled to a portion of the sales proceeds.  Compl. ¶¶ 215-29; First Amended Compl. ¶¶ 282-96; see App. A at 2.  As the Court will recall, Justice Newbould rejected this so-called "profits" claim outright.  See Adv. D.I. 418-1, Apr. 26, 2016 Canadian Endorsement at ¶¶ 38, 43-44.  This Court, in addressing the narrow issue of whether the sale orders and sale agreements precluded the profits claim as a matter of law, declined to grant summary judgment but expressed substantial doubt about the claim and outlined the difficult test SNMP Research would need to meet to support the claim.  See, e.g., Mem. Op., Feb. 8, 2016, Adv. D.I. 359 at 15-16, 19;  Mem. Op., July 7, 2016, Adv. D.I. 466 at 3.

6.        In the wake of Justice Newbould's ruling, SNMP Research has now agreed to withdraw its Canadian suit in exchange for International receiving an unsecured claim of US$3,500, which is the sole amount SNMP Research will receive in connection with all its claims against the Canadian Debtors.  Appendix A at 6.  In the Debtors' case, by contrast, SNMP

Research is seeking through its motion to amend to add a new party — Inc. — to International's proof of claim in order to inject a brand new claim, as an alternative path toward its goal of pursuing a damage claim in excess of $80 million.  The contrast between SNMP Research's actions in the Canadian Court and in this Court is a telling reflection of the motivation behind its motion to amend.

7.      Given the relevance and impact of the Canadian Settlement on the Motion to Amend, and the fact that as of the date of the filing of this notice SNMP Research had not made the Court (or the Debtors) aware of the Canadian Settlement, the Debtors hereby submit this notice of supplemental facts so that the Court is aware of the latest developments in these closely related litigations and SNMP Research may address this point, if necessary, in their still pending reply to the Debtors' Objection.


*[Remainder of page intentionally left blank.]*

Dated: March 2, 2017
      Wilmington, Delaware

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Lisa M. Schweitzer (admitted *pro hac vice*)
David H. Herrington (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Fax: (212) 225-3999

-and-

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Andrew J. Roth-Moore*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Tamara K. Minott (No. 5643)
Andrew J. Roth-Moore (No. 5988)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*