IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| *In re* | ) Chapter 11 |
| | ) |
| Nortel Networks Inc., *et al.*,[1] | ) Case No. 09-10138 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Re: D.I. 17997 |
| | ) |

---

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 502(c) AND 105(a) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER ESTIMATING THE WANLAND CLAIM FOR PURPOSES OF ALLOWANCE AND DISTRIBUTION UNDER THE PLAN

Upon consideration of the *Debtors' Motion Pursuant to Section 502(c) and 105(a) of the Bankruptcy Code for Entry of an Order Estimating the Wanland Claim for Purposes of Allowance and Distribution Under the Plan* (the "Motion")[2] filed by Nortel Networks Inc. ("NNI") on behalf of itself and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases, (collectively, the "Debtors"); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.   Wanland & Associates, Inc., as holder of claim number 3911 (the "Wanland Claim"), as well as all members of the purported Wanland Settlement class (which members include those individuals and entities served with the Wanland Settlement preliminary approval motion pending in the New Jersey Court) were properly and timely served with a copy of the Motion, the proposed order granting the Motion and exhibits thereto, and notice setting forth, among other things, the deadline for responding to the Motion. No other or further notice of the Motion is necessary.

B.   This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.   The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.   The motion is GRANTED.

2.   The Wanland Claim is hereby estimated in the amount of $500,000 for purposes of allowance and distribution under the *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* dated January 24, 2017 [D.I. 17795] (the "Plan"), subject to the occurrence of the Effective Date of the Plan. No further reserve is required by the

---

[3]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

Debtors under the Plan with respect to the Wanland Claim, including with respect to any opt-out parties under the proposed Wanland Settlement.

3. Estimation of the Wanland Claim pursuant to Bankruptcy Code section 502(c) does not constitute any admission regarding liability or validity of claims, or recognition of actual amounts owed. The Wanland Claim is allowed solely to complete claims administration and to facilitate distributions to unsecured creditors in, and the closing of, the Chapter 11 Cases. Estimation of the Wanland Claim does not represent, and shall not be construed as or deemed to be, an estimate regarding the amount of potential liability for the Wanland Claim.

4. Entry of this Order is without prejudice to the Debtors' right to object, on any grounds whatsoever, to any other Claims in these Chapter 11 Cases.

5. The Debtors are authorized and empowered to take all steps necessary and appropriate to carry out and otherwise effectuate the terms, conditions and provisions of this Order, and to cause the claims register to be amended to reflect the terms of this Order.

6. This Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this order.

Dated: Wilmington, Delaware
       March 23, 2017

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3