**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nortel Networks, Inc., *et al.*[1] | Case No. 09-10138 (KG)<br>(Jointly Administered) |
| Debtors. | **Hearing Date: April 11, 2017 @ 10:00 am**<br>**Responses Due: March 31, 2017 @ 4:00 pm** |

**PENSION BENEFIT GUARANTY CORPORATION'S JOINDER IN DEBTORS'**
**FORTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO,**
***INTER ALIA*, CLAIMS IN EXHIBIT A THAT ARE NO-BASIS**
**PENSION CLAIMS (DKT. NO. 18009)**

**Preliminary Statement**

In their Forty-Seventh Omnibus Objection ("Objection"), the Debtors object to claims filed by certain employees ("Non-Debtor Liability Claims") with regard to amounts asserted for pension benefits owing under the Nortel Retirement Income Plan ("Pension Plan").[2] The Pension Benefit Guaranty Corporation ("PBGC") joins in the Objection solely with regard to the Non-Debtor Liability Claims that may be related to the Pension Plan, because participants must look exclusively to PBGC for any benefits they may be entitled to under the terminated Pension Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms not otherwise defined herein are defined as in the Objection.

**Background**

PBGC is a wholly owned United States government corporation that administers the nation's termination insurance program for defined benefit pension plans under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. §§ 1301-1461 (2012 & Supp. II 2014). If a pension plan covered by the insurance program terminates and lacks sufficient assets to pay all promised benefits, PBGC becomes statutory trustee of the pension plan and pays the pension plan's benefits subject to the statutory limitations set forth in 29 U.S.C. § 1322(b). *See* 29 U.S.C. §§ 1322, 1341(c), 1342, 1361; *PBGC v. LTV Corp.*, 496 U.S. 633, 637-638 (1990); *Nachman Corp. v. PBGC*, 446 U.S. 359, 375 (1980).

The Pension Plan, sponsored by Nortel Networks, Inc., terminated effective July 17, 2009. By an agreement between PBGC and the administrator of the Pension Plan dated September 8, 2009, PBGC became the statutory trustee of the Pension Plan. At termination, the Pension Plan had approximately 22,000 participants. PBGC is paying or will pay pension benefits to participants—including participants asserting Non-Debtor Liability Claims.

The Debtors briefly describe PBGC's claims against each of the Debtors in the Objection.[3] While Debtors' description of PBGC's claims as initially filed on September 29, 2009, is generally correct, on or about July 7, 2014, PBGC amended its claims.[4] PBGC settled its claims with the Debtors for an allowed general unsecured claim

---

[3] The Debtors summarize PBGC's claims in footnote 11 of the Forty-Seventh Objection.

[4] The amended claims were assigned claim numbers 8760, 8761, 8762, and 8763, superseding the claim numbers cited in the Objection. As amended, PBGC asserted its unfunded benefit liabilities claim in the amount of $624,601,972.00, and its premium claim in the amount of $83,392,500.00. The other two amended claims were asserted in the amount of zero. When Nortel Networks India International, Inc. ("NNIII") filed its petition with this Court under Chapter 11 of the Bankruptcy Code (Case No. 16-11714), PBGC filed claims reflecting the amended unfunded benefit liabilities and premium claims in its case as well. These were assigned claim numbers 8813 and 8814.

against each of the Debtors in the amount of $624,601,972.00 that was approved by the Court on January 6, 2017.[5]

## Argument

Participants may not recover pension benefits under the terms of a terminated pension plan from their employer. *United Steelworkers of Am. v. United Eng'g, Inc.*, 52 F.3d 1386, 1393 (6th Cir. 1995); *Ricke v. Armco, Inc.*, 882 F. Supp. 896, 899 (D. Minn. 1995), *order aff'd and remanded by*, 92 F.3d 720 (8th Cir. 1996); *In re Lineal Group, Inc.*, 226 B.R. 608, 613-14 (Bankr. M.D. Tenn. 1998); *Adams Hard Facing Co. v. AHF Corp.*, 129 B.R. 662, 663 (W.D. Okla. 1991). In the leading case of *United Engineering*, the Sixth Circuit held that ERISA preempts employees' direct actions against employers to recover pension benefits. 52 F.3d at 1393. *See also Int'l Ass'n of Machinists and Aerospace Workers v. Rome Cable Corp.*, 810 F. Supp. 402 (N.D.N.Y. 1993) ( "It would be counterproductive indeed to find that the employer would, following a distress termination, be liable not only to the PBGC but also remain liable to the plan participants and beneficiaries.").

To hold otherwise would result in a double recovery by the participants and double payment by the employer's bankruptcy estate. Participants would recover nonguaranteed benefits from both the employer and PBGC, and the bankruptcy estate would be paying the same claim twice, once to participants and once to PBGC.

A little over 5 months ago in this bankruptcy, the Court ruled on this same issue in favor of the position advocated here by the Debtors and PBGC. In their Forty-Fifth Omnibus Objection (D.I. 17205) the Debtors raised essentially the same arguments against allowance of claims similar to the Non-Debtor Liability Claims that they assert here, against claims

---

[5] D.I.17679

3

filed by a different group of Pension Plan participants.  PBGC joined the Debtors in seeking disallowance of those claims, setting forth essentially the same position as it does here.  D.I. 17266.  In an order filed on November 8, 2016, this Court disallowed in full each of the claims similar to the Non-Debtor Liability Claims at issue.  D.I. 17357.  This Court should follow the same approach here.

## Conclusion

WHEREFORE, PBGC requests that this Court disallow the No-Basis Pension Claims, and grant such other and further relief as the Court deems proper.

Dated:  March 31, 2017            Respectfully submitted,

/s/ Vicente Matias Murrell
ISRAEL GOLDOWITZ
Chief Counsel
CHARLES L. FINKE
Deputy Chief Counsel
GARTH D. WILSON
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)
MARC S. PFEUFFER
Attorney

PENSION BENEFIT GUARANTY CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: (202) 326-4020, ext. 3580
Facsimile: (202) 326-4112
Emails: murrell.vicente@pbgc.gov *and*
         efile@pbgc.gov

*Counsel for the Pension Benefit Guaranty Corporation*