UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |

### FEE EXAMINER'S FINAL REPORT REGARDING TWENTY-NINTH QUARTERLY FEE APPLICATION OF JOHN RAY

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Twenty-Ninth Quarterly Fee of John Ray ("Application"), for the period from November 1, 2016 through January 31, 2017, seeking approval of fees that total $270,593.50 and expenses that total $8,454.40. John Ray is Principal Officer of Nortel Networks, Inc.

### Background

1.      Master, Sidlow & Associates, P.A. reviewed Mr. Ray's monthly fee applications and the Application, including each of the billing and expense entries shown in the exhibits to the monthly applications, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2.      Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to John Ray and Mr. Ray provided a written response to that report. Master, Sidlow & Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings
### Recomputation of Fees and Expenses

3. Master, Sidlow & Associates, P.A. recomputed the fees requested in the Application. The hours billed by Mr. Ray were totaled and these amounts were multiplied by his hourly rate. The recomputation of fees did not reveal any discrepancies.

### Review of Fees

4. **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application… (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under Title 11."

The application provided the name, position, and hourly rate of the applicant's professional who billed time.

Mr. Ray billed a total of 365.40 hours with associated fees of $270,593.50. His hourly billing rate effective January 1, 2017 is $800.00.

5. **Hourly Rate Increase.** The Preliminary Report noted that John Ray increased his hourly rate to $800 (previously $770) in the 63rd monthly fee application, effective January 1, 2017. That application noted, "As stated in John Ray's Engagement Letter, which was attached as an exhibit to the *Debtors' Motion for and Order Pursuant to 11 U.S.C. 363 Authorizing and Approving the Employment and Retention of John Ray as the Debtors' Principal Officer Nunc Pro Tunc to December 7, 2009* [D.I. 2095] (the "Retention Application") and in the Retention Application, John Ray's rates may be increased on an annual basis so long as such increase does not exceed 5%." Mr. Ray last increased his monthly rate effective May 1, 2016. Mr. Ray's response was as follows:

> The rates reflected in the 29th Quarterly Fee Application (the "Application") reflect John Ray's policy of periodically adjusting his rates each calendar year and are the same rates being charged to clients in cases other than those under title 11. As noted in the Preliminary Report, paragraph 3 of John Ray's engagement letter (the "Engagement Letter"), which was attached as Exhibit C to the *Debtors' Motion for and Order Pursuant to 11 U.S.C. 363 Authorizing and Approving the Employment and Retention of John Ray as the Debtors' Principal Officer Nunc*

*Pro Tunc to December 7, 2009* [D.I. 2095] (the "Retention Application"), and paragraph 21 of the Retention Application, provide that John Ray's rates may be increased on an annual basis so long as such increase does not exceed 5%. The Retention Application and Engagement Letter were approved by Judge Gross on January 6, 2010 [D.I. 2249]. The fee increase reflected in the 63rd monthly fee application reflects the annual fee increase for the 2017 calendar year, whereas the fee increase effective May 2016 reflected the 2016 annual fee increase. Moreover, the Debtors' estates benefited from Mr. Ray's delay in seeking the 2016 annual increase until May 1, 2016 instead of the usual increase effective January 1st of a given calendar year.

Master, Sidlow & Associates, P.A. does not recommend any modification in fees for this matter.

6. **Complete and Detailed Task Descriptions.** Local Rule 2016-2 (d) states "…activity descriptions…shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Master, Sidlow & Associates, P.A. found the activity descriptions in the Application to be sufficiently detailed.

7. **Travel.** Local Rule 2016-2(d) (viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates…" John Ray states in his interim applications that "In accordance with Local Rule 2016-2, John Ray has reduced his request for compensation for non-working travel, if, any, to 50% of his normal rate."

8. **John Ray Retention/Compensation.** Master, Sidlow & Associates, P.A. reviewed and identified entries related to the retention and compensation of John Ray. Mr. Ray billed 16.10 hours with associated fees of $12,526.00 to prepare his fee applications, which represents approximately 5% of the total fees billed by him.

### Review of Expenses

9.  **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include … Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." John Ray provides an itemization for his expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

### Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the Twenty-Ninth Quarterly Fee Application of John Ray and the fees and expenses requested therein. Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $270,593.50 and expenses in the amount of $8,454.40 for the period from November 1, 2016 through January 31, 2017, less any interim payments received by John Ray for fees and expenses under fee applications. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow & Associates, P.A.**

By: _/s/ Judith M. Scarborough_
Judith M. Scarborough, CPA, CFF

2002 West 14th Street
Wilmington, DE 19806
Telephone: (302) 652-3480
Facsimile: (302) 656-8778
jscarborough@mastersidlow.com

Fee Examiner

# APPENDIX A

JOHN RAY
SUMMARY OF FINDINGS
29TH QUARTERLY FEE APPLICATION (NOVEMBER 1, 2016 through JANUARY 31, 2017)

### A. Amounts Requested and Computed

| | | |
|---|---:|---:|
| Fees Requested | $ 270,593.50 | |
| Expenses Requested | 8,454.40 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $ 279,047.90 |
| Fees Computed | $ 270,593.50 | |
| Expenses Computed | 8,454.40 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $ 279,047.90 |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $     - |

### B. Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---:|---:|
| Fees Requested | $ 270,593.50 | |
| RECOMMENDED FEE ALLOWANCE | | $ 270,593.50 |
| Expenses Requested | 8,454.40 | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 8,454.40 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $ 279,047.90 |