**EXHIBIT B**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- X
: 
: 
: Chapter 11
: 
*In re* : 
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] : 
: Jointly Administered
            Debtors. : 
: 
: **RE: D.I. _____**
------------------------------------------------------- X

## ORDER GRANTING DEBTORS' FORTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (NON-DEBTOR LIABILITY CLAIMS, MODIFIED, RECLASSIFIED AND ALLOWED CLAIMS, NO-BASIS AND RELEASED CLAIMS, NO-BASIS EQUITY CLAIMS, NO-BASIS RETIREE CLAIMS AND REDUNDANT CLAIMS)

Upon the Debtors' Forty-Seventh Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Non-Debtor Liability Claims, Modified, Reclassified and Allowed Claims, No-Basis and Released Claims, No-Basis Equity Claims, No-Basis Retiree Claims and Redundant Claims) (the "Objection")[2] filed by Nortel Networks Inc. and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 disallowing the claims

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

identified in **Exhibit A** attached thereto; and upon the Declaration of John J. Ray, III in Support of the Debtors' Forty-Seventh Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Non-Debtor Liability Claims, Modified, Reclassified and Allowed Claims, No-Basis and Released Claims, No-Basis Equity Claims, No-Basis Retiree Claims and Redundant Claims), attached to the Objection as **Exhibit B**; and upon the *Debtors' Reply in Further Support of Debtors' Forty-Seventh Omnibus Objection (Substantive) to Certain Claims*; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Objection is **GRANTED** with respect to Claim 2506, amending Claim 703, filed by William A. Owens (together, the "Owens Claim").

2. The Owens Claim is hereby disallowed in full.

3. This order shall be deemed a separate order with respect to the Owens Claim. Any stay of this order pending appeal by any claimant whose claim is subject to this order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this order with respect to the other contested matters listed in the Objection or this order.

4. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this order.

5. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this order.

Dated: _____
      Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE