IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTEL NETWORKS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-10138 (KG)<br>Jointly Administered<br><br>**Re: D.I.'s 18009,** |

**EMERGENCY MOTION OF WILLIAM A. OWENS FOR A CONTINUANCE ON THE HEARING OF DEBTORS' FORTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (NON-DEBTOR LIABILITY CLAIMS, MODIFIED, RECLASSIFIED AND ALLOWED CLAIMS, NO-BASIS AND RELEASED CLAIMS, NO-BASIS EQUITY CLAIMS, <u>NO-BASIS RETIREE CLAIMS AND REDUNDANT CLAIMS</u>)**

Comes Now, William A. Owens, by and through the undersigned counsel and hereby files this Emergency Motion To Continue the hearing of Debtors' Forty-Seventh Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and L.R. 3007-1(Non-Debtor Liability Claims, Modified, Reclassified and Allowed Claims, No-Basis Equity Claims, No-Basis Retiree Claims and Redundant Claims) as it relates to the Debtors' Objection to the claim of Bill Owens and in furtherance thereof states as follows:

1.   Mr. Owens is requesting this Emergency Continuance as a direct result of the last minute discovery of documents which evidence that Mr. Owens was an employee of Nortel

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Alteon WebSystems, Inc. (9769), Alteon WebSystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286) and Nortel Networks Cable Solutions Inc. (0567).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

00182501                                      1

Networks, Inc. ("NNI) and that NNI was obligated to make all payments to Mr. Owens under the Termination Agreement, including the Special Pension Payment that is the subject of the Objection. This request is borne as a result of documents obtained between April 20 and April 23, 2017, including specifically the incomplete documents produced by Debtors, as described further herein.

2. On March 10, 2017, the US Debtors filed the Forty-Seventh Omnibus Objection to Claims (the "Objection") which included an objection to Mr. Owens' claims.

3. The U.S. Debtors alleged a general books and records objection to the claim, broadly claiming that Mr. Owens' claim is a Non-Debtor Liability Claim. **In the last three days it has come to light that the Debtors' books and records show that Mr. Owens was an employee of NNI and that NNI paid Mr. Owens. Debtors have not completed a review of their records as set forth below, but from the information recovered at this point, it is abundantly clear that the Debtors' employed Mr. Owens, paid Mr. Owens and that they are jointly and severally liable for the obligations in the Termination Agreement signed by William Donovan on behalf of NNI on December 1, 2005. More time is required to get complete records and fully address the allegations in the Objection.**

4. On April 3, 2017, Mr. Owens timely filed a Response in Opposition to the Motion to Disallow his claim (the "Response"), which provided the Termination Agreement from NNI terminating his employment and which specifically enumerated the benefits that were the subject of the Objection. (Docket 18056)

5. On April 20, 2017, the Debtors filed Debtors' Reply In Further Support of Debtors' Forty-Seventh Omnibus Objection (Substantive) To Certain Claims (the "Reply). (Docket # 18117)

00182501                                                    2

6. The Reply states that the Debtors' Objection is premised on certain central facts that included the Debtors' claim that Mr. Owens was employed **by** and an officer of Nortel Networks Corporation ("NNC") and Nortel Networks Limited ("NNL"). This alleged fact, however, contains a fundamental and critical misstatement. Mr. Owens was employed by and paid by NNI while he **served as the President and CEO of Nortel Networks Corporation. This fact was revealed on April 20, 2017, when, at counsel for Mr. Owens' request, Debtors produced Mr. Owens' Employment Agreement from an SEC filing. (A copy of the Employment Agreement is attached hereto as Exhibit "A" and is incorporated herein by reference.)**

7. Counsel for Mr. Owens requested that Debtors provide all records of payment to Mr. Owens and the Debtors asked Mr. Owens for copies of all records of payment by the Debtors and NNC and NNL. On April 21, 2017, **Counsel for Mr. Owens contacted Deloitte, the former accountants for Mr. Owens, and was able to obtained W 2 statements issued by NNI to Mr. Owens for 2004-2006.** (Copies of the records are attached hereto as Exhibit "B" and are incorporated herein by reference.) Mr. Owens' counsel immediately forwarded these tax documents received from Deloitte to counsel for the Debtors and counsel for the Debtors further requested that Mr. Owens locate and produce further documents including any documents evidencing payments from the Canadian Debtors. Mr. Owens' counsel made a related request to the Debtors that the Debtors further search their records regarding payments made to Mr. Owens.

