# EXHIBIT G

**Rachel B. Mersky**

**Subject:** FW: Nortel: Bill Owens Claim-Confidential Documents Attached

**From:** Gianis, Margot A. [mailto:mgianis@cgsh.com]
**Sent:** Monday, April 24, 2017 1:00 PM
**To:** Rachel B. Mersky; Livingston, Matthew J.
**Cc:** Schweitzer, Lisa M.; vct@ddw-law.com; 'Shaun Laubman'; 'esato@bsss-law.com'
**Subject:** RE: Nortel: Bill Owens Claim-Confidential Documents Attached

Rachel,

We fail to see from your email how a continuance of the hearing would be warranted. You purport to suggest that the hearing date should be extended for the Debtors to search for and produce more documents; however, your client did not seek any formal discovery on the Debtors and even with respect to the late hour informal request for payment information you made on Friday, the debtors worked expeditiously to locate and provide you with the document sent yesterday.

As importantly, the documents provided by your client and that we voluntarily provided you over the last week show the same facts. As you acknowledged, both NNI and Mr. Owens have produced documents showing certain other payments that were made from NNI to Mr. Owens; the Debtors do not dispute that point. Mr. Owens is claiming unpaid amounts relating to Mr. Owens' Special Pension Arrangement payments, which per the employment letter we provided you, the tax records that you have provided and the other records attached to our Reply, were to be paid and were actually paid by Nortel's Canadian affiliates. We have reviewed your response to the claims objection and expect that the arguments you raise at the hearing will be consistent with that objection.

Our witness already has traveled to Philadelphia for the hearing, we are prepared to proceed tomorrow and we do not agree to postpone the hearing based on your below email.

Regards,
Margot

Margot A. Gianis
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mmclaughlin@cgsh.com
One Liberty Plaza, New York NY 10006

1

2

T: +1 212 225 2386 | F: +1 212 225 3999
mgianis@cgsh.com | clearygottlieb.com

**Rachel B. Mersky**

**From:** Rachel B. Mersky
**Sent:** Monday, April 24, 2017 11:21 AM
**To:** 'Livingston, Matthew J.'
**Cc:** Schweitzer, Lisa M.; Gianis, Margot A.; vct@ddw-law.com; 'Shaun Laubman'; 'esato@bsss-law.com'
**Subject:** RE: Nortel: Bill Owens Claim-Confidential Documents Attached

All, After my informal request for documents, last week you produced a copy of the Mr. Owens' employment agreement from an SEC filing. The Agreement stated that Mr. Owens was hired as the CEO and President of NNC and NNL, but was an employees of NNI. At your request, we did a search of records and extended that search to Mr. Owens' former accounting firm, Deloitte. Late last week we obtained documents from Deloitte which we immediately provided to you. These documents included tax records from NNI to William Owens for 2004, 2005, 2006 and 2007. The NNI tax records show payments made by NNI to William Owens as an employee, or former employee of NNI. We also located documents and forwarded them to you regarding payments made to William Owens from NNL and Northern Trust Company. Since some of the very documents we were able to locate are from NNI and NNI has asserted that it did not have any records I evidencing that Mr. Owens was an employee of NNI, we reiterate our request that NNI continue its search of records and provide complete documentation of Mr. Owens employment by NNI and payment by NNI to Mr. Owens. Yesterday afternoon you produced a single internal records from NNI below which we understand came from files within the control of NNI and demonstrate payment from NNI to their employee, William Owens. I note that the document has a scroll down screen and that we cannot use the scroll down screen to see what else was in this document. We have requested that you extend the search of your records, since it is clear from what we were able to obtain from Deloitte that the Debtor has documents evidencing that Mr. Owens was an employee of NNI and that NNI paid Mr. Owens for his services. Finally in light of the state of the investigation and production from NNI we request that the hearing be continued so that we can insure full and accurate information is provided to the Court. I note that I will be unavailable from May 16-29. Please confirm that you agree to continue this matter and that we discuss a date for the hearing. Thanks, Rachel

Rachel B. Mersky, Esquire
Monzack Mersky McLaughlin and Browder, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
P (302) 656-8162
F (302) 656-2769
Email rmersky@monlaw.com

IMPORTANT NOTICE: This email, including all attachments, may contain attorney-client communications or other privileged, confidential, protected, and/or non-public information. If you are not an intended recipient (even if it was sent to your email address), please notify the sender by replying to this message and then deleting it. Unintended recipients may not use, store, reproduce, distribute, disseminate, or retransmit this message or its contents.

