# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------- X
          :

*In re*          :     Chapter 11
          :

Nortel Networks Inc., *et al.,*[1]     :     Case No. 09-10138 (KG)
          :

          Debtors.    :     Jointly Administered
          :

          :     **RE: D.I. 18136**

--------------------------------------------------------- X

## DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING (I) NOTICE OF THE HEARING TO CONSIDER APPROVAL OF THE DEBTORS' ENTRY INTO THE WAIVER AND RESERVE AGREEMENT AND (II) THE DEADLINE TO OBJECT TO SUCH APPROVAL

Nortel Networks Inc. ("NNI"), on behalf of itself and certain of its affiliates, as debtors

and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby

moves this Court (the "Motion to Shorten Notice")[2] for the entry of an order substantially in the

form attached hereto as Exhibit A, pursuant to sections 102(1) and 105(a) of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1(b) and 9006-1(e) of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1]      The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Debtors' Motion Pursuant to Sections 105(a) and 1142 of the Bankruptcy Code For Entry of an Order Authorizing and Approving the Debtors' Entry into the Waiver and Reserve Agreement* (the "Waiver Agreement Motion"), which has been filed contemporaneously with this Motion to Shorten Notice.

District of Delaware (the "Local Rules"), (i) shortening notice of the hearing to consider approval of the Waiver Agreement Motion (the "Waiver Agreement Motion Hearing") so that the Waiver Agreement Motion Hearing may be scheduled for May 5, 2017 at 2:00 p.m. (ET) and (ii) shortening the deadline for objections to approval of the Waiver Agreement Motion and requiring any objections to be made at or prior to the Waiver Agreement Motion Hearing.  In support of this Motion to Shorten Notice, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein is section 105(a) of the Bankruptcy Code, as supplemented by Rule 9006 of the Bankruptcy Rules and Rule 9006-1(e) of the Local Rules.

## BACKGROUND

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc. and Nortel Networks India International Inc. ("NNIII"),[3] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases are consolidated for procedural purposes only.  The Debtors continue as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[3]      Nortel Networks (CALA) Inc. and NNIII each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009 and July 26, 2016, respectively, each of which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes. [D.I. 1098; D.I. 17090].

4.      The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142], and an ad hoc group of bondholders holding claims against certain of the Debtors and certain of the Canadian Nortel affiliates has also been organized (the "Bondholder Group").  A consortium of creditors holding trade claims (the "Trade Claims Consortium") also has been organized.

5.      On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[4] commenced a proceeding with the Ontario Superior Court of Justice (the "Canadian Court") under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors and a monitor, Ernst & Young Inc., was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of Nortel's European affiliates (collectively, the "EMEA Debtors"),[5] into administration under the control of individuals from Ernst & Young LLP.  Other Nortel Group affiliates have commenced and in the future may commence additional creditor protection, insolvency and dissolution proceedings around the world.

6.      Since the Petition Date, the Nortel Group has sold its business units and other assets to various purchasers, generating proceeds of over $7.3 billion that have been placed in

---

[4]      The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[5]      The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH, Nortel Networks France S.A.S., Nortel Networks Oy, Nortel Networks Romania SRL, Nortel Networks AB, Nortel Networks N.V., Nortel Networks S.p.A., Nortel Networks B.V., Nortel Networks Polska Sp. z.o.o., Nortel Networks Hispania, S.A., Nortel Networks (Austria) GmbH, Nortel Networks, s.r.o., Nortel Networks Engineering Service Kft, Nortel Networks Portugal S.A., Nortel Networks Slovensko, s.r.o. and Nortel Networks International Finance & Holding B.V.

escrow accounts pending allocation ("Sale Proceeds").  For further information regarding these chapter 11 cases, reference may be made to the Monthly Operating Reports filed by the Debtors and http://dm.epiq11.com/nortel.

