**EXHIBIT C**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
:
*In re*                                                        :   Chapter 11
                                                               :
Nortel Networks Inc., *et al.*,[1]                             :   Case No. 09-10138 (KG)
                                                               :
                                    Debtors.                   :   Jointly Administered
                                                               :
---------------------------------------------------------------X

**STIPULATION RESOLVING CLAIM NO. 7056 BY AND**
**BETWEEN THE DEBTORS AND ACE AMERICAN INSURANCE COMPANY**

This stipulation (the "Stipulation") is entered into by and between NNI (as defined herein) and the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Westchester Fire Insurance Company ("Westchester Fire"), ACE American Insurance Company and other members of the ACE Group of Companies (including Westchester Fire) (collectively, "ACE," and, together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc. and Nortel Networks India International Inc.,[2] filed voluntary petitions

---

[1] In addition to Nortel Networks Inc. ("NNI"), the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International, Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, Chapter 11 Voluntary Pet., In re Nortel Networks (CALA) Inc., (Bankr. D. Del. filed July 14, 2009) [D.I. 1], which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes. Order Directing Joint Administration, July 17, 2009 [D.I. 1098]. NNIII filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 26, 2016, Chapter 11 Voluntary Pet., In re Nortel Networks India International, Inc., (Bankr. D. Del. filed July 26, 2016) [D.I. 1], which was consolidated and is being

for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Bankruptcy Court established the general bar date of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc. and Nortel Networks India International Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about September 28, 2009, Export Development Canada ("EDC") timely filed proof of claim No. 3948 against NNI (the "EDC Guarantee Claim") in connection with NNI's guarantee of certain of Nortel Networks Limited's obligations to Westchester Fire (the "Obligations"); and

WHEREAS, on or about February 1, 2010, ACE timely filed several proofs of claim, (collectively, the "ACE Claims") as contingent, unliquidated claims, arising in connection with, among other things, certain surety bonds issued prior to the Petition Date by Westchester Fire (the "Prepetition Surety Bond Program"), including certain of the Obligations, and that certain Agreement of Indemnity (the "Indemnity Agreement") between NNI and ACE, entered into on August 14, 2002; and

WHEREAS, as of the date hereof, all of the ACE Claims have been withdrawn except for proof of claim No. 7056 relating to the Prepetition Surety Bond Program (the "Remaining Claim");

WHEREAS, on February 18, 2016 the Court entered an Order Approving Debtors' Motion for an Order Establishing Procedures to Further the Resolution of Claims (the "Omnibus Settlement Procedures Order") which permits the Debtors, in their sole discretion, to seek

---

jointly administered with the other Debtors' chapter 11 cases for procedural purposes. Order Directing Joint Administration, August 16, 2016 [D.I. 17090].

Bankruptcy Court approval of any proposed settlement upon notice and a hearing. [D.I. 16551]; and

WHEREAS, ACE acknowledges that, except as set forth herein, no amounts are outstanding under the Remaining Claim; and

WHEREAS, Westchester Fire asserts that certain expenses are due and owing to it from NNI in connection with the Remaining Claim; and

WHEREAS, in order to resolve any disputes or objections concerning the Remaining Claim, the Parties have agreed, subject to the terms and conditions hereof, that the Remaining Claim should be allowed as a general unsecured claim against NNI in the amount of twenty-six thousand dollars ($26,000.00).

NOW, THEREFORE, the Parties agree and stipulate as follows:

1.     Resolution of the Remaining Claim.  Upon the Effective Date (defined below), this Stipulation shall be effective and binding, by its terms, upon the Parties, and their respective successors and assigns, including, without limitation, any trustee or receiver that may hereafter be appointed in the Debtors' Chapter 11 cases.  Upon the entry by the Bankruptcy Court of an order approving this Stipulation, and the settlement reflected herein pursuant to Bankruptcy Rule 9019 becoming a Final Order (defined below) (hereinafter, the "Effective Date"), the Remaining Claim (Claim No. 7056) shall be allowed as a general unsecured claim against NNI in the amount of twenty-six thousand dollars ($26,000.00) (the "Allowed ACE Claim"), in full satisfaction of any and all claims that have been or could have been asserted in the Remaining Claim or otherwise against the Debtors, including, without limitation, in respect of the Prepetition Surety Bond Program, the Indemnity Agreement and the EDC Guarantee Claim, and such Allowed ACE Claim shall be classified as a Class A-3A Claim under the First Amended

Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of Its Affiliated Debtors [D.I. 17501] (as amended or supplemented, the "Plan")[3]. Except as otherwise set forth herein, ACE shall not have any claims against the Debtors.

