IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                                                         :
                                                         :   Chapter 11
*In re*                                                  :
                                                         :   Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1]                       :
                                                         :   Jointly Administered
             Debtors.            :
                                                         :   RE: D.I. 18136
                                                         :
---------------------------------------------------------X

## ORDER AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO WAIVER AND RESERVE AGREEMENT

Upon the motion dated April 27, 2017 (the "Motion"),[2] of Nortel Networks Inc. ("NNI"), and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 1142 of the Bankruptcy Code, (i) authorizing and approving the Debtors' entry into the Waiver Agreement, attached hereto as Exhibit 1, and (ii) granting them such other and further relief as the Court deems just and proper; and this Court having determined that adequate notice of the Motion has been given as set forth in the Motion; and that no other or further notice is necessary; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Standing Order of Reference from the District Court dated February 29, 2012; and this Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having determined that the Debtors have demonstrated sound business justifications for entering into the Waiver Agreement and the legal and factual bases set forth in the Motion and presented on the record establish just cause for the relief requested in the Motion; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors are authorized to enter into the Waiver Agreement and to take any and all actions that may be reasonably necessary or appropriate to perform their obligations arising under the Waiver Agreement, and to enforce their rights arising under the Waiver Agreement, in each case on the terms and conditions contained therein.

3. The Waiver Agreement and this Order shall be binding upon the Debtors and all parties-in-interest in these chapter 11 cases, and any of their respective successors and assigns.

4. The Debtors, the Debtors' claim agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all necessary and appropriate actions to give effect to the Waiver Agreement.

5. The failure specifically to describe or include any particular provision of the Waiver Agreement in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Waiver Agreement be approved in its entirety.

6.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order. To the extent any provisions of this Order shall be inconsistent with the Motion or Waiver Agreement, the terms of this Order shall control.

Dated: May 5, 2017
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE