**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| Nortel Networks Inc., *et al.,* ) | Case No. 09-10138 (KG) |
| ) | (Jointly Administered) |
| Debtors.[1] ) | **Related to Docket Nos. 18020 and 18169** |
| SNMP Research International, Inc. ) | |
| and SNMP Research, Inc., ) | **Obj. Deadline: At or prior to the Hearing** |
| Plaintiffs, ) | **Hearing Date: May 11, 2017 at 11:00 a.m. (ET)** |
| ) | |
| v. ) | |
| ) | Adv. Proc. No. 11-53454 (KG) |
| Nortel Networks Inc., *et al.*, ) | |
| Defendants. ) | **Related to Adv. Docket Nos. 540 and 566** |

**MOTION FOR AUTHORIZATION TO FILE UNDER SEAL THE
PRE-HEARING BRIEF OF SNMP RESEARCH, INC. AND SNMP RESEARCH
INTERNATIONAL, INC. REGARDING THE SCHEDULE 1 ISSUE**

SNMP Research, Inc. and SNMP Research International, Inc. (together, "SNMP Research"), by and through their undersigned counsel, and pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), hereby moves (the "Seal Motion") for authorization to allow SNMP Research to file under seal its Pre-Hearing Brief (the "Pre-Hearing Brief") concerning Schedule 1A of the License Agreement between Nortel and SNMPRI dated December 23, 1999 (the "Nortel License"). In support of this Seal Motion, SNMP Research states as follows:

---

[1] In addition to Nortel Networks Inc., the debtors in these Chapter 11 cases are: Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc.; Nortel Networks (CALA) Inc.; and Nortel Networks India International Inc.

53651/0001-14449341v1

**JURISTICTION AND VENUE**

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested herein is Section 107(b) of the Bankruptcy Code, along with Bankruptcy Rule 9018 and Local Rule 9018-1(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

**BACKGROUND**

2. On November 2, 2011, SNMP Research filed its initial complaint (the "Initial Complaint") [Adv. D.I. 1] commencing this adversary proceeding. On November 3, 2011, SNMP Research filed its motion for authority to file the Initial Complaint under seal (the "Initial Seal Motion") [Adv. D.I. 3], in which the Debtors joined [Adv. D.I. 4]. On December 28, 2011, this Court entered an order [D.I. 20] approving the Initial Seal Motion.

3. On August 5, 2015, the Court entered in the Adversary Proceeding the *Order Approving Stipulation and Agreement Governing Production, Exchange and Filing of Confidential Materials* [Adv. D.I. 237], which authorized the parties to file documents under seal in the Adversary Proceeding without the requirement of filing a separate motion to that effect. SNMP Research files this motion out of an abundance of caution.

4. On March 17, 2017, the Court entered the *Scheduling Order Concerning the Motion to Amend Proofs of Claim and Schedule 1 Issue* (the "Scheduling Order") [Adv. D.I. 540], which scheduled an evidentiary hearing regarding the Schedule 1 Issue for May 11 and 12, 2017 (the "Schedule 1 Hearing").

5. In accordance with the Scheduling Order, SNMP Research filed the Pre-Hearing Brief on May 4, 2017.

6. The Pre-Hearing Brief contains information that SNMP Research has designated as confidential.

## RELIEF REQUESTED

7. By this Seal Motion, SNMP Research requests that the Court enter an order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b), authorizing it to file the Pre-Hearing Brief under seal, and directing that the Pre-Hearing Brief shall remain under seal, confidential, and not made available to anyone, except for: (i) the Court; (ii) the Debtors and their counsel; (iii) any persons or entities upon the written permission of both SNMP Research and the Debtors; and (iv) other parties upon further Court order.

## BASIS FOR RELIEF REQUESTED

8. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. §107(b).

9. Under section 107 of the Bankruptcy Code, the Court may enter an order that protects an entity from potential harm resulting from disclosure of a trade secret or confidential research, development or commercial information. Under Bankruptcy Rule 9018, the Court may

3

make any order which justice requires to protect the estate or any entity in respect of confidential research, development or commercial information.

10. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may seek an order protecting the disclosure of confidential proprietary information. Bankruptcy Rule 9018 provides, in relevant part, as follows:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]

Fed. R. Bankr. P. 9018.

11. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

12. The Court has broad authority to issue a protective order under Bankruptcy Rule 9018. *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

13. Courts have defined "commercial information" under section 107(b)(1) of the Bankruptcy Code as information that provides "'an unfair advantage to competitors'" because it reveals information regarding the disclosing entity's commercial operations. *See In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994). The Court of Appeals for the Second Circuit has further held that commercial information does not have to

4

rise to the level of a trade secret. *See In re Orion*, 21 F.3d at 28 (stating that section 107(b) of the Bankruptcy Code is drafted in the alternative such that protected information may be a trade secret or commercial information). Once a court finds that the information falls within the scope of section 107(b) of the Bankruptcy Code, the court is required to protect the interested entity from disclosure and lacks discretion to deny the request. *See In re Orion*, 21 F.3d at 27 (stating "the court is required to protect a requesting interested party and has not discretion to deny the application").

14.  As discussed herein, the Pre-Hearing Brief contains highly confidential information, including detailed and intricate discussion of SNMP Research's Intellectual Property and business practices, and allegations regarding how the Intellectual Property is used by the Debtors. Revealing such confidential information in a public filing may materially harm the Debtors and SNMP Research. Notably, the parties have generally been in agreement that documents such as the Pre-Hearing Brief should be filed under seal. Moreover, on similar grounds, this Court has authorized the filing of the Initial Complaint and First Amended Complaint under seal. Accordingly, SNMP Research requests permission from this Court to file the Pre-Hearing Brief under seal.

## **NOTICE**

15.  Notice of the Seal Motion has been provided to the Office of the United States Trustee for the District of Delaware and counsel for the Debtors.

**WHEREFORE**, SNMP Research respectfully requests that the Court enter an order substantially in the form attached hereto, granting the relief requested in the Seal Motion and such other and further relief as is just and proper.

53651/0001-14449341v1

| | |
|---|---|
| Dated: May 5, 2017 | **COLE SCHOTZ P.C.** |
| **OF COUNSEL** | */s/ Nicholas J. Brannick* |
| | Norman L. Pernick, Esq. (No. 2290) |
| Richard S. Busch, Esq. | Nicholas J. Brannick (No. 5721) |
| Andrew Coffman, Esq. | 500 Delaware Avenue, Suite 1410 |
| **King & Ballow Law Offices** | (302) 651-2002 (Phone) |
| 315 Union Street, Suite 1100 | (302) 652-3117 (Fax) |
| Nashville, TN 37201 | npernick@coleschotz.com |
| (615) 259-3456 (Phone) | nbrannick@coleschotz.com |
| (615) 726-5417 (Fax) | |
| rbusch@kingballow.com | -and- |
| acoffman@kingballow.com | |
| | G. David Dean, Esq. |
| -and- | 300 E. Lombard Street, Suite 2000 |
| | Baltimore, MD 21202 |
| John L. Wood, Esq. | 410-230-0660 (Phone) |
| **Egerton, McAfee, Armistead & Davis, P.C.** | 410-230-0667 (Fax) |
| 900 S. Gay Street | ddean@coleschotz.com |
| Knoxville, TN 37902 | |
| (865) 546-0500 (Phone) | *Counsel for Plaintiffs SNMP Research, Inc.* |
| (865) 525-5293 (Fax) | *and SNMP Research International, Inc.* |
| jwood@emlaw.com | |