# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- X
: 
*In re*  : Chapter 11
:
Nortel Networks Inc., *et al.,* : Case No. 09-10138 (KG)
:
                Debtors.[1] : Jointly Administered
:
: **RE:  D.I. 17795**
:
---------------------------------------------------------------- X

### NOTICE OF ENTRY OF CONFIRMATION ORDER AND OCCURRENCE OF EFFECTIVE DATE OF FIRST AMENDED JOINT CHAPTER 11 PLAN OF NORTEL NETWORKS INC. AND CERTAIN OF ITS AFFILIATED DEBTORS

TO:    ALL CREDITORS, HOLDERS OF CLAIMS OR INTERESTS AND OTHER PARTIES IN INTEREST IN THE DEBTORS' CHAPTER 11 CASES

      PLEASE TAKE NOTICE THAT on January 24, 2017, the United States Bankruptcy Court for the District of Delaware confirmed the Debtors' *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* [D.I. 17795-1] (the "Plan") attached as Exhibit A to the *Findings of Fact, Conclusions of Law and Order Confirming First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* [D.I. 17795] (the "Confirmation Order").

      PLEASE TAKE FURTHER NOTICE that on May 8, 2017, each of the conditions precedent to the effectiveness of the Plan occurred or was waived in accordance with the provisions of the Plan.  Accordingly, the Plan became effective and was substantially consummated on **May 8, 2017** (the "Effective Date").

      PLEASE TAKE FURTHER NOTICE that in accordance with the Plan, the Debtors anticipate making initial distributions to holders of Allowed Claims[2] on or before **July 7, 2017**, or as soon thereafter as practicable.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International, Inc. (8667). The First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors does not include a Chapter 11 Plan for Nortel Networks India International Inc.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

## ADMINISTRATIVE EXPENSE CLAIMS BAR DATE

Pursuant to the Plan, entities asserting Administrative Expense Claims that accrued on or before the Effective Date (other than Administrative Expense Claims that (i) have been paid, (ii) relate to payment of Professionals, or (iii) are expressly excluded from the Administrative Expense Claims Bar Date in accordance with paragraphs 89 and 109, respectively, of the Confirmation Order) must properly File such Claim(s) with the Claims Agent by mailing it to the Claims Agent at Nortel Networks Inc. Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, P.O. Box 4419, Beaverton, OR 97076-4419 and counsel to the Wind-Down Debtors at Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: James L. Bromley, Esq. & Lisa M. Schweitzer, Esq. and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., Wilmington, DE 19801, Attn: Derek C. Abbott, Esq. & Andrew R. Remming, Esq., (collectively, the "Notice Parties") *so as to be actually received* on or before the Administrative Expense Claims Bar Date of **June 7, 2017 at 5:00 p.m. (Prevailing Eastern Time). Any entity asserting an Administrative Expense Claim may download a form for Filing such claim(s) at http://dm.epiq11.com/nortel**. **Any Administrative Expense Claim that is not properly Filed and served by the Administrative Expense Claims Bar Date shall not appear on the register of Claims maintained by the Claims Agent and shall be disallowed automatically and forever barred without the need for any objection from the Debtors or any action by the Bankruptcy Court.** The Debtors and Wind-Down Debtors shall have one hundred and eighty (180) days (or such longer period as may be allowed by order of the Bankruptcy Court) following the Administrative Expense Claims Bar Date to review and File objections to all Administrative Expense Claims, if necessary. Unless the Debtors or the Wind-Down Debtors object to a timely filed and properly served Administrative Expense Claim prior to the deadline for doing so, such Administrative Expense Claim shall be deemed Allowed in the amount requested. In the event an objection is Filed, the parties may confer to try to reach a settlement and, failing that, Bankruptcy Court shall determine whether such Administrative Expense Claim should be allowed and, if so, in what amount. The Debtors and the Plan Administrator may settle Administrative Expense Claims in the ordinary course without further notice or Bankruptcy Court approval.

## PROFESSIONAL CLAIMS BAR DATE

Pursuant to the Plan, the deadline to file **Professional Claims shall be July 7, 2017 at 5:00 p.m. (Prevailing Eastern Time)** (the "Professional Claims Bar Date"). All final fee applications for Professional Claims for services rendered during or in connection with the Chapter 11 Cases and/or reimbursement of expenses incurred through the Effective Date, including substantial contribution claims under 11 U.S.C. § 503(b)(3)(D), shall be Filed with the Bankruptcy Court by no later than the Professional Claims Bar Date. **Holders of Professional Claims that are required to File and serve applications for final allowance of their Professional Claims and that do not File and serve such applications by the Professional Claims Bar Date shall be forever barred from asserting such Professional Claims against the Debtors, Wind-Down Debtors or their respective properties, and such Professional**

---

[2] Capitalized terms used herein shall have the meanings ascribed to them in the Confirmation Order or Plan, as applicable.

