# TAB NO. 3

2013 WL 3949234
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court,
D. New Jersey.

Edward FEUERSTACK, on behalf of himself and all others similarly situated, Plaintiffs,
v.
Stanley WEINER, Esq.; and John Does 1–25, Defendants.

No. 2:12–CV–04253 SRCJAD.
|
July 30, 2013.

**Attorneys and Law Firms**

Joseph K. Jones, Law Offices of Joseph K. Jones, LLC, Fairfield, NJ, Laura S. Mann, Law Offices of Laura S. Mann, LLC, West Milford, NJ, for Plaintiffs.

John L. Slimm, Dante C. Rohr, Marshall, Dennehey, Warner, Coleman & Goggin, PC, Cherry Hill, NJ, for Defendants.

*OPINION*

JOSEPH A. DICKSON, U.S.M.J.

***1** This matter comes before the Court upon motion by plaintiff Edward Feuerstack, on behalf of himself and all others similarly situated ("Plaintiff"), to amend the complaint pursuant to Fed.R.Civ.P. 15 to redefine the scope of the putative class from New Jersey consumers to consumers nationwide (the "Motion to Amend"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiff's Motion to Amend is denied.

**I. *BACKGROUND*.**
The present motion in this class action, which alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), requires the Court to determine whether Plaintiff should be permitted to amend his complaint to redefine the putative class to include not only consumers in New Jersey, but consumers nationwide.

In the original complaint, filed on July 10, 2012 (Compl., ECF No. 1) (the "Complaint"), Plaintiff alleged that defendant Stanley Weiner, Esq. ("Defendant") violated the FDCPA by sending improper written collection communications, specifically by (a) failing to disclose the consumer's right to obtain verification of the alleged debt; (b) failing to disclose that Defendant was not admitted or licensed to practice law in the State of New Jersey and, therefore, could not commence a lawsuit against consumers in the State of New Jersey; (c) falsely representing the legal status of the alleged debt; and (d) falsely representing that the filing of legal action would result in additional expenses to the consumer. (*Id.* at ¶ 35).

Plaintiff defined the putative class as "[a]ll New Jersey consumers who were sent collection letters and/or notices from [Defendant] that contained at least one of the alleged violations arising from [Defendant's] violation of [the FDCPA]." (*Id.* at ¶ 11) (emphasis added). Plaintiff further defined the putative class period as "begin[ning] one year [prior] to the filing of this Action." (*Id.*).

Plaintiff asserted that during discovery, he learned that "the class of persons negatively impacted by the Defendant's FDCPA violations extended beyond just those residing in New Jersey." (Br. Supp. Mot. Amend 2, ECF No. 23–3). Therefore, Plaintiff now seeks to redefine the putative class as: "all consumers who were sent collection letters and/or notices from [Defendant] that contained at least one of the alleged violations arising from [Defendant's] violation of [the FDCPA]." (Proposed Am. Compl. ¶ 11, ECF No. 23–3). The putative class period remained unchanged.

Defendant opposed the Motion to Amend on the grounds that the claims of the putative nationwide class members are barred based on the expiration of the statute of limitations, and that relation back is improper under Fed.R.Civ.P. 15(c)(1)(C). [1]

---

[1] Defendant also argued that the Motion to Amend should be denied as untimely because Plaintiff failed to make the Motion returnable by April 15, 2013, as required by the Court's Amended Pretrial Scheduling Order of May 4, 2013 (ECF No. 19). Plaintiff filed the Motion to Amend on April 11, 2013.

Where deadlines for amending pleadings are the subject of a scheduling order and the deadlines have passed, the moving party must meet Rule 16's good cause standard in order to amend. *Stollings ex rel. Estate of Stallings v. IBM Corp.,* CIV. 08–3121 (RBK/JS), 2009 WL 2905471 (D.N.J. Sept 8, 2009)* (citation omitted). Under Rule 16, a schedule may be modified only for "good cause," which requires a showing that the delay "stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Fermin v. Toyota Material Handling, USA, Inc.,* No. 10–3722, 2012 WL 1393074, *3 (D.N.J. April 23, 2012)*). The Court finds that good causes exists to modify the Amended Pretrial Scheduling Order to allow the Court to consider the Motion to Amend based on Plaintiff's mistake, the lack of undue delay and the absence of any prejudice to Defendant

II. *DISCUSSION.*
Our analysis of relation back begins with Fed.R.Civ.P. 15(c), which governs the relation back of amendments to pleadings.

