**EXHIBIT B**

**SETTLEMENT STIPULATION**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ----------------------------------------------------------X : | |
| *In re* : | Chapter 11 |
| : | |
| Nortel Networks Inc., *et al.*,[1] : | Case No. 09-10138 (KG) |
| : | |
| Debtors. : | Jointly Administered |
| : | |
| ----------------------------------------------------------X | |

## STIPULATION RESOLVING CLAIMS BY AND BETWEEN THE AFFILIATES OF VERIZON COMMUNICATIONS, INC. AND NORTEL NETWORKS INC.

This stipulation (the "Stipulation") is entered into by and between Nortel Networks Inc. ("NNI") and the affiliates of Verizon Communications Inc. (collectively, "Verizon" or the "Claimants," and together with NNI, the "Parties")[2]. The Parties hereby stipulate and agree as follows:

WHEREAS, on January 14, 2009, July 14, 2009, and July 26, 2016 (the "Petition Dates"), NNI and its affiliated debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] The definition of "Verizon" or "Claimants" includes, without limitation, Verizon Communications Inc. and all wholly-owned subsidiaries of Verizon Communications Inc. (including, without limitation, Verizon Corporate Services Group Inc., Verizon Services Corp., Verizon Network Integration Corp., Verizon Business Network Services Inc., Verizon Select Services Inc., MCI Communications Services, Inc. d/b/a Verizon Business Services and the local operating telephone company subsidiaries of Verizon Communications Inc.) and Cellco Partnership and its affiliates, collectively d/b/a Verizon Wireless.

Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (Case No. 09-10138 (KG) (Jointly Administered)); and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc. and Nortel Networks India International, Inc.), January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) and September 19, 2016 (for claims against Nortel Networks India International, Inc.) for filing proofs of claim in these cases; and

WHEREAS, on January 24, 2017, the Bankruptcy Court confirmed the Debtors' Chapter 11 Plan (the "Plan")[3], which provides for payment in full to holders of secured claims [D.I. 17795] (the "Confirmation Order"); and

WHEREAS, Verizon asserts that NNI owes certain sums to Verizon for unpaid pre-petition Telecom Charges (the "Trade Claims"); and

WHEREAS, Verizon claims indemnification from NNI under the "warranty and/or indemnification provisions" of a Global Business Partner Agreement between Verizon Network Integration Corporation and NNI, pursuant to which NNI supplied an allegedly faulty telecommunications switch to Verizon Select Services Inc. ("VSSI") that was incorporated into a project that VSSI performed for one of its customers and ultimately gave rise to a lawsuit by the customer against VSSI (the "Switch Claim"); and

WHEREAS, Verizon claims indemnification from NNI for Verizon's liability arising out of a patent infringement action entitled Voxpath Networks, Inc. v. Verizon Commc'ns, Inc. et al., No. 08-cv-127 (E.D. Tex), on the grounds that certain Nortel products were allegedly implicated in the Voxpath litigation (the "Voxpath Claim"); and

---

[3] The Plan did not include a Chapter 11 Plan for Debtor Nortel Networks India International Inc. ("NNIII") and the Confirmation Order therefore did not confirm a Chapter 11 Plan for NNIII.

2

WHEREAS, on or about January 20, 2009, Verizon withheld payments due to NNI totaling approximately $137,000,000, requesting that they be permitted to apply existing customer credits to these payments; and

WHEREAS, in response to this request by Verizon and certain other customers, the Debtors asked that the Court enter an order clarifying the rights of their customers, including Verizon, with respect to certain customer credits, and such order was entered on February 5, 2009 [D.I. 237] (the "Customer Order"); and

WHEREAS, the Customer Order specified that all then-existing rights of the Debtors' customers, including Verizon, to assert rights of setoff or recoupment were expressly reserved notwithstanding any payments by such customers to the Debtors; and

WHEREAS, during the first week of February 2009, Verizon resumed making payments to NNI on outstanding invoices, and following the entry of the Customer Order continued making payments to NNI, and such payments were complete as of the end of 2010 (the "Verizon Payments"); and

WHEREAS, on or about September 29, 2009, Verizon timely filed proof of claim No. 5521 in the asserted amount of $11,207,760.90 plus an unliquidated amount (the "Claim"), asserting a claim for liquidated amounts of $516,674.97 for the Trade Claims and $10,691,085.93 for the Switch Claim, as well as an unliquidated amount for the Voxpath Claim; and

WHEREAS, NNI disputes the validity of the Trade Claims, the Switch Claim and the Voxpath Claim, including the amounts asserted for such claims; and

WHEREAS, in the Claim, Verizon also claimed the right to set off its various claims against the Verizon Payments, on the grounds that this right existed pre-petition and the Customer Order preserved this right; and

