IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X
:
: Chapter 11
*In re* :
:
Nortel Networks Inc., *et al.*,[1] : Case No. 09-10138 (KG)
:
Debtors. : (Jointly Administered)
: Re: D.I. 18172
------------------------------------------------------X

**ORDER APPROVING (I) THE STIPULATION RESOLVING CLAIM NO. 3948
BY AND BETWEEN THE DEBTORS AND EXPORT DEVELOPMENT CANADA
AND (II) THE STIPULATION RESOLVING CLAIM NO. 7056 BY
AND BETWEEN THE DEBTORS AND ACE AMERICAN INSURANCE COMPANY**

Upon the motion (the "Motion"),[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 502 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) authorizing Debtors' entry into and approving the Stipulations, attached to the Motion as Exhibit B and Exhibit C, and (ii) granting such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that

---

[1] In addition to Nortel Networks Inc. ("NNI"), the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International, Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the Debtors have demonstrated sound business justifications for entering into the Stipulations and that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion; and, taking into account the anticipated costs and risks associated with litigating the EDC Guarantee Claim and the Remaining ACE Claim, the Court having determined that the Stipulations and the related relief requested by the Motion are fair, reasonable and in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to enter into the Stipulations, and the Stipulations are approved in their entirety.

3. The Debtors are authorized, but not directed, to take any and all actions that may be reasonably necessary or appropriate to perform their obligations and enforce their rights arising under the Stipulations.

4. Nothing herein shall limit the Debtors' right to be subrogated into the EDC Primary Claim if EDC has received an aggregate amount of distributions on account of the EDC Primary Claim and the EDC Guarantee Claim equal to 100% of the greater of (i) its pre-filing allowed claim (U.S.), and (ii) Proven Claim (Canada) when taking into account distributions received from both the Canadian Debtor estate and guarantor Debtor estate in accordance with the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of Its Affiliated Debtors;

5. The failure specifically to describe or include any particular provision of either of the Stipulations in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Stipulations be approved in their entireties.

6. The Stipulations and this Order shall be binding upon the Debtors, EDC, ACE and all parties-in-interest in these Chapter 11 cases, and any of their respective successors and assigns, including without limitation any purchasers or other acquirers of claims in respect to the Settled Claims.

7. The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to the Stipulations.

8. Notwithstanding anything in the Motion, the Stipulations or this Order to the contrary, the effectiveness of each Stipulation is conditional upon the effectiveness of the other.

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 23, 2017
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

3