## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------X
                       :

*In re*                            :        Chapter 11

                       :

Nortel Networks Inc., *et al.*,[1]      :        Case No. 09-10138 (KG)

                       :

             Debtors.      :        Jointly Administered

                       :

                       :        **Objections due:  June 14, 2017 at 4 p.m.**

                       :

----------------------------------------------------------X

### EIGHTY-SIXTH MONTHLY APPLICATION OF CHILMARK PARTNERS, LLC, AS CONSULTING EXPERT TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM <u>REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES</u>

| | |
|---|---|
| Name of Applicant: | **CHILMARK PARTNERS, LLC** |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | March 31, 2010 <u>nunc</u> <u>pro</u> <u>tunc</u> to March 4, 2010 |
| Period for which Compensation and Reimbursement is sought: | April 1, 2017 Through April 30, 2017 |
| Amount of compensation sought as actual, reasonable and necessary: | $250,000.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $0.00 |

This is an  <u> x </u>  interim                <u>   </u>  final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Summary of Prior Monthly Fee Applications:

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 5/21/10 | 3/4/10 – 3/31/10 | $225,806.00 | $9,845.96 | $225,806.00 | $9,845.96 |
| 5/21/10 | 4/1/10 – 4/30/10 | $250,000.00 | $12,985.82 | $250,000.00 | $12,985.82 |
| 6/18/10 | 5/1/10 – 5/31/10 | $250,000.00 | $20,320.30 | $250,000.00 | $20,320.30 |
| 7/22/10 | 6/1/10 – 6/30/10 | $250,000.00 | $8,903.91 | $250,000.00 | $8,903.91 |
| 8/27/10 | 7/1/10 – 7/31/10 | $250,000.00 | $6,402.17 | $250,000.00 | $6,402.17 |
| 9/23/10 | 8/1/10 – 8/31/10 | $250,000.00 | $10,578.53 | $250,000.00 | $10,578.53 |
| 10/19/10 | 9/1/10 – 9/30/10 | $250,000.00 | $20,650.22 | $250,000.00 | $20,650.22 |
| 11/19/10 | 10/1/10 – 10/31/10 | $250,000.00 | $3,051.77 | $250,000.00 | $3,051.77 |
| 12/17/10 | 11/1/10 – 11/30/10 | $250,000.00 | $17,793.78 | $250,000.00 | $17,793.78 |
| 1/25/11 | 12/1/10 – 12/31/10 | $250,000.00 | $6,576.75 | $250,000.00 | $6,576.75 |
| 2/22/11 | 1/1/11 – 1/31/11 | $250,000.00 | $17,111.12 | $250,000.00 | $17,111.12 |
| 3/24/11 | 2/1/11 – 2/28/11 | $250,000.00 | $14,189.10 | $250,000.00 | $14,189.10 |
| 4/26/11 | 3/1/11 – 3/31/11 | $250,000.00 | $8,266.82 | $250,000.00 | $8,266.82 |
| 5/18/11 | 4/1/11 – 4/30/11 | $250,000.00 | $16,856.57 | $250,000.00 | $16,856.57 |
| 7/18/11 | 5/1/11 – 5/31/11 | $250,000.00 | $3,227.29 | $250,000.00 | $3,227.29 |
| 7/18/11 | 6/1/11 – 6/30/11 | $250,000.00 | $12,401.19 | $250,000.00 | $12,401.19 |
| 8/25/11 | 7/1/11 – 7/31/11 | $250,000.00 | $3,707.91 | $250,000.00 | $3,707.91 |
| 10/18/11 | 8/1/11 – 8/31/11 | $250,000.00 | $4,933.16 | $250,000.00 | $4,933.16 |
| 10/18/11 | 9/1/11 – 9/30/11 | $250,000.00 | $2,769.22 | $250,000.00 | $2,769.22 |
| 11/14/11 | 10/1/11 – 10/31/11 | $250,000.00 | $22,167.79 | $250,000.00 | $22,167.79 |
| 1/23/12 | 11/1/11 – 11/30/11 | $250,000.00 | $7,866.30 | $250,000.00 | $7,866.30 |
| 1/23/12 | 12/1//11– 12/31/11 | $250,000.00 | $7,315.29 | $250,000.00 | $7,315.29 |
| 2/23/12 | 1/1/12 – 1/31/12 | $250,000.00 | $11,322.30 | $250,000.00 | $11,322.30 |
| 3/23/12 | 2/1/12 – 2/29/12 | $250,000.00 | $8,509.58 | $250,000.00 | $8,509.58 |
| 5/18/12 | 3/1/12 – 3/31/12 | $250,000.00 | $3,780.23 | $250,000.00 | $3,780.23 |
| 5/18/12 | 4/1/12 – 4/30/12 | $250,000.00 | $1,482.32 | $250,000.00 | $1,482.32 |
| 8/1/12 | 5/1/12 – 5/31/12 | $250,000.00 | $142.24 | $250,000.00 | $142.24 |
| 8/1/12 | 6/1/12 – 6/30/12 | $250,000.00 | $ - | $250,000.00 | $ - |
| 8/23/12 | 7/1/12 – 7/31/12 | $250,000.00 | $1,701.08 | $250,000.00 | $1,701.08 |

