IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
: Chapter 11
*In re* :
: Case No. 09-10138 (KG)
Nortel Networks Inc., *et al.*,[1] :
: Jointly Administered
     Debtors. :
: RE: D.I. 18215
:
---------------------------------------------------------X

**ORDER APPROVING DEBTORS' MOTION FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. §§ 105 AND FED. R. BANKR. P. 9019
APPROVING THE STIPULATION RESOLVING
CLAIMS BY THE AFFILIATES OF VERIZON COMMUNICATIONS, INC.**

Upon the motion dated May 15, 2017 (the "Motion"),[2] of Nortel Networks Inc. ("NNI") and its affiliated debtors, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing NNI's entry into and approving a stipulation (the "Stipulation") with the affiliates of Verizon Communications, Inc. ("Verizon" or the "Claimants," and together with NNI, the

---

[1]  The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

"Parties")[3], attached to the Motion as Exhibit B, which resolves the Claimants' claims against NNI (collectively, the "Claim"); and (b) granting them such other and further relief as this Court deems just and proper; and this Court having determined that adequate notice of the Motion having been given as set forth in the Motion, and that no other or further notice is necessary; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having determined that the Debtors have demonstrated sound business justifications for entering into the Stipulation and the legal and factual bases set forth in the Motion and presented on the record establish just cause for the relief requested in the Motion; and the Stipulation and the related relief requested in the Motion are fair, reasonable and in the best interests of the Debtors, their estates, their creditors and the parties in interest;[4] and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein and all remaining objections to the relief requested are hereby overruled. The Claim is hereby allowed as a single Class A2 Secured Claim against NNI in the amount of $1,957,248.96 (and shall be paid in cash by NNI to Verizon upon the later of the effective date of the Plan or within ten (10) days of the entry of this Order), which shall constitute a global resolution of all the claims between NNI and Verizon, including those asserted in the Proof of Claim, Verizon's setoff rights, and the sums Verizon owes to NNI

---

[3] The definition of "Verizon" or "Claimants" includes, without limitation, Verizon Communications, Inc. and all wholly-owned subsidiaries of Verizon Communications Inc. (including, without limitation, Verizon Corporate Services Group Inc., Verizon Services Corp., Verizon Network Integration Corp., Verizon Business Network Services Inc., Verizon Select Services Inc., MCI Communications Services, Inc. d/b/a Verizon Business Services and the local operating telephone company subsidiaries of Verizon Communications Inc.) and Cellco Partnership and its affiliates, collectively d/b/a Verizon Wireless.

[4] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. See Fed. R. Bankr. P. 7052.

pursuant to the Order Approving the Stipulation Establishing Adequate Assurance of Payment to the Affiliates of Verizon Communications Inc. [D.I. 415], as explained in more detail in the Motion and the Stipulation.

2. The Stipulation satisfies the requirements of Bankruptcy Rule 9019 and is approved in its entirety.

3. NNI is authorized, pursuant to sections 105(a) and 502 of the Bankruptcy Code and Bankruptcy Rule 9019, to enter into the Stipulation and to take any and all actions that may be reasonably necessary or appropriate to perform their obligations arising under the Stipulation, and to enforce their rights arising under the Stipulation, in each case on the terms and conditions contained therein.

4. The Stipulation and this Order shall be binding upon the Debtors and all parties-in-interest in these Chapter 11 Cases, and any of their respective successors and assigns.

5. The Stipulation shall constitute a full and final settlement of all claims arising under the Claim and the Adequate Assurances Order, and full and final resolution of all other matters resolved by the Stipulation.

6. The Debtors, the Debtors' claim agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of this Court are authorized to take all necessary and appropriate actions to give effect to the Stipulation.

7. The failure to specifically describe or include any particular provision of the Settlement in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Settlement be approved in its entirety.

8. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its

entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order. To the extent any provisions of this Order shall be inconsistent with the Motion or the Stipulation, the terms of this Order shall control.

Dated: June 5, 2017
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE