## EXHIBIT A

**Agreed Scheduling Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
*In re*                                                     :    Chapter 11
                                                            :
Nortel Networks Inc., *et al.*,[1]                          :    Case No. 09-10138 (KG)
                                                            :
         Debtors.  :    Jointly Administered
                                                            :
                                                            :    **RE D.I. _____**
                                                            :
------------------------------------------------------------ X

## AGREED SCHEDULING ORDER BETWEEN
## THE DEBTORS AND NETAS TELEKOMUNIKASYON A.S.

Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules) and the applicable Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District Court (the "Local Rules"), Nortel Networks Inc. and certain of its affiliates, as reorganized debtors and debtor-in-possession, respectively, in the above-captioned case (the "Debtors"), and Netas Telekomunikasyon A.S. ("Netas", and together with the Debtors, the "Parties") agree that the schedule set forth below (the "Scheduling Order") shall govern the contested matter regarding the *Debtors' Forty-Seventh Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed R. Bankr. P. 3007 and Del. L.R. 3007-1 (Non-Debtor Liability Claims, Modified, Reclassified and Allowed Claims, No-Basis*

---

[1] The reorganized debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226). Nortel Networks India International Inc. (8667) remains a debtor-in-possession. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

*and Released Claims, No-Basis Equity Claims, No-Basis Retiree Claims, and Redundant Claims)*, dated March 10, 2017 [D.I. 18009] (the "Objection") as it relates to claims 8037 and 8038 asserted by Netas in the amounts of $87,760.00 and $14,261,633.01, respectively (the "Netas Claims"), the *Response and Objection of Netas Telekomunikasyon A.S. to Debtors' Forty-Seventh Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Non-Debtor Liability Claims, Modified, Reclassified and Allowed Claims, No-Basis and Released Claims, No-Basis Equity Claims, No-Basis Retiree Claims, and Redundant Claims)* [D.I. 18098], dated April 4, 2017 in support of the validity of the Netas Claims (the "Response"), and all related pleadings.

1. The Debtors shall file and serve their (i) motion for summary judgment—which shall be limited to the issue of whether the Netas Claims were released by that certain settlement agreement dated December 17, 2013 (the "2013 Settlement") that was approved by this Court via the *Order Approving the US Claims Litigation Settlement Agreement By and Among the Debtors, the Creditors' Committee, the Joint Administrators, the EMEA Debtors, Nortel Networks Optical Components Limited, Nortel Telecom France SA, the Liquidator, the French Liquidator, the UK Pension Parties and Certain Affiliates* [D.I. 12785] and related issues—and (ii) reply to the Response (the "Reply") by no later than 21 days following the approval of this Stipulation and Proposed Briefing Schedule by the Court.

2. Netas shall file and serve its brief in opposition to the Debtors' motion for summary judgment, if any, by no later than 21 days following the date on which the Debtors file their motion for summary judgment.

3. The Debtors may file and serve a reply brief by no later than 14 days following the date on which Netas files its opposition brief, if any, to the Debtors' motion for summary judgment.

4. Following the completion of briefing as set forth above, the Parties shall request a hearing date from the Court with respect to the Debtors' motion for summary judgment. Following the Court's determination on the Debtors' motion for summary judgment, the Parties shall confer and notify the Court whether a hearing on the Response and Reply is necessary. Netas reserves the right to request authorization from the Court to file a sur-reply to the Debtors' Reply following the Court's determination on the Debtors' motion for summary judgment and the Debtors reserve the right to oppose such request, if any. Netas and the Debtors each reserve the right to conduct discovery following the Court's determination on the Debtors' motion for summary judgment.

5. The briefs contemplated herein shall comply with the page limitation requirements set forth in Rule 8015 of the Federal Rules of Bankruptcy Procedure.

6. All time periods and deadlines set pursuant to this Scheduling Order shall be calculated in accordance with Bankruptcy Rule 9006.

7. Entry of this Order is without prejudice to the rights of the parties to seek further extensions of the deadlines set forth herein by either (i) mutual written agreement of the parties or (ii) further order of the Court.

**IT IS SO ORDERED.**

Dated: _____        _____
                                      THE HONORABLE KEVIN GROSS
                                      UNITED STATES BANKRUPTCY JUDGE