# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
|                    Debtors. | Jointly Administered |
| | **Re: D.I. 18020** |
| SNMP Research International, Inc. and SNMP Research, Inc., | |
|                    Plaintiffs, | |
| v. | Adv. Proc. No. 11-53454 (KG) |
| Nortel Networks Inc., et al., | **Re: Adv. D.I. 160 & 540** |
|                    Defendants. | **Hearing Date: July 19, 2017 at 10:00 a.m. (ET)** <br> **Obj. Deadline: June 30, 2017 at 4:00 p.m. (ET)** |

## MOTION TO FILE UNDER SEAL THE U.S. DEBTORS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Nortel Networks Inc. ("NNI") and its affiliated debtors, as reorganized debtors or debtor-in-possession, respectively, in the above-captioned case (the "Debtors"), hereby move (the "Motion") this Court for entry of an order, pursuant to section 107(b)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules

---

[1] The reorganized debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226). Nortel Networks India International Inc. (8667) remains a debtor-in-possession. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) authorizing the Debtors to file under seal the *U.S. Debtors' Proposed Findings of Fact and Conclusions of Law* (the "Debtors' Proposed Findings") and (ii) granting such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 14, 2009 (the "Petition Date"), the Debtors, other than NNCALA[2] and NNIII,[3] filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

3. On November 2, 2011 SNMP Research International, Inc. and SNMP Research, Inc. (together, "SNMP Research") filed a complaint (as amended, the "Complaint"),

---

[2] NNCALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 17, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 1098].

[3] NNIII filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 16, 2016, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes [D.I. 17090].

initiating an adversary proceeding against certain of the Debtors and Avaya Inc. (the "Adversary Proceeding").[4]

4. On November 3, 2011, SNMP Research filed in the Adversary Proceeding a motion for an order authorizing it to file the Complaint under seal (the "SNMP Seal Motion").[5] In the SNMP Seal Motion, SNMP Research asserted that, pursuant to section 107(b), the Complaint should be filed under seal because it contained information related to SNMP Research's business operations and intellectual property and allegations that the Debtors and third parties utilized SNMP Research's intellectual property.

5. On December 28, 2011, the Court entered an order[6] (the "SNMP Seal Order") in the Adversary Proceeding that granted the SNMP Seal Motion, and permitted SNMP Research to file the Complaint under seal.[7]

6. The Complaint, *inter alia*, raises the issue of whether certain SNMP Research software was licensed for use or distribution under Schedule 1A of a certain Nortel License with respect to any products after June 20, 2003 (the "Schedule 1 Issue").

---

[4] *SNMP Research International, Inc. v. Nortel Networks Inc.*, Adv. Pro. No. 11-53454 (Bankr. D. Del.).

[5] *Motion of SNMP Research International, Inc. and SNMP Research, Inc. Pursuant To Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for Authorization to File Adversary Proceeding Complaint Under Seal* [Adv. D.I. 3].

[6] *Order Pursuant to the Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for Authorization to File Adversary Proceeding Under Seal* [Adv. D.I. 20].

[7] On August 5, 2015, the Court entered in the Adversary Proceeding the *Order Approving Stipulation and Agreement Governing Production, Exchange and Filing of Confidential Materials* [Adv. D.I. 237], which, *inter alia*, authorizes the parties to file Protected Materials under seal in the Adversary Proceeding without the requirement of filing a separate motion to that effect. The Debtors file this motion out of an abundance of caution, and seek the relief requested in the Motion to the extent the Complaint or the topics raised at the Schedule 1 Hearing implicate issues in the main case.

7. On March 17, 2017, the Court entered the *Scheduling Order Concerning the Motion to Amend Proofs of Claim and Schedule 1 Issue* (the "Scheduling Order") [Adv. D.I. 540], which, *inter alia*, scheduled an evidentiary hearing regarding the Schedule 1 Issue for May 11 and 12, 2017 (the "Schedule 1 Hearing").

8. In accordance with the Scheduling Order, on May 4, 2017, the Debtors filed the Debtors' Pre-Hearing Brief with Respect to the Schedule 1 Issue [D.I. 18167].

9. On May 11 and 12, 2017, the Court held the Schedule 1 Hearing. At the Schedule 1 Hearing, the Court requested that the parties file proposed findings of fact and conclusions of law to assist the Court in its decision on the Schedule 1 Issue.

10. The Debtors' Proposed Findings contain information that SNMP Research has designated as confidential (the "Confidential Information").

**RELIEF REQUESTED**

11. Based on the fact that SNMP Research has designated the Confidential Information as confidential, the Debtors request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing it to file the Debtors' Proposed Findings under seal, and directing that the Debtors' Proposed Findings shall remain under seal, confidential, and not made available to anyone, except for (i) the Court, (ii) the Debtors and SNMP Research and their counsel, and (iii) any persons or entities upon joint consent of SNMP Research and the Debtors with written permission, or (iv) upon further order of the Court.

**BASIS FOR RELIEF REQUESTED**

12. The relief requested by the Debtors is based on the fact that SNMP Research has designated the Confidential Information as confidential. The Debtors themselves

4

do not take a position with respect to the confidentiality designation, and in fact they reserve the right to seek to have some or all of these materials filed publicly. However, the Debtors are seeking to have the Debtors' Proposed Findings filed under seal because SNMP Research has designated these documents or materials contained in this document as confidential. If further support for the sealing of these documents is needed, SNMP Research can provide such support to the extent it is able to do so.

13. The Debtors will provide an unredacted version of the Debtors' Proposed Findings to the United States Trustee.

## **NOTICE**

14. Notice of this Motion has been provided to the Office of the United States Trustee for the District of Delaware and all parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

15. WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) granting the relief requested in this Motion and (ii) granting such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: June 16, 2017<br>Wilmington, Delaware | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>David H. Herrington (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:  (212) 225-2000<br>Facsimile:  (212) 225-3999<br><br>- and -<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Tamara K. Minott*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Tamara K. Minott (No. 5643)<br>Andrew J. Roth-Moore (No. 5988)<br>1201 North Market Street, P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:  (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Debtors*<br>*and Debtors in Possession* |

11121826.2