## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------X
:
In re                                                    :     Chapter 11
:
Nortel Networks Inc., et al.,[1]                         :     Case No. 09-10138 (KG)
:
Debtors.                        :     Jointly Administered
:
:
:     **Hearing Date: TBD**
:     **Objections Due: July 12, 2017 at 4:00 p.m. (ET)**
--------------------------------------------------------X

**SIXTY-SEVENTH MONTHLY (FOR THE PERIOD MAY 1, 2017 THROUGH
MAY 8, 2017) AND FINAL APPLICATION OF JOHN RAY, AS PRINCIPAL
OFFICER OF NORTEL NETWORKS, INC. AND TO THE DEBTORS AND
DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND
FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES
INCURRED FOR THE PERIOD
DECEMBER 7, 2009 THROUGH MAY 8, 2017**

Name of Applicant:                          John Ray

Authorized to Provide
Professional Services to:                   Debtors

Date of Retention:                          nunc pro tunc to December 7, 2009

Monthly Period for which compensation
and reimbursement is sought:                May 1, 2017 through May 8, 2017

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). This fee application is not a final fee application with respect to Nortel Networks India International Inc. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Amount of Monthly compensation sought
as actual, reasonable, and necessary:                    $ 21,840.00

Amount of Monthly reimbursement sought
as actual, reasonable, and necessary:                    $ 0.00

Final Period for which compensation and                  December 7, 2009 through May 8, 2017
reimbursement is sought:

Amount of Final compensation sought as                   $ 4,808,467.00[2]
actual, reasonable, and necessary:

Amount of Final reimbursement sought as                  $ 274,745.70
actual, reasonable, and necessary:

This is a  _x_  monthly                                  _x_  final application

The total time expended for fee application preparation is approximately 13.5 hours. This includes 7.5 hours of total time for preparation of final fee application incurred after the Effective Date of the Plan.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 2/18/2010 | 12/7/2009 – 1/31/2010 | $112,185.00/$13,844.36 | $112,185.00/$13,844.36 |
| 3/5/2010 | 2/1/2010 – 2/28/2010 | $69,030.00/$3,483.73 | $69,030.00/$3,483.73 |
| 4/8/2010 | 3/1/2010 – 3/31/2010 | $63,315.00/$6,916.80 | $63,315.00/$6,916.80 |
| 5/5/2010 | 4/1/2010 – 4/30/2010 | $73,260.00/$8,953.09 | $73,260.00/$8,953.09 |
| 6/7/2010 | 5/1/2010 – 5/31/2010 | $84,690.00/$14,437.31 | $84,690.00/$14,437.31 |

---

[2]    Includes $6,000.00 in fees for preparation of fee applications incurred after the effective date of the Plan.

| | | | |
|---|---|---|---|
| 7/12/2010 | 6/1/2010 – 6/30/2010 | $82,057.50/$3,770.89 | $82,057.50/$3,770.89 |
| 8/6/2010 | 7/1/2010 – 7/31/2010 | $77,432.50/$6,306.75 | $77,432.50/$6,306.75 |
| 9/7/2010 | 8/1/2010 – 8/31/2010 | $92,143.50/$6,679.72 | $92,143.50/$6,679.72 |
| 10/7/2010 | 9/1/2010 – 9/30/2010 | $84,294.50/$15,412.30 | $84,294.50/$15,412.30 |
| 11/4/2010 | 10/1/2010 – 10/31/2010 | $88,336.50/$4,140.85 | $88,336.50/$4,140.85 |
| 12/7/2010 | 11/1/2010 – 11/30/2010 | $99,640.00/$8,348.40 | $99,640.00/$8,348.40 |
| 1/4/2011 | 12/1/2010 – 12/31/2010 | $64,719.00/$187.92 | $64,719.00/$187.92 |
| 2/7/2011 | 1/1/2011 – 1/31/2011 | $96,608.50/$4,606.57 | $96,608.50/$4,606.57 |
| 3/4/2011 | 2/1/2011 – 2/28/2011 | $96,326.50/$14,674.99 | $96,326.50/$14,674.99 |
| 4/8/2011 | 3/1/2011 – 3/31/2011 | $100,909.00/$5,555.03 | $100,909.00/$5,555.03 |
| 5/9/2011 | 4/1/2011 – 4/30/2011 | $80,816.50/$5,502.15 | $80,816.50/$5,502.15 |
| 6/8/2011 | 5/1/2011 – 5/31/2011 | $74,542.00/$2,069.88 | $74,542.00/$2,069.88 |
| 7/7/2011 | 6/1/2011 – 6/30/2011 | $125,317.50/$12,322.62 | $125,317.50/$12,322.62 |
| 8/9/2011 | 7/1/2011 – 7/31/2011 | $97,853.00/$5,909.84 | $97,853.00/$5,909.84 |
| 9/8/2011 | 8/1/2011 – 8/31/2011 | $76,979.00/$2,347.85 | $76,979.00/$2,347.85 |
| 10/14/2011 | 9/1/2011- 9/30/2011 | $83,692.00/$3,055.33 | $83,692.00/$70,008.93 |
| 11/8/2011 | 10/1/2011 – 10/31/2011 | $95,280.50/$12,395.37 | $95,280.50/$12,395.37 |
| 12/19/2011 | 11/1/2011 – 11/30/2011 | $81,046.00/$6,445.14 | $81,046.00/$6,445.14 |

