# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
:
In re                                                      : Chapter 11
:
Nortel Networks Inc., et al.,[1]                           : Case No. 09-10138 (KG)
:
           Debtors.                              : Jointly Administered
:
:
:                                                            **Hearing Date: TBD**
------------------------------------------------------------X  **Objections Due: July 19, 2017 at 4:00 p.m. (ET)**

## FINAL APPLICATION OF HURON BUSINESS ADVISORY AS ACCOUNTING AND RESTRUCTURING CONSULTANT TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR FINAL ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD
### FEBRUARY 2, 2009 THROUGH APRIL 30, 2017

| | |
|---|---|
| Name of Applicant: | HURON CONSULTING SERVICES LLC |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | March 19, 2009 _nunc pro tunc_ to February 2, 2009 |
| Final Period for which compensation and reimbursement is sought: | February 2, 2009 through April 30, 2017 |
| Amount of Final compensation sought as actual, reasonable, and necessary: | $9,073,570.98, $23,640.00 in fees for preparation of the final fee application after the Effective Date |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). This fee application is not a final fee application with respect to Nortel Networks India International Inc. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Amount of Final reimbursement sought as actual, reasonable, and necessary:

of the Plan.

This is a ___ monthly        $594,637.34

                              _x_ final application

The total time expended for fee application preparation is approximately 39.4 hours.

If this is not the first application filed, disclose the following for each prior application:

| Application Period | Filing Date | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|---|
| 1st Quarterly | 6/3/2009 | February 2, 2009 through April 30, 2009 | $ 1,194,400.93 | $ 135,430.75 | $ 1,194,400.93 | $ 135,430.75 |
| 2nd Quarterly | 8/25/2009 | May 1, 2009 through July 31, 2009 | $ 592,854.97 | $ 75,612.54 | $ 592,854.97 | $ 75,612.54 |
| 3rd Quarterly | 11/20/2009 | August 1, 2009 through October 31, 2009 | $ 696,673.78 | $ 79,343.71 | $ 696,673.78 | $ 79,343.71 |
| 4th Quarterly | 2/18/2010 | November 1, 2009 through January 31, 2010 | $ 538,504.65 | $ 43,385.47 | $ 538,504.65 | $ 43,385.47 |
| 5th Quarterly | 5/26/2010 | February 1, 2010 through April 30, 2010 | $ 871,859.93 | $ 84,605.84 | $ 871,859.93 | $ 84,605.84 |
| 6th Quarterly | 8/24/2010 | May 1, 2010 through July 31, 2010 | $ 892,349.10 | $ 90,525.48 [2] | $ 892,349.10 | $ 90,525.48 |
| 7th Quarterly | 11/22/2010 | August 1, 2010 through October 31, 2010 | $ 819,643.73 | $ 62,812.77 | $ 819,643.73 | $ 62,812.77 |
| 8th Quarterly | 2/24/2011 | November 1, 2010 through January 31, 2011 | $ 560,776.96 | $ 20,463.15 | $ 560,776.96 | $ 20,463.15 |
| 9th Quarterly | 5/27/2011 | February 1, 2011 through April 30, 2011 | $ 206,844.30 | $ 1,567.80 | $ 206,844.30 | $ 1,567.80 |
| 10th Quarterly | 8/26/2011 | May 1, 2011 through July 31, 2011 | $ 175,934.70 | $ 82.99 | $ 175,934.70 | $ 82.99 |
| 11th Quarterly | 11/21/2011 | August 1, 2011 through October 31, 2011 | $ 121,220.10 | $ 160.40 | $ 121,220.10 | $ 160.40 |
| 12th Quarterly | 2/24/2012 | November 1, 2011 through January 31, 2012 | $ 126,056.70 | $ 314.89 | $ 126,056.70 | $ 314.89 |
| 13th Quarterly | 5/24/2012 | February 1, 2012 through April 30, 2012 | $ 105,401.25 | $ 80.63 | $ 105,401.25 | $ 80.63 |
| 14th Quarterly | 8/21/2012 | May 1, 2012 through July 31, 2012 | $ 111,790.80 | $ 41.35 | $ 111,790.80 | $ 41.35 |
| 15th Quarterly | 11/8/2012 | August 1, 2012 through October 31, 2012 | $ 65,488.05 | $ 85.57 | $ 65,488.05 | $ 85.57 |
| 16th Quarterly | 2/20/2013 | November 1, 2012 through January 31, 2013 | $ 40,029.30 | $ 54.00 | $ 40,029.30 | $ 54.00 |
| 17th Quarterly | 2/20/2013 | February 1, 2013 through April 30, 2013 | $ 39,609.45 | $ 30.00 | $ 39,609.45 | $ 30.00 |
| 18th Quarterly | 8/28/2013 | May 1, 2013 through July 31, 2013 | $ 45,262.80 | $ - | $ 45,262.80 | $ - |
| 19th Quarterly | 11/25/2013 | August 1, 2013 through October 31, 2013 | $ 43,349.40 | $ 40.00 | $ 43,349.40 | $ 40.00 |

