# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

D: +1 212 225-2629
lschweitzer@cgsh.com

VICTOR I. LEWKOW
LESLIE N. SILVERMAN
LEE C. BUCHHEIT
JAMES M. PEASLEE
THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
ANDRES DE LA CRUZ
DAVID C. LOPEZ
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL

ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN

ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
JOHN V. HARRISON
CAROLINE F. HAYDAY
RAHUL MUKHI
NEIL R. MARKEL
HUMAYUN KHALID
CHRIS C. LEE
KENNETH S. BLAZEJEWSKI
KNOX L. MCILWAIN
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

June 30, 2017

VIA CM/ECF AND FEDERAL EXPRESS

Mr. Ernest Demel
530 W. 55th Street, #13K
New York, NY 10019

Re: Payment of Allowed Claim 4643; *In re Nortel Networks Inc. et al.*, Case No. 09-10139 (Bankr. D. Del.) (KG)

Dear Mr. Demel:

      I write on behalf of Nortel Networks Inc. and its affiliated debtors and debtors in possession (the "Debtors") in the above captioned cases (the "Chapter 11 Cases") in response to your undated "Creditor's Response Regarding Allowed No[r]tel's Claim 4643" (the "Letter")[1] received by the Debtors on June 28, 2017 regarding allowed claim 4643 (the "Claim").

      Your Claim is a general unsecured claim against Nortel Networks Inc. allowed in the amount of $125,000 and classified as a Class A-3A claim under the *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* (the "Plan") [D.I. 17795-1] confirmed by the Bankruptcy Court on January 24, 2017. See D.I. 17795.[2]

      Distributions on allowed claims started several weeks ago and will continue to be made periodically by the Debtors as set forth in the Plan. See D.I. 17795-1, § 4.3(c). Indeed, on June 15, 2017, as stated in the *Notice of Intended Initial Distribution Under First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of Its Affiliated Debtors* [D.I. 18298] (and

---

[1] A copy of the Letter is attached hereto as Appendix A.
[2] Free copies of the Plan and other documents in the Chapter 11 Cases are available on the publicly accessible website maintained by the Debtors' claims agent, Epiq Systems, Inc., at http://dm.epiq11.com/#/case/NNI/dockets.

Mr. Demel, p. 2

confirmed in your Letter), the Debtors made an initial distribution of 35.53% of the allowed amounts of Class A-3A claims. This is why you received a check for $44,412.37.

Future distributions on account of all Class A-3A claims, including yours, will be made pro rata out of any funds available for distributions to creditors, as set forth in the Plan. Contrary to the assertions in the Letter, however, no "balance amount" or "final payment" is presently due on account of the Claim. Additionally, under the Plan, no interest—compound or otherwise—is due on the Claim. Finally, and for the avoidance of doubt, although the Debtors intend to distribute all available funds pro rata to their creditors as set forth in the Plan, there is no assurance or obligation that your claim will be paid in full to the extent that there are not sufficient funds to pay allowed unsecured claims in full.[3]

As you are aware, the allowance of your Claim has been litigated for years at significant expense to the Debtors, culminating with the opinion issued on November 4, 2016 by the United States Court of Appeals for the Third Circuit. In that decision, that court affirmed prior decisions by both the United States District Court for the District of Delaware and the Bankruptcy Court when it refused to modify the settlement agreement that yielded your allowed $125,000 Claim in 2010. See D.I. 8, *Ernest Demel v. Nortel Networks Inc., et al.*, No. 15-3363 (3d. Cir. Nov. 4, 2016).

At this point in the Debtors' wind-down, the Debtors consider the allowance of your Claim to be fully and finally resolved. Further litigation of your Claim would only waste estate resources. While the Debtors remain available to respond to inquiries from their creditors, should you initiate or further pursue unfounded litigation, the Debtors reserve all rights and defenses, including the right to recover any costs and expenses incurred in connection with such litigation.

Sincerely,

/s/ Lisa M. Schweitzer

Lisa M. Schweitzer

---

[3] As set forth in the disclosure statement filed by the Debtors and approved by the Bankruptcy Court, the Debtors project that a holder of a Class A-3A claim will receive distributions totaling between 53.5% and 61.2% on account of the allowed amount of its Class A-3A claim. See D.I. 17502-3 at CM/ECF 11.