IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Nortel Networks Inc., et al., [1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |
| | **Hearing Date: TBD**<br>**Objections Due: July 20, 2017 at 4:00 p.m. (ET)** |

**TENTH MONTHLY (FOR THE PERIOD FEBRUARY 1, 2017, THROUGH MAY 8, 2017) AND FINAL APPLICATION OF KEIGHTLEY & ASHNER LLP, AS SPECIAL PENSION BENEFITS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD APRIL 1, 2011, THROUGH MAY 8, 2017**

| | |
|---|---|
| Name of Applicant: | KEIGHTLEY & ASHNER LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | May 10, 2011, *nunc pro tunc* to April 1, 2011 |
| Monthly Period for which compensation and reimbursement is sought: | February 1, 2017, through May 8, 2017 |
| Amount of Monthly compensation sought as actual, reasonable, and necessary: | $1,862.00 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). This fee application is not a final fee application with respect to Nortel Networks India International Inc. Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

| Amount of Monthly reimbursement sought as actual, reasonable, and necessary: | $0.00 |
|---|---|
| Final Period for which compensation and reimbursement is sought: | April 1, 2011, through May 8, 2017 |
| Amount of Final compensation sought as actual, reasonable, and necessary: | $205,029.00, plus $1,960.00 in fees for preparation of tenth monthly and final fee application after the Effective Date of the Plan |
| Amount of Final reimbursement sought as actual, reasonable, and necessary: | $1,238.41 |

This is a _x_ monthly                    _x_   final application

The total time expended for fee application preparation is approximately 2.0 hours and the corresponding compensation requested is approximately $1,960.00.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 5/25/11 | April 1-30, 2011 | $6,530.00/$0.00 | $6,530.00/$0.00 |
| 8/26/11 | May 1 to July 31, 2011 | $28,335.00/$0.00 | $28,335.00/$0.00 |
| 9/29/11 | August 1-31, 2011 | $6,050.00/$0.00 | $6,050.00/$0.00 |
| 11/18/11 | September 1 to October 31, 2011 | $2,615.00/$0.00 | $2,615.00/$0.00 |
| 5/29/12 | November 1 2011, to April 30, 2012 | $3,340.00/$0.00 | $3,340.00/$0.00 |
| 5/30/13 | May 1, 2012, to April 30, 2013 | $2,310.00/$0.00 | $2,310.00/$0.00 |
| 1/30/17 | May 1, 2013, to November 30, 2016 | $91,656.00/$1,238.41 | $91,656.00/$1,238.41 |

| | | | |
|---|---|---|---|
| 2/21/17 | December 1, 2016, to December 31, 2016 | $60,273.00/$0.00 | $60,273.00/$0.00 |
| 2/24/17 | January 1–31, 2017 | $2,058.00/$0./00 | $2,058.00/$0./00 |

**MONTHLY COMPENSATION BY PROFESSIONAL
NORTEL NETWORKS INC., ET AL.
(CASE NO. 09-10138 (KG))**

**February 1, 2017, through May 8, 2017**

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Harold J. Ashner | Partner/ Pensions | $980.00 | 1.9 | $1,862.00 |
| **Total** | | | **1.9** | **$1,862.00** |
| **GRAND TOTAL:** $1,862.00 | | | | |
| **BLENDED RATE:** $980.00 | | | | |

## MONTHLY COMPENSATION BY PROJECT CATEGORY

Nortel Networks, Inc., *et al.*
(Case No. 09-10138 (KG))

February 1, 2017, through May 8, 2017

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Fee/Employment Applications | 1.9 | $1,862.00 |
| **TOTAL** | **1.9** | **$1,862.00** |

## MONTHLY EXPENSE SUMMARY

Nortel Networks, Inc., *et al.*
(Case No. 09-10138 (KG))

February 1, 2017, through May 8, 2017

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---:|
| N/A | N/A | N/A |
| **Grand Total Expenses** | | **$0.00** |

