**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- X
                                                         :
In re                                                    :      Chapter 11
                                                         :
Nortel Networks Inc., et al., 1                          :      Case No. 09-10138 (KG)
                                                         :
                             Debtors.                    :      Jointly Administered
                                                         :
                                                         :      Hearing Date: TBD
                                                         :      Objections Due: July 25, 2017 at 4:00 p.m. (ET)
-------------------------------------------------------- X
```

**EIGHTY-SEVENTH MONTHLY (FOR THE PERIOD MAY 1, 2017 THROUGH MAY 8, 2017) AND FINAL APPLICATION OF CHILMARK PARTNERS, LLC, AS CONSULTING EXPERT TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD** <u>**MARCH 4, 2010 THROUGH MAY 8, 2017**</u>

| | |
|---|---|
| Name of Applicant: | CHILMARK PARTNERS, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | March 31, 2010 *nunc pro tunc* to March 4, 2010 |
| Monthly Period for which compensation and reimbursement is sought: | May 1, 2017 through May 8, 2017 |
| Amount of Monthly compensation sought as actual, reasonable, and necessary: | $64,515.00 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667).  This fee application is not a final fee application with respect to Nortel Networks India International Inc.  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Amount of Monthly reimbursement sought
as actual, reasonable, and necessary:                $0.00

Final Period for which compensation and
reimbursement is sought:                             March 4, 2010 through May 8, 2017

Amount of Final compensation sought as
actual, reasonable, and necessary:                   $21,540,321.00

Amount of Final reimbursement sought as
actual, reasonable, and necessary:                   $449,850.00

This is a  _x_  monthly                                _x_   final application

Summary of Prior Monthly Fee Applications:

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 5/21/10 | 3/4/10 – 3/31/10 | $225,806.00 | $9,845.96 | $225,806.00 | $9,845.96 |
| 5/21/10 | 4/1/10 – 4/30/10 | $250,000.00 | $12,985.82 | $250,000.00 | $12,985.82 |
| 6/18/10 | 5/1/10 – 5/31/10 | $250,000.00 | $20,320.39 | $250,000.00 | $20,320.39 |
| 7/22/10 | 6/1/10 – 6/30/10 | $250,000.00 | $8,903.91 | $250,000.00 | $8,903.91 |
| 8/27/10 | 7/1/10 – 7/31/10 | $250,000.00 | $6,402.17 | $250,000.00 | $6,402.17 |
| 9/23/10 | 8/1/10 – 8/31/10 | $250,000.00 | $10,578.53 | $250,000.00 | $10,578.53 |
| 10/19/10 | 9/1/10 – 9/30/10 | $250,000.00 | $20,650.22 | $250,000.00 | $20,650.22 |
