# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------X
                                                          :
In re                                                     :      Chapter 11
                                                          :
Nortel Networks Inc., et al.,¹                            :      Case No. 09-10138 (KG)
                                                          :
                               Debtors.                   :      Jointly Administered
                                                          :
                                                          :
                                                          :      Hearing Date: TBD
----------------------------------------------------------X      Objections Due: July 25, 2017 at 4:00 p.m. (ET)
```

**FINAL APPLICATION OF LAZARD FRÈRES AND CO. LLC, AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD FROM JANUARY 14, 2009 THROUGH JULY 31, 2011**

| | |
|---|---|
| Name of Applicant: | Lazard Frères & Co. LLC |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | January 14, 2009 |
| Final Period for which compensation and reimbursement is sought: | January 14, 2009 – July 31, 2011 |
| Amount of Final compensation sought as actual, reasonable, and necessary: | $38,033,199.29 |

---

1    The reorganized debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226).  Nortel Networks India International Inc. (8667) remains a debtor in possession, and this fee application is not a final fee application with respect to Nortel Networks India International Inc.  Contact information for the Debtors and their petitions are available at http://chapter11.epiqsystems.com/nortel.

Amount of Final reimbursement sought as actual,
reasonable, and necessary:                    $510,419.78

This is a ___ monthly __x__ final application

If this is not the first application filed, disclose the following for each prior application:

| Date & Docket No. | Period Covered | Requested Fees | Requested Expenses | Approved Fees (Pending) | Approved Expenses (Pending) | Amounts Paid | 20% Holdback Amount |
|---|---|---|---|---|---|---|---|
| 06/25/09 [957] | 01/14/09 through 04/30/09 | $895,161.29 | $75,312.95 | $895,161.29 | $75,312.95 | $895,161.29[2] | $0.00 |
| 08/20/09 [1356] | 05/01/09 through 05/31/09 | $250,000.00 | $60,669.79 | $250,000.00 | $60,669.79 | $277,042.77[3] | $0.00 |
| 09/10/09 [1461] | 06/01/09 through 06/30/09 | $250,000.00 | $31,046.62 | $250,000.00 | $31,046.62 | $281,046.62 | $0.00 |
| 09/10/09 [1462] | 07/01/09 through 07/31/09 | $250,000.00 | $36,161.19 | $250,000.00 | $36,161.19 | $286,161.19 | $0.00 |
| 10/16/09 [1689] | 08/01/09 through 08/31/09 | $250,000.00 | $27,706.80 | $250,000.00 | $27,706.80 | $277,706.80 | $0.00 |
| 11/24/09 [1988] | 09/01/09 through 09/30/09 | $250,000.00 | $48,753.05 | $250,000.00 | $48,753.05 | $298,753.05 | $0.00 |
| 11/24/09 [1989] | 10/01/09 through 10/31/09 | $250,000.00 | $29,864.77 | $250,000.00 | $29,864.77 | $279,864.77 | $0.00 |
| 02/25/10 [2548] | 11/01/09 through 11/30/09 | $5,791,000.00 | $27,490.70 | $5,791,000.00 | $27,490.70 | $5,818,490.70 | $0.00 |
| 02/25/10 [2549] | 12/01/09 through 12/31/09 | $5,177,000.00 | $28,366.03 | $5,177,000.00 | $28,366.03 | $5,205,366.03 | $0.00 |

[2]    Prior to the petition date the Debtors paid Lazard a $150,000 expense retainer.  As of the petition date $108,939.97 of the retainer remained unapplied.  Lazard applied $75,312.95 of the unapplied retainer toward the authorized expenses for the First Interim Period leaving the retainer with a balance of $33,627.02.

[3]    Prior to the petition date the Debtors paid Lazard a $150,000 expense retainer.  As of the petition date $108,939.97 of the retainer remained unapplied.  Lazard applied $75,312.95 of the unapplied retainer toward the authorized expenses for the First Interim Period leaving the retainer with a balance of $33,627.02.  Lazard applied $33,627.02 of the unapplied retainer toward the authorized expenses for the Second Interim Period leaving the retainer with a balance of $0.00.

