## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| Nortel Networks Inc., *et al.*,[1] | ) | Chapter 11 |
| Debtors. | ) | Case No:  09-10138 (KG) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline:  July 27, 2017 at 4:00 PM** |
| | ) | **Hearing Date:  TBD** |

**FINAL APPLICATION OF E. MORGAN MAXWELL, III, ESQ., SPECIAL TAX COUNSEL TO THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY PARTICIPANTS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE FINAL PERIOD OF FEBRUARY 11, 2013 THROUGH MAY 15, 2013**

Name of Applicant:  E. Morgan Maxwell, III, Esq.

Authorized to Provide
Professional Services to:  Official Committee of Long Term Disability Participants

Date of Retention:  *Nunc Pro Tunc* to February 11, 2013

Final Period for which compensation and
reimbursement is sought:  February 11, 2013 through May 15, 2013

Final Amount of Compensation sought as
actual, reasonable and necessary:  $21,112.50

Final Amount of Expense Reimbursement
Sought as actual, reasonable and necessary:  $197.00

This is a:  _____ monthly  _____ interim  ____X____ final application

---

[1]  The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

The total time expended for fee application preparation is approximately 5 hours and the corresponding compensation requested is approximately $1,250.00.

If this is not the first application filed, disclose the following for each prior application:

| | Fee Application Covered Dates, Date Filed, Doc. No. | Total Fee Request | Total Expense Request | Total Amount of Fees Approved | Total Amount of Expenses Approved |
|---|---|---|---|---|---|
| 1st | 2/11/2013 - 2/28/2013 5/3/2013 Doc. No. 10441 | $ 1,725.00 | $ 0.00 | $ 1,725.00 | $ 0.00 |
| 2nd | 3/1/2013 – 3/31/2013 5/3/2013 Doc. No. 10445 | $ 3,625.00 | $ 0.00 | $ 3,625.00 | $ 0.00 |
| 3rd | 4/1/2013-4/30/2013 5/17/2013 Doc. No. 10560 | $12,562.50 | $ 11.00 | $12,562.50 | $ 11.00 |
| 4th | 5/1/2013-5/15/2013 7/10/2013 Doc. No. 11088 (CNO filed Doc. No. 11103) | $ 3,200.00 | $186.00 | $ 0.00 | $ 0.00 |
| | Totals: | $21,112.50 | $197.00 | $17,912.50 | $ 11.00 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) |
| | ) |
| Debtors. | ) Case No: 09-10138 (KG) |
| | ) |
| | ) (Jointly Administered) |
| | ) |
| | ) **Objection Deadline: July 27, 2017 at 4:00 PM** |
| | ) **Hearing Date: TBD** |

**FINAL APPLICATION OF E. MORGAN MAXWELL, III, ESQ., SPECIAL TAX
COUNSEL TO THE OFFICIAL COMMITTEE OF LONG TERM DISABILITY
PARTICIPANTS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE FINAL PERIOD OF FEBRUARY 11, 2013 THROUGH MAY 15, 2013**

E. Morgan Maxwell, III, Esq. ("Maxwell"), counsel to the Official Committee of Long

Term Disability Participants (the "LTD Committee") of the above-captioned debtors (the

"Debtors"), hereby submits this *Final Application of E. Morgan Maxwell, III, Esq., Special Tax*

*Counsel to the Official Committee of Long Term Disability Participants, for Compensation and*

*Reimbursement of Expenses for the Final Period of February 11, 2013 through May 15, 2013*

(the "Application") seeking final allowance of compensation and reimbursement of expenses

under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for

the District of Delaware (the "Local Rules"), and the *Administrative Order Pursuant to 11 U.S.C.*

*§§ 105(A) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures*

---

[1]  The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Nortel Networks Inc (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc (0358), Northern Telecom International Inc (6286), Nortel Networks Cable Solutions Inc. (0657), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667).  Addresses for the Debtors can be found in the Debtors' petitions, which are available at http://chapter11.epiqsystems.com/nortel.

