**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re | Chapter 11 |
| | Case No.09-10138(KG) |
| Nortel Networks Inc., et al.[1] | Jointly Administered |
| Debtors | **<u>Objection Deadline</u>: July 27, 2017 at 4:00 p.m. (ET)** |
| | **<u>Hearing Date</u>: Scheduled only if necessary** |

# TWENTY-FOURTH MONTHLY AND FINAL APPLICATION OF BERKELEY RESEARCH GROUP, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DURING THE PERIOD FROM JUNE 1, 2015 THROUGH MAY 8, 2017

| | |
|---|---|
| Name of Applicant: | Berkeley Research Group, LLC |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | July 9, 2015 *nunc pro tunc* to June 1, 2015 |
| Period for which *Monthly* Compensation and reimbursement is sought: | May 1, 2017 through May 8, 2017[2] |
| Amount of *Monthly* compensation sought as actual, reasonable and necessary: | $31,398.50 |
| Amount of *Monthly* expense reimbursement sought as actual, reasonable and necessary: | $0.00 |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

[2] The Monthly Fee Period includes time spent after the Effective date under the Professional Retention/ Fee Application Preparation task code in preparation of the Final Fee Application.

| | |
|---|---|
| Period for which *Final* compensation and reimbursement is sought: | June 1, 2015 through May 8, 2017[3] |
| Amount of *Final* expense reimbursement sought as actual, reasonable and necessary: | $7,799.80[4] |
| Total amount of *Final* fees and expense reimbursement sought as actual, reasonable, and necessary | $3,029,467.30 |

This is an: _x_ monthly ___ interim _x_ final application

The total time expended for fee application preparation during the Final Fee Period is approximately 209.0 hours and the corresponding compensation requested is approximately $108,010.50.

[3] The Final Fee Period includes time spent after the Effective Date under the Professional Retention/ Fee Application Preparation task code in preparation of the Final Fee Application.

[4] The final expense compensation amount of $7,799.80 being sought includes a voluntary adjustment of $172.00 in connection with an expense write-off included in our Twenty-First Monthly Fee Application from February 2017.

**Attachment A - Prior Monthly Applications Filed:**

| *Application* | | *Requested* | | *Approved* | | *CNO* | *Paid* | *Unpaid* |
|---|---|---|---|---|---|---|---|---|
| Date Filed/ Docket No. | Period Covered | 100% Total Fees | 100% Expenses | 80% Fees | 100% Expenses | Date Filed/ Docket No. | | |
| Date Filed 08/26/15 Docket No. 16080 | 6/1/15 to 6/30/15 | $138,143.00 | $766.90 | $110,514.40 | $766.90 | Date Filed 09/17/15 Docket No. 16146 | $111,281.30 | $27,628.60 |
| Date Filed 08/27/15 Docket No. 16087 | 7/1/15 to 7/31/15 | $114,573.00 | $0.00 | $91,658.40 | $0.00 | Date Filed 09/18/15 Docket No. 16151 | $91,658.40 | $22,914.60 |
| Date Filed 8/28/15 Docket No. 16104 | 1st Interim | $252,716.00 | $766.90 | $252.716.00 | $766.90 | N/A | $202,939.70 | $50,543.20 |
| Date Filed 10/14/15 Docket No. 16230 | 8/1/15 to 8/31/15 | $85,029.00 | $15.19 | $68,023.20 | $15.19 | Date Filed 11/06/15 Docket No. 16288 | $68,038.39 | $17,005.80 |
| Date Filed 11/17/15 Docket No. 16306 | 9/1/15 to 9/30/15 | $122,188.00 | $0.00 | $97,750.40 | $0.00 | Date Filed 12/11/15 Docket No. 16382 | $97,750.40 | $24,437.60 |
| Date Filed 12/02/15 Docket No. 16361 | 10/1/15 to 10/31/15 | $321,010.50 | $557.54 | $256,808.40 | $557.54 | Date Filed 01/11/16 Docket No. 16463 | $257,365.94 | $64,202.10 |
| Date Filed 12/2/15 Docket No. 16362 | 2nd Interim | $528,227.50 | $572.73 | $528,227.50 | $572.73 | N/A | $423,154.73 | $105,645.50 |
| Date Filed 01/11/16 Docket No. 16464 | 11/1/15 to 11/30/15 | $180,979.50 | $2,450.26 | $144,783.60 | $2,450.26 | Date Filed 02/03/16 Docket No. 16518 | $147,233.86 | $36,195.90 |
| Date Filed 02/05/16 Docket No. 16522 | 12/1/15 to 12/31/15 | $76,645.50 | $0.00 | $61,316.40 | $0.00 | Date Filed 02/29/16 Docket No. 16590 | $61,316.40 | $15,329.10 |
| Date Filed 02/26/16 Docket No. 16582 | 1/1/16 to 1/31/16 | $79,954.50 | $0.00 | $63,963.60 | $0.00 | Date Filed 03/21/16 Docket No. 16637 | $63,963.60 | $15,990.90 |
| Date Filed 02/29/16 Docket No. 16593 | 3rd Interim | $337,579.50 | $2,450.26 | $337,579.50 | $2,450.26 | N/A | $272,513.86 | $67,515.90 |
| Date Filed 04/19/16 Docket No. 16736 | 2/1/16 to 2/31/16 | $81,876.00 | $0.00 | $65,500.80 | $0.00 | Date Filed 05/10/16 Docket No. 16799 | $65,500.80 | $16,375.20 |
| Date Filed 05/06/16 Docket No. 16795 | 3/1/16 to 3/31/16 | $149,661.00 | $0.00 | $119,728.80 | $0.00 | Date Filed 05/31/16 Docket No. 16874 | $119,728.80 | $29,932.20 |

