UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORTEL NETWORKS INC., et al., | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

FEE EXAMINER'S FINAL REPORT REGARDING
THIRTEENTH INTERIM FEE APPLICATION OF
CASSELS BROCK & BLACKWELL LLP

Master, Sidlow & Associates, P.A., acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the Thirteenth Interim Fee Application of Cassels Brock & Blackwell LLP ("Application"), for the period from February 1, 2017 through April 30, 2017, seeking approval of fees that total CDN $187,474.50 (USD $139,199.82) and reimbursement of expenses that total CDN $1,295.50 (USD $961.91). Cassels Brock & Blackwell LLP ("Cassels") is Canadian counsel for the Official Committee of Unsecured Creditors.

**Background**

1.      Master, Sidlow & Associates, P.A. reviewed the firm's monthly fee applications and the Application, including each of the billing and expense entries shown in the exhibits to the monthly applications, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended December 22, 2010 ("Local Rules"), and The United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines").

2.      Master, Sidlow & Associates, P.A. prepared and submitted a preliminary report to Cassels Brock & Blackwell LLP and the firm provided a written response to that report. After consideration of the firm's responses to the preliminary report, Master, Sidlow & Associates, P.A. prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings
## Recomputation of Fees and Expenses

3.     Master, Sidlow & Associates, P.A. recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rate. The recomputation of fees did not reveal any discrepancies.


## Review of Fees

4.     **Firm Staffing.**  The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and a statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under Title 11."

The Application provides the name, position, and hourly rate of each timekeeper.

The firm billed a total of 228.20 hours with associated fees of CDN $187,474.50 (USD $139,199.82).   The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees CDN | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 193.50 | 85% | $169,849.50 | 91% |
| Associate | 34.70 | 15% | 17,625.00 | 9% |
| TOTAL | 228.20 | 100% | $187,474.50 | 100% |

The blended hourly rate for Cassels is CDN 821.54 (USD $609.99).


5.     **Hourly Rate Increases**.  Cassels increased the hourly rates of its timekeepers effective February 1, 2017. The preliminary report noted that there was no explanation of the rate changes in the February monthly fee application. In its response the firm noted that the fact that there was no explanation was through inadvertence and an omission and that the firm's rates have historically increased on February 1 of each calendar year. Master Sidlow & Associates, P.A. does not recommend any modification in fees for this matter.

6.    **Complete and Detailed Task Descriptions.**    Local Rule 2016-2 (d) states "…activity descriptions…shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. A description of correspondence should identify the correspondent and the subject of the correspondence. Similarly, a description for preparation of pleadings should identify the pleading drafted or revised. Activity descriptions for legal research should include the issues researched and the purpose of the research. The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level. Activity descriptions referencing conferences should include the name of the person(s) with whom the communication was held and the subject or purpose of the communication. Master, Sidlow & Associates, P.A. found the activity descriptions in the Application to be sufficiently detailed.

7.    **Travel.** Local Rule 2016-2(d) (viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates…" We did not identify any entries for travel time in the Application.

8.    **Cassels Brock & Blackwell LLP Retention/Compensation.** Master, Sidlow & Associates, P.A. reviewed and identified entries related to the retention and compensation of Cassels. The firm billed 17.70 hours with associated fees of CDN $15,045.00 to prepare the firm's retention documents and applications for compensation, which represents approximately 8% of the total fees billed by the firm.

### Review of Expenses

9.    **Complete and Detailed Itemization of Expenses.**  The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include … Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Cassels provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

10.    **Photocopies.**  Local Rule 2016-2(e) (iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page)…"  Cassels states in its interim applications that it charges $0.10 per page for internal duplicating. The firm requested reimbursement of CDN $274.00 for internal duplicating in the Application.

11.    **Computer – Assisted Legal Research.**  Local Rule 2016(e) (iii) states "The motion shall state … computer-assisted legal research charges (which shall not be more than the actual cost) …" The firm requested reimbursement of CDN $877.50 for computer-assisted legal research in the Application.

12.    **Facsimile.**  Local Rule 2016-2(e) (iii) states "The motion shall state … outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)."  The firm did not request reimbursement for facsimiles in the Application.

### Conclusion

Master, Sidlow & Associates, P.A. submits this final report regarding the Thirteenth Interim Fee Application of Cassels Brock & Blackwell LLP and the fees and expenses requested therein. Master, Sidlow & Associates, P.A. recommends the approval of fees in the amount of $139,199.82 and reimbursement of expenses in the amount of $961.91 for the period from February 1, 2017 through April 30, 2017 less any interim payments received by Cassels Brock & Blackwell LLP for

fees and expenses under fee applications.  A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**Master, Sidlow& Associates, P.A.**

By: _____

Judith M. Scarborough, CPA, CFF

2002 West 14th Street
Wilmington, DE 19806
Telephone:  (302) 652-3480
Facsimile:   (302) 656-8778
jscarborough@mastersidlow.com
Fee Examiner

**APPENDIX A**

CASSELS BROCK & BLACKWELL LLP
SUMMARY OF FINDINGS
13TH INTERIM FEE APPLICATION (FEBRUARY 1, 2017 through APRIL 30, 2017)

**A.**                                 **Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $ 139,199.82 | |
| Expenses Requested | 961.91 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $ 140,161.73 |
| | | |
| Fees Computed | $ 139,199.82 | |
| Expenses Computed | 961.91 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $ 140,161.73 |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $            - |

**B.**                    **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $ 139,199.82 | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $ 139,199.82 |
| | | |
| Expenses Requested | 961.91 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 961.91 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $ 140,161.73 |