**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTEL NETWORKS INC., *et al.* | ) | Case No. 09-10138(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re Dkt. Nos: 18316 & 18339** |

**MEMORANDUM OPINION ON**
**THE MOTION FOR RECONSIDERATION**
**OF WILLIAM A. OWENS**

William A. Owens ("Mr. Owens") has moved for reconsideration (the "Motion) of the Court's Order, entered on June 20, 2017 (the "Order") which granted the objection of Nortel Networks, Inc. ("NNI") and certain United States' affiliates (collectively, the "Debtors") to Mr. Owens' claim against the Debtors. The Order, together with the accompanying opinion (the "Opinion"), sustained the Debtors' objection to Mr. Owens' claim holding that Mr. Owens was entitled to a single claim against the Canadian debtors, Nortel Networks Corporation.("NNC") and Nortel Networks Limited ("NNL"), and not against NNI.

Mr. Owens brings the Motion pursuant to 11 U.S.C. 502(j), Bankruptcy Rule 3008[1] and Bankruptcy Rule 9024 (which in turn calls for the application of Fed. R. Civ. P. 60). The

---

[1] Rule 3008 provides that: "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." The Advisory Committee Note (1983) provides that: "The court may decline to reconsider an order of allowance or disallowance without notice to any adverse party and without affording any hearing to the movant. If a motion to reconsider is granted, notice and hearing must be afforded to parties in interest before the previous action in the claim taken in respect to the claim may be vacated or modified." The Court is denying reconsideration and, accordingly, is not granting a hearing on the Motion.

Debtors filed an objection to the Motion and the Motion is now before the Court for a ruling.

A motion for reconsideration is an extraordinary remedy which upsets the finality of a decision and therefore should be granted only sparingly. *In re Syntax-Brilliant Corp.*, 551 B.R. 156, 160 (Bankr. D. Del. 2016), and *In re Tribune Co.*, 464 B.R. 208, 213 (Bankr. D. Del. 2011). Mr. Owens brings the Motion pursuant to Section 502(j) which provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause." While the term "cause" is not defined in Section 502(j), the District Court for Delaware has held that "[t]o establish cause justifying reconsideration the movant must demonstrate at least one of the grounds set forth in Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure." *In re Lomas Fin. Corp.*, 212 B.R. 46, 52 (Bankr. D. Del. 1997).

Rule 60(b) provides six grounds for relief from an order:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

The Motion does not satisfy any of the foregoing factors for reconsideration. The first argument which Mr. Owens raises is that he was an employee of NNI and therefore the Court should uphold his claim against NNI. The Court fully addressed the issue and found that "Mr. Owens was a special employee of NNC and NNL, not NNI. There was no evidence presented at the Hearing by Mr. Owens that he ever did any work for NNI, not any." Opinion re Claim of William A. Owens, page 6. The Motion raises no arguments that the Court did not consider in arriving at the foregoing conclusion.

Second, in the Motion, Mr. Owens argues that the Court did not address, i.e., overlooked, "the uncontested fact that NNI was the direct beneficiary of valuable consideration given to NNI by Mr. Owens in the termination agreement" and that he is therefore entitled to a claim against NNI. Mr. Owens overlooks the very fact that he received millions of dollars under the Termination Agreement (defined in the Opinion), which is ample consideration. Both NNC and NNL have agreed to allow Mr. Owens' claim in the Canadian cases and the Court's consideration of all of the documentary evidence justifies the Court's ruling in the Order that Mr. Owens' claim belongs in the Canadian cases, and not in the cases in the United States. Equity demands that Mr. Owens be allowed payment on a single claim in Canada.

The Court will therefore deny the Motion. An Order will issue.

Dated: July 24, 2017

_____
KEVIN GROSS, U.S.B.J.

3