## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| Nortel Networks Inc., *et al.,* | ) | Case No. 09-10138 (KG) |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | **Related to Docket Nos. 18446, 18455** |
| SNMP Research International, Inc. | ) | |
| and SNMP Research, Inc., | ) | **Obj. Deadline:  October 3, 2017 at 4:00 p.m.** |
| Plaintiffs, | ) | **Hearing Date:  October 25, 2017 at 10:00 a.m.** |
| | ) | |
| v. | ) | Adv. Proc. No. 11-53454 (KG) |
| | ) | **Related to Adv. Docket Nos. 622, 624** |
| Nortel Networks Inc., *et al.,* | ) | |
| Defendants. | ) | |
| | ) | |

## SNMP RESEARCH'S MOTION TO RECONSIDER ORDER AND ACCOMPANYING OPINION WITH RESPECT TO THE SCHEDULE 1 ISSUE

SNMP Research, Inc. and SNMP Research International, Inc. ("SNMPRI") (together, "SNMP Research"), by their undersigned counsel and pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 59 of the Federal Rules of Civil Procedure ("Federal Rules"), as made applicable here through Bankruptcy Rules 9023, and Section 105(a) of the United State Bankruptcy Code ("Bankruptcy Code"), hereby move for reconsideration of the Order Concerning the Court's Findings of Fact and Conclusions of Law with Respect to the Schedule 1 Issue [D.I. 18455; Adv. D.I. 624] (the "Order") and the accompanying opinion [D.I. 18446; Adv. D.I. 622] (the "Opinion").  In the alternative, SNMP Research requests that this Court (i) certify the Order as a final order for immediate appeal, pursuant to Federal Rule 54(b), made applicable here through Bankruptcy Rules 7054 and 9014(c) (as it relates to the Order entered in the main case), and (ii) continue the trial in the

---

[1] In addition to Nortel Networks Inc., the debtors in these Chapter 11 cases are:  Nortel Networks Capital Corporation, Nortel Altsystems Inc., Nortel Altsystems International Inc., Xros, Inc., Sonoma Systems, Qtera Corporation, CoreTek, Inc., Nortel Networks Applications Management Solutions Inc., Nortel Networks Optical Components Inc., Nortel Networks HPOCS Inc., Architel Systems (U.S.) Corporation, Nortel Networks International Inc., Northern Telecom International Inc., Nortel Networks Cable Solutions Inc.; Nortel Networks (CALA) Inc.; and Nortel Networks India International Inc.

adversary proceeding pending appeal of the Order.  In support of the Motion, SNMP Research respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      The narrow issue before the Court concerning Schedule 1A on May 11 and 12 was "whether the SNMP Research Software was licensed for use or distribution under Schedule 1A of the Nortel License . . . with respect to any products after June 20, 2003."[2]  In setting forth this issue, the Scheduling Order expressly excluded any other issues relating to Schedule 1:

> All other issues relating to the Schedule 1 Issue shall be reserved for trial in the Adversary Proceeding and/or a hearing as to the proof of claim, as appropriate. For the avoidance of doubt, the Hearing shall not include consideration of what products might be covered by Schedule 1 if the Court were to determine that any license rights under Schedule 1 did not terminate on June 20, 2003.

*Id*. at ¶ 1.

2.      Indeed, counsel for the U.S. Debtors agreed during the May 11-12 hearing that consideration of what products might be covered by Schedule 1 was not to be considered in the May 11 and 12 hearing："[t]his is not an issue for this proceeding, the question of what products are covered by Schedule 1 and what is considered a new product, because if it was, we would have a whole bunch of exhibits, including emails from Mr. Southwood that we would have introduced to show the broad scope of product under this license."  May 11, 2017 Transcript, pg. 173:8-15.

3.      In rendering its decision on Schedule 1A, the Court ruled in favor of the U.S. Debtors on the narrow issue presented, holding that Nortel's right to use and distribute the software in products covered by Schedule 1A did not terminate on June 20, 2003.

---

[2] Scheduling Order Concerning Motion to Amend Proofs of Claim and Schedule 1 Issue [D.I. 18020; Adv. D.I. 540] ("Scheduling Order").

4.      If the Court ruled in favor of the U.S. Debtors on the issue presented, as it did, the parties agreed that the Court would need to determine later exactly what products were covered by Schedule 1A.  In other words, the follow-up issue relating to Schedule 1A, in light of the Court's recent decision, will involve interpreting the meaning of the phrase contained in Schedule 1A "[a]ll products of units and projects originating from what was Bay Networks." The outcome of this follow-up issue will involve different evidence than that considered in May, and will dictate what products were licensed under Schedule 1A.

