**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------X
                    :

*In re*                        :     Chapter 11
                    :

Nortel Networks Inc., *et al.*,[1]    :     Case No. 09-10138 (KG)
                    :

      Wind-Down Debtors and Debtor-In-  :     Jointly Administered
      Possession.                :

                    :    **Hearing date: November 21, 2017, 3:00 PM (ET)**
                    :    **Objections due: November 14, 2017, 4:00 PM (ET)**
-----------------------------------------------------------X

### DEBTORS' MOTION PURSUANT TO SECTION 1142 AND 105(a) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' DEADLINE TO OBJECT TO CERTAIN ADMINISTRATIVE EXPENSE CLAIMS

Nortel Networks Inc. ("NNI"), on behalf of itself and certain of its affiliates, as

wind-down debtors in the above-captioned cases (collectively, the "Debtors") hereby moves (the

"Motion") the United States Bankruptcy Court for the District of Delaware (the "Court") for an

order, pursuant to sections 1142 and 105(a) of title 11 of the United States Code (the

"Bankruptcy Code"), substantially in the form attached hereto as Exhibit A (the "Proposed

Order"), extending the Debtors' deadline to object to administrative expense claims, as set forth

in the Debtors' *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its*

*Affiliated Debtors* (the "Plan")[2] and the Court's order confirming the Plan [D.I. 17795] (the

"Confirmation Order"), solely with respect to administrative expense claims of governmental

---

[1]     The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Nortel Networks India International Inc. (8667) remains a debtor-in-possession and does not join in seeking relief from the Court through this Motion.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

units (as defined in section 101(27) of the Bankruptcy Code) arising under sections 503(b)(1)(B)

or (C) of the Bankruptcy Code (such claims, "Tax Administrative Expense Claims") to March

30, 2018.  In further support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 1142

the Bankruptcy Code.

## Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel

Networks (CALA) Inc. and Nortel Networks India International Inc., filed voluntary petitions for

relief under chapter 11 of the Bankruptcy Code.[3]  The Office of the United States Trustee for the

District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured

Creditors (the "Committee") in respect of the Debtors during the case [D.I.s 141, 142][4], and an

ad hoc group of bondholders and a consortium of creditors holding trade claims were organized.

4.      On December 1, 2016, the Debtors filed the Plan with the Court.  An amended

version of the Plan, dated January 23, 2017, was filed with the Court [D.I. 17763].  On January

---

[3]      These cases are consolidated for procedural purposes only.  Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes (D.I. 1098), and Nortel Networks India International Inc. ("NNIII") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 26, 2016, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes (D.I. 17090, the cases together, the "Chapter 11 Cases").

[4]      Pursuant to the *Findings of Fact, Conclusions of Law, and Order Confirming First Amended Joint Chapter 11 Plan Nortel Networks, Inc. and Certain of its Affiliated Debtors* [D.I. 17795], the Committee was dissolved automatically on the Effective Date (as defined below).

24, 2017, the Court confirmed the Plan for all Debtors except Nortel Networks India

International Inc. [D.I. 17795].  On May 8, 2017, the Debtors filed the *Notice of Entry of*

*Confirmation Order and Occurrence of Effective Date of First Amended Joint Chapter 11 Plan*

*of Nortel Networks Inc. and Certain of its Affiliated Debtors* providing notice that the Plan

became effective and was substantially consummated on May 8, 2017 (the "Effective Date").

### Facts Relevant to this Motion

5.        Section 1.2 of the Plan and paragraph 184 of the Confirmation Order each

provides the deadline for the filing of Administrative Expense Claims, other than Professional

Claims, as 30 days following the Effective Date, unless otherwise ordered by the Court, which

date occurred on June 7, 2017 (the "Administrative Expense Claims Bar Date").  Section 2.1 of

the Plan and paragraph 186 of the Confirmation Order grant the Debtors the right to object to any

Administrative Expense Claim within 180 days after the Administrative Expense Claims Bar

Date, which date is currently set to occur on December 4, 2017 (the "Administrative Expense

Claims Objection Deadline"), subject to further extensions that may be granted by the Court.

6.        Sections 503(b)(1)(B) and (C) of the Bankruptcy Code provide, respectively, that,

among other things, (i) any tax incurred by the Debtors' estates and (ii) any fine, penalty, or

reduction in credit relating to such a tax shall be allowed as administrative expenses.  However,

the Debtors have not yet filed their final tax returns, and the tax authorities with potential Tax

Administrative Expense Claims have accordingly not yet completed their review of such returns,

and will not complete such review prior to the Administrative Expense Claims Objection

Deadline.

