## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------X

| | |
|---|---|
| *In re* : | Chapter 11 |
| : | |
| Nortel Networks Inc., *et al.*,[1] : | Case No. 09-10138 (KG) |
| : | |
| Debtors. : | Jointly Administered |
| : | |
| : | **RE: D.I. _____ & _____** |

--------------------------------------------------------- :

| | |
|---|---|
| *In re* : | Chapter 11 |
| : | |
| Nortel Networks India International Inc. : | Case No. 16-11714 (KG) |
| : | |
| Debtor. : | Jointly Administered |
| : | |

--------------------------------------------------------X

**ORDER GRANTING NORTEL NETWORKS INDIA INTERNATIONAL INC.'S
MOTION FOR AN ORDER AUTHORIZING INTERIM
DISTRUBTIONS TO HOLDERS OF ALLOWED UNSECURED CLAIMS**

Upon the motion (the "Motion")[2] by Nortel Networks India International Inc., as debtor

in possession in the above-captioned chapter 11 cases ("NNIII"), pursuant to section 105(a) of

title 11 of the United States Code (the "Bankruptcy Code"), authorizing NNIII to make an

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). This Motion solely relates to the Chapter 11 Plan for Nortel Networks India International, Inc.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

interim distribution to holders of allowed general unsecured claims against NNIII, as well as holders of claims listed as undisputed, liquidated or noncontingent on NNIII's schedules, all of which are listed on Exhibit 1 to the Order (collectively, the "Allowed General Unsecured Claims") (collectively, the "Allowed General Unsecured Claims") in the aggregate amount of $15 million, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, DECREED AND ADJUDGED THAT:

1.      The Motion is **GRANTED** as set forth herein.

2.      NNIII is authorized to make pro rata interim distributions on the Allowed General Unsecured Claims in cash in the allowed amounts, minus any withholdings for applicable taxes (collectively, the "Allowed Claim Payments").  NNIII shall use its reasonable efforts to make such payments as soon as administratively feasible in compliance with applicable law, subject to paragraph 5 below.

3.      All remaining objections to the relief requested in the Motion are hereby overruled.

4.      Nothing set forth herein shall obligate NNIII to make distributions or any other interim payments, set aside reserves or take any other action in respect of any claims other than to make the Allowed Claim Payments for the Allowed General Unsecured Claims in accordance with the terms of this Order.

5.      Notwithstanding the relief granted in this Order, NNIII is authorized to (i) condition any of the Allowed Claim Payments on its receipt of properly completed tax forms and any additional documentation it determines to be necessary or appropriate to make such payments and (ii) withhold any and all applicable federal, state, or local tax from any monies paid pursuant to this Order.

6.      Nothing in this Order constitutes a waiver of NNIII's or any party in interest's rights to object to or otherwise oppose any claims not previously allowed or to assert any claims, counterclaims, rights of offset or recoupment, or any other claims against the claimants listed on Exhibit 1 hereto, all of which rights are expressly preserved, subject, with respect to NNL, to the terms of the SPSA.

7.      The Allowed Claim Payments shall not prejudice any right of NNIII to assert claims for payment or reimbursement against any other Nortel affiliate's estate that arise from the same facts and circumstances underlying the Allowed General Unsecured Claims or its right to subrogation based on any payments made pursuant to this Order, subject, with respect to NNL, to the terms of the SPSA.

8.      Nothing in this Order constitutes a waiver of the Debtors' or any party in interest's rights to object to any claims not previously allowed or to assert any claims, counterclaims, rights of offset or recoupment, or any other claims against the claimants listed on Exhibit 1 hereto, or any claims not listed on Exhibit 1 hereto, all of which rights are expressly preserved, subject, with respect to NNL, to the terms of the SPSA.

9.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) NNIII is not subject to any stay in the implementation, enforcement or realization of

the relief granted in this Order, and (iii) NNIII may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

10.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.  To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

Dated: _____, 2017        _____
          Wilmington, Delaware              THE HONORABLE KEVIN GROSS
                                            UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**Exhibit 1**

| CLAIM NO. | CLAIMANT | TOTAL ALLOWED UNSECURED AMOUNT |
|---|---|---|
| **8813**[1] | Pension Benefit Guaranty Corporation | $624,601,972.00 |
| **8828**[2] | Nortel Networks Limited | $17,695,762.84 |
| **N/A**[2] | Nortel Networks Inc. | $53,663,414.00 |

[1] Claim allowed pursuant to the *Order Approving Settlement Agreement By and Among the Debtors and the Pension Benefit Guaranty Corporation With Respect To the PBGC Claims and Related Issues*, dated January 6, 2017 [D.I. 17679].

[2] Claim allowed pursuant to the *Order Approving Settlement and Plans Support Agreement*, dated January 24, 2017 [D.I. 17794].