IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nortel Networks, Inc., *et al.* | ) | |
| | ) | Case No. 09-10138 (KG) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Hearing Date: January 16, 2018 @ 10:00 am** |
| | ) | **Response Due: December 1, 2017 @ 4:00 pm** |
| _____ | ) | |

**PENSION BENEFIT GUARANTY CORPORATION'S JOINDER IN WIND DOWN DEBTORS' AND PLAN ADMINISTRATOR'S FIRST POST-EFFECTIVE DATE OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1 (SATISFIED CLAIMS, NO-BASIS 401(K) CLAIMS, NO-BASIS PENSION CLAIMS, NO-BASIS DEFERRED COMPENSATION CLAIMS, REDUNDANT CLAIMS, WRONG OR NO DEBTOR CLAIMS, MODIFY AND ALLOW CLAIMS, AND RECLASSIFY AND ALLOW CLAIMS AND NO AMOUNT DUE CLAIMS) (DKT. NO. 18495)**

Preliminary Statement

In their First Post-Effective Date Omnibus Objection ("Objection"), the Wind Down Debtors object to claims filed by certain employees ("No-Basis Pension Claims") with regard to amounts asserted for pension benefits owing under the Nortel Retirement Income Plan ("Pension Plan").[1]  The Pension Benefit Guaranty Corporation ("PBGC") joins in the Objection solely with regard to the No-Basis Pension Claims, because participants must look exclusively to PBGC for any benefits they may be entitled to under the terminated Pension Plan.

Background

PBGC is a wholly owned United States government corporation that administers the nation's termination insurance program for defined benefit pension plans under Title IV of

---

[1] Capitalized terms not otherwise defined herein are defined as in the Objection.

the Employee Retirement Income Security Act of 1974 ("ERISA").  29 U.S.C. §§ 1301-1461 (2012 & Supp. IV 2016).  If a pension plan covered by the insurance program terminates and lacks sufficient assets to pay all promised benefits, PBGC becomes statutory trustee of the pension plan and pays the pension plan's benefits subject to the statutory limitations set forth in 29 U.S.C. § 1322(b).  *See* 29 U.S.C. §§ 1322, 1341(c), 1342, 1361; *PBGC v. LTV Corp.*, 496 U.S. 633, 637-638 (1990); *Nachman Corp. v. PBGC*, 446 U.S. 359, 375 (1980).

The Pension Plan, sponsored by Nortel Networks, Inc., terminated effective July 17, 2009.  By an agreement between PBGC and the administrator of the Pension Plan dated September 8, 2009, PBGC became the statutory trustee of the Pension Plan.  At termination, the Pension Plan had approximately 22,000 participants.  PBGC is paying or will pay pension benefits to participants—including participants asserting No-Basis Pension Claims.

<u>Argument</u>

Participants may not recover pension benefits under the terms of a terminated pension plan from their employer.  *United Steelworkers of Am. v. United Eng'g, Inc.*, 52 F.3d 1386, 1393 (6th Cir. 1995); *Ricke v. Armco, Inc.*, 882 F. Supp. 896, 899 (D. Minn. 1995), *order aff'd and remanded by*, 92 F.3d 720 (8th Cir. 1996); *In re Lineal Group, Inc.*, 226 B.R. 608, 613-14 (Bankr. M.D. Tenn. 1998); *Adams Hard Facing Co. v. AHF Corp.*, 129 B.R. 662, 663 (W.D. Okla. 1991).  In the leading case of *United Engineering*, the Sixth Circuit held that ERISA preempts employees' direct actions against employers to recover pension benefits.  52 F.3d at 1393.  *See also Int'l Ass'n of Machinists and Aerospace Workers v. Rome Cable Corp.*, 810 F. Supp. 402 (N.D.N.Y. 1993) ("It would be counterproductive indeed to find that the employer would, following a distress termination, be liable not only to the PBGC but also remain liable to the plan participants and beneficiaries.").

To hold otherwise would result in a double recovery by the participants and double payment by the employer's bankruptcy estate. Participants would recover nonguaranteed benefits from both the employer and PBGC, and the bankruptcy estate would be paying the same claim twice, once to participants and once to PBGC.

On several prior occasions prior to the confirmation of the First Amended Joint Chapter 11 Plan, the Court ruled on this same issue in favor of the position advocated here by the Wind Down Debtors and PBGC. Most recently in the Forty-Seventh Omnibus Objection (D.I. 18009) the Debtors raised essentially the same arguments against allowance of the No-Basis Pension Claims that they assert here, against claims filed by a different group of Pension Plan participants. PBGC joined the Debtors in seeking disallowance of the No-Basis Pension Claims, setting forth essentially the same position as it does here. D.I. 18050. In an order filed on April 4, 2017, this Court disallowed in full each of the No-Basis Pension Claims at issue. D.I. 18059. This Court should follow the same approach here.[2]

---

[2] PBGC does not object to allowance in the amount of $15,108 of an unliquidated claim asserted by Jeffrey Scott Lunsford, which the Wind Down Debtors characterize as asserting liability for "pension benefits." *See* Motion, Ex. A, p. 5. Mr. Lunsford declares that this claim arises from a "SERP," or supplemental executive retirement plan in which he was enrolled during his employment by Nortel. Claim No. 8845. A SERP is a type of nonqualified retirement plan not covered by PBGC's termination insurance program. *See* 29 U.S.C. § 1321(b)(6). Because this is the only claim of Mr. Lunsford at issue, PBGC has no comment on his other allegations.

3

**Conclusion**

WHEREFORE, PBGC requests that this Court disallow the No-Basis Pension Claims, and grant such other and further relief as the Court deems proper.

Dated:  December 1, 2017                                  Respectfully submitted,

/s/ Vicente Matias Murrell
JUDITH R. STARR
General Counsel
CHARLES L. FINKE
Deputy General Counsel
GARTH D. WILSON
Assistant General Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)
MARC S. PFEUFFER
Attorney

PENSION BENEFIT GUARANTY CORPORATION
Office of the General Counsel
1200 K Street, N.W., Suite 340
Washington, D.C.  20005-4026
Telephone:  (202) 326-4020, ext. 3580
Facsimile:  (202) 326-4112