## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------X
                                         :

| | |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.,*[1] | Case No. 09-10138 (KG) |
|     Wind-Down Debtors and Debtor-In-Possession. | Jointly Administered |
| | **Hearing date: March 13, 2018, 10:00 AM (ET)**<br>**Objections due: March 6, 2018, 4:00 PM (ET)** |

--------------------------------------------------------X

## DEBTORS' SECOND MOTION PURSUANT TO SECTION 1142 AND 105(a) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' DEADLINE TO OBJECT TO CERTAIN ADMINISTRATIVE EXPENSE CLAIMS

Nortel Networks Inc. ("NNI"), on behalf of itself and certain of its affiliates, as wind-down debtors in the above-captioned cases (collectively, the "Debtors") hereby moves (the "Motion") the United States Bankruptcy Court for the District of Delaware (the "Court") for an order, pursuant to sections 1142 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), substantially in the form attached hereto as Exhibit A (the "Proposed Order"), extending the Debtors' deadline to object to administrative expense claims (the "Administrative Expense Claims Objection Deadline"), as set forth in the Debtors' *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* (the "Plan")[2] and the Court's order confirming the Plan [D.I. 17795] (the "Confirmation Order"),

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Nortel Networks India International Inc. (8667) remains a debtor-in-possession and does not join in seeking relief from the Court through this Motion.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

and as extended by the Court's First Extension Order (as defined below), solely with respect to administrative expense claims of governmental units (as defined in section 101(27) of the Bankruptcy Code) arising under sections 503(b)(1)(B) or (C) of the Bankruptcy Code (such claims, "Tax Administrative Expense Claims") to July 31, 2018.  In further support of the Motion, the Debtors respectfully state as follows:

**Jurisdiction**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 1142 the Bankruptcy Code.

**Background**

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc. and Nortel Networks India International Inc., filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[3]  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors during the case [D.I.s 141, 142][4], and an ad hoc group of bondholders and a consortium of creditors holding trade claims were organized.

---

[3]      These cases are consolidated for procedural purposes only.  Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes (D.I. 1098), and Nortel Networks India International Inc. ("NNIII") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 26, 2016, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes (D.I. 17090, the cases together, the "Chapter 11 Cases").

[4]      Pursuant to the *Findings of Fact, Conclusions of Law, and Order Confirming First Amended Joint Chapter 11 Plan Nortel Networks, Inc. and Certain of its Affiliated Debtors* [D.I. 17795], the Committee was dissolved automatically on the Effective Date (as defined below).

4.     On December 1, 2016, the Debtors filed the Plan with the Court.  An amended version of the Plan, dated January 23, 2017, was filed with the Court [D.I. 17763].  On January 24, 2017, the Court confirmed the Plan for all Debtors except Nortel Networks India International Inc. [D.I. 17795].  On May 8, 2017, the Debtors filed the *Notice of Entry of Confirmation Order and Occurrence of Effective Date of First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors* providing notice that the Plan became effective and was substantially consummated on May 8, 2017 (the "Effective Date").

5.     On October 31, 2017, the Debtors filed the *Debtors' Motion Pursuant to Section 1142 and 105(a) of the Bankruptcy Code for Entry of an Order Extending the Debtors' Deadline to Object to Certain Administrative Expense Claims* [D.I. 18487] (the "First Extension Motion"), seeking to extend the Administrative Expense Claims Objection Deadline to March 30, 2018, solely with respect to Tax Administrative Expense Claims.  On November 16, 2017, the Court entered an order granting the relief requested in the First Extension Motion [D.I. 18505] (the "First Extension Order").

**Facts Relevant to this Motion**

6.     Section 1.2 of the Plan and paragraph 184 of the Confirmation Order each provides the deadline for the filing of Administrative Expense Claims, other than Professional Claims, as 30 days following the Effective Date, unless otherwise ordered by the Court, which date occurred on June 7, 2017 (the "Administrative Expense Claims Bar Date").  Section 2.1 of the Plan and paragraph 186 of the Confirmation Order grant the Debtors the right to object to any Administrative Expense Claim within 180 days after the Administrative Expense Claims Bar Date has passed, which date was extended by the Court to March 30, 2018 pursuant to the First Extension Order, subject to further extensions that may be granted by the Court.

