## Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
                                                           :
*In re*                                                    :   Chapter 11
                                                           :
Nortel Networks Inc., *et al.*,[1]                         :   Case No. 09-10138 (KG)
                                                           :
    Wind-Down Debtors and Debtor-In-   :   Jointly Administered
    Possession.                         :
                                                           :   **Hearing date: March 13, 2018, 10:00 AM (ET)**
                                                           :   **Objections due: March 6, 2017, 4:00 PM (ET)**
-----------------------------------------------------------X

### ORDER PURSUANT TO SECTION 1142 AND 105(a) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' DEADLINE TO OBJECT TO CERTAIN ADMINISTRATIVE EXPENSE CLAIMS

Upon consideration of the *Debtors' Motion Pursuant to Section 1142 and 105(a) of the Bankruptcy Code for Entry of an Order Extending the Debtors' Deadline to Object to Certain Administrative Expense Claims* (the "Motion") filed by Nortel Networks Inc.;[2] and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1]    The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Nortel Networks India International Inc. (8667) remains a debtor-in-possession and does not seek any relief through this Motion.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]    Capitalized terms used in this Order and not defined herein shall have the meaning ascribed to them in the Motion.

ORDERED, DECREED AND ADJUDGED THAT:

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors' deadline to object to administrative expense claims of governmental units (as defined in section 101(27) of the Bankruptcy Code) arising under sections 503(b)(1)(B) or (C) of the Bankruptcy Code ("Tax Administrative Expense Claims") is hereby extended to July 31, 2018 (the "Administrative Expense Claims Objection Deadline").

3.      Nothing in this Order constitutes a waiver of: (i) the Debtors' right to object or otherwise oppose any assertion by any governmental unit of an entitlement to an administrative expense claim, (ii) the Debtors' right to seek relief pursuant to Bankruptcy Code Section 505, or (iii) the Debtors' right, pursuant to Section 2.1 of the Plan, to request additional extensions of the Administrative Expense Claims Objection Deadline from this Court, all of which rights are expressly preserved.

4.      The Debtors are authorized to take any and all actions that may be reasonably necessary or appropriate to carry out the terms of this Order.

5.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6.      This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.  To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

Dated: _____
          Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE