## EXHIBIT A

**[Proposed Order]**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (KG) |
| Debtors. | Jointly Administered |

**ORDER APPROVING STIPULATION BY AND BETWEEN NORTEL NETWORKS INC. AND CAPITOL SOLUTIONS GOVERNMENT RELATIONS CONSULTANTS LLC REGARDING PROOF OF CLAIM**

IT IS HEREBY ORDERED THAT:

1. The Stipulation attached as Exhibit 1 (the "Stipulation") is APPROVED and entered as an Order of this Court.

2. Claim No. 5470 is disallowed and expunged in its entirety.

3. This Court shall retain jurisdiction over all matters arising from or relating to the interpretation and implementation of this Order or the Stipulation.

Date: _____, 2018

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

# EXHIBIT 1

**[Stipulation]**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------X
:
*In re*                                                                              :    Chapter 11
:
Nortel Networks Inc., *et al.*,[1]                              :    Case No. 09-10138 (KG)
:
                    Debtors.                   :    Jointly Administered
:
:
---------------------------------------------------------------X

**STIPULATION BY AND BETWEEN NORTEL NETWORKS INC. AND**
**CAPITOL SOLUTIONS GOVERNMENT RELATIONS CONSULTANTS LLC**
**REGARDING PROOF OF CLAIM**

This stipulation (the "Stipulation") is entered into this 1st day of June, 2018, by and between Nortel Networks Inc. ("NNI") and Capitol Solutions Government Relations Consultants LLC ("CSGRC" and together with the NNI, the "Parties"). The Parties hereby stipulate and agree as follows:

**RECITALS**

WHEREAS, on January 9, 2009 (the "Petition Date"), NNI filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code; and

WHEREAS, the Bankruptcy Court established the general bar dates of September 30, 2009 (other than for claims against Nortel Networks (CALA) Inc. and Nortel Networks India International, Inc.), January 25, 2010 (for claims against Nortel Networks (CALA) Inc.) and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226) and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[NEWYORK 3453552_1]

September 19, 2016 (for claims against Nortel Networks India International, Inc.) for filing proofs of claim in these cases; and

WHEREAS, on or about September 30, 2009, CSGRC timely filed proof of claim No. 5470 against NNI in the asserted amount of $33,750.00 ("Claim No. 5470");

WHEREAS, on July 18, 2016, the Debtors filed the Debtors' First Notice of Formally Allowed Claims, formally allowing Claim No. 5470; and

WHEREAS, on January 24, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of Its Affiliated Debtors* [D.I. 17795] (the "Confirmation Order") confirming the Debtors' First Amended Joint Chapter 11 Plan (the "Plan"); and

WHEREAS, on May 8, 2017 (the "Effective Date"), the Plan went effective; and

WHEREAS, as of the Effective Date, each of the Debtors except Nortel Networks India International Inc. became a Wind-Down Debtor in accordance with the terms of the Plan and Confirmation Order; and

WHEREAS, upon review of information received by NNI from CSGRC, Claim No. 5470 should be disallowed because CSGRC's records reflect that all amounts owing from NNI have been fully resolved and there is no amount due to CSGRC related to Claim No. 5470; and

WHEREAS, the Parties have engaged in arm's-length negotiations and the Parties have agreed to this Stipulation to resolve Claim No. 5470 on the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the foregoing recitals and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. The recitals set forth above are incorporated herein by reference and are made an integral part of this Stipulation.

2. Claim No. 5470 is disallowed and expunged in its entirety.

3. CSGRC agrees that it will not (i) re-assert, re-file, amend, modify, or revise the Claim No. 5470 or any other proof of claim or request for payment, whether unsecured, administrative, or otherwise, that CSGRC has filed in these chapter 11 cases or (ii) file or otherwise assert any further claim or request for payment, whether unsecured, administrative, or otherwise, against the Debtors, the Wind-Down Debtors, or their property.

4. This Stipulation shall be effective and binding upon the Parties upon the execution of this Stipulation by each of the Parties.

5. This Stipulation shall be binding upon any successors or assigns of the Parties.

6. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof.  This Stipulation cannot be amended except by written agreement between the Parties.

7. Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal or factual issue raised, referred to, or contained in this Stipulation.

8. Each Party agrees to bear its own costs, expenses, and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and to not seek from each other reimbursement of any such costs, expenses, or attorneys' fees.

9. This Stipulation may be executed in counterparts, each of which shall be an original, and such counterparts shall be construed together as one instrument. Facsimile or electronic signatures shall be deemed original signatures.

10. Each person executing this Stipulation in a representative capacity represents and warrants that he or she is empowered to do so.

11. Each of the Parties acknowledges that it has read all of the terms of this Stipulation, has had an opportunity to consult with counsel of its own choosing or voluntarily waived such right, and enters into this Stipulation voluntarily and without duress.

12. Each Party represents and warrants that it has participated in the drafting and preparation of this Stipulation. In any construction of this Stipulation, the Stipulation shall not be construed for or against any Party, but shall be construed fairly and according to its plain meaning.

13. Each Party covenants that it has entered into this Stipulation in good faith, and agrees to do all things necessary or convenient to carry out and effectuate the terms of this Stipulation. Further, each Party covenants that it will not do or fail to do anything, directly or indirectly, that will interfere with the terms or conditions of this Stipulation or adversely affect any of the rights provided by this Stipulation.

14. The Wind-Down Debtors, the Wind-Down Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Bankruptcy Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation, including, but not limited to,

updating the Wind-Down Debtors' claims register to reflect that Claim No. 5470 has been disallowed.

15. THE BANKRUPTCY COURT SHALL RETAIN JURISDICTION OVER THE IMPLEMENTATION OF THIS STIPULATION AND ANY DISPUTES ARISING HEREUNDER. DELAWARE LAW SHALL GOVERN THE CONSTRUCTION OF NON-BANKRUPTCY PROVISIONS, IF ANY AND TO THE EXTENT APPLICABLE, RELEVANT TO THIS STIPULATION, WITHOUT REGARD TO THE CONFLICTS OF LAW OR PRINCIPLES THEREOF.

[*Signature Page Follows*]

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed this Stipulation as of the date set forth below.

| NORTEL NETWORKS INC. | CAPITOL SOLUTIONS GOVERNMENT RELATIONS CONSULTANTS LLC |
|---|---|
| By: *(signature)* <br> Name: John J Ray III <br> Title: President | By: *(signature)* <br> Name: DAVID F. TAYLOR <br> Title: MANAGING PARTNER |
| Date: June 1, 2018 | Date: June 1, 2018 |

[*Signature Page for Stipulation By and Between Nortel Networks Inc. and Capitol Solutions Government Relations Consultants LLC Regarding Claim No. 5470*]

[NEWYORK 3453552_1]