## EXHIBIT 1

**[Stipulation]**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 09-10138 (KG) |
| Nortel Networks Inc., *et al.*,[1] | Jointly Administered |
| Wind-Down Debtors and Debtor-in-Possession. | |

### JOINT STIPULATION OF THE DEBTORS AND NETAS TELEKOMUNIKASYON A.S. REGARDING MEDIATION PURSUANT TO RULES 9019-3 AND 9019-5 OF THE LOCAL RULES FOR THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

This stipulation and agreement (the "Stipulation") is made and entered into by and between the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and Netas Telekomunikasyon A.S. ("Netas," and together with the Debtors, the "Parties"), memorializing the Parties' agreement to engage in mediation (the "Mediation"), and setting forth the terms of the Mediation, regarding the Debtors' *Forty-Seventh Omnibus Objection (Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1 (Non-debtor Liability Claims, Modified, Reclassified and Allowed Claims, No-Basis and Released Claims, No-Basis Equity Claims, No-Basis Retiree Claims and Redundant Claims)* [D.I. 18009] (the "Objection"), by which the Debtors objected to and sought disallowance of the the proofs of claim filed by Netas against Debtor Nortel Networks Inc. asserting claims in the amounts of $14,261,663.01 (Claim No. 8038) and $87,760.50 (Claim No. 8037) (together, the "Netas Claims").

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), and Nortel Networks (CALA) Inc. (4226).  Nortel Networks India International Inc. (8667) remains a Debtor-In-Possession.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES, SUBJECT TO APPROVAL OF THE COURT, AS FOLLOWS:

1.　　Judge Joseph J. Farnan is appointed as mediator (the "Mediator") to conduct a confidential Mediation concerning the Objection and the validity of the Netas Claims.

2.　　For the purposes of Rule 9019-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and this Order, the Mediation parties are the Debtors and Netas.

3.　　The Parties shall attend a one-day Mediation session with the Mediator on July 25, 2018, at the offices of Cleary Gottlieb Steen & Hamilton LLP, 450 Park Avenue, New York, New York 10022, at a time to be agreed upon by the Parties and the Mediator, and any such further sessions, at a mutually agreeable time and place, as the Parties and the Mediator may conclude would be helpful.  In the event that either of the Parties or the Mediator cannot attend the Mediation at the date and time set forth in this paragraph 3, the Parties shall confer and agree upon a new date and time for the Mediation in consultation with the Mediator.

4.　　Each Party shall serve its written submission for the Mediation upon the Mediator by no later than July 20, 2018.

5.　　Each of the Parties must appear with at least one (1) principal or other individual with authority to act on behalf of such party.  The Parties may also appear with any additional representatives or stakeholders, in person or telephonically, whose presence will facilitate productive discussions during the Mediation.

6.　　The entirety of the Mediation shall be conducted on a without prejudice basis and subject to Rule 408 of the Federal Rules of Evidence.  All submissions, communications and negotiations made in connection with the mediation process shall be made on a without prejudice basis and subject to Rule 408 of the Federal Rules of Evidence, Local Rule 9019-5(d), and applicable law, shall be strictly confidential and shall not be disclosed outside of the mediation process.  Such confidentiality shall bind all of the Parties for purposes of any and all present or future proceedings that exist or may exist in any jurisdiction inside or outside of the United

-2-

States of America, including without limitation, these proceedings pending in the United States Bankruptcy Court for the District of Delaware (the "Court") and in other jurisdictions. For the avoidance of doubt, use of any information obtained as a result of the mediation process as a basis for any motion, objection, claim, or argument to any court is prohibited.

7.     At the conclusion of the Mediation, the Mediator shall file with the Court a memorandum stating whether and to what extent the Mediation was successful. For the avoidance of doubt, such memorandum shall not include any confidential information disclosed during the Mediation, as required by the Local Rules and paragraph 6 of this Stipulation.

8.     Except to the extent inconsistent with the terms of this Stipulation, the Mediation shall be conducted in accordance with and pursuant to Local Rule 9019-5.

9.     Notwithstanding the Local Rules, the Mediator may conduct the Mediation as the Mediator sees fit, establish rules of the Mediation, and consider and take appropriate action on any matters the Mediator deems appropriate in order to conduct the Mediation, subject to the terms of this Stipulation.

10.    Each Party shall be responsible for 50% of the reasonable fees and costs related to the services of the Mediator and the Debtors are hereby authorized and directed to pay their share of such fees and costs.

11.    The Parties agree to suspend discovery until the conclusion or termination of the Mediation, or until otherwise agreed by the Parties. If the Mediation is unsuccessful or otherwise results in the need for discovery, the Parties shall meet and confer regarding the timing and terms of such discovery.

12.    The Court shall have and retain jurisdiction to interpret and enforce the terms of this Stipulation.

*[Remainder of page intentionally left blank – signatures follow]*

Dated: June 13, 2018
      Wilmington, Delaware

| | |
|---|---|
| **CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br><br>*/s/ Lisa M. Schweitzer*<br>James L. Bromley (admitted *pro hac vice*)<br>Lisa M. Schweitzer (admitted *pro hac vice*)<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone:    (212) 225-2000<br>Facsimile:    (212) 225-3999<br><br>- and -<br><br>**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Derek C. Abbott*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Tamara K. Minott (No. 5643)<br>1201 North Market Street, P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone:    (302) 658-9200<br>Facsimile:    (302) 658-3989<br><br>*Counsel for the Wind-Down Debtors and Debtor-in-Possession* | **LOWENSTEIN SANDLER LLP**<br><br>*/s/ Paul Kizel*<br>Zachary D. Rosenbaum, Esq.<br>Paul Kizel, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>Telephone:    (973) 597-2500<br>Facsimile:    (973) 597-2400<br><br>- and -<br><br>Jennifer Fiorica Delgado, Esq.<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone:    (212) 262-6700<br>Facsimile:    (212) 262-7402<br><br>- and -<br><br>**POLSINELLI PC**<br><br>*/s/ Christopher A. Ward*<br>Christopher A. Ward, Esq. (No. 3877)<br>222 Delaware Avenue<br>Suite 1101<br>Wilmington, Delaware 19801<br>Telephone:    (302) 252-0920<br>Facsimile:    (302) 252-0921<br><br>*Counsel for Netas Telekomunikasyon A.S.* |