**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **IN RE NORTEL NETWORKS INC., ET AL.,** | Case No. 09-10138 (KG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: November 27, 2019, 2:00 p.m.**<br>**Objections Due: November 13, 2019, 4:00 p.m.** |

**FRANCHISE TAX BOARD'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 505(B)(2) EXTENDING THE TIME FOR THE FTB TO COMPLETE AN EXAMINATION**

California Franchise Tax Board ("FTB") submits this Motion for Entry of an Order Pursuant to 11 U.S.C. § 505(B)(2) Extending the Time for the FTB to Complete an Examination ("Motion"), and respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein is section 505(b)(2) of the Bankruptcy Code.

## BACKGROUND

3. On or about April 30, 2018, FTB received the debtor's prompt audit request under 11 U.S.C. § 505(b)(2) for the debtor's 2017 California Corporation Franchise or Income Tax Return (the "Return.") (A copy of the request is attached as Exhibit 1.) Pursuant to 11 U.S.C. § 505(b)(2)(A)(i) and (ii), the FTB had until Friday, June 29, 2018 (60 days) to notify the debtor that the Return was selected for examination and Saturday, October 27, 2018 (180 days) to complete its examination and notify the debtor of the tax due.

4. On June 21, 2018, FTB notified the debtor that the Return was selected for examination pursuant to 11 U.S.C. § 505(b)(2)(A)(i). Declaration of Melanie Monterrubio ("Monterubbio Declaration"), Exhibit A.

5. At various times from May 9, 2018 through August 2, 2018, the FTB obtained the Business Master File ("BMF") transcripts from the Internal Revenue Service ("IRS") through the FTB's IRS Coordinator. BMF transcripts revealed that the IRS had received the debtor's 2017 Federal Corporation Income Tax Return and had placed an "Exam Indicator" on the Debtor's account for the 2017 tax year. Declaration of Melissa Louie ("Louie Declaration") ¶¶ 4-10.

6. On August 28, 2018, the FTB submitted a request to the IRS, through its IRS Coordinator, to speak with an IRS agent regarding the examination status of the debtor's 2017 Federal Corporation Income Tax Return Return (the "IRS Request"). Louie Declaration ¶ 12. .

7. On September 11, 2018, the FTB contacted the debtor's counsel for the purposes of obtaining additional time under the 180-day period of 11 U.S.C. § 505(b)(2)(A)(ii) as FTB could not confirm the examination status of the debtor's 2017 Federal Corporation Income Tax Return,. Declaration of Donny P. Le ("Le Declaration") ¶ 4.

8. On September 13, 2018, FTB participated in a conference call with the debtor's tax counsel to address the FTB's request additional time under the 180-day period of 11 U.S.C. § 505(b)(2)(A)(ii). No agreement could be reached regarding FTB's request for additional time but the FTB would renew its request in two weeks.. Le Declaration ¶ 7; Louie Declaration ¶ 13.

9. At various times from September 28, 2018 through October 23, 2018, the FTB obtained Transcript Delivery System ("TDS") transcripts from the IRS for the debtor's 2017 tax year. The TDS transcripts showed that the "Exam Indicator" remained on the debtor's account for the 2017 tax year. Louie Declaration ¶¶ 14-21.

10. On September 28, 2018, the FTB advised the debtor's tax counsel that it could not confirm the examination status of the debtor's 2017 Federal Corporation Income Tax Return. Le Declaration ¶ 8.

11. On October 22, 2018, the FTB participated in a conference call with the debtor's tax counsel and bankruptcy counsel to renew the FTB's request for additional time under the 180-day period of 11 U.S.C. § 505(b)(2)(A)(ii) in light of its difficulties in confirming the examination status of the debtor's 2017 Federal Corporation Income Tax Return with the IRS. No agreement could be reached regarding the FTB's request for additional time. Louie Declaration ¶ 22; Le Declaration ¶ 9.

12. On October 23, 2018, the debtor's bankruptcy counsel rejected the FTB's request for additional time of the 180-day period of 11 U.S.C. § 505(b)(2)(A)(ii).[1] Le Declaration ¶ 10.

13. On October 23, 2018, FTB received a response to the IRS Request, and the IRS informed FTB that no IRS agent was assigned to the debtor's 2017 tax year at this time. The

[1] On October 23, 2018, FTB issued a provisional Notice of Proposed Assessment in an effort to preserve key issues in a pending audit protest related to the debtor's 2009 and 2010 California Corporation Franchise or Income Tax Returns.

