## Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- X
          :
*In re*           :        Chapter 11
          :
Nortel Networks Inc., *et al.,*[10]    :        Case No. 09-10138 (KG)
          :
      Wind-Down Debtors and Debtor-In-  :        Jointly Administered
      Possession.         :
          :
---------------------------------------------------------- X

**DECLARATION OF MARY CILIA IN SUPPORT OF
WIND-DOWN DEBTORS' OBJECTION TO
THE CLAIMS FILED BY THE AFFILIATES
AND SUBSIDIARIES OF AT&T CORPORATION**

1.      I am the Treasurer for the Wind-Down Debtors.  I hereby make this declaration on behalf of the Wind-Down Debtors in support of the *Wind-Down Debtors' Objection to the Claims Filed by the Affiliates and Subsidiaries of AT&T Corporation* (the "Objection").[11]

2.      I am familiar with the Wind-Down Debtors' books and records and am currently responsible for overseeing the review and analysis of all claims filed in the Wind-Down Debtors' chapter 11 cases.  All facts set forth herein are based on my personal knowledge and on my review of the claims, the books and records and other relevant documents or information provided to me by the Wind-Down Debtors' current or former employees and advisors.  If I were

---

[10]    The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Nortel Networks India International Inc. (8667) remains a debtor-in-possession and does not join in seeking relief from the Court through this Motion.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.
[11]    Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

called upon to testify, I could and would testify competently and accurately to each of the facts set forth herein.

## COMPLIANCE WITH LOCAL RULE 3007-1

3.      I have reviewed Local Rule 3007-1 and hereby state that, to the best of my knowledge and belief, the Objection is in compliance therewith, as modified by the orders of the Bankruptcy Court dated December 14, 2009 and February 7, 2012 [D.I.s 2125, 7178].

## BASES FOR OBJECTION

4.      I, or one or more of the Debtors' or Wind-Down Debtors' employees or advisors operating under my supervision and/or at my direction or operating under the supervision or at the direction of my predecessor in charge of reconciling claims filed against the Debtors, have reviewed each of the AT&T Claims, the Claims Register and the facts and circumstances set forth in the Objection regarding such claims.  Based upon this review, I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief, and the claims identified in **Exhibit C** to the Objection should be modified, and/or reclassified and allowed or disallowed as described in the Objection.

5.      A true and correct copy of that certain assumption letter dated April 14, 2010 and executed by NNI, AT&T and Ericsson assigning certain obligations to Ericsson in connection with the sale of the Nortel GSM business is attached hereto as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

Executed on _November 16_, 2018

Mary Cilia
Treasurer for the Wind-Down Debtors

6

# Exhibit 1



**N🌀RTEL**

AT&T Services, Inc.

Attn: Keith Connolly

April 14, 2010

> Re:    Agreements with AT&T Services, Inc and its subsidiaries and affiliates
> (collectively "AT&T") transferred to Ericsson Inc. ("Ericsson")

Dear Mr. Connolly:

Nortel Networks Corporation, Nortel Networks Limited, Nortel Networks Inc. and various Nortel affiliates (together with their affiliates, "Nortel") entered into a sale agreement (the "Sale Agreement") with Telefonaktiebolaget L M Ericsson ("TLM Ericsson") on November 24, 2009, for the sale of certain assets in respect of Nortel's GSM Business (the "GSM Business") as provided in the Sale Agreement, and the transaction was approved by the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in an order dated December 2, 2009 (the "Sale Order"). The closing of the sale occurred on March 31, 2010 (the "Closing"). TLM Ericsson designated Ericsson as a Designated Purchaser under the Sale Agreement with respect to certain of Nortel's GSM Business.

For purposes of this letter (the "Letter"), the term "AT&T Assumed Pre-Closing Liabilities" is defined as follows: all obligations, duties and liabilities of Nortel under the AT&T Agreements (as defined below) exclusively relating to GSM Business products and services, including without limitation, any warranty liabilities, non-cash incentives, credits, indemnifications (including third-party intellectual property infringement claims), liabilities arising from or in connection with unfulfilled commitments, and requirements to provide product support and maintenance services exclusively relating to the GSM Business products and services supplied pursuant to the AT&T Agreements, the New Agreements and the Existing Agreements (each as defined below) (including all amendments, supplements, statements of work and purchase orders issued pursuant thereto) in each case whether arising or relating to periods prior to or contemporaneously with the Closing.

Notwithstanding anything to the contrary in the foregoing paragraph or elsewhere in this Letter, (i) in no event shall Ericsson be deemed to have assumed, agreed to perform or otherwise be responsible for any AT&T Assumed Pre-Closing Liabilities related to credits in excess of $9.5 million; and (ii) Ericsson's assumption of any AT&T Assumed Pre-Closing Liabilities related to third party intellectual property infringement claims shall be

1



subject to the limitations and AT&T's purchase levels as set forth in the letter agreement, dated April 7, 2010, between Ericsson and AT&T.

In connection with the foregoing, AT&T represents that, as of the date hereof, AT&T is not aware of any material AT&T Assumed Pre-Closing Liabilities, except for the claims listed on Schedule A and the credit liabilities that are subject to the above proviso. For avoidance of doubt, nothing in this Letter (other than the limitation set forth in the preceding paragraph), including the above representation, shall in any way limit the scope of the liabilities that otherwise are and have been assumed by Ericsson pursuant to the Sale Agreement, regardless of whether they are listed on Schedule A.

**AT&T Non-365 Agreements**

The following Agreements are collectively the "AT&T Non-365 Agreements":

▪ Supplement A: GSM Requirements to the Master Sales Agreement, effective 11/1/2001

▪ Product Supplement F: UMTS Requirements, effective 12/15/2005

Effective as of the Closing, Nortel shall be deemed to hereby convey, assign and transfer to Ericsson its rights and obligations under the AT&T Non-365 Agreements, including all amendments, supplements, statements of work, supporting agreements and purchase orders issued pursuant thereto, in accordance with the Sale Agreement, and by countersigning below, AT&T consents to such assignment. For the avoidance of doubt and notwithstanding anything to the contrary in this Letter, the Sale Agreement or the Sale Order, effective as of the Closing, Ericsson shall be responsible for all obligations arising after the Closing with respect to the AT&T Non-365 Agreements. Without limiting the previous sentence, and notwithstanding anything to the contrary in the Sale Agreement or the Sale Order but subject to the terms of this Letter, effective as of the Closing, Ericsson also agrees to assume, perform and be responsible for the AT&T Assumed Pre-Closing Liabilities under the AT&T Non-365 Agreements.

**AT&T Bundled Agreements**

The following Agreements are collectively the "AT&T Bundled Agreements":

▪ Master Sales Agreement, effective 11/1/2001

Effective as of the Closing, (i) the AT&T Bundled Agreements, including all amendments, supplements, statements of work, supporting agreements and purchase orders issued pursuant thereto, (the "Existing Agreements") shall be deemed amended to remove any rights and obligations of the parties relating exclusively to the GSM Business products and



services (the "Amendment") but shall continue in full force and effect from and after the Closing with respect to any rights and obligations of the parties relating to all products and services other than those exclusively relating to the GSM Business; and (ii) Nortel shall be deemed to have entered into new contracts with AT&T and its affiliates who are parties to the Existing Agreements, which shall only relate exclusively to GSM Business products and services from and after the Closing Date, the terms and conditions of which shall be identical to the terms and conditions of the Existing Agreements which applied to the GSM Business products and services immediately before the Amendment (the "New Agreements"). Effective as of the Closing, the New Agreements shall be deemed to be assigned to Ericsson.

Effective as of the Closing, Nortel shall be deemed to hereby convey, assign and transfer to Ericsson, for their use, benefit and behalf, all of Nortel's rights, title and interest as well as all of Nortel's duties, obligations and liabilities in, to, under and arising from the New Agreements, and Ericsson shall be deemed to hereby expressly (a) assume all of Nortel's rights, title and interest as well as all of Nortel's duties, obligations and liabilities under the New Agreements to be performed from and after the Closing Date, and (b) agree to perform all of Nortel's duties and obligations under the New Agreements to be performed from and after the Closing Date. Without limiting the previous sentence, and notwithstanding anything to the contrary in the Sale Agreement or the Sale Order but subject to the terms of this Letter, effective as of the Closing, Ericsson also agrees to assume, perform and be responsible for the AT&T Assumed Pre-Closing Liabilities relating exclusively to the GSM Business products and services under the Existing Agreements.

## AT&T 365 Agreements

The following Agreements are collectively the "AT&T 365 Agreements" (the AT&T 365 Agreements together with the AT&T Non-365 Agreements and the AT&T Bundled Agreements, the "AT&T Agreements"):

▪ None

AT&T agrees (i) that the terms of this Letter fully satisfy and resolve AT&T's Limited Objection to Debtors' Motion For Orders (I)(A) Authorizing And Approving The Bidding Procedures, (B) Approving The Notice Procedures, And (C) Setting A Date For The Sale Hearing, And (II) Authorizing And Approving Sale Of Certain Assets Of Debtors' GSM/GSM-R Business [D.I. 2007] (the "AT&T Objection"), (ii) that it will file a notice of withdrawal of the AT&T Objection with the Bankruptcy Court, and (iii) that it will not further object to the assumption and assignment of any of the AT&T 365 Agreements pursuant to section 365 of the Bankruptcy Code.



**General Provisions**

Following the Closing, Nortel will not have any responsibility for the obligations and liabilities assumed by Ericsson under this Letter.

Ericsson may assign their respective rights, titles, interests, duties, obligations and liabilities under the AT&T Agreements to one or more affiliates, successors in interest, holding companies that control Ericsson, as applicable, or operating companies prior to or on the date of the Closing without the consent of AT&T.

In addition, AT&T acknowledges that Nortel has provided Ericsson (or their affiliates) copies of the AT&T Agreements. AT&T acknowledges and agrees that it will from time to time hereafter execute and deliver such additional documents and instruments and do such acts and things as may be necessary to fully and effectively carry out the purposes and intent of this Letter.

All amounts owing with regard to both GSM Business products and services and all other products and services shall be payable to the invoicing party in accordance with the terms and conditions of the Sale Agreement, this Letter, and, as applicable, the AT&T Agreements, the New Agreements and the Existing Agreements.

For the avoidance of doubt, nothing herein shall constitute or give rise to the assumption or rejection of the Existing Agreements, including as amended by this Letter, for purposes of section 365 of the U.S. Bankruptcy Code or constitute repudiation of the Existing Agreements under Canadian law, or otherwise limit or affect Nortel's rights under its Chapter 11 case, Case No. 09-10138, pending in the United States Bankruptcy Court for the District of Delaware or the rights of Nortel Networks Limited, Nortel Networks Technology Corporation or Nortel Networks Corporation under their current insolvency proceedings pursuant to the Companies' Creditors Arrangement Act (Canada).

By execution of this Letter, Nortel, Ericsson and AT&T, hereby agree to its terms and conditions. This Letter shall be governed by the laws of New York.

Very truly yours,

Nortel Networks Inc.



Very truly yours,

Nortel Networks Inc.

By: _____

Name: Lynn C. Egan
Title: Secretary


Ericsson Inc.

By: _____

Name:  Brian Rosenberg
Title:    Executive Vice President

5



By: _____

Name: _____

Title: _____

Ericsson Inc.

By: _____

Name:  Brian Rosenberg

Title:    Executive Vice President



ACKNOWLEDGED AND AGREED

AT&T Services, Inc on behalf of itself,
its subsidiaries and affiliates

By: _____

Name: Keith Connolly
Title: VP Global Business & Operations Sourcing



**Schedule A**

Infringement Indemnity Claims.  AT&T's claims against Nortel for indemnification with respect to the following infringement lawsuits:

    (1)    *Technology Patents LLC v. Deutsche Telekom AG et. al.* (Case No. 8:07-cv-03012-DKC, filed Nov. 9, 2007).

    (2)    *Celltrace LLC., v. AT&T Mobility LLC, et. al.*, U.S.D.C Eastern District of Texas No. 6:09-CV-294 (filed July 8, 2009).

    (3)    *Aerotel, Ltd. et. al. v. AT&T, Inc. et. al.*

    (4)    *On The Go, LLC v. AT&T Mobility LLC, et. al.,* U.S.D.C. Northern District of Illinois No. 1:09-cv-02792 (filed July 9, 2009).