**Exhibit A**

**(Songer Declaration)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Nortel Networks Inc., *et al.*, ) | Case No. 09-10138 (KG) |
| ) | (Jointly Administered) |
| Wind-Down Debtors and ) | |
| Debtor-In-Possession. ) | **Related to D.I. 18650** |
| ) | |

**DECLARATION OF MICHAEL J. SONGER IN SUPPORT OF**
**THE RESPONSE OF THE AFFILIATES AND SUBSIDIARIES OF**
**AT&T CORP. TO THE OBJECTION OF THE WIND-DOWN DEBTORS**
**TO CLAIMS FILED BY THE AFFILIATES AND SUBSIDIARIES OF AT&T CORP.**

1. I am a Partner at Crowell & Moring LLP. I hereby make this declaration on behalf of AT&T in support of the *Response of the Affiliates and Subsidiaries of AT&T Corp. to the Objection to the Wind-Down Debtors' Objection to the Claims Filed by the Affiliates and Subsidiaries of AT&T Corp.* (the Response).[1]

2. I served as SWBT's lead counsel in the Reese Litigation and am familiar with those proceedings. All facts set forth herein are based on my personal knowledge and on my review of the documents related to the Reese Litigation. If I were called upon to testify, I could and would testify competently and accurately to each of the facts set forth herein.

3. On May 31, 2007, an action entitled *Reese v. AT&T, Inc., et al.*, Civil Action No. 2:07-cv-219, in the Eastern District of Texas was commenced against SWBT and others. Plaintiff asserted claims for patent infringement based upon SWBT's "wireline telephone service offer[ing] Call Waiting ID, which delivers caller ID information to a called station while already engaged in a call." (Reese Amended Complaint, attached hereto as **Exhibit 1**, ¶ 20.) What Plaintiff called

---

[1] Capitalized Terms used, but not otherwise defined, herein shall have the meanings set forth in the Response.

Call Waiting ID, SWBT referred to as Call Waiting with Caller ID ("CWCID").

4. SWBT's defense in the Reese Litigation focused on the construction of patent claims and the applicability of the patent claims to telecommunications standards. The patent claims were vigorously defended, and SWBT obtained a Final Judgment in its favor, dated December 22, 2008. (Reese Final Judgment, attached hereto as **Exhibit 2**.) Reese appealed the judgment to the Federal Circuit Court of Appeals, where the Final Judgment was affirmed on October 6, 2009. *See Reese v. Sw. Bell Tel., L.P.*, 333 F. App'x 570 (Fed. Cir. 2009).

5. The CWCID service at issue in the Reese Litigation was a function of certain switches employed by SWBT: Nortel DMS-100 switches and the switches of another manufacturer (the "Second Switch Manufacturer"). Because SWBT's defense in the Reese Litigation focused on the construction of patent claims and the applicability of the patent claims to telecommunications standards, the defense of the claims was exactly the same for both vendors' products.

6. As part of the Reese Litigation, Nortel was subpoenaed, and it designated two employees as corporate representatives to testify on its behalf. The Nortel employees testified that the CWCID challenged by the Reese Litigation was a functionality of the DMS-100 switch. In fact, the purpose of the Nortel depositions was to provide testimony regarding Nortel's development of the challenged functionality of the Nortel products. One Nortel employee testified regarding the DMS-100's Spontaneous Call Waiting Identification or SCWID functionality that "was to provide the equivalent [of] Caller ID information to a phone that was also using Call Waiting." (Deposition Transcript of Steve Wiercioch, dated September 10, 2008, at 3:15-14:8.) The other Nortel employee testified that "[c]ustomers of the DMS-100 . . . at the time consisted of, you know, the former Bell operating companies." (Deposition Transcript of Charles Till, dated

September 10, 2008, at 49:14-23.)

     I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

Executed on December 12, 2018

_____
Michael J. Songer

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MORRIS REESE, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | C.A. NO. 2:07cv219-DF |
| | § | |
| AT&T, Inc., Southwestern Bell | § | |
| Telephone, L.P., Verizon | § | |
| Communications Inc., GTE Southwest, | § | **JURY TRIAL DEMANDED** |
| Inc. | § | |
| | § | |
| Defendants | | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Morris Reese ("Plaintiff"), files this First Amended Complaint against Defendants, AT&T, Inc. ("AT&T"), Southwestern Bell Telephone, L.P. ("AT&T Texas"), Verizon Communications Inc. ("Verizon"), and GTE Southwest, Incorporated ("Verizon Southwest"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual residing in Thousand Oaks, California.

2. AT&T, on information and belief, is a corporation organized under the laws of the State of Delaware. AT&T is doing business in Texas, and, on information and belief, has a principal place of business at 175 E. Houston St., San Antonio, TX 78205. AT&T may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201.

1

3. Southwestern Bell Telephone, L.P., on information and belief, is a corporation organized under the laws of the State of Texas, is doing business in Texas as "AT&T Texas," and is a subsidiary of AT&T, Inc. AT&T Texas, on information and belief, has a business address at 530 McCullough, San Antonio, TX 78215. AT&T Texas may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201.

4. Verizon, on information and belief, is a corporation organized under the laws of the State of Delaware. Verizon is doing business in Texas, and, on information and belief, has a principal place of business at 140 West Street, New York, New York 10007, and can be served with process by serving its registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

5. GTE Southwest Incorporated, on information and belief, is a corporation organized under the laws of the State of Delaware, is doing business in Texas as "Verizon Southwest," and is a subsidiary of Verizon Communictions, Inc. Verizon Southwest, on information and belief, has a business address at 600 Hidden Ridge, Irving, Texas 75038, and can be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201.

**JURISDICTION & VENUE**

6. This is an action for infringement of at least one United States patent. Accordingly, this action arises under the patent laws of the United States of America, 35 U.S.C. § 1 et. seq., and jurisdiction is properly based on Title 35 United States Code, particularly § 271, and title 28 United States Code, particularly § 1338(a).

7. AT&T, upon information and belief, transacts business in this judicial district by providing services using the method described and claimed in United States Patent No. 6,868,150 ("the '150 patent"), the patent at issue in this lawsuit, and by conducting other business in this judicial district.

8. AT&T Texas, upon information and belief, transacts business in this judicial district by providing services using the method described and claimed in the '150 patent and by conducting other business in this judicial district.

9. Verizon, upon information and belief, transacts business in this judicial district through its wireline segment, which, according to its SEC filings "provides telephone services, including voice, network access and nationwide long-distance services, broadband video and data services, and other communications products and services", including services provided using the method described and claimed in the '150 patent and by conducting other business in this judicial district.

10. Upon information and belief, Verizon's basic residential telecommunications services are provided by its Mass Markets line of business under the Verizon Telecom segment of Verizon Communications Inc

11. Verizon Southwest, upon information and belief, transacts business in this judicial district by providing services using the method described and claimed in the '150 patent and by conducting other business in this judicial district.

12. Venue is proper in this court under Title 28 U.S.C. §§ 1391(b) and 1400(b).

## PATENT INFRINGEMENT COUNT

13. On March 15, 2005, the '150 patent, entitled "Method for Use With Caller ID System," was issued to Morris Reese. A true and correct copy of the '150 patent is attached as Exhibit A.

14. Pursuant to 35 U.S.C. § 282, the '150 patent is presumed valid.

15. Plaintiff, Morris Reese, is the owner and sole inventor of the '150 patent.

16. Claims 1, 7, 13, 18, 23, 25, 32 and 36 of the '150 patent are directed toward a method for sending caller identification ("caller ID") information, related to a third party, to a called station of a first party already engaged in a call with a second party, the method including receiving such caller ID information, sent from the originating central office of the third party, at the terminating central office serving the first party.

17. AT&T provides broadband, long distance, and local voice services across the United States. On information and belief, AT&T provides local telephone services, including CLASS service (Custom Local Area Signaling System) options, to millions of customers in Alabama, Arkansas, California, Connecticut, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Louisiana, Michigan, Mississippi, Missouri, Nevada, North Carolina, Ohio, Oklahoma, South Carolina, Tennessee, Texas, and Wisconsin.

18. On information and belief, AT&T's wireline telephone service offers Call Waiting ID, which delivers caller ID information to a called station while already engaged in a call.

19. On information and belief, AT&T Texas provides local voice service in at least Texas.

20. On information and belief, AT&T Texas' wireline telephone service offers Call Waiting ID, which delivers caller ID information to a called station while already engaged in a call.

21. Verizon is also a provider of telecommunications services in the United States and, on information and belief, provides wireline service to customers in Arizona, California, Connecticut, Delaware, Florida, Idaho, Illinois, Indiana, Maine, Maryland, Massachusetts, Michigan, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Rhode Island, South Carolina, Texas, Vermont, Virginia, Washington, West Virginia, and Wisconsin.

22. On information and belief, voice services provided by the Verizon Telecom segment of Verizon include "the provision of local exchange services, local private line, wire maintenance, voice messaging and value-added services. Value-added services are a family of services that expand the utilization of our network, including products such as Caller ID, Call Waiting and Return Call."

23. On information and belief, Verizon's wireline telephone service offers Call Waiting ID, which delivers caller ID information to a called station while already engaged in a call.

24. On information and belief, Verizon Southwest provides local voice service in at least Texas.

25. On information and belief, Verizon Southwest's wireline telephone service offers Call Waiting ID, which delivers caller ID information to a called station while already engaged in a call.

26. AT&T, on information and belief, provides services that infringe at least claims 1, 7, 13, 18, 23, 25, 32 and 36 of the '150 patent, including for example and without limitation AT&T's wireline telephone services offering Call Waiting ID, as well as any other telephone services performed in the manner described and claimed in the '150 patent.

5

27. Plaintiff provided notice to AT&T of its alleged infringement through both its subsidiary, Cingular Wireless, LLC, and its predecessor, SBC Communications, Inc., on April 13, 2005. See attached letters at Exhibit B.

28. AT&T Texas, on information and belief, provides services that infringe at least claims 1, 7, 13, 18, 23, 25, 32 and 36 of the '150 patent, including for example and without limitation AT&T Texas' wireline telephone services offering Call Waiting ID, as well as any other telephone services performed in the manner described and claimed in the '150 patent.

29. Verizon, on information and belief, provides services that infringe at least claims 1, 7, 13, 18, 23, 25, 32 and 36 of the '150 patent, including for example and without limitation Verizon's wireline telephone services offering Call Waiting ID, as well as any other telephone services performed in the manner described and claimed in the '150 patent.

30. Plaintiff provided notice to Verizon of its alleged infringement on April 13, 2005. See Exhibit C.

31. Verizon Southwest, on information and belief, provides services that infringe at least claims 1, 7, 13, 18, 23, 25, 32 and 36 of the '150 patent, including for example and without limitation Verizon Southwest's wireline telephone services offering Call Waiting ID, as well as any other telephone services performed in the manner described and claimed in the '150 patent.

32. The infringement alleged above has injured Plaintiff and thus, he is entitled to recover damages adequate to compensate for the infringement, which in no event can be less than a reasonable royalty.

33. Due to AT&T's infringement of the '150 patent, Plaintiff is entitled to a reasonable royalty based on AT&T's revenue from Call Waiting ID services.

34. Due to AT&T Texas' infringement of the '150 patent, Plaintiff is entitled to a reasonable royalty based on AT&T Texas' revenue from Call Waiting ID services.

35. Due to Verizon's infringement of the '150 patent, Plaintiff is entitled to a reasonable royalty based on Verizon's revenue from Call Waiting ID services.

36. Due to Verizon Southwest's infringement of the '150 patent, Plaintiff is entitled to a reasonable royalty based on Verizon Southwest's revenue from Call Waiting ID services.

### DEMAND FOR JURY TRIAL

37. Plaintiff hereby demands a jury trial on all claims and issues.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for entry of judgment:

A. that Defendant, AT&T, has infringed one or more claims of the '150 patent;

B. that Defendant, AT&T Texas, has infringed one or more claims of the '150 patent;

C. that Defendant, Verizon, has infringed one or more claims of the '150 patent;

D. that Defendant, Verizon Southwest, has infringed one or more claims of the '150 patent;

E. that Defendant, AT&T, account for and pay to Plaintiff all damages caused by the infringement of the '150 patent, which by statute can be no less than a reasonable royalty;

F. that Defendant, AT&T Texas, account for and pay to Plaintiff all damages caused by the infringement of the '150 patent, which by statute can be no less than a reasonable royalty;

G. that Defendant, Verizon, account for and pay to Plaintiff all damages caused by the infringement of the '150 patent, which by statute can be no less than a reasonable royalty;

H.     that Defendant, Verizon Southwest, account for and pay to Plaintiff all damages caused by the infringement of the '150 patent, which by statute can be no less than a reasonable royalty;

I.     that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to him by reason of Defendants' infringement of the '150 patent;

J.     that Plaintiff be granted his attorneys' fees in this action;

K.     that costs be awarded to Plaintiff; and

L.     that Plaintiff be granted such other and further relief as the Court may deem just and proper under the current circumstances.

Respectfully submitted,

Date: 07/09/2007

_____
Edward W. Goldstein
Texas Bar No. 08099500
GOLDSTEIN, FAUCETT & PREBEG, L.L.P.
1177 West Loop South, Suite 400
Houston, TX 77027

T. John Ward, Jr.
Texas Bar No. 00794818
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Samuel F. Baxter
Texas Bar No.
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4016

        Facsimile: (214) 978-4944

        Christopher M. Faucett
        Texas Bar No. 00795198
        Corby R. Vowell
        Texas Bar No. 24031621
        Holly H. Barnes
        Texas Bar No. 24045451
        GOLDSTEIN, FAUCETT & PREBEG, L.L.P.
        1177 West Loop South, Suite 400
        Houston, TX 77027
        Telephone: (713) 877-1515
        Facsimile: (713) 877-1737

        *ATTORNEYS FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by e-mail via the Eastern District of Texas ECF System to all counsel of record on this the 9th day of July, 2007.

        _____
        T. John Ward, Jr.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Morris Reese,<br><br>　　　　*Plaintiff*,<br><br>　v.<br><br>AT&T Inc., Southwestern Bell Telephone, L.P., Verizon Communications Inc., and GTE Southwest Inc.,<br><br>　　　　*Defendants*. | Case No. 2:07-cv-219-DF |

**FINAL JUDGMENT**

The Court has considered the entire case file, including all of its prior Orders, and the Stipulation and Joint Motion for Dismissal and Final Judgment filed by Plaintiff Morris Reese and Defendants Southwestern Bell Telephone, L.P. and GTE Southwest Inc. (collectively, the "Parties"). Based upon all of the foregoing,

IT IS ORDERED that Plaintiff's claims for infringement of claims 23 and 32 of U.S. Patent No. 6,868,150 (the "'150 patent") are DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that, based upon the claim construction issued by this Court on September 24, 2008, claims 1, 7, 13, 18, 25 and 36 of the '150 patent are found to be NOT INFRINGED by Defendants and for that reason, judgment is entered against Plaintiff on those claims.

IT IS FURTHER ORDERED that Defendants' counterclaims and defenses including, but not limited to, non-infringement, invalidity and unenforceability of the '150 patent, are DISMISSED WITHOUT PREJUDICE, and Defendants remain free to reassert such counterclaims and defenses should Plaintiff's infringement claims regarding the '150 patent be revived for any reason (including but not limited to modification of the Court's claim

2

# DRAFT

construction on appeal);

  IT IS FURTHER ORDERED THAT all parties shall bear their own attorney fees and costs;

  IT IS FURTHER ORDERED THAT all motions and other requests for relief not otherwise ruled upon are hereby denied as moot; and

  IT IS FURTHER ORDERED THAT this Court shall retain and hereby does retain jurisdiction over this matter in its entirety, including any claims which may be reinstated.

  This is a Final Judgment, for which let execution issue.

  **SIGNED this 22nd day of December, 2008.**

**APPROVED AS TO FORM AND CONTENT:**  DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

3

# DRAFT

| | | | |
|---|---|---|---|
| Dated: | December 19, 2008 | By: | /s/ Edward W. Goldstein |

                                                                  Edward W. Goldstein
Corby R. Vowell
Holly H. Barnes
Goldstein, Faucett & Prebeg, LLP
1177 West Loop South, Suite 400
Houston, TX 77027
Tel: 713/877-1515
Fax: 713/877-1737
egoldstein@gfpiplaw.com
cvowell@gfpiplaw.com
hbarnes@gfpiplaw.com

T. John Ward, Jr.
Bruce A. Smith
Law Office of T. John Ward, Jr., P.C.
P.O. Box 1231
Longview, TX 75606-1231
Tel: 903/757-6400
Fax: 903/757-2323
jw@jwfirm.com
bsmith@jwfirm.com

Samuel F. Baxter
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
Tel: 214-978-4016
Fax: 214-978-4944
sbaxter@mckoolsmith.com

*Counsel for Morris Reese*

| | | | |
|---|---|---|---|
| Dated: | December 19, 2008 | By: | /s/ James H. Wallace, Jr. |

       James H. Wallace, Jr.
Kevin P. Anderson
WILEY REIN LLP
1776 K. Street, NW
Washington, D.C. 20006
Tel: 202-719-7000
Fax: 202-719-7049
jwallace@wileyrein.com
kanderson@wileyrein.com

Damon M. Young
John M. Pickett
4122 Texas Blvd.
PO Box 1897
Texarkana, TX 75504-1897

**DRAFT**

    Tel: 903-794-1303
    Fax: 903-792-5098
    dyoung@youngpickettlaw.com
    jpickett@youngpickettlaw.com

*Attorneys for GTE Southwest Inc.*

Dated: December 19, 2008     By:     /s/ Michael J. Songer
    Michael E. Jones
    State Bar No. 10929400
    mikejones@potterminton.com
    Diane V. DeVasto
    State Bar No. 05784100
    dianedevasto@potterminton.com
    POTTER MINTON
    A Professional Corporation
    110 N. College, Suite 500
    Tyler, Texas 75702
    Telephone: (903) 597-8311
    Facsimile: (903) 593-0846

    Michael J. Songer
    msonger@crowell.com
    CROWELL & MORING LLP
    1001 Pennsylvania Avenue, NW
    Washington, D.C. 20004-2595
    Telephone: (202) 624-2500
    Facsimile: (202) 628-5116

*Attorneys for Defendant*
*Southwestern Bell Telephone, L.P.*