**<u>Exhibit B</u>**

**(Arena Declaration)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Nortel Networks Inc., *et al.,*<br><br>　　　Wind-Down Debtors and<br>　　　Debtor-In-Possession. | ) Chapter 11<br>)<br>) Case No. 09-10138 (KG)<br>) (Jointly Administered)<br>)<br>) **Related to D.I. 18650**<br>) |

**DECLARATION OF CHRISTOPHER M. ARENA IN SUPPORT OF
THE RESPONSE OF THE AFFILIATES AND SUBSIDIARIES OF
AT&T CORP. TO THE OBJECTION OF THE WIND-DOWN DEBTORS
TO CLAIMS FILED BY THE AFFILIATES AND SUBSIDIARIES OF AT&T CORP.**

　　　1.　　I am a Partner at Baker & Hostetler LLP. I hereby make this declaration on behalf of AT&T in support of the *Response of the Affiliates and Subsidiaries of AT&T Corp. to the Objection to the Wind-Down Debtors' Objection to the Claims Filed by the Affiliates and Subsidiaries of AT&T Corp.* (the Response).[4]

　　　2.　　I serve as AT&T's outside counsel on patent and indemnification issues between AT&T and its vendors. All facts set forth herein are based on my personal knowledge and on my review of the documents relating to the indemnification issues in the Reese litigation. If I were called upon to testify, I could and would testify competently and accurately to each of the facts set forth herein.

　　　3.　　SWBT purchased Nortel DMS-100 switches from Nortel pursuant to the DMS Family Material and Installation Contract, No. C4113FO between Southwestern Bell Telephone Company and Northern Telecom, Inc. (the "DMS Agreement"). The DMS Agreement "incorporate[d] the terms and conditions in the General Agreement C0228MO (hereafter, "General

---

[4]　　Capitalized Terms used, but not otherwise defined, herein shall have the meanings set forth in the Response.

Agreement") between the parties [Southwestern Bell Telephone Company and Northern Telecom Inc.]" (DMS Agmt. at 3.)

    4.    "Clause 14. Infringement" of the General Agreement states that:

> The following terms apply to any infringement, or claim of infringement of any patent, trademark, copyright, trade secret or other proprietary interest based on the manufacture, normal use or sale of any Material and/or services furnished to Buyer under this Agreement. Seller shall indemnify Buyer for any loss, damage, expense, or liability that may result by reason of any such infringement or claim . . . .

(General Agmt. at 5.)

    5.    Nortel was notified about the Reese Litigation in 2007. (*See* Letter from Timothy G. Newman to Mr. Erik Fako, RE: Morris Reese v. Southwestern Bell et al., dated April 8, 2008 (the "Newman Letter") (referencing communications in 2007).) AT&T's counsel informed Nortel of the product at issue via the Newman Letter and how the Nortel Product is implicated by the lawsuit: "The Amended Complaint [in the Reese Litigation] sent to you recites that the patent-in-suit is directed toward call waiting caller identification, and the DMS switches perform that function." (*Id.*) Nortel subsequently circulated a joint defense agreement to AT&T asserting that the parties "have common interest in researching, developing, and pursuing defenses and counter claims against Reese [in the Reese Litigation]." (Joint Defense Agreement at 1.)

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

Executed on December 12, 2018

_____
Christopher M. Arena

2