# Exhibit C

**(Proof of Claim No. 5351)**

| | |
|---|---|
| United States Bankruptcy Court for the District of Delaware<br>Nortel Networks Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5075<br>New York, NY 10150-5075 | **PROOF OF CLAIM** |

| In Re:<br>Nortel Networks, Inc., et al.<br>Debtors. | Chapter 11<br>Case No.   09-10138 (KG)<br>(Jointly Administered) | |
|---|---|---|
| Name of Debtor Against Which Claim is Held<br>Nortel Networks, Inc. | Case No. of Debtor<br>09-10138 (KG) | |
| NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. | | **THIS SPACE IS FOR COURT USE ONLY** |

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>AT&T Corp. and its affiliates/subsidiaries<br>One AT&T Way, Room 3A218<br>Bedminster, NJ 07921<br>Attention: James W Grudus, Esq.<br><br>Telephone number: (908) 234-3318   Email Address: jg5786@att.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: _____<br>  (*If known*)<br><br>Filed on: _____ | |
|---|---|---|
| Name and address where payment should be sent (if different from above)<br><br><br><br><br>Telephone number:   Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. | |

| 1. Amount of Claim as of Date Case Filed: $____ See Attached _____<br>If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br>If all or part of your claim is entitled to priority, complete Item 5.<br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of additional charges. | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim:<br>☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). |
|---|---|
| 2. Basis for Claim: _____ See Attached _____<br>(See instruction #2 on reverse side.) | ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4). |
| 3. Last four digits of any number by which creditor identifies debtor: _____<br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | |
| 4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:   ☐ Real Estate    ☐ Motor Vehicle    ☐ Other<br>Describe: ____setoff/recoupment_____<br>Value of Property: $_____ Annual Interest Rate _____%<br>Amount of arrearage and other charges as of time case filed included in secured claim, if any:<br>$_____ Basis for perfection: _____<br><br>Amount of Secured Claim: $_____ Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).<br>☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).<br><br>Amount entitled to priority:<br><br>$_____ |

Filed: USBC - District of Delaware
Nortel Networks Inc., Et Al.
09-10138 (KG)     0000005351

| 7. Credits: The amount of all payments on this claim has ...<br>8. Documents: Attach redacted copies of any documents invoices, itemized statements of running accounts, contracts, Attach redacted copies of documents providing evidence of p reverse side.) If the documents are voluminous, attach a sum<br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHE<br>If the documents are not available, please explain: | **FOR COURT USE ONLY**<br><br>**FILED / RECEIVED**<br>**SEP 3 0 2009**<br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
|---|---|
| Date:<br>September 30, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>By: AT&T Corp. and its affiliates/subsidiaries<br>By: _____[signature]_____ |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

75831026.3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------x
                                 :
In re:                           :     Chapter 11
                                 :
NORTEL NETWORKS, INC., *et al.*, :     Case No. 09-10138 (KG)
                                 :     (Jointly Administered)
                Debtors.         :
                                 :
---------------------------------x

## ATTACHMENT TO PROOF OF CLAIM OF
## AT&T CORP. AND ITS SUBSIDIARIES AND AFFILIATES

AT&T Corp., on behalf of itself and its subsidiaries and affiliates, including but not limited to, AT&T Services, Inc., SBC Services, Inc., BellSouth Corporation, BellSouth Telecommunications, Inc., BellSouth Long Distance, Inc., BellSouth Communications Systems, LLC, Pacific Bell/Nevada Bell, Bell Telephone Company and Cingular Wireless LLC (collectively, "AT&T"), submits this attachment to its proof of claim (the "Proof of Claim") against Nortel Networks, Inc. and its debtor affiliates (collectively and individually, "Nortel" or "Debtor(s)") as follows:

1. On January 14, 2009 (the "Petition Date"), Nortel Networks, Inc. and certain of its affiliates filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. AT&T and the Debtors are parties to numerous contracts, including the following[1]:

- AT&T - Nortel General Agreement No. 980332, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or

---

[1] Certain of the AT&T Contracts listed below are with Northern Telecom, Inc., the predecessor to Nortel Networks, Inc. Both "Nortel Networks, Inc." and "Northern Telecom, Inc." are referred to as "Nortel."

pursuant to, between AT&T Services, Inc. and Nortel (the "<u>Nortel Agreement No. 980332</u>")

- Nortel Switching Module No. 03031410, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between AT&T Services, Inc. and Nortel

- General Purchase Agreement No. GPA011D, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, and or supplemented, between AT&T Corp. and Nortel

- Global Supply and Services Contract No. R11796A, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between BellSouth Corporation and Nortel

- Purchase/License Agreement No. 100097, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between BellSouth Long Distance, Inc. and Nortel

- Agreement for the License of Incremental Software No. 03031697, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between AT&T Services, Inc. and Nortel

- Multi-Commitment and Purchase Agreement No. 20080912.028.C, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between AT&T Services, Inc. and Nortel

- Unified Networks Distributorship Agreement, Version 4.02, No. 00017864, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between SBC Services, Inc. and Nortel

- Master Sales Agreement, No. 20070723.013.C, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between Cingular Wireless LLC and Nortel (the "<u>Cingular Agreement</u>").

- Trial Agreement, No. 20061215.034.C, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between AT&T Services, Inc. and Nortel

- Master Agreement for INA Software, No. PO7137, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between Pacific Bell/Nevada Bell and Nortel

- Facilities Management Agreement, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to,

between BellSouth Communications Systems, LLC and Nortel

- Letter Agreement Regarding ESSP Cap Solution, No. 200900107, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between AT&T Mobility LLC and Nortel.

- Cooperative Agreement to Letter Agreement No. J-FBI-99-053, No. 00014322, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between SBC Services, Inc., FBI and Nortel

- Optical Networks Management Software and Technical Support Agreement, No. 5041050, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between SBC Services, Inc. and Nortel

- Agreement for Purchases of User Licenses and Technical Support for Optical Planner Software, No. 20071110.001.C, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between AT&T Services, Inc. and Nortel

- Subordinate MPS 1000 Products and Services Agreement, No. 04036069, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between AT&T Services, Inc. and Nortel

- General Agreement, No. C0228MO, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between Bell Telephone Company and Nortel (the "Bell Agreement #1")

- DMS Family Material and Installation Contract, No. C4113FO, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between Bell Telephone Company and Nortel (together with Bell Agreement # 1, the "Bell Agreements")

- The AT&T – Nortel Switching Module Agreement, No. 20081204.042.C, as amended, and/or supplemented, and including all agreements, work statements or similar documents issued thereunder or pursuant to, between AT&T Services Inc. and Nortel [2]

(collectively, the "AT&T Contracts").[3] Pursuant to the AT&T Contracts, AT&T purchases Nortel equipment and maintenance for use in AT&T's telecommunications network and also purchases Nortel equipment for resale to AT&T's customers for use in connection with AT&T's

---

[2] AT&T reserves the right to amend the Proof of Claim if additional contracts are discovered at a later date.
[3] The AT&T Contracts are too voluminous to attach but can be obtained on request to counsel.

telecommunication services. In addition, under the AT&T Contracts, the Debtors have certain obligations and responsibilities, including, without limitation, to: (i) provide services on Nortel equipment, (ii) provide program, distribution, promotional and administrative support and technical training, (ii) provide warranties on Nortel equipment, and (iii) indemnify AT&T against, among other things, any damages or losses caused by the products, or as a result of claims for copyright infringement made by third parties against AT&T.

3. AT&T has certain non-contingent claims against Nortel under the AT&T Contracts, including the following:

- $90,000 – Nortel's indemnification obligation under the Cingular Agreement, based on Nortel's share of the defense costs and expenses in Aerotel, Ltd. et al. vs. AT&T, Inc. et al., Civil Action No. 07-CV-3217 filed April 20, 2007.

- $1,522,525.00 - Nortel's indemnification obligation under the Bell Agreements, based on the defense costs and expenses in Reese v. Southwestern Bell Telephone, L.P, et. al, Appeal No. 2009-1215 (Fed, Cir. 2009, *appealed from*, E.D. Tex. 2007).

- Unliquidated amount - Nortel's indemnification obligation under the Nortel Agreement No. 980332, based on defense costs and expenses in the TR Labs v. AT&T Corp. Case No.2:09-cv-03883-PGS-ES (D. N.J. 2009).

- Unliquidated amount – Nortel's indemnification obligation under the Cingular Agreement, based on defense costs and any liability in On The Go, LLC v. AT&T Mobility, LLC et al, Civil Action No. 1:09-cv-02792 filed July 9, 2009, N.D. IL.

- Unliquidated amount - Nortel's indemnification obligation under the Cingular Agreement, based on defense costs and any liability in Technology Patents LLC v. Deutsche Telekom AG et al, Civil Action No. AW-07-3012 filed January 9, 2007, D. MD.

4. AT&T also has contingent and unliquidated claims against the Debtors under the AT&T Contracts. AT&T's rights to enforce such claims have not been triggered, including, but not limited to, AT&T's rights to enforce Nortel's obligations and responsibilities as described in

paragraph 2 of this Proof of Claim. AT&T reserves the right to amend this Proof of Claim if such claims become non-contingent and liquidated.

5. In addition, certain sales taxes were assessed against Nortel in connection with the sale of certain products, which were paid by AT&T as the purchaser. Nortel, pursuant to agreements with AT&T (the "<u>AT&T Tax Agreements</u>"), sought refunds and contested these sales taxes. Under the AT&T Tax Agreements, AT&T pays costs of the litigations. Nortel/AT&T prevailed against the State Board of Equalization of California and was awarded certain amounts as tax refunds. The State Board of Equalization of California has appealed the decisions. Pursuant to California law and the AT&T Tax Agreements, any amounts awarded are property of AT&T and not property of the estate. These matters are set forth herein out of an abundance of caution and nothing herein shall be deemed a waiver of any of AT&T's rights or claims.

\* \* \*

6. AT&T reserves the right to amend and/or supplement this Proof of Claim and to assert any and all other claims of whatever kind or nature that it has, or may have, against the Debtors or any other debtor that come to the attention of AT&T. The filing of this Proof of Claim shall not be deemed a waiver of such claims.

7. The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver, modification or release of AT&T's rights against the Debtor or any other person, entity or property; (b) a consent by AT&T to the jurisdiction of this court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving AT&T; (c) a waiver or release of AT&T's right to trial by jury in this court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated

legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by AT&T to trial by jury in this court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of AT&T's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; or (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in these cases against or otherwise involving AT&T.

8.     AT&T reserves all setoff, recoupment, netting and similar rights under any applicable contract or statute, or under common-law or at equity.

9.     AT&T reserves all of its rights to claim that any portion of this Proof of Claim or any other claim that AT&T may assert against Debtors must be paid in full under Sections 503 or 507 of the Bankruptcy Code or otherwise as an administrative expense.

10. All notices and communications concerning this Proof of Claim should be sent to the undersigned as follows:

James W Grudus, Esq.
General Attorney
One AT&T Way, Room 3A218
Bedminster, NJ 07921
Tel: (908) 234-3318
Email: jg5786@att.com

With Copies to:

Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10103
Attn: David A. Rosenzweig, Esq.
Tel. (212) 318-3000
Email: drosezweig@fulbright.com

**H**
**A**
**N**
**D**

**D**
**E**
**L**
**I**
**V**
**E**
**R**
**Y**

_____  _____  _____
     RECEIVED BY:                  DATE                TIME