# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
:
*In re*                                          :       Chapter 11
:
Nortel Networks Inc., *et al.*,[1]              :       Case No. 09-10138 (KG)
:
      Wind-Down Debtors and        :       Jointly Administered
      Debtor-In-Possession.         :
:
---------------------------------------------------------X       Objections Due: February 28, 2019 at 4:00 p.m. (ET)

**ONE-HUNDRED AND SECOND INTERIM APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED BY NORTEL NETWORKS INDIA INTERNATIONAL INC. FOR THE PERIOD MAY 1, 2017 THROUGH DECEMBER 31, 2018**

| | |
|---|---|
| Name of Applicant: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 4, 2009 nunc pro tunc to January 14, 2009 |
| Period for which Compensation and reimbursement is sought: | May 1, 2017 through December 31, 2018 |
| Amount of compensation sought as actual, reasonable and necessary: | $9,268.50 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $167.23 |

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226). Nortel Networks India International Inc. (8667) remains a debtor-in-possession. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

This is an  x  interim          final application

The total time expended for fee application preparation is approximately 5.50 hours and the corresponding compensation requested is approximately $2,500.00.[2]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 2/13/09 | 1/14/09 – 1/31/09 | $85,859.00/$23,353.91 | $85,859.00/$23,353.91 |
| 3/26/09 | 2/1/09 – 2/28/09 | $73,614.00/$50,566.31 | $73,614.00/$50,566.31 |
| 4/28/09 | 3/1/09 – 3/31/09 | $40,052.00/$16,676.97 | $40,052.00/$16,676.97 |
| 6/1/09 | 4/1/09 – 4/30/09 | $42,954.50/$10,037.89 | $42,954.50/$10,037.89 |
| 6/18/09 | 5/1/09 – 5/31/09 | $83,006.00/$25,040.48 | $83,006.00/$25,040.48 |
| 8/5/09 | 6/1/09 – 6/30/09 | $74,734.60/$42,928.97 | $74,734.60/$42,928.97 |
| 8/31/09 | 7/1/09 – 7/31/09 | $117,769.50/$53,271.92 | $117,769.50/$53,271.92 |
| 9/24/09 | 8/1/09 – 8/31/09 | $54,052.50/$19,895.00 | $54,052.50/$19,895.00 |
| 10/22/09 | 9/1/09 – 9/30/09 | $125,444.00/$25,254.56 | $125,444.00/$25,254.56 |
| 11/23/09 | 10/1/09 – 10/31/09 | $81,157.00/$25,412.27 | $81,157.00/$25,412.27 |
| 1/5/10 | 11/1/09 – 11/30/09 | $143,880.50/$38,302.66 | $143,880.50/$38,302.66 |
| 1/28/10 | 12/1/09 – 12/31/09 | $116,740.00/$34,922.61 | $116,740.00/$34,922.61 |
| 2/15/10 | 1/1/10 – 1/31/10 | $91,509.75/$16,493.68 | $91,509.75/$16,493.68 |
| 3/24/10 | 2/1/10 – 2/28/10 | $95,476.00/$25,763.13 | $95,476.00/$25,763.13 |
| 4/22/10 | 3/1/10 – 3/31/10 | $90,411.00/$27,486.03 | $90,411.00/$27,486.03 |
| 5/21/10 | 4/1/10 – 4/30/10 | $45,618.00/$12,056.68 | $45,618.00/12,056.68 |
| 6/30/10 | 5/1/10 – 5/31/10 | $73,857.50/$15,945.84 | $73,857.50/$15,945.84 |

---

[2]  Allowance for compensation for such time is not requested in this application, but will be sought in a subsequent fee application.

| | | | |
|---|---|---|---|
| 7/28/10 | 6/1/10 – 6/30/10 | $108,945.25/$11,730.99 | $108,945.25/$11,730.99 |
| 8/23/10 | 7/1/10 – 7/31/10 | $112,383.50/$8,047.57 | $112,383.50/$8,047.57 |
| 10/1/10 | 8/1/10 – 8/31/10 | $106,822.75/$10,719.78 | $106,822.75/$10,719.78 |
| 10/22/10 | 9/1/10 – 9/30/10 | $135,167.75/$20,355.43 | $135,167.75/$20,355.43 |
| 11/17/10 | 10/1/10-10/31/10 | $86,345.00/$12,983.11 | $86,345.00/$12,983.11 |
| 12/27/10 | 11/1/10-11/30/10 | $112,526.25/$23,300.46 | $112,526.25/$23,300.46 |
| 1/27/11 | 12/1/10-12/31/10 | $93,371.00/$27,703.11 | $93,371.00/$27,703.11 |
| 2/18/11 | 1/1/11-1/31/11 | $118,982.50/$21,125.94 | $118,982.50/$21,125.94 |
| 3/25/11 | 2/1/11-2/28/11 | $103,660.50/$13,570.53 | $103,660.50/$13,570.53 |
| 5/6/11 | 3/1/11-3/31/11 | $89,865.00/$10,715.77 | $89,865.00/$10,715.77 |
| 5/31/11 | 4/1/11-4/30/11 | $158,013.50/$30,734.77 | $158,013.50/$30,734.77 |
| 6/23/11 | 5/1/11-5/31/11 | $104,089.00/$10,796.77 | $104,089.00/$10,796.77 |
| 7/28/11 | 6/1/11-6/30/11 | $180,369.00/$29,810.95 | $180,369.00/$29,810.95 |
| 8/16/11 | 7/1/11-7/31/11 | $114,729.00/$22,284.70 | $114,729.00/$22,284.70 |
| 10/13/11 | 8/1/11-8/31/11 | $118,295.50/$45,301.34 | $118,295.50/$45,301.34 |
| 10/26/11 | 9/1/11-9/30/11 | $98,823.50/$15,355.07 | $98,823.50/$15,355.07 |
| 11/22/11 | 10/1/11-10/31/11 | $100,158.50/$31,489.14 | $100,158.50/$31,489.14 |
| 12/30/11 | 11/1/11-11/30/11 | $80,313.50/$7,722.77 | $80,313.50/$7,722.77 |
| 1/23/12 | 12/1/11-12/31/11 | $48,411.50/$13,113.86 | $48,411.50/$13,113.86 |
| 2/28/12 | 1/1/12-1/31/12 | $73,182.00/$13,849.61 | $73,182.00/$13,849.61 |
| 4/12/12 | 2/1/12-2/29/12 | $68,897.50/$5,235.34 | $68,897.50/$5,235.34 |
| 4/25/12 | 3/1/12-3/31/12 | $64,376.00/$10,885.63 | $64,376.00/$10,885.63 |
| 5/21/12 | 4/1/12-4/30/12 | $54,678.50/$5,693.56 | $54,678.50/$5,693.56 |
| 7/10/12 | 5/1/12-5/31/12 | $59,010.00/$4,870.17 | $59,010.00/$4,870.17 |
| 8/8/12 | 6/1/12-6/30/12 | $58,033.50/$14,114.88 | $58,033.50/$14,114.88 |

| 8/24/12 | 7/1/12-7/31/12 | $70,600.50/$14,763.05 | $70,600.50/$14,763.05 |
|---|---|---|---|
| 10/11/12 | 8/1/12-8/31/12 | $78,911.50/$10,177.64 | $78,911.50/$10,177.64 |
| 10/24/12 | 9/1/12-9/30/12 | $56,163.00/$10,201.83 | $56,163.00/$10,201.83 |
| 11/20/12 | 10/1/12-10/31/12 | $68,908.50/$13,028.18 | $68,908.50/$13,028.18 |
| 12/20/12 | 11/1/12-11/30/12 | $64,019.50/$15,733.89 | $64,019.50/$15,733.89 |
| 1/15/13 | 12/1/12-12/31/12 | $45,698.00/$14,815.13 | $45,698.00/$14,815.13 |
| 2/28/13 | 1/1/13-1/31/13 | $66,088.00/$12,040.72 | $66,088.00/$12,040.72 |
| 4/1/13 | 2/1/13-2/28/13 | $77,357.00/$10,801.78 | $77,357.00/$10,801.78 |
| 4/10/13 | 3/1/13-3/31/13 | $80,496.50/$16,051.74 | $80,496.50/$16,051.74 |
| 5/21/13 | 4/1/13-4/30/13 | $134,164.50/$27,430.06 | $134,164.50/$27,430.06 |
| 6/19/13 | 5/1/13-5/31/13 | $122,922.50/$23,097.63 | $122,922.50/$23,097.63 |
| 7/15/13 | 6/1/13-6/30/13 | $76,554.50/$ 18,341.63 | $76,554.50/$ 18,341.63 |
| 8/22/13 | 7/1/13-7/31/13 | $77,966.00/$12,236.96 | $77,966.00/$12,236.96 |
| 9/13/13 | 8/1/13-8/31/13 | $90,503.00/$7,099.98 | $90,503.00/$7,099.98 |
| 10/15/13 | 9/1/13-9/30/13 | $96,516.50/$14,108.54 | $96,516.50/$14,108.54 |
| 11/18/13 | 10/1/13-10/31/13 | $112,894.50/$15,319.69 | $112,894.50/$15,319.69 |
| 12/19/13 | 11/1/13-11/30/13 | $104,876.50/$16,449.41 | $104,876.50/$16,449.41 |
| 1/16/14 | 12/1/13-12/31/13 | $61,550.50/$5,312.57 | $61,550.50/$5,312.57 |
| 2/11/14 | 1/1/14-1/31/14 | $118,050.00/$8,795.39 | $118,050.00/$8,795.39 |
| 3/24/14 | 2/1/14-2/28/14 | $85,669.50/$9,637.12 | $85,669.50/$9,637.12 |
| 4/29/14 | 3/1/14-3/31/14 | $123,022.50/$6,046.36 | $123,022.50/$6,046.36 |
| 5/22/14 | 4/1/14-4/30/14 | $173,525.50/8,027.16 | $173,525.50/8,027.16 |
| 6/17/14 | 5/1/14-5/31/14 | $292,402.50/$29,949.74 | $292,402.50/$29,949.74 |
| 7/15/14 | 6/1/14-6/30/14 | $135,096.00/$108,324.56 | $135,096.00/$108,324.56 |
| 8/26/14 | 7/1/14-7/31/14 | $95,345.50/$19,331.64 | $95,345.50/$19,331.64 |

| | | | |
|---|---|---|---|
| 9/24/14 | 8/1/14-8/31/14 | $102,349.00/$4,550.56 | $102,349.00/$4,550.56 |
| 10/20/14 | 9/1/14-9/30/14 | $120,029.50/$11,207.18 | $120,029.50/$11,207.18 |
| 11/19/14 | 10/1/14-10/31/14 | $85,481.00/$13,438.55 | $85,481.00/$13,438.55 |
| 12/18/14 | 11/1/14-11/30/14 | $88,909.50/$21,619.89 | $88,909.50/$21,619.89 |
| 1/12/15 | 12/1/14-12/31/14 | $42,127.50/$13,277.01 | $42,127.50/$13,277.01 |
| 2/18/15 | 1/1/15-1/31/15 | $47,120.00/$5,975.70 | $47,120.00/$5,975.70 |
| 3/25/15 | 2/1/15-2/28/15 | $77,562.50/$13,855.65 | $77,562.50/$13,855.65 |
| 4/20/15 | 3/1/15-3/31/15 | $82,082.00/$6,801.58 | $82,082.00/$6,801.58 |
| 5/12/15 | 4/1/15-4/30/15 | $54,016.50/$7,377.35 | $54,016.50/$7,377.35 |
| 6/15/15 | 5/1/15-5/31/15 | $86,893.50/$6,471.75 | $86,893.50/$6,471.75 |
| 7/15/15 | 6/1/15-6/30/15 | $85,606.00/$5,532.09 | $85,606.00/$5,532.09 |
| 8/13/15 | 7/1/15-7/31/15 | $85,742.00/$8,040.44 | $85,742.00/$8,040.44 |
| 9/14/15 | 8/1/15-8/31/15 | $76,964.50/$4,611.72 | $76,964.50/$4,611.72 |
| 10/19/15 | 9/1/15-9/30/15 | $80,206.50/$9,623.78 | $80,206.50/$9,623.78 |
| 11/11/15 | 10/1/15-10/31/15 | $106,863.25/$9,345.23 | $106,863.25/$9,345.23 |
| 12/11/15 | 11/1/15-11/30/15 | $86,933.75/$7,271.34 | $86,933.75/$7,271.34 |
| 1/8/16 | 12/1/15-12/31/16 | $64,046.50/$2,733.71 | $64,046.50/$2,733.71 |
| 2/10/16 | 1/1/16-1/31/16 | $49,726.50/$3,724.97 | $49,726.50/$3,724.97 |
| 3/9/16 | 2/1/16-2/29/16 | $83,942.50/$6,712.86 | $83,942.50/$6,712.86 |
| 4/11/16 | 3/1/16-3/31/16 | $92,806.50/$2,385.49 | $92,806.50/$2,385.49 |
| 5/11/16 | 4/1/16-4/30/16 | $57,368.00/$4,428.84 | $57,368.00/$4,428.84 |
| 6/15/16 | 5/1/16-5/31/16 | $55,446.00/$4,148.31 | $55,446.00/$4,148.31 |
| 7/12/16 | 6/1/16/6/30/16 | $60,761.50/$1,471.94 | $60,761.50/$1,471.94 |
| 8/11/16 | 7/1/16-7/31/16 | $53,399.50/$4,390.28 | $53,399.50/$4,390.28 |
| 9/15/16 | 8/1/16-8/31/16 | $73,906.00/$2,212.10 | $73,906.00/$2,212.10 |

| 10/27/16 | 9/1/16-9/30/16 | $69,718.50/$2,283.84 | $69,718.50/$2,283.84 |
|---|---|---|---|
| 11/16/16 | 10/1/16-10/31/16 | $145,529.50/$2,677.42 | $145,529.50/$2,677.42 |
| 12/30/16 | 11/1/16-11/30/16 | $116,141.50/$6,435.78 | $116,141.50/$6,435.78 |
| 1/26/17 | 12/1/16-12/31/16 | $181,113.50/$6,308.39 | $181,113.50/$6,308.39 |
| 2/15/17 | 1/1/17-1/31/17 | $259,512.50/$18,834.08 | $259,512.50/$18,834.08 |
| 3/13/17 | 2/1/17-2/28/17 | $139,190.00/$7,765.34 | $139,190.00/$7,765.34 |
| 4/13/17 | 3/1/17-3/31/17 | $75,178.00/$3,369.56 | $75,178.00/$3,369.56 |
| 7/6/17 | 4/1/17-4/30/17 | $59,599.00/$2,832.14 | $59,599.00/$2,832.14 |

## COMPENSATION BY PROFESSIONAL

Nortel Networks Inc., *et al.*
(Case No. 09-10138 (KG))

May 1, 2017 Through December 31, 2018

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Eric Schwartz | Partner/Bankruptcy | $775 | .4 | $310.00 |
| Derek C. Abbott | Partner/Bankruptcy | 750 | .2 | 150.00 |
| Andrew R. Remming | Partner/Bankruptcy | 650 | .1 | 65.00 |
| Tamara K. Mann | Associate/Bankruptcy | 550 | 11.1 | 6,105.00 |
|  |  | 515 | .3 | 180.00 |
| Andrew Roth-Moore | Associate/Bankruptcy | 515 | .3 | 154.50 |
| Renae Fusco | Paralegal | 300 | .4 | 120.00 |
| Angela Conway | Paralegal | 300 | .4 | 120.00 |
| Marisa Maddox | Paralegal | 295 | 6.4 | 1,888.00 |
| Theresa M. Naimoli | Case Clerk | 160 | 1.1 | 176.00 |
| **Total** |  |  | **20.7** | **$9,268.50** |
| **GRAND TOTAL:** | $113,428.00 |  |  |  |
| **BLENDED RATE:** | $447.75 |  |  |  |

## COMPENSATION BY PROJECT CATEGORY

Nortel Networks, Inc., *et al.*
(Case No. 09-10138 (KG))

May 1, 2017 Through December 31, 2018

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Case Administration | .1 | $65.00 |
| Fee Applications (MNAT- Filing) | .8 | 236.00 |
| Fee Applications (Others – Filing) | 4.9 | 2,093.50 |
| Fee Applications (Others- Objections) | .9 | 444.00 |
| Other Contested Matters | 2.6 | 1,140.50 |
| Claims Objections and Administration | 3.7 | 1,947.50 |
| Professional Retention (Others-Filing) | .5 | 271.50 |
| Schedules/SOFA/U.S. Trustee Reports | 7.2 | 3,070.50 |
| **TOTAL** | **20.7** | **$9,268.50** |

## EXPENSE SUMMARY

Nortel Networks, Inc., *et al.*
(Case No. 09-10138 (KG))

May 1, 2017 Through December 31, 2018

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---:|
| Postage | | $1.19 |
| Messenger Services | | 15.00 |
| Courier/Delivery Service | | 13.80 |
| Computer Research | Westlaw | 75.24 |
| In House Printing | Black and White | 57.50 |
| Pacer | | 4.50 |
| **Total Expenses** | | **$167.23** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------X | | Chapter 11 |
| *In re* | : | |
| | : | Case No. 09-10138 (KG) |
| Nortel Networks Inc., *et al.*,[1] | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| ------------------------------------------------------X | | **Objections Due: February 28, 2019 at 4:00 p.m. (ET)** |

**ONE-HUNDRED AND SECOND INTERIM APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED BY NORTEL NETWORKS INDIA INTERNATIONAL INC. FOR THE PERIOD MAY 1, 2017 THROUGH DECEMBER 31, 2018**

Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), counsel for Nortel Networks India International Inc. in the above-captioned cases (the "Debtor"), submits this application (the "Application") for interim allowance of compensation for professional services rendered by Morris Nichols to the Debtor for the period May 1, 2017 through December 31, 2018 (the "Application Period") and reimbursement of actual and necessary expenses incurred by Morris Nichols during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567), Nortel Networks (CALA) Inc. (4226), and Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members (D.I. 293) (the "Interim Compensation Procedures Order"), the Order Modifying the Application of Local Rules 2014-1(C) and 2016-2(F), dated March 5, 2013 (D.I. 9584) (the "Modification Order"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications dated July 10, 2013 (D.I. 11082) (the "Order Appointing a Fee Examiner"). In support of this Application, Morris Nichols represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3. On January 14, 2009 (the "Petition Date"), the Nortel Networks Inc. ("NNI") and its affiliated debtors and debtors-in-possession (collectively, the "Original Debtors"), other than Nortel Networks (CALA) Inc.[2] ("NN CALA") and Nortel Networks India

---

[2] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and jointly administered with the other Debtors' chapter 11 cases for procedural purposes (D.I. 1098).

International Inc. ("NN III"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases were consolidated for procedural purposes only.

4. On July 26, 2016, NN III field a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which was consolidated and jointly administered with the Original Debtors' chapter 11 cases for procedural purposes (D.I. 17090).

5. On May 8, 2017, the *First Amended Joint Chapter 11 Plan or Nortel Networks Inc. and Certain of its Affiliated Debtors* (as modified, amended, or supplemented from time to time and including all exhibits thereto) (D.I. 17763) (the "Plan") became effective as to all Original Debtors and NN CALA. NN III has not filed a chapter 11 plan and the Plan is not effective as to NN III.

6. On July 7, 2017, the Debtors filed the *One-Hundred And First Monthly (For The Period May 1, 2017 Through May 8, 2017) And Final Application Of Morris, Nichols, Arsht & Tunnell LLP, As Delaware And General Bankruptcy Counsel To The Debtors And Debtors-In-Possession, For Allowance Of Compensation And For Reimbursement Of All Actual And Necessary Expenses Incurred For The Period January 14, 2009 Through May 8, 2017* (D.I. 18348) (the "MNAT Final Fee Application") which requested final approval for fees incurred by all Original Debtors, NN CALA and NN III through the Effective Date of May 8, 2017. The MNAT Final Fee Application provided that MNAT would continue to file fee applications for services performed on behalf of NN III through the pendency of its bankruptcy case.

7. For further information regarding these chapter 11 cases, references may be made to the Monthly Operating Reports filed by the Debtors at http://dm.epiq11.com/nortel.

**MORRIS NICHOLS' RETENTION**

8. Prior to the Petition Date, the Debtors engaged Morris Nichols as

Delaware and General Bankruptcy Counsel in connection with these bankruptcy cases. On February 4, 2009, this Court entered the Order Pursuant to 11 U.S.C. Sections 327(a) and 1107(b), Fed. R. Bankr. P.2014 and 2016, and Del. Bankr. L.R. 2014-1 and 2016-1 Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Delaware and General Bankruptcy Counsel for the Debtors *nunc pro tunc* to the Petition Date (D.I. 220). On August 6, 2016, the Court entered the Order to Have Previously Entered Orders as Supplemented Govern Nortel Networks India International Inc. Prospectively (Case No. 16-11715, D.I. 15) ("<u>NN III Bringdown Order</u>") which provided that the MNAT Retention Order would be applicable to NN III and its bankruptcy. Case.

## FEE PROCEDURES ORDER

9. On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.[3] The NN III Bringdown Order provided that the Interim Compensation Procedures Order is applicable to NN III.

10. In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month. Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the

---

[3] Capitalized terms used but not defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

11.     On March 5, 2012, the Court entered the Modification Order, which modified the application in these chapter 11 cases of certain amendments to Local Rules 2014-1(C) and 2016-2(F), which took effect on February 1, 2013 (D.I. 9584).

12.     On July 10, 2013, the Court entered the Order Appointing a Fee Examiner pursuant to which a Fee Examiner was appointed to these chapter 11 cases and which modified certain terms of the Modification Order (D.I. 11082).

13.     During the Application Period, MNAT provided services to the Debtor in furtherance of the completion of its case.  During such period, with the aid of MNAT and Cleary, Gottlieb, Steen & Hamilton LLP ("Cleary Gottlieb"), the Debtor engaged in various activities including working with Indian counsel to pursue certain tax appeals in India, reviewing and coordinating case reporting, and working on certain draft pleadings in consultation with the client.  MNAT also assisted the Debtor with numerous other matters, including the Debtor's reporting obligations established by the Code.

## RELIEF REQUESTED

14.     Morris Nichols submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as counsel for the Debtor in these cases for the period from May 1, 2017 through December 31, 2018, and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtor during that same period.

15.     During the period covered by this Application, Morris Nichols incurred fees in the amount of $9,268.50.  For the same period, Morris Nichols incurred actual, reasonable

and necessary expenses totaling $167.23. With respect to these amounts, as of the date of this Application, Morris Nichols has received no payments. Morris Nichols' fees for the Compensation Period are based on the customary compensation charged by comparably skilled professionals in cases other than cases under Title 11.

16. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

17. **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

18. **Exhibit B** attached hereto contains a breakdown of disbursements incurred by Morris Nichols during the Application Period.

19. Morris Nichols charges $.10 per page for black and white photocopying and $.80 per page for color photocopying.

20. Morris Nichols charges $.25 per page for outgoing domestic facsimiles and does not charge for incoming facsimiles.

21. In accordance with Local Rule 2016-2, Morris Nichols has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

22. Morris Nichols has endeavored to represent the Debtor in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Morris Nichols so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, Morris Nichols

has endeavored to coordinate with Cleary Gottlieb and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtor. We believe we have been successful in this regard.

23. No agreement or understanding exists between Morris Nichols and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

24. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Morris Nichols respectfully requests that this Court: (a) allow Morris Nichols (i) interim compensation in the amount of $9,268.50 for actual, reasonable and necessary professional services rendered on behalf of the Debtor during the period May 1, 2017 through December 31, 2018, and (ii) interim reimbursement in the amount of $167.23 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtor to pay to Morris Nichols the amount of $7,582.03 which is equal to the sum of 80% ($7,414.80) of Morris Nichols' allowed interim compensation and 100% ($167.23) of Morris Nichols' allowed expense reimbursement; and (c) grant such other and further relief as is just and proper.

Dated: February 8, 2019
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

  /s/ Tamara K. Mann
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
1201 North Market Street, 16th Floor
Wilmington, DE 19899-1347
Telephone: 302-658-9200

Facsimile: 302-658-3989

*Counsel for the Wind-Down Debtors and Debtor in Possession*

11061883.1