## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
                           :

*In re*                     :      Chapter 11
                           :

Nortel Networks Inc., *et al.*,[1]    :      Case No. 09-10138 (KG)
                           :

      Wind-Down Debtors and Debtor-In-  :      Jointly Administered
      Possession.               :
                           :      **Hearing date: June 17, 2019, 2:00 PM (ET)**
                           :      **Objections due: June 7, 2019, 4:00 PM (ET)**
---------------------------------------------------------X

## DEBTORS' FIFTH MOTION PURSUANT TO SECTION 1142 AND 105(a) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' DEADLINE TO OBJECT TO CERTAIN ADMINISTRATIVE EXPENSE CLAIMS

Nortel Networks Inc. ("<u>NNI</u>"), on behalf of itself and certain of its affiliates,[2] as

wind-down debtors in the above-captioned cases (collectively, the "<u>Debtors</u>") hereby moves (the

"<u>Motion</u>") the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") for an

order, pursuant to sections 1142 and 105(a) of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>") and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"),[3]

substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"), extending the

---

[1]     The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are:  Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), Nortel Altsystems International Inc. (5596), Xros, Inc. (4181), Sonoma Systems (2073), Qtera Corporation (0251), CoreTek, Inc. (5722), Nortel Networks Applications Management Solutions Inc. (2846), Nortel Networks Optical Components Inc. (3545), Nortel Networks HPOCS Inc. (3546), Architel Systems (U.S.) Corporation (3826), Nortel Networks International Inc. (0358), Northern Telecom International Inc. (6286), Nortel Networks Cable Solutions Inc. (0567) and Nortel Networks (CALA) Inc. (4226).  Nortel Networks India International Inc. (8667) remains a debtor-in-possession.  Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]     Nortel Networks India International Inc. does not join in seeking relief from the Court through this Motion.

[3]     Local Rule 9006-2 provides: "Unless otherwise provided in the Code or in the Fed. R. Bankr. P., if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."

Debtors' deadline to object to administrative expense claims (the "Administrative Expense Claims Objection Deadline"), as set forth in the Debtors' *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of Its Affiliated Debtors* (the "Plan")[4] and the Court's order confirming the Plan [D.I. 17795] (the "Confirmation Order"), and as extended by the Court's First Extension Order, Second Extension Order, Third Extension Order and Fourth Extension Order (each, as defined below), solely with respect to administrative expense claims of governmental units (as defined in section 101(27) of the Bankruptcy Code) arising under sections 503(b)(1)(B) or (C) of the Bankruptcy Code (such claims, "Tax Administrative Expense Claims") to September 30, 2019.  In further support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 1142 the Bankruptcy Code.

## Background

3.      On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc. and Nortel Networks India International Inc. ("NNIII"), filed voluntary

---

[4]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

petitions for relief under chapter 11 of the Bankruptcy Code.[5]  The Office of the United States

Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of

Unsecured Creditors (the "Committee") in respect of the Debtors during the case [D.I.s 141,

142][6], and an ad hoc group of bondholders and a consortium of creditors holding trade claims

were organized.

4.      On December 1, 2016, the Debtors filed the Plan with the Court [D.I. 17501].  An

amended version of the Plan, dated January 23, 2017, was filed with the Court [D.I. 17763].  On

January 24, 2017, the Court confirmed the Plan for all Debtors except NNIII [D.I. 17795].  On

May 8, 2017, the Debtors filed the *Notice of Entry of Confirmation Order and Occurrence of*

*Effective Date of First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of*

*Its Affiliated Debtors* providing notice that the Plan became effective and was substantially

consummated on May 8, 2017 (the "Effective Date").

5.      On October 31, 2017, the Debtors filed the *Debtors' Motion Pursuant to Section*

*1142 and 105(a) of the Bankruptcy Code for Entry of an Order Extending the Debtors' Deadline*

*to Object to Certain Administrative Expense Claims* [D.I. 18487] (the "First Extension Motion"),

seeking to extend the Administrative Expense Claims Objection Deadline to March 30, 2018,

solely with respect to Tax Administrative Expense Claims.  On November 16, 2017, the Court

---

[5]      These cases are consolidated for procedural purposes only.  Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes (D.I. 1098), and NNIII filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 26, 2016, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes (D.I. 17090, the cases together, the "Chapter 11 Cases").

[6]      Pursuant to the *Findings of Fact, Conclusions of Law, and Order Confirming First Amended Joint Chapter 11 Plan Nortel Networks, Inc. and Certain of its Affiliated Debtors* [D.I. 17795], the Committee was dissolved automatically on the Effective Date (as defined below).

entered an order granting the relief requested in the First Extension Motion [D.I. 18505] (the "First Extension Order").

6.      On February 16, 2018, the Debtors filed the *Debtors' Second Motion Pursuant to Section 1142 and 105(a) of the Bankruptcy Code for Entry of an Order Extending the Debtors' Deadline to Object to Certain Administrative Expense Claims* [D.I. 18575] (the "Second Extension Motion"), seeking to extend the Administrative Expense Claims Objection Deadline to July 31, 2018, solely with respect to Tax Administrative Expense Claims.  On March 8, 2018, the Court entered an order granting the relief requested in the Second Extension Motion [D.I. 18579] (the "Second Extension Order").

7.      On June 19, 2018, the Debtors filed the *Debtors' Third Motion Pursuant to Section 1142 and 105(a) of the Bankruptcy Code for Entry of an Order Extending the Debtors' Deadline to Object to Certain Administrative Expense Claims* [D.I. 18609] (the "Third Extension Motion"), seeking to extend the Administrative Expense Claims Objection Deadline to February 1, 2019, solely with respect to Tax Administrative Expense Claims.  On July 6, 2018, the Court entered an order granting the relief requested in the Third Extension Motion [D.I. 18615] (the "Third Extension Order").

8.      On January 25, 2019, the Debtors filed the *Debtors' Fourth Motion Pursuant to Section 1142 and 105(a) of the Bankruptcy Code for Entry of an Order Extending the Debtors' Deadline to Object to Certain Administrative Expense Claims* [D.I. 18678] (the "Fourth Extension Motion"), seeking to extend the Administrative Expense Claims Objection Deadline to July 1, 2019, solely with respect to Tax Administrative Expense Claims.  On February 12, 2019, the Court entered an order granting the relief requested in the Fourth Extension Motion [D.I. 18686] (the "Fourth Extension Order").

**Facts Relevant to this Motion**

9.       Section 1.2 of the Plan and paragraph 184 of the Confirmation Order each provide

the deadline for the filing of Administrative Expense Claims, other than Professional Claims, as

30 days following the Effective Date, unless otherwise ordered by the Court, which date

occurred on June 7, 2017 (the "<u>Administrative Expense Claims Bar Date</u>").  Section 2.1 of the

Plan and paragraph 186 of the Confirmation Order grant the Debtors the right to object to any

Administrative Expense Claim within 180 days after the Administrative Expense Claims Bar

Date has passed, which date was extended by the Court to July 1, 2019 pursuant to the First

Extension Order, Second Extension Order, Third Extension Order and Fourth Extension Order,

subject to further extensions that may be granted by the Court.

10.      Sections 503(b)(1)(B) and (C) of the Bankruptcy Code provide, respectively, that,

among other things, (i) any tax incurred by the Debtors' estates and (ii) any fine, penalty, or

reduction in credit relating to such a tax shall be allowed as administrative expenses.  The

Debtors filed their 2017 federal tax return on or around April 25, 2018, their 2017 state returns

on or around April 30, 2018, and their 2017 city tax returns on or around May 11, 2018.

11.      The Debtors have made substantial progress in evaluating and resolving potential

remaining tax claims.  However, certain such claims remain disputed and administrative

proceedings with respect to such claims have not yet been completed.  The Debtors believe

substantial defenses exist with respect to such disputed claims and that it is in the interests of

their estates to preserve their right to object to such claims to the extent they have not been or

cannot be finally resolved.  Accordingly, until such claims are otherwise resolved or adjudicated,

the Debtors wish to avoid any technical argument that their deadline to challenge such claims has

prematurely passed by extending the Administrative Expense Claims Objection Deadline as

requested herein.

### Relief Requested

12.      By this Motion, the Debtors seek entry of an order, pursuant to sections 1142 and

105(a) of the Bankruptcy Code, extending the Administrative Expense Claims Objection

Deadline solely to the extent it applies with respect to Tax Administrative Expense Claims to

September 30, 2019, without prejudice to the Debtors' right to seek further extensions of such

deadline.

### Basis for Relief

13.      The relief requested by the Debtors is authorized under Section 2.1 of the Plan

and paragraph 186 of the Confirmation Order, which grant the Debtors the right to seek

extensions of the Administrative Expense Claims Bar Date, and sections 1142 and 105(a) of the

Bankruptcy Code.  Section 1142 of the Bankruptcy Code requires the Debtors to implement the

provisions of the Plan and comply with orders of the Court relating to plan implementation.

Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is

necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

14.      The Debtors believe that the relief requested is reasonable and in the best interests

of the Debtors' estates and will give the Debtors additional time to resolve any issues or disputes

with respect to any Tax Administrative Expense Claims, including in connection with the

Debtors' 2017 tax returns, and to better determine how much additional time may be required if

a further extension is necessary.  The Debtors also reserve their right to file requests pursuant to

section 505(b) of the Bankruptcy Code for the determination of the Debtors' liability for any tax

for any open periods, which requests would bring certainty to the Debtors and their estates and

further the resolution of these Chapter 11 Cases.  In addition, in accordance with the Plan and the

Confirmation Order, the Debtors reserve the right to seek additional extensions of the

Administrative Expense Claims Objection Deadline should such additional extensions become necessary.

15.     The Debtors submit that entering the Proposed Order comports with the provisions of the Plan and Confirmation Order and is authorized by the Bankruptcy Code.  The relief requested will provide the Debtors additional time to address any Tax Administrative Expense Claims in a fair and equitable manner and will further the resolution of these Chapter 11 Cases.

## **Reservation of Rights**

16.     The Debtors reserve the right to object or otherwise oppose any assertion by any governmental unit of an entitlement to an administrative expense claim and further reserve the right, pursuant to Section 2.1 of the Plan, the First Extension Order, the Second Extension Order, the Third Extension Order and the Fourth Extension Order to request additional extensions of the Administrative Expense Claims Objection Deadline from the Court.

## **NOTICE**

17.     Notice of the Motion has been given via first class mail to (i) the U.S. Trustee; (ii) the California Franchise Tax Board; and (iii) the post-Effective Date Rule 2002 list maintained in these cases.  The Debtors submit that under the circumstances no other or further notice is necessary.

Dated:  May 24, 2019
        Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

     - and -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____*/s/ Tamara K. Mann*_____
Derek C. Abbott (No. 3376)
Eric D. Schwartz (No. 3134)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for the Wind-down Debtors*