## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
                                                        :
*In re*                                                 :       Chapter 11
                                                        :
Nortel Networks Inc., *et al.*,[1]                      :       Case No. 09-10138 (KG)
                                                        :
     Wind-Down Debtors and Debtor-In-              :       Jointly Administered
     Possession.                                   :
                                                        :       **Hearing date: September 9, 2019, 10:00 AM (ET)**
                                                        :       **Objections due: August 30, 2019, 4:00 PM (ET)**
------------------------------------------------------------X

### DEBTORS' MOTION FOR ENTRY OF AN
### ORDER APPROVING THE DEBTORS' ENTRY INTO
### THE SERVER ACCESS AND DISPOSITION AGREEMENT

       Nortel Networks Inc. ("NNI") and certain of its affiliates, as wind-down debtors

(the "Wind-Down Debtors") and Nortel Networks India International Inc. ("NNIII"), a debtor in

possession (collectively, the "Debtors"), hereby move this Court (the "Motion") in

furtherance of the Plan (as defined below), as confirmed by this Court by order dated January 24,

2017 [D.I. 17795] (the "Confirmation Order"), and pursuant to section 105 of title 11 of the

United States Code (the "Bankruptcy Code"), for the entry of an order substantially in the form

attached hereto as Exhibit A (the "Proposed Order") authorizing the Debtors to enter into that

certain Server Access and Disposition Agreement, dated as of August 12, 2019, between and

among the Debtors, the Contracting EMEA Debtors (as defined below), and the Joint

Administrators (the "Server Agreement")[2] concerning the Debtors' provision of certain Data

---

[1]     The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), and Nortel Networks (CALA) Inc. (4226). Nortel Networks India International Inc. (8667) remains a debtor-in-possession. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]     A copy of the Server Agreement is attached to the Proposed Order as Exhibit 1. Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Server Agreement.

Hosting Services to the Contracting EMEA Debtors and the disposition of certain servers and related data storage equipment; and granting the Debtors such other and further relief as the Court deems just and proper.  In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and paragraph 195 of the Confirmation Order, as well as the continuing authority to oversee the implementation of the Plan pursuant to Article 14 of the Plan.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.    On January 14, 2009 (the "Petition Date"), the Debtors, other than Nortel Networks (CALA) Inc. and NNIII, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[3]  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in respect of the Debtors [D.I.s 141, 142],[4] and an ad hoc group of bondholders and a consortium of creditors holding trade claims were organized.

3.    On the Petition Date, the Debtors' ultimate corporate parent Nortel Networks Corporation ("NNC"), NNI's direct corporate parent Nortel Networks Limited ("NNL," and

---

[3]    These cases are consolidated for procedural purposes only.  Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes (D.I. 1098), and NNIII filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 26, 2016, which was consolidated and is being jointly administered with the other Debtors' chapter 11 cases for procedural purposes (D.I. 17090, the cases collectively, the "Chapter 11 Cases").

[4]    Pursuant to the Confirmation Order, the Committee was dissolved automatically on the Effective Date (as defined below).

together with NNC and their affiliates, including the Debtors, "Nortel"), and certain of their Canadian affiliates (collectively, the "Canadian Debtors")[5] commenced a proceeding with the Ontario Superior Court of Justice under the Companies' Creditors Arrangement Act (Canada), seeking relief from their creditors, and a monitor, Ernst & Young Inc. (the "Monitor"), was appointed by the Canadian Court.  Also on the Petition Date, the High Court of England and Wales placed nineteen of the Debtors' European affiliates, including Nortel Networks UK Limited and certain of its affiliates located in Europe, the Middle East and Africa (collectively, the "EMEA Debtors")[6] into administration under the control of court-appointed administrators and foreign representatives.  Subsequently, a number of the EMEA Debtors dissolved or exited administration and are not parties to the Server Agreement.  The EMEA Debtors that remain under the control of the Joint Administrators are party to the Server Agreement (collectively, the "Contracting EMEA Debtors").[7]

4.     On December 1, 2016, the Debtors (other than NNIII), as well as other affiliated debtors whose cases have since been closed, filed the *First Amended Joint Chapter 11 Plan of*

---

[5]     The Canadian Debtors include the following entities:  NNC, NNL, Nortel Networks Technology Corporation, Nortel Networks Global Corporation and Nortel Networks International Corporation.

[6]     The EMEA Debtors include the following entities:  Nortel Networks UK Limited, Nortel Networks S.A., Nortel Networks (Ireland) Limited, Nortel GmbH (in administration), Nortel Networks France S.A.S. (in administration), Nortel Networks OY (in administration), Nortel Networks Romania SRL (in administration), Nortel Networks AB (in administration), Nortel Networks NV (in administration), Nortel Networks SpA (in administration), Nortel Networks BV (in administration), Nortel Networks Polska Sp z.o.o. (in administration), Nortel Networks Hispania, SA (in administration), Nortel Networks (Austria) GmbH (in administration), Nortel Networks, s.r.o. (in administration), Nortel Networks Engineering Service Kft (in administration), Nortel Networks Portugal SA (in administration), Nortel Networks Slovensko, s.r.o. (in administration) and Nortel Networks International Finance & Holding BV (in administration).  The Debtors understand from counsel to the EMEA Debtors that a number of the EMEA Debtors are either dissolved or are no longer in administration and thus do not require access under the Server Agreement.

[7]     The Contracting EMEA Debtors are: Nortel Network U.K. Limited, Nortel Networks (Ireland) Limited (in administration), Nortel Networks SpA (in administration), Nortel Networks BV (in administration), Nortel Networks Polska Sp z.o.o. (in administration), Nortel Networks (Austria) GmbH (in administration), Nortel Networks Slovensko s.r.o. (in administration), Nortel GmbH (in administration), Nortel Networks France S.A.S. (in administration) and Nortel Networks S.A. (in administration and in *liquidation judiciaire*).

*Nortel Networks Inc. and Certain of Its Affiliated Debtors* (as subsequently amended, the "Plan") with the Court [D.I. 17501]. An amended version of the Plan, dated January 23, 2017, was filed with the Court [D.I. 17763]. On January 24, 2017, the Court entered the Confirmation Order and confirmed the Plan. The Plan became effective according to its terms on May 8, 2017. *See Notice of Entry of Confirmation Order and Occurrence of Effective Date of First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of Its Affiliated Debtors* [D.I. 18176].

5.    On December 6, 2017, the Debtors filed the *Notice of Proposed Disposition of Property of the Wind-Down Debtors* [D.I. 18545] (the "First Notice of Proposed Disposition") with respect to disposition of certain property of the Wind-Down Debtors pursuant to section 15.25 of the Plan. On March 11, 2019, the Debtors filed the *Second Notice of Proposed Disposition of Property of the Wind-Down Debtors* [D.I. 18696] (the "Second Notice of Proposed Disposition," and together with the First Notice of Proposed Disposition, the "Notices of Proposed Disposition") by which the Wind-Down Debtors gave notice of their intent to abandon and dispose of all remaining property of the Wind-Down Debtors not previously disposed or abandoned. No objections were filed or received by the Wind-Down Debtors with respect to either Notice of Proposed Disposition.

## Facts Relevant to this Motion

6.    The Debtors and EMEA Debtors historically hosted and stored certain data on certain servers using SAP applications, including SAP Foreign Trade, SAP Business, and Sabrix (the "Applications"). Prior to the date of this Motion, the Debtors have provided certain data and server access and host services to the EMEA Debtors for purposes of the EMEA Debtors' administration of their estates.

7.    While the Wind-Down Debtors have authority to dispose of or destroy their remaining property without need for further order of the Court, they voluntarily chose to engage

4

with the Joint Administrators about documenting the EMEA Debtors' cessation of access to the servers, data and applications hosted by the Debtors. As set forth in more detail in the Server Agreement, in furtherance of the continuing wind down of both the U.S. and EMEA Debtors' estates and implementation of the Plan, the Debtors and the Contracting EMEA Debtors have agreed to take certain actions with respect to the data and applications currently hosted by the Debtors. Pursuant to the terms of the Server Agreement, the Debtors have agreed, *inter alia*, to continue to (i) store the Applications on certain servers, centralized data storage and all related equipment, hardware, clones, extracts, tapes, USB drives, applications, software, data, or other information, as applicable (the "Servers and Related Equipment"), consistent with prior practice as of the date of the Server Agreement; and (ii) allow the Contracting EMEA Debtors to access these applications remotely until the Service End Date (such services, "Data Hosting Services"). Upon and after the Service End Date, subject to certain conditions, the Contracting EMEA Debtors have consented to the destruction or other disposition of the Servers and Related Equipment by the Debtors without any further notice or obligation to the EMEA Debtors. Under the Server Agreement, the Debtors also agree to provide certain assistance to the Contracting EMEA Debtors in connection with the Contracting EMEA Debtors' contingency planning in the event they desire to maintain themselves the Servers and Related Equipment after the Service End Date.[8]

8.      Because under the Server Agreement the Debtors will have no obligation under any circumstances past the Service End Date with respect to the Data Hosting Services, or the

---

[8]      While the Debtors have chosen to file this Motion out of an abundance of caution, the Debtors do so without waiving or in any way limiting their ability to dispose of or abandon their remaining assets or to take any action necessary in furtherance of the wind-down of the various Wind-Down Debtors' estates, as set forth in and provided by the Plan and the Confirmation Order, including without further authorization of the Court. As discussed above, the Debtors have filed the Notices of Proposed Disposition pursuant to section 15.25 of the Plan, and accordingly the Wind-Down Debtors have authority under the Plan to dispose of or abandon their property.

Servers and Related Equipment, the Server Agreement will facilitate the administration of and the wind-down of the Debtors' estates. Since the Server Agreement provides that the Service End Date will be no later than December 6, 2019, it will facilitate the Debtors' own intentions to move forward to bringing their own cases to closure as soon as possible. It will also facilitate the EMEA Debtors' own winding down while providing appropriate compensation to the Debtors for their Data Hosting Services pursuant to the terms of the Server Agreement. It also will further the separation of the Nortel estates and help avoid any potential dispute between the Debtors and the EMEA Debtors with respect to the Data Hosting Services as well as the Servers and the Related Equipment.

### Relief Requested

9.    By this Motion, the Debtors seek approval of the Debtors' request to enter into the Server Agreement and authorization to perform their obligations as set forth in the Server Agreement.

### Basis for Relief

10.    The Plan and Confirmation Order grant the Wind-Down Debtors and the Plan Administrator broad authority to wind down each of the Wind-Down Debtors' estates. Specifically, the Plan provides that the Plan Administrator shall have the authority to "exercise its reasonable business judgment to direct and control the wind-down, liquidation, sale and/or abandonment of the remaining assets of the Wind-Down Debtors under the Plan and in accordance with applicable law as reasonably necessary to maximize distributions to holders of Allowed Claims" and take other actions that are "reasonable, necessary, or appropriate for the implementation of the Plan." Plan, § 6.3(b)(iii) and (xiv). In addition, section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

11.    While the Plan authorizes the Wind-Down Debtors to enter into the Server Agreement without the need for further approval of the Court, the Debtors nevertheless file this Motion to obtain the Court's approval of their entry into the Server Agreement and expressly authorize the Debtors to continue to provide the Data Hosting Services through and until the Service End Date and to destroy or otherwise dispose of the Servers and Related Equipment upon and after such date.  Authorizing such relief will facilitate the wind-down of and the separation between the various worldwide Nortel estates.  Moreover, the EMEA Debtors fully support the relief requested herein.

### Notice

14.    Notice of this Motion has been given via first class mail to (i) the U.S. Trustee; (ii) counsel to the Contracting EMEA Debtors; (iii) the EMEA Debtors; (iv) counsel to the Joint Administrators; (v) counsel to the Canadian Debtors; (vi) counsel to the Monitor; and (vii) the Post-Effective Date Notice List maintained in these Chapter 11 Cases (collectively, the "Notice Parties").  The Debtors submit that under the circumstances no other or further notice is necessary.

### No Prior Request

15.    No prior request for the relief sought herein has been made to this or any other court.

*(Remainder of Page Intentionally Left Blank)*

7

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated: August 14, 2019
Wilmington, Delaware

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Lisa M. Schweitzer *(admitted pro hac vice)*
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

-and-

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Tamara K. Mann*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
1201 North Market Street, 16th Floor
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 425-4663

*Counsel for the Wind-Down Debtors
and Debtor-in-Possession*