IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------- X
*In re*                                        :    Chapter 11
                                               :
Nortel Networks Inc., *et al.*,[1]             :    Case No. 09-10138 (KG)
                                               :
    Wind-Down Debtors and         :    Jointly Administered
    Debtor-In-Possession.          :
                                               :
                                               :    RE: D.I. 18758
---------------------------------------------- X


**ORDER APPROVING THE STIPULATION BETWEEN NORTEL
NETWORKS INC. AND THE CALIFORNIA FRANCHISE TAX BOARD**

Upon the motion (the "Motion")[2] of Nortel Networks Inc. and its affiliated debtors, as the wind-down debtors and debtor-in-possession in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 503 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) authorizing NNI's entry into and approving the Stipulation, attached to the Motion as Exhibit B, and (ii) granting the Debtors such other and further relief as the Court deems just and proper; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the continuing authority to oversee the implementation of the Plan pursuant to Article 14 of the Plan; and the Court having determined that consideration of the

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), and Nortel Networks (CALA) Inc. (4226). Nortel Networks India International Inc. (8667) remains a debtor-in-possession. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the Debtors have demonstrated sound business justifications for entering into the Stipulation and the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion; and, taking into account the anticipated costs and risks associated with litigating CFTB's claims, the Stipulation and the related relief requested by the Motion is fair, reasonable and in the best interests of the Debtors, their estates, their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED. The CFTB Adjusted Claim Amount (as defined in the Stipulation) is hereby allowed in the amount as specified in the Stipulation.

2. NNI and the Plan Administrator are authorized to enter into the Stipulation, and the Stipulation is approved in its entirety.

3. The Wind-Down Debtors and Plan Administrator are authorized, but not directed, to take any and all actions that may be reasonably necessary or appropriate to perform their obligations and enforce their rights arising under the Stipulation.

4. The failure specifically to describe or include any particular provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such a provision, it being the intent of this Court that the Stipulation be approved in its entirety.

5. The Stipulation and this Order shall be binding upon the Debtors, CFTB and all parties-in-interest in these Chapter 11 Cases, and any of their respective successors and assigns, including without limitation any transferees, purchasers or other acquirers of claims in respect to CFTB's claims.

6.      The Debtors, the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to the Stipulation.

7.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: October 25th, 2019**  
**Wilmington, Delaware**

KEVIN GROSS  
UNITED STATES BANKRUPTCY JUDGE