**<u>Exhibit A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Nortel Networks Inc., *et al.*,<sup>1</sup><br>  Wind-Down Debtors and Debtor-In-Possession | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered<br><br>Re: D.I. _____ |
| In re:<br><br>Nortel Altsystems Inc.,<br>  Wind-Down Debtor | Chapter 11<br><br>Case No. 09-10140 (KG) |

**FINAL DECREE (I) CLOSING THE CHAPTER 11 CASE OF NORTEL ALTSYSTEMS INC. AND (II) TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES**

Upon the motion (the "Motion")[2] of the above-captioned Wind-Down Debtors and Debtor-In-Possession for entry of a final decree (this "Final Decree"), closing the Chapter 11 Case of Nortel Altsystems, Inc. ("Altsystems") and terminating certain claims and noticing services, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), Nortel Altsystems Inc. (9769), and Nortel Networks (CALA) Inc. (4226). Nortel Networks India International Inc. (8667) remains a debtor-in-possession. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used, but not defined, herein shall have the meaning ascribed to them in the Motion.

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Movant's estates, its creditors, and other parties in interest; and the Court having found that the Movant's notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Chapter 11 Case of Altsystems is hereby closed and a final decree is granted effective as of the date hereof; _provided_, _however_, that this Court shall retain jurisdiction as provided for in the Plan.

3. The Chapter 11 Cases of Nortel Networks Inc., Nortel Networks Capital Corporation, Nortel Networks (CALA) Inc., and Nortel Networks India International Inc. shall remain open and shall be administered under the following amended caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Nortel Networks Inc., *et al.*,[1]<br><br>　　Wind-Down Debtors and Debtor-In-Possession | Chapter 11<br><br>Case No. 09-10138 (KG)<br><br>Jointly Administered |

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620) and Nortel Networks (CALA) Inc. (4226). Nortel Networks India International Inc. (8667) remains a debtor-in-possession. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

4. Entry of this Final Decree is without prejudice to (a) the right of Altsystems or any party in interest to seek to reopen the Chapter 11 Case of Altsystems for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the right of Altsystems to dispute, in an appropriate non-bankruptcy forum, all claims that were filed against Altsystems in its Chapter 11 Case as contemplated by the Plan and the Confirmation Order.

5. Altsystems has paid all of its fees due and payable to the U.S. Trustee on account of its Chapter 11 Case pursuant to 28 U.S.C. § 1930(a)(6). Altsystems shall file on the docket and serve on the U.S. Trustee a copy of the final remaining post-confirmation quarterly report by the April 30, 2020 deadline to do so. Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen the Chapter 11 Case of Altsystems to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

6. The requirement to file a final report under Local Rule 3022-1(c) for Altsystems is hereby extended pending the closure of the Chapter 11 Case of Nortel Networks Inc. ("NNI"), the lead case of these jointly administered Chapter 11 Cases. The final report required under Local Rule 3022-1(c) for Altsystems shall be included as part of a consolidated final report for all of the Wind-Down Debtors and Closed Debtors to be filed in connection with the closure of the other Wind-Down Debtors' Chapter 11 Cases, including NNI's Chapter 11 Case.

7. The Claims and Noticing Services with respect to the Chapter 11 Case of Altsystems is terminated in accordance with the Motion upon the completion of the services listed in paragraph 8 below. Thereafter, Epiq shall have no further obligations to this Court,

...

Altsystems, or any other party in interest with respect to the Claims and Noticing Services in the Chapter 11 Case of Altsystems.

8. The deadline to comply with the requirements under Local Rule 2002-1(f)(ix) with respect to Altsystems is extended as more fully set forth in the Motion, and such requirements shall be completed upon the closure of the lead case for these jointly-administered cases, the Chapter 11 Case of NNI.

9. Should Epiq receive any mail regarding Altsystems after entry of this Final Decree, Epiq shall collect and forward such mail no less frequently than monthly to the Wind-Down Debtors, care of the Plan Administrator, at the following address (or such other address as may be subsequently provided by the Wind-Down Debtors to Epiq):  Mary H. Cilia and Kathryn Schultea at Nortel Networks, Inc., PO Box 591669, Houston, TX 77259.

10. The Wind-Down Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

11. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

Dated: _____
      Wilmington, Delaware

                                                        _____
                                                        THE HONORABLE KEVIN GROSS
                                                        UNITED STATES BANKRUPTCY JUDGE

Altsystems, or any other party in interest with respect to the Claims and Noticing Services in the Chapter 11 Case of Altsystems.

8. The deadline to comply with the requirements under Local Rule 2002-1(f)(ix) with respect to Altsystems is extended as more fully set forth in the Motion, and such requirements shall be completed upon the closure of the lead case for these jointly-administered cases, the Chapter 11 Case of NNI.

9. Should Epiq receive any mail regarding Altsystems after entry of this Final Decree, Epiq shall collect and forward such mail no less frequently than monthly to the Wind-Down Debtors, care of the Plan Administrator, at the following address (or such other address as may be subsequently provided by the Wind-Down Debtors to Epiq):  Mary H. Cilia and Kathryn Schultea at Nortel Networks, Inc., PO Box 591669, Houston, TX 77259.

10. The Wind-Down Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

11. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

Dated: _____
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE