# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (CSS) |
|     Wind-Down Debtors and Debtor-In-Possession | Jointly Administered |
| *In re* | Chapter 11 |
| Nortel Networks India International Inc. | Case No. 16-11714 (CSS) |
|     Debtor. | Jointly Administered |
|  | **Re: D.I. 18819** |

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO FILE UNDER SEAL THE DEBTOR'S MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO PURSUE A SETTLEMENT

Nortel Networks India International Inc. ("NNIII" or the "Debtor"), as debtor and debtor in possession in the above-captioned case pending in the United States Bankruptcy Court for the District of Delaware, submits this motion (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtor to file under seal the *Debtor's Motion Pursuant to Bankruptcy Rule 9019 for Entry of an Order Authorizing the*

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), and Nortel Networks (CALA) Inc. (4226). Nortel Networks India International Inc. (8667) remains a debtor-in-possession. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

*Debtor to Pursue a Settlement* (the "Settlement Motion").[2]  In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. The Debtor consents to the entry of a final order by the Court in connection with this matter to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4. On July 26, 2016 (the "Petition Date"), NNIII filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, which was consolidated and has been jointly administered with the Original Wind-Down Debtors' chapter 11 cases for procedural purposes only [D.I. 17090].

5. As detailed in the Settlement Motion, NNIII has been involved in certain disputes with the Indian Taxing Authorities relating to the Indian Tax Appeal Litigation.  The factual

---

[2] Capitalized terms used but not defined herein shall have the same meaning ascribed to them in the Settlement Motion.

2

background supporting this Motion is more fully set forth in the Settlement Motion, which is incorporated herein by reference.

### AVERMENT PURSUANT TO LOCAL RULE 9018-1(d)

6. In accordance with Local Rule 9018-1(d), the Debtor submits that it is the Holder of Confidentiality Rights (as defined in Local Rule 9018-1(d)). Furthermore, the Debtor certifies that, contemporaneously with the filing of this Motion, it will file the *Notice of Filing of Proposed Redacted Version of the Debtor's Motion Pursuant to Bankruptcy Rule 9019 for Entry of an Order Authorizing the Debtor to Pursue a Settlement* (the "Redaction Notice").

### RELIEF REQUESTED

7. By this Motion, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(d): (i) authorizing the Debtor to file the Settlement Motion under seal and directing that the Settlement Motion shall remain under seal, confidential, and not made available to anyone, except for (a) the Court, (b) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and (c) any person or entity upon consent of the Debtor; and (ii) granting such other and further relief as the Court deems necessary or appropriate.

### BASIS FOR RELIEF

8. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect persons from potential harm that may result from the disclosure of certain confidential information. See 11 U.S.C. § 107(b)(2) ("On request of a party in

interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."). Although section 107(b) of the Bankruptcy Code is an exception to the general rule of open disclosure, its application in this bankruptcy proceeding is appropriate. In re 50-Off Stores, Inc., 213 B.R. 646, 654 (Bankr. W.D. Tex. 1997) ("[T]he very existence of the exception demonstrates Congress' anticipation that the administration of bankruptcy cases might, by their very nature, require special intervention to protect some kinds of information from dissemination to the world.").

9. Further, Bankruptcy Rule 9018 sets forth the procedures by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 reads in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

10. The Court has defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27–28 (2d Cir. 1994)). Commercial information does not need to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 28. It needs only be confidential and commercial in nature. *See id.* (noting that an interested party only has to show that the information to be sealed is "confidential and commercial" in nature).

11. Sufficient cause exists for the Court to grant the relief requested in this Motion as the Settlement Motion contains confidential commercial information. As further explained in the Settlement Motion, the Debtor is seeking authority to pursue a settlement of the Indian Tax Appeal Litigation, and if the settlement is deemed appropriate then the Debtor requests authority to enter into a settlement with the Indian Taxing Authorities without further order of the Court. The Settlement Motion includes confidential commercial information relating to the Debtor's views and potential outcomes of the Settlement Scheme, which if publicly disclosed, would place the Debtor at a disadvantage in negotiating a settlement with the Indian Taxing Authorities.

12. Furthermore, pursuant to Local Rule 9018-1(d), the Debtor certifies that it is the Holder of the Confidentiality Rights and that it will file the Redaction Notice with a proposed redacted version of the Settlement Motion.

13. Accordingly, the Debtor requests that the Settlement Motion be sealed.

## **NOTICE**

14. Notice of this Motion has been provided to the following parties: (i) counsel to the Monitor; (ii) counsel to the Canadian Debtors; (iii) the NNI plan administrator and its counsel; (iv) counsel to the PBGC; (v) the U.S. Trustee; and (vi) the general service list established in this Chapter 11 Case. NNIII submits that under the circumstances no other or further notice is necessary.

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as the Court may deem just and proper.

Dated: May 19, 2020
Wilmington, Delaware

Respectfully submitted,

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

Lisa M. Schweitzer (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

- and -

MORRIS NICHOLS, ARSHT &
TUNNELL LLP

*/s/ Paige N. Topper*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
Paige N. Topper (No. 6470)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for Nortel Networks India International Inc.*