# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> Nortel Networks Inc., *et al.*,[1] <br><br>     Wind-Down Debtors and Debtor-In-Possession | Chapter 11 <br><br> Case No. 09-10138 (CSS) <br><br> Jointly Administered |
| *In re* <br><br> Nortel Networks India International Inc. <br><br>     Debtor. | Chapter 11 <br><br> Case No. 16-11714 (CSS) <br><br> Jointly Administered <br><br> **Re: D.I. 18819** |

## ORDER AUTHORIZING THE DEBTOR TO PURSUE A SETTLEMENT

Upon the motion dated May 19, 2020 (the "Motion"),[2] of NNIII, as a debtor and debtor in possession in the above-captioned case, for entry of an order, as more fully described in the Motion, (i) authorizing NNIII to pursue a settlement with the Indian Taxing Authorities concerning the Indian Tax Appeal Litigation, which is currently pending before the Indian Supreme Court; and (ii) granting it such other and further relief as the Court deems just and proper, and adequate notice having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620), and Nortel Networks (CALA) Inc. (4226). Nortel Networks India International Inc. (8667) remains a debtor-in-possession. Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtor, its estates, its creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. NNIII is authorized to pursue a settlement of the Indian Tax Appeal Litigation with the Indian Taxing Authorities pursuant to the Settlement Scheme. NNIII is authorized to settle the Indian Tax Appeal Litigation for an amount up to the Maximum Settlement Amount if such settlement is deemed appropriate in its reasonable business judgment at the time of the settlement, without need for further notice to its creditors or order or approval from the Court.[3] Nothing in this Order shall be construed to limit or restrict NNIII's right not to proceed with the Settlement Scheme.

3. The Debtor, the Debtor's claims' agent, Epiq Bankruptcy Solutions, LLC, and the Clerk of the Court are hereby authorized and empowered to take such actions as may be necessary and appropriate to perform their obligations and enforce their rights arising under the Settlement Scheme or the relevant order reflecting the final settlement of the Indian Tax Appeal Litigation (the "Final Settlement Order").

4. The failure specifically to describe or include any particular provision of the Settlement Scheme or the Final Settlement Order shall not diminish or impair the effectiveness

---

[3] To the extent that any amount is ultimately paid by NNIII to the Indian Taxing Authorities, such amount will be paid in Indian Rupees at the exchange rate applicable at the time of such payment.

3

of such a provision, it being the intent of this Court that the Final Settlement Order be approved in its entirety.

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 4th, 2020
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE