# EXHIBIT D

## Amended By-Laws and Organizational Documents of Wind-Down NNIII

# RESTATED CERTIFICATE

## OF

## INCORPORATION

## OF

## NORTEL NETWORKS INDIA INTERNATIONAL INC.

Nortel Networks India International Inc., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), hereby certifies as follows:

A.    The name of the Corporation is Nortel Networks India International Inc.  The Corporation's original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on June 7, 2002 under the name Nortel Networks RIHC, Inc. (such original Certificate of Incorporation, as amended, the "Original Certificate of Incorporation").

B.    This Restated Certificate of Incorporation has been approved in accordance with Sections 245 and 303 of the Delaware General Corporation Law in furtherance of that certain order of the United States Bankruptcy Court for the District of Delaware dated [•], 2021 (the "Order") confirming the  Chapter 11 Plan of Nortel Networks India International Inc. approved by the Bankruptcy Court and dated as of [•], 2021 (as amended, restated or superseded from time to time, the "Plan")[1] and this Restated Certificate of Incorporation is required by the Order.

C.    The Original Certificate of Incorporation is hereby amended and restated to read in its entirety as set forth below:

**FIRST:**  The name of the Corporation is Nortel Networks India International Inc.

**SECOND:**  The address of the Corporation's registered office in the State of Delaware is at 1209 Orange Street, City of Wilmington, County of New Castle, Delaware 19801.  The name of the Corporation's registered agent at such address is The Corporation Trust Company.

**THIRD:** The nature of the business of the Corporation and the objects and purposes proposed to be transacted and carried on by it are the monetization, liquidation and distribution of the Corporation's assets in accordance with the Plan, and any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law.

**FOURTH:** The total number of shares of stock which the Corporation is authorized to issue is 1,000 shares without par value.

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

Notwithstanding anything to the contrary herein, the Corporation shall in no event issue any non-voting equity securities in violation of chapter 11 of title 11 of the United States Code; provided, however, that the foregoing prohibition (i) will have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code, (ii) will have such force and effect, if any, only for so long as such Section 1123(a)(6) of the Bankruptcy Code is in effect and (iii) may be amended or eliminated in accordance with applicable law. The prohibition on the issuance of non-voting equity securities is included in this Restated Certificate of Incorporation in compliance with Section 1123(a)(6) of the Bankruptcy Code (11 U.S.C. § 1123(a)(6)).

**FIFTH:** The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc., or such other entity as established by Nortel Networks Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Plan.

To the fullest extent permitted by applicable law, the Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder. Without limiting the generality of the foregoing, in accordance with the requirements of the Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2021 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director may, to the fullest extent permitted by applicable law, take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder. To the fullest extent permitted by applicable law, the Director may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

**SIXTH:** In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the Director is expressly authorized to make, amend and repeal the by-laws.

**SEVENTH:** A director of the Corporation shall not be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law or (iv) for any transaction from which the director derived an improper personal benefit. If the Delaware General Corporation Law is amended to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the Delaware General Corporation Law, as so amended. Any repeal or modification of this provision shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

**EIGHTH:** The Corporation reserves the right to amend and repeal any provision contained in this Restated Certificate of Incorporation in the manner from time to time prescribed

by the laws of the State of Delaware.  All rights herein conferred are granted subject to this reservation.

[*The remainder of this page is intentionally left blank. Signature follows.*]

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by its duly authorized officer this [•] day of [•], 2021.

NORTEL NETWORKS INDIA
INTERNATIONAL INC.


By:    _____

Name: John J. Ray, III

Title: President

# NORTEL NETWORKS INDIA INTERNATIONAL INC.

# BYLAWS

## ARTICLE I - DIRECTOR

Section 1.     Number.

The sole director of the Corporation (the "Director") shall be the person appointed from time to time by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc., or such other entity as established by Nortel Networks Inc. in its reasonable business judgment to be the new sole shareholder in accordance with the Chapter 11 Plan of Nortel Networks India International Inc. approved by the Bankruptcy Court and dated as of [•], 2021 (as amended, restated or superseded from time to time, the "Plan").

Section 2.     Powers of the Director.

To the fullest extent permitted by applicable law, the Director shall have the authority to exercise all of the corporate powers and to manage the business and affairs of the Corporation without requiring prior approval from the sole shareholder.  Without limiting the generality of the foregoing, in accordance with the requirements of the Plan and the terms of the plan administration agreement describing the powers, duties and rights of the Plan Administrator, approved by the Bankruptcy Court and dated as of [•], 2021 (as amended, restated or superseded from time to time, the "Plan Administration Agreement"), the Director may, to the fullest extent permitted by applicable law, take and cause the Corporation to take any and all actions he or she deems appropriate in order to consummate the transactions contemplated in the Plan, including, without limitation, selling or otherwise disposing of all assets of the Corporation and winding down the affairs of the Corporation without the affirmative vote of the sole shareholder.  To the fullest extent permitted by applicable law, the Director may take and cause the Corporation to take any and all corporate actions without the affirmative vote of the sole shareholder, including to compromise and settle claims and causes of action of or against the Corporation and its estate, and to dissolve, merge or consolidate the Corporation with any other entity.

Section 3.     Vacancies.

Any vacancy of the Director may be filled by the sole shareholder, who on the Effective Date shall be Nortel Networks Inc.

Section 4     Compensation of Directors.

The Director may receive, pursuant to a resolution of the board of directors of the Corporation, fixed fees and other compensation for his or her services as director.

## ARTICLE II - OFFICERS

Section 1.    Designation.

The officers of the Corporation shall consist of a President, one or more Vice Presidents, a Secretary and a Treasurer and such other officers as may from time to time be appointed by the Director.  Any number of offices may be held by the same person.

Section 2.    Appointment.    The Director may appoint all officers of the Corporation for whatever terms of office the Director deems appropriate or necessary.

Section 3.    Delegation of Authority.

The Director may from time to time delegate the powers or duties of any officer to any other officers or agents, notwithstanding any provision hereof.

Section 4.    Removal and Resignation.

Any officer of the Corporation may be removed at any time, with or without cause, by the Director.

Any officer may resign at any time by giving written notice to the Director.  Any such resignation shall take effect at the date of the receipt of such notice or at any later time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.    Action with Respect to Securities of Other Entities.

Unless otherwise directed by the Director, the President or any officer of the Corporation authorized by the President shall have power to vote and otherwise act on behalf of the Corporation, in person or by proxy, at any meeting of holders of equity interests in any other entity, or with respect to any action of holders of equity interests in any other entity, in which this Corporation may hold securities and otherwise to exercise any and all rights and powers which this Corporation may possess by reason of its ownership of securities in such other entity.

## ARTICLE III - STOCK

Section 1.    Certificates of Stock.

Each holder of stock represented by certificates shall be entitled to a certificate signed by, or in the name of the Corporation by, the President or a Vice President and by the Secretary or an Assistant Secretary, or the Treasurer or an Assistant Treasurer, certifying the number of shares owned by him or her.  Any or all of the signatures on the certificate may be by facsimile.

## ARTICLE IV - MISCELLANEOUS

Section 1.        Facsimile Signatures.

In addition to the provisions for use of facsimile signatures elsewhere specifically authorized in these Bylaws, facsimile signatures of any officer or officers of the Corporation may be used whenever and as authorized by the Director.

Section 2.        Reliance upon Books, Reports and Records.

The Director and each officer of the Corporation shall, in the performance of his or her duties, be fully protected in relying in good faith upon the books of account or other records of the Corporation and upon such information, opinions, reports or statements presented to the Corporation by any of its officers or employees, or committees of the Board of Directors so designated, or by any other person as to matters which such director or committee member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Corporation.

Section 3.        Fiscal Year.

The fiscal year of the Corporation shall be as fixed by the Director.

Section 4.        Time Periods.

In applying any provision of these Bylaws which requires that an act be done or not be done a specified number of days prior to an event or that an act be done during a period of a specified number of days prior to an event, calendar days shall be used, the day of the doing of the act shall be excluded and the day of the event shall be included.

## ARTICLE V - INDEMNIFICATION OF DIRECTORS AND OFFICERS

Section 1.        Right to Indemnification.

Each person who was or is made a party or is threatened to be made a party to or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she is or was a director or an officer of the Corporation or is or was serving at the request of the Corporation as a director, officer or trustee of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to an employee benefit plan (hereinafter an "indemnitee"), whether the basis of such proceeding is alleged action in an official capacity as a director, officer or trustee or in any other capacity while serving as a director, officer or trustee, shall be indemnified and held harmless by the Corporation to the fullest extent permitted by Delaware law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement) reasonably incurred or suffered by such indemnitee in connection therewith; provided, however, that, except as provided in

- 3 -

Section 3 of this ARTICLE V with respect to proceedings to enforce rights to indemnification, the Corporation shall indemnify any such indemnitee in connection with a proceeding (or part thereof) initiated by such indemnitee only if such proceeding (or part thereof) was authorized by the Director of the Corporation.

Section 2.        Right to Advancement of Expenses.

In addition to the right to indemnification conferred in Section 1 of this ARTICLE V, an indemnitee shall also have the right to be paid by the Corporation the expenses (including attorney's fees) incurred in defending any such proceeding in advance of its final disposition (hereinafter an "advancement of expenses"); provided, however, that, if the Delaware General Corporation Law requires, an advancement of expenses incurred by an indemnitee in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such indemnitee, including, without limitation, service to an employee benefit plan) shall be made only upon delivery to the Corporation of an undertaking (hereinafter an "undertaking"), by or on behalf of such indemnitee, to repay all amounts so advanced if it shall ultimately be determined by final judicial decision from which there is no further right to appeal (hereinafter a "final adjudication") that such indemnitee is not entitled to be indemnified for such expenses under this Section 2 or otherwise.

Section 3.        Right of Indemnitee to Bring Suit.

If a claim under Section 1 or 2 of this ARTICLE V is not paid in full by the Corporation within 60 days after a written claim has been received by the Corporation, except in the case of a claim for an advancement of expenses, in which case the applicable period shall be 20 days, the indemnitee may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim.  To the fullest extent permitted by law, if successful in whole or in part in any such suit, or in a suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the indemnitee shall be entitled to be paid also the expense of prosecuting or defending such suit.  In (i) any suit brought by the indemnitee to enforce a right to indemnification hereunder (but not in a suit brought by the indemnitee to enforce a right to an advancement of expenses) it shall be a defense that, and (ii) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that, the indemnitee has not met any applicable standard for indemnification set forth in the Delaware General Corporation Law.  Neither the failure of the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel or its shareholders) to have made a determination prior to the commencement of such suit that indemnification of the indemnitee is proper in the circumstances because the indemnitee has met the applicable standard of conduct set forth in the Delaware General Corporation Law, nor an actual determination by the Corporation (including its directors who are not parties to such action, a committee of such directors, independent legal counsel or its shareholders) that the indemnitee has not met such applicable standard of conduct, shall create a presumption that the indemnitee has not met the applicable standard of conduct or, in the case of such a suit brought by the indemnitee, be a defense to such suit.  In any suit brought by the indemnitee to enforce a right to indemnification or to an advancement of expenses hereunder, or brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the

- 4 -

burden of proving that the indemnitee is not entitled to be indemnified, or to such advancement of expenses, under this ARTICLE V or otherwise shall be on the Corporation.

Section 4.    Non-Exclusivity of Rights.

The rights to indemnification and to the advancement of expenses conferred in this ARTICLE V shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, the Corporation's Certificate of Incorporation, Bylaws, agreement, vote of shareholders or disinterested directors or otherwise.

Section 5.    Insurance.

The Corporation may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Corporation or another corporation, partnership, joint venture, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

Section 6.    Indemnification of Employees and Agents of the Corporation.

The Corporation may, to the extent authorized from time to time by the Director, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article with respect to the indemnification and advancement of expenses of directors and officers of the Corporation.

Section 7.    Nature of Rights.

The rights conferred upon indemnitees in this ARTICLE V shall be contract rights and such rights shall continue as to an indemnitee who has ceased to be a director, officer or trustee and shall inure to the benefit of the indemnitee's heirs, executors and administrators.  Any amendment, alteration or repeal of this ARTICLE V that adversely affects any right of an indemnitee or its successors shall be prospective only and shall not limit, eliminate or impair any such right with respect to any proceeding involving any occurrence or alleged occurrence of any action or omission to act that took place prior to such amendment, alteration or repeal.

## ARTICLE VI - AMENDMENTS

These Bylaws may be amended or repealed by the Director at any meeting or by the shareholders at any meeting.