**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | ) ) ) ) | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | ) ) ) | Case No. 09-10138 (CSS) |
| Debtors. | ) ) ) ) ) ) ) | Jointly Administered |
| *In re* | ) ) ) ) | Chapter 11 |
| Nortel Networks India International Inc. | ) ) ) | Case No. 16-11714 (CSS) |
| Debtor. | ) ) ) | Jointly Administered |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE VOTING RECORD DATE AND PROCEDURES FOR SOLICITING, RECEIVING AND TABULATING VOTES ON THE PLAN AND (III) SETTING THE CONFIRMATION HEARING DATE AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES**

Upon the motion dated July 20, 2021 (the "Motion"),[2] of Nortel Networks India International Inc., as debtor in the above-captioned cases ( "NNIII"), for entry of an order, as more fully described in the Motion, (i) approving the adequacy of the information contained in the *Proposed Disclosure Statement for the Chapter 11 Plan of Nortel Networks India International Inc.* (the "Disclosure Statement"), filed July 20, 2021 [D.I. •], for the *Chapter 11*

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620) and Nortel Networks (CALA) Inc. (4226). Contact information for the Former Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion, the Disclosure Statement, or the Plan.

*Plan of Nortel Networks India International Inc.* (the "Plan"), filed July 20, 2021 [D.I. •], and the form and manner of the notice of the hearing to consider the Disclosure Statement; (ii) establishing a voting record date; (iii) approving procedures for soliciting, receiving and tabulating votes on the Plan, including setting a deadline for filing motions to estimate claims for voting purposes, and approving the form of ballots; (iv) setting the hearing date and objection deadline for confirmation of the Plan, and establishing the form and manner of notice of the Confirmation Hearing; and (v) granting such other and further relief as the Court deems just and proper; and upon the record in these proceedings, including the arguments and statements made by counsel and the evidence admitted at the hearing to consider the approval of the Motion on August 27, 2021 (the "Hearing"); and after due deliberation and sufficient cause appearing therefor, it is[3]

FOUND AND DETERMINED THAT:

A. This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory bases for the relief requested herein are sections 105(a), 502, 1125, 1126, 1128, and 1129 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1 and 3017-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

C. The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. The entry of this Order is in the best interests of NNIII, its estate, its creditors, and other parties in interest.

D. The Disclosure Statement contains "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code with respect to the Plan.

E. The Disclosure Statement Notice provided adequate notice concerning the Disclosure Statement Hearing.

F. As set forth more fully in the Motion, the notice of the Motion and the proposed entry of this Order are adequate and sufficient under the circumstances of this chapter 11 case, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Accordingly, no further notice of the Motion or this Order is necessary or required.

G. The form of Ballots, substantially in the form attached as Exhibit E to the Order, is sufficiently consistent with Official Form No. 14, adequately addresses the particular needs of this chapter 11 case, and is appropriate for the Class entitled to vote on the Plan.

H. Ballots need not be provided to the holders of Claims in Classes 1 and 2, because they are unimpaired and, therefore, conclusively presumed to accept the Plan.

I. Ballots or further notice need not be provided to the holders of Interests in Class 4 because they are conclusively presumed to reject the Plan.

J. The forms of notice to non-voting classes, substantially in the forms attached as Exhibits C and D to the Order, are adequate and sufficient.

K.  The period, set forth below, during which NNIII may solicit acceptances of the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision to either accept or reject the Plan.

L.  The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

N.  The procedures set forth below regarding notice to all parties in interest of the time, date and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and the filing of objections thereto, and the distribution and contents of the Solicitation Package (as defined below), including the Confirmation Hearing Notice, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  The Motion is granted to the extent provided herein.

2.  Pursuant to section 1125(a) of the Bankruptcy Code and Rule 3017(b) of the Bankruptcy Rules, the Disclosure Statement is hereby approved as containing "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code with respect to the Plan.

3.  In accordance with Bankruptcy Rules 3017(d) and 3018(a), the record date for determining which holders of Claims against NNIII's estate are eligible to vote on the Plan, and for determining the identity of each holder of Claims against and Interests in NNIII that shall receive a copy of the Confirmation Hearing Notice shall be September 1, 2021 (the "Voting Record Date").

4.  The Ballots substantially in the form attached as Exhibit E to the Order are hereby approved.

5.  NNIII's obligations under Bankruptcy Rules 2002(b) and 3017 with respect to the solicitation of votes and the provision of adequate notice of the hearing on confirmation of the Plan will be satisfied if the following procedures (the "Solicitation Procedures") are utilized:

> (a)  A notice of approval of the Disclosure Statement and of the date fixed by the Court as the Voting Deadline (as defined herein), and the date of the hearing regarding, and the time for filing objections to, the confirmation of NNIII's Plan (the "Confirmation Hearing Notice"), substantially in the form attached as Exhibit B to the Order, is to be served by regular mail on or before the date that is three (3) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, upon: (i) all creditors of NNIII identified on NNIII's schedules of assets and liabilities dated on or about July 26, 2016 [D.I. 9], and any later amendment or supplement thereto (the "Schedules") or in a proof of Claim filed in these chapter 11 cases; (ii) all persons known to hold Interests; (iii) the Office of the United States Trustee for the District of Delaware; and (iv) the Internal Revenue Service.
>
> (b)  On or before the date that is three (3) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, to the extent that current versions of such documents have not already been distributed to such persons, the Disclosure Statement and the Plan (in either hard copy or in .pdf format) will be served by regular mail upon: (i) the holders of Claims in Class 3 that are entitled to vote pursuant to the Plan and the relevant provisions of the Bankruptcy Code and the Bankruptcy Rules (the "Voting Creditors"); (ii) the Office of the United States Trustee for the District of Delaware; (iii) the Internal Revenue Service and (iv) any party in interest who requests in writing a copy of such documents.
>
> (c)  On or before the date that is five (5) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, appropriate Ballots, voting instructions and a pre-addressed return envelope will be sent to all Voting Creditors.
>
> (d)  On or before the date that is five (5) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, a notice of

nonvoting status (the "Notice of Non-Voting Status") will be served, with the Confirmation Hearing Notice, by regular mail on all holders of Claims and Interests in Classes 1, 2 and 4. Holders of Claims in Classes 1 and 2 will be sent a notice substantially in the form attached as Exhibit C to the Order and holders of Interests in Class 4 will be sent a notice substantially in the form attached as Exhibit D to the Order.

(e) NNIII will post copies of the Disclosure Statement, the Plan, and the Confirmation Hearing Notice on the Debtors' case information website at http://dm.epiq11.com/nortel and indicate in the Confirmation Hearing Notice that such materials are available on such website.

(f) NNIII will not be required to mail any Solicitation Packages to any individual or entity at an address from which the Disclosure Statement Hearing Notice was returned by the United States Postal Office as undeliverable unless NNIII is also provided with a more accurate address by the United States Postal Office.

7. NNIII is not required to mail a copy of the Plan or the Disclosure Statement to holders of Claims or Interests in Classes 1, 2 and 4.

8. Solely for the purpose of voting to accept or reject the Plan, and not for purposes of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights of NNIII in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan will be temporarily allowed in accordance with the following procedures (the "Temporary Allowance Procedures"):

(a) Claims for which a proof of Claim has been timely filed in an amount that is undisputed, non-contingent and liquidated will be temporarily allowed, for voting purposes only, in the amount set forth on the relevant proof of Claim, unless such Claim is subject to an objection by NNIII.

(b) Claims that are listed on NNIII's Schedules as disputed, contingent or unliquidated and for which no proof of Claim has been timely filed shall not be entitled to vote to accept or reject the Plan.

(c) Claims for which a proof of Claim has been timely filed for unknown or undetermined amounts, or that are wholly contingent, unliquidated or disputed (as determined on the face of the claim or after a reasonable review of the supporting documentation by NNIII or the

>>Voting Agent), shall be temporarily allowed for one dollar ($1.00) for voting purposes only, and not for purpose of allowance or distribution.

9. The following procedures for the tabulation of votes for and against the Plan (the "<u>Vote Tabulation Procedures</u>") are hereby approved:

>(a) All votes to accept or reject the Plan must be cast by completing the appropriate Ballot. Votes that are cast in any other manner will not be counted.

>(b) Except as provided for in the Order, for purposes of tabulating votes, the amount of a Claim shall be calculated on the basis of the amount of the Allowed Claim on the Record Date.

>(c) Delivery of a Ballot to the Voting Agent by facsimile, email, or any other electronic means will not be valid; only original executed Ballots will be counted.

>(d) Ballots should not be sent to any of NNIII, NNIII's agents (other than the Voting Agent), any administrative agent or indenture trustee (unless specifically instructed to do so), or NNIII's financial or legal advisors, and, unless received by the Voting Agent, if so sent will not be counted.

>(e) All Ballots must be properly completed, executed and ACTUALLY RECEIVED by the Voting Agent on or before 4:00 p.m. (Prevailing Eastern Time) on September 17, 2021 (the "<u>Voting Deadline</u>").

>(f) Pursuant to section 1126(e) of the Bankruptcy Code, a vote may be disregarded if the Court determines, after notice and a hearing, that it was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code.

>(g) Except to the extent determined by NNIII in its reasonable discretion or as otherwise permitted by the Court, NNIII will not accept or count any Ballots received after the Voting Deadline.

>(h) Whenever a voter submits more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly completed Ballot received shall be deemed to reflect the voter's intent and thus supersede any prior Ballots.

>(i) If a Ballot is signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity, each such person should indicate such capacity when signing its Ballot and, if so requested by NNIII or the

           Voting Agent, must submit proper evidence satisfactory to NNIII of its authority to so act.

           (j)     NNIII and/or its agents shall have discretion to determine if a Ballot properly complies with these Vote Tabulation Procedures and the voting instructions accompanying the Ballots.

           (k)     Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is actually received on or before such deadline.

           (l)     A creditor may not split their vote(s), they must vote all of their Claims to either to accept the Plan or to reject the Plan, or their votes will not be counted.

           (m)     If no votes to accept or reject the Plan are received with respect to a particular Class, NNIII will request at the Confirmation Hearing that the Court deem this Class to have accepted the Plan.

           (n)     If a proof of Claim has been amended by a later filed proof of Claim, only the later filed amending Claim will be entitled to vote, regardless of whether NNIII has objected to such earlier filed Claim.

           (o)     Subject to any contrary order of the Court and except as otherwise set forth herein, NNIII may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Voting Agent.

      10.     The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected, unless otherwise agreed to by NNIII: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (ii) any Ballot cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Plan; (iii) any unsigned Ballot; (iv) any Ballot without an original signature; (v) any Ballot marked both to accept and reject the Plan, or not marked to either accept or to reject the Plan; and (vi) any Ballot transmitted to the Voting Agent by facsimile, electronic mail, or other means not specifically approved by this Court. None of NNIII, the Voting Agent or any other

8

person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

11. The date for a hearing on the Confirmation of the Plan shall be September 24, 2021 at a time convenient for the Court (the "Confirmation Hearing").

12. The last date and time for the filing of objections to the confirmation of the Plan, including the assumption and/or assignment of certain executory contracts and unexpired leases under the Plan, the establishment of cure amounts related to any contracts or leases to be assumed under the Plan as identified on Exhibit C to the Plan, or any other matter scheduled to be heard at the Confirmation Hearing is September 17, 2021 at 4:00 p.m. (Prevailing Eastern Time).

13. The form of the Confirmation Hearing Notice substantially in the form attached as Exhibit B to the Order is hereby approved.

14. NNIII shall distribute the Confirmation Hearing Notice to all creditors and Interest holders as part of the Solicitation Package, setting forth (i) the date of approval of the Disclosure Statement, (ii) the Record Date, (iii) the Voting Deadline, (iv) the Confirmation Objection Deadline, and (v) the time, date and place for the Confirmation Hearing.

15. In addition to mailing the Confirmation Hearing Notice, NNIII shall publish the Confirmation Hearing Notice, not less than twenty-eight (21) days prior to the Confirmation Hearing, once in each of the *Wall Street Journal* (National Edition) and the *Economic Times* of India (all editions), and electronically at http://dm.epiq11.com/nortel.

9

16. Responses or objections, if any, to confirmation of the Plan: (a) shall be in writing; (b) shall state the name and address of the objector and its interest in NNIII's case; (c) shall state, if appropriate, the amount and nature of the objector's Claim or Interest; (d) shall state the grounds for the responses or objections and the legal basis therefore; (e) shall reference with specificity the text of the Plan to which the responses or objections are made, and shall provide proposed language changes or insertions to the Plan to resolve the responses or objections; and (f) shall be filed, together with proof of service, with the Clerk of the United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with one copy to chambers, such that the responses or objections are actually received no later than the Confirmation Objection Deadline by (i) counsel to NNIII and (ii) the U.S. Trustee., at the following addresses:

<u>Counsel for NNIII</u>

| | |
|---|---|
| Cleary Gottlieb Steen & Hamilton LLP | Morris, Nichols, Arsht & Tunnell LLP |
| One Liberty Plaza | 1201 North Market Street, 18th Floor |
| New York, New York 10006 | P.O. Box 1347 |
| (212) 225-3999 (facsimile) | Wilmington, Delaware 19899 |
| Attention: Lisa M. Schweitzer, Esq. | (302) 658-3989 (facsimile) |
| (lschweitzer@cgsh.com) | Attention: Derek C. Abbott, Esq. |
| | (dabbott@mnat.com) |
| | Andrew R. Remming, Esq. |
| | (aremming@mnat.com) |

<u>The United States Trustee</u>

Office of The United States Trustee
J. Caleb Boggs Federal Building
Room 2207, 844 N. King Street
Wilmington, DE 19801
Attention: David L. Buchbinder, Esq.
(david.l.buchbinder@usdoj.gov)

17. If a response or objection is not timely filed and served before the Confirmation Objection Deadline, the responding or objecting party shall be barred from objecting to confirmation of the Plan and be precluded from being heard at the Confirmation Hearing.

18. Nothing herein shall prevent NNIII from objecting to a proof of Claim for voting purposes at any time at or prior to the Confirmation Hearing.

19. Nothing herein shall prevent NNIII from objecting to a proof of Claim for allowance or distribution purposes.

20. NNIII is authorized to make any revisions or modifications, if any, to the Disclosure Statement, the Confirmation Hearing Notice and the Ballots, and are authorized to make any amendments to the Plan in accordance with the Plan, including without limitation proposing new Classes of Claims or Interests or merging or redefining classes of Claims or Interests in consultation with their various creditor constituencies.

21. NNIII is authorized and empowered to take such steps, incur and pay such costs and expenses, including such costs and expenses incurred by the Voting Agent, to execute such documents and do such things as may be reasonably necessary to fulfill the notice requirements established by this Order.

22. The Voting Agent is authorized and directed to take any action reasonably necessary to accomplish the solicitation and ballot tabulation, including, without limitation, to review, tabulate, and make preliminary determinations as to the validity of all acceptances and rejections of the Plan and to provide an affidavit setting forth the results of such tabulation to the Court prior to the date of the Confirmation Hearing.

23. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) NNIII is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) NNIII may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

24. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2021         _____
Wilmington, Delaware                  THE HONORABLE CHRISTOPHER S. SONTCHI
                                      BANKRUPTCY JUDGE