**Exhibit B**

**Changed-Pages Only Comparison of the Revised Disclosure Statement**

**(without exhibits)**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (CSS) |
| Wind-Down Debtors. | : | Jointly Administered |
| | : | |
| *In re* | : | Chapter 11 |
| Nortel Networks India International Inc. | : | Case No. 16-11714 (CSS) |
| Debtor-In-Possession. | : | Jointly Administered |

## DISCLOSURE STATEMENT FOR THE CHAPTER 11 PLAN OF NORTEL NETWORKS INDIA INTERNATIONAL INC.[2]

**Lisa M. Schweitzer, Esq. (admitted *pro hac vice*)**
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
**One Liberty Plaza**
**New York, NY 10006**

**Derek C. Abbott, Esq. (No. 3376)**
**Andrew R. Remming, Esq. (No. 5120)**
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
**1201 North Market Street, 18th Floor**
**P.O. Box 1347**
**Wilmington, DE 19899**

*Attorneys for the Debtors and*
*Debtors-in-Possession*

Dated: ~~July 20~~August 12, 2021

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620) and Nortel Networks (CALA) Inc. (4226). Contact information for the Former Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2] This Disclosure Statement is only a disclosure statement for the Chapter 11 Plan for Nortel Networks India International, Inc. The First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of Its Affiliated Debtors [D.I. 17763] was confirmed on January 24, 2017 and went effective on May 8, 2017.

**PROPOSED DISCLOSURE STATEMENT  FOR THE
CHAPTER 11 PLAN OF NORTEL NETWORKS INDIA INTERNATIONAL INC.**

**NNIII RESERVES THE RIGHT TO AMEND OR SUPPLEMENT THIS DISCLOSURE
STATEMENT AT OR BEFORE THE CONFIRMATION HEARING.**

**I.
INTRODUCTION**

Nortel Networks India International Inc. provides this Disclosure Statement to certain holders of claims against NNIII ("Creditors") to permit such Creditors to make an informed decision in voting to accept or reject the liquidating plan filed on ~~July 20~~August 12, 2021 with the Bankruptcy Court (as subsequently amended, the "Plan").  On July 26, 2016 (the "NNIII Petition Date"), NNIII, a Delaware corporation and a wholly-owned subsidiary of Nortel Networks Inc. ("NNI"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").  On January 14, 2009 (the "Initial Petition Date"), the Former Debtors, other than NNCALA, filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code and, on July 14, 2009, NNCALA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, with the Chapter 11 Case, the "Chapter 11 Cases"). The Chapter 11 Case was ordered to be jointly administered for procedural purposes with the other Chapter 11 Cases under Case No. 09-10138 (CSS)~~, provided that a plan has already been confirmed and become effective for the Former Debtors. ~~.

On December 1, 2016, the Former Debtors filed the NNI Plan.  Concurrently with the filing of the NNI Plan, the Former Debtors filed the NNI Disclosure Statement with respect to the NNI Plan.  NNIII was excluded from the NNI Plan due to the pending appeals in the Indian Tax Appeal Litigation (as defined below).  On January 24, 2017, the Bankruptcy Court entered an order [D.I. 17795] (the "NNI Confirmation Order") confirming the NNI Plan, as amended and dated January 23, 2017 [D.I. 17763], as it related to the Former Debtors (but not to NNIII).  On May 8, 2017, the NNI Plan became effective and was substantially consummated.  Additional information regarding the history of the Former Debtors and the Chapter 11 Cases is included in the Disclosure Statement for the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, filed with the Bankruptcy Court on November 4, 2016 [D.I. 17348] (the "NNI Disclosure Statement").

A statutory committee of unsecured creditors was appointed in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code on January 26, 2009 (as reconstituted from time to time, the "Creditors' Committee").  The Creditors' Committee was dissolved pursuant to Section 15.22 of the NNI Plan on May 8, 2017, the date on which the NNI Plan became effective.  Accordingly, the Plan has not been reviewed by the Creditors' Committee or any other statutory committee of unsecured creditors appointed pursuant to section 1102 of the Bankruptcy Code.

Please see the copy of the Plan that is included in this Disclosure Statement as Appendix A  (*Chapter 11 Plan of NNIII*).

All Solicited Creditors (as defined below) are advised and encouraged to read and consider carefully this Disclosure Statement and the Plan in their entirety before voting to accept or reject the Plan.

**This Disclosure Statement and the Plan are an integral package, and they must be considered together for the reader to be adequately informed. This introduction is qualified in its entirety by the remaining portions of this Disclosure Statement, and this Disclosure Statement in turn is qualified, in its entirety, by the Plan. In the event of any inconsistency between this Disclosure Statement and the Plan, the Plan controls.**

**Capitalized terms used herein but not otherwise defined have the meanings assigned to such terms in the Plan.** Whenever the words "include," "includes" or "including" are used in this Disclosure Statement, they are deemed to be followed by the words "without limitation." All dollar amounts in this Disclosure Statement are in United States Dollars unless otherwise stated.

This Disclosure Statement is presented to certain Creditors in accordance with the requirements of section 1125 of the Bankruptcy Code. Section 1125 of the Bankruptcy Code requires that a disclosure statement provide information sufficient to enable a hypothetical investor typical of the holders of claims against or interests in a debtor to make an informed judgment whether to accept or reject a plan. This Disclosure Statement may not be relied upon for any purpose other than that described above.

This Disclosure Statement solicits acceptances of the Plan from certain Creditors. To the extent that any Class entitled to vote rejects or any Class is deemed to reject the Plan, NNIII intends to seek confirmation of the Plan, notwithstanding such rejection or deemed rejection, pursuant to the "cramdown" provisions of section 1129(b) of the Bankruptcy Code.

NNIII believes that the distributions under the Plan will provide Creditors and holders of Interests in NNIII ("Interestholders") at least the same recovery on account of Allowed Claims or Interests as would distributions by a chapter 7 trustee. Further, NNIII believes that distributions under the Plan to Creditors and Interestholders likely would be made more quickly than distributions by a chapter 7 trustee, NNIII's ability to realize value from the remaining assets could be impaired in a chapter 7 liquidation and a chapter 7 trustee would charge a substantial fee, reducing the amount available for distribution on account of Allowed Claims or Interests.

A statutory committee of unsecured creditors was appointed in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code on January 26, 2009 (as reconstituted from time to time, the "Creditors' Committee"). The Creditors' Committee was dissolved pursuant to Section 15.22 of the NNI Plan on May 8, 2017, the date on which the NNI Plan became effective. Additional information regarding the history of the Debtors and the Chapter 11 Cases is included in the Disclosure Statement for the First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of its Affiliated Debtors, filed with the Bankruptcy Court on November 4, 2016 [D.I. 17348] (the "NNI Disclosure Statement").

**NNIII BELIEVES THAT THE PLAN WILL ENABLE NNIII TO ACCOMPLISH THE OBJECTIVES OF CHAPTER 11 THROUGH A TIMELY, EFFICIENT AND COST-EFFECTIVE LIQUIDATION AND THAT ACCEPTANCE OF THE PLAN IS IN THE BEST INTERESTS OF NNIII AND ITS CREDITORS. NNIII URGES ALL CREDITORS ENTITLED TO VOTE ON THE PLAN TO ACCEPT THE PLAN.**

On December 1, 2016, the Debtors filed the NNI Plan.  Concurrently with the filing of the NNI Plan, the Debtors filed the NNI Disclosure Statement with respect to the NNI Plan.  On January 24, 2017, the Bankruptcy Court entered an order [D.I. 17795] (the "NNI Confirmation Order") confirming the NNI Plan, as amended and dated January 23, 2017 [D.I. 17763], as it related to the Debtors other than NNIII.  On May 8, 2017, the NNI Plan became effective and was substantially consummated.

NNIII filed its proposed Chapter 11 Plan of ReorganizationNortel Networks India International Inc. and an accompanying disclosure statement on July 20, 2021, and filed this disclosure statement relating to the Plan on July 20each was revised on August 12, 2021.  The Bankruptcy Court approved this Disclosure Statement and procedures for soliciting votes on the Plan by order entered on [●], 2021 (the "NNIII Disclosure Statement Order"), approving this Disclosure Statement as containing adequate information of a kind and in sufficient detail to enable a hypothetical investor in the relevant classes to make an informed judgment whether to accept or reject the Plan.

The Bankruptcy Court has scheduled a hearing to consider confirmation of the Plan (the "Confirmation Hearing") beginning at [10:00 A.M.] (prevailing Eastern time) on [●], 2021, in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801.  At the Confirmation Hearing, the Bankruptcy Court will consider whether the Plan satisfies the requirements of the Bankruptcy Code, including whether the Plan is in the best interests of the Creditors, and will review a ballot report concerning votes cast for acceptance or rejection of the Plan.

To obtain, at your cost, additional copies of this Disclosure Statement or of the Plan, please contact:

> Nortel Networks India International Inc. Ballot Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> 10300 SW Allen Boulevard
> Beaverton, OR 97005

Electronic copies of the Plan and Disclosure Statement are available at no cost at Epiq's website at:  http://dm.epiq11.com/nortel.

## A.    Scope of this Disclosure Statement

Before the Initial Petition Date, NNIII, the Former Debtors, NNC and their Affiliates (collectively, "Nortel") were a global group of companies with legal entities conducting business operations across many jurisdictions around the world.  This Disclosure Statement was prepared by NNIII for the Chapter 11 Case only, and not for any Former Debtors

deemed a waiver of any other rights and each right shall be deemed an ongoing right that may be asserted at any time.

> **3.      Dismissal or Conversion of the Plan**

NNIII or Wind-Down NNIII reserve the right to dismiss or convert the Chapter 11 Case as necessary to effectuate the SPSA and the settlement contemplated therein or to wind down and cease operations. NNIII or Wind-Down NNIII shall coordinate with the SPSA Parties to make any required amendments or seek any required waivers to or under the SPSA in order to implement any such actions, subject to the SPSA Parties' rights under the SPSA.

> **4.      Notice of Effective Date**

Upon the occurrence of the Effective Date or as soon thereafter as is reasonably practicable, Wind-Down NNIII shall File with the Bankruptcy Court the "Notice of Effective Date" in a form reasonably acceptable to Wind-Down NNIII in its sole discretion, which notice shall constitute appropriate and adequate notice that the Plan has become effective; *provided*, *however*, that Wind-Down NNIII shall have no obligation to notify any Person.  The Plan shall be deemed to be effective as of 12:01 a.m., prevailing Eastern Standard Time, on the date of such filing.  A courtesy copy of the Notice of Effective Date may be sent by United States mail, postage prepaid (or at Wind-Down NNIII's option, by courier, facsimile or electronic mail) to those Persons who have Filed with the Bankruptcy Court requests for notices pursuant to Bankruptcy Rule 2002.

## H.      Effect of the Plan on Assets, Claims and Interests

> **1.      Binding Effect; Plan Binds All Holders of Claims and Interests**

Except as otherwise provided in section 1141(d) of the Bankruptcy Code, on and after the Effective Date, the provisions of the Plan shall, and shall be deemed to, be binding on any Holder of a Claim against or Interest in NNIII and its respective successors and assigns, regardless of whether the Claim or Interest of such Holder is Impaired under the Plan and whether or not such Holder has voted or failed to vote to accept or reject the Plan.

Further, pursuant to section 1142 of the Bankruptcy Code and in accordance with the Confirmation Order, NNIII and any other necessary party shall execute, deliver and join in the execution or delivery (as applicable) of any instrument, document or agreement required to consummate the Plan, and to perform any other act, and the execution of documents contemplated in the Plan that are necessary for the consummation of the Plan and the transactions contemplated herein.

Pursuant to section 1141(d)(3) of the Bankruptcy Code, Confirmation will not discharge Claims against NNIII; *provided*, *however*, that no Holder of any Claim or Interest may, on account of such Claim or Interest, seek or receive any payment or other Distribution from, or seek recourse against, NNIII's Estate, Wind-Down NNIII and/or their respective successors, assigns and/or property, except as expressly provided in this Plan.

2.      **Release** ~~and Discharge~~ **of** ~~Directors~~**NNIII and Wind-Down NNIII**

EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND
VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER
APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN
NNIII AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS
AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS,
EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WILL
BE DEEMED TO HAVE WAIVED, RELEASED, ~~AND~~ VOIDED ~~AND DISCHARGED
EACH OF NNIII AND WIND-DOWN NNIII FROM~~ ANY AND ALL CLAIMS,
OBLIGATIONS, DAMAGES, DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR
LIABILITIES (OTHER THAN THE RIGHT TO ENFORCE NNIII'S OR WIND-DOWN
NNIII'S OBLIGATIONS UNDER TH~~E~~IS PLAN, THE SPSA AND THE CONTRACTS,
INSTRUMENTS, RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED
UNDER TH~~E~~IS PLAN) AGAINST NNIII AND WIND-DOWN NNIII, WHETHER
LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR
UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN
EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT
ARE BASED IN WHOLE OR IN PART ON ANY ACT OR OMISSION,
TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR
PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO NNIII, THE
CHAPTER 11 CASES, THE DISCLOSURE STATEMENT OR THE PLAN
(INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON THE
PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF CLAIMS
AGAINST OR INTERESTS IN NNIII, IN THEIR INDIVIDUAL CAPACITIES OR ON
BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF NNIII, ITS ESTATE,
WIND-DOWN NNIII, EACH OF THEIR PREDECESSORS, SUCCESSORS, ASSIGNS
AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS,
EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN
EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE
BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW,
REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION
OR APPROVAL OF ANY PERSON.

3.      **Release and Discharge of the Plan Released Parties**

EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND
VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER
APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN
NNIII AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS
AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS,
EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY)
WHO: (I) EITHER VOTE TO ACCEPT THE PLAN OR ARE PRESUMED TO HAVE
VOTED FOR THE PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE
OR (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN AND
ABSTAIN FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE
THEIR REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE