## Exhibit A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------- ) | | |
| *In re* ) | Chapter 11 | |
| ) | | |
| Nortel Networks Inc., *et al.*,[1] ) | Case No. 09-10138 (CSS) | |
| ) | | |
| Debtors. ) | Jointly Administered | |
| ) | | |
| ) | | |
| ) | | |
| ------------------------------------------------------- ) | | |
| ) | | |
| *In re* ) | Chapter 11 | |
| ) | | |
| Nortel Networks India International Inc. ) | Case No. 16-11714 (CSS) | |
| ) | | |
| Debtor. ) | Jointly Administered | |
| ) | | |
| -------------------------------------------------------- | | |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE**
**VOTING RECORD DATE AND PROCEDURES FOR SOLICITING, RECEIVING AND**
**TABULATING VOTES ON THE PLAN AND (III) SETTING THE CONFIRMATION**
**HEARING DATE AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES**

Upon the motion dated July 20, 2021 (the "Motion"),[2] of Nortel Networks India

International Inc., as debtor in the above-captioned case ("NNIII"), for entry of an order, as more

fully described in the Motion, (i) approving the adequacy of the information contained in the

*Disclosure Statement for the Chapter 11 Plan of Nortel Networks India International Inc.* (the

"Disclosure Statement"), filed August 12, 2021 [D.I. 18875], for the *Chapter 11 Plan of Nortel*

---

[1]      The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Former Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion, the Disclosure Statement, or the Plan.

*Networks India International Inc.* (as it may be amended, the "Plan"), filed August 12, 2021 [D.I. 18874], and the form and manner of the notice of the hearing to consider the Disclosure Statement; (ii) establishing a voting record date; (iii) approving procedures for soliciting, receiving and tabulating votes on the Plan, including setting a deadline for filing motions to estimate claims for voting purposes, and approving the form of ballots; (iv) setting the hearing date and objection deadline for confirmation of the Plan, and establishing the form and manner of notice of the Confirmation Hearing; and (v) granting such other and further relief as the Court deems just and proper; and upon the record in these proceedings, including the arguments and statements made by counsel and the evidence admitted at the hearing to consider the approval of the Motion on August 27, 2021 (the "Hearing"); and after due deliberation and sufficient cause appearing therefor, it is[3]

FOUND AND DETERMINED THAT:

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory bases for the relief requested herein are sections 105(a), 502, 1125, 1126,  1128, and 1129 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1 and 3017-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

---

[3]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

C.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  The entry of this Order is in the best interests of NNIII, its estate, its creditors, and other parties in interest.

D.      The Disclosure Statement contains "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code with respect to the Plan.

E.      The Disclosure Statement Notice provided adequate notice concerning the Disclosure Statement Hearing.

F.      As set forth more fully in the Motion, the notice of the Motion and the proposed entry of this Order are adequate and sufficient under the circumstances of this chapter 11 case, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Accordingly, no further notice of the Motion or this Order is necessary or required.

G.      The form of Ballots, substantially in the form attached as Exhibit E to the Order, is sufficiently consistent with Official Form No. 14, adequately addresses the particular needs of this chapter 11 case, and is appropriate for the Class entitled to vote on the Plan.

H.      Ballots need not be provided to the holders of Claims in Classes 1 and 2 because they are unimpaired and, therefore, conclusively presumed to accept the Plan.

I.      Ballots or further notice need not be provided to the holders of Interests in Class 4 because they are conclusively presumed to reject the Plan.

J.      The forms of notice to non-voting classes, substantially in the forms attached as Exhibits C and D to the Order, are adequate and sufficient.

K.      The period, set forth below, during which NNIII may solicit acceptances of the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision to either accept or reject the Plan.

L.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

N.      The procedures set forth below regarding notice to all parties in interest of the time, date and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and the filing of objections thereto, and the distribution and contents of the Solicitation Package (as defined below), including the Confirmation Hearing Notice, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is granted to the extent provided herein.

2.      Pursuant to section 1125(a) of the Bankruptcy Code and Rule 3017(b) of the Bankruptcy Rules, the Disclosure Statement is hereby approved as containing "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code with respect to the Plan.

3.      In accordance with Bankruptcy Rules 3017(d) and 3018(a), the record date for determining which holders of Claims against NNIII's estate are eligible to vote on the Plan, and for determining the identity of each holder of Claims against and Interests in NNIII that shall receive a copy of the Confirmation Hearing Notice shall be August 27, 2021 (the "Voting Record Date").

4.      The Ballots substantially in the form attached as <u>Exhibit E</u> to the Order are hereby approved.

5.      NNIII's obligations under Bankruptcy Rules 2002(b) and 3017 with respect to the solicitation of votes and the provision of adequate notice of the hearing on confirmation of the Plan will be satisfied if the following procedures (the "<u>Solicitation Procedures</u>") are utilized:

(a)      A notice of approval of the Disclosure Statement and of the date fixed by the Court as the Voting Deadline (as defined herein), and the date of the hearing regarding, and the time for filing objections to, the confirmation of NNIII's Plan (the "<u>Confirmation Hearing Notice</u>"), substantially in the form attached as <u>Exhibit B</u> to the Order, is to be served by regular mail on or before the date that is three (3) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, upon: (i) all creditors of NNIII identified on NNIII's schedules of assets and liabilities dated on or about July 26, 2016 [D.I. 9], and any later amendment or supplement thereto (the "<u>Schedules</u>") or in a proof of Claim filed in these chapter 11 cases; (ii) all persons known to hold Interests; (iii) the Office of the United States Trustee for the District of Delaware; and (iv) the Internal Revenue Service.

(b)      On or before the date that is three (3) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, to the extent that current versions of such documents have not already been distributed to such persons, the Disclosure Statement and the Plan (in either hard copy or in .pdf format) will be served by regular mail upon: (i) the holders of Claims in Class 3 that are entitled to vote pursuant to the Plan and the relevant provisions of the Bankruptcy Code and the Bankruptcy Rules (the "<u>Voting Creditors</u>"); (ii) the Office of the United States Trustee for the District of Delaware; (iii) the Internal Revenue Service and (iv) any party in interest who requests in writing a copy of such documents.

(c)      On or before the date that is five (5) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, appropriate Ballots, voting instructions and a pre-addressed return envelope will be sent to all Voting Creditors.

(d)      On or before the date that is five (5) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, a notice of

nonvoting status (the "<u>Notice of Non-Voting Status</u>") will be served, with the Confirmation Hearing Notice, by regular mail on all holders of Claims and Interests in Classes 1, 2 and 4.  Holders of Claims in Classes 1 and 2 will be sent a notice substantially in the form attached as <u>Exhibit C</u> to the Order and holders of Interests in Class 4 will be sent a notice substantially in the form attached as <u>Exhibit D</u> to the Order.

(e)      NNIII will post copies of the Disclosure Statement, the Plan, and the Confirmation Hearing Notice on the Debtors' case information website at http://dm.epiq11.com/nortel and indicate in the Confirmation Hearing Notice that such materials are available on such website.

(f)      NNIII will not be required to mail any Solicitation Packages to any individual or entity at an address from which the Disclosure Statement Hearing Notice was returned by the United States Postal Office as undeliverable unless NNIII is also provided with a more accurate address by the United States Postal Office.

7.      NNIII is not required to mail a copy of the Plan or the Disclosure

Statement to holders of Claims or Interests in Classes 1, 2 and 4.

8.      Solely for the purpose of voting to accept or reject the Plan, and not for

purposes of the allowance of, or distribution on account of, any Claim, and without

prejudice to the rights of NNIII in any other context, each Claim within a Class of Claims

entitled to vote to accept or reject the Plan will be temporarily allowed in accordance

with the following procedures (the "<u>Temporary Allowance Procedures</u>"):

(a)      Claims for which a proof of Claim has been timely filed in an amount that is undisputed, non-contingent and liquidated will be temporarily allowed, for voting purposes only, in the amount set forth on the relevant proof of Claim, unless such Claim is subject to an objection by NNIII.

(b)      Claims that are listed on NNIII's Schedules as disputed, contingent or unliquidated and for which no proof of Claim has been timely filed shall not be entitled to vote to accept or reject the Plan.

(c)      Claims for which a proof of Claim has been timely filed for unknown or undetermined amounts, or that are wholly contingent, unliquidated or disputed (as determined on the face of the claim or after a reasonable review of the supporting documentation by NNIII or the

Voting Agent), shall be temporarily allowed for one dollar ($1.00) for voting purposes only, and not for purpose of allowance or distribution.

9. The following procedures for the tabulation of votes for and against the

Plan (the "Vote Tabulation Procedures") are hereby approved:

(a) All votes to accept or reject the Plan must be cast by completing the appropriate Ballot. Votes that are cast in any other manner will not be counted.

(b) Except as provided for in the Order, for purposes of tabulating votes, the amount of a Claim shall be calculated on the basis of the amount of the Allowed Claim on the Voting Record Date.

(c) Delivery of a Ballot to the Voting Agent by facsimile, email, or any other electronic means will not be valid; only original executed Ballots will be counted.

(d) Ballots should not be sent to any of NNIII, NNIII's agents (other than the Voting Agent), any administrative agent or indenture trustee (unless specifically instructed to do so), or NNIII's financial or legal advisors, and, unless received by the Voting Agent, if so sent will not be counted.

(e) All Ballots must be properly completed, executed and ACTUALLY RECEIVED by the Voting Agent on or before 4:00 p.m. (Prevailing Eastern Time) on October 1, 2021 (the "Voting Deadline").

(f) Pursuant to section 1126(e) of the Bankruptcy Code, a vote may be disregarded if the Court determines, after notice and a hearing, that it was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code.

(g) Except to the extent determined by NNIII in its reasonable discretion or as otherwise permitted by the Court, NNIII will not accept or count any Ballots received after the Voting Deadline.

(h) Whenever a voter submits more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly completed Ballot received shall be deemed to reflect the voter's intent and thus supersede any prior Ballots.

(i) If a Ballot is signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity, each such person should indicate such capacity when signing its Ballot and, if so requested by NNIII or the

Voting Agent, must submit proper evidence satisfactory to NNIII of its authority to so act.

(j)　　NNIII and/or its agents shall have discretion to determine if a Ballot properly complies with these Vote Tabulation Procedures and the voting instructions accompanying the Ballots.

(k)　　Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is actually received on or before such deadline.

(l)　　A creditor may not split their vote(s), they must vote all of their Claims to either to accept the Plan or to reject the Plan, or their votes will not be counted.

(m)　　If no votes to accept or reject the Plan are received with respect to a particular Class, NNIII will request at the Confirmation Hearing that the Court deem this Class to have accepted the Plan.

(n)　　If a proof of Claim has been amended by a later filed proof of Claim, only the later filed amending Claim will be entitled to vote, regardless of whether NNIII has objected to such earlier filed Claim.

(o)　　Subject to any contrary order of the Court and except as otherwise set forth herein, NNIII may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Voting Agent.

10.　　The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected, unless otherwise agreed to by NNIII:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (ii) any Ballot cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Plan; (iii) any unsigned Ballot; (iv) any Ballot without an original signature; (v) any Ballot marked both to accept and reject the Plan, or not marked to either accept or to reject the Plan; and (vi) any Ballot transmitted to the Voting Agent by facsimile, electronic mail, or other means not specifically approved by this Court.  None of NNIII, the Voting Agent or any other

person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

11.    The date for a hearing on the Confirmation of the Plan shall be October 8, 2021 at a time convenient for the Court (the "<u>Confirmation Hearing</u>").

12.    The last date and time for the filing of objections to the confirmation of the Plan or any other matter scheduled to be heard at the Confirmation Hearing is October 1, 2021 at 4:00 p.m. (Prevailing Eastern Time).

13.    The form of the Confirmation Hearing Notice substantially in the form attached as <u>Exhibit B</u> to the Order is hereby approved.

14.    NNIII shall distribute the Confirmation Hearing Notice to all creditors and Interest holders as part of the Solicitation Package, setting forth (i) the date of approval of the Disclosure Statement, (ii) the Voting Record Date, (iii) the Voting Deadline, (iv) the Confirmation Objection Deadline, and (v) the time, date and place for the Confirmation Hearing.

15.    In addition to mailing the Confirmation Hearing Notice, NNIII shall publish the Confirmation Hearing Notice, not less than twenty-eight (21) days prior to the Confirmation Hearing, once in each of the *Wall Street Journal* (National Edition) and the *Economic Times* of India (all editions), and electronically at http://dm.epiq11.com/nortel.

16.    Responses or objections, if any, to confirmation of the Plan: (a) shall be in writing; (b) shall state the name and address of the objector and its interest in NNIII's case; (c) shall state, if appropriate, the amount and nature of the objector's Claim or Interest; (d) shall state the grounds for the responses or objections and the legal basis

therefore; (e) shall reference with specificity the text of the Plan to which the responses or objections are made, and shall provide proposed language changes or insertions to the Plan to resolve the responses or objections; and (f) shall be filed, together with proof of service, with the Clerk of the United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with one copy to chambers, such that the responses or objections are actually received no later than the Confirmation Objection Deadline by (i) counsel to NNIII and (ii) the U.S. Trustee., at the following addresses:

<u>Counsel for NNIII</u>

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-3999 (facsimile)
Attention:  Lisa M. Schweitzer, Esq.
               (lschweitzer@cgsh.com)

Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, Delaware 19899
(302) 658-3989 (facsimile)
Attention:  Derek C. Abbott, Esq.
            (dabbott@mnat.com)
            Andrew R. Remming, Esq.
            (aremming@mnat.com)

<u>The United States Trustee</u>

Office of The United States Trustee
J. Caleb Boggs Federal Building
Room 2207, 844 N. King Street
Wilmington, DE 19801
Attention: David L. Buchbinder, Esq.
(david.l.buchbinder@usdoj.gov)

17.      If a response or objection is not timely filed and served before the Confirmation Objection Deadline, the responding or objecting party shall be barred from objecting to confirmation of the Plan and be precluded from being heard at the Confirmation Hearing.

18.      Nothing herein shall prevent NNIII from objecting to a proof of Claim for voting purposes at any time at or prior to the Confirmation Hearing.

19.      Nothing herein shall prevent NNIII from objecting to a proof of Claim for allowance or distribution purposes.

20.      NNIII is authorized to make any revisions or modifications, if any, to the Disclosure Statement, the Confirmation Hearing Notice and the Ballots, and are authorized to make any amendments to the Plan in accordance with the Plan, including without limitation proposing new Classes of Claims or Interests or merging or redefining classes of Claims or Interests in consultation with their various creditor constituencies.

21.     NNIII is authorized and empowered to take such steps, incur and pay such costs and expenses, including such costs and expenses incurred by the Voting Agent, to execute such documents and do such things as may be reasonably necessary to fulfill the notice requirements established by this Order.

22.     The Voting Agent is authorized and directed to take any action reasonably necessary to accomplish the solicitation and ballot tabulation, including, without limitation, to review, tabulate, and make preliminary determinations as to the validity of all acceptances and rejections of the Plan and to provide an affidavit setting forth the results of such tabulation to the Court prior to the date of the Confirmation Hearing.

23.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) NNIII is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) NNIII may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

24.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2021
      Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
BANKRUPTCY JUDGE

**EXHIBIT B**

**EXHIBIT B**

**PROPOSED CONFIRMATION HEARING NOTICE**

[PROPOSED FORM OF CONFIRMATION HEARING NOTICE]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- )
                               )

|  |  |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks Inc., *et al.*,[1] | Case No. 09-10138 (CSS) |
| Debtors. | Jointly Administered |

**Proposed Hearing date: [●], 2021 at 9:00 a.m. (ET)**
**Proposed Objections due: [●], 2021 4:00 p.m (ET)**

|  |  |
|---|---|
| *In re* | Chapter 11 |
| Nortel Networks India International Inc. | Case No. 16-11714 (CSS) |
| Debtor. | Jointly Administered |

### NOTICE OF (I) HEARING TO CONSIDER CONFIRMATION
### OF NNIII'S PLAN OF REORGANIZATION, (II) DEADLINES AND
### PROCEDURES FOR VOTING ON THE PLAN (III) AND DEADLINES
### AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION

TO ALL CREDITORS, HOLDERS OF CLAIMS OR INTERESTS AND PARTIES IN INTEREST

**PLEASE TAKE NOTICE THAT**:

1.     **Filing of Plan and Disclosure Statement.**  On July 20, 2021, Nortel Networks India International Inc. ("NNIII"), filed with the United States Bankruptcy Court for the District of Delaware (the "Court") the Disclosure Statement for the Chapter 11 Plan of Nortel Networks India International Inc., and it was revised on August 12, 2021 (the "Disclosure Statement").  A copy of the Chapter 11 Plan of Nortel Networks India International Inc. (as it may be amended, the "Plan") is attached as Appendix A to the Disclosure Statement.  NNIII reserves the right, in accordance with the terms and conditions of the

---

[1]     The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Former Debtors and their petitions are available at http://dm.epiq11.com/nortel.

Plan, to amend, modify or supplement the Disclosure Statement, the Plan or any documents related thereto. Capitalized terms used, but not defined herein, have the meaning ascribed to them in the Plan.

2.      **Obtaining Copies of Plan Materials.** The Plan and the Disclosure Statement are available at no cost on the Debtors' restructuring website at http://dm.epiq11.com/nortel (the "Case Information Website"). If you have not received copies of these materials, you may contact NNIII's Voting Agent, Epiq Bankruptcy Solutions, LLC (the "Voting Agent"), for copies of these materials. Requests should be sent to Epiq Bankruptcy Solutions, LLC, Attn: Nortel Networks Inc. Requests, P.O. Box 4422, Beaverton, OR 97076-4422 or via email to tabulation@epiqglobal.com with a reference to "Nortel Networks India" in the subject line, or by telephone at (646) 282-2500 with a request to speak with a member of the Solicitation Team. Copies are also available for review at the Office of the Clerk, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. **ANY QUESTIONS REGARDING THESE MATERIALS OR THE VOTING PROCESS MAY BE DIRECTED TO THE VOTING AGENT AT 1-844-319-7735 (TOLL FREE) OR 1-503-520-4494 (INTERNATIONAL).**

3.      **Disclosure Statement Order**. On [●], 2021, the Court entered an order (the "Disclosure Statement Order"), which approved the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the United States Bankruptcy Code. Among other things, the Disclosure Statement Order (i) fixed [●], 2021 as the Voting Record Date for purposes of determining which holders of Claims are eligible to vote on the Plan and for other purposes, (ii) approved the procedures for solicitation of votes to accept or reject the Plan, (iii) fixed [●], 2021 at 4:00 p.m. (Prevailing Eastern Time) as the date and time by which all votes to accept or reject the Plan must be received (the "Voting Deadline").

4.      **Voting on Plan.** Pursuant to the Disclosure Statement Order, holders of Impaired Claims against NNIII that have not been deemed to reject the Plan shall have the right to vote to accept or reject the Plan by using the approved Ballots. For a vote to count, it must be properly completed, executed, marked and actually received by the Voting Agent on or before the Voting Deadline.

5.      **Confirmation Hearing.** A hearing to consider confirmation of the Plan and any objections that may be interposed with respect to any and all such matters will commence before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801 on **[●], 2021 at 10:00 a.m. (Prevailing Eastern Time)** (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time without prior notice other than an announcement of the adjourned date or dates in open court. A notice of any such adjournment will be filed with the Court and posted on the Case Information Website.

6.      **Releases and Injunctions.** The Plan provides that no Holder of any Claim or Interest may, on account of such Claim or Interest, seek or receive any payment or other Distribution from, or seek recourse against, NNIII's Estate, Wind-Down NNIII and/or their respective successors, assigns and/or property, except as expressly provided in the Plan. In addition, under Article XIII of the Plan, all holders of Claims against NNIII or other Plan Released Parties and holders of Interests will be deemed to forever release and discharge NNIII and other Plan Released Parties for any and all Claims based on any acts or omissions occurring prior to the Effective Date in any way relating to, among other things, NNIII's chapter 11 cases, the Disclosure Statement, the SPSA, the Plan and the Plan Supplement. These releases will be implemented through injunctions that prohibit any and all such holders from maintaining actions that are released and discharged under the Bankruptcy Code or the terms of the Plan. **ALL PERSONS WHO HAVE RECEIVED THIS NOTICE ARE URGED TO CAREFULLY REVIEW THE TEXT**

**OF THE DISCHARGE, RELEASE, INJUNCTION AND EXCULPATION PROVISIONS ARTICLE XIII OF THE PLAN.**

7. **Objection Deadlines.** Responses or objections, if any, to confirmation of the Plan (a) shall be in writing; (b) state, if appropriate, the amount and nature of the claims or interests held or asserted by the objecting party against NNIII's estate or property; (c) shall state, if appropriate, the amount and nature of the objector's claim or interest; (d) shall state the grounds for the responses or objections and the legal basis therefor; (e) shall reference with specificity the text of the Plan to which the responses or objections are made, and shall provide proposed language changes or insertions to the Plan to resolve the responses or objections; and (f) shall be filed, together with proof of service, with the Clerk of the United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with one copy to chambers, such that the responses or objections are actually received no later than **4:00 p.m. (Prevailing Eastern Time) on [●], 2021** by each of the following parties:

Counsel for NNIII

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-3999 (facsimile)
Attention:   Lisa M. Schweitzer, Esq.

Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, Delaware 19899
(302) 658-3989 (facsimile)
Attention:   Derek C. Abbott, Esq.
            Andrew R. Remming, Esq.

The United States Trustee

Office of The United States Trustee
J. Caleb Boggs Federal Building
Room 2207, 844 N. King Street
Wilmington, DE 19801
Attention: David L. Buchbinder, Esq.

**If any response or objection is not timely filed and served before the Confirmation Objection Deadline, the responding or objecting party shall be barred from objecting to confirmation of the Plan and be precluded from being heard at the Confirmation Hearing.**

8. **Voting Tabulation.** Votes on the Plan will be counted in accordance with the procedures established by the Bankruptcy Court in its Order Approving the Disclosure Statement, Establishing the Voting Record Date and Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and Setting the Confirmation Hearing Date and Establishing Notice and Objection Procedures [D.I. ●], such that (a) Claims deemed Allowed pursuant to an agreement with NNIII or an order of the Court, or that are listed as undisputed, non-contingent and liquidated on NNIII's Schedules or in a timely filed proof of Claim, will be temporarily allowed for voting purposes only in an amount listed in the agreement with NNIII, the Order, the Schedules, or the proof of Claim, unless such Claim is subject to an objection by NNIII, (b) Claims that are listed on NNIII's Schedules as disputed, contingent, or unliquidated and for which no proof of Claim has been timely filed shall not be entitled to vote to accept or reject the Plan.

Dated:  [•], 2021

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Counsel for Nortel Networks India International Inc.
One Liberty Plaza
New York, New York 10006
(212) 225-2000
Lisa M. Schweitzer

**EXHIBIT C**

**NOTICE TO NON-VOTING CLASSES DEEMED TO ACCEPT THE PLAN**

**[PROPOSED FORM OF NOTICE TO CLASS 1 AND CLASS 2 CLAIMANTS]**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------ ) | | |
| | ) | |
| *In re* | ) | Chapter 11 |
| | ) | |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Proposed Hearing date: [●], 2021 at 9:00 a.m. (ET)** |
| | ) | **Proposed Objections due: [●], 2021 4:00 p.m (ET)** |
| ------------------------------------------------------------ ) | | |
| | ) | |
| *In re* | ) | Chapter 11 |
| | ) | |
| Nortel Networks India International Inc. | ) | Case No. 16-11714 (CSS) |
| | ) | |
| Debtor. | ) | Jointly Administered |
| | ) | |
| ------------------------------------------------------------ ) | | |

## NOTICE OF NON-VOTING STATUS TO UNIMPAIRED CLASSES:
## CLASS 1 (PRIORITY NON-TAX CLAIMS) AND CLASS 2 (SECURED CLAIMS)

Please take notice that on [●], 2021, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Order") approving the Disclosure Statement for the Chapter 11 Plan of Nortel Networks India International Inc. (the "Disclosure Statement") filed by Nortel Networks India International Inc., as debtor in the above-captioned case ("NNIII"), as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Order also authorized NNIII to solicit votes to accept or reject the Chapter 11 Plan of Nortel Networks India International Inc. (as it may be amended, the "Plan"). Capitalized terms used, but not defined herein, have the meaning ascribed to them in the Plan.

UNDER THE TERMS OF THE PLAN, CLASS 1 (PRIORITY NON-TAX CLAIMS) AND CLASS 2 (SECURED CLAIMS) ARE NOT IMPAIRED, AND THEREFORE, PURSUANT TO SECTION 1126(F) OF THE BANKRUPTCY CODE, HOLDERS OF SUCH

---

[1]     The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620) and Nortel Networks (CALA) Inc. (4226). Contact information for the Former Debtors and their petitions are available at http://dm.epiq11.com/nortel.

CLAIMS (I) ARE CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN AND (II) ARE NOT ENTITLED TO VOTE ON THE PLAN.

**The Plan provides that no Holder of any Claim or Interest may, on account of such Claim or Interest, seek or receive any payment or other Distribution from, or seek recourse against, NNIII's Estate, Wind-Down NNIII and/or their respective successors, assigns and/or property, except as expressly provided in the Plan.  In addition, under Article XIII of the Plan, all Holders of Claims against NNIII or other Plan Released Parties and Holders of Interests will be deemed to forever release NNIII and the other Plan Released Parties for any and all Claims based on any acts or omissions occurring prior to the Effective Date in any way relating to, among other things, NNIII chapter 11 cases, the SPSA entered into by NNIII, the Disclosure Statement, the Plan, or any document contained in the Plan Supplement.  These releases will be implemented through injunctions that prohibit any and all such holders from maintaining actions that are released and discharged under the Bankruptcy Code or the terms of the Plan.  All persons who have received this Notice are urged to carefully review Article XIII of the Plan.**

IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIMS, YOU SHOULD CONTACT NNIII'S VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO TABULATION@EPIQGLOBAL.COM WITH A REFERENCE TO "NORTEL NETWORKS INDIA" IN THE SUBJECT LINE.  COPIES OF THE DISCLOSURE STATEMENT AND THE PLAN ARE AVAILABLE AT NO COST ON NNIII's RESTRUCTURING WEBSITE AT http://dm.epiq11.com/nortel.
.

Dated:  [•], 2021

                    BY ORDER OF THE UNITED STATES BANKRUPTCY COURT

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Counsel for Nortel Networks India International Inc.
One Liberty Plaza
New York, New York 10006
(212) 225-2000
Lisa M. Schweitzer

**EXHIBIT D**

**NOTICE TO NON-VOTING CLASSES DEEMED TO REJECT THE PLAN**

**[PROPOSED FORM OF NOTICE TO CLASS 4 INTEREST HOLDERS]**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------------ ) | | |
| | ) | |
| *In re* | ) | Chapter 11 |
| | ) | |
| Nortel Networks Inc., *et al.*,[1] | ) | Case No. 09-10138 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Proposed Hearing date: [●], 2021 at 9:00 a.m. (ET)** |
| | ) | **Proposed Objections due: [●], 2021 4:00 p.m (ET)** |
| ------------------------------------------------------------ ) | | |
| | ) | |
| *In re* | ) | Chapter 11 |
| | ) | |
| Nortel Networks India International Inc. | ) | Case No. 16-11714 (CSS) |
| | ) | |
| Debtor. | ) | Jointly Administered |
| | ) | |
| ------------------------------------------------------------ | | |

**NOTICE OF NON-VOTING STATUS TO**
**IMPAIRED CLASSES: CLASS 4 (INTERESTS))**

Please take notice that on [●], 2021, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Order") approving the Disclosure Statement for the Chapter 11 Plan of Nortel Networks India International Inc. (the "Disclosure Statement") filed by Nortel Networks India International Inc., as debtor in the above-captioned case ("NNIII"), as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Order also authorized NNIII to solicit votes to accept or reject the Chapter 11 Plan of Nortel Networks India International Inc. (as it may be amended, the "Plan"). Capitalized terms used, but not defined herein, have the meaning ascribed to them in the Plan.

---

[1]    The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620) and Nortel Networks (CALA) Inc. (4226). Contact information for the Former Debtors and their petitions are available at http://dm.epiq11.com/nortel. Nortel Networks India International Inc. This Ballot solely relates to the Chapter 11 Plan for Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

UNDER THE TERMS OF THE PLAN, HOLDERS OF INTERESTS IN CLASS 4 ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF SUCH INTEREST(S) IN NNIII.  THEREFORE, PURSUANT TO SECTION 1126(G) OF THE BANKRUPTCY CODE, HOLDERS OF SUCH CLAIMS (I) ARE DEEMED TO HAVE REJECTED THE PLAN AND (II) ARE NOT ENTITLED TO VOTE ON THE PLAN.

**The Plan provides that no Holder of any Claim or Interest may, on account of such Claim or Interest, seek or receive any payment or other Distribution from, or seek recourse against, NNIII's Estate, Wind-Down NNIII and/or their respective successors, assigns and/or property, except as expressly provided in the Plan.  In addition, under Article XIII of the Plan, all Holders of Claims against NNIII or other Plan Released Parties and Holders of Interests will be deemed to forever release NNIII and the other Plan Released Parties for any and all Claims based on any acts or omissions occurring prior to the Effective Date in any way relating to, among other things, NNIII chapter 11 cases, the SPSA entered into by NNIII, the Disclosure Statement, the Plan, or any document contained in the Plan Supplement.  These releases will be implemented through injunctions that prohibit any and all such holders from maintaining actions that are released and discharged under the Bankruptcy Code or the terms of the Plan.  All persons who have received this Notice are urged to carefully review Article XIII of the Plan.**

IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIMS, YOU SHOULD CONTACT NNIII'S VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM, OR BY EMAIL TO TABULATION@EPIQGLOBAL.COM WITH A REFERENCE TO "NORTEL NETWORKS INDIA" IN THE SUBJECT LINE. COPIES OF THE DISCLOSURE STATEMENT AND THE PLAN ARE AVAILABLE AT NO COST ON NNIII's RESTRUCTURING WEBSITE AT http://dm.epiq11.com/nortel. .

Dated:  [•], 2021

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Counsel for Nortel Networks India International Inc.
One Liberty Plaza
New York, New York 10006
(212) 225-2000
Lisa M. Schweitzer

**EXHIBIT E**

**BALLOT FOR CLASS 3 CLAIMS (General Unsecured Claims)**

**[PROPOSED FORM OF BALLOT]**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ----------------------------------------------------------- )<br>    )<br>*In re*    )<br>    )<br>Nortel Networks Inc., *et al.*,[1]    )<br>    )<br>            Debtors.    )<br>    )<br>    )<br>    ) | Chapter 11<br><br>Case No. 09-10138 (CSS)<br><br>Jointly Administered<br><br>**Proposed Hearing date: [●], 2021 at 9:00 a.m. (ET)**<br>**Proposed Objections due: [●], 2021 4:00 p.m (ET)** |
| ----------------------------------------------------------- )<br>    )<br>*In re*    )<br>    )<br>Nortel Networks India International Inc.    )<br>    )<br>            Debtor.    )<br>    )<br>----------------------------------------------------------- | Chapter 11<br><br>Case No. 16-11714 (CSS)<br><br>Jointly Administered |

**BALLOT FOR ACCEPTING OR REJECTING THE CHAPTER 11 PLAN OF NORTEL NETWORKS INDIA INTERNATIONAL INC. ("NNIII")**

**(CLASS 3: General Unsecured Claims)**

---

[1]    The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Former Debtors and their petitions are available at http://dm.epiq11.com/nortel.  Nortel Networks India International Inc. This Ballot solely relates to the Chapter 11 Plan for Nortel Networks India International Inc. (8667). Contact information for the Debtors and their petitions are available at http://dm.epiq11.com/nortel.

THE **VOTING DEADLINE** BY WHICH YOUR BALLOT MUST BE ***ACTUALLY RECEIVED*** BY NNIII'S VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, IS **4:00 P.M., PREVAILING EASTERN TIME ON [●], 2021**.  IF YOUR BALLOT IS NOT ***ACTUALLY RECEIVED*** ON OR BEFORE THE VOTING DEADLINE, THE VOTES REPRESENTED BY YOUR BALLOT MAY ***NOT*** BE COUNTED.

Please use this Ballot to cast your vote to accept or reject the Chapter 11 Plan of Nortel Networks India International Inc. (as it may be amended, the "Plan").  Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan.  The Plan is Appendix A to the Disclosure Statement for the Chapter 11 Plan of Nortel Networks India International Inc., dated August 12, 2021 (the "Disclosure Statement"), which accompanies this Ballot.  If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Voting Agent or from NNIII's restructuring website at http://dm.epiq11.com/nortel.  Before you transmit such votes, please review the Plan and the Disclosure Statement carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in each Class that vote on the Plan and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your votes counted, you must complete, sign and return this Ballot in accordance with the instructions described below.

**HOW TO VOTE**

1.  COMPLETE ITEM 1 AND ITEM 2.
2.  CHECK THE BOX IN ITEM 3 IF YOU ARE NOT VOTING TO ACCEPT OR REJECT THE PLAN AND ELECT TO OPT OUT OF THE RELEASES CONTAIN IN ARTICLE XIII OF THE PLAN.
3.  REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.  **SIGN THE BALLOT.**
4.  RETURN THE BALLOT TO THE VOTING AGENT.
5.  YOU MUST VOTE ***YOUR ENTIRE CLAIM*** TO ACCEPT OR TO REJECT THE PLAN AND ***MAY NOT SPLIT YOUR VOTE***.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Item 1.**        **Amount of Claim(s) Voted**. For the purposes of voting to accept or reject the Plan, the undersigned holds General Unsecured Claim(s) against Nortel Networks India International Inc. as set forth below as of [●], 2021, the Voting Record Date[2]:

> $

**Item 2.**        **Vote**.  The undersigned holder of the General Unsecured Claims in the amount set forth in Item 1 above hereby votes as follows (check one box only-if you do not check a box your vote may not be counted):

❑ to **Accept** (votes for) the Plan

OR

❑ to **Reject** (votes against) the Plan.

**Item 3.**        **Optional Third Party Release Election.**   Item 3 is to be completed <u>only</u> if you are <u>not voting to accept or reject the Plan</u> and wish to opt out of the Third Party Releases in Section 13.3 of the Plan (please refer to Article 13 of the Plan for the full Plan releases).

The holder of the Class 3 Claims set forth in Item 1 hereby elects to (please check one):

> ❑  **OPT OUT** OF THE THIRD PARTY RELEASES

IF YOU VOTE TO REJECT THE PLAN, YOU ARE NOT BOUND BY THE THIRD PARTY RELEASES. **Do not complete this Item 3.**

IF YOU VOTE TO **ACCEPT** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES.

IF YOU **ABSTAIN FROM VOTING ON** THE PLAN AND THE BANKRUPTCY COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN,

---

[2] For voting only, subject to tabulation rules.

INCLUDING, WITHOUT LIMITATION, THE THIRD PARTY RELEASES, UNLESS YOU
CHECK THE BOX IN ITEM 3 ABOVE INDICATING YOUR DECISION TO OPT OUT OF
THE THIRD PARTY RELEASES.

<u>**Article 13.3 of the Plan provides for the following Third Party Releases:**</u>

**EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND
VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER
APPLICABLE LAW, THE HOLDERS OF CLAIMS AGAINST AND INTERESTS IN
NNIII AND EACH OF SUCH HOLDERS' PREDECESSORS, SUCCESSORS, ASSIGNS
AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS,
EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY) WHO:
(I) EITHER VOTE TO ACCEPT THIS PLAN OR ARE PRESUMED TO HAVE VOTED
FOR THIS PLAN UNDER SECTION 1126(F) OF THE BANKRUPTCY CODE OR (II)
ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND ABSTAIN
FROM VOTING AND DO NOT MARK THEIR BALLOTS TO INDICATE THEIR
REFUSAL TO GRANT THE RELEASES PROVIDED HEREIN WILL BE DEEMED TO
HAVE WAIVED, RELEASED, VOIDED AND DISCHARGED EACH OF THE PLAN
RELEASED PARTIES FROM ANY AND ALL CLAIMS, OBLIGATIONS, DAMAGES,
DEMANDS, DEBTS, RIGHTS, SUITS, JUDGMENTS OR LIABILITIES (OTHER THAN
THE RIGHT TO ENFORCE THE PLAN RELEASED PARTIES' OBLIGATIONS
UNDER THIS PLAN, THE SPSA AND THE CONTRACTS, INSTRUMENTS,
RELEASES, AGREEMENTS AND DOCUMENTS DELIVERED UNDER THIS PLAN),
WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT,
MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR
UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, EQUITY
OR OTHERWISE, THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT OR
OMISSION, TRANSACTION, EVENT OR OTHER OCCURRENCE TAKING PLACE
ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO NNIII,
THE CHAPTER 11 CASE, THE DISCLOSURE STATEMENT, THE SPSA OR THE
PLAN (INCLUDING, WITHOUT LIMITATION, THE SOLICITATION OF VOTES ON
THE PLAN) THAT COULD HAVE BEEN ASSERTED BY THE HOLDERS OF
CLAIMS AGAINST OR INTERESTS IN NNIII, IN THEIR INDIVIDUAL CAPACITIES
OR ON BEHALF (WHETHER DIRECTLY OR DERIVATIVELY) OF NNIII, ITS
ESTATE, WIND-DOWN NNIII, EACH OF THEIR PREDECESSORS, SUCCESSORS,
ASSIGNS AND EACH OF THEIR PRESENT AND FORMER OFFICERS, DIRECTORS,
EMPLOYEES, CONSULTANTS AND AGENTS (ACTING IN SUCH CAPACITY), IN
EACH CASE WITHOUT FURTHER NOTICE TO OR ORDER OF THE
BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW,
REGULATION, ORDER OR RULE OR THE VOTE, CONSENT OR AUTHORIZATION
OR APPROVAL OF ANY PERSON.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS
SECTION 13.3 OR SECTION 13.2 HEREOF, THE RELEASES SET FORTH ABOVE
DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY
OR ENTITY UNDER THE PLAN, OR ANY DOCUMENT, INSTRUMENT OR**

**AGREEMENT EXECUTED TO IMPLEMENT THE PLAN, INCLUDING THE SPSA, AND EXCEPT AS OTHERWISE PROVIDED BY PRIOR OR SUBSEQUENT FINAL ORDER OF THE BANKRUPTCY COURT, NOTHING IN THIS SECTION 13.3 OR SECTION 13.2 SHALL OPERATE AS A WAIVER OR RELEASE OF (A) ANY PERSON (I) NAMED PRIOR TO THE EFFECTIVE DATE AS A DEFENDANT IN ANY ACTION COMMENCED BY OR ON BEHALF OF NNIII OR (II) ADJUDICATED PRIOR TO THE EFFECTIVE DATE BY A COURT OF COMPETENT JURISDICTION TO HAVE ENGAGED IN ACTS OF DISHONESTY OR WILLFUL MISCONDUCT DETRIMENTAL TO THE INTEREST OF NNIII OR (B) ANY CLAIM (I) WITH RESPECT TO ANY LOAN, ADVANCE OR SIMILAR PAYMENT BY NNIII TO ANY SUCH PERSON, (II) WITH RESPECT TO ANY CONTRACTUAL OBLIGATION OWED BY SUCH PERSON TO NNIII OR (III) RELATING TO SUCH PERSON'S KNOWING FRAUD, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; AND *PROVIDED*, *FURTHER*, THAT THE FOREGOING IS NOT INTENDED, NOR SHALL IT BE CONSTRUED, TO RELEASE ANY OF NNIII'S CLAIMS THAT MAY EXIST AGAINST NNIII'S DIRECTORS AND OFFICERS LIABILITY INSURANCE; AND *PROVIDED*, *FURTHER*, THAT, NOTWITHSTANDING THE FOREGOING, ALL SUCH CLAIMS SHALL BE PRESERVED BY NNIII FOR SETOFF PURPOSES.**

**Item 4. Acknowledgement and Certification**. By signing and returning this Ballot, the undersigned certifies that:

(a)   the information in Item 1 is true and correct;

(b)   no other Ballot with respect to the amount of the Class 3 Claims identified in Item 1 has been cast with respect to such Class 3 Claims, or that any such previously cast Ballots are hereby revoked;

(c)   a copy of the Disclosure Statement relating to the Plan, including without limitation the release and injunction provisions of Article XIII of the Plan, has been provided to and reviewed by the undersigned; and

(d)   as the holder or authorized signatory of the amount of Class 3 Claims set forth in Item 1, the undersigned has full power and authority to vote to accept or reject the Plan.

The undersigned also acknowledges that this solicitation is subject to all the terms and conditions set forth in the Disclosure Statement and the Plan.

Name:_____

(Print or Type)

Signature:_____

5

Name of Signatory:_____
                              (if other than holder)
Title:_____
                              (if applicable)
Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____


This Ballot shall not constitute or be deemed a proof of Claim or Interest, an assertion of a Claim or Interest, or an admission by NNIII of the nature, validity or amount of any Claim or Interest.

**VOTING INSTRUCTIONS**

**In re Nortel Networks India International Inc., Case No. 16-11714-CSS (Bankr. D. Del.)**

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME FOR YOUR VOTE TO BE *ACTUALLY RECEIVED* BY NNIII'S VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, BY 4:00 P.M., PREVAILING EASTERN TIME ON [●], 2021, OR YOUR VOTE MAY NOT BE COUNTED.**

**IT MAY BE FORWARDED TO THE VOTING AGENT IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

| **If by U.S. First Class Mail to:** | **If by Overnight Courier or Personal Delivery:** |
|---|---|
| Nortel Networks India International Inc. Ballot Processing Center c/o Epiq Bankruptcy Solutions, LLC P.O. Box 4422 Beaverton, OR 97076-4422 | Nortel Networks India International Inc. Ballot Processing Center c/o Epiq Bankruptcy Solutions, LLC 10300 SW Allen Boulevard Beaverton, OR 97005 |

**Please Take Notice That**:

1. The rules which govern the solicitation and tabulation of votes to accept or reject the Plan can be found in the Disclosure Statement Order [D.I. ●]. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Agent by the Voting Deadline. **Ballots will not be accepted by email, facsimile or other electronic means.**

3. You may not split your vote and, accordingly, a Ballot that partially rejects and partially accepts or that votes to both accept and reject will not be counted.

4. Any executed Ballot received by the Voting Agent that does not indicate either an acceptance or rejection of the Plan will not be counted.

5. Any unsigned Ballot or Ballot not bearing an original signature will not be counted.

6. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

7. Except to the extent determined by NNIII in its reasonable discretion or as otherwise permitted by the Court, NNIII will not accept or count any Ballots received after the Voting Deadline.

8. NNIII and/or its agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

9.   Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is received on or before such deadline.

10.  If multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Voting Agent.

11.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code and based on a reasonable review by the Voting Agent, separate Claims held by a single creditor in a particular class shall be aggregated as if such creditor held one Claim against NNIII in such class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

---

IF YOU ARE A HOLDER OF A CLAIM ENTITLED TO VOTE ON THE PLAN AND HAVE ANY QUESTIONS CONCERNING THE PROCEDURES FOR VOTING ON THE PLAN, PLEASE CONTACT THE VOTING AGENT **BY TELEPHONE AT (646) 282-2500 AND REQUEST TO SPEAK TO A MEMBER OF THE SOLICITATION TEAM OR BY EMAIL TO TABULATION@EPIQGLOBAL.COM AND REFERENCE "NORTEL NETWORKS INDIA" IN THE SUBJECT LINE.**

---

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN.**

**Exhibit B**

**Blackline of the Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| _____ ) _____ | |
| ) | |
| *In re* ) | Chapter 11 |
| ) | |
| Nortel Networks Inc., *et al.*,[1] ) | Case No. 09-10138 (CSS) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | |
| ) | |
| _____ ) | |
| ) | |
| *In re* ) | Chapter 11 |
| ) | |
| Nortel Networks India International Inc. ) | Case No. 16-11714 (CSS) |
| ) | |
| Debtor. ) | Jointly Administered |
| ) | |
| _____ | |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE**
**VOTING RECORD DATE AND PROCEDURES FOR SOLICITING, RECEIVING AND**
**TABULATING VOTES ON THE PLAN AND (III) SETTING THE CONFIRMATION**
**HEARING DATE AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES**

Upon the motion dated July 20, 2021 (the "Motion"),[2] of Nortel Networks India

International Inc., as debtor in the above-captioned cases ("NNIII"), for entry of an order, as

more fully described in the Motion, (i) approving the adequacy of the information contained in

the ~~Proposed~~ *Disclosure Statement for the Chapter 11 Plan of Nortel Networks India*

*International Inc.* (the "Disclosure Statement"), filed ~~July 20~~August 12, 2021 [D.I. •18875], for

---

[1]      The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down
Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620)
and Nortel Networks (CALA) Inc. (4226).  Contact information for the Former Debtors and their petitions are
available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion, the
Disclosure Statement, or the Plan.

the *Chapter 11 Plan of Nortel Networks India International Inc.* (as it may be amended, the "Plan"), filed ~~July 20~~August 12, 2021 [D.I. •18874], and the form and manner of the notice of the hearing to consider the Disclosure Statement; (ii) establishing a voting record date; (iii) approving procedures for soliciting, receiving and tabulating votes on the Plan, including setting a deadline for filing motions to estimate claims for voting purposes, and approving the form of ballots; (iv) setting the hearing date and objection deadline for confirmation of the Plan, and establishing the form and manner of notice of the Confirmation Hearing; and (v) granting such other and further relief as the Court deems just and proper; and upon the record in these proceedings, including the arguments and statements made by counsel and the evidence admitted at the hearing to consider the approval of the Motion on August 27, 2021 (the "Hearing"); and after due deliberation and sufficient cause appearing therefor, it is[3]

FOUND AND DETERMINED THAT:

A.    This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    The statutory bases for the relief requested herein are sections 105(a), 502, 1125, 1126,  1128, and 1129 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1 and 3017-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

C.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  The entry of this Order is in the best interests of NNIII, its estate, its creditors, and other parties in interest.

D.      The Disclosure Statement contains "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code with respect to the Plan.

E.      The Disclosure Statement Notice provided adequate notice concerning the Disclosure Statement Hearing.

F.      As set forth more fully in the Motion, the notice of the Motion and the proposed entry of this Order are adequate and sufficient under the circumstances of this chapter 11 case, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Accordingly, no further notice of the Motion or this Order is necessary or required.

G.      The form of Ballots, substantially in the form attached as Exhibit E to the Order, is sufficiently consistent with Official Form No. 14, adequately addresses the particular needs of this chapter 11 case, and is appropriate for the Class entitled to vote on the Plan.

H.      Ballots need not be provided to the holders of Claims in Classes 1 and 2, because they are unimpaired and, therefore, conclusively presumed to accept the Plan.

I.      Ballots or further notice need not be provided to the holders of Interests in Class 4 because they are conclusively presumed to reject the Plan.

J.      The forms of notice to non-voting classes, substantially in the forms attached as Exhibits C and D to the Order, are adequate and sufficient.

K.      The period, set forth below, during which NNIII may solicit acceptances of the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision to either accept or reject the Plan.

L.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

N.      The procedures set forth below regarding notice to all parties in interest of the time, date and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and the filing of objections thereto, and the distribution and contents of the Solicitation Package (as defined below), including the Confirmation Hearing Notice, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is granted to the extent provided herein.

2.      Pursuant to section 1125(a) of the Bankruptcy Code and Rule 3017(b) of the Bankruptcy Rules, the Disclosure Statement is hereby approved as containing "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code with respect to the Plan.

3.      In accordance with Bankruptcy Rules 3017(d) and 3018(a), the record date for determining which holders of Claims against NNIII's estate are eligible to vote on the Plan, and for determining the identity of each holder of Claims against and Interests in NNIII that shall receive a copy of the Confirmation Hearing Notice shall be September 1August 27, 2021 (the "Voting Record Date").

4.      The Ballots substantially in the form attached as <u>Exhibit E</u> to the Order are hereby approved.

5.      NNIII's obligations under Bankruptcy Rules 2002(b) and 3017 with respect to the solicitation of votes and the provision of adequate notice of the hearing on confirmation of the Plan will be satisfied if the following procedures (the "<u>Solicitation Procedures</u>") are utilized:

(a)      A notice of approval of the Disclosure Statement and of the date fixed by the Court as the Voting Deadline (as defined herein), and the date of the hearing regarding, and the time for filing objections to, the confirmation of NNIII's Plan (the "<u>Confirmation Hearing Notice</u>"), substantially in the form attached as <u>Exhibit B</u> to the Order, is to be served by regular mail on or before the date that is three (3) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, upon: (i) all creditors of NNIII identified on NNIII's schedules of assets and liabilities dated on or about July 26, 2016 [D.I. 9], and any later amendment or supplement thereto (the "<u>Schedules</u>") or in a proof of Claim filed in these chapter 11 cases; (ii) all persons known to hold Interests; (iii) the Office of the United States Trustee for the District of Delaware; and (iv) the Internal Revenue Service.

(b)      On or before the date that is three (3) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, to the extent that current versions of such documents have not already been distributed to such persons, the Disclosure Statement and the Plan (in either hard copy or in .pdf format) will be served by regular mail upon: (i) the holders of Claims in Class 3 that are entitled to vote pursuant to the Plan and the relevant provisions of the Bankruptcy Code and the Bankruptcy Rules (the "<u>Voting Creditors</u>"); (ii) the Office of the United States Trustee for the District of Delaware; (iii) the Internal Revenue Service and (iv) any party in interest who requests in writing a copy of such documents.

(c)      On or before the date that is five (5) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, appropriate Ballots, voting instructions and a pre-addressed return envelope will be sent to all Voting Creditors.

(d)      On or before the date that is five (5) business days after the entry of the order approving the Disclosure Statement, or as soon as practicable thereafter, or such other date that the Court may direct, a notice of

nonvoting status (the "<u>Notice of Non-Voting Status</u>") will be served, with the Confirmation Hearing Notice, by regular mail on all holders of Claims and Interests in Classes 1, 2 and 4.  Holders of Claims in Classes 1 and 2 will be sent a notice substantially in the form attached as <u>Exhibit C</u> to the Order and holders of Interests in Class 4 will be sent a notice substantially in the form attached as <u>Exhibit D</u> to the Order.

(e)      NNIII will post copies of the Disclosure Statement, the Plan, and the Confirmation Hearing Notice on the Debtors' case information website at http://dm.epiq11.com/nortel and indicate in the Confirmation Hearing Notice that such materials are available on such website.

(f)      NNIII will not be required to mail any Solicitation Packages to any individual or entity at an address from which the Disclosure Statement Hearing Notice was returned by the United States Postal Office as undeliverable unless NNIII is also provided with a more accurate address by the United States Postal Office.

7.      NNIII is not required to mail a copy of the Plan or the Disclosure Statement to holders of Claims or Interests in Classes 1, 2 and 4.

8.      Solely for the purpose of voting to accept or reject the Plan, and not for purposes of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights of NNIII in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan will be temporarily allowed in accordance with the following procedures (the "<u>Temporary Allowance Procedures</u>"):

(a)      Claims for which a proof of Claim has been timely filed in an amount that is undisputed, non-contingent and liquidated will be temporarily allowed, for voting purposes only, in the amount set forth on the relevant proof of Claim, unless such Claim is subject to an objection by NNIII.

(b)      Claims that are listed on NNIII's Schedules as disputed, contingent or unliquidated and for which no proof of Claim has been timely filed shall not be entitled to vote to accept or reject the Plan.

(c)      Claims for which a proof of Claim has been timely filed for unknown or undetermined amounts, or that are wholly contingent, unliquidated or disputed (as determined on the face of the claim or after a reasonable review of the supporting documentation by NNIII or the

Voting Agent), shall be temporarily allowed for one dollar ($1.00) for voting purposes only, and not for purpose of allowance or distribution.

9.      The following procedures for the tabulation of votes for and against the Plan (the "Vote Tabulation Procedures") are hereby approved:

(a)     All votes to accept or reject the Plan must be cast by completing the appropriate Ballot. Votes that are cast in any other manner will not be counted.

(b)     Except as provided for in the Order, for purposes of tabulating votes, the amount of a Claim shall be calculated on the basis of the amount of the Allowed Claim on the Voting Record Date.

(c)     Delivery of a Ballot to the Voting Agent by facsimile, email, or any other electronic means will not be valid; only original executed Ballots will be counted.

(d)     Ballots should not be sent to any of NNIII, NNIII's agents (other than the Voting Agent), any administrative agent or indenture trustee (unless specifically instructed to do so), or NNIII's financial or legal advisors, and, unless received by the Voting Agent, if so sent will not be counted.

(e)     All Ballots must be properly completed, executed and ACTUALLY RECEIVED by the Voting Agent on or before 4:00 p.m. (Prevailing Eastern Time) on ~~September 17~~October 1, 2021 (the "Voting Deadline").

(f)     Pursuant to section 1126(e) of the Bankruptcy Code, a vote may be disregarded if the Court determines, after notice and a hearing, that it was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code.

(g)     Except to the extent determined by NNIII in its reasonable discretion or as otherwise permitted by the Court, NNIII will not accept or count any Ballots received after the Voting Deadline.

(h)     Whenever a voter submits more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly completed Ballot received shall be deemed to reflect the voter's intent and thus supersede any prior Ballots.

(i)     If a Ballot is signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity, each such person should indicate such capacity when signing its Ballot and, if so requested by NNIII or the

Voting Agent, must submit proper evidence satisfactory to NNIII of its authority to so act.

(j)     NNIII and/or its agents shall have discretion to determine if a Ballot properly complies with these Vote Tabulation Procedures and the voting instructions accompanying the Ballots.

(k)     Any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by completing and casting a superseding Ballot so that it is actually received on or before such deadline.

(l)     A creditor may not split their vote(s), they must vote all of their Claims to either to accept the Plan or to reject the Plan, or their votes will not be counted.

(m)     If no votes to accept or reject the Plan are received with respect to a particular Class, NNIII will request at the Confirmation Hearing that the Court deem this Class to have accepted the Plan.

(n)     If a proof of Claim has been amended by a later filed proof of Claim, only the later filed amending Claim will be entitled to vote, regardless of whether NNIII has objected to such earlier filed Claim.

(o)     Subject to any contrary order of the Court and except as otherwise set forth herein, NNIII may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation certification prepared by the Voting Agent.

10.     The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected, unless otherwise agreed to by NNIII:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (ii) any Ballot cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Plan; (iii) any unsigned Ballot; (iv) any Ballot without an original signature; (v) any Ballot marked both to accept and reject the Plan, or not marked to either accept or to reject the Plan; and (vi) any Ballot transmitted to the Voting Agent by facsimile, electronic mail, or other means not

specifically approved by this Court.  None of NNIII, the Voting Agent or any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

11.    The date for a hearing on the Confirmation of the Plan shall be ~~September 24~~October 8, 2021 at a time convenient for the Court (the "Confirmation Hearing").

12.    The last date and time for the filing of objections to the confirmation of the Plan~~, including the assumption and/or assignment of certain executory contracts and unexpired leases under the Plan, the establishment of cure amounts related to any contracts or leases to be assumed under the Plan as identified on Exhibit C to the Plan,~~ or any other matter scheduled to be heard at the Confirmation Hearing is ~~September 17~~October 1, 2021 at 4:00 p.m. (Prevailing Eastern Time).

13.    The form of the Confirmation Hearing Notice substantially in the form attached as Exhibit B to the Order is hereby approved.

14.    NNIII shall distribute the Confirmation Hearing Notice to all creditors and Interest holders as part of the Solicitation Package, setting forth (i) the date of approval of the Disclosure Statement, (ii) the Voting Record Date, (iii) the Voting Deadline, (iv) the Confirmation Objection Deadline, and (v) the time, date and place for the Confirmation Hearing.

15.    In addition to mailing the Confirmation Hearing Notice, NNIII shall publish the Confirmation Hearing Notice, not less than twenty-eight (21) days prior to the Confirmation Hearing, once in each of the *Wall Street Journal* (National Edition) and

the *Economic Times* of India (all editions), and electronically at

http://dm.epiq11.com/nortel.

16.      Responses or objections, if any, to confirmation of the Plan: (a) shall be in

writing; (b) shall state the name and address of the objector and its interest in NNIII's

case; (c) shall state, if appropriate, the amount and nature of the objector's Claim or

Interest; (d) shall state the grounds for the responses or objections and the legal basis

therefore; (e) shall reference with specificity the text of the Plan to which the responses

or objections are made, and shall provide proposed language changes or insertions to the

Plan to resolve the responses or objections; and (f) shall be filed, together with proof of

service, with the Clerk of the United States Bankruptcy Court, District of Delaware, 824

North Market Street, 3rd Floor, Wilmington, Delaware 19801, with one copy to

chambers, such that the responses or objections are actually received no later than the

Confirmation Objection Deadline by (i) counsel to NNIII and (ii) the U.S. Trustee., at the

following addresses:

Counsel for NNIII

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
(212) 225-3999 (facsimile)
Attention:  Lisa M. Schweitzer, Esq.
        (lschweitzer@cgsh.com)

Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, Delaware 19899
(302) 658-3989 (facsimile)
Attention:  Derek C. Abbott, Esq.
        (dabbott@mnat.com)
        Andrew R. Remming, Esq.
        (aremming@mnat.com)

The United States Trustee

Office of The United States Trustee
J. Caleb Boggs Federal Building
Room 2207, 844 N. King Street
Wilmington, DE 19801
Attention: David L. Buchbinder, Esq.
(david.l.buchbinder@usdoj.gov)

17.      If a response or objection is not timely filed and served before the Confirmation Objection Deadline, the responding or objecting party shall be barred from objecting to confirmation of the Plan and be precluded from being heard at the Confirmation Hearing.

18.      Nothing herein shall prevent NNIII from objecting to a proof of Claim for voting purposes at any time at or prior to the Confirmation Hearing.

19.      Nothing herein shall prevent NNIII from objecting to a proof of Claim for allowance or distribution purposes.

20.      NNIII is authorized to make any revisions or modifications, if any, to the Disclosure Statement, the Confirmation Hearing Notice and the Ballots, and are authorized to make any amendments to the Plan in accordance with the Plan, including without limitation proposing new Classes of Claims or Interests or merging or redefining classes of Claims or Interests in consultation with their various creditor constituencies.

21.     NNIII is authorized and empowered to take such steps, incur and pay such costs and expenses, including such costs and expenses incurred by the Voting Agent, to execute such documents and do such things as may be reasonably necessary to fulfill the notice requirements established by this Order.

22.     The Voting Agent is authorized and directed to take any action reasonably necessary to accomplish the solicitation and ballot tabulation, including, without limitation, to review, tabulate, and make preliminary determinations as to the validity of all acceptances and rejections of the Plan and to provide an affidavit setting forth the results of such tabulation to the Court prior to the date of the Confirmation Hearing.

23.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) NNIII is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) NNIII may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

24.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated: _____, 2021
     Wilmington, Delaware              _____

THE HONORABLE CHRISTOPHER S. SONTCHI
BANKRUPTCY JUDGE