## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X
| | : | |
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks Inc., *et al.*,[1] | : | Case No. 09-10138 (CSS) |
| | : | |
|        Wind-Down Debtors. | : | Jointly Administered |
| | : | |
| | : | |
| | : | |

-----------------------------------------------------------X
| | : | |
| *In re* | : | Chapter 11 |
| | : | |
| Nortel Networks India International Inc. | : | Case No. 16-11714 (CSS) |
| | : | |
|        Debtor-in-Possession. | : | Jointly Administered |
| | : | |
| | : | |

-----------------------------------------------------------X

**NOTICE OF ENTRY OF CONFIRMATION ORDER AND OCCURRENCE
OF EFFECTIVE DATE OF THE CHAPTER 11 PLAN OF
NORTEL NETWORKS INDIA INTERNATIONAL INC.**

TO:    ALL CREDITORS, HOLDERS OF CLAIMS OR INTERESTS AND OTHER PARTIES IN INTEREST IN THE CHAPTER 11 CASE OF NORTEL NETWORKS INDIA INTERNATIONAL INC.

      **PLEASE TAKE NOTICE** that, on October 13, 2021, the United States Bankruptcy Court for the District of Delaware entered the *Findings of Fact, Conclusions of Law, and Order Confirming Chapter 11 Plan of Nortel Networks India International Inc.* [D.I. 18906] (the "Confirmation Order") confirming the *Chapter 11 Plan of Nortel Networks India International Inc.* [D.I. 18887] (the "Plan").[2]

---

[1]      The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's tax identification number, are: Nortel Networks Inc. (6332), Nortel Networks Capital Corporation (9620) and Nortel Networks (CALA) Inc. (4226).  Contact information for the Former Debtors and their petitions are available at http://dm.epiq11.com/nortel.

[2]      Capitalized terms used herein shall have the meanings ascribed to them in the Confirmation Order or Plan, as applicable.

**PLEASE TAKE FURTHER NOTICE** that, on December 9, 2021, each of the conditions precedent to the effectiveness of the Plan occurred or was waived in accordance with the provisions of the Plan.  Accordingly, the Plan became effective and was substantially consummated on **December 9, 2021** (the "Effective Date").

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Plan, Wind-Down NNIII anticipates making initial distributions to Holders of Allowed Claims on or before **February 7, 2022**, or as soon thereafter as practicable.

ADMINISTRATIVE EXPENSE CLAIMS BAR DATE

Pursuant to the Plan, entities asserting Administrative Expense Claims that accrued on or before the Effective Date (other than Administrative Expense Claims that (i) have been paid, (ii) relate to payment of Professionals, (iii) are for fees and expenses pursuant to section 1930 of chapter 123 of title 28 of the United States Code or (iv) are as specified subparagraph (B) or (C) of section 503(b)(1) of the Bankruptcy Code and held by a Governmental Unit) must properly File such Claim(s) with the Claims Agent by mailing it to the Claims Agent at Nortel Networks India International Inc. Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4419, Beaverton, OR 97076-4419 and counsel to Wind-Down NNIII at Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Lisa M. Schweitzer, Esq. and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, Wilmington, DE 19801, Attn: Derek C. Abbott, Esq. & Andrew R. Remming, Esq., (collectively, the "Notice Parties") *so as to be actually received* on or before the Administrative Expense Claims Bar Date of **January 10, 2022 at 5:00 p.m. (Prevailing Eastern Time).  Any entity asserting an Administrative Expense Claim may download a form for Filing such Claim(s) at http://dm.epiq11.com/nortel.  Any Administrative Expense Claim that is not properly Filed and served by the Administrative Expense Claims Bar Date shall not appear on the register of Claims maintained by the Claims Agent and shall be disallowed automatically and forever barred without the need for any objection from Wind-Down NNIII or any action by the Bankruptcy Court.**  Wind-Down NNIII shall have one hundred and eighty (180) days (or such longer period as may be allowed by order of the Bankruptcy Court) following the Administrative Expense Claims Bar Date to review and File objections to any Administrative Expense Claim, if necessary.  Unless Wind-Down NNIII objects to a timely filed and properly served Administrative Expense Claim prior to the deadline for doing so, such Administrative Expense Claim shall be deemed Allowed in the amount requested.  In the event that Wind-Down NNIII objects to an Administrative Expense Claim, the parties may confer to try to reach a settlement and, failing that, the Bankruptcy Court shall determine whether such Administrative Expense Claim should be allowed and, if so, in what amount.  Wind-Down NNIII and the Plan Administrator may settle Administrative Expense Claims in the ordinary course without further notice or Bankruptcy Court approval.

PROFESSIONAL CLAIMS BAR DATE

Pursuant to the Plan, the deadline to file **Professional Claims shall be February 7, 2022 at 5:00 p.m. (Prevailing Eastern Time)** (the "Professional Claims Bar Date").  All final fee applications for Professional Claims for services rendered during or in connection with the Chapter 11 Case and/or reimbursement of expenses incurred through the Effective Date under

sections 105(a), 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) shall be Filed with the Bankruptcy Court by no later than the Professional Claims Bar Date. **Holders of Professional Claims that are required to File applications for final allowance of their Professional Claims and that do not File such applications by the Professional Claims Bar Date shall be forever barred from asserting such Professional Claims against NNIII, Wind-Down NNIII or their respective properties, and such Professional Claims shall be deemed discharged as of the Effective Date.** Except as otherwise specifically provided in the Plan, on and after the Effective Date, any requirement that Professionals comply with sections 327 through 331 and 1103 of the Bankruptcy Code or the Interim Compensation Order in seeking retention or compensation for services rendered after such date shall terminate, and, subject to the terms of the Plan Administration Agreement, the Plan Administrator may employ and pay any Professional for services rendered or expenses incurred after the Effective Date in the ordinary course to facilitate the wind down of Wind-Down NNIII and effectuate the Plan without any further notice to any party or action, order or approval of the Bankruptcy Court.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Pursuant to the Plan and as of the Effective Date, any executory contracts and unexpired leases of NNIII that have not been assumed, assumed and assigned or rejected prior to the Confirmation Date or with respect to which NNIII has not otherwise Filed a Notice of Assumption and Assignment or obtained an order assuming, assuming and assigning or rejecting the contract or lease prior to the Confirmation Date, if any, shall be rejected pursuant to Section 9.2 of the Plan. Any Claim for damages arising from any such rejection (each such Claim, a "Rejection Damages Claim") must be Filed and served on the Notice Parties *so as to be actually received* on or before **January 10, 2022** (the "Rejection Damages Claim Bar Date"). **Any Rejection Damages Claim that is not properly Filed and served by the Rejection Damages Claim Bar Date shall not be enforceable against NNIII or Wind-Down NNIII and shall be disallowed automatically without the need for any objection from Wind-Down NNIII or any action by the Bankruptcy Court**.

## BINDING EFFECT OF PLAN AND CONFIRMATION ORDER

The Plan and all agreements, documents, instruments and certificates relating thereto shall be effective and binding as of the Effective Date of the Plan or, as applicable, when executed or adopted thereafter, and shall be binding in accordance with their respective terms upon NNIII, Wind-Down NNIII, all Holders of Claims and Interests and all other Persons that are affected in any manner by the Plan. All Claims and Interests shall be as fixed, adjusted or compromised, as applicable, pursuant to the Plan regardless of whether any Holder of a Claim or Interest has voted on the Plan or whether or not the Claim or Interest of such Holder is Impaired under the Plan. If there is any direct conflict between the Plan, all exhibits and addenda thereto (including the terms of the Plan and all exhibits and addenda thereto) and the terms of the Confirmation Order, the terms of the Confirmation Order shall control.

AUTOMATIC STAY

Pursuant to the Plan, all injunctions or stays provided for in the Chapter 11 Case under section 105 or 362 of the Bankruptcy Code, or otherwise, shall be lifted and of no further force or effect—being replaced, to the extent applicable, by the injunctions, discharges, releases and exculpations of Article 13 of the Plan.

FURTHER NOTICES

From and after the Effective Date, any Entity that, prior to the Effective Date, had requested from NNIII or the Claims Agent to receive notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002 must renew such request in writing to the Claims Agent in order to be included on the Post-Effective Date Notice List. On or after the Effective Date, Wind-Down NNIII is authorized to limit the list of entities receiving documents pursuant to Bankruptcy Rule 2002 to those entities that request to be included on the Post-Effective Date Notice List.

COPIES OF PLAN RELATED DOCUMENTS

Copies of the Confirmation Order, Plan, the Administrative Expense Claim form and other documents and materials related to Wind-Down NNIII's case may be obtained at no charge from Epiq Corporate Restructuring, LLC[3], the Claims Agent retained by NNIII in the Chapter 11 Case, by visiting http://dm.epiq11.com/nortel, calling (646) 282-2500 or emailing epiqteamgreen@epiqglobal.com and referencing "Nortel Networks India" in the subject line. You may also obtain copies of any pleadings filed in the Chapter 11 Case for a fee via PACER at www.deb.uscourts.gov.

Dated: December 9, 2021
Wilmington, DE

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Paige N. Topper*
Derek C. Abbott, Esq. (No. 3376)
Andrew R. Remming, Esq. (No. 5120)

Lisa M. Schweitzer, Esq. (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

Paige N. Topper, Esq. (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

and

*Counsel for the Debtor and Debtor-in-Possession*

---

[3]    Formerly Epiq Bankruptcy Solutions, LLC.