# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| Nortel Networks Inc., *et al.*, | : | Case No. 09-10138 (CSS) |
| Wind-Down Debtors. | : | Jointly Administered |

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| Nortel Networks India International Inc. | : | Case No. 16-11714 (CSS) |
| Wind-Down Debtor. | : | Jointly Administered |
| | : | **Objections due: February 28, 2022, 4:00 PM (ET)** |

**SIXTY-EIGHTH INTERIM APPLICATION (FOR THE PERIOD JANUARY 1, 2021 THROUGH DECEMBER 9, 2021) AND FINAL APPLICATION OF JOHN RAY, AS PRINCIPAL OFFICER OF NORTEL NETWORKS, INC. AND TO THE DEBTOR AND DEBTOR-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED BY NORTEL NETWORKS INDIA INTERNATIONAL INC. <u>FOR THE PERIOD MAY 9, 2017 THROUGH DECEMBER 9, 2021</u>**

| | |
|---|---|
| Name of Applicant: | John Ray |
| Authorized to provide professional services to: | Debtor |
| Date of retention: | *nunc pro tunc* to December 7, 2009 |
| Interim Period for which compensation and reimbursement is sought: | January 1, 2021 through December 9, 2021 |

| | |
|---|---|
| Amount of interim compensation sought as actual, reasonable and necessary: | $38,000.00 |
| Amount of interim reimbursement sought as actual, reasonable and necessary: | $0.00 |
| Final Period for which compensation and reimbursement is sought: | May 9, 2017 – December 9, 2021 |
| Amount of final compensation sought as actual, reasonable and necessary: | $38,000.00 |
| Amount of final reimbursement sought as actual, reasonable and necessary: | $0.00 |

This is  x  an interim                    x  a final application

[REST OF PAGE LEFT INTENTIONALLY BLANK]

If this is not the first application filed, disclose the following for each prior application:[1]

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
| --- | --- | --- | --- |
| 2/18/2010 | 12/7/2009 – 1/31/2010 | $112,185.00/$13,844.36 | $112,185.00/$13,844.36 |
| 3/5/2010 | 2/1/2010 – 2/28/2010 | $69,030.00/$3,483.73 | $69,030.00/$3,483.73 |
| 4/8/2010 | 3/1/2010 – 3/31/2010 | $63,315.00/$6,916.80 | $63,315.00/$6,916.80 |
| 5/5/2010 | 4/1/2010 – 4/30/2010 | $73,260.00/$8,953.09 | $73,260.00/$8,953.09 |
| 6/7/2010 | 5/1/2010 – 5/31/2010 | $84,690.00/$14,437.31 | $84,690.00/$14,437.31 |
| 7/12/2010 | 6/1/2010 – 6/30/2010 | $82,057.50/$3,770.89 | $82,057.50/$3,770.89 |
| 8/6/2010 | 7/1/2010 – 7/31/2010 | $77,432.50/$6,306.75 | $77,432.50/$6,306.75 |
| 9/7/2010 | 8/1/2010 – 8/31/2010 | $92,143.50/$6,679.72 | $92,143.50/$6,679.72 |
| 10/7/2010 | 9/1/2010 – 9/30/2010 | $84,294.50/$15,412.30 | $84,294.50/$15,412.30 |
| 11/4/2010 | 10/1/2010 – 10/31/2010 | $88,336.50/$4,140.85 | $88,336.50/$4,140.85 |
| 12/7/2010 | 11/1/2010 – 11/30/2010 | $99,640.00/$8,348.40 | $99,640.00/$8,348.40 |
| 1/4/2011 | 12/1/2010 – 12/31/2010 | $64,719.00/$187.92 | $64,719.00/$187.92 |
| 2/7/2011 | 1/1/2011 – 1/31/2011 | $96,608.50/$4,606.57 | $96,608.50/$4,606.57 |
| 3/4/2011 | 2/1/2011 – 2/28/2011 | $96,326.50/$14,674.99 | $96,326.50/$14,674.99 |
| 4/8/2011 | 3/1/2011 – 3/31/2011 | $100,909.00/$5,555.03 | $100,909.00/$5,555.03 |
| 5/9/2011 | 4/1/2011 – 4/30/2011 | $80,816.50/$5,502.15 | $80,816.50/$5,502.15 |
| 6/8/2011 | 5/1/2011 – 5/31/2011 | $74,542.00/$2,069.88 | $74,542.00/$2,069.88 |
| 7/7/2011 | 6/1/2011 – 6/30/2011 | $125,317.50/$12,322.62 | $125,317.50/$12,322.62 |
| 8/9/2011 | 7/1/2011 – 7/31/2011 | $97,853.00/$5,909.84 | $97,853.00/$5,909.84 |
| 9/8/2011 | 8/1/2011 – 8/31/2011 | $76,979.00/$2,347.85 | $76,979.00/$2,347.85 |
| 10/14/2011 | 9/1/2011– 9/30/2011 | $83,692.00/$3,055.33 | $83,692.00/$70,008.93 |
| 11/8/2011 | 10/1/2011 – 10/31/2011 | $95,280.50/$12,395.37 | $95,280.50/$12,395.37 |
| 12/19/2011 | 11/1/2011 –11/30/2011 | $81,046.00/$6,445.14 | $81,046.00/$6,445.14 |
| 1/10/2012 | 12/1/2011 – 12/31/2012 | $64,239.00/$3,328.97 | $64,239.00/$3,328.97 |
| 2/13/2012 | 1/1/2012 – 1/31/2012 | $91,948.50/$7,511.97 | $91,948.50/$7,511.97 |
| 2/29/2012 | 2/1/2012 – 2/29/2012 | $112,759.25/$5,959.96 | $112,759.25/$5,959.96 |
| 4/9/2012 | 3/1/2012 – 3/31/2012 | $99,549.50/$2,127.83 | $99,549.50/$2,127.83 |
| 5/10/2012 | 4/1/2012 – 4/30/2012 | $88,631.50/$4,123.01 | $88,631.50/$4,123.01 |
| 6/15/2012 | 5/1/2012 – 5/31/2012 | $92,288.00/$3,636.61 | $92,288.00/$3,636.61 |
| 7/12/2012 | 6/1/2012 – 6/30/2012 | $96,717.00/$4,986.54 | $96,717.00/$4,986.54 |

---

[1] Nortel Networks India International Inc. ("NNIII") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 26, 2016, which was consolidated and jointly administered with the other Nortel debtors' chapter 11 cases for procedural purposes [D.I. 17090]. The prior filings in this table reflect filings in connection with the jointly administered chapter 11 proceedings. Fees and expenses related to NNIII were first included on John Ray's July 2016 Application.

| | | | |
|---|---|---|---|
| 8/9/2012 | 7/1/2012 – 7/31/2012 | $92,185.00/$5,176.63 | $92,185.00/$5,176.63 |
| 9/10/2012 | 8/1/2012 – 8/31/2012 | $101,068.75/$2,732.53 | $101,068.75/$2,732.53 |
| 10/9/2012 | 9/1/2012 – 9/30/2012 | $73,696.50/$7,150.85 | $73,696.50/$7,150.85 |
| 11/8/2012 | 10/1/2012 – 10/31/2012 | $61,851.50/$8,124.80 | $61,851.50/$8,124.80 |
| 1/3/2013 | 11/1/2012 – 12/31/2012 | $19,261.00/$646.66 | $19,261.00/$646.66 |
| 2/12/2013 | 1/1/2013 – 1/31/2013 | $42,120.00/$5,784.46 | $42,120.00/$5,784.46 |
| 5/3/2013 | 2/1/2013 – 4/30/2013 | $63,047.00/$1,062.00 | $63,047.00/$1,062.00 |
| 7/17/2013 | 5/1/2013 – 6/30/2013 | $36,046.00/$0.00 | $36,046.00/$0.00 |
| 8/19/2013 | 7/1/2013 – 7/31/2013 | $28,944.00/$0.00 | $28,944.00/$0.00 |
| 11/19/2013 | 8/1/2012 – 10/31/2013 | $29,547.00/$1,045.00 | $29,547.00/$1,045.00 |
| 1/7/2014 | 11/1/2013 – 12/30/2013 | $31,155.00/$6,103.80 | $31,155.00/$6,103.80 |
| 2/19/2014 | 1/1/2014 – 1/31/2014 | $18,224.00/$0.00 | $18,224.00/$0.00 |
| 2/19/2014 | 2/1/2014 – 4/30/2014 | $37,030.00/$0.00 | $37,030.00/$0.00 |
| 8/25/2014 | 5/1/2014 – 7/31/2014 | $59,885.00/$0.00 | $59,885.00/$0.00 |
| 11/18/2014 | 8/1/2014 – 10/31/2014 | $34,790.00/$0.00 | $27,832.00/$0.00 |
| 2/6/2015 | 11/1/2014 – 1/31/2015 | $36,120.00/$2,600.00 | $28,896.00/$2,600.00 |
| 5/15/2015 | 2/1/2015 – 4/30/2015 | $31,384.50/$0.00 | $31,384.50/$0.00 |
| 7/6/2015 | 5/1/2015 – 6/30/2015 | $93,859.50/$4,040.00 | $93,859.50/$4,040.00 |
| 8/3/2015 | 7/1/2015 – 7/31/2015 | $41,931.75/$2,061.26 | $41,931.75/$2,061.26 |
| 9/2/2015 | 8/1/2015 – 8/31/2015 | $50,788.50/$797.20 | $50,788.50/$797.20 |
| 11/3/2015 | 9/1/2015 – 10/31/2015 | $66,076.50/$4,001.85 | $66,076.50/$4,001.85 |
| 12/2/2015 | 11/1/2015 – 11/30/2015 | $36,823.50/$3,022.50 | $36,823.50/$3,022.50 |
| 2/2/2016 | 12/1/2015 – 1/31/2016 | $38,587.50/$2,957.25 | $38,587.50/$2,957.25 |
| 3/3/2016 | 2/1/2016 – 2/29/2016 | $25,284.00/$1,057.53 | $25,284.00/$1,057.53 |
| 4/1/2016 | 3/1/2016 – 3/31/2016 | $39,175.50/$2,064.60 | $39,175.50/$2,064.60 |
| 5/4/2016 | 4/1/2016 – 4/30/2016 | $44,357.25/$1,127.35 | $44,357.25/$1,127.35 |
| 6/8/2016 | 5/1/2016 – 5/31/2016 | $45,738.00/$0.00 | $45,738.00/$0.00 |
| 7/5/2016 | 6/1/2016 – 6/30/2016 | $79,117.50/$3,357.71 | $79,117.50/$3,357.71 |
| 8/5/2016 | 7/1/2016 – 7/31/2016 | $87,626.00/$0.00 | $87,626.00/$0.00 |
| 10/4/2016 | 8/1/2016 – 9/30/2016 | $120,582.00/718.00 | $96,465.60/$0.00 |
| 11/3/2016 | 10/1/2016 – 10/31/2016 | $87,549.00/$78.50 | $70,039.20/$78.50 |
| 1/4/2017 | 11/1/2016 – 12/31/2016 | $136,713.50/$3,203.41 | $136,713.50/$3,203.41 |
| 2/3/2017 | 1/1/2017 – 1/31/2017 | $133,880.00/$5,250.99 | $133,880.00/$5,250.99 |
| 3/7/2017 | 2/1/2017 – 2/28/2017 | $91,600.00/$1,539.30 | $73,280.00/$1,539.30 |
| 4/11/2017 | 3/1/2017 – 3/31/2017 | $59,520.00/$0.00 | $59,520.00/$0.00 |
| 5/23/2017 | 4/1/2017 – 4/30/2017 | $63,520.00/$0.00 | $63,520.00/$0.00 |
| 6/22/2017 | 5/1/2017 – 5/8/2017 | $21,840.00/$0.00 | $21,840.00/$0.00 |

## INTERIM COMPENSATION BY PROFESSIONAL
Nortel Networks Inc., *et al.*
(Case No. 09-10138 (CSS))

January 1, 2021 through December 9, 2021

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Call, and Approximate Number of Years in Current Position | Hourly Billing Rate[0] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| John Ray | Principal Officer for Nortel Networks | $950.00 | 40.00 | $38,000.00 |
| **TOTAL:** | | | 40.00 | $38,000.00 |
| **GRAND TOTAL:** | $38,000.00 | | | |
| **RATE:** | $950.00 | | | |

[*The remainder of the page is intentionally blank.*]

## INTERIM COMPENSATION BY PROJECT CATEGORY
Nortel Networks Inc., *et al.*
(Case No. 09-10138 (CSS))

January 1, 2021 through December 9, 2021

| Project Category | Total Hours | Total Fees | Total Costs |
|---|---|---|---|
| Quarterly Post Confirmation reporting; MOR; Monthly/Period Disclosures; US Trustee Matters | 3.00 | $2,850.00 | $0.00 |
| Litigation Support; Attendance and Testimony at hearings; Investigation Matters at the request of Counsel | 11.15 | $10,592.50 | $0.00 |
| Administrative Matters (Plan and disclosure statement preparation and review, confirmation process, Tax, Financial, Corporate Secretary), Creditor Meetings; Unclaimed Property Mgmt, Subsidiary Dissolution; Wind-down Activities | 25.85 | $24,557.50 | $0.00 |
| **TOTAL** | **40.00** | **$38,000.00** | **$0.00** |

## FINAL COMPENSATION BY PROFESSIONAL
Nortel Networks Inc., *et al.*
(Case No. 09-10138 (CSS))

May 9, 2017 through December 9, 2021

| Name of Professional Person | Position of the Applicant | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| John Ray | Principal Officer for Nortel Networks | $950.00 | 40.00 | $38,000.00 |
| **TOTAL HOURS:** | | | **40.00** | |
| **GRAND TOTAL:** | | | | **$38,000.00** |
| **RATE:** | | **$950.00** | | |

**FINAL COMPENSATION BY PROJECT CATEGORY**
Nortel Networks Inc., *et al.*
(Case No. 09-10138 (CSS))

May 9, 2017 through December 9, 2021

| Project Category | Total Hours | Total Fees | Total Costs |
|---|---:|---:|---:|
| Quarterly Post Confirmation reporting; MOR; Monthly/Period Disclosures; US Trustee Matters | 3.00 | $2,850.00 | $0.00 |
| Litigation Support; Attendance and Testimony at hearings; Investigation Matters at the request of Counsel | 11.15 | $10,592.50 | $0.00 |
| Administrative Matters (Plan and disclosure statement preparation and review, confirmation process, Tax, Financial, Corporate Secretary), Creditor Meetings; Unclaimed Property Mgmt, Subsidiary Dissolution; Wind-down Activities | 25.85 | $24,557.50 | $0.00 |
| **TOTAL** | **40.00** | **$38,000.00** | **$0.00** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| Nortel Networks Inc., *et al.*, | : | Case No. 09-10138 (CSS) |
| Wind-Down Debtors. | : | Jointly Administered |
| | : | |
| *In re* | : | Chapter 11 |
| Nortel Networks India International Inc. | : | Case No. 16-11714 (CSS) |
| Wind-Down Debtor. | : | Jointly Administered |

**SIXTY-EIGHTH INTERIM APPLICATION (FOR THE PERIOD
JANUARY 1, 2021 THROUGH DECEMBER 9, 2021) AND
FINAL APPLICATION OF JOHN RAY, AS PRINCIPAL OFFICER
OF NORTEL NETWORKS, INC. AND TO DEBTOR AND
DEBTOR-IN-POSSESSION, FOR ALLOWANCE OF
COMPENSATION AND FOR REIMBURSEMENT OF ALL
ACTUAL AND NECESSARY EXPENSES INCURRED BY
NORTEL NETWORKS INDIA INTERNATIONAL INC.
<u>FOR THE PERIOD MAY 9, 2017 THROUGH DECEMBER 9, 2021</u>**

John Ray, as Principal Officer for Nortel Networks India International Inc. in the above-captioned case ("NNIII"), submits this application (the "<u>Application</u>") for interim allowance of compensation for professional services rendered by Mr. Ray to NNIII for the period January 1, 2021 through December 9, 2021 (the "<u>Interim Application Period</u>") and final allowance of compensation for professional services rendered by John Ray to NNIII for the per May 9, 2017 through December 9, 2021 (the "<u>Final Application Period</u>") and reimbursement of actual and

necessary expenses incurred by John Ray during the Interim Application Period and the Final Application Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines"), the *Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016 and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Fees and Expenses for Professionals and Official Committee Members*, dated February 4, 2009 [D.I. 222] (the "Interim Compensation Procedures Order"), the *Order Modifying the Application of Local Rules 2014-1(C) and 2016-2(F)*, dated March 5, 2013 [D.I. 9584] (the "Modification Order"), and the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications*, dated July 10, 2013 [D.I. 11082] (the "Order Appointing a Fee Examiner"). In support of this Application, John Ray represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

**BACKGROUND**

3. On January 14, 2009 (the "Petition Date"), the Nortel Networks Inc. ("NNI") and its affiliated debtors and debtors-in-possession (collectively, the "Original Debtors"), other than Nortel Networks (CALA) Inc.[2] ("NN CALA") and Nortel Networks India International Inc. ("NNIII," collectively with the Original Debtors and NN CALA, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases were consolidated for procedural purposes only.

4. On July 26, 2016, NNIII filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which was consolidated and jointly administered with the Original Debtors' chapter 11 cases for procedural purposes [D.I. 17090].

5. On May 8, 2017 (the "NNI Effective Date"), the *First Amended Joint Chapter 11 Plan of Nortel Networks Inc. and Certain of Its Affiliated Debtors* [D.I. 17763] (as modified, amended or supplemented from time to time and including all exhibits thereto, the "NNI Plan") became effective as to all Original Debtors and NN CALA.[3] The NNI Plan is not effective as to NNIII.

6. On June 22, 2017, the John Ray filed the *Sixty-Seventh Monthly (for the Period May 1, 2017 Through May 8, 2017) and Final Application of John Ray, as Principal Officer for Debtors and Debtors-In-Possession, for Allowance of Compensation and for Reimbursement of All Actual and Necessary Expenses Incurred for the Period December 9, 2009 to May 8, 2017* [D.I. 18325] (the "John Ray Final Fee Application"), which requested final approval for fees

---

[2] Nortel Networks (CALA) Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 14, 2009, which was consolidated and jointly administered with the Original Debtors' chapter 11 cases for procedural purposes [D.I. 1098].
[3] Certain of these Original Debtors' chapter 11 cases have since been closed. See *Final Decree (I) Closing Certain of the Debtors' Chapter 11 Cases and (II) Terminating Certain Claims and Noticing Services* [D.I. 18730]; *Final Decree (I) Closing The Chapter 11 Case of Nortel Altsystems Inc. and (II) Terminating Certain Claims and Noticing Services* [D.I. 18807].

incurred by all Original Debtors, NN CALA and NNIII through the NNI Effective Date of May 8, 2017. The John Ray Final Fee Application provided that Mr. Ray would continue to file fee applications for services performed on behalf of NNIII through the pendency of its bankruptcy case.

7. On December 9, 2021 (the "NNIII Effective Date"), the *Chapter 11 Plan of Nortel Networks India International Inc.* [D.I. 18887] (as modified, amended or supplemented from time to time and including all exhibits thereto, the "NNIII Plan") became effective as to NNIII.

8. For further information regarding NNIII's chapter 11 case, reference may be made to the Monthly Operating Reports filed by NNIII at http://dm.epiq11.com/nortel.

## JOHN RAY'S RETENTION

9. On August 10, 2009, the Debtors issued a press release announcing that they were in the process of identifying a principal officer for the Debtors in these chapter 11 cases, noting that such appointment would be subject to the approval of this Court. After a thorough search and interview process, and after receiving input from the Official Committee of Unsecured Creditors (the "Committee"), the ad hoc group of unsecured bondholders (the "Bondholder Group"), and other interested parties, the Debtors selected Mr. Ray.

10. On December 7, 2009, John Ray and NNI executed an Engagement Letter (the "Engagement Letter") after several weeks of good faith negotiations involving the Debtors, the Committee, the Bondholder Group, and their representatives.

11. By Order dated January 6, 2010, this Court approved John Ray's retention as Principal Officer of Nortel Network, Inc., nunc pro tunc to December 7, 2009 (Docket no. 2249).

**FEE PROCEDURES ORDER**

12. On February 4, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.[4]  The NNIII Bringdown Order provides that the Interim Compensation Procedures Order is applicable to NNIII.

13. In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application with the Court after the first day of each calendar month.  Provided that there are no objections to such Monthly Fee Application filed within twenty (20) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which NNIII is authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then NNIII is authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to such an objection.

14. On March 5, 2012, the Court entered the Modification Order, which modified the application in these chapter 11 cases of certain amendments to Local Rules 2014-1(C) and 2016-2(F), which took effect on February 1, 2013 [D.I. 9584].

15. On July 10, 2013, the Court entered the Order Appointing a Fee Examiner pursuant to which a Fee Examiner was appointed to these chapter 11 cases and which modified certain terms of the Modification Order [D.I. 11082].

16. On December 21, 2017, the Court entered the *Omnibus Order Approving Final Fee Applications* [D.I. 18555] (the "Final Fee Order") , which approved, among other things, the final fee application of John Ray for fees incurred by all Original Debtors, NN CALA and NNIII

---

[4] Capitalized terms used but not defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

through the NNI Effective Date of May 8, 2017. Following the entry of the Final Fee Order, John Ray has only been required to file fee applications for services performed on behalf of NNIII and, accordingly, John Ray submits this Application solely with respect to services performed on behalf of NNIII during the Interim Application Period and the Final Application Period.

## RELIEF REQUESTED

17. John Ray submits this Application (a) for interim and final allowance of reasonable compensation for the actual, reasonable and necessary professional services that it has rendered as bankruptcy counsel for NNIII in these cases for the Interim Application Period and the Final Application Period and (b) for interim and final reimbursement of actual, reasonable and necessary expenses incurred in representing NNIII during such periods. During the period from the NNI Effective Date until January, 2021, Mr. Ray expended certain efforts to oversee the India tax matter which had been delaying the administration of NNIII; although such amounts were minimal during this period as such matter was directly handled by other third party legal, tax and financial parties under Mr. Ray's supervision, therefore, no such time or expense is being requested for such period. Once the NNIII tax matter was near resolution, Mr. Ray expended time to complete the plan and disclosure statement and proceed to confirmation of the NNIII plan, which time is reflected herein.

## INTERIM APPLICATION PERIOD

18. During the Interim Application Period, John Ray accrued fees in the amount of $38,000.00 and costs in the amount of $0.00. With respect to these amounts, as of the date of this Application, John Ray has received no payments.

19. The services rendered by John Ray during the Interim Application Period can be grouped into the categories set forth below. These categories are generally described below,

with a more detailed identification of the actual services provided set forth in <u>Exhibit A</u> attached hereto.

    A.    <u>Monthly/Period Disclosures</u>

Total Fees: $2,850.00; Total Hours: 3.00

This category includes time expended by Mr. Ray in reviewing, executing and filing of all reporting obligations of the U.S. Nortel debtors, including the MOR, required monthly/period disclosures.

    B.    <u>Litigation Matters</u>

Total Fees: $10,592.50; Total Hours: 11.15

This category includes time expended by Mr. Ray in providing extensive Litigation Support in connection with the various disputes involving the U.S. Debtors, both in respect to other Nortel former affiliates as well as third party disputes. Mr. Ray expended time for the attendance at legal meetings and hearings in connection with satisfying the conditions to the NNIII Effective Date and winding down NNIII.

    C.    <u>Administrative Matters</u>

Total Fees: $24,557.50; Total Hours: 25.85

As Principal Officer, Mr. Ray expended time in oversight and management of various administrative matters in connection with the administration of NNIII's chapter 11 case (Plan and disclosure statement development and review, confirmation process, Tax, Financial, Corporate), including all activity not specifically covered by another project category.

20. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by John Ray billing time to this case.

21. Exhibit A attached hereto contains logs, sorted by case project category, which show the time recorded by John Ray and descriptions of the services provided.

22. In accordance with Local Rule 2016-2, John Ray reduces its request for compensation for non-working travel, if any, to 50% of its normal rate, although no travel time has been recorded for the Interim Application Period.

## FINAL APPLICATION PERIOD

23. John Ray seeks allowance of $38,000.00 for actual, reasonable and necessary services rendered to NNIII during the Final Application Period. Detailed descriptions of the services rendered by Mr. Ray during the Final Application Period are set forth on Exhibit A of the interim fee applications filed by Mr. Ray in these chapter 11 cases. John Ray requests that NNIII be authorized and directed to pay Mr. Ray an amount equal to the sum of the allowed compensation during the Final Application Period, less any amounts previously paid by NNIII.

24. John Ray has endeavored to represent NNIII in the most expeditious and economical manner possible. Moreover, Mr. Ray has endeavored to coordinate with Cleary Gottlieb, Morris Nichols and the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to NNIII. We believe we have been successful in this regard.

25. No agreement or understanding exists between John Ray and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

26. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Mr. Ray respectfully requests that this Court: (a) allow John Ray interim compensation in the amount of $38,000.00 for actual, reasonable and necessary professional services rendered on behalf of NNIII during the Interim Application Period; (b) allow final compensation in the amount of $38,000.00 for actual, reasonable and necessary professional services rendered on behalf of NNIII during the Final Application Period, (c) authorize and direct NNIII to pay to John Ray the amount of $38,000.00, which is equal to 100% of John Ray's allowed compensation and reimbursement less any amounts previously paid by NNIII, and (e) grant such other and further relief as the Court deems just and proper.

Dated:  February 7, 2022
        New York, New York

JOHN RAY

/s/ *John Ray*
John Ray
*Principal Officer for the Wind-Down Debtors*