8. Later in the day on April 21, 2017, Deloitte was able to locate further records including a 2007 W 2 from NNI to Mr. Owens and documents reflecting payments from the Canadian Debtors in 2006 and 2007. (Copies of these documents are attached hereto as Exhibit "C" and are incorporated herein by reference.) Counsel for Mr. Owens immediately forwarded

the documents to counsel for the Debtors and reiterated the request that the Debtors search their records further.

9.    On the afternoon of Sunday, April 23, 2017, counsel for Mr. Owens received an email from Debtors attaching a screen shot of records regarding payment made by the Debtors to Mr. Owens in 2005. (A copy of the email with the screen shot is attached hereto as Exhibit "D" and is incorporated herein by reference. ) The screen shot is incomplete in that it shows arrows indicating that further information is available by scrolling down on the page, but the scroll feature does not work on the screenshot embedded in Debtors' email. There is no information produced by Debtors regarding the payments, which we know about from the W2 statements obtained from Deloitte, were made by NNI in 2006 and 2007.

10.    Counsel for Mr. Owens' reiterated the request that the Debtors further search their records since the Debtors' objection to Mr. Owens claim was based on a books and records review  and Debtors had previously represented that Mr. Owens was employed by the Canadian Debtors.

11.     It appears that the Debtors are now pivoting their defense to incorporate and depend exclusively on internal memorandum from the Canadian Debtors ( not the mutually agreed upon Termination Agreement) that the Canadian Debtors were to pay the Special Pension Payment, as opposed to **the undisputable facts:**

**(1)    Mr. Owens was an employee of NNI,**

**(2)     The Termination Agreement was with NNI and expressly included the Canadian Debtors,**

00182501                                                                   4

**(3)    NNI made payments under the Termination Letter, with the possible exception of the Special Pension Arrangement, and there is nothing in the Termination Letter that would, in any way, limit NNI's obligations.**

12.    There is nothing, whatsoever, to indicate that NNI is not jointly and severally liable for the Special Pension Payment. Furthermore, despite Mr. Owens' production of documents which were generated by NNI, including W 2 statements to Mr. Owens in 2004-2007, the Debtors have not located or produced records other than the screenshot despite repeated requests to do so.

13.    Furthermore, notwithstanding the internal memorandum where the Canadian Debtors were to pay the Special Pension Arrangement, the records located and produced by the Debtors yesterday afternoon, show that NNI appears to have treated such as wages for purposes of the U.S. Medicare tax further contradicting and confusing its own internal, unilateral actions. (See Declaration of Vincent C. Travagliato attached hereto as Exhibit "E" and incorporated herein by reference.).

14.    Recognizing that a full opportunity to evaluate the documents relevant to this matter would be in the best interest of all parties, and in light of the timing of this hearing counsel for Mr. Owens requested that the hearing be continued to allow for production of full documentation and review of Mr. Owens' claim.  (A copy of the email request is attached hereto as Exhibit "F" and is incorporated herein by reference).

15.    Unfortunately, Debtors' counsel refused to agree to the continuance and has put Mr. Owens counsel in the position of requesting a continuance so that the full, fair and honest facts will be presented to this Court which we believe will unequivocally establish that Mr. Owens' claim for his Special Pension Payment is a joint and several liability of NNI and the

Canadian Debtors. (A copy of the email refusing the continuance is attached hereto as Exhibit "G" and is incorporated by reference.)

16.     At approximately 3:00 p.m. ET on April 24, 2017, after counsel for Mr. Owens prepared this Motion, counsel for the Debtors indicated that they had just located additional W-2 documentation which purportedly was consistent with what Mr. Owens, had obtained from Deloitte and produced to Debtors on April 21,2017. Debtors attached the documents that they had just uncovered and counsel for Mr. Owens will timely review them, however this does not excuse the late production, nor does it satisfy the reasonable concerns of counsel for Mr. Owens.

WHEREFORE, Mr. Owens requests that this Honorable Court continue the Hearing on the 47th Omnibus Objection to Claims as it relates to Mr. Owens and for such other and further relief as is just and equitable.

Dated:  April 24, 2017                    **MONZACK, MERSKY, MCLAUGHLIN AND BROWDER, P.A.**

*/s/ Rachel B. Mersky*
Rachel B. Mersky (DE #2049)
1201 N. Orange Street, Suite 400
Wilmington, DE  19801
Tel:    (302) 656-8162
Fax:   (302) 656-2769
Email: *rmersky@monlaw.com*

**ATTORNEY FOR WILLIAM A. OWENS**