1

Case 09-10138-MFW    Doc 18127-7    Filed 04/24/17    Page 5 of 11

IRS CIRCULAR 230 NOTICE: Unless otherwise specifically stated, U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of: (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**From:** Livingston, Matthew J. [mailto:mlivingston@cgsh.com]
**Sent:** Sunday, April 23, 2017 2:12 PM
**To:** Rachel B. Mersky
**Cc:** Schweitzer, Lisa M.; Gianis, Margot A.
**Subject:** RE: Nortel: Bill Owens Claim-Confidential Documents Attached

Rachel –

Below are internal records we have found regarding payments to Mr. Owens in 2005.

Employee History Detail – WILLIAM A OWENS

| Code | Description | Current | December | Quarter 4 | 2005 |
|---|---|---|---|---|---|
| 384 | NONSTDSV | 0.00 | 5400000.00 | 5400000.00 | 5400000.00 |
|  | Hours/Units | 0.00 | 0.00 | 0.00 | 0.00 |

Best,
Matt

2

## 2005 W2

| Field | Value |
|---|---|
| b Employer identification number | 042486332 |
| c Employer's name, address, and ZIP code | NORTEL NETWORKS, INC.<br>4001 E. Chapel Hill-Nelson Hwy<br>Research Triangle Park, NC 27709-3010 |
| d Employee's social security number | 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 |
| e Employee's first name and initial / Last name | WILLIAM A. OWENS |
| | 1355 CAMINITO BATEA |
| | LA JOLLA, CA 92037 |
| Marital status | Single |
| 1 Wages, tips, and other comp. | 5,459,841.23 |
| 2 Federal income tax | 1,128,939.95 |
| 3 Social security wages | 90,000.00 |
| 4 Social security tax withheld | 5,580.00 |
| 5 Medicare wages and tips | 11,566,940.23 |
| 6 Medicare tax withheld | 167,720.63 |
| 7 Social security tips | |
| 8 Allocated tips | |
| 9 Advanced EIC payment | |
| 10 Dependent care benefits | |
| 11 Nonqualified plans | |
| 12a C | 13,364.40 |
| 12b D | 18,000.00 |
| 14 Other CA VPDI | 852.92 |
| 13 Statutory employee / Retirement plan / Third-party sick pay | Retirement plan ☑ |
| 15 State / State ID | CA 217-4786-0 |
| 16 State wages | 1,237,365.69 |
| 17 State tax | 22,368.47 |
| 18 Local wages | |
| 19 Local tax | |
| 20 Name of Locality | |

### Employee Wage Detail

| Earnings Name | Ytd Earnings | Deduction Name | Ytd Deductions |
|---|---|---|---|
| Calculated Disability | 571.78 | 401K CATCHUP CONTRIBUTION | 4,000.00 |
| Foreign Service Tax Equalizati | 1,189.24 | 401K Matched-Option B | 2,307.69 |
| Group Term Life > $50000 | 13,364.40 | 401K Unmatched | 11,692.31 |
| Misc. Gross Up | 9,734.29 | FICA Adjustment-Cash | 6,166.67 |
| NQ Pension FICA Txbl - OWENS | 4,889,099.00 | HYPO Tax | 328,349.51 |
| Non-Standard Severance | 5,400,000.00 | HYPO Tax | 871,650.49 |
| Pension Excess Lump Sum | 63,975.03 | Health Care Spending Account | 2,769.12 |
| Personal Use of Corp Aircraft | 25,459.89 | Life Insurance | 36,786.48 |
| Regular Pay | 903,846.19 | NQ Pension FICA Txbl-Owens O | 4,889,099.00 |

Matthew J. Livingston
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mcacicia@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2393 | F: +1 212 225 3999
mlivingston@cgsh.com | clearygottlieb.com

3

**From:** Rachel B. Mersky [mailto:rmersky@monlaw.com]
**Sent:** Friday, April 21, 2017 4:50 PM
**To:** Livingston, Matthew J.
**Cc:** Schweitzer, Lisa M.; Gianis, Margot A.
**Subject:** RE: Nortel: Bill Owens Claim-Confidential Documents Attached

Matt, We just received the attached documents from Deloitte which include US and Canadian entity payment information for 2005-2007. These documents, and the prior information I sent last night should be treated as confidential as they contain both wage information and social security numbers. I note that we have been advised by Deloitte that Deloitte moved their offices and that the 2008 documents are likely to be in off-site storage and not readily available. If they are able to locate the 2008 files I will forward them to you. Thanks, Rachel

Rachel B. Mersky, Esquire
Monzack Mersky McLaughlin and Browder, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
P (302) 656-8162
F (302) 656-2769
Email mersky@monlaw.com

IMPORTANT NOTICE: This email, including all attachments, may contain attorney-client communications or other privileged, confidential, protected, and/or non-public information. If you are not an intended recipient (even if it was sent to your email address), please notify the sender by replying to this message and then deleting it. Unintended recipients may not use, store, reproduce, distribute, disseminate, or retransmit this message or its contents.

IRS CIRCULAR 230 NOTICE: Unless otherwise specifically stated, U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of: (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**From:** Rachel B. Mersky
**Sent:** Friday, April 21, 2017 3:08 PM
**To:** 'Livingston, Matthew J.'
**Cc:** Schweitzer, Lisa M.; Gianis, Margot A.
**Subject:** RE: Nortel: Bill Owens Claim

Matt,, A s I stated earlier, we have requested these documents from Deloitte, Mr. Owens' former accountants. We know of no other source where these documents would be maintained, other than the Debtors own records or the Canadian Debtors' records. I note that the documents we have obtained so far are records that would have been maintained by NNI. We produced everything as soon as it was obtained from Deloitte. Further, we have reiterated the request

4

and will provide whatever responsive documents we receive as soon as we obtain them.. I also request that you further check the records of the US Debtors and produce all documents that reflect payments to Mr. Owens, since it is clear from what we have already located that payments were made by the US Debtors.

Cheers, Rachel

Rachel B. Mersky, Esquire
Monzack Mersky McLaughlin and Browder, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
P (302) 656-8162
F (302) 656-2769
Email rmersky@monlaw.com

IMPORTANT NOTICE: This email, including all attachments, may contain attorney-client communications or other privileged, confidential, protected, and/or non-public information. If you are not an intended recipient (even if it was sent to your email address), please notify the sender by replying to this message and then deleting it. Unintended recipients may not use, store, reproduce, distribute, disseminate, or retransmit this message or its contents.

IRS CIRCULAR 230 NOTICE: Unless otherwise specifically stated, U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of: (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

---

**From:** Livingston, Matthew J. [mailto:mlivingston@cgsh.com]
**Sent:** Friday, April 21, 2017 2:37 PM
**To:** Rachel B. Mersky
**Cc:** Schweitzer, Lisa M.; Gianis, Margot A.
**Subject:** RE: Nortel: Bill Owens Claim

Rachel –

Per our request last week and in light of the U.S. tax documents you sent today, we ask that you please send us any additional tax documents related to any payments received by Mr. Owens on account of his special pension arrangement. In particular, we understand that Mr. Owens should have received Canadian tax forms reflecting receipt of such payments and request that you share any such documents at your earliest convenience.

Best,
Matt

---

Matthew J. Livingston

5

Cleary Gottlieb Steen & Hamilton LLP
Assistant: mcacicia@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2393 | F: +1 212 225 3999
mlivingston@cgsh.com | clearygottlieb.com

**From:** Gianis, Margot A.
**Sent:** Friday, April 14, 2017 12:38 PM
**To:** rmersky@monlaw.com
**Cc:** Schweitzer, Lisa M.; Livingston, Matthew J.
**Subject:** Nortel: Bill Owens Claim

Rachel,

Following up on yesterday's call, it is our understanding that you intend to continue to pursue allowance of Mr. Owens's claim as against NNI in addition to as against the Canadian Debtors. You understand that the U.S. Debtors dispute liability for such claim including without limitation based on the attached letter regarding the agreement that Mr. Owens' Special Pension Arrangement was to be paid from Canada that was previously provided to you. We have reviewed the response you have filed and understand you intend to rely on the documents attached to your Response [D.I. 18056] to support your argument that the Special Pension Arrangement is a liability of NNI. In order to fully consider your client's position, we wanted to confirm that Mr. Owens doesn't have other documents relating to the Special Pension Arrangement that suggest it would be an obligation of NNI. Also, to the extent Mr. Owens has retained any documents indicating which Nortel entity paid the Special Pension Arrangement payments prior to the various bankruptcy filings, could you please provide those to us as well.

Regards,
Margot

---

**Margot A. Gianis**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mmclaughlin@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2386 | F: +1 212 225 3999
mgianis@cgsh.com | clearygottlieb.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message

and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

7

IMPORTANT NOTICE: This email, including all attachments, may contain attorney-client communications or other privileged, confidential, protected, and/or non-public information. If you are not an intended recipient (even if it was sent to your email address), please notify the sender by replying to this message and then deleting it. Unintended recipients may not use, store, reproduce, distribute, disseminate, or retransmit this message or its contents.

IRS CIRCULAR 230 NOTICE: Unless otherwise specifically stated, U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of: (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

2