7.     On December 1, 2016, the Debtors, other than NNIII, filed the Plan with the Court (such Debtors, the "Plan Debtors").  The Plan was subsequently amended and an amended version of the Plan, dated January 23, 2017, was filed with the Court. [D.I. 17763].  On January 24, 2017, the Court confirmed the Plan [D.I. 17795].  Among other things, the Plan integrates and implements the Settlement and Plans Support Agreement (the "SPSA"), dated October 12, 2016 between and among the Debtors, the Canadian Debtors, the EMEA Debtors and certain other parties.  The SPSA resolves all appeals and controversies regarding the dispute among the various Nortel entities as to the allocation of the Sale Proceeds.  Also on January 24, 2017, the Canadian Court approved the Canadian Plan, which similarly implements the SPSA, and entered the Sanction Order and the Canadian Escrow Release Order.

8.     On February 14, 2017, two former employees of the Canadian Debtors (the "Canadian LTD Objectors") sought leave to appeal the Sanction Order and the Canadian Escrow Release Order to the Ontario Court of Appeal (the "LTD Leave Application" and together with any leave to appeal, appeal or other review to the Supreme Court of Canada by the Canadian LTD Objectors, an "LTD Appeal"), which leave motion was dismissed by the Ontario Court of Appeal on March 13, 2017.  The Canadian LTD Objectors have until May 12, 2017 to seek leave to appeal to the Supreme Court of Canada.

9.     Section 12.3(i) of the Plan provides that it is a condition to the effectiveness of the Plan that the Sanction Order shall have become a Final Order, within the meaning under the Plan (the "Plan Final Order Condition").  It is also a condition to effectiveness of the Canadian Plan

that each of the Sanction Order and the Canadian Escrow Release Order shall have become Final Orders, within the meaning under the Canadian Plan (the "Canadian Plan Final Order Conditions").  Finally, it is a condition to the SPSA that (i) the Sanction Order shall have become a Final Order, with the meaning under the SPSA (the "SPSA Final Order Condition"); and (ii) the Plans Effective Date shall have occurred by no later than August 31, 2017.

10.    As a result of the LTD Leave Application and the possibility of further LTD Appeals, each of the Sanction Order and the Canadian Escrow Release Order is not, as at the date hereof, a Final Order within the meaning of the Plan or the Canadian Plan.  Accordingly, the Waiver Parties have entered into the Waiver Agreement, pursuant to which, among other things, (i) the Waiver Parties agree to waive the SPSA Final Order Condition solely as it relates to the Sanction Order not yet being a Final Order (within the meaning under the SPSA), subject to the approval of both the Court and the Canadian Court; (ii) the Plan Debtors waive, subject to the approval of this Court, the Plan Final Order Condition solely as it relates to the Sanction Order not yet being a Final Order (within the meaning of the Plan) as a result of any LTD Appeal (the "Plan Waiver"); and (iii) subject to the approval of the Canadian Court, the Monitor waives the Canadian Plan Final Order Conditions solely as it relates to the Sanction Order and Canadian Escrow Release Order not yet being Final Orders (within the meaning of the Canadian Plan) as a result of any LTD Appeal.

11.    The Waiver Agreement also provides for the establishment of a reserve by the Canadian Debtors in the amount of CA$44 million (the "Appeal Reserve"), which is the maximum additional amount that may be paid to the Canadian Debtors' former LTD beneficiaries on account of their claims beyond *pro rata* distributions on account of such claims that are Proven Claims under the Canadian Plan.  Under the Waiver Agreement, the Appeal

Reserve will be funded solely from payments to the Canadian Debtors pursuant to the SPSA, provided that the Waiver Agreement preserves all rights of the Waiver Parties to oppose the LTD Appeal and challenge the entitlement of the LTD Beneficiaries to any payment beyond *pro rata* distributions on account of their Proven Claims under the Canadian Plan.

12.     Contemporaneous with the filing of this Motion to Shorten Notice, the Debtors have filed the Waiver Agreement Motion, seeking the Court's authorization and approval of the Debtors' entry into the Waiver Agreement.

## RELIEF REQUESTED

13.     By this Motion to Shorten Notice, the Debtors respectfully request that the Court enter an order, substantially in the form of Exhibit A attached hereto, (i) shortening notice of the Waiver Agreement Motion Hearing and scheduling the Waiver Agreement Motion Hearing for May 5, 2017 at 2:00 p.m. (ET); (ii) requiring objections, if any, to approval of the Waiver Agreement Motion to be made at or prior to the Waiver Agreement Motion Hearing; and (iii) granting such other relief as may be just and proper under the circumstances.

## BASIS FOR RELIEF

14.     Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Moreover, Bankruptcy Rule 9006(c) provides that "the court for cause shown may in its discretion with or without motion or notice order the [notice] period reduced."  Fed. R. Bankr. P. 9006(c)(1).  In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis."  In re Philadelphia Newspapers, LLC, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings").  Local Rule 9006-1(e) likewise provides for shortened notice "by

order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Absent shortened notice, Local Rule 9006-1 requires that "all motion papers shall be filed and served...at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date."

15.    The Debtors respectfully submit that cause exists for the Court to consider the relief requested in the Waiver Agreement Motion on an expedited basis and that shortened notice is reasonable and appropriate under the circumstances. First, all of the Debtors' largest stakeholders and creditor constitutes, including the Committee, the Bondholder Group and the Trade Claims Consortium, consent to the Court's expedited consideration of, and the approval sought by, the Waiver Agreement Motion. Expedited consideration of the Waiver Agreement Motion is also in the best interests of the Debtors, their creditors, and other stakeholders because the Plan is not effective, and therefore distributions cannot be made to creditors, until the Debtors have waived the Plan Waiver or otherwise until LTD Appeal is fully adjudicated. Accordingly, the Debtors' entry into the Waiver Agreement paves the way for all conditions to effectiveness of the Plan and the SPSA to be satisfied or waived as required and will allow the Debtors to continue their steady march towards resolution of these chapter 11 cases. The Debtors' plans have been confirmed, and the Debtors do not believe that the appeal of the LTD Objectors in the Canadian courts should hold up distributions any longer. Although the Debtors do not believe the LTD Objectors' appeal has any merit, given the uncertainty of the timing of the LTD Objectors' appeal and that the SPSA will terminate in August 2017, the Debtors believe that their entry into the Waiver Agreement is reasonable and appropriate.

16.     In addition, the Court's consideration of the Waiver Agreement Motion on an expedited basis will align the timing of this Court's consideration of the Waiver Agreement Motion with the Canadian Court's approval of the Canadian Debtors' entry into the Waiver Agreement, which the Debtors understand is scheduled for May 1, 2017.

17.     For these reasons, the Debtors submit that cause exists to shorten the notice period for the Waiver Agreement Motion Hearing and schedule such hearing for May 5, 2017 at 2:00 p.m. (ET), and to require objections to be made at or prior to the Waiver Agreement Motion Hearing.

## NOTICE

18.     Copies of this Motion to Shorten Notice are being served by overnight delivery, hand delivery and/or email to (i) counsel to the Committee; (ii) counsel to the Bondholder Group; (iii) counsel to the Trade Claims Consortium; (iv) counsel to the Monitor; (v) counsel to the Canadian Debtors; (vi) counsel to the Joint Administrators; (vii) the U.S. Trustee; and (viii) the general service list established in these chapter 11 cases.  Accordingly, the Debtors submit that under the circumstances no other or further notice is necessary.

## NO PRIOR REQUEST

19.     No prior request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

8

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) shortening notice of the Waiver Agreement Motion Hearing; (ii) scheduling the Waiver Agreement Motion Hearing for May 5, 2017 at 2:00 p.m. (ET); (iii) requiring objections, if any, to approval of the Waiver Agreement Motion to be made at or prior to the Waiver Agreement Motion Hearing; and (iv) granting such other relief as may be just and proper under the circumstances.

Dated:  April 27, 2017
      Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

James L. Bromley (admitted *pro hac vice*)
Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

- and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


   */s/ Tamara K. Minott*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Tamara K. Minott (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Debtors*
*and Debtors in Possession*