2. Mutual Release. (a) Effective upon the Effective Date, the Parties release and forever discharge one another and their respective current and former subsidiaries, directors, officers, employees, agents, and attorneys, and each of their personal representatives, predecessors, successors and assigns (collectively, the "Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, setoffs, recoupments, costs and expenses (including, without limitation, attorneys' fees), whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, that either Party now has, had, may have had, or hereafter may have against any of the Releasees including but not limited to claims arising from or related to the Prepetition Surety Bond Program, the Indemnity Agreement, the Remaing Claim and the EDC Guarantee Claim, *provided that*, the Parties do not waive, release or discharge one another from any of their obligations under the Stipulation.

(b) **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, ACE FURTHER ACKNOWLEDGES AND EXPRESSLY WAIVES THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH A PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.**

---

[3] Capitalized terms used herein but not defined shall have the same meaning as in the Plan.

4

3. <u>No Further Claims</u>.  Upon the Effective Date, ACE shall be forever barred from (i) amending any of the ACE Claims (including the Remaining Claim) or (ii) filing or otherwise asserting any further claim arising from or relating to the the ACE Claims (including the Remaining Claim), or the facts underlying the ACE Claims (including the Remaining Claim), against any of the Debtors in the Debtors' chapter 11 cases.

4. <u>Entire Claim</u>.  ACE represents that, with respect to the Remaining Claim, ACE owns the entirety of the claims (as "claim" is defined in section 101(5) of the Bankruptcy Code) asserted in such Remaining Claim (including the Allowed ACE Claim).

5. <u>No Waiver</u>.  Nothing herein shall be deemed to constitute a waiver of (and the Debtors expressly reserve) any subrogation rights the Debtors may have with respect to the Canadian Debtors as contemplated by the Plan), the CCAA Plan of compromise or arrangement (including any exhibits, annexes and schedules thereto) for the Canadian Debtors filed in the CCAA Court on November 30, 2016, as it may be modified or supplemented in accordance with its terms or otherwise.

6. <u>Binding Effect</u>.  This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' chapter 11 cases.

7. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized written agreement between the Parties.

5

8. <u>No Transfer to a Third Party</u>.  ACE represents that they have not sold, assigned or otherwise transferred the Allowed ACE Claim or any of the claims being released pursuant to this Stipulation to a third party.

9. <u>No Admissions</u>.  Other than to the extent necessary to implement this Stipulation upon the occurrence of its Effective Date, each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Allowed ACE Claim.

10. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and in preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

11. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

12. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

13. <u>Court Approval</u>.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Debtors reserve all of their rights and defenses with respect to the Remaining Claim and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Remaining Claim or that they have any liability thereunder.

14. <u>Claims Register</u>.  The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

**[Rest of Page Intentionally Left Blank; Signature Page Follow]**

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: May __3__, 2017

| | |
|---|---|
| On behalf of Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc. Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., Nortel Networks (CALA) Inc., and Nortel Networks India International Inc.<br><br>By: _____<br>Name: John J. Ray III<br>Title: Principal Officer | Westchester Fire Insurance Company<br><br>By:_____<br>Name: Douglas J. Wills, Esquire<br>Title: Assistance Vice President and Surety Claims Manager, Chubb Surety<br><br><br>ACE American Insurance Company<br><br>By:_____<br>Name: Paul B. Bech<br>Title: Managing Counsel, Commercial Litigation, Global Counsel |

*Signature Page to Stipulation Resolving Claim No. 7056 by and between the Debtors and ACE*

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: April 17, 2017

| | |
|---|---|
| On behalf of Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc. Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc., Nortel Networks (CALA) Inc., and Nortel Networks India International Inc. | Westchester Fire Insurance Company<br><br>By: _____<br>Name: Douglas J. Wills, Esquire<br>Title: Assistance Vice President and Surety Claims Manager, Chubb Surety<br><br>ACE American Insurance Company<br><br>By: _____<br>Name: Paul B. Bech<br>Title: Managing Counsel, Commercial Litigation, Global Counsel |
| By: _____<br>Name: John J. Ray III<br>Title: Principal Officer | |

*Signature Page to Stipulation Resolving Claim No. 7056 by and between the Debtors and ACE*