**Claims shall be deemed discharged as of the Effective Date.**  Except as otherwise specifically provided in this Plan, after the Effective Date, any requirement that Professionals comply with sections 327 through 331 and 1103 of the Bankruptcy Code or the Interim Compensation Order in seeking retention or compensation for services rendered after such date shall terminate, and, subject to the terms of the Plan Administration Agreement, the Plan Administrator may employ and pay any Professional for services rendered or expenses incurred after the Effective Date in the ordinary course to facilitate the wind down of the Wind-Down Debtors and effectuate the Plan without any further notice to any party or action, order or approval of the Bankruptcy Court.[3]

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Pursuant to the Plan and as of the Effective Date, all executory contracts and unexpired leases of the Debtors shall be deemed rejected, except for those executory contracts that (a) are assumed pursuant to the Plan, (b) have been assumed, assumed and assigned or rejected pursuant to previous orders of the Bankruptcy Court, or (c) are the subject of a pending motion or notice before the Bankruptcy Court with respect to the assumption or assumption and assignment of such executory contracts, including, without limitation, executory contracts referenced in Section 9.2 of the Plan and any exhibits thereto.  Any Claim for damages arising from any such rejection ("Rejection Damages Claim") must be Filed and served on the Notice Parties *so as to be actually received* on or before **June 7, 2017** (the "Rejection Damages Claim Bar Date").  **Any Rejection Damages Claim that is not properly Filed and served by the Rejection Damages Claim Bar Date shall not be enforceable against the Debtors or the Wind-Down Debtors and shall be disallowed automatically without the need for any objection from the Debtors or any action by the Bankruptcy Court**.

### BINDING EFFECT OF PLAN AND CONFIRMATION ORDER

The Plan the Plan Supplement, and all agreements, documents, instruments and certificates relating thereto, including the terms of the SPSA in accordance with the Plan, shall be effective and binding as of the Effective Date of the Plan, or as applicable, when executed or adopted thereafter, and shall be binding in accordance with their respective terms upon the Debtors, the Wind-Down Debtors, all holders of Claims and Interests and all other Persons that are affected in any manner by the Plan.  All Claims and debts shall be as fixed, adjusted, or compromised, as applicable, pursuant to the Plan regardless of whether any holder of a Claim or debt has voted on the Plan or whether or not the Claim or Interest of such holder is Impaired under the Plan.  If there is any direct conflict between the Plan, the Plan Supplement, all exhibits and addenda thereto (including the terms of the Plan, the Plan Supplement, all exhibits and addenda thereto, incorporated by reference herein), and the terms of the Confirmation Order, the terms of the Confirmation Order shall control.

---

[3] Professionals shall continue to comply with sections 327 through 331 of the Bankruptcy Code and the Interim Compensation Order with respect to requests for compensation for services rendered and reimbursement for expenses incurred while providing professional services to Nortel Networks India International Inc. after the Effective Date.

## AUTOMATIC STAY

Pursuant to the Plan, all injunctions or stays provided for in the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code,[4] or otherwise, shall be lifted and of no further force or effect—being replaced, to the extent applicable, by the injunctions, discharges, releases and exculpations of Article 13 of the Plan.

## FURTHER NOTICES

From and after the Effective Date, any Entity that, prior to the Effective Date, had requested from the Debtors or the Claims Agent to receive notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 must renew such request in writing to the Claims Agent in order to be included on the Wind Down Debtors' Post-Effective Date Bankruptcy Rule 2002 Notice List.

## COPIES OF PLAN RELATED DOCUMENTS

The Confirmation Order, Plan, the Administrative Expense Claim form and other documents and materials related to the Wind-Down Debtors' cases may be obtained at no charge from Epiq Bankruptcy Solutions, LLC ("Epiq"), the Claims Agent retained by the Debtors in these Chapter 11 Cases by accessing http://dm.epiq11.com/nortel or calling 1-844-319-7735 (Toll Free) or 1-503-520-4494 (International). You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at www.deb.uscourts.gov.

| | |
|---|---|
| Dated: May 8, 2017<br>Wilmington, DE | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | */s/ Tamara K. Minott*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120) |
| James L. Bromley (admitted pro hac vice)<br>Lisa M. Schweitzer (admitted pro hac vice)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999 | Tamara K. Minott (No. 5643)<br>Andrew J. Roth-Moore (No. 5988)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989 |
| and | *Counsel for the Debtors and Debtors in Possession* |

---

[4] None of the Plan, the Confirmation Order or this Notice modifies the automatic stay as it applies to Nortel Networks India International Inc. or its estate.

4