**\*2** Plaintiff argued that the proposed amendment expanding the scope of the putative class relates back to the filing of the original complaint under Fed.R.Civ.P. 15(c)(1)(B), which permits relation back where "the amendment asserts a claim or defense that arose of the same conduct, transaction or occurrence set out ... in the original pleading." (Br. Supp. Mot. Amend 4, ECF No. 23–3). However, when an amendment seeks to change a party against whom a claim is asserted, as opposed to changing merely the allegations set forth in the pleading, the relation back rule is more stringent. See *Cliff v. Payco Gen. Am. Credits, Inc.,* 363 F.3d 1113, 1131–32 (11th Cir.2004). In such an instance, an amendment relates back:

if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1)(C). As a result, when an amendment seeks to change a party against whom a claim is asserted (which is, in most circumstances, the defendant), Rule 15(c)(1)(C) requires more than a showing that the claim arose out of the same conduct or transaction originally pleaded; rather, this provision introduces considerations of both prejudice and notice

In this Circuit, three requirements must be satisfied in order for relation back pursuant to Rule 15(c)(1)(C) to be appropriate. First, "the claim or defense asserted in the amended pleading must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(1)(C). Second, "within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in ... received such notice of the action that it will not be prejudiced in defending on the merits." Fed.R.Civ.P. 1 5(c)(1)(C)(i). Third, within the period provided by Rule 4(m), the defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed.R.Civ.P. 15(c)(1)(C)(ii).

Rule 15(c)(1)(C) does not expressly refer to the addition of a new plaintiff; it facially applies only to an amendment that "changes the party or the naming of the party *against whom a claim is asserted."* Fed.R.Civ.P. 15(c)(1)(C) (emphasis added). However, the Third Circuit (and numerous other courts) has applied its requirements to the addition of new plaintiffs. *In re Cmty. Bank of N. Virginia,* 622 F.3d 275, 297 (3d Cir.2010) (citing *Nelson v. Ailegheny County,* 60 F.3d 1010, 1014 n. 7 (3d Cir.1995)); *see also* Advisory Committee Notes on the 1996 Amendments to Fed.R.Civ.P. 15 ("The relation back of amendments changing plaintiffs is not expressly treated in revised rule 15(c) since the problem is generally easier [than that of amendments changing defendants]. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in ... Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.").

**\*3** There is a dispute among courts, however, as to the appropriate standard to apply when an amendment seeks to add additional plaintiffs (as opposed to additional defendants or additional claims against existing defendants)—particularly in the class action context. Some courts, for example, have relaxed the mistake

requirement. *Allen v. Nat'l R.R. Passenger Corp., (Amtrak),* No. 03–cv–3497, 2004 WL 2830629, *9 (E.D.Pa. Dec.7, 2004); *see also Blanchard v. Edgemark Fin. Corp.,* 94 C 1890, 2000 WL 33223385, *7 (N.D.Ill. May 22, 2000) (comparing *In re Bausch & Lamb, Inc. Sec. Litig.,* 941 F.Supp. 1352, 1364 (W.D.N.Y.1996), and *Nelson v. County of Allegheny,* 60 F.3d 1010, 1014 (3d Cir.1995), with *U.S. ex rel. Koch v. Koch Indus.,* 188 F.R.D. 617, 1999 WL 504545, at *13–14 (N.D.Okla.1999)). Moreover, other circuits have adopted tests that differ from the traditional three element Rule 15(c)(1)(C) analysis for determining whether an amendment that adds plaintiffs should relate back in the class action context For instance, the Ninth Circuit developed a test whereby an amendment relates back if (1) the original complaint gave the defendant adequate notice of the claims of the newly-proposed plaintiff, (2) the relation back does not unfairly prejudice the defendant, and (3) then is an identity of interests between the original plaintiff and the newly-proposed plaintiff. *See Cliff v. Payco Gen. Am. Credits, Inc.,* 363 F.3d 1113, 1131–32 (11th Cir.2004) (citing *In re Syntex Corp. Sec. Litig.,* 95 F.3d 922, 935 (9th Cir.1996)). Although these courts do not explicitly apply Rule 15(c)(1)(C), their judicially-created tests still turn upon considerations of notice and prejudice. *Id.* However, under these tests, courts generally assume that if there is an identity of interest among the original and new plaintiffs, a defendant had notice of claims of such plaintiffs and would suffer no prejudice by their addition. *Blanchard v. Edgemark Fin. Corp.,* 94 C 1890, 2000 WL 33223385, *7 (N.D.Ill. May 22, 2000); *see also Page v. Pension Ben. Guar. Corp.,* 130 F.R.D. 510, 512–13 (D.D.C.1990).

Indeed, in *In re Cmty. Bank of N. Virginia,* the Third Circuit recognized the possible incongruity of applying Rule 15(c)(1)(C) to an amendment that adds plaintiffs to a class action. 622 F.3d 275, 298 (3d Cir.2010). There, the Third Circuit contemplated a hypothetical situation in which a named class member died or no longer had standing to pursue a claim on behalf of the class. *Id.* The Court stated that applying Rule 15(c)(1)(C), with its mistake requirement, to an amended class complaint that sought to add a new plaintiff for these reasons "could never relate back to the initial complaint ... because the failure to name the party as a plaintiff in the original complaint was not the result of a 'mistake concerning the proper party's identity." ' *Id.* The Third Circuit stated: "In this context, the better conclusion may be that an amended complaint adding a class member of the new named plaintiff need only satisfy Rule 15(c)(1)(C) to relate back to an earlier complaint"—which would require only that the claims arise out of the same conduct, transaction or occurrence set out in the original pleading. *Id.*

**\*4** Nevertheless, this Court is guided by precedent in this Circuit that continues to demand the satisfaction of all three elements, including both a mistake concerning the identity of the new party, and notice within the time provided by Rule 4(m). *See Nelson,* 60 F.3d at 1014; *Allen v. Nat'l R.R. Passenger Corp., (Amtrak),* 2004 WL 2830629 at *9. In so doing, the Court finds that Plaintiffs amendments expanding the putative class from New Jersey consumers to consumers nationwide do not relate back to the initial complaint because Plaintiff failed to satisfy the notice and prejudice requirements.

Plaintiffs contended that the claims asserted on behalf of the nationwide class involve the same basic conduct alleged in the original complaint, which was filed on July 10, 2012, namely the filing of improper collection letters that violate the FDCPA. However, it is indisputable that Defendant was not on notice that he could be called upon to defend against claims on a nationwide basis until January 23, 2013, when Plaintiff first filed a motion to amend the Complaint—which is beyond the 120 day period provided by Rule 4(m). (Mot. Amend, ECF No. 11). [2]

[2] Plaintiff ultimately withdrew its original motion to amend (ECF No. 11) by consent order (ECF No. 16).

Statutes of limitations ensure that defendants are "protected against the prejudice of having to defend against stale claims, as well as the notion that, at some point, claims should be laid to rest so that security and stability can be restored to human affairs." *Nelson v. Cnty. of Allegheny,* 60 F.3d at 1014 (citations omitted). In order to preserve this protection, the relation-back rule requires plaintiffs to show that the already commenced action sufficiently embraces the amended claims so that defendants are not unfairly prejudiced by these late-coming plaintiffs and that plaintiffs have not slept on their rights. *Id.* Although there is a conflict of authority regarding whether an amended pleading asserting a nationwide class can relate back to an initial pleading asserted in a smaller class—indeed, the Third Circuit acknowledged such a conflict in In re Cmty. Bank of N. Virginia. 622 F.3d at 306 n. 23, but did not resolve the

issue—this Court finds that, in light of precedent in this Circuit that continues to demand the satisfaction of all three elements, Plaintiff failed to satisfy the notice element of Rule 15(c)(1)(C). *In re Cmty. Bank of N. Virginia,* 622 F.3d 275, 307 (3d Cir.2010) (comparing *Cliff v. Payco Gen. Am. Credits, Inc.,* 363 F.3d 1113, 1131–33 (11th Cir.2004) (holding that an amended complaint expanding the class action to assert a nationwide class did not relate back under Rule 15(c) to the initial complaint, which asserted only a statewide class); with *Schillinger v. Union Pac. R.R. Co.,* 425 F.3d 330, 334 (7th Cir.2005) ("[T]he expansion of a proposed class does not change the parties to the litigation nor does it add new claims.")). Without adequate notice, the Court finds that the expansion of the proposed class would unduly prejudice Defendant. Thus, amendment is improper under Rule 15(c).

### III. *CONCLUSION.*

**\*5**  For the reasons set forth above, Plaintiffs Motion to Amend (ECF No. 23) is denied.

SO ORDERED

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 3949234

End of Document    © 2017 Thomson Reuters. No claim to original U.S. Government Works.