WHEREAS, NNI disputes that Verizon is entitled to take a set off in the amount it seeks against the amounts asserted in the Claim; and

WHEREAS, subsequent to the filing of the Claim, Verizon informed the Debtors that it had resolved its dispute with the customer that had purchased the allegedly faulty switch implicated in the Switch Claim for a settlement amount of $3,461,301 (the "Revised Switch Claim Amount"), and communicated to the Debtors that it would thereafter only seek to recover the Revised Switch Claim Amount, rather than the $10,691,085.93 initially claimed, on account of the Switch Claim; and

WHEREAS, on September 9, 2010, Verizon filed a Motion for (A) Modification of the Automatic Stay, (B) Determination of Verizon's Pre-Petition Rights of Setoff, and (C) An Order Requiring Verizon's Setoff Rights to be Effectuated and Satisfied by Debtor Nortel Networks, Inc. [D.I. 3901] (the "Setoff Motion"), to which the Debtors filed a response on November 8, 2010 [D.I. 4259], and Verizon filed a reply to the Debtors' response on November 18, 2010 [D.I. 4350]; and

WHEREAS, the Setoff Motion was heard by the Bankruptcy Court in a hearing on November 23, 2010, but a ruling on the Setoff Motion has not been rendered to date; and

WHEREAS, subsequent to the filing of the Claim, Verizon resolved its dispute giving rise to the Voxpath Claim through a confidential settlement, and communicated to the Debtors that it now sought $450,000 from the Debtors on account of the Voxpath Claim; and

WHEREAS, pursuant to the Stipulation Establishing Adequate Assurance of Payment to the Affiliates of Verizon Communications Inc. as approved by the Bankruptcy Court on March 4, 2009 [D.I. 415] (the "Adequate Assurances Order"), NNI and the other Debtors have paid all invoices issued by Verizon for post-petition Verizon Services provided to the Debtors in the ordinary course of business in accordance with the applicable agreements between Verizon and the Debtors, and therefore Verizon owes NNI the return of its adequate assurance deposit totaling $192,751.04 upon the Effective Date; and

WHEREAS, the Parties have engaged in arm's-length negotiations and, in order to avoid the potentially substantial and burdensome costs and risks associated with litigating the Claim, which ultimate outcome the Parties acknowledge and agree is uncertain, the Parties have agreed to this Stipulation to resolve their disputes; and

WHEREAS, the Parties have agreed that the Claim should be allowed as a Class A2 Secured Claim against NNI in the amount of $1,957,248.96 (and paid in cash by NNI to Verizon upon the later of the effective date of the Plan or within ten (10) days of entry of an Order approving this Stipulation), representing a settlement amount of $2,150,000 for resolution of Verizon's Claim less $192,751.04 for amounts owed by Verizon to NNI pursuant to the Adequate Assurances Order, and Verizon and NNI agree that they shall have no further claims against each other, including under the Claim or the Adequate Assurances Order.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Resolution of Claim.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation:

(a)     The Claim shall be fully and finally allowed as a Class A2 Secured Claim against Nortel Networks, Inc. in the amount of $1,957,248.96 (and paid in cash by NNI to Verizon upon

5

upon the later of the effective date of the Plan or within ten (10) days of entry of an Order approving this Stipulation).

(b) The allowance of the Claim as described in paragraph 1(a) shall be granted in full satisfaction of any and all claims that have been or could have been asserted in the Claim or under the Adequate Assurances Order, and in satisfaction of Verizon's claimed right of setoff, and shall amend and supersede any and all claim amounts the Debtors list in their Schedules arising from or related to the facts underlying the Claim or the Adequate Assurances Order. The Claimants and the Debtors shall not have any further claims against each other, including based on the Debtors' scheduling of the Claim and based on Verizon's liabilities to NNI described in this Stipulation.

(c) No post-Petition Date interest (or make whole premium, no-call payment or similar claim accruing post-Petition Date) shall be included in the allowance of the Claim, nor be paid on the Claim by any Debtor.

2. <u>Release of Debtors</u>.

(a) Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, the Claimants release and forever discharge the Debtors, their past and present subsidiaries, directors, officers, employees, agents, attorneys, solicitors and advisors, and each of their predecessors, successors and assigns (collectively, the "<u>Releasees</u>"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued, matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, whether sounding in contract, tort or otherwise (collectively "<u>Claims</u>"), that the Claimants now have, had, may have had, or hereafter may have against any of the Releasees in connection with or related

to the Debtors or their Bankruptcy Cases, including (without limitation) the Claim and the Adequate Assurances Order (collectively, the "Settled Matters") and the Claimants hereby covenant forever not to sue or bring any Claims against the Releasees concerning or relating to the Settled Matters, provided, for the avoidance of doubt, this paragraph 5(a) shall not release or apply to the obligations of the Debtors under this Agreement.  Nothing in this Stipulation shall be deemed to release, waive or eliminate any claim of Verizon against any purchaser or assignee of assets or the business of the Debtors that arose after the closing of the relevant purchase or assignment, or against any affiliate of the Debtors that is not a Debtor in the above-styled bankruptcy cases.

(b) **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, THE CLAIMANTS FURTHER ACKNOWLEDGE AND EXPRESSLY WAIVE THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CLAIMANTS DO NOT KNOW OR SUSPECT TO EXIST IN THEIR FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.**

3. Release of Claimants.

(a) Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, the Debtors release and forever discharge the Claimants, their past and present subsidiaries, directors, officers, employees, agents, attorneys, solicitors and advisors, and each of their predecessors, successors and assigns (collectively, the "Verizon Releasees"), from any and all claims, rights, defenses, demands, liabilities, obligations, damages, actions, suits, causes of action, and setoffs, whether known or unknown, suspected or unsuspected, accrued or unaccrued,

matured or unmatured, past or present, fixed or contingent, liquidated or unliquidated, whether sounding in contract, tort or otherwise (collectively "Claims"), that the Debtors now have, had, may have had, or hereafter may have against any of the Verizon Releasees in connection with or related to the Debtors or their Bankruptcy Cases, including (without limitation) the Claim and the Adequate Assurances Order (collectively, the "Settled Matters") and the Debtors hereby covenant forever not to sue or bring any Claims against the Verizon Releasees concerning or relating to the Settled Matters, provided, for the avoidance of doubt, this paragraph 5(a) shall not release or apply to the obligations of the Claimants under this Agreement.

(b)    **WITH RESPECT TO THE RELEASES PROVIDED HEREIN, THE DEBTORS FURTHER ACKNOWLEDGE AND EXPRESSLY WAIVE THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH A PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.**

4.  No Further Claims.  Effective upon the entry of an order by the Bankruptcy Court approving this Stipulation, and subject to the Debtors' compliance with the terms of this Stipulation, the Claimants shall be forever barred from (i) amending the Claim or (ii) filing or otherwise asserting any further claim arising from or relating to the Claim or Adequate Assurances Order, or the facts underlying the Claim or Adequate Assurances Order, against any of the Debtors in the Debtors' chapter 11 cases.

5.  Entire Claim.  The Claimants represent that, with respect to the Claim, the Claimants own the entirety of the claims (as "claim" is defined in section 101(5) of the Bankruptcy Code)

asserted in such Claim, including all claims listed in the Schedules arising from or related to the facts underlying such Claim.

6. <u>Binding Effect</u>.  This Stipulation and the Order approving the Stipulation shall be binding upon any successors or assigns of the Parties, including any trustee or receiver subsequently appointed in the Debtors' chapter 11 cases.

7. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof and this Stipulation cannot be amended except by an authorized written agreement between the Parties.

8. <u>No Transfer to a Third Party</u>.  The Claimants represent that they have not sold, assigned or otherwise transferred the Claim or any of the claims being released pursuant to this Stipulation to a third party.

9. <u>No Admissions</u>.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal issue raised in or relating to the Claim.

10. <u>Costs and Expenses</u>.  Each Party agrees to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses or attorneys' fees.

11. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising hereunder.

12. <u>Manner of Execution</u>.  This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

13. <u>Court Approval</u>.  All provisions of this Stipulation are subject to the approval of the Bankruptcy Court.  In the event this Stipulation is not approved, the Parties reserve all of their rights and defenses with respect to the Claim and Adequate Assurances Order and this proposed settlement shall not constitute an admission by the Debtors or their affiliates regarding the validity of the Claim or that they have any liability thereunder.

14. <u>Claims Register</u>.  The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

[*Remainder of Page Left Intentionally Blank*]

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: _____

| Nortel Networks Inc. | The Affiliates of Verizon Communications, Inc. |
|---|---|
| By: _____ | By:_____ |
| Name: John J. Ray, III | Name: |
| Title: Principal Officer | Title: |

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation.

Dated: _____

Nortel Networks Inc.                             The Affiliates of Verizon Communications, Inc.

By: _____                      By: _____

Name: John J. Ray, III                           Name: William Vometh
Title: Principal Officer                         Title: Asst. General Counsel

*Signature Page - Stipulation Resolving Claims By and Between*
*The Affiliates of Verizon Communications, Inc. and Nortel Networks Inc.*