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 10/31/12 | 8/1/12 – 8/31/12 | $250,000.00 | $3,421.09 | $250,000.00 | $3,421.09 |
| 10/31/12 | 9/1/12 – 9/30/12 | $250,000.00 | $1,750.76 | $250,000.00 | $1,750.76 |
| 11/19/12 | 10/1/12 – 10/31/12 | $250,000.00 | $10,984.37 | $250,000.00 | $10,984.37 |
| 1/7/13 | 11/1/12 – 11/30/12 | $250,000.00 | $ - | $250,000.00 | $ - |
| 1/31/13 | 12/1/12 – 12/31/12 | $250,000.00 | $ - | $250,000.00 | $ - |
| 2/26/13 | 1/1/13 – 1/31/13 | $250,000.00 | $12,733.42 | $250,000.00 | $12,733.42 |
| 5/17/13 | 2/1/13 – 2/28/13 | $250,000.00 | $ - | $250,000.00 | $ - |
| 5/20/13 | 3/1/13 – 3/31/13 | $250,000.00 | $953.16 | $250,000.00 | $953.16 |
| 5/22/13 | 4/1/13 – 4/30/13 | $250,000.00 | $3,639.82 | $250,000.00 | $3,639.82 |
| 7/22/13 | 5/1/13 – 5/31/13 | $250,000.00 | $4,809.32 | $250,000.00 | $4,809.32 |
| 7/22/13 | 6/1/13 – 6/30/13 | $250,000.00 | $2,652.23 | $250,000.00 | $2,652.23 |
| 8/29/13 | 7/1/13 – 7/31/13 | $250,000.00 | $2,301.47 | $250,000.00 | $2,301.47 |
| 10/1/13 | 8/1/13 – 8/31/13 | $250,000.00 | $2,631.54 | $250,000.00 | $2,631.54 |
| 11/25/13 | 9/1/13 – 9/30/13 | $250,000.00 | $109.91 | $250,000.00 | $109.91 |
| 11/25/13 | 10/1/13 – 10/31/13 | $250,000.00 | $3,903.79 | $250,000.00 | $3,823.79 |
| 2/21/14 | 11/1/13 – 11/30/13 | $250,000.00 | $15,914.92 | $250,000.00 | $15,914.92 |
| 2/21/14 | 12/1/13 – 12/31/13 | $250,000.00 | $1,823.09 | $250,000.00 | $1,823.09 |
| 2/21/14 | 1/1/14 – 1/31/14 | $250,000.00 | $11,434.22 | $250,000.00 | $11,434.22 |
| 4/30/14 | 2/1/14-2/28/14 | $250,000.00 | $7,802.24 | $250,000.00 | $7,802.24 |
| 5/22/14 | 3/1/14-3/31/14 | $250,000.00 | $12,198.72 | $250,000.00 | $12,198.72 |
| 5/28/14 | 4/1/14-4/30/14 | $250,000.00 | $2,230.05 | $250,000.00 | $2,230.05 |
| 7/31/14 | 5/1/14-5/31/14 | $250,000.00 | $2,505.98 | $250,000.00 | $2,505.98 |
| 7/31/14 | 6/1/14-6/30/14 | $250,000.00 | $3,020.50 | $250,000.00 | $3,020.50 |
| 8/26/14 | 7/1/14-7/31/14 | $250,000.00 | $6,098.34 | $250,000.00 | $6,098.34 |
| 10/16/14 | 8/1/14-8/31/14 | $250,000.00 | $4,368.22 | $250,000.00 | $4,368.22 |
| 10/24/14 | 9/1/14-9/30/14 | $250,000.00 | $5,154.74 | $250,000.00 | $5,154.74 |
| 11/20/14 | 10/1/14-10/31/14 | $250,000.00 | $2,299.33 | $250,000.00 | $2,299.33 |
| 2/3/15 | 11/1/14-11/30/14 | $250,000.00 | $3,468.74 | $250,000.00 | $3,468.74 |
| 2/3/15 | 12/1/14-12/31/14 | $250,000.00 | $2,277.33 | $250.000.00 | $2,277.33 |

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 2/20/15 | 1/1/15 – 1/31/15 | $250,000.00 | $ - | $250,000.00 | $ - |
| 4/21/15 | 2/1/15-2/28/15 | $250,000.00 | $1,776.51 | $250,000.00 | $1,776.51 |
| 4/21/15 | 3/1/15-3/31/15 | $250,000.00 | $ - | $250,000.00 | $ - |
| 5/27/15 | 4/1/15-4/30/15 | $250,000.00 | $ - | $250,000.00 | $ - |
| 7/17/15 | 5/1/15-5/31/15 | $250,000.00 | $4,225.84 | $250,000.00 | $4,225.84 |
| 7/24/15 | 6/1/15-6/30/15 | $250,000.00 | $1,616.33 | $250,000.00 | $1,616.33 |
| 8/27/15 | 7/1/15-7/31/15 | $250,000.00 | $2,219.28 | $250,000.00 | $2,219.28 |
| 10/6/15 | 8/1/15-8/31/15 | $250,000.00 | $1,415.61 | $250,000.00 | $1,415.61 |
| 10/6/15 | 9/1/15-9/30/15 | $250,000.00 | $1,704.95 | $250,000.00 | $1,704.95 |
| 11/17/15 | 10/1/15-10/31/15 | $250,000.00 | $5,858.25 | $250,000.00 | $5,858.25 |
| 12/16/15 | 11/1/15-11/30/15 | $250,000.00 | $6,812.40 | $250,000.00 | $6,812.40 |
| 1/12/16 | 12/1/15-12/31/15 | $250,000.00 | $- | $250,000.00 | $- |
| 2/25/16 | 1/1/16-1/31/16 | $250,000.00 | $2,159.58 | $250,000.00 | $2,159.58 |
| 4/8/16 | 2/1/16-2/29/16 | $250,000.00 | $- | $250,000.00 | $- |
| 4/19/16 | 3/1/16-3/31/16 | $250,000.00 | $3,914.13 | $250,000.00 | $3,914.13 |
| 5/24/16 | 4/1/16-4/30/16 | $250,000.00 | $1,689.79 | $250,000.00 | $1,689.79 |
| 6/29/16 | 5/1/16-5/31/16 | $250,000.00 | $94.15 | $250,000.00 | $94.15 |
| 8/19/16 | 6/1/16-6/30/16 | $250,000.00 | $4,949.54 | $250,000.00 | $4,949.54 |
| 8/19/16 | 7/1/16-7/31/16 | $250,000.00 | $17.53 | $250,000.00 | $17.53 |
| 10/17/16 | 8/1/16-8/31/16 | $250,000.00 | $1,631.33 | $250,000.00 | $1,631.33 |
| 11/4/16 | 9/1/16-9/30/16 | $250,000.00 | $73.18 | $250,000.00 | $73.18 |
| 11/23/16 | 10/1/16-10/31/16 | $250,000.00 | $3,461.75 | $250,000.00 | $3,461.75 |
| 12/30/16 | 11/1/16-11/30/16 | $250,000.00 | $2,026.15 | $250,000.00 | $2,026.15 |
| 2/10/17 | 12/1/16-12/31/16 | $250,000.00 | $2,109.30 | $250,000.00 | $2,109.30 |
| 2/22/17 | 1/1/17-1/31/17 | $250,000.00 | $5,515.99 | $250,000.00 | $5,515.99 |
| 4/6/17 | 2/1/17-2/28/17 | $250,000.00 | $1,216.81 | $200,000.00 | $1,216.81 |
| 5/25/17 | 3/1/17-3/31/17 | $250,000.00 | $15.61 | Pending | Pending |

## SUMMARY OF SERVICES RENDERD BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

April 1, 2017 Through April 30, 2017

| Professional | Position | Hourly Billing Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Michael J. Kennedy | Member | (see note below) | 133.0 | (see note below) |
| Matthew R. Rosenberg | Managing Director | | 6.0 | |
| **Total** | | | **139.0** | |

NOTE: The Debtor's retention of Chilmark was approved by the Court and is based on the compensation schedule included in the Engagement Agreement dated as of March 4, 2010, as amended and ordered by the Court in the Retention Order dated March 31, 2010.  As such, compensation was based on a fixed monthly fee.  As contained within the Retention Order, in light of services to be provided by Chilmark and the structure of Chilmark's compensation pursuant to the Engagement Agreement, Chilmark and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Engagement Agreement; provided, however, that Chilmark shall instead present to the Court daily descriptions of those services provided to the Debtors, set forth for each individual who provided such services, kept in hour increments with a reasonably detailed description of the services provided.  These time records are attached in Exhibit A.

**SUMMARY OF SERVICES RENDERED BY PROJECT CATEGORY**

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

April 1, 2017 Through April 30, 2017

| Project Category | Total Hours |
|---|---:|
| Asset Analysis and Recovery | 46.0 |
| Claims Administration and Analysis | 10.0 |
| Litigation / Adversary Proceedings | 40.0 |
| Plan of Reorganization / Disclosure Statement | 43.0 |
| **Total** | **139.0** |

**EXPENSE SUMMARY**

Nortel Networks, Inc, *et al.*
(Case No. 09-10138 (KG))

April 1, 2017 Through April 30, 2017

| Expense Category | |
|---|---:|
| **Total Expenses** | **$0.00** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X
                                                         :
*In re*                                                  :        Chapter 11
                                                         :
Nortel Networks Inc., *et al.*,[2]                       :        Case No. 09-10138 (KG)
                                                         :
                              Debtors.                   :        Jointly Administered
                                                         :
                                                         :        **Objections due:  June 14, 2017 at 4 p.m.**
                                                         :
-----------------------------------------------------------X

**EIGHTY-SIXTH MONTHLY APPLICATION OF CHILMARK PARTNERS, LLC, AS
CONSULTING EXPERT THE TO DEBTORS AND DEBTORS-IN-POSSESSION, FOR
ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM
REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES
INCURRED FOR THE PERIOD APRIL 1, 2017 THROUGH APRIL 30, 2017**

Chilmark Partners, LLC ("Chilmark Partners"), consulting expert for Nortel

Networks, Inc and its affiliated debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), submits this application (the "Application") for interim allowance of

compensation for professional services rendered by Chilmark Partners to the Debtors for the

period April 1, 2017 through April 30, 2017 (the "Application Period") and reimbursement of

actual and necessary expenses incurred by Chilmark Partners during the Application Period under

sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local

Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District

---

[2]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification
number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc.
(9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation
(0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks
Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826),
Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable
Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Addresses for the Debtors can be found in the
Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

- 1 -

of Delaware (the "<u>Local Rules</u>"), the United States Trustee's Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330,

effective January 30, 1996 (the "<u>U.S. Trustee Guidelines</u>") and the Order Under 11 U.S.C. §§

105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for

Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official

Committee Members (D.I. 222) (the "<u>Interim Compensation Procedures Order</u>")[3].  In support of

this Application, Chilmark Partners represents as follows:

<b><u>JURISDICTION</u></b>

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§

157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

<b><u>BACKGROUND</u></b>

2.      On January 14, 2009 (the "<u>Petition Date</u>"), the Debtors each filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to

operate their businesses and manage their properties as debtors-in-possession pursuant to

sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the

Debtors' jointly administered bankruptcy cases.

3.      On January 26, 2009, the United States Trustee for the District of Delaware

appointed the Official Committee of Unsecured Creditors.

---

[3]      Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim
Compensation Procedures Order.

## **CHILMARK PARTNERS' RETENTION**

4.      Subsequent to the Petition Date, the Debtors engaged Chilmark Partners as consulting expert in connection with the rendering of legal services by Cleary Gottlieb Steen & Hamilton LLP ("<u>Cleary Gottlieb</u>") in connection with these bankruptcy cases.  On March 31, 2010, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1, Authorizing Employment and Retention of Chilmark Partners, LLC *nunc pro tunc* to March 4, 2010 as Consulting Expert to the Debtors and Debtors In Possession.

## **FEE PROCEDURES ORDER**

5.      On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.      In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month.  Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

**RELIEF REQUESTED**

7.      Chilmark Partners submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as Consulting Expert to the Debtors in these cases for the period from April 1, 2017 through April 30, 2017, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8.      During the period covered by this Application, Chilmark Partners incurred fees in the amount of $250,000.00.  For the same period, Chilmark Partners incurred actual, reasonable and necessary expenses totaling $0.00.  With respect to these amounts, as of the date of this Application, Chilmark Partners has received no payments.

9.      Set forth on the foregoing "Summary of Services Rendered by Project Category" is a summary by subject matter categories of the time expended by professionals at Chilmark Partners.

10.      In accordance with the Retention Order, Chilmark and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Engagement Agreement; provided, however, that Chilmark shall instead present to the Court daily descriptions of those services provided to the Debtors Gottlieb, set forth for each individual who provided such services, kept in hour increments with a reasonably detailed description of the services provided.  Exhibit A attached hereto contains logs, sorted by professional, which show the time recorded by professionals and descriptions of the services provided.

11.      The professional services rendered by Chilmark during the Application Period required a high degree of professional competence and expertise so that the numerous

issues requiring evaluation and response by the Debtors and Cleary Gottlieb could be addressed with skill and dispatch.  The provision of such services, therefore, has required the expenditure of substantial time and effort.  Chilmark submits that the services rendered to the Debtors were performed efficiently, effectively and economically and that the results obtained thus far have provided a significant benefit to the Debtors' estates and creditors.

12.     The services rendered by Chilmark during the Application Period, were as follows:

a.     Performed diligence and  analyze the business, operations, assets and corporate structure of the Debtors;

b.     Reviewed transfer pricing practices, intercompany balances and other materials regarding the Debtors' interaction with other Nortel entities;

c.     Assisted and advised the Debtor and its advisors in analysis and review of allocation methodologies;

d.     Assisted and advised the Debtor and its advisors in allocation and claims litigation;

e.     Attended meetings with management, financial advisors to the creditors and professionals representing other Nortel estates;

f.     Provided the Debtors with other appropriate advice in our capacity as consulting expert;

g.     Assisted and advised the Debtor and its advisors in negotiating, analyzing and executing various Plan of Reorganization settlements;

        h.      Assisted and advised the Debtor and its advisors regarding analysis of potential distributions under the Plan of Reorganization.

13.     <u>Exhibit B</u> attached hereto contains a breakdown of disbursements incurred by Chilmark Partners during the Application Period.  Chilmark Partners has not requested reimbursement for any photocopying, incoming facsimiles or outgoing facsimiles during the Application Period.

14.     No agreement or understanding exists between Chilmark Partners and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

15.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Chilmark Partners respectfully requests that this Court: (a) allow Chilmark Partners (i) interim compensation in the amount of $250,000.00 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period April 1, 2017 through April 30, 2017, and (ii) interim reimbursement in the amount of $0.00 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Chilmark Partners the amount of $200,000.00 which is equal to the sum of 80% of Chilmark Partners' allowed interim compensation and 100% of Chilmark Partners' allowed expense reimbursement; and (c) grant such other and further relief as is just.

Dated: May 25, 2017

CHILMARK PARTNERS, LLC

By: _____

Michael Kennedy
875 N. Michigan Avenue
Suite 3460
Chicago, IL  60611
(312) 984-9711

*Consulting Expert to the Debtors and Debtors-in-Possession*

- 7 -