| 1/10/2012 | 12/1/2011 – 12/31/2012 | $64,239.00/$3,328.97 | $64,239.00/$3,328.97 |
|---|---|---|---|
| 2/13/2012 | 1/1/2012 – 1/31/2012 | $91,948.50/$7,511.97 | $91,948.50/$7,511.97 |
| 2/29/2012 | 2/1/2012 – 2/29/2012 | $112,759.25/$5,959.96 | $112,759.25/$5,959.96 |
| 4/9/2012 | 3/1/2012 – 3/31/2012 | $99,549.50/$2,127.83 | $99,549.50/$2,127.83 |
| 5/10/2012 | 4/1/2012- 4/30/2012 | $88,631.50/$4,123.01 | $88,631.50/$4,123.01 |
| 6/15/2012 | 5/1/2012- 5/31/2012 | $92,288.00/$3,636.61 | $92,288.00/$3,636.61 |
| 7/12/2012 | 6/1/2012- 6/30/2012 | $96,717.00/$4,986.54 | $96,717.00/$4,986.54 |
| 8/9/2012 | 7/1/2012- 7/31/2012 | $92,185.00/$5,176.63 | $92,185.00/$5,176.63 |
| 9/10/2012 | 8/1/2012- 8/31/2012 | $101,068.75/$2,732.53 | $101,068.75/$2,732.53 |
| 10/9/2012 | 9/1/2012- 9/30/2012 | $73,696.50/$7,150.85 | $73,696.50/$7,150.85 |
| 11/8/2012 | 10/1/2012- 10/31/2012 | $61,851.50/$8,124.80 | $61,851.50/$8,124.80 |
| 1/3/2013 | 11/1/2012- 12/31/2012 | $19,261.00/$646.66 | $19,261.00/$646.66 |
| 2/12/2013 | 1/1/2013- 1/31/2013 | $42,120.00/$5,784.46 | $42,120.00/$5,784.46 |
| 5/3/2013 | 2/1/2013- 4/30/2013 | $63,047.00/$1,062.00 | $63,047.00/$1,062.00 |
| 7/17/2013 | 5/1/2013- 6/30/2013 | $36,046.00/$0.00 | $36,046.00/$0.00 |
| 8/19/2013 | 7/1/2013- 7/31/2013 | $28,944.00/$0.00 | $28,944.00/$0.00 |
| 11/19/2013 | 8/1/2012- 10/31/2013 | $29,547.00/$1,045.00 | $29,547.00/$1,045.00 |
| 1/7/2014 | 11/1/2013- 12/30/2013 | $31,155.00/$6,103.80 | $31,155.00/$6,103.80 |

| 2/19/2014 | 1/1/2014-1/31/2014 | $18,224.00/$0.00 | $18,224.00/$0.00 |
|---|---|---|---|
| 2/19/2014 | 2/1/2014-4/30/2014 | $37,030.00/$0.00 | $37,030.00/$0.00 |
| 8/25/2014 | 5/1/2014-7/31/2014 | $59,885.00/$0.00 | $59,885.00/$0.00 |
| 11/18/2014 | 8/1/2014-10/31/2014 | $34,790.00/$0.00 | $27,832.00/$0.00 |
| 2/6/2015 | 11/1/2014-1/31/2015 | $36,120.00/$2,600.00 | $28,896.00/$2,600.00 |
| 5/15/2015 | 2/1/2015-4/30/2015 | $31,384.50/$0.00 | $31,384.50/$0.00 |
| 7/6/2015 | 5/1/2015-6/30/2015 | $93,859.50/$4,040.00 | $93,859.50/$4,040.00 |
| 8/3/2015 | 7/1/2015-7/31/2015 | $41,931.75/$2,061.26 | $41,931.75/$2,061.26 |
| 9/2/2015 | 8/1/2015-8/31/2015 | $50,788.50/$797.20 | $50,788.50/$797.20 |
| 11/3/2015 | 9/1/2015-10/31/2015 | $66,076.50/$4,001.85 | $66,076.50/$4,001.85 |
| 12/2/2015 | 11/1/2015-11/30/2015 | $36,823.50/$3,022.50 | $36,823.50/$3,022.50 |
| 2/2/2016 | 12/1/2015-1/31/2016 | $38,587.50/$2,957.25 | $38,587.50/$2,957.25 |
| 3/3/2016 | 2/1/2016-2/29/2016 | $25,284.00/$1,057.53 | $25,284.00/$1,057.53 |
| 4/1/2016 | 3/1/2016-3/31/2016 | $39,175.50/$2,064.60 | $39,175.50/$2,064.60 |
| 5/4/2016 | 4/1/2016-4/30/2016 | $44,357.25/$1,127.35 | $44,357.25/$1,127.35 |
| 6/8/2016 | 5/1/2016-5/31/2016 | $45,738.00/$0.00 | $45,738.00/$0.00 |
| 7/5/2016 | 6/1/2016-6/30/2016 | $79,117.50/$3,357.71 | $79,117.50/$3,357.71 |
| 8/5/2016 | 7/1/2016-7/31/2016 | $87,626.00/$0.00 | $87,626.00/$0.00 |

| 10/4/2016 | 8/1/2016-9/30/2016 | $120,582.00/718.00 | $96,465.60/$0.00 |
|---|---|---|---|
| 11/3/2016 | 10/1/2016-10/31/2016 | $87,549.00/$78.50 | $70,039.20/$78.50 |
| 1/4/2017 | 11/1/2016-12/31/2016 | $136,713.50/$3,203.41 | $136,713.50/$3,203.41 |
| 2/3/2017 | 1/1/2017-1/31/2017 | $133,880.00/$5,250.99 | $133,880.00/$5,250.99 |
| 3/7/2017 | 2/1/2017-2/28/2017 | $91,600.00/$1,539.30 | $73,280.00/$1,539.30 |
| 4/11/2017 | 3/1/2017-3/31/2017 | $59,520.00/$0.00 | $47,616.00/$0.00 |
| 5/23/2017 | 4/1/2017-4/30/2017 | $63,520.00/$0.00 | $50,816.00/$0.00 |

[*The remainder of the page is intentionally blank.*]

**MONTHLY COMPENSATION BY PROFESSIONAL**
**NORTEL NETWORKS INC., ET AL.**
**(CASE NO. 09-10138 (KG))**

**May 1, 2017 through May 8, 2017**

| Name of Professional Person | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| John Ray | Principal Officer for Nortel Networks | $800.00 | 27.3 | $ 21,840.00 |
| | | | | |
| **Total** | | | **27.3** | **$ 21,840.00** |
| **GRAND TOTAL:** | **$21,840.00** | | | |
| **RATE:** | **$800.00** | | | |

*[The remainder of the page is intentionally blank.]*

**MONTHLY COMPENSATION BY PROJECT CATEGORY**
**NORTEL NETWORKS INC., ET AL.**
**(CASE NO. 09-10138 (KG))**

**May 1, 2017 through May 8, 2017**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| MOR, required monthly/period disclosures, Schedule Amendments, Form 26 | 0.0 | $          0.00 |
| Contracts - assumption/rejection analysis & support, Executory contract review | 0.0 | 0.00 |
| Claims matter | 1.5 | 1,200.00 |
| Preparation & presentation of financial and other information; cash/expense management; analysis of proposed transactions; assist with business processes | 0.0 | 0.00 |
| Asset Sales or Other Transactional Support | 0.0 | 0.00 |
| IT Infrastructure    / Data Support | 0.0 | 0.00 |
| Litigation Support; Attendance and testimony at hearings; Investigation matters at the request of counsel | 0.0 | 0.00 |
| Creditor Meetings; Various administrative matters (Tax, Financial, Board, Employee) | 0.0 | 0.00 |
| Development of Plan of Reorganization; Disclosure Statement | 19.8 | 15,840.00 |
| Non-working travel (charged at half rate) | 0.0 | 0.00 |
| Fee Applications | 6.0 | 4,800.00 |
| **TOTAL** | **27.3** | **$     21,840.00** |

*[The remainder of the page is intentionally blank.]*

**MONTHLY EXPENSE SUMMARY**
**NORTEL NETWORKS INC., ET AL.**
**(CASE NO. 09-10138 (KG))**

**May 1, 2017 through May 8, 2017**

| Expense Category | | Total Expenses |
|---|---|---|
| Travel – Airline (coach class) | | $          0.00 |
| Travel – Lodging | | 0.00 |
| Travel – Transportation | | 0.00 |
| Travel – Meals | | 0.00 |
| Travel – Parking | | 0.00 |
| Office supplies, shipping, and other office related expenses | | 0.00 |
| PACER | | 0.00 |
| **TOTAL** | | **$          0.00** |

*[The remainder of the page is intentionally blank.]*

**FINAL COMPENSATION BY PROFESSIONAL
NORTEL NETWORKS INC., ET AL.
(CASE NO. 09-10138 (KG))**

**December 7, 2009 through May 8, 2017**

| Name of Professional Person | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| John Ray | Principal Officer for Nortel Networks, Inc. | $450.00 | 1,148.5 | $      476,920.00 |
| John Ray | Principal Officer for Nortel Networks, Inc. | $470.00 | 2,407.3 | 1,083,228.50 |
| John Ray | Principal Officer for Nortel Networks, Inc. | $490.00 | 1,255.6 | 591,038.00 |
| John Ray | Principal Officer for Nortel Networks, Inc. | $515.00 | 1,574.8 | 818,747.00 |
| John Ray | Principal Officer for Nortel Networks, Inc. | $540.00 | 197.4 | 61,381.00 |
| John Ray | Principal Officer for Nortel Networks, Inc. | $670.00 | 318.9 | 207,373.00 |
| John Ray | Principal Officer for Nortel Networks, Inc. | $700.00 | 246.0 | 167,825.00 |
| John Ray | Principal Officer for Nortel Networks, Inc. | $735.00 | 673.7 | 468,268.50 |
| John Ray | Principal Officer for Nortel Networks, Inc. | $770.00 | 371.4 | 286,732.50 |
| John Ray | Principal Officer for Nortel Networks, Inc. | $800.00 | 850.0 | 646,953.50 |
| **Total** | | | **9,043.6** | **$    4,808,467.00** |
| **GRAND TOTAL:** | **$4,808,467.00** | | | |
| **AVERAGE RATE:** | **$614.00** | | | |

**FINAL COMPENSATION BY PROJECT CATEGORY**
**NORTEL NETWORKS INC., ET AL.**
**(CASE NO. 09-10138 (KG))**

**December 7, 2009 through May 8, 2017**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Monitoring and oversight of U.S. Debtors and reviewing interaction with Nortel entities | 372.6 | $     173,381.00 |
| Reviewing operational management of transition services | 399.1 | 187,555.00 |
| Development and implementation of asset monetization, wind down strategy, liquidation/reorganization plan development and Interacting with Constituencies (including, asset dispositions, Claims administration, Tax matters and Intellectual property) | 4,958.1 | 2,458,119.50 |
| Meeting with creditor constituencies, including Official Committee of Unsecured Creditors, Ad Hoc Committee of Bondholders and Canadian Monitor | 315.3 | 151,501.00 |
| Various Corporate Matters | 2.9 | 1,457.00 |
| MOR, required monthly/period disclosures, Schedule Amendments, Form 26 | 7.0 | 5,117.00 |
| Contracts - assumption/rejection analysis & support, Executory contract review | 0.0 | 0.00 |
| Claims matter | 250.6 | 186,290.00 |
| Preparation & presentation of financial and other information; cash/expense management; analysis of proposed transactions; assist with business processes | 7.1 | 5,155.00 |
| Asset Sales or Other Transactional Support | 0.8 | 588.00 |
| IT Infrastructure / Data Support | 0.0 | 0.00 |
| Litigation Support; Attendance and testimony at hearings; Investigation matters at the request of counsel | 1,058.8 | 787,902.00 |
| Creditor Meetings; Various administrative matters (Tax, Financial, Board, Employee) | 103.3 | 78,943.00 |
| Development of Plan of Reorganization; Disclosure Statement | 445.0 | 350,522.00 |
| Non-working travel (charged at half rate) | 759.8 | 201,589.00 |
| Fee Applications | 355.7 | 214,347.50 |
| **TOTAL** | **9,043.6** | **$   4,808,467.00** |

*[The remainder of the page is intentionally blank.]*

**FINAL EXPENSE SUMMARY**
**NORTEL NETWORKS INC., ET AL.**
**(CASE NO. 09-10138 (KG))**

**December 7, 2009 through May 8, 2017**

| Expense Category | | Total Expenses |
|---|---|---|
| Travel – Airline (coach class) | $ | 80,974.03 |
| Travel – Lodging | | 152,147.12 |
| Travel – Transportation | | 16,702.96 |
| Travel – Meals | | 13,337.99 |
| Travel – Parking | | 4,915.21 |
| Office supplies, shipping, and other office related expenses | | 6,394.35 |
| PACER | | 274.04 |
| **TOTAL** | **$** | **274,745.70** |

*[The remainder of the page is intentionally blank.]*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X
                                           :

In re                                   :        Chapter 11
                                           :

Nortel Networks Inc., et al.,[1]      :        Case No. 09-10138 (KG)
                                           :

                  Debtors.     :        Jointly Administered
                                           :

                                         :        **Hearing Date: TBD**
-----------------------------------------------------------X   **Objections Due: July 12, 2017 at 4:00 p.m. (ET)**

**SIXTY-SEVENTH MONTHLY (FOR THE PERIOD MAY 1, 2017 THROUGH
MAY 8, 2017) AND FINAL APPLICATION OF JOHN RAY, AS PRINCIPAL
OFFICER OF NORTEL NETWORKS, INC. AND TO THE DEBTORS AND
DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND
FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES
INCURRED FOR THE PERIOD
DECEMBER 7, 2009 THROUGH MAY 8, 2017**

       John Ray, as Principal Officer for the debtors in the above-captioned cases

(collectively, the "Debtors"), submits this application (the "Application") for final allowance of

compensation and reimbursement of expenses under sections 330 and 331 of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the

"U.S. Trustee Guidelines") and the *Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and*

*331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim*

*Compensation and Reimbursement of Fees and Expenses for Professionals and Official*

*Committee Members* (D.I. 222) (the "Interim Compensation Procedures Order")[2].   By this

Application, John Ray seeks: (i) allowance of compensation for professional services rendered

by John Ray to the Debtors for the period May 1, 2017 through May 8, 2017 (the "Monthly

Application Period") and reimbursement of actual and necessary expenses incurred by John Ray

during the Monthly Application Period in rendering professional services on behalf of the

Debtors; and (ii) the entry of an order granting final allowance of reasonable compensation for

professional services rendered by John Ray to the Debtors for the period December 7, 2009

through May 8, 2017 (the "Final Application Period") and final reimbursement of actual and

necessary expenses and disbursements incurred by John Ray in rendering professional services

on behalf of the Debtors during the Final Application Period.   In support of this Application,

John Ray respectfully represents as follows:

## JURISDICTION

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]     Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim
Compensation Procedures Order.

2.      The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-2, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

## BACKGROUND

3.      On January 14, 2009 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  No trustee has been appointed in the Debtors' jointly administered bankruptcy cases.

## JOHN RAY'S RETENTION

4.      On August 10, 2009, the Debtors issued a press release announcing that they were in the process of identifying a principal officer for the Debtors in these chapter 11 cases, noting that such appointment would be subject to the approval of this Court. After a thorough search and interview process, and after receiving input from the Official Committee of Unsecured Creditors (the "Committee"), the ad hoc group of unsecured bondholders (the "Bondholder Group"), and other interested parties, the Debtors selected Mr. Ray.

5.      On December 7, 2009, John Ray and NNI executed an Engagement Letter (the "Engagement Letter") after several weeks of good faith negotiations involving the Debtors, the Committee, the Bondholder Group, and their representatives.

6.      By Order dated January 6, 2010, this Court approved John Ray's retention as Principal Officer of Nortel Network, Inc., nunc pro tunc to December 7, 2009 (Docket no. 2249).

## INTERIM COMPENSATION PROCEDURES ORDER

7.      The Court entered the Interim Compensation Procedures Order on February 4, 2009.  The Interim Compensation Procedures Order sets forth the procedures for interim compensation and reimbursement of expenses for Professionals in these cases.

8.      In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Statement with the Court after the first day of each month following the month for which compensation is sought.  Provided that there are no objections to such Monthly Fee Statement filed within twenty days after the service of the Monthly Fee Statement, the Professional may file a certificate of no objection (the "Certificate of No Objection") with the Court.

9.      Upon the filing of a Certificate of No Objection, the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Statement.  If a partial objection to the Monthly Fee Statement is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## DEBTORS' CHAPTER 11 PLAN

10.      On January 23, 2017, the Debtors other than Nortel Networks India International Inc. (the "Confirmed Debtors") filed the *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* (as modified, amended, or supplemented from time to time and including all exhibits thereto) (D.I. 17763) (the "Plan") with this Court.

11.      Following the hearing held on January 24, 2017, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* (D.I. 17795) (the "Confirmation Order") confirming the Confirmed Debtors' Plan.[3]  The Plan went effective on

---

[3]      Capitalized terms not defined herein are defined in the Plan.

(Continued . . .)

May 8, 2017 (the "Effective Date").  *See* D.I. 18176.  Pursuant to the Plan, Confirmation Order, and Effective Date notice, all final requests for payment of Professional Claims must be filed by July 5, 2017.  Such Professional Claims include all fees and expenses requested by Professionals from the Petition Date through the Effective Date against all Confirmed Debtors.

## RELIEF REQUESTED

12.    John Ray submits this Application:  (i) for monthly and final allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it rendered as Principal Officer for the Debtors during the Monthly and Final Application Periods and (ii) for monthly and final reimbursement of actual, reasonable, and necessary expenses incurred in representing the Debtors during the Monthly and Final Application Periods.

## MONTHLY APPLICATION PERIOD

13.    During the Monthly Application Period, John Ray (a) provided professional services to the Debtors and incurred actual, reasonable, and necessary fees in the amount of $21,840.00 and (b) incurred actual, reasonable, and necessary expenses totaling $0.00.  As of the date of this Application, John Ray has not received payment for the monthly fees and expenses requested for the Monthly Application Period.

14.    Set forth on the foregoing "Monthly Compensation by Project Category" is a summary, by subject matter categories of the time expended by John Ray's timekeepers billing time to the Debtors' cases during the Monthly Application Period.

15.    **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals, and other support staff

_____

(. . . continued)

5

working on these cases during the Monthly Application Period, as well as a detailed description of the services provided during the Monthly Application Period.

16.     Similarly, **Exhibit B** attached hereto contains a breakdown of actual, reasonable, and necessary expenses incurred by John Ray during the Monthly Application Period.

## THE FINAL APPLICATION PERIOD

17.     John Ray seeks allowance of $4,808,467.00 for actual, reasonable, and necessary legal services rendered to the Debtors during the Final Application Period, plus $6,000.00 for reviewing and preparing fee application in the post-Effective Date period and $274,745.70 as reimbursement of actual, reasonable, and necessary expenses incurred in connection with the rendition of such services during the Final Application Period.  Detailed descriptions of the services rendered and expenses incurred by John Ray during the Final Application Period are set forth on Exhibits A and B, respectively, of the monthly fee applications filed by John Ray in these chapter 11 cases.  John Ray requests that the Debtors be authorized and directed to pay John Ray an amount equal to the sum of the allowed compensation and expense reimbursement during the Final Application Period, less any amounts previously paid by the Debtors.

## SUMMARY OF SERVICES BY PROJECT

18.     The services rendered by John Ray during the Monthly Application Period and the Final Application Period can be grouped into the categories set forth below.  These categories are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A for the Monthly Application Period attached hereto and Exhibit A attached to each of the previously filed monthly fee applications.

A.     U.S. Debtors

Monthly Application Period.  Fees: $0.00; Total Hours 0.0

Final Application Period.  Fees $173,381.00; Total Hours 372.6

John Ray, as Principal Officer, monitored and oversaw all matters related to U.S. Debtors, except for operational matters prior to sale and closing of the business operations. Mr. Ray also monitored the interaction with non U.S. Nortel entities to protect the interests of U.S. creditors.

B.      Transition Services

Monthly Application Period.  Fees: $0.00; Total Hours 0.0

Final Application Period.  Fees $187,555.00; Total Hours 399.1

Mr. Ray provided services to the U.S. Debtors by overseeing the certain transition services provided by the U.S. Debtors to the Nortel entities as a whole, and managed the wind down of the transition services to buyers of the business assets.

C.      Wind Down Strategy

Monthly Application Period.  Fees: $0.00; Total Hours 0.0

Final Application Period.  Fees $2,458,119.50; Total Hours 4,958.1

Mr. Ray led and participated in various strategies with other professionals to develop and implement asset monetization, the wind down strategy, the reorganization plan development and interacting with various U.S. and non U.S. constituencies related to the overall wind down of Nortel operations post sale of the business lines (including, asset dispositions, Claims administration, Tax matters and Intellectual property).

D.      Committee Meetings

Monthly Application Period.  Fees: $0.00; Total Hours 0.0

Final Application Period.  Fees $151,501.00; Total Hours 315.3

Mr. Ray met extensively and continuously during the Chapter 11 process with various creditor constituencies and their representatives to further the Chapter 11 process, including the Official Committee of Unsecured Creditors, the Ad Hoc Committee of Bondholders, the Canadian Monitor and the EMEA representatives.

      E.    <u>Various Corporate Matters</u>

Monthly Application Period.  Fees: $0.00; Total Hours 0.0

Final Application Period.  Fees $1,457.00; Total Hours 2.9

Mr. Ray oversaw the various corporate matters related to the U.S. Nortel entities.

      F.    <u>Monthly Operating Reports</u>

Monthly Application Period.  Fees: $0.00; Total Hours 0.0

Final Application Period.  Fees $5,117.00; Total Hours 7.0

Mr. Ray reviewed, executed and filed all reporting obligations of the U.S. Nortel debtors, including the MOR, required monthly/period disclosures and Schedule Amendments, Form 26.

      G.    <u>Contracts</u>

Monthly Application Period.  Fees: $0.00; Total Hours 0.0

Final Application Period.  Fees $0.00; Total Hours 0.0

Mr. Ray oversaw the process by which contracts were reviewed for assumption or rejection and provided analysis and support for the process.

      H.    <u>Claims Matter</u>

Monthly Application Period.  Fees: $1,200.00; Total Hours 1.5

Final Application Period.  Fees $186,290.00; Total Hours 250.6

Mr. Ray provided extensive services to the U.S. Nortel debtors in reviewing and analyzing thousands of claims, developed and participated in processes to reconcile such claims; participated in multiple mediations both formal and informal to resolve claims and provided testimony in connection with the objection to claims.

I.     Financial

Monthly Application Period.  Fees: $0.00; Total Hours 0.0

Final Application Period.  Fees $5,155.00; Total Hours 7.1

Mr. Ray prepared, or assisted with the preparation of financial and other information; cash/expense management reports; and analysis of proposed transactions.

J.     Asset Sales

Monthly Application Period.  Fees: $0.00; Total Hours 0.0

Final Application Period.  Fees $588.00; Total Hours 0.8

Mr. Ray provided assistance with asset sales or other transactional support.

K.     IT Infrastructure / Data Support

Monthly Application Period.  Fees: $0.00; Total Hours 0.0

Final Application Period.  Fees $0.00; Total Hours 0.0

IT Infrastructure / Data Support.

L.     Litigation

Monthly Application Period.  Fees: $0.00; Total Hours 0.0

Final Application Period.  Fees $787,902.00; Total Hours 1,058.8

Mr. Ray expended provided extensive Litigation Support in connection with the various disputes involving the U.S. Debtors, both in respect to other Nortel former affiliates as

well as third party disputes. Mr. Ray expended time for the attendance and provided testimony at hearings and attended extensive mediations in connection with such disputes.

M.   Meetings

Monthly Application Period.  Fees: $0.00; Total Hours 0.0

Final Application Period.  Fees $78,943.00; Total Hours 103.3

As Principal Officer, Mr. Ray expended time in extensive creditor meetings; and oversaw and managed various administrative matters in connection with the U.S. Debtors (Tax, Financial, Board, Employee).

N.   Plan of Reorganization

Monthly Application Period.  Fees: $15,840.00; Total Hours 19.8

Final Application Period.  Fees $350,522.00; Total Hours 445.0

Mr. Ray expended significant resources in connection with the development of Plan of Reorganization; Disclosure Statement.

O.   Non-working Travel

Monthly Application Period.  Fees: $0.00; Total Hours 0.0

Final Application Period.  Fees $201,589.00; Total Hours 759.8

Non-working travel (charged at half rate).

P.   Fee Applications

Monthly Application Period.  Fees: $4,800.00; Total Hours 6.0

Final Application Period.  Fees $220,347.50; Total Hours 363.2

Preparing fee applications.

19.   John Ray charges $.10 or less per page for black and white photocopying and $.80 or less per page for color photocopying.

10

20.    John Ray charges $1.00 per page for outgoing domestic facsimiles and does not charge for incoming facsimiles.

21.    In accordance with Local Rule 2016-2, John Ray has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

22.    John Ray's fees are based at or below the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

23.    No agreement or understanding exists between John Ray and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

24.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge, and belief that this Application complies with that Rule.

[*The remainder of the page is intentionally blank.*]

11

WHEREFORE, John Ray respectfully requests that this Court: (i) allow John Ray (a) monthly compensation in the amount of $21,840.00 for actual, reasonable, and necessary professional services rendered on behalf of the Debtors during the Monthly Application Period and (b) monthly reimbursement in the amount of $0.00 for actual, reasonable, and necessary expenses incurred during the Monthly Application Period; and (ii)(a) allow final compensation in the amount of $4,808,467.00 for actual, reasonable, and necessary services rendered to or on behalf of the Debtors during the Final Application Period, plus $6,000.00 for reviewing and preparing fee application in the post-Effective Date period and (b) allow final reimbursement of $274,745.70 for actual, reasonable, and necessary expenses incurred during the Final Application Period, and (c) authorize and direct the Debtors to pay to John Ray the amount of $17,472.00 which is equal to the sum of 80% of John Ray's allowed interim compensation and 100% of John Ray's allowed expense reimbursement, less any amounts previously paid by the Debtors; and (iii) grant such other further relief as the Court deems just and proper.


Dated:   June 22, 2017                        JOHN RAY
         Wilmington, Delaware

                                              _____
                                              John Ray
                                              *Principal Officer for Nortel Networks, Inc.*