| Application Period | Filing Date | Period Covered | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | Fees | Expenses | Fees | Expenses |
| 21st Quarterly | 5/28/2014 | February 1, 2014 through April 30, 2014 | $ 133,236.00 | $ - | $ 133,236.00 | $ - |
| 22nd Quarterly | 8/20/2014 | May 1, 2014 through July 31, 2014 | $ 142,783.65 | $ - | $ 142,783.65 | $ - |
| 23rd Quarterly | 11/21/2014 | August 1, 2014 through October 31, 2014 | $ 134,669.70 | $ - | $ 134,669.70 | $ - |
| 24th Quarterly | 2/20/2015 | November 1, 2014 through January 31, 2015 | $ 155,636.55 | $ - | $ 155,636.55 | $ - |
| 25th Quarterly | 5/15/2015 | February 1, 2015 through April 30, 2015 | $ 179,518.50 | $ - | $ 179,518.50 | $ - |
| 26th Quarterly | 8/20/2015 | May 1, 2015 through July 31, 2015 | $ 127,813.50 | $ - | $ 127,813.50 | $ - |
| 27th Quarterly | 11/23/2015 | August 1, 2015 through October 31, 2015 | $ 163,386.00 | $ - | $ 163,386.00 | $ - |
| 28th Quarterly | 2/19/2016 | November 1, 2015 through January 31, 2016 | $ 109,971.00 | $ - | $ 109,971.00 | $ - |
| 29th Quarterly | 5/19/2016 | February 1, 2016 through April 30, 2016 | $ 96,412.50 | $ - | $ 96,412.50 | $ - |
| 30th Quarterly | 8/11/2016 | May 1, 2016 through July 31, 2016 | $ 72,945.00 | $ - | $ 72,945.00 | $ - |
| 31st Quarterly | 11/9/2016 | August 1, 2016 through October 31, 2016 | $ 115,254.00 | $ - | $ 115,254.00 | $ - |
| 32nd Quarterly | 2/13/2017 | November 1, 2016 through January 31, 2017 | $ 113,895.00 | $ - | $ 113,895.00 | $ - |
| 97th Monthly | 3/9/2017 | February 1, 2017 through February 28, 2017 | $ 51,759.00 | $ - | $ 41,407.20 | $ - |
| 98th Monthly | 4/11/2017 | March 1, 2017 through March 31, 2017 | $ 75,883.50 | $ - | $ 60,706.80 | $ - |
| 99th Monthly | 5/9/2017 | April 1, 2017 through April 30, 2017 | $ 59,319.00 | $ - | $ 47,455.20 | $ - |

**FINAL COMPENSATION BY PROFESSIONAL**
**NORTEL NETWORKS INC., ET AL.**
**(CASE NO. 09-10138 (KG))**

**February 2, 2009 through April 30, 2017**

| Name of Professional | Position of Applicant | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| James Lukenda | Managing Director | $ 710 | 584.55 | $ 415,030.50 |
| James Lukenda | Managing Director | $ 725 | 524.60 | $ 380,335.00 |
| James Lukenda | Managing Director | $ 750 | 22.70 | $ 17,025.00 |
| James Lukenda | Managing Director | $ 850 | 2.70 | $ 2,295.00 |
| David Head | Managing Director | $ 650 | 270.80 | $ 176,020.00 |
| Michael Sullivan | Managing Director | $ 695 | 12.80 | $ 8,896.00 |
| Steve Burlone | Managing Director | $ 715 | 1.00 | $ 715.00 |
| Coley Brown | Associate | $ 335 | 1,575.00 | $ 527,625.00 |
| Coley Brown | Manager | $ 415 | 116.50 | $ 48,347.50 |
| Coley Brown | Manager | $ 420 | 4,445.00 | $ 1,866,647.00 |
| Coley Brown | Director | $ 535 | 1,135.10 | $ 607,278.50 |
| Coley Brown | Director | $ 550 | 1,963.30 | $ 1,079,815.00 |
| Coley Brown | Director | $ 600 | 428.10 | $ 256,860.00 |
| Lee Sweigart | Director | $ 540 | 1,207.50 | $ 652,050.00 |
| Lee Sweigart | Director | $ 555 | 620.00 | $ 344,100.00 |
| Matt Fisher | Director | $ 540 | 1,075.50 | $ 580,770.00 |
| Matt Fisher | Director | $ 555 | 718.70 | $ 398,925.50 |
| Theresa Steinkamp | Manager | $ 455 | 552.30 | $ 251,296.50 |
| Elaine Lane | Director | $ 555 | 196.00 | $ 108,780.00 |
| Stuart Walker | Director | $ 555 | 0.80 | $ 444.00 |
| Brian Heinimann | Manager | $ 150 | 120.00 | $ 18,040.00 |
| Brian Heinimann | Associate | $ 335 | 111.30 | $ 37,285.50 |
| Brian Heinimann | Manager | $ 410 | 1,507.80 | $ 618,198.00 |
| Brian Heinimann | Manager | $ 415 | 89.50 | $ 37,142.50 |
| Gideon Amuah | Manager | $ 395 | 16.00 | $ 6,320.00 |
| Peter Gnatowski | Manager | $ 350 | 0.30 | $ 105.00 |
| Vincent Skokandic | Manager | $ 335 | 1.20 | $ 402.00 |
| Jennifer McConnell | Associate | $ 335 | 9.20 | $ 3,082.00 |
| Jennifer McConnell | Manager | $ 410 | 16.00 | $ 6,560.00 |
| Michael Scannella | Analyst | $ 245 | 1,350.70 | $ 330,921.50 |
| Michael Scannella | Associate | $ 335 | 1,887.40 | $ 632,279.00 |
| Michael Scannella | Associate | $ 350 | 13.70 | $ 4,795.00 |
| Joseph McKenna | Analyst | $ 245 | 652.95 | $ 159,972.75 |
| Joseph McKenna | Associate | $ 335 | 1,430.70 | $ 479,284.50 |
| Sidney Bradley | Associate | $ 335 | 189.00 | $ 63,315.00 |
| Peggy Ellis | Associate | $ 330 | 17.30 | $ 5,709.00 |
| Jason Kirshner | Associate | $ 250 | 22.80 | $ 5,700.00 |
| Brian Asby | Associate | $ 335 | 13.00 | $ 4,355.00 |
| Matt Lawrence | Associate | $ 335 | 6.10 | $ 2,043.50 |
| Ion Bria | Associate | $ 330 | 5.10 | $ 1,683.00 |
| Philip Grodin | Associate | $ 335 | 1.00 | $ 335.00 |
| Andrea Verney | Associate | $ 335 | 2.80 | $ 938.00 |
| Mi-Goung Choi | Associate | $ 335 | 0.70 | $ 234.50 |
| Bobby Jones | Analyst | $ 250 | 697.70 | $ 174,425.00 |
| Dhara Manek | Analyst | $ 235 | 37.00 | $ 8,695.00 |
| Brian Cook | Analyst | $ 235 | 11.50 | $ 2,702.50 |
| Clarissa Tuttle | Executive Assistant | $ 50 | 10.15 | $ 507.50 |
| **Total** | | | **23,673.85** | **$ 10,328,286.25** |

4

**FINAL COMPENSATION BY PROJECT CATEGORY**
**NORTEL NETWORKS INC., ET AL.**
**(CASE NO. 09-10138 (KG))**

**February 2, 2009 through April 30, 2017**

| Fee Code | Project Category | Total Hours | Total Fees |
|---|---|---:|---:|
| 1 and 3 | Meeting/Teleconference with Case Parties | 2,289.20 | $ 1,101,054.50 |
| 4 | Court Hearings/Prep | 509.70 | $ 213,749.00 |
| 5 | Case Reporting: UST, SOFA, SOAL | 4,101.80 | $ 1,651,881.25 |
| 6 | Retention and Fee Apps | 1,043.95 | $ 411,305.00 |
| 7 | Disclosure Statement / Plan of Reorganization | 2,156.40 | $ 957,505.50 |
| 8 | Business Plan & Analysis of Operations | 37.80 | $ 26,998.00 |
| 9 | Cash Flow Analysis and Reporting | 20.90 | $ 11,531.00 |
| 11 | Asset Sale & Disposition Support | 947.90 | $ 398,861.50 |
| 12 | Tax Issues / Analysis | 0.70 | $ 507.50 |
| 14 | Account Analysis & Reconciliations | 62.20 | $ 25,355.00 |
| 15 | Avoidance/Reclamation | 3,737.60 | $ 1,497,199.50 |
| 16 | Unsecured Claim Analysis | 6,272.70 | $ 2,939,372.00 |
| 17 | Intercompany Claims | 797.20 | $ 360,885.50 |
| 19 | Accounting and Disclosure/SOP 90-7 | 144.00 | $ 87,781.00 |
| 25 | Case Admin | 200.30 | $ 109,498.00 |
| 26 | Travel Time | 1,351.50 | $ 534,802.00 |
| **Total** | | **23,673.85** | **$ 10,328,286.25** |
| | Reductions | | |
| |   Travel (50%) | | $ (267,401.00) |
| |   Accomodation (10%) | | $ (1,006,088.53) |
| | Invoice Total | | $ 9,054,796.73 |
| |   Trustee Adjustments | | $ (4,865.75) |
| | **Net Fees** | | **$ 9,049,930.98** |
| | **Net Blended Rate** | | **$ 382.28** |

5

**FINAL EXPENSE SUMMARY**
**NORTEL NETWORKS INC., ET AL.**
**(CASE NO. 09-10138 (KG))**

**February 2, 2009 through April 30, 2017**

| Expense Description | Total Expenses |
|---|---:|
| [1] Airfare | $ 252,759.56 |
| Ground Transportation | $ 37,256.48 |
| Hotel/Lodging | $ 188,573.15 |
| Meals | $ 57,005.47 |
| Mileage | $ 4,388.09 |
| Parking & Tolls | $ 14,189.18 |
| Postage & Freight | $ 371.76 |
| Rental Car | $ 31,927.48 |
| Research | $ 992.42 |
| Wireless Voice & Data | $ 707.76 |
| Telecom | $ 1,297.78 |
| Office Supplies | $ 708.46 |
| Other | $ 5,560.49 |
|  | **$ 595,738.08** |
| Trustee Adjustments | $ (1,100.74) |
| Net Expenses | $ 594,637.34 |

[1] Airfare was charged at coach rates.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
: 
In re : Chapter 11
: 
Nortel Networks Inc., et al., [1] : Case No. 09-10138 (KG)
: 
           Debtors. : Jointly Administered
: 
: **Hearing Date: TBD**
---------------------------------------------------------------X **Objections Due: July 19, 2017 at 4:00 p.m. (ET)**

**FINAL APPLICATION OF HURON BUSINESS ADVISORY, ACCOUNTING AND RESTRUCTURING CONSULTANT TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD**
**FEBRUARY 2, 2009 THROUGH APRIL 30, 2017**

Huron Consulting Services LLC ("Huron Business Advisory" or "Huron"), as Accounting and Restructuring Consultant for the debtors in the above-captioned cases (collectively, the "Debtors"), submits this application (the "Application") for final allowance of compensation and reimbursement of expenses under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the *Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members* (D.I. 222) (the "Interim Compensation Procedures Order")[2].  By this Application, Huron seeks final allowance of reasonable compensation for professional services rendered by Huron to the Debtors for the period February 2, 2009 through April 30, 2017 (the "Final Application Period") and final reimbursement of actual and necessary expenses and disbursements incurred by Huron in rendering professional services on behalf of the Debtors during the Final Application Period.  In support of this Application, Huron respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-2, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

---

[2]    Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

## BACKGROUND

3. On January 14, 2009 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. No trustee has been appointed in the Debtors' jointly administered bankruptcy cases.

## HURON'S RETENTION

4. On January 29, 2009 the Debtors engaged Huron as Accounting and Restructuring Consultant in connection with these bankruptcy cases.

5. On February 27, 2009, the Debtors filed an application to employ Huron Consulting Services LLC as Accounting And Restructuring Consultant To The Debtors And Debtors In Possession (D.I. 388) (the "Huron Retention Application").

6. On March 19, 2009, this Court entered the Order Pursuant to 11 U.S.C. Sections 327 (a) and 1107 (b), Fed. R. Bankr. P. 2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing Retention and Employment of Huron Consulting Services LLC *Nunc Pro Tunc to February 2, 2009* as Accounting and Restructuring Consultant to the Debtors and Debtors in Possession (D.I. 496) (the "Huron Retention Order").

## DEBTORS' CHAPTER 11 PLAN

7. On January 23, 2017, the Debtors other than Nortel Networks India International Inc. (the "Confirmed Debtors") filed the *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* (as modified, amended, or supplemented from time to time and including all exhibits thereto) (D.I. 17763) (the "Plan") with this Court.

8. Following the hearing held on January 24, 2017, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* (D.I. 17795) (the

"Confirmation Order") confirming the Confirmed Debtors' Plan.[3] The Plan went effective on May 8, 2017 (the "Effective Date"). *See* D.I. 18176. Pursuant to the Plan, Confirmation Order, and Effective Date notice, all final requests for payment of Professional Claims must be filed by July 7, 2017. Such Professional Claims include all fees and expenses requested by Professionals from the Petition Date through the Effective Date against all Confirmed Debtors.

## RELIEF REQUESTED

9. Huron submits this Application: (i) for final allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it rendered as Accounting and Restructuring Consultant for the Debtors during the Final Application Period and (ii) for final reimbursement of actual, reasonable, and necessary expenses incurred in representing the Debtors during the Final Application Period.

## THE FINAL APPLICATION PERIOD

10. Huron seeks allowance of $9,049,930.98 for actual, reasonable, and necessary accounting and restructuring consultant services rendered to the Debtors during the Final Application Period, plus $23,640.00 in fees for preparation of the final fee application after the Effective Date of the Plan and $594,637.34 as reimbursement of actual, reasonable, and necessary expenses incurred in connection with the rendition of such services during the Final Application Period. Detailed descriptions of the services rendered and expenses incurred by Huron during the Final Application Period are set forth on Exhibits A and B, respectively, of the monthly fee applications filed by Huron in these chapter 11 cases and incorporated herein by reference. Huron requests that the Debtors be authorized and directed to pay Huron an amount

---

[3] Capitalized terms not defined herein are defined in the Plan.

equal to the sum of the allowed compensation and expense reimbursement during the Final Application Period, less the amounts previously paid by the Debtors.

## SUMMARY OF SERVICES BY PROJECT

11. During the Final Application Period, Huron served as Accounting and Restructuring Consultant to the Debtors. The services rendered by Huron during the Final Application Period can be grouped into the categories set forth below. These categories are generally described below, with a more detailed identification of the actual services provided set forth on the Exhibit A attached to each of the previously filed monthly fee applications:

**Task Codes 1 and 3 – Meeting/Teleconference with Case Parties**

Huron consulted with the Debtors' management, counsel, and advisors in the performance of its duties and responsibilities on an "as needed" basis; these meetings and conferences were essential for furthering the various tasks assigned to Huron and determining the nature, scope, priority and resources required. In these meetings, the Huron team shared information with Company management and advisors to prioritize tasks to most effectively meet the Debtors needs and provided advice / recommendations, as requested

Huron also had as one of its primary responsibilities in these cases, the role of facilitator between the Debtors, UCC and the bondholders. These responsibilities included attending meetings between the Debtors' management, outside counsel, and the advisors of the UCC and bondholders. Huron assisted the Debtors by attending and participating in creditor meetings, managing the data and information flow to and from the creditors and their advisors, maintaining a comprehensive log of all information shared, and responding to urgent and immediate needs and requests of the creditors and their advisors.

Huron devoted 2,289.20 hours which resulted in fees of $1,101,054.50 with regards to these services during the Final Application Period.

**Task Code 4 – Court Hearings / Preparation**

At the request of the Debtors, Huron assisted outside counsel with the contingency planning for the U.S. non-Debtor subsidiaries. Huron contributed to the case logistic preparation, documentation and analyses in support of contingency planning. Huron also devoted time organizing a claim objection process in preparation for upcoming omnibus hearings. Huron prepared claims for potential objection and conducted a final review of the claim images, supporting documentation and objection exhibits to ensure each claim objection satisfied the proper cause(s) of action. A significant portion of the work performed to create the objection exhibits may be solely reflected in Task Code 16 as part of the Unsecured Claims Analysis.

Huron devoted 509.70 hours which resulted in fees of $213,749.00 with regards to these services during the Final Application Period.

**Task Code 5 – Case Reporting: UST, SOFA, SOAL**

Huron had as one of its primary roles in these cases the responsibility for assisting the Debtors in completing the various filing and notification requirements under the Bankruptcy Code and related rules. These filings included: Statements and Schedules, Form 26 required by Rule 2015.3 and the OUST's MOR requirements. In conjunction with the transition of the Nortel entities, Huron assisted with the reporting transition among Nortel personnel with primary external reporting responsibility.

Huron devoted 4,101.80 hours which resulted in fees of $1,651,881.25 with regards to these services during the Final Application Period.

**Task Code 6 – Retention and Fee Applications**

As the Debtors' restructuring consultant, Huron adhered to the requirements of the Bankruptcy Code and related rules, and the OUST guidelines with respect to retention of professionals in bankruptcy cases. Additionally, Huron submitted requests for fee allowances and

expense reimbursement in the manner prescribed by this Court in the Interim Compensation Order. These requirements included maintaining disclosures as well as preparing monthly and quarterly interim fee applications for payment of fees and reimbursement of expenses. Huron's effort in complying with the filing and reporting requirements related to retention and compensation represent less than 4% of Huron's fees in these matters.

Huron devoted 1,043.95 hours which resulted in fees of $411,305.00 with regards to these services during the Final Application Period.

**Task Code 7 – Disclosure Statement / Plan of Reorganization**

At the request of the Debtors, Huron accumulated the necessary information and analyses for a U.S. entity liquidation analysis outlining potential creditor recoveries under various scenarios to be documented in the Disclosure Statement and Joint Chapter 11 Plan (the "Plan"). Working with Debtors' management, Huron assisted with addressing the contents of asset and liability accounts within the financial statements in order to compile information by legal entity. Huron also reconciled additional asset information including, but not limited to, executory contracts, intangible assets, employee information and professional fee information to determine the remaining assets after the close of certain transactions. While compiling the necessary information, Huron devoted time preparing individual U.S. entity analyses detailing the asset, intercompany and contractual information for review by the Debtors' counsel. Huron developed a preliminary liquidation analysis model as requested by the Debtors.

Huron devoted 2,156.40 hours which resulted in fees of $957,505.50 with regards to these services during the Final Application Period.

**Task Code 8 – Business Plan & Analysis of Operations**

Huron devoted time during the Final Application period preparing and reviewing various business plan materials in advance of the meeting with the various financial advisors to the Debtors.

Time not captured under other task codes related to these efforts was 37.80 hours which resulted in fees of $26,998.00 with regards to these services during the Final Application Period.

**Task Code 9 – Cash Flow Analysis and Reporting**

Huron devoted time during the Final Application period analyzing the cash projections for various Debtor entities.

Huron devoted 20.90 hours which resulted in fees of $11,531.00 with regards to these services during the Final Application Period.

**Task Code 11 – Asset Sale & Disposition Support**

At the request of the Debtors, Huron devoted time during the Final Application period assisting with the Enterprise Solutions, MEN, CVAS and Multi-Service Switch business contract assignment process. Huron also continued creating a database of Enterprise Solutions, MEN, CVAS and Multi-Service Switch contracts and investigating issues concerning parties and counterparties that received notice of the transactions. Huron worked closely with the Debtors' claims and noticing agent to ensure notification of the appropriate parties and counterparties affected by the various transactions.

Huron devoted 947.90 hours which resulted in fees of $398,861.50 with regards to these services during the Final Application Period.

**Task Code 12 – Tax Issues / Analysis**

Huron devoted time during the Final Application period related to the tax implications of the various Plan of Liquidation options.

Time not otherwise captured under Task Code 7 related to Huron's work on the liquidation analyses was 0.70 hours which resulted in fees of $507.50 with regards to these services during the Final Application Period.

**Task Code 14 – Account Analysis & Reconciliations**

During this Final Application period, Huron prepared initial claims estimates based on various analyses of the SoFAs and Schedules and the Debtors' books and records. Huron also, with the assistance of the Debtors, developed a claims management process including the formulation of a central claims resolution team, development of a claims reconciliation process, and assignment of departmental resources necessary to execute claims resolution.

Huron devoted 62.20 hours which resulted in fees of $25,355.00 with regards to these services during the Final Application Period.

**Task Code 15 – Avoidance Actions / Reclamation**

Huron devoted time during the Final Application period investigating 90-day payments made to various creditors in order to address the potential preference exposure of each payment. At the request of the Debtors, Huron analyzed responses to preference demands submitted by the defendants. Huron investigated defendants' ordinary course and new value defenses and updated preference action responses accordingly. Huron also provided prepetition schedules and claim reconciliations for certain defendants in an effort to address both matters concurrently. In order to track the status of outstanding preference demands, Huron maintained and updated a database of preference actions including amnesty letters, complaints and tolling agreements along with their status and any settlement amounts received and credited to the Debtors' estates. Huron also compiled a discovery database complete with relevant payment, invoice and other documentation support in order to satisfy discovery requests made by the defendants.

Huron devoted 3,737.60 hours which resulted in fees of $1,497,199.50 with regards to these services during the Final Application Period.

**Task Code 16 – Unsecured Claim Analysis**

Huron devoted time analyzing the various unsecured claims and underlying supporting documentation in order to assist Cleary Gottlieb Steen & Hamilton LLP ("Cleary") with resolving

outstanding claims. Huron also compiled, reconciled and updated any supporting documentation and analyses in order to maintain the unsecured claims database and be able to assist counsel with unsecured claim matters. As part of maintaining the unsecured claims database, Huron devoted time to documenting detailed methodologies, analyses and supporting documentation for reference with Debtors' counsel. Huron performed this work in order to establish the Debtors' position while allowing unsecured claims to be resolved in a timely and efficient manner.

Huron analyzed the various employee claim causes of action to update participant lists and estimates in order to assist Cleary with developing an employee claims methodology for estimating claim exposure. As part of the estimating the Debtors' employee claim exposure, Huron devoted time preparing and documenting detailed methodologies and calculations to share with Debtors' counsel. Huron also worked with Cleary to update an employee claim objection methodology pursuant to local rules. As a result, Huron worked with the Debtors' claims and noticing agent to prepare employee claim communication documents that establish the Debtors' position while allowing employee claims to be resolved in a timely and efficient manner.

Huron devoted 6,272.70 hours which resulted in fees of $2,939,372.00 with regards to these services during the Final Application Period.

**Task Code 17 – Intercompany Claims**

As the Debtors' Restructuring Consultant, Huron maintained a detailed financial model designed to (i) track intercompany receivables and payables activity, by legal entity, and (ii) convert such activity into claims for purposes of the liquidation analysis model. Huron worked closely with the Debtors' Accounting Department to verify the accuracy of both the transaction data and the resulting prepetition balances. Huron also regularly updated the intercompany transaction tracking model to reflect subsequent data.

Huron devoted 797.20 hours which resulted in fees of $360,885.50 with regards to these services during the Final Application Period.

**Task Code 19 – Accounting and Disclosure / ACS 852, (f/k/a SOP 90-7)**

During the Final Application period, Huron devoted time advising the Debtors on the accounting for liabilities-subject-to-compromise as a result of omnibus objection orders. Huron also analyzed the accounting implications related to potential recoveries made under avoidance actions and preparing an initial memorandum detailing the effects.

Huron devoted 144.00 hours which resulted in fees of $87,781.00 with regards to these services during the Final Application Period.

**Task Code 25 – Case Administration**

In managing a large and complex case, a certain amount of administrative time is necessary to assure overall effectiveness and efficiency. Huron devoted time for general administrative matters related to the Debtors' bankruptcy cases. Given the size, nature, and number of professionals involved in these cases, Huron professionals devoted time to project documentation, work planning, file management and staffing as requested by the Debtors to ensure efficiency, to avoid redundancy, and to keep the Debtors fully abreast of the progress on Huron's work streams.

Huron devoted 200.30 hours which resulted in fees of $109,498.00 with regards to these services during the Final Application Period.

**Task Code 26 – Travel Time**

The travel time policy followed by Huron on this engagement provided that the professional traveling to and from their home location to the Debtors' site incurs up to the first hour in transit as ordinary commute time that is not eligible for compensation. Devoted time for non-working travel beyond the initial hour to and from the client site is billable to the client. Whenever possible, Huron encouraged its professionals to use travel time productively by reading documents, etc. However,

with the increased use of smaller aircraft servicing cities, it is increasingly difficult to work on confidential material while in transit. In compliance with the Local Rules Huron reduced its request for compensation for non-working travel by 50% of the amount incurred.

Huron devoted 1,351.50 hours which resulted in fees of $534,802.00 with regards to these services during the Final Application Period.

12. Huron has endeavored to represent the Debtors in the most expeditious and economical manner possible. Huron ensured that all tasks were assigned so that work was performed by those professionals at Huron most familiar with the particular matter or task and by the lowest hourly rate professional appropriate for a particular matter. Moreover, Huron has coordinated with the Debtors' counsel, claims and noticing agent, and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize fees and expenses to the Debtors. We believe we have been successful in this regard.

13. At the time of its engagement, Huron agreed to provide the Debtors with a 10% accommodation in the form of a permanent reduction in the amount of Huron's monthly fee statements. The accompanying invoice(s) and this Application reflect the 10% accommodation adjustment.

14. In accordance with Local Rule 2016-2, Huron has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

15. Huron's fees are based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

16. No agreement or understanding exists between Huron and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

17. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge, and belief that this Application complies with that Rule.

[*The remainder of the page is intentionally blank.*]

WHEREFORE, Huron respectfully requests that this Court (a) allow final compensation in the amount of $9,049,930.98 for actual, reasonable, and necessary services rendered to or on behalf of the Debtors during the Final Application Period, plus $23,640.00 in fees for preparation of the final fee application after the Effective Date of the Plan and (b) allow final reimbursement of $594,637.34 for actual, reasonable, and necessary expenses incurred during the Final Application Period, (c) authorize and direct the Debtors to pay Huron $37,392.30, an amount equal to the sum of such allowed compensation and reimbursement, less the amounts previously paid by the Debtors[4], and (d) grant such other further relief as the Court deems just and proper.

Dated: June 29, 2017
       New York, New York

HURON BUSINESS ADVISORY

*/s/ James M. Lukenda*

James M. Lukenda, CIRA
Huron Business Advisory
599 Lexington Avenue, 25th Floor
New York, NY 10022-7656
Telephone: 646-277-2207
Facsimile: 508-445-0256
*Accounting and Restructuring Consultant for the Debtors and Debtors in Possession*

---

[4] Huron has previously been paid a total of $9,012,538.68 in compensation and reimbursed $594,637.34 in necessary expenses. Those amounts have been applied to this Final Application, bringing the balance due to $37,392.30 in compensation for the Final Application Period.