**FINAL COMPENSATION BY PROFESSIONAL**
**NORTEL NETWORKS INC., ET AL.**
**(CASE NO. 09-10138 (KG))**

**April 1, 2011, through May 8, 2017**

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes)[2] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| James J. Keightley | Partner/Pensions | $825 | .6 | $495.00 |
| | | $750 | 4.3 | $3,225.00 |
| Harold J. Ashner | Partner/ Pensions | $980 | 4.0 | $3,920.00 |
| | | $945 | 116.0 | $109,620.00 |
| | | $825 | 3.6 | $2,970.00 |
| | | $700 | 45.1 | $31,570.00 |
| | | $472.50 (travel) | 5.0 | $2,362.50 |
| William G. Beyer | Of Counsel/Pensions | $895 | 0.8 | $716.00 |
| | | $700 | 8.6 | $6,020.00 |
| Deborah G. West | Of Counsel/Pensions | $895 | 13.7 | $12,261.50 |
| | | | 7.0 | $4,900.00 |
| John Langhans | Senior Actuarial Advisor/Pensions | $745 | 36.2 | $26,969.00 |
| **Total** | | | **244.9** | **$205,029.00** |
| **GRAND TOTAL:** | $205,029.00 | | | |
| **BLENDED RATE:** | $837.19 | | | |

---

[2]  In accordance with K&A policy, normal hourly rates have been increased annually, effective on January 1 of the applicable year.

**FINAL COMPENSATION BY PROJECT CATEGORY**
**NORTEL NETWORKS INC., ET AL.**
**(CASE NO. 09-10138 (KG))**

**April 1, 2011, through May 8, 2017**

| Project Category | Total Hours | Total Fees |
| --- | --- | --- |
| Fee/Employment Applications | 39.9 | $30,444.50 |
| Employee Benefits/Pensions | 205.0 | $174,584.50 |
| **TOTAL** | **244.9** | **$205,029.00** |

**FINAL EXPENSE SUMMARY**
**NORTEL NETWORKS INC., ET AL.**
**(CASE NO. 09-10138 (KG))**

**April 1, 2011, through May 8, 2017**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Travel | | $420.38 |
| Long Distance Phone Charges | | $818.03 |
| **Grand Total Expenses** | | **$1,238.41** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------X
:
In re                                                    :    Chapter 11
:
Nortel Networks Inc., et al.,[1]                         :    Case No. 09-10138 (KG)
:
          Debtors.                                       :    Jointly Administered
:
:    **Hearing Date: TBD**
:    **Objections Due: July 20, 2017 at 4:00 p.m. (ET)**
---------------------------------------------------------X

**TENTH MONTHLY (FOR THE PERIOD FEBUARY 1, 2017, THROUGH MAY 8, 2017) AND FINAL APPLICATION OF KEIGHTLEY & ASHNER LLP, AS SPECIAL PENSION BENEFITS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD**
<u>**APRIL 1, 2011, THROUGH MAY 8, 2017**</u>

Keightley & Ashner LLP ("K&A"), as Special Pension Benefits Counsel for the debtors in the above-captioned cases (collectively, the "<u>Debtors</u>"), submits this application (the "<u>Application</u>") for final allowance of compensation and reimbursement of expenses under sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the United States Trustee's Guidelines for Reviewing Applications

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the *Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members* (D.I. 222) (the "Interim Compensation Procedures Order")[2]. By this Application, K&A seeks: (i) allowance of compensation for professional services rendered by K&A to the Debtors for the period February 1, 2017, through May 8, 2017 (the "Monthly Application Period") and reimbursement of actual and necessary expenses incurred by K&A during the Monthly Application Period in rendering professional services on behalf of the Debtors; and (ii) the entry of an order granting final allowance of reasonable compensation for professional services rendered by K&A to the Debtors for the period April 1, 2011, through May 8, 2011 (the "Final Application Period") and final reimbursement of actual and necessary expenses and disbursements incurred by K&A in rendering professional services on behalf of the Debtors during the Final Application Period. In support of this Application, K&A respectfully represents as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

2.  The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-2, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

## BACKGROUND

3.  On January 14, 2009 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. No trustee has been appointed in the Debtors' jointly administered bankruptcy cases.

## K&A'S RETENTION

4.  On April 25, 2011, the Debtors filed the *Application of the Debtors Pursuant to 11 U.S.C. § 327(a) to Retain and Employ Keightley & Ashner LLP as Special Pension Benefits Counsel for the Debtors Nunc Pro Tunc to April 1, 2011* (D.I. 5306) (the "K&A Retention Application").

5.  On May 10, 2011, this Court granted K&A's Retention Application pursuant to the *Order Authorizing the Retention and Employment of Keightley & Ashner LLP as Special Pension Benefits Counsel for the Debtors Nunc Pro Tunc to April 1, 2011* (D.I. 5404).

## INTERIM COMPENSATION PROCEDURES ORDER

6.  The Court entered the Interim Compensation Procedures Order on February 4, 2009. The Interim Compensation Procedures Order sets forth the procedures for interim compensation and reimbursement of expenses for Professionals in these cases.

7.  In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Statement with the Court after the first day of each month following the month for which compensation is sought. Provided that there are no objections to such Monthly Fee Statement filed within twenty days after the service of the Monthly

Fee Statement, the Professional may file a certificate of no objection (the "Certificate of No Objection") with the Court.

8. Upon the filing of a Certificate of No Objection, the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Statement. If a partial objection to the Monthly Fee Statement is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## DEBTORS' CHAPTER 11 PLAN

9. On January 23, 2017, the Debtors other than Nortel Networks India International Inc. (the "Confirmed Debtors") filed the *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* (as modified, amended, or supplemented from time to time and including all exhibits thereto) (D.I. 17763) (the "Plan") with this Court.

10. Following the hearing held on January 24, 2017, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* (D.I. 17795) (the "Confirmation Order") confirming the Confirmed Debtors' Plan.[3] The Plan went effective on May 8, 2017 (the "Effective Date"). *See* D.I. 18176. Pursuant to the Plan, Confirmation Order, and Effective Date notice, all final requests for payment of Professional Claims must be filed by July 7, 2017. Such Professional Claims include all fees and expenses requested by Professionals from the Petition Date through the Effective Date against all Confirmed Debtors.

---

[3] Capitalized terms not defined herein are defined in the Plan.

4

**RELIEF REQUESTED**

11.     K&A submits this Application: (i) for monthly and final allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it rendered as Special Pension Benefits Counsel for the Debtors during the Monthly and Final Application Periods and (ii) for monthly and final reimbursement of actual, reasonable, and necessary expenses incurred in representing the Debtors during the Monthly and Final Application Periods.

**MONTHLY APPLICATION PERIOD**

12.     During the Monthly Application Period, K&A (a) provided professional services to the Debtors and incurred actual, reasonable, and necessary fees in the amount of $1,960 and (b) incurred actual, reasonable, and necessary expenses totaling $0.00. As of the date of this Application, K&A has not received payment for the monthly fees and expenses requested for the Monthly Application Period.

13.     Set forth on the foregoing "Monthly Compensation by Project Category" is a summary, by subject matter categories of the time expended by K&A timekeepers billing time to the Debtors' cases during the Monthly Application Period.

14.     **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals, and other support staff working on these cases during the Monthly Application Period, as well as a detailed description of the services provided during the Monthly Application Period.

15.     Similarly, **Exhibit B** attached hereto contains a breakdown of actual, reasonable, and necessary expenses incurred by K&A during the Monthly Application Period.

**THE FINAL APPLICATION PERIOD**

16.     K&A seeks allowance of $205,029.00 for actual, reasonable, and necessary legal services rendered to the Debtors during the Final Application Period, plus $1,960.00 in fees for preparation of the tenth monthly and final fee application after the Effective Date of the Plan, and $1,238.41 as reimbursement of actual, reasonable, and necessary expenses incurred in connection with the rendition of such services during the Final Application Period. Detailed descriptions of the services rendered and expenses incurred by K&A during the Final Application Period are set forth on Exhibits A and B, respectively, of the monthly fee applications filed by K&A in these chapter 11 cases. K&A requests that the Debtors be authorized and directed to pay K&A an amount equal to the sum of the allowed compensation and expense reimbursement during the Final Application Period, less any amounts previously paid by the Debtors.

**SUMMARY OF SERVICES BY PROJECT**

17.     The services rendered by K&A during the Monthly Application Period and the Final Application Period can be grouped into the categories set forth below. These categories are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A for the Monthly Application Period attached hereto and Exhibit A attached to each of the previously filed monthly fee applications.

    A.     <u>Employee Benefits/Pensions</u>

        Monthly Application Period. Fees: $0.00; Total Hours 0.0

        Final Application Period. Fees $174,584.50; Total Hours 205.0

During the Final Application Period, K&A reviewed and evaluated the claims filed by the Pension Benefit Guaranty Corporation (the "PBGC"), reviewed extensive documentation regarding the resolution and attempted resolution of various issues that had arisen between the Debtors and the PBGC, and worked closely with counsel for the Debtors on issues relating to the appropriate

6

resolution of these claims. The PBGC had asserted claims against the Debtors in an amount in excess of $700,000,000. The Debtors had filed a 53-page Objection (accompanied by 296 pages of supporting Declaration and exhibits) to the PBGC's claims, raising a number of substantial factual and legal challenges to those claims, including an important issue of administrative law that is apparently one of first impression. The Objection raised at least six distinct grounds of attack, including the material question of whether the regulation used by the PBGC to value its claims is arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (the "APA"). The resolution of the issues raised by the Objection involved highly complex factual and legal questions, and it was of critical importance to the Debtors that these issues be resolved promptly and favorably. K&A, based on the many years of experience its professionals have had, both while serving in responsible positions at the PBGC and while thereafter providing services to various parties with disputes with the PBGC, played a central and substantive role in assisting the Debtors in their efforts to address and to resolve the PBGC claims. The services provided by K&A during the Final Application Period included analyzing the regulatory history underlying PBGC's choice of valuation assumptions, reviewing the various uses of PBGC's valuation assumptions in differing contexts, assisting Cleary Gottlieb with briefing the issues raised and with developing discovery requests, and working closely with prospective expert witnesses in ensuring that they have a full understanding of the complex issues raised in connection with the PBGC's choice and application of valuation assumptions. Ultimately, during the Final Application Period, a settlement was reached with the PBGC to resolve all issues.

   B.  Fee/Employment Applications

     Monthly Application Period.  Fees: $1,862.00; Total Hours 1.9

     Final Application Period.  $30,444.50; Total Hours 39.9

During the Final Application Period, K&A worked closely with counsel for the Debtors in preparing the motion and declaration necessary to be retained as Special Pension Benefits Counsel for the Debtors and in connection with the submission and possible submission of supplemental declarations relating to its retention, and performed fee application and related work associated with its work during multiple periods.

18. K&A has endeavored to represent the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at K&A so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the professional billing the lowest hourly rate as appropriate for a particular matter. Moreover, K&A has endeavored to coordinate with the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors. K&A believes it has been successful in this regard.

19. K&A charges $.10 or less per page for black and white photocopying and $.80 or less per page for color photocopying.

20. K&A charges $1.00 or less per page for outgoing domestic facsimiles and does not charge for incoming facsimiles.

21. In accordance with Local Rule 2016-2, K&A has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

22. K&A's fees are based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

23. No agreement or understanding exists between K&A and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

24. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge, and belief that this Application complies with that Rule.

[*The remainder of the page is intentionally blank.*]

WHEREFORE, K&A respectfully requests that this Court: (i) allow K&A (a) monthly compensation in the amount of $1,862.00 for actual, reasonable, and necessary professional services rendered on behalf of the Debtors during the Monthly Application Period and (b) monthly reimbursement in the amount of $0.00 for actual, reasonable, and necessary expenses incurred during the Monthly Application Period; and (ii)(a) allow final compensation in the amount of $205,029.00 for actual, reasonable, and necessary services rendered to or on behalf of the Debtors during the Final Application Period, plus $1,960.00 in fees for preparation of this Application after the Effective Date of the Plan, (b) allow final reimbursement of $1,238.41 for actual, reasonable, and necessary expenses incurred during the Final Application Period, and (c) authorize and direct the Debtors to pay K&A $3,821.99, an amount equal to the sum of such allowed compensation and reimbursement, less any amounts previously paid by the Debtors[4]; and (iii) grant such other further relief as the Court deems just and proper.

Dated: June 30, 2017

KEIGHTLEY & ASHNER LLP
Washington, DC

_____
Harold J. Ashner
700 12th Street, NW, Suite 700
Washington, DC 20005
Telephone: 202-558-5150
Facsimile: 202-330-5490

*Special Pension Benefits Counsel for Debtors and Debtors in Possession*

---

[4] K&A has previously been paid a total of $204,405.42. That amount and a retainer of 0.00 has been applied to this Final Application, bringing the balance due to $3,821.99 for the Final Application Period.