| 11/19/10 | 10/1/10 – 10/31/10 | $250,000.00 | $3,051.77 | $250,000.00 | $3,051.77 |
| 12/17/10 | 11/1/10 – 11/30/10 | $250,000.00 | $17,793.78 | $250,000.00 | $17,793.78 |
| 1/25/11 | 12/1/10 – 12/31/10 | $250,000.00 | $6,576.75 | $250,000.00 | $6,576.75 |
| 2/22/11 | 1/1/11 – 1/31/11 | $250,000.00 | $17,111.12 | $250,000.00 | $17,111.12 |
| 3/24/11 | 2/1/11 – 2/28/11 | $250,000.00 | $14,189.10 | $250,000.00 | $14,189.10 |
| 4/26/11 | 3/1/11 – 3/31/11 | $250,000.00 | $8,266.82 | $250,000.00 | $8,266.82 |
| 5/18/11 | 4/1/11 – 4/30/11 | $250,000.00 | $16,856.57 | $250,000.00 | $16,856.57 |
| 7/18/11 | 5/1/11 – 5/31/11 | $250,000.00 | $3,227.29 | $250,000.00 | $3,227.29 |
| 7/18/11 | 6/1/11 – 6/30/11 | $250,000.00 | $12,401.19 | $250,000.00 | $12,401.19 |
| 8/25/11 | 7/1/11 – 7/31/11 | $250,000.00 | $3,707.91 | $250,000.00 | $3,707.91 |
| 10/18/11 | 8/1/11 – 8/31/11 | $250,000.00 | $4,933.16 | $250,000.00 | $4,933.16 |
| 10/18/11 | 9/1/11 – 9/30/11 | $250,000.00 | $2,769.22 | $250,000.00 | $2,769.22 |
| 11/14/11 | 10/1/11 – 10/31/11 | $250,000.00 | $22,167.79 | $250,000.00 | $22,167.79 |
| 1/23/12 | 11/1/11 – 11/30/11 | $250,000.00 | $7,866.30 | $250,000.00 | $7,866.30 |
| 1/23/12 | 12/1//11– 12/31/11 | $250,000.00 | $7,315.29 | $250,000.00 | $7,315.29 |
| 2/23/12 | 1/1/12 – 1/31/12 | $250,000.00 | $11,322.30 | $250,000.00 | $11,322.30 |
| 3/23/12 | 2/1/12 – 2/29/12 | $250,000.00 | $8,509.58 | $250,000.00 | $8,509.58 |
| 5/18/12 | 3/1/12 – 3/31/12 | $250,000.00 | $3,780.23 | $250,000.00 | $3,780.23 |
| 5/18/12 | 4/1/12 – 4/30/12 | $250,000.00 | $1,482.32 | $250,000.00 | $1,482.32 |
| 8/1/12 | 5/1/12 – 5/31/12 | $250,000.00 | $142.24 | $250,000.00 | $142.24 |
| 8/1/12 | 6/1/12 – 6/30/12 | $250,000.00 | $ - | $250,000.00 | $ - |

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 8/23/12 | 7/1/12 – 7/31/12 | $250,000.00 | $1,701.08 | $250,000.00 | $1,701.08 |
| 10/31/12 | 8/1/12 – 8/31/12 | $250,000.00 | $3,421.09 | $250,000.00 | $3,421.09 |
| 10/31/12 | 9/1/12 – 9/30/12 | $250,000.00 | $1,750.76 | $250,000.00 | $1,750.76 |
| 11/19/12 | 10/1/12 – 10/31/12 | $250,000.00 | $10,984.37 | $250,000.00 | $10,984.37 |
| 1/7/13 | 11/1/12 – 11/30/12 | $250,000.00 | $ - | $250,000.00 | $ - |
| 1/31/13 | 12/1/12 – 12/31/12 | $250,000.00 | $ - | $250,000.00 | $ - |
| 2/26/13 | 1/1/13 – 1/31/13 | $250,000.00 | $12,733.42 | $250,000.00 | $12,733.42 |
| 5/17/13 | 2/1/13 – 2/28/13 | $250,000.00 | $ - | $250,000.00 | $ - |
| 5/20/13 | 3/1/13 – 3/31/13 | $250,000.00 | $953.16 | $250,000.00 | $953.16 |
| 5/22/13 | 4/1/13 – 4/30/13 | $250,000.00 | $3,639.82 | $250,000.00 | $3,639.82 |
| 7/22/13 | 5/1/13 – 5/31/13 | $250,000.00 | $4,809.32 | $250,000.00 | $4,809.32 |
| 7/22/13 | 6/1/13 – 6/30/13 | $250,000.00 | $2,652.23 | $250,000.00 | $2,652.23 |
| 8/29/13 | 7/1/13 – 7/31/13 | $250,000.00 | $2,301.47 | $250,000.00 | $2,301.47 |
| 10/1/13 | 8/1/13 – 8/31/13 | $250,000.00 | $2,631.54 | $250,000.00 | $2,631.54 |
| 11/25/13 | 9/1/13 – 9/30/13 | $250,000.00 | $109.91 | $250,000.00 | $109.91 |
| 11/25/13 | 10/1/13 – 10/31/13 | $250,000.00 | $3,903.79 | $250,000.00 | $3,823.79 |
| 2/21/14 | 11/1/13 – 11/30/13 | $250,000.00 | $15,914.92 | $250,000.00 | $15,914.92 |
| 2/21/14 | 12/1/13 – 12/31/13 | $250,000.00 | $1,823.09 | $250,000.00 | $1,823.09 |
| 2/21/14 | 1/1/14 – 1/31/14 | $250,000.00 | $11,434.22 | $250,000.00 | $11,434.22 |
| 4/30/14 | 2/1/14-2/28/14 | $250,000.00 | $7,802.24 | $250,000.00 | $7,802.24 |
| 5/22/14 | 3/1/14-3/31/14 | $250,000.00 | $12,198.72 | $250,000.00 | $12,198.72 |
| 5/28/14 | 4/1/14-4/30/14 | $250,000.00 | $2,230.05 | $250,000.00 | $2,230.05 |
| 7/31/14 | 5/1/14-5/31/14 | $250,000.00 | $2,505.98 | $250,000.00 | $2,505.98 |
| 7/31/14 | 6/1/14-6/30/14 | $250,000.00 | $3,020.50 | $250,000.00 | $3,020.50 |
| 8/26/14 | 7/1/14-7/31/14 | $250,000.00 | $6,098.34 | $250,000.00 | $6,098.34 |
| 10/16/14 | 8/1/14-8/31/14 | $250,000.00 | $4,368.22 | $250,000.00 | $4,368.22 |
| 10/24/14 | 9/1/14-9/30/14 | $250,000.00 | $5,154.74 | $250,000.00 | $5,154.74 |
| 11/20/14 | 10/1/14-10/31/14 | $250,000.00 | $2,299.33 | $250,000.00 | $2,299.33 |
| 2/3/15 | 11/1/14-11/30/14 | $250,000.00 | $3,468.74 | $250,000.00 | $3,468.74 |

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 2/3/15 | 12/1/14-12/31/14 | $250,000.00 | $2,277.33 | $250.000.00 | $2,277.33 |
| 2/20/15 | 1/1/15 – 1/31/15 | $250,000.00 | $ - | $250,000.00 | $ - |
| 4/21/15 | 2/1/15-2/28/15 | $250,000.00 | $1,776.51 | $250,000.00 | $1,776.51 |
| 4/21/15 | 3/1/15-3/31/15 | $250,000.00 | $ - | $250,000.00 | $ - |
| 5/27/15 | 4/1/15-4/30/15 | $250,000.00 | $ - | $250,000.00 | $ - |
| 7/17/15 | 5/1/15-5/31/15 | $250,000.00 | $4,225.84 | $250,000.00 | $4,225.84 |
| 7/24/15 | 6/1/15-6/30/15 | $250,000.00 | $1,616.33 | $250,000.00 | $1,616.33 |
| 8/27/15 | 7/1/15-7/31/15 | $250,000.00 | $2,219.28 | $250,000.00 | $2,219.28 |
| 10/6/15 | 8/1/15-8/31/15 | $250,000.00 | $1,415.61 | $250,000.00 | $1,415.61 |
| 10/6/15 | 9/1/15-9/30/15 | $250,000.00 | $1,704.95 | $250,000.00 | $1,704.95 |
| 11/17/15 | 10/1/15-10/31/15 | $250,000.00 | $5,858.25 | $250,000.00 | $5,858.25 |
| 12/16/15 | 11/1/15-11/30/15 | $250,000.00 | $6,812.40 | $250,000.00 | $6,812.40 |
| 1/12/16 | 12/1/15-12/31/15 | $250,000.00 | $- | $250,000.00 | $- |
| 2/25/16 | 1/1/16-1/31/16 | $250,000.00 | $2,159.58 | $250,000.00 | $2,159.58 |
| 4/8/16 | 2/1/16-2/29/16 | $250,000.00 | $- | $250,000.00 | $- |
| 4/19/16 | 3/1/16-3/31/16 | $250,000.00 | $3,914.13 | $250,000.00 | $3,914.13 |
| 5/24/16 | 4/1/16-4/30/16 | $250,000.00 | $1,689.79 | $250,000.00 | $1,689.79 |
| 6/29/16 | 5/1/16-5/31/16 | $250,000.00 | $94.15 | $250,000.00 | $94.15 |
| 8/19/16 | 6/1/16-6/30/16 | $250,000.00 | $4,949.54 | $250,000.00 | $4,949.54 |
| 8/19/16 | 7/1/16-7/31/16 | $250,000.00 | $17.53 | $250,000.00 | $17.53 |
| 10/17/16 | 8/1/16-8/31/16 | $250,000.00 | $1,631.33 | $250,000.00 | $1,631.33 |
| 11/4/16 | 9/1/16-9/30/16 | $250,000.00 | $73.18 | $250,000.00 | $73.18 |
| 11/23/16 | 10/1/16-10/31/16 | $250,000.00 | $3,461.75 | $250,000.00 | $3,461.75 |
| 12/30/16 | 11/1/16-11/30/16 | $250,000.00 | $2,026.15 | $250,000.00 | $2,026.15 |
| 2/10/17 | 12/1/16-12/31/16 | $250,000.00 | $2,109.30 | $250,000.00 | $2,109.30 |
| 2/22/17 | 1/1/17-1/31/17 | $250,000.00 | $5,515.99 | $250,000.00 | $5,515.99 |
| 4/6/17 | 2/1/17-2/28/17 | $250,000.00 | $1,216.81 | $200,000.00 | $1,216.81 |
| 5/25/17 | 3/1/17-3/31/17 | $250,000.00 | $15.61 | $200,000.00 | $15.61 |
| 5/25/17 | 4/1/17-4/30/17 | $250,000.00 | $- | $200,000.00 | $- |

**MONTHLY SUMMARY OF SERVICES RENDERD BY PROFESSIONAL**

Nortel Networks Inc., et al.
(Case No. 09-10138 (KG))

May 1, 2017 through May 8, 2017

| Professional | Position | Hourly Billing Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Michael J. Kennedy | Member | (see note below) | 44.0 | (see note below) |
| Matthew R. Rosenberg | Managing Director | | 0.0 | |
| **Total** | | | **44.0** | |

NOTE: The Debtor's retention of Chilmark Partners was approved by the Court and is based on the compensation schedule included in the Engagement Agreement dated as of March 4, 2010, as amended and ordered by the Court in the Retention Order dated March 31, 2010. As such, compensation was based on a fixed monthly fee. As contained within the Retention Order, in light of services to be provided by Chilmark Partners and the structure of Chilmark Partners' compensation pursuant to the Engagement Agreement, Chilmark Partners and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Engagement Agreement; provided, however, that Chilmark Partners shall instead present to the Court daily descriptions of those services provided to the Debtors, set forth for each individual who provided such services, kept in hour increments with a reasonably detailed description of the services provided. These time records are attached in Exhibit A.

**MONTHLY SUMMARY OF SERVICES RENDERED BY PROJECT CATEGORY**

Nortel Networks, Inc, et al.
(Case No. 09-10138 (KG))

May 1, 2017 through May 8, 2017

| Project Category | Total Hours |
|---|---:|
| Asset Analysis and Recovery | 12.0 |
| Claims Administration and Analysis | 3.0 |
| Litigation / Adversary Proceedings | 2.0 |
| Plan of Reorganization / Disclosure Statement | 27.0 |
| **Total** | **44.0** |

**MONTHLY EXPENSE SUMMARY**

Nortel Networks, Inc, et al.
(Case No. 09-10138 (KG))

May 1, 2017 through May 8, 2017

| Expense Category | |
|---|---|
| **Total Expenses** | **$0.00** |

**FINAL SUMMARY OF SERVICES RENDERED BY PROFESSIONAL**

Nortel Networks, Inc, et al.
(Case No. 09-10138 (KG))

March 4, 2010 through May 8, 2017

| Professional | Position | Hourly Billing Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Michael J. Kennedy | Member | (see note below) | 12,975.5 | (see note below) |
| Aaron Taylor | Member | | 3,088.0 | |
| Matthew R. Rosenberg | Managing Director | | 5,643.0 | |
| Rolando Capinpin, Jr. | Vice President | | 46.5 | |
| Jamie Ellis | Associate | | 786.8 | |
| Michael Sabo | Associate | | 676.0 | |
| Paul Huettner | Associate | | 37.0 | |
| James Elish | Associate | | 358.0 | |
| **Total** | | | **23,610.8** | |

NOTE: The Debtor's retention of Chilmark Partners was approved by the Court and is based on the compensation schedule included in the Engagement Agreement dated as of March 4, 2010, as amended and ordered by the Court in the Retention Order dated March 31, 2010.  As such, compensation was based on a fixed monthly fee.  As contained within the Retention Order, in light of services to be provided by Chilmark Partners and the structure of Chilmark Partners' compensation pursuant to the Engagement Agreement, Chilmark Partners and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Engagement Agreement; provided, however, that Chilmark Partners shall instead present to the Court daily descriptions of those services provided to the Debtors, set forth for each individual who provided such services, kept in hour increments with a reasonably detailed description of the services provided.

**FINAL SUMMARY OF SERVICES RENDERED BY PROJECT CATEGORY**

Nortel Networks, Inc, et al.
(Case No. 09-10138 (KG))

March 4, 2010 through May 8, 2017

| Project Category | Total Hours |
|---|---:|
| | |
| Asset Analysis and Recovery | 4,787.5 |
| Business Operations / General Corporate / Real Estate | 367.0 |
| Projections/Business Plan/Corporate wind-down | 386.0 |
| Analysis of Historical Results | 424.5 |
| Meetings with Debtor's Counsel | 949.8 |
| Committee Matters and Creditor Meetings | 1,075.0 |
| Claims Administration and Analysis | 1,677.0 |
| Intercompany Transactions/Balances | 143.0 |
| Intellectual Property | 28.0 |
| Employee Benefits / Pension | 9.0 |
| Fee Applications Preparation | 35.5 |
| Tax Issues | 47.0 |
| Hearings | 52.0 |
| Litigation / Adversary Proceedings | 11,252.6 |
| Travel | 1,838.0 |
| Plan of Reorganization / Disclosure Statement | 539.0 |
| **Total** | **23,610.8** |

**FINAL EXPENSE SUMMARY**

Nortel Networks, Inc, et al.
(Case No. 09-10138 (KG))

March 4, 2010 through May 8, 2017

| Expense Category | |
|---|---:|
| Airfare | $198,220.83 |
| Accommodations | 188,285.63 |
| News & Historical Data | 121.56 |
| Ground Transportation | 36,631.55 |
| Meals | 20,528.16 |
| Reproduction Charges | 0.00 |
| Courier Services | 408.11 |
| Supplies | 21.10 |
| Meeting Space | 3,000.00 |
| Conference Calls | 2,633.06 |
| **Total** | **$449,850.00** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ X

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| Nortel Networks Inc., et al.,[1] | : | Case No. 09-10138 (KG) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
|  | : | **Hearing Date: TBD** |
|  | : | **Objections Due: July 25, 2017 at 4:00 p.m. (ET)** |

------------------------------------------------------------ X

**EIGHTY-SEVENTH MONTHLY (FOR THE PERIOD MAY 1, 2017 THROUGH MAY 8, 2017) AND FINAL APPLICATION OF CHILMARK PARTNERS, LLC, AS CONSULTING EXPERT TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD <u>MARCH 4, 2010 THROUGH MAY 8, 2017</u>**

Chilmark Partners, LLC ("<u>Chilmark Partners</u>"), as Consulting Expert for the debtors in the above-captioned cases (collectively, the "<u>Debtors</u>"), submits this application (the "<u>Application</u>") for final allowance of compensation and reimbursement of expenses under sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the *Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members* (D.I. 222) (the "Interim Compensation Procedures Order")[2]. By this Application, Chilmark Partners seeks: (i) allowance of compensation for professional services rendered by Chilmark Partners to the Debtors for the period May 1, 2017 through May 8, 2017 (the "Monthly Application Period") and reimbursement of actual and necessary expenses incurred by Chilmark Partners during the Monthly Application Period in rendering professional services on behalf of the Debtors; and (ii) the entry of an order granting final allowance of reasonable compensation for professional services rendered by Chilmark Partners to the Debtors for the period March 4, 2010 through May 8, 2017 (the "Final Application Period") and final reimbursement of actual and necessary expenses and disbursements incurred by Chilmark Partners in rendering professional services on behalf of the Debtors during the Final Application Period. In support of this Application, Chilmark Partners respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]      Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

2.      The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-2, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

## BACKGROUND

3.      On January 14, 2009 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. No trustee has been appointed in the Debtors' jointly administered bankruptcy cases.

## CHILMARK PARTNERS' RETENTION

4.      Subsequent to the Petition Date, the Debtors engaged Chilmark Partners as consulting expert in connection with the rendering of legal services by Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") in connection with these bankruptcy cases.  On March 31, 2010, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1, Authorizing Employment and Retention of Chilmark Partners, LLC *nunc pro tunc* to March 4, 2010 as Consulting Expert to the Debtors and Debtors In Possession.

## INTERIM COMPENSATION PROCEDURES ORDER

5.      The Court entered the Interim Compensation Procedures Order on February 4, 2009.  The Interim Compensation Procedures Order sets forth the procedures for interim compensation and reimbursement of expenses for Professionals in these cases.

6.      In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Statement with the Court after the first day of each month following the month for which compensation is sought.  Provided that there are no objections to such Monthly Fee Statement filed within twenty days after the service of the Monthly

Fee Statement, the Professional may file a certificate of no objection (the "Certificate of No Objection") with the Court.

7.     Upon the filing of a Certificate of No Objection, the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Statement.  If a partial objection to the Monthly Fee Statement is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## DEBTORS' CHAPTER 11 PLAN

8.     On January 23, 2017, the Debtors other than Nortel Networks India International Inc. (the "Confirmed Debtors") filed the *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* (as modified, amended, or supplemented from time to time and including all exhibits thereto) (D.I. 17763) (the "Plan") with this Court.

9.     Following the hearing held on January 24, 2017, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* (D.I. 17795) (the "Confirmation Order") confirming the Confirmed Debtors' Plan.[3]  The Plan went effective on May 8, 2017 (the "Effective Date").  *See* D.I. 18176.  Pursuant to the Plan, Confirmation Order, and Effective Date notice, all final requests for payment of Professional Claims must be filed by July 7, 2017.  Such Professional Claims include all fees and expenses requested by Professionals from the Petition Date through the Effective Date against all Confirmed Debtors.

---

[3]     Capitalized terms not defined herein are defined in the Plan.

## RELIEF REQUESTED

10.    Chilmark Partners submits this Application: (i) for monthly and final allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it rendered as Consulting Expert for the Debtors during the Monthly and Final Application Periods and (ii) for monthly and final reimbursement of actual, reasonable, and necessary expenses incurred in representing the Debtors during the Monthly and Final Application Periods.

## MONTHLY APPLICATION PERIOD

11.    During the Monthly Application Period, Chilmark Partners (a) provided professional services to the Debtors and incurred actual, reasonable, and necessary fees in the amount of $64,515 and (b) incurred actual, reasonable, and necessary expenses totaling $0.00.  As of the date of this Application, Chilmark Partners has not received payment for the monthly fees and expenses requested for the Monthly Application Period.

12.    Set forth on the foregoing "Monthly Summary of Services Rendered by Project Category" is a summary by subject matter categories of the time expended by professionals at Chilmark Partners during the Monthly Application Period.

13.    In accordance with the Retention Order, Chilmark and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Engagement Agreement; provided, however, that Chilmark shall instead present to the Court daily descriptions of those services provided to the Debtors Gottlieb, set forth for each individual who provided such services, kept in hour increments with a reasonably detailed description of the services provided.  Exhibit A attached hereto contains logs, sorted by professional, which show the time recorded by professionals and descriptions of the services provided.

5

14.     The professional services rendered by Chilmark during the Monthly Application Period required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and response by the Debtors and Cleary Gottlieb could be addressed with skill and dispatch.  The provision of such services, therefore, has required the expenditure of substantial time and effort.  Chilmark submits that the services rendered to the Debtors were performed efficiently, effectively and economically and that the results obtained thus far have provided a significant benefit to the Debtors' estates and creditors.

15.     The services rendered by Chilmark during the Monthly Application Period, were as follows:

> a. Reviewed intercompany balances and other materials regarding the Debtors' interaction with other Nortel entities;
>
> b. Assisted and advised the Debtor and its advisors in allocation and claims litigation;
>
> c. Attended meetings with management, financial advisors to the creditors and professionals representing other Nortel estates;
>
> d. Assisted and advised the Debtor and its advisors in negotiating, analyzing and executing various Plan of Reorganization settlements;
>
> e. Assisted and advised the Debtor and its advisors regarding analysis of potential distributions under the Plan of Reorganization;
>
> f. Provided the Debtors with other appropriate advice in our capacity as consulting expert.

16.     Exhibit B attached hereto contains a breakdown of disbursements incurred by Chilmark Partners during the Monthly Application Period.  Chilmark Partners has not requested

reimbursement for any photocopying, incoming facsimiles or outgoing facsimiles during the Monthly Application Period.

### THE FINAL APPLICATION PERIOD

17.     Chilmark Partners seeks allowance of $21,540,321.00 for actual, reasonable, and necessary professional services rendered to the Debtors during the Final Application Period and $449,850.00 as reimbursement of actual, reasonable, and necessary expenses incurred in connection with the rendition of such services during the Final Application Period.  Detailed descriptions of the services rendered and expenses incurred by Chilmark Partners during the Final Application Period are set forth on Exhibits A and B, respectively, of the monthly fee applications filed by Chilmark Partners in these chapter 11 cases.  Chilmark Partners requests that the Debtors be authorized and directed to pay Chilmark Partners an amount equal to the sum of the allowed compensation and expense reimbursement during the Final Application Period, less any amounts previously paid by the Debtors.

18.     In accordance with the Retention Order, Chilmark and its professionals shall be excused from maintaining time records as set forth in Local Rule 2016 in connection with the services to be rendered pursuant to the Engagement Agreement; provided, however, that Chilmark shall instead present to the Court daily descriptions of those services provided to the Debtors Gottlieb, set forth for each individual who provided such services, kept in hour increments with a reasonably detailed description of the services provided.  Exhibit A attached to the previously filed monthly fee applications contains logs, sorted by professional, which show the time recorded by professionals and descriptions of the services provided.

19.     The services rendered by Chilmark during the Final Application Period are generally described below, with a more detailed identification of the actual services provided set

forth on the attached Exhibit A for the Monthly Application Period attached hereto and Exhibit A attached to each of the previously filed monthly fee applications.

a. Assisted and advised the Debtors and its advisors in analyzing, negotiating and executing various strategies related to the global sales proceeds allocation dispute, including, but not limited to: (i) preparing for, participating and advising the Debtors in the formal mediation sessions; (ii) preparing for, participating and advising the Debtors in the informal negotiation session; (iii) preparing for and advising the Debtors in the allocation trial; and (iv) negotiation and structuring of the SPSA;

b. Assisted and advised the Debtor and its other professional advisors regarding the affiliate claim issues including analysis of affiliate recoveries, negotiation of claim disputes with affiliates; and structuring Fourth Estate Settlement;

c. Assisted and advised the Debtor and its other professional advisors regarding certain asset sales, including, but not limited to: (i) strategies for monetization of global intellectual property; (ii) participation in global IP auction (Iceberg transaction); (iii) negotiations and settlements regarding purchase price adjustment disputes; (iv) TSA structure and liability management related to business sales; and (v) IP address monetization;

d. Assisted and advised the Debtor and its other professional advisors regarding the EMEA and UK Pension claims, the related EMEA and UK

Pension claims litigation strategies and the negotiation of the EMEA and UK Pension claims settlement;

e. Assisted and advised the Debtor and its other professional advisors regarding the PBGC claims, the related PBGC claim litigation strategies and the negotiation of the PBGC claim settlement;

f. Assisted and advised the Debtor and its other professional advisors in various claims matters, including but not limited to: (i) SNMP claims; (ii) tax claims; (iii) intercompany / affiliate claims; and (iv) lease claims;

g. Assisted and advised the Debtor and its other professional advisors in analyzing, negotiating and executing operational plans related to the efficient wind-down of the Debtors, including but not limited to: (i) TSA operating and liability management; (ii) operational wind-down planning; (iii) lease liability management; (iii) settlement of post-petition affiliate balances; and (iv) maximizing value of any residual assets;

h. Assisted and advised the Debtor and its advisors in analyzing, negotiating, mediating and executing the SPSA and the Plan including, but not limited to: (i) the general structure of the Plan; (ii) NNCC Bond settlement incorporated into the SPSA and Plan; (iii) NTCC settlement incorporated into the Plan; and (iv) intra-Debtor sale proceed allocation and intercompany claims settlement incorporated into the SPSA and Plan;

i. Assisted and advised the Debtor and its advisors regarding the Disclosure Statement and various analysis included in the Disclosure Statement;

9

j.  Assisted and advised the Debtor and its advisors regarding analysis of distributions under the Plan;

k.  Prepared analysis for and attended conference calls and meetings with advisors to the Debtors, management, advisors to the creditors, and professionals representing other Debtor affiliates regarding the above mentioned matters;

l.  Provided the Debtors with other appropriate advice in our capacity as consulting expert.

20.    The professional services rendered by Chilmark during the Final Application Period required a high degree of professional competence and expertise so that the numerous issues requiring evaluation and response by the Debtors and Cleary Gottlieb could be addressed with skill and dispatch.  The provision of such services, therefore, has required the expenditure of substantial time and effort.  Chilmark submits that the services rendered to the Debtors were performed efficiently, effectively and economically and that the results obtained thus far have provided a significant benefit to the Debtors' estates and creditors.

21.    No agreement or understanding exists between Chilmark Partners and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

22.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

*[The remainder of the page is intentionally blank.]*

WHEREFORE, Chilmark Partners respectfully requests that this Court: (i) allow Chilmark Partners (a) monthly compensation in the amount of $64,515.00 for actual, reasonable, and necessary professional services rendered on behalf of the Debtors during the Monthly Application Period and (b) monthly reimbursement in the amount of $0.00 for actual, reasonable, and necessary expenses incurred during the Monthly Application Period; and (ii)(a) allow final compensation in the amount of $21,540,321.00 for actual, reasonable, and necessary services rendered to or on behalf of the Debtors during the Final Application Period, (b) allow final reimbursement of $449,850.00 for actual, reasonable, and necessary expenses incurred during the Final Application Period, and (c) authorize and direct the Debtors to pay Chilmark Partners $214,515.00, an amount equal to the sum of such allowed compensation and reimbursement, less any amounts previously paid by the Debtors[4]; and (iii) grant such other further relief as the Court deems just and proper.

Dated:  July 5, 2017

CHILMARK PARTNERS, LLC

By: _____

Michael Kennedy
875 N. Michigan Avenue
Suite 3460
Chicago, IL  60611
(312) 984-9711

*Consulting Expert to the Debtors and Debtors-in-Possession*

---

[4]     Chilmark Partners has previously been paid a total of $21,775,656.00.  That amount has been applied to this Final Application, bringing the balance due to $214,515.00 for the Final Application Period.