| Date & Docket No. | Period Covered | Requested Fees | Requested Expenses | Approved Fees (Pending) | Approved Expenses (Pending) | Amounts Paid | 20% Holdback Amount |
|---|---|---|---|---|---|---|---|
| 02/25/10 [2550] | 01/01/10 through 01/31/10 | $250,000.00 | $32,342.00 | $250,000.00 | $32,342.00 | $282,342.00 | $0.00 |
| 06/04/10 [3139] | 02/01/10 through 02/28/10 | $250,000.00 | $3,754.76 | $250,000.00 | $3,754.76 | $253,754.76 | $0.00 |
| 06/04/10 [3140] | 03/01/10 through 03/31/10 | $3,657,000.00 | 6,875.81 | 3,657,000.00 | 6,875.81 | $3,663,875.81 | $0.00 |
| 06/04/10 [3141] | 04/01/10 through 04/30/10 | $250,000.00 | 24,502.41 | 250,000.00 | 24,502.41 | $274,502.41 | $0.00 |
| 09/10/10 [3917] | 05/01/10 through 05/31/10 | $1,562,000.00 | $6,947.83 | $1,562,000.00 | $6,947.83 | $1,568,947.83 | $0.00 |
| 09/10/10 [3918] | 06/01/10 through 06/30/10 | $250,000.00 | 9,950.24 | 250,000.00 | 9,950.24 | $259,950.24 | $0.00 |
| 09/10/10 [3919] | 07/01/10 through 07/31/10 | $250,000.00 | 19,020.70 | 250,000.00 | 19,020.70 | $269,020.70 | $0.00 |
| 11/09/10 [4311] | 08/01/10 through 085/31/10 | $250,000.00 | $10,459.89 | $250,000.00 | $10,459.89 | $260,459.89 | $0.00 |
| 11/09/10 [4312] | 09/01/10 through 09/30/10 | $250,000.00 | 3,170.40 | 250,000.00 | 3,170.40 | $253,170.40 | $0.00 |
| 11/24/10 [4427] | 10/01/10 through 10/31/10 | $250,000.00 | 4,988.32 | 250,000.00 | 4,988.32 | $254,988.32 | $0.00 |
| 03/01/11 [5036] | 11/01/10 through 11/30/10 | $250,000.00 | $2,371.33 | $250,000.00 | $2,371.33 | $252,371.33 | $0.00 |
| 03/01/11 [5037] | 12/01/10 through 12/31/10 | $250,000.00 | 9,358.66 | 250,000.00 | 9,358.66 | $259,358.66 | $0.00 |
| 03/01/11 [5038] | 01/01/11 through 01/31/11 | $250,000.00 | 5,509.80 | 250,000.00 | 5,509.80 | $255,509.80 | $0.00 |
| 05/27/11 [5505] | 02/01/11 through 02/28/11 | $250,000.00 | $479.89 | $250,000.00 | $479.89 | $250,479.89 | $0.00 |
| 05/27/11 [5506] | 03/01/11 through 03/31/11 | $250,000.00 | 556.29 | 250,000.00 | 556.29 | $250,556.29 | $0.00 |
| 05/27/11 [5507] | 04/01/11 through 04/30/11 | $250,000.00 | 140.49 | 250,000.00 | 140.49 | $250,140.49 | $0.00 |
| 11/17/11 [6808] | 05/01/11 through 05/31/11 | $0.00 | $590.65 | $0.00 | $590.65 | $590.65 | $0.00 |

| Date & Docket No. | Period Covered | Requested Fees | Requested Expenses | Approved Fees (Pending) | Approved Expenses (Pending) | Amounts Paid | 20% Holdback Amount |
|---|---|---|---|---|---|---|---|
| 11/17/11 [6809] | 06/01/11 through 06/30/11 | $0.00 | 1,791.48 | 0.00 | 1,791.48 | $1,791.48 | $0.00 |
| 11/17/11 [6810] | 07/01/11 through 07/31/11 | $15,951,038.00[4] | 2,236.92 | 15,951,038.00[2] | 2,236.92 | $15,953,274.92 | $0.00 |
| **Totals** | **01/14/09 through 07/31/11** | **$38,033,199.29** | **$510,419.78** | **$38,033,199.29** | **$510,419.78** | **$38,543,619.07** | $0.00 |

---

[4]    This amount reflects an agreed upon reduction between Lazard and the Debtors in the amount of $161,665.94.

**FINAL COMPENSATION BY PROFESSIONAL**
**NORTEL NETWORKS INC., ET AL.**
**(CASE NO. 09-10138 (KG))**

**January 14, 2009 – July 31, 2011**

| Name of Professional Individual | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Terry Savage | Managing Director | n/a | 707.4 | n/a |
| Larry Grafstein | Managing Director | n/a | 36.3 | n/a |
| Michael Murray | Managing Director | n/a | 1,977.5 | n/a |
| David Descoteaux | Managing Director | n/a | 1,830.8 | n/a |
| Cyrus Kapadia | Managing Director | n/a | 68.5 | n/a |
| Carol Flaton | Director | n/a | 18.4 | n/a |
| Matthew Hart | Director | n/a | 966 | n/a |
| Sumeet Mehra | Vice President | n/a | 1099 | n/a |
| Aldo Polak | Vice President | n/a | 1,040.8 | n/a |
| Ian Mombru | Vice President | n/a | 772 | n/a |
| Colin Keenan | Vice President | n/a | 1,340.6 | n/a |
| Kshitij Bahtia | Associate | n/a | 636.5 | n/a |
| Greg Healey | Associate | n/a | 1,438.5 | n/a |
| Todd Breeden | Financial Analyst | n/a | 359 | n/a |
| Nicholas Page | Financial Analyst | n/a | 751 | n/a |
| Timothy Orazem | Financial Analyst | n/a | 268.7 | n/a |

| Name of Professional Individual | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Paz Eshel | Financial Analyst | n/a | 866.3 | n/a |
| Edouard Gueyffier | Financial Analyst | n/a | 666.3 | n/a |
| Matthew Carey | Financial Analyst | n/a | 863.1 | n/a |
| Justin Lux | Financial Analyst | n/a | 1,099.3 | n/a |
| Donald Zhang | Financial Analyst | n/a | 13.0 | n/a |
| **TOTALS** | | | **16,819.0** | **$38,033,199.29** |

**FINAL COMPENSATION BY PROJECT CATEGORY**
**NORTEL NETWORKS INC., ET AL.**
**(CASE NO. 09-10138 (KG))**

**January 14, 2009 – July 31, 2011**

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Interface with Company Personnel | 959.6 | n/a |
| Interface with Professionals, Official Committees, and Other Parties-In-Interest | 2,568.0 | n/a |
| Business Operations Planning, Monitoring, Reporting and Analysis, and Projections | 160.0 | n/a |
| Preparation and/or Review of Court Filings | 62.8 | n/a |
| Court Testimony/Deposition and Preparation | 33.5 | n/a |
| Valuation Analysis | 153.8 | n/a |
| Capital Structure Review and Analysis | 323.6 | n/a |
| Merger & Acquisition Processes | 12,308.1 | n/a |
| Financing Including DIP and Exit Financing | 57.0 | n/a |
| General Corporate Finance, Research and Analysis, and Other Due Diligence | 74.1 | n/a |
| Fee Application, Engagement | 67.0 | n/a |
| Cross Border Protocol and Foreign Operations | 51.5 | n/a |
| **TOTAL** | **16,819.0** | **$38,033,199.29** |

**FINAL EXPENSE SUMMARY**
**NORTEL NETWORKS INC., ET AL.**
**(CASE NO. 09-10138 (KG))**

**January 14, 2009 – July 31, 2011**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Car Services and Taxis | | $49,480.43 |
| Courier/Shipping | | 1,680.72 |
| Electronic Information Service | | 17,921.74 |
| Employee Meals | | 9,925.78 |
| Legal Expenses | | 1,455.76 |
| Legal Fees | | 37,152.17 |
| Meals-Meetings/Travel | | 26,927.25 |
| Miscellaneous – Travel Expense | | 1,341.50 |
| Miscellaneous – Other | | 797.25 |
| Photocopying Costs | | 22,511.84 |
| Printing Consumables | | 189.92 |
| Telephone/Telex/Fax-Usage | | 16,238.13 |
| Temporary Wages | | 2,597.03 |
| Travel | | 322,200.26 |
| **Total Expenses** | | **$510,419.78** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------X
                               :

In re                             :       Chapter 11

                               :

Nortel Networks Inc., et al., [1]     :       Case No. 09-10138 (KG)

                               :

                Debtors.    :       Jointly Administered

                               :

                               :       **Hearing Date: TBD**
-------------------------------------------------------X  **Objections Due: July 25, 2017 at 4:00 p.m. (ET)**

**FINAL APPLICATION OF LAZARD FRÈRES AND CO. LLC, AS FINANCIAL**
**ADVISOR AND INVESTMENT BANKER TO THE DEBTORS AND DEBTORS-**
**IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR**
**REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES**
**INCURRED FOR THE PERIOD FROM**
**JANUARY 14, 2009 THROUGH JULY 31, 2011**

        Lazard Frères & Co. LLC ("Lazard"), as Financial Advisor and Investment

Banker for the debtors in the above-captioned cases (collectively, the "Debtors"), submits this

application (the "Application") for entry of an order, substantially in the form attached hereto as

Exhibit A (the "Proposed Order") granting final allowance of compensation and reimbursement

of expenses under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States

---

[1]    The reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems, Inc. (9769), Nortel Altsystems International, Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226). Nortel Networks India International Inc. (8667) remains a debtor in possession, and this fee application is not a final fee application with respect to Nortel Networks India International Inc. Contact information for the Debtors and their petitions are available at http://chapter11.epiqsystems.com/nortel.

Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the *Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members* [D.I. 222] (the "Interim Compensation Procedures Order").   By this Application, Lazard seeks final allowance of reasonable compensation for professional services rendered by Lazard to the Debtors for the period January 14, 2009 through July 31, 2011 (the "Final Application Period") and final reimbursement of actual and necessary expenses and disbursements incurred by Lazard in rendering professional services on behalf of the Debtors during the Final Application Period.  In support of this Application, Lazard respectfully represents as follows:

## JURISDICTION

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief requested herein are sections 328 and 330 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-2, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

## BACKGROUND

3.     On January 14, 2009 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  No trustee has been appointed in the Debtors' jointly administered bankruptcy cases.

4.      On February 13, 2009, the Debtors filed the *Application For An Order Authorizing Employment And Retention Of Lazard Frères & Co. LLC Nunc Pro Tunc To The Petition Date As Financial Advisor And Investment Banker For The Debtors And Debtors In Possession* [D.I. 294] (the "Retention Application").

5.      On March 20, 2009, this Court entered an order granting the Retention Application [D.I. 507] (the "Initial Retention Order").  The Initial Retention Order authorized the Debtors to retain, employ, and compensate Lazard pursuant to the terms and subject to the conditions of that certain letter agreement, dated as of January 13, 2009, between the Debtors and Lazard (the "Engagement Agreement").[2]  A copy of the Engagement Agreement was filed as Exhibit C to the Retention Application.  The terms of the Debtors' retention of Lazard were subsequently amended to reflect modifications to Lazard's compensation arrangements [Docket Nos. 2561 and 6680] (the "Amended Retention Orders" and, together with the Initial Retention Order, the "Retention Orders").

## THE DEBTORS' CHAPTER 11 PLAN

6.      On January 23, 2017, the Debtors other than Nortel Networks India International Inc. (the "Confirmed Debtors") filed the *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* (as modified, amended, or supplemented from time to time and including all exhibits thereto) [D.I. 17763] (the "Plan") with this Court.

7.      Following the hearing held on January 24, 2017, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the First Amended Joint Chapter*

---

[2]     All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Engagement Agreement.

*11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* [D.I. 17795] (the

"Confirmation Order") confirming the Confirmed Debtors' Plan.  The Plan went effective on

May 8, 2017 (the "Effective Date").  *See* D.I. 18176.  Pursuant to the Plan, the Confirmation

Order, and the Debtors' notice of the occurrence of the Effective Date, all final requests for

payment of Professional Claims (as defined in the Plan) must be filed by July 7, 2017.  Such

Professional Claims include all fees and expenses requested by Professionals from the Petition

Date through the Effective Date against all Confirmed Debtors.

### FEES EARNED AND EXPENSES INCURRED
### BY LAZARD DURING THE FINAL APPLICATION PERIOD

8.    As set forth in detail in the monthly fee applications filed by Lazard in the

Debtors' chapter 11 cases, Lazard's compensation for the Final Application Period totals

$38,033,199.29 and is comprised of the following:

(a)    one Monthly Fee in the amount of $250,000 for each month from January 2009 through April 2011,[3] for total Monthly Fees of $6,895,161.29; plus

(b)    two Sale Transaction Fees in the amounts of $5,541,000.00 and $4,927,000.00, respectively, payable upon consummation of the Debtors' sales of the Debtors' CDMA Assets and Enterprise Assets (as defined and discussed in the monthly fee statements filed by Lazard at Docket Nos. 2548 and 2549), for total Sale Transaction Fees of $10,468,000.00; plus

(c)    four Minority Sale Transaction Fees in the gross amounts of $4,066,000.00, $986,000.00, $1,562,000.00 and $17,987,703.90, respectively, payable upon the consummation of the Debtors' sales of the Optical and Carrier Ethernet Businesses, GSM/GSM-R Business, CVAS Business, MSS Businesses and IP Assets (as defined and discussed in the monthly fee statements filed by Lazard at Docket Nos. 3140, 3917 and 6810) less (i) crediting of applicable Monthly Fees in the amount of $3,250,000.00 and (ii)

---

[3]    The Monthly Fee for January 2009 was prorated in the amount of $145,161.29.

an agreed upon reduction between Lazard and the Debtors in the amount of $161,665.94, resulting in total net Minority Sale Transaction Fees of $20,670,037.96.

9.     In addition to the compensation earned by Lazard during the Final Application Period, Lazard incurred expenses totaling $510,419.78 during the same period in connection with its services to the Debtors.  Detailed descriptions of the services rendered and itemized details of the expenses incurred by Lazard during the Final Application Period are set forth on Exhibits C and D, respectively, of the monthly fee applications filed by Lazard in these chapter 11 cases, which are incorporated by reference herein.

## RELIEF REQUESTED

10.     By this Application, Lazard requests entry of the Proposed Order, substantially in the form attached hereto as Exhibit A: (i) granting final allowance of compensation in the amount of $38,033,199.29 for necessary and beneficial services that Lazard provided during the Final Application Period as the Debtors' financial advisor and investment banker, (ii) allowing final reimbursement of $510,419.78 of actual, reasonable, and necessary expenses incurred in connection with Lazard's services to the Debtors, (iii) authorizing and directing the Confirmed Debtors to pay Lazard $0.00, which equals the sum of such allowed compensation and reimbursement, less all amounts previously paid to Lazard by the Debtors,[4] and (iv) granting such other further relief as the Court deems just and proper.

## SUMMARY OF SERVICES BY PROJECT CATEGORY

11.     During the Final Application Period, Lazard served as financial advisor and investment banker to the Debtors.  The Debtors relied heavily on the experience and

---

[4]     As noted above, Lazard has previously been paid a total of $38,434,679.10.  That amount and the expense retainer of $108,939.97 has been applied to this this Final Application, bringing the balance due to $0.00 for the Final Application Period.

expertise of Lazard's highly skilled restructuring professionals who devoted significant time and effort to perform properly and expeditiously the required professional services. Such services are generally described below, with a more detailed identification of the actual services provided set forth in the each of the previously filed monthly fee applications.

A. <u>Assistance with General Bankruptcy</u>: Lazard professionals participated in weekly planning sessions and other periodic meetings with the Debtor and its legal counsel concerning process and strategy issues related to the bankruptcy.

B. <u>Meetings/Calls with Company Management</u>: Lazard professionals participated in calls and meetings with Company management to discuss the Chapter 11 process and strategy and the IP sale process. Lazard also participated in calls and meetings with the management team to assist in the preparation and review the Company's presentations prior to distribution to the various Creditor financial and legal advisors.

C. <u>Various M&A Processes</u>: Lazard professionals conducted full-scale M&A processes for various Debtor assets and entities that included the preparation of informational memoranda, multiple rounds of bidding, detailed due diligence and site visits as well as negotiations with potential buyers. This process required Lazard professionals to respond to a host of calls and inquiries from various potential buyers and creditors.

D. <u>Preparation and Participation in Meetings with Creditors</u>: Lazard prepared, reviewed, advised and assisted in the preparation of various presentation materials for each of the Debtor's creditor constituents. In addition, Lazard has engaged in nearly daily conversations with the various creditor advisors.

E.      IP Assets Sale Process: Lazard devoted significant time and resources facilitating a sale of the Company's intellectual property assets.  Following the Court's approval of the bidding Procedures, Lazard reinitiated a full scale marketing process, contacting approximately 100 parties likely to be interested and able to acquire the IP assets. Lazard professionals helped to field diligence questions from bidders, offered feedback on process-related issues and assisted the Company's counsel in the review of legal documents and related schedules. Following the final bid submission deadline, Lazard assisted the Company in analyzing the final bids, and reviewing such bids with the Nortel Leadership Team, the Unsecured Creditors' Committee and various other Nortel stakeholders. Lazard's efforts during the compensation period, and for the year prior while marketing the IP Assets, facilitated a successful auction which concluded on June 30, 2011, generating approximately $4.5 billion in cash for the Nortel Estates.

F.      Sale of Optical Networking and Carrier Ethernet Businesses and GSM/GSM-R Business: The sale of the Debtor's assets produced significantly greater value than initially expected for the Debtor and its creditors, due in part to Lazard's efforts to spur buyer interest throughout the sale process.  In particular, Lazard created a bidding dynamic that resulted in a final sale prices for the Optical Networking and Carrier Ethernet Businesses and GSM/GSM-R Business that were significantly higher than expected and thereby contributed substantial value to the Debtor's estate.

i) Preparation of the Buyer's Contact List - Lazard compiled a comprehensive contact list of potential buyers consisting of both strategic and financial parties. Lazard contacted potential financial and strategic buyers and signed confidentiality agreements.

ii) Management of Sales Process - Lazard assisted the Debtors in conducting comprehensive M&A sale processes for the Optical Networking and Carrier Ethernet Businesses and GSM/GSM-R Business which included the following: (1) contacted and solicited interest from potential buyers, (2) distributed confidentiality agreements and process letters to interested parties, (3) provided answers to due diligence related questions and participated in conference calls with management as required, (4) requested indications of interest to be submitted by a certain date, (5) received and analyzed indications of interest submitted by interested buyers, (6) contacted interested parties which were selected to proceed to the next phase of the sale process, (7) assisted management with the preparation and presentation of the formal management presentation to interested parties, (8) assisted buyers in completing their due diligence, (9) notified interested parties of the requirement for submission of final offers and (10) received and analyzed offers received from interested parties, and (11) assisted in the negotiation of terms.

iii) Valuation of Offers - Lazard prepared certain valuation analyses related to offers for the Optical Networking and Carrier Ethernet

Businesses and GSM/GSM-R Business and presented these findings to various parties including the Debtors' management, the Board of Directors, the Unsecured Creditors' Committee and the Court.

iv) Court Testimony - Lazard provided testimony before this Court on several occasions with respect to (i) the bidding procedures, (ii) the value of the transaction, and (iii) the auction process with respect to the Optical Networking and Carrier Ethernet businesses.

G. <u>Sale of CVAS Business</u>: The sale of the Debtor's assets produced significantly greater value than initially expected for the Debtor and its creditors, due in part to Lazard's efforts to spur buyer interest throughout the sale process.

i) Preparation of the Buyer's Contact List - Lazard compiled a comprehensive contact list of potential buyers consisting of both strategic and financial parties.  Lazard contacted potential financial and strategic buyers and signed confidentiality agreements.

ii) Management of Sales Process - Lazard assisted the Debtors in conducting a comprehensive M&A sale process for the CVAS business which included the following: (1) contacted and solicited interest from potential buyers, (2) distributed confidentiality agreements and process letters to interested parties, (3) provided answers to due diligence related questions and participated in conference calls with management as required, (4) requested indications of interest to be submitted by a certain date, (5) received

9

and analyzed indications of interest submitted by interested buyers, (6) contacted interested parties which were selected to proceed to the next phase of the sale process, (7) assisted management with the preparation and presentation of the formal management presentation to interested parties, (8) assisted buyers in completing their due diligence, (9) notified interested parties of the requirement for submission of final offers and (10) received and analyzed offers received from interested parties, and (11) assisted in the negotiation of terms.

iii) Valuation of Offers - Lazard prepared certain valuation analyses related to offers for the CVAS business and presented these findings to various parties including the Debtors' management, the Board of Directors, the Unsecured Creditors' Committee and the Court.

iv) Court Testimony - Lazard provided testimony before this Court on several occasions with respect to (i) the bidding procedures, (ii) the value of the transaction, and (iii) the auction process with respect to the CVAS business.

H.     Sale of MSS Business: Lazard professionals conducted a full-scale M&A process for the Multi Service Switch Business ("MSS Business") that included the preparation of informational memoranda, detailed due diligence, as well as negotiations with potential buyers.  This process required Lazard professionals to respond to a host of calls and inquiries from various potential buyers and creditors, which resulted in the successful sale to Ericson.

i)  Management of Sales Process - Lazard assisted the Debtors in conducting a comprehensive M&A sale process for the MSS Business which included the following: (1) compiled a comprehensive contact list of potential buyers and solicited interest from these potential buyers, (2) distributed confidentiality agreements and process letters to interested parties, (3) provided answers to due diligence questions and participated in calls with management, (4) received and analyzed indications of interest submitted by interested buyers, (5) contacted interested parties which were selected to proceed to the next phase of the sale process, (6) assisted buyers in completing their due diligence, (7) notified interested parties of the requirement for submission of final offers, (8) received and analyzed offers received from interested parties, and (9) assisted in the negotiation of final terms.

ii)  Valuation of Offers - Lazard prepared certain valuation analyses related to offers for the MSS Business and presented these findings to various parties including the Debtors' management, the Board of Directors, the Unsecured Creditors' Committee and the Court.

iii) Court Testimony - Lazard provided testimony before this Court on several occasions with respect to (i) the bidding procedures, (ii) the value of the transaction, and (iii) the auction process with respect to the MSS Business.

I.    <u>Sale of IP Assets</u>: Lazard's devoted significant time and effort to spur buyer interest throughout the sale process, which resulted in the successful sale to Rockstar.

    i)  Management of Sales Process - Lazard assisted the Debtors in conducting a comprehensive M&A sale process for the IP Assets which included the following: (1) compiled a comprehensive contact list of potential buyers and solicited interest from these potential buyers, (2) distributed confidentiality agreements and process letters to interested parties, (3) provided answers to due diligence questions and participated in calls with management, (4) received and analyzed indications of interest submitted by interested buyers, (5) contacted interested parties which were selected to proceed to the next phase of the sale process, (6) assisted buyers in completing their due diligence, (7) notified interested parties of the requirement for submission of final offers, (8) received and analyzed offers received from interested parties, and (9) assisted in the negotiation of final terms.

    ii)  Valuation of Offers - Lazard prepared certain valuation analyses related to offers for the IP Assets and presented these findings to various parties including the Debtors' management, the Nortel Leadership Team, the Unsecured Creditors' Committee and various other Nortel stakeholders.

    iii) Court Testimony - Lazard provided testimony before this Court on several occasions with respect to (i) the bidding procedures, (ii) the

value of the transaction, and (iii) the auction process with respect to the IP Assets.

12.     Lazard endeavored to represent the Debtors in the most expeditious and economical manner possible.   Moreover, Lazard has endeavored to coordinate with the other professionals involved in these cases so as to minimize any duplication of effort and to minimize fees and expenses to the Debtors.  Lazard believes it has been successful in this regard.

13.     Lazard charges $.10 or less per page for black and white photocopying and $.80 or less per page for color photocopying.

14.     Lazard charges $1.00 per page for outgoing domestic facsimiles and does not charge for incoming facsimiles.

15.     Lazard's fees are based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

16.     No agreement or understanding exists between Lazard and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

17.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge, and belief that this Application complies with that Rule.

*[The remainder of the page is intentionally blank.]*

13

WHEREFORE, Lazard respectfully requests that this Court enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) granting final allowance of compensation in the amount of $38,033,199.29 for necessary and beneficial services that Lazard provided during the Final Application Period as the Debtors' financial advisor and investment banker, (ii) allowing final reimbursement of $510,419.78 of actual, reasonable, and necessary expenses incurred in connection with Lazard's services to the Debtors, (iii) authorizing and directing the Confirmed Debtors to pay Lazard $0.00, which equals the sum of such allowed compensation and reimbursement, less all amounts previously paid to Lazard by the Debtors,[5] and (iv) granting such other further relief as the Court deems just and proper.


Dated: July 5, 2017
         New York, New York                         LAZARD FRÈRES & CO. LLC


                                                    /s/ Andrew Yearley
                                                    Andrew Yearley
                                                    Managing Director
                                                    Lazard Frères & Co. LLC
                                                    30 Rockefeller Plaza, 61st Floor
                                                    New York, NY 10020
                                                    (212/632-6000)

                                                    *Investment Banker and Financial Advisor to the Debtors*

---

[5]    As noted above, Lazard has previously been paid a total of $38,434,679.10. That amount and the expense retainer of $108,939.97 has been applied to this this Final Application, bringing the balance due to $0.00 for the Final Application Period.