*for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members* (the "Interim Compensation Order") (Docket No. 222).   By this Application, E. Morgan Maxwell, III, Esq. seeks: (i) final allowance of reasonable compensation for professional services for the period February 11, 2013 through May 15, 2013 (the "Final Application Period"); and (ii) final approval of reimbursement of actual and necessary expenses incurred during the Final Application Period. In support of this Application, E. Morgan Maxwell, III, Esq. states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and this Application is proper on this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

2.      The statutory bases for relief requested herein are Sections 105(a), 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3.      On January 14, 2009 (the "Petition Date"), the Debtors commenced their bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

4.      The Debtors continue to operate its business and manage its property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.      On June 22, 2011, the Court ordered the appointment of the LTD Committee (Docket No. 5790).  *See also Amended Notice of Appointment of Unsecured Creditors* (Docket No. 6080).

6.      On August 2, 2011, the LTD Committee was formed and subsequently selected Maxwell as Special Tax Counsel to the committee on February 11, 2013 (the "Retention Date"). *See Order Granting Application of the Official Committee of Long Term Disability Participants for Order Under Bankruptcy Code Section 328(a) Approving the Employment and Retention of E. Morgan Maxwell, III, Esq. as Special Tax Counsel, nunc pro tunc to February 11, 2013* (Docket No. 9961).

## NARRATIVE SUMMARY OF SERVICES

7.      Maxwell has rendered actual and necessary services on behalf of the LTD Committee and is requesting reasonable compensation for his services for the Final Application Period.

8.      Maxwell has filed with the Court and assisted in preparation of all documents filed on behalf of the LTD Committee.  In his capacity as Special Tax Counsel, Maxwell has assisted the LTD Committee professionals in substantive areas in which he has specific expertise, such as in the area of tax advisory services.

## RELIEF REQUESTED

9.      This Final Fee Application seeks payment of fees for services rendered and reimbursement of actual and necessary expenses incurred by Maxwell for the period from February 11, 2013 through and including May 15, 2013 (the "Final Application Period").  With the exception of copy charges (which are charged at a lower rate under this Application), the rates charged by Maxwell in this case do not materially differ from the rates charged to

Maxwell's non-bankruptcy clients.

10.     A summary of the hours Maxwell spent rendering services to the LTD Committee during the Final Application Period, the regular customary billing rates and the total value of time incurred by Maxwell to the Committee is attached hereto as **Exhibit A**.  A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), is attached hereto as **Exhibit B**.  A statement of expenses incurred by Maxwell during the Application Period is also included in **Exhibit C**.  All time entries and requested expenses are in compliance with Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").[2]

11.     Maxwell seeks compensation for 85.3 hours of services performed in representing the Official Committee of Long Term Disability Participants (the "LTD Committee") in this case during the Final Application Period.  Maxwell seeks final allowance of compensation for services rendered in the amount of $22,362.50[3].

12.     All services for which compensation is requested by Maxwell in this Application were reasonable and necessary and were performed for and on behalf of the LTD Committee during the Final Application Period.

---

[2] Maxwell has attempted to ensure that this Application complies with the Revised UST Guidelines.  To the extent that the Revised UST Guidelines conflict with the Local Rules, in particular, Local Rule 2016-2, Maxwell has chosen to comply with such Local Rule. Maxwell will supplement this Application with additional detail or information upon request.

[3] This amount includes the $1,250.00 incurred for the preparation of this Application and estimated fees to be incurred during the remainder of this case.

## REIMBURSEMENT OF EXPENSES

13.     During the Final Application Period, Maxwell incurred certain necessary expenses in rendering legal services to the Committee, as set forth in **Exhibit C**, which sets forth in summary detail the expenses incurred (copies of invoices from Maxwell's vendors are available for inspection upon request).  Maxwell seeks reimbursement for reasonable, necessary and actual expenses incurred during the Final Application Period for the total amount of $197.00.

14.     All costs for which compensation is requested by Maxwell in this Application were reasonable and necessary and were performed for and on behalf of the LTD Committee during the Final Application Period.

## LEGAL STANDARD

15.     Section 330(a)(l) of the Bankruptcy Code allows the payment of:

a.   reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

b.   reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).   Reasonableness of compensation is driven by the "market-driven approach," which considers the nature, extent and value of services provided by the professional and cost of comparable services in the non-bankruptcy contexts.  *See Zolfo Cooper & Co. v. Sunbeam-Oster Co*., 50 F.3d 253, 258 (3d Cir. 1995); *In re Busy Beaver Building Ctr., Inc.*, 19 F.3d 833, 849 (3d Cir. 1994).  Thus, the "baseline rule is for firms to receive their customary rates." *Zolfo Cooper*, 50 F.3d at 259.

16.     In accordance with its practices in non-bankruptcy matters, Maxwell has calculated its compensation requested in the Application by applying the standard hourly rates. Maxwell's calculation is based upon hourly rates that are well within the range of rates that are

charged by comparable professionals in similar bankruptcy cases.  Accordingly, Maxwell's rates should be determined to be reasonable under Section 330 of the Bankruptcy Code.

17.    Maxwell's fees during the Final Application Period are also reasonable under the prevailing legal standard and should be allowed.  The amount of these fees is not unusual given the complexity, accelerated deadlines, aggressive sale schedule, and size of the Debtors' Chapter 11 Bankruptcy cases.  Maxwell's fees are commensurate with fees that other attorneys of comparable experience and expertise have charged and been awarded in similar Chapter 11 cases.  Accordingly, Maxwell's fees are reasonable pursuant to Section 330 of the Bankruptcy Code.

18.    Section 330(a)(1)(B) of the Bankruptcy Code permits reimbursement for actual, necessary expenses.  Maxwell's legal services and expenses incurred during the Final Application Period are set forth in this Application and constitute only those necessary expenses that were incurred for the benefit of the Committee.  Maxwell has properly requested reimbursement of only actual, necessary and appropriate legal expenses.

19.    Except as permitted by Bankruptcy Rule 2016, no agreement or understanding exists between Maxwell and/or any third person for the sharing or division of compensation.  All of the services for which compensation is requested in this Application were rendered at the request of and solely on behalf of the Committee.

20.    Pursuant to the standards set forth in Sections 330 and 331 of the Bankruptcy Code, Maxwell submits that the compensation requested is for actual and necessary services and expenses, and is reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in a case under the Bankruptcy Code.

21.     The time records annexed to this Application constitute only a general statement of the services rendered and time expended without description of the exact circumstances under which Maxwell actually rendered these services.  The challenges of these Bankruptcy Cases have been attended to and managed by Maxwell at all levels, promptly, expertly, and often to the exclusion of the other matters in Maxwell's office.  Maxwell submits, therefore, that its fees and expenses were actually, necessary, reasonable and justified, and should be allowed in full.

## CONCLUSION

WHEREFORE, Maxwell respectfully requests: (i) that this Court enter a final order: (a) allowing Maxwell final compensation in the amount of $22,362.50[4], for actual, reasonable, and necessary services rendered to or on behalf of the Committee during the Final Application Period and final reimbursement of $197.00 for actual, reasonable and necessary expenses incurred during the Final Application Period; (b) authorizing and directing the Debtors to pay Maxwell an amount equal to the sum of such allowed compensation and reimbursement, less any amounts previously paid by the Debtors; and (c) granting such other further relief as the Court deems just and proper.

## NOTICE AND NO PRIOR APPLICATION

26.     On July 10, 2013, a fee examiner was appointed in this Chapter 11 case.  Notice and service of this Application has been given to the Debtors; counsel to the Debtors; the Fee Examiner; the UST; and counsel to the Official Committee of Unsecured Creditors pursuant to the Interim Compensation Order.  Pursuant to the Bankruptcy Rule 2002(a)(6), Notice of this Application has also been given to all parties requesting notices.  In light of the nature of the relief requested herein, Maxwell submits that no further or other notice is required.

---

[4] This amount includes the $1,250.00 incurred for the preparation of this Application and estimated fees to be incurred during the remainder of this case.

27.     No previous application for the relief sought herein has been made to this or any other Court.

## **VERIFICATION**

22.     I am familiar with the work performed on behalf of the E. Morgan Maxwell III, Esquire.

23.     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Local Rule 2016-2, and submit that the Application substantially complies with such Local Rule.

Dated: July 7, 2017          **ELLIOTT GREENLEAF, P.C.**
        Wilmington, Delaware

            */s/ Shelley A. Kinsella*
            Rafael X. Zahralddin-Aravena (DE No. 4166)
            Shelley A. Kinsella (DE No. 4023)
            1105 N. Market Street, Ste. 1700
            Wilmington, DE 19801
            Telephone: (302) 384-9400
            Facsimile: (302) 384-9399
            Email: rxza@elliottgreenleaf.com
            Email: sak@elliottgreenleaf.com

            *Counsel to the Official Committee of*
            *Long Term Disability Participants*