| *Application* | | *Requested* | | *Approved* | | *CNO* | *Paid* | *Unpaid* |
|---|---|---|---|---|---|---|---|---|
| Date Filed 05/18/16 Docket No. 16821 | 4/1/2016 to 4/30/16 | $173,465.00 | $0.00 | $138,772.00 | $0.00 | Date Filed 06/9/16 Docket No. 16908 | $138,772.00 | $34,693.00 |
| Date Filed 05/19/16 Docket No. 16825 | 4th Interim | $405,002.00 | $0.00 | $405,002.00 | $0.00 | N/A | $324,001.60 | $81,000.40 |
| Date Filed 07/22/16 Docket No. 17013 | 5/1/16 to 5/31/16 | $130,338.00 | $0.00 | $104,270.40 | $0.00 | Date Filed 09/21/16 Docket 17190 | $104,270.40 | $26,067.60 |
| Date Filed 08/22/16 Docket No. 17128 | 6/1/16 to 6/30/16 | $222,791.50 | $0.00 | $178,233.20 | $0.00 | Date Filed 09/13/16 Docket 17180 | $178,233.20 | $44,558.20 |
| Date Filed 08/30/16 Docket No. 17153 | 7/1/16 to 7/31/16 | $139,726.00 | $1,318.98 | $111,780.80 | $1,318.98 | Date Filed 09/20/16 Docket 17188 | $113,099.78 | $27,945.30 |
| Date Filed 8/31/16 Docket No. 17154 | 5th Interim | $492,855.50 | $1,318.98 | $492,855.50 | $1,318.98 | N/A | $395,603.38 | $98,571.20 |
| Date Filed 09/04/16 Docket No. 17346 | 8/1/16 to 8/31/16 | $181,183.50 | $0.00 | $144,946.80 | $0.00 | Date Filed N/A Docket N/A | $144,946.80 | $36,236.70 |
| Date Filed 11/29/16 Docket No. 17463 | 9/1/16 to 9/30/16 | $101,780.00 | $0.00 | $81,424.00 | $0.00 | Date Filed 12/20/16 Docket 17611 | $81,424.00 | $20,356.00 |
| Date Filed 11/29/16 Docket No. 17475 | 10/1/16 to 10/31/16 | $169,298.50 | $0.00 | $135,438.80 | $0.00 | Date Filed 12/20/16 Docket 17614 | $135,438.80 | $33,859.70 |
| Date Filed 11/30/16 Docket No. 17485 | 6th Interim | $452,262.00 | $0.00 | $452,262.00 | $0.00 | N/A | $361,809.60 | $90,452.40 |
| Date Filed 01/19/17 Docket No. 17743 | 11/1/16 to 11/30/16 | $170,574.00 | $32.63 | $136,459.20 | $32.63 | Date Filed 02/09/17 Docket 17890 | $136,491.83 | $34,114.80 |
| Date Filed 03/06/17 Docket No. 17996 | 12/1/16 to 12/31/16 | $158,465.00 | $1,200.90 | $126,772.00 | $1,200.90 | Date Filed 03/28/17 Docket 18044 | $127,972.90 | $31,693.00 |
| Date Filed 03/23/17 Docket No. 17996 | 1/1/17 to 1/31/17 | $120,985.500 | $568.00 | $96,788.40 | $568.00 | Date Filed 04/13/17 Docket 18096 | $97,356.40 | $24,197.10 |

| Application | | Requested | | Approved | | CNO | Paid | Unpaid |
|---|---|---|---|---|---|---|---|---|
| Date Filed 04/24/17 Docket No. 18126 | 2/1/17 to 2/28/17 | $11,814.50 | $1,061.40 | $9,451.60 | $1,061.40 | Date Filed 05/16/17 Docket 18221 | $10,513.00 | $2,190.90[5] |
| Date Filed 05/24/17 Docket No. 18245 | 3/1/17 to 3/31/17 | $31,000.00 | $0.00 | N/A | N/A | N/A | $0.00 | $31,000.00 |
| Date Filed 05/31/17 Docket No. 18268 | 4/1/17 to 4/30/17 | $28,787.50 | $0.00 | N/A | N/A | N/A | $0.00 | $28,787.50 |
| Date Filed 05/31/17 Docket No. 18269 | 7th Interim | $521,626.50 | $2,862.93 | N/A | N/A | N/A | $372,334.13 | $152,115.30 |
| **Totals** | | **$2,990,269.00** | **$7,971.80** | **$2,344,385.20** | **$7,971.80** | | **$2,352,357.00** | **$151,983.30**[5] |

[5] The unpaid balance for February 2017 Monthly Fee Application has been reduced from $2,362.90 by $172.00 to $2,190.90 to reflect a voluntary expense write-off in connection with an item erroneously included and paid in the Fee Application. This write-off is also reflected in the total unpaid balance of $151,983.30.

**Nortel Networks Inc., et al**

**Berkeley Research Group, LLC**

## Attachment B: Fees By Professional

For the Period 1/1/2017 through 5/8/2017

| Professional | Title | Billing Rate | Hours | Fees |
|---|---|---|---|---|
| A. Cowie | Director | $675.00 | 145.9 | $98,482.50 |
| C. Kearns | Managing Director | $980.00 | 41.8 | $40,964.00 |
| J. Blum | Case Assistant | $125.00 | 20.3 | $2,537.50 |
| J. Borow | Managing Director | $980.00 | 14.4 | $14,112.00 |
| J. Hyland | Managing Director | $730.00 | 93.0 | $67,890.00 |
| **Total** | | | **315.4** | **$223,986.00** |

| **Blended Rate** | **$710.16** |
|---|---|

**Nortel Networks Inc., et al**

**Berkeley Research Group, LLC**

## Attachment B: Fees By Professional

For the Period 6/1/2015 through 5/8/2017

| Professional | Title | Billing Rate | Hours | Fees |
|---|---|---|---|---|
| A. Cowie | Director | $625.00 | 470.9 | $294,312.50 |
| A. Cowie | Director | $650.00 | 864.6 | $561,990.00 |
| A. Cowie | Director | $675.00 | 145.9 | $98,482.50 |
| A. Dianderas | Case Assistant | $125.00 | 1.5 | $187.50 |
| A. Kaplan | Consultant | $325.00 | 32.8 | $10,660.00 |
| B. Park | Associate | $275.00 | 0.8 | $220.00 |
| C. Kearns | Managing Director | $895.00 | 161.2 | $144,274.00 |
| C. Kearns | Managing Director | $940.00 | 123.4 | $115,996.00 |
| C. Kearns | Managing Director | $980.00 | 41.8 | $40,964.00 |
| D. Ioselevich | Case Assistant | $125.00 | 1.5 | $187.50 |
| H. Parekh | Associate | $250.00 | 1.0 | $250.00 |
| J. Blum | Case Assistant | $120.00 | 40.9 | $4,908.00 |
| J. Blum | Case Assistant | $125.00 | 20.3 | $2,537.50 |
| J. Borow | Managing Director | $895.00 | 131.7 | $117,871.50 |
| J. Borow | Managing Director | $940.00 | 168.8 | $158,672.00 |
| J. Borow | Managing Director | $980.00 | 14.4 | $14,112.00 |
| J. Emerson | Managing Consultant | $375.00 | 2.0 | $750.00 |
| J. Emerson | Managing Consultant | $395.00 | 1.5 | $592.50 |
| J. Emerson | Senior Managing Consultant | $425.00 | 25.3 | $10,752.50 |
| J. Hyland | Managing Director | $675.00 | 709.5 | $478,912.50 |
| J. Hyland | Managing Director | $700.00 | 1,275.0 | $892,500.00 |

| Professional | Title | Billing Rate | Hours | Fees |
|---|---|---|---|---|
| J. Hyland | Managing Director | $730.00 | 93.0 | $67,890.00 |
| M. DeSalvio | Senior Managing Consultant | $250.00 | 1.4 | $350.00 |
| M. Haverkamp | Case Assistant | $120.00 | 3.5 | $420.00 |
| M. Haverkamp | Case Assistant | $125.00 | 0.8 | $100.00 |
| M. Yastrebova | Associate | $250.00 | 1.0 | $250.00 |
| R. Cohen | Associate | $250.00 | 14.1 | $3,525.00 |
| **Total** | | | **4,348.6** | **$3,021,667.50** |

| | |
|---|---|
| **Blended Rate** | **$694.86** |

## Nortel Networks Inc., et al

## Berkeley Research Group, LLC

## Attachment C: Fees By Task Code

For the Period 5/1/2017 through 5/8/2017

| Task Code | Hours | Fees |
|---|---|---|
| 05. Professional Retention/ Fee Application Preparation | 42.5 | $23,484.00 |
| 08. Interaction/Meetings with Creditors | 0.2 | $196.00 |
| 27. Plan of Reorganization/Disclosure Statement | 10.9 | $7,718.50 |
| **Total** | **53.6** | **$31,398.50** |
| **Blended Rate** | | **$585.79** |

## Nortel Networks Inc., et al

## Berkeley Research Group, LLC

## Attachment C: Fees By Task Code

For the Period 6/1/2015 through 5/8/2017

| Task Code | Hours | Fees |
|---|---|---|
| 01. Asset Acquisition/Disposition | 1,229.9 | $891,007.50 |
| 05. Professional Retention/ Fee Application Preparation | 209.0 | $108,010.50 |
| 06. Attend Hearings/Related Activities | 47.1 | $39,846.00 |
| 07. Interaction/Meetings with Debtors/Counsel | 10.0 | $8,286.50 |
| 08. Interaction/Meetings with Creditors | 314.4 | $249,633.50 |
| 10. Recovery/SubCon/Lien Analysis | 1,271.2 | $856,279.50 |
| 11. Claim Analysis/Accounting | 567.5 | $382,929.00 |
| 13. Intercompany Transactions/Balances | 28.6 | $19,914.00 |
| 18. Operating and Other Reports | 34.3 | $23,966.00 |
| 19. Cash Flow/Cash Management Liquidity | 107.8 | $65,836.50 |
| 26. Tax Issues | 9.0 | $6,218.00 |
| 27. Plan of Reorganization/Disclosure Statement | 519.8 | $369,740.50 |
| **Total** | **4,348.6** | **$3,021,667.50** |

| | |
|---|---|
| **Blended Rate** | **$694.86** |

**Nortel Networks Inc., et al**

**Berkeley Research Group, LLC**

## Attachment D: Expenses By Category

For the Period 6/1/2015 through 5/8/2017

| Expense Category | Amount |
|---|---|
| 01. Travel - Airline | $1,599.80 |
| 02. Travel - Train and Bus | $3,009.03 |
| 06. Travel - Mileage | $112.05 |
| 07. Travel - Parking | $247.00 |
| 08. Travel - Hotel/Lodging | $2,443.01 |
| 10. Meals | $203.13 |
| 11. Telephone, Fax and Internet | $36.75 |
| 14. Express Messenger/Shipping | $32.63 |
| 20. Data Research | $116.40 |
| **Total Expenses for the Period 6/1/2015 through 5/8/2017** | **$7,799.80** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re | Chapter 11 |
| | Case No. 09-10138 (KG) |
| Nortel Networks Inc., et al.[1] | Jointly Administered |
| Debtors | **Objection Deadline: July 27, 2017 at 4:00 p.m. (ET)** |
| | **Hearing Date: Scheduled only if necessary** |

**TWENTY-FOURTH MONTHLY AND FINAL APPLICATION OF BERKELEY RESEARCH GROUP, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DURING THE PERIOD FROM JUNE 1, 2015 THROUGH MAY 8, 2017**

Berkeley Research Group, LLC ("BRG") financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby submits its twenty-fourth monthly and final fee application (the "Application") for an order pursuant to sections 105(a), 330 and 331 chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the *Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members* (the "Interim

[1]The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226)

Compensation Order"), entered February 4, 2009, and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") seeking (a) the allowance of reasonable compensation for professional services rendered by BRG to the Committee during the period May 1, 2017 through May 8, 2017 (the "Monthly Fee Period")[2], (b) reimbursement of actual and necessary charges and disbursements incurred by BRG during the Fee Period in the rendition of required professional services on behalf of the Committee, (c) the allowance of reasonable compensation for professional services rendered by BRG to the Committee during the period June 1, 2015 through May 8, 2017 (the "Final Fee Period"), and (d) reimbursement of actual and necessary charges and disbursements incurred by BRG during the Final Fee Period in the rendition of required professional services on behalf of the Committee. In support of this Application, BRG represents as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory bases for the relief requested herein are sections 105(a), 330, 331, and 503(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

[2] As previously noted, the Monthly Fee Period and the Final Fee Period include time spent after the Effective Date under the Professional Retention/ Fee Application Preparation task code in preparation of the final fee application.

**BACKGROUND**

3. On January 14, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief (the "U.S. Proceeding") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 15, 2009, the Court entered an order for the joint administration of these cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only.

5. On January 14, 2009, the Debtors' ultimate corporate parent, Nortel Networks Corporation, together with Nortel Networks Limited ("NNL") and certain of their Canadian affiliates (collectively, the "Canadian Debtors") commenced a proceeding (the "Canadian Proceeding") before the Ontario Superior Court of Justice (the "Canadian Court") for a plan of compromise or arrangement under the Canadian Companies' Creditors Arrangement Act ("CCAA"). The Canadian Debtors continue to operate their businesses and manage their properties under the supervision of the Canadian Court and Ernst & Young Inc. as monitor (the "Monitor").

6. On January 14, 2009, the High Court of Justice in England placed nineteen of the Debtors' European affiliates (collectively, the "EMEA Debtors" and, together with the Debtors and the Canadian Debtors, the "Nortel Debtors") into administration (the "European Proceeding" and together with the U.S. Proceeding and Canadian Proceeding, the "Insolvency Proceedings") under the control of individuals from Ernst & Young LLC (the "U.K. Administrators").

7. On January 22, 2009 (the "Formation Date"), the Office of the United States Trustee for the District of Delaware appointed five of the Debtors' largest unsecured creditors to

serve as members of the Committee. The Committee is presently comprised of the following three members: (i) Law Debenture Trust Company of New York, as indenture trustee, (ii) Pension Benefit Guaranty Corporation, and (iii) The Bank of New York Mellon, as indenture trustee.

8. At a meeting of the Committee on January 26, 2009, the Committee duly voted to retain Capstone Advisory Group, LLC ("Capstone") as its financial advisor in connection with the U.S. Proceeding. On March 5, 2009, this Court entered an order authorizing the retention of Capstone as financial advisor to the Committee, *nunc pro tunc* to January 26, 2009.

9. Effective as of June 1, 2015, many of Capstone's members and employees, including the Capstone personnel involved in these chapter 11 cases (the "Capstone Personnel"), joined BRG. To ensure continuity of representation, the Committee sought to retain BRG as its financial advisor in these chapter 11 cases, effective as of June 1, 2015. On July 9, 2015, the Court entered an order approving the Committee's retention of BRG [Docket No. 15843].

## FEE PROCEDURES ORDER

10. On February 4, 2009, this Court signed the Interim Compensation Order. Pursuant to the Interim Compensation Order, after the first day of each full calendar month (the "Fee Filing Period") following the month for which compensation and reimbursement is sought (the "Compensation Period"), each Professional seeking interim compensation may file with the Court a monthly application (each a "Monthly Fee Statement") pursuant to section 331 of the Bankruptcy Code for interim approval and allowance of compensation for services rendered and reimbursement of expenses during the Compensation Period. Each Notice Party shall have twenty (20) days after service of a Monthly Fee Statement to review the Monthly Fee Statement and object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline: (i) if no objections have been filed, the Professional shall file a certificate of no objection and the Debtors shall then be authorized and directed to pay such Professional eighty percent (80%) of the fees and

one hundred percent (100%) of the expenses requested in the Monthly Fee Statement (the "Maximum Interim Payment") or (ii) if an objection to a Monthly Fee Statement has been filed, the Professional shall be entitled to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses (the "Permitted Incremental Payment") not subject to that objection.

**SUMMARY OF SERVICES RENDERED**

11. BRG is a global strategic advisory and expert consulting firm that provides independent expert testimony, litigation and regulatory support, authoritative studies, strategic advice, and document and data analytics to major law firms, Fortune 500 corporations, government agencies, and regulatory bodies around the world. As a result of the addition of former Capstone personnel, its services have been expanded to include restructuring and turnaround, due diligence, valuation, and capital markets advisory services.

12. Since being retained by the Committee, BRG has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. BRG respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

13. BRG submits that the interim fees applied for herein for professional services rendered in performing services for the Committee in this proceeding are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtors' capital structure and financial condition, the Debtors' financial accounting resources and the results obtained. BRG's fees typically are based on the actual hours charged at BRG's standard hourly rates, which are in effect when the services are rendered. As noted in the *Application of the Official Committee of Unsecured Creditors for Order Authorizing the Employment and*

*Retention of Berkeley Research Group, LLC as Successor Financial Advisor, Nunc Pro Tunc to June 1, 2015,* [D.I. 15786], "In the ordinary course of business, BRG periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increase in experience, and increases in the cost of doing business. Accordingly, as of January 1, 2016 and January 2017, most BRG professionals' hourly billing rates increased as seen in the chart below. The rates for the Monthly and the Final Fee Period can also be found in **Attachment B: Fees By Professional**.

| | 2015 | | | | 2016 | | | | 2017 | | | | Final Totals | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Professional | Position | Hours | Billing Rate | Total Fees | Position | Hours | Billing Rate | Total Fees | Position | Hours | Billing Rate | Total Fees | Hours | Billing Fees |
| A. Cowie | Director | 470.9 | $625.00 | $294,312.50 | Director | 864.6 | $650.00 | $561,990.00 | Director | 145.9 | $675.00 | $98,482.50 | 1481.4 | $954,785.00 |
| A. Dianderas | | 0 | $0.00 | $0.00 | Case Assistant | 1.5 | $125.00 | $187.50 | | 0 | $0.00 | $0.00 | 1.5 | $187.50 |
| A. Kaplan | | 0 | $0.00 | $0.00 | Consultant | 32.8 | $325.00 | $10,660.00 | | 0 | $0.00 | $0.00 | 32.8 | $10,660.00 |
| B. Park | | 0 | $0.00 | $0.00 | Associate | 0.8 | $275.00 | $220.00 | | 0 | $0.00 | $0.00 | 0.8 | $220.00 |
| C. Kearns | Managing Director | 161.2 | $895.00 | $144,274.00 | Managing Director | 123.4 | $940.00 | $115,996.00 | Managing Director | 41.8 | $980.00 | $40,964.00 | 326.4 | $301,234.00 |
| D. Ioselevich | | 0 | $0.00 | $0.00 | Case Assistant | 1.5 | $125.00 | $187.50 | | 0 | $0.00 | $0.00 | 1.5 | $187.50 |
| H. Parekh | | 0 | $0.00 | $0.00 | Associate | 1 | $250.00 | $250.00 | | 0 | $0.00 | $0.00 | 1 | $250.00 |
| J. Blum | Case Assistant | 16.9 | $120.00 | $2,028.00 | Case Assistant | 24 | $120.00 | $2,880.00 | Case Assistant | 20.3 | $125.00 | $2,537.50 | 61.2 | $7,445.50 |
| J. Borow | Managing Director | 131.7 | $895.00 | $117,871.50 | Managing Director | 168.8 | $940.00 | $158,672.00 | Managing Director | 14.4 | $980.00 | $14,112.00 | 314.9 | $290,655.50 |
| J. Emerson | | 0 | $0.00 | $0.00 | Senior Managing Consultant[3] | 25.3 | $425.00 | $10,752.50 | | 0 | $0.00 | $0.00 | 25.3 | $10,752.50 |
| J. Emerson | Managing Consultant | 2 | $375.00 | $750.00 | Managing Consultant | 1.5 | $395.00 | $592.50 | | 0 | $0.00 | $0.00 | 3.5 | $1,342.50 |
| J. Hyland | Managing Director | 709.5 | $675.00 | $478,912.50 | Managing Director | 1275 | $700.00 | $892,500.00 | Managing Director | 93 | $730.00 | $67,890.00 | 2077.5 | $1,439,302.50 |
| M. DeSalvio | | 0 | $0.00 | $0.00 | Senior Managing Consultant | 1.4 | $250.00 | $350.00 | | 0 | $0.00 | $0.00 | 1.4 | $350.00 |
| M. Yastrebova | | 0 | $0.00 | $0.00 | Associate | 1 | $250.00 | $250.00 | | 0 | $0.00 | $0.00 | 1 | $250.00 |
| R. Cohen | | 0 | $0.00 | $0.00 | Associate | 14.1 | $250.00 | $3,525.00 | | 0 | $0.00 | $0.00 | 14.1 | $3,525.00 |
| M. Haverkamp | Case Assistant | 3.5 | $120.00 | $420.00 | Case Assistant | 0.8 | $125.00 | $100.00 | | 0 | $0.00 | $0.00 | 4.3 | $520.00 |
| Totals | | 1495.7 | | $1,038,568.50 | | 2537.5 | | $1,759,113.00 | | 315.4 | | $223,986.00 | 4348.60 | $3,021,667.50 |

14. BRG expended an aggregate of 53.6 hours during the Monthly Fee Period and 4,348.6 hours during the Final Fee Period, substantially all of which was expended by the professional staff of BRG. The work involved, and thus the time expended, was carefully assigned

[3] In 2016, in addition to J. Emerson's standard rate increase on January 1, 2016, he received a midyear promotion (June 1, 2016) reflecting in a title change as well as a rate increase.

in light of the experience and expertise required for a particular task. A small staff was utilized to optimize efficiencies and avoid redundant efforts. The staff of the Debtors or their advisors has been utilized where practical and prudent.

15. BRG believes that there has been no duplication of services between BRG and any other consultants or accountants to the bankruptcy estate.

16. BRG's approach is to utilize senior, experienced personnel and to encourage the Debtors to provide the staff-level support and analysis to minimize total cost. In addition, BRG's per diem rates for professionals of comparable experience are 10% to 20% lower than its competitors, the "Big-Four" accounting firms and certain other nationally-recognized specialty firms. We believe that the compensation in this Application is based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

17. Because BRG's core staff consists of senior professionals who performed a vast amount of the work, time spent communicating internally and reviewing the work product of junior associates was kept to a minimum. Additionally, because of the experience of BRG's professionals, in many instances only three or fewer BRG representatives attended meetings, hearings, or conference calls or performed specific functions.

18. No agreement or understanding exists between BRG and any other person for the sharing of compensation received or to be received for services rendered in connection with the chapter 11 cases, except for internal agreements among members and employees of BRG regarding the sharing of revenue or compensation. Neither BRG nor any of its members or employees has entered into an agreement or understanding to share compensation with any entity as described in Bankruptcy Rule 2016.

19.     BRG's travel time policy is to not charge such time to a client unless productive work is performed during the travel period.  In this engagement, non-productive travel time is not being charged to the Debtors.

20.     BRG's time records for the Monthly Fee Period are attached hereto as **Exhibit A**.  These records include daily time logs describing the time spent by each BRG professional and administrative-level person in these cases.  Incorporated herein by reference are BRG's time records for the First through Twenty-Third Monthly Fee Periods.  These records can be found in the previously filed monthly and interim fee applications (see **Attachment A** for docket numbers).

21.     BRG also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services.  BRG is requesting no expense reimbursement for the Monthly Fee Period.  However, incorporated herein by reference, and included in the previously filed monthly fee statements, are the itemized schedules of expenses within each category, including description, and the amounts for which reimbursement is requested, for the First through Twenty-Third Monthly Fee Periods.

22.     The general summary of the services rendered by BRG during the Final Fee Period based on tasks and number of hours is set forth below.

**Asset Acquisition/Disposition – Task Code 01**

23.     This task code includes BRG's modeling, analyses and discussions with the Committee and the Committee's other professionals regarding the allocation of asset disposition proceeds amongst the various Nortel Debtor estates.  This included analyzing or reviewing documents related to the allocation of sale proceeds from asset sales including with respect to the allocation decisions that were raised on May 12, 2015, recovery modeling prepared by other

parties, allocation concepts and settlement proposals, the motion for reconsideration and clarification briefs as well as the various response and reply briefs, documents related to mediation efforts, documents and other tasks pursuant to the court order, and the Settlement and Plans Support Agreement (the "SPSA"), which memorialized an agreement among the various parties in interest, including the Committee, to settle the allocation dispute. During the pendency of the case, BRG supported Akin Gump in vigorously representing the interests of the Committee in negotiations to reach the SPSA. In particular, the analysis of recovery modelling and the attendant waterfall calculations proved critical to the Committee in fulfilling its duties. These tasks where at the crux of BRG's efforts in this task code and consumed material amounts of professional time.

24. BRG has expended 1,229.9 hours on this category for a fee of $891,007.50.

**Professional Retention/ Fee Application Preparation – Task Code 05**

25. This task code for this Fee Period relates primarily to BRG's efforts in connection with the preparation of the monthly, quarterly interim, and final fee applications.

26. BRG has expended 209.0 hours on this category for a fee of $108,010.50.

**Attend Hearings/Related Activities – Task Code 06**

27. Time charged to this task code relates to BRG's time spent attending the joint hearing on the motions for reconsideration of the allocation decisions, the claims hearing in Wilmington, and the confirmation mediation and hearing.

28. BRG has expended 47.1 hours on this category for a fee of $39,846.00.

**Interactions/Meetings with Debtors/Counsel – Task Code 07**

29. This task code relates to BRG's time spent interacting with the Debtors and their professionals in regard to issues arising from the motions for reconsideration of the allocation

decisions, and mediation issues. In addition, time was spent interacting with the Debtor's financial advisors, Chilmark Partners, in regard to creditor recoveries.

30. BRG has expended 10.0 hours on this category for a fee of $8,286.50.

**Interaction/Meetings with Creditors/Counsel – Task Code 08**

31. This task code relates to Committee matters, meetings, inquiry responses and conference calls with (i) the Committee as a whole and with individual Committee members, (ii) Akin Gump and the other Committee professionals, and (iii) other creditors. BRG participated in regularly scheduled conference calls with the full Committee, Akin Gump, and other Committee professionals, in order to apprise the Committee members of developments in the chapter 11 cases and to facilitate efficient administration of the chapter 11 cases. In preparation for these Committee meetings, BRG reviewed pending matters to be discussed with the Committee, and reviewed and reported on underlying documentation in connection therewith. BRG, working with Akin Gump and the other Committee professionals, assisted the Committee in fulfilling its statutory duties to make informed decisions regarding the various issues that arose during these cases as well as closely monitored the Debtors' management of the proceedings.

32. BRG has expended 314.4 hours on this category for a fee of $249,633.50.

**Recovery/ SubCon/ Lin Analysis – Task Code 10**

33. This task code relates to time spent by BRG analyzing creditor recoveries under various scenarios including the preparation of detailed creditor recovery models. BRG spent significant time updating creditor recovery scenarios and modelling as related to the allocation rulings, settlement discussions, including claim settlements, and in analysis of allocation concepts as appropriate, including in preparation for discussions with other estates and the mediation. The maintenance of a scalable and fully articulated creditor recovery model by BRG allowed the

Committee to be provided with on-point, timely and accurate creditor level recovery feedback during the pendency of this case. As such, time spent by BRG in this category was of high importance to the Committee in dispensing its statutory duty.

34. BRG has expended 1,271.2 hours on this category for a fee of $856,279.50.

**Claim Analysis/ Accounting – Task Code 11**

35. This task code relates to time spent by BRG reviewing various claims asserted against the Debtors. BRG spent time advising Akin Gump in regard to analysis of updated U.S. and Canadian claims information, the associated impact on creditor recoveries, and estimated claims including due diligence on proposed and claim settlements. Claims against the other estates may have a significant impact on the U.S. unsecured creditor recoveries. Therefore, such analysis was pivotal to the Committee's understanding of the potential impact of the allocation rulings on its constituency.

36. BRG has expended 567.5 hours on this category for a fee of $382,929.00.

**Intercompany Transactions – Task Code 13**

37. This task code relates to time spent by Capstone reviewing intercompany claims and transactions amongst the Debtors and related companies. BRG analyzed non-filed subsidiary balance sheets, intercompany claims, monthly foreign entity reporting and the associated impact on creditor recoveries such as from the potential for cash flows from related entities.

38. BRG has expended 28.6 hours on this category for a fee of $19,914.00.

**Operating and Other Reports – Task Code 18**

39.    This task code relates to time spent by Capstone in reviewing and analyzing the Debtors' periodic financial reporting including NNIII forms and schedules, the non-filed entities restructuring managers' reports, and other reports related to case matters.

40.    BRG has expended 34.3 hours on this category for a fee of $23,966.00.

**Cash Flow/Cash Management Liquidity – Task Code 19**

41.    This task code relates to BRG's time spent on cash flow analyses that were provided for various Debtor entities.  Additionally, BRG monitored the Debtors' cash escrows for asset disposition proceeds.  Through these analyses, BRG kept the Committee apprised with respect to the Debtors' cash balances and cash flows from operations.  Analysis and monitoring of the Debtors' cash was viewed as critical by the Committee.

42.    BRG has expended 107.8 hours on this category for a fee of $65,836.50.

**Tax Issues – Task Code 26**

43.    This task code relates to BRG's time spent on analyzing the Debtors' tax claims and associated claims resolution status including the impact on creditor recoveries under proposed and final plan of reorganization terms. Additionally, BRG conferred with counsel regarding tax issues.

44.    BRG has expended 9.0 hours on this category for a fee of $6,218.00.

**Plan of Reorganization/ Disclosure Statement – Task Code 27**

45.    This task code relates principally to BRG's time spent on reviewing and analyzing the U.S. Debtors' Plan of Reorganization and Disclosure Statement and Canadian Debtors' Plan of Arrangement drafts (the "Plan Documents").  The Plan Documents set out in detail the mechanics and intent of the final worldwide case resolutions.  The Plan Documents

incorporated the global settlement of the dispute regarding allocation of sale proceeds and the mechanics for creditor distributions. BRG, along with Akin Gump, the Committee's counsel, spent material time reviewing the Plan Documents, appeals documents and related response documents, preparing UCC position support documents including a draft expert report and participating in objection settlement discussions, reviewing flow of funds related to the Plan and analyzing Plan effectiveness issues, and reviewing the potential impact to creditor recoveries under the Plan Documents based on settlement terms for certain Canadian creditors and associated escrow funding. The Committee considered the proceeds allocation as very critical to these proceedings and the Plan Documents represent the final codification of the proceeds allocation. The Plan Documents were approved by the U.S. and Canadian Courts on January 24, 2017.

46. BRG has expended 519.8 hours on this category for a fee of $369,740.50.

**ACTUAL AND NECESSARY EXPENSES**

47. BRG incurred actual out-of-pocket expenses in connection with the rendition of the professional services to the Committee, in the sum of $7,799.80 for which BRG respectfully requests reimbursement in full. This amount reflects the $172.00 voluntary expense adjustment as previously footnoted from our February 2017 Fee Application.

48. The disbursements and expenses have been incurred in accordance with BRG's normal practice of charging clients for expenses clearly related to and required by particular matters. Such expenses were often incurred to enable BRG to devote time beyond normal office hours to matters, which imposed extraordinary time demands. BRG has endeavored to minimize these expenses to the fullest extent possible.

49. BRG's billing rates do not include charges for photocopying, telephone and facsimile charges, computerized research, travel expenses, "working meals," secretarial overtime, postage and certain other office services, because the needs of each client for such services differ.

BRG believes that it is fairest to charge each client only for the services actually used in performing services for such client. BRG has endeavored to minimize these expenses to the fullest extent possible.

50. In providing a reimbursable service such as copying or telephone, BRG does not make a profit on that service. In charging for a particular service, BRG does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay. In seeking reimbursement for service which BRG justifiably purchased or contracted for from a third party, BRG requests reimbursement only for the amount billed to BRG by such third party vendor and paid by BRG to that vendor.

## NOTICE AND NO PRIOR APPLICATION

51. Notice of this application has been given to (a) the Debtors; (b) counsel for the Debtors; (c) local Counsel for the Debtors; (d) counsel to any Committee (when appointed by the United States Trustee) and (e) the Office of the United States Trustee for the District of Delaware. In light of the nature of the relief requested herein, BRG submits that no further or other notice is required.

52. With respect to these amounts, as of the date of the Application, BRG has received no payments, and no previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, BRG respectfully requests that it be allowed (a) on a final basis (i) allowance in the amount of $3,021,667.50 for reasonable, actual and necessary services rendered by it on behalf of the Committee during the Final Fee Period, including fees in the amount of $31,398.50 for services rendered during the Monthly Fee Period and fees in the amount of $151,983.30, which is equal to the sum of the unpaid fees for the Period November 1, 2016 through April 2017, and (ii) reimbursement of $7,799.80 for reasonable, actual and necessary expenses incurred during the Final Fee Period, and (b) Court grant such other and further relief as the Court may deem just and proper.

Dated: July 7, 2017
New York, NY

**BERKELEY RESEARCH GROUP, LLC**

/s/ Jay Borow
Jay Borow
Managing Director
810 7th Avenue
41st Floor
New York, NY 10019
212.782.1411

Financial Advisor to the Official Committee of Unsecured Creditors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re | : Chapter 11 |
| | : Case No. 09-10138 (KG) |
| Nortel Networks Inc., et al.[1] | : Jointly Administered |
| Debtors | : **<u>Objection Deadline</u>: July 27, 2017 at 4:00 p.m. (ET)** |
| | : **<u>Hearing Date</u>: Scheduled only if necessary** |

**<u>VERIFICATION</u>**

STATE OF NEW YORK )
) SS:
COUNTY OF NEW YORK )

Jay Borow, being duly sworn according to law, deposes and says:

a) I am a Managing Director at the applicant firm, Berkeley Research Group, LLC, and am authorized to submit this verification on behalf of BRG.

b) I have personally performed or supervised many of the professional services rendered by BRG as financial advisor to the official committee of unsecured creditors and am familiar with the work performed on behalf of the Official Committee of Unsecured Creditors by the professionals and other persons in the firm.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Nortel Networks Inc. (6332); Nortel Networks Capital Corporation (9620); Nortel Altsystems Inc. (9769); Nortel Altsystems International Inc. (5596); Xros, Inc. (4181); Sonoma Systems (2073); Qtera Corporation (0251); Coretek, Inc. (5722); Nortel Networks Applications Management Solutions, Inc. (2846); Nortel Networks Optical Components, Inc. (3545); Nortel Networks HPOCS Inc. (3546); Architel Systems (U.S.) Corporation (3826); Nortel Networks International Inc. (0358); Northern Telecom International Inc. (6286); Nortel Networks Cable Solutions Inc. (0567); and Nortel Networks (CALA) Inc. (4226).

d) All services for which compensation is requested by BRG were professional services performed for and on behalf of the Committee and not on behalf of any other person.

e) I have reviewed the requirements of Local Rule 2016-2 and certify to the best of my information, knowledge and belief that this application complies with Local Rule 2016-2.

Executed on July 7, 2017

/s/ Jay Borow
Jay Borow