5.      In reviewing the Opinion, it appears that the Court made certain findings concerning the follow-up Schedule 1A issue.  Specifically, the Court appears to have concluded that development projects started at Nortel through June 20, 2003, the end of the three-year period of Schedule 1A, were covered by Schedule 1A.  The Court held "[s]chedule 1's three-year term means that any existing products and any development projects originating from Bay Networks that emerged during those three years would have the lifetime royalty buy out until the products aged out of the marketplace."  Opinion, Pg. 11.

6.      SNMP Research respectfully requests that the Court reconsider the portion of its Opinion and Order that appears to decide that development projects that were started at Nortel as late as June 20, 2003 (the termination date of Schedule 1A) are covered by Schedule 1A.  The Scheduling Order expressly limited the issue considered in May to whether any products might be covered after June 20, 2003, reserving for later the issue of exactly what products were covered by Schedule 1A.  The Court should reserve for trial in November any ruling on what products were covered, and specifically, among other things, whether development projects started at Nortel after Schedule 1A was executed were covered by the terms of Schedule 1A.

7.      At the trial in November the Court should hear evidence on all products at issue in this case and decide, in light of such evidence, what products are licensed under Schedule 1A.  If

the issue of a product being "in development" or not when Schedule 1A expired is a threshold issue to presenting evidence on such product, then the Court's Order and Opinion could preclude SNMP Research from presenting evidence on certain products before the start of trial, which was certainly not contemplated by the limited scope of the Scheduling Order.

8.      SNMP Research intends to appeal the entire Schedule 1A ruling at a later date and for efficiency the Court should hear the evidence on all products at the November trial. Otherwise, a successful appeal could have a high likelihood of resulting in a new trial to permit SNMP Research to present such evidence, which would further delay final adjudication of these proceedings.

9.      It is possible that SNMP Research is misinterpreting the Court's intentions in the Opinion and Order, and if that is the case, SNMP Research respectfully requests that the Court clarify that it did not intend to rule on what products were covered by Schedule 1 or what the phrase "[a]ll products of units and projects originating from what was Bay Networks" means.

10.      In the alternative, SNMP Research respectfully requests that the Court certify the Order (and its underling decision on the motion to exclude evidence prior to trial) as a final order for appeal purposes and continue the trial until the appeal is heard.  If SNMP Research is not permitted to present evidence on the follow-up Schedule 1A issue at trial, then the trial should not move forward until an appeal is decided for efficiency purposes, and to avoid the potential of having to conduct multiple trials on liability.[3]

---

[3] SNMP Research notes that, in light of the pending appeal on the Court's denial of SNMP Research's motion to amend the pre-petition claims, SNMP Research does not believe it is appropriate to conduct a damages hearing with respect to the pre-petition claims until that appeal is resolved.  SNMP Research and the U.S. Debtors have been in discussions regarding a potential resolution of this issue, but have yet to reach an agreement.  SNMP Research hopes that the parties will be able to come to an agreement on the presentation of damages and present this proposal to the Court.  If not, SNMP Research intends to raise this issue with the Court separately.  In addition, because the bulk of pre-petition damage are relating to the ES and ERS products, which are tied to the Schedule 1A issues, SNMP Research submits that it would be most efficient to present evidence on post-petition damages relating to these products at the same time as the pre-petition damages are presented.

**ARGUMENT**

11.     By this Motion, SNMP Research respectfully requests that the Court reconsider the portion of its ruling that appears to conclude that development projects started at Nortel through June 20, 2003 are covered by Schedule 1A.

12.     Bankruptcy courts have the power, under both Federal Rules 59(e) and 60(b), and section 105(a) of the Bankruptcy Code, to reconsider, modify or vacate their own orders when the interests of justice requires.  *In re G-I Holdings, Inc.*, 472 B.R. 263, 279-80 (Bankr. D.N.J. 2012) ("At the outset, the Court acknowledges it has independent, discretionary authority to review, amend, correct, or clarify its own Opinion and other orders under its inherent equitable power.") (citing *Utica Leaseco, LLC v. GMI Land Co.*, 2011 WL 2458065, at *5 (W.D. Pa. June 16, 2011) ("Bankruptcy courts generally have 'independent authority' to reconsider their own orders pursuant to Section 105."); *Maxwell Newspapers, Inc. v. The Travelers Indemnity Co.* (*In re Maxwell Newspapers, Inc.*), 170 B.R. 549, 550 (S.D.N.Y. 1994) ("[I]t is well settled that bankruptcy courts, as courts of equity, have the power to reconsider, modify, or vacate a previous order so long as no intervening rights have become vested in reliance on such order.").

13.     More specifically, as applied here, "motions for reconsideration should be granted when it appears that the court . . . ***has made a decision outside of the adversarial issues presented by the parties*** . . . ."  *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (emphasis added); *see also Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. ex rel. Hechinger Inv. Co. of Del. Inc. v. Fleet Retail Fin. Grp. (In re Hechinger Inv. Co. of Del.)*, 303 B.R. 18, 23 (D. Del. 2003) (reconsideration may be appropriate where a court "has made a decision outside of the adversarial issues presented by the parties.") (internal citations omitted).

5

14.     Here, reconsideration is appropriate because the Court's ruling appears to determine an issue beyond the narrow scope of the Scheduling Order.  Namely, as discussed above, the Court appears to have interpreted what was meant by projects or products "originating from what was Bay Networks" to mean products that existed at the time Schedule 1A was executed, as well as those that began development at Nortel any time during the three-year period of Schedule 1A.  This is inconsistent with the meaning of this phrase in Schedule 1A. The Court should reconsider any decision regarding the meaning of projects or products "originating from what was Bay Networks," reserve final decision on the issue until trial in November, and confirm that SNMP Research is permitted to present evidence on all products at trial that SNMP Research contends are not covered by Schedule 1A.

15.      If the Court is not inclined to reconsider the portion of its ruling that appears to interpret the meaning of projects or products "originating from what was Bay Networks," then SNMP Research respectfully submits that cause exists to certify the Order (and the underlying ruling on the pre-trial motion in limine) for final review under Federal Rule 54(b).

16.     The Third Circuit has explained that certification under Rule 54(b) requires the trial court make two separate findings: "(1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'"  *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (*quoting Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 3 (1980)).

17.     If the Court denies SNMP Research's primary request for relief, SNMP Research submits that the requirements for certification are met.  While the Order is interlocutory (both as entered in the main case and adversary proceeding) because it does not definitively deny all of SNMP Research's claims with respect to all Nortel products, it would nonetheless result in denial of SNMP Research's claims as to certain significant Nortel products that were not in

existence when Schedule 1A was signed but came much later.  As such, it would result in final relief as to certain products.  Moreover, if the Court does not reconsider its ruling on what products are covered and permit SNMP Research to submit evidence at trial on all products that may not be covered by Schedule 1A before determining the issue, there is no reason to delay an immediate appeal of Order and the underlying ruling on the motion in limine prior to conducting the full trial currently scheduled for November.

18.     Furthermore, the testimony at the trial held on May 11 and 12 is contrary to the finding that development projects started before June 20, 2003, had a license under Schedule 1A. The Court relied on a November 16, 1999 email to conclude that "Southwood's written explanation of the expiration or termination of Schedule 1 is the same as Nortel's understanding." Order, pg. 13.  But, Mr. Southwood, the author of the November 16, 1999 email, testified that "[Nortel had a three-year window to declare the products that were in the marketplace or in development prior to the acquisition and that those products would have a royalty buy-out for their lifetime in the marketplace, but after that they would – Bay, whether it was Bay or Nortel, they would have to do licenses, royalties and software service agreements." May 11, 2017 Transcript, pg. 152: 9-17.

19.     The understanding of the parties was fully captured in Schedule 1 that was drafted and exchanged just two days later.  Order, pg. 14.  Schedule 1 contained an integration clause that states "This Schedule supersedes all of the prior agreements between SNMPRI and Bay Networks and its predecessor entities .."  Order, pg. 65, 66.

WHEREFORE, SNMP Research respectfully requests that the Court enter an order substantially in the form attached hereto,  granting this Motion reconsidering any portion of the Order and Opinion that determines the meaning of "[a]ll products of units and projects originating from what was Bay Networks" in Schedule 1 and reserving decision on the meaning

of that phrase for trial scheduled in November, or alternatively, (i) certifying the Order (and the underlying order on the motion in limine) for immediate appeal and (ii) continuing the trial pending appeal; and  granting SNMP Research any such further and equitable relief as the Court deems just and appropriate under the circumstances.

September 19, 2017

**OF COUNSEL**

Richard S. Busch, Esq.
**King & Ballow Law Offices**
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456 (Phone)
(615) 726-5417 (Fax)
rbusch@kingballow.com

-and-

John L. Wood, Esq.
**Egerton, McAfee, Armistead & Davis, P.C.**
900 S. Gay Street
Knoxville, TN 37902
(865) 546-0500 (Phone)
(865) 525-5293 (Fax)
jwood@emlaw.com

**COLE SCHOTZ P.C.**

*/s/ Nicholas J. Brannick*
Norman L. Pernick (No. 2290)
Nicholas J. Brannick (No. 5721)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 651-2002 (Phone)
(302) 652-3117 (Fax)
npernick@coleschotz.com
nbrannick@coleschotz.com

-and-

G. David Dean, Esq.
300 E. Lombard Street, Suite 1450
Baltimore, MD 21202
(410) 230-0660 (Phone)
(410) 230-0667 (Fax)
ddean@coleschotz.com

*Counsel for SNMP Research, Inc. and SNMP Research International, Inc.*

53651/0001-14906176v3