7.        While the Debtors have engaged with certain governmental units in the period

since the Effective Date to assess the scope, nature and amount of potential Tax Administrative

Expense Claims relating to tax returns for tax years prior to 2017, the Debtors understand that

3

even those governmental units do not anticipate being able to notify the Debtors of such

information sufficiently in advance of the Administrative Expense Claims Objection Deadline to

allow the Debtors to review and evaluate the validity of such claims.  Moreover, it is possible

that a governmental unit may wish to assert an entitlement to a Tax Administrative Expense

Claim in connection with the Debtors' 2017 federal and state tax returns, which the Debtors do

not anticipate filing until March 2018 at the earliest.  As a result, absent an extension, the

Administrative Expense Claims Objection Deadline is scheduled to pass before the Debtors have

been afforded an opportunity to fully understand what Tax Administrative Expense Claims will

be asserted and to determine whether to object to such claims.  The Debtors wish to avoid any

technical argument that their deadline to challenge such claims has prematurely passed.

## Relief Requested

8.       By this Motion, the Debtors seek entry of an order, pursuant to section 1142 and

105(a) of the Bankruptcy Code, extending the Administrative Expense Claims Objection

Deadline solely to the extent it applies with respect to Tax Administrative Expense Claims to

March 30, 2018, without prejudice to the Debtors' right to seek further extensions of such

deadline.

## Basis for Relief

9.       The relief requested by the Debtors is authorized under Section 2.1 of the Plan

and paragraph 186 of the Confirmation Order, which grant the Debtors the right to seek

extensions of the Administrative Expense Claims Bar Date, and section 1142 and 105(a) of the

Bankruptcy Code.  Section 1142 of the Bankruptcy Code requires the Debtors to implement the

provisions of the Plan and comply with orders of the Court relating to plan implementation.

Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is

necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10.     The Debtors believe that the relief requested is reasonable and in the best interests of the Debtors' estates and will give the Debtors additional time to resolve any issues or disputes with respect to any Tax Administrative Expense Claims, including in connection with the Debtors' 2017 tax returns, and to better determine how much additional time may be required if a further extension is necessary.  In the event the Debtors are unable to resolve such matters on a consensual basis prior to the proposed new objection deadline, the Debtors may exercise their right to file requests pursuant to section 505(b) of the Bankruptcy Code for the determination of the Debtors' liability for any tax incurred prior to the Effective Date, which requests would bring certainty to the Debtors and their estates and further the resolution of these Chapter 11 Cases.   In addition, in accordance with the Plan and the Confirmation Order, the Debtors reserve the right to seek additional extensions of the Administrative Expense Claims Objection Deadline should such additional extensions become necessary.

11.     The Debtors submit that entering the Proposed Order comports with the provisions of the Plan and Confirmation Order and is authorized by the Bankruptcy Code.  The relief requested will provide the Debtors additional time to address any Tax Administrative Expense Claims in a fair and equitable manner and will further the resolution of these Chapter 11 Cases.

## Reservation of Rights

12.     The Debtors reserve the right to object or otherwise oppose any assertion by any governmental unit of an entitlement to an administrative expense claim and further reserve the right, pursuant to Section 2.1 of the Plan, to request additional extensions of the Administrative Expense Claims Objection Deadline from the Court.

**Notice**

13.    Notice of the Motion has been given via first class mail to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the California Franchise Tax Board; (iv) the Iowa Department of Revenue; (v) counsel to the Committee; (vi) counsel to the Bondholder Group; (vii) counsel to the Trade Claims Consortium; and (viii) the post-Effective Date Rule 2002 list maintained in these cases.  The Debtors submit that under the circumstances no other or further notice is necessary.


Dated:  October 31, 2017                    CLEARY GOTTLIEB STEEN & HAMILTON LLP
            Wilmington, Delaware

                                            James L. Bromley  (admitted *pro hac vice*)
                                            Lisa M. Schweitzer (admitted *pro hac vice*)
                                            One Liberty Plaza
                                            New York, New York 10006
                                            Telephone:  (212) 225-2000
                                            Facsimile:  (212) 225-3999

                                                 - and -

                                            MORRIS, NICHOLS, ARSHT & TUNNELL LLP


                                            ___*/s/ Tamara K. Minott*_____
                                            Derek C. Abbott (No. 3376)
                                            Andrew R. Remming (No. 5120)
                                            Tamara K. Minott (No. 5643)
                                            1201 North Market Street
                                            P.O. Box 1347
                                            Wilmington, Delaware 19801
                                            Telephone:  (302) 658-9200
                                            Facsimile: (302) 658-3989

                                            *Counsel for the Wind-down Debtors*