7.    Sections 503(b)(1)(B) and (C) of the Bankruptcy Code provide, respectively, that, among other things, (i) any tax incurred by the Debtors' estates and (ii) any fine, penalty, or reduction in credit relating to such a tax shall be allowed as administrative expenses.  However, the Debtors have not yet filed their final tax returns, and the tax authorities with potential Tax Administrative Expense Claims have accordingly not yet completed their review of such returns, and will not complete such review prior to the Administrative Expense Claims Objection Deadline.

8.    While the Debtors have engaged with certain governmental units in the period since the Effective Date, including during the period since the entry of the First Extension Order, to assess the scope, nature and amount of potential Tax Administrative Expense Claims relating to tax returns for tax years prior to 2017, the Debtors understand that certain of those governmental units do not anticipate being able to provide the Debtors with a final assertion of such claims sufficiently in advance of the Administrative Expense Claims Objection Deadline to allow the Debtors to review and evaluate the validity of such claims on a timely basis. Moreover, it is possible that a governmental unit may wish to assert an entitlement to a Tax Administrative Expense Claim in connection with the Debtors' 2017 federal and state tax returns, which the Debtors do not anticipate filing until April 2018.  As a result, absent an extension, the Administrative Expense Claims Objection Deadline is scheduled to pass before the Debtors have been afforded an opportunity to fully understand what Tax Administrative Expense Claims will be asserted and to determine whether to object to such claims.  The Debtors wish to avoid any technical argument that their deadline to challenge such claims has prematurely passed.

## Relief Requested

9.      By this Motion, the Debtors seek entry of an order, pursuant to section 1142 and

105(a) of the Bankruptcy Code, extending the Administrative Expense Claims Objection

Deadline solely to the extent it applies with respect to Tax Administrative Expense Claims to

July 31, 2018, without prejudice to the Debtors' right to seek further extensions of such deadline.

## Basis for Relief

10.      The relief requested by the Debtors is authorized under Section 2.1 of the Plan

and paragraph 186 of the Confirmation Order, which grant the Debtors the right to seek

extensions of the Administrative Expense Claims Bar Date, and section 1142 and 105(a) of the

Bankruptcy Code.  Section 1142 of the Bankruptcy Code requires the Debtors to implement the

provisions of the Plan and comply with orders of the Court relating to plan implementation.

Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is

necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11.      The Debtors believe that the relief requested is reasonable and in the best interests

of the Debtors' estates and will give the Debtors additional time to resolve any issues or disputes

with respect to any Tax Administrative Expense Claims, including in connection with the

Debtors' 2017 tax returns, and to better determine how much additional time may be required if

a further extension is necessary.  The Debtors also reserve their right to file requests pursuant to

section 505(b) of the Bankruptcy Code for the determination of the Debtors' liability for any tax

for any open periods, which requests would bring certainty to the Debtors and their estates and

further the resolution of these Chapter 11 Cases.   In addition, in accordance with the Plan and

the Confirmation Order, the Debtors reserve the right to seek additional extensions of the

Administrative Expense Claims Objection Deadline should such additional extensions become

necessary.

12.     The Debtors submit that entering the Proposed Order comports with the provisions of the Plan and Confirmation Order and is authorized by the Bankruptcy Code.  The relief requested will provide the Debtors additional time to address any Tax Administrative Expense Claims in a fair and equitable manner and will further the resolution of these Chapter 11 Cases.

### Reservation of Rights

13.     The Debtors reserve the right to object or otherwise oppose any assertion by any governmental unit of an entitlement to an administrative expense claim and further reserve the right, pursuant to Section 2.1 of the Plan and the First Extension Order, to request additional extensions of the Administrative Expense Claims Objection Deadline from the Court.

### Notice

14.     Notice of the Motion has been given via first class mail to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the California Franchise Tax Board; (iv) the Iowa Department of Revenue; (v) counsel to the Committee; (vi) counsel to the Bondholder Group; (vii) counsel to the Trade Claims Consortium; and (viii) the post-Effective Date Rule 2002 list maintained in these cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

Dated:  February 16, 2018          CLEARY GOTTLIEB STEEN & HAMILTON LLP
        Wilmington, Delaware

                                   James L. Bromley  (admitted *pro hac vice*)
                                   Lisa M. Schweitzer (admitted *pro hac vice*)
                                   One Liberty Plaza
                                   New York, New York 10006
                                   Telephone:  (212) 225-2000
                                   Facsimile:  (212) 225-3999

                                           - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Tamara K. Minott (No. 5643)
Paige N. Topper (No. 6470)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Wind-down Debtors*