FTB's IRS Coordinator suggested that the FTB resubmit another request to speak with an IRS agent in sixty (60) days. Louie Declaration ¶23.

**RELIEF REQUESTED**

16. The FTB should be provided additional time to complete its examination of the Return until such time that the debtor provides the FTB with an IRS acceptance letter for the debtor's 2017 Federal Corporation Income Tax Return or sixty days after the FTB receives the results of any IRS examination of the debtor's 2017 Federal Corporation Income Tax Return, whichever occurs first.

**ARGUMENT**

17. 11 U.S.C. § 505(b)(2)(A)(ii) provides that the 180-day period for the FTB to complete its examination may be extended "for cause."

18. Here, there is cause to extend the deadline because the FTB has been prevented from completing its examination due to circumstances beyond its control.

19. It is standard practice and procedure for the FTB, and other state taxing agencies, to rely on federal tax determinations as a basis for a state tax examination. Under California law, taxpayers are required by the Revenue and Taxation Code to "report each change or correction, or the results of the renegotiation, within six months after the date of each final federal determination of the change or correction or renegotiation" of "any item required to be shown on a federal tax return, including any gross income, deduction, penalty, credit, or tax for any year of any taxpayer is changed or corrected by the Commissioner of Internal Revenue." Cal. Rev. & Tax. Code § 18622; *see also In re Circle K. Corp.*, 198 B.R. 784, 786 (Bankr. D. Ariz. 1996)

("This federal audit potentially could increase taxes due . . . since state tax liability is based on federal tax liability.")[2]

20. Here, the IRS has indicated that it intends to examine the debtor's 2017 Federal Corporation Income Tax Return. Despite the FTB's diligent efforts, it has not yet been able to confirm whether or not the IRS intends to proceed with such examination. Even if the IRS did not comply with the 60-day notification period, it is possible that the IRS will still examine the debtor's 2017 Federal Corporation Income Tax Returnbecause the results of such an examination may affect the tax determinations for other years. And, in fact, the exam indicator remains on the debtor's 2017 Federal Corporation Income Tax Return.

21. Accordingly, the FTB should be provided additional time to complete its examination of the Return until such time that the debtor provides the FTB with an IRS acceptance letter for the debtor's 2017 Federal Corporation Income Tax Returnor sixty days after the FTB receives the results of any IRS examination of the debtor's 2017 Federal Corporation Income Tax Return, whichever occurs first.

**NO PRIOR REQUEST**

22. No prior request for the relief sought herein has been made by the FTB to this or any other court.

[2] *See also In re Cohn*, 96 B.R. 827, 828 (Bankr. N.D. Ill. 1988) ("The rationale for the above requirement is clear in that state tax returns are calculated based upon the adjusted gross income or taxable income properly reportable for federal income tax purposes."); *In re Olson*, 174 B.R. 543, 545 (Bankr. D. ND. 1994) ("The results of the federal audit were sent periodically to the State Tax Commissioner who issued deficiency assessments for additional, unpaid state taxes upon becoming aware of the adjustments to the federal income taxes.")

Dated: October 26, 2018

XAVIER BECERRA
Attorney General of California

*/s/ Hutchison B. Meltzer*

HUTCHISON B. MELTZER
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6240
Facsimile: (213) 897-5775
E-mail: Hutchison.Meltzer@doj.ca.gov
*Attorneys for California Franchise Tax Board*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**300 South Spring Street, Room 1700, Los Angeles, CA 90013**

A true and correct copy of the foregoing document entitled (*specify*): **FRANCHISE TAX BOARD'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 505(B)(2) EXTENDING THE TIME FOR THE FTB TO COMPLETE AN EXAMINATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 26, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

ECF LIST

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **October 26, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Benjamin S. Beller
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York NY 10006

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 26, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by fax transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Benjamin S. Beller
Cleary Gottlieb Steen & Hamilton LLP
Assistant: gmalave@cgsh.com
One Liberty Plaza
New York NY 10006
bbeller@cgsh.com
clearygottlieb.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/26/18 | Norma L. Herrera-Gilbody | /s/ Norma L. Herrera-Gilbody |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |